# EXHIBIT 4

1

```
 1              UNITED STATES DISTRICT COURT

 2             NORTHERN DISTRICT OF CALIFORNIA

 3                   SAN JOSE DIVISION

 4

 5
     APPLE INC., A CALIFORNIA      )  C-11-01846 LHK
 6   CORPORATION,                  )
                                   )  SAN JOSE, CALIFORNIA
 7              PLAINTIFF,         )
                                   )  APRIL 29, 2013
 8         VS.                     )
                                   )  PAGES 1-90
 9   SAMSUNG ELECTRONICS CO., LTD., )
     A KOREAN BUSINESS ENTITY;     )
10   SAMSUNG ELECTRONICS AMERICA,  )
     INC., A NEW YORK CORPORATION; )
11   SAMSUNG TELECOMMUNICATIONS    )
     AMERICA, LLC, A DELAWARE      )
12   LIMITED LIABILITY COMPANY,    )
                                   )
13              DEFENDANTS.        )
                                   )
14                                 )
                                   )
15

16            TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE LUCY H. KOH
17            UNITED STATES DISTRICT JUDGE

18

19

20           APPEARANCES ON NEXT PAGE

21

22

23   OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                  CERTIFICATE NUMBER 9595
24

25      PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
           TRANSCRIPT PRODUCED WITH COMPUTER


              UNITED STATES COURT REPORTERS
```

2

```
 1

 2   A P P E A R A N C E S :

 3   FOR PLAINTIFF      MORRISON & FOERSTER
     APPLE:        BY: MICHAEL A. JACOBS
 4                      NATHANIEL B. SABRI
                       425 MARKET STREET
 5                     SAN FRANCISCO, CALIFORNIA  94105

 6                 BY: ERIK J. OLSON
                       755 PAGE MILL ROAD
 7                     PALO ALTO, CALIFORNIA  94304

 8
     FOR COUNTERCLAIMANT   WILMER, CUTLER, PICKERING,
 9   APPLE:            HALE AND DORR
                   BY: WILLIAM F. LEE
10                     60 STATE STREET
                       BOSTON, MASSACHUSETTS 02109
11
                   BY: MARK D. SELWYN
12                     LAUREN FLETCHER
                       950 PAGE MILL ROAD
13                     PALO ALTO, CALIFORNIA  94304

14

15   FOR THE DEFENDANT:   QUINN, EMANUEL, URQUHART,
                          OLIVER & HEDGES
16                 BY: WILLIAM C. PRICE
                       MICHAEL T. ZELLER
17                     SCOTT B. KIDMAN
                       865 SOUTH FIGUEROA STREET
18                     10TH FLOOR
                       LOS ANGELES, CALIFORNIA  90017
19
                   BY: KATHLEEN M. SULLIVAN
20                     51 MADISON AVENUE, 22ND FLOOR
                       NEW YORK, NEW YORK  10022
21
                   BY: VICTORIA F. MAROULIS
22                     555 TWIN DOLPHIN DRIVE
                       SUITE 560
23                     REDWOOD SHORES, CALIFORNIA  94065

24

25            UNITED STATES COURT REPORTERS
```

3

```
      1   SAN JOSE, CALIFORNIA          APRIL 29K, 2013

      2            P R O C E E D I N G S

00:-01 3   (COURT CONVENED AND THE FOLLOWING PROCEEDINGS WERE HELD:)

00:-01 4       THE CLERK:  CALLING CASE NUMBER C-11-01846 LHK,

00:-01 5   APPLE, INCORPORATED VERSUS SAMSUNG ELECTRONICS COMPANY LIMITED,

00:-01 6   ET AL.

00:-01 7       MR. JACOBS:  MICHAEL JACOBS FROM MORRISON & FOERSTER.

00:-01 8   WITH ME ARE ERIC OLSON AND NATHAN SABRI FOR APPLE, YOUR HONOR.

00:-01 9       MR. LEE:  GOOD AFTERNOON, YOUR HONOR.  BILL LEE,

00:-01 10  MARK SELWYN, AND LAUREN FLETCHER FROM WILMER, HALE FROM APPLE.

00:-01 11      THE COURT:  OKAY.  I'M SORRY.  I DIDN'T EVEN CATCH

00:-01 12  THE PEOPLE WITH MR. JACOBS.

00:-01 13      ERIC OLSON, YOU SAID, AND WHO ELSE?

00:-01 14      MR. JACOBS:  NATHAN SABRI, YOUR HONOR, S-A-B-R-I.

00:00 15       THE COURT:  OKAY.  THANK YOU.

00:00 16   AND THEN MR. LEE, OKAY.

00:00 17       MR. LEE:  MARK SELWYN, YOUR HONOR.

00:00 18       THE COURT:  OKAY.

00:00 19       MR. LEE:  AND LAUREN FLETCHER, F-L-E-T-C-H-E-R.

00:00 20       MR. PRICE:  GOOD AFTERNOON, YOUR HONOR.  BILL PRICE

00:00 21   WITH QUINN, EMANUEL FOR SAMSUNG.

00:00 22      AND WITH ME AT COUNSEL TABLE ARE KATHLEEN SULLIVAN,

00:00 23   SCOTT KIDMAN, WHO PROBABLY WON'T BE SPEAKING, MICHAEL ZELLER,

00:00 24   AND VICTORIA MAROULIS.

00:00 25       THE COURT:  OKAY.  GOOD AFTERNOON.

              UNITED STATES COURT REPORTERS
```

4

```
00:00  1       MR. PRICE:  GOOD AFTERNOON.

00:00  2       THE COURT:  OKAY.  I HAVE A FEW QUESTIONS, BUT I'M

00:00  3   OTHERWISE READY TO RULE ON EVERYTHING.

00:00  4      LET ME JUST ASK THE FEW QUESTIONS FIRST.  SO WHEN IS THE

00:00  5   PTO LIKELY TO ISSUE A RE-EXAM CERTIFICATE FOR THE '381 AND THE

00:00  6   '915 PATENTS?

00:00  7       MR. JACOBS:  BY ISSUING A RE-EXAMINATION CERTIFICATE,

00:00  8   YOUR HONOR, I THINK YOUR HONOR IS ASKING WHEN IS THIS GOING TO

00:00  9   BE OVER.

00:00  10      THE COURT:  AS FAR AS THE PTO.

00:00  11      MR. JACOBS:  AS FAR AS THE PTO.

00:00  12      THE COURT:  I DON'T CARE ABOUT THE APPEALS BOARD.  I

00:00  13  DON'T CARE ABOUT THE APPELLATE CIRCUIT.  WHEN IS THE PTO GOING

00:00  14  TO BE OVER?

00:00  15      MR. JACOBS:  THE PTO'S ROLE -- LET ME CHECK AND MAKE

00:00  16  SURE I HAVE THE RIGHT ANSWER.  I BELIEVE THE ANSWER IS NOT TOO

00:00  17  FAR AWAY, BUT SUBJECT TO THOSE APPEALS, ET CETERA.

00:00  18      THE COURT:  SO MARCH 29TH, 2013 IS WHEN THE PTO

00:00  19  ISSUED THE FINAL OFFICE ACTION IN THE '381?

00:00  20      MR. JACOBS:  YES.

00:00  21      THE COURT:  AND WHAT IS IT THAT YOU ARE FILING ON

00:00  22  MAY 29TH OF 2013?

00:00  23      MR. JACOBS:  MAY I HAVE A MOMENT, YOUR HONOR?

00:00  24      MS. MAROULIS:  I'M SORRY, YOUR HONOR.  IS THE

00:00  25  QUESTION WHAT IS BEING FILED ON MAY 29TH?

              UNITED STATES COURT REPORTERS
```

57

01:10  **1**   AND I DON'T CARE IF THEY DON'T ARGUE IT, THE JURY IS VERY

01:10  **2**   LIKELY TO THINK, "OH, WOW, AN ECONOMIST. I MEAN, THAT'S A

01:10  **3**   SIGNIFICANT POSITION. I MEAN, I'VE GOT A C.P.A. WHO DOES MY

01:11  **4**   TAXES."

01:11  **5**     SO THIS IS REALLY TRYING TO CHANGE, YOU KNOW, THE NATURE OF

01:11  **6**   THIS TRIAL ON DAMAGES.

01:11  **7**     THE COURT: IF APPLE GETS A NEW EXPERT, I'LL ALLOW

01:11  **8**   SAMSUNG TO GET A NEW EXPERT ON DAMAGES.

01:11  **9**     MR. PRICE: AND BECAUSE OF THE EXPERTISE, WE WOULD

01:11  **10**  PROBABLY NEED DISCOVERY. SO ONE THING WE MIGHT DO IS WAIT

01:11  **11**  UNTIL WE FIND OUT EXACTLY WHAT APPLE IS UP TO HERE, WHAT'S IN

01:11  **12**  THEIR REPORT, WHO'S THE EXPERT, YOU KNOW, HOW IS THIS GOING TO

01:11  **13**  CHANGE?

01:11  **14**     THE COURT: YOU KNOW WHAT? YOU KNOW WHAT? I THINK

01:11  **15**  YOU ALL DON'T UNDERSTAND HOW CLOSE YOU ARE NOT TO GETTING A

01:11  **16**  TRIAL. OKAY?

01:11  **17**     DO YOU KNOW HOW MANY TRIALS I'LL HAVE IN APPLE'S CASES NEXT

01:11  **18**  YEAR? SHOULD I JUST REMIND YOU? SO WE HAVE APPLE II MARCH 31

01:11  **19**  THROUGH APRIL 25; I HAVE THE IN RE: HIGH TECH TRIAL IN WHICH

01:11  **20**  APPLE IS ONE OF THE SEVEN DEFENDANTS, THAT'S SET FOR TRIAL

01:11  **21**  MAY 27TH THROUGH JULY 17TH; THE MDL PRIVACY CASE AGAINST APPLE

01:11  **22**  IS AUGUST 4TH THROUGH AUGUST 18TH OF 2014.

01:11  **23**     OKAY? SO YOU HAVE GOTTEN A LOT OF DUE PROCESS IN THIS

01:12  **24**  COURT. I'M ASKING YOU TO KEEP IT NARROW, NO NEW THEORIES, NO

01:12  **25**  NEW CALCULATIONS.

UNITED STATES COURT REPORTERS

58

01:12  **1**   BUT YOUR SAYING, "NO, NOW WE'RE GOING TO REDO THE COSTS

01:12  **2**   WHICH THEY DIDN'T DO REALLY DURING THE LAST TRIAL" IS ALREADY

01:12  **3**   SIGNALLING TO ME WHAT IS GOING TO HAPPEN.

01:12  **4**     SO I WAS GOING TO GIVE YOU A TRIAL DATE TODAY, BUT NOW I'M

01:12  **5**   NOT GOING TO.

01:12  **6**     MR. JACOBS: YOUR HONOR, WE --

01:12  **7**     THE COURT: WE CAN SET THIS FOR A FURTHER CMC AFTER

01:12  **8**   YOU DISCLOSE YOUR EXPERT AND THEN I'LL DECIDE AT THAT POINT

01:12  **9**   WHETHER I WANT TO TRY THIS CASE AND WHEN. OKAY? THAT IS

01:12  **10**  WITHIN MY DISCRETION. OKAY?

01:12  **11**    SO WHEN SHOULD WE COME BACK FOR A CMC? I'M NOT GOING TO

01:12  **12**  GIVE YOU A TRIAL DATE TODAY.

01:12  **13**    MR. JACOBS: YOUR HONOR, WE NEED -- I'M SORRY.

01:12  **14**  WE'RE -- I REALLY AM TRYING TO MEET THE COURT'S OBJECTIVES

01:12  **15**  HERE.

01:12  **16**    THE POINT OF RETAINING SOME FLEXIBILITY ON WHO WOULD

01:12  **17**  TESTIFY WAS TO MAKE SURE OUR EXPERT WOULD BE AVAILABLE WHEN WE

01:12  **18**  HAVE A TRIAL DATE, SO THERE IS A KIND OF -- THERE IS,

01:12  **19**  REGRETTABLY, A CART BEFORE THE HORSE PROBLEM HERE.

01:12  **20**    THE COURT: OKAY. BUT WHAT YOU SAID ABOUT COSTS,

01:13  **21**  THAT IS A NEW ISSUE.

01:13  **22**    MR. JACOBS: NO, COST IS NOT -- NO, DEDUCTIBLE

01:13  **23**  EXPENSE IS NOT A NEW ISSUE AT ALL. MR. MUSIKA --

01:13  **24**    THE COURT: OKAY. THEN WHY DO YOU HAVE TO REDO

01:13  **25**  EXPENSES? THE ONLY THING THAT WAS INCORRECT WAS THE NOTICE

UNITED STATES COURT REPORTERS

59

01:13  **1**   DATE. THAT HAS NOTHING TO DO WITH EXPENSES OF APPLE. SO --

01:13  **2**     MR. JACOBS: NO, NO, NOT APPLE EXPENSES.

01:13  **3**     THE COURT: SO WHY DOES THAT HAVE TO BE REDONE?

01:13  **4**     MR. JACOBS: SORRY. NOT APPLE EXPENSES, YOUR HONOR.

01:13  **5**   I'M SORRY I WASN'T CLEAR.

01:13  **6**     THE COURT: WHAT?

01:13  **7**     MR. JACOBS: YOUR HONOR, IGNORE -- FORGET THIS. WE

01:13  **8**   WILL HAVE A SINGLE --

01:13  **9**     THE COURT: EXPENSES OF WHAT?

01:13  **10**    MR. JACOBS: OF SAMSUNG'S DEDUCTIBLE -- RECALL THAT A

01:13  **11**  MAJOR ISSUE AT TRIAL FOR INFRINGER'S PROFITS WAS WHETHER WHAT

01:13  **12**  SAMSUNG HAD CATEGORIZED AS GNA KINDS OF EXPENSES WAS, IN FACT,

01:13  **13**  DIRECTLY ATTRIBUTABLE TO THE SPECIFIC PRODUCTS. AND THAT'S

01:13  **14**  WHAT THE INSTRUCTION SAYS. IT SAYS DIRECTLY ATTRIBUTABLE.

01:13  **15**    IN THE NEW TRIAL, BOTH SIDES WILL BE ARGUING THAT ISSUE

01:13  **16**  AGAIN TO THE JURY. WE HAVE TO ARGUE THAT ISSUE TO THE JURY.

01:13  **17**  WE CAN'T NOT ARGUE THAT ISSUE TO THE JURY.

01:13  **18**    AND OUR WITNESS WILL SAY THAT WHAT SAMSUNG IS PRESENTING TO

01:13  **19**  THE JURY AS DEDUCTIBLE EXPENSES ARE, IN FACT, NOT DIRECTLY

01:14  **20**  ATTRIBUTABLE.

01:14  **21**    THE COURT: BUT WHAT DOES THAT HAVE TO DO WITH THE

01:14  **22**  NOTICE DATE? THAT IS THE PIECE THAT I'M MISSING.

01:14  **23**    MR. PRICE: THAT HAS NOTHING TO DO WITH THE NOTICE

01:14  **24**  DATE.

01:14  **25**    THIS HAS TO DO WITH WHAT THE INFRINGER'S PROFITS ARE.

UNITED STATES COURT REPORTERS

60

01:14  **1**   I MEAN, THERE WAS A HUGE DIFFERENCE IN NUMBERS BETWEEN

01:14  **2**   THEIR EXPERT AND OURS BECAUSE MR. WAGNER DEDUCTED COSTS.

01:14  **3**     AND NOW WE'RE HEARING THAT THEY'RE GOING TO, YOU KNOW, HAVE

01:14  **4**   TWO EXPERTS.

01:14  **5**     THE COURT: GET A DO-OVER.

01:14  **6**     MR. JACOBS: WE'LL HAVE A SINGLE EXPERT.

01:14  **7**     THE COURT: YOU'LL GET A DO-OVER ON EXPENSES. I

01:14  **8**   UNDERSTAND.

01:14  **9**     FORGET IT THEN. NO TRIAL DATE. WE'LL SET ANOTHER CMC.

01:14  **10**    I'M TRYING TO CONVEY HOW SERIOUS I AM THAT THIS NEEDS --

01:14  **11**  I'M NOT GOING TO LET YOU GET A DO-OVER. YOU ARE NOT GOING TO

01:14  **12**  BE ABLE TO RAISE NEW THEORIES IN THIS CASE.

01:14  **13**    MR. JACOBS: IT'S NOT A NEW THEORY, YOUR HONOR. IT'S

01:14  **14**  RIGHT IN MR. MUSIKA'S REPORT.

01:14  **15**    THE COURT: WHAT IS THE DIFFERENCE OF A CORRECTED

01:14  **16**  NOTICE DATE ON EXPENSES? YOU HAVE NOT BEEN ABLE TO ARTICULATE

01:14  **17**  WHAT IS THE CONNECTION THERE. HOW DOES A NOTICE DATE OF

01:14  **18**  APRIL 15TH AFFECT THE EXPENSE?

01:15  **19**    MR. JACOBS: WHAT I THINK -- LET ME -- WE'VE THOUGHT

01:15  **20**  ABOUT THIS, YOUR HONOR, AND IF YOU JUST GIVE ME A MINUTE HERE,

01:15  **21**  I THINK I CAN INTERPRET IN OUR LEGAL FRAMEWORK WHAT THE COURT

01:15  **22**  IS SAYING.

01:15  **23**    WHAT THE COURT IS SAYING IS THE JURY -- THE COURT BELIEVES

01:15  **24**  THAT THE JURY MADE A FINDING ON DEDUCTIBLE EXPENSES AND AWARDED

01:15  **25**  US A PERCENTAGE OF OUR SOUGHT AFTER LOST PROFITS.

UNITED STATES COURT REPORTERS

61

01:15  1     AND WHAT THE COURT IS, IN ESSENCE, PROPOSING IS THAT WE

01:15  2  HAVE A NEW TRIAL LIMITED TO THE REVERSE ENGINEERING OF THE

01:15  3  PRIOR JURY VERDICT AS IT RELATES TO DEDUCTIBLE EXPENSES.

01:15  4     THE COURT WOULD BE, IN EFFECT, TAKING THE REVERSE

01:15  5  ENGINEERING AND MAKING IT, THAT PERCENTAGE, A KIND OF A LAW OF

01:15  6  THE CASE.

01:15  7     THE COURT:  NO, NO, NO.  I'M ASKING YOU TO EXPLAIN,

01:15  8  WHAT IS THE RELATION BETWEEN A NEW NOTICE DATE TO EXPENSES?

01:15  9     MR. JACOBS:  THERE IS NO --

01:15 10     THE COURT:  WHAT IS THAT RELATIONSHIP?  WHY DOES A

01:15 11  NEW NOTICE DATE NECESSITATE A NEW ANALYSIS AND A NEW

01:15 12  CALCULATION ON EXPENSES?  THAT'S WHAT I DON'T UNDERSTAND.

01:15 13     MR. JACOBS:  BECAUSE THE ONLY WAY YOU COULD NOT DO

01:15 14  THAT IS TO ACCEPT SOME PRIOR ADJUDICATION OF WHAT THE PROPER

01:16 15  DEDUCTIBLE EXPENSES WERE, AND THE COURT ACCEPTED SAMSUNG'S

01:16 16  ARGUMENT ON THIS POINT FOR PURPOSES OF DECIDING WHETHER THE

01:16 17  JURY'S AWARD WAS EXCESSIVE.

01:16 18     BUT TO NOW TURN THAT REVERSE ENGINEERING INTO A RESTRICTION

01:16 19  IN THE NEW DAMAGES TRIAL IS TO TAKE THAT REVERSE ENGINEERING

01:16 20  WAY, WAY, WAY TOO FAR.

01:16 21     THERE'S NO RELATIONSHIP, AS SUCH, BETWEEN THE NEW NOTICE

01:16 22  DATE --

01:16 23     THE COURT:  I GUESS I DON'T UNDERSTAND.  WHY DO YOU

01:16 24  HAVE TO GIVE NEW CALCULATIONS ON EXPENSES?

01:16 25     MR. JACOBS:  WE WILL NOT GIVE NEW CALCULATIONS ON

UNITED STATES COURT REPORTERS

62

01:16  1  EXPENSES.

01:16  2     WE WILL SIMPLY ARGUE THAT -- OUR DAMAGES EXPERT WILL ARGUE

01:16  3  THAT SAMSUNG'S ASSIGNMENT IS INCORRECT, JUST AS IT DID IN THE

01:16  4  FIRST TRIAL.

01:16  5     THE COURT:  THAT'S NOT WHAT YOU SAID.  YOU SAID YOU

01:16  6  NEED TO GET SOMEONE TO SUPPLEMENT DR. VELLTURO FROM INVOTEX --

01:16  7     MR. JACOBS:  YES.

01:16  8     THE COURT:  -- TO REDO THE CALCULATION EXPENSES.

01:16  9     MR. JACOBS:  NO.  I'M SORRY.  IF I SAID THAT, I

01:16 10  MISSPOKE.

01:16 11     WE'RE NOT GOING TO REDO THE CALCULATIONS.  IT'S THE SAME

01:16 12  CALCULATION OF DEDUCTIBLE EXPENSES.

01:17 13     AND WE'LL HAVE A SINGLE EXPERT, YOUR HONOR.  WE WILL NOT GO

01:17 14  WITH TWO EXPERTS.  WE'LL FIGURE OUT HOW TO HANDLE THAT

01:17 15  DEDUCTIBLE EXPENSE ISSUE WITHOUT HAVING AN ADDITIONAL EXPERT.

01:17 16     MR. PRICE:  AND THEN THE QUESTION IS, IS THAT

01:17 17  ADDITIONAL EXPERT GOING TO BE AN ECONOMIST SO THEY CAN NOW PUT

01:17 18  AN ECONOMIST BEFORE THE JURY AND TRUMP US ON QUALIFICATIONS?

01:17 19  OR IS IT GOING TO BE WHAT IT WAS BEFORE, WHICH IS A C.P.A.?

01:17 20     THE COURT:  IT NEEDS TO BE A C.P.A.  OTHERWISE IF

01:17 21  THEY GET AN ECONOMIST, YOU'LL GET AN ECONOMIST, IT'LL REOPEN

01:17 22  DISCOVERY AND I WILL NOT SET THIS TRIAL.  I WON'T SET THE TRIAL

01:17 23  DATE.

01:17 24     I MEAN, NOT EVERY JUDGE TRIES A CASE IN 14 MONTHS LIKE I

01:17 25  DID THE FIRST ONE.  I AM NOT GOING TO GIVE YOU A TRIAL DATE.

UNITED STATES COURT REPORTERS

63

01:17  1     IF YOU ARE UNREASONABLE AND TAKE NO CONSIDERATION OF THE

01:17  2  COURT'S RESOURCES, THEN YOU DESERVE TO HAVE THAT KIND OF --

01:17  3     MR. JACOBS:  WE ARE --

01:17  4     THE COURT:  -- THAT KIND OF TRIAL DATE WHICH IS GOING

01:17  5  TO BE MUCH, MUCH LATER.

01:17  6     I ALREADY TOLD YOU, I WILL BE IN TRIAL ON APPLE CASES FOR

01:17  7  ABOUT SIX, SEVEN MONTHS NEXT YEAR.  OKAY?

01:17  8     SO IF YOU'RE ASKING ME TO GIVE YOU YET ONE MORE TRIAL, THEN

01:17  9  I'M ASKING YOU TO KEEP THIS VERY LIMITED AND NARROW.  NO NEW

01:18 10  THEORIES.  NO NEW NUMBERS.  NO NEW PRODUCTS.  NO NEW METHODS.

01:18 11  KEEP THIS NARROW SO THAT WE CAN LIMIT THIS SO THAT WE'RE

01:18 12  NOT REOPENING AND HAVING THE SAME NIGHTMARE WE'VE HAD

01:18 13  PREVIOUSLY.

01:18 14     MR. JACOBS:  WE WILL STIPULATE THAT THE -- WE -- IF

01:18 15  ALL OF US AGREE, WE CAN QUALIFY MR. VELLTURO AS AN ACCOUNTANT

01:18 16  EVEN THOUGH HE ISN'T.

01:18 17     I MEAN, IF THAT'S REALLY SAMSUNG'S WORRY, SAMSUNG COULD

01:18 18  SIMPLY STIPULATE TO HIS QUALIFICATIONS AND WE WON'T UTTER THE

01:18 19  WORD THAT HE'S AN ECONOMIST IF THAT'S WHAT THIS IS ALL ABOUT.

01:18 20     MR. PRICE:  HERE'S --

01:18 21     MR. JACOBS:  IF THEY WILL STIPULATE THAT HE'S

01:18 22  QUALIFIED TO TESTIFY, WE'LL GO THROUGH HIS CREDENTIALS WITHOUT

01:18 23  MENTIONING THAT HE'S A PH.D. ECONOMIST OR WHATEVER HE IS.

01:18 24     MR. PRICE:  THAT'S THE FUNNY THING.  HE'S NOT

01:18 25  QUALIFIED TO GIVE THE OPINION THEY WANT HIM TO GIVE.

UNITED STATES COURT REPORTERS

64

01:18  1     MR. JACOBS:  NOW THAT'S A DIFFERENT --

01:18  2     MR. PRICE:  IF THE FIRST TRIAL, IT WAS AN OPINION BY

01:18  3  A C.P.A. ABOUT WHAT DEDUCTIBLE COSTS WERE, HUGE ISSUE, HOW TO

01:18  4  GET THESE THINGS, AND MR. JACOBS JUST SAID, "WE NEED TO BRING

01:19  5  IN AN ACCOUNTANT TO SUPPLEMENT VELLTURO BECAUSE VELLTURO IS NOT

01:19  6  QUALIFIED" --

01:19  7     THE COURT:  OKAY.  I'M SORRY.

01:19  8     YOU HAVE YOUR CLIENT HERE.  ASK IF YOU'RE GOING TO INSIST

01:19  9  ON AN ECONOMIST, OKAY?

01:19 10     IF YOU INSIST ON AN ECONOMIST, THEN I'M GOING TO GIVE

01:19 11  SAMSUNG THE OPPORTUNITY TO SELECT AN ECONOMIST AND WE WILL

01:19 12  REOPEN DISCOVERY.  OKAY?

01:19 13     MR. JACOBS:  GIVE ME A MINUTE, YOUR HONOR.

01:19 14     THE COURT:  GO AHEAD.

01:19 15     (PAUSE IN PROCEEDINGS.)

01:19 16     MR. JACOBS:  AGREED, YOUR HONOR.  OUR SUBSTITUTE

01:19 17  EXPERT FOR TERRY MUSIKA WILL BE A C.P.A.

01:19 18     THE COURT:  OKAY.  NOW, MR. PRICE, WHAT'S YOUR

01:19 19  RESPONSE TO THAT?

01:19 20     MR. PRICE:  WELL, I GUESS THE RESPONSE IS WE --

01:19 21  WHOOPS, SORRY.  -- IS THAT WE NEED TO KNOW WHO, WE NEED TO KNOW

01:20 22  WHAT THEIR OPINION IS GOING TO BE AND, YOU KNOW, WHETHER --

01:20 23  IT'S AMAZING WE'RE HERE AND WE DON'T KNOW WHO.  I DON'T

01:20 24  UNDERSTAND WHY WE'RE HERE AND WE DON'T KNOW WHO.

01:20 25     MR. JACOBS:  WE TOLD THEM AMONG WHOM IT COULD BE,

UNITED STATES COURT REPORTERS

65

| | | |
|---|---|---|
| 01:20 | 1 | YOUR HONOR. I THINK THIS HAS NOW TURNED INTO A GRAVER ISSUE. |
| 01:20 | 2 | THE COURT: WELL, I HAVEN'T HEARD. I'VE HEARD |
| 01:20 | 3 | DR. VELLTURO AND MAYBE SOMEBODY FROM INVOTEX. |
| 01:20 | 4 | MR. JACOBS: WELL, NOW WE'RE GOING TO FIND A C.P.A., |
| 01:20 | 5 | YOUR HONOR, BECAUSE -- AND THE BEST C.P.A., THE MOST EFFECTIVE |
| 01:20 | 6 | TRIAL WITNESS THAT CAN TESTIFY ON THE DATE THAT YOU SET FOR A |
| 01:20 | 7 | NEW TRIAL, THAT'S WHAT WE'RE GOING TO GO OUT AND FIND, AND WHO |
| 01:20 | 8 | CAN ADOPT MR. MUSIKA'S REPORT WITH VARIATIONS ONLY -- AS |
| 01:20 | 9 | LIMITED -- |
| 01:20 | 10 | THE COURT: CAREFUL. |
| 01:20 | 11 | MR. JACOBS: AS LIMITED VARIATIONS AS POSSIBLE. |
| 01:20 | 12 | THE COURT: I'M NOT GOING TO ALLOW ANY VARIATIONS |
| 01:20 | 13 | OTHER THAN THE NOTICE DATE. I'M NOT GOING TO ALLOW ANY OTHER |
| 01:20 | 14 | VARIATIONS OTHER THAN THE NOTICE DATE. I -- IS THAT CLEAR? |
| 01:20 | 15 | MR. JACOBS: THAT SOUNDS LIKE A RULING. WE'LL TAKE |
| 01:20 | 16 | IT AS A RULING. |
| 01:20 | 17 | THE COURT: THAT IS A RULING. |
| 01:20 | 18 | MR. JACOBS: WE'LL TAKE IT AS SUCH. |
| 01:20 | 19 | THE COURT: THERE ARE NO VARIATIONS OTHER THAN THE |
| 01:21 | 20 | NOTICE DATE. THIS IS JUST REDOING THE LAST TRIAL ON THIS ONE |
| 01:21 | 21 | LIMITED ISSUE. |
| 01:21 | 22 | MS. MAROULIS: YOUR HONOR, THERE ARE SOME ISSUES THAT |
| 01:21 | 23 | WILL COME UP REGARDLESS OF WHAT THE REPORT LOOKS LIKE, AND AT |
| 01:21 | 24 | LEAST TWO OF THEM ARE THIS: |
| 01:21 | 25 | A NEW PERSON MIGHT BE SUBJECT TO DAUBERT CHALLENGE FOR |

66

| | | |
|---|---|---|
| 01:21 | 1 | THEIR QUALIFICATIONS, THAT'S ONE. |
| 01:21 | 2 | THE SECOND ONE WE FLAGGED IN OUR PAPERS, WHICH IS THE |
| 01:21 | 3 | PRODUCTS THAT YOUR HONOR ENTERED THE FINAL ORDER ON, THOSE ARE |
| 01:21 | 4 | THE LOST PROFITS THEORIES. THEY ACTUALLY KNOW -- THE JURY |
| 01:21 | 5 | WOULD KNOW LOST PROFITS FOR THE PRODUCTS THAT ARE GOING TO NEW |
| 01:21 | 6 | TRIAL POTENTIALLY, SO WE SHOULD BE ABLE TO BRIEF THAT AND |
| 01:21 | 7 | EXPLAIN WHY APPLE MAY OR MAY NOT BRING THAT THEORY FORWARD. |
| 01:21 | 8 | SO WHEN YOUR HONOR SAYS WE'LL BE LIMITED TO EVERYTHING LIKE |
| 01:21 | 9 | IN THE OLD CASE, WE WANT TO MAKE SURE IT'S CLEAR THAT THE |
| 01:21 | 10 | MOTION PRACTICE MIGHT BE DIFFERENT AND THERE WILL BE MOTIONS |
| 01:21 | 11 | COMING FORWARD, EVEN IF THE REPORT IS VERY SIMILARLY HUED TO |
| 01:21 | 12 | THE OLD REPORT. |
| 01:21 | 13 | MR. JACOBS: YOUR HONOR, THIS IS -- |
| 01:21 | 14 | THE COURT: WAIT. CAN I -- CAN YOU -- I'M SORRY. I |
| 01:21 | 15 | DIDN'T UNDERSTAND WHAT YOU WERE SAYING ABOUT THE AVAILABLE |
| 01:22 | 16 | REMEDIES. |
| 01:22 | 17 | MS. MAROULIS: YOUR HONOR, THE JURY REJECTED THE |
| 01:22 | 18 | FINDING OF LOST PROFITS AS TO THE PRODUCTS THAT YOUR HONOR |
| 01:22 | 19 | DESIGNATED FOR A NEW TRIAL. |
| 01:22 | 20 | SO SAMSUNG SHOULD BE ABLE TO SEEK EXCLUSION OF LOST PROFITS |
| 01:22 | 21 | THEORIES IF WE SEE IT IN THE NEW REPORT, BECAUSE WE DON'T KNOW |
| 01:22 | 22 | WHAT WE'LL SEE IN APPLE'S EXPERT REPORT. |
| 01:22 | 23 | MR. JACOBS: THAT'S AN INFERENCE, YOUR HONOR. |
| 01:22 | 24 | IT'S -- THIS IS BACK TO THE POINT ABOUT HOW MUCH WE TAKE |
| 01:22 | 25 | THIS REVERSE ENGINEERING OF THE VERDICT AND TURN IT INTO LAW OF |

67

| | | |
|---|---|---|
| 01:22 | 1 | THE CASE. WE BELIEVE THAT WOULD BE LEGAL ERROR. |
| 01:22 | 2 | IT'S ONE THING TO LOOK AT -- WE DISAGREE WITH THE REVERSE |
| 01:22 | 3 | ENGINEERING THAT WAS DONE, BUT IT'S ONE THING TO DO THAT AND |
| 01:22 | 4 | AWARD A NEW TRIAL. |
| 01:22 | 5 | IT'S ANOTHER THING TO SAY, "WELL, I LOOK AT THIS JURY AND |
| 01:22 | 6 | THE JURY COULDN'T POSSIBLY HAVE AWARDED LOST PROFITS BASED ON |
| 01:22 | 7 | THIS NUMBER; THEREFORE, APPLE IS PRECLUDED FROM SEEKING LOST |
| 01:22 | 8 | PROFITS IN THE NEW TRIAL." |
| 01:22 | 9 | THE COURT: WELL, I AGREE WITH THAT. WE'RE REDOING |
| 01:22 | 10 | LAST YEAR'S TRIAL. |
| 01:22 | 11 | THAT DOESN'T MEAN THAT A THEORY THAT WAS PRESENTED TO LAST |
| 01:22 | 12 | YEAR'S JURY CANNOT BE PRESENTED IN A NEW TRIAL. SO THAT |
| 01:23 | 13 | REQUEST IS GOING TO BE DENIED. |
| 01:23 | 14 | MS. MAROULIS: YOUR HONOR, THE PRIOR JURY REJECTED |
| 01:23 | 15 | THAT, THE LOST PROFITS AS TO THESE SET OF PRODUCTS. |
| 01:23 | 16 | THE COURT: I HEAR YOU, AND THE NEXT JURY MAY, TOO. |
| 01:23 | 17 | BUT I'M JUST SAYING, I'M GOING TO ALLOW -- WHATEVER |
| 01:23 | 18 | THEORIES EITHER SIDE PRESENTED TO THE LAST JURY CAN BE |
| 01:23 | 19 | PRESENTED TO THIS JURY. |
| 01:23 | 20 | YOU CAN -- YOU CAN PRESENT LESS IF YOU WANT TO, BUT YOU |
| 01:23 | 21 | CANNOT PRESENT MORE. OKAY? |
| 01:23 | 22 | WHAT -- I UNDERSTAND ON DAUBERT ON QUALIFICATIONS. I |
| 01:23 | 23 | WOULD -- |
| 01:23 | 24 | MR. JACOBS: IT'S NOT REALLY DAUBERT, YOUR HONOR. |
| 01:23 | 25 | IT'S A -- DAUBERT IS METHODOLOGY AND I THINK WE'VE PASSED ALL |

68

| | | |
|---|---|---|
| 01:23 | 1 | THE METHODLOGICAL CHALLENGES. |
| 01:23 | 2 | I THINK THAT'S ONE OF THE BENEFITS THAT WE'RE ACCRUING FROM |
| 01:23 | 3 | YOUR HONOR'S DIRECTION TO US IS WE WILL NOT HAVE DAUBERTS |
| 01:23 | 4 | BECAUSE DAUBERTS WERE DONE, AND DONE TO A FARE-THEE-WELL, LAST |
| 01:23 | 5 | YEAR. |
| 01:23 | 6 | IF THEY WANT TO CHALLENGE -- HAVING COERCED US INTO A |
| 01:23 | 7 | C.P.A. AND NOW SAYING, "OH, THE C.P.A. IS NOT QUALIFIED," FINE. |
| 01:23 | 8 | THE COURT: ALL RIGHT. WELL, WHAT ABOUT A -- THIS IS |
| 01:23 | 9 | WHAT I WAS GOING TO SUGGEST: HAVE APPLE'S EXPERT -- IDENTIFY |
| 01:24 | 10 | ITS NEW C.P.A. EXPERT, ONE PERSON, BY MAY 13TH. |
| 01:24 | 11 | MR. JACOBS: OKAY. |
| 01:24 | 12 | THE COURT: OKAY? APPLE SUBMIT -- I DON'T EVEN KNOW |
| 01:24 | 13 | IF YOU WOULD REALLY NEED ALL THESE DATES, OR ALL THIS TIME, BUT |
| 01:24 | 14 | I GUESS BECAUSE YOU'RE GETTING A NEW PERSON UP TO SPEED -- JUNE |
| 01:24 | 15 | 24TH, WHICH IS I THINK THE DATE YOU REQUESTED. |
| 01:24 | 16 | MR. JACOBS: IT'S TWO DAYS BEFORE, BUT THAT'S FINE, |
| 01:24 | 17 | YOUR HONOR. |
| 01:24 | 18 | THE COURT: OKAY. SAMSUNG'S REPORT, JULY 26TH. YOU |
| 01:24 | 19 | REQUESTED, I THINK, 30 DAYS. |
| 01:24 | 20 | EXPERT DEPOSITIONS CONCLUDED BY AUGUST 7TH. |
| 01:24 | 21 | DOES THAT GIVE YOU ENOUGH TIME OR IS THAT TOO TIGHT? |
| 01:24 | 22 | MS. MAROULIS: THAT MIGHT BE TOO TIGHT, YOUR HONOR, |
| 01:24 | 23 | BECAUSE WE'LL ALSO HAVE EXPERT DISCOVERY IN THE FOLLOW-ON CASE. |
| 01:24 | 24 | THE COURT: OH, OKAY. WHAT ABOUT AUGUST 30TH? |
| 01:24 | 25 | AUGUST 23RD? |

---

**69**

01:25 1    MS. MAROULIS:  AUGUST 30TH, YOUR HONOR.

01:25 2    MR. JACOBS:  I THINK THE 23RD IS PLENTY, YOUR HONOR.

01:25 3    THAT IS NEARLY A MONTH FOR EXPERT DEPOSITIONS.

01:25 4    THE COURT:  OKAY.  THEN I WAS GOING TO ALLOW ONLY

01:25 5    SAMSUNG, NOT APPLE, ONE NO MORE THAN FOUR-PAGE, LET'S CALL IT A

01:25 6    RULE 702 OBJECTION BASED ON QUALIFICATIONS ALONE.

01:25 7    BECAUSE EVERYONE IS JUST GOING TO BE USING THE THEORIES

01:25 8    THAT HAVE ALREADY GONE THROUGH EXTENSIVE MOTION PRACTICE LAST

01:25 9    YEAR, THERE WILL BE NO NEW CHALLENGES TO THEORIES.  OKAY?

01:25 10   BUT IF YOU WANT TO CHALLENGE APPLE'S EXPERT ON WHETHER HE

01:25 11   OR SHE IS QUALIFIED TO GIVE THE OPINION, I THINK THAT IS

01:25 12   LEGITIMATE.  OKAY?  SO FOUR PAGES AT MOST.

01:25 13   MS. MAROULIS:  THANK YOU, YOUR HONOR.

01:25 14   AND WE HAVE TO RESERVE OUR RIGHT TO CHALLENGE IF THEY

01:25 15   CHANGE THE REPORT SUBSTANTIALLY, WHICH THEY CLAIM RIGHT NOW

01:25 16   THEY WON'T.

01:25 17   THE COURT:  OKAY.  SO I WAS GOING TO SET A DATE FOR

01:25 18   THAT AS WELL.

01:26 19   NOW, I'M GOING TO SET A HEARING DATE.  I WOULD LEAVE IT TO

01:26 20   THE PARTIES TO SET A BRIEFING SCHEDULE, ALTHOUGH I WANT FINAL

01:26 21   BRIEFS THREE WEEKS IN ADVANCE OF THE HEARING DATE.

01:26 22   BUT OCTOBER 10TH OF 2013 I WOULD HEAR THE ONE SAMSUNG

01:26 23   MOTION CHALLENGING THE QUALIFICATION SOLELY OF APPLE'S NEW

01:26 24   EXPERT AND ANY MOTIONS TO STRIKE FROM EITHER EXPERT REPORT.

01:26 25   NOW, LET'S PUT PAGE LIMITS ON THIS.  AND I DON'T THINK I

UNITED STATES COURT REPORTERS

---

**70**

01:26 1    NEED -- I CERTAINLY DON'T THINK I NEED A REPLY ON THE 702.

01:26 2    BUT WE'LL SAY THAT APPLE CAN FILE A FOUR-PAGE RESPONSE TO

01:26 3    SAMSUNG'S FOUR-PAGE OBJECTION TO THE QUALIFICATIONS OF YOUR NEW

01:26 4    EXPERT.  NO REPLY ON THAT ONE.

01:26 5    MR. JACOBS:  OKAY.  THANK YOU.

01:26 6    THE COURT:  NOW, MOTION TO STRIKE FROM EACH OTHER'S

01:26 7    EXPERT REPORTS, I WOULD -- CAN WE LIMIT THAT TO TEN PAGES?

01:27 8    MR. JACOBS:  IS IT CLEAR, YOUR HONOR, THAT WE'RE

01:27 9    NOT --

01:27 10   THE COURT:  THERE REALLY SHOULDN'T BE ANYTHING.

01:27 11   MR. JACOBS:  THERE SHOULDN'T BE ANYTHING.

01:27 12   THE COURT:  IF EVERYONE FOLLOWS MY RULING OF NO NEW

01:27 13   THEORIES, NO NEW METHODOLOGIES, NO NEW DATA, NO NEW DAMAGES

01:27 14   PERIOD, THERE REALLY SHOULDN'T BE.

01:27 15   BUT I'M NOT TOTALLY OPTIMISTIC BASED ON MY EXPERIENCE WITH

01:27 16   THIS CASE OVER THE LAST TWO YEARS.

01:27 17   SO, I MEAN, I WOULD LIKE TO LIMIT THAT FURTHER, IF AT ALL

01:27 18   POSSIBLE, IN TERMS OF PAGE LIMITS.

01:27 19   AND I THINK A REPLY ACTUALLY MIGHT BE HELPFUL ON THAT

01:27 20   SCORE.

01:27 21   SO -- AND I ASSUME THAT THERE WILL PROBABLY BE

01:27 22   CROSS-MOTIONS WOULD BE MY GUESS.

01:27 23   MR. JACOBS:  CAN IT BE CLEAR, YOUR HONOR, THAT THOSE

01:27 24   MOTIONS LITERALLY ONLY GO TO THE -- TO ANY DIFFERENCES?

01:27 25   THE COURT:  YES, ANY DIFFERENCES FROM LAST TIME.

UNITED STATES COURT REPORTERS

---

**71**

01:28 1    MR. JACOBS:  SO WE'RE -- TO STATE IT AGAIN, THE

01:28 2    OBVERSE, WE ARE NOT GOING TO BE RELITIGATING MR. WAGNER'S OR

01:28 3    MR. MUSIKA'S REPORTS.

01:28 4    THE COURT:  THE ONLY PROPER FOCUS OF ANY MOTIONS TO STRIKE WILL BE THE

01:28 5    INCREMENT, THE CHANGE IN THE NEW REPORTS?

01:28 6    THE COURT:  YES.

01:28 7    MR. JACOBS:  OKAY.

01:28 8    MS. MAROULIS:  YOUR HONOR, IN TERMS OF PRESERVING THE

01:28 9    RECORD FOR APPEAL --

01:28 10   THE COURT:  YES.

01:28 11   MS. MAROULIS:  -- WE MIGHT NEED TO SIMPLY STATE OR

01:28 12   RESTATE OUR PRIOR MOTIONS AND OBJECTIONS.  WE'LL DOUBLE-CHECK

01:28 13   THAT.

01:28 14   THE COURT:  OKAY.

01:28 15   MS. MAROULIS:  BUT WE MIGHT HAVE TO, AT SOME POINT IN

01:28 16   THE HEARING OR IN WRITING, SIMPLY SAY THAT WE'RE RESTATING THEM

01:28 17   SO THAT THEY'RE NOT WAIVED, MUCH THE SAME WAY AS JURY

01:28 18   INSTRUCTIONS, YOU HAVE TO REPEAT IT MULTIPLE TIMES.

01:28 19   THE COURT:  OKAY.  THAT'S FINE.

01:28 20   I'M HOPING THAT YOU MAY JUST BE ABLE TO, YOU KNOW, PER

01:28 21   STIPULATION, BOTH PARTIES PRESERVE THE PREVIOUS OBJECTIONS THAT

01:28 22   THEY MADE TO METHODOLOGIES AND THEORIES AND CALCULATIONS OF THE

01:28 23   EXPERT, SOMETHING LIKE THAT.

01:28 24   BUT, YES, I DON'T WANT TO RELITIGATE -- ANYTHING THAT'S

01:28 25   ALREADY BEEN DECIDED AND HAS ALREADY SURVIVED A DAUBERT MOTION

UNITED STATES COURT REPORTERS

---

**72**

01:29 1    OR A MOTION IN LIMINE WILL CONTINUE TO BE ADMISSIBLE AND PART

01:29 2    OF THE CASE.

01:29 3    SO LET'S SET LIMITS ON THAT IN TERMS OF PAGES.  WHAT --

01:29 4    MS. MAROULIS:  TEN PAGES ON MOVING PAPERS, TEN PAGES

01:29 5    ON OPPOSITION, AND SEVEN ON REPLY?

01:29 6    THE COURT:  WELL, I'M REALLY HOPING THAT IF -- IF MY

01:29 7    RULING AS TO THE SCOPE OF THE NEW EXPERT REPORTS IS FOLLOWED,

01:29 8    WE REALLY SHOULDN'T NEED --

01:29 9    MR. JACOBS:  SEVEN, SEVEN, FOUR, YOUR HONOR?

01:29 10   THE COURT:  YOU KNOW, WE SHOULDN'T NEED 54 PAGES OF

01:29 11   BRIEFING ON THIS, RIGHT?

01:29 12   MR. JACOBS:  SEVEN, SEVEN, FOUR?

01:29 13   THE COURT:  SO YOU'RE NOT OPTIMISTIC, EITHER.

01:29 14   MR. JACOBS:  NO, I AM.  I JUST -- I DON'T THINK THIS

01:29 15   IS ABOUT PAGE LIMITS SO MUCH.  I ACTUALLY THINK IT'S ABOUT

01:29 16   SCOPE, AND IF THERE ARE NEW ISSUES THAT ARISE, THEY SHOULD BE

01:29 17   VENTILATED.

01:29 18   THE COURT:  ARE YOU SATISFIED WITH THOSE LIMITS?

01:29 19   MS. MAROULIS:  THAT WOULD BE FINE, YOUR HONOR.

01:29 20   THE COURT:  SEVEN, SEVEN, FOUR?

01:29 21   MS. MAROULIS:  THAT WOULD BE FINE, YOUR HONOR.

01:30 22   THE COURT:  ALL RIGHT.  SO SEVEN, SEVEN, FOUR.

01:30 23   WORK OUT THE BRIEFING SCHEDULE.  IF YOU NEED TO THEN MOVE

01:30 24   UP THE EXPERT DEPOSITION DISCOVERY DEADLINE TO GET THE

01:30 25   BRIEFING -- I WOULD LIKE, PLEASE, THREE WEEKS WITH THE REPLY

UNITED STATES COURT REPORTERS

---

77

| | | |
|---|---|---|
| 01:34 | 1 | OCTOBER 24TH IS THE JUDGE'S MEETING.  I DON'T KNOW ABOUT THE |
| 01:35 | 2 | 31ST. |
| 01:35 | 3 | THE CLERK:  OCTOBER 17TH IS THE DATE RESERVED FOR THE |
| 01:35 | 4 | CLASS CERT MOTION ON I BELIEVE IT'S HERSKOWITZ AND JUEL. |
| 01:35 | 5 | THE COURT:  RIGHT.  BUT I THINK THE SUGGESTION IS |
| 01:35 | 6 | THAT DATE'S TOO EARLY. |
| 01:35 | 7 | THE CLERK:  OH, OKAY. |
| 01:35 | 8 | THE COURT:  SO IF YOU WOULD CHECK OCTOBER 31, PLEASE? |
| 01:35 | 9 | THE CLERK:  OCTOBER 31, IT'S THE DATE FOR THE CLASS |
| 01:35 | 10 | CERT IN THE IPHONE CASE. |
| 01:35 | 11 | THE COURT:  OH, YEAH.  THAT'S NOT A GOOD DATE. |
| 01:35 | 12 | THE CLERK:  AND ALSO CLASS CERT IN BRAZIL VERSUS DOLE |
| 01:35 | 13 | FOODS. |
| 01:35 | 14 | THE COURT:  OKAY. |
| 01:35 | 15 | THE CLERK:  NOVEMBER 7TH IS THE DATE FOR APPLE'S |
| 01:35 | 16 | SUMMARY JUDGMENT MOTION IN THE IPHONE CASE. |
| 01:35 | 17 | THE COURT:  UM-HUM. |
| 01:35 | 18 | THE CLERK:  AND A COUPLE CASES LAST DAY FOR |
| 01:35 | 19 | DISPOSITIVE MOTIONS. |
| 01:35 | 20 | THE COURT:  AND WHICH ONES ARE THOSE, PLEASE? |
| 01:35 | 21 | THE CLERK:  OGDEN VERSUS BUMBLE BEE, A J & J, AND A |
| 01:36 | 22 | JOHNSON VERSUS SAN BENITO COUNTY. |
| 01:36 | 23 | THE COURT:  OKAY.  WHAT I WAS GOING TO SUGGEST AS |
| 01:36 | 24 | A -- WHEN IS COLUMBUS DAY?  THAT'S THE 11TH? |
| 01:36 | 25 | THE CLERK:  COLUMBUS DAY IS THE 14TH. |

UNITED STATES COURT REPORTERS

78

| | | |
|---|---|---|
| 01:36 | 1 | THE COURT:  NO, VETERAN'S DAY. |
| 01:36 | 2 | THE CLERK:  OH, VETERAN'S -- |
| 01:36 | 3 | THE COURT:  WHAT I WAS GOING TO SUGGEST AS A TRIAL |
| 01:36 | 4 | DATE WAS NOVEMBER 12, 13, 14, 15, AND 18, SO I WANTED TO HEAR |
| 01:36 | 5 | YOUR PROPOSALS AS TO WHAT WOULD GO TO THE JURY FAIRLY SOON IN |
| 01:36 | 6 | OCTOBER SO THAT YOU COULD PREPARE THAT FOR NOVEMBER. |
| 01:37 | 7 | IF I MOVE THE 31ST HEARING TO THE 7TH, THEN I -- THAT COULD |
| 01:37 | 8 | OPEN UP THE 31ST. |
| 01:37 | 9 | BUT THEN THAT GIVES YOU LESS THAN TWO WEEKS.  WOULD THAT BE |
| 01:37 | 10 | ENOUGH TIME FOR YOU TO -- |
| 01:37 | 11 | (DISCUSSION OFF THE RECORD BETWEEN DEFENSE COUNSEL.) |
| 01:37 | 12 | MS. MAROULIS:  THAT SHOULD BE FINE, YOUR HONOR. |
| 01:37 | 13 | THE COURT:  WHICH ONE? |
| 01:37 | 14 | MS. MAROULIS:  THE 31ST IF THAT'S AVAILABLE. |
| 01:37 | 15 | THE COURT:  OKAY.  DO YOU WANT TO BE HEARD ON THAT |
| 01:37 | 16 | DATE? |
| 01:37 | 17 | MR. JACOBS:  THAT'LL BE FINE, YOUR HONOR. |
| 01:37 | 18 | SHALL WE DECLARE THAT THE PRETRIAL CONFERENCE DATE, THEN, |
| 01:37 | 19 | FOR THE TRIAL IN -- |
| 01:37 | 20 | THE COURT:  WELL, I'M JUST WONDERING IF WE SHOULD -- |
| 01:37 | 21 | THE ONLY THING IS I DO HAVE -- WHAT WAS THAT? -- CLASS |
| 01:37 | 22 | CERTIFICATION IN AN MDL ON OCTOBER 31, SO I WOULD HAVE TO BUMP |
| 01:37 | 23 | THAT TO PUT THIS CASE ON THAT DATE. |
| 01:38 | 24 | WHAT I'D LIKE TO DO -- COULD WE TRY TO KEEP IT ON THE 17TH |
| 01:38 | 25 | AND THEN WHATEVER -- I MEAN, MY SENSE IS, FROM LAST TIME, |

UNITED STATES COURT REPORTERS

79

| | | |
|---|---|---|
| 01:38 | 1 | BREAKING THINGS UP INTO SMALLER INCREMENTS IS A LITTLE BIT |
| 01:38 | 2 | EASIER FOR THE COURT THAN HAVING BIG, MASSIVE HEARINGS.  IT'S |
| 01:38 | 3 | MORE DIFFICULT TO PREPARE FOR THEM AND WHATNOT. |
| 01:38 | 4 | COULD WE TRY TO KEEP IT ON THE 10TH AND THE 17TH, AND THEN |
| 01:38 | 5 | IF THERE IS POTENTIALLY SPILL OVER, WE'D HAVE THE 31ST AS A |
| 01:38 | 6 | POTENTIAL OVERFLOW DAY?  WOULD THAT GIVE YOU ENOUGH TIME? |
| 01:38 | 7 | MS. MAROULIS:  THAT'S FINE, YOUR HONOR.  IF THAT'S |
| 01:38 | 8 | WHAT'S NEEDED FOR THE COURT, OF COURSE. |
| 01:38 | 9 | THE COURT:  OKAY.  SO WHY DON'T WE KEEP THE 17TH ON? |
| 01:38 | 10 | I ALSO DON'T ANTICIPATE -- I WASN'T GOING TO EVEN SET ANY |
| 01:38 | 11 | MOTIONS IN LIMINE BECAUSE I REALLY DON'T THINK THERE SHOULD BE |
| 01:39 | 12 | ANYTHING REALLY DIFFERENT.  YOU'LL HAVE YOUR SAME WITNESSES |
| 01:39 | 13 | FROM LAST TIME. |
| 01:39 | 14 | OKAY.  SO THE TRIAL WILL BE NOVEMBER 12, 13, 14, 15, 18. |
| 01:39 | 15 | I WAS ANTICIPATING MAYBE OPENINGS OF 45 MINUTES EACH, |
| 01:39 | 16 | CLOSINGS OF ONE HOUR EACH. |
| 01:39 | 17 | I HAVEN'T DECIDED THE EVIDENCE TIME PERIOD.  I THINK WE'LL |
| 01:39 | 18 | HAVE TO FIGURE OUT IF THE '381 IS IN OR NOT.  WE'LL HAVE TO |
| 01:39 | 19 | MAKE THAT DECISION ONCE WE HAVE MORE SORT OF SENSE OF THE |
| 01:39 | 20 | SCOPE. |
| 01:39 | 21 | MS. MAROULIS:  YOUR HONOR, MAY WE SUGGEST THAT WHEN |
| 01:39 | 22 | WE SUBMIT TO THE COURT THE PAPERS REGARDING '381, AND WE |
| 01:39 | 23 | SUSPECT THE EXAMINER WILL NOT REOPEN ANYTHING, THAT THE PARTIES |
| 01:39 | 24 | REVISIT WHAT YOUR HONOR SUGGESTED, WHICH IS STAYING THE '381 |
| 01:39 | 25 | AND STIPULATING POTENTIALLY TO THE REST TO OBVIATE THE TRIAL? |

UNITED STATES COURT REPORTERS

80

| | | |
|---|---|---|
| 01:39 | 1 | WE WOULD LIKE AN OPPORTUNITY TO REAPPROACH THAT WITH BOTH |
| 01:39 | 2 | THE COURT AND APPLE. |
| 01:40 | 3 | THE COURT:  OH, THAT'S FINE.  THAT'S FINE. |
| 01:40 | 4 | AND I DON'T HAVE TO SET ANY TIME PERIOD OR TIME LIMITATIONS |
| 01:40 | 5 | NOW ON OPENING AND CLOSING AND EVIDENCE.  WE CAN DECIDE THAT |
| 01:40 | 6 | LATER IF THE TRIAL DOES HAPPEN. |
| 01:40 | 7 | BUT TENTATIVELY I WAS THINKING EIGHT JURORS WITH THREE |
| 01:40 | 8 | PEREMPTORIES EACH, AND WE'LL HAVE TO GET A HUGE JURY POOL |
| 01:40 | 9 | BECAUSE I THINK IT'LL BE MUCH MORE DIFFICULT TO FIND JURORS AT |
| 01:40 | 10 | THIS STAGE. |
| 01:40 | 11 | NOW, WITH REGARD TO YOUR MOTION, I WOULD SAY SET IT FOR A |
| 01:40 | 12 | HEARING, BUT SINCE WE DON'T KNOW EXACTLY WHEN THE FINAL DATES |
| 01:40 | 13 | WILL BE, I GUESS WHAT I WOULD ASK IS WHEN YOU DO GET FINAL WORD |
| 01:40 | 14 | FROM THE PTO AS TO BOTH PATENTS, '915 AND '381, IF YOU WOULD |
| 01:40 | 15 | CONTACT MS. PARKER BROWN, CC APPLE'S COUNSEL, AND WE'LL TRY TO |
| 01:40 | 16 | GET YOU A HEARING DATE IF A HEARING IS NECESSARY. |
| 01:41 | 17 | I MAY JUST BE ABLE TO DECIDE IT ON THE PAPERS, BUT A |
| 01:41 | 18 | HEARING DATE JUST GIVES ME A DATE BY WHICH I'VE GOT TO FOCUS ON |
| 01:41 | 19 | THIS PARTICULAR MOTION AND TRY TO GET IT RESOLVED. |
| 01:41 | 20 | MS. MAROULIS:  YES, YOUR HONOR, WE'LL DO THAT. |
| 01:41 | 21 | THE COURT:  OKAY.  ALL RIGHT. |
| 01:41 | 22 | MS. MAROULIS:  YOUR HONOR, THERE'S ONE ISSUE THAT I |
| 01:41 | 23 | WANTED TO REVISIT. |
| 01:41 | 24 | I KNOW THE COURT SAID THERE WILL BE NO DO-OVERS OF VARIOUS |
| 01:41 | 25 | KINDS, BUT WITH RESPECT TO THE DAMAGES PERIOD, LAST TIME |

UNITED STATES COURT REPORTERS

01:41 **1**  JUDGE GREWAL DISALLOWED DESIGN AROUND EVIDENCE TO COMPENSATE

01:41 **2**  FOR WHAT HE PERCEIVED AS PREJUDICE TO APPLE FOR LATE

01:41 **3**  PRODUCTION.

01:41 **4**       THE COURT:  OKAY.

01:41 **5**       MS. MAROULIS:  WE WOULD LIKE TO REVISIT THAT AND BE

01:41 **6**  ABLE TO ACTUALLY INCLUDE THE DESIGN AROUND EVIDENCE AND PERIODS

01:41 **7**  BECAUSE SAMSUNG ALREADY WAS PUNISHED THE FIRST TIME AROUND IN

01:41 **8**  THE TRIAL, AND WE BELIEVE THAT THIS TIME THE JURY SHOULD ONLY

01:41 **9**  HEAR THE TIMES WHEN THE DESIGN AROUNDS WERE NOT AVAILABLE.

01:41 **10**  IT'S UNDISPUTED THAT AT LEAST ONE OF THE DESIGN AROUNDS WAS

01:41 **11**  IMPLEMENTED AS OF OCTOBER OR NOVEMBER 2011, AND APPLE CONCEDED

01:41 **12**  DURING THE PRELIMINARY INJUNCTION STAGE THAT THAT'S A

01:41 **13**  NON-INFRINGING ALTERNATIVE.

01:42 **14**  SO WE WOULD LIKE AN OPPORTUNITY TO PRESENT TO THE JURY

01:42 **15**  DIFFERENT DAMAGES PERIOD BASED ON THE DESIGN AROUND

01:42 **16**  AVAILABILITY.

01:42 **17**       MR. JACOBS:  I THINK SAMSUNG IS -- THIS IS A CLASSIC

01:42 **18**  HAVE YOUR CAKE AND EAT IT, TOO.  FOR THE LAST HOUR THEY'VE BEEN

01:42 **19**  URGING THE COURT NOT TO ALLOW ANY REOPENING OF ANYTHING AND

01:42 **20**  THAT APPLE HAS TO BE RESTRICTED TO THE QUALIFICATIONS OF AN

01:42 **21**  EXPERT THAT IT HAD LAST TIME.

01:42 **22**  NOW SAMSUNG WOULD LIKE A DO-OVER ON AN EVIDENTIARY SANCTION

01:42 **23**  THAT JUDGE GREWAL ENTERED AND THIS COURT ENFORCED.

01:42 **24**  THE COURT SHOULD NOT ENTERTAIN THAT MOTION.

01:42 **25**       THE COURT:  THAT'S DENIED.  IT'S GOING TO BE LIMITED

UNITED STATES COURT REPORTERS

01:42 **1**  TO THE SAME EVIDENCE THAT WAS BEFORE THE JURY OF 2012.

01:42 **2**  AND ONCE THIS IS RESOLVED, THEN YOU CAN TAKE ALL OF IT UP

01:42 **3**  TO THE FEDERAL CIRCUIT AND CERTAINLY APPEAL JUDGE GREWAL'S

01:42 **4**  RULING AND MY AFFIRMANCE OF THAT ORDER.  I THINK THAT WOULD BE

01:42 **5**  THE APPROPRIATE REMEDY FOR THAT ISSUE.

01:42 **6**       MR. PRICE:  YOUR HONOR, IF I CAN ADD ONE OTHER THING,

01:43 **7**  WHICH I DON'T KNOW, MR. JACOBS MIGHT AGREE TO.

01:43 **8**  FIRST, ON THAT ONE, THE REASON WE WERE MOVING TO BE ALLOWED

01:43 **9**  TO DO THAT IS BECAUSE OF THE LACK OF PREJUDICE AT THIS POINT.

01:43 **10**  I THINK THE SANCTION WAS BECAUSE THE CODE WAS TURNED OVER TOO

01:43 **11**  LATE, AND NOW IT SEEMS LIKE THERE'S BEEN PLENTY OF TIME TO

01:43 **12**  EXAMINE THAT CODE.

01:43 **13**  BUT A SECOND ISSUE, YOUR HONOR, IS YOU REMEMBER THERE WAS A

01:43 **14**  LOT OF TESTIMONY ON CAUSATION, ON WHAT DRIVES THE SALES OF

01:43 **15**  THESE PHONES, AND THAT'S PART OF MR. MUSIKA'S CALCULATIONS ON,

01:43 **16**  ON APPLE'S LOST PROFITS.

01:43 **17**  YOU KNOW, IF WE HAD A FEATURE IN OUR PHONE, THEN THAT MEANT

01:43 **18**  APPLE DIDN'T SELL A CERTAIN NUMBER OF PHONES.

01:43 **19**  AND SO THERE HAS TO BE, AND THERE WAS, TESTIMONY ABOUT WHAT

01:43 **20**  DRIVES THE SALE OF PHONES.

01:43 **21**  THERE'S BEEN MORE DATA ABOUT THAT NOW -- YOU CAN ACTUALLY

01:43 **22**  SEE IT IN THE PAPER ALMOST EVERY DAY -- AND THERE'S MORE

01:43 **23**  EXPERIENCE WITH THAT.

01:43 **24**  FOR EXAMPLE, YOU REMEMBER APPLE CAME OUT WITH ITS MAPS

01:43 **25**  APPLICATION AND THERE WERE SOME PROBLEMS WITH THAT AND THERE'S

UNITED STATES COURT REPORTERS

01:43 **1**  SOME DATA ON, DOES THAT AFFECT SALES?

01:43 **2**  SO THERE'S -- THERE'S AVAILABLE, YOU KNOW, MORE RECENT

01:44 **3**  DATA ON THE CRITICAL ISSUE OF WHAT DRIVES THE SALE OF THESE

01:44 **4**  PHONES.

01:44 **5**  AND AT THIS POINT, TO HAVE A FAIR TRIAL, I WOULD THINK WE

01:44 **6**  SHOULD AT LEAST BE ABLE TO HAVE DISCOVERY ON THAT ISSUE BECAUSE

01:44 **7**  THERE IS BETTER LEARNING ON IT NOW.

01:44 **8**       MR. JACOBS:  YOUR HONOR, I THINK THEY'RE NOT

01:44 **9**  LISTENING TO --

01:44 **10**       THE COURT:  THAT'S DENIED.

01:44 **11**  OKAY.  WHAT ELSE?

01:44 **12**       MR. PRICE:  I LISTENED, BUT I THOUGHT I COULD GIVE IT

01:44 **13**  A SHOT.

01:44 **14**  (LAUGHTER.)

01:44 **15**       THE COURT:  YEAH, NO.  I APPRECIATE THAT AND I -- AND

01:44 **16**  I -- I CERTAINLY HEAR AND UNDERSTAND WHERE BOTH SIDES ARE

01:44 **17**  COMING FROM, THAT BECAUSE THIS IS THE SECOND TIME, YOU BOTH

01:44 **18**  KNOW THINGS THAT HAVE HAPPENED AND NOT HAPPENED THE WAY THAT

01:44 **19**  YOU HAD PLANNED AND THERE'S SOME INFORMATION THAT WOULD BE MORE

01:44 **20**  HELPFUL.

01:44 **21**  BUT I THINK FOR PURPOSES OF JUST TRYING TO GET THIS UP TO

01:44 **22**  THE CIRCUIT, I THINK IT WOULD CREATE MORE CONFUSION IF NOW WE

01:44 **23**  HAVE A COMPLETELY DIFFERENT RECORD ON INFRINGEMENT.  I THINK IT

01:44 **24**  WOULD BE MORE COMPLICATED FOR THE CIRCUIT TO EVEN REVIEW IT.

01:45 **25**  I JUST WANT TO GET THIS RESOLVED AS QUICKLY AS POSSIBLE AND

UNITED STATES COURT REPORTERS

01:45 **1**  THEN GET THIS REVIEWED.

01:45 **2**       MR. PRICE:  SURE.  AND JUST TO BE CLEAR, YOUR HONOR,

01:45 **3**  THAT'S NOT AN INFRINGEMENT ISSUE.  THAT'S A DAMAGES ISSUE.

01:45 **4**  ASSUMING THAT THERE'S INFRINGEMENT, DOES THAT MAKE A

01:45 **5**  DIFFERENCE?  WOULD THAT DRIVE THE SALE OF PHONES?  WOULD APPLE

01:45 **6**  LOSE PROFITS?

01:45 **7**       THE COURT:  I UNDERSTAND.  I UNDERSTAND.

01:45 **8**       MR. PRICE:  OKAY.

01:45 **9**       THE COURT:  BUT MY CONCERN IS IF WE REOPEN DAMAGES

01:45 **10**  FOR A LIMITED PURPOSE, THEN IT WILL UNFORTUNATELY OPEN UP THE

01:45 **11**  FLOODGATES FOR ALL PURPOSES AND THEN IT'S GOING TO BE A

01:45 **12**  FREE-FOR-FALL AND EXCEEDINGLY BURDENSOME FOR THE PARTIES TO

01:45 **13**  BASICALLY RELITIGATE THE WHOLE CASE.

01:45 **14**       MR. PRICE:  WELL, MAY I ASK YOU THIS ON ANOTHER

01:45 **15**  ISSUE?  I WANT TO MAKE SURE I UNDERSTAND ON HOW LIMITED WE ARE.

01:45 **16**  IN THE FIRST TRIAL, THEY HAD THEIR CONJOINT EXPERT TESTIFY,

01:45 **17**  WHICH I ASSUME HE'LL TESTIFY AGAIN.

01:45 **18**       THE COURT:  UM-HUM.

01:45 **19**       MR. PRICE:  BECAUSE OF TRIAL STRATEGY AND THE TIME WE

01:45 **20**  HAD, WE HAD ON OUR WITNESS LIST A REBUTTAL CONJOINT EXPERT.  WE

01:46 **21**  DIDN'T CALL HIM IN THAT TRIAL --

01:46 **22**       THE COURT:  UM-HUM.

01:46 **23**       MR. PRICE:  -- BECAUSE OF -- YOU KNOW, LARGELY

01:46 **24**  BECAUSE OF TIMING.

01:46 **25**  I WOULD THINK THAT, TO THE EXTENT WE WERE ABLE TO PRESENT

UNITED STATES COURT REPORTERS