# EXHIBIT 6

```
 1                UNITED STATES DISTRICT COURT

 2              NORTHERN DISTRICT OF CALIFORNIA

 3                     SAN JOSE DIVISION

 4


 5
       APPLE INC., A CALIFORNIA        )  C-11-01846 LHK
 6     CORPORATION,                    )
                                       )  SAN JOSE, CALIFORNIA
 7                   PLAINTIFF,        )
                                       )  AUGUST 21, 2013
 8          VS.                        )
                                       )  PAGES 1-76
 9     SAMSUNG ELECTRONICS CO., LTD.,  )
       A KOREAN BUSINESS ENTITY;       )
10     SAMSUNG ELECTRONICS AMERICA,    )
       INC., A NEW YORK CORPORATION;   )
11     SAMSUNG TELECOMMUNICATIONS      )
       AMERICA, LLC, A DELAWARE        )
12     LIMITED LIABILITY COMPANY,      )
                                       )
13                   DEFENDANTS.       )
                                       )
14     _____

15             TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE LUCY H. KOH
16            UNITED STATES DISTRICT JUDGE

17


18


19              APPEARANCES ON NEXT PAGE

20


21


22


23   OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                          CERTIFICATE NUMBER 9595
24

25       PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED WITH COMPUTER


                 UNITED STATES COURT REPORTERS
```

1     THE COURT: OKAY. WITH REGARD TO -- THERE IS AN
2  UNOPPOSED MOTION TO STAY THE COURT'S ORDER GRANTING ROVI'S
3  MOTION TO INTERVENE AND GRANTING IN PART AND DENYING IN PART
4  THE MOTION TO SEAL. THAT'S ECF NUMBER 2355.
5     THAT UNOPPOSED MOTION TO STAY IS GRANTED AND I'LL JUST
6  INCLUDE AN ENTRY IN THE CASE MANAGEMENT ORDER THAT COMES OUT OF
7  TODAY'S PROCEEDING JUST SO IT'S CLEAR ON THE RECORD THAT THAT
8  HAS BEEN DEALT WITH.
9     OKAY. LET'S GO TO THE PROPOSED NEUTRAL STATEMENT. I DON'T
10 INTEND TO DO ANY NEUTRAL STATEMENT.
11    I DO ENVISION THAT THE PRELIMINARY JURY INSTRUCTIONS WOULD
12 HAVE TO GIVE SOME INDICATION TO THE JURY AS TO WHAT ISSUE IS
13 BEFORE THEM AND WHAT ISSUE THEY DO NOT NEED TO DECIDE, AND I'M
14 GOING TO LEAVE IT FOR A LATER DATE FOR THE PARTIES TO MEET AND
15 CONFER AND PERHAPS COME UP WITH YOUR OWN SEPARATE PROPOSALS AS
16 TO WHAT YOU THINK THAT LANGUAGE SHOULD BE, WHETHER IT SHOULD BE
17 JUST "IN A PRIOR PROCEEDING, A JURY FOUND INFRINGEMENT AND
18 VALIDITY," OR WHETHER IT SHOULD SAY, "YOU ARE TO ASSUME
19 VALIDITY AND INFRINGEMENT AND THE ONLY ISSUE FOR YOU TO DECIDE
20 IS DAMAGES." I WOULD LIKE YOU ALL TO MEET AND CONFER AND MAKE
21 A PROPOSAL AS TO WHAT THAT PRELIMINARY JURY INSTRUCTION SHOULD
22 BE.
23    BUT I DON'T INTEND TO GIVE ANY OTHER STATEMENT BEYOND A
24 PRELIMINARY JURY INSTRUCTION, AND I EXPECT THIS ISSUE TO, AT
25 MOST, BE ONE OR TWO SENTENCES OF THE PRELIMINARY JURY

1  INSTRUCTIONS.  OKAY?  I HOPE THAT'S --
2          MS. MAROULIS:  THANK YOU.
3          THE COURT:  -- SOMEWHAT HELPFUL GUIDANCE.
4      OKAY.  LET'S GO TO THIS QUESTION ABOUT WITNESSES, EXHIBITS,
5  DEPOSITION DESIGNATIONS.
6      SO -- AND I'LL GIVE YOU AN OPPORTUNITY TO RESPOND, BUT I
7  HAVE BEEN THINKING ABOUT HOW TO DO THIS IN THIS RETRIAL, AND I
8  THINK THE CLEANEST WAY IS TO SAY THAT ANY EVIDENCE THAT WAS NOT
9  STRICKEN, THAT WAS NOT SUBJECT TO SOME DAUBERT MOTION OR MOTION
10 IN LIMINE AND EXCLUDED, THAT WAS TIMELY IDENTIFIED, WHETHER IT
11 WAS ACTUALLY INTRODUCED AS AN EXHIBIT OR WHETHER ANY TESTIMONY
12 WAS ACTUALLY ADDUCED FROM THE TRIAL, IS ADMISSIBLE AND IS
13 WITHIN THE PROPER SCOPE OF THIS RETRIAL.
14     HOWEVER, ANYTHING THAT WAS PREVIOUSLY EXCLUDED, ANY EXHIBIT
15 OR WITNESS THAT WAS NOT TIMELY DISCLOSED, ANY NEW DATA IS NOT
16 WITHIN -- DOES NOT FALL WITHIN THE PROPER SCOPE OF THIS TRIAL.
17     SO I DO BELIEVE THAT THE PARTIES PREVIOUSLY IDENTIFIED
18 WITNESSES FOR SPECIFIC TOPICS, AND IF THOSE WERE SUBMITTED AND
19 DISCLOSED TIMELY AND WERE NOT SUBJECT TO A MOTION TO STRIKE,
20 DAUBERT MOTION, MOTION IN LIMINE THAT WAS GRANTED, THEN THAT IS
21 THE PROPER SUBJECT OF THIS UPCOMING TRIAL.  ALL RIGHT?
22     SO SAME FOR EXHIBITS.  IF IT WAS TIMELY DISCLOSED AND
23 WASN'T EXCLUDED IN ANY WAY, WHETHER IT WAS OR WAS NOT
24 INTRODUCED DURING THE TRIAL, IT'S FAIR GAME FOR THIS TRIAL.
25     AS FAR AS WITNESSES, IT DOES -- I AM LIMITING THE WITNESSES

| | |
|---|---|
| 1 | TO THE TOPICS FOR WHICH THEY WERE TIMELY DISCLOSED AND FOR |
| 2 | WHICH NO EXCLUSION ORDER WAS GRANTED. |
| 3 | OKAY?  IS THAT CLEAR AS MUD, OR WHAT -- |
| 4 | MS. MAROULIS:  YOUR HONOR, I HAVE A COUPLE OF |
| 5 | CLARIFICATIONS, IF IT'S OKAY. |
| 6 | THE COURT:  OKAY.  UM-HUM. |
| 7 | MS. MAROULIS:  WITH RESPECT TO WITNESSES, THERE WERE |
| 8 | SEVERAL DIFFERENT ITERATIONS OF THE WITNESS LIST. |
| 9 | THE COURT:  OKAY. |
| 10 | MS. MAROULIS:  I UNDERSTOOD WHAT YOUR HONOR JUST SAID |
| 11 | IS TO SAY THAT WHEN SAMSUNG SERVED ITS WITNESS LIST ON |
| 12 | JULY 7TH, THE FIRST LIST, AND ANYONE FROM THAT LIST WHO WAS NOT |
| 13 | STRICKEN LATER IN TRIAL CAN BE A WITNESS POTENTIALLY IN THIS |
| 14 | CASE.  IS THAT RIGHT? |
| 15 | MR. MCELHINNY:  TO REFRESH -- IF I MAY REFRESH YOUR |
| 16 | HONOR'S RECOLLECTION?  WE WENT THROUGH THREE ITERATIONS OF |
| 17 | WITNESS LISTS BECAUSE THE ORIGINAL SAMSUNG WITNESS LIST HAD |
| 18 | OVER 200 WITNESSES ON IT. |
| 19 | A SECOND ITERATION HAD THE PROPER NUMBER OF WITNESSES, BUT |
| 20 | HAD AN APPENDIX A ATTACHED WHICH INCLUDED THE 200 WITNESSES. |
| 21 | YOUR HONOR TOLD SAMSUNG THAT WAS NOT WHAT YOU HAD INTENDED, |
| 22 | AND EACH PARTY SUBMITTED A FINAL WITNESS LIST, AND THAT WAS THE |
| 23 | WITNESS LIST FOR WHICH WITNESSES WERE ALLOWED TO TESTIFY AT |
| 24 | TRIAL. |
| 25 | WHAT MS. MAROULIS SAYS SHE UNDERSTANDS YOU TO MEAN IS TO GO |

```
 1    USED, THEN IT WOULD BE HELPFUL TO DECIDE IT SOONER.
 2            MS. MAROULIS:  YOUR HONOR, I SUGGEST THAT WE DECIDE
 3    IT BEFORE TRIAL.
 4            THE COURT:  OKAY.  LET'S HAVE THAT BE PART OF THE
 5    MOTIONS IN LIMINE, WHICH ARE GOING TO BE DECIDED ON
 6    OCTOBER 17TH, PLEASE.
 7            MS. MAROULIS:  THANK YOU.
 8            THE COURT:  OKAY.  ALL RIGHT.  BUT THAT IS THE
 9    DEFAULT RULE, THAT IF IT WAS PREVIOUSLY ADMITTED, WE'RE GOING
10    TO GO AHEAD AND ADMIT IT NOW, IT'LL SAVE TIME AND BE SIMPLER,
11    AND NO NEW OBJECTIONS WILL BE ENTERTAINED.
12         OKAY.
13            MR. MCELHINNY:  I'M --
14            THE COURT:  LET'S TALK ABOUT TIME ALLOCATION.
15            MR. MCELHINNY:  BEFORE WE LEAVE THAT --
16            THE COURT:  YES?
17            MR. MCELHINNY:  I'M SORRY, YOUR HONOR.  BEFORE WE
18    LEAVE THAT, WE HAVE THE SAME WHICH LIST PROBLEM, BECAUSE,
19    AGAIN, THE LISTS GOT NARROWED, AND THE ORIGINAL LIST HAD OVER A
20    THOUSAND EXHIBITS ON IT, AND WE EVENTUALLY ENDED UP WITH A --
21            THE COURT:  FINAL.
22            MR. MCELHINNY:  THANK YOU.
23            THE COURT:  FINAL LIST.
24            MS. MAROULIS:  YOUR HONOR, WE HAVE ONE QUESTION
25    REGARDING THE EXHIBIT LIST.  AS YOU KNOW, APPLE CHANGED
```

1  EXPERTS. THEY HAVE NOW JULIE DAVIS AS THEIR EXPERT. MS. DAVIS
2  SUBMITTED A NUMBER OF NEW OPINIONS, WHICH IS THE SUBJECT OF A
3  MOTION THAT'S COMING UP, AND SAMSUNG WOULD RESPECTFULLY REQUEST
4  A DEPARTURE FROM THE SAME EXHIBITS RULE FOR THE SOLE PURPOSE OF
5  IMPEACHMENT OF MS. DAVIS, BECAUSE WHEN WE WERE WORKING WITH
6  MR. MUSIKA AND DEPOSING HIM AND DOING IMPEACHMENT AND WHATNOT,
7  WE WERE LIMITED TO ONE SET OF DOCUMENTS.
8       AND NOW THIS IS A NEW PERSON, A NEW EXPERT WHO HAS A NEW
9  SET OF OPINIONS AND IF WE'RE NOT ABLE TO USE ANY NEW DOCUMENTS
10  AT ALL TO CONTRADICT HER OPINIONS, UNLESS THEY'RE STRICKEN,
11  THAT WOULD BE PREJUDICIAL TO SAMSUNG.
12            THE COURT: IS THERE ANY OBJECTION FROM APPLE AS TO
13  THAT?
14            MR. MCELHINNY: THERE IS, YOUR HONOR.
15            THE COURT: WHAT'S THAT?
16            MR. MCELHINNY: I DON'T UNDERSTAND THE LOGIC THAT
17  THERE WOULD BE DIFFERENT IMPEACHMENT OF MS. DAVIS. MS. DAVIS
18  IS RESTRICTED TO GIVING MR. -- THE OBJECTION IS THAT THIS OPENS
19  THE WORLD TO ALL -- I MEAN, ALL OF A SUDDEN EVERY DOCUMENT --
20  THERE'S NO WAY FOR ME TO KNOW WHAT DOCUMENTS THEY'RE TALKING
21  ABOUT, WHAT THE UNIVERSE OF EXHIBITS BECOMES SUDDENLY.
22            THE COURT: UM-HUM.
23            MR. MCELHINNY: WE HAVE A WITNESS WHO'S BEEN -- AND
24  YOU'LL HEAR THE MOTIONS, YOU'LL SEE IT -- VERY STRICTLY, BY
25  YOUR HONOR'S ORDER, COMPELLED TO GIVE EXACTLY THE SAME OPINIONS

```
 1        THAT MR. MUSIKA GAVE --
 2             THE COURT:  UM-HUM.
 3             MR. MCELHINNY:  -- USING THE SAME METHODOLOGIES,
 4   USING THE SAME DOCUMENTS THAT HE USED, ESSENTIALLY.
 5        THE CONCEPT THAT THERE'S NEW IMPEACHMENT AND, THEREFORE,
 6   THERE'S THIS BIG GAPING HOLE IN THE EXHIBIT RULE -- TO DO IT IN
 7   THIS KIND OF A CONTEXT FOR A BROAD ORDER I THINK LOSES ALL
 8   CONTROL OF THE PROCESS.
 9             THE COURT:  WELL, I JUST WANT TO GIVE YOU SORT OF
10   BROAD GUIDANCE, AND THEN I'LL HAVE YOU MEET AND CONFER AND THEN
11   YOU CAN TEE IT UP FOR A LATER TIME.
12        BUT I DO THINK IF THERE IS IMPEACHMENT THAT IS SPECIFIC TO
13   MS. DAVIS, I DON'T KNOW, MAYBE SHE'S GOT A CHECK FRAUD
14   CONVICTION, I --
15             MR. MCELHINNY:  IT WASN'T ADMITTED IN THE FIRST
16   TRIAL, YOUR HONOR.
17        (LAUGHTER.)
18             THE COURT:  WELL, I'M ASSUMING MR. MUSIKA DIDN'T HAVE
19   THAT CONVICTION.  I DON'T KNOW.  MAYBE IT'S YOUR CONVICTIONS AS
20   WELL.
21        (LAUGHTER.)
22             THE COURT:  BUT IF THERE'S SOME SPECIFIC IMPEACHMENT
23   AS TO HER, I THINK IT'S ONLY FAIR THAT SAMSUNG BE ALLOWED TO
24   BRING THAT UP.
25        NOW, IF THEY'RE NOW GOING TO ATTACK THE LOST PROFITS
```

```
1      METHODOLOGY WITH HER OWN STATEMENT THAT'S CONTRARY, HER OWN
2      PUBLICATION THAT'S CONTRARY TO THAT STATEMENT, I THINK THAT'S
3      FAIR GAME, TOO.
4           NOW, IF IT'S OTHER THIRD PARTY TREATISE THAT THEY SHOULD
5      HAVE BEEN ABLE TO DISCOVER AND USE AGAINST MR. MUSIKA, THEN I
6      AGREE, WHATEVER THEY SHOULD HAVE FOUND THAT WOULD BE APPLICABLE
7      TO MR. MUSIKA SHOULD BE EXCLUDED.
8           BUT WHATEVER IS SPECIFIC TO MS. DAVIS, HER OWN SPEECHES,
9      HER OWN PUBLICATIONS, HER OWN CRIMINAL CONVICTIONS, WHATEVER IT
10     IS, I THINK THAT'S FAIR GAVE.
11          MR. MCELHINNY:  MAY WE HAVE A SPECIFIC DATE BY WHICH
12     THOSE ARE IDENTIFIED TO US SO THAT WE CAN FIND OUT WHAT THIS
13     UNIVERSE IS, YOUR HONOR?
14          THE COURT:  WELL, WHEN SHOULD THAT BE DECIDED?  I'M A
15     LITTLE BIT CONCERNED THAT IF A CMC TURNS INTO A MONSTER, I'M A
16     LITTLE BIT CONCERNED ABOUT OCTOBER 10 AND OCTOBER 17.
17       I WAS INITIALLY ENVISIONING ANY MOTION TO STRIKE FROM THE
18     EXPERT REPORT TO BE HEARD ON OCTOBER 10 WITH ANY DAUBERT
19     MOTION, AND THEN HAVING ANY MOTION IN LIMINE HEARD ON
20     OCTOBER 17.
21       SO WHEN DOES IT MAKE SENSE TO HAVE --
22          MS. MAROULIS:  YOUR HONOR, IT SEEMS LIKE PRETRIAL
23     CONFERENCE MATERIAL, SO IT WOULD BE HEARD AT THE PRETRIAL
24     CONFERENCE OF OCTOBER 17.
25          THE COURT:  THE 17TH?  OKAY.  I WAS GOING TO GIVE YOU
```