# EXHIBIT A
# PUBLIC REDACTED VERSION

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF JULIE L. DAVIS**<br><br>**Date**: October 10, 2013<br>**Time**: 1:30 p.m.<br>**Place**: Courtroom 8, 4th Floor<br>**Judge**: Hon. Lucy H. Koh<br><br>**PUBLIC REDACTED VERSION** |

PLEASE TAKE NOTICE that on October 10, 2013, at 1:30 p.m., or as soon as the matter may be heard by the Honorable Lucy H. Koh in Courtroom 8, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") shall and hereby do move pursuant to the Court's April 29, 2013 and August 22, 2013 Case Management Orders for an order striking portions of the Expert Report of Julie L. Davis, CPA.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the Declaration of Robert J. Becher ("Becher Decl.") and exhibits thereto; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

An order striking certain identified paragraphs, and the corresponding portions of the Expert Report of Julie L. Davis, CPA.

**STATEMENT OF ISSUES**

Whether the Expert Report of Julie L. Davis, CPA includes new theories, new methodologies, new data, and new damages periods.

DATED: August 30, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Victoria F. Maroulis
Attorney for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

**INTRODUCTION**

The Court ruled that "the sole purpose of the [new] trial is to correct for the erroneous notice dates" (Dkt. 2316 at 2-3), and the parties are thus limited to the theories raised in the first trial. *See, e.g.,* Becher Decl.[1] Ex. 4, 4/29/13 Hrg. Tr. at 67:17-21. The Court explicitly instructed that there can be "no variations other than the notice date." *Id.* at 65:12-21; *see also* 70:12-13 ("No new theories, no new methodologies, no new data, no new damages period."). Despite the Court's rulings, Apple's new expert, Ms. Davis, attempts to increase Apple's claimed damages by (a) presenting damages methodologies and damages periods that Mr. Musika did not discuss in his reports or at trial; (b) proffering opinions and calculations that the Court previously excluded; and (c) relying on exhibits and testimony that Mr. Musika did not cite in his report or discuss at trial. While the changes may look small on paper, they result in the addition of hundreds of millions of dollars in additional claimed damages, severely prejudice Samsung, and should be stricken.

**I.   MS. DAVIS'S NEW THEORIES SHOULD BE STRICKEN**

**A.   Ms. Davis's Lost Profits** ▮

Ms. Davis improperly changes Mr. Musika's method for calculating Apple's lost profits in order to claim over ▮ *more* than the amount of lost profits Apple sought at the first trial for the same 13 products at issue in the new trial. *Compare* Davis Rpt. Ex. 17.1-PT-H (▮ in lost profits for the 13 new trial products) *with* PX25A1.4 ($385,937,640 in lost profits for the same 13 products). Mr. Musika's method for calculating lost profits assumed that Samsung would design around Apple's asserted intellectual property, and that Apple should be entitled to lost profits only during those hypothetical design around periods. *See* Trial Tr. at 2084:3-19. Mr. Musika assumed those design around periods ▮

▮ Musika Rpt. ¶129.

---

[1] Copies of the Davis Report, Musika Report, and Supplemental Musika Report are attached as Exhibits 1-3 to the Declaration of Robert J. Becher ("Becher Decl.").

In contrast, Ms. Davis now includes calculations that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Davis Rpt. ¶93; Becher Decl. Ex. 5, 8/26/13 Davis Dep. Tr. at 110:5-12, 130:21-131:3. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ms. Davis increases Apple's lost profits claim by *more than $305 million*, as compared to her calculations using Mr. Musika's methodology where the design around period started as of the date of first infringement. *Compare* Davis Rpt. Ex. 17.1-PT-H (▮▮▮▮▮▮▮▮ in lost profits using new theory) *with* Ex. 17.1-PT-J (▮▮▮▮▮▮▮▮ in lost profits using Mr. Musika's original theory); Becher Decl. Ex. 5 at 134:12-20.[2]

The Court previously barred Mr. Musika from presenting the methodology that Ms. Davis now seeks to use, because it was not timely disclosed in his expert reports. Dkt. 1678, 1690. The Court held: "Mr. Musika did not timely disclose his calculations pursuant to an alternative two notice period theory." Dkt. 1690 at 2. Under Mr. Musika's excluded "two notice period theory," Apple sought to increase its claimed damages by shifting certain design around periods to start after first infringement, as Ms. Davis has done. *See, e.g.,* Davis Rpt. Ex. 17.2-PT-H, 17.2-PT-I.[3] The Court precluded Mr. Musika from doing so. Because the Court's ruling excluding Mr. Musika's alternate lost profits theory remains binding, Ms. Davis's new calculations should be stricken. *See* Dkt. 2316 at 2-3 (prior rulings on . . . evidentiary objections remain in effect as law of the case."); Becher Decl. Ex. 6, 8/21/13 Hrg. Tr. at 12:14-16 ("[A]nything that was previously

---

[2] Ms. Davis knew this would be a problem and thus included an alternative set of calculations that adhere to Mr. Musika's methodology, specifically Exhibits 17-PT-J and 17-PT-K. Tellingly, using her new methodology, Ms. Davis calculates lost profits ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ despite the fact that Mr. Musika did not—either in his reports or at trial. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[3] The "two notice period theory" is shorthand for the fact that shifting these design around periods results in two lost profits periods per product–one lost profits period for the '381 patent that starts on August 4, 2010, and one for other patents that starts on the filing of the complaint or amended complaint.

1 excluded . . . does not fall within the proper scope of this trial.").[4]

2     Ms. Davis's new approach is also contrary to Federal Circuit law.  When calculating lost
3 profits, courts look to whether noninfringing design arounds are available *starting on the date of*
4 *first infringement*—even if it is earlier than the notice date.  In *Grain Processing Corp. v.*
5 *American Maize-Products Co.,* 185 F.3d 1341, 1347 n.3 (Fed. Cir. 1999), the patent holder could
6 not recover damages for infringing sales prior to giving notice via filing its complaint in 1981,
7 because it did not mark its products.  The court found that because a non-infringing alternative
8 first used in 1991 could have theoretically been implemented in 1979, the defendant could have
9 completed its design around before receiving notice.  *Id.* at 1347-48.  Accordingly, the Federal
10 Circuit affirmed the denial of lost profits.  *Id.* at 1353-55.[5]

11     Likewise, in *Power Integrations, Inc. v. Fairchild Semiconductor Int'l.*, 711 F.3d 1348
12 (Fed. Cir. 2013), the Federal Circuit distinguished between (1) the bar on recovery of damages for
13 failure to mark or provide actual notice under 35 U.S.C. § 287, and (2) the hypothetical
14 reconstruction of the market for purposes of calculating lost profits, which takes place at the date
15 of first infringement regardless of actual notice.  *See id.* at 1378-1379 (finding error in a lost
16 profits award where the price erosion analysis used the date of actual notice, rather than the date of
17 first infringement).  As the Federal Circuit explained, "what the patentee would have made *but for*
18 *the infringement"* requires analysis of *"infringement-free* market conditions, and thus the proper
19 starting point of such a price erosion analysis is the date of first infringement."  *Id*. at 1379.[6]  Ms.

---

[4] This outcome is consistent with the Court's application of these rules to Samsung.  At the April 29, 2013 CMC, Samsung requested that it have "an opportunity to present to the jury different damages period." (Becher Decl. Ex. 4 at 81:14-16.)  Apple vociferously opposed (*id.* at 81:17-23) and the Court denied Samsung's request.

[5] Ms. Davis improperly relies on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  But the March 1 Order says nothing about the proper period to evaluate available non-infringing alternatives for lost profits purposes and should not be interpreted to contradict Federal Circuit precedent.

[6] In her reasonable royalty opinion, Ms. Davis acknowledges that design arounds should be considered as at the date of first infringement, as she must under governing law.  *See Wang Labs, Inc. v. Toshiba Corp.*, 993 F.2d 858, 869-870 (Fed. Cir. 1993) (hypothetical negotiations should be as of date of patent issuance, even if this was before the notice date); *Laserdynamics, Inc. v.*
(footnote continued)

1  Davis's attempt to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ violates this cardinal principle by assuming

2  that Samsung ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

3        Accordingly, Ms. Davis's new opinions that move the start of the hypothetical design

4  around periods should be stricken as new, contrary to the Court's orders, and inconsistent with

5  Federal Circuit precedent.

6       **B.**    <u>**Ms. Davis's New Opinion on Apple's Sales Capacity Should Be Stricken**</u>

7        In her report, Ms. Davis concedes that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

8  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

9  Nonetheless, she asserts that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

10  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id*. At her deposition, Ms. Davis clarified that this includes ▬

11  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

12  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

13  ▬ This ▬▬▬▬▬▬ opinion is entirely new.  It is nowhere to be found in Mr. Musika's reports,

14  deposition transcript, or trial testimony.  Indeed, Mr. Musika agreed at trial that Apple had no

15  capacity to make *any additional sales* of the iPhone 4 from June through October 2010.  Trial Tr.

16  at 2141:13-2142:14 ("Q.  And this is a time [June-October 2010] when Apple couldn't even

17  service its own customers for the iPhone 4; correct?  A. [Mr. Musika]  Well, yes, with the iPhone

18  4.  They had available iPhones, but not the iPhone 4.").  At no point did Mr. Musika say that

19  Apple could have ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ as Ms. Davis now asserts for the first time.  Ms.

20  Davis's new opinion should be stricken.

21       **C.**    <u>**Ms. Davis's New Infringer's Profits Theories Should Be Stricken**</u>

22        At trial, Apple sought infringer's profits solely based on Samsung's *gross profits*.  Now,

---

24-28  *Quanta Computer, Inc.*, 694 F.3d 51, at 75 (Fed. Cir. 2012) (the six year limitation on recovery of past damages does not preclude the hypothetical negotiation from taking place on the date infringement started, even if damages cannot be collected until a later time) (citing *Wang*, 993 F.2d at 870).  *Panduit Corp. v. Stahlin Bros. Fibreworks, Inc.,* 575 F.2d 1152, 1156 (6th Cir. 1978), recognized that the date for evaluating noninfringing substitutes for a lost profits analysis is the date of first infringement, the same as the date for evaluating a hypothetical negotiation.  *Id.* at 1162.  Indeed, the *Panduit* court's analysis of non-infringing substitutes for purposes of assessing lost profits and a reasonable royalty was one and the same.  *Id.* at 1156, 1161, 1162.

1  Apple seeks to inflate its potential damages by presenting two additional theories of infringer's
2  profits—███████████████████████████████████████████████████████████
3  Mr. Musika never calculated infringer's profits equal to Samsung's "incremental profit" on
4  a product-by-product basis in his expert reports or at trial. *See* Musika Rpt. ¶151 ████████
5  ████████████████████████████████ Becher Decl. Ex. 5 at 274:4-19, 276:16-24.  Mr.
6  Musika did not even mention "incremental profits" to the jury.  Trial Tr. at 2031-2172.  Yet, Ms.
7  Davis now calculates infringer's profits for each of the 13 products at issue in the new trial based
8  on ███████████████████████████ *See, e.g.,* Davis Rpt. Ex. 17.1-PT-I; *see also id.* at Ex.
9  50.1-PT - Ex. 50.9-PT.

10  Apple has claimed that Ms. Davis's ████████████ theory is not new because she used
11  Mr. Musika's methodology.  But Mr. Musika only calculated overall ████████████████ for
12  *all* Samsung products (including non-accused products).  *See* Musika Rpt. Ex. 50-S; Trial Tr. at
13  2058:4-6 (admitting that PX28 (identical to Ex. 50-S) shows "the numbers for the overall entity,"
14  and includes "other sales of non-accused items.").  Mr. Musika *never* calculated ████████
15  ████████████████████████████████████████████████████████████████
16  ████████████████████████████████ Ms. Davis now does both.  Her new ████████
17  ████████████ theory—which calculates as much as ████████████████████████
18  ████████████████████████████████████████████████████████████████
19  ████████████ should be stricken.

20  Ms. Davis's presentation of infringer's profits based on ████████, *see, e.g.*, Davis Rpt. Ex.
21  17-PT-H, Ex. 18-PT-H, is inconsistent with Apple's assurances that it would present "the same
22  calculation of deductible expenses."  Becher Decl. Ex. 4 at 59:21-62:12.  Although Mr. Musika's
23  expert report included calculations of Samsung's revenue, at trial, Mr. Musika presented
24  infringer's profits as equal to Samsung's *gross profits*.  *See* Trial Tr. at 2053:17-2055:16.  Mr.
25  Musika did not dispute that Samsung was entitled to deduct at least *some* costs.  *Id.* at 2063:23-24;
26  *see also id.* at 2066:18-19 (in deducting costs, he "stop[ped] at the gross profit line").

27  **D.**    **The Court Should Strike Ms. Davis's New Descriptions of the Utility Patents**
28  Ms. Davis's descriptions of the '381, '915 and '163 patents (Davis Rpt. ¶¶27-29) differs

dramatically from Mr. Musika's descriptions (Musika Rpt. ¶¶11, 13, 15). As shown by the redline comparing the experts' descriptions of the patents, her descriptions broaden and change the scope of the patented technology. Becher Decl. Ex. 7. This unjustified change should not be allowed.

### E. Ms. Davis Offers Opinions That Have Already Been Excluded

During the first trial, the Court barred Apple from offering testimony that Samsung "[v]iolated court orders to produce financial records," and limited Apple to asking Mr. Musika a single leading question related to Samsung's discovery conduct. Dkt. 1668 at 1-2. Yet, Ms. Davis purports to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See, e.g.,* Davis Rpt. ¶¶145, 147-148, 152-155. Additionally, in its *Daubert* ruling, the Court excluded Mr. Musika's opinion that Apple suffered irreparable harm as a result of Samsung's alleged infringement, and his opinion that Samsung's cost data failed to meet Samsung's burden of proving deductible expenses. Dkt. 1157. Ms. Davis revives both of these opinions by devoting an entire section of her report to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Davis Rpt. ¶¶74-88) and opining on ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (*id.* at ¶162). The Court should enforce its prior rulings and strike these opinions. *See* Dkt. 2316 at 2-3 ("prior rulings on . . . evidentiary objections remain in effect as law of the case.").

## II. THE COURT SHOULD STRIKE MS. DAVIS'S RELIANCE ON NEW EVIDENCE

Ms. Davis relies on dozens of documents that Mr. Musika did not cite in his reports or at trial. For example, while Mr. Musika's lost profits analysis relied on the documents listed in Exhibits 24 and 25 to his original report as evidence of demand for the patented products (Musika Rpt. ¶¶121-122; *see also* Musika Supp. Rpt. Ex. 24-S), Ms. Davis cites numerous additional documents.[7] Ms. Davis relies on this evidence ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

---

[7] *See* Davis Rpt. ¶¶106, 134, 136, 137, 41-42, 58-60 (citing SAMNDCA00214969, SAMNDCA10246338, PX58, PX60, PX62, PX55, PX2261, PX186, PX21A, PX7, PX8, PX3, PX6 and PX174).

1  ████████████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████████████

3  ███ even though Mr. Musika's reports did not cite these materials.[8] All these references should
4  be stricken. *See* Becher Decl. Ex. 6 at 20:24-21:4 (acknowledging that the Court's order
5  "compelled [Ms. Davis] to give exactly the same opinions that Mr. Musika gave . . . using the
6  same documents he used").

7  Ms. Davis also relies extensively on testimony not cited by Mr. Musika in his reports or at
8  trial. *First*, Ms. Davis cites deposition transcripts and declarations that do not appear anywhere in
9  Mr. Musika's reports—including the declaration of Eric Roberts, a Morrison Foerster employee
10  who was never deposed in this case.[9] *Second*, Ms. Davis relies on the trial testimony of several
11  individuals, including Scott Forstall, Chris Stringer, Russell Winer, Susan Kare, Peter Bressler,
12  and Dong Hoon Chang, none of whom were even mentioned in Mr. Musika's reports or trial
13  testimony. Davis Rpt. ¶¶135, 136. *Finally*, Ms. Davis belatedly addresses testimony that Mr.
14  Musika did not respond to at trial. *Id.* (Junyeun Wang); *see also id.* at ¶165 (Tim Sheppard).
15  Because Apple chose not to recall Mr. Musika for further testimony at the conclusion of
16  Samsung's case, Ms. Davis should not be permitted to address this testimony.

17  Finally, Mr. Musika testified at trial about just four trial exhibits.[10] Trial Tr. at 2031-2172
18  (testimony limited to PX25A1, PX28, PX34 and PX194). In contrast, Ms. Davis refers to dozens
19  of documents about which Mr. Musika did not testify, and which are directed to liability issues,
20  rather than damages. *See, e.g.*, Davis Rpt. ¶¶132, 166, 254-256. Apple's transparent strategy is to
21  introduce its entire liability case through Ms. Davis. Such testimony is impermissible.

---

[8] Davis Rpt. ¶133 (citing APLNDC-Y0000146961, APLNDC-Y0000233381, APLNDC-Y0000234932, APLNDC-Y0000235973, PX142, PX11, PX12, PX13 and PX127).

[9] Davis Rpt. at ¶147 (citing 2/28/12 Decl. of Eric R. Roberts); *id.* at ¶¶152-153 (3/31/12 Depo. of Jaehwan Sim).

[10] Samsung understands the Court's order as limiting Ms. Davis's trial testimony to the evidence Mr. Musika presented to the jury at trial. *See, e.g.,* Becher Decl. Ex. 4 at 41:18-42:5 (the new trial is to be "a very simply change of Mr. Musika's exhibits to start from the correct date"). If Samsung's understanding of the Court's order is incorrect, both sides' damages experts should be permitted to rely on exhibits discussed in reports but not presented to the jury.

1  DATED: August 30, 2013                QUINN EMANUEL URQUHART &
2                                         SULLIVAN, LLP

3

4                                         By /s/ *Victoria F. Maroulis*
                                            Charles K. Verhoeven
5                                           Kevin P.B. Johnson
                                            Victoria F. Maroulis
6                                           William C. Price
                                            Michael T. Zeller
7
                                            Attorneys for SAMSUNG ELECTRONICS
8                                           CO., LTD., SAMSUNG ELECTRONICS
                                            AMERICA, INC. and SAMSUNG
9                                           TELECOMMUNICATIONS AMERICA, LLC