HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF CYNDI WHEELER IN SUPPORT OF SAMSUNG'S MOTION TO SEAL** |

**PUBLIC VERSION**

**EXHIBITS A, B AND C SUBMITTED UNDER SEAL**

I, Cyndi Wheeler, hereby declare as follows:

1. I am an attorney for Apple Inc. ("Apple"). I submit this declaration in support of Samsung's Corrected Administrative Motion to File Documents Under Seal ("Samsung's Motion to Seal") (Dkt. No. 2390) pursuant to Local Rules 7-11 and 79-5. I have personal knowledge of the matters set forth below. If called as a witness I could and would competently testify as follows.

2. **Samsung's Motion to Strike** (Dkt. No. 2391-1) contains, at page 4 under the heading, "B. Ms. Davis's New Opinions on Apple's Sales Capacity Should Be Stricken," references to Apple's production capacity from the Expert Report of Julie L. Davis, CPA and Ms. Davis's deposition. The redactions Samsung implemented in its public redacted version under that heading adequately cover this information.

3. **Exhibit 1 to the Declaration of Robert J. Becher in Support of Samsung's Motion to Strike** ("Becher Decl.") consists of the Expert Report of Julie L. Davis, CPA (as of 8/23/2013). **Exhibit 2 to the Becher Decl.** consists of the March 22, 2012 Expert Report of Terry L. Musika, CPA. **Exhibit 3 to the Becher Decl.** consists of the May 8, 2012 Supplemental Expert Report of Terry L. Musika, CPA. These three documents contain confidential Apple financial information, confidential Apple production capacity information, and third-party IDC's confidential market research information. Exhibits 1 and 2 also contain information regarding royalty and payment-related portions of license agreements. Proposed redactions are submitted herewith as **Exhibits A, B, and C**, respectively.

4. **Exhibit 5 to the Becher Decl.** consists of excerpts from the transcript of the August 26, 2013 deposition of Julie L. Davis, and includes confidential Apple production capacity information. The redactions Samsung implemented in its public redacted version on pages 166-68 and 240 adequately cover this information. (Dkt. No. 2386-6.)

5. Apple previously moved to seal the types of information contained in these documents. The expert reports filed as Exhibits 2 and 3 to the Becher Decl. were both at issue in Apple's Motion to Seal Prior Motions and Exhibits Thereto (Dkt. No. 1499) filed at the beginning of trial in July 2012. Apple provided a detailed supporting declaration at that time from its Vice

DECLARATION OF CYNDI WHEELER IN SUPPORT OF SAMSUNG'S MOTION TO SEAL
CASE NO. 11-CV-01846-LHK (PSG)
sf-3328582

1

1  President of Worldwide Planning and Analysis, Jim Bean. (Dkt. No. 1502.) The information in
2  Exhibit 1 to the Becher Decl. is highly similar, and in some cases identical, to the information in
3  Exhibits 2 and 3 to the Becher Decl. The information in Samsung's Motion to Strike and Exhibit
4  5 to the Becher Decl. is of the same type as the capacity information in Exhibits 1-3.

5  6. As Mr. Bean stated in his 2012 declaration, Apple goes to extensive lengths to
6  protect the confidentiality of its financial data, which is on par with source code from a
7  confidentiality perspective. Profits and capacity information are among the most highly
8  confidential of Apple's financial documents. Armed with capacity information, Apple's
9  competitors could predict when Apple is more likely to have constrained capacity in order to
10 increase production of competing products, or lower prices of competing products when Apple is
11 more likely to have excess capacity and be more vulnerable to a price cut. Manufacturers with
12 Apple's capacity data would be able to harm Apple by negotiating exorbitant rates with unfairly
13 gained knowledge. Profit/loss information would give competitors a substantial advantage over
14 Apple as competitors could tailor offerings and pricing to undercut Apple.

15 7. Mr. Bean also discussed the confidentiality of license agreements. (Dkt. No. 1502
16 ¶ 9.) As Mr. Bean stated, publication of pricing terms, royalty rates, or other payment-related
17 terms could result in significant competitive harm to Apple and the third parties involved in the
18 license agreements, as this information could be used by other parties in future licensing
19 negotiations to gain an unfair and uneven bargaining position.

20 8. The above information is highly confidential and trade secret information. If
21 disclosed, the information in the materials described above could be used by Apple's competitors
22 to Apple's disadvantage. The requested relief is necessary and narrowly tailored to protect the
23 confidentiality of this information.

24 9. Apple previously moved to seal IDC material and supported its request with a
25 declaration. (Dkt. No. 1408-2.) As Apple explained, Apple is contractually obligated to defend
26 the interests of third parties who sell Apple their proprietary consumer and market studies, and
27 disclosure of this material would severely harm such third parties and damage Apple's
28

1  relationship with them.  Each report sold by a company such as IDC costs thousands of dollars,
2  and public disclosure would completely supplant the market for that report.
3       10.   Apple does not maintain any claim of confidentiality as to Samsung's Motion
4  Pursuant to Fed. R. Evid. 702 With Respect to Julie Davis's Qualifications (Dkt. No. 2385-3) or
5  Samsung's Proposed Order Granting Samsung's Motion to Strike.
6       I declare under penalty of perjury that the foregoing is true and correct.  Executed this 6th
7  day of September, 2013 at Cupertino, California.

             */s/ Cyndi Wheeler*
             Cyndi Wheeler

DECLARATION OF CYNDI WHEELER IN SUPPORT OF SAMSUNG'S MOTION TO SEAL
CASE NO. 11-CV-01846-LHK (PSG)
sf-3328582

3

**ATTESTATION OF E-FILED SIGNATURE**

I, Richard S.J. Hung, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Cyndi Wheeler has concurred in this filing.

Dated: September 6, 2013            */s/ Richard S.J. Hung*
                                                                Richard S.J. Hung