UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation<br><br>Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO. LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 11-CV-01846 LHK (PSG)<br><br>**ORDER GRANTING RENEWED MOTIONS TO SEAL**<br><br>(**Re: Docket Nos. 2228, 2231, 2250, 2268**) |

On February 1, 2013, the court issued an omnibus order granting-in-part and denying-in-part myriad sealing requests by both Apple, Inc. ("Apple") and Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") filed in the first suit between the two parties.[1]  Following that order, both Apple and Samsung filed renewed motions to seal various documents that the parties each asserted contained highly confidential business information.[2]  Samsung also moved to stay the February 1

---

[1] *See* Docket No. 2222.

[2] *See* Docket No. 2228 (Apple's renewed motion to seal); Docket No. 2231 (Samsung's renewed motion to seal).

1
Case No: 11-CV-01846 LHK
ORDER GRANTING RENEWED MOTIONS TO SEAL

order, which the court granted pending its resolution of Samsung's renewed request.[3] Apple subsequently filed a "corrected" renewed motion to seal.[4] Third-parties Interdigital Holdings, Inc., Interdigital Technology, Inc., and IPR Licensing, Inc. (collectively, "Interdigital") moved to seal a licensing agreement between Interdigital and Apple.[5] The court now briefly addresses the renewed motions to seal.

At the outset, the court must acknowledge the Federal Circuit's recent directive regarding sealing requests in this very case. Following Apple and Samsung's appeal of two orders from Judge Koh denying their requests to seal similar financial information, the Federal Circuit determined that Apple and Samsung had made a sufficient showing of harm that was not outweighed by the public's interest in this case.[6] The court therefore considers the renewed motions to seal with the Federal Circuit's direction in mind.

In its February 1 order, the court found that even though the documents at issue were subject to the lower good cause standard applicable to non-dispositive motions,[7] Apple and Samsung had failed to make a particularized showing that certain confidential financial and licensing information they wanted sealed in fact would be harmful if published.[8] In the respective renewed motions, Apple, Samsung, and Interdigital offer further descriptions of the harm that would befall each of them if the financial and licensing information at issue lost its confidential status.[9] Apple also points out that at least two exhibits for which the court denied sealing requests

---

[3] *See* Docket Nos. 2230, 2232.

[4] *See* Docket No. 2250.

[5] *See* Docket No. 2268.

[6] *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, --- F.3d ---, 2013 WL 4487610 (Fed. Cir. 2013).

[7] *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)

[8] *See* Docket No. 2222.

[9] *See* Docket Nos. 2230, 2250, 2268.

2
Case No: 11-CV-01846 LHK
ORDER GRANTING RENEWED MOTIONS TO SEAL

include source code.[10]  In light of the parties' additional explanations and the Federal Circuit's recent instruction, the court finds that sealing the various financial and source code documents is warranted.

Accordingly, Samsung's renewed motion to seal is GRANTED,[11] Apple's corrected renewed motion to seal is GRANTED,[12] Interdigital's motion to seal is GRANTED,[13] and Apple's original renewed motion[14] is DENIED AS MOOT in light of Apple's corrected motion.  To the extent that Apple and Samsung offered redacted versions of the exhibits at issue, Apple and Samsung shall file those redacted versions on the public docket within fourteen days.  The parties also shall comply with General Order No. 62 with regards to filing the various documents under seal.

**IT IS SO ORDERED.**

Dated: September 11, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[10] *See* Docket No. 2250.

[11] *See* Docket No. 2231.

[12] *See* Docket No. 2250.

[13] *See* Docket No. 2268.

[14] *See* Docket No. 2228.

3
Case No: 11-CV-01846 LHK
ORDER GRANTING RENEWED MOTIONS TO SEAL