# EXHIBIT 1
# Public Redacted Version

**Chart Responding to Apple's Motion to Strike, Pursuant to the Court's August 22, 2013 Case Management Order**

| Wagner's 08/26/13 Report | Apple's Purported Basis to Strike | Samsung's Response |
|---|---|---|
| ¶ 8 | Reference to post-trial declarations of Michael Wagner submitted in connection with post-trial motions regarding judgment as a matter of law, enhanced damages, and injunctive relief. **New sources, new data.** | **Rebuttal to excluded Davis opinions.** This paragraph identifies each report and declaration Mr. Wagner has submitted in this case. The majority of the information in the declarations was incorporated into Mr. Wagner's April 2012 Report. To the extent post-trial declarations are identified, they are intended to respond to the section of Ms. Davis's report devoted to Apple's alleged "irreparable harm." *See* **Davis Rpt. ¶¶ 74-88**. To the extent Ms. Davis is entitled to address "irreparable harm," despite its prior exclusion by the Court **(Dkt. 1157 at 13:21-25)**, Mr. Wagner should be entitled to respond by relying on his post-trial declarations. |
| ¶¶ 24-27, 38, 40-41 | New opinions regarding alleged design-arounds to Apple's patents based on 2012 and 2013 patent reexaminations and other post-trial sources. **New opinions, new sources, new data. New design-around theories.** | **No new opinions or data.** Mr. Wagner addressed design around theories for both the '381 and '915 patents in his April 2012 report and at trial. **April 2012 Rpt. ¶¶ 439-443, 465-468; Trial Tr. 3035:11-3036:16, 3053:18-3056:18** Moreover, with respect to Mr. Wagner's citation to reexamination materials, Apple should not be permitted to represent the scope of the patent one way to the USPTO, and represent it in a much broader way to the jury. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001). Fundamental fairness requires that Apple be held to its representations to the USPTO. *See* **8/21/13 CMC Tr. at 45:10-12** ("As noted by the Supreme Court . . . the central function of a trial is to discover the truth".) Finally, paragraphs 38 and 41 are supported not only by reexamination materials but also by the trial evidence cited in paragraph 39, which Apple does not allege is new and does not challenge. Thus, paragraphs 38 and 41 should not be stricken even under Apple's erroneous arguments. |
| ¶ 92 | New opinion that lost profits should purportedly be based on the iOS operating system and not on the patented products. **New opinions, new sources, new data.** | **No new opinions, sources or data.** With the exception of changing the references to the expert and the IP references, this paragraph is identical to a paragraph in Mr. Wagner's prior report. *See* **April 2012 Rpt. ¶ 113.** |
| ¶¶ 137-139 | New opinions based on post-trial declarations and depositions (including deposition and declaration of Marylee Robinson and the declaration of Michael Wagner submitted in connection with post-trial motions regarding enhanced damages and injunctive relief). **New opinions, new sources, new data.** | **No new opinions or data.** Mr. Wagner's April 2012 Report included two entire sections on the lack of any connection between Apple's patented features and designs, and demand for the accused Samsung products. **April 2012 Rpt. ¶¶ 88-110, 121-161.** Mr. Wagner also testified to this at trial. **Trial Tr. 3038:20-3042:16, 3043:8-3044:13, 3045:10-3046:10, 3056:19-25.** Moreover, Samsung consented to the substitution of Ms. Davis as Apple's damages expert in light Mr. Musika's passing. At the August 21, 2013 CMC, the Court ruled that Samsung is permitted to use new impeachment evidence specific to Ms. Davis. **8/21/13 CMC Tr. at 21:22-24**. Ms. Davis states that she "worked with Invotex," and relies on two post-trial declarations by Ms. Robinson. **Davis Rpt. ¶ 13, Exhibit 3-PT.** Given the Court's ruling, and Ms. Davis's reliance on Ms. Robinson's post-trial declarations, Mr. Wagner should be able to rely on the same declarations and deposition transcript. |
| ¶¶ 144-145 | New opinions and sources regarding consumers' alleged willingness to delay purchase of smartphones. **New opinions, new sources, new data.** | **No new opinions, sources or data.** Mr. Wagner expressed the same opinion in his April 2012 Report. **April 2012 Rpt. ¶¶ 165-166.** Moreover, the sources cited were in Mr. Wagner's prior reports. *See:*<br>*FN 279-280*: Figure 30 was Figure 37 in the April 2012 Report.<br>*FN 281*: [5.29] was discussed in paragraph 184 of the April 2012 Report.<br>*FN 284*: Schedule 6.3 and document no. [3.24] were both in the April 2012 Report.<br>*FN 282*: this footnote just references Ms. Davis's calculations.<br>*FN 283-284*: Schedule 6.3-NT includes the same data as in the April 2012 Report Schedule 6.3 (announcement date and launch date).<br>*FN 284*: In addition to Schedule 6.3, references [3.24], which was included in the April 2012 Report as [3.36] and cited in Schedule 6.3 to same.<br>*FN 285*: The sales numbers in Schedule 15.1-NT were included in Schedule 15.1 to the April 2012 Report. The former has merely been updated through June 30, 2012. |

**Chart Responding to Apple's Motion to Strike, Pursuant to the Court's August 22, 2013 Case Management Order**

| Wagner's 08/26/13 Report | Apple's Purported Basis to Strike | Samsung's Response |
|---|---|---|
| ¶¶ 181-182 & Schedules 30.1-NT – 30.6-NT | New damages calculations based on new notice dates and new notice theories inconsistent with those set forth in the Court's March 1 Order re: Damages. **New opinions, new sources, new data. New methods to calculate damages.** | **No new opinions, sources, data or methods.** Mr. Wagner's April 2012 Report calculated damages for the period starting April 15, 2011, and alternatively, for the period starting June 16, 2011.  *See* **April 2012 Rpt., Schedule 4.2**. <u>Mr. Wagner uses exactly the same methodology in his August 23, 2013 report.</u>  Moreover, nothing in Mr. Wagner's methodology is inconsistent with the Court's March 1 Order re: Damages.  In the Order, the Court determined "the earliest notice dates supported by the evidence" from the first trial.  *See* **Dkt. 2271 at 18:12-13**.  The Court did not purport to determine the disputed factual issue as to whether these *were* in fact the dates Apple provided actual notice to Samsung.  It was solely addressing the earliest possible notice dates supported by the evidence in the first trial.  The actual notice dates for the products at issue in the new trial is a disputed factual issue for the new jury to decide.  **Dkt. 1206-1 at 26:13-14; Dkt. No. 1157 at 13:17-18.**<br><br>Apple cites Schedules 30.1-NT - 30.6-NT, which are not referenced in challenged paragraphs 181-182.  Ms. Davis assumes that the dates the Court has determined to be the "earliest possible notice dates" are the actual notice dates.  Mr. Wagner's Schedules 30.1-NT - 30.6-NT merely adjust Ms. Davis's calculations assuming the alternative notice dates discussed in paragraphs 181-182, which are not inconsistent with the Court's March 1 Order re: Damages. |
| ¶¶ 183-184 & Schedule 29-NT | New calculation based on claim that notice for the D'677 Patent did not occur until June 16, 2011. The new calculation contradicts Wagner's prior trial exhibit (DX781), which identified the Infuse 4G notice date as April 15, 2011, and also contradicts the Court-ordered notice dates. **New methods to calculate damages.** | **No new methods to calculate damages**.  *See* Samsung's response immediately above.  Moreover, Mr. Wagner does not calculate damages "based on claim that notice for the D'677 Patent did not occur until June 16, 2011."  Rather, Mr. Wagner includes one calculation assuming that Samsung received notice for the Infuse 4G from June 16, 2011.  The same calculation was included in Mr. Wagner's April 2012 Report.  *See* **April 2012 Rpt., Schedule 4.2 & Schedule 5.5 for Samsung's profits, and Schedule 2.1 for alternative reasonable royalty**.  Finally, contrary to Apple's claim, DX781 included calculations for the Infuse 4G based on a June 16, 2011 notice date.  *See* **DX781.005-.006**.  Indeed, Mr. Wagner explained at trial that DX781 included alternative notice dates for different products.  *See* **Trial Tr. at 3033:23-3034:7.** |
| ¶ 183 n.363 & Schedules 19-NT – 9.4-NT, 31-NT – 31.4-NT | New opinions on damages based on Wagner's "adjust[ing] the jury's findings" by "reverse engineering" the August 24, 2012, jury verdict. (Olson Decl. Ex. B at 945:13-946:19, 951:6-16.) **New opinions, new sources, new data. New method to calculate damages.** | **Change based solely on jury verdict.**  These calculations derive directly from the jury's damages awards and the Court's analysis thereof in its March 1 Order re: Damages. |

**Chart Responding to Apple's Motion to Strike, Pursuant to the Court's August 22, 2013 Case Management Order**

| Wagner's 08/26/13 Report | Apple's Purported Basis to Strike | Samsung's Response |
|---|---|---|
| ¶¶ 189-190, 198-204, Figure 21 & Schedules 15.3-NT – 15.4-NT | New opinions based on new sources and data regarding the retail pricing of Samsung's infringing products and alleged changes in average selling price from 2010 to 2011. Prior reports did not address differences in retail pricing and focused on wholesale pricing, also referred to as "average selling price" or "ASP." (Cf. April 20, 2012 Corrected Expert Report of Michael J. Wagner (previously filed under seal at Dkt. No. 999-18; courtesy copies provided with the Olson Declaration for convenience) ("April 2012 Report") ¶¶ 196-197.) **New opinions, new sources, new data.** | **No new opinions or data**. Contrary to Apple's assertion, Mr. Wagner's April 2012 Report and trial testimony addressed retail pricing, not just wholesale pricing. *See* **April 2012 Rpt. ¶¶ 195 - 199, 413, Figs. 30-31.**<br><br>With respect to challenged paragraphs 189-190, Apple retail prices were discussed in paragraph 198 of Mr. Wagner's April 2012 Report.<br><br>With respect to challenged paragraphs 199-200, Figure 21, and Schedules 15.3-NT - 15.4-NT, these correspond to Figure 42 and Schedules 15.1 and 15.2 in Mr. Wagner's April 2012 Report, and have been modified solely based on the limited products at issue in the New Trial and Ms. Davis's new design around periods.  *See* **Dkt. 2391-1 at 1:14-4:5.**<br><br>With respect to challenged paragraphs 198, 201, & 202, the data and sources used were included in Mr. Wagner's April 2012 Report.  *See:*<br><br>Challenged Paragraph 198:<br>*FN 410*: [13.9] was included and discussed in paragraphs 97, 145, 195, 197, 199, 356-357, 359, and 363-364 of the April 2012 Report.<br>*FN 411*: [3.31] was included as [3.33] in the April 2012 Report and cited in Schedule 6.3 of same.<br><br>Challenged Paragraph 201:<br>*FN 41*5: [3.9] was discussed in paragraph 83 of the April 2012 Report.<br>*FN 416*: [3.31] was included as [3.33] in the April 2012 Report and cited in Schedule 6.3 to same.<br>*FN 417*: [3.30] was cited in Schedule 6.3 to the April 2012 Report.<br>*FN 419*: [3.25] was included as [3.35] to the April 2012 Report and cited in Schedule 6.3 to same. |
| (Continued) | (Continued) | Challenged Paragraph 202:<br>*FN 420*: Figure 21 is Figure 42 in the April 2012 Report.<br>*FN 421-424*: [4.16] was discussed in paragraphs 255, 510, and 514 of the April 2012 Report.<br><br>With respect to challenged paragraph 203, this corresponds to paragraph 207 of Mr. Wagner's April 2012 Report.<br><br>With respect to challenged paragraph 204, this simply re-states Mr. Wagner's conclusion and is not new. |

3

**Chart Responding to Apple's Motion to Strike, Pursuant to the Court's August 22, 2013 Case Management Order**

| Wagner's 08/26/13 Report | Apple's Purported Basis to Strike | Samsung's Response |
|---|---|---|
| ¶¶ 205-208 & Figure 22 | New opinions based on new data regarding features in the Infuse 4G, Captivate, Continuum, Droid Charge and Exhibit 4G. **New opinions, new sources, new data.** | **No new opinions, sources or data.** Mr. Wagner's declaration in support of Samsung's opposition to Apple's preliminary injunction motion -- which was incorporated by reference in his April 2012 Report -- contained a discussion of features of the Infuse 4G and Droid Charge. *See* Dkt. 173 at ¶¶ 92-96. Mr. Wagner's declaration also discussed the phone attributes that Apple now seeks to strike, including screen quality, screen size, screen type, processor performance, Android operating system, 4G/LTE capability, network speed, front and rear cameras; mobile hotspot capabilities, and good battery life. *See id.* at ¶¶ 88-96. Moreover, Mr. Wagner's April 2012 Report contained a discussion of Samsung's AMOLED technology as a distinguishing feature of the accused products, including the Infuse 4G, Droid Charge, and Galaxy Tab 7. *See* **April 2012 Rpt. ¶¶ 512-518**. Mr. Wagner also testified at trial about several of these important features, including larger screens, screen quality, processor speed, 3G and 4G capability. *See* **Trial Tr. 3041:11-23, 3044:7-13**. Finally, Mr. Wagner's discussion of these attributes in specific products is a reflection of the dramatically reduced number of products now at issue (13), as compared to the first trial (28).<br><br>Contrary to Apple's contention, Mr. Wagner's sources and data are not new. *See*: |
| (Continued) | (Continued) | Challenged Paragraph 206:<br>*FN 425*: [15.37] was cited in Schedule 6.3 to the April 2012 Report.<br>*FN 426*: [3.26] was cited in Schedule 6.3 to the April 2012 Report.<br>*FN 427-428*: [3.24] was included as [3.36] in the April 2012 Report and cited in Schedule 6.3 to same.<br>*FN 429, 433 & 434*: [4.16] was discussed in paragraphs 255, 510, and 514 of the April 2012 Report.<br>*FN 430*: [3.9] was discussed in paragraph 83 of the April 2012 Report.<br>*FN 431-432*: [3.6] was included as [3.37] in the April 2012 Report and cited in Schedule 6.3 to same.<br>*FN 435*: [3.23] was discussed paragraph 99 of the April 2012 Report.<br><br>(Paragraphs 205, 207, and 208 do not have footnotes.)<br><br>Figure 22 simply contains pictures of four of the products at issue in the New Trial (JX1012, JX1014, JX1024, and JX1026). |
| ¶¶ 232-237 & Figure 23 | New theory regarding a white or gray version of the Infuse 4G as a design-around for the D'677 Patent. (See Olson Decl. Ex. B at 814:2-815:6.) **New design-around theories.** | **No new theories.** Mr. Wagner addressed design around theories for Apple's design IP (including the D'677 Patent as one of the Electronic Device Design Patents) in his April 2012 report. *See* **April 2012 Rpt. ¶¶ 475-487**. Mr. Wagner also discussed design around theories for Apple's design IP at trial. *See* **Trial Tr. at 3036:17-3038:19**. The challenged design around is just a specific example of the multitude of design arounds discussed for the design IP in paragraphs 475 - 479 and 484 - 487 of the April 2012 Report based on the dramatic narrowing of the IP Samsung was found to infringe and the limited IP now at issue. For example, the Infuse 4G was formerly accused of infringing/diluting 18 Apple design IP elements, whereas it was found to infringe just two. |
| ¶¶ 248-252 | New opinions regarding the meaning of fixed versus variable costs and their relationship to direct and indirect costs. **New and modified opinions on expenses and financial data.** | **No new or modified opinions.** Mr. Wagner's discussion of fixed versus variable costs can be found in paragraphs 29-33 of his May 11, 2012 Supplemental Report, and is not new. Moreover, as discussed in paragraph 256 of Mr. Wagner's August 2013 report, and Samsung's motion to strike (Dkt. 2391-1 at 4:21-5:19), Ms. Davis's calculation of damages based on Samsung's "incremental profits" (based on the fixed/variable distinction) is new and should be stricken. Because they are new, Mr. Wagner was required to provide a more detailed explanation responding to them. Apple should not be permitted to include new damages calculations but then preclude Mr. Wagner from properly responding to them. |

4

**Chart Responding to Apple's Motion to Strike, Pursuant to the Court's August 22, 2013 Case Management Order**

| Wagner's 08/26/13 Report | Apple's Purported Basis to Strike | Samsung's Response |
|---|---|---|
| ¶¶ 256-259 & Schedule 28-NT; see also ¶ 584 | New opinions regarding Samsung's expenses based on post-trial July 2013 interviews with Giho Ro and JongHoon Song in South Korea. (See Olson Decl. Ex. B at 853:2-854:10.) **New opinions, new sources, new data.** | **Rebuttal to new Davis opinion.** As discussed in paragraph 256 of Mr. Wagner's August 2013 report, and Samsung's motion to strike **(Dkt. 2391-1 at 4:21-5:19)**, Ms. Davis's calculation of damages based on Samsung's "incremental profits" is new and should be stricken. Because they are new, Mr. Wagner was required to undertake additional research to respond to them. Apple should not be permitted to include new damages calculations but then preclude Mr. Wagner from properly responding to them. |
| ¶ 264 | New opinions that:<br>☐ Samsung's multiple financial productions were merely an attempt "to be responsive to Apple's extensive data requests."<br>☐ Samsung produced an "enormous volume of back-up financials" and that Wagner lacks of awareness of "any discrepancies."<br>☐ because Apple "cannot provide financial information as granular as revenue by model," Samsung's financial spreadsheets are reliable.<br>☐ "the financial data that was prepared solely for use in this litigation" is "the most reliable data" for purposes of damages calculations.<br>**New and modified opinions on expenses and financial data.** | **No new or modified opinions.** Each of these opinions was discussed in Mr. Wagner's May 11, 2012 Supplemental Report:<br>Apple's First Bullet: *See* paragraph 8 of the May 11, 2012 Supplemental Report.<br>Apple's Second Bullet: *See* paragraph 15 of the May 11, 2012 Supplemental Report.<br>Apple's Third Bullet: Apple mischaracterizes Mr. Wagner's opinion. The quoted sentence is discussed in paragraph 20 of the May 11, 2012 Supplemental Report and the **inconsistent treatment of Samsung and Apple financial data** is also discussed in paragraphs 35-39 of the same report.<br>Apple's Fourth Bullet; *See* paragraphs 5, 13-15, and 34 of the May 11, 2012 Supplemental Report. Mr. Wagner also discussed this topic at trial. **Trial Tr. 3029:14-3030:18** |
| ¶ 265 | New opinions regarding Samsung's operating profit margins. **New opinions, new sources, new data.** | **No new opinions, sources or data.** Everything in this paragraph was in Mr. Wagner's testimony at trial, to which Apple did not object. **Trial Tr. 3029:14-3030:18, 3073:13-3075:13** Moreover, none of the sources or data on which Mr. Wagner relies is new. *See:*<br><br>*FN* 495-496: [3.5] was cited in footnotes 28 and 591 in the April 2012 Report.<br>*FN* 497: Samsung witness Timothy Sheppard's trial testimony, and trial exhibit DX753.<br>*FN* 498: Davis's Report. |
| ¶¶ 266-268, Figures 26-27 & Schedules 4.2-NT, 4.2C-NT, 4.2D-NT, 5.10-NT | Calculation of individual totals for each SEC and STA expense line item based on a new "Summation Method." (Olson Decl. Ex. B at 936:14-23.) **New methods to calculate damages.** | **No new methods.** Apple appears to have made an error because the challenged passages and figures are unrelated to the "Summation Method," and are in any event not new. Rather, these calculations merely summarize the Samsung expenses that Ms. Davis fails to deduct and were originally presented in **Schedules 5.4 and 5.5** of Mr. Wagner's April 2012 Report. Schedule 5.10-NT is the same as the original schedules but merely adjusts them to account for the specific products and time periods at issue in the New Trial. Moreover, challenged paragraphs 266-268 have nothing to do with challenged Schedules 4.2-NT, 4.2C-NT, and 4.2D-NT. These paragraphs are a response to Ms. Davis's failure to respond to evidence and opinions expressed in the Wagner 2012 Report and at trial. Schedules 4.2-NT and 4.2C-NT are simply summaries of **Schedules 5.4 and 5.5** for the products at issue in the New Trial and limited to the relevant time period. To the extent Apple tries to correct these errors on reply, Samsung will seek leave to respond to any new arguments. |
| ¶¶ 271-274 | New opinions with new criticisms regarding how Davis (and previously Musika) calculated gross profits using STA's and SEC's inconsistent disclosures. **New opinions. New methods to calculate damages.** | **Response to Davis opinion.** Response to Ms. Davis's failure to adjust the damages calculation based on more reasonable calculations of Samsung's consolidated profit for U.S. sales presented in the earlier Wagner reports. |
| ¶ 286 | New opinions based on the Court's post-trial December 2012 denial of a permanent injunction. **New opinions, new sources, new data.** | **No new opinions, sources or data**. Mr. Wagner expressed exactly the same opinion concerning Mr. Musika's "cost approach" to calculating a royalty in his April 2012 Report. *See* **April 2012 Rpt. ¶ 241.** Mr. Wagner's reference to the Court's permanent injunction ruling is merely to note that the term of the license may not run the full life of the patents, but it is not a source of his opinion. |

5

**Chart Responding to Apple's Motion to Strike, Pursuant to the Court's August 22, 2013 Case Management Order**

| Wagner's 08/26/13 Report | Apple's Purported Basis to Strike | Samsung's Response |
|---|---|---|
| ¶ 308 | New opinions regarding Apple's assertion of other patents against Samsung in this Court and in other venues. **New opinions, new sources, new data.** | **No new opinions, sources or data.** Mr. Wagner's opinion in challenged paragraph 308 is the same opinion he expressed at a pre-trial deposition in response to multiple questions from Apple's counsel.  *See* **5/12/12 Wagner Dep. Tr. at 519:1-520:25** ("I mean, if he's right, then there shouldn't be a Samsung 2 case right now because they've chosen other [patents] -- that was making up that residual that he uses, and they're trying to get value for those in another litigation, and he hasn't considered that at all in his approach."). |
| ¶¶ 309-310 & Schedule 27-NT | New royalty opinions based on a post-trial November 11, 2012, litigation settlement between HTC and Apple. **New opinions, new sources, new data.** | **Rebuttal to new Davis opinion**. Ms. Davis cited the Apple-HTC Patent License and Settlement Agreement in her August 23, 2012 Report. She states, *inter alia*, [redacted] *See* **Davis Rpt. ¶ 185, n. 274**. There was simply no need for Ms. Davis to reference the HTC Agreement in her report. Now that she has opened the door, Mr. Wagner is entitled to consider it and respond. |
| ¶¶ 315-317 | New opinions based on post-trial May 2013 Senate hearings regarding Apple's taxes. **New opinions, new sources, new data.** | **No new opinions; response to new Musika opinion at trial.** Mr. Wagner's opinion in the challenged paragraphs is the same as in his April 2012 Report. *See* **April 2012 Rpt. at 113-114 (subsec. (7))**. Moreover, at trial, Mr. Musika opined for the first time that Samsung transfer 97% to 98% of its profits from the sale of the accused devices to Korea. *See* **Trial Tr. at 2071:1-24**. This opinion is nowhere to be found in Mr. Musika's reports. Mr. Wagner is entitled to respond to this new opinion. |
| ¶ 318 | New royalty opinion that value to Samsung, not value to Apple, should be the primary driver of Davis's royalty rate. **New opinions, new sources, new data.** | **No new opinions, sources or data.** This opinion can be found in paragraph 266 of Mr. Wagner's April 2012 report. The two new sentences at the end of the paragraph merely provide further explanation of the opinion previously provided. Because Mr. Wagner does not cite any references for this opinion, it is unclear what Apple means by "new sources, new data." |
| ¶¶ 319, 341-357 & Schedule 27-NT | New royalty opinions based on a post-trial November 11, 2012, litigation settlement between HTC and Apple. **New opinions, new sources, new data.** | **Not new; rebuttal to new Davis opinion.** Paragraph 319 is a summary of the discussion, similar to paragraph 266 in the April 2012 Report, and is not new. With respect to paragraphs 341-357 and Schedule 27-NT, Ms. Davis cited the Apple-HTC Patent License and Settlement Agreement in her August 23, 2012 Report. She states, inter alia, [redacted] *See* **Davis Rpt. ¶ 185, n. 274**. There was simply no need for Ms. Davis to reference the HTC Agreement in her report. Now that she has opened the door, Mr. Wagner is entitled to consider it and respond. |
| ¶¶ 362-368 | New opinions regarding why "fixed" and "variable" expenses are not a relevant calculation of what expenses are "direct" and "indirect." (Cf. May 11, 2012 Supplemental Expert Report of Michael J. Wagner (previously filed under seal at Dkt. No. 939 Ex. 34; courtesy copies provided with the Olson Declaration for convenience) ¶¶ 29-33.) **New and modified opinions on expenses and financial data.** | **No new or modified opinions.** Apple appears to have made an error because the challenged paragraphs are unrelated to "fixed" and "variable" expenses. Rather they, relate to Ms. Davis's strange decision to apply the single royalty rate Mr. Musika derived for all of Apple's design IP at issue in the first trial ($24 per unit) in the new trial, even though only two design patents are at issue in the new trial. To the extent Apple tries to correct this error on reply, Samsung will seek leave to respond to any new arguments. |

**Chart Responding to Apple's Motion to Strike, Pursuant to the Court's August 22, 2013 Case Management Order**

| Wagner's 08/26/13 Report | Apple's Purported Basis to Strike | Samsung's Response |
|---|---|---|
| ¶ 393 | New opinion as to why Samsung mislabeled its Chinese profits as a cost of goods sold. **New and modified opinions on expenses and financial data.** | **No new or modified opinions.** Mr. Wagner discussed Samsung's Chinese manufacturing subsidiaries in paragraphs 318-320 of his April 2012 Report and paragraphs 7-8 of his May 2012 Supplemental Report. Mr. Wagner's statement about the cause of the exclusion of these subsidiaries' profits is not a new opinion; it is simply a statement of his understanding of the facts, and is the same understanding he has always had. |
| ¶ 395 | Modified paragraph with a summary of Samsung's cost of goods sold, removing all references to "direct" and "indirect" cost. (Compare ¶ 395 (Samsung's costs of goods sold "includes several expense categories, such as labor, royalties, manufacturing labor cost . . ."), with April 2012 Report ¶ 322 (costs of goods sold reflected "direct expenses, such as direct labor, royalties and indirect expenses, such as indirect manufacturing . . . .") (emphasis added).) **New and modified opinions on expenses and financial data.** | **No new or modified opinions**. Mr. Wagner offers the same opinion as in paragraph 322 of his April 2012 Report and that he offered at trial, *i.e.,* that all of Samsung's costs of goods sold should be deducted to determine its profits. **See April 2012 Rpt. ¶ 322; Trial Tr. at 3022:9-22, 3026:12-3027:2.** Mr. Wagner has merely removed two words to conform to the language of the final jury instructions, which were not available at the time of his original report, and which would confuse the jury. Samsung should not be punished merely because there were no final jury instructions at the time Mr. Wagner prepared his original report. His opinion has not changed in any way. |
| ¶ 396 | Paragraph modifying and replacing Wagner's prior conclusion that SEC "allocates expenses that are not directly related to a specific product." (See April 2012 Report ¶ 323 (emphasis added).) **New and modified opinions on expenses and financial data.** | **No new or modified opinions**. Mr. Wagner offers the same opinion as in paragraph 323 of his April 2012 Report and that he offered at trial, *i.e.*, that Samsung allocates expenses not solely incurred for one product. **See April 2012 Rpt. ¶ 323; Trial Tr. at 3030:24-3031:16.** Mr. Wagner has merely conformed the language in one sentence to the final jury instructions, which were not available at the time of his original report, and which would otherwise confuse the jury. Samsung should not be punished merely because there were no final jury instructions at the time Mr. Wagner prepared his original report. His opinion has not changed in any way. |
| ¶ 397 | Modified paragraph to refer to "a reasonable way to allocate" expenses and remove the prior reference to Samsung's methods to "allocate indirect expenses." (See id. ¶ 232.) **New and modified opinions on expenses and financial data.** | **No new or modified opinions.** Mr. Wagner offers the same opinion as in paragraph 324 of his April 2012 Report and that he offered at trial, *i.e.*, that Samsung's allocation methodology is reasonable. **See April 2012 Rpt. ¶ 324; Trial Tr. at 3030:11-15.** Contrary to Apple's assertion, the reference to "a reasonable way to allocate" expenses was in Mr. Wagner's April 2012 Report. **April 2012 Rpt. ¶ 324** Moreover, Mr. Wagner has merely removed one word to conform to language in the final jury instructions, which were not available at the time of his original report, and which would otherwise confuse the jury. Samsung should not be punished merely because there were no final jury instructions at the time Mr. Wagner prepared his original report. His opinion has not changed in any way. |
| ¶¶ 399, 408 | New paragraphs, stating the new opinion that STA and SEC expenses are "directly attributable expenses" with "a clear nexus" to the infringing products." The new opinion replaces the prior report's conclusion that SEC's and STA's indirect expenses are "necessary for the manufacture and sale of the accused products and are therefore deductible expenses" with language belatedly taken from the Court's final jury instruction regarding Samsung's profits under 35 U.S.C. § 289. (See id. ¶¶ 326, 334; see also Olson Decl. Ex. B at 840:1-12.) **New and modified opinions on expenses and financial data.** | **No new or modified opinions**. Mr. Wagner offers the same opinion as in paragraph 326 and 334 of his April 2012 Report and that he offered at trial, *i.e.*, that all of STA's and SEC's expenses are necessary for the manufacture and sale of the accused products and are therefore directly attributable expenses per the jury instructions. **See April 2012 Rpt. ¶¶ 326, 334; Trial Tr. at 3022:9-22.** Mr. Wagner has merely conformed the language in one sentence to the final jury instructions, which were not available at the time of his original report, and which would otherwise confuse the jury. Samsung should not be punished merely because there were no final jury instructions at the time Mr. Wagner prepared his original report. His opinion has not changed in any way. |
| ¶¶ 412-415, Figure 37 & Schedule 4.2C-NT | A new "Summation Method" for calculating Samsung's profits. (See supra n.7.) **New methods to calculate damages.** | **No new methods.** Mr. Wagner's summation methodology is not new. It was disclosed in Schedules **5.4 and 5.4** of his April 2012 Report, with titles clearly identifying them as profit and loss by product and by time period. Figure 37 and Schedule 4.2C-NT in Mr. Wagner's latest report are the numbers reported in Schedules **5.4 and 5.5** of his April 2012 Report, but updated just to address the specific products and time periods at issue in the New Trial. |

7

**Chart Responding to Apple's Motion to Strike, Pursuant to the Court's August 22, 2013 Case Management Order**

| Wagner's 08/26/13 Report | Apple's Purported Basis to Strike | Samsung's Response |
|---|---|---|
| ¶ 416, Figure 38 & Schedules 25.1-NT – 25.2-NT | Removal of 40% of Gem units from the damages calculation, based on new sales data not used in April 2012 report. **New methods to calculate damages.** | **Change solely to reflect jury verdict.** Mr. Wagner's calculations are based on the jury's verdict for the Gem. The jury found only that the version of the Gem sold to Verizon was infringing. *See* **JX1020 (Gem phone for Verizon); Dkt. No. 1931 (Amended Verdict Form referring to JX1020).** The jury made no finding with respect to the versions that were sold to U.S. Cellular or Alltel. Mr. Wagner's calculations reflect this jury finding. |
| ¶ 433 & Schedules 1-T, 13-NT, 13.5-NT | A new $251,580 paid-up royalty for the D'305 Patent. Wagner previously offered only a $1,152 paid-up royalty for that patent. (See April 2012 Report ¶¶ 483, 530.) **New methods to calculate damages**. | **No new methods.** This is not new. Mr. Wagner disclosed that a design around would be to design new icons for the "GUI Design Patents" in paragraph 483 of his April 2012 Report. Mr. Wagner also opined there that the cost to design new icons would have been "Less than $500 per icon," and the exact figure of $420 per icon was disclosed in Schedule 13.6 of his April 2012 Report. Mr. Wagner also disclosed the number of icons on each phone in Schedule 17 to his April 2012 Report. Mr. Wagner could not multiply these two numbers together in his April 2012 Report because he did not know which products would be found to infringe the GUI Design Patents. Now that this has been determined by the first jury, Mr. Wagner was able to do so. Accordingly, the challenged portions are based on exactly the same disclosed methodology but merely applied to account for the jury's verdict. |
| ¶¶ 437, 442 | New royalty opinions based on a post-trial November 11, 2012, litigation settlement between HTC and Apple. **New opinions, new sources, new data.** | **Rebuttal to new Davis opinion.** Ms. Davis cited the Apple-HTC Patent License and Settlement Agreement in her August 23, 2012 Report. She states, *inter alia*, [REDACTED] *See* **Davis Rpt. ¶ 185, n. 274**. There was simply no need for Ms. Davis to reference the agreement in her report. Now that she has opened the door, Mr. Wagner is entitled to consider it and respond. |
| ¶ 458 | New opinions based on the Court's post-trial December 2012 denial of a permanent injunction. **New opinions, new sources, new data.** | **No new opinions, sources or data**. Mr. Wagner expressed exactly the same opinion concerning the length of the hypothetical license in paragraph 423 of his April 2012 Report. Mr. Wagner's reference to the Court's permanent injunction ruling is merely to note that the term of the license may not run the full life of the patents, but it is not a source of his opinion. |
| ¶¶ 477-478 | New opinions regarding design-arounds of Apple's patents due to 2012 and 2013 patent reexaminations and other post-trial sources, including July 2013 conversations with technical experts. **New opinions, new sources, new data. New design-around theories.** | **No new opinions or data.** Mr. Wagner addressed design around theories for the '381 patent in his April 2012 report and at trial. *See* **Wagner April 2012 Report, ¶¶ 439-443, 465-468; Trial Tr. at 3035:11-3036:16, 3053:18-3056:18** Moreover, with respect to Mr. Wagner's citation to reexamination materials, Apple should not be permitted to represent the scope of the patent one way to the USPTO, and represent it in a much broader way to the jury. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001). Fundamental fairness requires that Apple be held to its representations to the USPTO. *See* **8/21/13 CMC Tr. at 45:10-12** ("As noted by the Supreme Court . . . the central function of a trial is to discover the truth".) |
| ¶¶ 484-485 | New theories regarding alleged modifications to create non-infringing alternatives for the '163 Patent based on the Captivate, Continuum, Gem, Indulge, Intercept, Nexus S 4G, Transform, and Vibrant. Wagner, however, admits that no one can know the basis for the jury's non-infringement findings. (Olson Decl. Ex. B at 799:22-805:2, 834:18-836:13.) **New design-around theories.** | **Change solely to reflect jury verdict.** Mr. Wagner's opinions in these challenged paragraphs are a direct result of the jury's verdict. Apple accused Samsung's Captivate, Continuum, Gem, Indulge, Intercept, Nexus S 4G, Transform, and Vibrant of infringing its '163 patent. The jury found these products non-infringing and they thus clearly constitute non-infringing alternatives. Whether or not Mr. Wagner knows the basis for the jury's findings is irrelevant: Apple accused them of infringing and they were found not to. Ms. Davis and Apple rely extensively on the jury's findings and trial evidence, and cannot be heard to complain that Mr. Wagner does too. *See* **Davis Rpt. ¶¶ 131-139, 164-168, 252-257.** |

**Chart Responding to Apple's Motion to Strike, Pursuant to the Court's August 22, 2013 Case Management Order**

| Wagner's 08/26/13 Report | Apple's Purported Basis to Strike | Samsung's Response |
|---|---|---|
| ¶ 488 | New opinion regarding the alleged source of the four week duration of a design-around of the '915 patent. **New opinions, new sources, new data. New design-around theories.** | **No new opinions, sources, data or design-around theories.** There is nothing new in the challenged paragraph. Paragraph 488 is identical to paragraph **467** in the April 2012 Report with the exception of the addition of "in a total of 4 weeks." However, the four weeks was disclosed in Schedule 13.5 of the April 2012 Report, which was referenced at the end of paragraph **467.** |
| ¶¶ 491-492 | New opinions regarding design-arounds of Apple's patents due to 2012 and 2013 patent reexaminations and other post-trial sources. **New opinions, new sources, new data. New design-around theories.** | **No new opinions or data.** Paragraph 491 refers to both trial evidence and reexamination materials. Apple does not challenge Mr. Wagner's reliance on the trial evidence and Mr. Wagner's design around opinions based thereon. Indeed, Ms. Davis relies heavily on trial evidence. **See Davis Rpt. ¶¶ 131-139, 164-168, 252-257.** In this case, Dr. Singh admitted for the first time at trial that that the '915 patent does not cover code that reverts to a scroll at any time after two inputs. See Trial Tr. at **3622-3624.** Therefore, these portions of the challenged paragraphs should not be stricken even according to Apple. With respect to Mr. Wagner's citation to reexamination materials, Apple should not be permitted to represent the scope of the patent one way to the USPTO, and represent it in a much broader way to the jury. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001). Fundamental fairness requires that Apple be held to its representations to the USPTO. **See 8/21/13 CMC Tr. at 45:10-12** ("As noted by the Supreme Court . . . the central function of a trial is to discover the truth".) Finally, given that Apple does not challenge Mr. Wagner's discussion of the change in Apple's position as to the scope of the '915 patent at trial (as discussed in paragraph 39, which is not challenged), paragraph 492 should not be stricken because it was necessitated by Dr. Singh's new admission at trial. |
| ¶¶ 493-494 | New theories regarding alleged modifications to create non-infringing alternatives to the '915 Patent based on the Galaxy Ace, Intercept, and Replenish. Wagner purports to base these new theories on the jury's conclusion that these smartphones did not infringe certain patents. See supra ¶¶ 484-485 & n.10. **New design-around theories.** | **Change solely to reflect jury verdict.** Mr. Wagner's opinions in these challenged paragraphs are a direct result of the jury's verdict. Apple accused Samsung's Galaxy Ace, Intercept and Replenish of infringing its '915 patent. The jury found these products non-infringing and they thus clearly constitute non-infringing alternatives. Ms. Davis and Apple rely extensively on the jury's findings and trial evidence, and cannot be heard to complain that Mr. Wagner does too. **See Davis Rpt. ¶¶ 131-139, 164-168, 252-257.** Samsung is entitled to rely on products determined by the jury to be non-infringing. |
| ¶¶ 508-511 | New theories regarding alleged icon configurations to avoid the D'305 Patent. **New design-around theories.** | **No new theories.** Mr. Wagner discussed these design-arounds to the D'305 patents in his April 2012 Report. **See April 2012 Rpt. ¶¶ 481-483.** Mr. Wagner has merely incorporated trial testimony from Dr. Kare to support his opinion. Apple does not challenge Mr. Wagner's reliance on trial testimony and Ms. Davis relies on such testimony herself. **See Davis Rpt. ¶¶ 131-139, 164-168, 252-257.** There are no new opinions here. |
| ¶ 512 & Schedules 1-NT, 13-NT, 13.5-NT | A new $251,580 paid-up royalty for the D'305 Patent. Wagner previously offered only a $1,152 paid-up royalty for that patent. (See April 2012 Report ¶¶ 483, 530.) **New methods to calculate damages.** | **No new methods.** This is not new. Mr. Wagner disclosed that a design around would be to design new icons for the "GUI Design Patents" in paragraph 483 of his April 2012 Report. Mr. Wagner also opined there that the cost to design new icons would have been "Less than $500 per icon," and the exact figure of $420 per icon was disclosed in Schedule 13.6 of his original report. Mr. Wagner also disclosed the number of icons on each phone in Schedule 17 to his April 2012 Report. Mr. Wagner could not multiply these two numbers together in his April 2012 Report because he did not know which products would be found to infringe the GUI Design Patents. Now that this has been determined by the first jury, Mr. Wagner was able to do so. Accordingly, the challenged portions are based on exactly the same disclosed methodology but merely applied to account for the jury's verdict. |

9

**Chart Responding to Apple's Motion to Strike, Pursuant to the Court's August 22, 2013 Case Management Order**

| Wagner's 08/26/13 Report | Apple's Purported Basis to Strike | Samsung's Response |
|---|---|---|
| ¶¶ 517-520, 522-523 & Figure 46 | New theories regarding a rounded top and bottom as an alleged design-around for the D'677 Patent. **New design-around theories.** | **No new theories**. Mr. Wagner addressed design around theories for Apple's design IP (including the D'677 Patent as one of the Electronic Device Design Patents) in his April 2012 report. *See* **April 2012 Rpt. ¶¶ 475-487**. Mr. Wagner also discussed design around theories for Apple's design IP at trial. *See* **Trial Tr. at 3036:17-3038:19**. The challenged design around is just a specific example of the multitude of design arounds discussed for the design IP in paragraphs 475 - 479 and 484 - 487 of the April 2012 Report based on the dramatic narrowing of the IP Samsung was found to infringe and the limited IP now at issue. For example, the Infuse 4G was formerly accused of infringing/diluting 18 Apple design IP elements, whereas it was found to infringe just two. |
| ¶¶ 517-519, 521-523 & Figure 47 | New theories regarding the movement of the speaker slot as an alleged design-around for the D'677 Patent. (See Olson Decl. Ex. B at 815:17-816:11.) **New design-around theories.** | **No new theories**. Mr. Wagner addressed design around theories for Apple's design IP (including the D'677 Patent as one of the Electronic Device Design Patents) in his April 2012 report. *See* **April 2012 Rpt. ¶¶ 475-487**. Mr. Wagner also discussed design around theories for Apple's design IP at trial. *See* **Trial Tr. at 3036:17-3038:19**. The challenged design around is just a specific example of the multitude of design arounds discussed for the design IP in paragraphs 475 - 479 and 484 - 487 of the April 2012 Report based on the dramatic narrowing of the IP Samsung was found to infringe and the limited IP now at issue. For example, the Infuse 4G was formerly accused of infringing/diluting 18 Apple design IP elements, whereas it was found to infringe just two. |
| ¶¶ 524-526; see also ¶ 584 | New opinions regarding costs and expenses required to design around the D'677 Patent based on a July 2013 interview with KwangJin Bae in South Korea. Prior reports did not address this issue. (See id. at 816:7-817:11.) New opinions, new sources, new data. **New design-around theories.** | **No new theories**. Mr. Wagner addressed design around theories for Apple's design IP (including the D'677 Patent as one of the Electronic Device Design Patents) in his April 2012 report. *See* **April 2012 Rpt. ¶¶ 475-487**. Mr. Wagner also discussed design around theories for Apple's design IP at trial. *See* **Trial Tr. at 3036:17-3038:19**. The challenged design around is just a specific example of the multitude of design arounds discussed for the design IP in paragraphs 475 - 479 and 484 - 487 of the April 2012 Report based on the dramatic narrowing of the IP Samsung was found to infringe and the limited IP now at issue. For example, the Infuse 4G was formerly accused of infringing/diluting 18 Apple design IP elements, whereas it was found to infringe just two. |
| ¶ 563 & Schedules 1-NT, 13-NT, 13.5-NT | A new $251,580 paid-up royalty for the D'305 Patent. Wagner previously offered only a $1,152 paid-up royalty for that patent. (See April 2012 Report ¶¶ 483, 530.) **New methods to calculate damages.** | **No new methods**. This is not new. Mr. Wagner disclosed that a design around would be to design new icons for the "GUI Design Patents" in paragraph 483 of his April 2012 Report. Mr. Wagner also opined there that the cost to design new icons would have been "Less than $500 per icon," and the exact figure of $420 per icon was disclosed in Schedule 13.6 of his original report. Mr. Wagner also disclosed the number of icons on each phone in Schedule 17 to his April 2012 Report. Mr. Wagner could not multiply these two numbers together in his April 2012 Report because he did not know which products would be found to infringe the GUI Design Patents. Now that this has been determined by the first jury, Mr. Wagner was able to do so. Accordingly, the challenged portions are based on exactly the same disclosed methodology but merely applied to account for the jury's verdict. |

**Chart Responding to Apple's Motion to Strike, Pursuant to the Court's August 22, 2013 Case Management Order**

| Wagner's 08/26/13 Report | Apple's Purported Basis to Strike | Samsung's Response |
|---|---|---|
| ¶¶ 564-583 & Schedules 2.2-NT, 2.3-NT, 3.2-NT, 3.3-NT, 7.1-NT | A new $3.81 per unit royalty for the D'677 Patent, which uses a modified version of allocation methods previously excluded by the Court following Apple's Daubert motion. Wagner relies on the same ComTech and J.D. Power surveys and flawed methods that the Court previously found "misleading to the jury and unduly prejudicial" in connection with Wagner's trade dress apportionment opinions. (See Dkt. No. 940-1 at 22:15-24:21; Dkt. No. 1157 at 9:18-10:4.) **New methods to calculate damages.** | **No new methods**. Paragraphs 532-536 of Mr. Wagner's April 2012 Report disclosed the same methodology Apple incorrectly alleges is new. Indeed, most of the challenged paragraphs are almost identical to those in the April 2012 Report. *See* **April 2012 Rpt. ¶¶ 564, 567-70, 572-78.** Moreover, this portion of Mr. Wagner's methodology was never addressed by the Court in its *Daubert* order. Finally, Apple selectively quotes the Court's Order. The Court did not say that the ComTech and J.D. Powers surveys were "misleading to the jury and unduly prejudicial." To the contrary, the Court found "that the underlying consumer survey data on which Mr. Wagner relies for his calculations are the kind of data on which "experts in the particular field would reasonably rely." Fed. R. Evid. 703." *See* **Dkt. 1157 at 9:23-25**. Rather, as Apple concedes, the Court excluded a separate part of Mr. Wagner's methodology that addressed trade dress apportionment. The challenged paragraphs do not apply this methodology, nor do they concern trade dress apportionment. |