# EXHIBIT 3

**Page 1**

```
 1          UNITED STATES DISTRICT COURT

 2         NORTHERN DISTRICT OF CALIFORNIA

 3              SAN JOSE DIVISION

 4

 5
    APPLE INC., A CALIFORNIA    )  C-11-01846 LHK
 6  CORPORATION,               )
                               )
 7            PLAINTIFF,        )  SAN JOSE, CALIFORNIA
                               )
 8       VS.                    )  APRIL 29, 2013
                               )
 9  SAMSUNG ELECTRONICS CO., LTD.,)  PAGES 1-90
    A KOREAN BUSINESS ENTITY;   )
10  SAMSUNG ELECTRONICS AMERICA,)
    INC., A NEW YORK CORPORATION;)
11  SAMSUNG TELECOMMUNICATIONS  )
    AMERICA, LLC, A DELAWARE    )
12  LIMITED LIABILITY COMPANY,  )
                               )
13            DEFENDANTS.       )
                               )
14  _____)

15

16        TRANSCRIPT OF PROCEEDINGS
       BEFORE THE HONORABLE LUCY H. KOH
17        UNITED STATES DISTRICT JUDGE

18

19

20         APPEARANCES ON NEXT PAGE

21

22

23  OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                CERTIFICATE NUMBER 9595
24

25  PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
       TRANSCRIPT PRODUCED WITH COMPUTER

           UNITED STATES COURT REPORTERS
```

**Page 2**

```
 1

 2  A P P E A R A N C E S :

 3  FOR PLAINTIFF     MORRISON & FOERSTER
    APPLE:       BY:  MICHAEL A. JACOBS
 4                    NATHANIEL B. SABRI
                  425 MARKET STREET
 5               SAN FRANCISCO, CALIFORNIA  94105

 6               BY:  ERIK J. OLSON
                  755 PAGE MILL ROAD
 7               PALO ALTO, CALIFORNIA  94304

 8
    FOR COUNTERCLAIMANT  WILMER, CUTLER, PICKERING,
 9  APPLE:               HALE AND DORR
                    BY:  WILLIAM F. LEE
10                   60 STATE STREET
                  BOSTON, MASSACHUSETTS  02109
11
                  BY:  MARK D. SELWYN
12                     LAUREN FLETCHER
                  950 PAGE MILL ROAD
13               PALO ALTO, CALIFORNIA  94304

14

15  FOR THE DEFENDANT:   QUINN, EMANUEL, URQUHART,
                      OLIVER & HEDGES
16                 BY:  WILLIAM C. PRICE
                       MICHAEL T. ZELLER
17                     SCOTT B. KIDMAN
                  865 SOUTH FIGUEROA STREET
18               10TH FLOOR
                  LOS ANGELES, CALIFORNIA  90017
19
                  BY:  KATHLEEN M. SULLIVAN
20               51 MADISON AVENUE, 22ND FLOOR
                  NEW YORK, NEW YORK  10022
21
                  BY:  VICTORIA F. MAROULIS
22               555 TWIN DOLPHIN DRIVE
                  SUITE 560
23               REDWOOD SHORES, CALIFORNIA  94065

24
25            UNITED STATES COURT REPORTERS
```

**Page 3**

```
 1  SAN JOSE, CALIFORNIA        APRIL 29K, 2013

 2            P R O C E E D I N G S

 3   (COURT CONVENED AND THE FOLLOWING PROCEEDINGS WERE HELD:)

 4       THE CLERK:  CALLING CASE NUMBER C-11-01846 LHK,

 5  APPLE, INCORPORATED VERSUS SAMSUNG ELECTRONICS COMPANY LIMITED,

 6  ET AL.

 7       MR. JACOBS:  MICHAEL JACOBS FROM MORRISON & FOERSTER

 8  WITH ME ARE ERIC OLSON AND NATHAN SABRI FOR APPLE, YOUR HONOR.

 9       MR. LEE:  GOOD AFTERNOON, YOUR HONOR.  BILL LEE,

10  MARK SELWYN, AND LAUREN FLETCHER FROM WILMER, HALE FROM APPLE.

11       THE COURT:  OKAY.  I'M SORRY.  I DIDN'T EVEN CATCH

12  THE PEOPLE WITH MR. JACOBS.

13       ERIC OLSON, YOU SAID, AND WHO ELSE?

14       MR. JACOBS:  NATHAN SABRI, YOUR HONOR, S-A-B-R-I.

15       THE COURT:  OKAY.  THANK YOU.

16       AND THEN MR. LEE, OKAY.

17       MR. LEE:  MARK SELWYN, YOUR HONOR.

18       THE COURT:  OKAY.

19       MR. LEE:  AND LAUREN FLETCHER, F-L-E-T-C-H-E-R.

20       MR. PRICE:  GOOD AFTERNOON, YOUR HONOR.  BILL PRICE

21  WITH QUINN, EMANUEL FOR SAMSUNG.

22       AND WITH ME AT COUNSEL TABLE ARE KATHLEEN SULLIVAN,

23  SCOTT KIDMAN, WHO PROBABLY WON'T BE SPEAKING, MICHAEL ZELLER,

24  AND VICTORIA MAROULIS.

25       THE COURT:  OKAY.  GOOD AFTERNOON.

           UNITED STATES COURT REPORTERS
```

**Page 4**

```
 1       MR. PRICE:  GOOD AFTERNOON.

 2       THE COURT:  OKAY.  I HAVE A FEW QUESTIONS, BUT I'M

 3  OTHERWISE READY TO RULE ON EVERYTHING.

 4       LET ME JUST ASK THE FEW QUESTIONS FIRST.  SO WHEN IS THE

 5  PTO LIKELY TO ISSUE A RE-EXAM CERTIFICATE FOR THE '381 AND THE

 6  '915 PATENTS?

 7       MR. JACOBS:  BY ISSUING A RE-EXAMINATION CERTIFICATE,

 8  YOUR HONOR, I THINK YOUR HONOR IS ASKING WHEN IS THIS GOING TO

 9  BE OVER.

10       THE COURT:  AS FAR AS THE PTO.

11       MR. JACOBS:  AS FAR AS THE PTO.

12       THE COURT:  I DON'T CARE ABOUT THE APPEALS BOARD.  I

13  DON'T CARE ABOUT THE APPELLATE CIRCUIT.  WHEN IS THE PTO GOING

14  TO BE OVER?

15       MR. JACOBS:  THE PTO'S ROLE -- LET ME CHECK AND MAKE

16  SURE I HAVE THE RIGHT ANSWER.  I BELIEVE THE ANSWER IS NOT TOO

17  FAR AWAY, BUT SUBJECT TO THOSE APPEALS, ET CETERA.

18       THE COURT:  SO MARCH 7TH, 2013 IS WHEN THE PTO

19  ISSUED THE FINAL OFFICE ACTION IN THE '381?

20       MR. JACOBS:  YES.

21       THE COURT:  AND WHAT IS IT THAT YOU ARE FILING ON

22  MAY 29TH OF 2013?

23       MR. JACOBS:  MAY I HAVE A MOMENT, YOUR HONOR?

24       MS. MAROULIS:  I'M SORRY, YOUR HONOR.  IS THE

25  QUESTION WHAT IS BEING FILED ON MAY 29TH?

           UNITED STATES COURT REPORTERS
```

57

01:10 1     AND I DON'T CARE IF THEY DON'T ARGUE IT, THE JURY IS VERY

01:10 2     LIKELY TO THINK, "OH, WOW, AN ECONOMIST. I MEAN, THAT'S A

01:10 3     SIGNIFICANT POSITION. I MEAN, I'VE GOT A C.P.A. WHO DOES MY

01:11 4     TAXES."

01:11 5         SO THIS IS REALLY TRYING TO CHANGE, YOU KNOW, THE NATURE OF

01:11 6     THIS TRIAL ON DAMAGES.

01:11 7         THE COURT:  IF APPLE GETS A NEW EXPERT, I'LL ALLOW

01:11 8     SAMSUNG TO GET A NEW EXPERT ON DAMAGES.

01:11 9         MR. PRICE:  AND BECAUSE OF THE EXPERTISE, WE WOULD

01:11 10    PROBABLY NEED DISCOVERY.  SO ONE THING WE MIGHT DO IS WAIT

01:11 11    UNTIL WE FIND OUT EXACTLY WHAT APPLE IS UP TO HERE, WHAT'S IN

01:11 12    THEIR REPORT, WHO'S THE EXPERT, YOU KNOW, HOW IS THIS GOING TO

01:11 13    CHANGE?

01:11 14        THE COURT:  YOU KNOW WHAT?  YOU KNOW WHAT?  I THINK

01:11 15    YOU ALL DON'T UNDERSTAND HOW CLOSE YOU ARE NOT TO GETTING A

01:11 16    TRIAL.  OKAY?

01:11 17        DO YOU KNOW HOW MANY TRIALS I'LL HAVE IN APPLE'S CASES NEXT

01:11 18    YEAR?  SHOULD I JUST REMIND YOU?  SO WE HAVE APPLE II MARCH 31

01:11 19    THROUGH APRIL 25: I HAVE THE IN RE: HIGH TECH TRIAL IN WHICH

01:11 20    APPLE IS ONE OF THE SEVEN DEFENDANTS, THAT'S SET FOR TRIAL

01:11 21    MAY 27TH THROUGH JULY 17TH: THE MDL PRIVACY CASE AGAINST APPLE

01:11 22    IS AUGUST 4TH THROUGH AUGUST 18TH OF 2014.

01:11 23        OKAY?  SO YOU HAVE GOTTEN A LOT OF DUE PROCESS IN THIS

01:12 24    COURT.  I'M ASKING YOU TO KEEP IT NARROW, NO NEW THEORIES, NO

01:12 25    NEW CALCULATIONS.

58

01:12 1     BUT YOUR SAYING, "NO, NOW WE'RE GOING TO REDO THE COSTS

01:12 2     WHICH THEY DIDN'T DO REALLY DURING THE LAST TRIAL" IS ALREADY

01:12 3     SIGNALLING TO ME WHAT IS GOING TO HAPPEN.

01:12 4         SO I WAS GOING TO GIVE YOU A TRIAL DATE TODAY, BUT NOW I'M

01:12 5     NOT GOING TO.

01:12 6         MR. JACOBS:  YOUR HONOR, WE --

01:12 7         THE COURT:  WE CAN SET THIS FOR A FURTHER CMC AFTER

01:12 8     YOU DISCLOSE YOUR EXPERT AND THEN I'LL DECIDE AT THAT POINT

01:12 9     WHETHER I WANT TO TRY THIS CASE AND WHEN.  OKAY?  THAT IS

01:12 10    WITHIN MY DISCRETION.  OKAY?

01:12 11        SO WHEN SHOULD WE COME BACK FOR A CMC?  I'M NOT GOING TO

01:12 12    GIVE YOU A TRIAL DATE TODAY.

01:12 13        MR. JACOBS:  YOUR HONOR, WE NEED -- I'M SORRY.

01:12 14    WE'RE -- I REALLY AM TRYING TO MEET THE COURT'S OBJECTIVES

01:12 15    HERE.

01:12 16        THE POINT OF RETAINING SOME FLEXIBILITY ON WHO WOULD

01:12 17    TESTIFY WAS TO MAKE SURE OUR EXPERT WOULD BE AVAILABLE WHEN WE

01:12 18    HAVE A TRIAL DATE, SO THERE IS A KIND OF -- THERE IS,

01:12 19    REGRETTABLY, A CART BEFORE THE HORSE PROBLEM HERE.

01:12 20        THE COURT:  OKAY.  BUT WHAT YOU SAID ABOUT COSTS,

01:13 21    THAT IS A NEW ISSUE.

01:13 22        MR. JACOBS:  NO, COST IS NOT -- NO, DEDUCTIBLE

01:13 23    EXPENSE IS NOT A NEW ISSUE AT ALL.  MR. MUSIKA --

01:13 24        THE COURT:  OKAY.  THEN WHY DO YOU HAVE TO REDO

01:13 25    EXPENSES?  THE ONLY THING THAT WAS INCORRECT WAS THE NOTICE

59

01:13 1     DATE.  THAT HAS NOTHING TO DO WITH EXPENSES OF APPLE.  SO --

01:13 2         MR. JACOBS:  NO, NO, NOT APPLE EXPENSES.

01:13 3         THE COURT:  SO WHY DOES THAT HAVE TO BE REDONE?

01:13 4         MR. JACOBS:  SORRY.  NOT APPLE EXPENSES, YOUR HONOR.

01:13 5     I'M SORRY I WASN'T CLEAR.

01:13 6         THE COURT:  WHAT?

01:13 7         MR. JACOBS:  YOUR HONOR, IGNORE -- FORGET THIS.  WE

01:13 8     WILL HAVE A SINGLE --

01:13 9         THE COURT:  EXPENSES OF WHAT?

01:13 10        MR. JACOBS:  OF SAMSUNG'S DEDUCTIBLE -- RECALL THAT A

01:13 11    MAJOR ISSUE AT TRIAL FOR INFRINGER'S PROFITS WAS WHETHER WHAT

01:13 12    SAMSUNG HAD CATEGORIZED AS GNA KINDS OF EXPENSES WAS, IN FACT,

01:13 13    DIRECTLY ATTRIBUTABLE TO THE SPECIFIC PRODUCTS.  AND THAT'S

01:13 14    WHAT THE INSTRUCTION SAYS.  IT SAYS DIRECTLY ATTRIBUTABLE.

01:13 15        IN THE NEW TRIAL, BOTH SIDES WILL BE ARGUING THAT ISSUE

01:13 16    AGAIN TO THE JURY.  WE HAVE TO ARGUE THAT ISSUE TO THE JURY.

01:13 17    WE CAN'T NOT ARGUE THAT ISSUE TO THE JURY.

01:13 18        AND OUR WITNESS WILL SAY THAT WHAT SAMSUNG IS PRESENTING TO

01:13 19    THE JURY AS DEDUCTIBLE EXPENSES ARE, IN FACT, NOT DIRECTLY

01:14 20    ATTRIBUTABLE.

01:14 21        THE COURT:  BUT WHAT DOES THAT HAVE TO DO WITH THE

01:14 22    NOTICE DATE?  THAT IS THE PIECE THAT I'M MISSING.

01:14 23        MR. PRICE:  THAT HAS NOTHING TO DO WITH THE NOTICE

01:14 24    DATE.

01:14 25    THIS HAS TO DO WITH WHAT THE INFRINGER'S PROFITS ARE.

60

01:14 1     I MEAN, THERE WAS A HUGE DIFFERENCE IN NUMBERS BETWEEN

01:14 2     THEIR EXPERT AND OURS BECAUSE MR. WAGNER DEDUCTED COSTS.

01:14 3         AND NOW WE'RE HEARING THAT THEY'RE GOING TO, YOU KNOW, HAVE

01:14 4     TWO EXPERTS.

01:14 5         THE COURT:  GET A DO-OVER.

01:14 6         MR. JACOBS:  WE'LL HAVE A SINGLE EXPERT.

01:14 7         THE COURT:  YOU'LL GET A DO-OVER ON EXPENSES.  I

01:14 8     UNDERSTAND.

01:14 9         FORGET IT THEN.  NO TRIAL DATE.  WE'LL SET ANOTHER CMC.

01:14 10    I'M TRYING TO CONVEY HOW SERIOUS I AM THAT THIS NEEDS --

01:14 11    I'M NOT GOING TO LET YOU GET A DO-OVER.  YOU ARE NOT GOING TO

01:14 12    BE ABLE TO RAISE NEW THEORIES IN THIS CASE.

01:14 13        MR. JACOBS:  IT'S NOT A NEW THEORY, YOUR HONOR.  IT'S

01:14 14    RIGHT IN MR. MUSIKA'S REPORT.

01:14 15        THE COURT:  WHAT IS THE DIFFERENCE OF A CORRECTED

01:14 16    NOTICE DATE ON EXPENSES?  YOU HAVE NOT BEEN ABLE TO ARTICULATE

01:14 17    WHAT IS THE CONNECTION THERE.  HOW DOES A NOTICE DATE OF

01:14 18    APRIL 15TH AFFECT THE EXPENSE?

01:15 19        MR. JACOBS:  WHAT I THINK -- LET ME -- WE'VE THOUGHT

01:15 20    ABOUT THIS, YOUR HONOR, AND IF YOU JUST GIVE ME A MINUTE HERE,

01:15 21    I THINK I CAN INTERPRET IN OUR LEGAL FRAMEWORK WHAT THE COURT

01:15 22    IS SAYING.

01:15 23        WHAT THE COURT IS SAYING IS THE JURY -- THE COURT BELIEVES

01:15 24    THAT THE JURY MADE A FINDING ON DEDUCTIBLE EXPENSES AND AWARDED

01:15 25    US A PERCENTAGE OF OUR SOUGHT AFTER LOST PROFITS.