# EXHIBIT 4

1                UNITED STATES DISTRICT COURT

2               NORTHERN DISTRICT OF CALIFORNIA

3                     SAN JOSE DIVISION

4

5

APPLE INC., A CALIFORNIA          )  C-11-01846 LHK
6   CORPORATION,                      )
                                      )  SAN JOSE, CALIFORNIA
7                  PLAINTIFF,          )
                                      )  AUGUST 21, 2013
8            VS.                       )
                                      )  PAGES 1-76
9   SAMSUNG ELECTRONICS CO., LTD.,    )
    A KOREAN BUSINESS ENTITY;         )
10  SAMSUNG ELECTRONICS AMERICA,      )
    INC., A NEW YORK CORPORATION;     )
11  SAMSUNG TELECOMMUNICATIONS        )
    AMERICA, LLC, A DELAWARE          )
12  LIMITED LIABILITY COMPANY,        )
                                      )
13                  DEFENDANTS.        )
    _____    )

14

15                 TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE LUCY H. KOH
16              UNITED STATES DISTRICT JUDGE

17

18

19                APPEARANCES ON NEXT PAGE

20

21

22

23   OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                     CERTIFICATE NUMBER 9595

24

25         PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED WITH COMPUTER

1    OF SALE OF THE INFUSE 4G IN THE JOINT PRETRIAL STATEMENT.

2        THE PARTIES' EXHIBITS, PARTICULARLY PX 180 OF APPLE AND

3    DX 676 OF SAMSUNG, SPECIFICALLY BRING IN EVIDENCE OF SALES THAT

4    PRE-DATE THIS STIPULATED FIRST SALE DATE IN THE JOINT PRETRIAL

5    STATEMENT.

6        AND I AGREE WITH APPLE THAT TO TURN A BLIND EYE TO EVIDENCE

7    TO WHICH THE PARTIES STIPULATED AND ADMITTED AND PRESENTED TO

8    THE JURY AND PRETEND THAT THOSE SALES DIDN'T EXIST I THINK

9    IS -- WOULD BE UNJUST.

10        AS NOTED BY THE SUPREME COURT IN PORTUONDO V. AGARD, 529

11    U.S. 61, PIN SITE 732000, THE CENTRAL FUNCTION OF A TRIAL IS TO

12    DISCOVER THE TRUTH AND THE COURT CANNOT, IN THIS INSTANCE, TURN

13    A BLIND EYE TO EVIDENCE TO WHICH THE PARTIES STIPULATED,

14    PRESENTED TO A JURY, AND BOTH AGREE ARE THE ACTUAL CORRECT

15    SALES DATES AND FIGURES.

16        THE COURT ADDRESSES THIS ERROR PURSUANT TO CIVIL LOCAL RULE

17    7-9 AND ITS INHERENT AUTHORITY TO CORRECT ITS OWN ERRORS.

18        UNITED STATES V. MARTIN, 226 F.3D 1042 AT 1049, NINTH

19    CIRCUIT, 2000, SIMILARLY CONFIRMS THAT THE COURT HAS AN

20    INHERENT AUTHORITY TO CORRECT ITS OWN ERRORS.

21        NOW, I WOULD ALSO NOTE THAT THE DATES TO WHICH THE PARTIES

22    STIPULATED IN THE JOINT PRETRIAL STATEMENT WERE NEVER PRESENTED

23    TO THE JURY IN THE 2012 TRIAL.  NEITHER PARTY RAISED THIS ISSUE

24    IN ANY OF THE VERY EXTENSIVE POST-TRIAL MOTION PRACTICE.

25        AS I STATED EARLIER, BOTH PARTIES PRESENTED EVIDENCE DURING