| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> ERIK J. OLSON (CA SBN 175815) <br> ejolson@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 <br><br> Attorneys for Plaintiff and <br> Counterclaim-Defendant APPLE INC. | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No.    11-cv-01846-LHK (PSG) <br><br> **APPLE'S MOTION IN LIMINE REGARDING REEXAMINATION PROCEEDINGS** <br><br> Date:    October 17, 2013 <br> Time:    1:30 PM <br> Place:   Courtroom 8, 4th Floor <br> Judge:   Hon. Lucy H. Koh |

1    In advance of the first trial, the Court granted Apple's motion *in limine* No. 6, excluding
2  all evidence of "how other courts or tribunals have construed or ruled on any Apple or Samsung
3  patents." (Dkt. No. 1267 at 3.) Apple requests that the Court extend its earlier ruling to cover all
4  reexamination proceedings before the U.S. Patent and Trademark Office relating to Apple's
5  asserted patents. Any evidence about these reexaminations should be precluded because (1) they
6  have no legitimate purpose in the limited damages re-trial and would impermissibly contradict the
7  first jury's findings on validity and the Court's claim construction orders, and (2) evidence about
8  reexamination proceedings that occurred after the first trial would violate the Court's directive
9  that the new trial be conducted with evidence timely disclosed for use in the original trial, updated
10 to reflect the Court-ordered notice dates and limited to the products and patents at issue in the
11 new trial.

12    As the Court is aware, after the first trial, reexamination proceedings concerning Apple's
13 asserted '381, '915, and D'677 patents were commenced before the U.S. Patent and Trademark
14 Office. On the basis of these reexamination proceedings, Samsung filed motions for a new trial
15 on the '381 patent and to stay the damages re-trial as to the '381 and '915 patents. The Court
16 denied both motions. (Dkt. No. 2316 at 2; Dkt. No. 2369 at 2.)

17    Samsung has signaled its intention to introduce evidence of Apple's reexamination
18 statements in the new trial. For example, Mr. Wagner's new trial expert report includes new
19 opinions that, due to what Apple said in distinguishing prior art during reexamination, the '381
20 and '915 patents have been narrowed in scope, creating new non-infringing alternatives. (Dkt.
21 No. 2388 Ex. A ¶¶ 24-27, 40-41, 477-78, 491-92.) These reexamination records and any
22 testimony about them, from any witness, should be excluded.

23    The validity of Apple's asserted patents was decided by the jury in the August 2012 trial
24 and is not within the limited scope of the damages re-trial. (Dkt. No. 2316 at 3.) Any attempt to
25 cast doubt on the validity of Apple's patents using evidence of reexaminations before the PTO
26 would be highly prejudicial to Apple. Any alleged probative value of the reexaminations to
27 damages issues is greatly outweighed by this prejudice. The evidence should thus be excluded
28 under Federal Rule of Evidence 403.

APPLE'S MOTION IN LIMINE REGARDING REEXAMINATION PROCEEDINGS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3328962

1

DRAFT—9/12/13; PRIVILEGED & CONFIDENTIAL; WORK PRODUCT

Any testimony that the reexamination proceedings reveal narrowed claim scope that allow for new design-around theories would directly contradict the Court's claim constructions, which constitute law of the case. *See AFG Indus. v. Cardinal IG Co.*, 375 F.3d 1367, 1372 (Fed. Cir. 2004); *Gaus v. Conair Corp.*, No. 94 Civ. 5693 (FM), 2003 U.S. Dist. LEXIS 1445 (S.D.N.Y. Jan. 31, 2003). Samsung, having failed at gaining a re-trial using much of the same reexamination evidence, cannot collaterally attack the claim constructions used by the first jury in the limited re-trial on damages.

Finally, introducing evidence about post-trial reexamination proceedings would be inconsistent with the Court's directives that the new trial be conducted only with evidence timely disclosed in connection with the first trial, with limited modifications wholly unrelated to the reexamination proceedings.

Accordingly, the Court should grant Apple's request, as the reexamination evidence can only serve to contradict what was already decided in the first trial and unduly prejudice Apple, would support undisclosed theories, and violates the Court's directives regarding the limited evidence to be used in the new trial.

Dated: September 12, 2013          MORRISON & FOERSTER LLP

                                   By:   */s/ Harold J. McElhinny*
                                         HAROLD J. MCELHINNY

                                         Attorneys for Plaintiff
                                         APPLE INC.