HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S MOTION *IN LIMINE* TO PRECLUDE REFERENCES TO "PRIOR ART"**<br><br>Date:      October 17, 2013<br>Time:      1:30 PM<br>Place:     Courtroom 8, 4th Floor<br>Judge:     Hon. Lucy H. Koh |

1    Pursuant to Federal Rules of Evidence 401, 402, and 403, Apple moves *in limine* for an

2  order precluding Samsung from making any reference to "prior art" or otherwise arguing or

3  presenting evidence that any of Apple's five patents is invalid, not inventive, or only involves

4  features that were known.  A jury has already found Apple's patents to be valid and infringed, and

5  those issues are not to be relitigated.  Rather, the retrial is limited to determining the appropriate

6  amount of damages for Samsung's infringement.  (Dkt. No. 2316 at 3 ("The sole purpose of the

7  trial is to correct the erroneous notice dates.").)

8    Despite the jury's verdict and this Court's express orders, Samsung has indicated through

9  its witness disclosures, exhibit list, and expert damages report that it improperly intends to

10  relitigate the validity of Apple's patents.  For example:

11    • Samsung has identified its expert Andries Van Dam, who testified at the first trial

12      "about the invalidity of Apple's '381 patent, the so-called snap-back patent."  (Aug.

13      15, 2013 Trial Tr. at 2846:2-4; *id.* at 2846:8-18 ("Q: And can you just generally, for

14      purposes of the jury, describe your testimony.  A: Yes.  ***It's directed towards the***

15      ***invalidity of '381 on the basis of prior art***, which anticipates each and every element

16      of claim '381.  In other words, ***Apple was not the first to invent*** the snap-back . . . ."

17      (emphasis added)).)  Mr. Van Dam did not testify about any other issue at trial and has

18      not submitted an expert report on any issue relevant to damages.

19    • Samsung has identified its expert Stephen Gray, who testified at the first trial that the

20      asserted claims of the '915 and '163 patents were invalid over certain prior art,

21      including the Nomura reference, the DiamondTouch application, and the '632 patent

22      to Agnetta.  (*See*, *e.g.*, Aug. 15, 2012 Trial Tr. at 2908:1-7 ("Q: [W]hat was your

23      conclusion with respect to DiamondTouch running fractal zoom compared to claim 8

24      of the '915 patent?  A: Like Nomura, ***DiamondTouch covers all of the claim elements***

25      of claim 8, and, therefore, invalidates claim 8 as well."  (emphasis added)); *id.* at

26      2919:14-16 ("***I believe the Agnetta reference invalidates*** claim 50 [of the '163 patent]

27      because it meets all the claim limitations."  (emphasis added)).)  Mr. Gray did not

28

1    testify about any other issue at trial and has not submitted an expert report on any

2    issue relevant to damages.

3    •    Samsung has identified its expert Itay Sherman, who testified at the first trial "about

4         the validity of three Apple design patents."  (Aug. 14, 2013 Trial Tr. at 2573:17-18; *id.*

5         at 2576:2-4 ("I have been asked to testify about the validity of the patents, the '087,

6         the '677, and the '889. . . . ***I reached the opinion that all three of these design***

7         ***patents are invalid*** and being obvious in light of prior art, as well as the fact that many

8         of the elements in these design patents are functional."  (emphasis added)).)  Mr.

9         Sherman did not testify about any other issue at trial and has not submitted an expert

10        report on any issue relevant to damages.

11   •    Samsung has identified its expert Robert John Anders, who submitted an expert report

12        opining that "[e]ach of the discrete elements disclosed in the D'677 are well known

13        and have been used in some combinations in prior art electronic devices."  (Dkt. No.

14        939-4 Ex. 30, Expert Report of Robert John Anders, IDSA, Part C.II, ¶ 2; *id.* ¶ 5

15        ("Because ***the D'677 patent is merely a combination of well-known and very old***

16        ***elements***, the most that the D'677 patent may claim is that specific combination

17        depicted in the drawings.  Thus, it is my opinion that ***the claim of the D'677 patent is***

18        ***very narrow*** and the scope of the D'677 patent must be limited to the specific design

19        depicted in the drawings."  (emphasis added)).)  Mr. Anders's report does not address

20        any issues other than the scope of the prior art and infringement and has not submitted

21        an expert report on any issue relevant to damages.

22   •    Samsung also proposes to introduce at trial dozens of documents related to its

23        invalidity arguments:  *See*, *e.g.*, Samsung's Proposed Trial Exhibit Nos. 511 (Japanese

24        Design Patent JP D1241638), 526 (Samsung F700), 528 (Xnav source code), 550

25        (Nomura Yasuhiro patent), 551 (U.S. Patent Appl. No. 2002/0030699), 556 (Jefferson

26        Han TED Video), 561 (U.S. Patent Appl. No. 60/718187), 590 (U.S. Patent No.

27        7,872,640 to Lira), 655 (Files related to DiamondTouch, including source code), 720

28        (Video of DiamondTouch), 721-722 (Videos of LaunchTile), 727 (Korean Design

Patent KR30-0418547), 728 (Japanese Design Patent JP D1241383), 1086 (Korean Design Patent KR30-0452985), 1093 (LG Prada Phone), 1095 (U.S. Patent No. D461,802).

- Samsung's damages expert, Mr. Wagner, has also indicated that he intends to provide new opinions regarding the prior art as "evidence limiting the scope" of certain of Apple's patents.  (Dkt. No. 2388, Ex. A, ¶¶ 24-27, 40-41, 477-478, 491-492.)

Samsung cannot relitigate the issue of validity at the new trial; the jury decided it, and the Court rejected Samsung's post-trial motions challenging that verdict.  "The sole purpose of the trial is to correct the erroneous notice dates."  (Dkt. No. 2316 at 3.)  Indeed, the first jury's validity finding is the law of the case.  *See AFG Indus., Inc. v. Cardinal IG Co.*, 375 F.3d 1367, 1372 (Fed. Cir. 2004); *Gaus v. Conair Corp.*, No. 94 Civ. 5693 (FM), 2003 U.S. Dist. LEXIS 1445, at *37 (S.D.N.Y. Jan. 31, 2003); *see also Gindes v. United States*, 740 F.2d 947, 949 (Fed. Cir. 1984) ("[N]o litigant deserves an opportunity to go over the same ground twice, hoping that the passage of time or changes in the composition of the court will provide a more favorable result the second time.").

Moreover, arguments about the purported "prior art" or that the asserted patents are "invalid" or "merely a combination of well-known and old elements" are irrelevant to any damages issue at the retrial.  *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009) (the hypothetical negotiation assumes that the asserted patent claims are valid and infringed).  Proffered evidence that does not have any bearing on the ultimate determination of the damages issues presented is irrelevant and should be excluded.  *See Magnivision, Inc. v. Bonneau Co.*, 115 F.3d 956, 961 (Fed. Cir. 1997) ("As Rule 402 states, irrelevant evidence is not admissible.").  Further, permitting Samsung to make arguments about the prior art would prejudice Apple by improperly suggesting that Apple's patents are not valid—contrary to the first jury's determination.  It would also confuse the issues and distract the jury from the limited damages questions that remain at issue in this case.   Accordingly, preclusion is appropriate under Federal Rules of Evidence 401, 402, and 403.

1    Dated: September 12, 2013            MORRISON & FOERSTER LLP

2

3                                        By:  */s/ Harold J. McElhinny*
                                              HAROLD J. McELHINNY
4
                                         Attorneys for Plaintiff
5                                        APPLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28