| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| ERIK J. OLSON (CA SBN 175815) | Telephone: (617) 526-6000 |
| ejolson@mofo.com | Facsimile: (617) 526-5000 |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | MARK D. SELWYN (SBN 244180) |
| San Francisco, California 94105-2482 | mark.selwyn@wilmerhale.com |
| Telephone: (415) 268-7000 | WILMER CUTLER PICKERING |
| Facsimile: (415) 268-7522 | HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| Attorneys for Plaintiff and | Telephone: (650) 858-6000 |
| Counterclaim-Defendant APPLE INC. | Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.  11-cv-01846-LHK (PSG) |
| Plaintiff, | **APPLE'S MOTION IN LIMINE REGARDING DESIGN-AROUND THEORIES NOT TIMELY DISCLOSED IN ADVANCE OF FIRST TRIAL** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Date:   October 17, 2013<br>Time:   1:30 PM<br>Place:  Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |
| Defendants. | |

APPLE'S MOTION IN LIMINE RE NEW DESIGN-AROUND THEORIES
CASE NO. 11-CV-01846-LHK (PSG)
sf-3329224

As the Court has instructed, new methodologies, theories, or data not timely disclosed for the August 2012 trial will not be permitted in the new trial. (Dkt. No. 2316 at 3; Dkt. No. 2369 at 2.) Accordingly, Apple moves to exclude from the re-trial all evidence and argument relating to Samsung's design-around theories that were not timely disclosed in advance of the first trial.

Despite the Court's explicit instructions, Samsung has signaled its intent to introduce new design-around theories at the new trial. For example, Mr. Wagner's new trial damages report includes new opinions that: (1) statements made by Apple in 2013 as part of the reexamination proceedings for the '381 and '915 patents narrowed the scope of those patents and made available additional design-arounds (Dkt. No. 2388 Ex. A ¶¶ 24-27, 40-41, 477-78, 491-92); (2) the jury verdict finding certain Samsung products not to infringe the '915 and '163 patents made those products available as design-arounds (*id*. ¶¶ 484-85, 493-94); and (3) the jury verdict significantly narrowed the scope of the D'677 patent and made available additional design-arounds (*id*. ¶¶ 232-237, 517-526).

Not only does Mr. Wagner offer these new opinions, he relies on post-trial conversations he had in July 2013 with Samsung's technical experts (Dr. Van Dam and Dr. Gray) and engineer (Mr. Bae) as the basis for the opinions. (*Id*. ¶ 27 n.25, ¶ 41 n.44, ¶ 524, n.822.)

Samsung also raised additional new design-around theories in its post-trial motions, such as the new source code for the Galaxy S II (T-Mobile) that was held out as a design-around to the '915 and '163 patents in Samsung's opposition to Apple's permanent injunction motion. (Dkt. No. 2054 at 14; Dkt. No. 2054-2 ¶¶ 11-55.) Like the new theories recently offered by Mr. Wagner, these design-around theories were not timely disclosed either.

**I.   SAMSUNG'S NEW THEORIES WERE NOT TIMELY DISCLOSED**

None of the aforementioned design-arounds was timely disclosed in advance of the first trial.

The original expert reports of Mr. Wagner and Samsung's technical experts (Drs. Van Dam, Gray, and Johnson) are devoid of support for Mr. Wagner's new design-around theories for the '381, '915, and '163 patents. (Dkt. No. 999-18 at 180-199, 939-4 Ex. 11, Ex. 17 at 40, Ex. 19 at 32-36 and 72-74.) Dr. Van Dam, who Mr. Wagner cites in support of his new design-around

1  theory for the '381 patent based on the Lira method, was not even Samsung's non-infringement

2  expert on the '381 patent at the first trial.[1]  Likewise, Mr. Wagner's new theories as to the D'677

3  design patent were not part of his original report and Mr. Anders's non-infringement expert report

4  included no discussion whatsoever of possible design-arounds.[2]  (Dkt. No. 939-4 Ex. 30.)

5  Nor were any of the new design-around theories disclosed in Samsung's contention

6  interrogatory responses.  In response to Apple's interrogatories seeking contentions on alleged

7  design-arounds, Samsung responded with *no contention* as to design patents and only cursory

8  contentions as to utility patents, none of which disclosed Mr. Wagner's new design-around

9  theories for Apple's utility patents.  (Declaration of Patrick J. Zhang in Support of Apple's

10 Motion *in Limine* Regarding Design-Around Theories Not Timely Disclosed in Advance of First

11 Trial ("Zhang Decl.") Decl. Ex. A.)

12 Moreover, Samsung's alleged design-around source code for the Galaxy SII (T-Mobile)

13 and Mr. Gray's detailed analysis of that code were disclosed for the first time in Samsung's

14 opposition to Apple's permanent injunction motion.  They were not part of the original Wagner

15 and Gray expert reports' high-level descriptions of design-around theories for the '915 and '163

16 patents.  Thus, neither the new source code nor Dr. Gray's analysis was timely disclosed.

17 The Court has made clear that theories not timely disclosed during discovery cannot be

18 presented at trial, whether in August 2012 or November 2013.  (Dkt. No. 1545 at 5-9; Dkt. No.

19 2316 at 3; Dkt. No. 2369 at 2.)  Apple has abided by that directive and would be severely

20 prejudiced if such evidence were permitted at this point.  Accordingly, Samsung should not be

21 allowed to introduce any evidence or argument on design-arounds that was not timely disclosed

22 in advance of the first trial.

---

[1] Dr. Van Dam submitted a report only as to the validity of the '381 patent.  Dr. Johnson submitted the rebuttal expert report on non-infringement of the '381 patent, which is similarly devoid of support for Samsung's new alleged design-around.

[2] In fact, Mr. Anders's entire opinion as to non-infringement of the D'677 patent by the Infuse 4G was stricken as untimely disclosed in advance of the first trial. (Dkt. No. 1144 at 3; Dkt. No. 1545 at 5-9; Dkt. No. 939-4 Ex. 30, Part C, pp. 19-24.)

## II. SAMSUNG'S NEW THEORIES WOULD NOT BE ADMISSIBLE EVEN IF THEY HAD BEEN TIMELY DISCLOSED

In addition to being improper because they are untimely, Mr. Wagner's opinions that Apple's statements in reexamination narrowed the scope of the asserted patents constitute an improper attempt to alter the Court's claim constructions, which were used by the first jury in determining infringement and validity, constitute law of the case, and cannot be contradicted at the re-trial by Mr. Wagner. (*See* Apple's Motion *In Limine* Regarding Reexamination Proceedings, filed concurrently.) These theories should be excluded as irrelevant under Federal Rule of Evidence 402 or unduly prejudicial under Rule 403.

Moreover, Samsung was not permitted to and has not offered any supplemental reports from its technical experts, and thus has no competent evidence to support its new design-around theories. Mr. Wagner is not qualified to opine on whether these purported redesigns infringe Apple's patents. Mr. Wagner has never been proffered or accepted as an expert on utility patent or design patent infringement. In fact, given his background, Mr. Wagner is plainly not qualified under Federal Rule of Evidence 702 to offer his new opinions on design-arounds.

Finally, Mr. Wagner's attempt to divine from the jury verdict new design-arounds purportedly available to Samsung should be excluded as impermissible speculation regarding the jury's decision-making under Federal Rule of Evidence 606, an unqualified opinion under Rule 702, and substantially more prejudicial than probative under Rule 403. As Mr. Wagner admitted, no one can know the basis for the jury's non-infringement findings. (Dkt. No. 2382-5 at 799:22-805:2, 834:18-836:13.) Mr. Wagner's attempt to read the verdict as an endorsement of certain design-arounds is unqualified speculation.

Dated: September 12, 2013                MORRISON & FOERSTER LLP

                                         By:   */s/ Harold J. McElhinny*
                                               HAROLD J. MCELHINNY

                                               Attorneys for Plaintiff
                                               APPLE INC.

APPLE'S MOTION IN LIMINE RE NEW DESIGN-AROUND THEORIES
CASE NO. 11-CV-01846-LHK (PSG)
sf-3329224

3