HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION PURSUANT TO FED. R. EVID. 702 WITH RESPECT TO JULIE DAVIS'S QUALIFICATIONS**<br><br>Date: October 10, 2013<br>Time: 1:30 PM<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

## I. INTRODUCTION

Despite the Court's order limiting Samsung's Rule 702 motion to "qualifications only," Samsung has filed a motion challenging Apple's new damages expert's ability to testify about issues that Apple's former damages expert—the late Terry Musika—*already testified to at trial*. Samsung asserts that Apple's new expert, Ms. Julie Davis, should be precluded from testifying about Samsung's copying because Ms. Davis is "not a technical person." (Dkt. No. 2386 at 2.) But Mr. Musika (who also was "not a technical person") testified at the first trial ***without any objection from Samsung*** that Samsung's internal documents evidencing copying are probative of demand. Ms. Davis intends to do the same. Samsung's motion is an improper attempt to relitigate the admissibility of Mr. Musika's theories and methodologies, which is precisely the sort of "new challenge[]" that this Court ordered would not be permitted as part of the new trial. (Dkt. No. 2320 at 69:9 ("Apr. 29, 2013 CMC Tr.").) For this reason alone, Samsung's motion should be denied.

Samsung's motion also fails on the merits. Evidence of copying is relevant to determining damages (e.g., demand in the lost profits/*Panduit* context and the utility and advantages of the patented property in the reasonable royalty/*Georgia-Pacific* context). These are issues squarely within Ms. Davis's domain, and it is well-settled that in rendering those opinions, Ms. Davis, as a damages expert, may testify about what the documents she relied upon revealed to her. There is no basis for exclusion under Rule 702.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 permits expert testimony so long as the expert "is qualified by knowledge, skill, experience, training, or education" and possesses specialized knowledge that "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The rule requires that such opinion testimony rest on "sufficient facts or data" and reflect the use of "reliable principles and methods" appropriate to the expert's field. *Id.* The test of "reliability" under FRE 702 is a "flexible one." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 594 (1993). Courts are to presume that the expert's testimony "will have a reliable basis in the knowledge and experience of his discipline." *Kumho Tire Co. v. Carmichael*, 526

U.S. 137, 148 (1999) (quoting *Daubert*, 509 U.S. at 592); *Redfoot v. B.F. Ascher & Co.*, No. C 05-2045 PJH, 2007 WL 1593239, at *3 (N.D. Cal. 2007) (under *Daubert*, "there is a presumption of admissibility").

## III. BACKGROUND

### A. Ms. Davis Is A Qualified Expert On Damages.

Ms. Davis is an expert on intellectual property damages, having been qualified as such at trial in more than 50 cases, including in this District. (Decl. of Christopher L. Robinson in Supp. of Apple's Opp'ns to Mots. re Julie L. Davis ("Robinson Decl.") Ex. C, Davis Report at Exhibit 1-PT (identifying testimony experience of Julie Davis).) In accordance with the Court's directive (Dkt. No. 2316 at 3), Ms. Davis is trained as an accountant and licensed as a CPA in five states (including California). Ms. Davis has more than 35 years of experience and her fields of expertise include accounting, finance, valuation, business planning, and economic damages analysis. She is a named partner of Davis & Hosfield Consulting LLC was and formerly co-managing partner of the intellectual property practice at KPMG LLP.

Ms. Davis expects to testify at trial regarding the amount of damages owed by Samsung for its infringement of five Apple patents, using the same methodologies and theories employed by Apple's previous expert Mr. Musika.

### B. Ms. Davis's Opinions That Samsung Now Challenges Are No Different From Those Asserted By Mr. Musika At The First Trial.

Mr. Musika testified at the first trial that, among other things, Apple was entitled to lost profits for Samsung's infringement of the five patents that are the subject of the retrial. Mr. Musika concluded that Apple had suffered lost sales due to Samsung's infringement, and using the *Panduit* factors, evaluated the size and scope of Apple's damages.

One of the *Panduit* factors requires assessment of the demand for Apple's smartphones and tablets. Mr. Musika concluded that there was demand. Mr. Musika reached that conclusion by reviewing a host of documents and information, including Dr. Hauser's consumer surveys, Apple's advertising material, internal Samsung documents, and testimony of other witnesses. Among the internal Samsung documents on which Mr. Musika based his opinions were planning

and strategy documents that compared, on a feature-by-feature basis, Samsung's products in development with Apple's marketed products and recommended that Samsung implement Apple's features into its own products. Mr. Musika detailed these documents in his report and at trial and concluded that, in his opinion, they reflected Samsung's recognition of the demand for Apple's products and Apple's patented features:

- *See* Aug. 13, 2012 Trial Tr. at 2078:4-7 ("Q: Did you look at any internal Samsung documents in evaluating this issue of demand for Apple products? A: Yes.");
- *id*. at 2079:7-2081:14 (testifying that Samsung's internal "iPhone Effect Analysis" document provided evidence of demand);
- *id*. at 2082:10-2083:6 (testifying that a Samsung internal email advising to "learn the wisdom of the iPhone and recognize the standard of the industry which was set by them already" was relevant to demand);
- *id*. at 2161:15-20 (testifying that he "was looking for and found evidence of the design element being a function or a factor in the demand . . . [i]n Samsung's own words");
- *see also* Robinson Decl. Ex. A, Musika Report ¶ 59 (opining that "[m]ultiple third party analysts specifically noted the design to which the Samsung products introduced in this period copied Apple's phones");
- *id*. ¶ 103 (opining that "Samsung saw a sudden increase in market share since the second quarter of 2010 following the first sales of the Samsung Accused Products, including the Galaxy S which Apple has alleged copied Apple's designs and Intellectual Property In Suit. One analyst stated that in the worldwide mobile phone market, Samsung's 'growth is coming entirely from smartphones with the Galaxy line (Samsung's Android OS phones) as the main driver.' The evidence as a whole, including matters discussed later in my report, points to Samsung taking market share from Apple.");
- *id*. ¶ 124 (opining that "[t]here is ample evidence that Samsung copied Apple's designs and its patented technology. It is also apparent that they did so based on a

belief that such actions made the resulting products significantly more desirable to customers.").

- *see also* Robinson Decl. Ex. B, Musika Supp. Report at Ex. 24-S, citing ninety-seven documents evidencing demand for design patents, including documents admitted at trial as PX 44 and PX 185.

Ms. Davis agrees with Mr. Musika's opinions regarding demand, including the extent to which "Samsung's own words" are relevant to demand, and intends to provide a similar analysis at trial based on her own review of the evidence. (*Compare* Musika Supp. Report at Exs. 24-S, 25-S, *with* Davis Report at Exs. 24-PT, 25-PT; *compare also* Musika Report ¶¶ 121, 122, *with* Davis Report ¶¶ 103-107.)

Samsung never objected to these opinions by Mr. Musika under FRE 702. (*See* Dkt. No. 927-1 (Samsung's May 17, 2012 motion to exclude certain opinions of Mr. Musika for reasons other than his purported opinions on "copying").) Yet, Samsung now seeks to prevent Ms. Davis from offering the very same opinions based on the very same evidence, and despite the fact that her professional qualifications mirror Mr. Musika's.

## IV. ARGUMENT

### A. Samsung's Rule 702 Motion Is A Belated And Impermissible Challenge To Mr. Musika's Theories.

This Court made clear at the April Case Management Conference that any Rule 702 objection to Ms. Davis was to be limited to "qualifications alone" and could not be based on theories from the first trial that Samsung could have objected to, but did not, and now wishes it did:

> Because everyone is just going to be using the theories that have already gone through extensive motion practice last year, ***there will be no new challenges to theories***. Okay?

(Apr. 29, 2013 CMC Tr. at 69:7-9 (emphasis added).)

Although styled as a motion "with respect to [Ms. Davis's] qualifications," Samsung's Rule 702 motion does not actually challenge any of Ms. Davis's qualifications to offer an opinion on damages—nor could it, since her impressive background and expertise are more than

sufficient to qualify her as a patent damages expert. Instead, Samsung's motion is precisely the sort of new challenge to Apple's theory that the Court has expressly prohibited. Samsung seeks to preclude Ms. Davis from providing testimony that Samsung's internal documents evidencing copying or "competitive analysis" are probative of demand. But Mr. Musika relied on the *same* documents to offer the *same* opinions. (*See, e.g.*, Aug. 13, 2012 Trial Tr. at 2161:15-20 ("So I was looking for and found evidence of the design element being a function or a factor in the demand. Q: In Samsung's own words? A: Yes."); *id.* at 2079:7-2081:14 (testifying that Samsung's internal "iPhone Effect Analysis" provided evidence of demand); *id.* at 2082:10-2083:6 (testifying that Samsung internal email was evidence of demand); Musika Report ¶ 124 (opining that "[t]here is ample evidence that Samsung copied Apple's designs and its patented technology" and "did so based on a belief that such actions made the resulting products significantly more desirable to customers").)

Samsung should not be permitted to relitigate the admissibility of Mr. Musika's theories. (*See* Apr. 29, 2013 CMC Tr. at 71:24-72:2 ("I don't want to relitigate – anything that's already been decided and has already survived a *Daubert* motion or a motion in limine will continue to be admissible and part of the case.").) Samsung had every opportunity to seek to exclude Mr. Musika's theory that Samsung's internal documents evidencing copying or "competitive analysis" are probative of demand. It did not do so. For this reason alone, the Court should deny Samsung's motion.

**B. Ms. Davis Is Qualified To Testify Concerning Samsung Documents Relevant To Demand, As They Support Her Lost Profits And Reasonable Royalty Opinions.**

Samsung's motion also fails on the merits because evidence that Samsung looked to and copied Apple's patented features is relevant to determining lost profits and reasonable royalty, both of which are issues properly within Ms. Davis's domain as a damages expert. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1327-1328 (Fed. Cir. 2012) (stating that "the evidence that Samsung's employees believed it to be important to incorporate the patented feature into Samsung's products is certainly relevant to the issue of nexus between the patent and market harm"); *Apple Inc. v. Samsung Elecs. Co.*, No. 2013-1129, Oral Argument at 1:01:22-1:01:42

(Fed. Cir. Aug. 9, 2013) (Judge Bryson stating that "evidence of copying is definitely relevant" to demand), *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2013-1129.mp3; *see also Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1360 (Fed. Cir. 2012) (lost profits award supported by infringer's internal documents comparing the infringer's previous product and the patentee's product and describing the advantage of the patented feature).

It is well-settled that experts may testify about what documents reveal and whether they are relevant to their ultimate opinions in a case. *See Presidio Components*, 702 F.3d at 1360; *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 U.S. Dist. LEXIS 136172, at *7 (N.D. Cal. Nov. 28, 2011) (allowing expert damages testimony where expert relied on technical background documents relevant to damages analysis). Ms. Davis accordingly intends to refer to documents demonstrating that Samsung's employees looked to and copied Apple's patented features when designing Samsung's products—which were admitted at the first trial, discussed by Mr. Musika, and cited in Ms. Davis's expert report—as they are clearly relevant to her lost profits and reasonable royalty opinions.

While full of hyperbolic accusations, Samsung's motion fails to identify ***a single instance*** in which Ms. Davis engages in the sort of opinion-making that Samsung contends is improper. Ms. Davis refers to and can properly testify about exhibits already admitted into evidence in which Samsung said it has, or will, incorporate the specific infringing features. *See*, *e.g.*, PX 44, PX 185. This is evidence of demand and but-for causation of lost sales. Providing damages opinions based on this evidence is squarely within the scope of Ms. Davis's expertise and does not require "corporate mind-reading regarding Samsung's motivations and intentions." (Dkt. No. 2386 at 5.) None of the portions of Ms. Davis's report cited in Samsung's motion suggests otherwise. (*See id.* (citing Davis Report ¶¶ 82, 103, 105-107, 180, 186, 205, 254, Exs. 24-PT, 25-PT).)

- Paragraph 82 discusses the impact of Samsung's infringement on Apple's market leadership position. Ms. Davis appropriately explains that copying is relevant to the issue of lost profits because the "sale of competing products that copy Apple's product

1 designs and features diminishes Apple's ability to position itself as a market leader
2 and its reputation for innovation and design."

- Paragraphs 103 and 105-107 discuss evidence demonstrating, for example, that consumers, industry analysts, and Samsung itself praised specific features of Apple's products and that Samsung prepared a feature-by-feature comparison of its own proposed smartphone to Apple's iPhone. Ms. Davis properly relies on these documents as evidence of consumer demand.

- Paragraphs 180 and 205 relate to Apple's licensing practices and have nothing to do with Samsung's products or mental state.

- Paragraph 186 relates to licensing discussions between Apple and Samsung and have nothing to do with Samsung's products or mental state.

- Paragraph 254 recounts testimony from an Apple witness (Boris Teksler) regarding the "importance to Apple that Samsung stop copying Apple's products and designs."

- Finally, Exhibits 24-PT and 25-PT are substantively identical exhibits from Mr. Musika's supplemental report comprising a collection of documents that details examples of demand for the five Apple patents at issue in the damages retrial.

Rather, Ms. Davis will provide an opinion, based on her analysis of the documents and testimony, that Samsung's own evaluation of Apple's features is evidence of demand that entitles Apple to, among other things, lost profits and/or a reasonable royalty. Ms. Davis does not need a technical background to testify about what the documents reveal. *See Oracle*, 2011 U.S. Dist. LEXIS 136172, at *12-13 (finding that damages experts without technical backgrounds who relied on the contents of admissible documents were not unqualified to testify regarding lost profits). She need only be qualified to make an opinion that ***such evidence is probative of demand***. As a damages expert, she most certainly is, and Samsung's motion does not contest otherwise. Accordingly, the Court should deny the motion.

## V.     CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court deny Samsung's Rule 702 motion.

| | | |
|---|---|---|
| 1 | Dated: September 12, 2013 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: */s/ Harold J. McElhinny* |
| 4 | | HAROLD J. McELHINNY |
| 5 | | Attorneys for Plaintiff APPLE INC. |