# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

APPLE, INC., a California Corporation

vs. CN:11-CV-01846-LHK

SAMSUNG ELECTRONICS COMPANY, LTD, a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York Corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware Limited Liability Company.

___________________________________/

The videorecorded deposition of RAVIN BALAKRISHNAN, PH.D., was held on Friday, April 20, 2012, commencing at 9:07 A.M., at the Law Offices of Quinn Emanuel, 1299 Pennsylvania Avenue, N.W., Suite 825, Washington, D.C., before Ronda J. Thomas, a Notary Public.

REPORTED BY:

Ronda J. Thomas, RPR, CLR

JOB NO. 48807

intended use of all of the features in the Gallery application on the accused products infringes claim 1 of the '381 patent? 01:37 01:37 01:37

MR. BUSEY: Objection. Ambiguous. Confusing. 01:37 01:37

A You said all of the features? I'm only accusing a part of the Gallery which relates to the, what we have been calling the snapback or bounceback functionality. 01:37 01:37 01:37 01:37

Q All right, okay. 01:37

So, and that's true for the other paragraphs in the report where it says the ordinary and intended use of the accused products is only as it relates to the '381 patent, the snapback function. 01:37 01:37 01:37 01:37

MR. BUSEY: Objection. Ambiguous, confusing. 01:37 01:37

Q Right? 01:37

A For purposes of infringement for this patent, that function and including the dependent claims, of course. 01:37 01:37 01:37

Q Okay. And by the way, with respect to the, the assertion of infringement against the Gallery, is it only in the context of when a photograph is zoomed in that the Gallery application infringes the '381 patent? 01:37 01:38 01:38 01:38 01:38

(Witness reading.) 01:38

MR. BUSEY: Objection to the extent it calls for a legal conclusion. 01:38

A My analysis that I set forth in my report for Gallery application considered the situation where the image was zoomed in and then manipulated as per the claims of the '381 patent. 01:38 01:38 01:39 01:39

Q And you've not formed an opinion as to whether a non-zoomed-in image in the Gallery application infringes the '381 patent, have you? 01:39 01:39 01:39

A I did not do that analysis for the purpose of this report. 01:39 01:39

Q Does a non-zoomed-in photo in the Gallery application in the Samsung products infringe the '381 patent? 01:39 01:39 01:39

MR. BUSEY: Objection. Calls for a legal conclusion. 01:39 01:39

A I would have to sit down and do that analysis. I have not done that detailed analysis. 01:39 01:39

Q You've looked at only zoomed-in photographs to determine if those photographs infringe the '381 patent? And I'm just talking about the Gallery application. 01:39 01:40 01:40 01:40

A For the Gallery application, my detailed analysis as set forth in the report is based on only 01:40 01:40

the case where it's zoomed in. 01:40

Q All right. And you've never looked at the case where the photograph is not zoomed in? 01:40 01:40

A Well, of course I've looked at it. We just looked at it here. 01:40 01:40

Q Yeah. 01:40

A But I haven't done a detailed element-by-element analysis trying to match it up. 01:40 01:40

Q That's because your analysis is that a non-zoomed-in photograph is not infringed, right? 01:40 01:40

MR. BUSEY: Objection. Objection. Mischaracterizes the witness' testimony. 01:40 01:40

A I haven't done that detailed analysis. My understanding is you do an analysis if it's on the zoomed in, for example, and it infringes all the elements, that's sufficient to show infringement of that product. 01:40 01:40 01:40 01:40 01:40

Q Does a non-zoomed-in image in the Gallery application of the Samsung phones infringe the '381 patent? 01:40 01:40 01:41

MR. BUSEY: Objection. Ambiguous. Asked and answered. Calls for a legal conclusion. 01:41 01:41

A As I just answered it, I have not done that analysis, and I don't think I can answer that without doing the detailed analysis. 01:41 01:41 01:41