HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF NATHAN SABRI IN SUPPORT OF APPLE'S MOTION TO SEAL REGARDING APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE PORTIONS OF DAVIS REPORT** |

I, Nathan Sabri, hereby declare as follows:

1. I am an attorney with the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple"). I am licensed to practice law in the State of California. I have personal knowledge of the matters stated herein or understand them to be true. I submit this declaration in support of Apple's Motion to Seal Regarding Apple's Opposition to Samsung's Motion to Strike Portions of Davis Report ("Apple's Opposition to Samsung's Motion to Strike.")

2. **Exhibit A** to the Declaration Of Christopher L. Robinson In Support Of Apple's Oppositions To Samsung's Motions re Julie L. Davis ("Robinson Decl.") consists of the March 22, 2012 Expert Report of Terry L. Musika, CPA. **Exhibit B** to the Robinson Decl. consists of the May 8, 2012 Supplemental Expert Report of Terry L. Musika, CPA. **Exhibit C** to the Robinson Decl., which consists of an annotated version of the Expert Report of Julie L. Davis, CPA (as of 8/23/2013). The same three exhibits were filed as exhibits to the Becher Declaration in Support of Samsung's Motion to Strike on August 30, 2013 (Dkt. No. 2386-1.) Apple supported sealing at that time with a declaration. (Dkt. No. 2392.)

3. **Exhibit D** to the Robinson Decl. consists of a redline showing the changes between Ms. Davis's report and Mr. Musika's March 22, 2012 report. It therefore contains the same information as Exhibits A and C.

4. **Exhibits J and K** to the Robinson Decl. consist of an excerpt from the May 14, 2012 Deposition of Terry Musika and an excerpt from the August 20, 2013 Deposition of Michael J. Wagner. Exhibits J and K to the Robinson Declaration contain confidential Samsung information.

5. Apple's Opposition refers to confidential capacity information, citing a paragraph of the Davis Report that Apple has requested the Court to seal.

6. As Apple has stated in declarations supporting the sealing of this material in the past, public disclosure of the confidential information at issue in these documents would likely cause Apple competitive harm. (Dkt. Nos. 2382, 2392.) Mr. Bean stated in his 2012 declaration regarding the Musika reports, and Ms. Wheeler reiterated more recently with respect to the same reports as well as the Davis report, that disclosure of Apple's capacity information would allow

1  Apple's competitors to take advantage of unfair knowledge to take advantage of Apple's
2  manufacturing practices and patterns.  (Dkt. No. 2392 ¶ 6; Dkt. No. 1502 ¶ 6.)  The same
3  declarations explained that profit/loss information would give competitors a substantial advantage
4  over Apple as competitors could tailor offerings and pricing to undercut Apple.  (Dkt. No. 2392 ¶
5  6; Dkt. No. 1502 ¶ 8.)  Publication of pricing terms, royalty rates, or other payment-related terms
6  could be used by other parties in future licensing negotiations to gain an unfair and uneven
7  bargaining position.  (Dkt. No. 2392 ¶ 7; Dkt. No. 1502 ¶ 9.)  Disclosure of IDC's material would
8  severely harm IDC, and Apple's relationship with IDC, as public release of detailed information
9  from IDC reports that cost thousands of dollars would supplant the market for those reports.  (Dkt.
10  No. 2392 ¶ 9; Dkt. No. 1408-2.)

11  I declare under penalty of perjury that the foregoing is true and correct.  Executed this
12  12th day of September, 2013 at San Francisco, California.

*/s/ Nathan Sabri*
Nathan Sabri

**ATTESTATION OF E-FILED SIGNATURE**

I, Harold J. McElhinny, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Nathan Sabri has concurred in this filing.

Dated: September 12, 2013              */s/ Harold J. McElhinny*
                                                            Harold J. McElhinny