| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>ERIK J. OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522<br><br>Attorneys for Plaintiff and<br>Counterclaim-Defendant APPLE INC. | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>           Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF JULIE L. DAVIS**<br><br>Date:     October 10, 2013<br>Time:     1:30 p.m.<br>Place:    Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |

**PUBLIC REDACTED VERSION**

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................................... 1

I.   MS. DAVIS'S REPORT FULLY COMPLIES WITH THE COURT'S RULINGS ................................................................................................................ 1

II.  THE START DATE OF DESIGN-AROUND PERIODS IS A QUESTION OF FACT ON WHICH MS. DAVIS'S OPINIONS ARE PROPER AND ADMISSIBLE............................................................................................................. 2

III. MS. DAVIS'S OPINIONS REGARDING CAPACITY REFLECT THE COURT-ORDERED NOTICE DATES AND THE NEW TRIAL PRODUCTS ................................................................................................................. 4

IV.  MS. DAVIS PRESENTS THE SAME THEORIES REGARDING INFRINGER'S PROFITS AS MR. MUSIKA ............................................................. 4

V.   MS. DAVIS DOES NOT ALTER THE SCOPE OF PATENTED TECHNOLOGY ............................................................................................................ 5

VI.  MS. DAVIS WILL NOT OFFER EXCLUDED OPINIONS AT TRIAL ..................... 5

VII. THE COURT SHOULD NOT STRIKE ANY EVIDENCE THAT MS. DAVIS CITES ............................................................................................................... 6

VIII. THE COURT SHOULD DISREGARD SAMSUNG'S IMPROPER REQUESTS FOR RELIEF ........................................................................................... 7

CONCLUSION ......................................................................................................................... 7

APPLE'S OPPOSITION TO MOT. TO STRIKE PORTIONS OF EXPERT REPORT OF JULIE L. DAVIS
Case No. 11-cv-01846-LHK (PSG)
sf-3329119

ii

# INTRODUCTION

After claiming that Ms. Davis's Report had so egregiously violated the Court's rulings that the trial date should be vacated, Samsung now admits that Ms. Davis's changes are "small." (Mot. at 1.) Even that is an overstatement. Samsung seeks to strike from Ms. Davis's report information that is identical to what Mr. Musika provided, such as tables showing infringer's profits on a "Revenue Basis" and Apple's lost profits (*compare* Dkt. No. 2386-2 ¶¶ 65-67, *with* Decl. of Christopher L. Robinson in Supp. of Apple's Opp'ns to Mots. re Julie L. Davis ("Robinson Decl.") Ex. A ¶¶ 85-86), and a description of the history of Samsung's incomplete and error-filled productions (*compare*, *e.g.*, Dkt. No. 2386-2 ¶¶ 147-148, *with* Robinson Decl. Ex. A ¶¶ 143-44 *and id.* Ex. B ¶¶ 29-30). Samsung goes so far as to ask the Court to prevent Ms. Davis from referencing what Mr. Musika said in his report. (Dkt. No. 2386-2 ¶ 90.) Nothing should be struck from Ms. Davis's report.

## I.   MS. DAVIS'S REPORT FULLY COMPLIES WITH THE COURT'S RULINGS

Ms. Davis took extreme care to comply with the Court's rulings. She validated Mr. Musika's theories and calculations and updated them to reflect the patents and products at issue in the new trial and the Court-ordered notice dates for those patents. She tracked Mr. Musika's disclosures, used his model, methodologies, and theories, and used the same data as inputs into the model. (Robinson Decl. Ex. C ¶ 89.)

The redline comparison demonstrates that the report is Ms. Davis's work product, as she explains in her own words how she examined and validated Mr. Musika's opinions. (*Id.* Ex. D.) Ms. Davis explicitly identifies the new material in the report (*see*, *e.g.*, *id.* Ex. C ¶ 92 (background on prior trial)) and the adjustments she made to Mr. Musika's opinions (*see*, *e.g.*, *id.* ¶¶ 91-93). (*See also id.* Exs. H-I.) Ms. Davis explains the modifications she made to reflect the jury's verdict and this Court's Orders, including her calculation of damages only for the 13 new-trial products and using the Court-ordered notice dates. (*Id.* Ex. C ¶¶ 92-93.) Ms. Davis also shows that relevant testimony and documents from the first trial confirm her opinions. (*Id.* ¶¶ 131-39, 164-68, 252-57.) Given the limited time allotted in the new trial, Apple believes it may be appropriate to have Ms. Davis tell the jury about the extensive evidence on which Mr. Musika

APPLE'S OPPOSITION TO MOT. TO STRIKE PORTIONS OF EXPERT REPORT OF JULIE L. DAVIS
Case No. 11-cv-01846-LHK (PSG)
sf-3329119

1

relied, as well as the additional trial testimony and evidence that support the opinions initially disclosed in Mr. Musika's report that she will now present. Doing so will permit a more streamlined trial, consistent with the Court-ordered time limits. There is no reason to compel each of the foundational witnesses who testified at the first trial to testify again.

## II. THE START DATE OF DESIGN-AROUND PERIODS IS A QUESTION OF FACT ON WHICH MS. DAVIS'S OPINIONS ARE PROPER AND ADMISSIBLE

In the April 29, 2013 Case Management Order (Dkt. No. 2316), this Court ruled that "[t]he sole purpose of the [new] trial is to correct the erroneous notice dates." Ms. Davis did just that, calculating lost profits from the date of actual notice. Samsung wrongly complains that Ms. Davis has departed from Mr. Musika's lost profits approach by using the Court-ordered notice dates as the start of the assumed design-around period. But Mr. Musika's approach was completely consistent. He stated:

> Accordingly, Apple's lost sales are based on the amount of lost sales only during the number of months Samsung is removed from the market. . . . I understand that Samsung contends that it lacked actual or constructive notice of its infringement for at least some of the patents until suit was filed. *To the extent that Samsung succeeds with respect to this claim, the calculations done to determine the amount of time that Samsung would be unable to sell products should begin at the date in which notice is proven*. As noted above, the model can be adjusted to provide the Court, counsel or the jury an alternative calculation reflecting this change.

(Robinson Decl. Ex. A ¶ 129 (emphasis added).) The Court corrected the dates of Samsung's notice. Ms. Davis applies Mr. Musika's method to the Court's corrected notice dates, not a "new" theory. Ms. Davis's Exhibits 17-PT-J and 17-PT-K provide alternative amounts for periods with start dates *before* notice—dates that are not Mr. Musika's (as Samsung incorrectly asserts), but Samsung's. She labeled the use of those start dates as "illogical." (*Id*. Ex. C ¶ 93 n.107.)

Samsung in effect asks this Court to establish a per se rule that, as a matter of law, the design-around period must start on the date of first infringement. The Federal Circuit has never so held; it has treated the question of whether, and when, a noninfringing alternative was

APPLE'S OPPOSITION TO MOT. TO STRIKE PORTIONS OF EXPERT REPORT OF JULIE L. DAVIS
Case No. 11-cv-01846-LHK (PSG)
sf-3329119

2

available as a question of fact.[1] According to the Federal Circuit: "The critical time period for determining availability of an alternative is the period of infringement *for which the patent owner claims damages*, i.e., the 'accounting period.'" *Grain Processing Corp. v. Am. Maize Prods. Co.*, 185 F.3d 1341, 1353 (Fed. Cir. 1999) (emphasis added). *Grain Processing* did *not* hold that this "accounting period" starts, as a matter of law, at the date of first infringement. Instead, it treated the availability of a noninfringing alternative as a question of fact. The district court found, and the Federal Circuit affirmed, that the time required from the beginning of experiments until the beginning of mass production of the noninfringing alternative was only two weeks, and the district court found that time period to be "'practically instantaneous' for large-scale production." 185 F.3d at 1346.

That fact-based approach in the lost profits context is distinct from reasonable royalty damages, where the law imposes an assumption that (regardless of the actual facts) the infringer knew about the patent as of the date of first infringement. Neither *Grain Processing* nor any other Federal Circuit case makes such an assumption for the computation of lost profits damages. In *Grain Processing*, the Federal Circuit relied on the district court's finding that the infringer effected the design around "'practically instantaneous[ly]' upon *becoming aware* of infringement." *Id.* at 1353.

*Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*, 711 F.3d 1348, 1378-79 (Fed Cir. 2013), provides Samsung no support. Rather than imposing a counter-factual legal assumption, it reversed the district court for doing so by excluding evidence about the effect of pre-notice price erosion on the patentee's profits after the notice date. Similarly, *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1155 (6th Cir. 1978), does not support Samsung because the infringer in that case had notice when the infringement began.

The exact question presented by Samsung here arose in *Callaway Golf Co. v. Acushnet Co.*, 691 F. Supp. 2d 566, 575 (D. Del. 2010). The accused infringer sought to exclude an

---

[1] *See, e.g., Synqor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1382 (Fed. Cir. 2013)*; Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1359-61 (Fed. Cir. 2012)*.*

APPLE'S OPPOSITION TO MOT. TO STRIKE PORTIONS OF EXPERT REPORT OF JULIE L. DAVIS
Case No. 11-cv-01846-LHK (PSG)
sf-3329119

3

1  expert's damages opinions for failing to "create[] the 'but for' world for lost profits starting at the
2  date of first infringement." *Id.* at 574.  The court rejected the argument as "carr[ying] with it the
3  risk of recreating a 'fantasy' world, not simply a 'but for' world." *Id*. at 575.
4          Finally, Samsung mischaracterizes the Court's prior orders.  The Court did not bar Mr.
5  Musika from presenting lost profits based on a notice-based design around period.  Mr. Musika
6  calculated lost profits beginning on Apple's proposed notice date and ending on the date Samsung
7  would have re-entered the market with a design-around alternative (*see* Trial Tr. 2084).  This is
8  the same methodology that Ms. Davis uses, adjusted for the Court-ordered notice dates.

### III.  MS. DAVIS'S OPINIONS REGARDING CAPACITY REFLECT THE COURT-ORDERED NOTICE DATES AND THE NEW TRIAL PRODUCTS

Mr. Musika assessed whether Apple had sufficient inventory and capacity to produce enough additional iPhones and iPads to cover Samsung's sales of all 28 accused products in the period after Apple contended that Samsung first had notice of its infringement.  The new trial involves far fewer products and different notice dates.  Thus, to update Mr. Musika's opinions, Ms. Davis used the same methods and data that Mr. Musika used to determine Apple's inventory and capacity to produce additional units during the relevant period.  She determined that, ▮

▮  She found, consistent with Mr. Musika's report and testimony, that Apple also had capacity to manufacture more iPhone 3GS units (but not more iPhone 4 units).  (Trial Tr. 2142:10-19; *see also* Robinson Decl. Ex. C ¶¶ 116-117, 124 & Ex. 26-S.)  The only "change" is the number of units at issue because of the change in notice dates and the reduction in products at issue in the new trial.

### IV.  MS. DAVIS PRESENTS THE SAME THEORIES REGARDING INFRINGER'S PROFITS AS MR. MUSIKA

Mr. Musika calculated Samsung's gross profits and incremental profits for all the accused products at issue in the first trial.  (Robinson Decl. Ex. A at Ex. 50-S n.2; *see* PX28 n.2.) Samsung's assertion to the contrary (Mot. 5:14-19) is wrong.  Mr. Musika used information in PX28, the same source Ms. Davis uses, to calculate the incremental profits percentage—which, as Ms. Davis also concludes, confirms the gross profit percentage he calculated.  (Robinson Decl.

APPLE'S OPPOSITION TO MOT. TO STRIKE PORTIONS OF EXPERT REPORT OF JULIE L. DAVIS
Case No. 11-cv-01846-LHK (PSG)
sf-3329119

4

1  Ex. B ¶¶ 38-40 & Ex. 50-S; *id*. Ex. J at 147:11-24).)  Mr. Musika presented damages amounts at
2  trial based on gross profits.  (Trial Tr. 2060:13-2066:22; PX28; PX25A1.)

3        Like Mr. Musika, Ms. Davis also calculated gross profits and incremental profits, using
4  the identical data inputs as Mr. Musika, adjusted to reflect only the relevant new-trial products.
5  (Robinson Decl. Ex. C ¶ 145 & Ex. 50.1-PT.)  She also provided schedules breaking out amounts
6  for the relevant time periods on a product-by-product basis for each of the new products, using, as
7  Mr. Wagner has agreed, the identical methods.  (*Id*. at Exs. 50.1 to 50.9-PT, 17.1-PT-I & K, 18.1-
8  PT-I & K; *id.* Ex. K at 850:4-855:22).)  This is not new—it is an application of Mr. Musika's
9  methods to the relevant subset of facts.

10        Like Mr. Musika, Ms. Davis will present a damages amount at trial based on gross profits.
11  Also like Mr. Musika, Ms. Davis uses the incremental profits calculations as a check that
12  confirms the reasonableness of her opinions on Samsung's profits.  (*Id*. Ex. L at 274:22-275:14).)

13  **V.   MS. DAVIS DOES NOT ALTER THE SCOPE OF PATENTED TECHNOLOGY**
14        Samsung asserts that the words Ms. Davis uses to describe the '381, '915, and '163
15  patents "broaden and change" their scope, but fails to explain how the scope is altered.  Ms. Davis
16  simply used her own words to describe the same intellectual property Mr. Musika described.
17  Samsung has not demonstrated otherwise.

18  **VI.  MS. DAVIS WILL NOT OFFER EXCLUDED OPINIONS AT TRIAL**
19        Mr. Musika recounted the history of Samsung's unreliable financial productions,
20  including Judge Grewal's sanctions order, yet Samsung argues that Ms. Davis cannot include the
21  same information.  (*See* Robinson Decl. Ex. B ¶¶ 4, 26-42; *see also* Trial Tr. at 2063:5-2066:22.)
22  The Court's instruction as to what Apple could ask Mr. Musika at trial about Samsung's conduct
23  does not support striking anything from Ms. Davis's report, since it allowed additional
24  questioning if Samsung "opens the door."  (Dkt. No. 1668 at 2.)  Ms. Davis's testimony will
25  conform to the Court's instruction.  Further, Ms. Davis offered an opinion on irreparable harm
26  only "to the extent that additional evidence is needed" if the Federal Circuit remands for further
27  consideration of a permanent injunction.  (Robinson Decl. Ex. C ¶ 76.)  She will not testify to
28  burdens of proof at trial.

## VII. THE COURT SHOULD NOT STRIKE ANY EVIDENCE THAT MS. DAVIS CITES

Ms. Davis's report shows that documents considered by Mr. Musika, as well as trial testimony and admitted trial exhibits concerning public acclaim and consumer demand, support her opinions on lost profits and the advantages of Apple's patented designs. Evidence that Samsung was aware of the acclaim and demand for Apple's patented designs and features, and that Samsung sought to take advantage of consumer demand for them, is highly relevant to Apple's damages claims. *Apple Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1327-1328 (Fed. Cir. 2012) ("[T]he evidence that Samsung's employees believed it to be important to incorporate the patented feature into Samsung's products is certainly relevant to the issue of nexus between the patent and market harm."); *Presidio Components*, 702 F.3d at 1360 (lost profits award supported by infringer's internal documents comparing the infringer's previous product and the patentee's product and describing the advantage of the patented feature). Documents that address only an infringer's copying, without reference to consumers' desire for a product feature, also are relevant to lost profits damages. *See*, *e.g.*, *In Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1119 (Fed. Cir. 1996) (defendant's choice to copy plaintiff's product was proof that defendant's infringement diverted sales and that defendant could not compete without infringement). And Mr. Wagner has admitted that evidence that Samsung's engineers copied would be evidence of consumer demand. (Robinson Decl. Ex. M at 466:14-20.) Mr. Musika relied on such evidence. (*See, e.g.*, *id*. Ex. C at Ex. 24-S, items 49 and 88; *id*. Ex. A at Ex. 25-S, items 36, 38, 40, 42.) Ms. Davis also relies on evidence that Samsung knew of and sought to take advantage of consumer demand for Apple's patented designs and features. (*See, e.g.*, *id*. Ex. C ¶ 237 (discussing same design copying documents cited as items 49 and 88 of Mr. Musika's Ex. 24-S); *see also id*. at ¶ 255 n.332 (citing PX44); *id*. Ex. A at Ex. 24-S, items 38 and 49 (same as PX44).) This evidence is relevant and admissible.

Samsung attempts to avoid the extensive evidence of consumer demand that Mr. Musika cited in his report by suggesting that Ms. Davis should be limited the specific documents Mr. Musika mentioned in his *trial testimony*, and not any of the documents establishing consumer

APPLE'S OPPOSITION TO MOT. TO STRIKE PORTIONS OF EXPERT REPORT OF JULIE L. DAVIS
Case No. 11-cv-01846-LHK (PSG)
sf-3329119

6

demand that were introduced through other witnesses. But the Court has ruled that witnesses are limited to topics in the parties' disclosures, not merely their trial testimony. (Dkt. No. 2369 at 2.) Samsung presents no ground to exclude the extensive evidence of consumer demand that was before the jury simply because Mr. Musika's testimony did not specifically mention it.

Nor should Ms. Davis's consideration of first trial evidence be limited to the documents and testimony identified in Mr. Musika's reports. Mr. Musika cited and relied on extensive evidence, set forth in Exhibits 24 and 25 of his report, that demonstrates Samsung's awareness of consumer demand for Apple's patented designs and features. Additional evidence and testimony relevant to this issue was presented at trial. Ms. Davis properly relies on all the relevant evidence and testimony. The Court has ordered that trial exhibits from the first trial are presumptively admissible in the new trial. As Ms. Davis notes, Mr. Musika attended the trial and was able to review the transcript. Samsung offers no reason that Ms. Davis should not be able to rely on documents and testimony presented to the first jury. As discussed in Section I above, Apple may have Ms. Davis present to the new jury the portions of the prior trial that support the opinions disclosed in Mr. Musika's report that she will present at the new trial, rather than call each foundational witness. The same is true for Ms. Davis's references to trial testimony.[2]

## VIII. THE COURT SHOULD DISREGARD SAMSUNG'S IMPROPER REQUESTS FOR RELIEF

Samsung identifies the portions of the Davis Report that it asks the Court to strike in a highlighted copy of the Report. (Dkt. Nos. 2386-1 ¶ 2; 2386-2.) However, Samsung's motion never discusses many of these provisions and offers no reason for the Court to strike them; that portion of the requested relief should be denied as wholly unsupported. (Robinson Decl. Ex. F.)

## CONCLUSION

For the reasons set forth above, Apple respectfully submits that Samsung's motion to strike should be denied in its entirety.

---

[2] Samsung asserts that Mr. Musika did not address Jaehwan Sim's March 31, 2012 deposition, but it was cited in Musika's supplemental report. (Robinson Decl. Ex. B ¶ 43.)

APPLE'S OPPOSITION TO MOT. TO STRIKE PORTIONS OF EXPERT REPORT OF JULIE L. DAVIS
Case No. 11-cv-01846-LHK (PSG)
sf-3329119

7

Dated: September 12, 2013              MORRISON & FOERSTER LLP

                                       By:  */s/ Harold J. McElhinny*
                                            HAROLD J. MCELHINNY

                                       Attorneys for Plaintiff
                                       APPLE INC.

APPLE'S OPPOSITION TO MOT. TO STRIKE PORTIONS OF EXPERT REPORT OF JULIE L. DAVIS
Case No. 11-cv-01846-LHK (PSG)
sf-3329119

8