1  HAROLD J. MCELHINNY (CA SBN 66781)  WILLIAM F. LEE
   hmcelhinny@mofo.com  william.lee@wilmerhale.com
2  MICHAEL A. JACOBS (CA SBN 111664)  WILMER CUTLER PICKERING
   mjacobs@mofo.com  HALE AND DORR LLP
3  RACHEL KREVANS (CA SBN 116421)  60 State Street
   rkrevans@mofo.com  Boston, MA 02109
4  ERIK J. OLSON (CA SBN 175815)  Telephone: (617) 526-6000
   ejolson@mofo.com  Facsimile: (617) 526-5000
5  MORRISON & FOERSTER LLP
   425 Market Street  MARK D. SELWYN (SBN 244180)
6  San Francisco, California 94105-2482  mark.selwyn@wilmerhale.com
   Telephone: (415) 268-7000  WILMER CUTLER PICKERING
7  Facsimile: (415) 268-7522  HALE AND DORR LLP
   950 Page Mill Road
8  Palo Alto, California 94304
   Attorneys for Plaintiff and  Telephone: (650) 858-6000
9  Counterclaim-Defendant APPLE INC.  Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF CHRISTOPHER L. ROBINSON IN SUPPORT OF APPLE'S OPPOSITIONS TO SAMSUNG'S MOTIONS RE JULIE L. DAVIS**<br><br>Date:    October 10, 2013<br>Time:   1:30 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

1    I, Christopher L. Robinson, declare as follows:

2    1.    I am an associate at Morrison & Foerster LLP, counsel of record for Apple Inc. in this above-captioned action. I make this declaration based on personal knowledge. This declaration and the supporting documents are filed in support of (1) Apple's opposition to Samsung's Motion to Strike Portions of the Expert Report of Julie L. Davis and (2) Apple's opposition to Samsung's Motion Pursuant to Fed. R. Evid. 702 with respect to Julie Davis's Qualifications.

3    2.    In its August 22, 2013 Case Management Order (Dkt. No. 2369 at 3), the Court ordered the parties to submit certain documents in connection with their motions to strike:

> The parties shall attach to any motion to strike the full version of both reports and a redline version comparing the two reports. The party opposing a motion to strike shall attach a chart to its opposition that lays out the challenged methodology, theory, or data; where that information can be found in the new report; and the analogous information in the prior expert report. The party opposing a motion to strike shall also attach its expert report with citations at the end of each paragraph to the corresponding paragraph number in the prior expert report.

Upon stipulation of the parties, the Court modified the Case Management Order so that the full versions of both expert reports and the redline version comparing them would be submitted with the oppositions to the parties' motions to strike. (Dkt. No. 2383.) As set forth in more detail below, Apple attaches hereto Exhibits A – E containing these materials.

3.    Attached as **Exhibit A** hereto is a true and correct copy of the March 22, 2012 Expert Report of Terry L. Musika, CPA.

4.    Attached as **Exhibit B** hereto is a true and correct copy of the May 8, 2012 Supplemental Expert Report of Terry L. Musika, CPA.

5.    Attached as **Exhibit C** hereto is a true and correct copy of the Expert Report of Julie L. Davis, CPA (as of 8/23/2013), which has been annotated to include at the end of each paragraph citations to the corresponding paragraph number(s) in Mr. Musika's prior reports.

6.    Attached as **Exhibit D** hereto is a redline showing the changes between Ms. Davis's report and Mr. Musika's March 22, 2012 report. Because Mr. Musika's May 8, 2012 Supplemental Report covers a smaller set of subjects than his original report, it was not feasible to

1  prepare a separate redline to compare Ms. Davis's report solely to the May 2012 Supplemental
2  Report.

3        7.      Apple has prepared a chart that lays out (1) the methodologies, theories, and data
4  in Ms. Davis's report that Samsung challenges in its motion to strike, (2) citations to where the
5  challenged material can be found in Ms. Davis's report, as identified in Samsung's motion, and
6  (3) citations to where the analogous information can be found in Mr. Musika's reports.  The chart,
7  titled, Chart of Challenged Methodology, Theory, and Data in Davis Report, Where That
8  Information Can Be Found in Davis's Current Report, and Analogous Information in Musika's
9  Prior Reports, is attached as **Exhibit E** hereto.

10        8.      Samsung's motion to strike argues for the exclusion of certain paragraphs of and
11  exhibits to Ms. Davis's expert report.  Exhibit E to this declaration addresses those paragraphs
12  and exhibits.  Samsung has also presented an annotated copy of Ms. Davis's report in which
13  highlighted portions appear to indicate content that it asks the Court to strike because, Samsung
14  may contend, the highlighted material is new and does not correspond to contents of Mr.
15  Musika's reports and testimony.  (Dkt. Nos. 2386-1 ¶ 2; 2386-2.)  Apple's Opposition asks the
16  Court to deny any request from Samsung for exclusion of contents not addressed in its motion.
17  As a precaution, in addition, Apple has prepared a chart that identifies provisions of Ms. Davis's
18  report that are highlighted in Samsung's annotated copy of Ms. Davis's report but not discussed
19  in Samsung's motion. The chart, titled Highlighted Provisions of Davis Report Not Cited in
20  Samsung's Motion, Plus Corresponding Provisions of Musika Reports, is attached hereto as
21  **Exhibit F**.  In the event that the Court does consider Samsung's challenges to the other
22  highlighted contents, Exhibit F rebuts Samsung's contention that the highlighted material is new
23  by providing citations to paragraphs of and exhibits to Mr. Musika's reports that correspond to
24  the highlighted provisions.

25        9.      Samsung's annotated copy of Ms. Davis's report also highlights numerous
26  documents that Samsung may seek to strike based on the contention that they were not in Mr.
27  Musika's reports—but Samsung has not cited or discussed many of the highlighted documents in
28  its Motion.  Exclusion of exhibits not discussed in Samsung's motion should be denied.  In

Case No. 11-cv-01846-LHK (PSG)
sf-3331195

2

1  addition, as a precaution, Apple has prepared a chart showing where the documents that Samsung
2  has highlighted are, in fact, cited in Mr. Musika's reports. The chart, titled Where Highlighted
3  Documents in Davis Report Can Be Found in Musika Reports, is attached hereto as **Exhibit G**.
4  This chart is presented in two formats for the Court's convenience: one in which the highlighted
5  documents are sorted in the order they appear in Ms. Davis's report (Exhibit G.1), and another in
6  which the they are sorted in numerical order (Exhibit G.2).

7      10. Apple has prepared a chart listing each paragraph of Ms. Davis's expert report and
8  the corresponding paragraphs of Mr. Musika's reports. The chart, titled How Paragraphs of Davis
9  Report Correspond to Paragraphs of Musika Reports, is attached hereto as **Exhibit H**. (The
10  citations to Musika report paragraphs appended to each paragraph of the copy of Ms. Davis's
11  report that is described in Paragraph 5 above (and attached hereto as Exhibit C) also appear as
12  cited paragraphs in Exhibit H.)

13      11. Apple also has prepared a chart listing each exhibit to Ms. Davis's expert report
14  and the corresponding exhibits to Mr. Musika's reports. The chart, titled How Exhibits to Davis
15  Report Correspond to Exhibits to Musika Reports, is attached hereto as **Exhibit I**.

16      12. Attached as **Exhibit J** hereto is a true and correct copy of excerpts from the
17  deposition transcript of Terry Musika, taken May 14, 2012.

18      13. Attached as **Exhibit K** hereto is a true and correct copy of excerpts from the
19  deposition transcript of Michael Wagner, taken August 20, 2013.

20      14. Attached as **Exhibit L** hereto is a true and correct copy of excerpts from the
21  deposition transcript of Julie L. Davis, taken August 26, 2013.

22      15. Attached as **Exhibit M** hereto is a true and correct copy of excerpts from the
23  deposition transcript of Michael Wagner, taken May 12, 2012.

24      I declare under penalty of perjury that the foregoing is true and correct and that this
25  declaration was executed this 12th day of September 2013 in San Francisco, California.

26
27
28                                                  CHRISTOPHER ROBINSON