Exhibit J
(Submitted Under Seal)

Page 1

1             UNITED STATES DISTRICT COURT
2            NORTHERN DISTRICT OF CALIFORNIA
3                  SAN JOSE DIVISION
4  APPLE INC., a California          )
   corporation,                      )
5                                    )
                  Plaintiff,         )
6                                    )
        vs.                          )  No: 11-cv-01846-LHK
7                                    )
   SAMSUNG ELECTRONICS CO., LTD,     )
8  a Korean business entity;         )
   SAMSUNG ELECTRONICS AMERICA,      )
9  INC., a New York corporation;     )
   SAMSUNG TELECOMMUNICATIONS        )
10 AMERICA, LLC, a Delaware          )
   limited liability company         )
11                                   )
                  Defendants.        )
12 _____ )
13
14
15           ** HIGHLY CONFIDENTIAL **
16           DEPOSITION OF TERRY MUSIKA
17           Redwood Shores, California
18                 May 14, 2012
19
20
21
22
23  Reported By:
24  LINDA VACCAREZZA, RPR, CLR, CRP, CSR. NO. 10201
25  JOB NO. 48801

Highly Confidential

Page 2

4                 May 14, 2012

5                 9:00 a.m.

8        Videotaped deposition of

9    TERRY MUSIKA, held at held at

10    Quinn Emanuel Urquhart & Sullivan,

11    333 Twin Dolphin Drive, Redwood

12    Shores, pursuant to Subpoena

13    before Linda Vaccarezza, a

14    Certified Shorthand Reporter of

15    the State of California.

Page 3

1       A P P E A R A N C E S:
2          QUINN EMANUEL URQUHART & SULLIVAN
3          Attorneys for Defendants
4              50 California Street
5              San Francisco, California 94111
6          BY:  VICTORIA F. MAROULIS, ESQ.
7
8
9
10         MORRISON & FOERSTER
11         Attorneys for Plaintiff
12             755 Page Mill Road
13             Palo Alto, California 94304
14         BY:  ERIK J. OLSON, ESQ.
15
16
17
           WILMERHALE
18
           Attorneys for Plaintiff
19
               60 State Street
20
               Boston, Massachusetts 02109
21
           BY:  MICHAEL R. HEYISON, ESQ.
22
23
24
25  VIDEOGRAPHER:  Alexei Dias

Highly Confidential

Page 5

1                    TERRY MUSIKA,
2              having been duly sworn,
3   by the Certified Shorthand Reporter, was examined
4   and testified as follows:
5                    EXAMINATION                              09:10
6   BY MS. MAROULIS:
7       Q.   Good morning, Mr. Musika.  How are
8   you today?
9       A.   Good morning.  I'm fine, thank
10  you.                                                      09:10
11      Q.   Are you appearing today as an
12  expert witness on behalf of Apple?
13      A.   Yes.
14      Q.   And did you prepare several expert
15  reports in this case?                                     09:10
16      A.   Yes.
17      Q.   The court reporter is going to
18  hand you what's been marked as Exhibit 1 for
19  identification.  Please confirm that this is your
20  expert report that you submitted on March 22,             09:10
21  2012, addressing the subject of Apple's alleged
22  damages and alleged irreparable harm.
23           (Exhibit 1 was marked for
24       identification.)
25           THE WITNESS:  Appears to be.                     09:10

Page 147

1  what I now understand to be fixed costs as
2  identified by Samsung.
3            So that number, that number being
4  the ▮▮▮▮▮ that you're roundly referring to,
5  includes, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, fixed                01:12
6  costs which are not product costs, which should
7  not be deducted unless there's some evidence that
8  comes forth with respect to their relationship or
9  association with the product. So no, it actually
10 could be less, not more.                              01:12
11      Q.   If you think it's less, what is
12 your fair estimate of Samsung's costs in this
13 case?
14      A.   I'll repeat my earlier opinion. I
15 think that the responsibility, as I understand       01:12
16 it, is to produce damages on the basis of
17 revenue, and that the defendant has the burden
18 and the responsibility to produce the costs.
19           Thus far, the costs which are
20 questionable but the most reliable out of the        01:13
21 group of costs would be the product costs that
22 are identified as variable, and that amount would
23 be close to the gross profit amount, or ▮▮▮▮▮
24 in costs.
25      Q.   Based on the data produced by              01:13

Page 163

1   connection with this deposition.
2          MS. MAROULIS:  Please formally
3   instruct the witness on record.
4          MR. OLSON:  I am.  I'm instructing
5   him that and we are terminating this                01:34
6   deposition based on the court's order.
7          MS. MAROULIS:  Are you going to
8   follow your counsel's instruction?
9          THE WITNESS:  Yes, I am.
10         MS. MAROULIS:  Thank you,                    01:34
11  Mr. Musika.  I don't have any further
12  questions today.
13         THE VIDEOGRAPHER:  This is the end
14  of today's deposition.  The time is
15  1:34 p.m. and we are now --                         01:34
16         MR. OLSON:  Before we go off the
17  record, can we designate this transcript
18  highly confidential --
19         MS. MAROULIS:  Yes.
20         MR. OLSON:  -- in connection with            01:35
21  the protective order.
22         THE VIDEOGRAPHER:  Off the record
23  at 1:34 p.m.
24     (Time noted:  1:34 p.m.)
25

Highly Confidential

Page 164

1
2
3
4                              _____
5                                  TERRY MUSIKA
6
7
8        Subscribed and sworn to before me
9        This        day of                , 2012.
10       _____
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 165

1           C E R T I F I C A T E
2     STATE OF CALIFORNIA      )
3                              )
4     COUNTY OF SAN FRANCISCO  )
5           I, LINDA VACCAREZZA, a Certified
6     Shorthand Reporter for the State of
7     California, do hereby certify:
8           That TERRY MUSIKA, the witness whose
9     deposition is hereinbefore set forth, was
10    duly sworn by me and that such deposition
11    is a true record of the testimony given
12    by such witness.
13          I further certify that I am not
14    related to any of the parties to this
15    action by blood or marriage; and that I
16    am in no way interested in the outcome of
17    this matter.
18          IN WITNESS WHEREOF, I have hereunto
19    set my hand this 14th day of May, 2012.
20
21    _____
22     LINDA VACCAREZZA, CSR. NO. 10201
23
24
25