Exhibit L

```
                                                              Page 1
 1            UNITED STATES DISTRICT COURT

 2          NORTHERN DISTRICT OF CALIFORNIA

 3                 SAN JOSE DIVISION

 4   APPLE, INC., a California

 5   Corporation,

 6            Plaintiff,       Civil Action No.

 7     vs.                     11-CV-01846-LHK

 8   SAMSUNG ELECTRONICS CO., LTD.,

 9   et. al.,

10            Defendants.

11   _____/

12

13

14   HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY

15       VIDEOTAPED DEPOSITION OF JULIE DAVIS

16               CHICAGO, ILLINOIS

17            MONDAY, AUGUST 26, 2013

18

19

20

21

22

23   Reported by:

24   DEBORAH HABIAN, RMR, CRR, CLR

25   JOB NO. 65086
```

Highly Confidential - Outside Counsels' Eyes Only

Page 2

```
 1
 2
 3
 4
 5                August 26, 2013
 6                 8:33 a.m.
 7
 8
 9      The videotaped deposition of Julie Davis,
10  held at the offices of QUINN EMANUEL URQUHART &
11  SULLIVAN, 500 West Madison Street, Suite 2450,
12  Chicago, Illinois, before Deborah Habian, a
13  Registered Merit Reporter, a Certified Realtime
14  Reporter,  Certified LiveNote Reporter and
15  Certified Shorthand Reporter of the State of
16  Illinois.
17
18
19
20
21
22
23
24
25
```

Highly Confidential - Outside Counsels' Eyes Only

```
                                                          Page 3
 1          A P P E A R A N C E S:
 2
 3   FOR APPLE, INC.
 4
 5          MORRISON & FOERSTER
 6            BY:  RACHEL KREVANS, ESQ.
 7            425 Market Street
 8            San Francisco, California   94105
 9                    and
10
11            BY:  ERIK OLSON, ESQ.
12            755 Page Mill Road
13            Palo Alto, California   94304
14
15
16
17          WILMERHALE
18            BY:  JAMES QUARLES, III, ESQ.
19            1875 Pennsylvania Avenue
20            Washington, D.C.   20006
21
22
23
24
25
```

Highly Confidential - Outside Counsels' Eyes Only

Page 4

```
 1    (CONTINUED)
 2            A P P E A R A N C E S:
 3
 4   FOR THE SAMSUNG ENTITIES:
 5
 6          QUINN EMANUEL URQUHART &
 7          SULLIVAN
 8          BY:  ANTHONY ALDEN, ESQ.
 9               VICTORIA MAROULIS, ESQ.
10          865 South Figueroa Street
11          Los Angeles, California  90017
12
13
14
15
16
17
18
19   ALSO PRESENT:
20          GREGORY A. PINSONNEAULT
21          DIRECTOR/CEO LITINOMICS
22
23          JEREMY MANGAN
24          VIDEOGRAPHER
25
```

Highly Confidential - Outside Counsels' Eyes Only

Page 10

1    THE REPORTER:  Raise your right hand,
2 please.
3              (Witness sworn.)
4    THE WITNESS:  I do.
5    THE REPORTER:  Thank you.
6          JULIE DAVIS,
7 called as a witness herein by the Defendant,
8 having been first duly sworn, was examined and
9 testified as follows:
10             EXAMINATION
11 BY MS. MAROULIS:
12    Q.  Good morning, Ms. Davis.
13    A.  Good morning.
14    Q.  You're appearing as an expert on behalf
15 of Apple in this case, correct?                    08:36AM
16    A.  I am.
17             (Davis 1 was marked for ID)
18 BY MS. MAROULIS:
19    Q.  I place before you what's been
20 premarked as Exhibit 1 for identification.         08:36AM
21 Please confirm that this is your expert report
22 that you prepared in this case.
23    A.  (Reviewing document.)
24        It certainly appears to be.
25    Q.  And this is the August 23, 2013,           08:37AM

Highly Confidential - Outside Counsels' Eyes Only

Page 274

1  this case, because at the time, he was looking
2  at a much broader set of product than just the
3  seven that are remaining in this case.
4      Q.  He didn't do a product-by-product
5  calculation, did he?                                03:29PM
6      A.  That's correct.  There were too many
7  products involved at that time.
8      Q.  So it's not simply that Mr. Musika
9  didn't do the incremental profit for the seven
10 products at issue; he didn't do it for any of      03:29PM
11 the accused products, correct?
12     A.  If you're talking about on a
13 product-by-product basis, that's correct.  He
14 clearly did it on an overall basis, by looking
15 at Exhibit 50 to his report.                        03:29PM
16     Q.  So you agree he did not do it on
17 product-by-product, correct?
18     A.  He did not show the incremental profit
19 margin on any specific product.  He did it on
20 the combined set of products involved in the       03:30PM
21 case at that time.
22     Q.  Okay.  In your report you state that
23 the proper basis is to calculate gross profits.
24         If that is the case, why do you also
25 calculate the incremental profits?                  03:30PM

Highly Confidential - Outside Counsels' Eyes Only

Page 275

1  A.  I use the incremental profit margin as
2  a reasonableness test for my gross margin
3  calculation.
4  Q.  Is it an independent theory then, or is
5  it something you just use to check your first       03:30PM
6  theory?
7  A.  I used it in the same way Mr. Musika
8  has.  He had presented that calculation, and he
9  compared that incremental profit margin with the
10 gross margin that he had calculated.  I have        03:30PM
11 done the same thing, and I've just been more
12 detailed in providing that same information on a
13 product-by-product basis, since there are now
14 fewer products involved in the case.
15 Q.  And this calculation that you made is           03:31PM
16 different from Mr. Musika's, correct?
17 A.  I don't think it is.  It's the same
18 calculation.  It's just that there are now
19 different products involved in the case than
20 when he was involved.                               03:31PM
21 Q.  But your calculation is
22 product-by-product, correct?
23 A.  I have included the same calculation he
24 did, which is 50-S, and then I have provided
25 posttrial versions of 50-S that relate              03:31PM

Highly Confidential - Outside Counsels' Eyes Only

Page 329

1    MS. KREVANS:  Okay.  Thank you.  We'll
2    give it back to you.
3    MS. MAROULIS:  You can make a copy if
4    you want, of like a copy on --
5    MS. KREVANS:  I brought my 3D copier.            05:11PM
6    Perfect.
7    You're representing that that's an Ace?
8    MS. MAROULIS:  Yes.
9    MS. KREVANS:  Okay.
10   MR. OLSON:  But don't go off the record   05:11PM
11   until we designate it.
12   MS. MAROULIS:  I would like to
13   designate the transcript under protective order,
14   highest level of confidentiality, "Outside
15   Counsel Eyes Only."                              05:11PM
16   MR. OLSON:  I don't have another
17   designation in addition to that, so...
18   MS. MAROULIS:  I just didn't know if
19   you had some other designations.  Okay.
20   Thank you very much, Ms. Davis.                  05:11PM
21   THE VIDEOGRAPHER:  Going off the
22   record.  The time is now 5:11 p.m.
23   (Deposition concluded at 5:11 p.m.)
24
25

Page 330

1            UNITED STATES DISTRICT COURT
2            NORTHERN DISTRICT OF CALIFORNIA
3                  SAN JOSE DIVISION
4   APPLE, INC., a California
5   Corporation,
6            Plaintiff,         Civil Action No.
7     vs.                       11-CV-01846-LHK
8   SAMSUNG ELECTRONICS CO., LTD.,
9   et. al.,
10           Defendants.
11  _____/
12       I hereby certify that I have read the
13  foregoing transcript of my deposition given at
14  the time and place aforesaid, consisting of
15  pages 1 to 329, inclusive, and I do again
16  subscribe and make oath that the same is a true,
17  correct, and complete transcript of my
18  deposition so given as aforesaid and includes
19  changes, if any, so made by me.
20
21       _____
                    JULIE DAVIS
22
23  SUBSCRIBED AND SWORN TO
    before me this _____ day
24  of _____, A.D. _____.
    _____
25  Notary Public

1   STATE OF ILLINOIS        )
                             )   ss:
2   COUNTY OF C O O K        )
3              I, Deborah Habian, a Certified
    Shorthand Reporter within and for the State of
4   Illinois, do hereby certify:
5         That previous to the commencement of the
    examination of the witness, the witness was duly
6   sworn to testify the whole truth concerning the
    matters herein;
7
          That the foregoing deposition was reported
8   stenographically by me, was thereafter
    reduced to printed transcript by me, and
9   constitutes a true record of the testimony given
    and the proceedings had;
10
          That the said deposition was taken before
11  me at the time and place specified;
12        That the reading and signing by the witness
    of the deposition transcript was agreed upon as
13  stated herein;
14             That I am not a relative or
    employee of attorney or counsel, nor a relative
15  or employee of such attorney or counsel for any
    of the parties hereto, nor interested directly or
16  indirectly in the outcome of this action.
17             IN WITNESS WHEREOF, I do hereunto set
    my hand this 26th day of August, 2013.
18
19
20
21        _____
          DEBORAH HABIAN, CSR, RMR, CRR, CBC
22        Notary Public
          CSR No. 084-02432
23
24
25