1  HAROLD J. MCELHINNY (CA SBN 66781)          WILLIAM F. LEE
   hmcelhinny@mofo.com                          william.lee@wilmerhale.com
2  MICHAEL A. JACOBS (CA SBN 111664)            WILMER CUTLER PICKERING
   mjacobs@mofo.com                             HALE AND DORR LLP
3  RACHEL KREVANS (CA SBN 116421)               60 State Street
   rkrevans@mofo.com                            Boston, MA 02109
4  ERIK J. OLSON (CA SBN 175815)                Telephone: (617) 526-6000
   ejolson@mofo.com                             Facsimile: (617) 526-5000
5  MORRISON & FOERSTER LLP
   425 Market Street                            MARK D. SELWYN (SBN 244180)
6  San Francisco, California  94105-2482        mark.selwyn@wilmerhale.com
   Telephone:  (415) 268-7000                   WILMER CUTLER PICKERING
7  Facsimile:  (415) 268-7522                   HALE AND DORR LLP
                                                950 Page Mill Road
8                                               Palo Alto, California 94304
   Attorneys for Plaintiff and                  Telephone: (650) 858-6000
9  Counterclaim-Defendant APPLE INC.            Facsimile: (650) 858-6100

10

11                     UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14

15  APPLE INC., a California corporation,        Case No.    11-cv-01846-LHK (PSG)

16             Plaintiff,                        **APPLE'S MOTION PURSUANT
                                                 TO AUGUST 22, 2013, ORDER TO
17       v.                                      STRIKE OR LIMIT WITNESSES
                                                 IDENTIFIED IN SAMSUNG'S
18  SAMSUNG ELECTRONICS CO., LTD., a             SEPTEMBER 9, 2013, TRIAL
   Korean business entity; SAMSUNG              WITNESS LIST**
19  ELECTRONICS AMERICA, INC., a New York
   corporation; SAMSUNG
20  TELECOMMUNICATIONS AMERICA, LLC, a          **Date:      October 17, 2013**
   Delaware limited liability company,          **Time:      1:30 PM**
21                                               **Place:     Courtroom 8, 4th Floor**
             Defendants.                         **Judge:     Hon. Lucy H. Koh**
22

23

24

25

26

27

28

APPLE'S MOT. TO STRIKE OR LIMIT SAMSUNG WITNESSES
CASE NO. 11-CV-01846-LHK (PSG)
sf-3331287

1

1    Pursuant to the Case Management Order of August 22, 2013 (Dkt. No. 2369 at 2), Apple

2    is separately filing (1) its Objections to Samsung's September 9, 2013, Trial Witness List, which

3    identifies all the objections that apply to each witness, and (2) this motion to strike certain

4    witnesses from Samsung's list and to limit the testimony of others, as detailed below.

5    **I.    SAMSUNG'S LIST IMPROPERLY MIXES LIVE AND DEPOSITION**
     **WITNESSES, AS WELL AS WITNESSES IT EXPECTS TO AND MAY CALL**

6    The Court has limited the parties to the witnesses identified in their final witness lists for

7    the prior trial.  (Dkt. No. 2369 at 2.)  Before the first trial, the Court ordered the parties to submit

8    a witness list with no more than 50 live witnesses and 45 witnesses by deposition.  (Dkt. No.

9    1267 at 2.)  Samsung's final witness list was filed on July 23, 2012, and set forth separate lists of

10   live and deposition witnesses.  (Dkt. No. 1278 (excluding Appendix A, which was stricken by

11   Dkt. No. 1293).)  Samsung also designated specific testimony for the witnesses on its deposition

12   list.  (Dkt. Nos. 1284, 1284-1.)

13   Samsung's new trial witness list violates the Court's ruling that the final witness lists from

14   the first trial, including their designations of live and deposition witnesses, control the re-trial.

15   Samsung lists 40 witnesses that it may call by "prior testimony," but Samsung failed to include

16   29[1] of those witnesses on its final deposition witness list before the first trial and has never

17   designated specific testimony it proposes to offer the jury.  (Decl. of Patrick J. Zhang in Supp. of

18   Apple's Mot. Pursuant to August 22, 2013, Order to Strike or Limit Witnesses Identified in

19   Samsung's September 9, 2013, Trial Witness List ("Zhang Decl.") Ex. 1.)  Samsung should be

20   barred from calling these witnesses via deposition at the re-trial.[2]  Furthermore, Samsung should

21   be precluded from introducing the prior trial testimony of any of these witnesses because it has

22   failed to identify the testimony it intends to introduce.

23

24

25       [1]Robert Anders, Yongseok Bang, Timothy Benner, Imran Chaudhri, Justin Denison,
     Stephen Gray, Wookyun Kho, Jin Soo Kim, Min-Hyouk Lee, Sam Lucente, Bas Ording, Jaewoo

26   Park, Todd Pendleton, Arthur Rangel, Dongseok Ryu, Douglas Satzger, Timothy Sheppard, Itay
     Sherman, Jong-wook Shim, Jaegwan Shin, Ramamirtham Sukumar, Andries Van Dam, Michael

27   Wagner, Jeeyuen Wang, Sun-Young Yi, Ravin Balakrishan, Peter Bressler, Susan Kare, Karan
     Singh.

28       [2]Some of the 29 witnesses also should be barred from live testimony for independent
     reasons discussed herein and in Apple's Objections.

APPLE'S MOT. TO STRIKE OR LIMIT SAMSUNG WITNESSES
CASE NO. 11-CV-01846-LHK (PSG)
sf-3331287

1

Samsung also identifies ten Apple witnesses[3] that it may call live who were disclosed only as deposition witnesses on Samsung's final list for the first trial. Samsung is therefore procedurally limited to calling these witnesses via previously-disclosed designations.[4] But allowing Samsung to call these witnesses via deposition would violate the Federal Rules of Evidence because their prior testimony constitutes hearsay that does not fall under any exception, as they are located in the Bay Area and available to appear at trial. *See* Fed. R. Evid. 804(b)(1). In light of this history, Apple requests that the Court limit Samsung to calling these ten witnesses live at trial (subject to Apple's objections to the relevance of the witnesses' testimony, discussed below) and limit the scope of Samsung's cross-examination to the subject matter identified in Samsung's final deposition designations.

Finally, Samsung's list fails to comply with Federal Rule of Civil Procedure 26(3)(A)(1)'s requirement to "separately identify[]" the witnesses it "expects to present" and those it "may call" if needed. Samsung should be required to immediately identify the witnesses in each category.

## II. SAMSUNG IDENTIFIES WITNESSES NOT ON ITS FINAL WITNESS LIST

In violation of the August Case Management Order, Samsung's new trial witness list includes ten witnesses, Yong Seok Bang, Woo Kyun Kho, Bas Ording, Todd Pendleton, Jaegwan Shin, Ramamirtham Sukumar, Ravin Balakrishnan, Peter Bressler, Susan Kare, and Karan Singh, who were not identified at all on its July 23, 2012 list. Samsung should not be allowed to call any of these witnesses at the re-trial.

Although the Court permitted Dr. Sukumar to testify in Samsung's affirmative case in the prior trial, that limited ruling does not encompass the vastly different testimony that Samsung seeks to introduce in the new trial. The Court allowed Dr. Sukumar to testify about the survey data he collected only because Samsung's damages expert on its offensive patents, Dr. O'Brien, had relied upon Sukumar's opinions for his own (and had timely disclosed that reliance). In that

---

[3]Freddy Anzures, Tony Blevins, Mark Buckley, Greg Christie, Greg Joswiak, Eric Jue, Stan Ng, Andrew Platzer, Boris Teksler, and Richard Williamson. Mr. Teksler no longer works for Apple.

[4]Apple preserves its prior line-by-line objections to these deposition designations and any relevance objections due to the limited nature of the re-trial.

APPLE'S MOT. TO STRIKE OR LIMIT SAMSUNG WITNESSES
CASE NO. 11-CV-01846-LHK (PSG)
sf-3331287

2

1    specific circumstance, the Court found "that exclusion of Dr. Sukumar's survey would be unduly

2    prejudicial to Samsung" and permitted him to testify on that topic.  (Dkt. No. 1749 at 3-4.)

3         Yet Samsung now lists Dr. Sukumar for an entirely different topic in Samsung's defensive

4    case:  to "rebut[ ] the testimony of Apple's [marketing] experts Russell Winer, Sanjay Sood, and

5    John Hauser."  (Zhang Decl. Ex. 1 at 5.)  Had Samsung listed Dr. Sukumar in its final witness list

6    for the one topic on which he was allowed to testify, Samsung's proposal to have him now testify

7    on a different topic would violate the Court's ruling limiting witnesses to "the topics for which

8    they were timely disclosed."  (Dkt. No. 2369 at 2.)  Samsung should not be permitted to expand

9    the testimony of Dr. Sukumar, who was not on its final witness list, when the parties may not do

10   so for witnesses they actually did list.

11   **III.   SAMSUNG IDENTIFIES WITNESSES ON TOPICS FOR WHICH THEY WERE
         NOT TIMELY DISCLOSED**

12

13        Samsung identifies three witnesses (Jaewoo Park, Jong-wook Shim, Sun-young Yi) to

     testify on "hypothetical" design-arounds and the cost of design-arounds.  (Zhang Decl. Ex. 1 at 3,
14
     5-6.)  Allowing these witnesses to testify on this topic would defy the discovery sanction order in
15
     which the Court in no uncertain terms precluded Samsung from introducing testimony about
16
     hypothetical design-arounds at trial (Dkt. No. 1106 at 3-4), and even precluded Mr. Wagner from
17
     testifying about his conversations with Park and Yi regarding design-arounds (Aug. 16, 2012
18
     Trial Tr. at 2999:12-14).  Samsung also failed to disclose these witnesses in both its initial
19
     disclosures and the relevant interrogatory responses.  (Zhang Decl. Exs. 2-4.)  Messrs. Park and
20
     Shim are not even mentioned in Samsung's initial disclosures, while Ms. Yi is only listed as
21
     knowledgeable about Samsung user interface designs for its Android phones.  (*Id*. Ex. 2 at 5.)  As
22
     a result, neither Mr. Park nor Mr. Shim was deposed in this case and Apple had no notice of Ms.
23
     Yi's alleged knowledge of design-arounds and design-around costs when she was deposed.
24
     Accordingly, these witnesses should not be allowed to testify at the re-trial.
25
26   **IV.   SAMSUNG IDENTIFIES WITNESSES WHOSE TESTIMONY WOULD BE
         IRRELEVANT TO DAMAGES ISSUES FOR THE RE-TRIAL**

27        Samsung identifies numerous witnesses with no connection to the damages theories it

28   disclosed for the first trial.  Because the testimony of these witnesses would be irrelevant to

APPLE'S MOT. TO STRIKE OR LIMIT SAMSUNG WITNESSES
CASE NO. 11-CV-01846-LHK (PSG)
sf-3331287

3

1    damages issues or, at most, would only support previously undisclosed theories on damages, they

2    should be precluded from testifying at the re-trial.

3           **A.     Samsung Experts on Non-Infringement and Invalidity—Anders, Sherman, Lucente, Van Dam**

4
5           Samsung lists four of its experts on non-infringement and invalidity issues who should not

     be allowed to testify at the re-trial because neither infringement nor validity is to be re-litigated

6    and because none of the experts timely disclosed an opinion relevant to damages.

7           Although Samsung now identifies Robert Anders on the non-specific topic of "design

8    patents" (Zhang Decl. Ex. 1 at 1), it previously disclosed him for "non-infringement analyses for

9    the design patents and trade dress claims." (Dkt. No. 1278 at 3.) The only opinions in Mr.

10   Anders's expert report relate to non-infringement of the Apple design patents, but even those

11   opinions were struck by the Court as untimely disclosed. (Dkt. Nos. 1144 at 3; 1545 at 5-9; 939-

12   4, Ex. 30, Part C.) He did not testify at the first trial. Samsung's damages expert, Michael

13   Wagner, never mentions Mr. Anders in his original or updated expert report and does not rely on

14   any of his opinions. (Dkt. Nos. 999-18; 2388 Ex. A.) Accordingly, Mr. Anders has no relevant

15   opinion to offer at the damages re-trial.

16
17          Likewise, Samsung now identifies Itay Sherman on the topic of "design patents" (Zhang

18   Decl. Ex. 1 at 4), but originally disclosed him for the topic "the asserted design patents are invalid

     because they are functional and because they are obvious and/or anticipated by the prior art."

19   (Dkt. No. 1278 at 8.) Accordingly, he testified at trial "about the validity of three Apple design

20   patents." (Aug. 14, 2013 Trial Tr. at 2573:17-18; 2576:2-2577:3.) He did not testify about any

21   other issue at trial and has not submitted an expert report on any issue relevant to damages. (*See*

22   Dkt. No. 939-4 Ex. 27.) Mr. Wagner does not mention Mr. Sherman in his original or updated

23   report, nor does he rely on Sherman's opinions regarding prior art or functionality. Accordingly,

24   Mr. Sherman has no relevant opinion to offer at the damages re-trial.

25
26          Samsung identifies Samuel Lucente on the topic of "GUI patents" (Zhang Decl. Ex. 1 at

     3), but originally identified him for "invalidity of the GUI patents for anticipation and

27   obviousness; invalidity of the design patents and trade dress allegations based on functionality;

28

1    non-distinctiveness of the GUI-related trade dress; and non-infringement on the GUI for the

2    accused devices for the design patent, and trade dress claims." (Dkt. No. 1278 at 6.)  Mr.

3    Lucente's expert reports are directed to non-infringement and invalidity of Apple's design patents

4    and trade dress.  (*See* Dkt. No. 939-4 Exs. 26 and 29.)  He did not testify at the first trial.  Mr.

5    Wagner does not mention Mr. Lucente in his original or updated report or rely on Mr. Lucente's

6    opinions regarding the design patents.  Accordingly, Mr. Lucente has no relevant opinion to offer

7    at the damages re-trial.

8           Samsung identifies Andries Van Dam to testify generally about "Apple's '381 patent" at

9    the re-trial (Zhang Decl. Ex. 1 at 5), but he testified at the first trial only about invalidity of the

10   '381 patent.  (Aug. 15, 2013 Trial Tr. at 2846:1-4, 2846:8-18.)  His expert report is directed only

11   to invalidity of the '381 patent.  (*See* Dkt. No. 939-4 Ex. 11.)  Mr. Wagner does not rely on rely

12   on any of Dr. Van Dam's opinions regarding prior art to the '381 patents.  The only mention of

13   Dr. Van Dam in Mr. Wagner's original report relates to a basic description of the '381 patent's

14   invention.  (Dkt. No. 999-18 at 181.)  There is no need for Dr. Van Dam to testify at the re-trial

15   for the sole purpose of describing the basic idea of the '381 patent.  If Dr. Van Dam were allowed

16   to testify, there is a high risk that the re-trial would be tainted not only with improper testimony

17   regarding invalidity of the '381 patent, but also with previously undisclosed design-around

18   theories for the '381 patent that were recently sponsored by Dr. Van Dam  (*See* Dkt. No. 2403.)

19          **B.      Apple Witnesses on Infringement and Validity—Bressler, Kare,
                       Balakrishnan, Singh, Sinclair**
20
            Samsung intends to introduce the prior trial testimony of Apple's design patent experts
21
     Peter Bressler (D'677 patent) and Susan Kare (D'305 patent), and utility patent experts Ravin
22
     Balakrishnan ('381 patent) and Karan Singh ('915 and '163 patents).  (Zhang Decl. Ex. 1 at 6-7.)
23
     Samsung cannot call these witnesses because they were not on Samsung's final (or any) witness
24
     list for the first trial, and also because Samsung has never disclosed a theory of damages
25
     involving their infringement or validity opinions.  Mr. Wagner's original expert report never
26
     mentions a design-around based on the opinions of Apple's experts, or states that any of their
27
     opinions relating to infringement, functionality, or prior art are relevant to his damages analysis.
28

1   (Dkt. No. 999-18 at 180-199.)  Prior testimony from these Apple experts could only be used to

2   support a previously-undisclosed Samsung theory relating to damages.  Thus, Samsung should

3   not be allowed to introduce their prior testimony at the re-trial.

4          Samsung also identifies Steve Sinclair for "the marketing of and consumer demand for the

5   design of Apple's products."  (Zhang Decl. Ex. 1 at 5.)  But Mr. Sinclair's only role in this case is

6   as the author of DX578, an internal Apple e-mail about iPhone "firsts," which Samsung used to

7   argue invalidity—specifically that Apple's patented designs were driven by function and not new.

8   (Zhang Decl. Ex. 5; Aug. 3, 2012 Trial Tr. at 670:18-680:15.)  As the validity of Apple's design

9   patents is established, Mr. Sinclair's testimony has no relevance to the re-trial.

10         **C.      Samsung Witnesses on Design and Function—Kim, Lee, Ryu, Shin, Wang, Yi**

11         Samsung identifies Jin Soo Kim for "Samsung design"; Min-Hyouk Lee for "Samsung

12  design and design of the accused Samsung Products"; Dongseok Ryu on "Samsung UX design,

13  the design of accused Samsung products, and contemporaneous designs"; Jaegwan Shin on "the

14  accused Samsung products and the user interface and functionality of the accused Samsung

15  products"; Jeeyuen Wang for "the graphic user interface of Samsung products"; and Sun-young

16  Yi on "Samsung user interface design for accused Samsung Android phones."

17         None of these witnesses should be allowed to testify at the re-trial because the topics for

18  which they are proffered can have no relevance to Samsung's damages case.  Mr. Wagner's

19  opinions assume that infringement and validity have been established.  Testimony on how

20  Samsung's accused products were designed and functioned can only be used to re-litigate these

21  issues, has no relevance to the damages case that Samsung disclosed, and should not be allowed

22  at the re-trial.

23         **D.      Apple Inventors—Anzures, Chaudrhi, Christie, Platzer, Satzger, Williamson**

24         Samsung identifies six inventors of Apple's utility and design patents as witnesses for the

25  re-trial.  However, the testimony of Apple's inventors about the patented designs and inventions

26  is not relevant to any damages theory that Samsung has disclosed.  Aside from naming them as

27  inventors of the patents, Mr. Wagner's original expert report contains no mention of these

28  witnesses or how their testimony about the patented inventions would affect the calculation of

APPLE'S MOT. TO STRIKE OR LIMIT SAMSUNG WITNESSES
CASE NO. 11-CV-01846-LHK (PSG)
sf-3331287

6

1   damages.  (*See* Dkt. No. 999-18.)  Mr. Wagner cannot now advance new opinions based on the

2   testimony of these inventors.

3   **V.      APPLE'S REQUESTED RELIEF**

4           For the foregoing reasons, the Court should:  (1) strike Anders, Anzures, Balakrishnan,

5   Bang, Bressler, Chaudhri, Christie, Kare, Kho, Kim, Lee, Lucente, Ording, Park, Pendleton,

6   Platzer, Ryu, Satzger, Sherman, Shin, Shim, Sinclair, Singh, Sukumar, Van Dam, Wang,

7   Williamson, and Yi from Samsung's witness list; (2) preclude Samsung from calling Benner,

8   Denison, Gray, Rangel, Sheppard, and Wagner via deposition or prior trial testimony; (3) limit

9   Samsung to calling Blevins, Buckley, Joswiak, Jue, Ng, and Teksler live at the re-trial on the

10  subject matter previously disclosed in Samsung's final deposition designations; and (4) require

11  Samsung to immediately identify for each of its remaining witnesses who it expects to call and

12  who it may call if needed.  The specific relief requested by Apple is also set forth on a witness-

13  by-witness basis in the proposed order accompanying this motion.

14  Dated: September 16, 2013                 MORRISON & FOERSTER LLP

15

16                                            By:  */s/ Harold J. McElhinny*
                                                   HAROLD J. MCELHINNY
17
                                                   Attorneys for Plaintiff
18                                                 APPLE INC.

19

20

21

22

23

24

25

26

27

28