# Exhibit 3

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S SEVENTH SET OF INTERROGATORIES (NOS. 15-16)**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER** |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1    Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Samsung Electronics

2  Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC

3  (collectively, "Samsung") respond to Plaintiff Apple Inc.'s ("Apple") Seventh Set of

4  Interrogatories (Nos. 15-16) as follows:

5                                    **GENERAL STATEMENT**

6    The following responses are based on discovery available as of the date hereof.   Discovery

7  is continuing and ongoing, and these responses are subject to change accordingly.   It is

8  anticipated that further discovery, independent investigation and analysis may lead to the

9  discovery of additional information or documents, supply additional facts and add meaning to

10  known facts, as well as establish entirely new factual conclusions and legal contentions, all of

11  which may lead to additions to, changes to or variations from the responses set forth herein.

12    In addition, the following responses are given without prejudice to Samsung's right to

13  produce or rely on subsequently discovered information, facts or documents.   Samsung

14  accordingly reserves the right to change the responses herein and/or produce or rely on

15  subsequently discovered documents as additional facts are ascertained, analysis is conducted, legal

16  research is completed and contentions are made.   The responses herein are made in a good faith

17  effort to comply with the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure,

18  and to supply such responsive information as exists and is presently within Samsung's possession,

19  custody or control, but are in no way to be deemed to be to the prejudice of Samsung in relation to

20  further discovery, research and analysis.

21    An answer to an interrogatory shall not be deemed a waiver of any applicable general or

22  specific objection to an interrogatory.   In responding to the interrogatories, Samsung does not

23  waive any objections that may be applicable to the use, for any purpose, of any information or

24  documents provided in response, or the admissibility, relevance, or materiality of any such

25  information or documents to any issue in this case.

26    Samsung's responses to these interrogatories do not constitute admissions relative to the

27  existence of any documents or information, to the relevance or admissibility of any documents or

28  information, or to the truth or accuracy of any statement or characterization contained in Apple's

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  requests.  All objections as to relevance, authenticity, or admissibility of any document are

2  expressly reserved.

3      Samsung expressly incorporates this General Statement and the following General

4  Objections as though set forth fully in response to each of the following individual interrogatories

5  and, to the extent that they are not raised in any particular response, Samsung does not waive those

6  objections.

7                          **GENERAL OBJECTIONS**

8      1.      Samsung objects to the "Definitions" and "Instructions" contained in Apple's

9  Seventh Set of Special Interrogatories to the extent they are inconsistent with the Federal Rules of

10  Civil Procedure.

11      2.      Samsung objects to Apple's Definition of "Samsung," "You," "Your," and

12  "Defendants" as overly broad to the extent it requires Samsung to pursue information from

13  individuals no longer employed by Samsung whose data is not currently in the possession of

14  Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and

15  "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates,"

16  and also to the extent that it requires Samsung to potentially seek information from thousands of

17  people.  Samsung will respond to interrogatories based on a reasonable inquiry of individuals

18  expected to possess the requested information.

19      3.      Samsung objects to Apple's definition of "Apple" to as overly broad, vague, and

20  ambiguous.

21      4.      Samsung objects to the definition of "Products at Issue" as vague and overbroad to

22  the extent it includes "similar products, and any products that Apple accuses of infringing its

23  intellectual property in this litigation" that have not been identified by Apple in its infringement

24  contentions.  Samsung further objects to the definition of "Products at Issue" to the extent it

25  includes products that are not sold and/or have never been sold in the United States.

26      5.      Samsung objects to the definition of "Hardware Design" as vague and ambiguous.

27      6.      Samsung objects to the definition of "Graphical User Interface Design" as vague

28  and ambiguous.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

7.      Samsung objects to the definitions of "Original iPhone Trade Dress," "iPhone 3G Trade Dress," "iPhone 4 Trade Dress," "iPhone Trade Dress," "iPad Trade Dress," "iPad 2 Trade Dress," and "Apple Trademarks and Trade Dress" to the extent they imply that any aspect of the Apple products' design constitutes an element of its trade dress.

8.      Samsung objects to the definition of "Accused Feature" to the extent it misstates or mischaracterizes the Patents at Issue.

9.      Samsung objects to the definition of "Source Code" as vague, ambiguous, overbroad and overly burdensome.  Samsung further objects to the definition to the extent it seeks information regarding unreleased prototypes that are not at issue in this lawsuit.  Samsung also objects to the definition to the extent it seeks multiple and discrete types of information and has multiple subparts.

10.     Samsung objects to the definitions of "Concerning" and/or "Relating," and each and every interrogatory that uses the term "Concerning" or "Relating," as overly broad, vague and ambiguous.

11.     Samsung objects to the definition of "Third Party" or "Third Parties" as overly broad.

12.     Samsung objects to these interrogatories as vague and ambiguous to the extent they include terms that are undefined.  Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

13.     Samsung objects generally to each interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law. Samsung will exchange with Apple a log of withheld documents at a time agreed to by counsel for the parties.  Samsung also will not log privileged documents that were created on or after April 15, 2011.

14.     Samsung objects generally to the interrogatories to the extent they seek

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S 7TH SET OF INTERROGATORIES (NOS. 15-16)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  information from outside a reasonable time period or from a point other than a reasonable time.

2       15.    Samsung objects to these interrogatories to the extent they seek to compel

3  Samsung to generate or create information and/or documents that do not already exist.

4       16.    Samsung objects generally to the interrogatories to the extent that they prematurely

5  call for contentions, identification of prior art, or identification of witnesses at this stage of the

6  litigation.

7       17.    Samsung objects to each interrogatory to the extent it is duplicative or cumulative

8  of another interrogatory.

9       18.    Samsung objects to each interrogatory to the extent it is compound and comprises

10  discrete subparts resulting in separate interrogatories.

11       19.    Samsung expressly reserves the right to respond to any or all of the interrogatories

12  by specifying documents wherein the responsive information may be ascertained pursuant to Rule

13  33(d) of the Federal Rules of Civil Procedure.

14       20.    Samsung objects generally to the interrogatories to the extent they seek

15  confidential proprietary or trade secret information of third parties.  Samsung will endeavor to

16  work with third parties to obtain their consent, if necessary, before identifying or producing such

17  information and/or documents.

18       21.    Samsung objects generally to the interrogatories on the grounds that they are

19  overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the

20  discovery of admissible evidence.

21       22.    Samsung objects to the interrogatories on the ground that they are overly broad,

22  unduly burdensome and oppressive to the extent they purport to require Samsung to search its

23  facilities and inquire of its employees other than those facilities and employees that would

24  reasonably be expected to have responsive information. Samsung's responses are based upon (1)

25  a reasonable search and investigation of facilities and files that could reasonably be expected to

26  contain responsive information, and (2) inquiries of Samsung's employees and/or representatives

27  who could reasonably be expected to possess responsive information.

28       23.    Samsung objects to the interrogatories on the grounds that they seek information

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  already in the possession of Apple, publicly available, or as readily available to Apple as it is to

2  Samsung.

3      24.    Samsung objects to each interrogatory to the extent that it seeks information before

4  Samsung is required to disclose such information in accordance with any applicable law, such as

5  the Northern District of California Patent Local Rules.

6      25.    Samsung objects to the interrogatories on the grounds and to the extent that they

7  seek legal conclusions or call for expert testimony.  Samsung's responses should not be

8  construed to provide legal conclusions.

9      Subject to and without waiving the foregoing General Statement and General Objections,

10  Samsung responds as follows:

11

12  **INTERROGATORY NO. 15:**

13      Specifically for each Design Patent at Issue, identify and describe in detail each design-

14  around and/or allegedly non-infringing alternative that can be used as an alternative to the patented

15  design, including but not limited to:   (1) a description of the alleged design-around; (2) a

16  description of when and how the alleged design-around was developed; (3) the identity of

17  individuals involved in developing the alleged design-around, including their titles and

18  departments if they are or were Samsung employees; and (4) dates when the alleged design-around

19  was incorporated in Samsung's products.

20

21  **RESPONSE TO INTERROGATORY NO. 15:**

22      In addition to its General Objections above, which it hereby incorporated by reference,

23  Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

24  unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

25  Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

26  to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

27  defense privilege, the common interest doctrine, and/or any other applicable privilege or

28

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1   immunity.   Samsung further objects to this interrogatory to the extent it prematurely calls for

2   expert testimony or opinions at this stage of litigation.

3        Subject to the foregoing general and specific objections, Samsung responds as follows:

4   Samsung's products do not infringe any of the Design Patents at Issue.   Samsung's investigation

5   is ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

6   further discovery from Apple on the basis for its infringement position with regard to the Design

7   Patents at Issue.

8

9   **INTERROGATORY NO. 16:**

10        Specifically for each Utility Patent at Issue, identify and explain in detail each design-

11   around and/or alleged alternative technology or method that can be used as an alternative to the

12   patented technology, including but not limited to:   (1) a description of the alleged design-around;

13   (2) a description of when and how the alleged design-around was developed; (3) the identity of

14   individuals involved in developing the alleged design-around, including their titles and

15   departments if they are or were Samsung employees; and (4) dates when the alleged design-around

16   was incorporated in Samsung's products.

17

18   **RESPONSE TO INTERROGATORY NO. 16:**

19        In addition to its General Objections above, which it hereby incorporated by reference,

20   Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad,

21   and not reasonably calculated to lead to the discovery of admissible evidence.   Samsung further

22   objects to this interrogatory to the extent that it seeks to elicit information subject to and protected

23   by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

24   common interest doctrine, and/or any other applicable privilege or immunity.   Samsung further

25   objects to this interrogatory as premature to the extent it requests information regarding

26   Samsung's position regarding non-infringing alternatives before sufficient discovery has been

27   conducted and before the Court has construed the disputed term's in Apple's patents.   Samsung

28   further objects to this interrogatory to the extent it prematurely calls for expert testimony or

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  opinions at this stage of litigation.   Samsung will provide such information in accordance with the

2  Court's Minute Order and Case Management Order, dated August 25, 2011.

3       Subject to the foregoing general and specific objections, Samsung responds as follows:

4       Samsung's products do not infringe the Utility Patents at Issue; therefore, each of

5  Samsung's products are or include features that are commercially acceptable non-infringing

6  alternatives to the alleged inventions disclosed in the Utility Patents at Issue.

7       Moreover, the techniques disclosed as prior art or prior technologies to the Utility Patents

8  at Issue, including but not limited to those technologies disclosed during the prosecution of the

9  Utility Patents at Issue, are also commercially acceptable non-infringing alternatives to the alleged

10  inventions disclosed in the Utility Patents at Issue.

11       In addition, commercially acceptable non-infringing alternatives for the Utility Patents at

12  Issue include:

13       '002 Patent:   Design arounds or non-infringing alternatives, either known to Samsung or

14  implemented by Samsung, include functionalities where the icons on the control strip and/or the

15  control strip itself are not sensitive to user input, where the control strip display is dependent on

16  the application program being used, where the control strip does not use programming modules,

17  and/or where the control strip is partially or completely obscured by one or more application

18  programs.

19       '891 patent:   Design arounds or non-infringing alternatives, either known to Samsung or

20  implemented by Samsung, include the elimination of the timer causing the disappearance of the

21  window, using a timer that counts up instead of counting down, allowing a user input (such as a

22  touch, key or button input) in order to make the window disappear; using a window that is opaque

23  and not transparent; and/or using non-visual feedback (such as audio feedback) to gauge phone

24  volume and ringer volume.

25       '915 Patent: Design arounds or non-infringing alternatives, either known to Samsung or

26  implemented by Samsung, include not using event objects, not distinguishing between a single

27  input point/scroll operation and a two or more input point/gesture operation, utilizing techniques

28  that remove any association between the view with the event object that invokes the command;

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S 7TH SET OF INTERROGATORIES (NOS. 15-16)

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

1  implementing something other than the event object associated with the view to invoke the

2  scrolling or gesture command, implementing a scrolling method that utilizes more than one finger,

3  and not stopping a scroll at a predetermined position in relation to the user input.

4      '381 Patent:   Design arounds or non-infringing alternatives, either known to Samsung or

5  implemented by Samsung, include using techniques such as blue glow (or edge glow or yellow

6  glow), tilt, partial bounce back, spring back, or no bounce back.   The "blue glow" functionality

7  can be used as an alternative to at least one of the accused features.   Pursuant to Rule 33(d),

8  Samsung refers to the source code produced by Samsung on January 23, 2012 regarding the blue

9  glow technique.   The functionality was incorporated into Samsung's code for the Samsung

10  accused products with the assistance of Wookyun Kho, Kihyung Nam, Dooju Byun, Jaegwan

11  Shin, and Seunghwan Han on or around September 2011.

12      '163 Patent: Design arounds or non-infringing alternatives, either known to Samsung or

13  implemented by Samsung, include not enlarging and translating a web page to substantially center

14  a first box, not expanding the first box so that the width of the first box is substantially the same as

15  the width of the touch screen display, not resizing text in an enlarged first box to meet or exceed a

16  predetermined minimum text size on the touch screen display, and not translating a web page so as

17  to substantially center a second box on the touch screen display while a first box is enlarged.

18      '607 Patent: Design arounds or non-infringing alternatives, either known to Samsung or

19  implemented by Samsung, include the use of AMOLED screens which are already incorporated

20  into many of Samsung's products, the use of non-transparent conductors, not using conductive

21  lines, and not using conductors that are transverse, and using a single layer instead of first and

22  second layers.

23      '129 Patent: Design arounds or non-infringing alternatives, either known to Samsung or

24  implemented by Samsung, include the use of AMOLED screens which are already incorporated

25  into many of Samsung's products, the use of conductors that are not on a two-dimensional

26  coordinate system, the use of a second set of conductors having a widths that are not substantially

27  greater than the widths of a first set of conductors, and using a single layer instead first and second

28  layers spatially separated by a dielectric.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1    Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a

2  reasonable investigation and further discovery from Apple on the basis for its infringement

3  position with regard to the Utility Patents at Issue.   Samsung also may supplement this

4  interrogatory after the Court enters an order construing the claims of the Utility Patents at Issue.

5

6  DATED: February 3, 2012                    Respectfully submitted,

7                                            QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
8

9

10                                           By   /s/   Victoria Maroulis
                                                _____
11                                              Charles K. Verhoeven
                                                Kevin P.B. Johnson
12                                              Victoria F. Maroulis
                                                Michael T. Zeller
13                                              Attorneys for SAMSUNG ELECTRONICS CO.,
                                                LTD., SAMSUNG ELECTRONICS AMERICA,
14                                              INC. and SAMSUNG
                                                TELECOMMUNICATIONS AMERICA, LLC
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on February 3, 2012, I caused **SAMSUNG'S OBJECTIONS AND**

3

**RESPONSES TO APPLE INC.'S 7TH SET OF INTERROGATORIES (Nos. 15-16)** to be

4

electronically served on the following via email:

5

**ATTORNEYS FOR APPLE INC.**

6

AppleMoFo@mofo.com                        WHAppleSamsungNDCalService@wilmerhale.com
HAROLD J. MCELHINNY                       WILLIAM F. LEE

7

hmcelhinny@mofo.com                       william.lee@wilmerhale.com
MICHAEL A. JACOBS                         WILMER CUTLER PICKERING HALE AND

8

mjacobs@mofo.com                          DORR LLP
JENNIFER LEE TAYLOR                       60 State Street

9

jtaylor@mofo.com                          Boston, Massachusetts 02109
ALISON M. TUCHER                          Telephone: (617) 526-6000

10

atucher@mofo.com                          Facsimile: (617) 526-5000
RICHARD S.J. HUNG

11

rhung@mofo.com                            MARK D. SELWYN
JASON R. BARTLETT                         mark.selwyn@wilmerhale.com

12

jasonbartlett@mofo.com                    WILMER CUTLER PICKERING HALE AND
MORRISON & FOERSTER LLP                   DORR LLP

13

425 Market Street                         950 Page Mill Road
San Francisco, California 94105-2482      Palo Alto, California 94304

14

Telephone: (415) 268-7000                 Telephone: (650) 858-6000
Facsimile: (415) 268-7522                 Facsimile: (650) 858-6100

15

16

17

I declare under penalty of perjury that the foregoing is true and correct.   Executed in

18

Redwood Shores, California on February 3, 2012.

19

_____/s/ Sandra Montoya_____

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S SEVENTH SET OF INTERROGATORIES (NO. 16)**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER** |

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

1    Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Samsung Electronics

2    Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC

3    (collectively, "Samsung") respond to Plaintiff Apple Inc.'s ("Apple") Seventh Set of

4    Interrogatories (No. 16) as follows:

5    <u>**GENERAL STATEMENT**</u>

6    The following responses are based on discovery available as of the date hereof.   Discovery

7    is continuing and ongoing, and these responses are subject to change accordingly.   It is

8    anticipated that further discovery, independent investigation and analysis may lead to the

9    discovery of additional information or documents, supply additional facts and add meaning to

10   known facts, as well as establish entirely new factual conclusions and legal contentions, all of

11   which may lead to additions to, changes to or variations from the responses set forth herein.

12   In addition, the following responses are given without prejudice to Samsung's right to

13   produce or rely on subsequently discovered information, facts or documents.   Samsung

14   accordingly reserves the right to change the responses herein and/or produce or rely on

15   subsequently discovered documents as additional facts are ascertained, analysis is conducted, legal

16   research is completed and contentions are made.   The responses herein are made in a good faith

17   effort to comply with the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure,

18   and to supply such responsive information as exists and is presently within Samsung's possession,

19   custody or control, but are in no way to be deemed to be to the prejudice of Samsung in relation to

20   further discovery, research and analysis.

21   An answer to an interrogatory shall not be deemed a waiver of any applicable general or

22   specific objection to an interrogatory.   In responding to the interrogatories, Samsung does not

23   waive any objections that may be applicable to the use, for any purpose, of any information or

24   documents provided in response, or the admissibility, relevance, or materiality of any such

25   information or documents to any issue in this case.

26   Samsung's responses to these interrogatories do not constitute admissions relative to the

27   existence of any documents or information, to the relevance or admissibility of any documents or

28   information, or to the truth or accuracy of any statement or characterization contained in Apple's

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

1  requests.   All objections as to relevance, authenticity, or admissibility of any document are
2  expressly reserved.

3     Samsung expressly incorporates this General Statement and the following General
4  Objections as though set forth fully in response to each of the following individual interrogatories
5  and, to the extent that they are not raised in any particular response, Samsung does not waive those
6  objections.

7                    <u>**GENERAL OBJECTIONS**</u>

8     1.      Samsung objects to the "Definitions" and "Instructions" contained in Apple's
9  Seventh Set of Special Interrogatories to the extent they are inconsistent with the Federal Rules of
10  Civil Procedure.

11     2.      Samsung objects to Apple's Definition of "Samsung," "You," "Your," and
12  "Defendants" as overly broad to the extent it requires Samsung to pursue information from
13  individuals no longer employed by Samsung whose data is not currently in the possession of
14  Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and
15  "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates,"
16  and also to the extent that it requires Samsung to potentially seek information from thousands of
17  people.   Samsung will respond to interrogatories based on a reasonable inquiry of individuals
18  expected to possess the requested information.

19     3.      Samsung objects to Apple's definition of "Apple" to as overly broad, vague, and
20  ambiguous.

21     4.      Samsung objects to the definition of "Products at Issue" as vague and overbroad to
22  the extent it includes "similar products, and any products that Apple accuses of infringing its
23  intellectual property in this litigation" that have not been identified by Apple in its infringement
24  contentions.   Samsung further objects to the definition of "Products at Issue" to the extent it
25  includes products that are not sold and/or have never been sold in the United States.

26     5.      Samsung objects to the definition of "Hardware Design" as vague and ambiguous.

27     6.      Samsung objects to the definition of "Graphical User Interface Design" as vague
28  and ambiguous.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

7.      Samsung objects to the definitions of "Original iPhone Trade Dress," "iPhone 3G Trade Dress," "iPhone 4 Trade Dress," "iPhone Trade Dress," "iPad Trade Dress," "iPad 2 Trade Dress," and "Apple Trademarks and Trade Dress" to the extent they imply that any aspect of the Apple products' design constitutes an element of its trade dress.

8.      Samsung objects to the definition of "Accused Feature" to the extent it misstates or mischaracterizes the Patents at Issue.

9.      Samsung objects to the definition of "Source Code" as vague, ambiguous, overbroad and overly burdensome.  Samsung further objects to the definition to the extent it seeks information regarding unreleased prototypes that are not at issue in this lawsuit.  Samsung also objects to the definition to the extent it seeks multiple and discrete types of information and has multiple subparts.

10.      Samsung objects to the definitions of "Concerning" and/or "Relating," and each and every interrogatory that uses the term "Concerning" or "Relating," as overly broad, vague and ambiguous.

11.      Samsung objects to the definition of "Third Party" or "Third Parties" as overly broad.

12.      Samsung objects to these interrogatories as vague and ambiguous to the extent they include terms that are undefined.  Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

13.      Samsung objects generally to each interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law. Samsung will exchange with Apple a log of withheld documents at a time agreed to by counsel for the parties.  Samsung also will not log privileged documents that were created on or after April 15, 2011.

14.      Samsung objects generally to the interrogatories to the extent they seek

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

information from outside a reasonable time period or from a point other than a reasonable time.

15.     Samsung objects to these interrogatories to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

16.     Samsung objects generally to the interrogatories to the extent that they prematurely call for contentions, identification of prior art, or identification of witnesses at this stage of the litigation.

17.     Samsung objects to each interrogatory to the extent it is duplicative or cumulative of another interrogatory.

18.     Samsung objects to each interrogatory to the extent it is compound and comprises discrete subparts resulting in separate interrogatories.

19.     Samsung expressly reserves the right to respond to any or all of the interrogatories by specifying documents wherein the responsive information may be ascertained pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

20.     Samsung objects generally to the interrogatories to the extent they seek confidential proprietary or trade secret information of third parties.  Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

21.     Samsung objects generally to the interrogatories on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

22.     Samsung objects to the interrogatories on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search its facilities and inquire of its employees other than those facilities and employees that would reasonably be expected to have responsive information. Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

23.     Samsung objects to the interrogatories on the grounds that they seek information

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1   already in the possession of Apple, publicly available, or as readily available to Apple as it is to

2   Samsung.

3       24.    Samsung objects to each interrogatory to the extent that it seeks information before

4   Samsung is required to disclose such information in accordance with any applicable law, such as

5   the Northern District of California Patent Local Rules.

6       25.    Samsung objects to the interrogatories on the grounds and to the extent that they

7   seek legal conclusions or call for expert testimony.   Samsung's responses should not be

8   construed to provide legal conclusions.

9       Subject to and without waiving the foregoing General Statement and General Objections,

10  Samsung responds as follows:

11

12  **INTERROGATORY NO. 16:**

13      Specifically for each Utility Patent at Issue, identify and explain in detail each design-

14  around and/or alleged alternative technology or method that can be used as an alternative to the

15  patented technology, including but not limited to:   (1) a description of the alleged design-around;

16  (2) a description of when and how the alleged design-around was developed; (3) the identity of

17  individuals involved in developing the alleged design-around, including their titles and

18  departments if they are or were Samsung employees; and (4) dates when the alleged design-around

19  was incorporated in Samsung's products.

20

21  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

22      In addition to its General Objections above, which it hereby incorporated by reference,

23  Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad,

24  and not reasonably calculated to lead to the discovery of admissible evidence.   Samsung further

25  objects to this interrogatory to the extent that it seeks to elicit information subject to and protected

26  by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

27  common interest doctrine, and/or any other applicable privilege or immunity.   Samsung further

28  objects to this interrogatory as premature to the extent it requests information regarding

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  Samsung's position regarding non-infringing alternatives before sufficient discovery has been

2  conducted and before the Court has construed the disputed term's in Apple's patents.   Samsung

3  further objects to this interrogatory to the extent it prematurely calls for expert testimony or

4  opinions at this stage of litigation.   Samsung will provide such information in accordance with the

5  Court's Minute Order and Case Management Order, dated August 25, 2011.

6        Subject to the foregoing general and specific objections, Samsung responds as follows:

7        Samsung's products do not infringe the Utility Patents at Issue; therefore, each of

8  Samsung's products are or include features that are non-infringing.

9        Moreover, the techniques disclosed as prior art or prior technologies to the Utility Patents

10  at Issue, including but not limited to those technologies disclosed during the prosecution of the

11  Utility Patents at Issue, are also commercially acceptable non-infringing alternatives to the alleged

12  inventions disclosed in the Utility Patents at Issue.

13        In addition, without admitting that any of Samsung's products infringe or that any claim

14  element is present in or practiced by the accused devices, commercially acceptable non-infringing

15  alternatives for the Utility Patents at Issue include:

16        '002 Patent:   Design arounds or non-infringing alternatives, either known to Samsung or

17  implemented by Samsung, include functionalities where the icons on the control strip and/or the

18  control strip itself are not sensitive to user input, where the control strip display is dependent on

19  the application program being used, where the control strip does not use programming modules,

20  and/or where the control strip is partially or completely obscured by one or more application

21  programs.

22        '891 patent:   Design arounds or non-infringing alternatives, either known to Samsung or

23  implemented by Samsung, include the elimination of the timer causing the disappearance of the

24  window, using a timer that counts up instead of counting down, allowing a user input (such as a

25  touch, key or button input) in order to make the window disappear; using a window that is opaque

26  and not transparent; and/or using non-visual feedback (such as audio feedback) to gauge phone

27  volume and ringer volume.

28

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

'915 Patent: Design arounds or non-infringing alternatives, either known to Samsung or implemented by Samsung, include not using event objects, not distinguishing between a single input point/scroll operation and a two or more input point/gesture operation, utilizing techniques that remove any association between the view with the event object that invokes the command; implementing something other than the event object associated with the view to invoke the scrolling or gesture command, implementing a scrolling method that utilizes more than one finger, and not stopping a scroll at a predetermined position in relation to the user input.

'381 Patent:   Design arounds or non-infringing alternatives, either known to Samsung or implemented by Samsung, include using techniques such as blue glow (or edge glow or yellow glow), tilt, partial bounce back, spring back, or no bounce back.   The "blue glow" functionality can be used as an alternative to at least one of the accused features.   Pursuant to Rule 33(d), Samsung refers to the source code produced by Samsung on January 23, 2012 regarding the blue glow technique.   The functionality was incorporated into Samsung's code for the Samsung accused products with the assistance of Wookyun Kho, Kihyung Nam, Dooju Byun, Jaegwan Shin, and Seunghwan Han on or around September 2011.

'163 Patent: Design arounds or non-infringing alternatives, either known to Samsung or implemented by Samsung, include not enlarging and translating a web page to substantially center a first box, not expanding the first box so that the width of the first box is substantially the same as the width of the touch screen display, not resizing text in an enlarged first box to meet or exceed a predetermined minimum text size on the touch screen display, and not translating a web page so as to substantially center a second box on the touch screen display while a first box is enlarged.   Additionally, the '163 patent is not infringed when, upon a "second" gesture from the user, either (1) the structured electronic document returns to its original size; and/or (2) no further actions are performed.   This design eliminates any actions that could be interpreted to "when the first box is enlarged, detect a second gesture on a second box other than the first box," and/or "in response to detecting the second gesture, translate the structured electronic document so that the second box is substantially centered on the touch screen display."   Samsung has modified or is modifying the functionality of its products including its Galaxy Attain 4G, Galaxy Tab 10.1, Epic

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1    4G, Galaxy S II Epic 4G Touch, and Galaxy S II Skyrocket devices.   Samsung has or is presently

2    preparing to produce the source code for the design around on the source code computer, and will

3    produce such source code as soon as possible.

4           '607 Patent: Design arounds or non-infringing alternatives, either known to Samsung or

5    implemented by Samsung, include the use of AMOLED screens which are already incorporated

6    into many of Samsung's products, the use of non-transparent conductors, not using conductive

7    lines, and not using conductors that are transverse, and using a single layer instead of first and

8    second layers.

9           '129 Patent: Design arounds or non-infringing alternatives, either known to Samsung or

10   implemented by Samsung, include the use of AMOLED screens which are already incorporated

11   into many of Samsung's products, the use of conductors that are not on a two-dimensional

12   coordinate system, the use of a second set of conductors having a widths that are not substantially

13   greater than the widths of a first set of conductors, and using a single layer instead first and second

14   layers spatially separated by a dielectric.

15          Samsung's investigation is ongoing and Samsung will provide further alternatives in its

16   expert report(s) to be submitted in accordance with the Court's Minute Order and Case

17   Management Order, dated August 25, 2011, and after Apple has provided a detailed explanation of

18   the basis for its infringement positions with regard to the Utility Patents at Issue.   Samsung also

19   may supplement this interrogatory after the Court enters an order construing the claims of the

20   Utility Patents at Issue.

21

22

23

24

25

26

27

28

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  DATED: March 8, 2012                    Respectfully submitted,

2                                          QUINN EMANUEL URQUHART &
3                                          SULLIVAN, LLP

4

5                                          By  /s/   Victoria Maroulis
                                               Charles K. Verhoeven
6                                              Kevin P.B. Johnson
                                               Victoria F. Maroulis
7                                              Michael T. Zeller
8                                              Attorneys for SAMSUNG ELECTRONICS CO.,
                                               LTD., SAMSUNG ELECTRONICS AMERICA,
9                                              INC. and SAMSUNG
                                               TELECOMMUNICATIONS AMERICA, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1

## CERTIFICATE OF SERVICE

2    I hereby certify that on March 8, 2012, I caused **SAMSUNG'S SUPPLEMENTAL**

3    **OBJECTIONS AND RESPONSES TO APPLE INC.'S 7TH SET OF INTERROGATORIES**

4    **(No. 16)** to be electronically served on the following via email:

5    **ATTORNEYS FOR APPLE INC.**

6    AppleMoFo@mofo.com                          WHAppleSamsungNDCalService@wilmerhale.com
     HAROLD J. MCELHINNY                         WILLIAM F. LEE
7    hmcelhinny@mofo.com                         william.lee@wilmerhale.com
     MICHAEL A. JACOBS                           WILMER CUTLER PICKERING HALE AND
8    mjacobs@mofo.com                            DORR LLP
     JENNIFER LEE TAYLOR                         60 State Street
9    jtaylor@mofo.com                            Boston, Massachusetts 02109
     ALISON M. TUCHER                            Telephone: (617) 526-6000
10   atucher@mofo.com                            Facsimile: (617) 526-5000
     RICHARD S.J. HUNG
11   rhung@mofo.com                              MARK D. SELWYN
     JASON R. BARTLETT                           mark.selwyn@wilmerhale.com
12   jasonbartlett@mofo.com                      WILMER CUTLER PICKERING HALE AND
     MORRISON & FOERSTER LLP                     DORR LLP
13   425 Market Street                           950 Page Mill Road
     San Francisco, California 94105-2482        Palo Alto, California 94304
14   Telephone: (415) 268-7000                   Telephone: (650) 858-6000
     Facsimile: (415) 268-7522                   Facsimile: (650) 858-6100

15

16

17    I declare under penalty of perjury that the foregoing is true and correct.   Executed in

18   Redwood Shores, California on March 8, 2012.

19                                              _____/s/ Melissa Chan_____

20

21

22

23

24

25

26

27

28