# Exhibit 4

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S ELEVENTH SET OF INTERROGATORIES (NOS. 39-64)** |

1    Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Samsung Electronics

2    Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC

3    (collectively, "Samsung") respond to Plaintiff Apple Inc.'s ("Apple") Eleventh Set of

4    Interrogatories (Nos. 39-64) as follows:

5                              **GENERAL STATEMENT**

6        The following responses are based on discovery available as of the date hereof.  Discovery

7    is continuing and ongoing, and these responses are subject to change accordingly.  It is anticipated

8    that further discovery, independent investigation and analysis may lead to the discovery of

9    additional information or documents, supply additional facts and add meaning to known facts, as

10   well as establish entirely new factual conclusions and legal contentions, all of which may lead to

11   additions to, changes to or variations from the responses set forth herein.

12       In addition, the following responses are given without prejudice to Samsung's right to

13   produce or rely on subsequently discovered information, facts or documents.   Samsung

14   accordingly reserves the right to change the responses herein and/or produce or rely on

15   subsequently discovered documents as additional facts are ascertained, analysis is conducted, legal

16   research is completed and contentions are made.  The responses herein are made in a good faith

17   effort to comply with the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure,

18   and to supply such responsive information as exists and is presently within Samsung's possession,

19   custody or control, but are in no way to be deemed to be to the prejudice of Samsung in relation to

20   further discovery, research and analysis.

21       An answer to an interrogatory shall not be deemed a waiver of any applicable general or

22   specific objection to an interrogatory.  In responding to the interrogatories, Samsung does not

23   waive any objections that may be applicable to the use, for any purpose, of any information or

24   documents provided in response, or the admissibility, relevance, or materiality of any such

25   information or documents to any issue in this case.

26       Samsung's responses to these interrogatories do not constitute admissions relative to the

27   existence of any documents or information, to the relevance or admissibility of any documents or

28   information, or to the truth or accuracy of any statement or characterization contained in Apple's

requests.  All objections as to relevance, authenticity, or admissibility of any document are expressly reserved.

Samsung expressly incorporates this General Statement and the following General Objections as though set forth fully in response to each of the following individual interrogatories and, to the extent that they are not raised in any particular response, Samsung does not waive those objections.

**GENERAL OBJECTIONS**

1.      Samsung objects to the "Definitions" and "Instructions" contained in Apple's Seventh Set of Special Interrogatories to the extent they are inconsistent with the Federal Rules of Civil Procedure.

2.      Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people.  Samsung will respond to interrogatories based on a reasonable inquiry of individuals expected to possess the requested information.

3.      Samsung objects to Apple's definition of "Apple" to as overly broad, vague, and ambiguous.

4.      Samsung objects to the definition of "Products at Issue" as vague and overbroad to the extent it includes "similar products, and any products that Apple accuses of infringing its intellectual property in this litigation" that have not been identified by Apple in its infringement contentions.  Samsung further objects to the definition of "Products at Issue" to the extent it includes products that are not sold and/or have never been sold in the United States.

5.      Samsung objects to the definition of "Hardware Design" as vague and ambiguous.

6.      Samsung objects to the definition of "Graphical User Interface Design" as vague and ambiguous.

7.     Samsung objects to the definitions of "Original iPhone Trade Dress," "iPhone 3G Trade Dress," "iPhone 4 Trade Dress," "iPhone Trade Dress," "iPad Trade Dress," "iPad 2 Trade Dress," and "Apple Trademarks and Trade Dress" to the extent they imply that any aspect of the Apple products' design constitutes an element of its trade dress.

8.     Samsung objects to the definition of "Accused Feature" to the extent it misstates or mischaracterizes the Patents at Issue.

9.     Samsung objects to the definition of "Source Code" as vague, ambiguous, overbroad and overly burdensome.  Samsung further objects to the definition to the extent it seeks information regarding unreleased prototypes that are not at issue in this lawsuit.  Samsung also objects to the definition to the extent it seeks multiple and discrete types of information and has multiple subparts.

10.     Samsung objects to the definitions of "Concerning" and/or "Relating," and each and every interrogatory that uses the term "Concerning" or "Relating," as overly broad, vague and ambiguous.

11.     Samsung objects to the definition of "Third Party" or "Third Parties" as overly broad.

12.     Samsung objects to these interrogatories as vague and ambiguous to the extent they include terms that are undefined.  Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

13.     Samsung objects generally to each interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law. Samsung will exchange with Apple a log of withheld documents at a time agreed to by counsel for the parties.  Samsung also will not log privileged documents that were created on or after April 15, 2011.

14.     Samsung objects generally to the interrogatories to the extent they seek

1   information from outside a reasonable time period or from a point other than a reasonable time.

2       15.     Samsung objects to these interrogatories to the extent they seek to compel

3   Samsung to generate or create information and/or documents that do not already exist.

4       16.     Samsung objects generally to the interrogatories to the extent that they prematurely

5   call for contentions, identification of prior art, or identification of witnesses at this stage of the

6   litigation.

7       17.     Samsung objects to each interrogatory to the extent it is duplicative or cumulative

8   of another interrogatory.

9       18.     Samsung objects to each interrogatory to the extent it is compound and comprises

10  discrete subparts resulting in separate interrogatories.

11      19.     Samsung expressly reserves the right to respond to any or all of the interrogatories

12  by specifying documents wherein the responsive information may be ascertained pursuant to Rule

13  33(d) of the Federal Rules of Civil Procedure.

14      20.     Samsung objects generally to the interrogatories to the extent they seek

15  confidential proprietary or trade secret information of third parties.  Samsung will endeavor to

16  work with third parties to obtain their consent, if necessary, before identifying or producing such

17  information and/or documents.

18      21.     Samsung objects generally to the interrogatories on the grounds that they are

19  overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the

20  discovery of admissible evidence.

21      22.     Samsung objects to the interrogatories on the ground that they are overly broad,

22  unduly burdensome and oppressive to the extent they purport to require Samsung to search its

23  facilities and inquire of its employees other than those facilities and employees that would

24  reasonably be expected to have responsive information. Samsung's responses are based upon (1)

25  a reasonable search and investigation of facilities and files that could reasonably be expected to

26  contain responsive information, and (2) inquiries of Samsung's employees and/or representatives

27  who could reasonably be expected to possess responsive information.

28      23.     Samsung objects to the interrogatories on the grounds that they seek information

1  already in the possession of Apple, publicly available, or as readily available to Apple as it is to

2  Samsung.

3       24.    Samsung objects to each interrogatory to the extent that it seeks information before

4  Samsung is required to disclose such information in accordance with any applicable law, such as

5  the Northern District of California Patent Local Rules.

6       25.    Samsung objects to the interrogatories on the grounds and to the extent that they

7  seek legal conclusions or call for expert testimony.  Samsung's responses should not be construed

8  to provide legal conclusions.

9       Subject to and without waiving the foregoing General Statement and General Objections,

10  Samsung responds as follows:

11

12  <u>**INTERROGATORIES**</u>

13  <u>**INTERROGATORY NO. 39:**</u>

14       Describe in detail all bases for Samsung's Fourth Affirmative Defense that "Apple has no

15  valid, protectable marks or trade dress in which it enjoys any rights that may be asserted against

16  the Samsung Defendants."  Please also identify all documents and things relating to your response,

17  and any persons with knowledge regarding your response.

18  <u>**RESPONSE TO INTERROGATORY NO. 39:**</u>

19       In addition to its General Objections above, which it hereby incorporated by reference,

20  Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

21  unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

22  Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

23  to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

24  defense privilege, the common interest doctrine, and/or any other applicable privilege or

25  immunity.  Samsung further objects to this interrogatory to the extent it prematurely calls for

26  expert testimony or opinions at this stage of litigation.  Samsung will provide such contentions in

27  accordance with the Court's Minute Order and Case Management order, dated August 25, 2011.

28  Samsung further objects on the basis that this interrogatory calls for Samsung's position on its

1    affirmative defense before Apple has completed providing discovery regarding the validity of its

2    trademarks and trade dress.

3           Subject to the foregoing general and specific objections, Samsung responds as follows:

4    Samsung filed an Answer, Affirmative Defenses, and Counterclaims on June 30, 2011 which

5    describes in detail, based upon information then known to Samsung, the factual bases for every

6    affirmative defense that Apple has asserted in this lawsuit.  In addition, Samsung's investigation is

7    ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

8    further discovery from Apple.

9    **INTERROGATORY NO. 40:**

10          Describe in detail all bases for Samsung's Fifth Affirmative Defense that Apple's "claims

11   made in the Complaint and the relief sought therein are barred, in whole or in part, on the basis

12   that the alleged marks at issue, the alleged trade dress at issue, the Apple Design Patents, and the

13   use of said marks, said trade dress and said Apple Design Patents are functional." Please also

14   identify all documents and things relating to your response, and any persons with knowledge

15   regarding your response.

16   **RESPONSE TO INTERROGATORY NO. 40:**

17          In addition to its General Objections above, which it hereby incorporated by reference,

18   Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

19   unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

20   Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

21   to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

22   defense privilege, the common interest doctrine, and/or any other applicable privilege or

23   immunity.  Samsung further objects to this interrogatory to the extent it prematurely calls for

24   expert testimony or opinions at this stage of the litigation.  Samsung will provide such contentions

25   in accordance with the Court's Minute Order and Case Management order, dated August 25, 2011.

26   Samsung further objects on the basis that and to the extent that this interrogatory calls for

27   information that is available in Samsung's Opposition to Apple's Motion for a Preliminary

28   Injunction.

1         Subject to the foregoing general and specific objections, Samsung responds as follows:

2    Samsung incorporates by reference the Declaration of Itay Sherman in Support of Samsung's

3    Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172).  Samsung also filed an

4    Answer, Affirmative Defenses, and Counterclaims on June 30, 2011 which describes in detail,

5    based upon information then known to Samsung, the factual bases for every affirmative defense

6    that Apple has asserted in this lawsuit.  In addition, Samsung's investigation is ongoing and

7    Samsung will supplement this interrogatory after a reasonable investigation and further discovery

8    from Apple.

9    **INTERROGATORY NO. 41:**

10        Describe in detail all bases for Samsung's Seventh Affirmative Defense that the "claims

11   made in the Complaint and the relief sought therein are barred, in whole or in part, on the basis

12   that the marks and alleged trade dress at issue are generic." Please also identify all documents and

13   things relating to your response, and any persons with knowledge regarding your response.

14   **RESPONSE TO INTERROGATORY NO. 41:**

15        In addition to its General Objections above, which it hereby incorporated by reference,

16   Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

17   unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

18   Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

19   to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

20   defense privilege, the common interest doctrine, and/or any other applicable privilege or

21   immunity.  Samsung further objects to this interrogatory to the extent it prematurely calls for

22   expert testimony or opinions at this stage of the litigation.  Samsung will provide such contentions

23   in accordance with the Court's Minute Order and Case Management order, dated August 25, 2011.

24        Subject to the foregoing general and specific objections, Samsung responds as follows:

25   Samsung filed an Answer, Affirmative Defenses, and Counterclaims on June 30, 2011 which

26   describes in detail, based upon information then known to Samsung, the factual bases for every

27   affirmative defense that Apple has asserted in this lawsuit.  In addition, Samsung's investigation is

28

1  ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

2  further discovery from Apple.

3  **INTERROGATORY NO. 42:**

4      Describe in detail all bases for Samsung's Eighth Affirmative Defense that each of the

5  "purported claims set forth in Apple's Complaint is barred by the doctrines of waiver,

6  acquiescence, and estoppel." Please also identify all documents and things relating to your

7  response, and any persons with knowledge regarding your response.

8  **RESPONSE TO INTERROGATORY NO. 42:**

9      In addition to its General Objections above, which it hereby incorporated by reference,

10  Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

11  unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

12  Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

13  to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

14  defense privilege, the common interest doctrine, and/or any other applicable privilege or

15  immunity.  Samsung further objects to this interrogatory to the extent it prematurely calls for

16  expert testimony or opinions at this stage of the litigation.  Samsung will provide such contentions

17  in accordance with the Court's Minute Order and Case Management order, dated August 25, 2011.

18      Subject to the foregoing general and specific objections, Samsung responds as follows:

19  Samsung filed an Answer, Affirmative Defenses, and Counterclaims on June 30, 2011 which

20  describes in detail, based upon information then known to Samsung, the factual bases for every

21  affirmative defense that Apple has asserted in this lawsuit.  In addition, Samsung's investigation is

22  ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

23  further discovery from Apple.

24  **INTERROGATORY NO. 43:**

25      Describe in detail all bases for Samsung's Ninth Affirmative Defense that the "Apple

26  Patents in Suit and the marks and alleged trade dress at issue are unenforceable, in whole or in

27  part, against the Samsung Defendants under the doctrine of laches." Please also identify all

28

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S 11TH SET OF INTERROGATORIES (NOS. 39-64)

1 documents and things relating to your response, and any persons with knowledge regarding your

2 response.

3 **RESPONSE TO INTERROGATORY NO. 43:**

4       In addition to its General Objections above, which it hereby incorporated by reference,

5 Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

6 unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

7 Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

8 to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

9 defense privilege, the common interest doctrine, and/or any other applicable privilege or

10 immunity.  Samsung further objects to this interrogatory to the extent it prematurely calls for

11 expert testimony or opinions at this stage of the litigation.  Samsung will provide such contentions

12 in accordance with the Court's Minute Order and Case Management order, dated August 25, 2011.

13       Subject to the foregoing general and specific objections, Samsung responds as follows:

14 Samsung filed an Answer, Affirmative Defenses, and Counterclaims on June 30, 2011 which

15 describes in detail, based upon information then known to Samsung, the factual bases for every

16 affirmative defense that Apple has asserted in this lawsuit.  In addition, Samsung's investigation is

17 ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

18 further discovery from Apple.

19 **INTERROGATORY NO. 44:**

20       Describe in detail all bases for Samsung's Twelfth Affirmative Defense that the "relief

21 sought by Apple as to the claims of one or more of the Apple Patents in Suit is barred under the

22 doctrine of prosecution history estoppel." Please also identify all documents and things relating to

23 your response, and any persons with knowledge regarding your response.

24 **RESPONSE TO INTERROGATORY NO. 44:**

25       In addition to its General Objections above, which it hereby incorporated by reference,

26 Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

27 unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

28 Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

1   to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

2   defense privilege, the common interest doctrine, and/or any other applicable privilege or

3   immunity.  Samsung further objects to this interrogatory to the extent it prematurely calls for

4   expert testimony or opinions at this stage of the litigation.  Samsung will provide such contentions

5   in accordance with the Court's Minute Order and Case Management order, dated August 25, 2011.

6          Subject to the foregoing general and specific objections, Samsung responds as follows:

7   Samsung filed an Answer, Affirmative Defenses, and Counterclaims on June 30, 2011 which

8   describes in detail, based upon information then known to Samsung, the factual bases for every

9   affirmative defense that Apple has asserted in this lawsuit.  In addition, Samsung's investigation is

10  ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

11  further discovery from Apple.

12  **INTERROGATORY NO. 45:**

13         Describe in detail all bases for Samsung's Thirteenth Affirmative Defense that "one or

14  more of the Apple Patents in Suit are unenforceable, in whole or in part, against the Samsung

15  Defendants under the doctrine of prosecution laches." Please also identify all documents and

16  things relating to your response, and any persons with knowledge regarding your response.

17  **RESPONSE TO INTERROGATORY NO. 45:**

18         In addition to its General Objections above, which it hereby incorporated by reference,

19  Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

20  unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

21  Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

22  to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

23  defense privilege, the common interest doctrine, and/or any other applicable privilege or

24  immunity.  Samsung further objects to this interrogatory to the extent it prematurely calls for

25  expert testimony or opinions at this stage of the litigation.  Samsung will provide such contentions

26  in accordance with the Court's Minute Order and Case Management order, dated August 25, 2011.

27         Subject to the foregoing general and specific objections, Samsung responds as follows:

28  Samsung filed an Answer, Affirmative Defenses, and Counterclaims on June 30, 2011 which

1   describes in detail, based upon information then known to Samsung, the factual bases for every

2   affirmative defense that Apple has asserted in this lawsuit.  In addition, Samsung's investigation is

3   ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

4   further discovery from Apple.

5   **INTERROGATORY NO. 46:**

6       Describe in detail all bases for Samsung's Nineteenth Affirmative Defense that "Apple's

7   claims against the Samsung Defendants are barred because Apple's damages, if any, were not

8   caused by the Samsung Defendants." Please also identify all documents and things relating to your

9   response, and any persons with knowledge regarding your response.

10  **RESPONSE TO INTERROGATORY NO. 46:**

11      In addition to its General Objections above, which it hereby incorporated by reference,

12  Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

13  unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

14  Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

15  to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

16  defense privilege, the common interest doctrine, and/or any other applicable privilege or

17  immunity.  Samsung further objects to the extent it prematurely calls for Samsung's position

18  regarding Samsung's position on damages before sufficient discovery has been conducted.

19  Samsung further objects to this interrogatory to the extent it prematurely calls for expert testimony

20  or opinions at this stage of litigation.  Samsung will provide such contentions in accordance with

21  the Court's Minute Order and Case Management order, dated August 25, 2011.

22      Subject to the foregoing general and specific objections, Samsung responds as follows:

23  Samsung filed an Answer, Affirmative Defenses, and Counterclaims on June 30, 2011 which

24  describes in detail, based upon information then known to Samsung, the factual bases for every

25  affirmative defense that Apple has asserted in this lawsuit.  Furthermore, Samsung's damages

26  contentions will be detailed in its expert report that will be served in accordance with the Court's

27  August 25, 2011 Order.  Moreover, Samsung's investigation is ongoing and Samsung will

28  supplement this interrogatory after a reasonable investigation and further discovery from Apple.

**INTERROGATORY NO. 47:**

Describe in detail all bases for Samsung's Twenty-First Affirmative Defense that "Apple's claims for injunctive relief are barred because Apple cannot show that it will suffer any irreparable harm from the Samsung Defendants' actions." Please also identify all documents and things relating to your response, and any persons with knowledge regarding your response.

**RESPONSE TO INTERROGATORY NO. 47:**

In addition to its General Objections above, which it hereby incorporated by reference, Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to this interrogatory to the extent it prematurely calls for expert testimony or opinions at this stage of litigation.  Samsung will provide such contentions in accordance with the Court's Minute Order and Case Management order, dated August 25, 2011. Samsung further objects on the basis that and to the extent that this interrogatory calls for information that is available in Samsung's Opposition to Apple's Motion for a Preliminary Injunction.

Subject to the foregoing general and specific objections, Samsung responds as follows: Samsung filed an Answer, Affirmative Defenses, and Counterclaims on June 30, 2011 which describes in detail, based upon information then known to Samsung, the factual bases for every affirmative defense that Apple has asserted in this lawsuit.  Samsung further provided certain of its bases for this affirmative defense in its Opposition to Apple's Motion for a Preliminary Injunction and the supporting documentation.  In addition, Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a reasonable investigation and further discovery from Apple.

1   **INTERROGATORY NO. 48:**

2      Identify in detail the persons most knowledgeable about SAMNDCA00251506-

3   SAMNDCA00251522, including its authorship and drafting evolution, the purposes it served,

4   discussions about it and its contents, the setting in which it arose, and the topics discussed in it,

5   including the specific role(s) played by each such person.

6   **RESPONSE TO INTERROGATORY NO. 48:**

7      In addition to its General Objections above, which it hereby incorporated by reference,

8   Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

9   unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

10  Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

11  to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

12  defense privilege, the common interest doctrine, and/or any other applicable privilege or

13  immunity.  Samsung further objects to this interrogatory as vague with respect to the terms

14  "drafting evolution" and "the setting in which it arose."  Samsung further objects to this

15  interrogatory as duplicative of Apple's Fifth Rule 30(b)(6) Deposition Notice.  Samsung further

16  objects on the basis and to the extent any further depositions based on Samsung's reply to this

17  interrogatory would be cumulative and abusive.

18     Subject to the foregoing general and specific objections, Samsung responds as follows:

19  Sang Hung may be the person most knowledgeable about the document with the Bates number

20  SAMNDCA00251506- SAMNDCA00251522.  In addition, Samsung's investigation is ongoing

21  and Samsung will supplement this interrogatory or designate the appropriate Rule 30(b)(6) witness

22  on this topic after a reasonable investigation.

23

24

25

26

27

28

**INTERROGATORY NO. 49:**

Identify all individuals who authored any portion of SAMNDCA00251506-SAMNDCA00251522, who received SAMNDCA00251506-SAMNDCA00251522 in its draft or final form, or who suggested any edits to SAMNDCA00251506-SAMNDCA00251522 in its draft or final form, including an indication of whether they were authors, recipients, or editors of SAMNDCA00251506-SAMNDCA00251522.

**RESPONSE TO INTERROGATORY NO. 49:**

In addition to its General Objections above, which it hereby incorporated by reference, Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to this interrogatory as overly broad to the extent it seeks information regarding any person who "received" the document. Samsung further objects to this interrogatory as duplicative of Apple's Fifth Rule 30(b)(6) Deposition Notice. Samsung further objects on the basis and to the extent that any further depositions based on Samsung's reply to this interrogatory would be cumulative and abusive.

Subject to the foregoing general and specific objections, Samsung responds as follows: Sang Hung received and/or contributed to the drafting of the document; information in the presentation was also derived from the sources referenced in the document itself. In addition, Samsung's investigation is ongoing and Samsung will supplement this interrogatory or designate the appropriate Rule 30(b)(6) witness on this topic after a reasonable investigation.

1  **INTERROGATORY NO. 50:**

2      Identify the persons most knowledgeable about, along with a detailed description of each

3  person's role with respect to, the design and implementation of software in each Product at Issue

4  relating to the display and operation of a user interface notification bar or a notification or

5  indicator in a notification bar.

6  **RESPONSE TO INTERROGATORY NO. 50:**

7      In addition to its General Objections above, which it hereby incorporated by reference,

8  Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

9  unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

10 Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

11 to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

12 defense privilege, the common interest doctrine, and/or any other applicable privilege or

13 immunity.  Samsung further objects to this interrogatory as vague and ambiguous to the extent it

14 seeks information "relating to the display and operation of a user interface notification bar or a

15 notification or indicator in a notification bar."  Samsung further objects to this interrogatory as

16 duplicative of Apple's Sixth Rule 30(b)(6) Deposition Notice.  Samsung further objects on the

17 basis and to the extent that any further depositions based on Samsung's reply to this interrogatory

18 would be cumulative and abusive.

19     Subject to the foregoing general and specific objections, Samsung responds as follows:

20 Samsung has hundreds of employees who work with the design and implementation of user

21 interface features available from Android open source and Google code and/or used in the

22 Products at Issue.  Samsung therefore cannot identify the individuals who are most knowledgeable

23 about the design and implementation of software in each Product at Issue relating to the display

24 and operation of a user interface notification bar or a notification or indicator in a notification bar.

25 However, Samsung's investigation is ongoing and Samsung will supplement this interrogatory or

26 designate the appropriate Rule 30(b)(6) witness on this topic after a reasonable investigation.

27

28

**INTERROGATORY NO. 51:**

Identify the persons most knowledgeable about, along with a detailed description of each person's role with respect to, the design and implementation of software in each Product at Issue relating to pop-up windows or notification overlays (including the timed display thereof).

**RESPONSE TO INTERROGATORY NO. 51:**

In addition to its General Objections above, which it hereby incorporated by reference, Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to this interrogatory as vague and ambiguous to the extent it seeks information "relating to pop-up windows or notification overlays (including the timed display thereof)." Samsung further objects to this interrogatory as duplicative of Apple's Sixth Rule 30(b)(6) Deposition Notice. Samsung further objects on the basis and to the extent that any further depositions based on Samsung's reply to this interrogatory would be cumulative and abusive.

Subject to the foregoing general and specific objections, Samsung responds as follows: Samsung has hundreds of employees who work with the design and implementation of features available from Android open source and Google code and/or used in the Products at Issue. Samsung therefore cannot identify the individuals who are most knowledgeable about the design and implementation of software in each Product at Issue relating to pop-up windows or notification overlays (including the timed display thereof). However, Samsung's investigation is ongoing and Samsung will supplement this interrogatory or designate the appropriate Rule 30(b)(6) witness on this topic after a reasonable investigation.

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S 11TH SET OF INTERROGATORIES (NOS. 39-64)

1  **INTERROGATORY NO. 52:**

2      Identify the persons most knowledgeable about, along with a detailed description of each

3  person's role with respect to, the design and implementation of software in each Product at Issue

4  relating to scrolling, scroll locking, and scaling.

5  **RESPONSE TO INTERROGATORY NO. 52:**

6      In addition to its General Objections above, which it hereby incorporated by reference,

7  Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

8  unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

9  Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

10 to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

11 defense privilege, the common interest doctrine, and/or any other applicable privilege or

12 immunity.  Samsung further objects to this interrogatory as vague and ambiguous and overly

13 broad to the extent it seeks information "relating to scrolling, scroll locking, and scaling."

14 Samsung further objects to this interrogatory as duplicative of Apple's Sixth Rule 30(b)(6)

15 Deposition Notice.  Samsung further objects on the basis and to the extent that any further

16 depositions based on Samsung's reply to this interrogatory would be cumulative and abusive.

17      Subject to the foregoing general and specific objections, Samsung responds as follows:

18 Samsung has hundreds of employees who work with the design and implementation of features

19 available from Android open source and Google code and/or used in the Products at Issue.

20 Samsung therefore cannot identify the individuals who are most knowledgeable about the design

21 and implementation of software in each Product at Issue relating to scrolling, scroll locking, and

22 scaling.  However, Samsung's investigation is ongoing and Samsung will supplement this

23 interrogatory or designate the appropriate Rule 30(b)(6) witness on this topic after a reasonable

24 investigation.

25

26

27

28

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S 11TH SET OF INTERROGATORIES (NOS. 39-64)

1  **INTERROGATORY NO. 53:**

2      Identify the persons most knowledgeable about, along with a detailed description of each

3  person's role with respect to, the design and implementation of software in each Product at Issue

4  relating to touch sensor controllers.

5  **RESPONSE TO INTERROGATORY NO. 53:**

6      In addition to its General Objections above, which it hereby incorporated by reference,

7  Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

8  unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

9  Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

10 to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

11 defense privilege, the common interest doctrine, and/or any other applicable privilege or

12 immunity.  Samsung further objects to this interrogatory as vague and ambiguous to the extent it

13 seeks information "relating to touch sensor controllers."  Samsung further objects to this

14 interrogatory as duplicative of Apple's Sixth Rule 30(b)(6) Deposition Notice.  Samsung also

15 objects to this interrogatory to the extent it requests information not within Samsung's possession,

16 custody or control.  Samsung further objects on the basis and to the extent that any further

17 depositions based on Samsung's reply to this interrogatory would be cumulative and abusive.

18     Subject to the foregoing general and specific objections, Samsung responds as follows:

19 Samsung does not have possession, custody or control of some if not all of the information

20 requested in this interrogatory.  However, Samsung's investigation is ongoing and Samsung will

21 supplement this interrogatory or designate the appropriate Rule 30(b)(6) witness on this topic after

22 a reasonable investigation.

23

24

25

26

27

28

**INTERROGATORY NO. 54:**

Identify the persons most knowledgeable about, along with a detailed description of each person's role with respect to, the design and implementation of software in each Product at Issue relating to processing touch screen contacts, including software that detects, interprets (e.g., by interpreting as a gesture), or distinguishes between tapping, dragging, flicking/flinging, pinching/depinching, rotation, or other touch screen contacts.

**RESPONSE TO INTERROGATORY NO. 54:**

In addition to its General Objections above, which it hereby incorporated by reference, Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to this interrogatory as vague and ambiguous to the extent it seeks information "relating to processing touch screen contacts, including software that detects, interprets (e.g., by interpreting as a gesture), or distinguishes between tapping, dragging, flicking/flinging, pinching/depinching, rotation, or other touch screen contacts." Samsung further objects to this interrogatory as duplicative of Apple's Sixth Rule 30(b)(6) Deposition Notice. Samsung further objects on the basis and to the extent that any further depositions based on Samsung's reply to this interrogatory would be cumulative and abusive.

Subject to the foregoing general and specific objections, Samsung responds as follows: Samsung has hundreds of employees who work with the design and implementation of features available from Android open source and Google code and/or used in the Products at Issue. Samsung therefore cannot identify the individuals who are most knowledgeable about the design and implementation of software in each Product at Issue relating to processing touch screen contacts, including software that detects, interprets (e.g., by interpreting as a gesture), or distinguishes between tapping, dragging, flicking/flinging, pinching/depinching, rotation, or other touch screen contacts. However, Samsung's investigation is ongoing and Samsung will

1  supplement this interrogatory or designate the appropriate Rule 30(b)(6) witness on this topic after

2  a reasonable investigation.

3  **INTERROGATORY NO. 55:**

4      Identify the persons most knowledgeable about, along with a detailed description of each

5  person's role with respect to, the design and implementation of the following software in each

6  Product at Issue: TouchWiz and the Browser, Camera, Contacts, Gallery, PDF Viewer, ThinkFree

7  Mobile Office, Memo, and Maps applications.

8  **RESPONSE TO INTERROGATORY NO. 55:**

9      In addition to its General Objections above, which it hereby incorporated by reference,

10 Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

11 unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

12 Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

13 to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

14 defense privilege, the common interest doctrine, and/or any other applicable privilege or

15 immunity.  Samsung further objects to this interrogatory as vague and ambiguous and overly

16 broad to the extent it seeks information relating to "TouchWiz and the Browser, Camera, Contacts,

17 Gallery, PDF Viewer, ThinkFree Mobile Office, Memo, and Maps applications."  Samsung also

18 objects to this interrogatory to the extent it seeks information about applications not limited to the

19 accused features in this case.  Samsung further objects to this interrogatory as duplicative of

20 Apple's Sixth Rule 30(b)(6) Deposition Notice.  Samsung further objects on the basis and to the

21 extent that any further depositions based on Samsung's reply to this interrogatory would be

22 cumulative and abusive.

23     Subject to the foregoing general and specific objections, Samsung responds as follows:

24 Samsung has hundreds of employees who work with the design and implementation of features

25 available from Android open source and Google code and/or used in the Products at Issue.

26 Samsung therefore cannot identify the individuals who are most knowledgeable about the design

27 and implementation of software in each Product at Issue relating to TouchWiz and the Browser,

28 Camera, Contacts, Gallery, PDF Viewer, ThinkFree Mobile Office, Memo, and Maps

1    applications.  However, Samsung's investigation is ongoing and Samsung will supplement this

2    interrogatory or designate the appropriate Rule 30(b)(6) witness on this topic after a reasonable

3    investigation.

4    **INTERROGATORY NO. 56:**

5        Identify the persons most knowledgeable about, along with a detailed description of each

6    person's role with respect to, the creation of Software Design or Software Requirements

7    Documents at Samsung, including, but not limited to, the process at Samsung's UX Group and

8    involvement of the Office of Development and the R&D Management Group.

9    **RESPONSE TO INTERROGATORY NO. 56:**

10        In addition to its General Objections above, which it hereby incorporated by reference,

11    Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

12    unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

13    Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

14    to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

15    defense privilege, the common interest doctrine, and/or any other applicable privilege or

16    immunity.  Samsung further objects to this interrogatory as vague and ambiguous to the extent it

17    seeks information regarding "Software Design" or "Software Requirements Documents" or "the

18    process" or "involvement."  Samsung further objects to this interrogatory as duplicative of

19    Apple's Sixth Rule 30(b)(6) Deposition Notice.  Samsung further objects on the basis and to the

20    extent that any further depositions based on Samsung's reply to this interrogatory would be

21    cumulative and abusive.

22        Subject to the foregoing general and specific objections, Samsung responds as follows:

23    Samsung's investigation is ongoing and Samsung will supplement this interrogatory or designate

24    the appropriate Rule 30(b)(6) witness on this topic after a reasonable investigation.

25    **INTERROGATORY NO. 57:**

26        Identify the persons most knowledgeable about, along with a detailed description of each

27    person's role with respect to, comparison and analysis of Apple products, including, but not

28    limited to, the comparison and analysis shown in Samsung videos produced in this case, including

1  the video files identified with Bates labels SAMNDCA00201282, SAMNDCA00201283,

2  SAMNDCA00201318-326, and SAMNDCA00201390.

3  **RESPONSE TO INTERROGATORY NO. 57:**

4       In addition to its General Objections above, which it hereby incorporated by reference,

5  Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

6  unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

7  Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

8  to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

9  defense privilege, the common interest doctrine, and/or any other applicable privilege or

10 immunity.  Samsung further objects to this interrogatory as duplicative of Apple's Sixth Rule

11 30(b)(6) Deposition Notice.  Samsung further objects on the basis and to the extent that any

12 further depositions based on Samsung's reply to this interrogatory would be cumulative and

13 abusive.

14      Subject to the foregoing general and specific objections, Samsung responds as follows:

15 Samsung's investigation is ongoing and Samsung will supplement this interrogatory or designate

16 the appropriate Rule 30(b)(6) witness on this topic after a reasonable investigation.

17 **INTERROGATORY NO. 58:**

18      Identify in detail all Samsung employees who directed, supervised, interacted with, or

19 otherwise communicated with NemusTech regarding any work relating to any claim in this case,

20 including, but not limited to, the comparison, analysis, or copying of Apple products, the

21 development of prototypes, design and development of Android software, and the design and

22 development of any graphical user interface for the Products at Issue.

23 **RESPONSE TO INTERROGATORY NO. 58:**

24      In addition to its General Objections above, which it hereby incorporated by reference,

25 Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

26 unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

27 Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

28 to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

1   defense privilege, the common interest doctrine, and/or any other applicable privilege or

2   immunity.  Samsung further objects to this interrogatory as vague and ambiguous and overly

3   broad to the extent it seeks information "any work relating to any claim in this case, including, but

4   not limited to, the comparison, analysis, or copying of Apple products, the development of

5   prototypes, design and development of Android software, and the design and development of any

6   graphical user interface."    Samsung further objects to this interrogatory as duplicative of Apple's

7   Sixth Rule 30(b)(6) Deposition Notice.  Samsung further objects on the basis and to the extent that

8   this interrogatory assumes that Samsung employees engaged in the "copying of Apple products";

9   Samsung denies that any "copying of Apple products" occurred.  Samsung further objects on the

10  basis and to the extent that any further depositions based on Samsung's reply to this interrogatory

11  would be cumulative and abusive.

12      Subject to the foregoing general and specific objections, Samsung responds as follows:

13  Wookyun Kho is the person most knowledgeable regarding work with NemusTech.  In addition,

14  Samsung's investigation is ongoing and Samsung will supplement this interrogatory or designate

15  the appropriate Rule 30(b)(6) witness on this topic after a reasonable investigation.

16  **INTERROGATORY NO. 59:**

17      Identify the persons most knowledgeable about, along with a detailed description of each

18  person's role with respect to, the design, specification, and manufacture of traces, conductive

19  lines, conductive layers, insulating layers, dielectrics, substrates, adhesives, and other elements

20  used to construct the touch screens (including the display and touch sensor panels) of each Product

21  at Issue.

22  **RESPONSE TO INTERROGATORY NO. 59:**

23      In addition to its General Objections above, which it hereby incorporated by reference,

24  Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

25  unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

26  Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

27  to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

28  defense privilege, the common interest doctrine, and/or any other applicable privilege or

1   immunity.  Samsung further objects to this interrogatory as vague and ambiguous to the extent it

2   seeks information relating to "the design, specification, and manufacture of traces, conductive

3   lines, conductive layers, insulating layers, dielectrics, substrates, adhesives, and other elements

4   used to construct the touch screens (including the display and touch sensor panels)."  Samsung

5   further objects to this interrogatory as duplicative of Apple's Sixth Rule 30(b)(6) Deposition

6   Notice.  Samsung also objects to this interrogatory to the extent it requests information not within

7   Samsung's possession, custody or control.  Samsung further objects on the basis and to the extent

8   that any further depositions based on Samsung's reply to this interrogatory would be cumulative

9   and abusive.

10          Subject to the foregoing general and specific objections, Samsung responds as follows:

11   Samsung does not have possession, custody or control of some or all of the information requested

12   in this interrogatory.  However, Samsung's investigation is ongoing and Samsung will supplement

13   this interrogatory or designate the appropriate Rule 30(b)(6) witness on this topic after a

14   reasonable investigation.

15   **INTERROGATORY NO. 60:**

16          Identify the persons most knowledgeable about, along with a detailed description of each

17   person's role with respect to, the design, programming, specification, manufacture, and operation

18   of any monitoring circuitry, integrated circuit, chip, controller, or module used to operate the touch

19   screens (including the display and touch sensor panels) of each Product at Issue.

20   **RESPONSE TO INTERROGATORY NO. 60:**

21          In addition to its General Objections above, which it hereby incorporated by reference,

22   Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

23   unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

24   Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

25   to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

26   defense privilege, the common interest doctrine, and/or any other applicable privilege or

27   immunity.  Samsung further objects to this interrogatory as vague and ambiguous and overly

28   broad to the extent it seeks information relating to "the design, programming, specification,

1  manufacture, and operation of any monitoring circuitry, integrated circuit, chip, controller, or

2  module used to operate the touch screens (including the display and touch sensor panels)."

3  Samsung further objects to this interrogatory as duplicative of Apple's Sixth Rule 30(b)(6)

4  Deposition Notice.  Samsung also objects to this interrogatory to the extent it requests information

5  not within Samsung's possession, custody or control.  Samsung further objects on the basis and to

6  the extent that any further depositions based on Samsung's reply to this interrogatory would be

7  cumulative and abusive.

8      Subject to the foregoing general and specific objections, Samsung responds as follows:

9  Samsung does not have possession, custody or control of some if not all of the information

10 requested in this interrogatory.  However, Samsung's investigation is ongoing and Samsung will

11 supplement this interrogatory or designate the appropriate Rule 30(b)(6) witness on this topic after

12 a reasonable investigation.

13 **INTERROGATORY NO. 61:**

14     Identify the persons most knowledgeable about, along with a detailed description of each

15 person's role with respect to, the design, specification, manufacture, and operation of the touch

16 screens (including the displays and touch sensor panels) included in each Product at Issue.

17 **RESPONSE TO INTERROGATORY NO. 61:**

18     In addition to its General Objections above, which it hereby incorporated by reference,

19 Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

20 unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

21 Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

22 to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

23 defense privilege, the common interest doctrine, and/or any other applicable privilege or

24 immunity.  Samsung further objects to this interrogatory as vague and ambiguous and overly

25 broad to the extent it seeks information relating to "the design, specification, manufacture, and

26 operation of the touch screens (including the displays and touch sensor panels)."  Samsung further

27 objects to this interrogatory as duplicative of Apple's Sixth Rule 30(b)(6) Deposition Notice.

28 Samsung also objects to this interrogatory to the extent it requests information not within

1  Samsung's possession, custody or control.  Samsung further objects on the basis and to the extent

2  that any further depositions based on Samsung's reply to this interrogatory would be cumulative

3  and abusive.

4          Subject to the foregoing general and specific objections, Samsung responds as follows:

5  Samsung does not have possession, custody or control of some if not all of the information

6  requested in this interrogatory.  However, Samsung's investigation is ongoing and Samsung will

7  supplement this interrogatory or designate the appropriate Rule 30(b)(6) witness on this topic after

8  a reasonable investigation.

9  **INTERROGATORY NO. 62:**

10         Identify the persons most knowledgeable about, along with a detailed description of each

11 person's role with respect to, communicating or working with Atmel and other vendors who

12 provide components related to the touch screens and touch screen controller chips in each Product

13 at Issue.

14 **RESPONSE TO INTERROGATORY NO. 62:**

15         In addition to its General Objections above, which it hereby incorporated by reference,

16 Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

17 unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

18 Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

19 to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

20 defense privilege, the common interest doctrine, and/or any other applicable privilege or

21 immunity.  Samsung further objects to this interrogatory as vague and ambiguous and overly

22 broad to the extent it seeks information regarding persons involved in "communicating or working

23 with Atmel."  Samsung further objects to this interrogatory as duplicative of Apple's Sixth Rule

24 30(b)(6) Deposition Notice.  Samsung also objects to this interrogatory to the extent it requests

25 information not within Samsung's possession, custody or control.  Samsung further objects on the

26 basis and to the extent that any further depositions based on Samsung's reply to this interrogatory

27 would be cumulative and abusive.

28

1      Subject to the foregoing general and specific objections, Samsung responds as follows:

2   Samsung's investigation is ongoing and Samsung will supplement this interrogatory or designate

3   the appropriate Rule 30(b)(6) witness on this topic after a reasonable investigation.

4   **INTERROGATORY NO. 63:**

5      For each Product at Issue, identify each product that was available on the market

6   simultaneously with the Product at Issue that you contend would have been an acceptable non-

7   infringing alternative to consumers who purchased the Product at Issue.

8   **RESPONSE TO INTERROGATORY NO. 63:**

9      In addition to its General Objections above, which it hereby incorporated by reference,

10  Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

11  unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

12  Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

13  to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

14  defense privilege, the common interest doctrine, and/or any other applicable privilege or

15  immunity.  Samsung further objects to this interrogatory as vague and ambiguous to the extent it

16  seeks information regarding products "available on the market simultaneously."  Samsung further

17  objects to this interrogatory to the extent it prematurely calls for expert testimony or opinions at

18  this stage of the litigation.  Samsung will provide such contentions in accordance with the Court's

19  Minute Order and Case Management order, dated August 25, 2011.

20     Subject to the foregoing general and specific objections, Samsung responds as follows:

21  Each of the Products at Issue would have been an acceptable non-infringing alternative to any

22  other Product at Issue.  Moreover, Samsung's contentions regarding non-infringing alternatives

23  will be detailed in its expert reports that will be served in accordance with the Court's August 25,

24  2011 Order.  In addition, Samsung's investigation is ongoing and Samsung will supplement this

25  interrogatory after a reasonable investigation.

26  **INTERROGATORY NO. 64:**

27     For each patent being asserted by Apple and for each alternative identified in response to

28  interrogatories 15 and 16, state the amount that you contend Samsung would have to spend to

1  implement the alleged non-infringing alternative in the Products at Issue, the time it would take to

2  implement the alternative, and the complete factual basis for your calculation.

3  **RESPONSE TO INTERROGATORY NO. 64:**

4        In addition to its General Objections above, which it hereby incorporated by reference,

5  Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and

6  unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.

7  Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject

8  to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

9  defense privilege, the common interest doctrine, and/or any other applicable privilege or

10  immunity.  Samsung further objects to the extent it prematurely calls for Samsung's position

11  regarding Samsung's position on damages before sufficient discovery has been conducted.

12  Samsung further objects to this interrogatory to the extent it prematurely calls for expert testimony

13  or opinions at this stage of litigation.  Samsung will provide such contentions in accordance with

14  the Court's Minute Order and Case Management order, dated August 25, 2011.

15        Subject to the foregoing general and specific objections, Samsung responds as follows:

16  Samsung contends that it would require an insignificant amount of time, resources, and cost to

17  implement the non-infringing alternatives listed in Samsung's interrogatory responses.  Moreover,

18  Samsung's contentions will be detailed in its expert reports that will be served in accordance with

19  the Court's August 25, 2011 Order.  In addition, Samsung's investigation is ongoing and Samsung

20  will supplement this interrogatory after a reasonable investigation.

21

22

23

24

25

26

27

28

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S 11TH SET OF INTERROGATORIES (NOS. 39-64)

1    DATED: February 22, 2012         Respectfully submitted,

2

           QUINN EMANUEL URQUHART &
3            SULLIVAN, LLP

4

5            By  /s/ Victoria F. Maroulis

6              Charles K. Verhoeven
             Kevin P.B. Johnson
7              Victoria F. Maroulis
             Michael T. Zeller
8              Attorneys for SAMSUNG ELECTRONICS CO.,
             LTD., SAMSUNG ELECTRONICS AMERICA,
9              INC. and SAMSUNG
             TELECOMMUNICATIONS AMERICA, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        Case No. 11-cv-01846-LHK
SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S 11TH SET OF INTERROGATORIES (NOS. 39-64)

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on February 22, 2012, I caused **SAMSUNG'S OBJECTIONS AND**

3 **RESPONSES TO APPLE INC.'S 11TH SET OF INTERROGATORIES (Nos. 39-64)** to be

4 electronically served on the following via email:

5 **ATTORNEYS FOR APPLE INC.**

6   AppleMoFo@mofo.com                  WHAppleSamsungNDCalService@wilmerhale.com
    HAROLD J. MCELHINNY            WILLIAM F. LEE
7   hmcelhinny@mofo.com              william.lee@wilmerhale.com
    MICHAEL A. JACOBS             WILMER CUTLER PICKERING HALE AND
8   mjacobs@mofo.com                DORR LLP
    JENNIFER LEE TAYLOR            60 State Street
9   jtaylor@mofo.com                Boston, Massachusetts 02109
    ALISON M. TUCHER              Telephone: (617) 526-6000
10   atucher@mofo.com                Facsimile: (617) 526-5000
    RICHARD S.J. HUNG
11   rhung@mofo.com                 MARK D. SELWYN
    JASON R. BARTLETT             mark.selwyn@wilmerhale.com
12   jasonbartlett@mofo.com         WILMER CUTLER PICKERING HALE AND
    MORRISON & FOERSTER LLP     DORR LLP
13   425 Market Street                950 Page Mill Road
    San Francisco, California 94105-2482   Palo Alto, California 94304
14   Telephone: (415) 268-7000        Telephone: (650) 858-6000
    Facsimile: (415) 268-7522         Facsimile: (650) 858-6100

15

16

17        I declare under penalty of perjury that the foregoing is true and correct.  Executed in

18 Redwood Shores, California on February 22, 2012.

19                            _/s/ Melissa N. Chan_____

20

21

22

23

24

25

26

27

28