HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S MOTION PURSUANT TO AUGUST 21, 2013 ORDER TO EXCLUDE EXHIBITS ON SAMSUNG'S EXHIBIT LIST**<br><br>Date:   October 17, 2013<br>Time:   1:30 PM<br>Place:  Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

Pursuant to Federal Rule of Civil Procedure 26(a)(3)(B) and the Court's order at the August 21, 2013 Case Management Conference, Apple moves to exclude thirty of Samsung's proposed trial exhibits.

The Court has ordered that "the new trial on damages will be extremely limited." (Dkt. No. 2316 at 3.) The parties may not present "new methods" or "new theories" at the damages retrial. (Dkt. No. 2320 at 49:4-5.) As explained below, Samsung nevertheless has proposed numerous exhibits that it previously identified as relating solely to issues of infringement, invalidity, or other topics outside the scope of the new trial.

In addition to the objections to thirty identified exhibits set forth below, Apple provides its objections to Samsung's full exhibit list in a table submitted concurrently with this motion. Samsung has not disclosed the intended use, or a sponsoring witness, for any of the exhibits on its list. Apple reserves the right to object to Samsung's use of any exhibit for a purpose outside the scope of the new trial and/or without a proper sponsoring witness; and Apple reserves all objections until the purpose for any exhibit is identified. Apple reserves the right to supplement or amend its objections when Samsung discloses how and with whom it intends to use its exhibits.[1]

### I. Objections to Prior Art and Invalidity Exhibits (DX528, 546, 548, 550, 551, 556, 578; PX10, 20, 22; and PDX14, 26)

The validity of Apple's patents is not at issue in the retrial, which is intended only "to correct the erroneous notice dates." (Dkt. No. 2316 at 3.) Nevertheless, Samsung disclosed numerous exhibits that could only be used to challenge the validity of the patents-in-suit. In many cases, Samsung itself described the only purpose for those exhibits at the first trial as "prior art/invalidity." (*See* Dkt. No. 1285-1 (DX528, 546, 548, 550, 551, and 556).) Those exhibits have no place in the damages retrial.

---

[1] Samsung includes a category of "Exhibits Not Intended To Be Used At Trial And Identified Solely For Purposes of Appeal." Apple objects to all of them as irrelevant and reiterates the objections that resulted in their prior exclusion.

APPLE'S MOTION PURSUANT TO AUGUST 21, 2013 ORDER TO EXCLUDE EXHIBITS ON SAMSUNG'S EXHIBIT LIST
CASE NO. 11-cv-01846-LHK (PSG)
ActiveUS 115773655v.7

1

1    The unfair prejudice to Apple from admitting exhibits that Samsung itself describes only
2    as prior art and invalidity exhibits substantially outweighs any minimal probative value these
3    exhibits could have for the damages issues involved in the new trial.  As explained in Apple's
4    Motion *In Limine* To Preclude References To "Prior Art" (Dkt. No. 2402), Samsung should not
5    be allowed to influence the amount of damages that the jury awards by introducing evidence
6    suggesting that Apple's patents are invalid.  Accordingly, Apple respectfully requests that the
7    Court exclude DX528, 546, 548, 550, 551, and 556, which are representative prior art exhibits
8    that Samsung has improperly included on its exhibit list.  Apple reserves the right to seek
9    exclusion of additional prior art exhibits that Samsung may seek to use at trial.

10   Apple also respectfully requests that the Court exclude DX578, which is an email chain
11   among Apple employees concerning whether the iPhone was the first product of its kind to
12   contain various features, such as a full touchscreen interface or multi-touch capabilities.
13   Samsung's use of DX578 would be improper under FRE 402 and 403 because of the high risk
14   that the jury will misinterpret the document as suggesting that Apple was not the first to invent
15   the patented technology.  Moreover, Samsung has not disclosed any witness who could properly
16   discuss DX578 in the context of damages.  Accordingly, DX578 should be excluded.

17   Similarly, Samsung has listed five exhibits, PX10, 20, and 22 and PDX14 and 26, whose
18   purpose at the first trial was to demonstrate that Apple's designs were not functional (due to the
19   existence of design alternatives) and thus were not invalid.  These validity exhibits should be
20   excluded as well.  Moreover, PX22 was excluded at the first trial.  (*See* Trial Tr. 1401:5-1403:7.)
21   The Court has made clear that it will not revisit the admissibility of material previously excluded.
22   (Aug. 21, 2013 Hr'g Tr. 12:14-16.)

23   **II.   Objections to Reexamination Exhibits (New Trial Exs. 7, 8)**

24   Apple also requests that the Court exclude Samsung's New Trial Exhibits 7 and 8, which
25   are the file histories from the reexamination proceedings for the '381 and '915 patents.  *First*,
26   these exhibits run afoul of the Court's order that the parties may not present "new theories" at the
27   damages retrial.  (Dkt. No. 2320 at 49:4-5, 81:25-82:1; *see also id.* at 41:19-20.)  These new
28   materials should not be part of the limited new trial.  *Second*, under FRE 402 and 403, the unfair

APPLE'S MOTION PURSUANT TO AUGUST 21, 2013 ORDER TO EXCLUDE EXHIBITS ON SAMSUNG'S EXHIBIT LIST
CASE NO. 11-cv-01846-LHK (PSG)

2

prejudice to Apple greatly outweighs the minimal probative value of the reexamination files to any of the issues involved in the retrial. By their very nature, the reexaminations challenged the validity of Apple's patents. But, as discussed above, the validity of Apple's patents has been decided, and the risk that evidence of the reexaminations would improperly influence the damages award by causing the jury to question the validity of Apple's patents is quite high. New Trial Exhibits 7 and 8 should be excluded.

### III. Objections to Utility Patent Infringement Exhibits (DX751; PDX29; and New Trial Ex. 10)

Samsung's proposed exhibit DX751 is a video showing a feature in several of Samsung's accused products that, according to Samsung's argument during the first trial, avoided infringement of the '381 patent. The jury rejected that argument, finding infringement of the '381 patent by each accused Samsung product. Infringement will not be relitigated at the damages retrial. Accordingly, the Court should exclude DX751 under FRE 402 and 403.

PDX29 is a demonstrative video that was introduced to prove infringement of Apple's patents during the testimony of Dr. Singh. Based on the recent Wagner expert report on damages, it appears that Samsung improperly intends to use PDX29 in an attempt to support a new theory of a designaround "instantly available" to Samsung in order to avoid a lost profits award. Likewise, Samsung's proposed New Trial Exhibit 10 is a new video showing the operation of Samsung's Intercept phone, and the Wagner report indicates that Samsung intends to present the new theory that Intercept is a noninfringing alternative. The bar against new theories precludes Samsung from introducing or using PDX29 for this purpose and from introducing New Trial Exhibit 10. (Dkt. No. 2320 at 49:4-5.) Samsung has provided no information on how New Trial Exhibit 10 was created or what witness can introduce it. Moreover, the relevance and unfair prejudice objections with respect to DX751 apply equally to PDX29 and New Trial Exhibit 10.

### IV. Objections to Exhibits Regarding Samsung's Supposed Independent Development (DX526, 680, 682, 683)

Evidence of consumer demand is highly relevant to damages; and, where Apple can prove that Samsung copied a patented feature, that is evidence of demand for the patented feature and of a lack of commercially acceptable alternatives. (*See* Dkt. No. 2405 at 5-6 (collecting

APPLE'S MOTION PURSUANT TO AUGUST 21, 2013 ORDER TO EXCLUDE EXHIBITS ON SAMSUNG'S EXHIBIT LIST
CASE NO. 11-cv-01846-LHK (PSG)

3

authorities).) But Samsung has identified numerous exhibits supposedly to demonstrate that Samsung independently developed designs included in its infringing products and other exhibits supposedly to show that Apple copied its designs from other parties, such as Sony. The allegedly independent development of a design does not demonstrate a lack of consumer interest in that design and is not relevant to any damages issue.

Even if independent development evidence were relevant to the retrial, the Court has already held that Samsung cannot rebut evidence of its copying with untimely disclosed evidence and theories of independent development. (*See, e.g.*, Dkt. No. 1510 at 2; Trial Tr. 290:15-293:2.) For example, Samsung included DX526, Samsung's F700 phone, on its exhibit list. This Court previously held that Samsung could not offer evidence of the development of the F700 to argue independent design, (Dkt. No. 1690 at 9), and ultimately admitted DX526 only "as evidence of alternative designs and functionality." (Dkt. No. 1889 at 6.) Those issues are not presented in the damages retrial, and the risk that the jury would rely on DX526 for an improper purpose—such as to consider Samsung's supposed independent development to discount the amount of damages— far outweighs any minimal probative value it has under FRE 403. Accordingly, the Court should exclude DX526 from the damages retrial.

DX680, 682, and 683 are sketchbooks from Samsung designers. Samsung has disclosed no theory that relies upon these exhibits, let alone a theory related to damages. Like DX526, these exhibits present a high risk of unfair prejudice to Apple that substantially outweighs their minimal probative value under FRE 403. Moreover, DX680 was not on Samsung's final exhibit list from July 23, 2012 and is thus barred by this Court's orders of August 21, 2013. (*See* Dkt. No. 1285-1; Dkt. No. 2369 at 2; Aug. 21, 2013 Hr'g Tr. at 19:17-23.) The Court should therefore exclude DX680, 682, and 683.

V.  **Objections to Notice Date Exhibit (DX586)**

Samsung offers DX586, which is a FRE 408 settlement presentation that Apple made to Samsung in October 2010 concerning Samsung's infringement of Apple's patents and design rights. But the Court has already ruled that the jury may "not consider this evidence to prove or disprove . . . the amount of a disputed claim," (Dkt. No. 1889, Admitted Exhibit List at 7), which

APPLE'S MOTION PURSUANT TO AUGUST 21, 2013 ORDER TO EXCLUDE EXHIBITS ON SAMSUNG'S EXHIBIT LIST
CASE NO. 11-cv-01846-LHK (PSG)

4

is the only thing at issue now. The only purpose for which the Court admitted DX586 previously—"as evidence of whether or not Samsung lacked notice of Apple's infringement claims" as of October 2010—is not at issue in this trial given the March 1 Order Re: Damages. (*See* Dkt. No. 2271 at 18.)

### VI. Objections to Exhibit Regarding Alleged Apple Tax Avoidance (Davis-Specific Ex. 40)

Samsung's proposed Davis-Specific Exhibit 40 is a May 21, 2013 Senate Report concerning an investigation into Apple's U.S. tax payments. The report is critical of Apple's tax practices, including Apple's supposed use of overseas entities to avoid paying U.S. taxes. This exhibit should be excluded for two reasons. *First*, this is precisely the type of new evidence that did not exist at the time of the first trial that the Court has said may not be presented at the new trial. (Dkt. No. 2320 at 81:25-82:1 (explaining that the damages retrial is "going to be limited to the same evidence that was before the jury of 2012").) *Second*, the document should be excluded under FRE 402 and 403 because it is irrelevant to any issue in the damages retrial, and the unfair prejudice to Apple of this document substantially outweighs any minimal probative value it may have. Indeed, in ruling on the parties' motions *in limine* for the first trial, the Court excluded exactly this type of exhibit. (*See* July 18, 2012 Hr'g Tr. 135:6-8 ("[I]f it's mud smearing like tax evasion, it's not coming in.").)

### VII. Objections to HTC Settlement Agreement and License (Davis-Specific Ex. 39)

Samsung's proposed Davis-Specific Exhibit 39 is Apple's settlement agreement and license with HTC. This exhibit too should be excluded because it has nothing to do with Ms. Davis's qualifications and is new evidence that did not exist at the time of the first trial. (Dkt. No. 2320 at 81:25-82:1.) Because admitting the HTC settlement agreement is contrary to the "extremely limited" scope of the damages retrial, (Dkt. No. 2316 at 3), the Court should exclude Davis-Specific Exhibit 39.

### VIII. Objections to Exhibits Presenting Apple's Competitive Analysis (DX712, 2519)

The Court should exclude DX712 and 2519, which are documents that present Apple's internal competitive analysis of products made by Samsung and others. As discussed above,

APPLE'S MOTION PURSUANT TO AUGUST 21, 2013 ORDER TO EXCLUDE EXHIBITS ON SAMSUNG'S EXHIBIT LIST
CASE NO. 11-cv-01846-LHK (PSG)

5

Samsung's copying of Apple's products demonstrates demand for the patented features. But Apple's analysis of products made by its competitors has nothing to do with features of the patents-in-suit, and those documents should be excluded as irrelevant to any of the damages issues for the retrial under FRE 402. Moreover, there is a high risk that the jury could misinterpret these documents as suggesting that Apple's analysis of products from Samsung or other competitors was somehow improper and reduce its damages award on that basis. Because the unfair prejudice to Apple substantially outweighs the minimal probative value of these documents, the Court should exclude them under FRE 403.

### IX. Objections to Evidence of Prior Rulings and Post-Trial Proceedings (New Trial Ex. 4, 5)

Apple further requests that the Court exclude Samsung's proposed New Trial Exhibit 5, which is the Court's order denying a permanent injunction. Prior to the first trial, the Court ordered that the Court's ruling on the preliminary injunction should be excluded under FRE 403. (*See* Dkt. No. 1267 at 4.) The reasons for excluding the preliminary injunction order apply with even greater force to the permanent injunction order (and the submissions and discovery related to post-trial motions). These events post-date the first trial, and the Court's ruling on the permanent injunction is not evidence of any disputed fact for the damages retrial. It is entirely irrelevant.

The risk of unfair prejudice to Apple is also extremely high. The jury could improperly interpret the Court's denial of equitable relief as undermining Apple's claim for money damages. The Court should accordingly exclude New Trial Exhibit 5 under FRE 402 and 403.

New Trial Exhibit 4 is Apple's opposition to Samsung's post-trial motion for JMOL or a new trial. This too is irrelevant and highly prejudicial to Apple and should be excluded for the same reasons as New Trial Exhibit 5.

### X. Objections to Wagner Trial Exhibits Using New and Improper Methodologies (Updated DX781 and New Trial Ex. 1)

DX781 and New Trial Exhibit 1 are new or revised damages summaries prepared by Michael Wagner. They include entirely new data and methodologies that are the subject of Apple's motion to strike. For example, DX781 includes a new "summation method" not

APPLE'S MOTION PURSUANT TO AUGUST 21, 2013 ORDER TO EXCLUDE EXHIBITS ON SAMSUNG'S EXHIBIT LIST
CASE NO. 11-cv-01846-LHK (PSG)

6

disclosed in his prior April 16, 2012 report. (*See* Dkt. No. 2381 at 4 & n.6.) New Trial Exhibit 1 (Summary of Damages Calculations for New Trial) is composed entirely of new data and methods not presented in any expert report before the first trial and not present in any exhibit submitted before the first trial. This alone justifies exclusion of the proposed exhibits.

Further, DX781 presents a misleading "total" profits number in which Samsung deducts $41M in alleged losses from sales of infringing products from the positive profits Samsung earned from the sale of other infringing products. Pursuant to 35 U.S.C. § 289, Apple should be awarded Samsung's positive profits for each product and Samsung cannot "offset" alleged losses from other products, because Apple is entitled by statute to at least a reasonable royalty for each infringing sale. 35 U.S.C. § 284. Mr. Wagner himself has admitted that Apple should recover at least a reasonable royalty for each infringing product (*see* Decl. of Erik J. Olson in Support of Apple's Motion Pursuant to August 21, 2013 Order to Exclude Exhibits on Samsung's Exhibit List Ex. A, Wagner Dep. at 607:1 to 609:2.), but Wagner's new calculation deprives Apple of both Samsung's total profits and of a reasonable royalty. DX781 should be excluded on this basis as well.

**CONCLUSION**

For the foregoing reasons, Apple respectfully requests that the Court exclude the following exhibits: PX10, 20, 22; PDX14, 26, 29; DX526, 528, 546, 548, 550, 551, 556, 578, 586, 680, 682, 683, 712, 751, 781, 2519; proposed Davis-Specific Exhibits 39, 40; and New Trial Exhibits 1, 4, 5, 7, 8, 10. Apple reserves the right to present further objections according to the Court's procedures at trial.

Dated: September 16, 2013   MORRISON & FOERSTER LLP

By:   */s/ Harold J. McElhinny*
HAROLD J. McELHINNY

Attorneys for Plaintiff
APPLE INC.

APPLE'S MOTION PURSUANT TO AUGUST 21, 2013 ORDER TO EXCLUDE EXHIBITS ON SAMSUNG'S EXHIBIT LIST
CASE NO. 11-cv-01846-LHK (PSG)

7