# EXHIBIT A

Highly Confidential - Outside Attorneys' Eyes Only

Page 561

1              UNITED STATES DISTRICT COURT
2             NORTHERN DISTRICT OF CALIFORNIA
3                   SAN JOSE DIVISION
4
5    APPLE INC., a California corporation,
6
                    Plaintiff,
7
     vs.                          CASE NO.  11-cv-01846-LHK
8
     SAMSUNG ELECTRONICS CO.,
9    LTD., a Korean business
     entity; SAMSUNG ELECTRONICS
10   AMERICA,INC., a New York
     corporation; SAMSUNG
11   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited
12   liability company,
13                  Defendants.
     _____/
14                                                       09:01
15        H I G H L Y   C O N F I D E N T I A L
16   O U T S I D E   A T T O R N E Y S'   E Y E S   O N L Y
17
18      VIDEOTAPED DEPOSITION OF MICHAEL J. WAGNER
19           VOLUME III ~ PAGES 561 - 688
20              PALO ALTO, CALIFORNIA
21              TUESDAY, JULY 17, 2012
22
     BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR
23
     CSR LICENSE NO. 9830
24
     JOB NO. 51519
25

Highly Confidential - Outside Attorneys' Eyes Only

Page 607

| | | |
|---|---|---|
| 1 | Q    All right. | 10:11 |
| 2 | If you'll go back to Schedule 4.2 for a | 10:12 |
| 3 | minute.  It was page 15 of 786.  And then if you'll | 10:12 |
| 4 | look in the -- the section marked "Total."  That's the | 10:12 |
| 5 | fourth column from the top; do you have that? | 10:12 |
| 6 | A    I know where that is.  Thank you. | 10:12 |
| 7 | Q    All right. | 10:12 |
| 8 | For at least two products, you show during | 10:12 |
| 9 | the rele- -- the period 2010, 2011, 2012, that the | 10:12 |
| 10 | profitability was negative? | 10:12 |
| 11 | A    I do. | 10:12 |
| 12 | Q    And that's for the Gem and for the Nexus S; | 10:12 |
| 13 | correct? | 10:12 |
| 14 | A    That is correct. | 10:12 |
| 15 | Q    Do you have any opinion as to whether or not | 10:12 |
| 16 | the jury should award a reasonable royalty when the | 10:13 |
| 17 | profit is negative as compared to awarding the profit, | 10:13 |
| 18 | or whether they should award the profit? | 10:13 |
| 19 | MR. ANDERSON:  Objection; compound. | 10:13 |
| 20 | THE WITNESS:  I'm confused by the question. | 10:13 |
| 21 | MR. OLSON:  Okay. | 10:13 |
| 22 | THE WITNESS:  I'll tell you why, is that I | 10:13 |
| 23 | thought that the rules in the United States that for | 10:13 |
| 24 | patent infringement, if it's not a design patent, all | 10:13 |
| 25 | you're entitled to is a reasonable royalty or lost | 10:13 |

Highly Confidential - Outside Attorneys' Eyes Only

Page 608

| | | |
|---|---|---|
| 1 | profits of the patent owner, that the profits of the | 10:13 |
| 2 | infringer would never be awarded. | 10:13 |
| 3 |     If you're talking about whether they should | 10:13 |
| 4 | award a reasonable royalty or the unjust enrichment | 10:13 |
| 5 | for a design patent, I think that's just a question | 10:13 |
| 6 | for the jury. | 10:13 |
| 7 |     MR. OLSON:  Okay. | 10:13 |
| 8 | Q   Do you have any reason to disagree with the | 10:13 |
| 9 | principle that for both design and for utility | 10:13 |
| 10 | patents, that damages under Section 284 should never | 10:14 |
| 11 | be less than a reasonable royalty? | 10:14 |
| 12 | A   Yes. | 10:14 |
| 13 | Q   And what's your disagreement with that? | 10:14 |
| 14 | A   Oh, I thought -- I'm sorry.  I misunderstood | 10:14 |
| 15 | the question. | 10:14 |
| 16 |     I do agree with that.  That's -- I think | 10:14 |
| 17 | that's what the law says.  That's what Section 284 | 10:14 |
| 18 | says. | 10:14 |
| 19 | Q   Okay.  I think we just missed between | 10:14 |
| 20 | agreement and disagreement. | 10:14 |
| 21 | A   I'm sorry. | 10:14 |
| 22 | Q   Okay.  Because I'm worried it's all very | 10:14 |
| 23 | confusing to me. | 10:14 |
| 24 |     So you agree that the damages awarded for | 10:14 |
| 25 | design or utility patents should never be less than a | 10:14 |

Page 609

| | | |
|---|---|---|
| 1 | reasonable royalty? | 10:14 |
| 2 |    A   I do. | 10:14 |
| 3 |    Q   The -- the calculation that's next over to | 10:14 |
| 4 | the right, from April 15th to March 31 of 2012, you | 10:14 |
| 5 | prepared that based on when the complaint was filed; | 10:14 |
| 6 | correct? | 10:14 |
| 7 |    A   Yes, that's my understanding. | 10:14 |
| 8 |    Q   And I think we've discussed before that there | 10:14 |
| 9 | is an issue about -- for patents as to when Samsung | 10:15 |
| 10 | believes it had notice of Apple's patents; correct? | 10:15 |
| 11 |    A   Yes. | 10:15 |
| 12 |    Q   All right. | 10:15 |
| 13 |        And the reason you have a separate | 10:15 |
| 14 | calculation is to prepare a -- prepare one in light of | 10:15 |
| 15 | that notice issued for patents? | 10:15 |
| 16 |    A   Correct. | 10:15 |
| 17 |        And -- and if there's that proration problem | 10:15 |
| 18 | in this, I plan now, based on your pointing this out | 10:15 |
| 19 | in these schedules, to make my staff confirm we | 10:15 |
| 20 | haven't made that mistake here as well.  And I will | 10:15 |
| 21 | plan to present an accurate calculation for that | 10:15 |
| 22 | period if this is inaccurate. | 10:15 |
| 23 |    Q   And -- and the way you would do that is you | 10:15 |
| 24 | would add May and June and July up.  You wouldn't | 10:15 |
| 25 | prorate the amounts? | 10:15 |