QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION TO PRECLUDE CERTAIN TESTIMONY IDENTIFIED ON APPLE'S WITNESS LIST AND DEPOSITION DESIGNATIONS**<br><br>Trial Date:   November 12, 2013<br>Hearing Date:   October 17, 2013<br>Time:   1:30 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |

**INTRODUCTION AND BACKGROUND**

This Court ordered that "the new trial on damages will be extremely limited. The sole purpose of the trial is to correct the erroneous notice dates." Dkt. 2316 at 3. At the Case Management Conference in April, the Court frequently reminded Apple that the retrial is to be "a very limited retrial on damages," consisting just of "bringing in the numbers on the damages requests." Declaration of Anthony Alden Ex. 1 ("Ex. 1") at 43:16; *see also* Declaration of Anthony Alden Ex. 2 ("Ex. 2") at 55:12-14 ("It's just changing … the notice dates based on when the notice was given"). "No one is going to get a do-over." Ex. 1 at 43:14; *accord id.* at 51:23-24; 60:11. Eager to get a trial date set, Apple agreed: "It will be narrow, Your Honor. We understand the Court's direction." *Id.* at 51:25-52:1.

Yet Apple's list of 38 witnesses and broad descriptions of testimony reveal that it does not intend to restrict itself to "this one limited issue" of damages.[1] Ex. 1 at 65:20-21. Apple wants a sweeping retrial in which it can inflame the jury with irrelevant testimony relating to infringement, validity, "copying," and IP rights that are not at issue in the retrial, such as trade dress and the industrial design of tablet computers. *See* Dkt. 2271. Those issues were previously tried to verdict and the parties' motions for JMOL or a new trial on these issues were denied, except that the Court held the jury's findings of willfulness were incorrect as a matter of law. Dkts. 2219, 2220. Further, the Court rejected "Samsung's argument that the Seventh Amendment requires a new trial on both damages and liability issues," including evidence necessary to show the scope of infringement and the degree of novelty of Apple's asserted patents. Dkt. 2316 at 2:18-19; Dkt. 2286 at 5-10. Apple argued that a retrial on these issues would violate its Seventh Amendment rights. Ex. 1 at 36:25-37:1. At Apple's urging, the Court denied Samsung's motion, holding that allowing a jury to reconsider evidence of infringement at the new trial "would violate the doctrine

---

[1] The length of Samsung's witness list is due to it going second at trial. If Apple is permitted to go beyond the ordered scope of trial and introduce aggrandizing testimony about its products and their development, portray Samsung as a "copy cat" willful infringer, and rehash FRAND negotiations, Samsung must be permitted to rebut Apple's evidence, thus resurrecting virtually every issue that was tried last summer. Of course, this would create precisely the scenario the Court admonished the parties would be intolerable because there is no "capacity to … reopen the entire case." Ex. 1 at 53:15-16.

of the law of the case." *Id*. at 47:24-25.  The Court held:  "The first jury already rendered a verdict that particular Samsung products infringe the intellectual property that would be the subject of a new trial on damages. … [T]he determination regarding these products is now binding and cannot be revisited in a second damages trial."  *Id.* at 47:25-48:6.  Accordingly, the subjects of infringement, validity, intent, and trade dress are not at issue in the upcoming trial.  Apple should be precluded from introducing any further testimony on them.

## I. APPLE SHOULD BE PRECLUDED FROM INTRODUCING TESTIMONY ON MANY OF ITS DISCLOSED SUBJECT AREAS

### A. Apple Should Be Precluded From Offering Testimony About Infringement.

Apple's Witness List ("AWL") identifies four witnesses from whom it expressly intends to offer testimony concerning "Samsung's infringement" of asserted patents.  Dkt. 2406-2 (AWL) at 3, 5-6 (Balakrishnan, Bressler, Kare, Singh).  Because this topic plainly exceeds the narrow question of damages (*see supra*), none of Apple's listed witnesses should be permitted to testify about "Samsung's infringement."  Nor should they be permitted to testify about any related facts, including "the similarity of Apple's and Samsung's products," "the visual appearance of Samsung's user interfaces in relation to Apple's user interfaces," the "hardware and software design" of Samsung's products, "the functionality and operation of Samsung's Infringing Products as they relate to [Apple's] patents," "the user interface and functionality of the accused Samsung products," the development and design of Samsung accused products, "Samsung's and Apple's product designs," "alternative designs," "Samsung's ability to alter user interfaces," "Samsung's design and development process and strategy," or "Samsung's implementation of the bounce feature in its patents."  AWL at 3, 4, 6-7 (Balakrishnan, Denison, Singh); Dkt. 2406-2 (Apple's Deposition Designations ("ADD")) at 1-6 (Chang, Choi, Denison, Hong, Kho, Lam, Minhyouk Lee, Ling, Hyoung Shin Park, Junho Park, Pendelton, Ryu, Shin, Sohn, Yeo).

### B. Apple Should Be Precluded From Offering Testimony About Validity And Its Development of the Asserted Patents.

For witnesses whose testimony it relied on at trial to argue validity, Apple now discloses topics such as "the design process at Apple," Apple's "design and development process for [user] interfaces, and the [asserted] inventions," "the graphical user interfaces in Apple products …, the

1  design and development process for these interfaces, and the inventions of the asserted patents,"
2  "icon and user interface graphics design," the "background" of asserted patents and "conception
3  and reduction to practice" of Apple's patents.  AWL at 4-7 (Forstall, Kare, Singh, Stringer).
4  Like issues of infringement, the Court has ruled that there will be no new trial on validity.  Dkt.
5  2219.  Accordingly, such testimony should be excluded.

6  Further, if introduced in a vacuum devoid of prior art and the testimony of Samsung's
7  designers, testimony about Apple's general design process and the development of the accused
8  products would create a one-sided and highly misleading picture for the jury.  This goes beyond
9  "correct[ing] the erroneous notice dates," (Dkt. 2316 at 3), and it would improperly bolster the
10 jury's sympathy for Apple and distort the historical and commercial context of Apple's patents.
11 Any marginal relevance such evidence may have is outweighed by unfair prejudice to Samsung, as
12 well as "misleading the jury, undue delay, [and] wasting time."  Fed. R. Evid. 403.

13 In addition to the general irrelevance of testimony about Apple's development process,
14 Samsung objects to Apple's proposed testimony of Scott Forstall "regarding the graphical user
15 interfaces in Apple products such as the iPhone and iPad, the design and development process for
16 these interfaces, and the inventions of the '381, '915, and '163 utility patents and their
17 significance."  AWL at 4.  This far exceeds the scope of permitted testimony at the first trial,
18 where, consistent with the scope of Apple's Rule 26 disclosures, the Court limited Mr. Forstall's
19 testimony to the '163 patent.  Dkt. No. 1563 at 6.  Pursuant to the Court's Order of April 29,
20 2013, which expressly provided that "prior rulings on the parties' ... evidentiary objections will
21 remain in effect as law of the case.  The parties may not relitigate these issues," (Dkt. 2316 at 2),
22 Mr. Forstall should not be permitted to exceed the scope of his original testimony, even if it is
23 otherwise found to be relevant and not prejudicial.

24 **C.    Apple Should Be Precluded From Offering Testimony About Samsung's Intent and Alleged Copying.**

25 All testimony relating to "copying" and intent should be excluded as irrelevant, unduly
26 prejudicial and a waste of time.  Apple never referred to copying when urging the jury to adopt its
27 damages calculations or defending the jury's damages awards in post-trial briefing.  Trial Tr.
28

-3-                                     Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION TO PRECLUDE CERTAIN TESTIMONY IDENTIFIED ON APPLE'S WITNESS LIST AND DEPOSITION DESIGNATIONS

4128:9-4132:4; Dkt. 2050 at 18-22.  Permitting Apple to change its position now and introduce testimony of supposed copying as proof of consumer demand would violate the Court's ruling that "no one is going to get a do-over in this case."  Ex. 1 at 43:14-15.  In addition, as explained in Samsung's motion *in limine*, allowing Apple to re-litigate copying issues creates a serious risk that the jury will award damages designed to punish what it perceives as wrongful conduct, even though wrongfulness and willfulness are irrelevant to Apple's claimed damages.  Dkt. 2406 at 2-3.  As reflected in the original jury instructions, even a finding of willfulness should not affect the jury's award because damages "are meant to compensate the patent holder and not to punish the infringer."  Dkt. 1903, Inst. Nos. 18, 35, 53.  Allowing such testimony will unfairly prejudice Samsung, confuse the jury, and waste time.  *See* Fed. R. Evid. 403.

Yet Apple's witness list confirms its intent to reuse its "willful copying" playbook.  It identifies 14 witnesses on the subject of Samsung's "awareness, consideration, analysis, and emulation of Apple's designs, technology, products and/or intellectual property."  ADD at 1-6 (Chang, Choi, Denison, Hong, Kho, Lam, Minhyok Lee, Ling, Hyoung Shin Park, Junho Park, Ryu, Shin, Sohn, Yeo); *see also id.* at 2-3 (JunWon Lee, "Samsung's awareness of Apple's patents").  Apple also uses other phraseology to describe what it is likely to portray as intentional copying, such as "Apple's efforts to stop Samsung from violating Apple's intellectual property and proprietary technology," "Samsung's competitive intelligence practices," "Samsung's business," and "Samsung's business strategies."  AWL at 7 (Teksler); ADD at 4-5 (Junho Park, Pendelton, Rosenberg, Ryu).  Whether intended as code for copying or simply taken at face value, these subjects are irrelevant to the damages questions at issue and should not be permitted.

In addition, any other testimony Apple intends to offer for the purpose of showing "copying"" or willfulness should likewise be excluded, including testimony of Timothy Benner and Cira Conley relating to surveys that Apple wants to portray as showing Samsung's awareness of and consideration of Apple, its products, and its intellectual property, or consumer perceptions of similarity between the parties' products.  *Compare* ADD 1 *with* Trial Tr. 1525-26 (discussing Gravity Tank survey) *and* PX 203.2 (discussing Deep Dive Survey).  Tellingly, one of the documents that was the subject of Mr. Benner's deposition testimony played in the first trial was

previously allowed only to show "intent, willfulness, and knowledge, and not for any other purpose," and related only to tablet devices.  Trial Tr. 2027:18-21; PX 203.2.  As with other "copying" testimony, this is irrelevant in light of the JMOL ruling of no willful infringement and the undisturbed validity findings, and is beyond the scope of the retrial, unduly prejudicial, and a waste of time.  Fed. R. Evid. 401-403.  This is especially the case regarding testimony relating to the appearance of Samsung's tablets, for which the jury found no infringement relating to physical design.  Dkt. 1931 at 7, 10, 14.

### D. Apple Should Be Precluded From Offering Testimony About Intellectual Property Rights And Products That Are Not At Issue.

The retrial concerns damages for infringement of only certain patents by certain products.  Dkt. 2271.  Apple should not be permitted to introduce testimony unrelated to either the products found to infringe those patents or the Apple products that practice them.

Testimony relating to trade dress issues, such as "Apple's brand equity," "the strength of Apple's brand," "publicity for [Apple's products]," "the impact of Samsung's infringing products on Apple's product designs and overall brand," "the relationship between Apple's product design and the strength of Apple's brand," and "the impact that Samsung's infringing products have on Apple's product designs and the overall Apple brand " and notice of Apple's claims of trade dress violations is not within the scope of the retrial.  AWL at 2, 5, 6, 8 (Schiller, Joswiak, Sood, Winer); ADD at 2-3 (Lee); Dkt. 2271.  Nor is testimony about "Apple products," "iOS devices," "mobile devices," or "Apple's history" generally—as opposed to specific Apple products that practice the patents found to be infringed—related to any issue in dispute at the retrial.  AWL at 1-2, 4-8 (Blevins, Schiller, Denison, Forstall, Joswiak, Sood, Stringer, Winer).  Any possible relevance of these topics, and such broad topics as "marketing," "advertising," "publicity," and "strategy," (AWL at 1-2, 6, 8 (Blevins, Schiller, Denison, Joswiak, Sood, Winer); ADD at 1 (Denison)), is outweighed by "undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Likewise, Apple should be precluded from introducing testimony about "Gravity Tank's relationship with and work for Samsung," (ADD at 1 (Conley)), which it previously relied on as proof of fame.  Trial Tr. 4114:23-25; 2195:21-25; 1525-26.  Fame was

1   subsumed in the jury's trade dress dilution findings, and is no longer at issue.   Dkt. 2271.

2   Apple should not be permitted to offer testimony relating to products that are not at issue
3   in the upcoming trial, including consumer products generally, (*see* AWL at 6 (Sood)), and
4   "accused products" that are not at issue in the retrial.   Dkt. 2271.   For example, the proposed
5   testimony of JungMin Yeo, "an industrial designer at Samsung," relating to "the design and
6   development of Samsung's tablet computer devices," (ADD at 5), is irrelevant because the
7   industrial design of Samsung's tablet computer devices were not found to infringe.   Dkt. 1931 at
8   7, 10, 14.   Accordingly, it would be misleading, prejudicial, and a waste of time for the jury to
9   consider any testimony relating to the appearance of any tablet computers.   The Court should
10  likewise exclude Apple from offering testimony from any other witnesses, including Timothy
11  Benner, relating to the physical appearance of any tablet devices.   *See* PX 203.2 (Benner
12  testimony discussing commercials for tablets); ADD at 1.

13  Apple also discloses that it may seek to introduce testimony from Hyoung Shin Park.
14  ADD at 3-4.   Ms. Park's prior testimony focused on her design of the F700—a phone Apple
15  originally claimed copied the iPhone, but which was not an accused product at trial because Ms.
16  Park designed it before the iPhone was even announced.   Dkt. 75 ¶ 80; Dkt. 1970 at 11-17; Dkt.
17  1970-26; Dkt. 1970-28; Dkt. 1463, 1474, 1664.   Although at trial Apple nonetheless portrayed the
18  F700 as a copied device, it successfully moved to exclude Ms. Park from testifying.   Dkt. 1970-
19  29; Dkt. 1922-1 at 1; Dkt. 1690 at 8-9.   If Apple introduces any of Ms. Park's testimony at the
20  new trial, Samsung should be permitted to call her to give context to Apple's historically
21  inaccurate portrayal of Samsung's designs, especially now that there is no chance her testimony
22  will be used for invalidity purposes.   Dkt. 1690 at 8-9.

23  Apple should also be prohibited from introducing testimony from any witness regarding
24  licensing negotiations that do not relate to Apple's efforts to license *its* asserted patents.   For
25  example, Apple disclosed Bruce Watrous as a witness on the subject of its "licensing negotiations
26  with Samsung," (AWL at 7), but he has no personal knowledge of the relevant negotiations.   He
27  did not even begin working at Apple until June 2011—almost a year after Apple's final meeting
28  with Samsung before filing suit.   Likewise, Apple discloses that it intends to introduce testimony

of JunWon Lee "concerning Samsung's licenses and licensing practices."  ADD at 2-3. Although Apple relied on Mr. Lee's testimony at the original trial to support Apple's antitrust counter-claim and FRAND defenses, that subject matter is entirely irrelevant to the retrial on Apple's damages for infringement of Apple's *own* asserted patents.

### E. Apple Should Be Precluded From Offering Testimony Not Otherwise Related To The Appropriate Amount of Damages.

Apple should not be allowed to introduce testimony about topics that are not relevant to Samsung's profits, Apple's lost profits, or a reasonable royalty on the products and patents at issue.  This includes irrelevant and unfairly prejudicial testimony about Samsung's business generally, such as Samsung's "tax relationship with the United States and transfer/allocation of profits between the three main defendants," "relationships with wireless network carriers," "competitive intelligence practices," "business strategies," "corporate strategy and structure," and retention, preservation, and production of documents.  ADD at 1-2, 4-5 (Choi, Hong, Junho Park, Pendelton, Rosenberg, Ryu, Sheppard).

## II. APPLE SHOULD BE PRECLUDED FROM INTRODUCING TESTIMONY ABOUT INADEQUATELY DISCLOSED SUBJECT AREAS

Apple "identifies" categories of "Substance Of Testimony To Be Given" that on their face do not disclose any relevant subject matter, such as unidentified topics that are "the subject of" depositions, reports, or prior testimony and "the authenticity of certain documents."  AWL, ADD, *passim*.  All such topics should be excluded as inadequately disclosed.

## CONCLUSION

For the reasons discussed above, Apple should be precluded from introducing testimony from Ravin Balakrishnan, Peter Bressler, Scott Forstall, Susan Kare, Karan Singh, Sanjay Sood, Christopher Stringer, Bruce Watrous, Russell Winer, Dong Hoon Chang, Geesung Choi, Cira Conley, Wong Pyo Hong, Wookyun Kho, Ioi Lam, JunWon Lee, Minhyouk Lee, Qi Ling, Ki Hyung Nam, Hyoung Shin Park, Junho Park, DongSeok Ryu, Jaegwan Shin, and JungMin Yeo, and it should be precluded from introducing testimony from any other witnesses regarding the topics discussed above, as set forth in the accompanying Proposed Order.

DATED: September 16, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/*Victoria F. Maroulis*
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    William C. Price
    Michael T. Zeller

    Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC