1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:  (650) 801-5000
   Facsimile:  (650) 801-5100
9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
15 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

16

17                   UNITED STATES DISTRICT COURT

18           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

20 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK
21 | Plaintiff, | **ADMINISTRATIVE MOTION TO STRIKE APPLE'S OBJECTIONS TO SAMSUNG'S EXHIBIT LIST AND APPLE'S OBJECTIONS TO SAMSUNG'S SEPTEMBER 9, 2013 TRIAL WITNESS LIST**
22 | vs. |
23 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, |
26 | Defendants. |

1    Pursuant to Civil L.R. 7-11 and 79-5, and General Order No. 62, Defendants Samsung
2 Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications
3 America, LLC (collectively, "Samsung") hereby bring this administrative motion strike "Apple's
4 Objections to Samsung's Exhibit List" and "Apple's Objections to Samsung's September 9, 2013
5 Trial Witness List" ("Objections") filed on September 16, 2013, in direct violation of the Court's
6 August 22, 2013 Case Management Order ("CMC Order"), which set limits on exhibit and witness
7 objections.  In the alternative, if the Court decides to permit further written objections before trial,
8 then Samsung requests that the Court set a reasonable deadline for Samsung to file additional
9 objections beyond those expressly provided in the CMC Order, as well as a date for the parties to
10 exchange responses to such objections.

## ARGUMENT

### APPLE'S OBJECTIONS TO EXHIBITS AND WITNESSES VIOLATE THE COURT'S AUGUST 22, 2013 CMC ORDER AND SHOULD BE STRICKEN

Disregarding the Court's clear CMC Order limiting the number and volume of objections to exhibits and witnesses prior to trial, Apple has filed 58 pages of objections in excess of the 14 page limitation set by the Court.  (Dkt. 2369 at 2.)  The Court expressly limited each party to a single seven-page motion to strike exhibits, which could challenge a maximum of 30 proposed trial exhibits.  (*Id*.)  The Court also limited each party to a single motion no longer than seven pages to challenge proposed trial witnesses.  (*Id*.)  The language of the Court's CMC Order regarding the permissible pre-trial objections is clear and definitive:

- All exhibits that were admitted at the first trial are presumptively admissible at the new trial. The parties may object to the relevance of exhibits for the purposes of the new trial.

  o   The parties shall exchange exhibit lists by September 9, 2013. ***The parties shall file objections to the admissibility of exhibits by September 16, 2013. Oppositions are due September 23, 2013, and replies are due September 30, 2013. The motions and oppositions are limited to seven pages with replies limited to four pages. A maximum of 30 exhibits may be challenged.*** A hearing is scheduled on this issue for October 17, 2013, at 1:30 p.m.

  o   Although the Court did not order this at the Case Management Conference, the parties are hereby ordered to exchange witness lists by September 9, 2013. ***The parties shall file objections to any witnesses by September 16, 2013.  Oppositions are due September***

> ***23, 2013, and replies are due September 30, 2013. The motions and oppositions are limited to seven pages with replies limited to four pages.*** A hearing is scheduled on this issue for October 17, 2013, at 1:30 p.m.

(Dkt. 2369 at 2 (emphasis added).)

On the due date for the objection motions set forth in the CMC Order, both parties filed seven-page motions to exclude 30 exhibits and seven-page motions to exclude or limit witnesses, in keeping with the Court's limitations. In addition, however, Apple alone filed 48 pages of additional objections to ***nearly every exhibit*** on Samsung's exhibit list[1] (Dkt. 2416, 2416-1), and 10 pages of additional objections to ***all witnesses*** on Samsung's witness list. (Dkt. 2414.) There is no other pretrial submission on evidentiary objections authorized by the CMC Order. The Court's standing orders on pretrial preparation – which are superseded by the CMC Order in this regard anyway – do not call for an exchange of objections until a later date, and *never* call for *filing* such objections. Apple's gratuitous filing is therefore a violation of the Court's orders and a bald attempt to exceed the allowable pretrial evidentiary objections.

There can be no doubt that the Court intended that the motions filed yesterday were the only objections allowed in advance of trial, nor is there any doubt Apple understood that limitation. At the August 21 Case Management Conference, counsel for Apple sought more objections than the Court was willing to give. (8/21/13 CMC Tr. at 29:12-30:19 and 32:6-22.) After the Court asked for page and objection limits, Apple's counsel argued for six lines to object to each exhibit on the exhibit list, and expressed concern that a cap on the number of exhibits subject to objection would be unfair because the number of exhibits was unknown. (*Id*. at 29:19-27; 32:6-22.) In response, the Court clearly rejected any pretrial objections beyond those contained in the seven page motions, and suggested that its rulings on those motions could be used as a guide for objections at trial using the Court's high priority objection procedure. (*Id*. at 30:8-10 ("And whatever doesn't get decided, I'll just have to decide in our normal course of evidentiary

---

[1] Setting aside samples of all accused products and copies of the asserted patents, Apple objected to all but seven exhibits on Samsung's exhibit list.

objections during the trial. We'll do our same procedure as last time."); 32:21-22 ("And for the rest, I'll just, you know, give you a ruling according to the procedure we set up last time.").)[2]

Apple's lengthy Objections containing 58 combined pages – filed in addition to its two seven-page motions – are completely extraneous and were filed in knowing disregard of the CMC Order. Samsung cannot see any purpose for these Objections, which are cursory, unexplained and unsubstantiated, and could not form the basis for any ruling by the Court. While it refused to withdraw these unauthorized objections upon Samsung's request, Apple essentially admitted that the objections are premature by agreeing that the parties need only respond to the briefed objections and conceding that the Court will not take up objections again until trial. (Declaration of Anthony P. Alden In Support of Administrative Motion To Strike at ¶ 3 and Exh. B.) Nowhere in its response did Apple explain what the Court was supposed to do with Apple's burdensome Objection filings. (*Id.*)

Accordingly, Apple's Objections are unauthorized, premature, and should be stricken from the record, and all objections beyond those stated in the parties' motions should be reserved for trial. Should the Court decide to permit Apple's additional Objection filings, then Samsung should be permitted to file additional objections as well, and both parties should be permitted time to file responses to those objections on a reasonable schedule. Given the amount of pretrial filings already set forth in the CMC Order, Samsung would propose that its additional objections be filed on October 2, 2013, and that both parties should file responses to those objections on October 11, 2013.

**CONCLUSION**

Due to Apple's blatant disregard for the CMC Order, the Court should strike Apple's Objections (Dkt. 2414, 2416, and 2416-1) from the record. In the alternative, if the Court decides to permit further written objections before trial, then Samsung requests that the Court permit

---

[2] Any invocation by Apple of Federal Rule of Civil Procedure 26(a)(3) fails for the same reason. The procedure set forth in Rule 26(a)(3)(B) for the service and filing of objections is expressly made subject to orders of the Court. Fed. R. Civ. P. 26(a)(3)(B) ("Unless the Court orders otherwise . . ."). Rule 26(a)(3)(B) does not apply to objections to witnesses in any event.

1  Samsung to file additional objections and then allow the parties to file responses to such
2  objections on the dates proposed above.

3  DATED:  September 18, 2013          Respectfully submitted,

4                                      QUINN EMANUEL URQUHART & SULLIVAN, LLP

5

6
                                        By/s/  *Victoria F. Maroulis*
7                                          Charles K. Verhoeven
                                           Kevin P.B. Johnson
8                                          Victoria F. Maroulis
                                           William C. Price
9                                          Michael T. Zeller

10
                                        Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
11                                      SAMSUNG ELECTRONICS AMERICA, INC. and
                                        SAMSUNG TELECOMMUNICATIONS AMERICA,
12                                      LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28