*Apple v. Samsung*, No. 11-1846-LHK
Exhibit D: Joint Submission Regarding Documents Stayed Pending Federal Circuit Appeal  (Update)

| Sealing Dkt. Nos. | Document | Party Claiming Confidentiality | Type of Confidential Information | Sealing History |
|---|---|---|---|---|
| 2274 (Motion); 2275 (Exhibits to Motion); 2355 (Apple's Motion to Stay) | Exhibit S to the Price Decl. ISO Samsung's Motion to Strike (Dkt. 934) | Apple / Rovi | License agreement between Apple and Rovi Corp. | The Court previously allowed third party Rovi to seal portions of its license agreement with Apple (Dkt. 2350 at 6) but denied sealing of the rest of the license agreement (*id.*) and stated that Apple and Rovi could request a stay. (*Id.* at 6-7, fn. 3.)  Apple's request for a stay  (Dkt. 2355) was granted (Dkt. 2369).   The license agreement at issue is subject to the good cause standard (Dkt. 2222 at 3; Dkt. 2350 at 5) and was attached as an exhibit to Samsung's Motion to Strike.  As Apple explained in its pending Renewed Motion to Seal, "[t]his Court sealed in full the license agreements attached as Exhibits 2-6 and 13 to the Price Declaration in Support of Samsung's Reply in Support of its Motion to Strike because these 'agreements contain a whole host of terms (e.g. termination conditions, side- agreements, waivers) that are irrelevant to matters in this litigation' and 'disclosure of these full documents could result in significant competitive harm to the licensing parties as it would provide insight into the structure of their licensing deals, forcing them into an uneven bargaining position in future negotiations.' (Dkt. 1649 at 16; *see also* Dkt. 2168 at 6 (explaining why license agreements attached to permanent injunction motion could not be sealed in full, unlike those attached to motion to strike).)" (Dkt. 2250 at 10.)  This Court's sealing of those license agreements is consistent with the Federal Circuit's recent Order, which explained that a formal determination that information is a trade secret is not necessary "because documents may be sealed merely if they are 'sources of business information that might harm a litigant's competitive standing.'" (*Apple*, Slip. Op. at 18 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).)  Like the financial information the Court ordered sealed, Apple has a strong interest in keeping its license agreements sealed in full and the |

*Apple v. Samsung*, No. 11-1846-LHK
Exhibit D: Joint Submission Regarding Documents Stayed Pending Federal Circuit Appeal  (Update)

| Sealing Dkt. Nos. | Document | Party Claiming Confidentiality | Type of Confidential Information | Sealing History |
|---|---|---|---|---|
| | | | | public has a "minimal interest in this particular information" because it "is not essential to the public's understanding of the jury's damages award" and there is no "indication that this information was essential to the district court's rulings on any of the parties' pre-trial motions." (*Apple*, Slip. Op. at 19.) Accordingly, for the same reasons the financial information was sealed in full, this license agreement should be sealed in full. (*See Apple*, Slip. Op. at 19-20.)<br><br>Rovi's license with Apple was also the subject of a separate motion to seal:  Apple's Renewed Motion to Seal (Dkt. 2250), which at the time was pending before Judge Grewal, and in which Apple requested that the license be sealed in full.  On September 11, 2013, Judge Grewal granted in full Apple's Renewed Motion to File Under Seal (Dkt. 2250). |