1  HAROLD J. MCELHINNY (CA SBN 66781)  WILLIAM F. LEE
   hmcelhinny@mofo.com  william.lee@wilmerhale.com
2  MICHAEL A. JACOBS (CA SBN 111664)  WILMER CUTLER PICKERING
   mjacobs@mofo.com  HALE AND DORR LLP
3  RACHEL KREVANS (CA SBN 116421)  60 State Street
   rkrevans@mofo.com  Boston, MA 02109
4  ERIK J. OLSON (CA SBN 175815)  Telephone: (617) 526-6000
   ejolson@mofo.com  Facsimile: (617) 526-5000
5  MORRISON & FOERSTER LLP
   425 Market Street  MARK D. SELWYN (SBN 244180)
6  San Francisco, California 94105-2482  mark.selwyn@wilmerhale.com
   Telephone: (415) 268-7000  WILMER CUTLER PICKERING
7  Facsimile: (415) 268-7522  HALE AND DORR LLP
                              950 Page Mill Road
8                             Palo Alto, California 94304
   Attorneys for Plaintiff and  Telephone: (650) 858-6000
9  Counterclaim-Defendant APPLE INC.  Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
|---|---|
| Plaintiff, | **APPLE'S REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF MICHAEL WAGNER'S AUGUST 26, 2013, REBUTTAL REPORT** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Date: October 10, 2013<br>Time: 1:30 p.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |
| Defendants. | |

## I. THE ARGUMENTS IN SAMSUNG'S OPPOSITION FAIL

*New Summation Method.*  Samsung ignores Mr. Wagner's testimony that his "Summation Method" is new.  (Dkt. No. 2382-5 at 935:6-936:24, 938:14-19.)  That he applied his new method to numbers set out in his prior report (Schedules 5.4 and 5.5) is immaterial.  Application of a *new method* to old numbers is improper.

*Notice Dates Inconsistent with March 1 Order.*  The Court's March 1 Order re: Damages states: "The following chart indicates the correct notice dates, available remedies, and infringing products for each form of IP."  (Dkt. No. 2271 at 18.)  The Court's chart lists April 15, 2011, as the notice date for the D'677 Patent, and includes the Infuse 4G as one of the products that infringed that patent.  Samsung nevertheless argues that Mr. Wagner properly calculated damages for the Infuse 4G using a notice date of *June 16, 2011*, because the Court's chart purportedly does not establish "Court-ordered notice dates."  (Opp'n 1:18-19.)  That argument cannot be reconciled either with the plain language of the March 1 Order, or with Final Jury Instruction 57, which stated that Apple provided notice of the D'677 Patent "by no later than April 15, 2011."  (Dkt. No. 1893 at 75; *see id.* at 57 (utility patent notice dates).)  And Samsung asserted that April 15, 2011 was the "correct notice date" for the D'677 and Infuse 4G in its successful motion for a new trial.  (Dkt. No. 2013 at 25 & n.21; *see* Dkt. No. 1990-20 ¶¶ 27, 31.)

*Speculation re Jury's Verdict.*  Mr. Wagner offers new opinions in which he assumes that Samsung products that the jury found not to infringe some Apple patents were noninfringing alternatives which still provided the features claimed in those patents — in other words, design-arounds.  He contends that the availability of those purported design-arounds means the time required to design around those patents for the lost profits analysis was zero, and therefore Apple cannot recover any lost profits.  He cites nothing to support these new opinions but the jury verdict.  But his opinions also rest on the premise, found nowhere in the verdict, that these Samsung products still provide the patented features.  Mr. Wagner has admitted that he does not know whether the jury found the patented features present in these non-infringing products (but implemented with software not described in the claims), or simply concluded that the patented

APPLE'S REPLY ISO MOT. TO STRIKE PORTIONS OF MICHAEL WAGNER'S 8/26/2013 REPORT
Case No. 11-cv-01846-LHK (PSG)
sf-3333835

1

features were absent in these products. (Wagner 8/26/2013 ¶ 494[1]; Dkt. No. 2388 Ex. B at 799:22-801:14.) If the absence of the features was the jury's reason for finding the products noninfringing, the products cannot be noninfringing alternatives. In short, Mr. Wagner's new opinions require speculation about the jury's reasoning.

Ms. Davis did not, as Samsung asserts, use "the same verdicts for the same purpose" (Opp'n 2:9-10). She engaged in no speculation about the reasons for the jury verdict; she simply applied their actual findings. Specifically, she adjusted her *Mor-Flo* hypothetical market analysis to account for the jury's verdict that some accused products did not infringe—leaving the sales of those products credited to Samsung rather than reallocating them to other sellers. (Dkt. No. 2407-4 Ex. C ¶ 92.) The result of Ms. Davis's adjustment is to reduce somewhat the market share credited to Apple in calculating lost profits. She did not assume (as Mr. Wagner does) that the noninfringing products provided features that substitute acceptably for the claimed features in infringing products.

Allowing Mr. Wagner to speculate about the jury's reasoning would: (1) lead to a trial within a trial over guesses about what the prior jury did or did not do; (2) require the verdict form to be admitted in evidence under the best evidence rule; and (3) open the door to a complete discussion of the verdict. Ms. Davis did not open that door. Mr. Wagner must leave it shut.

*New D'305 Royalty Calculation.* Mr. Wagner originally calculated a reasonable royalty of just $1,152 for designing and implementing a new GUI interface, based on just 36 hours of time from design-around personnel. (DX702.002; Wagner 4/20/22 ¶¶ 483, 530.) Now he offers an entirely new opinion that the royalty should be $251,580, based on a new methodology: that a reasonable D'305 royalty would be the cost to redesign a single icon ($420), multiplied by the number of icons on each infringing phone. That Mr. Wagner's prior report contained underlying data to which this new methodology could be applied to reach his new $251,580 number does not excuse his use of a new methodology.

---

[1] Samsung lodged copies of Mr. Wagner's three reports with its Opposition. (*See* Dkt. No. 2401.) The reports are cited herein by their dates. Samsung also lodged a redline between the original and new reports (*id.*), referred to herein as the "Wagner Redline."

APPLE'S REPLY ISO MOT. TO STRIKE PORTIONS OF MICHAEL WAGNER'S 8/26/2013 REPORT
Case No. 11-cv-01846-LHK (PSG)
sf-3333835

2

*Fixed and Variable Costs*.  Mr. Wagner's 2013 report adds new facts based on new interviews he conducted with Samsung personnel *after the first trial*.  (Wagner 8/26/2013 ¶¶ 255-260.)  He uses the new facts to bolster his opinions on which Samsung's costs are "fixed" and which are "variable."  (*Compare id.*, *with* Wagner 4/20/2012 ¶¶ 29-33.)  This new factual material and the changes to his opinions on the subject must be excluded.  (Dkt. No. 2316 at 3.)

*Recharacterization of Direct and Indirect Expenses*.  Mr. Wagner's prior opinions on Samsung's profits characterized certain costs as "indirect expenses."  In his new report, he has changed his label for those costs to "directly attributable" expenses.  (*See* Wagner Redline ¶¶ 395-397, 399, 408.)  These changes—from "indirect" to "direct[]" for the same costs—have nothing to do with the change in notice dates.  They are an effort to cure other problems with his original report.  The changes violate the Court's order.

*Discussion of Retail Price Differences*.  Apple objected that Mr. Wagner's 2013 report includes a raft of new facts about retail prices of Apple products.  (Mot. 3:5-6; *see* Wagner Redline ¶¶ 189-191, 198-204, Figure 21 & Schedules 15.3 and 15.4 NT.)  Samsung concedes that the 2013 report includes a new "focus on retail price differences during 2011."  (Opp'n 4:24-25)  His addition of new facts about retail pricing cannot be characterized as a response to Ms. Davis's use of time periods dictated by the Court's notice dates for lost profits.  (*Id*. 4:24-26.)  Mr. Wagner's new facts and analysis must be excluded.

*Reliance on Excluded Methodology in Calculating New Royalty for the D'677 Patent*.  To rebut Apple's assertion that Mr. Wagner is using a modified version of allocation methods that the Court previously excluded, Samsung asserts that Mr. Wagner's analysis no longer includes "the calculations and arithmetic the Court found problematic" and instead "draws directly on the underlying consumer survey data."  (Opp'n 5:16-24.)  Regardless, these opinions should be excluded.  If Samsung is correct that the methodology has been changed, the Court should exclude it now under the August Case Management Order.  If it has not been changed, it was already excluded by the Court's *Daubert* rulings (Dkt. No. 940-1 at 22:15-24:21; Dkt. No. 1157 at 9:18-10:4).

*Removal of Gem Units*.  Samsung does not dispute that Mr. Wagner's 2013 report uses

APPLE'S REPLY ISO MOT. TO STRIKE PORTIONS OF MICHAEL WAGNER'S 8/26/2013 REPORT
Case No. 11-cv-01846-LHK (PSG)
sf-3333835

3

different sales data on Gem units than did his 2012 report.  (Opp'n 6:11-12.)  The Court has precluded use of new data and these opinions thus are barred.

*HTC Settlement and License Agreement*.  Mr. Wagner relies on the post-trial HTC settlement and license to support multiple new opinions.  (Wagner 8/26/2013 ¶¶ 309-310, 319, 341-357, 437, 442 & Schedule 27-NT.)  The breadth of Mr. Wagner's reliance on the HTC license belies Samsung's assertion that he was simply responding to a single sentence in Ms. Davis's report.  Neither expert should be permitted to discuss the HTC license.

*Post-trial Patent Reexaminations and Discussions with Experts*.  There is no question that post-trial reexamination proceedings and Mr. Wagner's post-trial conversations with Samsung's technical experts are new, and that the Court has ordered that experts "may not draw upon new data."  (Dkt. No. 2316 at 3.)  Consistent with that Order, Mr. Wagner may not refer to the reexamination proceedings and his post-trial communications *at all*, for any purpose.

## II. THE COURT SHOULD STRIKE ALL CHALLENGED PROVISIONS THAT SAMSUNG FAILS TO ADDRESS IN ITS BRIEF

Samsung uses its "Chart Responding to Apple's Motion to Strike, Pursuant to the Court's August 22, 2013 Case Management Order" (Dkt. No. 2399-2) to evade this Court's page limits by making many arguments that are not stated in its Opposition brief.  Apple respectfully submits that the Case Management Order—which required a "chart that lays out challenged methodology, opinions, or data; where that information can be found in the new report; and the analogous information in the prior expert report," and set a seven-page limit on oppositions to motions to strike—did not authorize Samsung to make additional arguments outside its brief.  (Dkt. No. 2369 at 3.)  Thus, the Court should strike Samsung's chart.  In the event that the Court considers arguments that are raised solely in Samsung's chart, Apple rebuts those arguments in Apple's Reply Chart (Olson Reply Decl. Ex. A).

APPLE'S REPLY ISO MOT. TO STRIKE PORTIONS OF MICHAEL WAGNER'S 8/26/2013 REPORT
Case No. 11-cv-01846-LHK (PSG)
sf-3333835

4

Dated: September 19, 2013          MORRISON & FOERSTER LLP

By:   /s/ *Harold J. McElhinny*
      HAROLD J. MCELHINNY

Attorneys for Plaintiff
APPLE INC.

APPLE'S REPLY ISO MOT. TO STRIKE PORTIONS OF MICHAEL WAGNER'S 8/26/2013 REPORT
Case No. 11-cv-01846-LHK (PSG)
sf-3333835

5