# Exhibit A

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

**Note:  Apple objects to Samsung's "Chart Responding to Apple's Motion to Strike, Pursuant to the Court's August 22, 2013 Case Management Order"
as a violation of the page limit in the Case Management Order.  (Dkt. No. 2369 at 3.)  In the event that the Court considers arguments raised solely in
Samsung's Chart, Apple rebuts those arguments in the Chart below.  The content of the first three columns is quoted from Samsung's Chart.**

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| ¶ 8 | Reference to post-trial declarations of Michael Wagner submitted in connection with post- trial motions regarding judgment as a matter of law, enhanced damages, and injunctive relief. **New sources, new data.** | **Rebuttal to excluded Davis opinions.** This paragraph identifies each report and declaration Mr. Wagner has submitted in this case. The majority of the information in the declarations was incorporated into Mr. Wagner's April 2012 Report. To the extent post-trial declarations are identified, they are intended to respond to the section of Ms. Davis's report devoted to Apple's alleged "irreparable harm." *See* **Davis Rpt. ¶¶ 74-88.** To the extent Ms. Davis is entitled to address "irreparable harm," despite its prior exclusion by the Court (**Dkt. 1157 at 13:21-25**), Mr. Wagner should be entitled to respond by relying on his post-trial declarations. | Samsung does not dispute that Wagner incorporates by reference new opinions and data from post-trial declarations.

Wagner's citation is not "rebuttal" to Davis's irreparable harm opinion. Davis stated that she would not present irreparable harm opinions to the jury. (Dkt. No. 2407-4 Ex. C ¶ 76.) New sources should be struck. |
| ¶¶ 24-27, 38, 40-41 | New opinions regarding alleged design-arounds to Apple's patents based on 2012 and 2013 patent reexaminations and other post-trial sources. **New opinions, new sources, new data. New design-around theories.** | **No new opinions or data.** Mr. Wagner addressed design around theories for both the '381 and '915 patents in his April 2012 report and at trial. **April 2012 Rpt. ¶¶ 439-443, 465-468; Trial Tr. 3035:11-3036:16, 3053:18-3056:18** Moreover, with respect to Mr. Wagner's citation to reexamination materials, Apple should not be permitted to represent the scope of the patent one way to the USPTO, and represent it in a much broader way to the jury. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001). Fundamental fairness requires that Apple be held to its representations to the USPTO. *See* **8/21/13 CMC Tr. at 45:10- 12 ("As noted by the Supreme Court . . . the central function of a trial is to discover the truth".)** Finally, paragraphs 38 and 41 are supported not only by reexamination materials but also by the trial evidence cited in paragraph 39, which Apple does not allege is new and does not challenge. Thus, paragraphs 38 and 41 should not be stricken even under Apple's erroneous arguments. | Wagner introduces new design-around opinions and refers to post-trial patent reexaminations and other post-trial sources. (*See* Wagner Redline[1] ¶¶ 24-27, 38, 40-41.)  Samsung does not dispute that paragraphs 24 to 27, 38, and 40 to 41 are not present in Wagner's Corrected Rebuttal Expert Report dated April 20, 2012 report (the "April 2012 report" or "Wagner 4/20/2012").  Wagner also testified that his opinions based on patent reexaminations are new.  (Dkt. No. 2388 Ex. B at 802:20-803:9)

Apple has not challenged paragraph 39, but that paragraph is not a sufficient basis for the opinions stated in paragraphs 38 and 41, which rely equally on patent reexaminations.  Finally, Wagner lacks the expertise to interpret the patent or the reexamination proceedings. |

---

[1] Samsung lodged copies of Mr. Wagner's three reports with its Opposition. (*See* Dkt. No. 2401.)  The reports are cited herein by their dates.  Samsung also
lodged (1) a redline between the original and new reports, referred to herein as the "Wagner Redline"; (2) an annotated version of the new report, with citations
added at the end of each paragraph to earlier reports and testimony, referred to herein as the "Wagner Annotated"; and (3) a chart regarding comparison of
schedules between the original and new reports, referred to herein as the "Wagner Comparison of Schedules." (*Id.*)

sf-3332206

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| ¶ 92 | New opinion that lost profits should purportedly be based on the iOS operating system and not on the patented products. **New opinions, new sources, new data.** | **No new opinions, sources or data.** With the exception of changing the references to the expert and the IP references, this paragraph is identical to a paragraph in Mr. Wagner's prior report. *See April 2012 Rpt. ¶ 113.* | Apple withdraws its challenge to paragraph 92. |
| ¶¶ 137-139 | New opinions based on post-trial declarations and depositions (including deposition and declaration of Marylee Robinson and the declaration of Michael Wagner submitted in connection with post-trial motions regarding enhanced damages and injunctive relief). **New opinions, new sources, new data.** | **No new opinions or data**. Mr. Wagner's April 2012 Report included two entire sections on the lack of any connection between Apple's patented features and designs, and demand for the accused Samsung products. **April 2012 Rpt. ¶¶ 88-110, 121-161.** Mr. Wagner also testified to this at trial. **Trial Tr. 3038:20-3042:16, 3043:8-3044:13, 3045:10-3046:10, 3056:19-25.** Moreover, Samsung consented to the substitution of Ms. Davis as Apple's damages expert in light Mr. Musika's passing. At the August 21, 2013 CMC, the Court ruled that Samsung is permitted to use new impeachment evidence specific to Ms. Davis.  **8/21/13 CMC Tr. at 21:22-24**. Ms. Davis states that she "worked with Invotex," and relies on two post-trial declarations by Ms. Robinson. **Davis Rpt. ¶ 13, Exhibit 3-PT.** Given the Court's ruling, and Ms. Davis's reliance on Ms. Robinson's post- trial declarations, Mr. Wagner should be able to rely on the same declarations and deposition transcript. | Samsung does not dispute that the challenged post-trial declarations and depositions constitute new evidence, and that Wagner uses them to offer new opinions regarding Apple's lost profits in his Updated Rebuttal Expert Report of Michael J. Wagner for New Trial on Damages dated August 26, 2013 (the "August 2013 report" or "Wagner 8/26/2013"). Davis did not rely on the challenged declarations or depositions for any opinions, and she does not cite them as a source for any statement in her report.  (*See* Dkt. No. 2407-4 Ex. C ¶ 13.)  The post-trial declarations and depositions relate solely to Apple's claims for equitable relief, willfulness enhancements, and supplemental damages.  Davis will not be offering the jury any opinions on these issues, and neither Samsung nor Wagner has reason to "impeach" her regarding them. |

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| ¶¶ 144-145 | New opinions and sources regarding consumers' alleged willingness to delay purchase of smartphones. **New opinions, new sources, new data.** | **No new opinions, sources or data.** Mr. Wagner expressed the same opinion in his April 2012 Report. **April 2012 Rpt. ¶¶ 165-166.** Moreover, the sources cited were in Mr. Wagner's prior reports. *See:* <br> *FN 279-280* : Figure 30 was Figure 37 in the April 2012 Report. <br> *FN 281* : [5.29] was discussed in paragraph 184 of the April 2012 Report. <br> *FN 284* : Schedule 6.3 and document no. [3.24] were both in the April 2012 Report. <br> *FN 282* : this footnote just references Ms. Davis's calculations. <br> *FN 283-284* : Schedule 6.3-NT includes the same data as in the April 2012 Report Schedule 6.3 (announcement date and launch date). <br> *FN 284* : In addition to Schedule 6.3, references [3.24], which was included in the April 2012 Report as [3.36] and cited in Schedule 6.3 to same. <br> *FN 285* : The sales numbers in Schedule 15.1-NT were included in Schedule 15.1 to the April 2012 Report. The former has merely been updated through June 30, 2012. | Apple did not seek to strike paragraphs 143 and 146, which reflect what Wagner previously disclosed in paragraphs 165 to 166. <br><br> Paragraphs 144 to 145 of the August 2013 report are new, inserted in the middle of what was previously paragraph 165 to the April 2012 report. (*See* Wagner Redline ¶¶ 144-145.)  The presence of opinions on other topics and the use of the same sources to justify other unrelated opinions only underscores that Wagner could have, but did not, offer the challenged opinions in 2012. |

3

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| ¶¶ 181-182 & Schedules 30.1 -NT – 30.6-NT | New damages calculations based on new notice dates and new notice theories inconsistent with those set forth in the Court's March 1 Order re: Damages. **New opinions, new sources, new data. New methods to calculate damages.** | **No new opinions, sources, data or methods.** Mr. Wagner's April 2012 Report calculated damages for the period starting April 15, 2011, and alternatively, for the period starting June 16, 2011. ***See* April 2012 Rpt., Schedule 4.2.** Mr. Wagner uses exactly the same methodology in his August 23, 2013 report. Moreover, nothing in Mr. Wagner's methodology is inconsistent with the Court's March 1 Order re: Damages. In the Order, the Court determined "the earliest notice dates supported by the evidence" from the first trial. ***See* Dkt. 2271 at 18:12-13**. The Court did not purport to determine the disputed factual issue as to whether these *were* in fact the dates Apple provided actual notice to Samsung. It was solely addressing the earliest possible notice dates supported by the evidence in the first trial. The actual notice dates for the products at issue in the new trial is a disputed factual issue for the new jury to decide. **Dkt. 1206-1 at 26:13-14; Dkt. No. 1157 at 13:17-18.** Apple cites Schedules 30.1-NT - 30.6-NT, which are not referenced in challenged paragraphs 181-182. Ms. Davis assumes that the dates the Court has determined to be the "earliest possible notice dates" are the actual notice dates. Mr. Wagner's Schedules 30.1-NT - 30.6-NT merely adjust Ms. Davis's calculations assuming the alternative notice dates discussed in paragraphs 181- 182, which are not inconsistent with the Court's March 1 Order re: Damages. | Wagner's calculations for the Infuse 4G use a different notice date than the April 15, 2011 date set forth in the March 1 Order re: Damages. (*See* Dkt. No. 2271 at 18, 20.) The Court identified April 15, 2011 as the "the correct notice date[]" for the Infuse 4G in a chart on page 20 of that Order. (*Id.*) This result mirrors what Samsung sought in its Rule 59 motion based on Wagner's declaration about the "correct notice date." (Dkt. No. 2013 at 25 & n.21; *see* Dkt. No. 1990-20 ¶¶ 27, 31.) In addition, Schedule 29-NT includes a new "summation method," which is discussed in connection with the comments *infra* regarding ¶¶ 412-415, Figure 37 & Schedule 4.2C-NT. See the section immediately following this regarding challenged Schedules 30.1-NT to 30.6-NT, mentioned in paragraph 184. |

4

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| ¶¶ 183-184 & Schedule 29-NT | New calculation based on claim that notice for the D'677 Patent did not occur until June 16, 2011. The new calculation contradicts Wagner's prior trial exhibit (DX781), which identified the Infuse 4G notice date as April 15, 2011, and also contradicts the Court-ordered notice dates. **New methods to calculate damages.** | **No new methods to calculate damages.** *See* Samsung's response immediately above. Moreover, Mr. Wagner does not calculate damages "based on claim that notice for the D'677 Patent did not occur until June 16, 2011." Rather, Mr. Wagner includes one calculation assuming that Samsung received notice for the Infuse 4G from June 16, 2011. The same calculation was included in Mr. Wagner's April 2012 Report. *See* **April 2012 Rpt., Schedule 4.2 & Schedule 5.5 for Samsung's profits, and Schedule 2.1 for alternative reasonable royalty.** Finally, contrary to Apple's claim, DX781 included calculations for the Infuse 4G based on a June 16, 2011 notice date. *See* **DX781.005-.006.** Indeed, Mr. Wagner explained at trial that DX781 included alternative notice dates for different products. *See* **Trial Tr. at 3033:23-3034:7.** | Paragraphs 183-184 and Schedules 30.1-NT to 30.6-NT purport to express Wagner's "reduction" to Davis's damages calculations using notice dates that are not consistent with those specified in the March 1 Order re: Damages. (*See, e.g.,* Schedule 30.1-NT (calculating $176.8M to $215.8M in alleged "reductions" to Davis's damages calculations based on notice).)  No opinions or schedules on this topic appear in Wagner's April 2012 report. (*See* Wagner Comparison of Schedules listing "N/A" next to Schedules 30.1-NT to 30.6-NT under April 2012 report; *see also* Wagner Redline ¶¶ 183-184.)<br><br>See immediately above regarding challenged Schedule 29-NT, which is mentioned in paragraph 183, and the proper notice date for the Infuse 4G. |
| ¶ 183 n.363 & Schedules 19-NT – 19.4-NT, 31-NT – 31.4 - NT | New opinions on damages based on Wagner's "adjust[ing] his jury's findings" by "reverse engineering" the August 24, 2012, jury verdict. (Olson Decl. Ex. B at 945:13-946:19, 951:6-16.) **New opinions, new sources, new data. New method to calculate damages.** | **Change based solely on jury verdict.** These calculations derive directly from the jury's damages awards and the Court's analysis thereof in its March 1 Order re: Damages. | Samsung does not dispute that Schedules 19-NT to 19.4-NT and 31-NT to 31.4-NT are new. Speculation regarding what the prior jury would have done with new notice dates is not a proper basis for a damages theory.  How the prior jury calculated damages is not the proper subject of expert testimony under F.R.E. 702 and Wagner is not qualified by knowledge, skill, experience, training or education to provide such an opinion and it is speculative. |
| ¶¶ 189-190, 198-204, Figure 21 & Schedules 15.3 -NT – 15.4-NT | New opinions based on new sources and data regarding the retail pricing of Samsung's infringing products and alleged changes in average selling price from 2010 to 2011. Prior reports did not address differences in retail pricing and focused on wholesale pricing, also referred to as "average selling price" or "ASP." (Cf. April 20, 2012 | **No new opinions or data.** Contrary to Apple's assertion, Mr. Wagner's April 2012 Report and trial testimony addressed retail pricing, not just wholesale pricing. *See* **April 2012 Rpt. ¶¶ 195 - 199, 413, Figs. 30-31.**<br><br>With respect to challenged paragraphs 189-190, Apple retail prices were discussed in paragraph 198 of Mr. Wagner's April 2012 Report.<br><br>With respect to challenged paragraphs 199-200, Figure 21, and Schedules 15.3-NT - 15.4-NT, these correspond to Figure 42 and Schedules 15.1 and 15.2 in Mr. Wagner's April 2012 Report, and have been modified solely based on the limited | Apple has not moved to exclude paragraphs 186 to 188 and 191, which duplicate what was disclosed in paragraphs 195 to 199.<br><br>Paragraphs 189 to 190, 198 to 204, Figure 21, and Schedules 15.3-NT to 15.4-NT substantially change and expand Wagner's opinions regarding retail price competition.  (*See* Wagner Redline ¶¶ 189-190.) Samsung concedes that Wagner's new report includes a new "focus on retail price differences during 2011." (Opp. 4:24-25.) Wagner testified that the discussion of retail prices in paragraphs 197 to 204 is new and was not |

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| | Corrected Expert Report of Michael J. Wagner (previously filed under seal at Dkt. No. 999-18; courtesy copies provided with the Olson Declaration for convenience) ("April 2012 Report") ¶¶ 196-197.) **New opinions, new sources, new data.** | products at issue in the New Trial and Ms. Davis's new design around periods. *See* **Dkt. 2391-1 at 1:14-4:5.**<br><br>With respect to challenged paragraphs 198, 201, & 202, the data and sources used were included in Mr. Wagner's April 2012 Report. *See:*<br><br>Challenged Paragraph 198:<br>*FN 410* : [13.9] was included and discussed in paragraphs 97, 145, 195, 197, 199, 356-357, 359, and 363-364 of the April 2012 Report.<br>*FN 411* : [3.31] was included as [3.33] in the April 2012 Report and cited in Schedule 6.3 of same.<br><br>Challenged Paragraph 201:<br>*FN 41 5*: [3.9] was discussed in paragraph 83 of the April 2012 Report.<br>*FN 416* : [3.31] was included as [3.33] in the April 2012 Report and cited in Schedule 6.3 to same.<br>*FN 417* : [3.30] was cited in Schedule 6.3 to the April 2012 Report.<br>*FN 419* : [3.25] was included as [3.35] to the April 2012 Report and cited in Schedule 6.3 to same.<br><br>Challenged Paragraph 202:<br>*FN 420* : Figure 21 is Figure 42 in the April 2012 Report.<br>*FN 421-424* : [4.16] was discussed in paragraphs 255, 510, and 514 of the April 2012 Report.<br><br>With respect to challenged paragraph 203, this corresponds to paragraph 207 of Mr. Wagner's April 2012 Report.<br><br>With respect to challenged paragraph 204, this simply re-states Mr. Wagner's conclusion and is not new. | contained in his earlier report. (Reply Declaration of Erik J. Olson in Support of Apple's Motion to Strike Portion of Michael Wagner's August 26, 2013, Rebuttal Report ("Reply Olson Decl.") Ex. B at 944:2-14.) Wagner did not simply limit a prior paragraph or table to a subset of the new trial products, as Samsung suggests.<br><br>These new opinions are not rebuttal to Davis's design-around periods. Davis used the same methods that Musika used. (*See* Dkt. No. 2407-3 at 2.)<br><br>The alleged availability of sources used by Wagner in April 2012 only underscores that Wagner could have, but did not, offer these opinions earlier. |
| ¶¶ 205-208 & Figure 22 | New opinions based on new data regarding features in the Infuse 4G, Captivate, Continuum, Droid Charge and Exhibit 4G. **New opinions, new sources, new data.** | **No new opinions, sources or data.** Mr. Wagner's declaration in support of Samsung's opposition to Apple's preliminary injunction motion -- which was incorporated by reference in his April 2012 Report -- contained a discussion of features of the Infuse 4G and Droid Charge. *See* **Dkt. 173 at ¶¶ 92-96**. Mr. Wagner's declaration also discussed the phone attributes that Apple now seeks to strike, including screen quality, screen | Paragraphs 205 to 208 and Figure 22 are new to the April 2012 report (*see* Wagner Redline ¶¶ 205-208), and Wagner testified that the discussion at paragraph 205 reflects a new opinion. (Reply Olson Decl. Ex. B at 944:16-945:3.)<br><br>The alleged availability of some of the underlying |

sf-3332206

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| | | size, screen type, processor performance,  Android operating system, 4G/LTE capability, network speed, front and rear cameras; mobile hotspot capabilities, and good battery life. **See id. at ¶¶ 88-96.** Moreover, Mr. Wagner's April 2012 Report contained a discussion of Samsung's AMOLED technology as a distinguishing feature of the accused products, including the Infuse 4G, Droid Charge, and Galaxy Tab 7. **See April 2012 Rpt. ¶¶ 512-518.** Mr. Wagner also testified at trial about several of these important features, including larger screens, screen quality, processor speed, 3G and 4G capability. **See Trial Tr. 3041:11-23, 3044:7-13.** Finally, Mr. Wagner's discussion of these attributes in specific products is a reflection of the dramatically reduced number of products now at issue (13), as compared to the first trial (28).<br><br>Contrary to Apple's contention, Mr. Wagner's sources and data are not new.  *See* :<br><br>Challenged Paragraph 206:<br>*FN 425* : [15.37] was cited in Schedule 6.3 to the April 2012 Report.<br>*FN 426* : [3.26] was cited in Schedule 6.3 to the April 2012 Report.<br>*FN 427-428* : [3.24] was included as [3.36] in the April 2012 Report and cited in Schedule 6.3 to same.<br>*FN 429, 433 & 434* : [4.16] was discussed in paragraphs 255, 510, and 514 of the April 2012 Report.<br>*FN 430* : [3.9] was discussed in paragraph 83 of the April 2012 Report.<br>*FN 431-432* : [3.6] was included as [3.37] in the April 2012 Report and cited in Schedule 6.3 to same.<br>*FN 435* : [3.23] was discussed paragraph 99 of the April 2012 Report.<br><br>(Paragraphs 205, 207, and 208 do not have footnotes.)<br><br>Figure 22 simply contains pictures of four of the products at issue in the New Trial (JX1012, JX1014, JX1024, and JX1026). | sources only underscores that Wagner could have, but did not, state these opinions in April 2012. Moreover, Wagner's prior declaration related solely to equitable relief, not lost profits, which is the subject of the challenged opinions.  None of the following can be found in the prior sources referred to by Samsung: (1) discussion of the Captivate or Continuum (*see* Dkt. No. 173 ¶¶ 88-96); (2) discussion of physical keyboards, straight versus rounded edges; (3) discussion of many other alleged drivers of demand regarding products in paragraphs 205 to 208 and Figure 22. (*Compare id.*, *with* Wagner 8/26/2013 ¶ 205 & Figure 22; *see also* 8/16/2012 Trial Tr. 3041:11-23, 3044:7-13.) |

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| ¶¶ 232-237 & Figure 23 | New theory regarding a white or gray version of the Infuse 4G as a design-around for the D'677 Patent. (See Olson Decl. Ex. B at 814:2-815:6.) **New design-around theories.** | **No new theories**. Mr. Wagner addressed design around theories for Apple's design IP (including the D'677 Patent as one of the Electronic Device Design Patents) in his April 2012 report. *See April 2012 Rpt. ¶¶ 475-487.* Mr. Wagner also discussed design around theories for Apple's design IP at trial. *See Trial Tr. at 3036:17-3038:19.* The challenged design around is just a specific example of the multitude of design arounds discussed for the design IP in paragraphs 475 - 479 and 484 - 487 of the April 2012 Report based on the dramatic narrowing of the IP Samsung was found to infringe and the limited IP now at issue. For example, the Infuse 4G was formerly accused of infringing/diluting 18 Apple design IP elements, whereas it was found to infringe just two. | Samsung does not dispute that Wagner never identified white or gray as an alleged design around for the D'677 Patent in his April 2012 report. Wagner testified that this alternative was not disclosed in his prior report, and that there is no reason it could not have been disclosed in his prior report. (Dkt. No. 2388 Ex. B at 814:2-815:6.) |
| ¶¶ 248-252 | New opinions regarding the meaning of fixed versus variable costs and their relationship to direct and indirect costs. **New and modified opinions on expenses and financial data.** | **No new or modified opinions.** Mr. Wagner's discussion of fixed versus variable costs can be found in paragraphs 29-33 of his May 11, 2012 Supplemental Report, and is not new. Moreover, as discussed in paragraph 256 of Mr. Wagner's August 2013 report, and Samsung's motion to strike (Dkt. 2391-1 at 4:21-5:19), Ms. Davis's calculation of damages based on Samsung's "incremental profits" (based on the fixed/variable distinction) is new and should be stricken. Because they are new, Mr. Wagner was required to provide a more detailed explanation responding to them. Apple should not be permitted to include new damages calculations but then preclude Mr. Wagner from properly responding to them. | Apple did not challenge paragraphs 253 to 254, which correspond to paragraphs 29 to 33 in Wagner's Supplemental Expert Report dated May 11, 2012 (the "May 2012 report" or "Wagner 5/11/2012"). Paragraphs 248 to 252 are new to the April 2012 report and reflect new and changed opinions. (*Compare* Wagner 8/26/2013 ¶¶ 253-254, *with* Wagner 5/11/2012 ¶¶ 30-31.) Wagner's changes do not rebut a new method in Davis report. Davis used the identical classification of "fixed" and "variable" costs as Musika. (*See* Dkt. No. 2407-3 at 4-5.) Wagner already responded to Musika's fixed and variable methodology in his May 2012 report. No new opinions or sources should be permitted. |

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| ¶¶ 256-259 & Schedule 28-NT; *see also* ¶ 584 | New opinions regarding Samsung's expenses based on post-trial July 2013 interviews with Giho Ro and JongHoon Song in South Korea. (*See* Olson Decl. Ex. B at 853:2-854:10.) **New opinions, new sources, new data.** | **Rebuttal to new Davis opinion.** As discussed in paragraph 256 of Mr. Wagner's August 2013 report, and Samsung's motion to strike (**Dkt. 2391-1 at 4:21-5:19**), Ms. Davis's calculation of damages based on Samsung's "incremental profits" is new and should be stricken. Because they are new, Mr. Wagner was required to undertake additional research to respond to them. Apple should not be permitted to include new damages calculations but then preclude Mr. Wagner from properly responding to them. | Samsung does not dispute that paragraphs 256 to 259 and Schedule 28-NT are based on July 2013 conversations with Samsung employees Rho and Song following a trip to South Korea. Wagner agreed that the basis for these opinions is new. (Dkt. No. 2388 Ex. B at 853:2-25.)  Wagner could have, but did not, conduct these interviews in 2012.

The changes do not rebut a new method in Davis report. Davis used the identical classification of "fixed" and "variable" costs as Musika. (*See* Dkt. No. 2407-3 at 4-5.)  Wagner already responded to Musika's fixed and variable methodology in his May 2012 report.  No new opinions or sources should be permitted. |

9

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| ¶ 264 | New opinions that:<br>• Samsung's multiple financial productions were merely an attempt "to be responsive to Apple's extensive data requests."<br>• Samsung produced an "enormous volume of back-up financials" and that Wagner lacks of awareness of "any discrepancies."<br>• because Apple "cannot provide financial information as granular as revenue by model," Samsung's financial spreadsheets are reliable.<br>• "the financial data that was prepared solely for use in this litigation" is "the most reliable data" for purposes of damages calculations.<br>**New and modified opinions on expenses and financial data.** | **No new or modified opinions.** Each of these opinions was discussed in Mr. Wagner's May 11, 2012 Supplemental Report:<br><br>Apple's First Bullet: *See* paragraph 8 of the May 11, 2012 Supplemental Report.<br><br>Apple's Second Bullet: *See* paragraph 15 of the May 11, 2012 Supplemental Report.<br><br>Apple's Third Bullet: Apple mischaracterizes Mr. Wagner's opinion. The quoted sentence is discussed in paragraph 20 of the May 11, 2012 Supplemental Report and the **inconsistent treatment of Samsung and Apple financial data** is also discussed in paragraphs 35-39 of the same report.<br><br>Apple's Fourth Bullet; *See* paragraphs 5, 13-15, and 34 of the May 11, 2012 Supplemental Report. Mr. Wagner also discussed this topic at trial. **Trial Tr. 3029:14-3030:18** | Wagner's May 2012 report does not support the specific challenged material from paragraph 264 that Apple seeks to strike.<br><br>Apple's First Bullet:  Paragraph 8 of the May 2012 report refers to a single request regarding profit made at a Chinese subsidiary.  The new bullet, which seeks to justify the changes to nine different versions of Samsung's financial spreadsheets, does not deal with the same topic.  Wagner should be held to his prior, more limited opinion.<br><br>Apple's Second Bullet:  Paragraph 15 of the May 2012 report does not contain Wagner's new opinion.  To the contrary, paragraph 15 says that Musika "finds fault" with Samsung's data but the new bullet states that Apple has not identified "any discrepancies" in the data.  The positions contradict one another.<br><br>Apple's Third Bullet:  Paragraph 20 of the May 2012 report never refers to a lack of granular "revenue by model."  The May 2012 report referred to alleged anomalies in margin in a single product line (the iPad), not to revenue by model. (*See* Wagner 5/11/2012 ¶¶ 35-39.)<br><br>Apple's Fourth Bullet:  The May 2012 report neither states the opinions that information prepared for litigation is the "most reliable data" (emphasis in original) or provides the justification stated in the new section.  Wagner should be limited to his prior opinions regarding reliability stated in his May 2012 report. |

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| ¶ 265 | New opinions regarding Samsung's operating profit margins. **New opinions, new sources, new data.** | **No new opinions, sources or data.** Everything in this paragraph was in Mr. Wagner's testimony at trial, to which Apple did not object. **Trial Tr. 3029:14-3030:18, 3073:13-3075:13** Moreover, none of the sources or data on which Mr. Wagner relies is new.  *See:*<br><br>*FN* 495-496: [3.5] was cited in footnotes 28 and 591 in the April 2012 Report.<br>*FN* 497: Samsung witness Timothy Sheppard's trial testimony, and trial exhibit DX753.<br>*FN* 498: Davis's Report. | Samsung does not dispute that the opinions stated in paragraph 265 are not found in a prior report. The alleged availability of some of the underlying sources only underscores that Wagner could have, but did not, state these opinions in April 2012. |
| ¶¶ 266-268, Figures 26-27 & Schedules 4.2-NT, 4.2C-NT, 4.2D-NT, 5.10-NT | Calculation of individual totals for each SEC and STA expense line item based on a new "Summation Method." (Olson Decl. Ex. B at 936:14-23.) **New methods to calculate damages.** | **No new methods.** Apple appears to have made an error because the challenged passages and figures are unrelated to the "Summation Method," and are in any event not new. Rather, these calculations merely summarize the Samsung expenses that Ms. Davis fails to deduct and were originally presented in **Schedules 5.4 and 5.5** of Mr. Wagner's April 2012 Report. Schedule 5.10-NT is the same as the original schedules but merely adjusts them to account for the specific products and time periods at issue in the New Trial. Moreover, challenged paragraphs 266-268 have nothing to do with challenged Schedules 4.2-NT, 4.2C-NT, and 4.2D-NT. These paragraphs are a response to Ms. Davis's failure to respond to evidence and opinions expressed in the Wagner 2012 Report and at trial. Schedules 4.2-NT and 4.2C-NT are simply summaries of **Schedules 5.4 and 5.5** for the products at issue in the New Trial and limited to the relevant time period. To the extent Apple tries to correct these errors on reply, Samsung will seek leave to respond to any new arguments. | The challenged paragraphs and figures are new. Wagner confirmed at his deposition that his "summation method" is new, and that the challenged figures are based on this new summation method.  (Dkt. No. 2388 Ex. B at 935:6-936:23, 938:14-19.)  Indeed, Schedules 4.2-NT, 4.2C-NT, and 4.2D-NT all include the words "summation method" in their titles or headings. For additional explanation of how the summation method is new, see the discussion *infra* regarding ¶¶ 412-415, Figure 37 & Schedule 4.2C-NT. |
| ¶¶ 271-274 | New opinions with new criticisms regarding how Davis (and previously Musika) calculated gross profits using STA's and SEC's inconsistent disclosures. **New opinions. New methods to calculate damages.** | **Response to Davis opinion.** Response to Ms. Davis's failure to adjust the damages calculation based on more reasonable calculations of Samsung's consolidated profit for U.S. sales presented in the earlier Wagner reports. | Samsung does not dispute that Wagner's opinions in paragraphs 271 to 274 regarding Davis's (and hence Musika's) calculation of consolidated gross profits are not contained in the April 2012 report. As required by the Court, Davis used the identical methods to calculate gross profits as those used by Musika.  If relevant, Wagner should have stated any opinion on this subject in April 2012. |

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| ¶ 286 | New opinions based on the Court's post-trial December 2012 denial of a permanent injunction. **New opinions, new sources, new data.** | **No new opinions, sources or data**. Mr. Wagner expressed exactly the same opinion concerning Mr. Musika's "cost approach" to calculating a royalty in his April 2012 Report. *See* **April 2012 Rpt.** ¶ **241.** Mr. Wagner's reference to the Court's permanent injunction ruling is merely to note that the term of the license may not run the full life of the patents, but it is not a source of his opinion. | The Court's post trial permanent injunction ruling is a new source and Wagner changes his opinion based on it. (*See* Wagner Redline ¶ 286.) Samsung offers no justification for this modification of Wagner's prior opinion. |
| ¶ 308 | New opinions regarding Apple's assertion of other patents against Samsung in this Court and in other venues. **New opinions, new sources, new data.** | **No new opinions, sources or data.** Mr. Wagner's opinion in challenged paragraph 308 is the same opinion he expressed at a pre-trial deposition in response to multiple questions from Apple's counsel. *See* **5/12/12 Wagner Dep. Tr. at 519:1-520:25** ("I mean, if he's right, then there should't be a **Samsung 2 case right now because they've chosen other [patents] -- that was making up that residual that he uses, and they're trying to get value for those in another litigation, and he hasn't considered that at all in his approach.**") | Samsung does not dispute that the opinion is not stated in a prior expert report. (*See* Wagner Redline ¶ 308.) Samsung offers no justification for that omission. |
| ¶¶ 309-310 & Schedule 27-NT | New royalty opinions based on a post-trial November 11, 2012, litigation settlement between HTC and Apple. **New opinions, new sources, new data.** | **Rebuttal to new Davis opinion**. Ms. Davis cited the Apple-HTC Patent License and Settlement Agreement in her August 23, 2012 Report. She states, inter alia , "if I had included this [Apple-HTC agreement] in this analysis, my opinion would be unchanged because I do not consider the license to be comparable to the hypothetical negotiation here in light of the fact that, like the Nokia agreement, it was a settlement of ongoing litigation involving multiple patents, includes a cross license of a broad portfolio of rights, and has a number of unique provisions arising from that settlement." **See Davis Rpt. ¶ 185, n. 274**. There was simply no need for Ms. Davis to reference the HTC Agreement in her report. Now that she has opened the door, Mr. Wagner is entitled to consider it and respond. | Samsung does not dispute that Wagner offers extensive new opinions based on a post-trial settlement agreement entered into between Apple and HTC.<br><br>Samsung cannot justify Wagner's new opinions as rebuttal to Davis. Davis states in a footnote that she will not offer new opinions or use new evidence, including the Apple-HTC settlement agreement at trial, because of the Court's April 23, 2012 Case Management Order. (Dkt. No. 2407-4 Ex. C ¶ 185 n.274.)  The decision not to use evidence does not "open the door."  Nor is it sensible that Wagner requires multiple pages of new text and a new schedule to respond to part of a sentence, contained in a footnote that emphasizes Davis's lack of reliance on the HTC settlement agreement. |

12

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| ¶¶ 315-317 | New opinions based on post-trial May 2013 Senate hearings regarding Apple's taxes. **New opinions, new sources, new data.** | **No new opinions; response to new Musika opinion at trial.** Mr. Wagner's opinion in the challenged paragraphs is the same as in his April 2012 Report. **See April 2012 Rpt. at 113-114 (subsec. (7)).** Moreover, at trial, Mr. Musika opined for the first time that Samsung transfer 97% to 98% of its profits from the sale of the accused devices to Korea. **See Trial Tr. at 2071:1-24.** This opinion is nowhere to be found in Mr. Musika's reports. Mr. Wagner is entitled to respond to this new opinion. | The May 2013 Senate hearing report postdates Wagner's April 2012 report by over a year. (*See* Wagner Redline ¶¶ 315-317.) It is new.  Musika stated his opinions about Samsung's transfer pricing in his Supplemental Expert Report dated May 8, 2012. (*See* Dkt. No. 2386-4 at Ex. 42 n.11 (stating that Samsung "make[s] significant profits through the sale of the accused devices that are virtually untaxed in the U.S. and transferred to Korea").) Musika's trial testimony cannot justify this effort to smear Apple as an alleged tax evader. |
| ¶ 318 | New royalty opinion that value to Samsung, not value to Apple, should be the primary driver of Davis's royalty rate. **New opinions, new sources, new data.** | **No new opinions, sources or data.** This opinion can be found in paragraph 266 of Mr. Wagner's April 2012 report. The two new sentences at the end of the paragraph merely provide further explanation of the opinion previously provided. Because Mr. Wagner does not cite any references for this opinion, it is unclear what Apple means by "new sources, new data." | Samsung admits that Wagner inserts two new sentences into paragraph 318. Wagner did not previously offer the opinion that "[t]he competitive effect between Apple and Samsung has already been accounted for in [Davis's] lost profits calculation," and therefore "the value to Samsung should be the primary driver of her concluded royalty rate." (Wagner Redline ¶ 318.) These opinions should be struck. |
| ¶¶ 319, 341-357 & Schedule 27-NT | New royalty opinions based on a post-trial November 11, 2012, litigation settlement between HTC and Apple. **New opinions, new sources, new data.** | **Not new; rebuttal to new Davis opinion.** Paragraph 319 is a summary of the discussion, similar to paragraph 266 in the April 2012 Report, and is not new. With respect to paragraphs 341-357 and Schedule 27-NT, Ms. Davis cited the Apple-HTC Patent License and Settlement Agreement in her August 23, 2012 Report. She states, inter alia, "if I had included this [Apple-HTC agreement] in this analysis, my opinion would be unchanged because I do not consider the license to be comparable to the hypothetical negotiation here in light of the fact that, like the Nokia agreement, it was a settlement of ongoing litigation involving multiple patents, includes a cross license of a broad portfolio of rights, and has a number of unique provisions arising from that settlement." *See* **Davis Rpt. ¶ 185, n. 274.** There was simply no need for Ms. Davis to reference the HTC Agreement in her report. Now that she has opened the door, Mr. Wagner is entitled to consider it and respond. | See *supra* ¶¶ 309-310 & Schedule 27-NT regarding Wagner's new opinions about the Apple-HTC settlement agreement. |

13

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| ¶¶ 362-368 | New opinions regarding why "fixed" and "variable" expenses are not a relevant calculation of what expenses are "direct" and "indirect." (Cf. May 11, 2012 Supplemental Expert Report of Michael J. Wagner (previously filed under seal at Dkt. No. 939 Ex. 34; courtesy copies provided with the Olson Declaration for convenience) ¶¶ 29-33.) **New and modified opinions on expenses and financial data.** | **No new or modified opinions**. Apple appears to have made an error because the challenged paragraphs are unrelated to "fixed" and "variable" expenses. Rather they, relate to Ms. Davis's strange decision to apply the single royalty rate Mr. Musika derived for all of Apple's design IP at issue in the first trial ($24 per unit) in the new trial, even though only two design patents are at issue in the new trial. To the extent Apple tries to correct this error on reply, Samsung will seek leave to respond to any new arguments. | Paragraphs 362 to 368 are new insertions into the April 2012 report. (*See* Wagner Redline ¶¶ 362-368.) Apple mislabeled this section but Apple properly notified Samsung of its objection through its brief, and the annotated version of the Davis report provided Samsung with notice of its motion to strike the material as new.<br><br>Samsung cannot justify Wagner's new opinions regarding a reasonable royalty opinion previously stated by Musika by reference to the reduced IP at issue. (*See* Wagner Annotated ¶¶ 362-368.) Davis offers the same opinion as Musika that Samsung should pay the same $24 royalty rate because the economic impact of such infringement is the same. (*Compare* Dkt. No. 2386-3 ¶¶ 188-189, *with* Dkt. No. 2407-4 Ex. C ¶ 197.) Wagner should be limited to his prior criticism of that position. |
| ¶ 393 | New opinion as to why Samsung mislabeled its Chinese profits as a cost of goods sold. New and modified opinions on expenses and financial data. | **No new or modified opinions.** Mr. Wagner discussed Samsung's Chinese manufacturing subsidiaries in paragraphs 318-320 of his April 2012 Report and paragraphs 7-8 of his May 2012 Supplemental Report. Mr. Wagner's statement about the cause of the exclusion of these subsidiaries' profits is not a new opinion; it is simply a statement of his understanding of the facts, and is the same understanding he has always had. | Wagner did not offer any explanation in his April or May 2012 reports as to why Samsung mislabeled its Chinese profits as cost of goods sold. (*See* Wagner Redline ¶ 393.) Wagner's private understanding of facts not contained in his expert reports is irrelevant, and his statement of it in the August 2013 report violates the Court's order. |

14

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| ¶ 395 | Modified paragraph with a summary of Samsung's cost of goods sold, removing all references to "direct" and "indirect" cost. (Compare ¶ 395 (Samsung's costs of goods sold "includes several expense categories, such as labor, royalties, manufacturing labor cost . . ."), with April 2012 Report ¶ 322 (costs of goods sold reflected "direct expenses, such as direct labor, royalties and indirect expenses, such as indirect manufacturing . . . .") (emphasis added).) **New and modified opinions on expenses and financial data.** | **No new or modified opinions**. Mr. Wagner offers the same opinion as in paragraph 322 of his April 2012 Report and that he offered at trial, *i.e.,* that all of Samsung's costs of goods sold should be deducted to determine its profits. ***See April 2012 Rpt. ¶ 322; Trial Tr. at 3022:9-22, 3026:12-3027:2.*** Mr. Wagner has merely removed two words to conform to the language of the final jury instructions, which were not available at the time of his original report, and which would confuse the jury. Samsung should not be punished merely because there were no final jury instructions at the time Mr. Wagner prepared his original report. His opinion has not changed in any way. | Samsung admits that Wagner changed his report to address a jury instruction that was issued after April 2012. If issuance of a jury instruction permitted changes to expert reports, reports issued during discovery would be of no value. Wagner previously offered the opinion that certain of Samsung expenses were "indirect" and now wishes to recharacterize them as "directly attributable" expenses. (*See* Wagner Redline ¶¶ 395-399, 408.) The new trial is not an opportunity for Samsung to make changes to expert opinions and analysis that Samsung believes will be favorable to it based on the final jury instructions. Wagner should be limited to his prior opinions about the character and classification of Samsung's expenses. |
| ¶ 396 | Paragraph modifying and replacing Wagner's prior conclusion that SEC "allocates expenses that are not directly related to a specific product." (See April 2012 Report ¶ 323 (emphasis added).) **New and modified opinions on expenses and financial data.** | **No new or modified opinions**. Mr. Wagner offers the same opinion as in paragraph 323 of his April 2012 Report and that he offered at trial, *i.e.* , that Samsung allocates expenses not solely incurred for one product. ***See April 2012 Rpt. ¶ 323; Trial Tr. at 3030:24-3031:16.*** Mr. Wagner has merely conformed the language in one sentence to the final jury instructions, which were not available at the time of his original report, and which would otherwise confuse the jury. Samsung should not be punished merely because there were no final jury instructions at the time Mr. Wagner prepared his original report. His opinion has not changed in any way. | See *supra* ¶ 395 regarding the same issue. |

15

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| ¶ 397 | Modified paragraph to refer to "a reasonable way to allocate" expenses and remove the prior reference to Samsung's methods to "allocate indirect expenses." (See id. ¶ 232.) **New and modified opinions on expenses and financial data.** | **No new or modified opinions.** Mr. Wagner offers the same opinion as in paragraph 324 of his April 2012 Report and that he offered at trial, *i.e* ., that Samsung's allocation methodology is reasonable.  **See April 2012 Rpt. ¶ 324; Trial Tr. at 3030:11-15.** Contrary to Apple's assertion, the reference to "a reasonable way to allocate" expenses was in Mr. Wagner's April 2012 Report. **April 2012 Rpt. ¶ 324** Moreover, Mr. Wagner has merely removed one word to conform to language in the final jury instructions, which were not available at the time of his original report, and which would otherwise confuse the jury. Samsung should not be punished merely because there were no final jury instructions at the time Mr. Wagner prepared his original report. His opinion has not changed in any way. | See *supra* ¶ 395 regarding the same issue. |
| ¶¶ 399, 408 | New paragraphs, stating the new opinion that STA and SEC expenses are "directly attributable expenses" with "a clear nexus" to the infringing products." The new opinion replaces the prior report's conclusion that SEC's and STA's indirect expenses are "necessary for the manufacture and sale of the accused products and are therefore deductible expenses" with language belatedly taken from the Court's final jury instruction regarding Samsung's profits under 35 U.S.C. § 289. (See id. ¶¶ 326, 334; see also Olson Decl. Ex. B at 840:1-12.) **New and modified opinions on expenses and financial data.** | **No new or modified opinions**. Mr. Wagner offers the same opinion as in paragraph 326 and 334 of his April 2012 Report and that he offered at trial, *i.e* ., that all of STA's and SEC's expenses are necessary for the manufacture and sale of the accused products and are therefore directly attributable expenses per the jury instructions. ***See April 2012 Rpt. ¶¶ 326, 334; Trial Tr. at 3022:9-22.*** Mr. Wagner has merely conformed the language in one sentence to the final jury instructions, which were not available at the time of his original report, and which would otherwise confuse the jury. Samsung should not be punished merely because there were no final jury instructions at the time Mr. Wagner prepared his original report. His opinion has not changed in any way. | See *supra* ¶ 395 regarding the same issue. |

16

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| ¶¶ 412-415, Figure 37 & Schedule 4.2C-NT | A new "Summation Method" for calculating Samsung's profits. (See supra n.7.) **New methods to calculate damages.** | **No new methods.** Mr. Wagner's summation methodology is not new. It was disclosed in Schedules **5.4 and 5.4** of his April 2012 Report, with titles clearly identifying them as profit and loss by product by time period. Figure 37 and Schedule 4.2C-NT in Mr. Wagner's latest report are the numbers reported in Schedules **5.4 and 5.5** of his April 2012 Report, but updated just to address the specific products and time periods at issue in the New Trial. | Wagner testified that the summation method cannot be found in his April 2012 report. (Dkt. No. 2388 Ex. B at 935:6-936:23, 938:14-19.) His opinions were limited to what he now calls the "per unit" method. (Wagner 4/20/2012 ¶ 338.) Wagner's alleged use of prior sources or numbers from April 2012 only underscores that he could have, but did not, provide this calculation in his prior report. |
| ¶ 416, Figure 38 & Schedules 25.1-NT – 25.2-NT | Removal of 40% of Gem units from the damages calculation, based on new sales data not used in April 2012 report. **New methods to calculate damages.** | **Change solely to reflect jury verdict.** Mr. Wagner's calculations are based on the jury's verdict for the Gem. The jury found only that the version of the Gem sold to Verizon was infringing. *See JX1020 (Gem phone for Verizon);* **Dkt. No. 1931 (Amended Verdict Form referring to JX1020).** The jury made no finding with respect to the versions that were sold to U.S. Cellular or Alltel. Mr. Wagner's calculations reflect this jury finding. | Samsung does not dispute that Wagner changed his damages calculations for the Gem by removing 40% of the infringing units. Paragraph 416, Figure 38, and Schedules 25.1-NT to 25.2-NT are new insertions into the April 2012 report. (*See* Wagner Redline ¶ 393; *see also* Wagner Comparison of Schedules listing "N/A" next to Schedules 25.1-NT to 25.2-NT under April 2012 report.) |
| ¶ 433 & Schedules 1-NT, 13-NT, 13.5-NT | A new $251,580 paid-up royalty for the D'305 Patent. Wagner previously offered only a $1,152 paid-up royalty for that patent. (See April 2012 Report ¶¶ 483, 530.) **New methods to calculate damages**. | **No new methods**. This is not new. Mr. Wagner disclosed that a design around would be to design new icons for the "GUI Design Patents" in paragraph 483 of his April 2012 Report. Mr. Wagner also opined there that the cost to design new icons would have been "Less than $500 per icon," and the exact figure of $420 per icon was disclosed in Schedule 13.6 of his April 2012 Report. Mr. Wagner also disclosed the number of icons on each phone in Schedule 17 to his April 2012 Report. Mr. Wagner could not multiply these two numbers together in his April 2012 Report because he did not know which products would have to infringe the GUI Design Patents. Now that this has been determined by the first jury, Mr. Wagner was able to do so. Accordingly, the challenged portions are based on exactly the same disclosed methodology but merely applied to account for the jury's verdict. | Samsung does not dispute that the $251,580 figures is new. Wagner never offered the opinion that Samsung could design around the D'305-patented GUI by replacing all icons at a cost of about $500 per icon. (*Compare* Wagner 4/20/2012 at Schedule 13, *with* Wagner 8/26/2013 at Schedule 13-NT.) Wagner admitted at his deposition that he did not previously present the number of icons he now alleges Samsung would need to design around, and he does not know how the first jury would have numbered the number of icons on each infringing phone. (Reply Olson Decl. Ex. B at 811:6-812:5.) |

17

sf-3332206

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| ¶¶ 437, 442 | New royalty opinions based on a post-trial November 11, 2012, litigation settlement between HTC and Apple. **New opinions, new sources, new data.** | **Rebuttal to new Davis opinion**. Ms. Davis cited the Apple-HTC Patent License and Settlement Agreement in her August 23, 2012 Report. She states, *inter alia* , "if I had included this [Apple-HTC agreement] in this analysis, my opinion would be unchanged because I do not consider the license to be comparable to the hypothetical negotiation here in light of the fact that, like the Nokia agreement, it was a settlement of ongoing litigation involving multiple patents, includes a cross license of a broad portfolio of rights, and has a number of unique provisions arising from that settlement." *See* **Davis Rpt. ¶ 185, n. 274**. There was simply no need for Ms. Davis to reference the agreement in her report. Now that she has opened the door, Mr. Wagner is entitled to consider it and respond. | See *supra* ¶¶ 309-310 & Schedule 27-NT regarding Wagner's new opinions about the Apple-HTC settlement agreement. |
| ¶ 458 | New opinions based on the Court's post-trial December 2012 denial of a permanent injunction. **New opinions, new sources, new data.** | **No new opinions, sources or data**. Mr. Wagner expressed exactly the same opinion concerning the length of the hypothetical license in paragraph 423 of his April 2012 Report. Mr. Wagner's reference to the Court's permanent injunction ruling is merely to note that the term of the license may not run the full life of the patents, but it is not a source of his opinion. | Paragraph 458 inserts a reference to the Court's permanent injunction ruling, and modifies Wagner's original opinion based on that new information. (*See* Wagner Redline ¶ 458.) Samsung offers no justification for Wagner's insertion of these post-trial sources or his modifications to his prior opinion. |
| ¶¶ 477-478 | New opinions regarding design-arounds of Apple's patents due to 2012 and 2013 patent reexaminations and other post-trial sources, including July 2013 conversations with technical experts. **New opinions, new sources, new data. New design-around theories.** | **No new opinions or data.** Mr. Wagner addressed design around theories for the '381 patent in his April 2012 report and at trial. *See* **Wagner April 2012 Report, ¶¶ 439-443, 465-468; Trial Tr. at 3035:11-3036:16, 3053:18-3056:18** Moreover, with respect to Mr. Wagner's citation to reexamination materials, Apple should not be permitted to represent the scope of the patent one way to the USPTO, and represent it in a much broader way to the jury. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.,* 239 F.3d 1343, 1351 (Fed. Cir. 2001). Fundamental fairness requires that Apple be held to its representations to the USPTO. *See* **8/21/13 CMC Tr. at 45:10- 12 ("As noted by the Supreme Court . . . the central function of a trial is to discover the truth".)** | See *supra* ¶¶ 24-27, 38, 40-41 regarding Wagner's new alleged design-arounds based on reexaminations and other post-trial sources. |

18

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| ¶¶ 484-485 | New theories regarding alleged modifications to create non-infringing alternatives for the '163 Patent based on the Captivate, Continuum, Gem, Indulge, Intercept, Nexus S 4G, Transform, and Vibrant. Wagner, however, admits that no one can know the basis for the jury's non-infringement findings. (Olson Decl. Ex. B at 799:22-805:2, 834:18-836:13.) **New design-around theories.** | **Change solely to reflect jury verdict.** Mr. Wagner's opinions in these challenged paragraphs are a direct result of the jury's verdict. Apple accused Samsung's Captivate, Continuum, Gem, Indulge, Intercept, Nexus S 4G, Transform, and Vibrant of infringing its '163 patent. The jury found these products non-infringing and they thus clearly constitute non-infringing alternatives. Whether or not Mr. Wagner knows the basis for the jury's findings is irrelevant: Apple accused them of infringing and they were found not to. Ms. Davis and Apple rely extensively on the jury's findings and trial evidence, and cannot be heard to complain that Mr. Wagner does too. **See Davis Rpt. ¶¶ 131- 139, 164-168, 252-257.** | Samsung does not dispute that Wagner states new design-around opinions in paragraphs 484 to 485. Wagner's new opinions are based on impermissible speculation regarding the basis for the jury's conclusions about why certain phones did not infringe an Apple patent. |
| ¶ 488 | New opinion regarding the alleged source of the four week duration of a design-around of the '915 patent. **New opinions, new sources, new data. New design-around theories.** | **No new opinions, sources, data or design-around theories.** There is nothing new in the challenged paragraph. Paragraph 488 is identical to paragraph 467 in the April 2012 Report with the exception of the addition of "in a total of 4 weeks." However, the four weeks was disclosed in Schedule 13.5 of the April 2012 Report, which was referenced at the end of paragraph 467. | Samsung does not dispute that paragraph 488 contains the additional words "in a total of four weeks." ." The addition of this phrase modifies Wagner's opinions and attributes this time period to a new source, Dr. Gray, who was not identified previously. |
| ¶¶ 491-492 | New opinions regarding design-arounds of Apple's patents due to 2012 and 2013 patent reexaminations and other post-trial sources. **New opinions, new sources, new data. New design-around theories.** | **No new opinions or data.** Paragraph 491 refers to both trial evidence and reexamination materials. Apple does not challenge Mr. Wagner's reliance on the trial evidence and Mr. Wagner's design around opinions based thereon. Indeed, Ms. Davis relies heavily on trial evidence. **See Davis Rpt. ¶¶ 131-139, 164-168, 252-257.** In this case, Dr. Singh admitted for the first time at trial that that the '915 patent does not cover code that reverts to a scroll at any time after two inputs. **See Trial Tr. at 3622-3624.** Therefore, these portions of the challenged paragraphs should not be stricken even according to Apple. With respect to Mr. Wagner's citation to reexamination materials, Apple should not be permitted to represent the scope of the patent one way to the USPTO, and represent it in a much broader way to the jury. **Amazon.com, Inc. v. Barnesandnoble.com, Inc. , 239 F.3d 1343, 1351 (Fed. Cir. 2001).** Fundamental fairness requires that Apple be held to its representations to the USPTO. **See 8/21/13 CMC Tr. at 45:10- 12 ("As noted by the Supreme Court . . . the central** | *See supra ¶¶ 24-27, 38, 40-41 regarding Wagner's new alleged design-arounds based on reexaminations and other post-trial sources.* |

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| | | **function of a trial is to discover the truth".**)  Finally, given that Apple does not challenge Mr. Wagner's discussion of the change in Apple's position as to the scope of the '915 patent at trial (as discussed in paragraph 39, which is not challenged), paragraph 492 should not be stricken because it was necessitated by Dr. Singh's new admission at trial. | |
| ¶¶ 493-494 | New theories regarding alleged modifications to create non-infringing alternatives to the '915 Patent based on the Galaxy Ace, Intercept, and Replenish. Wagner purports to base these new theories on the jury's conclusion that these smartphones did not infringe certain patents. See supra ¶¶ 484-485 & n.10. **New design-around theories.** | **Change solely to reflect jury verdict.** Mr. Wagner's opinions in these challenged paragraphs are a direct result of the jury's verdict. Apple accused Samsung's Galaxy Ace, Intercept and Replenish of infringing its '915 patent. The jury found these products non-infringing and they thus clearly constitute non-infringing alternatives. Ms. Davis and Apple rely extensively on the jury's findings and trial evidence, and cannot be heard to complain that Mr. Wagner does too. *See Davis Rpt.* **¶¶ 131-139, 164-168, 252-257.**  Samsung is entitled to rely on products determined by the jury to be non-infringing. | Samsung does not dispute that Wagner states new design-around opinions in paragraphs 493 to 494. Wagner is not qualified under F.R.E. 702 by knowledge, experience, skill, training or education to provide an opinion regarding the basis for the jury's decision that certain Samsung products did not infringe.  Further, such an opinion is not the proper subject of expert testimony and is speculative. |
| ¶¶ 508-511 | New theories regarding alleged icon configurations to avoid the D'305 Patent. **New design-around theories.** | **No new theories.** Mr. Wagner discussed these design-arounds to the D'305 patents in his April 2012 Report. *See April 2012 Rpt.* **¶¶ 481-483.** Mr. Wagner has merely incorporated trial testimony from Dr. Kare to support his opinion. Apple does not challenge Mr. Wagner's reliance on trial testimony and Ms. Davis relies on such testimony herself. *See Davis Rpt.* **¶¶ 131-139, 164- 168, 252-257.** There are no new opinions here. | Apple has not sought to exclude the paragraphs in the August 2013 report that duplicate paragraphs 481 to 483 of the April 2012 report.  Samsung does not dispute that the other paragraphs are new. |

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| ¶ 512 & Schedules 1-NT, 13- NT, 13.5-NT | A new $251,580 paid-up royalty for the D'305 Patent. Wagner previously offered only a $1,152 paid-up royalty for that patent. (See April 2012 Report ¶¶ 483, 530.) **New methods to calculate damages.** | **No new methods.** This is not new. Mr. Wagner disclosed that a design around would be to design new icons for the "GUI Design Patents" in paragraph 483 of his April 2012 Report. Mr. Wagner also opined there that the cost to design new icons would have been "Less than $500 per icon," and the exact figure of $420 per icon was disclosed in Schedule 13.6 of his original report. Mr. Wagner also disclosed the number of icons on each phone in Schedule 17 to his April 2012 Report. Mr. Wagner could not multiply these two numbers together in his April 2012 Report because he did not know which products would be found to infringe the GUI Design Patents. Now that this has been determined by the first jury, Mr. Wagner was able to do so. Accordingly, the challenged portions are based on exactly the same disclosed methodology but merely applied to account for the jury's verdict. | *See supra* ¶ 433 & Schedules 1-NT, 13-NT, 13.5-NT regarding Wagner's new design-around opinions concerning the D'305 patent. |
| ¶¶ 517-520, 522-523 & Figure 46 | New theories regarding a rounded top and bottom as an alleged design-around for the D'677 Patent. **New design-around theories.** | **No new theories.** Mr. Wagner addressed design around theories for Apple's design IP (including the D'677 Patent as one of the Electronic Device Design Patents) in his April 2012 report. *See* **April 2012 Rpt. ¶¶ 475-487.** Mr. Wagner also discussed design around theories for Apple's design IP at trial. *See* **Trial Tr. at 3036:17-3038:19.** The challenged design around is just a specific example of the multitude of design arounds discussed for the design IP in paragraphs 475 - 479 and 484 - 487 of the April 2012 Report based on the dramatic narrowing of the IP Samsung was found to infringe and the limited IP now at issue. For example, the Infuse 4G was formerly accused of infringing/diluting 18 Apple design IP elements, whereas it was found to infringe just two. | Samsung does not dispute that Wagner never mentioned the use of a rounded top and bottom as an alleged design around for the D'677 Patent in his April 2012 report. (*See* Wagner 4/20/2012 ¶¶ 475-487; 8/16/2012 Trial Tr. at 3036:17-3038:19.) These opinions and the related figure are new. (*See* Wagner Redline ¶¶ 517-520, 522-523, & Figure 46.) Wagner is not qualified under F.R.E. 702 by knowledge, experience, skill, training or education to provide an opinion regarding non-infringing alternatives. |

21

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| ¶¶ 517-519, 521-523 & Figure 47 | New theories regarding the movement of the speaker slot as an alleged design-around for the D'677 Patent. (See Olson Decl. Ex. B at 815:17-816:11.) **New design-around theories.** | **No new theories**. Mr. Wagner addressed design around theories for Apple's design IP (including the D'677 Patent as one of the Electronic Device Design Patents) in his April 2012 report. *See* **April 2012 Rpt. ¶¶ 475-487**. Mr. Wagner also discussed design around theories for Apple's design IP at trial. *See* **Trial Tr. at 3036:17-3038:19**. The challenged design around is just a specific example of the multitude of design arounds discussed for the design IP in paragraphs 475 - 479 and 484 - 487 of the April 2012 Report based on the dramatic narrowing of the IP Samsung was found to infringe and the limited IP now at issue. For example, the Infuse 4G was formerly accused of infringing/diluting 18 Apple design IP elements, whereas it was found to infringe just two. | Samsung does not dispute that Wagner never mentioned a change in the location of the speaker slot as an alleged design around for the D'677 Patent in his April 2012 report. (*See* Wagner 4/20/2012 ¶¶ 475-487; 8/16/2012 Trial Tr. at 3036:17-3038:19.)  These opinions and the related figure are new.  (*See* Wagner Redline ¶¶ 517-519 & 521-522.)  Wagner testified that the alternative design involving a different placement of the phone speaker was not offered in any of his prior reports.  (Dkt. No. 2388 Ex. B at 815:17-816:6.)  Wagner is not qualified under F.R.E. 702 by knowledge, experience, skill, training or education to provide an opinion regarding non-infringing alternatives. |
| ¶¶ 524-526; see also ¶ 584 | New opinions regarding costs and expenses required to design around the D'677 Patent based on a July 2013 interview with KwangJin Bae in South Korea. Prior reports did not address this issue. (See id. at 816:7-817:11.) New opinions, new sources, new data. New design-around theories. | **No new theories**. Mr. Wagner addressed design around theories for Apple's design IP (including the D'677 Patent as one of the Electronic Device Design Patents) in his April 2012 report. *See* **April 2012 Rpt. ¶¶ 475-487**. Mr. Wagner also discussed design around theories for Apple's design IP at trial. *See* **Trial Tr. at 3036:17-3038:19**. The challenged design around is just a specific example of the multitude of design arounds discussed for the design IP in paragraphs 475 - 479 and 484 - 487 of the April 2012 Report based on the dramatic narrowing of the IP Samsung was found to infringe and the limited IP now at issue. For example, the Infuse 4G was formerly accused of infringing/diluting 18 Apple design IP elements, whereas it was found to infringe just two. | Wagner's opinions in paragraphs 524 to 526 are based on a July 2013 interview with KwangJin Bae in South Korea that postdates the April 2012 report.  Wagner testified that he did not speak to Bae in forming the opinions offered in his prior reports.  (Dkt. No. 2388 Ex. B at 816:7-817:11.) |

*Apple v. Samsung*, No. 11-1846
Exhibit A to Reply Olson Declaration ISO Apple's Motion to Strike:
Apple's Reply Chart Responding to Improper Attorney Argument in Samsung's Chart of Challenged Methodology

| Wagner Rpt. (8/26/2013) | Apple's Basis to Strike (from Samsung's Chart) | Samsung's Response (from Samsung's Chart) | Apple's Reply to Samsung's Response (For use if Samsung's Chart Is Considered) |
|---|---|---|---|
| ¶ 563 & Schedules 1-NT, 13- NT, 13.5-NT | A new $251,580 paid-up royalty for the D'305 Patent. Wagner previously offered only a $1,152 paid-up royalty for that patent. (See April 2012 Report ¶¶ 483, 530.) **New methods to calculate damages.** | **No new methods.** This is not new. Mr. Wagner disclosed that a design around would be to design new icons for the "GUI Design Patents" in paragraph 483 of his April 2012 Report. Mr. Wagner also opined there that the cost to design new icons would have been "Less than $500 per icon," and the exact figure of $420 per icon was disclosed in Schedule 13.6 of his original report. Mr. Wagner also disclosed the number of icons on each phone in Schedule 17 to his April 2012 Report. Mr. Wagner could not multiply these two numbers together in his April 2012 Report because he did not know which products would be found to infringe the GUI Design Patents. Now that this has been determined by the first jury, Mr. Wagner was able to do so. Accordingly, the challenged portions are based on exactly the same disclosed methodology but merely applied to account for the jury's verdict. | *See supra* ¶ 433 & Schedules 1-NT, 13-NT, 13.5-NT regarding Wagner's new design-around opinions concerning the D'305 patent. |
| ¶¶ 564-583 & Schedules 2.2-NT, 2.3-NT, 3.2-NT, 3.3-NT, 7.1-NT | A new $3.81 per unit royalty for the D'677 Patent, which uses a modified version of allocation methods previously excluded by the Court following Apple's Daubert motion. Wagner relies on the same ComTech and J.D. Power surveys and flawed methods that the Court previously found "misleading to the jury and unduly prejudicial" in connection with Wagner's trade dress apportionment opinions. (See Dkt. No. 940-1 at 22:15-24:21; Dkt. No. 1157 at 9:18-10:4.) **New methods to calculate damages.** | **No new methods.** Paragraphs 532-536 of Mr. Wagner's April 2012 Report disclosed the same methodology Apple incorrectly alleges is new. Indeed, most of the challenged paragraphs are almost identical to those in the April 2012 Report. *See* **April 2012 Rpt.** ¶¶ **564, 567-70, 572-78.** Moreover, this portion of Mr. Wagner's methodology was never addressed by the Court in its *Daubert* order. Finally, Apple selectively quotes the Court's Order. The Court did not say that the ComTech and J.D. Powers surveys were "misleading to the jury and unduly prejudicial." To the contrary, the Court found "that the underlying consumer survey data on which Mr. Wagner relies for his calculations are the kind of data on which "experts in the particular field would reasonably rely." Fed. R. Evid. 703." *See* **Dkt. 1157 at 9:23-25.** Rather, as Apple concedes, the Court excluded a separate part of Mr. Wagner's methodology that addressed trade dress apportionment. The challenged paragraphs do not apply this methodology, nor do they concern trade dress apportionment. | The Court previously struck Wagner's trade dress apportionment theory. (Dkt. No. 1157 at 9:18-10:4.) Wagner has merely re-inserted those paragraphs, with some modifications, into his reasonable royalty analysis. (*See* Wagner Redline ¶¶ 564-583.) If the methodology is the same as in the prior report, it has been excluded by the prior Daubert order. If it is new, it should be excluded based on the Court's April 2013 case management order. |

23