1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:  (650) 801-5000
   Facsimile:  (650) 801-5100
9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17                    UNITED STATES DISTRICT COURT
18          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
19

| | |
|---|---|
| 20  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 21             Plaintiff, | **DECLARATION OF JAMES SHIN IN SUPPORT OF APPLE'S** |
| 22          vs. | **ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 2407) AND IN** |
| 23  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | **FURTHER SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTIONS TO FILE** |
| 24  ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | **UNDER SEAL (DKT. NOS. 2326, 2385)** |
| 25  TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 26             Defendants. | |

I, James Shin, declare:

1. I am Senior Legal Counsel at Samsung Electronics Co., Ltd. ("SEC"). I have personal knowledge of the facts set forth in this declaration, except as otherwise noted, and, if called as a witness, could and would testify to those facts under oath.

2. I submit this declaration in support of Apple's and Samsung's Administrative Motions to File Under Seal various exhibits that consist of excerpts from the June 24, 2013 Expert Report of Julie L. Davis and the Expert Report of Julie L. Davis (as of 8/23/2013), including:

- Exhibit 2 to the Declaration of Anthony Alden in Support of Samsung's Administrative Motion for Relief from April 29, 2013 Case Management Order (Dkt. No. 2326; *see also* Dkt. No. 2327), which consists of excerpts from the June 24, 2013 Expert Report of Julie L. Davis;

- Exhibit 1 to the Declaration of Robert J. Becher in Support of Samsung's Motion to Strike the Expert Report of Julie L. Davis (Dkt. No. 2385; *see also* Dkt. No. 2386); and

- Exhibits C and D to the Declaration of Christopher L. Robinson in Support of Apple's Oppositions to Samsung's Motions re Julie L. Davis (Dkt. No. 2407), which consist of the annotated Expert Report of Julie L. Davis (as 8/23/2013), 2013, and a redline showing changes between the Expert Report of Terry L. Musika and the Expert Report of Julie L. Davis (as 8/23/2013).

3. I understand that these documents include information that has been designated "Highly Confidential – Attorneys Eyes Only" by Apple and/or third parties. I have reviewed partially redacted versions of the documents.

4. Samsung seeks to seal its highly confidential financial data, including sales, profits, profit margins, and costs. The portions of the Davis Reports Samsung considers confidential are identified below:

| Exhibit | Portions Samsung Seeks to Seal |
|---|---|
| Excerpts of June 24, 2013 Expert Report of Julie L. Davis | Page 71, line 11 (¶155) |
| | Page 74, line 13-14 (¶163) |
| | Exhibit 17-PT (all except "Reasonable Royalty" column) |
| | Exhibit 17.1-PT (all except "Reasonable Royalty" column) |
| | Exhibit 18-PT (all except "Reasonable Royalty" column) |
| | Exhibit 18.1-PT (all except "Reasonable Royalty" column) |
| | Exhibits 17-PT-A through 17-PT-K (all except "Reasonable Royalty" column) |
| | Exhibits 17.1-PT-A through 17.1-PT-K (all except "Reasonable Royalty" column) |
| | Exhibits 18-PT-A through 18-PT-K (all except "Reasonable Royalty" column) |
| | Exhibits 18.1-PT-A through 18.1-PT-K (all except "Reasonable Royalty" column) |

| Exhibit | Portions Samsung Seeks to Seal |
|---|---|
| Expert Report of Julie L. Davis (as of 8/23/2013) | Page 14, line 8 (¶40) |
| | Page 15, line 2-3 (¶41) |
| | Page 66, line 16 (¶149) |
| | Page 70, line 9-10 (¶155) |
| | Page 72, line 1 (¶158) |
| | Page 73, line 19-20 (¶163) |
| | Page 84, line 12-14 (¶188) |
| | Page 98, line 9-12 (¶224), note 315 |
| | Exhibits 17-PT-H through 17-PT-K (all except "Reasonable Royalty" column) |

|   |   |
|---|---|
|   | Exhibits 17.1-PT-H through 17.1-PT-K (all except "Reasonable Royalty" column) |
|   | Exhibits 17.3-PT-H through 17.3-PT-K |
|   | Exhibits 17.4-PT-H through 17.4-PT-K |
|   | Exhibits 18-PT-H through 18-PT-K (all except "Reasonable Royalty" column) |
|   | Exhibits 18.1-PT-H through 18.1-PT-K (all except "Reasonable Royalty" column) |
|   | Exhibits 18.2-PT-H through 18.2-PT-K |
|   | Exhibits 18.3-PT-H through 18.3-PT-K |
|   | Exhibit 37-PT (information below the line indicating SEC revenue) |
|   | Exhibit 38-PT (information below the line indicating SEC revenue) |
|   | Exhibit 40-PT ("Utility Patents" reference values for Samsung smartphones and tablets & nn. 3-4) |
|   | Exhibit 49-S |
|   | Exhibits 50.1 PT through 50.9-PT |
|   | Exhibits 51-S, 51.1-S, 52-S, and 52.1-S |

5.     The information Samsung seeks to seal is identical or largely similar to the information Samsung identified on appeal to the Federal Circuit from the Court's July 17, 2012 and August 9, 2012 orders regarding motions to seal.

6.     Samsung considers the product-specific financial data included in these documents to be highly confidential, including detailed information about profits, and profit margins on various Samsung products. Samsung does not report the type of product-specific revenue, profit or margin data included in these documents to investors, regulatory bodies, the press, or business analysts. This type of information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain the secrecy of the information. Even within Samsung's finance

and accounting groups, such data can only be accessed by certain personnel on a restricted, need-to-know basis. This type of data guides Samsung's pricing, distribution, financial planning, and other business decisions.

7. Samsung's financial data was produced in this case to Apple's outside counsel and experts for the sole purpose of calculating supposed damages and were marked "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Samsung took special precautions when producing detailed financial data, including restricting the distribution of soft copies, copying, and inspection.

8. Product-specific profit data are far more sensitive and confidential than company-wide financial statements because they can be used to determine the lowest price at which Samsung can profitably sell its products. Armed with that information, a competitor could charge a lower price in an effort to gain market share. Competitors could also use knowledge of Samsung's highest- and lowest-performing product lines to target marketing and advertising efforts.

9. Suppliers could use the same information as leverage to negotiate higher prices for components, and carrier and retail partners would be able to leverage knowledge of Samsung's margins to negotiate lower prices for Samsung's smart phone and tablet products.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in Suwon, South Korea on September 20, 2013.

_____
James Shin