QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**REPLY IN SUPPORT OF SAMSUNG'S MOTION PURSUANT TO FED. R. EVID. 702 WITH RESPECT TO JULIE DAVIS'S QUALIFICATIONS**<br><br>**Date**: October 10, 2013<br>**Time**: 1:30 p.m.<br>**Place**: Courtroom 8, 4th Floor<br>**Judge**: Hon. Lucy H. Koh |

1    Apple's opposition to Samsung's Rule 702 motion is an exercise in misdirection.  Apple
2 contends that Samsung attempts "to relitigate the admissibility of Mr. Musika's theories and
3 methodologies."  Opp. at 1:9-10.  In fact, Samsung challenges whether Ms. Davis – an accountant
4 – is qualified to tell the jury that Samsung deliberately copied and about Samsung's competitive
5 analysis.  Apple contends that Mr. Musika already testified about copying at the first trial.  In fact,
6 Mr. Musika expressly admitted during the first trial that he was not qualified to testify that
7 Samsung copied.  *See, e.g.,* Trial Tr. 2154:12-15 (Mr. Musika:  "It would be beyond my role here
8 in calculating damages to talk about whether or not Samsung copied or not.  That's just not my
9 role in this case . . . ").  Apple contends that Samsung's motion seeks to preclude Ms. Davis from
10 opining "that Samsung's own evaluation of Apple's features is evidence of demand."  Opp. at
11 7:18-19.  In fact, Samsung's motion is much narrower – to preclude Ms. Davis from telling the
12 jury that Samsung copied or speculating about why Samsung engaged in competitive analysis.
13 Apple contends that "Samsung's motion fails to identify a single instance in which Ms. Davis"
14 asserts that Samsung copied.  In fact, Samsung has identified multiple instances.  *See, e.g.,* Dkt.
15 2386-2, Davis Rpt. at ¶ 110 ("[T]he designs and technology of Apple's New Trial Patents were
16 copied by Samsung . . .").  Apple provides no defense of Ms. Davis's qualifications in response to
17 Samsung's actual challenges.  The Court should see through Apple's misdirection and reach the
18 obvious conclusion:  an accountant with no technical or legal background has no business offering
19 opinions on copying or why Samsung engaged in competitive analysis.
20    **A.  Apple's "Waiver" Argument Is Specious.**  Apple argues that Mr. Musika "already
21 testified" to Samsung's copying at trial; that Samsung failed to object; and that Samsung is thus
22 trying to re-litigate "Mr. Musika's theories and methodologies."  Opp. at 1:2-11.  This argument is
23 meritless.  Contrary to Apple's assertion, Mr. Musika stated at trial that he was *not* offering an
24 opinion on copying because *he was not qualified to do so*.  He said:  "It would be beyond my role
25 here in calculating damages to talk about whether or not Samsung copied or not.  That's just not
26 my role in this case . . . ."  Trial Tr. 2154:12-15.  He further stated that copying is "not something
27 I've testified to, nor do I feel comfortable testifying one way or the other to it.  It's just beyond the
28

-1-                    Case No. 11-cv-01846-LHK
                                   REPLY ISO SAMSUNG'S MOTION PURSUANT TO FED. R. EVID. 702
                                   WITH RESPECT TO JULIE DAVIS'S QUALIFICATIONS

scope of my role and expertise. I'm not here to talk about . . . whether they copied." *Id.* at 2154:19-23. When questioned again, Mr. Musika continued to deny that he was qualified to testify about copying, stating, "You want me to say something about [copying] or not and I—it's not what I was asked to do. . . . *I don't have any expertise about that. I'm not a lawyer. I'm not an engineer. I'm not a design expert. I'm a financial expert.*" *Id.* at 2155:15-21 (emphasis added). Mr. Musika's trial testimony not only makes clear that he did not testify about copying at trial, but that he believed that accountants are not qualified to do so.

Apple lists excerpts from Mr. Musika's trial testimony and reports to convince the Court that he did, in fact, opine that Samsung copied. Opp. at 3:6-4:5. But only *one* of them actually levels this accusation and it is found in just one sentence of Mr. Musika's opening report. Tellingly, this one sentence was not offered in support of any of Mr. Musika's damages calculations, and, as discussed above, he did not repeat it at trial because, as he himself admitted, he was not qualified to do so. It is for this reason that Samsung did not challenge Mr. Musika's one sentence in its prior Rule 702 motion. In contrast, as demonstrated in Samsung's motion, the allegation that Samsung copied Apple features prominently in Ms. Davis's report in support of her damages calculations (*see, e.g.,* Davis Rpt. ¶¶ 107, 110, 136), and it is clear that Apple intends to use Ms. Davis as its mouthpiece to tell the jury that Samsung copied.

Finally, even if Mr. Musika had testified that Samsung copied – which he did not – Samsung has not waived anything. The Court allowed Samsung to bring a new Rule 702 motion because Ms. Davis is not the same person as Mr. Musika; she does not have knowledge and experience identical to his; and she could not have been challenged under Rule 702 previously. Samsung's motion is explicitly limited to challenging Ms. Davis's qualifications to testify on two discrete topics. It is not directed to any "methodologies" or "theories."

**B. Apple Mischaracterizes Samsung's Motion.** Apple offers nothing by way of defense of Ms. Davis's qualifications to offer the opinions actually challenged in Samsung's motion. Instead, Apple attacks a straw man. It wrongly portrays Samsung as seeking to prevent Ms. Davis from testifying about her reliance on certain Samsung documents in forming her opinions. Not so.

What Samsung seeks to prevent is Ms. Davis – an accountant – taking the witness stand and telling the jury that Samsung copied Apple, or speculating as to why Samsung engaged in competitive analysis or what certain documents mean. Ms. Davis admits she is unqualified to explain the scope of the patent claims at issue. Dkt. 2385-5, Davis Dep. Tr. at 30:14-19 (D'677), 72:1-14 ('381), 79:2-18 ('163 and '915), 311:5-10 ('915)). So how can she have any basis to opine that Samsung copied them? Ms. Davis admits she has no technical background. *E.g.*, *id.* at 79:15-18. So how can she have any basis to compare the relevant features from Samsung's and Apple's devices to opine on similarity? She does not. Her opinions would be nothing more than rank speculation.

Apple fails to distinguish any of Samsung's cases holding that experts cannot opine on areas outside their expertise, and its own cases fail to support its arguments. *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F. 3d 1351 (Fed. Cir. 2012) has nothing to do with Rule 702 or testimony on corporate intent or competitive analysis. It discusses an expert's use of marketing studies and internal documents to reach the conclusions that two companies were market competitors and market demand existed. *Id.* Likewise, *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 U.S. Dist. LEXIS 136172 (N.D. Cal. Nov. 28, 2011) is silent on determining corporate intent or the significance of competitive analysis. Rather, the *Oracle* court held that an expert could give a technical opinion if the expert relied on *foundational, first-hand fact witness testimony laid at trial*. *Id.* at *7-8. Here, there is no fact witness testimony stating that Samsung copied Apple. Instead, Apple simply intends to offer Ms. Davis's speculative opinions on copying unsupported by foundational, first-hand fact witness testimony. *See* Dkt. 2407-3 at 7:13-16 (Apple intends to offer Ms. Davis, "rather than call[ing] each foundational witness.").

The authority Apple cites actually supports Samsung's argument that Rule 702 requires that opinion testimony reflect "'reliable principles and methods' *appropriate to the expert's field.*'" *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 594 (1993) (emphasis added). And the presumption of reliability applies only to the expert's "'knowledge and experience *of his*

*discipline.*'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148 (1999) (emphasis added). In this case, Apple concedes that Ms. Davis's expertise lies within the areas of "accounting, finance, valuation, business planning, and economic damages" (Opp. at 2), *not* the technology or designs at issue, and certainly *not* whether Samsung deliberately copied or Samsung's competitive analysis.

Apple's true motivation for opposing Samsung's motion has nothing to do with Ms. Davis's ability to explain her damages opinions or identify supporting evidence. Indeed, the ostensible reason Apple offers for Ms. Davis even mentioning alleged copying – the need to show "demand for Apple's smartphones and tablets" (Opp. at 2:23-25) – is a mere pretext because Mr. Wagner does not dispute such demand, only whether the patented features drive it.[1] *See* Dkt. 2410 (Wagner Rpt.) at ¶ 98 ("I agree with Ms. Davis that there is demand for the patented products."). Rather, what Apple wants to do is use Ms. Davis as the vehicle to show the jury numerous inflammatory documents, the vast majority of which have nothing to do with the patents, features and products at issue.[2] *See* Dkt. 2407-3 at 7:14-16 ("Apple may have Ms. Davis present to the new jury the portions of the prior trial, . . . rather than call each foundational witness."). Not only is it generally improper to use an expert in this manner,[3] it is particularly improper where the expert has no basis in her education or experience to offer the testimony.

For these reasons, the Court should grant Samsung's motion and preclude Ms. Davis from testifying regarding Samsung's alleged copying and the significance of its competitive analysis. Ms. Davis is an accountant. She is wholly unqualified to offer such testimony under Rule 702.

---

[1] Samsung has moved elsewhere for the exclusion of Apple's "copying" evidence on the grounds that it is irrelevant, prejudicial, and far exceeds the scope of the new trial. Dkt. 2406 (Samsung's Motion *in Limine* No. 1) at 1-3 ; Dkt. 2418 (Samsung's Motion to Exclude Apple's Proposed Trial Exhibits) at 1-4; Dkt. 2419 (Samsung's Motion to Preclude Testimony) at 3-5.

[2] *See* Dkt. 2418 (Samsung's Motion to Exclude Apple's Proposed Trial Exhibits).

[3] *See, e.g., In re Imperial Credit Indus., Inc. Sec. Litig.,* 252 F. Supp. 2d 1005, 1012-13 (C.D. Cal. 2003) (Fed. R. Evid. 702-703 "do not permit an expert to rely upon excerpts from opinions developed by another expert for the purposes of litigation."); *Tokio Marine & Fire Ins. Co., Ltd. v. Norfolk & Western Ry. Co.,* 1999 WL 12931, at *4 (4th Cir. Oct. 28, 1999) ("one expert may not give the opinion of another expert who does not testify"); *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 664-66 (S.D.N.Y. 2007) (experts "cannot simply be a conduit for the opinion of an unproduced expert").

| | | |
|---|---|---|
| DATED: September 19, 2013 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By /s/ *Victoria F. Maroulis*
   Charles K. Verhoeven
   Kevin P.B. Johnson
   Victoria F. Maroulis
   William C. Price
   Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC