QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**REPLY IN SUPPORT OF SAMSUNG'S MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF JULIE L. DAVIS**<br><br>**<u>PUBLIC REDACTED VERSION</u>**<br><br>**Date**:   October 10, 2013<br>**Time**:   1:30 p.m.<br>**Place**:  Courtroom 8, 4th Floor<br>**Judge**:  Hon. Lucy H. Koh |

For the reasons that follow, the arguments offered in Apple's opposition to Samsung's motion to strike fail, and Samsung's motion should be granted in its entirety.

**A.  The Court Should Again Strike New Design-Around Periods.**  Apple admits that Ms. Davis changed the design-around dates used by Mr. Musika, thereby calculating lost profits for different periods than he did.  The Court already sustained Samsung's objection to this methodology.[1]  Apple fails to offer any reason why the Court's previous ruling should not apply, and makes no attempt to distinguish Ms. Davis's lost profits calculations from the excluded ones.

Apple also confuses the law.  Apple states that courts treat "the question of whether, and when, a noninfringing alternative was available as a question of fact."  Opp. at 2.  But that is beside the point.  The question before the Court is *not* whether Ms. Davis made incorrect assumptions about whether a particular non-infringing alternative was available, and if so, when.  Samsung agrees those are questions of fact.  Rather, the question before the Court is *when* the availability of non-infringing alternatives must be assessed in a lost profits analysis.  That is a pure question of law.  Ms. Davis's lost profits analysis relies on the legally incorrect assumption that non-infringing alternatives available before the date of actual notice under Section 287 should be ignored.  *See* Dkt. 2386-1, Davis Rpt. ¶ 93.  In *Grain Processing Corp. v. Am. Maize-Prods. Co.*, the Federal Circuit held that is wrong.  185 F.3d 1341, 1353 (Fed. Cir. 1999) (assessing the availability of a non-infringing alternative as of the date of first infringement (1979), rather than the date of notice (1981), and upholding denial of lost profits because the design around would have been complete before notice); *see also Power Integrations, Inc. v. Fairchild Semiconductor Int'l*, 711 F.3d 1348, 1379 (Fed. Cir. 2013) ("while the marking statute precludes . . . damages for pre-notice infringement, we must assess damages for post-notice infringement relative to market conditions at the point in time when infringement began.").

Furthermore, the Federal Circuit made clear that a lost profits opinion must examine what the patentee's "condition would have been *if the infringement had not occurred*."  *Grain*

---

[1] *See* Dkt. 1678 at 1 (Samsung's objection to "an alternative calculation of lost profits on smartphones from June 2010 to January 2011 and then again from April 2011 to October 2011"); Dkt. 1683 at 2 (Apple's response that "[t]he issue of alternative notice periods" was mentioned in Mr. Musika's report); Dkt. 1690 at 2 (objection sustained).

*Processing,* 185 F.3d at 1350 (emphasis added).  Thus, the "determinative question" is:  "had the Infringer not infringed, what would [the patentee] have made?"  *Id.*  Here, Ms. Davis assumes the exact opposite:  she assumes that Samsung infringed and kept infringing until the notice date, and only then stopped infringing to design around.  This too is contrary to Federal Circuit law.

Apple's cases are irrelevant because they address only the *factual* question of whether an alternative was actually available and when.  *See SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1381-82 (Fed. Cir. 2013) (finding a disputed fact whether customers would have purchased a noninfringing alternative); *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1361 (Fed. Cir. 2012) (finding evidence that prior art was not an acceptable substitute).  In *Callaway Golf Co. v. Acushnet Co.*, 691 F. Supp. 2d 566, 574-75 (D. Del. 2010), the court did not hold that the question of when the availability of non-infringing alternatives must be assessed is a question of fact.  Rather, the court merely held that the patentee's expert was not required to speculate–in the absence of excluded evidence of a non-infringing alternative introduced *after* first infringement–whether that alternative could instead have been available *as of* first infringement.  *Id.* at 575, n.14 (excluding evidence of alternative).  Here, Mr. Musika admitted that Samsung could have designed around Apple's patents starting at the date of first infringement.  The new design around periods are predicated on an assumption contrary to law and should be stricken.

**B.  Ms. Davis Contradicts Mr. Musika's Capacity Opinions.**  Apple does not dispute that Ms. Davis intends to offer testimony on Apple's inventory of iPhone 4 that *directly contradicts* Mr. Musika's testimony.  At trial, Mr. Musika admitted that Apple could not sell *any* additional iPhone 4s between June and October 2010.  Trial Tr.  2141:13-18 (Q:  So between June of 2010 through October of 2010, Apple did not have excess supply of the iPhone; correct?"  A:  That's correct. Q:  iPhone 4?  A:  That's correct.").  Ms. Davis, in contrast, intends to testify that

[redacted]

[2] Apple fails to cite

---

[2]  Given Mr. Musika's testimony that the number of additional iPhone 4s available for sale
(footnote continued)

anything in Mr. Musika's reports or testimony disclosing this new opinion.

**C.  Ms. Davis's Incremental Profits Calculations Are New.**  Apple incorrectly states that Mr. Musika calculated "incremental profits for all the accused products at issue in the first trial."  Opp. at 4.  To the contrary, Mr. Musika admitted that PX28—which is identical to Exhibit 50-S, the only "incremental profit" calculation in his reports—includes "*sales of non-accused items*."  Trial Tr.  2058:4-6 (emphasis added); *see also id.* at 2059:11-17.  The numbers do not lie.  PX28 includes over $30 billion in revenue from 87 million unit sales, far more than the totals for all accused products ($8.16 billion on 22.7 million units).  *Id.* at 2040:8-23.  Mr. Musika never presented an "incremental profits" calculation for the accused products, nor did he calculate "incremental profits" on any individual product.  The fact that Ms. Davis used the same "data inputs" as Mr. Musika (Opp. at 5) is irrelevant—the calculations are new, and should be stricken.

**D.  Ms. Davis's Broad New Descriptions Of Apple's Patents.**  Ms. Davis changes Mr. Musika's descriptions of Apple's patents in order to make the technology seem more valuable, deleting claim elements mentioned by Mr. Musika, in favor of broad terms like "bounce back," "pinch-to-zoom, " and "tap-to-zoom."  Davis Rpt. ¶¶ 27-29; Dkt. 2386-8 (redline of descriptions).  These new descriptions are nowhere disclosed in Mr. Musika reports and should be stricken.

**E.  The Court Should Strike Ms. Davis's Reliance On New Evidence.**  Apple speaks out of both sides of its mouth.  On the one hand, it seeks to strike portions of Mr. Wagner's report for purportedly "add[ing] new material."  Dkt. 2381 at 1.  Yet, at the same time, it is apparently perfectly fine for Ms. Davis to rely "on all the relevant evidence and testimony" (Opp. at 7), even if never relied on by Mr. Musika, and even from an undisclosed employee of Apple's counsel.

Apple argues that none of this is a problem because "Mr. Musika attended the trial and was able to review the transcript."  *Id.*  Apple misses the point.  Whether Mr. Musika read the transcript or not, the Court ruled that Ms. Davis "may not draw upon new data."  Dkt. 2316 at 3.  Mr. Musika did not identify, rely on, or testify about numerous new documents and transcripts on which Ms. Davis now draws for her opinions.   Unavailing too is Apple's reliance on the Court's

---

from June to October 2010 was *zero* (Trial Tr.  2142:13), Apple's claim that the reduced number of units at issue in the new trial justifies this 180-degree shift (Opp. at 4) is spurious.

1  ruling "that trial exhibits from the first trial are presumptively admissible in the new trial."  Opp.
2  at 7.  The question is not whether the exhibits are admissible, but whether *Ms. Davis* is the person
3  to now offer opinions about them for the first time.  During the first trial, the Court repeatedly
4  prevented both parties' witnesses from offering testimony about evidence that was not disclosed in
5  expert reports or other pretrial disclosures—including admitted exhibits.  Dkt. 1563 at 3-7
6  (precluding testimony regarding admitted exhibits from Bressler (PX133, PX141, PX142, PX174,
7  PX175, PX173), Forstall (JX1042, JX1044, JX1045, PX12), and Denison (PX38, PX62,
8  JX1093)); Dkt. 1690 at 7 (precluding Yang testimony regarding DX645).  The same rule should
9  apply with even greater force in the new trial in light of the Court's "groundhog day" rule.

10         The Court should also reject Apple's telegraphed intent to use Ms. Davis as a mouthpiece
11 through which to introduce its liability case.  Numerous courts have held that an expert may not
12 recite the opinions of other experts who do not testify.  *See, e.g., In re Imperial Credit Indus., Inc.*
13 *Sec. Litig.,* 252 F. Supp. 2d 1005, 1012-13 (C.D. Cal. 2003) (Fed. R. Evid. 702-703 "do not permit
14 an expert to rely upon excerpts from opinions developed by another expert for the purposes of
15 litigation."); *Tokio Marine & Fire Ins. Co. v. Norfolk & Western Ry. Co.,* 1999 WL 12931 at *4
16 (4th Cir. Jan. 17, 1999) ("one expert may not give the opinion of another expert who does not
17 testify"); *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 664-66 (S.D.N.Y. 2007)
18 (experts "cannot simply be a conduit for the opinion of an unproduced expert").  This Court
19 already rejected Apple's attempts to shield it experts from cross-examination by having another
20 expert recite their conclusions.  *See* Dkt. 1596 at 1-2.  Samsung would be severely prejudiced if
21 Ms. Davis was permitted to parrot the testimony of other Apple witnesses without Samsung
22 having the ability to cross-examine those witnesses before the jury at the new trial.  *See, e.g.,*
23 *Imperial Credit*, 252 F. Supp. 2d at 1012.[3]  If Apple wants to present witness testimony, that
24 testimony must come directly from the witnesses themselves.

---

[3]  For the same reasons, Ms. Davis should not be permitted to bolster her opinions by testifying that they are consistent with Mr. Musika's reports.  *See, e.g., Tokio Marine*, 1999 WL 12931 at *4 ("The hearsay quality of a report may not be cured merely by having another expert testify that he agrees with its conclusions."); *United States v. Grey Bear*, 883 F.2d 1382, 1392-93 (8th Cir. 1989) ("Fed. R. Evid. 703 does not permit an expert witness to circumvent the rules of hearsay by testifying that other experts, not present in the courtroom, corroborate his views.")

1

2  DATED: September 19, 2013           QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
3

4

5                                      By /s/ *Victoria F. Maroulis*
                                           Charles K. Verhoeven
6                                          Kevin P.B. Johnson
                                           Victoria F. Maroulis
7                                          William C. Price
                                           Michael T. Zeller
8
                                           Attorneys for SAMSUNG ELECTRONICS CO.,
9                                          LTD., SAMSUNG ELECTRONICS AMERICA,
                                           INC. and SAMSUNG
10                                         TELECOMMUNICATIONS AMERICA, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28