# EXHIBIT 1
# PUBLIC REDACTED VERSION

**Samsung's Response to Exhibits E-G to the Declaration of Christopher L. Robinson In Support of Apple's Oppositions to Samsung's Motions Re Julie L. Davis (Dkt. 2407-4)**

| Challenged Provision in Davis Report | MS. DAVIS'S NEW DESIGN-AROUND PERIODS |
|---|---|
| Davis Rpt. ¶ 93.<br><br>*See also* Davis Rpt. ¶¶ 65, 67, 69, 90, 93, 111, and 120 (discussing lost profits calculations based on new design-around periods).[1] | Apple claims that Ms. Davis can use new design-around periods because the Musika Report states that the design-around periods should change if the notice dates change (Robinson Decl. Ex. E at 1 (citing Musika Rpt. ¶¶ 89, 129). Apple fails to address the Court's order excluding Mr. Musika's lost profits calculations based on different notice dates and design-around periods. *See* Dkt. 1690 at 2-3. The Court specifically rejected Apple's claim that paragraph 89 to the Musika Report adequately disclosed calculations based on different notice dates and design-around periods. *See id.* (quoting Musika Rpt. ¶ 89, holding that "Mr. Musika did not timely disclose his calculations pursuant to an alternative two notice period theory.").<br><br>Apple also fails to address the fact that Ms. Davis's new design around periods are contrary to Federal Circuit precedent. *See Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1347 n.3 (Fed. Cir. 1999); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l*, 711 F.3d 1348, 1379 (Fed. Cir. 2013); *Wang Labs. Inc. v. Toshiba Corp.*, 993 F.2d 858, 869-870 (Fed. Cir. 1993); *see also Panduit Corp. v. Stahlin Bros. Fibreworks, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978). |
| Davis Ex. 17.1-PT-H and 17.2-PT-H<br><br>*See also* version PT-I of the same. | *See response above.* Exhibit 17.2-PT-H to the Davis Report uses the "two-notice theory" that the Court previously excluded. Shifting Mr. Musika's design around periods results in two lost profits periods per product—one period for the '381 patent that starts on August 4, 2010, and one for the other patents that start on the filing of the Complaint or Amended Complaint. As the Court previously held, "Mr. Musika did not timely disclose his calculations pursuant to an alternative two notice period theory." *See* Dkt. 1690 at 2-3. |

---

[1] Apple's claim that paragraphs 65-67 of the Davis Report correspond to paragraphs 85-87 of the Musika Report (Robinson Decl. Ex. F at 1) is irrelevant. These paragraphs merely summarize Ms. Davis's damages calculations. Samsung asks the Court to strike these paragraphs because they show the results of new and improper theories and methodologies, not because Mr. Musika failed to disclose summaries of his damages calculations. For similar reasons, Apple's claim that paragraph 111 of the Davis Report corresponds to paragraph 124 of the Musika Report (*see id.*) is also nonresponsive.

**Samsung's Response to Exhibits E-G to the Declaration of Christopher L. Robinson In Support of Apple's Oppositions to Samsung's Motions Re Julie L. Davis (Dkt. 2407-4)**

| Challenged Provision in Davis Report | MS. DAVIS'S NEW CAPACITY OPINIONS |
|---|---|
| Davis Rpt. ¶ 124.<br><br>*See also* Davis Rpt. ¶ 117 (discussing Apple's "existing or available inventory" of iPhones). | Apple asserts that Ms. Davis "cited to and relied upon" the same capacity and inventory data as Mr. Musika (Robinson Decl., Ex. E at 2), but ignores the fact that Ms. Davis offers new and different opinions based on that data. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br><br>This opinion directly contradicts Mr. Musika's trial testimony, where he stated that Apple had no excess supply of iPhone 4 between June and October 2010, and could not make any additional sales of iPhone 4 during that time.  Trial Tr. at 2141:13-18 (Q:  So between June of 2010 through October of 2010, Apple did not have excess supply of the iPhone; correct?" A:  That's correct. Q:  iPhone 4? A:  That's correct."); *id.* at 2142:10-14 ("Q. And this is a time [June-October 2010] when Apple couldn't even service its own customers for the iPhone 4; correct? A. [Mr. Musika] Well, yes, with the iPhone 4. They had available iPhones, but not the iPhone 4.").<br><br>Moreover, Ms. Davis's opinion that Apple had excess iPhone 4 inventory is not disclosed in the portions of the Musika Report cited by Apple (*see* Robinson Decl. Ex. E at 2 (citing Musika Rpt. ¶¶ 126-127, 133; Musika Supp. Rpt. Exhibits 26-S and 27-S); Ex. F at 2 (citing Musika Rpt. ¶¶ 127, 133).  Nor does Ms. Davis explain anywhere in her report that she diverges from Mr. Musika's opinion based on the purported justification that fewer units are at issue in the new trial. |

**Samsung's Response to Exhibits E-G to the Declaration of Christopher L. Robinson In Support of Apple's Oppositions to Samsung's Motions Re Julie L. Davis (Dkt. 2407-4)**

| Challenged Provision in Davis Report | MS. DAVIS'S NEW INFRINGER'S PROFITS THEORIES |
|---|---|
| Davis Ex. 50.1-PT – 50.9-PT (incremental basis)<br><br>*See also* Davis Rpt. ¶¶ 72, 93, 145 and 163 (discussing "incremental profit" calculations). | Ms. Davis's Exhibit 50.1-PT purports to show Samsung's "incremental profit" from the new trial products found to infringe Apple's design patents. As Mr. Musika testified, however, the only "incremental profit" calculation he disclosed in his report (*see* Musika Supp. Rpt. ¶¶ 38-40, Exhibit 50-S) or presented at trial (PX28, identical to Exhibit 50-S) showed "the numbers for the overall entity," and included "other sales of non-accused items." Trial Tr. at 2058:4-6.<br><br>Ms. Davis's Exhibits 50.2-PT – 50.9-PT purport to show Samsung's "incremental profit" on a per-product basis. Yet, Ms. Davis herself admitted that Mr. Musika "did not show the incremental profit margin on any specific product." *See* Davis Dep. Tr. at 274:4-19.<br><br>Thus, even if Ms. Davis "applie[d] methods disclosed in Musika's Supplemental Expert Report" (*see* Robinson Decl. Ex. F at 1), she applied those methods to perform calculations that Mr. Musika did not. Mr. Musika never calculated Samsung's "incremental profit" for the accused products combined, nor did calculate Samsung's "incremental profit" on any individual accused product. |
| Davis Ex. 17-PT-I and 18-PT-I (incremental basis) | Apple claims that Ms. Davis's Exhibits 17-PT-I and 18-PT-I are the same calculations reflected in Mr. Musika's Exhibit 50-S "adjusted for the notice dates in the Court's March 1 Order re: Damages." *See* Robinson Decl. Ex. E at 3. Apple is incorrect. These exhibits (as well as version PT-K of the same) purport to show Samsung's "incremental profit" on a per-product basis. Yet, Ms. Davis herself admitted that Mr. Musika never calculated Samsung's "incremental profit" for any individual accused product. *See* Davis Dep. Tr. at 274:4-19 19 ("He did not show the incremental profit margin on any specific product."). |

3

**Samsung's Response to Exhibits E-G to the Declaration of Christopher L. Robinson In Support of Apple's Oppositions to Samsung's Motions Re Julie L. Davis (Dkt. 2407-4)**

| Challenged Provision in Davis Report | MS. DAVIS'S NEW INFRINGER'S PROFITS THEORIES |
|---|---|
| Davis Ex. 17-PT-H and 18-PT-H (revenue basis)<br><br>*See also* Davis Rpt. ¶¶ 65, 66, 156 and 157 (discussing revenue calculations). | Ms. Davis's Exhibits 17-PT-H and 18-PT-H (as well as versions PT-I, PT-J and PT-K of the same) calculate infringer's profits equal to Samsung's total revenues, without deducting any of Samsung's costs. Although the Musika Report includes a theory of infringer's profits based on Samsung's revenue, Apple abandoned that theory at trial. Mr. Musika testified that the jury should award infringer's profits equal to Samsung's *gross profits*, and that Samsung was entitled to deduct costs except those "below the gross profit line." *See* Trial Tr. at 2053:17-2058:6, 2063:23-24, 2066:18-19. These exhibits contradict the testimony and exhibits that Mr. Musika presented at trial, and should be stricken. |

4

**Samsung's Response to Exhibits E-G to the Declaration of Christopher L. Robinson In Support of Apple's Oppositions to Samsung's Motions Re Julie L. Davis (Dkt. 2407-4)**

| Challenged Provision in Davis Report | MS. DAVIS'S NEW CHARACTERIZATIONS OF APPLE'S UTILITY PATENTS |
|---|---|
| Davis Rpt. ¶ 27 | Ms. Davis omits Mr. Musika's discussion of many of the specific limitations of claim 19 the '381 patent. For example:<br><br>• Mr. Musika described the '381 patent as "cover[ing] . . . a method, on a device with a touch screen display, for displaying an electronic document and translating the document in response to object movement detected on the display." In contrast, Ms. Davis now describes the '381 patent as "cover[ing] a device with a 'rubber banding' or 'bounce back' function."<br><br>• Mr. Musika stated that the area beyond the edge is displayed "[w]hen the document is translated in a direction that causes an edge of the document to be reached." In contrast, Ms. Davis now states that the area beyond the edge is displayed "[w]hen the user drags a document past the edge."<br><br>• Ms. Davis deleted Mr. Musika's statement that "the document is translated back so that the area beyond the edge is no longer displayed," and replaced it with "the page snaps back." |
| Davis Rpt. ¶ 28 | Ms. Davis omits Mr. Musika's discussion of many of the specific limitations of claim 8 the '915 patent. For example:<br><br>• Mr. Musika described the '915 patent as "cover[ing] . . . a method for scrolling on a touch-sensitive display of a device and for distinguishing between scrolling and other actions." In contrast, Ms. Davis now describes the '915 patent as "cover[ing] a device with a "scroll vs. gesture" function on a touchscreen display."<br><br>• Ms. Davis eliminates the requirement that "the event object invokes" the scroll or gesture operation, and wrongly suggests that the user's input invokes a scroll or gesture operation.<br><br>• Ms. Davis broadens the patent by asserting that a gesture operation "can do more" than scaling, and that "a movement that combines scaling and scrolling is a 'gesture operation' because it can scale." |

5

**Samsung's Response to Exhibits E-G to the Declaration of Christopher L. Robinson In Support of Apple's Oppositions to Samsung's Motions Re Julie L. Davis (Dkt. 2407-4)**

| Challenged Provision in Davis Report | MS. DAVIS'S NEW CHARACTERIZATIONS OF APPLE'S UTILITY PATENTS |
|---|---|
| Davis Rpt. ¶ 29 | Ms. Davis omits Mr. Musika's discussion of many of the specific limitations of claim 50 the '163 patent. For example: <br><br> • Mr. Musika described the '163 patent as "cover[ing] . . . a method for displaying and manipulating a structured electronic document (e.g., an HTML web page) on a device with a touch screen display." In contrast, Ms. Davis now asserts that the '163 patent covers a "'tap-to-zoom' function"—a phrase that does not appear in Mr. Musika's reports. <br><br> • Ms. Davis broadens the '163 patent to apply to any "document," instead of a "structured electronic document." |

**Samsung's Response to Exhibits E-G to the Declaration of Christopher L. Robinson In Support of Apple's Oppositions to Samsung's Motions Re Julie L. Davis (Dkt. 2407-4)**

| Challenged Provision in Davis Report | MS. DAVIS'S PREVIOUSLY EXCLUDED OPINIONS |
|---|---|
| Davis Rpt. ¶¶ 145, 147-148, 152-155, and 159<br><br>*See also* Davis Rpt. ¶¶ 74-88 (discussing irreparable harm); ¶¶ 144, 156 and 162 (discussing burdens of proof). | The Court prohibited Mr. Musika from testifying about discovery orders and sanctions (Dkt. 1668 at 1-2), Apple's irreparable harm (Dkt. 1157 at 13), and Samsung's burden of proving deductible expenses (*id.*). Ms. Davis's opinions on these same subjects should be stricken.<br><br>Apple's claim that Mr. Musika also opined on these topics (*see* Robinson Decl. Ex. E at 5 (citing Musika Rpt. ¶¶ 143-149 and Musika Supp. Rpt. ¶¶ 4, 27-43); Ex. F at 2 (citing Musika Rpt. ¶¶ 144, 154); Ex. G at 4-5 (citing Musika Rpt. ¶ 143, n.129 and Musika Supp. Rpt. ¶¶ 4, 29) is not responsive to Samsung's objection. |

**Samsung's Response to Exhibits E-G to the Declaration of Christopher L. Robinson In Support of Apple's Oppositions to Samsung's Motions Re Julie L. Davis (Dkt. 2407-4)**

| Challenged Provision in Davis Report | MS. DAVIS'S RELIANCE ON NEW EVIDENCE |
|---|---|
| Davis Rpt. ¶ 106 | *SAMNDCA00214969*:  Ms. Davis cites this document as purported evidence of consumer demand for Apple's patented features.  Mr. Musika did not cite this document as evidence of consumer demand for the patented features—Exhibits 24-S and 25-S to Mr. Musika's supplemental report, which list the documents Mr. Musika relied upon as evidence of consumer demand, do not include this document.<br><br>*Documents Cited in Footnotes 125-129*:  Mr. Musika did not refer to these documents in his trial testimony. |
| Davis Rpt. ¶ 107 | Ms. Davis asserts that documents such as PX44 show that "Samsung recommended adopting an icon layout design that looks more similar to Apple's designs," and that this reflects "Samsung's conclusion that Apple's patented design elements and user interface technology were attractive to consumers."  In contrast, Mr. Musika never (a) alleged that Samsung copied Apple's icons, (b) offered an opinion as to why Samsung allegedly copied Apple's icons, or (c) relied on alleged copying as evidence of consumer demand.  *See* Musika Rpt. ¶¶ 120-121.  Moreover, Mr. Musika did not refer to PX44 in his trial testimony. |
| Davis Rpt. ¶ 110, n. 138 | Unlike Ms. Davis, Mr. Musika never asserted that PX44 or PX46 shows that Samsung copied Apple's patented features, nor did he refer to these documents in his trial testimony. |
| Davis Rpt. ¶ 133 | Not one of the documents discussed in this paragraph and cited in footnotes 166-173 were disclosed in Mr. Musika's reports.  Apple does not contend otherwise.  *See* Robinson Decl. Ex. F at 1-2.  The fact that these documents were "admitted into evidence at trial and available to Musika at the time of his trial testimony" (*see id.*) does not justify Ms. Davis's reliance on evidence not cited in the Mr. Musika reports and not relied on by Mr. Musika at trial. |
| Davis Rpt. ¶ 134 | Ms. Davis cites a J.D. Power study to support her claim that Apple's designs are "important to consumer demand."  Mr. Musika did not cite this document as evidence of consumer demand for the patented features—Exhibits 24-S and 25-S to Mr. Musika's supplemental report, which list the documents Mr. Musika relied upon as evidence of consumer demand, do not include this document.  Moreover, Mr. Musika never referred to this document at trial. |

**Samsung's Response to Exhibits E-G to the Declaration of Christopher L. Robinson In Support of Apple's Oppositions to Samsung's Motions Re Julie L. Davis (Dkt. 2407-4)**

| Challenged Provision in Davis Report | MS. DAVIS'S RELIANCE ON NEW EVIDENCE |
|---|---|
| Davis Rpt. ¶¶ 135-136 (testimony of Forstall, Stringer, Winer, Kare, Bressler, Chang, and Wang)<br><br>*See also* Davis Rpt. ¶ 253 (discussing "testimony of witnesses" cited in ¶¶ 135-136) | None of these individuals are mentioned in Mr. Musika's reports. Mr. Musika did not consult these individuals or their deposition testimony in preparing his reports, nor did he refer to them at trial. Apple does not contend otherwise. Robinson Decl. Ex. E at 12.<br><br>The fact that "transcripts of these witnesses' testimony were available to Musika at the time of his trial testimony" (*see id.*) does not justify Ms. Davis's reliance on this evidence, which did not form a basis for any of Mr. Musika's opinions. Moreover, Apple admits that the trial testimony of Jeeyeun Wang was not even "available" to Mr. Musika. *Id.* |

**Samsung's Response to Exhibits E-G to the Declaration of Christopher L. Robinson In Support of Apple's Oppositions to Samsung's Motions Re Julie L. Davis (Dkt. 2407-4)**

| Challenged Provision in Davis Report | MS. DAVIS'S RELIANCE ON NEW EVIDENCE |
|---|---|
| Davis Rpt. ¶¶ 136-137 | Apple does not dispute that most of the documents discussed in these paragraphs—including PX3, PX6, PX7, PX8, PX21A, PX55, PX62, PX174, PX186, and PX2261—were not cited in Mr. Musika reports. *See* Robinson Decl. Ex. E at 8; Ex. G at 3-4.  The fact that these documents were "admitted into evidence at trial and available to Musika at the time of his trial testimony" (*see* Robinson Decl. Ex. E at 8; Ex. F at 3-4)  does not justify Ms. Davis's reliance on evidence not cited by Mr. Musika in his reports or trial testimony.  In fact, Apple admits that PX186 and PX2261 were not even "available" to Mr. Musika when he testified at trial.  *See* Robinson Decl. Ex. E at 8<br><br>Furthermore, Ms. Davis relies on PX58 and PX60 as purported evidence of consumer demand, but these documents are not cited in Exhibits 24-S and 25-S to Mr. Musika's supplemental report, which list the documents Mr. Musika relied upon as evidence of consumer demand.<br><br>The remaining documents discussed in these paragraphs (PX46, PX57, PX38, PX44, PX195, PX40, PX54) were not referred to by Mr. Musika at trial.<br><br>Finally, Ms. Davis relies on this evidence to assert opinions that Mr. Musika did not.  Ms. Davis "corroborates [her] conclusion that the patented features are important to consumer demand" by pointing to "the decision by Samsung to adopt user interface technology and designs used by Apple after direct comparisons to Apple's products."  In contrast, Mr. Musika did not rely on any alleged copying as evidence of consumer demand for the patented features.  *See* Musika Rpt. ¶¶ 120-121. |
| Davis Rpt. ¶ 147 (Declaration of Eric R. Roberts) | Mr. Musika did not rely on the Declaration of Eric Roberts.  Apple does not contend otherwise.  *See* Robinson Decl. Ex. E at 12; Ex. G at 5.  That Mr. Musika purportedly "discussed the same content"  as in the Roberts Declaration (*see id.*) does not justify Ms. Davis's reliance on a new source created by an employee of Apple's counsel.<br><br>Apple asserts that Mr. Musika "cited the motion to which the Roberts Declaration was attached," but Mr. Musika stated only that he was "aware that Apple has sought documents and other materials through a motion."  *See* Musika Rpt. ¶ 143, n. 129.  He did not include the motion in his list of materials considered (*see* Exhibit 3-S) or cite the motion in support of any opinions expressed in his reports. |

10

**Samsung's Response to Exhibits E-G to the Declaration of Christopher L. Robinson In Support of Apple's Oppositions to Samsung's Motions Re Julie L. Davis (Dkt. 2407-4)**

| Challenged Provision in Davis Report | MS. DAVIS'S RELIANCE ON NEW EVIDENCE |
|---|---|
| Davis Rpt. ¶¶152-153 (March 31, 2012 deposition of Jaehwang Sim) | Mr. Musika did not include the March 31, 2012 Sim deposition in his list of materials considered (see Exhibit 3-S), nor did he cite the Sim deposition in support of any opinions expressed in his reports. |
| Davis Rpt. ¶¶ 165-166 (testimony of Timothy Sheppard) | Apple's contentions regarding PX180 and DX676 (see Robinson Decl. Ex. G at 5) ignore the basis for Samsung's objection to these paragraphs. Samsung objects to Ms. Davis's reliance on the trial testimony of Timothy Sheppard, not to her citations to PX180 and DX676. As Apple admits (see Robinson Decl. Ex. E at 12), Mr. Sheppard's trial testimony was not available to Mr. Musika at the time he testified at trial. Apple chose not to recall Mr. Musika to respond to Mr. Sheppard's testimony, despite representing to the Court that it would do so. See Trial Tr. at 3407:6-14. |
| Davis Rpt. ¶ 237[2] | In connection with *Georgia-Pacific* factor 9, Ms. Davis asserts that Samsung's alleged copying shows the advantages of Apple's design patents. Davis Rpt. ¶ 237 (the fact that "Samsung adopted Apple's patented design technology further supports the conclusion that Apple's patents provided significant advantages over older devices.") In contrast, Mr. Musika did not rely on any copying allegations in analyzing Apple's design patents. See Musika Rpt. ¶¶ 246-247. |

---

[2] Apple's charts address paragraphs 234 and 236 of the Davis Report, neither of which Samsung has asked the Court to strike, as is clear from the fact that neither paragraph is listed in Samsung's Proposed Order, nor highlighted in the annotated version of the Davis Report. Similarly, Samsung has not asked the Court to strike paragraphs 41-42, 58-60, or 132.

**Samsung's Response to Exhibits E-G to the Declaration of Christopher L. Robinson In Support of Apple's Oppositions to Samsung's Motions Re Julie L. Davis (Dkt. 2407-4)**

| Challenged Provision in Davis Report | MS. DAVIS'S RELIANCE ON NEW EVIDENCE |
|---|---|
| Davis Rpt. ¶ 254 | Apple admits that "Musika did not cite PX52 (APLNDC00001103) in his prior reports." Robinson Decl. Ex. E at 15. The fact that PX52 was "admitted into evidence at trial and available to Musika at the time of his trial testimony" does not justify Ms. Davis's reliance on evidence not cited by Mr. Musika in his reports or trial testimony.<br><br>Apple asserts that Mr. Musika "discussed the content" of PX52, but only cites to general statements regarding the August 2010 licensing negotiations—the fact that the parties met in August 2010 (Musika Rpt. ¶ 174) and Chip Lutton's claim that Apple was "not willing to license [Samsung] the design patents" (*id.* at ¶ 175). Nothing in the cited paragraphs reflects Mr. Musika's consideration of or reliance on PX52. |
| Davis Rpt. ¶ 255-256 (testimony of Stringer, Forstall, Bressler, Kare, Winer) | None of these individuals are mentioned in Mr. Musika reports. Mr. Musika did not consult these individuals or their deposition testimony in preparing his reports, nor did he refer to them at trial. Apple does not contend otherwise (*see* Robinson Decl. Ex. E at 17). |