RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008
Telephone:     650-838-2000
Facsimile:      650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:     404-881-7000
Facsimile:      404-881-7777

*Attorneys for Non-Party*
*NOKIA CORPORATION*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | **FILED UNDER SEAL**<br><br>Case No. 11-cv-01846-LHK (PSG)<br><br>**NON-PARTY NOKIA CORPORATION'S NOTICE OF JOINDER IN APPLE INC'S MOTION TO COMPEL FURTHER DISCOVERY**<br><br>DATE: October 1, 2013<br>TIME: 10 A.M.<br>COURTROOM: 5, 4TH FLOOR<br>HONORABLE PAUL S. GREWAL |

Non-Party Nokia Corporation hereby joins, in part, Apple's Motion to Compel Further Discovery and for Sanctions for Violations of Protective Order ("Apple's Motion") (Dkt. No. 2374) so that (i) Nokia will have access to any such discovery ordered on Apple's Motion, (ii) Nokia will have access to the confidential briefing, which it has not yet been provided to Nokia, and (iii) Nokia's interests can be heard at the hearing on Apple's Motion.

Nokia previously filed a similar Motion for a Protective Order in Case No. 5:12-cv-00630-LHK to halt Samsung's discovery of additional Nokia confidential information, and to return and/or destroy any such information previously obtained, because Nokia learned that Samsung has obtained and misused Nokia confidential information, which had been produced pursuant to this Court's protective order ("Nokia's Motion").  Apple's Motion is based in part on the evidence filed by Nokia in support of its Motion.  It is no longer in dispute that significant Nokia information designated as "Highly Confidential" under this Court's Protective Order has been improperly disclosed to Samsung in violation of the Protective Order. (Dkt. No. 687).  Nokia and Samsung addressed Nokia's Motion by entering a stipulation to allow for agreed audit procedures to be performed in advance of any further remedies, but that stipulation has not yet been entered by the Court (Case No. 5:12-cv-00630-LHK, Dkt. No. 742).  Nokia and Samsung have begun the process contemplated by their Stipulation, and the early stages of that process have identified a number of issues that may be relevant to Apple's Motion.

Nokia joins Apple's motion to represent Nokia's interest during the Court's consideration of this Motion.  In aid of that interest, Nokia requested that Apple and Samsung share unredacted copies of the briefing related to Apple's Motion so that Nokia's outside counsel may fully advocate its position, but the parties have only provided Nokia's counsel with redacted copies of some briefing.  Nokia, through its counsel, has agreed to be bound by the Protective Order in this Court, so Nokia requests that the Court instruct the parties to provide Nokia's counsel with unredacted copies of the briefing to the extent the parties continue to refuse Nokia's requests.  In addition, Apple's Motion appears to reveal additional information about Samsung's disclosure and use of confidential information of which Nokia was not previously aware.   This new information may require further discovery not contemplated by Nokia's previous stipulation with Samsung, but without the unredacted briefing, Nokia is not currently able to make this determination.

Like Apple, Nokia expects to apply to the Court for further relief once all the facts are known.

1 | DATED: September 21, 2013          Respectfully submitted,

By: */s/ Randall L. Allen*

ALSTON & BIRD, LLP
*Attorney for Non-Party Nokia Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on September 21, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

*/s/ Randall L. Allen*
Randall L. Allen