HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION TO STRIKE APPLE'S OBJECTIONS TO SAMSUNG'S EXHIBIT AND TRIAL WITNESS LISTS** |

On September 16, 2013, Apple properly filed motions in support of its objections to 30 of Samsung's exhibits and to Samsung's witnesses, pursuant to the Court's procedures for resolving objections prior to trial.  On that same day, Apple also properly filed and served its remaining objections to Samsung's exhibit and witness lists.

Apple's filings were expressly required by Federal Rule of Civil Procedure 26(a)(3)(B), which directs a party to "serve, and promptly file" objections to pretrial disclosures of exhibits and deposition designations "[w]ithin 14 days after disclosures are made, unless the court sets a different time."  Apple acted within the period set by the rule.  Even where a court extends the time for objections, the rule does not prohibit a party from serving and filing its objections earlier.

Apple also did exactly what the Court required as to objections that were not going to be briefed in advance of trial.  The August 22, 2013, Case Management Order mandated that the parties "*shall file objections* to the admissibility of exhibits *by September 16, 2013*," and also set page limits for motions, oppositions, and replies.  (Dkt. No. 2369 at 2 (emphasis added).)  The Order then addressed the motions, setting page limits and stating that a "maximum of 30 exhibits may be challenged."  (*Id.*)  Thus, the Order limited the number of exhibits to be briefed before trial, but set no limit on the objections.  Apple's filings complied.  Similarly, as to witnesses, the Order mandated that the parties "*shall file objections* to any witnesses *by September 16, 2013*," and again also set page limits for motions, oppositions, and replies.  (*Id.* (emphasis added).)  The Order referenced objections as well as motions, and Apple properly filed both.

Further, at the Case Management Conference, the Court noted that it intended to follow the objection process the parties followed at the prior trial for any objections that were not decided after the contemplated briefing.  (Aug. 21, 2013 Tr. at 30:7-10, 32:21-22.)  The parties filed objections to each other's exhibits and witnesses before the prior trial.  (Dkt. Nos. 1234, 1236.)  Apple's filings are consistent with that procedure, the Court's statements, and the Conference.

In any event, even assuming that the parties' were not required to file objections to all exhibits and witnesses by September 16, Samsung was not harmed by having received Apple's objections early.  The Court should therefore deny Samsung's motion.

APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION TO STRIKE APPLE'S OBJECTIONS
Case No. 11-cv-01846-LHK (PSG)
sf-3333691

1

1    Finally, because this is not the first time that Samsung has filed a motion for substantive

2  relief under the guise of an administrative motion, Apple notes that Local Rule 7-11 exists to

3  resolve non-substantive administrative issues not addressed in the Federal Rules, such as changes

4  to "page limitations" or filing "documents under seal."  Samsung's motion should be denied once

5  again on the independent ground that it was not properly filed under Local Rule 7-11.

6

7  Dated: September 23, 2013                MORRISON & FOERSTER LLP

8

9                                    By:    *Harold J. McElhinny*
                                           HAROLD J. MCELHINNY

10
                                           Attorneys for Plaintiff
11                                         APPLE INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28