1  HAROLD J. MCELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
2  MICHAEL A. JACOBS (CA SBN 111664)
   mjacobs@mofo.com
3  RACHEL KREVANS (CA SBN 116421)
   rkrevans@mofo.com
4  ERIK J. OLSON (CA SBN 175815)
   ejolson@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
7  Facsimile:  (415) 268-7522

8
   Attorneys for Plaintiff and
9  Counterclaim-Defendant APPLE INC.

   WILLIAM F. LEE
   william.lee@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   60 State Street
   Boston, MA 02109
   Telephone: (617) 526-6000
   Facsimile: (617) 526-5000

   MARK D. SELWYN (SBN 244180)
   mark.selwyn@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   950 Page Mill Road
   Palo Alto, California 94304
   Telephone: (650) 858-6000
   Facsimile: (650) 858-6100

10

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO EXCLUDE APPLE'S PROPOSED TRIAL EXHIBITS**<br><br>Date:     October 17, 2013<br>Time:    1:30 PM<br>Place:    Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |

This is a damages re-trial, yet Samsung seeks to exclude documents that are relevant to damages and, in some instances, were admitted in the first trial for purposes of proving Apple's damages.

*First*, the objected-to documents are relevant to Apple's reasonable royalty claim. In particular, evidence of copying is probative of the utility and advantages of the patented property over old modes as set forth in *Georgia-Pacific* factor 9. (*See* Dkt. No. 2407, Robinson Decl. Ex. C ("Davis Report") ¶¶ 230-237.)

*Second*, the objected-to documents are relevant to Apple's lost profits claim. In particular, evidence of copying is probative of demand for the patented products and features and the lack of acceptable non-infringing alternatives. (*See* Davis Report ¶¶ 103-107, 110.) Demand for the patented products is one of the four *Panduit* factors for lost profits, *see Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1329 (Fed. Cir. 2009) (citing *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978)), and **evidence of copying is directly relevant to demand**. Indeed, the Federal Circuit has expressly stated as much in connection with this case. *See*, *e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1327-1328 (Fed. Cir. 2012) (stating that "the evidence that Samsung's employees believed it to be important to incorporate the patented feature into Samsung's products is certainly relevant to the issue of nexus between the patent and market harm"); *see also Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1360 (Fed. Cir. 2012) (lost profits award supported by infringer's internal documents comparing the infringer's previous product and the patentee's product and describing the advantage of the patented feature). Copying is also relevant to the second *Panduit* factor, the lack of suitable non-infringing alternatives, because it is probative of the advantages of the patented features over supposedly available market substitutes. *See id.* (affirming lost profits award based, in part, on accused infringer's own documents comparing its products with desired features of the patentee's product).

Ignoring Federal Circuit precedent that evidence of copying is "certainly" relevant to damages, Samsung seeks to exclude such documents under Rule 403 based on supposed prejudice

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO EXCLUDE APPLE'S PROPOSED TRIAL EXHIBITS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3335447

1

1  to Samsung by complicating its presentation of evidence.[1]  But that is not the Rule 403 standard.
2  Samsung must show that the probative value of the relevant copying evidence is "substantially
3  outweighed" by the risk of unfair prejudice.  Fed. R. Evid. 403; *see also United States v. Worthey*,
4  716 F.3d 1107, 1114-1115 (8th Cir. 2013) (Rule 403 "does not offer protection against evidence
5  that is merely prejudicial in the sense of being detrimental to a party's case.  The rule protects
6  against evidence that is ***unfairly*** prejudicial." (emphasis in original) (internal quotation marks
7  omitted)); *McEwen v. City of Norman*, 926 F.2d 1539, 1549-1550 (10th Cir. 1991) (stating that
8  unfair prejudice "cannot be equated with testimony which is simply unfavorable to a party.  It
9  must be unfair in the sense that it would be misleading and not aid and assist the jury in making a
10  material determination in the case.").  Samsung has not made that showing.

        Rather, Samsung's motion improperly seeks to deprive the new trial jury of critical
evidence of demand, the importance of the inventions, and the scope of Samsung's use of them,
that was, in some instances, admitted and available for the first jury to use in awarding Apple's
damages.  Limiting the evidence for the new trial in the way Samsung proposes would result in
the dueling evidentiary records that the Court told the parties it wanted to avoid during the April
Case Management Conference.[2]  The Court set a new retrial on damages to account for the
corrected notice dates, not because it found anything improper about the evidentiary record that
Apple submitted to the first jury.  While copying was relevant to validity and willfulness in the

---

[1] Neither of the two district court cases cited by Samsung comes close to holding that evidence of copying is irrelevant to damages.  In one case, only infringement and validity were at issue (damages was bifurcated for a separate trial) and the party proffering the copying evidence was seeking to do so under Rule 404(b) as ***evidence of willful infringement***.  *ICU Med., Inc. v. RyMed Techs., Inc.*, 752 F. Supp. 2d 486, 493 (D. Del. 2010).  In the second case, only validity was at issue, and the proffered copying evidence was submitted ***for the purpose of showing that the claims were nonobvious***.  *See Asyst Techs., Inc. v. Empak, Inc.*, No. 98-20451, 2007 WL 120845, at *2 (N.D. Cal. 2007) (excluding evidence because nothing in the case law supported the position "that a patentee may seek to show non-obviousness of a patent claim by demonstrating copying of a feature that is *not* an element of such claim" (emphasis in original)).

[2] (Dkt. No. 2320 at 83:21-23 (the Court stating, in the context of infringement, "[F]or purposes of just trying to get this thing up to the Circuit, I think it would create more confusion if now we have a completely different record . . . .  I think it would be more complicated for the Circuit to even review it.").)

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO EXCLUDE APPLE'S PROPOSED TRIAL EXHIBITS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3335447

2

first trial, the evidence *was also integral to Apple's damages theories*.  Accordingly, Apple should be permitted to affirmatively use the copying evidence to support its damages claims in the new trial.

Further, Samsung has made clear that it intends to present evidence at the new trial through Mr. Wagner that there is no demand for Apple's patented features, that they are trivial, that Samsung had suitable non-infringing alternatives, and that the total royalty for all of Samsung's infringement should not exceed $300,000. (*See*, *e.g.*, Dkt. No. 2382, Olson Decl. Ex. A ("Wagner Report") ¶ 382 (opining that "Ms. Davis has not cited to any evidence demonstrating demand for the specific functionalities of the utility patents at issue in the New Trial."); *id.* ¶ 381 (opining that Samsung "has acceptable, non-infringing alternatives"); *id.* ¶ 563 (table of reasonable royalties).)  If Mr. Wagner presents such an opinion, then Apple should also be permitted to cross-examine and impeach him with the copying documents.[3]  To disarm Apple's ability to do so by excising the copying documents from the evidentiary record—on the basis that such documents, while relevant to damages, are not exclusively so—would unfairly limit Apple's ability to put on the full damages case that it is entitled to under the Seventh Amendment.

In short, evidence, *through Samsung's own words*, that the patented products and features are in demand and offer advantages over alternatives that Samsung expressly considered, and chose not to implement, is highly relevant to Apple's damages claims and far outweighs any prejudice to Samsung.  The Court should deny Samsung's motion.

## ARGUMENT

Each of the six categories of documents identified in Samsung's motion is relevant to Apple's lost profits and reasonable royalty claims, including demand for the patented products and features, the utility and advantages of the patented property over old modes, and the lack of suitable alternatives.

---

[3] These exhibits show, for example, in the context of *Georgia-Pacific* factors 8 and 10 as set forth in the Court's final jury instructions, the "commercial success of the patented invention" and "the extent to which [Samsung] used the invention" and "the benefit to [Samsung]" for using it.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO EXCLUDE APPLE'S PROPOSED TRIAL EXHIBITS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3335447

3

*First*, Samsung misstates the law of lost profits in seeking to exclude five exhibits because they purportedly are "untied to the actual patented features at issue."[4] (Mot. at 5:5-7:7.) Lost profits requires proof of demand for "the patented products" and "does not require any allocation of consumer demand among the various limitations recited in a patent claim." *Presidio Components*, 702 F.3d at 1360 (citing *DePuy Spine*, 567 F.3d at 1330). Moreover, contrary to Samsung's contention, the documents do not just show "general demand" for Apple's products, but show demand for the patented features. All of the inventions at issue in the new trial relate to the industrial design and user interface of Apple's products. Documents showing praise for those features—like PX34.16 (stating that the iPhone has "easy and intuitive U/I" and "beautiful design") and PX37.2 (stating that "the biggest motivating factor in purchasing touch phones is intuitive/easy use of a variety of functions")—are probative of demand for the patents.

*Second*, Samsung seeks to exclude eleven exhibits on the ground that they "relate to Samsung smartphones not at issue."[5] (Mot. at 2:9-3:13.) But demand under the *Panduit* factors is directed to the ***patented*** products, not the ***accused*** products. *See Presidio Components*, 702 F.3d at 1360 (demand shown based, in part, on evidence that infringer compared features of unaccused products with the patented features of the patentee's products). Accordingly, evidence that Samsung generally appreciated the advantages of Apple's patented products and features is relevant to two of the *Panduit* factors: demand and lack of suitable non-infringing alternatives. Further, evidence of Samsung's and third parties' appreciation of the benefits of the patented features as they are used in any product is relevant to the *Georgia-Pacific* factors.

For example, **PX46** is a Samsung document identifying 75 areas of improvement for a Samsung development product that was "shown [to be] inferior to Apple's iPhone." (PX46.16.) Among the "directions for improvement" was to provide a "fun visual effect when dragging a web page" like the iPhone's "bouncing effect." (PX46.66.) The Samsung product was found to

---

[4] Samsung seeks to exclude **PX26A**, **PX34**, **PX37**, **PX38**, and **PX194** on this ground.

[5] Samsung seeks to exclude **PX3**, **PX6**, **PX35**, **PX39**, **PX44**, **PX46**, **PX47**, **PX48**, **PX53**, **PX179**, and **PX2257** on this ground.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO EXCLUDE APPLE'S PROPOSED TRIAL EXHIBITS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3335447

4

1  be "[d]ull because" it had no such "bouncing effect." (*Id.*)  As another example, in **PX44**
2  Samsung's software engineers compared over 100 features of the iPhone to another Samsung
3  phone under development and provided additional "directions for improvement" for the Samsung
4  product that included copying Apple's patented double-tap-to-zoom feature.  (PX44.58.)  **PX35** is
5  yet another internal Samsung document that compares, side-by-side, the patented design features
6  of the iPhone with Samsung products that, at the time, were in development.  The document states
7  "iPhone icons to [sic] are colorful and vibrant, however they are *in contained square which*
8  *appear more organized and consistent*" and includes a directive that Samsung "designers *take*
9  *this into consideration when proposing/designing icons* and to also take into consideration the
10 target audience the device is for."  (PX35.1.)  These documents not only evidence consumer
11 demand for the patented product and features, but also the unique value of the patented features
12 and the lack of suitable substitutes—as they suggest that Samsung was generally developing its
13 products to incorporate Apple's patented features.  The documents also rebut Mr. Wagner's
14 reasonable royalty opinions.  The Court should overrule Samsung's objections.

15   *Third*, Samsung seeks to exclude seven exhibits on the ground that they relate to
16 "liability."[6]  (Mot. at 4:9-5:4.)  But Samsung has no basis to assume that a specific document was
17 admitted in the first trial to prove one issue to the exclusion of all others.  Further, even if a
18 document was used to prove "liability" in the first trial, nothing should prevent Apple from using
19 the document to prove damages in the second trial.  The question for the new trial is whether the
20 documents at issue are relevant to damages.  They are.  As an initial matter, Samsung admits that
21 **PX57**, **PX186**, and **PX195** "are internal Samsung documents that relate to development of a
22 bounce feature."  (Mot. at 4:24-25.)  Samsung contends that the documents should be excluded
23 because "[n]othing in these documents suggests that Samsung's engineers were implementing
24 these features to satisfy any consumer demand." (*Id.* at 5:1-2.)  But that is a factual issue for the
25 jury to decide and not a reason for exclusion under Rule 403.  Further, **PX40** is an internal email

---

27   [6] Samsung seeks to exclude **PX40**, **PX49**, **PX55**, **PX57**, **PX186**, **PX195**, and **PX2261** on this ground.
28

1    from Samsung's Head of Mobile Division pronouncing a "crisis of design" at Samsung and that
2    the difference between the iPhone and Samsung's phones was "truly that of Heaven and Earth."
3    (PX40.5.) The exhibit states that the carriers were imploring Samsung to "make something like
4    the iPhone" because "[w]hen everybody (both consumers and the industry talk about UX, they
5    weigh it against the iPhone." (PX40.2 (stating "The iPhone has become the standard. That's how
6    things are already.").) This is quintessential evidence of consumer demand.

7    As another example, **PX55 / PX2261** is an internal Samsung presentation tracing the
8    history of Samsung's use of icons in its home screens since 2007. Among other things, they tout
9    as an "example of Good design approach," Apple's "iphone icon container" and instruct that "all
10   [Samsung] applications" are following the Apple "icon guideline." (*See*, *e.g.*, PX55.8.) In
11   addition to being relevant to demand, such documents that compare Apple's patented features and
12   provide evidence that Samsung employed—in Samsung's own words—"guidelines" that copied
13   them, also implicate the *Georgia-Pacific* analysis by, for example, demonstrating the extent to
14   which Samsung used the inventions and the utility and advantage of the inventions over other
15   modes. Samsung's objections should be overruled.

16   *Fourth*, Samsung seeks to exclude **PX41**, **PX178**, and **PX179** because Apple expert Dr.
17   Kare was not permitted to testify about them at the first trial. (Mot. at 4:1-8.) But the Court
18   precluded Dr. Kare from testifying about the documents because she failed to cite them in her
19   report, not because the documents themselves were somehow objectionable. Thus the question
20   for the new trial is simply whether the proffered exhibits are relevant and properly admissible to
21   prove damages. Plainly they are. Each document is a Samsung admission on consumer demand
22   for Apple's patented products and features. For example, **PX178** (which was cited by both Ms.
23   Davis and Mr. Musika) is a market research document and is relevant to show consumer demand
24   for Apple's patented products and features. Among other things, the document is probative of
25   Apple's position that consumers focus on design and ease of the user interface when making
26   handset purchasing decisions, and that consumers prefer Apple's design and user interface for
27   reasons that include the patented features. (*See* PX178.97; *id.* at 160; *id.* at 207.) **PX179** is
28   another document expressing Samsung's view that the "influence of [the iPhone's] GUI is great"

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO EXCLUDE APPLE'S PROPOSED TRIAL EXHIBITS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3335447                                                                                                6

and touting Samsung's user interface as having an "Apple-like design." (PX179.13.) **PX41** includes user survey information identifying the "container" icon design style as "an important part of design" that is "[s]trongly associated with iPhone UI" and further recommending that Samsung employ such a "container" icon design style in its UI. (*See*, *e.g.*, PX41.193.) Each of these documents should be admitted into evidence as a Samsung admission and Apple may, for example, cross-examine Samsung's witnesses on these documents.

*Fifth*, Samsung seeks to exclude four exhibits that it contends are only relevant to Apple's tablet design patent.[7] (Mot. at 3:14-28.) Not only is this statement wrong (**PX56**, for example, contains an extensive discussion of the market for the Galaxy S line of smartphones, two of which (Epic 4G and Captivate) are at issue in the new trial), Samsung has no basis to assume that a specific document was admitted in the first trial to prove one issue to the exclusion of all others. Further, each of the documents relates at least to competition between and Apple and Samsung in the tablet market, which is relevant to Apple's claim for lost profits and a reasonable royalty for Samsung's Galaxy Tab 7.0—one of the products at issue in the new trial.

*Sixth*, Samsung seeks to exclude or revise two financial exhibits (**PX1500A** and **PX29A**) because they include sales and revenue data for accused products not at issue in the new trial. (Mot. at 7:8-28.) Both exhibits are appropriate. **PX29A** demonstrates the extensive nature of the discrepancies in the cost data produced by Samsung in this case, which was a disputed issue in the first trial and remains one for the new trial. As for **PX1500A**, the commercial success of other infringing products that employ Apple's patented features is relevant to showing demand and the lack of non-infringing alternatives. Further, information on sales of all the infringing products was used in connection with Mr. Musika's and Ms. Davis's income method and cost method calculations. Mr. Wagner himself includes the sales and revenues in tables and exhibits in his own report. Accordingly, the information is relevant and admissible.

## CONCLUSION

For the foregoing reasons, the Court should overrule Samsung's objections.

---

[7] Samsung seeks to exclude **PX56**, **PX59**, **PX89**, and **PX172** on this ground.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO EXCLUDE APPLE'S PROPOSED TRIAL EXHIBITS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3335447

7

| | | |
|---|---|---|
| Dated: September 23, 2013 | MORRISON & FOERSTER LLP | |
| | By: | */s/ Harold J. McElhinny* |
| | | HAROLD J. MCELHINNY |
| | Attorneys for Plaintiff APPLE INC. | |

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO EXCLUDE APPLE'S PROPOSED TRIAL EXHIBITS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3335447

8