1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:   (650) 801-5000
   Facsimile:   (650) 801-5100
9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
15 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17                      UNITED STATES DISTRICT COURT

18               NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 19 APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 20        Plaintiff,<br>       vs.<br>21 | **SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO EXCLUDE EXHIBITS ON SAMSUNG'S EXHIBIT LIST** |
| 22 SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New 23 York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, 24 LLC, a Delaware limited liability company, | Trial Date:   November 12, 2013<br>Hearing Date:   October 17, 2013<br>Time:   1:30 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |
| 25        Defendant. | |

                                                              Case No. 11-cv-01846-LHK
        SAMSUNG'S OPP. TO APPLE'S MOT. TO EXCLUDE EXHIBITS ON SAMSUNG'S EXHIBIT LIST

Pursuant to the Court's August 22, 2013 Case Management Order, Defendants respectfully submit this opposition to Apple's Motion To Exclude Exhibits On Samsung's Exhibit List.

**I. Apple Cannot Preclude Rebuttal Exhibits On The Scope Of The Asserted Patents (DX528, 546, 548, 550, 551, 556, 578; PX10, 20, 22; and PDX14, 26).** Apple's attempt to exclude these exhibits is feeble. *First,* contrary to Apple's assertion, the jury will be instructed that validity is established and Samsung does not intend to use these exhibits to argue invalidity. *See, e.g.*, Dkt. 2406 at 4-6; Dkt. 2419 at 1. These exhibits create no risk of confusion or prejudice, but their exclusion would permit Apple to present an overbroad explanation of the patents to increase its damages claim. *See, e.g.*, Davis Rpt. ¶ 27 ("The '381 Patent covers a device with a "rubber banding" or "bounce back" function"), ¶ 28 ("The '915 Patent covers a device with a "scroll vs. gesture" function on a touchscreen display."). Samsung must be allowed to present responsive evidence on the proper scope. *See Power-One, Inc. v. Artesyn Technologies, Inc.*, 599 F.3d 1343, 1348 (Fed. Cir. 2010) (holding that the jury must fully understand the claims and what the claims cover as construed by the court). That these exhibits were previously described as being directed to "prior art/invalidity" is irrelevant, and those issues would obviously encompass the correct claim scope in any event. The Court has not limited the parties to exhibits previously directed to damages, and Apple's exhibit list includes numerous exhibits that were previously directed solely to infringement issues that are now irrelevant. *See* Declaration of Anthony P. Alden ("Alden Decl.") ¶¶ 8-11. *Second*, even Apple admits that PX10, 20, and 22, and PDX 14 and 26 are offered for the same purpose as in the first trial: to show the "existence of design alternatives." *Third,* Apple is mistaken in claiming that there is no witness who could properly discuss DX578 because Eric Jue was a recipient of the email who is disclosed on Samsung's witness list for the new trial. Dkt. 2419 at 3. *Fourth,* PX22 was excluded at trial because one page – PX22.2 – included an image of a product that had not been disclosed in Apple's Interrogatory Responses Nos. 71 and 72. Trial Tr. 1401:19-1403:7. Samsung should be allowed to offer the rest of PX22 as rebuttal evidence of the D'305 patent's scope.

**II. Reexamination Records Are Relevant Judicial Admissions By Apple (New Trial Exs. 7, 8)**. As Samsung explained in its Motion *in Limine* No. 2 regarding judicial estoppel

1  (Dkt. 2406), Apple is seeking to take inconsistent positions with regard to the scope of the '381
2  and '915 patents.  *Id.* at 4.  If Apple is not precluded from taking one position in front of the
3  Patent Office ("PTO") and another in front of the new jury, then Samsung must have the
4  opportunity to point out Apple's inconsistent positions.  The patent re-examination file histories
5  are not intended as evidence of patent invalidity.  Indeed, the '381 patent has been confirmed by
6  the PTO.  As discussed above, the jury will be instructed on validity and Samsung will not argue
7  or suggest that the patents are invalid, so there will be no possibility of confusion.  Rather, the file
8  histories will prevent Apple from playing fast and loose with the Court and jury by contradicting
9  its own previous representations regarding the scope of the '381 and '915 patents.

10  **III.   Samsung's Non-Infringing Alternative Exhibits Are Relevant And Admissible
11  (DX751; PDX29; and New Trial Ex. 10).**  Apple's objection to these exhibits is meritless.
12  Each of these exhibits is relevant to rebutting Ms. Davis's lost profits theory by showing the
13  availability of acceptable non-infringing alternatives.  DX751 is a video that was admitted during
14  the first trial.  It shows alternatives to the '381 patented feature, which Apple itself admitted were
15  non-infringing.  Trial Tr. 1791:14-1793:1.  Thus, contrary to Apple's disingenuous assertion,
16  there will be no re-litigation of infringement because the jury was never presented with the
17  question and therefore did not find that these alternatives infringed.

18  Apple concedes that PDX29 is not new but seeks to exclude it solely on the basis of
19  incorrect speculation about its intended use.  PDX29 is a video showing that Apple accused
20  certain phones of infringing the '163 and '381 patents.  The jury found that some of these phones
21  did not infringe those patents.  Dkt. 1931 at 3-4.  Apple's damages expert, Julie Davis,
22  purportedly "modified the calculation of damages to reflect the findings of the jury regarding
23  infringement and validity for the accused products."  Dkt. 2386-2 at ¶ 92.  For example,
24  Ms. Davis adjusted her "market share calculations to add the Intercept back" because the jury
25  found it to be "a non-infringing alternative smartphone."  *Id.* ¶ 122.  Yet, Ms. Davis deliberately
26  ignored all of the jury's other non-infringement findings.  For example, PDX29 shows that Apple
27  accused the Captivate of infringing the '163 patent, but the jury found it did not infringe.
28  Dkt. 1931 at 4.  Samsung is entitled to use PDX29 to cross-examine Ms. Davis about why she

believes that some of the devices that Apple accused of infringing the '163 and '915 patents are now non-infringing alternatives in light of the jury's verdict, yet failed to consider other devices that match the exact same criteria, such as the Captivate.  If Ms. Davis is allowed to incorporate some of the jury's verdicts into her report, then Samsung must be permitted to cross-examine her about the non-infringement verdicts she ignored.

New Trial Exhibit 10 – a video of the Intercept – is relevant and admissible for a similar reason.  Apple accused the Intercept of infringing the '381 patent up to and during the trial.  Yet, on August 18, 2012, on the eve of closings, Apple dropped this allegation.  *See* Alden Decl. ¶ 12.  Samsung had maintained that the Intercept was a non-infringing alternative throughout the litigation.  It was Apple's refusal to drop its claim against the Intercept until after the close of evidence in the first trial that prevented Samsung from using it as such at trial.  Obviously, Samsung could not have prepared an exhibit showing the Intercept as a non-infringing alternative before the first trial when Apple still accused it of infringing.  Samsung should not be precluded from using evidence that the Intercept is a non-infringing alternative because of Apple's strategic decision to wait until the end of the first trial to drop it.

**IV.   Samsung's Independent Development Evidence Has Not Been Excluded (DX526, 680, 682, 683).**  As the Court is aware, Samsung has moved elsewhere for the exclusion of Apple's "copying" evidence because it is irrelevant, prejudicial, and far exceeds the scope of the new trial.  Dkt. 2406 at 1-3; Dkt. 2418 at 1-4; Dkt. 2419 at 3-5.  Many of these and the other evidentiary disputes would be resolved, and the scope of the trial properly narrowed, if Apple were precluded from re-litigating irrelevant topics such as copying and intent.

Apple's objections to these exhibits are nonsensical in the current posture where Apple itself has put copying at issue.  First, Apple argues that alleged evidence that Samsung did copy *is relevant*, but evidence that Samsung did not copy *is not relevant*.  Mot. at 3:26-4:5.  Apple cannot have it both ways.  Either copying and intent are relevant or they are not.  If they are, then Samsung is entitled to present evidence proving it did not copy.

Next, Apple argues that the Court already has excluded the challenged exhibits.  Apple is incorrect.  The Court has ruled numerous times that evidence showing the independent creation of

Samsung's products, such as the Samsung F700 (DX526), cannot be used to prove invalidity, but it can be used to rebut allegations of copying. *See, e.g.,* Dkt. 1267 at 3 ("internal Samsung documents" like these were "admissible for other purposes, including to rebut an allegation of copying."); Dkt. 1456 at 2 (slide 10) ("[c]onsistent with this Court's ruling on the motions in limine (ECF No. 1267), the unreleased Samsung phones can be admissible to rebut allegations of copying"); Dkt. 1690 at 9 (independent creation evidence, including DX526, was "probative of non-willfulness and to rebut an allegation of copying" and those "topics have not [been] prohibited."). Moreover, contrary to Apple's assertion, "evidence of alternative designs" (Mot. at 4:11-12) is most certainly relevant to Apple's lost profits claim, where Apple bears the burden to prove the absence of non-infringing alternatives.

Apple contends that Samsung should be precluded from using DX680, 682 and 683 because "Samsung has disclosed no theory that relies upon these exhibits." Mot. at 4:17-18. Samsung has no idea what kind of theory Apple seeks beyond rebuttal to Apple's claims of copying. For example, DX680 is the sketchbook of Y.S. Bang who designed the Infuse 4G, (*see* Dkt. 2369 at 2:18-19), which is the only product now at issue under the D'677 patent.[1] Samsung must be allowed to use these exhibits at trial to respond to claims of copying or wrongful intent.

Apple has identified no prejudice from these exhibits, and merely complains that the jury might "discount the amount of damages." Mot. at 4:14. However, the damages should indeed be discounted when non-infringing alternatives are available. That the jury might award Apple less than the inflated amount it seeks is not prejudice; rather, it is the proper outcome of a fair trial.

**V.  DX586 Is Relevant to Actual Notice.**  Apple seeks to exclude DX586 on the basis that its only permissible use concerns the dates of actual notice under 35 U.S.C. § 287, and that the Court already has established those dates in its March 1 Order Re Damages. Apple is wrong again because the date of actual notice is a factual question to be determined by a jury, which both Apple and the Court have recognized previously. Dkt. 1206-1 at 26:13-14; Dkt. 1157 at 13:17-18 ("Samsung's objection turns on a factual dispute as to when Samsung received actual notice").

---

[1]  Contrary to Apple's assertion, moreover, DX680 was timely disclosed on Samsung's July 6, 2012 Exhibit List.  (Dkt. 1189-6 at 22.)

1  Indeed, the jury instructions required the jury to determine "the date each Samsung entity received
2  actual written notice of the patents and specific products alleged to infringe."  Dkt. 1893 at 57, 75.
3  The Court's March 1 Order Re Damages did not purport to take this fact question from the jury by
4  determining the actual notice dates for the purposes of the new trial.  Dkt. 2271 at 24.  Rather,
5  the Court held – solely for purposes of ruling on Samsung's Motion for JMOL, New Trial and/or
6  Remittitur – that April 15, 2011 and June 16, 2011 were "the *earliest possible notice dates*
7  supported by the evidence" presented at the first trial.  Dkt. 2271 at 18 (emphasis added).
8  Because the new jury will have to decide the dates of actual notice for the patents and products at
9  issue in the new trial, Samsung is entitled to introduce evidence on the subject, including DX586.

10  **VI.  The Senate Report on Apple's Taxes Is Relevant to Rebutting Ms. Davis's
11  Opinions (Davis-Specific Ex. 40).**  Unlike Mr. Musika (*see* Musika Rpt. Ex. 1 at 2), Ms. Davis
12  admittedly has no expertise on issues of taxation.  Alden Decl. Ex. 4 at 15:4-8.  Nonetheless,
13  Ms. Davis offers an opinion on the appropriate Apple and Samsung tax rates in the context of her
14  lost profits analysis.  Davis Rpt. Ex. 41.3-S; Ex. 42 n. 11.  Samsung should be permitted to use
15  Davis-Specific Ex. 40 – which addresses Apple's tax rate – to show that Ms. Davis's tax rate
16  opinions are baseless and incorrect.  Samsung does not intend to throw mud or accuse Apple of
17  tax evasion, and any potential prejudice to Apple is outweighed by this exhibit's relevance.

18  **VII.  Apple Opened The Door To The Apple-HTC License (Davis-Specific Ex. 30).**
19  Samsung did not inject the Apple-HTC license agreement into the new trial, Apple did.  Apple
20  made the HTC license relevant when Apple produced it in recent discovery and allowed Ms. Davis
21  to rely on it in her report.  Davis Rpt. ¶ 185, n. 274.  Specifically, Ms. Davis argues that the HTC
22  license is consistent with her reasonable royalty opinions.  *Id*.  Having voluntarily offered this
23  opinion, Samsung is entitled to use the license to cross examine Ms. Davis.  Any other result
24  would be purely inequitable.

25  **VIII.  Exhibits Showing Apple's Competitive Analysis Are Relevant To Rebut Its
26  Copying Allegations (DX712, 2519).**  Apple's attempt to exclude DX712 and 2519 is the height
27  of hypocrisy.  Speaking from one side of its mouth, Apple seeks to preclude Samsung from
28  showing Apple's competitive analysis documents because of the "high risk that the jury could

misinterpret these documents as suggesting that Apple's analysis of products from Samsung or other competitors was somehow improper and reduce its damages award on that basis." Mot. at 6:4-6. Speaking out of the other side of its mouth, Apple seeks to do precisely that to Samsung. As explained in Samsung's motion to strike (Dkt. 2418 at 1-5), Apple has filled its exhibit list with numerous Samsung competitive analysis documents having nothing to do with the patented features or designs at issue, in the hope that the jury misinterprets them as suggesting that Samsung's competitive analysis was somehow improper. To the extent Apple's competitive analysis exhibits are not stricken as irrelevant and highly prejudicial, Samsung must be allowed to introduce countervailing evidence that puts those exhibits in their proper context and demonstrate that competitive analysis is an industry standard practice in which Apple itself engages.

**IX.   Apple's Expert Opened The Door To Prior Rulings and Post-Trial Proceedings (New Trial Ex. 4, 5).** In her report, Ms. Davis relies on several post-trial court rulings, briefs, and supporting declarations to support her damages analysis. *See, e.g.*, Davis Rpt. ¶¶ 15-17, 93 (March 1 Order Re Damages); ¶¶ 10, 17, 89, 93 (April 29 Case Management Order); ¶ 74 ([Proposed] Order Granting Apple's Mot. for a Perm. Inj.); Ex. 3-PT (*e.g.*, Wagner Decl. ISO Samsung's Opp. to Apple's Mot. for Perm. Inj.; Robinson Decl. ISO Apple's Mot. for Perm. Inj.). New Trial Exhibits 4 and 5 are other post-trial documents that are relevant to disputed facts in Samsung's damages defense, such as the presence of acceptable non-infringing alternatives and notice. Apple cannot have Ms. Davis selectively rely on certain post-trial documents to form her opinions, but then preclude Samsung from cross-examining her with such related post-trial documents.

For example, Ms. Davis relies on the Court's March 1 Order Re Damages as supposed "evidence" of when Samsung was first aware of Apple's patents, as opposed to when Apple provided actual notice under Section 287. *See* Davis Rpt. ¶ 120 ("I obtained the dates on which Samsung *actually learned of the patents* being asserted from the table provided by the Court in the March 1 Order.") (emphasis added). If Ms. Davis uses the March 1 Order as purported evidence of disputed facts, then Samsung should be permitted to use Apple's briefing on the underlying motion to show that Apple consistently argued that Samsung was aware of Apple's patents from at

1  least August 2010.  Likewise, given that Ms. Davis selectively relies on Apple's declarations and
2  proposed order in support of a permanent injunction (*see* Davis Rpt. Ex. 3-PT), Samsung should
3  be permitted to cross-examine her with the resulting order.[2]  Equity allows no other result.

4  **X.  Samsung's Damages Summaries Are Admissible And Comply With Court
5  Orders (Updated DX781 and New Trial Ex. 1).**  Exhibit DX781 was admitted in the first trial
6  and has merely been updated for the products and periods at issue in the new trial.  Apple objects
7  that pages 2 and 3 are new, but as Samsung explained in opposition to Apple's motion to strike
8  portions of Mr. Wagner's report, (Dkt. 2399 at 1), the method used on these pages was disclosed
9  in his April 2012 report.  Dkt. 2399-2 at 5, 7.  Apple also objects to the "Total" line on each page
10 of the exhibit because it nets Samsung's losses on some products against its profits on others.
11 Mr. Wagner includes that calculation because the correct notice period falls at the end of the
12 product life-cycle for many products at issue and some of these products generated a loss during
13 the relevant period.  Regardless, Apple waived any objection to netting losses against profits
14 because the original DX781 performed exactly the same calculation and Apple never objected.
15 Contrary to Apple's misleading argument, Apple will still receive damages for each infringing sale
16 even under this method.  DX781 is solely devoted to calculating Samsung's profits.  For any
17 units on which Apple is not awarded Samsung's profits (or lost profits), it is undisputed that Apple
18 is entitled to a reasonable royalty, which is presented in DX702.  Wagner Aug. 2013 Rpt. ¶ 417.

19 Apple argues that New Trial Exhibit 1 "is composed entirely of new data and methods."
20 Mot. at 7.  Not so.  The information in New Trial Exhibit 1 was presented in Mr. Wagner's 2012
21 reports (pp. 9, 11, 13, 20, 21); was updated from the prior reports to reflect the products at issue in
22 the new trial or the rulings made after Mr. Wagner submitted his April 2012 report (pp. 2, 5-8, 10,
23 12, 14-15); or was created in light of new trial evidence or Ms. Davis's new analyses (pp. 3-4, 16-
24 19).  *See* Alden Decl. ¶ 13.  Samsung must be permitted to respond to Apple's current damages
25 arguments, and New Trial Exhibit 1 does exactly that in full compliance with the Court's orders
26 regarding expert testimony and exhibits admissible at trial.  Dkt. 2316 at 3:3-5.

---

[2] The Court's preliminary injunction order was based on a limited evidentiary record, whereas the permanent injunction order was based on a fully-developed record from the first trial.

DATED: September 23, 2013

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  /s/ *Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC