QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO EXCLUDE WITNESSES ON SAMSUNG'S WITNESS LIST**<br><br>Trial Date:   November 12, 2013<br>Hearing Date:   October 17, 2013<br>Time:   1:30 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |

1    Apple's motion to exclude Samsung's witnesses accuses Samsung of violating Court
2 rulings that do not exist and seeks to impose "procedural limitations" on Samsung's right to a fair
3 trial that have no basis in either law or logic.  Samsung's witness list fully complies with the
4 Court's August 22, 2013 Case Management Order ("CMO") and Apple's assertions to the contrary
5 are baseless.  Apple's motion is a transparent attempt to impose arbitrary new limits on the
6 evidence that may be presented at trial, in the hope that witnesses who are potentially damaging to
7 Apple will be silenced.  The Court should see through Apple's strategy and deny its motion.
8    **A.   Samsung should be permitted to introduce testimony from any witness disclosed
9 on its final, original list.**  Apple insists that Samsung should not be permitted to call witnesses
10 live who were previously identified on Samsung's July 23, 2012 witness list as "by deposition,"
11 nor call by prior testimony anyone previously disclosed as a potential live witness.  (Mot. at 1.)
12 Apple's position has no rational basis and is intended solely to afford it an unfair strategic
13 advantage.  All witnesses on Samsung's July 23, 2012 witness list—whether on the "will call,"
14 "may call," or "by deposition" lists—or who testified at trial, should presumptively be permitted
15 in the new trial.  Nothing in the Court's August 22, 2013 CMO says otherwise, and Apple
16 identifies no possible prejudice it might suffer from this position.  It simply insists, with no
17 authority, that the form of witness designation from the first trial "control[] the re-trial."  (*Id.*)
18    Apple's position contradicts the law.  *See Price v. Seydel*, 961 F.2d 1470, 1474 (9th Cir.
19 1992) (establishing test for when a party can call a witness who was not on its list).  It is also at
20 odds with reality.  The new trial will address only the issue of damages and only 13 products
21 (Dkts. 2271, 2316.)  Compare this to the thicket of issues in the first trial (Apple and Samsung
22 patents, intent, dilution, antitrust, FRAND, and damages) involving numerous IP rights (trade
23 dress, design patent, utility patent) and more than twice as many products.  (*Id.;* Dkts. 1267,
24 1931.)  Indeed, the Court itself recognized this difference by not restricting the new trial solely to
25 the witnesses and exhibits actually introduced during the first trial.  (Alden Decl., Ex. 1 at 12:3-
26 13:2.)  In light of the fundamentally different nature of the new damages trial, fairness requires
27 that both sides have the flexibility to decide who from their prior lists they will call live and who
28 they will call by deposition.

1     Because of the different emphasis of the new trial, Samsung should also be permitted to
2 call Yongseok Bang.  *Id.*   Samsung disclosed more than a dozen industrial designers to Apple in
3 discovery, and listed seven on its July 7, 2012 witness list (including Mr. Bang) (Dkt. 1193-1.)
4 When required to limit the number of its witnesses, Samsung chose the two who could address the
5 most accused phones and tablets, Jin Soo-Kim and Minhyouk Lee, and the designer who could
6 testify about Samsung's pre-iPhone touchscreen designs, Hyoung Shin Park.   (Dkt. 1278.)
7 However, as Apple knows from Samsung's interrogatory responses in this action, and from his
8 ITC testimony, Mr. Bang was responsible for the design of the Infuse 4G.   (Alden Decl., Ex. 3.)
9 Given that the Infuse 4G is now the *only* product at issue found to have infringed Apple's
10 industrial design patents, a significant portion of Apple's total claimed damages in the new trial is
11 attributable solely to the Infuse 4G (one-third per Davis Rpt. Ex. 17.1-PT-H), and the only reason
12 Mr. Bang was not on the July 23, 2012 witness list was the limitation on the number of witnesses,
13 Samsung should be allowed to offer his testimony, if necessary.

14     **B.   Samsung should also be permitted to introduce testimony from any witness**
15 **disclosed on Apple's July 23, 2012 list.**   Apple asks the Court to impose another arbitrary rule –
16 that Samsung should automatically be precluded from calling any witness who was disclosed only
17 on Apple's July 23, 2012 list.   Apple seeks to preclude Samsung from calling, or relying on
18 deposition testimony from these witnesses, even where they are disclosed on Apple's new list.
19 Again, Apple offers no law or logic to support its position, and the Court's August 2013 CMO
20 makes no such distinction.   (Dkt. 2369 at 2:19-20 ("The final exhibit and witness lists from the
21 prior trial are the operative lists from which the parties may draw their evidence.")   It cannot.
22 Apple's position is contrary to Ninth Circuit law.   *Price*, 961 F.2d at 1474 (holding it was abuse
23 of discretion to prevent party from calling witness listed on other party's witness list ).
24     Apple has identified no conceivable prejudice.   It knew full well that the witnesses
25 disclosed on its July 23, 2012 list would be subject to cross-examination and counter-deposition
26 designations at the first trial.   It knew that Samsung could have called them itself, having
27 expressly reserved the right to do in its July 23, 2012 witness list.   (Dkt. 1278.)   Having
28 affirmatively disclosed some of these witness on its own list, Apple cannot credibly argue that it

could not have known about their importance to the upcoming trial.  There is no reason to reflexively preclude Samsung from introducing testimony from any witness on Apple's July 23, 2012 list, or any witness actually called at trial.[1]

Apple also argues that "Samsung should be precluded from introducing the prior trial testimony of any of these witnesses because it has failed to identify the testimony it intends to introduce."  (Mot. at 1.)  But the Court's Standing Order provides that designations of prior testimony for the new trial are not due until 14 days before it begins.  (1/3/11 Standing Order for Jury Trials at 3:14-21.)  At that time, Samsung will timely disclose the prior testimony it may seek to introduce, and which witnesses will and may be called live versus through prior testimony.

**C.  Samsung should be permitted to rebut any inaccurate evidence regarding the scope and novelty of the asserted patents.**  Apple repeats three boilerplate objections to preclude Samsung from calling the experts properly disclosed on its witness list.  The first objection – directed to Samsung's experts other than Stephen Gray – is that their reports and/or prior testimony were purportedly directed solely to invalidity and/or infringement, and neither of these issues are relevant to the new trial.  (Mot. at 4:4-6.)  Apple's objection is specious.

Samsung agrees that the validity and infringement of Apple's patents are not at issue in the new trial, and will not re-litigate these issues.  However, Apple has telegraphed through its new expert damages report, witness list, and exhibit list, that it will attempt to inflate the damages award by representing that its patents are much broader and inventive – and hence more valuable – than they actually are.  For example, Apple's new damages expert, Julie Davis, has deliberately changed Mr. Musika's descriptions of Apple's utility patents to make them seem more valuable (Dkt. 2386-2 ¶¶ 27-29; Dkt. 2386-8 (redline of Ms. Davis's descriptions against Mr. Musika's descriptions).)  Likewise, Apple's current witness list identifies both fact witnesses (Forstall,

---

[1] Freddy Anzures, Tony Blevins, Mark Buckley, Greg Christie, Justin Denison, Greg Joswiak, Bas Ording, Andrew Platzer, Boris Teksler, Ravin Balakrishnan, Peter Bressler, Susan Kare and Karan Singh were all on Apple's July 23, 2012 list of witnesses that it expected to call or "may call" live at trial.  (Dkt. 1287.)  Timothy Benner, Wookyun Kho, Minhyouk Lee, Todd Pendleton, Dongseok Ryu, Timothy Sheppard and Jaegwan Shin were all on Apple's list as witnesses whose testimony may be provided via deposition.  (*Id.*)  Thus, Apple cannot plausibly argue it was not aware of the relevance of these witnesses—it deposed them.

1  Schiller, Stringer) and experts (Bressler, Kare, Singh, Balakrishnan) to testify about the scope and
2  purported novelty of its patents.  (Dkt. 2406-2.)  For example, Apple has designated its technical
3  expert on the '381 patent, Ravin Balakrishnan, to testify about "the technical background relevant
4  to the '381 patent, Samsung's infringement of that patent and the functionality and operation of
5  Samsung's Infringing Products."  (Dkt. 2406-2 at 3.)  It appears Apple wants to use these
6  witnesses to "back door" testimony about how purportedly inventive and broad its patents are, and
7  to paint Samsung in the worst possible light.
8        If Apple is permitted to pursue it strategy of aggrandizing its patents and demonizing
9  Samsung's conduct, Samsung must be permitted to respond.  For example, if Apple presents a
10 misleadingly broad explanation of the patents, Samsung must be able to call its experts (Anders[2],
11 Gray, Lucente, and Sherman, van Dam) and the Apple inventors (Anzures, Chaudhri, Christie,
12 Ording, Platzer, Satzger, Williamson) to demonstrate that the patents are in fact narrower.
13 Understanding the proper scope and novelty of the patents is indisputably relevant to a
14 determination of damages.  *See, e.g., Georgia-Pacific Corp. v. United States Plywood Corp.*, 318
15 F. Supp. 1116, 1119-20 (S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2d Cir.) (Factor # 9:
16 "The utility and advantages of the patent property over the old modes or devices, if any, that had
17 been used for working out similar results"; Factor #13:  "The portion of the realizable profit that
18 should be credited to the invention as distinguished from non-patented elements . . . .")
19 Accordingly, Samsung must be permitted to introduce its own evidence and call witnesses, not to
20 address invalidity, but to accurately describe the scope of the patents to the jury; explain to the
21 jury what is and what is not inventive about them, as informed by the first jury's verdicts; and
22 rebut any inaccuracies offered by Apple concerning the extent or nature of Samsung's conduct.
23       Apple second boilerplate objection – again directed to Samsung's experts – is that none of
24 them "timely disclosed an opinion relevant to damages."  (Mot. at 4:6-7.)  Apple is not correct.
25 Samsung's expert explicitly discussed the scope of the patent claims in their reports, testimony

---

[2] Apple's representation that all of Mr. Anders' opinions were stricken (Mot. at 4) is inaccurate.  As the highlighted report that Judge Grewal adopted as controlling reveals, Mr. Anders would have been permitted to testify about numerous pieces of prior art.  (Dkt. 939-34, *see, e.g.,* Table BII at 7, 9-10.)

1 and/or pre-trial declarations.[3]   Likewise, Messrs. Anders, Sherman, and Lucente's opinions relied
2 on prior art to support their invalidity and non-infringement positions.   Apple's sophistic
3 objection that this subject matter was not disclosed, or not the subject of the trial testimony of Mr.
4 Sherman, ignores the reality of those witnesses' opinions.[4]   (*Contrast,, e.g.,* Trial Tr. at 2580-
5 2597 *with* Mot. at 4-5.)   Further, Apple itself has disclosed numerous expert witnesses whose
6 reports and prior testimony were instead directed to invalidity and/or infringement.   (*See, e.g.*,
7 Dkt. 1287 at 4 (description of Peter Bressler's proposed testimony:   "[T]he industrial design,
8 background, and state of the art of the D'889, D'677, and D'087 patents, Samsung's infringement
9 and Apple's practice of those patents, the validity and non-functionality of those patents, and the
10 nonfunctionality of Apple's asserted trade dress.").)

11      Apple's final objection – directed to both Samsung's and Apple's experts (other than Mr.
12 Gray and Mr. van Dam) and inventors – is that these witnesses were purportedly not mentioned or
13 relied upon by Mr. Wagner in his reports, and that Mr. Wagner "cannot now advance new
14 opinions based" on their testimony.   (Mot. at 4:12-15, 22-24; 5:4-6, 25-28; 6:21, 26-7:1.)   This
15 objection hardly merits a response.   As an initial matter, Apple is factually wrong.   Mr. Wagner's
16 reports identify the expert reports and/or deposition transcripts of each of the challenged experts
17 and investors with the exception of Mr. Anders.   (*See*, *e.g.,* Dkt. 999-23 ¶ 368 (Kare expert
18 report); ¶ 440 (Balakrishnan expert report); ¶¶ 449, 466 (Singh expert report); Tab 4, Items 694,
19 1801, 1978, 2026, 2034, 2043, 2055, 2056 2132, 2140, 6705, 6733, 6783, 6754, 6768, 6794, 7596-
20 97.)   Moreover, just because these witnesses are not mentioned or relied upon in Mr. Wagner's

---

[3]   *See, e.g.*, Dkt. 2255-11 ¶¶ 51-58 (Van Dam Expert Report); Dkt. 937 ¶¶ 30-41; Trial Tr. at 2854:10-17, 2855:10-20, 2857:16-20, 2857:23, 2857:25, 2858:2, 2860:21-25; 2861:9-10; 2861:13-2862:1, 2862:18-20, 2863:3-6, 2863:13-14; 2865:10-13, 2868:21, 2870:16-17 (Van Dam trial testimony); Dkt. 2255-2 ¶¶ 123-133, 139-142 (Gray Expert Report on '915 patent); *id.* ¶¶ 287-292, 308-314 (Gray Expert Report on '163 patent); Dkt. 931 ¶¶ 17-27, 56-61; Trial Tr. at 2896:9-2896:12, 2896:18-2897:11, 2898:15-22, 2899:3-6, 2899:25-2900:9, 2900:20-23, 2901:17-19, 2904:1-2, 2904:15-22, 2905:4-6, 2906:1-3, 2910:8-22, 2912:12-15, 2913:14-17, 2913:22-24, 2914:12-17, 2915:13-16, 2916:1-6, 2923:7-19.

[4]   Similarly Apple's representation that all of Mr. Anders' opinions were stricken (Mot. at 4) is inaccurate.   As the highlighted report that Judge Grewal adopted as controlling reveals, Mr. Anders would have been permitted to testify about numerous pieces of prior art.   (Dkt. 939-34, *see, e.g.,* Table BII at 7, 9-10.)

1 reports does not mean their testimony is not relevant to the damages trial.   For example, as
2 discussed above, testimony from these witnesses may be needed to correct any misleading
3 description of the patents by Apple.   Numerous witnesses in Apple's exhibit list were not
4 mentioned or relied upon in Mr. Musika's or Ms. Davis's reports (*e.g.*, Sanjay Sood, Cira Conley).
5 Finally, Mr. Wagner does not intend to advance any new opinions.

**D.   Samsung should be permitted to call witnesses on non-infringing alternatives.**

Apple's objections to Samsung's witnesses on non-infringing alternatives are also without merit. Apple's damages expert, Ms. Davis, intends to testify that Samsung would not have had acceptable alternatives for the utility patents until months after the lawsuit was filed.   (*See* Dkt. 2386-2 ¶ 120.)   Samsung should be permitted to present expert testimony on non-infringing alternatives, including other Samsung devices that were either not accused of infringing the asserted patents or accused and found not to infringe, to support Mr. Wagner's opinions and to rebut Ms. Davis's opinions.   Samsung fact witnesses, including Dennison, Lee, Kim, Bang, Ryu, and Wang should also be permitted to testify about Samsung's pre-existing non-accused designs.

**E.   Samsung should be permitted to rebut Apple's evidence regarding Samsung's intent.**   Samsung agrees that "how Samsung's accused products were designed and function" (Mot. at 6) should not be at issue in the new trial.   (*See, e.g.*, Dkt. 2406 at 1-3; Dkt. 2419.)   But if, notwithstanding Samsung's objections, Apple introduces evidence on these issues, and suggests or implies that Samsung copied Apple's products, Samsung is entitled to rebut it, including through the testimony of Yongseok Bang, Jin Soo Kim, Min-Hyouk Lee, Dongseok Ryu, Jaegwan Shin, Jeeyuen Wang, and Sun-young Yi, Justin Dennison.

**F.   Samsung should be permitted to call Dr. Sukumar**.   Samsung's survey expert, Dr. Sukumar, should be permitted to testify.   Dr. Sukumar was disclosed on Samsung's July 23, 2012 witness list and testified at trial.   At the first trial, Apple's survey expert, Dr. Hauser testified for the limited purpose of providing foundation for Mr. Musika, and his direct examination lasted two minutes.   (Trial Tr. at 1913:7-1916:17.)   Now, Apple apparently will make Dr. Hauser's testimony much more central to its presentation.   This is not surprising given the exclusive focus on damages, but Samsung should be permitted the same flexibility to accommodate the reality of

1  the new trial.  Apple can claim no prejudice.  It had ample notice of the subjects of Dr.
2  Sukumar's testimony.  He provided two reports in April 2012, one directed to rebutting Dr.
3  Hauser's report  And one directed to rebutting Dr. Winer's and Dr. Sood's reports.  (Alden Decl.,
4  ¶ 5.)  Samsung should not be faulted for having accurately predicted that Dr. Hauser's testimony
5  would not be a significant part of the first trial, and therefore not choosing to fill one of its witness
6  spots with Dr. Sukumar.  Given Apple's increased emphasis on Dr. Hauser, Samsung should
7  permitted in the interests of justice to call Dr. Sukumar in the rebuttal.  Indeed, at the April 29,
8  2013 case management conference, Apple appeared to agree with the logic of Samsung being
9  permitted to call Dr. Sukumar.  (Alden Decl., Ex. 2 at 84-87.)

10  **G.  Samsung's witnesses should be permitted to testify about hypothetical design**
11  **arounds.**  Apple argues that allowing Samsung to introduce testimony on hypothetical design-
12  arounds and the costs of design-arounds "would defy the discovery sanction order in which the
13  Court in no uncertain terms precluded Samsung from introducing testimony about hypothetical
14  design-arounds at trial … and even precluded Mr. Wagner from testifying about his conversations
15  with Park and Yi regarding design-arounds."  (Mot. at 3.)  Apple's statement is untrue.  Apple's
16  counsel specifically disavowed that it was seeking to exclude hypothetical design-arounds.  (Dkt.
17  1163 at 35:20-24.)  And, at trial, after Apple objected regarding hypothetical design-arounds
18  based on the sanction exclusion (Dkt. 1756 at 6:3-9), the Court ultimately ruled:  "I'm going to
19  allow it in."  (Trial Tr. at 2999:12-14, 3000:14-18.)  Mr. Wagner then testified at length about
20  hypothetical design-arounds and costs at trial.  (Trial Tr. at 3036:5-3038:19; 3054:20-3056:18.)
21      The testimony of the Samsung witnesses underlying Dr. Wagner's opinion (Shim, Park,
22  Yi) is not a surprise to Apple.  All three witnesses were on Samsung's July 23, 2012 witness list
23  and the subject of their testimony is identical.  (*Compare* Dkt. 1278 *with* Dkt. 2413-3.)  Samsung
24  had no reason to investigate hypothetical design-arounds until Mr. Musika's report was served
25  after the close of fact discovery.  It was only then that Mr. Wagner spoke to three Samsung
26  employees—just as Mr. Musika relied on Apple sources for his information on design-around
27  times.  (*See* Dkt. No. 1779.)  Accordingly, their testimony should be permitted.
28

DATED: September 23, 2013

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: *Victoria F. Maroulis*
 Charles K. Verhoeven
 Kevin P.B. Johnson
 Victoria F. Maroulis
 William C. Price
 Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC