1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:  (650) 801-5000
   Facsimile:  (650) 801-5100

9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
15 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

16

17                    UNITED STATES DISTRICT COURT

18            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 19  APPLE INC., a California corporation,<br><br>20         Plaintiff,<br><br>21      vs.<br><br>22  SAMSUNG ELECTRONICS CO., LTD., a<br>Korean business entity; SAMSUNG<br>23  ELECTRONICS AMERICA, INC., a New<br>York corporation; SAMSUNG<br>24  TELECOMMUNICATIONS AMERICA,<br>LLC, a Delaware limited liability company,<br>25<br>            Defendants.<br>26 | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF ANTHONY P. ALDEN IN SUPPORT OF SAMSUNG'S OPPOSITIONS TO APPLE'S MOTIONS TO EXCLUDE EXHIBITS AND TO STRIKE OR LIMIT TRIAL WITNESSES**<br><br>Trial Date:  November 12, 2013<br>Hearing Date:  October 17, 2013<br>Time:   1:30pm<br>Place:   Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

27

28

I, Anthony P. Alden, declare:

1. I am a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC.  I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2. Attached hereto as Exhibit 1 is a true and correct copy of excerpts from the Transcript of Proceedings before this Court on August 21, 2013.

3. Attached hereto as Exhibit 2 is a true and correct copy of excerpts from the Transcript of Proceedings before this Court on April 29, 2013.

4. Attached hereto as Exhibit 3 is a true and correct copy of Samsung's Second Supplemental Objection and Response to Apple's Interrogatory to Defendants Relating to Apple's Motion for a Preliminary Injunction, Number 10, served on Apple on November 21, 2011.

5. R. Sukumar, Ph.D. submitted two expert reports for Samsung in this matter, both dated April 16, 2012.  One was submitted to evaluate and rebut the expert report of Professor Hauser.  The other was titled "Rebuttal Expert Report Of R. Sukumar, Ph.D. Regarding Expert Reports of Russell S. Winer and Sanjay Sood."

6. In the ITC Investigation No. 337-TA-796, Samsung submitted testimony from three industrial designers including Younseok Bang.  The Direct Witness Statement Of Youngseok Bang was submitted on May 3, 2012 and was 25 translated pages.

7. Attached as Exhibit 4 is a true and correct copy of excerpts from the transcript of the August 26, 2013 deposition of Julie L. Davis.

8. Apple's exhibit list for the new trial, served on September 9, 2013 ("New Trial Exhibit List"), includes numerous exhibits that were described in Apple's final exhibit list for the first trial as being directed to issues that are no longer at issue in the new damages trial, such as infringement and dilution.   (Dkt. 1286 ("Apple's First Trial Exhibit List").)

9. For example, PX13, "iPad Television Advertisements," was originally described in Apple's First Trial Exhibit List as "[o]ffered to establish public awareness of the designs of the

1  iPhone and iPad." (Dkt. 1286 at 1.)  The iPad is not at issue in the new trial because Apple lost on
2  all trade dress and design patent claims related to the iPad and Samsung's tablets.  Moreover, none
3  of the products at issue in the new trial were found to infringe or dilute Apple's trade dress.
4  Nevertheless, Apple included this exhibit in its New Trial Exhibit List and described its purpose as
5  "Damages."

6        10.  Similarly, PX128, "'iPad is Iconic' TV ad for first-generation iPad," was originally
7  described in Apple's First Trial Exhibit List as "[o]ffered to establish public awareness of the
8  designs of the iPhone and iPad and in further support of trade dress and design patent claims."
9  Again, neither the iPad, nor any trade dress claims, nor any design patent claims related to tablets
10 are at issue in the upcoming trial.  Nonetheless, Apple included this exhibit in its New Trial
11 Exhibit List and described its purpose as "Damages."

12       11.  As a final example, another iPad-related article, PX141, "'Laptop Killer? Pretty
13 Close,' by Walter S. Mossberg, *The Wall Street Journal*, April 1, 2010," was originally described
14 in Apple's First Trial Exhibit List as "[o]ffered to establish public awareness of the designs of the
15 iPhone and iPad and in further support of trade dress and design patent claims; secondary
16 considerations."  The iPad is not at issue in the new trial because Apple lost on all trade dress and
17 design patent claims related to the iPad and Samsung's tablets.  Moreover, none of the products at
18 issue in the new trial were found to infringe or dilute Apple's trade dress.  Nevertheless, Apple
19 included this exhibit in its New Trial Exhibit List and described its purpose as "Damages."

20       12.  On August 18, 2012, after the close of evidence in the first trial, Apple dropped its
21 allegation that the Intercept infringed the '381 patent.  In an email to Quinn Emanuel regarding a
22 draft Joint Statement Regarding Summary Chart of Accused Samsung Products, counsel for
23 Apple, Richard Hung of Morrison & Foerster, wrote that Apple "agree[s] that the Intercept is not
24 accused of infringing the '381."

25       13.  The table below describes how each page of New Trial Exhibit 1 falls into one of
26 three categories:  (1) pages 9, 11, 13, 20, and 21 are copied from Mr. Wagner's April 2012 Expert
27 Report; (2) pages 2, 5-8, 10, 12, and 14-15 contain updated versions of Mr. Wagner's prior
28

exhibits and schedules that have been updated to reflect the products at issue in the new trial or the rulings made after Mr. Wagner submitted his April 2012 report; and (3) pages 3-4 and 16-19 were created in light of new trial evidence or Ms. Davis's new analyses.

| Page of New Trial Exhibit 1 | Portion of Wagner Report |
|---|---|
| 2 | April 2012 Report, Figure 67.  Mr. Wagner changed the comparison image from the Vibrant to the Captivate to correspond to a product at issue in the New Trial, and to add the Blackberry Torch based on trial testimony of Dr. Kare. |
| 3 | Created in light of the trial exhibits, and labeled as such with the correct Joint Exhibit numbers. |
| 4 | Created in light of the trial exhibits, and labeled as such with the correct Joint Exhibit numbers. |
| 5 | April 2012 Report, Schedule 7.1.  It was adjusted in response to the Court's *Daubert* ruling. |
| 6 | April 2012 Report, Schedule 2.1.  It was adjusted in response to the Court's *Daubert* ruling and limited to products at issue in the New Trial. |
| 7 | April 2012 Report, Schedules 5.5 and 5.5.  It was adjusted for products and intellectual property at issue in the New Trial and time periods at issue. |
| 8 | This was adjusted for products and intellectual property at issue in the New Trial and time periods at issue, and to list expenses as opposed to revenue and/or profit. |
| 9 | April 2012 Report, Schedule 10.1. |
| 10 | April 2012 report, Schedule 10.1.  It was adjusted to use U.S. standard costs in place of worldwide standard costs to address criticism raised at Mr. Wagner's deposition. |
| 11 | April 2012 Report, Schedule 10.2. |
| 12 | April 2012 report, Schedule 10.2.  It was adjusted to use U.S. standard costs in place of worldwide standard costs to address criticism raised at Mr. Wagner's deposition. |
| 13 | May 2012 Supplemental Report, Supplemental Schedule 14.2 |
| 14 | April 2012 Report, Schedule 15.1.  It was adjusted based on products at issue in the New Trial and updated based on data produced just before trial. |

| Page of New Trial Exhibit 1 | Portion of Wagner Report |
|---|---|
| 15 | April 2012 Report, Schedule 15.1.  It was adjusted based on products at issue in the New Trial and updated in response to Ms. Davis's new design around periods. |
| 16 | Created in response to Ms. Davis's new design-around analysis. |
| 17 | Created in response to Ms. Davis's royalty analysis. |
| 18 | Created as an explanation of the Detailed Expense Breakdown categories based on Ms. Davis's reliance on new financial data to calculate damages. |
| 19 | Created as an explanation of the Detailed Expense Breakdown categories based on Ms. Davis's reliance on new financial data to calculate damages.  As such, it is also an update of Mr. Wagner's April 2012 Report ¶¶ 325 and 333. |
| 20 | April 2012 Report, ¶¶ 325 and 333. |
| 21 | April 2012 Report, Schedule 6.3. |

I declare under penalty of perjury that the foregoing is true and correct.  Executed in Los Angeles, California on September 23, 2013.

                                          */s/ Anthony P. Alden*
                                        Anthony P. Alden

**GENERAL ORDER ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document. I hereby attest pursuant to General Order 45.X.B. that concurrence in the electronic filing of this document has been obtained from Anthony P. Alden.

 */s/ Victoria F. Maroulis*
Victoria F. Maroulis