# Exhibit 26
# (Submitted Under Seal)

License Reference Number L034388

LICENSE AMENDMENT


**LICENSE AMENDMENT** ("Amendment") dated as of March 31, 2006, (the "Amendment Date"), and between INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation ("IBM"), and APPLE COMPUTER, INC., a California corporation ("APPLE").

WHEREAS, IBM and APPLE entered into that certain Patent Cross License Agreement, dated October 25, 2002, (the "CLA");

WHEREAS, concurrent with the execution of this Amendment, IBM and APPLE are executing that certain agreement entitled "Stock Purchase Agreement" ("SPA") under which IBM shall be selling to APPLE its share interest in OBJECT TECHNOLOGY LICENSING CORPORATION, a Delaware corporation, ("OTLC"), such that OTLC shall become a wholly owned subsidiary of APPLE; and

WHEREAS, IBM and APPLE wish to confirm that patents owned by OTLC shall be licensed to IBM under the terms of the CLA, and to agree to the other provisions set forth in this Amendment;

NOW THEREFORE, in consideration of the premises and mutual covenants herein contained, IBM and APPLE agree that the CLA shall be amended as follows:

1)  The following definitions shall be added to the definitions section of the CLA:

"Amendment Date" shall mean March 31, 2006.


"OTLC Patents" shall mean all patents, including utility models and typeface design patents and registrations (but not including any other design patents or registrations):
(a)  issued or issuing on patent applications entitled to an effective filing date prior to the Amendment Date; and
(b)  under which patents or the applications therefor OTLC or any of its Subsidiaries has as of the Amendment Date, or thereafter obtains, the right to grant licenses to IBM of or within the scope granted herein.
Licensed Patents shall include said patent applications, continuations-in-part, divisionals, and continuations of said patent applications, and all reissues, reexaminations, and

1

extensions of any of the aforesaid patents or issuing from the aforesaid patent applications.

"Stock Purchase Agreement" or "SPA" shall mean that certain agreement under which IBM sells to APPLE its share interest in OBJECT TECHNOLOGY LICENSING CORPORATION, a Delaware corporation, ("OTLC"), such agreement being executed on or about the Amendment Date.

2)   Section 10.1 of the CLA shall be amended to insert the parenthetical phrase "(including any amendment to the Agreement)" after the word "Agreement" in the first sentence of section 10.1.

3)   After Section 13.14 of the CLA, the following additional provisions shall be added.

"13.15   APPLE hereby confirms to IBM that after APPLE's acquisition of IBM's share interest in OTLC, pursuant to the terms of the SPA, OTLC shall be a wholly owned subsidiary of APPLE, and as such, OTLC shall qualify as a Subsidiary of APPLE. IBM shall be licensed to the OTLC Patents as Apple Licensed Patents according to the terms and conditions of this Agreement.

13.16          On behalf of itself and OTLC, APPLE hereby irrevocably releases IBM and its Subsidiaries, and its and their respective customers (but only for products and services provided directly or indirectly by IBM or its Subsidiaries) from any and all claims of infringement of OTLC Patents, which claims are based on any acts occurring prior to the Amendment Date.

13.17           APPLE acknowledges that, prior to the Amendment Date, IBM may have obtained rights and licenses under the OTLC Patents through license agreements executed between IBM and other parties, including, but not limited to, Kaleida, Inc. and Taligent, Inc.  Nothing in this Agreement shall limit, or otherwise effect in any manner, the scope of the rights and licenses IBM may have obtained pursuant to any such agreements."
/////

[INTENTIONALLY LEFT BLANK]

2

Except as modified by the provisions herein, all of the terms and conditions of the CLA shall remain in full force and effect.

*Agreed to:*  
APPLE COMPUTER, INC.

By: _[signature]_  
Name: Peter Oppenheimer  
Title: CFO  
Date: 3/31/06

*Agreed to:*  
INTERNATIONAL BUSINESS MACHINES CORPORATION

By: _____

Date: _____

3

Except as modified by the provisions herein, all of the terms and conditions of the CLA shall remain in full force and effect.

| | |
|---|---|
| *Agreed to:* | *Agreed to:* |
| APPLE COMPUTER, INC. | INTERNATIONAL BUSINESS MACHINES CORPORATION |
| | |
| By:_____ | By: *[signature]* |
| Name: | Director of Finance, T+IP |
| Title: | |
| Date:_____ | Date: 3/31/06 |

MAR 31 2006 15:27 FR IP LAW          914 765 4410 TO 914083745436    P.03

    This action by unanimous written consent was executed effective as of the date first set forth above. This action by written consent may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one action. Any copy, facsimile or other reliable reproduction of this action by written consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used, provided that such copy, facsimile or other reproduction is a complete reproduction of the entire original writing. This action by written consent shall be filed with the minutes of the proceedings of the Board.

                                                  Peter Oppenheimer

                                                  *David Kappos* (signed)
                                                  David Kappos

*[Signature Page for Action by Unanimous Written Consent of the Board]*

IN WITNESS WHEREOF, Buyer and Seller have caused this Agreement to be signed by their duly authorized representatives, all as of the date first written above.

| INTERNATIONAL BUSINESS MACHINES CORPORATION | APPLE COMPUTER, INC. |
|---|---|
| By: *[signature]* | By: _____ |
| Name: David J. Kappos | Name: Peter Oppenheimer |
| Title: Vice President, Assistant General Counsel, Intellectual Property Law | Title: Senior Vice President and Chief Financial Officer |

MAR 31 2006 15:29 FR IP LAW          914 765 4410 TO 914089745436    P.04

MAR 31 2006 15:28 FR IP LAW           914 765 4410 TO 914089745436     P.05

## ASSIGNMENT SEPARATE FROM CERTIFICATE



Dated: March 31, 2006

**INTERNATIONAL BUSINESS
MACHINES CORPORATION**

By: _David J. Kappos_
Name: David J. Kappos
Title: VP, Assistant GC

        This action by written consent shall be effective as of the date the Corporation receives the requisite consent of the Corporation's stockholders. By executing this action by written consent, each undersigned stockholder is giving written consent with respect to all shares of the Corporation's capital stock held by such stockholder in favor of the above resolutions. This action by written consent may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one action. Any copy, facsimile or other reliable reproduction of this action by written consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used, provided that such copy, facsimile or other reproduction is a complete reproduction of the entire original writing. This action by written consent shall be filed with the minutes of the proceedings of the stockholders of the Corporation.

INTERNATIONAL BUSINESS
MACHINES CORPORATION

March 31, 2006

By: _____

Its: VP Assistant GC

APPLE COMPUTER, INC.

_____, 2006

By: _____

Its: _____

MAR 31 2006 15:28 FR IP LAW           914 765 4410 TO 914089745436        P.07



The following abbreviations, when used in the inscription on the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

| | | |
|---|---|---|
| TEN COM | - as tenants in common | UNIF GIFT MIN ACT - ....... Custodian ......... |
| TEN ENT | - as tenants by the entireties | (Cust)            (Minor) |
| JT TEN | - as joint tenants with right of survivorship and not as tenants in common | under Uniform Gifts to Minors Act .......... ............ (State) |

Additional abbreviations may also be used though not in the above list

*For value received_____ hereby sell, assign and transfer unto*

PLEASE INSERT SOCIAL SECURITY OR OTHER
IDENTIFYING NUMBER OF ASSIGNEE

_____
(PLEASE PRINT OR TYPEWRITE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

_____ *Shares*
*represented by the within Certificate, and do hereby irrevocably constitute and appoint* **PERSHING, LLC** _____ *Attorney to transfer the said Shares on the books of the within named Corporation with full power of substitution in the premises.*

*Dated* _____ *19* _____

*In presence of*

NOTICE: THE SIGNATURE TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME AS WRITTEN UPON THE FACE OF THE CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATEVER.

UNDER THE PROVISIONS OF THE CERTIFICATE OF INCORPORATION OF THE CORPORATION (THE "CERTIFICATE OF INCORPORATION") THE CORPORATION HAS THE AUTHORITY TO ISSUE MULTIPLE CLASSES OF CAPITAL STOCK. AS REQUIRED BY SECTION 151(F) OF THE DELAWARE GENERAL CORPORATION LAW, THE CORPORATION WILL FURNISH WITHOUT CHARGE TO EACH STOCKHOLDER WHO SO REQUESTS THE POWERS, DESIGNATIONS, PREFERENCES AND RELATIVE, PARTICIPATING, OPTIONAL, OR OTHER SPECIAL RIGHTS OF EACH CLASS OF STOCK OR SERIES THEREOF AND THE QUALIFICATIONS, LIMITATIONS OR RESTRICTIONS OF SUCH PREFERENCES AND/OR RIGHTS.

THE SECURITIES REPRESENTED BY THIS CERTIFICATE ARE NOT TRANSFERABLE, EXCEPT IN ACCORDANCE WITH THE PROCEDURES AND RESTRICTIONS SET FORTH IN THE CERTIFICATE OF INCORPORATION A COPY OF WHICH IS FILED AT THE PRINCIPAL OFFICE OF THE CORPORATION AND IS AVAILABLE TO ANY HOLDER WITHOUT CHARGE UPON WRITTEN REQUEST THEREFOR. ANY PURPORTED TRANSFER IN VIOLATION OF SUCH RESTRICTIONS SHALL BE VOID AND OF NO EFFECT. AS USED HEREIN, 'TRANSFER' SHALL MEAN SALE, EXCHANGE, OR OTHER DISPOSITION OF ANY INTEREST IN A SHARE EXCEPT BY OPERATION OF LAW IN CONNECTION WITH A MERGER OR CONSOLIDATION OF THE CORPORATION.

THE VOTING OF THE SECURITIES EVIDENCED BY THIS CERTIFICATE IS SUBJECT TO THE PROVISIONS OF THE CERTIFICATE OF INCORPORATION AND THE BY-LAWS.