| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> JENNIFER LEE TAYLOR (CA SBN 161368) <br> jtaylor@mofo.com <br> ALISON M. TUCHER (CA SBN 171363) <br> atucher@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> JASON R. BARTLETT (CA SBN 214530) <br> jasonbartlett@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK <br><br> **REPLY DECLARATION OF MARC J. PERNICK IN SUPPORT OF APPLE'S MOTION TO STRIKE PORTIONS OF SAMSUNG'S EXPERT REPORTS** <br><br> Date: June 21, 2012 <br> Time: 10:00 a.m. <br> Place: Courtroom 5, 4th Floor <br> Judge: Hon. Paul S. Grewal |

**SUBMITTED UNDER SEAL**

PERNICK DECL. ISO REPLY IN SUPPORT OF APPLE'S MOT. TO STRIKE PORTIONS OF SAMSUNG'S EXPERT RPTS.
CASE NO. 11-CV-01846-LHK
sf-3153523

I, Marc J. Pernick, declare as follows:

1. I am a partner in the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple"). I am licensed to practice law in the State of California. Unless otherwise indicated, I have personal knowledge of the matters stated herein or understand them to be true from my Morrison & Foerster colleagues. I make this Declaration in support of Apple's Reply in Support of Apple's Motion to Strike Portions of Samsung's Expert Reports.

2. Attached hereto as **Exhibit 1** is a true and correct copy of a letter dated January 5, 2012 from Todd Briggs, counsel for Samsung, to Richard Hung, counsel for Apple.

3. Attached hereto as **Exhibit 2** is a true and correct copy of Claim Chart J-1 to Samsung's October 7, 2011 Invalidity Contentions. Claim Chart J-1 was Samsung's claim chart for the Diamond Touch system.

4. Below is a highlighted screen capture of the "Properties" information from the MERL production hard drive referenced in Paragraph 6 of the Declaration of James Ward in Support of Samsung's Opposition to Apple's Motion to Strike Portions of Samsung's Expert Reports ("Ward Decl.") (Dkt. No. 1014). It states that the amount of data on the hard drive is 158 gigabytes.



PERNICK DECL. ISO REPLY IN SUPPORT OF APPLE'S MOT. TO STRIKE PORTIONS OF SAMSUNG'S EXPERT RPTS.
CASE NO. 11-CV-01846-LHK
sf-3153523

1

1       5.      My colleagues and I have reviewed service e-mails indicating the time of service for the Von Herzen Invalidity Report and Maharbiz Infringement Reports that were due on March 22, 2012.  The e-mails reflect the fact that Samsung served the Von Herzen Invalidity Report nine minutes before Apple served the Maharbiz Infringement Report.  Attached hereto as **Exhibits 3** and **4** are copies of those e-mails.

6.      On August 3, 2011, Samsung's counsel Quinn Emanuel Urquhart & Sullivan LLP deposed '607 Patent inventor Joshua Strickon in the ITC Investigation No. 337-TA-750.  This deposition is cited in the Von Herzen Invalidity Report at paragraphs 452, 456, and 457.  (Dkt. No. 939-4 Ex. 12.)  Attached hereto as **Exhibit 5** to the Pernick Reply Declaration is a true and correct copy of the coversheet from the Strickon Deposition indicating that Quinn Emanuel was present at the deposition.

7.      The email with bates number APLNDC0000994176 attached as Exhibit I to the Ward Decl. (Dkt. No. 1014-0 Ex. I) was produced on October 16, 2011.  Attached hereto as **Exhibit 6** is a true and correct copy of the service e-mail for the bates range APLNDC0000177368-APLNDC0001199845.

8.      Attached hereto as **Exhibit 7** is a true and correct copy of U.S. Patent No. 7,469,381.

9.      Attached hereto as **Exhibit 8** is a true and correct copy of Exhibit A to Samsung's Patent Local Rule 4-2 Disclosure.

10.     Attached hereto as **Exhibit 9** is a true and correct copy of the Fourth Amended Case Management Order in *Monsanto Co. v. E.I. Dupont De Nemours & Co.*, Case No. 4:09CV00686ERW in the Eastern District of Missouri.  This document was downloaded on June 6, 2012, from the Pacer electronic docket for that action.

11.     I have reviewed the May 31, 2012 Declaration of Diane C. Hutnyan (Dkt. No. 1012).  Ms. Hutnyan's account of some of the details of the meeting that took place between counsel for Apple and counsel for Samsung on March 14, 2012 is inaccurate.  The discussion below corrects certain of those inaccuracies.

12. Counsel for the parties met on Wednesday, March 14 to discuss several agenda items that each side had concerning outstanding discovery disputes. Apple was represented at this meeting by Michael A. Jacobs, Alison Tucher, Jason Bartlett, Mia Mazza, Nathan Sabri, Erik J. Olson, and me (of Morrison & Foerster), and Peter Kolovos and Calvin Walden (of Wilmer Hale) via telephone. Samsung was represented at this meeting by Charles Verhoeven, Diane Hutnyan, Rachel Kassabian, Joby Martin, and David Currie.

13. Given that the fact discovery cut-off had been on March 8, 2012, this March 14th meeting took place one day before the deadline for the parties to file motions to compel further responses to the other side's written discovery responses. (*See* Civil Local Rule 37-3.) At various points throughout the meeting, in addition to discussing the adequacy of various discovery responses, the parties also discussed the possibility of agreeing to refrain from filing a motion to compel for a short time so that the other party could supplement certain responses to address deficiencies alleged by the other side.

14. One agenda item that we discussed at the March 14th conference was the sufficiency of Samsung's responses to Apple's Interrogatory Nos. 11 and 12, which asked Samsung to explain the bases for its non-infringement contentions and invalidity contentions regarding Apple's asserted design patents. I explained to Samsung's counsel that, in Apple's view, Samsung's original December 19, 2011 responses to these interrogatories were inadequate because they did not provide the bases or underlying theories for Samsung's claims that its products do not infringe the Apple design patents or that the design patents are invalid.

15. After discussing this issue for a few minutes, Samsung's counsel Mr. Verhoeven said that Samsung would review its responses to Interrogatory Nos. 11-12, and would consider supplementing the responses to add further details. Mr. Verhoeven said, however, that Samsung would likely need a few days to assess its December 2011 responses, and to—if it determined that supplemental responses were appropriate—prepare the amended responses. Mr. Verhoeven asked if Apple would agree to forestall filing any motion to compel until at least Monday, March 19, 2012.

PERNICK DECL. ISO REPLY IN SUPPORT OF APPLE'S MOT. TO STRIKE PORTIONS OF SAMSUNG'S EXPERT RPTS.
CASE NO. 11-CV-01846-LHK
sf-3153523

3

1       16.     Both Michael Jacobs and I responded on Apple's behalf.  We told Mr. Verhoeven
2  that Apple would welcome receiving supplemental responses to Interrogatory Nos. 11 and 12
3  from Samsung and we encouraged Mr. Verhoeven to supplement Samsung's responses as quickly
4  as Samsung could.  We also agreed that Apple would not file any motion to compel further
5  responses to these interrogatories until at least Monday, March 19th.

6       17.     However, we also explained to Mr. Verhoeven that, apart from any potential
7  motion to compel more detailed responses, Apple was considering filing a motion under
8  Rule 37(c)(1) of the Federal Rules of Civil Procedure to preclude Samsung from asserting at trial
9  any theories or bases that were not in Samsung's December 19, 2011 responses to Interrogatory
10 Nos. 11 and 12.  We expressly stated that Apple was reserving its right to file a Rule 37(c)(1)
11 motion to preclude or strike even if Samsung provided more detailed supplemental discovery
12 responses on March 19th.

13      18.     In response, Mr. Verhoeven asked if Apple was definitely going to file such a
14 motion to strike or preclude.  Mr. Verhoeven indicated that, if Apple was definitely going to file
15 such a motion, Samsung would be reluctant to undertake the efforts required to supplement its
16 responses to the Apple interrogatories under discussion.

17      19.     I responded to Mr. Verhoeven.  I told him that Apple was considering filing the
18 motion to strike or preclude that I had described, but that we had not reached a definitive
19 conclusion on whether to file such a motion.  Mr. Jacobs and I stated that Apple was reserving its
20 right to file such a motion, and pointed out that, if Samsung served detailed supplemental
21 responses in a short time, it was free to argue that doing so might cure to some extent the
22 prejudice that Samsung's delays had caused to Apple.

23      20.     In paragraph 6 of her Declaration, Ms. Hutnyan states that, during these
24 discussions, "Apple reserved the right to pursue motion practice if the supplemental responses that
25 Samsung served on March 19, 2012 did not contain sufficient detail."  That statement is overbroad
26 and inaccurate.

27      21.     I am certain that, at no point in the March 14th meeting, did I, Mr. Jacobs, or
28 anyone else representing Apple at this meet-and-confer session say that Apple would agree to

PERNICK DECL. ISO REPLY IN SUPPORT OF APPLE'S MOT. TO STRIKE PORTIONS OF SAMSUNG'S EXPERT RPTS.
CASE NO. 11-CV-01846-LHK
sf-3153523

4

1  forego its rights to move under Rule 37(c)(1) of the Federal Rules to preclude Samsung from
2  putting on theories or contentions at trial that were not timely disclosed in Samsung's discovery
3  responses. I am also certain that nobody representing Apple at this meeting conditioned Apple's
4  right to move for preclusion under Rule 37(c)(1) on the adequacy of any supplemental
5  interrogatory responses that Samsung might provide. To the contrary, as stated above, we
6  expressly reserved Apple's right to file a motion to preclude or strike regardless of any
7  supplemental discovery responses that Samsung might serve.

8       22. In paragraph 6 of her Declaration, Ms. Hutnyan also states that "[c]ounsel for
9  Apple specifically referenced Apple's responses to Samsung's utility patent contention
10 interrogatories, and stated that it would pursue motion practice if Samsung's supplemental responses
11 were not comparably detailed." I want to clarify the context in which this subject came up. This
12 topic arose in a different setting from the discussion described above regarding Apple's Interrogatory
13 Nos. 11-12 (regarding design patents).

14      23. During this March 14, 2012 meet-and-confer session, the parties also discussed
15 Samsung's response to Apple's Interrogatory No. 2. This interrogatory sought the detailed bases
16 for Samsung's contention that it does not infringe Apple's asserted utility patents.

17      24. As of the time that discovery closed on March 8, 2012, Samsung had not provided
18 a substantive response to this interrogatory.

19      25. On Monday, March 12, 2012, two days before the parties' meet-and-confer
20 session, Samsung did serve a supplemental response to Interrogatory No. 2. For each of the
21 Apple utility patents at issue, Samsung's March 12th supplemental response listed a series of
22 claim limitations that Samsung contended were not present in at least some of its accused
23 products. Counsel for the parties discussed the adequacy of this supplemental interrogatory
24 response at the March 14th meet-and-confer session.

25      26. I stated that Apple hoped Samsung would provide more details regarding its non-
26 infringement contentions for the asserted utility patents. I noted that, especially at certain places
27 in the response, Samsung had not given a robust explanation for the bases of its non-infringement
28 contentions.

PERNICK DECL. ISO REPLY IN SUPPORT OF APPLE'S MOT. TO STRIKE PORTIONS OF SAMSUNG'S EXPERT RPTS.
CASE NO. 11-CV-01846-LHK
sf-3153523

5

27. For purposes of comparison, I specifically referenced Apple's response to a parallel interrogatory that Samsung had propounded, in which Apple set out the bases for its contentions for why it does not infringe the utility patents asserted by Samsung in this case. I asked Samsung's counsel to consider providing at least as much detail in a supplemental response to Interrogatory No. 2 as Apple had provided in its response to Samsung's parallel interrogatory. Nobody representing Apple at this meeting said that Apple would necessarily file any motion if Samsung refused to supplement.

28. Mr. Michael Wagner's expert report includes two different attachments with damages-related figures. The first one, called "Tab 2," is based on data produced during fact discovery and incorporated into Apple's damages report. All calculations and figures included in the text of Wagner's report reflect information from the "Tab 2" dataset.

29. Mr. Wagner included a second attachment, called "Tab 6," that we understand is based on a different dataset and which is not consistent with "Tab 2." As reflected in footnote 7 of his report, this attachment comes from data produced for the first time on April 16, 2012, the day of his report. (*See* Dkt. No. 939-31 at 4 n.7) ("On the date of my report, Samsung provided additional data to me . . . . I have performed additional calculations with these data that are included as a separate damages model in Tab 6 . . . .").) It was never available to Apple in discovery and was available to Mr. Wagner for less than 24 hours. (*See* Dkt. No. 939-35 at 279:6-280:1.)

30. Attached as **Exhibits 10 and 11** are true and correct pages from Tab 2 and Tab 6 relating to the Galaxy S II/2 product. These excerpts illustrate some of the inconsistencies between the financial data on the same product for the same period based solely on the data source being used. For the single Galaxy S II/2 product the figures differ in at least the following ways:

PERNICK DECL. ISO REPLY IN SUPPORT OF APPLE'S MOT. TO STRIKE PORTIONS OF SAMSUNG'S EXPERT RPTS.
CASE NO. 11-CV-01846-LHK
sf-3153523

6

| Samsung Galaxy S II/2 (2011) (Selected Items) | Tab 2 | Tab 6 | Difference | Percent Difference |
|---|---|---|---|---|
| Per Unit Manufacturing Marketing | | | | |
| Per Unit Manufacturing Sales Expense Other | | | | |
| Per Unit R&D Expense Other | | | | |
| Per Unit Consolidated Operating Profit STA/SEA/SEC | | | | |
| Consolidated Operating Profit STA/SEA/SEC | | | | |

31. For this product, the use of the Tab 6 dataset reduces damages by ▓▓▓. The inconsistencies between Tab 2 and Tab 6 are repeated for multiple products. To my knowledge, Samsung has provided no explanation for these inconsistencies. Apple had no opportunity to evaluate them during discovery or in the deposition of any Samsung witness.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 7, 2012, at Palo Alto, California.

                                                                     */s/ Marc J. Pernick*
                                                                     Marc J. Pernick

PERNICK DECL. ISO REPLY IN SUPPORT OF APPLE'S MOT. TO STRIKE PORTIONS OF SAMSUNG'S EXPERT RPTS.
CASE NO. 11-CV-01846-LHK
sf-3153523

7

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Yakov Zolotorev has concurred in this filing.

Dated: June 7, 2012     By:     */s/ Michael A. Jacobs*
                                    Michael A. Jacobs

PERNICK DECL. ISO REPLY IN SUPPORT OF APPLE'S MOT. TO STRIKE PORTIONS OF SAMSUNG'S EXPERT RPTS.
CASE NO. 11-CV-01846-LHK
sf-3153523

8