1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:  (650) 801-5000
   Facsimile:  (650) 801-5100
9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
15 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17                    UNITED STATES DISTRICT COURT

18            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION *IN LIMINE* REGARDING REEXAMINATION PROCEEDINGS**<br><br>Date:    October 17, 2013<br>Time:   1:30 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

### A.   Apple Should Not Be Allowed to Hide from the Jury Its Admissions to the Patent Office About the Narrow Scope of Its Patents.

Apple moves for an order to exclude evidence regarding *its own statements* about the scope of the '381 and '915 patents.  Contrary to Apple's assertion, Apple's statements are not meant to show "how other courts or tribunals have construed or ruled" regarding the patents.  Mot. at 1.  Nor does Samsung intend "to cast doubt on the validity of Apple's patents using evidence of reexaminations." *Id.*  Samsung does not propose to tell the jury of the Patent Office's statements, but rather only to maintain the right to use in rebuttal *Apple's* statements to the Patent Office defining the actual scope of the '381 and '915 patents.  Apple is asking this Court and the jury to ignore the actual, narrowed scope of the '381 and '915 claims at issue, which threatens the real possibility of a new damages award based on an erroneous view of the patent claims.

In its pre-trial submissions, Apple has indicated that it will submit testimony regarding the scope of the '381 and '915 patents – testimony that Samsung is entitled to rebut.  Apple has designated both Ravin Balakrishnan and Karan Singh – Apple's technical experts on the '381 and '915 patent, respectively – as witnesses for the upcoming trial.  Dkt. 2406-2 at 3, 6.  Julie Davis, Apple's damages expert, has also deliberately broadened the descriptions of Apple's utility patents, as compared to Mr. Musika, to make them seem more valuable.  *See* Davis Rpt. ¶¶ 27-29; Dkt. 2386-8 (redline of Ms. Davis's descriptions against Mr. Musika's descriptions).  It would be inequitable to permit Apple to present inaccurate testimony about the scope of the patents, such as Ms. Davis's, without also allowing Apple's narrowing statements to the Patent Office to be used as rebuttal evidence.

Apple's motion does not deny that, in response to reexamination, it represented to the Patent Office that the claims of the '381 and '915 patents are narrower.  Apple plainly wants to exclude any reference to its representations because it plans to argue that its patents are broader and hence more valuable than they actually are.  Ignoring the true scope of these patents in the new damages trial is an invitation for error.  *See, e.g., CVI/Beta Ventures, Inc. v. Tural LP*, 112 F.3d 1146, 1158 (Fed. Cir. 1998) ("[T]hrough statements made during prosecution or reexamination an applicant for a patent or a patent owner … may commit to a particular meaning

1  for a patent term, which meaning is then binding in litigation.); *id.* at 1161 (reversing lower court ruling "because of [Plaintiff's] failure of proof under the correct claim construction."). Apple should not be allowed to hide from the jury what it told the Patent Office about the scope of its patents.

### B.  Apple's Arguments to the Contrary Are Meritless.

As an initial matter, Samsung will not challenge the validity of Apple's patents at the new trial. Indeed, Samsung expects that the jury will be instructed that the patents are conclusively assumed to be valid. Rather, Samsung seeks only to present Apple's narrowing admissions as rebuttal evidence to ensure that the jury has an accurate picture of the actual scope of Apple's patents. Samsung does not intend to use any documents or decisions of the Patent Office itself.

Apple's "law of the case" argument is also unavailing. "The law of the case doctrine is limited to issues that were actually decided, either explicitly or by necessary implication." *Toro Co. v. White Consolidated Indus., Inc.*, 383 F.3d 1326, 1335 (Fed. Cir. 2004). But Apple fails to identify a single claim construction decided by the Court that would be contradicted by its admissions to the Patent Office. For the '381 patent, the Court construed the terms "electronic document" (Dkt. 1266 at 6) and "edge of an/the electronic document" (Dkt. 849 at 23). For the '915 patent, the Court construed the terms "scrolling a window having a view" (Dkt. 849 at 42) and "invoke" (Dkt. 1158 at 20, Order Denying Motion for Summary Judgment). Apple's reexamination admissions did not involve any of these terms. *See* Dkt. 2339-4 at 190 (narrowly construing the '381 Patent based on "instructions for translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed"); Alden Decl., Ex. B at 4, 7-8, 11-12 (narrowly construing the '915 patent based on "distinguishing between a single input point … that is interpreted as the scroll operation and two or more input points … that are interpreted as the gesture operation"). In contrast, the cases Apple cites turn on an inconsistency with an express construction of a claim term in a prior proceeding. *See AFG Indus. v. Cardinal IG Co.*, 375 F.3d 1367, 1372 (Fed. Cir. 2004) (finding the term "layer" was previously construed); *Gaus v. Conair Corp.*, No. 94 Civ. 5693 (FM), 2003 U.S. Dist. LEXIS 1445 at *36 (S.D.N.Y. Jan. 31, 2003) (finding that the term "pair of probe networks" was

1  incorporated into the jury instructions).

2  Moreover, the relevance of Apple's admissions to the Patent Office is not limited to the
3  subject of "design-arounds."  For example, Apple's reexamination statements pertain to the scope
4  of Apple's patents, which is directly relevant to the question of damages under an analysis of the
5  *Georgia Pacific* factors.  *See Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp.
6  1116, 1119-20 (S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2d Cir. 1971) (factor #9: "The
7  utility and advantages of the patent property over the old modes or devices, if any, that had been
8  used for working out similar results;" factor #13: "The portion of the realizable profit that should
9  be credited to the invention as distinguished from non-patented elements . . ."). When considering
10 the amount of a reasonable royalty, the jury may fairly and reasonably find that Apple's patents
11 are narrow, and that Samsung's sales are not attributable to use of Apple's limited inventions, as
12 opposed to other non-patented elements.  Evidence regarding the scope of Apple's patents is
13 highly probative and admissible.

14 Finally, Apple attempts to exclude the evidence on the basis that it was not part of the first
15 trial.  Samsung agrees with the need for the Court to restrain the scope of the damages trial.  As
16 discussed in Samsung's Motion *in Limine* No. 2 (Dkt. 2406 at 4), Apple should be precluded from
17 arguing that the '381 patent covers "bounce" or "snapback" generally, or that the '915 patent
18 covers "scrolling vs. gesturing" generally.  Apple should be judicially estopped from such broad
19 assertions based on both trial testimony and its statements during reexamination proceedings.
20 Apple should not be permitted to take one position as to the scope of the patents before the Patent
21 Office and a different position before the new jury.  However, if Apple is permitted to do so, it
22 should not also be allowed to take advantage of the fact that its binding admissions were not made
23 public until after the first trial.  Accordingly, to the extent that Apple is permitted to inaccurately
24 portray the scope of its patents, Samsung should be permitted to rebut Apple's overreaching by
25 using Apple's own statements to the Patent Office.

26 Apple's motion *in limine* regarding reexamination proceedings should be denied in its
27 entirety.

28

1  DATED: September 26, 2013        Respectfully submitted,

2                                   QUINN EMANUEL URQUHART & SULLIVAN, LLP

3

4
                                     By: *Victoria F. Maroulis*
5                                        Charles K. Verhoeven
                                         Kevin P.B. Johnson
6                                        Victoria F. Maroulis
                                         William C. Price
7                                        Michael T. Zeller

8
                                    Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
9                                   SAMSUNG ELECTRONICS AMERICA, INC. and
                                    SAMSUNG TELECOMMUNICATIONS AMERICA,
10                                  LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28