1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:  (650) 801-5000
   Facsimile:  (650) 801-5100
9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
15 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION *IN LIMINE* TO PRECLUDE REFERENCES TO "PRIOR ART"**<br><br>Date:  October 17, 2013<br>Time:  1:30 p.m.<br>Place:  Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

Apple moves for an order "precluding Samsung from making any reference to 'prior art' or otherwise arguing or presenting evidence that any of Apple's five patents is invalid, not inventive, or only involves features that were known." Mot. at 1:1-4. Apple's motion should be denied as partly moot and partly overreaching. The motion is partly moot because Samsung does not intend to re-litigate the validity of Apple's patents or argue to the jury that the patents are invalid, not inventive, or involve only features that were known. Indeed, Samsung expects that the jury will be instructed that the patents are conclusively assumed to be valid.

However, Samsung is certainly entitled to rebut any suggestion by Apple that the patents at issue in the new trial are broader or more inventive than they are. Apple has telegraphed through its new expert damages report, witness list, and exhibit list, that it intends to represent that its patents cover far more than they really do – and hence should be more valuable. For example, Ms. Davis has deliberately changed Mr. Musika's descriptions of Apple's utility patents to make it seem that Apple invented more than it did. *See* Dkt. 2386-2, Davis Rpt. ¶¶ 27-29; Dkt. 2386-8 (redline of Ms. Davis's descriptions against Mr. Musika's descriptions). In contrast to Mr. Musika, Ms. Davis now claims the '381 patent covers any "device with a 'rubber banding' or 'bounce back' function." Davis Rpt. ¶ 27. Likewise, unlike Mr. Musika, she describes the '915 patent as covering any "device with a 'scroll vs. gesture' function on a touchscreen display." *Id.* at ¶ 28. And the '163 patent is described as covering any "device with a 'tap-to-zoom' function" applied to any document, rather than just a "structured electronic document." *See id*. at ¶ 29.

Similarly, Apple has disclosed multiple witnesses on its witness list whose only relevance would be to testify about the purported breadth and novelty of its patents. For example, Apple has designated its technical expert on the '381 patent, Ravin Balakrishnan; its hardware design expert, Peter Bressler; its GUI and icon design expert, Susan Kare; its technical expert on the '915 and '163 patents, Karan Singh; one of the inventors of the '163 patent, Scott Forstall; and one of the inventors of the D'677 patent, Christopher Stringer. *See* Dkt. 2406-2 at 3-7. Apple has indicated that each of these witnesses will testify on some variation of the following subjects: "the technical background relevant to the [insert number] patent, Samsung's infringement of that patent and the functionality and operation of Samsung's Infringing Products." *Id.* at 3 (Balakrishnan

1  description).  As explained in Samsung's motion to preclude testimony (Dkt. 2419 at 2-3), these
2  subjects are irrelevant and highly prejudicial, given that validity and infringement have already
3  been decided.  Rather, it appears Apple wants to use these witnesses to "back door" testimony
4  about how purportedly broad and inventive its patents are, and to prejudice Samsung.

5  Should Apple pursue its strategy of aggrandizing its patents or alleging that nonpatented
6  features in Samsung's products are infringing, Samsung is entitled to respond with rebuttal.  For
7  example, if Apple presents an explanation of the patents broad enough to encompass prior art,
8  Samsung must be permitted to use prior art to demonstrate that the patents are in fact narrower.
9  *See, e.g.*, *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (*en banc*)
10 (design patent prior art works "to cabin unduly broad assertions of design patent scope").
11 Understanding the proper scope and novelty of the patents is indisputably relevant to a
12 determination of damages under *Georgia Pacific* factors 9 and 13.  *See Georgia-Pacific Corp. v.
13 United States Plywood Corp.*, 318 F. Supp. 1116, 1119-20 (S.D.N.Y. 1970), *modified and aff'd*,
14 446 F.2d 295 (2d Cir. 1971) (factor # 9:  "The utility and advantages of the patent property over
15 the old modes or devices . . ."; factor #13:  "The portion of the realizable profit that should be
16 credited to the invention as distinguished from non-patented elements . . .").  Apple cannot deny
17 that "prior art" may be relevant to these factors.  Accordingly, Samsung must be permitted to
18 introduce its own evidence and call its own experts, *not to address invalidity*, but to (a) accurately
19 describe the scope of the patents to the jury; (b) explain to the jury what is and what is not
20 inventive about them, as informed by the first jury's verdicts; and (c) rebut any inaccuracies
21 offered by Apple concerning the extent or nature of Samsung's conduct.

22 Indeed, were it *not* permitted to respond, there is a serious risk of severe prejudice to
23 Samsung because Apple will likely overreach – as it did on the notice issue in the first trial – and
24 the jury could issue an award based on an inaccurate view of the patents.  This is because,
25 unmoored by the prospect of facing an invalidity case as they did in the first trial, Apple will have
26 every incentive to describe the patents in the most broad and inventive terms.  In contrast, there is
27 no risk of juror confusion in allowing Samsung to respond because, as noted above, Samsung will
28 not argue invalidity and the jury will be instructed that the patents are valid.

Finally, Apple's attempt to silence Samsung on the basis that its experts' testimony at the first trial was purportedly limited to invalidity is specious.  As noted above, Apple itself has disclosed numerous expert witnesses whose reports and testimony at the first trial were directed to invalidity and/or infringement.  *See, e.g.*, Dkt. 1287 at 4 (description of Peter Bressler's proposed testimony:  "[T]he industrial design, background, and state of the art of the D'889, D'677, and D'087 patents*, Samsung's infringement* and Apple's practice of those patents*, the validity and non-functionality of those patents*, . . .") (emphasis added).  Moreover, Ms. Davis's reasonable royalty analysis relies on post-trial conversations with Apple experts about the novelty and breadth of Apple's patents, which go well beyond their designations in the first trial.  *See, e.g.*, Davis Rpt. ¶¶ 230-238, 245 (citing Ex. 41-S) and Ex. 45 n. 3 (cited by Davis at Ex. 41.1-S).  If Apple were held to its own argument, Ms. Davis would not be permitted to present her reasonable royalty analysis at trial.  In any event, Apple is wrong.  Samsung's experts explicitly discussed the scope of the patent claims in their reports and testimony.[1]

For these reasons, Apple's motion should be denied in its entirety.  With regard to Apple's request to preclude Samsung from "arguing or presenting evidence that any of Apple's five patents is invalid, not inventive, or only involves features that were known" (Mot. at 1:1-4), the motion is moot.  Samsung does not intend to make any such arguments or present such evidence.  With respect to Apple's request to preclude "Samsung from making any reference to 'prior art'" (*id.*), the motion should be denied on the merits.  An accurate understanding of the scope and novelty of the patents is relevant to the jury's damages determination, and Samsung must be permitted to respond to any Apple overreaching on these subjects, including by using prior art, if necessary.

---

[1] *See, e.g.*, Dkt. 2255-6 ¶¶ 51-58 (Van Dam Report); Dkt. 937 ¶¶ 30-41 (Van Dam Declaration); Trial Tr. at 2854:8-17, 2855:10-20, 2857:16-22 2860:21-25; 2861:9-10; 2861:13-2862:1, 2862:18-20, 2863:3-6, 2863:13-14; 2865:10-13, 2868:21, 2870:16-17 (Van Dam trial testimony); Dkt. 2255-2 ¶¶ 123-133, 139-142 (Gray Report on '915 patent); *id.* ¶¶ 287-292, 308-314 (Gray Report on '163 patent); Dkt. 931 ¶¶ 17-27, 56-61 (Gray Declaration); Trial Tr. at 2896:9-12, 2896:18-2897:11, 2898:15-22, 2899:3-6, 2899:25-2900:9, 2900:20-23, 2901:17-19, 2904:1-2, 2904:15-22, 2905:4-6, 2906:1-3, 2910:8-22, 2912:12-15, 2913:14-17, 2913:22-24, 2914:12-17, 2915:13-16, 2916:1-6, 2923:7-19 (Gray trial testimony); Dkt. 2255-19 at 31-32 (Sherman Report); Trial Tr. at 2578:10-2579:7 (Sherman trial testimony); Dkt. 2255-22, Part C at 1-3 (Anders Report); Dkt. 2255-21 at 14, 35, 43-44 (Lucente Report).

1  DATED: September 26, 2013       Respectfully submitted,

2                                   QUINN EMANUEL URQUHART & SULLIVAN, LLP

3

4                                    By: *Victoria F. Maroulis*
                                         Charles K. Verhoeven
5                                        Kevin P.B. Johnson
                                         Victoria F. Maroulis
6                                        William C. Price
                                         Michael T. Zeller
7
                                         Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
8                                        SAMSUNG ELECTRONICS AMERICA, INC. and
                                         SAMSUNG TELECOMMUNICATIONS AMERICA,
9                                        LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28