QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION *IN LIMINE* REGARDING DESIGN AROUNDS**<br><br>Date: October 17, 2013<br>Time: 1:30 p.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

Apple's motion *in limine* on design arounds improperly seeks to re-litigate an evidentiary ruling Apple already lost, is inconsistent with the position of Apple's own expert, Julie Davis – who relies on the jury's non-infringement verdicts as evidence of design arounds – and violates the Court's ruling prohibiting Apple from bringing additional Rule 702 challenges. Just like Ms. Davis, Mr. Wagner should be allowed to present undeniably relevant opinions that have been properly updated solely to reflect what happened in the first trial.[1] Apple's motion should be denied.

**A. Apple seeks to challenge and re-litigate an already-decided evidentiary ruling.** Apple should not be permitted to re-litigate the Court's ruling that Mr. Wagner timely presented his opinions on design arounds, and that he properly relied on Samsung's experts and designers for supporting information. Dkt. 2316 at 2 ("The parties may not relitigate these issues."). The Court ruled – over Apple's objections – that Mr. Wagner could testify on design-arounds at the first trial. Trial Tr. 2998:6-16 ("I'm saying they can."), 2999:7-3000:18 ("I'm going to allow it in."). The Court recognized Mr. Wagner's right to rely on his conversations with Samsung's experts and employees. *Id.* at 2997:23-2998:16. Indeed, Mr. Musika relied on similar sources for his design around opinions, as does Ms. Davis. *See* Dkt. 2386-2, Davis Rpt. Ex. 39.3-S n.5, Ex. 45 n. 3. Mr. Wagner testified at length about design-arounds at trial. Trial Tr. 3035:11-3038:19, 3053:18-3056:18. Apple's attempt to re-litigate these issues should be rejected.

**B. Mr. Wagner's design around opinions based on the jury's verdicts are not new and are consistent with Apple's expert's opinions.** Mr. Wagner's opinions about the significance of the jury's non-infringement verdicts are not new. At the first trial, Mr. Wagner testified that if the jury found that some, but not all, of the accused products infringed a patent, then the non-infringing products "would be commercially acceptable alternatives, designs that could have been used instead of the infringing designs." Trial Tr. 3038:4-19. There is no basis to preclude Mr. Wagner from repeating his prior opinion on acceptable design arounds to the new jury, merely updated to reflect the jury's actual verdicts.

Apple's position is also flatly inconsistent. Ms. Davis herself accepts that certain jury findings

---

[1] Samsung's response to Apple's arguments concerning reexamination materials are contained in Samsung's Opposition to Apple's Motion *in Limine* Regarding Reexamination Proceedings, filed concurrently herewith.

of non-infringement prove the existence of design arounds, and she adjusts Mr. Musika's damages calculations as a result. *See* Davis Rpt. ¶ 92 (adjusting Mr. Musika's lost profits analysis "to account for the jury's verdict" that the Intercept and Galaxy Tab 10.1 4G LTE do not infringe); *see also* Alden Decl. Ex. A, Davis Dep. Tr. 114:20-116:12 (Ms. Davis assumed the Intercept "is a noninfringing alternative" and Galaxy Tab 10.1 4G LTE "would have been an acceptable alternative."). Mr. Wagner's challenged opinions are no different. Like Ms. Davis, Mr. Wagner believes the jury's verdicts show the availability of non-infringing alternatives. *See* Dkt. 2382-3, Wagner August 2013 Rpt. ¶¶ 232-33, 484-85, 493-94, 518-19.[2]

**C. Mr. Wagner does not opine that "the jury verdict significantly narrowed the scope of the D'677 patent" (Mot. at 1:11-12).** Contrary to Apple's assertion, Mr. Wagner has never stated that the jury verdict narrowed "the scope of the D'677 patent" (Mot. at 1). Rather, he noted that the jury's verdict narrowed "the design IP at issue for the Infuse 4G." Wagner August 2013 Rpt. ¶¶ 232, 518. Apple accused the Infuse 4G of infringing or diluting six design IP elements: the D'677, D'087, and D'305 patents; registered iPhone trade dress; unregistered iPhone 3G trade dress; and unregistered combination iPhone trade dress. *Id.* at ¶ 518. Of these elements, the jury found the Infuse 4G liable for infringing only the D'677 and D'305 patents. *Id.* Apple's failure against the Infuse 4G on the D'087 patent and its trade dress claims result in the availability of additional non-infringing alternatives. *See id.* at ¶¶ 232-237 (in light of jury verdict, white or grey Infuse 4G is an available alternative). Whereas before these alternatives were still accused of infringing and diluting the D'087 patent and Apple's trade dress, respectively, they now conclusively do not.

Likewise, in light of the verdicts on trade dress, several more phones in the new trial never accused of infringing the D'677 are now undeniably free from any liability on Apple's design IP

---

[2] Apple's objection that Mr. Wagner's challenged opinions were not timely disclosed in contention interrogatories is specious. Mot. at 2. *First*, Apple did not disclose Ms. Davis's verdict-based design around opinions in response to Samsung's contention interrogatories, so adopting Apple's argument would result in the preclusion of her lost profits opinion. *See* Dkt. 1384-27, Apple Response and Supplemental Response to Samsung's Interrogatory No. 8 at 3-7. *Second*, the reason neither Apple nor Samsung disclosed these verdict-based opinions in contention interrogatories is obvious: they did not exist. *Third*, Apple does not deny that Mr. Wagner disclosed detailed design-around theories in his April 20, 2012 expert report. *See* Dkt. 999-18, Wagner April 2012 Rpt. ¶¶ 441-443, 450-51, 467-468, 475-487. *Fourth*, as discussed *supra,* Mr. Wagner discussed these opinions at trial.

claims, and are therefore available non-infringing alternatives. *See id.* at ¶¶ 517-526 (in light of jury trade dress verdicts, three formerly accused phones are available alternatives). For example, the Captivate was accused of diluting Apple's trade dress, and was therefore not a candidate to be a non-infringing alternative for the D'677 patent. In light of the jury's verdict that the Captive is not liable on any of Apple's trade dress claims, it is now an available non-infringing alternative.

As discussed above, all of these non-infringing alternatives flow directly from the jury's non-infringement verdicts. Mr. Wagner testified at the first trial that the jury's non-infringement verdicts would be a source of non-infringing alternatives (Trial Tr. 3038:4-19), and Ms. Davis herself relies on the same verdicts for the same purpose. *See* Davis Rpt. ¶ 92; Davis Dep. Tr. 114:20-116:12.[3]

**D. Apple's objections under Federal Rules of Evidence 702, 606 and 403 violate the Court's rulings and are spurious**. Having erroneously accused Samsung of violating the Court's ruling proscribing additional challenges to expert theories under Rule 702 (Dkt. 2405 at 4:17-5:2) – even though Samsung did not challenge any of Ms. Davis's theories – Apple itself violates the Court's ruling by expressly invoking this Rule to challenge Mr. Wagner's theories. Apple's motion should be denied on this basis alone. Even if entertained by the Court, Apple's arguments under Rule 702, as well as Rules 606 and 403, are meritless. *First*, Apple never challenged Mr. Wagner's design around theories before under Rule 702 and has thus waived any such challenge. *Second*, Mr. Wagner offers no opinions on claim construction or infringement. He is simply relying on the jury's verdicts, as does Ms. Davis. *Third*, Mr. Wagner's "competent evidence" (Mot. at 3:10-11) to support his design around theories are the jury's non-infringement verdicts themselves. He does not need a technical expert to provide a supplemental report on what the jury already decided. *Fourth*, Rule 606 is irrelevant. The Rule concerns the testimony of jurors. Fed. R. Civ. P. 606. Mr. Wagner is not relying on any juror testimony; nor is he speculating about juror mental processes. *Finally*, Apple has identified no prejudice, nor could it, given that Ms. Davis relies on the same verdicts.

For these reasons, Apple's motion *in limine* should be denied in its entirety.

---

[3] Contrary to Apple's assertion (Mot. 1:17-21, 2:12-16), unless the Court decides to expand the scope of evidence that may be used at trial, Samsung does not intend to rely on Mr. Gray's post-trial source code analysis.

1  DATED: September 26, 2013          Respectfully submitted,

2                                     QUINN EMANUEL URQUHART & SULLIVAN, LLP

3
                                        By: *Victoria F. Maroulis*
4                                           Charles K. Verhoeven
                                            Kevin P.B. Johnson
5                                           Victoria F. Maroulis
                                            William C. Price
6                                           Michael T. Zeller

7
                                       Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
8                                      SAMSUNG ELECTRONICS AMERICA, INC. and
                                       SAMSUNG TELECOMMUNICATIONS AMERICA,
9                                      LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28