HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>               Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>               Defendants. | Case No.   11-cv-01846-LHK (PSG)<br><br>**APPLE'S REPLY IN SUPPORT OF MOTION PURSUANT TO AUGUST 22, 2013, ORDER TO STRIKE OR LIMIT WITNESSES IDENTIFIED IN SAMSUNG'S SEPTEMBER 9, 2013, TRIAL WITNESS LIST**<br><br>Date:      October 17, 2013<br>Time:     1:30 PM<br>Place:     Courtroom 8, 4th Floor<br>Judge:    Hon. Lucy H. Koh |

## I. THE COURT SHOULD REJECT SAMSUNG'S IMPROPER COLLATERAL ATTACK ON THE COURT'S ORDERS

There is no question that Samsung's witness list violates the Court's order that witness lists should be limited to the parties' July 23, 2012, lists and "topics for which [witnesses] were timely disclosed." (Dkt. No. 2369 at 2.) Samsung included individuals not on its final list and topics for which witnesses were not timely disclosed. (Mot. at 2-3.)

Unable to show compliance, Samsung instead makes collateral attacks on the Court's orders. Samsung argues that the Court should not enforce its orders because of the "different emphasis of the new trial" and lack of prejudice. (Opp'n at 2:1.) The prejudice to Apple is that Apple complied with orders that Samsung ignored and designated witnesses only from its final July 23, 2012, list. If Samsung wanted relief, it should have moved for reconsideration, not resorted to self-help through a non-compliant witness list and post hoc arguments in its opposition.

### A. Samsung Should Not Be Permitted To Call Live Any Witness It Listed Solely By Deposition Designation In The Prior Trial, And Vice Versa.

Samsung should not be permitted to pretend that the separate live witness and deposition lists ordered by the Court were one omnibus list. The Court set separate limits before the first trial: 50 live witnesses and 45 witnesses by deposition. (Dkt. No. 1267 at 2.) Neither party was permitted to treat witnesses disclosed on one list as if disclosed on the other. To allow otherwise would have afforded each party 95 live witnesses, exactly what the Court forbade.[1]

The narrow scope of the new trial does not justify expansion of the prior disclosures. The new trial is a subset of the original trial and cannot justify the "flexibility" (Opp'n at 1) Samsung demands. Apple would be prejudiced if, after Apple followed the Court's orders and lived with its prior witness lists, Samsung is permitted greater flexibility simply by ignoring the Court's orders.

---

[1] Samsung does not contest Apple's argument that the Court should require Samsung to call live, limited to subject matter identified in Samsung's final deposition designations, the ten Apple employees whose deposition testimony would be hearsay. (Dkt. No. 2413 at 2:1-10.)

APPLE'S REPLY ISO MOT. TO STRIKE OR LIMIT SAMSUNG WITNESSES
CASE NO. 11-CV-01846-LHK (PSG)
sf-3336933

1

### B. Samsung Should Not Be Permitted To Call Witnesses Not On Its Final Witness List.

Samsung's argument that it may draw from *Apple's* final witness list in forming its own list is baseless.[2] The Court's Standing Order limits a party to witnesses "disclosed in *its* Joint Pretrial Statement[.]" (Jan. 3, 2011 Standing Order at 2:13-17.) In this context, it is clear that when the Court limited the parties to "final exhibit and witness lists," it was referring each party to *its own* lists. (Dkt. No. 2369 at 2.) Samsung's position is also inconsistent with the Court's "groundhog day" approach (Apr. 29, 2013 Hr'g Tr. at 41:19), as Samsung argues it should be free to draw each of its witness lists from a pool of at least *190* names—its own live witnesses and deposition witnesses, and all of Apple's lists.[3] Samsung's assertion that any witnesses Apple called would have been subject to cross-examination is irrelevant to the question of prejudice, as cross-examining a witness within the scope of direct examination is not equivalent to calling a witness adversely on topics not previously disclosed. Again, Apple operated within the Court's orders while Samsung did not, placing Apple at a disadvantage if Samsung is excused.

Samsung admits that it omitted Mr. Bang and Dr. Sukumar from its 2012 final lists strategically, not inadvertently. (Opp'n at 2:1-6, 6:22-7:9.) Samsung should not be granted an opportunity to call them now because it perceives a strategic advantage. Samsung's assertion that Apple "appeared to agree with the logic" of permitting Samsung to call Dr. Sukumar (Opp'n at 7:8-9) is disingenuous. Apple repeated that the parties were limited to final witness lists and declined to stipulate that Samsung could call Dr. Sukumar. (Dkt. No. 2443-2 at 86:8-22.)

---

[2] Samsung does not specify which witnesses in Apple's motion Samsung believes are permitted because they were on Apple's witness lists, but Apple presumes that Samsung is referring to Drs. Balakrishnan, Bressler, Kare, and Singh. (Mot. at 2:15-19.)

[3] *Price v. Seydel*, 961 F.2d 1470 (9th Cir. 1992), is inapposite. In *Price*, a plaintiff attempted to call a defendant and the court held that a party "has the right to call another party," *id.* at 1474, whereas here, Samsung seeks to convert Apple's entire witness list into its own. But even if the *Price* factors were applied, the prejudice to Apple, disruption to the orderly trial of the case, and Samsung's willfulness in failing to comply with the Court's orders would support exclusion. *See Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1140 (9th Cir. 2006) (exclusion was not abuse of discretion where proponent "kn[ew] of [witness] for some time, didn't move to amend the pretrial order, [and] didn't list him in the pre-trial order").

**C.   Samsung Should Not Be Permitted To Call Witnesses On Topics For Which They Were Not Timely Disclosed.**

Samsung's witness list violates the Court's order that witnesses must "be limited to the topics for which they were timely disclosed." (Dkt. No. 2369 at 2.) Samsung does not dispute that it failed to disclose Mr. Shim, Mr. Park, and Ms. Yi on the topic of hypothetical design-arounds in its initial disclosures and relevant interrogatory responses. Samsung's claim that it had no reason to investigate design-arounds until Mr. Musika's report was served ignores that Apple disclosed as early as September 2011, well before Samsung gave those interrogatory responses, that it was seeking lost profits, which made design-arounds relevant. (Dkt. No. 817-2 at 27-30.) And no prior ruling allowed Samsung employees to testify about hypothetical design-arounds—to the contrary, this testimony would conflict with Judge Grewal's sanctions order, affirmed by this Court, excluding design-around evidence. (Dkt. Nos. 898, 1106, 1545.) The Court allowed Mr. Wagner to testify about time-frame and costs of hypothetical design-arounds (Trial Tr. 2997:9-21, 2999:18-3000:18), but nothing in that limited exception permits other witnesses to talk about hypothetical design-arounds.

## II.   SAMSUNG SHOULD NOT BE PERMITTED TO CALL WITNESSES WHOSE TESTIMONY WOULD BE IRRELEVANT TO DAMAGES

**Samsung Non-Infringement and Invalidity Experts (Anders, Sherman, Lucente, Van Dam)**. Samsung originally offered these witnesses on invalidity and non-infringement but now seeks to offer them for different topics. (Mot. at 4-5.) That alone precludes their testimony (*see* Dkt. No. 2369 at 2:18-19), but their testimony also is irrelevant. Samsung argues these witnesses would be needed "if Apple presents a misleading broad explanation of the patents" (Opp'n at 4:9-11), but fails to support its speculation. Samsung fails to identify any opinion by Ms. Davis that misstates the scope of the patents. Instead, it points to three innocuous paragraphs of her report (*id.* at 3:20-23) that, as Apple has shown, are aligned with claim language and use the same shorthand to describe patent functions that Mr. Wagner uses. (Dkt. No. 2465 at 4-5.) Samsung's straw-man argument does not warrant allowing these witnesses to testify about new topics. Samsung's argument that it may present expert testimony on "non-infringing alternatives," including Samsung devices that were not accused or were found not to infringe (Opp'n at 6:10-

12), fails as (1) the Court precluded Samsung from presenting evidence of design-arounds for the '381 and '163 patents (Dkt. No. 1106 at 3-4); (2) Samsung's theory that the jury verdict made available new non-infringing alternatives is untimely disclosed and cannot come in through any witnesses (*see* Dkt. No. 2403); and (3) none of these experts has disclosed any such opinions.

**Apple Witnesses on Infringement and Validity (Bressler, Kare, Balakrishnan, Singh, Sinclair)**. These witnesses were not on Samsung's July 23, 2012, list. That alone precludes Samsung from calling them. Samsung also fails to show that they have testimony relevant to its damages case. Samsung does not even refer to Mr. Sinclair, and mentions the others only by noting that Apple included them on its witness list and citing where Mr. Wagner referenced three of their expert reports. (Opp'n at 3:23-4:2, 5:5-20.) But Mr. Wagner's citation of Dr. Kare's trade dress opinions is irrelevant and his passing references to Dr. Balakrishnan's and Dr. Singh's descriptions of Apple's patents do not show that they affected his damages calculations. (Dkt. No. 999-18 ¶¶ 368, 440, 449, 466.) Apple's listing its own experts does not mean that Samsung can do the same. Unlike Samsung, Apple included these experts on its July 23, 2012, list.

**Samsung Witnesses on Design and Function (Kim, Lee, Ryu, Shin, Wang, Yi)**. Samsung argues these witnesses can testify about its "pre-existing non-accused designs" to support its theory that such designs are non-infringing alternatives (Opp'n at 6:10-14), but Samsung did not timely disclose these witnesses on this topic. Samsung also argues that they can rebut evidence that Samsung copied Apple (*id*. at 6:15-21), but evidence of Samsung's design process cannot rebut evidence that Samsung recognized the desirability of Apple's patented designs. (*See* Dkt. No. 2465 at 1-3.) Such testimony would also improperly introduce Samsung's independent development theory, which the Court excluded. (Dkt. Nos. 1676, 1690 at 8-9.)[4]

**Apple Inventors (Anzures, Chaudhri, Christie, Platzer, Satzger, Williamson)**. Samsung argues that these witnesses are needed to rebut Apple's purported intent to inflate the scope of its patents. That argument fails as discussed above regarding Samsung's experts.

---

[4] Samsung argues that it should be permitted to call Mr. Denison and Mr. Bang for the same purposes as the design and function witnesses. If the Court allows their testimony at all, they should be precluded from testifying on these topics for the reasons discussed above.

1 | Dated: September 30, 2013        MORRISON & FOERSTER LLP

By: */s/ Harold J. McElhinny*
    HAROLD J. MCELHINNY

Attorneys for Plaintiff
APPLE INC.