HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S REPLY IN SUPPORT OF MOTION PURSUANT TO AUGUST 21, 2013 ORDER TO EXCLUDE EXHIBITS ON SAMSUNG'S EXHIBIT LIST**<br><br>Date:   October 17, 2013<br>Time:   1:30 PM<br>Place:  Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

**I.     Exhibits Not on Samsung's Final Exhibit List (DX680; PX10, 20, 22; PDX14, 26, 29; New Trial Exs. 1, 4, 5, 7, 8, 10; Davis Specific Exs. 39, 40).** The Court explicitly limited each party to its final exhibit list. (Dkt. No. 2369 at 2.)

**II.    Exhibits Excluded or Admitted with a Limiting Instruction on Issues No Longer Relevant (PX22 (excluded); DX526 (limited to alternative designs/functionality), 586 (limited to notice)).** The Court already addressed these exhibits. (*See* Trial Tr. 1403:6-7 (PX22); Dkt. No. 1889 (DX526, 586).) Those prior rulings apply to the retrial. (Aug. 21, 2013 Hr'g Tr. 12:14-16.)

**III.   Prior Art and Invalidity (DX528, 546, 548, 550, 551, 556, 578; PX10, 20, 22; PDX14, 26).** Samsung provides no theory under which these exhibits affect damages. Samsung originally identified many of them as relevant only to "prior art/invalidity," and Mr. Wagner's report did not mention any of these prior art exhibits, even when discussing "the utility and advantages of the patent property over the old modes and devices" under *Georgia-Pacific* factor 9. (Lodged at Dkt. No. 2401(Wagner 8/26/2013) ¶¶ 471-527.) There is a high risk that the jury would use these "prior art/invalidity" exhibits impermissibly to reevaluate whether Apple's patents are valid, and the resulting prejudice to Apple far outweighs any probative value.

Nor can Samsung justify offering PX10, 20, and 22 and PDX14 and 26 on the same basis that Apple offered them at the first trial, which was to rebut Samsung's claims that Apple's designs were functional. Validity has already been established and cannot be revisited.

**IV.    Reexamination Files (New Trial Exs. 7, 8).** The Court has precluded the parties from introducing new evidence, such as these post-trial reexamination files. (*See* Dkt. No. 2320 at 81:25-82:1 (damages retrial is "going to be limited to the same evidence that was before the jury of 2012"); *id.* at 83:21-24 (new evidence "would create more confusion" and "more complicated" appellate review).) Moreover, the reexamination files focus on the validity of Apple's claims, which is unrelated to the amount of damages caused by Samsung's infringement. Inviting the jury to reconsider validity is improper and would severely prejudice Apple. Nor can Samsung establish that Apple is arguing inconsistent positions concerning the scope of the '381 and '915 patents. As Apple has shown (Dkt. No. 2465 at 4-5), Ms. Davis's shorthand descriptions of the

APPLE'S REPLY ISO MOTION PURSUANT TO AUGUST 21, 2013 ORDER TO EXCLUDE EXHIBITS ON SAMSUNG'S EXHIBIT LIST
Case No. 11-cv-01846-LHK (PSG)

1

1  patents (e.g., "rubber banding" and "bounce back") echo the words that Samsung's own expert
2  uses.  (Lodged at Dkt. No. 2401 (Wagner 8/26/2013) ¶¶ 471, 486.)

3  **V.    Utility Patent Infringement (DX751; PDX29; New Trial Ex. 10).**  Admitting these
4  infringement videos would improperly invite the jury to reconsider infringement.  Although
5  Samsung now argues that the videos illustrate non-infringing alternatives to the '381 and '163
6  patents, Mr. Wagner's design-around theory is new and reflects improper speculation about the
7  bases of the jury's verdict that certain accused products did not infringe.  (*See* Dkt. No. 2381 at 6
8  & n.7.)  Mr. Wagner's report did not disclose his reliance on DX751 or New Trial Ex. 10.  Nor
9  has any technical expert provided any report on why this evidence supports Mr. Wagner's new
10 theories.  Samsung's opposition identifies no witness who can sponsor these exhibits.

11       Nor should Samsung be permitted to use PDX29 to cross-examine Ms. Davis.  That cross-
12 examination would simply be an attempt to present Samsung's new and untimely disclosed
13 arguments based on speculation regarding how the jury reached its verdict, which Samsung
14 cannot offer through its own witnesses.  Apple has filed a motion *in limine* to preclude Samsung
15 from doing precisely that (*see* Dkt. No. 2403), and it justifies excluding these exhibits as well.

16       Apple's decision to drop its infringement claim as to the Intercept does not excuse
17 Samsung's late disclosure of New Trial Exhibit 10.  If Samsung believed the Intercept was a non-
18 infringing alternative to the '381 patent, it should have disclosed that theory prior to the first trial.

19 **VI.   Samsung's Supposed Independent Development (DX526, 680, 682, 683).**  Samsung
20 cannot rebut Apple's evidence of demand for the patented products and features by presenting
21 evidence of its supposed independent development.  Because the risk that the jury could use these
22 documents for an improper purpose (such as to reduce the amount of damages based on a
23 perceived lack of culpability) is high, the Court should exclude them under FRE 403.

24       Samsung incorrectly suggests that the Court has "ruled numerous times" that these
25 exhibits are admissible.  (Dkt. No. 2440 at 3-4.)  In fact, the Court rejected Samsung's multiple
26 attempts to offer this evidence during the first trial.  (Trial Tr. 292:11-12 ("We've done three
27 reconsiderations on this and we need to move forward.").)  And the Court expressly held that
28 Samsung could not offer evidence of the development of the F700 (DX526) to argue independent

APPLE'S REPLY ISO MOTION PURSUANT TO AUGUST 21, 2013 ORDER TO EXCLUDE EXHIBITS ON SAMSUNG'S
EXHIBIT LIST
Case No. 11-cv-01846-LHK (PSG)

2

1 design (Dkt. No. 1690 at 9), which is the very purpose for which Samsung seeks to offer it now.

2 **VII. Notice Date (DX586).** The March 1 Order established "the correct notice date[s]" on
3 which damages begin for purposes of the damages retrial. (Dkt. No. 2271 at 18.) The dates of
4 Apple's complaints in this case are also dates on "which the parties agree gave Samsung notice of
5 all of the asserted IP." (*Id.* at 16.) Because DX586 was admitted solely to address notice and is
6 not admissible to prove the amount of damages under FRE 408, it should be excluded.

7 **VIII. Alleged Apple Tax Avoidance (Davis-Specific Ex. 40).** The May 21, 2013 Senate report
8 falls outside the "extremely limited" scope of the damages retrial. (Dkt. No. 2316 at 3; Dkt. No.
9 2320 at 81:25-82:1 (damages retrial is "going to be limited to the same evidence that was before
10 the jury of 2012").) Contrary to Samsung's argument, Ms. Davis's supposed lack of expertise on
11 issues of taxation is no reason for admitting that recent Senate report. Samsung did not challenge
12 Ms. Davis's qualifications to make comments related to taxes under FRE 702. (*See* Dkt. No.
13 2385.) Nor did she give tax opinions in her report. Samsung seeks to use the Senate Report to
14 smear Apple as an alleged tax dodger; the Court ruled that the parties could not use such tactics in
15 the first trial. (July 18, 2012 Hr'g Tr. 135:6-8.) The report is irrelevant and unduly prejudicial.

16 **IX. HTC Settlement (Davis-Specific Ex. 39).** Contrary to Samsung's assertion, Apple did
17 not "inject the Apple-HTC license agreement into the new trial." (Dkt. No. 2440 at 5.) In fact,
18 Ms. Davis stated that she did *not* include the HTC license in her analysis so as to comply with the
19 Court's order forbidding such new evidence from the damages retrial. (*See* Dkt. No. 2386-2 at 83
20 n.247.) Davis-Specific Exhibit 39 is undeniably new evidence and should be excluded on that
21 basis. (*See* Dkt. No. 2320 at 81:25-82:1.) Neither party should present or discuss the HTC
22 license.

23 **X. Apple's Competitive Analysis (DX712, 2519).** There is no inconsistency in Apple's
24 intention to offer documents showing Samsung's copying of Apple's patented products and
25 features and Apple's request to exclude documents containing its own analysis of its competitors'
26 products, such as DX712 and DX2519. Samsung compared its prototypes to Apple's products
27 and explicitly instructed its designers and engineers to adopt Apple's patented designs and
28 technology, which demonstrates demand for the patented products and features. In contrast,

Apple's description of its competitors' products is entirely unrelated to the patents-in-suit and is not probative of demand for the patented products and features or any damages issue. Because the high risk that the jury could use documents showing Apple's competitive analysis for an improper purpose substantially outweighs their minimal probative value, the Court should exclude DX712 and DX2519 under FRE 403.

**XI. Prior Rulings and Post-Trial Proceedings (New Trial Exs. 4, 5).** Introduction of the Court's order denying equitable relief (New Trial Ex. 5) and Apple's opposition to Samsung's post-trial JMOL motion (New Trial Ex. 4) would create a high risk of confusion, which under FRE 403 substantially outweighs any probative value. Samsung does not contend that Ms. Davis's damages opinions rely on those documents; it instead attempts to show that she relied on comparable documents. She did not. The fact that Ms. Davis's background discussion of the procedural posture of the case cites other post-trial orders that govern the damages retrial does not make every post-trial filing relevant, let alone admissible.[1] She cites the proposed injunction order solely to introduce her opinions on irreparable harm, which she explicitly states will *not* be provided to the jury. (Dkt. No. 2386-2 ¶ 76.) Ms. Davis never "relied on" the post-trial declarations to which Samsung refers. They appear solely on her list of documents received and are not cited anywhere in her report. Nothing in Ms. Davis's report justifies Samsung's attempt to introduce this highly prejudicial, irrelevant evidence.

**XII. Wagner Trial Exhibits Using New and Improper Methodologies (Updated DX781; New Trial Ex. 1).** DX781 and New Trial Exhibit 1 have not merely been "updated" to reflect the products and periods at issue in the new trial. Rather, these exhibits contain impermissible new data and methodologies, and the Court should exclude them for the same reasons that it should grant Apple's related motion to strike (Dkt. No. 2381). Because the data and methodologies reflected in DX781 and New Trial Exhibit 1 are new, Apple could not have and has not waived any objections to those exhibits.

---

[1] Contrary to Samsung's suggestion, Ms. Davis does not rely on the Court's March 1 Order as evidence of any disputed fact. The notice date is not a disputed fact for purposes of the retrial.

Dated: September 30, 2013		MORRISON & FOERSTER LLP

By: */s/ Harold J. McElhinny*
	HAROLD J. McELHINNY

Attorneys for Plaintiff
APPLE INC.

APPLE'S REPLY ISO MOTION PURSUANT TO AUGUST 21, 2013 ORDER TO EXCLUDE EXHIBITS ON SAMSUNG'S EXHIBIT LIST
Case No. 11-cv-01846-LHK (PSG)

5