QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**REPLY IN SUPPORT OF SAMSUNG'S MOTION TO EXCLUDE APPLE'S PROPOSED TRIAL EXHIBITS**<br><br>Date:     October 17, 2013<br>Time:    1:30 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

A.   **Apple's Prejudicial "Copying" Evidence Should Be Excluded In Its Entirety**

Rather than responding to Samsung's Rule 403 objection, Apple chose to mischaracterize it. Samsung does not contend that Apple's so-called "copying documents" should be excluded because they are "unfavorable " or will "complicat[e] its presentation of evidence." *See* Opp. at 3.  Instead, Samsung correctly contends that admitting this evidence is likely to influence the jury to award damages designed to punish Samsung and turn the narrow damages retrial into a sideshow on copying.  Even in cases with willfulness and nonobviousness at issue—where copying evidence is *most relevant*—courts have held the probative value of copying evidence is outweighed by its prejudice.  *ICU Med., Inc. v. RyMed Techs., Inc.*, 752 F. Supp. 2d 486, 493 (D. Del. 2010); *Asyst Techs., Inc. v. Empak, Inc.*, 2007 WL 120845, at *2 (N.D. Cal. 2007); *see also Uniloc USA, Inc. v. Microsoft Corp.*, 640 F. Supp. 2d 150, 184 (D.R.I. 2009) (copying evidence carries the "likelihood to confuse, distract and taint consideration of the other issues.").[1]

The first time Apple claimed copying is "integral to Apple's damages theories" (Opp. at 4) was *after* the Court ruled that the new trial would be "a very limited retrial on damages."  Dkt. 2320 at 43:16.[2]  Apple's *post hoc* theories of relevance are far too attenuated to justify this prejudicial "copying" evidence in a narrow damages trial.  Apple cannot cite a single case holding that copying is relevant to *Georgia-Pacific* factor 9, or any other aspect of the reasonable royalty analysis.

Apple's claim that copying is relevant to lost profits fares no better, and has been rejected by this and other courts.  *See, e.g., Leapfrog Enters., Inc. v. Fisher-Price, Inc.*, 2005 WL 1331216, at *3 (D. Del. 2005) (excluding copying evidence under Rule 402 as "irrelevant to lost profits").  Apple argues that the jury should be permitted to infer that the patented features are important to

---

[1]  Apple overstates the import of the Court's refusal to allow evidence of design-arounds excluded from the first trial. Dkt. 2320 at 80:22-84:13.  The Court did not want to open the door to evidence unavailable to the first jury, but the Court has never held that all evidence before the first jury must be available to the second.  That would be nonsensical given the scope of the new trial.

[2]  Apple's counsel never once mentioned copying in urging the jury to adopt Apple's damages calculations. (Dkt 2406 at 1.)  Mr. Musika discussed just 2 of 29 challenged exhibits at trial (PX34 and PX194)—and repeatedly insisted that his damages opinions did not rely on Apple's allegations that these documents show copying (Trial Tr. at 2154:12-2155:21).  Nearly two-thirds of the challenged exhibits were not even cited in Musika's expert report—including PX35, PX37, PX41, PX47, PX48, PX49, PX53, PX55, PX56, PX89, PX172, PX179, PX186, PX2257 or PX2261.

consumers based on anecdotal statements by Samsung engineers.  Yet the Court already recognized that "[e]vidence of copying . . . proves what Samsung **thought** would attract purchasers, not what **actually** attracted purchasers."  Dkt. 2197 at 11; *see also Apple Inc. v. Samsung Elecs. Co., Ltd.*, 678 F.3d 1314, 1328 (Fed. Cir. 2012) ("the relevant inquiry focuses on the objective reasons as to why the patentee lost sales, not on the infringer's subjective beliefs as to why it gained them").  Neither are these documents relevant to non-infringing alternatives because Ms. Davis assumes that Samsung would switch to hypothetical non-infringing alternatives, Davis Rpt. ¶108, and the "only disagreement" is whether Samsung needs "six months versus four weeks" to design around the '915 patent.  Trial Tr. at 3000:5-12.  **Not one** of Apple's "copying documents" relates to the '915 patent.

Apple wrongly asserts that *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351 (Fed. Cir. 2012), demonstrates that copying is relevant to lost profits.  (*See* Opp., Dkt at 4.)  Apple misrepresents the facts of that case.  The *Presidio* court did not address any Rule 403 objection, and, more importantly, **did not address copying evidence**.  Instead, the court cited a document in which defendant **praised** its own infringing product in comparison to the plaintiff's product that did not practice the invention, and asserted that its own product was **superior because of the patented feature**.  *Id.* at 1360; *see also id.* at 1357 (noting that plaintiff "conceded that the [asserted] patent did not cover" its product).  *Presidio* does not support Apple's position.

The following are additional and alternative grounds to exclude each "copying document."

**1.   <u>Documents related to unaccused products cannot be admitted.</u>**  Apple's claim that these documents are relevant to "demand and lack of suitable non-infringing alternatives" is misguided for three reasons.  First, documents relating to Apple's GUI (*e.g.* PX35, PX39, PX48, PX53, PX179, PX2257) cannot be relevant to the *Panduit* factors because Apple is not seeking lost profits for the D'305 patent (*see* Davis Rpt. Ex. 15-PT).  Second, the bulk of these documents offer no support for Apple's claim that Samsung "incorporate[d] Apple's patented features" because they relate to products that Apple has never even accusing of infringement.  *E.g.* PX 35, PX39, PX47.  Third, the claim that PX46 and PX44 prove "the unique value of the patented features" rests on a gross misconception of the patents-in-suit—Apple's own experts testified that Samsung can implement the same effects without infringing.  S*ee* Trial Tr. at 1783:1-20 (Balakrishnan: "You can

1    have all kinds of things that bounce that don't . . . meet the elements of Claim 19"); 1878:22-

2    1879:13 (Singh agreeing that tap-to-zoom existed before the '163 patent). Apple's arguments fail.

3         **2.  Documents intended to re-litigate liability claims are beyond the scope of the retrial.**

4    Contrary to Apple's assertion, the trial record demonstrates that Apple offered many documents

5    solely to prove liability.  Apple's damages expert did not refer to any of these documents in his trial

6    testimony—nor did his report cite PX49, PX55, PX186 and PX2261.  Apple's counsel argued these

7    documents solely in regard to infringement.  *See* Trial Tr. at 319:16-320:19 (PX40), 324:18-325:12

8    (PX57), 4082:13-4083:10 (PX40), 4097:5-4100:14 (PX55).  None of these documents is relevant to

9    damages.  Apple now claims PX40 is "quintessential evidence of demand" for patented features,

10   but it relates to an unaccused phone (Omnia), running a different GUI (the Bada platform), and

11   comments generically on the iPhone's "UX."  PX55 relates only to the D'305 patent, for which

12   Apple is not seeking lost profits, so it is indisputably irrelevant.  PX57, PX186, and PX195 are

13   completely irrelevant and once again relate to generic "bounce features" not covered by the '381

14   patent.  Any probative value of this evidence does not justify litigating prejudicial collateral issues.

15        **3.  Documents related to Samsung's tablet designs are entirely irrelevant.**  Apple insists

16   on proffering the exhibits that supported its failed tablet design claims even though they cannot be

17   probative of damages here.  Apple doesn't even attempt to establish probative value that would

18   outweigh the prejudice of these irrelevant, inflammatory documents. *See, e.g.,* PX59.19 ("Greatest

19   number of customer return type were those who purchased [Tab 10.1] thinking it was an Apple

20   iPad2"); PX172 (blog stating that "Samsung has thrown in the towel on innovative tablet design").

21        **4.  Documents that were previously excluded.**  The Court has made clear that "anything

22   that was previously excluded . . . does not fall within the proper scope of this trial."  *See* Dkt. 2443-

23   1 at 12:14-16.  Apple itself identified PX41, PX178 and PX179 as excluded from the first trial.

24   Dkt. 1973 at 2-3.  Apple repeatedly and successfully objected to Samsung's cross-examination of

25   witnesses using documents that were not timely disclosed in expert reports.  *See, e.g.*, Dkt. 1519.

26   Apple cannot now advocate for a different and one-sided rule in the new trial, particularly because

27   Mr. Musika's expert reports did not cite PX41 or PX179, and did not identify PX178 as evidence of

28   consumer demand.  *See* Dkt. 2386-4, Musika Supp. Rpt. at Ex. 24-S, Ex. 25-S.

**B.** **General Praise Unrelated To The Patented Features Must Be Excluded**

Apple cannot admit documents containing praise for "the industrial design and user interface of Apple's products" generally because demand for the patented products is not in dispute. Wagner Rpt. ¶98 ("I agree . . . that there is demand for the patented product."). The only dispute regarding consumer demand is whether demand exists for the *patented features*. *See* Dkt. 2197 at 8 (Apple's design "includes . . . a whole host of unprotectable, unpatented features"); *id.* at 10 (patented features are "very specific"). "Easy and intuitive U/I" and "beautiful design," *see* Davis Rpt at ¶106 on p. 4, are *not* patented features, so praise for such generic features will not assist the jury and will only mislead them into awarding improper damages. *See ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010) ("Any evidence unrelated to the claimed invention does not support compensation for infringement but punishes beyond the reach of the statute.").

**C.** **Financial Information Relating To Products Not At Issue Must Be Excluded**

PX1500A should be excluded or amended because it is misleading and unhelpful in setting damages for the *13 Samsung products at issue*. Any marginal relevance to the commercial success of products not at issue is vastly outweighed by the risk that the jury's award will be influenced by sales for which Apple has already been fully compensated. The jury also may mistakenly include sales of unaccused products—just as the last jury mistakenly awarded damages for products found not to infringe. Nor can Apple justify including unaccused products in PX29A to show alleged inaccuracies in cost data. The issue is not the reliability of Samsung's cost data in the abstract, but the reliability of Samsung's cost data for the seven new trial products that are eligible for an award of Samsung's profits. The link between supposed inaccuracies in Samsung's data for other products and the reliability of Samsung's data for the seven relevant products is tenuous at best, and does not justify the risk of confusing the issues and wasting trial time.

The Court denied Apple's motion for reconsideration on the Infuse 4G and ordered a retrial because the first jury could have been confused by data showing sales before the stipulated first sales dates. Dkt 2316 at 2. The new jury will be far more confused if Apple presents them with financial data for products not at issue and for periods of time before notice date. Apple once again invites error; exclusion or amendment of these financial exhibits is vital to a proper retrial.

1    DATED: September 30, 2013          QUINN EMANUEL URQUHART &
2                                       SULLIVAN, LLP

3

4                                       By  /s/ Victoria F. Maroulis
                                            Charles K. Verhoeven
5                                           Kevin P.B. Johnson
                                            Victoria F. Maroulis
6                                           William C. Price
                                            Michael T. Zeller
7

8                                       Attorneys for SAMSUNG ELECTRONICS CO.,
                                        LTD., SAMSUNG ELECTRONICS AMERICA,
9                                       INC. and SAMSUNG
                                        TELECOMMUNICATIONS AMERICA, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28