QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO PRECLUDE CERTAIN TESTIMONY IDENTIFIED ON APPLE'S WITNESS LIST AND DEPOSITION DESIGNATIONS**<br><br>Trial Date:   November 12, 2013<br>Hearing Date:   October 17, 2013<br>Time:   1:30 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh<br><br>FILED UNDER SEAL |

Apple's proposed testimony far exceeds the bounds of a narrow trial, the "sole purpose" of which "is to correct the erroneous notice dates." Dkt. 2316 at 3. Apple now argues that *every conceivable subject related to its products*—even "Apple's history" (Opp. at 5:7)—is somehow relevant to damages. Apple's position is contrary to the law, Apple's prior representations, and the procedural posture of this case. Allowing the full scope of testimony Apple wants would give Apple the "do-over" the Court prohibited (Dkt. 2420-1 at 43:14), waste limited trial time with irrelevant evidence, and unfairly prejudice Samsung.

**A.    Apple should be precluded from offering testimony about Samsung's intent, alleged copying, and infringement.** Apple argues for the first time that testimony concerning Samsung's intent, alleged copying, and infringement is relevant to *Georgia-Pacific* factor 11: "[t]he extent to which the infringer has made use of the invention." Opp. at 1:17-18. Apple previously *opposed* this exact argument when Samsung sought a retrial on both damages and liability issues under the Seventh Amendment, arguing that the evaluation of damages "does *not* turn on the scope of Samsung's infringement." Dkt. 2303 at 6 (emphasis added). Apple's flip-flopping should be rejected. Samsung's intent, alleged copying, and infringement have nothing to do with *Georgia-Pacific* factor 11, which concerns the number of infringing products sold and the volume of those sales. *See, e.g.*, *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1333 (Fed. Cir. 2009) (factor 11 relies on evidence about how much the patented invention has been used and events after the hypothetical negotiation). Those issues are not disputed in this trial, which concerns 13 Samsung products and the same sales data as the previous trial, and infringement and lack of willfulness already have been decided. Apple fails to cite a single case holding that evidence of alleged copying is relevant to extent of use—or to any other *Georgia-Pacific* factor.

Apple's pretextual appeal to other *Georgia-Pacific* factors fares no better. "[Po]pularity and commercial success of the products made under the patent" (Opp. at 1:22-23) concern *Apple's* products, not Samsung's, and in any event, there is no dispute on the issue. Dkt. 2410, Wagner Rpt. ¶ 98 (lodged 9/12/13) ("I agree . . . that there is demand for the patented product."). Likewise, there is no dispute concerning the "benefits to those who have used the invention" (Opp. at 1:23-24); both sides agree on the number of infringing sales and Samsung's revenues from

1  those sales. *See* JX1500 (joint trial exhibit showing Samsung's sales and revenues). Evidence
2  on undisputed issues is irrelevant, cumulative, a waste of trial time, and should be excluded.
3        Apple's appeal to lost profits is even weaker and has been rejected by other courts. *See*
4  *Leapfrog Enters., Inc. v. Fisher-Price, Inc.*, 2005 WL 1331216, at *3 (D. Del. June 6, 2005)
5  (excluding copying evidence under Rule 402 as "irrelevant to lost profits"). Apple asserts that
6  consumer demand can be inferred from Samsung's purported beliefs about what consumers might
7  like. Yet, both this Court and the Federal Circuit have already dismissed this argument. *See*
8  Dkt. 2197 at 11 ("Evidence of copying . . . proves what Samsung *thought* would attract
9  purchasers, not what *actually* attracted purchasers."); *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d
10 1314, 1328 (Fed. Cir. 2012) ("[T]he relevant inquiry focuses on the objective reasons as to why
11 the patentee lost sales, not on the infringer's subjective beliefs as to why it gained them."). Apple
12 fails to cite *any* cases holding that alleged copying is relevant to demand for the patented features.[1]
13       Even if testimony of alleged copying could theoretically be relevant to damages, it would
14 have to concern the specific patented features and products at issue. But Apple wants to
15 introduce general testimony, such as the iPhone has "easy and intuitive U/I," "beautiful design,"
16 and a "whimsical" UX, and that the iPhone is "a revolution," "super chic," and "screen-centric."
17 Opp. at 3:8; PX36.20, .22, .31, .36. As even Ms. Davis admitted, ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌
18 ▌▌▌▌▌▌▌▌ and any testimony on them is designed only to conflate Apple's specific patented
19 features with broad, unpatentable ideas. ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌
20 ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌
21 ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌
22       In any event, "copying evidence" should be excluded because it creates the "likelihood to
23 confuse, distract and taint consideration of the other issues." *Uniloc USA, Inc. v. Microsoft*
24 *Corp.*, 640 F. Supp. 2d 150, 184 (D.R.I. 2009), *rev'd on other grounds*, 632 F.3d 1292 (Fed. Cir.

---

[1] *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351 (Fed. Cir. 2012) did not even mention copying, and the document in question related to whether competition existed, which was relevant to demand for patented *products*, as opposed to patented *features*. Here, the parties do not dispute the former, only the latter. In the absence of any supporting case law, Apple relies on a misleading sound-bite from an oral argument on a different topic, where jury prejudice was not an issue.

2011); *see also, e.g.*, *ICU Med., Inc. v. RyMed Techs., Inc.*, 752 F. Supp. 2d 486, 493 (D. Del. 2010); *Asyst Techs., Inc. v. Empak, Inc.*, 2007 WL 120845, *2 (N.D. Cal. Jan. 11, 2007).  Apple fails even to acknowledge, much less rebut, this risk.

**B.  Apple should be precluded from offering testimony about "brand," "marketing," and products that are not at issue.**  Apple's sole justification for introducing evidence about its brand, publicity, and marketing is that, "[t]o the extent … consumers view the Apple brand as associated or synonymous with design, consumer demand for the Apple brand is evidence of consumer demand for Apple's designs, including the designs that Samsung infringed."  Opp. at 3.  This argument further confirms Apple's intended strategy of attempting to inflate its damages by confusing the specific patents at issue with broad unpatentable ideas, such as brand.  Even Ms. Davis had to agree with the obvious proposition that ███████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ██████████████████████████████  Neither trade dress liability nor damages are at issue in the new trial, so brand, publicity and marketing are irrelevant.  Apple cites no authority to the contrary, and even agrees to withdraw the testimony of Ms. Yeo regarding design of products not at issue.[2]  Opp. at 5.

**C.  Apple should be precluded from offering testimony about its general design and development process.**  Apple asserts that testimony regarding its "design and development process, its graphical user interfaces, and the background and conception of its inventions" will help the jury evaluate "demand for the features and designs" and the ease of design around.  Opp. at 4:1-7.  It fails to explain how.  One has nothing to do with the other.  One could spend years

---

[2]  Apple's summary assertion that Mr. Benner's surveys are "relevant" to showing demand for the patented features (Opp. at 5) is belied by their restricted uses in the first trial.  Dkt. 1889 (PX89 may only be "consider[ed] as evidence of knowledge, willfulness, or intent" and not "for any other purpose"); Trial Tr. 1513:22-1514:14 (PX56 "was disclosed in Interrogatory 17, confusion, which is the purpose for which this document is being offered [by Apple], the strength of the [tablet] trade dress in question.").  Samsung will withdraw its objection to the identified testimony from Hyoung Shin Park (Opp. at 6), if Samsung is permitted to call her to explain its context and development of the F700 design.

developing a technology for which there is never any consumer demand, and that is easily designed around. Moreover, Apple's "design and development process" and "its graphical user interfaces" in the abstract are irrelevant, and neither Scott Forstall nor Christopher Stringer ever addressed the development process for the specific patented elements. *Cf.* Trial Tr. at 741:18-751:11; 476:15-485:4. Nor can either of them testify meaningfully about how consumer demand factors into Apple's development process because Apple prides itself on not taking consumer demand into account. *See, e.g.*, Trial Tr. 545:5-24 (Schiller: "It's not a customer's job to know" what features they want "so we don't ask them that.").

**D. Apple should be precluded from offering testimony unrelated to the appropriate amount of damages.** Apple does not dispute that Bruce Watrous has no personal knowledge of the parties' pre-suit negotiations. Opp. at 6. Apple merely asserts that he is "familiar with Apple's licensing negotiations with Samsung and the relevant documents regarding the same." *Id*. Second-hand familiarity is insufficient to render admissible testimony. Fed. R. Evid. 602.

At the first trial, Apple raised Samsung's transfer pricing arrangement to insinuate tax evasion, which the Court immediately struck. Trial Tr. 2071:1- 2072:19. Now that each Samsung defendant has been found liable for infringement, evidence relating to which defendants generated profits–the sole purpose Apple offered to justify this testimony (Dkt. 1206-1 at 27:23-30:16)–has no conceivable relevance.

Apple argues that testimony regarding Samsung's relationships with wireless carriers is relevant "to show competition between the parties," "market reconstruction for the market share component of the lost profits analysis," and the allegedly "unreasonable nature of Samsung's short design-around estimates." Opp. at 7:4-8. But Apple provides no explanation as to how it intends to demonstrate any of these things, and none of Apple's designated witnesses has ever offered testimony on "Samsung's relationships with wireless carriers" for any of these purposes.

This new trial is about damages on five specific patents—not about alleged copying, brand, publicity, Apple's history, alleged tax evasion, or Samsung's document preservation practices. Apple's proposed testimony on these irrelevant and prejudicial subjects should be precluded.

| | | |
|---|---|---|
| 1 | DATED: September 30, 2013 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | By   /s/*Victoria F. Maroulis* |
| | | Charles K. Verhoeven |
| 4 | | Kevin P.B. Johnson |
| | | Victoria F. Maroulis |
| 5 | | William C. Price |
| | | Michael T. Zeller |
| 6 | | |
| 7 | | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-5-   Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO PRECLUDE CERTAIN TESTIMONY IDENTIFIED ON APPLE'S WITNESS LIST AND DEPOSITION DESIGNATIONS