UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE INC., a California Corporation, | ) | Case No.: CV 11-01846 LHK |
| Plaintiff, | ) ) | **ORDER RE: APPLE'S MOTION FOR SANCTIONS** |
| v. | ) ) | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) | **(Re: Docket No. 2374 -2 and 2434)** |
| Defendants. | ) ) | |

Time and again in competitor patent cases, parties resist producing confidential information to their adversaries' lawyers.  They fear, among other things, that the lawyers will insufficiently shield the information from the competitors that they represent. Yet time and again, the court assuages these fears with assurances that a protective order will keep the information out of the competitors' hands.

1

Case No.: C 11-01846 LHK
ORDER RE APPLE'S MOTION FOR SANCTIONS

A casual observer might reasonably wonder what magic a protective order works that allows outside counsel access to confidential information to advance the case without countenancing untoward uses by the client.

The answer is not a magical one at all: confidential information remains confidential because counsel and clients alike follow court orders. If parties breach this basic rule, the court's assurances become meaningless.

There is reason to believe the rule has been breached in the present case.

Here is what is known at this point. During the massive fact discovery in this case between August 2011 and March 2012, Apple produced copies of a number of its patent license agreements, including a June 2011 license between Apple and Nokia. Apple marked the Apple-Nokia license as "Highly Confidential --Attorney Eyes' Only" as permitted by the court's protective order. Apple also produced and marked as "Highly Confidential --Attorney Eyes' Only" similar patent license agreements it has reached with Ericsson, Sharp, and Philips.

As fact discovery transitioned to expert discovery, on March 24, 2012, Samsung's outside counsel sent Samsung a draft expert report by Dr. David J. Teece. Dr. Teece's report concerned damages to be awarded for Apple's alleged infringement of Samsung's asserted declared-essential patents. Because it addressed highly confidential, attorneys' eyes only information, the report should have been fully redacted of that information before it was sent. However, intentionally or inadvertently, it was not. The report as distributed included key terms of each of the four Apple license agreements.

Samsung's outside counsel posted the report on an FTP site that was accessible by Samsung personnel. An email providing instructions to access the FTP site was addressed to the regular client distribution list used by counsel to provide Samsung personnel updates regarding this case.

2
Case No.: C 11-01846 LHK
ORDER RE APPLE'S MOTION FOR SANCTIONS

The information was then sent, over several different occasions, to over fifty Samsung employees, including high-ranking licensing executives. Specifically, on at least four occasions between March 24, 2012 and December 21, 2012, Samsung's outside counsel emailed a copy of some version of the report to Samsung employees, as well as various counsel representing Samsung in courts and jurisdictions outside the United States.

At this point, things get murky. According to a declaration from Nokia's Chief Intellectual Property Officer, Paul Melin, on June 4, 2013, in a meeting between Samsung and Nokia licensing executives, Dr. Seungho Ahn informed Nokia that the terms of the Apple-Nokia license were known to him. Specifically, according to Mr. Melin, Dr. Ahn stated that Apple had produced the Apple-Nokia license in its litigation with Samsung, and that Samsung's outside counsel had provided his team with the terms of the Apple-Nokia license. Mr. Melin recounts that to prove to Nokia that he knew the confidential terms of the Apple-Nokia license, Dr. Ahn recited the terms of the license, and even went so far as to tell Nokia that "all information leaks." Mr. Melin also reports that Dr. Ahn and Samsung then proceeded to use his knowledge of the terms of the Apple-Nokia license to gain an unfair advantage in their negotiations with Nokia, by asserting that the Apple-Nokia terms should dictate terms of a Samsung-Nokia license.

It is possible that Dr. Ahn's encounter with Mr. Melin occurred very differently. Unfortunately, the court cannot say, because Samsung has elected not to provide the court with any sworn testimony from Dr. Ahn or anyone else at the meeting. Samsung also has failed to supply the court with any evidence at all regarding other uses of the Apple-Nokia license, or those of the other confidential licenses. In fact, despite acknowledging that many dozens of individuals at Samsung and its other counsel have knowledge of confidential license terms that they had no right to access, at yesterday's hearing, Samsung's counsel repeatedly denied even one violation of the protective order, asserting that such a violation can only occur willfully. Counsel further denied

3

Case No.: C 11-01846 LHK
ORDER RE APPLE'S MOTION FOR SANCTIONS

the need for any formal discovery into the matter, even though three months after the breach was brought to its counsel's attention, Samsung is unable to provide evidence on even the most basic questions, such as: who has now had access to the confidential licensing information? For what purpose? When? Where? How? Has Samsung relied on any of the confidential information in taking any position before any other court or jurisdiction? Exactly what steps has Samsung taken to prevent dissemination and use of the confidential information in the future? In each instance, the only response available seems to be, "We're working on it."

Samsung does offer to provide Apple, at some indeterminate point in the future, a log of documents associated with the transmissions of the Teece report. The log is to be developed under the investigation protocol that Samsung negotiated to address Nokia's motion for a protective order in the companion 12-630 case, which arose from the same incident in the companion 12-630 case. Under that protocol, Samsung has retained an outside firm to prepare the contemplated log by forensically analyzing various hard drives, servers and browser histories. The firm does not, however, intend to conduct interviews of any Samsung employee or attorney at all. The firm also is not directed to address in any way Samsung's disclosure of the terms of the Apple-Ericsson, Apple-Phillips, or Apple-Sharp licenses.

This is insufficient.

Whether the actions of Samsung and its counsel are worthy of sanctions, and what those sanctions might be, the court cannot yet say. However, it can say that letting Samsung and its counsel investigate this situation without any court supervision is unlikely to produce satisfactory results. Rarely is the fox is permitted to investigate without supervision the disappearance of chickens at the henhouse. It is equally intolerable to allow this situation to fester for weeks, let alone months, with a second trial rapidly approaching. That would be just as unfair to those who

4

Case No.: C 11-01846 LHK
ORDER RE APPLE'S MOTION FOR SANCTIONS

may ultimately be shown to be innocent of any wrongdoing as to those who may have been significantly harmed by improper conduct.

To avoid such a result, the court hereby orders that, no later than October 16, 2013, Samsung shall produce to Apple the following:

1. The e-mails listed on Attachment A to Mr. Becher's August 1, 2013 letter to Mr. Selwyn; and

2. All e-mails and other communications sent or received since March 24, 2012 by the Samsung employees who received the confidential information (more specifically, the Samsung employees listed in the attachments to Mr. Becher's August 1 letter) to the extent that they relate to Apple's licenses with Nokia, Ericsson, Sharp, and Philips.

By that same date, Samsung also shall make available for deposition:

1. Dr. Ahn;

2. A Rule 30(b)(6) witness to speak to the dissemination of and use by Samsung of the confidential information, including the use of the confidential information in any proceeding before the United States International Trade Commission and in any court or jurisdiction outside the United States; and

3. Up to five additional Samsung employees who are identified by Apple from Mr. Becher's August 1 letter to address any and all communications they have had since March 24, 2012 regarding Apple's licenses with Nokia, Ericsson, Sharp, and Philips, including the dates of such discussions and the names of all participants in such discussions.

In addition to the stipulated relief in the 12-630 case, Nokia shall be allowed access to and full participation in all of the above discovery, subject to the terms of the protective order.

5
Case No.: C 11-01846 LHK
ORDER RE APPLE'S MOTION FOR SANCTIONS

The parties shall appear for a further hearing on this motion on October 22, 2013 at 10:00 am. No later than October 21 at 9:00 am, each party may submit a supplemental brief no longer than 15 pages.

**IT IS SO ORDERED.**

Dated: October 2, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge