1

2      [COUNSEL LISTED ON SIGNATURE
       PAGE]
3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11                          SAN JOSE DIVISION

12

13
       APPLE INC.,                              Case No.    11-cv-01846 LHK (PSG)
14
                      Plaintiff,
15                                              **JOINT PRETRIAL STATEMENT
              v.                                AND PROPOSED ORDER FOR
16                                              NEW DAMAGES TRIAL**
       SAMSUNG ELECTRONICS CO., LTD., a
17     Korean business entity; SAMSUNG          Date:     October 17, 2013
       ELECTRONICS AMERICA, INC., a New York    Time:     1:30 p.m.
18     corporation; SAMSUNG                      Place:    Courtroom 4, 5th Floor
       TELECOMMUNICATIONS AMERICA, LLC, a       Judge:    Hon. Lucy H. Koh
19     Delaware limited liability company,

20                    Defendants.

21

22

23

24

25

26

27

28

1    Pursuant to the Guidelines for Final Pretrial Conference in Jury Trials, the parties submit

2    the following Joint Proposed Pretrial Statement and Order.

3    **I.      SUBSTANCE OF THE NEW DAMAGES TRIAL**

4    The parties to this action are Apple Inc., a California corporation having its principal place

5    of business in Cupertino, California, Samsung Electronics Co., Ltd., a Korean corporation having

6    its principal place of business in Suwon-City, Korea, Samsung Telecommunications America,

7    LLC, a Delaware corporation having its corporate headquarters in Richardson, Texas, and

8    Samsung Electronics America, Inc., a New York corporation having its principal place of

9    business in Ridgefield Park, New Jersey.

10   On August 24, 2012, a jury found for Apple on certain of its claims against Samsung for

11   patent infringement and trade dress dilution.  The jury also found that none of Apple's asserted

12   design patents or asserted utility patent claims was invalid.  The jury awarded Apple

13   $1,049,393,540.00 in damages.  (Dkt. No. 1931 at 15.)  The Court ordered a new trial on damages

14   for 14 Samsung products that had been found to infringe certain Apple patents, resulting in

15   $450,514,650 being stricken from the jury's award.  (Dkt. No. 2271 at 26.)  The Court partially

16   granted a motion for reconsideration of that order and reinstated the jury award of $40,494,356

17   for the Galaxy S II AT&T, holding that the Galaxy S II AT&T would not be included in the new

18   trial on damages.  (Dkt. No. 2316 at 2.)  Accordingly, the new trial on damages will proceed as to

19   the following 13 products:  Galaxy Prevail, Gem, Indulge, Infuse 4G, Captivate, Continuum,

20   Droid Charge, Epic 4G, Nexus S 4G, Replenish, Transform, Exhibit 4G, and Galaxy Tab.

21   **II.     RELIEF SOUGHT**

22   The Court ordered a new trial on damages.  Apple's statement of the relief it seeks is

23   accordingly limited to the relief that Apple seeks at the new damages trial.  Apple reserves its

24   right to seek all other available remedies in any post-trial proceeding after the new damages trial,

25   including injunctive relief following any remand from the Federal Circuit, supplemental damages

26   and interest according to the timetable set by the Court, attorneys' fees and costs, and any other

27   form of relief that may be available to Apple by law or at the Court's discretion.

28   Apple seeks the following specific relief:

1.   A judgment awarding Apple all damages adequate to compensate for Samsung's infringement of Apple's asserted patents, and in no event less than a reasonable royalty for Samsung's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

2.   A judgment awarding Apple all of Samsung's profits pursuant to 35 U.S.C. § 289, together with pre-judgment interest;

3.   Actual damages suffered by Apple as a result of Samsung's unlawful conduct, in an amount to be proven at trial, as well as pre-judgment interest as authorized by law;

4.   Restitutionary relief against Samsung and in favor of Apple, including disgorgement of wrongfully obtained profits and any other appropriate relief;

5.   Costs of suit and reasonable attorneys' fees; and

6.   Any other remedy to which Apple may be entitled, including all remedies provided for in 35 U.S.C. §§ 284, 285, and 289, and under any other law.

<u>Apple's Further Separate Statement Regarding Relief Requested</u>

Apple's witnesses and exhibits that concern the amount of damages are those identified in Exhibits 2 and 4 to this statement, previously filed as Dkt. Nos. 2406-2 and 2406-3.

<u>Samsung's Further Separate Statement Regarding Relief Requested</u>

Apple asserts that its statement of relief is "limited to the relief that Apple seeks at the new trial." Yet, Apple's statement identifies relief that is not properly the subject of the new trial and that will be addressed by the Court, if necessary, in post-trial motions – namely, pre-judgment and post-judgment interest, costs of suit, and reasonable attorneys' fees. Moreover, Samsung objects to and will oppose any effort by Apple to obtain attorneys' fees in light of the Court's ruling that Samsung's infringement was not willful. (*See* Dkt. 2220 at 26-32.) Finally, the remaining types of relief that Apple may properly seek in the new trial are identified in paragraphs "1" and "2" of Apple's statement. All other remaining types of relief discussed in Apple's statement are either duplicative (*e.g.*, "restitutionary relief," "actual damages") and/or insufficiently particularized (*e.g.*, "any other appropriate relief", "any other remedy"). Samsung

will oppose any form of relief other than those identified by Apple in paragraphs "1" and "2", above. Samsung's itemization of witnesses, documents, or other evidentiary material to be presented concerning the amount of damages is attached as Exhibit 1.

### III.   UNDISPUTED FACTS

1. Apple is a corporation organized under the laws of the State of California, and its principal place of business is in Cupertino, California.

2. Samsung Electronics Co., Ltd. (referred to individually herein as "SEC") is a corporation organized and existing under the laws of the country of Korea having its principal place of business at 416 Maetan-3dong, Yeongtong-gu, Suwon-City, Gyeonggi-do, Korea 443-742.

3. Samsung Telecommunications America, LLC (referred to individually herein as "STA") is a corporation organized and existing under the laws of the state of Delaware having its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082.

4. Samsung Electronics America, Inc. (referred to individually herein as "SEA") is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.

5. Venue is proper in this District.

6. The Court has personal jurisdiction over each of the parties, and each of them transacts business within this District.

7. From and after August 2010 and at least to July 6, 2012, Apple has owned all rights, title, and interest in United States Patent Nos. 7,469,381, 7,844,915, 7,864,163, D604,305, and D618,677.

8. U.S. Patent No. 7,469,381 was filed on December 14, 2007, and issued on December 23, 2008.

9. U.S. Patent No. 7,844,915 was filed on January 7, 2007, and issued on November 30, 2010.

10. U.S. Patent No. 7,864,163 was filed on September 4, 2007, and issued on January

1   4, 2011.

2   11. U.S. Patent No. D604,305 was filed on June 23, 2007, and issued on November

3   17, 2009.

4   12. U.S. Patent No. D618,677 was filed on November 18, 2008, and issued on June

5   29, 2010.

6   **IV.    DISPUTED FACTUAL ISSUES**

7   Joint Statement

8   Subject to the parties' pending motions, the disputed factual issues below remain to be

9   resolved.  The parties expressly preserve all rights with respect to all issues previously identified

10   in the Joint Pretrial Statement dated July 6, 2012, and do not waive any arguments relating to

11   those issues, whether in subsequent post-trial proceedings, on appeal, or otherwise.

12   Apple's Separate Statement Regarding Disputed Factual Issues

13   1.   The amount of damages to which Apple is entitled as a result of Samsung's

14   infringement of the '915, '381, '163, D'305, and D'677 patents for the following

15   13 Samsung products:  Galaxy Prevail, Gem, Indulge, Infuse 4G, Captivate,

16   Continuum, Droid Charge, Epic 4G, Nexus S 4G, Replenish, Transform, Exhibit

17   4G, and Galaxy Tab, including but not limited to the following subissues:

18   a.   Whether, but for infringement of the Apple patents at issue by the Samsung

19   products at issue, there is a reasonable probability that Apple would have

20   sold additional iPhones or iPads, and if so, how many?

21   b.   Whether there was demand for the patented products.

22   c.   Whether acceptable non-infringing substitutes were available for each of

23   Apple's patents, when they were available and when they would have been

24   marketed by Samsung.

25   d.   The amount of profit that Apple would have made if Samsung had not

26   infringed.

27   e.   Samsung's total profits from the manufacture and sale of the seven

28   products at issue found to have infringed the D'677 and D'305 patents.

1               f.   Which Samsung costs are directly attributable to the sale or manufacture of

2                   the infringing products resulting in a nexus between the infringing products

3                   and the expense.

4               g.   For each infringed patent, the amount of the payment for the license that

5                   would have resulted from a hypothetical negotiation between Apple and

6                   Samsung taking place at the time when the infringing activity first began.

7      2.  All of the disputed issues of fact raised in the submissions to the Court on the

8          parties' exhibit and witness objections, the parties' motions to strike, Samsung's

9          motion regarding Julie Davis's qualifications, and the parties' motions in limine.

10     Apple also notes:

11        At the first trial, on August 24, 2012, the jury found that certain Samsung products

12  infringed U.S. Patent Nos. 7,469,381; 7,844,915; 7,864,163; D,618,677; and D,604,305.

13        At the first trial, on August 24, 2012, the jury found that U.S. Patent Nos. 7,469,381;

14  7,844,915; 7,864,163; D,618,677; and D,604,305 are not invalid.

15        At the first trial, on August 24, 2012, the jury found that Samsung's patent infringement

16  (as to the patents at issue in the new trial) and trade dress dilution was willful.  In post-trial

17  proceedings, the Court held that the objective test for willfulness with respect to Samsung's

18  infringement of Apple's patents was not met.  (Dkt. No. 2220 at 26-32.)  The jury's willfulness

19  finding remained as to trade dress.  (*Id.* at 14.)

20        Samsung's disputed factual issue 12 was resolved by the Court in its March 1 Order re

21  Damages (Dkt. No. 2271).

22        Samsung has attached Attachment A as a chart purportedly showing liability verdicts, but

23  Apple objects that the chart does not distinguish between products not accused of infringing or

24  diluting certain rights and products found not to infringe or dilute certain rights.

25      <u>Samsung's Separate Statement Regarding Disputed Factual Issues</u>

26       1.  Whether, but for infringement of the Apple patents at issue by the Samsung

27          products at issue, Apple would have sold any additional iPhones or iPads, and if

28          so, how many.

2.  Whether any of the features and designs claimed by the patents at issue drove demand for any of the 13 Samsung products for which Apple seeks lost profits.

3.  The time it would have taken for Samsung to design around the features and designs claimed by the patents at issue.

4.  Whether certain devices sold by Samsung and third parties constituted acceptable non-infringing alternatives during the infringement period.

5.  Whether Apple had the manufacturing and marketing capacity to make any sales actually made by Samsung of the 13 products at issue during the periods for which Apple seeks lost profits.

6.  The amount of profit that Apple would have made, if any, assuming that Apple would have sold additional iPhones or iPads but for infringement of the Apple patents at issue by the 13 Samsung products at issue.

7.  The amount of additional costs or expenses Apple would have incurred in making any allegedly lost sales.

8.  Whether the 12 Samsung smartphones at issue were in the same market as the iPhone during the periods for which Apple seeks lost profits.

9.  Whether the one Samsung tablet at issue was in the same market as the iPad during the periods for which Apple seeks lost profits.

10. The amount that a licensor (such as Apple) and a licensee (such as Samsung) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement concerning a license to the patents at issue for the products at issue in the new trial.

11. Samsung's total profits from the manufacture and sale of the seven products at issue found to have infringed the D'677 and D'305 patents.

12. The dates – no earlier than August 4, 2010 for the '381 patent, April 15, 2011 for the '915 and D'677 patents, and June 16, 2011 for the '163 and D'305 patents – on which Apple provided actual notice to Samsung that each of the specific products at issue infringed each of the patents-at-issue that they were found to infringe.

Contrary to Apple's contention, this issue was not resolved by the Court's March 1 Order re Damages.

13. All of the disputed issues of facts raised in the submissions to the Court on the parties' exhibit and witness objections, the parties' motions to strike, Samsung's motion regarding Julie Davis's qualifications, and the parties' motions *in limine*.

14. At the first trial, on August 24, 2012, the jury rendered liability verdicts that are summarized in Attachment A hereto.

15. In post trial proceedings, the Court held that Samsung's infringement of Apple's patents was not willful.  (Dkt. 2220 at 26-32.)

## V.      AGREED STATEMENT

The parties concur that no part of the action may be presented upon an agreed statement of facts.

## VI.     STIPULATIONS

The parties agreed to a stipulation concerning the authenticity of certain documents before the first trial and expect they will enter into a similar stipulation for the new damages trial.  The parties will confer and expect to file such a stipulation soon.

Apple Statement

Apple attempted to discuss with Samsung whether the parties could reach certain stipulations to minimize the need for sealing practice, but Samsung declined to meet and confer on these issues at this time.  In particular:

- Apple proposed that the parties enter into a stipulation similar to the Joint Stipulation Regarding A Procedure For Reducing the Number of Sealing Requests filed before the first trial (Dkt. No. 1597).  In that stipulation, the parties agreed to introduce summaries of certain highly confidential information and not challenge the sufficiency of the evidence on the ground that the calculations rely on underlying exhibits not introduced.

- Apple proposed that the parties agree to introduce into evidence only the specific pages needed from voluminous and highly confidential consumer research studies, rather than introducing the entire document as an exhibit.  This is consistent with the approach taken

by the parties in the first trial.

- Apple proposed that the parties discuss whether either party would oppose motions to seal information similar to information the parties requested to seal in the first trial.

Samsung indicated that it was not inclined to resolve any of these issues until after the pretrial conference.

Samsung Statement

Samsung is generally in favor of protecting the confidentiality of the parties' sensitive financial information, and the parties have been working cooperatively on sealing issues, including jointly responding to Judge Grewal's order on certain renewed motions to seal, recent motions to seal limited information in connection with pending motions, and joint preparation of charts summarizing pending sealing motions responsive to the Court's requests. To this end, Samsung has agreed to meet and confer with Apple concerning a sealing stipulation after the parties have the benefit of the Court's rulings on their motions *in limine* and motions to strike exhibits. Meeting and conferring before that time is impractical and inefficient because the parties do not know the universe of exhibits that can potentially be introduced at trial. There is little point negotiating over the sealing of exhibits or narrowing of their content if those exhibits will ultimately be stricken anyway. The parties will have ample time (3 weeks) after the final pre-trial conference and before trial to negotiate a sealing stipulation. Indeed, the parties successfully negotiated a sealing stipulation last time during trial itself.

**VII.    WITNESSES TO BE CALLED.**

Apple's and Samsung's witness lists are attached as Exhibits 2 and 3, respectively.[1]

**VIII.   EXHIBITS, SCHEDULES, SUMMARIES**

Apple's and Samsung's exhibit lists are attached as Exhibits 4 and 5, respectively.

The parties understand that the Court intends to follow the disclosure and objection process used during the first trial (Dkt. No. 1329 at 2) and are prepared to proceed consistent with

---

[1] Apple first saw this version of Samsung's exhibit list, which now includes sponsoring witnesses, shortly before filing. Apple reserves the right to object that Samsung has designated improper sponsoring witnesses.

that process:

1. Demonstratives:  The deadline to exchange demonstrative exhibits not to be entered into evidence shall be 7:00 pm PT two days before their use in court. Excerpts, call-outs, blow-ups, or highlighting of exhibits, without more, are exempt from exchange.

2. Witnesses and Exhibits:

   a. Each party shall identify each witness that it intends to call no later than 7:00 pm PT two days before the witness is expected to testify.

   b. At the same time, the party shall identify all exhibits to be used with the witness and produce a marked copy of any exhibit not previously marked.

   c. The opposing party shall identify any exhibits and impeachment materials to be used on cross-examination no later than 2:00 pm PT the next day.

## IX.   DISPUTED LEGAL ISSUES

Apple's Separate Statement Regarding Disputed Legal Issues

Apple identifies the following legal issues that, based on the parties' prior submissions, appear to be disputed.

1. Whether the Court should reconsider the following portion of Final Jury Instruction No. 36 (Utility Patent Damages - Lost Profits - Generally):  "You must allocate the lost profits based upon the customer demand for the patented feature of the infringing products.  That is, you must determine which profits derive from the patented invention that Samsung sells, and not from other features of the infringing products."  Judge White recently issued jury instructions deleting this precise language from the model lost profits instruction used in this District. *Nuance v. ABBYY*, No. 3:08-cv-02912-JSW, Dkt. No. 895 at 26, Dkt. No. 921 at 2016 (N.D. Cal. Aug. 22, 2013).  The removal of that language comports with the Federal Circuit's recent holding that the *Panduit* factors do not "require any allocation of consumer demand among the various limitations recited in a patent claim."  *Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255, 1265 (Fed. Cir.

1    2013); *see Brocade Commc'ns Sys. v. A10 Networks, Inc.*, No. C 10-3428 PSG,

2    2013 U.S. Dist. LEXIS 69335, at *15 n.12 (N.D. Cal. May 15, 2013) (applying

3    *Versata* in denying motion to strike damages opinion that did not apportion lost

4    profits to patented feature).

5    2.    Whether portions of Michael Wagner's rebuttal damages report dated August 26,

6          2013, should be stricken as violating, *inter alia*, the April 23, 2013, Case

7          Management Order, as set forth in Apple's motion to strike.  (*See* Dkt. No. 2381.)

8    3.    Whether certain witnesses disclosed on Samsung's witness list dated September 9,

9          2013, should be stricken as violating, *inter alia*, the April 23, 2013, Case

10         Management Order, as set forth in Apple's objections to Samsung's witness list.

11         (*See* Dkt. No. 2414.)

12   4.    Whether certain exhibits disclosed on Samsung's exhibit list dated September 9,

13         2013, should be stricken as violating, *inter alia*, the April 23, 2013, Case

14         Management Order, as set forth in Apple's objections to Samsung's exhibits list.

15         (*See* Dkt. No. 2415.)

16   5.    Samsung argues (*infra* at __), not for the first time, that the March 1 order did not

17         determine when Apple provided notice to Samsung.  As Apple has previously

18         briefed (see, for example, Dkt. No. 2428 at 1:6-17), Samsung's argument cannot

19         be reconciled with the language of the Court's order.  On March 1, 2013, the Court

20         held:  "Regarding the '381 Patent, Apple has presented evidence that Apple

21         specifically put Samsung on notice of that patent in a meeting between Apple and

22         Samsung on August 4, 2010," "[T]he correct notice date for the '915 and D'677

23         Patents is April 15, 2011," and "[T]he correct notice date for the '163 [and] D'305

24         . . . Patents is June 16, 2011."  The Court also set out a chart with the information

25         below, stating, "The following chart indicates the correct notice dates, available

26         remedies, and infringing products for each form of IP" :[2]

27         ―――――――――
           [2] The Court's chart did not include information for the '163 patent.

28

| IP | Notice Date | Available Remedies | Products Infringing |
|---|---|---|---|
| '381 Patent | August 4, 2010 | Reasonable Royalty or Lost Profits | Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S i9000, Galaxy S 4G, Galaxy S II AT&T, Galaxy S II i9100, Galaxy Tab, Galaxy Tab 10.1 WiFi, Gem, Indulge, Infuse 4G, Mesmerize, Nexus S 4G, Replenish, Transform, Vibrant |
| '915 Patent | April 15, 2011 (original complaint) | Reasonable Royalty or Lost Profits | Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Prevail Galaxy S i9000, Galaxy S 4G, Galaxy S II AT&T, Galaxy S II i9100, Galaxy S II T-Mobile, Galaxy Tab, Galaxy Tab 10.1 WiFi, Gem, Indulge, Infuse 4G, Mesmerize, Nexus S 4G, Transform, Vibrant |
| D'677 Patent | April 15, 2011 (original complaint) | Infringer's Profits or Reasonable Royalty or Lost Profits | Fascinate, Galaxy S i9000, Galaxy S 4G, Galaxy S II AT&T, Galaxy S II i9100, Galaxy S II T-Mobile, |

| IP | Notice Date | Available Remedies | Products Infringing |
|---|---|---|---|
| | | | Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket, Galaxy S Showcase i500, Infuse 4G, Mesmerize, Vibrant |
| D'305 Patent | June 16, 2011 (amended complaint) | Infringer's Profits or Reasonable Royalty or Lost Profits | Captivate, Continuum, Droid Charge, Epic 4G, Fascinate, Galaxy S i9000, Galaxy S 4G, Galaxy S Showcase i500, Gem, Indulge, Infuse 4G, Mesmerize, Vibrant |

These issues, having been argued, briefed and decided, are not open to be relitigated in this context.  (*See* Dkt. No. 2316 at 2 (stating that parties may not relitigate *Daubert* motions, motions in limine, discovery disputes, and evidentiary objections).)

6.   All of the disputed issues of law raised in the submissions to the Court on the parties' exhibit and witness objections, the parties' motions to strike, Samsung's motion regarding Julie Davis's qualifications, and the parties' motions in limine.

Samsung's Separate Statement Regarding Disputed Legal Issues

Samsung identifies the following legal issues that it believes are still disputed:

1.   Apple's request for reconsideration of Final Jury Instruction No. 36 rests on the same argument the Court previously rejected.  In urging the Court to depart from the Model Patent Jury Instruction, Apple argued that the Federal Circuit's decision in *Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314 (Fed. Cir. 2009) "holds that Panduit 'does not require any allocation of consumer demand.'" Dkt. 1694 at 65; Trial Tr. at 3871:1-19 ("Allocation is not appropriate . . . under Panduit.  A good [c]ite for this is Depuy Spine . . .").  The fact that similar

language appears in *Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255 (Fed. Cir. 2013)—which expressly cites to *Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314 (Fed. Cir. 2009)—is no basis for reconsidering arguments the Court has rejected on multiple occasions.  Moreover, Apple points to jury instructions given Judge White in *Nuance v. ABBYY*, but fails to cite anything that would indicate Judge White's reasoning in departing from the model instruction.  Final Jury Instruction No. 36 does not require the jury to allocate "consumer demand among the various limitations recited in a patent claim."  *See Versata*, 717 F.3d at 125.  Instead, the Court's instruction requires the jury to "determine which profits derive from the patented invention . . . and not from other [unpatented] features of these infringing products."  This requirement is firmly grounded in both Supreme Court and Federal Circuit precedent.  *See, e.g.*, *Garretson v. Clark*, 111 U.S. 120, 121 (1884) (patentees "must in every case give evidence tending to separate or apportion . . . the patentee's damages between the patented feature and the unpatented features"); *Ferguson Beauregard v. Mega Sys.*, LLC, 350 F.3d 1327, 1346 (Fed. Cir. 2003) ("The district court therefore failed to distinguish the allocation of profits that would have been made 'but for' the infringement of the '376 patent with the profits that could fairly be allocated to" other features not covered by the patent); *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1549 (Fed. Cir. 1995) (*en banc*).  *Versata* did not implicate these concerns because there was no suggestion there that lost profits on a software patent could include recoveries on revenues from hardware, which is what Apple seeks here.  Final Jury Instruction No 36 should not be modified as Apple urges.

2.  Whether Apple should be permitted to reference the jury's damages awards in the first trial, or the jury's verdicts of willfulness.  The Court has already decided that Samsung's infringement was not willful as a matter of law (Dkt. 2220 at 26-32), and any mention the jury's willfulness verdicts or damages awards from the first

1      trial would be highly prejudicial to Samsung, pose a great risk of jury confusion,

2      and have no countervailing benefit.

3      3.   Whether the Court's March 1 Order re: Damages (Dkt. 2271) purported to address

4           when Samsung first became aware of Apple's patents, as opposed to the earliest

5           potential dates supported by the trial record on which Apple provided actual notice

6           to Samsung under 35 U.S.C. § 287.  Apple's expert, Julie Davis, intends to testify

7           that the Court's March 1 Order decided when Samsung first became aware of

8           Apple's patents.   (Davis Rpt. at 49:2-3 ("I obtained the dates on which Samsung

9           actually learned of the patents being asserted from the table provided by the Court

10          in the March 1 Order.").  The Federal Circuit has clearly held that the issue of

11          when an accused infringer first became aware of the asserted patents has nothing

12          to do with determining when the patent holder provided actual notice under 35

13          U.S.C. § 287.  *See Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178,

14          187 (Fed. Cir. 1994) ("It is irrelevant, contrary to the district court's conclusion,

15          whether the defendant knew of the patent or knew of his own infringement.  The

16          correct approach to determining notice under section 287 must focus on the action

17          of the patentee, not the knowledge or understanding of the infringer.").  Ms. Davis

18          should not permitted to mischaracterize the Court's March 1 Order as purporting

19          to address Samsung's awareness, as opposed to Apple's act of providing actual

20          notice.

21     4.   Whether the Court March 1 Order re: Damages (Dkt. 2271) purported to decide

22          the factual questions of when Apple provided actual notice to Samsung under 35

23          U.S.C. § 287 for each patent and product at issue and to apply those factual

24          findings to the new trial.  Both Apple and the Court have previously recognized

25          that the date of actual notice is a factual question to be determined by the jury.

26          (Dkt. 1206-1 at 26:13-14; Dkt. 1157 at 13:17-18 ("Samsung's objection turns on a

27          factual dispute as to when Samsung received actual notice".).)  In its March 1

28          Order, the Court was not attempting to take this factual question away from the

1    jury in the new trial.  Rather, the task of the Court in the context of the underlying

2    post-trial motion was merely to decide "the earliest notice dates *supported by the*

3    *evidence*" presented to the jury *in the first trial*.  (Dkt. 2271 at 18:12-14 (emphasis

4    added).)  Contrary to Apple's assertion, the Court's April 29, 2013 Case

5    Management Order (Dkt. 2316) did not purport to prevent the parties from raising

6    issues that have never been litigated, including Apple's erroneous interpretation of

7    the Court's rulings concerning notice dates in its March 1 Order re Damages.

8        5.   Whether Ms. Davis is qualified to opine on the existence of copying or the

9             significance of competitive analysis because she is an accountant and admits to

10            having no technical or legal expertise or independent knowledge of the scope of

11            Apple's patents.  (Dkt. 2385-3.)

12       6.   Whether portions of Ms. Davis's report (including, but not limited to, shifting Mr.

13            Musika's design around periods, and new "incremental profits" calculations)

14            should be stricken as reflecting new theories, new methodologies, new data, and/or

15            new damages periods in violation of the Court's ruling that the only purpose of the

16            new trial is to correct the notice dates.  (Dkt. 2316 at 2-3.)

17       7.   Whether certain exhibits disclosed on Apple's exhibit list dated September 9,

18            2013, should be excluded, as set forth in Samsung's motion to exclude Apple's

19            trial exhibits.  (*See* Dkt. 2418.)

20       8.   Whether certain witnesses disclosed on Apple's witness list dated September 9,

21            2013, should be precluded from testifying, as set forth in Samsung's motion to

22            preclude certain testimony identified on Apple's witness list.  (*See* Dkt. 2419.)

23       9.   All of the disputed issues of law raised in the submissions to the Court on the

24            parties' exhibit and witness objections, the parties' motions to strike, Samsung's

25            motion regarding Julie Davis's qualifications, and the parties' motions in limine.

26   **X.     FURTHER DISCOVERY OR MOTIONS.**

27        The parties do not contemplate further discovery or motions apart from sealing issues and

28   the limited discovery and briefing recently ordered by Judge Grewal (Dkt. No. 2483).  However,

1    in connection with the parties' submission of jury instructions on October 10, 2013, the parties

2    may request that the Court revisit certain instructions or portions of the instructions given to the

3    first jury. Samsung may request a small number of new instructions that it asserts are warranted

4    by the posture of the new trial.  Apple has not yet seen the proposed new instructions and reserves

5    the right to object to any new jury instructions.

6        **XI.    DISPUTED EVIDENTIARY ISSUES**

7        Each party filed motions pursuant to the Court's August 22 Case Management Order

8    objecting to the other party's disclosed witnesses and exhibits.  Those motions are currently

9    pending and will be heard on October 17, 2013 at the pretrial conference.  Each party also served

10   and filed a chart or charts detailing additional objections to the other party's exhibit list.

11       **A.**    Apple's Separate Statement of Disputed Evidentiary Issues

12       Apple moved *in limine* to exclude the following from evidence:

13       1.    ***Reexaminations of Apple's patents.***  Evidence regarding reexaminations of

14   Apple's patents would violate the Court's directive that the new trial be conducted with evidence

15   timely disclosed for use in the original trial, and would impermissibly contradict the first jury's

16   findings on validity and the Court's claim construction orders.

17       2.    ***References to "prior art" or other references to validity, inventiveness, or***

18   ***whether features were known.***  A jury has already found Apple's patents to be valid and

19   infringed, and those issues are not to be relitigated.

20       3.    ***Samsung's design-around theories not timely disclosed in advance of the first***

21   ***trial.***  Design-around theories not timely disclosed in advance of the first trial violate the Court's

22   directive that no new methodologies, theories, or data will be permitted in the new trial.

23       Samsung's argument that it needs "clarification" regarding its independent development

24   exhibits and the testimony of Hyoung Shin Park is the latest in Samsung's protracted battle to

25   introduce evidence the Court has repeatedly excluded.  (*See, e.g.*, Dkt. No. 1676 at 2-3

26   (summarizing history of Samsung's attempts to introduce independent development evidence);

27   Dkt. No. 1510 at 2; Dkt. No. 1690 at 9; Trial Tr. 290:15-293:2.)  This evidence is not relevant to

28   the new damages trial—Samsung cannot rebut Apple's evidence of demand for Apple's patented

1   products and features by presenting evidence of Samsung's supposed independent development.

2   And the risk is high that the jury could use these documents for an improper purpose (such as to

3   reduce the amount of damages based on a perceived lack of culpability).  Moreover, Samsung

4   cannot introduce the testimony of Hyoung Shin Park for any purpose—she is not disclosed on

5   Samsung's List of Witnesses for Trial as a live witness or a witness to be presented via deposition

6   testimony.  (Dkt. No. 2413-3; Exhibit 3 hereto.)

7        In addition, Apple understands that when Samsung serves excerpts of deposition

8   testimony to be offered at trial, Samsung does not intend to limit itself to a subset of the

9   deposition testimony that was designated at the first trial.  Samsung argues that it should be free

10  to serve deposition designation unhindered by prior lists because previous decisions were "made

11  in the context of a much broader trial."  (*Infra* at 18-19.)  But, as Apple has previously argued, the

12  narrow scope of the new trial does not justify expansion of prior disclosures.  The new trial is a

13  subset of the original trial, and the parties should therefore be required to rely on a subset of prior

14  disclosures.  Apple will object to Samsung's designation of deposition testimony that did not

15  appear on Samsung's final July 2012 disclosures, and respectfully submits that pursuant to this

16  Court's Order of August 22, 2013 limiting the parties to "final exhibit and witness lists" (Dkt. No.

17  2369 at 2; *see also* Apr. 29, 2013 Hr'g Tr. at 41:19 (describing "groundhog day" approach)), the

18  Court should permit the parties to designate no more than the deposition testimony that was

19  designated at the first trial.

20           **B.**     Samsung's Separate Statement of Disputed Evidentiary Issues

21        Samsung moved *in limine* to exclude the following from evidence:

22           1.  ***Evidence and argument of copying and willfulness.***  Allegations of copying and

23  willfulness are irrelevant to Apple's damages claims, were not previously disclosed by Apple as

24  related in any way to damages, and are almost certain to confuse the jury into awarding

25  impermissible and unfairly prejudicial punitive damages.

26           **2.  *Evidence and argument contradicting Apple's prior admissions during the first***

27  ***trial and reexamination concerning the scope of the '915 and '381 patents*.**  The doctrine of

28

JOINT PRETRIAL STATEMENT
CASE NO. 11-cv-01846 LHK (PSG)
sf-3337779

17

1    judicial estoppel should preclude Apple from contradicting its prior admissions concerning  the

2    scope of the '915 and '381 patents during the new trial.

3           3.  ***Evidence and argument seeking lost profits.***  Apple is not entitled to seek lost

4    profits because Apple cannot meet its burden under *Panduit* Factor 2.  In the event that Apple is

5    permitted to seek lost profits, Ms. Davis's new opinions shifting the start of the hypothetical

6    design around periods are contrary to governing Federal Circuit law, confusing, and prejudicial,

7    and should be precluded.

8           **4.  *Opinions and argument based on the valuation of Apple's brand prepared by***

9    ***Interbrand.***  Ms. Davis bases her "income approach" to calculating a reasonable royalty on an

10   Interbrand valuation of Apple's brand, despite admittedly having never used it before, knowing of

11   no other expert who has ever used it prior to this case, and having no idea how the Interbrand

12   valuation relates to Apple's intellectual property.  Ms. Davis's income approach is irrelevant,

13   misleading and prejudicial.

14          5.  Additionally, Samsung  requests clarification regarding trial exhibits 522, 566,

15   596, and 625 and the testimony of Hyoung Shin Park.  Contrary to Apple's assertion, the Court

16   previously ruled that Samsung *could* offer these exhibits and the testimony of H.S. Park to rebut

17   charges of copying, but nonetheless excluded such evidence in light of the risk of confusion

18   regarding the application of this evidence to disputed issues of invalidity .  (*See* Dkt. 1267 at 3

19   (Order on Motions *in Limine*); Dkt. 1456 at 2 (Order on Opening Slides (*compare* slide 10 *with*

20   slides 11-19)); Dkt. 1690 at 8-9 (Order on H.S. Park testimony); *see also* Dkt. 1970 at 11-18

21   (Samsung's Proffer of Evidence for HS Park and exhibits).)  In this damages trial, invalidity is

22   not at issue and Samsung expects that the jury will be instructed to assume that the patents are

23   valid.  Therefore, there will be no possibility of confusion over the evidence.  Samsung argued in

24   its motions *in limine* and witness and exhibit objection briefs that Apple should not be allowed to

25   present evidence of alleged copying in this trial because it is irrelevant and unduly prejudicial.

26   (*See* Dkt. 2406 at 1-3 (motion *in limine*); Dkt. 2419 at 3-7 (motion to preclude testimony); Dkt.

27   2418 at 1-7 (motion to exclude exhibits).)  However, if the Court allows Apple to present such

28   evidence, Samsung should be allowed to introduce the previously excluded trial exhibits 522,

566, 596, and 625, and the testimony of Hyoung Shin Park to rebut allegations of copying.  As Samsung explained in its Opposition to Apple's Motion to Exclude Exhibits on Samsung's Exhibit List (Dkt. 2440), Apple cannot have it both ways.  Either alleged copying is relevant or it is not.  If relevant, Samsung must be permitted to prove that it did not copy.

6.   Pursuant to the Court's Guidelines for Final Pretrial Conference in Jury Trials, deposition designations are currently scheduled to be lodged on October 29, and Samsung will lodge its designations on or before that date.  Contrary to Apple's assertion, nothing in the Court's Order of August 22, 2013 limits the parties to their prior designations.  Prior to the last trial, the parties were limited to 25 hours of deposition designations to cover all liability issues (Apple and Samsung patents, trade dress, antitrust, breach of contract, FRAND), all damages issues, and 28 different Samsung products.   Samsung's decisions as to how to use its limited deposition designation hours were thus made in the context of a much broader trial.  Designations that were made for the first trial may thus have no relevance in the new trial, and deposition testimony not designated for the first trial because of time limitations may be highly relevant to this new trial.  Moreover, the status of some witnesses has changed.  For example, Boris Teksler, Apple's former Director of Patent Licensing now no longer works for Apple.  As long as the parties adhere to the Court's eight-hour limit per side, there is no need to impose additional limitations on deposition designations.

## XII.   ESTIMATE OF TRIAL TIME

Trial is set to begin on Tuesday, November 12 and continue on Wednesday, Thursday, Friday, and the following Monday, November 18.  The Court has indicated it would like for closing argument and final jury instructions to occur on Tuesday, November 19.  The Court allocated to each side eight hours of court time for direct examination, cross-examination and rebuttal combined; one hour per side for opening statements, possibly to be limited to 45 minutes; and one and a half hours per side for closing arguments.

## XIII.  MISCELLANEOUS

*FJC Video.*  The parties agreed at the August 21, 2013 Case Management Conference that the Federal Judicial Center video need not be shown to this jury.

1      ***Preserving objections to jury instructions raised in first trial.***  The parties understand

2  that, in general, the Court's rulings on jury instructions for the first trial bind the parties and, to

3  the extent practicable, the same jury instructions will be provided to the new jury.  The parties

4  may ask the Court to revisit certain instructions, as noted above, but will not ask the Court to

5  revisit every instruction.  However, when the parties submit proposed jury instructions pursuant

6  to the schedule set out in the Court's Standing Order, they may restate or cite and incorporate by

7  reference prior objections in order to preserve them.

8      *The foregoing admissions having been made by the parties, and the parties having*

9  *specified the foregoing issues of fact and law remaining to be litigated, this order shall*

10  *supplement the pleadings and govern the course of trial in this action, unless modified to prevent*

11  *manifest injustice.*

1    Dated: October 3, 2013

2

3    MORRISON & FOERSTER LLP                QUINN EMANUEL URQUHART &
     HAROLD J. MCELHINNY (CA SBN            SULLIVAN, LLP
4    66781)                                 Charles K. Verhoeven (Cal. Bar No. 170151)
     hmcelhinny@mofo.com                    charlesverhoeven@quinnemanuel.com
5    MICHAEL A. JACOBS (CA SBN              50 California Street, 22nd Floor
     111664)                                San Francisco, California 94111
6    mjacobs@mofo.com                       Telephone: (415) 875-6600
     RACHEL KREVANS (CA SBN                 Facsimile: (415) 875-6700
7    116421)
     rkrevans@mofo.com                      Kevin P.B. Johnson (Cal. Bar No. 177129)
8    ERIK J. OLSON (CA SBN 175815)          kevinjohnson@quinnemanuel.com
     ejolson@mofo.com                       Victoria F. Maroulis (Cal. Bar No. 202603)
9    MORRISON & FOERSTER LLP                victoriamaroulis@quinnemanuel.com
     425 Market Street                      555 Twin Dolphin Drive 5th Floor
10   San Francisco, California 94105-2482   Redwood Shores, California 94065
     Telephone: (415) 268-7000              Telephone: (650) 801-5000
11   Facsimile: (415) 268-7522              Facsimile: (650) 801-5100

12   WILLIAM F. LEE                         William C. Price (Bar No. 108542)
     william.lee@wilmerhale.com             williamprice@quinnemanuel.com
13   WILMER CUTLER PICKERING                Michael T. Zeller (Cal. Bar No. 196417)
     HALE AND DORR LLP                      michaelzeller@quinnemanuel.com
14   60 State Street                        865 S. Figueroa St., 10th Floor
     Boston, MA 02109                       Los Angeles, California 90017
15   Telephone: (617) 526-6000              Telephone: (213) 443-3000
     Facsimile: (617) 526-5000              Facsimile: (213) 443-3100

16
     MARK D. SELWYN (SBN 244180)
17   mark.selwyn@wilmerhale.com
     WILMER CUTLER PICKERING            By:    /s/ Victoria Maroulis
18   HALE AND DORR LLP                         Victoria Maroulis
     950 Page Mill Road
19   Palo Alto, California 94304              Attorneys for Defendants and
     Telephone: (650) 858-6000               Counterclaim-Plaintiffs
20   Facsimile: (650) 858-6100

21
                                           SAMSUNG ELECTRONICS CO.,
22   By:    /s/ Harold J. McElhinny        LTD., SAMSUNG ELECTRONICS
            Harold J. McElhinny             AMERICA, INC. and SAMSUNG
23                                          TELECOMMUNICATIONS
          Attorneys for Plaintiff and       AMERICA, LLC
24         Counterclaim-Defendant APPLE

25

26

27

28

     JOINT PRETRIAL STATEMENT                                                    21
     CASE NO. 11-cv-01846 LHK (PSG)
     sf-3337779

1

**IT IS SO ORDERED.**

2

3

4    Dated: _____, 2013        By: _____

5

6                                             Honorable Lucy H. Koh

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28