1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:  (650) 801-5000
   Facsimile:  (650) 801-5100
9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17                    UNITED STATES DISTRICT COURT

18              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

20 APPLE INC., a California corporation,          CASE NO. 11-cv-01846-LHK

21                Plaintiff,                      **DECLARATION OF ROBERT J. BECHER IN SUPPORT OF SAMSUNG'S EMERGENCY MISCELLANEOUS ADMINISTRATIVE REQUEST PURSUANT TO CIVIL L.R. 7-11 TO STAY OCTOBER 2, 2013 ORDER PENDING RESOLUTION OF SAMSUNG'S FED. R. CIV. P. 72 OBJECTIONS AND, IF NECESSARY, RESOLUTION OF PETITION FOR A WRIT OF MANDAMUS**

22         vs.

23 SAMSUNG ELECTRONICS CO., LTD., a
   Korean business entity; SAMSUNG
24 ELECTRONICS AMERICA, INC., a New
   York corporation; SAMSUNG
25 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company,
26
27                Defendants.
28

I, Robert J. Becher, declare:

1.     I am a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung").  I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2.     On October 1, 2013, Magistrate Judge Grewal held a hearing in this action regarding Apple's Motion to Compel and for Sanctions (Dkts. 2374-3 and 2434).  True and correct copy of excerpts from that transcript are attached hereto as Exhibit A.

3.     On October 2, 2013, Magistrate Judge Grewal issued an Order Re: Apple's Motion for Sanctions, ECF No. 2483 (the "Order"), in which Judge Grewal ordered Samsung to produce documents and make witnesses available for deposition by no later than October 16, 2013.  While some of the work related to the collection and review of documents has already been performed, complying with the Order will entail a number of additional steps.

4.     First, Samsung's third-party vendor will need to coordinate the pre-processing of the documents that Samsung was ordered to produce in the Order.  This process includes forensic imaging (for a few custodians whose computer drives have not been imaged yet), data harvesting and extraction, data indexing, date filtering, running of keywords (both in English and Korean), export of results, encryption of data, and the secure transfer of the data to a data center.   The estimated costs of this process in light of the volume of data that will need to be processed, including consultant and forensic machine fees and excluding expenses such as travel for attorneys and vendors, will likely range from $450,000-500,000.

5.     After the data has been uploaded and prepared for production, the documents will need to be reviewed for responsiveness and privilege.  Because many of these documents will be

in Korean, Samsung will need to coordinate the review of these documents by a bi-lingual team of an estimated attorneys. Given the volume of documents that will likely need to be reviewed and the short time period within which this review must occur, the estimated cost of this process is at least $200,000.

6. Once the documents have been processed and reviewed, the third-party vendor will prepare the documents for production, including by hosting, processing and bates-labeling them, at an estimated additional cost of $85,000-145,000.

7. In addition to preparing and reviewing documents for production, compliance with the Order will require Samsung and Quinn Emanuel to prepare for and attend seven depositions, with much of the preparation occurring overseas. The costs associated with these depositions will likely exceed $200,000.

8. In total, the estimated cost of complying with Judge Grewal's Order will likely be substantially more than $1 million.

9. On October 5, 2013, I received a letter from counsel for Apple attaching five deposition notices. A true and correct copy of that letter is attached hereto as Exhibit B.

10. Apple opposed Samsung's attempts to secure a stipulated stay. Nokia has not responded to Samsung's request for a stipulated stay. A true and correct copy of Samsung's request to Apple and Nokia, and Apple's response, is attached hereto as Exhibit C.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Los Angeles, California on October 6, 2013.

/s/ *Robert J. Becher*
Robert J. Becher

## ATTESTATION

I, Victoria F. Maroulis, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Robert J. Becher has concurred in this filing.

Dated: October 6, 2013       By:     */s/ Victoria F. Maroulis*

                                                           Victoria F. Maroulis

02198.51855/5552929.2

-3-       Case No. 11-cv-01846-LHK

DECLARATION OF ROBERT J. BECHER IN SUPPORT OF SAMSUNG'S EMERGENCY MISCELLANEOUS ADMINISTRATIVE REQUEST PURSUANT TO CIVIL L.R. 7-11 TO STAY OCTOBER 2, 2013 ORDER