QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (RE: DOCKET NO. 2483), ORDER RE: APPLE'S MOTION FOR SANCTIONS;**<br><br>**DECLARATIONS OF ROBERT J. BECHER AND SUSAN ESTRICH**<br><br>**[PROPOSED] ORDER** |

02198.51855/5550447.6

Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
RE: DOCKET NO. 2483

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, pursuant to Local Rules 7-11 and 72-2, Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), Samsung shall and hereby does move the Court for an order vacating or modifying Magistrate Judge Grewal's October 2, 2013 Order regarding Apple's Motion for Sanctions ("Order"), on the grounds set forth below.

The Order arises from the inadvertent disclosure to Samsung of certain information regarding the terms of an Apple-Nokia license, but sweeps far beyond the appropriate measures Samsung took after learning from Nokia (No. 12-630, Dkt. 647) that such disclosure might have occurred. While Samsung agreed with Nokia (No. 12-630, Dkt. 742), in accordance with the procedures set forth in the Protective Order governing inadvertent disclosures (No. 11-1846, Dkt. 687), to investigate any use of the disclosed information with the assistance of an e-discovery vendor (Stroz Friedberg), and advised Apple of this investigation (Dkt. 2395, at 4-5), Apple insisted that this was not enough, (Dkt. 2374-2), and Magistrate Judge Grewal agreed. In his October 2 order on Apple's motion for discovery and sanctions, he ordered breathtakingly sweeping discovery that would, if upheld by this Court, require Samsung to spend millions of dollars producing thousands of documents that are irrelevant to the alleged protective order violation, that are protected by the attorney-client privilege and attorney work-product doctrine, and that are the subject of protective orders in other jurisdictions. This Court should reverse the October 2 Order.

*First*, there is no basis for finding the type of protective order violation that could possibly justify any such order. The disclosure arose from an inadvertent failure to redact a few lines of a 295-paragraph report that was otherwise properly redacted. Moreover, a protective order protects only "confidential" information, *see* FED. R. CIV. P. 26(c)(1)(G), and Samsung had access to the terms of the Apple-Nokia license even without the inadvertent disclosure from public reports ***over two years ago*** (Pease Decl., Dkt. 2395, ¶ 20), and from a review of the terms of 10 Apple licenses that Apple voluntarily permitted senior Samsung executives in litigation in the Netherlands ( *id.* ¶ 19).

*Second*, even if there had been any protective order violation, the Magistrate Judge's Order

warrants reversal because it (1) would abrogate the attorney-client privilege and work-product protection without basis, (2) would require Samsung to violate protective orders in other jurisdictions, including the International Trade Commission ("ITC"), and (3) is grossly overbroad, sweeping in thousands of documents with no nexus to the alleged protective order violation.

### Argument

Review of a non-dispositive order of a magistrate judge typically falls under the clearly erroneous or contrary to law standard, *see* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Rulings regarding privilege, however, are reviewed *de novo*. *Aronson v. McKesson HBOC, Inc.*, 2005 WL 934331, at *3 (N.D. Cal. Mar. 31, 2005). The Order here also goes beyond the power of a magistrate judge, for it requires new discovery that Apple said it will use on the merits even though discovery is *closed* under this Court's scheduling order. Dkt. 2316. A magistrate judge may not *de facto* modify a scheduling order.[1] At most, the Order has the effect of a Report and Recommendation, and is subject to *de novo* review for this reason too. 28 U.S.C. §636(b)(1)(C).

### I.     The Order Would Improperly Abrogate Privilege And Work-Product Protection

The attorney-client privilege is sacrosanct, *Upjohn v. United States*, 449 U.S. 383, 389-90 (1981), and work product receives "nearly absolute protection" and is discoverable only in "rare and extraordinary circumstances," *United States ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 559 (C.D. Cal. 2003). The Order nonetheless ignores Samsung's objections (*see* Dkt. 2483) based on attorney-client privilege and work-product protection. To the extent it *sub silentio* rejected Samsung's privilege and work product assertions, the Order is in error.

*First,* a ruling abrogating a claim of privilege must be based on findings as to specific, identifiable documents. *United States v. Chevron Corp.*, 1996 WL 264769, at *6 (N.D. Cal. Mar. 13, 1996), order amended, 1996 WL 444597 (N.D. Cal. 1996) (magistrate judge "erred by not

---

[1] *See, e.g.*, *Nuance Commc'ns, Inc. v. ABBYY Software House*, 2012 WL 2838431, *1 (N.D. Cal. July 10, 2012) (denying request to reopen discovery because magistrate "does not have the authority to make any changes to the presiding judge's trial schedule"); *UMG Recordings, Inc. v. Disco Azteca Distribs., Inc.*, 2006 WL 2034689, *3 (E.D. Cal. July 18, 2006) ("Of course, the magistrate judge is not empowered to modify the district judge's scheduling order.").

making a specific finding of fact with respect to each [purportedly privileged] document").[2]  The Order lacks *any* finding on privilege, let alone on a document-specific basis..

***Second,*** while Apple asked in its *reply* brief (Dkt. 2410-2 at 6) that the Court conduct *in camera* review for application of the crime-fraud exception, there is no basis in the record to trigger such an inquiry.  "A party seeking to vitiate the attorney-client privilege under the crime-fraud exception must" show that (i) "the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme" and (ii) "the attorney-client communications for which production is sought are 'sufficiently related to' and were made 'in furtherance of [the] intended, or present, continuing illegality.'"  *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007) (quotations omitted), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009).  Upon a *prima facie* showing, the Court has discretion to order *in camera* review of each document in question to determine whether "to order that the communications be disclosed."  *Napster*, 479 F.3d at 1091; *see also In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992).

The Order nowhere identifies any "factual basis for the crime or fraud that the documents or communications are deemed to have furthered," *In re Richard Roe, Inc.*, 68 F.3d 38, 41 (2d Cir. 1995) (cited approvingly by *Napster*, 479 F.3d at 1090).  The failure to redact a handful of lines among many other redactions in a 295-paragraph report (*see* Estrich Decl., Ex. A) is  a far cry from an intentional crime or fraud.  If inadvertent disclosures of confidential information triggered the crime-fraud exception, the Protective Order would not, as it does, provide specific procedures for dealing with them.  Thus, Apple presented no evidence to justify even *in camera* review, let alone the outright production of thousands of privileged documents, nor did the Magistrate Judge

---

[2]  *See also, e.g.*, *In re Grand Jury Proceedings*, 220 F.3d 568, 572 (7th Cir. 2000) (vacating waiver ruling and remanding with instructions to "enter specific findings regarding the purpose and history of each document"); *Holifield v. United State.*, 909 F.2d 201, 204 (7th Cir. 1990) ("Only when the district court has been exposed to the contested documents and the specific facts which support a finding of privilege under the attorney-client relationship for each document can it make a principled determination as to whether the attorney-client privilege in fact applies."); *United States v. Rockwell Int'l*, 897 F.2d 1255, 1257 (3d Cir. 1990) (vacating and remanding for detailed findings on privilege issues); *United States v. Schwimmer*, 892 F.2d 237, 238-39 (2d Cir. 1989) (remanding for "detailed findings" where findings on privilege issue were "perfunctory").

conduct such a review. *United States v. Zolin*, 491 U.S. 554, 574-75 (1989) ("[B]efore a district court may engage in *in camera* review . . . [the party seeking review] must present evidence sufficient to support a reasonable belief that *in camera* review may yield evidence that establishes the exception's applicability.").

*Third,* there is no basis to find any waiver of the privilege as to the documents covered by the Order, contrary to the suggestion the Magistrate Judge made at argument (Dkt. 2485 at 41-42; 71) that allowing Samsung's e-discovery vendor Stroz to access the documents might waive the privilege. Stroz was retained by Samsung's counsel to collect and manage electronic data under strict obligations of confidentiality. Case No. 12-630, Dkt. 742. Under these circumstances, disclosure of documents to Stroz is not a waiver, whether Stroz is called "independent" or not. *E.g.*, *S.E.C. v. Roberts*, 254 F.R.D. 371, 381-82 (N.D. Cal. 2008) (disclosure to independent third-party auditors did not waive privilege where assistance was "necessary for [party] to properly conduct [its] investigation"); *Samuels v. Mitchell*, 155 F.R.D. 195, 201 (N.D. Cal. 1994) (similar); *S.E.C. v. Schroeder*, 2009 WL 1125579, at *6 (N.D. Cal. April 27, 2009) ("Work product protection is not waived by any disclosure to third parties.").[3]

## II. The Order May Require Samsung To Violate Other Protective Orders

The Magistrate Judge's Order also requires Samsung to provide information (most of which is privileged) and testimony about use of alleged confidential information "in any proceeding before the [ITC] or in any court or jurisdiction outside the United States." Order at 5. These proceedings are subject to their own protective orders. Becher Decl., ¶ 3. For example, the Protective Order in the 794 ITC Investigation provides that confidential information "shall not be disclosed to any person" other than identified categories; yet Samsung is required to produce a 30(b)(6) witness prepared to testify about confidential information that is covered by that Order, potentially forcing Samsung "to choose between coordinate courts and to knowingly violate an

---

[3] Indeed, the Samsung-Nokia stipulation entered as an Order, Case No. 12-630, Dkt. 785, expressly preserves Samsung's privilege, including stating that provision of information to Stroz is not a waiver, is now enforceable under Fed. R. Evid. 502 as against Apple. *See* Ad. Comm. Notes to 502 ("Party agreement should not be a condition of enforceability of a federal court's order.").

02198.51855/5550447.6

-4-   Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
RE: DOCKET NO. 2483

1  outstanding court order." *Feller v. Brock*, 802 F.2d 722, 727 (4th Cir. 1986). The Order also
2  requires Samsung to deliver to Nokia all the compelled information, conflicting with the
3  Protective Order in this case, Dkt. 687 at 11-12.

### III. The Scope Of Compelled Information Is Grossly Overbroad

While this dispute relates only to the alleged dissemination of certain monetary terms of an Apple-Nokia license that were incompletely redacted, the Order requires Samsung to produce "*[a]ll e-mails and other communications sent or received since March 24, 2012*" by over 60 Samsung employees relating not just to the Nokia licensing terms at issue, but also to "*Apple's licenses with Nokia, Ericsson, Sharp, and Philips.*" Order at 5 (emphasis added). The Order thus sweeps in a staggering volume of ordinary business communications that mention these licenses—including circulation of news articles, legal briefs referencing the existence of a license, attorney work product regarding licensing, and other such communications that have no connection to any alleged protective order violation. This goes well beyond the extensive discovery that Samsung and Nokia had already agreed was sufficient for the purposes of Nokia's motion. The million dollars or more it would cost Samsung to comply with this overbroad order, Becher Decl., ¶¶ 4-9, is completely disproportionate to any benefits of this discovery. *Mitsui O.S.K Lines, Ltd. v. SeaMaster Logistics, Inc.*, 2012 WL 6082475, at *2 (N.D. Cal. Dec. 6, 2012) ("Under Rule 26 the Court must weigh Plaintiff's need for additional discovery against the burden on Defendants of providing this discovery.").[4] For this reason as well, the Order should be reversed or at minimum vacated to allow a more narrowly tailored approach like the one Samsung and Nokia agreed to in the first place.

---

[4] Indeed, to the extent Apple seeks this overbroad information for use in other litigations (Becher Decl. Ex. A (Hearing Tr. at 11:13-17 ("Mr. Lee: We are going to litigate this in the 630 case in March. We are going to litigate it in Japan, Korea, Germany, Australia, DG Comp [sic]."))), such use is forbidden by both the Protective Order (Dkt. 687 at 5 ("All Protected Material shall be used solely for this case and any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation.")), and this Court's order closing discovery in the 630 case (Dkt. 471).

| | | |
|---|---|---|
| 1 | DATED:  October 6, 2013 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By /s/ *Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

02198.51855/5550447.6

-6-    Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
RE: DOCKET NO. 2483