# Exhibit A

```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3                           SAN JOSE DIVISION

 4

 5
       APPLE, INC.,                    )   CV-11-1846-LHK
 6                                     )
                      PLAINTIFF,       )   SAN JOSE, CALIFORNIA
 7                                     )
                 VS.                   )   OCTOBER 1, 2013
 8                                     )
       SAMSUNG ELECTRONICS, ET AL,     )   PAGES 1-76
 9                                     )
                      DEFENDANT.       )
10                                     )

11

12                        TRANSCRIPT OF PROCEEDINGS
                   BEFORE THE HONORABLE PAUL S. GREWAL
13                      UNITED STATES DISTRICT JUDGE

14

15     A P P E A R A N C E S:

16     FOR THE PLAINTIFF:       WILMER PICKERING HALE & DORR LLP
                                BY:  WILLIAM F. LEE
17                                   JOSEPH J. MUELLER
                                60 STATE STREET
18                              BOSTON, MA 02109

19     FOR THE DEFENDANT:       THE LAW CENTER/USC
                                BY:  SUSAN ESTRICH
20                              UNIVERSITY PARK
                                LOS ANGELES, CA 90089-0071
21

22     PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY, TRANSCRIPT
       PRODUCED WITH COMPUTER.
23

24              APPEARANCES CONTINUED ON THE NEXT PAGE

25     OFFICIAL COURT REPORTER:     SUMMER FISHER, CSR, CRR
                                    CERTIFICATE NUMBER 13185
```

```
 1     FOR THE PLAINTIFF:      WILMER HALE
                               BY:  MARK SELWYN
 2                             950 PAGE MILL ROAD
                               PALO ALTO, CA 94304
 3

 4     FOR THE DEFENDANT:      QUINN EMANUEL
                               BY:  ROBERT BECHER
 5                             865 SOUTH FIGUEROA STREET
                               LOS ANGELES, CA 90017
 6

 7     FOR THE MOVANT:         ALSTON AND BIRD
       NOKIA                   BY:  RANDALL ALLEN
 8                             275 MIDDLEFIELD ROAD, SUITE 150
                               MENLO PARK, CA 94025
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1   BEEN DIFFERENT.
2        OUR BIGGER CONCERN IS THIS YOUR HONOR, AND THIS GOES TO
3   THE SECOND HALF OF MY SECOND POINT, THE ISSUE OF APPLE'S
4   LICENSING ACTIVITIES WITH SAMSUNG WAS AN ISSUE IN THE 1846
5   CASE, IT'S AN ISSUE IN THE 630 CASE, JUST TWO WEEKS AGO SAMSUNG
6   FILED EXPERT REPORTS SPECIFICALLY RELYING UPON THE LICENSING
7   HISTORY AMONG THE PARTIES.
8        THE ISSUE IS ALSO AN ISSUE PRESENTLY BEING LITIGATED ALL
9   OVER THE WORLD IN JAPAN, KOREA, GERMANY, EUROPEAN COMMISSION
10  BEFORE THE DG COMP, AUSTRALIA, AND A NUMBER OF OTHER
11  JURISDICTIONS.
12            THE COURT:  NETHERLANDS.
13            MR. LEE:  YES.
14       AND ALL OF OUR INFORMATION HAS GONE -- THIS CONFIDENTIAL
15  INFORMATION WHICH I THINK YOUR HONOR KNOWS EXTENDS BEYOND
16  NOKIA, IT EXTENDS TO ERICSSON, SHARP AND PHILLIPS.
17       AND INCIDENTALLY YOUR HONOR, SAMSUNG IS IN LITIGATION WITH
18  ERICSSON.  AND OUR CONFIDENTIAL INFORMATION ABOUT OUR
19  AGREEMENTS WITH ERICSSON HAS GONE TO THEM AS WELL.
20       ALL OF THIS INFORMATION AS WELL HAS GONE TO THE LAWYERS
21  WHO ARE LITIGATING THIS ISSUE IN THE FOREIGN JURISDICTIONS.  SO
22  THERE ARE TWO EXAMPLES OF MISUSE BEFORE YOUR HONOR.
23       THERE IS THE ONE THAT'S IN THE DECLARATION THAT WAS FILED
24  ON JULY 1ST, AND I THINK YOUR HONOR, ONE VERY IMPORTANT POINT
25  IS THIS, THAT DECLARATION HAS BEEN BEFORE YOU FOR 90 DAYS.  NO

1   ONE HAS SAID IT'S NOT TRUE.  AND IT'S QUITE SPECIFIC.  NO ONE
2   HAS SAID IT'S NOT TRUE.
3        AND WE THEN HAVE ALL THIS INFORMATION GOING TO OTHER
4   VENUES WHERE THE ISSUE OF OUR LICENSING ACTIVITY IS BEING
5   LITIGATED WHERE FRANKLY SAMSUNG HAS BEEN CONSTRUCTING AN UN
6   WILLING LICENSEE DEFENSE OR ATTACK ON US.  AND THE CHRONOLOGY
7   WOULD SUGGEST THIS MATERIAL HAS BEEN USEFUL AND USED.
8        THE THIRD POINT IS THIS, YOUR HONOR, SOMETIMES PROTECTIVE
9   ORDER VIOLATIONS ARE JUST SEEKING SANCTIONS THAT ARE
10  RETROSPECTIVE OR PARTIALLY REVIEWABLE IN ORDER, AND THAT
11  CLEARLY MIGHT BE AN ISSUE AT THE END OF THE DAY HERE.  BUT THIS
12  ONE IS DIFFERENT BECAUSE OF ALL THESE LITIGATION PROCEEDINGS.
13       WE ARE GOING TO LITIGATE THIS IN THE 630 CASE IN MARCH.
14  WE ARE GOING TO LITIGATE IT IN JAPAN, KOREA, GERMANY,
15  AUSTRALIA, DG COMP.  IT IS BEING LITIGATED ON A DAILY BASIS.
16  AND EVERYBODY LITIGATING AGAINST US IS ARMED WITH OUR
17  CONFIDENTIAL INFORMATION.
18       SO THERE IS AN IMMEDIACY AND A PROSPECTIVE NATURE THAT IS
19  A LITTLE DIFFERENT THAN MANY PROTECTIVE ORDER ISSUES.
20            THE COURT:  CAN I ASK YOU, MR. LEE, WITH RESPECT TO
21  THE 630 CASE IN PARTICULAR, IT WOULD SEEM THAT THE PREJUDICE
22  THAT YOU'VE JUST DESCRIBED IS LESS SIGNIFICANT.  AFTER ALL,
23  SAMSUNG IS YOUR ADVERSARY IN THAT PROCEEDING, WE'RE IN THE SAME
24  COURT, JUDGE KOH IS THE SAME JUDGE.
25       SO COULD YOU ARTICULATE THE BURDEN OR THE PREJUDICE YOU

| | |
|---|---|
| 1 | FACE IN THIS CASE. |
| 2 |     MR. LEE:  SURE. |
| 3 |     YOUR HONOR, IT'S A GOOD QUESTION BECAUSE IF THE |
| 4 | INFORMATION HAD JUST GONE TO THEIR OUTSIDE COUNSEL, THEY COULD |
| 5 | HAVE CONSTRUCTED, THEY MIGHT HAVE USED IT TO CONSTRUCT A |
| 6 | DEFENSE. |
| 7 |     BUT THIS IS DIFFERENT.  YOUR HONOR HAS FREQUENTLY SEEN |
| 8 | PROTECTIVE ORDERS THAT PROHIBIT INFORMATION ABOUT A DEFENDANT'S |
| 9 | PRODUCT FROM GOING TO LAWYERS THAT PROSECUTE A PATENT. |
| 10 |     THIS IS OUR INFORMATION GOING TO PEOPLE OUTSIDE OF QUINN |
| 11 | EMANUEL WHO HAVE NO RIGHT TO SEE IT WHO ARE ACTUALLY |
| 12 | CONSTRUCTING A DEFENSE BASED UPON EVENTS IN REAL TIME. |
| 13 |     SO THIS IS MORE AKIN TO SOMEONE CONSTRUCTING A CLAIMS OF |
| 14 | A PENDING PATENT APPLICATION BASED UPON INFORMATION THEY |
| 15 | SHOULDN'T HAVE.  AND BECAUSE THE LICENSING ACTIVITY, RIGHT, FOR |
| 16 | THE 630 IS NOT JUST HISTORICAL, IN TERMS OF WHAT OCCURRED |
| 17 | BEFORE THE FILING OF THE COMPLAINT |
| 18 |     THE COURT:  NO, IT'S PROSPECTIVE BY DEFINITION, |
| 19 | RIGHT. |
| 20 |     MR. LEE:  IT'S PROSPECTIVE. |
| 21 |     AND ALL THE EVENTS OCCURRED -- AND AGAIN WITHOUT GETTING |
| 22 | INTO CONFIDENTIAL INFORMATION, THE ITC'S DECISION OF THE 794 |
| 23 | PATENT, THE PUBLIC VERSION TALKS ABOUT THE LICENSING |
| 24 | DISCUSSIONS THAT OCCURRED BETWEEN US AFTER THE TRIAL WAS OVER. |
| 25 |     SO THIS -- THAT'S THE IMMEDIACY OF THE ISSUE AND THE |

```
 1   TO GET THE INFORMATION, THERE'S A MECHANISM WE HAVE IN PLACE TO
 2   PROVIDE THAT INFORMATION TO NOKIA, AND AGAIN, AND TO APPLE WE
 3   INVITED TO COME IN TO THAT.
 4        AND THEN FROM THERE IF THEY ARE NOT SATISFIED, WE CAN GO
 5   FURTHER.
 6             THE COURT:  ALL RIGHT.
 7      SO IN THE INTEREST OF NOT BEING CAGEY, ARE THERE ANY
 8   RESTRICTIONS WHATSOEVER ON WHAT NOKIA CAN LEARN ABOUT /STROE'S
 9   INVESTIGATION.
10             MS. ESTRICH:  THE ONLY RESTRICTIONS WOULD BE
11   PRIVILEGE, YOUR HONOR.  AND WE HAVE A PROCEDURE.
12             THE COURT:  WELL, IF YOU DISCLOSE IT TO STROZ THEY
13   ARE NOT YOUR AGENT, CORRECT?
14             MR. ZELLER:  THERE'S A PROVISION IN THE STIPULATION.
15             MS. ESTRICH:  THERE IS A PROVISION IN THE STIPULATION
16   THAT STROZ IS SEEKING, AND THEN WE WILL PREPARE THE LOG.  AND
17   IF THERE ARE ISSUES OF PRIVILEGE IF THERE ARE DOCUMENTS ON THAT
18   LOG AS TO WHICH NOKIA OR APPLE HAS AN INTEREST IN SEEING IN AN
19   UNREDACTED FORM, RAISING PRIVILEGE ISSUES, WE WOULD ADDRESS
20   THOSE ISSUES AT THAT TIME COME TO THE COURT FOR THE COURT TO
21   ADDRESS THIS.
22             THE COURT:  SO IS STROZ WORKING FOR QUINN OR IS STROZ
23   WORKING FOR SAMSUNG OR NOKIA?
24             MS. ESTRICH:  STROZ IS INDEPENDENT.  WE ARE PAYING
25   THEM.  WE ARE WITH THEM BECAUSE OF THE PRIVILEGE ISSUES.
```

| | |
|---|---|
| 1 | THE COURT: SO HOW CAN YOU PRESERVE A PRIVILEGE BY |
| 2 | DISCLOSING INFORMATION TO THEM? |
| 3 | MR. ZELLER: BECAUSE YOUR HONOR, THEY -- UNDER THE |
| 4 | TERMS OF THE STIPULATION, THEY HAVE AGREED THAT IT IS NOT A |
| 5 | WAIVER. |
| 6 | MS. ESTRICH: THAT IS WHY. |
| 7 | THE COURT: THEY MAY HAVE AGREED, BUT WHAT DOES THAT |
| 8 | SAY VIS A VI OTHER PARTIES? |
| 9 | I'M AT A BIT OF A LOSS. IT'S ONE THING IF THEY ARE YOUR |
| 10 | AGENT OR UNDER YOUR CUSTODY OR CONTROL. YOU ARE TELLING ME |
| 11 | THEY ARE INDEPENDENT ON THE ONE HAND, AND ON THE OTHER HAND YOU |
| 12 | ARE SAYING YOU CAN DISCLOSE ALL SORTS OF PRIVILEGE AND WORK |
| 13 | PRODUCT INFORMATION TO THEM WITHOUT ANY WAIVER WHATSOEVER. |
| 14 | MR. ZELLER: THAT'S THE AGREEMENT, YOUR HONOR. |
| 15 | MS. ESTRICH: CORRECT. THAT WAS OUR AGREEMENT. |
| 16 | STROZ WAS SUGGESTED NOT BY US WE SUGGESTED A DIFFERENT |
| 17 | VENDOR FRANKLY WHO HAD WORKED WITH US IN THE PAST. NOKIA ASKED |
| 18 | THAT WE USE STROZ. WE AGREED. |
| 19 | STROZ HAS COME IN UNDER THE TERMS OF THE STIPULATION IN |
| 20 | ORDER TO DO A FULL AND THOROUGH INVESTIGATION. |
| 21 | WE ARE LITERALLY AN OPEN BOOK. NOT ONLY IN KOREA BUT |
| 22 | AROUND THE WORLD TO STROZ. AND THEY ARE IN TURN PROVIDING A |
| 23 | PRIVILEGE LOG WHICH WOULD THEN BE THE BASIS FOR ANY, A FULL |
| 24 | LOG, SOME OF WHICH WILL HAVE PRIVILEGED INFORMATION, AND AT THE |
| 25 | APPROPRIATE TIME IF APPLE FEELS THERE ARE DOCUMENTS ON THAT LOG |

```
 1      THAT THEY HAVE A RIGHT TO SEE IN AN UNREDACTED FORM, WE WOULD
 2      COME TO YOUR HONOR AND ADDRESS THOSE ISSUES.
 3           THE STIPULATION ALSO PROVIDES THAT THE CONCLUSION OF THIS
 4      INITIAL INVESTIGATION, WHICH IS A VERY BROAD INVESTIGATION, WE
 5      ARE IMAGING THE HARD DRIVES OF EVERY SINGLE PERSON WHO RECEIVED
 6      ANY E-MAIL ON ANY ONE OF THESE E-MAILS.
 7             THE COURT:  SO YOU ARE SAYING AS TO E-MAIL, YOU HAVE
 8      IMAGED THE HARD DRIVES OF EACH OF THE INDIVIDUALS WHO RECEIVED
 9      ONE OF THE E-MAILS.
10             MS. ESTRICH:  CORRECT.
11             THE COURT:  IS THAT ALSO TRUE FOR EACH INDIVIDUAL
12      THAT ACCESSED THE FTP SITE?
13             MR. BECHER:  YES, YOUR HONOR.  TO THE EXTENT --
14             THE COURT:  SO YOU ARE TELLING ME THAT EVERY PERSON
15      AT SAMSUNG WHO HAD ACCESS TO THAT FTP SITE HAS HAD THEIR ENTIRE
16      HARD DRIVE IMAGES?
17             MR. ZELLER:  YOUR HONOR, EVERY PERSON WHO RECEIVED AN
18      E-MAIL.
19             THE COURT:  NO, NO, NOT E-MAIL.
20             MS. ESTRICH:  THE INSTRUCTIONS AS TO THE FTP SITE.
21             THE COURT:  I WANT TO KNOW IF THE HARD DRIVES FROM
22      EACH INDIVIDUAL WHO, TO USE YOUR DESCRIPTION, RECEIVED AN
23      E-MAIL INSTRUCTION HAS HAD THE HARD DRIVE IMAGES.
24             MR. BECHER:  YES, YOUR HONOR, HAS OR IT'S IN PROCESS
25      FOR SEVERAL PEOPLE BECAUSE THIS PROCESS HAS RESULTED IN THE
```

1     WE HAD NO INVOLVEMENT IN PICKING THEM.  I HAVE NOTHING
2     BAD TO SAY ABOUT THEM, BUT WE DIDN'T PICK THEM.  WE HAVE AT
3     LEAST THREE OTHER PARTIES WHO HAVE CONFIDENTIAL INFORMATION
4     THAT ARE AT ISSUE.  AND UNLIKE NOKIA WHICH HAS THE MISUSE
5     THAT'S DESCRIBED IN THE DECLARATION, WE HAVE WHAT WE BELIEVE IS
6     MISUSE IN ONGOING PROCEEDINGS.
7          SO LET'S ME GO TO THAT POINT THIRD, YOUR HONOR.
8          SO YOUR HONOR UNDERSTANDS OUR ARGUMENT.  WHAT HAS
9     HAPPENED IS THIS:  WE MADE DISCLOSURES IN THE ITC AND HERE.
10    THAT INFORMATION HAS UNDISPUTEDLY BEEN SENT, AS YOUR HONOR
11    KNOWS, THAT WAS ALL OVER THE WORLD.
12         WE KNOW THAT THAT INFORMATION FROM THESE DISCLOSURES WAS
13    USED TO CRAFT ARGUMENTS AT THE ITC, I'M NOW RESPONDING TO
14    MR. ZELLER'S STATEMENT.
15         THE ITC ISSUED AN OPINION ON THE LICENSING NEGOTIATIONS
16    THAT SPECIFICALLY ACCEPTED SAMSUNG'S ARGUMENT IN WHICH THIS
17    CONFIDENTIAL INFORMATION WAS USED.
18         THAT DECISION IT'S THE U.S. TRADE REPRESENTATIVE HAS
19    DISPROVED IT, THAT DECISION NOW HAS BECOME A FOCUS OF THE 630
20    CASE IN THE EXPERT PHASE.  AND IN OTHER FOREIGN PROCEEDINGS.
21         AND IT'S PARTICULARLY EGREGIOUS IN THE FOREIGN
22    PROCEEDINGS BECAUSE AS YOUR HONOR KNOWS THERE'S NOT DISCOVERY
23    IN MANY FOREIGN PROCEEDINGS.  THOSE FOREIGN LAWYERS WHO GOT
24    THAT INFORMATION HAVE NO ACCESS TO THEM.
25         THESE LICENSE AGREEMENTS HAVE NEVER BEEN PRODUCED IN THE

| | |
|---|---|
| 1 | FOREIGN PROCEEDINGS.  THEY HAVE THAT INFORMATION ONLY AS A |
| 2 | RESULT OF THE VIOLATIONS OF THE PROTECTIVE ORDER. |
| 3 | THE STIPULATIONS ALSO IS NOT ACCEPTABLE YOUR HONOR |
| 4 | BECAUSE MR. BECHER WAS VERY CAREFUL.  BUT ALL OF THE EVIDENCE |
| 5 | OF THE MISUSE OF THIS IS GOING TO BE, MOST OF IT'S GOING TO BE |
| 6 | IN COMMUNICATIONS BETWEEN SAMSUNG EMPLOYEES AND LAWYERS. |
| 7 | THAT'S HOW WE ARE GOING TO FIGURE OUT WHAT USE WAS MADE OF IT. |
| 8 | WE DON'T THINK THAT'S PRIVILEGED. |
| 9 | NOW, WE ARE NOT A PARTY TO THIS STIPULATION.  IF STROZ |
| 10 | REALLY IS INDEPENDENT AND THEY LOOK AT THE INFORMATION, THAT'S |
| 11 | NOT PRIVILEGED.  CERTAINLY NOT PRIVILEGED AS TO US WHO IS NOT A |
| 12 | PARTY TO THIS STIPULATION AND HASN'T SIGNED IT. |
| 13 | THE LAST TWO POINTS, YOUR HONOR, ARE THESE:  YOUR HONOR |
| 14 | MENTIONED THE SEALING ISSUES FROM LAST SUMMER.  YOUR HONOR WILL |
| 15 | RECALL AT THE UNDERSTAND OF THE DAY WHEN JUDGE KOH FOUND SOME |
| 16 | THINGS SEALABLE AND SOME NOT, ONE OF THE THINGS SHE SAID WAS |
| 17 | SEALABLE WERE LICENSE TERMS OF LICENSES.  THAT NEVER BECAME AN |
| 18 | ISSUE. |
| 19 | AND DURING THE TRIAL SHE WAS SUFFICIENTLY CONCERNED ABOUT |
| 20 | IT THAT IT WAS PUT UP ON THE SCREEN THAT ONLY THE JURORS COULD |
| 21 | SEE AND THE PUBLIC WAS PRECLUDED FROM SEEING. |
| 22 | SO THE VERY INFORMATION THAT COURT HAS HELD AS |
| 23 | CONFIDENTIAL AND FOR THOSE COMPELLING REASONS DID NOT LET THE |
| 24 | PUBLIC SEE IT DURING THE TRIAL HAS NO BEEN DISSEMINATED ALL |
| 25 | OVER THE WORLD. |

1      AND THE LAST POINT IS THIS:  THIS MAY SEEM MORE GRANULAR
2 THAN THE COURT WANTS TO CONSIDER, BUT I THINK IT REALLY WILL
3 INDICATE TO YOU THE REASON WE NEED THE COURT'S AUTHORITY BEHIND
4 A DISCOVERY PROCESS.
5      MS. ESTRICH AND MR. BECHER MADE REPRESENTATIONS TO YOU
6 ABOUT THIS DECEMBER 2012 DISCLOSURE.  YOUR HONOR, I WOULD JUST
7 DRAW YOUR ATTENTION TO THE AUGUST 16TH, 2013 LETTER THAT'S
8 BEFORE YOU FROM MR. BECHER AND TO THE SECOND PARAGRAPH ON THE
9 SECOND PAGE.  THIS IS THE FIRST TIME THEY ADDRESS THE ISSUE AND
10 WHAT YOU WILL SEE YOUR HONOR ARE TWO THINGS.
11      THEY NEVER MENTION THE <u>MICROUNITY</u> LITIGATION, BUT MORE
12 IMPORTANTLY, NOTWITHSTANDING SAMSUNG'S EFFORT TODAY TO MAKE
13 THIS INADVERTENT DISCLOSURE OF INCONSEQUENTIAL INFORMATION,
14 THAT PARAGRAPH MR. BECHER SAID SAMSUNG IMMEDIATELY RECOGNIZED
15 THAT IT SHOULD HAVE BEEN REDACTED, IMMEDIATELY RECOGNIZED THAT
16 IT SHOULD NOT HAVE BEEN TRANSMITTED AND NEITHER THE LAWYER OR
17 ANYBODY ELSE DISSEMINATED IT, RIGHT.
18      THAT'S DECEMBER 2012.  SO WITHOUT A DOUBT THEY KNOW IT
19 HASN'T BEEN REDACTED, WITHOUT A DOUBT THEY KNOW IT'S
20 CONFIDENTIAL.
21      WHAT HAPPENS AFTER DECEMBER 2012 AS YOUR HONOR KNOWS,
22 MORE DISCLOSURES.  HOW COULD THAT HAPPEN.
23      AND THEN LASTLY YOUR HONOR ON THE AUTO DELETE FEATURE,
24 JUST SO WE ARE CLEAR ON THE DATES, WHAT THEY SAY IS THEY PUT
25 THIS PROCESS IN PLACE IN AUGUST OF LAST YEAR, AUGUST 2012 GOING