# EXHIBIT A

PTO/SB/21 (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FORM

*(to be used for all correspondence after initial filing)*

| Field | Value |
|---|---|
| Control Number | 90/012,332 |
| Filing Date | May 30, 2012 |
| First Named Inventor | Andrew PLATZER |
| Art Unit | 3992 |
| Examiner Name | M. J. Yigdall |
| Total Number of Pages in This Submission | 7 |
| Attorney Docket Number | 106842803600 |

## ENCLOSURES (Check all that apply)

- [ ] Fee Transmittal Form
  - [ ] Fee Attached
- [ ] Amendment/Reply
  - [ ] After Final
  - [ ] Affidavits/declaration(s)
- [ ] Extension of Time Request
- [ ] Express Abandonment Request
- [ ] Information Disclosure Statement
- [ ] Certified Copy of Priority Document(s)
- [ ] Reply to Missing Parts/Incomplete Application
  - [ ] Reply to Missing Parts under 37 CFR 1.52 or 1.53

- [ ] Drawing(s)
- [ ] Licensing-related Papers
- [ ] Petition
- [ ] Petition to Convert to a Provisional Application
- [ ] Power of Attorney, Revocation Change of Correspondence Address
- [ ] Terminal Disclaimer
- [ ] Request for Refund
- [ ] CD, Number of CD(s) _____
- [ ] Landscape Table on CD

- [ ] After Allowance Communication to TC
- [ ] Appeal Communication to Board of Appeals and Interferences
- [ ] Appeal Communication to TC (Appeal Notice, Brief, Reply Brief)
- [ ] Proprietary Information
- [ ] Status Letter
- [X] Other Enclosure(s) (please Identify below):
  - Request for Personal Interview and Proposed Interview Agenda **(4 pages)**
  - Certificate of Service **(1 page)**
  - Certificate of Electronic Filing under 37 CFR 1.8 **(1 page)**

Remarks

### SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| | |
|---|---|
| Firm Name | MORRISON & FOERSTER LLP (Customer No. 20872) |
| Signature | /Brian B. Ho/ |
| Printed name | Brian B. Ho |
| Date | October 3, 2013 |
| Reg. No. | 60,199 |

I hereby certify that this paper is being transmitted via the Office electronic filing system in accordance with § 1.6(a)(4).

Dated: October 3, 2013         Electronic Signature for Lisa Yadao:  /Lisa Yadao/

sf-3339576

EX PARTE REEXAMINATION                                          Docket No. 106842803600

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Ex Parte Re-Examination of:
U.S. Patent No. 7,844,915

| | |
|---|---|
| Control No.: 90/012,332 | Confirmation No.: 5963 |
| Filed: May 30, 2012 | Art Unit: 3992 |
| For:   APPLICATION PROGRAMMING INTERFACES FOR SCROLLING OPERATIONS | Examiner: M. J. Yigdall |

### REQUEST FOR PERSONAL INTERVIEW AND PROPOSED INTERVIEW AGENDA

MS Ex Parte Reexam
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Patent Owner requests the courtesy of a personal Examiner Interview between October 14-18, 2013, to discuss issues pertinent to the above-referenced pending reexamination, including issues first-raised in the Final Office Action dated July 26, 2013.

**Proposed Agenda**

In conjunction with the request, Patent Owner proposes the following agenda for the interview:

- Introduction of the Examiner(s)

- Introduction of attendees for Patent Owner:

    o  Jason Skinder, Senior Patent Counsel for Apple, Inc.

    o  Peter Yim, Partner at Morrison & Foerster LLP

    o  Brian Ho, Of Counsel at Morrison & Foerster LLP

sf-3338600

Control No.: 90/012,332                                    2                              Docket No. 106842803600

- The Examiner's broadest reasonable interpretation of claim 1 and its relevance to Nomura

On page 4 of the Final Office Action dated July 26, 2013, the Examiner states that the broadest reasonable interpretation of the "distinguishing" limitation (*e.g.*, '915 patent at column 23, lines 24-29) is:

> [A]ny algorithm . . . that distinguishes between (a) a single input point that is interpreted as a scroll operation and (b) two input points **or** more than two input points that are interpreted as a gesture operation.

(Emphasis in the original.) The Examiner further states (apparently based on the term "or"), that the broadest reasonable interpretation encompasses:

> [A]n algorithm . . . that distinguishes between (a) a single input point that is interpreted as a scroll operation and (b) two input points that are interpreted as a gesture operation.

Based on the above-interpretation, the Examiner concludes that Nomura discloses an algorithm within the scope of the "distinguishing" limitation.

Patent Owner requests an interview to discuss the Examiner's interpretation of the "distinguishing" limitation, particularly with respect to the significance of "or".

- The function of "or" in the "distinguishing" limitation

With respect to "or", Patent Owner proposes that the term "or" does not merely set out two interchangeable elements in the distinguishing limitation. Rather, the term "or" is used here to separate the bounds of a set formed from a range of numbers: 2 – infinite. With respect to positive integers as would be the case for touch input points, that set is effectively "not one".

First, it is important to note that the language of the claim differs from the Examiner's term "two input points or more than two input points"; the claim states "two or more input points". Using the claim language, it is clear that "or" does not merely set out two interchangeable elements; if it did, the following restatement would be possible:

sf-3338600

> [A]n algorithm that distinguishes between (a) a single input point that is interpreted as a scroll operation and (b) more input points that are interpreted as a gesture operation.

Yet, it is clear that simply deleting the phrase "two or" would not result in a reasonable interpretation. Rather, one of skill would understand the phrase "two or more input points" to essentially mean "2 – infinite", which defines a set of input types, **all** of which would be interpreted as a gesture operation.

Moreover, the language of the claim must be taken as a whole when interpreting the claim. It is clear from the full language, how three (or greater) input points would be interpreted according to the machine-implemented method, computer readable storage medium, or apparatus of the claims —three inputs would unequivocally result in a gesture operation. Yet three inputs, processed according to the algorithm of Nomura, would unequivocally result in a scroll operation. Nomura does not teach an algorithm as claimed. This incongruity further highlights how focusing solely on the term "or" to simplify the language of the claim, without reference to the context in which the term is used, results in an unworkable interpretation.

With respect to claim 8 in particular, a person of ordinary skill in the art would understand that the computer readable storage medium includes a **predefined set** of instructions that dictate the logic by which the computer operates under all circumstances. Accordingly, mere coincidental alignment of results under a limited set of circumstances (*e.g.*, scroll operation on one input, gesture operation on two inputs), would not anticipate if it is clear that the logic does not match. Again, this is shown by how Nomura's logic would handle three (or greater) inputs as scroll operations rather than gesture operations, as clearly required by claim 8.

**Request for Interview**

Patent Owner requests the courtesy of a personal interview to discuss the issues outlined above. Patent Owner believes that these issues are highly pertinent to the patentability of the claims under reexamination and disposal of the reexamination. Moreover, Patent Owner believes that these issues, particularly Patent Owner's views on the Office's current broadest reasonable construction

Control No.: 90/012,332                              4                         Docket No. 106842803600

of the "distinguishing" limitation have not been discussed in detail on the record.  Accordingly, Patent Owner believes that the requested interview meets the guidelines set forth in MPEP 713.09 for interviews after final rejection.

Dated:  October 3, 2013                              Respectfully submitted,


                                                     By /Brian B. Ho/
                                                     Brian B. Ho
                                                        Registration No.: 60,199
                                                     MORRISON & FOERSTER LLP
                                                     425 Market Street
                                                     San Francisco, California  94105-2482
                                                     Attorneys for Apple Inc.

sf-3338600

Control No.: 90/012,332 Attorney Docket No. 106842803600

# Certificate of Electronic Filing Under 37 C.F.R. § 1.8

I hereby certify that this correspondence is being transmitted via the Office electronic filing system in accordance with 37 C.F.R. § 1.6(a)(4):

> MS Ex Parte Reexam
> Central Reexamination Unit
> Commissioner for Patents
> P.O. Box 1450
> Alexandria, VA  22313-1450

on     October 3, 2013     .
              Date

/Lisa Yadao/
Signature

Lisa Yadao
Typed or printed name of person signing Certificate

n/a                    (415) 268-7000
Registration Number, if applicable      Telephone Number

Note: Each paper must have its own certificate of mailing, or this certificate must identify each submitted paper.

- Transmittal **(1 page)**
- Patent Owner's Request for Personal Interview and Proposed Interview Agenda **(4 pages)**
- Certificate of Service **(1 page)**

sf-3339578

EX PARTE REEXAMINATION                                                  Docket No. 106842803600

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Ex Parte Reexamination of:
U.S. Patent No. 7,844,915

Control No.: 90/012,332                              Confirmation No.: 5963

Filed: May 30, 2012                                  Art Unit: 3992

For:   APPLICATION PROGRAMMING              Examiner: M. J. Yigdall
       INTERFACES FOR SCROLLING
       OPERATIONS

### CERTIFICATE OF SERVICE

MS Ex Parte Reexam
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

      Pursuant to 37 C.F.R. § 1.248, the undersigned, on behalf of Patent Owner, hereby certifies that a copy of the following documents:

1. Transmittal (1 page)
2. Patent Owner's Request for Personal Interview and Proposed Interview Agenda (4 pages)
3. Certificate of Electronic Filing under 37 CFR 1.8 (in 1 page)

were served on the Third Party Requester at the following address:

      Joseph J. Richetti
      BRYAN CAVE LLP
      1290 Avenue of the Americas
      New York, New York 10104

provided for in § 1.33(c) via first class mail on October 3, 2013.

                                                                By /Brian B. Ho/
                                                                 Brian B. Ho
                                                                 Registration No. 60,199
                                                                 MORRISON & FOERSTER LLP
                                                                 425 Market Street
                                                                 San Francisco, California  94105-2482
                                                                Attorneys for Apple Inc.

sf-3339572