UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff, | CASE MANAGEMENT ORDER AND ORDER REQUIRING ADDITIONAL BRIEFING |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Clerk: Martha Parker Brown  
Reporter: Lee-Anne Shortridge  

Plaintiff Attorneys: Harold J. McElhinny, Rachel Krevans, Bill Lee, Mark Selwyn, Christopher Robinson, Kevin Scott Prussia, Nathan Sabri  
Defense Attorneys: William Price, Victoria Maroulis, Anthony Alden

**Case Management Order**

A hearing on the Motions to Strike and Daubert motion was held on October 10, 2013. The pretrial conference is set for October 17, 2013.

The parties will file their objections and responses to witnesses, demonstratives, and exhibits at 8 a.m. two days before that witness will be called or demonstrative or exhibit will be used.

Apple will file a chart by October 11, 2013, identifying the correlation between the documents identified in Terry Musika's Exhibits 24, 24-S, 25, and 25-S and the trial exhibits admitted in the first trial in August 2012.

Case No.: 11-CV-01846-LHK  
MINUTE ORDER AND CASE MANAGEMENT ORDER

By October 13, 2013, Apple will file a brief discussing the substance of all the exhibits (not just internal Samsung documents) and testimony Apple will introduce at trial as evidence of copying or demand. This includes expert and non-expert testimony. Apple will include the following information in its brief: (1) whether the testimony was offered during the first trial, and if so, Apple will cite the page and line numbers to the trial transcript; (2) whether this testimony was elicited during depositions and if so, Apple will include those deposition excerpts as attachments to its brief; (3) whether the particular exhibit was admitted for a limited purpose in the first trial and what that limited purpose was; (4) whether any particular exhibit is present in Exhibits 24, 24-S, 25, 25-S to Musika's two reports; (5) Apple will show how the exhibit or testimony is tied to demand for a particular patented feature at issue in the retrial, and if possible, cite the page number of the exhibit demonstrating this information. Apple may also present its argument regarding why it need not show that the testimony or exhibits relate to a particular patented feature at issue in the retrial.

Samsung will file an opposition by October 15, 2013.

By October 13, 2013, Samsung will file a brief regarding what trial or deposition testimony and exhibits it intends to use to prove non-infringing alternatives and Samsung's products development process. Samsung will include the following information in its brief: (1) whether the testimony was offered during the first trial, and if so, Samsung will cite the page and line numbers to the trial transcript; (2) whether this testimony was elicited during depositions and if so, Samsung will include those deposition excerpts as attachments to its brief; (3) whether the particular exhibit was admitted for a limited purpose in the first trial and what that limited purpose was.

Apple will file an opposition by October 15, 2013.

By October 13, 2013, Apple will file a statement regarding to what Julie Davis will testify at trial regarding copying, any specific conclusions she will make about copying, and the basis for those conclusions.

Each side's opening statement will be one hour.

Each party will provide a set of all the exhibits to Chambers by October 11, 2013. The parties don't need to include the physical exhibits, but should include photos of the products.

By October 11, 2013, Apple will file the redacted Blevins deposition transcript regarding Apple's capacity and provide an unredacted copy to Chambers.

Samsung will file versions of the Motion to Strike portions of Davis's Report and the Daubert motion highlighting only what Samsung seeks to seal by October 11, 2013.

The parties' proposed voir dire shall include questions regarding key business partners with an explanation of the partnership/relationship.

The parties will pay for juror fees, mileage, parking if the parties settle after 3 p.m. on November 8, 2013.

**Order Requiring Additional Briefing**

Upon reviewing the arguments presented at the October 10, 2013 hearing and having reviewed the documents identified by the parties, the Court directs the parties to file the following:

Case No.: 11-CV-01846-LHK
MINUTE ORDER AND CASE MANAGEMENT ORDER

By Monday, October 14, 2013, Apple shall file:

(A) A statement, not to exceed four (4) pages : (1) identifying which specific rows and columns of Exhibits 26-S and 17.2-PT-H Davis uses in formulating her capacity conclusions; (2) identifying the fiscal year quarters in which Davis's design around periods fall; and (3) explaining the relationship between Exhibits 26-S and 17.2-PT-H.

Samsung may file a response, not to exceed four (4) pages, by October 15, 2013. Apple may not file a reply.

By Monday, October 14, 2013, Samsung shall file:

(A) A statement, not to exceed two (2) pages, identifying: (1) which accused products at issue in the retrial are or are not part of the "Galaxy line of products," "Galaxy mobile phones," or "Galaxy family"; (2) which products Samsung asserts are subject to a different notice date than that listed in the Court's March 1, 2013 Order on Damages; and (3) whether Samsung contends that any of the phones at issue in the retrial were not sold prior to April 15, 2011.

Apple may file a response, not to exceed two (2) pages, to Samsung's statement by Tuesday, October 15, 2013. Samsung may not file a reply.

(B) A statement, not to exceed three (3) pages, explaining Samsung's argument that the Court, in its order at ECF No. 1690, excluded lost profits calculations based on design around periods beginning on the date of notice of infringement.  Specifically, Samsung shall explain the basis for its contention that the calculations excluded by the Court's Order at ECF No. 1690 are "identical" to the calculations contained in Exhibits 17-PT-H and 17-PT-I of Davis's Report.

Apple may file a response, not to exceed three (3) pages, to Samsung's statement by Tuesday, October 15, 2013. Samsung may not file a reply.

The Court hereby orders that for witnesses, demonstratives, and slides for November 12, 2013, the parties will file their objections and responses at 8 a.m. on Friday, November 8, 2013.

**IT IS SO ORDERED.**

Dated: October 11, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No.: 11-CV-01846-LHK
MINUTE ORDER AND CASE MANAGEMENT ORDER