1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:     (650) 801-5000
   Facsimile:     (650) 801-5100
9

10 William C. Price (Bar No. 108542)
   williamprice@quinnemanuel.com
11 Michael T. Zeller (Bar No. 196417)
   michaelzeller@quinnemanuel.com
12 865 S. Figueroa St., 10th Floor
   Los Angeles, California 90017
13 Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
14

15 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
16 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
17

18              UNITED STATES DISTRICT COURT

19      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

20

21 APPLE INC., a California corporation,          CASE NO. 11-cv-01846-LHK

22              Plaintiff,                        **SAMSUNG'S MOTION PURSUANT TO
                                                  FED. R. EVID. 702 WITH RESPECT TO
23         vs.                                    JULIE DAVIS'S QUALIFICATIONS**

24 SAMSUNG ELECTRONICS CO., LTD., a
   Korean business entity; SAMSUNG               **Date**:   October 10, 2013
25 ELECTRONICS AMERICA, INC., a New              **Time**:   1:30 p.m.
   York corporation; SAMSUNG                     **Place**:  Courtroom 8, 4th Floor
26 TELECOMMUNICATIONS AMERICA,                   **Judge**:  Hon. Lucy H. Koh
   LLC, a Delaware limited liability company,
27
                Defendant.
28

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on October 10, 2013, at 1:30 p.m., or as soon as the matter may be heard by the Honorable Lucy H. Koh in Courtroom 8, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") shall and hereby do move pursuant to Federal Rule of Evidence 702 and the Court's April 29, 2013 and August 22, 2013 Case Management Orders for an order finding that Ms. Julie L. Davis is not qualified under Federal Rule of Evidence 702 to testify at trial that Samsung allegedly copied Apple's patented technologies and designs, and about why Samsung conducted competitive analysis of Apple products.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the Declaration of Victoria F. Maroulis ("Maroulis Decl.") and exhibit thereto; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

## RELIEF REQUESTED

An order finding that Ms. Julie L. Davis is not qualified under Federal Rule of Evidence 702 to testify at trial that Samsung allegedly copied Apple's patented technologies and designs, and about why Samsung conducted competitive analysis of Apple products.

DATED: August 30, 2013                    QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP


                                          /s/  Victoria F. Maroulis
                                          Attorney for SAMSUNG ELECTRONICS CO.,
                                          LTD., SAMSUNG ELECTRONICS AMERICA,
                                          INC. and SAMSUNG
                                          TELECOMMUNICATIONS AMERICA, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    <u>INTRODUCTION</u>

Apple's new damages expert, Julie L. Davis, is an accountant.  Davis Rpt. ¶ 13.[1]  Yet, Ms. Davis apparently believes she is qualified to tell the jury that Samsung copied Apple's patented technologies and designs.  For example, Ms. Davis opines in her report that:

- "[T]he designs and technology of Apple's New Trial Patents were copied by Samsung with the belief that consumers would find the resulting infringing products to be more desirable."  Davis Rpt.  ¶ 110.

- Samsung "adopt[ed] the use of 'double tapping'" and Apple's "icon layout" because of "Samsung's conclusion that Apple's patented design elements and user interface technology were attractive to consumers."  *Id.* ¶ 107.

- "The scope of the similarity between the patented technology and Samsung's products" and Samsung's supposed decision to copy "support the conclusion that there is substantial demand for Apple's patented designs."  *Id.* ¶ 136.

- Evidence of copying "reflects Samsung's conclusion that Apple's patented design elements and user interface technology were attractive to consumers."  *Id.* ¶ 107.

Ms. Davis has no basis to offer these opinions.  She is not an expert on marketing, consumer decision-making, the telecommunications industry, the U.S. smartphone market, or the U.S. tablet market.  Maroulis Decl. Ex. 1, 8/26/13 Davis Dep. Tr. at 16:1-17:4.  She does not have any expertise in industrial design or consumer electronics.  *Id.* at 17:8:11-18:6.  She is not a computer scientist, and has not read source code "for many years," since her college coursework. *Id.* at 17:12-21.  Ms. Davis is "not a technical person."  *Id.* at 52:2-5.  She is not a lawyer and admits to being unqualified to explain the scope of the patent claims at issue.  *Id.* at 30:14-19 (D'677), 72:1-14 ('381), 79:2-18 ('163 and '915), 190:1 (not a lawyer), 311:5-10 ('915).  She does not claim to have any expertise in the relationship of competitive analysis or copying to consumer demand.  *Id.* at 20:15-20.  Although infringement is assumed for purposes of the new trial, that is

---

[1]   A copy of the Expert Report of Julie L. Davis (as of 8/23/2013) ("Davis Rpt.") is attached as Exhibit 1 to the Declaration of Robert J. Becher in Support of Samsung's August 30, 2013 Motion to Strike Portions of the Expert Report of Julie L. Davis.

not the same as copying. *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1350-51 (Fed. Cir. 2002) ("While copying may be relevant to obviousness, it is of no import on the question of whether the claims of an issued patent are infringed.").  An accountant has no business offering an opinion on whether Samsung copied Apple, and should not be permitted to do so.

## II.   MS. DAVIS'S OPINIONS ON ISSUES OUTSIDE HER AREAS OF EXPERTISE ARE NOT ADMISSIBLE UNDER RULE 702

Federal Rule of Evidence 702 permits a witness to testify as an expert if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-90 (1993).  However, an expert for one purpose is not an expert for all purposes.  Opinions falling outside the expert's area of expertise are inadmissible.  *See, e.g.*, *Abarca v. Merck & Co.*, Inc, 2010 WL 4643642, at *4 (E.D. Cal. Nov. 9, 2010) ("Rule 703 does not allow an expert qualified in one field to offer opinions outside his or her area of expertise."); *U.S. v. Grace*, 455. F. Supp. 2d 1181, 1188 (D. Mont. 2006) ("Even though an expert may be qualified in one area of expertise, he still may be precluded from offering opinions beyond that area of expertise."); *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994) ("The issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question."), *cert. denied*, 513 U.S. 902 (1995).

Accordingly, a proffered expert should be excluded when she lacks qualifications in the relevant area, despite being well-credentialed in other related areas. *See Flex-Rest, LLC v. Steelcase, Inc.*, 455 F.3d 1351, 1360-61 (Fed. Cir. 2006) (testimony of ergonomics expert on the subject of invalidity was excluded because the expert not one of ordinary skill in the art at the time of the invention); *Wilson v. Bradlees of New Eng., Inc.*, 250 F.3d 10, 18 (1st Cir. 2001) (testimony of chemistry expert on the subjects of usages and practices in the silk-screening industry, and the commercial feasibility of the printing technique, was excluded because the witness's knowledge derived from one telephone conversation with an ink vendor, not the witness's own expertise); *Shalaby v. Irwin Indus. Toll Co.*, 2009 WL 7452756, at *11-14 (S.D. Cal. Jul. 28, 2009)

(testimony of products liability and consumer warnings consultant was excluded because witness had no knowledge of the product at issue in the case and so could not testify regarding product design and safety); *MDG Int'l, Inc. v. Austl. Gold, Inc.*, 2009 WL 1916728, at *3 (S.D. Ind. June 29, 2009) (testimony of expert in the field of valuing large public companies was excluded because witness was not qualified as an expert in valuing closely held businesses); *see also Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1004-06 (9th Cir. 2001) (testimony of witness with experience on Korean governmental and banking systems was excluded because witness was not qualified to testify as expert on Korean business culture and practices, given that "impressionistic generalizations" did not qualify as relevant legal, business, financial and cultural expertise), *amended on other grounds*, 272 F.3d 1289 (9th Cir. 2001).   In keeping with this standard, "something doesn't become 'scientific knowledge' just because it's uttered by a scientist." *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1315-16 (9th Cir. 1995).

## III.   MS. DAVIS IS NOT QUALIFIED TO TESTIFY REGARDING SAMSUNG'S ALLEGED COPYING

Although Ms. Davis is qualified to testify about quantifiable accounting issues, nothing in her training or experience as a C.P.A. qualify her to opine that Samsung deliberately copied Apple's patents or why Samsung conducted competitive analysis.   By her own admission, Ms. Davis is not an expert on marketing, consumer decision-making, the telecommunications industry, the U.S. smartphone market, the U.S. tablet market, industrial design, consumer electronics, computer science, interpreting patents, or the patented technology and designs.   Ex. 1 at 16:1-18:6, 30:14-19, 72:1-14, 79:2-18, 311:5-10.   Yet, as noted above, she purports to offer her opinion that Samsung copied Apple and conducted competitive analysis for this purpose.   *See, e.g.*, Davis Rpt. ¶ 110 ("[T]he designs and technology of Apple's New Trial Patents were copied by Samsung with the belief that consumers would find the resulting infringing products to be more desirable."), ¶ 136 ("The scope of the similarity between the patented technology and Samsung's products" and Samsung's supposed decision to copy "support the conclusion that there is substantial demand for Apple's patented designs.).

Moreover, it is black letter law that no expert is qualified to divine corporate intent.   *See,*

*e.g.*, *In re REMEC Inc. Sec. Litig.*, 702 F. Supp. 2d 1202, 1220 (S.D. Cal. 2010) ("The Court agrees with Defendants that [the expert] exceeded his role as an expert witness on accounting when he gave his opinions about the Defendants' mental state."); *Adams v. U.S.*, 2009 WL 1324231, at *1 (D. Idaho May 8, 2009) (granting motion to exclude expert testimony as to "corporate intent"). Expert testimony regarding corporate intent presents serious problems with respect to reliability. *See DePaepe v. Gen. Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998) (error to permit expert to "speculate" that motive for design-change was cost-cutting); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 546 (S.D.N.Y. 2004) ("[O]pinions of . . . witnesses on the intent, motives or states of mind of corporations, regulatory agencies and others have no basis in any relevant body of knowledge or expertise.").

Ms. Davis bases her opinions about copying on her own interpretation of the motivations behind selected portions of Samsung competitive analysis documents hand-picked by Apple's counsel, and on testimony that does not speak to deliberate copying or Samsung's corporate intent. *See* Davis Rpt. ¶¶ 82, 103, 105-07, 180, 186, 205, 254, Exs. 24-PT, 25-PT. This amounts to an exercise in attempted corporate mind-reading regarding Samsung's motivations and intentions for which Ms. Davis is wholly unqualified. *See In re REMEC*, 702 F. Supp. 2d at 1220. Nothing in Ms. Davis's training or experience qualifies her to interpret Samsung's competitive analysis documents for the jury or to testify that these documents are evidence of copying. In her deposition, Ms. Davis did not even attempt to claim any expertise in copying or comparative analysis. Ex. 1 at 20:15-20. Apple should not be permitted to have Ms. Davis testify to the jury about Samsung's corporate intent under the guise of special expertise that she admittedly does not possess. The Court should exclude Ms. Davis's opinions regarding alleged copying on the grounds that they are far outside the scope of her area of expertise. *Flex-Rest*, 455 F.3d at 1360-61.

## IV.     <u>CONCLUSION</u>

For the foregoing reasons, Samsung respectfully requests that the Court grant its motion to preclude Apple's expert Julie Davis from testifying as to her opinions on disputed issues of fact

1  where she lacks qualifications required by Rule 702 – *i.e.,* that Samsung allegedly copied Apple's

2  patents and why Samsung conducted competitive analysis of Apple products.

3

4  DATED: August 30, 2013                  Respectfully submitted,

5                                          QUINN EMANUEL URQUHART & SULLIVAN, LLP

6

7

8                                          By /s/  Victoria F. Maroulis
                                           _____
                                               Charles K. Verhoeven
9                                              Kevin P.B. Johnson
                                               Victoria F. Maroulis
10                                             William C. Price
                                               Michael T. Zeller
11

12                                         Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
                                           SAMSUNG ELECTRONICS AMERICA, INC. and
13                                         SAMSUNG TELECOMMUNICATIONS AMERICA,
                                           LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28