Exhibit 4

Apple v. Samsung
Confidential – Attorneys' Eyes Only

1
2
3
4
5
6
7
8     UNITED STATES DISTRICT COURT
9     NORTHERN DISTRICT OF CALIFORNIA
10    SAN JOSE DIVISION
11

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.   11-cv-01846-LHK |
| Plaintiff, | **REBUTTAL EXPERT REPORT OF RAVIN BALAKRISHNAN, PH.D. REGARDING VALIDITY OF U.S. PATENT NO. 7,469,381** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

**\*\*CONFIDENTIAL – CONTAINS MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO A PROTECTIVE ORDER\*\***

41. I reserve my right to discuss the general background of the technology and user interfaces that existed at the time of the invention of the '381 patent.

42. The inventor of the '381 patent recognized these disadvantages and created a novel solution to overcome them. By displaying an area beyond the edge of an electronic document, the invention of the '381 patent provides the user with an instant visual cue informing him that the edge of the document has been reached, and importantly, in an exemplary embodiment shown in Figures 8A-8D of the patent, this area beyond the edge is displayed adjacent to a portion of the electronic document, enabling the user to maintain context and avoid the "Desert Fog" problem.

43. The elegant solution proposed by the '381 patent significantly enhances the user's experience in viewing photos, web pages, lists, and other electronic documents. To my knowledge, touch screen devices prior to the Apple iPhone did not have a visually intuitive way to alert a user when he or she had reached the edge of the document when scrolling or panning. Now, this feature is nearly ubiquitous, including in Samsung's own devices. Accordingly, the inventions of the '381 patent make possible a user interface that is more visually appealing and intuitive in its handling of the display of electronic documents.

44. The hardware and structural components on which the instructions for performing the "bounce" or "rubber banding" functionality claimed in the '381 patent are disclosed, for example, in Figure 17 of the patent, as well as the text in columns 34:47 – 35:19. There, a device with a touch-screen display, a central processing unit, memory, and communication buses is described. Flow charts of exemplary algorithms for performing the aforementioned functionalities can be found, for example, in Figures 5 and 7 of the patent, along with the accompanying text.

**B.    Person of Ordinary Skill in the Art**

45. As noted in my opening expert report, if called to testify at trial on the topic of the definition of a person of ordinary skill in the art for the '381 patent, I expect to testify regarding the skill, education, and experience that a person of ordinary skill in the relevant art would have had at the time of the invention of the '381 patent. In my opinion, and as submitted by Apple in a January 19, 2012 Joint Statement (Dkt. No. 650), a person of ordinary skill in the relevant art of

150.  In connection with my anticipated testimony in this action, I may use as exhibits various documents produced in this case that refer or relate to the matters discussed in this report. In addition, I may have demonstrative exhibits prepared to assist in the presentation of my testimony and opinions as set forth or cited in my report.

Dated: April 16, 2012                         /s/
                                            RAVIN BALAKRISHNAN