Exhibit 15

# In The Matter Of:

*APPLE, INC., et al.*
*v.*
*SAMSUNG ELECTRONICS CO., LTD., et al.*

_____

*WON-PYO HONG- Vol. 1*
*April 19, 2012*

_____

*HIGHLY CONFIDENTIAL -  ATTORNEYS' EYES ONLY*

**MERRILL CORPORATION**
LegaLink, Inc.
179 Lincoln Street
Suite 401
Boston, MA 02110
Phone: 617.542.0039
Fax: 617.542.2119

```
 1                      AERYONG KIM,
 2           the interpreter, was duly sworn to
 3           translate from English to Korean and
 4           from Korean to English.
 5
 6                      WON-PYO HONG,
 7           called as a witness, being first duly
 8           sworn, was examined and testified as
 9           hereinafter set forth:
10
11           (The following proceedings were conducted
12        only in English, unless otherwise indicated.)
13
14                      EXAMINATION
15   BY MR. McELHINNY:
16      Q.   Dr. Hong, you heard me introduce myself            14:08:11
17   a minute ago.  My name is Harold McElhinny.  I'm an       14:08:15
18   attorney for Apple in the litigation that's pending       14:08:17
19   against Samsung.                                          14:08:20
20      A.   Uh-huh.                                           14:08:21
21      Q.   Would you please state your full name for         14:08:21
22   the record?                                               14:08:23
23      A.   W-o-n-P-y-o.  H-o-n-g.  Won-Pyo Hong.             14:08:24
24      Q.   Thank you.                                        14:08:29
25           And, sir, what is your business address?          14:08:30
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
WON-PYO HONG - 4/19/2012

Page 45

| | | |
|---|---|---|
| 1 | they? | 14:59:13 |
| 2 | A. Yes, they do. | 14:59:14 |
| 3 | Q. And is it R-type or C-type, sir? | 14:59:15 |
| 4 | A. Mainly C-types. | 14:59:18 |
| 5 | Q. Thank you. | 14:59:19 |
| 6 | This is a good time to take a break. | 14:59:19 |
| 7 | A. Okay. | 14:59:22 |
| 8 | THE VIDEOGRAPHER: Going off the record. The | 14:59:23 |
| 9 | time is 14:59. | 14:59:24 |
| 10 | (Recess from 2:59 p.m. to 3:11 p.m.) | 14:59:28 |
| 11 | THE VIDEOGRAPHER: Going on the rec -- back | 15:11:39 |
| 12 | on the record. The time is 15:11. | 15:11:41 |
| 13 | (Exhibit 2006 marked for identification.) | 15:11:43 |
| 14 | Q. BY MR. McELHINNY: I'm handing you a document | 15:11:52 |
| 15 | which has been marked as Exhibit 2006. It's so large | 15:11:54 |
| 16 | the staple has come out, but we'll put one in. | 15:11:59 |
| 17 | A. (Examining.) | 15:12:08 |
| 18 | Q. Sir, it's 2006. It runs from SAMNDCA00191811 | 15:14:38 |
| 19 | through 987. | 15:14:46 |
| 20 | Have you ever seen this document before? | 15:15:01 |
| 21 | A. No, I didn't. | 15:15:07 |
| 22 | Q. Are you familiar with an organization called | 15:15:07 |
| 23 | Gravity Tank? | 15:15:10 |
| 24 | A. No. | 15:15:11 |
| 25 | Q. You never heard of them? | 15:15:12 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
WON-PYO HONG - 4/19/2012

Page 46

| | | |
|---|---|---|
| 1 | A.   No. | 15:15:13 |
| 2 | Q.   Sir, if you would look, please, at what is | 15:16:09 |
| 3 | page 31 of the document in the regular number system -- | 15:16:12 |
| 4 | A.   Oh. | 15:16:16 |
| 5 | Q.   -- or 841 in the Bates page numbers. | 15:16:16 |
| 6 | A.   Thirty-one? | 15:16:21 |
| 7 | Q.   Yeah. | 15:16:21 |
| 8 | A.   Go ahead. | 15:16:32 |
| 9 | Q.   You see, in the upper left-hand corner, the | 15:16:33 |
| 10 | title up there says: | 15:16:36 |
| 11 | "IPhone Feedback & Analysis." | 15:16:37 |
| 12 | MR. STEIGER:  Objection.  No foundation. | 15:16:39 |
| 13 | Calls for speculation. | 15:16:39 |
| 14 | Any questions based on this document are | 15:16:42 |
| 15 | improper because he's said he's never seen it and hasn't | 15:16:44 |
| 16 | even heard of the company who purports to have generated | 15:16:49 |
| 17 | this. | 15:16:53 |
| 18 | THE WITNESS:  I see it. | 15:16:53 |
| 19 | Q.   BY MR. McELHINNY:  Okay.  And then across the | 15:16:53 |
| 20 | top there, it has a statement that says: | 15:16:56 |
| 21 | "Screen-centric design has set the standard | 15:16:57 |
| 22 | for touch." | 15:17:01 |
| 23 | That's what it says; correct? | 15:17:01 |
| 24 | MR. STEIGER:  Same objections. | 15:17:03 |
| 25 | THE WITNESS:  It does. | 15:17:04 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
WON-PYO HONG - 4/19/2012

Page 47

| | | |
|---|---|---|
| 1 | Q.  BY MR. McELHINNY:  Sir, based on your | 15:17:05 |
| 2 | experience in this industry, do -- do you agree with | 15:17:06 |
| 3 | that statement? | 15:17:08 |
| 4 | MR. STEIGER:  Same objections.  Also, vague | 15:17:10 |
| 5 | and ambiguous.  No foundation. | 15:17:11 |
| 6 | THE WITNESS:  Honestly, I don't understand | 15:17:17 |
| 7 | what this sentence says. | 15:17:18 |
| 8 | Q.  BY MR. McELHINNY:  Okay.  If you would, then, | 15:17:20 |
| 9 | look at page -- within the document, it's numbered 56. | 15:17:22 |
| 10 | The Bates number is 866. | 15:17:27 |
| 11 | Are we on the same page?  The title says: | 15:17:30 |
| 12 | "Samsung touch phones are liked, but not | 15:17:46 |
| 13 | loved." | 15:17:49 |
| 14 | MR. STEIGER:  Same objections. | 15:17:49 |
| 15 | Q.  BY MR. McELHINNY:  I'm just -- are we on the | 15:17:50 |
| 16 | same page? | 15:17:52 |
| 17 | A.  Yes. | 15:17:52 |
| 18 | Q.  Okay.  There -- there's what purports to be | 15:17:53 |
| 19 | pictures of five phones there. | 15:17:55 |
| 20 | Do you see that? | 15:17:56 |
| 21 | MR. STEIGER:  Same objections. | 15:17:57 |
| 22 | THE WITNESS:  Uh-huh.  Yes. | 15:17:59 |
| 23 | Q.  BY MR. McELHINNY:  And are you familiar with | 15:18:01 |
| 24 | a Samsung phone that was called the Acme? | 15:18:05 |
| 25 | MR. STEIGER:  Same objections to the extent | 15:18:08 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
WON-PYO HONG - 4/19/2012

Page 57

| | | |
|---|---|---|
| 1 | MR. STEIGER:  At least I think it | 15:30:22 |
| 2 | mischaracterizes it.  I can't read it, which is | 15:30:23 |
| 3 | my continuing objection. | 15:30:26 |
| 4 | Q.   BY MR. McELHINNY:  Let's be sure we're | 15:30:30 |
| 5 | answering and asking the same question, sir. | 15:30:32 |
| 6 | In that paragraph, in what's written here, | 15:30:33 |
| 7 | have you given an order? | 15:30:36 |
| 8 | MR. STEIGER:  Vague and ambiguous. | 15:30:39 |
| 9 | THE WITNESS:  I'm not giving an order. | 15:30:41 |
| 10 | Q.   BY MR. McELHINNY:  Are you -- are you -- | 15:30:42 |
| 11 | A.   I'm giving my opinion. | 15:30:43 |
| 12 | Q.   Are you giving an opinion about what should | 15:30:45 |
| 13 | be done in the future? | 15:30:47 |
| 14 | A.   The desirable thing to do. | 15:30:48 |
| 15 | MR. STEIGER:  Vague and ambiguous. | 15:30:49 |
| 16 | Q.   BY MR. McELHINNY:  I'm sorry? | 15:30:49 |
| 17 | A.   What is the desired -- desirable way to do. | 15:30:49 |
| 18 | Q.   And -- and -- | 15:30:58 |
| 19 | (Court reporter clarification.) | 15:30:58 |
| 20 | THE WITNESS:  What is the desirable way to do. | 15:30:58 |
| 21 | Q.   BY MR. McELHINNY:  And -- and can you tell us | 15:30:58 |
| 22 | then, please, what it was that you were saying was the | 15:30:59 |
| 23 | desirable way to do it? | 15:31:03 |
| 24 | A.   When designers report to -- again, you know, | 15:31:05 |
| 25 | I'm just trying to translate this.  But you're asking | 15:31:11 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
WON-PYO HONG - 4/19/2012

Page 58

| | | |
|---|---|---|
| 1 | me what I was trying to tell my people? | 15:31:16 |
| 2 | Q. Yes, please. | 15:31:18 |
| 3 | A. Is that what you're asking me? | 15:31:19 |
| 4 | Q. That's what I'm asking. | 15:31:20 |
| 5 | A. I was suggesting that, when the design is | 15:31:21 |
| 6 | shown to our president, comparison with product -- | 15:31:29 |
| 7 | similar product from Apple needs to be provided | 15:31:35 |
| 8 | together. | 15:31:46 |
| 9 | Q. Okay. Let me make sure I understand. | 15:31:46 |
| 10 | What you're saying is, when you've got a new | 15:31:49 |
| 11 | product and you're showing it to the president, you want | 15:31:51 |
| 12 | it done side by side in a comparison to Apple; is that | 15:31:54 |
| 13 | correct? | 15:31:57 |
| 14 | MR. STEIGER: Misstates his testimony. | 15:31:58 |
| 15 | Misstates -- | 15:32:00 |
| 16 | THE WITNESS: We -- | 15:32:01 |
| 17 | MR. STEIGER: -- the document. | 15:32:02 |
| 18 | THE WITNESS: -- compare with multiple | 15:32:02 |
| 19 | different of the competitor products. Apple product | 15:32:05 |
| 20 | could be one of them. | 15:32:10 |
| 21 | Q. BY MR. McELHINNY: Well, in -- in this | 15:32:11 |
| 22 | paragraph at least, the only one that you talk about | 15:32:12 |
| 23 | is Apple; correct? | 15:32:14 |
| 24 | A. Yeah. I state Apple. | 15:32:18 |
| 25 | Q. Okay. And -- and -- and why -- why do you | 15:32:20 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
WON-PYO HONG - 4/19/2012

Page 59

| | | |
|---|---|---|
| 1 | want that presentation to be made as a comparison? | 15:32:24 |
| 2 |     A.    Again, it's my speculation. | 15:32:28 |
| 3 |     Q.    Uh-huh. | 15:32:29 |
| 4 |     A.    Apple product is one of products in the | 15:32:31 |
| 5 | premium segment. Also some products from HTC and other | 15:32:35 |
| 6 | manufacturers are also premium products. So when we | 15:32:43 |
| 7 | design our premium products, possibly Apple will be | 15:32:49 |
| 8 | one of the products to be compared. | 15:32:53 |
| 9 |     Q.    And -- and my question is why do you -- why | 15:32:57 |
| 10 | do you -- why do you do that internal presentation as | 15:33:00 |
| 11 | a comparison? | 15:33:02 |
| 12 |     MR. STEIGER:  Misstates his testimony. | 15:33:03 |
| 13 | Assumes facts. | 15:33:05 |
| 14 |     THE WITNESS:  We look at the several different | 15:33:08 |
| 15 | key aspects of the new product, functions and cost | 15:33:11 |
| 16 | structure, of course performance. So we want to | 15:33:19 |
| 17 | make sure our product is -- better deliver functions, | 15:33:24 |
| 18 | performance, and also hopefully better cost, which would | 15:33:28 |
| 19 | be benefit to consumers. Those are the main reasons to | 15:33:35 |
| 20 | compare. | 15:33:40 |
| 21 |     Q.    BY MR. McELHINNY:  But -- but when the | 15:33:40 |
| 22 | president is looking at a side-by-side comparison, | 15:33:41 |
| 23 | he can't tell about the cost, can he? | 15:33:42 |
| 24 |     MR. STEIGER:  Objection.  Misstates his | 15:33:47 |
| 25 | testimony. Assumes facts. Vague and ambiguous. And | 15:33:47 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
WON-PYO HONG - 4/19/2012

Page 60

| | | |
|---|---|---|
| 1 | compound. | 15:33:51 |
| 2 | THE WITNESS:  There's the -- in -- in the | 15:33:52 |
| 3 | Internet, there's always information flowing around | 15:33:57 |
| 4 | about the cost of the competitors' products.  And also, | 15:34:01 |
| 5 | the -- some technical interest group, they demonstrate | 15:34:07 |
| 6 | and they present performance of the competitors' | 15:34:15 |
| 7 | products as well.  So we have data collected from | 15:34:19 |
| 8 | public information.  So we provide data to president | 15:34:24 |
| 9 | whenever comparison is made. | 15:34:29 |
| 10 | Q.   BY MR. McELHINNY:  But -- but in this | 15:34:32 |
| 11 | document, you're simply talking about a side-by-side | 15:34:33 |
| 12 | presentation of the products; correct? | 15:34:36 |
| 13 | MR. STEIGER:  Misstates the document and | 15:34:38 |
| 14 | his prior testimony. | 15:34:40 |
| 15 | THE WITNESS:  Yes. | 15:34:41 |
| 16 | Q.   BY MR. McELHINNY:  And -- and -- and what is | 15:34:42 |
| 17 | the president supposed to tell in that presentation? | 15:34:44 |
| 18 | MR. STEIGER:  No foundation.  Calls for | 15:34:48 |
| 19 | speculation. | 15:34:48 |
| 20 | THE WITNESS:  I cannot speak for my president. | 15:34:57 |
| 21 | Q.   BY MR. McELHINNY:  What was your purpose in | 15:34:59 |
| 22 | having a side-by-side presentation? | 15:35:01 |
| 23 | A.   Again, our product should be better in those | 15:35:03 |
| 24 | three functions -- aspects that I mentioned earlier, | 15:35:07 |
| 25 | so consumer satisfaction, function, performance, and | 15:35:10 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
WON-PYO HONG - 4/19/2012

Page 81

| | | |
|---|---|---|
| 1 | A. I don't think so. | 16:20:05 |
| 2 | Q. Okay. | 16:20:06 |
| 3 | (Exhibit 2708 marked for identification.) | 16:20:11 |
| 4 | Q. BY MR. McELHINNY: Sir, I'm handing you a | 16:20:11 |
| 5 | document which has been marked as Exhibit 2708. It's | 16:20:12 |
| 6 | a five-page document, a copy on both sides. It runs | 16:20:23 |
| 7 | from Bates numbers SAMNDCA10969926 through 9934. | 16:20:28 |
| 8 | A. (Examining.) | 16:20:40 |
| 9 | MR. STEIGER: While Dr. Hong reviews the | 16:20:41 |
| 10 | document, I again object to the use of the document | 16:20:45 |
| 11 | as an exhibit or any questions based on the document | 16:20:48 |
| 12 | because it's entirely in Korean, with the exception | 16:20:51 |
| 13 | of a word or two here and there in English. | 16:20:55 |
| 14 | THE WITNESS: Okay. | 16:23:01 |
| 15 | Q. BY MR. McELHINNY: Sir, if you look at | 16:23:04 |
| 16 | page 931. | 16:23:05 |
| 17 | A. Okay. | 16:23:13 |
| 18 | Q. This is an e-mail from a gentleman named | 16:23:14 |
| 19 | Min H. Cho. It bears the date July 2nd, 2010. | 16:23:15 |
| 20 | Do you see that? | 16:23:22 |
| 21 | A. Yes. | 16:23:24 |
| 22 | Q. And this e-mail is addressed to you; correct? | 16:23:24 |
| 23 | A. That's correct. | 16:23:27 |
| 24 | Q. And did you receive this e-mail from Professor | 16:23:27 |
| 25 | Cho on or about July 2nd, 2010? | 16:23:29 |

Merrill Corporation - Boston

617-542-0039                                    www.merrillcorp.com/law

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
WON-PYO HONG - 4/19/2012

Page 82

| | | |
|---|---|---|
| 1 | A. | It is [sic]. | 16:23:36 |
| 2 | Q. | Okay.  Do you know Professor Cho? | 16:23:38 |
| 3 | A. | I do. | 16:23:41 |
| 4 | Q. | And is this the person that graduated in your | 16:23:42 |
| 5 | class? | | 16:23:45 |
| 6 | A. | Yes. | 16:23:46 |
| 7 | Q. | And what is the subject matter of Professor | 16:23:50 |
| 8 | Cho's e-mail? | | 16:23:52 |
| 9 | | MR. STEIGER:  Vague and ambiguous.  Overly | 16:23:55 |
| 10 | general. | | 16:23:56 |
| 11 | | I'd also object to asking Dr. Hong to be | 16:24:00 |
| 12 | an official translator of the document, because | | 16:24:04 |
| 13 | that's not his field of expertise.  If you're asking | | 16:24:08 |
| 14 | him just generally what it says, I still have my other | | 16:24:12 |
| 15 | objections. | | 16:24:16 |
| 16 | | THE WITNESS:  I only remember part of it, | 16:24:19 |
| 17 | simply because I didn't read the whole -- the mail. | | 16:24:20 |
| 18 | As you can see, it's very long mail and very technical. | | 16:24:25 |
| 19 | So I forward this to some of my colleagues who are in | | 16:24:29 |
| 20 | charge of technical areas or related areas.  And he | | 16:24:35 |
| 21 | gave us opinion after he use Galaxy S, our phone, for -- | | 16:24:39 |
| 22 | he says three days.  And he gave us a few number of | | 16:24:49 |
| 23 | opinions. | | 16:24:58 |
| 24 | Q. | BY MR. McELHINNY:  Okay.  Let me make sure | 16:24:59 |
| 25 | I understand your answer. | | 16:25:01 |

Merrill Corporation - Boston

617-542-0039                                          www.merrillcorp.com/law

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
WON-PYO HONG - 4/19/2012

Page 83

| | | |
|---|---|---|
| 1 | You remember getting this e-mail from | 16:25:02 |
| 2 | Professor Cho; correct? | 16:25:05 |
| 3 | A.   I do. | 16:25:07 |
| 4 | Q.   All right.  And -- and that -- that happened | 16:25:08 |
| 5 | in -- in the summer of 2010; right? | 16:25:10 |
| 6 | A.   That is correct. | 16:25:13 |
| 7 | Q.   And you're telling me now that you remember | 16:25:13 |
| 8 | that you did not read -- at the time, you did not read | 16:25:16 |
| 9 | the entire e-mail? | 16:25:18 |
| 10 | A.   That is correct. | 16:25:20 |
| 11 | Q.   Okay.  That's your memory? | 16:25:21 |
| 12 | A.   (Witness nods head.) | 16:25:28 |
| 13 | MR. STEIGER:  Objection.  Argue -- | 16:25:32 |
| 14 | Q.   BY MR. McELHINNY:  "Yes"?  You have to say | 16:25:32 |
| 15 | "yes." | 16:25:32 |
| 16 | MR. STEIGER:  Argumentative. | 16:25:32 |
| 17 | THE WITNESS:  Yes. | 16:25:33 |
| 18 | Q.   BY MR. McELHINNY:  Okay.  Do you see point | 16:25:33 |
| 19 | "3)" here in his e-mail?  It's sort of the bottom of | 16:25:35 |
| 20 | the page 931. | 16:25:43 |
| 21 | A.   Uh-huh.  I do. | 16:25:44 |
| 22 | Q.   Tell me when you've read that.  I'm not asking | 16:25:46 |
| 23 | you to read it.  I'm just saying -- I'm giving you a | 16:25:51 |
| 24 | chance to read it before I ask you a question. | 16:25:53 |
| 25 | A.   Okay.  Thank you. | 16:25:55 |

Merrill Corporation - Boston

617-542-0039                                    www.merrillcorp.com/law

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
WON-PYO HONG - 4/19/2012

Page 84

| | | |
|---|---|---|
| 1 | (Examining.)  Okay.  I read it. | 16:26:10 |
| 2 | Q.    Now, what -- what the professor is telling | 16:26:11 |
| 3 | you is that he thinks that Samsung copied the iPhone; | 16:26:14 |
| 4 | correct? | 16:26:16 |
| 5 | MR. STEIGER:  Objection.  Misstates | 16:26:18 |
| 6 | the document.  Assumes facts.  And further, it's | 16:26:18 |
| 7 | objectionable to ask him to interpret the document | 16:26:21 |
| 8 | which he didn't write. | 16:26:24 |
| 9 | THE WITNESS:  I didn't speak for him.  But, | 16:26:30 |
| 10 | again, what I read -- from what I read, he never said | 16:26:34 |
| 11 | that. | 16:26:39 |
| 12 | Q.    BY MR. McELHINNY:  Okay.  What do -- how do | 16:26:39 |
| 13 | you read his first sentence, sir -- his first two | 16:26:40 |
| 14 | sentences? | 16:26:43 |
| 15 | MR. STEIGER:  Same objection to the extent | 16:26:45 |
| 16 | Dr. Hong is being asked to function as a translator, | 16:26:47 |
| 17 | which is not his field of expertise. | 16:26:50 |
| 18 | THE WITNESS:  Since I didn't read and I didn't | 16:26:54 |
| 19 | ask why I didn't discuss with him, I can only speculate. | 16:26:56 |
| 20 | Q.    BY MR. McELHINNY:  That's -- to be clear, I'm | 16:26:59 |
| 21 | not asking you to do that.  I'm asking you to tell us | 16:27:01 |
| 22 | what this sentence says. | 16:27:03 |
| 23 | A.    That's exactly what I mean. | 16:27:05 |
| 24 | Q.    Okay. | 16:27:05 |
| 25 | A.    Yeah.  I can speculate to what he's trying | 16:27:06 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
WON-PYO HONG - 4/19/2012

Page 85

| | | |
|---|---|---|
| 1 | to tell me in his mail. | 16:27:09 |
| 2 | Q.   All right. | 16:27:11 |
| 3 | A.   He's saying there's no particular killer | 16:27:13 |
| 4 | software to catch up iPhone. | 16:27:20 |
| 5 | Q.   And what does the next sentence say, sir? | 16:27:27 |
| 6 | MR. STEIGER:  Same objections I stated | 16:27:32 |
| 7 | earlier. | 16:27:33 |
| 8 | THE WITNESS:  Again, I can just guess.  He | 16:27:37 |
| 9 | says, therefore, he believes it is well done. | 16:27:43 |
| 10 | Let me make sure that I do correct way. | 16:28:19 |
| 11 | Some aspects were well done by referring to | 16:28:55 |
| 12 | iPhone. | 16:29:01 |
| 13 | Q.   BY MR. McELHINNY:  Sir, and then if you | 16:29:05 |
| 14 | look -- | 16:29:06 |
| 15 | MR. STEIGER:  Before you go to the next | 16:29:07 |
| 16 | question, I move to strike the answer as without | 16:29:09 |
| 17 | foundation and -- foundation and beyond his field | 16:29:12 |
| 18 | of expertise. | 16:29:14 |
| 19 | Q.   BY MR. McELHINNY:  And if you look at the | 16:29:15 |
| 20 | end of page 232 -- 932.  I'm sorry. | 16:29:16 |
| 21 | A.   932.  Go ahead. | 16:29:21 |
| 22 | Q.   And you see the section that he has there that | 16:29:22 |
| 23 | says "Conclusion"? | 16:29:25 |
| 24 | A.   Yeah.  At the end, yes. | 16:29:29 |
| 25 | Q.   And do you see where he says there that he | 16:29:33 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
WON-PYO HONG - 4/19/2012

Page 86

| | | |
|---|---|---|
| 1 | gets the feeling that the design of the UI and look | 16:29:36 |
| 2 | and feel is led by engineers? | 16:29:39 |
| 3 | MR. STEIGER: Same objections. Foundation. | 16:29:41 |
| 4 | Speculation. And beyond his expertise to translate. | 16:29:42 |
| 5 | THE WITNESS: Can you repeat your question | 16:30:05 |
| 6 | again? | 16:30:06 |
| 7 | Q. BY MR. McELHINNY: Sure. Do you see where | 16:30:07 |
| 8 | he says that the -- that he gets the feeling that | 16:30:08 |
| 9 | the design of the UI and the look and feel was led | 16:30:10 |
| 10 | by engineers? | 16:30:15 |
| 11 | MR. STEIGER: Same objections. Also assumes | 16:30:16 |
| 12 | and misstates facts. | 16:30:18 |
| 13 | THE WITNESS: That's what he says. | 16:30:22 |
| 14 | Q. BY MR. McELHINNY: Okay. And then, in the | 16:30:23 |
| 15 | next sentence, he says: | 16:30:25 |
| 16 | "Therefore, they can't do anything other than | 16:30:26 |
| 17 | copying the iPhone." | 16:30:30 |
| 18 | Correct? | 16:30:31 |
| 19 | MR. STEIGER: Same objections. Assumes and | 16:30:31 |
| 20 | misstates facts. No foundation. Calls for speculation. | 16:30:33 |
| 21 | Beyond his expertise. | 16:30:36 |
| 22 | THE WITNESS: In my opinion, I cannot | 16:30:47 |
| 23 | translate that direction. | 16:30:49 |
| 24 | Q. BY MR. McELHINNY: All right. How do you | 16:30:51 |
| 25 | translate that, sir? | 16:30:52 |

| | | |
|---|---|---|
| 1 | MR. STEIGER:  Same objections. | 16:30:53 |
| 2 | THE WITNESS:  Number one, I'm not sure he | 16:31:08 |
| 3 | was referring to some particular part of it or he's | 16:31:09 |
| 4 | referring to general trend in Korea or any -- some | 16:31:13 |
| 5 | general set of the phones available at the time. | 16:31:22 |
| 6 | Number two, he believes -- he believes | 16:31:27 |
| 7 | engineers are trying to simulate or emulate, something | 16:31:52 |
| 8 | like that. | 16:32:07 |
| 9 | Q.   BY MR. McELHINNY:  The iPhone? | 16:32:08 |
| 10 | A.   IPhone.  Yes. | 16:32:10 |
| 11 | Q.   Okay.  And in his last sentence, at the very | 16:32:10 |
| 12 | end there, doesn't he say: | 16:32:14 |
| 13 | "Shouldn't we try to get Apple to try to | 16:32:18 |
| 14 | emulate Samsung?" | 16:32:21 |
| 15 | MR. STEIGER:  Same objections I just stated | 16:32:24 |
| 16 | to the prior questions. | 16:32:25 |
| 17 | THE WITNESS:  He was suggesting that. | 16:32:34 |
| 18 | Q.   BY MR. McELHINNY:  Okay.  So -- so you got | 16:32:36 |
| 19 | this e-mail -- sorry.  Go ahead. | 16:32:38 |
| 20 | MR. STEIGER:  I move to strike the prior | 16:32:40 |
| 21 | answers for the grounds that I stated a moment ago in | 16:32:42 |
| 22 | response to a similar question earlier. | 16:32:46 |
| 23 | Q.   BY MR. McELHINNY:  So you got this e-mail from | 16:32:47 |
| 24 | Professor Cho.  And I think you told us, but so that I'm | 16:32:49 |
| 25 | clear, what -- what did you do with this e-mail, sir? | 16:32:56 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
WON-PYO HONG - 4/19/2012

Page 88

| | | |
|---|---|---|
| 1 | MR. STEIGER:  Asked and answered. | 16:32:58 |
| 2 | THE WITNESS:  I gave -- I forward this mail | 16:33:04 |
| 3 | to a few colleagues. | 16:33:07 |
| 4 | Q.   BY MR. McELHINNY:  A few what?  I'm sorry. | 16:33:13 |
| 5 | A.   Two -- two colleagues -- | 16:33:15 |
| 6 | Q.   Colleagues. | 16:33:16 |
| 7 | A.   -- according to this -- this mail. | 16:33:16 |
| 8 | Q.   You -- you sent it to vice president Jong In | 16:33:18 |
| 9 | Kim; is that correct? | 16:33:21 |
| 10 | A.   That's correct. | 16:33:23 |
| 11 | Q.   And what was his responsibility in July of | 16:33:24 |
| 12 | 2010? | 16:33:26 |
| 13 | MR. STEIGER:  Foundation.  Speculation.  Vague | 16:33:28 |
| 14 | and ambiguous. | 16:33:33 |
| 15 | THE WITNESS:  Product playing for Korea | 16:33:34 |
| 16 | market. | 16:33:37 |
| 17 | Q.   BY MR. McELHINNY:  Okay.  And you sent it to | 16:33:38 |
| 18 | vice president Hee Deok Kim?  D-e-o-k. | 16:33:39 |
| 19 | And what was his -- | 16:33:42 |
| 20 | A.   Yes. | 16:33:46 |
| 21 | Q.   What was his responsibility? | 16:33:46 |
| 22 | A.   At that time, I'm not sure. | 16:33:50 |
| 23 | Q.   Okay.  And then don't you say here that | 16:33:51 |
| 24 | Professor Cho used to work at Samsung? | 16:34:06 |
| 25 | A.   I told you I'm not sure. | 16:34:10 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
WON-PYO HONG - 4/19/2012

Page 130

```
 1                    CERTIFICATE OF REPORTER

 2

 3              I, BRENDA MATZOV, CA CSR No. 9243, do hereby

 4    certify:

 5              That, prior to being examined, the witness

 6    named in the foregoing deposition was duly sworn by me

 7    to testify the truth, the whole truth, and nothing but

 8    the truth;

 9              That the foregoing deposition was taken before

10    me at the time and place herein set forth, at which time

11    the aforesaid proceedings were stenographically recorded

12    by me and thereafter transcribed by me;

13              That the foregoing transcript, as typed, is a

14    true record of the said proceedings;

15              And I further certify that I am not interested

16    in the action.

17

18              Dated this 22nd day of April, 2012.

19

20              _____
                BRENDA MATZOV, CA CSR No. 9243
21

22

23

24

25
```