# Exhibit 20

# In The Matter Of:

*APPLE INC.*

*v.*

*SAMSUNG ELECTRONICS CO.,*

———————————————————————

## TODD PENDLETON - Vol. 1
*March 21, 2012*

———————————————————————

## HIGHLY CONFIDENTIAL
## ATTORNEY'S EYES ONLY

**MERRILL CORPORATION**
LegaLink, Inc.
179 Lincoln Street
Suite 401
Boston, MA 02110
Phone: 617.542.0039
Fax: 617.542.2119

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY
TODD PENDLETON - 3/21/2012

Page 7

1              MS. CARUSO:  Margret Caruso, Quinn,
2    Emanuel, Urquhart & Sullivan, representing Samsung.
3    And with me is Cindi Moreland of STA.
4              THE VIDEOGRAPHER:  Your court reporter
5    today is Sarah Brann of Merrill.  Would the reporter
6    please swear in the witness?
7                     TODD PENDLETON
8    _____
9    called as a witness, who, having been first duly
10   sworn, was examined and testified as follows:
11             THE VIDEOGRAPHER:  Please begin.
12               EXAMINATION BY MR. PLUNKETT
13             MR. PLUNKETT:  Q.  Good morning. Could
14   you state and spell your name for the record?
15        A.   It's Todd Pendleton, T-o-d-d, last name
16   Pendleton, P-e-n-d-l-e-t-o-n.
17        Q.   What's your home address?
18        A.   6546 Sondra Drive, Dallas, Texas 75214.
19        Q.   Is this your first deposition?
20        A.   Yes, it is.
21        Q.   So let's go over some basics of the
22   deposition.  Do you understand that you are under
23   oath today?
24        A.   I do.
25        Q.   Do you understand that that's the same

Page 167

1       A.   He is talking about more than smartphones
2   here.  He is talking about all their products.
3       Q.   Would you agree that all of their
4   projects -- all of their products are gorgeous
5   objects?
6            MS. CARUSO:  Objection.  Beyond the scope.
7   Asked and answered.
8            THE WITNESS:  My opinion, I think some
9   consumers might think that their products are
10  gorgeous.  I think it's more, again, around the
11  intuitive use of the products than it is the actual
12  look and feel.
13           MR. HEYISON:  Q.  Okay.  Would you agree
14  that Apple's products, including their smartphones
15  and tablets, have exceptional industrial design?
16           MS. CARUSO:  Objection.  Vague.
17           THE WITNESS:  A consistency of design,
18  yes.
19           MR. HEYISON:  Q.  Well, I understand there
20  is consistency of design.  Would you describe their
21  industrial design as exceptional?
22      A.   Well done, yeah.
23      Q.   And did you -- after receiving this, did
24  you tell Mr. Coleman that you disagreed with his
25  statements that Apple's products are gorgeous and

Page 190

1          So all great brands feel human, and they
2   have human qualities to them.  If we are going to
3   provide an emotional benefit to the Galaxy S II, we
4   needed to give it sort of human qualities and talk
5   about it and benefits in a way that evoke real
6   emotion, versus talking about features and specs.
7          And so we could have talked about a
8   beautiful screen.  We could have talked about a
9   faster processor.  We could have left it at that.
10  But what we really want to do is create that deeper
11  emotional connection and personality, for the brand
12  and for the product.
13         MR. HEYISON:  Q.  You wouldn't have
14  written this sentence if you didn't believe that
15  design is one of those things that can create an
16  emotional connection between a consumer and his or
17  her smartphone; correct?
18         MS. CARUSO:  Objection.  Argumentative.
19  Asked and answered.  Vague.
20         THE WITNESS:  Yeah.  I think, as I said
21  before, for some folks design could be on the list.
22         MR. HEYISON:  Q.  Okay.  And you say, "The
23  GS II has brains and beauty."  What is it that, in
24  your view, gave the GS II beauty?
25         A.   The screen.

Page 218

1              CERTIFICATE OF REPORTER
2              I, SARAH LUCIA BRANN, a Certified
3    Shorthand Reporter, hereby certify that the witness
4    in the foregoing deposition was by me duly sworn to
5    tell the truth, the whole truth, and nothing but the
6    truth in the within-entitled cause;
7              That said deposition was taken in
8    shorthand by me, a disinterested person, at the time
9    and place therein stated, and that the testimony of
10   the said witness was thereafter reduced to
11   typewriting, by computer, under my direction and
12   supervision;
13             That before completion of the deposition,
14   review of the transcript [ ] was [X] was not
15   requested.  If requested, any changes made by the
16   deponent (and provided to the reporter) during the
17   period allowed are appended hereto.
18             I further certify that I am not of counsel
19   or attorney for either or any of the parties to the
20   said deposition, nor in any way interested in the
21   event of this cause, and that I am not related to
22   any of the parties thereto.
23             DATED:  March 27, 2012
24   _____
25             SARAH LUCIA BRANN, CSR No. 3887