# Exhibit 23

Page 255

```
         UNITED STATES DISTRICT COURT
        NORTHERN DISTRICT OF CALIFORNIA
              SAN JOSE DIVISION


APPLE INC., a California
corporation,

              Plaintiff,

vs.                              CASE NO.  11-cv-01846-LHK

SAMSUNG ELECTRONICS CO.,
LTD., a Korean business
entity; SAMSUNG ELECTRONICS
AMERICA,INC., a New York
corporation; SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited
liability company,
              Defendants.
_____/

     H I G H L Y   C O N F I D E N T I A L
       A T T O R N E Y S'   E Y E S   O N L Y

     VIDEOTAPED DEPOSITION OF MICHAEL J. WAGNER
                     VOLUME II
               PALO ALTO, CALIFORNIA
               SATURDAY, MAY 12, 2012

BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR

CSR LICENSE NO. 9830

JOB NO. 49053
```

Highly Confidential - Attorneys' Eyes Only

Page 259

1  from my office.  And also present here is Terry Musika       09:00
2  of Invotex Group, who is an expert in the case.              09:00
3         MR. ANDERSON:  Carl Anderson of Quinn Emanuel         09:00
4  for Michael Wagner and Samsung.                              09:00
5         THE VIDEOGRAPHER:  Will the court reporter            09:00
6  please swear in the witness.                                 09:00
7                                                               09:00
8                      MICHAEL WAGNER,                          09:00
9              having been sworn as a witness                   09:00
10          by the Certified Shorthand Reporter,                09:00
11                   testified as follows:                      09:01
12                                                              09:01
13        THE VIDEOGRAPHER:  You may proceed.                   09:01
14                                                              09:01
15               EXAMINATION BY MR. OLSON                       09:01
16        MR. OLSON:  Q.  Mr. Wagner, you understand            09:01
17 you're here to testify regarding certain opinions you        09:01
18 have regarding the damages that would be paid to Apple       09:01
19 for violations of its intellectual property by               09:01
20 Samsung; correct?                                            09:01
21     A  Correct.                                              09:01
22     Q  And you've testified more than 300 times             09:01
23 before; correct?                                             09:01
24     A  I have.                                               09:01
25     Q  All right.  So I'm not going to bother with          09:01

Highly Confidential - Attorneys' Eyes Only

Page 466

| | | |
|---|---|---|
| 1 | MR. ANDERSON: Objection; incomplete | 15:08 |
| 2 | hypothetical; assumes facts contrary to the evidence. | 15:08 |
| 3 | THE WITNESS: Yes. | 15:09 |
| 4 | MR. OLSON: Okay. | 15:09 |
| 5 | Q   In evaluating this question of whether or not | 15:09 |
| 6 | demand had been shown for the specific patents, | 15:09 |
| 7 | whether that's right under DuPuy Spine or not, would | 15:09 |
| 8 | you count, as rational evidence, information provided | 15:09 |
| 9 | to Samsung by consultants saying that people want this | 15:09 |
| 10 | functionality in their product in order to compete | 15:09 |
| 11 | with other providers? | 15:09 |
| 12 | MR. ANDERSON: Same objections. | 15:09 |
| 13 | THE WITNESS: Yes. | 15:09 |
| 14 | MR. OLSON: Q. And would you count in -- as | 15:09 |
| 15 | evidence of demand instructions from executives to | 15:09 |
| 16 | designers, that they needed to design products in a | 15:09 |
| 17 | way that looked like Apple's in order to make them | 15:09 |
| 18 | more attractive to consumers? | 15:09 |
| 19 | MR. ANDERSON: Same objections. | 15:10 |
| 20 | THE WITNESS: Yes. | 15:10 |
| 21 | MR. OLSON: Q. And would you count as | 15:10 |
| 22 | evidence of demand reports from inside Samsung or from | 15:10 |
| 23 | consultants, that the use of multi-touch interfaces in | 15:10 |
| 24 | tablets was an important selling point to consumers of | 15:10 |
| 25 | tablets? | 15:10 |

Highly Confidential - Attorneys' Eyes Only

Page 557

1    CERTIFICATE OF REPORTER

2

3

4        I, ANDREA M. IGNACIO HOWARD, hereby certify
5   that the witness in the foregoing deposition was by me
6   duly sworn to tell the truth, the whole truth, and
7   nothing but the truth in the within-entitled cause;
8
9        That said deposition was taken in shorthand
10  by me, a Certified Shorthand Reporter of the State of
11  California, and was thereafter transcribed into
12  typewriting, and that the foregoing transcript
13  constitutes a full, true and correct report of said
14  deposition and of the proceedings which took place;
15
16       That I am a disinterested person to the said
17  action.
18
19       IN WITNESS WHEREOF, I have hereunto set my
20  hand this 13th day of May, 2012.
21
22  _____
23  ANDREA M. IGNACIO HOWARD, RPR, CCRR, CLR, CSR No. 9830
24
25

688

1     UNITED STATES DISTRICT COURT
2     NORTHERN DISTRICT OF CALIFORNIA
3     SAN JOSE DIVISION
4     ------------------------------------:
5     APPLE INC., a California corporation,:
6                 Plaintiff,              :
7          v.                             :
8     SAMSUNG ELECTRONICS CO., LTD., a    :Civil Action No.
9     Korean business entity, SAMSUNG     :11-CV-01846-LHK
10    ELECTRONICS AMERICA, INC., a New    :
11    York corporation, and SAMSUNG       :
12    TELECOMMUNICATIONS AMERICA, LLC, a  :
13    Delaware limited liability company, :
14                Defendants.             :
15    ------------------------------------:
16    (Caption continued on next page.)
17        HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
18                       VOLUME 4
19        Videotaped Deposition of MICHAEL J. WAGNER
20                  Palo Alto, California
21                Tuesday, August 20, 2013
22                       8:04 a.m.
23    Job No.: 42222
24    Pages: 688 - 963
25    Reported by:  Anne Torreano, CCSR, RPR, CCRR

695

| | | |
|---|---|---|
| 1 | Emanuel. | 08:05:23 |
| 2 | THE VIDEOGRAPHER: The court reporter today | 08:05:23 |
| 3 | is Anne Torreano, representing Planet Depos. | 08:05:24 |
| 4 | Would the reporter please swear in the | 08:05:28 |
| 5 | witness? | 08:05:30 |
| 6 | MICHAEL J. WAGNER, | 08:05:30 |
| 7 | having been duly sworn to tell the truth, | 08:05:30 |
| 8 | testified as follows: | 08:05:30 |
| 9 | EXAMINATION | 08:05:36 |
| 10 | BY MR. QUARLES: | 08:05:36 |
| 11 | Q. Good morning, Mr. Wagner. | 08:05:36 |
| 12 | A. Good morning, Mr. Quarles. | 08:05:38 |
| 13 | Q. And congratulations on becoming a grandfather | 08:05:39 |
| 14 | again. | 08:05:42 |
| 15 | A. Thank you. | 08:05:42 |
| 16 | Q. You have provided deposition testimony in | 08:05:43 |
| 17 | this case three times; correct? | 08:05:46 |
| 18 | A. I have. | 08:05:47 |
| 19 | Q. Is there any testimony in any of those | 08:05:48 |
| 20 | depositions that you would like to correct or amend? | 08:05:51 |
| 21 | A. Maybe there's one thing that I would. | 08:05:53 |
| 22 | Q. What would that be? | 08:05:58 |
| 23 | A. Mr. Olson, in one of my depositions, and I | 08:05:59 |
| 24 | can't remember if it's the second or third, I think it | 08:06:05 |
| 25 | was the third, went over what appeared to be some | 08:06:07 |

HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF MICHAEL J. WAGNER, VOLUME 4
CONDUCTED ON TUESDAY, AUGUST 20, 2013

704

1  BY MR. QUARLES: 08:15:11
2      Q.  Now, so let me just make sure I understand 08:15:11
3  it. 08:15:25
4          As you sit here today, you're agnostic on the 08:15:25
5  question of did Samsung copy or did they -- did these 08:15:28
6  features appear some other way? 08:15:32
7      A.  Correct. 08:15:34
8      Q.  Now, you told us before you have an 08:15:36
9  engineering degree, a law degree and an MBA, but other 08:15:43
10  than serving as an expert witness, your background is 08:15:46
11  in accounting; correct? 08:15:50
12      A.  I would say my background is in management 08:15:53
13  consulting, not accounting. 08:15:59
14      Q.  Okay. 08:16:00
15      A.  I am an accountant, but I would say my 08:16:01
16  professional career has been in consulting. 08:16:04
17      Q.  You don't do product marketing work for a 08:16:06
18  living; correct? 08:16:08
19      A.  I do not. 08:16:09
20      Q.  It's not your job to figure out why consumers 08:16:10
21  purchase particular products; correct? 08:16:14
22      A.  Well, I've been given that assignment many 08:16:16
23  times in my career but I don't do it for a company or 08:16:18
24  outside of the litigation context. 08:16:21
25      Q.  Do you claim to have any expertise in product 08:16:23

710

1    actually trending up since the second quarter of 2009.      08:21:32
2    BY MR. QUARLES:                                              08:21:36
3        Q.  Now, I think you have agreed with me that            08:21:36
4    Apple's and Samsung's products compete in the                08:21:42
5    smartphone market?                                           08:21:46
6        A.  I've said it a number of times and I'll say          08:21:47
7    it again today.  I agree with you.                           08:21:49
8        Q.  Now, you said, as I understood it, you were          08:21:51
9    agnostic as to whether there had been any copying?           08:21:58
10           MS. MAROULIS:  Objection.  Calls for legal            08:22:03
11   conclusion, calls for speculation, argumentative.            08:22:04
12           THE WITNESS:  Correct.  I have not been asked         08:22:05
13   to address that issue in this case.                          08:22:07
14           You know, copying could lead to a finding of         08:22:10
15   willfulness.  I have no opinions on willfulness.  The        08:22:13
16   only thing I have been asked to assume and now know is       08:22:16
17   that Apple -- or Samsung infringes a number of Apple's       08:22:18
18   patents for the 13 products at issue.                        08:22:25
19   BY MR. QUARLES:                                              08:22:28
20       Q.  Okay.  I'm going to put before you what has          08:22:28
21   been previously marked as Plaintiff's Exhibit No. 60.        08:22:32
22   This was marked as an exhibit at trial.                      08:22:43
23           Have you seen this document before?                  08:22:48
24       A.  I believe I have, but I've not reviewed it           08:22:49
25   since probably the trial.                                    08:22:52

HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF MICHAEL J. WAGNER, VOLUME 4
CONDUCTED ON TUESDAY, AUGUST 20, 2013

748

1  Samsung's UX or user experience is mind-set of                     09:23:15
2  clinging to the past generation?  Do you see that?                 09:23:20
3        A.  Yes, I see that.                                          09:23:25
4        Q.  And this document is prepared before all of               09:23:26
5  the products that the jury found to infringe were                   09:23:33
6  released; correct?                                                  09:23:37
7        A.  I believe that's correct.                                 09:23:38
8        Q.  And the CEO said the instruction was to think             09:23:40
9  about and decide all matters from the perspective of                09:23:48
10 the user.                                                           09:23:50
11           You see that?                                             09:23:53
12       A.  I do.                                                     09:23:53
13       Q.  And he said, "The most representative example             09:23:54
14 is obviously the iPhone."                                           09:23:56
15           See that?                                                 09:23:59
16       A.  I do.                                                     09:23:59
17       Q.  And that's a fact that you knew when you were             09:24:00
18 preparing your report?                                              09:24:02
19       A.  I knew that.                                              09:24:04
20           MS. MAROULIS:  Objection.                                 09:24:04
21           THE WITNESS:  I did know that fact without                09:24:05
22 looking at this document.                                           09:24:06
23 BY MR. QUARLES:                                                     09:24:09
24       Q.  And you see that the author of this                       09:24:09
25 memorandum, Sungsik, S-u-n-g-s-i-k, L-e-e, says, "I'm               09:24:18

749

| | | |
|---|---|---|
| 1 | not saying to make a UX that is exactly identical to | 09:24:25 |
| 2 | the iPhone, but I'm saying to learn the wisdom of the | 09:24:27 |
| 3 | iPhone and recognize the standard of the industry | 09:24:32 |
| 4 | which was set by them already." | 09:24:35 |
| 5 | Do you see that? | 09:24:38 |
| 6 | A.  I do, except for there is a question mark | 09:24:39 |
| 7 | after "standard."  So he's not certain of the | 09:24:41 |
| 8 | standard, but yes, that's what he said. | 09:24:43 |
| 9 | Q.  Correct. | 09:24:44 |
| 10 | And if you were trying to figure out whether | 09:24:45 |
| 11 | Samsung had copied Apple, would you have wanted to | 09:24:50 |
| 12 | look at a document like this? | 09:24:54 |
| 13 | MS. MAROULIS:  Objection.  Calls for | 09:24:56 |
| 14 | speculation, incomplete hypothetical, assumes facts | 09:24:56 |
| 15 | not in evidence. | 09:24:59 |
| 16 | THE WITNESS:  You're asking me to do | 09:25:00 |
| 17 | something that's beyond my expertise.  What I've never | 09:25:01 |
| 18 | done in 36 years of patent litigation is to opine or | 09:25:04 |
| 19 | to -- or to opine on the issue of copying.  It's a | 09:25:07 |
| 20 | liability issue that I'm not ever asked to address. | 09:25:12 |
| 21 | So I don't know whether I'd want to look at something | 09:25:14 |
| 22 | like this. | 09:25:16 |
| 23 | BY MR. QUARLES: | 09:25:17 |
| 24 | Q.  So when it comes to the issue of copying, you | 09:25:17 |
| 25 | can't help the jury? | 09:25:20 |

750

1    A.  I can't and I'm not planning to.   09:25:21

2    Q.  You do offer opinions on demand; correct?   09:25:26

3    A.  I do, but it has nothing to do with copying.   09:25:40

4    Q.  Let me just make sure I understand your   09:25:43

5  position.   09:25:45

6       The issue of copying is completely unrelated   09:25:45

7  to demand?  Is that your position?   09:25:50

8    A.  Yes.   09:25:53

9    Q.  So whether someone set out to copy a feature   09:25:55

10 from a competitor or whether it accidentally designed   09:26:00

11 the feature of the competitor, that would be   09:26:08

12 irrelevant to you as to whether that feature was   09:26:11

13 likely to drive demand?   09:26:13

14   A.  Correct.  What's relevant is what's happening   09:26:14

15 in the marketplace.  That's what I focus on.   09:26:18

16   Q.  Now, when someone suggests that something has   09:26:22

17 become the standard of the industry even if it's a --   09:26:48

18 got a question mark behind it, that's a suggestion of   09:26:53

19 what consumers are demanding; correct?   09:26:56

20       MS. MAROULIS:  Objection.  Incomplete   09:26:58

21 hypothetical.  Assumes facts.   09:27:02

22       THE WITNESS:  Possibly, yes.   09:27:04

23 BY MR. QUARLES:   09:27:05

24   Q.  I put before you what is -- has been marked   09:27:05

25 as Plaintiff's Exhibit 185, which is a 2011 smartphone   09:27:38

764

1    facts not in evidence.                                        09:43:43
2            MR. QUARLES:  Fair enough.  Fair enough.              09:43:50
3    Mr. Danford corrects me.                                      09:43:51
4            THE WITNESS:  I think there's one that                09:43:54
5    doesn't.                                                      09:43:55
6    BY MR. QUARLES:                                               09:43:55
7        Q.  Yes.  All but one of them, the method of              09:43:55
8    providing a fun visual bouncing effect has been found         09:43:59
9    by the jury to infringe Samsung's -- I mean Apple's           09:44:03
10   patent; correct?                                              09:44:07
11           MS. MAROULIS:  Objection.  Misleading.                09:44:08
12           THE WITNESS:  My recollection is the jury             09:44:12
13   verdict form is they checked the box of infringement          09:44:13
14   for 12 products that infringe the '381 patent in the          09:44:16
15   jury verdict form.                                            09:44:28
16   BY MR. QUARLES:                                               09:44:29
17       Q.  I've handed you what's been marked as                 09:44:29
18   Plaintiff's Exhibit 57.                                       09:44:49
19           Is this a document that you considered?               09:45:15
20       A.  Well, I think it was a document that was              09:45:16
21   considered but not relied upon.                               09:45:18
22       Q.  Did you look at it?                                   09:45:21
23       A.  I don't personally recall looking at this             09:45:22
24   document.                                                     09:45:26
25       Q.  Now, this is a presentation dated April 2011          09:45:26

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER
PLANET DEPOS - ASIA | 888.433.3767 | WWW.PLANETDEPOS.COM/ASIA

| | | |
|---|---|---|
| 1 | from Samsung's software verification group; correct? | 09:45:32 |
| 2 | A.  It is. | 09:45:35 |
| 3 | Q.  And this compares the features of Samsung's | 09:45:36 |
| 4 | tablet computer with the iPad 2; correct? | 09:45:41 |
| 5 | MS. MAROULIS:  Objection.  Calls for | 09:45:46 |
| 6 | speculation, lacks foundation. | 09:45:46 |
| 7 | THE WITNESS:  It appears to, yes. | 09:45:49 |
| 8 | BY MR. QUARLES: | 09:45:50 |
| 9 | Q.  Now, if you look at -- well, it includes a | 09:45:50 |
| 10 | side-by-side comparison? | 09:45:55 |
| 11 | A.  On a number of pages, it does. | 09:45:57 |
| 12 | Q.  If you look at pages 57.4 to 57.20, those are | 09:46:00 |
| 13 | what Samsung called the major problem areas; right? | 09:46:07 |
| 14 | MS. MAROULIS:  Objection.  Calls for | 09:46:12 |
| 15 | speculation, lacks foundation. | 09:46:13 |
| 16 | THE WITNESS:  There is a section of this | 09:46:14 |
| 17 | study that seems to be starting on page 57.4 which is | 09:46:22 |
| 18 | titled, "Major Problem Areas" and goes through page | 09:46:28 |
| 19 | 20, so yes. | 09:46:31 |
| 20 | BY MR. QUARLES: | 09:46:33 |
| 21 | Q.  Okay.  And 57-19 is the visual effect | 09:46:33 |
| 22 | compared to iPad 2; correct? | 09:46:40 |
| 23 | A.  Yes. | 09:46:43 |
| 24 | Q.  And this one gets a "critical" stamp; right? | 09:46:43 |
| 25 | A.  It does. | 09:46:47 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER
PLANET DEPOS - ASIA | 888.433.3767 | WWW.PLANETDEPOS.COM/ASIA

766

| | | |
|---|---|---|
| 1 | Q. And the visual effect, when the Samsung | 09:46:48 |
| 2 | product is compared -- is compared to the iPad 2, is | 09:46:52 |
| 3 | it "lacks fun, wow effect"; right? | 09:46:58 |
| 4 | MS. MAROULIS: Objection. Lacks foundation, | 09:47:02 |
| 5 | calls for speculation. | 09:47:05 |
| 6 | THE WITNESS: The top bullet point on this | 09:47:05 |
| 7 | slide does say what you just said. | 09:47:08 |
| 8 | BY MR. QUARLES: | 09:47:09 |
| 9 | Q. And if you look for the P5, the Samsung | 09:47:09 |
| 10 | product, it says, "The topmost, bottommost and | 09:47:16 |
| 11 | diagonal movements lack bounce effect." | 09:47:20 |
| 12 | Do you see that? | 09:47:23 |
| 13 | A. I do. | 09:47:24 |
| 14 | MS. MAROULIS: Same objections. | 09:47:24 |
| 15 | BY MR. QUARLES: | 09:47:25 |
| 16 | Q. Now, you would expect Samsung to label as a | 09:47:25 |
| 17 | critical problem something that they thought consumers | 09:47:34 |
| 18 | would care about; right? | 09:47:38 |
| 19 | MS. MAROULIS: Objection. Calls for | 09:47:40 |
| 20 | speculation. | 09:47:41 |
| 21 | THE WITNESS: I don't know that, but | 09:47:42 |
| 22 | generally I think that happens. | 09:47:45 |
| 23 | BY MR. QUARLES: | 09:47:47 |
| 24 | Q. Correct. | 09:47:47 |
| 25 | Now, that wasn't the only place in this | 09:47:50 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER
PLANET DEPOS - ASIA | 888.433.3767 | WWW.PLANETDEPOS.COM/ASIA

HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF MICHAEL J. WAGNER, VOLUME 4
CONDUCTED ON TUESDAY, AUGUST 20, 2013

770

| | | |
|---|---|---|
| 1 | going to completely withdraw that. | 09:51:57 |
| 2 | Would you understand that to be a suggestion | 09:51:58 |
| 3 | that in considering a latex effect, the people who | 09:52:03 |
| 4 | receive this memorandum should refer to the iPad? | 09:52:07 |
| 5 | A. Yes. | 09:52:12 |
| 6 | MS. MAROULIS: Objection. Calls for | 09:52:12 |
| 7 | speculation. | 09:52:13 |
| 8 | MR. QUARLES: Thank you. | 09:52:14 |
| 9 | THE WITNESS: I don't know, but I would draw | 09:52:14 |
| 10 | that conclusion by reading the sentence. | 09:52:16 |
| 11 | BY MR. QUARLES: | 09:52:18 |
| 12 | Q. I put before you Plaintiff's Exhibit 38. | 09:52:18 |
| 13 | This is an April 17th, 2009 study. | 09:52:40 |
| 14 | Have you seen this document before? | 09:52:45 |
| 15 | A. It's possible, but I'm not recalling it until | 09:52:47 |
| 16 | I look at it more. But I don't recall seeing this | 09:52:51 |
| 17 | document. | 09:52:55 |
| 18 | Q. All right. Take a look at page 38.3. | 09:52:56 |
| 19 | Do you understand Samsung -- withdrawn. | 09:53:13 |
| 20 | Did you know from this document or from any | 09:53:16 |
| 21 | other source that Samsung had set out to gather | 09:53:19 |
| 22 | perception of usability and preferences of three | 09:53:22 |
| 23 | different zooming approaches? | 09:53:25 |
| 24 | A. No. And looking at that page, I don't recall | 09:53:28 |
| 25 | seeing this document before. | 09:53:34 |

HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF MICHAEL J. WAGNER, VOLUME 4
CONDUCTED ON TUESDAY, AUGUST 20, 2013

771

| | | |
|---|---|---|
| 1 | Q. Now, if you look at page 38.19. | 09:53:38 |
| 2 | Are you there? | 09:54:00 |
| 3 | A. I am. | 09:54:01 |
| 4 | Q. The study found the most preferred method is | 09:54:02 |
| 5 | double-tap zooming, 8 out of 9 respondents except for | 09:54:06 |
| 6 | the iPhone respondent. The simplicity is the primary | 09:54:11 |
| 7 | reason of the choice. | 09:54:17 |
| 8 | First, do you see that? | 09:54:17 |
| 9 | A. I see that's what this page says. | 09:54:18 |
| 10 | Q. And did you understand that to be the | 09:54:20 |
| 11 | conclusion of this study that double tap to zoom was | 09:54:24 |
| 12 | the preferred method of zooming? | 09:54:28 |
| 13 | MS. MAROULIS: Objection. Calls for | 09:54:30 |
| 14 | speculation. | 09:54:32 |
| 15 | THE WITNESS: Well, as compared to the other | 09:54:32 |
| 16 | three alternatives on this page, yes. | 09:54:35 |
| 17 | BY MR. QUARLES: | 09:54:37 |
| 18 | Q. So if you look at 38.24, you see that the | 09:54:37 |
| 19 | suggestion is to adopt the double tap as a | 09:55:05 |
| 20 | supplementary zooming method for up to two levels of | 09:55:10 |
| 21 | zooming and back to original and mass market touch | 09:55:14 |
| 22 | devices. | 09:55:17 |
| 23 | Do you see that? | 09:55:17 |
| 24 | A. I do see that. | 09:55:18 |
| 25 | Q. And then you see the suggestion is that user | 09:55:20 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER
PLANET DEPOS - ASIA | 888.433.3767 | WWW.PLANETDEPOS.COM/ASIA

772

| | | |
|---|---|---|
| 1 | experience of the -- of iPhone can be used as a design | 09:55:23 |
| 2 | benchmark. | 09:55:25 |
| 3 | Do you see that? | 09:55:26 |
| 4 | A.  I do. | 09:55:27 |
| 5 | Q.  And would you interpret that as Samsung | 09:55:27 |
| 6 | telling its designers you can use the user experience | 09:55:30 |
| 7 | of the iPhone as a design benchmark? | 09:55:34 |
| 8 | MS. MAROULIS:  Objection.  Calls for | 09:55:37 |
| 9 | speculation. | 09:55:38 |
| 10 | THE WITNESS:  Yeah, I don't know if that's | 09:55:39 |
| 11 | what it's telling the designers, do that. | 09:55:41 |
| 12 | BY MR. QUARLES: | 09:55:44 |
| 13 | Q.  Well, when you use something as a design | 09:55:44 |
| 14 | benchmark, what are you using it for? | 09:55:48 |
| 15 | MS. MAROULIS:  Objection.  Calls for | 09:55:50 |
| 16 | speculation, lacks foundation in this context. | 09:55:50 |
| 17 | THE WITNESS:  We've already established | 09:55:53 |
| 18 | during my deposition I'm not an expert in industrial | 09:55:55 |
| 19 | design, so I mean, I'm giving you a lay opinion. | 09:55:58 |
| 20 | MR. QUARLES:  Sure. | 09:56:01 |
| 21 | THE WITNESS:  But my understanding is that we | 09:56:03 |
| 22 | want something that can be of a similar quality to the | 09:56:05 |
| 23 | benchmark.  That's all it's telling me. | 09:56:09 |
| 24 | BY MR. QUARLES: | 09:56:11 |
| 25 | Q.  And it says it's a design benchmark. | 09:56:11 |

953

| | | |
|---|---|---|
| 1 | MS. MAROULIS: Objection. Vague, calls for | 04:13:07 |
| 2 | speculation. | 04:13:08 |
| 3 | THE WITNESS: At times they do that, yes. | 04:13:10 |
| 4 | BY MR. QUARLES: | 04:13:12 |
| 5 | Q. And you would agree with me that Samsung | 04:13:12 |
| 6 | examined Apple products for precisely that purpose, to | 04:13:21 |
| 7 | determine whether to incorporate features from the | 04:13:25 |
| 8 | Apple iPhone into the Samsung products; correct? | 04:13:27 |
| 9 | MS. MAROULIS: Objection. Lacks foundation, | 04:13:32 |
| 10 | calls for speculation. | 04:13:35 |
| 11 | THE WITNESS: Yeah, I don't know whether they | 04:13:35 |
| 12 | did that or not. | 04:13:36 |
| 13 | BY MR. QUARLES: | 04:13:38 |
| 14 | Q. And if a successful profit maximizing company | 04:13:38 |
| 15 | like Samsung decides to copy a competitor's feature, | 04:13:46 |
| 16 | that would tell you something about whether they | 04:13:53 |
| 17 | thought consumers would want that feature; correct? | 04:13:55 |
| 18 | MS. MAROULIS: Objection. Assumes facts not | 04:13:59 |
| 19 | in evidence, incomplete hypothetical. | 04:14:00 |
| 20 | THE WITNESS: I mean, that could be a theory, | 04:14:03 |
| 21 | but it may not be. | 04:14:07 |
| 22 | BY MR. QUARLES: | 04:14:08 |
| 23 | Q. It may be a theory, that is, the | 04:14:08 |
| 24 | profit-maximizing corporation like Samsung would | 04:14:12 |
| 25 | expect that by incorporating a feature from a | 04:14:16 |

HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF MICHAEL J. WAGNER, VOLUME 4
CONDUCTED ON TUESDAY, AUGUST 20, 2013

961

C E R T I F I C A T E

1  
2       I, Anne M. Torreano, Certified Shorthand
3  Reporter, do hereby certify that the aforementioned
4  witness was first duly sworn as noted by stipulation
5  of counsel to testify to the truth; that I was
6  authorized to and did report said deposition in
7  stenotype; and that the foregoing pages are a true and
8  correct transcription of my shorthand notes of said
9  deposition.
10      I further certify that said deposition was
11  taken at the time and place hereinabove set forth and
12  that the taking of said deposition was commenced and
13  completed as hereinabove set out.
14      I further certify that I am not an attorney
15  or counsel of any of the parties, nor am I financially
16  interested in the action.
17      The foregoing certification of this
18  transcript does not apply to any reproduction of the
19  same by any means, unless under the direct control
20  and/or direction of the certifying reporter.
21      Dated this 16th day of August, 2013.
22  
23  
24  _____
25      ANNE M. TORREANO, CA-10520