Appendix 2

*Apple v. Samsung*, No. 11-1846
**APPENDIX 2:  Exhibits <u>NOT</u> Challenged in Samsung's Motion in Limine or Motion to Exclude Exhibits as "Copying"**

**<u>PX1 (Photographs of Apple Phone Models)</u>**

Admitted at trial:  Not Offered.

Admitted for limited purpose:  N/A.

Included in Musika exhibits:  No.

Potential sponsoring witnesses at new trial:
- Philip Schiller; Greg Joswiak; Cross-Examination.

PX1 is an FRE 1006 summary of iPhone prototype phone models that Apple created over the course of its development of the original iPhone.  It took Apple years to develop the iconic design of the iPhone, which includes the sleek all-black front face protected by the D'677 patent.  The photographs of the iPhone product also help to establish the importance of the black front, even borders and all glass top to the external appearance of the iPhone.  Each of these design features are part of the claim of the D'677 Patent.  The photographs also help to demonstrate the prominence of the Apple graphical user interface to the appearance of the products.  This rebuts Samsung's claim that reference to exterior design, attractive appearance and design or Apple's beautiful designs are unrelated to the claims of the patents in suit.

1

**PX7A (Photographs of infringing Samsung devices)**

2

Admitted at trial:  Original PX7 Admitted.
- Original PX7 admitted by Bressler (Trial Tr.  1049).  PX7A is a subset of PX7 after excluding Samsung products found not to infringe any Apple intellectual property.

3

4

Admitted for limited purpose:  No.

5

Included in Musika exhibits:  No.

6

Potential sponsoring witnesses at new trial:
- Philip Schiller; Greg Joswiak; Julie Davis; Cross-Examination.

7

8

PX7A is an FRE 1006 summary of Samsung products determined to infringe at least one Apple intellectual property right.  These images are relevant to demand at least because the extent of Samsung's infringement is relevant—specifically, the jury will be instructed that it may consider in determining a reasonable royalty "the extent to which the infringer has made use of the invention and any evidence probative of the value of that use."  (Dkt. No. 1903 at 56 (*Georgia Pacific* factor 10).)  Apple intends to show that Samsung made use of Apple's D'677 and D'305 patented features by incorporating those features into some of its infringing phones, and profited from that use through the sale of millions of infringing phones.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PX8 (Photographs of Apple products)**

Admitted at trial:  Admitted.
- Bressler (Trial Tr.  1021).

Admitted for limited purpose:  No.

Included in Musika exhibits:  No.

Potential sponsoring witnesses at new trial:
- Philip Schiller; Greg Joswiak; Julie Davis; Cross-Examination

PX8 is an FRE 1006 summary of photographs of all iPhone versions, which embody the patented D'677 and D'305 design features, and all iPad versions.  This evidence is relevant to many issues in the case other than demand, including without limitation providing necessary context to the parties' arguments about whether their products directly compete in the relevant market.

Looking specifically at consumer demand, PX8 supports an inference about demand for Apple's patented design features and the lack of acceptable non-infringing alternatives under the second *Panduit* factor.  First, like PX1 discussed above, it establishes the significance of the D'677 Patent and the D'305 Patent to the exterior design of the Apple iPhone product line.  The exhibit also shows the consistency with which these designs were used by Apple between 2007 and 2012, when the damages period ends.  This context helps establish the relevance of earlier statements about Apple's beautiful design to the D'677 Patent and the marketplace between 2010 and 2012.  Apple intends to offer evidence establishing the success of the iPhone (including without limitation, for example, through evidence of sales – e.g., PX15, PX102).

**PX9 (Translation of email from Dong Jin Koh dated September 16, 2008)**

Admitted at trial:  Not Offered.

Admitted for limited purpose:  N/A.

Included in Musika exhibits:  Yes.
- 5/8 Rpt. Exhibit 24-S, item 90.

Potential sponsoring witnesses at new trial:
- Karan Singh; Julie Davis; Cross-Examination

PX9 is an email chain among Samsung executives regarding development of Samsung smartphones to include new touch methods.  (PX9.1.)  The document reflects direct evidence of industry praise, demand, and value of the specific infringing features.  For example, the document states that to implement the "C Type" or Apple touch method would require changing the icons and implementing a unique zooming method.  (*See* PX9.1 ("To apply the C method, the Icons would have to be large, and when viewing a screen with small letters, there would have to be a Zooming function.").)  The document goes on to discuss the benefits of Apple's patented features, including those covered by D'677, and the '163 and '915 patents.  (*See e.g.*, PX9.2 ("C-type's strengths are the sleek exterior product design, superior recognition of the touchscreen, and multi-touch, these 3 points. Even among these, I think that the sleek product design execution shown by the iPhone is what is considered by the above or in Sales to be the greatest appealing factor.").)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PX15 (Apple's Sales of iPhone and iPad)**

Admitted at trial:  Admitted.
- Schiller (Trial Tr. 612).

Admitted for limited purpose:  No.

Included in Musika exhibits:  No.

Potential sponsoring witnesses at new trial:
- Philip Schiller; Greg Joswiak; Julie Davis; Cross-Examination

PX15 is an FRE 1006 summary of Apple's cumulative sales of the iPhone and iPad.  The exhibit includes evidence of Apple's sales of the iPhone and iPad, and hence evidence of demand for the patented product under the first Panduit factor.   Evidence of the success of the iPhone will help Apple establish "but for" causation of lost profits because it will allow the jury to draw the inference that at least some consumers unable to purchase an infringing Samsung phone would be reasonably likely to purchase an iPhone instead.

1  **PX17 (Summary of iPhone and iPad News Coverage)**

2  Admitted at trial:  Admitted.
   - Schiller (Trial Tr. 605).

3

4  Admitted for limited purpose:  Yes.
   - Do not consider for the truth of the matter asserted

5  Included in Musika exhibits:  No.

6  Potential sponsoring witnesses at new trial:

7  - Philip Schiller; Greg Joswiak; Julie Davis; Cross-Examination.

8  PX17 is an FRE 1006 summary of news articles reflecting market commentary on the beauty of
   the iPhone (e.g., PX17.1 ("the iPhone is gorgeous")), consumer demand for beauty in a

9  smartphone product (e.g., PX17.1 "the iPhone's beauty alone would be enough to prompt certain
   members of the iPod cult to dig for their credit cards")); and the iPhone's stunning success (*e.g.*,

10  PX17.1 ("two-thirds of the population of the United States seem to be aware of the device")).
    PX17 includes evidence of Apple's sales of the iPhone and iPad, and hence evidence of demand

11  for the patented product under the first *Panduit* factor.  PX17 also includes evidence relevant to
    the absence of commercially acceptable non-infringing alternatives under the *Panduit* factor.  The

12  praise applied to the iPhone in coverage reflects the scope of consumer interest in Apple's
    products and the degree to which consumers would not find an ugly design or less functional  user

13  interface acceptable in comparison to incorporation of the patented designs and features.  PX17
    includes information relating at least the first and second categories of evidence probative of this

14  inference.  Further, PX17 includes information relevant to multiple categories related to use,
    praise and benefits of the patent within the *Georgia Pacific* factors that are relevant to a

15  reasonable royalty.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PX21A (Screen captures considered by S. Kare)**

2

Admitted at trial:  Admitted.
- Kare (Trial Tr. 1399).

3

4

Admitted for limited purpose:  No.

Included in Musika exhibits:  No.

5

6

Potential sponsoring witnesses at new trial:
- Philip Schiller; Greg Joswiak; Julie Davis; Cross-Examination.

7

8

PX21A is a summary of screenshots showing the graphical user interfaces of the Samsung phones accused of infringing the D'305 patent.  Samsung's close imitation of the patented iPhone design is relevant to show Samsung's recognition of consumer demand for the patented design and its advantages over other modes, which is also relevant to the determination of a reasonable royalty.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PX25D (Summary of Apple's damages calculations)**

Admitted at trial:  Original PX25A1 Admitted.
- Musika (Trial Tr. 2094).

Admitted for limited purpose:  No.

Included in Musika exhibits:  Yes.
- This exhibit is a revised version of Admitted PX25A1, which Musika  prepared for the first trial.  It includes information from numerous Musika exhibits, including Exhibit 17-S, Exhibit 26-S, Exhibit 27-S, Exhibit 32-S, Exhibit 33-S, and many others.

Potential sponsoring witnesses at new trial:
- Julie Davis; Cross-Examination.

PX25D is an FRE 1006 summary of Ms. Davis's calculation of damages.

The exhibit includes evidence of Apple's sales of the iPhone and iPad, and hence evidence of demand for the patented product under the first *Panduit* factor.

**PX25E (Summary of Apple's damages calculations)**

Admitted at trial:  Not Offered.  The parties entered into a stipulation before the first trial not to offer this exhibit to simplify the sealing issues at trial.  (Dkt. No. 1597.)
- Musika (Trial Tr. 2094).

Admitted for limited purpose:  No.

Included in Musika exhibits:  Yes.
- This exhibit is a revised version of PX25, which Musika  prepared for the first trial. Original PX25A contained highly confidential information that the parties agreed to remove before trial by stipulation in exchange for a promise not to challenge the verdict in post-trial proceedings or on appeal for lack of more detailed financial information.  (*See* Dkt. No. 1597; Dkt. No. 1649 n.1.)  It includes information from numerous Musika exhibits, including Exhibit 17-S, Exhibit 32-S, Exhibit 33-S, and many others.

Potential sponsoring witnesses at new trial:
- Julie Davis; Cross-Examination.

PX25E is a more detailed supplement to PX25D, and also constitutes a FRE 1006 summary of Ms. Davis's calculation of damages.  The exhibit includes evidence of Apple's sales of the iPhone and iPad, and hence evidence of demand for the patented product under the first *Panduit* factor.

**PX26A (Summary of selected documents reflecting comments on demand for Apple's intellectual property)**

Admitted at trial:  Not Offered.

Admitted for limited purpose:  N/A.

Included in Musika exhibits:  Yes.
- This exhibit is a revised version of PX26, which Musika  prepared for the first trial. PX26A is a subset of the items discussed Ms. Davis's Exhibits 24-PT and 25-PT.

Potential sponsoring witnesses at new trial:
- Julie Davis; Cross-Examination.

PX26A is an FRE 1006 summary prepared by Ms. Davis that provides a non-exhaustive discussion of Samsung documents relevant to demand and competition issues.  It is identical in format and content to PX26 prepared by Mr. Musika for use in the first trial, except that translations have been revised to reflect agreements reached between the parties during the course of the first trial, and content has been removed to reflect the reduced scope of patents at issue.

Numerous rows on PX26A relate specifically to Apple's patented features.  Examples of documents falling within this category include item 35 on PXA.5 (PX44), item 66 on PX26A.9 (PX39), item 4 on PX26A.11 (PX128), items 9 on PX26A.11 and 51 on PX26A.14 (PX36), item 30 on PX26A.12 (PX57), item 31 on PXA.12 (PX44), item 32 on PX26A.12 (PX46), item 34 on PX26A.12 (PX195), and item 44 on PX26A.13 (PX38).  The chart summarizes information in exhibits discussed elsewhere in Apple' appendices.  Its purpose in the Musika and Davis report was to gather in one place certain of the relevant evidence of consumer demand for the product and patented features to support Mr. Musika's and Ms. Davis's opinions and conclusions.

**PX27A (Summary of selected documents reflecting comments on the smartphone and tablet marketplace)**

Admitted at trial:  Not Offered.

Admitted for limited purpose:  N/A.

Included in Musika exhibits:  Yes.
- This exhibit is a revised version of PX27, which Musika  prepared for the first trial. PX27A is a subset of the items discussed Ms. Davis's Exhibits 53-PT.

Potential sponsoring witnesses at new trial:
- Julie Davis; Cross-Examination.

PX27A is an FRE 1006 summary prepared by Ms. Davis reflecting commentary from market analysts, Samsung, and others regarding competition between the parties and other characteristics of the market in which Apple and Samsung compete.  This evidence is relevant to many issues in the case other than demand, including without limitation evidence supporting an inference of "but for" causation of Apple's lost profits.  The document also reflects multiple comments on demand for the iPhone or iPad products.  Thus, while not limited to evidence of demand, the exhibit provides additional evidence of demand.

**PX28 (Summary of Samsung's fixed, variable, and non-product costs)**

Admitted at trial:  Admitted.
- Musika (Trial Tr. 2057).

Admitted for limited purpose:  No.

Included in Musika exhibits:  Yes.
- 5/8 Rpt. Exhibit 50-S.

Potential sponsoring witnesses at new trial:
- Julie Davis; Cross-Examination.

PX28 is an FRE 1006 summary of Samsung's fixed and variable costs.  Ms. Davis considered PX28A along with other evidence commonly relied upon experts in her field to support her calculation of Samsung's profits.  This document is primarily relevant to issues in the case other than demand, including without limitation evidence supporting the disputed factual issue about what costs should be deducted from Samsung's revenue under an unjust enrichment remedy.

Looking specifically at the demand issue, PX28 shows revenue and profitability data from Samsung's sales of phones incorporating Apple's design patent features.  Such evidence is relevant to demand for the patented features when considered together with evidence of the role of physical appearance as a demand factor for smartphone sales and the contribution of Apple's patented features to physical attractiveness, PX28 helps support the inference that the patented features drive demand for smartphone sales.  It is also relevant to the jury's calculation of a reasonable royalty.  Specifically, the jury will be instructed that it may consider in determining a reasonable royalty "the extent to which the infringer has made use of the invention and any evidence probative of the value of that use."  (Dkt. No. 1903 at 56 (*Georgia Pacific* factor 10).)  Evidence of Samsung's revenue and profitability data from Samsung's sales of phones incorporating Apple's design patent features is relevant to this question.

**PX28A (Summary of Samsung's fixed, variable, and non-product costs)**

Admitted at trial:  Original PX28 Admitted.
- Musika (Trial Tr. 2057).

Admitted for limited purpose:  No.

Included in Musika exhibits:
- PX28A is identical in format to Admitted PX28. The content of entries in PX28A differs from Admitted PX28 to reflect the reduced set of Samsung design-patent infringing products at issue in the new trial.

Potential sponsoring witnesses at new trial:
- Julie Davis; Cross-Examination.

PX28A is an FRE 1006 summary of Samsung's fixed and variable costs.  The content of entries in PX28A differs from PX28 to reflect the reduced set of Samsung design-patent infringing products at issue in the new trial.  Ms. Davis considered PX28A along with other evidence commonly relied upon experts in her field to support her calculation of Samsung's profits.  This document is primarily relevant to issues in the case other than demand, including without limitation evidence supporting the disputed factual issue about what costs should be deducted from Samsung's revenue under an unjust enrichment remedy.

Looking specifically at the demand issue, PX28A shows revenue and profitability data from Samsung's sales of phones at issue in the new trial incorporating Apple's design patent features at issue in the new trial.  Such evidence is relevant to demand for the patented features when considered together with evidence of the role of physical appearance as a demand factor for smartphone sales and the contribution of Apple's patented features to physical attractiveness, PX28 helps support the inference that the patented features drive demand for smartphone sales.  It is also relevant to the jury's calculation of a reasonable royalty.  Specifically, the jury will be instructed that it may consider in determining a reasonable royalty "the extent to which the infringer has made use of the invention and any evidence probative of the value of that use." (Dkt. No. 1903 at 56 (*Georgia Pacific* factor 10).)  Evidence of Samsung's revenue and profitability data from Samsung's sales of phones incorporating Apple's design patent features is relevant to this question.

**PX28B (Summary of Samsung's fixed, variable, and non-product costs)**

Admitted at trial:  Original PX28 Admitted.
- Musika (Trial Tr. 2057).

Admitted for limited purpose:  No.

Included in Musika exhibits:
- PX28B is identical in format to Admitted PX28. The content of entries in PX28B differs from Admitted PX28 to reflect the reduced set of Samsung design-patent infringing products at issue in the new trial, and to present the information in PX28 on a product-by-product basis.

Potential sponsoring witnesses at new trial:
- Julie Davis; Cross-Examination.

PX28B is an FRE 1006 summary of Samsung's fixed and variable costs.  The content of entries in PX28B differs from PX28 to reflect the reduced set of Samsung design-patent infringing products at issue in the new trial, and to present the information in PX28 on a product-by-product basis.  Ms. Davis considered PX28B along with other evidence commonly relied upon experts in her field to support her calculation of Samsung's profits.  This document is primarily relevant to issues in the case other than demand, including without limitation evidence supporting the disputed factual issue about what costs should be deducted from Samsung's revenue under an unjust enrichment remedy.

Looking specifically at the demand issue, PX28B shows revenue and profitability data from Samsung's sales of each phone at issue in the new trial incorporating Apple's design patent features at issue in the new trial.  Such evidence is relevant to demand for the patented features when considered together with evidence of the role of physical appearance as a demand factor for smartphone sales and the contribution of Apple's patented features to physical attractiveness, PX28 helps support the inference that the patented features drive demand for smartphone sales.  It is also relevant to the jury's calculation of a reasonable royalty.  Specifically, the jury will be instructed that it may consider in determining a reasonable royalty "the extent to which the infringer has made use of the invention and any evidence probative of the value of that use." (Dkt. No. 1903 at 56 (*Georgia Pacific* factor 10).)  Evidence of Samsung's revenue and profitability data from Samsung's sales of phones incorporating Apple's design patent features is relevant to this question.

**PX29A (Summary and comparison of Samsung financial data from different sources in Samsung's production)**

Admitted at trial:  Not Offered.  The parties entered into a stipulation before the first trial not to offer this exhibit to simplify the sealing issues at trial.  (Dkt. No. 1597.)

Admitted for limited purpose:  N/A.

Included in Musika exhibits:  Yes.
- This exhibit is a revised version of PX29, which Musika prepared for the first trial based on documents in Exhibit 53-S.  PX29A is identical to PX29, except that a column heading was updated for accuracy to reflect an updated Samsung financial production.

Potential sponsoring witnesses at new trial:
- Julie Davis; Cross-Examination.

PX29 is an FRE 1006 summary of Samsung's financial productions in this case.  Ms. Davis considered PX29 along with other evidence commonly relied upon experts in her field to support her calculation of Samsung's profits.  This document is primarily relevant to issues in the case other than demand, including without limitation evidence supporting the disputed factual issue about what costs should be deducted from Samsung's revenue under an unjust enrichment remedy.

Looking specifically at the demand issue, PX29 shows revenue and profitability data from Samsung's sales of products incorporating Apple's design and utility patent features.  Such evidence is relevant to demand for the patented features when considered together with evidence of the role of physical appearance and ease of use as demand factors for smartphone and tablet sales and the contribution of Apple's patented features to physical attractiveness and ease of use, PX29 helps support the inference that the patented features drive demand for smartphone sales.  It is also relevant to the jury's calculation of a reasonable royalty.  Specifically, the jury will be instructed that it may consider in determining a reasonable royalty "the extent to which the infringer has made use of the invention and any evidence probative of the value of that use." (Dkt. No. 1903 at 56 (*Georgia Pacific* factor 10).)  Evidence of Samsung's revenue and profitability data from Samsung's sales of products incorporating Apple's design and utility patent features is relevant to this question.

**PX30 (Summary of survey conducted by J. Hauser)**

Admitted at trial:  Admitted.
- Hauser (Trial Tr. 1915).

Admitted for limited purpose:  No.

Included in Musika exhibits:  Yes.
- 3/22 Rpt. ¶ 122.

Potential sponsoring witnesses at new trial:
- John Hauser; Julie Davis; Cross-Examination.

PX30 is an FRE 1006 summary of Dr. Hauser's conjoint survey results showing that smartphone and tablet consumers will pay a substantial price premium to obtain the benefits of Apple's '381, '915, and '163 patents.  The price premium is a measure of willingness to pay and willingness to pay is an economic measure of consumer demand.  Thus, this evidence directly establishes the importance of Apple's utility patent features to consumer demand.

**PX36 (Presentation: Touch Portfolio Rollout Strategy Recommendation Based on Consumer Insight)**

Admitted at trial:  Yes.
- Winer (Trial Tr. 1526).

Admitted for limited purpose:  No.

Included in Musika exhibits:  Yes.
- 5/8 Rpt. Exhibit 24-S, items 69 & 93.
- 5/8 Rpt. Exhibit 25-S, item 61.
- 5/8 Rpt. Exhibit 53-S, item 10.

Potential sponsoring witnesses at new trial:
- Julie Davis; Ravin Balakrishnan; Cira Conley; Cross-Examination

PX36 is a Samsung commissioned market research report analyzing smartphone consumer demand factors, and offering recommendations to Samsung on how to improve its smartphone portfolio.  It is directly relevant evidence of consumer demand and, as such, Samsung has never challenged its relevance.  This document includes numerous examples of industry praise and consumer demand for Apple's patented utility features, including without limitation, for example, the '381 bounce feature (reference to this being "fun" and "whimsical") and the '915 scroll-v-gesture feature (reference to "gestures like the two fingered pinch and flick add a game-like quality to interactions").  (PX36.36.)  The document also praises the iPhone as "intuitive everywhere," including "consistent behavior across apps – zoom, scroll, etc.," which could reasonably be interpreted by consumers as a reference to the benefits of the utility patents, which are used in multiple applications.  (PX36.35.)  Separately, the document reinforces the importance of easy to use interface to purchases.  (PX26.97.)  This evidence directly establishes the importance of Apple's utility patent features to consumer demand and consumer purchasing decisions, as verified by a third party.  This evidence is also relevant to the jury's determination of a reasonable royalty, which includes evidence of the "utility and advantages of the patented property over the old modes or devices, if any, that had been used for working out similar results."  (Dkt. No. 1903 at 56 (*Georgia Pacific* factor 9).)  The exhibit also includes numerous examples of industry praise and consumer demand for the iPhone's beautiful physical appearance (iPhone "hailed for its beauty") and the attractiveness and importance of its front face – an element of the D'677 patent ("strong, screen-centric design has come to equal what's on trend and cool for many consumers").  (PX36.20, PX36.31.)  Many other examples of evidence of demand for Apple's products may be found in this document, including without limitation PX36.31, PX36.32, PX36.59 and PX36.64.  These assist to establish the first factor of the *Panduit* test.

**PX37 (Translation of presentation: Touch Portfolio Key Takeaways)**

Admitted at trial:  Not Offered.

Admitted for limited purpose:  N/A.

Included in Musika exhibits:  Yes.
- 5/8 Rpt. Exhibit 24-S, item 97.
- 5/8 Rpt. Exhibit 53-S, item 12.

Potential sponsoring witnesses at new trial:
- Julie Davis; Dong Hoon Chang; Won Pyo Hong; Cira Conley; Cross-Examination

PX37 is a report from consultants retained by Samsung (GravityTank) concerning Samsung's portfolio of touch-enabled smartphones.  It provides a set of "key takeaways" from the complete version of the report.  (The complete version of the report was admitted as PX36.)  The document thus provides further evidence of industry praise and demand and value for Apple's patented products.  For example, the document states:  "It appears that the iPhone is the most preferred touch phone brand in all 5 high value segments."  (PX37.3.)

The document also provides evidence of industry praise and demand and value for Apple's patented design features.  For example, the document states "Consumers recognize iPhone's screen-centric design as the touch phone standard." (PX 37.3)  The document also provides additional evidence of the demand for the specific infringing design and utility features and the value of those features, which the jury in combination with other evidence use as support for a lost profits or reasonable royalty award.  For example, the document states that "the biggest motivating factor in purchasing touch phones is intuitive/easy use of a variety of functions." (PX37.2.)  As another example, the document states that "From a UI perspective, [the iPhone] has surpassed Nokia's existing 'Easy to Use' concept and is being judged to be 'Sexy to Use.'" (PX37.3); (see also PX37.4 (Samsung external design consistency "inadequate").)  These comments can be tied to the comments in PX36 to show the relationship to the specific patented features.  This connection is itself additional evidence that contributes to and will support the testimony of other witnesses that the patented features form an relevant aspect of the user interface that others documents and material praise as being a substantial factor in consumer demand for Apple's smartphones.

**PX52 (Presentation: Samsung's Use of Apple Patents in Smartphones)**

Admitted at trial:  Admitted.
- Teksler (Trial Tr. 1959).

Admitted for limited purpose:  No.

Included in Musika exhibits:
- Musika discussed the content of PX52 (the August 4, 2010 presentation) in paragraphs 174 and 175 of his 3/22 report.

Potential sponsoring witnesses at new trial:
- Boris Teksler; BJ Watrous; Ravin Balakrishnan; Philip Schiller; Greg Joswiak; Jun Won Lee; Julie Davis; Cross-Examination

PX52 is an August 4, 2010, presentation delivered by Apple to Samsung during the course of the parties' pre-litigation negotiations.  This document is primarily relevant to issues in the case other than demand, including without limitation, for example, Samsung's actual notice of infringement with respect to the '381 patent (to the extent notice remains at issue) and Apple's demand before suit was filed that Samsung stop copying Apple's products and stop using Apple's patented technology, which relates to competition between Apple and Samsung.  Looking specifically at demand issues, PX52.14 and PX52.17 include references to Samsung's incorporation of Apple's patented utility and design features into Samsung's phones.  When considered together with evidence that factors such as physical appearance and ease of use drive consumer demand and sales, that Apple's patented features substantially contribute to physical attractiveness and ease of use, evidence that Samsung incorporated Apple's patented utility and design features into its products supports the inference that Apple would have sold even more phones in the hypothetical market in which the infringing products were absent because the iPhone would not have to compete against infringing phones that offer Apple's patented features and its specific implementation of those features that consumers find highly desirable.

**PX60 (Presentation: STA Competitive Situation Paradigm Shift)**

Admitted at trial:  Admitted.
- Denison (Trial Tr. 818).

Admitted for limited purpose:  No.

Included in Musika exhibits:  Yes (in Exhibit 53-S).
- 5/8 Rpt. Exhibit 53-S, item 11.

Potential sponsoring witnesses at new trial:
- Julie Davis; Cross-Examination.

PX60 is a "Top Secret" internal Samsung document analyzing the "Paradigm Shift" in the smartphone marketplace.  The document reflects evidence of the tremendous value of the patented designs and features and the benefit that Samsung has enjoyed from employing Apple's patented designs and features in its infringing devices. (PX60.5; 60.6; 60.8.)  The document also reflects the success of the patented product. (See e.g. PX60.8-60.19.)  The document also reflects direct evidence that consumers not only demand the latest Apple models, but also demand older Apple models.  (See PX60.56.)  This directly rebuts Samsung's (and Mr. Wagner's) argument that Apple would not have capacity to recoup sales lost due to the infringing phones and that a consumer would not consider an older model phone if it could not purchase the latest model (due to lack of supply).  (See PX60.56 (nearly 20% of new iPhone activations are used or second hand iPhones); id. (since iPhone 4S launch, 11% of total iPhone activations at US carriers were used models of earlier iPhones); PX60.58.  Mr. Wagner contends that an insignificant number of the 2.7 million consumers (and not more than 5%) that purchased an infringing Samsung phone during the design around period would have purchased an Apple phone. (Wagner Dep. Tr. at 825:23-826:6.)  This internal Samsung document rebuts that claim.  The document also reflects direct evidence that Samsung's Galaxy Tab is in direct competition with the Apple iPad, which is an issue that Samsung disputes in this case.  (PX60.6; see also PX60.8 (describing a "two horse race between Apple & Samsung").  The document also is direct evidence that Samsung's general business plan is to hold itself out as Apple's direct competitor.  (See id; see also 60.24; 60.43 (Galaxy was "1st to Challenge iPhone Directly").

**PX62 (Presentation:  iPhone 5 Counter Strategy)**

Admitted at trial:  Admitted.
- Denison (Trial Tr. 816).

Admitted for limited purpose:  Yes.
- Do not consider as evidence that Samsung's conduct was willful; however, you may consider it for some other purpose.

Included in Musika exhibits:  No.

Potential sponsoring witnesses at new trial:
- Julie Davis; Cross-Examination.

PX62 is an internal Samsung document reflecting Samsung's "iPhone 5 Counter Strategy."  The document reflects market demand for Apple's patented products.  The document also rebuts Samsung (and Mr. Wagner's) contention that there is no demand from Android users to purchase an iOS device (and vice versa) and that Apple and Samsung do not compete in all relevant market segments.  It makes specific reference to multiple new trial products, including the Captivate, Epic 4G, Infuse 4G (Demsey), and Droid Charge.  (PX62.12 to PX62.15).  This document, which identifies an "Offensive Portfolio Strategy [to go] directly after . . . potential iPhone purchasers" as well as a "Defensive Portfolio Strategy [to] minimize iPhone defections," reflects the competition across carriers and price points and supports Apple's position that Samsung consumers would have purchased Apple iPhones and not a Samsung product in significant numbers if Samsung had not infringed.  (PX62.3; 62.11-62.20.)

**PX69 (JD Power 2011 Wireless Smartphone Satisfaction Study)**

Admitted at trial:  Admitted.
- Benner [video] (Trial Tr. 2028).

Admitted for limited purpose:  No.

Included in Musika exhibits:  Yes.
- 3/22 Rpt. Exhibit 3 at p. 47 of 51 (cited as Benner Exhibit 1594).  (Admitted PX69 is the same as Benner Exhibit 1594, as reflected on the deposition exhibit sticker on the front of Admitted PX69.)

Potential sponsoring witnesses at new trial:
- Timothy Benner; Julie Davis; Cross-Examination.

PX69 is an independent market research and survey report by J.D. Powers.  It seeks to directly measure consumer preferences with respect to smartphones.  It includes evidence of the high consumer demand for Apple's smartphone products.  (*See, e.g.*, PX69.87-88.)  Evidence of the success of the iPhone alone will help Apple establish "but for" causation of lost profits because it will support an inference that at least some consumers unable to purchase an infringing Samsung phone would be reasonably likely to purchase an iPhone instead.  PX69 also includes numerous references to consumer demand for the physical appearance and ease of use of smartphone products.  (*See, e.g.*, PX69.57 ("Main reasons for choosing the smartphone manufacturer include *Liked overall design or style* (45%), *Internet capability* (44%), and *Touch screen* (43%).".)  This evidence is relevant to the second *Panduit* factor (absence of commercially acceptable non-infringing alternatives).  Apple will establish through other testimony and exhibits that the design patents reflect substantial elements of the overall design of the iPhone and that the utility patents contribute to the intuitive user interface that make the iPhone easy to use.

**PX102 (iPhone Sales Summary)**

Admitted at trial:  Not Offered.  The parties entered into a stipulation before the first trial not to offer this exhibit to simplify the sealing issues at trial.  (Dkt. No. 1597.)

Admitted for limited purpose:  N/A.

Included in Musika exhibits:  Yes (in Exhibit 32-S).
- 5/8 Rpt. Exhibit 32-S.

Potential sponsoring witnesses at new trial:
- Philip Schiller; Greg Joswiak; Mark Buckley; Julie Davis; Cross-Examination.

PX102 is an Apple financial document showing sales of the iPhone.  The exhibit includes evidence of Apple's sales of the iPhone and iPad, and hence evidence of demand for the patented product under the first Panduit factor.

**PX103 (iPad and iPod Touch Sales Summary)**

Admitted at trial:  Not Offered.  The parties entered into a stipulation before the first trial not to offer this exhibit to simplify the sealing issues at trial.  (Dkt. No. 1597.)

Admitted for limited purpose:  N/A.

Included in Musika exhibits:  Yes (in Exhibit 33-S).
- 5/8 Rpt. Exhibit 33-S.

Potential sponsoring witnesses at new trial:
- Philip Schiller; Greg Joswiak; Mark Buckley; Julie Davis; Cross-Examination.

PX103 is an Apple financial document showing sales of the iPad.  The exhibit includes evidence of Apple's sales of the iPhone and iPad, and hence evidence of demand for the patented product under the first Panduit factor.

**PX127 ("How To" TV ad for original iPhone)**

Admitted at trial:  Admitted.
- Schiller (Trial Tr. 642).

Admitted for limited purpose:  No.

Included in Musika exhibits:  No.

Potential sponsoring witnesses at new trial:
- Philip Schiller; Greg Joswiak; Julie Davis; Cross-Examination.

PX127 is an advertisement that shows marketing of the '381 patent, as well as Apple's "product as hero" focus on the industrial design of its product.  "Product as hero" advertisements focus on the image of the product as a central element of the advertisement and thus emphasis Apple's exterior design in its marketing.  This advertisement is relevant as it 1) demonstrates the interrelationship between demand for Apple's products and demand for Apple's patented features, as Apple markets its products by focusing on its patented features and patented designs; 2) shows Apple generating demand for a specific patented feature at issue in the new trial; and 3) rebuts Samsung's expert Mr. Wagner's charge that Apple's commercials "generally focus on advertising other functionalities of their products."  (Wagner 8-26-2013 Report ¶ 83.)

**PX133 ("Apple Waves Its Wand at the iPhone," by David Pogue, New York Times, January 11, 2007)**

Admitted at trial:  Admitted
- Schiller (Trial Tr. 601)

Admitted for limited purpose:  Yes
- Do not consider for the truth of the matter asserted

Included in Musika exhibits:  No.

Potential sponsoring witnesses at new trial:
- Philip Schiller; Greg Joswiak; Julie Davis; Cross-Examination

PX133 is a New York Times article by David Pogue, published in January 2007 shortly after the announcement of the iPhone.  The article praises the design of the iPhone, likening its creation to the work of the "fairy godmother in 'Cinderella'" who would "wave her wand and turn some homely and utilitarian object, like a pumpkin or a mouse, into something glamorous and amazing."  (PX133.1.)  The article states that "[Steve Jobs] granted the wishes of millions of Apple followers and rumormongers by turning the ordinary cellphone into . . . the iPhone."  (Id.) "[T]he iPhone is gorgeous.  Its face is shiny black, rimmed by mirror-finished stainless steel." (Id.)  "The phone is slightly taller and wider than a Palm Treo."  (Id.)  "You won't complain about too many buttons on this phone; it comes very close to having none at all.  The front is dominated by a touch screen."  (Id.)  "The iPhone's beauty alone would be enough to prompt certain members of the iPod cult to dig for their credit cards.  But its Mac OS X-based software not so much a smartphone as something out of 'Minority Report.'"  (PX133.2.)  "[T]here's no scroll wheel.  Instead, you flick your finger on the glass to send the list scrolling freely . . . the effect is both spectacular and practical."  (Id.)  "To enlarge [tiny type], you can double-tap any spot."  (PX133.3.)  "[Y]ou can use a brand-new feature that Apple calls multitouch:  you slide your thumb and forefinger together (like pinching) or apart on the glass.  As you do so, the Web page before you grows or shrinks in real time . . . it's wicked cool."  "[H]ow many would leap at the chance to replace their current awkward models with something none with the class, the looks and the effortlessness of an iPod?"  The document is relevant to show consumer demand for the iPhone's patented industrial design, including the design of the D'677 patent, and the patented design of iPhone's user interface features, such as those of the '915 and '163 patents.  The document is also relevant to show industry recognition of the advantages of Apple's designs over other modes.  The document also helps establish that the elements of the D'677 Patent are significant elements of the overall exterior appearance of the iPhone, which supports the relevance of other testimony and exhibits.

**PX134 ("Testing Out the iPhone," by Walter S. Mossberg and Katherine Boehert, The Wall Street Journal, June 27, 2007)**

Admitted at trial:  Admitted
- Schiller (Trial Tr. 607)

Admitted for limited purpose:  Yes
- Do not consider for the truth of the matter asserted

Included in Musika exhibits:  No.

Potential sponsoring witnesses at new trial:
- Philip Schiller; Greg Joswiak; Julie Davis; Cross-Examination

PX134 is a Wall Street Journal article titled "Testing Out the iPhone," published in June 2007. The article notes that "most of these 'smart phones' have had lousy software, confusing user interfaces." (PX134.1.)  The article praises the iPhone's design.  "[T]he iPhone is, on balance, a beautiful and breakthrough handheld computer . . . its clever finger-touch interface, which dispenses with a stylus and most buttons, works well." (Id.)  The article also notes the iPhone's "simple interface, with just four rows of colorful icons on a black background." (PX134.2.)  The article specifically praises the iPhone's patented industrial design:  "Hardware:  The iPhone is simply beautiful. . . . almost its entire surface is covered by a huge, vivid 3.5-ich display.  There's no physical keyboard, just a single button . . . The phone is about as long as the Treo 700 . . . but it's slightly wider than the BlackJack or Treo." (Id.)  The article specifically praises iPhone's patented user interface features:  "Touch-screen interface:  To go through long lists of emails, contacts, or songs, you just 'flick' with your finger . . . To enlarge photos, you 'pinch' them by placing two fingers on their corners and dragging them in or out.  To zoom in on portions of Web pages, you double-tap with your fingers . . . In general, we found this interface, called 'multi-touch,' to be effective, practical and fun." (PX134.3.)  In sum, the article concludes, "the iPhone is a whole new experience and a pleasure to use." (PX134.5.)  The document is relevant to show consumer demand for the iPhone's patented industrial design, including the design of the D'677 patent, and the patented design of iPhone's user interface, such as those of the D'305, '915, and '163 patents.  The document is also relevant to show industry recognition of the advantages of Apple's designs over other modes.  It also reinforces the significance of the patents to both the exterior design of the product and the easy to use multi-touch user interface, which supports the relevance of other exhibits.

**PX135 ("Best Inventions of 2007," by Lev Grossman, Time, November 1, 2007 (including photo of cover))**

Admitted at trial:  Admitted
- Schiller (Trial Tr. 608)

Admitted for limited purpose: Yes
- Do not consider for the truth of the matter asserted

Included in Musika exhibits:  No.

Potential sponsoring witnesses at new trial:
- Philip Schiller; Greg Joswiak; Julie Davis; Cross-Examination

PX135 is a Time magazine special article regarding "Best Inventions of 2007," which names the iPhone as "Invention of the Year." (PX135.1.)  The cover photo of the magazine is of the iPhone's industrial design. (PX135.3.)  The article praises the iPhone's design and lists as the first reasons for its selection, "The iPhone is pretty." (PX135.1.)  The article further praises the iPhone's multitouch technology:  "Apple's engineers used the touchscreen to innovate past the graphical user interface . . . to create a whole new kind of interface, a tactile one that gives users the illusion of actually physically manipulating data with their hands—flipping through album covers . . . stretching and shrinking photographs with their fingers." (PX135.2.)  "This is, as engineers say, nontrivial.  It's part of a new way of relating to computers." (Id.)  The document is relevant to show consumer demand for the iPhone's patented industrial design, including the design of the D'677 patent, and the patented design of iPhone's user interface, such as those of the '915 patent.  The document is also relevant to show industry recognition of the advantages of Apple's patented multi-touch features, such as those covered in the '915 and '163 patents, over earlier modes.  Further, it supports Apple's contention that the utility patents reflect a significant contribution to the simple, intuitive user interface on the touchscreen that made the iPhone product easy to use and thus supports the relevance of additional exhibits.

**PX142 ("Patent Office Highlights Jobs's Innovations," New York Times)**

Admitted at trial:  Admitted
- Schiller (Trial Tr. 610)

Admitted for limited purpose:  Yes
- Do not consider for the truth of the matter asserted

Included in Musika exhibits:  No.

Potential sponsoring witnesses at new trial:
- Philip Schiller; Greg Joswiak; Julie Davis; Cross-Examination

PX142 is an article from the NY Times reporting the US PTO's unprecedented exhibit honoring "Apple's history of design and innovation."  (PX142.1.)  The document reflects industry praise and value for Apple's patented products, designs, and features.  The article specifically notes that "Patents on technological devices do not always result in real products that hit the consumer market, but they document an inventor's research and methodology in different areas of design and engineering.  Often, multiple patented technologies come together to form one real product, like the iPad."  (Id.)  The document illustrates the industry praise and market demand for Apple's patented design features, namely the distinctive front face of the iPhone as covered by the D'677 patent.  The document supports Apple's argument that the translucent, black-colored face of the iPhone is distinctive and instantly recognizable, as it was displayed prominently as the central aspect of the PTO's exhibit.

**PX143 (iPhone Buyer Survey, FY10-Q4)**

Admitted at trial:  Admitted
- Schiller (Trial Tr. 630)

Admitted for limited purpose: No

Included in Musika exhibits:  Yes (in Exhibit 24-S).
- 5/8 Rpt. Exhibit 24-S, item 6.

Potential sponsoring witnesses at new trial:
- Philip Schiller; Greg Joswiak; Julie Davis; Cross-Examination

PX143 contains excerpts from an iPhone buyer survey showing that 94% of respondents rated "ease of use" as important to their purchase decision, while 72% rated "attractive appearance and design" important to purchase decision.  This evidence is relevant to demonstrating consumer demand for the products and patented features and to the absence of commercially acceptable non-infringing alternatives.  Apple will separately provide testimony and evidence that the patents in suit contribute in a signficant way to the exterior appearance of the iPhone and to the easy and intuitive user interface provided with Apple's smartphones and tablets.

**PX144 (iPhone Buyer Survey, FY11-Q1)**

Admitted at trial:  Admitted
- Schiller (Trial Tr. 630)

Admitted for limited purpose:  No

Included in Musika exhibits:  Yes (in Exhibit 24-S).
- 5/8 Rpt. Exhibit 24-S, item 6.

Potential sponsoring witnesses at new trial:
- Philip Schiller; Greg Joswiak; Julie Davis; Cross-Examination

PX144 contains excerpts from an iPhone buyer survey showing that 95% of respondents rated "ease of use" as important to their purchase decision, while 81% rated "attractive appearance and design" important to purchase decision.  This evidence is relevant to demonstrating consumer demand for the products and patented features and to the absence of commercially acceptable non-infringing alternatives.  Apple will separately provide testimony and evidence that the patents in suit contribute in a signficant way to the exterior appearance of the iPhone and to the easy and intuitive user interface provided with Apple's smartphones and tablets.

1

**PX145 (iPhone Buyer Survey, FY11-Q2)**

2

Admitted at trial:  Admitted
   • Schiller (Trial Tr. 631)

3

4

Admitted for limited purpose: No

5

Included in Musika exhibits:  Yes (in Exhibit 24-S).
   • 5/8 Rpt. Exhibit 24-S, item 6.

6

Potential sponsoring witnesses at new trial:

7

   • Philip Schiller; Greg Joswiak; Julie Davis; Cross-Examination

8

PX145 contains excerpts from an iPhone buyer survey showing that 96% of respondents rated "ease of use" as important to their purchase decision, while 82% rated "attractive appearance and design" important to purchase decision.  This evidence is relevant to demonstrating consumer demand for the products and patented features and to the absence of commercially acceptable non-infringing alternatives.  Apple will separately provide testimony and evidence that the patents in suit contribute in a signficant way to the exterior appearance of the iPhone and to the easy and intuitive user interface provided with Apple's smartphones and tablets.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PX146 (iPhone Buyer Survey, FY11-Q3)**

Admitted at trial:  Admitted
- Schiller (Trial Tr. 632)

Admitted for limited purpose:  No

Included in Musika exhibits:  Yes (in Exhibit 24-S).
- 5/8 Rpt. Exhibit 24-S, item 6.

Potential sponsoring witnesses at new trial:
- Philip Schiller; Greg Joswiak; Julie Davis; Cross-Examination

PX146 contains excerpts from an iPhone buyer survey showing that 95% of respondents rated "ease of use" as important to their purchase decision, while 82% rated "attractive appearance and design" important to purchase decision.  This evidence is relevant to demonstrating consumer demand for the products and patented features and to the absence of commercially acceptable non-infringing alternatives.  Apple will separately provide testimony and evidence that the patents in suit contribute in a signficant way to the exterior appearance of the iPhone and to the easy and intuitive user interface provided with Apple's smartphones and tablets.

**PX180 (Samsung's Financial Spreadsheet)**

Admitted at trial:  Admitted.
- Sheppard (Trial Tr. 3016).

Admitted for limited purpose:  No.

Included in Musika exhibits:  Yes.
- PX180 was incorporated into Musika's expert report by stipulation and court order.  (See Dkt. No. 1554.)

Potential sponsoring witnesses at new trial:
- Julie Davis; Cross-Examination.

PX180 is a Samsung financial document showing sales of the infringing phones.  Ms. Davis used financial information in PX180 to calculate Apple's damages.  The number of infringing sales made by Samsung is also relevant to demand because the extent of Samsung's infringement is relevant to demand.  Specifically, the jury will be instructed that it may consider in determining a reasonable royalty "the extent to which the infringer has made use of the invention and any evidence probative of the value of that use."  (Dkt. No. 1903 at 56 (*Georgia Pacific* factor 10).) Apple intends to show that Samsung made use of Apple's patented design and utility features by incorporating them into its infringing phones, and profited from that use through the sale of millions of infringing phones.

1    **PX181 (Apple's LOB Report for the iPhone/iPad/iPod)**

2    Admitted at trial:  Not Offered.

3    Admitted for limited purpose:  N/A

4    Included in Musika exhibits:  Yes (in Exhibit 32-S).
        • 5/8 Rpt. Exhibit 32-S.

5

6    Potential sponsoring witnesses at new trial:
        • Julie Davis; Mark Buckley; Cross-Examination

7

8    PX181 is an Apple financial document showing sales of the iPhone and iPad.  Ms. Davis used financial information in PX181 to calculate Apple's damages.  Apple's sales are relevant to demand for the patented product under the first Panduit factor.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **PX182 (Apple's iPhone & iPad Capacity Report)**

2  Admitted at trial:  Not Offered.

3  Admitted for limited purpose:  N/A.

4  Included in Musika exhibits:  Yes (in Exhibits 26-S and 27-S).
   - 5/8 Rpt. Exhibit 26-S and 27-S.

5

6  Potential sponsoring witnesses at new trial:
   - Julie Davis; Tony Blevins; Mark Buckley; Cross-Examination.

7

8  PX182 is an Apple capacity document showing Apple's manufacturing capacity of the iPhone and iPad.  It also shows units sold by Apple of the iPhone and iPad.  Apple's sales are relevant to demand for the patented product under the first Panduit factor.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PX183 (Samsung's Mercator Presentation, 9/2008)**

Admitted at trial:  Not Offered

Admitted for limited purpose:  N/A

Included in Musika exhibits:  Yes (in Exhibit 24-S).
  • 5/8 Rpt. Exhibit 24-S, items 73 and 94.

Potential sponsoring witnesses at new trial:
  • Julie Davis; Cross-Examination

PX183 is a 2008 internal Samsung document reflecting Samsung "Counter-Apple Strategy."  The document reflects industry praise and value for Apple's patented products, designs, and features.  It also reflects the level of direct competition between Samsung and Apple.  (PX183.8-183.10.)  The document also provides strong evidence that Samsung was  in 2008 shifting its focus towards rebutting the "competitive threat from Apple" by "profil[ing] which end-user segments are purchasing the iPhone and why" and by "specifically assess[ing] which unmet needs the iPhone addressed in these segments and why they were successful."  (PX183.3.)  The document also puts in context several subsequent documents were Samsung engages in detailed side-by-side, feature-by-feature analysis of Apple's patented products, designs, and features, and provides recommendations and directions to implement those designs and features into Samsung's products.  (See e.g. 183.35; 183.79.)  The document also provides direct evidence of the demand generated by Apple's patented products and the effect of that demand on the marketplace.  For example, the document states that "Apple is a serious threat to Samsung's leadership in the US." (PX183.7.)  The document states that the "iPhone, by all accounts, has been the most disruptive and successful new entrant in the history of the mobile device market."  (PX183.7.)

**PX184 (Translation of SEC Business Strategy, 10/2011)**

Admitted at trial:  Not Offered.

Admitted for limited purpose:  No.

Included in Musika exhibits:  Yes (in Exhibit 53-S).
- 5/8 Rpt. Exhibit 53-S, item 19.

Potential sponsoring witnesses at new trial:
- Julie Davis; Cross-Examination.

PX184 is an internal Samsung business plan and strategy document.  This document is relevant at least to the disputed factual issue underpinning Apple's lost profits calculation of how long it would take Samsung after receiving notice of infringement to develop a commercially acceptable non-infringing alternative to the D'677 patent features.  This fact is relevant because Ms. Davis calculated lost profits only for the time it would take Samsung to re-enter the market with a commercially acceptable non-infringing alternative.  Whereas Apple contends Samsung would be off the market for 8 months developing a suitable alternative, Samsung contends that this process would happen instantaneously.  PX184 contradicts Samsung's assertion by stating that it would take Samsung "18-24 months" to develop an "archetype design."  (PX184.26.)  The document also reflects the scope of competition between Apple and Samsung during the relevant period and the scope of demand for Apple's patented products during the damages period.  Thus, while it is primarily relevant for other reasons, it is also relevant to proof of demand for Apple's iPhone and iPad products.

**PX196 (Premium & Mass Design Preference Study)**

Admitted at trial:  Not Offered.

Admitted for limited purpose:  N/A.

Included in Musika exhibits:  Yes (in Exhibit 24-S).
- 5/8 Rpt. Exhibit 24-S, item 81.

Potential sponsoring witnesses at new trial:
- Julie Davis; Cross-Examination.

PX196 is a late 2010, early 2011 Samsung internal document titled "Premium & Mass, Design Preference Study."  (PX196.1.)  Its stated objective was "To Understand US Consumer's Design Perception of Premium and Mass Design."  (PX196.3.)  The document focuses on industrial design of smartphones.  The very first "Key Finding" in the executive summary is that U.S. consumers believe "iPhone design – premium/good design."  (PX196.6-7.)  It also characterizes the design of Apple's iPhones as "Most trendy," "High priced," and something consumers "Would buy next."  (PX196.21-22.)  The document is relevant to show consumer demand for the iPhone's patented industrial design, including the design of the D'677 patent.  The document is also relevant to show industry recognition of the advantages of iPhone's patented design over other modes, which is relevant to the determination of a reasonable royalty.  Apple will further support the relevance of this exhibit with evidence that the D'677 Patent and the D'305 Patents reflects important elements of iPhones exterior design.

**PX2281 (iPhone Human Interface Guidelines)**

Admitted at trial:  Admitted
- Wang (Trial Tr. 2547)

Admitted for limited purpose:  No.

Included in Musika exhibits:  No.

Potential sponsoring witnesses at new trial:
- Cross-Examination

PX2281 is a copy of Apple's iPhone Human Interface Guidelines found in the files of a Samsung UX designer, Jinyeun Wang.  At the first trial, Ms. Wang acknowledged that she was listed as the custodian of this document.  (Trial Tr. at 2546:17-2547:3.)  The fact that a Samsung designer had a copy of Apple user interface guidelines in her files is relevant to show demand for Apple's user interface and therefore Apple's graphical user interface patent, the D'305.  It also rebuts Ms. Wang's claim that she "did not make reference to Apple icons" when designing Samsung icons. (Trial Tr. at 2541:17-19.)  In combination with other evidence discussed above that Samsung considered Apple's patented inventions, discussed the value and superiority of Apple's patented inventions, and implemented Apple's patented inventions, this evidence is relevant to show that Samsung recognized a demand for Apple's inventions and that the D'305 Patent is an improvement over other options, which is relevant to the amount of a reasonable royalty for that patent.

1   **JX1500A (Apple and Samsung Financial Data)**

2   Admitted at trial:  Admitted

3
    Admitted for limited purpose:  No.

4   Included in Musika exhibits:  Yes.

5
      • Exhibits 32-S, 33-S, 36-S, 37-S

6   Potential sponsoring witnesses at new trial:

7
      • Julie Davis

8
    JX1500 contains Apple and Samsung sales information.  Ms. Davis used financial information in
9   JX1500 (also contained in PX25E) to calculate Apple's damages. The exhibit includes evidence
    of Apple's sales of the iPhone and iPad, and hence evidence of demand for the patented product
10  under the first Panduit factor.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28