Appendix 1

*Apple v. Samsung*, No. 11-1846

**APPENDIX 1:  Exhibits Challenged in Samsung's Motion in Limine or Motion to Exclude Exhibits as "Copying"**

**PX3 (Apple and Samsung Smartphones)**

Admitted at trial:  Admitted.
- Bressler (Trial Tr. 1071).

Admitted for limited purpose:  No.

Included in Musika exhibits:  No.

Potential sponsoring witnesses at new trial:
- Philip Schiller; Greg Joswiak; Julie Davis; Cross-Examination.

PX3 is an FRE 1006 summary of Samsung's phones showing how Samsung's phone design evolved over time to look more like the iPhone.  This exhibit reflects industry praise and market demand for Apple's patented design features, namely the distinctive front face of the iPhone as covered by the D'677 patent.  The document supports Apple's argument that the translucent, black-colored face of the iPhone is distinctive and instantly recognizable among smartphone designs that existed before and immediately after its launch.  The document also shows that Samsung considered and, in fact, implemented other design alternatives before adopting the infringing design—including, a curved, clear material on the front surface of the phone; a display screen that is not centered on the front surface of the phone; and a front surface that is not entirely covered with a clear material—yet, Samsung abandoned those design concepts to adopt the infringing design.  Such evidence raises a reasonable inference of demand for the infringing design, the unique value of the infringing design, and the lack of commercially acceptable non-infringing alternatives to the infringing design.  Further, the exhibits reflects the advantages of Apple's patented design compared to other prior modes and other options considered by Apple, which is independently relevant to the amount of a reasonable royalty for Apple's patents.

**PX6 (Summary of Press Reports Regarding Samsung Phone Designs)**

Admitted at trial:  Admitted.
- Winer (Trial Tr. 1524-1525).

Admitted for limited purpose:  Yes.
- Do not consider for the truth of the matter asserted.

Included in Musika exhibits:  No.

Potential sponsoring witnesses at new trial:
- Philip Schiller; Greg Joswiak; Julie Davis; Cross-Examination.

PX6 is a summary of press reports regarding Samsung phone designs.  The document reflects third party industry praise for and market demand for the patented products and in specific cases, the patented features.  For example, the fact that the Samsung infringing phones were compared to the iPhone at launch demonstrates the degree to which the iPhone served as the standard of the industry against which other phones were being measured, particularly in the context of external design and user experience.

The document also reflects direct evidence of industry praise and demand and value of some of the specific patented features.  For example, a PC World review of the infringing Samsung Galaxy S, titled "How Does it Measure Up to the Competition," specifically identified that the Galaxy "design is actually very iPhone 3GS-like with an all black, shiny plastic body and minimal buttons on the phone's face," which reflect design features covered by the D'677 patent. (PX6.1.)

Another reviewer in Wires, identified the infringing Vibrant phone as "shockingly similar to the iPhone 3G" because of, among other things, its "the glossy, black finish and the chrome-colored metallic border around the display," which again reflect design features covered by the D'677 patent.  (PX6.1.)  The reviewer goes on to describe the Vibrant as having a "derivative design" and that "there's little to make the phone notable, apart from its striking similarity to the iPhone." (PX6.1.)  The comments themselves reflect how Samsung's copying of Apple's exterior design diminished Apple's ability to distinguish these products using these characteristics, and when combined with the importance of design as a driver of consumer behavior, made it more likely that a consumer would have purchased an iPhone had a Samsung phone not been available.

Another review from Laptop, again specifically identifies the infringing design features, such as: "chrome-like border, edge to edge glass display (overlying black plastic), and curved candy bar shape of the Vibrant could easily be mistaken for the iPhone 3GS" (PX6.1, 6.2.)."

Another review from MobileTechReview also specifically identifies the infringing design features covered by the D'677 patent:  "[a]t first glance, the Vibrant looks like a thinner iPhone 3GS, complete with curved plastic back and a front face dominated by glass and a black surround."  (PX6.2.)

While the foregoing comments in some cases refer to the Vibrant and Galaxy S, the repetition of these design elements in the Infuse 4G reflects an extension of this design style in the later Galaxy smartphones, which further reduces the distinctiveness and competitive advantage Apple had sought from the exclusive use of the patented design.

**PX34 (Translation of Presentation: Feasibility Review on Standalone AP Business for Smart Phone Market)**

Admitted at trial: Admitted.
- Musika (Trial Tr. 2079).

Admitted for limited purpose: No.

Included in Musika exhibits: Yes.
- Exhibit 24-S, item 68

Potential sponsoring witnesses at new trial:
- Julie Davis; Dong Hoon Chang; Cross-Examination.

PX34 is an internal Samsung document dated September 2007 that analyzes smartphone market drivers and trends soon after the introduction of the iPhone. The document notes that "the Apple iPhone" is one of "four key factors that we expect will shape handsets in the coming five years." (PX34.13.) It also predicts that the "factors that could make the iPhone a success" are its "Easy and intuitive UI" and its "Beautiful design." (PX34.38.) The document also refers to: "HW portion: easy imitation," including Apple's "Touchscreen UI" or user interface. Samsung's comments reflect the importance of the design and utility patents to customer acceptance and interest in the iPhone. Apple will show through separate evidence, including for example testimony from Schiller, that the design of the D'677 Patent and D'305 Patent make up significant elements of the exterior design of the iPhone and that the utility patents contribute to the easy and intuitive user interface that characterizes the iPhone.

As this exhibit relates to evidence of demand, Samsung's commentary on the iPhone's success is directly relevant at least to the first *Panduit* factor – demand for the patented product. Evidence of the success of the iPhone alone will help Apple establish "but for" causation of lost profits because it will allow the jury to draw the inference that at least some consumers unable to purchase an infringing Samsung phone would be reasonably likely to purchase an iPhone instead.

In addition, Samsung's commentary on the relationship between the iPhone's "beautiful design" and the iPhone's market leadership position is relevant at least to the second *Panduit* factor – the absence of commercially acceptable non-infringing alternatives. The same is true for Samsung's commentary on the relationship between the iPhone's "easy and intuitive UI" and the iPhone's market leadership position. [insert on relationship] PX34 thus includes information relevant to at least the first and second factors of the *Panduit* test.

**PX35 (Email from J. Boltello re: Additional wallpapers for Genie)**

Admitted at trial:  Admitted.
- Wagner (Trial Tr. 3071)

Admitted for limited purpose:  No.

Included in Musika exhibits:  No.

Potential sponsoring witnesses at new trial:
- Cross-Examination

PX35 is an internal Samsung document that compares, side-by-side, the patented design features of the iPhone with Samsung products that, at the time, were in development.

The document contains evidence of industry praise and consumer demand for the patented product and features as well as the unique value of the patented features and the lack of suitable substitutes.  For example, the document suggests changes to Samsung's icon design because of comments from AT&T.  (PX35.1.)  Specifically, the document states "iPhone icons to [sic] are colorful and vibrant, however they are in contained square which appear more organized and consistent" and includes a directive that Samsung "designers take this into consideration when proposing/designing icons and to also take into consideration the target audience the device is for."  (PX35.1.)  As another example, the document suggests that Samsung not make the design change to products that have already launched into the market, because "if existing customers see new icons/menus they will have the perception their devices is [sic] outdated."  (PX35.1.)  The document goes on to state that such a change to adopt Apple's patented icon design features to those existing products will result "calls to increase for the new s/w for upgrades and return of product will occur for existing customer wanting to have newer s/w."  (PX35.1.)  The document reflects that Samsung intent was to develop its products to be responsive to consumer and carrier demands and that Samsung adopted the design of the D'305, which included the relevant containers and icon layout, to address customer interest.  This evidence is also relevant to how the D'305 design was an improvement over other options, which is relevant to the determination of a reasonable royalty.

**PX38 (Presentation: Browser Zooming Methods UX Exploration Study)**

Admitted at trial:  Admitted.
- Singh (Trial Tr. 1845).

Admitted for limited purpose:  No.

Included in Musika exhibits:  Yes.
- 5/8 Rpt. Exhibit 25-S, item 52.

Potential sponsoring witnesses at new trial:
- Karan Singh; Ravin Balakrishnan; Julie Davis; Cross-Examination

PX38 is a report from consultants hired by Samsung to evaluate different browser zooming methods.  The document provides direct evidence of the demand and value for Apple's patented utility features of the '163 patent.  For example, the document tests consumer preferences for three different zooming methods, including Apple's patented double-tap zooming method (PX38.13), and concludes that the patented Apple method is the "most preferred" (nearly 90%) browsing method.  (PX38.19.)  The report provides a "Design & Research Recommendation" that Samsung "[a]dopt Double-Tap as a supplementary zooming method." (PX38.24.)  The exhibit reflects third party confirmation based on expected consumer preference that there is demand for the '163 Patent and that Samsung's adoption of the technology stemmed from a belief that it would make Samsung's products more desirable to consumers.  Samsung's damages expert, Mr. Wagner, agreed that PX38 recommends that Samsung "adopt the double tap as supplementary zooming method for up to two levels of zooming."  (*See* PX38; 770:12-25; 771:4-772:4).)  Under Mr. Wagner's own methodology such evidence is relevant to demand.  (Dkt. No. 2407-17 at 466:5-13.)

**PX39 (Translation of Presentation: Alkon Instructions from the CEO)**

Admitted at trial:  Not Offered.

Admitted for limited purpose:  N/A.

Included in Musika exhibits:  Yes.
- 5/8 Rpt. Exhibit 24-S, item 88.

Potential sponsoring witnesses at new trial:
- Julie Davis; Cross-Examination

PX39 is an internal development document that compares, side-by-side, features of a Samsung development phone with the iPhone.

The document also provides evidence of the value and demand for Apple's patented products. For example, the document contains detailed, side-by-side, feature-by-feature, comparisons of the Samsung development phone against the iPhone.  (See e.g. PX39.5, 39.6.)

The document also provides strong indirect evidence of the value and demand for Apple's patented design and utility features.  For example, the report reflects instructions from Samsung's CEO to "[i]mprove UX while referring to iPhone 3GS."  (PX39.1.)  As another example, the document includes a directive that the "icons [as compared to the iPhone 3GS] have too much space and are strange."  (PX39.1.)  The latter comment also provides evidence of the value of the D'305 Patent in comparison to other methods, which is separately relevant to the reasonable royalty that should be paid for that patent.

**PX40 (Translation of Email from Bong-Hee Kim regarding Summary of Executive-Level Meeting Supervised by Head of Division (February 10))**

Admitted at trial:  Admitted.
- Denison (Trial Tr. 994).

Admitted for limited purpose:  No.

Included in Musika exhibits:  Yes.
- 5/8 Rpt. Exhibit 24-S, item 21.

Potential sponsoring witnesses at new trial:
- Julie Davis; Cross-Examination

PX40 is an internal email from from Samsung's Head of Mobile Division providing his directives in light of his assessment of the smartphone marketplace in February 2010, when the infringing smartphones were under development.  In light of exterior commentary about the iPhone, he states that there is a "crisis of design" at Samsung and that the difference between the user interface of iPhone and Samsung's phones was "truly that of Heaven and Earth."  (PX40.5.)  The exhibit provides direct evidence of industry praise and consumer demand and value for Apple's iPhone and for the utility patents, which Apple will establish form a significant part of the Apple user interface to which Samsung's executive were comparing their products.  These comments reinforce both consumer demand for and the value of Apple's patented designs and features.  As further examples, the document states that the carriers were imploring Samsung to "make something like the iPhone" because "[w]hen everybody (both consumers and the industry talk about UX [user interface], they weigh it against the iPhone." (PX40.2 (stating "The iPhone has become the standard. That's how things are already.").)  These comments again are direct reflection of consumer and carrier feedback regarding the iPhone and the patented features.

**PX41 (Presentation: Samsung TN GUI Framework Final Presentation)**

Admitted at trial:  Not Offered.

Admitted for limited purpose:  N/A.

Included in Musika exhibits:  No.

Potential sponsoring witnesses at new trial:
- Cross-Examination.

PX41 is titled "Samsung TN GUI Framework Final Presentation" and summarizes the findings of a Samsung internal study on the challenges and goals for its graphical user interface design.  The document includes user survey information identifying the "container" icon design style as "an important part of design" that is "[s]trongly associated with iPhone UI" and further recommending that Samsung employ such a "container" icon design style in its UI. (See, e.g., PX41.193.) The document is relevant at least as a Samsung admission on consumer demand for the graphical user interface design covered by Apple's D'305 patent, as well as the advantages of the patented design over market substitutes and prior designs, which is relevant to the reasonable royalty for that patent under the *Georgia Pacific* factors.

**PX44 (Translation of Presentation: Relative Evaluation Report on S1, iPhone)**

Admitted at trial:  Admitted.
- Denison (Trial Tr. 823).

Admitted for limited purpose:  No.

Included in Musika exhibits:  Yes.
- 5/8 Rpt. Exhibit 24-S, item 49.
- 5/8 Rpt. Exhibit 25-S, item 38.

Potential sponsoring witnesses at new trial:
- Karan Singh; Julie Davis; Ravin Balakrishnan; Cross-Examination.

As the Court's prior comments have recognized, PX44 is a significant reflection of Samsung's conscious decision to emulate Apple's products, including specifically certain of the patented features, to enhance consumer interest in its products.  These actions and the comments in the document reflect Samsung's belief that by doing so, it was improving the customer experience and would enhance consumer demand for the product.  The document is titled "Relative Evaluation Report on S1, iPhone" and was authored in March 2010—just a few months before the release of Samsung's initial Galaxy smartphones, including the new trial products.  The document compares over 100 features of the iPhone to a Samsung's developmental smartphone, which was the basis for the Galaxy line of smartphones.  For each, it provides "directions for improvement" for the Samsung phone, which repeatedly recommend adoption of the iPhone feature.  These include a recommendation to adopted Apple's patented double-tap-to-zoom feature (the '163 Patent) (PX44.58) and the lighting effect in Apple's patented graphical user interface (the D'305 Patent) (PX44.131).  The document specifically reflects consumer demand for the D'305 and '163 patents and the advantages of the patented designs over market substitutes and prior designs.  It further reflects demand for the iPhone in the marketplace and the significance of user interface and graphical user interface design to consumer preferences, based on the assessments of Samsung's engineers.

**PX46 (Translation of selected pages from Presentation: Behold3 Usability Evaluation Results S/W Verification Group)**

Admitted at trial:  Admitted.
- Balakrishnan (Trial Tr. 1758).

Admitted for limited purpose:  N/A.

Included in Musika exhibits:  Yes (in Exhibit 25-S).
- 5/8 Rpt. Exhibit 25-S, item 40.

Potential sponsoring witnesses at new trial:
- Ravin Balakrishnan; Julie Davis; Cross-Examination.

PX46 is a Samsung document titled "Behold3 Usability Evaluation Results," dated May 2010, that summarizes Samsung's testing and evaluation of its user interface design against third party phones, including the iPhone.  The Behold product later became the Vibrant smartphone, which was one of the first of the Galaxy line of smartphones launched in mid-2010.  This product line includes new trial products.  The document identifies 75 areas of improvement for a Galaxy smartphone that was "shown [to be] inferior to Apple's iPhone." (PX46.16.)  These comments reflect an internal Samsung assessment of what customers are likely to find desirable.  Among the "directions for improvement" was to provide a "fun visual effect when dragging a web page" like the iPhone's "bouncing effect." (PX46.66.)  The Samsung product was found to be "[d]ull because" it had no such "bouncing effect." (*Id.*)  These statements are relevant specifically to consumer demand for the '381 patent and the advantages of the patented design over market substitutes and prior designs.

1  **PX47 (Translation of Email from Saejin Cha regarding China GDI evaluation and attachments)**

2

3  Admitted at trial:  Not Offered.

4  Admitted for limited purpose:  N/A.

   Included in Musika exhibits:  No.

5
   Potential sponsoring witnesses at new trial:
6  • Dong Hoon Chang; Cross-Examination.

7  PX47 is an e-mail report to DongHoon Chang, Senior Vice President of design at Samsung's
   mobile electronics unit, on the results of an evaluation of Samsung phone designs by prominent
8  Chinese designers.  In it, Mr. Chang is told that the evaluators felt that the Samsung Galaxy S's
   industrial design had "copied the iPhone too much."  (PX47.1 ("Not just the shape, but even the
9  packaging looks like it copied the iPhone too much").)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **PX48 (Presentation: Wave & Galaxy S Expert & regular users UX Critique)**

2  Admitted at trial:  Not Offered.

3  Admitted for limited purpose: N/A.

4  Included in Musika exhibits:  No.

5  Potential sponsoring witnesses at new trial:
   - Dong Hoon Chang; Ravin Balakrishnan; Cross-Examination.

6

7  PX48 is a document titled "Wave & Galaxy S Expert & regular users UX critique" and is dated
   July 2010, around the time of Samsung's initial release of the Galaxy S phones.  It summarizes a

8  Samsung survey of both expert and regular users regarding their opinions of the Samsung
   operating systems that were recently released.  (PX48.4.)  The study noted that "[a] key point of

9  discussion with the Galaxy S Phone was its similarities to the iPhone."  (Id.)  In particular, users
   saw the Samsung Galaxy graphical user interface main menu "as a copy" of the iPhone's

10 (PX48.32) and "too much like an iPhone" (PX48.63.)  The document suggests that Samsung
   copied the iPhone's patented graphical user interface design because it recognized its desirability

11 among consumers and its advantages over market substitutes and prior designs and is relevant at
   least as to damages for the Apple D'305 patent, which is relevant to demand for the iPhone as

12 well as the amount of a reasonable royalty for the D'305 Patent.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PX54 (Presentation: Lessons from Apple Boston Consulting Group)**

Admitted at trial:  Admitted.
- Denison (Trial Tr. 814).

Admitted for limited purpose:
- In overruling Samsung's objection to this exhibit, the Court held: "Overruled. The document was produced by BCG at Samsung's request and is relevant at least to issues of willfulness and damages. The document is not offered for the truth of the matter asserted and therefore is not hearsay. FRE 613(b) is inapplicable. The probative value is not outweighed by the risk of confusing the issues or wasting time under FRE 403."  (Dkt. No. 1520 at 5.)  However, the document is also admissible for the truth of the matters asserted as an adoptive admission and a busines record made of regularly conducted market research.

Included in Musika exhibits:  Yes (in Exhibit 24-S).
- 5/8 Rpt. Exhibit 24-S, item 83; 5/8 Rpt. Exhibit 53-S, item 4.

Potential sponsoring witnesses at new trial:
- Julie Davis; Cross-Examination.

PX54 is a document titled "Lessons from Apple," a presentation that was given to STA in Dallas in November 2010.  Its "content is based on a strategic benchmarking project focused on Apple that was conducted for Samsung's DMC Planning group in early 2009.  The findings are based on a combination of market research and interviews with Apple experts and ex-employees."  (PX54.2.)  The document answers the question "Why you should care about Apple" by explaining that Apple was "Gaining massive share in smartphones."  (PX54.4.)  The document states that "Apple is universally regarded as being a master of innovation" and offers "Innovative hardware design & intuitive user experience."  (PX54.6; see also PX54.20 (iPhone has "superior design"); PX54.13 ("Apple's sleek and intuitive user interface has been a key driver of its value proposition.") ("Clean, beautiful interface. Clean menu screens.") ("Intuitive, user-friendly navigation & visual elements. Contextual menus. Minimization of complexity.").)  If admitted for the truth of the matters asserted, this document is relevant to show consumer demand for Apple's patented iPhone hardware and user interface designs, as covered by the D'677, D'305, '915, '163, and '381 patents.  In particular, the document directly ties these innovative designs to the commercial success of the iPhone.  If not admitted for the truth of the matters asserted, it is circumstantial evidence of what Samsung was told about specific features that Samsung included in its Infuse 4G phone, introduced five months later, in April 2011.

**PX55 (Presentation: Samsung mobile icon design for 2011)**

Admitted at trial:  Admitted.
- Wang (Trial Tr. 2545).

Admitted for limited purpose:  No.

Included in Musika exhibits:  No.

Potential sponsoring witnesses at new trial:
- Julie Davis; Cross-Examination.

PX55 is an internal Samsung presentation titled "Samsung mobile icon design for 2011," which traces the history of Samsung's home screens icons since 2007.  The document illustrates Samsung's move toward iPhone-like icons.  (PX55.5.)  It touts as an "example of Good design approach," Apple's "iphone icon container" and notes that "all [Samsung] applications" are following an iPhone-like "icon guideline." (PX55.8.)  The document is relevant to show Samsung's recognition of the superiority of Apple's patented D'305 user interface design, which is relevant to both consumer demand and the utility of Apple's invention over other modes, which is relevant to a reasonable royalty for the D'305 Patent.

**PX57 (Translation of selected pages from Presentation:  P5 Usability Evaluation Results S/W Verification Group 1)**

Admitted at trial:  Admitted.
- Balakrishnan (Trial Tr. 1763).

Admitted for limited purpose:  No.

Included in Musika exhibits:  Yes.
- 5/8 Rpt. Exhibit 24-S, item 57.
- 5/8 Rpt. Exhibit 25-S, item 36.

Potential sponsoring witnesses at new trial:
- Ravin Balakrishnan; Julie Davis; Cross-Examination.

PX57 is a evaluation created by Samsung during development of the Galaxy tablet line of products.  It presents side-by-side screenshots comparing the functionality of a Samsung prototype tablet with that of the iPad 2 on dozens of user-experience issues.  For each issue, Samsung provided commentary about the importance of an iPad 2 feature and the drawbacks associated with the absence or imperfection of that feature in the Samsung prototype.  In the top right corner of each page, Samsung labeled each issue as either "Critical," "Serious," or "Minor."

Samsung identified the lack of "bounce" in its prototype tablet as "Critical" and "Serious" issues.  For example, Samsung acknowledged that its product "Lacks Fun, Wow Effect" because its "top-most, bottom-most, and diagonal movements lack bounce effect."  (PX57.19.)  Samsung also noted that the iPad 2 possessed a "fun element from a natural Bounce effect that follows hand gestures."  (PX57.73.)  These references point to the value of the '381 Patent, as assessed by Samsung's engineers.  This evidence establishes the bounce feature's value to the user experience, and hence to consumer demand for products incorporating that feature.  This evidence is also directly relevant to the jury's determination of a reasonable royalty, which includes evidence of the "utility and advantages of the patented property over the old modes or devices, if any, that had been used for working out similar results."  (Dkt. No. 1903 at 56 (*Georgia Pacific* factor 9).)

PX57 further indicates that "Bounce effect is scheduled to be reviewed."  It can be inferred from the presence of the patented bounce feature in Samsung tablet devices subsequently sold the public that Samsung instructed its engineers to build the bounce feature into its devices.  Other testimony in depositions establishes that Samsung revised its implementation of the bounce effect in its Galaxy Tab line of tablets by reference to the Apple feature.  The Galaxy Tab 7.0 is one of the infringing products in the new trial.  This is a type of evidence that Mr. Wagner has admitted constitutes evidence of demand.  (Dkt. No. 2407-17 at 466:14-20 ("Q:  And would you count in – as evidence of demand instructions from executives to designers, that they needed to design products in a way that looked like Apple's in order to make them more attractive to consumers? . . . A:  Yes.").)

**PX58 (Email from Justin Denison regarding GS Choi's Direction and Request to STA)**

Admitted at trial: Admitted.
- Denison (Trial Tr. 810).

Admitted for limited purpose: No.

Included in Musika exhibits: Yes.
- 5/8 Rpt. Exhibit 53-S, item 3.

Potential sponsoring witnesses at new trial:
- Julie Davis; Cross-Examination.

PX58 is a June 17, 2011 e-mail and attachment from Justin Denison to a group of SEC and STA stakeholders with the subject line "GS Choi's [then SEC CEO] Direction and Request to STA." (PX58.1.) The e-mail attaches the "updated presentation that was shown for purposes of discussion today re; Beat Apple strategy update" and includes "all recent Apple analysis projects that have occurred in the last 6 ~ 9 months." (Id.) The document notes that "STA smart revenue has grown . . . however, still lagging behind Apple." (PX58.11.) The document also notes that "iPhone 4 hardware costs [are] similar to Galaxy S, but ASP premium driving GM gap." (PX58.14.) This document is relevant because it shows Samsung's emphasis on Apple and its recognition that Apple products embodying patented designs allow Apple to maintain price premiums (due to consumer demand) that Samsung cannot. Further, separate and apart from its value as evidence of consumer demand for the iPhone and the patented features, the document reflects the belief within Samsung that was directly competing with Apple with the Galaxy line of smartphones, which is a disputed issue. The PX58.13 & 14 also provide evidence of the profits that Samsung and Apple earn from sales of the smartphones, which is independently a disputed fact.

**PX178 (Mobile UX Forecast Report)**

Admitted at trial:  Not Offered.

Admitted for limited purpose:  N/A.

Included in Musika exhibits:  Yes.
- 3/22 Rpt. Exhibit 3, p. 16 of 54.

Potential sponsoring witnesses at new trial:
- Julie Davis; Cross-Examination.

PX178 is a Samsung commissioned market research report dated November 2008 providing detailed information on the smartphone market and smartphone features that consumers find attractive, and suggesting ways to improve Samsung's user experience strategy.  The research firm spent six weeks preparing the report, which spans over 230 pages.  The report includes comments reflecting demand for Apple's specific patented features, including a reference to Apple's "Patented (application) multi-point touch-screen system that is highly innovative from user interface standpoint" under the heading "Strength."  (PX178.160.)  This evidence is highly probative of the value of the utility patents, including the '915 Patent's multi-point touch feature, to the user experience, and hence to consumer demand for products incorporating that feature.  Market research reports are prototypical evidence on consumer demand.  This evidence is also directly relevant to the jury's determination of a reasonable royalty, which includes evidence of the "utility and advantages of the patented property over the old modes or devices, if any, that had been used for working out similar results."  (Dkt. No. 1903 at 56 (*Georgia Pacific* factor 9).)  The report is also replete with references relevant to the first and second *Panduit* factors.  Regarding the first *Panduit* factor (demand for the patented product), PX178 includes numerous references to the iPhone's popularity.  For example, the report notes that "Apple will continue to dominate the touch-screen/3G market."  (PX178.160.)  The report also reinforces that third parties and consumers both find exterior appearance and ease of use to be significant factors in purchasing decisions.  PX178 includes numerous references relating to all three categories of evidence probative of this inference.  (*See, e.g.*, PX178.97 ("finding a handset that is attractive to the consumer is a key factor in that consumer's handset purchase decision"); PX178.92 ("smartphone users consider the ease of operation the top factor in satisfaction"); PX178.207 ("UX [user experience] of the iPhone has made it a BIC [best in class] device"); PX178.160 (one of Apple's "Strength[s]" is "Patented (application) multi-point touch-screen system that is highly innovative from user interface standpoint").)  Apple will separately provide testimony and evidence that the patents in suit contribute in a signficant way to the exterior appearance of the iPhone and to the easy and intuitive user interface provide with Apple's smartphones and tablets.  In combination with other documents that point to the edge to edge glass front and prominence of the black display on the front of the iPhone, the evidence in PX178 both reflects consumer demand for the iPhone and the patented features.

**PX179 (Study of Competitor GUI Design)**

Admitted at trial:  Not Offered.

Admitted for limited purpose:  N/A.

Included in Musika exhibits:  No.

Potential sponsoring witnesses at new trial:
- DongSeok Ryu; Cross-Examination

PX179 is an internal Samsung document that compares the graphical user interface ("GUI") of a Samsung development phone (now part of the infringing Galaxy line of smartphones) against several competitors, including the Apple GUI.

The document reflects industry praise and market demand and value for Apple's patented design features, namely the distinctively smooth, rounded corners and soft and transparent feel of the icons covered by the D'305 patent.  For example, the document specifically describes the Apple GUI as an "Aqua Theme GUI," the only GUI amongst all of those considered that was distinctively characterized.  (PX179.12.)  The document further specifically acknowledges that "[i]nfluence of [the iPhone's] GUI is great" and touts Samsung's user interface as having an "Apple-like design." (PX179.13.)  The document supports Apple's argument that the patented features offer value over other alternatives and that Samsung enjoyed substantial benefit from its use, particularly as it tried to position itself as a direct competitor to Apple by distinguishing itself among other Android manufacturers that had not employed Apple's patented designs.  This information is relevant to consumer demand and also to the utility of the patent in comparison to other options, which is relevant to the amount of the reasonable royalty for the D'305 Patent.

**PX185 (Translations of 2011 Smartphone CS Project Final)**

Admitted at trial:  Not Offered.

Admitted for limited purpose:  N/A.

Included in Musika exhibits:  Yes.
- 5/8 Rpt. Exhibit 24-S, items 15 and 16.

Potential sponsoring witnesses at new trial:
- Julie Davis; Cross-Examination

PX185 is an internal Samsung survey whose stated objective was to "[i]mprove [Samsung's] product competitiveness."  (PX185.3.)  It contains evidence of demand relevant to Apple's patented features and to the importance of those features in driving consumer demand.  For example, PX185 shows that nearly 75% of male respondents stated that "Black" was their most preferred smartphone color.  This evidence contradicts Samsung's frequent (and misleading) argument that less than 4% percent of smartphone purchasers value "design or color" as a reason for purchase.  Further, PX185 also shows that "Exterior Design" was the "Biggest Reason" among Samsung customers "for Purchasing their Current Smartphone."  (PX185.11.)  As stated above, evidence that a smartphone's physical appearance drives consumer demand and sales is highly relevant to whether there is demand for the designs of the  D'677 Patent.  It further rebuts Samsung's claims that exterior design does not matter, that black is not significant, and that other features make Apple's patented exterior design trivial.  Apple will separately establish that the D'677 Patent and the D'305 Patent contribute in a significant way to the exterior design and appearance of the iPhone.  Further, this survey, which was reported in spring 2011, speaks to a particularly relevant time in the smartphone marketplace because it overlaps with the period in which Apple is seeking a substantial amount of its lost profits damages.  Samsung's comments, based on consumer feedback, are directly relevant to consumer demand and support the inference that Apple would have sold *even more* iPhones in the hypothetical market because the iPhone would offer patented features not present in non-infringing devices that are desirable to consumers.

**PX186 (Translation of email from H. T. Han regarding "Domestic Galaxy Tab Main Horzontal Deployment Items.")**

Admitted at trial:  Admitted.
- Wagner (Trial Tr. 3067).

Admitted for limited purpose:  No.

Included in Musika exhibits:  No.

Potential sponsoring witnesses at new trial:
- Ravin Balakrishnan; Julie Davis; Cross-Examination.

PX186 is an email exchanged between Samsung engineers involved in developing the Samsung Galaxy Tab 7.0, which is an infringing product.  The email is dated October 27, 2010—less than one month before product launch.  In it, Samsung's Vice President of Software Engineering states:  "Please actively move forward to enable application of at least the Browser change items to previously approved p1 [Galaxy Tab 7.0] also before releasing into the market.  There are two items that have been omitted. . . . 2. . . . . in browser scroll, there is no latex effect of having the screen follow along and then retuning when you are moving past the edge.  (Refer to the Ipad)."  (PX186.4.)  The "latex" effect refers to the "bounce" functionality claimed in the '381 Patent.  This is the type of evidence that Mr. Wagner admitted constitutes evidence of demand.  (Dkt. No. 2407-17 at 466:14-20 ("Q:  And would you count in – as evidence of demand instructions from executives to designers, that they needed to design products in a way that looked like Apple's in order to make them more attractive to consumers? . . . A:  Yes.").)  Evidence that Samsung intentionally incorporated the bounce feature into its Galaxy Tab 7.0 product before releasing it to the public is highly probative of demand for the patented feature, the absence of commercially acceptable non-infringing alternatives, and Apple's lost profits claim.

**PX194 (Email from Sungsik Lee dated March 2, 2010)**

Admitted at trial:  Admitted.
- Musika (Trial Tr. 2082).

Admitted for limited purpose:  No.

Included in Musika exhibits:  Yes.
- 5/8 Rpt. Exhibit 24-S, item 22.

Potential sponsoring witnesses at new trial:
- Julie Davis; Ravin Balakrishnan; Dong Hoon Chang; Cross-Examination.

PX194 is an internal March 2010 Samsung email summarizing a speech given by Samsung's then-CEO, GeeSung Choi, at a "critique meeting" of an early smartphone during development of the Galaxy line of smartphones.  This line of smartphones includes new trial products.  Mr. Choi "strongly pointed out Samsung UX's mindset of 'clinging to the past generation.  He then stated: "I am not saying to make a UX that is exactly identical to the iPhone, but I am saying to learn the wisdom of the iPhone and recognize that the standard (?) of the industry which was set by them already."  (PX194.1)  Mr. Choi's commentary on the iPhone's success is directly relevant at least to the first *Panduit* factor – demand for the patented product.  Evidence of the success of the iPhone alone will help Apple establish "but for" causation of lost profits because it will allow the jury to draw the inference that at least some consumers unable to purchase an infringing Samsung phone would be reasonably likely to purchase an iPhone instead.  Indeed, this is exactly the type of evidence that Mr. Wagner admitted at his deposition could suggest "what consumers are demanding."  (Sabri Decl. Ex. 23 at 750:16-22.)  Other instances of demand may be found in this exhibit, including, for example, a specific reference reflecting demand for "pinch zoom"—a feature claimed within the Apple's '915 patent.  (*See* PX194.1.)  This evidence reflects the value of the '915 patent to the overall user experience, and hence to consumer demand for products incorporating that feature.  It further helps to establish Apple's position that the utility patents form a part of the easy and intuitive user interface that other documents show to be in substantial demand from consumers of smartphones and tablets.

**PX195 (Email from Sangwook Han dated October 28, 2010)**

Admitted at trial:  Admitted.
- Wagner (Trial Tr. 3070).

Admitted for limited purpose:  No.

Included in Musika exhibits:  Yes.
- 5/8 Rpt. Exhibit 25-S, item 42.

Potential sponsoring witnesses at new trial:
- Wookyun Kho; Julie Davis; Ravin Balakrishnan; Cross-Examination.

PX195 is an email exchanged between Samsung engineers involved in incorporating the bounce feature into the Galaxy Tab 7.0 device.  The email is dated October 28, 2010—less than one month before product launch, and one day after PX186 discussed *supra*.  In it, a Samsung engineer writes:  "With regards to bounce, we used the Mass Spring Damper model which was modeled after the actual physical effect and obtained the bounce effect that is similar to the iPad . . . ."  (PX186.4.)  According to Mr. Wagner, evidence of demand includes instructions from Samsung to engineers to incorporate features that make them look more like Apple products.  (Dkt. No. 2407-17 at 466:14-20.)  PX195 shows the execution of Samsung's instruction in PX186 to incorporate bounce into the Galaxy Tab 7.0.  PX195 further shows Samsung's efforts to incorporate the commercial embodiment of Apple's patented feature into its product in order to make it more competitive.  For example, a Samsung engineer notes that the bounce feature had improved over a prior iteration, then states:  "However, compared to our competitor's product (you know well which one T^T [emoticon for crying]), it is still not satisfactory."  (PX195.3.)  PX195 is relevant to demand for the patented feature of the '381 Patent, the absence of commercially acceptable non-infringing alternatives, and Apple's lost profits claim.

**PX2257 (Document comparing Galaxy SII, Galaxy S icons with Apple icons, found in Jinyeun Wang files)**

Admitted at trial:  Admitted.
- Wang (Trial Tr. 2542).

Admitted for limited purpose:  No.

Included in Musika exhibits:  No.

Potential sponsoring witnesses at new trial:
- Cross-Examination

PX2257 is an internal Samsung document that shows direct comparisons between Galaxy S icons, Galaxy S II icons, and Apple icons, which are a component of Apple's graphical user interface patent, the D'305.  At the first trial, Jinyeun Wang, a Samsung UX designer, acknowledged that she was listed as the custodian of this document.  (Trial Tr. 2541:20-2542:4.)  In combination with other evidence discussed above that Samsung considered Apple's patented inventions, discussed the value and superiority of Apple's patented inventions, and implemented Apple's patented inventions, this evidence is relevant to show that Samsung recognized a demand for Apple's inventions and that the D'305 Patent is an improvement over other options, which is relevant to the amount of a reasonable royalty for that patent.

**PX2261 (Samsung mobile icon design for 2011 [Black and White])**

Admitted at trial:  Admitted
  • Wang (Trial Tr. 2543).

Admitted for limited purpose:  No.

Included in Musika exhibits:  No.

Potential sponsoring witnesses at new trial:
  • Julie Davis; Cross-Examination

PX2261 is a black-and-white version of PX55.  After PX2261 was admitted into evidence, the Samsung employee who was testifying requested a color version of the document.  (Trial Tr. 2544:25-2546:9.)  In response, Apple introduced PX55 and resumed its questioning with respect to pages in PX55.  (*Id.*)  This document is therefore relevant evidence of demand for the same reasons as PX55, discussed above.