QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S STATEMENT REGARDING ACTUAL NOTICE**<br><br>**Date**:  October 17, 2013<br>**Time**:  1:30 p.m.<br>**Place**:  Courtroom 8, 4th Floor<br>**Judge**:  Hon. Lucy H. Koh |

Pursuant to the October 11, 2013 Case Management Order, the Samsung Defendants hereby submit this statement to further explain their contentions regarding actual notice.

**A. Background:** Apple contends that the Court's March 1, 2013 Order re Damages (Dkt. 2271) established the actual notice dates that will apply in the new trial. Apple is incorrect. *First*, both Apple and the Court have previously recognized that actual notice is a fact issue for a jury to decide. Dkt. 1206-1 at 26:13-14 ("Courts have repeatedly recognized that the question of 'actual notice' . . . is a fact-intensive inquiry reserved for the jury."); Dkt. 1157 at 13:17-18 ("Samsung's objection turns on a factual dispute as to when Samsung received actual notice".) *Second*, having succeeded on this argument, Apple is now judicially estopped from arguing to the contrary. *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996) ("Judicial estoppel … precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position."). *Third*, on Rule 50 motions, the court's role is not to make factual findings, but to determine whether the jury's verdict was supported by substantial evidence. *Bio Tech. Gen. Corp. v. Genentech, Inc.*, 267 F.3d 1325, 1329 (Fed. Cir. 2001) (the court must "ascertain whether there was substantial evidence presented at trial to support the findings necessary to the jury's verdict."). Accordingly, the Court was not purporting to make factual findings of particular notice dates in the March 1 Order, but rather to assess "the earliest notice dates supported by the evidence" from trial. (Dkt. No. 2271 at 18:12-14).

**B. Which accused products at issue in the re-trial are or are not part of the "Galaxy line of products," "Galaxy mobile phones," or "Galaxy family":** The following products are <u>not</u> part of the "Galaxy line of products," "Galaxy mobile phones," or "Galaxy family": Droid Charge; Exhibit 4G; Gem; Infuse 4G; Nexus S 4G; Replenish; and Transform.

**C. Which products Samsung asserts are subject to a different notice date than that listed in the Court's March 1, 2013 Order on Damages.** Samsung asserts that each product at issue, other than the Transform, is subject to a notice date different than merely the date when the patent was first identified. Apple did not provide actual notice for a product until it identified that product in its April 15, 2011 Complaint or June 16, 2011 Amended Complaint. *See* Final Jury Insts. (Dkt.

1903 at 57:4-5) (actual notice requires a determination of both "the date that each Samsung entity received actual written notice of the patents *and the specific products alleged to infringe*") (emphasis added).  Because Apple first identified the D'305 and '163 Patents on June 16, 2011, and all products at issue in the new trial had been identified in a complaint by that date, June 16, 2011 is the appropriate notice date for these patents for all new trial products.

For the '381 Patent, the earliest Apple identified the patent was August 4, 2010.  None of the products in the new trial was identified in Apple's August 4, 2010 presentation.  (*See* DX 52.) Therefore, the earliest notice date for each product with respect to the '381 Patent is the date of the earliest complaint that includes that product (April 15, 2011 for the Captivate, Continuum, Epic 4G, Gem, Indulge, and Galaxy Tab; and June 16, 2011 for all other new trial products except for the Transform, which does not infringe the '381 Patent).

For the D'677 Patent, the Court found an earliest potential notice date of April 15, 2011, but the only product in the new trial found to infringe the D'677 Patent is the Infuse 4G, which was not identified in a complaint until June 16, 2011.  Therefore, the appropriate notice date for the Infuse 4G with respect to the D'677 Patent is June 16, 2011.

Apple first identified the '915 Patent on April 15, 2011.  For the seven products first identified in the April 15, 2011 complaint found to infringe the '915 Patent (Captivate, Continuum, Epic 4G, Gem, Indulge, Transform, and Galaxy Tab 7.0 3G), April 15, 2011 is the appropriate notice date. For the other products in the new trial, the notice date with respect to the '915 Patent is June 16, 2011, except for the Replenish, which does not infringe the '915 Patent.

**D.  Whether Samsung contends that any of the phones at issue in the retrial was not sold prior to April 15, 2011**.  The Droid Charge, Exhibit 4G, Galaxy Prevail, Infuse 4G, Nexus S 4G, and Replenish were not sold in the U.S. prior to April 2011.  The Exhibit 4G was not sold before April 15, 2011.  The Droid Charge, Galaxy Prevail, Infuse 4G, Nexus S 4G, and Replenish were first sold in the U.S. in April 2011.  However, because Apple only requested sales data by month, Samsung cannot determine based on data used at the first trial whether these phones were first sold in the United States before or after April 15, 2011.

1  DATED: October 14, 2013       QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP
2

3
                                  By /s/ Victoria F. Maroulis
4                                    Charles K. Verhoeven
                                     Kevin P.B. Johnson
5                                    Victoria F. Maroulis
                                     William C. Price
6                                    Michael T. Zeller

7
                                  Attorneys for SAMSUNG ELECTRONICS CO.,
8                                 LTD., SAMSUNG ELECTRONICS AMERICA,
                                  INC. and SAMSUNG
9                                 TELECOMMUNICATIONS AMERICA, LLC