QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S STATEMENT REGARDING THE COURT'S ORDER (DKT. 1690) EXCLUDING LOST PROFITS CALCULATIONS BASED ON NEW DESIGN AROUND START DATES**<br><br>**Date**: October 17, 2013<br>**Time**: 1:30 p.m.<br>**Place**: Courtroom 8, 4th Floor<br>**Judge**: Hon. Lucy H. Koh |

Pursuant to the October 11, 2013 Case Management Order, Samsung submits this statement to show that the lost profits calculations previously excluded by the Court, Dkt. 1690, are the same as those in Davis Report exhibits 17-PT-H and 17-PT-I. Samsung seeks to strike Ms. Davis's calculations in exhibits 17-PT-H and 17-PT-I, which move the start dates of the design around periods forward in time to the earliest potential dates of actual notice under 35 U.S.C. §287. These calculations differ from Mr. Musika's calculations, which start the design around period as of first infringement. Dkt. 2391-1 at 1-2. Samsung does not seek to exclude Ms. Davis's PT-J and PT-K exhibits, which use Mr. Musika's design around start dates as of first infringement and limit Apple's damages to sales after the Court's earliest notice dates.

Apple's opposition to Samsung's motion to strike does not deny that Mr. Musika's original model assumed design around start dates *as of first infringement*, or that Ms. Davis's PT-H and PT-I exhibits assume design around start dates of *as of actual notice*. Dkt. 2407. During trial, Apple attempted to supplement Mr. Musika's original disclosure with new alternative calculations using design around start dates as of actual notice. The Court excluded the new calculations as untimely. Dkt. 1690. Because Ms. Davis's PT-H and PT-I exhibits rely on design around start dates as of actual notice, exactly like the excluded calculations, the Court should strike them.

**A.  Apple's Excluded "Notice Period 2" Model Changed the Design Around Start Dates to Actual Notice of the Patents.**  Mr. Musika's reports limited his calculations of Apple's lost profits to the time periods during which he opined Samsung would design around Apple's patents. These design-around periods began on the date of first infringement (Musika March 22, 2012 Rpt. ¶129) and ended one, six or eight months later, depending on the patent. *Id.* Exs. 39.3-S ("Design Around Time") and 45. While Mr. Musika stated that his damages model *could be* adjusted, his report did not disclose any such calculations. *Id.* at ¶89.

Shortly before trial, however, Apple developed an alternative damages model that changed both the damages start dates and the start dates of the design-around periods. In the alternative model, the design-around periods started later, when Samsung received actual notice of Apple's

-1-  Case No. 11-cv-01846-LHK
SAMSUNG'S STATEMENT REGARDING THE COURT'S ORDER EXCLUDING
LOST PROFITS CALCULATIONS

patents. Apple used its new theory in calculations which it called "Notice Period 2." *See* Alden Decl. Ex. 1 (excluded exhibit PX25A). Importantly, the Notice Period 2 calculations did not merely limit Apple's damages to sales after Samsung received notice of Apple's patents. Rather, these calculations also shifted Mr. Musika's design-around start dates from *the date of first infringement* to *the date of actual notice*. The new design around periods resulted in calculations of lost profits over two separate notice periods, which dramatically inflated Apple's lost profits claims from $488,777,933 to $717,153,309. *See* Dkt. 1678 at 1.

Samsung objected to the alternative Notice Period 2 calculations as untimely. *See id.* While Samsung had no motive to dispute Apple's use of later damages start dates, Samsung objected to Apple use of later design around start dates as an untimely new methodology. The Court sustained Samsung's objection and barred Apple from presenting the Notice Period 2 calculations in PX25A pages 2, 6, and 7. Dkt. 1690 ("Mr. Musika did not discuss a two notice period theory, calculate damages based on the alternative theory, or otherwise disclose the assumptions and analysis that he intended to rely on to calculate this alternative theory of damages."). At trial, Apple presented lost profits opinions relying on its design around start dates *as of first infringement*, not *as of actual notice*. *Compare* Alden Decl. Ex. 2 (PX25A1, admitted trial exhibit) *with* PX25A (including the damages presented at trial as "Notice Period 1").

**B.  Davis's Exhibits PT-H and PT-I Use the Same Excluded Notice Period 2 Model for Design Around Start Dates.**  Apple does not deny that the Davis Report exhibits 17-PT-H and 17-PT-I are based on the same design-around period start dates that Musika used in the excluded Notice Period 2 model, as shown in the chart below.

| Source | Damages Start Date | Design Around Start Date | Status |
|---|---|---|---|
| Musika PX25A1 | first infringement | first infringement | admitted at trial |
| Davis PT-J and PT-K | actual notice of patent | first infringement | not subject to Samsung's motion to strike |
| Notice Period 2 PX25A | actual notice of patent | actual notice of patent | excluded by Court |
| Davis PT-H and PT-I | actual notice of patent | actual notice of patent | identical to excluded Notice Period 2, subject to motion to strike |

*See* Davis "Appendix" cover ("Design Around Start Date" for PT-H, PT-I, PT-J and PT-K).

Ms. Davis's PT-H and PT-I exhibits revive the "two notice period theory" that the Court previously excluded. Dkt. 1690. Ms. Davis calculates two separate lost profits periods for the Captivate and Epic 4G. *See* Davis Exs. 17.2-PT-H, 17.2-PT-I (lost profits in August – October 2010, and again in April – October 2011). Her models using design around start dates as of first infringement do not use the "two notice period theory." *See* Davis Ex. 17.2-PT-J, 17.2-PT-K.

As further proof that Ms. Davis uses the excluded method of Notice Period 2, her product-by-product lost profits amounts are the same as those using the excluded calculations for the accused products where there is no change in infringed IP: her new lost profits calculations are identical to those excluded for the Droid Charge ($62,164,253), Nexus S 4G ($9,682,088), and Transform ($3,490,907), and within a rounding error for the Exhibit 4G, Galaxy Prevail, Gem, and Indulge. *Compare* Davis Ex. 17-PT-H and 17-PT-I (lost profits column) *with* PX25A.6 (same). Tellingly, Ms. Davis's PT-H and PT-I exhibits also reintroduce a claim for lost profits on the Exhibit 4G, a lost profits claim not included in Mr. Musika's reports or presented at trial, but which Apple attempted to introduce in the excluded Notice Period 2 model. *Compare* PX25A1.4 (no lost profits for Exhibit 4G) *with* PX25A.6 (lost profits for Exhibit 4G using excluded theory), *and* Davis Ex. 17-PT-H and 17-PT-I (same). There is no justification for allowing Apple to seek lost profits on sales *for which its lost profits claims were excluded at the first trial*.

Notably, Apple's arguments for why Ms. Davis's new model should not be excluded are the same as those already rejected by the Court. *See* Dkt. 2407 at 2 (noting the Musika Report states that "the model can be adjusted"). Apple previously argued that the Notice Period 2 model was not untimely because "[t]he issue of alternative notice periods was specifically identified and explained" in Musika's report. Dkt. 1683 at 2-3. The Court rejected this argument before, and should do so again. Apple should not be permitted to revive its excluded untimely damages model based on new design around start dates.

DATED: October 14, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Victoria F. Maroulis*
   Charles K. Verhoeven
   Kevin P.B. Johnson
   Victoria F. Maroulis
   William C. Price
   Michael T. Zeller

   Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC