Rachel Krevans (SBN 116421)
rkrevans@mofo.com
Wesley E. Overson (SBN 154737)
woverson@mofo.com
Diana B. Kruze (SBN 247605)
dkruze@mofo.com
John K. Blake, Jr. (SBN 262906)
jblake@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Kenneth H. Bridges (SBN 243541)
kbridges@bridgesmav.com
Michael T. Pieja (SBN 250351)
mpieja@bridgesmav.com
Lawrence Lien (SBN 265851)
llien@bridgesmav.com
BRIDGES & MAVRAKAKIS LLP
3000 El Camino Real
One Palo Alto Square, 2nd Floor
Palo Alto, CA 94306
Telephone: (650) 804-7800
Facsimile: (650) 852-9224

Attorneys for Defendant
APPLE INC.

James A. Shimota (admitted pro hac vice)
jshimota@bridgesmav.com
Aaron Taggart (SBN 258287)
ataggart@bridgesmav.com
Adam R. Brausa (admitted pro hac vice)
abrausa@bridgesmav.com
BRIDGES & MAVRAKAKIS LLP
180 N. LaSalle, Suite 2215
Chicago, IL 60601
Telephone: (312) 216-1620
Facsimile: (312) 216-1621

John J. Steele (SBN 122872)
john.steele@johnsteelelaw.com
JOHN STEELE, ATTORNEY AT LAW
2225 East Bayshore Road, Suite 200
Palo Alto, CA 94303
Telephone: (650) 320-7662

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FLATWORLD INTERACTIVES LLC,<br><br>              Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>              Defendant. | Case No. 3:12-01956-WHO (EDL)<br><br>**DECLARATION OF JOHN K. BLAKE, JR. IN SUPPORT OF APPLE'S FIRST MOTION TO COMPEL DISCOVERY**<br><br>Date:        November 19, 2013<br>Time:       9:00 a.m.<br>Courtroom:  E, 15th Floor<br>Judge:   Hon. Elizabeth D. Laporte |

I, JOHN K. BLAKE, JR., declare as follows:

1.       I am an attorney licensed to practice law in the State of California and am admitted to practice in this Court.  I am an associate at the law firm of Morrison & Foerster LLP, counsel of record for Apple, Inc. ("Apple") in this action. I make this declaration in support of Apple's Second Motion to Compel Discovery.  Unless otherwise noted, I have personal knowledge of the matters stated in this Declaration and I could and would testify competently thereto if called to do so.

2.       I understand from co-counsel that Apple met and conferred with counsel for FlatWorld before filing this motion, but the parties were not able to resolve the issues raised in this motion.

3.       I understand from our co-counsel that FlatWorld served privilege logs that cover documents possessed by Morgan Lewis and Mr. McAleese on April 5, 2013.

4.       On June 6, 2013, Apple served Requests for Production on FlatWorld relating to Mr. McAleese's involvement with FlatWorld.  FlatWorld has yet to produce or log all documents responsive to Apple's June 6, 2013 document requests.

5.       I understand from our co-counsel that FlatWorld has not advised Apple of any other mistakes or errors in its logs since Apple requested on July 29, 2013 that FlatWorld notify Apple by August 2, 2013 of any mistakes or errors in its privilege logs.

6.       **Exhibit 1** is a compilation of FlatWorld's privilege log entries from the logs that FlatWorld prepared for itself, John McAleese, and Morgan Lewis that list John McAleese's Morgan Lewis email address in either the Author or the Recipient column.  Despite repeated requests that FlatWorld identify the email address for all correspondence involving Mr. McAleese, FlatWorld has failed to identify the email address he used in all instances.  Apple's motion is not limited to the documents contained in Exhibit 1, but rather includes all documents sent to/from Mr. McAleese's Morgan Lewis email account whether or not FlatWorld's log currently identifies the email account he used.

7.       **Exhibit 2** is a compilation of all the privilege log entries from the logs that FlatWorld prepared for itself, John McAleese, and Morgan Lewis for which FlatWorld has

1   asserted the spousal privilege.  Documents for which FlatWorld has also asserted the attorney-

2   client privilege are highlighted in yellow.

3        8.    **Exhibit 3** is a compilation of all the privilege log entries from the logs that

4   FlatWorld prepared for itself, John McAleese, and Morgan Lewis for which FlatWorld has

5   asserted the attorney-client privilege with a stated subject matter of "business planning,"

6   "business organization," or "business administration."  It includes over 200 entries relating to

7   communications between Mr. and Ms. McAleese for which the stated "Purpose" is FlatWorld

8   "litigation," "business planning," "business operation," "business administration," "[patent]

9   prosecution," "obtaining a patent," "client engagement," "preserving confidential nature of

10   business information," and "market knowledge."

11        9.    **Exhibit 4** is a compilation of all the privilege log entries from the logs that

12   FlatWorld prepared for itself, John McAleese, and Morgan Lewis for communications between

13   FlatWorld and Acacia.  FlatWorld asserted attorney-client and common interest privileges for the

14   majority of these documents.  FlatWorld asserted only attorney-client privilege as to one of these

15   documents, PRIV0484.

16        a.  Acacia has produced documents that correspond to certain entries in this exhibit.

17           FlatWorld has refused to produce those documents even though it admits that they

18           are not privileged.  These entries are not highlighted.

19        b.  The document produced by FlatWorld at Bates Number FWAPP00007038 appears

20           to correspond to the document listed as PRIV0293B on FlatWorld's privilege logs,

21           but FlatWorld has not responded to Apple's requests for confirmation whether this

22           is true.

23        c.  FlatWorld continues to assert attorney-client privilege and common interest

24           privilege over the entries highlighted in yellow in Exhibit 4.

25        10.    **Exhibit 5** is a true and correct copy of the Subpoena served on John J. McAleese

26   III by Apple on March 1, 2013.

27        11.    **Exhibit 6** is a true and correct copy of the Subpoena served on Morgan Lewis &

28   Bockius by Apple on March 1, 2013.

1    12.    **Exhibit 7** is a true and correct copy of the Revised Subpoena served on Acacia

2    Research Group, LLC by Apple on April 12, 2013.

3    13.    **Exhibit 8** is a true and correct copy of the Acacia Research Group, LLC

4    Documents Withheld Due to Privilege log, served on April 26, 2013.

5    14.    **Exhibit 9** is a true and correct copy of the revised Acacia Research Group, LLC

6    Documents Withheld Due to Privilege log, served on May 7, 2013.

7    15.    **Exhibit 10** is a true and correct copy of the revised Acacia Research Group, LLC

8    Documents Redacted Due to Privilege log, served on May 17, 2013.

9    16.    **Exhibit 11** is a true and correct copy of the Subpoena served on Rembrandt IP

10   Management, LLC by Apple on March 4, 2013.

11   17.    **Exhibit 12** is a true and correct copy of the Rembrandt IP Management, LLC

12   Privileged and Redaction Document Log, served on April 23, 2013.

13   18.    **Exhibit 13** is a true and correct copy of the updated Rembrandt IP Management,

14   LLC Privileged and Redaction Document Log, served on July 10, 2013.

15   19.    **Exhibit 14** is a true and correct copy of a September 17, 2007 email from Jennifer

16   McAleese to John McAleese, Bates stamped FWAPP00003930.

17   20.    **Exhibit 15** is a true and correct copy of a document entitled "Exclusive License

18   Agreement," Bates stamped FWAPP00006751-62.

19   21.    **Exhibit 16** is a true and correct copy of a document entitled "Confidential and

20   Proprietary Information Agreement," Bates stamped FWAPP00002556-59.

21   22.    **Exhibit 17** is a true and correct copy of an April 5, 2011 email from Jennifer

22   McAleese to John McAleese, Bates stamped FWAPP00004699-700.

23   23.    **Exhibit 18** is a true and correct copy of an April 5, 2011 email from John

24   McAleese to Jennifer McAleese, Bates stamped FWAPP00004777-79.

25   24.    **Exhibit 19** is a true and correct copy of a January 19, 2011 email from Slavko

26   Milekic to Jennifer McAleese, Bates stamped FWAPP00005971.

27

28

25.     **Exhibit 20** is a true and correct copy of an April 5, 2011 email from Jennifer McAleese to John McAleese, Bates stamped FWAPP00007649-53 and designated confidential by FlatWorld.

26.     **Exhibit 21** is a true and correct copy of a February 1, 2011 email from Jennifer McAleese to Thomas Reilly, forwarding a February 1, 2011 email from Gordon Nelson to Jennifer McAleese and Slavko Milekic, Bates stamped FWAPP00006845-47 and designated confidential by FlatWorld.

27.     **Exhibit 22** is a true and correct copy of a March 9, 2010 email from Mail Delivery Subsystem indicating that a March 8, 2010 email from Jennifer McAleese to hagan@google.com could not be delivered because the recipient's mailbox was disabled, Bates stamped FWAPP00006012.

28.     **Exhibit 23** is a true and correct copy of an October 7, 2009 email from Jennifer McAleese to Slavko Milekic, Bates stamped FWAPP00007045-47 and designated confidential by FlatWorld.

29.     **Exhibit 24** is a true and correct copy of a February 1, 2011 email from Jennifer McAleese to Thomas Reilly, forwarding a February 1, 2011 email from Gordon Nelson to Jennifer McAleese and Slavko Milekic, Bates stamped ICAP00000069-70.  ICAP00000069-70 was originally designated Confidential by ICAP Ocean Tomo.

    a.   This document is identical to Exhibit 21, which was produced by FlatWorld.

    b.   On October 14, 2013, I contacted counsel for ICAP Ocean Tomo regarding its designation of this document, and they informed me that ICAP Ocean Tomo withdrew its designation.  Accordingly, Apple is filing this document as non-confidential.  Because ICAP Ocean Tomo did not produce a de-designated copy of the document, Apple attaches the original copy with the Confidential designation.

30.     **Exhibit 25** is a true and correct copy of an October 3, 2009 email from Jonathan Taub to Slavko Milekic, Bates stamped ARG000131-32 and designated confidential by Acacia.

31.     **Exhibit 26** is a true and correct copy of an October 15, 2009 email from Jennifer McAleese to Jonathan Taub, Bates stamped ARG000150 and designated confidential by Acacia.

1       32.    **Exhibit 27** is a true and correct copy of an October 19, 2009 email from Jennifer

2 McAleese to Jonathan Taub, Bates stamped ARG000152 and designated confidential by Acacia.

3       33.    **Exhibit 28** is a true and correct copy of Morgan Lewis's May 3, 2006 Firm

4 Policies & Procedures: E-Mail and Internet Policy, Bates stamped MLB_A0000153-58.

5       34.    **Exhibit 29** is a true and correct copy of Morgan Lewis's April 1, 2009 Firm

6 Policies & Procedures: Technology, Computer, EMail and Internet Policy, Bates stamped

7 MLB_A0000159-66.

8       35.    **Exhibit 30** is a true and correct copy of Morgan Lewis's February 10, 2012 Firm

9 Policies & Procedures: Technology, Computer, EMail and Internet Policy, Bates stamped

10 MLB_A0000167-74.

11       36.    **Exhibit 31** is a true and correct copy of Morgan Lewis's February 27, 2013 Firm

12 Policies & Procedures: Technology, Computer, EMail and Internet Policy, Bates stamped

13 MLB_A0000175-82.

14       37.    **Exhibit 32** is a true and correct copy of a June 18, 2009 email sent to all Morgan

15 Lewis personnel, Bates stamped MLB_A0000191.

16       38.    **Exhibit 33** is a true and correct copy of a May 5, 2010 email sent to all Morgan

17 Lewis personnel, Bates stamped MLB_A0000192.

18       39.    **Exhibit 34** is a true and correct copy of John McAleese's Firm Master Report,

19 created on May 4, 2007, Bates stamped MLB_FWI_0000276-81.

20       40.    **Exhibit 35** is a true and correct copy of John McAleese's Firm Master Report,

21 created on June 3, 2008, Bates stamped MLB_FWI_0000242-49.

22       41.    **Exhibit 36** is a true and correct copy of John McAleese's Firm Master Report,

23 created on May 6, 2009, Bates stamped MLB_FWI_0000268-75.

24       42.    **Exhibit 37** is a true and correct copy of John McAleese's Firm Master Report for

25 Calendar Year 2009, Bates stamped MLB_FWI_0000283-99.

26       43.    **Exhibit 38** is a true and correct copy of John McAleese's Firm Master Report for

27 Calendar Year 2010, Bates stamped MLB_FWI_0000225-41.

28

44. **Exhibit 39** is a true and correct copy of John McAleese's Firm Master Report for Calendar Year 2011, Bates stamped MLB_FWI_0000172-82.

45. **Exhibit 40** is a true and correct copy of a July 15, 2007 email from Jennifer McAleese to Russ Barron, Bates stamped REM-00000754-55.  REM-00000754-55 was originally designated Confidential by Rembrandt.

   a. The redaction in this document was included by Rembrandt.

   b. On October 14, 2013, I contacted counsel for Rembrandt regarding its designation of this document, and they informed me that Rembrandt withdrew its designation. Accordingly, Apple is filing this document as non-confidential.  Because Rembrandt did not produce a de-designated copy of the document, Apple attaches the original copy with the Confidential-Attorneys' Eyes Only designation.

46. **Exhibit 41** is a true and correct copy of a March 11, 2013 letter from Michael Pieja to Mark Carlson.

47. **Exhibit 42** is a true and correct copy of a March 14, 2013 letter from Mark Carlson to Michael Pieja.

48. **Exhibit 43** is a true and correct copy of a March 14, 2013 letter from James Shimota to Mark Carlson.

49. **Exhibit 44** is a true and correct copy of a June 4, 2013 letter from J.D. Scholten to Michael Pieja, producing documents Bates stamped FWAPP00007038-7648.

50. **Exhibit 45** is a true and correct copy of a June 10, 2013 letter from Aaron Taggart to Ryan Meyer.

51. **Exhibit 46** is a true and correct copy of a June 19, 2013 email from Ryan Meyer to Aaron Taggart and Mark Carlson.  FlatWorld attached a document Bates stamped FWAPP00007649 to the email and stated:  "Document PRIV0561 was substantially produced (see table), and the remaining sub-part was meant to be included in FlatWorld's 6/4 production. That document is attached."

52. **Exhibit 47** is a true and correct copy of a June 28, 2013 email from Ryan Meyer to Aaron Taggart.

1   53.   **Exhibit 48** is a true and correct copy of a July 2, 2013 letter from Aaron Taggart

2   to Ryan Meyer.

3   54.   **Exhibit 49** is a true and correct copy of a July 3, 2013 letter from Aaron Taggart

4   to Ryan Meyer.

5   55.   **Exhibit 50** is a true and correct copy of a July 29, 2013 letter from Aaron Taggart

6   to Ryan Meyer and Mark Carlson.

7   56.   **Exhibit 51** is a true and correct copy of a July 30, 2013 letter from James Shimota

8   to Stephen Shapiro.

9   57.   **Exhibit 52** is a true and correct copy of an August 2, 2013 letter from Stephen

10  Shapiro to James Shimota.

11  58.   **Exhibit 53** is a true and correct copy of an August 30, 2013 email from Stephen

12  Shapiro to James Shimota.

13  59.   **Exhibit 54** is a true and correct copy of an October 10, 2013 letter from Wesley

14  Overson to Mark Carlson.

15  60.   **Exhibit 55** is a true and correct copy of an excerpt of the transcript of the June 27,

16  2013 deposition of Gordon Nelson, counsel for FlatWorld.

17  61.   **Exhibit 56** is a true and correct copy of Apple's Supplemental Response to

18  FlatWorld's Interrogatory No. 9 that was served on FlatWorld on October 14, 2013.  Exhibit 56

19  references REM-0000391, which was designated Confidential-Attorneys' Eyes Only by

20  Rembrandt.  On October 14, 2013, I contacted counsel for Rembrandt regarding its designation of

21  this document, and they informed me that Rembrandt withdrew its designation.  Accordingly,

22  Apple is not designating Exhibit 56 confidential.

23  62.   **Exhibit 57** is a true and correct copy of a March 7, 2013 email from Mark Carlson

24  to Michael Pieja.

25  63.   In accordance with this Court's Standing Order on Confidential and Sealed

26  Documents, I contacted FlatWorld and Acacia to determine whether they would withdraw their

27  claims of confidentiality for Exhibits 20-21, 23, and 25-27.  They did not do so.

28

Executed this 15th day of October, 2013, in Palo Alto, California.

/s/ John K. Blake, Jr.
JOHN K. BLAKE, JR.

1

**ATTESTATION**

2

3
    I, Rachel Krevans, am the ECF User whose ID and password are being used to file this

4
ADR Certification.  In compliance with General Order 45, X.B., I hereby attest that John K.

5
Blake, Jr. has concurred in this filing.

6

7
                                              By:   /s/ Rachel Krevans
                                                    Rachel Krevans
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28