# Exhibit 7

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | |
|---|---|
| Flatworld Interactives, LLC ) | |
| _Plaintiff_ ) | Civil Action No. 12-01956-JSW-EDL |
| v. ) | |
| Apple Inc. ) | (If the action is pending in another district, state where: |
| _Defendant_ ) | Northern District of California ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Acacia Research Group, LLC
2400 Dallas Parkway, Suite 200, Plano, TX 75093

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:   See Exhibit A

| Place: Acacia Research Group, LLC 2400 Dallas Parkway, Suite 200, Plano, TX 75093 | Date and Time: 04/26/2013 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___04/12/2013___

CLERK OF COURT

OR  _/s/ Aaron Taggart_

_Signature of Clerk or Deputy Clerk_       _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_   APPLE INC.
_____, who issues or requests this subpoena, are:

Aaron Taggart, Bridges & Mavrakakis LLP
180 N. LaSalle St., Suite 2215
Chicago, IL 60601, (312) 216-1620, ataggart@bridgesmav.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 12-01956-JSW-EDL

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                     *Server's signature*

                                     _____
                                     *Printed name and title*

                                     _____
                                     *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A TO APPLE INC.'S SUBPOENA TO ACACIA RESEARCH GROUP LLC

## I. Definitions and Instructions

The following definitions and instructions shall apply to these requests:

1. The terms "You," "Your," or "Acacia" shall mean Acacia Research Group, LLC, and any and all past and present parents, affiliates, subsidiaries, partnerships, joint ventures, predecessors-in-interest, successors-in-interest, divisions, departments, corporate subunits thereof; and any and all past and present officers, directors, agents, employees, and other persons or entities acting or purporting to act on behalf of any of the foregoing.

2. The term "Apple" shall mean Apple Inc. and its predecessor, Apple Computer Inc., and including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Apple, and others acting on behalf of Apple.

3. The term "FlatWorld Interactives" shall mean FlatWorld Interactives LLC, and any and all past and present officers, directors, agents, employees, and other persons or entities acting or purporting to act on behalf of any of the foregoing.

4. The term "Patent-in-Suit" shall mean U.S. Patent No. RE43,318 and/or U.S. Patent No. 6,920,619.

5. The term "all" shall mean "any and all."

6. The terms "and" as well as "or" shall be construed disjunctively or conjunctively, whichever gives the request a broader scope.

7. The terms "any" or "each" should be understood to include and encompass "all."

8. The terms "communication" and "correspondence" are used in a comprehensive sense, and mean, refer to, and include any instance in which any person has had

contact with any other person including by any oral or written utterance, question, comment, inquiry, notation, or statement of any nature whatsoever, by and to whomsoever made, including (but not limited to) writings, documents, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and understandings.

9.  The terms "concern," "concerning," "evidencing," "relating to," "relate," "relates to," "related to," "referring or relating to," "referring to," "regarding," "comprising," "comprise," and "refer or relate to" mean, in whole or in any part, alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

10. The terms "Document" and "Documents" shall be construed under the Federal Rules of Civil Procedure, and shall include any reduction of communication, information, or data to tangible form, including computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located. The term "documents" shall include (but is not limited to) books, contracts, agreements, correspondence, computer tapes, discs, printouts, keypunch cards, e-mail entries, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, telecopies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and television commercial photoboards. This definition shall apply to all documents on the particular subject in your possession, custody, or control, or that of your attorneys, agents, employees, officers, directors, or representatives, irrespective of who

generated, prepared, or signed the documents. The term "document" or "documents" shall also include all attachments, appendices and enclosures to the document.

11. The term "Thing" shall be construed under the Federal Rules of Civil Procedure.

12. The terms "or" and "including," and similar words of guidance, are merely intended as guidance and should not be construed as words of limitation; the word "or," for example, shall include the word "and," as appropriate, and the word "including" shall not be used to limit any general category description that precedes it.

13. The term "person" means, refers to, and includes any natural individual in any capacity whatsoever, and all entities of every description, including but not limited to, associations, organizations, companies, partnerships, joint ventures, corporations, trusts, and estates, and all divisions, departments, and other such units thereof or therein.

14. You are required to respond to these requests for production drawing upon all materials in your actual or constructive possession, custody, or control, including materials that you have a right to secure from any other source. These sources include (but are not limited to) your attorneys, agents, officers, and employees.

15. In the event that you make a proper and timely objection to any individual document production request or a portion thereof, please respond to all portions of that request that do not fall within the ambit of your objection.

16. Documents from any single file should be produced in the same order they were found in such file. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

17. For any document request that is objected to on the ground of privilege, the work product doctrine or any other purported privilege or immunity from discovery or right of privacy, please provide the following information: (a) the basis for the objection sufficient to establish the privilege or doctrine asserted; (b) a brief identification and description of the

withheld document, to the extent it can be done without violating such privilege or doctrine, including:

    (i)    the type of document (*e.g.*, letter, memorandum, notes, reports, etc.);

    (ii)    date;

    (iii)    title;

    (iv)    subject matter;

    (v)    name(s) of author or signer; and

    (vi)    name(s) of all recipients.

18. If you object that a term or phrase is vague, ambiguous, or indefinite, then state your understanding of the term or phrase and respond accordingly.

19. These requests include all attachments to the specifically described documents, along with envelopes, explanatory notes, memoranda and all other such material that accompanied the document. If the specific document requested elicited a response, that response is included in the category of requested documents. If the document itself was a response, the document to which it is responding is included in the category of requested documents.

20. The past tense shall be construed as including the present tense or the future tense, and the future tense as including the present or past tense.

## II. Documents and Things to be Produced

1. Any communications between You and FlatWorld Interactives, including Slavoljub Milekic, Jennifer McAleese, Gordon Nelson, or any party representing or affiliated therewith, including any attorney acting for or on behalf of any of the listed people or entities, and including without limitation any communications between Jonathan Taub and FlatWorld Interactives regarding the Patent-in-Suit on or around August 2009 through October 2009.

2. A copy of any Documents or Things describing, or referring or relating to, any analysis performed by You to assess the value, purchase price, projected revenue, and/or any other due diligence regarding the Patent-in-Suit, including without limitation any PowerPoint presentation relating to the Patent-in-Suit and/or FlatWorld Interactives drafted on or around May 7, 2002. This request includes without limitation any and all documents relied on in any way in assessing the value, purchase price, projected revenue, and/or any other due diligence regarding the Patent-in-Suit.

3. Any communications between You and any other persons or parties referring or relating to the Patent-in-Suit or FlatWorld Interactives, or any party representing or affiliated therewith, including any attorney acting for or on behalf of FlatWorld Interactives.

4. A copy of any Documents and Things describing, or referring or relating to Your established or customary practices regarding conducting analyses, valuations, revenue projections, or any other due diligence prior to purchasing and/or licensing patents.

5. A copy of all Documents and Things describing, or referring or relating to, Your standard practices for conducting purchases, evaluations, sales, acquisitions, or licenses of patents between the time period of August 2009 – present.

6. A copy of any agreements related to the Patent-in-Suit and/or FlatWorld Interactives, including any draft agreements.

7. A copy of any Documents or Things provided to You by FlatWorld Interactives, or received by You from FlatWorld Interactives.

8. A copy of any and all documents comprising or reflecting any assessments or estimates of the value, purchase price, sale price, licensing terms (including price or rate) of or for any patent relating to (a) touchscreen technologies; (b) user interfaces for touchscreen devices; or (c) gesture-based user interfaces for computers, between 2007 and 2012.