# Exhibit 16

**CONFIDENTIAL AND PROPRIETARY INFORMATION AGREEMENT**

This CONFIDENTIAL AND PROPRIETARY INFORMATION AGREEMENT (the "Agreement") is made between Flatworld Interactives, LLC ("Flatworld"), a Pennsylvania limited liability company and _____ (the "Recipient"), a _____ _____ , as of this _____ day of _____, 2009.

Flatworld has agreed to provide Recipient with the software for a product developed by Flatworld called ShowMe Tools ("ShowMe") for the sole objection of allowing Recipient to internally test the product (the "Objective").  In connection with this, Flatworld may disclose to the Recipient certain confidential and proprietary information.

"Confidential and Proprietary Information" shall mean, for the purpose of this Agreement, any and all information disclosed visually, orally, in physical or electronic form and/or in writing concerning Flatworld's software, products, programs, formulae, data systems, technology, development plans, markets, marketing strategies, know-how, techniques, product development plans, finance, sales and/or business or commercial information.

Flatworld wishes to safeguard Confidential and Proprietary Information and to be assured that it will be maintained in confidence.  To that end, in consideration of Flatworld disclosing the same, the Recipient agrees to the following terms:

1. In consideration of the disclosure of Confidential and Proprietary Information in any form whatsoever, including without limitation ShowMe software, including all information, methodologies, techniques, programs and analysis relating to Flatworld Products (as defined below), the Recipient undertakes as follows:

    a. The Recipient shall not use or reproduce Confidential or Proprietary Information for any purpose except to carry out the Objective without the prior written consent and license of Flatworld.

    b. The Recipient will not disclose Confidential and Proprietary Information to any third party. Employees bound by confidentiality obligations not less strict than those set out herein will not be regarded as third parties. Disclosure will be made only to those employees who need to know Confidential Information in connection with the performance of the Objective. The Recipient will be liable for any breach by its employees of the foregoing.  The Recipient will not make disclosures to non-employee consultants, agents, subcontractors or advisors.

    c. The Recipient will not copy ShowMe or any portion thereof nor will Recipient provide ShowMe's download link to any third party.

    d.  The Recipient will not utilize ShowMe for any personal or commercial purpose other than for internally testing of the software without the express written consent and license of Flatworld.

    e.  The Recipient will promptly return or destroy, upon Flatworld's request, all documents (including computer software and data) containing Confidential and Proprietary Information and any samples of programs supplied by Flatworld.  Such destruction shall be promptly confirmed in writing by the Recipient to Flatworld upon request.

2.  The above obligations do not apply to Confidential and Proprietary Information:

    a.  that was rightfully in the Recipient's possession at the time of disclosure by Flatworld if the Recipient can show by clear written evidence such prior possession of the Confidential and Proprietary Information and that such Confidential and Proprietary Information is not originating directly or indirectly from Flatworld;

    b.  that is or becomes part of the public domain other than through violation of this Agreement;

    c.  that is received by the Recipient from a third party who is under no obligation of confidence to Flatworld or its Clients with respect thereto; or

    d.  that is properly required by law to be disclosed by the Recipient; <u>provided, however</u>, that the Recipient gives Flatworld as much advance written notice as is practicable to permit Flatworld to seek a protective order or other protective remedy and, in the event that such protective order or other protective remedy is not obtained, the Recipient will continue to exercise commercially reasonable efforts to ensure that confidential treatment will be accorded to such Confidential and Proprietary Information.

3.  All inventions, developments, and improvements, ideas, trade secrets, or the like (hereafter called "Intellectual Property") which are conceived, reduced to practice, discovered, invented, and/or developed by any party to this Agreement, pursuant to the Objective and/or within the scope of this Agreement, shall be owned by Flatworld.  The Recipient will assign any rights to such Intellectual Property to Flatworld promptly upon its request.

4.  This Agreement will not be construed as conferring to the Recipient any rights to Confidential and Proprietary Information except as explicitly stated herein or as an obligation of Flatworld to enter into any license or other agreements with the Recipient.

5.  The obligations under this Agreement will survive until Recipient is notified in writing by Flatworld that it is no longer bound to the terms found herein.

2

6. This Agreement shall be construed in accordance with the laws of the Commonwealth of Pennsylvania without regard to the conflict of laws, rules or principles thereof.

7. Any controversy or claim arising out of, or relating to, this Agreement or the breach thereof shall be resolved in a court of competent jurisdiction located in the Eastern District of Pennsylvania.  The parties hereto unconditionally and irrevocably accept for themselves and in respect to their Confidential Information the exclusive jurisdiction of, and service of process and venue in, the United States District Court for the Eastern District of Pennsylvania and the courts of the Commonwealth of Pennsylvania located in the County of Delaware and waive any objection with respect thereto, including any objection to the laying of venue or based on the ground of forum non conveniens, that any of them may now or hereafter may have to the bringing of any such action or proceeding in such respective jurisdictions.

8. The Recipient acknowledges and agrees that the remedy at law for any breach by it of the terms of this Agreement shall be inadequate and that the full amount of damages that would result from such breach are not readily susceptible to being measured in monetary terms.  Accordingly, in the event of a breach or threatened breach of this Agreement by the Recipient, Flatworld shall be entitled to immediate injunctive relief prohibiting any such breach and requiring the immediate return of all Confidential and Proprietary Information.  In addition, Flatworld shall be entitled to obtain a temporary order restraining any threatened or further breach. The remedies set forth in this paragraph shall be in addition to any other remedies available at law or in equity.

9. If a Court of competent jurisdiction holds any provision of this Agreement invalid, such invalidity shall not affect the enforceability of any other provision contained herein and the remaining portion of this Agreement shall continue in full force and effect.

10. The failure of any party hereto to exercise any right under this Agreement shall not be deemed a waiver or forfeiture of such right or any other right.

11. If any provision hereof should be deemed to exceed the time limitation permitted by applicable law, then the provision will be reformed to the maximum time limitation permitted.

12. Neither of the parties hereto may assign, transfer nor pledge this Agreement or any interest or right of any kind herein, in any manner, without the prior written consent of the other party.

13. For the convenience of the parties, the parties may execute any number of counterparts of this Agreement hereto.  Each such counterpart shall be, and shall

3

be deemed to be, an original instrument, but all such counterparts taken together shall constitute one and the same Agreement.

14. The terms of this Agreement cannot be changed except by written agreement of the parties.

IN WITNESS WHEREOF, the parties have executed this Agreement the day and year written above.

FLATWORLD INTERACTIVES, LLC

By: _____
       Jennifer McAleese
       Managing Director

(INSERT ENTITY NAME)

By: _____
       Name
       Title

4

FWAPP00002559