# Exhibit 41

**BRIDGES & MAVRAKAKIS** LLP
PATENT LITIGATION & LICENSING

MICHAEL T. PIEJA
(650) 804-7810
MPIEJA@BRIDGESMAV.COM

March 11, 2013

<u>**Via Electronic Mail**</u>

Mark Carlson
Hagens Berman Sobol Shapiro
1918 Eighth Ave.
Suite 3300
Seattle, WA  98101

  Re: *FlatWorld Interactives v. Apple Inc.,* Case No. C:12-01956-JSW
     FlatWorld's Privilege Log

Dear Mark:

  I write regarding FlatWorld's privilege log and, in particular, to request information regarding entries including John J. McAleese so that we may assess the applicability of certain privilege claims to enable us to prepare for your requested meet and confer.

  First, for all emails withheld on the basis of alleged spousal privilege, please identify the email address used by both Mr. and Mrs. McAleese.  Several recent cases have held that emails sent from a work computer are not entitled to be withheld based upon a claim of spousal privilege. *See United States v. Hamilton*, 701 F.3d 404 (4th Cir. 2012); *In re Oil Spill by the Oil Rig Deepwater Horizon*, 2012 WL 85447 (E.D. LA. 2012); *United States v. Etkin*, 2008 WL 482281 (S.D. N.Y. 2008).

  Second, it is well established that the spousal privilege only applies (under certain circumstances) to communications between husband and wife.  It obviously cannot apply to communications involving third parties.  Consequently, please confirm that the claim of spousal privilege for PRIV0299, 0475, 0476 and 0555 are in error and will be withdrawn.  Otherwise, please explain why you will not withdraw these spousal privilege claims.

  Finally, it is our understanding that Mr. McAleese is not now and never has been counsel for FlatWorld.  Likewise, based upon FlatWorld's disclosures in this case, it is also our understanding that Mr. McAleese is neither an officer, director or employee of FlatWorld nor does he have any legal or financial interst in FlatWorld.  Please confirm that our understanding is correct, or, in the alternative, explain what it is that we are missing.  Moreover, based upon our current understanding, we do not believe the attorney-client privilege can properly be claimed for

Mark Carlson
March 11, 2013
Page 2

any email sent by or to Mr. McAleese. Please let us know if FlatWorld is maintaining its privilege claim with respect to these documents, and if so, on what basis. *See* PRIV0017, 0036, 0287, 0291, 0293, 0299, 0360, 0377, 0389, 0426, 0460, 0473, 0475, 0476, 0499, 0553, 0554, 0561, 0595, 0608, 0665, 0692, 0710, 0714, 0716, 0725, 0761, 0771, 0789, 0828, 0860, 0862, 0900, 0947, 0973, 0982, 1010, 1036, 1068, 1072, 1080, 1103, 1125, 1134, 1172, 1189, 1220, 1249, 1280, 1282, 1291, 1292, and 1294.

      As this information is directly relevant to Apple's ability to assess FlatWorld's privilege claims, please provide it in advance of our meet and confer regarding FlatWorld's claims of the spousal and attorney-client privileges with respect to Mr. McAleese's documents.

Sincerely,

*/s/ Michael T. Pieja*

Michael T. Pieja