# Exhibit 42



T 206.623.7292   F 206.623.0594

Mark S. Carlson
Of Counsel
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WA  98101
www.hbsslaw.com
**Direct (206) 268-9346**
**Direct Fax (206) 623-0594**
markc@hbsslaw.com

March 14, 2013

Michael Pieja
Bridges & Mavrakakis LLP
3000 El Camino Real
One Palo Alto Square
Palo Alto, CA  94306

Re:  *Your March 11 Letter Challenging FlatWorld's Privilege Log*

Dear  Mike:

The following responds to your March 11 letter to me.

You demand the email addresses used in the spousal privileged communications between Mr. and Ms. McAleese.  You cite three cases for the proposition that "emails sent from a work computer are not entitled to be withheld based upon a claim of spousal privilege."  However, none of these cases apply the law of Pennsylvania, the state of the marital domicile, and thus none applies here.  Furthermore, the *Hamilton* and *Etkin* cases involve extenuating circumstances that resulted in waiver of the privilege, which are not present here.  Finally, the *Oil Spill* case is not a spousal privilege case at all, but rather concerns whether certain emails were inadmissible hearsay.

Nonetheless, we will respond that Mr. and Ms. McAleese exchanged email communications primarily using jenmcaleese@gmail.com and j.mcaleese@att.net (the personal email addresses of Jennifer and John McAleese), or in some instances jmcaleese@morganlewis.com.  These emails were transmitted and accessed using a variety of devices, including computers and wireless handsets.  All such devices were used to exchange both personal and business communications.

Regarding PRIV0299, 0475, and 0476, John McAleese is included as a recipient of emails from John J. Kenney (FlatWorld's business attorney), to Slavko Milekic and Jennifer McAleese.  Accordingly, we believe that these emails between Mr. Kenney and his clients are covered by the attorney-client privilege.  Mr. McAleese, Ms. McAleese's spouse, was included at her behest as a confidential communication recipient subject to the spousal privilege.  You have also stated that PRIV0555 involves communications

March 14, 2013
Page 2

with third parties, but you are wrong. The PRIV0555 document is a communication between Gordon Nelson, Slavko Milekic, and Jennifer McAleese, as stated in FlatWorld's privilege log. John McAleese did not receive and was not mentioned in this communication.

Regarding the list of documents you challenge on the second page of your letter, the majority of these contain communications subject to the attorney-client privilege, which were then forwarded to Mr. McAleese by Ms. McAleese. In those documents, the underlying communications in the email threads are protected by the attorney-client privilege. The forwarding email by Ms. McAleese to Mr. McAleese is subject to the spousal privilege.

Certain of the challenged privileged documents listed on page two of your letter do not involve the spousal privilege at all. PRIV0473 is an attorney-client privileged email between FlatWorld's patent counsel, Gordon Nelson, Jennifer McAleese, and Slavko Milekic regarding potential FlatWorld representation. Although a conversation with John McAleese is mentioned in the email (as stated in the privilege log), he is not an author or recipient of this correspondence, and therefore this reference to Mr. McAleese has no effect on the privilege. Five documents, PRIV0287, 377, 460, 554, 561, and 608, were removed from the privilege log and were previously produced. PRIV1282 and 1291 were miscoded, because John McAleese was not an author or recipient, nor is he mentioned in these communications. As stated in a past email from us, we will provide a corrected privilege log by the end of March. Finally, the incorrect coding of PRE1294 was corrected in the amended log that we sent to you on February 27 – that document does not mention John McAleese or include him as an author or recipient.

In sum, Mr. McAleese has never been counsel to FlatWorld. Nor has he been the personal attorney of either member of FlatWorld: Ms. McAleese or Professor Milekic. He has never been an officer, director, or employee of FlatWorld. He has never been an assignee of any interest in FlatWorld. Accordingly, FlatWorld claims no attorney-client privilege for any email sent directly to, or received directly from, Mr. McAleese. Mr. McAleese is, however, Ms. McAleese's spouse. Thus, emails that were sent to him by Ms. McAleese or at her behest, and any response that he made to her, are confidential communications subject to the spousal privilege. Accordingly, except as expressly stated above, FlatWorld maintains its assertion of the attorney-client privilege and/or the spousal privilege for all documents identified in your letter.

March 14, 2013
Page 3

And while we are on the subject, where is Apple's privilege log? It has been over five months since our document requests were served, and we have no log from Apple. We have requested rolling privilege logs, but have received nothing at all.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Mark S. Carlson

MSC:msc