# Exhibit 43

# BRIDGES & MAVRAKAKIS LLP
PATENT LITIGATION & LICENSING

JAMES A. SHIMOTA
(312) 216-1624
JSHIMOTA@BRIDGESMAV.COM

March 14, 2013

<u>**Via Electronic Mail**</u>

Mark Carlson
Hagens Berman Sobol Shapiro
1918 Eighth Ave.
Suite 3300
Seattle, WA  98101

      Re:   *FlatWorld Interactives v. Apple Inc.,* Case No. C:12-01956-JSW
              FlatWorld's Privilege Log

Dear Mark:

      I write to memorialize our meet and confer regarding Flatworld's assertion of the attorney-client and spousal privileges with respect to certain emails or documents sent to or received by John McAleese, III.

      First, Apple maintains its position that none of the emails listed on either version of FlatWorld's privilege log that were sent or received by Mr. McAleese are covered by any applicable privilege, and that all such emails should be produced immediately.  In an effort, however, to crystallize FlatWorld's privilege claims with respect to any documents Morgan Lewis & Bockius may have in its possession that are responsive to Apple's recent subpoena, we proposed the following.  We will suggest that Morgan Lewis & Bockius segregate out any emails sent between Mr. and Mrs. McAleese.  Morgan Lewis will then provide FlatWorld with an opportunity to review these emails in confidence and provide a log of any for which it intends to claim a privilege.  Apple will agree not to seek production of any emails so logged until any motions relating to this issue are resolved.  Morgan Lewis will produce any responsive documents that FlatWorld has not logged as potentially privileged.

      You indicated that you were generally in agreement with this procedure, but expressed concern that Morgan Lewis would not agree.  We agreed to contact Morgan Lewis' general counsel and inquire if he would be agreeable to this.  We will advise you of the result of that inquiry.

      Second, you indicated that documents PRIV0287, 377, 460, 554, 561, and 608 were removed from the privilege log because, although you believed the spousal privilege applied,

Mark Carlson
March 11, 2013
Page 2

you discovered that copies of these documents had previously been produced and FlatWorld elected not to claw them back. We appreciate your clarifying this issue for us.

      Third, with respect to communications that involved Mr. McAleese, Mrs. McAleese, and one or more third parties, you stated your position that the communication between Mrs. McAleese and the third parties was protected by the attorney client privilege and the communication between Mr. and Mrs. McAleese was protected by the spousal privilege. We noted that we disagreed that the privilege could apply in these circumstances. We also noted that we believed that Pennsylvania law held that the spousal privilege did not attach to communications related to business matters. You stated that you did not believe that case law applied.

      Fourth, I requested that for each communication involving Mr. McAleese that is listed on FlatWorld's privilege log, that you list the email address and, if known, the device used to make or receive the communication. You agreed with respect to the email address and indicated that you would investigate whether it was possible to provide the identity of the sending device and provide it if possible.

      Finally, I understand that you spoke with my colleague, Mike Pieja, regarding the production of certain emails that include redactions for source code. Mike agreed that unredacted versions of these emails would be made available to FlatWorld and agreed to provide you with a response by next week as to how Apple will do that, including whether it would be willing to provide Flatworld with a hard-copy printout of these emails that will be treated as source code.

      Please let me know if I have misunderstood any aspect of our conversation, or if you would like to discuss any of this further.

      Sincerely,

      */s/ James A. Shimota*

      James A. Shimota