# Exhibit 45



AARON C. TAGGART
(312) 216-1627
ATAGGART@BRIDGESMAV.COM

June 10, 2013

**Via Electronic Mail**

Ryan Meyer
Hagens Berman Sobol Shapiro
1918 Eighth Ave.
Suite 3300
Seattle, WA 98101

Re:   *Response to Nelson Subpoena; FlatWorld's Privilege Log; FlatWorld's Document Production; Foreign Witnesses*

Dear Ryan:

I write regarding several discovery issues, as detailed below.

**Gordon Nelson Subpoena**

Thank you for providing Mr. Nelson's responses to Apple's subpoena. Please provide Mr. Nelson's basis for withholding documents and/or communications responsive to requests 1-4 "that do not relate to the Patent-in-Suit." If Mr. Nelson – or FlatWorld, given that Mr. Nelson has stated he has turned documents over to FlatWorld – has documents responsive to requests 1-4, we expect them to be produced or logged in a privilege log. The requested documents are relevant to this litigation. For example, any of Mr. Nelson's communications with or regarding John McAleese are relevant to Apple's Motion to Disqualify. *See* Requests 1, 2. Mr. Nelson has not provided any basis for withholding relevant, discoverable information.

Thank you for confirming that Mr. Nelson "provided copies of his paper and electronic files relating to FlatWorld and the Patent-in-Suit to Hagens Berman in 2012," and that such documents have already been produced or logged in this case. Please identify by bates range the documents that Mr. Nelson provided to Hagens Berman. Additionally, please confirm any documents or communications created after the date when Mr. Nelson provided documents to Hagens Berman will be collected and produced or logged. For example, any communications responsive to requests 1-4 and 20 that were created after Mr. Nelson provided documents to Hagens Berman in 2012 should be produced or logged.

**FlatWorld's Privilege Log**

Thank you for providing FlatWorld's Third Amended Privilege Log. FlatWorld has described several communications with Acacia as "not privileged," and has simply noted a



June 10, 2013
Page 2

corresponding Acacia bates number.  Please confirm that FlatWorld will promptly produce documents and communications corresponding to privilege log entries PRIV0293B, PRIV0308, PRIV0319, PRIV0336, PRIV0346, PRIV0354, PRIV0382, PRIV0410, PRIV0416D, PRIV0417, PRIV0426B, PRIV0483, PRIV0484, PRIV0615, PRIV0733, PRIV0774, PRIV0940, PRIV0987, PRIV1022, PRIV1081 and identify the corresponding documents by bates number.  If you cannot confirm this, please provide FlatWorld's basis for withholding relevant documents so that we may consider it.

   Several communications with Acacia remain on FlatWorld's privilege log for which FlatWorld has asserted attorney-client privilege and "common interest."  Please provide FlatWorld's basis for withholding these communications with Acacia.  Specifically, please identify the attorney and the client for such communications.  It is our understanding that no attorney-client relationship existed at any time between FlatWorld and Acacia, but if this is incorrect please explain.  Additionally, please explain the basis for FlatWorld's assertion that there is was a "common interest" between FlatWorld and Acacia at any time.  Specifically, please identify any common interest agreement, non-disclosure agreement, or similar agreement between Acacia and FlatWorld.  Additionally, please identify the litigation that Acacia and FlatWorld anticipated and the date upon which any such litigation was anticipated by FlatWorld and Acacia.

   A number of documents in FlatWorld's privilege log are described as "Drafted for purpose of FlatWorld business planning" and "Email thread regarding business planning."  *See, e.g.*, PRIV0262A-C, PRIV0289E-H, PRIV0302C-F, PRIV0357F-I, PRIV0387C-E, PRIV0444G-J, PRIV0513B, PRIV0523C, PRIV0574A-C, PRIV0583A-D, PRIV0587A-G, PRIV0590A, PRIV0590F-I, PRIV0594A-B, PRIV0600A-D, PRIV0602A-C, PRIV0616A, PRIV0622A-F, PRIV0628A-C, PRIV0699A-H, PRIV0704A-H, PRIV0705A-C, PRIV0730A-J, PRIV0743A-I, PRIV0747A-E, PRIV0776A-E, PRIV0777A-B, PRIV0807A-E, PRIV0822A-C, PRIV0824A-D, PRIV0833A-C, PRIV0847A-B, PRIV0851A-I, PRIV0852A-K, PRIV0857A-E, PRIV0866A-G, PRIV0868A-D, PRIV0870A-F, PRIV0897A-B, PRIV0902A-C, PRIV0930A-B, PRIV0934A-E, PRIV0935A-B, PRIV0937A-D, PRIV0944A-C, PRIV0950A-C, PRIV0957A-B, PRIV0961A-D, PRIV0968A-B, PRIV0972A-H, PRIV0977A-I, PRIV0978A-G, PRIV0981A-D, PRIV0990A-B, PRIV0997A-C, PRIV0998A-E, PRIV0999A-B, PRIV1004, PRIV1005A-C, PRIV1009A-D, PRIV1018A-E, PRIV1028, PRIV1029, PRIV1035A-D, PRIV1037, PRIV1038A-B, PRIV1039A-B, PRIV1040A-J, PRIV1046A-B, PRIV1050A-B, PRIV1051A-B, PRIV1053A-D, PRIV1058A-I, PRIV1061A-B, PRIV1063, PRIV1069A-D, PRIV1070A-C, PRIV1078A-G, PRIV1086, PRIV1090A, PRIV1092A-B, PRIV1093, PRIV1095, PRIV1100, PRIV1101A-C, PRIV1105, PRIV1106, PRIV110A-B, PRIV1111A-C, PRIV1112, PRIV1115A-B, PRIV1119A-G, PRIV1130A-E, PRIV1145, PRIV1169A-C, PRIV1177A-B, PRIV1178A-B, PRIV1179A-B, PRIV1182A-D, PRIV1188A-C, PRIV1194, PRIV1211A-D, PRIVPRIV1213, PRIV1217, PRIV1218A-E, PRIV1227A-E, PRIV1241A-B, PRIV1242A-B, PRIV1258A-H, PRIV1260A-B, PRIV1265A-D, PRIV1269, PRIV1271, PRIV1272A-C, PRIV1278A-D, PRIV1285A-E, PRIV1290A-G, PRIV1300A-E, PRIV1313.  Non-legal, business advice is not protected from disclosure by the attorney-client privilege, and therefore FlatWorld has not stated a valid basis for withholding



June 10, 2013
Page 3

communications "regarding business planning."  *See, e.g., United States v. Rowe*, 96 F.3d 1294, 1297 (9th Cir. 1996) ("Where the attorney was asked for business (as opposed to legal) counsel, no privilege attached.").  Please provide FlatWorld's basis for withholding these documents so that we may consider it.

In addition to those communications with Acacia that FlatWorld has now described as "not privileged," a number of other privilege log entries have been either removed from FlatWorld's privilege log, or FlatWorld has explicated stated in its privilege log that documents corresponding to the privilege log entry would be produced.  It is our understanding that FlatWorld has withdrawn its claims of privilege for these documents and communications.  Please confirm that FlatWorld has produced or will produce documents and communications corresponding to privilege log entries PRIV0287, PRIV0330, PRIV0377, PRIV0416, PRIV0452A, PRIV0460, PRIV0554, PRIV0561, PRIV0689, PRIV0861A-I, PRIV1073, PRIV1077, PRIV1191, PRIV1255, PRIV1263, and PRIV1279, and identify the corresponding documents by bates number.  If you cannot provide this confirmation, please provide FlatWorld's basis for removing these entries from its privilege log so that we may consider it.

We understand that Fitch Even and Kessler Topaz have provided documents responsive to Apple's subpoenas to them to FlatWorld.  Please confirm FlatWorld's production of documents from Fitch Even is complete.  Additionally, please provide a date by which FlatWorld will complete production of Kessler Topaz's documents.  Finally, please provide a date by which FlatWorld will provide a privilege log for Fitch Even and Kessler Topaz documents that have been withheld or redacted.

**FlatWorld's Document Production**

FlatWorld's recent document production on June 5 included documents relevant to Apple's motion to disqualify.  We are disappointed that FlatWorld withheld these documents until that date, and are concerned that, in light of FlatWorld's untimely production, additional, relevant documents may exist.  We understand from Mr. Scholten's correspondence that FlatWorld claims this production set was initially transmitted to Apple on May 3.  We have no record of any such production.  It has been FlatWorld's practice in the past to provide a production cover letter with each document production.  Please provide the cover letter corresponding to FlatWorld's attempted May 3 production, or confirm that no such letter exists.  If any other correspondence exists indicating FlatWorld attempted to produce documents to Apple on May 3, such as an outgoing email from the email address yousendit@hbsslaw.com, please provide it to us or confirm that no such correspondence exists.  Finally, please confirm that FlatWorld was in possession of the documents produced on June 5 at least as early as May 3.

As I indicated above, Apple believes the documents produced on June 5 should have been produced long ago.  Please provide FlatWorld's basis for withholding these documents until June 5.  While we believe that any documents referring or relating to John McAleese were sought by Apple's already-outstanding RFPs, we have served Apple's Fourth RFPs out of an abundance of caution and



June 10, 2013
Page 4

to ensure there is no misunderstanding as to the expected scope of FlatWorld's document production. If FlatWorld is withholding additional documents responsive to Apple's 4th RFPs, please provide FlatWorld's basis for doing so promptly.

FlatWorld's Third Amended Privilege Log served on May 31, 2013 lists gen_secy@comcast.net as an email address for Slavko Milekic. Please confirm this is correct. If it is correct, please confirm you have collected and produced any and all responsive emails from the email account for gen_secy@comcast.net. Additionally, please confirm you have collected and produced all relevant emails from all email accounts used by Mr. Milekic in the relevant timeframe (2006 – present), including without limitation kiddyface@gmail.com. Additionally, please confirm that you have collected and produced all relevant emails from all email accounts used by Ms. McAleese in the relevant timeframe, including without limitation jenmcaleese@gmail.com, and jen@flatworldinteractives.com.

**Foreign Witnesses**

In its initial disclosures, FlatWorld has identified several individuals who reside outside the United States as likely to have discoverable information. Please advise whether FlatWorld intends to call David Bearman, Ellen Rooney, or Jennifer Trant as witnesses at trial. Please also advise whether Hagens Berman represents any of these individuals.

I am happy to discuss any of the above issues on a telephone call if you feel it would be productive, and I am generally available anytime before 3 pm CDT on Tuesday or Wednesday.

Sincerely,

*/s/ Aaron Taggart*

Aaron C. Taggart