# Exhibit 46

**Subject:** RE: FlatWorld v. Apple: correspondence re discovery
**Date:** Wednesday, June 19, 2013 9:48:36 AM Pacific Daylight Time
**From:** Ryan Meyer
**To:** Aaron Taggart, Mark Carlson
**CC:** Flatworld NDCA

Aaron,

This email responds to your June 10 letter regarding various discovery topics.

1. As to Mr. Nelson's responses to Apple's Document Request Nos. 1-4 and 20, we believe that the responses speak for themselves. The majority of documents responsive to these document requests (or any of the requests served on Mr. Nelson) have been produced or entered on a privilege log. Mr. Nelson recently located some additional documents that may be responsive to Apple's discovery requests. Any documents that are responsive will be produced to Apple prior to the deposition of Mr. Nelson. We will not log or produce any communications between Mr. Nelson and FlatWorld, Jennifer McAleese, Slavko Milekic, or Hagens Berman that are dated after the date that the complaint was filed in this case. Non-privileged documents provided to Hagens Berman by Mr. Nelson earlier in this case were produced as Bates Nos. FWAPP00001478-2405. You can locate privileged and/or work product documents authored or received by Mr. Nelson by reviewing FlatWorld's privilege log.
2. Certain of the documents listed on FlatWorld's privilege log, after further inspection, were determined to be not privileged and were produced by Acacia. These documents are each listed with Acacia's production number. Accordingly, Apple already possesses these documents, and they will not be reproduced by FlatWorld. Doing so serves no purpose except to unnecessarily burden and inconvenience FlatWorld.
3. Certain of the documents listed on FlatWorld's privilege log containing communications between FlatWorld and Acacia have been noted as subject to attorney-client and/or common interest privilege. Attorneys involved are listed on these communications, and include Jonathan Taub for Acacia and Gordon Nelson for FlatWorld. The common interest springs from the shared intent of Acacia and FlatWorld to monetize FlatWorld's patent, including through potential litigation against any infringers of the patent.
4. Some of the documents listed on FlatWorld's privilege log are described as being "[d]rafted for purpose of FlatWorld business planning" and "[e]mail thread regarding business planning." As you note, non-legal business advice is not protected from disclosure by the attorney-client privilege; however, all of the advice pertaining to business planning that is listed on FlatWorld's privilege log is legal in nature and is in the context of attorney-client communications. Accordingly, each of these documents has been properly withheld and logged.
5. Documents corresponding to PRIV0287, PRIV0330, PRIV0377, PRIV0416, PRIV0452A, PRIV0460, PRIV0554, PRIV0561, PRIV0689, PRIV1073, PRIV1077, PRIV1191, PRIV1255, PRIV1263, and PRIV1279 were produced as described in the table below. PRIV0861 will not be produced because it is privileged and is a duplicate of PRIV0972. Document PRIV0561 was substantially produced (see table), and the remaining sub-part was meant to be included in FlatWorld's 6/4 production. That document is attached.

| Privilege Number | Bates Number |
| --- | --- |
| PRIV0287 | FWAPP00004699-FWAPP00004700 |
| PRIV0330 | FWAPP00007059 |
| PRIV0377 | FWAPP00004777-FWAPP00004779 |

| PRIV0416 | FWAPP00007045 |
| --- | --- |
| PRIV0452 | FWAPP00007048 |
| PRIV0460 | Contained in FWAPP00004777 |
| PRIV0554 | FWAPP00005971-FWAPP00005971 |
| PRIV0561 | Substantially produced as FWAPP00004777 |
| PRIV0689 | FWAPP00005971-FWAPP00005971 |
| PRIV0861 | Privileged, exact duplicate of PRIV0972 |
| PRIV1073 | FWAPP00007052 |
| PRIV1077 | FWAPP00007055 |
| PRIV1191 | FWAPP00007055 |
| PRIV1255 | FWAPP00007052 |
| PRIV1263 | FWAPP00006848-FWAPP00006848 |
| PRIV1279 | FWAPP00006959-FWAPP00006960 |

6. Kessler Topaz's documents will be reviewed and produced by June 28, along with a privilege log. Regarding the Fitch Even documents, we received them in redacted form, and we have produced all of them to Apple in the same form that we received them.
7. The documents that were produced on June 5 include both sets of documents that were (1) originally served to you via email as PDF attachments on March 29 and April 10 and (2) invoice documents that we believed had been produced on May 3. The documents first produced on March 29 and April 10 were reproduced to you so that you would have a complete database load file. The rest of the documents in the June 5 production, the invoices, were produced to you because we could not confirm that they had been produced on May 3. You have stated that these documents relate to Apple's disqualification motion and were improperly withheld. However, none of these invoice documents appear to relate to the issues briefed in Apple's disqualification motion, nor were they intentionally withheld.
8. Regarding Apple's various sets of discovery requests, FlatWorld has responded fully and to the best of its ability to all discovery requests to date, except of course to currently pending requests. Although you appear to claim that Apple's 4th set of document requests, which are currently pending, are redundant with past Apple requests, FlatWorld disagrees since their language and scope is clearly different from previous requests. Accordingly, no documents were "withheld" – they were not responsive to Apple's prior discovery requests. We will respond to Apple's pending requests on their due date.
9. The gen_secy@comcast.net email address was not listed as an email address for Slavko Milekic. This email address represents a general email address for Gordon Nelson's legal staff. Regarding the other email addresses that you asked about, FlatWorld has performed a reasonable and thorough search for documents responsive to Apple's discovery requests. All responsive documents that were located were either produced or logged. Although comparison of the privilege logs of MLB, John McAleese, and FlatWorld indicate that a small number of documents were overlooked, none of these documents were material to the resolution of any claim or defense in this case. Further searching would be unnecessarily burdensome on FlatWorld and would be unlikely to lead to any additional documents that have actual relevance to this litigation and are not cumulative or duplicative of other documents already produced.
10. FlatWorld has not determined whether it will call David Bearman, Ellen Rooney, or Jennifer Trant as witnesses at trial. Hagens Berman does not represent any of these individuals.

Best regards,

Ryan

Ryan Meyer | **Hagens Berman Sobol Shapiro LLP |** Direct: (206) 268-9366

---

**From:** Aaron Taggart [mailto:ataggart@bridgesmav.com]
**Sent:** Monday, June 10, 2013 3:35 PM
**To:** Ryan Meyer; Mark Carlson
**Cc:** Flatworld NDCA
**Subject:** FlatWorld v. Apple: correspondence re discovery

Ryan,

Please find the attached correspondence regarding various discovery issues.

Regards,

Aaron C. Taggart
Bridges & Mavrakakis LLP
180 N LaSalle
Suite 2215
Chicago, IL 60601
(312) 216-1627
ataggart@bridgesmav.com