# Exhibit 47

**Subject:** RE: FlatWorld v. Apple correspondence
**Date:** Friday, June 28, 2013 4:30:14 PM Pacific Daylight Time
**From:** Ryan Meyer
**To:** Aaron Taggart, Flatworld NDCA
**CC:** Mark Carlson, J. D. Scholten

Aaron,

PRIV248, 749, 1148, 941, and 1232 are the same as the February 1, 2011 email from Gordon Nelson contained in the document produced at Bates Nos. FWAPP00006845-47.  Because Mr. Nelson's email was produced to Ocean Tomo/ICAP, we remove our claim of privilege as to that email.  Apple already has possession of this email since it was contained within documents produced by both FlatWorld and Ocean Tomo/ICAP, so we will not produce this email a third time.

PRIV840 and 1266 contain the February 1, 2011 email from Mr. Nelson which is contained and produced at Bates Nos. FWAPP00006845-47.  The remainder of PRIV840 and 1266 is privileged.  Since Apple already has possession of Mr. Nelson's email, we will not produce the non-privileged portion of these documents again.

PRIV853 and 881 do not contain the February 1, 2011 email from Mr. Nelson contained and produced at Bates Nos. FWAPP00006845-47.  FlatWorld's reasons for withholding those documents are stated on FlatWorld's privilege log.

Best regards,

Ryan


Ryan Meyer | **Hagens Berman Sobol Shapiro LLP |** Direct: (206) 268-9366

---

**From:** Aaron Taggart [mailto:ataggart@bridgesmav.com]
**Sent:** Wednesday, June 26, 2013 7:38 AM
**To:** Ryan Meyer; Flatworld NDCA
**Cc:** Mark Carlson; J. D. Scholten
**Subject:** Re: FlatWorld v. Apple correspondence

Ryan,

Per your request, below are the privilege log entries I referred to in my email of June 24, below.  Please advise whether any of these logged communications are the same communication that was subsequently forwarded to ICAP and produced by ICAP and FlatWorld.

PRIV248
PRIV749
PRIV840B
PRIV853
PRIV881
PRIV941B
PRIV1148
PRIV1232A and B
PRIV1266B

Regards,
Aaron

---

**From:** Ryan Meyer <ryanm@hbsslaw.com>
**Date:** Tuesday, June 25, 2013 9:50 AM
**To:** Aaron Taggart <ataggart@bridgesmav.com>, Flatworld NDCA <flatworldndca@bridgesmav.com>
**Cc:** Mark Carlson <markc@hbsslaw.com>, "J. D. Scholten" <JDS@hbsslaw.com>
**Subject:** RE: FlatWorld v. Apple correspondence

Aaron,

Please send me the numbers of the entries that you have questions about so that I can answer your questions.

Best regards,

Ryan


Ryan Meyer | **Hagens Berman Sobol Shapiro LLP |** Direct: (206) 268-9366

---

**From:** Aaron Taggart [mailto:ataggart@bridgesmav.com]
**Sent:** Monday, June 24, 2013 6:01 PM
**To:** Ryan Meyer; Flatworld NDCA
**Cc:** Mark Carlson; J. D. Scholten
**Subject:** Re: FlatWorld v. Apple correspondence

Ryan,

It appears that FlatWorld's privilege includes several entries that list the same date, author and recipients as the original email from Mr. Nelson in FWAPP00006845-6847 and ICAP0000069.  Can you confirm these logged communications are the same communication that was subsequently forwarded to ICAP and produced by ICAP and FlatWorld?  If they are, please confirm FlatWorld will produce the previously withheld communications promptly or provide FlatWorld's basis for withholding them.

Regards,
Aaron

---

**From:** Ryan Meyer <ryanm@hbsslaw.com>
**Date:** Monday, June 24, 2013 6:19 PM
**To:** Aaron Taggart <ataggart@bridgesmav.com>, Flatworld NDCA <flatworldndca@bridgesmav.com>
**Cc:** Mark Carlson <markc@hbsslaw.com>, "J. D. Scholten" <JDS@hbsslaw.com>
**Subject:** RE: FlatWorld v. Apple correspondence

Aaron,

Regarding the sixth point in your letter from this morning, the document having Bates No. FWAPP00006845-6847, which has also been produced by ICAP as ICAP0000069, was produced because it is not privileged.

Best regards,

Ryan

Ryan Meyer | **Hagens Berman Sobol Shapiro LLP |** Direct: (206) 268-9366

---

**From:** Aaron Taggart [mailto:ataggart@bridgesmav.com]
**Sent:** Monday, June 24, 2013 6:58 AM
**To:** Ryan Meyer; Flatworld NDCA
**Cc:** Mark Carlson; J. D. Scholten
**Subject:** Re: FlatWorld v. Apple correspondence

Ryan,

Please see the attached correspondence responding to your email below.

Regards,
Aaron

---

**From:** Ryan Meyer <ryanm@hbsslaw.com>
**Date:** Thursday, June 13, 2013 11:47 AM
**To:** Aaron Taggart <ataggart@bridgesmav.com>, Flatworld NDCA <flatworldndca@bridgesmav.com>
**Cc:** Mark Carlson <markc@hbsslaw.com>, "J. D. Scholten" <JDS@hbsslaw.com>
**Subject:** RE: FlatWorld v. Apple correspondence

Aaron,

This email responds to the May 31 letter attached to your email below as well as other outstanding discovery issues.

In your May 31 letter and other past correspondence, you have agreed to produce all responsive documents in the custody of Mr. Ording, Mr. Pathak, Mr. Victor, Mr. Westerman (we expect this production to include the Multitouch Algorithm white paper and Multitouch Binary Protocol referenced at APLFLW00811858), Mr. Ledet, Ms. Forster, and Mr. Kocienda.  Please state when Apple will produce these outstanding documents.

Regarding the other custodians referenced in FlatWorld's Third Set of Document Requests, you have stated that Apple refuses to produce those documents.  FlatWorld has met its meet and confer requirement as to these RFPs and will proceed accordingly.

Regarding Apple's documents relating to its past litigations and to its communications with Morgan Lewis & Bockius, you have stated that Apple will neither produce documents nor list them on a privilege log.  The Wheeler document that you inadvertently produced has direct and substantive relevance to the present case since it specifically addresses the calculation of velocity for gestures in Apple products.  Although you stated that you are withholding and not logging this document because it was dated after the filing date of the complaint of a past case, we did not record, nor do we recall any reference to any other litigations in that document.  From Apple's behavior regarding this document, we can only infer that Apple is withholding and failing to log other similar documents as well.  Apple's objections on privilege grounds to FlatWorld's other discovery requests further supports the likelihood that Apple is failing to log other responsive privileged communications.

You have suggested that if Apple is required to log or produce the rest of its privileged communications, FlatWorld should log all post-complaint privileged communications regarding the LG and Samsung litigations.  However, there is a key difference between those communications and the communication that

you are withholding and failing to log – privileged communications regarding the LG and Samsung litigations relating to the Android environment have no material relevance to the present litigation, whereas substantive communications by Apple regarding velocity calculations for gestures in Apple's iOS and OS-X products are directly relevant to this litigation.

I have requested several times that Apple remedy numerous deficiencies in Apple's privilege log (e.g., failure to identify the source of legal information and failure to list all recipients of each communication), but Apple has ignored my requests while bombarding FlatWorld with demands to address quibbles with FlatWorld's privilege log.  FlatWorld has met its meet and confer requirement as to each of these privilege log issues.

Apple has never provided a substantive response of any kind to FlatWorld's Interrogatory No. 12.  You have referenced several other interrogatories that you contend should be supplemented, but supplementation of those interrogatories is irrelevant to Apple's failure to ever provide a substantive response to Interrogatory No. 12.  Though you have implied that Apple has failed to answer this request because discovery is ongoing in this case, you have not stated what additional discovery Apple would need to provide a response.  FlatWorld has met its meet and confer requirement as to this request.

Finally, Apple has not yet produced documents regarding "sales data sufficient to show all App Store sales from the release of the App Store through the present." You stated that you would produce this information in a March 12 letter, but three months have now passed without production of this information.  FlatWorld has met its meet and confer requirement on this issue.

Please promptly provide a date upon which Apple commits to serve its privilege log relating to FlatWorld's Third and Fourth Set of RFPs and Third Set of Interrogatories.

Best regards,

Ryan

Ryan Meyer | **Hagens Berman Sobol Shapiro LLP |** Direct: (206) 268-9366


Ryan Meyer | **Hagens Berman Sobol Shapiro LLP |** Direct: (206) 268-9366

---

**From:** Aaron Taggart [mailto:ataggart@bridgesmav.com]
**Sent:** Friday, May 31, 2013 8:54 AM
**To:** Ryan Meyer; Flatworld NDCA
**Cc:** Mark Carlson; J. D. Scholten
**Subject:** Re: FlatWorld v. Apple correspondence

Ryan,

Please see the attached correspondence responding to your email below.

Regards,
Aaron

---

**From:** Ryan Meyer <ryanm@hbsslaw.com>
**Date:** Friday, May 17, 2013 7:00 PM
**To:** Aaron Taggart <ataggart@bridgesmav.com>, Flatworld NDCA <flatworldndca@bridgesmav.com>
**Cc:** Mark Carlson <markc@hbsslaw.com>, "J. D. Scholten" <JDS@hbsslaw.com>
**Subject:** Re: FlatWorld v. Apple correspondence

Aaron,

This email responds to the letter that you attached to your email below.

Regarding the first issue, Apple has asserted that "Apple believes that the burden to it in complying with FlatWorld's requests for documents from 21 custodians would far outweigh any likely benefit to FlatWorld, particularly in light of Apple's extensive production to date." However, Apple still has never stated, except in a conclusory fashion, why complying with FlatWorld's RFPs would be so burdensome. Apple is one of the most sophisticated computer companies in the world, and it is the plaintiff or defendant in a plethora of litigations throughout the world. Identifying responsive documents in the custody of 20 specifically named individuals should present little, if any, burden to Apple. I note that you've repeatedly referred to 21 document custodians, but, as you recognize in your 5/14 letter, FlatWorld has agreed not to press RFPs as to Matt Brown for the time being, so FlatWorld's requests are even less burdensome on Apple.

FlatWorld has requested these documents because each of these individuals, as shown by their communications in emails already produced by Apple, were materially involved with the accused features. For some of these individuals, you have attempted to show that the their email communications are somehow not relevant to the present action. For example, you have stated that email communications by Craig Federighi and Aram Kudurshian relate to the "notification center" and the "app expose" respectively, and you state that those are not accused products. However, both are features of iOS and OSX devices such as the iPhone and MacBook, each of which is a device accused of infringement. Moreover, you have mischaracterized APLFLW00807049 which relates to Aram Kudurshian and "HID/HI meeting agenda." HID/HI is an acronym for Human Interface Device/Human Interface. It is apparent from emails such as this that the HID/HI team is intimately involved with the implementation of gestures in the accused devices. You also state that APLFLW00804597, which contains a communication from Bas Ording, relates only to refresh rates and are therefore irrelevant. However, this is untrue since Bas Ording's email refers specifically to gesture recognition, specifically the swipe gesture. Your contention that this document, which Apple deemed to be responsive and which refers specifically to the swipe gesture, is somehow not relevant makes no sense.

Each of the individuals that are the subject matter of FlatWorld's third set of documents requests appears to be materially involved with development, analysis, design, etc. of the accused features in the accused products, and FlatWorld requires this information for the purposes of its infringement analysis. Apple's decision to produce documents from just some individuals while arbitrarily withholding the documents of others has not been explained by Apple and has no basis in the law. FlatWorld is further entitled to this discovery to identify key Apple witnesses for the purpose of deposition. Apple failed to identify many of the individuals likely to have discoverable information in its initial disclosures, and Apple's attempt now to limit production to just four custodians does not appear to have any basis other than Apple's conclusory statement that "Apple believes that production of documents from these custodians would satisfy its obligation to make a reasonable search for responsive documents, in view of the benefit-to burden analysis required by the federal rules."

However, in the interest of compromise, FlatWorld is willing to allow Apple to produce all responsive documents relating to Wayne Westerman, Raleigh Ledet, Kristin Forster, and Ken Kocienda as Apple has proposed, but Apple must also produce all responsive documents relating to Cyndi Wheeler, Bas Ording, Craig Federighi, Lalit Pathak, and Bret Victor. Please let me know, yes or no, whether Apple will produce these documents. Any responsive documents in the custody of Cyndi Wheeler that were drafted before the date this litigation and that Apple contends are privileged must be listed on a privilege log. FlatWorld reserves its right to follow up on its RFPs directed to other custodians as necessary.

As to your second point, you have never explained why FlatWorld's inclusion of all parts of all email threads

on its privilege log gives Apple insufficient information to assess the privilege asserted as to each email.  If every part is either logged or produced, it's not clear why you would need any other information.  Your continued request that FlatWorld redundantly list every email thread with every subpart is unnecessarily burdensome.  Nonetheless, I have told you more than once that FlatWorld is willing to redundantly list each email thread in this way.  But, FlatWorld expects Apple to submit a complete privilege log, which it has demonstrably failed to do.

This leads to your third point.  Apple inadvertently produced, and then clawed back, APLFLW00727207 – APLFLW00727211.  The protective order for this case, allows FlatWorld to create a summary for its records of any document that is clawed back, and FlatWorld did create such a summary for this document.  The date of that document was April 26, 2011, so it was generated nearly a year before the present litigation began.  That document relates directly to the subject matter of the present litigation.  Specifically, it relates to how velocity is calculated by an accused device in the context of gesture recognition.  This document is particularly troubling because, if Apple had not inadvertently produced it, FlatWorld would have had no way to know that such a document was withheld because Apple did not log it and still refuses to log it.  This document raises the question of what other documents, privileged or not privileged, are being withheld by Apple.  The parties have not logged any privileged communications that happened after the date that this suit was filed, but the communication of APLFLW00727207 – APLFLW00727211 happened nearly a year before this suit was filed.  Therefore, that document, and any other such documents should either be produced or listed on Apple's privilege log.  Your statement that Apple does not need to log responsive documents merely because they relate to past litigations has no merit.  If a document is responsive, it must either be produced or listed on a privilege log so that FlatWorld has notice of its existence.  FlatWorld demands that Apple immediately produce or log all documents being withheld on this ground.

Further, Apple has stated in its disqualification motion that "Morgan Lewis has prosecuted hundreds of patent applications relating to the touch- and gesture-based user interface of the iPhone" and "[t]his technology-the touch interface of the iPhone and other Apple products- is what FlatWorld accuses of infringement in the present case."  By Apple's own admission, Apple has had communications with MLB that are relevant to the present litigation.  Those communications should have been produced or logged.  Since Apple has accused FlatWorld and Hagens Berman of wrongdoing relating to these documents, it is particular troubling that Apple has not produced or logged any of these documents.  FlatWorld demands that Apple produce or log all such documents.

Regarding your fourth point, we are glad that Apple has begun to comply with its discovery duties once again as demanded by my previous email.  Please let us know when we can expect Apple to produce the promised revenue documents for the App Store.

Regarding your fifth point, the parties have provided responses for all contention interrogatories, except that Apple never provided a substantive response to FlatWorld's Interrogatory No. 12.  It is not clear, nor has Apple explained, why Apple did not respond to this interrogatory when it provided responses to other contention interrogatories in January.  Please provide a date when Apple will respond to this interrogatory.

Your last point, relating to RFPs 106 and 107, has been addressed in a separate email.


Best regards,

Ryan


Ryan Meyer | **Hagens Berman Sobol Shapiro LLP** | Direct: (206) 268-9366

**From:** Aaron Taggart [mailto:ataggart@bridgesmav.com]
**Sent:** Tuesday, May 14, 2013 8:10 AM
**To:** Ryan Meyer; Mark Carlson
**Cc:** Flatworld NDCA; J. D. Scholten
**Subject:** Re: FlatWorld v. Apple correspondence

Ryan,

Please find the attached correspondence regarding your email of May 6, below.

Aaron

**From:** Ryan Meyer <ryanm@hbsslaw.com>
**Date:** Monday, May 6, 2013 6:18 PM
**To:** Aaron Taggart <ataggart@bridgesmav.com>, Mark Carlson <markc@hbsslaw.com>
**Cc:** Flatworld NDCA <flatworldndca@bridgesmav.com>, "J. D. Scholten" <JDS@hbsslaw.com>
**Subject:** RE: FlatWorld v. Apple correspondence

Aaron,

Regarding FlatWorld's third set of RFPs, you have requested that FlatWorld "identify any documents or other specific information from which Apple could assess your claims that the 21 custodians [FlatWorld] ha[s] identified have relevant information." As you should know, and as I pointed out to you during our conference two weeks ago, FRCP 26(b) allows discovery that is "reasonably calculated to lead to the discovery of admissible evidence." This is a much broader standard than the inappropriately narrow relevance standard that you appear to be using. *See Barnes & Noble, Inc. v. LSI Corp.*, 2012 U.S. Dist. LEXIS 41083 (N.D. Cal. March 26, 2012); *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 582-83 (N.D. Cal. 2008). Each of the individuals listed in FlatWorld's RFPs were participants in correspondence, presentations, reports, etc. relating to the accused gestures. Apple has provided FlatWorld with no reason why communications to and from these individuals is not proper subject matter for discovery. The mere number of them is irrelevant if they have discoverable material. No rule, statute, or case law that we are aware of allows Apple to arbitrarily and selectively produce discoverable correspondence from some individuals, but not others. Nonetheless, as requested, below is a listing of representative documents demonstrating the participation of each individual in communications relating to the accused features. Now that we have provided the information that you have requested, we expect Apple to produce the requested documents without further delay.

| Custodian Name | Supporting Document (Bates #) | Custodian Quotation |
|---|---|---|
| Ali Ozer | 713430 | "…tracking a swipe is generally performed very high in the responder chain." |
| Kristin Forster | 713932 | "…we will make adjustments in the Appkit, likely removing fluid swipes from the API." |
| Zeke Runyon | 714992 | "Paging control view API to support 2 finger horizontal swipe…" |
| Patrick Coffman | 716415 | "…it should take two pulls/swipes to go back if horizontal scrolling is available…" |
| Bret Victor | 778912 | "…to use 3F swipe to navigate from panel to panel…" |

| Julian Missig | 718599 | "…add continuous swipe information to IOHID trackpad gesture events." |
|---|---|---|
| Jeff Traer Bernstein | 718901 | "I've got lower-half Magic Mouse Dock swipes implemented…" |
| Ken Kocienda | 725902 | "In the course of making an side-to-side swipe gesture to switch apps…" |
| Caroline Cranfill | 727227 | "…I will be glad to sit down and tweak values with you…" - Ms. Cranfill in response to a request for info about page flicking. |
| Wayne Westerman | 765617 | "That's sorta what the gesture parser does for swipes now…" |
| Raleigh Ledet | 713426 | "RFC: Fluid Swipe" |
| Myra Haggerty | 766024 | "Better 'swipes'…." |
| Dave Carvalho | 770316 | "…swiping through pages of the PDF." |
| Brian Croll | 771058 | "remove [four finger swipe right or left]" |
| Lalit Pathak | 803369 | "Submitted IMG and AppKit fixes for Fluid Swipe…" |
| Laura Rabb | 803652 | "The intent was to allow the user to choose one of the following for the 'swipe between pages' gesture:" |
| Bas Ording | 804597 | "Touch data report rate could be multiples of the display rate…gesture recognition – fast swipes…" |
| Aram Kudurshian | 807049 | "These [i.e. "turn off two-finger swipes…"] were the gesture changes that were decided on…" |
| Craig Federighi | 807433 | "If the second cursor comes in (with appropriate velocity) then track it as a side sweep." |

While we do not withdraw any of our RFPs, we will refrain from pressing our RFP directed to Matt Brown for now.  We expect any responsive communications from Cyndi Wheeler or any other attorney to be listed on a privileged log.  Please state when you will produce the documents that we have requested, or state your reasons for continuing to withhold them.

Regarding FlatWorld's privilege log, you state that every thread must be redundantly listed by subsections in order for Apple to assess whether privilege has been waived is incorrect.  Almost all of the subparts of every email thread are already listed on FlatWorld's privilege log.  To the extent that any subparts are not listed, they will be added to an amended version of the privilege log that will be produced on or before May 31.  During our conference on April 25, you consented to this date and expressed no issues with it.  Every email in every thread will have all of the authors and recipients listed.  Any emails where privilege was waived, for example where a third party was involved, have been produced to the extent there are any.  If part of a thread is privileged but part is not, for example where an earlier non-privileged part of a thread is included in a later privileged communication, these have been produced in redacted form, to the extent there are any.  There is no other information that Apple could conceivably need to assess the privilege of each communication, and your demands that every subpart be listed for every thread, even where each subpart <u>is already listed elsewhere on the log</u>, appears to be nothing more than attempt to burden and harass FlatWorld.

Nonetheless, FlatWorld will agree to redundantly list the subparts of each email thread if Apple agrees to properly, and promptly, supplement its own privilege log.  Despite the fact that Apple has produced over 100,000 documents, including hundreds of emails, Apple's privilege log consists of only nine email threads.  We do not believe that Apple has prepared a complete privilege log in good faith.  Apple objected to nearly all of FlatWorld's discovery requests on the basis of privilege or work product, yet the number of

communications listed on its privilege log are miniscule.  Below are just a few examples where Apple objected on privilege grounds but has failed to log any privileged communications:
1. RFP 8, relating to Apple's response to Gordon Nelson's September 1 and 20, 2007 patent notice letters.
2. RFP 9, relating to Apple's design around efforts.
3. RFP 49, relating to Apple's licensing of technology used in the accused devices.
4. RFP 57, relating to meetings and minutes where the asserted patent or Gesture Recognition Technology were discussed.
5. RFP 61, relating to litigation holds.

Apple's own inadvertent production of privileged information indicates that there are other responsive communications that Apple has improperly omitted from its log.  Section 16(c) of the protective order allowed FlatWorld to "prepar[e] a record for its own use containing the date, author, addresses, and topic" of Apple's clawed-back document.  That document, dated April 26, 2011, *which related to velocity calculations*, is nowhere listed on Apple's log, and it is extremely doubtful that it was the only such privileged communication of its kind.  Courts in this jurisdiction grant waiver where a party fails to log withheld documents.  *Vieste, LLC v. Hill Redwood Dev.*, 2010 U.S. Dist. LEXIS 126607 (N.D. Cal. Nov. 18, 2010) ("Rule 26 and this Court's standing order impose *an affirmative obligation* on the parties to promptly disclose the information that Plaintiffs have been seeking for months.").  As *Vieste* explains, it is not FlatWorld's duty to ensure that Apple complies with its obligation to log all responsive privileged documents, this is solely Apple's duty.  Apple has been relentless in pushing FlatWorld to update its privilege log, and FlatWorld has been diligent in promptly providing all of the information that Apple has requested.  Yet Apple has withheld and concealed documents while failing to list *all* of its responsive, privileged documents on a privilege log.  Please provide a date when Apple will finally provide a complete version of its privilege log.  This complete version should list every recipient of every communications (as opposed to a group mass email address) as well as the specific source of privilege (as opposed to a vague reference to Apple's legal department) so that FlatWorld can assess the privilege of each entry.  If Apple refuses to provide a complete privilege log, FlatWorld will take appropriate actions.

In addition, please state when Apple will produce the rest of its outstanding documents.  On April 4, you stated that Apple would produce documents regarding "revenue projections, profit and loss projections, and cost projections" during the week of April 13.   Nearly a month later, Apple has not produced a single such document.  Moreover, in a March 12 letter, you also stated that you would produce "sales data sufficient to show all App Store sales from the release of the App Store through the present."  Nearly two months later, no such information has been produced.  During our April 9 conference, you stated that Apple was waiting to produce documents until Apple's motion for a stay was decided, though no motion for a stay had been filed or granted at that time.  In an April 11 email, you reversed position and stated that "Apple's position is and was that discovery will be withheld only as permitted by an order of the Court or upon motion for a protective order as permitted by Fed. R. Civ.  Pro. 26(c)."  That was nearly a month ago, and though no motion for stay or a protective order has been filed or granted, Apple has still failed to produce the documents that it promised to produce.  Given the position that you took on April 11, we trust that Apple has a good faith reason for its months of delay and can explain why it did not produce documents on the dates Apple said it would produce them.  Please state Apple's grounds for withholding these documents during this period, and state a date by which Apple will produce them.

Lastly, Apple has never provided a substantive responsive to FlatWorld's interrogatory 12.  Apple has had possession of FlatWorld's discovery responses and responsive documents for some time, and, therefore, should be in a position to fully respond to this interrogatory without the need for further delay.  Please state a date on which Apple will provide a response.

Best regards,

Ryan

Ryan Meyer | **Hagens Berman Sobol Shapiro LLP |** Direct: (206) 268-9366

---

**From:** Aaron Taggart [mailto:ataggart@bridgesmav.com]
**Sent:** Friday, May 03, 2013 3:49 PM
**To:** Ryan Meyer; Mark Carlson
**Cc:** Flatworld NDCA
**Subject:** FlatWorld v. Apple correspondence

Ryan,

Please find the attached correspondence regarding FlatWorld's Third RFPs and FlatWorld's privilege log.

Regards,

Aaron C. Taggart
Bridges & Mavrakakis LLP