# Exhibit 48



AARON C. TAGGART
(312) 216-1627
ATAGGART@BRIDGESMAV.COM

July 2, 2013

**Via Electronic Mail**

Ryan Meyer
Hagens Berman Sobol Shapiro
1918 Eighth Ave.
Suite 3300
Seattle, WA 98101

Re:    *Your email dated June 19, 2013*

Dear Ryan:

I write in response to your email of June 19, 2013.

1. In response to my request that you "provide Mr. Nelson's basis for withholding documents and/or communications responsive to requests 1-4 'that do not relate to the Patent-in-Suit,'" you have stated only that "the responses speak for themselves." *See* 6/10/13 Taggart Letter to Meyer; 6/19/2013 Meyer email to Taggart. We disagree for the reasons stated in my June 10 letter to you. Apple's subpoena to Mr. Nelson was not limited to documents that "relate to the Patent-in-Suit," and Mr. Nelson has not provided any basis for imposing this limitation and withholding relevant, discoverable information. Apple requests a meet and confer to discuss Mr. Nelson's responses to Apple's subpoena.

Additionally, please provide your basis for stating that "we will not log or produce any communications between Mr. Nelson and FlatWorld, Jennifer McAleese, Slavko Milekic, or Hagens Berman that are dated after the date that the complaint was filed in this case." Apple has communicated its understanding of what the parties may refrain from logging – communications between litigation counsel of record, or in-house counsel, and their clients relating to a filed litigation, that were created after the date the litigation was filed – on numerous occasions. *See* 4/11/13 Taggart Letter to Meyer; 5/14/2013 Taggart Letter to Meyer; 5/31/2013 Taggart to Meyer; 6/24/13 Taggart Letter to Meyer. Furthermore, Apple has requested on numerous occasions that "if FlatWorld is now objecting to this approach and suggesting a different one, please state so clearly." 5/14/2013 Taggart Letter to Meyer; 6/24/2013 Taggart Letter to Meyer. FlatWorld has never disputed this understanding as we described it to you, and therefore we understand FlatWorld to have acquiesced to this approach. As Mr. Nelson is neither litigation counsel of record nor in-house counsel for FlatWorld, please provide your basis for refusing to log relevant communications between FlatWorld and Mr. Nelson that occurred after this litigation was filed. If FlatWorld and Mr. Nelson are withholding communications that occurred



July 2, 2013
Page 2

after this litigation was filed, we expect those correspondences to be logged by both FlatWorld and Mr. Nelson.

2.     While we disagree that FlatWorld is excused from producing discoverable, relevant documents simply because a non-party has produced documents, Apple will refrain from seeking from FlatWorld production of communications with Acacia that were previously withheld as privileged if FlatWorld can confirm that all documents it is withholding on this basis are identical to those documents produced by Acacia.  Additionally, please confirm that FlatWorld will not dispute the authenticity of documents produced by Acacia.

3.     I will address FlatWorld's assertion that a common interest exists between it and Acacia under separate cover.

4.     With regard to FlatWorld's assertion of privilege over documents described as "drafted for the purpose of business planning" or "regarding business planning," you have stated that these communications are "legal in nature and in the context of attorney-client communications." I note that your description of these documents still does not provide a valid basis for withholding them pursuant to a claim of attorney-client privilege.  For example, you have not asserted that any of these communications are for the purpose of providing or requesting legal advice.  In any event, your description of these documents is not consistent with the descriptions of these documents as provided in FlatWorld's privilege log.  If FlatWorld has any other basis for asserting that these communications were properly withheld, please provide it immediately so that we may consider it.  If FlatWorld cannot provide any other basis for withholding these documents, Apple requests that FlatWorld promptly produce the documents identified in my June 10 email to you.  If FlatWorld is not willing to do so, we request an immediate meet and confer to discuss this issue.

5.     The table you provided in your email of July 1 purports to identify produced documents that correspond to various entries in FlatWorld's privilege log that were either removed or entries in which FlatWorld has stated it will produce corresponding documents.  However, based on the information provided in FlatWorld's various privilege logs, several of the documents you have identified do not appear to correspond to the entries in question, as detailed below:

- **PRIV0330** – FlatWorld's privilege log dated February 22 describes this as a communication from Jonathan Taub to Jennifer McAleese, Gordon Nelson, and Slavko Milekic.  However, the document you have identified as corresponding to this entry, FWAPP00007059, is an email from Jennifer McAleese to herself.
- **PRIV0377** - FlatWorld's privilege log dated February 22 describes this communication as "Email thread regarding reissue patent and potential representation by Mike Borella."



July 2, 2013
Page 3

> However, the document you have identified as corresponding to this entry, FWAPP00004777, makes no reference to potential representation or Mike Borella.[1]
> - **PRIV0554** - FlatWorld's privilege log dated February 22 describes this as a communication from John McAleese to Jennifer McAleese. However, the document you have identified as corresponding to this entry, FWAPP00005971, is an email chain between Jennifer McAleese and Slavko Milekic.
> - **PRIV1279** - FlatWorld's privilege log dated February 22 describes this as a communication from Slavko Milekic to Jennifer McAlese, Gordon Nelson, and Slavko Milekic. However, the document you have identified as corresponding to this entry, FWAPP00006959, is an email chain between Joshua Slavitt, Larry Reichlin, Jennifer McAleese, and Slavko Milekic.

For each of the privilege log entries noted in the bullets above, please confirm FlatWorld has produced the corresponding communications and provide the bates numbers for each. Additionally, your email of July 1 states that communications corresponding to entries PRIV0861A-I will not be produced. However, FlatWorld's privilege log explicitly states that each of these entries "contains forward of email communications which will be produced." If FlatWorld is now refusing to produce communications referred to in this description, please state so clearly. If FlatWorld has already produced these communications, please identify them by bates number.

6.   I will address the production of documents and privilege logs from Kessler Topaz and Fitch Even under seprate cover.

7.   Apologies for the confusion, but my reference to FlatWorld's June 5 production was in error. The FlatWorld production referred to on pages 3-4 of my June 10 letter to you is FlatWorld's June 4 production, which included several documents related to Apple's motion to disqualify. *See, e.g.*, FWAPP00007045, 7052, 7055. Please provide FlatWorld's basis for withholding these documents until June 4.

8.   Please confirm that FlatWorld will produce or provide a privilege log for all documents responsive to Apple's Fourth RFPs by July 8 that FlatWorld has withheld based on any claim of privilege. If you cannot provide this confirmation Apple requests a meet and confer to discuss FlatWorld's production of documents.

9.   In my June 10 letter to you, I requested that you "please confirm you have collected and produced all relevant emails from all email accounts used by Mr. Milekic in the relevant timeframe (2006 – present)" and "all relevant emails from all email accounts used by Ms.

---

[1] It appears that "Borella" may be a typographical error and in fact refer to Mr. Bonella of Kessler Topaz.



July 2, 2013
Page 4

McAleese in the relevant timeframe." However, you have not provided this confirmation. I understand from FlatWorld's brief in opposition to Apple's motion to disqualify that FlatWorld has not collected and produced any emails from Ms. McAleese's jen@flatworldinteractives.com email account because the account was deleted. If there are other email accounts used by Mr. Milekic or Ms. McAleese from 2006 to the present that FlatWorld has not searched for relevant, discoverable communications, please identify them promptly. For example, if Mr. Milekic used an @flatworldinteractives.com email account, please advise whether that email account was searched for communications relevant to this matter.

      I am particularly surprised that FlatWorld is now taking the position that searching email records for its only two principals and employees is unnecessarily burdensome, particularly in light of FlatWorld's assertion that "identifying responsive documents in the custody of 20 specifically named individuals should present little, if any, burden to Apple." *See* 5/17/2013 Meyer email to Taggart. Please provide the basis for your statement that "[f]urther searching would be unnecessarily burdensome on FlatWorld and would be unlikely to lead to any additional documents that have actual relevance to this litigation and are not cumulative or duplicative of other documents already produced." If Mr. Milekic and/or Ms. McAleese used email accounts from 2006 to the present that FlatWorld has not searched for relevant documents, we expect FlatWorld will do so promptly. Please confirm FlatWorld will do so. If you cannot provide this confirmation, please provide FlatWorld's basis for refusing to search for documents relevant to this case.

      Please provide FlatWorld's availability to discuss the issues noted above on a meet and confer. I suggest Wednesday, July 3 at 11 am CDT; please let me know if that time works for you, or suggest an alternative time.

      Sincerely,

      */s/ Aaron Taggart*

      Aaron C. Taggart