# Exhibit 49



AARON C. TAGGART
(312) 216-1627
ATAGGART@BRIDGESMAV.COM

July 3, 2013

**Via Electronic Mail**

Ryan Meyer
Hagens Berman Sobol Shapiro
1918 Eighth Ave.
Suite 3300
Seattle, WA 98101

Re:     *FlatWorld Correspondence with Acacia and Rembrandt*

Dear Ryan:

      I write regarding the discovery of communications between FlatWorld and third parties Rembrandt and Acacia.

**FlatWorld's Correspondence With Acacia**

      FlatWorld has withheld certain communications between itself and Acacia pursuant to claims of attorney-client privilege and common interest.  *See* PRIV0300, 309, 315, 331, 394, 462, 896.  We disagree that FlatWorld has stated a valid basis for withholding these communications.  First, with respect to FlatWorld's assertion of the attorney-client privilege, I previously requested that you identify the attorney and the client for communications with Acacia that FlatWorld has withheld.  6/10/2013 Taggart Letter to Meyer.  You have stated that "attorneys involved are listed on these communications," but FlatWorld has not identified the attorney and the client for these communications.  Similarly, please identify the person who provided any legal advice or from whom any legal advice was requested in these communications.  The existence of an attorney-client relationship is fundamental to any claim of attorney-client privilege, and therefore Apple requires this information to evaluate FlatWorld's claims, and Apple reiterates its request that FlatWorld provide this information.  *See* 6/10/2013 Taggart Letter to Meyer.

      Second, with respect to FlatWorld's assertion of a common interest between Acacia and FlatWorld, you have stated that "[t]he common interest springs from the shared intent of Acacia and FlatWorld to monetize FlatWorld's patent, including through potential litigation against any infringers of the patent."  We disagree that this is a sufficient basis for withholding communications pursuant to a claim of common interest.  It is Apple's understanding – and FlatWorld has not disputed – that FlatWorld and Acacia never entered any non-disclosure or similar agreement, indicating the parties did not intend their communications to be kept



July 3, 2013
Page 2

confidential.  Furthermore, the mere shared "intent to monetize FlatWorld's patent" is an insufficient basis for asserting a common interest.  *See Ronald A. Katz Technology Licensing, L.P. v. MCI Telecom. Corp.*, 191 F.R.D. 433, 437 (E.D. Pa. 2000).  Your June 19 email refers to "potential litigation" by FlatWorld and Acacia.  But in my June 10 letter to you, I requested that FlatWorld identify the litigation allegedly anticipated by Acacia and FlatWorld and the date upon which it was identified.  We understand FlatWorld's silence in response to this request to mean that FlatWorld cannot identify any potential litigation that would support the claimed privilege.  If FlatWorld has any other basis for asserting that a common interest existed between Acacia and FlatWorld at any time, please identify the common *legal* interest shared between the parties so that we may consider it.

Third, please explain FlatWorld's basis for withholding the aforementioned communications with Acacia in light of the production of communications and related documents regarding Acacia from Acacia, FlatWorld, and John McAleese.  It is apparent from the production of communications and draft agreements that Acacia and FlatWorld did not intend their communications to be kept confidential.  Furthermore, Acacia has advised Apple that is no longer withholding *any* communication with FlatWorld pursuant to any claim of privilege.  Please explain FlatWorld's basis for withholding only those documents noted above, while producing or acquiescing to the production of other communications with Acacia.  Of course, if FlatWorld believes any correspondence or other document regarding Acacia was produced in error and was intended to be withheld as privileged, please let us know.

## FlatWorld's Correspondence with Rembrandt

As you know, Rembrandt has redacted and withheld a number of documents responsive to Apple's subpoena to them.  However, FlatWorld has produced communications with Rembrandt without redactions, and FlatWorld has not logged any communications with Rembrandt in its privilege log.  Please confirm that FlatWorld is not withholding any communications between it and Rembrandt as privileged or on any other basis.

Additionally, please advise whether FlatWorld is asserting any privilege for any communications noted in Rembrandt's privilege log.  We understand from Rembrandt's privilege log and FlatWorld's production of unredacted communications with Rembrandt that only Rembrandt, and not FlatWorld, is asserting the work product and attorney-client privileges for those communications logged by Rembrandt.  If this understanding is not correct, please identify with specificity which communications FlatWorld is claiming are privileged, the nature of the privilege FlatWorld is asserting, and the basis for any such assertion.



July 3, 2013
Page 3

Sincerely,

*/s/ Aaron Taggart*

Aaron C. Taggart