# Exhibit 50



AARON C. TAGGART
(312) 216-1627
ATAGGART@BRIDGESMAV.COM

July 29, 2013

<u>Via Electronic Mail</u>

Ryan Meyer and Mark Carlson
Hagens Berman Sobol Shapiro
1918 Eighth Ave.
Suite 3300
Seattle, WA 98101

Re: *Summary of July 26, 2013 Meet and Confer Regarding Discovery Issues*

Dear Ryan and Mark:

Thank you for meeting and conferring regarding my letters of July 1, July 2, July 3, July 10, and July 17. Apple had previously requested that FlatWorld provide a written response to these letters, but you declined to do so. Therefore, I write to memorialize our meet and confer on July 26, 2013 regarding the issues raised in the aforementioned letters.

**July 1, 2013 Taggart Letter to Meyer**

I inquired whether, in light of Hagens Berman's production of documents from Fitch Even, Hagens Berman would be providing a privilege log for redactions in Fitch Even's production. You stated that Apple should make this request to Fitch Even. We are disappointed that FlatWorld waited more than three weeks before informing Apple that it would not be providing a privilege log for documents redacted by Fitch Even.

With regard to the assertion of the spousal privilege by FlatWorld for communications involving Mr. McAleese, Ms. McAleese, and Kessler Topaz attorneys, you stated that the attorney-client privilege and the spousal privilege "do not cancel each other out." You stated that the presence of Mr. McAleese does not constitute a waiver of the attorney-client privilege, and the presence of Kessler Topaz attorneys does not constitute a waiver of the spousal privilege. When I asked whether the communications logged would be protected pursuant to a claim of spousal privilege absent the presence of the attorneys, you said yes.

**July 2, 2013 Taggart Letter to Meyer**



July 29, 2013
Page 2

  I inquired whether Mr. Nelson was withholding any documents pursuant to his stated objection in response to Apple's subpoena that he would not produce documents "that do not relate to the Patent-in-Suit." You stated that the only documents that have not been produced or logged are those that relate to Dr. Milekic's gaze tracking patent, and that you were not aware of any other documents being withheld by Mr. Nelson pursuant to that objection.

  I reiterated Apple's request that FlatWorld log communications with Mr. Nelson that occurred after the filing of the suit. You confirmed that Mr. Nelson was not litigation counsel nor in-house counsel for FlatWorld. When I asked your basis for refusing to log such communications you stated that Hagens Berman consulted with Mr. Nelson regarding prosecution issues related to this case, but did not identify any basis for FlatWorld's refusal. You represented that you did not believe there were any communications between FlatWorld and Mr. Nelson after the filing of this suit, and that all communications after the filing of this suit were between Hagens Berman and Mr. Nelson. However, as one example, the privilege logs your firm generated for Mr. McAleese and Morgan Lewis documents reveals that there were post-filing communications between FlatWorld and Mr. Nelson. You also argued that Apple was not logging post-filing communications with its litigation counsel, to which I responded that Mr. Nelson is a third party in this case who was deposed pursuant to a subpoena and not FlatWorld's litigation counsel. Other than stating it would not log post-filing communications with Mr. Nelson, you did not otherwise identify the scope of communications that FlatWorld believed were permissible to omit from its privilege log. In response to Apple's request that FlatWorld log all communications with Mr. Nelson, including those occurring after the filing of the instant suit, you stated "denied," and accordingly I confirmed that we are at an impasse.

  FlatWorld confirmed that those documents identified in its privilege log as not privileged and previously produced by Acacia, but have not been produced, are identical to those produced by Acacia. In response to my request that FlatWorld confirm that it would not challenge the authenticity of those documents produced by Acacia that correspond to the documents FlatWorld is withholding, you refused, stating that this was an issue to address before trial when discussing exhibit lists. I explained that Apple wished to discuss the issue now, so that it can determine whether to seek the production of documents that FlatWorld is currently withholding, rather than learning that FlatWorld contests authenticity after fact discovery has closed. You refused to agree to the authenticity of documents produced by Acacia, and therefore Apple requested that FlatWorld produce those documents identified in its privilege log as not privileged. You responded "denied," stating that doing so would be overly burdensome, and accordingly I confirmed that we are at an impasse.

  With regard to those documents described as relating to "business planning" in FlatWorld's privilege log, I stated that FlatWorld's privilege log does not state a sufficient basis for withholding these documents. You stated that the communications so described were "legal in nature." I pointed out that your description of these documents is inconsistent with the



July 29, 2013
Page 3

description in FlatWorld's privilege log, and you stated that FlatWorld's privilege log provides a sufficient basis for withholding the communications listed in my email of June 10. I disagreed for the reasons stated in my letter of July 2, and requested that FlatWorld produce all documents on FlatWorld's privilege log that are described as relating to "business planning." You refused, and accordingly I confirmed that we are at an impasse.

   Regarding my inquiry as to why those produced documents identified in your email of June 19 as corresponding to entries removed from FlatWorld's privilege log did not match the description of those documents found in prior versions of FlatWorld's log, you stated that the description in previous versions of FlatWorld's privilege log were a "mistake" due to "cut and paste" and other errors. When I specifically inquired about PRIV 554, you stated that the description in FlatWorld February 22 privilege log was a mistake, and that the document referred to in this privilege log entry was actually an email between Ms. McAleese and Dr. Milekic. Please review FlatWorld's privilege log carefully and advise Apple of any other entries that it contends are "mistakes" or "errors" by August 2. Apple is entitled to rely on the descriptions presented in FlatWorld's various logs without their being subject to repeated revisions and claims of "mistake."

   In response to my inquiry regarding PRIV861, the description of which states that it will be produced by FlatWorld, you stated that it was intended to be produced, and was produced at least by Acacia Research Group at ARG159. I requested that FlatWorld produce documents corresponding to PRIV861 in redacted form, and you refused, stating that the documents had been produced by another party and that FlatWorld would not produce duplicates of any documents that had been produced. I explained that the document corresponding to PRIV861 was not, in fact the same document that Acacia produced, because it clearly included additional emails that FlatWorld was now withholding. When I inquired as to FlatWorld's basis for refusing to produce these documents in redacted form, you stated that to do so would be overly burdensome. I disagreed, and I confirmed that we are at an impasse.

   I inquired whether any of the documents that were produced by FlatWorld on June 4 were previously withheld as privileged, and you refused to answer my question, stating that such information was irrelevant because "this is a patent case." I explained that FlatWorld's assertion of various privileges is at issue in this case, such that if FlatWorld had previously logged the documents produced on June 4 as privileged, but was now withdrawing its claim of privilege, then it was relevant to the scope of FlatWorld's privilege assertions in this case. When I asked whether FlatWorld had any other basis for previously withholding the documents produced on June 4 you were unable to identify any such basis.

   I inquired whether FlatWorld has collected documents from all email accounts used by Dr. Milekic and Ms. McAleese during the relevant timeframe, and you stated that it had done so, excepting those email accounts that have been closed by Ms. McAleese. You represented that no



July 29, 2013
Page 4

other @flatworldinteractives.com email account existed besides the one used by Ms. McAleese. When I inquired whether FlatWorld had contacted whoever hosted Ms. McAleese's @flatworldinteractives.com email account, you stated that the account was shut down in 2009, but were otherwise unable to say one way or another.

You also confirmed that the only email accounts you are aware of are Ms. McAleese's Comcast.com, @flatworldinteractives.com, and gmail accounts, and Mr. Milekic's gmail account.  However, it appears that FlatWorld has already produced correspondence sent to or received by Dr. Milekic's @uarts.edu email account.  Please advise whether FlatWorld has searched for and produced all relevant correspondence sent to or received by Dr. Milekic's @uarts.edu account and Dr. Milekic's @hampshire.edu account.

**July 3, 2013 Taggart Letter to Meyer**

In response to my inquiry, you confirmed that there was no attorney-client relationship between FlatWorld and Acacia at any time.  I inquired as to your June 19 email to me stating that "The common interest springs from the shared intent of Acacia and FlatWorld to monetize FlatWorld's patent, including through potential litigation against any infringers of the patent," and reiterated that this is not a sufficient basis for establishing any common legal interest existed at any time between FlatWorld and Acacia.  When I inquired whether FlatWorld would identify any specific litigation that was anticipated during its correspondence with Acacia, you stated that such information was privileged and would not identify any specific litigation beyond your June 19 statement.  I reiterated Apple's position stated in my letter of July 3, and inquired whether FlatWorld had any other basis for asserting that a common interest existed.  You responded that FlatWorld's privilege log provides a sufficient basis, but otherwise did not identify any other basis for FlatWorld's assertions.  I requested that FlatWorld produce all correspondence between it and Acacia currently withheld as privileged, and you refused.  Accordingly, I confirmed that we are at an impasse.

I also explained that FlatWorld has identified in its privilege log documents that had been produced by Acacia as "not privileged," and that these privilege log entries previously were described identically or similarly to those documents currently being withheld.  I explained that under the circumstances here, FlatWorld's admission that certain documents were "not privileged" was a waiver of the assertion of privilege for documents identically described in its privilege log, and requested that FlatWorld produce all documents bearing the same descriptions as those documents identified as "not privileged."  You refused, and I confirmed that we are at an impasse.



July 29, 2013
Page 5

      I inquired whether FlatWorld is withholding any documents reflecting its correspondence with Rembrandt, and you stated that FlatWorld was not.  When I inquired why FlatWorld had not produced or logged those communications with Rembrandt that were directed to Ms. McAleese's gmail account or Dr. Milekic, or communications that were in paper form, you were unable to provide a substantive response.  When I asked whether these documents had been destroyed, you stated that FlatWorld had performed a diligent search and was unable to locate them, but were otherwise unable to explain why they could not be located.

      When I inquired whether FlatWorld was asserting any privilege over those documents reflected in Rembrandt's privilege log, you stated that Hagens Berman had seen some of the documents before it withdrew from its representation of Rembrandt, but that FlatWorld had not seen any of the documents Rembrandt is now withholding.  Accordingly, you declined to take a position at this time as to whether FlatWorld was asserting any privilege over those documents being withheld as privileged by Rembrandt.

**July 10, 2013 Taggart Letter to Meyer**

      Regarding Apple's request that FlatWorld produce any communications between Mr. Nelson and Dr. Milekic regarding negotiations between them for Mr. Nelson's interest in royalties from the patent-in-suit, you were unwilling to be forthcoming as to whether such documents are in FlatWorld's or Mr. Nelson's possession, or whether FlatWorld was currently withholding any such documents as privileged.  I stated that no such documents had been produced, and inquired as to whether FlatWorld was withholding documents relating to negotiations between Mr. Nelson and Dr. Milekic, and you responded that FlatWorld had produced or logged documents responsive to Apple's requests, but refused to respond substantively.  You stated that you believed the only documents that existed were draft agreements that had been produced.  I requested that FlatWorld investigate whether documents reflecting such negotiations were in its possession and withheld as privileged, and you refused. When I stated that there were several privilege log entries relating to this issue I wanted to discuss, you refused, stating that you "already know what [FlatWorld's] response will be." Accordingly, I confirmed that we are at an impasse regarding Apple's requests regarding this issue.

      Similarly, I inquired as to negotiations between Mr. Nelson and Ms. McAleese regarding Ms. McAleese's offer to purchase Mr. Nelson's interest in royalties from the patent-in-suit, and you were unwilling to be forthcoming as to whether FlatWorld had any such documents in its possession or was withholding any such documents.  You stated that you did not believe there was any such offer from Ms. McAleese, and I quoted you Mr. Nelson's testimony stating that he believed Ms. McAleese had offered him a "dollar amount" for his interest.  *See* Nelson Tr. at



July 29, 2013
Page 6

163-64.  When I inquired as to whether FlatWorld's position was that Mr. Nelson was incorrect, you refused to take any position.  In light of Mr. Nelson's testimony, I reiterated Apple's request that FlatWorld supplement its responses to Apple's Interrogatories 4 and 12 to identify Ms. McAleese's offer and produce any related documents.  You stated that Interrogatories 4 and 12 did not request such information, and I disagreed.  In response to my request for FlatWorld to produce documents related to Ms. McAleese's offer, you only stated that FlatWorld has logged or produced all documents responsive to Apple's discovery requests, but were otherwise unwilling to respond.  In response to my inquiry whether FlatWorld was withholding documents as privileged relating to Ms. McAleese's offer to Mr. Nelson, you provided the same answer but were otherwise unwilling to respond.  In response to my request that FlatWorld investigate whether any such communications were in FlatWorld's possession, you refused to do so.  Accordingly, I confirmed that we are at an impasse.

Next I requested that FlatWorld produce Mr. Nelson's invoices that were the subject of his deposition testimony and reflect the billable time he spent prosecuting the patent-in-suit.  *See* Nelson Tr. at 18.  I explained that Mr. Nelson had testified that he received his interest in royalties from the patent-in-suit in exchange for his billable time, and accordingly, the requested documents were relevant to the value of the patent-in-suit.  Despite my explanation, you stated that this request was "completely baseless" and "hair-brained," and stated that searching for and producing Mr. Nelson's invoices would be unduly burdensome.  You stated that FlatWorld would consider Apple's request if it could provide FlatWorld with authority stating that billable time spent on prosecution was relevant to a patent infringement case, and I pointed you to the scope of discoverable information under the Federal Rules.  You additionally asserted that Mr. Nelson's invoices were privileged, and I responded that FlatWorld could redact any description of work that disclosed work product, but you refused. You stated that all responsive documents collected from Mr. Nelson had been produced or logged, but otherwise refused to identify whether FlatWorld or Mr. Nelson was in possession of the invoices requested.  You additionally refused to investigate further whether FlatWorld or Mr. Nelson was in possession of these documents.  Accordingly, we are at an impasse.  When I inquired whether Hagens Berman was still representing Mr. Nelson, or whether Apple should request these invoices from Mr. Nelson himself, you stated only that "we represented him for his deposition," but were otherwise unwilling to respond substantively.

I requested that FlatWorld confirm it would not be arguing that Dr. Milekic received anything more than $1.00 as consideration for assigning his patent to FlatWorld in light of FlatWorld's privilege instructions at Mr. Nelson's deposition, and you refused to so confirm.  Therefore, we are at an impasse.  I advised you that Apple would need to question Mr. Nelson further about that topic if FlatWorld makes any such argument because he was instructed not to answer questions regarding the consideration Dr. Milekic received during his deposition.  You confirmed that FlatWorld was on notice of Apple's request.



July 29, 2013
Page 7

In response to my inquiries regarding documents reflecting Ms. McAleese's reimbursement of USPTO fees relating to the prosecution of the patent-in-suit, you stated only that if they had not been produced, then they don't exist. When I inquired as to whether FlatWorld has searched for these documents, you stated that FlatWorld searched for documents reflecting Ms. McAleese's reimbursement of fees prior to July 10, when Apple first requested these documents, but was not able to locate them. I asked whether FlatWorld has any explanation for why these documents no longer exist, and you stated you were unable to provide any reason. In response to my request that FlatWorld investigate whether such documents are in Mr. Nelson's or Ms. McAleese's possession, you refused. Accordingly, I confirmed that we are at an impasse.

Next, we discussed Ms. McAleese's forwarding of attorney-client privileged information to third party ICAP Ocean Tomo at FWAPP 6845-6847, and the scope of any resulting waiver. I stated that Apple's position pursuant to Federal Rule of Evidence 502 was that FlatWorld waived privilege for all documents in FlatWorld's privilege log described similarly to the email that Ms. McAleese forwarded (which was previously withheld as privileged and described as "Email thread regarding patent prosecution status," and "Email regarding reissue prosecution."). You advised me that FlatWorld's position was that the scope of any waiver was the four corners of the email Ms. McAleese forwarded, and advised me "go make your motion," confirming that we are at an impasse.

Further discussing FWAPP 6845-6847, I requested that FlatWorld produce in redacted form PRIV840 and 1266 because these documents included non-privileged information. You refused because you stated that Apple already has the content that would be unredacted. I disagreed that this was a basis for withholding relevant, discoverable documents, and requested that FlatWorld advise whether it had any other basis for withholding these documents. You confirmed it did not. Accordingly, I confirmed that we are at an impasse.

I stated Apple's position that FlatWorld has waived privilege regarding FlatWorld's strategy regarding reissue of the patent-in-suit due to Ms. McAleese forwarding information regarding such strategy to Google at FWAPP 6012. You stated FlatWorld had not waived privilege for any communications or documents beyond the four corners of FWAPP 6012, and once again advised me to file a motion, confirming that we are at an impasse.

Finally, you stated that FlatWorld would investigate whether any additional documents from Norma Henderson, FlatWorld's patent prosecution counsel, could be located. You stated that FlatWorld would provide any documents it locates in the next couple weeks, and we look forward to receiving these documents. In the meantime, please advise us whether Hagens Berman represents Ms. Henderson.



July 29, 2013
Page 8

    I believe the above accurately summarizes our meet and confer of July 26, but if you disagree please let me know.

                                         Sincerely,

                                         */s/ Aaron Taggart*

                                         Aaron C. Taggart