# Exhibit 51



JAMES A. SHIMOTA
(312) 216-1624
JSHIMOTA@BRIDGESMAV.COM

July 30, 2013

**Via Electronic Mail**

Stephen J. Shapiro
Schnader, Harrison, Segal & Lewis LLP
1600 Market Street, Suite 1600
Philadelphia, PA 19103-7286

Re:   *FlatWorld v. Apple*

Dear Stephen:

We write regarding the subpoena requesting production of documents served by Apple on Rembrandt. More specifically, as I indicated at the deposition of Rembrandt, we request a meet and confer to discuss information withheld by Rembrandt as allegedly protected by the work product doctrine.

In order to justify withholding relevant documents as work product, Rembrandt has the burden of showing "an identifiable specific claim of impending litigation." *See, e.g., SmithKline Beecham Corp. v. Teva Pharmaceuticals USA, Inc.*, 232 F.R.D. 467, 484 (E.D. Pa. 2005). Rembrandt must also show that the withheld information was created "because of the prospect of litigation and for no other purpose." *Id.*

If briefing proves necessary, we do not believe Rembrandt will be able to carry its burden given the testimony of Rembrandt's designee Daniel Golub. Mr. Golub was designated to testify regarding the factual bases underlying all work product claims by Rembrandt. He, however, could not answer basic questions such as whether the withheld information constituted attorney work product, whether work product claims were made on behalf of Rembrandt, FlatWorld or both entities, whether the purpose of particular documents on the log was litigation, etc.

Moreover, the facts here show that work product claims are not justified. For example, FlatWorld has not logged as privileged a single communication between FlatWorld and Rembrandt even though Rembrandt's log shows there were numerous email communications that allegedly included work product. FlatWorld thus appears to have deleted all such emails. FlatWorld has no explanation for why it did not retain the emails, and, indeed, says it has no understanding of the basis for Rembrandt's work product claims. FlatWorld's conduct is not consistent with any claim that FlatWorld anticipated "impending litigation" in 2007, 2009 or 2010. Indeed, Mrs. McAleese recently submitted an affidavit in support of FlatWorld's Opposition to Apple's Motion to Disqualify in which she swore that as of 2008 "FlatWorld had not decided to enforce its patent through litigation." In the same declaration, Mrs. McAleese



Stephen J. Shapiro
July 30, 2013
Page 2

also claimed that FlatWorld was uncertain in 2009 whether patent litigation against Apple was even feasible. If FlatWorld did not anticipate "impending" patent litigation against Apple, non-party Rembrandt likewise could not have had a reasonable anticipation supporting work product claims.

    In addition, as the documents and testimony establish, Rembrandt and FlatWorld were not even able to execute a confidentiality agreement that would have then enabled the parties to discuss a potential patent monetization business relationship. And Rembrandt and FlatWorld also apparently agreed in 2007 to table any substantive discussions until FlatWorld was able to secure a reissue of the patent the parties began discussing in Summer 2007. Thus, the materials Rembrandt has withheld appear to relate at most to the inchoate possibility of future licensing discussions, and would then not be work product.

    We thus request that Rembrandt produce all documents it has withheld as work product, or provide us dates when Rembrandt is able to meet and confer regarding this issue.

    Thank you in advance for your consideration of the issues herein.

Sincerely,

James A. Shimota