# Exhibit 52



**Schnader**
ATTORNEYS AT LAW

1600 MARKET STREET   SUITE 3600
PHILADELPHIA, PA 19103-7286
215.751.2000   FAX 215.751.2205   schnader.com

August 2, 2013

Stephen J. Shapiro
Direct Dial: 215-751-2259
E-mail: sshapiro@schnader.com

**VIA EMAIL**

James A. Shimota, Esq.
Bridges & Mavrakakis LLP
180 N. LaSalle Street, Suite 2215
Chicago, IL 60601

        RE:    **Flatworld Interactives LLC v. Apple Inc., 12-1956 (N.D. Cal.)**

Dear Jim:

        We write on behalf of Rembrandt IP Management LLC in response to your letter of July 30, 2013 questioning Rembrandt's reliance on the work product doctrine to withhold from production certain documents responsive to a United States District Court for the Eastern District of Pennsylvania subpoena that Apple served on Rembrandt in connection with the above-captioned action.

        Rembrandt is withholding two categories of documents that are protected from disclosure by the work product doctrine: (1) confidential communications from Flatworld to Rembrandt that Rembrandt understands contain Flatworld's work product ("Flatworld's Work Product"),[1] and (2) documents containing the internal work product of Rembrandt ("Rembrandt's Work Product").

        With respect to Flatworld's Work Product, Flatworld, we understand, maintains that the documents constitute work product. Unless and until Flatworld either informs us that the documents are not work product or gives us permission to produce them, we are not authorized to produce Flatworld's Work Product.

        With respect to Rembrandt's Work Product, we are confident that Rembrandt properly has invoked the work product doctrine under both the controlling law and the facts of this case. As a preliminary matter, we disagree with your assertion that Daniel Golub, Rembrandt's designee, was not able to testify at deposition about the factual bases for Rembrandt's assertion of the work product doctrine. To the contrary, Mr. Golub testified that, at the time of the discussions between the parties, both Rembrandt and Flatworld anticipated potential litigation against Apple for infringement of Flatworld's 619 Patent. Indeed, as Mr.

---

[1]    Although Rembrandt and Flatworld did not execute a written confidentiality agreement, Mr. Golub repeatedly testified that the parties had an oral understanding that their discussions would remain confidential.

**Schnader**
ATTORNEYS AT LAW

James A. Shimota, Esq.
August 2, 2013
Page 2

Golub noted, the subject line on some of the withheld emails specifically refer to an Apple product – the iPhone.

In this regard, the case you cite – *Smithkline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467 (E.D. Pa. 2005) – supports Rembrandt's invocation of the work product doctrine. In *Smithkline*, the court held that a patent owner could not have anticipated litigation and, therefore, could not properly invoke the work product doctrine with respect to documents that were created *before* the patent owner learned that the defendant intended to market an allegedly infringing product. In other words, *Smithkline* stands for the unremarkable proposition that a patent owner cannot reasonably anticipate infringement litigation at a time when no infringing product exists. Here, by contrast, at the time the documents at issue were created an allegedly infringing product – the iPhone – did exist. *See Transweb, LLC v. 3M Innovative Properties, Co.*, 2012 U.S. Dist. LEXIS 76515 (D.N.J. July 13, 2012) (distinguishing *Smithkline* where "the document in question identifies the accused infringer and its products").

Moreover, the Third Circuit has made clear that, when analyzing whether a party anticipated litigation for purposes of the work product doctrine, the courts must "look[] to the state of mind of the party preparing the document" because "that person's 'unilateral belief' that litigation will result is the initial focus of the inquiry." *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1260 (3d Cir. 1993). Therefore, even if, as you claim, Flatworld did not anticipate litigation (and we understand Flatworld disputes that contention), Flatworld's beliefs would be irrelevant to Rembrandt's assertion of the work product doctrine with respect to its own documents.

Notwithstanding the above, and as we discussed during our telephone call today, we will contact counsel for Flatworld to discuss whether the parties may be able to reach an accommodation to resolve this dispute.

Sincerely,

Stephen J. Shapiro
For SCHNADER HARRISON SEGAL & LEWIS LLP

cc: Ryan Meyer, Esq.