# Exhibit 55

Page 1

1              IN THE UNITED STATES DISTRICT COURT

2             FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                     Case No. 12-CV-1956

4

5   ----------------------------------x

6   FLATWORLD INTERACTIVES, LLC, a

7   Pennsylvania limited liability company,

8              Plaintiff,

9   v.

10  APPLE, INC., a California company,

11             Defendant.

12  ----------------------------------x

13

14        VIDEOTAPED DEPOSITION OF GORDON NELSON

15                 Boston, Massachusetts

16               Thursday, June 27, 2013

17

18

19

20

21   Reported by:

22      Dana Welch, CSR, RPR, CRR

23      Job no. 62362

24

25

1
2
3
4
5
6                    June 27, 2013
7                      9:11 a.m.
8
9     Videotaped deposition of GORDON NELSON
10  held at Renaissance Boston Waterfront Hotel, 606
11  Congress Street, Boston, Massachusetts, pursuant to
12  Notice, before Dana Welch, Certified Shorthand
13  Reporter, Registered Professional Reporter, Certified
14  Realtime Reporter, and a Notary Public of the
15  Commonwealth of Massachusetts.
16
17
18
19
20
21
22
23
24
25

```
 1   A P P E A R A N C E S:
 2   HAGENS BERMAN SOBOL SHAPIRO
 3   Attorneys for Plaintiff
 4   1918 Eighth Avenue
 5   Seattle, Washington 98101
 6   By:  Mark S. Carlson, Esq.
 7
 8
 9
10   BRIDGES & MAVRAKAKIS
11   Attorneys for Defendant
12   One Palo Alto Square
13   3000 El Camino Real
14   Palo Alto, CA  94306
15   By:  James Shimota, Esq.
16
17
18
19
20
21   Also present:
22   Leeann McKeon, Legal Video Specialist,
23   TSG Reporting, Inc.
24
25
```

1    Q.  When you sent it in February of 2011, did
2    you intend it to be legal advice to your client?
3    A.  Absolutely.
4    Q.  Did you believe it was privileged?
5    A.  Again, I'm not a privilege expert, but it
6    is legal advice to my client.
7    Q.  Did you intend for it to be confidential?
8    A.  It is sent as a private e-mail.
9    Q.  Okay.  So you did intend it to be a
10   confidential communication between yourself and
11   your client?
12   A.  To the extent that e-mail generally is
13   private, yes.
14   Q.  Did you know in February of 2011 that
15   Ms. McAleese had forwarded your e-mail to it
16   appears to Thomas Reilly, who I believe that works
17   at ICAP?
18        MR. CARLSON:  Objection, assumes facts not
19   in evidence.
20   A.  No.
21   Q.  Did she tell you that she was going to
22   forward your e-mail?
23   A.  No.
24   Q.  And if you could turn to 6846.
25   A.  Uh-huh.