| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| ERIK J. OLSON (CA SBN 175815) | Telephone: (617) 526-6000 |
| ejolson@mofo.com | Facsimile: (617) 526-5000 |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | MARK D. SELWYN (SBN 244180) |
| San Francisco, California 94105-2482 | mark.selwyn@wilmerhale.com |
| Telephone: (415) 268-7000 | WILMER CUTLER PICKERING |
| Facsimile: (415) 268-7522 | HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| Attorneys for Plaintiff and | Telephone: (650) 858-6000 |
| Counterclaim-Defendant APPLE INC. | Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.  11-cv-01846-LHK (PSG) |
| Plaintiff, | **APPLE'S RESPONSE TO SAMSUNG'S STATEMENT REGARDING ACTUAL NOTICE** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Date:     October 17, 2013<br>Time:     1:30 PM<br>Place:    Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |
| Defendants. | |

**I. APPLE'S RESPONSES REGARDING THE COURT'S SPECIFIC QUESTIONS.**

**1. Non-Galaxy New Trial Products**. Samsung misidentifies two New Trial Products as not Galaxy-related: the Infuse 4G and Droid Charge. Samsung's website and independent news reports refer to these products as Galaxy phones, and a Samsung designer also testified under oath that the Infuse 4G is a Galaxy product. (Sabri Decl. Exs. 1-2, Ex. 3 at 12:5-14, 97:12-22.)

**2. Products Samsung asserts are subject to different notice dates than listed in Court's March 1, 2013 Order**. Samsung's current position is that all products other than the Transform are subject to notice dates different than the dates set forth in the March 1 Order. That new position is barred for the four reasons discussed below in Section II.

**3. Samsung's contention as to whether any New Trial Products were not sold before April 15.** Samsung has simply refused to respond to the Court's question, except for one product, the Exhibit 4G. Apple cannot possibly be the cause for Samsung's failure to answer a question posed by the Court about Samsung's own products.

**II. APPLE'S RESPONSES TO SAMSUNG'S ARGUMENTS.**

**Samsung is bound by the notice dates it asserted in winning its new trial motion.** The Court ordered the new trial at Samsung's request. The Court rejected Apple's theory of pre-complaint notice and set actual notices dates based on whether a patent was identified in the complaint or amended complaint, exactly as Samsung requested. Samsung repeatedly referred to those dates in its motion as the "correct notice dates," and asked the Court to take action based on those "correct" dates. (Dkt. No. 2013 at 25-26 & n.21; Dkt. No. 2131 at 17-18.) Samsung also instructed Mr. Wagner to use those dates as the basis for his damages assertions in his declaration supporting Samsung's motion, which is an admission by Samsung that those notice dates are the correct dates. (Dkt. No. 1990-20 ¶¶ 22, 27, 31.) The Court's Order accepted Samsung's arguments and included a chart that "indicates the correct notice dates, available remedies, and infringing products for each form of IP." (Dkt. No. 2271 at 18.) Having persuaded the Court to accept its position, Samsung cannot now assert that different notice dates apply, or that the new jury must decide notice dates. *See, e.g.*, *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

**Samsung waived its new argument that Apple provided notice only for products**

**identified in its Complaints.**  Samsung never argued in connection with the first trial or its post-trial motions that the Complaint did not give notice of infringement for any product not specifically identified.  In the 2012 Joint Pretrial Statement, the only issue Samsung raised about notice addressed "Mr. Musika's opinion on pre-filing damages" (Dkt. No. 1189 at 25 ¶ 8), set out in its MIL #8, seeking to "Exclude Any Evidence of Pre-Filing Notice."  (Dkt. No. 1185-3 at 19.)  Nor did Samsung raise this issue post-trial.  Samsung waived its new argument.  *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028-29 (9th Cir. 2003).

**Samsung's notice date arguments present an impermissible new theory.**  At trial, Mr. Wagner presented damage calculations consistent with the Court's March 1 Order, that is, based on the dates that the patents were asserted in complaints.  The only alternative calculations he testified to were based on the *earlier* notice dates that Mr. Musika had assumed.  (Trial Tr. 3031:24-3034:8.)  Mr. Wagner never testified that the jury could use a date *later* than the relevant complaints.  His report for the new trial asserted for the first time that "Samsung may argue that Apple did not provide notice, and thus damages should not begin for a product, until Apple specifically identified that product in its Complaint or Amended Complaint," and then for the first time addressed such calculations.  (8/26/2013 Wagner Rpt. ¶ 181.)  Allowing any Samsung witness to address this new theory would contradict the Court's Groundhog Day directives.

**The April 15, 2011, complaint gave notice for all products referenced in the March 1 Order with a notice date based on that complaint.**  Notice requires "a charge of infringement of specific patents by a specific product or group of products"; "when the threshold specificity is met, the ensuing discovery of other models and related products may bring those products within the scope of the notice."  *Funai Elec. Co. Ltd. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010).  Apple first identified the Galaxy S as an infringing product in its August 4, 2010 infringement presentation.  Apple's original complaint described the "Galaxy family" of phones as "exemplary" of Samsung's infringement (Dkt. No. 1 ¶ 56), which was sufficient to give notice of all Galaxy phones, as well as subsequently-introduced products with similar infringing designs and features.  A party that has been sued for infringement cannot invoke lack of notice to justify its continued infringement through the release of rebranded products.

Dated: October 15, 2013

MORRISON & FOERSTER LLP

By: */s/ Harold J. McElhinny*
   HAROLD J. MCELHINNY

Attorneys for Plaintiff
APPLE INC.