HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S RESPONSE TO SAMSUNG'S PROFFER OF EVIDENCE PURSUANT TO THE OCTOBER 11, 2013 CASE MANAGEMENT ORDER**<br><br>Judge:     Hon. Lucy H. Koh<br>Place:     Courtroom 8, 4th Floor<br>Trial:      November 12, 2013 at 9 a.m. |

1

## TABLE OF CONTENTS

2   I.      INTRODUCTION ........................................................................................................... 1

3   II.     ARGUMENT................................................................................................................. 1

4           A.      Evidence That the Court Has Already Excluded............................................. 1

5           B.      New Theories Based on Reverse Engineering the Jury Verdict ...................... 2

6           C.      New Theories Based on Trial and Post-Trial Information................................ 6

7           D.      Independent Derivation Evidence Is Irrelevant............................................... 7

8           E.      Evidence Relevant to Infringement and Validity ............................................ 7

9           F.      Additional Objections to Samsung's Proffer .................................................. 8

10                  1.      Sun-young Yi .......................................................................................... 8

11                  2.      Jaewoo Park ........................................................................................... 9

12                  3.      Jong-wook Shim ..................................................................................... 9

13                  4.      Jinsoo Kim .............................................................................................. 9

14                  5.      Stephen Gray ........................................................................................ 10

15                  6.      Andries van Dam ................................................................................. 11

16                  7.      Itay Sherman ........................................................................................ 11

17                  8.      Robert Anders ...................................................................................... 12

18                  9.      Samuel Lucente.................................................................................... 12

19                  10.     Min-Hyouk Lee .................................................................................... 13

20                  11.     Jeeyeun Wang ...................................................................................... 13

21                  12.     Dongseok Ryu ...................................................................................... 14

22                  13.     Hyoung Shin Park ................................................................................ 14

23                  14.     Yongseok Bang ..................................................................................... 15

24                  15.     Wookyun Kho ...................................................................................... 15

25                  16.     Jaegwan Shin ........................................................................................ 16

26  III.    CONCLUSION............................................................................................................. 16

27

28

# TABLE OF AUTHORITIES

Page(s)

CASES

*Atmel Corp. v. Info. Storage Devices, Inc.*,
  189 F.R.D. 410 (N.D. Cal. 1999) ........................................................................................ 4

*Econ. Lab., Inc. v. Donnolo*,
  612 F.2d 405 (9th Cir. 1979) ............................................................................................... 5

*Goodman v. Staples The Office Superstore, LLC*,
  644 F.3d 817 (9th Cir. 2011) ............................................................................................... 4

*Stryker Corp. v. Intermedics Orthopedics, Inc.*,
  96 F.3d 1409 (Fed. Cir. 1996) ............................................................................................. 5

STATUTES

25 U.S.C. § 289 ...................................................................................................................... 14

1    I.    **INTRODUCTION**

2           Apple hereby submits the following response to Samsung's Proffer of Evidence Pursuant

3    to the Court's October 11, 2013 Case Management Order ("Proffer") concerning evidence of

4    alleged non-infringing alternatives and independent derivation that Samsung intends to offer at

5    trial.  Much of Samsung's Proffer relies on testimony and exhibits that are subject to Apple's

6    pending pretrial objections, including Apple's objections to Samsung's exhibit and witness

7    disclosures, Apple's motion to strike, and Apple's motions *in limine*.  (Dkt. Nos. 2381, 2400,

8    2402, 2403, 2413, 2415.)  Apple's response is without waiver to any objection it has stated

9    previously, all of which Apple specifically incorporates by reference as if set forth herein.

10          The documents and testimony identified in Samsung's Proffer generally fall into five

11   broad categories:  (1) material that the Court has already excluded; (2) theories never previously

12   disclosed based on the jury's verdict in the first trial; (3) theories never previously disclosed

13   based on information adduced during trial and post-trial; (4) purported independent derivation

14   evidence; and (5) evidence related to infringement and validity.  As explained below, Samsung

15   should be precluded from offering any of these exhibits or testimony at trial.

16   II.   **ARGUMENT**

17          A.    **Evidence That the Court Has Already Excluded**

18          Samsung's Proffer violates the Court's prior order prohibiting it from arguing that it had a

19   design-around or non-infringing alternative to the "rubber band" features claimed in the '381

20   patent or the "double-tap-to-zoom" features claimed in the '163 patent.  Last year, Judge Grewal

21   precluded Samsung from introducing any "evidence of any kind" of any alleged hypothetical or

22   actual design-around for the '381 and '163 patents:

23                 And so in response to Samsung's request for clarification, here it is.
                   As a sanction for Samsung's extended non-compliance with the
24                 December 22 Order, for each of the '381, '891 and '163 patents,
                   Samsung may not offer any evidence of its design-arounds. This
25                 means no source code evidence, no non-source code evidence, ***no***
                   ***evidence of any kind, whether for liability purposes or any other***
26                 ***purpose. Period.***

27   (Dkt. No. 1106 at 3:25-4:2 (emphasis added).)  As a result of Samsung's untimely disclosure,

28   Apple has never had the opportunity to take discovery concerning Samsung's design-around

1    theories.  Indeed, given the limited scope of the new trial on damages, no additional discovery on

2    these issues has been allowed, and the Court has expressly rejected Samsung's argument that any

3    prejudice to Apple had dissipated with the passage of time.  (*See* Dkt. No. 2320 at 80:22-84:1.)

4        Judge Grewal's order was intended to sanction Samsung for "fail[ing] miserably" in

5    meeting its discovery obligations in this case, including "non-compliance" with the Court's prior

6    orders.  (Dkt. No. 1106 at 3:12, 3:21.)  Before the last trial, Samsung sought relief from Judge

7    Grewal's order under Fed. R. Civ. P. 72, which this Court denied.  In so doing, the Court

8    expressly stated that Samsung was precluded from "***all design around evidence for these two***

9    ***patents ['381 and '163]***."  (Dkt. No. 1545 at 4:24-25 (emphasis added).)

10       The Court's orders could not be clearer.  Samsung nevertheless seeks to introduce

11   purported evidence of design-arounds and non-infringing alternatives to the '381 and '163

12   patents.  (*See, e.g.*, Dkt. No. 2523 at 3:12-15 ("Mr. Wagner will testify regarding the availability

13   of acceptable non-infringing alternatives to the '163 [and] '381 . . . patents.  Mr. Wagner will also

14   testify regarding hypothetical design-arounds for these patents, including the time, personnel, and

15   costs associated with particular hypothetical design patents."); *see also* Updated Rebuttal Expert

16   Report of Michael J. Wagner for New Trial on Damages, August 26, 2013 ("Wagner Report")

17   (Dkt. No. 2401-6 ¶¶ 471-485 (identifying alleged design-arounds and non-infringing alternatives

18   to the '163 and '381 patents)); *id.* ¶¶ 433, 563 (identifying reasonable royalty for the '163 and

19   '381 patents based on design-around costs); Dkt. No. 2523 (proffering testimony and exhibits

20   from Sun-young Yi, Jaewoo Park, Jong-wook Shim, Stephen Gray, and Andries van Dam

21   regarding purported design-around and non-infringing alternatives to the '163 and '381 patents).)

22       The Court should exclude (again) Samsung's proffered testimony and exhibits in support

23   of alleged design-arounds and non-infringing alternatives to the '163 and '381 patents.

24       **B.     New Theories Based on Reverse Engineering the Jury Verdict**

25       Mr. Wagner seeks to reverse-engineer the first jury's verdict and testify that it proves the

26   existence of non-infringing alternatives that would have been available as a technical work-

27   around for Apple's patents.  For example, Mr. Wagner intends to testify that the jury's non-

28   infringement verdict for the Galaxy Ace, Intercept, and Replenish as to the '915 patent provides

1   acceptable non-infringing alternatives for the multi-touch features claimed by that patent.  (Dkt.

2   No. 2523 at 10:21-25.)  Likewise, Mr. Wagner intends to testify that the jury's verdict that the

3   Captivate, Continuum, Gem, Indulge, Intercept, Nexus S 4G, Transform, and Vibrant did not

4   infringe the '163 patent provides adequate non-infringing alternatives to that patent.  (Dkt. No.

5   2523 at 10:22-23.)  As another example, Mr. Wagner intends to testify as to the availability of

6   design alternatives to the D'677 patent based on the non-infringement verdict for other phones.

7   (Dkt. No. 2523 at 11:4-6; *see also id.* at 11:11-18 (opining that the prior verdict proves that a

8   white or grey Infuse 4G would be an acceptable non-infringing alternative to the D'677 patent).)

9   Mr. Wagner further intends to rely on post-trial interviews with Samsung engineer KwangJin Bae

10  to testify regarding the costs and expenses associated with these alleged design-arounds.  (Dkt.

11  No. 2523 at 11:19-22.)

12          Mr. Wagner's theories are improper.  As an initial matter, Samsung never disclosed them

13  until ***after*** the first trial.  Mr. Wagner's expert report prior to the first trial never disclosed a

14  theory that a split jury verdict would provide evidence of a non-infringing alternative or design-

15  around.  Nor did Samsung make any such disclosure in a discovery response.  If such a disclosure

16  had been made, Apple could have taken discovery and cross-examined Samsung's witnesses on

17  this point.  Apple further could have requested a special verdict form that would have included

18  the very same question.  Because Samsung failed to timely disclose this theory it should be

19  precluded from raising it at the new trial.  (Dkt. No. 2316 at 3 (ordering that there will be no "new

20  methodologies or theories" in the new trial).)

21          Even if the theory had been disclosed, Mr. Wagner is not qualified to testify regarding

22  what technology or designs do or do not qualify as acceptable non-infringing alternatives and

23  what would be required to incorporate them into any of the infringing phones.  He even admits

24  that the jury's verdict did not provide any guidance on how Samsung's products could be

25  modified to avoid infringement of Apple's patents.  (*See* Dkt. No. 2382-5, Wagner Dep. Tr. at

26  801:3-802:20.).  If Samsung had offered Mr. Wagner as a witness in the first trial to testify about

27  claim scope, infringement or why Samsung's products avoid infringement of Apple's patents, he

28  would have been excluded.  There is no reason that he should now be permitted to testify on these

1    topics now that the scope of the legal and factual issues have narrowed.  Samsung has never

2    provided a competent expert report from any witness on how the jury's verdict provides a

3    working technical solution to the problem that the patents solve and Mr. Wagner's bare

4    speculation is no substitute.

5         Samsung suggests in its proffer that Mr. Wagner disclosed his split verdict theory during

6    his direct testimony at trial.  (Dkt. No. 2523 at 10:8-9.)  Samsung is wrong.  To begin with, Mr.

7    Wagner's trial testimony does not qualify as a proper disclosure under the Federal Rules of Civil

8    Procedure, which require a "*written report*" providing a "complete statement of all opinions . . .

9    and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(B) (emphasis added); *see also*

10   *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) ("Rule 37

11   'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information

12   that is not properly disclosed") (citations omitted); *Atmel Corp. v. Info. Storage Devices, Inc.*, 189

13   F.R.D. 410, 411 (N.D. Cal. 1999) ("Under the normal operation of Rules 26 and 37 of the Federal

14   Rules of Civil Procedure, an expert may not extend his or her direct testimony beyond the

15   opinions and bases disclosed in the Rule 26(a)(2)(B) report and may not, on direct examination,

16   cover new work done thereafter.").  Samsung has not and cannot cite a single sentence in Mr.

17   Wagner's prior report where he disclosed Samsung's split verdict theory.  Furthermore, even if

18   Samsung were permitted to circumvent Rule 26's written disclosure requirement, Mr. Wagner's

19   *bare conclusion* that a split verdict would provide a "commercially acceptable alternative[]

20   design[] that could have been used instead of the infringing design" (Dkt. No. 2523 at 10:8-9

21   (citing Trial Tr. at 3038:4-19)), is insufficient because Mr. Wagner has admitted that he has no

22   technical expertise whatsoever to formulate such an opinion.  (*See*, *e.g.*, Dkt. No. 2382-5 at

23   802:20-803:9.)

24        Furthermore, there is no basis to assume—which is all Mr. Wagner can do—that the jury

25   necessarily determined that the non-infringing products were commercially acceptable

26   alternatives that offered the same benefits and advantages of the patented features.  Indeed, Mr.

27   Wagner admitted during his deposition that he has no basis to make that assumption and that he

28   has no way of knowing what was in the jury's mind when it returned a non-infringement verdict.

1   (Dkt. No.2382-5 at 799:22-801:14); *see generally Econ. Lab., Inc. v. Donnolo*, 612 F.2d 405, 409

2   (9th Cir. 1979) (rejecting appellant's argument because its "assumptions amount to nothing more

3   than speculation as to how the jury reached its verdict.").  The jury had no reason to reach that

4   question under the verdict form, which required no further findings after a determination of non-

5   infringement.  The jury could have tried (and failed) to use the specific features of the accused

6   products in the jury room.  Or the jury could have found that the accused products did not

7   perform the required functions at all.  Mr. Wagner admits that, if any of these very real

8   possibilities had in fact occurred, then his split verdict theory is incorrect.  (Dkt. No. 2382-5 at

9   801:2-6 ("Q:  If that's what the jury found [that the products did not perform the required

10  functions at all], the absence of the function would not be an acceptable noninfringing alternative;

11  correct?  A:  If you asked me to accept your assumption, that would be true.").)

12         There simply is no way of knowing what the jury had in its mind.  The parties do not

13  know and surely Mr. Wagner does not know.  The mere fact that the jury returned a verdict of

14  non-infringement for some products does not mean that those products would have been

15  commercially acceptable substitutes.  *See Stryker Corp. v. Intermedics Orthopedics, Inc.*, 96 F.3d

16  1409, 1418 (Fed. Cir. 1996) ("[A] 'product on the market which lacks the advantages of the

17  patented product can hardly be termed a[n] [acceptable] substitute'") (citation omitted).[1]

18  Accordingly, Samsung should be precluded from offering any supposed evidence of alleged

19  design-arounds and non-infringing alternatives based on trial information and reverse engineering

20  the jury's verdict.  Any such "evidence" would be nothing more than pure speculation and would

21  cause jury confusion.  (*See, e.g.*, Dkt. No. 2401-6; Wagner Report ¶ 183 n.363 & Schedules 19-

22  NT to 19.4-NT, 31-NT to 31.4-NT.)

23

24         [1] Ms. Davis did not, as Samsung asserts, opine that the jury's verdict "prove[s] the
    existence of non-infringing alternatives."  (Dkt. No. 2523 at 10:13-14.)  Rather, she adjusted her
25  *Mor-Flo* hypothetical market analysis **downward** to reflect the fact that the new trial involves
    fewer infringing products—leaving the sales of those products **credited to Samsung** rather than
26  reallocating them to other sellers. (Dkt. No. 2407-4 Ex. C (Davis Report) ¶ 92.)  The result of Ms.
    Davis's adjustment is to reduce the market share credited to Apple in calculating lost profits.  She
27  did not assume (as Mr. Wagner does) that the non-infringing products provided features that
    substitute acceptably for the claimed features in infringing products.
28

### C.    New Theories Based on Trial and Post-Trial Information

The Court has prohibited Samsung from expanding the scope of its prior disclosures by introducing new theories or methodologies or drawing upon any new data that was not available and used by Samsung or Mr. Wagner in the first trial.  (Dkt. No. 2316 at 3.)  In spite of that order, Samsung seeks to introduce new alleged design-around and non-infringing alternative theories based on trial testimony and post-trial events, including interviews with Samsung engineers and financial personnel in South Korea in July 2013 and patent reexamination proceedings.

For example, Mr. Wagner intends to rely on testimony from the first trial in support of new opinions.  In particular, Mr. Wagner intends to use certain out-of-context statements by Dr. Karan Singh to demean the value of the '915 patent and to provide opinions regarding purported non-infringing alternatives.  (Dkt. No. 2523 at 14:6-7.)  But the Court already ruled at the October 10, 2013 hearing that the parties' damages experts will not be permitted to rely on the testimony from the first trial in support of their opinions.  (Oct. 10, 2013 Hr'g Tr. 11:9-13.)  Accordingly, the Court should exclude such evidence.

As another example, Mr. Wagner allegedly reached conclusions that he claims to have "confirmed" with Mr. Gray and Dr. van Dam, and now seeks to testify that post-trial reexamination proceedings provide Samsung with a hypothetical design-around.  (Dkt. No. 2523 at 13:26-14:13, 20:23-23:23, 29:16-30:13.)  But Mr. Wagner has admitted that these opinions are new.  (Dkt. No. 2382-5 at 802:20-803:9.)  Nor is he qualified to give them.  He is not a patent expert, cannot testify regarding validity (the subject of the reexamination), or provide testimony on either claim scope or infringement.  Even if the evidence was not new, Samsung did not provide an expert report from either Mr. Gray or Dr. van Dam on these subjects and Mr. Wagner's hearsay repetition of their opinions is no substitute for the expert disclosures required by Rule 26.

Further, Mr. Wagner seeks to provide new opinions based on post-trial interviews with Samsung engineers and financial personnel in South Korea.  Of course, these post-trial data points were not included in Mr. Wagner's prior report and thus expressly violate the Court's order prohibiting Samsung from relying on new material.  (Dkt. No. 2316 at 3.)

1    Accordingly, all evidence based on post-trial information and expert opinions relying on

2    testimony from the first trial should be excluded.

3    **D.    Independent Derivation Evidence Is Irrelevant**

4    Samsung has made clear that it only intends to offer its purported "independent

5    derivation" evidence if Ms. Davis opines that Samsung was a "copier."  (Dkt. No. 2523 at 36:3-

6    20.)  Ms. Davis will speak to demand and how Samsung's intentional adoption of Apple's

7    technology, as reflected in its documents, reflects consumer demand for the patented features.

8    She will not use the word "copying" to describe this or testify about any independent value or

9    damages for "copying."  (Oct. 10, 2013 Hr'g Tr. 16:8-13.)  Accordingly, by its own

10   representation to the Court, Samsung's independent derivation evidence is irrelevant to any issue

11   in the new trial.

12   Furthermore, Samsung has not explained how its purported independent development

13   evidence would be relevant to any of the limited damages issues for the new trial.  As Apple

14   demonstrated in its Brief on Evidence of Copying or Demand (Dkt. No. 2524), the unique value

15   and basis of consumer demand for Apple's patented products, designs, and features is all relevant

16   to damages.  Samsung's independent derivation evidence is not relevant to any of these issues.

17   Indeed, Mr. Wagner does not identify "independent development" as a fact relevant to his

18   damages calculation anywhere in his expert report.  (*See* Dkt. No. 2401-6.)  Moreover, the Court

19   rejected Samsung's multiple attempts to offer this evidence during the first trial.  (Trial Tr.

20   292:11-12 ("We've done three reconsiderations on this and we need to move forward.").)  And

21   the Court expressly held that Samsung could not offer evidence of the development of the F700

22   (DX526) to argue independent design (Dkt. No. 1690 at 9), which is the very purpose for which

23   Samsung seeks to offer it now.  If this evidence was not admissible in the prior trial, where the

24   legal and factual issues were broader, it cannot be admissible in a narrower new trial on damages.

25   **E.    Evidence Relevant to Infringement and Validity**

26   As the Court has made clear, issues of infringement and validity will not be re-litigated in

27   the new trial.  (*See, e.g.*, Dkt. No. 2316 at 3 ("The sole purpose of the trial is to correct the

28   erroneous notice dates.").)  Yet many of the witness and exhibits in Samsung's proffer are

1   relevant only to issues of infringement and validity.  (*E.g.*, Dkt. No. 2523 at 18:5-7 (summarizing

2   invalidity and non-infringement expert reports submitted by Mr. Gray); *id.* at 26-27 (listing prior

3   art references Dr. van Dam intends to discuss); *id.* at 31:17-28 (explaining "Mr. Sherman will

4   testify consistent with his testimony at the first trial," including by discussing several prior art

5   references that Samsung argues invalidate the D'677 patent); *id.* at 32:6-7 (summarizing non-

6   infringement opinions disclosed by Mr. Anders); *id.* at 33:16 (summarizing Mr. Lucente's

7   disclosed opinions concerning "non-infringement and invalidity").) The Court should exclude

8   that evidence as outside the limited scope of the new trial on damages.

9        **F.     Additional Objections to Samsung's Proffer**

10            **1.     Sun-young Yi**

11       Samsung should not be permitted to offer the testimony of Sun-young Yi at the re-trial

12   because the subject of Ms. Yi's testimony was not properly disclosed.  Ms. Yi was only identified

13   in Samsung's initial disclosures as knowledgeable about Samsung's user interface designs for its

14   Android phones, and she was never identified as knowledgeable about any supposed design-

15   arounds in Samsung's relevant interrogatory responses.  (Dkt. Nos. 2413-5, 2413-6.)  As a result,

16   Apple had no notice of Ms. Yi's alleged knowledge of design-arounds when Ms. Yi was deposed.

17   Permitting Ms. Yi to testify now regarding design-arounds for the '381, '163, and D'305 patents

18   and design-around costs would also contravene the sanctions order in which the Court forbade

19   Samsung from introducing testimony about hypothetical design-arounds at trial (Dkt. No. 1106 at

20   3-4), including testimony regarding Mr. Wagner's conversations with Ms. Yi (Trial Tr. 2999:12-

21   14).

22       Even if Ms. Yi's testimony were timely and properly disclosed, it would nonetheless be

23   barred under Fed. R. Evid. 402 and 403.  Testimony regarding Samsung's design and

24   development of its user interface has no relevance to Samsung's damages case.  Samsung argues

25   that Ms. Yi can rebut evidence that Samsung copied Apple, but evidence of Samsung's design

26   process cannot rebut evidence that Samsung recognized the desirability of Apple's patented

27   designs.  (*See* Dkt. No. 2465 at 1-3.)  Such testimony would also improperly introduce Samsung's

28   independent development theory, which the Court excluded.  (*See, e.g.*, Dkt. No. 1690 at 8-9.)

### 2.     Jaewoo Park

Samsung should not be permitted to offer the testimony of Jaewoo Park at the re-trial because the subject of Mr. Park's testimony was not properly disclosed.  Mr. Park was not disclosed in Samsung's initial disclosures or Samsung's relevant interrogatory responses.[2]  (*See* Dkt. Nos. 2413-4, 2413-5, 2413-6.)  Because Mr. Park was not disclosed in Samsung's discovery responses, Apple did not depose Mr. Park.  Further, allowing Mr. Park to testify regarding design-arounds for the '381, '163, '915, and D'305 patents would contravene the sanctions order in which the Court forbade Samsung from introducing testimony about hypothetical design-arounds at trial (Dkt. No. 1106 at 3-4), including testimony regarding Mr. Wagner's conversations with Mr. Park.  (Trial Tr. 2999:12-14.)  Mr. Park's testimony should also be excluded under Fed. R. Evid. 402 and 403 because it has no relevance to any damages theory timely disclosed by Samsung.

### 3.     Jong-wook Shim

Samsung should not be permitted to offer the testimony of Jong-wook Shim at the re-trial because the subject of Mr. Shim's testimony was not properly disclosed.  Mr. Shim was not identified in Samsung's initial disclosures or Samsung's relevant interrogatory responses.  (*See* Dkt. Nos. 2413-4, 2413-5, 2413-6.)  Because Mr. Shim was not disclosed in Samsung's discovery responses, Apple did not depose Mr. Shim.  Further, allowing Mr. Shim to testify regarding the cost of design-arounds would contravene the sanctions order in which the Court forbade Samsung from introducing testimony about hypothetical design-arounds at trial.  (Dkt. No. 1106 at 3-4.)  Mr. Shim's testimony should also be excluded under Fed. R. Evid. 402 and 403 because it has no relevance to any damages theory timely disclosed by Samsung.

### 4.     Jinsoo Kim

Samsung should not be permitted to offer the testimony of Jinsoo Kim at the re-trial because Mr. Kim's testimony has no relevance to any damages theory timely disclosed by

---

[2] Samsung first identified Mr. Park in its June 18, 2012 supplemental initial disclosures, which were served ***three months*** after the close of fact discovery in this case.

1   Samsung.  Samsung identifies Mr. Kim on the topic of "Samsung design," but this topic has no

2   relevance to Samsung's damages case.  Samsung proposed to introduce Mr. Kim to testify

3   regarding the development Samsung Ace, but the questions regarding infringement have been

4   resolved, and neither Samsung nor Mr. Wagner identified the Samsung Ace as a design-around

5   alternative for the D'677 Patent, let alone one that could have been used for the Infuse 4G.

6   Samsung cannot rebut Apple's evidence of demand for Apple's patented products and features or

7   any other damages issue by presenting evidence of Samsung's supposed independent

8   development.  Testimony about a product found to infringe Apple's utility patents in the prior

9   trial, for which the damages verdict was affirmed and which Samsung previously contended was

10  not introduced into or available in the United States, will serve only to confuse the jury and waste

11  time on issues that the jury will not be asked to resolve.  Moreover, testimony on how Samsung's

12  products were designed could be used only to re-litigate issues of infringement or validity that

13  have already been decided and should be excluded under Fed. R. Evid. 402 and 403.

14              **5.      Stephen Gray**

15              Samsung should not be permitted to offer the testimony of Stephen Gray at the re-trial

16  because Mr. Gray's testimony has no relevance to any damages theory timely disclosed by

17  Samsung.  Mr. Gray is a technical expert who opined on Samsung's defenses of non-infringement

18  and invalidity of the '915 and '163 patents.  (*See* Dkt. No. 2255-2 (invalidity expert report); Dkt.

19  No. 2255-12 (non-infringement expert report).)  Those issues will not be re-litigated in the

20  damages retrial, and Mr. Gray's testimony therefore should be excluded under Fed. R. Evid. 402

21  and 403.  The validity and scope of Apple's patents in comparison to prior art reference is not an

22  issue being resolved in the new trial.  Moreover, Samsung proposes to introduce Mr. Gray on

23  topics that were beyond the scope of any expert report or which were excluded by the Court's

24  prior order excluding evidence of design-arounds.  Thus, he should not be permitted to testify to

25  any alleged non-infringing alternative to the '163 patent or to any alleged effect of post-trial

26  events, such as the reexamination of the '915 patent, the impact of the alleged verdict, the alleged

27  impact of a "three finger scroll," or allegedly alternatives that Samsung disclosed only after trial.

28  Samsung has never provided any expert report from Mr. Gray on the latter topics and the Court

1    excluded the former topics.  Mr. Gray's testimony strays far afield of both his prior expert reports

2    and of the limited damages issues that are being retried.

3                    **6.       Andries van Dam**

4              Samsung should not be permitted to offer the testimony of Andries van Dam at the re-trial

5    because Dr. van Dam's testimony has no relevance to any damages theory timely disclosed by

6    Samsung.  Samsung has identified Dr. van Dam to testify generally about Apple's '381 patent,

7    but Dr. van Dam only testified regarding the ***validity*** of the '381 patent at the first trial.  (*See* Trial

8    Tr. 2846:1-4, 2846:8-18.)  Further, Dr. van Dam's expert report is only directed to the validity of

9    the '381 patent.  (*See* Dkt. No. 939-4 Ex. 11.)  The scope and validity of Apple's patents

10   compared to alleged prior art references, such as Lira, LaunchTile and DiamondTouch, is not

11   relevant to any damages issue.  Further, Dr. van Dam's opinions regarding the reexamination of

12   Apple's patents was not disclosed in any expert report, is irrelevant and will sow confusion about

13   the validity of Apple's patents.  Since neither infringement nor validity is to be re-litigated and

14   Dr. van Dam did not timely disclose of the specific opinions that are conceivably relevant to

15   damages, his testimony is not relevant.  Nor should Samsung be allowed to circumvent the

16   Court's order excluding evidence of design-arounds.  Further, if Dr. van Dam were allowed to

17   testify, it would create a substantial risk that the re-trial would be tainted with improper testimony

18   regarding the alleged invalidity of the '381 patent and/or previously undisclosed design-around

19   theories for the '381 patent.  (*See* Dkt. No. 2403.)

20                   **7.       Itay Sherman**

21             Samsung should not be permitted to offer the testimony of Itay Sherman at the re-trial

22   because Mr. Sherman's testimony has no relevance to any damages theory timely disclosed by

23   Samsung.  Samsung now identifies Mr. Sherman on the topic of "design patents," but Samsung

24   originally disclosed that Mr. Sherman would opine regarding whether "the asserted design patents

25   are invalid because they are functional and because they are obvious and/or anticipated by the

26   prior art."  (Dkt. No. 1278 at 6.)  At trial, Mr. Sherman testified "about the validity of three Apple

27   design patents" (Trial Tr. 2573:17-18; 2576:2-2577:3).  (*See* Dkt. No. 939-4 Ex. 27.)  Mr.

28   Wagner does not mention Mr. Sherman in his original or updated report, nor does he rely on Mr.

1    Sherman's opinions regarding prior art or functionality since Mr. Wagner's opinions assume that

2    infringement and validity have been established.  The alleged invalidity of the D'677 patent is not

3    at issue and testimony about prior art and the scope of the D'677 patent in light of prior art will

4    only generate a risk that the jury will revisit infringement or validity, which are both decided.

5    Accordingly, Mr. Sherman has no relevant opinion to offer at the damages re-trial.

6    ### 8.   Robert Anders

7    Samsung should not be permitted to offer the testimony of Robert Anders at the re-trial

8    because Mr. Anders' testimony has no relevance to any damages theory timely disclosed by

9    Samsung.  Although Samsung now identifies Mr. Anders on the general topic of "design patents,"

10   it previously disclosed him for "non-infringement analyses for the design patents and trade dress

11   claims."  (Dkt. No. 1278 at 1.)  Mr. Anders did not testify at the first trial, and his opinions

12   regarding infringement of Apple's design patents were struck by the Court as untimely disclosed.

13   (Dkt. Nos. 1144 at 3; 1545 at 5-9; 939-4 Ex. 30, Part C.)  Mr. Wagner never mentions Mr. Anders

14   in his original or updated expert report and does not rely on any of his opinions.  (*See* Dkt. Nos.

15   999-18; 2388 Ex. A.)  Accordingly, Mr. Anders has no relevant opinion to offer at the damages

16   re-trial.

17   ### 9.   Samuel Lucente

18   Samsung should not be permitted to offer the testimony of Samuel Lucente at the re-trial

19   because Mr. Lucente's testimony has no relevance to any damages theory timely disclosed by

20   Samsung.  Mr. Lucente did not testify at the first trial, nor does Mr. Wagner even mention Mr.

21   Lucente in his original or updated report.  Mr. Lucente's expert reports are also specifically

22   directed to the alleged non-infringement and invalidity of Apple's design patents and trade dress

23   (*see* Dkt. No. 939-4 Exs. 26 and 29), and Samsung previously identified Mr. Lucente for

24   "invalidity of the GUI patents for anticipation and obviousness; invalidity of the design patents

25   and trade dress allegations based on functionality; non-distinctiveness of the GUI-related trade

26   dress; and non-infringement on the GUI for the accused devices for the design patent, and trade

27   dress claims."  (Dkt. No. 1278 at 4.)  These topics, which were the subject of his prior report,

28   have no relevance to Samsung's damages case since infringement and validity have been

1   established.  Further, Mr. Lucente's testimony has no relevance to Samsung's profits, which is the

2   primary damages theory that applies to the D'305 Patent.

3       **10.   Min-Hyouk Lee**

4       Samsung should not be permitted to offer the testimony of Min-Hyouk Lee at the re-trial

5   because Mr. Lee's testimony has no relevance to any damages theory timely disclosed by

6   Samsung.  Samsung identifies Mr. Lee on the topic of "Samsung design and design of the

7   accused Samsung Products"; however, Samsung's alleged independent development of  its

8   products has no relevance to Samsung's damages case since infringement and validity have been

9   established.  Nor does Samsung allege that Mr. Lee had any role in the industrial design of the

10  Infuse 4G, which is the only product in the new trial that infringes the D'677 patent, even if

11  allegations of independent development were relevant.  Mr. Lee alleged work to design other

12  Galaxy phones (such as the Galaxy S i9000), for which the jury's verdict was already confirmed,

13  or the F700 is irrelevant and evidence on the design history of the F700 was excluded at the prior

14  trial.  Samsung cannot rebut Apple's evidence of demand for Apple's patented products and

15  features by presenting evidence of Samsung's supposed independent development.  Testimony on

16  how Samsung's products were designed can only be used to re-litigate issues of infringement or

17  validity that have already been decided and should be excluded under Fed. R. Evid. 402 and 403.

18      **11.   Jeeyeun Wang**

19      Samsung should not be permitted to offer the testimony of Jeeyeun Wang at the re-trial

20  because Ms. Wang's testimony has no relevance to any damages theory timely disclosed by

21  Samsung.  Samsung has identified Ms. Wang on the topic of the "graphic user interface of

22  Samsung products," but this topic has no relevance to Samsung's damages case because

23  infringement and validity have been established.  Ms. Wang testified at the first trial to rebut

24  Apple's claim that Samsung's products infringed the D'305 patent.  But Ms. Wang's testimony

25  cannot Samsung cannot rebut Apple's evidence of Samsung's profits, which is the primary

26  damage theory that applies to the D'305 patent, or of a reasonable royalty, by a claim that Ms.

27  Wang independently prepared the infringing graphical user interface.  Testimony on how

28  Samsung's products were designed can only be used to re-litigate issues of infringement or

1    validity that have already been decided and should be excluded under Fed. R. Evid. 402 and 403.

2    **12.    Dongseok Ryu**

3    Samsung should not be permitted to offer the testimony of Dongseok Ryu at the re-trial

4    because Samsung did not disclose Mr. Ryu in its initial disclosures.  Mr. Ryu's testimony should

5    also be excluded under Fed. R. Evid. 402 and 403 because it has no relevance to any damages

6    theory timely disclosed by Samsung.  Samsung identifies Mr. Ryu on the topic of "Samsung UX

7    design, the design of accused Samsung products, and contemporaneous designs"; however, these

8    topics have no relevance to Samsung's damages case since infringement and validity have been

9    established.  Mr. Ryu's role in creating the icon layout for Samsung products that infringe the

10   D'305 patent does not provide any information relevant to Samsung's profits from the sale of

11   these phones, which is the primary damage theory that applies to the D'305 patent.  Nor does not

12   provide information relevant to a reasonable royalty for that patent, as reflected in either Ms.

13   Davis' or Mr. Wagner's report.  Samsung's supposed independent development is not a defense

14   to Apple's claim to damages under 25 U.S.C. § 289 or the minimum required damages of a

15   reasonable royalty.  Testimony on how Samsung's products were designed can only be used to re-

16   litigate issues of infringement or validity that have already been decided and should be excluded

17   under Fed. R. Evid. 402 and 403.

18   **13.    Hyoung Shin Park**

19   Samsung should not be permitted to offer the testimony of Hyoung Shin Park at the re-

20   trial because she was excluded from testifying at the first trial, and she is not disclosed on

21   Samsung's list of witnesses for the re-trial (either as a live witness or as a witness to be presented

22   via deposition testimony).  (Dkt. No. 2413.)  Ms. Park's proffered testimony regarding Samsung's

23   alleged independent development of the accused Samsung products should also be excluded

24   because it has no relevance to any damages theory timely disclosed by Samsung.  Samsung

25   cannot rebut Apple's evidence of demand for Apple's patented products and features by

26   presenting evidence of Samsung's supposed independent development.  Further, testimony about

27   the development of the F700 phone is not relevant to the damages trial and was excluded in the

28   first trial.  Testimony on how Samsung's products that are not even a part of the present case and

1   for which no damages are being claimed were designed is irrelevant, and to the extent admitted

2   would encourage the jury to revisit  issues of infringement or validity that have already been

3   decided and should be excluded under Fed. R. Evid. 402 and 403.

4         **14.    Yongseok Bang**

5         Samsung should not be permitted to offer the testimony of Yongseok Bang at the re-trial

6   because Mr. Bang was not listed on Samsung's July 23, 2012 final witness list.  Mr. Bang's

7   proffered testimony regarding Samsung's alleged independent development of the infringing

8   Samsung products should also be excluded because it has no relevance to any damages theory

9   timely disclosed by Samsung.  Samsung cannot rebut Apple's evidence of demand for Apple's

10   patented products and features by presenting evidence of Samsung's supposed independent

11   development.  Testimony on how Samsung's products were designed can only be used to re-

12   litigate issues of infringement or validity that have already been decided and should be excluded

13   under Fed. R. Evid. 402 and 403.

14         **15.    Wookyun Kho**

15         Samsung should not be permitted to offer the testimony of Wookyun Kho at the re-trial

16   because Mr. Kho's testimony was not properly disclosed.  Mr. Kho was not disclosed in

17   Samsung's initial disclosures or on Samsung's July 23, 2012 final witness list.[3]  Mr. Kho's

18   proffered testimony regarding Samsung's alleged independent development of the functions in

19   the Samsung products that infringe the '381 patent should also be excluded because it has no

20   relevance to any damages theory timely disclosed by Samsung.  Samsung cannot rebut Apple's

21   evidence of demand for Apple's patented products and features by presenting evidence of

22   Samsung's supposed independent development.  Testimony on how Samsung's products were

23   designed can only be used to re-litigate issues of infringement or validity that have already been

24   decided and should be excluded under Fed. R. Evid. 402 and 403.  Further, Samsung should not

25

26         [3] Samsung included Mr. Kho on its July 23, 2012 list of persons that it may have called if

27   permitted (Dkt. No. 1278 at 24), which the Court struck as violating the limits on the number of witnesses on the parties' final witness lists (Dkt. No. 1293).  Mr. Kho was not included among the witnesses that Samsung properly identified in its July 23, 2012 final witness list.

28

1   be permitted to use Mr. Kho to circumvent the Court's order regarding alleged design-arounds for

2   the '381 or '163 patents.

3             **16.   Jaegwan Shin**

4         Samsung should not be permitted to offer the testimony of Jaegwan Shin at the re-trial

5   because Mr. Shin's testimony was not properly disclosed to Apple.  Mr. Shin was not identified

6   in Samsung's initial disclosures or included on Samsung's July 23, 2012 final witness list.  Mr.

7   Shin's testimony should also be excluded under Fed. R. Evid. 402 and 403 because it has no

8   relevance to any damages theory timely disclosed by Samsung.  Samsung has identified Mr. Shin

9   on the topic of "the accused Samsung products and the user interface and functionality of the

10   accused Samsung products"; however, Samsung's development of the features that infringed

11   Apple's utility patents are not relevant since infringement and validity have been established.

12   Further, Samsung should not be permitted to use Mr. Shin's to circumvent the Court's order

13   excluding alleged design-arounds for the '381 or '163 patents.

14   **III.   CONCLUSION**

15         For the foregoing reasons, the Court should preclude Samsung from offering at trial the

16   improper materials and testimony described above and for the reasons stated in Apple's

17   objections to Samsung's exhibit and witness disclosures, Apple's motion to strike portions of Mr.

18   Wagner's report and testimony, and Apple's motions *in limine*.

19

20   Dated: October 15, 2013          MORRISON & FOERSTER LLP

21

22             By: */s/ Harold J. McElhinny*
23                  HAROLD J. McELHINNY

24                  Attorneys for Plaintiff
               APPLE INC.

25

26

27

28