| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| ERIK J. OLSON (CA SBN 175815) | Telephone: (617) 526-6000 |
| ejolson@mofo.com | Facsimile: (617) 526-5000 |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | MARK D. SELWYN (SBN 244180) |
| San Francisco, California  94105-2482 | mark.selwyn@wilmerhale.com |
| Telephone:  (415) 268-7000 | WILMER CUTLER PICKERING |
| Facsimile:  (415) 268-7522 | HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| Attorneys for Plaintiff and | Telephone: (650) 858-6000 |
| Counterclaim-Defendant APPLE INC. | Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S RESPONSE TO SAMSUNG'S STATEMENT REGARDING DESIGN-AROUND START DATES**<br><br>Date:     October 17, 2013<br>Time:    1:30 PM<br>Place:   Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

At Samsung's request, the Court granted a new trial to "correct" Apple's lost profits calculations using the new notice dates ordered by the Court. (Dkt. No. 2271 at 18-20, 24, 26; *see* Dkt. No. 2316 (April 29, 2013 CMO stating that "[t]he sole purpose of the [new] trial is to correct the erroneous notice dates").) As explained below, Julie Davis has done exactly that. She has applied the same methodology that Mr. Musika used for determining the start dates of the design-around periods. She did not change from a "first infringement" model to an "actual notice" model, as Samsung incorrectly argues. Ms. Davis updated the lost profits calculations to reflect both the jury's verdict about which products infringe and the Court's March 1 Order directing Apple to apply different notice dates. Samsung's request to exclude those calculations—which are the whole point of the new damages trial—should be denied.

### A.  Mr. Musika Determined the Design-Around Period Start Dates by Taking the Date by Which *Both* Infringement and Notice Had Occurred.

Contrary to Samsung's assertions, Mr. Musika did not opine that the lost profits period simply starts on the date of first infringement. In his expert report, Mr. Musika explained the methodology that he used for determining the start date for the lost profits period as follows:

> Accordingly, Apple's lost sales are based on the amount of lost sales only during the number of months Samsung is removed from the market…. ***This period begins at the later of the issuance of the item of Apple Intellectual Property In Suit or the date in which Samsung first sold the product embodying the Apple Intellectual Property In Suit and assumes that Samsung had notice of the patents on that date.***

(Dkt. No. 2407-4 Robinson Decl. Ex. A ("Musika Rpt.") ¶ 129 (emphasis added).) Mr. Musika stated that, when notice post-dates infringement, "the calculations done to determine the amount of time that Samsung would be unable to sell products should begin at the date in which notice is proven." *Id.* Mr. Musika's model took **the later of** the date on which Samsung first infringed and the date on which Samsung had notice of Apple's patents. In other words, both conditions (infringement *and* notice) had to be satisfied in order for the design-around period to begin. In the first trial, the start date for the lost profits period coincided with the date of Samsung's first infringement because Apple believed and argued that Samsung had notice on the August 4, 2010 before infringement. That record does not support Samsung's incorrect assertion that Mr. Musika used first infringement alone as his design-around start date.

**B.     Ms. Davis Applied the *Same* Methodology as Mr. Musika To Determine the Design-Around Period Start Dates and Updated the Lost Profits Calculations To Reflect the Court's March 1 Order.**

Samsung moved for a new trial on damages on the basis that Mr. Musika's lost profits calculations relied on a notice date (August 4, 2010) that was not supported by the evidence for several of Apple's patents. Samsung never argued this theory for denying lost profits. Samsung did argue for notice dates based on whether a patent was identified in the complaint or amended complaint, and asked the Court to take action based on those "correct" dates. (Dkt. No. 2013 at 25-26 & n.21; Dkt. No. 2131 at 17-18.) The Court accepted Samsung's arguments and ruled that the "correct" notice dates were August 4, 2010 for the '381 patent; April 15, 2011 for the '915 and D'677 patents; and June 16, 2011 for the '163 and D'305 patents. (Dkt. No. 2271 at 18-20.) The Court then ordered a new trial to determine the amount of damages for thirteen infringing products using the "correct" notice dates. (*Id.* at 18, 24, 26.) The Court further instructed that Apple's damages expert should apply the same methodologies as before but should "chang[e] … the notice dates based on when notice was given … for the various intellectual property rights." (Aug. 21, 2013 Hrg. Tr. at 55:10-14.)

Ms. Davis has done precisely what the Court ordered. She applied Mr. Musika's explicitly stated methodology for calculating lost profits damages—including use of ***the later of*** the date on which Samsung first infringed and the date on which Samsung had notice of Apple's patents to initiate the design around period. (*See* Dkt. No. 2407-4 Robinson Decl. Ex. C ("Davis Rpt.") ¶ 93 & Exs. 17-PT-H through 19.1-PT-H, 17-PT-I through 19.1-PT-I; *see also* Olson Decl., Ex. A at 111:14-19.) But because the Court-ordered notice dates occurred ***after*** Samsung's first infringement, the design-around start dates now coincide with the dates on which Samsung received notice of Apple's patents. (*See* Davis Rpt. ¶ 93 & Exs. 17-PT-H through 19.1-PT-H, 17-PT-I through 19.1-PT-I; *see also* Olson Decl. Ex. A at 111:14-19.) Ms. Davis's work reflects a change in the notice dates—as required by the March 1 Order—not a change in methodology.

Samsung nonetheless argues that Ms. Davis's lost profits calculations should be stricken based on the Court's previous order excluding Mr. Musika's alternative calculations, which were based on ***Samsung's*** proposed notice dates. But that reasoning does not extend to Ms. Davis's

calculations in Exhibits 17-PT-H and 17-PT-I.[1] Pursuant to the Court's March 1 Order, Ms. Davis necessarily updated the lost profits calculations to reflect the ***Court-ordered*** notice dates. (*See* Davis Rpt. ¶ 93 (explaining how the calculations were updated "to reflect the March 1 Order" by "[a]djust[ing] the calculation of Apple's lost profits so that lost profits damages did not accrue, and the period during which Samsung would attempt to design around a patent did not start, before the date on which the Court found that Samsung had actual notice of the patents").) Further, the Court asked whether Ms. Davis's Exhibit 17.2-PT-H is identical to Mr. Musika's prior exhibit. It is not. Some calculations overlap because that is the result of applying Mr. Musika's identical methodology to the "correct" notice dates ordered by the Court. Ms. Davis's calculations are accordingly consistent with—and, indeed, required by—the Court's March 1 Order. Rather than give an answer that undercuts its argument, Samsung ignored the question.

Samsung also suggests that Ms. Davis improperly "reintroduce[d]" a claim for lost profits on the Exhibit 4G. (Dkt. No. 2530 at 3.) That is incorrect. The availability of lost profits for the Exhibit 4G depends on, among other things, the applicable notice dates. The change in notice dates moved the design-around periods for the Exhibit 4G such that there are now lost sales within the design-around period. Again, that is a consequence of applying the Court's order—not a changed methodology—and is appropriately reflected in Ms. Davis's lost profits calculations.

Samsung suggests that Ms. Davis should be limited to the lost profits calculations disclosed in Exhibits 17-PT-J and 17-PT-K. (*Id.*) Those, however, are alternative calculations intended to show the effect of applying the improper start-date methodology used by ***Samsung's*** expert Michael Wagner. (Olson Decl. Ex. A at 133:18-134:5.) As Ms. Davis explained, they are not "appropriate" calculations because they illogically "assume that Samsung could start designing around a patent that it didn't yet have notice about." (*Id.* at 134:6-11.)

---

[1] For example, the Court's order excluding Mr. Musika's calculations noted that "Samsung was not able to cross examine Mr. Musika or otherwise test his application of the alternative theory." (Dkt. No. 1690 at 2.) Those same concerns do not apply here because Samsung's counsel questioned Ms. Davis extensively at her deposition about her methodology in determining the design-around period start dates and her updated calculations based on those new notice dates. (*See, e.g.*, Olson Decl. Ex. A at 36-38, 109-114, 130-136.)

| | | |
|---|---|---|
| 1 | Dated: October 15, 2013 | MORRISON & FOERSTER LLP |

By:  */s/ Harold J. McElhinny*
     HAROLD J. McELHINNY

Attorneys for Plaintiff
APPLE INC.