# EXHIBIT 4

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

February 11, 2012

Writer's Direct Contact
415.268.6615
JasonBartlett@mofo.com

*By Email* (dianehutnyan@quinnemanuel.com)

Diane Hutnyan
Quinn Emanuel
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017-2543

Re:   *Apple v. Samsung*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Diane:

This letter concerns Apple's designation of 30(b)(6) witnesses.

Samsung misconstrues my February 6 letter.  The witnesses identified in my letter were designated as 30(b)(6) witnesses.  The dates I listed were confirmed deposition dates.  You assert that a company presented with a 30(b)(6) notice is obligated to designate one or more persons to testify, which is what we are doing.  Samsung, on the other hand, has designated only a *single individual* in response to Apple's 30(b)(6) notices, despite having certain of them for months, and despite Rachel Kassabian's representation on Monday's lead counsel meet-and-confer that Samsung would be providing names and dates as soon as possible this week.  We are responding to Samsung's 30(b)(6) notices in good faith by designating actual witnesses.  When will Samsung reciprocate?

Apple's objections to Samsung's 30(b)(6) notices are not "boilerplate," nor are they based solely on the number of topics.  They are based on the fact that the breadth of the topics in Samsung's four notices is just as impracticable and extreme as the 229-topic notice that Judge Grewal already found violated Fed. R. Civ. P. 26(b)(2)(C)(iii).  In essence, Samsung has just taken one overbroad notice and turned it into four overbroad notices.

By issuing yet another set of overbroad 30(b)(6) notices, Samsung ignored at least the spirit of the Court's protective order.  This appears to have been by design and in furtherance of Samsung's goal, as Samsung has acknowledged on multiple occasions lately including in your letter, to continue the trial date.  Samsung therefore has no incentive to define or negotiate reasonable 30(b)(6) topics.  Doing so would promote the orderly conclusion of discovery and therefore move the case toward trial.

sf-3103058

**MORRISON | FOERSTER**

Diane Hutnyan
February 11, 2012
Page Two

Apple is following Judge Grewal's suggestion at the hearing on Apple's protective order. The witnesses Apple identified will testify about subject matter that appears to us to be within the scope of Samsung's requests. Because so many of Samsung's requests are vague, overbroad, lack reasonable particularity, and seek irrelevant information, Apple cannot represent that the witnesses will be fully prepared to answer any question that Samsung may have. Apple will, however, prepare the following witnesses to testify as 30(b)(6) representatives on relevant and reasonably discrete topics relating to Samsung's requests.

Below, Apple sets forth witnesses it is offering with more specific detail on topics in order to avoid further dispute:

- Beth Kellerman is designated to testify about Apple's preservation, collection and production of documents in connection with this lawsuit. This topic relates to topic 1 from Samsung's "General Topics" notice. Ms. Kellerman will be deposed on February 23.

- Mark Buckley is designated to testify about Apple financial information that is relevant to this lawsuit. He will address Apple's sales, costs, and profits relating to the iPhone, iPad and iPod touch and Apple's capacity to make those products. These topics relate to topics 2-7 and 13-18 from Samsung's "Damages Topics" notice and topics 7-8 from Samsung's "Design and Trade Dress" notice. Mr. Buckley will be deposed on February 23.

- Suzanne Lindbergh is designated to testify about the fame of iPhone, iPad and iPod touch in the U.S., and more specifically about the appearance of those products in popular U.S. media such as television shows, movies, and news media. This topic relates to topics 6-9 and 13 from Samsung's "Design and Trade Dress" notice. Ms. Lindberg heads the group at Apple that provides products for use in popular media. Ms. Lindbergh will testify on February 28.

- Tamara Whiteside is designated to testify about advertising of the iPhone, iPad and iPod touch in the U.S. This topic relates to topics 1-3, 10, 14 and 15 from Samsung's "Damages Topics" notice and topics 3, 6-11 from Samsung's "Design and Trade Dress" notice. Ms. Whiteside will be deposed on February 28

- Boris Teksler is designated to testify about Apple's policies (to the extent non-privileged) regarding evaluating third-party patents, Apple's policies regarding ETSI participation, Apple's WCDMA/Wireless licenses, the value of 3G technology to Apple's products, Apple's knowledge of Samsung's infringement of the Apple intellectual property at issue in this case, and Apple's pre-suit negotiations with Samsung. These topics relate to topics 3, 5-11, 18 and 19 from Samsung's "General

sf-3103058

MORRISON | FOERSTER

Diane Hutnyan
February 11, 2012
Page Three

>   Topics" notice, topics 11-12 and 19-30 from Samsung's "Damages Topics" notice, and topics 15-16, 18, 21, and 23 of Samsung's Second notice.  Mr. Teksler is a licensing executive at Apple who was personally involved in many of the licenses that his testimony will address, including the Samsung negotiations.  Mr. Teksler will be deposed on February 22.

In addition to the above, Apple hereby designates the following additional witnesses:

- Christopher Stringer is designated to testify about the conception and development of the industrial design of the iPhone, iPad and iPod touch and the Apple design patents at issue in this case.  This topic relates to Samsung's topics 1-4 from Samsung's "Design and Trade Dress" notice.  We note that Mr. Stringer has already been deposed as a 30(b)(6) witness in this case.  If there are facts that Mr. Stringer was unable to provide in his last deposition that you would like him to address, please let us know.

- Greg Joswiak is designated to testify about the marketing of the iPhone, iPad and iPod touch in the United States, as well as the U.S. market for the Apple products at issue.  This topic relates to Samsung's topics 1-3, 5, 10, and 13 from Samsung's "Damages Topics" notice and topics 6-10 from Samsung's "Design and Trade Dress" notice.  Greg Joswiak's deposition has been proposed for February 24.

- Jason Shi is designated to testify about the baseband chips incorporated into the iPhone, iPad and iPod touch, and the accused UMTS functionality of the iPhone, iPad and iPod touch, to the extent known by Apple.  These topics relate to topics 1, 6-7, 9-11, 15-17, 18-21 from Samsung "Technical Patent Topics" notice, and topics 1-8 from Samsung's Second Notice.  Mr. Shi's deposition has been set for March 1.

- T.B. Muresan is designated to testify about testing of the iPhone, iPad, and iPod touch.  This topic relates to topics 8 and 12-14 from Samsung's "Technical Patent Topics" notice.  T.B. Muresan is designated to testify on those topics at his deposition on February 17.

- Morgan Grainger is designated to testify about the features and functionality of the world clock function of the Clock App of the iPhone.  This relates to Topics 22-25 from Samsung's "Technical Patent Topics" notice.  Mr. Grainger is designated to testify on those topics at his deposition February 15.

- David Singer is designated to testify about Apple's awareness of the policies and practices of ETSI members in disclosing intellectual property rights and Apple's ETSI membership.  This topic relates to topics 22 and 30 from Samsung's Second

sf-3103058

MORRISON | FOERSTER

Diane Hutnyan
February 11, 2012
Page Four

> Notice. David Singer is designated to testify on those topics at his deposition on February 16.

Apple withdraws the 30(b)(6) designation of Phil Schiller.

Sincerely,

*/s/ Jason R. Bartlett*

Jason R. Bartlett

cc:   Peter Kolovos
      S. Calvin Walden

sf-3103058