# EXHIBIT 5

Confidential Attorneys' Eyes Only

Page 1

1        UNITED STATES DISTRICT COURT

2       NORTHERN DISTRICT OF CALIFORNIA

3          SAN JOSE DIVISION

4

5  APPLE INC., a California
   corporation,

6

          Plaintiff,

7

   vs.                    CASE NO.  11-cv-01846-LHK

8

   SAMSUNG ELECTRONICS CO.,
9  LTD., a Korean business
   entity; SAMSUNG ELECTRONICS
10 AMERICA,INC., a New York
   corporation; SAMSUNG
11 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited
12 liability company,

13          Defendants.
   _____/

14

15

16       C O N F I D E N T I A L

17    A T T O R N E Y S   E Y E S   O N L Y

18

19   VIDEOTAPED DEPOSITION OF MARK BUCKLEY

20        SAN FRANCISCO, CALIFORNIA

21      THURSDAY, FEBRUARY 23, 2012

22

23 BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR

24 CSR LICENSE NO. 9830

25 JOB NO. 46609

Confidential Attorneys' Eyes Only

1                 THURSDAY, FEBRUARY 23, 2012

2                        10:04 a.m.

3

4

5

6           VIDEOTAPED DEPOSITION OF MARK BUCKLEY,

7           taken at QUINN EMANUEL URQUHART & SULLIVAN

8           555 Twin Dolphin Drive, Suite 500,

9           Redwood Shores, California, pursuant to

10          Notice, before me, ANDREA M. IGNACIO HOWARD,

11          CLR, CCRR, RPR, CSR License No. 9830.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Confidential Attorneys' Eyes Only

1   A P P E A R A N C E S:

2

3          FOR APPLE INC.:

4          MORRISON & FOERSTER

5          By:  ERIK OLSON, Esq.

6          455 Page Mill Road

7          Palo Alto, California 94304

8

9

10

11         WILMERHALE

12         By:  MICHAEL R. HEYISON, Esq.

13         60 State Street

14         Boston, Massachusetts 02109

15

16

17

18

19         FOR SAMSUNG ELECTRONICS CO. LTD:

20         QUINN EMANUEL URQUHART & SULLIVAN

21         By:  ANTHONY ALDEN, Esq.

22         555 Twin Dolphin Drive

23         Redwood Shores, California  94065

24

25

Confidential Attorneys' Eyes Only

Page 4

1   A P P E A R A N C E S    (Continued.)

2

3

ALSO PRESENT:    Gary Brewer, Videographer

4

Gregory A. Pinsonneault

5

Terry L. Musika

6

7

---oOo---

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Confidential Attorneys' Eyes Only

Page 5

| | | |
|---|---|---|
| 1 | REDWOOD SHORES, CALIFORNIA | 09:31 |
| 2 | THURSDAY, FEBRUARY 23, 2012 | 09:31 |
| 3 | 10:04 A.M. | 09:31 |
| 4 | | 09:31 |
| 5 | | 09:32 |
| 6 | | 09:32 |

7   THE VIDEOGRAPHER:  This is the start of tape   09:32

8   labeled No. 1 of the videotaped deposition of Mark   10:04

9   Buckley in the matter of Apple Inc. versus Samsung   10:05

10   Electronics Company Limited.   10:05

11   In the United States District Court, Northern   10:05

12   District of California, San Jose Division.  Case   10:05

13   No. 11-cv-01846-LHK.   10:05

14   The deposition is being held at 555 Twin   10:05

15   Dolphin Drive, Redwood Shores, California on   10:05

16   February 23, 2012, at approximately 10:04 a.m.   10:05

17   My name is Gary Brewer.  I am the legal video   10:05

18   specialist from TSG Reporting, Inc., headquartered at   10:05

19   747 Third Avenue, New York, New York.   10:05

20   The court reporter is Andrea Ignacio, in   10:05

21   association with TSG Reporting.   10:05

22   Will counsel please identify themselves and   10:05

23   state whom you represent.   10:06

24   MR. ALDEN:  Anthony Alden from Quinn Emanuel   10:06

25   for Samsung.  With me is Greg Pinsonneault -- I'll let   10:06

Confidential Attorneys' Eyes Only

Page 6

| | | |
|---|---|---|
| 1 | him spell that -- from Litinomics. | 10:06 |
| 2 |     MR. PINSONNEAULT:  It's | 10:06 |
| 3 | P-I-N-S-O-N-N-E-A-U-L-T. | 10:06 |
| 4 |     MR. OLSON:  And Erik Olson from Morrison & | 10:06 |
| 5 | Foerster on behalf of Apple and the witness. | 10:06 |
| 6 |     MR. HEYISON:  Michael Heyison from | 10:06 |
| 7 | WilmerHale, representing Apple.  With us is Terry | 10:06 |
| 8 | Musika from -- | 10:06 |
| 9 |     MR. MUSIKA:  Invotex. | 10:06 |
| 10 |     THE VIDEOGRAPHER:  Will the court reporter | 10:06 |
| 11 | please swear in the witness. | 10:06 |
| 12 | | 10:06 |
| 13 |         MARK BUCKLEY, | 10:06 |
| 14 |     having been sworn as a witness | 10:06 |
| 15 |   by the Certified Shorthand Reporter, | 10:06 |
| 16 |       testified as follows: | 09:40 |
| 17 | | 09:40 |
| 18 |     MR. OLSON:  I just realized something, | 10:06 |
| 19 | Anthony.  I apologize, and I didn't mean to interrupt | 10:06 |
| 20 | the start of the deposition.  Has Litinomics cleared | 10:07 |
| 21 | on the protective order? | 10:07 |
| 22 |     MR. ALDEN:  Mr. Pinsonneault has, yes. | 10:07 |
| 23 |     MR. OLSON:  All right.  And when was the | 10:07 |
| 24 | disclosure? | 10:07 |
| 25 |     MR. ALDEN:  It was last year. | 10:07 |

Confidential Attorneys' Eyes Only

Page 7

| | | |
|---|---|---|
| 1 | MR. PINSONNEAULT:  Yeah, probably summer, | 10:07 |
| 2 | July, August. | 10:07 |
| 3 | MR. OLSON:  Thank you. | 10:07 |
| 4 | | 10:07 |
| 5 | EXAMINATION BY MR. ALDEN | 10:07 |
| 6 | MR. ALDEN:  Good morning, Mr. Buckley. | 10:07 |
| 7 | Q   How are you today? | 10:07 |
| 8 | A   Good morning.  Great, thanks. | 10:07 |
| 9 | Q   Good. | 10:07 |
| 10 | Could you state your full name for the | 10:07 |
| 11 | record, please. | 10:07 |
| 12 | A   Mark Andrew Buckley. | 10:07 |
| 13 | Q   And your address, please, sir? | 10:07 |
| 14 | A   Personal? | 10:07 |
| 15 | Q   Yes, please. | 10:07 |
| 16 | A   191 Frederick Court, F-R-E-D-E-R-I-C-K, | 10:07 |
| 17 | Los Altos, California, 94022. | 10:07 |
| 18 | Q   Mr. Buckley, you understand that you're under | 10:07 |
| 19 | oath today, subject to penalty of perjury, the same as | 10:07 |
| 20 | if you'd be in a court? | 10:07 |
| 21 | A   I do. | 10:07 |
| 22 | Q   Have you -- have you take -- your deposition | 10:07 |
| 23 | taken before? | 10:07 |
| 24 | A   Yes. | 10:07 |
| 25 | Q   On how many occasions? | 10:07 |

Confidential Attorneys' Eyes Only

Page 8

1    A    More than seven, less than ten.                    10:08

2    Q    Okay.  Do you recall the names of the cases        10:08

3    in which you've given deposition testimony?            10:08

4    A    A few of them off the top of my head.             10:08

5    Q    Okay.  Could you please name them, to the         10:08

6    extent that you can recall them.                        10:08

7    A    Motorola, Elan.                                    10:08

8    Q    Sorry.  The last one was Elan?                     10:08

9    A    Yeah, E-L-A-N.                                     10:08

10   Q    Okay.  And they're the only ones that you          10:08

11   recall right now?                                       10:08

12   A    Off the top of my head, yes.                       10:08

13   Q    Okay.  And Motorola, was that litigation or       10:08

14   an ITC investigation, if you recall?                    10:08

15   A    I've done both, I believe.                         10:08

16   Q    Okay.  So you were deposed twice?                  10:08

17   A    I believe so.                                      10:08

18   Q    Okay.  And how long ago were those                 10:08

19   depositions?                                            10:08

20   A    One was yesterday, and over the last six          10:08

21   months, I believe.  I'm not exactly sure on the dates. 10:09

22   Q    And I assume that in both instances, you were      10:09

23   testifying on behalf of Apple; is that correct?        10:09

24   A    That's correct.                                    10:09

25   Q    And when, if you recall, did you testify with     10:09

Confidential Attorneys' Eyes Only

Page 9

| | | |
|---|---|---|
| 1 | respect to the Elan case? | 10:09 |
| 2 | A    I don't remember. | 10:09 |
| 3 | Q    Is it more than a year ago? | 10:09 |
| 4 | A    No, it would be less than a year. | 10:09 |
| 5 | Q    And again, you were testifying on behalf of | 10:09 |
| 6 | Apple? | 10:09 |
| 7 | A    That's correct. | 10:09 |
| 8 | Q    And do you recall what that case concerned? | 10:09 |
| 9 | A    No. | 10:09 |
| 10 | MR. OLSON:  Mark, there hasn't been anything | 10:09 |
| 11 | that I would object to thus far, but it would be | 10:09 |
| 12 | helpful to give us just a second in case I have an | 10:10 |
| 13 | objection before you respond. | 10:10 |
| 14 | THE WITNESS:  Okay. | 10:10 |
| 15 | MR. ALDEN:  Q.  Now, have you ever signed any | 10:10 |
| 16 | declarations or affidavits in any litigation or ITC | 10:10 |
| 17 | investigations? | 10:10 |
| 18 | A    Yes. | 10:10 |
| 19 | Q    Okay.  Do you recall how many you've signed? | 10:10 |
| 20 | A    No. | 10:10 |
| 21 | Q    More than five? | 10:10 |
| 22 | A    Yes. | 10:10 |
| 23 | Q    Do you recall the names of the cases with | 10:10 |
| 24 | respect to which you signed any affidavits or | 10:10 |
| 25 | declarations? | 10:10 |

Confidential Attorneys' Eyes Only

Page 10

| | | | |
|---|---|---|---|
| 1 | A | Not with 100 percent confidence.  I do a fair | 10:10 |
| 2 | | amount of them. | 10:10 |
| 3 | Q | Okay.  Could you give me a -- I guess your | 10:10 |
| 4 | | best recollection of cases in which you've submitted | 10:10 |
| 5 | | declarations or affidavits. | 10:10 |
| 6 | A | I would not be 100 percent certain this was | 10:10 |
| 7 | | accurate. | 10:10 |
| 8 | Q | That's okay. | 10:10 |
| 9 | A | So I -- I don't really want to answer because | 10:10 |
| 10 | | I'm not 100 percent sure.  I've done a lot. | 10:11 |
| 11 | Q | Okay. | 10:11 |
| 12 | A | And I don't keep track of which cases they | 10:11 |
| 13 | | are and -- | 10:11 |
| 14 | Q | Okay. | 10:11 |
| 15 | A | -- for what matter. | 10:11 |
| 16 | Q | Have you ever actually testified in court | 10:11 |
| 17 | | before? | 10:11 |
| 18 | A | No. | 10:11 |
| 19 | Q | Do you recall the names of any cases where | 10:11 |
| 20 | | you've submitted a declaration or affidavit within the | 10:11 |
| 21 | | last 12 months? | 10:11 |
| 22 | A | I know of one I did.  Saito was one. | 10:11 |
| 23 | Q | Sir, how do you spell that? | 10:11 |
| 24 | A | S-A-I-T-O. | 10:11 |
| 25 | | Is this limited to U.S. cases? | 10:11 |

Confidential Attorneys' Eyes Only

Page 11

1    Q    No.                                                      10:11

2    A    Okay.  Not with 100 percent accuracy without            10:11

3    checking my hard drive.                                      10:12

4    Q    Have you ever personally been party to any              10:12

5    litigation or arbitration?                                   10:12

6    A    No.                                                     10:12

7    Q    Sir, you know, it seems that you're a veteran           10:12

8    at this, so I won't go over the ground rules in too          10:12

9    much detail, but just a couple of things so that             10:12

10   we're -- we're clear.                                        10:12

11        Is there any reason why you can't give your             10:12

12   best testimony today?                                        10:12

13   A    No.                                                     10:12

14   Q    If you don't understand a question, please             10:12

15   let me know, and I will attempt to rephrase it; does         10:12

16   that sound fair?                                             10:12

17   A    Yes.                                                    10:12

18   Q    If you don't ask me to rephrase it or                  10:12

19   indicate that you don't understand the question, I'll        10:13

20   assume that you've understood it and answered                10:13

21   according to your understanding of the question; does        10:13

22   that sound fair?                                             10:13

23   A    Yes.                                                    10:13

24   Q    The -- as I'm sure you know, the videographer           10:13

25   can only take down one of us speaking at a time.  So         10:13

Confidential Attorneys' Eyes Only

Page 12

| | | |
|---|---|---|
| 1 | I'll attempt to finish my question -- well, I'll | 10:13 |
| 2 | attempt to let you finish your answer before I start | 10:13 |
| 3 | another question, and if you could, I guess, let me | 10:13 |
| 4 | finish my question before you begin to answer, | 10:13 |
| 5 | although I'm sure there will be a temptation to want | 10:13 |
| 6 | to answer as quickly as possible; does that sound | 10:13 |
| 7 | fair? | 10:13 |
| 8 | A   Yes. | 10:13 |
| 9 | Q   If you need a break, just let me know.  You | 10:13 |
| 10 | know, I -- my preference is to finish the answer to a | 10:13 |
| 11 | pending question before taking a break, but other than | 10:13 |
| 12 | that, obviously in case of an emergency, we can break | 10:13 |
| 13 | any time.  But, you know, if you do need a break, just | 10:14 |
| 14 | let me know; okay? | 10:14 |
| 15 | A   Okay. | 10:14 |
| 16 | MR. ALDEN:  I'd like to mark as Exhibit 1 | 10:14 |
| 17 | Samsung's Amended First 30(b)(6) Deposition Notice to | 10:14 |
| 18 | Apple (Damages Topics). | 10:14 |
| 19 | MR. OLSON:  Anthony, just one question.  I | 10:14 |
| 20 | know that in a lot of the Northern District, we've | 10:14 |
| 21 | been using sequential numbers.  Is that -- you don't | 10:14 |
| 22 | know what number we're up to or -- | 10:14 |
| 23 | MR. ALDEN:  We had this issue the other day | 10:14 |
| 24 | when I deposed Stan Ng, and we couldn't determine, you | 10:14 |
| 25 | know, what numbers we were up to, given there are so | 10:14 |

Confidential Attorneys' Eyes Only

Page 13

| | | |
|---|---|---|
| 1 | many simultaneous depositions going on.  So that I was | 10:14 |
| 2 | told just to start with Buckley 1 and we'll sort it | 10:15 |
| 3 | out. | 10:15 |
| 4 | MR. OLSON:  Okay.  The only thing I'll ask | 10:15 |
| 5 | the court reporter is, then, when we add the 1, if we | 10:15 |
| 6 | can make sure we also have the date on the -- on the | 10:15 |
| 7 | sticker as well. | 10:15 |
| 8 | THE REPORTER:  Yes. | 10:15 |
| 9 | (Document marked Buckley Exhibit 1 | 10:15 |
| 10 | for identification.) | 10:15 |
| 11 | MR. OLSON:  Thank you. | 10:15 |
| 12 | MR. ALDEN:  Q.  Mr. Buckley, have you seen | 10:15 |
| 13 | this document before? | 10:15 |
| 14 | A   I believe so. | 10:15 |
| 15 | Q   Do you understand what it is? | 10:15 |
| 16 | A   Yes. | 10:15 |
| 17 | Q   And you understand that you've been | 10:15 |
| 18 | designated by Apple to testify on its behalf as to | 10:15 |
| 19 | certain topics in this notice; is that correct? | 10:16 |
| 20 | MR. OLSON:  And that's subject to objections | 10:16 |
| 21 | and certain correspondence that have gone on between | 10:16 |
| 22 | the parties. | 10:16 |
| 23 | But with that as an addition, you may answer. | 10:16 |
| 24 | THE WITNESS:  Yes. | 10:16 |
| 25 | MR. ALDEN:  Okay. | 10:16 |

Confidential Attorneys' Eyes Only

Page 14

1    Q   So if you could look at topics 2 to 7,            10:16

2   please, on page 10, and let me know when you've had a   10:16

3   chance to review those topics.                          10:16

4        Do you understand you've been designated by        10:17

5   Apple to testify on its behalf with respect to          10:17

6   topics 2 to 7 that you've just reviewed?                10:17

7    A   That's my understanding, yes.                       10:17

8        MR. OLSON:  And actually, Mr. Alden, I             10:17

9   don't -- I don't think the question as phrased in its   10:17

10  full scope is -- is accurate.  And if you want, I'm     10:17

11  happy to identify it for purposes of the record, but    10:17

12  it isn't the case that he's being produced on all of    10:17

13  these topics.                                           10:17

14       MR. ALDEN:  Okay.  Which topics is he being        10:17

15  produced on?                                            10:17

16       MR. OLSON:  Sure.                                  10:17

17       He's being produced on 4, on 6, on 7; again,       10:17

18  subject to the objections and correspondence that I     10:17

19  previously referred to.                                 10:17

20       I believe he may have information that is          10:17

21  relevant to, although he's not being exclusively        10:17

22  identified as our respondent on all things related to   10:18

23  2.                                                      10:18

24       3, he has an ambiguity by virtue of the fact       10:18

25  that it talks about reports related to Apple Accused     10:18

Confidential Attorneys' Eyes Only

Page 15

```
1   Products.  And he is being produced as to certain      10:18
2   financial information, which would qualify as reports   10:18
3   that are probably more particularly identified below.   10:18
4        And as to 5, the -- he will be testifying          10:18
5   about information on revenue on behalf of Apple, and    10:18
6   that could be used as a part of the calculation of      10:18
7   market share, but he's -- or more advanced to market    10:18
8   demand -- but he's not specifically being identified    10:18
9   here to testify regarding market share as compared to   10:18
10  other parties.                                          10:18
11       And again, I don't intend to try to                10:18
12  incorporate all the other objections and other things   10:19
13  that were stated, but I think that may be helpful to     10:19
14  you.  I'm also happy, as you go through many others,     10:19
15  to make a similar clarification if needed.              10:19
16       MR. ALDEN:  Okay.  We reserve our rights as         10:19
17  to those limitations as stated by counsel.              10:19
18       Mister -- and in fact, I will refer to and         10:19
19  mark a correspondence from Jason Bartlett of            10:19
20  Morrison & Foerster with respect to Mr. Buckley's       10:19
21  designation -- well, I won't mark it.  I'll just read   10:19
22  from it for the record -- and I'm happy to show         10:19
23  counsel a copy of it -- dated February 11, 2012.        10:19
24       At page 2, second bullet point, Mr. Bartlett       10:19
25  from Morrison & Foerster says:                          10:19
```

Confidential Attorneys' Eyes Only

Page 16

1        "Mr. Buckley is designated to testify about        10:19

2   Apple financial information that is relevant to this    10:19

3   lawsuit.  He will address Apple's sales, costs and      10:20

4   profits relating to the iPhone, iPad and iPod Touch     10:20

5   and Apple's capacity to make those products.  These     10:20

6   topics relate to topics 2 to 7 and 13 to 18 to          10:20

7   Samsung's damages topics notice and topics 7 to 8 of    10:20

8   Samsung's design and trade dress notice.  Mr. Buckley   10:20

9   will be deposed on February 23."                        10:20

10       So to the extent there is any difference           10:20

11  between what Mr. Olson has just stated on the record    10:20

12  and what was represented in this letter, we would       10:20

13  object.                                                 10:20

14       We would -- we also reserve our objections to      10:20

15  the -- generally to the vagueness of the limitations    10:20

16  that are being placed and the vagueness of the          10:20

17  designation that Apple is purporting to give to         10:20

18  Mr. Buckley's testimony.                                10:20

19       But certainly, topics 2 to 7 were the ones         10:20

20  identified.  I don't believe that Mr. Olson even        10:20

21  mentioned some of those topics.  And to the extent      10:21

22  that Mr. Buckley is not prepared to testify as to       10:21

23  certain of those topics, we reserve our right to move   10:21

24  to compel.                                              10:21

25       Would you like to see the letter?                  10:21

Confidential Attorneys' Eyes Only

Page 17

1     MR. OLSON:  Yes.  Thank you, Mr. Alden.          10:21

2     So again, I actually think what I said a          10:21

3  moment ago is entirely consistent with what's here,  10:21

4  and I don't think we need to try to resolve it on the 10:21

5  record as to the issue.                              10:21

6     But specifically, the letter speaks to the        10:21

7  fact that he's being designated to talk about Apple's 10:21

8  financial information, but then specifically refers to 10:21

9  Apple's sales, costs, profits relating to the iPod,   10:21

10 iPad, iPod Touch, and Apple's capacity to make those  10:21

11 products.                                             10:21

12    And notably, it says it relates to the topics      10:21

13 that were identified.  And I believe -- or they did   10:21

14 identify each of 2, 3, 4, 5, 6 and 7 in my prior      10:21

15 response and as to how his testimony would be related 10:21

16 to those topics, although if there's uncertainty about 10:22

17 it from the record, I'm happy to either go over it now 10:22

18 or at a break and clarify.                            10:22

19    That said, you know, whatever discovery            10:22

20 disputes we have, we have, and we'll work them out.   10:22

21    MR. ALDEN:  With that said, Mr. Buckley, I'd       10:22

22 like -- I would like to mark as Exhibit 2 Samsung's   10:22

23 Amended First 30(b)(6) Deposition Notice to Apple     10:22

24 Design and Trade Dress Topics.                        10:22

25    MR. OLSON:  I didn't want -- I don't want          10:22

Confidential Attorneys' Eyes Only

Page 18

1   there to be confusion.  I don't think 2 to 7 is it;         10:22

2   right?  Do you understand that there are more items         10:22

3   identified in the letter, and there are more items on       10:22

4   which his testimony is relevant for providing              10:22

5   testimony?                                                  10:22

6        MR. ALDEN:  That's actually true.  Thank you.          10:22

7   Yes.                                                        10:22

8        MR. OLSON:  Sorry about that.                          10:22

9        MR. ALDEN:  No, no, you actually -- you're             10:22

10  right.                                                      10:22

11       If you could -- well, if I could clarify one           10:22

12  thing.  In the letter that we've just been referring        10:23

13  to, Mr. Bartlett from Morrison & Foerster represents        10:23

14  that Mr. Buckley will be testifying as to Apple's           10:23

15  capacity to make those -- to make the -- those              10:23

16  products, by which he names iPhone, iPad and iPod           10:23

17  Touch.                                                      10:23

18       Just to be clear, is Mr. Bartlett going to be          10:23

19  testifying as to -- as to that topic as represented in      10:23

20  the letter?                                                 10:23

21       MR. OLSON:  Yeah, so can I see the letter?             10:23

22       MR. ALDEN:  Yeah.                                       10:23

23       MR. OLSON:  So, Mr. Bartlett actually is not           10:23

24  going to be testifying as to any subject matter.  But       10:23

25  Mr. Buckley -- you just misused his name --                 10:23

Confidential Attorneys' Eyes Only

Page 19

1  Mr. Buckley will be testifying about the issue of    10:23

2  capacity, at least with respect to the iPhone and    10:23

3  iPad.    10:23

4       We had objected as to whether the capacity    10:23

5  with the iPod was relevant to matters in the Northern    10:23

6  District of California case.  And as noted here, he    10:24

7  is -- the information that he has and will be    10:24

8  providing is relevant to the other topics of 13 -- I    10:24

9  believe 13 to 18 as identified.  I'm happy to go down    10:24

10  through those if it would be helpful to you.    10:24

11       I'll also note for your benefit, I believe    10:24

12  that Mr. Buckley has information that will be relevant    10:24

13  to 12 and B and C, which are the issue of royalty and    10:24

14  fees paid or royalties and fees received at a broad    10:24

15  level.  I don't try to re-quote the whole notice.    10:24

16       MR. ALDEN:  And just to continue the lawyer    10:24

17  talk for one moment -- thank you, Mr. Olson -- given    10:24

18  that Mr. Buckley wasn't, as far as I know, designated    10:24

19  on topic No. 12, we don't consider this to be -- to --    10:24

20  his testimony to be responsive to that topic, although    10:24

21  I appreciate that he may be able to offer testimony    10:25

22  that bears on the topic.    10:25

23       So we would expect Apple to designate a    10:25

24  witness on that topic, irrespective of Mr. Buckley's    10:25

25  testimony today.    10:25

Confidential Attorneys' Eyes Only

Page 20

1    MR. OLSON:  I understood that.  We would --    10:25

2  that one is simple.    10:25

3    There are a couple of reports that you've    10:25

4  been provided with for which he's the custodian, the    10:25

5  proper person.  I'm happy to bring them tomorrow    10:25

6  morning if you can't find them, but he will be our --    10:25

7  our witness on that point.    10:25

8    And so, as I said, this is a deposition    10:25

9  that's -- at least part of which may continue    10:25

10  tomorrow.  So I'm happy to do whatever is necessary    10:25

11  to -- to allow that testimony to go forward, but I    10:25

12  understand your objection.  But I'm telling you, I    10:25

13  don't -- we would be better to find a solution to that    10:25

14  and resolve it within the time that Mr. Buckley is    10:25

15  made available.    10:25

16    MR. ALDEN:  Appreciate that.  We can attempt    10:25

17  to do so, but if we can't, again, we reserve our    10:25

18  rights.    10:25

19    Q   Mr. Buckley, if you could take a look,    10:26

20  please, at topics 13 to 18 in the notice that's before    10:26

21  you.    10:26

22    A   Yes.    10:26

23    Q   You understand that you've been designated by    10:26

24  Apple to testify on its behalf with respect to those    10:26

25  topics, subject to the qualifications that    10:26

Confidential Attorneys' Eyes Only

Page 21

1   Mr. Olson articulated a few moments ago?              10:26

2        A    Yes.                                         10:27

3        Q    And are you the best person to testify as to   10:27

4   topics 2 to 7 and 13 to 18 on behalf of Apple?       10:27

5            MR. OLSON:  Objection; vague.                10:27

6            THE WITNESS:  Yes.                           10:27

7            MR. ALDEN:  I'd like to mark as Exhibit 2    10:27

8   Samsung's Amended First 30(b)(6) Deposition Notice to  10:27

9   Apple, Inc. (Design and Trade Dress Topics).         10:27

10           (Document marked Buckley Exhibit 2          10:27

11            for identification.)                        10:28

12           MR. ALDEN:  Q.  Mr. Buckley, have you seen  10:28

13  this document before, sir?                            10:28

14       A    I believe so.                               10:28

15       Q    And do you understand what it is?           10:28

16       A    It's a dep -- amended first 30(b)(6)        10:28

17  deposition notice to Apple.                           10:28

18       Q    Okay.  If I could ask you to look at topics 7  10:28

19  to 8 of this notice, beginning on page 8 and going   10:28

20  over to page 9.                                       10:28

21           MR. OLSON:  Mr. Anthony, I suspect that     10:28

22  you're going over that by virtue of what was referred  10:28

23  to in the letter.                                     10:28

24           I thought that a letter has gone back making  10:28

25  clear this point, but if it's not, I'll go ahead and  10:28

Confidential Attorneys' Eyes Only

Page 22

1   make it clear.                                          10:28

2        I think the inclusion of 8 was a mistake, and     10:28

3   I thought that that was corrected previously.  And as   10:28

4   to 7, the issue goes to budget and spending.  But, you  10:28

5   know, I'm happy to have you ask whatever other          10:29

6   questions you want on that point.                       10:29

7        MR. ALDEN:  So just so -- I'm sorry,               10:29

8   Mr. Buckley.                                            10:29

9        MR. OLSON:  Yeah.                                  10:29

10        MR. ALDEN:  Just so I'm clear, topic 7 is          10:29

11   being designated for the -- there are no               10:29

12   qualifications as to its designation?                  10:29

13        MR. OLSON:  Oh, no, there is qualification.        10:29

14   He's being presented with respect to the issue of     10:29

15   budget and spending on advertising and marketing,     10:29

16   which is subsumed within the notice but isn't the full  10:29

17   scope -- or subsumed within the category but isn't the  10:29

18   full scope of the category.                            10:29

19        And 8 was just an error.  He's actually           10:29

20   not -- again, I thought that a letter had gone out on   10:29

21   this, but there is a lot of correspondence that goes   10:29

22   on between the parties, and I can't point to the       10:29

23   specific date of the letter.  And 8 he is not being    10:29

24   identified on.                                         10:29

25        Others are being identified on it, but he is      10:29

Page 23

1   not.                                                    10:30

2          MR. ALDEN:  Okay.  I have not seen such a        10:30

3   letter, so I will -- you know, I'll just make the       10:30

4   record that we would object to the withdrawal of the    10:30

5   topic.  And we are prepared, as a -- as a result of     10:30

6   Mr. Bartlett's February 11th letter, have been          10:30

7   prepared to examine Mr. Buckley on topic 8, and would   10:30

8   object to the undue prejudice of withdrawing it at      10:30

9   this point, but understand counsel's position on that.  10:30

10         MR. OLSON:  And I assume when you say            10:30

11  "withdraw," which means withdraw as to Mr. Buckley, my  10:30

12  understanding is we haven't withdrawn it; that others   10:30

13  have been designated and, in fact, may in authority     10:30

14  appear, but I don't know.                               10:30

15         MR. ALDEN:  All right.                           10:30

16         Mr. Buckley, I guess I'll rephrase my            10:30

17  question.                                               10:30

18      Q   You understand that at least Apple's position   10:30

19  today is that you've been designated on topic 7,        10:31

20  subject -- of this notice that's before you, subject    10:31

21  to Mr. Olson's qualifications that he just              10:31

22  articulated?                                            10:31

23      A   Yes, I do, subject to his qualifications,       10:31

24  yes.                                                    10:31

25         MR. ALDEN:  I'd now like to mark for the         10:31