# EXHIBIT 5

Confidential Attorneys' Eyes Only

Page 1

1                UNITED STATES DISTRICT COURT

2               NORTHERN DISTRICT OF CALIFORNIA

3                    SAN JOSE DIVISION

4

5    APPLE INC., a California
     corporation,
6
                    Plaintiff,
7
     vs.                          CASE NO.  11-cv-01846-LHK
8
     SAMSUNG ELECTRONICS CO.,
9    LTD., a Korean business
     entity; SAMSUNG ELECTRONICS
10   AMERICA,INC., a New York
     corporation; SAMSUNG
11   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited
12   liability company,
13                  Defendants.
     _____/
14

15

16            C O N F I D E N T I A L

17        A T T O R N E Y S   E Y E S   O N L Y

18

19     VIDEOTAPED DEPOSITION OF MARK BUCKLEY

20           SAN FRANCISCO, CALIFORNIA

21         THURSDAY, FEBRUARY 23, 2012

22

23   BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR

24   CSR LICENSE NO. 9830

25   JOB NO. 46609

Confidential Attorneys' Eyes Only

Page 2

1          THURSDAY, FEBRUARY 23, 2012

2                  10:04 a.m.

3

4

5

6          VIDEOTAPED DEPOSITION OF MARK BUCKLEY,

7          taken at QUINN EMANUEL URQUHART & SULLIVAN

8          555 Twin Dolphin Drive, Suite 500,

9          Redwood Shores, California, pursuant to

10         Notice, before me, ANDREA M. IGNACIO HOWARD,

11         CLR, CCRR, RPR, CSR License No. 9830.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Confidential Attorneys' Eyes Only

1    A P P E A R A N C E S:

2

3         FOR APPLE INC.:

4         MORRISON & FOERSTER

5         By:  ERIK OLSON, Esq.

6         455 Page Mill Road

7         Palo Alto, California 94304

8

9

10

11        WILMERHALE

12        By:  MICHAEL R. HEYISON, Esq.

13        60 State Street

14        Boston, Massachusetts 02109

15

16

17

18

19        FOR SAMSUNG ELECTRONICS CO. LTD:

20        QUINN EMANUEL URQUHART & SULLIVAN

21        By:  ANTHONY ALDEN, Esq.

22        555 Twin Dolphin Drive

23        Redwood Shores, California  94065

24

25

Confidential Attorneys' Eyes Only

Page 4

1   A P P E A R A N C E S   (Continued.)

2

3

        ALSO PRESENT:   Gary Brewer, Videographer
4

                        Gregory A. Pinsonneault
5

                        Terry L. Musika
6

7

                    ---oOo---
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Confidential Attorneys' Eyes Only

Page 5

| | | |
|---|---|---|
| 1 | REDWOOD SHORES, CALIFORNIA | 09:31 |
| 2 | THURSDAY, FEBRUARY 23, 2012 | 09:31 |
| 3 | 10:04 A.M. | 09:31 |
| 4 | | 09:31 |
| 5 | | 09:32 |
| 6 | | 09:32 |

7          THE VIDEOGRAPHER:  This is the start of tape          09:32

8   labeled No. 1 of the videotaped deposition of Mark          10:04

9   Buckley in the matter of Apple Inc. versus Samsung          10:05

10   Electronics Company Limited.          10:05

11          In the United States District Court, Northern          10:05

12   District of California, San Jose Division.  Case          10:05

13   No. 11-cv-01846-LHK.          10:05

14          The deposition is being held at 555 Twin          10:05

15   Dolphin Drive, Redwood Shores, California on          10:05

16   February 23, 2012, at approximately 10:04 a.m.          10:05

17          My name is Gary Brewer.  I am the legal video          10:05

18   specialist from TSG Reporting, Inc., headquartered at          10:05

19   747 Third Avenue, New York, New York.          10:05

20          The court reporter is Andrea Ignacio, in          10:05

21   association with TSG Reporting.          10:05

22          Will counsel please identify themselves and          10:05

23   state whom you represent.          10:06

24          MR. ALDEN:  Anthony Alden from Quinn Emanuel          10:06

25   for Samsung.  With me is Greg Pinsonneault -- I'll let          10:06

Confidential Attorneys' Eyes Only

Page 6

| | | |
|---|---|---|
| 1 | him spell that -- from Litinomics. | 10:06 |
| 2 | MR. PINSONNEAULT:  It's | 10:06 |
| 3 | P-I-N-S-O-N-N-E-A-U-L-T. | 10:06 |
| 4 | MR. OLSON:  And Erik Olson from Morrison & | 10:06 |
| 5 | Foerster on behalf of Apple and the witness. | 10:06 |
| 6 | MR. HEYISON:  Michael Heyison from | 10:06 |
| 7 | WilmerHale, representing Apple.  With us is Terry | 10:06 |
| 8 | Musika from -- | 10:06 |
| 9 | MR. MUSIKA:  Invotex. | 10:06 |
| 10 | THE VIDEOGRAPHER:  Will the court reporter | 10:06 |
| 11 | please swear in the witness. | 10:06 |
| 12 | | 10:06 |
| 13 | MARK BUCKLEY, | 10:06 |
| 14 | having been sworn as a witness | 10:06 |
| 15 | by the Certified Shorthand Reporter, | 10:06 |
| 16 | testified as follows: | 09:40 |
| 17 | | 09:40 |
| 18 | MR. OLSON:  I just realized something, | 10:06 |
| 19 | Anthony.  I apologize, and I didn't mean to interrupt | 10:06 |
| 20 | the start of the deposition.  Has Litinomics cleared | 10:07 |
| 21 | on the protective order? | 10:07 |
| 22 | MR. ALDEN:  Mr. Pinsonneault has, yes. | 10:07 |
| 23 | MR. OLSON:  All right.  And when was the | 10:07 |
| 24 | disclosure? | 10:07 |
| 25 | MR. ALDEN:  It was last year. | 10:07 |

Confidential Attorneys' Eyes Only

Page 7

| | | |
|---|---|---|
| 1 | MR. PINSONNEAULT:  Yeah, probably summer, | 10:07 |
| 2 | July, August. | 10:07 |
| 3 | MR. OLSON:  Thank you. | 10:07 |
| 4 | | 10:07 |
| 5 | EXAMINATION BY MR. ALDEN | 10:07 |
| 6 | MR. ALDEN:  Good morning, Mr. Buckley. | 10:07 |
| 7 | Q   How are you today? | 10:07 |
| 8 | A   Good morning.  Great, thanks. | 10:07 |
| 9 | Q   Good. | 10:07 |
| 10 | Could you state your full name for the | 10:07 |
| 11 | record, please. | 10:07 |
| 12 | A   Mark Andrew Buckley. | 10:07 |
| 13 | Q   And your address, please, sir? | 10:07 |
| 14 | A   Personal? | 10:07 |
| 15 | Q   Yes, please. | 10:07 |
| 16 | A   191 Frederick Court, F-R-E-D-E-R-I-C-K, | 10:07 |
| 17 | Los Altos, California, 94022. | 10:07 |
| 18 | Q   Mr. Buckley, you understand that you're under | 10:07 |
| 19 | oath today, subject to penalty of perjury, the same as | 10:07 |
| 20 | if you'd be in a court? | 10:07 |
| 21 | A   I do. | 10:07 |
| 22 | Q   Have you -- have you take -- your deposition | 10:07 |
| 23 | taken before? | 10:07 |
| 24 | A   Yes. | 10:07 |
| 25 | Q   On how many occasions? | 10:07 |

Confidential Attorneys' Eyes Only

Page 8

| | | |
|---|---|---|
| 1 | A    More than seven, less than ten. | 10:08 |
| 2 | Q    Okay.  Do you recall the names of the cases | 10:08 |
| 3 | in which you've given deposition testimony? | 10:08 |
| 4 | A    A few of them off the top of my head. | 10:08 |
| 5 | Q    Okay.  Could you please name them, to the | 10:08 |
| 6 | extent that you can recall them. | 10:08 |
| 7 | A    Motorola, Elan. | 10:08 |
| 8 | Q    Sorry.  The last one was Elan? | 10:08 |
| 9 | A    Yeah, E-L-A-N. | 10:08 |
| 10 | Q    Okay.  And they're the only ones that you | 10:08 |
| 11 | recall right now? | 10:08 |
| 12 | A    Off the top of my head, yes. | 10:08 |
| 13 | Q    Okay.  And Motorola, was that litigation or | 10:08 |
| 14 | an ITC investigation, if you recall? | 10:08 |
| 15 | A    I've done both, I believe. | 10:08 |
| 16 | Q    Okay.  So you were deposed twice? | 10:08 |
| 17 | A    I believe so. | 10:08 |
| 18 | Q    Okay.  And how long ago were those | 10:08 |
| 19 | depositions? | 10:08 |
| 20 | A    One was yesterday, and over the last six | 10:08 |
| 21 | months, I believe.  I'm not exactly sure on the dates. | 10:09 |
| 22 | Q    And I assume that in both instances, you were | 10:09 |
| 23 | testifying on behalf of Apple; is that correct? | 10:09 |
| 24 | A    That's correct. | 10:09 |
| 25 | Q    And when, if you recall, did you testify with | 10:09 |

Confidential Attorneys' Eyes Only

Page 9

1   respect to the Elan case?                               10:09

2       A    I don't remember.                              10:09

3       Q    Is it more than a year ago?                    10:09

4       A    No, it would be less than a year.              10:09

5       Q    And again, you were testifying on behalf of    10:09

6   Apple?                                                  10:09

7       A    That's correct.                                10:09

8       Q    And do you recall what that case concerned?    10:09

9       A    No.                                            10:09

10          MR. OLSON:  Mark, there hasn't been anything    10:09

11  that I would object to thus far, but it would be        10:09

12  helpful to give us just a second in case I have an      10:10

13  objection before you respond.                           10:10

14          THE WITNESS:  Okay.                             10:10

15          MR. ALDEN:  Q.  Now, have you ever signed any   10:10

16  declarations or affidavits in any litigation or ITC     10:10

17  investigations?                                         10:10

18      A    Yes.                                           10:10

19      Q    Okay.  Do you recall how many you've signed?   10:10

20      A    No.                                            10:10

21      Q    More than five?                                10:10

22      A    Yes.                                           10:10

23      Q    Do you recall the names of the cases with      10:10

24  respect to which you signed any affidavits or           10:10

25  declarations?                                           10:10

Confidential Attorneys' Eyes Only

Page 10

1    A    Not with 100 percent confidence.  I do a fair    10:10

2    amount of them.    10:10

3    Q    Okay.  Could you give me a -- I guess your    10:10

4    best recollection of cases in which you've submitted    10:10

5    declarations or affidavits.    10:10

6    A    I would not be 100 percent certain this was    10:10

7    accurate.    10:10

8    Q    That's okay.    10:10

9    A    So I -- I don't really want to answer because    10:10

10   I'm not 100 percent sure.  I've done a lot.    10:11

11   Q    Okay.    10:11

12   A    And I don't keep track of which cases they    10:11

13   are and --    10:11

14   Q    Okay.    10:11

15   A    -- for what matter.    10:11

16   Q    Have you ever actually testified in court    10:11

17   before?    10:11

18   A    No.    10:11

19   Q    Do you recall the names of any cases where    10:11

20   you've submitted a declaration or affidavit within the    10:11

21   last 12 months?    10:11

22   A    I know of one I did.  Saito was one.    10:11

23   Q    Sir, how do you spell that?    10:11

24   A    S-A-I-T-O.    10:11

25        Is this limited to U.S. cases?    10:11

Confidential Attorneys' Eyes Only

Page 11

1    Q    No.                                              10:11

2    A    Okay.  Not with 100 percent accuracy without    10:11

3    checking my hard drive.                               10:12

4    Q    Have you ever personally been party to any       10:12

5    litigation or arbitration?                            10:12

6    A    No.                                              10:12

7    Q    Sir, you know, it seems that you're a veteran    10:12

8    at this, so I won't go over the ground rules in too   10:12

9    much detail, but just a couple of things so that      10:12

10   we're -- we're clear.                                 10:12

11       Is there any reason why you can't give your       10:12

12   best testimony today?                                 10:12

13   A    No.                                              10:12

14   Q    If you don't understand a question, please      10:12

15   let me know, and I will attempt to rephrase it; does  10:12

16   that sound fair?                                      10:12

17   A    Yes.                                             10:12

18   Q    If you don't ask me to rephrase it or            10:12

19   indicate that you don't understand the question, I'll 10:13

20   assume that you've understood it and answered         10:13

21   according to your understanding of the question; does 10:13

22   that sound fair?                                      10:13

23   A    Yes.                                             10:13

24   Q    The -- as I'm sure you know, the videographer    10:13

25   can only take down one of us speaking at a time.  So  10:13

Confidential Attorneys' Eyes Only

Page 12

1    I'll attempt to finish my question -- well, I'll          10:13

2    attempt to let you finish your answer before I start      10:13

3    another question, and if you could, I guess, let me       10:13

4    finish my question before you begin to answer,            10:13

5    although I'm sure there will be a temptation to want       10:13

6    to answer as quickly as possible; does that sound         10:13

7    fair?                                                     10:13

8         A    Yes.                                            10:13

9         Q    If you need a break, just let me know.  You     10:13

10   know, I -- my preference is to finish the answer to a     10:13

11   pending question before taking a break, but other than    10:13

12   that, obviously in case of an emergency, we can break     10:13

13   any time.  But, you know, if you do need a break, just    10:14

14   let me know; okay?                                        10:14

15        A    Okay.                                           10:14

16        MR. ALDEN:  I'd like to mark as Exhibit 1            10:14

17   Samsung's Amended First 30(b)(6) Deposition Notice to     10:14

18   Apple (Damages Topics).                                   10:14

19        MR. OLSON:  Anthony, just one question.  I           10:14

20   know that in a lot of the Northern District, we've        10:14

21   been using sequential numbers.  Is that -- you don't      10:14

22   know what number we're up to or --                        10:14

23        MR. ALDEN:  We had this issue the other day          10:14

24   when I deposed Stan Ng, and we couldn't determine, you    10:14

25   know, what numbers we were up to, given there are so      10:14

Confidential Attorneys' Eyes Only

Page 13

| | | |
|---|---|---|
| 1 | many simultaneous depositions going on.  So that I was | 10:14 |
| 2 | told just to start with Buckley 1 and we'll sort it | 10:15 |
| 3 | out. | 10:15 |
| 4 | MR. OLSON:  Okay.  The only thing I'll ask | 10:15 |
| 5 | the court reporter is, then, when we add the 1, if we | 10:15 |
| 6 | can make sure we also have the date on the -- on the | 10:15 |
| 7 | sticker as well. | 10:15 |
| 8 | THE REPORTER:  Yes. | 10:15 |
| 9 | (Document marked Buckley Exhibit 1 | 10:15 |
| 10 | for identification.) | 10:15 |
| 11 | MR. OLSON:  Thank you. | 10:15 |
| 12 | MR. ALDEN:  Q.  Mr. Buckley, have you seen | 10:15 |
| 13 | this document before? | 10:15 |
| 14 | A   I believe so. | 10:15 |
| 15 | Q   Do you understand what it is? | 10:15 |
| 16 | A   Yes. | 10:15 |
| 17 | Q   And you understand that you've been | 10:15 |
| 18 | designated by Apple to testify on its behalf as to | 10:15 |
| 19 | certain topics in this notice; is that correct? | 10:16 |
| 20 | MR. OLSON:  And that's subject to objections | 10:16 |
| 21 | and certain correspondence that have gone on between | 10:16 |
| 22 | the parties. | 10:16 |
| 23 | But with that as an addition, you may answer. | 10:16 |
| 24 | THE WITNESS:  Yes. | 10:16 |
| 25 | MR. ALDEN:  Okay. | 10:16 |

Confidential Attorneys' Eyes Only

Page 14

1    Q   So if you could look at topics 2 to 7,              10:16

2  please, on page 10, and let me know when you've had a     10:16

3  chance to review those topics.                            10:16

4       Do you understand you've been designated by          10:17

5  Apple to testify on its behalf with respect to            10:17

6  topics 2 to 7 that you've just reviewed?                  10:17

7    A   That's my understanding, yes.                       10:17

8       MR. OLSON:  And actually, Mr. Alden, I               10:17

9  don't -- I don't think the question as phrased in its     10:17

10 full scope is -- is accurate.  And if you want, I'm       10:17

11 happy to identify it for purposes of the record, but      10:17

12 it isn't the case that he's being produced on all of      10:17

13 these topics.                                             10:17

14      MR. ALDEN:  Okay.  Which topics is he being          10:17

15 produced on?                                              10:17

16      MR. OLSON:  Sure.                                    10:17

17      He's being produced on 4, on 6, on 7; again,         10:17

18 subject to the objections and correspondence that I       10:17

19 previously referred to.                                   10:17

20      I believe he may have information that is            10:17

21 relevant to, although he's not being exclusively          10:17

22 identified as our respondent on all things related to     10:18

23 2.                                                        10:18

24      3, he has an ambiguity by virtue of the fact         10:18

25 that it talks about reports related to Apple Accused      10:18

Page 15

1    Products.  And he is being produced as to certain        10:18

2    financial information, which would qualify as reports     10:18

3    that are probably more particularly identified below.     10:18

4         And as to 5, the -- he will be testifying           10:18

5    about information on revenue on behalf of Apple, and     10:18

6    that could be used as a part of the calculation of       10:18

7    market share, but he's -- or more advanced to market     10:18

8    demand -- but he's not specifically being identified     10:18

9    here to testify regarding market share as compared to    10:18

10   other parties.                                           10:18

11        And again, I don't intend to try to                 10:18

12   incorporate all the other objections and other things    10:19

13   that were stated, but I think that may be helpful to      10:19

14   you.  I'm also happy, as you go through many others,      10:19

15   to make a similar clarification if needed.               10:19

16        MR. ALDEN:  Okay.  We reserve our rights as          10:19

17   to those limitations as stated by counsel.               10:19

18        Mister -- and in fact, I will refer to and           10:19

19   mark a correspondence from Jason Bartlett of             10:19

20   Morrison & Foerster with respect to Mr. Buckley's        10:19

21   designation -- well, I won't mark it.  I'll just read    10:19

22   from it for the record -- and I'm happy to show          10:19

23   counsel a copy of it -- dated February 11, 2012.         10:19

24        At page 2, second bullet point, Mr. Bartlett        10:19

25   from Morrison & Foerster says:                           10:19

Confidential Attorneys' Eyes Only

Page 16

1        "Mr. Buckley is designated to testify about        10:19

2   Apple financial information that is relevant to this     10:19

3   lawsuit.  He will address Apple's sales, costs and       10:20

4   profits relating to the iPhone, iPad and iPod Touch      10:20

5   and Apple's capacity to make those products.  These      10:20

6   topics relate to topics 2 to 7 and 13 to 18 to           10:20

7   Samsung's damages topics notice and topics 7 to 8 of     10:20

8   Samsung's design and trade dress notice.  Mr. Buckley    10:20

9   will be deposed on February 23."                         10:20

10       So to the extent there is any difference            10:20

11  between what Mr. Olson has just stated on the record     10:20

12  and what was represented in this letter, we would        10:20

13  object.                                                  10:20

14       We would -- we also reserve our objections to       10:20

15  the -- generally to the vagueness of the limitations     10:20

16  that are being placed and the vagueness of the           10:20

17  designation that Apple is purporting to give to          10:20

18  Mr. Buckley's testimony.                                 10:20

19       But certainly, topics 2 to 7 were the ones          10:20

20  identified.  I don't believe that Mr. Olson even         10:20

21  mentioned some of those topics.  And to the extent       10:21

22  that Mr. Buckley is not prepared to testify as to        10:21

23  certain of those topics, we reserve our right to move    10:21

24  to compel.                                               10:21

25       Would you like to see the letter?                   10:21

Confidential Attorneys' Eyes Only

Page 17

1        MR. OLSON:  Yes.  Thank you, Mr. Alden.        10:21

2        So again, I actually think what I said a        10:21

3    moment ago is entirely consistent with what's here,    10:21

4    and I don't think we need to try to resolve it on the    10:21

5    record as to the issue.                                10:21

6        But specifically, the letter speaks to the        10:21

7    fact that he's being designated to talk about Apple's    10:21

8    financial information, but then specifically refers to    10:21

9    Apple's sales, costs, profits relating to the iPod,    10:21

10   iPad, iPod Touch, and Apple's capacity to make those    10:21

11   products.                                              10:21

12       And notably, it says it relates to the topics    10:21

13   that were identified.  And I believe -- or they did    10:21

14   identify each of 2, 3, 4, 5, 6 and 7 in my prior        10:21

15   response and as to how his testimony would be related    10:21

16   to those topics, although if there's uncertainty about    10:22

17   it from the record, I'm happy to either go over it now    10:22

18   or at a break and clarify.                              10:22

19       That said, you know, whatever discovery            10:22

20   disputes we have, we have, and we'll work them out.    10:22

21       MR. ALDEN:  With that said, Mr. Buckley, I'd        10:22

22   like -- I would like to mark as Exhibit 2 Samsung's    10:22

23   Amended First 30(b)(6) Deposition Notice to Apple      10:22

24   Design and Trade Dress Topics.                          10:22

25       MR. OLSON:  I didn't want -- I don't want          10:22

Confidential Attorneys' Eyes Only

Page 18

1   there to be confusion.  I don't think 2 to 7 is it;        10:22

2   right?  Do you understand that there are more items        10:22

3   identified in the letter, and there are more items on      10:22

4   which his testimony is relevant for providing             10:22

5   testimony?                                                10:22

6        MR. ALDEN:  That's actually true.  Thank you.        10:22

7   Yes.                                                      10:22

8        MR. OLSON:  Sorry about that.                        10:22

9        MR. ALDEN:  No, no, you actually -- you're           10:22

10  right.                                                    10:22

11       If you could -- well, if I could clarify one         10:22

12  thing.  In the letter that we've just been referring      10:23

13  to, Mr. Bartlett from Morrison & Foerster represents      10:23

14  that Mr. Buckley will be testifying as to Apple's         10:23

15  capacity to make those -- to make the -- those            10:23

16  products, by which he names iPhone, iPad and iPod         10:23

17  Touch.                                                    10:23

18       Just to be clear, is Mr. Bartlett going to be        10:23

19  testifying as to -- as to that topic as represented in    10:23

20  the letter?                                               10:23

21       MR. OLSON:  Yeah, so can I see the letter?           10:23

22       MR. ALDEN:  Yeah.                                    10:23

23       MR. OLSON:  So, Mr. Bartlett actually is not         10:23

24  going to be testifying as to any subject matter.  But     10:23

25  Mr. Buckley -- you just misused his name --               10:23

Confidential Attorneys' Eyes Only

Page 19

1    Mr. Buckley will be testifying about the issue of        10:23

2    capacity, at least with respect to the iPhone and        10:23

3    iPad.                                                     10:23

4         We had objected as to whether the capacity          10:23

5    with the iPod was relevant to matters in the Northern    10:23

6    District of California case.  And as noted here, he      10:24

7    is -- the information that he has and will be            10:24

8    providing is relevant to the other topics of 13 -- I    10:24

9    believe 13 to 18 as identified.  I'm happy to go down    10:24

10   through those if it would be helpful to you.             10:24

11        I'll also note for your benefit, I believe          10:24

12   that Mr. Buckley has information that will be relevant   10:24

13   to 12 and B and C, which are the issue of royalty and   10:24

14   fees paid or royalties and fees received at a broad      10:24

15   level.  I don't try to re-quote the whole notice.        10:24

16        MR. ALDEN:  And just to continue the lawyer         10:24

17   talk for one moment -- thank you, Mr. Olson -- given     10:24

18   that Mr. Buckley wasn't, as far as I know, designated    10:24

19   on topic No. 12, we don't consider this to be -- to --   10:24

20   his testimony to be responsive to that topic, although  10:24

21   I appreciate that he may be able to offer testimony      10:25

22   that bears on the topic.                                 10:25

23        So we would expect Apple to designate a             10:25

24   witness on that topic, irrespective of Mr. Buckley's     10:25

25   testimony today.                                         10:25

Confidential Attorneys' Eyes Only

Page 20

1      MR. OLSON:  I understood that.  We would --       10:25

2   that one is simple.                                  10:25

3      There are a couple of reports that you've         10:25

4   been provided with for which he's the custodian, the  10:25

5   proper person.  I'm happy to bring them tomorrow     10:25

6   morning if you can't find them, but he will be our --  10:25

7   our witness on that point.                           10:25

8      And so, as I said, this is a deposition           10:25

9   that's -- at least part of which may continue        10:25

10  tomorrow.  So I'm happy to do whatever is necessary  10:25

11  to -- to allow that testimony to go forward, but I   10:25

12  understand your objection.  But I'm telling you, I   10:25

13  don't -- we would be better to find a solution to that  10:25

14  and resolve it within the time that Mr. Buckley is   10:25

15  made available.                                      10:25

16     MR. ALDEN:  Appreciate that.  We can attempt      10:25

17  to do so, but if we can't, again, we reserve our     10:25

18  rights.                                              10:25

19     Q   Mr. Buckley, if you could take a look,        10:26

20  please, at topics 13 to 18 in the notice that's before  10:26

21  you.                                                 10:26

22     A   Yes.                                          10:26

23     Q   You understand that you've been designated by  10:26

24  Apple to testify on its behalf with respect to those  10:26

25  topics, subject to the qualifications that           10:26

Confidential Attorneys' Eyes Only

Page 21

1    Mr. Olson articulated a few moments ago?                10:26

2         A    Yes.                                          10:27

3         Q    And are you the best person to testify as to  10:27

4    topics 2 to 7 and 13 to 18 on behalf of Apple?          10:27

5              MR. OLSON:  Objection; vague.                 10:27

6              THE WITNESS:  Yes.                            10:27

7              MR. ALDEN:  I'd like to mark as Exhibit 2     10:27

8    Samsung's Amended First 30(b)(6) Deposition Notice to   10:27

9    Apple, Inc. (Design and Trade Dress Topics).            10:27

10             (Document marked Buckley Exhibit 2            10:27

11              for identification.)                         10:28

12             MR. ALDEN:  Q.  Mr. Buckley, have you seen    10:28

13   this document before, sir?                              10:28

14        A    I believe so.                                 10:28

15        Q    And do you understand what it is?             10:28

16        A    It's a dep -- amended first 30(b)(6)          10:28

17   deposition notice to Apple.                             10:28

18        Q    Okay.  If I could ask you to look at topics 7 10:28

19   to 8 of this notice, beginning on page 8 and going      10:28

20   over to page 9.                                         10:28

21             MR. OLSON:  Mr. Anthony, I suspect that       10:28

22   you're going over that by virtue of what was referred   10:28

23   to in the letter.                                       10:28

24             I thought that a letter has gone back making  10:28

25   clear this point, but if it's not, I'll go ahead and    10:28

Confidential Attorneys' Eyes Only

Page 22

1    make it clear.                                          10:28

2           I think the inclusion of 8 was a mistake, and   10:28

3    I thought that that was corrected previously.  And as  10:28

4    to 7, the issue goes to budget and spending.  But, you 10:28

5    know, I'm happy to have you ask whatever other         10:29

6    questions you want on that point.                      10:29

7           MR. ALDEN:  So just so -- I'm sorry,            10:29

8    Mr. Buckley.                                            10:29

9           MR. OLSON:  Yeah.                                10:29

10          MR. ALDEN:  Just so I'm clear, topic 7 is       10:29

11   being designated for the -- there are no               10:29

12   qualifications as to its designation?                  10:29

13          MR. OLSON:  Oh, no, there is qualification.     10:29

14   He's being presented with respect to the issue of      10:29

15   budget and spending on advertising and marketing,      10:29

16   which is subsumed within the notice but isn't the full 10:29

17   scope -- or subsumed within the category but isn't the 10:29

18   full scope of the category.                            10:29

19          And 8 was just an error.  He's actually         10:29

20   not -- again, I thought that a letter had gone out on  10:29

21   this, but there is a lot of correspondence that goes   10:29

22   on between the parties, and I can't point to the       10:29

23   specific date of the letter.  And 8 he is not being    10:29

24   identified on.                                          10:29

25          Others are being identified on it, but he is    10:29

Confidential Attorneys' Eyes Only

Page 23

1    not.                                                    10:30

2          MR. ALDEN:   Okay.  I have not seen such a        10:30

3    letter, so I will -- you know, I'll just make the       10:30

4    record that we would object to the withdrawal of the    10:30

5    topic.  And we are prepared, as a -- as a result of     10:30

6    Mr. Bartlett's February 11th letter, have been          10:30

7    prepared to examine Mr. Buckley on topic 8, and would   10:30

8    object to the undue prejudice of withdrawing it at      10:30

9    this point, but understand counsel's position on that.  10:30

10          MR. OLSON:   And I assume when you say            10:30

11   "withdraw," which means withdraw as to Mr. Buckley, my  10:30

12   understanding is we haven't withdrawn it; that others   10:30

13   have been designated and, in fact, may in authority     10:30

14   appear, but I don't know.                               10:30

15          MR. ALDEN:   All right.                          10:30

16          Mr. Buckley, I guess I'll rephrase my            10:30

17   question.                                               10:30

18      Q   You understand that at least Apple's position    10:30

19   today is that you've been designated on topic 7,        10:31

20   subject -- of this notice that's before you, subject    10:31

21   to Mr. Olson's qualifications that he just              10:31

22   articulated?                                            10:31

23      A   Yes, I do, subject to his qualifications,        10:31

24   yes.                                                    10:31

25          MR. ALDEN:   I'd now like to mark for the        10:31