UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, ) | Case No.: 11-CV-01846-LHK |
| Plaintiff, ) | PRETRIAL CONFERENCE ORDER |
| v. ) | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, ) | |
| Defendants. ) | |

Clerk:  Martha Parker Brown      Plaintiff's Attorneys: Harold McElhinny, Rachel Krevans, William Lee, Lauren Fletcher, Kevin Prussia, Nathan Sabri, Christopher Robinson
Reporter:  Lee-Anne Shortridge
Defendants' Attorneys: William Price, Victoria Maroulis, Jon Cederberg, Anthony Alden, Carl Anderson, Joby Martin, Anne Abramowitz

A pretrial conference was held on October 17, 2013. A further pretrial conference is set for November 5, 2013, at 2:00 p.m.

The parties agreed to exchange proposed stipulations resolving or narrowing any of their disputes by October 25, 2013. The parties shall meet and confer regarding these proposed stipulations by October 30, 2013, and shall file an update on this process with the Court by November 1, 2013. The parties agreed to expedite this schedule is feasible, and to inform the Court if they do so.

**MOTION RULINGS**:

At the pretrial conference on October 17, 2013, the Court made the following rulings on the record:

1

Case No.: 11-CV-01846-LHK
PRETRIAL CONFERENCE ORDER

- Apple's Motion in Limine #1 to Exclude Evidence Regarding Patent Reexamination Proceedings, ECF No. 2400, is GRANTED for the reasons stated on the record.

- Apple's Motion in Limine #2 to Exclude Reference to Prior Art, ECF No. 2402, is DENIED without prejudice for the reasons stated on the record.

- For the reasons stated on the record, Apple's Motion in Limine #3 to Exclude Michael Wagner's "New" Design Around Theories, ECF No. 2403, is GRANTED IN PART with respect to: (1) theories based on patent reexamination proceedings, and (2) theories first disclosed in post-trial briefing on a permanent injunction. The Court will issue a separate written order on the remainder of Apple's Motion in Limine #3 regarding design around theories based on the first jury's noninfringement findings.

- Samsung's Motion in Limine #1 to Exclude Evidence of "Copying," ECF No. 2406, is DENIED without prejudice for the reasons stated on the record.

- Samsung's Motion in Limine #2 to Exclude Evidence Broadening the Scope of Apple's Patents, ECF No. 2406, is DENIED without prejudice for the reasons stated on the record.

- Samsung's Motion in Limine #3 to Exclude Apple's Evidence of Lost Profits, ECF No. 2406, is DENIED for the reasons stated on the record.

- Samsung's Motion in Limine #4 to Exclude Julie Davis's Opinions Based on Data Provided by Interbrand, ECF No. 2406, is DENIED for the reasons stated on the record.

- For the reasons stated on the record, Apple's Motion to Exclude Samsung Witnesses, ECF No. 2413, is GRANTED IN PART and DENIED IN PART. Specifically:

    o Apple's Motion is DENIED with respect to limiting witnesses to testifying in the form for which they were previously designated. Samsung may call witnesses previously designated for live testimony by deposition, and may call live any witnesses previously designated for testimony by deposition.

    o Apple's Motion is GRANTED with respect to limiting the parties to calling witnesses listed on their *own* final witness lists from the first trial. The Court finds that it has discretion to determine whether to allow Samsung to call a witness that was previously included on Apple's final witness list, but not on Samsung's own final witness list. *See Price v. Seydel*, 961 F.2d 1470, 1474 (9th Cir. 1992). In considering whether to exercise this discretion, the Court considers: "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court; [and] (4) bad faith or willfulness in failing to comply with the court's order." *Id.*
    The Court finds that allowing Samsung to call witnesses previously disclosed only on Apple's witness list will prejudice Apple. Samsung explained at the hearing that it wishes to call Todd Pendleton, a Samsung executive, *see* ECF No. 2486-3, who was previously designated on Apple's, but not Samsung's, final witness list. However, preparing to call a witness on direct is significantly different than preparing to call that witness on cross-examination, and as Apple prepared its first case on the assumption that Samsung would call the witnesses listed on its own final list only, Apple has not previously prepared a cross-examination of Pendleton. The Court further finds that this prejudice would be difficult to cure at this stage of the litigation, in light of the brief time between now and trial and the myriad other tasks the parties and the Court must accomplish before the retrial begins on November 12, 2013.
    Perhaps most significantly, the Court finds that waiving the rule against unlisted witnesses to allow Samsung to call Pendleton would "disrupt the orderly and efficient

2

Case No.: 11-CV-01846-LHK
PRETRIAL CONFERENCE ORDER

trial of the case." *Price*, 961 F.2d at 1474. Given that Apple crafted its own retrial witness list on the understanding that it would not be able to borrow from Samsung's previous final witness list, were the Court to change course and allow Samsung to call witnesses from Apple's previous list, equity would demand that the Court allow Apple to do the same. This would necessitate a new exchange of witness lists and a new round of objections. With only three weeks before trial, and numerous other issues unresolved, the Court simply lacks the time and resources to engage in a new round of motions to exclude witnesses. Finally, although the Court finds that Samsung acted neither willfully nor in bad faith in seeking to call witnesses previously disclosed only on Apple's final witness list, this factor does not outweigh the previous three, all of which point to preventing Samsung from calling witnesses from Apple's previous list. Finally, the Court notes that Samsung identified 95 witnesses on its final witness list, but chose not to include Pendleton among the 95.

Having weighed the relevant factors, the Court therefore GRANTS Apple's Motion to Exclude Samsung Witnesses as it relates to witnesses included on Apple's, but not Samsung's, final witness list in the first trial.

- o Apple's Motion is GRANTED with respect to limiting witnesses to the topics for which they were previously disclosed.

- o The parties may not call witnesses that were listed on their earlier, lengthier 2012 witness lists. The operative lists for purposes of the retrial are the parties' *final* witness lists.

- o Apple's Motion to exclude Dr. Sukumar is GRANTED.

- o Apple's Motion to exclude Jaewoo Park, Sun-young Yi, and Jong-wook Shim from testifying as to hypothetical design arounds is GRANTED.

- o Apple's Motion to exclude witnesses who will testify about infringement, validity, or Samsung design is DENIED without prejudice.

- For the reasons stated on the record, Apple's Motion to Exclude Samsung Exhibits, ECF No. 2415, is GRANTED IN PART and DENIED IN PART. Specifically,

  - o Apple Motion is DENIED without prejudice with regard to Samsung's "validity" exhibits (DX528, 546, 548, 550, 551, 556, 578; PX10, 20, 22; and PDX 14, 26).

  - o Apple's Motion is GRANTED with respect to Samsung's patent reexamination exhibits (New Trial Exhibits 7 and 8).

  - o Apple's Motion with respect to Samsung's "noninfringement" exhibits is GRANTED for New Trial Exhibit 10 and DX751, and DENIED for PDX29.

  - o Apple's Motion with respect to Samsung's "independent development" exhibits is GRANTED for DX680 and DENIED without prejudice for DX526, 682, 683.

  - o Apple's Motion with respect to the U.S. Senate Report on Apple's taxes (DX939) is DENIED insofar as Samsung may rely during the trial on tax data included in the report, but GRANTED insofar as Samsung may not use DX939 to refer to the Senate investigation and hearing on Apple's tax practices.

  - o Apple's Motion to exclude the HTC settlement agreement (DX938) is tentatively GRANTED. The Court may reconsider this ruling after reviewing the briefing the parties will submit on this issue (see below).

3
Case No.: 11-CV-01846-LHK
PRETRIAL CONFERENCE ORDER

- o  Apple's Motion is DENIED without prejudice with regard to exhibits containing Apple's competitive analyses (DX712, 2519).

- o  Apple's Motion is GRANTED with respect to exhibits containing post-trial briefs and orders (New Trial Exhibits 4 and 5).

- o  Apple's Motion to exclude exhibits of Wagner's updated damages summaries (DX781 and New Trial Exhibit 1) is DENIED as moot in light of this Motion's overlap with Apple's Motion to Strike Portions of Wagner's Updated Expert Report. ECF No. 2381.

- o  The Court will issue a separate written order addressing the remaining portion of Apple's Motion to Exclude Samsung Exhibits, which addresses DX586 and the appropriate notice dates to be used in the new trial.

- For the reasons stated on the record, Samsung's Motion to Strike Portions of Davis's Expert Report, ECF No. 2386, is GRANTED IN PART and DENIED IN PART. Specifically:

  - o  Samsung's Motion is GRANTED with respect to Davis's conclusions concerning Apple's capacity to meet demand for the iPhone 4 with iPhone 4's from June to October 2010. Davis may not offer any testimony that Apple had available inventory of iPhone 4's in this period.

  - o  Samsung's Motion is GRANTED with respect to Davis's patent descriptions. Davis will adopt the patent descriptions used in Terry Musika's original 2012 expert reports. Samsung stipulates that it will not use Davis's adoption of Musika's patent descriptions as a basis for attacking Davis's testimony on cross-examination.

  - o  The Court will address the remaining portions of Samsung's Motion to Strike, including the issue of the proper design around period start dates, in a separate written order.

- For the reasons stated on the record, Apple's Motion to Strike Portions of Wagner's Updated Expert Report, ECF No. 2381, is GRANTED IN PART with respect to Wagner's updated retail pricing analysis. The Court will address the remainder of Apple's Motion to Strike—including the issues of design arounds based on the jury verdict, the proper notice dates, and the Gem units—in a separate written order.

- Any video exhibit may be used only as a demonstrative exhibit for the reasons stated on the record.

**ADDITIONAL FILINGS:**

- By October 21, 2013, Apple shall file a statement, not to exceed **four (4)** pages, explaining its legal position as to why Samsung may not argue that Samsung products that the 2012 jury found not to infringe Apple's patents are noninfringing alternatives for purposes of a lost profits analysis and a reasonable royalty analysis. **During the pretrial conference, the Court limited each party to two (2) pages for their filings; however, upon further reflection, the Court believes that additional briefing would be helpful and extends the page limits to four (4) pages each.**
  Samsung may file a response, not to exceed **four (4)** pages, by October 23, 2013. Apple may not file a reply.

- By October 21, 2013, Samsung shall file a declaration explaining how Samsung products are or are not designated as "Galaxy" phones, and explaining the history of the "Galaxy" designation for the Infuse 4G and the Droid Charge.
  Samsung shall also make a Rule 30(b)(6) witness available for deposition on the subjects of how Samsung products are or are not designated as "Galaxy" phones and the

4
Case No.: 11-CV-01846-LHK
PRETRIAL CONFERENCE ORDER

history of the "Galaxy" designation for the Infuse 4G and the Droid Charge. The deposition shall be taken by October 25, 2013.

By October 28, 2013, Apple shall file a statement, not to exceed two (2) pages, putting forth its position on whether the Infuse 4G and Droid Charge are "Galaxy" phones.

Samsung may file a response, not to exceed two (2) pages, by October 30, 2013. Apple may not file a reply.

- By October 21, 2013, Samsung shall file an offer of proof, not to exceed three (3) pages, regarding the relevance of the HTC settlement agreement to this retrial on damages.
  Apple may file a response, not to exceed three (3) pages, by October 23, 2013. Samsung may not file a reply.

- By October 21, 2013, Apple shall file a statement, not to exceed five (5) pages, putting forth its argument for why Davis should be permitted to present to the jury lost profits calculations based on design around periods that begin on the date of first notice and not of first infringement.
  Samsung may file a response, not to exceed five (5) pages, by October 25, 2013.

- By October 21, 2013, Apple shall file a statement, not to exceed two (2) pages, explaining its position on why it is entitled to damages for Gem units sold by all U.S. carriers, and not only those sold by Verizon.
  Samsung may file a response, not to exceed two (2) pages, by October 23, 2013. Apple may file a reply, not to exceed two (2) pages, by October 25, 2013.

**IT IS SO ORDERED.**

Dated: October 18, 2013

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No.: 11-CV-01846-LHK
PRETRIAL CONFERENCE ORDER

5