1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:     (650) 801-5000
   Facsimile:     (650) 801-5100
9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17              UNITED STATES DISTRICT COURT

18       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19 APPLE INC., a California corporation,        CASE NO. 11-cv-01846-LHK (PSG)

20              Plaintiff,                       **FILED UNDER SEAL**

21       vs.                                     **DECLARATION OF ROBERT J.
                                                 BECHER IN SUPPORT OF SAMSUNG'S**
22 SAMSUNG ELECTRONICS CO., LTD., a             **SUPPLEMENTAL BRIEF IN SUPPORT**
   Korean business entity; SAMSUNG             **OF OPPOSITION TO APPLE INC.'S**
23 ELECTRONICS AMERICA, INC., a New            **MOTION TO COMPEL FURTHER**
   York corporation; SAMSUNG                   **DISCOVERY AND FOR SANCTIONS**
24 TELECOMMUNICATIONS AMERICA,                 **FOR VIOLATIONS OF PROTECTIVE**
   LLC, a Delaware limited liability company,  **ORDER**
25
                Defendant.
26

27                                              **Date**:   October 22, 2013
                                                **Time**:   10:00 a.m.
28                                              **Place**:  Courtroom 5, 4th Floor
                                                **Judge**:  Hon. Paul S. Grewal

1

<u>DECLARATION OF ROBERT J. BECHER</u>

2

3      1.      I am a member of the bar of the State of California, and a partner in the firm Quinn

4   Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attorneys for defendants Samsung

5   Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications

6   America, LLC (collectively, "Samsung") in Case No. 11-cv-1846 LHK (PSG) ("the 1846 action")

7   in the Northern District of California.  I make this declaration of personal knowledge, and if called

8   and sworn as a witness, I could and would testify as set forth below.

9      2.      On August 18, 2013, Samsung and Nokia Corporation ("Nokia") entered into a

10  Stipulation and [Proposed] Order re Motion for Protective Order by Nokia Corporation

11  ("Stipulation").

12     3.      On September 10, 2013, Stroz arrived at Samsung's offices in Suwon, Korea.

13  Since that date, Stroz has almost always had four digital forensics examiners and one Managing

14  Director or a Vice President present in Suwon.

15     4.      I arrived in Suwon on September 10, 2013 to ensure that Stroz received all the data

16  it needed from Samsung.  Since September 10, 2013, a Quinn Emanuel attorney has been present

17  in Suwon to oversee and facilitate the work being performed by Stroz.

18     5.      Once Stroz arrived in Korea, Samsung began collecting all available desktops and

19  laptops for each Samsung employee identified as a recipient of the Disclosed Information as

20  defined in the Stipulation.  Those computers were turned over to Stroz for imaging on a rolling

21  basis.  The process of gathering computers and archives was ongoing.  When Quinn Emanuel

22  identified additional recipients of the inadvertent disclosures, Stroz would then image that

23  person's computer.  In addition, Stroz worked with Samsung to have files decrypted.

24     6.      Samsung also collected emails from its email archive for recipients of the

25  inadvertent disclosures before my arrival and continued with this process after I arrived.  To the

26  extent Quinn Emanuel identified new recipients of the inadvertent disclosures, Samsung provided

27  additional emails from the email archive.

28     7.      Because some of the Korean-based custodians were not located in Suwon,

-1-      Case No. 11-cv-01846-LHK

1  Samsung personnel traveled to different cities in Korea, including Seoul, Giheung, and Youngin-

2  si, to collect computers for imaging in Suwon.

3        8.        Stroz also sent examiners to Samsung locations in four U.S. cities, Washington,

4  D.C.; Richardson, Texas; Ridgefield New Jersey; and Silicon Valley, California, to image the hard

5  drives for 16 U.S. custodians.  Quinn Emanuel sent a different attorney to each of these sites to

6  oversee and facilitate the process.

7        9.        On September 11, 2013, Quinn Emanuel sent proposed search terms to Nokia's

8  counsel.  Nokia sent its own proposed search terms for the first time that same day.  On September

9  24, 2013, after I had engaged in further negotiation with Nokia over the search terms, Stroz ran

10  sample search terms across the 44 Korean-based custodians whose email had been indexed by that

11  point.  The test searches resulted in an unwieldy number of hits from the various terms.  For

12  example, one of the proposed search strings located 167,529 emails, another found 89,243

13  documents, and another found 19,365 documents.

14        10.        Samsung and Nokia continued to negotiate the search terms and had reached

15  agreement on most of them.  Nokia sent Samsung proposed search terms in Korean for the first

16  time on October 1, 2013.

17        11.        As of the date of the October 2 hearing, Stroz had already imaged 72 computers in

18  the United States and Korea and had indexed most of the archived email data for the custodians in

19  Korea.

20        12.        At the October 1 hearing, Quinn Emanuel informed the Court that it would take 3

21  more weeks for Stroz to complete its work under the Stipulation.

22        13.        Once Samsung received the Court's October 2, 2013 Order, the scope of work

23  changed because the order called for production of documents.  Quinn Emanuel immediately

24  retained Stroz under a new engagement letter to assist Samsung in complying with the Order.

25        14.        Samsung gave the Stroz team access to work over a Korean holiday on October 9,

26  and to work continuously over the weekend of October 12 and 13.

27        15.        On October 10 and 11, 2013, Stroz sent an examiner on-site to Brussels to image a

28  Samsung custodian's computer, and then to Paris to image a French custodian's computer.

16.     By October 16, Stroz had gathered, imaged, processed and run keyword searches on over a terabyte of data, from Samsung employees on 3 different continents who received the incompletely redacted Teece report.

17.     Stroz processed and loaded approximately 140 GB of data that hit on the search strings into its online review system so it could be reviewed for responsiveness.  Quinn Emanuel's review team of over twenty attorneys worked without pause and ultimately reviewed 69,862 documents—many in Korean—consisting of over 1,215,336 unique pages for responsiveness. Quinn Emanuel produced 470 documents, consisting of a total of 12,988 pages.

18.     Since the date of the Order, Samsung has made six witnesses available for deposition—Seongwoo ("Clayton") Kim, Jaewan Chi, Daniel Shim, Kenneth Korea, Dr. Seungho Ahn and Jin Hwan Kwak.  Kenneth Korea was deposed both in an individual capacity and as a 30(b)(6).  Even though all of the witnesses but Mr. Korea reside in Korea, Samsung made them available for deposition in the United States.

19.     In addition to the detailed letters that I have sent Nokia and Apple regarding whether the outside law firms who received the inadvertent disclosures used or disclosed any of the information in the inadvertent disclosures regarding Apple's licenses with Nokia, Ericsson, Philips and Sharp, I intend to provide Apple and Nokia with a declaration confirming this information.

20.     Apple produced its license with Nokia in discovery in the 794 ITC investigation, as reflected in Apple's production letter dated February 19, 2012, which included the bates range covering the Nokia-Apple license.

21.     After the Court issued its two October 2 Orders—the Stipulation (Dkt. 785, No. 12-630) and the Order re: Apple's Motion for Sanctions (Dkt. 2483, No. 11-1846)—Samsung made a series of written requests, seeking a stipulation from counsel for Apple and Nokia that Samsung's compliance with the October 2 Orders would not effect a waiver of attorney-client privilege, attorney work product, or any other applicable privilege or protection in this proceeding or any other proceeding.  Apple and Nokia repeatedly refused to join and submit such a stipulation to the Court for entry as an order, which would be binding on parties and non-parties to the stipulation.

22.     I informed Apple on October 3 that Samsung "would share the information resulting from the procedures set forth in this [October 2] Stipulation with Apple as long as Apple will not contend that doing so constitutes a waiver of the attorney-client privilege or attorney work product protection."   A true and correct copy of my October 3, 2013 email to Joseph Mueller, counsel for Apple, is attached as Exhibit A.

23.     By letter dated October 5, Apple refused to agree that sharing information gathered pursuant to the October 2 Stipulation would not effect a waiver, claiming that "Apple is not a party to the Samsung-Nokia stipulation, and has never agreed that actions taken under the stipulation are entitled to privilege," despite the Court's order making the October 2 Stipulation, including its no-waiver provision, binding on non-parties.  A true and correct copy the October 5, 2013 letter from Joseph Mueller, counsel for Apple, to myself is attached as Exhibit B.

24.     On October 4, Apple demanded production of unredacted copies of documents produced pursuant to the October 2 Order.  A true and correct copy of the October 4, 2013 letter from Joseph Mueller, counsel for Apple, to myself is attached as Exhibit C.  In response, I inquired via email on October 4 whether "Apple believes Samsung is required to produce documents in response to the Magistrate Judge's Order, including the documents listed in the first category, without regard for assertions of the attorney-client privilege or attorney work product protections."  Apple responded that the "Court's Order obligates Samsung to produce unredacted versions of the documents."  A true and correct copy of the October 4, 2013 email chain between Joseph Mueller, counsel for Apple, and myself is attached as Exhibit D.

25.     Given the uncertainty created by Apple's position that the October 2 Orders found waiver or otherwise abrogated privilege, which Samsung strongly disagreed with, Samsung appealed the October 2 Order to the extent it was improperly construed to "ignore[] Samsung's objections based on attorney-client privilege and work-product protection" or "*sub silentio* reject[] Samsung's privilege and work product assertions."  Dkt. 2538.  In their oppositions to Samsung's appeal, Nokia and Apple argued that the October 2 Order impliedly waived and/or abrogated the privilege under the crime-fraud exception.  Dkt. 2502; Dkt. 2505-1.

26.     While its appeals of the October 2 Orders were pending, Samsung again attempted

1    to secure Nokia's and Apple's agreement that Samsung's compliance with the October 2 Orders

2    would not effect any waiver of privilege, in an attempt to provide Apple and Nokia with the

3    information they sought.

4            27.    On October 10, I wrote "to ascertain Apple's and Nokia's position regarding the

5    steps Samsung may take, without waiving its claims of privilege, in order to comply with

6    Magistrate Judge Grewal's October 2, 2013 Order," and sought an agreement and stipulation that

7    its efforts to comply with either of these Orders will not effect a waiver, including through

8    Samsung's document production and preparation of individual and Rule 30(b)(6) deposition

9    witnesses.  A true and correct copy of my October 10, 2013 letter to Joseph Mueller, counsel for

10   Apple, and Randall Allen, counsel for Nokia, is attached as Exhibit E.

11           28.    Both Apple and Nokia refused to stipulate in letters dated October 11.  A true and

12   correct copy of the October 11, 2013 letter from Joseph Mueller, counsel for Apple, to myself is

13   attached as Exhibit F, in which he states that "[w]e do not see the need to enter into any stipulation

14   on this issue."  A true and correct copy of the October 11, 2013 letter from Ryan Koppelman,

15   counsel for Nokia, to myself is attached as Exhibit G, in which he states that "Nokia cannot agree

16   to the stipulation regarding privilege that Samsung proposes."

17           29.    After receiving Apple's and Nokia's October 11 letters, I again requested

18   clarification of their positions, explaining that "Apple's and Nokia's refusal to agree to the

19   requested stipulation will limit the information that Samsung can provide without risking waiver

20   of its privileges, which in Samsung's view remain intact."  A true and correct copy of my October

21   12, 2013 letter to Joseph Mueller, counsel for Apple, and Randall Allen, counsel for Nokia, is

22   attached as Exhibit H.

23           30.    In response to my October 12 letter, Apple stated that it did "not see any basis for

24   entering into a stipulation as to the application of privilege law to these facts."  A true and correct

25   copy of the October 13, 2013 email from Joseph Mueller, counsel for Apple, to myself is attached

26   as Exhibit I.  Similarly, Nokia stated that "we see no need for any further discussion, negotiation

27   or stipulation on this issue.  A true and correct copy of the October 13, 2013 letter from Ryan

28   Koppelman, counsel for Nokia, to myself is attached as Exhibit J.

31.     Although both Apple and Nokia refused to join and submit a no-waiver stipulation to the Court, both agreed that Samsung's production of documents pursuant to the October 2 Orders would not effect a waiver.  In its October 11 letter, Apple's counsel stated "we agree that the act of producing documents required by the Court's order will not, itself, waive any privilege. *See* Exhibit F.  In its October 13 letter, Nokia's counsel stated "Nokia will agree that it will not contend that production of documents as a result of Judge Grewal's October 2, 2013 Order waives any applicable privilege."  *See* Exhibit J.

32.     Although both Apple and Nokia agreed in their October 11 and 12 letters, respectively, that production of documents in response to the October 2 Orders would not waive privilege, neither was willing to join and submit a stipulation to the Court reflecting that agreement, which would have protected Samsung from waiver claims of non-parties to the stipulation.

33.     I followed up "one final time to request a stipulation which can be submitted to the Court on this issue," attaching a draft stipulation for submission to the Court, but Apple refused to join.  A true and correct copy of my October 14, 2013 letter to Joseph Mueller, counsel for Apple, and Ryan Koppelman, counsel for Nokia, is attached as Exhibit K.  A true and correct copy of the draft stipulation that I forwarded to counsel for Apple and Nokia on October 14, 2013 is attached as Exhibit L.  A true and correct copy of the October 14, 2013 email from Joseph Mueller, counsel for Apple, to myself is attached as Exhibit M, in which he refuses to join and submit the proposed no-waiver stipulation to the Court.

34.     On October 16, 2013, a paralegal at my law firm emailed Samsung's privilege logs, which addressed both withheld and redacted documents, to counsel for Apple and Nokia.

35.     A true and correct copy of certain excerpts from the Rule 30(b)(6) deposition of Kenneth Korea (144:15-18), is attached as Exhibit N.

36.     A true and correct copy of certain excerpts from the deposition of Daniel Shim (103:24-104:2), is attached as Exhibit O.

37.     A true and correct copy of certain excerpts from the deposition of Clayton Kim (56:7-8), is attached as Exhibit P.

38.     A true and correct copy of certain excerpts from the deposition of Dr. Ahn (121:9-123:6, 137:22-139:25, 140:25-143:2, and 160:17-161:14), dated October 17, 2013, is attached as Exhibit Q.

39.     A true and correct copy of certain excerpts from the deposition of Dr. Ahn (102:2-109:5), dated October 17, 2013, is attached as Exhibit R.

40.     An October 16, 2013 letter from myself to Joseph Mueller, counsel for Apple, and Randall Allen, counsel for Nokia, attaching a statement regarding whether there was any use or dissemination of the inadvertently disclosed information by Kirkland & Ellis, LLP, is attached as Exhibit S.

41.     A true and correct copy of a chart entitled "Teece Report – Inadvertent Disclosure Emails" is attached as Exhibit T.  The chart was prepared by Quinn Emanuel to identify the sender and recipients of each unique inadvertent disclosure email originating from Quinn Emanuel that Quinn Emanuel and Samsung were able to locate that attached a copy of the partially redacted March 22, 2012 Expert Report of Professor David J. Teece, or referred to an FTP site where the Teece Report could be downloaded, along with a legend describing those emails.

42.     A true and correct copy of a chart entitled "Teece Report – Inadvertent Further Dissemination  Emails (Corrected)" is attached as Exhibit U.  The chart was prepared by Quinn Emanuel to identify the sender and recipients of each unique inadvertent disclosure email that Quinn Emanuel and Samsung were able to locate that was a further dissemination to or from Samsung of the partially redacted March 22, 2012 Expert Report of Professor David J. Teece, along with a legend describing those emails.

43.     A true and correct copy of a chart entitled "ITC Outline/Brief Inadvertent Disclosure Emails" is attached as Exhibit V.  The chart was prepared by Quinn Emanuel to identify the sender and recipients of each unique inadvertent disclosure email originating from Quinn Emanuel that Quinn Emanuel and Samsung were able to locate that attached various outlines and drafts of the ITC 794 – Outline of Proposed Responses to Commission Question Nos. 5-8 (collectively "ITC Public Interest Outline"), or the final brief entitled Samsung's Initial Submission in Response to the Commission's March 13, 2012 Notice on Remedy and the Public

Interest ("ITC Brief"), along with a legend describing those emails.

44.     A true and correct copy of a chart entitled "ITC Public Interest Outline/Brief – Inadvertent Further Dissemination Emails" is attached as Exhibit W.  The chart was prepared by Quinn Emanuel to identify the sender and recipients of each unique inadvertent disclosure email that Quinn Emanuel and Samsung were able to locate that was a further dissemination to or from Samsung of the ITC Public Interest Outline or ITC Brief, along with a legend describing those emails.

45.     A true and correct copy of certain excerpts from the deposition of Jin Hwan Kwak (147:5-153:8), dated October 18, 2013, is attached as Exhibit X.


I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed on October 21, 2013, at Los Angeles, California.

By  */s/ Robert J. Becher*

Robert J. Becher

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document.  I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Robert J. Becher.


_/s/ Victoria F. Maroulis_____
Victoria F. Maroulis

# EXHIBIT A

**From:** Robert Becher
**Sent:** Thursday, October 03, 2013 4:34 PM
**To:** Mueller, Joseph
**Cc:** Amar Thakur
**Subject:** Apple v. Samsung

Dear Joe:

As you know, Nokia and Samsung entered into a Stipulation and Order re Motion for Protective Order by Nokia Corporation ("Stipulation").  We have previously indicated that we would share the information resulting from the procedures set forth in this Stipulation with Apple as long as Apple will not contend that doing so constitutes a waiver of the attorney-client privilege or attorney work product protection.  Based on statements Apple made at the hearing on its Motion to Compel Further Discovery and for Sanctions for Violations of Protective Order, it appears that Apple is not willing to agree and will contend to the contrary.  Please let us know today if Apple will stipulate that:  (i) nothing in the Stipulation will constitute a waiver of any claim of attorney-client privilege or attorney work product or other claim of confidentiality in the NDCA II case, the NDCA I case or any other federal or state action or administrative proceeding and it will not argue to the contrary; (ii) that Stroz Friedberg's review of Samsung's documents pursuant to the Stipulation will not constitute a waiver of any claim of attorney-client privilege or attorney work product or other claim of confidentiality protection in the NDCA II case, the NDCA I case or any other federal or state action or administrative proceeding and it will not argue to the contrary; and (iii) that Samsung's voluntary or inadvertent production of documents pursuant to the Stipulation shall not be deemed a waiver of any claimed privilege or protection in the NDCA II case, the NDCA I case or any other federal or state action or administrative proceeding.

Regards, Rob

# EXHIBIT B

WILMERHALE

October 5, 2013

Joseph J. Mueller

+1 617 526 6396 (t)
+1 617 526 5000 (f)
joseph.mueller@wilmerhale.com

Robert J. Becher, Esq.
Quinn Emanuel
865 S. Figueroa Street, 10th Floor
Los Angeles, CA  90017

Re:     *Apple Inc. v. Samsung Electronics Co. Ltd., et al.,*
        Case No. 11-cv-01846-LHK (PSG)

Dear Rob:

In a September 27, 2013 letter, you provided a list of search terms to which Samsung and Nokia have agreed under their stipulation, and requested Apple's input on those search terms.  On September 30, 2013, I informed you that Apple believed the search terms were too narrow in multiple respects, but would provide the requested additional search terms.

On October 2, Magistrate Judge Grewal ordered Samsung to produce by October 16, 2013, "[a]ll e-mails and other communications sent or received since March 24, 2012 by the Samsung employees who received the confidential information (more specifically, the Samsung employees listed in the attachments to Mr. Becher's August 1 letter) to the extent that they relate to Apple's licenses with Nokia, Ericsson, Sharp, and Philips."  Order Re: Apple's Motion for Sanctions, Dkt. 2483 (Oct. 2, 2013).  Samsung has an obligation to comply fully with that Order.

As you have acknowledged, Apple is not a party to the Samsung-Nokia stipulation..  Apple has not been involved in the negotiations between Samsung and Nokia regarding their stipulation, does not believe that the Samsung-Nokia protocol is adequate to determine when and how Apple's confidential licensing information was used, and does not have any control over the manner in which Stroz Friedberg is conducting searches under the stipulation.  In addition, Apple does not have access to the Samsung employees who improperly received Apple's highly confidential license information and therefore cannot seek information from them on additional terms that would be relevant.  As such, we are in no position to agree that the use of search terms would result in a complete identification of the documents that Judge Grewal has ordered to be produced.  Samsung has the obligation to conduct its search in a manner that will which will identify every document that relates to Apple's licenses with Nokia, Ericsson, Sharp, and Philips.

However, because has Samsung requested that Apple do so, below I provide some additional search terms.  To be clear, we are providing these terms to you as an accommodation and are in no way approving the stipulation or the protocols being used.  These terms would be relevant in English and Korean.  Also, any abbreviations used within Samsung for any of the terms (e.g., AAPL for Apple, or SS for Samsung) should also be included in any searches.

WILMERHALE

Robert J. Becher, Esq.
October 5, 2013
Page 2

| | | |
|---|---|---|
| Apple w/25 Nokia w/25 licen! | Apple w/25 Eric! w/25 licen! | "unwilling licensee" |
| Apple w/25 Sharp w/25 licen! | Apple w/25 Phil! w/25 licen! | "protective order" w/25 Nokia |
| Samsung w/25 Nokia w/25 licen! | Samsung w/25 Eric! w/25 licen! | "protective order" w/25 Sharp |
| Samsung w/25 Sharp w/25 licen! | Samsung w/25 Phil! w/25 licen! | PO w/25 Nokia |
| Apple w/25 Nokia w/25 royalt! | Apple w/25 Eric! w/25 royalt! | PO w/25 Sharp |
| Apple w/25 Sharp w/25 royalt! | Apple w/25 Phil! w/25 royalt! | Noreen |
| Samsung w/25 Nokia w/25 royalt! | Samsung w/25 Eric! w/25 royalt! | Bruce |
| Samsung w/25 Sharp w/25 royalt! | Samsung w/25 Phil! w/25 royalt! | Sewell |
| Apple w/25 Nokia w/25 negotiat! | Apple w/25 Eric! w/25 negotiat! | Teece |
| Apple w/25 Sharp w/25 negotiat! | Apple w/25 Phil! w/25 negotiat! | Licen! w/25 ███ w/25 ITC |
| Samsung w/25 Nokia w/25 negotiat! | Samsung w/25 Eric! w/25 negotiat! | "protective order" w/25 ███ |
| Samsung w/25 Sharp w/25 negotiat! | Samsung w/25 Phil! w/25 negotiat! | ITC w/25 "good faith" w/25 FRAND |
| Nokia w/25 ███ | Offer w/25 ███ w/25 ITC | Phil! w/25 ███ |
| Eric! w/25 ███ | Sharp w/25 ███ | Nokia w/25 ███ |

WILMERHALE

Robert J. Becher, Esq.
October 5, 2013
Page 3

| | | |
|---|---|---|
| Eric! w/25 ▮ | Nokia w/25 ▮ | [ITC or Cal or DGComp or Europ! or Italy or Australia or Britain or England or Netherlands or Dutch or France or Japan] w/25 "good faith" w/25 negot! |
| [ITC or Cal or DGComp or Europ! or Italy or Australia or Britain or England or Netherlands or Dutch or France or Japan] w/25 licen! w/25 Nokia | [ITC or Cal or DGComp or Europ! or Italy or Australia or Britain or England or Netherlands or Dutch or France or Japan] w/25 licen! w/25 Phil! | [ITC or Cal or DGComp or Europ! or Italy or Australia or Britain or England or Netherlands or Dutch or France or Japan] w/25 licen! w/25 Sharp |
| [ITC or Cal or DGComp or Europ! or Italy or Australia or Britain or England or Netherlands or Dutch or France or Japan] w/25 licen! w/25 Eric! | [ITC or Cal or DGComp or Europ! or Italy or Australia or Britain or England or Netherlands or Dutch or France or Japan] w/25 "good faith" w/25 licen! | [ITC or Cal or DGComp or Europ! or Italy or Australia or Britain or England or Netherlands or Dutch or France or Japan] w/25 "good faith" w/25 FRAND |
| Apple! w/25 expert! w/25 damage! | Apple! w/25 licen! w/25 royalt! | Apple! w/25 counsel! w/25 licen! |
| Apple! w/25 report! w/25 damage! | Apple! w/25 licen! w/25 payment! | Apple! w/25 FTP! w/25 damage! |
| Apple! w/25 David! w/25 damage! | Apple! w/25 licen! w/25 term! | Apple! w/25 FTP! w/25 report! |
| Apple! w/25 David! w/25 report! | Apple! w/25 licen! w/25 agreement! | Apple! w/25 FTP! w/25 licen! |
| Apple! w/25 Professor! w/25 damage! | Apple! w/25 licen! w/25 structure! | Apple! w/25 FTP! w/25 expert! |
| Apple! w/25 Professor! w/25 report! | Apple! w/25 licen! w/25 arrangement! | Apple! w/25 FTP! w/25 Dr! |
| Apple! w/25 Dr! w/25 | Apple! w/25 damage! w/25 | Apple! w/25 FTP! w/25 |

WILMERHALE

Robert J. Becher, Esq.
October 5, 2013
Page 4

| damage! | royalt! | Professor! |
|---|---|---|
| Apple! w/25 Dr! w/25 report! | Apple! w/25 damage! w/25 payment! | Apple! w/25 FTP! w/25 David! |
| Melin | Paul w/25 Nokia | |

Separately, last night you sent an email requesting that Apple stipulate that:

(i) nothing in the Stipulation will constitute a waiver of any claim of attorney-client privilege or attorney work product or other claim of confidentiality in the NDCA II case, the NDCA I case or any other federal or state action or administrative proceeding and it will not argue to the contrary; (ii) that Stroz Friedberg's review of Samsung's documents pursuant to the Stipulation will not constitute a waiver of any claim of attorney-client privilege or attorney work product or other claim of confidentiality protection in the NDCA II case, the NDCA I case or any other federal or state action or administrative proceeding and it will not argue to the contrary; and (iii) that Samsung's voluntary or inadvertent production of documents pursuant to the Stipulation shall not be deemed a waiver of any claimed privilege or protection in the NDCA II case, the NDCA I case or any other federal or state action or administrative proceeding.

Apple does not stipulate to those conditions. As noted above, Apple is not a party to the Nokia-Samsung stipulation, and has never agreed that any actions taken under the stipulation are entitled to the privilege. The issue of privilege was briefed and argued and Samsung has been ordered to produce the documents identified in the order.

We expect that Samsung will do so without further delay.

Sincerely yours,

*Joseph J. Mueller* /mos

Joseph J. Mueller

JJM:le

# EXHIBIT C
# FILED UNDER SEAL

# EXHIBIT D

**From:** Mueller, Joseph [Joseph.Mueller@wilmerhale.com]
**Sent:** Friday, October 04, 2013 12:26 PM
**To:** Robert Becher
**Cc:** Amar Thakur
**Subject:** RE: Apple/Samsung (1846)

Rob,

The parties briefed the privilege issues.  The Court's Order obligates Samsung to produce unredacted versions of the documents.

Thanks,
Joe

**From:** Robert Becher [mailto:robertbecher@quinnemanuel.com]
**Sent:** Friday, October 04, 2013 2:35 PM
**To:** Mueller, Joseph
**Cc:** Amar Thakur
**Subject:** RE: Apple/Samsung (1846)

Joe,

We understand from this letter that Apple believes Samsung is required to produce documents in response to the Magistrate Judge's Order, including the documents listed in the first category, without regard for assertions of the attorney-client privilege or attorney work product protections.  If we are incorrect about Apple's position, please let us know promptly.

Regards, Rob

**From:** Mueller, Joseph [mailto:Joseph.Mueller@wilmerhale.com]
**Sent:** Friday, October 04, 2013 11:15 AM
**To:** Robert Becher
**Cc:** Amar Thakur
**Subject:** Apple/Samsung (1846)

Rob,

Please see attached letter.  I'll be responding separately to your recent correspondence.

Thanks,
Joe

**Joseph J. Mueller | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6396 (t)
+1 617 526 5000 (f)
joseph.mueller@wilmerhale.com

**Please consider the environment before printing this email.**

1

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

# EXHIBIT E

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3182**

WRITER'S INTERNET ADDRESS
**robertbecher@quinnemanuel.com**

## VIA EMAIL

October 10, 2013

Joseph Mueller, Esq.                        Randall Allen, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP      Alston & Bird LLP
60 State Street                             275 Middlefield Road, Suite 150
Boston, Massachusetts 02109                 Menlo Park, CA 94025
*Attorneys for Apple, Inc.*                  *Attorneys for Nokia Corporation*

Re:    Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)

Dear Joe and Randall:

We write to ascertain Apple's and Nokia's position regarding the steps Samsung may take, without waiving its claims of privilege, in order to comply with Magistrate Judge Grewal's October 2, 2013 Order (the "Order"), Dkt. 2483.

Apple and Nokia have taken the position that Samsung cannot assert objections on privilege grounds when producing documents in response to this Order.  Dkts. 2505-1 at 8, 2502 at 4; *see also* 10/4/13 Email from Joseph Mueller to Robert Becher (Dkt. 2465-5); 10/4/13 Letter from Joseph Mueller to Robert Becher.  As you know, Samsung strongly disagrees, and believes that the Order does not abrogate any applicable Samsung privilege.

Nevertheless, compliance with a Court Order is not voluntary, and thus cannot constitute a waiver of privilege.  *E.g., In re Pac. Pictures Corp.*, 679 F.3d 1121, 1130 (9th Cir. 2012) ("Involuntary disclosures do not automatically waive the attorney-client privilege."); *Transamerica Computer Co., Inc. v. Int'l Bus. Machines Corp.*, 573 F.2d 646, 651 (9th Cir. 1978) ("Inasmuch as the parties agree that a disclosure of confidential material constitutes a waiver of the attorney-client privilege only if it is voluntary and not compelled, we shall not engage in any extended discussion of the principle.  It suffices to say that the general principle finds support in the case law . . . .").  Accordingly, we wish to confirm that, in Apple's and Nokia's view, Samsung's compliance with the Order will not constitute a <u>further</u> waiver of any applicable privilege.  This would, of course, be without prejudice to any arguments Apple or

quinn emanuel urquhart & sullivan, llp
NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS

Nokia may wish to make regarding whether the Order itself abrogates Samsung's privileges, and whether it does so correctly.

In particular, the Court's Order requires Samsung to prepare a Rule 30(b)(6) witness "to speak to the dissemination of and use by Samsung of the confidential information . . . ."  Dkt. 2483 at 5. Please confirm that Apple and Nokia will not argue, under any circumstances whatsoever, including if any portion of the Order (or the companion Order issued in Case No. 12-630, Dkt. 785) is eventually vacated or reversed, that any of the following efforts to comply with either of these Orders will effect a waiver of the attorney-client privilege, work product doctrine or any other claim of confidentiality protection as to any documents, testimony or information, whether in this action or any other action or proceeding:

- Samsung's production of documents reflecting the "dissemination of and use by Samsung of the confidential information," including without limitation draft pleadings, attorney-client communications or other documents protected by the attorney-client privilege or work product doctrine;

- Samsung's production of statements in otherwise protected documents, including without limitation draft pleadings, attorney-client communications or other documents protected by the attorney-client privilege or work product doctrine, that refer to the financial terms of the Apple/Nokia license at issue;

- Samsung's preparation of a witness to testify regarding the "dissemination of and use by Samsung of the confidential information," including without limitation by exposing the witness to documents or communications on that topic that are or could be privileged, including draft pleadings, attorney-client communications or other documents protected by the attorney-client privilege or work product doctrine;

- Samsung's preparation of a witness to testify by exposing the witness to documents or communications which are or could be privileged, including draft pleadings, attorney-client communications or other documents protected by the attorney-client privilege or work product doctrine, and which refer to the financial terms of the Apple/Nokia license at issue;

- Samsung's provision of testimony, from the Rule 30(b)(6) designee or any other witness discussed in the Order, relating to the "dissemination of and use by Samsung of the confidential information";

- Samsung's provision of testimony, from the Rule 30(b)(6) designee or any other witness discussed in the Order, relating to the financial terms of the Apple/Nokia license at issue.

If this is agreeable, we will prepare a binding stipulation to this effect.  *See* Fed. R. Evid. 502(e). Please let us know by the close of business tomorrow whether Apple and Nokia will so stipulate.


Very truly yours,


Robert J. Becher

# EXHIBIT F
# FILED UNDER SEAL

# EXHIBIT G

# ALSTON&BIRD LLP

275 Middlefield Road, Suite 150
Menlo Park, CA  94025-4008

650-838-2000
Fax: 404-253-8542
www.alston.com

Ryan W. Koppelman                        Direct Dial: 650-838-2009                    Email: ryan.koppelman@alston.com

October 11, 2013

VIA EMAIL

Robert J. Becher
Quinn Emanuel
865 South Figueroa Street, 10th Floor,
Los Angeles, California 90017-2543

> Re:     *Apple Inc. v. Samsung Elecs. Co. Ltd.,* No. 11-cv-1846 LHK and
>         No. 12-cv-0630 LHK

Dear Robert:

I write in response to your October 10, 2013 letters.  The first letter (hereinafter, the
"Privilege Letter") asks Nokia to agree that Samsung's compliance with Judge Grewal's
October 2, 2013 order "will not constitute a further waiver of any applicable privilege."
The second letter (the "Melin Declaration Letter") asks for Nokia's permission to
disclose the entire declaration of Paul Melin to Samsung in preparation for the Rule
30b(6) deposition ordered by Judge Grewal's October 2, 2013 order (the "30b(6)
deposition").

As to the Privilege Letter, Nokia cannot agree to the stipulation regarding privilege that
Samsung proposes.  In support of a stipulation, Samsung argues that the absence of
waiver of privilege when producing documents or testimony in response to a court order
is clear and established.  ("Nevertheless, compliance with a Court Order is not voluntary,
and thus cannot constitute a waiver of privilege.")(*See* Privilege Letter at 1).  If the law is
clear, Nokia does not see the necessity to add any complexity by submission of a party
drafted stipulation.  If the law is less clear, then Nokia is entitled to hear and analyze the
nature and content of the testimony under the controlling legal standard.  In either case, a
stipulation would be inappropriate.

As to the Melin Declaration Letter, Nokia is struggling to understand the necessity for a
further disclosure of confidential information.  Your letter poses an odd contradiction:
Samsung cannot respond to the allegations without seeing the declaration, but Samsung
already knows information contained in the declaration (that has not already been disclosed

---

October 11, 2013
Page 2

by the Court).  We fail to see where Nokia's consent to further disclosures of confidential information is really necessary.

Furthermore, Nokia disagrees with your suggestion that discovery Judge Grewal ordered is designed for Samsung to "fully respond to the allegations that Nokia has made." (Melin Declaration Letter at 1).  Judge Grewal was clear that the discovery goes further than the background of the specific disclosures that Dr. Ahn communicated to Nokia. Judge Grewal ordered discovery as to all the dissemination and use of confidential information related to the Nokia-Apple license.  It is unclear to us why Mr. Melin declaration is essential when the subjects of the declaration, like Dr. Ahn, will be participating in the discovery. The purpose of the deposition is to determine facts that the witness knows, not how the witness responds to Mr. Melin's recollection.

We would appreciate a better understanding of why Nokia should agree to further disclosure of the Melin Declaration.

Lastly, the Melin Declaration Letter asks for a blanket agreement that Nokia will not contend that production of emails from "Investigation 337-TA-794 violates the ITC protective order or any other protective order." (*Id.*)  Nokia cannot provide some blanket agreement that Samsung's production of unknown confidential documents from other cases does not violate protective orders to which it is not a party.

Sincerely,

Ryan W. Koppelman

LEGAL02/34446140v1

# EXHIBIT H

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3182**

WRITER'S INTERNET ADDRESS
**robertbecher@quinnemanuel.com**

## VIA EMAIL

October 12, 2013

Joseph Mueller, Esq.                    Randall Allen, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP  Alston & Bird LLP
60 State Street                         275 Middlefield Road, Suite 150
Boston, Massachusetts 02109             Menlo Park, CA 94025
*Attorneys for Apple, Inc.*              *Attorneys for Nokia Corporation*

Re:    <u>Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)</u>

Dear Joe and Randall:

We write further to our prior letter of October 10, 2013 regarding privilege issues, and in response to your letters of late last night on the same subject.

In its October 10 letter, Samsung asked Apple and Nokia to stipulate that specified efforts by Samsung in light of Magistrate Judge Grewal's October 2, 2013 Orders (the "Orders") will not effect a waiver of any applicable privilege.  Nokia, in its response, refuses to so agree, stating that "Nokia cannot agree to the stipulation regarding privilege that Samsung proposes" because Nokia is reserving its right to argue that Samsung's compliance efforts will in fact effect a waiver after analyzing "the nature and content of the testimony under the controlling legal standard."  Ltr. From R. Koppelman to R. Becher dated October 11, 2013.

While Apple, in its response, at least agrees that "the act of producing documents required by the Court's order will not, itself, waive any privilege" —something Nokia apparently will <u>not</u> agree to—Apple also states that it is unwilling to "enter into any stipulation on this issue."  Please explain Apple's reluctance to submit a stipulation on this subject to the Court.  We are concerned that absent a stipulation approved by the Court or an on-the-record agreement, Apple and/or Nokia will take the position that any agreement on the non-waiver of privilege is not binding. Moreover, Apple states that it does "not agree, however, that you can use privileged documents to prepare a witness and necessarily maintain the privilege thereafter."  To be clear, does Apple agree that Samsung may expose its witnesses to privileged communications that are responsive

to the Court's order, and not thereby waive any privilege as to non-disclosed documents and communications, or otherwise effectuate a subject matter waiver?

As you know, and as Samsung has stated repeatedly, Samsung does not believe that Magistrate Judge Grewal's Orders abrogated Samsung's privileges, nor that, to the extent they did so, they did so correctly.  Samsung requested the stipulation set forth in our October 10, 2013 letter so that Samsung could, notwithstanding the parties' disagreements about the scope of the Orders, provide as much information as possible and eliminate or at least narrow the areas of disagreement among the parties.  Apple's and Nokia's refusal to agree to the requested stipulation will limit the information that Samsung can provide without risking waiver of its privileges, which in Samsung's view remain intact.

We look forward to your response.  Also, please let us know immediately if we have misunderstood Apple's or Nokia's positions or whether either believes that further discussions could result in an agreement on these issues.

Very truly yours,

Robert J. Becher

# EXHIBIT I

| | |
|---|---|
| **From:** | Susan R. Estrich |
| **Sent:** | Sunday, October 13, 2013 9:12 AM |
| **To:** | Michael T Zeller; Dylan Proctor; Dan Posner; Rachel Herrick Kassabian; Robert Becher; Randa Osman |
| **Subject:** | Fwd: Letter |

Begin forwarded message:

> **From:** "Mueller, Joseph" <Joseph.Mueller@wilmerhale.com>
> **Date:** October 13, 2013 at 8:54:13 AM PDT
> **To:** Robert Becher <robertbecher@quinnemanuel.com>, "'Randall.Allen@alston.com'" <Randall.Allen@alston.com>
> **Cc:** "Susan R. Estrich" <susanestrich@quinnemanuel.com>
> **Subject: Re: Letter**
>
> Rob,
>
> We do not see any basis for entering into a stipulation as to the application of privilege law to these facts -- the law is the law, and moreover Samsung appears to be asserting privilege claims that Apple disputes, the parties briefed, and the Court has rejected through its discovery order. Apple's position is simply that Samsung needs to comply with the Court's order.
>
> Separately, a few questions:
>
> Will you be producing any documents before the depositions? If so, when?
>
> Is Mr. Kwak confirmed for deposition on October 16 in Los Angeles?
>
> Is Dr. Ahn confirmed for deposition on October 17 in Los Angeles?
>
> Thanks,
> Joe

**From**: Robert Becher [mailto:robertbecher@quinnemanuel.com]
**Sent**: Sunday, October 13, 2013 02:02 AM Eastern Standard Time
**To**: Mueller, Joseph; 'Allen, Randall' <Randall.Allen@alston.com>
**Cc**: Susan R. Estrich <susanestrich@quinnemanuel.com>
**Subject**: Letter

Please see attached.

# EXHIBIT J

# ALSTON&BIRD LLP

275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008

650-838-2000
Fax: 404-253-8542
www.alston.com

Ryan W. Koppelman                    Direct Dial: 650-838-2009                    Email: ryan.koppelman@alston.com

October 13, 2013


VIA EMAIL

Robert J. Becher
Quinn Emanuel
865 South Figueroa Street, 10th Floor,
Los Angeles, California 90017-2543


Re:     *Apple Inc. v. Samsung Elecs. Co. Ltd.,* No. 11-cv-1846 LHK and
No. 12-cv-0630 LHK

Dear Rob:

I write in response to your October 12, 2013 letter regarding privilege. In an effort to short circuit needless haggling, Nokia will agree that it will not contend that production of documents as a result of Judge Grewal's October 2, 2013 Order waives any applicable privilege. Based on Apple, Samsung and Nokia's agreement that production of documents in response to Judge Grewal's Order will not independently waive any privilege that may exist, we see no need for any further discussion, negotiation or stipulation on this issue.

Samsung has also raised the issue of whether the parties will contend that use of privilege documents to prepare witnesses will independently waive any applicable privilege. Once again, Nokia believes that the law is fairly clearly established on the use of privilege materials for witness preparation and waiver. There is nothing about this litigation that would merit a different approach.

Sincerely,

Ryan W. Koppelman

LEGAL02/34447603v1

---

Atlanta • Brussels • Charlotte • Dallas • Los Angeles • New York • Research Triangle • Silicon Valley • Ventura County • Washington, D.C.

# EXHIBIT K

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3182**

WRITER'S INTERNET ADDRESS
**robertbecher@quinnemanuel.com**

## VIA EMAIL / CONFIDENTIAL

October 14, 2013

Randall Allen, Esq.                          Joseph Mueller, Esq.
Alston & Bird LLP                            Wilmer Cutler Pickering Hale & Dorr LLP
275 Middlefield Road, Suite 150              60 State Street
Menlo Park, CA 94025                         Boston, Massachusetts 02109
*Attorneys for Nokia Corporation*            *Attorneys for Apple, Inc.*

Re:     Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)

Dear Randall and Joe:

We write in response to Nokia's letter of October 13, 2013 regarding privilege issues.

We do not understand Apple's and Nokia's reluctance to enter into a stipulation confirming that they will not argue that Samsung is waiving any privilege by producing documents in response to the Court's October 2 orders, particularly in light of Nokia's acknowledgment in its October 13 letter that Samsung, Apple, and Nokia all agree "that production of documents in response to Judge Grewal's Order will not independently waive any privilege that may exist."  We write one final time to request a stipulation which can be submitted to the Court on this issue.  Please let us know immediately if Apple and Nokia are willing to enter into the attached stipulation.

Please find attached a proposed stipulation for your consideration and comments.

Very truly yours,

Robert J. Becher

Attachment:     proposed stipulation

**quinn emanuel urquhart & sullivan, llp**
NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS

# EXHIBIT L

1

2

3

4

5

6

7

8

9                          UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

12   APPLE INC., a California corporation,        CASE NO. 12-cv-00630-LHK &
                                                  CASE NO. 11-cv-01846-LHK
13                  Plaintiff,
                                                  **STIPULATION AND [PROPOSED]**
14          vs.                                   **ORDER RE PRIVILEGE ISSUES**
                                                  **RELATED TO SAMSUNG'S EFFORTS**
15   SAMSUNG ELECTRONICS CO., LTD., a             **TO COMPLY WITH THE COURT'S**
     Korean business entity; SAMSUNG              **OCTOBER 2, 2013 ORDERS**
16   ELECTRONICS AMERICA, INC., a New
     York corporation; SAMSUNG
17   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited liability company,
18
                    Defendants.
19

20

21

22

23

24

25

26

27

28

WHEREAS, on October 2, 2013, the Court entered an Order Re: Apple's Motion For Sanctions (Re: Docket No. 2374-2 and 2434) in Case No. 11-cv-01846-LHK, *see* Dkt. 2483, and a Stipulation And [Proposed] Order Re Motion For Protective Order By Nokia Corporation in Case No. 12-cv-00630-LHK, *see* Dkt. 785 (collectively, "October 2 Orders"); and

WHEREAS, the parties are entering into this stipulation without prejudice to any positions, including positions on privilege issues, not set forth herein, including without limitation Apple's and Nokia's position that the October 2 Orders abrogated Samsung's privileges and did so correctly, and Samsung's disagreement with that position;

NOW THEREFORE, the parties, through their undersigned counsel of record, stipulate as follows ("Stipulation"):

1.       Samsung's production of documents in response to the Court's October 2 Orders, including without limitation draft pleadings, attorney-client communications or other documents protected by the attorney-client privilege or work product doctrine, is not a waiver and will not be argued to be a waiver of the attorney-client privilege, work product doctrine or any other claim of confidentiality protection as to any non-disclosed documents or portions of documents or non-disclosed communications or information, and will not effect or be argued to effect a subject matter waiver as to any subject matter, whether in this action or any other action or proceeding. This non-waiver provision specifically applies to, without limitation, Samsung's production of documents that refer to the financial terms of the Apple/Nokia license at issue and documents reflecting the "dissemination of and use by Samsung of the confidential information."

IT IS SO STIPULATED.

1    DATED: October ___, 2013          ALSTON & BIRD, LLP

2

3                                       By  /s/ Ryan W. Koppelman
4                                          Ryan W. Koppelman
                                           Attorneys for NOKIA CORPORATION
5

6

7    DATED: October ___, 2013          WILMER CUTLER PICKERING HALE & DORR

8

9                                       By  /s/ Joseph J. Mueller
10                                         Joseph J. Mueller
                                           Attorneys for APPLE, INC.
11

12

     DATED: October ___, 2013          QUINN EMANUEL URQUHART &
13                                      SULLIVAN, LLP

14

15                                      By  /s/ Victoria F. Maroulis
16                                         Victoria F. Maroulis
                                           Attorneys for
17                                         SAMSUNG ELECTRONICS CO., LTD.,
                                           SAMSUNG ELECTRONICS AMERICA, INC.,
18                                         and SAMSUNG TELECOMMUNICATIONS
                                           AMERICA, LLC
19

20

21                              **<u>ORDER</u>**

22

23        Based on the foregoing stipulation, and for good cause shown,

24        **IT IS SO ORDERED.**

25

26   DATED: _____

27                                      _____
                                        The Honorable Paul S. Grewal
28                                      United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October ___, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.


Dated:   October ___, 2013                   By:  _/s/ Victoria F. Maroulis_____
                                                      Victoria F. Maroulis

# EXHIBIT M

| **From:** | Mueller, Joseph [Joseph.Mueller@wilmerhale.com] |
| **Sent:** | Monday, October 14, 2013 4:06 PM |
| **To:** | Dan Posner |
| **Cc:** | Robert Becher; Susan R. Estrich; Michael T Zeller; Selwyn, Mark |
| **Subject:** | Re: Apple/Samsung: deposition and document issues |

Dan,

One threshold question: in advance of tomorrow's depositions, will Samsung produce a privilege log for each of its privilege claims corresponding to its redactions?

To respond to some of your points:

2. As an accommodation, we will take Dr. Ahn's deposition at your LA office.

4. To be clear, our position is that Samsung cannot use privilege claims to shield evidence relating to the CBI disclosures and how the improperly-disclosed information has been used. We have explained this in our briefing.

5. We do not represent Nokia and cannot take any positions on its behalf. Apple's position is that it objects to Samsung producing Apple/third-party CBI to Nokia, and request that you redact any such information and provide us with redacted versions to review prior to production to Nokia.

6. We have already explained our position on this.

Thanks,
Joe

**From**: Dan Posner [mailto:danposner@quinnemanuel.com]
**Sent**: Monday, October 14, 2013 05:21 PM Eastern Standard Time
**To**: Mueller, Joseph
**Cc**: Robert Becher <robertbecher@quinnemanuel.com>; Susan R. Estrich <susanestrich@quinnemanuel.com>; Michael T Zeller <michaelzeller@quinnemanuel.com>; Selwyn, Mark
**Subject**: RE: Apple/Samsung: deposition and document issues

Joe,

On behalf of Rob, please see our responses to your questions interlineated below.

Thanks,

Dan

**From:** Mueller, Joseph [mailto:Joseph.Mueller@wilmerhale.com]
**Sent:** Monday, October 14, 2013 10:03 AM
**To:** Robert Becher
**Cc:** Susan R. Estrich; Samsung v. Apple; Selwyn, Mark
**Subject:** Apple/Samsung: deposition and document issues

Rob,

Several notes:

1.      As I mentioned to Peter Klivans in my email this morning, please copy Apple's service list (or at least Mark Selwyn) on all productions and correspondence.  We have started copying your service list to ensure your team timely gets our communications, and will continue to do so.

2.      We confirm that the depositions of Messrs. Korea, Shim, Kim, Chi, and Kwak will take place at WilmerHale's and Morrison & Foerster's Los Angeles offices.  Tomorrow, Messrs. Kim's and Chi's depositions will be at Morrison & Foerster; Mr. Shim's deposition will be at WilmerHale.  On the 16th, Mr. Korea's and Mr. Kwak's depositions will be at WilmerHale.  On the 17th, we intend to take Dr. Ahn's deposition at WilmerHale -- we see no reason to hold this deposition at Quinn's offices.

We are agreeable to the dates and locations for Messrs. Korea, Shim, Kim and Chi.

We do not agree to the location for the deposition of Dr. Ahn.  We have already confirmed that Dr. Ahn's deposition will take place at Quinn Emanuel's offices in Los Angeles.  Dr. Ahn has substantial commitments which he must attend to during breaks in the deposition, and he would not be able to effectively do this work at Apple's counsel's offices.  Indeed, Apple has previously insisted that depositions of its executives take place at Apple's offices or Apple's counsel's offices, even after those depositions were compelled by the Court.  We have already made substantial accommodations by bringing our witnesses to Los Angeles and permitting Apple to depose all of them other than Dr. Ahn at Apple's counsel's offices.  We confirm again that Dr. Ahn will be made available for his deposition at Quinn Emanuel's offices in Los Angeles.

We also do not agree to the date or location for the deposition of Mr. Kwak.  We are still inquiring into his availability for deposition and will respond separately.

3.      In addition, as Samsung has designated Mr. Korea as its 30(b)(6) witness in response to Judge Grewal's Order, and Apple is entitled to take the depositions of "up to five additional Samsung employees," attached please find a notice of deposition for Indong Kang, for October 16 at our Los Angeles office.   Apple is willing, however, to take this deposition after the 16th.  Please confirm his availability.

Apple previously had noticed the full allotment of depositions to which it is entitled pursuant to Judge Grewal's Order, including Dr. Ahn, a 30(b)(6) witness, and five additional individual witnesses.  Because Mr. Korea is being deposed as both an individual and a 30(b)(6) witness, these are separate depositions being conducted pursuant to separate deposition notices.

4.      In response to your October 12 letter (received on October 13) and your October 13 email, I note as an initial matter that Samsung's production consists almost entirely of documents that are heavily redacted but for the dates, names of senders and recipients, and (in some cases) attachment names.  This production is not in compliance with Judge Grewal's Order, and Apple reserves all rights accordingly.

We dispute that our production of redacted documents that preserve the privilege is not in compliance with Judge Grewal's Order, though we note Apple's position that Judge Grewal's Order requires the production of privileged communications.

5.      Apple agrees that the following documents from Samsung's production to date may be shared with Nokia: SAMNDCA-Z0000001-0000225, SAMNDCA-Z0000266-0000457, SAMNDCA-Z0000498-0000512, 39864.pdf, 774.pdf, 827.pdf, 852.pdf, 37227.pdf, 48993.pdf, 49154.pdf, F 42144.pdf, 83529.pdf, 53088.pdf.  The following documents require redaction of non-Nokia confidential information before they may be shared with Nokia:  SAMNDCA-Z0000226-0000265, SAMNDCA-Z0000458-0000497, 49580 Exhibit to 49154.pdf, Teece.pdf, 333855.pdf, 7794.pdf, 305394.pdf.

Please propose redacted versions for our consideration.  We do not consent to sharing those documents with Nokia in their current form.

Please confirm that Nokia has no objection to receiving versions of the second group of documents you identify above that are redacted to preserve information Apple contends is non-Nokia confidential information, and that Nokia will not argue that Samsung's production of such redacted versions of those documents violates Judge Grewal's Order.  Subject to that confirmation, we will provide redacted versions of those documents for your consideration.

6.       Finally, we received your October 14 letter and proposed stipulation this morning.  My previous correspondence, including my October 13 email to you, sets forth Apple's position on this issue.

We have repeatedly asked Apple to enter into a non-waiver stipulation which we can submit to the Court.  Apple has repeatedly refused to do so, without any explanation as to why.  We would appreciate such an explanation.

Thanks,
Joe


**Joseph J. Mueller | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6396 (t)
+1 617 526 5000 (f)
joseph.mueller@wilmerhale.com

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

# EXHIBIT N
# FILED UNDER SEAL

# EXHIBIT O
# FILED UNDER SEAL

# EXHIBIT P
# FILED UNDER SEAL

# EXHIBIT Q

# FILED UNDER SEAL

# EXHIBIT R
# FILED UNDER SEAL

# EXHIBIT S
# FILED UNDER SEAL

# EXHIBIT T

**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**
**Teece Report Inadvertent Disclosure Legend**

A.  **March 22, 2012 email from Eric Wall** (Bates: SAMNDCA-Z0002515) to:

- Daniel Shim, Karin Norton, Kijoong Kang, Anthony Kahng, Daniel Ko, Brian Kim, Jae-il Park, James Shin, Hojin Chang, Eric Cha of Samsung;

- Helen Hopson and Pat Treacy of Bristows LLP;

- Thomas Pease and the Samsung FRAND distribution list

B.  **March 24, 2012 email from Todd Briggs** (Bates: SAMNDCA-Z0000707) to:

- Anthony Kahng, IlMan Bae, MinHyung Chung, Jae-Il Park, Jaehawk Lee, JaeHyun Park, SangHoon Jin, Karin Norton, Beyong Ho Yuu, Brian Kim, Byung-Gun Min, Julie Han, Cindi Moreland, Daniel Shim, Derrick Robinson, Seung Ho Ahn, Edward Kim, Eric Cha, EunHa Kim, Hankil Kang, Heungju Kwon, Hojin Chang, Hoshin Lee, Jaewan Chi, Jaehwan Kim, JaeHyoung Kim, James Shin, Jeff Myung, Johnda Crites, Jonghee Kim, JunHong Park, KyuHyuk Lee, Kenneth Korea, Michael Kang, Michelle Yang, Richard An, Rosa Kim, Samuel Lee, Seongwoo (Clayton) Kim, Soojin Lee, SungCheol Bae, Sung-Ho Lee, YongKu Park, YoonJung Shin, Youngjo Lim, YoungSoon Lee, Yunhee Kang, Jae N. Noh, Youngho Kim, Jonghee Kim, and SeungKyun Oh;

- Alan Whitehurst, Eric Huang, 'Samsung Patent Team,' and 'Samsung v. Apple' at Quinn Emanuel

C.  **April 5, 2012\*[1] email from Thomas Pease** (Bates: SAMNDCA-Z0002329) to:

- Hojin Chang, Soojin Lee, Daniel Ko, Suyeul Lee, Kijoong Kang, Beyong Yuu, JaeHawk Lee, Jaehyun Park, James Kwak, Heungju Kwon, Clayton Kim, and Seungkyun Oh of Samsung;

- and the following individuals at Ohno & Partners:  Seiji Ohno, Mamoru Suzuki, Hideaki Kobayashi, Akio Iizuka, Yoshitaka Inoue, and Tomomine Ichihashi

D.  **July 9, 2012 email from Anthony Alden** (Bates: SAMNDCA-Z0008847) to:

- Michael Kang of Samsung

E.  **December 21, 2012\* email from Guy Eddon** (Bates: SAMNDCA-Z0000720) to:

- Daniel Shim

---

[1]  \* means date on printed document reflects Korean time.

**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**
**Teece Report Inadvertent Disclosure Legend**

**F.**     **January 4, 2013 email from Guy Eddon** (Bates: SAMNDCA-Z0010201) to:

- Daniel Shim;

- Alex Baxter and Thomas Pease

**Teece Report -  Inadvertent Disclosure Emails**

| Recipients | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| Seung Ho Ahn | | X | | | | |
| Richard An | | X | | | | |
| IlMan Bae | | X | | | | |
| SungCheol Bae | | X | | | | |
| Eric Cha | X | X | | | | |
| Hojin Chang | X | X | X | | | |
| Jaewan Chi | | X | | | | |
| MinHyung Chung | | X | | | | |
| Johnda Crites | | X | | | | |
| Julie Han | | X | | | | |
| SangHoon Jin | | X | | | | |
| Anthony Kahng | X | X | | | | |
| Hankil Kang | | X | | | | |
| Kijoong Kang | X | | X | | | |
| Michael Kang | | X | | X | | |
| Yunhee Kang | | X | | | | |
| Brian Kim | X | X | | | | |
| Edward Kim | | X | | | | |
| EunHa Kim | | X | | | | |
| Jaehwan Kim | | X | | | | |
| JaeHyoung Kim | | X | | | | |
| Jonghee Kim | | X | | | | |
| Rosa Kim | | X | | | | |
| Seongwoo (Clayton) Kim | | X | X | | | |
| Youngho Kim | | X | | | | |
| Daniel Ko | X | | X | | | |
| Kenneth Korea | | X | | | | |
| Jin Hwan (James) Kwak | | | X | | | |
| Heungju Kwon | | X | X | | | |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

SUBJECT TO PROTECTIVE ORDER

**Teece Report -  Inadvertent Disclosure Emails**

| Recipients | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| Hoshin Lee | | X | | | | |
| Injung Lee | | | | | | |
| Jaehawk Lee | | X | X | | | |
| KyuHyuk Lee | | X | | | | |
| Samuel Lee | | X | | | | |
| Soojin Lee | | X | X | | | |
| Sung-Ho Lee | | X | | | | |
| Suyeul Lee | | | X | | | |
| YoungSoon Lee | | X | | | | |
| Youngjo Lim | | X | | | | |
| Byung-Gun Min | | X | | | | |
| Cindi Moreland | | X | | | | |
| Jeff Myung | | X | | | | |
| Jae N. Noh | | X | | | | |
| Karin Norton | X | X | | | | |
| SeungKyun Oh | | | | | | |
| JaeHyun Park | | X | X | | | |
| Jae-Il Park | X | X | | | | |
| JunHong Park | | X | | | | |
| YongKu Park | | X | | | | |
| Derrick Robinson | | X | | | | |
| Daniel Shim | X | X | | | X | X |
| James Shin | X | X | | | | |
| YoonJung Shin | | X | | | | |
| Michelle Yang | | X | | | | |
| Beyong Ho Yuu | | X | X | | | |
| Washington IP Office | | X | | | | |
| **Ohno & Partners** | | | | | | |
| Seiji Ohno | | | X | | | |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

SUBJECT TO PROTECTIVE ORDER

**Teece Report -  Inadvertent Disclosure Emails**

| Recipients | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| Mamoru Suzuki | | | X | | | |
| Hideaki Kobayashi | | | X | | | |
| Akio Iizuka | | | X | | | |
| Yoshitaka Inoue | | | X | | | |
| Tomomine Ichihashi | | | X | | | |
| **Bristows LLP** | | | | | | |
| Helen Hopson | X | | | | | |
| Pat Treacy | X | | | | | |
| **Quinn Emanuel Urquhart & Sullivan LLP** | | | | | | |
| Todd Briggs | | O | | | | |
| Thomas Pease | X | | O | | X | X |
| Guy Eddon | | | | | O | O |
| Eric Wall | O | | | | | |
| Anthony Alden | | | | O | | |
| Alex Baxter | | | | | X | X |
| Samsung FRAND list | X | | | | | |
| Victoria Maroulis | | | X | | | |
| Alan Whitehurst | | X | | | | |
| Eric Huang | | X | | | | |

O = Sender; X = Recipient

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

# EXHIBIT U

**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**
**Teece Report Further Dissemination Legend**

1. **March 27, 2012 email from Hojin Chang** (Bates: SAMNDCA-Z0009402) to:

    Yongku Park, Hojin Chang and Heungju Kwon

2. **March 27, 2012 email from Hojin Chang** (Bates: SAMNDCA-Z0009218) to:

    Heungju Kwon and Yongku Park

3. **April 9, 2012 email from Hojin Chang** (Bates: SAMNDCA-Z0009342) to:

    • Hojin Chang, Yunhee Kang, Daniel Ko and Clayton Kim

4. **April 20, 2012 email from James Shin** (Bates: SAMNDCA-Z0002145) to:

    Clayton Kim

5. **April 20, 2012 email from Clayton Kim** (Bates: SAMNDCA-Z0006752) to:

    • Heungju Kwon and Hojin Chang

6. **April 20, 2012 email from Heungju Kwon** (Bates: SAMNDCA-Z0006201) to:

    • Heungju Kwon, Clayton Kim and Hojin Chang

7. **May 1, 2012 email from Helen Hopson of Bristows LLP** (Bates: SAMNDCA-Z0001903) to:

    • Yunhee Kang, Daniel Ko, Seung Ho Ahn, Jaewan Chi, Richard An, Brian Kim, Youngjo Lim, Clayton Kim, Daniel Shim, Beyong Ho Yuu, KyuHyuk Lee, KyungSeok Lee; Hoshin Lee, SeungKyun Oh JaeHyun Park, Jaehawk Lee, Kijoong Kang, Jay Shim, Han Yong Uhm, James Kwak, and Marc Bellefont of Samsung;

    • the following individuals at Bristows LLP: Pat Treacy and Myles Jelf.;

    • the following individuals and distribution list at Allen & Overy LLP: Laetitia Benard, and "Samsung_team @AllenOvery.com";

    • the following individuals at Quinn Emanuel: Thomas Pease, Marcus Grosch, Jan Ebersohl, Eric Wall and Victoria Maroulis;

    • the following individuals at Blake Dawson/Ashurst: Amanda Lees, Peter Chalk and Wen-Ts'ai Lim;

    • the following email distribution list at Vanzetti e Associati: studio@vanzettieassociati.it;

<u>Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)</u>
**Teece Report Further Dissemination Legend**

- the following individual at Ohno & Partners: Seiji Ohno;

- the following individuals at Simmons & Simmons: Bas Berghius van Woortman and Mattie de Koning;

- the following individuals at rospatt osten pross: Max von Rospatt and Henrik Timmann Dr.;

- the following individuals at Lee & Ko: Young Mo Kwon and Hyeon Gil Ryoo;

- the following individuals at Clifford Chance: Thomas Vinje, Michel Petite and Ashwin vanRooijen;

- the following email distribution list at Modiano & Partners: "legal@modiano.com";

- the following individual at Zimmermann & Partner: Joel Naegerl

8.   **May 4, 2012 email from Heungju Kwon** Bates: SAMNDCA-Z0006509) to:

- Yunhee Kang, Kijoong Kang, Daniel Ko, Clayton Kim, and Hojin Chang

9.   **May 4, 2012 email from Heungju Kwon** (Bates: SAMNDCA-Z0006569) to:

- Heungju Kwon, Kijoong Kang, Yunhee Kang, Daniel Ko, Clayton Kim, James Shin, Hojin Chang

10.  **May 8, 2012 email from Yunhee Kang** (Bates: SAMNDCA-Z0006816) to:

   Hui Jin Yang, Hyeon Gil Ryoo and Young Mo Kwon of Lee&Ko;

   Kijoong Kang, Daniel Ko, Heungju Kwon, Junwon Lee, Hojin Chang of Samsung

11.  **May 8, 2012 email from Yunhee Kang** (Bates: SAMNDCA-Z0006754) to:

- Hui Jin Yang, Hyeon Gil Ryoo and Young Mo Kwon of Lee & Ko;

- Kijoong Kang, Daniel Ko, Heungju Kwon, Junwon Lee, and Hojin Chang

12.  **June 27, 2012 email from Helen Hopson of Bristows** (Bates: SAMNDCA-Z0000646) to:

- Pat Treacy (Bristows);

- Ashwin van Rooijen, Dieter Paemen, Michel Petite, Thomas Vinje (Clifford Chance);

**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**
**Teece Report Further Dissemination Legend**

- Christina Caffarra, Gregor Langus, Damien Neven (crai);

- Charles Pommies, Michel Struys (Allen Overy),

- Peter Camesasca;

- Christopher Park, Sanghoon Park, Ief Daems, Sunny Cho (aka Yeonwook Sunny Son) of Samsung

13. **July 4, 2012 email from Thomas Vinje (Clifford Chance)** (Bates: SAMNDCA-Z0000584) to:

- Caleb Lee, Clayton Kim, Hansung Kang, Hojin Chang, Hyojae Kim, Ief Daems, Jaewan Chi, James Kwak, Christopher Park, Michael Kang, Wonsuk Park, Richard An, Sanghoon Park, Sangjoo Lee, Yeonwook Sunny Son of Samsung;

- Ashwin vanRooijen, Dieter Paemen, Frans Muller, Marie-Laure Combet, Michel Petite, Miguel Odriozola, Milena Robotham, Noelle Chitachi, Thomas Vinje and Vanessa Marsland (Clifford Chance);

- Athene Chanter, Charles Pommies, David Gabathuler, Diane Souffront, Francesca Miotto, Liliana Eskenazi, Michel Struys and Olivier Freget (Allen Overy);

- Peter Camasasca

14. **July 4, 2012 email from Ief Daems of Samsung** (Bates: SAMNDCA-Z0009710) to:

- DS Park

15 . **July 5, 2012 email from Hojin Chang** (Bates: SAMNDCA-Z0006264) to:

- Caleb Lee, Kijoong Kang, Yunhee Kang, Heungju Kwon, Clayton Kim, Sanghoon Park, Jinho Park, Jaewan Chi

16. **July 5, 2012 email from Hojin Chang** (Bates: SAMNDCA-Z0002207) to:

- Ross Zaurrini, Angela Lin, Nathan Bellgrove, Sally Morris, Wen-Ts'ai Lim (Ashurst);

- James Kwak, Clayton Kim, Jaehyoung Kim, Jaehwan Kim, Sanghoon Park, Christopher Park, Caleb Lee

17. **July 5, 2012 email from Hojin Chang** (Bates: SAMNDCA-Z0002268) to:

- Gary Halling (Sheppard Mullin);

<u>**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**</u>
**Teece Report Further Dissemination Legend**

- James Kwak, Clayton Kim, Sanghoon Park,  Christopher Park, Yunwook Son, Caleb Lee

18.   **July 5, 2012 email from Hojin Chang** (Bates: SAMNDCA-Z0002024) to:

- James Kwak, Caleb Lee, Sanghoon Park, Jinho Park, Yeon-wook Son, Clayton Kim, Brian Kim, Kenneth Korea, and Daniel Shim of Samsung;

- Thomas Pease

19.   **July 5, 2012 email from Hojin Chang** (Bates: SAMNDCA-Z0006388) to:

- Young Mo Kwon and Hyeon Gil Ryoo (Lee & Ko);

- Kijoong Kang, Yunhee Kang, James Kwak, Heungju Kwon, Clayton Kim, Sanghoon Park, Christopher Park, Caleb Lee, Hojin Chang, Jaewan Chi

20.   **July 6, 2012 email from Heungju Kwon** Bates: SAMNDCA-Z0006449) to:

- Clayton Kim and Heungju Kwon

21.   **August 16, 2012 email from Ief Daems** (Bates: SAMNDCA-Z0009834) to:

- Julie Vandenbussche of Peter Camesasca Advocaat BVBA

22.   **September 7, 2012 email from Michael Kang** (Bates: SAMNDCA-Z0001510) to:

- JoongHyub Lee

23.   **October 26, 2012 email from Nathan Capone (Bristows)** (Bates: SAMNDCA-Z0000513) to:

- Vanzetti & Assocs;

- Thomas Vinje (CliffordChance);

- Helen Hopson, Pat Treacy (Bristows);

- Peter Camesasca;

- Hojin Chang, Daniel Ko, James Kwak, Clayton Kim, Sanghoon Park, Christopher Park, Daniel Shim, Caleb Lee, Soojin Lee of Samsung

24.   **May 13, 2013 email from Daniel Shim** (Bates: SAMNDCA-Z0000917) to:

- Hyucksun Kwon

<u>**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**</u>
**Teece Report Further Dissemination Legend**

25.    **May 13, 2013 from Daniel Shim** (Bates: SAMNDCA-Z0001114) to:

       Thomas Pease, Samsung FRAND, and Victoria Maroulis

26.    **May 15, 2013 email from Hyucksun Kwon** (Bates: SAMNDCA-Z0001312) to himself

27.    **May 15, 2013 email from Hyucksun Kwon** (Bates: SAMNDCA-Z0001508) to:

       EunHye Choi

27.    **July 5, 2012 email from Christopher Park** (Bates: SAMNDCA-Z0011866) to:

       •    Dong Hun Kang

**Teece Report - Inadvertent Further Dissemination Emails**

| Recipients | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Seung Ho Ahn | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Richard An | | | | | | | x | | | | | | x | | | | | | | | | | | | | | | |
| Marc Bellefont | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Hojin Chang | o | o | o | | x | x | | x | x | x | x | | x | | o | o | o | o | o | | | | x | | | | | |
| Jaewan Chi | | | | | | | x | | | | | | x | | x | | | | x | | | | | | | | | |
| EunHye Choi | | | | | | | | | | | | | | | | | | | | | | | | | | | x | |
| Ief Daems | | | | | | | | | | x | x | o | | | | | | | | o | | | | | | | | |
| Dong Hun Kang | | | | | | | | | | | | | | | | | | | | | | | | | | | | x |
| Hansung Kang | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| Kijoong Kang | | | | | x | x | x | x | x | | | | | | x | | | | x | | | | | | | | | |
| Michael Kang | | | | | | | | | | | | | x | | | | | | | | o | | | | | | | |
| Yunhee Kang | | | x | | x | x | x | o | o | | | | | | x | | | | x | | | | | | | | | |
| Brian Kim | | | | | | | x | | | | | | | | | | | x | | | | | | | | | | |
| Hyojae Kim | | | | | | | | | | | | | | x | | | | | | | | | | | | | | |
| Jaehwan Kim | | | | | | | | | | | | | | | | x | | | | | | | | | | | | |
| JaeHyoung Kim | | | | | | | | | | | | | | | | x | | | | | | | | | | | | |
| Seongwoo (Clayton) Kim | | | x | x | o | x | x | x | x | | | | x | | x | x | x | x | x | | | | x | | | | | |
| Daniel Ko | | | x | | | x | x | x | x | x | x | | | | | | | | | | | | x | | | | | |
| Kenneth Korea | | | | | | | | | | | | | | | | | | x | | | | | | | | | | |
| Hyun Sun Kwak | | | | | | | | | | | | | | | | x | | | | | | | | | | | | |
| Jin Hwan (James) Kwak | | | | | | | x | | | | | | x | | | x | x | x | x | | | | x | | | | | |
| Heungju Kwon | x | x | | | x | o | | o | o | x | x | | | | x | | | | x | o | | | | | | | | |
| HyuckSon Kwon | | | | | | | | | | | | | | | | | | | | | | | | x | | o | o | |
| Caleb Lee | | | | | | | | | | | | | x | | x | x | x | x | x | | | | x | | | | | |
| Hoshin Lee | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Jaehawk Lee | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| JoongHyub Lee | | | | | | | | | | | | | | | | | | | | | | x | | | | | | |
| Jun Won Lee | | | | | | | | | | x | x | | | | | | | | | | | | | | | | | |
| KyuHyuk Lee | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| KyungSeok Lee | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Sanjoo Lee | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

**Teece Report - Inadvertent Further Dissemination Emails**

| Recipients | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Soojin Lee | | | | | | | | | | | | | | | | | | | | | | | x | | | | | |
| Youngjo Lim | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| SeungKyun Oh | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| DS Park | | | | | | | | | | | | | | x | | | | | | | | | | | | | | |
| JaeHyun Park | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Jinho Park | | | | | | | | | | | | x | x | | x | x | x | x | x | | | | | | | | | o |
| Sanghoon Park | | | | | | | | | | | | x | x | | x | x | x | x | x | | | | | | | | | |
| Wonsuk Park | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| YongKu Park | x | x | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Daniel Shim | | | | | | | x | | | | | | | | | | | x | | | | | x | o | o | | | |
| Jay Shim | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| James Shin | | | o | | | | | | x | | | | | | | | | | | | | | | | | | | |
| Yeon-wook Son | | | | | | | x | | | | | x | x | | | | x | x | | | | | | | | | | |
| Beyong Ho Yuu | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| **Ohno & Partners** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Seiji Ohno | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| **Bristows LLP** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Helen Hopson | | | | | | | o | | | | | o | | | | | | | | | | | x | | | | | |
| Pat Treacy | | | | | | | x | | | | | x | | | | | | | | | | | x | | | | | |
| Myles Jelf | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Nathan Capone | | | | | | | | | | | | | | | | | | | | | | | o | | | | | |
| **Allen & Overy LLP** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Samsung_team@AllenOvery.com | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Charles Pommies | | | | | | | | | | | | x | x | | | | | | | | | | | | | | | |
| Michel Struys | | | | | | | | | | | | x | x | | | | | | | | | | | | | | | |
| Athene Chanter | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| David Gabathuler | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| Diane Souffront | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| Francesca Miotto | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| Laetitia Benard | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |

5577030_1.xlsx

O = Sender; X = Recipient

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

**Teece Report - Inadvertent Further Dissemination Emails**

| Recipients | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Liliana Eskenazi | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| Oliveier Freget | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| **Blake Dawson/ Ashurst** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Amanda Lees | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Peter Chalk | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Wen-Ts'ai Lim | | | | | | | x | | | | | | | | | x | | | | | | | | | | | | |
| Ross Zaurrini | | | | | | | | | | | | | | | | x | | | | | | | | | | | | |
| Angela Lin | | | | | | | | | | | | | | | | x | | | | | | | | | | | | |
| Nathan Bellgrove | | | | | | | | | | | | | | | | x | | | | | | | | | | | | |
| Sally Morris | | | | | | | | | | | | | | | | x | | | | | | | | | | | | |
| **Vanzetti e Associati** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| studio@avanettiassociati.it | | | | | | | x | | | | | | | | | | | | | | | | x | | | | | |
| **Simmons & Simmons** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Bas Woortman | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Mattie de Konig | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| **rospatt osten pross** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Max von Rospatt | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Henrik Timmann Dr. | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| **Lee & Ko** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Young Mo Kwon | | | | | | | x | | | x | x | | | | | | | | x | | | | | | | | | |
| Hyeon Gil Ryoo | | | | | | | x | | | x | x | | | | | | | | x | | | | | | | | | |
| Hui Jin Yang | | | | | | | | | | x | x | | | | | | | | x | | | | | | | | | |
| **Clifford Chance** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Thomas Vinje | | | | | | | x | | | | | x | o | | | | | | | | | | | | | | | |
| Michele Petite | | | | | | | x | | | | | x | x | | | | | | | | | | | | | | | |
| Aswhin vanRooijen | | | | | | | x | | | | | x | x | | | | | | | | | | | | | | | |
| Miguel Odriozola | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| Milena Robotham | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| Noelle Chitachi | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| Vanessa Marsland | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |

O = Sender; X = Recipient

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

**Teece Report - Inadvertent Further Dissemination Emails**

| Recipients | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Frans Muller | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| Marie-Laure Combet | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| Dieter Paemen | | | | | | | | | | | | x | x | | | | | | | | | | | | | | | |
| **Modiano & Partners** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| legal@modiano.com | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| **Zimmerman & Partner** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Joel Naegerl | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| **Peter Camesasca Advocaat BVBA** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Peter Camesasca | | | | | | | | | | | | x | x | | | | | | | | | | x | | | | | |
| Julie Vandenbussche | | | | | | | | | | | | | | | | | | | | | x | | | | | | | |
| **Sheppard Mullin** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Gary Halling | | | | | | | | | | | | | | | | | x | | | | | | | | | | | |
| **Quinn Emanuel** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Thomas Pease | | | | | | | x | | | | | | | | | | | x | | | | | | | x | | | |
| Marcus Grosch | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Jan Ebersohl | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Eric Wall | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Victoria Maroulis | | | | | | | x | | | | | | | | | | | | | | | | | | x | | | |
| Samsung FRAND | | | | | | | | | | | | | | | | | | | | | | | | | x | | | |
| **CRAI** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Christopher Caffara | | | | | | | | | | | | x | | | | | | | | | | | | | | | | |
| Gregor Langus | | | | | | | | | | | | x | | | | | | | | | | | | | | | | |
| Damien Neven | | | | | | | | | | | | x | | | | | | | | | | | | | | | | |

O = Sender; X = Recipient

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

SUBJECT TO PROTECTIVE ORDER

# EXHIBIT V

**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**
**ITC Public Interest Outline/Brief Inadvertent Disclosure Legend**

A.    **March 22, 2013 email from Thomas Pease** (Bates: SAMNDCA-Z0000034) to:

- Anthony Kahng, Seungho Ahn, Kijoong Kang, Jaewan Chi, Injung Lee, MinHyung Chung, Brian Kim, Michael Kang, Hosik Jang, Cindi Moreland, Beomjun Jin, Beyong Ho Yuu, Byung-Gun Min, Byungsik Kim, Cheolwoo Ahn, Daniel Ko, Daniel W. Shim, Eric Cha, Eunha Kim, Hankil Kang, Heungju Kwon, Hojin Chang, Hoshin Lee, IlMan Bae, James Kwak, JaeHwan Kim, JaeHyoung Kim, JaeHyun Park, Jae-il Park, James Shin, Jeff Myung, Sunmi Kim, Johnda Crites, Jonghee Kim, Julie Han, JunHong Park, KyuHyuk Lee, Kenneth Korea, Megan Drahos, Michelangelo Troisi, Michelle Yang, Richard An, Richard Rosales, Rosa Kim, SangHoon Jin, Se-Jin Chung, Seong-woo (Clayton) Kim, Jaehawk Lee, Soojin Lee, SungCheol Bae, Sung-Ho Lee, Wonsuk Park, Wonsun Kim, Yeowan Youn, Young Kyoo Jang, Youngho Kim, Youngjo Lim, YoungSoon Lee, YunHee Kang, and Karin Norton (collectively, "Samsung List A");

- the Quinn Emanuel "Samsung ITC" distribution list

B.    **March 25, 2013\*[1] email from Thomas Pease** (Bates: SAMNDCA-Z0000145) to:

- Anthony Kahng, Injung Lee, Brian Kim, Michael Kang, Daniel Ko, Daniel Shim, Eric Cha, HeungJu Kwon, James Kwak, JaeHyoung Kim, Jae-il Park, James Shin, Kenneth Korea, Richard An, Rosa Kim, Clayton Kim, Soojin Lee, Wonsuk Park, Wonsun Kim, Youngjo Lim, YunHee Kang, TaeHyoung Kim, Jay Shim, InDong Kang, Jun Won Lee, Karin Norton, Hojin Chang, and HyuckSon Kwon (collectively, "Samsung List B")

- Victoria Maroulis, Alan Whitehurst, Alex Lasher, Marissa Ducca, and "Samsung FRAND" of Quinn Emanuel

C.    **March 28, 2013 email from Thomas Pease** (Bates:  SAMNDCA-Z0000289) to:

- Samsung List B

- Alan Whitehurst, Alex Lasher, Marissa Ducca, and "Samsung FRAND" of Quinn Emanuel

D.    **March 31, 2013\* email from Thomas Pease** (Bates:  SAMNDCA-Z0000181) to:

- Samsung List B

- Alan Whitehurst, Alex Lasher, Marissa Ducca, and "Samsung FRAND" of Quinn Emanuel

---

[1]    \* means date on printed document reflects Korean time.

**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**
**ITC Public Interest Outline/Brief Inadvertent Disclosure Legend**

E.     **April 3, 2013\* email from Alex Lasher of Quinn Emanuel** (Bates:  SAMNDCA-Z0000209) to:

•      the previously identified Samsung List B;

•      KiJoong Kang of Samsung;

•      Ed Donovan of Kirkland;

•      Thomas Pease, Alan Whitehurst, Marissa Ducca, and "Samsung FRAND" of Quinn Emanuel.  Mr. Lasher subsequently instructed recipients to delete this email.

**ITC Outline/Brief Inadvertent Disclosure Emails**

| Recipients | A | B | C | D | E |
|---|---|---|---|---|---|
| Cheolwoo Ahn | X | | | | |
| Seung Ho Ahn | X | | | | |
| Richard An | X | X | X | X | X |
| IlMan Bae | X | | | | |
| SungCheol Bae | X | | | | |
| Eric Cha | X | X | X | X | X |
| Hojin Chang | X | X | X | X | X |
| Jaewan Chi | X | | | | |
| MinHyung Chung | X | | | | |
| Se-Jin Chung | X | | | | |
| Johnda Crites | X | | | | |
| Megan Drahos | X | | | | |
| Julie Han | X | | | | |
| Hosik Jang | X | | | | |
| Young Kyoo Jang | X | | | | |
| Beomjun Jin | X | | | | |
| SangHoon Jin | X | | | | |
| Anthony Kahng | X | X | X | X | X |
| Hankil Kang | X | | | | |
| InDong Kang | | X | X | X | X |
| Kijoong Kang | X | | | | X |
| Michael Kang | X | X | X | X | X |
| Yunhee Kang | X | X | X | X | X |
| Brian Kim | X | X | X | X | X |
| Byungsik Kim | X | | | | |
| EunHa Kim | X | | | | |
| Jaehwan Kim | X | | | | |
| JaeHyoung Kim | X | X | X | X | X |
| Jonghee Kim | X | | | | |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

**ITC Outline/Brief Inadvertent Disclosure Emails**

| Recipients | A | B | C | D | E |
|---|---|---|---|---|---|
| Rosa Kim | X | X | X | X | X |
| Seongwoo (Clayton) Kim | X | X | X | X | X |
| Sunmi Kim | X | | | | |
| TaeHyoung Kim | | X | X | X | X |
| Wonsun Kim | X | X | X | X | X |
| Youngho Kim | X | | | | |
| Daniel Ko | X | X | X | X | X |
| Kenneth Korea | X | X | X | X | X |
| Jin Hwan (James) Kwak | X | X | X | X | X |
| Heungju Kwon | X | X | X | X | X |
| HyuckSon Kwon | | X | X | X | X |
| Hoshin Lee | X | | | | |
| Injung Lee | X | X | X | X | X |
| Jaehawk Lee | X | | | | |
| Jun Won Lee | | X | X | X | X |
| KyuHyuk Lee | X | | | | |
| Soojin Lee | X | X | X | X | X |
| Sung-Ho Lee | X | | | | |
| YoungSoon Lee | X | | | | |
| Youngjo Lim | X | X | X | X | X |
| Byung-Gun Min | X | | | | |
| Cindi Moreland | X | | | | |
| Jeff Myung | X | | | | |
| Karin Norton | X | X | X | X | X |
| JaeHyun Park | X | | | | |
| Jae-Il Park | X | X | X | X | X |
| JunHong Park | X | | | | |
| Sanghoon Park | | | | | |
| Wonsuk Park | X | X | X | X | X |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

**ITC Outline/Brief Inadvertent Disclosure Emails**

| Recipients | A | B | C | D | E |
|---|---|---|---|---|---|
| Richard Rosales | X | | | | |
| Daniel Shim | X | X | X | X | X |
| Jay Shim | | X | X | X | X |
| James Shin | X | X | X | X | X |
| Michelangelo Troisi | X | | | | |
| Han Yong Uhm | | | | | |
| Michelle Yang | X | | | | |
| Yeowan Youn | X | | | | |
| Beyong Ho Yuu | X | | | | |
| Kirkland & Ellis | | | | | |
| Ed Donovan | | | | | X |
| Quinn Emanuel Urquhart & Sullivan LLP | | | | | |
| Samsung ITC list | X | | | | |
| Samsung FRAND list | | X | X | X | X |
| Marissa Ducca | | X | X | X | X |
| Alex Lasher | | X | X | X | O |
| Victoria Maroulis | | X | | | |
| Thomas Pease | O | O | O | O | X |
| Alan Whitehurst | | X | X | X | X |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

5571135_1.xls
X = Recipient; O = Sender

# EXHIBIT W

**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**
**ITC Public Interest Outline/Brief Inadvertent Further Dissemination Legend**

1.     **March 23, 2013 email from Heungju Kwon** (Bates: SAMNDCA-Z0000113) to:

- Kenneth Korea, Anthony Kahng, Daniel Ko, James Kwak, Wonsun Kim, Jaehyung Kim, Wonsuk Park, Hojin Chang, and "Washington IP Office" distribution list of Samsung

2.     **March 25, 2013 email from Jaehawk Lee** (Bates: SAMNDCA-Z0000001) to:

Hyun Sun Kwak, Yang Sun Kim, JaeHyun Park, Seungkyun Oh, Sung-Ho Lee, SuYeul Lee, Tae Eun Kim, and Tae Suk Kim of Samsung

3.     **March 24, 2013\* email from Karin Norton** (Bates: SAMNDCA-Z0000160) to:

- Thomas Pease;

- Anthony Kahng of Samsung

4.     **March 25, 2013 email from Hojin Chang** (Bates:  SAMNDCA-Z0000716) to:

- Anthony Kahng, Injung Lee, Brian Kim, Michael Kang, Daniel Ko, Daniel Shim, Eric Cha, HeungJu Kwon, James Kwak, JaeHyoung Kim, Jae-il Park, James Shin, Kenneth Korea, Richard An, Rosa Kim, Clayton Kim, Soojin Lee, Wonsuk Park, Wonsun Kim, Youngjo Lim, YunHee Kang, TaeHyoung Kim, Jay Shim, InDong Kang, Jun Won Lee, Karin Norton, Hojin Chang, and HyuckSon Kwon (collectively, "Samsung List B");

- Thomas Pease, Victoria Maroulis, and "Samsung ITC" of Quinn Emanuel

5.     **March 25, 2013 email from Daniel Shim** (Bates: SAMNDCA-Z0000109) to:

Pat Treacy, Helen Hopson and Sophie Lawrance of Bristows LLP

6.     **March 25, 2013 email from Daniel Shim** (Bates: SAMNDCA-Z0000105) to:

Peter Camesasca

7.     **March 25, 2013 email from Pat Treacy of Bristows LLP** (Bates: SAMNDCA-Z0000103) to:

- Daniel Shim of Samsung;

- Helen Hopson and Sophie Lawrance of Bristows LLP

8.     **March 25, 2013 email from Hojin Chang** (Bates: SAMNDCA-Z0000116) to:

InDong Kang of Samsung

<u>**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**</u>
**ITC Public Interest Outline/Brief Inadvertent Further Dissemination Legend**

9. **March 25, 2013 email from Indong Kang** (Bates: SAMNDCA-Z0000122) to:

   Seungho Ahn and James Kwak of Samsung

10. **March 25, 2013\* email from Daniel Shim** (Bates: SAMNDCA-Z0000057) to:

    - Brian Kim, Injung Lee, and KiJoong Kang of Samsung;

    - Helen Hopson, and Pat Treacy of Bristows LLP;

    - Maxim Price, Alex Baxter, Thomas Pease, Victoria Maroulis, Eric Wall, and "Samsung ITC" of Quinn Emanuel

11. **March 25, 2013\* email from Hojin Chang** (Bates: SAMNDCA-Z0000326) to**:**

    - Samsung List B;

    - Michael McKeon and Ruffin Cordell of Fish & Richardson P.C.;

    - Ed Donovan, Jennifer Selendy, and Greg Arovas of Kirkland & Ellis LLP

    - the "Samsung ITC" distribution list at Quinn Emanuel

12. **March 26, 2013 email from Hojin Chang** (Bates: SAMNDCA-Z0000284) to:

    - TaeHyoung Kim, Karin Norton, Ken Korea, Michael Kang, Yun Hee Kang, InDong Kang, Anthony Kahng, Daniel Ko, James Kwak, Hyuckson Kwon, Heungju Kwon, Clayton Kim, Brian Kim, Rosa Kim, Wonsun Kim, Jaehyung Kim, Richard An, Wonsuk Park, Jae-il Park, James Shin, Daniel Shim, Jay Shim, Soojin Lee, Injung Lee, Junwon Lee, Youngjo Lim, Hojin Chang, and Eric Cha of Samsung;

    - Edward C. Donovan, Jennifer M. Selendy and Greg Arovas of Kirkland & Ellis;

    - Michael J. McKeon and Ruffin Cordell of Fish & Richardson;

    - the "Samsung ITC" distribution list at Quinn Emanuel

13. **March 26, 2013 email from Ed Donovan of Kirkland & Ellis, LLP** (Bates: SAMNDCA-Z0000066) to:

    - Samsung List B;

    - Michael McKeon and Ruffin Cordell of Fish & Richardson P.C.;

    - Jennifer Selendy, and Greg Arovas of Kirkland & Ellis LLP;

**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**
**ITC Public Interest Outline/Brief Inadvertent Further Dissemination Legend**

- the "Samsung ITC" distribution list at Quinn Emanuel

14. **March 26, 2013 email from Daniel Shim** (Bates: SAMNDCA-Z0000709) to:

- Thomas Pease and Alex Baxter

15. **March 27, 2013 email from Brian Kim** (Bates: SAMNDCA-Z0000279) to:

Karin Norton of Samsung

16. **March 27, 2013 email from Brian Kim** (Bates: SAMNDCA-Z0000078) to:

Brian Kim of Samsung

17. **March 27, 2013 email from Hojin Chang** (Bates:  SAMNDCA-Z0000175) to:

- Samsung List B;

- Thomas Pease, Victoria Maroulis, Alan Whitehurst, Alex Lasher, Marissa Ducca, and "Samsung FRAND" of Quinn Emanuel

18. **March 26, 2013 email from Daniel Shim** (SAMNDCA-Z0000575) to:

Thomas Pease

19. **March 27, 2013 email from Daniel Shim** (Bates: SAMNDCA-Z0000079) to:

- Gregory Arovas of Kirkland & Ellis;

- Injung Lee of Samsung

20. **March 28, 2013 email from Hojin Chang** (Bates: SAMNDCA-Z0000005) to:

- TaeHyoung Kim, Hojin Chang, Karin Norton, Kenneth Korea, Michael Kang, Yunhee Kang, Indong Kang, Anthony Kahng, Daniel Ko, James Kwak, Hyucksun Kwon, Heungju Kwon, Clayton Kim, Brian Kim, Rosa Kim, Won Sun Kim, Jaehyung Kim, Richard An, Wonsuk Park, Jae-il Park, James Shin, Daniel Shim, Jay Shim, Soojin Lee, Injung Lee, Junwon Lee, Youngjo Lim, Eric Cha and the "Washington IP Office" distribution list of Samsung;

- Edward C. Donovan, Jennifer M. Selendy and Greg Arovas of Kirkland & Ellis;

- Michael J. McKeon and Ruffin Cordell of Fish & Richardson

21. **March 28, 2013 email from Daniel Shim (Bates: SAMNDCA-Z0000082) to:**

- Thomas Pease

**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**
**ITC Public Interest Outline/Brief Inadvertent Further Dissemination Legend**

22. **March 29, 2013 email from Hojin Chang** (Bates: SAMNDCA-Z0000266) to:

   - Karin Norton, Everrette Rett Snotherly, Daniel Laurence Girdwood, Kenneth Korea, Michael Kang, Yunhee Kang, Indong Kang, Anthony Kahng, Daniel Ko, James Kwak, Hyucksun Kwon, Heungju Kwon, Clayton Kim, Brian Kim, Rosa Kim, Wonsun Kim, Jaehyung Kim, Taehyung Kim, Richard An, Wonsuk Park, Jae-il Park, James Shin, Daniel Shim, Jay Shim, Soojin Lee, Injung Lee, Junwon Lee, Youngjo Lim, Hojin Chang, and Eric Cha of Samsung

23. **March 29, 2013 email from Hojin Chang** (Bates: SAMNDCA-Z0000037) to:

   - Karin Norton, Everrette Rett Snotherly, Daniel Laurence Girdwood, Kenneth Korea, Michael Kang, Yunhee Kang, Indong Kang, Anthony Kahng, Daniel Ko, James Kwak, Hyucksun Kwon, Heungju Kwon, Clayton Kim, Brian Kim, Rosa Kim, Won Sun Kim, Jae Hyung Kim, Tae Hyung Kim, Richard An, Won Suk Park, Jae-il Park, James Shin, Daniel Shim, Soo Jin Lee, Injung Lee, Joon Won Lee, Youngjo Lim, Hojin Chang, Eric Cha, and "Washington IP Office" distribution list of Samsung

24. **March 28, 2013\* email from Daniel Shim** (Bates: SAMNDCA-Z0000093) to:

   - Thomas Pease

25. **March 29, 2013 email from Karin Norton** (Bates: SAMNDCA-Z0000193) to:

   - Anthony Kahng, Everrette Rett Snotherly, and Daniel Laurence Girdwood of Samsung

26. **March 31, 2013\* email from Daniel Shim** (SAMNDCA-Z0000416) to:

   - Samsung List B and KiJoong Kang;

   - the following individuals and distribution list at Quinn Emanuel: Thomas Pease, Victoria Maroulis, Alan Whitehurst, Alex Lasher, Marissa Ducca, and "Samsung FRAND"

27. **April 1, 2013 email from Wonsun Kim** (Bates: SAMNDCA-Z0000120) to:

   - Hojin Chang of Samsung

28. **April 1, 2013 email from Hojin Chang** (SAMNDCA-Z0000373) to:

   - Samsung List B and KiJoong Kang;

**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**
**ITC Public Interest Outline/Brief Inadvertent Further Dissemination Legend**

- the following individuals and distribution list at Quinn Emanuel: Thomas Pease, Victoria Maroulis, Alan Whitehurst, Alex Lasher, Marissa Ducca, and "Samsung FRAND"

**ITC Public Interest Outline/Brief - Inadvertent Further Dissemination Emails**

| Recipients | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Seung Ho Ahn | | | | | | | | | x | | | | | | | | | | | | | | | | | | | |
| Richard An | | | | x | | | | | | | x | x | x | | | | x | | | x | | x | x | | | x | | x |
| Eric Cha | | | | x | | | | | | | x | x | x | | | | x | | | x | | x | x | | | x | | x |
| Hojin Chang | x | | | o | | | | o | | | o | o | x | | | | o | | | o | | o | x | | | x | x | o |
| Daniel Girdwood | | | | | | | | | | | | | | | | | | | | | | x | x | | x | | | |
| Anthony Kahng | x | | x | x | | | | | | | x | x | | | | | x | | | x | | x | x | | x | x | | x |
| InDong Kang | | | | x | | | | x | o | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Kijoong Kang | | | | | | | | | | x | | | | | | | | | | | | | | | | x | | x |
| Michael Kang | | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Yunhee Kang | | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Brian Kim | | | | x | | | | | | x | x | x | x | | o | o | x | | | x | | x | x | | | x | | x |
| JaeHyoung Kim | x | | | x | | | | | | | x | x | | | | | x | | | x | | x | x | | | x | | x |
| Rosa Kim | | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Seongwoo (Clayton) Kim | | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Tae Eun Kim | | x | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Tae Suk Kim | | x | | | | | | | | | | | | | | | | | | | | | | | | | | |
| TaeHyoung Kim | | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Wonsun Kim | x | | | x | | | | | | | x | x | | | | | x | | | x | | x | x | | | x | o | x |
| Yang Sun Kim | | x | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Daniel Ko | x | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Kenneth Korea | x | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Hyun Sun Kwak | | x | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Jin Hwan (James) Kwak | x | | | x | | | | | x | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Heungju Kwon | o | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| HyuckSon Kwon | | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Injung Lee | | | | x | | | | | | x | x | x | | | | | x | | x | x | | x | | | | x | | x |
| Jaehawk Lee | | o | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Jun Won Lee | | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Soojin Lee | | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Sung-Ho Lee | | x | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Suyeul Lee | | x | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Youngjo Lim | | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Karin Norton | | | o | x | | | | | | | x | x | x | | x | | x | | | x | | x | x | | o | x | | x |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

| Recipients | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SeungKyun Oh | | x | | | | | | | | | | | | | | | | | | | | | | | | | | |
| JaeHyun Park | | x | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Jae-Il Park | | | | x | | | | | | | x | x | x | | | | x | | | x | | x | x | | | x | | x |
| Wonsuk Park | x | | | x | | | | | | | x | x | x | | | | x | | | x | | x | x | | | x | | x |
| Daniel Shim | | | | x | o | o | x | | | o | x | x | x | o | | | x | o | o | x | o | x | x | o | | o | | x |
| Jay Shim | | | | x | | | | | | | x | x | x | | | | x | | | x | | x | x | | | x | | x |
| James Shin | | | | x | | | | | | | x | x | x | | | | x | | | x | | x | x | | | x | | x |
| Everrette Snotherly | | | | | | | | | | | | | | | | | | | | | | x | x | | x | | | |
| Washington IP Office | x | | | | | | | | | | | | | | | | | | | x | | | x | | | | | |
| Fish & Richardson | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Michael McKeon | | | | | | | | | | | x | x | x | | | | | | | x | | | | | | | | |
| Ruffin Cordell | | | | | | | | | | | x | x | x | | | | | | | x | | | | | | | | |
| Kirkland & Ellis | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Ed Donovan | | | | | | | | | | | x | x | o | | | | | | | x | | | | | | | | |
| Jennifer Selendy | | | | | | | | | | | x | x | x | | | | | | | x | | | | | | | | |
| Greg Arovas | | | | | | | | | | | x | x | x | | | | | | x | x | | | | | | | | |
| Bristows LLP | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Helen Hopson | | | | x | | | x | | | x | | | | | | | | | | | | | | | | | | |
| Pat Treacy | | | | x | | | o | | | x | | | | | | | | | | | | | | | | | | |
| Sophie Lawrance | | | | x | | | x | | | | | | | | | | | | | | | | | | | | | |
| Quinn Emanuel Urquhart & Sullivan LLP | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Samsung ITC list | | | | x | | | | | | x | x | x | x | | | | | | | | | | | | | | | |
| Samsung FRAND list | | | | | | | | | | | | | | | | | x | | | | | | | | | x | | x |
| Alex Baxter | | | | | | | | | | x | | | | x | | | | | | | | | | | | | | |
| Marissa Ducca | | | | | | | | | | | | | | | | | x | | | | | | | | | x | | x |
| Alex Lasher | | | | | | | | | | | | | | | | | x | | | | | | | | | x | | x |
| Victoria Maroulis | | | | x | | | | | | x | | | | | | | x | | | | | | | | | x | | x |
| Thomas Pease | | | x | x | | | | | | x | | | | x | | | x | x | | | x | | | x | | x | | x |
| Maxim Price | | | | | | | | | | x | | | | | | | | | | | | | | | | | | |
| Eric Wall | | | | | | | | | | x | | | | | | | | | | | | | | | | | | |
| Alan Whitehurst | | | | | | | | | | | | | | | | | x | | | | | | | | | x | | x |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Peter Camesasca | | | | | | x | | | | | | | | | | | | | | | | | | | | | | |

X = Recipient; O = Sender

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

5571141_1.xls

# EXHIBIT X
# FILED UNDER SEAL