QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**FILED UNDER SEAL**<br><br>**DECLARATION OF KENNETH KOREA IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION TO COMPEL FURTHER DISCOVERY AND FOR SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER**<br><br>**Date**: October 22, 2013<br>**Time**: 10:00 a.m.<br>**Place**: Courtroom 5, 4th Floor<br>**Judge**: Hon. Paul S. Grewal |

1  I, Kenneth Korea, declare:

2  1.  I am Vice President and Head of Samsung's U.S. IP Center in Menlo Park, California. I have held this position since February 2011. My responsibilities include IP acquisition, IP licensing, and IP litigation for Samsung Electronics Co., Ltd. I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2.  I received a Bachelor of Science in Electrical Engineering from Cornell University in 1988. I graduated from Northwestern University School of Law in 1993. After graduating from law school, I clerked for Honorable Maurice Paul of the Northern District of Florida. I then worked as a federal prosecutor in the United States Attorney's Office for the Northern District of Florida, where I prosecuted various matters, including felony narcotics, weapons and armed robbery cases.

3.  I was admitted to the California Bar in 1998, and have been in private practice as an active member in good standing since that time. Prior to joining Samsung as in-house counsel in 2011, I practiced at several large law firms, and also had my own practice .

4.  I have lived in the United States since I was fourteen years old, and am a fluent speaker of both Korean and English.

### Inadvertent Disclosure Emails

5.  I have read the Court's October 2, 2013 Order, and I have a general familiarity with the inadvertent disclosure issue that the Court is currently adjudicating. I have cooperated fully in the inadvertent disclosure investigation, including by preserving my documents, having my computer hard drive imaged, and sitting for a full-day deposition last week.

6.  I do not remember receiving or reviewing any emails from Quinn Emanuel containing instructions for accessing the partially redacted Teece Report via a File Transfer Protocol ("FTP") site, nor do I remember receiving or reviewing any emails or attachments from fellow Samsung employees attaching the partially redacted Teece Report. I receive hundreds of emails each week, many of which concern matters that are not my direct responsibility. I have no knowledge of what the specific terms of the Apple Nokia license are, nor do I recall ever knowing

1  them, or being informed of them in any written document or conversation. ███████

2  ████████████████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████████████████

4  ████████████████████████████████

5      7.   I do not remember receiving or reviewing any emails or attachments from Quinn Emanuel regarding Samsung's International Trade Commission ("ITC") public interest brief, nor do I remember receiving or reviewing any emails or attachments from fellow Samsung employees or other outside counsel also attaching the ITC public interest brief.

     8.   I have no knowledge of the specific terms of Apple's licenses with Ericcson, Sharp or Philips, nor do I recall ever knowing them, or being informed of them in any written document or conversation.

**Rule 30(b)(6) Deposition**

     9.   I was designated as Samsung's Rule 30(b)(6) witness to "speak to the dissemination of and use by Samsung of the confidential information, including the use of the confidential information in any proceeding before the United States International Trade Commission and in any court or jurisdiction outside the United States," pursuant to Judge Grewal's October 2, 2013 Order.  Dkt. 2483 at 5.

     10.  I took this assignment very seriously, and spent several days preparing for the Rule 30(b)(6) deposition.  As part of that preparation, I personally called every single current and former Samsung employee who received the partially redacted Teece report and/or the ITC public interest brief—████████—and interviewed all of them, except for 5 former employees who I could not reach, and one current employee who is on an education sabbatical.[1]  Dkt. 2483 at 5.

---

[1]  I was unable to reach the following former employees at their last known phone contact number(s) before the 30(b)(6) deposition:  Sunmi Kim (departed Samsung 6/14/13); YoonJung Shin (departed Samsung 8/15/12); KyungSeok Lee (departed Samsung 4/30/12); Derrick Robinson (departed Samsung 5/1/12).  Former employee Eun Hye Choi is retired and was unable to provide any information.  Current employee YoungSoon Lee is on an education sabbatical and could not be reached before the Rule 30(b)(6) deposition began.

Coordinating so many interviews, in so many different time zones throughout the world, took several days, dozens of hours, and monumental efforts by myself and both in-house and outside counsel to ensure the interviews occurred before the deadline.

11. Attached hereto as Exhibits 1 and 2 are summaries of the results of my interviews. In total, ███ employees recall reviewing either the Teece Report emails or ITC public interest brief emails. ███ employees recall reviewing the attachments to those emails. No employees recall seeing the terms of the Apple-Nokia license that were unredacted in the Teece report. Only one employee recalls seeing the terms of the Apple-Nokia license left unredacted in the ITC public interest brief, though he could not precisely recall what those terms were at the time of my interview of him; he further confirmed that he did not forward, convey or otherwise disseminate that partially unredacted information in the ITC public interest brief to anyone. No one recalled having read the terms of the Apple-Sharp, Apple-Philips, or Apple-Ericsson licenses in either the Teece report or the ITC public interest brief. Nor did any of the employees recall using the information regarding the Apple licenses for any purpose whatsoever.

12. As further preparation for my 30(b)(6) deposition, I interviewed and confirmed the statements of 16 law firms that act as outside counsel for Samsung in litigations pending throughout the world who had been sent one or more of the inadvertent disclosure emails, to confirm how the information at issue may have been used or further disseminated.[2] Those statements are attached hereto as Exhibit 3. I went over these statements with each firm, and they confirmed to me that the statements were true and correct to the best of their knowledge.

13. Pursuant to this Court's October 2, 2013 Order, I was deposed on October 16, 2013 as Samsung's 30(b)(6) witness for more than seven hours on the record. The deposition began at 10:06 a.m. and concluded at 7:51 p.m. The 30(b)(6) topic ordered by the Court was "the dissemination of and use by Samsung of the confidential information, including the use of the confidential information in any proceeding before the United States International Trade

---

[2] I was not able to contact Kirkland & Ellis LLP before the Rule 30(b)(6) deposition began.

1  Commission and in any court or jurisdiction outside the United States." Dkt. 2483 at 5. I brought
2  a substantial amount of material with me to the deposition to assist in my testimony, including the
3  interview summary charts attached hereto as Exhibits 1 and 2, the outside counsel statements
4  attached as Exhibit 3, and four binders containing copies of the unique emails sent to or by
5  Samsung which attached the partially redacted Teece Report or the ITC public interest brief. Also
6  in those binders were legends describing the emails, and charts tracking which Samsung
7  employees received which of the emails.
8
9      14.    Many of the questions Apple's and Nokia's counsel asked me had little or nothing
10 to do with the 30(b)(6) topic. When Apple's and Nokia's counsel did ask relevant questions, I
11 answered as best as I could, and when my answer required reference to the materials I had brought
12 to assist my testimony, I stated so and asked counsel if I could retrieve and refer to them. Apple's
13 and Nokia's counsel repeatedly declined to allow me to review those materials, even though I
14 informed them of my need to refer to the material to provide accurate, detailed, and complete
15 answers to their questions. When I was finally allowed to refer to the materials and review them,
16 Apple's and Nokia's counsel spent very little time asking substantive questions about them. For
17 instance, it was not until 8.5 hours into the deposition, at around 6:30 p.m., that Apple's or
18 Nokia's counsel permitted me to retrieve and refer to the four binders detailing dissemination of
19 the emails in question. Once I did, Nokia's counsel asked me just six questions, concerning
20 administrative issues such as my role in preparing the binders, and no substantive questions. As I
21 recall, Apple's counsel did not ask me even one single question about the substantive information
22 contained in the binders, despite the fact that those binders contained the details of the
23 dissemination of the emails in question.

### Apple-Samsung Negotiations

25     15.    I was involved in meeting with Apple on behalf of Samsung at a series of face-to-
26 face negotiations beginning with a meeting on December 12, 2012 at the Seoul Park Hyatt Hotel
27 in Seoul, Korea.
28

1 ████████████████████████████████████████████
2 ████████████████

3  16. Bruce Sewell, Apple's General Counsel and Senior Vice President of Legal and
Government Affairs; BJ Watrous, Apple's Vice President & Chief IP Counsel; and Boris Teksler,
Apple's Director of Patent Licensing and Strategy attended the December 12, 2012 meeting on
behalf of Apple.  I attended with SeungHo Ahn, Executive Vice President and Head of the IP
Center; Jaewan Chi, Executive Vice President; and MinHyung Chung, Senior Vice President, on
behalf of Samsung.  At the meeting, ██████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
████████████████████████████

 17. On December 17, 2012, Samsung met with Apple for a second negotiation meeting
in Menlo Park, California.  The same team from Apple attended.  I attended with SeungHo Ahn,
MinHyung Chung, KiJoong Kang and JinHwan Kwak on behalf of Samsung.  At this meeting,
█████████████████████████████████████████████
█████████████████████████████████████████████
███████████████████

 18. The negotiation continued into the next day, December 18, 2012.  At that meeting,
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████

1  ████████████████████████

2     19.  ████████████████████████████████████████████████████████

3-7 ████████████████████████████████████████████████████████████████

8     20.  In January, February, and March of 2013, Apple and Samsung continued to meet in hopes of negotiating a patent cross license.  I was personally involved in these negotiations. ████

10-14 ████████████████████████████████████████████████████████████████

15    21.  I understand from my interview of him in connection with my 30(b)(6) preparations that Daniel Shim, in-house counsel at Samsung, requested a copy of the expert report of David Teece on December 21, 2012 in connection with Samsung's litigation with MicroUnity Systems Engineering, Inc.  Samsung had made its ███████████ offer to Apple on December 18, 2012, prior to Daniel Shim's request for the Teece Report.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in Los Gatos, California on October 20, 2013.

/s/ Kenneth Korea
Kenneth Korea

## Attestation

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document. I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Kenneth Korea.

         /s/ Victoria F. Maroulis
         Victoria F. Maroulis

# EXHIBIT 1
# FILED UNDER SEAL

# EXHIBIT 2
# FILED UNDER SEAL

# EXHIBIT 3
# FILED UNDER SEAL

# EXHIBIT 4
# FILED UNDER SEAL

# EXHIBIT 5
# FILED UNDER SEAL