1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone:   (650) 801-5000
   Facsimile:   (650) 801-5100
9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK (PSG) |
|---|---|
| Plaintiff, | **FILED UNDER SEAL** |
| vs. | **DECLARATION OF DANIEL SHIM IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION TO COMPEL FURTHER DISCOVERY AND FOR SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendant. | **Date**: October 22, 2013<br>**Time**: 10:00 a.m.<br>**Place**: Courtroom 5, 4th Floor<br>**Judge**: Hon. Paul S. Grewal |

Case No. 11-cv-01846-LHK
**DECLARATION OF DANIEL SHIM**

1   I, Daniel Shim, declare:

2   1.   I am a Senior Legal Counsel at Samsung Electronics Co., Ltd.   I have held this
3   position since April 2010.   My responsibilities include providing legal advice to employees of
4   Samsung and interacting with and supervising outside counsel in the representation of Samsung in
5   connection with various legal disputes.   I have personal knowledge of the facts set forth in this
6   declaration and, if called upon as a witness, I could and would testify to such facts under oath.

7   2.   I received a J.D. degree from Cardozo Law School.   I am actively licensed to
8   practice law in the District of Columbia.

9   3.   I reside and work in Korea.   I speak both English and Korean.

**Inadvertent Disclosure Emails**

11   4.   I have read the Court's October 2, 2013 Order, and I have a general familiarity with
12   the inadvertent disclosure issue that the Court is currently adjudicating.   I have cooperated fully
13   in the inadvertent disclosure investigation, including by preserving my documents, having my
14   computer hard drive imaged, and sitting for a full-day deposition last week.

15   5.   In the course of my involvement in the Apple v. Samsung litigation in the Northern
16   District of California, which began in 2011, I received from outside counsel at Quinn Emanuel
17   and reviewed the expert report of David Teece prepared for Samsung.   I do not recall seeing or
18   reading in any version of the Teece expert report that I looked at any information describing terms
19   of any Apple patent license with Nokia or any other company.   I never disseminated to anyone
20   any version of a Teece report that I knew or believed to contain any information describing terms
21   of any Apple patent license with Nokia or any other company.   I did not use, and I am not aware
22   of anyone from Samsung using, in any way information describing Apple patent license terms that
23   might have been in any version of the Teece report that I ever received.

24   6.   I was a party to various communications concerning the drafting by Quinn
25   Emanuel of Samsung's responses to the International Trade Commission ("ITC") questions
26   regarding the public interest in connection with the Samsung-Apple ITC action.   I do not recall
27   seeing or reading in any version of the ITC draft responses or related communications information
28   describing terms of any Apple patent license with Nokia or any other company.   I never

disseminated to anyone any version of draft ITC public interest responses or related communications that I knew or believed to contain information describing terms of any Apple patent license with Nokia or any other company.  I did not use, and I am not aware of anyone from Samsung using, in any way information describing Apple patent license terms that might have been in any version of the draft ITC responses or related communications that I ever looked at or received.

7. I have no knowledge of what the specific terms of the Apple Nokia license actually are, nor do I recall ever knowing them.  I do recall being aware of media coverage of the Nokia/Apple settlement of their legal dispute back in 2011, but I don't now recall the specifics of the terms referenced in that coverage.

8. On December 21, 2012, Los Angeles time (according to the email chain attached as Exhibit 1, which I describe below), I requested from Guy Eddon, an associate at Quinn Emanuel, a copy of the David Teece expert report (which I assumed would be redacted) in connection with a case brought by ▇▇▇▇▇▇ against Samsung in the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  Guy Eddon subsequently sent me a redacted version of the Teece report.  Attached as Exhibit 1 is a copy of an email chain from December 21 to December 22, 2012 reflecting an initial email from me to Guy Eddon on December 21, 2012 at 8:40 p.m., apparently Los Angeles time, and then multiple emails between the two of us ending on December 22, 2012 at 5:30 a.m. with an email from Guy Eddon to me, attaching redacted expert and rebuttal expert reports of David Teece.  My request for the Teece report was in connection with the case brought by ▇▇▇▇▇▇ against Samsung in ▇▇▇; it had nothing to do with any litigation between Apple and Samsung and nothing to do with any Apple-Nokia or other Apple licensing information that might have been contained in a version of the Teece report sent to me.

9. I was one of the Samsung employees who were given access by Apple in 2012 to a spreadsheet produced by Apple to a court presiding over a lawsuit filed by Apple in The Netherlands. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1  
2  
3  
4  
5  
6  

7       I declare under penalty of perjury that the foregoing is true and correct under the law of the
8  United States of America.
9       Executed in Suwon, Korea, on October 21, 2013.

                                    */s/ Daniel Shim*
                                       Daniel Shim

1 **ATTESTATION**

2   I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the
3 foregoing document.  I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic
4 filing of this document has been obtained from Daniel Shim.

6                                  */s/ Victoria F. Maroulis*
7                                   Victoria F. Maroulis

# EXHIBIT 1

| | |
|---|---|
| From: | Guy Eddon [GuyEddon@quinnemanuel.com] |
| Sent: | Saturday, December 22, 2012 5:32 AM |
| To: | 심우섭 수석변호사 IP법무2그룹(IP) 삼성전자 |
| Cc: | Thomas Pease; Alex Baxter |
| Subject: | RE: RE: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| Attachments: | (Redacted) Rebuttal Report of David Teece.pdf; (Redacted) Expert Report of David J Teece Samsung v Apple.pdf |

**From:** 심우섭 [mailto:daniel.shim@samsung.com]
**Sent:** Friday, December 21, 2012 9:43 PM
**To:** Guy Eddon; 심우섭
**Cc:** Thomas Pease
**Subject:** Re: RE: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---Original Message---
Sender : Guy Eddon
Date : 2012/12/22 11:35 (GMT+09:00)
Subject : RE: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮



**From:** 심우섭 [mailto:daniel.shim@samsung.com]
**Sent:** Friday, December 21, 2012 8:40 PM
**To:** Guy Eddon
**Cc:** Thomas Pease
**Subject:** ▮▮▮▮▮▮▮▮▮▮▮▮▮



EXHIBIT 11
Shim 10-15-13

SAMNDCA-Z0000720



SAMNDCA-Z0000721