QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF COLLEEN KAVANAGH** |

I, Colleen Kavanagh, declare:

1. I am a Managing Director in the New York office of Stroz Friedberg, LLC ("Stroz Friedberg"). I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify competently to such facts under oath.

2. I graduated magna cum laude from San Francisco State University with a B.A. in Social Science. I received my J.D. from the University of California, Davis School of Law.

3. Prior to Stroz Friedberg, I served as an Assistant U.S. Attorney ("AUSA") in the U.S. Attorney's Office in the Eastern District of New York for almost a decade. I served as the Chief of Public Integrity.

4. Quinn Emanuel retained Stroz Friedberg to perform the work required under the August 18, 2013 Stipulation and Proposed Order re Motion for Protective Order by Nokia Corporation ("Stipulation").

5. Stroz Friedberg understood at all times that it was acting as Quinn Emanuel's agent, that it was not to disclose information to persons outside Quinn Emanuel without Quinn Emanuel's consent and that its communications with Quinn Emanuel were protected by the attorney-client privilege and attorney work product doctrine.

6. On September 10, 2013, Stroz Friedberg arrived at Samsung's offices in Suwon, Korea. Since that date, Stroz Friedberg has almost always had four digital forensics examiners and one Managing Director or a Vice President present in Suwon. Stroz Friedberg also had staff on site in New Jersey, California, Texas and Washington, D.C. as part of its efforts under the Stipulation.

7. The work Stroz Friedberg conducted in connection with the Stipulation included creating digital forensic images of computers, indexing email and documents from the forensic images, indexing archived email so it could be searched, and running test searches. Many of these

1  tasks are accomplished by automated processes.  None of the work performed by Stroz Friedberg
2  as part of its work under the Stipulation involved reviewing the substance or content of any emails
3  or documents on Samsung's computers or email archive and Stroz Friedberg did not review the
4  substance or content of any emails or documents on Samsung's computers or email archive.

          8.     As of October 2, 2013, as part of its work under the Stipulation, Stroz Friedberg
   had imaged 72 computers in the United States and Korea and had indexed archived email data for
   the custodians in Korea.

       I declare under penalty of perjury of the laws of the United States of America that the
   foregoing is true and correct.

       Executed in New York, New York on October 21, 2013.

   Colleen Kavanagh