HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF MARK D. SELWYN IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

I, Mark D. Selwyn, hereby declare as follows:

1.  I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-referenced litigation. I am licensed to practice law in the State of California, the Commonwealth of Massachusetts, and the State of New York, and am admitted to practice before the U.S. District Court for the Northern District of California. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts under oath.

2.  Page 5 of Apple Inc.'s Supplemental Brief in Support of its Motion for Sanctions ("Apple's Supplemental Brief") contains an excerpt from Exhibit 6 to my declaration in support of Apple's Supplemental Brief. This excerpt should be sealed because it contains or discusses the confidential terms of Apple's licenses and/or licensing negotiations. The Court has previously allowed Apple to seal discussion of "pricing terms, royalty rates, and minimum payment terms of . . . licensing agreements." *See, e.g.*, Dkt. No. 1649 (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)). Particularly here, where the motion at issue is not dispositive, such information should be sealed. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 2013 WL 4487610, at *8-11 (Fed. Cir. Aug. 23, 2013) ("the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action") (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). Apple does not maintain any claim of confidentiality with respect to the remainder of Apple's Supplemental Brief; however, other portions have been redacted because they may contain or discuss information that Samsung and/or Nokia consider confidential.

3.  For similar reasons as set forth above with regard to Apple's Supplemental Brief, Exhibit 6 should be sealed because it contains or discusses the confidential terms of Apple's licenses and/or licensing negotiations. Exhibit 6 may also contain or discuss information that Samsung and/or Nokia consider confidential.

4.  Exhibits 2-4, 8, and 9 to my declaration in support of Apple's Supplemental Brief have been filed under seal because they may contain or discuss information that Samsung and/or

Declaration of Mark D. Selwyn in Support of Apple's
Administrative Motion to File Documents Under Seal
Case No. 11-cv-01846-LHK (PSG)

Nokia consider confidential.  Apple supports sealing Exhibits 2-4, 8, and 9 insofar as they contain or discuss the confidential terms of Apple's licenses and/or licensing negotiations.

5. Apple's request to seal is necessary and narrowly tailored to protect its confidential business information and information that Samsung and/or Nokia may consider confidential.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of October, 2013 at Palo Alto, California.

> */s/* Mark D. Selwyn
> Mark D. Selwyn

Declaration of Mark D. Selwyn in Support of Apple's
Administrative Motion to File Documents Under Seal
Case No. 11-cv-01846-LHK (PSG)

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on October 21, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

          */s/* Mark D. Selwyn
          Mark D. Selwyn

Declaration of Mark D. Selwyn in Support of Apple's
Administrative Motion to File Documents Under Seal
Case No. 11-cv-01846-LHK (PSG)