HAROLD J. MCELHINNY (SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (SBN 116421)
rkrevans@mofo.com
ERIC J. OLSON (SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000


MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SANCTIONS**<br><br>**HEARING: October 22, 2013, 10 a.m.**<br><br>**<u>REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED</u>** |

# TABLE OF CONTENTS

I.   INTRODUCTION .......................................................................................................1

II.   SUMMARY OF SANCTIONS DISCOVERY OBTAINED FROM SAMSUNG ............2

    A.   Samsung's Improper Disclosures ..................................................................3

    B.   Samsung's Improper Use ...............................................................................3

        1.   Samsung's Use of Apple's Confidential Information Against Apple .............3

        2.   Samsung's Use of Apple's Confidential Information Against Others............5

        3.   Evidence Undercutting Samsung's Purported Defenses................................7

III.   SAMSUNG'S VIOLATIONS OF THE COURT'S OCTOBER 2, 2013 ORDER ............8

    A.   Samsung's Failure To Produce Responsive Documents ....................................9

    B.   Samsung's Improper Refusals to Answer on Privilege Grounds.....................10

    C.   Samsung's Failure to Produce a Properly-Educated 30(b)(6) Witness ...........11

    D.   Samsung's Failure to Comply with the Samsung-Nokia Stipulation ...............12

IV.   PROPOSED REMEDIES FOR SAMSUNG'S CONDUCT ...........................................12

    A.   The Court Should Bar Samsung from Asserting the Attorney-Client Privilege
and Work Product Doctrine. ...........................................................................12

    B.   Alternatively, the Court Should Order Samsung to Comply With Its Court-
Ordered Discovery Obligations and Conduct *In Camera* Review...................14

    C.   Samsung Should Provide Additional Discovery and Declarations from Its
Employees and Lawyers Who Received Apple's Confidential Information.....15

V.   CONCLUSION............................................................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Elan Microelectronics Corp. v. Apple, Inc.*,
  C 09-01531, 2011 WL 3443923 (N.D. Cal. Aug. 8, 2011) ....................................................10

*In re A.H. Robins Co.*,
  107 F.R.D. 2 (D. Kan. 1985).................................................................................................13

*In re Andrews*,
  186 B.R. 219 (Bankr. E.D. Va. 1995)...................................................................................13

*In re Grand Jury Investigation*,
  445 F.3d 266 (3d Cir. 2006)..................................................................................................13

*In re Grand Jury Subpoena Subpoenas Dated March 19, 2002 and August 2, 2002*,
  318 F.3d 379 (2d Cir. 2003)..................................................................................................14

*Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*,
  254 F.R.D. 568 (N.D. Cal. 2008)..........................................................................................14

*Positive Software Solutions, Inc. v. New Century Mortg. Corp.*,
  337 F. Supp. 2d 862 (N.D. Tex. 2004) ..........................................................................12, 13

*Stratienko v. Cordis Corp.*,
  429 F.3d 592 (6th Cir. 2005) ..................................................................................................4

*United States v. Zolin*,
  491 U.S. 554 (1989)...............................................................................................................14

**RULES**

Local Rule 5-1..............................................................................................................................16

Rule 30(b)(6)................................................................................................................................11

## I.    INTRODUCTION

In its motion for sanctions, Apple explained how Samsung had repeatedly violated this Court's Protective Order by:  *disclosing* highly confidential terms of several Apple licenses to numerous unauthorized persons, including both high-ranking Samsung licensing executives and outside lawyers representing Samsung against Apple around the world; ████████████████

████████████████████████████████████████████████████████

████████████████████████████████    In its October 2, 2013 Order, the Court found that "[t]here is reason to believe the [Protective Order] has been breached in the present case," and required Samsung to produce discovery relating to Apple's allegations.

As detailed below, Samsung should be held in contempt for failing to comply with that Order in numerous respects—█████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████    But even this grossly incomplete record confirms massive Protective Order violations ██████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████    Contrary to Samsung's claim, these many disclosures *were* breaches, *were not* reported "promptly," and warrant sanctions.

Nor were the breaches harmless.  Even the heavily-redacted discovery that Samsung has produced to date indicates that ███████████████████████████

████████████████████████████████████████████████████████████

████████████████████    It is likely no coincidence that Samsung

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████

3 ███████████████████████████████████████

4          Nonetheless, Apple still believes that the Court should have all relevant facts before

5 deciding an appropriate sanction.  To that end, the Court first should find that Samsung cannot

6 assert privilege or the attorney work product doctrine—under the crime-fraud exception (due to

7 Samsung's attempt to hide its unlawful behavior behind these doctrines) and on waiver grounds

8 ████████████████████████████████████████—and then should order full

9 production of previously redacted and withheld documents.  Alternatively, the Court should

10 review Samsung's documents *in camera* to assess whether Samsung is hiding Protective Order

11 violations with its many redactions and withholdings, and order additional discovery consistent

12 with its determination.  Samsung also should be ordered to (i) comply with the Samsung-Nokia

13 Stipulation, (ii) have each improper recipient of Apple's confidential license information submit

14 a sworn declaration identifying in detail how they received and used that information, and (iii)

15 have its outside law firm recipients produce their internal communications involving the Apple

16 licenses so the Court may test the veracity of the declarations.  Finally, Apple should be awarded

17 its fees and costs for these extensive sanctions proceedings.

18          Below, Apple summarizes the recent sanctions discovery, reviews the many ways that

19 Quinn Emanuel and Samsung have violated the Court's October 2, 2013 Order, and proposes a

20 procedure to complete the record of Samsung's and its lawyers' misconduct.  As the Court noted

21 in its October 2, 2013 Order, this severe misconduct has cast doubt over the ability of protective

22 orders to safeguard confidential information.  Respectfully, the Court should order the additional

23 requested discovery—and ultimately, order severe sanctions—to convey to Apple and the many

24 others watching this proceeding with heightened interest that they can trust protective orders to

25 secure even their most sensitive information when produced in discovery.

26 **II.     SUMMARY OF SANCTIONS DISCOVERY OBTAINED FROM SAMSUNG**

27          As noted below, Samsung and its lawyers should be held in contempt for their knowing

28 failure to comply with the Court's October 2, 2013 Order.  Nevertheless, even the small amount

1   of discovery obtained to date under that Order confirms that Samsung systematically violated the

2   Protective Order by ████████████████████████████████████

3   ███████████████████████████████████████████████████████

4   ███████████████████████████████████████

5   ██████████████████████████████████████████

6   **A.     Samsung's Improper Disclosures**

7   Discovery shows that Samsung first disclosed Apple's confidential license information

8   ███████████████████████████████████████████████

9   ███████████████████████████████████████████████

10  ███████████████████████████████████████████████████

11  ████████████████████████████████████████████████████

12  ███████████████████████████████████████████

13  ███████████████████████████████████████████

14  ██████████████████████████████████████████████████

15  ████████████████████████████████████████████████

16  ██████████████████████████████████████

17  █████████████████████████████

18  They are wrong.  Each of these unauthorized disclosures violated the Protective Order,

19  and put the highly confidential information of Apple and its licensees at serious risk of misuse—

20  which, as discussed below, appears to have occurred.

21  **B.     Samsung's Improper Use**

22  Discovery strongly suggests that ████████████████████████████

23  ██████████████████████████████████████████████████

24  ███████████████████████████████████████████

25  ███████████████████████████████████████████████

26  █████████████████████

27  **1.     Samsung's Use of Apple's Confidential Information Against Apple**

28  Samsung's own documents lead to the inescapable conclusion that ███████████████



In any event, the Court may infer improper use from this strong circumstantial evidence alone. *See Stratienko v. Cordis Corp.*, 429 F.3d 592, 600 (6th Cir. 2005) (noting majority rule, including in the Ninth Circuit, that "[c]ourts may properly consider circumstantial evidence" showing access to unauthorized information when assessing if improper use occurred).[1]

---

[1]   Samsung recently acknowledged

On October 11, 2013, the Australian Court ordered Samsung to disclose whether Mr. Kim, Mr. Korea, and other Samsung employees who have served affidavits in the Australian proceeding, or who are identified in such affidavits as persons participating on behalf of Samsung in license negotiations with Apple, received the confidential information under a breach of this Court's Protective Order. (Ex. 5 at 1.)

1    Indeed, ███████████████████████████████████████████

2    ████████████████████████████████████████████████████

3    ████████████████████████████████████████████████

4    ████████████████████████████████████████████

5    ███████████████████████████████████████████████████

6    ██████████████████████████████████████████

7

8    ███████████████████████████████████████████████

9    ████████████████████████████████████████████████████

10   ████████████████████████████████████████████████

11   ███████████████████████████████████████████████

12   ██████████████████████████████████████████████

13   ████████████████████████████████████████████████

14          2.      **Samsung's Use of Apple's Confidential Information Against Others**

15       The record also indicates that Samsung has improperly used Apple's confidential license

16   information against other companies as well, ██████████████████████

17   ████████████████████████████████████████████████

18   ████████████████████████████████████████████████████

19   ████████████████████████████████████████████████

20   ████████████████████████████████████████████████

21   ██████████████████████████████████████████████

22   ████████████████████████████████████████████████

23   ██████████████████████████████████████

24   ████████████████████████████████████████████████████

25   ████████████████████████████████████████████████████

26   ████████████████████████████████████████████████

27   ███████████████████████████████████████████████

28   ████████████████████████████████████████████████



███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████

### 3.    Evidence Undercutting Samsung's Purported Defenses

When opposing Apple's sanction motion, Samsung argued that its employees properly learned about the terms of the Apple-Nokia license through either ████████████████████ ████ or public accounts. ███████████████████████████ ***First,*** ██████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████

1    ████████████████████████████████████████████████████████████

2    ████████████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████████████

5    ████████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████████

7    ███████████████████████████████████████████████████████████

8    ███████████████████████████████████

9    **C.     Improper Delay in Notifying Apple and the Court**

10   By their own admission, Quinn Emanuel and Samsung knew that ██████████████

11   ████████████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████████

16   █████████████████████████████████

17   ████████████████████████████████████████████████████████████

18   ████████████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████████████

23   ████████████████████████████████████████████████████████████

24   ████████████████████████████████████████████████████████████

25   ████████████████████████████████████████████████████████████

26   ███████████████████████████████████████

27   **III.     SAMSUNG'S VIOLATIONS OF THE COURT'S OCTOBER 2, 2013 ORDER**

28   Samsung and its lawyers should be held in contempt for their repeated violations of the

1  Court's October 2, 2013 Order—which have prevented Apple from fully exploring the details

2  involving Samsung many breaches of the Protective Order.

3     **A.     Samsung's Failure To Produce Responsive Documents**

4        The Court's October 2, 2013 Order required Samsung to produce all emails that it had

5  identified in its August 1, 2013 letter to Apple, as well as "[a]ll emails and other communications

6  sent or received since March 24, 2012 by the Samsung employees who received the confidential

7  information (more specifically, the Samsung employees listed in the attachments to Mr. Becher's

8  August 1 letter) to the extent that they relate to Apple's licenses with Nokia, Ericsson, Sharp, and

9  Philips." In response, Samsung has produced █████████████████████████████████████

10  ███████████████████████████████████████████████████

11  ████████████████████████████████████████████████████

12    ███████████████████████████████████████████████████████

13  █████████████████████████████████████████████████████████

14  ██████████████████████████████████████████████████████████

15  ████████████████████████████████████████

16  ████████████████████████████████████████████████████████

17

18

19

20

21  ███████████████████████████████████████████████████

22  ████████████████████████████████████████████████████

23  ██████████████████████████████████████████████████████████

24  █████████████████████████████████████████████████████████

25  ██████████████████████████████████

26     ███████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████████

28  ██████████████████████████████████████

1

2

3

4

5

6

7

8

9    This example shows that Samsung is using redactions to hide its knowledge and use of

10   Apple's confidential information—i.e., the very reason the Court ordered the parties to conduct

11   discovery.  Thus, even if the Court permits Samsung to assert privilege, Samsung should be

12   ordered to reproduce more complete versions of its documents with a certification from a Quinn

13   Emanuel partner that any redactions only cover truly privileged communications.

14       ***Second***, Samsung provided a "Redacted Log" for the documents that it produced.  But

15   the entries are so generic that they fail to provide even the most basic notice about the nature of

16   the redactions, including, for example, the specific Apple license at issue.  (Ex. 17.)  This is

17   insufficient.  *See*, *e.g.*, *Elan Microelectronics Corp. v. Apple, Inc.*, C 09-01531, 2011 WL

18   3443923, *2 (N.D. Cal. Aug. 8, 2011) ("Under ordinary circumstances, a privilege log should be

19   provided that identifies and describes the documents in sufficient detail to 'enable other parties to

20   assess the claim.'") (citing Fed. R. Civ. P. 26(b)(5)(A)(ii)).

21       ***Third***, Samsung's separate 96-page "Privilege Log" covers

22

23

24

25

26   **B.      Samsung's Improper Refusals to Answer on Privilege Grounds**

27       The October 2, 2013 Order required Samsung to produce Dr. Ahn, five employees, and a

28   30(b)(6) witness for deposition.  But at these depositions, Samsung and the witness obstructed

Apple's ability to inquire into important topics critical to this Court's sanctions inquiry based on unfounded privilege objections, including on topics such as:



This too violated the Court's October 2, 2013 Order.

**C.      Samsung's Failure to Produce a Properly-Educated 30(b)(6) Witness**

In its October 2, 2013 Order, the Court required Samsung to produce "[a] Rule 30(b)(6) witness to speak to the dissemination of and use by Samsung of the confidential information, including the use of the confidential information in any proceeding before the United States International Trade Commission and in any court or jurisdiction outside the United States." (Dkt. 2483 at 5.)  Samsung violated that Order by



███████████████████████████████████

### D.     Samsung's Failure to Comply with the Samsung-Nokia Stipulation

In its October 2, 2013 Order, the Court entered the Stipulation that Samsung and Nokia had jointly negotiated and filed—which imposed a series of investigatory and disclosure deadlines on Samsung.  (Dkt. 2483 at 4-5.)  Judge Koh denied Samsung's request to withdraw the Stipulation, noting that it imposed requirements on Samsung *in addition to* those set forth in the October 2, 2013 Order.  (Dkt. 2538 at 12.)  Yet, Samsung has yet to comply with any of the deadlines set forth in the Stipulation.  This also violates the Order and constitutes contempt.

## IV.     PROPOSED REMEDIES FOR SAMSUNG'S CONDUCT

Given these sweeping violations—with respect to the Protective Order and the October 2, 2013 Order—the Court should bar Samsung from asserting the attorney-client privilege or work product doctrine.  Or at the very least, it should review Samsung's redacted and withheld documents *in camera* to assess whether Samsung is using these doctrines to shield misconduct.  The Court should also require Samsung to produce the required sanctions discovery, to comply with the Samsung-Nokia Stipulation, and have its employees and outside lawyers who received Apple confidential information in violation of the Protective Order to submit sworn declarations detailing their receipt and use (as Samsung promised it would do at the last hearing).  Finally, Samsung should pay the significant fees and costs that Apple has incurred in these proceedings.

### A.     The Court Should Bar Samsung from Asserting the Attorney-Client Privilege and Work Product Doctrine.

The crime-fraud exception bars application of the attorney-client privilege where an attorney and client engage in communications that become part of a subsequent unlawful course of action—including violations of a Protective Order, which are a form of law breaking.  *See, e.g.*, *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 337 F. Supp. 2d 862, 868 (N.D. Tex. 2004), *rev'd on other grounds*, 476 F.3d 278 (5th Cir. 2007) (granting under crime-fraud exception access to privileged communications reflecting violations of a protective order).  This outcome reflects that the legal system has a greater interest in detecting and preventing ongoing and future wrongdoing than it does in protecting the confidentiality of attorney-client

communications regarding that improper activity. *See In re Grand Jury Investigation*, 445 F.3d 266, 275-80 (3d Cir. 2006) (affirming order compelling production of communications between lawyer and client regarding compliance with subpoena under crime-fraud exception given evidence that, at time of the communications, the client may have been destroying responsive documents); *In re A.H. Robins Co.*, 107 F.R.D. 2, 30 (D. Kan. 1985) (applying crime-fraud exception due to "repeated delays and instances of nonproduction"); *In re Andrews*, 186 B.R. 219, 220 (Bankr. E.D. Va. 1995) (declining to find privilege applicable to communications concerning possibly continuing fraud).

As noted in Apple's motion for sanctions, the crime-fraud exception is implicated here given Samsung's improper use of privilege claims to prevent Apple and the Court from learning how Samsung and its lawyers used (and may yet use) Apple's highly confidential information in violation of this Court's Protective Order. Indeed, otherwise, parties and their lawyers would be able to breach protective orders in their communications without fear—assured that, with the privilege as a shield, they would never be held accountable for their misconduct. The crime-fraud exception is precisely intended to defeat such abuse of the privilege. *See Positive Software Solutions,* 337 F. Supp. 2d at 868.

In addition, ████████████████████████████████████████

████████████████████████████████████████████████████ *See*

*Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 576 (N.D. Cal. 2008) ("When

either privilege is waived, its scope extends to 'all communications on the same subject

matter . . . so that a party is prevented from disclosing communications that support its position

while simultaneously concealing communications that do not'") (citing *Stanford v. Roche,* 237

F.R.D. 618, 625 (N.D. Cal. 2006)).

> **B.    Alternatively, the Court Should Order Samsung to Comply With Its Court-Ordered Discovery Obligations and Conduct *In Camera* Review.**

To the extent the Court decides that it needs further confirmation before deciding whether

to apply the crime-fraud exception or waiver principles, Apple suggests the following two-step

process (which Apple believes will provide additional corroboration of wrongdoing):

*Step One:*  To ensure Apple has the entire universe of evidence that the Court ordered,

within 3 days, Samsung should be required to:  (i) re-produce its redacted set of documents with

proper redactions and provide a revised log (verified by a Quinn Emanuel partner) that identifies

the nature of those redactions, including the specific license(s) to which the document relates;

and (ii) produce at least redacted versions of the withheld set of documents listed on its 96-page

Privilege Log, and update that log (verified by a Quinn Emanuel partner) for withheld portions.

*Step Two:*  After receiving this updated discovery, within 3 days, Apple will identify up

to 50 documents for this Court to review *in camera* to assess whether Samsung is improperly

using privilege and work product claims to shield Protective Order violations.  *See In re Grand

Jury Subpoena Subpoenas Dated March 19, 2002 and August 2, 2002,* 318 F.3d 379, 386-87 (2d

Cir. 2003) (noting that *in camera* review is a "long-standing and routine" procedure "in cases

involving claims of privilege," and that the standard for granting *in camera* review is lower than

the standard for finding the communications not privileged); *United States v. Zolin*, 491 U.S.

554, 572 (1989) ("[Because] "*in camera* inspection is a smaller intrusion upon the confidentiality

of the attorney-client relationship . . . a lesser evidentiary showing is needed to trigger *in camera*

review than is required ultimately to overcome the privilege.").  If the documents show sufficient

evidence of violations, the Court can order Samsung to submit all of its redacted and withheld

documents for Court review.  If the Court decides after the review that Samsung has relinquished any privilege or work product claims, Samsung should be compelled to produce all documents to Apple in full, and have its employees deposed again without claims of privilege.

### C.   Samsung Should Provide Additional Discovery and Declarations from Its Employees and Lawyers Who Received Apple's Confidential Information.

Samsung's improper disclosure of Apple's confidential license terms has been so massive that Apple could not possibly cover each of these instances in a reasonable number of additional depositions.  Samsung promised declarations from these persons at the last hearing, but has not delivered on that promise.  Therefore, to ensure the Court has all the relevant details, Samsung should be ordered to obtain declarations from each employee and outside lawyer who received Apple's confidential information stating in detail how they received and used the information.

In addition, although the October 2, 2013 Order required Samsung to account for its emails and other communications from "Samsung employees," ███████████████████████

███████████████████████████████████████████████

███████████   Without communications from these individuals, the Court will have difficulty determining how they used Apple's confidential information, including in matters outside the United States.  Therefore, the Court should order Samsung to have its outside lawyers (listed in Exhibit 21) and law firms (listed in Exhibit 19) produce the same emails and communications required of Samsung employees.  Each law firm also should be required to provide sworn declarations from partners detailing the search that they performed to locate the responsive documents.  Finally, Apple should be awarded its fees and costs for these sanctions proceedings.

## V.   CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court sanction Samsung for its many violations of the Court's Protective Order, find Samsung in contempt of the October 2, 2013 Order, and order the additional discovery and relief set forth above and in Apple's motion for sanctions.

Dated:  October 21, 2013                         /s Mark D. Selwyn                                    
                                                 Mark D. Selwyn

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served on October 21, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ Mark D. Selwyn
Mark D. Selwyn