# Exhibit 26

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 11-CV-01846-LHK<br><br>**DECLARATION OF PAUL MELIN** |

**DECLARATION OF PAUL MELIN**

I, Paul Melin, declare as follows:

1. I am Vice President, Intellectual Property for Nokia Corporation ("Nokia"). I am responsible for overseeing the Intellectual Property Rights division of Nokia, and am responsible for Nokia's intellectual property licenses. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would testify competently thereto.

2. In 2011, Nokia and Apple entered into a patent license agreement. The existence of that

license is not confidential information, but the license contains confidentiality obligations wherein each party's ability to disclose the terms of each license is restricted, absent the other party's consent.

3. Nokia owns one of the largest and most important patent portfolios in the telecommunications world. As of December 2011, Nokia had research and development present in 16 countries with nearly 35,000 people to support these activities. With tens of billions of dollars spent of the years on research and development, Nokia maintains over 10,000 patent families in its portfolio, including hundreds of families of standards-essential patents.

4. Nokia is continuously in negotiations with several companies regarding licenses to its standard-essential patents. Nokia's ability to negotiate licenses on competitive terms would be severely hampered were the confidential terms of its license agreements, including the financial terms negotiated with competitors, and terms regarding the scope of licenses, to become public.

5. I have reviewed the proposed redactions to Nokia's agreement with Apple that Nokia is submitting in connection with my declaration. Given the extreme importance and sensitivity of the information in the proposed redactions, I believe that Nokia would be severely harmed should the information contained in these proposed redactions become public.

6. I have also reviewed this Court's order of December 11, 2012, which permitted HTC to redact "portions of the license agreement covering the actual pricing and royalty terms, as well as terms explaining exactly how those royalties are to be determined, for which products, and for which precise features" (Doc. No. 2192). For reasons I explain in more detail below, I believe Nokia's proposed redactions are consistent with that standard.

7. The following paragraphs explain why I believe it is appropriate to redact various specific sections of the agreement Nokia and Apple. First, Nokia proposes to redact Sections 4.1, 4.2, and 4.3. These are the core sections defining the amounts to be paid under the agreement, which clearly fall within the "pricing and royalty terms" that the Court has allowed to be redacted in other license agreements. Disclosure of these financial terms would cause severe harm to Nokia.

8. Next, Nokia seeks to redact sections 4.6 to 4.9. These sections are intertwined with the payment terms and address issues including auditing and payment mechanics, taxes, and late

MELIN DECLARATION

Case No.: 11-CV-01846-LHK

payment provisions. Their disclosure would allow a reader to indirectly glean highly sensitive information about the financial terms of Sections 4.1 to 4.3. These terms also have a direct impact on the financial workings of the agreement, and their disclosure would harm Nokia accordingly. Furthermore, the public has at best a limited interest in these types of provisions.

9. Next, Nokia seeks to redact Sections 2.1 and 3.1, which set forth the scope of the licenses granted from Nokia to Apple, and vice-versa. These sections include highly sensitive information regarding the nature of rights granted and scope of products implicated, among other highly sensitive terms. The scope of the grant is inextricably intertwined with the financial value of the agreement to the parties, and I understand that the Court has recognized this by previously permitting redaction of "which products, and for which precise features," a license has been granted. Disclosure of these license terms would be extremely harmful to Nokia and put it at a severe competitive disadvantage in ongoing and future negotiations.

10. Furthermore, Nokia seeks to redact the definitions of "Divested Patents," "Essential," "Licensed Apple Patents," "Licensed Nokia Patents," "Licensed Products," "Litigation Patent," "Recently Divested Patent," and "Wireless Product." These terms are inextricably intertwined with the scope of the grants discussed in the preceding paragraph. This disclosure would put Nokia at a serious competitive disadvantage for all the same reasons involving disclosure of Sections 2.1 and 3.1.

11. Finally, Nokia seeks to redact the "No Circumvention" clauses of Sections 2.7 and 3.7. These sections include references to the other provisions of the agreement discussed above, from which the nature of other parts of the agreement could be inferred, if they were not redacted. Therefore, unless these sections are also redacted, Nokia would be subjected to the harms already described for the other redactions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19 day of February, 2013.

Paul Melin

MELIN DECLARATION

Case No.: 11-CV-01846-LHK