1   HAROLD J. MCELHINNY (CA SBN 66781)        WILLIAM F. LEE
    hmcelhinny@mofo.com                        william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)          WILMER CUTLER PICKERING
    mjacobs@mofo.com                           HALE AND DORR LLP
3   RACHEL KREVANS (CA SBN 116421)             60 State Street
    rkrevans@mofo.com                          Boston, MA 02109
4   ERIK J. OLSON (CA SBN 175815)              Telephone: (617) 526-6000
    ejolson@mofo.com                           Facsimile: (617) 526-5000
5   MORRISON & FOERSTER LLP
    425 Market Street                          MARK D. SELWYN (SBN 244180)
6   San Francisco, California  94105-2482      mark.selwyn@wilmerhale.com
    Telephone:  (415) 268-7000                 WILMER CUTLER PICKERING
7   Facsimile:  (415) 268-7522                 HALE AND DORR LLP
                                               950 Page Mill Road
8                                              Palo Alto, California 94304
    Attorneys for Plaintiff and                Telephone: (650) 858-6000
9   Counterclaim-Defendant APPLE INC.          Facsimile: (650) 858-6100

10

11                     UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14

| | |
|---|---|
| 15  APPLE INC., a California corporation, | Case No.     11-cv-01846-LHK (PSG) |
| 16          Plaintiff, | **APPLE'S STATEMENT RE GEM SALES** |
| 17      v. | Date:      November 5, 2013 |
| 18  SAMSUNG ELECTRONICS CO., LTD., a | Time:      2:00 PM |
|     Korean business entity; SAMSUNG | Place:     Courtroom 8, 4th Floor |
| 19  ELECTRONICS AMERICA, INC., a New York | Judge:     Hon. Lucy H. Koh |
|     corporation; SAMSUNG | |
| 20  TELECOMMUNICATIONS AMERICA, LLC, a | |
|     Delaware limited liability company, | |
| 21 | |
| 22          Defendants. | |

23

24

25

26

27

28

## I. SAMSUNG WAIVED ITS ATTEMPT TO RELITIGATE INFRINGEMENT OF NON-VERIZON GEM UNITS BY NOT RAISING THE ISSUE IN ITS RULE 50 MOTIONS.

Samsung never argued in either its Rule 50(a) motion at the close of evidence or in its post-trial JMOL/new trial motion that Apple had failed to prove infringement of all the Gem units sold in the U.S.—whether because only one Gem product, sold by Verizon (JX1020), was admitted in evidence, or for any other reason. The absence of this argument was no accident. In the first trial, the parties agreed to a joint exhibit (JX1500) that showed the total number of Gem units Samsung had sold in the U.S. without any breakdown by carrier. In agreeing to submit JX1500 to the jury, Samsung expressly agreed that it would "not challenge in the trial or appellate court the sufficiency of the evidence to support [Apple]'s damage calculations on the ground that the calculations rely on [JX1500]." (Dkt. No. 1597 ¶ 1.)

In order to challenge the sufficiency of the evidence to prove infringement of non-Verizon Gem units, and to preserve its ability to now argue that Apple is not entitled to damages for non-infringing Gem units, Samsung would have had to raise those challenges first in its Rule 50 motions. *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1041 (9th Cir. 2003). Having failed to do so, Samsung is now barred from raising those arguments for the first time in the new trial.

## II. SAMSUNG CONSENTED TO A TRIAL WHERE INFRINGEMENT BY ANY GEM MODEL WOULD GIVE RISE TO DAMAGES FOR ALL GEM MODELS.

From interrogatory responses identifying only a single Gem product and through trial, Samsung consistently litigated this case as if only a single Gem product was at issue. Even in defending Apple's motion to strike this new theory, Samsung's counsel could not even say whether there *were* any material differences among the Gem units sold by different carriers. (*See* 10/10/13 Hr'g Tr. at 119:4-5 ("I would need to compare the phones.").) Mr. Wagner also is unaware of any differences. (Declaration of Christopher L. Robinson in Support of Apple's Statement re Gem Sales ("Robinson Decl.") Ex. A at 844:1-846:5.) Samsung's new argument contradicts its prior positions and is an impermissible new theory.

Apple accused the "Gem" in its complaint (Dkt. No. 1. ¶ 54), and identified "Gem" as an Accused Instrumentality in its infringement contentions (Robinson Decl. Ex. B at 2). Apple

1   served interrogatories asking Samsung to identify the product name and model numbers for

2   Samsung's mobile phones and tablets.  For the Gem, Samsung responded "Gem (Max)."  (*Id*. Ex.

3   C at 14.)  Apple also served interrogatories asking for Samsung's non-infringement contentions.

4   Samsung's responses did not mention anything about different Gem models.  (*Id*. Exs. D-E.)  Nor

5   did any Samsung technical expert raise a non-infringement defense to the Gem based on alleged

6   different Gem models.  (*See, e.g.*, *id*. Ex. F ¶¶ 28-31, 224-225; Ex. G ¶¶ 62, 74; Ex. H at 3 n.1,

7   14, 38, & Lucente Ex. 11.)

8         At trial, the parties submitted a Verizon Gem phone without objection as a joint exhibit

9   (JX1020).  The parties also submitted JX1500 without objection, showing combined Gem sales

10   for all U.S. carriers without any breakdown by carrier.  Samsung offered into evidence a more

11   detailed sales report for the "Gem (SCH-I100)"—again without any breakdown of Gem sales by

12   carrier.  (*See* DX676.025-027.)  No Samsung fact or expert witness provided any testimony about

13   Gem models sold at different carriers.  (*E.g.*, Trial Tr. 956-958.)  Both parties' damages experts

14   submitted calculations of Gem damages based on all Gem units at all U.S. carriers (PX25A1.4-5;

15   DX781.1).  Samsung never argued to the jury that infringement should depend, or that damages

16   should turn, on unidentified differences between Gem units sold by different carriers.  When the

17   question of damages was submitted to the jury, Samsung did not object that the verdict form

18   asked the jury to award damages for "the Gem (JX1020)."  And again, because Samsung

19   knowingly waived the issue, Samsung did not argue in its JMOL motion that Apple's evidence of

20   infringement of the Verizon Gem was insufficient to support damages as to all Gem U.S. sales.

21         In the face of this history, Mr. Wagner's new report cites only an Excel file (*see* 8/26/2013

22   Wagner Rpt. ¶ 416 & Schedule 25.2-NT) produced more than a month after fact discovery and

23   the exchange of opening damages reports that breaks down U.S. Gem sales by carrier.  This is

24   plainly new, as the redline of his report (lodged with Dkt. No. 2401) shows.  The Excel file is not

25   evidence that different carriers sold materially different Gem units than the Verizon units, and

26   even if it was, Samsung knowingly waived its right to dispute damages calculations based on all

27   Gem U.S. sales, and failed to disclose a non-infringement theory based on Gem carrier models.

28   Samsung cannot now eliminate 40% of Gem units from its expert's calculations at the retrial.

1

Dated: October 21, 2013                    MORRISON & FOERSTER LLP

2

3                                          By:   */s/ Harold J. McElhinny*
                                                 HAROLD J. MCELHINNY
4
                                           Attorneys for Plaintiff
5                                          APPLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28