Exhibit C

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

.QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE INC.'S TENTH SET OF INTERROGATORIES (NOS. 27-38)**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER** |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

1  litigation.   Samsung will provide such contentions in accordance with the Court's Minute Order
2  and Case Management Order, dated August 25, 2011.
3         Subject to the foregoing general and specific objections, Samsung responds as follows:
4  Samsung's contentions regarding the hypothetical negotiation will be detailed in its expert report
5  that will be served in accordance with the Court's August 25, 2011 Order.   Moreover, Samsung's
6  investigation is ongoing and Samsung will supplement this interrogatory after a reasonable
7  investigation and further discovery from Apple.

9  **INTERROGATORY NO. 36:**
10        Identify the product names, model numbers, and U.S. release dates for each of the internal
11 code names, project names, or other identifiers of Samsung mobile phones and tablet computers
12 listed in Exhibit 1.

14 **RESPONSE TO INTERROGATORY NO. 36:**
15        In addition to its General Objections above, which it hereby incorporates by reference,
16 Samsung objects to this interrogatory on the grounds that it is vague and ambiguous, particularly
17 with respect to the term "other identifiers" and "internal code names."   Samsung objects to this
18 interrogatory on the grounds that it is overbroad in seeking information about "Samsung mobile
19 phones and tablet computers," and not reasonably calculated to lead to the discovery of admissible
20 evidence.   Samsung further objects to this interrogatory to the extent that it seeks to elicit
21 information subject to and protected by the attorney-client privilege, the attorney work-product
22 doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable
23 privilege or immunity.
24        Subject to the foregoing general and specific objections, Samsung responds as follows:
25 The requested information for the accused Samsung products is listed as follows:
26        The Acclaim (Infobowl-Q) was first shipped for sale in the United States on or around
27 June 23, 2010.   The Captivate (Kepler) was first shipped for sale in the United States on or
28 around July 9, 2010.   The Continuum (Garnet) was first shipped for sale in the United States on

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

or around October 29, 2010.  The Droid Charge (Stealth) was first shipped for sale in the United States on or around February 17, 2011.  The Epic 4G (Victory) was first shipped for sale in the United States on or around July 28, 2010.  The Exhibit 4G (Hawk) was first shipped for sale in the United States on or around June 1, 2011.  The Fascinate (Atlas) was first shipped for sale in the United States on or around August 30, 2010.  The Galaxy Ace (Cooper) was never sold in the United States.  The Galaxy Prevail (Vino, spark2) was first shipped for sale in the United States on or around April 15, 2011.  The Galaxy S 4G (Behold3, Vibrant +) was first shipped for sale in the United States on or around February 11, 2011.  The Galaxy S (i9000) (Aries) was never sold in the United States.  The Gem (Max) was first shipped for sale in the United States on or around January 8, 2011.  The Gravity Smart (Joyce-Q) was first shipped for sale in the United States on or around June 8, 2011.  The Indulge (Forte) was first shipped for sale in the United States on or around February 8, 2011.  The Infuse 4G (Dempsey) was first shipped for sale in the United States on or around April 30, 2011.  The Intercept (Vins-Q) was first shipped for sale in the United States on or around June 9, 2010.  The Mesmerize (Atlas) was first shipped for sale in the United States on or around October 25, 2010.  The Nexus S (Crespo) was first shipped for sale in the United States on or around December 11, 2010.  The Nexus S 4G (Crespo) was first shipped for sale in the United States on or around April 27, 2011.  The Replenish (Rant3) was first shipped for sale in the United States on or around April 14, 2011.  The Showcase Galaxy S (Atlas) was first shipped for sale in the United States on or around November 11, 2010.  The Showcase i500 (Atlas) was first shipped for sale in the United States on or around November 11, 2010.  The Sidekick (Sidekick) was first shipped for sale in the United States on or around April 11, 2011.  The Transform (Vital) was first shipped for sale in the United States on or around September 13, 2010.  The Vibrant (Behold3) was first shipped for sale in the United States on or around June 25, 2010.  The Galaxy Tab (P1) was first shipped for sale in the United States on or around May 3, 2011.  The Galaxy Tab 10.1 (P4) was first shipped for sale in the United States on or around May 9, 2011.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

Samsung's investigation is ongoing, and Samsung will supplement this interrogatory after a reasonable investigation.  Samsung is further willing to meet and confer regarding the scope of this interrogatory.

**INTERROGATORY NO. 37:**

For any touchscreen mobile phone or tablet computer designed by Samsung after January 1, 2005, that is not listed in the response to interrogatory number 36, identify the product names, model numbers, U.S. release dates, and all internal code names, project names, or other identifiers used by anyone at Samsung to identify the mobile phone or tablet computer.

**RESPONSE TO INTERROGATORY NO. 37:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this interrogatory on the grounds that it is vague and ambiguous, particularly with respect to the term "other identifiers" and "internal code names" and "used by anyone." Samsung objects to this interrogatory on the grounds that it is overbroad in seeking information about "any touchscreen mobile phone or tablet computer designed by Samsung," and not reasonably calculated to lead to the discovery of admissible evidence.  Samsung also objects to this interrogatory as seeking information regarding touchscreen mobile phone or tablet computer products that are not at issue in this litigation.  Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections, Samsung responds as follows: Samsung incorporates by reference its response to Interrogatory No. 36.  Samsung's investigation is ongoing, and Samsung will supplement this interrogatory after a reasonable investigation. Samsung is further willing to meet and confer regarding the scope of this interrogatory.

- Words Under the Icons – The words underneath each icon reinforce the functionality of that icon by providing additional description of it.
- Dots on the Lower Portion of the Screen – The dots at the bottom of the screen are functional because they communicate to the user which page he is on through a minimal amount of space.
- Dock – The dock of frequently- used icons that is always visible from a set of menu screens is functional because it allows the user to keep the most frequently-used icons in a location that can be quickly accessed from each page.   Further, the placement of the dock on the bottom end of the display screen is the most convenient location to access when operating the device with a single hand

Numerous documents produced by Apple and Samsung support the functionality of Apple's designs.

Samsung's investigation is ongoing, and Samsung will supplement this interrogatory after a reasonable investigation.

DATED: February 29, 2012            Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/   Victoria F. Maroulis
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

### CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2012, I caused **SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE INC.'S 10TH SET OF INTERROGATORIES (Nos. 27-38)** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

| | |
|---|---|
| AppleMoFo@mofo.com<br>HAROLD J. MCELHINNY<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR<br>jtaylor@mofo.com<br>ALISON M. TUCHER<br>atucher@mofo.com<br>RICHARD S.J. HUNG<br>rhung@mofo.com<br>JASON R. BARTLETT<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | WHAppleSamsungNDCalService@wilmerhale.com<br>WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

I declare under penalty of perjury that the foregoing is true and correct. Executed in Redwood Shores, California on February 29, 2012.

_____/s/ Melissa N. Chan____