# Exhibit F

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK |

**REBUTTAL EXPERT REPORT OF STEPHEN GRAY
REGARDING NON-INFRINGEMENT OF ASSERTED CLAIMS OF U.S. PATENT NOS.
7,844,915 AND 7,864,163**

### C. Doctrine of Equivalents

23. If not literally infringed, a patent claim might still be infringed under the "doctrine of equivalents." It is my understanding that if there are claim limitations that are not literally present in the accused product, the claim might still be infringed if the differences between the accused product and the claims are insubstantial for each claim limitation. It is also my understanding that one test used to determine whether differences are insubstantial is to determine whether an accused element performs substantially the same function, in substantially the same way, to obtain substantially the same results of the claimed element. I am further informed by counsel that patent protection may be granted for any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof.

24. I am also informed that an element in an accused product may be equivalent to a claim limitation if the two are known to be interchangeable at the time of alleged infringement.

25. I have been informed that the doctrine of equivalents does not always apply, such as when doing so would contradict statements made during the patent application process.

26. It is my understanding that the range of equivalents is also limited by the prior art to prohibit the patent owner from extending the scope of the claim to cover the prior art. Specifically, it is my understanding that the range of equivalents cannot include what the prior art anticipates or what the prior art renders obvious.

27. I understand that the doctrine of equivalents is subject to the "all elements" rule, which precludes a theory of infringement based on the doctrine of equivalents when the theory would read a limitation completely out of the claim.

### III. OVERVIEW OF THE ACCUSED PRODUCTS

28. In this section, I set forth information relating to my understanding of the Accused Products, focusing on the products identified in the Singh Report. In the event Apple identifies additional infringing products, I reserve the right to supplement my opinions, including the opinions expressed in this section.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

29. The Accused Products as set forth in the Singh Report include: Acclaim, Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Galaxy S II (including the i9100, T-Mobile, AT&T, Epic 4G Touch and Skyrocket variants), Galaxy S Showcase (i500), Galaxy Tab 7.0, Galaxy Tab 10.1, Gem, Gravity Smart, Indulge, Infuse 4G, Intercept, Mesmerize, Nexus S, Nexus S 4G, Replenish, Sidekick, Transform, and Vibrant.

## IV.  OPINIONS ON NON-INFRINGEMENT OF THE '915 PATENT

30. As explained above, I understand that there is no literal infringement if even one limitation recited in an asserted claim is not found in the accused product. The sections below identify specific limitations that, in my opinion, are not found in the Accused Products. The absence of a discussion of a particular limitation from a particular claim, however, should not be construed as an admission that the limitation is present in the Accused Products.

31. My opinion is that none of the Asserted Claims of the '915 Patent are literally infringed by the Accused Products for the reasons set forth below. In addition, none of the Asserted Claims are infringed under the doctrine of equivalents because the Accused Products perform a substantially different function in a substantially different way to achieve a substantially different result.

### A. General Problems with the Singh Report Infringement Analysis of the '915 Patent

#### 1. The Singh Report Fails to Provide Support for Many of the Opinions Expressed.

32. The Singh Report fails to provide support for opinions alleging that the Accused Products infringe the '915 Patent. Specifically, the Singh Report fails to show that the Accused Products perform several of the key limitations present in each of the independent claims of the '915 Patent. In this section, I will describe several of these non-infringed limitations at a high level, but I note that Section IV.B will set forth in detail the reasons that the Accused Products do not infringe each and every claim of the '915 Patent.

**(a)  The number of touch inputs are not exclusively used to determine whether to scroll or scale**

-6-

## V.  OPINIONS ON NON-INFRINGEMENT OF THE '163 PATENT

224. As stated above, I understand that there is no literal infringement if even one limitation recited in an asserted claim is not found in the accused product. The sections below identify specific limitations that, in my opinion, are not found in the Accused Products.

225. My opinion is that none of the Asserted Claims of the '163 Patent are literally infringed by the Accused Products for the reasons set forth below. In addition, none of the Asserted Claims are infringed under the doctrine of equivalents because the Accused Products perform a substantially different function in a substantially different way to achieve a substantially different result.

### A.  General Problems with the Singh Report Infringement Analysis of the '163 Patent

#### 1.  It Is My Understanding That The Singh Report Opinions Regarding Indirect Infringement Were Not Properly Disclosed In Apple's Infringement Contentions.

226. The opinions of the Singh Report rely on an indirect theory of infringement with respect to the method claims of the '163 Patent. The opinion, as stated by the Singh report, is that "the Samsung defendants have indirectly infringed the method claims of the '163 Patent." Singh Report at ¶ 41. However, it is my understanding that Apple's P.L.R. 3-1 infringement contentions did not previously disclose that it would be relying on this type of infringement theory with regard to the '163 Patent. The cover pleadings to Apple's infringement contentions do contain the following boiler-plate paragraph regarding indirect infringement generally:

> Samsung induces the infringement of others under 35 U.S.C. § 271(b) to the extent it contracts, instructs, or otherwise induces others to make, use, offer to sell, sell, or import the Accused Instrumentalities within or into the United States. Samsung also contributes to the infringement of others under 35 U.S.C. § 271(c) to the extent it offers to sell, sells, or imports part or all of the Accused Instrumentalities within or into the United States.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  Dated: April 16, 2012

4           By *Stephen Gray*
              Stephen Gray