Exhibit H

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE, INC., a California corporation )<br><br>Plaintiff, )<br><br>v. )<br><br>SAMSUNG ELECTRONICS CO., LTD., a )<br>Korean corporation; SAMSUNG )<br>ELECTRONICS AMERICA, INC., a New )<br>York corporation; and SAMSUNG )<br>TELECOMMUNICATIONS AMERICA, )<br>LLC, a Delaware limited liability company, )<br><br>Defendants. ) | Case No. 11-cv-01846-LHK |

**CORRECTED REBUTTAL EXPERT REPORT OF SAM LUCENTE**

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

## I.    INTRODUCTION

I, Samuel Lucente, have been retained by Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (hereinafter "Samsung") to provide opinions and testimony pursuant to Federal Rule of Civil Procedure 26(a)(2) about certain patents, trade dress and trademarks asserted by Apple, Inc. ("Apple") in the above-captioned action.

## II.    BACKGROUND/QUALIFICATIONS

I received my Bachelors of Science in Design (with high distinction) from the College of Design, Architecture, Art and Planning of the University of Cincinnati in 1981. I have worked for over thirty years as an industrial designer in the technology industry. I am currently employed as the Designer and Principal of Lucente Design, LLC. Lucente Design offers consulting and advice to clients on complex design problems. I have previously worked as a designer for IBM Corporation, Netscape Corporation, and Hewlett-Packard Corporation. In addition, I have served as a consultant for numerous other companies in the information technology and consumer electronics industries. A copy of my current *Curriculum Vitae* is attached as **Exhibit 1,** which contains a complete listing of my education and experience.

I am the author of several articles in the area of industrial design and I frequently lecture about design at industry conferences and universities. A partial list of my design-related publications and speaking engagements can be found on my *Curriculum Vitae* attached as **Exhibit 1**.

I am currently a member of the Industrial Designers Society of America (IDSA), and previously served as the At-Large Director from 2009 to 2011.

I am also the named inventor on thirty-five technology-related patents in the United States.

My consulting fee for this case is $650 per hour.

## III.    MATERIALS CONSULTED

Beyond my credentials and experience, I have considered the materials listed in attached **Exhibit 2** in forming the opinions expressed in this report. However, I am informed that depositions and document productions have not yet concluded, and that Apple has continued to produce pertinent documents after the depositions of the inventors, industrial designers, interaction designers, and other witnesses relevant to my analysis. I reserve the right to modify or supplement this report and my opinions based on additional documents, discovery responses, deposition testimony and any other evidence as this matter progresses. If necessary, I will supplement **Exhibit 2** to incorporate such additional materials.

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

## IV.    SUMMARY OF OPINIONS

For the reasons set forth in this report, I have formed the following opinions:

(1) An ordinary observer would not find the graphical user interfaces of the Accused Products[1] to be substantially the same as the D627,790, D604,305 and D617,334 patents (together, the "Design Patents").

(2) Consumers would not associate the Accused Products, the icons of the Accused Products, or the graphical user interfaces of the Accused Products with any particular source, sponsorship, affiliation, or connection other than Samsung.

This report serves as a summary of my expert opinions and testimony. I reserve the right to modify or supplement this report and my opinions based on additional documents, discovery responses, deposition testimony, and any other evidence that is introduced as this matter progresses. I further reserve the right to render opinions in response to any rebuttal opinions offered on behalf of Apple.

## V.    RELEVANT LEGAL PRINCIPLES

I am not an expert in the law of design patents, trademarks, or trade dress. However, for the purpose of rendering the opinions set forth in this report, counsel has advised me of certain legal principles relevant to my analysis.

**Design Patent Infringement**

I am informed that design patent infringement analysis is a two-step process.

First, the court must construe the claims of the design patent to determine their meaning and scope.[2]  I understand that design patents typically are claimed as shown in drawings, but that courts have an obligation to provide a verbal claim construction as well. I also understand that "[w]here a design contains both functional and nonfunctional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent."[3]  I understand that this is because design patents do not protect functional aspects of a design, only the ornamental aspects of the design.[4]

---

[1]  I am informed by counsel that Apple has claimed that the following Samsung products infringe on the D627,790, D604,305 and D617,334 patents (the "Design Patents"): Captivate, Continuum, Droid Charge, Epic 4G, Fascinate, Gem, Galaxy i9000, Galaxy S 4G, Indulge, Infuse 4G, Mesmerize, Showcase, Galaxy S Showcase i500, and Vibrant. I will refer to these products collectively throughout my report as the "Accused Products" or the "Samsung Products."

[2]  *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1404-05 (Fed. Cir. 1997).

[3]  *Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988)

[4]  *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293-94 (Fed. Cir. 2010).

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

### B.    Design Patent D604,305

According to the D'305 patent, the patent application was filed on June 23, 2007, and the patent issued on November 17, 2009. The D'305, entitled "Graphical User Interface for a Display Screen or Portion Thereof," shows two variations of the same "design," with one in color and one in black and white. The overall rectangular outline of the D'305 figures matches the rectangular outline that is centered within the larger rounded rectangular shapes in the D'790 Patent.

 

**Figs. 1 and 2 of D604,305**

Given that this patent has the same title as D'790, I once again assume for the sake of this report that the upper 12 squares with rounded corners and the lower 4 squares with rounded corners depict selectable icons on a display screen as defined in the D'790 description above. I will assume for the sake of this report that the symbols and nomenclature at the top of the large rectangular area are status indicators on a display screen.

As detailed in my invalidity report (Lucente Op. Rep. at pp. 19-24) it is my opinion that the graphical user interface design shown in D'305 patent is functional, not decorative, whether taken as individual elements or the design as a whole.

### C.    Design Patent D617,334

The D'334 patent states that the application was filed on July 15, 2008, and that the patent issued on June 8, 2010. The D'334, is entitled "Graphical User Interface for a Display Screen or Portion Thereof" like the other two design patents at issue here. The D'334 patent depicts eight variations of the same design in shades of black and white. The overall rectangular shape of the D'334 matches exactly the outline in the D'790 and D'305 Patents. In comparison

14

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

The unique icons on the first applications screen of the Droid Charge are these: AllShare, Amazon Kindle, Apps, Backup Assistant, Bitbop, Blockbuster, Browser, City ID, Daily Briefing, Desk Cradle, Contacts, and Home:



**Droid Charge**

These differences are indicative of all the Samsung Products I inspected. As a result, I believe a user who was a purchaser of the iPhone Designs, or sufficiently interested in them, and who has the capability of making a reasonably discerning decision when observing the Samsung devices would not be deceived into buying the Samsung phone thinking it to be the Apple design.

The comparison between the D305 design and the Fascinate screen above also highlights the aspect ratio differences between the Apple designs and devices and the Samsung devices. Kare acknowledges this only by stating the numbers and then dismissing the differences as insignificant (Kare ¶ 60.), but she never puts the displays next to one another to visualize and evaluate the relative and noticeable size difference. Kare is also misleading when she says that "the aspect ratios of the Samsung screens are either the same (1:1.5) or similar (1:1.67) to that of the iPhone devices (1:1.5)." (Kare ¶ 60.)  Her statement does not make clear that of all the accused Samsung devices, only the Indulge has the same aspect ratio as the Apple devices. Nor does Kare take into account the strikingly different aspect ratio of the Continuum phone's display, which has an active area incorporating the four standard soft keys and a secondary display beneath them:

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

consumer electronics. Likewise, a matrix of icons and an icon dock are largely functional features of the GUI that have been incorporated into most smartphones and tablets on the market today. The fact that the accused products employ these same features in no way suggests that Samsung had an intent to confuse consumers. Rather, Samsung, like many other participants in the marketplace, seeks to offer consumers the functionality they desire and have come to expect.

Signature executed on April 17, 2012

_____

Samuel Lucente

# EXHIBIT 11



**Gem Screen Capture**



**Gem Screen Capture**



**Gem Screen Capture**



**Gem Screen Capture**



**Gem Screen Capture**



**Gem Screen Capture**



**Gem Screen Capture**



**Gem Screen Capture**



**Gem Screen Capture**