# Exhibit B

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S INTERROGATORIES TO DEFENDANTS RELATING TO APPLE'S MOTION FOR A PRELIMINARY INJUNCTION - SET TWO (NOS. 10-14)**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER** |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Samsung
2  Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications
3  America, LLC, ("Samsung") submit the following supplemental objections and responses to
4  Plaintiff Apple Inc's ("Apple's") Interrogatories to Defendants Relating to Apple's Motion for a
5  Preliminary Injunction.
6    Samsung expressly incorporates the following General Objections as though set forth fully
7  in response to each of the following individual interrogatories and, to the extent that they are not
8  raised in any particular response, Samsung does not waive those objections.

9               **GENERAL OBJECTIONS**

10    The following general objections apply to each and every interrogatory propounded by
11 Plaintiff, and are incorporated into each of the following responses by reference as if set forth fully
12 therein:
13    1.    Samsung objects to the "Definitions" and "Instructions" contained in Apple's
14 Second Set of Interrogatories to the extent they are inconsistent with the Federal Rules of Civil
15 Procedure.
16    2.    Samsung objects to Apple's Definition of "Samsung," "You," "Your," and
17 "Defendants" as overly broad to the extent it requires Samsung to pursue information from
18 individuals no longer employed by Samsung whose data is not currently in the possession of
19 Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and
20 "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates,"
21 and also to the extent that it requires Samsung to potentially seek information from thousands of
22 people.  Samsung will respond to interrogatories based on a reasonable inquiry of individuals
23 expected to possess the requested information.
24    3.    Samsung objects to Apple's definition of "Products at Issue" as overly broad and
25 neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, insofar
26 as it seeks information about these products "as released anywhere in the world."
27    4.    Samsung objects to Apple's definition of "Hardware Design" as overly broad,
28 vague, and ambiguous insofar as it includes "all hardware, insignia or ornamentation thereon."

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1    5.    Samsung objects to these interrogatories as vague and ambiguous to the extent they include terms that are undefined.  Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

6.    Samsung objects generally to each interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.  Samsung will exchange with Apple a log of withheld documents at a time agreed to by counsel for the parties.  Samsung objects generally to the logging of privileged documents that were created on or after the date of filing of the original Complaint (on April 15, 2011). Samsung will not log privileged documents that were created on or after April 15, 2011.

7.    Samsung objects generally to the interrogatories to the extent they seek information from outside a reasonable time period or from a point other than a reasonable time, or seek information about products outside the United States.

8.    Samsung objects to these interrogatories to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

9.    Samsung objects generally to the interrogatories to the extent that they prematurely call for contentions, identification of prior art, or identification of witnesses at this stage of the litigation.

10.   Samsung objects to each interrogatory to the extent it is duplicative or cumulative of another interrogatory.

11.   Samsung objects to each interrogatory to the extent it is compound and comprises discrete subparts resulting in separate interrogatories.

12.   Samsung expressly reserves the right to respond to any or all of the interrogatories by specifying documents wherein the responsive information may be ascertained pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

13. Samsung objects generally to the interrogatories to the extent they seek confidential proprietary or trade secret information of third parties. Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

14. Samsung objects generally to the interrogatories on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

15. Samsung objects to the interrogatories on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search its facilities and inquire of their employees other than those facilities and employees that would reasonably be expected to have responsive information. Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

16. Samsung objects to the interrogatories on the grounds that they seek information already in the possession of Apple, publicly available, or as readily available to Apple as it is to Samsung.

17. Samsung objects to the interrogatories on the grounds and to the extent that they seek legal conclusions or call for expert testimony. Samsung's responses should not be construed to provide legal conclusions.

18. Samsung further objects to interrogatories Nos. 10-14 as improperly delayed. Apple has known about the Court's discovery schedule relating to Apple's motion for a preliminary injunction since July 18, 2011. While Apple had the opportunity to serve these interrogatories at an earlier time, it waited until the last possible date under the Court's Order to serve these discovery requests, along with over 60 additional document requests. These interrogatories seek information that Apple could have requested at a much earlier date. None of these interrogatories are dependent on any arguments raised in Samsung's Opposition to Apple's preliminary injunction. Therefore, Samsung objects to Apple's bad faith in delaying service of

these requests.

Subject to and without waiving the foregoing General Objections, Samsung objects as follows:

## SPECIFIC OBJECTIONS

**INTERROGATORY NO. 10:**

Describe the circumstances surrounding the development and/or design of the Hardware Design of the Products at Issue, including dates of conception of the design of the Hardware Design, the persons who were involved, and the tools or software used to create or model the design of the Hardware Design.

**OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 10:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this interrogatory on the grounds that it is vague and ambiguous with regard to the terms "Hardware Design." Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Interrogatory as overbroad in that it is not reasonably limited to the features of the Products at Issue that Apple has alleged of infringement in its preliminary injunction motion. Samsung further objects to this discovery because Apple has delayed serving this interrogatory, despite Apple's earlier knowledge of the issues raised in the interrogatory and despite the fact that Apple has known about the Court's Order governing discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

Subject to the foregoing general and specific objections, as well as the limitations articulated in correspondence between the parties' counsel, Samsung responds as follows:

The persons with direct personal knowledge of the design of the accused features of the Products at Issue are Jinsoo Kim, Jung Min Yeo, Minhyouk Lee, GiYoung Lee, Yongseok Bang, Bo-ra Kim, and Yunjung Lee. Samsung also incorporates by reference the transcript of the deposition of Samsung's Rule 30(b)(6) witness, Justin Denison, and the exhibits thereof.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

Samsung has not yet completed its discovery and investigation of the facts relating to this interrogatory. Samsung will supplement this response with a narrative, and/or with the documents reflecting this information (if any) pursuant to Federal Rule of Civil Procedure 33(d).

**SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 10:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this interrogatory on the grounds that it is vague and ambiguous with regard to the terms "Hardware Design." Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Interrogatory as overbroad in that it is not reasonably limited to the features of the Products at Issue that Apple has alleged of infringement in its preliminary injunction motion. Samsung further objects to this discovery because Apple has delayed serving this interrogatory, despite Apple's earlier knowledge of the issues raised in the interrogatory and despite the fact that Apple has known about the Court's Order governing discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

Subject to the foregoing general and specific objections, as well as the limitations articulated in correspondence between the parties' counsel, Samsung responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Samsung refers to the following documents: SAMNDCA00507842-SAMNDCA00507917; SAMNDCA00509205-00509260; SAMNDCA00507918-00507928; SAMNDCA00507933-00507959; SAMNDCA00507972-00507983; SAMNDCA00507985-00507995; SAMNDCA00507996-00508010; SAMNDCA00508023-00508036; SAMNDCA00508090; SAMNDCA00508104-00508124; SAMNDCA00508218-00508236; SAMNDCA00508238; SAMNDCA00508259-00508277; SAMNDCA00508145-00508163; SAMNDCA00508414-00508452; SAMNDCA00509279-00509316; SAMNDCA00509317-00509317.037; SAMNDCA00504151-00504171; SAMNDCA00504230; SAMNDCA00504231-00504244; SAMNDCA00504192-00504210; SAMNDCA00533211-00533215; SAMNDCA00508237; SAMNDCA00508305;

1  SAMNDCA00508312; SAMNDCA00508313; SAMNDCA00521263-00521290;

2  SAMNDCA00521558-00521564; SAMNDCA00507569; SAMNDCA00507570;

3  SAMNDCA00508198-00508208; SAMNDCA00508287-00508291; SAMNDCA00508279-

4  00508281; SAMNDCA00519609-00519617; SAMNDCA00521165; SAMNDCA00521172;

5  SAMNDCA00520508; SAMNDCA00519813-00519852; SAMNDCA00501328-00501355;

6  SAMNDCA00502075-00502080; SAMNDCA00520630; SAMNDCA00520656;

7  SAMNDCA00520709; SAMNDCA00520713; SAMNDCA00520750; SAMNDCA00504247;

8  SAMNDCA00504248; SAMNDCA00504250.

9  Samsung also incorporates by reference the transcript of the deposition of Samsung's Rule

10  30(b)(6) witness, Justin Denison, and the exhibits thereof.

11  The persons with direct personal knowledge of the design of the accused features of the

12  Products at Issue are Jinsoo Kim, Jung Min Yeo, Minhyouk Lee, GiYoung Lee, Yongseok Bang,

13  Bo-ra Kim, and Yunjung Lee.

14  Samsung has not yet completed its discovery and investigation of the facts relating to this

15  interrogatory.  Samsung will supplement this response with a narrative, and/or with the additional

16  documents reflecting this information pursuant to Fed. R. Civ. P. 33(d).

17  **INTERROGATORY NO. 11:**

18  Describe the circumstances surrounding the development and/or design of features in the

19  Products at Issue relating to: (1) the functionality that allows for a list to be scrolled beyond its

20  terminus or a document to be translated beyond its edge until the list or document is partially

21  displayed and (2) functionality that allows for a list that is scrolled beyond its terminus to scroll

22  back or bounce back into place or for a document that is translated beyond its edge to translate

23  back or bounce back so that the list or document returns to fill the screen, including dates of

24  conception of the design of the functionalities and the persons who were involved.

25  **OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 11:**

26  In addition to its General Objections above, which it hereby incorporates by reference,

27  Samsung objects to this interrogatory on the grounds that it is vague and ambiguous with regard to

28  the terms "scrolled beyond its terminus" or "translated beyond its edge."  Samsung further objects

1  to this interrogatory to the extent that it seeks to elicit information subject to and protected by the
2  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the
3  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further
4  objects to this discovery because Apple has delayed serving this interrogatory, despite Apple's
5  earlier knowledge of the issues raised in the interrogatory and despite the fact that Apple has
6  known about the Court's Order governing discovery relating to Apple's motion for a preliminary
7  injunction since July 18, 2011.

8        Subject to the foregoing general and specific objections, as well as the limitations
9  articulated in correspondence between the parties' counsel, Samsung responds as follows:

10        The persons with direct personal knowledge of the design of the accused feature for the
11  Products at Issue are Wookyun Kho, Kihyung Nam, Dooju Byun, Jaegwan Shin, Qi Ling, and
12  Jeeyeun Wang.  Samsung also incorporates by reference the transcript of the deposition of
13  Samsung's Rule 30(b)(6) witness, Justin Denison, and the exhibits thereof.

14        Samsung has not yet completed its discovery and investigation of the facts relating to this
15  interrogatory.  Samsung will supplement this response with a narrative, and/or with the documents
16  reflecting this information (if any) pursuant to Federal Rule of Civil Procedure 33(d).

17  **SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 11:**

18        In addition to its General Objections above, which it hereby incorporates by reference,
19  Samsung objects to this interrogatory on the grounds that it is vague and ambiguous with regard to
20  the terms "scrolled beyond its terminus" or "translated beyond its edge."  Samsung further objects
21  to this interrogatory to the extent that it seeks to elicit information subject to and protected by the
22  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the
23  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further
24  objects to this discovery because Apple has delayed serving this interrogatory, despite Apple's
25  earlier knowledge of the issues raised in the interrogatory and despite the fact that Apple has
26  known about the Court's Order governing discovery relating to Apple's motion for a preliminary
27  injunction since July 18, 2011.

28        Subject to the foregoing general and specific objections, as well as the limitations

articulated in correspondence between the parties' counsel, Samsung responds as follows:

Samsung incorporates by reference the transcript of the deposition of Samsung's Rule 30(b)(6) witness, Justin Denison, and the exhibits thereof.

The persons with direct personal knowledge of the design and/or development of the accused feature for the Products at Issue are Wookyun Kho, Jaegwan Shin, Qi Ling, and Jeeyeun Wang.

Samsung has not yet completed its discovery and investigation of the facts relating to this interrogatory. Samsung will supplement this response with a narrative, and/or with the documents reflecting this information (if any) pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 12:**

Identify the date(s) on which Samsung first became aware of each of the Patents in Suit, the persons at Samsung who first became aware of the aforementioned patents, and the circumstances surrounding those individuals' awareness of the aforementioned patents.

**OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 12:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this interrogatory, to the extent that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relating to Apple's motion for a preliminary injunction. Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to this discovery because Apple has delayed serving this interrogatory, despite Apple's earlier knowledge of the issues raised in the interrogatory and despite the fact that Apple has known about the Court's Order governing discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

Subject to the foregoing general and specific objections, as well as the limitations articulated in correspondence between the parties' counsel, Samsung responds as follows:

Samsung incorporates by reference the transcript of the deposition of Samsung's Rule 30(b)(6) witness, Justin Denison, and the exhibits thereof.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  Samsung has not yet completed its discovery and investigation of the facts relating to this
2  interrogatory.  Samsung will supplement this response with a narrative, and/or with the documents
3  reflecting this information (if any) pursuant to Federal Rule of Civil Procedure 33(d).

4  **SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 12:**

5  In addition to its General Objections above, which it hereby incorporates by reference,
6  Samsung objects to this interrogatory, to the extent that it is neither relevant nor reasonably
7  calculated to lead to the discovery of admissible evidence relating to Apple's motion for a
8  preliminary injunction.  Samsung further objects to this interrogatory to the extent that it seeks to
9  elicit information subject to and protected by the attorney-client privilege, the attorney work-
10 product doctrine, the joint defense privilege, the common interest doctrine, and/or any other
11 applicable privilege or immunity.  Samsung further objects to this discovery because Apple has
12 delayed serving this interrogatory, despite Apple's earlier knowledge of the issues raised in the
13 interrogatory and despite the fact that Apple has known about the Court's Order governing
14 discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

15 Subject to the foregoing general and specific objections, as well as the limitations
16 articulated in correspondence between the parties' counsel, Samsung responds as follows:

17 Samsung first became aware of U.S. Patent No. 7,469,381, on or around August 2010.
18 Samsung refers to the following documents pursuant to Fed. R. Civ. P. 33(d): APLNDC00001116;
19 APLNDC00001148; APLNDC00001152 - APLNDC00001153.

20 Samsung first became aware of design patent No. D618,677 when it was served with
21 Apple's Complaint for Patent Infringement, Federal False Designation of Origin and Unfair
22 Competition, Federal Trademark Infringement, State Unfair Competition, Common Law
23 Trademark Infringement, and Unjust Enrichment, filed on April 15, 2011 (Dkt. No. 1).

24 Samsung first became aware of design patent Nos. D593,087, and D504,889 when it was
25 served with Apple's Amended Complaint for Federal False Designation of Origin and Unfair
26 Competition, Federal Trademark Infringement, Federal Trade Dress Dilution, State Unfair
27 Competition, Common Law Trademark Infringement, Unjust Enrichment, and Patent
28 Infringement, filed on June 16, 2011 (Dkt. No. 75).

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1   Samsung also incorporates by reference the transcript of the deposition of Samsung's Rule 30(b)(6) witness, Justin Denison, and the exhibits thereof.

Samsung has not yet completed its discovery and investigation of the facts relating to this interrogatory. Samsung will supplement this response with a narrative, and/or with the documents reflecting this information (if any) pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 13:**

Identify and describe any surveys, focus groups, or market research relating to actual or prospective smartphone or tablet computer customers.

**OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 13:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this interrogatory on the grounds that it is vague and ambiguous, and overbroad to the extent that it seeks information beyond the Products at Issue in the United States, that are the subject of Apple's motion for a preliminary injunction. Samsung objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to this discovery because Apple has delayed serving this interrogatory, despite Apple's earlier knowledge of the issues raised in the interrogatory and despite the fact that Apple has known about the Court's Order governing discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

Subject to the foregoing general and specific objections, as well as the limitations articulated in correspondence between the parties' counsel, Samsung responds as follows:

Samsung incorporates by reference the transcript of the deposition of Samsung's Rule 30(b)(6) witness, Justin Denison, and the exhibits thereof.

Samsung has not yet completed its discovery and investigation of the facts relating to this interrogatory. Samsung will supplement this response with a narrative, and/or with the documents reflecting this information (if any) pursuant to Federal Rule of Civil Procedure 33(d).

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

**SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 13:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this interrogatory on the grounds that it is vague and ambiguous, and overbroad to the extent that it seeks information beyond the Products at Issue in the United States, that are the subject of Apple's motion for a preliminary injunction. Samsung objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to this discovery because Apple has delayed serving this interrogatory, despite Apple's earlier knowledge of the issues raised in the interrogatory and despite the fact that Apple has known about the Court's Order governing discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

Subject to the foregoing general and specific objections, as well as the limitations articulated in correspondence between the parties' counsel, Samsung responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Samsung refers to the following documents relating to surveys, focus groups or market research relating to the Products at Issue or Apple products: SAMNDCA00024963– SAMNDCA00025510; SAMNDCA00526031-00526050; SAMNDCA00526051-00526070; SAMNDCA00526442-00526494; SAMNDCA00526495-00526511; SAMNDCA00527738-00527801; SAMNDCA00526512; SAMNDCA00526513-00526580; SAMNDCA00526581-00526628; SAMNDCA00526629-00526681; SAMNDCA00526682-00526743; SAMNDCA00526744-00526765; SAMNDCA00526766-00526787; SAMNDCA00526887-00526933; SAMNDCA00526970-00526991; SAMNDCA00526992-00527038; SAMNDCA00527235-00527249; SAMNDCA00527360-00527373; SAMNDCA00527374-00527390; SAMNDCA00527472-00527485; SAMNDCA00527631-00527737.

Samsung also incorporates by reference the transcript of the deposition of Samsung's Rule 30(b)(6) witness, Justin Denison, and the exhibits thereof.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

Samsung has not yet completed its discovery and investigation of the facts relating to this interrogatory. Samsung will supplement this response with a narrative, and/or with the documents reflecting this information (if any) pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 14:**

Describe any instances of consumer confusion in which Samsung was made aware that a person confused an Apple product for a Product at Issue, or a Product at Issue for an Apple product.

**OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 14:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Interrogatory as overbroad in that it is not reasonably limited to the features of the Products at Issue that Apple has alleged of infringement in its preliminary injunction motion. Samsung further objects to this discovery because Apple has delayed serving this interrogatory, despite Apple's earlier knowledge of the issues raised in the interrogatory and despite the fact that Apple has known about the Court's Order governing discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

Subject to the foregoing general and specific objections, as well as the limitations articulated in correspondence between the parties' counsel, Samsung responds as follows:

This interrogatory seeks information which is irrelevant to and beyond the scope of Apple's preliminary injunction motion, and therefore, does not require a response at this time pursuant to the Court's July 18, 2011 Order. Moreover, Samsung has not yet completed its discovery and investigation of the facts relating to this interrogatory. At the appropriate time Samsung will supplement this response with a narrative, and/or with the documents reflecting this information (if any) pursuant to Federal Rule of Civil Procedure 33(d).

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

**SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 14:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Interrogatory as overbroad in that it is not reasonably limited to the features of the Products at Issue that Apple has alleged of infringement in its preliminary injunction motion. Samsung further objects to this discovery because Apple has delayed serving this interrogatory, despite Apple's earlier knowledge of the issues raised in the interrogatory and despite the fact that Apple has known about the Court's Order governing discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

Subject to the foregoing general and specific objections, as well as the limitations articulated in correspondence between the parties' counsel, Samsung responds as follows:

This interrogatory seeks information which is irrelevant to and beyond the scope of Apple's preliminary injunction motion, and therefore, does not require a response at this time pursuant to the Court's July 18, 2011 Order or September 28, 2011 Order. Moreover, Samsung has not yet completed its discovery and investigation of the facts relating to this interrogatory. At the appropriate time Samsung will supplement this response with a narrative, and/or with the documents reflecting this information (if any) pursuant to Federal Rule of Civil Procedure 33(d).

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1 | DATED: October 12, 2011           Respectfully submitted,

2                                    QUINN EMANUEL URQUHART &
3                                    SULLIVAN, LLP

4

5                                    By   /s/ Victoria Maroulis
                                          Charles K. Verhoeven
6                                         Kevin P.B. Johnson
                                          Victoria F. Maroulis
7                                         Michael T. Zeller
8                                         Attorneys for SAMSUNG ELECTRONICS CO.,
                                          LTD., SAMSUNG ELECTRONICS AMERICA,
9                                         INC. and SAMSUNG
                                          TELECOMMUNICATIONS AMERICA, LLC

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

# CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2011, I caused **SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S INTERROGATORIES TO DEFENDANTS RELATING TO APPLE'S MOTION FOR A PRELIMINARY INJUNCTION - SET TWO** with corrected confidentiality designation to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

| | |
|---|---|
| HAROLD J. MCELHINNY<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR<br>jtaylor@mofo.com<br>ALISON M. TUCHER<br>atucher@mofo.com<br>RICHARD S.J. HUNG<br>rhung@mofo.com<br>JASON R. BARTLETT<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

I declare under penalty of perjury that the foregoing is true and correct. Executed in Redwood Shores, California on October 12, 2011.

              ____/s/ Melissa N. Chan____