HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S STATEMENT REGARDING SAMSUNG'S USE OF THE 2012 SPLIT JURY VERDICT PURSUANT TO THE OCTOBER 18, 2013 PRETRIAL CONFERENCE ORDER**<br><br>Judge:    Hon. Lucy H. Koh<br>Place:    Courtroom 8, 4th Floor<br>Trial:    November 12, 2013 at 9 a.m. |

Apple submits this further statement in support of its motions[1] to preclude Samsung from using the 2012 jury's split infringement verdict as evidence of acceptable non-infringing substitutes to the patents-in-suit.[2] The Court should preclude Samsung's split verdict theory for three reasons.

***First***, the theory is incorrect as a matter of law.  The Federal Circuit expressly held in *Rite-Hite Corp. v. Kelley Co.*, 56 F. 3d 1538 (Fed. Cir. 1995) (en banc), that a proposed substitute covered by other patents of the patentee is not an "acceptable non-infringing substitute" under the second *Panduit* factor in a lost profits analysis:

> Here, the only substitute for the patented device was the ADL-100, another of the patentee's devices.  Such a substitute was not an "acceptable, non-infringing substitute" within the meaning of Panduit because, **being patented by Rite-Hite**, it was not available to customers except from Rite-Hite.  Rite-Hite therefore would not have lost the sales to a third party.  The second *Panduit* factor thus has been met.

*Id.* at 1548.  This holding is economically rational:  a product covered by another patent of the patentee is not "available" to an infringer such as Samsung.  This is true regardless whether the feature of the proposed substitute that was patented is analogous to the feature covered by the patent-in-suit.  Rather, the mere fact that the proposed substitute was covered by another of the patentee's patents was enough to remove the product from the market as an "available" substitute under the second *Panduit* factor.  *Id.*; *see also DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1331 (Fed. Cir. 2009) ("When an alleged alternative is not on the market during the accounting period, a trial court may reasonably infer that it was not available as a noninfringing substitute at that time." (quoting *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 979 F. Supp. 1233, 1353 (N.D. Ind. 1997)).

Therefore, under *Rite-Hite*, any Samsung product that was found to infringe other Apple

---

[1] *See* Apple's Motion to Strike Portions of Michael Wagner's August 25, 2013 Rebuttal Report (Dkt. No. 2381); Apple's Motion *in Limine* Regarding Design-Around Theories Not Timely Disclosed in Advance of First Trial (Dkt. No. 2403).

[2] Samsung seeks to use the jury verdict solely as evidence of the existence of adequate non-infringing alternatives to the '915, '163, and D'677 patents.  The jury found that every accused product infringed the '381 and D'305 patents.

1  patents in the first trial is neither "commercially available" nor "acceptable" during the
2  infringement period because Samsung would not have been able to sell them without a license
3  from Apple.  *See Rite-Hite*, 56 F. 3d at 1548.  Stated differently, those products would not have
4  been "on the market" during the relevant accounting period.  *DePuy Spine*, 567 F.3d at 1331.
5  Accordingly, Samsung's split verdict theory is erroneous.

6        ***Second***, any probative value that might exist from the jury's non-infringement
7  determinations is far outweighed by the unfair prejudice to Apple and the risk of jury confusion
8  that will inevitably result as the parties attempt to deconstruct the first jury's verdict.  As an initial
9  matter, the mere fact that the first jury found that certain products did not infringe a specific
10 patent does not mean that those products were determined by the jury to be ***acceptable substitutes***
11 to the patented products.  *See Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d
12 1351, 1361 (Fed. Cir. 2012) ("the mere existence of a competing device does not make that
13 device an acceptable substitute" (citation omitted)).  To be an "acceptable non-infringing
14 substitute," the substitute must have all the beneficial characteristics of the patented device.
15 *Standard Havens Prods., Inc. v. Gencor, Indus., Inc.*, 953 F.2d 1360, 1373 (Fed. Cir. 1991) ("A
16 product on the market which lacks the advantages of the patented product can hardly be termed a
17 substitute acceptable to the customer who wants those advantages.").  While the jury determined
18 that certain products did not infringe, it made no finding whatsoever that the products had all the
19 beneficial characteristics of the patented products and were ***adequate substitutes***.  Mr. Wagner's
20 and Samsung's attempt to reverse-engineer the jury's verdict to argue to the contrary is improper.
21 *See generally Econ. Lab., Inc. v. Donnolo*, 612 F.2d 405, 409 (9th Cir. 1979) (rejecting
22 appellant's argument because its "assumptions amount to nothing more than speculation as to
23 how the jury reached its verdict").  Indeed, Mr. Wagner admitted during his deposition that he has
24 no way of knowing whether the jury found the non-infringing products to be acceptable
25 substitutes.  (Dkt. No. 2382-5 at 799:22-801:14.)  The jury could have found non-infringement
26 for any number of reasons, including if it found that the accused products ***did not perform the***
27 ***required functions at all***.  As Mr. Wagner concedes, in that scenario his split verdict theory is
28 undoubtedly incorrect.  (*Id*. at 801:2-6 ("Q:  If that's what the jury found [that the products did

APPLE'S STATEMENT REGARDING SAMSUNG'S USE OF THE 2012 SPLIT JURY VERDICT
Case No. 11-cv-01846-LHK (PSG)
sf-3346106

2

not perform the required functions at all], the absence of the function would not be an acceptable

2 noninfringing alternative; correct?  A:  If you asked me to accept your assumption, that would be

3 true.").)

4        The law prohibits Mr. Wagner and Samsung from speculating about the jury's non-

5 infringement verdict because no one really knows what happened in the jury room and the parties

6 are wholly precluded from presenting any evidence of what the jury actually did.  *See* Fed. R.

7 Evid. 606(b) (precluding a party from inquiring into a "juror's mental processes concerning the

8 verdict").  Allowing Mr. Wagner to provide his own reverse-engineering of the jury verdict

9 without any opportunity for Apple to impeach Mr. Wagner with evidence of what the jury

10 actually did—because no such evidence exists or could ever exist—is highly prejudicial to Apple.

11 It is also likely to confuse the new trial jury.  This is particularly true because nearly all of the

12 alleged alternatives are the same products for which the new trial jury must itself award damages.

13 It will be confusing for the jury to be told that a particular product is simultaneously infringing

14 and available as a non-infringing substitute.  The Court will be giving what amounts to

15 conflicting instructions to the jury.

16        At the hearing last week, Samsung suggested that the jury was entitled to know "the truth"

17 and the "truth" is that certain products were found not to infringe.  Employing that logic, the new

18 jury should also be told that the earlier jury found that Apple was entitled to its lost profits for

19 Samsung's infringement of several patents-in-suit and that Samsung's infringement was

20 subjectively willful.  The jury's lost profits award necessarily included a determination that there

21 was consumer demand for the patented features.  (*See* Dkt. No. 1903 at 50 (Final Jury Instruction

22 No. 36:  "You must allocate the lost profits based upon the customer demand for the patented

23 feature of the infringing products.  That is, you must determine which profits derive from the

24 patented invention that Samsung sells, and not from other features of the infringing products.").)

25 It also necessarily included a finding that there were no adequate non-infringing substitutes for

26 those infringing products.  (*See id.* at 51 (Final Jury Instruction No. 37:  "Apple is entitled to lost

27 profits if it proves all of the following . . . that there were no non-infringing substitute for each of

28 the infringing products . . . .").)  It would be highly prejudicial to Apple to permit ***Samsung*** to

APPLE'S STATEMENT REGARDING SAMSUNG'S USE OF THE 2012 SPLIT JURY VERDICT
Case No. 11-cv-01846-LHK (PSG)
sf-3346106

3

reverse-engineer its favored portions of the jury's verdict without allowing *Apple* to use the verdict as well.

*Third*, Samsung's new theory is precluded by (i) the Court's prior order and (ii) Samsung's own failure to disclose the split verdict theory previously. (i) The Court has already precluded Samsung from offering evidence of design-arounds to the '163 patent. (*See* Dkt. No. 1545 at 4:24-25 (Samsung is precluded from "***all design around evidence for these two patents ['381 and '163]***." (emphasis added).) The Court's order still stands and Samsung should not be permitted to circumvent it in the new trial. (ii) Samsung does not dispute that it failed to provide written disclosure of its split verdict theory until *after* the first trial when it served the new trial report of Mr. Wagner. Instead, Samsung contends that Mr. Wagner disclosed the theory on direct examination during the first trial. (Dkt. No. 2523 at 10:9-10 (citing Trial Tr. 3038:4-19).) But Rule 26 requires disclosure of expert opinions through a "***written report***" and does not permit experts to introduce opinions for the first time on direct examination. Fed. R. Civ. P. 26(a)(2)(B) (emphasis added); *Atmel Corp. v. Info. Storage Devices, Inc.*, 189 F.R.D. 410, 411 (N.D. Cal. 1999) (Alsup, J.) (expert may not disclose new theories on direct examination). Furthermore, even if Mr. Wagner were permitted to circumvent Rule 26's written disclosure requirement, no Samsung technical expert has ever opined on the effect of the jury's verdict and Mr. Wagner has admitted that he has no technical expertise to offer an opinion regarding the functionalities of the products found to be non-infringing. (Dkt. No. 2382-5 at 802:20-803:9.) The Court has ruled that Mr. Wagner and Samsung's other experts are limited to the theories expressed in their first reports. (Dkt. No. 2316 at 3.) The Court should continue to enforce that rule and not absolve Samsung from its failure to raise a theory that it could have timely disclosed in the first instance.[3]

For the foregoing reasons, the Court should preclude Samsung from offering at trial its split verdict theory with respect to any of the products found to be non-infringing.

---

[3] Samsung suggests that Ms. Davis likewise assumes that the split verdict "prove[s] the existence of design arounds." (Dkt. No. 2469 at 2:1.) Ms. Davis does no such thing. Rather she simply uses the new fact of non-infringement to adjust her damages calculations so that Apple does not claim damages for products found to not infringe. (*See* Davis Rpt. ¶ 92.)

| | | |
|---|---|---|
| 1 | Dated: October 21, 2013 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: */s/ Harold J. McElhinny* |
| 4 | | HAROLD J. McELHINNY |
| 5 | | Attorneys for Plaintiff<br>APPLE INC. |

APPLE'S STATEMENT REGARDING SAMSUNG'S USE OF THE 2012 SPLIT JURY VERDICT
Case No. 11-cv-01846-LHK (PSG)
sf-3346106

5