UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, ) | Case No.: 11-CV-01846-LHK |
| Plaintiff, ) | |
| v. ) | ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO STRIKE PORTIONS OF UPDATED EXPERT REPORTS ON DAMAGES |
| SAMSUNG ELECTRONICS CO., LTD., a ) Korean corporation; SAMSUNG ) ELECTRONICS AMERICA, INC., a New York ) corporation; SAMSUNG ) TELECOMMUNICATIONS AMERICA, LLC, ) a Delaware limited liability company, ) | |
| Defendants. ) | |

Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") move to strike portions of the expert report of Julie L. Davis, Apple's substitute expert on damages. Apple, Inc. ("Apple"), in turn, moves to strike portions of the updated expert report of Michael J. Wagner, Samsung's rebuttal expert on damages. The Court addressed several aspects of these Motions in its October 18, 2013 Pretrial Conference Order. ("October 18 Order") ECF No. 2552. The instant Order addresses most, but not all, of the additional issues raised in the Motions to Strike. For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Samsung's Motion to Strike, and GRANTS IN PART and DENIES IN PART Apple's Motion to Strike.

1

I.   **BACKGROUND**

On March 1, 2013, this Court issued an Order granting a partial retrial in this case limited to the issue of damages for certain products and patents. ("March 1 Order") ECF No. 2271 at 26. The purpose of the retrial is to determine damages for this narrower subset of products and patents based on corrected assumptions about the dates on which Samsung first had notice that its products infringed Apple's intellectual property, and thus became liable for infringement damages under 35 U.S.C. § 287(a). *See also* March 1 Order at 15-26 (concluding that the 2012 jury's damages award was based, in part, on incorrect notice dates and analyzing which portions of the award had to be vacated as a result).

The Court has ruled that the evidence to be presented at the upcoming retrial should hew as closely as possible to that presented at the original trial—with the exception of the corrected notice dates—and has thus generally barred the parties from conducting supplemental discovery or attempting to present exhibits or witnesses that were not timely disclosed and admissible at the previous trial. *See, e.g.*, ECF No. 2369 at 2; ECF No. 2316 at 2-3. However, because Apple's damages expert, Terry Musika ("Musika"), passed away in December 2012, the Court has permitted Apple to substitute a new damages expert, Julie Davis ("Davis"), for Musika. ECF No. 2316 at 3. The Court has also permitted Samsung's damages expert, Michael Wagner ("Wagner"), to file an Updated Report rebutting Davis's conclusions. *Id.*

In allowing the parties to file new expert reports, the Court made clear that it was not granting either side an opportunity to expand the scope of the retrial. As "[t]he sole purpose of the [re]trial is to correct the erroneous notice dates," the Court prohibited the parties from relying on "(1) new sales data . . . (2) new products; and (3) new methodologies or theories." *Id.* To help enforce these limitations, the Court permitted each side to file a Motion to Strike portions of the new expert reports that did not conform to this Court's Orders. *Id.*

Apple and Samsung filed their Motions to Strike on August 30, 2013. ("Samsung Mot.") ECF No. 2386; ("Apple Mot.") ECF No. 2381. The parties' submissions included copies of Davis's Report, ("Davis Rep.") Becher Decl. Ex. 1, ECF No. 2386-2; Musika's Original Report, ("Musika

2

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO STRIKE PORTIONS OF UPDATED EXPERT REPORTS ON DAMAGES

1  Orig. Rep.") Becher Decl. Ex. 2, ECF No. 2386-3; Musika's Supplemental Report, ("Musika Supp.

2  Rep.") Becher Decl. Ex. 3, ECF No. 2386-4; and Wagner's Updated Report, ("Wagner Updated

3  Rep.") Olson Decl. Ex. A, ECF No. 2388-1. Wagner's Original Report ("Wagner Orig. Rep.") and

4  Supplemental Report ("Wagner Supp. Rep.) are already on file with the Court. *See* ECF No. 1060-

5  37 (Wagner Orig. Rep.); ECF No. 939-4 (Wagner Supp. Rep.). Apple and Samsung filed their

6  Oppositions to one another's Motions to Strike on September 12, 2013. ("Apple Opp'n") ECF No.

7  2407-3; ("Samsung Opp'n") ECF No. 2399. Replies were filed on September 19, 2013. ("Apple

8  Reply") ECF No. 2428; ("Samsung Reply") ECF No. 2432.

9      The Court held a hearing on these and other motions on October 10, 2013. ECF No. 2516.

10 A further hearing and pretrial conference were held on October 17, 2013. ECF No. 2552. At the

11 October 17 hearing, the Court issued a number of rulings that pertain to the pending motions to

12 strike, which are memorialized in the Court's October 18 Order. *Id.* Having considered the

13 submissions of the parties, the parties' oral arguments, the record in this case, and the relevant law,

14 the Court now rules as follows.

15 **II.    LEGAL STANDARD**

16     As stated above, this Court's March 1 Order granted a limited retrial to correct the notice

17 dates for damages for certain products and certain patents. To create a consistent record for

18 appellate review of the 2012 trial and the upcoming limited retrial, the Court has attempted to

19 ensure that the issues and evidence in both the 2012 trial and upcoming limited retrial are

20 substantially the same. In order to do so, the discovery deadlines for the upcoming limited retrial

21 have been set, to the fullest extent possible, as of the beginning of the first trial. This evidentiary

22 cut-off was also set in the interest of fairness to the parties and in light of the need to make efficient

23 use of the Court's limited resources.

24     While the Court acknowledges that imposing this cut-off inevitably results in the exclusion

25 of some amount of relevant, probative evidence, the Court finds that fairness, efficiency, and the

26 need for a coherent record on appeal outweigh any harm caused by this exclusion for the majority

27 of categories of trial and post-trial evidence the parties now seek to introduce. The Court has broad

28

3

discretion to manage the conduct of a trial and the evidence presented by the parties—both under the Federal Rules of Evidence, and as part of the Court's inherent authority—and the Court finds that the exercise of this discretion to exclude the parties' experts' reliance on certain evidence is necessary to the efficient management of this trial and is in the interests of justice. *See, e.g.*, Fed. R. Evid. 403 (Court may exclude relevant evidence, the probative value of which is nevertheless substantially outweighed by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence"); *Navellier v. Sletten*, 262 F.3d 923, 941-42 (9th Cir. 2001) (imposing limits on the parties' presentation of evidence is within "the broad discretion that the district court had to manage the trial"); *Abbott Labs. v. Brennan*, 952 F.2d 1346, 1351 (Fed. Cir. 1991) ("It is improper on appeal to disturb a district court's trial management, absent a clear abuse of judicial discretion."); *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 899 F.2d 1171, 1177 (Fed. Cir. 1990) (per curiam) ("A trial court has broad discretionary authority in managing the litigation before it . . . ."); *United States v. Hearst*, 563 F.2d 1331, 1349 (9th Cir. 1977) (Federal Rules of Evidence "confer broad discretion on the trial judge to exclude evidence on any of the grounds specified in Rule 403").

In deciding whether to enforce the discovery deadlines, the Court has conducted the balancing required in Federal Rule of Evidence 403. The probative value of certain evidence may be so compelling that it substantially outweighs the remaining Rule 403 factors and justifies a deviation from the 2012 trial record. However, in most instances the remaining Rule 403 factors substantially outweigh the probative value of the evidence sought to be introduced, and deviation from the 2012 trial record is not justified. Each of the rulings below is consistent with this Court's balancing of the factors set forth in Rule 403.

### III. SAMSUNG'S MOTION TO STRIKE

#### A. Design Around Period

The Court will address Samsung's Motion to Strike Davis's calculations based on design around periods beginning on the dates Samsung first had notice of Apple patents in a separate written order.

4

### B. Apple's Sales Capacity

As stated in the October 18 Order, Samsung's Motion is GRANTED "with respect to Davis's conclusions concerning Apple's capacity to meet demand for the iPhone 4 with iPhone 4's from June to October 2010. Davis may not offer any testimony that Apple had available inventory of iPhone 4's in this period." October 18 Order at 4.

### C. Infringer's Profits

Samsung contends that Davis introduces two theories of infringer's profits—one based on "incremental profits," and one based on revenue—that did not appear in Musika's Reports. Samsung Mot. at 5. With regard to "incremental profits," while Musika calculated the total incremental profits for all Samsung products, including those not at issue in the original trial, he did not calculate incremental profits for any individual product, or for the accused products as a group. *See* Musika Orig. Rep. Ex. 50-S; Trial Tr. at 2058:4-6. Further, Musika did not present any calculations of infringer's profits based on incremental profits to the jury. Davis's Report, by contrast, presents incremental profit-based calculations of infringer's profits, both on a product-by-product basis and for the accused products at issue in the retrial as a group. Davis Rep. Exs. 18.1-PT-I, 50.1-PT–50.9-PT; Becher Decl. Ex. 5 at 274:4-19.

In response, Apple argues that Davis's incremental profits calculations are not new, because both Musika and Davis relied on the same underlying data and methodology to calculate incremental profits. Apple Opp'n at 4-5. Davis's calculations are not new, in Apple's telling, because they are merely an "application of Mr. Musika's methods to the relevant subset of facts." *Id.* at 5. Apple asserts that, in any event, Davis does not intend to present a damages amount based on incremental profits at trial. *Id.*

Whether or not Musika had the underlying data necessary to perform the incremental profits calculations Davis now includes in her Report, the fact is that Musika did not perform those calculations (or if he did, he did not include them in his Reports). The incremental profits calculations are therefore new. Moreover, though Apple attempts to diminish the extent to which Davis's incremental profits calculations could substantively impact the retrial by disavowing any

5
Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO STRIKE PORTIONS OF UPDATED EXPERT REPORTS ON DAMAGES

intent to present a damages estimate incorporating incremental profits to the jury, this disavowal only raises the further question of why these calculations appear in Davis's Report in the first place. As the product-by-product and overall accused-product incremental profits calculations do not appear in Musika's Reports, and as Apple fails to provide any persuasive reason why these calculations are needed when Apple disavows any intent to present them to the jury, the Court GRANTS Samsung's Motion to Strike Davis's estimates of infringer's profits based on her calculations of Samsung's incremental profits.

Regarding Davis's inclusion of a calculation of infringer's profits using revenue, although Samsung concedes that this calculation appeared in Musika's Reports, Samsung argues that it should nevertheless be stricken from Davis's Report because Musika did not present this calculation to the jury. Samsung Mot. at 5. The Court has already ruled that experts may testify about theories in their 2012 expert reports even if the experts did not testify about the theories during the 2012 trial. *See* ECF No. 2369 at 2 ("Any exhibits and witnesses that were timely disclosed and admissible at the first trial are admissible in the new trial."). Because the revenue-based infringer's profits calculation appeared in Musika's Reports, Davis may include it in her Report. Samsung's Motion to Strike Davis's calculation of infringer's profits based on revenue is therefore DENIED.

### D. Patent Descriptions

As stated in the October 18 Order, "Samsung's Motion is GRANTED with respect to Davis's patent descriptions. Davis will adopt the patent descriptions used in Terry Musika's original 2012 expert reports. Samsung stipulates that it will not use Davis's adoption of Musika's patent descriptions as a basis for attacking Davis's testimony on cross-examination." October 18 Order at 4.

### E. Previously Excluded Testimony

Samsung next objects to the section of Davis's Report that recounts "the complete history of Judge Grewal's order compelling Samsung to produce financial documents, Samsung's production of such documents, and Judge Grewal's imposition of sanctions." Samsung Mot. at 6.

6
Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO STRIKE PORTIONS OF UPDATED EXPERT REPORTS ON DAMAGES

1    Samsung notes that this Court previously excluded Musika from testifying about Samsung's

2    "discovery sanctions and violations of discovery orders," ECF No. 1668 at 1-2, and argues that

3    Davis's references to this inadmissible testimony should therefore be stricken from her Report. *See*

4    Samsung Mot. at 6; *see also* ECF No. 2316 at 2 (April 29, 2013 Case Management Order stating

5    that "[t]he Court's prior rulings on the parties' . . . evidentiary objections will remain in effect as

6    law of the case" in the retrial).

7    Apple counters that this Court's prior evidentiary ruling left open the possibility that Apple

8    could introduce evidence regarding Samsung's discovery conduct if Samsung "open[ed] the door."

9    ECF No. 1668 at 2; *see also* Apple Opp'n at 5. Apple affirms that it has no intent of introducing

10   evidence of Samsung's discovery sanctions or violations of court orders on retrial, but asks that

11   Davis's discussion of Samsung's discovery conduct remain in her Report lest Samsung "open[] the

12   door" to such testimony. Apple Opp'n at 5.

13   Although Musika's Supplemental Report did contain an account of the history of

14   Samsung's production of financial data, *see* Musika Supp. Rep. ¶¶ 29-39, the Court prohibited

15   Musika from testifying as to this history at the first trial, ECF No. 1668 at 1-2, and it will not allow

16   Davis to testify as to this history now. Given that Davis may not present testimony related to the

17   history of Samsung's production of financial data, there is no reason for this history to appear in

18   her Report. As in the first trial, the Court will consider admitting testimony relating to Samsung's

19   discovery conduct if Samsung opens the door to such testimony. However, even if Samsung does

20   so, Apple must move for permission to introduce this testimony. Samsung's Motion to Strike

21   portions of Davis's Report related to Samsung's discovery conduct is GRANTED.

22   Samsung additionally objects to Davis's analysis of Apple's alleged irreparable harm on the

23   ground that the Court previously excluded Musika's opinions on this issue. Samsung Mot. at 6

24   (citing ECF No. 1157 at 13 (granting Motion to Exclude Musika's opinions on irreparable harm)).

25   Apple responds that it does not intend to introduce evidence of irreparable harm at trial, adding that

26   Davis's irreparable harm opinions are offered solely in case "the Federal Circuit remands for

27   further consideration of a permanent injunction." Apple Opp'n at 5. The Court sees no need for

28   

7
Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO STRIKE PORTIONS OF UPDATED
EXPERT REPORTS ON DAMAGES

1    Davis to include material in her Report that Apple concedes will play no role at the retrial; should

2    Davis need to present opinions on irreparable harm in the future, Apple can simply resubmit this

3    portion of her Report at that time. Samsung's Motion to Strike Davis's irreparable harm opinions is

4    thus GRANTED.

5         Samsung finally objects to Davis's opinion that "Samsung has not met its burden of proving

6    that [Samsung's costs] are deductible." Samsung Mot. at 6. As with irreparable harm, the Court

7    previously excluded Musika's opinions on this subject. *See* ECF No. 1157 at 13 (granting Motion

8    to Exclude Musika's opinions on Samsung's satisfaction of its burden of proof concerning costs).

9    Apple does not articulate, and the Court does not perceive, any legitimate basis for retaining

10   Davis's opinion regarding Samsung's burden of proof. Accordingly, the Court GRANTS

11   Samsung's Motion to Strike to Davis's opinions concerning irreparable harm and Samsung's

12   burden of proof.

13       **F.**     **New Evidence**

14        Finally, Samsung objects to Davis's reliance on supposedly new evidence, in violation of

15   this Court's order that Apple's expert "may not draw upon new data." ECF No. 2316 at 3; *see also*

16   Samsung Mot. at 6-7. Samsung identifies the following categories of new evidence in Davis's

17   Report: (1) documents concerning demand for Apple's patented products not referenced in

18   Musika's Reports, *see* Samsung Mot. at 6-7 & nn.7-8; (2) deposition transcripts and testimony not

19   referenced in Musika's Reports, *see id.* at 7 & n.9; and (3) testimony of various witnesses at the

20   first trial, *see id.* at 7.[1]

21        In charts submitted as part of Apple's Exhibits accompanying its Opposition to Samsung's

22   Motion to Strike, Apple claims that many of the documents Samsung identifies as not being

23   referenced in Musika's Reports are not, in fact, "new." *See* ("Robinson Decl.") ECF 2407-4 at Exs.

24   E, F, G. First, Apple notes that some of the "new" documents on which Davis relies are mentioned

---

[1] Samsung also appears to object to Davis's reliance on documents that Musika referenced in his Reports, but on which he did not rely in his trial testimony. *See* Samsung Mot. at 7. As discussed above, however, Davis may rely on calculations or other materials that appeared in Musika's Reports, even if Musika did not subsequently reference those calculations or materials at trial. *See supra* Part II.C

8

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO STRIKE PORTIONS OF UPDATED
EXPERT REPORTS ON DAMAGES

in Exhibits 3 and 3-S to Musika's Reports. *See, e.g.*, Robinson Decl. Ex. E at 6. Exhibits 3 and 3-S are each titled "Documents Considered" and list the documents on which Musika ostensibly relied in preparing his Reports. The Court disagrees that the mere citation of a document in the "Documents Considered" exhibits is a sufficiently meaningful reference to warrant Davis's reliance on the document now. The Documents Considered exhibits identify thousands of documents; Exhibit 3, in particular, is a 51-page chart identifying most documents solely by a starting Bates Number without any description of the documents' contents or their relevance to Musika's opinions. Whereas many, if not most, of the documents identified in these exhibits were never expressly cited, referenced, or relied upon in the Musika Reports, Davis explicitly cites to and relies on these documents in the body of her Report. The Court thus concludes that Davis's reliance on documents whose previous appearance was limited to a fleeting identification of a starting Bates Number in the Documents Considered exhibits is new for all practical purposes, and therefore GRANTS Samsung's Motion to Strike Davis's references to such documents.

Second, Apple notes that some of the "new" documents on which Davis relies are referenced in exhibits in which Musika identifies the documents he relied upon in concluding that there was demand for Apple's patented products during the infringement period (Exhibits 24, 25, 24-S, and 25-S). *See, e.g.*, Robinson Decl. Ex. F at 1. The Court concludes that Musika's reliance on these documents is sufficiently explicit and substantive that Davis may rely on these documents in her Report. Unlike the Documents Considered exhibits, Musika expressly stated in the body of his Reports that he relied on the documents in Exhibits 24, 25, 24-S, and 25-S in calculating demand for Apple's products. *See, e.g.*, Musika Orig. Rep. ¶ 121. Moreover, Exhibits 24, 25, 24-S, and 25-S contain detailed annotations that identify the nature and source of the documents, quote relevant text from the documents, and highlight the relevance of the documents in showing demand. *See, e.g.*, Musika Orig. Rep. Ex. 24. These exhibits are far more informative and substantive than the Documents Considered exhibits, such that the Court concludes that they make a substantive contribution to Musika's Reports. Accordingly, Samsung's Motion to Strike Davis's references to this category of documents is DENIED.

9

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO STRIKE PORTIONS OF UPDATED EXPERT REPORTS ON DAMAGES

Third, Apple contends that some of the documents on which Davis relies are not "new" because they appear in Exhibit 53-S to Musika's Supplemental Report. *See, e.g.*, Robinson Decl. Ex. G at 4. The Court agrees. While the text of Musika's Supplemental Report describes Exhibit 53-S in fairly generic terms, *see* Musika Supp. Rep. ¶ 43 ("I have also incorporated [evidence post-dating Musika's Original Report] into Exhibit 53-S to support and confirm opinions expressed in my Original Expert Report."), the Exhibit itself is substantive. Similarly to Exhibits 24, 25, 24-S, and 25-S, Exhibit 53-S identifies the nature and source of the documents and quotes relevant segments of the documents. Accordingly, the Court concludes that Musika substantively relied on and explained his reliance on Exhibit 53-S and DENIES Samsung's Motion to Strike references to these documents from Davis's Report.

### G. Portions of Davis's Report Not Specifically Discussed in Samsung's Motion

Samsung provided the Court with a copy of Davis's Report highlighting the content Samsung asks the Court to strike. *See* Becher Decl. Ex. 1. Apple objects to many of Samsung's highlighted selections—identified in Exhibits F and G to Apple's Opposition, *see* Robinson Decl. Exs. F, G—on the ground that Samsung does not specifically mention these selections in the body of its Motion to Strike; Apple claims that Samsung's objections to these highlighted selections are "wholly unsupported." Apple Opp'n at 7. The Court's review of these supposedly "unsupported" objections reveals, however, that the portions of Davis's Report that Samsung highlights, but does not expressly discuss, are all plainly further examples of the types of opinions, calculations, or references that Samsung objects to in the body of its Motion to Strike. For instance, although Apple claims that Samsung's objection to Paragraph 72 of Davis's Report is "unsupported," Robinson Decl. Ex. F at 1, it is clear that Samsung wishes to strike this paragraph because the paragraph discusses Davis's incremental profits calculations, to which Samsung objects for the reasons discussed *supra* Part II.C. The Court finds that Samsung's highlighted objections to Davis's Report are adequately supported, and thus the Court's rulings on Samsung's Motion to Strike apply to all objections identified in the highlighted version of Davis's Report, not solely to those portions of the Report expressly discussed in the body of Samsung's Motion to Strike.

## IV. APPLE'S MOTION TO STRIKE

### A. "Summation Method"

Apple asks the Court to strike several opinions, figures, and exhibits from Wagner's Updated Report on the ground that these materials introduce a new "summation method" in calculating Samsung's expenses. Apple Mot. at 4:5-7; 5:23-24. The Court fails to see how exactly this "summation method" is new, as Wagner's Original Report also included summations of the expense variables to which Apple now objects. *See* Wagner Orig. Rep. Scheds. 5.4, 5.5. Although Apple contends that Wagner conceded that the "summation method" was new at his deposition, a review of the deposition excerpts Apple cites in support of this contention reveals that Wagner did not concede that he had failed to perform these summation calculations in his Original Report. To the contrary, Wagner stated in his deposition that while he had not previously used the term "summation method" in his Original Report, he had performed the underlying calculations. *See* Olson Decl. Ex. B at 935:9-936:7. Because Wagner used this "summation method" in his Original Report, the Court finds that it is not a new method and DENIES Apple's Motion to Strike portions of Wagner's Updated Report that rely on this method.

### B. Notice Date Assumptions

The Court will address Apple's Motion to Strike portions of Wagner's Updated Report that employ notice dates different from those identified in the Court's March 1 Order on damages in a separate written order.

### C. Opinions Based on Post-Trial Evidence

Apple objects to numerous portions of Wagner's Updated Report on the ground that they rely on post-trial evidence. In particular, Apple objects to: (1) Wagner's opinions regarding Samsung's fixed and variable costs based on evidence gathered from Samsung employees post-trial, Apple Mot. at 3:13-17; (2) Wagner's reasonable royalty opinions based on a November 2012 settlement between HTC and Apple, *id.* at 4:13-15 4:19-21; 6:3-5; (3) Wagner's opinions based on a May 2013 U.S. Senate hearing regarding Apple's taxes, *id.* at 4:15-16; (4) Wagner's reference to this Court's December 2012 denial of Apple's request for a permanent injunction, *id.* at 2:4-6;

11
Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO STRIKE PORTIONS OF UPDATED EXPERT REPORTS ON DAMAGES

<mark>Case5:11-cv-01846-LHK Document2575 Filed10/22/13 Page12 of 18</mark>

1  4:10-11; 6:6-7; and (5) Wagner's opinions regarding design around periods based on post-trial

2  patent reexaminations of the patents at issue, *id.* at 2:7-9; 6:8-10; 6:17-18.

3        The Court addressed Apple's objections to Wagner's reliance on most of this post-trial

4  evidence in the October 18 Order, albeit in the context of Apple's Motions to Exclude Samsung

5  Witnesses and Exhibits. Accordingly, for the reasons stated in the record and in the October 18

6  Order, and based on Federal Rule of Evidence 403 balancing: (1) Apple's Motion to Strike

7  Wagner's opinions based on the HTC settlement agreement is tentatively GRANTED, October 18

8  Order at 3; (2) Apple's Motion to Strike Wagner's opinions based on the May 2013 Senate hearing

9  on Apple's taxes is DENIED insofar as Wagner may rely during the retrial on tax *data* included in

10  the Senate report, but GRANTED insofar as Wagner may not refer to the Senate investigation and

11  hearing on Apple's tax practices, *id.*; (3) Apple's Motion to Strike Wagner's opinions based on this

12  Court's Order denying Apple's request for a permanent injunction is GRANTED, *id.* at 4; and (4)

13  Apple's Motion to Strike Wagner's opinions based on post-trial patent reexaminations is

14  GRANTED, *id.* at 2, 3. Apple's Motion to Strike Wagner's opinions regarding Samsung's fixed

15  and variable costs based on evidence gathered from Samsung employees post-trial is also

16  GRANTED, as reliance on evidence gathered post-trial violates this Court's orders establishing

17  that the updated expert reports on damages were not to include new methodologies, theories, or

18  data. *See, e.g.*, ECF No. 2316 at 3.

19      **D.**    **Opinions Based on the Jury's Noninfringement Findings**

20        The Court will address Apple's Motion to Strike Wagner's design around theories based on

21  the 2012 jury's noninfringement findings in a separate written order.

22      **E.**    **D'305 Patent Royalty**

23        Apple objects to Wagner's calculation of a "$251,580 paid-up royalty for the D'305

24  Patent," claiming that this calculation did not appear in Wagner's Original Report. Apple Mot. at

25  5:27-6:3; 7:3-5; 7:12-14. Samsung responds that the underlying data needed to perform this

26  calculation was disclosed in Wagner's Original Report, and that the calculation therefore is not

27  "new." Samsung Opp'n at 2-3. As discussed above, however, *see supra* Part II.C, the Court is of

28

12
Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO STRIKE PORTIONS OF UPDATED
EXPERT REPORTS ON DAMAGES

the opinion that previously unperformed calculations are "new" for purposes of this retrial, irrespective of whether the underlying data needed to perform those calculations was available at the first trial. Accordingly, the Court GRANTS Apple's Motion to Strike Wagner's $251,580 royalty calculation for the D'305 Patent.

### F. Samsung's Expenses

Apple next asks the Court to strike portions of Wagner's Updated Report that discuss Samsung's deductible expenses in terms of "directly attributable" expenses. Apple Mot. at 5:6-22. Because Wagner referred to these expenses in terms of "direct" and "indirect" expenses in his Original Report, Apple argues, in essence, that Wagner is stuck with that terminology now. In response, Samsung defends the updated "directly attributable" terminology as an effort to conform Wagner's terminology to that used in the first trial's jury instructions "to avoid any potential confusion." Samsung Opp'n at 4. Rewording Wagner's Updated Report to copy the 2012 jury instructions' vocabulary verbatim is not within the scope of this Court's Order allowing the parties to file supplemental expert reports, *see* ECF No. 2316 at 3, and the Court accordingly GRANTS Apple's Motion to strike the new "directly attributable" terminology from Wagner's Updated Report.

### G. Retail Pricing Data

As stated in the October 18 Order, Apple's Motion to Strike Wagner's updated retail pricing analysis is GRANTED. October 18 Order at 4.

### H. D'677 Patent Royalty

In his Updated Report, Wagner calculates a $3.81 per unit reasonable royalty rate for the D'677 Patent. Wagner Updated Rep. ¶ 583. Apple objects that this calculation is both new and based on a methodology this Court previously excluded in its *Daubert* ruling in the first trial. Apple Mot. at 7:14-19 (citing ECF No. 1157 at 9-10). Samsung concedes that the D'677 Patent royalty calculation is new, but argues that it is merely "updated to conform to the Court's *Daubert* Order." Samsung Opp'n at 5. Samsung does not concede that the royalty calculation is based on a methodology this Court previously excluded under *Daubert*. *Id.*

13
Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO STRIKE PORTIONS OF UPDATED EXPERT REPORTS ON DAMAGES

1     Regardless of whether the new D'677 Patent royalty rate was calculated using an excluded

2 methodology, it is not appropriately included in Wagner's Updated Report. The purpose of

3 allowing Wagner to file an Updated Report was to respond to Davis's Report with its corrected

4 notice dates, not to allow Wagner (or Davis, for that matter) to remedy other deficiencies in

5 Wagner's 2012 Reports. Samsung fails to explain how the updated D'677 Patent royalty rate

6 responds to anything in Davis's Report, and, accordingly, the Court GRANTS Apple's Motion to

7 Strike Wagner's updated D'677 Patent royalty calculations.

### I. Gem Units

The court will address Apple's Motion to Strike Wagner's updated damages calculations for the Gem phone in a separate written order.

### J. Remaining Portions of Wagner's Report

Finally, Apple objects to a variety of paragraphs of Wagner's Updated Report on the generic basis that they contain "new" and "modified" opinions, sources, and/or data. *See* Apple Mot. at 2:9-11; 2:15-16; 3:9-13; 3:18-23; 4:2-4; 4:7-9; 4:11-13; 4:17-19; 4:21-22; 5:4-6; 6:14-16; 7:5-11. Samsung responds that these paragraphs do not contain new sources or data, and that to the extent they contain "new" or "modified" opinions, those opinions are intended as responses to opinions contained in Davis's Report. *See* ("Alden Decl.") ECF No. 2399-1 at Ex. 1.

As an initial matter, Apple argues that the Court should not even consider Samsung's objections to Apple's Motion to Strike these portions of Wagner's Updated Report, because Samsung stated these objections in a chart accompanying its Opposition to Apple's Motion to Strike and not in the body of its Opposition brief. Apple Reply at 4. The Court rejects this argument. For one thing, the Court notes that Apple made arguments in its own Opposition to Samsung's Motion to Strike that appeared only in charts accompanying the Opposition brief as exhibits. *See supra* Part II.F. Further, the Court notes that the opening brief in Apple's Motion to Strike was itself presented in chart form, and thus Apple's concern that Samsung's Opposition evades this Court's page limits rings more than a little bit hollow. Apple can hardly object, at least not reasonably, to the precise conduct it commits elsewhere. The Court will consider Samsung's

14
Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO STRIKE PORTIONS OF UPDATED EXPERT REPORTS ON DAMAGES

objections to Apple's Motion to Strike, even those that appear in Exhibit 1 to Samsung's Opposition.

The thrust of Apple's objections to the above-cited paragraphs of Wagner's Updated Report is that they contain explanations, statements, and details that did not appear in Wagner's Original Report. *See* ("Olson Reply Decl.") ECF No. 2428-1 at Ex. A. The thrust of Samsung's response is that these modifications are reasonable, in light of both the narrower focus of the retrial and the contents of Davis's Report. *See* Alden Decl. Ex. 1.

In keeping with the principles set forth in relation to Samsung's Motion to Strike, *see supra* Part II, the Court concludes that Wagner must be permitted to include opinions that elaborate on or provide additional explanation for opinions expressed in his Original Report. Given the limited scope of the retrial and the unusual circumstances that necessitated allowing Davis to file her Report, Davis's report inevitably focuses more narrowly and precisely on the particular products, patents, and dates at issue in the retrial than did either Musika's or Wagner's Reports from the first trial. To allow Davis to offer this more focused analysis but to prevent, or attempt to prevent, Wagner from doing the same would be both unfair and impractical. Accordingly, the Court will not strike material from Wagner's Updated Report simply because it elaborates on his prior opinions in an effort to focus more precisely on the patents, products, and dates at issue in the retrial. That said, however, the Court's rule that neither expert may rely on new data remains in effect, and thus, to the extent any of Wagner's modified opinions rely on new data, *see, e.g.*, Apple Mot. at 7:9-12 (identifying paragraphs of Wagner's Updated Report that rely on a July 2013 interview with KwangJin Bae), those opinions must be stricken. The Court therefore DENIES Apple's Motion to Strike Wagner's elaborated opinions that do not rely on new data, but GRANTS Apple's Motion to Strike Wagner's elaborated opinions that rely on data that postdates the first trial or is otherwise considered "new" according to the principles laid out in this Order. *See supra* Part II.C, F.

## V.     MOTIONS TO SEAL

Both Apple and Samsung have filed various Administrative Motions to Seal portions of documents accompanying the parties' Motions to Strike. *See* ECF Nos. 2382 (Apple's Motion to

15
Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO STRIKE PORTIONS OF UPDATED EXPERT REPORTS ON DAMAGES

1   Seal regarding Apple's Motion to Strike); 2385 (Samsung's Motion to Seal regarding Samsung's

2   Motion to Strike); 2390 (Samsung's Corrected Motion to Seal regarding Samsung's Motion to

3   Strike); 2398 (Samsung's Motion to Seal regarding Samsung's Opposition to Apple's Motion to

4   Strike); 2407 (Apple's Motion to Seal regarding Apple's Opposition to Samsung's Motion to

5   Strike); 2433 (Samsung's Motion to Seal regarding Samsung's Reply in Support of its Motion to

6   Strike); 2517 (Samsung's Motion to seal filed in response to the Court's October 11, 2013 Case

7   Management Order); *see also* 2490-1 (Joint Chart regarding pending Motions to Seal). These

8   Motions seek to seal portions of the parties' briefing, as well as portions of the underlying expert

9   reports and depositions, that contain confidential sales and profits data, capacity information,

10  licensing information, and market research data. *See* ECF No. 2490-1.

11      The Court finds that nearly all the information the parties seek to seal is confidential and

12  subject to sealing pursuant to both this Court's prior orders, *see* ECF No. 1649 at 7, 10-11

13  ("'pricing terms, royalty rates, and guaranteed minimum payment terms' of a license agreement"

14  are sealable (quoting *In re Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008))), and the Federal

15  Circuit's recent sealing decision in *Apple, Inc. v. Samsung Electronics Co.*, 727 F.3d 1214, 1225-

16  26 (Fed. Cir. 2013). The sole exception is the Apple capacity information regarding the iPhone 4

17  contained in the briefs accompanying Samsung's Motion to Strike. *See* Samsung Mot. at 4; Apple

18  Opp'n at 4; Samsung Reply at 2. This capacity information was discussed in open court by counsel

19  for both parties at the October 10 and October 17 hearings and has therefore been made public. The

20  Court further notes that the parties' briefs discuss this capacity information at a high level of

21  generality, stating only Davis's overall conclusions regarding Apple's capacity to meet demand for

22  the iPhone 4 without providing specific numbers.

23      Accordingly, because this capacity information has already been made public, the Court

24  DENIES the Motions to Seal portions of the parties' briefs discussing Apple's capacity. This ruling

25  does not apply to underlying expert reports and depositions that contain more detailed capacity

26  data. The parties' Motions to Seal are otherwise GRANTED, except with respect to claims that the

27  parties have withdrawn (as stated in the chart at ECF No. 2490-1). Samsung's Motion at ECF No.

28

16
Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO STRIKE PORTIONS OF UPDATED
EXPERT REPORTS ON DAMAGES

2385, which is superseded by ECF No. 2390, is DENIED AS MOOT.

## VI. CONCLUSION

In light of the foregoing analysis, the Court rules as follows:

1. Samsung's Motion to Strike Davis's opinions regarding Apple's sales capacity for the iPhone 4 is GRANTED as stated in the October 18 Order.
2. Samsung's Motion to Strike Davis's opinions regarding infringer's profits is GRANTED IN PART and DENIED IN PART.
3. Samsung's Motion to Strike Davis's patent descriptions is GRANTED as stated in the October 18 Order.
4. Samsung's Motion to Strike Davis's opinions concerning previously excluded testimony is GRANTED.
5. Samsung's Motion to Strike Davis's references to "new" evidence is GRANTED IN PART and DENIED IN PART.
6. Apple's Motion to Strike Wagner's use of the "summation method" is DENIED.
7. Apple's Motion to Strike Wagner's references to post-trial evidence is GRANTED for the reasons discussed above and in the October 18 Order.
8. Apple's Motion to Strike Wagner's D'305 Patent Royalty calculations is GRANTED.
9. Apple's Motion to Strike Wagner's updated "directly attributable" expense terminology is GRANTED.
10. Apple's Motion to Strike Wagner's retail pricing analysis is GRANTED as stated in the October 18 Order.
11. Apple's Motion to Strike Wagner's D'677 Patent Royalty calculations is GRANTED.
12. Apple's Motion to Strike Wagner's opinions that elaborate on his Original Report in light of the narrower focus of the retrial and Davis's Report is GRANTED IN PART and DENIED IN PART.

The Court will address the following portions of the parties' Motions to Strike in a separate written order: (1) Davis's use of design around periods that begin on the date of first notice; (2)

Davis's reliance on testimony and exhibits from the 2012 trial; (3) Wagner's use of notice dates that differ from those listed in the Court's March 1 Order on damages; (4) Wagner's design around theories based on the July 2012 jury's noninfringement findings; and (5) Wagner's updated damages calculations for the Gem phone.

**IT IS SO ORDERED.**

Dated: October 22, 2013

_____
LUCY H. KOH
United States District Judge

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO STRIKE PORTIONS OF UPDATED EXPERT REPORTS ON DAMAGES