QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC. and
SAMSUNG TELECOMMUNICATIONS AMERICA,
LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>SAMSUNG'S RESPONSE TO APPLE'S STATEMENT REGARDING GEM SALES (DKT. 2567)<br><br>Further Pre-Trial Conf.: Nov. 5, 2013<br>Time:   2:00 p.m.<br>Place:  Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

1     Pursuant to the Court's October 18, 2013 Pretrial Conference Order (Dkt. 2552), the
2 Samsung Defendants respectfully submit this response to Apple's Statement Regarding Gem Sales
3 (Dkt. 2567).
4     In the first trial, Apple sought damages on all Gem sales in the United States.  It was thus
5 Apple's burden to prove that all Gem U.S. sales were infringing, and to ensure that the verdict form
6 submitted to the jury allowed for such a finding.  *See Crystal Semiconductor Corp. v. TriTech*
7 *Microelectronics Intern., Inc.*, 246 F.3d 1336, 1353 (Fed. Cir. 2001) ("Crystal, the patentee, bears
8 the burden of proving its damages."); Final Jury Instr. (Dkt. 1901) No. 35 ("Each patent holder has
9 the burden to persuade you of the amount of its damages.").  Apple did not do so.  Apple concedes
10 that the only version of the Gem that was introduced at trial was sold by Verizon, despite the fact
11 that the Gem was also sold by U.S. Cellular and Alltel.   More importantly, at no point did Apple
12 object that the verdict form asked the jury to determine infringement and award damages *only* for
13 sales of the Gem by Verizon.  (Dkt. 1931 (Gem (JX 1020).)  *See City of Huntsville v. Proliance*
14 *Energy, LLC,* 2005 WL 1155685 at *2 (N.D. Ala. April 21, 2005) ("[T]he Plaintiff has the burden of
15 proof for its case, including its entitlement to damages, and the Court is of the opinion that the
16 obligation to have the jury produce the necessary predicate for an award  . . . falls within the
17 Plaintiff's burden.").  It is axiomatic that Apple is entitled to damages only for those sales the first
18 jury found to be infringing.  35 U.S.C. § 284 ("Upon finding for the claimant the court shall award
19 the claimant damages *adequate to compensate for the infringement* . . ." (emphasis added).  Apple is
20 not entitled to damages on sales for which the jury made no finding of infringement.
21     Apple's Statement essentially boils down to the argument that Samsung waived its right to
22 assert that Apple may be awarded damages for only a portion of Gem U.S. sales, because Samsung
23 did not make this argument either before the first trial or in post-trial motions.  While it is true that
24 Samsung did not make this argument before, Apple is not correct that this constitutes a waiver.  This
25 is because Samsung's argument flows from the jury's verdict, which found infringement only for
26 sales of the Gem by Verizon.  (Dkt. 1931 (Gem (JX 1020).)  Samsung is not challenging the jury's
27 infringement verdict for the Gem.  Rather, Samsung's argument is that – in light of the jury's limited
28 verdict – Apple cannot now seek damages for Gem sales in the United States by carriers other than

-1-                Case No. 11-cv-01846-LHK
SAMSUNG'S RESPONSE TO APPLE'S STATEMENT REGARDING GEM SALES

1  Verizon.  Because the verdict was issued only after trial, Samsung could not have made this
2  argument before trial.  Nor could Mr. Wagner have included calculations reflecting this argument in
3  his original report.
4  　　　It is also true that Samsung did not make this specific argument in its post-trial motions.
5  Rather, Samsung moved more broadly for judgment as a matter of law, and alternatively for a new
6  trial or remittitur, as to each and every claim and issue on which Apple prevailed before the jury,
7  including Apple's claims for patent infringement and damages.  Dkt. 2013 at 1.  Apple has cited no
8  cases where a party was found to have waived its right to challenge a portion of damages when it
9  previously moved to challenge all damages.  More fundamentally, Apple has failed to cite any cases
10 where a party was found to have waived a certain argument *in a retrial* because it did not make the
11 same argument in the first trial.  In *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020 (9th Cir.
12 2003) – relied on by Apple – the appellant raised a defense for the first time in a post-trial motion.
13 The Ninth Circuit simply applied Rule 50 of the Federal Rules of Civil Procedure to hold that the
14 appellant had waived the defense by not raising it before the return of the jury's verdict.  *Id.* at 1029
15 ("The failure to raise this issue prior to the return of the verdict results in a complete waiver,
16 precluding our consideration of the issue.").  *Zhang* had nothing to do with a retrial, let alone the
17 effect of a jury verdict in a first trial on such retrial.
18 　　　Finally, contrary to Apple's assertion, nothing in the parties' Joint Stipulation and [Proposed]
19 Order Regarding a Procedure for Reducing the Number of Sealing Requests (Dkt. 1597) precludes
20 Samsung from relying on the jury's verdict to challenge Apple's damages calculations.  Each party
21 merely agreed, *inter alia*, not to challenge the sufficiency of the evidence to support the opposing
22 party's damages calculations, on the ground that the calculations relied on summaries, not the
23 detailed underlying financial data.  *Id.* at ¶ 1.  Here, Samsung does not seek to challenge Apple's
24 damages calculations for insufficiency of the evidence, but rather for including sales on which there
25 has been no finding of infringement.  In any event, the Stipulation provides that it "shall apply only
26 to the first trial of this dispute and any appeal therefrom.  It shall not apply to any subsequent trial."
27 *Id.* at ¶ 17.
28

1  DATED: October 23, 2013              QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
2

3                                       By /s/ *Victoria F. Maroulis*
                                            Charles K. Verhoeven
4                                           Kevin P.B. Johnson
                                            Victoria F. Maroulis
5                                           William C. Price
                                            Michael T. Zeller
6
7                                           Attorneys for SAMSUNG ELECTRONICS CO.,
                                            LTD., SAMSUNG ELECTRONICS AMERICA,
8                                           INC. and SAMSUNG
                                            TELECOMMUNICATIONS AMERICA, LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28