QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC. and
SAMSUNG TELECOMMUNICATIONS AMERICA,
LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S RESPONSE TO APPLE'S STATEMENT REGARDING USE OF THE 2012 SPLIT JURY VERDICT PURSUANT TO THE OCTOBER 18, 2013 PRETRIAL CONFERENCE ORDER**<br><br>**Date**:  November 5, 2013<br>**Time**:  2:00 p.m.<br>**Place**:  Courtroom 8, 4th Floor<br>**Judge**:  Hon. Lucy H. Koh |

1    Pursuant to the Court's October 18, 2013 Order (Dkt. 2552), the Samsung defendants submit

2    this response to Apple's Statement on whether products found not to infringe Apple's patents "are

3    noninfringing alternatives for purposes of a lost profits analysis and a reasonable royalty analysis."

4    I.     **Apple Does Not Dispute Relevance to a Reasonable Royalty Analysis.**

5    Apple does not argue that the jury's noninfringement verdicts should not be considered in a

6    reasonable royalty analysis, despite the Court's invitation to do so.  *See* Dkt. 2552 at 4.  *See Riles v.*

7    *Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1312 (Fed. Cir. 2002) (vacating reasonable royalty

8    award for failure to account for noninfringing alternatives because "[t]he economic relationship

9    between the patented method and non-infringing alternative methods, of necessity, would limit the

10   hypothetical negotiation.")  The Court should not prevent Mr. Wagner from offering his opinions on

11   the jury's noninfringement verdicts and the availability of noninfringing alternatives in his

12   reasonable royalty analysis.  *See* Trial Tr. 3053:18-3056:18 (testimony that noninfringing

13   alternatives limit the amount of a reasonable royalty); Wagner Rpt. at ¶¶ 484-485, 493-494, 517-526.

14   II.    **Apple's Reliance on *Rite-Hite* is Unavailing.**

15   Apple's new argument stretches *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538 (Fed. Cir. 1995)

16   far beyond what the reasoning of that case supports.  *Rite-Hite* relied on the fact that the alleged

17   substitute for the patented product was "another of *patentee's* devices."  *Id.* at 1548 (emphasis

18   added).  The court reasoned that the plaintiff "would not have lost sales to a third party" in the but-

19   for analysis if consumers would have purchased a different product from the plaintiff.  *Id.*  Here,

20   Samsung does not contend that other Apple devices are relevant to the availability of noninfringing

21   substitutes.  Rather, it is Samsung's products that are relevant.  *Rite-Hite* does not apply.

22   Apple offers no authority holding that a product sold by a party other than the patentee

23   should be excluded from a trial that will focus on the question of noninfringing alternatives.  Apple

24   also misleadingly suggests that an alternative product not "on the market" is irrelevant to the

25   question of noninfringing alternatives.  That is incorrect.  As the Federal Circuit made clear in *Grain*

26   *Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999), "an alleged

27   substitute not 'on the market' or 'for sale' during the infringement" can nevertheless bar an award of

28   lost profits.  That is so because a lost profits analysis looks at what steps *could have been* taken to

1    avoid infringement: "a fair and accurate reconstruction of the 'but for' market also must take into

2    account, where relevant, alternative actions the infringer foreseeably would have undertaken had he

3    not infringed."  *Id.* at 1350-51.  Accordingly, lost profits were properly barred in *Grain Processing*

4    because a noninfringing alternative *could have been* used.[1]

5         The question of what "alternative actions" could have been taken does not end with a

6    determination of what products were actually released to the market.[2]  *See TQP Dev., LLC v. Merrill*

7    *Lynch & Co., Inc.*, 2012 WL 3283354, at *1 (E.D. Tex. Aug. 10, 2012) (Bryson, J.) (factors to

8    consider are "whether (1) the defendant could readily obtain all of the material needed . . . (2) the

9    non-infringing alternative was well known in the field at the time of infringement; and (3) the

10   defendant had all of the necessary equipment, know-how and experience to use the non-infringing

11   alternative").  Consistent with *Grain Processing* and its progeny, Mr. Wagner considered whether

12   Samsung's products held not to infringe particular patents support his opinion that Samsung could

13   have redesigned its products, for example by utilizing the technologies and designs that the jury

14   found not to infringe.  *See* Wagner Rpt. at ¶¶ 140-142, 147-148, 484-485, 493-494, 517-526; *see*

15   *also* Trial Tr. 3034:15-3038:19 (testimony that noninfringing alternatives bar lost profits).  *See, e.g.,*

16   *Rosco, Inc. v. Mirror Lite Co.*, 626 F. Supp. 2d 319, 331-32 (E.D.N.Y. 2009) (no lost profits where

17   defendant could have turned to two noninfringing alternatives); *Fuji Photo Film Co. v. Jazz Photo*

18   *Corp.*, 249 F. Supp. 2d 434, 455-56 (D. N.J. 2003) (no lost profits where defendant "could have

19   sold" a redesigned product using noninfringing camera shells).

20        Furthermore, the Samsung products that do not infringe particular patents are probative

21   evidence against Ms. Davis's opinions that Samsung would have needed as many as eight months

22   "out of the market designing, testing, manufacturing, and preparing to distribute" acceptable

---

23   [1]  *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F. 3d 1314 (Fed. Cir. 2009), is not to

24   the contrary.  The court's analysis considered the evidence before the jury concerning "alternative actions that [defendant] reasonably could have taken to avoid infringement."  *Id.* at 1331.

25   [2]  To be clear, Apple's argument does not apply to Mr. Wagner's opinion that the Intercept embodies noninfringing alternatives to Apple's patents because the jury found that the Intercept does not infringe the '163 and '915 patents (*see* Dkt. 1931 at 3-4), and Apple dismissed its claim that the

26   Intercept infringes the '381 patent.  Likewise, the Galaxy Tab 10.1 4G LTE does not infringe Apple's patents.  As conceded by Ms. Davis, these products are noninfringing alternatives.  Dkt.

27   2399-3, Davis Dep. Tr. at 114:20-116:12 (Ms. Davis assumed the Intercept "is a noninfringing alternative" and Galaxy Tab 10.1 4G LTE would have been "an acceptable alternative.")

28

1  noninfringing products.  *See* Davis Rpt. ¶ 120, Ex. 20-PT.  These products show that Samsung had

2  no need to "invent around" Apple's patents, and that it had "all of the necessary equipment, know-

3  how, and experience" to offer alternatives.  *See Grain Processing*, 185 F.3d at 1354*; cf. DePuy*

4  *Spine*, 567 F.3d at 1332 (finding a reasonable jury could have credited evidence that prototype

5  alternatives were "too large" and "substantially weaker" and had never been submitted for FDA

6  approval).  Samsung's products held not to infringe particular patents are probative and admissible

7  evidence of what could have been done in a "but for" world.  *Rite-Hite* does not suggest otherwise.

8  III.  **Apple Will Not be Prejudiced.**

9  The greater part of Apple's brief repeats the same prejudice arguments the Court already

10 found unpersuasive.[3]  10/17/13 Hrg. Tr. at 31:19-24 ("I know that's not beneficial to your case, but I

11 don't see how that's prejudicial.").  Mr. Wagner relies on the jury's verdict solely as conclusive

12 proof that certain Samsung products do not infringe specific patents, hence there is no "speculation"

13 involved.  *See* Br. at 3.  He does not rely on any assumption about how the jury reached that finding.[4]

14 Apple's  charge of "reverse-engineering" the verdict is unfounded, and should be seen for what it

15 is—an attempt to exclude facts simply because they are harmful to Apple's damages theories.

16 Apple's citations to *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351

17 (Fed. Cir. 2012) and *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 953 F.2d 1360 (Fed. Cir.

18 1991) are inapposite.  As the Court recognized, a noninfringing alternative "doesn't have to be

19 identical to the patented product, or identical even with regard to the patented feature," and need not

20 be "an embodiment of the invention."  10/17/13 Hrg. Tr. 23:2-17, 30:9-19.  Apple's authorities

21 confirm that whether alternative technologies and designs are adequate substitutes is a question for

22 the jury.  *Presidio*, 702 F.3d at 1361-62; *Standard Havens*, 953 F.2d at 1373.  The record at the new

23 trial—which will include the products themselves and evidence of their commercial success—will

24 allow the jury to make this determination.  Thus, whether the facts of noninfringement provide

---

25 [3]  Apple abused the Court's leave to submit a brief on its new *Rite-Hite* argument by submitting
26 three pages rehashing previously rejected arguments.  Samsung responded to these arguments, Dkt.
   2469, and the Court should strike and disregard Apple's improper additional arguments.
27 [4]  Nor is there any danger of jury confusion.  *See* Br. at 3.  The Court need only tell the jury which
   Samsung products were found to infringe and not infringe each Apple patent—information which in
28 any event will be necessary given the mixed verdict on several products at issue.

1   support for Mr. Wagner's opinion that there were available substitutes is an issue for cross-
2   examination and not a basis for exclusion. *See* 10/17/13 Hrg. Tr. at 29:16-30:8.

3         Finally, Apple's plea to open the door to the entire verdict, Br. at 3, is without merit.
4   Contrary to Apple's representation, the first jury *rejected* Apple's lost profits claim for every one of
5   the products at issue in the new trial, and therefore did not "necessarily" find that *Panduit* factor 2
6   was satisfied. Dkt. 2271 at 9-10 (finding no lost profits awarded on new trial products).
7   Furthermore, the Court held that Samsung's infringement was not willful. Dkt. 2220 at 26-32. The
8   prejudicial findings Apple seeks to introduce have no bearing on the extent of damages in the new
9   trial; in contrast the jury findings of noninfringement are highly probative and not prejudicial.

10   **IV.**    **Mr. Wagner's Opinions on Design Around Are Not Precluded by Court Order.**

11         Apple's allegation that the Court "has already precluded Samsung from offering evidence of
12   design arounds," Br. at 4, is wrong. Judge Grewal's order did not bar Samsung from relying on
13   hypothetical design-arounds, and Apple's counsel specifically disavowed that it was seeking to
14   exclude hypothetical design-arounds. Dkt. 1163 at 35:20-24. As Samsung previously explained,
15   Apple litigated this issue during trial and lost, and Mr. Wagner was permitted to testify on
16   nonaccused products and hypothetical design around times and costs. (*See* Dkt. 2469 at 2 (citing
17   transcript)). Apple's preclusion argument is meritless.

18   **V.**    **Apple Waived any Objection to Timeliness by Failing to Object at Trial.**

19         Apple's objection that Mr. Wagner failed to disclose his opinions on noninfringing
20   alternatives is—in the Court's words—a "loser." *See* 10/17/13 Hrg. Tr. at 27:1-23 ("That one is not
21   persuading me."). As Apple conceded, Mr. Wagner testified regarding the impact of jury findings of
22   noninfringement during the first trial without objection from Apple. *See id.* at 28:1-2 ("He did say
23   that, and I was going to concede that he did."); 28:19 ("The answer is we didn't object."); *see also*
24   Trial Tr. at 3038:4-19 (testimony that if the jury's liability findings were mixed, there "would be
25   commercially acceptable alternatives, designs that could have been used instead of the infringing
26   designs"). Apple failed object to Mr. Wagner's testimony expressing this noncontroversial opinion
27   at trial, and therefore waived its objection. Apple will suffer no prejudice if Mr. Wagner is permitted
28   to offer these opinions again at the new trial.

1  DATED: October 23, 2013                 QUINN EMANUEL URQUHART &
2                                           SULLIVAN, LLP

3

4                                          By /s/ Victoria F. Maroulis
                                              Charles K. Verhoeven
5                                             Kevin P.B. Johnson
                                              Victoria F. Maroulis
6                                             William C. Price
                                              Michael T. Zeller
7

8                                             Attorneys for SAMSUNG ELECTRONICS CO.,
                                              LTD., SAMSUNG ELECTRONICS AMERICA,
9                                             INC. and SAMSUNG
                                              TELECOMMUNICATIONS AMERICA, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28