QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | **Case No. 11-CV-01846-LHK (PSG)**<br><br>**DECLARATION OF ALBERT BEDECARRÉ IN SUPPORT OF SAMSUNG'S MOTION FOR ADMINISTRATIVE RELIEF FROM ORDER SETTING SCHEDULE FOR IN CAMERA REVIEW**<br><br>Place:    Courtroom 5, Fifth Floor<br>Judge:    Hon. Paul Singh Grewal |

02198.51859/5585809.1

Case No. 11-cv-01846-LHK
BEDECARRE DECLARATION ISO SAMSUNG'S MOTION FOR RELIEF FROM ORDER SETTING SCHEDULE FOR IN CAMERA REVIEW

I, Albert Bedecarré, declare:

1. I am a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung").  I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2. I am responsible for organizing and overseeing the effort to produce documents for in camera review as required by the Court's order from the bench during the hearing on October 22, 2013, and as set forth in the Court's written October 24, 2013 Order Setting Schedule for in Camera Review.  I began coordinating the production team that has been working to provide the documents for in camera review since immediately following the hearing on Tuesday, October 22, 2013.

3. At the October 22, 2013 hearing, the Court ruled from the bench that the Court would conduct an in camera review of all documents in the case.  Samsung was required to produce all documents from its production and all documents withheld for privilege in unredacted form.  The Court also ordered with regard to any emails from the production or the privilege log that all attachments to those emails must be produced for in camera review whether or not the attachments are relevant and responsive.

4. Prior to the October 22, 2013 hearing, Samsung's documents were maintained as a single set of documents.  Upon receiving word of the Court's Order from the bench on the evening of October 22, 2013, I instructed the production team to organize the documents so that they could be produced in the order required by the Court.  First, the Court's instruction to include all attachments to all emails in the production or on the Privilege Log and Redaction Log regardless of whether they were responsive and subject to production originally meant that numerous

documents had to be added to the in camera review set.  Second, the review team started to review each document to sort them by language and thereby segregate those documents with Korean language text from those with only English language text so that translations could be obtained. Third, according to the Court's instruction to prioritize communications to or from Dr. Seung Ho Ahn, Jin Hwan (James Kwak), InDong Kang, and Clayton Kim, the reviewers segregated those documents in each language set for the first in camera productions to the Court.  Finally, I instructed the production team to remove exact duplicates within the documents so that duplicate copies of the same documents would be eliminated or minimized.  Samsung produced multiple copies of certain individual documents, and without the de-duping process the Court's in camera review set might double in size.

5.      Beginning the evening of October 22, 2013 and through this afternoon, October 24, 2013, the production team organized the documents as I instructed.  It was not until approximately 3:00 p.m. today, October 24, 2013, that the production team had completed the de-duping process and organized approximately 1150 individual documents (emails and all attachments), totaling over 15,000 pages, by language.

6.      Due to the organization and compilation of this large volume of documents and the need to organize them by language and recipient or sender, the production team was unable to provide any documents to the Court for in camera review on October 22 or October 23.

7.      On October 24, 2013, the Court issued the Order Setting Schedule for in Camera Review (the "Order").  The Order was issued on PACER after 2:00 p.m. as Dkt. 2588.  The Order instructed Samsung to provide "Documents currently available in English" to the Court by 7:00 p.m. on October 24, 2013, i.e., five hours later on the same day as the Order issued.  The Court also issued a Corrected Order Setting Schedule for in Camera Review at approximately 6:30 p.m. as Dkt. 2589, but the correction related to one of the names listed in the original Order.

02198.51859/5585809.1

-2-   Case No. 11-cv-01846-LHK
BEDECARRE DECLARATION ISO SAMSUNG'S MOTION FOR RELIEF FROM ORDER SETTING SCHEDULE FOR IN CAMERA REVIEW

This Order was different from the verbal order of the Court at the hearing on October 22, 2013, which had prioritized English language documents and then Korean language documents for four individuals, Dr. Seung Ho Ahn, Jin Hwan (James Kwak), InDong Kang, and Clayton Kim, as opposed to the large mass of all English language documents.

8.     Pursuant to the Order, I immediately instructed the production team to prepare binders with hard copy print outs of English language documents to determine if we could make some documents available to the Court before 7:00 p.m.  The number of English language documents to be prepared totaled approximately 842 documents comprising 11,500 individual pages.  The production vendor set about to prepare these documents for compilation and printing

9.     Although every effort was made to produce some documents today, it was a logistical impossibility to process, print and deliver any of the English language documents to the Court by 7:00 p.m.  I nevertheless instructed the production team to work around the clock to prepare the documents for delivery to the Court on October 25, 2013.  We are seeking to have a portion of the 11,500 pages of English language documents delivered to the Court before noon, and additional portion before 5:00 p.m. We are working diligently to deliver the documents to the Court as fast as possible.  Moreover, Samsung will attempt to meet the remaining deadlines in the Order as well.

10.    Counsel for Samsung, Daniel Posner, informed me that he telephoned Chambers at approximately 6:45 p.m. to inform the Court of the volume of documents at issue and Samsung's inability to deliver any documents for in camera review by 7:00 p.m. today.  Mr. Posner informed me that the person who answered the telephone in Chambers indicated that she would convey this information to the Court.  Mr. Posner contacted counsel for Apple and Nokia to inform them that an initial production would not be possible by 7:00 p.m. today and asked counsel to provide Samsung their position on Samsung's extension request.  As of the time of this Declaration,

02198.51859/5585809.1

-3-                                Case No. 11-cv-01846-LHK
BEDECARRE DECLARATION ISO SAMSUNG'S MOTION FOR RELIEF FROM ORDER SETTING SCHEDULE FOR IN CAMERA REVIEW

1  counsel for Apple and Nokia have not responded.

2  I declare under penalty of perjury that the foregoing is true and correct.  Executed in San

3  Francisco, California on October 24, 2013.

/s/ *Albert Bedecarré*
Albert Bedecarré

02198.51859/5585809.1

-4-   Case No. 11-cv-01846-LHK
BEDECARRE DECLARATION ISO SAMSUNG'S MOTION FOR RELIEF FROM ORDER SETTING SCHEDULE FOR IN CAMERA REVIEW

## **ATTESTATION**

I, Victoria F. Maroulis, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Albert Bedecarré has concurred in this filing.

Dated: October 24, 2013              By:      */s/ Victoria F. Maroulis*

                                                              Victoria F. Maroulis

02198.51859/5585809.1

-5-   Case No. 11-cv-01846-LHK
BEDECARRE DECLARATION ISO SAMSUNG'S MOTION FOR RELIEF FROM ORDER SETTING SCHEDULE FOR IN CAMERA REVIEW