HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF MARK D. SELWYN IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

Declaration of Mark D. Selwyn in Support of Samsung's
Administrative Motion to File Documents Under Seal
Case No. 11-cv-01846-LHK (PSG)

|   |   |
|---|---|
| 1 | I, Mark D. Selwyn, hereby declare as follows: |
| 2 | 1. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, |
| 3 | counsel for Apple Inc. ("Apple") in the above-referenced litigation. I am licensed to practice law |
| 4 | in the State of California, the Commonwealth of Massachusetts, and the State of New York, and |
| 5 | am admitted to practice before the U.S. District Court for the Northern District of California. I |
| 6 | am familiar with the facts set forth herein, and, if called as a witness, I could and would testify |
| 7 | competently to those facts under oath. |
| 8 | 2. Samsung has filed an Administrative Motion to File Documents Under Seal (Dkt. |
| 9 | No. 2556) in connection with Samsung's Supplemental Brief in Support of its Opposition to |
| 10 | Apple Inc.'s Motion to Compel Further Discovery and for Sanctions for Violations of Protective |
| 11 | Order ("Samsung's Supplemental Brief"). |
| 12 | 3. The following documents or portions of documents filed under seal by Samsung |
| 13 | contain confidential Apple information: |

- Page 6 of Samsung's Supplemental Brief
- Pages 4-6 of the Declaration of Kenneth Korea
- Exhibits 4 and 5 to the Declaration of Kenneth Korea
- Pages 2-3 of the Declaration of Daniel Shim; and
- Page 4 (or page 102 of the transcript) of Exhibit R to the Declaration of Robert Becher.

These documents or portions of documents each contain or discuss confidential license negotiations and/or the confidential terms of Apple's license agreements, including payment terms. The Court has previously allowed Apple to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements because such information falls within the definition of "trade secrets." *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (Aug. 9, 2012 N.D. Cal.) (Dkt. No. 1649 at 10-11) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)). As the Court previously noted, disclosure of such information "could result in significant competitive harm to the licensing parties as it would provide insight into the structure of their licensing deals, forcing them into an

Declaration of Mark D. Selwyn in Support of Samsung's
Administrative Motion to File Documents Under Seal
Case No. 11-cv-01846-LHK (PSG)

uneven bargaining position in future negotiations." *Id.* at 16.  Further, since these documents were filed in connection with a non-dispositive motion, the lesser "good cause" standard applies. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 2012-1600 at 11-12 (Fed. Cir. Aug. 23, 2013) ("the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action") (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks omitted)).

4. Samsung's has also moved to seal Exhibits C, F, N, O, P, Q, S, and X to the Declaration of Robert Becher, the Declaration of Peter Camesasca, and the Declaration of Adriano Vanzetti.  Apple does not maintain any claim of confidentiality with respect to these exhibits.

5. The relief requested by Apple is necessary and narrowly tailored to protect its confidential business information.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25th day of October, 2013 at Palo Alto, California.

*/s/* Mark D. Selwyn
Mark D. Selwyn

Declaration of Mark D. Selwyn in Support of Samsung's
Administrative Motion to File Documents Under Seal
Case No. 11-cv-01846-LHK (PSG)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on October 25, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

>   */s/* Mark D. Selwyn
>   Mark D. Selwyn

Declaration of Mark D. Selwyn in Support of Samsung's
Administrative Motion to File Documents Under Seal
Case No. 11-cv-01846-LHK (PSG)