# WILMERHALE

October 25, 2013

U.S. Magistrate Judge Paul Singh Grewal
United States District Court for the
 Northern District of California
Courtroom 5, 4th Floor
280 South 1st Street
San Jose, California  95113

William F. Lee

+1 617 526 6556 (t)
+1 617 526 5000 (f)
william.lee@wilmerhale.com

Re:   Apple's Motion for Further Discovery and for Sanctions (Docket Nos. 2374) in
      <u>Apple v. Samsung</u>, Case No. 11-1846-LKH (PSG)

Dear Judge Grewal:

I write to apprise the Court of four matters that we have learned since the hearing on Tuesday that are relevant to the current sanctions proceedings, including the Court's upcoming *in camera* review of Samsung's redacted and withheld documents:

1.      At the hearing, Samsung referred to certain declarations that it had submitted to the Court. (*See, e.g.*, October 22 Transcript at 47, referring to new declarations from Dr. Ahn and Mr. Kwak.)  We had realized before the hearing (and I noted to the Court at the hearing) that we had only received a redacted version of Samsung's main brief filed on Monday.  After the hearing, we investigated whether Samsung has served Apple with the unredacted declarations to which it referred in open court.  The answer is that Samsung had not.  This, of course, deprived Apple of the ability to review and respond to these materials at the hearing.  More importantly, it is simply wrong for a party to be arguing issues based on evidence it has submitted to the Court but failed to disclose to opposing counsel.  Samsung relies on its non-disclosure agreement with Nokia as a basis for refusing to serve its unredacted brief and declarations on Apple, but a private non-disclosure agreement cannot supersede Samsung's obligation to provide Apple with complete copies of court submissions.  We ask the Court to order Samsung to provide Apple's counsel with unredacted versions of its filings with the Court.

2.      

**WILMERHALE**

October 25, 2013
Page 2

[REDACTED]

3.  On Wednesday, Samsung informed us that it intends to serve "additional" privilege logs. We have not received them yet, but understand that documents from all privilege logs served by Samsung since the October 2 Order will be subject to the Court's *in camera* review.

4.  In its Supplemental Brief filed on Monday, Apple reported that Samsung recently acknowledged to the court in Australia that its Australian lawyers violated the confidentiality regime in the Australian court by disclosing an improperly redacted version of a draft Teece Report to four Samsung executives, including Daniel Shim, and to unauthorized Samsung outside counsel. The Australia court held a further hearing on the matter on October 24, 2013, at which Justice Bennett asked counsel for Samsung "whether the American court is aware that the similar – similar confidential information was breached in Australia in relation to the same person's report." (See Exhibit A, Transcript of Proceedings in Case No. NSD 315 of 2013, Federal Court of Australia, New South Wales Registry, at 54. This transcript covers the public portion of the Australia hearing.) Justice Bennett also stated: "Can I just make one observation? I cannot believe – I really cannot believe that Samsung has not put itself in a position of being able to answer virtually any question – these are obvious questions – whether Samsung has not put itself in a position to be able to answer those questions immediately in Australia. I find that incomprehensible. I would have thought Samsung would have been – Ashurst [Samsung's law firm in Australia] would have been bending over backwards to ensure that everything about these confidentiality breaches was known and available and the information be made available to this court, and it would have been offered to the American court."

Respectfully submitted,

*Bill Lee* (AL)

William F. Lee

WilmerHale

October 25, 2013
Page 3

## ATTESTATION OF E-FILED SIGNATURE

    I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with General Order 45 X.B., I hereby attest that William F. Lee has concurred in this filing.

Dated:  October 25, 2013        */s/ Mark D. Selwyn*
                                                    Mark D. Selwyn