| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>ERIK J. OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522<br><br>Attorneys for Plaintiff and<br>Counterclaim-Defendant APPLE INC. | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | Case No.   11-cv-01846-LHK (PSG)<br><br>**APPLE'S REPLY STATEMENT RE GEM SALES**<br><br>Date:     November 5, 2013<br>Time:    2:00 PM<br>Place:   Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

## I. SAMSUNG CONCEDES THAT IT IS ADVANCING A NEW THEORY, WHICH IS IMPERMISSIBLE

Samsung's response does not address one of the grounds which should preclude Samsung's new theory about different Gem products: Samsung identified only a single Gem product in its interrogatory responses and at the first trial, and the Court has barred the parties from raising new facts and new theories at the damages re-trial. (*See* Dkt. No. 2567 at 1:17-2:28.)

First, Samsung does not contest that it identified only a single Gem product in its interrogatory responses and thereafter litigated the case through trial and verdict as if there was only one Gem product. Samsung does not point to any part of the pretrial or trial record in which Samsung purportedly asserted that there were multiple Gem products, much less multiple products with material differences relevant to infringement. Indeed, to this day, Samsung has not identified any evidence of multiple products with material differences. Thus, the fact that the verdict form did not break out supposedly different Gem models is of no moment.

Second, Samsung also fails to contest that the Court's orders and groundhog day approach to the new trial prohibit the parties and their experts from raising new theories at the re-trial—a position that Samsung itself has argued many times. (*See*, *e.g.*, Dkt. No. 2386-0 at 1:13 ("Ms. Davis's New Theories Should Be Stricken.").)

Having conceded that its facts and theory are new, and that the Court has precluded the parties from raising new facts and theories at the new trial, Samsung offers no defense to this independent ground for granting Apple's motion to strike. Accordingly, the Court should preclude Samsung from presenting this new theory at trial and strike from Mr. Wagner's report the damages calculations based on only 40% of total Gem sales.

## II. SAMSUNG ALSO WAIVED ANY ARGUMENT THAT APPLE FAILED TO PROVE INFRINGEMENT BY NOT RAISING IT IN ITS RULE 50 MOTIONS

Apple's statement presented a second independent ground for precluding Samsung's new theory: Samsung waived any argument that Apple failed to prove infringement as to all Gem units sold in the U.S. by not raising that issue in its Rule 50 motions. (*See* Dkt. No. 2567 at 1:1-16.) Samsung's argument that the jury's verdict was limited to Gem units sold by Verizon is

necessarily an argument that Apple failed to prove that all accused Gem units identified in JX1500 infringed.  Yet Samsung never challenged the infringement verdict on the theory that Apple failed to prove that all the accused Gem units infringed.  The Court has made clear that the new trial will not revisit infringement and rejected Samsung's request to retry liability.  (Dkt. No. 2316 at 2:18-19.)  Thus, having failed to challenge the sufficiency of the evidence to support the jury's infringement verdict as to all Gem sales in connection with the first trial, Samsung cannot advance a non-infringement theory as a basis to limit the Gem sales on which Apple may recover damages in the retrial.

Samsung not only failed to preserve its new non-infringement theory, its post-trial motions took the position that the jury had awarded damages for all U.S. Gem units and asked the Court to award damages as a percentage of Samsung's revenue from *total* U.S. Gem sales, not just from Verizon sales.  Apple sought damages in the first trial, including Samsung's profits, for every Gem unit that Samsung identified in JX1500 as having been sold in the U.S.  (PX25A1.4; JX1500; Trial Tr. 2040:24-2041:15, 2050:1-25, 2053:3-10.)  Samsung's JMOL motion argued that the jury's verdict awarded 40% of Apple's requested amount of Samsung's profits on certain products, including the Gem, that the jury found infringed one or more design patents but did not dilute trade dress.  (Dkt. No. 2013 at 17:21-18:2.)  Samsung then raised three challenges to this portion of the award, arguing that Apple:  only proved that 5% of infringing revenue was attributable to the design patents; failed to deduct operating expenses; and failed to limit patent damages to the correct notice period.  (*Id.* at 19:15-23, 20:7-21, 23:13-24:10.)  In each case, Samsung calculated a "maximum amount sustainable by the evidence" using infringing revenue from *all* U.S. Gem sales as the starting point for its calculations.  (*Id.* at 24:12-25:25 (citing Wagner Decl., Dkt No. 1990-22); Dkt. No. 1990-20 ¶ 25 (using "Total Revenues in JX1500" as starting point for calculations), ¶¶ 27, 29; Dkt. No. 1990-22.)  Samsung never told the Court that the Gem award should be reduced because Apple had failed to prove that all U.S. Gem sales infringed.

Samsung waived its new theory by never presenting it at any phase of the first trial, and instead repeatedly taking positions that squarely contradict what it now argues.

| | | |
|---|---|---|
| 1 | Dated: October 25, 2013 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: */s/ Harold J. McElhinny*<br>      HAROLD J. MCELHINNY |
| 4 | | Attorneys for Plaintiff<br>APPLE INC. |

APPLE'S STATEMENT RE GEM SALES
Case No. 11-CV-01846-LHK (PSG)
sf-3347174

3