# EXHIBIT 1

```
 1                 UNITED STATES DISTRICT COURT

 2               NORTHERN DISTRICT OF CALIFORNIA

 3                      SAN JOSE DIVISION

 4


 5

      APPLE INC., A CALIFORNIA       )   C-11-01846 LHK
 6    CORPORATION,                   )
                                     )   SAN JOSE, CALIFORNIA
 7                   PLAINTIFF,      )
                                     )   OCTOBER 17, 2013
 8              VS.                  )
                                     )   PAGES 1-200
 9    SAMSUNG ELECTRONICS CO., LTD., )
      A KOREAN BUSINESS ENTITY;      )
10    SAMSUNG ELECTRONICS AMERICA,   )
      INC., A NEW YORK CORPORATION;  )
11    SAMSUNG TELECOMMUNICATIONS     )
      AMERICA, LLC, A DELAWARE       )
12    LIMITED LIABILITY COMPANY,     )
                                     )
13                   DEFENDANTS.     )
                                     )
14    _____

15


16              TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE LUCY H. KOH
17              UNITED STATES DISTRICT JUDGE

18


19


20              APPEARANCES ON NEXT PAGE

21


22


23    OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                           CERTIFICATE NUMBER 9595
24


25         PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                TRANSCRIPT PRODUCED WITH COMPUTER
```

1       THE SALES?

2            THE COURT:  UM-HUM.

3            MR. LEE:  THIS IS WHAT THIS IS ALL DIRECTED TO.

4       WHETHER THERE ARE ACCEPTABLE NON-INFRINGING SUBSTITUTES

5       DURING THE ACCOUNTING PERIOD IS WHAT THIS IS ALL ABOUT.

6            THE IDEA -- WHAT THEY'RE TRYING TO URGE UPON YOUR HONOR

7       IS, AS A MATTER OF LAW, YOU SHOULD DECIDE THAT THE DATE OF

8       INFRINGEMENT, WHICH OCCURS BEFORE NOTICE, BEFORE THE ACCOUNTING

9       PERIOD, IS WHEN THE DESIGN AROUND PERIOD STARTS, EVEN THOUGH

10      THAT WOULD NEVER HAPPEN IN THE REAL WORLD, AND, THEREFORE, IT

11      WOULD HAVE BEEN DESIGNED AROUND BEFORE YOU GET TO THE

12      ACCOUNTING PERIOD.

13           THAT'S NOT -- IT'S NOT CONSISTENT WITH THE BUT FOR

14      ANALYSIS.  IT'S NOT EVEN ANSWERING THE QUESTION THAT'S BEING

15      ASKED.

16           THE QUESTION IS, IF THEY HADN'T INFRINGED, WOULD WE HAVE

17      MADE THE SALES?

18           AND THE FACTUAL QUESTIONS ARE, WERE THERE ACCEPTABLE,

19      NON-INFRINGING SUBSTITUTES DURING THE ACCOUNTING PERIOD?

20           HOW LONG IS THE DESIGN AROUND PERIOD?  BECAUSE THAT WILL

21      DETERMINE, FOR THE ACCOUNTING PERIOD, HOW LONG THERE WERE NO

22      NON-INFRINGING SUBSTITUTES.

23           THAT'S WHAT <u>GRAIN PROCESSING</u> IS TALKING ABOUT.  BUT IN

24      <u>GRAIN PROCESSING</u>, THEY BASICALLY SAID THE DESIGN AROUND IS

25      GOING TO BE AVAILABLE IMMEDIATELY.

```
 1              HERE IT'S A PERIOD OF WEEKS AND MONTHS.
 2              BUT WHAT THE JURY IS GOING TO -- WHAT THE JURY SHOULD
 3   DETERMINE AS A FACTUAL MATTER, NOT AS A LEGAL MATTER, IS SIMPLY
 4   DOES, RIGHT, DOES IT MAKE SENSE TO IDENTIFY NON-INFRINGING
 5   SUBSTITUTES AT A PERIOD OF TIME BEFORE THE ACCOUNTING PERIOD
 6   HAS STARTED?
 7              OR DOES IT MAKE MORE SENSE, BOTH AS A MATTER OF LOGIC AND
 8   A MATTER OF FACT, TO HAVE THE DESIGN AROUND PERIOD START ON THE
 9   DATE THAT THE ACCOUNTING -- THE DATE OF NOTICE?  THAT WOULD
10   CARVE OUT A PERIOD OF TIME WHEN THERE ARE NO NON-INFRINGING
11   SUBSTITUTES.
12              AND WHAT MS. DAVIS SAYS IS -- AND SHE'S NOT A LAWYER, SO
13   SHE'S NOT DOING THE LEGAL INTERPRETATION -- SHE'S SAYING, AS
14   MR. MUSIKA DID, AND THIS IS WHAT HE DID IN PARAGRAPH 129 --
15              THE COURT:  UM-HUM.
16              MR. LEE:  -- HE SAID, "I'M GOING TO SAY IT'S THE
17   LATER OF INFRINGEMENT AND NOTICE."  IT'S EXPLICIT IN HIS
18   REPORT.  AND THAT'S WHAT HE DID.
19              NOW, YOUR HONOR KNOWS THAT THE PROBLEM YOU IDENTIFIED FOR
20   US IS THAT IN THAT OCCASION, NOTICE PRE-DATED -- I MEAN, NOTICE
21   PRE-DATED INFRINGEMENT.
22              NOW INFRINGEMENT IS GOING TO PRE-DATE NOTICE UNDER THE
23   NOTICE DATES THAT YOUR HONOR HAS ORDERED ON JMOL.
24              SO THE JURY NEEDS TO -- THE JURY WILL HAVE THE CHARGE ON
25   THE PANDUIT FACTORS, IT WILL HAVE A GRAIN PROCESSING TYPE
```

```
1    CHARGE, AND AS A FACTUAL MATTER, THEY HAVE TO DECIDE THIS FACT:
2    WERE THERE ACCEPTABLE NON-INFRINGING SUBSTITUTES DURING THE
3    ACCOUNTING PERIOD?  THAT'S A FACT THEY'RE GOING TO DECIDE.
4         AND WHEN THEY DECIDE IT, THEY WILL LOOK AT WHAT MS. DAVIS
5    HAS SAID ABOUT WHEN THE DESIGN AROUND PERIOD STARTS, HOW LONG
6    IT WOULD BE, AND BOTH SHE AND MR. WAGNER ARE RELYING UPON
7    OTHERS FOR SOME OF THAT INFORMATION, AND SHE SAYS HERE ARE THE
8    DATES, HERE ARE THE PERIODS OF TIME.
9         BUT TO HAVE IT DECIDED AS A MATTER OF LAW, WHICH I DON'T
10   THINK SAMSUNG ASKED YOU TO DO IN THE FIRST TRIAL, YOU WEREN'T
11   ASKED TO DECIDE IN THE FIRST TRIAL THAT IT WAS THE DATE OF
12   INFRINGEMENT, SO WHAT THEY'RE TRYING TO DO NOW IS TO HAVE YOU
13   MAKE A LEGAL RULING ON A FACTUAL QUESTION, TAKE IT OUT OF THE
14   JURY'S HANDS, TAKE $300 MILLION AWAY FROM THE JURY'S DECISION,
15   AND THAT'S NOT WHAT GRAIN PROCESSING SAYS.
16        AND, YOUR HONOR, I COULDN'T -- I DON'T THINK YOU COULD SAY
17   IT ANY MORE -- THAT YOU COULD IDENTIFY IT ANY MORE CLEARLY THAN
18   THAT IF YOU JUST LOOK AT HOW THE COURT OF APPEALS CHARACTERIZED
19   THE ISSUE AND THE FACT THAT THEY REVIEWED IT AS A FACTUAL
20   MATTER.
21        IF THIS WERE A LEGAL ISSUE, THEY WOULD HAVE SAID, "AS A
22   MATTER OF LAW, THE DESIGN AROUND PERIOD BEGINS ON THE DATE OF
23   INFRINGEMENT."
24        IF THIS WERE A -- IF SAMSUNG WERE CORRECT, THE STATEMENT
25   THEY MAKE ABOUT THE DESIGN AROUND, HOW LONG IT WOULD TAKE AND
```

1          NOW, HERE'S WHAT HAPPENS IF THE RULE IS ANYTHING ELSE.
2          AND BY THE WAY, YOUR HONOR, YOU DID REFER TO, ALSO TO WANG
3    AND POWER INTEGRATIONS, AND I THINK POWER INTEGRATIONS IS
4    REALLY INSTRUCTIVE BECAUSE IT'S A LOST PROFIT CASE.  IT
5    INVOLVES PRICE EROSION, BUT IT'S A LOST PROFIT CASE, AND THEY
6    DISCUSS TIME AND AGAIN THAT, "LOOK, EVEN THOUGH YOU'RE NOT
7    ALLOWED TO COLLECT LOST PROFITS BECAUSE YOU HAVEN'T GIVEN
8    NOTICE, YOU KNOW, THERE'S STILL INFRINGEMENT."
9          AND SO WHEN YOU'RE LOOKING AT THIS HYPOTHETICAL BUT FOR
10   WORLD, AND WHEN MR. LEE TALKS ABOUT WE'RE LOOKING AT THE REAL
11   WORD, NO, WE'RE NOT.  WE'RE LOOKING AT A HYPOTHETICAL, BUT FOR
12   WORLD.  YOU LOOK AT THE WORLD FROM THE TIME OF INFRINGEMENT,
13   AND THAT'S WHAT POWER INTEGRATIONS SAID WITH RESPECT TO PRICE
14   EROSION.
15         IT'S THE EXACT SAME ANALYSIS HERE.  THIS IS A BUT FOR
16   WORLD.  IT IS WHAT WOULD HAVE HAPPENED, YOU KNOW, IF, AT THE
17   TIME OF INFRINGEMENT, WE HAD HAD THE OPPORTUNITY TO DESIGN
18   AROUND?  WHAT WOULD HAVE HAPPENED?
19         NOW, THE FACTS MIGHT SHOW NOTHING WOULD HAVE HAPPENED,
20   THAT THERE WAS NOTHING OUT THERE.
21         THAT'S NOT GOING TO HAPPEN IN THIS CASE BECAUSE BOTH
22   EXPERTS ASSUMED THERE WAS AND THEY ASSUMED THERE WAS A DESIGN
23   AROUND.
24              THE COURT:  LET ME INTERRUPT YOU JUST ONE SECOND,
25    PLEASE.

```
 1            MR. LEE, YOU WOULD -- LOOKING AT POWERPOINT SLIDE
 2   NUMBER 2, YOU WOULD AGREE THAT I DID EXCLUDE THOSE ACTUAL
 3   NOTICE OF PATENT DESIGN AROUND START DATES WITH MR. MUSIKA LAST
 4   YEAR --
 5            MR. LEE:  RIGHT.
 6            THE COURT:  -- BECAUSE IT WAS UNTIMELY DISCLOSED?
 7            MR. LEE:  BUT, YOUR HONOR, THIS IS -- WE OUGHT TO BE
 8   REAL CLEAR ON WHAT'S HAPPENING HERE.  THESE ARE TWO ARGUMENTS
 9   THAT COULD HAVE BEEN MADE TO YOUR HONOR ON JMOL AND WIPED OUT
10   THREE-QUARTERS OF THIS RETRIAL.  IF THEY'RE RIGHT ON
11   GRAIN PROCESSING, THAT WOULD HAVE BEEN MADE AT JMOL AND YOU
12   NEVER WOULD HAVE HAD TO RETRY THIS.
13       IF THEY'RE RIGHT ON MR. MUSIKA BEING EXCLUDED, THEY WOULD
14   HAVE MADE IT AT JMOL AND WE NEVER WOULD HAVE HAD THIS RETRIAL.
15       SO WE OUGHT TO BE CLEAR ABOUT WHAT'S GOING ON HERE, AND
16   THIS IS WHAT HAPPENED WHEN YOUR HONOR EXCLUDED IT.
17       FIRST, MR. PRICE, RESPECTFULLY, IS SIMPLY INCORRECT ABOUT
18   WHAT MR. MUSIKA SAID.  IF YOUR HONOR LOOKS AT PARAGRAPH 129 OF
19   HIS REPORT, HE SAYS THAT IN ORDER TO HAVE THE DESIGN AROUND
20   PERIOD START, YOU HAVE TO HAVE BOTH INFRINGEMENT AND NOTICE.
21            THE COURT:  RIGHT.  I REMEMBER SEEING THAT.
22            MR. LEE:  AND SO HE COMPUTED HIS BASED UPON THAT.
23   THIS IS A CASE IN WHICH THE NOTICE, WHICH YOUR HONOR ULTIMATELY
24   FOUND WAS NOT SUFFICIENT, PRE-DATED INFRINGEMENT, AND SO HE
25   USED THE NOTICE DATE.
```

1          MS. DAVIS HAS USED THE SAME PROTOCOL, WHICH IS YOU HAVE TO
2   HAVE BOTH INFRINGEMENT AND NOTICE, BUT NOW THE NOTICE IS LATER.
3   SHE'S APPLYING EXACTLY THE SAME METHODOLOGY.  YOU HAVE TO HAVE
4   BOTH, AND HE WAS CLEAR ON THAT, AND SHE'S APPLIED IT TO A
5   DIFFERENT SET OF FACTS.
6          YOUR HONOR, WHEN YOU EXCLUDED MR. MUSIKA'S ALTERNATIVE
7   COMPUTATIONS, WHICH YOU DID, HE HAD GIVEN HIS OPINION IN HIS
8   REPORT IN THE VERY WAY IT WENT TO THE JURY.  HE DID PROPOSE AN
9   ALTERNATIVE SET OF COMPUTATIONS BASED UPON MR. WAGNER'S DATE
10  WHICH, INCIDENTALLY, WERE THE DATES YOUR HONOR FOUND TO BE
11  CORRECT WHICH SAMSUNG SAYS NOW ARE NOT THE CORRECT DATES, AND
12  HE SAID, IF YOU ACCEPT WHAT HE SAYS, "HERE'S THE ALTERNATIVE."
13  YOU DID EXCLUDE THEM.
14         BUT THEN WHEN YOU RULED JMOL, YOU SAID, "WHEN HE MADE HIS
15  AFFIRMATIVE PROOF TO THE JURY, HE USED THE WRONG DATE.  HERE
16  ARE THE CORRECT DATES," WHICH IS WHAT YOU SAID IN THE JMOL
17  ORDER.
18         AND THEN YOU SAID, "GIVEN THAT MR. MUSIKA HAS PASSED AWAY,
19  YOU CAN HAVE A REPLACEMENT EXPERT, MS. DAVIS, AND SHE IS TO
20  COMPUTE THE DAMAGES USING THOSE DATES."
21         OF COURSE THEY'RE NOT GOING TO BE IDENTICAL, BUT THEY'RE
22  GOING TO BE -- SOME OF THEM ARE IDENTICAL BECAUSE THE NOTICE
23  DATES ARE THE SAME THAT MR. WAGNER USED.
24         IF THIS WERE A LEGAL ISSUE RATHER THAN A FACTUAL ISSUE, AS
25  IT WAS IN THE FIRST TRIAL, IF THIS WERE -- IF, IN FACT, SHE WAS

| | |
|---|---|
| 1 | EXCLUDED FROM DOING A RECOMPUTATION ON THE BASIS OF YOUR |
| 2 | CORRECT DATES, THEN JMOL WOULD HAVE BEEN RENDERED. |
| 3 | AND AT WHAT -- NO ONE ASKED YOU FOR IT, YOUR HONOR, AND |
| 4 | THERE'S A GOOD REASON FOR IT.  NO ONE THOUGHT THIS WAS A LEGAL |
| 5 | ISSUE. |
| 6 | MR. MCELHINNY, AS WE CITE AND RECALL THE TRANSCRIPT, SAID, |
| 7 | YOUR HONOR, LAST WEEK THAT THERE'S A LEGAL ASPECT TO IT, BUT |
| 8 | THEN HE QUICKLY SAID, "HERE ARE THE FACTUAL ISSUES THAT HAVE TO |
| 9 | BE DECIDED ON THIS ISSUE." |
| 10 | AND SO TAKE -- I THINK IF WE LOOK AT WHAT -- YOU KNOW, |
| 11 | OFTEN, YOUR HONOR, WHAT PEOPLE DO, RATHER THAN WHAT WE SAY, IS |
| 12 | MOST INSTRUCTIVE.  IF THIS REALLY WERE OUT, WOULD WE REALLY |
| 13 | HAVE HAD A YEAR OF PROCEEDINGS TO GO AFTER OPINIONS THAT ARE |
| 14 | EXCLUDED?  WOULD WE REALLY HAVE HAD A YEAR OF ADDITIONAL |
| 15 | DISCOVERY TO GO AFTER OPINIONS THAT ARE IRRELEVANT BECAUSE THIS |
| 16 | IS A LEGAL MATTER? |
| 17 | THE ANSWER IS NO.  IT'S NOT A COINCIDENCE IT WASN'T MADE |
| 18 | THE FIRST TIME.  IT'S NOT A COINCIDENCE IT WASN'T MADE ON JMOL. |
| 19 | THE ISSUE IS WHAT <u>GRAIN PROCESSING</u> SAYS IS THE ISSUE, WERE |
| 20 | THERE NON-INFRINGING SUBSTITUTES DURING THE ACCOUNTING PERIOD? |
| 21 | MR. WAGNER IS GOING TO SAY NO AND EXPLAIN WHY. |
| 22 | WE'RE GOING TO SAY THERE WEREN'T FOR A PERIOD OF TIME AND |
| 23 | WE'RE GOING TO EXPLAIN WHY. |
| 24 | AND THAT'S FOR THE JURY TO DECIDE. |
| 25 | THE LAST POINT, YOUR HONOR, IS THE ALTERNATIVE COMPUTATION |