# EXHIBIT 3

Page 1

1            UNITED STATES DISTRICT COURT

2           NORTHERN DISTRICT OF CALIFORNIA

3                  SAN JOSE DIVISION

4    APPLE, INC., a California

5    Corporation,

6            Plaintiff,       Civil Action No.

7      vs.                    11-CV-01846-LHK

8    SAMSUNG ELECTRONICS CO., LTD.,

9    et. al.,

10           Defendants.

11   _____/

12

13

14   HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY

15       VIDEOTAPED DEPOSITION OF JULIE DAVIS

16                CHICAGO, ILLINOIS

17            MONDAY, AUGUST 26, 2013

18

19

20

21

22

23   Reported by:

24   DEBORAH HABIAN, RMR, CRR, CLR

25   JOB NO. 65086

Highly Confidential - Outside Counsels' Eyes Only

Page 2

1
2
3
4
5        August 26, 2013
6          8:33 a.m.
7
8
9      The videotaped deposition of Julie Davis,
10   held at the offices of QUINN EMANUEL URQUHART &
11   SULLIVAN, 500 West Madison Street, Suite 2450,
12   Chicago, Illinois, before Deborah Habian, a
13   Registered Merit Reporter, a Certified Realtime
14   Reporter,  Certified LiveNote Reporter and
15   Certified Shorthand Reporter of the State of
16   Illinois.
17
18
19
20
21
22
23
24
25

Highly Confidential - Outside Counsels' Eyes Only

```
                                                         Page 3
 1         A P P E A R A N C E S:
 2
 3   FOR APPLE, INC.
 4
 5         MORRISON & FOERSTER
 6           BY:   RACHEL KREVANS, ESQ.
 7           425 Market Street
 8           San Francisco, California   94105
 9                 and
10
11           BY:   ERIK OLSON, ESQ.
12           755 Page Mill Road
13           Palo Alto, California   94304
14
15
16
17         WILMERHALE
18           BY:   JAMES QUARLES, III, ESQ.
19           1875 Pennsylvania Avenue
20           Washington, D.C.   20006
21
22
23
24
25
```

```
                                                          Page 4
 1    (CONTINUED)
 2              A P P E A R A N C E S:
 3
 4   FOR THE SAMSUNG ENTITIES:
 5
 6          QUINN EMANUEL URQUHART &
 7          SULLIVAN
 8          BY:  ANTHONY ALDEN, ESQ.
 9               VICTORIA MAROULIS, ESQ.
10          865 South Figueroa Street
11          Los Angeles, California  90017
12
13
14
15
16
17
18
19   ALSO PRESENT:
20          GREGORY A. PINSONNEAULT
21          DIRECTOR/CEO LITINOMICS
22
23          JEREMY MANGAN
24          VIDEOGRAPHER
25
```

Page 109

1    that correct?
2         A.   I do not recall any documents on
3    Exhibit 24-PT that relate specifically to the
4    placement of the speakers.
5         Q.   We're going to switch topics now.           10:57AM
6              In addressing the availability of lost
7    profits, at what point in time is the
8    availability of acceptable noninfringement
9    alternative relevant?
10        A.   That would be relevant during the          10:57AM
11   damages period in which I compute lost profits.
12        Q.   At what point in time, though?  When
13   does the availability start?
14        A.   For the '381 patent, that would start
15   in August of 2010.  For the '915 and the '677       10:57AM
16   patent, it would start in April of 2011, as I
17   recall, and the remaining patent, the '163, as I
18   recall, starts in June based upon the judge's
19   order.
20        Q.   Now, when does the availability of         10:58AM
21   acceptable noninfringement alternatives become
22   relevant?  It's a slightly different question
23   than damages period.
24        A.   I view them to be related, though,
25   because the acceptability -- or the availability    10:58AM

Highly Confidential - Outside Counsels' Eyes Only

Page 110

1    of acceptable substitutes is only relevant
2    during the damages period and more specifically,
3    only relevant during the lost profits period,
4    and I just gave you when those periods start.
5         Q.   When did you assume they started?  Did          10:58AM
6    you assume they started on the notice date, the
7    availability of noninfringement alternatives?
8         A.   That's the date upon which I've
9    considered the availability of such alternatives
10   and determined that the design-around period              10:59AM
11   needs to be considered in order to address that
12   question.
13        Q.   How did you come to consider that as
14   the starting point?  Was it given to you by
15   attorneys?                                                 10:59AM
16        A.   As I've explained in my report, I don't
17   see how Samsung can design around a patent until
18   it's notified of its existence and the fact that
19   it's infringing.  Because I know what those
20   notice dates are as determined by the judge,              10:59AM
21   that would be the first date that Samsung could
22   be assumed to start a design-around.
23        Q.   Do you believe it is appropriate to
24   calculate availability of acceptable
25   noninfringement alternatives at a different date         11:00AM