QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S ADMINISTRATIVE MOTION FOR ORDER STRIKING APPLE'S LETTER BRIEF DATED OCTOBER 25, 2013 OR, ALTERNATIVELY, FOR LEAVE TO SUBMIT RESPONSE**<br><br>Place:   Courtroom 5, Fifth Floor<br>Judge:   Hon. Paul Singh Grewal |

Pursuant to Civil L.R. 7-11, defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby bring this administrative motion for an Order striking the improper letter brief filed by Apple, Inc. ("Apple") at 7:34 p.m. on Friday, October 25, 2013 (Dkt. 2595 – the "Letter"), or, alternatively, for leave to submit the proposed response to the Letter Brief attached as Exhibit A hereto.

On October 27, 2013, counsel for Samsung contacted counsel for Apple to obtain their position on this request for relief.  Apple's counsel responded by stating that it "received confirmation on Friday from Mr. Rivera in Judge Grewal's chambers that we could file the letter from Mr. Lee" and that it does "not oppose Samsung filing a letter in response of similar length."

## ARGUMENT

Apple's belated, unauthorized submission of the Letter violates several Court rules and practices, any one of which independently justifies an Order striking it from the record.

*First,* such letters to the Court are not authorized.  Local Rule 11-4(c), governing "Standards of Professional Conduct," provides that "an attorney or party to an action must refrain from making telephone calls or writing letters or sending copies of communications between counsel to the assigned Judge or the Judge's law clerks or otherwise communicating with a Judge or the Judge's staff regarding a pending matter, without prior notice to opposing counsel."  Apple provided no prior notice to Samsung before filing the Letter, in violation of the Local Rules.

*Second,* the Letter violates the briefing schedule and limitations imposed by the Court regarding Apple's motion for sanctions.  In its October 2 Order, the Court permitted each party to file a single supplemental brief not to exceed 15-pages by no later than 9 a.m. on October 21. Dkt. 2483 at 6.  Apple's Letter —a single-spaced, two-page letter that would translate to several pages of additional briefing if it had been prepared in accordance with the format rules that apply to the presentation of legal briefs—violates both the deadline and length limits set by the Court in its October 2 Order.

***Third,*** the Letter violates the Local Rules' prohibition against filing supplementary materials after the close of briefing on a motion. Under Local Rule 7-3(d), once briefing is complete on a motion, a party may not file "supplementary material" in support of a motion, including "papers or letters," without "prior Court approval." Apple neither sought nor obtained such approval here. Nor are the matters raised in the Letter among the limited types of issues that may be raised in a supplemental brief following the close of briefing. *See* L.R. 7-3(d)(1)-(2).

***Fourth,*** Apple requests new affirmative relief in the Letter in the form of an order requiring Samsung "to provide Apple's counsel with unredacted versions of its filings with the Court." Not only is this an issue that was previously well known to Apple and therefore not the proper subject of its belated Letter, but the Rules mandate that a party seeking affirmative relief must comply with this Court's notice requirements. L.R. 7-2(a) ("all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion"). Here, Apple has made no motion that fulfills these requirements as to the relief it purports to ask for in the Letter. Moreover, Apple never met and conferred on the relief it seeks, which further and independently violates this Court's requirements for a lead counsel meet and confer before the filing of any discovery motion. *See*, *e.g.*, Dkt. No. 187 at 1:23-24; Dkt. No. 537 at 1-2 (denying Apple's request for discovery relief because of Apple's failure to meet and confer); Dkt. No. 811 at 1-2 (declining to provide relief from meet and confer requirement).

For all the foregoing reasons, the Court should strike Apple's improper Letter. In the alternative, if the Court is inclined to permit the filing of the Letter, then Samsung should be given leave to file the response brief attached as Exhibit A hereto.

1  DATED: October 28, 2013        Respectfully submitted,

2                                 QUINN EMANUEL URQUHART & SULLIVAN, LLP

3

4
                                    By /s/  Victoria F. Maroulis
5                                       Charles K. Verhoeven
                                        Kevin P.B. Johnson
6                                       Victoria F. Maroulis
                                        Michael T. Zeller
7

8                                       Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
                                        SAMSUNG ELECTRONICS AMERICA, INC. and
9                                       SAMSUNG TELECOMMUNICATIONS AMERICA,
                                        LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28