| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| ERIK J. OLSON (CA SBN 175815) | Telephone: (617) 526-6000 |
| ejolson@mofo.com | Facsimile: (617) 526-5000 |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | MARK D. SELWYN (SBN 244180) |
| San Francisco, California  94105-2482 | mark.selwyn@wilmerhale.com |
| Telephone:  (415) 268-7000 | WILMER CUTLER PICKERING |
| Facsimile:  (415) 268-7522 | HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| Attorneys for Plaintiff and | Telephone: (650) 858-6000 |
| Counterclaim-Defendant APPLE INC. | Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.    11-cv-01846-LHK (PSG) |
| Plaintiff, | **APPLE'S STATEMENT REGARDING WHETHER INFUSE 4G AND DROID CHARGE ARE GALAXY PHONES** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Samsung's theory that Apple's April 15, 2011, Complaint failed to provide actual notice for some new trial products, including the Infuse 4G and Droid Charge, is new[1] and contradicted by the evidence.  At trial, Justin Denison, STA's Chief Strategy Officer, testified that the Infuse 4G was "part of the Galaxy family of phones."  (Trial Tr. 790:17-791:8, 949:20-950:8.)  A Samsung designer described the Droid Charge as among the "Galaxy S phone[s]" he had worked on.  (Zhang Decl. Ex. 3 at 25:20-26:3.)  Samsung's 30(b)(6) witness, Shoneel Kolhatkar, had no basis to disagree—in fact he admitted Samsung had specific requirements for phones eligible to be called "Galaxy," and that the Infuse 4G and the Droid Charge met all the requirements.  (*Id.* Ex. 4 at 112:23-113:7, *see also* 27:11-19, 48:7-20, 63:14-18, 103:15-24.)  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* Ex. 5 at 4.)  As Mr. Kolhatkar testified, "Stealth became Droid Charge and Dempsey became Infuse 4G."  (*Id.* Ex. 4 at 24:12-24; *see also* 18:25-19:7.)  STA's Public Relations Director used the Infuse 4G to demonstrate publicly in the United States feature he called "one of the differentiators for the Galaxy S Series of phones."  (*Id.* at 100:14-104:21.)  The Droid Charge has that same differentiator, (*id.* at 105:1-18), and "the same basic specifications" as the phone marketed as the Galaxy S Aviator.  (Dkt. No. 2572 ¶ 7.)  In fact, now that Samsung has revealed the actual "Galaxy" criteria, it is clear that the Nexus S 4G, another phone that Samsung alleges is not part of the Galaxy family, is also a Galaxy.  (Zhang Decl. Ex. 6 at 15 (SAMNDCA00401739) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; Ex. 7 at 11:18-12:1, 23:11-24:14 (Samsung engineer Dr. Seo testified Crespo is Nexus S

---

[1] Samsung never made this contention in the first trial.  Samsung argued in the Pretrial Conference that DX781, a Wagner exhibit, preserved this contention.  (10/17/13 Hr'g Tr. 117:14-24, 118:24-119:16.)  But Mr. Wagner never contended at trial that the notice date for Infuse 4G should be June 16, 2011.  Rather, he testified to having "no information as to when actual notice occurred."  (Trial Tr. 3032:13-3033:1.)  SDX3965.009, the demonstrative Mr. Wagner used to explain his calculations to the jury, states that the "Earliest date of notice" for Infuse 4G and Droid Charge is the date of the "Complaint;" and lists "Amended Complaint" only for two *other* phones.  (Decl. of Patrick J. Zhang in Support of Apple's Statement Re Infuse 4G and Droid Charge ("Zhang Decl.") Ex. 1; Trial Tr. 3033:2-6.)  DX781 was not presented as a statement of the correct notice dates, but of damages amounts allegedly resulting from using different assumed notice dates; and nothing in DX781 shows June 16, 2011 for Infuse 4G or Droid Charge except two pages showing that date for *every* accused Samsung phone.  (Zhang Decl. Ex. 2.)

4G).)

Mr. Kolhatkar admitted that Samsung developed these phones to be marketed as part of the Galaxy line (Zhang Decl. Ex. 4 at 24:6-24.)  His sole reason for denying that they are "Galaxy" phones was AT&T and Verizon's decision not to market them as "Galax[ies]."  (Dkt. No. 2572 ¶¶ 4, 6; Zhang Decl. Ex. 4 at 27:20-28:9, 33:3-17, 62:15-63:5, 75:12-23, 82:23-83:21, 111:11-112:21.)  But Mr. Kolhatkar agreed that "as far as the physical hardware, the functionality and features of the phone, it would have been appropriate if the carriers had decided to call them Galaxy S phones."  (Zhang Decl. Ex. 4 at 27:11-19.)  Mr. Kolhatkar's declaration also misleadingly suggests that Samsung never proposed to U.S. carriers that they should market the Infuse 4G and Droid Charge as "Galax[ies]."  (Dkt. No. 2572 ¶¶ 4-6.)  However, his deposition established that as of September 2010, STA's "[b]asic goal is that Stealth and Dempsey are Galaxy S products, but promoted by carrier to help us build the brand."[2]  He admitted that Samsung had "a specific discussion with AT&T about taking the Galaxy S brand" for the Infuse 4G.  (Zhang Decl. Ex. 4 at 38:7-10; Ex. 9 at 2.)  Samsung prepared mock-ups of the Stealth with the "Galaxy S" logo, (*id*. Ex. 10), and asked "[h]as Verizon made a decision yet on Stealth branding?  Android versus Galaxy S."  (*Id*. Ex. 11 at 2.)  Verizon announced the "Droid Charge" on January 6, 2011.  (Dkt. No. 2401 at Schedule 6.3-NT.)  On January 10, 2011, STA's "Head of Design Group" wrote to Verizon that "Samsung will forego our Galaxy S global brand of Smartphone to fully support Verizon Wireless' strategy . . . ."  (*Id*., Ex. 12 at 3.)

The objective evidence shows that "Samsung's Galaxy family" was sufficient notice to cover Infuse 4G and Droid Charge, and the Nexus S 4G as well.  *See SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, No. C-91-2191 WHO, 1996 U.S. Dist. LEXIS 22972, at *24-26 (N.D. Cal. May 17, 1996) (finding notice as to certain ultrasound products sufficient as to all infringing products "within the same 'family'").  Samsung's request for a contrary ruling should be denied.

---

[2] This was stated in a September 28, 2010 email to Mr. Kolhatkar and others from his then-boss, Nicholas DiCarlo (who had the same position at the time that Mr. Kolhatkar now holds).  (Zhang Decl. Ex. 8 at 1.)  Mr. Kolhatkar also testified repeatedly to Samsung's goal.  (*Id*. Ex. 4 at 24:6-25:6, 26:21-27:10, 30:9-32:4, 38:11-39:13, 41:14-42:2, 45:19-25, 86:11-87:20.)

Dated: October 28, 2013                     MORRISON & FOERSTER LLP

                                            By:   */s/ Harold J. McElhinny*
                                                  HAROLD J. MCELHINNY

                                            Attorneys for Plaintiff
                                            APPLE INC.