Scott R. Mosko (State Bar No. 106070)
scott.mosko@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California 94304-1203
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

Attorneys for Third Parties
HTC America Inc., HTC Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean Corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York Corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware Limited Liability Company, <br><br> Defendants. | CASE NO. 11-cv-01846-LHK <br><br> **THIRD PARTIES HTC AMERICA, INC., AND HTC CORPORATION'S RESPONSE TO SAMSUNG'S MOTION TO SEAL REGARDING SAMSUNG'S PROFFER OF HTC LICENSE** |

1   Third parties HTC America, Inc. and HTC Corporation (collectively "HTC") submit this
2   response to Samsung's recently-filed Motion to seal. (Docket No. 2573)
3   Samsung's Motion identifies three documents that HTC presumes have been lodged with this
4   Court: (a) "Samsung's Proffer," (b) portions of the Michael J. Wagner deposition that it has attached
5   to the Carl G. Anderson declaration, and (c) portions of the Julie Davis deposition that it has
6   attached to the Anderson declaration. Samsung correctly determined that these documents contain
7   information that was taken from a previously-sealed Agreement between HTC and Apple. HTC
8   files this pleading and the accompanying Declaration of Scott R. Mosko pursuant to Civil L.R. 79-5,
9   to urge this Court direct that portions from two of these documents, *i.e.,* the Samsung Proffer and the
10  Wagner deposition transcript be redacted before they are filed publicly.

11  I.   BACKGROUND

12  After the first trial in this case, Apple and HTC entered into an Agreement that is the subject
13  of Samsung's current motion to seal. During post-trial proceedings, Samsung lodged this
14  Agreement with the Court and, concurrently with that lodging, filed a motion to file it under seal. In
15  response to this 2012 Motion to File under seal, HTC filed a response (Docket No. 2186--attached as
16  Exhibit 1 to the accompanying Mosko declaration) and the Lam Declaration (Docket No. 2186-1--
17  attached as Exhibit 2 to the accompanying Mosko declaration that supported it's position that this
18  Agreement contained confidential information. In that pleading, HTC specifically identified those
19  portions of the Agreement that contained confidential information in urging that this Court authorize
20  only a redacted version to be publicly filed. This Court agreed with HTC's proposed redactions, and
21  ordered that only the redacted version be made public. (Docket No. 2192) A copy of this Order is
22  attached to the Mosko Declaration as Exhibit 3 for the Court's convenience. The public version of
23  this Agreement was eventually filed. (Docket No. 2182-5)

24  II.  SAMSUNG'S CURRENT REQUEST AND APPLE'S RESPONSE

25  Samsung's current motion (Docket No. 2573) now seeks to file three new documents,
26  referenced in the second paragraph, above, under seal. Samsung correctly determined two out of the
27  three contain information or terms from the HTC/Apple Agreement. On October 25, 2013, Apple
28  filed the "Declaration of Nathan Sabri in Support of Samsung's Motion to Seal Regarding

Samsung's Proffer of HTC License." (Docket No. 2594). HTC understands that Apple has submitted a highlighted portion of Samsung's Proffer (referred to as (a) in the second paragraph, above), and a highlighted portion of the Wagner deposition excerpts (referred to as (b) in the second paragraph, above). HTC understands that these highlights correspond to Apple's conclusions as to which portions of these documents should be redacted before they are publicly filed.

### III. ALL REFERENCES TO TERMS IN THE PREVIOUSLY-REDACTED HTC/APPLE AGREEMENT MUST REMAIN CONFIDENTIAL AND THEREFORE MUST BE REDACTED FROM ANY PUBLIC FILING

For the reasons asserted in HTC's earlier pleadings (Exs. 1 and 2 to the Mosko Declaration) that sought redactions to the HTC/Apple Agreement, HTC agrees with Apple regarding its proposed highlights of the Wagner deposition. Apple's proposed redactions correspond to terms in that Agreement that this Court redacted from the public version.

Regarding the Samsung Proffer, (referred to as (a) in the second paragraph, above), in addition to the redactions proposed by Apple, HTC believes two other redactions have to be made to this pleading before it can be publicly filed. Specifically at page 1, lines 9 - 11; page 1, line 15; and page 1, the second half of line 22. HTC proposes these additional redactions because they encompass a term in the HTC/Apple agreement that this Court sealed. Specifically, HTC seeks to exclude from the public version the reference to the royalty term in the Samsung Proffer. This Court has previously excluded licensing terms from the public, particularly those involving royalty rates. *Apple Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-0146 (Aug. 9, 2012 N.D. Cal.); citing *In re Electronic Arts,* 298 Fed. App'x 568, 569 (9th Cir. 2008). Disclosure of this information will likely place HTC at a competitive disadvantage, as stated in Lam declaration upon which this Court likely relied in excluding royalty-related terms from the public version of this Agreement.

Indeed, in the public version of the agreement at docket No. 2182-5, this Court ordered that Section 6.1 and 6.2, located on page 14 that corresponds to production number APLNDC-Y0000408255, to be redacted. HTC's proposed redactions correspond to one of the terms in Paragraph 6.1, specifically as it concerns royalties. As indicated in paragraph 5 of the Lam Declaration, attached to the Mosko Declaration as Exhibit 3, all of section 6 and other sections in the

1  HTC/Apple Agreement ". . . identify the royalty terms and determination of when and how the
2  royalty will be calculated, bank account details and the like."  These confidential royalty terms
3  constitute trade secrets that would cause HTC irreparable harm if publicly disclosed.  Additionally,
4  these are financial details that competitors do not disclose to each other and would place HTC at a
5  significant competitive disadvantage if disclosed."  Consistent with this Court's earlier Redaction
6  Order (Docket No. 2192), attached to the Mosko Declaration as Exhibit 3, HTC believes that the
7  term found in the Samsung Proffer at page 1, lines 9 - 11; page 1, line 15; and page 1, the second
8  half of line 22, should be redacted in addition to the proposed redactions by Apple.
9        For the Court's convenience, HTC attaches to the Mosko Declaration a Proposed Redacted
10 copy of the Samsung Proffer that contains Apple's suggested redactions and the additional
11 redactions proposed by HTC.  (Mosko Decl. Ex. 4)
12       IV.    HTC'S REQUEST FOR NOTIFICATION AND COURTROOM SEALING
13       Consistent with its previous filings (Mosko Decl. Exs 1 and 2--Docket Nos.  2186 and 2186-
14 1) and this Court's Order agreeing with HTC that its proposed redactions should not be made public
15 (Mosko Decl. Ex. 3--Docket No. 2192), HTC seeks to protect its confidential information from
16 becoming public.  HTC has been advised that one or both of the parties in this action may seek to
17 either introduce the HTC/Apple Agreement (Docket No. 2182-5) or provide testimony about its
18 terms at the upcoming trial.  In the event that either party seeks to offer such testimony, HTC
19 respectfully asks the Court to direct that the parties provide at least 24 hours' notice to HTC, and
20 provide HTC the opportunity to file appropriate pleadings to protect its confidential information.
21 Additionally in the event either intends to offer such testimony, HTC respectfully requests an Order
22 closing the Courtroom during the time such testimony is offered.

23
24 Dated:  October 29, 2013                FINNEGAN, HENDERSON, FARABOW,
                                                         GARRETT & DUNNER, LLP
25
26                                         By: */s/ Scott R. Mosko*
                                             Scott R. Mosko
27
                                        Attorneys for Third Parties
28                                         HTC America Inc., and HTC Corporation