# EXHIBIT 1

**to Declaration of Scott R. Mosko in Support of Samsung's Administrative Motion to File Documents Under Seal**

1  Scott R. Mosko (State Bar. No. 106070)
   scott.mosko@finnegan.com
2  FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, LLP
3  Stanford Research Park
   3300 Hillview Avenue
4  Palo Alto, California 94304-1203
   Telephone: (650) 849-6600
5  Facsimile: (650) 849-6666
6
7  Attorneys for Third Parties
   HTC America Inc., HTC Corporation
8  and S3G Graphics Co. Ltd.

9                    UNITED STATES DISTRICT COURT
10                 NORTHERN DISTRICT OF CALIFORNIA
                          SAN JOSE DIVISION
11

12
   APPLE INC., a California Corporation,          Case No. 11-cv-01846-LHK
13
                           Plaintiff,             **THIRD PARTIES HTC AMERICA
14          v.                                    INC., HTC CORPORATION AND S3G
                                                  GRAPHICS CO. LTD.'S RESPONSE
15 SAMSUNG ELECTRONICS CO., LTD., a               TO MOTION TO FILE UNDER SEAL**
   Korean Corporation; SAMSUNG
16 ELECTRONICS AMERICA, INC., a New York
   Corporation; SAMSUNG                           Judge: Honorable Lucy H. Koh
17 TELECOMMUNICATIONS AMERICA, LLC, a
   Delaware Limited Liability Company,
18
19                         Defendants.
20

21
22
23
24
25
26
27
28

## I.    INTRODUCTION

Third-parties HTC America Inc., HTC Corporation and S3G Graphics Co. Ltd. ("collectively HTC") file this pleading, and the accompanying Declaration of Vincent Lam consistent with this Court's earlier order, Docket No. 1288 in support of Samsung's administrative motion to file HTC's agreement with Apple Computer ("the HTC/Apple Agreement") under seal (Dkt. No. 2182), and pursuant to Civil L.R. 79-5.  In response to Samsung's first motion to file under seal, the Court acknowledged that this agreement has confidential information in it that must be redacted before it can be publicly filed.  (Dkt. No. 2168).  The parties to the HTC/Apple Agreement have reviewed the guidance provided by the Court as to which portions of the agreement should be redacted.  Samsung filed a second motion to file this agreement under seal, this time attaching a version of the agreement redacted by HTC and Apple.  This pleading and the accompanying declaration of Vincent Lam provides support for the narrowly-tailored redactions that include highly confidential and trade secret information, which if published would likely assist HTC's competitors and opponents to HTC's detriment.  This redacted version strikes a reasonable balance between the public's right to access to matters asserted in the pending Motion for Permanent Injunction (that does not concern HTC), and the protection of third-party HTC's confidential information.

## II.    THE REDACTIONS IN THE HTC/APPLE AGREEMENT ONLY EXCLUDE TERMS THAT COMPETITORS AND OPPONENTS COULD USE TO HTC'S DETRIMENT

Although the proposed use of the HTC/Apple Agreement does not arise in the course of a dispositive motion or at trial, this Court has determined that the compelling reason standard set forth by the Ninth Circuit[1] shall apply.  (Dkt. No. 2168).  The accompanying Declaration of Vincent Lam establishes that compelling reasons support the redactions made to this Agreement.  The sections to be redacted concern pricing terms, royalty rates, or the process by which the royalty unit is calculated that, if publicly disclosed, would place HTC at a competitive disadvantage.  This Court

---

[1] HTC submits that the appropriated standard is "good cause" pursuant to *Pintos v. Pac. Criditors Ass'n.*, 605 F.3d 665, 678 (9th Cir. 2010).  Nevertheless, in this case, the proposed redactions meet both the "compelling interest" and "good cause" standards, as demonstrated herein.

has recognized that such terms are appropriately sealed in according such protection to third parties in this case, holding that "pricing terms, royalty rates, and guaranteed minimum payment terms" plainly fall within the definition of "trade secrets" for purposes of sealing motions. (Dkt. No. 1649, *citing In Re Electronic Arts,* 298 Fed. App'x 568, 568-70 (9th Cir. 2008)). In ruling on third party motions regarding license agreements offered at trial, this Court further affirmed that "the *Electronic Arts* court adopted the definition of 'trade secret' propounded by the Restatement of Torts as something 'consisting of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it. *Id.* (*citing Restatement of Torts* § 757, cmt. b). Accordingly, the Court will seal all information related to licensing agreements' pricing terms, royalty rates, and payments. The public release of such information would place these third-parties in a weakened bargaining position in future negotiations.'" *Id.*

The redactions made to the HTC/Apple Agreement are consistent with the above analysis provided by the Court. The HTC/Apple Agreement resolved a lengthy series of patent litigation matters between HTC and Apple, and embodies the parties' private commercial resolution. (Lam Dec., ¶ 3). HTC negotiated in good faith the confidential license terms here at issue, which HTC believes contain confidential information that HTC regards as highly valuable proprietary information. Disclosure of those terms—such as prices, conditions of use, forbearance and restrictions—would place HTC at an unfair competitive disadvantage by unveiling the blueprint of specific technical and financial conditions under which HTC does business in the market for smartphone technology. (*Id.*, at ¶¶ 3 - 6). As a matter of public policy, and in the interests of promoting judicial economy and to promote settlements, HTC should not be penalized for reaching a settlement of its hard-fought litigation with Apple by having its confidential business information disclosed to its competitors and opponents in the smartphone market. If this agreement is publicly filed, the current redactions should remain in any such filing.

In particular, as established in the Lam Dec., sections 6, 8, and 11 of the HTC/Apple Agreement, and Exhibits B, C and D thereto, disclose confidential pricing of the royalty terms of the license and settlement agreement. (Lam Dec., ¶ 5). In addition, portions of section 1 of the

HTC AMERICA INC., HTC CORPORATION AND S3G GRAPHICS
CO. LTD. MOTION TO FILE UNDER SEAL
Case No. 11-cv-01846-LHK

agreement disclose the manner in which a royalty unit is defined and the process by which the financial terms are to be calculated. This information sets forth the confidential business structure negotiated for and achieved by the license and settlement. Such confidential financial information constitutes HTC's trade secrets. (Lam Dec., ¶ 6).

If the Court were to order the parties to publish these private, competitive-sensitive details that have been redacted, HTC's competitors and opponents could likely use this information to set rates or prices for products or otherwise unfairly compete. (Lam Dec., ¶¶ 3 - 6). This is precisely the concern that *In Re Electronic Arts* addressed. Moreover, HTC had an expectation of privacy in these terms as Apple agreed to maintain them in confidence and HTC is no longer in litigation with Apple. (Lam Dec., ¶ 3). Public disclosure of these details would cause HTC irreparable harm and unfairly put it at a competitive disadvantage in future negotiations or dealings with its competitors and opponents in the market. (Lam Dec., ¶¶ 5,6; Dkt. No. 1629 at 21; *In re Elect Arts, Inc.*, at 569-70). HTC is currently a party in more than 50 United states patent litigation cases (Lam Dec., ¶ 6). Indeed, if HTC's current and future opponents knew the details redacted in this agreement, HTC would be substantially and unfairly disadvantaged in its attempts to negotiate any resolution.

According to Samsung and Judge Grewal, the HTC/Apple Agreement has limited relevance in this case. Samsung only contends that this agreement is proof that Apple was willing and in fact has entered into license agreements concerning at least some of the patents at issue in this case. Samsung asserts these facts in opposition to Apple's motion for permanent injunction. (Dkt. No. 2144). Hence the terms and details HTC has redacted are irrelevant to this case. Accordingly, no legitimate public interest exists for making those terms publicly available. *MMI, Inc. v. Baja, Inc.*, 743 F. Supp. 2d 1101, 1106 (D. Ariz. 2010). Importantly, HTC does not seek to redact the patents Apple has licensed to HTC, nor the fact of the license. (Lam Dec., ¶ 4). The public's "right to inspect and copy judicial records is not absolute", and "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 433 U.S. 589, 598 (1978).

1    In sum, HTC's redactions are sufficiently particularized, and HTC has demonstrated

2    compelling reasons to protect the identified portions of HTC/Apple Agreement, the redacted form of

3    which is attached to the Declaration of Robert Becher, at Docket No. 2182-4.  Moreover, the request

4    is narrowly tailored to protect HTC's interests while balancing the public interest in having access to

5    information relevant to the litigation.

6

7

8    Dated: December 5, 2012                    FINNEGAN, HENDERSON, FARABOW,
                                                  GARRETT & DUNNER, LLP
9

10

11                                               By:_____ /s/ Scott R. Mosko_____
                                                         Scott R. Mosko
12
                                                 Attorneys for Third Parties
13                                               HTC America Inc., HTC Corporation and S3G
                                                 Graphics Co. Ltd.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HTC AMERICA INC., HTC CORPORATION AND S3G GRAPHICS
CO. LTD. MOTION TO FILE UNDER SEAL
Case No. 11-cv-01846-LHK