Exhibit J
(Submitted Under Seal)

Highly Confidential

Page 1

1                UNITED STATES DISTRICT COURT

2               NORTHERN DISTRICT OF CALIFORNIA

3                    SAN JOSE DIVISION

4    APPLE INC., a California          )

     corporation,                      )

5                                      )

                       Plaintiff,      )

6                                      )

          vs.                          )   No: 11-cv-01846-LHK

7                                      )

     SAMSUNG ELECTRONICS CO., LTD,     )

8    a Korean business entity;         )

     SAMSUNG ELECTRONICS AMERICA,      )

9    INC., a New York corporation;     )

     SAMSUNG TELECOMMUNICATIONS        )

10   AMERICA, LLC, a Delaware          )

     limited liability company         )

11                                     )

                       Defendants.     )

12   _____)

13

14

15             ** HIGHLY CONFIDENTIAL **

16           DEPOSITION OF TERRY MUSIKA

17           Redwood Shores, California

18                 May 14, 2012

19

20

21

22

23   Reported By:

24   LINDA VACCAREZZA, RPR, CLR, CRP, CSR. NO. 10201

25   JOB NO. 48801

Highly Confidential

Page 2

1

2

3

4                                    May 14, 2012

5                                     9:00 a.m.

6

7

8              Videotaped deposition of

9         TERRY MUSIKA, held at held at

10        Quinn Emanuel Urquhart & Sullivan,

11        333 Twin Dolphin Drive, Redwood

12        Shores, pursuant to Subpoena

13        before Linda Vaccarezza, a

14        Certified Shorthand Reporter of

15        the State of California.

16

17

18

19

20

21

22

23

24

25

Highly Confidential

Page 3

```
 1          A P P E A R A N C E S:

 2               QUINN EMANUEL URQUHART & SULLIVAN

 3               Attorneys for Defendants

 4                    50 California Street

 5                    San Francisco, California 94111

 6          BY:  VICTORIA F. MAROULIS, ESQ.

 7

 8

 9

10          MORRISON & FOERSTER

11          Attorneys for Plaintiff

12                    755 Page Mill Road

13                    Palo Alto, California 94304

14          BY:  ERIK J. OLSON, ESQ.

15

16

17

            WILMERHALE

18

            Attorneys for Plaintiff

19

                    60 State Street

20

                    Boston, Massachusetts 02109

21

            BY:  MICHAEL R. HEYISON, ESQ.

22

23

24

25     VIDEOGRAPHER:  Alexei Dias
```

Highly Confidential

Page 5

1                        TERRY MUSIKA,

2                  having been duly sworn,

3    by the Certified Shorthand Reporter, was examined

4    and testified as follows:

5                     EXAMINATION                          09:10

6    BY MS. MAROULIS:

7         Q.    Good morning, Mr. Musika.  How are

8    you today?

9         A.    Good morning.  I'm fine, thank

10   you.                                                 09:10

11        Q.    Are you appearing today as an

12   expert witness on behalf of Apple?

13        A.    Yes.

14        Q.    And did you prepare several expert

15   reports in this case?                                09:10

16        A.    Yes.

17        Q.    The court reporter is going to

18   hand you what's been marked as Exhibit 1 for

19   identification.  Please confirm that this is your

20   expert report that you submitted on March 22,       09:10

21   2012, addressing the subject of Apple's alleged

22   damages and alleged irreparable harm.

23              (Exhibit 1 was marked for

24         identification.)

25              THE WITNESS:  Appears to be.             09:10

Highly Confidential

Page 147

1    what I now understand to be fixed costs as

2    identified by Samsung.

3              So that number, that number being

4    the 4 billion that you're roundly referring to,

5    includes, even by Samsung's own admissions, fixed          01:12

6    costs which are not product costs, which should

7    not be deducted unless there's some evidence that

8    comes forth with respect to their relationship or

9    association with the product.  So no, it actually

10   could be less, not more.                                    01:12

11        Q.    If you think it's less, what is

12   your fair estimate of Samsung's costs in this

13   case?

14        A.    I'll repeat my earlier opinion.  I

15   think that the responsibility, as I understand            01:12

16   it, is to produce damages on the basis of

17   revenue, and that the defendant has the burden

18   and the responsibility to produce the costs.

19              Thus far, the costs which are

20   questionable but the most reliable out of the            01:13

21   group of costs would be the product costs that

22   are identified as variable, and that amount would

23   be close to the gross profit amount, or 4 billion

24   in costs.

25        Q.    Based on the data produced by                  01:13

Highly Confidential

Page 163

1    connection with this deposition.

2            MS. MAROULIS:  Please formally

3    instruct the witness on record.

4            MR. OLSON:  I am.  I'm instructing

5    him that and we are terminating this                01:34

6    deposition based on the court's order.

7            MS. MAROULIS:  Are you going to

8    follow your counsel's instruction?

9            THE WITNESS:  Yes, I am.

10            MS. MAROULIS:  Thank you,                    01:34

11   Mr. Musika.  I don't have any further

12   questions today.

13            THE VIDEOGRAPHER:  This is the end

14   of today's deposition.  The time is

15   1:34 p.m. and we are now --                          01:34

16            MR. OLSON:  Before we go off the

17   record, can we designate this transcript

18   highly confidential --

19            MS. MAROULIS:  Yes.

20            MR. OLSON:  -- in connection with           01:35

21   the protective order.

22            THE VIDEOGRAPHER:  Off the record

23   at 1:34 p.m.

24      (Time noted:  1:34 p.m.)

25

Highly Confidential

Page 164

1

2

3

4

                              _____

5                                 TERRY MUSIKA

6

7

8          Subscribed and sworn to before me

9          This       day of                , 2012.

10         _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Highly Confidential

Page 165

1                C E R T I F I C A T E

2      STATE OF CALIFORNIA        )

3                                 )

4      COUNTY OF SAN FRANCISCO )

5            I, LINDA VACCAREZZA, a Certified

6      Shorthand Reporter for the State of

7      California, do hereby certify:

8            That TERRY MUSIKA, the witness whose

9      deposition is hereinbefore set forth, was

10     duly sworn by me and that such deposition

11     is a true record of the testimony given

12     by such witness.

13           I further certify that I am not

14     related to any of the parties to this

15     action by blood or marriage; and that I

16     am in no way interested in the outcome of

17     this matter.

18           IN WITNESS WHEREOF, I have hereunto

19     set my hand this 14th day of May, 2012.

20

21     _____

22      LINDA VACCAREZZA, CSR. NO. 10201

23

24

25