Exhibit K
(Submitted Under Seal)

688

```
 1              UNITED STATES DISTRICT COURT

 2              NORTHERN DISTRICT OF CALIFORNIA

 3                   SAN JOSE DIVISION

 4   ------------------------------------:

 5   APPLE INC., a California corporation,:

 6              Plaintiff,              :

 7         v.                           :

 8   SAMSUNG ELECTRONICS CO., LTD., a    :Civil Action No.

 9   Korean business entity, SAMSUNG     :11-CV-01846-LHK

10   ELECTRONICS AMERICA, INC., a New    :

11   York corporation, and SAMSUNG      :

12   TELECOMMUNICATIONS AMERICA, LLC, a  :

13   Delaware limited liability company, :

14              Defendants.             :

15   ------------------------------------:

16   (Caption continued on next page.)

17       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

18                   VOLUME 4

19     Videotaped Deposition of MICHAEL J. WAGNER

20              Palo Alto, California

21              Tuesday, August 20, 2013

22                   8:04 a.m.

23   Job No.: 42222

24   Pages: 688 - 963

25   Reported by:  Anne Torreano, CCSR, RPR, CCRR
```

689

1    (Caption continued from previous page.)

2    ------------------------------------:

3    SAMSUNG ELECTRONICS CO., LTD., a      :

4    Korean business entity, SAMSUNG       :

5    ELECTRONICS AMERICA, INC., a New      :

6    York corporation, and SAMSUNG         :

7    TELECOMMUNICATIONS AMERICA, LLC, a    :

8    Delaware limited liability company,   :

9    a California corporation,             :

10              Counterclaim-Plaintiff,   :

11       v.                                :

12   APPLE INC., a California corporation,:

13              Counterclaim-Defendant. :

14   ------------------------------------:

15      Videotaped deposition of MICHAEL J. WAGNER, held

16   at the offices of:

17

18      WILMER, CUTLER, PICKERING, HALE & DORR, LLP

19      950 Page Mill Road

20      Palo Alto, California 94304

21      (650) 858-6000

22

23      Pursuant to Notice, before Anne M. Torreano,

24   CCSR #10520, Registered Professional Reporter,

25   California Certified Realtime Reporter.

690

1                     A P P E A R A N C E S

2      FOR APPLE:

3              WILMER, CUTLER, PICKERING, HALE & DORR, LLP

4              BY:  JAMES QUARLES, III, ESQUIRE

5              1875 Pennsylvania Avenue, N.W.

6              Washington, D.C.  20006

7              (202) 663-6000

8

9

10             WILMER, CUTLER, PICKERING, HALE & DORR, LLP

11             BY:  ANDREW J. DANFORD, ESQUIRE

12             60 State Street

13             Boston, Massachusetts 02109

14             (617) 526-6000

15

16

17             MORRISON & FOERSTER, LLP

18             BY:  ERIK J. OLSON, ESQUIRE

19             755 Page Mill Road

20             Palo Alto, California  94304

21             (650) 813-5600

22

23

24

25

691

 1            A P P E A R A N C E S   C O N T I N U E D

 2      FOR SAMSUNG AND THE WITNESS:

 3               QUINN, EMANUEL, URQUHART & SULLIVAN, LLP

 4               BY:  VICTORIA F. MAROULIS, ESQUIRE

 5               555 Twin Dolphin Drive, Fifth Floor

 6               Redwood Shores, California  94065

 7               (650) 801-5000

 8

 9

10               QUINN, EMANUEL, URQUHART & SULLIVAN, LLP

11               BY:  CARL G. ANDERSON, Ph.D., ESQUIRE

12               50 California Street, 22nd Floor

13               San Francisco, California  94111

14               (415) 875-6600

15

16

17      ALSO PRESENT:

18               STEVE PATAPOFF, Videographer

19

20

21

22

23

24

25

HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF MICHAEL J. WAGNER, VOLUME 4
CONDUCTED ON TUESDAY, AUGUST 20, 2013

695

| | | |
|---|---|---|
| 1 | Emanuel. | 08:05:23 |
| 2 | THE VIDEOGRAPHER:  The court reporter today | 08:05:23 |
| 3 | is Anne Torreano, representing Planet Depos. | 08:05:24 |
| 4 | Would the reporter please swear in the | 08:05:28 |
| 5 | witness? | 08:05:30 |
| 6 | MICHAEL J. WAGNER, | 08:05:30 |
| 7 | having been duly sworn to tell the truth, | 08:05:30 |
| 8 | testified as follows: | 08:05:30 |
| 9 | EXAMINATION | 08:05:36 |
| 10 | BY MR. QUARLES: | 08:05:36 |
| 11 | Q.  Good morning, Mr. Wagner. | 08:05:36 |
| 12 | A.  Good morning, Mr. Quarles. | 08:05:38 |
| 13 | Q.  And congratulations on becoming a grandfather | 08:05:39 |
| 14 | again. | 08:05:42 |
| 15 | A.  Thank you. | 08:05:42 |
| 16 | Q.  You have provided deposition testimony in | 08:05:43 |
| 17 | this case three times; correct? | 08:05:46 |
| 18 | A.  I have. | 08:05:47 |
| 19 | Q.  Is there any testimony in any of those | 08:05:48 |
| 20 | depositions that you would like to correct or amend? | 08:05:51 |
| 21 | A.  Maybe there's one thing that I would. | 08:05:53 |
| 22 | Q.  What would that be? | 08:05:58 |
| 23 | A.  Mr. Olson, in one of my depositions, and I | 08:05:59 |
| 24 | can't remember if it's the second or third, I think it | 08:06:05 |
| 25 | was the third, went over what appeared to be some | 08:06:07 |

HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF MICHAEL J. WAGNER, VOLUME 4
CONDUCTED ON TUESDAY, AUGUST 20, 2013

850

| | | |
|---|---|---|
| 1 | report, which didn't exist at the time, and I'm also | 12:21:30 |
| 2 | referring to the jury instructions that did not exist | 12:21:33 |
| 3 | at that time, in these paragraphs. | 12:21:37 |
| 4 | Q.  Well, Ms. Davis's calculation of incremental | 12:21:38 |
| 5 | profits -- you say Ms. Davis calculates incremental | 12:21:41 |
| 6 | profits in her report; correct? | 12:21:44 |
| 7 | A.  She does. | 12:21:46 |
| 8 | Q.  She makes the calculation in exactly the same | 12:21:47 |
| 9 | manner as Mr. Musika; correct? | 12:21:49 |
| 10 | MS. MAROULIS:  Objection.  Misstates the | 12:21:50 |
| 11 | record. | 12:21:51 |
| 12 | THE WITNESS:  My recollection is that she | 12:21:52 |
| 13 | does. | 12:21:55 |
| 14 | BY MR. QUARLES: | 12:21:56 |
| 15 | Q.  And she limits it to the new trial products; | 12:21:56 |
| 16 | correct? | 12:21:59 |
| 17 | A.  She does do that. | 12:21:59 |
| 18 | Q.  But she prepared schedules that show all time | 12:22:01 |
| 19 | frames? | 12:22:05 |
| 20 | A.  Correct. | 12:22:05 |
| 21 | Q.  And she separately showed the incremental | 12:22:06 |
| 22 | profits per product limited to the notice periods in | 12:22:11 |
| 23 | her separate damages calculations; right? | 12:22:15 |
| 24 | A.  I'm not recalling that right now without | 12:22:18 |
| 25 | looking at her schedules that did that. | 12:22:22 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER
PLANET DEPOS - ASIA | 888.433.3767 | WWW.PLANETDEPOS.COM/ASIA

HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF MICHAEL J. WAGNER, VOLUME 4
CONDUCTED ON TUESDAY, AUGUST 20, 2013

851

| | | |
|---|---|---|
| 1 | Q.  Okay.  Well -- | 12:22:25 |
| 2 | (WAGNER EXHIBIT 22 MARKED.) | 12:22:53 |
| 3 | BY MR. QUARLES: | 12:22:54 |
| 4 | Q.  Exhibit 22 is the expert report -- expert | 12:22:54 |
| 5 | report of Julie Davis. | 12:22:57 |
| 6 | MS. MAROULIS:  Please take your time to | 12:23:04 |
| 7 | compare the Davis report to the Musika report if you | 12:23:07 |
| 8 | need to. | 12:23:10 |
| 9 | THE WITNESS:  I need help just to tell me | 12:23:11 |
| 10 | which schedule that you think does what you just asked | 12:23:13 |
| 11 | me the question. | 12:23:15 |
| 12 | MR. QUARLES:  50-S. | 12:23:16 |
| 13 | THE WITNESS:  50-S? | 12:23:17 |
| 14 | MR. QUARLES:  Yes. | 12:23:18 |
| 15 | BY MR. QUARLES: | 12:23:22 |
| 16 | Q.  I'm sorry.  I completely put you off.  18.1 | 12:23:22 |
| 17 | NTA. | 12:23:25 |
| 18 | A.  18.1, and then what's after that? | 12:23:35 |
| 19 | Q.  "NT," new trial, "A." | 12:23:39 |
| 20 | A.  These -- I'm confused by the ordering in | 12:24:06 |
| 21 | these schedules.  I'm finding -- | 12:24:09 |
| 22 | MS. MAROULIS:  Counsel, are you referring to | 12:24:21 |
| 23 | Exhibit 18.1 PTA? | 12:24:22 |
| 24 | MR. QUARLES:  Yes.  My apologies.  I'm sure I | 12:24:25 |
| 25 | said "NTA"; right? | 12:24:30 |

HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF MICHAEL J. WAGNER, VOLUME 4
CONDUCTED ON TUESDAY, AUGUST 20, 2013

852

| | | |
|---|---|---|
| 1 | MS. MAROULIS:  Yes. | 12:24:32 |
| 2 | THE WITNESS:  I'm finding PTGs and Hs and -- | 12:24:51 |
| 3 | BY MR. QUARLES: | 12:24:56 |
| 4 | Q.  I'm going to hand you PTA. | 12:24:56 |
| 5 | A.  I got to PTC.  I'm probably moving -- getting | 12:24:58 |
| 6 | closer.  Okay. | 12:25:02 |
| 7 | Q.  See PTA? | 12:25:03 |
| 8 | A.  Yes. | 12:25:04 |
| 9 | Q.  That is the time frames that are stated in | 12:25:05 |
| 10 | the March order; correct? | 12:25:11 |
| 11 | A.  Yes.  And I stand corrected that way back | 12:25:12 |
| 12 | here in whatever schedules, she does make, apparently, | 12:25:17 |
| 13 | the calculation for the damage periods, the notice | 12:25:21 |
| 14 | periods. | 12:25:26 |
| 15 | Q.  Okay.  So Ms. Davis's original report had in | 12:25:26 |
| 16 | it Exhibit 18.1 PTA for the damages periods; correct? | 12:25:34 |
| 17 | A.  Yes, she does. | 12:25:41 |
| 18 | Q.  Now -- | 12:25:43 |
| 19 | A.  On an incremental profit base. | 12:25:49 |
| 20 | Q.  Right. | 12:25:52 |
| 21 | A.  Do you need that back to keep in yours? | 12:25:52 |
| 22 | Thank you. | 12:25:56 |
| 23 | Q.  Now, you suggested that it was something new | 12:25:56 |
| 24 | that Ms. Davis did that caused you to have an | 12:26:04 |
| 25 | interview with Jiho Ro? | 12:26:10 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER

HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF MICHAEL J. WAGNER, VOLUME 4
CONDUCTED ON TUESDAY, AUGUST 20, 2013

853

| | | |
|---|---|---|
| 1 | A.  Yes. | 12:26:15 |
| 2 | Q.  Now, you claim -- you say you spoke with Jiho | 12:26:16 |
| 3 | Ro and Jonghoon Song, J-i-h-o, Ro, and J-o-n-g-h-o-o-n | 12:26:34 |
| 4 | Song. | 12:26:44 |
| 5 | Correct? | 12:26:45 |
| 6 | A.  I believe on July 13th. | 12:26:46 |
| 7 | Q.  Was that a face-to-face meeting or did you | 12:26:48 |
| 8 | have a phone call with him? | 12:26:51 |
| 9 | A.  Face-to-face. | 12:26:53 |
| 10 | Q.  And did you fly to Korea? | 12:26:54 |
| 11 | A.  I did. | 12:26:56 |
| 15 | MR. QUARLES:  We'll mark this as Exhibit 23. | 12:27:45 |
| 16 | (WAGNER EXHIBIT 23 MARKED.) | 12:27:47 |
| 17 | BY MR. QUARLES: | 12:28:01 |
| 18 | Q.  You had Exhibit 23 when you did your report | 12:28:01 |
| 19 | last year; correct? | 12:28:14 |
| 20 | A.  I did. | 12:28:16 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER
PLANET DEPOS - ASIA | 888.433.3767 | WWW.PLANETDEPOS.COM/ASIA

854

| | | |
|---|---|---|
| 1 | Q.  How long did you meet with Mr. Ro and | 12:28:35 |
| 2 | Mr. Song? | 12:28:42 |
| 3 | A.  I think it was about three hours.  Three to | 12:28:43 |
| 4 | four hours. | 12:28:49 |
| 5 | Q.  Who else was present? | 12:28:50 |
| 6 | A.  Carl Anderson was present and a woman lawyer | 12:28:56 |
| 7 | from Samsung.  Besides the two individuals that you | 12:29:05 |
| 8 | already mentioned. | 12:29:12 |
| 9 | Q.  Whose idea was it for you to go to Korea? | 12:29:13 |
| 10 | A.  Counsel for Samsung. | 12:29:27 |
| 16 | (WAGNER EXHIBIT 24 MARKED.) | 12:30:15 |
| 17 | BY MR. QUARLES: | 12:30:15 |
| 18 | Q.  Now, if I'm understanding what happened | 12:30:15 |
| 19 | correctly, is that you added the "Explanation of Line | 12:30:34 |
| 20 | Item" at the far right of the first page of Exhibit | 12:30:40 |
| 21 | 24; isn't that right? | 12:30:49 |
| 22 | A.  Your assumption was a fact. | 12:30:50 |

HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF MICHAEL J. WAGNER, VOLUME 4
CONDUCTED ON TUESDAY, AUGUST 20, 2013

855

| | | |
|---|---|---|
| 1 | A.  That is correct. | 12:31:02 |
| 2 | Q.  And these descriptions are not descriptions | 12:31:03 |
| 3 | that Samsung uses in the ordinary course of a | 12:31:09 |
| 4 | business -- of its business? | 12:31:12 |
| 5 | MS. MAROULIS:  Objection.  Calls for | 12:31:14 |
| 6 | speculation. | 12:31:14 |
| 7 | THE WITNESS:  Well, my understanding is that | 12:31:15 |
| 8 | this document, that in the native form we call D-13, | 12:31:18 |
| 9 | is not used by Samsung in the ordinary course of | 12:31:24 |
| 10 | business.  So yes, any information then that's | 12:31:28 |
| 11 | extracted from that would not be -- would meet the | 12:31:32 |
| 12 | definition of your question. | 12:31:35 |
| 13 | BY MR. QUARLES: | 12:31:37 |
| 14 | Q.  Fair enough. | 12:31:37 |
| 15 | So what you are recounting under the | 12:31:42 |
| 16 | "Explanation of Line Item" is a con -- is information | 12:31:45 |
| 17 | you learned in July of this year on a trip to Korea | 12:31:50 |
| 18 | with two lawyers from Samsung; correct? | 12:32:01 |
| 19 | MS. MAROULIS:  Objection.  Misstates the | 12:32:04 |
| 20 | testimony. | 12:32:06 |
| 21 | THE WITNESS:  Yeah, misstates the testimony. | 12:32:06 |
| 22 | BY MR. QUARLES: | 12:32:07 |
| 23 | Q.  One lawyer, a trip with one lawyer and | 12:32:07 |
| 24 | meeting another, a second lawyer? | 12:32:10 |
| 25 | A.  Well, if you're inferring from that question | 12:32:11 |

959

| | | |
|---|---|---|
| 1 | I would like to mark the transcript under the | 04:20:56 |
| 2 | protective order highly confidential, attorneys' eyes | 04:20:59 |
| 3 | only. | 04:21:02 |
| 4 | MR. QUARLES:  Thank you. | 04:21:45 |
| 5 | MS. MAROULIS:  Thank you. | 04:21:47 |
| 6 | THE VIDEOGRAPHER:  Is that it? | 04:21:48 |
| 7 | This marks the end of today's deposition of | 04:21:49 |
| 8 | Michael Wagner, volume 4.  We're going off the record | 04:21:53 |
| 9 | at 4:22. | 04:21:56 |
| 10 | (Signature having not been waived, the | |
| 11 | videotaped deposition of MICHAEL J. WAGNER was | |
| 12 | concluded at 4:22 p.m.) | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |

960

1                    ACKNOWLEDGEMENT OF DEPONENT

2

3       I, MICHAEL J. WAGNER, do hereby acknowledge that

4    I have read and examined the foregoing testimony, and

5    the same is a true, correct and accurate transcription

6    of the testimony given by me, and any corrections

7    appear on the attached Errata sheet signed by me.

8

9

10    _____    _____

11        (DATE)                  (SIGNATURE)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

961

                    C E R T I F I C A T E

1            I, Anne M. Torreano, Certified Shorthand

2    Reporter, do hereby certify that the aforementioned

3    witness was first duly sworn as noted by stipulation

4    of counsel to testify to the truth; that I was

5    authorized to and did report said deposition in

6    stenotype; and that the foregoing pages are a true and

7    correct transcription of my shorthand notes of said

8    deposition.

9            I further certify that said deposition was

10   taken at the time and place hereinabove set forth and

11   that the taking of said deposition was commenced and

12   completed as hereinabove set out.

13           I further certify that I am not an attorney

14   or counsel of any of the parties, nor am I financially

15   interested in the action.

16           The foregoing certification of this

17   transcript does not apply to any reproduction of the

18   same by any means, unless under the direct control

19   and/or direction of the certifying reporter.

20           Dated this 16th day of August, 2013.

21

22

23

24   _____

25           ANNE M. TORREANO, CA-10520