02198.5185

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK-PSG<br><br>**[PROPOSED] ORDER GRANTING SAMSUNG'S MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF JULIE L. DAVIS** |

Pursuant to Federal Rules of Civil Procedure 26(a), 26(e), and 37; Local Rule 37-4; and the Court's April 29, 2013 Case Management Order (Dkt. No. 2316), Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") has filed a Motion to Strike Certain Portions of the Expert Report of Julie L. Davis, CPA ("Motion to Strike"), who has been retained by Apple Inc. ("Apple").

Having considered the arguments of the parties and the papers submitted, and GOOD CAUSE HAVING BEEN SHOWN, IT IS ORDERED that Samsung's Motion to Strike is GRANTED.  The Court finds that the Expert Report of Julie L. Davis, CPA ("Davis Report") relies on theories and evidence that was not adequately disclosed in the Expert Report of Terry L. Musika ("Musika Report").  Further, the Court finds that the Davis Report offers opinions that were excluded by the Court's prior rulings in this case.  Accordingly, and as set forth below, the Court strikes the portions of the Davis Report that are highlighted in the copy attached as Exhibit 1 to the Declaration of Robert J. Becher In Support of Samsung's Motion to Strike.

1. <u>Lost Profits Opinions Relying On New Design-Around Periods</u>

Ms. Davis shall offer no testimony in this action regarding the theory that the hypothetical design-around periods during which Apple may collect lost profits begin as of the dates Samsung received actual notice under 35 U.S.C. § 287.  The Court strikes all portions of the Davis Report that rely on or discuss this theory, including the damages models presented in PT-H and PT-I of the Appendix to the Davis Report and the highlighted portions of paragraphs 65, 67, 69, 90, 93, 111, and 120.

2. <u>Opinion Regarding Capacity</u>

Ms. Davis shall offer no testimony in this action regarding the theory discussed and/or relied on in the highlighted portions of paragraphs 117 and 124, which the Court strikes from the Davis Report.

3. <u>Opinions Regarding Infringer's Profits</u>

Ms. Davis shall offer no testimony in this action regarding the theory that Apple is entitled to an award of infringer's profits equal to Samsung's incremental profit.  The Court strikes all

02198.5185

-2-   Case No. 11-cv-01846-LHK
[PROPOSED] ORDER GRANTING SAMSUNG'S MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF JULIE L. DAVIS

portions of the Davis Report that rely on or discuss this theory, including the damages models presented in Exhibits 17.1-PT-I, 18.1 PT-I, and versions PT-J of the same, the calculations presented in Exhibits 50.1-PT – 50.9-PT, and the highlighted portions of paragraphs 93, 145 and 163.

Further, Ms. Davis shall offer no testimony in this action regarding the theory that Apple is entitled to an award of infringer's profits equal to Samsung's revenue from products found to infringe Apple's design patents. The Court strikes all portions of the Davis Report that rely on or discuss this theory, including the damages models presented in Exhibit 17-PT-H, Exhibit 18-PT-H, and versions PT-I, PT-J, and PT-K of the same, as well as the highlighted portions of paragraphs 65, 66, 156 and 157.

3. <u>Ms. Davis's Characterizations of Apple's Patents</u>

Ms. Davis shall offer no testimony in this action regarding Apple patents-in-suit that deviates from the characterizations presented in the Musika Report. The Court strikes all portions of the Davis Report that rely on or discuss such characterizations, including paragraphs 27-29.

4. <u>Ms. Davis's Discussions of Court Orders and Discovery Sanctions</u>

Ms. Davis shall offer no testimony in this action regarding Samsung's alleged violation of court orders, Judge Grewal's order compelling production of financial documents, or Judge Grewal's order imposing sanctions. Accordingly, the Court strikes all portions of the Davis Report that discuss the Court's orders or any violation of those orders, including the highlighted portions of paragraphs 145, 147, 148, 152-155 and 159.

5. <u>Opinions on Irreparable Harm and Burden of Proof</u>

Ms. Davis shall offer no testimony in this action regarding irreparable harm or Samsung's burden to prove deductible expenses. The Court strikes all portions of the Davis Report that rely on or discuss these issues, including paragraphs 74-88, 144, 156 and 162.

6. <u>Reliance on New Evidence</u>

The Court finds that the Davis Report discusses or relies upon evidence that was not adequately disclosed in the Musika Report. Accordingly, the Court strikes all portions of the Davis Report that discuss or rely on the following evidence including:

a. Documents not cited in the Musika Report as evidence of demand for the patented product (paragraphs 106, 133, 134, 136, 137, and 237);

b. The Declaration of Eric R Roberts and the March 31, 2012 deposition of Jaehwan Sim (paragraphs 147 and 155);

c. Testimony of individuals not referred to in the Musika Report or in Mr. Musika's trial testimony (paragraphs 135, 255 and 256);

d. Testimony to which Mr. Musika did not respond at trial (paragraphs 136, 165, and 166); and

e. Documents that Mr. Musika did not present to the jury (paragraphs 105-107, 110, 132-138 and 253-256).

**IT IS SO ORDERED.**

DATED: _____

_____
HONORABLE LUCY H. KOH
United States District Judge