1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:     (650) 801-5000
   Facsimile:     (650) 801-5100
9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17                  UNITED STATES DISTRICT COURT

18       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19 APPLE INC., a California corporation,      CASE NOS. 5:11-cv-01846-LHK (PSG)

20              Plaintiff,

21        vs.                                 **SAMSUNG'S MOTION FOR LEAVE TO
                                              TAKE DISCOVERY**
22 SAMSUNG ELECTRONICS CO., LTD., a
   Korean business entity; SAMSUNG           **PUBLIC REDACTED VERSION**
23 ELECTRONICS AMERICA, INC., a New
   York corporation; SAMSUNG
24 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company,
25
                Defendant.
26

27

28

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, pursuant to Local Rule 37-3 and Fed. R. Civ. P. 16(b)(4), Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby move for leave to take certain limited discovery upon  plaintiff/counterclaimant Apple and third party Nokia Corporation relevant to the requests for sanctions that they have stated that they intend to raise in future motions before the Court.

## RELIEF REQUESTED

Samsung, having complied fully with the Court's orders, and implemented steps to assure compliance with applicable protective orders,  respectfully requests that the Court deny sanctions, so that the parties may move forward to trial.  However, should the Court be inclined to impose any sanctions, Samsung respectfully requests that it first  be granted  leave to take limited discovery, detailed in the accompanying Becher Declaration as Exhibits 1-6, so as to provide a complete record as to the facts  at issue.

## SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)

Samsung hereby certifies that it has in good faith conferred with Apple in an effort to obtain the discovery described immediately above without Court action.  Samsung's efforts to resolve this discovery dispute without court intervention are described in paragraph 8 of the  Declaration of Robert Becher, submitted herewith.

1

DATED: October 29, 2013                    QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP

2

3

4                                          By   /s/ Robert Becher
                                               Charles K. Verhoeven
5                                              Kevin P.B. Johnson
                                               Victoria F. Maroulis
6                                              William Price
                                               Michael T. Zeller
7

8                                          Attorneys for SAMSUNG ELECTRONICS CO.,
                                           LTD., SAMSUNG ELECTRONICS AMERICA,
9                                          INC. and SAMSUNG
                                           TELECOMMUNICATIONS AMERICA, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PRELIMINARY STATEMENT

Samsung respectfully urges the Court to bring to an end the satellite litigation of the last several weeks relating to the protective order.   Samsung has worked hard to comply fully with the Court's orders, making available key executives for 40 hours of deposition testimony, reviewing more than a million of pages of documents and producing thousands of pages to Apple and Nokia.  At the hearing on October 22, Samsung detailed the procedures to be followed in the future to prevent inadvertent disclosures.  At that time, the Court stated that it was "not yet satisfied that sanctions are warranted in this matter,"  (Mot. Compel Hr'g Tr. 89:22-23, Oct. 22, 2013), and ordered Samsung to submit documents for *in camera* review, a process which is nearly complete.

Both Apple and Nokia have stated that they intend to seek further discovery and seek sanctions for Samsung's alleged violation of the protective order.   Should the Court be inclined to entertain such motions and consider sanctions, Samsung should be permitted limited discovery on the issues that have been raised by Apple and Nokia, so that the Court's decision is based on a complete factual record.

*First*, Samsung should be permitted to take discovery from Nokia regarding the June 4, 2013 meeting, including by deposing Paul Melin and Eeva Hakoranta.  Apple and Nokia have premised their claim that Samsung used confidential information on the declaration of Nokia licensing executive Paul Melin concerning statements allegedly made at that meeting.  (Case No. 12-cv-630, Dkt. 647.)  That declaration, however, failed to detail exactly what terms Samsung allegedly mentioned, failed to address the disclosures made by Nokia itself, and failed to explain why Nokia waited one month – during which time it had many interactions with Samsung – to make any complaint.  In their depositions, and in the declarations submitted to this Court,

███████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████████

1 ██████████████████████████ Samsung should be permitted to depose both Mr. Melin

2 and Ms. Hakoranta as to what was said in that meeting, and thereafter,  just as Apple and Nokia

3 have been permitted to depose Dr. Ahn and Mr. Kwak. ████████████████████████████████████

4 ████████████████████████████████████████████████████████████

5 ████████████████ Samsung has asked Nokia to turn these materials over, but Nokia has

6 refused, despite their obvious relevance.

7        *Second*, Samsung should be permitted limited discovery to determine to what extent the

8 Apple-Nokia license terms have been previously disclosed to third parties, which goes directly to

9 the issue of confidentiality as well to the measure of any sanctions.  Numerous articles reported

10 on the financial terms of the license, years before the meeting at issue.  Both Apple and Nokia

11 should be ordered to produce Rule 30(b)(6) deponents and documents regarding the extent to

12 which information regarding the licensing terms has been previously disseminated to third

13 parties or leaked to the press by Apple or Nokia, any investigation either company made into

14 those disclosures, and any harm that either company claims to have suffered from the alleged

15 violation of the Protective Order.

16                              **STATEMENT OF FACTS**

17        The record evidence, including the depositions of Samsung executives, raises substantial

18 questions as to precisely what was said at the June 4, 2013 meeting, and as to whether the

19 information at issue was, as of that time, confidential.  Samsung should be permitted discovery to

20 address these issues, as Apple and Nokia have, because they bear directly on whether sanctions

21 are warranted.

22        ***Public Disclosures***. --- As has been noted in the briefing, long before the June 2013

23 meeting, and long before the Apple-Nokia license was even produced in this litigation, multiple

24 media sources had publicly reported on the license terms.  For example:

25 ████████████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████████████

27 ████████████████████████████████████████████████████████████

28



6   *Compare* Dkt. 996-5 (Apple-Nokia license agreement, previously filed under seal as Ex. 28 to

7   the Pernick Decl. in Support of Apple's Opposition to Samsung's Motion to Strike).

8        Neither Apple nor Nokia has ever addressed the issues these reports raise as to their own

9   conduct: that is, what role, if any, Apple and Nokia played in disseminating this information;

10  what steps, if any, did they pursue to investigate the leaks; and what harm, if any, did they suffer

11  as a result.   All of these issues are directly relevant to their requests for sanctions.

12        ████████████████████████  ***in Connection with Foreign Proceedings.***

13        In addition to these public reports, ████████████████████████████

1 ████████████████████████████████████████████

2 ████████████████████████████████████████████

3 ████████████████████████   These disclosures as well, to be addressed in

4 discovery, bear directly on the supposed confidentiality of the license terms, and the supposed

5 injury from their inadvertent disclosure.

6       ***Nokia's Disclosures to Samsung at the June 4, 2013 Meeting. --***  On June 4, 2013,

7 during the negotiations between Nokia and Samsung that Mr. Melin and Dr. Ahn attended,

8 ████████████████████████████████████████████

9 ████████████████████████████████████████

10 ████████████████████████████████████████████████

11 ████████████████████████████████████████████

12 ████████████████████████████████████████████

13 ████████████████████████████████████████████████

14 ████████████████████████████████████████

15 ████████████████████████████████████████████████

16 ████████████████████████████████████████████

17 ████████████████████████████████████████████████

18 ███   *Id*. at 82:12-83:14.[4] ██████████████████████████████

19 _____

20   [4] ████████████████████████████████████████████

21 ██████████████████████████████████

22     ████████████████████████████████████████

23     ████████████████████████████████████

24     ████████████████████████████   █████████

25     ████████████████████████████████████

26                         . . . .

27   (footnote continued)

28

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████

3 **ARGUMENT**

4       Samsung has provided far more extensive discovery than what it seeks here.   In addition

5 to the discovery already provided under the Court's Order,  Apple and Nokia have now further

6 requested, among other things, to depose another 30(b)(6) witness, another Samsung officer, to

7 re-depose Dr. Ahn and two of the Samsung officers who have already sat for depositions, and to

8 have sworn testimony from every Samsung employee and outside lawyer who received the

9 expert report in question. Dkt. 2557-3 at 15; 2558-3 at 11-12.   At the same time, however, they

10 have categorically refused to provide *any* reciprocal discovery to Samsung.   On October 25,

11 2013, lead counsel for Samsung met and conferred by telephone with lead counsel for Nokia and

12 Apple regarding the relief requested in this motion.  Apple and Nokia refused to provide the

13 requested discovery.[5]   Discovery is a two-way street, and fundamental fairness requires that

14 _____



24       During meet and confer, Nokia claimed that Samsung's request for limited discovery was
inappropriate in light of the Stipulated Order in the NDCA II case, in which Samsung stated that

25 it was withdrawing its request for further discovery from Nokia in the NDCA II case, and that it
would not use any Nokia Confidential Business Information ("CBI") designated as Confidential

26 or higher under the protective orders of NDCA I, II, and the '794 ITC case in Samsung's cases
against Apple. (Case No. 12-cv-00630-LHK Dkt. 785 at ¶ 2.)   That stipulation has no relevance

27     (footnote continued)

28

1  Samsung be provided with the opportunity to gather the necessary evidence to defend itself

2  should the Court be inclined to grant any sanctions.

3  **I.     THERE IS GOOD CAUSE TO REQUIRE APPLE AND NOKIA TO PROVIDE DISCOVERY**

4

5          Although the deadline for serving discovery requests provided for in the Scheduling

6  Order has passed, there is good case for requiring Apple and Nokia to provide discovery.  *See*

7  N.D. Cal. Civ. L.R. 37–3 ("Discovery requests that call for responses or depositions after the

8  applicable discovery cut-off are not enforceable, except by order of the Court for good cause

9  shown.").  This standard is easily satisfied here.  Apple and Nokia have made serious allegations,

10 have themselves taken extensive discovery on these issues, and have stated that they intend to

11 seek additional discovery and sanctions.  Samsung is entitled as a matter of fundamental fairness

12 to reciprocal discovery so that it can prepare its defense.  This is especially so where, as here, the

13 discovery that Apple and Nokia have taken reveals fundamental factual questions relevant to the

14 appropriateness and the measure of any sanctions.

15         **A.     Limited Discovery Is Likely to Lead to Relevant Evidence**

16         The Protective Order makes clear the relevance of the discovery Samsung seeks.  The

17 protective order states:

18         Nothing in this Order shall restrict in any way the use or disclosure of Discovery
           Material by a Receiving Party:  (i) that is or has become publicly known through
19         no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the
           Receiving Party independent of the Producing Party; (iii) previously produced,
20         disclosed and/or provided by the Producing Party to the Receiving Party or a non-
           party without an obligation of confidentiality and not by inadvertence or mistake;
21         (iv) with the consent of the Producing Party; or (v) pursuant to Order of the Court.

22         _____

23 to the issues presented here.  The agreement not to pursue further discovery in the NDCA II case

24 pertained to a pending subpoena Samsung had issued to Nokia, relating to the merits of the
   NDCA II cased – not to the request for sanctions.  Likewise, Samsung's agreement not to rely on
25 Nokia's CBI in Samsung's merits cases against Apple is irrelevant to its pending discovery
   requests.  Nothing in the stipulation in NDCA II purported to constitute a waiver by Samsung of
26 its rights to defend itself against the allegations made by Nokia – not to mention Apple -- that it
   violated the NDCA I Protective Order.
27

28

1  (Case no. 12-cv-1846 Dkt. 687 at 7.)  Therefore, under the plain language of the Protective

2  Order, there can be no violation if either the relevant information was already "publicly known

3  through no fault of" Samsung or if it had been "previously . . . disclosed and/or provided by

4  [Apple] to . . . a non-party without an obligation of confidentiality."  *See Harrell v.*

5  *CheckAGAIN, LLC*, No. 03-466, 2006 WL 5453652, at *4 (S.D. Miss. July 31, 2006) (finding no

6  violation of protective order from disclosure of designated material that "was in the public

7  domain").  In light of the numerous press reports ███████████████████████████

8  ████████████████████████████████████████████████████████████

9  there is good cause to believe that discovery will produce further evidence that Apple and/or

10  Nokia have failed to maintain the confidentiality of this information.

11      Discovery is also relevant to the issue of substantial compliance with the protective order.

12  In analyzing substantial compliance, courts consider the degree of sensitivity of the confidential

13  information at issue, as well as the *moving party's* conduct in protecting that confidential

14  information.  *See, e.g.*, *Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-2066, 2012 WL 1144290,

15  at *4-5 (N.D. Cal. Apr. 4, 2012).  In *Kilopass*, the court found no violation of the protective

16  order even though plaintiff's counsel had indirectly provided a customer list designated as

17  "Highly Confidential—Outside Attorneys' Eyes Only" to the plaintiff, who then used the list for

18  purposes outside the litigation.  In finding that the plaintiff had substantially complied with the

19  governing protective order, the Court pointed to evidence that the defendant-moving party's

20  "own activity, as well as its website and press releases, contradict[ed] its contention that the

21  [customer] list should have been treated as highly confidential."  *Id.* at *4.  The court therefore

22  found that in those circumstances, the plaintiff and its attorneys were in substantial compliance

23  with the protective order.  *Id.* at *5.[6]

24  ─────────────────

25      [6]  Courts will de-designate confidential material if a party fails to maintain the secrecy of the

26  information.  *See, e.g.*, *id.*; *Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C 01-21151, 2007 WL 3306496, at *3 (N.D. Cal. Nov. 6, 2007) (de-designating defendant's financial

27  and commercial information, although noting that "[t]his type of information is often treated as

        (footnote continued)

28

1    The discovery sought by Samsung goes directly to the issue of what steps the moving

2    parties – Apple and Nokia – took to protect the confidentiality of the license terms.  Samsung is

3    entitled to depose Mr. Melin and Ms. Hakoranta both as to what they allege Dr. Ahn stated about

4    his knowledge of the Apple-Nokia license, and what information they provided to Samsung

5    about those terms.

6    Finally, when choosing among possible sanctions to award, courts consider what is

7    necessary to "restore a prejudiced party to the same position he or she would have been in absent

8    the wrongdoing."  *Palmer v. Stassinos*, No. C 04-3026, 2007 WL 2288119, at *3 (N.D. Cal. Aug.

9    7, 2007); *see also Life Techs. Corp. v. Biosearch Techs., Inc.*, No. C 12-852, 2012 WL 1600393,

10   at *11 (N.D. Cal. May 7, 2012) (discussing sensitivity of the inadvertently disclosed information

11   marked as attorneys' eyes only in analyzing propriety of sanctions).  The limited discovery

12   Samsung is seeking will show whether and to what extent Apple and Nokia have been harmed by

13   any violation of the protective order in light of their own disclosures of the purportedly

14   confidential information and its dissemination in the press.

15           **B.    Fundamental Fairness Supports Limited Discovery by Samsung**

16   As a matter of due process, and to provide the Court with a complete and full factual

17   record,  Samsung should be permitted to conduct discovery to address the facts bearing directly

18   on Apple and Nokia's claims to sanctions.  *See, e.g.*, *In re Bonito*, 124 F.3d 210 (9th Cir. 1997)

19   ("[B]efore sanctions are imposed, counsel must be given notice, an opportunity to prepare a

20   defense and a hearing if requested."); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d

21   770, 783 (9th Cir. 1983) (court's imposition and selection of sanctions pursuant to Rule 37(b) or

22   hold a party in contempt "must be consistent with due process requirements").  Apple and Nokia

23   made express statements at the October 22, 2013 hearing that they intended to file further

24   motions for sanctions and indeed for additional discovery.  Samsung continues to believe that

25

26   confidential," because defendant failed to maintain the secrecy of its documents).  Once

     Samsung obtains the limited discovery it is seeking, Samsung reserves the right to move for a de-

27   designation of the licensing terms at issue here, either in whole or in part.

28

1   this proceeding should be completed on the current record, and that the Court's view, as of

2   October 22, that the case for sanctions had not been made is amply justified by the record.  But

3   should the Court disagree, then good cause exists to permit limited reciprocal discovery on the

4   issues raised by Apple and Nokia.  Neither Apple nor Nokia can rightly claim that they will

5   suffer prejudice as a result, since they have not only chosen to pursue extensive discovery against

6   Samsung, but continue to demand even more, and to threaten further motion practice.

7                                            **<u>CONCLUSION</u>**

8           For the foregoing reasons, Samsung respectfully requests that Samsung's motion for

9   leave to propound limited discovery upon Apple and Nokia be granted before any sanctions are

10  determined.

11

12  DATED:  October 29, 2013                QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
13

14                                          By /s/ *Robert Becher*
                                               ————————————————————
                                               Charles K. Verhoeven
15                                             Kevin P.B. Johnson
                                               Victoria F. Maroulis
16                                             William C. Price
                                               Michael T. Zeller
17
                                            Attorneys for SAMSUNG ELECTRONICS CO.,
18                                          LTD., SAMSUNG ELECTRONICS AMERICA,
                                            INC. and SAMSUNG
19                                          TELECOMMUNICATIONS AMERICA, LLC

20

21

22

23

24

25

26

27

28