# Exhibit 1

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S DEPOSITION NOTICE TO APPLE REGARDING THE APPLE-NOKIA LICENSING AGREEMENT** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30, Defendants and Counterclaimants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") will take the deposition upon oral examination of Apple Inc. ("Apple") pursuant to 30(b)(6) of the Federal Rules of Civil Procedure.  The deposition will commence on a mutually agreeable date at the offices of Quinn Emanuel Urquhart & Sullivan,  LLP, 555 Twin Dolphin Drive, Redwood Shores, California, 94065 and will continue day-to-day until completed.  The deposition will be taken by a notary public or other authorized officer and will be videotaped and recorded stenographically. Pursuant to Rule 30(b)(6), Apple shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning each of the topics set forth in Exhibit A hereto.

DATED:  October 29, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Robert Becher*
  Charles K. Verhoeven
  Kevin P.B. Johnson
  Victoria F. Maroulis
  William C. Price
  Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

# EXHIBIT A

## DEFINITIONS

The Topics for deposition, as well as the Instructions provided below, are subject to and incorporate the following definitions:

1. The terms "APPLE," "PLAINTIFF," "YOU," and "YOUR" shall refer to Apple, Inc., any predecessor or successor of Apple, Inc., and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, or other representative of Apple, Inc., including counsel and patent agents, in any country.

2. The term "DEFENDANTS" and "SAMSUNG" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.

3. The term "NOKIA" shall refer to Nokia Corporation, any predecessor or successor of Nokia Corporation, and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, or other representative of Nokia Corporation, including counsel and patent agents, in any country.

4. The term "APPLE-NOKIA LICENSING AGREEMENT" shall refer to the Patent License Agreement dated 12 June 2011 by and between Nokia Corporation and Apple Inc.

5. The term "APPLE-ERICSSON LICENSING AGREEMENT" shall refer to the Patent License Agreement dated January 14, 2008 by and between Ericsson Inc. and Apple Inc.

6. The term "APPLE-PHILLIPS LICENSING AGREEMENT" shall refer to the Patent License Agreement dated October 1, 2010 by and between Koninklijke Philips Electronics N.V. and Apple Inc..

7. The term "APPLE-SHARP-PHILLIPS LICENSING AGREEMENT" shall refer to the Patent License Agreement dated October 1, 2010 by and between Koninklijke Philips Electronics N.V., Sharp Corporation, and Apple Inc.

8. The term "THIRD PARTY" shall mean any person who is not an officer, director or employee of APPLE or NOKIA.

1    9.    The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean, without
2 limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea,
3 Document, instruction, information, demand, question or other information by any medium,
4 whether by written, oral or other means, including but not limited to electronic communications
5 and electronic mail.
6    10.    The terms "DOCUMENT" and "DOCUMENTS" shall have the broadest meaning
7 ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.  The term
8 shall include within its meaning, by way of example and not limitation, any and all accounts,
9 analyses, books, CDs, calendars, commercial paper, communications, correspondence, DVDs, e-
10 mail, films, financial statements, floppy disks, hard disks, inter-office memoranda, invoices,
11 ledgers, letters, licenses, logs, memoranda, microfilms, minutes, notes, notes of conversations,
12 notes of meetings, notes of telephone calls, office communications, photographs, printouts,
13 recordings of conversations (whether written or electronic), reports, schedules, storage tape, task
14 lists, telegrams, telephone bills, videotapes or other video recordings, and any differing versions of
15 the foregoing whether denominated formal, informal or otherwise, as well as copies of the
16 foregoing which differ from the original in any way, including handwritten notations or other
17 written or printed matter.  The foregoing specifically includes information stored electronically,
18 whether in a computer database or otherwise, regardless of whether such documents are presently
19 in documentary form or not.  A draft or non-identical copy of a Document is a separate Document
20 within the meaning of this term.
21    11.    The term "person" or "persons" refers to any individual, corporation,
22 proprietorship, association, joint venture, company, partnership or other business or legal entity,
23 including governmental bodies and agencies.  The masculine includes the feminine and vice versa;
24 the singular includes the plural and vice versa.
25    12.    The terms "any," "all," "every," and "each" shall each mean and include the other
26 as necessary to bring within the scope of these requests for production all responses that might
27 otherwise be construed to be outside of their scope.
28    13.    The terms "and," "or," and "and/or" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of its scope.

14. The term "thing" refers to any physical specimen or tangible item in Your possession, custody or control, including research and development samples, prototypes, productions samples and the like.

15. The terms "referring to," "relating to," "concerning" or "regarding" shall mean containing, describing, discussing, embodying, commenting upon, identifying, incorporating, summarizing, constituting, comprising or are otherwise pertinent to the matter or any aspect thereof.

16. The use of the singular form of any word includes the plural and vice versa, as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of its scope.

17. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## **TOPICS**

1. YOUR knowledge of any disclosure to SAMSUNG of any term of the APPLE-NOKIA LICENSING AGREEMENT, and YOUR COMMUNICATIONS with NOKIA or any THIRD PARTY related thereto.

2. YOUR knowledge of any disclosure to any THIRD PARTY, including but not limited to media outlets, of any term of the APPLE-NOKIA LICENSING AGREEMENT, and YOUR COMMUNICATIONS with NOKIA or any THIRD PARTY related thereto.

3. YOUR knowledge of any publication of any term of the APPLE-NOKIA LICENSING AGREEMENT by any source, including media outlets, courts, tribunals, and/or government agencies, and YOUR COMMUNICATIONS with any THIRD PARTY related thereto.

4. YOUR disclosure of the terms of the terms of YOUR licensing agreements (including but not limited to the APPLE-NOKIA LICENSING AGREEMENT, the APPLE-SHARP-PHILLIPS LICENSING AGREEMENT, the APPLE-PHILLIPS LICENSING AGREEMENT, and the APPLE-ERICSSON LICENSING AGREEMENT) to SAMSUNG employees in any litigation between SAMSUNG and APPLE pending anywhere around the world, or to any THIRD PARTY.

5. All COMMUNICATIONS between YOU and NOKIA reflecting or related to YOUR disclosure of the terms of the APPLE-NOKIA LICENSING AGREEMENT to SAMSUNG employees in any litigation between SAMSUNG and APPLE pending anywhere around the world, or to any THIRD PARTY.

6. All DOCUMENTS and COMMUNICATIONS reflecting or related to any alleged competitive harm resulting from SAMSUNG's inadvertent disclosure of the terms of YOUR licensing agreements, including YOUR agreement with NOKIA.

7. All COMMUNICATIONS between YOU and NOKIA reflecting or related to NOKIA's 2013 licensing negotiations with SAMSUNG, including but not limited to the June 4, 2013 meeting between SAMSUNG and NOKIA.

8. All efforts to maintain as confidential YOUR licensing agreements (including but not limited to the APPLE-NOKIA LICENSING AGREEMENT, the APPLE-SHARP-PHILLIPS LICENSING AGREEMENT, the APPLE-PHILLIPS LICENSING AGREEMENT, and the APPLE-ERICSSON LICENSING AGREEMENT), including any investigations concerning any disclosure of any terms of YOUR licensing agreements to any THIRD PARTY and whether any party to these licenses can legitimately claim any prejudice or harm from any such disclosure..