# Exhibit 2

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:     (650) 801-5000
   Facsimile:     (650) 801-5100
9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17                       UNITED STATES DISTRICT COURT

18               NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | |
| vs. | **SAMSUNG'S REQUESTS FOR PRODUCTION TO APPLE INC. REGARDING THE APPLE-NOKIA LICENSING AGREEMENT** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

02198.51855/5552712.3

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants and Counterclaimants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") request that Plaintiff and Counterclaim Defendant Apple Inc. ("Apple") produce for inspection and copying the documents and things set forth below at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065 within 30 days, or such other time as the parties agree or the Court orders.

## **DEFINITIONS**

The requests for production, as well as the Instructions provided above, are subject to and incorporate the following definitions and instructions as used herein:

1. The terms "APPLE," "PLAINTIFF," "YOU," and "YOUR" shall refer to Apple, Inc., any predecessor or successor of Apple, Inc., and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, or other representative of Apple, Inc., including counsel and patent agents, in any country.

2. The term "DEFENDANTS" and "SAMSUNG" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.

3. The term "NOKIA" shall refer to Nokia Corporation, any predecessor or successor of Nokia Corporation, and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, or other representative of Nokia Corporation, including counsel and patent agents, in any country.

4. The term "APPLE-NOKIA LICENSING AGREEMENT" shall refer to the Patent License Agreement dated 12 June 2011 by and between Nokia Corporation and Apple Inc.

5. The term "APPLE-ERICSSON LICENSING AGREEMENT" shall refer to the Patent License Agreement dated January 14, 2008 by and between Ericsson Inc. and Apple Inc.

6. The term "APPLE-PHILLIPS LICENSING AGREEMENT" shall refer to the Patent License Agreement dated October 1, 2010 by and between Koninklijke Philips Electronics

02198.51855/5552712.3

-2-   Case No. 11-cv-01846-LHK
SAMSUNG'S REQUESTS FOR PRODUCTION TO APPLE INC. REGARDING THE APPLE-NOKIA LICENSING AGREEMENT

1  N.V. and Apple Inc..

2      7.    The term "APPLE-SHARP-PHILLIPS LICENSING AGREEMENT" shall refer to

3  the Patent License Agreement dated October 1, 2010 by and between Koninklijke Philips

4  Electronics N.V., Sharp Corporation, and Apple Inc.

5      8.    The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean, without

6  limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea,

7  Document, instruction, information, demand, question or other information by any medium,

8  whether by written, oral or other means, including but not limited to electronic communications

9  and electronic mail.

10      9.    The term "THIRD PARTY" shall mean any person who is not an officer, director

11  or employee of APPLE or NOKIA.

12      10.    The terms "DOCUMENT" and "DOCUMENTS" shall have the broadest meaning

13  ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.  The term

14  shall include within its meaning, by way of example and not limitation, any and all accounts,

15  analyses, books, CDs, calendars, commercial paper, communications, correspondence, DVDs, e-

16  mail, films, financial statements, floppy disks, hard disks, inter-office memoranda, invoices,

17  ledgers, letters, licenses, logs, memoranda, microfilms, minutes, notes, notes of conversations,

18  notes of meetings, notes of telephone calls, office communications, photographs, printouts,

19  recordings of conversations (whether written or electronic), reports, schedules, storage tape, task

20  lists, telegrams, telephone bills, videotapes or other video recordings, and any differing versions of

21  the foregoing whether denominated formal, informal or otherwise, as well as copies of the

22  foregoing which differ from the original in any way, including handwritten notations or other

23  written or printed matter.  The foregoing specifically includes information stored electronically,

24  whether in a computer database or otherwise, regardless of whether such documents are presently

25  in documentary form or not.  A draft or non-identical copy of a Document is a separate Document

26  within the meaning of this term.

27      11.    The term "person" or "persons" refers to any individual, corporation,

28  proprietorship, association, joint venture, company, partnership or other business or legal entity,

including governmental bodies and agencies.  The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

12. The terms "any," "all," "every," and "each" shall each mean and include the other as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

13. The terms "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of its scope.

14. The term "thing" refers to any physical specimen or tangible item in Your possession, custody or control, including research and development samples, prototypes, productions samples and the like.

15. The terms "referring to," "relating to," "concerning" or "regarding" shall mean containing, describing, discussing, embodying, commenting upon, identifying, incorporating, summarizing, constituting, comprising or are otherwise pertinent to the matter or any aspect thereof.

16. The use of the singular form of any word includes the plural and vice versa, as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of its scope.

17. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

**INSTRUCTIONS**

1. Each DOCUMENT is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2. All DOCUMENTS shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

02198.51855/5552712.3

-4-    Case No. 11-cv-01846-LHK
SAMSUNG'S REQUESTS FOR PRODUCTION TO APPLE INC. REGARDING THE APPLE-NOKIA LICENSING AGREEMENT

3. In the event that any DOCUMENT called for by these requests or subsequent requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that DOCUMENT is to be identified by stating (i) the author(s), addressee(s) and any indicated or blind copyee(s); (ii) the DOCUMENT's date, number of pages and attachments or appendices; (iii) the subject matter(s) of the DOCUMENT; (iv) the nature of the privilege or immunity asserted; and (v) any additional facts on which you would base your claim of privilege or immunity.

4. These Requests for Production shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

5. State, for each request, whether or not there exist any DOCUMENTS within the scope of the request and whether any such DOCUMENTS are in Your possession, custody, or control.

6. Any response made by reference to DOCUMENTS shall identify by document production number each responsive DOCUMENT.

7. All DOCUMENTS that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures.

8. Color copies of DOCUMENTS are to be produced where color is necessary to interpret or understand the contents.

9. The source(s) or derivation of each DOCUMENT produced shall be specifically identified.

10. In the event that any DOCUMENT called for by these requests or subsequent requests has been destroyed or discarded, that DOCUMENT is to be identified by stating: (i) the author(s), addressee(s) and any indicated or blind copyee(s); (ii) the DOCUMENT's date, number of pages and attachments or appendices; (iii) the DOCUMENT's subject matter; (iv) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v) the persons who were authorized to carry out such destruction or discard; and (vi) whether any copies of the DOCUMENT presently exist and, if so, the name of the custodian of each copy.

11. Electronic records and computerized information must be produced in their native electronic format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

12. If Your response to a particular request for production is a statement that You lack the ability to comply with that request, You must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control, in which case the name and address of any person or entity known or believed by You to have possession, custody, or control of that information or category of information must be identified.

13. Unless otherwise indicated in a particular request, the request is not date or time limited.

14. Where an identified DOCUMENT is in a language other than English, state whether an English translation of such document exists. If a DOCUMENT is in a language other than English and an English translation exists, identify and provide both DOCUMENTS.

15. If possible, supply all financial data requested on a calendar year basis. If fiscal year data is provided, please specify the dates on which the fiscal years begin and end.

16. For any information requested that is not readily available from Your records in the form requested, furnish carefully prepared estimates, designated as such. Attach a statement of the basis for such estimates and identify the person or persons making them.

17. If any document or portion thereof responsive to a request for production is withheld because You claim it contains privileged information, then separately for each withheld portion of such document, identify (a) the date of the COMMUNICATION and/or DOCUMENT; (b) the source of the information, including the names, titles, and addresses of the DOCUMENT's or COMMUNICATION's authors; (c) the names, titles, and addresses of its recipients; (d) a description of the information withheld; (e) the number of pages; (f) the nature of the privilege claimed and facts upon which You rely to support the claim of privilege; and (g) the number(s) of the request(s) for production to which the DOCUMENT is responsive. You must provide this

1  information within 10 days of the date on which the answers and objections to these requests are
2  due.
3        18.    If any DOCUMENTS responsive to any of these requests have been destroyed,
4  then separately for each such document, identify when, why, and by whom it was destroyed, the
5  person or persons who destroyed it, why it was destroyed, and the circumstances under which it
6  was destroyed.

02198.51855/5552712.3

-7-  Case No. 11-cv-01846-LHK
SAMSUNG'S REQUESTS FOR PRODUCTION TO APPLE INC. REGARDING THE APPLE-NOKIA LICENSING AGREEMENT

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS reflecting or related to YOUR knowledge of any disclosure by YOU or by NOKIA to SAMSUNG of any term(s) of the APPLE-NOKIA LICENSING AGREEMENT.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS reflecting or related to YOUR knowledge of any disclosure by YOU or by NOKIA to any THIRD PARTY, including but not limited to media outlets, courts, tribunals, and/or government agencies, of any term(s) of the APPLE-NOKIA LICENSING AGREEMENT.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS OR COMMUNICATIONS reflecting or related to the public disclosure of any term of the APPLE-NOKIA LICENSING AGREEMENT, including but not limited to disclosures in courts, tribunals, government agencies, news, trade or blog publications.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting or related to YOUR disclosure of the terms of YOUR licensing agreements (including but not limited to the APPLE-NOKIA LICENSING AGREEMENT, the APPLE-SHARP-PHILLIPS LICENSING AGREEMENT, the APPLE-PHILLIPS LICENSING AGREEMENT, and the APPLE-ERICSSON LICENSING AGREEMENT) to any SAMSUNG employees in any litigation between SAMSUNG and APPLE pending anywhere around the world, or to any THIRD PARTY.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS between YOU and NOKIA reflecting or related to YOUR disclosure of the terms of the APPLE-NOKIA LICENSING AGREEMENT to SAMSUNG

employees in any litigation between SAMSUNG and APPLE pending anywhere around the world, or to any THIRD PARTY.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS between YOU and NOKIA reflecting or related to NOKIA's 2013 licensing negotiations with SAMSUNG.

**REQUEST FOR PRODUCTION NO. 7:**

All COMMUNICATIONS between YOU and NOKIA reflecting or related to any statement(s) allegedly made by SAMSUNG during NOKIA's 2013 licensing negotiations with SAMSUNG which included confidential information, including but not limited to any alleged competitive harm resulting from SAMSUNG's inadvertent disclosure of the terms of YOUR licensing agreements, including YOUR agreement with NOKIA.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS reflecting or related to YOUR pleading in the Netherlands dated February 23, 2012 including the attached spreadsheet listing the terms of YOUR licensing agreements, including YOUR agreement with NOKIA.

**REQUEST FOR PRODUCTION NO. 9:**

All COMMUNICATIONS between YOU and NOKIA reflecting or related to NOKIA's August 18, 2013 stipulation with SAMSUNG.

02198.51855/5552712.3

-9-   Case No. 11-cv-01846-LHK
SAMSUNG'S REQUESTS FOR PRODUCTION TO APPLE INC. REGARDING THE APPLE-NOKIA LICENSING AGREEMENT

1
2  DATED: October 29, 2013            QUINN EMANUEL URQUHART &
3                                     SULLIVAN, LLP
4                                        By /s/ *Robert Becher*
                                            Charles K. Verhoeven
5                                           Kevin P.B. Johnson
                                            Victoria F. Maroulis
6                                           William C. Price
                                            Michael T. Zeller
7
8                                        Attorneys for SAMSUNG ELECTRONICS CO.,
                                         LTD., SAMSUNG ELECTRONICS AMERICA,
9                                        INC. and SAMSUNG
                                         TELECOMMUNICATIONS AMERICA, LLC
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

02198.51855/5552712.3

-10-                                              Case No. 11-cv-01846-LHK
SAMSUNG'S REQUESTS FOR PRODUCTION TO APPLE INC. REGARDING THE APPLE-NOKIA
LICENSING AGREEMENT