# Exhibit 3

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:     (650) 801-5000
   Facsimile:     (650) 801-5100
9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

16

17                UNITED STATES DISTRICT COURT

18         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 19  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 20         Plaintiff, | |
| 21    vs. | **NOTICE OF ISSUANCE OF 30(B)(6) DEPOSITION SUBPOENA TO NOKIA** |
| 22  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 25         Defendants. | |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORDS:

2      PLEASE TAKE NOTICE THAT, pursuant to Rule 45 and 30(b)(6) of the Federal Rules of
3  Civil Procedure, Defendants and Counterclaimants Samsung Electronics Co., Ltd., Samsung
4  Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively
5  "Samsung"), have issued the subpoena to testify at a deposition in a civil action, attached as
6  Exhibit 1, to Nokia Corp. ("Nokia").

7      PLEASE TAKE FURTHER NOTICE that this deposition will take place before a duly
8  authorized notary public or other officer authorized to administer oaths at depositions, and will
9  continue from day to day, Sundays, Saturdays and legal holidays excepted, until completed.

10     PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure
11 30(b)(3), this deposition will be videotaped, audiotaped and stenographically recorded.

13 DATED:  October 29, 2013

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By /s/ *Robert Becher*
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    William C. Price
    Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

# EXHIBIT 1

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| APPLE INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    CV-11-01846-LHK |
| SAMSUNG ELECTRONICS CO., LTD.; | ) | |
| SAMSUNG ELECTRONICS AMERICA, INC.; | ) | (If the action is pending in another district, state where: |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC | ) | |
| *Defendant* | ) | Northern District of California    ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:  Nokia Corporation, Keilalahdentie 2-4, P.O. Box 226, FI-00045 Nokia Group, Finland

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

**Exhibit A**

| Place: | Quinn Emanuel Urquhart & Sullivan, LLP, 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, CA 94065 | Date and Time: TBD |
|---|---|---|

The deposition will be recorded by this method:  Stenographically and by videotape and audiotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    10/29/2013

*CLERK OF COURT*

OR

_____   */s/ Rachel Kassabian*
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Samsung Electronics Co.,, Ltd.; Samsung Electronics Am., Inc.; Samsung Telecommunications Am., LLC  , who issues or requests this subpoena, are:
Rachel Herrick Kassabian (Bar No. 191060)
Quinn Emanuel Urquhart & Sullivan, LLP, 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, CA 94065
rachelkassabian@quinnemanuel.com (650) 801-5000

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  CV – 11 – 01846 - LHK

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
     **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

## DEFINITIONS

The Topics for deposition, as well as the Instructions provided below, are subject to and incorporate the following definitions:

1.      The terms "APPLE," and "PLAINTIFF," shall refer to Apple, Inc., any predecessor or successor of Apple, Inc., and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, or other representative of Apple, Inc., including counsel and patent agents, in any country.

2.      The term "DEFENDANTS" and "SAMSUNG" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.

3.      The term "YOU," "YOUR," and "NOKIA" shall refer to Nokia Corporation, any predecessor or successor of Nokia Corporation, and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, or other representative of Nokia Corporation, including counsel and patent agents, in any country.

4.      The term "APPLE-NOKIA LICENSING AGREEMENT" shall refer to the Patent License Agreement dated 12 June 2011 by and between Nokia Corporation and Apple Inc.

5.      The term "THIRD PARTY" shall mean any person who is not an officer, director or employee of APPLE or NOKIA.

6.      The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to electronic communications and electronic mail.

7.      The terms "DOCUMENT" and "DOCUMENTS" shall have the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.  The term shall include within its meaning, by way of example and not limitation, any and all accounts,

1  analyses, books, CDs, calendars, commercial paper, communications, correspondence, DVDs, e-
2  mail, films, financial statements, floppy disks, hard disks, inter-office memoranda, invoices,
3  ledgers, letters, licenses, logs, memoranda, microfilms, minutes, notes, notes of conversations,
4  notes of meetings, notes of telephone calls, office communications, photographs, printouts,
5  recordings of conversations (whether written or electronic), reports, schedules, storage tape, task
6  lists, telegrams, telephone bills, videotapes or other video recordings, and any differing versions of
7  the foregoing whether denominated formal, informal or otherwise, as well as copies of the
8  foregoing which differ from the original in any way, including handwritten notations or other
9  written or printed matter.  The foregoing specifically includes information stored electronically,
10 whether in a computer database or otherwise, regardless of whether such documents are presently
11 in documentary form or not.  A draft or non-identical copy of a Document is a separate Document
12 within the meaning of this term.
13        8.     The term "person" or "persons" refers to any individual, corporation,
14 proprietorship, association, joint venture, company, partnership or other business or legal entity,
15 including governmental bodies and agencies.  The masculine includes the feminine and vice versa;
16 the singular includes the plural and vice versa.
17        9.     The terms "any," "all," "every," and "each" shall each mean and include the other
18 as necessary to bring within the scope of these requests for production all responses that might
19 otherwise be construed to be outside of their scope.
20        10.    The terms "and," "or," and "and/or" shall be construed either disjunctively or
21 conjunctively as necessary to bring within the scope of these requests for production all responses
22 that might otherwise be construed to be outside of its scope.
23        11.    The term "thing" refers to any physical specimen or tangible item in Your
24 possession, custody or control, including research and development samples, prototypes,
25 productions samples and the like.
26        12.    The terms "referring to," "relating to," "concerning" or "regarding" shall mean
27 containing, describing, discussing, embodying, commenting upon, identifying, incorporating,
28 summarizing, constituting, comprising or are otherwise pertinent to the matter or any aspect

1 thereof.

2     13.    The use of the singular form of any word includes the plural and vice versa, as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of its scope.

    14.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

**TOPICS**

1. All COMMUNICATIONS made by SAMSUNG and/or NOKIA in connection with any meetings or discussions concerning Samsung taking a license to NOKIA patents including but not limited to statements made and presentations given by NOKIA during the June 4, 2013 meeting between SAMSUNG AND NOKIA.

2. YOUR knowledge of any disclosure to any THIRD PARTY, including but not limited to media outlets, of any term of the APPLE-NOKIA LICENSING AGREEMENT, and YOUR COMMUNICATIONS with APPLE or any THIRD PARTY related thereto.

3. YOUR knowledge of any publication of any term of the APPLE-NOKIA LICENSING AGREEMENT by any source, including media outlets, courts, tribunals, and/or government agencies, and YOUR COMMUNICATIONS with APPLE or any THIRD PARTY related thereto.

4. Your knowledge of APPLE's disclosure of the terms of the APPLE-NOKIA LICENSING AGREEMENT to SAMSUNG employees in any litigation between SAMSUNG and APPLE pending anywhere around the world, or to any THIRD PARTY.

5. All COMMUNICATIONS between YOU and APPLE reflecting or related to APPLE's disclosure of the terms of the APPLE-NOKIA LICENSING AGREEMENT to SAMSUNG employees in any litigation between SAMSUNG and APPLE pending anywhere around the world, or to any THIRD PARTY.

6. All DOCUMENTS and COMMUNICATIONS reflecting or related to any alleged competitive harm resulting from SAMSUNG's inadvertent disclosure of the terms of APPLE's licensing agreements, including YOUR agreement with APPLE.

7. All COMMUNICATIONS between YOU and APPLE reflecting or related to SAMSUNG's alleged use of confidential information during YOUR 2013 licensing negotiations with SAMSUNG.

8. All DOCUMENTS and COMMUNICATIONS reflecting or related to any meetings or discussions between Samsung and Nokia concerning a license under Nokia patents, including but not limited to presentations made by Nokia in the context of such meetings or discussions, and any notes taken by Nokia representatives at any such meetings or discussions.

9. All efforts to maintain as confidential the APPLE-NOKIA LICENSING AGREEMENT, including any investigations concerning any disclosure of any terms of the APPLE-NOKIA LICENSING AGREEMENT to any THIRD PARTY and whether Apple or Nokia can legitimately claim any prejudice or harm from any such disclosure.