# Exhibit 4

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**NOTICE OF ISSUANCE OF DOCUMENT SUBPOENA TO NOKIA** |

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORDS:

2         PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil

3   Procedure, Defendants and Counterclaimants Samsung Electronics Co., Ltd., Samsung Electronics

4   America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung"), have

5   issued the subpoena attached as Exhibit 1, requesting the production of specified documents from

6   Nokia Corp. ("Nokia").

7

8   DATED:  October 29, 2013              QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP
9

10                                        By /s/ *Robert Becher*
                                             Charles K. Verhoeven
11                                           Kevin P.B. Johnson
                                             Victoria F. Maroulis
12                                           William C. Price
                                             Michael T. Zeller
13
                                             Attorneys for SAMSUNG ELECTRONICS CO.,
14                                           LTD., SAMSUNG ELECTRONICS AMERICA,
                                             INC. and SAMSUNG
15                                           TELECOMMUNICATIONS AMERICA, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF ISSUANCE OF DOCUMENT SUBPOENA TO NOKIA**

# EXHIBIT 1

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

| | |
|---|---|
| APPLE INC. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.       CV-11-01846-LHK |
| SAMSUNG ELECTRONICS CO., LTD.; | ) |
| SAMSUNG ELECTRONICS AMERICA, INC.; | ) |
| SAMSUNG TELECOMMUNICATIONS | )    (If the action is pending in another district, state |
| AMERICA, LLC | )    where: |
| *Defendant* | Northern District of California                  ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Nokia Corporation, Keilalahdentie 2-4, P.O. Box 226, FI-00045 Nokia Group, Finland

☐ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

☒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
**Exhibit A**

| Place:  Quinn Emanuel Urquhart & Sullivan        555 Twin Dolphin Drive, 5th Floor        Redwood Shores, CA 94065 | Date and Time:    TBD |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    10/29/2013

CLERK OF COURT

OR

                                                                                                      */s/ Rachel Kassabian*
_____                    _____
        *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Samsung Electronics Co.,,
Ltd.; Samsung Electronics Am., Inc.; Samsung Telecommunications Am., LLC   , who issues or requests this subpoena, are:
Rachel Herrick Kassabian (Bar No. 191060)
Quinn Emanuel Urquhart & Sullivan, LLP, 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, CA 94065
rachelkassabian@quinnemanuel.com (650) 801-5000

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.        CV – 11 – 01846 - LHK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  (2) *Command to Produce Materials or Permit Inspection.*

  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  (3) *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;

  (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  (iv) subjects a person to undue burden.

  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information;

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

  (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  (2) *Claiming Privilege or Protection.*

  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  (i) expressly make the claim; and

  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**

**DEFINITIONS**

The requests for production, as well as the Instructions provided above, are subject to and incorporate the following definitions and instructions as used herein:

1.      The terms "APPLE," and "PLAINTIFF," shall refer to Apple, Inc., any predecessor or successor of Apple, Inc., and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, or other representative of Apple, Inc., including counsel and patent agents, in any country.

2.      The term "DEFENDANTS" and "SAMSUNG" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.

3.      The term "YOU," "YOUR," and "NOKIA" shall refer to Nokia Corporation, any predecessor or successor of Nokia Corporation, and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, or other representative of Nokia Corporation, including counsel and patent agents, in any country.

4.      The term "APPLE-NOKIA LICENSING AGREEMENT" shall refer to the Patent License Agreement dated June 12, 2011 by and between Nokia Corporation and Apple Inc.

5.      The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to electronic communications and electronic mail.

6.      The term "THIRD PARTY" shall mean any person who is not an officer, director or employee of APPLE or NOKIA.

7.      The terms "DOCUMENT" and "DOCUMENTS" shall have the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.  The term shall include within its meaning, by way of example and not limitation, any and all accounts,

04769.52008/5593023.2

Case No. 11-cv-01846-LHK

1  analyses, books, CDs, calendars, commercial paper, communications, correspondence, DVDs, e-

2  mail, films, financial statements, floppy disks, hard disks, inter-office memoranda, invoices,

3  ledgers, letters, licenses, logs, memoranda, microfilms, minutes, notes, notes of conversations,

4  notes of meetings, notes of telephone calls, office communications, photographs, printouts,

5  recordings of conversations (whether written or electronic), reports, schedules, storage tape, task

6  lists, telegrams, telephone bills, videotapes or other video recordings, and any differing versions of

7  the foregoing whether denominated formal, informal or otherwise, as well as copies of the

8  foregoing which differ from the original in any way, including handwritten notations or other

9  written or printed matter.  The foregoing specifically includes information stored electronically,

10  whether in a computer database or otherwise, regardless of whether such documents are presently

11  in documentary form or not.  A draft or non-identical copy of a Document is a separate Document

12  within the meaning of this term.

13       8.     The term "person" or "persons" refers to any individual, corporation,

14  proprietorship, association, joint venture, company, partnership or other business or legal entity,

15  including governmental bodies and agencies.  The masculine includes the feminine and vice versa;

16  the singular includes the plural and vice versa.

17       9.     The terms "any," "all," "every," and "each" shall each mean and include the other

18  as necessary to bring within the scope of these requests for production all responses that might

19  otherwise be construed to be outside of their scope.

20       10.     The terms "and," "or," and "and/or" shall be construed either disjunctively or

21  conjunctively as necessary to bring within the scope of these requests for production all responses

22  that might otherwise be construed to be outside of its scope.

23       11.     The term "thing" refers to any physical specimen or tangible item in Your

24  possession, custody or control, including research and development samples, prototypes,

25  productions samples and the like.

26       12.     The terms "referring to," "relating to," "concerning" or "regarding" shall mean

27  containing, describing, discussing, embodying, commenting upon, identifying, incorporating,

28

1  summarizing, constituting, comprising or are otherwise pertinent to the matter or any aspect

2  thereof.

3       13.       The use of the singular form of any word includes the plural and vice versa, as

4  necessary to bring within the scope of these requests for production all responses that might

5  otherwise be construed to be outside of its scope.

6       14.       The use of a verb in any tense shall be construed as the use of the verb in all other

7  tenses.

8                                        **INSTRUCTIONS**

9       1.       Each DOCUMENT is to be produced along with all non-identical drafts thereof in

10  their entirety, without abbreviation or redaction.

11       2.       All DOCUMENTS shall be produced in the order that they are kept in the usual

12  course of business, and shall be produced in their original folders, binders, covers or containers, or

13  photocopies thereof.

14       3.       In the event that any DOCUMENT called for by these requests or subsequent

15  requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that

16  DOCUMENT is to be identified by stating (i) the author(s), addressee(s) and any indicated or

17  blind copyee(s); (ii) the DOCUMENT's date, number of pages and attachments or appendices;

18  (iii) the subject matter(s) of the DOCUMENT; (iv) the nature of the privilege or immunity

19  asserted; and (v) any additional facts on which you would base your claim of privilege or

20  immunity.

21       4.       These Requests for Production shall be deemed continuing so as to require further

22  and supplemental production in accordance with the Federal Rules of Civil Procedure.

23       5.       State, for each request, whether or not there exist any DOCUMENTS within the

24  scope of the request and whether any such DOCUMENTS are in Your possession, custody, or

25  control.

26       6.       Any response made by reference to DOCUMENTS shall identify by document

27  production number each responsive DOCUMENT.

28

1     7.     All DOCUMENTS that respond, in whole or in part, to any portion of any request

2   shall be produced in their entirety, including all attachments and enclosures.

3     8.     Color copies of DOCUMENTS are to be produced where color is necessary to

4   interpret or understand the contents.

5     9.     The source(s) or derivation of each DOCUMENT produced shall be specifically

6   identified.

7     10.     In the event that any DOCUMENT called for by these requests or subsequent

8   requests has been destroyed or discarded, that DOCUMENT is to be identified by stating: (i) the

9   author(s), addressee(s) and any indicated or blind copyee(s); (ii) the DOCUMENT's date, number

10   of pages and attachments or appendices; (iii) the DOCUMENT's subject matter; (iv) the date of

11   destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v)

12   the persons who were authorized to carry out such destruction or discard; and (vi) whether any

13   copies of the DOCUMENT presently exist and, if so, the name of the custodian of each copy.

14     11.     Electronic records and computerized information must be produced in their native

15   electronic format, together with a description of the system from which they were derived

16   sufficient to permit rendering the records and information intelligible.

17     12.     If Your response to a particular request for production is a statement that You lack

18   the ability to comply with that request, You must specify whether the inability to comply is

19   because the particular item or category of information never existed, has been destroyed, has been

20   lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or

21   control, in which case the name and address of any person or entity known or believed by You to

22   have possession, custody, or control of that information or category of information must be

23   identified.

24     13.     Unless otherwise indicated in a particular request, the request is not date or time

25   limited.

26     14.     Where an identified DOCUMENT is in a language other than English, state

27   whether an English translation of such document exists.  If a DOCUMENT is in a language other

28   than English and an English translation exists, identify and provide both DOCUMENTS.

1      15.     If possible, supply all financial data requested on a calendar year basis.  If fiscal

2  year data is provided, please specify the dates on which the fiscal years begin and end.

3      16.     For any information requested that is not readily available from Your records in the

4  form requested, furnish carefully prepared estimates, designated as such.  Attach a statement of the

5  basis for such estimates and identify the person or persons making them.

6      17.     If any document or portion thereof responsive to a request for production is

7  withheld because You claim it contains privileged information, then separately for each withheld

8  portion of such document, identify (a) the date of the COMMUNICATION and/or DOCUMENT;

9  (b) the source of the information, including the names, titles, and addresses of the DOCUMENT's

10  or COMMUNICATION's authors; (c) the names, titles, and addresses of its recipients; (d) a

11  description of the information withheld; (e) the number of pages; (f) the nature of the privilege

12  claimed and facts upon which You rely to support the claim of privilege; and (g) the number(s) of

13  the request(s) for production to which the DOCUMENT is responsive.  You must provide this

14  information within 10 days of the date on which the answers and objections to these requests are

15  due.

16      18.     If any DOCUMENTS responsive to any of these requests have been destroyed,

17  then separately for each such document, identify when, why, and by whom it was destroyed, the

18  person or persons who destroyed it, why it was destroyed, and the circumstances under which it

19  was destroyed.

20

21

22

23

24

25

26

27

28

1

**REQUESTS FOR PRODUCTION**

2

**REQUEST FOR PRODUCTION NO. 1:**

3

All DOCUMENTS and COMMUNICATIONS reflecting or related to any meetings or

4

discussions between Samsung and Nokia concerning a license under Nokia patents, including but

5

not limited to presentations made by Nokia in the context of such meetings or discussions, and any

6

notes taken by Nokia representatives at any such meetings or discussions.

7

**REQUEST FOR PRODUCTION NO. 2:**

8

9

All DOCUMENTS and COMMUNICATIONS reflecting or related to YOUR knowledge

10

of any disclosure by YOU or by APPLE to any THIRD PARTY, including but not limited to

11

media outlets, courts, tribunals, or government agencies, of any term(s) of the APPLE-NOKIA

12

LICENSING AGREEMENT.

13

**REQUEST FOR PRODUCTION NO. 3:**

14

15

All DOCUMENTS OR COMMUNICATIONS reflecting or related to the public

16

disclosure of any term of the APPLE-NOKIA LICENSING AGREEMENT, including but not

17

limited to disclosures in courts, tribunals, government agencies, news, trade or blog publications.

18

**REQUEST FOR PRODUCTION NO. 4:**

19

All DOCUMENTS reflecting or related to YOUR disclosure of the terms of the APPLE-

20

NOKIA LICENSING AGREEMENT to any SAMSUNG employees in any litigation between

21

SAMSUNG and APPLE pending anywhere around the world, or to any THIRD PARTY.

22

**REQUEST FOR PRODUCTION NO. 5:**

23

24

All COMMUNICATIONS between YOU and APPLE reflecting or related to APPLE's

25

disclosure of the terms of the APPLE-NOKIA LICENSING AGREEMENT to SAMSUNG

26

employees in any litigation between SAMSUNG and APPLE pending anywhere around the world,

27

or to any THIRD PARTY.

28

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS between YOU and APPLE reflecting or related to YOUR 2013 licensing negotiations with SAMSUNG.

**REQUEST FOR PRODUCTION NO. 7:**

All COMMUNICATIONS between YOU and APPLE reflecting or related to  any statement(s) allegedly made by SAMSUNG during YOUR 2013 licensing negotiations with SAMSUNG which included confidential information, including but not limited to any alleged competitive harm resulting from SAMSUNG's inadvertent disclosure of the terms of APPLE's licensing agreements, including YOUR agreement with APPLE.

**REQUEST FOR PRODUCTION NO. 8:**

All COMMUNICATIONS between YOU and APPLE reflecting or related to YOUR August 18, 2013 stipulation with SAMSUNG.


DATED:  October 29, 2013                    QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP

                                            By /s/ *Robert Becher*
                                               Charles K. Verhoeven
                                               Kevin P.B. Johnson
                                               Victoria F. Maroulis
                                               William C. Price
                                               Michael T. Zeller

                                               Attorneys for SAMSUNG ELECTRONICS CO.,
                                               LTD., SAMSUNG ELECTRONICS AMERICA,
                                               INC. and SAMSUNG
                                               TELECOMMUNICATIONS AMERICA, LLC