QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

   Kevin P.B. Johnson (Bar No. 177129
   kevinjohnson@quinnemanuel.com
   Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

   Michael T. Zeller (Bar No. 196417)
   michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK (PSG) |
| Plaintiff, | **STATEMENT OF RECENT DEVELOPMENT REGARDING REEXAMINATION OF U.S. PATENT NO. 7,844,915** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendant. | |

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") bring to the Court's attention Apple's Response to Final Office Action ("Final Office Action Response") in the *ex parte* reexamination of U.S. Patent No. 7,844,915 (the "'915 Patent"), dated October 28, 2013, a copy of which is attached hereto as Exhibit A.

Apple's Final Office Action Response is relevant because Apple has again confirmed the narrow scope and value of the '915 patent.  In part of its response, Apple relies on Dr. Singh's admissions at trial regarding the narrow scope of the '915 patent in support of Apple's attempts to save its validity:

> "Similarly, Dr. Karan Singh, a person of skill who testified on behalf of Patent Owner in a patent infringement trial involving the '915 Patent, similarly concluded that a device (DiamondTouch) that performs a gesture operation, specifically scaling, on precisely two fingers but scrolls on all other inputs does not meet the distinguishing limitation:

> 6   QUESTION [Mr. Jacobs, attorney for Apple].  So what about element C on
> PDX 29.7 [the determining step, including the distinguishing limitation].  Is that
> 7   present in DiamondTouch?
> 8   ANSWER [Dr. Karen [*sic*] Singh].  No, that's not, either.  As we heard in
> 9   Mr. Forlines trial testimony, Mr. Forlines is the
> 10   author of the fractal zoom program that Mr. Gray
> 11   uses.  In this case, two finger [*sic*] select the object or
> 12   perform a gesture operation, and everything else
> 13   scrolls it.  So you put three fingers down and
> 14   it'll strictly scrolls [*sic*] the object.
> 15   Claim element c says one finger scroll,
> 16   two or more scales it, or gestures.  You put three
> 17   fingers down, three is greater than two, it should
> 18   scale.  It scrolls.

Exhibit A, Apple Response at 7-8 (quoting Trial Tr. at 3624:6-18).

Thus, there is no dispute that during trial, Apple limited the scope of the '915 patent to the situation in which any number of inputs greater than one <u>must</u> cause a gesture operation.  In other words, according to Apple there is no infringement of the '915 patent so long as three input points, four input points, five input points, or any arbitrarily large number of input points causes a scrolling operation instead of a gesture operation.

In addition, Samsung also brings to the Court's attention a new argument Apple raised for the first time during its October 17 interview with the examiners.  *See* Exhibit B, Examiner's Interview Summary dated October 25, 2013.  During the interview, Apple argued that claim 8 of the '915 patent requires a distinct algorithm to perform the "distinguishing" step.  However, "[t]he examiners pointed out that the specification of the '915 is silent with respect to any implementation or any algorithm for performing the claimed "distinguishing" step."  *Id*. at 2.  Thus, even under Apple's newest interpretation of claim 8, an interpretation designed to avoid a finding of invalidity by the Nomura reference, claim 8 would be invalid based on a lack of written description.  *See* 35 U.S.C. §112(1); *Ariad Pharms., Inc. v. Eli Lilly and Co.,* 598 F.3d 1336, 1351 (Fed Cir. 2010) (*en banc*) ("[I]f the claimed invention does not appear in the specification … [the claim] fails regardless of whether one of skill in the art could make or use the claimed invention.").

DATED:  October 30, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC