# EXHIBIT B



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/012,332 | 05/30/2012 | 7844915 | P4895USREX1/120730-003US | 5963 |

20872    7590    10/25/2013
MORRISON & FOERSTER LLP
425 MARKET STREET
SAN FRANCISCO, CA 94105-2482

| EXAMINER |
|---|
| YIGDALL, MICHAEL J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 10/25/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

BRYAN CAVE LLP
1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/012,332*.

PATENT NO. *7,844,915*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| Ex Parte Reexamination Interview Summary | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/012,332 | 7844915 |
| | Examiner | Art Unit |
| | Michael J. Yigdall | 3992 |

All participants (USPTO personnel, patent owner, patent owner's representative):

(1) <u>Michael J. Yigdall</u>           (3) <u>Brian Ho, Peter Yim</u>

(2) <u>Stephen Ralis, Sudhanshu Pathak</u>    (4) <u>Jason Skinder</u>

Date of Interview: <u>17 October 2013</u>

Type:  a)☐ Telephonic    b)☐ Video Conference
       c)☒ Personal (copy given to: 1)☐ patent owner    2)☐ patent owner's representative)

Exhibit shown or demonstration conducted:   d)☐ Yes    e)☒ No.
   If Yes, brief description: _____

Agreement with respect to the claims  f)☐ was reached.  g)☒ was not reached.  h)☐ N/A.
Any other agreement(s) are set forth below under "Description of the general nature of what was agreed to…"

Claim(s) discussed: <u>1 and 8</u>.

Identification of prior art discussed: <u>Nomura (Japanese Pub. No. 2000-163031), Hillis (U.S. Patent No. 7,724,242)</u>.

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
<u>See Continuation Sheet.</u>

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims patentable, if available, must be attached. Also, where no copy of the amendments that would render the claims patentable is available, a summary thereof must be attached.)

A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION MUST INCLUDE PATENT OWNER'S STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. (See MPEP § 2281). IF A RESPONSE TO THE LAST OFFICE ACTION HAS ALREADY BEEN FILED, THEN PATENT OWNER IS GIVEN **ONE MONTH** FROM THIS INTERVIEW DATE TO PROVIDE THE MANDATORY STATEMENT OF THE SUBSTANCE OF THE INTERVIEW (37 CFR 1.560(b)). THE REQUIREMENT FOR PATENT OWNER'S STATEMENT CAN NOT BE WAIVED. **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

/Michael J. Yigdall/
Primary Examiner, Art Unit 3992

cc: Requester (if third party requester)

**Continuation Sheet (PTOL-474)**                                                                                        **Reexam Control No.  90/012,332**

Continuation:

The patent owner's representatives argued that the construction of the claimed "distinguishing between a single input point … that is interpreted as [a] scroll operation and two or more input points … that are interpreted as [a] gesture operation" set forth in the final Office action is not consistent with how a person of ordinary skill in the art would understand the limitation.  The patent owner's representatives proposed that a person of ordinary skill in the art (i.e., a programmer), reading the claim as a whole, would implement the limitation in the form of a test for a single input point, where a single input point is interpreted as a scroll operation and all other cases (including two or more input points) are interpreted as a gesture operation.  The patent owner's representatives contrasted the proposed implementation with the implementation shown in Nomura, namely a test for two input points where two input points are interpreted as a gesture operation and all other cases (including a single input point) are interpreted as a scroll operation.

The examiners generally agreed with the patent owner's characterization of Nomura, but pointed out that the teachings of Nomura are within the scope of the claims except only in the case where there are "more" than two input points (e.g., three input points), and that the claims do not explicitly (or implicitly) specify a case where there are more than two input points.  Rather, the claims plainly recite that an input of two "or" more input points is interpreted as the gesture operation, including an input of exactly two input points such as in Nomura.

The patent owner's representatives stated that claim 8 (directed to a machine-readable storage medium) is different than claim 1 (directed to a method) because it includes a predefined set of instructions for performing the method.  The patent owner's representatives argued, therefore, that the storage medium must include instructions (code) for handling a case where there are more than two input points (e.g., three input points), and that the code to implement claim 8 would logically differ from that of Nomura's implementation.  The examiners pointed out that the specification of the '915 patent is silent with respect to any implementation or any algorithm for performing the claimed "distinguishing" step.

The patent owner's representatives further argued that testing for a single input point means that the implementation must know that the input consists of a single input point.  The examiners pointed out that "distinguishing between" a single input point that is interpreted as a scroll operation and two or more input points that are interpreted as a gesture operation is not the same as "identifying" a single input point.

No agreement with respect to the claims was reached, but the examiners agreed to consider evidence supporting the patent owner's positions, such as a declaration under 37 CFR 1.132, if timely filed in response to the final Office action.

/MY/