QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC. and
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S RESPONSE TO APPLE'S STATEMENT REGARDING NAMING OF THE INFUSE 4G AND DROID CHARGE**<br><br>**Date**:　November 5, 2013<br>**Time**:　2:00 p.m.<br>**Place**:　Courtroom 8, 4th Floor<br>**Judge**:　Hon. Lucy H. Koh |

In the interest of narrowing the parties' disputes, Samsung proposed to Apple that Mr. Wagner will not present damages calculations at trial for the Infuse 4G based on notice dates different from those in the Court's March 1 Order re: Damages, if Apple will not dispute that the Droid Charge is not a Galaxy phone. Apple declined.  Nonetheless, in light testimony from the first trial and the Court's "Groundhog Day" rule, Samsung will not dispute the earlier notice date of April 15, 2011 as to the Infuse 4G only.  However, the notice date for the Droid Charge should be June 16, 2011.

Under controlling law, "[a]ctual notice requires the affirmative communication of a ***specific charge*** of infringement by a ***specific accused product*** or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) (emphasis added); *see also Coca–Cola Co. v. Pepsico, Inc.*, 2004 WL 4910334 at *30 (N.D. Ga. Sep. 29, 2004) ("[T]he requirement of notice of infringement directed towards a 'specific accused product or device'. . . pays due regard to the rights of accused infringers to have a sufficiently clear understanding of ***what 'specific product' (as opposed to a 'family' or 'class' of products)*** is alleged to be infringing . . .") (emphasis added).  Whether Apple's use of the term "Galaxy" in its original Complaint was sufficient to put Samsung on notice as to particular phones is a question of fact for the jury decide.  *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001) ("Like the determination of infringement, compliance with the marking statute, 25 U.S.C. §287(a), is a question of fact…"); Dkt. 1206-1 26:13-14; Dkt. 1157 13:17-18.  Apple is essentially seeking summary judgment on a disputed factual issue.[1]

In any event, Apple's reference to the "Galaxy" family in its original Complaint was insufficient to put Samsung on notice of Apple's specific claims of infringement against specific features of the Droid Charge because:  (1) under *Amsted,* notice requires a specific charge of infringement by a specific accused product; (2) it is undisputed that, at the time Apple filed its original Complaint, the Droid Charge was not slated to be sold or marketed as a "Galaxy" phone (Dkt. 2572 ¶ 6); and (3) at the time Apple filed its original Complaint, Apple had not even inspected the Droid Charge because it had not yet been released.

Apple's argument also conflicts with its decision to seek expedited discovery and to later amend its

---

[1] Contrary to Apple's assertion, Samsung has not waived its right to have the jury decide the notice issue. Exhibit DX781 clearly presented a June 16, 2011 notice date for the Droid Charge, and Mr. Wagner testified at trial that the jury may adopt that date (Trial Tr. 3033:23-3034:7). Moreover, DX781 was admitted into evidence (*id.* at 3032:3-11), whereas the demonstrative on which Apple relies (SDX3965) was not.

Complaint to specifically identify the Droid Charge.  Apple filed its original Complaint on April 15, 2011 (Dkt. 1).  On April 19, 2011, Apple moved for expedited discovery, including for "a domestic production model of the 4G LTE (or "Droid Charge")."  Dkt. 10 at 13:14.  Apple sought this discovery "to assess the extent to which Samsung's soon-to-be-released products will infringe Apple's intellectual property rights."  *Id.* at 1:11-12.  The Droid Charge was released on May 14, 2011 (Alden Decl., Ex A–Wagner Rpt., Sch. 6.4-NT).  Apple filed its Amended Complaint on June 16, 2011 (Dkt. 75), specifically identifying the Droid Charge.  Because Apple had never even inspected this product as of its original Complaint, and indeed subsequently sought expedited discovery to determine whether it infringed, Apple could not provide notice as to it.  Apple's attempt to focus on Samsung's knowledge is misplaced.  *Amsted*, 24 F.3d at 187 ("The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer.").

At the October 17, 2013 hearing, Apple relied on websites to argue that Samsung had branded the Droid Charge as a Galaxy phone.  Dkt. 2541-2; 10/17/13 Hr'g Tr. at 112:16-18.  In view of the declaration and testimony of Samsung's Rule 30(b)(6) witness, however, it is undisputed that this device was not actually marketed or sold as a Galaxy phone.  *See, e.g.,* Dkt. 2572 ¶ 6; Dkt. 2601-8 27:11-19 ("So if the carriers had decided to call them Galaxy S devices, they would have been marketed as Galaxy S, but they were not.").  Instead, Apple now argues that the phone *could* have been branded a Galaxy phone, and that Samsung considered this option.  However, it is undisputed that not all Android phones are sold under the Galaxy brand, including the Droid Charge.  Indeed, Apple does not dispute that the Exhibit 4G, Gem, Replenish, and Transform are not "Galaxy" phones—despite being Android phones.[2]  Moreover, the same trial testimony of Justin Denison on which Apple relies identified the Droid Charge as a "Non-Galaxy" product.  *See* Alden Decl., Ex. B–SDX3584.[3]

---

[2] Nor does Apple dispute that none of these phones were identified in its August 4, 2010 presentation to Samsung (PX52), and that the Exhibit 4G and Replenish were not identified in its original Complaint.

[3] Despite multiple rounds of briefing, Apple has now changed position and erroneously asserts for the first time that the Nexus S 4G is a Galaxy phone.  Apple's new allegation is outside the scope of briefing ordered by the Court, and incorrect for the same reasons as articulated herein with respect to the Droid Charge.

1  DATED: October 30, 2013          QUINN EMANUEL URQUHART &
2                                    SULLIVAN, LLP

4                                    By /s/ *Victoria F. Maroulis*
                                        Charles K. Verhoeven
5                                       Kevin P.B. Johnson
                                        Victoria F. Maroulis
6                                       William C. Price
7                                       Michael T. Zeller

8                                        Attorneys for SAMSUNG ELECTRONICS CO.,
                                         LTD., SAMSUNG ELECTRONICS AMERICA,
9                                        INC. and SAMSUNG
10                                       TELECOMMUNICATIONS AMERICA, LLC