QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S RESPONSE TO APPLE'S LETTER BRIEF DATED OCTOBER 25, 2013**<br><br>Place:   Courtroom 5, Fifth Floor<br>Judge:   Hon. Paul Singh Grewal |

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby submit this response to the letter brief filed by Apple, Inc. ("Apple") at 7:34 p.m. on Friday, October 25, 2013 (Dkt. 2595 – the "Letter").  As discussed below, the issues raised in Apple's Letter do not support Apple's request for sanctions against Samsung.

***First,*** Apple's suggestion that Samsung has acted improperly by providing Apple with redacted versions of its supplemental brief and related filings is a rehash of its prior arguments and, in any event, should be rejected.  As an initial matter, Apple's claim that it could not have raised this issue at the October 22 hearing is inaccurate.  Apple was served with all documents relating to Samsung's filing on the morning of October 21, including the redacted documents it complains about now, and in fact it *did* raise this issue at the hearing.  Tr. at 12:25-13:5.  Apple has no justification for repeating arguments it could have and did raise at the hearing.

Nor was it improper for Samsung to make limited redactions to its brief and related papers in its service copies to Apple to ensure that Apple did not receive confidential information about Samsung's ongoing license negotiations with Nokia.  Apple does not dispute that issues relating to Samsung's ongoing license negotiations with Nokia are governed by a non-disclosure agreement ("NDA") between Samsung and Nokia.  *See* Samsung Suppl. Brief, Dkt. 2556-03, at 10.  Apple offers no support for its claim that "a private non-disclosure agreement cannot supersede Samsung's obligation to provide Apple with complete copies of court submissions."  Apple itself has insisted that the Court's October 2 Order did not permit or require Samsung to violate any applicable Protective Order, and Apple insisted that Samsung had to redact certain Apple information from documents produced to Nokia under the October 2 Order on the grounds that it was allegedly Apple's confidential information.  *See id.*  In any case, Samsung has never been ordered to produce, to either Apple or Nokia, the confidential financial terms regarding *Samsung's* ongoing license negotiations with Nokia, and thus there is no basis for Apple's claim that

information confidential to Samsung and Nokia alone must be shared with Apple.  Finally, Apple offers no explanation how it was prejudiced by its inability to review information regarding Samsung's ongoing license negotiations with Nokia—undoubtedly because it cannot.

*Second,* Apple's argument that Samsung has "conceded" there is an "explicit link" from the "Teece Report to an outline of arguments for the ITC brief" is wrong.  As was established in the briefing to the Court and at the hearing without dispute by Apple, and as Apple continues to ignore even now, the Apple/Nokia license was produced by Apple to Samsung in the ITC investigation in February 2012—a month before the incompletely-redacted Teece report for the Northern District case was circulated.  Because Quinn Emanuel properly had and was permitted to use the Apple/Nokia license in the ITC proceeding, it is nonsensical for Apple to claim that Samsung was relying upon alleged confidential information gleaned from the Northern District Teece Report for purposes of preparing the ITC brief.[1]  Nor would have it been necessary for Quinn Emanuel to provide Samsung with, or for Samsung to review, the limited terms of the Apple/Nokia license contained in the incompletely-redacted Teece Report so that Quinn Emanuel could make the straightforward argument in the ITC that the terms of Apple's license with Nokia—which Quinn Emanuel knew from having reviewed that license itself as permitted in the 794 ITC investigation—preclude Apple from arguing that Samsung's offer to Apple was not FRAND.  As a matter of evidence, law and logic, Apple's theory of misuse fails.

On this score, Apple's Letter attempts to reargue this issue in an effort to salvage its counsel's discredited contention at the October 22 hearing that Samsung had exchanged dozens (if not hundreds) of emails in March and April 2013 that demonstrate Samsung's "use" of the alleged confidential information in the Teece Report.  Specifically, Apple's counsel represented to the

---

[1] As referenced herein, the "ITC brief" includes any outlines or drafts thereof, as well as the final, as-filed brief.

Court that between March 13 and April 3, 2013, Samsung and Quinn Emanuel exchanged 37 emails "*with the unredacted Teece Report or inappropriately redacted Teece Report attached*," and that potentially hundreds more of such emails were identified on Samsung's privilege logs. Tr. at 8:2-11:21 (emphasis added). In response, Samsung showed that there is no basis for Apple's argument that a single one of those emails attached the Teece Report and that, to the contrary, the attachments to those emails were outlines or drafts of Samsung's ITC brief. Tr. at 41:14-42:13. Recognizing that his prior argument was flatly refuted by the evidence, Apple's counsel changed course and then attempted to argue that even if the Teece Report was not attached to these hundreds of emails, it still must be the case that the Apple/Nokia licensing terms that appear in Samsung's ITC brief "migrated" over to the ITC from the incompletely-redacted Teece Report. Tr. at 76:12-77:11 (arguing that it "started with the Teece Report"). But Samsung also showed, without refutation by Apple, that the evidence contradicts Apple's contention. The Apple/Nokia license was *produced by Apple* to Samsung in discovery in the ITC investigation on February 19, 2012—a month *before* the first incompletely-redacted Teece Report was disclosed to Samsung. Tr. at 84:20-85:6; *see also* Becher Decl., Dkt. 2556-06, ¶ 20. Apple does not and cannot make any plausible argument that Quinn Emanuel's proper access to and use of the Apple-Nokia license in the ITC could somehow be tainted by the failure to fully redact the Teece report that was prepared for the Northern District of California.

Unable to address the actual evidence, Apple is reduced to relying on an isolated, out-of-context phrase in the October 22 Becher Declaration referencing the "incompletely redacted information in the Teece Report." Apple claims in its Letter it was unaware of this supposed "link" between the Teece Report and the ITC outline until it reviewed Mr. Becher's October 22 declaration. Apple is wrong on this point as well. That very same statement was also included in an attachment to a letter Mr. Becher sent to Apple on October 15 and was attached to the

Declaration of Ken Korea that Samsung filed on October 21—all prior to the October 22 hearing. Dkt. 2556-14, Exhibit 3 (statement by Bristow's LLP).  This issue also was in fact addressed at length at the October 22 hearing, but Apple never identified any purported "concession" by Samsung.   While it is certainly true that some (but *not all*) of the same information about the Apple/Nokia license that was included in the ITC brief was also included in the incompletely-redacted Northern District Teece Report, Apple has no basis or evidence for its conclusory contention that this Teece Report was the source of that information.  It is, in fact, undisputed that the entire Apple/Nokia license, including *all* the information that later appeared in the ITC brief, was produced to Samsung in discovery in the ITC investigation before any version of the Northern District Teece Report was circulated, and that Quinn Emanuel was entitled to use that information to develop and assert arguments on Samsung's behalf and was perfectly capable of doing so without collaborating with Samsung.  Apple also continues to ignore the undisputed fact that the incompletely-redacted Northern District Teece Report was not and *could not* have been the source of the information about the Apple/Nokia license that appeared in the ITC brief, because the ITC brief referred to information about the Apple/Nokia license that *did not* appear anywhere in that Teece Report.  Tr. at 43:15-19.

*Third,* Samsung confirms that it is in the process of complying, and will continue to comply, with the Court's orders requiring Samsung to submit documents for *in camera* review, including by providing documents identified on Samsung's logs prepared in response to the October 2 Order.

*Fourth,* Apple's reference to the inadvertent breach of confidentiality in the Australian proceeding between Samsung and Apple does not support its request for sanctions.  Nor is this issue new; Apple raised it in its supplemental brief as well.  *See* Dkt. 2557-04 n.1.  Just as it did then, Apple makes no attempt to explain how the inadvertent breach of confidentiality in Australia

concerning an independent Teece report prepared for the Australian case relates to the issues before this Court. There is no evidence that Samsung's Australian counsel used in the Australian lawsuit any alleged confidential information taken from the incompletely-redacted Northern District Teece report that was not otherwise available to the Australian counsel discovery in the Australian proceedings. For example, the Apple/Nokia license was produced in discovery in the Australian litigation, just as it was in the ITC investigation. *See* Tr. at 57:10-12. And, as the transcript cited by Apple makes clear, the Court overseeing the Australian matter is addressing any concerns that Apple has about allegedly improper disclosures or use there. Just as Apple has repeatedly attempted to distract from and muddy the relevant issues before this Court by attempting to interject the ITC proceedings, which are subject to the ITC's own protective order and procedures, Apple's attempt to interject the Australian proceedings concerning an Australian Teece report that are pending before an Australian Court and that are the subject of Australian law has no merit.[2]

***In sum,*** none of the issues Apple raises in its Letter warrants further consideration by the Court or supports Apple's request for sanctions against Samsung. Apple's continued speculations and attempts to introduce wholly irrelevant issues into these proceedings show that—even after obtaining broad discovery from Samsung—Apple has no basis for its accusations of improper use.

---

[2] In addition to the October 24 hearing to which Apple refers, the Australian court held another hearing on October 25 that Apple fails to disclose to this Court. Samsung will not burden this Court with a full discussion of the substance of the Australian proceedings at this juncture, but to the extent the Court would like to be kept apprised of the proceedings in Australia, Samsung would be happy to provide updates.

1  DATED: October 31, 2013        Respectfully submitted,

2                                 QUINN EMANUEL URQUHART & SULLIVAN, LLP

3

4
                                  By /s/  Victoria F. Maroulis
5                                    Charles K. Verhoeven
                                     Kevin P.B. Johnson
6                                    Victoria F. Maroulis
                                     Michael T. Zeller
7

8                                    Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
                                     SAMSUNG ELECTRONICS AMERICA, INC. and
9                                    SAMSUNG TELECOMMUNICATIONS AMERICA,
                                     LLC
10