1  RANDALL L. ALLEN (Ca. Bar No. 264067)
   randall.allen@alston.com
2  RYAN W. KOPPELMAN (Ca. Bar No. 290704)
   ryan.koppelman@alston.com
3  ALSTON & BIRD LLP
4  275 Middlefield Road, Suite 150
   Menlo Park, CA 94025
5  Telephone:    650-838-2000
   Facsimile:    650-838-2001
6
7  PATRICK J. FLINN (Ca. Bar No. 104423)
   patrick.flinn@alston.com
8  B. PARKER MILLER (*pro hac vice*)
   parker.miller@alston.com
9  ALSTON & BIRD LLP
   1201 West Peachtree Street
10 Atlanta, GA 30309
   Telephone:    404-881-7000
11 Facsimile:    404-881-7777
12
   Attorneys for Non-Party
13 NOKIA CORPORATION

14                UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16                       SAN JOSE DIVISION

17

18
   | APPLE, INC., a California corporation, | Case No.:  5:11-CV-01846-LHK (PSG) |
   |---|---|
   | Plaintiff, | |
   | v. | **NOKIA'S RESPONSE TO SAMSUNG'S MOTION FOR LEAVE TO TAKE DISCOVERY** |
   | SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
   | Defendants. | |

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT .......................................................................................................................... 3

    A. Samsung's Proposed Discovery of Nokia Regarding the June 4th Meeting is not Necessary for the Court to Understand the Scope of Samsung's Protective Order Violation. .......................................................................................... 3

    B. The Confidentiality of the Nokia-Apple License Terms is Undisputed and Irrelevant. ................................................................................................................. 4

        1. The License Agreement and Terms were Properly Designated as Highly Confidential. .......................................................................................... 5

        2. Protected Material Remains Subject to Protective Order. ............................. 5

        3. Samsung's Proposed Discovery is Legally Irrelevant, Because it Cannot Form a Defense to the Disclosure of Properly Designated Material. ......................................................................................................... 6

        4. Samsung Should Be Judicially Estopped From Claiming That the Financial Terms of the Nokia-Apple License are Publicly Available. .......... 7

        5. Parties Cannot Appoint Themselves As Individual Arbiters Over Material Which the Court Has Deemed Protected. ....................................... 8

    C. Samsung's Proposed Discovery is Barred by the Stipulated Order. ......................... 8

    D. Samsung's Proposed Discovery is Prejudicial to Nokia. ........................................ 12

III. CONCLUSION ..................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**                                                              **Page(s)**

*CDN Inc. v. Kapes*,
    197 F.3d 1256 (9th Cir. 1999) ............................................................................................... 8

*Del Campo v. American Corrective Counseling Services, Inc.*,
    C-01-21151JWPVT, 2007 WL 3306496 (N.D. Cal. Nov. 6, 2007) .................................... 6, 7

*Harrell v. CheckAGAIN, LLC*,
    CIV.A. 03-0466, 2006 WL 5453652 (S.D. Miss. July 31, 2006) ........................................... 6

*Katz v. Batavia Marine & Sporting Supplies, Inc.*,
    984 F.2d 422 (Fed. Cir. 1993) ............................................................................................... 11

*Kehm v. Proctor & Gamble Mfg. Co.*,
    580 F. Supp. 913 (N.D. Iowa 1983) ....................................................................................... 6

*Koch v. Greenberg*,
    No. 07 CV 9600, 2011 WL 4485975 (S.D.N.Y. Sept. 28, 2011) ........................................... 6

*Nichia Corp. v. Seoul Semiconductor Co., Ltd.*,
    No. C 06-0162, 2007 WL 2533729 (N.D. Cal. Aug. 31, 2007) ........................................ 9, 10

*Trachsel v. Buchholz*,
    No. C-08-02248 RMW, 2008 WL 4822265 (N.D. Cal. Nov. 5, 2008) ................................. 11

*United States v. Sungard Data Stystems, Inc.*,
    173 F. Supp. 2d 20, 28 (D.D.C. 2001). ................................................................................... 6

*United States v. United Mine Workers of Am.*,
    330 U.S. 258 (1947) ................................................................................................................ 7

*Wallis v. PHL Assocs., In*c.,
    86 Cal. Rptr. 3d 297 (2008) .................................................................................................... 6

*Wyler Summit P'ship v. Turner Broad. Sys., Inc.*,
    235 F.3d 1184 (9th Cir. 2000) ................................................................................................ 7

**STATUTES**

Fed. R. Civ. P. 26(b)(2)(C)(iii) ................................................................................................... 11

Fed. R. Civ. P. 30(b)(6) ............................................................................................................... 12

## I. INTRODUCTION

Courts in both the United States and Australia are demanding that Samsung explain immediately who received Nokia and Apple's confidential business information ("CBI") and what they did with it.  Rather than expedite answers to those pressing questions, which have been lingering since at least July, Samsung has decided to blame the victim and use its resources to attempt to harass Nokia with burdensome discovery.  It is ironic that Samsung wants to "bring an end to the satellite litigation of the last several weeks" (Dkt. No. 2610-2) by seeking additional harassing and irrelevant discovery.

After first learning in June that a few Samsung employees claimed to have Nokia's highly confidential information, Nokia was then informed in July that in fact large numbers of Samsung employees have that same highly confidential information.  Thereafter, Nokia further learned that a large number of Samsung's law firms around the globe also have it.  In addition, Nokia learned that its highly confidential information had been filed in other Courts around the world and used by other law firms for various Court filings.

As a result of all of these improper disclosures and uses – every one of which Samsung admits – Samsung and its counsel agreed to and were ordered to provide information and discovery to Nokia and Apple.  But, since then, they have refused to do what they agreed to do and have failed to do what they have been ordered to do.  At the time of this writing, the Stipulated Order is nowhere near completion and Samsung has no information on when it will be, claiming privilege to that information.

Nokia still has not received even a redacted copy of the documents used to communicate Nokia's information around the globe and throughout Samsung.  Instead, Samsung provided a production of a variety of other documents that were completely blacked out.  Then, Samsung provided witnesses who could not remember anything, and there were only useless blacked out documents to attempt to refresh their recollections.  To further mask discovery of the facts, Samsung extensively claims privilege and work product in order to cloak the evidence that is not otherwise blacked out.  As a result, the Court is now saddled with an extensive in camera review of these blacked out documents.

- 1 -  Case No. 11-cv-01846/12-cv-00630
NOKIA'S RESPONSE TO SAMSUNG'S MOTION FOR LEAVE TO TAKE DISCOVERY

This is where we are, and it is with this background that Samsung now asks the Court to order new discovery of Nokia and Apple, discovery against the companies whose highly confidential information Samsung and its counsel inappropriately disclosed and used.  It is outrageous and the Court should not entertain it.

The question before the Court is not whether Samsung can manufacture an excuse for its violations by sifting through even more Nokia confidential information.  There is no question about the fact that Samsung made improper disclosures and uses of Nokia's CBI.  They also circulated the CBI around the globe to other law firms for use in other cases.  In doing so, Samsung separately violated the prohibitions against disclosure (by sending the information) and then violated the use prohibitions (in that the other law firms used the information to coordinate with this case) of the protective order.  Samsung's alleged efforts to coordinate are not a defense; they are   a violation.  The question now before the Court is not whether Samsung can manufacture an excuse for its violations by sifting through even more of Nokia's CBI.  The appropriate question is how extensively Samsung violated the protective order (Oct. 1, 2013 Order, Dkt. No. 2483 at 4).

For all the reasons stated below, the Court should decline Samsung's request to expand the scope of this investigation to include expensive, time-consuming, and irrelevant discovery of Nokia.  In particular, it is beyond dispute, and thus a completely unnecessary object of discovery, that Nokia's licensing terms with Apple are in fact confidential.  When Nokia moved this Court to seal these same licensing terms,[1] Samsung filed a statement of non-opposition (Dkt. No. 1338 ("On July 25, 2012, Nokia Corporation filed an administrative motion to file under seal Trial Exhibits 77 and 630. Samsung does not oppose this motion.")).  Thus, Samsung has conceded

---

[1]   Nokia's motion explained: "Samsung has indicated that it intends to submit Trial Exhibits 77 and 630.... Trial Exhibits 77 and 630 appear to be composite exhibits listing various license agreements (although Nokia does not have access to the entirety of either exhibit). Cumulatively, they contain four rows identifying the financial terms of three licenses: (1) a 2009 Nokia / Samsung license, (2) a 2010 Nokia / Samsung license, and (3) a 2011 Nokia / Apple license. While the existence of these licenses is not confidential – and Nokia does not seek to redact facts that evidence their existence – the financial and related license terms of these licenses are highly confidential and extremely sensitive information to Nokia." (Dkt. No. 1328 at 2).

that this information is in fact confidential, estopped itself on this point, and has never challenged its designation under the protective order. The case law is clear that the time to challenge a confidentiality designation under a protective order is before the disclosure, not after the violation. Therefore, Samsung's proposed discovery of Nokia on the confidentiality of the Nokia information is irrelevant. And worse, Samsung wants more CBI which it and its counsel have already demonstrably and egregiously mishandled.

II.     ARGUMENT

   A.   **Samsung's Proposed Discovery of Nokia Regarding the June 4th Meeting is not Necessary for the Court to Understand the Scope of Samsung's Protective Order Violation.**

Samsung's Motion for Leave to Take Discovery should be denied first and foremost because burdening Nokia employees with discovery will not assist the Court in answering the fundamental questions surrounding Samsung's improper dissemination and use of Nokia's CBI. While the last echo of Samsung's extensive violations was heard in a meeting with Nokia, the dissemination and use had long since occurred. By the time of the June 4 meeting, Samsung and Samsung's counsel had already disseminated Nokia's CBI all over the world and used it in violation of the protective order (Oct. 22, 2013 Hr'g Tr. at 5-7).

Samsung admitted that on no less than 5 occasions, Samsung or Samsung's counsel sent the improperly redacted Teece Report to at least 70 individuals who were not authorized to see it (Oct. 22, 2013 Hr'g Tr. at 5-7). Samsung also admitted that on at least 10 occasions, Samsung or Samsung's counsel sent improperly redacted ITC filings to at least 71 individuals who were not authorized to see it (*Id.*). No Nokia witness can provide any information about what the individuals did with these reports, or the CBI contained in them. There are concerns that Apple's licensing terms with companies like Ericsson, Philips, and Sharp were also improperly disclosed on multiple occasions (Oct. 2, 2013 Order, Dkt. No. 2483 at 4). No Nokia witness can provide any information as to how the confidential terms of the Apple-Ericsson, Apple-Philips, and Apple-Sharp license were further disseminated and used.

If Dr. Ahn had never disclosed that he knew the terms of the Nokia-Apple License Agreement and explained how he knew about them (as recounted by this Court's October 2, 2013 order, Dkt. No. 2483), there *still* would be no less a violation of the protective order.   While that conversation did alert Nokia that the violations had occurred, the inquiry of this Court is properly on the events prior to that day.   Samsung's attempt to focus the Court on the single June 4, 2013 meeting, to the exclusion of all other evidence of disclosures of Nokia CBI, proves once again that Samsung does not get it.

As the Court observed during the October 22, 2013 hearing, the Court may ultimately determine that it needs to resolve issues regarding what actually happened at the June 4th meeting, including weighing the credibility of witnesses (Hr'g Tr. at 50).   Therefore, if the Court believes it would be useful in its investigation of these protective order violations for Nokia witnesses to provide testimony at a hearing regarding the June 4th meeting with Samsung, then Nokia will make all reasonable efforts to provide that evidence to the Court.   In the interim, Nokia witnesses should not be subjected to irrelevant and improper harassment.   The Court should decline Samsung's request to drag Nokia around the world so that Samsung's counsel can ask endless questions that do not inform the Court's inquiry.

### B.   The Confidentiality of the Nokia-Apple License Terms is Undisputed and Irrelevant.

Samsung's Motion for Leave to Take Discovery further should be denied because Samsung's reasoning for the proposed discovery about the confidentiality of the Nokia-Apple license terms is misguided.   As further explained below, the Nokia-Apple License Terms were properly designated "Protected Material" under the protection of this Court.   Samsung agreed to the designation and to this date have *never challenged* that designation.   Courts have roundly rejected arguments *ex post facto* that protective order violations should be excused because the

improperly disseminated material was not actually confidential.  Thus, discovery as to the confidentiality of the information is irrelevant and harassing.[2]

### 1. The License Agreement and Terms were Properly Designated as Highly Confidential.

The License Agreement was properly designated as highly confidential and thus is "Protected Material" entitled to protection under the Protective Order (Dkt. No. 687, ¶ 2(a)).  In response to third party discovery, Nokia filed a motion to seal the License Agreement on July 25, 2012 (Dkt. No. 1328).  Samsung did not challenge the designation or the motion to seal.  In fact, Samsung concurred that the material was properly designated by filing a non-opposition to Nokia's motion to seal (Dkt. No. 1338).[3]  Neither Nokia nor Apple has withdrawn its designation.  Accordingly, the material remains Protected Material.

### 2. Protected Material Remains Subject to Protective Order.

In the applicable stipulated protective order, this Court and the parties spoke with clear and unequivocal language: "(iii) Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation."  (Dkt. No. 687, ¶ 13).  Nokia and Apple, the designating parties, have not withdrawn their designation, and this Court has not ruled that the Nokia-Apple License Terms are not entitled to a highly confidential designation.  Accordingly, each email circulating terms of this

---

[2]  Samsung has offered no good faith basis to believe that there are any "leaks" other than the admitted leaks in this case by Samsung's counsel of which we are currently aware.  Nevertheless, Samsung wants to drag Nokia and the Court along on a wild goose chase to see if they can find something else to argue about instead of standing in this Court and taking responsibility for what they have done.  Samsung's argument that the newspaper articles provide some evidence of "leaks" is a desperate and ill-conceived tactic.  Many of the articles Samsung cites are based on analysis or speculation about publicly available financial data and none of them suggest that they are based on disclosure by Nokia.

[3]  Samsung should be judicially estopped from asserting that Nokia and Apple license terms are not confidential as they have previously concurred in pleadings that the license was confidential.  Indeed, every news article that Samsung has cited for their new found belief that the material is public was published prior to their non-opposition to Nokia's Motion to Seal.

Protected Material is a *per se* violation of the Protective Order.  Samsung has now admitted over 200 separate violations of the Protective Order (Oct. 22, 2013 Hr'g Tr. at 5-7).

### 3. Samsung's Proposed Discovery is Legally Irrelevant, Because it Cannot Form a Defense to the Disclosure of Properly Designated Material.

Samsung is wrong when they state that there can be no violation of the Protective Order when the relevant information was already publicly known (Dkt. No. 2610-2 at 10).  Indeed, courts have found violations of protective orders even where, unlike here, the true confidentiality of information was in doubt.  *See Koch v. Greenberg*, No. 07 CV 9600, 2011 WL 4485975, at *3 (S.D.N.Y. Sept. 28, 2011) ("the appropriateness of the documents' confidentiality designation 'is beside the point'" as to whether there was a violation of a protective order); *Wallis v. PHL Assocs., Inc*., 86 Cal. Rptr. 3d 297, 310 (2008) (where the "protective order applied regardless of whether the attachments to the Griffin declaration actually contained trade secrets"); *Kehm v. Proctor & Gamble Mfg. Co.*, 580 F. Supp. 913, 916 (N.D. Iowa 1983) ("Lack of confidentiality of covered documents is no defense" to a protective order violation).  As the court explained in *United States v. Sungard Data Stystems, Inc.*, a confidentiality designation should be respected until the Court releases information from that designation.  173 F. Supp. 2d 20, 28 (D.D.C. 2001).  Here, all of the known violations have occurred before the Court has released the designation because, to date, it has not released it.

The case cited by Samsung for the proposition that there can be no violation of a protective order where information is in the "public domain" had a significantly different protective order from the order issued by this Court.  *Harrell v. CheckAGAIN, LLC*, CIV.A. 03-0466, 2006 WL 5453652 (S.D. Miss. July 31, 2006).  In *Harrell*, the order covered only "confidential documents and information not in the public domain." *Id.* at 4.  Thus, *Harrell* excluded the disclosed information from the protections of the court on its face.  Further, as to some material disclosed by the alleged violators in *Harrell*, the court was unclear whether the disclosed material came from public information or confidential filings.  *Id.*  Here, and as this Court has recognized, license terms like those of Apple and Nokia are clearly the type of information for which protective orders are designed and this material was so designated.  (*see* Dkt. No. 2192).

Further, if the terms of the Nokia-Apple license were so publicly available, why did Samsung seek discovery of the license terms on multiple occasions, as far back as the summer of 2011 (Dkt. No. 1328, Exh. C)? The very fact that Samsung sought discovery proves the information was not publicly available.

Samsung's contention that courts will "de-designate confidential material if a party fails to maintain the secrecy of the information," citing *Del Campo v. American Corrective Counseling Services, Inc.*, C-01-21151JWPVT, 2007 WL 3306496 (N.D. Cal. Nov. 6, 2007), only further supports Nokia's position. A party must move for a Court to de-designate information as confidential before unilaterally treating it as in the public domain. *Id.* at *1 ("Plaintiffs have moved to remove the 'Confidential' designation from all documents that ACCS produced in December of 2006"); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings"). Samsung, of course, has never requested that any of the information now at issue be de-designated and Nokia would object if they tried to do so. Instead, Samsung confirmed the designation through filing its non-opposition to Nokia's motion to seal.

### 4. Samsung Should Be Judicially Estopped From Claiming That the Financial Terms of the Nokia-Apple License are Publicly Available.

Samsung's Motion for Leave should also be denied because Samsung should be judicially estopped from asserting that Nokia - Apple License Terms are not confidential as they have previously concurred in pleadings that the license was confidential. Indeed, every news article that Samsung has cited for their new-found belief that the material is public was published prior to their non-opposition to Nokia's Motion to Seal.

Judicial estoppel applies where a party's current position is so manifestly inconsistent with a prior position as to constitute an affront to the Court. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 235 F.3d 1184, 1190 (9th Cir. 2000). Samsung's acquiescence to, and stipulation based on, Nokia's designation of confidentiality as to the Nokia-Apple License Terms is

manifestly inconsistent with its current position. The equities thus favor judicially estopping Samsung from now asserting such a manifestly inconsistent position this late in litigation.

### 5. Parties Cannot Appoint Themselves As Individual Arbiters Over Material Which the Court Has Deemed Protected.

The effect of granting Samsung discovery would be to permit a party to unilaterally decide that certain protected information (that it admits receiving and has used to its competitive advantage) can be disseminated in violation of the protective order, conceal said disclosure for 18 months, then, once caught, turn around and question the confidential nature of the information in the first place. Such an effect, in addition to encouraging a cover up, would vitiate the ability of the Court to effectively enforce its orders. Further, permitting an inquiry into the harmed party's state of mind, as Samsung seeks to do here, would propound and protract ancillary litigation.

### C. Samsung's Proposed Discovery is Barred by the Stipulated Order.

The Stipulated Order that Samsung negotiated and voluntarily entered into expressly prohibits Samsung from using any of Nokia's CBI properly designated under the protective order for any legal or business matter. This prohibition on the use of Nokia's CBI encompasses Samsung's present request for discovery.

By now requesting further discovery of Nokia, Samsung seeks to go back on what it agreed to and what this Court confirmed in the Stipulated Order (Case No. 5:12-cv-00630, Dkt. No. 742). Samsung made this deal with Nokia to moot Nokia's motion seeking protection from further discovery by Samsung of Nokia's CBI. Upon learning that its confidential information had been disclosed in this case, Nokia determined that the only prudent course of action was to cease providing Samsung and its counsel more Nokia CBI. In exchange for Nokia's agreement to withdraw its motion, Samsung agreed that it would seek no further discovery of Nokia as part of the Stipulated Order submitted to the Court. That was the deal. Samsung should not be permitted now to violate that stipulation. *See CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999) ("[b]ecause stipulations serve both judicial economy and the convenience of the parties, courts will enforce them absent indications of involuntary or uninformed consent").

Specifically, paragraph 2 of the Stipulated Order states:

> Samsung hereby withdraws its request for additional Nokia confidential data in this case. Samsung also agrees not to use in any legal or business matter any Nokia Confidential Business Information ("CBI") designated as Confidential or higher under the protective orders of the following cases: (i) Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv- 1846 LHK (PSG) (the "NDCA I case"), (ii) Apple Inc. v. Samsung Elecs. Co. Ltd., No. 12-cv-00630 LHK (PSG) (the "NDCA II case"), and (iii) Certain Electronic Devices, Including Wireless Communication Devices, Portable Music and Data Processing Devices, and Tablet Computers, Investigation No. 337-TA-794 ("The 794 ITC case"), with the only exception being that Samsung may continue to rely on the Apple/Nokia agreement in Samsung's defense against the permanent injunction on the '381 patent sought by Apple in the NDCA I case, including any appeals on that issue.

(Case No. 5:12-cv-00630, Dkt. 742 at 1).   The terms of this agreement are not ambiguous. Samsung voluntarily and expressly stipulated that it would not use *any* Nokia CBI designated as confidential for *any legal or business matter*.   This prohibition encompasses Samsung's proposed use of the discovery it now seeks from Nokia in its motion.

Samsung argues in its motion that the Stipulated Order and its specific provisions are inapplicable and irrelevant to its pending discovery requests, and that they relate only to "Samsung's merits cases against Apple…."   (Dkt. No. 2610-2 at 5-6, n.5).   This position contradicts the plain language in paragraph 2.   Nothing in paragraph 2 differentiates between Samsung's "merit cases" against Apple and Samsung's violations of the Protective Order in this case.   Rather, the language explicitly states that Samsung may not use Nokia's CBI for "any legal or business matter."   This provision is properly interpreted as covering *all* legal matters, including Samsung's defense against any potential request for sanctions.   The broad scope of this agreement is confirmed later in the same sentence, where the Stipulated Order explicitly states that "the only exception" to this prohibition is "that Samsung may continue to rely on the Apple/Nokia agreement in Samsung's defense against the permanent injunction on the '381 patent sought by Apple in the NDCA I case."   Samsung's motion seeks discovery from Nokia which does not qualify for this limited exception.

Samsung further argues that "[n]othing in the stipulation. . . purported to constitute a waiver by Samsung of its rights to defend itself against the allegations. . . that it violated the

1  NDCA I Protective Order." (*Id.*).  This argument misses the point — Nokia does not claim that
2  Samsung has waived any rights to defend itself against allegations regarding Samsung's
3  violations.  Samsung is free to deny any such allegations and mount a defense against them.
4  However, this does not excuse Samsung from performance of the terms it willingly assumed in the
5  Stipulated Order; namely, that Samsung may not use any of Nokia's CBI in any legal or business
6  matter, including the presentation of its defense against a motion for sanctions. *See Nichia Corp.*
7  *v. Seoul Semiconductor Co., Ltd.*, No. C 06-0162, 2007 WL 2533729, at *3 (N.D. Cal. Aug. 31,
8  2007) (holding that defendant agreeing to forgo the obviousness defense to avoid certain discovery
9  could not withdraw from the stipulation after court relied on it in issuing discovery order).  This
10 provision of the Stipulated Order is a material provision and not a throw-away line to be
11 disregarded when Samsung finds it convenient. For obvious reasons, it was a material component
12 of the negotiated stipulation that Nokia would not have to risk further dissemination of additional
13 CBI.  The provision was included to address that concern and Nokia's motion.  There is no
14 justification for Samsung to now go beyond it.
15       Paragraph 2 also recites Samsung's voluntary withdrawal of its request for additional
16 Nokia confidential data in this case.  The plain language of the provision does not limit
17 Samsung's withdrawal to "a pending subpoena Samsung had issued to Nokia," as Samsung now
18 argues (Dkt. No. 2610-2 at 5-6, n.5).  By arguing that the discovery it now seeks is not anticipated
19 by this provision, Samsung is attempting to receive the benefits of the Stipulated Order while
20 disavowing the burden it to which it expressly agreed.
21       On July 1, Nokia filed a Motion for Protective Order in the 630 case relating to a "dispute
22 that has arisen in the course of Samsung's document requests." (Case No. 5:12-cv-00630, Dkt. No.
23 647).  Nokia had been made aware at the time that Samsung was seeking production of Nokia's
24 CBI from Apple (*Id.*).  Because the Apple-Nokia License Agreement was already produced in the
25 630 case, Samsung's document requests necessarily went beyond the terms of the Apple-Nokia
26 License Agreement.  Nokia did not consent to the production of any documents containing
27 Nokia's CBI, and it filed its Motion for Protective Order to prevent Apple from disclosing any
28 such CBI.  *Id.*

1    As part of the Stipulated Order, Nokia agreed to withdraw its motion (*Id.*, ¶ 1).
2 Correspondingly, Samsung agreed to "hereby withdraw[] its request for additional Nokia
3 confidential data in this case." (*Id.*, ¶ 2). Thus, in exchange for Nokia withdrawing its motion to
4 prevent Samsung from obtaining Nokia's CBI, Samsung agreed to withdraw its request to obtain
5 that CBI. Samsung cannot now make a renewed request for the same type of discovery that it
6 explicitly withdrew in the Stipulated Order. *See Nichia Corp.*, 2007 WL 2533729 at *3 (holding
7 that a party cannot withdraw from a stipulation after already receiving the benefit).

8    Samsung's argument that the agreement related "to the merits of the NDCA II cased (sic) –
9 not to the request of sanctions," Dkt. No. 2610-2 at 5-6, n.5, is facially inaccurate and contrary to
10 the spirit of the Stipulated Order. The plain language states that Samsung withdrew its request for
11 additional Nokia CBI in this case. Samsung could have negotiated and drafted the withdrawal to
12 be limited to discovery related to the merits of the case, but instead it agreed to a general
13 withdrawal. The Court should not read the unambiguous language of the Stipulated Order to
14 include the described limitation Samsung now seeks. *See, e.g., Trachsel v. Buchholz*, No. C-08-
15 02248 RMW, 2008 WL 4822265, at *2 (N.D. Cal. Nov. 5, 2008) (finding that a stipulation that
16 unambiguously permitted depositions did not also implicitly allow document discovery).

17    Further, the fact that Samsung now seeks the same information Nokia previously sought to
18 prevent it from having demonstrates that this discovery is contrary to the intent of the Stipulated
19 Order. Nokia has not yet sought sanctions against Samsung in this case. Nokia joined in the
20 1846 case for the limited purpose of obtaining discovery. There is no evidence indicating that
21 Nokia would have agreed to give Samsung its CBI for the limited purpose of resolving a protective
22 order issue *with Apple*. The only evidence is that Nokia did not want Samsung to have this CBI
23 *for any purpose*. Thus, Samsung's proposed limitation cannot be inferred from the Stipulated
24 Order.

25    Because Samsung agreed not to seek Nokia's CBI in exchange for Nokia withdrawing its
26 Motion for Protective Order, the Court should deny Samsung's attempt to get such information
27 despite the agreement.

28

**D.      Samsung's Proposed Discovery is Prejudicial to Nokia.**

The requested discovery would be highly prejudicial and unduly burdensome to Nokia. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (Court "must limit the frequency or extent of discovery" where "burden or expense of the proposed discovery outweighs its likely benefit"); *see also Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) (affirming district court's refusal to allow discovery against non-party; "the fact of nonparty status may be considered by the court in weighing the burdens imposed in the circumstances").   Samsung's proposed discovery purports to require Nokia to produce documents and force at least two of its employees to travel from Finland to California to sit for depositions even though the employees have not been subpoenaed.

First, *any* burden on Nokia would be undue because Samsung cites no authority for the proposition that it can issue any discovery to Nokia without lawful process, including a properly served subpoena or other process.    Nokia is a non-party to this action with permission from Judge Grewal to participate in discovery of Samsung based on Samsung's admitted protective order violations.   Nokia has not, by virtue of that participation, consented to produce discovery in this action.   Moreover, even if Samsung could serve discovery on Nokia without subpoena, it has cited no authority and made no argument for why it can compel Nokia *employees* Paul Melin and Eeva Hakoranta – who are in no way parties – to travel from their home in Europe to California and to sit for a deposition without proper process under applicable treaties.

Second, allowing   Samsung to   seek to require Melin, Hakoranta, and a Rule 30(b)(6) witness to travel from Europe to California and bring documents, creates a    massive burden of discovery on Nokia that vastly outweighs any potential benefit of the discovery to this ancillary issue of Samsung's protective order violations.    Therefore the Court should also reject Samsung's request to open discovery against Nokia because such discovery would be highly prejudicial and unduly burdensome.

Finally, Samsung's demand for discovery as to the harm caused to Nokia in a Rule 30(b)(6) deposition is even further misplaced.    This Court will eventually decide appropriate sanctions, not damages.   As this Court noted, "[C]onfidential information remains confidential

because counsel and clients alike follow court orders." (Oct. 1, 2013 Order, Dkt. No. 2483 at 2). Sanctions are designed to reinforce the importance of compliance with court orders. Even if the harm to Nokia was the primary measure of the sanctions, the evidence of the harm rests solely with Samsung. Nokia cannot testify as to how Samsung changed its negotiation strategy to Nokia's detriment once it obtained the Nokia information that it should not have had. That information remains solely with Samsung.

### III.    CONCLUSION

Samsung's Motion for Leave to Take Discovery is an unreasonable and inappropriate effort to change the direction of this Court's inquiry. Accordingly, Samsung's Motion should be denied in its entirety.

DATED: November 1, 2013

*s/ Ryan W. Koppelman*
RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:    650-838-2000
Facsimile:    650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (*pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:    404-881-7000
Facsimile:    404-881-7777

Attorneys for Non-Party
NOKIA CORPORATION