**CONTAINS ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER**

HAROLD J. MCELHINNY (SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (SBN 116421)
rkrevans@mofo.com
ERIC J. OLSON (SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR LEAVE TO TAKE DISCOVERY**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

**CONTAINS ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER**

In its motion for leave, Samsung contends that it should be entitled to take discovery from Apple and Nokia "should the Court be inclined to impose any sanctions" against Samsung. The Court should deny that request for the reasons set forth below.

**I.    Samsung Cannot Justify Its Discovery Requests Based on Mere Speculation About Possible Public Disclosures.**

Samsung suggests that discovery from Apple and Nokia might help it establish that the confidential Apple license information at issue was either derived from the public domain and/or leaked by Apple or Nokia. (Mot. at 6-8.) Those arguments fail for several reasons.

*First*, Samsung has never disputed that the Apple license information that its employees and lawyers improperly circulated around the world (in the unredacted Teece Report, which cites the licenses, as well as in unredacted draft and filed briefs) came *directly* from the Apple licenses with Nokia, Ericsson, Philips, and Sharp that Apple produced in discovery during litigation and designated as highly confidential under the Protective Order. Samsung cannot demand discovery by taking a different position here.

*Second*, nor can Samsung justify its discovery requests based on the handful of articles it cites that reported about the Apple-Nokia license. (Mot. at 2-3.) None of those articles even remotely suggests that Apple or Nokia provided any of the information contained in the articles. Indeed, both articles that Samsung quotes confirm on their face that the reported information was the result of "estimates" from financial analysts. (*Id.* ███████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

██████████

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO FOR LEAVE TO TAKE DISCOVERY
-1-                                      Case No. 11-cv-01846-LHK (PSG)

1 ████████████████████████████████████████████████████████████████████
2 ████████████████  ██████████████████████████████████████████████████
3 ████████████████████████████████████████████████████████████████████
4 ████████████████████████████████████████████████████████████████████
5
6 ██████████████████████████████████ including those confirming that Apple and Nokia
7 fought to prevent the public disclosure of their license terms. (*E.g.*, Jason Mick, "Apple Fights
8 to Keep Details of Nokia Settlement From the Public," *Daily Tech* (Oct. 3, 2011), *available at*
9 http://www.dailytech.com/Apple+Fights+to+Keep+Details+of+Nokia+Settlement+From+the+
10 Public/article22909.htm.)
11     ***Third***, Samsung's brief simply ignores that the unredacted Teece Report and other
12 documents that Quinn Emanuel and Samsung improperly disclosed to hundreds of unauthorized
13 recipients also contained confidential terms from Apple's licenses with ***Ericsson***, ***Philips***, and
14 ***Sharp***—and Samsung has never claimed that terms from these licenses were available in the
15 public domain. Therefore, regardless of what discovery about the Apple-Nokia license might
16 show, Samsung and Quinn Emanuel cannot negate their Protective Order violations or minimize
17 the resulting sanctions merely by attempting to establish public availability of the Apple-Nokia
18 license.
19
20
21
22 _____
   1
23 ████████████████████████████████████████████████████████████████████
24 ████████████████████████████████████████████████████████████████████
25 ████████████████████████████████████████████████████████████████████
26 ████████████████████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████████████████████
28 ████████████████████████████████████

**CONTAINS ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER**

*Finally*, the Protective Order expressly prohibits the "disclose first, argue about confidentiality later" approach that Samsung now wishes to pursue:

> Notwithstanding any challenge to a designation, the Discovery Material in question ***shall continue to be treated as designated under this Order*** until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing. or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

(Dkt. 687 § 13(b)(iii)(emphasis added).)  If Samsung and its lawyers truly believed that the terms of the Apple-Nokia license were publicly known at the time of their many unauthorized disclosures, they could have challenged the designation of that license as confidential under the Protective Order.  Their failure to do so only underscores that they did not hold any such belief, and no discovery from Apple is needed to confirm that result.  *See United States ex rel Johnson v. Golden Gate Nat'l Senior Care LLC*, 2013 WL 1182905, at *7 n.4 (D. Minn. Mar. 21, 2013) ("This Court and other judges in this District require a substantial showing to allow documents to be filed under seal and require parties that have designated materials confidential to demonstrate that information deserves to be protected under Fed.R.Civ.P. 26(c).  But this fact does not make it appropriate for a party to unilaterally determine that documents it has received under a confidentiality designation do not deserve to be treated as confidential.").

In sum, during the three months since Samsung first acknowledged its Protective Order violations to Apple and the Court, Samsung has not identified a single person who claims that Apple or Nokia disclosed the terms of their license to anyone.  The absence of that evidence alone justifies denying Samsung's request for discovery from Apple and Nokia.

**CONTAINS ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER**

## II. Samsung Cannot Justify Its Discovery Requests Based on the Spreadsheet That Apple Filed in the Parties' Dutch Litigation.

Samsung also claims that it should be entitled to take discovery from Apple and Nokia based on a license spreadsheet that Apple submitted in the parties' Dutch litigation to comply with an order from the Dutch court. Those arguments fail for several reasons as well.

*First*, Samsung cannot argue that Apple's submission of the spreadsheet to the Dutch court somehow reflects a lack of effort by Apple to protect the confidential terms of the Apple-Nokia license. As Samsung is well aware, Apple filed that spreadsheet in response to a February 2012 order from the Dutch court that *required* Apple and Samsung to submit charts listing terms from their licenses to declared-essential UMTS patents. (Dkt. 2557-10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮)

The spreadsheet was not available to the public and did not disclose the names of Apple's licensees. ▮▮▮▮ And Samsung was only permitted to share the chart with nine specific Samsung employees—a list that did not include nearly all the Samsung employees who received Apple's confidential license terms as a result of Samsung's protective order breaches, including Dr. Ahn. ▮▮▮▮ There was no public or careless disclosure of the spreadsheet.

*Second*, in its motion, Samsung argues that the spreadsheet made it "easy to connect [the terms] with the Apple-Nokia license." (Mot. at 3.) But as Apple explained in its supplemental sanctions brief, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 2557-14 [Kim Dep.] at 196-97; Dkt. 2557-15 [Kwak Dep.] at 117.)

*Finally*, use of the chart was strictly limited to the Dutch case. (Dkt. 2557-10 ▮▮▮▮▮▮▮▮) Accordingly, even if Samsung's employees were able to ascertain the terms of the Apple-Nokia license from the anonymous entries set forth in the Dutch spreadsheet—▮▮▮▮

**CONTAINS ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER**

▬▬▬▬▬▬▬▬—they had no right to use that information in this or any other litigation (other than the Dutch case) or in any license negotiations. Therefore, Apple's submission to the Dutch court cannot excuse Samsung's many breaches of the Protective Order, and Samsung identifies no discovery that could possibly lead to a different conclusion.

### III. Samsung Cannot Justify Its Discovery Requests Based on Claims of "Substantial Compliance."

Samsung argues that discovery may enable it to show "substantial compliance" with the Protective Order. (Mot. at 7-8.) But as discussed above, Samsung cannot show any type of compliance based on unsupported claims that the Apple-Nokia license was either publicly known and/or known as a result of the Dutch spreadsheet. In addition, it is difficult to fathom how Samsung can mount a "substantial compliance" defense: (i) after disclosing the terms from *four different* Apple confidential licenses to *hundreds* of persons not permitted access to that license information under the Protective Order—including to numerous Samsung licensing employees in a position to use that information for competitive advantages, and to dozens of new individuals even after Samsung claims to have first discovered the breach in ▬▬▬▬▬▬ and (ii) after waiting months before reporting these many breaches to Apple and the Court in August 2013. This wrongful conduct helps explain why Samsung sought agreement from Nokia to delete its many communications on this issue. It does not show substantial compliance.[2]

### IV. Samsung Cannot Justify Its Discovery Requests Based on a Claimed Need to Respond to Allegations of Harm.

Samsung argues that discovery of Apple and Nokia is relevant because it "will show whether and to what extent Apple and Nokia have been harmed." (Mot. at 8.) But Apple is at a

---

[2] In the only case Samsung cites in support of its position, there was no direct disclosure of designated information from counsel to the client. *See Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-2066, at *4 (N.D. Cal. Apr. 4, 2012) ("Importantly, SNR Denton did not provide the customer list to Kilopass."). By contrast, here, Quinn Emanuel provided Samsung with the actual financial terms of numerous confidential Apple license agreements.

**CONTAINS ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER**

loss to understand how discovery *from Apple* (or Nokia) might show how *Samsung* improperly used Apple's confidential license information in a manner that harmed Apple. Only discovery from Samsung is relevant to that inquiry. Additionally, the Protective Order itself does not impose any burden on Apple to prove harm, and Samsung cites no authority holding that proof of harm is required to find a protective order violation (or sanction)—which is not surprising, as the damage from a protective order violation may be difficult to uncover and quantify, and may take time to manifest itself.

Samsung's two cited cases do not change that result. In neither case did the court order discovery of the party whose confidential information was improperly disclosed—other than records of their attorneys' fees and costs in filing the motion for sanctions, so that those could be recovered. *See Palmer v. Stassinos*, No. C 04-3026, 2007 WL 2288119, at *4 (N.D. Cal. Aug. 7, 2007) (awarding sanctions for non-compliance with Court orders); *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. C 12-852, 2012 WL 1600393, at **10-13 (N.D. Cal. May 7, 2012) (awarding sanctions for violation of protective order and ordering moving party to provide evidence of attorney fees).

**V.   Samsung Cannot Justify Its Discovery Requests Based on a Claim That Sanctions Discovery is a "Two-Way Street."**

Samsung contends that discovery is "a two-way street" (Mot. at 5) and that "fundamental fairness" (*id.* at 5, 8) requires the Court to order discovery. But in the context of a sanctions proceeding, like this one, discovery is most certainly not a "two-way street." In fact, Apple is not aware of a single case—and Samsung does not cite one—in which a party found liable for violating a protective order was allowed to take discovery of the same party that it harmed via its protective order violations (other than to confirm fees and costs, as noted above).

Given that lack of authority, Samsung cites only decisions that generally stand for the principle that a party facing sanctions must be given notice and a reasonable opportunity to

**CONTAINS ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO
PROTECTIVE ORDER**

respond before a sanction is imposed.  *See In re Bonito*, 124 F.3d 210 (9th Cir. 1997); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770 (9th Cir. 1983).  Here, there is no question that Samsung has received ample notice and numerous opportunities to explain its behavior.  Onerous discovery from Apple or Nokia is not necessary.  *See Golden Gate Nat'l Senior Care*, 2013 WL 1182905 at **7-8 (ordering monetary sanctions for violations of a protective order without permitting the sanctioned party to take affirmative discovery).[3]

**VI.     Samsung Cannot Justify Its Discovery Requests Based on the June 4, 2013 Meeting Between Samsung and Nokia.**

Samsung alleges that it should be permitted to take discovery relating to the June 4, 2013 meeting between Samsung and Nokia.  (Mot. at 1-2, 4-5.)  Apple disagrees, especially in view of the mountains of other clear evidence showing widespread violations of the Protective Order.  In any event, if the Court believes that it would be helpful to conduct a credibility determination with respect to the Samsung and Nokia representatives who attended that meeting (including Messrs. Ahn and Melin), Apple suggests that the Court conduct an evidentiary hearing featuring live direct and cross-examination testimony from those individuals.

\* \* \*

Samsung appears to expect that the Court will issue sanctions, including based on the results of the Court's ongoing *in camera* review.  Apple shares that expectation given the massive number of unauthorized disclosures, the strong evidence of improper use, and

---

[3]     While Samsung purports its discovery would be "limited," the deposition notice and requests for production that it seeks to serve (Becher Decl., Exs. 1 & 2) would probe broadly into many issues that Samsung never even mentions in its brief.  As one example, Samsung seeks production of "all communications" between Apple and Nokia "reflecting or related to Nokia's August 18, 2013 stipulation with Samsung."  As another example, Samsung seeks testimony regarding "all efforts to maintain as confidential [Apple's] license agreements," apparently without restriction as to time or the specific agreements discussed in the improperly redacted Teece Report.

**CONTAINS ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER**

Samsung's decision to delay reporting its many known violations until after the U.S. Trade Representative acted in the parties' ITC case.  Discovery from Apple is irrelevant to these issues.  Therefore, the Court should deny Samsung's motion.

Dated:  November 1, 2013                               /s/ Mark D. Selwyn
                                                                      Mark D. Selwyn

**CONTAINS ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on November 1, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

          /s/ Mark D. Selwyn
          Mark D. Selwyn