| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| ERIK J. OLSON (CA SBN 175815) | Telephone: (617) 526-6000 |
| ejolson@mofo.com | Facsimile: (617) 526-5000 |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | |
| San Francisco, California  94105-2482 | MARK D. SELWYN (SBN 244180) |
| Telephone:  (415) 268-7000 | mark.selwyn@wilmerhale.com |
| Facsimile:  (415) 268-7522 | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| Attorneys for Plaintiff and | Telephone: (650) 858-6000 |
| Counterclaim-Defendant APPLE INC. | Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
| Plaintiff, | |
| v. | **DECLARATION OF MARK D. SELWYN IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Declaration of Mark D. Selwyn in Support of Samsung's
Administrative Motion to File Documents Under Seal
Case No. 11-cv-01846-LHK (PSG)

I, Mark D. Selwyn, hereby declare as follows:

1. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-referenced litigation. I am licensed to practice law in the State of California, the Commonwealth of Massachusetts, and the State of New York, and am admitted to practice before the U.S. District Court for the Northern District of California. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts under oath.

2. Samsung has filed an Administrative Motion to File Documents Under Seal (Dkt. No. 2610) in connection with Samsung's Motion for Leave to Take Discovery ("Samsung's Motion").

3. The following portions of Samsung's Motion contain or discuss confidential Apple information:

- Pages 2-3; and
- Pages 4-5 (specifically footnote 4 and the text redacted by Samsung under the heading "Nokia's Disclosures to Samsung at the June 4, 2013 Meeting").

These portions of Samsung's Motion contain or discuss confidential license negotiations and/or the confidential terms of Apple's license agreements, including payment terms. Although some portions of pages 2-3 contain or discuss estimates of the payment terms of Apple's licenses from published sources, in the context of the discussion in which they appear, inferences might be drawn regarding the actual payment terms of Apple's licenses. The Court has previously allowed Apple to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements because such information falls within the definition of "trade secrets." *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (Aug. 9, 2012 N.D. Cal.) (Dkt. No. 1649 at 10-11) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)). As the Court previously noted, disclosure of such information "could result in significant competitive harm to the licensing parties as it would provide insight into the structure of their licensing deals, forcing them into an uneven bargaining position in future negotiations." *Id.* at 16. Further, since these documents were filed in connection with a non-dispositive motion,

the lesser "good cause" standard applies. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 2012-1600 at 11-12 (Fed. Cir. Aug. 23, 2013) ("the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action") (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks omitted)).

4. The relief requested by Apple is necessary and narrowly tailored to protect its confidential business information.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of November, 2013 at Palo Alto, California.

                                            */s/* Mark D. Selwyn
                                            Mark D. Selwyn

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on November 4, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

*/s/* Mark D. Selwyn
Mark D. Selwyn