QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

CASE NO. 11-cv-01846-LHK

**DECLARATION OF KEVIN SMITH IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SAMSUNG'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO TAKE DISCOVERY**

I, Kevin Smith, declare:

1. I am a Partner at Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd, Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung"). I have personal knowledge of the facts set forth in this declaration, except as otherwise noted, and, if called as a witness, could and would testify to those facts under oath.

2. I submit this declaration in support of Samsung's Reply in Support of Motion for Leave to Take Discovery.

3. Attached as Exhibit A is a true and correct copy of "Nonparty Nokia Inc.'s Responses and Objections to Samsung Electronics Co., Ltd. et al.'s Subpoena for Deposition," dated July 1, 2013.

4. Attached as Exhibit B is a true and correct copy of a June 24, 2013 letter received from Apple attorney Peter Kolovos.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in San Francisco, California on November 4, 2013.

*/s/ Kevin A. Smith*

**ATTESTATION**

I, Victoria F. Maroulis, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Kevin Smith has concurred in this filing.

Dated:   November 4, 2013              By:   */s/ Victoria F. Maroulis*
                                                    Victoria F. Maroulis

# Exhibit A

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| Apple, Inc.,<br>Plaintiff,<br><br>v.<br><br>Samsung Electronics Co., Ltd. et al.,<br><br>Defendant. | Civil Action No. 12-cv-00630-LHK<br>(Northern District of California) |
|---|---|

**NONPARTY NOKIA INC.'S RESPONSES AND OBJECTIONS TO SAMSUNG ELECTRONICS CO., LTD. ET AL.'S SUBPOENA FOR DEPOSITION**

Nonparty Nokia Inc. ("Nokia") asserts the following general and specific objections to the Subpoena for Deposition served by Defendants Samsung Electronics Co., Ltd. et al. ("Samsung") on June 17, 2013.

## GENERAL OBJECTIONS

Nokia makes the following General Objections, whether or not separately set forth in response to each and every Topic in the subpoena.

1. Nokia objects to the subpoena as unduly burdensome on the grounds that it fails on its face to allow reasonable time for compliance.

2. Nokia objects to the date and location requested for the deposition as unduly burdensome. If the parties cannot reach agreement that no deposition is necessary, Nokia will meet and confer on a mutually convenient date and location.

3. Nokia objects to the subpoena in its entirety on the grounds that it subjects Nokia, a non-party, to undue burden in light of the fact that a Nokia witness has already been deposed in the above-captioned case.

4. Nokia objects to the Definitions as set forth in the subpoena, and objects to each individually numbered Topic, to the extent that it seeks disclosure of information which reflects or constitutes in full or in part privileged information, including privileged communications between attorney and client, attorney work product, and information protected from disclosure by the common-interest privilege or any other privilege or immunity. Nothing contained in Nokia's responses is intended to be, or in any way shall be deemed, a waiver of privilege. Inadvertent disclosure of any such information shall not be deemed a waiver of any privilege or immunity.

5. Nokia objects to each Topic to the extent that it seeks information not in the possession, custody or control of Nokia, or not kept in the ordinary course of Nokia's business, or is information that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive.

6. Nokia objects to each Topic to the extent that is it not limited by any time period. Nokia will limit its response, if any, to a reasonable time period applicable to each Topic.

7. Nokia objects to the Definitions set forth in the subpoena, and objects to each individually numbered Topic, as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they seek to impose any requirement or obligation on Nokia beyond those required by the Federal Rules of Civil Procedure.

8. Nokia objects to the Definitions to the extent that the Definitions purport to enlarge or alter in any way the plain meaning and scope of any specific Topic on the grounds that such enlargement or alteration renders the Topic vague, ambiguous, or overly broad.

9. Nokia objects to the definition of "Nokia," "You," and "Your" as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that it purports to include "the Nokia Corporation, and anyone acting on behalf of the Nokia Corporation." Any reference to "Nokia" herein will only be to Nokia Inc., the served entity. Nokia Inc. does not respond herein on behalf of Nokia Corporation, a separate and distinct legal entity subject to service under the Hague Convention.

10. No waiver of the above-stated objections shall be implied from the inclusion of further or more specific objections in individual responses below or from the inclusion of a statement indicating that a witness will be provided.

11. Nokia is willing to meet and confer on any of its objections to assist Samsung in clarifying or narrowing the scope of the requested discovery and may move for a protective order if agreement cannot be reached.

## SPECIFIC OBJECTIONS TO TOPICS

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent possible, Nokia responds to each of the Topics as follows:

**TOPIC NO. 1:**

The authenticity of the Nokia 5140 User Guide.

**RESPONSE TO TOPIC NO. 1:**

Nokia objects to this Topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information not reasonably related to any parties' claims or defenses or any relevant subject matter at issue. Nokia further objects to this Topic on the grounds that it seeks information that is not kept, or in a manner in which it is not kept, in the ordinary course of business. Nokia also objects to this Request as overly broad and unduly burdensome to the extent it seeks information that could have been obtained during the March 15, 2013 deposition of Nokia Inc.'s witness Greg Keng in the above-captioned case.

Subject to the General Objections and the foregoing specific objections, and without limitation thereof, and to the extent this Topic is understood, Nokia states that it is willing to provide an affidavit or declaration regarding the subject of this Topic.

**TOPIC NO. 2:**

The earliest date upon which the Nokia 5140 User Guide was published.

**RESPONSE TO TOPIC NO. 2:**

Nokia objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information

not reasonably related to any parties' claims or defenses or any relevant subject matter at issue. Nokia further objects to this Request on the grounds that it seeks information that is not kept, or in a manner in which it is not kept, in the ordinary course of business. Nokia also objects to this Request as overly broad and unduly burdensome to the extent it seeks information that could have been obtained during the March 15, 2013 deposition of Nokia Inc.'s witness Greg Keng in the above-captioned case.

Subject to the General Objections and the foregoing specific objections, and without limitation thereof, and to the extent this Topic is understood, Nokia states that it is willing to provide an affidavit or declaration regarding the subject of this Topic.

Dated: July 1, 2013

Respectfully submitted,

/s/ *Laura S. Huffman*

Robert F. Perry
rperry@kslaw.com
**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

Laura S. Huffman
lhuffman@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

ATTORNEY FOR NON-PARTY NOKIA INC.

**CERTIFICATE OF SERVICE**

I hereby certify that counsel for Samsung Electronics Co., Ltd. et al. listed below is being served this 1st day of July, 2013, with a copy of *NONPARTY NOKIA INC.'S RESPONSES AND OBJECTIONS TO SAMSUNG ELECTRONICS CO., LTD. ET AL.'S SUBPOENA FOR DEPOSITION* via electronic mail.

______/s/ *Laura S. Huffman*________

Laura S. Huffman

Amar Thakur
Quinn Emanuel, LLP
865 S. Figueroa Street
Los Angeles, California 90017
amarthakur@quinnemanuel.com

# Exhibit B

WILMERHALE

June 24, 2013

**Peter J. Kolovos**

+1 617 526 6493 (t)
+1 617 526 5000 (f)
peter.kolovos@wilmerhale.com

VIA ELECTRONIC MAIL

Michael Fazio, Esq.
Quinn Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017

Re: *Apple Inc. v. Samsung Elecs. Co.*, Case No. 12-CV-00630-LHK (N.D. Cal. 2012)

Dear Michael:

Please be advised that Apple has been in discussions with Nokia regarding the production of documents relating to the Apple/Nokia License Agreement dated June 12, 2011. While a copy of the License Agreement has already been produced in the 1846 litigtaion, Apple has been in discussions with Nokia regarding production of amendments to the agreement, as well as negotiation communications. Apple understands that Nokia intends to file a motion for a protective order regarding these materials. Apple has advised Nokia that Apple plans to move forward with producing these materials next Monday July 1 unless Nokia has filed a motion for a protective order with the Court by that date.

Best regards,

/s/ Peter J. Kolovos

Peter J. Kolovos

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109
Beijing Berlin Boston Brussels Frankfurt London Los Angeles New York Oxford Palo Alto Waltham Washington