UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, ) | Case No.: 11-CV-01846-LHK |
| ) | |
| Plaintiff, ) | ORDER RE: GEM SALES |
| v. ) | |
| ) | |
| SAMSUNG ELECTRONICS CO., LTD., a ) | |
| Korean corporation; SAMSUNG ) | |
| ELECTRONICS AMERICA, INC., a New York ) | |
| corporation; SAMSUNG ) | |
| TELECOMMUNICATIONS AMERICA, LLC, ) | |
| a Delaware limited liability company, ) | |
| ) | |
| Defendants. ) | |
| ) | |

As part of its Motion to Strike Portions of Michael Wagner's Updated Expert Report, Apple moves to strike the damages calculations for the Samsung Gem phone in Wagner's Updated Report on the ground that these calculations are based on fewer sales than were originally included in Wagner's 2012 expert reports. ECF No. 2381 at 5:25-27. While Wagner's 2012 reports calculated damages for the Gem based on Samsung's total sales of the Gem in the United States, Wagner's Updated Report calculates damages only for Gem phones sold through Verizon. *See* ECF No. 2399 at 6. Samsung contends that Wagner's updated damages calculations are proper because Apple presented evidence of infringement only for Gem phones sold through Verizon at the 2012 trial in this case, and thus Apple failed to meet its burden to prove its entitlement to damages for Gem

1

Case No.: 11-CV-01846-LHK
ORDER RE: GEM SALES

models sold through other U.S. carriers. *See id.*; *see also* ECF No. 2584 at 1. Apple counters that Samsung forfeited this objection by failing to raise it at any point prior to the filing of Wagner's Updated Expert Report. ECF No. 2567 at 1-2.

Leading up to and during the 2012 trial, both Apple and Samsung treated the "Gem" phone as though it were a single product. *See, e.g.*, ECF No. 1 ¶ 54 (identifying the "Gem" as an accused product); ("Robinson Decl.") ECF No. 2568 Ex. C at 14 (Samsung's Objection and Responses to Apple's Tenth Set of Interrogatories identifying "Gem (Max)" as the sole Gem phone in Samsung's line of products); JX1020 (joint trial exhibit of Verizon Gem phone); JX1500 (joint trial exhibit showing combined Gem sales for all U.S. carriers without a carrier-by-carrier breakdown); DX676.025-027 (Samsung trial exhibit showing the same). Neither party sought to differentiate Gem models by carrier before or during trial, nor did Samsung ever once object that Apple's failure to present infringement evidence regarding Gem phones sold through other carriers limited the amount of damages Apple was entitled to seek for the Gem. Samsung's noninfringement contentions did not argue that infringement hinged on the particular carrier model for any accused phone, Robinson Decl. Exs. D-E, nor did any Samsung technical expert raise this noninfringement theory, *id.* Exs. F-H.

Samsung was obligated to raise all of its noninfringement contentions in advance of the 2012 trial. Thus, Samsung's failure to raise its Gem noninfringement contentions prior to the 2012 trial is itself sufficient to find that Samsung forfeited the right to raise the issue now. What is more, Samsung did not raise the Gem issue during or even after the 2012 trial concluded. While Samsung's Motions for Judgment as a Matter of Law brought pursuant to Federal Rule of Civil Procedure 50 challenged the 2012 jury's damages award on multiple grounds, *see* ECF No. 2013 at 17-24, Apple's failure to prove infringement for non-Verizon models of the Gem was not one of them. *See also* ECF No. 2584 at 2 (Samsung conceding that it did not raise the Gem issue in its post-trial motions). Samsung's failure to raise the Gem issue in post-trial motions provides yet another reason for concluding that Samsung forfeited this argument.

Samsung argues that, notwithstanding its own failure to bring this issue to the attention of either Apple or the Court prior to Wagner's Updated Expert Report in August 2013, a year after the

2012 trial, the fact that Apple bears the burden of proving its entitlement to damages means that Wagner must be allowed to present damages calculations based only on Gem phones sold through Verizon. ECF No. 2584 at 1. Samsung misinterprets the relevance of Apple's burden of proof in this instance. While Apple certainly bears the burden of proof to show that it is entitled to damages, *see, e.g.*, *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1163-64 (Fed. Cir. 1991), to this day Samsung has failed to present any evidence that the non-Verizon Gem models differ from the Verizon Gem in any way that could impact Apple's entitlement to damages. *See* ("Oct. 10 Hr'g Tr.") ECF No. 2535 at 118:25-119:5 ("[The Court:] And are you saying that the features of the Gem phone, whether the carrier is AT&T versus Verizon is a different phone, that it functions differently, it's not infringing? [Samsung Counsel:] I can't say that standing here. I would need to compare the phones."); Robinson Decl. Ex. A at 844:3-846:5 (Wagner stating in deposition testimony that he was unaware of any differences between the different models of the Gem); ECF No. 2584 (Samsung's most recent submission regarding the Gem, failing to identify any differences between Gem models sold through different carriers). Accordingly, this case has proceeded along the assumption that proof of infringement as to one Gem model was adequate proof of infringement as to all models. To the extent this assumption was incorrect, it was up to Samsung to raise this noninfringement argument before the 2012 trial. Because Samsung failed to raise this issue before the 2012 trial, and because to this day Samsung has still not produced any evidence to suggest that the various Gem models differ in any way that could conceivably impact Apple's entitlement to damages, the Court finds that Samsung has forfeited this argument.

Further, to admit Wagner's reduced damages calculations for the Gem would, under Federal Rule of Evidence 403, result in substantial unfair prejudice to Apple. Samsung never raised this issue before or during the 2012 trial, or in its post-trial motions; thus, Apple was not afforded an opportunity to address this issue previously. Furthermore, Apple cannot introduce evidence to prove its entitlement to damages on all Gem phones now that the liability phase of this case is closed. Admitting Wagner's reduced Gem damages calculations also poses a high risk of jury confusion and waste of time since introducing this issue will inevitably draw the parties into a satellite litigation over what was, or was not, proven at the 2012 trial with respect to the Gem.

3

Case No.: 11-CV-01846-LHK
ORDER RE: GEM SALES

Under a Rule 403 analysis, the Court finds that the probative value of this evidence is substantially outweighed by these risks of unfair prejudice, jury confusion, and waste of time, and Rule 403 thus provides another reason to exclude Wagner's reduced damages calculations for the Gem from the retrial. Accordingly, the Court GRANTS Apple's Motion to Strike Portions of Michael Wagner's Updated Expert Report insofar as it relates to Wagner's reduced damages calculations for the Gem.

**IT IS SO ORDERED.**

Dated: November 4, 2013

_____
LUCY H. KOH
United States District Judge