# EXHIBIT 2

Scott R. Mosko (State Bar No. 106070)
scott.mosko@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California 94304-1203
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

Attorneys for Third Parties
HTC America Inc., HTC Corporation
and S3G Graphics Co. Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean Corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York Corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware Limited Liability Company,<br><br>　　　　　　　Defendants. | Case No. 11-cv-01846-LHK<br><br>**DECLARATION OF VINCENT LAM ON BEHALF OF THIRD-PARTY HTC IN RESPONSE TO MOTION TO FILE UNDER SEAL**<br><br>Judge: Honorable Lucy H. Koh |

I, Vincent Lam declare as follows:

1. I am an attorney duly licensed to practice law in all California State Courts and in the Northern District of California. I am the Executive Patent Litigation Director for HTC America, Inc., a subsidiary of HTC Corporation (collectively hereinafter "HTC"). I report directly to the General Counsel of HTC. I reside and work in San Diego, California. I submit this Declaration on behalf of HTC in support of the motion to file under seal the Patent License and Settlement Agreement between HTC and Apple ("the HTC/Apple Agreement") at Docket No. 2182. As detailed below the redactions made in the HTC/Apple Agreement, attached to Declaration of Robert Becher (Dkt. No. 2182-4) should remain in any version of this agreement that is publicly filed because this agreement contains HTC's trade secrets and confidential information. Public disclosure of these redactions will result in immediate harm to HTC.

2. I am over the age of eighteen and have personal knowledge of the facts in this declaration or have access to HTC corporate information and records allowing me to confirm these facts. If called as a witness, I would be able to competently testify.

3. I was and remain responsible for the oversight and management of multiple patent litigations initiated by Apple against HTC and by HTC against Apple in the United States International Trade Commission and the United States District Courts. After lengthy patent battles and substantial negotiations, on November 11, 2012, HTC and Apple resolved their disputes and entered into a global resolution. The HTC/Apple Agreement provides for a cross-license and settlement of fifty-two (52) cases in the United States and outside the United States. The details of the financial and other consideration and royalty terms represent valuable HTC trade secrets and provide a blueprint of confidential proprietary information used in HTC's business, the public disclosure of which would irreparably harm HTC. HTC holds these terms in strict confidence: indeed, before Apple's production of the HTC/Apple Agreement in this case, no more than ten persons at HTC, including top business leaders and their immediate counsel, had access to this information. Further, HTC and Apple expressly agreed to keep these details confidential and HTC had an expectation that these details would remain private. *See* HTC/Apple Agreement §13.9. HTC reasonably relied on the confidentiality of its business agreement with Apple when entering its

1  settlement—at a time it could have continued litigating its disputes with Apple in the United States
2  International Trade Commission and the United States District Courts.
3      4.    In HTC's view, the entire Agreement is highly confidential. In particular, HTC
4  believes that public disclosure of confidential financial information as found in specific sections of
5  the HTC/Apple Agreement identified below, and public disclosure of the royalty terms as found in
6  specific sections of the HTC/Apple Agreement also identified below would impose particular harm.
7  Recognizing the Court's concerns that documents filed with the Court should be publicly disclosed
8  to the extent that such disclosure does not harm third parties, the redactions made in the document
9  attached to the Declaration of Robert Becher at Docket No. 2182-4, do not include any part of
10 sections 2 and 3 of the HTC/Apple Agreement which discloses the patent license grants and
11 covenants. Nor do the redactions include the identity of the patents licensed or many other
12 provisions of the HTC/Apple Agreement. The limited redactions include only the detailed financial,
13 royalty and license information that remain highly confidential to the parties signing this Agreement.
14 HTC submits that the public does not have a legitimate interest in obtaining further information
15 about this private arrangement, especially since, to my understanding, the limited redactions are not
16 relevant (and have not been argued to be relevant) to the current dispute between Apple and
17 Samsung. I understand that the relevance of this agreement is limited to the fact that a license was
18 granted. In deference to the Court, HTC has narrowly tailored the redactions. I specifically address
19 below the reasons for our redactions.
20     5.    Sections 6, 8.5(b)(i)-(iv), 11, and Exhibits B, C and D to the HTC/Apple Agreement,
21 identify the royalty terms and determination of when and how the royalty will be calculated, bank
22 account details and the like. These confidential royalty terms constitute trade secrets that would
23 cause HTC irreparable harm if publicly disclosed. Additionally, these are financial details that
24 competitors do not disclose to each other and would place HTC at a significant competitive
25 disadvantage if disclosed.
26     6.    Sections 1.12(a)-(y), 1.17, 1.18, 1.19 and 1.21 of the HTC/Apple Agreement identify
27 the particulars of the manner in which a unit is deemed a royalty bearing unit and is inextricably tied
28 to the financial payment terms. Details of the components, features, and other parameters that

constitute the royalty base are likewise highly confidential commercial terms. These terms were in fact the product of considerable negotiation and compromise between HTC and Apple and HTC considers these details highly proprietary business information. Public disclosure of these details would likewise reveal information that would place HTC at a competitive disadvantage with smartphone market competitors and in future negotiations with other interested entities in the marketplace. Indeed, HTC is currently involved in over 50 United States patent litigations and patent license negotiations. The disclosure of the redacted terms would place HTC in a disadvantage in these matters as well as future matters that may arise. Further, these details do not appear to bear on the resolution of the issues in this case (and neither Samsung nor Apple have argued otherwise). Therefore, I do not believe that the public has any interest warranting publication of these competition-sensitive and confidentially maintained business arrangements disclosed in our private license and settlement agreement.

      I declare under penalty of perjury that the foregoing is true and correct based on my personal knowledge. Executed on December 5, 2012, in San Diego, California.

                                          /s/ *Vincent S. Lam*
                                          Vincent S. Lam

      I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

                                          /s/ *Scott R. Mosko*
                                          Scott R. Mosko