# EXHIBIT 4

Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order



### (3) Apple / HTC Patent License and Settlement Agreement

341.   Ms. Davis addresses the Patent License and Settlement Agreement that Apple and HTC entered into in November 2012 ("Apple/HTC Agreement") in a footnote, concluding that the Agreement does not change her opinion and comparing it to the Nokia settlement agreement.[599] I disagree with Ms. Davis's opinion for several reasons.

342.   First, Nokia is widely considered to have a strong portfolio of patents essential to practice cellular communications standards, so the cross-license aspect of that license is a much more significant element of the agreement than that of the Apple/HTC Agreement. Indeed, in that agreement ███████████████████████████████████████████████ ██████████████████████.[600]

343.   Second, HTC was Samsung's closest Android competitor during the damages period.   Therefore, the licensing dynamic between Apple and HTC is much closer to the

---

[596] Confidential Patent License Agreement between Microsoft Corporation and Microsoft Licensing GP and Samsung Electronics Co., Ltd., July 1, 2011, S-794-ITC-005517484-506 at '485. [15.12]
[597] Confidential Patent License Agreement between Microsoft Corporation and Microsoft Licensing GP and Samsung Electronics Co., Ltd., July 1, 2011, S-794-ITC-005517484-506 at '494. [15.12]
[598] Confidential Patent License Agreement between Microsoft Corporation and Microsoft Licensing GP and Samsung Electronics Co., Ltd., July 1, 2011, S-794-ITC-005517484-506 at '506. [15.12]
[599] Davis Report, p. 83. [2.2] *See also* Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383. [16.11]
[600] Davis Report, pp. 82-83. [2.2]

Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order

licensing dynamic between Apple and Samsung at the time of the hypothetical negotiation, as compared to the dynamic between Apple and Nokia.

344.    Third, Apple had asserted two of the utility patents at issue in the New Trial (the '381 and '915 Patents) against HTC.[601]  Therefore, the Apple/HTC Agreement explicitly provided a license to these patents, in addition to an implicit license to the '163 Patent.  Based on this and my discussion below, it is my opinion that Ms. Davis should have revised her concluded royalty rates based on the Apple/HTC Agreement.

345.    I discuss the terms of the Apple/HTC Agreement below, as well as the cap that the Agreement would suggest for any reasonable royalty due for the utility patents in this matter.

*(a)  Terms of the Apple/HTC Agreement*

346.    HTC and Apple entered into a ten year Patent License and Settlement Agreement, effective November 2012, which provided a worldwide, nonexclusive, irrevocable, non-sublicensable, and nontransferable license to the other party's patents.[602]  The license grant includes a carve-out for Apple's design patents, which were specifically not included in the Agreement.[603] ███████████████████████████████████████████████████████████ ██████████████████████████████████████████[604]  In addition, nine patents were specifically identified as not being covered by HTC's license grant, although if HTC were to reacquire such patents in the future, such reacquired patent(s) would fall under the Agreement.[605] ███████████████████████████████████████████████████████████████ ████████████████████████████████████████[606]

---

[601] Schedule 27-NT. [1.6]
[602] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '242, '245, '249-'252, '257. [16.11]
[603] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '245, '254. [16.11]
[604] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '247. [16.11]
[605] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '245, '381. [16.11]
[606] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '244-'245, '248, '250-251. [16.11]

Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order

347. █████████████████████████████████
█████████ █████████████████████████████████
████████████



348. ████████████████████████████████
█████████████████ █████████████████████
████████████████████████████

---

[607] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '250. [16.11]

[608] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '255. [16.11]

[609] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '255. [16.11]

[610] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '264. [16.11]

Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order



349. 

[611] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '264. [16.11]

[612] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '264. [16.11]

[613] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '263-'265, '274. [16.11]

[614] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '274. [16.11]

[615] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '274. [16.11]

Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order

350.   Special circumstances arise for HTC mobile products found to meet the definitions of "Cloning," "Cloned Features," and "Cloned Products," ███████████ ████████████████████   Under the Agreement, a feature is considered a "Cloned Feature" when:  1) Apple's patents are literally infringed by the human interface that has a distinctive visual appearance of an HTC mobile device; 2) the same patent is literally practiced by a significant feature of the human interface of an Apple mobile device that has a distinctive visual appearance; and 3) the non-functional visual appearance in the HTC device is "substantially similar" to that in an Apple device.[617]  The non-functional visual appearance, along with functional aspects, is referred to in the Agreement as "Distinctive Apple User Experience."[618]  Notably, functionality and related methods (for example, "pinch to zoom") are not considered a Distinctive Apple User Experience.[619]  To be considered a Cloned Feature, such feature must have been created by HTC and not provided to HTC as part of the Android Mobile OS or other third party software.[620]  Additionally, Apple must have introduced the Distinctive Apple User Experience prior to HTC or any third party, and could not have granted a license to any third parties for use of the feature without additional payment required.[621]  Finally, there must be an alternative appearance to the Distinctive Apple User Experience reasonably available to HTC that implements and realizes the functional, cost and performance advantages of the feature covered by the Covered Patent that would not be considered Cloned Features.[622] All of these elements must be present for a feature to be determined to be a Cloned Feature, with products containing such features identified as Cloned Products.[623]

---

[616] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '244, '254, '265, '273, [16.11]

[617] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '273. [16.11]

[618] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '273. [16.11]

[619] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '273. [16.11]

[620] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '273. [16.11]

[621] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '273. [16.11]

[622] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '273. [16.11]

[623] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '273. [16.11]

Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order

351.    If a dispute arises regarding a Cloned Feature / Cloned Product, the issue can be resolved by the parties or escalated to an arbitrator.[624]   The Agreement states that HTC can agree to an additional payment to cover the Cloned Feature, although no dollar amount is provided.[625]   Additionally, if the dispute results in the involvement of an arbitrator who finds in Apple's favor, Apple is specifically granted the right to seek an injunction if HTC either fails to, or refuses to, implement a suitable design alternative.[626]

352.    The agreement also sets forth that all Litigation and Opposition Proceedings that the parties are engaged in will be dismissed[627] ██████████████████████████████ ████████████████████████[628].

### (b)  Patents asserted by Apple against HTC.

353.    The Apple/HTC Agreement lists all of the litigations between Apple and HTC that were settled by the Agreement.[629]   I have researched all of the U.S. litigations listed in the Apple/HTC Agreement and compiled a summary of all the patents that were found to have been asserted by Apple against HTC in these litigations.   The summary of my research can be found in Schedule 27-NT at Tab 6 of my report.   Apple has asserted a total of 32 U.S. patents against HTC in these actions, four of which have been at issue in this litigation, including the '381 Patent and the '915 Patent.

### (c)  Royalty cap provided by Apple/HTC Agreement

354.    It is my opinion that the █████████████████████████████  ████████████████████████████   The Agreement provides a license to HTC for the utility patents at issue in the New Trial.   There are restrictions on exact cloning of

---

[624] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '265-'266. [16.11]

[625] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '273. [16.11]

[626] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '266. [16.11]

[627] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '243, '252-'253, '279-'281. [16.11]

[628] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '255. [16.11]

[629] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '252-254, '278-285. [16.11]

Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order

features, such that HTC cannot implement a feature in exactly the way that Apple has previously implemented the feature. However, these cloning restrictions apparently do not cover "pinch to zoom" functionality, do not cover any feature provided to HTC within the Google Android system, and only cover situations where HTC had available alternatives that would provide the same functional, cost, and performance advantage.[630]   Therefore, the cloning restrictions have little effect on the utility patents at issue in the New Trial.

355.    The three utility patents at issue in the New Trial are a small portion of Apple's patent portfolio even after netting the value of HTC's patent portfolio against Apple's patent portfolio. As I discuss above, Apple had asserted 32 unique patents against HTC in various litigations. The three utility patents are a small subset of the IP specifically asserted against HTC, and an even smaller portion of Apple's entire patent portfolio.

356.    As I discuss in my *Georgia-Pacific* analysis below, I have concluded a significantly lower reasonable royalty due to Apple based on the availability to Samsung of acceptable, noninfringing alternatives. Nonetheless, this alternative measure of a royalty rate would serve as a cap for the amount that Samsung would be willing to pay, especially considering i) the number of utility patents (three) at issue in the New Trial relative to the number licensed in the Apple/HTC Agreement, and ii) the royalty rate only applied to future sales and HTC was not required to pay based on past sales.

357.    I note that Ms. Davis's concluded cumulative royalty rate of $7.14 per unit for the three utility patents at issue in the New Trial ███████████████████████████████ ███████████████████████████████████████████████

> ### d) Ms. Davis takes into account inappropriate considerations in her *Georgia-Pacific* analysis that result in an artificially high royalty rate.

358.    Ms. Davis refers to Apple's "unwillingness" to negotiate a license at essentially any price as a basis to argue for a high royalty rate.[631]  For example, in her "Market Approach" section, Ms. Davis states that "Apple's policy is not to license its design intellectual property, including its design patents. This is confirmed by Apple refusing to offer a license to its design elements as well as its directives regarding Samsung's copying during discussions between

---

[630] Patent License and Settlement Agreement between HTC America, Inc., HTC Corporation and S3 Graphics Co., Ltd and Apple Inc., November 11, 2012, APLNDC-Y0000408242-383 at '273. [16.11]
[631] Davis Report, pp. 80, 91, Exhibits 42, 43. [2.2]