1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, ) | Case No.: 11-CV-01846-LHK |
| ) | |
| Plaintiff, ) | PRETRIAL CONFERENCE ORDER |
| ) | AND ORDER RE: SAMSUNG'S |
| v. ) | MOTION TO EXCLUDE WITNESSES |
| ) | AND EXHIBITS |
| SAMSUNG ELECTRONICS CO., LTD., A ) | |
| Korean business entity; SAMSUNG ) | |
| ELECTRONICS AMERICA, INC., a New York ) | |
| corporation; SAMSUNG ) | |
| TELECOMMUNICATIONS AMERICA, LLC, ) | |
| a Delaware limited liability company, ) | |
| ) | |
| Defendants. ) | |

Clerk:  Martha Parker Brown
Reporter:  Lee-Anne Shortridge

Plaintiff's Attorneys: Harold McElhinny, Rachel Krevans, William Lee, Lauren Fletcher, Kevin Prussia, Nathan Sabri, Christopher Robinson
Defendants' Attorneys: William Price, Victoria Maroulis, Jon Cederberg, Anthony Alden, Carl Anderson, Kevin Johnson

A pretrial conference was held on November 5, 2013, at 2:00 p.m. A further pretrial conference is set for November 8, 2013, at 3:00 p.m. The Court will meet with the parties at 8:30 a.m. in Courtroom 1 on the Fifth Floor on November 12, 2013 to resolve any remaining issues before trial.

**MOTION RULINGS**:

At the pretrial conference on November 5, 2013, the Court made the following rulings on the record:

Case No.: 11-CV-01846-LHK
PRETRIAL CONFERENCE ORDER AND ORDER RE: SAMSUNG'S MOTION TO EXCLUDE WITNESSES AND EXHIBITS

- For the reasons stated on the record, and balancing the appropriate factors under Federal Rule of Evidence 403, Samsung's Motion to Exclude Apple Witnesses, ECF No. 2419 and ECF No. 2547, is GRANTED IN PART and DENIED IN PART. Specifically:

  o Samsung's Motion to exclude witnesses who will testify about infringement or validity is DENIED without prejudice.

  o Samsung's Motion to exclude testimony relating to the development of Apple's asserted patents is DENIED.

  o Samsung's Motion to exclude Scott Forstall's testimony regarding any topic other than the '163 patent is GRANTED.

  o Samsung's Motion to exclude testimony regarding Apple's brand is DENIED without prejudice.

  o Samsung's Motion to exclude testimony relating to Apple's products, history, and strategy is DENIED.

  o Samsung's Motion to exclude marketing testimony is DENIED without prejudice with respect to testimony about general marketing practices but is DENIED with respect to testimony about Apple's marketing of patented features at issue.

  o Samsung's Motion to exclude Cira Conley's testimony is DENIED.

  o Samsung's Motion to exclude Dr. Sood's testimony is DENIED.

  o Samsung's Motion to exclude Tim Benner's testimony is GRANTED with respect to his testimony about the physical appearance of tablets.

  o Samsung's Motion to exclude JungMin Yeo's testimony is GRANTED with respect to testimony about the design and development of Samsung's tablet devices, but is DENIED as to testimony about smartphone devices.

  o Samsung's Motion to exclude Hyoung Shin Park's testimony is GRANTED absent a stipulation by the parties regarding her testimony after they meet and confer on this issue.

  o Samsung's Motion to exclude JunWon Lee's testimony is DENIED.

  o Samsung's Motion to exclude Bruce Watrous' testimony is GRANTED.

  o Samsung's Motion to exclude testimony about Samsung's tax relationship with the United Sates and the transfer or allocation of profits between the three defendants is GRANTED. At the last trial, Apple violated this Court's previous ruling on this issue, *see* ECF No. 1267 at 5. Apple's counsel asked Musika at trial, "Is there a legitimate reason for companies to arrange their transfer pricing in this way?" *See* ECF No. 1839 at 84. Musika answered, "It's tax strategy. By moving $97 over to SEC, that $97 escapes U.S. taxes." *Id.*

  o Samsung's Motion to exclude testimony regarding Samsung's relationship with wireless network carriers is DENIED.

  o Samsung's Motion to exclude testimony regarding Samsung's competitive intelligence practices, business strategies, and corporate strategy and structure is DENIED.

Case No.: 11-CV-01846-LHK
PRETRIAL CONFERENCE ORDER AND ORDER RE: SAMSUNG'S MOTION TO EXCLUDE WITNESSES AND EXHIBITS

United States District Court
For the Northern District of California

- o   Samsung's Motion to exclude testimony regarding Samsung's retention, preservation, and production of documents is DENIED as to the unreliability of Samsung's cost analysis and DENIED without prejudice as to all else.

- o   Samsung's Motion to exclude testimony about inadequately disclosed subject areas is DENIED.

- For the reasons stated on the record, and balancing the appropriate factors under Federal Rule of Evidence 403, Samsung's Motion to Exclude Apple Exhibits, ECF No. 2418 and ECF No. 2547, is GRANTED IN PART and DENIED IN PART. Specifically,

  - o   Samsung's Motion to exclude "copying" exhibits is DENIED without prejudice.

  - o   Samsung's Motion to exclude PX 29A is GRANTED as to products not at issue in the retrial but DENIED as to products at issue in the retrial. The parties shall meet and confer to redact the relevant portions or to create a new document including only the retrial products.
    - ▪   The Court also DENIES Samsung's motion to strike the pre-notice sales information in PX 29A for products at issue in the retrial. The parties will meet and confer in order to provide a joint proposal regarding a limiting instruction on this issue.

  - o   Samsung's Motion to exclude PX 1500A is GRANTED as to products not at issue in the retrial but DENIED as to products at issue in the retrial. The parties shall meet and confer to redact the relevant portions or to create a new document including only the retrial products.
    - ▪   The Court also DENIES Samsung's motion to strike the pre-notice sales information in PX 1500A for products at issue in the retrial. The parties will meet and confer in order to provide a joint proposal regarding a limiting instruction on this issue.

  - o   Samsung's Motion to exclude PX 26A and PX37A is DENIED.

**ADDITIONAL RULINGS:**

- The trial will take place in Courtroom One on the fifth floor of the San Jose Courthouse.

- Evidentiary objections: the parties may object to three exhibits per witness, and may raise two objections per exhibit. The parties may raise three objections to the deposition testimony of a witness.
  - o   When both parties file evidentiary objections, they will cite to the trial transcripts and will provide the ECF docket numbers for the transcripts.

- The parties will file by November 7, 2013, at 10 a.m. a joint list of witnesses, deponents, attorneys, law firms, and trial dates and times to be used during jury selection. The parties will bring seventy-five copies of this list on November 12, 2013.

- The parties will create a joint trial binder for the jurors which includes the trial dates, the attorneys, the witnesses and deponents, preliminary and final jury instructions, glossary of terms, and lined paper for notes, and any other items the parties deem appropriate. The parties will bring these binders and bring four copies for the Court on November 12, 2013.

3

Case No.: 11-CV-01846-LHK
PRETRIAL CONFERENCE ORDER AND ORDER RE: SAMSUNG'S MOTION TO EXCLUDE WITNESSES AND EXHIBITS

- The Court has granted Samsung's Motion to Strike ECF Nos. 2414 and 2416-1. *See* ECF No. 2491 (Motion to Strike). Accordingly, the Court also strikes Samsung's comparable charts, *see* ECF No. 2439, Exhibits A and B.

- Davis may not use any exhibits to argue demand for Apple's patented products or patented features unless such exhibits were included in Musika's Exhibit Nos. 24, 24-S, 25, 25-S, or 53-S.

- The Court grants Samsung's Motion to Strike Davis' testimony which relies on trial testimony from the first trial. ECF No. 2386 at 7 (Motion to Strike). The Court further rules that other witnesses may similarly not rely on past trial testimony at the retrial.

- Regarding post-trial briefing, each party may only file one post-trial motion. Any post-trial motion or opposition will be a maximum of forty pages. Any reply will be a maximum of twenty-five pages. The Court sets the following schedule for post-trial briefing:
  - Post-trial motions due: December 13, 2013
  - Oppositions due: January 6, 2014
  - Reply due: January 13, 2014
  - Hearing: January 30, 2014 at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: November 5, 2013

LUCY H. KOH
United States District Judge

Case No.: 11-CV-01846-LHK
PRETRIAL CONFERENCE ORDER AND ORDER RE: SAMSUNG'S MOTION TO EXCLUDE WITNESSES AND EXHIBITS