1
2
3
4
5
6
7
8

**United States District Court**
**For the Northern District of California**

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC. , a California corporation )
)
            Plaintiff, )
)
   v. )
)
SAMSUNG ELECTRONICS CO., LTD., a )
Korean corporation; SAMSUNG )
ELECTRONICS AMERICA, INC., a New York )
corporation; and SAMSUNG )
TELECOMMUNICATIONS AMERICA, LLC, )
a Delaware limited liability company )
)
           Defendants. )
)

Case No.: 11-CV-01846-LHK

**PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)**

Dated: November 5, 2013

*Lucy H. Koh*
_____

LUCY H. KOH
United States District Judge

1
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:11-CV-01846-LHK

## 1. DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.1A (2007 Edition)

United States District Court
For the Northern District of California

## 2.   WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

     1. the sworn testimony of any witness;

     2. the exhibits which are received into evidence; and

     3. any facts to which the lawyers have agreed.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.6 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:11-CV-01846-LHK

### 3.   WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.7 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:11-CV-01846-LHK

United States District Court
For the Northern District of California

## 4.   EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.8 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:11-CV-01846-LHK

## 5.  DIRECT OR CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.9 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:11-CV-01846-LHK

United States District Court
For the Northern District of California

## 6.   RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.10 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:11-CV-01846-LHK

# 7.  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

> (1) the opportunity and ability of the witness to see or hear or know the things testified to;

> (2) the witness's memory;

> (3) the witness's manner while testifying;

> (4) the witness's interest in the outcome of the case and any bias or prejudice;

> (5) whether other evidence contradicted the witness's testimony;

> (6) the reasonableness of the witness's testimony in light of all the evidence; and

> (7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.11 (2007 Edition)

## 8.   IMPEACHMENT EVIDENCE--WITNESS

The evidence that a witness lied under oath or gave different testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose.

**Source:** Ninth Circuit Model Civil Jury Instructions – 2.8 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:11-CV-01846-LHK

## 9.  CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.
> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.12 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:11-CV-01846-LHK

United States District Court
For the Northern District of California

**10. NO TRANSCRIPT AVAILABLE/TAKING NOTES**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.


**Source:** Ninth Circuit Model Civil Jury Instructions – 1.13, 1.14 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:11-CV-01846-LHK

## 11. STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.

**Source:** Ninth Circuit Model Civil Jury Instructions – 2.2 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:11-CV-01846-LHK

## 12. DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

**Source:** Ninth Circuit Model Civil Jury Instructions – 2.4 (2007 Edition)

## 13. USE OF INTERROGATORIES OF A PARTY

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Source:** Ninth Circuit Model Civil Jury Instructions – 2.10 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:11-CV-01846-LHK

United States District Court
For the Northern District of California

## 14. EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source:** Ninth Circuit Model Civil Jury Instructions – 2.11 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:11-CV-01846-LHK

## 15. FOREIGN LANGUAGE TESTIMONY

Languages other than English may be used during this trial.

Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know Korean or Japanese, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

**Source:** Ninth Circuit Model Civil Jury Instructions – 2.7 (2007 Edition)

## 16. USE OF INTERPRETERS IN COURT

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.17 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:11-CV-01846-LHK

## 17. BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.18 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:11-CV-01846-LHK

## 18. WHAT A PATENT IS

This case involves disputes relating to United States utility and design patents. Before summarizing the positions of the parties and the legal issues involved in the dispute, let me take a moment to explain what patents are and how they are obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO"). There are two basic types of patents in the United States: utility patents and design patents. In general terms, a "utility patent" protects the way an article is used and works. It also protects a method or process of making or doing something. On the other hand, a "design patent" protects the way an article looks. A design patent protects the ornamental design of an article of manufacture. "Ornamental design" means the shape of the design and/or the surface decoration on the design.

A valid United States patent gives the patent owner the right to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, during the term of the patent without the patent holder's permission. A violation of the patent owner's rights is called infringement.

A patent includes what is called a "specification." For a utility patent, the specification must contain a written description of the claimed invention telling what the invention is, how it works, how to make it and how to use it so others skilled in the field will know how to make or use it. The specification concludes with one or more numbered sentences. These are the patent "claims." When the patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

For a design patent, the specification must contain one or more drawings of the designs as well as a description of the drawings, and it serves as a single claim. The "claim" for design patents generally refers to the drawings and how they are described.

**Source:** Adapted from N.D. Cal. Model Instructions, A.1 (2011 Edition); The Intellectual Property Owners Ass'n Model Design Patent Jury Instr. 1.1 (2010 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:11-CV-01846-LHK

## 19.  PATENTS AT ISSUE

There are three Apple utility patents involved in this trial:  United States Patent Nos. 7,469,381; 7,844,915; and 7,864,163. Utility patents are often referred to by their last three digits, so Apple's utility patents may be referred to in shorthand as the '381, '915, and '163 patents.

There are two Apple design patents involved in this trial:  United States Patent Nos. D618,677 and D604,305. Design patents are often referred to by their last three digits, so the design patents here may referred to in shorthand as the D'677 and D'305 patents.

**Source:** Adapted from N.D. Cal. Model Instructions, A.2 (2011 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:11-CV-01846-LHK

## 20. THE PARTIES AND QUESTIONS TO BE DECIDED

To help you follow the evidence, I will now give you a summary of the positions of the parties with respect to the patent claims.

The parties in this case are Apple, Inc., to which I will refer as "Apple," and Samsung Electronics Company Ltd., Samsung Electronics America Inc., and Samsung Telecommunications America LLC, to which I will refer collectively as "Samsung" unless I think it is important to distinguish between these entities for the purposes of a specific instruction. The case involves three United States utility patents and two United States design patents owned by Apple.

During a prior proceeding, a jury found the '381, '915, '163, D'677, and D'305 patents valid and that each of these patents is infringed by a product marked below with an x. Your sole job in this trial is to determine the amount of damages to be awarded to Apple for Samsung's infringement of these patents.

| Infringing Products | Utility Patents | | | Design Patents | |
|---|---|---|---|---|---|
| | '163 | '381 | '915 | 'D305 | 'D677 |
| 1 Captivate | | x | x | x | |
| 2 Continuum | | x | x | x | |
| 3 Droid Charge | x | x | x | x | |
| 4 Epic 4G | x | x | x | x | |
| 5 Exhibit 4G | x | x | x | | |
| 6 Galaxy Prevail | x | x | x | | |
| 7 Galaxy Tab | x | x | x | | |
| 8 Gem | | x | x | x | |
| 9 Indulge | | x | x | x | |
| 10 Infuse 4G | x | x | x | x | x |
| 11 Nexus S 4G | | x | x | | |
| 12 Replenish | x | x | | | |
| 13 Transform | | | x | | |

**Source:** Adapted from N.D. Cal. Model Patent Jury Instr. A.3 (2011 Edition); *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. 10-3428 PSG, Proposed Jury Instructions at 3 (N.D. Cal. May 17, 2013).

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:11-CV-01846-LHK

United States District Court
For the Northern District of California

1

## 21. OUTLINE OF TRIAL

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.

The presentation of evidence will then begin. Witnesses will take the witness stand and the documents will be offered and admitted into evidence.

Apple will start by presenting its damages contentions. Apple's witnesses will be questioned by Apple's counsel in what is called direct examination. After the direct examination of a witness is completed, Samsung has an opportunity to cross-examine the witness. Apple has the burden to persuade you of its damages by a preponderance of the evidence. Proof by a preponderance of the evidence means that you must decide whether something is more likely true than not.

After Apple has presented its witnesses, Samsung will call its witnesses, who will also be examined and cross-examined. Samsung will present its evidence of what it believes Apple's damages to be.

Apple will have the option to put on rebuttal evidence to any evidence offered by Samsung.

Because the evidence is introduced piecemeal, you need to keep an open mind as the evidence comes in and wait for all the evidence before you make any decisions. In other words, you should keep an open mind throughout the entire trial.

After the evidence has been presented, I will give you final instructions on the law that applies to the case, and the attorneys will make closing arguments. Closing arguments are not evidence. After the instructions and closing arguments, you will then decide the case.

**Source:** Adapted from N.D. Cal. Model Instructions, A.3-A.5 (2011 Edition)

United States District Court
For the Northern District of California