UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No.: 11-CV-01846-LHK <br><br> ORDER GRANTING-IN-PART AND DENYING-IN-PART SAMSUNG'S MOTION PURSUANT TO FEDERAL RULE OF EVIDENCE 702 WITH RESPECT TO JULIE DAVIS' EXPERT QUALIFICATIONS |

This Court has granted a partial retrial in this case limited to the issue of damages that Apple, Inc. ("Apple") is entitled to receive from Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung"). ECF No. 2271 at 26. Terry L. Musika testified as a damages expert on behalf of Apple in the first trial and filed his own expert report. Becher Decl. Ex. 2, ECF No. 2386-3 ("Musika Report"). Because Musika passed away in the interim between the first trial and the upcoming damages retrial on November 12, 2013, Apple has retained a new expert, Julie L. Davis, to testify about damages and file her own report. *See* Becher Decl. Ex. 1. at 4, ECF No. 2386-2 ("Davis Report"). Samsung now moves this Court to hold that Davis is not qualified under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), to testify

1

United States District Court
For the Northern District of California

1 that Samsung copied Apple's patented technologies and designs or to testify about why Samsung

2 conducted competitive analysis of Apple's products. ECF No. 2385, Ex. 3 ("Samsung Mot.").

3 Having considered the submissions and oral arguments of the parties, the relevant law, and the

4 record in this case, the Court GRANTS-IN-PART and DENIES-IN-PART Samsung's motion to

5 disqualify Davis.

## I. PROCEDURAL HISTORY

Samsung filed its *Daubert* motion on August 30, 2013. ECF No. 2385, Ex. 3 ("Samsung Mot."). Apple filed its opposition on September 12, 2013. ECF No. 2405 ("Apple Opp'n"). Samsung filed its reply on September 19, 2013. ECF No. 2431 ("Samsung Reply"). Apple filed a supplemental statement regarding Davis' "copying" conclusions on October 13, 2013. ECF No. 2519 ("Supplemental Statement"). On October 14, 2013, Apple filed a supplemental brief regarding the evidence of copying and demand Apple plans to present at trial, which includes a discussion of Davis' proposed testimony. ECF No. 2524 at 10-23 ("Supplemental Brief"). On October 16, 2013, Samsung filed an opposition to Apple's Supplemental Brief, in which Samsung again challenged Davis' conclusions about copying. ECF No. 2547 at 8-15. The Court held a hearing on October 10, 2013.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "help the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702. Expert testimony is admissible pursuant to Rule 702 if it is both relevant and reliable. *Daubert*, 509 U.S. at 589. A district court's decision to admit expert testimony under *Daubert* in a patent case follows the law of the regional circuit. *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1390-91 (Fed. Cir. 2003). When considering expert testimony offered pursuant to Rule 702, the trial court acts as a "gatekeeper" by "making a preliminary determination that the expert's testimony is reliable." *Elsayed Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002); *see Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997); *Daubert*, 509 U.S. at 589-90. An expert witness may provide opinion testimony if: (1) the

testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the expert has reliably applied the principles and methods to the facts of the case. FED. R. EVID. 702; *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1360 (Fed. Cir. 2008). Under *Daubert*, a court should consider (1) whether a theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) whether the theory is generally accepted in the scientific community. *Daubert*, 509 U.S. at 593-94.

The inquiry into admissibility of expert opinion is a "flexible one," where "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (citing *Daubert*, 509 U.S. at 594, 596). "Under *Daubert*, the district judge is 'a gatekeeper, not a fact finder.' When an expert meets the threshold established by Rule 702 as explained in *Daubert*, the expert may testify and the jury decides how much weight to give that testimony." *Id.* (quoting *United States v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006)).

### III. ANALYSIS

As an initial matter, the Court notes that Samsung does not challenge whether Davis is qualified to testify about her conclusions regarding *damages* under Federal Rule of Evidence 702 and *Daubert*.[1] Samsung's motion is much narrower. Samsung moves to exclude Davis' testimony regarding opinions in her expert report that are outside her area of expertise as a damages expert. Specifically, it moves to exclude her opinions with respect to whether Samsung copied Apple's products and patents, and her testimony as to why Samsung conducted competitive analysis of Apple products. Samsung Mot. at 4. Below, the Court addresses each of Samsung's contentions. First, the Court concludes that Davis may not testify about her opinion regarding whether Samsung copied Apple's products. However, the Court holds that to the extent Apple's technical experts provide conclusions at the retrial regarding Samsung's adoption of Apple's features, Davis may

---

[1] *See* Samsung Mot. at 4 ("Although Ms. Davis is qualified to testify about quantifiable accounting issues . . ."). The Court agrees that based on Davis' extensive experience with expert testimony on finance and economic damages analysis as a certified public accountant, *see* Davis Report at 1, her opinions regarding damages will "help the trier of fact" reach findings on the amount of damages Samsung owes Apple for Samsung's infringement of Apple's patents. *Daubert*, 509 U.S. at 589.

3

assume those conclusions as fact in her testimony because her assumptions will be based on foundational testimony given at trial. Davis may assume those conclusions in order to make her own conclusions about the relationship between copying and the absence of noninfringing alternatives pursuant to the second *Panduit* factor because Musika disclosed that theory. Davis may not make conclusions about the relationship between copying and demand pursuant to the first *Panduit* factor because Musika did not disclose that theory. Second, the Court concludes that Samsung has shown no instances in Davis' report in which Davis opines as to why Samsung engaged in competitive analysis of Apple's products. The Court thus GRANTS-IN-PART and DENIES-IN-PART Samsung's motion to partially disqualify Davis.

### A. Whether Davis may provide opinion testimony about whether Samsung copied Apple's products.

Samsung's first argument is that Davis may not provide any of her own conclusions about whether Samsung copied Apple's products because such opinion testimony is outside the scope of her expertise. Samsung Mot. at 4. For reasons explained below, the Court agrees.

Under Federal Rule of Evidence 702, experts may not make expert conclusions about areas outside their expertise. *See White v. Ford Motor Co.*, 312 F.3d 998, 1008-09 (9th Cir. 2002) ("A layman, which is what an expert witness is when testifying outside his area of expertise, ought not to be anointed with ersatz authority as a court-approved expert witness for what is essentially a lay opinion."). Here, Davis' area of expertise is financial analysis and intellectual property damages. *See* Davis Report at 1. She does not have technical expertise in the telecommunications industry, consumer electronics, industrial design, or patents, as she expressly admitted in her deposition. ECF No. 2385-5 at 3-5, 9, 12 (Deposition of Julie Davis). Nonetheless, in her expert report, Davis provides various conclusions about whether Samsung copied Apple's products and patents and opines as to what evidence at trial constituted evidence of copying. For example:

1) "[T]here is evidence that the designs and technology of Apple's New Trial Patents *were copied* by Samsung with the belief that consumers would find the resulting infringing products to be more desirable." Davis Report at 45, ¶ 110 (emphasis added).

2) "[T]he *scope of the similarity between the patented technology and Samsung's products and the decision by Samsung to adopt user interface technology and designs used by Apple*

4

Case No.: 11-CV-01846-LHK
ORDER RE: DAUBERT MOTION BY SAMSUNG

after direct comparisons to Apple's products support the conclusion that there is substantial demand for Apple's patented designs and technology and that the non-infringing alternatives are not as desirable in the mobile device market." Davis Report at 60, ¶ 136 (emphasis added).

3) Davis concludes that certain evidence presented at the first trial was evidence of copying: "[E]vidence was introduced at trial that Samsung referred to *and used* the features of the iPhone and the New Trial patents in the process of creating the designs and the user interface that are included in Samsung's products." Davis Report at 58, ¶ 136 (emphasis added).

The Court next addresses Apple's arguments in opposition to Samsung's motion to disqualify Davis. Apple first relies on various inapposite cases to support its position that Davis can provide an opinion on copying. For example, Apple cites *Apple Inc. v. Samsung Electronics Co.*, 678 F.3d 1314 (Fed. Cir. 2012), and *Presidio Components, Inc. v. American Technical Ceramics Corp.*, 702 F.3d 1351 (Fed. Cir. 2012), Apple Opp'n. at 5-6, yet neither of these cases hold that a damages expert can provide her own opinion about the issue of copying.

Apple also argues that Samsung has waived its challenge to Davis' qualifications because Samsung failed to object to Musika's similar testimony, offered during the first trial, that Samsung copied Apple. Apple Opp'n. at 1, 4-5. However, the only trial testimony Musika provided as to copying was that he was unqualified to opine on this topic. During trial, Musika expressly and repeatedly declined to opine on copying and in fact acknowledged that he was unqualified to do so. *See* ECF No. 1839 at 166, 173 ("It would be beyond my role here in calculating damages to talk about whether or not Samsung copied or not. That's just not my role in this case one way or the other;" "[Copying is] not something I've testified to, nor do I feel comfortable testifying one way or the other to it. It's just beyond the scope of my role and expertise. I'm not here to talk about whether there's liability or whether they copied;" "[Testifying about copying is] not what I was asked to do. It's not my role in this case. I don't have any expertise about that. I'm not a lawyer. I'm not an engineer. I'm not a design expert. I'm a financial expert;" "I'm not here to talk about copying.").

Similarly, Davis, like Musika, is unqualified to testify regarding the issue of copying, as Davis herself acknowledged in her deposition. *See* ECF No. 2385-5 at 18, 30, 52, 72 (Deposition of Julie Davis) (testifying, when asked if she was an expert on consumer electronics and when asked

5

Case No.: 11-CV-01846-LHK
ORDER RE: DAUBERT MOTION BY SAMSUNG

United States District Court
For the Northern District of California

1  technical questions including whether a device would infringe the '677 patent and whether one
2  needs the '381 patent technology to access the Internet, (1) "I do not think of myself as being an
3  expert on [consumer] electronics"; (2) "I'm neither a technical nor legal expert"; (3) "I'm not a
4  technical person"; and (4) "I don't have a technical background.") Federal Rule of Evidence 702
5  clearly mandates exclusion of "copying" opinions by Davis because Davis is not qualified to do so.
6  The Court will not allow Davis to provide opinion testimony in an area outside her expertise, for
7  "[a] layman, which is what an expert witness is when testifying outside his area of expertise, ought
8  not to be anointed with ersatz authority as a court-approved expert witness for what is essentially a
9  lay opinion." *See White v. Ford Motor Co.*, 312 F.3d 998, 1008-09 (9th Cir. 2002).

While Apple has stated twice that Davis "will not use the word 'copying' to describe Samsung's actions or intentions," *see* Apple's Supplemental Statement at 1; Apple's Supplemental Brief at 19, Davis also may not use other terms which essentially charge Samsung with having adopted Apple's features, e.g., "replicate", "reproduce," "emulate," "adopt." For example, while Apple claims Davis "will also point out that some of the documents evidence Samsung's decision to incorporate those features and attributes into Samsung devices," Apple's Supplemental Statement at 1, this testimony is functionally equivalent to an opinion that Samsung copied Apple's products. Davis therefore may not testify to this.

However, the Court notes that to the extent that Apple's technical experts provide conclusions at the retrial regarding Samsung's adoption of Apple's features, Davis may assume those conclusions as fact in her testimony because her assumptions will be based on foundational testimony given at trial. *See Oracle America, Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 5914033 (N.D. Cal. Nov. 28, 2011) (cited by Apple for the proposition that experts may rely on "technical background documents relevant to damages analysis," Apple Opp'n. at 6). In *Oracle*, the court allowed Google's damages experts, who were both economists without technical expertise, to assume as fact the technical conclusion that Google had non-infringing alternatives to the patents and copyrights at issue at the time of the parties' hypothetical licensing negotiation. 2011 WL 5914033 at *1. The court overruled Oracle's Rule 702 objection to the experts' reliance on this conclusion because "[b]oth experts relied on Google's non-infringement experts, interviews

6

Case No.: 11-CV-01846-LHK
ORDER RE: DAUBERT MOTION BY SAMSUNG

with Google's employees, and documentary evidence for the technical points." *Id.* (internal citation and quotation omitted). Thus, *Oracle* holds that a damages expert may assume the truth of a technical opinion in her analysis when she relies on foundational testimony given at trial. *Id.*

Here, although Davis has identified testimony from the first trial in which technical expert witnesses concluded that Samsung copied Apple, *see* Davis Report at 58, ¶ 136 (citing opinions of various expert witnesses who testified that Samsung adopted Apple's patented features), this Court has already ruled that witnesses in this retrial may not testify about testimony presented at the first trial. ECF No. 2645 at 4. Thus, Davis will not be permitted to rely on past trial testimony in order to assume as fact the conclusion that Samsung copied Apple. However, to the extent that Apple's experts provide conclusions at the *retrial* regarding Samsung's adoption of Apple's features, Davis may assume those conclusions as fact in her testimony, *see Oracle*, 2011 WL 5914033 at *1, because her assumptions will be based on foundational testimony given at trial.

Apple also raises an argument that Samsung has waived Samsung's challenge to Davis' opinions regarding the correlation between copying and acceptable noninfringing substitutes, and the correlation between copying and demand. The Court addresses each in turn.

First, the Court finds that Samsung has indeed waived any argument that Davis may not testify that Samsung's copying is probative of whether there was an absence of acceptable noninfringing substitutes pursuant to the second *Panduit* factor.[2] This is because Samsung did not challenge[3] Musika's statement regarding copying evidence, which was made in support of Musika's conclusion that there was an absence of acceptable noninfringing substitutes pursuant to the second *Panduit* factor. *See* Musika Report at 40, ¶ 124 ("There is ample evidence that Samsung copied Apple's designs and its patented technology."). Thus, to the extent that Davis relies on foundational testimony given at the retrial to assume the conclusion that Samsung copied, which

---

[2] The *Panduit* test, derived from *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978), is often employed to decide whether an entity whose patents have been infringed is entitled to lost profits. Under this test, the patentee must establish that each of four factors is met in order to obtain an award of lost profits. *Id.* at 1156. The first *Panduit* factor requires assessment of the demand for the patented product. *Id.* The second *Panduit* factor requires an assessment of whether there is an absence of acceptable noninfringing substitutes. *Id.*
[3] *See* ECF No. 927, Ex. 1, at 1-8 (Samsung's May 17, 2012 *Daubert* motion to exclude certain opinions of Musika).

7
Case No.: 11-CV-01846-LHK
ORDER RE: DAUBERT MOTION BY SAMSUNG

this Court will allow Davis to do, *see supra* pp. 6-7, Davis may testify that Samsung's copying is probative of whether there was an absence of acceptable noninfringing substitutes.

On the other hand, the Court finds that Samsung has not waived any challenge to Davis' testimony that copying is probative of demand for Apple's products or patented features pursuant to the first *Panduit* factor. *See* Samsung Mot. at 2 ("[Davis] does not claim to have any expertise in the relationship of . . . copying to consumer demand.") This is because Musika never presented, in his report or testimony, the theory that Samsung's decision to copy Apple's products was evidence of demand. While Apple claims that Musika presented the theory that "Samsung's internal documents evidencing copying are probative of demand" under the first *Panduit* factor, Apple Opp'n. at 1, that is incorrect. Musika's only statement regarding copying evidence was made in the context of analyzing whether there was an absence of acceptable noninfringing substitutes pursuant to the second *Panduit* factor. *See* Musika Report at 40, ¶ 124. When making this statement, Musika did not define "ample evidence," did not set forth the basis of his conclusion, did not link his conclusion to Samsung internal documents, and did not state that the alleged copying was probative of demand for Apple's products under the first *Panduit* factor.

Instead, Musika claimed in his report that various Samsung documents constituted evidence of demand for Apple's products, without opining as to whether the documents constituted evidence of copying. *See* Musika Report at 38, ¶ 121 ("I have identified and documented numerous examples of demand for each item of Apple Intellectual Property In Suit for which Apple is seeking a lost profit on Exhibits 24 and 25. The numerous examples of evidence involving demand include Samsung strategy and product planning documents prepared in the ordinary course, survey data, third party market and consumer analysis, Samsung and Apple advertising materials and other evidence that relate to claimed technology."); *see also* Exhibit 24-S to Musika's Supplemental Report (citing 97 documents which in his opinion, provided evidence of demand for Apple's products). Musika testified that there was "adequate evidence of demand" for the features in Apple's utility patents and the design in Apple's design patents, *see* ECF No. 1839 at 88, and

supported his conclusion by citing, among other things, various internal Samsung documents.[4]

Unlike Musika's report, Davis' report repeatedly presents the theory that Samsung's decision to copy Apple's products was itself evidence of demand. *See, e.g.*, Davis Report at 60, ¶ 136 ("[T]he decision by Samsung to adopt user interface technology and designs used by Apple . . . support the conclusion that there is substantial demand for Apple's patented designs and technology . . ."); *id.* at 58, ¶ 136 (noting that certain testimony at trial constituted evidence that Samsung "used the features of the iPhone and the New Trial patents in the process of creating the designs and the user interface that are included in Samsung's products" and that that evidence provided support for her conclusion that there was demand). The Court finds that Davis' new conclusions violate this Court's order that "Apple's new damages expert may not include different methodologies [or new theories] in his or her expert report." ECF No. 2316 at 3. Thus, Davis may not provide any testimony about how copying is probative of demand for Apple's products or patented features pursuant to the first *Panduit* factor. The Court notes that Davis may testify that Samsung's internal documents constitute evidence of demand, as that is precisely what Musika testified about at trial, as explained above. *See supra* p. 9.

### B. Whether Davis may testify about why Samsung conducted competitive analysis of Apple products.

Samsung's second argument is that Davis is not qualified to testify about why Samsung engaged in competitive analysis of Apple's products. Samsung Mot. at 1, 4-5. Samsung cites various cases holding that experts exceed their role as expert witnesses when they provide opinions regarding corporate intent. *Id.* The Court cannot find in Davis' report any examples where Davis

---

[4] *See* ECF No. 1839 at 90 (testifying that he "look[ed] at [] internal Samsung documents in evaluating this issue of demand for Apple products"); *id.* at 91-92 (citing Samsung's analysis of smartphone market and noting that Samsung's identification of "the Apple iPhone as something that's going to shape the next five years" was evidence of demand); *id.* at 173 (testifying that he "found evidence [that] the design element [was] a function or a factor in the demand . . . . [i]n Samsung's own words."); *id.* at 92-93 (citing Samsung's internal "iPhone Effect Analysis" document, in which Samsung identified the iPhone as a driver in the market and stated that the iPhone had a beautiful design, and concluding the document was evidence of demand); *id.* at 94-95 (testifying that a Samsung internal email advising employees to "learn the wisdom of the iPhone and recognize the standard of the industry which was set by them already" was evidence of demand).

9

Case No.: 11-CV-01846-LHK
ORDER RE: DAUBERT MOTION BY SAMSUNG

provides an opinion regarding this specific issue. While Samsung cites various sections of Davis' Report in support of its claim that Davis makes "interpretation[s] of the motivations behind selected portions of Samsung competitive analysis documents," *see* Samsung Mot. at 5 (citing Davis Report ¶¶ 82, 103, 105-107, 180, 186, 205, 254, Exs. 24-PT, 25-PT),[5] none of those sections in Davis' report actually contain Davis' opinion regarding why Samsung conducted competitive analysis. Thus, Samsung's motion to exclude any such testimony is denied.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS-IN-PART and DENIES-IN-PART Samsung's motion to disqualify Julie Davis as an expert.

**IT IS SO ORDERED.**

Dated: November 6, 2013

_____
LUCY H. KOH
United States District Judge

---

[5] The content of the relevant sections of Davis' report is as follows: (1) ¶ 82: Davis discusses how Samsung's infringement will impair Apple's market leadership position, which has economic consequences for Apple; (2) ¶ 103: Davis discusses how there is demand in the U.S. market for iPhones and iPads and concludes that various Samsung strategy documents reflect demand for the iPhone and its patented features; (3) ¶¶ 105-107: Davis discusses a third party report that concludes that Apple has set the standard in the industry for design, discusses internal Samsung documents and presentations that note, among other things, that the iPhone has a beautiful design and that Apple's user interface is "highly innovative," and discusses Samsung's feature-by-feature comparison of Samsung's proposed smartphone to Apple's iPhone; (4) ¶¶ 180, 205: Davis discusses Apple's licensing practices; (5) ¶ 186: Davis discusses licensing discussions between Apple and Samsung; (6) ¶ 254: Davis discusses trial testimony of an Apple witness regarding the importance to Apple of retaining its proprietary technology; and (7) Exhibits 24-PT, 25-PT: this comprises a collection of documents that provide examples of demand for the five Apple patents in the retrial.

10

Case No.: 11-CV-01846-LHK
ORDER RE: DAUBERT MOTION BY SAMSUNG