1
2
3
4
5
6
7
8
9
10
11

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE, INC., a California corporation, | ) | Case No.: 11-CV-01846-LHK |
| | ) | |
| Plaintiff, | ) | ORDER RE: NONINFRINGING |
| v. | ) | ALTERNATIVES BASED ON 2012 |
| | ) | JURY'S NONINFRINGEMENT |
| SAMSUNG ELECTRONICS CO., LTD., a | ) | VERDICT |
| Korean corporation; SAMSUNG | ) | |
| ELECTRONICS AMERICA, INC., a New York | ) | |
| corporation; SAMSUNG | ) | |
| TELECOMMUNICATIONS AMERICA, LLC, | ) | |
| a Delaware limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

        In the first trial in this case, held in 2012, a jury found that a number of Samsung's products infringed several of Apple's patents. The 2012 jury also found, however, that some Samsung products did *not* infringe certain Apple patents. In advance of the limited retrial on damages set to begin on November 12, 2013, Apple seeks an order from this Court preventing Samsung from arguing at the retrial, through its damages expert Michael Wagner ("Wagner"), that the Samsung products found not to infringe certain Apple patents are evidence that Samsung had available noninfringing alternatives to Apple's patents throughout the periods in which Samsung's products infringed. Specifically, Wagner's Updated Report relies on the 2012 jury's noninfringement verdict to posit: (1) that the Captivate, Continuum, Gem, Indulge, Intercept, Nexus S 4G, Transform, and

1

1  Vibrant present noninfringing alternatives to the '163 patent, ("Wagner Updated Rep.") ECF No.

2  2388-1 ¶ 484; and (2) that the Galaxy Ace, Intercept, and Replenish present noninfringing

3  alternatives to the '915 patent, *id.* ¶ 493. Apple has sought to exclude Samsung's "jury verdict"

4  theory of noninfringing alternatives through both Apple's Motion to Strike Portions of Michael

5  Wagner's Updated Expert Report, ECF No. 2381 at 6:10-14; 6:19-22; n.7, and Apple's Motion in

6  Limine #3 to Exclude Samsung's "New" Design Around Theories, ECF No. 2403 at 1, 3.

7       The Court held hearings on this issue on October 10 and 17, 2013. ECF Nos. 2535, 2562.

8  On October 17, 2013, Apple raised a new legal argument regarding this issue based on *Rite-Hite*

9  *Corp. v. Kelley Co.*, 56 F.3d 1538 (Fed. Cir. 1995) (en banc). The Court therefore ordered Apple to

10  file a statement "explaining its legal position as to why Samsung may not argue that Samsung

11  products that the 2012 jury found not to infringe Apple's patents are noninfringing alternatives for

12  purposes of a lost profits analysis and a reasonable royalty analysis." ECF No. 2552 at 4. Apple

13  filed its statement on October 21, 2013. ECF No. 2571. Samsung filed a response on October 23,

14  2013. ECF No. 2585.[1] Having considered the parties' written submissions and oral arguments, the

15  relevant law, and the record in this case, the Court GRANTS in part and DENIES in part Apple's

16  Motion to Strike and Motion in Limine insofar as they relate to Samsung's argument that the 2012

17  jury verdict is evidence of the availability of noninfringing alternatives for purposes of the lost

18  profits and reasonable royalty analyses.

19  **I.      BACKGROUND**

20       As an initial matter, the following chart identifies the products and patents at issue in the

21  retrial. (An "x" indicates that the 2012 jury found that the product infringed. "Noninfringing"

22  means that the product was accused, but found not to infringe, while "Not Accused" means that the

23  product was not accused in the 2012 trial.)

24

25

26

27  _____

[1] The parties also discuss noninfringing alternatives based on the 2012 jury verdict at ECF No.
28  2523 (Samsung's Proffer of Evidence Pursuant to the October 11, 2013 Case Management Order),
and ECF No. 2542 (Apple's Response to Samsung's Proffer of Evidence).

Case No.: 11-CV-01846-LHK
ORDER RE: NONINFRINGING ALTERNATIVES BASED ON 2012 JURY'S NONINFRINGEMENT VERDICT

United States District Court
For the Northern District of California

| Products | Utility Patents | | | Design Patents | |
|---|---|---|---|---|---|
| | '163 | '381 | '915 | D'305 | D'677 |
| Captivate | Noninfringing | x | x | x | Not Accused |
| Continuum | Noninfringing | x | x | x | Not Accused |
| Droid Charge | x | x | x | x | Not Accused |
| Epic 4G | x | x | x | x | Not Accused |
| Exhibit 4G | x | x | x | Not Accused | Not Accused |
| Galaxy Prevail | x | x | x | Not Accused | Not Accused |
| Galaxy Tab | x | x | x | Not Accused | Not Accused |
| Gem | Noninfringing | x | x | x | Not Accused |
| Indulge | Noninfringing | x | x | x | Not Accused |
| Infuse 4G | x | x | x | x | x |
| Nexus S 4G | Noninfringing | x | x | Not Accused | Not Accused |
| Replenish | x | x | Noninfringing | Not Accused | Not Accused |
| Transform | Noninfringing | Not Accused[2] | x | Not Accused | Not Accused |

Of the above products, Wagner seeks to rely on the Captivate, Continuum, Gem, Indulge, Nexus S 4G, and Transform as evidence of noninfringing alternatives for the '163 patent, and on the Replenish as evidence of noninfringing alternatives for the '915 patent. Wagner Updated Rep. ¶¶ 484, 493. Although there were two additional design patents, the D'087 and the D'889, at issue in the 2012 trial, none of the above products was accused of infringing either patent, with the exception of the Infuse 4G which was found *not* to infringe the D'087. *See* ECF No. 1931 at 6-7.

In addition to products at issue in the retrial, Wagner seeks to rely on three products that are not at issue in the retrial: the Galaxy Ace, the Intercept, and the Vibrant. Specifically, Wagner seeks to rely on the Intercept and the Vibrant as evidence of noninfringing alternatives for the '163 patent, and on the Galaxy Ace and the Intercept as evidence of noninfringing alternatives for the '915 patent. Wagner Updated rep. ¶¶ 484, 493. The following chart lays out the 2012 jury's findings with regard to the Galaxy Ace, the Intercept, and the Vibrant.

[2] The Court's March 1 Order on damages suggested that the Transform was found to infringe the '381 patent. *See* ECF No. 2271 at 19. This was an error. The Transform was not accused of infringing the '381 patent. *See* ECF No. 1931 at 2.

United States District Court
For the Northern District of California

| Products | Utility Patents | | | Design Patents | | | |
|---|---|---|---|---|---|---|---|
| | ‘163 | ‘381 | ‘915 | D'305 | D'677 | D'087 | D'889 |
| Galaxy Ace | x | x | Noninfringing | Not Accused | Noninfringing | Not Accused | Not Accused |
| Intercept | Noninfringing | Not Accused | Noninfringing | Not Accused | Not Accused | Not Accused | Not Accused |
| Vibrant | Noninfringing | x | x | x | x | x | Not Accused |

## II.    DISCUSSION

### A.    Samsung's Jury Verdict Theory Does Not Require Speculation Regarding the 2012 Jury's Reasoning

Apple's principal objection to Samsung's effort to introduce the 2012 jury's noninfringement verdict as evidence of the existence of noninfringing alternatives to Apple's patents has consistently been that Samsung's theory rests on unwarranted speculation regarding the basis for the jury's noninfringement verdict. *See* ECF Nos. 2403 at 3; 2428 at 1-2; 2542 at 4-5; 2571 at 2-3. Apple contends that neither Samsung, nor Apple, nor anyone else can know for certain whether the 2012 jury reached its noninfringement verdict based on the conclusion that Samsung's noninfringing products had the same features or functions as the patented products (but that the features did not infringe) or that these products did not have the same features or functions as the patented products at all. *See* ECF Nos. 2428 at 1-2; 2571 at 2-3. If the latter, Apple argues that the noninfringing products cannot be *acceptable* noninfringing alternatives for Apple's patents, and thus that Samsung's updated noninfringing alternatives theories necessarily rest on impermissible assumptions about the reasoning behind the 2012 jury's noninfringement verdict. *Id.*

The Court is not persuaded that allowing Samsung to introduce the 2012 jury's noninfringement verdict as evidence that there were noninfringing alternatives available to Samsung during the periods of infringement requires speculation as to the reasoning behind the 2012 jury's verdict. Although Apple is correct that, for purposes of a lost profits analysis under *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978), a noninfringing alternative to a patented product must be "acceptable" in order to defeat a patentee's claim to lost profits,[3] a noninfringing alternative need not have the patented feature in order to be deemed

---

[3] *See, e.g.*, *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1329 (Fed. Cir. 2009) ("[T]he four-factor *Panduit* test . . . requires a showing of . . . (2) absence of *acceptable* noninfringing substitutes . . . ." (emphasis added)).

Case No.: 11-CV-01846-LHK
ORDER RE: NONINFRINGING ALTERNATIVES BASED ON 2012 JURY'S NONINFRINGEMENT VERDICT

1   "acceptable." *See SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1166 (Fed.

2   Cir. 1991) ("[Plaintiff] argues in effect that the noninfringing products lacked one or more features

3   of the patented invention and, therefore, would not be deemed part of the market. However, by

4   definition, noninfringing products do not represent an embodiment of the invention."); *see also*

5   *Slimfold Mfg. Co. v. Kinkead Indus., Inc.*, 932 F.2d 1453, 1458 (Fed. Cir. 1991) (upholding denial

6   of lost profits damages based on district court's conclusion that older technology that lacked the

7   patented hardware was nevertheless an acceptable noninfringing alternative).

8           Even the cases on which Apple relies recognize that a noninfringing alternative must have

9   the patented feature in order to be "acceptable" only in certain factual circumstances. *See Standard*

10  *Havens Prods., Inc. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1373 (Fed. Cir. 1991) ("*[I]f* purchasers

11  are motivated to purchase because of particular features available only from the patented product,

12  products without such features—even if otherwise competing in the marketplace—would not be

13  acceptable noninfringing substitutes." (emphasis added)); *Presidio Components, Inc. v. Am. Tech.*

14  *Ceramics Corp.*, 702 F.3d 1351, 1361 (Fed. Cir. 2012) ("*In some instances*, as is true in this case,

15  products lacking the advantages of the patented invention can hardly be termed a substitute

16  acceptable *to the customer who wants those advantages*." (emphasis added) (internal quotation

17  marks omitted)). As explained below, even in these limited factual circumstances, the 2012 jury's

18  noninfringement verdict is probative.

19          Whether any given noninfringing alternative is an *acceptable* substitute for the patented

20  product is a question of fact that the jury at the retrial will have to decide. *See, e.g.*, *Standard*

21  *Havens*, 953 F.2d at 1373 ("A reasonable juror could have found that the sales made by [defendant]

22  of its [infringing product] were made because of th[e] advantages [of the patented feature] and that

23  there were 'no acceptable substitutes other than the patented device.'"). Apple, as the party seeking

24  damages, bears the initial burden of establishing that no such acceptable noninfringing alternatives

25  were available to Samsung during the periods for which Apple claims damages. *See id.* (patentee

26  bears the burden of establishing entitlement to damages under the *Panduit* test, including

27  establishing the absence of acceptable noninfringing substitutes). In a case such as this, where

28  numerous products compete in the market for smartphones, establishing the absence of acceptable

5

1    substitutes for the patented products likely requires Apple to establish that there exists some

2    particularized consumer demand for the patented features of Apple's products, such that consumers

3    would be unwilling to purchase a competing product that lacked the patented features. *See id.*

4    ("[T]o prove that there are no acceptable noninfringing substitutes, the patent owner must show

5    either that (1) the purchasers in the marketplace generally were willing to buy the patented product

6    for its advantages, or (2) the specific purchasers of the infringing product purchased on that

7    basis."). Again, whether Apple has presented sufficient evidence to establish such particularized

8    consumer demand for the patented features of its products is a factual issue to be decided by the

9    jury in the retrial.

10         Assuming Apple does present sufficient evidence of particularized demand for the patented

11   features, then Samsung must rebut that basis for inferring the absence of acceptable noninfringing

12   alternatives—either by presenting contrary evidence to show that consumers do not, in fact,

13   demand the patented features, or by presenting evidence to establish that other products (either its

14   own or a third party's) *also* contain the patented features consumers demand, but in a way that does

15   not infringe Apple's patents. Given that there is some uncertainty regarding whether the 2012 jury

16   found that various Samsung products did not infringe certain Apple patents because they lacked the

17   patented feature entirely or simply lacked an infringing version of the patented feature, the Court

18   recognizes that the mere fact of the 2012 jury's noninfringement verdict cannot serve as this

19   rebuttal evidence. To the extent Samsung seeks to prove either lack of particularized consumer

20   demand for the patented features or that its noninfringing products incorporate noninfringing

21   versions of the patented features, Samsung must rely on other evidence to do so.

22         Nevertheless, the fact that Samsung may have to present additional evidence to support its

23   argument that there were acceptable noninfringing substitutes for the patented products available

24   during the periods of infringement does not mean that the 2012 jury's noninfringement verdict is

25   not relevant evidence standing on its own. The fact of noninfringement is an important building

26   block of any argument that a product was an acceptable *noninfringing* alternative, and the 2012

27   jury's noninfringement verdict is highly probative of noninfringement. Moreover, if Apple fails to

28   convince the jury that consumers purchased its patented products because they desired the patented

United States District Court
For the Northern District of California

1    features of those products, then the jury could reasonably infer that Samsung's noninfringing

2    products were acceptable substitutes even without further evidence that the noninfringing products

3    contained the patented features.

4          Because the 2012 jury's noninfringement verdict is probative evidence that Samsung had

5    alternatives available to it that do not infringe Apple's patents, and because the existence of

6    noninfringing alternatives is a relevant, important step in proving that there were *acceptable*

7    noninfringing alternatives available to Samsung during the periods of infringement, the Court finds

8    that the 2012 jury's noninfringement verdict is relevant, probative evidence in the lost profits

9    analysis that does not require any assumption as to precisely why the 2012 jury found that these

10   Samsung products did not infringe. The Court therefore rejects Apple's argument that Samsung's

11   jury verdict theory of noninfringing alternatives hinges on impermissible speculation as to the

12   reasoning behind the 2012 jury's noninfringement verdict.[4]

13         **B.    *Rite-Hite* Does Not Does Bar Samsung's Jury Verdict Theory**

14         Apple next asserts that Samsung may not argue that the 2012 jury's noninfringement

15   verdict provides evidence that there were noninfringing alternatives available to Samsung during

16   the infringement period because even though the 2012 jury found that these Samsung products did

17   not infringe some of Apple's patents, the 2012 jury also found that these same Samsung products

18   *did* infringe other Apple patents. ECF No. 2571 at 1-2 & n.2. The Court notes, however, that there

19   is one Samsung product, the Intercept, that was not found to infringe any Apple patent at issue in

20   the 2012 trial.[5] Apple relies on the Federal Circuit's decision in *Rite-Hite Corp. v. Kelley Co.*, 56

21

22   [4] The Court also notes that Apple has never fully articulated its theory of the alternative bases for
     the 2012 jury's noninfringement verdict. While Apple repeatedly distinguishes between a verdict
23   based on the conclusion that the Samsung products lacked the patented features or functions and a
     verdict based on the conclusion that the Samsung products merely lacked an infringing version of
24   the patented feature, the Court remains unclear as to exactly what this means. Apple's failure to
     satisfactorily explain exactly how there can be any real ambiguity regarding the reasoning behind
25   the 2012 jury's noninfringement verdict is another reason to reject Apple's argument that
     introducing the 2012 jury's noninfringement verdict as evidence of noninfringing alternatives
26   requires impermissible speculation about the 2012 jury's reasoning.
27   [5] The 2012 jury found that the Intercept did not infringe the '915 and '163 patents, and at the end
     of the 2012 trial the Intercept was not accused of infringing any other Apple patent at issue in the
28   case. ECF No. 1931 at 2-7.

Case No.: 11-CV-01846-LHK
ORDER RE: NONINFRINGING ALTERNATIVES BASED ON 2012 JURY'S NONINFRINGEMENT VERDICT

1    F.3d 1538 (Fed. Cir. 1995) (en banc), for the proposition that a product that infringes a patentee's

2    other patents cannot be considered an acceptable noninfringing substitute as a matter of law. ECF

3    No. 2571 at 1.

4         *Rite-Hite* involved a vehicle restraint that prevented trucks from separating from a loading

5    dock during loading and unloading. 56 F.3d at 1542. There were three such restraints at issue in the

6    lost profits analysis: (1) the defendant's infringing device; (2) the "MDL-55," a Rite-Hite device

7    covered by the patent in suit; and (3) the "ADL-100," a Rite-Hite device that was *not* covered by

8    the patent in suit, but which was actually the primary device against which the defendant's

9    infringing device competed. *Id.* at 1543. Specifically, the ADL-100 and the defendant's device

10   were deemed to compete with one another because both were automated and sold for a similar

11   price, whereas the MDL-55 was a manual device that sold for about one-third of the price of the

12   defendant's device and the ADL-100. *Id.* Even though the defendant's device was not accused of

13   infringing the patents embodied in the ADL-100, the district court in *Rite-Hite* reasoned that the

14   defendant's infringement of the patent embodied in the MDL-55 caused Rite-Hite to lose sales of

15   the ADL-100 and thus awarded lost profits, in part, based on lost ADL-100 sales. *Id.*

16        In affirming the lost profits award based on Rite-Hite's ADL-100 sales, the Federal

17   Circuit's central holding was that the lost profits inquiry does not place any categorical limit on

18   compensating patentees for lost sales of devices not covered by the particular patent in suit. *See id.*

19   at 1547-48. However, in a portion of the opinion in which the Federal Circuit briefly discussed

20   whether Rite-Hite had successfully demonstrated an absence of acceptable noninfringing

21   substitutes under the *Panduit* test, the Federal Circuit stated:

22        Here, the only substitute for the patented device was the ADL-100, another of the
          patentee's devices. Such a substitute was not an "acceptable, non-infringing
23        substitute" within the meaning of *Panduit* because, being patented by Rite–Hite, it
          was not available to customers except from Rite–Hite. . . . Rite–Hite therefore
24        would not have lost the sales to a third party. The second *Panduit* factor thus has
          been met.
25

26   *Id.* at 1548 (citation omitted).

27        Two observations about *Rite-Hite* are in order. First, the Court does not read the above-

28   quoted passage from *Rite-Hite* (affirming the trial court's damages finding as "a question of proof,"

8

United States District Court
For the Northern District of California

*id.*) as establishing a legal rule that a product that infringes other patents, which may not even be at issue in the case, is automatically incapable of serving as an acceptable noninfringing alternative to the patents for which the patentee is seeking lost profits. The Federal Circuit was not focused on this particular question in *Rite-Hite*, and it is not clear how such a rule would apply in other factual scenarios, such as where infringement or validity of the other patents has never been established or where the other patents are held by a third party. Furthermore, Apple has not identified, and the Court has not found, any case applying this statement from *Rite-Hite* to preclude a party from offering evidence of a noninfringing alternative on the ground that the noninfringing alternative infringed another patent.

Second, and more to the point, Samsung, in order to show that there were acceptable noninfringing substitutes available for purposes of defeating Apple's claim to lost profits, does not necessarily need to show that any noninfringing substitutes were actually on the market at the time of infringement. Rather, Samsung is entitled to demonstrate that an acceptable noninfringing substitute was "available," even if it was not actually being sold at the time of infringement. *See, e.g.*, *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1351-52 (Fed. Cir. 1999); *TQP Dev., LLC v. Merrill Lynch & Co.*, No. 08-471, 2012 WL 3283354, at *1 (E.D. Tex. Aug. 10, 2012) ("In determining whether the alternative product is available, the court may consider whether (1) the defendant could readily obtain all of the material needed to implement the non-infringing alternative; (2) the non-infringing alternative was well known in the field at the time of infringement; and (3) the defendant had all of the necessary equipment, know-how, and experience to use the non-infringing alternative." (internal quotation marks omitted)). Because an acceptable noninfringing substitute need not be a product that was actually on the market at the time of infringement, the fact that the Samsung products infringed some of Apple's patents does not preclude Samsung from arguing that the noninfringing aspects of these products provide evidence that Samsung *could* have offered a fully noninfringing product that would have been an acceptable noninfringing substitute. Accordingly, the Court rejects Apple's contention that *Rite-Hite* bars Samsung from presenting evidence of noninfringing alternatives based on the 2012 jury's noninfringement verdict at the retrial as a matter of law.

Case No.: 11-CV-01846-LHK
ORDER RE: NONINFRINGING ALTERNATIVES BASED ON 2012 JURY'S NONINFRINGEMENT VERDICT

United States District Court
For the Northern District of California

**C.      The 2012 Jury's Noninfringement Verdict Is Relevant to the Reasonable Royalty Analysis**

Although the Court invited Apple to address in Apple's most recent submission on this issue whether Apple also sought to bar Samsung from using the 2012 jury's noninfringement verdict in Samsung's reasonable royalty analysis, *see* ECF No. 2552 at 4, Apple declined to address this issue. As a logical matter, the availability of noninfringing alternatives should be relevant in constructing the hypothetical negotiation between the patentee and the infringer—in that the amount an infringer would be willing to pay to license the patentee's patent would presumably change depending on whether noninfringing substitutes were readily available—and this logical intuition has support in Federal Circuit case law. *See Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1312 (Fed. Cir. 2002) ("[I]n the hypothetical negotiation that characterizes the reasonable royalty calculation, Shell may have had non-infringing alternatives . . . . The economic relationship between the patented method and non-infringing alternative methods, of necessity, would limit the hypothetical negotiation."). The Court therefore concludes that Samsung may rely on the 2012 jury's noninfringement verdict for purposes of the reasonable royalty analysis and also for the lost profits analysis.

**D.      Apple's Remaining Arguments Are Not Persuasive**

Apple's remaining arguments for excluding Samsung's jury verdict theory of noninfringing alternatives are not convincing. First, Apple argues that it will be unfairly prejudiced if the Court admits evidence of the 2012 jury's noninfringement verdict without also admitting evidence of the 2012 jury's verdict on willfulness and the jury's damages award for the products subject to the retrial—two elements of the 2012 jury's verdict that the Court subsequently overturned in post-trial motion rulings. *See* ECF No. 2571 at 3 (arguing that the new jury should be told about the 2012 jury's damages award for the products subject to the retrial and that the 2012 jury found Samsung's infringement willful); *see also* ECF Nos. 2220 (granting Samsung's Motion for Judgment as a Matter of Law on willfulness); 2271 (granting Samsung's Motion for Judgment as a Matter of Law on some of the 2012 jury's damages awards). However, introducing evidence about the 2012 jury's noninfringement verdict, which remains intact, is qualitatively different than introducing evidence about the 2012 jury's willfulness verdict and damages award, which were subsequently overturned.

10

1    Whereas the former evidence accurately reflects the state of this case as of November 2013, and is

2    highly relevant to damages, the latter evidence is an inaccurate depiction of where this case

3    currently stands, has no relevance to the proper calculation of damages, and therefore poses a high

4    risk of jury confusion, unfair prejudice, and waste of time under Federal Rule of Evidence 403. The

5    Court finds that, under Rule 403, the probative value of the jury's noninfringement verdict greatly

6    outweighs any risk of unfair prejudice, jury confusion, waste of time, or any other 403 factor. By

7    contrast, the Court also finds, under Rule 403, that the risk of jury confusion and waste of time

8    substantially outweigh the minimal probative value provided by evidence of the 2012 jury's

9    willfulness verdict and damages award that this Court subsequently overturned.

10          Second, Apple contends that this Court previously precluded Samsung from offering any

11   evidence of noninfringing alternatives for the '163 Patent, and that this prior evidentiary ruling

12   prevents Wagner from offering testimony regarding noninfringing alternatives for the '163 patent

13   now. ECF No. 2571 at 4. Apple is incorrect. Prior to the 2012 trial, Magistrate Judge Grewal

14   precluded Samsung from offering evidence of its efforts to design around the '381, '891, and '163

15   patents due to Samsung's failure to timely produce its design around source code. *See* ECF No. 898

16   at 4-6, 9; *see also* ECF No. 1545 at 3-5 (denying Samsung's Motion for Relief from Magistrate

17   Judge Grewal's Order precluding this design around evidence). This evidentiary ruling, however,

18   specifically addressed evidence of Samsung's *actual* design around efforts, not any design around

19   efforts Samsung could have hypothetically undertaken. *Accord* ECF No. 1163 at 35:20-24 (Apple

20   stating that it does not read Magistrate Judge Grewal's order as covering hypothetical design

21   arounds). Accordingly, at the 2012 trial, the Court admitted, over Apple's objection, Wagner's

22   testimony regarding hypothetical design arounds. *See* Trial Tr. at 2997:9-3000:18. That evidentiary

23   ruling remains in effect. *See* ECF No. 2316 at 2 ("The Court's prior rulings on the parties' . . .

24   evidentiary objections will remain in effect as law of the case.").

25          The Court's previous ruling allowing Wagner to testify as to hypothetical design arounds

26   defeats Apple's argument that Wagner's testimony on noninfringing alternatives was previously

27   excluded. Furthermore, Magistrate Judge Grewal's 2012 order excluding design around testimony

28   based on source code that Samsung failed to timely produce does not apply to the 2012 jury's

11

United States District Court

For the Northern District of California

1    noninfringement verdict. Samsung's failure to timely produce its design around source code has

2    nothing to do with the fact that the 2012 jury's noninfringement verdict provides probative

3    evidence as to whether Samsung had available noninfringing alternatives throughout the periods in

4    which its products infringed Apple's patents. Given the differences between the issues and

5    evidence leading up to Magistrate Judge Grewal's 2012 evidentiary sanction and the issue

6    presently before the Court, the Court finds that Magistrate Judge Grewal's 2012 evidentiary order

7    does not affect the admissibility of evidence of noninfringing alternatives based the 2012 jury's

8    noninfringement verdict.[6]

9         Finally, Apple objects that Wagner's opinions that Samsung products found not to infringe

10   Apple's patents could serve as noninfringing alternatives for purposes of a damages analysis were

11   not timely disclosed in Wagner's 2012 expert reports. ECF No. 2571 at 4. However, Wagner

12   testified at the 2012 trial that if the jury found that certain Samsung products did not infringe, then

13   these noninfringing products would represent noninfringing alternatives. *See* Trial Tr. at 3038:4-19.

14   Apple did not object to this testimony, *see* ECF No. 2562 at 28:19 (counsel for Apple conceding at

15   the Pretrial Conference that Apple did not object to this aspect of Wagner's testimony), and has

16   therefore forfeited this objection.

17        **E.    Federal Rule of Evidence 403**

18        Finally, the Court finds that an analysis under Federal Rule of Evidence 403 favors

19   admitting the 2012 jury's noninfringement verdict for all but two of the noninfringing products on

20   which Wagner relies in his Updated Expert Report. First, the Court finds that for the Captivate,

21   Continuum, Gem, Indulge, Nexus S 4G, Replenish, and Transform—all products at issue in the

22   retrial—the probative value of the 2012 jury's noninfringement verdict as to two patents at issue in

23   the retrial is high. The verdict conclusively establishes that the Captivate, Continuum, Gem,

24   Indulge, Nexus S 4G, and Transform do not infringe the '163 patent and that the Replenish does

25   not infringe the '915 patent. The 2012 jury's noninfringement verdict as to these products and

26

27

28

_____

[6] This ruling is limited to Wagner. The Court's Pretrial Conference Order separately addressed whether certain other Samsung witnesses would be permitted to testify regarding design arounds for Apple's patents. *See* ECF No. 2552 at 3 (excluding Jaewoo Park, Sun-young Yi, and Jong-wook Shim from testifying as to hypothetical design arounds).

Case No.: 11-CV-01846-LHK
ORDER RE: NONINFRINGING ALTERNATIVES BASED ON 2012 JURY'S NONINFRINGEMENT VERDICT

**United States District Court**
For the Northern District of California

1    patents is thus highly probative of whether Samsung had available noninfringing alternatives

2    during periods in which Samsung's products infringed the '163 and '915 patents. Furthermore, the

3    risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

4    needlessly presenting cumulative evidence," is low with respect to these seven products and two

5    patents already at issue in the retrial. Fed. R. Evid. 403. Finally, although Apple has suggested that

6    a "complete picture" of the 2012 jury's noninfringement verdict requires allowing Apple to

7    introduce the 2012 jury's *infringement* verdict as well, this argument is superfluous. The retrial jury

8    will be given a complete picture of the 2012 jury's infringement verdict with respect to these seven

9    products because none of these phones was found to infringe any patent that is not already at issue

10   in the retrial, and the retrial jury will certainly be told about the 2012 jury's infringement verdict as

11   to patents at issue in the retrial in order to calculate damages, which is the purpose of the retrial.

12   *See* ECF No. 1931 at 6-7 (showing that the products at issue in the retrial were either not accused

13   of infringing the design patents not at issue in the retrial, or were found not to infringe those

14   patents); *see also supra* Part I (no phone other than the Infuse 4G was accused of infringing the

15   D'087 patent, and the Infuse 4G was found not to infringe the D'087 patent; no phone was accused

16   of infringing the D'889 patent). Accordingly, under Rule 403, the probative value of the 2012

17   jury's noninfringement verdict with respect to these seven phones is not substantially outweighed

18   by the other Rule 403 factors.

19          Wagner also relies on the 2012 jury's noninfringement verdict as to three additional

20   phones: the Intercept, the Galaxy Ace, and the Vibrant. These phones are not the subject of the

21   retrial. The Court addresses each in turn. The Court finds that the probative value of the Intercept is

22   very high, because the Intercept is the sole Samsung phone in this case that has not been found to

23   infringe *any* of Apple's patents. *See* ECF No. 1931 at 1-7 (showing that the Intercept was found not

24   to infringe the '915 and '163 patents, the only patents Apple asserted against the Intercept at the

25   end of the 2012 trial). Given Apple's reliance on *Rite-Hite* to argue that Samsung products cannot

26   be acceptable noninfringing alternatives for some Apple patents if the products infringe other

27   Apple patents, the Court finds that the Intercept is perhaps Samsung's most probative evidence

28   regarding the availability of noninfringing alternatives. Weighing the remaining Rule 403 factors

13

1    against the high probative value of the Intercept, the Court finds that the risks of confusing the jury,

2    waste of time, and undue delay are low. The Intercept is only one phone, and so introducing the

3    phone and the fact that it was found not to infringe Apple's patents is not likely to confuse the jury

4    or to take significant amounts of time. Therefore, under Rule 403, the probative value of the 2012

5    jury's noninfringement verdict with respect to the Intercept is not substantially outweighed by the

6    other Rule 403 factors.

7        With respect to the Galaxy Ace and the Vibrant, however, the Court finds that the probative

8    value of the 2012 jury's noninfringement verdict as to these phones is relatively low. Given that

9    Wagner can point to other phones that the 2012 jury found not to infringe the '915 or '163 patents,

10   the addition of these two phones is of marginal probative value and would be unnecessarily

11   cumulative and a waste of time. Moreover, because the 2012 jury found that the Vibrant infringed

12   the D'087 patent in addition to the patents at issue in the retrial, *see id.* at 6; *see also supra* Part I,

13   the Court finds that introducing the 2012 jury's noninfringement verdict with respect to the Vibrant

14   would require allowing Apple, for the sake of completeness, to introduce the fact that the Vibrant

15   was found to infringe the D'087 patent, which is not at issue in the retrial. Injecting the D'087

16   patent into the retrial, however, carries a serious risk of confusing the jury and spawning satellite

17   litigation regarding the D'087 patent. The Court finds that the need to avoid confusion of the

18   issues, misleading the jury, unnecessarily cumulative evidence, and wasting time substantially

19   outweighs the minimal probative value of the 2012 jury's noninfringement verdict with respect to

20   the Galaxy Ace and the Vibrant.

21       Therefore, under a 403 analysis, the Court will admit the 2012 jury's noninfringement

22   verdict with respect to the Captivate, Continuum, Gem, Indulge, Intercept, Nexus S 4G, Replenish,

23   and Transform, but will exclude the 2012 jury's noninfringement verdict with respect to the Galaxy

24   Ace and the Vibrant. Apple will not be permitted to introduce additional evidence of the 2012

25   jury's verdict with respect to any additional patents not at issue in the retrial, because the Captivate,

26   Continuum, Gem, Indulge, Intercept, Nexus S 4G, Replenish, and Transform were not found to

27   infringe any such additional patents.

28       **F.       Final Jury Instructions/Limiting Jury Instructions**

Case No.: 11-CV-01846-LHK
ORDER RE: NONINFRINGING ALTERNATIVES BASED ON 2012 JURY'S NONINFRINGEMENT VERDICT

United States District Court
For the Northern District of California

The parties are invited to meet and confer regarding any potential limiting or final jury instructions. If the parties cannot agree, then the parties may jointly submit their competing proposals with brief argument supporting their respective proposals. The deadline for filing proposed instructions is Monday, November 11, 2013, at noon.

## III.    CONCLUSION

In the absence of a persuasive legal or procedural basis for preventing Samsung from arguing that the 2012 jury's noninfringement verdict is probative of whether Samsung had available noninfringing alternatives during periods in which Samsung's products infringed, and in light of the Court's Rule 403 analysis, Apple's Motion to Strike and Motion in Limine, to the extent they relate to Samsung's argument that the 2012 jury's noninfringement verdict is evidence of the availability of noninfringing alternatives for purposes of the lost profits and reasonable royalty analyses, are GRANTED in part and DENIED in part. These Motions are GRANTED with respect to Wagner's reliance on the Galaxy Ace and Vibrant, but DENIED as to the Captivate, Continuum, Gem, Indulge, Intercept, Nexus S 4G, Replenish, and Transform.

**IT IS SO ORDERED.**

Dated: November 7, 2013

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

Case No.: 11-CV-01846-LHK
ORDER RE: NONINFRINGING ALTERNATIVES BASED ON 2012 JURY'S NONINFRINGEMENT VERDICT

United States District Court
For the Northern District of California