UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART (A) SAMSUNG'S MOTION TO SEAL REGARDING SAMSUNG'S PROFFER OF HTC LICENSE AND (B) HTC'S RESPONSE TO APPLE'S MOTION TO SEAL** |

Samsung filed a motion to seal its Proffer of Apple's Patent License and Settlement Agreement with HTC and Testimony Regarding This License, *see* ECF No. 2573 ("Samsung's Proffer") and Exhibit 1 to the Declaration of Carl G. Anderson in Support of Samsung's Proffer, *see* ECF No. 2573-4 ("Anderson Decl."). Apple filed a declaration in support of sealing portions of these documents and proposing certain redactions. *See* ECF No. 2594. HTC filed a response in support of Apple's proposed redactions and proposing additional redactions. *See* ECF No. 2602.

In addition, Apple filed a motion to seal portions of its Motion to Strike Portions of Michael Wagner's August 26, 2013 Rebuttal Report and accompanying exhibits. *See* ECF 2382. This Court granted that motion on October 22, 2013. *See* ECF 2575. Only after this Court granted Apple's motion to seal did HTC file a response to that motion, well after the four-day time limit for responding to a motion to seal set by Local Rule 79-5(e)(1). *See* ECF 2639. In its late-filed response, HTC requests additional redactions to Michael Wagner's August 26, 2013 Rebuttal Report ("Wagner's Rebuttal Report"). HTC's failure to file a timely response to Apple's motion to seal may have been due to Apple's failure to serve HTC with a copy of its motion, as required by LR 79-5(e). *See* ECF No. 2384 (Apple's certificate of service listing only Samsung). For that reason, the Court concludes that considering HTC's response is justified. The parties are reminded of the need to notify promptly any third parties whose confidential information may be implicated by a motion to seal and of the risks in failing to do so. *See*, *e.g.*, LR 79-5(f).

HTC requests to redact portions of Samsung's Proffer and Wagner's Rebuttal Report that discuss certain terms of Apple's Patent License and Settlement Agreement with HTC (the "HTC Agreement") that are already part of the public record. *See* ECF No. 2182-5 Articles 1.13, 2.1, and 4.2(a) (redacted version of the HTC Agreement). HTC has not suggested that the Court should revisit the scope of the prior redactions and has not provided any other basis for redacting this information other than its consistency with the prior redactions. Thus, HTC's request as to this information is denied.

The remaining requested redactions refer to information the Court previously allowed to be filed under seal in the context of Apple's motion for a permanent injunction. *See* ECF No. 2192. The same rationale for sealing applies here and is consistent with the Federal Circuit's

ORDER GRANTING-IN-PART & DENYING-IN-PART SAMSUNG'S MOT. TO SEAL
RE PROFFER OF HTC LICENSE & HTC RESPONSE TO APPLE MOT. TO SEAL
Case No. 11-CV-01846-LHK (PSG)

2

recent sealing decision in *Apple, Inc. v. Samsung Electronics Co.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013). Accordingly, the Court approves Apple's and HTC's remaining redactions.

To assist the parties, the Court provides the following chart listing the sealable portions of the documents at issue:

| Document | Sealable Portion |
|---|---|
| Samsung's Proffer, *see* ECF No. 2573-2 | Apple's proposed redactions at 1:13-19, n.1. <br><br> HTC's proposed redaction at 1:10-11 starting with "and." <br><br> HTC's proposed redaction at 1:22. |
| Exhibit 1 to the Anderson Decl., *see* ECF No. 2573-4 | Apple's proposed redactions at 908:8-10, 911:3-4, 917:7-21. |
| Wagner's Rebuttal Report, *see* ECF No. 2382-4 | All portions allowed sealed pursuant to ECF No. 2575. <br><br> HTC's proposed redactions except the first proposed redaction to ¶ 346. |

Finally, HTC has asked the Court to direct the parties to provide HTC 24 hours' notice and to take additional measures to protect HTC's confidential information in the event either party seeks to introduce the HTC Agreement or provide testimony about its terms in the upcoming trial. The Court has conditionally granted Apple's motion to exclude the HTC Agreement and related testimony. *See* ECF No. 2667. The Court therefore denies HTC's request as moot.

**IT IS SO ORDERED.**

Dated: November 7, 2013

*Lucy H. Koh*
_____
Hon. Lucy H. Koh
United States District Judge

ORDER GRANTING-IN-PART & DENYING-IN-PART SAMSUNG'S MOT. TO SEAL
RE PROFFER OF HTC LICENSE & HTC RESPONSE TO APPLE MOT. TO SEAL
Case No. 11-CV-01846-LHK (PSG)

3