HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK (PSG)<br><br>**APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS TO APPLE'S OPENING SLIDES** |

Apple responds to Samsung's objections to Apple's opening slides as follows:

**Slide 1**. The Macworld video was a *joint exhibit* admitted at the first trial. Apple showed the video at the opening, over the identical objection to presenting Steve Jobs that Samsung asserts again now. (Dkt. No. 1455 at 1; Dkt. No. 1546 at 23:3-24:9.) The video demonstrates the iPhone, which is a product at issue for which Apple must show demand. It demonstrates the bounce feature of the '381 patent at issue, for which Apple also must show demand The video itself demonstrates demand for the iPhone. The picture in Slide 1 also demonstrates the D'677 patent—which names Steve Jobs as a co-inventor—at issue in the trial. This Court has indicated that Apple can tell the story of its development and investment. (Dkt. No. 2535 at 38:2-39:8.)

**Slide 2.** This identical slide showing a New York Times article was shown at the first trial, over Samsung's objections. (Dkt. No. 1455 at 1-2.) The heading is not argumentative, it is what Apple intends to prove. Indeed, despite asserting multiple objections to this slide in the first slide, Samsung did not object that the heading was argumentative. (Dkt. No. 1440 at 1-2.) Apple has identified sponsors of this exhibit, PX133, other than Julie Davis. (Dkt. No. 2486-4 at 6.) As a result, Samsung's remaining objections about whether the document was disclosed in Mr. Musika's reports are irrelevant. The slides are relevant to demand for the patented product, and value of particular patented features.

**Slide 3**. This identical slide showing the Time Magazine cover was admitted over Samsung' objection at the first trial, including the same objection to presenting Steve Jobs that Samsung asserts again now. (Dkt. No. 1440 at 1-2.) It shows demand for the iPhone and the D'677 and D'305 patents. The objections regarding non-disclosure in Musika's reports are again irrelevant, as Apple has identified sponsors for PX135 other than Ms. Davis. (Dkt. No. 2486-4 at 6.) The slides are relevant to demand for the patented product, and value of particular patented features.

**Slide 4.** This slide regarding the PTO exhibition was admitted over Samsung's objection at the first trial, including the same Steve Jobs objection. (Dkt. No. 1440 at 1-2; Dkt. No. 1546 at 23:3-24:9.) The objections regarding non-disclosure in Musika's reports are irrelevant, as Apple has identified sponsors for PX142 other than Ms. Davis. (Dkt. No. 2486-4 at 6.) The slides are

relevant to demand for the patented product, and value of particular patented features.

**Slide 5**. This exact slide was presented at the first trial. It is from a joint exhibit admitted at the first trial, JX1091, the MacWorld video. (Dkt. No. 1455 at 1.) The Court overruled Samsung's identical Steve Jobs objection at the first trial. The title is not argumentative, and Samsung did not object that it was at the first trial. The slide is relevant to the value of the patented features.

**Slide 11**. This portion of the parties' joint exhibit, JX1091, demonstrates the bounce feature of the '381 patent. The demonstration of this feature at the iPhone launch shows this feature's importance. The crowd's reaction to this specific feature demonstrates the value of the patent and the demand for it.

**Slide 17.** Samsung objected to numerous slides at the first trial on this same ground that Apple manipulated images of the phones at issue to make Samsung's products look like they are the same size as the iPhone. (Dkt. No. 1440 at 5.) The Court overruled them all. (Dkt. No. 1455 at 4.) Slide 17 is based on a slide presented at the first trial (Slide 47), with the substitution of the Infuse 4G, a product at issue in the new trial, for the Fascinate. Moreover, as a general rule, size does not matter with design patents. (Dkt. No. 1611 at 1013:3-15.) And the D'677 itself says: "The electronic device is not limited to the scale shown herein." (JX1043.2.) Moreover, the jury will be instructed that the Infuse 4G infringes the D'677 patent.

**Slide 19.** Samsung asserts the same manipulated-images objection that the Court overruled in the first trial. Slide 19 is based on a slide presented at the first trial (Slide 49), with the substitution of the Infuse 4G, a product at issue in the new trial, for the Galaxy S (i9000). The Infuse 4G is an infringing product.

**Slide 20**. How can accurate pictures of phones be misleading? Samsung complains that Apple chose to present some phones and not others, but so long as the pictures are accurate—and Samsung does not contend they are not—Apple may choose the phones to depict. PX3 is an admitted exhibit and is on Apple's exhibit list; whether the physical phones in the picture are also on its exhibit list is irrelevant.

**Slide 21.** PX3 is an admitted exhibit. Samsung has no claim of factual inaccuracy.

**Slide 23**. Samsung's same objections regarding supposed manipulated images were overruled at the first trial. (Dkt. No. 1455 at 4.)

**Slide 24.** This is identical to slide to Slide 20. Samsung's objection should be overruled for the reasons presented as to Slide 20.

**Slide 25.** This slide is identical to Slide 21. Samsung's objection should be overruled for the reasons presented as to Slide 21.

**Slide 26.** This is the identical slide to Slide 23. Samsung's objection should be overruled for the reasons presented as to Slide 20.

**Slides 33.** Slide 33 is a subset of Slide 35, which summarizes Apple's total damages. The slides incorporate no new opinions, methods or information not in the Expert Report of Julie Davis. All the numbers are taken from the report or are basic arithmetic combinations among the products and periods disclosed in Ms. Davis's report and exhibits. The damages totals are taken from Exhibit 17.1-PT-J.[1] The 359,814 number for lost profit units merely combines the "Total Units Eligible for Lost Profits" for smartphones (316,989) and tablets (42,825) from Exhibit 17.2-PT-J, "Apple's Lost Profits Summary."

The total number of infringing units (10,761,241) is the sum of the infringing smartphone and tablet units, found in Exhibit 17.2-PT-J and also in Exhibits 37.1 and 38.1 (which are titled "STA and SEA U.S. Sales of Infringing Smartphones [or Tablets]" respectively). Consistent with the Court's orders, it excludes units sold before August 4, 2010, when Apple gave notice of the '381 Patent, and sales of Transform before April 15, 2011 (because the Transform alone among the new trial products does not infringe the '381 Patent). This excludes 679,916 units. The 10.8 million unit total also appears on Slide 28, to which Samsung does not object.

Samsung's profits units are taken from Exhibit 37.1, which shows the infringing smartphones by month, including the seven smartphones that infringe at least one design patent (Captivate, Continuum, Droid Charge, Epic 4G, Gem, Indulge and Infuse 4G, as listed in Exhibit 4-PT). The 2,412,271 units are the sum of (a) all Infuse 4G sales after April 15, 2011 (notice date

---

[1] These calculations assume that design around efforts began on the date of first infringement, consistent with the Court's order.

1   for the D'677 Patent) minus the units already included in the lost profit calculation; and (b) all
2   units of the six remaining smartphones that infringe the D'305 Patent after June 15, 2011 (the
3   notice date for that patent). The amount is also available in Exhibit 17.7, located in the Access
4   database that was produced on June 27, 2012 consistent with the parties' agreement on the
5   production of electronic files used to prepare the expert reports. Reasonable royalty units reflect
6   the remainder by subtraction. The Average Per Unit amount is the Total divided by Infringing
7   Units.

8   Samsung objects that slides 33 and 35 contain damages amounts not previously disclosed.
9   Samsung's claim that it has lacked access to the figures above is not accurate. Slides 33 and 35
10  summarize more specific items (such as smartphones plus tablets and the sum of entries for two
11  or more products or periods). The numbers are consistent with and taken from the disclosures in
12  Ms. Davis' report and will be supported by her testimony at trial.

13  Samsung separately objects that the slide is irrelevant and more prejudicial than probative
14  under FRE 402 and 403. Little could be more relevant than a summary of the damages opinions
15  of Apple's damages expert, and plainly Ms. Davis's opinions cannot be excluded as more
16  prejudicial than probative in a damages only trial.

17  **Slide 34**. This slide accurately states the law in a summary fashion. The Court will
18  instruct the jury.

19  **Slide 35** is discussed above with Slide 33.

20  **Slides 36-42**. Samsung objects to Apple's use of PX36, the GravityTank "Touch
21  Portfolio Rollout Strategy" presentation which was admitted during the first trial over Samsung's
22  objection (Dkt. No. 1612 at 1525:12-1526:7) and used in Apple's opening statement (Apple's
23  2012 Opening Statement slide 19.) Evidence of demand for the iPhone—found in a Samsung
24  document summarizing a Samsung commissioned survey—is highly probative evidence
25  supporting Apple's claim for lost profits. As the Court has recognized, to satisfy Panduit factor 1
26  "demand for the patented product is what Apple would have to show. It's only Panduit factor 2
27  that limits the evidentiary burden to demand for the patented features." (Dkt. No. 2650 at 18:15-
28  19:3.) For this reason alone Samsung's objection must be overruled. Even if slides 36-41 were

1  not relevant to demand for the product—which they are—they would be admissible under the rule
2  of completeness in light of the direct reference to patented features on slide 42, *infra*. The Court
3  addressed this very issue at the October 10, 2013 hearing: "If the document actually is discussing
4  a patented feature that is part of this trial, which is true of some of the pages of those side-by-side
5  comparisons, then . . . for completeness that whole side-by-side comparison comes in." (Dkt. No.
6  2535 at 25:20-25; *see also id.* at 26:23-27:4.)

7  Samsung separately objects to slide 42 as not portraying accused functionality. But this
8  argument is demonstrably false. Slide 42 directly addresses features at issue in this case. For
9  example, this exhibit refers to the features of Apple's '915 patent ("Gestures like the two-fingered
10 pinch and flick"; "With the multi-touch function you can zoom in and zoom out") and '381 patent
11 ("Lists bounce"). Samsung's objections to the GravityTank presentation (slides 36-42) should be
12 overruled.

13 **Slides 43-44**. These slides reference PX44, an internal Samsung presentation that details
14 an extensive effort to use Apple's iPhone as the basis for Samsung's "improvement[s]." The
15 Court has already overruled precisely this objection to this exact page during last trial's opening
16 statement briefing. (See Dkt. No. 1455 at 3 (referencing first trial slide 67 and holding that this
17 portion of PX44 is relevant to the '163 patent).) Slide 44 is highly probative of the importance
18 and value of Apple's patented '163 feature. In the document, Samsung noted that "[w]hen
19 another point [on the iPhone] is double tapped after zooming in, [it] moves to the different portion
20 and zooms in." (PX44 at 58; Slide 44.) Because Samsung's zoom feature only "zoom[ed] out to
21 the original screen," the document recommended that the "Double Tap zoom in/out function
22 need[ed] to be supplemented." (*Id.*) This description exactly tracks the '163 patent. As such,
23 PX44 is relevant to show demand and value for the '163 patent on all of Samsung's devices found
24 to infringe that patent. As Samsung conceded at the October 17 pretrial hearing, "[w]hen you
25 have a document which actually goes to the patented feature, you know, then you're higher up on
26 the scale of relevance because we're talking about Panduit factor 2." (Dkt. No. 2562 at 54:15-
27 18.) Indeed, PX44 is the opposite of the "very, very generic" references to demand that the Court
28 noted could be less probative. (*Id.* at 61:23-24.) Samsung's objection to slides 43-44 should be

overruled as they are highly probative evidence addressing the exact feature at issue in the '163 patent.

**Slides 45-46: Behold3 Usability Evaluation Results.** These slides reference PX46, which relates to the '381 patent's "bounce" feature. Slide 46 compares the iPhone—which embodies the '381 invention—to Samsung's implementation of scrolling in a browser. The document's "Direction of Improvement" was to implement a visual effect when scrolling similar to the iPhone's. Apple cited this same page during its opening last year (Dkt. No. 1547 at 332:19-333:8), and the exhibit was admitted at trial (Dkt. No. 1695 at 1757:22-1758:12.) As with slides 43 and 44, these slides directly implicate a patented feature and are highly probative of both value and demand for that feature.

Dated: November 8, 2013    MORRISON & FOERSTER LLP

                           By:  /s/ Harold J. McElhinny
                                HAROLD J. MCELHINNY

                                Attorneys for Plaintiff
                                APPLE INC.