| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| ERIK J. OLSON (CA SBN 175815) | Telephone: (617) 526-6000 |
| ejolson@mofo.com | Facsimile: (617) 526-5000 |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | MARK D. SELWYN (SBN 244180) |
| San Francisco, California  94105-2482 | mark.selwyn@wilmerhale.com |
| Telephone:  (415) 268-7000 | WILMER CUTLER PICKERING |
| Facsimile:  (415) 268-7522 | HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| Attorneys for Plaintiff and | Telephone: (650) 858-6000 |
| Counterclaim-Defendant APPLE INC. | Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.     11-cv-01846-LHK (PSG) |
| Plaintiff, | **APPLE'S OBJECTIONS TO SAMSUNG'S OPENING SLIDES** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

APPLE'S OBJECTIONS TO SAMSUNG'S OPENING SLIDES
Case No. 11-CV-01846-LHK (PSG)
sf-3352671

Samsung has only one hour for its opening.  Yet, Samsung served Apple with *175* slides, in apparently random order.  It is not possible to cover 175 slides in one hour.  Given the large number of slides that Samsung provided, Apple has a large number of objections.  To make it easier for the Court, Apple has grouped the slides by topic wherever possible.

**Excluded 5% Allocation Theory**

**Slides 13, 39, 80.**  The Court has twice prohibited Mr. Wagner from presenting a theory that purports to apportion the percentage of a smartphone's value that is attributable to physical design, based on a J.D. Power Smartphone Study.  (Dkt. No. 1157 at 9-10 (excluding Mr. Wagner's apportionment analysis with respect to Apple's design patent and trade dress claims under FRE 403 and 702 and under *Daubert*); *see also* Dkt. No. 2382-4 (exhibit filed with Apple's motion to strike 2013 Wagner Rpt. ¶¶ 576, 581-583, which relied on same theory); Dkt. No. 2575 at 13:21-14:7 (granting motion to strike).)  Despite the Court's prior orders, Samsung has once again indicated its intent to present that excluded theory by serving several slides presenting the J.D. Power data on which Mr. Wagner relied, including a slide that explicitly showed Mr. Wagner's 5% apportionment calculation (Slide 174).  Although Samsung withdrew Slide 174 after Apple stated its objection, Samsung still intends to present the slides that form the basis for that excluded opinion.  There is no reason to present that data except in aid of that excluded theory, and Slides 13, 39 and 80 should be excluded.

**Misleading Videos re Galaxy Tab 7.0**

**Slides 21, 123.**  Both of these slides are titled "Apple's '381 Patent" and contain a video of the Galaxy Tab 7.0 with a version of Android (v2.2) that appears to not have a bounce-back function.  On Slide 123, the video is presented next to a video of the infringing Continuum product, which does have a bounce-back function.  Presumably, these slides are designed to demonstrate that the Tab is a non-infringing alternative.  This is misleading, because the jury has found that the Tab *does* infringe on the '381 Patent, as well as the '915 and '163 Patents.  Thus, the Tab cannot be a non-infringing alternative.  The slides should be excluded.

**Slides Regarding Prior Art/Invalidity**

**Slides 23, 99, 163, 167.**  When the Court denied, without prejudice, Apple's motion *in*

1  *limine* to preclude references to prior art, it specifically noted that Samsung would not be
2  permitted to turn this damages retrial into an invalidity case.  Slides 29, 99, 163, and 167 include
3  references to prior art devices that can only be used to challenge the validity of the patents-in-suit.
4  The unfair prejudice to Apple from these references substantially outweighs any minimal
5  probative value these slides could have for the damages issues involved in the new trial.
6  Samsung should not be permitted to try to influence the amount of damages that the jury awards
7  by introducing evidence suggesting that Apple's patents are invalid.  Moreover, Samsung
8  represented to the Court that it only intended to use such alleged prior art "to rebut any suggestion
9  by Apple that the patents at issue in the new trial are broader or more inventive than they are."
10 (Dkt. No. 2468 at 1:8-9.)  But Apple has not made any such suggestion regarding the scope of the
11 new trial patents.  Samsung has not objected to a single of Apple's slides on the ground that it
12 seeks to expand the scope of new trial patents.  Accordingly, the Court should exclude Slides 23,
13 99, 163, and 167.

14 **Evidence of Previously Excluded Independent Development Theory:**

15 **Slides 34, 41, 53, 61, 70, 93, 105, 115:**  Apple objects to Samsung's reference to Exhibit
16 566, which describes the development of the F700 and refers to the "IReen Interaction Design."
17 Samsung has not included Exhibit 566 on its exhibit list for the damages retrial (Dkt. No. 2486-5
18 at 5) and instead identified it as an exhibit "not intended to be used at trial" (Dkt. No. 2486-5 at
19 23).  The Court previously excluded Samsung's invalidity expert's opinions concerning the
20 subject matter of Exhibit 566 (F700 development) from the first trial due to Samsung's untimely
21 disclosure.  (Dkt. No. 1144 at 5 (¶ 14); *see also* Dkt. No. 1443-1 at 15:1-16:2.)  The Court also
22 sustained Apple's objections to Samsung's opening demonstratives based on Exhibit 566 at the
23 first trial—including several demonstratives that are nearly identical to those that Samsung again
24 proposes.  (Dkt. No. 1456 at 2 (sustaining Apple's objections to Samsung's proposed slides 16-
25 19); *see also* Dkt. No. 1463 at 3 (motion for reconsideration stating that proposed slides 16-18 are
26 included in Ex. 566); Dkt. No. 1510 at 2 (denying motion for reconsideration).)

27 **Slides 52, 105:**  Apple objects to Samsung's reference to Exhibit 625, which describes the
28 development of the F700 and refers to the "Master Popular Communication Piece."  Samsung has

1  not included Exhibit 625 on its exhibit list for the damages retrial (Dkt. No. 2486-5 at 5-6) and

2  instead identified it as an exhibit "not intended to be used at trial" (Dkt. No. 2486-5 at 23-24).

3  The Court previously excluded Samsung's invalidity expert's opinions concerning the subject

4  matter of Exhibit 625 (F700 development) from the first trial. (Dkt. No. 1144 at 5 (¶ 14); *see also*

5  Dkt. No. 1443-1 at 15:1-16:2.) The Court also sustained Apple's objections to Samsung's

6  opening demonstratives based on Exhibit 625 at the first trial—including a nearly identical

7  demonstrative (proposed first trial slide 15). (Dkt. No. 1456 at 2 (sustaining Apple's objections

8  to Samsung's proposed slide 15); *see also* Dkt. No. 1463 at 3 (motion for reconsideration stating

9  that proposed slides 12-15 were based on Exhibits 522 and 625); Dkt. No. 1510 at 2 (denying

10 motion for reconsideration).)

11 **Slides 63, 105, 134, 161:** Apple objects to Samsung's reference to Exhibit 522, which

12 describes the development of the F700 and refers to "MPCP Project 2006." Samsung has not

13 included Exhibit 522 on its exhibit list for the damages retrial (Dkt. No. 2486-5 at 3) and instead

14 identified it as an exhibit "not intended to be used at trial" (Dkt. No. 2486-5 at 22). The Court

15 previously excluded Samsung's invalidity expert's opinions concerning the subject matter of

16 Exhibit 522 (F700 development) from the first trial. (Dkt. No. 1144 at 5 (¶ 14); *see also* Dkt. No.

17 1443-1 at 15:1-16:2.) The Court also sustained Apple's objections to Samsung's opening

18 demonstratives based on Exhibit 522 at the first trial—including nearly identical demonstratives

19 (proposed first trial slides 12-14). (Dkt. No. 1456 at 2 (sustaining Apple's objections to

20 Samsung's proposed slides 12-14); *see also* Dkt. No. 1463 at 3 (motion for reconsideration

21 stating that proposed slides 12-15 were based on Exhibits 522 and 625); Dkt. No. 1510 at 2

22 (denying motion for reconsideration).)

23 **Slide 160:** Apple objects to Samsung's reference to Exhibit 596, which describes the

24 development of the F700 and refers to the "Master Popular Communication Piece." Samsung has

25 not included Exhibit 596 on its exhibit list for the damages retrial (Dkt. No. 2486-5 at 6) and

26 instead identified it as an exhibit "not intended to be used at trial" (Dkt. No. 2486-5 at 23). The

27 Court previously excluded Samsung's invalidity expert's opinions concerning the subject matter

28 of Exhibit 596 (F700 development) from the first trial. (Dkt. No. 1144 at 5 (¶ 12); *see also* Dkt.

1  No. 1443-1 at 15:1-16:2.)  The Court also sustained Apple's objections to Samsung's opening

2  demonstratives based on Exhibit 596 at the first trial—including a nearly identical demonstrative

3  (proposed first trial slide 11).  (Dkt. No. 1456 at 2 (sustaining Apple's objections to Samsung's

4  proposed slide 11); *see also* Dkt. No. 1463 at 4 (motion for reconsideration stating that proposed

5  slide 11 was supported by Exhibit 596); Dkt. No. 1510 at 2 (denying motion for reconsideration).)

6  **Slide 163:**  Apple objects to Samsung's reference to the KR'985 patent application, which

7  purportedly relates to the F700.  The Court previously granted Apple's motion *in limine* to

8  exclude the KR'985 as evidence of invalidity because it is not prior art.  (Dkt. No. 1267 at 3.)

9  Nor did Samsung timely disclose an independent development theory relating to the KR'985 any

10  more than it did the F700 product on which it is allegedly based.  The Court previously precluded

11  Samsung's witness from testifying about the KR'985 as evidence of independent derivation or to

12  rebut any allegation of copying (Dkt. No. 1690 at 9) and should do so again.

13  **Exhibits Not On Either Party's Exhibit List**

14  **Slides 34, 41, 52, 53, 61, 63, 160:**  As discussed above, these slides reference and quote

15  exhibits not found on either party's exhibit list and should be struck for that independent reason.

16  (*See* Dkt. Nos. 2486-4 (Apple's Exhibit List) & 2486-5 (Samsung's Exhibit List).)

17  **Slide 71:**  This slide references PX66 ("Video of Samsung infringement of '915 patent").

18  Neither party's new trial exhibit list includes this exhibit.

19  **Excluded Design-Arounds:**

20  **Slide 38:**  Apple objects to this video, which shows the purported "orange glow" design-

21  around for the '381 patent.  The Court has previously excluded all actual design-arounds for the

22  '381 patent as untimely disclosed.  (Dkt. No. 898 at 9 (precluding Samsung from offering any

23  evidence of its design-around efforts for the '381 patent); Dkt. No. 1106 at 3-4 (affirming prior

24  ruling); Dkt. No. 1545 at 3-5 (denying motion for relief).)

25  **Misleading Videos Regarding Patents/Prior Art**

26  **Slides 48, 86, 122, 168:**  Slides 48, 86, and 122 refer to the patents-in-suit and combine

27  illustrations from those patents with an animated finger purporting to demonstrate how a user

28  would use the functions described in the patent.  But the animated finger is not a part of these

1   patents. Thus, the slides unfairly represent the patent disclosure. Similarly, Slide 168 is titled,
2   "Microsoft Device" and includes an animated finger. The image depicted on Slide 168 is *not* a
3   Microsoft device, however. As the citation at the bottom of the slide makes clear, the image is an
4   illustration from the '632 Patent. Moreover, the animated finger is not part of the patent. Thus,
5   the slide unfairly represents the patent disclosure. In addition, the '632 Patent can only be
6   relevant to validity, which is not at issue in this retrial. The Court should exclude Slides 48, 86,
7   122, and 168.

8   **Slides 76, 119:  Improper argument of law.**  Samsung misstates the law relating to lost
9   profits, misleadingly importing elements relating to complexity and customer spending. As the
10  Court's final jury instructions from the first trial stated, "[t]o recover lost profits for infringing
11  sales, Apple must show that but for the infringement, there is a reasonable probability that it
12  would have made sales that [Samsung] made of the infringing products." (Dkt. No. 1901 at 50.)
13  Samsung's misstatements are an improper recitation of the law of "but for" causation and will
14  confuse the jury as to the correct legal standard. They should be excluded.

15  In addition, Slide 119 improperly lists only the '915 patent as eligible for lost profits,
16  when Apple has claimed lost profits also on the '381 and '163 patents. Samsung has not filed a
17  summary judgment motion on availability of lost profits and the jury is not foreclosed from
18  awarding lost profits on any sale of phones that Apple would have made but for Samsung's
19  infringement of the '381 and '163 patents. Slide 119 also improperly lists only the '381 and '163
20  patents as relevant to reasonable royalty damages, when the jury may also award such damages
21  for products that infringe the '915. Finally, this slide refers to reasonable royalty as a "catch-all"
22  which is not legally correct and may confuse the jury.

23  **Slide 96:  Improper citation of legal authority.**  Samsung quotes a proposed final jury
24  instruction (slide 96), which the Court has yet to rule on and that is subject to revision. At the
25  first trial, the Court sustained Apple's objection to slides quoting legal authority. The Court
26  excluded those slides, holding that they were "more appropriate for the closing argument." (Dkt.
27  No. 1456 at 2 (slides 48-49).) Such is the case here.

28

APPLE'S RESPONSE TO OBJECTIONS RE OPENING SLIDES
Case No. 11-CV-01846-LHK (PSG)
sf-3352671

5

**Untimely Disclosed Non-Infringing Alternatives:**

**Slide 69, 165:** Apple objects to Samsung's reference to the Galaxy Ace phone, which is not the subject of the retrial, as a non-infringing alternative to the '915 and/or D'677 patents. The Court has ruled that it "will exclude the 2012 jury's noninfringement verdict with respect to the Galaxy Ace" under FRE 403 because "the probative value of the 2012 jury's noninfringement verdict as to [this phone] is relatively low" and it would confuse or mislead the jury, introduce cumulative evidence, and waste time if Samsung were to rely on the Galaxy Ace as a non-infringing alternative to Apple's '915 and D'677 patents. (Dkt. No. 2657 at 14.)

Dated: November 8, 2013          MORRISON & FOERSTER LLP


                                 By: */s/ Harold J. McElhinny*
                                     HAROLD J. MCELHINNY

                                     Attorneys for Plaintiff
                                     APPLE INC.