1   HAROLD J. MCELHINNY (CA SBN 66781)          WILLIAM F. LEE
    hmcelhinny@mofo.com                          william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)            WILMER CUTLER PICKERING
    mjacobs@mofo.com                             HALE AND DORR LLP
3   RACHEL KREVANS (CA SBN 116421)               60 State Street
    rkrevans@mofo.com                            Boston, MA 02109
4   ERIK J. OLSON (CA SBN 175815)                Telephone: (617) 526-6000
    ejolson@mofo.com                             Facsimile: (617) 526-5000
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California  94105-2482        MARK D. SELWYN (SBN 244180)
    Telephone:  (415) 268-7000                   mark.selwyn@wilmerhale.com
7   Facsimile:  (415) 268-7522                   WILMER CUTLER PICKERING
                                                 HALE AND DORR LLP
8                                                950 Page Mill Road
                                                 Palo Alto, California 94304
9   Attorneys for Plaintiff and                  Telephone: (650) 858-6000
    Counterclaim-Defendant APPLE INC.            Facsimile: (650) 858-6100

10

11                       UNITED STATES DISTRICT COURT

12                     NORTHERN DISTRICT OF CALIFORNIA

13                             SAN JOSE DIVISION

14

15  APPLE INC., a California corporation,        Case No. 11-cv-01846-LHK (PSG)

16              Plaintiff,

17       v.                                      **DECLARATION OF MARK D.
                                                 SELWYN IN SUPPORT OF
18  SAMSUNG ELECTRONICS CO., LTD., a             SAMSUNG'S ADMINISTRATIVE
    Korean corporation; SAMSUNG                  MOTION TO FILE DOCUMENTS
    ELECTRONICS AMERICA, INC., a New             UNDER SEAL**
19  York corporation; and SAMSUNG
    TELECOMMUNICATIONS AMERICA,
20  LLC, a Delaware limited liability company,

21              Defendants.

22

23

24

25

26

27

28

1    I, Mark D. Selwyn, hereby declare as follows:

2    1.    I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP,

3    counsel for Apple Inc. ("Apple") in the above-referenced litigation.  I am licensed to practice law

4    in the State of California, the Commonwealth of Massachusetts, and the State of New York, and

5    am admitted to practice before the U.S. District Court for the Northern District of California.  I

6    am familiar with the facts set forth herein, and, if called as a witness, I could and would testify

7    competently to those facts under oath.

8    2.    Samsung has filed an Administrative Motion to File Documents Under Seal (Dkt.

9    No. 2633) in connection with Samsung's Reply in Support of its Motion for Leave to Take

10   Discovery ("Samsung's Reply").

11   3.    The portion redacted by Samsung on page 3 of Samsung's Reply contains or

12   discusses estimates of the payment terms of Apple's licenses in published sources.  In the context

13   of the discussion in which these references to published sources appear, inferences might be

14   drawn regarding the actual payment terms of Apple's licenses.  The Court has previously allowed

15   Apple to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" of license

16   agreements because such information falls within the definition of "trade secrets."  *See, e.g.,*

17   *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (Aug. 9, 2012 N.D.

18   Cal.) (Dkt. No. 1649 at 10-11) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir.

19   2008)).  As the Court previously noted, disclosure of such information "could result in significant

20   competitive harm to the licensing parties as it would provide insight into the structure of their

21   licensing deals, forcing them into an uneven bargaining position in future negotiations."  *Id.* at 16.

22   Further, since these documents were filed in connection with a non-dispositive motion, the lesser

23   "good cause" standard applies.  *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 2012-1600 at 11-

24   12 (Fed. Cir. Aug. 23, 2013) ("the public has less of a need for access to court records attached

25   only to non-dispositive motions because those documents are often unrelated, or only tangentially

26   related, to the underlying cause of action") (citing *Kamakana v. City & Cnty. of Honolulu*, 447

27   F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks omitted)).

28

Declaration of Mark D. Selwyn in Support of Samsung's
Administrative Motion to File Documents Under Seal
Case No. 11-cv-01846-LHK (PSG)

1    4.    The relief requested by Apple is necessary and narrowly tailored to protect its

2    confidential business information.

3    I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th

4    day of November, 2013 at Palo Alto, California.

5                                          /s/ Mark D. Selwyn
                                           Mark D. Selwyn
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of Mark D. Selwyn in Support of Samsung's
Administrative Motion to File Documents Under Seal
Case No. 11-cv-01846-LHK (PSG)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served on November 8, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

*/s/* Mark D. Selwyn
Mark D. Selwyn