UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation, ) | Case No.: 5:11-cv-01846 LHK (PSG) |
| ) | |
| Plaintiff, ) | **ORDER TO SHOW CAUSE WHY** |
| v. ) | **SANCTIONS ARE NOT** |
| ) | **WARRANTED** |
| SAMSUNG ELECTRONICS CO., LTD., a ) | |
| Korean corporation; SAMSUNG ) | **(Re: Docket Nos. 2610, 2622, 2624, 2633)** |
| ELECTRONICS AMERICA, INC., a New York ) | |
| corporation; and SAMSUNG ) | |
| TELECOMMUNICATIONS AMERICA, LLC, ) | |
| a Delaware limited liability company, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Confronted with the serious charge that Samsung Electronics Co., Ltd., et al. ("Samsung") and their attorneys violated this court's protective order, perhaps hundreds of times, the undersigned undertook an in camera review of boxes upon boxes of Samsung's documents. This in camera review was necessary because Samsung raised the equally serious charge that the attorney-client privilege and work-product protections applicable to these documents would otherwise be

1
Case No.: 5:11-cv-01846 LHK
ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT WARRANTED

breached without cause. Having finally crawled out from under the boxes, it appears to the undersigned that if anything was breached, it was this court's protective order, and that sanctions against Samsung and its attorneys are warranted.

Before turning to the underlying facts revealed by the review, a recap of recent procedural events in this matter is appropriate:

- July 1, 2013: Nokia Corporation ("Nokia") filed a motion for a protective order in the "12-0630" case to prevent further disclosure of the terms of its confidential license terms with Apple Inc. ("Apple")which had been produced in discovery.[1]

- August 23, 2013: Apple filed a motion to compel further discovery and for sanctions against Samsung and its counsel for violations of this court's protective order in this case.[2]

- September 21, 2013: Nokia joined Apple's motion for sanctions and further discovery.[3]

- October 1, 2013: The parties appeared for oral argument before the court on the motion for sanctions and further discovery.

- October 2, 2013: The undersigned issued an order authorizing further discovery into Samsung's alleged violations of the protective order and entering a stipulation for further discovery agreed to by Nokia and Samsung, but reserving for a later time the question of sanctions.[4]

- October 15, 2013: The presiding judge affirmed the October 2, 2013 order, noting that the "lack of information after three months [was] inexcusable, and necessitate[d] Court-supervised discovery."[5]

- October 22, 2013: The parties appeared for further oral argument on the motion for sanctions. Based on the evidence and arguments before it, the court ordered Samsung to produce "immediately" for in camera review all documents over which it asserted privilege or claimed work product protections.[6]

---

[1] *See id.* Pursuant to a stipulation between the parties, this motion was later withdrawn.

[2] *See* Docket No. 2374.

[3] *See* Docket No. 2434.

[4] *See* Docket No. 2483.

[5] Docket No. 2538 at 9.

[6] *See* Docket No. 2587.

2
Case No.: 5:11-cv-01846 LHK
ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT WARRANTED

- October 24, 2013: The court issued an order setting forth a specific schedule for Samsung's production of the documents requested.[7]

- October 29, 2013: Samsung filed a motion for leave to take discovery regarding the details of the June 4, 2013 meeting and the degree to which Apple and Nokia kept the terms of their license agreement confidential.[8]

- November 7, 2013: Samsung completed its in camera submissions.[9]

Even after this exhaustive process, the court still does not have a complete picture of the events giving rise to this procedural flurry. However, from the arguments and evidence submitted, an outline does emerge suggesting sanctions should issue based on the following violations of its protective order:

1. QE's failure to fully redact sensitive business information ("SBI") from the Initial Expert Report of David Teece, resulting in the pervasive distribution of the SBI to Samsung employees who were not authorized to have access to it.[10]

2. Samsung's wrongful use of the disclosed SBI[11] in preparing for:
   a. its negotiations and arbitrations with Ericsson between May 2012[12] and May 2013;[13]
   b. its negotiations with Nokia between March 22, 2012 and June 4, 2013;[14] and

3. QE's failure to follow the procedures set forth in Section 16 of the Protective Order after repeated notice of the disclosure of SBI.[15]

---

[7] See Docket No. 2588.

[8] See Docket No. 2610.

[9] Despite the court's earlier deadlines, Samsung submitted the last of its documents only yesterday.

[10] See Tabs Nos. 215, 255. These tab numbers and those that follow refer to the tabs of the documents submitted by Samsung for in camera review.

[11] The Protective Order provides that information produced in the case "shall be used solely for this case. . . and not for any other purpose whatsoever, including. . . any business or competitive purpose or function." Docket No. 2557, Ex. 2.

[12] See Tab Nos. 261.55, 274.

[13] See Tab Nos. 87, 90.

[14] See Tab Nos. 6, 222; see also Docket No. 2556, Ex. 8; Docket No. 2557, Ex. 2; Docket No. 647 of Case No. 5:12-cv-0630-LHK (PSG).

[15] See Tab Nos. 19, 20, 272.

3
Case No.: 5:11-cv-01846 LHK
ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT WARRANTED

Samsung and its counsel are invited to file a brief by December 2, 2013 to show cause why sanctions should not issue for these violations. Apple and Nokia also may submit a brief by this same date proposing appropriate sanctions.[16] The parties shall address both the legal framework and the evidence relevant to any sanction to be imposed. All briefs may be up to twenty-five pages in length.

In order to fully prepare the briefs, Samsung is authorized to take the following, limited discovery:

- Ten (10) hours *total* of deposition testimony on the following issues:

    o To what extent did Apple keep the terms of its license agreements with Nokia, Ericsson, Phillips, and Siemans confidential?

    o To what extent did Nokia keep the terms of its license agreement with Apple confidential?

    o To what extent did Ericsson keep the terms of its license agreement with Apple confidential?

    o What precisely occurred and was said at the June 4, 2013 meeting?

---

[16] The court appreciates that neither Apple nor Nokia has seen any of the Samsung documents giving rise to this order. Although Samsung asserts privilege and work product protection over the documents listed footnotes 11-16, the court thus far is unpersuaded that the generic statements in the log meet the burden required to claim that protection. Specifically, many if not all of these documents do not appear aimed at or in furtherance of legal counsel, but rather a simple business purpose would have served as cause for the communication. *See United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002) ("The fact that a person is a lawyer does not make all communications with that person privileged"); *United States v. Abrahams*, 905 F.2d 1276, 1283 (9th Cir. 1990); *see also Matter of Fischel*, 557 F.2d 209, 212 (9th Cir. 1977); *see also McCaugherty v. Siffermann*, 132 F.R.D. 234, 238 (N.D. Cal. 1990) ("the court should sustain an assertion of privilege only when there is a clear evidentiary predicate for concluding that each communication in question was made primarily for the purpose of generating legal advice. No privilege can attach to any communication as to which a business purpose would have served as a sufficient cause, i.e., any communication that would have been made because of a business purpose, even if there had been no perceived additional interest in securing legal advice."). By maintaining these seemingly unwarranted claims, Samsung significantly burdens not only Apple and Nokia's ability to address the sanctions issue, but also the undersigned's ability to tell the full tale of what he has seen. However, out of an abundance of caution, the court will provide Samsung with one further opportunity to demonstrate with specificity how each and every one of the above documents fall under the protection of either the attorney-client privilege or the work-product doctrine by submitting a brief on the subject of 15 pages or less by no later than 4:00 p.m. on Friday, November 15.

United States District Court
For the Northern District of California

In addition, Nokia shall immediately produce to Samsung the Power Point presentation it used during the June 4, 2013 negotiation. Counsel for Apple, Nokia, and Ericsson may be present for the entirety of all depositions taken in accordance with this order. The court will not tolerate further efforts to deny outside counsel access to discovery not truly subject to privilege or work product protections. On December 9, at 3:00 p.m., the parties shall appear for a further hearing on the matter.

**IT IS SO ORDERED.**

Dated: November 8, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: 5:11-cv-01846 LHK
ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT WARRANTED