UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>    Plaintiff,<br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER GRANTING APPLE'S MOTION TO STRIKE EXPERT OPINION OF DAMAGES BASED ON A NOTICE PERIOD OTHER THAN THE DATES SET BY THE COURT'S MARCH 1, 2013 ORDER |

In its March 1, 2013 order granting Samsung a new trial on damages, the Court set forth the "correct notice dates" based on Samsung's theory as to when Samsung received notice of Apple's infringement allegations. *Apple, Inc. v. Samsung Elecs. Co.*, 926 F. Supp. 2d 1100, 1114 (2013). Those dates defined the scope of the damages period for the retrial. Subsequently, Samsung's damages expert (Michael Wagner) updated his damages calculation for the retrial, and Apple now moves to strike Wagner's report to the extent it uses alternative damages periods to those previously suggested by Samsung and set by the Court. Michael Wagner's Updated Report at ¶ 181; *see* ECF No. 2381 at 2 (Apple's motion to strike). Because Samsung forfeited reliance on this alternative argument as to the appropriate damages period, and pursuant to Federal Rule of Evidence 403 balancing, Apple's motion is GRANTED.

1

Case No.: 11-CV-01846-LHK
ORDER RE: ALTERNATIVE NOTICE PERIOD

## I. BACKGROUND

Under 35 U.S.C. § 287(a), a patentee that sells a patented article in the United States may not recover damages for periods during which it has failed to provide constructive or actual notice of the infringement to the accused infringer. A patentee may provide constructive notice by marking its product with the patent number or it may provide actual notice by charging the defendant "of infringement of specific patents by a specific product or group of products." *Funai Elec. Co. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010). Because Apple indisputably did not mark its products, this case has focused on Apple's actual notice to Samsung.

In its original complaint, filed April 15, 2011, Apple asserted the '381, '915, and D'677 patents and accused Samsung's Captivate, Continuum, Epic 4G, Indulge, Nexus S, Gem, Transform, and "Galaxy family of phones," as well as Samsung's Galaxy Tablet. ECF No. 1 at ¶¶ 24, 54, 56. In its amended complaint, filed June 16, 2011, Apple added the '163 and D'305 patents and added as accused products the Droid Charge, Exhibit 4G, Galaxy Prevail, Infuse 4G, Nexus S 4G, and Replenish. *See* ECF No. 75 at ¶¶ 28-29, 92. The jury in the 2012 trial found that all of these accused products infringed at least one of the patents in the original complaint.

The jury awarded damages to Apple, but based its damages award on an August 4, 2010 notice date for all the patents-in-suit. *See Apple, Inc. v. Samsung Elecs. Co.,* 926 F. Supp. 2d 1100, 1115 (2013). As evidence of actual notice by that date, Apple relied on a presentation given to Samsung on August 4, 2010, that accused Samsung's Galaxy S phone of infringing the '381 patent, among other patents not at issue in this case. *See id.* at 1113; PX52. Samsung filed a motion for a new trial and remittitur, arguing that Samsung did not have notice of Apple's claims of design-patent infringement until Apple listed the design patents in its complaints. *See* ECF No. 2013 at 25-26.

On March 1, 2013, this Court issued an order agreeing with Samsung that, except for the '381 patent (the patent in Apple's August 2010 presentation), Apple failed to provide actual notice to Samsung of the patents-in-suit until Apple included each patent in its complaints. *See* 926 F. Supp. 2d at 1114 ("Apple cites no evidence whatsoever that any patent-in-suit other than the '381 Patent was specifically identified during the meeting."). Accordingly, the Court concluded that the

1  "correct notice dates" for the infringing products varied based on when Samsung received notice of

2  the patents. *Id.* The Court ordered a new trial to recalculate damages, *see id.* at 1120, and allowed

3  the parties to update their expert reports to set out their new damages calculations only, *see* ECF

4  No. 2316 at 3 (prohibiting the parties from expanding the scope of the new trial by relying on new

5  methodologies or data).[1]

6  In his Updated Rebuttal Expert Report for New Trial on Damages ("Updated Report"),

7  Wagner calculated damages based on the dates in the Court's new trial order, but also revealed that

8  Samsung planned to argue at the new trial that the notice dates should be based on the dates "Apple

9  specifically identified [each accused] *product* in its Complaint or Amended Complaint." Updated

10  Report ¶ 181 (emphasis added). Wagner included an alternative set of calculations based on those

11  later dates but noted that he was "not offering an opinion on the correct notice dates." *Id.* Apple

12  now moves to strike those alternative calculations. *See* ECF No. 2381 at 2.

## II. DISCUSSION

### 1. Samsung Forfeited a Product-Based Notice Theory

Samsung's theory of notice based on Apple's identification of each accused product is new. The Court relied on Samsung's previous arguments directed to Apple's identification of the patents-in-suit to set the damages period for the retrial. Samsung cannot now introduce a new theory of damages to reduce the damages period even further. In complex litigation such as this, the Court must be able to rely on arguments that the parties have made (and those they have not made) to set the scope of future proceedings. "[T]he value of waiver and forfeiture rules . . . ensure that parties can determine when an issue is out of the case, and that litigation remains, to the extent possible, an orderly progression." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 487 (2008). Reexamining the correctness of the notice dates set out in the Court's new trial order would be a step backward. It also would violate the Court's ground rules for the new trial, which prohibit the introduction of new evidence absent exceptional circumstances. *See*, *e.g.*, 2316 at 2-3.

---

[1] Because Apple's damages expert passed away in December 2012, the Court permitted Apple to substitute a new damages expert, but prohibited her from relying on "(1) new sales data . . . (2) new products; and (3) new methodologies or theories." ECF No. 2316 at 3.

3

Case No.: 11-CV-01846-LHK
ORDER RE: ALTERNATIVE NOTICE PERIOD

Throughout this case—during the first trial, during post-trial briefing, and leading up to the retrial—Samsung has framed its arguments as to actual notice under section 287(a) by highlighting the dates Apple notified Samsung of each asserted patent, not the dates Apple accused a particular product.

During the first trial, Samsung focused its notice arguments to the jury only on the patents-in-suit. In its joint pretrial statement, Samsung did not list its notice of the accused products as a disputed fact. *See* ECF No. 1189 at 11-12. Samsung did not object to (and in fact proposed) the jury instructions that tied the latest possible notice date to Apple's identification of the patents-in-suit. *See* ECF Nos. 1821-1 at 16 (Samsung's proposal); 1903 at Instrs. 42 ("Apple's lawsuit provided Samsung such notice for the '381 and '915 patents *no later than* April 15, 2011 . . . .") & 57 ("Apple's lawsuit provided Samsung such notice for the D'677 patent by *no later than* April 15, 2011 . . . .") (emphases added). To the extent Samsung elicited any factual testimony on a product-based notice theory, it counseled against Samsung's current position that Apple's failure to name particular products makes a difference. *See* Tr. at 949-50 (Samsung's chief strategy officer's testimony that the Infuse 4G was "part of the Galaxy family of phones"). Neither Samsung nor Wagner presented a factual basis for the jury to conclude that Apple failed to notify Samsung of the infringement until Apple accused particular products. Although Wagner presented a set of calculations to the jury that proposed different damages based on product-based notice dates for Apple's design patents, he did not explain why or how the jury should apply those calculations. *See* DX781; Trial Tr. at 3033 (proposing numbers only "in case the jury wants to look at that" but conceding that "I have no information as to when actual notice occurred"). Moreover, Wagner nowhere suggested that the "actual notice" standard required Apple to accuse individual products of infringing Apple's utility patents (as opposed to its design patents). Yet now Samsung is arguing that, even for the utility patents, Apple failed to provide notice until it named particular products in its complaints. *See* ECF No. 2529 at 2.

In its post-trial briefs, Samsung did not suggest that Apple's identification of accused products was relevant to the correct notice dates. To the contrary, Samsung repeatedly proposed remittitur based only on the dates Apple asserted each patent. *See* ECF No. 2013 at 25 (proposing

4

"Reductions . . . To Reflect Correct Notice Dates"). In moving for a new trial and for remittitur, Samsung relied on a declaration from Wagner in which he also proposed a reduction to the jury verdict for the "[c]orrect [n]otice [d]ates" based only on the dates Apple asserted the patents-in-suit. ECF No. 1990-20 at ¶ 31 ("Wagner Decl."); *see* ECF No. 1990-22 at 3 (Wagner exhibit making "[a]djustment [f]or [c]orrect [n]otice [d]ates"); *see also* Wagner Decl. ¶ 22 ("I've been asked to assume that the earliest notice Samsung received of the '915 and D'677 patents . . . was Apple's filing of the April 15, 2011 complaint, and that the earliest notice Samsung received of the '163 [and] D'305 . . . patents was Apple's filing of the June 16, 2011 amended complaint."). Neither Samsung nor Wagner suggested the "correct notice dates" were tied to the dates that Apple listed a specific product in its complaint.

In its new trial order, the Court sided with Samsung and adopted almost all of Samsung's proposed dates as the "correct notice dates." 926 F. Supp. 2d at 1114. Although the Court considered Samsung's request for remittitur, the Court concluded that it could not fairly remit a new damages award for certain phones because it lacked sufficient information to prorate the jury award. *Id.* at 1117-20. Instead, the Court ordered an "extremely limited" trial to "correct the erroneous notice dates." ECF No. 2316 at 3; *see* 926 F. Supp. 2d at 1119.

At this late stage, not even Samsung's counsel is prepared to present a product-based notice theory to the Court, much less explain it to the jury. Samsung's inconsistent characterization of one of the accused products, the Infuse 4G, suggests that Samsung has not even settled on its own position. As noted, Samsung's chief strategy officer testified at the first trial that the Infuse 4G was "part of the Galaxy family of phones." Trial Tr. at 949-50. Consistent with that statement, Samsung's counsel plainly told the Court at a pretrial conference that the Infuse 4G is a Galaxy phone. *See* 10/10/13 Hr'g Tr. at 70 ("Court: You're saying Infuse 4G is not part of the Galaxy family of phones? [Samsung's Counsel]: It is part of the Galaxy."). On further briefing a few days later, however, Samsung reversed course, stating that the Infuse 4G was "not part" of the Galaxy family. ECF No. 2529 at 1 (Oct. 14, 2013) (emphasis in original). Apple challenged that conclusion by pointing to Samsung's own website that listed the phone as "Samsung *Galaxy S* Infuse 4G™." *See* ECF No. 2541-1 (emphasis added). At the October 17, 2013 pretrial conference, Samsung's

5

Case No.: 11-CV-01846-LHK
ORDER RE: ALTERNATIVE NOTICE PERIOD

counsel tried to defend its new characterization of the phone, stating that Apple had cited a Canadian website, that in the United States the phone's title is "carrier driven," and that U.S. carriers do not describe the Infuse 4G as a Galaxy. 10/17/13 Hr'g Tr. at 109. The Court ordered Samsung to make a 30(b)(6) witness available to address the classification of certain Samsung phones, *see* ECF No. 2552 at 4-5, and Samsung's witness agreed under oath that, although the carriers do choose the final name, "it would have been appropriate if the carriers had decided to call [the Infuse 4G a] Galaxy S phone[]," ECF No. 2601-8 at 27. Following that testimony, Samsung dropped its argument that the Infuse 4G was not a Galaxy phone. *See* ECF No. 2615 at 2. Samsung's inconsistency underscores the Court's conclusion that Samsung failed to pursue this theory in the 2012 trial and highlights the unfair prejudice that Apple would incur if the Court were to allow Samsung to pursue it at this late stage.

### 2. The Relevance of Samsung's New Notice Arguments Is Substantially Outweighed by the Risk of Waste of Time, Confusion of the Issues, and Undue Prejudice

Reviewing Apple's motion to strike on the merits, the Court also concludes that Federal Rule of Evidence 403 precludes Wagner's testimony and any new factual arguments in support. None of the evidence Samsung has adduced lends much support to a theory that Apple failed to establish actual notice until it accused particular phones. "If a patentee's initial notice is sufficiently specific to accuse one product of infringement, 'ensuing discovery of other models and related products may bring those products within the scope of the notice.'" *K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1379 (Fed. Cir. 2012) (quoting *Funai*, 616 F.3d at 1373). Samsung seeks to argue that Apple failed sufficiently to accuse the Galaxy Prevail because, even though Apple's August 2010 presentation to Samsung targeted the Galaxy S, *see* PX52, and the original complaint listed the "Galaxy family of mobile phones," ECF No. 1 ¶ 56 ("Orig. Compl."), Apple did not specifically identify the Galaxy *Prevail* until the amended complaint. *See* ECF No. 2529 at 2. The theory that Samsung was unaware that the *Galaxy* Prevail was a Galaxy phone strains credulity. Samsung also seeks to argue that Apple's naming of the "Nexus S" in its original complaint failed sufficiently to accuse the Nexus S *4G. Id.* This theory is similarly weak. Moreover, Samsung has not proffered any evidence to suggest that these slight name differences matter. Also questionable

is Samsung's plan to rely on *Verizon*'s selection of the name "Droid Charge," for a phone that Samsung appears to have promoted to Verizon as a Galaxy phone, *see* ECF No. 2601-16 at SAMNDCA10212499, to contend that *Samsung* lacked notice of Apple's infringement claim, *see* ECF No. 2615 at 2. Section 287 is meant to "assure that the *recipient* knew of the adverse patent during the period in which liability accrues," not a third party. *Minks v. Polaris Industries, Inc.*, 546 F.3d 1364, 1376 (Fed. Cir. 2008) (emphasis added; internal quotation marks omitted).

The slight probative value of this evidence is substantially outweighed by the unfair prejudice that Apple would incur in mounting a defense at this late stage. Apple appropriately assumed the new trial would not involve further notice issues and, as the parties' development of the record over the Infuse 4G shows, would have to scramble to garner additional evidence to support the notice dates in the Court's new trial order if Samsung were allowed to challenge those dates now. Moreover, Samsung's change-of-position as to the Galaxy or non-Galaxy status of the Infuse 4G and the untenable nature of Samsung's Galaxy Prevail, Nexus S 4G, and Droid Charge theories demonstrates that opening this line of argument would subject the parties, the Court, and the jury to confusion of the issues, minimal probative evidence, wasted time, and unnecessary satellite litigation.

### III. CONCLUSION

Because Samsung has forfeited its argument that it did not receive actual notice of Apple's infringement claims until Apple listed that specific product in its pleadings, and pursuant to Federal Rule of Evidence 403 balancing, Apple's motion to strike Wagner's opinions in support of that theory is GRANTED.

**IT IS SO ORDERED.**

Dated: November 9, 2013

                                                                    *Lucy H. Koh*
                                                                    LUCY H. KOH
                                                                    United States District Judge