QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S MOTION TO SHORTEN TIME FOR BRIEFING AND HEARING REGARDING ITS EMERGENCY MOTION TO ENFORCE THE COURT'S APRIL 29, 2013 AND NOVEMBER 7, 2013 ORDERS** |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court, pursuant to Civil Local Rules 6-1(b) and 6-3, to shorten the time for briefing and hearing on Samsung's Emergency Motion to Enforce the Court's April 29, 2013 and November 7, 2013 Orders, on the grounds that expedited consideration is necessary to ensure that the Court's orders and the disclosure requirements of FRCP 26 are properly enforced prior to opening statements, which are set to begin in roughly 50 hours.

This motion is based on this notice of motion and supporting memorandum, the supporting Declaration of Joseph B. Martin, and such other written or oral argument as may be presented at or before the time this Motion is taken under submission by the Court.

**RELIEF REQUESTED**

Samsung seeks an Order shortening time for briefing on its Emergency Motion to Enforce the Court's April 29, 2013 and November 7, 2013 Orders.

November 10, 2013                    QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Victoria F. Maroulis*
     Victoria F. Maroulis
     Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

-1-                    Case No. 11-cv-01846-LHK (PSG)
                       MOTION TO SHORTEN TIME

**MEMORANDUM**

Samsung seeks an Order shortening the time for briefing and hearing on its Emergency Motion to Enforce the Court's April 29, 2013 and November 7, 2013 Orders (the "Motion"). Samsung argues in the Motion that Apple intends to seek lost profits on the '163, '381, and possibly D'677 patents in direct violation of this Court's orders.  After learning of Apple's intent to pursue never-before-disclosed damages theories on November 8, 2013, Samsung has repeatedly requested that Apple explain its rationale and basis for such theories.   Apple has thus far refused, thereby forcing Samsung's hand.   In view of Apple's refusal, and the presence of undisclosed lost profits calculations on Apple's *opening* slides 33 and 35 (*see* Dkt. 2669 at 6-7), Samsung is concerned that Apple will present an undisclosed theory of damages to the jury.

An order shortening time for briefing and hearing on the Motion is necessary to avoid substantial prejudice to Samsung.  The parties are selecting a jury in 48 hours, and Apple's opening statement—which at this point will include opening slides 33 and 35—will be presented to the jury thereafter.  Unless the Court shortens the time for briefing and to hear Samsung's Motion, any relief on it would come *after* Apple's opening statement, and the jury will have been tainted.  Moreover, Samsung's opening statement and accompanying slides were prepared following this Court's guidance at the November 5, 2013 hearing regarding the orders it would issue.  Samsung included slide 119, which identified the '915 patent as the only patent eligible for lost profits based on the Court's guidance, the damages period start dates, and the design around periods identified by Apple's expert in her expert report.  Samsung therefore has a compelling need to know the scope of the evidence the Court will allow Apple to present at trial before opening statements so that Samsung can meaningfully prepare its case.

A shortened briefing schedule will not prejudice Apple.   Apple itself created this situation by withholding information until the parties were on the footsteps of the courthouse; it should not be permitted to utter a word to the jury until it has come clean.   Apple is the only party who can explain the rationale and basis for (i) why it disclosed new damages theories just days before trial and in violation of this Court's orders, (ii) what the contours of those new theories are, and (iii)

-2-                             Case No. 11-cv-01846-LHK (PSG)
MOTION TO SHORTEN TIME

1  why it continually refused to explain its theories to Samsung since disclosing them. This
2  "ambush at trial" strategy will prejudice Samsung, not Apple.
3        Accordingly, Samsung proposes the following briefing schedule:
4    1.   Apple's Opposition to Samsung's Motion should be filed no later than November
5         10 at 6:00 p.m. PT;
6    2.   Samsung's Reply should be filed no later than November 10 at 11:59 p.m. PT; and
7    3.   The Court decides Samsung's Motion at some point prior to Apple's opening
8         statements.
9        Counsel for Samsung contacted counsel for Apple in an effort to reach agreement with
10 respect to the briefing and hearing schedule outlined above.  Apple did not agree to Samsung's
11 proposed briefing schedule.  *See* Declaration of Joseph B. Martin in Support of Samsung's
12 Motion to Shorten Time, ¶ 3, Ex. A.   Given that trial is 48 hours away, Samsung submits that its
13 proposed briefing schedule is appropriate under the circumstances, but it respectfully defers to the
14 Court's determination.

### **CONCLUSION**

16       For the foregoing reasons, Samsung respectfully requests that the Court grant Samsung's
17 Motion to Shorten Time.

19 DATED: November 10, 2013          Respectfully submitted,

20                                   QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP

23                                   By   */s/ Victoria F. Maroulis*
                                          Victoria F. Maroulis
24                                        Attorneys for SAMSUNG ELECTRONICS CO.,
                                          LTD., SAMSUNG ELECTRONICS AMERICA,
25                                        INC. and SAMSUNG
                                          TELECOMMUNICATIONS AMERICA, LLC