1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17                     UNITED STATES DISTRICT COURT

18              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 19  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 20             Plaintiff, | **DECLARATION OF JOSEPH B. MARTIN IN SUPPORT OF SAMSUNG'S MOTION TO SHORTEN TIME** |
| 21        vs. | |
| 22  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 25             Defendants. | |

I, Joseph B. Martin, declare:

1. I am an associate at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung"). I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2. Samsung's Emergency Motion to Enforce the Court's April 29, 2013 and November 7, 2013 Orders concerns the scope of lost profits Apple will be allowed to seek in the pending retrial on damages. This retrial on damages is scheduled to begin in two days, on November 12, 2013. But pursuant to Civil Local Rule 7-2, the earliest date for a hearing on Samsung's Emergency Motion would normally be 35 days from service, after the conclusion of the retrial. Thus, shortening time for the briefing and hearing schedule is necessary if the Emergency Motion is to be heard before it is moot.

3. On November 10, 2013, counsel for Samsung emailed counsel for Apple to request a stipulation to the shortened briefing and hearing schedule sought in Samsung's Motion to Shorten Time. Apple did not respond. Attached hereto as Exhibit A is a true and correct copy of the email from counsel for Samsung to counsel for Apple.

4. Under the standard briefing and hearing schedule, Samsung's Emergency Motion to Enforce would not be briefed and decided until after the retrial on damages had concluded. Absent resolution of Samsung's Motion, the scope of lost profits Apple seeks at trial is unclear and Samsung is threatened with a previously undisclosed theory of damages. With discovery over, and only two days remaining before trial, there is no time for Samsung to investigate new damages theories or adequately respond to them. Samsung thus faces substantial prejudice if its Motion to Shorten Time is not granted.

5. The nature of the underlying dispute between the parties is as follows:

- On November 7, the Court granted Samsung's motion to strike Ms. Davis's lost profits calculations based on an incorrect start of design around date. The Court informed the parties of the substance of the order in a tentative ruling at

1    the November 5, 2013 pre-trial conference.

2  - Based on the Court's guidance, Samsung submitted its opening argument presentation, which included a slide indentifying the '915 patent as the only patent eligible for lost profits in this case. Samsung has proceeded to prepare its case based on the final November 7, 2013 order on design around dates.

- Apple raised an objection to this slide, arguing that it still claimed lost profits for the '381 and '163 patents.

- After the parties were unable to reach an agreement on whether Apple could seek lost profits on the '381 and '163 patents, Samsung filed its Emergency Motion to Enforce.

- It is Samsung's position that, in light of the Court's November 7 Order, there is no basis in Ms. Davis's report for Apple to seek lost profits on any patent other than the '915 and Apple should be precluded from (1) arguing for lost profits on any patent other than the '915 patent, or (2) presenting any new theory or calculation of lost profits not disclosed by Ms. Davis in her expert report.

- To the best of my knowledge, it is Apple's position that there is nothing the Court's order that precludes Apple from arguing to the jury that it should award damages in excess of the calculations presented by its damages expert.

6.   Both parties have requested time modifications on numerous prior occasions. *See, e.g.,* Dkt. Nos. 2493, 1393, 1389, 1259, 1146, 952 and 738.

7.   To the best of my knowledge, the remaining trial schedule and the schedule for post hearing briefing will be unaffected by the time modification requested by Samsung.

I declare under penalty of perjury that the foregoing is true and correct. Executed in San Jose, California on November 10, 2013.

 */s/ Joseph B. Martin*
Joseph B. Martin

**E-FILING SIGNATURE ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document. I hereby attest pursuant to Local Rule 5-1(i)(3) that concurrence in the electronic filing of this document has been obtained from Joseph B. Martin.

*/s/ Victoria F. Maroulis*
Victoria F. Maroulis