QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S EMERGENCY MOTION TO ENFORCE THE COURT'S APRIL 29, 2013 AND NOVEMBER 7, 2013 ORDERS** |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court, pursuant to Civil Local Rules 6-1(b) and 6-3, to Enforce the Court's April 29, 2013 and November 7, 2013 Orders, on the grounds that expedited consideration is necessary to ensure that the Court's orders and the disclosure requirements of FRCP 26 are properly enforced prior to opening statements, which are set to begin in roughly 50 hours.

This motion is based on this notice of motion and supporting memorandum, the supporting Declaration of Joseph B. Martin, and such other written or oral argument as may be presented at or before the time this Motion is taken under submission by the Court.

## RELIEF REQUESTED

Samsung seeks an Order enforcing the Court's April 29, 2013 and November 7, 2013 Orders and precluding Apple from (1) arguing for lost profits for any patent other than the '915 patent, and (2) presenting any new theory or calculation of lost profits not disclosed by Ms. Davis in her expert report .

November 10, 2013      QUINN EMANUEL URQUHART &
                       SULLIVAN, LLP


                       By */s/ Victoria F. Maroulis*
                         Victoria F. Maroulis
                         Attorneys for SAMSUNG ELECTRONICS CO.,
                         LTD., SAMSUNG ELECTRONICS AMERICA,
                         INC., and SAMSUNG
                         TELECOMMUNICATIONS AMERICA, LLC

# MEMORANDUM

## I. INTRODUCTION

Less than three days before the start of the trial, Apple has sandbagged Samsung with a brand new damages theory never disclosed in the expert reports of either the late Terry Musika or Julie Davis. On November 7, the Court granted Samsung's Motion to Strike Ms. Davis's lost profits calculations based on incorrect start dates for the design around periods. The result of the Court's Order is that Ms. Davis's calculation of lost profits is now limited to the '915 patent. No other non-stricken calculation remains in Ms. Davis's report. Yet just yesterday, Samsung learned *for the first time* that – in violation of the Court's Order – Apple still intends to seek lost profits on the '163 and '381 patents. Unfortunately, despite Samsung's multiple requests, Apple has refused to meet and confer or to articulate the basis for its position that it is still entitled to seek lost profits on these other patents, despite the absence of any support in the Davis Report for such a claim. In view of this refusal and the presence of undisclosed additional calculations on Apple's opening slide nos. 33 and 35 (*see* Dkt. 2669 at 6-7), it is apparent that Apple intends to present an entirely new theory of lost profits damages at trial. This Court should enforce its November 7 and April 29 Orders, and the disclosure requirements of Federal Rule of Civil Procedure 26, and preclude Apple from presenting any theory, methodology, or calculations of lost profits outside the non-stricken portions of Ms. Davis's report.

## II. BACKGROUND

On November 7, 2013, the Court granted Samsung's motion to strike Julie Davis's lost profits calculations that assume design around periods beginning on the date of first notice. Dkt. 2660. Relying on the Court's guidance at the November 5 hearing regarding the orders it would issue (Martin Decl. Ex. 11 at 48:14-15, 52:23-53:3), Samsung proceeded to prepare its opening argument slides, including slide 119, which identifies the '915 patent as the only patent eligible for lost profits in light of the Court's Order, the damages period start dates, and the design around periods identified by Ms. Davis in her expert report. Apple objected to slide 119 on the grounds that Apple, notwithstanding its expert's report, still claimed lost profits for other patents. *See* Dkt. 2671 at 5.

1    Samsung immediately asked Apple to clarify whether it intended to seek lost profits on
2  patents other than the '915 patent.  Martin Decl. Ex. 1.  Apple initially stated it was unable to
3  provide even a yes-or-no answer until the following day.  Martin Decl. Ex. 2.  After Samsung
4  persisted, Apple revealed its intention to seek lost profits on the '381 and '163 patents,[1] stating
5  that nothing precluded Apple from introducing evidence or argument regarding damages in excess
6  of Ms. Davis's remaining non-stricken opinions.  Martin Decl. Ex. 8 (Apple's counsel: "The jury
7  can award damages less than or greater that either expert's opinions, so long as the verdict is
8  supported by the evidence. To the extent the evidence would not support a verdict, JMOL would
9  be the appropriate mechanism for raising the issue.").  Samsung attempted to telephonically meet
10 and confer with Apple concerning the basis for its new lost profits theories, but Apple refused.
11 Martin Decl. Exs. 7-10.  With trial only two days away Samsung thus had no choice but to file this
12 emergency motion to enforce the Court's prior orders.

### III.   APPLE IS PRECLUDED FROM SEEKING LOST PROFITS FOR ANY PATENT OTHER THAN THE '915 PATENT

Under the only damages theory Apple has ever disclosed in this case, Apple is eligible to receive lost profits only where the design around period overlaps with the damages period—*i.e.* where the design around period ends *after* the damages period begins.  Mr. Musika's "methodology … assumes that Samsung would have developed some conceptual design alternative to the asserted intellectual property, [and] returned to the market once such conceptual alternative was designed, tested, manufactured and distributed to sell an equivalent number of units with the redesigned product. … Accordingly, Apple's lost sales are based on the amount of lost sales only during the number of months Samsung is removed from the market." Dkt. 2386-3, Musika Rpt. ¶129; *see also* Dkt. 1839, Trial Tr. at 2084:11-14 ("I limited my calculations to lost

---

[1] Because Apple did not specifically mention the D'677 patent in its objections to Samsung's opening demonstratives or in its meet and confer correspondence, Samsung's motion addresses only the '381 and '163 patents.  Because none of Ms. Davis's non-stricken opinions calculate lost profits for the D'677 patent, however, the arguments in Samsung's motion apply equally to any attempt by Apple to seek lost profits for the D'677 patent.

profits to only a time period which would be associated with the time Samsung would be out of the market."). Both Mr. Musika and Ms. Davis used a one-month design around period for the '381 and '163 patents, and a six-month design around period for the '915 patent. Dkt. 2386-2, Davis Rpt. Ex. 39.3-S; Dkt. 2386-3, Musika Rpt. Ex. 39.3-S. Where the design around period ends **before** the damages period begins, there are no lost profits. *Grain Processing Corp. v. American Maize-Products Co.,* 185 F.3d 1341, 1347-48 (Fed. Cir. 1999). Apple has never disclosed any other theory of lost profits or any other calculation of lost profits. Ms. Davis offers no other theory of lost profits, and presents no other calculations of lost profits. Ms. Davis does not opine on how to adjust her calculations for any other assumptions about design around times, nor does she present any calculations using other design around times.

### A.  Ms. Davis Calculates Lost Profits Only On the '915 Patent

In Exhibit PT-J to the Davis Report–the only one of Ms. Davis's damages models left standing by the November 7 Order[2]–Ms. Davis calculated lost profits *only for the '915 patent.* This is because, using Mr. Musika's methodology, Samsung would have fully designed-around all other Apple patents before the damages period began. In her non-stricken Exhibit PT-J calculations, Ms. Davis assumes the "Design Around Start Date" to be "First Infringement." *See* Dkt. 2386-2, Davis Rpt., Appendix at i. For the three utility patents, Ms. Davis uses the following dates in her calculations:

- **First infringement** date to be: June 2010 for the '381 patent, November 30, 2010 for the '915 patent, and January 4, 2011 for the '163 patent.[3]

- **Design around times** to be: one month for the '381 patent, six months for the '915 patent, and one month for the '163 patent.[4]

---

[2] *See* Dkt. 2575 at 5-6 (granting motion to strike incremental profit theory); Dkt. 2660 at 12 (granting motion to strike damages models based on design around periods beginning with the actual notice date).

[3] Ms. Davis assumes the date of first infringement to be the later of the first sale date and the issue of the patent. For first sale dates, *see* Dkt. 2386-2, Davis Rpt. ¶193 (first infringement in June 2010); *id.*, Appendix at ii; *see also* Dkt. 2386-3, Musika Rpt. ¶192 ("Samsung first began to infringe Apple's patents in June of 2010"); *id.* at Exs. 17.2-17.4 (damages on Vibrant starting in June 2010). For issue date, *see* Dkt. 2386-2, Davis Rpt., Ex. 4-PT.

- **End of the design around period** to be: July 2010 for the '381 patent, May 30, 2011 for the '915 patent, and February 4, 2011 for the '163 patent.

- "**Damages calculated from**" dates to be: August 4, 2010 for the '381 patent, April 15, 2011 for the '915 patent, and June 16, 2011 for the '163 patent.[5]

Using these dates, the '381 and '163 design around periods end ***before*** the damages periods begin. Accordingly, Ms. Davis calculates no lost profits on the '163 and '381 patents. This is confirmed by the calculations in Ms. Davis's Exhibit 17.2-PT-J, which show no lost profits in August 2010, the month of earliest notice for the '381 patent—proving that Ms. Davis calculated no lost profits on the '381 patent. Likewise, the calculations show no lost profits in June 2011, the month of earliest notice for the '163 patent—proving that Ms. Davis calculated no lost profits on the '163 patent. Apple, however, intends to invite the jury to replace those zeros in August 2010 and June 2011 with millions of dollars of lost profits.

Ms. Davis calculates lost profits only on the '915 patent, and only from the earliest notice date of April 15, 2011 to the end of the design around period on May 30, 2011. This too is confirmed by the calculations in Ms. Davis's Exhibit 17.2-PT-J, which calculates lost profits only for a portion of April and May 2011, the exact period of overlap between Ms. Davis's design around period and the damages period for the '915 patent. Again, using Mr. Musika's methodology, where the design around period ends ***before*** the damages period begins, there are no lost profits:

---

[4] Dkt. 2386-2, Davis Rpt. Ex. 39.3-S.
[5] Dkt. 2386-2, Davis Rpt. Ex. 17.1-PT-J n.1.



B. **Apple Cannot Now Present New, Undisclosed Lost Profits Theories or Calculations**

Apple has *still* not disclosed the mystery theory that would allow Apple to seek lost profits on patents for which its damages expert only calculated a reasonable royalty.  It is axiomatic that new damages theories disclosed on the eve of trial are prejudicial and should be excluded. *MicroStrategy Inc. v. Bus. Objects, S.A.*, 429 F.3d 1344, 1357 (Fed. Cir. 2005) (affirming the district court's exclusion of the plaintiff's undisclosed damages theories even though that left it "without evidence of damages or causation for most of its business tort claims"); *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 556-57 (N.D. Cal. 2009) (precluding the patentee from advancing a more expansive lost profits theory than it disclosed in prior interrogatory responses).  Furthermore, any attempt to request lost profits for the '381 and '163 patents would necessarily rest on new calculations, in violation of the Court's prior orders.

Nor can Apple avoid the effect of the Court's orders by arguing to the jury that Ms. Davis's lost profits calculations merely represent a lower limit on damages.  Numerous courts have held that parties cannot shift damages theories during trial by claiming that the figures

presented in their expert's report constitute a floor, not a ceiling.  *E.g.*, *IPPV Enters., LLC v. Echostar Comm'ns Corp.*, 191 F. Supp. 2d 530, 571-72 (D. Del. 2002) (holding that it was prejudicial for plaintiff to argue to the jury that the reasonable royalty calculated in its expert's report was a "'conservative lower limit"); *Harris Corp. v. Ericsson, Inc.*, 2003 WL 21750710, at *7–*8 (N.D. Tex. 2003) (plaintiff "put before the jury an improper argument that may have contributed to the excessiveness of the jury's verdict" by requesting damages greater than the amount disclosed in its expert's report), *rev'd in part on other grounds*, 417 F.3d 1241, 1257 (Fed. Cir. 2005).  Nowhere in Ms. Davis's report does she explain how to calculate additional lost profits Apple should receive in damages, and Apple should not be permitted to argue to the contrary.

Apple's argument that the jury is free to award more than the amount calculated by Ms. Davis so long as the amount is supported by the evidence (Martin Decl. Ex. 8) is entirely beside the point.  The issue is not whether *the jury* is limited by the calculations in Ms. Davis's report, but whether *Apple* is limited from presenting evidence and argument that is inconsistent with the only damages theories and calculations it has ever disclosed in this case.  Apple is bound by the damages calculations disclosed in the Davis Report—and the methodology underlying those calculations.

## IV.    CONCLUSION

Samsung respectfully requests an order precluding Apple from arguing for lost profits on any patent other than the '915 patent, or presenting any new theory or calculation of lost profits not disclosed by Ms. Davis.

DATED: November 10, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Victoria F. Maroulis*
William C. Price
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC