1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Bar No. 170151)
2   charlesverhoeven@quinnemanuel.com
    50 California Street, 22nd Floor
3   San Francisco, California 94111
    Telephone: (415) 875-6600
4   Facsimile: (415) 875-6700

5   Kevin P.B. Johnson (Bar No. 177129)
    kevinjohnson@quinnemanuel.com
6   Victoria F. Maroulis (Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
7   555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California 94065-2139
8   Telephone: (650) 801-5000
    Facsimile: (650) 801-5100

9
    William C. Price (Bar No. 108542)
10  williamprice@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
11  michaelzeller@quinnemanuel.com
    865 S. Figueroa St., 10th Floor
12  Los Angeles, California 90017
    Telephone: (213) 443-3000
13  Facsimile: (213) 443-3100

14  Attorneys for SAMSUNG ELECTRONICS
    CO., LTD., SAMSUNG ELECTRONICS
15  AMERICA, INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC

16

17                  UNITED STATES DISTRICT COURT

18          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19  APPLE INC., a California corporation,          CASE NO. 11-cv-01846-LHK

20                  Plaintiff,                     **DECLARATION OF JOSEPH B. MARTIN
                                                   IN SUPPORT OF SAMSUNG'S
21          vs.                                    EMERGENCY MOTION TO ENFORCE
                                                   THE COURT'S APRIL 29, 2013 AND
22  SAMSUNG ELECTRONICS CO., LTD., a               NOVEMBER 7, 2013 ORDERS**
    Korean business entity; SAMSUNG
23  ELECTRONICS AMERICA, INC., a New
    York corporation; SAMSUNG
24  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,
25
                    Defendants.
26

27

28

I, Joseph B. Martin, declare:

1.      I am an associate at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung").  I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2.      On Friday, November 8, 2013, counsel for Samsung wrote to counsel for Apple inquiring as to whether Apple intends to seek lost profits on the '381 and '163 patents at the trial scheduled to begin the morning of November 12, 2013, in view of the Court's recent order striking portions of the expert report of Julie Davis related to lost profits calculations based on design around periods beginning on the date of first notice.  Attached hereto as Exhibit 1 is a true and correct copy of the email from counsel for Samsung to counsel for Apple.

3.      At 1:36 p.m. on November 8, 2013, counsel for Apple responded to the 10:50 a.m. email and stated that co-lead counsel for Apple—William ("Bill") Lee—was "in the air today, but we will get back to you tomorrow on this one."  Attached hereto as Exhibit 2 is a true and correct copy of the email from counsel for Apple to counsel for Samsung.

4.      At 2:24 p.m. on November 8, 2013, counsel for Samsung wrote to counsel for Apple stating that "[w]e need to know today" because Apple's position on this matter "affects our preparation and ability comply with the Sunday disclosures."  Attached hereto as Exhibit 3 is a true and correct copy of the email from counsel for Samsung to counsel for Apple.

5.      On Saturday, November 9, 2013, at 12:08 p.m., counsel for Apple wrote to counsel for Samsung stating that "[w]e disagree with your apparent assumption that the order limits Apple's overall claim for lost profits."  Attached hereto as Exhibit 4 is a true and correct copy of the email from counsel for Apple to counsel for Samsung.

6.      At 12:51 p.m. on November 9, 2013, counsel for Samsung wrote to counsel for Apple asking whether "Apple will be seeking lost profits on '381 and '163 patents in this trial," and "[i]f the answer is yes, please provide a relevant member of your team today for a meet and confer on the basis of Apple's lost profits claim on these two patents."  Attached hereto as Exhibit

5 is a true and correct copy of the email from counsel for Samsung.

7.     At 1:17 p.m. on Saturday November 9, 2013, counsel for Apple wrote to counsel for Samsung stating "[y]es, we continue to seek lost profits on those patents as part of Apple's lost profits claim."  Attached hereto as Exhibit 6 is a true and correct copy of the email from counsel for Apple to counsel for Samsung.

8.     At 2:51 p.m. on Saturday November 9, 2013, counsel for Samsung wrote to counsel for Apple reiterating that "there is no basis in Ms. Davis's report for Apple to seek lost profits on any patent other than the '915" and seeking a meet and confer prior to Samsung filing "an emergency motion to enforce the Court's Order re Design Around Start Dates and the Court's order precluding new damages theories in the new trial."  Attached hereto as Exhibit 7 is a true and correct copy of the email from counsel for Samsung to counsel for Apple.

9.     At 5:00 p.m. on Saturday, November 9, 2013, counsel for Apple wrote to counsel for Samsung stating that "the jury can award damages less than or greater that [sic] either expert's opinions, so long as the verdict is supported by the evidence" and that "[w]e see no basis for the emergency motions you describe."  Attached hereto as Exhibit 8 is a true and correct copy of the email from counsel for Apple to counsel for Samsung.

10.     At 5:13 p.m. on Saturday, November 9, 2013, counsel for Samsung wrote to counsel for Apple asking if Apple was "refusing to meet and confer" regarding Samsung's proposed emergency motion.  Attached hereto as Exhibit 9 is a true and correct copy of the email from counsel for Samsung to counsel for Apple.

11.     At 5:20 p.m. on Saturday November 9, 2013, counsel for Apple responded that "I think we have met and conferred."  Attached hereto as Exhibit 10 is a true and correct copy of the email from counsel for Apple to counsel for Samsung.

12.     On November 5, 2013, the Court held a pre-trial hearing.  Attached hereto as Exhibit 11 is a true and correct copy of excerpts from the transcript of the hearing.

//

//

//

1      I declare under penalty of perjury that the foregoing is true and correct.  Executed in San

2  Jose, California on November 10, 2013.

3

4                                                    */s/ Joseph B. Martin*

5                                                    Joseph B. Martin

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**E-FILING SIGNATURE ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document. I hereby attest pursuant to Local Rule 5-1(i)(3) that concurrence in the electronic filing of this document has been obtained from Joseph B. Martin.


*/s/ Victoria F. Maroulis*
Victoria F. Maroulis