# EXHIBIT 9

# Joby Martin

| | |
|---|---|
| **From:** | Victoria Maroulis |
| **Sent:** | Saturday, November 09, 2013 5:13 PM |
| **To:** | 'McElhinny, Harold J.'; 'Sabri, Nathan B.'; 'william.lee@wilmerhale.com' |
| **Cc:** | 'AvSS Damages Trial'; 'WH Apple Samsung Damages Retrial (WHAppleSamsungDamagesRetrial@wilmerhale.com) (WHAppleSamsungDamagesRetrial@wilmerhale.com)'; Samsung v. Apple |
| **Subject:** | RE: Apple v. Samsung (11-cv-1846) -- Lost Profits |

We are maintaining our objections to previously undisclosed calculations contained in slides 33 and 35.  Are you refusing to meet and confer?

---

**From:** McElhinny, Harold J. [mailto:HMcElhinny@mofo.com]
**Sent:** Saturday, November 09, 2013 5:00 PM
**To:** Victoria Maroulis; Sabri, Nathan B.; 'william.lee@wilmerhale.com'
**Cc:** AvSS Damages Trial; 'WH Apple Samsung Damages Retrial (WHAppleSamsungDamagesRetrial@wilmerhale.com) (WHAppleSamsungDamagesRetrial@wilmerhale.com)'; Samsung v. Apple
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Lost Profits

Vicki:

As I told you before, Ms. Davis will testify consistent with her report and the Court's order of Nov.7, 2013. There is nothing in that order or any other order that precludes Apple from introducing evidence that places the opinions of Ms. Davis and Mr. Wagner in context. The jury can award damages less than or greater that either expert's opinions, so long as the verdict is supported by the evidence. To the extent the evidence would not support a verdict, JMOL would be the appropriate mechanism for raising the issue. We see no basis for the emergency motions you describe.

I do note that you are relying on opening slides to which you have objected. Are you withdrawing your objections to those slides?

Harold

---

**From:** Victoria Maroulis [mailto:victoriamaroulis@quinnemanuel.com]
**Sent:** Saturday, November 09, 2013 2:51 PM
**To:** McElhinny, Harold J.; Sabri, Nathan B.; 'william.lee@wilmerhale.com'
**Cc:** AvSS Damages Trial; 'WH Apple Samsung Damages Retrial (WHAppleSamsungDamagesRetrial@wilmerhale.com) (WHAppleSamsungDamagesRetrial@wilmerhale.com)'; Samsung v. Apple
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Lost Profits

Harold,

In light of the Court's Order re Design Around Start Dates, there is no basis in Ms. Davis's report for Apple to seek lost profits on any patent other than the '915.  Moreover, the numbers disclosed in Apple's opening slide nos. 33 and 35 are consistent with Ms. Davis's calculation of lost profits for only the '915 patent in her Exhibit 17.1-PT-J series.  Given that we are less than three days from trial, Apple's position that it intends to offer a damages theory unsupported by Ms. Davis's report is contrary to several court orders and the Federal Rules of Civil Procedure.  Accordingly, unless the issue can be resolved by meet and confer today, Samsung intends to file an emergency motion to enforce the Court's Order re Design Around Start Dates and the Court's order precluding new damages theories in the new trial.  Please let us know when you are available this afternoon to meet and confer.

Vicki

1

**From:** McElhinny, Harold J. [mailto:HMcElhinny@mofo.com]
**Sent:** Saturday, November 09, 2013 12:08 PM
**To:** Victoria Maroulis; Sabri, Nathan B.; 'william.lee@wilmerhale.com'
**Cc:** AvSS Damages Trial; 'WH Apple Samsung Damages Retrial (WHAppleSamsungDamagesRetrial@wilmerhale.com) (WHAppleSamsungDamagesRetrial@wilmerhale.com)'; Samsung v. Apple
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Lost Profits

Vicki:

The order to which you refer is an order striking certain portions of Julie Davis' expert report. Ms. Davis's testimony will comply fully with that order.

We disagree with your apparent assumption that the order limits Apple's overall claim for lost profits.


Best,


Harold

---

**From:** Victoria Maroulis [mailto:victoriamaroulis@quinnemanuel.com]
**Sent:** Friday, November 08, 2013 10:50 AM
**To:** Sabri, Nathan B.; 'william.lee@wilmerhale.com'
**Cc:** AvSS Damages Trial; 'WH Apple Samsung Damages Retrial (WHAppleSamsungDamagesRetrial@wilmerhale.com) (WHAppleSamsungDamagesRetrial@wilmerhale.com)'; Samsung v. Apple
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Lost Profits


Harold and Bill,

We saw that Apple stated in its objections that one of our slides "lists only the '915 patent as eligible for lost profits, when Apple has claimed lost profits also on the '381 and '163." (Dkt 2671 at 5:15-16). We understand that Ms. Davis's opinion, in view of the Court's recent order on Design Around Dates, will be have to be limited to lost profits on '915 patent only. Please advise this morning whether Apple intends to seek lost profits on '381 and '163 patents at this trial.

Thank you.

Vicki


**Victoria Maroulis**
*Partner,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5022 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
victoriamaroulis@quinnemanuel.com
www.quinnemanuel.com

2

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------

----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------