UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| APPLE, INC., a California corporation, | ) | Case No.: 11-CV-01846-LHK |
|---|---|---|
| Plaintiff, | ) | ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S OPENING SLIDES, APPLE'S OBJECTIONS TO SAMSUNG'S OPENING SLIDES, AND AMENDING ORDER RE: NONINFRINGING ALTERNATIVES BASED ON THE 2012 JURY'S NONINFRINGEMENT VERDICT, ECF NO. 2657 |
| v. | ) | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## I. SAMSUNG'S OBJECTIONS TO APPLE'S OPENING SLIDES

Samsung has filed objections to Apple's Opening Slides and exhibits to be used during Apple's Opening Statement. ECF No. 2669. Apple has filed a response. ECF No. 2670. After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules on Samsung's objections as follows:

| APPLE SLIDE NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| 1 | Overruled. This Slide embeds JX 1091 which is a video in which Steve Jobs presents the iPhone and the various patented features embedded in it at a Macworld conference in January 2007. The video is not unduly prejudicial and is |

1

| | |
|---|---|
| | relevant to showing demand for both the patented product, here the iPhone, under *Panduit* factor one,[1] and demand for the patented features, which is relevant to proving *Panduit* factor two. Specifically, the video demonstrates the bounce feature of the '381 patent at issue. Further, JX 1091 was admitted at the 2012 trial. ECF No. 1947 at 11. |
| 2 | Overruled. This Slide is a snapshot of PX 133, which is a New York Times article published in January 2007 shortly after announcement of the iPhone which praises the iPhone as "something glamorous and amazing." It is relevant to showing demand for the patented product, the iPhone, pursuant to the first *Panduit* factor. While Samsung objects that the Court has ordered that Julie Davis may not rely on PX 133 as evidence of demand, *see* ECF No. 2575 at 8-9 (striking Davis' reliance on documents only noted by Musika on Exhibit 3 and 3-S to his report), Apple has designated other witnesses who may testify regarding this document. ECF No. 2406-3 at 6 (citing Philip Schiller, Greg Joswiak, Russell Winer).  Further, the document was admitted at the 2012 trial. ECF No. 1947 at 4 (Admitted Exhibits List). The Slide's heading, "The iPhone Redefined the Smartphone," is not argumentative and prejudicial. |
| 3 | Overruled. This Slide is a snapshot of PX 135, which includes a cover of the TIME magazine which describes the iPhone as "the phone that has changed phones forever . . . a dazzling display of ingenuity." PX 135, page 3. The Slide also includes content from a TIME article published in November 2007 which states that the iPhone was the "Invention of the Year" and that it "is pretty." PX.135, page 1. The Slide is relevant to showing demand for the patented product, the iPhone, pursuant to the first *Panduit* factor, and this probative value is not substantially outweighed by any possible confusion to the jury "over the scope of Apple's patents," as Samsung claims. ECF No. 2669 at 4. While Samsung also objects that the Court has ordered that Julie Davis may not rely on PX 135 as evidence of demand, *see* ECF No. 2575 at 8-9, Apple has designated other witnesses who may testify regarding this document. ECF No. 2406-3 at 6 (citing Philip Schiller, Greg Joswiak, Russell Winer).  Further, the document was admitted at the 2012 trial. ECF No. 1947 at 4 (Admitted Exhibits List). |
| 4 | Overruled. This Slide depicts PX 142, which is a NY Times article which reports the United States PTO's exhibit honoring "Apple's history of design and innovations." PX 142, page 1. The Slide is probative of demand for the patented product under *Panduit* factor one, as it reflects industry praise for Apple's products generally. This probative value is not substantially outweighed by any possible prejudice. While Samsung objects that the Court has ordered that Julie Davis may not rely on PX 142 as evidence of demand, *see* ECF No. 2575 at 8-9 (striking Davis' reliance on documents only noted by Musika on Exhibit 3 and 3-S to his report), Apple has identified other witnesses who may sponsor PX 142. ECF No. 2406-3 at 10 (citing Philip Schiller, Greg Joswiak, Russell Winer). |

---

[1] The *Panduit* test, derived from *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978), is often employed to decide whether an entity whose patents have been infringed is entitled to lost profits. Under this test, the patentee must establish that each of four factors is met in order to obtain an award of lost profits. *Id.* at 1156. The first *Panduit* factor requires assessment of the demand for the patented product. *Id.* The second *Panduit* factor requires an assessment of whether there is an absence of acceptable noninfringing substitutes. *Id.*

2

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S OPENING SLIDES, APPLE'S OBJECTIONS TO SAMSUNG'S OPENING SLIDES, AND AMENDING ORDER RE: NONINFRINGING ALTERNATIVES BASED ON THE 2012 JURY'S NONINFRINGEMENT VERDICT, ECF NO. 2657

|   |   |
|---|---|
|   | Further, the Court overruled Samsung's objection to the use of this Slide in Apple's opening statement in the 2012 trial. ECF 1546 at 24. |
| 5 | Overruled. This image of Steve Jobs derives from JX 1091, a video in which Steve Jobs presents the iPhone and the various patented features embedded in it at a Macworld conference in January 2007. The picture is not substantially more prejudicial than probative, as it is relevant to the history and development story of the iPhone, which the Court has held is admissible. ECF No. 2535 at 38-39 ("I do think that Apple's investment [and development story] is relevant to damages."); *see also* ECF No. 2645 at 2 (Pre-trial conference order denying Samsung's motion to exclude testimony relating to Apple's products and Apple history). The title, "The iPhone Redefined the Smartphone," is not unduly argumentative. Further, JX 1091 was admitted at the 2012 trial. ECF No. 1947 at 11. |
| 11 | Overruled. This Slide embeds JX 1091 which is a video in which Steve Jobs presents the iPhone and the various patented features embedded in it at a Macworld conference in January 2007. The video is not substantially more prejudicial than probative, as it is relevant to showing demand for both the patented product, the iPhone, under *Panduit* factor one, and demand for the patented features, which is relevant to proving *Panduit* factor two. This specific segment of the video embedded in the Slide demonstrates the bounce feature of the '381 patent at issue, and the crowd's reaction is probative to consumer demand. Further, JX 1091 was admitted at the 2012 trial. ECF No. 1947 at 11. |
| 17, 19 | Overruled. In the 2012 trial, the Court overruled Samsung's objections to Apple's use of resized images of the phones at issue. ECF Nos. 1267 at 5; 1455 at 4. Further, given that the retrial jury will already be instructed that the Infuse 4G (pictured on Slides 17 and 19) infringes the D'677 and '915 patents, the Court fails to see how these Slides' depictions of the relative size of the Infuse 4G and the iPhone could result in unfair prejudice to Samsung. In addition, the Court rejects Samsung's claim that Slide 17's depiction of the D'677 patent as "translucent" is somehow misleading. *See* ECF No. 2669 at 5. The image on Slide 17 appears to be identical to Figure 3 of the D'677 patent. *See* ECF No. 75-13 fig. 3. |
| 20, 24 | Overruled. Slides 20 and 24 are identical copies of page one of PX 3, but with a new title at the top, "Timeline of Samsung Smartphones," which shows pictures of Samsung smartphones from March 2004 to November 2006, and a picture of the Apple iPhone announced in 2007. Samsung claims these Slides are irrelevant and unfairly prejudicial under Federal Rules of Evidence 401 and 403 because "Apple's counsel has selectively chosen among a wide variety of different Samsung designs to present a self-serving and wholly misleading picture of Samsung's design history" and because the Slides "ignore Samsung's independent creation of its phones." ECF No. 2669 at 5. The Court is unconvinced that the probative value of these Slides is substantially outweighed by the risk of unfair prejudice, as Samsung does not contend that the pictures of the phones are inaccurate. Further, PX 3 was admitted at the 2012 trial. ECF No. 1611 at 141. |
| 21, 25 | Overruled in part and sustained in part. Slides 21 and 25 are identical copies of |

3

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S OPENING SLIDES, APPLE'S OBJECTIONS TO SAMSUNG'S OPENING SLIDES, AND AMENDING ORDER RE: NONINFRINGING ALTERNATIVES BASED ON THE 2012 JURY'S NONINFRINGEMENT VERDICT, ECF NO. 2657

| | |
|---|---|
| | page two of PX 3, but with a new title at the top, "Timeline of Samsung Smartphones;" the removal of one Samsung smartphone, the "Sunburst;" and the addition of a picture of the Samsung's F700 smartphone. The Slide shows pictures of Samsung smartphones from December 2007 to November 2009, and a picture of the Apple iPhone announced in 2007. Samsung claims these Slides are irrelevant and unfairly prejudicial under Federal Rules of Evidence 401 and 403 because "Apple's counsel has selectively chosen among a wide variety of different Samsung designs to present a self-serving and wholly misleading picture of Samsung's design history" and because the Slides "ignore Samsung's independent creation of its phones." ECF No. 2669 at 5. The Court is unconvinced that the probative value of these Slides is substantially outweighed by the risk of unfair prejudice, as Samsung does not contend that the pictures of the phones are inaccurate. Further, PX 3 was admitted at the 2012 trial. ECF No. 1611 at 141. While Samsung claims these Slides are "particularly misleading when used in conjunction with Slide 22 and PX 40," ECF No. 2669 at 5, it does not clearly articulate why that is the case. Thus, Samsung's objection is overruled in part.<br><br>However, Samsung's objection is sustained in part as to the date of the announcement of the F700. Samsung objects that it is misleading to show the F700 as being announced in December 2007 because the correct date is February 2007. In support, Samsung cites DX 2627, an Apple internal presentation regarding the "3GSM Congress Trade Show Report" which states that at that trade show in February 2007, the Samsung F700 phone was preannounced. DX 2627 at 24-25. It also cites ECF No. 1889 (Reformatted Final Exhibit List from first trial), where the Court stated last time that the date on page one of DX 2627 (noting the date of the trade show as February 2006) is incorrect and is actually February 2007. Apple has submitted no argument in response to support its December 2007 date. ECF No. 2670 at 2-3. Thus, given that Apple's own internal document notes that the F700 was preannounced in February 2007, the date underneath the picture of the F700 phone in the Slides is stricken, and Apple shall change the date to the correct date. |
| 22 | Overruled. Slide 22 provides snippets from PX 40, which is an internal email by Samsung's Head of Mobile Division in which he states that the "iPhone has become the standard," "[i]f you compare the UX [of Samsung's Omnia phone] with the iPhone, it's a difference between Heaven and Earth," and that Samsung was experiencing a "crisis of design." PX 40 at 1-5. The Slide is relevant to showing demand for the patented product, the iPhone, pursuant to the first *Panduit* factor, and its probative value is not substantially outweighed by any prejudice to Samsung. The heading "Samsung Recognized 'Crisis of Design'" is not argumentative. Further, PX 40 was admitted in the 2012 trial. |
| 23, 26 | Overruled. In the 2012 trial, the Court overruled Samsung's objections to Apple's use of resized images of the phones at issue. ECF Nos. 1267 at 5; 1455 at 4. In addition, the Court rejects Samsung's argument that Slides 23 and 26 misleadingly imply that all the depicted phones infringe the D'677 patent because the Slides appear to be a continuation of Slides 20 and 21. *See* ECF No. 2669 at 6. Slides 20 and 21 do not state that the Samsung phones infringe |

| | |
|---|---|
| | Apple's patents. The title is simply, "Timeline of Samsung Smartphones." The images of the phones in the two sets of Slides are markedly different, in that Slides 23 and 26 depict phones with screen icons, while the screens of the phones depicted in Slides 20 and 21 are blank. There is no implied connection between Slides 20 and 21 and 23 and 26 and thus no basis for finding Slides 23 and 26 misleading. Moreover, none of these Slides reference any patents or any infringement. |
| 33, 35 | Sustained. Slides 33 and 35 present a damages calculations on an "average per unit" basis. Neither Apple's 2012 damages expert, Terry Musika, nor Apple's retrial damages expert, Julie Davis, calculated damages on a per unit basis. *See* ECF No. 2669 at 6. Although Apple contends that the "average per unit" damages calculations are proper given that they are derived from previously available data, *see* ECF No. 2670 at 3-4, the Court has previously ruled that the parties may not use "previously unperformed calculations" at the retrial "irrespective of whether the underlying data needed to perform those calculations was available at the first trial," ECF No. 2575 at 12-13; *see also id.* at 5-6. |
| 34 | Sustained. In the 2012 trial, the Court ruled that "[t]he Court will instruct the jurors on the law.  It is improper for the parties to do so and to argue the law in opening statements.  Accordingly, any Slide containing a statement of the law, not otherwise addressed in this Order, must also be excluded from Samsung's opening statement presentation." ECF No. 1456 at 4. Accordingly, the Court will not allow the parties to present quotes from the final jury instructions in opening statements. Moreover, Slide 34 partially quotes from one of the parties' joint proposed final jury instructions and does not completely and accurately state the jury instruction. ECF No. 2513 at 66. The objection is sustained. |
| 36-42 | Overruled. Samsung objects, on relevance grounds, to Apple's use of pages 1, 19, 20, 21, 26, 31, 36 of PX 36, which is a 2008 presentation made for Samsung by GravityTank, a consulting firm, which assessed what consumers want in a smartphone. The report is called, "[T]ouch portfolio, Rollout Strategy, Recommendation Based on Consumer Insight." Although the exhibit was admitted at the 2012 trial during Russell Winer's testimony to prove that Samsung tried to associate itself with the iPhone's trade dress, ECF No. 1612 at 229-30, these Slides are relevant to show demand for the patented product, the iPhone, pursuant to the first *Panduit* factor. The Slides state that "Pundits tell us that the iPhone is a revolution . . . And so do iPhone users." Slides 38-39. Slide 40 states that "[t]his enthusiasm has spread far beyond [Apple's] customer base" and that the iPhone is "the most preferred touch brand across high value segments," Slide 41 states that the iPhone's "strong, screen-centric design has come to equal what's on trend and cool for many consumers," and Slide 42 states that "consumers don't see the iPhone as simply usable; they see it as enjoyable, engaging and cool." The Court has also already denied Samsung's motion to exclude Cira Conley's testimony regarding PX 36. ECF No. 2645 at 2.<br><br>Further, Slide 42 is independently relevant to show demand for the patented features, which is required by *Panduit* factor two. The Slide refers to the features of Apple's '915 patent ("Gestures like the two-fingered pinch and flick"; "With the multi-touch function you can zoom in and zoom out") and '381 patent ("Lists |

| | |
|---|---|
| | bounce"). While Samsung's argues that the Slide does not relate to the patented features because the '381 patent does not cover "bounce" generally and the '915 patent does not cover "two fingered pinch," ECF No. 2669 at 7, Samsung's argument goes to weight rather than admissibility. The jury can assess whether or not the document reflects demand for Apple's specific patents at issue based on the descriptions in the Slides.<br><br>Samsung also objects to Slide 42 on the basis that Dr. Balakrishnan did not rely on PX 36 in his expert report and thus that Apple "lacks any competent testimony linking this document to the feature claimed by the '915 and '163 patents." ECF No. 2669 at 7. However, expert testimony is not necessary to establish this link, and the document is still probative of demand for the patented features. Apple has designated other witnesses to testify about this document. ECF 2406-3 (Apple's Exhibit List) at 4 (citing Julie Davis, Justin Denison, Peter Bressler, Michael Wagner, Russell Winer). |
| 43-44 | Overruled. These Slides show pages one and fifty-eight of PX 44, which is a "Relative Evaluation Report on S1, iPhone" and is an internal Samsung presentation comparing over 100 features of the iPhone to Samsung's Galaxy Si9000 phone. The Slides are probative of demand for the patented feature (Apple's '163 patent) under the second *Panduit* factor because Slide 44 (page fifty-eight of PX 44) suggests that Samsung employees thought Samsung should implement that feature present in the iPhone. The document states that "[w]hen another point [on the iPhone] is double tapped after zooming in, [it] moves to the different portion and zooms in." Because Samsung's zoom feature only "zooms out to the original screen," the document recommends that the "Double Tap zoom in/out function needs to be supplemented." (*Id*.) Samsung's argument that PX 44 is not relevant to the '163 patent because the '163 patent "does not cover double-tap to zoom generally, but rather double-tap to zoom based on a 'structured electronic document,'" ECF No. 2669, goes to weight, not admissibility. Contrary to Samsung's argument, the document's highly probative value is not substantially outweighed by any possible confusion by the jury that '163 covers double-tap to zoom generally.<br><br>Further, in the 2012 trial, the Court overruled Samsung's objection to this Slide, allowing Apple to use it in its opening statement. ECF 1455 at 3. |
| 45-46 | Overruled. These Slides show pages one and sixty-six of PX 46, which is a document titled "Behold3 Usability Evaluation Results" which summarizes Samsung's testing and evaluation of its user interface design against third party phones, including the iPhone. The Slides are probative of demand for a patented feature (Apple's '381 patent) pursuant to the second *Panduit* factor because Slide 46 (page sixty-six of PX 46) suggests that Samsung employees thought Samsung should implement that feature which was present in the iPhone. The document compares scrolling effects in the Behold3 phone to the "visual element that seems to bounce" in the iPhone and provides "Directions for Improvement" by suggesting that Samsung "implement a fun visual effect when dragging a webpage." *Id.* Samsung's argument that PX 46 is not relevant to the '381 patent because the '381 patent "does not cover the concept of bounce or bounce across |

6

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S OPENING SLIDES, APPLE'S OBJECTIONS TO SAMSUNG'S OPENING SLIDES, AND AMENDING ORDER RE: NONINFRINGING ALTERNATIVES BASED ON THE 2012 JURY'S NONINFRINGEMENT VERDICT, ECF NO. 2657

| | |
|---|---|
| | an edge generally," ECF No. 2669 at 8, goes to weight, not admissibility. Contrary to Samsung's argument, the document's probative value is not substantially outweighed by any possible confusion by the jury that '381 patent covers bounce effects generally.

Further, Apple cited this same page of PX 46 in its opening statement last year. ECF No. 1547 at 332-33. Contrary to Samsung's argument, PX 46 was admitted into evidence during the 2012 trial without any limiting instruction. ECF No. 1947 at 2. |

Samsung also objects to use of PX 34, PX 38, PX 57, PX 186, PX 195 in Apple's opening statement. ECF No. 2669 at 1-2. Apple no longer intends to use these exhibits in its opening statement. ECF No. 2674. Accordingly, Samsung's objections to Apple's use of these exhibits in Apple's opening statement are denied as moot.

## II.  APPLE'S OBJECTIONS TO SAMSUNG'S OPENING SLIDES

Apple has filed objections to Samsung's Opening Slides and exhibits to be used during Samsung's Opening Statement. ECF No. 2671. Samsung has filed a response. ECF No. 2669. After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules on Samsung's objections as follows:

| SAMSUNG SLIDE NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| 13, 39, 80 | Overruled. These Slides highlight portions of PX69, a 2011 J.D. Power and Associates Report on Wireless Smartphone Satisfaction, which was admitted without limitation at the 2012 trial. *See* ECF No. 1947 at 3. Although the Court previously excluded Samsung's damages expert, Michael Wagner, from using PX69 in support of his theory that only 5% of Samsung's profits or Apple's trade dress are attributable to Apple's design patents, *see* ECF Nos. 1157 at 9-10; 2575 at 13:21-14:7, none of these Slides refers in any way to Wagner's excluded "apportionment" theory of damages. Because Slides 13, 39, and 80 are based on previously admitted Exhibit PX69 and do not refer to an excluded theory, the Court overrules Apple's objection. The Court's previous rulings excluding Wagner's "apportionment" theory of damages remain in effect. |
| 38 | Sustained. Slide 38 is a video showing an orange/yellow "glow" feature of the Nexus S 4G that Samsung intends to offer as a design around for the '381 patent. *See* ECF No. 2669 at 12-13. The phone itself was admitted at the 2012 trial as JX1023, ECF No. 1947 at 9, but Samsung has not identified, and the Court has |

7
Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S OPENING SLIDES, APPLE'S OBJECTIONS TO SAMSUNG'S OPENING SLIDES, AND AMENDING ORDER RE: NONINFRINGING ALTERNATIVES BASED ON THE 2012 JURY'S NONINFRINGEMENT VERDICT, ECF NO. 2657

| | |
|---|---|
| | not found, where in the record Samsung previously disclosed this "glow" feature as a design around for the '381 patent. Because Samsung's design around theory based on this orange/yellow glow feature was not previously disclosed, the Court finds that Slide 38 relies on an untimely disclosed theory and sustains Apple's objection on that basis. |
| 21, 123 | Sustained. Apple accused three different applications of infringing the '381 patent. Samsung seeks to use a video showing noninfringement of one of those applications in the Galaxy Tab 7.0. The 2012 jury found that the Galaxy Tab 7.0 infringed the '381 patent as well as the other two utility patents at issue in the retrial, so Samsung's use of this video would effectively require a demonstration of other applications of the Galaxy Tab 7.0 to explain the 2012 jury's verdict as to the '381 patent. This would effectively be a retrial of the issue of infringement and would mislead the jury, confuse the issues, and waste time. Moreover, the probative value of the video is low because Samsung may rely on other noninfringing alternatives to the '381 patent as permitted in the Court''s Order Re: Noninfringing Alternatives Based on the 2012 Jury's Noninfringement Verdict. ECF NO. 2657. Thus, under Rule 403 the probative value of the video is substantially outweighed by the risk of misleading the jury, confusing the issues, presenting cumulative evidence, and wasting time. However, if Dr. Balakrishnan contradicts his 2012 trial testimony on this issue during the retrial, then Apple will have opened the door, and Samsung may impeach Dr. Balakrishnan. |
| 23, 99, 167 | Overruled. These Slides reference prior art. Slides 23, 99, and 167 are drawn from Exhibits DX655, DX518, and DX556 respectively, all of which were admitted without limitation at the 2012 trial. *See* ECF No. 1947 at 6-7. Although Apple objects that these Exhibits "can only be used to challenge the validity of the patents-in-suit," ECF No. 2671 at 2, the Court has already recognized that prior art is relevant to determining the marginal benefit of the patented feature over what existed at the time of the invention and is therefore relevant to damages, *see* ECF No. 2562 at 8:20-23. Because these Slides are relevant to damages and reference previously admitted Exhibits DX655, DX518, and DX556, the Court overrules Apple's objection. |
| 48, 86, 122, 168 | Overruled as to Slides 48, 86, and 122. These Slides were all used during Samsung's opening statement at the 2012 trial.<br><br>Apple's objection to Slide 168 is sustained. The Slide is titled "Microsoft Device," but depicts a figure from a Microsoft Patent. Samsung has failed to explain how this Slide accurately represents Microsoft's '632 patent. The '632 patent does not describe an animated finger. Rather, it describes using "a keypad, stylus or the like to pan the display to view additional portions of the tile space." DX561, '632 patent at 2:33-34. In addition, the patent does not describe zooming and refocusing on different tiles as shown in the animation on Slide 168. Instead, the patent describes, for example, viewing portions of the tile space not currently shown on a display screen by allowing a user to "indicate a direction to navigate within the tile space via the user interface component." *Id.* at 6:38-41. Samsung represents that Apple did not object to this animation in the 2012 trial, but invalidity is not at issue in the new trial, and the Court finds the animation insufficiently similar to the patent disclosure to allow the jury to see it without a |

8

| | | |
|---|---|---|
| | | sponsoring witness testifying to its accuracy. |
| | 69, 165 | Overruled. Samsung's damages expert, Michael Wagner, stated in his Updated Expert Report that products, including the Galaxy Ace, that the 2012 jury found not to infringe Apple's design patents provided evidence of available noninfringing alternatives for those patents. ECF No. 2401 ¶ 500. Apple did not move to strike this portion of Wagner's Updated Report. *See* ECF No. 2381 at 6-7. In ruling on Apple's Motion to Strike Portions of the Wagner Report and Motion in Limine #3 to Exclude Samsung's "New" Design Around Theories, the Court ruled, based on a Federal Rule of Evidence 403 analysis, that Wagner could not rely on the Galaxy Ace as evidence of noninfringing alternatives for the '915 patent, but did not address the D'677 patent, because Apple did not move to strike with respect to the D'677. *See* ECF No. 2657 at 13-14.<br><br>Based on a Rule 403 analysis, the Court now AMENDS its prior order regarding the 2012 jury's noninfringement verdict with respect to the Galaxy Ace. The probative value of the Galaxy Ace as a noninfringing alternative for the D'677 patent is high, because the Galaxy Ace is the only accused phone that the 2012 jury found not to infringe the D'677 patent. *See* ECF No. 1931 at 6. Further, the risk of unfair prejudice, confusion of the issues, waste of time, or presenting unnecessarily cumulative evidence is low with respect to admitting the Galaxy Ace as a noninfringing alternative to the D'677. The Galaxy Ace was not accused of infringing any patent not already at issue in the retrial, *see id.* at 6-7, and the time needed to explain that the Galaxy Ace was found to infringe the '381 and '163 patents will be minimal considering that those patents are already at issue in the retrial. Because the probative value of the Galaxy Ace is not substantially outweighed by the remaining Rule 403 factors, the Court will allow Wagner to rely on the Galaxy Ace as evidence of available noninfringing alternatives for the D'677 patent and therefore overrules Apple's objection to Slides 69 and 165. Furthermore, given that the Galaxy Ace will now be part of the retrial, the Court amends its previous order barring Wagner from relying on the Galaxy Ace as evidence of available noninfringing alternatives for the '915 patent. Once the 2012 jury's noninfringement verdict for the Galaxy Ace is admitted as to one patent, it should be admitted as to all patents at issue in the retrial. Accordingly, Wagner will be permitted to rely on the 2012 jury's noninfringement verdict as to the Galaxy Ace as evidence of noninfringing alternatives to both the '915 and D'677 patents. The 2012 jury's infringement verdict with respect to the Galaxy Ace is also admissible. The Court's Order barring Wagner from relying on the Vibrant remains intact. |
| | 71, 174 | Moot. Samsung has either withdrawn these Slides or amended them to address Apple's objections. *See* ECF No. 2669 at 11 n.2 (withdrawing Slide 174); 19 (removing citation to PX66 on Slide 71, which satisfies Apple's objection). |
| | 76, 119 | Sustained. In the 2012 trial, the Court ruled that "[t]he Court will instruct the jurors on the law.  It is improper for the parties to do so and to argue the law in opening statements.  Accordingly, any Slide containing a statement of the law, not otherwise addressed in this Order, must also be excluded from Samsung's opening statement presentation." ECF No. 1456 at 4. These Slides contain improper argument of the law relating to lost profits and a reasonable royalty. |

9
Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S OPENING SLIDES, APPLE'S OBJECTIONS TO SAMSUNG'S OPENING SLIDES, AND AMENDING ORDER RE: NONINFRINGING ALTERNATIVES BASED ON THE 2012 JURY'S NONINFRINGEMENT VERDICT, ECF NO. 2657

| | |
|---|---|
| 96 | Sustained. In the 2012 trial, the Court ruled that "[t]he Court will instruct the jurors on the law.  It is improper for the parties to do so and to argue the law in opening statements.  Accordingly, any Slide containing a statement of the law, not otherwise addressed in this Order, must also be excluded from Samsung's opening statement presentation." ECF No. 1456 at 4. Accordingly, the Court will not allow the parties to present quotes from the final jury instructions in opening statements. Slide 96 is entitled "Jury Instruction" and provides the same exact language as one of the parties' joint proposed final jury instructions. ECF No. 2513 at 66. The objection is sustained. |

Apple's objections to Slides 34, 41, 52, 53, 61, 63, 70, 93, 100, 105, 115, 134, 160, 161, 163 will be addressed by the Court in a separate order.

The parties' evidentiary objections and responses throughout the course of the trial shall not exceed six pages each. Samsung's brief regarding its objections to Apple's opening Slides was single spaced. ECF No. 2669. Henceforth, the parties' briefing on all objections shall be double spaced, pursuant Civ. L. Rule 3-4(c)(2) ("Text must appear on one side only and must be double-spaced with no more than 28 lines per page.").

**IT IS SO ORDERED.**

Dated: November 10, 2013

_____
LUCY H. KOH
United States District Judge

10
Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S OPENING SLIDES, APPLE'S OBJECTIONS TO SAMSUNG'S OPENING SLIDES, AND AMENDING ORDER RE: NONINFRINGING ALTERNATIVES BASED ON THE 2012 JURY'S NONINFRINGEMENT VERDICT, ECF NO. 2657