QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS EMERGENCY MOTION TO ENFORCE THE COURT'S APRIL 29, 2013 AND NOVEMBER 7, 2013 ORDERS** |

## I. INTRODUCTION

Apple's Opposition (Dkt. No. 2697) merely confirms why Samsung is entitled to relief. Apple does not deny that Mr. Musika's methodology limits lost profits to where the design-around period overlaps with the damages period. Apple does not deny that Mr. Musika testified at trial he used that methodology. Apple does not deny that Ms. Davis's methodology is limited to the same theory. Apple does not deny that Ms. Davis's only non-excluded opinion on lost profits assumes that Apple should receive no lost profits on the '318, '163, and D'677 patents. Apple does not deny that Ms. Davis offers no other theory of lost profits, and presents no other calculations of lost profits. Apple does not deny that Ms. Davis does not opine on how to adjust her calculations for any other assumptions about design around times, nor does she present any calculations using any other design around times. Nor has Ms. Davis disclosed how to adjust her calculations if the design around times were longer, or indefinite. These uncontested facts show that Samsung's motion should granted.

Instead, Apple seeks to make an end run around the Court's ruling striking Ms. Davis's other lost profits theories. On the eve of trial, Apple now contends for the first time—wrongly—that it can present a case for lost profits that disavows ***its own expert's*** methodologies, theories, and calculations. Because Apple has not disclosed any other case for lost profits, its undisclosed theory will apparently be articulated by counsel for the first time during trial. The Court should not allow this. The Court's "Groundhog Day" ruling was directed at *the parties*, not merely at the experts. "The Court will not permit *the parties* to expand the scope of the damages trial by relying upon … new methodologies or theories." Dkt. 2316 at 3 (emphasis added). Apple intends to disregard the Court ruling. *See* Opp. at 2 ("The Court's November 7, 2013 Order limited only ***Ms. Davis's*** testimony regarding lost profits …"). The Court should not permit Apple to present a new theory of lost profits just because Apple is now unhappy with its expert's theory.

Separately, Apple fails to address how it intends to satisfy *Panduit* factor 4: ***the amount of*** profit Apple would have made if Samsung had not infringed. The amount of lost profits must be proven to a reasonable certainty (*Ryco, Inc. v. Ag-Bag Corp.*, 857 F.2d 1418, 1428 (Fed. Cir. 1988)), not left to chance or speculation as Apple proposes. Absent reliable testimony on the

amount of lost profits, Apple invites speculation and guesswork. *Ryco, Inc.*, 857 F.2d at 1428 ("The amount of lost profits awarded cannot be speculative but the amount need not be proven with unerring precision.") (quoting *Bio-Rad Laboratories, Inc. v. Nicolet Instrument Corp.,* 739 F.2d 604, 616, 222 USPQ 654, 664 (Fed.Cir.), *cert. denied,* 469 U.S. 1038, 105 S.Ct. 516, 83 L.Ed.2d 405 (1984)). The likely result is jury confusion and another excessive and unsupportable damages award.[1] The Court should not permit this to happen again.

## II. APPLE'S NEW MYSTERY THEORY MUST RELY ON UNDISCLOSED METHODOLOGIES, THEORIES AND CALCULATIONS

Apple should not be allowed to present a new theory wholly separate from Mr. Musika's and Ms. Davis's methodology. But that is what Apple proposes to do. Apple's self-serving attempt to describe the evidence it will present for its new theory falls flat. The Court has already excluded Apple's first attempt to introduce a new "Average Per Unit" theory of lost profit damages. *See* Dkt. 2696 at 5 (sustaining Samsung's objection). Likewise, Apple's own description of its new theory confesses it will rely on undisclosed calculations: "Apple should be permitted to present that evidence to the jury, and the jury is free to accept or reject ***that calculation*** or the assumptions on which it relied." Opp'n at 3 (emphasis added). Apple has not disclosed what that calculation will be. There is nothing in Apple's boilerplate interrogatory responses other than conclusory assertions that Apple lost profits. There is nothing in those responses to help the jury determine what sales Apple allegedly lost, when, and what the economic cost would have been. In that absence, there can be no sound economic proof of lost profits. *See*

---

[1] As this Court noted: "Neither the Court, nor Apple, nor anyone else can guarantee that the jury will return a verdict that reveals the design around period start dates on which the jury relied or that the jury's damages award will provide the Court with any means of calculating and deducting the portion of the award attributable to Apple's erroneous design around period assumptions. Indeed, under Apple's proposed verdict form for the retrial, ECF No. 2512, there is no guarantee that the Court will even be able to determine whether the jury awarded lost profits, infringer's profits, a reasonable royalty, or some combination of the three. In the absence of any reasonable strategy by which to ensure that the Court will be able to discern the design around period start dates that factored into the jury's award, the Court will not take the risk of allowing Apple to present a legally erroneous damages analysis to the jury." Dkt. No. 2660 at 11 n.7.

*Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1350 (Fed. Cir. 1999) (a showing of lost profits "requires sound economic proof of the nature of the market and likely outcomes with infringement factored out of the economic picture."). Apple's interrogatory response is not sufficient to support its plea to present a new (and still undisclosed) theory of lost profits to the new jury.

Moreover, it goes without saying that Samsung has never had the opportunity to take any discovery into Apple's still undisclosed theory or calculations. Had Apple *ever hinted* in the last two years that it effectively intended to jettison its own expert's theories, Samsung would have obviously propounded written discovery and noticed depositions to discover and test what this new theory was. As it stands, on the eve of trial, both Samsung and the Court are completely in the dark as to what Apple intends to argue, the specific evidence its intends to present to support that argument, and the calculations it intends to offer.

Apple cannot have it both ways. Either Apple presents its case consistent with Ms. Davis's methodology, and seeks no lost profits on the '318, '163, and D'677 patents, or it presents a new theory that must rely on different, and therefore undisclosed (or previously excluded) methodologies, theories and calculations. Any version of the latter will be in direct violation of the Court's prior orders and the fundamental notion of a fair trial. The Court should not permit that to happen.

### III. APPLE'S UNDISCLOSED THEORY CANNOT MEET ITS BURDEN UNDER *PANDUIT*

As an initial matter, Apple is wrong to suggest that *Panduit* is an alternative to showing but-for causation. Opp. at 4 ("*Panduit* factors provide a separate way of proving lost profits."). It is not. Rather, *Panduit* is a recognized way of meeting the burden of proving "but-for" causation. *See Micro Chemical, Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1122 (Fed. Cir. 2003) ("To recover lost profits a patentee must show that "but for" infringement it reasonably would have made the additional profits enjoyed by the infringer. … The *Panduit* and two-supplier market tests are

1  recognized methods of showing 'but for' causation.") (citations omitted) (emphasis added).²

2  Further, Apple fails to show how its new mystery theory can satisfy all four *Panduit* factors. That as an initial matter, Apple's Opposition admits that ***all four*** *Panduit* factors must be proven by Apple before Apple is even eligible to recover lost profits. Apple Opp. at 4. That much is undisputed. Yet, nowhere in the Opposition does Apple specify how it intends to actually meet *Panduit* factor four—"the amount of profit Apple would have made if Samsung had not infringed" without the aid of an expert. Opp. at 4. It is therefore abundantly clear that Apple cannot carry its burden on lost profits.

On page five of the Opposition, Apple states that it "has disclosed and intends to present at trial evidence demonstrating each of the *Panduit* factors." Although Apple then ***lists*** four bullet points in support—perhaps an attempt to suggest that it can actually meet all four *Panduit* factors—a closer look at the substance of those four bullet points shows that, in fact, Apple identifies witnesses to testify about ***only three*** of the four factors. Specifically:

**Factor One – Demand**: Apple identifies Ms. Davis and Mr. Schiller in the first two bullet points as witnesses that Apple says will address "demand." Opp. at 5.

**Factor Two – Absence of Non-infringing Alternatives**: Here, Apple argues that "Apple's technical experts and percipient witnesses may testify regarding the value of Apple's patented inventions and the unlikelihood that Samsung would be able to successfully design around Apple's patents." While Samsung reserves its right to object to any such testimony as being outside the scope of any applicable expert report, for purposes of this Reply Samsung will take Apple's statement at face value. *Id.*

**Factor Three – Capacity**: Apple's lone witness is Mr. Belvins, who Apple says "may testify regarding Apple's capacity to make additional sales during the damages period." *Id.*

**Factor Four – The Amount of Profit Apple Would Have Made**: Here, Apple's new damages theory falls apart. Nowhere in the four bullet points does Apple specify how it will

---

² In any event, Apple has never disclosed any methodology for lost profits apart from Mr. Musika's, which uses the *Panduit* factors. *See* Dkt. 2386-3 Musika Report at ¶ 120.

1  prove the amount of profits Apple would have made in this case but for Samsung's infringement.
2  Instead, Apple intends to shift its burden on this factor to the jury: "From this evidence, a jury
3  could reasonably find that Apple is entitled to lost profits for the '915, '381, '163, and D'677
4  patents and award an appropriate amount of damages to compensate Apple for those lost profits."
5  Opp. at 5.

6  Apple's inability to meet *Panduit* factor four and articulate a lost profits calculation
7  evidences that it cannot present a lost profits theory at all.  And that is fatal.  Courts do not permit
8  lost profits when *Panduit* factor four cannot be met.  *See, e.g.*, *Panduit Corp. v. Stahlin Bros.*
9  *Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978) ("Panduit is not entitled to its lost profits
10 on lost sales in this case because of its failure to establish element (4).  The district court upheld as
11 not clearly erroneous the master's finding that 'there was insufficient evidence from which a fair
12 determination could be made as to the amount of profit plaintiff would have made on such
13 sales.'"); *SmithKline Diagnostics, Inc. v. Helena Laboratories Corp.*, 926 F.2d 1161, 1167 (Fed.
14 Cir. 1991) (affirming district court's holding that plaintiff failed to prove by a preponderance of
15 the evidence its entitlement to recover its lost profits as actual damages); *Ferguson*
16 *Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Systems*, 350 F.3d 1327, 1346
17 (Fed. Cir. 2003) (reversing a damages award because the district court failed to allocate profits to
18 sales that would have been made "but for" the infringement).

19 **IV.    APPLE'S POSITION IS INCONSISTENT WITH ITS ARGUMENTS AND THE**
        **COURT'S RULINGS IN THE FIRST TRIAL**
20
21 Apple's argument that it may introduce evidence supporting its lost profits theory despite
22 the Court's order striking that theory from Ms. Davis's report is contrary to both Apple's position
23 and the Court's rulings in the previous trial.  Indeed, when Apple sought to preclude Samsung
24 from arguing a damages theory to the jury that its expert had been precluded from testifying about,
25 Apple successfully argued that "causation and apportionment of damages are not areas within a
26 juror's ordinary experience." Dkt. No. 1871 at 2.  The Court accepted Apple's argument over
27 Samsung's objection, and precluded Samsung from presenting the theory to the jury in closing.
28  *See* Dkt. No. 1896 at 2 (excluding Samsung closing slide SDX5006.008 because "The Court

struck the design and trade dress apportionment analysis of Samsung's damages expert Mr. Wagner. ***Samsung may not now introduce apportionment analysis without supporting expert testimony.***") (emphasis added). That ruling was in accord with the Court's other trial rulings, where it consistently precluded both parties from using exhibits and demonstratives that were not timely disclosed in expert reports or otherwise. *See* Dkt. Nos. 1519 (excluding use of multiple exhibits as untimely disclosed); 1545 at 10 (precluding Samsung from using evidence with fact witnesses that had been stricken from Samsung's experts' reports); 1563 at 2–8 (excluding use of multiple exhibits and demonstratives as untimely disclosed); 1456 at 2 (striking opening slide referring to prior art exhibit that had been stricken from Samsung's expert's report by Judge Grewal as untimely disclosed.).

### V.     **LOST PROFITS DAMAGES REQUIRE EXPERT TESTIMONY**

Apple's attempts to downplay the significance of expert testimony fall flat. Apple relies almost entirely on *reasonable royalty* cases, which offer no support for Apple's claim that it can prove *lost profits* without any supporting expert testimony. As the court held in *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1382 (Fed. Cir. 2003), the absence of expert testimony should not preclude a reasonable royalty award because 35 U.S.C. § 284 unequivocally states that "the district court ***must*** award damages in an amount no less than a reasonable royalty." Moreover, the calculation of a reasonable royalty—multiplying the total number of infringing sales by the jury's chosen royalty rate—does not involve the same level of complexity as the lost profits analysis. *Cf. Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255, 1267 (Fed. Cir. 2013) (affirming reasonable royalty award despite the exclusion of patentee's damages expert where the jury accepted the royalty rate proffered by *defendant's* expert and "used common sense" to multiply that rate "to a larger number of infringing sales.").[1]

In effect, Apple wants to put a series of numbers into evidence and leave the jury to its

---

[1] Tellingly, in the only lost profits case Apple cites in support of its analysis, the patentee's lost profits claim was **supported by expert testimony**. *Presidio Components, Inc. v. American Technical Ceramics Corp.*, 702 F.3d 1351, 1360-61 (Fed. Cir. 2012).

1  own devices to figure out how to put together a proper lost profits calculation.  Doing so would
2  invite an award that is purely speculative, and not based on a theory grounded on the "sound
3  economic proof" the Federal Circuit requires in the lost profits context.  *See Grain Processing*,
4  185 F.3d at 1350; *Oiness v. Walgreen Co.*, 88 F.3d 1025, 1033 (Fed. Cir. 1996) ("Without credible
5  economic testimony, this court cannot permit a jury to base its award on speculation."); *Info-Hold,
6  Inc. v. Muzak LLC*, 2013 WL 940393, at *2 (S.D. Ohio 2013) (rejecting as speculative a lost
7  profits theory in which the plaintiff cited to one document in support of lost profits and its expert
8  did not rely on it: "Plaintiff's arguments regarding lost profits are nothing more than unsupported
9  allegations . . . [a]ttorney argument is not evidence.").

10        Nor has Apple cited a single case holding that a patentee can advocate a lost profits award
11 greater than the amount calculated by its own expert.  In *Alaska Rent-a-Car, Inc. v. Avis Budget
12 Grp., Inc.*, 709 F.3d 872, 883 (9th Cir. 2013)—a breach of contract case applying New York
13 law—the defendant did not challenge the jury's verdict on the ground that it was "slightly more"
14 than the expert's calculation.  Instead, the court merely held that the expert's damages model
15 sufficiently proved the plaintiff's damages with reasonable certainty.  *Id.* at 885–86.  Apple's
16 citation to *Unisplay, S.A. v. Am. Elec. Sign Co.*, 69 F.3d 512, 519 (Fed. Cir. 1995) is entirely
17 misleading.  *Unisplay*'s "maximum recovery rule" governs **remittitur**—how the court should
18 remedy an award that is not supported by the evidence.  Nothing in *Unisplay* sanctions a
19 patentee's attempt to expressly advocate an award that is unsupported by the evidence.
20 Furthermore, given the high stakes of this particular case and its complexity, proposing a new
21 damages theory unrelated to any expert report or testimony on lost profits is completely improper.
22 *Carella v. Starlight Archery and Pro Line Co.*, 804 F.2d 135, 141 (Fed. Cir. 1986) ("Obviously,
23 the amount of detailed testimony and documentation regarding computations of the patentee's lost
24 profits will vary with the size and complexity of the patentee's company and with the extent to
25 which that information is challenged or contradicted by the infringer.").

26 **VI.  APPLE'S CITED CASES**

27        Apple's remaining cases not already addressed above, and its attempts to distinguish
28 Samsung's cases, are unavailing for various reasons:

- Apple attempts to distinguish both *IPPV Enterprises, LLC v. Echostar Communications Corp.*, 191 F. Supp. 2d 530, 569 (D. Del. 2002) and *Harris Corp. v. Ericsson, Inc.*, No. 98-cv-2903, 2003 WL 21750710, at *6, *8 (N.D. Tex. July 17, 2003)—cases that Samsung cited in its Motion—on the basis that in those cases the "damages award was not supported by any evidence." But Apple misses the point: In both cases, the plaintiff—just like Apple here—shifted its damages theory at trial. *See* Motion at 6–7. In both cases, the courts remitted the jury awards, finding that it was improper and prejudicial for the plaintiff to have done so. This Court should to the same here.

- Apple's recitation of Samsung's argument in its motion for JMOL, new trial and/or remittitur is unavailing. That a jury "is not bound to accept the bottom line provided by any particular damages expert" (Dkt. No. 2053 at 16 (citing *In re First Alliance Mortgage Co.*, 471 F. 3d 977, 1002 (9th Cir. 2006)) is beside the point. The issue here is that Apple seeks to completely *disavow* its own expert's calculations and present the jury with a still undisclosed theory and calculation of damages in violation of numerous Court orders limiting the parties to their prior theories, methodologies and calculations. Apple is not inviting the jury to evaluate the testimony of both sides' experts in arriving at its award," but to disregard the experts altogether. Dkt. 2271 at 2.

- Apple's reliance on *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1578 (Fed. Cir. 1989) is inapposite. Apple purports to rely on this case to argue that a jury can rely on non-expert evidence regarding demand, sales, Apple's profits and market share to award lost profits in this case. However, in *State Indus.*, the plaintiff presented expert testimony to the judge during a bench trial, not a jury trial, that specified its theory for lost profits. *See State Industries, Inc. v. Mor-Flo Industries, Inc.*, 1988 U.S. Dist. LEXIS 15910, 17-18 (E.D. Tenn. July 21, 1988) (District Court Action).

- Apple's attempt to rely on *Landes Construction Co. v. Royal Bank of Canada* is even more specious. 833 F.2d 1365, 1373 (9th Cir. 1987). In *Landes*, the defendant orally agreed to lend money to the construction company plaintiff to finance the purchase of

-8-   Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY ISO EMERGENCY MOTION TO ENFORCE THE COURT'S APRIL 29, 2013 AND NOVEMBER 7, 2013 ORDERS

commercial real estate and the bank later breached the agreement. *Id*. at 1367. The plaintiff's expert presented two theories for damages, one for lost profits and one for the difference between the purchase price of the land and fair market value. *Id*. at 1372. The jury found for the plaintiff, but awarded an amount that was lower than either of the amounts presented by the plaintiff's expert. *Id*. *Landes* is a breach of contract case, not a patent case, and so the Panduit factors were not an issue. Furthermore, the Court in *Landes* found that the jury, who was presented with expert testimony, properly awarded an amount lower than the expert had suggested, not that a jury could award damages in the absence of expert testimony, which is what Apple is trying to do here.

## VII.  CONCLUSION

Samsung respectfully requests that the Court grant Samsung's motion for an order precluding Apple from arguing for lost profits on any patent other than the '915 patent, and from presenting any new theory or calculation of lost profits not disclosed by Ms. Davis.

DATED: November 10, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Victoria F. Maroulis*
William C. Price
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC