QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar. No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES REGARDING (1) EXHIBITS TO BE USED WITH BALAKRISHNAN, BLEVINS, DAVIS, HAUSER, AND SINGH AND (2) DESIGNATED DEPOSITION TESTIMONY OF BENNER, CHANG, DENISON, LEE, NAM, AND PENDLETON** |

I.       SAMSUNG'S HIGH PRIORITY OBJECTIONS

<u>RAVIN BALAKRISHNAN (PX 46 & 57) AND KARAN SINGH (PX 38 & 44)</u>: PX 38, 44, 46 and 57.  Apple's sole argument for the relevance of these alleged copying documents is that they are evidence of demand relevant to the *Panduit* factors.  Dkt. No. 2670 at 4-6.  However, *Panduit* is only relevant to lost profits, and Apple is not entitled to seek lost profits on the '163 and '381 patents.  Moreover, evidence of copying is not relevant to any *Georgia-Pacific* factor for reasonable royalty.  Any minimal relevance is far outweighed by the undue prejudice to Samsung.  At a minimum, all pages of these documents not related to the patented features should be excluded as irrelevant and unfairly prejudicial.

<u>RAVIN BALAKRISHNAN</u>: PX 46 relates to the Behold3, the development name for the Vibrant.  The Vibrant is not a product in the retrial, and is therefore irrelevant.  Indeed, Samsung has been prohibited from discussing the Vibrant as a noninfringing alternative under Court order.  *See* Dkt. 2657 at 14. PX 57 relates to the P5, the development name for the Galaxy Tab 8.9.  The Tab 8.9 was never accused of infringement in this litigation; thus the document is irrelevant. PX 52 is a licensing presentation from Apple to Samsung.  The document is irrelevant because willful infringement and notice dates for the patent are undisputed and have been established by Court order.  Dkt. 2271.  Any probative value is far outweighed by the prejudice of Apple's conclusory allegations of infringement and copying throughout the document.  Furthermore, the document should be excluded under FRE 408.

<u>KARAN SINGH</u>: PX 38 does not relate to the '163 patent, as it describes a noninfringing alternative to the '163 patent.  *See* PX 38.13 (describing double-tap to zoom in and then out, not double-tap to zoom and double-tap to recenter).

<u>JULIE DAVIS</u>: **PDX100:**    Samsung first objects to the following slides in PDX100 as containing new calculations never previously disclosed in either Mr. Musika's or Ms. Davis's reports.  Specifically, PDX100.7, PDX100.9, PDX100.10, PDX100.13, PDX100.14, PDX100.15, PDX100.20, PDX100.24, PDX100.25, PDX100.28, PDX100.37, PDX100.38, and PDX100.49 contain calculations of infringing units for Samsung's profits and reasonable royalty, and Apple's purported capacity, which have never been previously disclosed.    Second, Samsung objects to the

following slides as highly prejudicial: PDX100.7, PDX100.30, PDX100.31, and PDX100.34. Each of these slides show a Samsung gross profits figure that covers products and time periods for which Apple has no conceivable claim to Samsung's profits under Section 289. Only seven of the 13 products at issue in this trial were found to infringe one or more design patents, and thus trigger the disgorgement remedy. Yet, the gross profits figures on these slides include *all* products at issue. Apple should not be permitted to flaunt an inflated damages number to which it has no conceivable claim in order to mislead the jury into thinking that its actual lower number is somehow "conservative." **PX25G:** PX25G is a new exhibit created by Apple solely for this trial and should be excluded on that basis alone. It also includes prejudicial figures. PX25G.2 and PX25G.7 through PX25G.10 show a Samsung gross profits figure that covers products and time periods for which Apple has no conceivable claim to Samsung's profits under Section 289. Only seven of the 13 products at issue in this trial were found to infringe one or more design patents, and thus trigger the disgorgement remedy. Yet, the gross profits figures on these slides include all products at issue and for periods before which Apple has any claim to Samsung's profits. **PX26A**: PX26A purports to "summarize" *126* exhibits founds on Ms. Davis's Exhibit 24-PT and 25-PT. Many of these documents are designed to insinuate copying (*see, e.g.,* nos. 39, 40, 53, and 58 from first table; and 12, 20, 29, 36, 38 ) and thus violate the Court's Order Granting in Part and Denying in Part Samsung's Rule 702 Motion (Dkt. 2654), and its directive that it would consider such documents on a document-by-document basis (Dkt. 2535 at 46:19-21).

<u>JOHN HAUSER</u>: PDX103.3 and 103.4 describe a conjoint survey "validation study" involving laptop bags that purports to confirm that choices made using real money "match" choices made in an earlier study that did not use real money. Dr. Hauser performed no such validation study in this case. He should not be permitted offer testimony that will confuse the jury and mislead them into believing that results from a survey involving simple laptop bags somehow validate his conjoint survey of complex electronics products with hundreds of features in this case. The prejudice to Samsung is compounded by Dr. Hauser's failure to disclose basic information about the bag study, including pretesting information, survey questionnaires and response data, that

1  would allow for proper cross-examination. PDX103.3 and 103.4 should be excluded under FRE
2  403.
3  <u>DONG HOON CHANG</u>: Both 61:10-62:9 and 122:7-123:15 refer to documents not related to a
4  patented feature.  157:20-158:25 refer to privileged information; Mr. Chang has no personal
5  knowledge or foundation as a basis for his statements.
6  <u>JUNWON LEE</u>: Apple's allegations of copying and Apple's own subjective belief that Samsung
7  copied Apple's products does not show that Samsung actually copied, and therefore cannot be
8  relevant to demand or any other disputed issue in this case.  Moreover, Apple's copying
9  allegations are prejudicial to Samsung.  See Dkt. 2406; Dkt. 2418.  Samsung also objects to
10 PX52, supra, p. 1.
11 <u>KIHYUNG NAM</u>: Mr. Nam has no knowledge or foundation regarding the exhibit in 39:8-40:8;
12 his statements are entirely speculative.
13 <u>TIM BENNER</u>: Testimony is unfairly incomplete under FRE 106 which requires that other parts
14 of Mr. Benner's testimony be introduced "at [the same] time" as part of Apple's deposition clips
15 because "in fairness [they] ought to be considered at the same time."  FRE 106.  Specifically, the
16 designations from page 38 must include 39:2-3, the designations from page 57 must include
17 57:10-15, and the designation from page 61 must include 61:13-16 (which Apple included in its
18 pre-trial designations).  Samsung objects to deposition designations from pages 37-38, 57, and 60-
19 61 on Rule 403 grounds.  The questions misleadingly characterize the documents being asked
20 about, and are designed to leave the false impression that design is the single most important
21 driver of consumer phone purchasing, when, in fact, the evidence shows merely that it is common
22 for consumers to consider design—as one of other considerations—at some point in the
23 purchasing process.   <u>JUSTIN DENISON</u>:  Samsung objects to the testimony designated for
24 Justin Denison (9/21/2013 Dep. Tr. 46:19-47:6) under FRE 403 because the question is vague and
25 likely to confuse the jury.   <u>TODD PENDLETON</u>:  Samsung objects to the testimony designated
26 for Todd Pendleton (Dep. Tr. 115:18-116:116:19) because the witness lacks foundation to answer
27 this question outside the scope of his 30(b)(6) topics; it is vague as to time; and the question is
28 misleading and prejudicial under 403 because it suggests that his answer is true at all times.

## II. SAMSUNG'S RESPONSES TO APPLE'S HIGH PRIORITY OBJECTIONS

RAVIN BALAKRISHNAN: SDX8008.02 and SDX8008.32 demonstrate the narrow scope of the '381 patent.  SDX8008.02 shows a hard stop feature and a scroll bar, which plainly fall outside the scope of the patent, and SDX 8008.32 shows a zoomed-out gallery bounce feature, which Dr. Balakrishnan admits falls outside the scope of the patent.  Dkt. 1695.  These videos are highly probative of whether the hard stop with a scroll bar and zoomed-out gallery bounce are viable non-infringing alternatives to the '381 patent.  If Dr. Balakrishnan opines that a scroll bar or zoomed-out gallery bounce would not be non-infringing alternatives or would be less valuable than the '381 patent, Samsung should be permitted to impeach him with a video demonstration of this functionality.

TONY BLEVINS: DX 2721 is being offered for a non-hearsay purpose—to show that Apple was aware that its persistent backlogs led to lost sales and industry criticism. It is highly probative of the limitations of Apple capacity.  DX 2725 is not hearsay because it falls within the market report and commercial publication exception to the hearsay rule.  See Fed. R. Evid. 803(17).  DX 2725 is highly probative as it shows lack of excess capacity.  DX 2724 likewise falls within the market report and commercial publication exception to the hearsay rule.  See Fed. R. Evid. 803(17).  DX 2724 is highly probative of Apple's inability to increase supply of iPad 2.

JULIE DAVIS: SDX8008.27 is not offered to demonstrate a non-infringing alternative, but rather to demonstrate the extent of use, or lack thereof, of the '381 patent in the accused products.  The extent of use is highly relevant to several *Georgia-Pacific* factors, including (1) the utility of the asserted patent over alternatives; (2) the extent to which the infringing devices use the patented feature; and (3) demand for the asserted patent.  The fact that 12 of the 13 Samsung products at issue do not use the "bounce effect" claimed by the '381 in the Browser application is relevant to rebutting Davis's reasonable royalty analysis and claimed royalty rate.  Apple points to no inaccuracy in 8008.27 and has not articulated how admission of the information violates FRE 403.  DX905 is the transcript of a deposition of Julie Davis in *Calphalon v. Meyer*, Case No. 05-cv-00971-WBS (E.D. Cal), a patent case in which Davis testified as a damages expert.  Samsung does not intend to move the transcript into evidence, and will only use the transcript for

impeachment purposes, if necessary.  Apple has not articulated which portions it finds objectionable, or the specific reasons why those portions would be objectionable.  Samsung should be entitled to impeach Davis with her prior testimony to the extent her trial testimony is inconsistent with her previous statements.  **SDX8008.018**: In its Order re Samsung's opening slides, the Court ruled that it would not allow evidence regarding Yellow Glow because it could not determine whether Samsung previously disclosed this "glow" feature as a noninfringing alternative.  Dkt. 2696 at 7-8.  However, Yellow Glow was clearly disclosed to Apple as one of many noninfringing alternatives in Samsung's Response to Apple's Interrogatory No. 16, served on February 3, 2012 (stating "Design arounds or non-infringing alternatives, either known to Samsung or implemented by Samsung, include using techniques such as blue glow (or edge glow or yellow glow), tilt, partial bounce back, spring back, or no bounce back.")  Borden Decl. Exs. A & B.  Dr. Balakrishnan opined that he had considered noninfringing alternatives in his expert report (Borden Decl. Ex. C) and stated at deposition that Yellow Glow does not infringe. (Borden Decl. Ex. D).  Moreover, Yellow Glow falls outside the scope of Judge Grewal's sanctions order, which excludes "evidence of its design around efforts"  Dkt. 898.  Yellow Glow was not a design around effort, but rather was a noninfringing alternative already implemented on the devices based on stock Android code.  Thus, Apple has long known that Yellow Glow is a noninfringing alternative to the '381 patent based on Samsung's February 3, 2012 response to Apple's January 4, 2012 interrogatory.

<u>JOHN HAUSER</u>: SDX8004.008 is an excerpt of Dr. Hauser's trial testimony.  Prior inconsistent statements made under oath are not hearsay.  FRE 801(d)(1).  Samsung is also entitled to impeach Dr. Hauser with prior inconsistent statements under FRE 613.

 DX2700 is Dr. Hauser's expert report in ND Cal II where he offers opinions as Apple's conjoint survey expert.  Statements in that report inconsistent with Dr. Hauser's trial testimony are proper impeachment, whether those statements were made before or after the first trial.  FRE 613.  Further, statements made by Dr. Hauser regarding conjoint surveys in the course of his retention by Apple as a conjoint survey expert are not hearsay. FRE 801(d)(2).

1    SDX8000.014 is not unduly prejudicial.  Dr. Hauser testified that Samsung consumers
2 who on average paid $152 for a smartphone would pay a $100 price premium for three patented
3 touchscreen features.  Hauser admitted that he tested but did not report price premiums for five
4 other features.  Dkt. No. 1695, Trial Tr. at 1932:15-22.  That only a small fraction of the total
5 number of smartphone features yielded price premiums approaching the average price of the
6 phone—along with Hauser's decision not to report the premiums for even the few other features he
7 did test—is fair game for cross-examination.  *See TV Interactive Data Corp. v. Sony Corp.*, 929 F.
8 Supp. 2d 1006, 1026 (N.D. Cal. 2013)(that the few features tested in conjoint survey added up to
9 $120 of the $150 product was "appropriate for consideration by a jury.").
10 KARAN SINGH: SDX8003.008 depicts the prior art LaunchTile video.  This Court has
11 repeatedly ruled that prior art is "relevant to determining the marginal benefit of the patented
12 feature over what existed at the time of the invention." Dkt. 2696 at 8.  The video is annotated to
13 point out features of the prior art that correlate with the elements of claim 8 of the '163
14 patent.  The video is not prejudicial, but will rather be used to the extent Dr. Singh opines that the
15 '163 patent is broader in scope than the LaunchTile prior art.
16    SDX7004.008 and SDX7004.009 depict the accused behavior of (1) the practicing
17 Continuum and (2) the noninfringing Replenish side-by-side.  SDX7004.008 reflects the same
18 phones with the same functionality as the physical exhibits currently housed at the
19 Courtroom.  SDX7004.09 depicts two of Dr. Singh's own videos of the same phones that Dr.
20 Singh presented to the 2012 jury to show infringement.  The functionality in exhibit
21 SDX7004.009 is the same as that in SDX7004.008.  This Court has already ruled that Samsung
22 may use phones the 2012 jury found not to infringe as evidence of available noninfringing
23 alternatives.  *See* Dkt. 2657; 2696.  These demonstratives are not prejudicial because they
24 demonstrate the existence of an available noninfringing alternative.  The demonstratives will
25 show that the noninfringing behavior is identical to the behavior that was found to
26 infringe.  Moreover, as the jury will have the infringing and noninfringing devices in the jury
27 room, they will be able to test the physical exhibits themselves to see the same identical behavior
28 depicted in the videos in SDX7004.08 and SDX7004.09.

| | |
|---|---|
| DATED: November 11, 2013 | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br><br>By */s/ Victoria F. Maroulis*<br>    Charles K. Verhoeven<br>    Victoria F. Maroulis<br>    Kevin P.B. Johnson<br>    Michael T. Zeller<br>    Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |