# EXHIBIT A

| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR (CA SBN 161368)<br>jtaylor@mofo.com<br>ALISON M. TUCHER (CA SBN 171363)<br>atucher@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>JASON R. BARTLETT (CA SBN 214530)<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>       Plaintiff,<br><br>       v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>       Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S SEVENTH SET OF INTERROGATORIES (NOS. 15-16)** |

Apple Inc. ("Apple" or "Plaintiff") hereby requests, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, that Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC respond to each interrogatory below and serve its answers on Apple's counsel at the offices of Morrison & Foerster LLP, 425 Market St., San Francisco, CA 94105-2482 within thirty (30) days, or such other time as the parties agree or the Court orders.

## DEFINITIONS

The words and phrases used in these Interrogatories shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.  In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1. "Samsung," "You," "Your," and/or "Defendants" mean Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Defendants, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

2. "Apple" means Apple Inc. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

3. "Products at Issue" means the following products that Samsung has imported into or sold, or will import into or sell, in the United States: Acclaim, Captivate, Continuum, Droid Charge, Exhibit 4G, Epic 4G, Fascinate, Gem, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Gravity, Indulge, Infuse 4G, Intercept, Mesmerize, Nexus S, Nexus S 4G, Replenish, Showcase i500, Showcase Galaxy S, Sidekick, Transform, Vibrant, and Galaxy S II (aka Galaxy S 2) phones and the Galaxy Tab, Galaxy Tab 10.1, and Galaxy Tab 8.9 tablet computers, any similar products, and any products that Apple accuses of infringing its intellectual property in this litigation.

1      4.    "Apple Products" means the original iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPad, iPad 2, iPod touch, and future versions thereof.

3      5.    "Utility Patents at Issue" means U.S. Patent Nos. 7,812,828 (the "'828 Patent"), 6,493,002 (the "'002 Patent"), 7,469,381 (the "'381 Patent"), 7,844,915 (the "'915 Patent"), 7,853,891 (the "'891 Patent"), 7,663,607 (the "'607 Patent"), 7,864,163 (the "'163 Patent"), and 7,920,129 (the "'129 Patent").

7      6.    "Design Patents at Issue" means U.S. Design Patent Nos. D627,790 (the "D'790 Patent"), D617,334 (the "D'334 Patent"), D604,305 (the "D'305 Patent"), D593,087 (the "D'087 Patent"), D618,677 (the "D'677 Patent"), D622,270 (the "D'270 Patent"), and D504,889 (the "D'270 Patent").

11      7.    "Patents at Issue" means the Utility Patents at Issue and the Design Patents at Issue.

13      8.    "Hardware Design" means a device's casing, screen and screen borders, bezel or band, buttons, ports, speaker, and all hardware, insignia, or ornamentation thereon.

15      9.    "Graphical User Interface Design" means the graphical user interface displayed on a device's screen, including all of the icons displayed as part of the graphical user interface.

17      10.    "Original iPhone Trade Dress" means the following elements of Apple's product designs: a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; the appearance of a metallic bezel around the flat clear surface; a display screen under the clear surface; under the clear surface, substantial black borders above and below the display screen and narrower black borders on either side of the screen; when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and when the device is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed.

26      11.    "iPhone 3G Trade Dress" means the following elements of Apple's product designs: a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; the appearance of a metallic bezel around the flat clear surface; a display

screen under the clear surface; under the clear surface, substantial black borders above and below the display screen and narrower black borders on either side of the screen; when the device is on, a row of small dots on the display screen; when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and when the device is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed.

12. "iPhone 4 Trade Dress" means the following elements of Apple's product designs: a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; a display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders above and below the display screen and narrower black borders on either side of the screen; a thin metallic band around the outside edge of the phone; when the device is on, a row of small dots on the display screen; when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and when the device is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed.

13. "iPhone Trade Dress" means the following elements of Apple's product designs: a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; a display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders above and below the display screen and narrower neutral borders on either side of the screen; when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and when the device is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed.

14. "iPad Trade Dress" means the following elements of Apple's product designs: a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; the appearance of a metallic rim around the flat clear surface; a display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders on all sides of the display screen; and when the device is on, a matrix of colorful square icons with evenly

1  rounded corners within the display screen.

2      15.    "iPad 2 Trade Dress" means the following elements of Apple's product designs:
3  a rectangular product with four evenly rounded corners; a flat clear surface covering the front of
4  the product; the appearance of a metallic rim around the clear flat surface; a display screen under
5  the clear surface; under the clear surface, substantial neutral (black or white) borders on all sides
6  of the display screen; and when the device is on, a matrix of colorful square icons with evenly
7  rounded corners within the display screen.

8      16.    "Trade Dress Registrations" means U.S. Registration Nos. 3,470,983; 3,457,218;
9  and 3,475,327.

10     17.    "Trade Dress Applications" means U.S. Application Serial Nos. 77/921,838;
11 77/921,829; 77/921,867; and 85/299,118.

12     18.    "Registered Icon Trademarks" means the marks shown in U.S. Registration
13 Nos. 3,866,196; 3,889,642; 3,886,200; 3,889,685; 3,886,169; and 3,886,197.

14     19.    "Purple iTunes Store Trademark" means the mark shown in U.S. Application
15 Serial No. 85/041,463.

16     20.    "iTunes Eighth Note and CD Design Trademark" means the mark shown in U.S.
17 Registration No. 2,935,038.

18     21.    "Apple Trademarks and Trade Dress" means the: Original iPhone Trade Dress,
19 iPhone 3G Trade Dress, iPhone 4 Trade Dress, iPhone Trade Dress, iPad Trade Dress, iPad 2
20 Trade Dress, Trade Dress Registrations, Trade Dress Applications, Registered Icon Trademarks,
21 Purple iTunes Store Trademark, and iTunes Eighth Note and CD Design Trademark

22     22.    "Accused Feature" means any aspect, element or function of any Product at Issue
23 that is alleged to infringe any of the Patents at Issue, including each function identified in
24 Apple's Infringement Contentions.  The term includes each of the following: (1) the function that
25 allows for an image, list, or webpage to be scrolled beyond its edge until it is partially displayed;
26 (2) the function that allows for an image, list, or webpage that is scrolled beyond its edge to
27 scroll back or bounce back into place so that it returns to fill the screen; (3) the function that
28 allows for the automatic closing of a user interface window; (4) the function that allows for the

1  display and operation of a user interface status bar; (5) the function that allows for the detection
2  and identification of a touch or object on a touch screen display; (6) the function for detecting
3  and interpreting user input or gestures on a touch screen display, including the function that
4  determines whether a user input relates to scrolling or a scaling gesture; (7) the touch screen on
5  the accused devices and any software, firmware, or other system used to control said touch
6  screen.

7        23.     "Source Code" means source code and source code repositories, including but not
8  limited to: (1) all makefiles, history files, or similar code-generation control or version-control
9  files for such source code, including files identifying (a) the date when code was checked in;
10 (b) the identity of persons who coded and checked-in the code; and (2) an identification of such
11 source code, including (a) version number(s), (b) the compiler used in the development of such
12 source code and (c) the operating system used in the development of such source code.  Requests
13 for Source Code cover prototypes, released and unreleased versions, and public and proprietary
14 Source Code.

15       24.     "Document(s)" has the broadest possible meaning permitted by Federal Rules of
16 Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent
17 with the terms "writings" or "recordings" as set forth in Rule 1001 of the Federal Rules of
18 Evidence, and specifically and without limitation include tangible things and electronically
19 stored information, including e-mail and information stored on computer disk or other electronic,
20 magnetic, or optical data storage medium.  "Document(s)" also includes all drafts or non-final
21 versions, alterations, modifications, and amendments to any of the foregoing.

22       25.     "Communication(s)" means the transmittal of information in the form of facts,
23 ideas, inquiries, and any exchange or transfer of information whether written, oral, electronic, or
24 in any form.

25       26.     "Tangible Thing(s)" has the broadest possible meaning permitted by Federal
26 Rules of Civil Procedure 26 and 34 and the relevant case law.

27       27.     "Concerning" or "Relating" mean regarding, referring to, concerning, mentioning,
28 reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing,

discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

28. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

29. The use of the singular form of any word includes the plural and vice versa.

30. "And" as well as "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning possible, so as to bring within the scope of the Request all information that might otherwise be construed to be outside its scope. The term "all" is to be construed to mean "any" and "each" and vice versa.

31. "Including" shall be construed to mean "including, without limitation" or "including, but not limited to."

32. "Person(s)" means natural persons as well as business entities and associations of all sorts, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

33. "Entity" or "Entities" means, including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

34. "Third Party" or "Third Parties" means all persons who are not parties to this Litigation, as well as their officers, directors, employees, agents and attorneys.

35. "First Amended Complaint" means the first amended complaint in the above-captioned action dated June 16, 2011.

36. "Answer" means Samsung's answer to the First Amended Complaint in the above-captioned action dated June 30, 2011.

37. "Samsung's Counterclaims" means Samsung's Counterclaims asserted in response to the First Amended Complaint in the above-captioned action dated June 30, 2011.

38. "Related Foreign Proceedings" means any litigation or court proceeding involving Apple and Samsung occurring outside the United States regarding any of the same subject

matter, patents, trademarks, or products at issue in this case.

**INSTRUCTIONS**

1. If Samsung contends that any Interrogatory is objectionable in whole or in part, please state with particularity each objection, the basis for it, and the categories of information to which the objection applies, and respond to the Interrogatory insofar as it is not deemed objectionable.

2. If Samsung finds the meaning of any term in these Interrogatories unclear, they shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Interrogatory according to the assumed meaning.

3. If Samsung is withholding or intends to withhold any information requested by an Interrogatory by reason of the attorney-client privilege, work-product doctrine, or other privilege, doctrine, or immunity, please provide a privilege log identifying: (i) the information, document, or communication alleged to be so protected by author, subject matter, date, number of pages, attachments, and appendices; (ii) the names and job titles of all recipients of the information, document, or communication, including blind copy recipients and any individual to whom the information, document, or communication was distributed, shown, or explained; (iii) the information, document, or communication's current custodian; and (iv) all bases, factual and legal, upon which such protection from discovery rests.  Please provide this log at the time you serve your responses to these Interrogatories.

4. The following Interrogatories shall be deemed continuing so as to require supplemental production in the event that Samsung obtains additional knowledge or information responsive to the Interrogatories.

**INTERROGATORIES**

**INTERROGATORY NO. 15:**

Specifically for each Design Patent at Issue, identify and describe in detail each design-around and/or allegedly non-infringing alternative that can be used as an alternative to the patented design, including but not limited to:  (1) a description of the alleged design-around; (2) a description of when and how the alleged design-around was developed; (3) the identity of

individuals involved in developing the alleged design-around, including their titles and departments if they are or were Samsung employees; and (4) dates when the alleged design-around was incorporated in Samsung's products.

**INTERROGATORY NO. 16:**

Specifically for each Utility Patent at Issue, identify and explain in detail each design-around and/or alleged alternative technology or method that can be used as an alternative to the patented technology, including but not limited to:  (1) a description of the alleged design-around; (2) a description of when and how the alleged design-around was developed; (3) the identity of individuals involved in developing the alleged design-around, including their titles and departments if they are or were Samsung employees; and (4) dates when the alleged design-around was incorporated in Samsung's products.

Dated:   January 4, 2012                        MORRISON & FOERSTER LLP

                                                By:    /s/ Mia Mazza
                                                       Mia Mazza

                                                       Attorneys for Plaintiff
                                                       APPLE INC.

# CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2012, a true and correct copy of **APPLE INC.'S SEVENTH SET OF INTERROGATORIES (NOS. 15-16)** was served via electronic mail on the following counsel of record at the addresses indicated below:

Charles Kramer Verhoeven
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Email: charlesverhoeven@quinnemanuel.com

Edward J. DeFranco
Quinn Emanuel Urquhart & Sullivan, LLP
335 Madison Avenue , 22nd Floor
New York, NY 10017
Tel: 212-849-7000
Fax: 212-849-7100
Email: eddefranco@quinnemanuel.com

Kevin P.B. Johnson
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-801-5100
Email: kevinjohnson@quinnemanuel.com

Michael Thomas Zeller
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street , 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
Email: michaelzeller@quinnemanuel.com

Victoria F. Maroulis
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-801-5100
Email: victoriamaroulis@quinnemanuel.com

| | |
|---|---|
| 1 | Margret Mary Caruso |
| | Quinn Emanuel Urquhart & Sullivan, LLP |
| 2 | 555 Twin Dolphin Drive, Suite 560 |
| | Redwood Shores, CA 94065 |
| 3 | Tel: 650-801-5000 |
| | Fax: 650-801-5100 |
| 4 | Email: margretcaruso@quinnemanuel.com |
| 5 | Todd Michael Briggs |
| | Quinn Emanuel Urquhart & Sullivan, LLP |
| 6 | 555 Twin Dolphin Drive, Fifth Floor |
| | Redwood Shores, CA 94065 |
| 7 | Tel: 650-801-5000 |
| | Email: toddbriggs@quinnemanuel.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California, this 4th day of January 2012.

*/s/ Esther Kim*
Esther Kim

CERTIFICATE OF SERVICE
CASE NO. 11-CV-01846-LHK
sf-3089743