HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | Case No.     11-cv-01846-LHK (PSG)<br><br>**APPLE'S OBJECTIONS AND RESPONSES TO OBJECTIONS REGARDING RAVIN BALAKRISHNAN, TONY BLEVINS, JULIE DAVIS, JOHN HAUSER, AND KARAN SINGH AND DEPOSITION DESIGNATIONS DISCLOSURES FOR TIMOTHY BENNER, DONG HOON CHANG, JUSTIN DENISON, JUNWON LEE, KIHYUNG NAM, AND TODD PENDLETON** |

Apple hereby provides its high-priority objections and responses to Samsung's objections regarding exhibits to be used during the direct and cross-examination of Ravin Balakrishnan, Tony Blevins, Julie Davis, John Hauser, and Karan Singh, and deposition designations for Timothy Benner, Dong Hoon Chang, Justin Denison, Junwon Lee, Kihyung Nam, and Todd Pendleton.

## I. RAVIN BALAKRISHNAN

### A. Objections to Samsung's Cross Examination Exhibits

*SDX8008.07.* This slide is nearly identical to Samsung's opening slides 21 and 123, which the Court has already excluded under FRE 403. (Dkt. No. 2696 at 8.)

*SDX8008.02.* This slide should be excluded for similar reasons as Samsung's opening slides 21 and 123, which the Court has already excluded under FRE 403. (Dkt. No. 2696 at 8.) The document purports to show an infringing phone, the Captivate, running an application that was not accused of infringement, which "would mislead the jury, confuse the issues, and waste time." (*Id.*) Further, to the extent that Samsung intends to argue that the application provides evidence of a design-around, such a theory is new and has been excluded by the Court. (*See*, *e.g.*, Dkt. No. 2696 at 7-8; Dkt. No. 898 at 9 (precluding evidence of design-around efforts for the '381); Dkt. No. 1106 at 3-4 (same); Dkt. No. 1545 at 3-5 (same).)

*SDX8008.32.* This slide should be excluded as a post-trial document and under FRE 403. As an initial matter, the slide includes an embedded video that was attached to a post-trial motion, (Dkt. No. 2338-6), and should be excluded for this reason alone. (*See* Dkt. No. 2552 at 4 (excluding exhibits containing post-trial briefs and Orders); *see also* Dkt. No. 2575 at 11-12.) In addition, the slide would also mislead the jury and confuse the issues because the video does not show "Gallery Code Cited by Apple," is not related to any code accused by Apple, and does not contain any code.

### B. Responses to Objections to Apple's Direct Examination Exhibits

*PX46.* This exhibit was admitted at the first trial through Dr. Balakrishnan, (Dkt. No. 1695 at 1758:3-21), and is relevant to show demand and value for the patented products and features under a lost profits and reasonable royalty analysis. (*See*, *e.g.*, PX46.16, 46.66.) The

1  document is an internal Samsung document testing and evaluating the user interface design of the
2  development Galaxy phone against the iPhone.  The Court has found similar evidence to be
3  "highly probative" of demand for the patented features.  (*See*, *e.g.*, Dkt. No. 2696 at 6-7
4  (overruling objections to opening slides 45-46).)

5        *PX57.*  This exhibit was admitted at the first trial through Dr. Balakrishnan, (Dkt. No.
6  1695 at 1763:9), and is relevant to demand and value for the patented products and features under
7  a lost profits and reasonable royalty analysis.  (*See*, *e.g.*, PX57.19, 57.73.)  The document is a
8  Samsung document testing and evaluating the user interface design of a Samsung prototype tablet
9  against the iPad 2.  It concludes that the Samsung prototype lacked the advantages of the "bounce
10 effect" in the iPad, which it characterized as a "Critical" problem.  (PX57.19.)  Mr. Wagner
11 agrees that this type of evidence constitutes evidence of demand.  (Dkt. No. 2407-17 at 466:14-
12 20.)

13       *PX52.*  This exhibit was admitted at the first trial to show actual notice of the '381 patent.
14 (Dkt. No. 1695 at 1959:13.)  If it is used at this trial with this witness it will be used to show that
15 the patent for which actual notice in the presentation was provided is the '381 patent.

16 **II.   TONY BLEVINS**
17     **A.   Objections to Samsung's Cross Examination Exhibits**
18       *DX2721, DX2724, and DX2725.*  Apple objects to these documents as hearsay and under
19 FRE 403.  The documents are out-of-court statements apparently being offered to prove the truth
20 of the matter asserted.  The prejudice to Apple far outweighs any probative value.  For example,
21 the speculation in the DX2721 about consumers' alleged thoughts and any damage to Apple's
22 brand is prejudicial and would confuse the issues and mislead the jury. 24~nawol

23 **III.  JULIE DAVIS**
24     **A.   Objections to Samsung's Cross Examination Exhibits**
25       *DX905.*  The document is an excerpt of a deposition from an unrelated case.  During that
26 deposition, Ms. Davis was asked whether she was ethically obligated to disclose that she was
27 working with opposing counsel on another matter.  Ms. Davis testified that she had no such
28 obligation and that there may be a conflict if a consultant has worked with the opposing *party* (as

1  opposed to opposing counsel).  Her work for Samsung's counsel poses no conflict, and the party
2  at issue in the other litigation is not a party to this action.  Counsel for Apple and Samsung
3  exchanged letters on this issue when Ms. Davis was disclosed as an expert in May 2013.
4  Samsung never moved to disqualify Ms. Davis on this basis.  DX905 has no relevance and would
5  inject a confusing, collateral, and baseless inquiry.  It is simply an attempt to smear Ms. Davis
6  and is inadmissible under Rule 402 and 403.

***SDX8008.027.***  This slide should be excluded for similar reasons as Samsung's opening slides 21 and 123, which the Court has already excluded under FRE 403.  (Dkt. No. 2696 at 8.)  The listed phones infringe using the '381 feature and Samsung should not present confusing evidence that contradicts the verdict.

***SDX8008.018***.  Apple objects to this video, which shows the purported orange/yellow "glow" design-around for the '381 patent that this Court has excluded on several occasions.  (Dkt. No. 2696 at 7-8 (opening slide 38); Dkt. No. 1106 at 3-4 (Judge Grewal order precluding any "evidence of any kind" of any alleged design-around for the '381 patent).)

**B.     Responses to Objections to Apple's Direct Examination Exhibits**

***PDX100*** is a series of 49 demonstrative slides for use by Apple's damages expert in explaining her opinions and their grounds.  Samsung has refused to identify what slide it objects to; instead objecting to the entire 49 slides as "one" exhibit that allegedly contains new figures.  That is incorrect.  Apple removed all "average per unit" references in compliance with the Nov. 10, 2013 Order.  (Dkt. No. 2696 at 5.)  No "previously unperformed calculations" are depicted in the slides.

***PX25G*** is an update (to comply with orders about the scope of the case) of the latter portion of original PX25, which was disclosed to Samsung before the first trial.  The slide summarizes supporting information to Ms. Davis's previously admitted PX25A1 (formerly the first portion of PX25, and, as updated, is now PX25F).  All content of PX25G was disclosed in portions of the Davis Report that are identical to, or update, the Musika Report (*see* Musika Rpt. Exs. 17.2, 17.3, 18.3, 37.1, 38.1 (Dkt. No. 2407-5); and Davis Rpt. updates, including Exs.17-PT-J and 18-PT-J and JX1500 (Dkt. No. 2407-7).  The latter part of PX25—now PX25G—contains

confidential information. Apple did not submit it in the first trial in reliance on the parties' sealing stipulation (Dkt. No. 1597), which waived any challenge to insufficiency of evidence if those schedules were not submitted. Samsung has refused to a similar stipulation for the new trial, and as a consequence, Apple intends to offer PX25G.

*PX26A* is a summary exhibit listing evidence of demand that Ms. Davis relies upon. Every item in PX26A was contained in the Musika Report and the Davis Report Exhibits 24 and 25. The Court has ruled such demand evidence to be relevant and admissible. (Dkt. No. 2696.)

## IV. JOHN HAUSER

### A. Objections to Samsung's Cross Examination Exhibits

*DX2700.* Samsung seeks to introduce Dr. Hauser's August 11, 2013 expert report from the '630 case. The Court has issued several orders precluding the parties from introducing post-trial material (*see*, *e.g.*, Dkt. Nos. 2552 at 2-4, 2575 at 11-12, 2316 at 3). The Hauser '630 report is hearsay and has low probative value because it involved different patents, tested different features, had different parameters that required a different methodology, and is being used for a different purpose. Further, the report presents a high risk of prejudice and confusion as it would reveal to the jury that there is a second case, which could influence their verdict.

*SDX8004.014-.017.* Apple objects to these slides as misleading because they suggest that the price premiums consumers are willing to pay for individual features can simply be added together to form a "Total." This is not correct. Dr. Hauser did not do this in his report and never suggested price premiums are additive in this way. These slides are also misleading because they suggest that Dr. Hauser omitted a relevant calculation, which he did not do.

*SDX8004.008-009.* Apple objects to the introduction of this demonstrative excerpting from the transcript of Dr. Hauser's prior trial testimony because it is hearsay.

### B. Responses to Objections to Apple's Direct Examination Exhibits

*PDX103.3* This demonstrative relates to a study published by Dr. Hauser demonstrating that hypothetical decisions made by consumers in a conjoint survey accurately reflected the choices they made when given real dollars to purchase real products. The study is specifically

discussed in paragraph 16 of Dr. Hauser's expert report, and cited in FN 7. Samsung included the paper on its exhibit list as DX2731, and lists it as a cross exhibit for Dr. Hauser.

*PDX103.4* This exhibit is literally Figure 6 from Dr. Hauser's paper discussed above, listed by Samsung as DX2731. Samsung's objections should be rejected for the same reasons.

## V. KARAN SINGH

### A. Objections to Samsung's Cross Examination Exhibits

*SDX8003.008.* Apple objects under FRE 403. This demonstrative is a manipulated depiction of alleged prior art. The video shows a user operating the LaunchTile application and is annotated with improper call-outs concluding that what is being shown is "[a] first box in the plurality of boxes . . . [e]nlarging and translating so that the first box is substantially centered" and "[a] second box other than the first box . . . [t]ranslating so that the second box is substantially centered." These paraphrased claim limitations, and the implication that they are met by the LaunchTile application, are an improper attempt to reargue validity of the '163 patent.

*SDX7004.08.* Apple objects under FRE 403 and lacking foundation as Samsung has not disclosed the source of the videos, how it was made, the precise phones used, and other key information such as what software the phones are running.

*SDX7004.09.* Apple objects under FRE 403. Despite naming the embedded video files "PDX29," what is actually shown at SDX7004.09 are low-resolution excerpts of slides from PDX29. To the extent Samsung is attempting to show jurors what the original jury saw before rendering the August 2012 verdict, it should do so with demonstratives consistent in quality and format with those from the original trial.

### B. Responses to Objections to Apple's Direct Examination Exhibits

*PX38.* The document was admitted at the first trial through Dr. Singh (Dkt. No. 1695 at 1845:8) and is evidence of demand and value for the patented features of the '163 patent. (PX38.13, PX38.19, PX38.24.) The Court has found similar evidence to be "highly probative" of demand for the patented features. (*See*, *e.g.*, Dkt. No. 2696 at 6.)

*PX44.* This document was admitted at the first trial (Dkt. No. 1610 at 823-825) and, as the Court has already found, is "highly probative" and shows "demand for the patented feature

(Apple's '163 patent)" because it "suggests that Samsung employees thought Samsung should implement that feature present in the iPhone." (Dkt. No. 2696 at 6; *see, e.g.*, PX44.58, PX44.131.)

## VI. DEPOSITION DESIGNATIONS

### A. Responses to Objections to Apple's Deposition Designations

**Benner.** Apple designated the same lines from pages 37-38 and 60-61 for the previous trial, and the Court overruled Samsung's identical FRE 403 objection in connection with PX69. (Dkt. No. 1662 at 2.) Mr. Benner's testimony demonstrates that design is important to purchasing decisions and in the case of at least one study the "number one reason" for a handset purchase.

**Chang.** The testimony at lines 61:10-19 and 62:2-9 supports competition between Samsung products and iPhone, which is relevant to reasonable royalties and lost profits. The testimony quotes from PX34, an exhibit admitted in the first trial and relied upon by Ms. Davis in evaluating competition between the parties. Mr. Chang also authenticates PX194, an exhibit admitted in the first trial, at lines 122:7-123:15. He recalls a meeting in which Samsung's CEO criticized Samsung's UX mindset of "clinging to the past," showing that Samsung recognized a demand for a better UX. As to lines 157:20-158:25, the Court previously overruled Samsung's privilege objection (Dkt. No. 1657 at 4), and the majority of Apple's designation was played at the first trial with no additional objections. (Dkt. No. 1637 at 12; Dkt. No. 1887-2.)

**Denison.** Mr. Denison's designated testimony directly addresses competition between the parties in the phone and tablet markets, relevant to lost profits and reasonable royalties.

**Lee.** Apple's designations are nearly identical to those played at the previous trial. (Dkt. No. 1887-1.) The designated testimony: (i) authenticates PX52, which is relevant to show notice of the '381 patent; and (ii) supports Apple's position that it did not offer to license design patents.

**Nam.** Mr. Nam's testimony authenticates PX186, an exhibit admitted in the first trial that demonstrates Samsung recognized demand for the '381 patent as implemented on iPad.

**Pendleton.** Mr. Pendleton, Chief Marketing Office of wireless terminals at Samsung, has foundation to testify as to whether Samsung and Apple compete at different price points. Such testimony is relevant to lost profits and reasonable royalties.

| | | |
|---|---|---|
| 1 | Dated: November 11, 2013 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: */s/ Harold J. McElhinny* |
| 4 | | HAROLD J. MCELHINNY |
| 5 | | Attorneys for Plaintiff<br>APPLE INC. |