1  [COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
| Plaintiff, | **JOINT SUBMISSION REGARDING PROPOSED ADDITIONAL JURY INSTRUCTIONS** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Judge:   Hon. Lucy H. Koh<br>Place:   Courtroom 8, 4th Floor<br>Trial:   November 12, 2013 at 9 a.m. |
| Defendants. | |

1  The parties jointly propose a jury instruction regarding the sealing of confidential
2  documents during trial.  That instruction is attached as Exhibit D.
3  Pursuant to the Court's Order re: Noninfringing Alternatives Based on 2012 Jury's
4  Noninfringement Verdict (Dkt. No. 2657 at 15:1-4), the parties also submit the following
5  proposed jury instructions regarding acceptable non-infringing alternatives.  The parties were
6  unable to reach agreement and hereby submit the following competing positions.  Apple proposed
7  instructions are attached as Exhibits A and B.  Samsung's proposed instruction is attached as
8  Exhibit C.

9  **Apple's Position**

10  Apple has proposed limiting (Exhibit A) and final (Exhibit B) instructions to reflect the
11  Court's recent orders regarding non-infringing alternatives and the design-around start date.
12  First, although Apple's position is that products that have been found to infringe another
13  Apple patent are not available as a non-infringing alternative as a matter of law, Apple recognizes
14  that the Court's Order re: Noninfringing Alternatives Based on 2012 Jury's Noninfringement
15  Verdict (Dkt. No. 2657) held otherwise.  Apple preserves its position that a non-infringing
16  product that infringes another Apple patent is not an available non-infringing substitute.  But in
17  view of the Court's order, Apple proposes an instruction permitting the jury to find, as a matter of
18  fact, that a product found to infringe other Apple patents is not available as an acceptable non-
19  infringing substitute.
20  Second, consistent with the Court's Order (Dkt. No. 2657), Apple has proposed an
21  instruction that in considering whether a product is an acceptable substitute, the jury should also
22  consider (1) whether the product lacks the patented feature entirely; (2) whether consumers would
23  view the substitute as equivalent to the patented device; (3) whether the product was available
24  during the relevant damages period; and (4) whether the material, experience and know-how
25  needed to implement the alleged substitute were readily available.  These instructions come
26  directly from the Court's Order, the Court's prior instructions, and Federal Circuit precedent.
27  Third, in view of the Court's order regarding design-around start dates (Dkt. No. 2660),
28  Apple has proposed an instruction intended to clarify that Samsung has the burden of proving the

existence of hypothetical alternatives when an alleged alternative is not on the market during the damages period.

**Samsung's Position**

The Court requested an instruction regarding products that were found not to infringe certain Apple patents or were not accused of infringing certain Apple patents. Samsung's proposed instruction (Exhibit C) closely tracks the November 7 Order (Dkt. No. 2657). The parties have already submitted competing proposed final jury instructions on noninfringing alternatives. (S*ee* Dkt. No. 2513 Ex. B at 39-41 (proposed final jury instruction no. 24).) Nothing in the Court's November 7 Order changes the law on noninfringing alternatives. Apple's submission is therefore duplicative, unnecessary and contradictory to the proposed final jury instructions.

Apple seeks to inject into jury instructions the same arguments that the Court already rejected, including its reliance on *Rite-Hite Co. v. Kelley Corp.*, 56 F.3d 1538 (Fed. Cir. 1995). Apple's instructions on burden of proof are contrary to the November 7 Order. In particular, the Court held that "Apple, as the party seeking damages, bears the initial burden of establishing that no such acceptable noninfringing alternative were available to Samsung during the periods for which Apple claims damages." (Dkt. No. 2657 at 5.) In addition, the Court stated "Moreover, if Apple fails to convince the jury that consumers purchased its patented products because they desired the patented features of those products, then the jury could reasonably infer that Samsung's noninfringing products were acceptable substitutes even without further evidence that the noninfringing products contained the patented features." (*Id.* at 6-7.) The Court did not invite the parties to brief these arguments again.

Apple's skewed instructions, which Samsung did not receive until 10:30 a.m. this morning, distort the law of lost profits and noninfringing alternatives. To the extent Apple makes additional arguments in its noon submission to the Court, Samsung reserves the right to respond further.

Samsung believes that a limiting instruction is not necessary and a final jury instruction is sufficient.

Dated: November 11, 2013

| | |
|---|---|
| MORRISON & FOERSTER LLP<br>HAROLD J. McELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>ERIK OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522<br><br>WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Cal. Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Kevin P.B. Johnson (Cal. Bar No. 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Cal. Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>Michael T. Zeller (Cal. Bar No. 196417)<br>michaelzeller@quinnemanuel.com<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 |

By:   */s/ Harold J. McElhinny*
     Harold J. McElhinny

Attorneys for Plaintiff and Counterclaim-Defendant APPLE INC.

By:   */s/ Victoria F. Maroulis*
     Victoria F. Maroulis

Attorneys for Defendants and Counterclaim-Plaintiffs SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

**ATTESTATION**

I, Harold J. McElhinny, am the ECF User whose ID and password are being used to file this Joint Stipulation. In compliance with Local Rule 5-1(i)(3), I hereby attest that Victoria F. Maroulis has concurred in this filing.

Dated: November 11, 2013          */s/ Harold J. McElhinny*
                                                         Harold J. McElhinny