# Exhibit B

**APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. 24A**

**UTILITY PATENT DAMAGES—LOST PROFITS—AVAILABILITY OF ACCEPTABLE NON-INFRINGING ALTERNATIVES—**

**USE OF PRODUCTS FOUND NOT TO INFRINGE BY THE PRIOR JURY AS EVIDENCE OF THE AVAILABILITY OF ACCEPTABLE NON-INFRINGING ALTERNATIVES**

During a prior proceeding, a jury found the '163, '915, and D'677 patents are infringed by the Samsung products marked below with an "x". Where no "x' appears, the product either does not infringe the specific patent or was not accused by Apple of infringing the specific patent:

| Products | UTILITY PATENTS | | | DESIGN PATENTS | |
|---|---|---|---|---|---|
| | '163 | '381 | '915 | D'305 | D'677 |
| Captivate | | x | x | x | |
| Continuum | | x | x | x | |
| Galaxy Ace | x | x | | | |
| Gem | | x | x | x | |
| Indulge | | x | x | x | |
| Intercept | | | | | |
| Nexus 4G | | x | x | | |
| Transform | | | x | | |

It is Samsung's burden to prove that a Samsung product that was not found to infringe an individual Apple patent was available as an acceptable non-infringing substitute for the Samsung products that infringe that patent. In determining this, you must consider: (1) whether the product was found to infringe other Apple patents; (2) whether the product lacks the patented feature entirely; (3) whether consumers would view the substitute as equivalent to the patented device; (4) whether the product was available during the relevant damages period; and (5) whether the material, experience and know-how needed to implement the alleged substitute were readily available.

sf-3353496

**Source**:

Dkt. No. 2657; *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1329 (Fed. Cir. 2009) ("[T]he four-factor *Panduit* test … requires a showing of … absence of *acceptable* noninfringing substitutes …." (emphasis added)); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1548 (Fed. Cir. 1995) (en banc); *Am. Seating Co. v. USSC Group*, 514 F.3d 1262, 1270 (Fed. Cir. 2008) ("[B]uyers must view the substitute as equivalent to the patented device."); *Standard Havens Prods., Inc. v. Gencor Indus.*, 953 F.2d 1360, 1373 (Fed. Cir. 1991); *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1166 (Fed. Cir. 1991).

# PROPOSED FINAL JURY INSTRUCTION NO. 24B
# UTILITY PATENT DAMAGES—LOST PROFITS—AVAILABILITY OF ACCEPTABLE NON-INFRINGING ALTERNATIVES—BURDEN OF PROOF

When an alleged alternative is not on the market during the damages period, you may reasonably infer that it was not available as a non-infringing substitute at that time. Samsung then has the burden to overcome this inference by showing that the substitute was available during the damages period. Mere speculation or conclusory assertions will not suffice to overcome the inference.

**Source:**

Dkt. No. 2657; *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1331 (Fed. Cir. 2009); *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1350 (Fed. Cir. 1999); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995) (en banc).