**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff, | |
| v. | SUPPLEMENTAL ORDER REGARDING APPLE'S OBJECTIONS TO SAMSUNG'S OPENING SLIDES |
| SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Apple has objected to certain slides that Samsung plans to use in its opening statement. *See* ECF No. 2671. After considering Apple's objections and Samsung's responses, *see* ECF No. 2669, the Court issued an order ruling on all but one set of Apple's objections, *see* ECF No. 2696. The remaining set of objections relates to Samsung's slides that reference certain exhibits related to a Samsung prototype phone called the F700. For the 2012 trial, because Samsung failed to disclose its invalidity theories based on the F700 in a timely manner, the Court excluded certain evidence and argument related to the F700 to the extent Samsung sought to use it to show independent development. *See* ECF Nos. 1267 at 3 ¶ 3; 1456 at 2 (sustaining objections as to Samsung's proposed opening slides 16-19); ECF No. 1510 at 2 (denying motion for reconsideration).

However, the Court allowed Samsung to introduce the F700 during the 2012 trial as evidence of alternative designs and functionality. ECF No. 1690 at 9 ("Samsung has generally been permitted to rely on the F700 for alternative design and functionality purposes . . . ."); *see also* ECF No. 1947 at 7 (Exh. DX 526: "Do not consider as evidence of invalidity or non-infringement. However, you may consider as evidence of alternative designs and functionality."). The slides currently at issue refer to the same evidence and argument of independent development that the Court excluded in the 2012 trial. For the reasons set forth below, the Court SUSTAINS Apple's objections with respect to those slides.

**DISCUSSION**

Samsung's F700 handset was a prototype phone with a rectangular shape, rounded corners, and a rectangular display screen. Samsung apparently had various internal names for the F700. One of the designers of the F700, Hyoung Shin Park, testified that Samsung referred to it as "Bowl" and "Q Bowl" to "express[] the feeling of containing water in a bowl." ECF No. 1443 at 15:1-16:2. Apple contends, without dispute, that Samsung also referred to the F700 as "Vessel," "Slide," and "iReen." ECF No. 1441 at 2. Ms. Park is a named inventor of a Korean design patent assigned to Samsung (KR30-0452985) on which the F700 was allegedly based. *See* ECF No. 2255-19 at 38-39. The slides currently under review use these internal names for the F700 and also reference KR'985.

Magistrate Judge Grewal struck the expert report of Samsung's expert Itay Sherman to the extent it relied on Samsung's F700 handset to support the obviousness of the D'677 patent. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL 2499929, *3 (June 27, 2012); *see also* ECF No. 2255-19 at 38-40, 57-58 (portions of Sherman's expert report referencing the F700). This Court affirmed that order, concluding that "Judge Grewal did not clearly err in finding that Samsung's disclosure of prior art references, witnesses, and documents in discovery was not sufficient to 'make known' to Apple, Samsung's theories of invalidity . . . ." *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL 3155574, *5 (Aug. 2, 2012); *see id.* ("Samsung's response to Apple's contention interrogatory . . . [seeking] disclosure of Samsung's theories of anticipation, obviousness, and other grounds of invalidity, contained 595 prior art references comprising 5,600 pages of documents. It

would have been difficult, if not impossible, for Apple to have known which prior art references and evidence were intended to support which theory . . . .").

Notwithstanding Judge Grewal's ruling, Samsung sought to use slides in its opening statement in the 2012 trial that relied on exhibits related to the F700. *See* ECF No. 1441 at 2 (Apple's objections to slides 11-19). This Court sustained Apple's objections to those slides based on Judge Grewal's order. *See* ECF No. 1440 at 2. Samsung moved for reconsideration, arguing that a subset of those slides went to Samsung's argument that it independently developed the features at issue and therefore Samsung should have been able to use them to rebut Apple's allegations of copying. *See* ECF No. 1463 at 2. This Court denied Samsung's motion. *See* ECF No. 1510 at 2. Also during the 2012 trial, this Court excluded Ms. Park's testimony, which Samsung proffered in part to rebut Apple's allegations of copying or willfulness. *See* ECF No. 1690 at 8-9.

The Court excluded Samsung's evidence related to the alleged independent development of the F700 because it was concerned the jury was likely to consider that evidence for purposes of invalidity, a purpose that had been excluded by Judge Grewal. *Id.* at 9. The Court also was concerned that the jury would impermissibly use evidence of Samsung's independent design of the F700 as a basis to conclude that Apple's D'677 patent was obvious. It is well settled that "[i]ndependently made, simultaneous inventions, made 'within a comparatively short space of time,' are persuasive evidence that the claimed apparatus 'was the product only of ordinary mechanical or engineering skill.'" *Geo. M. Martin Co. v. Alliance Machine Sys. Int'l LLC*, 618 F.3d 1294, 1305 (Fed. Cir. 2010) (quoting *Concrete Appliances Co. v. Gomery*, 269 U.S. 177, 184 (1925)). That concept applies equally to design patents. *See* 35 U.S.C. § 171 ("The provisions of this title relating to patents for inventions shall apply to patents for designs, except as otherwise provided."); *see also Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1330 (Fed. Cir. 2012) (relying on the perspective of "a designer of ordinary skill who designs articles of the type involved" to determine obviousness) (internal quotation marks omitted). This concept reflects a common sense understanding that a claimed invention is more likely to be obvious if a number of people reached the same result under similar circumstances. *See KSR Int'l Co. v. Teleflex Inc.*, 550

3

Case No.: 11-CV-01846-LHK
SUPPLEMENTAL ORDER RE: SAMSUNG'S OPENING SLIDES

U.S. 398, 420 (2007) ("When there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions, a person of ordinary skill has good reason to pursue the known options within his or her technical grasp.").

As the preceding discussion makes clear, the Court previously excluded evidence related to the F700 to the extent Samsung sought to present it to prove independent development of the patented features. Because Samsung was precluded from using this evidence for this purpose in the 2012 trial, it cannot use it for the same purpose in this trial either.

The Court has reiterated that this limited damages retrial must hew as close as possible to the 2012 trial in order to merely correct for the 2012 jury's use of improper notice dates. *See*, *e.g.*, ECF No. 2369 at 2; ECF No. 2316 at 2-3. Accordingly, the Court has generally barred the parties from attempting to present exhibits or witnesses that were not timely disclosed and admissible at the 2012 trial. *See* ECF No. 2575 at 2. Samsung has not presented a compelling reason to break from that general rule here. To the contrary, allowing Samsung's evidence of independent development could be more prejudicial to Apple in the retrial than it was in the first case, as doing so runs the risk of inviting this jury to question the validity of Apple's D'677 patent, an issue that the 2012 jury decided against Samsung.

The prejudice to Samsung of maintaining this Court's exclusion of its independent-development arguments related to the F700 is low. Samsung was forced to rebut Apple's allegations of copying in the 2012 trial without reference to this evidence, and Samsung was not expecting to be able to use it in the retrial. *See* ECF No. 2486-5 at 22 (Samsung's exhibit list, including the exhibits referenced in the disputed slides as those "not intended to be used at trial"). Moreover, Samsung's inability to use this information is a direct consequence of its failure to timely disclose its invalidity theories leading up to the 2012 trial. Finally, the Court notes that the probative value of this evidence is low, as it is only indirectly related to the purpose for which Samsung seeks to present it, namely, to rebut evidence of demand for the patented product, the iPhone.

4

Case No.: 11-CV-01846-LHK
SUPPLEMENTAL ORDER RE: SAMSUNG'S OPENING SLIDES

Samsung argues that sustaining Apple's objection to these slides is inconsistent with this Court's 2012 ruling on Apple's motion in limine, in which the Court excluded certain internal Samsung documents but held that they were "admissible for other purposes, including to rebut an allegation of copying." ECF No. 1267 at 3. However, that ruling was limited to anticipation under § 102, for which independent development has minimal relevance. On the other hand, the Court excluded the F700 independent development theory when concerned about the danger that the independent development theory would confuse the jury about obviousness. Samsung also notes that the KR '985 reference is not prior art. The Court does not see this fact as making the introduction of KR '985 less confusing for the jury. To the contrary, it is likely to introduce more confusion in this retrial, as the retrial jury will not otherwise need to be introduced to the concept of invalidity and priority dates. Moreover, the only witness Samsung has offered to sponsor KR '985 is Ms. Park. *See* ECF No. 2523 at 47-53 (Samsung's proffer). The Court invited the parties to reach an agreement regarding the admission of Ms. Park's testimony, *see* ECF No. 2645 at 2; 11/5/13 Hr'g Tr. at 37, but as of yet they have not done so. Without that agreement, Ms. Park's testimony on this subject is inadmissible.

However, as stated above, the Court allowed Samsung to introduce the F700 during the 2012 trial as evidence of alternative designs and functionality and will do so again in the retrial. *See* ECF No. 1690 at 9 ("Samsung has generally been permitted to rely on the F700 for alternative design and functionality purposes . . . ."); *see also* ECF No. 1947 at 7 (Exh. DX 526: "Do not consider as evidence of invalidity or non-infringement.  However, you may consider as evidence of alternative designs and functionality.").

**CONCLUSION**

For the foregoing reasons, Apple's objections to Samsung's opening slides 34, 41, 52, 53, 61, 63, 70, 93, 105, 115, 134, 160, 161, and 163 are SUSTAINED.  However, as in the 2012 trial, the Court will allow Samsung to introduce the F700 to support Samsung's theories of acceptable noninfringing alternatives during the retrial. *See* ECF No. 1690 at 9; *see also* ECF No. 1947 at 7.

5

Case No.: 11-CV-01846-LHK
SUPPLEMENTAL ORDER RE: SAMSUNG'S OPENING SLIDES

**IT IS SO ORDERED.**

Dated: November 11, 2013

_____
LUCY H. KOH
United States District Judge