QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar. No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES REGARDING (1) EXHIBITS TO BE USED WITH GRAY, SCHILLER, SHEPPARD, VAN DAM, WAGNER AND (2) DESIGNATED DEPOSITION TESTIMONY OF ANZURES, CHAUDHRI, HONG, JOSWIAK, JUE, LAM, NG, RANGEL, SATZGER, SCHILLER, AND SINCLAIR** |

I. SAMSUNG'S HIGH PRIORITY OBJECTIONS

**GRAY/VAN DAM:** PX 38, PX44, PX 46, PX57 and PX 9: See Samsung's Objections to Apple's Balakrishnan disclosures. (Dkt. 2700 at 1.) PX 9 not cited in Singh or Gray reports. PX194: Apple cites to this alleged copying document—which makes no reference to the '381 patent or any bounce effect—as evidence of demand/damages. But the Court excluded Apple's lost profits theory for the '381 patent rendering this testimony irrelevant. The document also is not relevant to any *Georgia Pacific* factor. Any minimal relevance is far outweighed by the risk of unfair prejudice and misleading the jury. FRE 403.

**SCHILLER: PDX1A:** Apple revised PDX1.1 (disclosed in the first trial) to include extra objectionable quotes equating "double-tap" and "scroll" to magic. These do not show anything about the patented features, but improperly imply that the patents-at-issue cover the broad concepts of multi-touch, double-tap, and scrolling, which they do not. (*See, e.g.*, Dkt 2547 at 52-54.) Mr. Schiller is also not the author, so even if the statements were true, the jury could not rely on them. (*See* Dkt 1889 at 4 (limiting instruction).) PDX1A creates a double risk the jury will misunderstand the scope and value of Apple's patents. **PX163**: Chris Stringer testified that PX163 is *his* sketch page about "iPhone ideas." (Dkt 1546 at 480:12-481:14.) Mr. Schiller cannot testify about Mr. Stringer's "ideas." The sketches do not show the front face as claimed by the D'677, so PX163 is not probative here, yet the jury could wrongly believe it expands the scope and value of D'677. **PX3.3** shows five Samsung phones not at issue here for which the jury's damage award was upheld. (Dkt 2271.) Such evidence is irrelevant and prejudicial, and threatens jury confusion about the amount of damages. (*See also* Dkt 2657 at 15 (excluding Vibrant as alternative).) The Court allowed Apple to include versions of the first two pages of PX3 in its opening slides (Dkt 2696 at 3-4), but Apple has no basis for PX3.3 in light of its undue prejudice.

**SHEPPARD:** PDX62A. The Court precluded Apple from introducing evidence regarding "the history of Samsung's production of financial data" unless Samsung "opens the door." (Dkt. 2575 at 7:16-19.) Samsung has not opened the door. Moreover, even if Samsung were to open the door, the exhibit is graphically inflammatory and unduly prejudicial. Fed. R. Evid. 403.

3/10/12 J. Sim Depo. Tr. The Court set deadlines and procedures for the designation of deposition testimony. Using purported cross to introduce deposition testimony violates those deadlines and procedures. It would also constitute improper impeachment. *See U.S. v. Gilbert*, 57 F.3d 709, 711 (9th Cir. 1995) ("Impeachment is improper when employed as a guise to present substantive evidence to the jury that would be otherwise inadmissible."). PX180. The Court precluded Apple from introducing financial information for "products not at issue in the retrial." (Dkt. 2645:3:7-14.) Most of the financial data in PX180 is for products not at issue in the retrial. Samsung produced to Apple an updated version of PX180 that contains financial information only for the patents at issue here.

**WAGNER: PX57:** Apple intends to use this exhibit to accuse Samsung of copying the "bounce" feature, but the document refers to a later-released product that Apple never accused of infringing: the Galaxy Tab 8.9 (code named P5). Samsung should not have to waste its time defending allegations that a non-accused product released *after* the Galaxy Tab 7.0 "copied" Apple. PX 57 also does not correspond to any patented feature. The '381 patent does not cover the concept of bounce or bounce across an edge generally. (*See, e.g.*, Dkt. 1695, Trial Tr. 1783:17-20.) And Apple has been excluded from seeking lost profits on the '381 patent, negating any probative value of this document. It is substantially more prejudicial, and it risks confusing the jury about which products are at issue in this case. **PX60** and **PX62:** Apple's attempt to link these exhibits to demand is unsupported. Showing the success of Apple's products is of minimal probative value to the lost profits inquiry because Samsung does not dispute demand for the Apple products generally. PX60 and PX62 do not mention any of the patented features at issue in this case, and thus shed no additional light on the lost profits. At the first trial PX60 and PX62 were admitted for impeachment of Justin Denison's testimony regarding copying, ***not*** to show consumer demand. PX62 is also not included in Musika's Ex. 24, 24-S, 25, 25-S, or 53-S, and thus cannot be used by Ms. Davis to argue demand. (Dkt. 2645 at 4.) Apple has repeatedly shown its intent to use such competitive analysis documents to cast Samsung as a bad actor and inflame the jury into punishing Samsung, rather than compensating Apple. The threatened prejudice substantially outweighs the minimal probative value.

1  **ANZURES/CHAUDHRI/JOSWIAK/JUE/SINCLAIR:** Apple seeks to offer large portions of
2  testimony that were not disclosed by either party in their direct-or counter-designations.
3  (*Compare* Dkt 2630-1 (designation disclosures) *with* Apple's improper counter-designations for
4  Sinclair (33:19-23; 33:25-6; 42:8-13; 42:16-21); Jue (44:8-15; 44:17-23; 49:11-19; 50:5-13;
5  50:19-51:2; 75:1-8; 75:10-13; 75:15-23; 132:2-3; 132:5-7; 196:5-8; 196:11-22); Joswiak (144:2-3;
6  145:4-18; 226:20-22); Anzures (206:4-24); Chaudhri (154:2-12; 157:19-23; 158:1)).   Apple
7  cannot circumvent the entire pre-designation system in this manner.
8  **HONG:** Apple designated deposition testimony about a document not on its exhibit list or in
9  Davis' report.   (8:16-23, 10:14-20, 52:1-7, 52:13-18, 56:11-18, 57:6-7, 57:9-14, 57:16-17, 57:21-
10  58:8.)   It is also irrelevant to consumer demand and Apple has no design experts disclosed who
11  could lay a foundation for Davis to use the testimony or underlying exhibit for the limited purpose
12  of *Panduit* 2.   (Dkt 2654 at 3-4.)
13  **JOSWIAK:** 128:19-129:16; 130:21-131:12: Hearsay within hearsay;   238:11-21; 273:20-274:21:
14  improper opinion regarding Samsung's alleged copying;   144:2-3; 145:4-18; 226:20-22: not on
15  Apple's Nov. 1 disclosure.   (Dkt. 2630-1.)
16  **LAM:** Apple cites the Lam testimony to suggest copying of the '381 patent's bounce feature,
17  which Apple argues is relevant to demand/damages.   But the Court excluded Apple's lost profits
18  theory for the '381 patent rendering this testimony irrelevant.   (Dkt. No. 2710.)   Lam's testimony
19  also is not relevant to any *Georgia Pacific* factor.   To the extent the testimony has any probative
20  value, such value is far outweighed by the risk of unfair prejudice and misleading the jury.   FRE
21  403.
22  **NG:** 54:2-4 and 54:12-55:10 – improper opinion testimony.
23  II.     **SAMSUNG'S RESPONSES TO APPLE'S HIGH PRIORITY OBJECTIONS**
24  **GRAY**: **SDX7003.27** depicts LaunchTile with explanatory text and the Robbins patent.   As noted
25  above, prior art is relevant to damages.   (Dkt. 2696 at 8; Dkt. 2700 at 6.)
26  **SCHILLER**: **DX762** is a statement of a party opponent that is highly probative of demand,
27  specifically the reasons consumers buy products at issue. There is no prejudice from a party
28  admission about why consumers choose phones.   **DX945.0352, .0354-.0358** will be used as

demonstrative exhibits only and will not be offered into evidence.  **Ng, Joswiak, Rothkopf, & Blevins Depositions:**   Apple's lumping of four depositions together as one "exhibit" violates the Court's order regarding the HPO process.  (Dkt. No. 2645, at 3.)   This testimony from Apple witnesses will be used in cross examination if necessary for impeachment – not to introduce substantive evidence.

**SHEPPARD**: <u>DX676</u>.    Apple does not object to the admission of DX676, nor could it.   Apple stipulated to the admission of DX676 in the prior trial and the Court admitted it.   (*See* Dkt. No. 1597:4:11-13 ("Samsung may seek the admission of DX676 (Samsung Financial Spreadsheet) at its own option without objection from Apple."); Dkt. No. 1842:2004:16-21; 3006:23-3007:4 (Court:"You had no objection to the admission of 676…. 676 is in.").)   Apple cannot now, especially given the Court's "Groundhog Day" instruction, object to the admission of DX676. (Dkt. No. 2369:17-19 ("Any exhibits and witnesses that were timely disclosed and admissible at the first trial are admissible in the new trial.").)   Such a fundamental change in the evidence from the prior trial would create an inconsistent appellate record and be prejudicial to Samsung.   To the extent Apple objects to Mr. Sheppard's anticipated testimony, Samsung does not intend to ask Mr. Sheppard about SEC-created financial data.   The Court permitted Mr. Sheppard to testify at length about DX676 within the confines of his personal knowledge (Dkt. 2369:3004:16-3008:2), and Samsung will so limit his testimony again.

**VAN DAM**: **DX 590 (Lira) and DX 721 (LaunchTile)**.   The Court ruled that prior art is relevant to damages as it demonstrates the marginal benefit of the patented feature over the prior art.  (Dkt. 2696 at 8.)   Lira and LaunchTile were disclosed in Dr. van Dam's invalidity report at pages 43-51.   Dr. van Dam will not discuss the reexamination.  **SDX 7007.012** should not be excluded for the reasons set forth in Samsung's response to Apple's HPO regarding SDX8008.02.  (Dkt. No. 2700 at 4.)

**WAGNER: DX952:** In its exchange of HPOs with Samsung, Apple objected to DX952.003, DX952.004, and DX952.10 as reflecting new opinions.  (Borden Decl., Ex. A.)   Apple objects to DX952.003 and DX952.004 -- which depict non-infringing alternatives based on the jury's findings of non-infringement -- on the grounds that they purportedly reflect new opinions

excluded by the Court's order on the parties' motions to strike. Apple is incorrect. As an initial matter, the Court has already held that Mr. Wagner's opinion that products found not to infringe constitute evidence of non-infringing alternatives is not a "new" opinion. (Dkt. 2657 at 12.) The Court has also held that Mr. Wagner is permitted to "elaborate on or provide additional explanation" for previously expressed opinions, provided that he does not rely on new data. (Dkt. 2575.) DX952, and the corresponding paragraphs of the Wagner Report, elaborate on Mr. Wagner's previously disclosed opinion by pointing to two ways Samsung could hypothetically redesign its products based on the non-infringing products—*i.e.*, by rounding the top and bottom edges and altering the speaker placement.[1] Nothing in DX952 or Mr. Wagner's opinions rely on new data in any way. The same is true for DX952.10. These figures are found in Schedule 14.2 of Mr. Wagner's May 2012 Supplemental Report. (Wagner Supp. Rpt. Sched. 14.2.)

**SDX7001.035:** Samsung does not intend to use this slide unless Apple is first permitted to introduce evidence of products from the first trial not at issue here. Apple apparently wishes to do so. (*See* PX3.3, PX62.12, disclosed for Wagner cross.) If the Court allows Apple to introduce this evidence—which it should not—Samsung should be allowed to show the jury which utility patents these products do not infringe. The information in this slide is the jury's verdict, as well as products not accused by Apple.

**ANZURES:** Mr. Anzures' testimony regarding his own prior statements and communications with individuals at Apple are admissions by a party opponent.

**CHAUDHRI:** The challenged designations are observations by Mr. Chaudhri about patents he claims to have invented, not impermissible or prejudicial expert testimony. The disputed exhibits also are not prejudicial because they include an *Apple* patent and put the testimony in context.

---

[1] While the Court granted Apple's motion with respect to Mr. Wagner's opinions regarding the *costs* of D'677 design-arounds due to Mr. Wagner's reliance on conversations with Kwang-Jin Bae (Dkt. 2575 at 15, citing Dkt. 2381 at 7:9-12), the Court's order expressly reserved ruling on non-infringing alternatives (Dkt. 2575 at 12.)

**HONG:** Apple's designations are clearly intended to insinuate copying; Samsung's counters (115-116, 124-126) directly rebut this, so are not beyond the scope or hearsay.  Samsung also need not add an entire question and answer (58:21-24) to make its counter-designations complete — Apple should have designated it if Apple wanted the testimony.

**JOSWIAK:** 132:16-20, 132:22-133:2, 133:4-5, 473:4-7: Directly relevant to Apple's claim of lost profits.  135: 11-19, 136:5-6; 136:8-10, 143:20-144:1; 144:14-18, 146: 14-22, 165:5-10, 193:7-15, DX 2517: Relevant to rebut any suggestion of impropriety from competitor analysis and benchmarking .  (Dkt. 2552, at 4.)  135:11-19, 146: 14-22, 165:5-10: Testimony understandable; Apple failed to counter-designate on Nov. 1 disclosures.

**JUE/SINCLAIR/RANGEL/NG:** The designated testimony of Apple's marketing executives – Mr. Jue, Mr. Sinclair, Mr. Rangel, and Mr. Ng – concerning consumer demand for the products and the patented features is highly relevant.  Probative admissions by Apple employees are not unfairly prejudicial merely because they are unfavorable to Apple.  In particular, DX 578 – designated in the Sinclair and Jue depositions – was admitted at trial over no objection through Mr. Schiller (Dkt. 1610 at  671:13-19)  and is relevant to copying and to consumer demand.  DX 2751 (Rangel) and DX 2752 (Jue) are Apple marketing surveys relevant to consumer demand that may be admitted through Samsung's timely deposition designations.

**LAM:** See Samsung's Responses to Apple's HPO's to Julie Davis cross SDX8008.018.  Mr. Lam's testimony further evidences that Apple is incorrect in referring to "yellow glow" as a Samsung design around.  In fact, it is a non-infringing alternative developed by Google and found in early versions of stock Android code, including 2.3.  (117:17-118:8:  "So on *earlier versions of Android*, there is a shadow at the top of the page. And when you scroll to the top of the page, you will see a shadow and that could be interpreted by someone as a glow.")

**SATZGER:** Mr. Satzger is a D'677 inventor, so his testimony about its value and the availability of alternatives is probative of a reasonable royalty and not prejudicial. Admissibility of his testimony was not determined; the Court merely precluded its use to cross examine an expert.  (Dkt. 1798 at 3.)  Evidence of Apple's competitive analysis is highly relevant to rebut copying, and DX623 and DX2748 were not excluded for that purpose.

DATED: November 12, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Victoria F. Maroulis
   Charles K. Verhoeven
   Victoria F. Maroulis
   Kevin P.B. Johnson
   Michael T. Zeller
   Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC