HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK (PSG)<br><br>**APPLE'S OBJECTIONS AND RESPONSES TO OBJECTIONS RE SCHILLER, HONG, AND LAM; AND SHEPPARD, WAGNER, GRAY, VAN DAM, ANZURES, CHAUDHRI, JOSWIAK, JUE, NG, RANGEL, SATZGER AND SINCLAIR** |

## I.  APPLE'S DISCLOSURES AND DESIGNATIONS

### A.  Phil Schiller

***Objections to Cross Exhibits.***  Mr. Schiller is not copied on **DX762**, an email to Steve Jobs, and there is no indication he received it.  Any marginal relevance is far outweighed by the prejudice to Apple.  **DX945.0352, .0354 - .0358**.  The website pages discussed in these pages of Mr. Wagner's 2013 expert report are hearsay within hearsay.  The **Ng, Joswiak, Rothkopf, & Blevins Depositions** are hearsay and improper impeachment.

***Responses to Objections to Direct Exhibits***.  The Court overruled Samsung's objections to Apple's opening Slide 2, which quotes the same article shown in **PDX1A**, as well as Slides 20 and 24, which contain pictures of phones similar to **PX3.3**.  (Dkt. No. 2696 at 2-3.)

### B.  Won Pyo Hong

***Objections to Counter-Designations***.  Samsung is improperly attempting to present its own employee's testimony through designating deposition testimony elicited by Samsung counsel (pp. 115-126).  That testimony is beyond the scope of Apple's deposition questions and Apple's designations, and not a proper counter-designation.  Samsung's designation of pages 58:10-13, 16, 18:20 is incomplete; pages 58:21-24 should be added.

***Responses to Objections to Designations.***  The testimony discusses Samsung's need to compare its product designs to Apple's and shows demand for and the importance of Apple's designs, which is relevant to reasonable royalty damages under *Georgia Pacific* factors 6, and 8-11.  (*See* Dkt. No. 1903 at 55.)  Apple does not seek the admission of the exhibit referenced in Mr. Wong's testimony, and is free to designate relevant deposition testimony that references exhibits that are not on its exhibit lists or identified in Ms. Davis's report.

### C.  Ioi Lam

***Objections to Counter-Designations***.  Improper testimony about excluded actual design around for the '381 patent (pp. 116:19-118:8).  (Dkt. Nos. 2696 at 7-8; 898 at 9; 1106 at 3-4; 1545 at 3-5.)  ***Responses to Objections to Designations.***  Implementation of a bounce feature shows demand for the '381 patent.  That demand is relevant to reasonable royalties, regardless of the product in which the feature is implemented, under *Georgia Pacific* factors 6, and 8-11.

## II.   SAMSUNG'S DISCLOSURES AND DESIGNATIONS

### A.   Stephen Gray

*Objections to Samsung's Exhibits*. **SDX7003.027** is a manipulated depiction of the LaunchTile prior art presented alongside an infringing Samsung device. Both videos are improperly annotated with excerpted language from claim 50 of the '163 patent. The demonstrative, which appears intended to imply that the claim language is met by the LaunchTile application, is a misleading and irrelevant attempt to reargue validity of the '163 patent. **SDX7003.02** is a misleading animation of alleged prior art. The Robins patent claims a "navigation system" where the "pointing device comprises one or more of a stylus, a pen, a joystick, and a mouse," not an animated finger as shown. (JX1081.) The Court has excluded similar evidence. (*See, e.g.*, Dkt. No. 2696 at 8 (striking Samsung's slide 168 because depicted "patent does not describe an animated finger" and "invalidity is not at issue in the new trial").)

*Responses to Objections to Cross Exhibits*. **PX9** is an email chain among Samsung executives regarding the development of Samsung smartphones to mimic the touch input method employed by Apple's products. It shows demand for and the unique value of the patented products, designs, and features including, specifically, the "[z]ooming" function, which is relevant for at least the '163 patent. (PX9.1) **PX38** describes "Double Tap to zoom" and shows demand for the '163 patented features. (PX38.13, .19, .24.) The Court found similar evidence "highly probative" of demand for the patented features (Dkt. No. 2696 at 6), which is relevant to a reasonable royalty. **PX44** shows Samsung's focus on certain features, including "Double Tap zoom" which is relevant to the '163 patent. (*E.g.*, PX44.58.) The Court has found that PX44 is "highly probative" and shows "demand for the patented feature" because it "suggests that Samsung employees thought Samsung should implement that feature present in the iPhone." (Dkt. No. 2696 at 6.) The document is therefore relevant to at least a reasonable royalty analysis.

### B.   Timothy Sheppard

*Objections to Direct Exhibits*. Apple objects to **DX676** to the extent Samsung seeks to elicit testimony from Mr. Sheppard as to the portions of the document created by SEC (i.e. "Manufacturing"). The Court has ruled that it would sustain any objection to his testimony about

SEC-created financial data due to lack of personal knowledge. (Dkt. No. 1842 at 3007:2-7.)

***Responses to Objections to Cross Exhibits.***  The Court overruled Samsung's objection "as to the content of PDX62.2," but directed Apple to use a "more restrained graphic." (Dkt. No. 1774 at 2.) **PDX62A** complies with that directive. **PX180** is a previously admitted Samsung financial spreadsheet that Samsung produced in discovery. It is the basis for a market share calculation, calculations used to define the per unit reasonable royalty amounts, and certain Samsung's profits calculations. The first two uses require and use information on all infringing products. Samsung relies on the Court's exclusion of sales information as to infringing products not at issue in the retrial from JX1500A, which serves a different purpose. (Dkt. No. 2645 at 3:12-14.) The highly probative information in PX180 is not a joint exhibit and is not being used to seek damages on other infringing products not in the new trial. It provides a foundation for calculations used by Ms. Davis. Its probative value outweighs any prejudice to Samsung.

    **C.**    **Michael Wagner**

***Objections to Direct Exhibits.***  **DX952:** The design alternatives described in DX952.03 and DX952.04 are new and are based upon Mr. Wagner's post-trial discussions with Mr. Bae. (*See* Dkt. No. 2382-4 ¶ 525.) The Court has excluded those new opinions. (Dkt. No. 2575 at 15.) Apple objects to the summary calculations presented on DX952.05, which improperly include products on which Samsung claims to have lost money. Apple is entitled to no less than a reasonable royalty for Samsung's infringement, *see* 35 U.S.C. § 284, and Samsung may not use these expenses to reduce the profits awarded on products that infringe a design patent. Finally, Apple objects to DX952.10, which contains calculations and averages not previously disclosed.

Apple objects to **SDX7001.035** to the extent it identifies the Galaxy S II (Epic 4G Touch), Galaxy S II (Skyrocket), Galaxy S II (T-Mobile), Galaxy S Showcase (i500), Nexus S, Sidekick, and Galaxy Tab 10.1 4G LTE as noninfringing alternatives to Apple's utility patents. None of those products is at issue in the new trial. The Court has excluded such products as noninfringing alternatives under FRE 403. (Dkt. No. 2657 at 14.)

***Responses to Objections to Cross Exhibits.***  **PX57** was admitted at the 2012 trial. (Dkt.

No. 1695 at 1763:3-9.) It is relevant to demand for the patented products and features and the value of the invention under a reasonable royalty analysis. (*E.g.*, PX57.19, 57.73.) The document, an evaluation of the user interface design of a Samsung prototype tablet against the iPad2, concludes that the Samsung prototype lacked the advantages of the iPad's "bounce effect," which it characterized as a "[c]ritical" problem. (PX57.19.) Lack of reference to a specific infringing device is irrelevant since the document shows demand for a patented feature Samsung has been found to infringe. **PX60 and PX62** are internal Samsung documents, admitted during the 2012 trial, that show demand for and the unique value of the patented products, designs, and features, and evidence of what Samsung described as a "two horse race." (PX60.8; PX62.11.) They also directly rebut arguments made by Mr. Wagner. (*See, e.g.*, PX60.56 (showing consumer demand for older model Apple products that contradict Mr. Wagner's theories regarding capacity); PX62.13 (showing direct competition with the iPhone).)

### D. Andries Van Dam

*Objections to Direct Exhibits*. **DX590** should be excluded because the Lira reference was never discussed at the first trial and never admitted as an exhibit. That reference was the centerpiece of Samsung's unsuccessful argument for a new trial based on the post-trial '381 reexamination, which the Court denied in part because Samsung did not use the reference at trial. (Dkt. No. 2369 at 2; Dkt. No. 2377 at 71:8-11.) Further, although the Court has ruled that prior art may show the marginal benefit of the patented features, Dr. Van Dam disclosed no opinion on this topic; his expert report and testimony dealt solely with validity. (Dkt. No. 2562 at 8:20-23; *cf.* Dkt. No. 2696 at 8.) Accordingly, his testimony regarding DX590 could only be an improper attempt to reargue validity or to offer an undisclosed opinion. **DX721** contains annotations of various elements of the patent claims over a demonstration of the LaunchTile application. Whatever minimal probative value it may have is substantially outweighed by the confusion it will cause the jury. Similar to DX590, Dr. Van Dam has no disclosed basis for testifying as to the marginal value of the patents and his testimony on DX721 could only be used to reargue validity.

**SDX7007.012** is a video of infringing phones showing applications that do not appear to have the bounce-back function. The Court excluded a comparable video because it "would

effectively be a retrial of the issue of infringement and would mislead the jury, confuse the issues, and waste time." (Dkt. No. 2696 at 8 (slides 21 and 123).) Dr. Van Dam may not testify about supposed design arounds because he only disclosed opinions and testified as to validity, not non-infringement.  Further any design-around theory based on this video is new and has been excluded by the Court.  (*See, e.g.*, *id.* at 7-8; Dkt. No. 898 at 9 (precluding evidence of design-around efforts for the '381); Dkt. No. 1106 at 3-4 (same); Dkt. No. 1545 at 3-5 (same).) In particular, the Galaxy Prevail video shows the orange/yellow glow purported design-around excluded by the Court from Samsung's opening statement slides. (Dkt. No. 2696 at 7-8.)

*Responses to Objections to Cross Exhibits*. **PX194** was admitted at the first trial. It is highly probative of demand and value for Apple's patented user interface (including the '381 patent) under, *inter alia*, *Georgia-Pacific* factor 9. (Dkt. No. 1839 at 2081:23-2083:3; *see, e.g.,* PX194.1 (Samsung "cling[ed] to the past generation").) Samsung's argument goes only to weight, not admissibility. (Dkt. No. 2696 at 6 (jury can assess whether document "reflects demand for Apple's specific patents at issue").) Samsung relies on incorporated arguments as to **PX46 and PX57**. Apple therefore incorporates its response arguments in Dkt. No. 2701 at 1-2.

### E. Objections to Samsung's Deposition Designations

**Anzures.** Pages 156-157 are hearsay; they discuss what others told Mr. Anzures.

**Ng.** Pages 144-145 discuss Apple's benchmarking, which is irrelevant to damages. Apple's analysis of products made by its competitors has nothing to do with the features of the patents-in-suit and is irrelevant to any issues under FRE 402.

**Joswiak**. For the same reasons as Ng, pages 135-136, 143-146, 165 and 193 and DX2517, which relate to Apple's benchmarking, should be excluded. Pages 132-133 and 473 seek to elicit testimony that Samsung's gains are not due to Apple's losses, which is not relevant to any of the issues at the retrial. It could also mislead the jury and presents a high risk that it would cause the jury to limit Apple's damages.

**Sinclair**. Pages 28-41 relate to an irrelevant email (DX578) and is likely to confuse the jury because of the high risk the jury will misinterpret the document as suggesting that Apple was not the first to invent the patented technology, which is not relevant to demand. For the same

1  reasons, DX578 should be excluded.

2  **Jue.** For the same reasons as Sinclair, pages 32-52 and DX578 should be excluded.
3  Pages 131-132 seek to elicit testimony regarding infringement, which is not an issue for this
4  retrial. DX2752 is not on Samsung's exhibit list. The testimony relating to it on 134-135 (which
5  establishes Mr. Jue's lack of knowledge of the document) should also be struck.

6  **Chaundhri.** Pages 160, 162 and 203-205 relate to a patent that is not at issue in the new
7  trial (D'334) and appears to be designated for the purposes of validity. DX2749 and DX2750 are
8  new exhibits that were not on Samsung's exhibit list.

9  **Rangel.** DX2751 is not on Samsung's exhibit list. The testimony attempting to
10 authenticate it on 78-79 should also be struck.

11 **Satzger**. Testimony on 2/9 Dep. Tr. 126 is likely to confuse the jury because of the high
12 risk the jury will misinterpret the testimony as related to validity. Samsung improperly seeks in
13 11/8 Dep. Tr. 63, 69-71 and 2/22 Dep. Tr. 258-263, 360-361 to elicit testimony that appears
14 intended to suggest that Apple's design aesthetic was drawn from third parties like Sony and
15 Omega—an argument which lacks foundation, is entirely irrelevant to the damages issues for the
16 new trial, and risks confusing the jury into questioning the validity of the asserted patents. This
17 theory, and DX623, were excluded before Samsung's opening at the 2012 trial. (Dkt. Nos. 1456
18 (slides 20-22); 1519 at 2.) DX2748 has never been included on any Samsung exhibit list.

19  **F.    Responses to Samsung's Objections to Apple's Deposition Designations**

20 **Anzures, Chaudhri, Jue, Sinclair, Joswiak.** Apple's revised counter-designations
21 account for Samsung's revised disclosure from its October 29 filing (Dkt. No. 2608), which was
22 excessively overbroad and burdensome and provided Apple with no meaningful disclosure.
23 Samsung's counter-designations at issue, like Apple's, were not limited to its November 1 filing.

24 **Joswiak** (pp. 128-130, 238 and 273-274) and **Ng**. The testimony of these senior Apple
25 marketing directors is not offered as expert opinion but is based on each witness's personal
26 experience of the marketplace. Further, Samsung's questions opened the door and the testimony
27 is relevant to demand competition, marketshare, and the impact of Samsung's infringing conduct
28 on Apple's marketshare.

Dated: November 12, 2013        MORRISON & FOERSTER LLP

By: */s/ Harold J. McElhinny*
    HAROLD J. MCELHINNY

Attorneys for Plaintiff
APPLE INC.