UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| APPLE, INC., a California corporation, | ) | Case No.: 11-CV-01846-LHK |
|---|---|---|
| Plaintiff, | ) ) | ORDER RE: SAMSUNG'S OBJECTIONS TO EXHIBITS TO BE USED WITH APPLE'S WITNESSES AND TO APPLE'S DEPOSITION DESIGNATIONS (BALAKRISHNAN, SINGH, DAVIS, HAUSER, CHANG, LEE, NAM, BENNER, DENISON, PENDLETON) |
| v. | ) ) | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Samsung has filed objections to exhibits to be used with Apple witnesses and to deposition designations. ECF No. 2700. Apple has filed a response. ECF No. 2701. After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules on Samsung's objections as follows:

**A. Ravin Balakrishnan**

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX 46 | Overruled. PX 46 was admitted into evidence during the 2012 trial without any limiting instruction. ECF No. 1947 at 2. It is a Samsung internal document titled |

1

Case No.: 11-CV-01846-LHK
 ORDER RE: SAMSUNG'S OBJECTIONS TO EXHIBITS TO BE USED WITH APPLE WITNESSES AND TO DEPOSITION DESIGNATIONS

| | | |
|---|---|---|
| | | "Behold3 Usability Evaluation Results" which summarizes Samsung's testing and evaluation of its user interface design for the Vibrant against third party phones, including the iPhone. It is probative of demand for the patented product, and of demand for a patented feature (Apple's '381 patent) because page sixty-six suggests that Samsung employees thought Samsung should implement that feature which was present in the iPhone. The document compares scrolling effects in the Behold3 phone to the "visual element that seems to bounce" in the iPhone and provides "Directions for Improvement" by suggesting that Samsung "implement a fun visual effect when dragging a webpage." *Id.* Demand for the patented product and patented feature is relevant to *Georgia-Pacific* factor number 8 under the reasonable royalty analysis, i.e. "the established profitability of the product made under the patent; its commercial success; and its current popularity." *Georgia-Pacific Corp v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 11120 (S.D.N.Y. 1970). Evidence that a competitor (here, Samsung) may have copied Apple's '381 patent is also probative of *Georgia-Pacific* factor number 9, i.e. "[t]he utility and advantages of the patent[ed] property over the old modes or devices, if any, that had been used for working out similar results." *Id.* Further, this evidence is probative of *Georgia-Pacific* factor number eleven, i.e., "the extent to which the infringer has made use of the invention and the value of such use." *Id.* The Federal Circuit has held that the "eleventh factor informs the court and jury about how the parties would have valued the patented feature during the hypothetical negotiation." *Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1333 (Fed. Cir. 2009). This evidence suggests that Samsung believed that Apple's invention was valuable.<br><br>The Court holds that the highly probative value of this evidence is not substantially outweighed by any prejudice to Samsung caused by the fact that the Vibrant is not a product at issue in the retrial. |
| PX 57 | | Overruled. PX 57 was admitted at the 2012 trial without any limiting instruction. ECF 1947 at 2; ECF 1695 at 1763 (testimony of Dr. Balakrishnan). PX 57 is a Samsung document which tests and evaluates the user interface design of a Samsung prototype tablet (Galaxy Tab 8.9) against the iPad 2 on dozens of user experience issues. It is probative of demand for the patented product and demand for a patented feature (Apple's '381 patent) because it concludes that the Galaxy Tab lacked the advantages of the "bounce effect" in the iPad, and characterized that as a "critical" and "serious" problem that needed to "be reviewed" as a proposed improvement. *See* PX 57, page 19, 73. The Court holds that the highly probative value of this evidence to *Georgia-Pacific* factors 8, 9, and 11, *see supra* discussion of PX 46 above, is not substantially outweighed by any prejudice to Samsung caused by the fact that the Tab 8.9 was never accused of infringement in this litigation. |
| PX 52 | | Overruled. PX 52 was admitted at the 2012 trial without any limiting instruction. ECF 1947 at 3. PX 52 is an August 4, 2010 presentation delivered by Apple to Samsung entitled "Samsung's Use of Apple Patents in Smartphones." It was admitted in the 2012 trial to prove actual notice of the '381 patent. ECF No. 1695 at 1959. Samsung argues that PX 52 contains prejudicial allegations of copying. Apple claims that if it uses this exhibit in the retrial, it will be "used to show that the patent for which actual notice in the presentation was provided is the '381 |

2

Case No.: 11-CV-01846-LHK
ORDER RE: SAMSUNG'S OBJECTIONS TO EXHIBITS TO BE USED WITH APPLE WITNESSES AND TO DEPOSITION DESIGNATIONS

|  |  |
|---|---|
|  | patent." ECF No. 2701 at 3.<br><br>The Court finds PX 52 has high probative value given that Apple must establish notice dates for the '381 patent. Apple provided notice to Samsung of Apple's infringement contentions by alleging copying. The probative value of Apple's copying allegations are not substantially outweighed by the risk of undue prejudice. |

### B. Karan Singh

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX 38 | Overruled. This is a report from consultants hired by Samsung to evaluate consumer preferences for different browser zooming methods, including Apple's patented double-tap zooming method. It was admitted at the 2012 trial during Singh's testimony. ECF 1695 at 1845. PX 38 is evidence of demand for the patented product and demand for the patented feature, here the '163 patent, because the document concludes that Apple's zooming method is the "most preferred" browsing method. PX 38, p. 13, 19. The document also provides a recommendation that Samsung adopt the double-tap method as a "supplementary zooming method" and can use the iPhone "as a design benchmark." *Id.* at 24. The Court holds that the highly probative value of this evidence to *Georgia-Pacific* factors 8, 9, and 11, *see supra* discussion of PX 46 above, is not substantially outweighed by any prejudice to Samsung.<br><br>Samsung's argument that PX 38 is not relevant to the '163 patent because the '163 patent does not cover double-tap to zoom in and out (described at PX 38, p.13), but rather double-tap to zoom and double-tap to re-center goes to weight, not admissibility. |
| PX 44 | Overruled. This exhibit was admitted in the 2012 trial without any limiting instruction. ECF 1947 at 3. It is a "Relative Evaluation Report on S1, iPhone" and is an internal Samsung presentation comparing over 100 features of the iPhone to Samsung's Galaxy Si9000 phone. PX 44 is probative of demand for the patented feature (Apple's '163 patent) because page fifty-eight suggests that Samsung employees thought Samsung should implement that feature present in the iPhone. The document states that "[w]hen another point [on the iPhone] is double tapped after zooming in, [it] moves to the different portion and zooms in." Because Samsung's zoom feature only "zooms out to the original screen," the document recommends that the "Double Tap zoom in/out function needs to be supplemented." (*Id.*) The Court holds that the highly probative value of this evidence to *Georgia-Pacific* factors 8, 9, and 11, *see supra* discussion of PX 46 above, is not substantially outweighed by any prejudice to Samsung. |

### C. Julie Davis

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|

3

Case No.: 11-CV-01846-LHK
ORDER RE: SAMSUNG'S OBJECTIONS TO EXHIBITS TO BE USED WITH APPLE WITNESSES AND TO DEPOSITION DESIGNATIONS

| | |
|---|---|
| PDX 100.7 | Sustained. Apple has not identified, and the Court cannot find, where the figures contained in PDX100.7 were previously disclosed. |
| PDX100.9; PDX100.10; PDX100.20; PDX100.24; PDX100.25 | Sustained. Apple has not identified, and the Court cannot find, where the infringing units figures for Samsung's profits and reasonable royalty damages contained in PDX100.9, PDX100.10, PDX100.20, PDX100.24, and PDX100.25 were previously disclosed. In addition, PDX100.9, PDX100.20, PDX100.24, and PDX100.25 contain "average per unit" calculations that this Court has previously excluded. *See* ECF No. 2696 at 5. |
| PDX100.13; PDX100.14; PDX100.15 | Sustained. Apple has not identified, and the Court cannot find, where the infringing sales figures contained in PDX100.13, PDX100.14, and PDX100.15 were previously disclosed. In addition, PDX100.14 contains figures for Apple's capacity for the iPhone 3GS that do not appear to have been previously disclosed, and PDX100.15 contains a capacity figure for the iPad that does not appear to have been previously disclosed. |
| PDX100.28 | Overruled. The infringing units figure in PDX100.28 was previously disclosed in Exhibit 37.1-PT to Julie Davis's Expert Report. *See* ECF No. 2386-2. |
| PDX100.30; PDX100.31; PDX100.34 | Sustained. Apple has not identified, and the Court cannot find, where the figure for total revenue on infringing Samsung products contained in PDX100.30, PDX100.31, and PDX100.34 was previously disclosed. Moreover, the presentation of this total revenue figure on these Slides misleadingly suggests that Apple may be eligible to recover infringer's profits on all of Samsung's infringing sales and not merely those sales that infringed a design patent. |
| PDX100.37; PDX100.38 | Sustained. The Court is unclear as to what PDX100.37 and PDX100.38 purport to show. That notwithstanding, Apple has not identified, and the Court cannot find, where the figures contained in PDX100.37 and PDX100.38 were previously disclosed. |
| PDX100.49 | Sustained. PDX100.49 contains Apple capacity figures for the iPhone 3GS and iPad that do not appear to have been previously disclosed. |
| PX 25G | Sustained. While pages three to ten, twelve, and thirteen of PX 25G are replicas of either exhibits to Musika's report or exhibits to Davis's report, pages two and eleven are not a replica of any of Musika or Davis's exhibits. Further, pages seven to ten contain prejudicial figures of one of two kinds. First, they contain Samsung's sales figures (infringer's profits) for design patent infringement for periods in which Apple has no claim to infringer's profits. This is because the earliest possible notice date for the D'677 is April 15, 2011 and the earliest possible notice date for the D'305 is June 16, 2011. ECF No. 2271 at 20 (March 1, 2013 Damages Order). Second, they contain Samsung's sales figures (infringer's profits) for products which were not accused of violating Apple's design patents. |
| PX 26A | Overruled. PX 26A is a summary exhibit listing the evidence of demand Julie Davis relies upon. The Court already denied Samsung's objection to PX 26A. ECF 2645 at 3; ECF No. 2418 at 5 (Samsung's briefing). |

### D. John Hauser

4
Case No.: 11-CV-01846-LHK
ORDER RE: SAMSUNG'S OBJECTIONS TO EXHIBITS TO BE USED WITH APPLE WITNESSES AND TO DEPOSITION DESIGNATIONS

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PDX 103.3-103.4 | Overruled. PDX 103.3 discusses a study published by Dr. Hauser which he claims validated his conjoint survey regarding hypothetical decisions made by consumers of laptop bags. The study concluded that the hypothetical decisions by consumers accurately predicted and reflected the choices consumers made when given real dollars to buy real products. ECF No. 2520-2 at 8 (Expert Report). PDX 103.4 is Figure 6 from this study (*see* page 291 of the study) which shows how the study subjects were given a chart with pictures of five different laptop bags with different features, and were asked to rank the five laptop bags in order of their preference.<br><br>Samsung objects to PDX 103.3 and PDX 103.4 under Rule 403. The Court finds that Dr. Hauser's testimony based on these demonstratives will not unduly confuse the jury simply because the study concerns laptop bags and not consumer electronics. Further, Samsung's argument that Dr. Hauser failed to disclose basic information about the study goes to weight, not admissibility. Dr. Hauser discusses this study in Section 16 of his expert report and refers the reader to his paper, which discusses the laptop study and its results, in footnote 7. ECF No. 2520-2 at 8, 9 n.7 (Expert Report). That paper discusses the methods and research design behind the study, the results of the survey, and response rates. Samsung will be free to cross examine Dr. Hauser regarding the methods behind the validation study and its limited probative value with respect to whether the study validates his conjoint surveys conducted in this case, which he claims show consumer demand for Apple's patented features at issue in this case.<br><br>While Apple claims DX 2731 is on Samsung's exhibit list, ECF No. 2701 at 6, the Court notes that it has not found DX 2731 on any exhibit list from the 2012 trial or the retrial. The parties are instructed to file updated exhibit lists by noon on November 14, 2013. |

### E. Dong Hoon Chang

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| Depo. at 61:10-62:9; 122:7-123:15 | Overruled in part and sustained in part. Dong Hoon Chang is the head of the Mobile Design Group at Samsung. Samsung objects to his testimony on the basis that it "refer[s] to documents not related to a patented feature." ECF No. 2700 at 3. Samsung also objects on the basis that Chang has "no personal knowledge or foundation as a basis of his statements." *Id.*<br><br>Sustained as to lines 61:10-62:9. In those lines, Chang quotes from PX 34, which was admitted in the 2012 trial without a limiting instruction, ECF No. 1947 at 1. PX 34 is an internal Samsung document which analyzes smartphone market drivers and trends. Although this exhibit is not tied to the patented features, it supports the competition between Samsung products and the iPhone, |

5

Case No.: 11-CV-01846-LHK
 ORDER RE: SAMSUNG'S OBJECTIONS TO EXHIBITS TO BE USED WITH APPLE WITNESSES AND TO DEPOSITION DESIGNATIONS

**United States District Court**
For the Northern District of California

|  | which is relevant to the lost profits and reasonable royalty analyses. *See Georgia-Pacific* factor # 5 ("commercial relationship between licensor and licensee, such as whether they are competitors"). Nonetheless, the Court sustains the objection as to lines 61:10-62:9 on the basis that Chang has "no personal knowledge or foundation as a basis of his statements." ECF No. 2700 at 3. Chang's deposition testimony indicates that he did not recognize the document, had "not seen it at all," and did not "recall discussing [this document] with anyone at Samsung." Depo. at 61:20-62:1.<br><br>Overruled in part as to lines 122:7-123:15. In those lines, Chang authenticates PX 194, which was admitted in the 2012 trial without a limiting instruction, ECF No. 1947 at 6, and is an internal Samsung email which summarizes and quotes a speech given by Samsung's CEO at a meeting in which the CEO criticized Samsung's user experience mindset of "clinging to the past." Depo. at 123:6-11. Chang recalls the meeting. Depo. at 123:12-15. Although this quote by the CEO does not relate to any patented features, it is relevant to showing that Samsung recognized the demand for a better user experience platform, which is relevant to the reasonable royalty Samsung would pay in the hypothetical negotiation.  While Samsung claims that Mr. Chang has "no personal knowledge or foundation as a basis of his statements," ECF No. 2700 at 3, his deposition testimony indicates that he was on the list of user experience executives who would routinely receive emails such as PX 194, Depo. at 122:25-123:5, and thus the objection is overruled. |
|---|---|
| Depo. at 157:20-158:25 | Overruled. Samsung claims that the testimony is privileged, but the Court overruled this precise objection by Samsung in the 2012 trial because "the information to which the witness testified is an underlying fact, and is not an attorney-client communication." ECF No. 1657 at 4. |

### F. JunWon Lee

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX 52 and deposition testimony generally | Overruled. Mr. JunWon Lee is the director of licensing at Samsung. The objection is overruled as to deposition testimony regarding his employer, job title, and whether Apple ever offered Samsung a license to either Apple's design patents or trade dress. *See* Depo. at 9:1-7; 59:14-21. This testimony is relevant to the reasonable royalty analysis required in this case as it supports Apple's position that it did not offer to license its design patents. The objection is also overruled as to testimony about PX 52. *See* Depo. at 37:6 - 38:5. As noted above, PX 52 is probative of establishing the notice date for the '381 patent. Apple claims that the testimony is going to be used to "show notice of the '381 patent." ECF No. 2701 at 6. As for testimony regarding Apple's statement about how Samsung had copied Apple's products, s*ee* Depo. at 33:21- 24 (Q: "So at that first meeting that you attended, Mr. Lee, do you recall Apple stating that Samsung had copied Apple's products?"; A: "Yes."), the Court finds that the probative value of Apple's allegations of copying is not substantially outweighed by unfair prejudice to Samsung. This exact testimony was admitted in the 2012 trial. ECF 1887-1 at 2. |

### G. Kihyung Nam

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| Depo. at 39:8-40:8 | Overruled. Mr. Nam is a senior engineer at Samsung. Apple claims his testimony authenticates PX 186, which was admitted in the first trial without any limiting instruction. ECF 1947 at 6; ECF No. 1842 at 3067 (trial testimony of Wagner). PX 186 is an email among Samsung engineers involved in developing the Samsung Galaxy Tab 7.0 in which the Vice President of Software Engineering states that the engineers should "refer to the iPad" when trying to install a bounce effect in the Tab. PX 186 at 1. Samsung's foundation objection is overruled. While Samsung claims that Nam has no knowledge regarding PX 186, ECF No. 2700 at 3, the jury can assess whether or not Mr. Nam is credible when he states that his deposition was the first time he saw the contents of the email, despite the fact that his name was listed as a recipient of the email. |

### H. Tim Benner

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| Depo. at 37-38, 57, 60-61 | Overruled. The Court overruled Samsung's Rule 403 objection to Benner's deposition testimony with respect to PX 69 in the 2012 trial because "[i]f Mr. Benner does not sufficiently explain what the results in PX69 show on direct examination, Samsung is free to seek clarification on cross examination." ECF No. 1662 at 2.<br><br>Further, Benner's deposition testimony at 39:2-3, 57:10-15, and 61:13-16 is not admissible under Rule 106. Rule 106 states: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Here, considerations of fairness do not require that this additional testimony be received in Apple's case in chief. Samsung may introduce this additional testimony in Samsung's case in chief. |

### I. Justin Denison

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| Depo. at 46:19-47:6 | Overruled. Justin Denison is the Chief Strategy Officer at Samsung. His testimony relates to the competition between Samsung and Apple in the phone and tablet markets, which is relevant to the lost profits and reasonable royalty analyses. *See Georgia-Pacific* factor # 5 ("commercial relationship between licensor and licensee, such as whether they are competitors"). Specifically, he states, "I believe that [Samsung is] certainly competing in the smartphone and |

| | tablet space [with Apple]." Depo. at 46:22-23. While Samsung claims that this testimony is vague and "likely to confuse the jury," the Court finds that this testimony is not unduly vague and finds no basis upon which to conclude that this testimony will confuse the jury. The Rule 403 objection is overruled. |

### J.  Todd Pendleton

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| Depo. at 115:18-116:19 | Overruled. Todd Pendleton is Chief Marketing Officer of wireless terminals at Samsung. Samsung claims Pendleton "lacks foundation," ECF No. 2700 at 3, to answer the following questions in his deposition: "In the smartphone market are there sub segments of that market, like premium, regular? . . . Can you tell me what [the price points] are in the smartphone market? . . . And does Samsung have product offerings in each of those three [price point] categories . . . Where does Apple have product offerings with respect to [those price point differentials]? . . . So do Samsung and Apple compete in all three [price point] categories?" Depo. at 115:18-116:19. Samsung's foundation objection is overruled, because Pendleton's testimony that he serves as Chief Marketing officer of Samsung is sufficient foundation to qualify him to testify about whether Apple and Samsung compete at different price points.<br><br>Samsung also claims that the "question," without noting which one, is vague as to time, and is prejudicial and misleading under Rule 403 because it suggests that Pendleton's answer is true at all times. ECF No. 2700 at 3. These objections are overruled, as none of the specified questions are unduly vague and Pendleton's answer that Samsung and Apple compete in all three categories is not unduly prejudicial or misleading simply because he does not specify a time period. |

**IT IS SO ORDERED.**

Dated: November 12, 2013

*Lucy H. Koh*

LUCY H. KOH
United States District Judge