UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff, | ORDER ON APPLE'S OBJECTIONS TO CROSS-EXAMINATION EXHIBITS FOR BALAKRISHNAN, BLEVINS, DAVIS, HAUSER, AND SINGH |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Apple has filed objections to exhibits to be used in the cross-examination of witnesses Ravin Balakrishnan, Tony Blevins, Julie Davis, John Hauser, and Karan Singh. ECF No. 2701. Samsung has filed a response. ECF No. 2700. After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules on Apple's objections as follows:

**A. Ravin Balakrishnan**

| EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| SDX8008.07 | Sustained. SDX8008.07 is nearly identical to Samsung's opening Slides 21 and 123, which the Court has already excluded under Rule 403. ECF No. 2696 at 8. Consistent with the Court's previous ruling, if Balakrishnan contradicts his 2012 |

1

Case No.: 11-CV-01846-LHK
ORDER ON APPLE'S OBJECTIONS TO CROSS-EXAMINATION EXHIBITS FOR BALAKRISHNAN, BLEVINS, DAVIS, HAUSER, AND SINGH

| | |
|---|---|
| | trial testimony, Apple will have opened the door, and Samsung may use SDX8008.07. *Id.* |
| SDX8008.02 | Sustained. SDX8008.02 is a video of the Captivate showing a hard stop and a scroll bar. This video is similar to Samsung's opening Slides 21 and 123, which the Court has excluded under Rule 403. ECF No. 2696 at 8. Because SDX8008.02 demonstrates a noninfringing application of an otherwise infringing device, the Court finds that the risks of misleading the jury, confusing the issues, and wasting time substantially outweigh the probative value of SDX8008.02 under Rule 403. Moreover, because this video was not used in the 2012 trial, the Court finds that it is not relevant for possible impeachment of Balakrishnan's retrial testimony. |
| SDX8008.32 | Sustained. SDX8008.32 is a video that was not used at the 2012 trial, and which appears to be identical to a video first submitted in connection with a post-trial motion. *See* ECF No. 2338-6. Because Samsung's theory that the behavior depicted in SDX8008.32 is a noninfringing alternative for the '381 patent was not timely disclosed in the 2012 trial, Apple's objection is sustained. |

### B. Tony Blevins

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX2721 | Overruled. DX2721, a June 2010 news article documenting Apple's difficulty keeping up with demand for the iPhone 4, is not being offered for the truth of the matter asserted, but to show Apple's awareness of industry criticism and negative consumer reactions to the backlog for the iPhone 4. This evidence is therefore not impermissible hearsay. |
| DX2724; DX2725 | Sustained. These exhibits, both market research analyses regarding supply for the iPad 2, are being offered for the truth of the matter asserted and do not fall within the hearsay exception for market reports and commercial publications. Fed. R. Evid. 803(17) (exception covering "[m]arket quotations, lists, directories, or other compilations that are generally relied on by the public or by persons in particular occupations"). "The type of publications contemplated by Rule 803(17) are those which deal with compilations of objective facts not requiring for their statement[] a subjective analysis of other facts." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, No. 87-987, 1990 WL 126500, at *4 (D. Ariz. July 25, 1990); *see also JIPC Mgmt., Inc. v. Incredible Pizza Co.*, No. 08-4310, 2009 WL 8591607, at *24 (C.D. Cal. July 14, 2009) (same). DX2724 and DX2725 are not compilations of objective facts, but rather subjective analyses of Apple's supply chain problems with the iPad 2. The Court therefore excludes DX2724 and DX2725 as inadmissible hearsay not falling within any exception. |

### C. Julie Davis

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX905 | Sustained. DX905 is an excerpt from a deposition of Julie Davis taken in another case. While Samsung represents that it intends to use DX905 only for purposes of impeachment, Samsung does not explain how this deposition |

2

Case No.: 11-CV-01846-LHK
ORDER ON APPLE'S OBJECTIONS TO CROSS-EXAMINATION EXHIBITS FOR BALAKRISHNAN, BLEVINS, DAVIS, HAUSER, AND SINGH

| | |
|---|---|
| | excerpt—which covers Davis's education and work history, as well as what sorts of conflicts of interest Davis believes require disclosure to clients—is relevant to Davis's anticipated testimony or to any issue in the retrial. The Court therefore sustains Apple's objection on relevance and Rule 403 grounds. |
| SDX8008.027 | Sustained. SDX8008.027 lists phones that the 2012 jury found to infringe the '381 patent but which have one application that does not infringe the '381 patent. To introduce the fact that these phones were found to infringe the '381 patent in certain applications but not others would effectively be a retrial of the issue of infringement and would mislead the jury, confuse the issues, and waste time. Moreover, the probative value of these phones is low, given that Samsung can point to other products that do not infringe the '381 in any of their applications. Accordingly, under Rule 403, the probative value of SDX8008.027 is substantially outweighed by the risks of misleading the jury, confusing the issues, presenting cumulative evidence, and wasting time. |
| SDX8008.018 | Sustained. Samsung claims that it timely disclosed orange/yellow "glow" as a design around for the '381 patent in response to Apple's Interrogatory No. 16, served on February 3, 2012. ECF No. 2700 at 5. However, any design around disclosed after the December 31, 2011 deadline for producing design around code is excluded by Magistrate Judge Grewal's sanctions order excluding all evidence of actual design arounds for the '381 patent, which was affirmed by this Court. *See* ECF Nos. 898, 1106, 1545. |

### D.  John Hauser

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX2700 | Sustained.  Samsung professes that it intends to use DX2700, which is Hauser's expert report for the upcoming trial in Case No. 12-CV-630, for impeachment. ECF No. 2700 at 5. Even if statements in Hauser's expert report in 12-CV-630 have some relevance to impeachment, however, the Court finds that the probative value of such statements is substantially outweighed by waste of time, confusing the issues, and unfair prejudice that may stem from disclosing the existence of a second lawsuit between Apple and Samsung. |
| SDX8004.014-.017 | Sustained in part. Slides SDX8004.014-.017 are structured in a manner that suggests that Hauser's conjoint study calculated the price premium a customer would be willing to pay for each individual feature of a product and then added those individual price premiums to arrive at a total. This is misleading, because nothing in Hauser's expert report indicates that price premiums were added in this manner. *See* ECF No. 2520-2. Nonetheless, the fact that Hauser's conjoint study either did not test or tested but did not report price premiums associated with other product features is a relevant subject for cross-examination, as these additional details regarding the conjoint study provide context for Hauser's estimated price premiums for the patented features at issue in the retrial. Apple's objection is therefore sustained to the extent SDX8004.014-.017 imply that individual price premiums are added to arrive at a total, but denied to the extent these Slides merely identify product features that Hauser either did not test or tested but did not report. |
| SDX8004.008- | Overruled. However, the Court notes that Hauser's 2012 trial testimony is |

3

Case No.: 11-CV-01846-LHK
ORDER ON APPLE'S OBJECTIONS TO CROSS-EXAMINATION EXHIBITS FOR BALAKRISHNAN, BLEVINS, DAVIS, HAUSER, AND SINGH

| | |
|---|---|
| .009 | admissible only if Hauser contradicts his testimony from the 2012 trial at the retrial. |

### E. Karan Singh

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| SDX8003.008 | Overruled. SDX8003.008, an annotated video of the LaunchTile prior art, is relevant to the context of the patented invention. *See* ECF No. 2696 at 8. The Court will allow the witness latitude to explain any disagreement with the annotations. |
| SDX7004.008 | Overruled. Samsung may introduce SDX7004.08 provided that Samsung lays a proper foundation. |
| SDX7004.009 | Overruled. SDX7004.009 shows excerpts from PDX29, which was shown at the 2012 trial. However, the quality of the video in SDX7004.009 is poor and thus to the extent Samsung wishes to show excerpts of PDX29, it must use PDX29 itself. |

### F. Media Formatting for Future Objections

For future objections and responses, the parties are directed to submit all movie files in Windows Media, as opposed to QuickTime, format.

**IT IS SO ORDERED.**

Dated: November 12, 2013

_____
LUCY H. KOH
United States District Judge

Case No.: 11-CV-01846-LHK
ORDER ON APPLE'S OBJECTIONS TO CROSS-EXAMINATION EXHIBITS FOR BALAKRISHNAN, BLEVINS, DAVIS, HAUSER, AND SINGH
4