HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OBJECTIONS AND RESPONSES TO OBJECTIONS REGARDING TIMOTHY BENNER, JUSTIN DENISON, JIN SOO KIM, MIN HYOUK LEE, SAMUEL LUCENTE, DONGSEOK RYU, ITAY SHERMAN, JEEYEUN WANG & MARK BUCKLEY** |

I.  **TIMOTHY BENNER**

   A.  **Responses to Objections to Apple's Cross Examination Exhibits**

   **PX3034** shows an increase in Samsung's brand perception post-infringement (PX3034.9), which is relevant to the economic value of Samsung's infringement and lost profit damages.

   **PX41** and **PX179** are, respectively, (i) a presentation that discusses the container icons and (ii) an internal Samsung document that reflects market demand for the patented design. Each is a Samsung admission regarding consumer demand and value for the GUI design covered by the D'305 patent. Dr. Kare could not use the documents because they were not in her expert report. (Dkt. No. 1563 at 4.) Apple will address the FRE 602 objection with testimony from Benner.

II. **JUSTIN DENISON**

   A.  **Objections to Samsung's Direct Examination Exhibits**

   **SDX7009.6-.7.** These nearly identical slides, which purport to show "iPhone Channels," are improper under FRE 403 & 701. Mr. Denison is a Samsung employee and cannot have personal knowledge of Apple's operations. Yet Samsung seeks to improperly use Mr. Denison—a lay witness—to offer opinion testimony regarding Apple's distribution network in an effort to supplement Mr. Wagner's expert opinions through the backdoor. Further, the slide is incomplete and misleading as it (i) does not include all "iPhone Channels," most notably the Apple retail stores; (ii) suggests, without foundation, that there are "premium," "mass," and "entry" iPhone segments; and (iii) is untied to any exhibit in evidence that could authenticate the information.

   **SDX7009.8.** This slide is misleading under FRE 403 because it suggests that the icons on the home screen of the Droid Charge, which infringes the D'305 icon patent, are a Samsung innovation, which they are not. **SDX7009.011.** This slide is also misleading and incomplete as it purports to show "Operating Systems 2006-2011" without including iOS.

   B.  **Responses to Objections to Apple's Cross Examination Exhibits**

   **PX34 & 38.** Samsung objects that these internal Samsung documents were excluded and that Mr. Denison lacks personal knowledge. But the documents, which reflect (i) a study by Samsung to evaluate smartphone user preferences (PX38) and (ii) an analysis of smartphone market drivers (PX34), were both *admitted* at the last trial (PX38 at Dkt. No. 1695 at 1845:8;

APPLE'S OBJS. AND RESP. RE: BENNER, DENISON, KIM, LEE, LUCENTE, RYU, SHERMAN, WANG & BUCKLEY
Case No. 11-CV-01846-LHK (PSG)
sf-3354354

1

1  PX34 at Dkt. No. 1839 at 2079:25) and contain precisely the type of information that Mr.
2  Denison testified he "studied" in in his role as Chief Strategy Officer at Samsung. (Dkt. No. 1610
3  at 898:25-899:6.) Furthermore, the documents are party admissions and can be used for
4  impeachment purposes. Apple can address any foundation issues through testimony at trial.

## III. JIN SOO KIM

### A. Objections to Samsung's Direct Examination Exhibits

**DX957.12 & .19**. Apple objects to these improper expert opinions and undisclosed alternative designs. Taken from a document used at the first trial with Apple's expert witness, these slides reflect Samsung's improper attempt to backdoor expert testimony through a lay witness. DX957.12 is titled "Alternative Designs" and presents multiple views of the Nokia Lumia 800. DX957.19 shows a figure from the "JP'638 Patent" with call-outs allegedly describing various design elements. The witness is not qualified to interpret patents or opine on alternative non-infringing designs. Further, neither the Nokia Lumia 800 or JP'638 has ever been disclosed by any technical expert as a potentially non-infringing alternative design.

### B. Responses to Objections to Apple's Cross Examination Exhibits

**Abuse of Court's Order.** Apple has not abused the Court's orders. Samsung's disclosures have failed to provide any meaningful notice as to the subject of the witness's testimony and suggest that Samsung intends to use these witnesses to testify about topics (*e.g.*, prior art, design-around theories) that are properly the province of expert witnesses. Apple's cross disclosures are thus a necessary response to Samsung's deficient and improper disclosure.

**PX3001.** This document shows demand and value for the patented product and features. Further, impeachment materials need not be included on an exhibit list.

**PDX108.** This document shows the history of the implementation of Apple designs into Samsung's products over time to rebut Samsung's claim that it would have employed an alternative design that would have been equally desirable to consumers as the infringing products. Regardless of whether the phones depicted are infringing, implementation of the patented features into Samsung's products over time is probative of demand for those features and therefore relevant. (Dkt. No. 2721 at 1-3 (finding such evidence "highly probative value").)

APPLE'S OBJS. AND RESP. RE: BENNER, DENISON, KIM, LEE, LUCENTE, RYU, SHERMAN, WANG & BUCKLEY
Case No. 11-CV-01846-LHK (PSG)
sf-3354354

2

## IV. MIN HYOUK LEE

### A. Objections to Samsung's Direct Examination Exhibits

**SDX7002.05, .10.** These slides offer improper opinion and should be excluded under FRE 403. The slides compare Samsung phones, prior art, and a figure from the D'677 patent and state that the Samsung phones "Do[] Not Practice D'677." Mr. Kim—a fact witness—is unqualified to offer an opinion regarding such issues. The slide appears intended to suggest that the Samsung phones are non-infringing alternative designs, is misleading and prejudicial to Apple. **SDX7002.12.** The slide, which shows the Infuse 4G next to a pantone of colors and states that the "Front Color Can Be Changed," attempts to back-door an excluded expert theory (that the D'677 could be designed-around by changing the color to white or grey) through a lay witness. (Dkt. No. 2575 at 15:21-24.)

### B. Responses to Objections to Apple's Cross Examination Exhibits

**PDX107, PX3036, PX3037.** These slides and exhibits demonstrate how closely Samsung implemented Apple's patented designs, which is probative of demand and value for the patented products and features. Moreover, at least some of the pictured phones were introduced after the date Samsung argues it would have used a non-infringing alternative, which is relevant to rebut Samsung's claim that it would have implemented an alternative design. The Court's prior order (Dkt. No. 2645) limiting the parties to the products at issue in the retrial was referring to financial documents, not evidence relating to copying or demand. (*See* Dkt. No. 2721 at 1-2.)

## V. SAMUEL LUCENTE

### A. Objections to Samsung's Direct Examination Exhibits

**SDX7010.006, .008, & .009.** Lucente's expert reports were limited to functionality, the Wada reference, and the '424 patent. He offered no opinions on infringement. (Dkt. No. 939-4 Ex. 26 at 3.) The slides offer non-infringement opinions that are beyond the scope of any prior report. Lucente's report does not mention the Galaxy S II (i9000) or other products included in the slides. Further, slides SDX7010.008 and .009 contain photos of what the Infuse 4G "would look like" without containers, which are not in any report and were not disclosed before today. JX1027 is the Samsung Infuse 4G device that has been in storage at the Court since the first trial,

APPLE'S OBJS. AND RESP. RE: BENNER, DENISON, KIM, LEE, LUCENTE, RYU, SHERMAN, WANG & BUCKLEY
Case No. 11-CV-01846-LHK (PSG)
sf-3354354

3

so Samsung could not have possibly modified the exhibit as described.

### B.  Responses to Objections to Apple's Cross Examination Exhibits

**PX48** is a presentation regarding the Wave and Galaxy S user experience. Samsung is offering Lucente to testify that Samsung's alternative designs were just as good as the iPhone. PX48 rebuts this and discusses how the iPhone's GUI is superior, and thus is highly relevant.

**PX47** is a Samsung email discussing how the Galaxy S "looks like it copied the iPhone too much," which is highly relevant to demonstrate demand for the iPhone. Samsung's decision not to revise the design afterward is relevant to whether it would adopt any alternative design.

## VI.  DONGSEOK RYU

### A.  Objections to Samsung's Direct Examination Exhibits

**PX22.** Samsung seeks to backdoor undisclosed theories regarding alleged alternative designs to the D'305 patent through a *fact witness*. Samsung's exhibit list describes this document as "design alternatives considered by S. Kare" (Dkt. No. 2486-5 at 2), but Mr. Ryu has no personal knowledge of these designs and any testimony by Mr. Ryu regarding these designs would amount to improper expert testimony by a lay witness and would mislead the jury and confuse the issues. **JX1042.** It is improper for Mr. Ryu, a Samsung employee and fact witness, to discuss an asserted Apple patent. Mr. Ryu is not the inventor of that patent and any discussion of it with him would improperly call for a legal conclusion or expert testimony. **SDX7012.007.** This slide, which is representative of multiple SDX7012 slides, improperly calls for expert testimony. As a fact witness and Samsung employee, it is improper for Mr. Ryu to offer opinions regarding whether Samsung phones practice the D'305 patent. Samsung seeks to improperly use Mr. Ryu to backdoor non-infringing alternatives and opinion testimony regarding Apple's D'305 patent.

### B.  Responses to Objections to Apple's Cross Examination Exhibits

**PX194.** This is an email addressed to Samsung "UX Executives" describing comments made by the CEO of Samsung at a meeting. The email discusses how the iPhone sets the standard and recommends changes to the Samsung UX, which is probative of demand for the patented product and is relevant to the reasonable royalty analysis. **PDX108.** Samsung has also

APPLE'S OBJS. AND RESP. RE: BENNER, DENISON, KIM, LEE, LUCENTE, RYU, SHERMAN, WANG & BUCKLEY
Case No. 11-CV-01846-LHK (PSG)
sf-3354354

4

shown a GUI inside the phone body. To the extent the Court wishes to limit to the parties to showing GUIs only, Apple is willing to revise its slides 7 and 8 accordingly. Apple has notified Samsung that it will fix the inadvertent inaccuracies in the phones and labels on slides 9 and 10.

## VII. ITAY SHERMAN

### A. Objections to Samsung's Direct Examination Exhibits

**SDX7011.001, .006, .009.** Sherman's expert reports were limited to validity and functionality. (Dkt. No. 939-4 Ex. 27 at 3.) The report did not provide any opinions regarding infringement. Slides SDX7011.001, .006, & .009, which refer to alternative designs for the D'677 patent and designs that "do not practice" the patent, address infringement and go beyond any previously disclosed opinions.

### B. Responses to Objections to Apple's Cross Examination Exhibits

**JX1019** is the Galaxy S 4G device. Samsung released this device, a near duplicate of the iPhone, after Apple requested that Samsung stop copying Apple's designs. The failure to change is probative of Samsung's belief about the value of the designs and the acceptability of any alternative. **PX54** is a presentation by a consultant hired by Samsung, and is thus a party admission. The presentation discusses a study done for Samsung that focused on Apple and its user interface. It is highly probative of demand. **PX39** is a presentation comparing Samsung's icon layout with the layout of the iPhone 3GS, and stating why the latter is better. It is relevant to Samsung's contention that Samsung's alternative designs were just as good as the iPhone.

## VIII. JEEYEUN WANG

### A. Objections to Samsung's Direct Examination Exhibits

**DX962.** Samsung seeks to have Ms. Wang, a fact witness, testify using Apple's design expert's demonstratives from the first trial. Any use of these slides with Ms. Wang improperly calls for expert testimony. Dr. Kare's boards related to infringement and validity, issues for which Ms. Wang is unqualified to offer testimony. **SDX7006.009.** This slide, which is representative of multiple SDX7006 slides, likewise seeks to have Ms. Wang provide expert testimony. Ms. Wang has no basis to offer an opinion regarding whether icons without containers would not practice the D'305 patent. Moreover, to the extent this theory was previously

APPLE'S OBJS. AND RESP. RE: BENNER, DENISON, KIM, LEE, LUCENTE, RYU, SHERMAN, WANG & BUCKLEY
Case No. 11-CV-01846-LHK (PSG)
sf-3354354

5

disclosed, it was stricken by Judge Grewal. (Dkt. No. 1144 at 4; *see also* Dkt. No. 939-4 Ex. 29 at 34.)

### B. Responses to Objections to Apple's Cross Examination Exhibits

**PX53.** This Samsung internal document compares the Galaxy S and the iPhone 4, which is highly relevant to the disputed issue of whether Apple and Samsung phones are in competition. Apple can address any foundation issue through trial testimony. **PDX108.** Apple's slides are not misleading; evidence that infringing phones were launched after the date Samsung argues it would have used a non-infringing alternative is directly relevant because it shows that in fact Samsung did not do so and instead continued to launch new infringing products. This is relevant to Samsung's arguments relating to what is a reasonable royalty. Apple has notified Samsung that it will modify slides 7 and 8 to address the concerns Samsung raised regarding the title of these slides. With regard to Samsung's Rule 408 objection, the Court allowed Jun Won Lee to testify regarding PX52, "which is probative of establishing the notice date of the '381 patent." (Dkt. No. 2721 at 6-7.) On Slides 3, 5, 7, Apple accurately excerpts this document and provides a legend identifying the notice date.

## IX. DEPOSITION DESIGNATIONS

**Buckley.** Apple objects to Samsung's designations (196:8-25, 197:11-17, 203:9-204:3), which elicit testimony about a document without seeking to admit the document itself in violation of FRE 1002. Apple has counter-designated testimony that would authenticate the document (201:13-15, 201:21-202:2). The designation on page 201 was part of Samsung's original designations, overlaps with Apple's counter-designations, and is needed to fully authenticate PX182. The designations at 182:11-25 was part of Apple's counter-designations. Apple requests the remainder under the rule of completeness.

APPLE'S OBJS. AND RESP. RE: BENNER, DENISON, KIM, LEE, LUCENTE, RYU, SHERMAN, WANG & BUCKLEY
Case No. 11-CV-01846-LHK (PSG)
sf-3354354

6

| | | |
|---|---|---|
| 1 | Dated: November 13, 2013 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: *Harold J. McElhinny* |
| 4 | |     HAROLD J. MCELHINNY |
| 5 | | Attorneys for Plaintiff<br>APPLE INC. |

APPLE'S OBJS. AND RESP. RE: BENNER, DENISON, KIM, LEE, LUCENTE, RYU, SHERMAN, WANG & BUCKLEY
Case No. 11-CV-01846-LHK (PSG)
sf-3354354

7