QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar. No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES REGARDING (1) EXHIBITS TO BE USED WITH BENNER, DENISON, KIM, LEE, LUCENTE, RYU, SHERMAN, AND WANG AND (2) DESIGNATED DEPOSITION TESTIMONY OF BUCKLEY** |

Case No. 11-cv-01846-LHK
SAMSUNG'S OBJS. AND RESPS. RE: BENNER, DENISON, KIM, LEE, LUCENTE, RYU, SHERMAN, WANG, AND BUCKLEY

## I. SAMSUNG'S HIGH PRIORITY OBJECTIONS TO APPLE'S COUNTER-DESIGNATIONS

**BENNER:** In the last trial, Apple successfully objected to Samsung introducing evidence of its "Next Big Thing" ad campaign as irrelevant. Dkt. 1511 at 1-2. As its title reflects, **PX3034** is about the "Impact Measured" of that very campaign. Under Rule 403, Samsung would be unfairly prejudiced by admission of a document about that same campaign when it was barred from showing any of the actual ads. In addition to Apple's prior concession of irrelevance of the subject matter, PX3034 is irrelevant because it is entirely about ads for Galaxy S II products, which are not now at issue. **PX41** and **PX179** should be excluded because they were previously (Dkt. 2645 at 4; 1563 at 4), and, because Mr. Benner lacks personal knowledge of them, no foundation can be laid.

**DENISON:** The Court previously sustained Samsung's Rule 603 foundation objection to **PX38** and **PX34**, which Samsung maintains. Dkt. 1610 at 833:12 - 834:11.

**KIM:** In response to Samsung's disclosures of exhibit and materials for the direct examination of Mr. Kim, as well as for the other fact witnesses on design issues – Mr. Lee, Mr. Ryu, and Ms. Wang – Apple responded with four nearly identical disclosure lists. These witnesses have different responsibilities and distinct personal knowledge regarding the products at issue, with broad distinctions between hardware and GUI design in particular. Moreover, each of these cross-disclosure lists included more than twice the number of exhibits as disclosed by Samsung. Apple's cross-disclosure of the same exhibits for multiple witnesses who have no relation to the exhibits (such as its disclosure of exhibits regarding utility patents or graphic user interface design for industrial hardware designers) does not comply with the Court's procedures for notifying Samsung of the exhibits Apple *actually* intends to use with each witness. **PX3001:** This exhibit was not included on Apple's damages trial exhibit list (Dkt. 2486-4). It appears to be an attorney-created chart from Mr. Lee's deposition displaying images of phones that are not at issue in this trial. The prejudice to Samsung from questioning Mr. Kim, when there is no apparent foundation for his personal knowledge of the document, would outweigh any potential relevance of showing four Apple-selected early Samsung products. **PDX108:** This

1  demonstrative includes numerous images of Samsung phones not at issue in this trial.  *See*
2  Dkt. 2645 at 3.  Apple's damages award for these phones was previously sustained; permitting
3  Apple to re-litigate irrelevant infringement issues risks an impermissibly duplicative or punitive
4  award.  FRE 403.  Given the Court's order excluding Samsung's damages calculations based on
5  a product-based notice theory (Dkt. 2690 at 7), Samsung will not contest for the purpose of this
6  trial the notice dates established in the Court's March 1, 2013 order (Dkt. 2271 at 18).  The use of
7  the patent image placed on a timeline in PDX108.3, .5, and .7-.8 would only be relevant to an
8  improper attempt to re-litigate the notice date for the D'677 and D'305 patents. PDX108.7-.8 also
9  misleadingly include both complaints even though Apple did not assert D'305 in the original
10 complaint.

11 **LEE:**   **PDX107** contains nothing but side-by-side graphics of iPhones next to a re-sized Galaxy
12 S i9000 not at issue here.   **PX3036** and **PX3037** were not disclosed on Apple's exhibit list and
13 show only phones for which the first jury's award was sustained.  PX3037 in particular mentions
14 the D'087 patent (not at issue) and includes images of the applications screens for the Galaxy SII
15 devices to wrongly insinuate that they were found infringing when they are actually non-infringing
16 alternatives.   These three documents do nothing but re-litigate infringement and/or dilution for
17 phones not at issue, risking a damage award impermissibly meant to punish or reach beyond the
18 devices at issue. (*See* Dkt 2645 at 3 (granting Samsung's motion to exclude "products not at issue
19 in the retrial").

20 **LUCENTE:**    **PX47** is an email relating to a "China GDI Evaluation."   **PX48** is a third-party
21 study.   Mr. Lucente did not consider or rely on these materials in forming his opinions, and these
22 exhibits bear no nexus to the substance of Mr. Lucente's opinions or his areas of
23 expertise.   Moreover, neither of these exhibits were listed in Mr. Musika's report as evidence of
24 demand, and they have therefore been precluded from being used at this trial for that
25 purpose.  Dkt. 2645, at 4.  Permitting Apple to use these exhibits with Mr. Lucente would
26 therefore only invite undue prejudice, waste of time, and juror confusion.

27 **RYU:**   **PDX108.7** and **108.8** are titled "D'305 Patent Infringement."   The slides improperly
28 include images of the entire phones instead of excerpting the user interface claimed by the D'305

patent, in violation of the Court's prior finding that "[t]he D'305 doesn't go to the body style, and so all of these demonstratives [that] have the body style in them . . . [are] confusing."  Dkt. 1611 at 1261:20-1262:7.  Apple also cannot lay a proper foundation for using **PX194** with Mr. Ryu, who is not listed on the document, is not listed as a sponsoring witness, and has no knowledge of the matters set forth therein.  The risk of unfair prejudice and/or jury confusion posed by the use of this exhibit with Mr. Ryu therefore substantially outweighs any minimal probative value the document may have.

**SHERMAN:**   Apple disclosed a number of physical devices for Mr. Sherman, such as the Galaxy S 4G (**JX1019**), that are not at issue or offered as alternative designs.  *See* Dkt 2645 at 3.  Again, Apple's award for these phones was already sustained; any argument by Apple rehashing infringement by them is irrelevant to the damages here and risks an impermissibly duplicative or punitive award.  FRE 403.  **PX54** is a third party document already ruled to be hearsay.  Dkt 1889 at 2.  Mr. Sherman did not rely on this document, so it has no probative or impeachment value and would only be used by Apple to improperly try establishing the truth of the matters asserted.  **PX39** shows applications screens for Samsung devices not issue, Dkt 2645 at 3, and subject matter (user interface) for which Sherman was not disclosed as an expert.

**WANG:**   **PX53** is inadmissible because it was not included in Mr. Musika's Exhibit Nos. 24, 24-S, 25, 25-S or 53-S, Dkt. 2645 at 4, and was not proffered for demand. PX53 lacks probative value for any issue in the new damages trial (*see* Dkt. 1520 at 3 (admitting for relevance to trade dress)), concerns the i9000, a product not at issue here, and is highly prejudicial for its improper purpose of alleging copying and demand.   **PDX108:**   Given the Court's order excluding Samsung's damages calculations based on a product-based notice theory (Dkt. 2690 at 7), Samsung will not contest for the purpose of this trial the notice dates established in the Court's March 1, 2013 order (Dkt. 2271 at 18).  Therefore, **PDX108.3**, **.5**, and **.7** lack probative value (*see* Dkt. 2721 at 2-3 (finding PX52 relevant to establishing '381 notice date)), and should be excluded under FRE 403, particularly given Rule 408 concerns and the manner in which Apple excerpts its own claims of infringement.   **PDX108.7 and .8** are highly prejudicial and misleading, featuring the Galaxy S II T-Mobile, which was never incused of infringing the D'305 patent, in a timeline

1  entitled "D'305 Patent Infringement."

2  **BUCKLEY:**   The following counter designations were not disclosed by either party in direct or
3  counter designations: 181:10-23, 181:25-182:4, 182:15-16, 182:22-25, 201:13-15, and 201:21-
4  23.  *See* Dkt. 2630-1.  The Court has limited the parties to their prior designations.  *See* Dkt.
5  2535 at 41:8-12.

## II.   SAMSUNG'S RESPONSES TO APPLE'S HIGH PRIORITY OBJECTIONS TO SAMSUNG'S DESIGNATIONS

**DENISON:**   **SDX7009.6-7** show availability of the iPhone at various channels at various price points over the relevant time period.   As VP of Strategy, Mr. Denison monitors the channel availability and pricing of its competition. His testimony on the subject is not improper expert testimony and is relevant to rebutting Ms. Davis' lost profits analysis, specifically her contention that the iPhone competed with phones at issue at every price point.   **SDX7009.8** helps illustrate one of Samsung's market advantages—creating and delivering the latest technology quickly—that has led to its success and has nothing to do with Apple's patented features.   This is relevant to *Georgia-Pacific* factor 13.   **SDX7009.11** reflects other operating systems—and user interfaces—commercially available to consumers.   Their availability provides context for the parties' hypothetical negotiations.

**KIM:**   Mr. Kim can testify to the extent of his personal knowledge of the Nokia Lumia (**DX957.012**), its design and its features. This demonstrative was disclosed as one of Apple's proffered alternative design in the previous trial.   Dkt. 1611 at 1003:6-7.   Samsung disclosed DX957 on its damages trial exhibit list. Dkt. 2486-5.

**LEE:**   **SDX7002.5** is simply a picture of the F700, which is admissible.   Dkt 2708 at 5.   Mr. Lee has personal knowledge of it.   Dkt 2523 at 40-43 (Samsung's proffer).   **SDX7002.10** and **SDX7002.12** rely on the first jury's non-infringement finding for the Ace, not expert opinion.   *See* Dkt. 2696 at 9 (allowing Ace).

**LUCENTE:**   **SDX7010.006** depicts the D'305 design and the GUI of the Galaxy S II (i9100).   Mr. Lucente's opinion that the S II phones present a viable, non-infringing alternative to

1  the D'305 patent was disclosed at pages 43-44 of his rebuttal report, and those opinions were not

2  stricken by Judge Grewal's ruling.   Similarly, **SDX7010.008 and .009** depict the GUI of the

3  Infuse 4G both with and without containers behind the icons, and will help the jury understand

4  Mr. Lucente's opinion – disclosed at those same pages of his rebuttal report – that removing the

5  containers from behind the icons leaves an alternative design that would not infringe the D'305

6  patent.

7  **RYU:**   **PX22** is an Apple-created compilation of "User Interface Alternative Designs."   Expert

8  testimony is not needed to explain the designs depicted therein, and as an experienced designer,

9  Mr. Ryu's testimony about these graphical interfaces will help the jury understand the range of

10 GUI alternatives available and the time and the expense necessary to create them – testimony that

11 bears directly on Apple's damages theories.   Apple will suffer no prejudice from having a

12 designer testify about designs Apple itself has identified as viable, non-infringing

13 alternatives.   **JX1042** is the D'305 patent.   Apple introduced images of the D'305 as an exhibit at

14 Mr. Ryu's deposition, and questioned him, as a graphic user interface designer, extensively about

15 it.   No additional expertise is required for Mr. Ryu to testify about the D'305 patent.   Similarly,

16 **SDX7012.007** displays the D'305 next to the GUI of the Galaxy S II.   Mr. Ryu has percipient

17 knowledge of the Galaxy S II design and can help the jury by testifying about available non-

18 infringing alternatives, which goes to the heart of Apple's damages claims.

19 **SHERMAN:**   **SDX7011.001** is almost identical to SDX3927.001, which was published at the

20 first trial.   Dkt 1925-4 at 10.   Mr. Sherman also opined that the prior art, including LG Prada,

21 rendered obvious, but did not anticipate (i.e., practice) D'677, so this is not a new opinion.   Dkt

22 1840 at 2580:7-2593:6; Dkt 2523 at 31 (Samsung proffer).   **SDX7011.006** simply shows the LG

23 Prada and F700, both admissible, as alternative designs to D'677.   *Id.*; Dkt 2708 at 5.

24 **SDX7011.009** permissibly relies on the jury's finding for the Ace.   Dkt 2696 at 9.

25 **WANG:**   **DX 962.**   Ms. Wang can testify as a Galaxy device GUI designer regarding her

26 personal knowledge of the application screens found to infringe the D'305 patent and third party

27 products with which she is familiar.   **SDX7006.009.**   Ms. Wang can testify about her knowledge

28 of the process, expense and time required for designing icons without containers or removing icon

1  containers.  Mr. Wagner's theory that container-less icons are a D'305 design around (8/26/13

2  Wagner Rpt. at ¶ 510 (Dkt. 2517-4)) has not been excluded.

3  **BUCKLEY:**   Apple objects to Samsung's designations for failure to lay foundation for **PX182**

4  and under the best evidence rule (FRE 1002).   But Samsung does not rely on PX182.   It will

5  instead rely on Mr. Buckley's independent testimony about Apple's capacity to build additional

6  products.   Thus, it is unnecessary to lay foundation for the underlying document.   For this same

7  reason, Federal Rule of Evidence 1002 does not apply.   The relevant fact Samsung seeks to prove

8  is Apple's capacity, not the contents of a document.   *See U.S. v. Gonzales-Benitez*, 537 F.2d 1051,

9  1053-54 (9th Cir. 1976) ("The content of the tapes was not in itself a factual issue relevant to the

10  case.   The inquiry concerned the content of the conversations…[T]estimony of the participants

11  was equally admissible…").   Mr. Buckley testified as Apple's corporate representative on

12  capacity.   Although he may have referenced PX182 in giving his testimony, that testimony is

13  itself admissible to prove Apple's lack of capacity.

1  DATED: November 13, 2013            QUINN EMANUEL URQUHART &
2                                      SULLIVAN, LLP

3                                      By  */s/ Victoria F. Maroulis*
                                            Charles K. Verhoeven
4                                           Victoria F. Maroulis
                                            Kevin P.B. Johnson
5                                           Michael T. Zeller
                                            Attorneys for SAMSUNG ELECTRONICS
6                                           CO., LTD., SAMSUNG ELECTRONICS
                                            AMERICA, INC., and SAMSUNG
7                                           TELECOMMUNICATIONS AMERICA, LLC