**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | ) Case No.: 11-CV-01846-LHK |
| | ) |
| Plaintiff, | ) ORDER RE: SAMSUNG'S |
| | ) OBJECTIONS TO EXHIBITS TO BE |
| v. | ) USED WITH APPLE'S WITNESSES |
| | ) AND TO APPLE'S DEPOSITION |
| SAMSUNG ELECTRONICS CO., LTD., A | ) DESIGNATIONS (GRAY, VAN DAM, |
| Korean corporation; SAMSUNG | ) SCHILLER, SHEPPARD, WAGNER, |
| ELECTRONICS AMERICA, INC., a New York | ) HONG, JOSWIAK, LAM, NG, ANZURE, |
| corporation; SAMSUNG | ) CHAUDHRI, JUE, SINCLAIR) |
| TELECOMMUNICATIONS AMERICA, LLC, | ) |
| a Delaware limited liability company, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Samsung has filed objections to exhibits to be used with Apple's witnesses and to Apple's

deposition designations. ECF No. 2711. Apple has filed a response. ECF No. 2712. After

reviewing the parties' briefing, considering the record in the case, and balancing the considerations

set forth in Federal Rule of Evidence 403, the Court rules on Samsung's objections as follows:

### A. Stephen Gray/Andries Van Dam

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX 38, PX 44, PX 46, PX 57, PX 9 | Overruled. The Court has already overruled these same Samsung objections to PX 38, PX 44, PX 46, and PX 57 in ECF No. 2721. |

Case No.: 11-CV-01846-LHK
ORDER RE: SAMSUNG'S OBJECTIONS TO EXHIBITS TO BE USED WITH APPLE'S WITNESSES AND TO
APPLE'S DEPOSITION DESIGNATIONS (GRAY, VAN DAM, SCHILLER, SHEPPARD, WAGNER, HONG,
JOSWIAK, LAM, NG, ANZURE, CHAUDHRI, JUE, SINCLAIR)

**United States District Court**
For the Northern District of California

| | |
|---|---|
| | The objection is overruled as to PX 9 as well. PX 9 is an email chain among Samsung executives concerning the development of Samsung smartphones and whether to include new touch input methods. In the course of this email chain, one Samsung employee states, "I am thinking that the sleek product design execution as shown by iPhone would be what is considered by product planning or sales to be the greatest appealing factor." PX 9, p.2. This evidence is probative of demand for the D'677 patent. Another Samsung employee notes, "I am getting the sense that the Apple i-phone's Touch method (C Type) is becoming the De facto Standard in the market. I am wondering whether or not we should perhaps fully apply the C Type as well. Isn't [the i-phone's touch method] the demand of the carriers and the market?" PX 9, p.1. This evidence is probative of demand for the patented product.<br><br>Demand for the patented product and patented feature is relevant to *Georgia-Pacific* factor number 8 under the reasonable royalty analysis, i.e. "the established profitability of the product made under the patent; its commercial success; and its current popularity." *Georgia-Pacific Corp v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 11120 (S.D.N.Y. 1970). Evidence that Samsung believed Apple's D'677 patent was a key factor in consumer demand for the iPhone is also probative of *Georgia-Pacific* factor number 9, i.e. "[t]he utility and advantages of the patent[ed] property over the old modes or devices, if any, that had been used for working out similar results." *Id.*<br><br>The Court holds that the probative value of this evidence is not substantially outweighed by any prejudice to Samsung. Samsung's argument that this exhibit was not disclosed in the Singh or Gray reports, ECF No. 2711 at 1, fails because Apple intends to use this exhibit on cross and the witness will be free to state whether or not he has seen this document. |
| PX 194 | Overruled. PX 194 was admitted in the first trial without any limiting instruction. ECF No. 1947 at 6. PX 194 is an internal Samsung email which summarizes and quotes a speech given by Samsung's CEO at a meeting in which the CEO criticized Samsung's user experience mindset of "clinging to the past." PX 194, p.1. The Samsung employee summarizing the speech, Sungsik Lee, also states, "I am not saying to make a UX that is exactly identical to the iPhone, but I am saying to learn the wisdom of the iPhone and recognize that the standard (?) of the industry which was set by them already." *Id.*<br><br>This evidence of demand for the patented product is relevant to at least *Georgia-Pacific* factor number 8 under the reasonable royalty analysis, i.e. "the established profitability of the product made under the patent; its commercial success; and its current popularity." *Georgia-Pacific Corp v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 11120 (S.D.N.Y. 1970). The probative value of this evidence is not substantially outweighed by any prejudice to Samsung. |

### B. Schiller

| EXHIBIT | COURT'S RULING ON OBJECTION |
|---|---|

Case No.: 11-CV-01846-LHK
ORDER RE: SAMSUNG'S OBJECTIONS TO EXHIBITS TO BE USED WITH APPLE'S WITNESSES AND TO APPLE'S DEPOSITION DESIGNATIONS (GRAY, VAN DAM, SCHILLER, SHEPPARD, WAGNER, HONG, JOSWIAK, LAM, NG, ANZURE, CHAUDHRI, JUE, SINCLAIR)

**United States District Court**
For the Northern District of California

| NUMBER | |
|---|---|
| PDX1A | Overruled. PDX1.1 was published to the jury in the 2012 trial. ECF No. 1925-4 at 2. PDX 1.1, like Apple's new PDX1A, cites to the New York Times article published in January 2007 shortly after announcement of the iPhone called "Apple Waives Its Wand at the Phone." However, PDX1A adds a new quote from the article which was not in PDX1.1: "The real magic, however, awaits when you browse the Web . . . To enlarge it, you can double-tap any spot; then you drag your finger to scroll in any direction." Samsung objects that this extra quote wrongly equates "double-tap" and "Scroll" to magic and also implies, to Samsung's prejudice, that the patents at issue cover the broad concepts of multi-touch, double-tap, and scrolling. ECF No. 2711 at 2. Samsung's objection is overruled. This evidence of demand for the patented product is relevant to at least *Georgia-Pacific* factor number 8 under the reasonable royalty analysis, i.e. "the established profitability of the product made under the patent; its commercial success; and its current popularity." Samsung's argument that PDX1A implies that the patents at issue cover "broad concepts" rather than the patented features goes to weight, not admissibility. |
| PX 163 | Sustained. PX 163 was admitted in the 2012 trial without any limiting instruction through the testimony of Stringer. ECF No. 1947 at 6; ECF No. 1547 at 481. PX 163 is a one page sketch made by Mr. Stringer containing different sketches of iPhones. ECF No. 1547 at 480-81 (Stringer testifying that PX 163 is "one page from one of my sketch books" and that the sketches on PX 163 are "sketches of iPhone ideas.") Samsung objects to Schiller's use of this exhibit because Schiller cannot testify about Stringer's ideas. ECF No. 2711 at 1. Apple has not responded to this objection, ECF No. 2712, and thus waives any argument against the objection. Accordingly, the objection is sustained. |
| PX 3.3 | Overruled in part and sustained in part.<br><br>This exhibit is page three of PX3, which was admitted at the 2012 trial. ECF No. 1611 at 141. The Court allowed Apple to present the first two pages of PX 3 in its opening slides. ECF No. 2696 at 3-4. PX 3.3 shows pictures of various Samsung smartphones next to a picture of the Apple iPhone. The evidence is probative to whether Samsung copied Apple's D'677 patent, which is relevant to the reasonable royalty analysis. *See Georgia-Pacific* factor number eleven, "the extent to which the infringer has made use of the invention and the value of such use." This probative value is not substantially outweighed by the risk of unfair prejudice due to "jury confusion about the amount of damages," ECF No. 2711 at 1. Samsung does not contend that the pictures of the phones are inaccurate.<br><br>However, the objection is sustained in part as to the picture of the Vibrant T959 phone, pursuant to this Court's prior ruling that Samsung may not use the Vibrant as a non-infringing alternative. ECF No. 2657 at 14-15. Thus, if Apple intends to introduce this exhibit, Apple must delete the portion of PX 3.3 with the picture of that phone. |

### C.  Sheppard

3

United States District Court
For the Northern District of California

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PDX 62A | Overruled. PDX 62A is a slide called "Samsung's Financial Spreadsheets" which notes the history of Samsung's financial spreadsheets. Contrary to Samsung's argument, the Court's order precluding Apple from introducing evidence regarding "the history of Samsung's production of financial data" was specific to Davis only. ECF No. 2575 at 7 ("[The Court] will not allow Davis to testify as to this history now.") Further, the exhibit is not unduly prejudicial under Rule 403. The Court overruled Samsung's objection as to PDX62.2 in the 2012 trial but directed Apple to use a "more restrained graphic" in order to decrease any possible prejudice. ECF No. 1774 at 2. The new exhibit complies with that directive. |
| PX 180 | Overruled in part and sustained in part. PX 180 is a Samsung financial document showing Samsung's sales information for many of the phones at issue in the 2012 trial, including many phones not at issue in the retrial. PX 180 was admitted at the 2012 trial, ECF No. 1947 at 5, without any limiting instruction. The Court previously precluded Apple from introducing financial information for "products not at issue in the retrial." ECF No. 2645 at 3 (PX 29A and PX 1500A). Thus, the Court sustains Samsung's objection with respect to information in PX 180 concerning products not at issue in the retrial. To the extent Apple seeks to admit PX 180, Apple must strike information relating to products not at issue in the retrial.<br><br>Apple claims that "a market share calculation [and] calculations used to define the per unit reasonable royalty amounts . . . require and use information on all infringing products" and that information on all infringing products "provides a foundation for calculations used by Davis." ECF No. 2712, at 4. However, Apple does not cite to any portion of Davis' report as support for its statement. Accordingly, the Court is not persuaded by Apple's claim. |

### D. Wagner

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX 57 | Overruled. This exhibit was admitted at the 2012 trial without any limiting instruction. ECF No. 1947 at 2; ECF 1695 at 1763 (testimony of Dr. Balakrishnan). It is a Samsung document which tests and evaluates the user interface design of a Samsung prototype tablet (Galaxy Tab 8.9) against the iPad 2 on dozens of user experience issues. It is probative of demand for the patented product and demand for a patented feature (Apple's '381 patent) because it concludes that the Galaxy Tab lacked the advantages of the "bounce effect" in the iPad, and characterized that as a "critical" and "serious" problem that needed to "be reviewed" as a proposed improvement. *See* PX 57, pp. 19, 73.<br><br>Demand for the patented product and patented feature is relevant to *Georgia-Pacific* factor number 8 under the reasonable royalty analysis, i.e. "the |

4

Case No.: 11-CV-01846-LHK
ORDER RE: SAMSUNG'S OBJECTIONS TO EXHIBITS TO BE USED WITH APPLE'S WITNESSES AND TO APPLE'S DEPOSITION DESIGNATIONS (GRAY, VAN DAM, SCHILLER, SHEPPARD, WAGNER, HONG, JOSWIAK, LAM, NG, ANZURE, CHAUDHRI, JUE, SINCLAIR)

United States District Court
For the Northern District of California

| | | |
|---|---|---|
| | | established profitability of the product made under the patent; its commercial success; and its current popularity." *Georgia-Pacific Corp v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 11120 (S.D.N.Y. 1970). Evidence that a competitor (here, Samsung) may have copied Apple's '381 patent is also probative of *Georgia-Pacific* factor number 9, i.e. "[t]he utility and advantages of the patent[ed] property over the old modes or devices, if any, that had been used for working out similar results." *Id.* Further, this evidence is probative of *Georgia-Pacific* factor number eleven, i.e., "the extent to which the infringer has made use of the invention and the value of such use." *Id.* The Federal Circuit has held that the "eleventh factor informs the court and jury about how the parties would have valued the patented feature during the hypothetical negotiation." *Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1333 (Fed. Cir. 2009). This evidence suggests that Samsung believed that Apple's invention was valuable.<br><br>The Court holds that the probative value of this evidence is not substantially outweighed by any prejudice to Samsung caused by the fact that the Tab 8.9 was never accused of infringement in this litigation. Samsung's argument that PX 57 is not relevant to the '381 patent because the '381 patent does not cover the "concept of bounce . . . generally," ECF No. 2711 at 2, goes to weight, not admissibility. |
| PX 60, 62 | | Overruled. PX 60 and PX 62 were both admitted in the 2012 trial. ECF No. 1947 at 3. PX 60 was admitted without any limiting instruction, and PX 62 was admitted with the following limiting instruction: "Do not consider as evidence that Samsung's conduct was willful; however, you may consider it for some other purpose." *Id.*<br><br>PX 60 is a "Top Secret" internal Samsung document analyzing the "Paradigm Shift" in the smartphone marketplace. PX 60, p.2. It states that there is high "consumer demand" for Apple products. PX 60, p.14; *see also* p.19 ("Apple subscriber trajectory may result in Apple overtaking Samsung's entire US Install Base by YE2013.") This evidence is relevant to showing demand for Apple's patented product, which is relevant to *Georgia-Pacific* factor number 8 under the reasonable royalty analysis, i.e. "the established profitability of the product made under the patent; its commercial success; and its current popularity." *Georgia-Pacific Corp v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970). The document also states that the "US [smartphone] market becoming [sic] a two horse race between Apple and Samsung." PX 60, p.8. This is relevant to showing that Apple and Samsung are direct competitors, which is relevant to *Georgia-Pacific* factor number 5, "the commercial relationship between licensor and licensee, such as whether they are competitors in the same territory in the same line of business; or whether they are inventor or promoter." *Georgia-Pacific Corp.*, 318 F.Supp. at 1120.<br><br>PX 62 is an internal Samsung document titled "iPhone 5 Counter Strategy." PX 62, p.1. It contains statements relevant to showing competition between Apple and Samsung in the smartphone market, which is relevant to *Georgia-Pacific* factor number 5. *See* p.11 ("STA Offensive Portfolio Strategy (Directly go after |

5

Case No.: 11-CV-01846-LHK
ORDER RE: SAMSUNG'S OBJECTIONS TO EXHIBITS TO BE USED WITH APPLE'S WITNESSES AND TO APPLE'S DEPOSITION DESIGNATIONS (GRAY, VAN DAM, SCHILLER, SHEPPARD, WAGNER, HONG, JOSWIAK, LAM, NG, ANZURE, CHAUDHRI, JUE, SINCLAIR)

| | ATT and VZW Potential iPhone purchasers); p.13 ("Captivate to compete against iPhone 4"); p. 3 ("Defensive Portfolio Strategy: minimize iPhone defections at Sprint and TMO"). These statements are also probative of demand for the patented product, which is relevant to *Georgia-Pacific* factor number 8. The probative value of this evidence is not substantially outweighed by any prejudice to Samsung. |
|---|---|

### E.  Anzures/Chaudhri/Joswiak/Jue/Sinclair

| DEPOSITION DESIGNATION | COURT'S RULING ON OBJECTION |
|---|---|
| Counter-Designations for Anzures, Chaudri, Joswiak, Jue, and Sinclair Depositions | Sustained. Samsung objects that none of Apple's counter-designations for these witnesses' depositions were previously disclosed in Apple's November 1, 2013 Objections and Counter-Designations to Samsung's Deposition Designations. ECF No. 2711 at 3 (citing ECF No. 2630-1). Although Apple responds that its November 1 counter-designations were not meant to be exhaustive, there is no legitimate basis for Apple to withhold any counter-designations from its November 1 filing. Neither party will be permitted to introduce deposition testimony not previously disclosed in their deposition designations or counter-designations. |

### F.  Hong

| DEPOSITION DESIGNATION | COURT'S RULING ON OBJECTION |
|---|---|
| Depo. testimony about a "document not on [Apple's] exhibit list or in Davis' report" | Overruled. Hong is Executive Vice President at Samsung. The exhibit about which Hong testifies is an email he sent in April 2011 in which he "suggest[ed] that, when the design is shown to our president, comparison with product – similar product [sic] from Apple needs to be provided together." Depo. at 58: 5-8. This evidence is relevant to the *Georgia-Pacific* factors because it suggests there is demand for Apple's designs, given that Samsung expressed a need to compare its product designs to Apple's. *See Georgia-Pacific* factor number 8, i.e., "the established profitability of the product made under the patent; its commercial success; and its current popularity." Although Samsung claims the exhibit was not on Apple's exhibit list, Hong drafted and sent this email and testified about his email during his deposition, and Apple will not seek admission of the exhibit referenced in the testimony. |

### G.  Joswiak

| DEPOSITION DESIGNATION | COURT'S RULING ON OBJECTION |
|---|---|
| Depo. at 128:19-129:16; 130:21-131:12; 238:11-21; 273:20-274:21; 144:2-3; | Sustained. Joswiak is Vice President for the iPod, iPhone, and iOS Product Marketing at Apple.

Sustained as to 128:19-129:16; 130:21-131:12. Lines 128:19-129:16 contains impermissible hearsay, and lines 130:21-131:12 contains hearsay within |

6

Case No.: 11-CV-01846-LHK
ORDER RE: SAMSUNG'S OBJECTIONS TO EXHIBITS TO BE USED WITH APPLE'S WITNESSES AND TO APPLE'S DEPOSITION DESIGNATIONS (GRAY, VAN DAM, SCHILLER, SHEPPARD, WAGNER, HONG, JOSWIAK, LAM, NG, ANZURE, CHAUDHRI, JUE, SINCLAIR)

**United States District Court**
For the Northern District of California

| 145:4-18; 226:20-22. | hearsay under Federal Rule of Evidence 805, ECF No. 2711 at 3. Sustained as to 238:11-21; 273:20-274:21. Samsung claims this is improper opinion testimony about Samsung's alleged copying, ECF No. 2711 at 3. In 238:11-21, Joswiak testifies that Samsung "has created a counterfeit that they're trying to pass off as an Apple product . . . they, in copying some of our designs . . ." In 273:20-274:21, he testifies that the "iPhone, in the smartphone market, was copied . . ." As Joswiak is not a technical expert, this is impermissible expert testimony. *See* ECF No. 2654 (Court's ruling on *Daubert* challenge to Julie Davis).<br><br>Sustained as to 144:2-3; 145:4-18; 226:20-22. This testimony was not on Apple's October 29, 2013 deposition disclosures, ECF No. 2606-1, or its November 1, 2013 counter-designation disclosures, ECF No. 2630-1. |

### H.  Lam

| DEPOSITION DESIGNATION | COURT'S RULING ON OBJECTION |
|---|---|
| All depo. testimony designated for Lam by Apple. | Overruled. Lam is a Samsung engineer. He testified that he created the "elastic bounce functionality for software on Samsung products." 49:8-14. He also discussed what "elastic bounce" means and how it works. 50:13-51:6. He also testified that he had "seen Apple products . . . with what [he] described as the bounce effect before [he] implemented [the bounce effect] at Samsung." 55:1-4. This testimony is relevant because Samsung's implementation of a bounce feature akin to Apple's feature shows demand for the '381 patent which is relevant to the *Georgia-Pacific* factors. |

### I.   NG

| DEPOSITION DESIGNATION | COURT'S RULING ON OBJECTION |
|---|---|
| Depo. at 54:2-4, 54:12-55:10. | Sustained. Although the Court finds that Stanley Carl Ng's testimony, as an Apple marketing director, is relevant to the reasonable royalty Apple would have accepted from Samsung in the hypothetical negotiation, his deposition testimony is improper expert testimony because he provides an opinion on what "customers love" and how their desire for Apple products  are "tied back to ease of use." Depo. at 54:20. |

**IT IS SO ORDERED.**

Dated: November 13, 2013

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

Case No.: 11-CV-01846-LHK
ORDER RE: SAMSUNG'S OBJECTIONS TO EXHIBITS TO BE USED WITH APPLE'S WITNESSES AND TO APPLE'S DEPOSITION DESIGNATIONS (GRAY, VAN DAM, SCHILLER, SHEPPARD, WAGNER, HONG, JOSWIAK, LAM, NG, ANZURE, CHAUDHRI, JUE, SINCLAIR)

**United States District Court**
For the Northern District of California