UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE, INC., a California corporation, | ) | Case No.: 11-CV-01846-LHK |
| Plaintiff, | ) ) ) | ORDER RE: APPLE'S OBJECTIONS REGARDING SCHILLER, HONG, LAM, SHEPPARD, WAGNER, GRAY, VAN DAM, ANZURES, CHAUDHRI, JOSWIAK, JUE, NG, RANGEL, SATZGER AND SINCLAIR |
| v. | ) ) ) | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Apple has filed objections to exhibits to be used with Apple's and Samsung's witnesses and to deposition designations. ECF No. 2712. Samsung has filed a response. ECF No. 2711. After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules on Apple's objections as follows:

1

Case No.: 11-CV-01846-LHK
ORDER RE: APPLE'S OBJECTIONS RE: SCHILLER, HONG, LAM, SHEPPARD, WAGNER, GRAY, VAN DAM, ANZURES, CHAUDHRI, JOSWIAK, JUE, NG, RANGEL, SATZGER AND SINCLAIR

### A. Phil Schiller

| EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| DX762 | Overruled. This exhibit is an email titled "Iphone 3g disaster!" to Steve Jobs from a customer threatening to switch from the Apple iPhone to the Samsung Captivate for various reasons. Mr. Jobs forwarded the email to others at Apple with the statement "[w]e are losing customers over this." Mr. Jobs's statement is an admission by Apple as to its understanding of what drives phone sales, and it also adopts the statement of the complaining customer. *See* FRE 801(d)(2)(B). This email is therefore relevant to demand of the patented product and features. Although Apple's response to a single customer complaint is not terribly probative, neither is it unduly prejudicial or time consuming. Schiller did not receive this email, but that does not impact its authenticity. With certain exceptions that do not apply here, each party has stipulated to the authenticity of documents produced by that party. *See* ECF No. 1205. Samsung must still establish a foundation before eliciting testimony from Schiller (e.g., Schiller's personal knowledge) about this document. |
| DX945.0352, .0354-.0358 | Sustained. The referenced pages are portions of Wagner's expert report listing Samsung product announcement and launch dates and are therefore hearsay within hearsay. This ruling will not prejudice Samsung as it has represented that it will use these pages for demonstrative purposes only. |
| Ng, Joswiak, Rothkopf, & Blevins Depositions | Overruled. Apple has not submitted the counter-designated testimony to which it objects for these witnesses, so the Court is unable to evaluate Apple's objections. Moreover, Apple has not explained why Samsung should be prevented from using the deposition transcripts of other Apple employees to impeach Mr. Schiller. Samsung has represented that it will not seek the admission of this testimony into evidence. |

### B. Won Pyo Hong

| DEPOSITION DESIGNATION | COURT'S RULING ON OBJECTION |
|---|---|
| 115-126 | Overruled. Samsung's counter-designations fall within the scope of Hong's testimony and identify testimony meant to challenge the inference Apple intends through its designation. Apple designated a portion of Dr. Hong's deposition testimony in which he stated he might compare Samsung products with multiple competitor products, including Apple's products. Samsung counter-designated portions of Dr. Hong's rebuttal testimony related to Samsung's corporate policy against copying, including that "our priority is innovations. And that innovation should come from differentiation. So copying cannot be our strategy." ECF No. 2711 at 6. |
| 58 | Sustained. 58:21-24 should be added to Samsung's counter-designation for completeness purposes. Samsung's designations suggest that Samsung compares its products to that of multiple competitors, one of which could be Apple. Apple's requested designation highlights that in some instances Samsung discusses comparisons with respect to Apple only. |

2

Case No.: 11-CV-01846-LHK
ORDER RE: APPLE'S OBJECTIONS RE: SCHILLER, HONG, LAM, SHEPPARD, WAGNER, GRAY, VAN DAM, ANZURES, CHAUDHRI, JOSWIAK, JUE, NG, RANGEL, SATZGER AND SINCLAIR

### C. Ioi Lam

| DEPOSITION DESIGNATION | COURT'S RULING ON OBJECTION |
|---|---|
| 116:9-118:8 | Sustained. Testimony related to the "yellow glow" design around is excluded for untimely disclosure. *See* ECF No. 2723 at 3:9-12. |

### D. Stephen Gray

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| SDX7003.027 | Sustained: This video shows side-by-side demonstrations of the Galaxy Tablet and the LaunchTile application, with annotations to show how each practices portions of the '163 patent. This demonstration appears to suggest that the Galaxy Tablet does no more than practice the prior art, which is disfavored in light of the danger of subverting an accused infringer's burden of establishing invalidity by clear and convincing evidence. *See* Tate Access Floors, Inc. v. Interface Architectural Resources, Inc., 279 F.3d 1357, 1367-68 (Fed. Cir. 2002). It also crosses the line from permissibly demonstrating the state of the prior art for damages purposes, *see* ECF No. 2696 at 8, to contesting the validity of the '163 patent, which was conclusively decided in the 2012 trial. The risk of juror confusion and unfair prejudice to Apple substantially outweighs the minimal relevance of this demonstration. |
| SDX7003.029 | Sustained. Samsung failed to respond to this objection, and the Court cannot discern the purpose for which Samsung seeks to use this demonstrative. |

### E. Timothy Sheppard

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX676 | Sustained as to any testimony by Mr. Sheppard regarding financial data in DX 676 created by Samsung Electronics Co. ("SEC"). Overruled to the extent Apple seeks to block the admission of DX 676 itself. DX 676 is a Samsung-created financial spreadsheet to which Apple stipulated in the 2012 trial. See ECF No. 1597 at 4:11-13. Mr. Sheppard, as the Vice President of Finance and Operations for Samsung Telecommunications America, *see* Tr. 3002, testified in the 2012 trial that he did not produce the data related to manufacturing in this exhibit, and that that data came from an employee of SEC, *see* Tr. 3006. Accordingly, the Court admitted DX676 but did not allow Mr. Sheppard to testify about the SEC-created financial data. Maintaining that ruling will not prejudice Samsung, as it has represented that it will limit Mr. Sheppard's testimony to his personal knowledge of DX676. |

3

Case No.: 11-CV-01846-LHK
ORDER RE: APPLE'S OBJECTIONS RE: SCHILLER, HONG, LAM, SHEPPARD, WAGNER, GRAY, VAN DAM, ANZURES, CHAUDHRI, JOSWIAK, JUE, NG, RANGEL, SATZGER AND SINCLAIR

### F. Michael Wagner

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX952.03; DX952.05 | Sustained. DX952.03 and DX952.04 depict design arounds for the D'677 patent based on the use of rounded edges and the placement of the speaker at the top edge of the product. Wagner first proposed these design arounds for the D'677 patent in his 2013 expert report. The Court has previously ruled that neither party's damages experts may rely on new data in their reports of testimony. See, e.g., ECF No. 2575 at 15. This ruling bars Wagner's rounded edge/speaker placement design around theories, which are based on data—specifically, the declaration and trial testimony of Peter Bressler and post-2012 trial conversation with KwangJin Bae, Wagner Rep. ¶¶ 519-526—that Wagner did not rely on in his 2012 expert reports. |
| DX952.05 | Sustained. Samsung has not responded to Apple's objection that DX952.05 contains previously undisclosed calculations, and the Court cannot find where those calculations were previously disclosed. |
| DX952.10 | Overruled in part and sustained in part. DX952.05 contains calculations previously disclosed in Schedule 14.2 to Wagner's 2012 Supplemental Expert Report. The two "Total iPad" calculations, however, are new. Apple's objection is therefore sustained with respect to the two "Total iPad" calculations, but otherwise overruled. |
| SDX7001.035 | Sustained. Samsung proposes to use SDX7001.035, which summarizes the 2012's jury verdict for a variety of products, many of which are not at issue in the retrial, to counter Apple's use of PX3.3 and PX62.12 in its cross-examination of Wagner. ECF No. 2711 at 5. Apple, however, has provided no indication that it intends to use PX3.3 and PX62.12 to introduce the 2012 jury's verdict, and the mere mention of products at issue in the 2012 trial, but not the retrial, does not warrant introducing the 2012 jury's full verdict as to those products. Under Rule 403, the Court finds that the probative value of SDX7001.035 is low, whereas the risks of confusing the issues, misleading the jury, and wasting are high and substantially outweigh the minimal probative value of this Slide. |

### G. Andries Van Dam

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX590 | Overruled. DX590 is a prior art reference ("Lira") that Dr. van Dam discussed in his expert report. See Dkt. No. 2255-6 at 47-50. The Court has denied without prejudice Apple's motion to exclude Samsung's references to prior art, and Apple has not explained why introduction of Lira is cumulative. See Dkt. Nos. 2552 at 2; 2562 at 8:20-23; *see Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970 (including as a factor "[t]he utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results."). Accordingly, Dr. van Dam may rely on Lira to "discuss the state of the art of snap back functionality before January |

4

Case No.: 11-CV-01846-LHK
 ORDER RE: APPLE'S OBJECTIONS RE: SCHILLER, HONG, LAM, SHEPPARD, WAGNER, GRAY, VAN DAM, ANZURES, CHAUDHRI, JOSWIAK, JUE, NG, RANGEL, SATZGER AND SINCLAIR

| | |
|---|---|
| | 2007," Dkt. No. 2255-6 ¶ 93, but he may not testify as to his opinions that Lira invalidates the '381 patent, *see id*. at 51. Apple argues that the Lira reference should be excluded because it "was the centerpiece of Samsung's unsuccessful argument for a new trial based on the post-trial '381 reexamination." ECF No. 2712 at 4. That concern is misplaced, as Samsung has represented that Dr. van Dam will not discuss the reexamination. The Court reiterates that the parties may not discuss the reexamination. |
| DX721 | Sustained. As discussed with respect to Apple's objections to the Lira reference, Dr. van Dam may explain the prior art to help the jury understand the state of the art. Dr. van Dam generally described the LaunchTile application in his expert report, and therefore his opinion on the LaunchTile application generally is not new. See Dkt. No. 2255-6 at 43-45. Allowing Dr. van Dam to contend that the LaunchTile application discloses various limitations in the '381 patent, however, crosses the line between describing the state of the art and contending that the '381 patent is invalid as anticipated or obvious. The danger of juror confusion outweighs any marginal benefit to annotating Dr. van Dam's description of this device. |
| SDX7007.012 | Sustained. The videos on this slide show applications running on the Captivate, Charge, Continuum, Epic, and Prevail. The jury found all these phones to infringe the '381 patent. As previously stated, Samsung's introduction of non-infringing applications running on infringing phones raises a high risk of misleading the jury, confusing the issues, and wasting time. Samsung can show either the Transform or Intercept—two phones that did not infringe the '381 patent—performing the same non-infringing function. |

### H. Freddy Anzures

| DEPOSITION DESIGNATION | COURT'S RULING ON OBJECTION |
|---|---|
| 156-57 | Sustained as to 156:16-18 as hearsay. Samsung seeks to admit Anzures's testimony that no one ever communicated to him that they believed that Samsung had "copied or imitated or taken or knocked off any icon design of Apple's" for the truth of the matter, namely, that no one with whom Anzures spoke believed that Samsung had so taken Apple's design. The question is not limited to Apple's employees and therefore cannot be taken as an admission of a party opponent.<br><br>Overruled as to the remaining designations, as they cover his own prior statements and are therefore admissions of a party opponent. |

5

Case No.: 11-CV-01846-LHK
ORDER RE: APPLE'S OBJECTIONS RE: SCHILLER, HONG, LAM, SHEPPARD, WAGNER, GRAY, VAN DAM, ANZURES, CHAUDHRI, JOSWIAK, JUE, NG, RANGEL, SATZGER AND SINCLAIR

### I. Stanley Ng

| DEPOSITION DESIGNATION | COURT'S RULING ON OBJECTION |
|---|---|
| 144-45 | Overruled. These pages discuss Apple's benchmarking of other products. This testimony goes to the propriety of benchmarking and is relevant to Samsung's attempt to rebut Apple's argument that Samsung copied Apple's products, which Apple seeks to use to establish demand and to set the stage for the hypothetical negotiation. |

### J. Greg Joswiak

| DEPOSITION DESIGNATIONS AND EXHIBITS | COURT'S RULING ON OBJECTION |
|---|---|
| Depo. at 135-136, 143-146, 165, and 193; Exhibit No. DX2517. | Overruled. As with Ng's testimony, Joswiak's testimony and DX2517 explains how Apple's "benchmarking," 146:17, does not mean Apple copies and therefore goes to rebutting Apple's suggestion that Samsung's similar activity establishes demand. |
| Depo. at 132-33, 473 | Overruled. Joswiak testifies that Samsung's gains are not due to Apple's losses and that he has no data that Samsung is selling to consumers that otherwise would have bought an iPhone. This testimony is relevant to Samsung's profits and Apple's lost profits from Samsung's infringing activity. |

### K. Steven Sinclair

| DEPOSITION DESIGNATIONS AND EXHIBITS | COURT'S RULING ON OBJECTION |
|---|---|
| Depo. at 28-41; Exhibit No. DX578 | Overruled. This testimony is related to Sinclair's email that it is "tough to approach [historic milestones] with the criteria being 'first'. I don't know how many things we can come up with that you could legitimately claim we did first." Sinclair's testimony discusses potential "firsts," yet does not discuss the patents-in-suit. This testimony and the underlying exhibit relate to the importance of the patented inventions to the iPhone. |

### L. Eric Jue

| DEPOSITION DESIGNATIONS AND EXHIBITS | COURT'S RULING ON OBJECTION |
|---|---|
| Depo. at 32-52; Exhibit No. DX578 | Overruled. The Court ruled above on DX578 with respect to Sinclair. Jue's cited testimony similarly discusses the differences between what Apple might have commercially done first and the patents-in-suit. Jue testified that the latter might not be "the type of thing that makes for great mass market TV ads." 45:16-17. This testimony is relevant to consumer demand and copying. |

Case No.: 11-CV-01846-LHK
ORDER RE: APPLE'S OBJECTIONS RE: SCHILLER, HONG, LAM, SHEPPARD, WAGNER, GRAY, VAN DAM, ANZURES, CHAUDHRI, JOSWIAK, JUE, NG, RANGEL, SATZGER AND SINCLAIR

| | |
|---|---|
| Depo. at 131-32 | Sustained. This testimony discusses how the iPhone's icons are dissimilar to Android phones, which goes to infringement, an issue that the 2012 jury conclusively resolved. Accordingly, the relevance of this testimony is substantially outweighed by the confusion and waste of time. |
| Depo. at 134-35; Exhibit No. DX2752 | Sustained. Samsung seeks to introduce this testimony and DX2752 as part of its case in chief, but did not identify DX2752 on its exhibit list. Samsung may not circumvent the requirement that it include exhibits in its exhibit list by designating deposition testimony about the omitted document. |

### M. Imran Chaudhri

| DEPOSITION DESIGNATIONS AND EXHIBITS | COURT'S RULING ON OBJECTION |
|---|---|
| 160, 162, 203-205; DX2749 & DX2750 | Sustained. Samsung seeks to introduce this testimony, as well as the cited design patents (DX2749 and DX2750), as part of its case in chief, but did not identify the exhibits on its exhibit list. Samsung has not provided a justification for omitting these exhibits. Without the exhibits, the testimony will be confusing to the jury and unfairly prejudicial to Apple. |

### N. Arthur Rangel

| DEPOSITION DESIGNATIONS AND EXHIBITS | COURT'S RULING ON OBJECTION |
|---|---|
| Depo. at 78-79; Exhibit No. DX2751 | Sustained. Samsung seeks to introduce this testimony about DX2751, but did not include DX2751 on its exhibit list, and Samsung has not justified that omission. The deposition testimony authenticates DX2751 and is irrelevant and confusing without the underlying exhibit. |

### O. Douglas Satzger

| DEPOSITION DESIGNATIONS AND EXHIBITS | COURT'S RULING ON OBJECTION |
|---|---|
| Feb. 9, 2012 Depo. at 126 | Sustained. Satzger, an inventor of the D'677 patent, testified that the D'677 contains nothing new. Validity is not at issue. Thus, the risks of confusing the issues, misleading the jury, wasting time, and unfair prejudice created by this testimony substantially outweigh any relevance. |
| Nov. 8, 2011 Depo. at 63, 69-71; Feb. 22, 2012 Depo. at 258-263, 360-361 | Sustained. This testimony relates to an early iPhone concept model labeled "Sony" and suggests that Apple copied from Sony and other companies. Prior to the 2012 trial, Magistrate Judge Grewal struck as untimely disclosed Samsung's expert opinion related to invalidity based on Apple's use of Sony's designs. *See* ECF Nos. 1144 at 5; 2255-19 at 47-50 (highlighting portions of stricken opinions related to this theory). The Court excluded this theory from the 2012 trial based on Judge Grewal's order, *see* ECF Nos. 1456 (slides 20-22); 1519 at 2, and the Court has already ruled that Samsung may not avoid Judge Grewal's sanction simply because invalidity is no longer at issue, *see* ECF No. 2708. |

7
Case No.: 11-CV-01846-LHK
ORDER RE: APPLE'S OBJECTIONS RE: SCHILLER, HONG, LAM, SHEPPARD, WAGNER, GRAY, VAN DAM, ANZURES, CHAUDHRI, JOSWIAK, JUE, NG, RANGEL, SATZGER AND SINCLAIR

**IT IS SO ORDERED.**

Dated: November 13, 2013

_____
LUCY H. KOH
United States District Judge

8

Case No.: 11-CV-01846-LHK
 ORDER RE: APPLE'S OBJECTIONS RE: SCHILLER, HONG, LAM, SHEPPARD, WAGNER, GRAY, VAN DAM, ANZURES, CHAUDHRI, JOSWIAK, JUE, NG, RANGEL, SATZGER AND SINCLAIR