1 │ HAROLD J. MCELHINNY (CA SBN 66781) │ WILLIAM F. LEE
   │ hmcelhinny@mofo.com │ william.lee@wilmerhale.com
2 │ MICHAEL A. JACOBS (CA SBN 111664) │ WILMER CUTLER PICKERING
   │ mjacobs@mofo.com │ HALE AND DORR LLP
3 │ RACHEL KREVANS (CA SBN 116421) │ 60 State Street
   │ rkrevans@mofo.com │ Boston, MA 02109
4 │ ERIK J. OLSON (CA SBN 175815) │ Telephone: (617) 526-6000
   │ ejolson@mofo.com │ Facsimile: (617) 526-5000
5 │ MORRISON & FOERSTER LLP
   │ 425 Market Street │ MARK D. SELWYN (SBN 244180)
6 │ San Francisco, California  94105-2482 │ mark.selwyn@wilmerhale.com
   │ Telephone:  (415) 268-7000 │ WILMER CUTLER PICKERING
7 │ Facsimile:  (415) 268-7522 │ HALE AND DORR LLP
   │ │ 950 Page Mill Road
8 │ │ Palo Alto, California 94304
   │ Attorneys for Plaintiff and │ Telephone: (650) 858-6000
9 │ Counterclaim-Defendant APPLE INC. │ Facsimile: (650) 858-6100

10

11

12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                          SAN JOSE DIVISION

16

17 │ APPLE INC., a California corporation, │ Case No. 11-cv-01846-LHK (PSG)

18 │              Plaintiff,

19 │        v. │ **DECLARATION OF MARK D.
   │ │ SELWYN IN SUPPORT OF APPLE'S**
20 │ SAMSUNG ELECTRONICS CO., LTD., a │ **ADMINISTRATIVE MOTION TO**
   │ Korean corporation; SAMSUNG │ **FILE DOCUMENTS UNDER SEAL**
21 │ ELECTRONICS AMERICA, INC., a New
   │ York corporation; and SAMSUNG
22 │ TELECOMMUNICATIONS AMERICA,
   │ LLC, a Delaware limited liability company,
23
   │              Defendants.
24

25

26

27

28

1

2

3      I, Mark D. Selwyn, hereby declare as follows:

4      1.      I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP,

counsel for Apple Inc. ("Apple") in the above-referenced litigation.  I am licensed to practice law

5 in the State of California, the Commonwealth of Massachusetts, and the State of New York, and

6 am admitted to practice before the U.S. District Court for the Northern District of California.  I

7 am familiar with the facts set forth herein, and, if called as a witness, I could and would testify

competently to those facts under oath.

8      2.      Concurrent with Apple's Administrative Motion to File Documents Under Seal,

9 Apple has filed the Declaration of Erik J. Olson ("Olson Declaration") and Exhibits A and B to

10 the Olson Declaration.

11      3.      Exhibit A (PX25D) contains detailed information regarding Apple's product sales

12 capacity on pages 15-16.  The harm that would befall Apple if its capacity information were to be

13 unsealed is detailed in multiple declarations previously filed by Apple, including the Declarations

14 of Mark Buckley, dated July 27 2012 (Dkt. No. 1416), April 8, 2013 (*Apple, Inc. v. Samsung

Electronics Co., Ltd.*, Case No. 12-CV-630 (N.D. Cal.) (Dkt No. 442)) , July 15, 2013 *Apple, Inc.

15 v. Samsung Electronics Co., Ltd.*, Case No. 12-CV-630 (N.D. Cal.) (Dkt No. 685)) and the

16 declaration of Jim Bean in Support of Apple's Motion to Seal Trial Exhibits (Dkt. No. 1495-2)

17 (supporting sealing capacity information).  As Mr. Buckley and Mr. Bean explained, if

18 competitors gained access to Apple's capacity data, they would learn when Apple is stretched

19 thinly and when it has excess capacity, and could alter their production timing accordingly.  (Dkt.

20 No. 1416 at 1-2; 1495-2 at 2-3.)  The Court has previously granted Apple's request to seal

21 documents that contain capacity information that contain a similar level of detail regarding the

22 accused Apple products.  *See, e.g.*, Dkt. No. 1649 at 4-5 (granting Apple's request to seal

23 production capacity information).

24      4.      Apple expects that Samsung may file a motion to seal the other pages of

25 Exhibit A.

26      5.      Exhibit B (PX25E) contains detailed information regarding Apple's revenue, costs,

27 and profits on pages 2-4, and 13-15.  These portions contain proprietary Apple information, and

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Jim Bean in Support of Apple's Motion to Seal Trial Exhibits (Dkt. No. 1495-2 at 1-3) (explaining that Apple's financial information is immensely valuable and disclosed only on a need to know basis within Apple to a small list of individuals because maintaining the confidentiality of Apple's financial data "allows Apple to remain competitive in an opaque and fast-moving marketplace"). The Federal Circuit ruled that Apple's interest in keeping secret its detailed, product-specific financial information from these documents outweighs the public's interest in the public disclosure of this information. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 727 F.3d 1214, 1225-26 (Fed. Cir. Aug. 23, 2013) (approving sealing of detailed product-specific financial information).

6. Exhibit B also contains detailed information regarding Apple's product sales capacity on pages 3-4. The harm that would befall Apple if its capacity information were to be unsealed is detailed in multiple declarations previously filed by Apple, including the Declarations of Mark Buckley, dated July 27 2012 (Dkt. No. 1416), April 8, 2013 (*Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 12-CV-630 (N.D. Cal.) (Dkt No. 442)) , July 15, 2013 *Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 12-CV-630 (N.D. Cal.) (Dkt No. 685)) and the declaration of Jim Bean in Support of Apple's Motion to Seal Trial Exhibits (Dkt. No. 1495-2) (supporting sealing capacity information). As Mr. Buckley and Mr. Bean explained, if competitors gained access to Apple's capacity data, they would learn when Apple is stretched thinly and when it has excess capacity, and could alter their production timing accordingly. (Dkt. No. 1416 at 1-2; 1495-2 at 2-3.) The Court has previously granted Apple's request to seal documents that contain capacity information that contain a similar level of detail regarding the accused Apple products. *See, e.g.*, Dkt. No. 1649 at 4-5 (granting Apple's request to seal production capacity information).

7. Apple expects that Samsung may file a motion to seal the other pages of Exhibit B.

8. The relief requested by Apple is necessary and narrowly tailored to protect its confidential business information.

1

2             I declare under penalty of perjury that the foregoing is true and correct.  Executed this 14th

3      day of November, 2013 at San Jose, California.

4                                           /s/ Mark D. Selwyn
                                     Mark D. Selwyn

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION OF E-FILED SIGNATURE**

I, Harold J. McElhinny, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Mark D. Selwyn has concurred in this filing.

Dated: November 14, 2013                    */s/ Harold J. McElhinny*
                                                           HAROLD J. MCELHINNY