1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100

9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

16
                    UNITED STATES DISTRICT COURT
17
          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
18

19 | APPLE INC., a California corporation, | CASE No. 12-cv-00630-LHK (PSG) |
|---|---|
|                Plaintiff, | **SAMSUNG'S MOTION TO STRIKE** |
|                vs. | **UNDISCLOSED OPINIONS OF DR.** |
|  | **HAUSER AND PRECLUDE APPLE AND** |
|  | **ITS WITNESSES FROM RELYING ON** |
| SAMSUNG ELECTRONICS CO., LTD., a | **THEM** |
| Korean business entity; SAMSUNG |  |
| ELECTRONICS AMERICA, INC., a |  |
| New York corporation; SAMSUNG |  |
| TELECOMMUNICATIONS |  |
| AMERICA, LLC, a Delaware limited liability |  |
| company, |  |
|                Defendants. |  |

27

28

1    Samsung moves to strike the trial testimony of Dr. Hauser presenting undisclosed opinions

2  that but for the three utility patent features consumers would not buy Samsung phones and that

3  these features affect Samsung's market share.   Samsung further moves to preclude Apple's

4  damages expert, Ms. Davis, from relying on the undisclosed opinions and to preclude Apple from

5  referring to Dr. Hauser's undisclosed opinions in closing.

6    Yesterday at trial, Dr. Hauser offered opinions that appear nowhere in his expert report.

7  He opined that "but for" the features covered by the three utility patents, consumers would not

8  have purchased Samsung phones.   Trial Tr. 547:15-548:2 ("What I do know is but for these

9  features, there is many of them that would not buy the Samsung phones."); 551:13-18 ("All I

10  know is that but for these features, a lot of these people would not buy the phones at issue in this

11  case."); 552:21-553:11 ("I just know that they're not going to buy the Samsung phones at issue in

12  this case."); *see also* 544:16-20 ("I just testified that it's going to affect demand and demand is

13  part of what goes into market share.").

14    These opinions appear *nowhere* in Dr. Hauser's report – and he admitted as much.   Tr.

15  554:20-555:2 ("Q. And there's nowhere in your report do you say Samsung would have lost sales?

16  That's an important opinion. It's not in your report; correct?   A. There's a high willingness to

17  pay. To my mind, that's the same as market demand. Market demand indicates they'd lose sales.

18  ***But I did not make that translation in the report, you're correct.***") (emphasis added).   *See also*

19  Dkt. 1363-1 at 7-8 (Hauser Report).   If Dr. Hauser intended to opine regarding "but for"

20  causation and lost sales, FRCP 26(a)(2)(B)(i) required that he timely disclose it.   He did not.[1]

21    Nor did Dr. Hauser offer these opinions at the first trial.   There, the sum total of his

22  testimony regarding his conclusions are two sentence-long answers, neither of which states that

23

24    [1]   Dr. Hauser cannot bridge the gap between his disclosed "high willingness to pay" opinion
   and the undisclosed "but for" opinion offered at trial by pointing to his "assumption" that
25   "willingness to pay would be understood as market demand."   Trial Tr. 554:20-555:13.   The
   Court already ruled that his "willingness to pay" opinion is ***not*** the same as the "but for" opinion.
26   Dkt. 2197 at 11, 12 (Dr. Hauser's "willingness to pay" opinion "***is not the same*** as evidence that
   consumers will buy a Samsung phone instead of an Apple phone" and "***does not establish*** that any
27   patented feature drives consumer demand for the entire product.") (emphasis added).   Nor can
   Dr. Hauser opine, as he tried to, that these features were *the* reason for the purchase of the phone.

28

02198.51855/5617871.4

1   "but for" the patented features Samsung would have lost sales or that the features affect

2   Samsung's market share.    Dkt. 1695 at 1916:2-15 ("I concluded that Samsung consumers are

3   willing to pay a substantial price premium for the features that are associated with the patents that

4   are at issue in this case. . . . The results reflect that there is substantial demand for the features

5   associated with the patents at issue in this case.").

6          Contrary to Apple's suggestion, Samsung did not invite these new opinions.    Dr. Hauser

7   volunteered them when asked about the specific questions he included in his survey and whether

8   the survey provided respondents a choice among brands.    *See* Trial Tr. 547:15-548:2; 551:13-18,

9   552:21-553:11.    Samsung accordingly moved to strike that testimony as non-responsive.    Trial

10  Tr. 551:13-18.    Dr. Hauser's unsolicited comments about the effect of the patented features on

11  market share should also be stricken. Trial Tr. 542:17-544:20. Apple earlier defended Dr. Hauser's

12  report against a *Daubert* motion by disclaiming that very opinion.    Dkt 991-3 at 13 ("Dr. Hauser

13  conducted a 'willingness to pay' analysis and did not offer a 'predictor of market share.'").

14         The Court has consistently precluded the parties from relying on untimely disclosed

15  evidence and theories.    *See, e.g.*, Dkt. No. 2719 at 7; Dkt. No. 2654 at 4; Dkt. No. 2316 at 3.    As

16  the Court has recognized, Apple has been "an enthusiastic proponent of exclusion based on

17  untimely disclosure."    Dkt. No. 2719 at 5 n.1.    Apple should therefore be precluded from

18  referring to Dr. Hauser's undisclosed opinions in its closing argument.    Allowing Apple to argue

19  expert opinions that were never disclosed, never the subject of discovery, never subject to rebuttal

20  expert reports or testimony, and that were sprung for the first time during trial would substantially

21  prejudice Samsung and undermine the purposes of Federal Rule 26(a)(2)(B)(i).[2]

22

23     [2]   As the Court has already precluded Ms. Davis from testifying about Dr. Hauser's
undisclosed opinions at the time of this filing, Samsung includes this footnote simply to
24  memorialize its argument, or in the event Ms. Davis returns for rebuttal testimony.    Ms. Davis
should not be allowed to rely on Dr. Hauser's new opinions to support her own opinions regarding
25  lost profits, which are also subject to the requirement of advance disclosure under Rule 26.
Indeed, in her report, Ms. Davis relies on Dr. Hauser *only* for the opinion that consumers are
26  willing to pay a price premium for the patented features – ***not*** that the features caused consumers
to buy Samsung devices in the first place, or that removing those features would cause them not to
27  buy.    *See* Dkt. 2386-2 (Davis Report) at ¶¶ 104, 109, 134, 245.

28

MOTION TO STRIKE UNDISCLOSED OPINIONS OF DR. HAUSER

1  DATED: November 14, 2013          QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP
2

3

4                                       By   /s/ Victoria F. Maroulis
                                            Charles K. Verhoeven
5                                           Kevin P.B. Johnson
                                            Victoria F. Maroulis
6                                           William C. Price
                                            Michael T. Zeller
7

8                                         Attorneys for SAMSUNG ELECTRONICS
                                          CO., LTD., SAMSUNG ELECTRONICS
9                                         AMERICA, INC., and SAMSUNG
                                          TELECOMMUNICATIONS AMERICA, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28