United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE, INC., a California corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

Case No.: 11-CV-01846-LHK

ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S EXHIBITS AND DEPOSITION DESIGNATIONS WITH RESPECT TO BENNER, DENISON, KIM, LEE, LUCENTE, RYU, SHERMAN, WANG, AND BUCKLEY

Samsung has filed objections to Apple's exhibits and deposition designations. ECF No. 2727. Apple has filed a response. ECF No. 2726. After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules on Samsung's objections as follows:

**A. Benner**

| **EXHIBIT NUMBER** | **COURT'S RULING ON OBJECTION** |
|---|---|
| PX 3034 | Sustained. In the 2012 trial, Apple successfully objected to Samsung introducing evidence of its "Next Big Thing" campaign as irrelevant. ECF No. 1511 at 1-2. PX 3034 concerns the "Impact Measured" of that very campaign. Apple cannot now seek to introduce an exhibit which discusses the very campaign Apple |

United States District Court
For the Northern District of California

| | |
|---|---|
| | argued was irrelevant to any issue in the 2012 trial. |
| PX 41, PX 179 | Overruled without prejudice. PX 41 is titled "Samsung TN GUI Framework Final Presentation" and summarizes the findings of a Samsung internal study on the challenges and goals for its graphical user interface ("GUI") design. PX 179 is an internal Samsung document which compares the GUI of the Galaxy S i9000 to that of several competitor phones, including the iPhone.<br><br>Samsung argues for exclusion of both exhibits because they were previously excluded and because Benner lacks personal knowledge of them. The exhibits were in fact previously excluded in the 2012 trial, but only for purposes of admission during Dr. Kare's testimony, because Dr. Kare had not included them in her expert report. ECF No. 1563 at 4 ("Because these . . . exhibits were not disclosed in Kare's expert reports, they are beyond the scope of her expert opinion and may not be used in her direct examination.") The Court's prior ruling does not prohibit Apple from using these exhibits during cross examination of another witness, Benner.<br><br>Samsung's personal knowledge objection, however, is overruled without prejudice. To the extent that Apple cannot establish at trial that Benner has personal knowledge of these exhibits, Samsung is free to re-raise its Rule 602 personal knowledge objection. Apple claims it will address the Rule 602 objection with "testimony from Benner" at trial. ECF No. 2726 at 1. |

**B. Denison**

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX 38, PX 34 | Sustained in part and overruled in part. The Court notes that it construes Samsung's "Rule 603[1] foundation" objection, ECF No. 2727 at 1, as either a Rule 602 personal knowledge objection or a foundation objection to the admission of both exhibits.<br><br>As a preliminary matter, while Samsung claims that the Court previously sustained Samsung's "Rule 603 foundation objection" to both exhibits, ECF No. 2727 at 1, the Court sustained only Samsung's *foundation* objection to the admission of PX 38 and PX 34 during the 2012 trial because Apple had not laid sufficient foundation for authenticity of the exhibit through Denison's testimony on cross. ECF No. 1610 at 832-33. Samsung did not object on the basis of Rule 602 in the 2012 trial. *Id.*<br><br>In the retrial, foundation is no longer an issue for the parties' documents because each party has stipulated to the authenticity of their own documents. *See* ECF No. 1205; ECF No. 2736 at 2.<br><br>PX 34: Sustained. Denison's trial testimony makes clear that he has no personal knowledge of PX 34. ECF No. 1610 at 832-33. PX 34 is an internal Samsung document called "Samsung Feasibility Review" which notes that the iPhone is |

[1] Rule 603 states: "Before testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience."

2

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S EXHIBITS AND DEPOSITION DESIGNATIONS WITH RESPECT TO BENNER, DENISON, KIM, LEE, LUCENTE, RYU, SHERMAN, WANG, AND BUCKLEY

| | |
|---|---|
| | one of "four key factors that we expect will shape handsets in the coming five year." PX 34.13. Thus, Apple may not question Denison about the exhibit. Moreover, PX 34 was admitted in the retrial on November 14, 2013, through the testimony of Julie Davis.<br><br>PX 38: Overruled without prejudice. PX 38 is a report from consultants hired by Samsung to evaluate consumer preferences for different browser zooming methods. PX 38 was admitted in the 2012 trial. ECF No. 1947 at 2. PX 38 was admitted on November 13, 2013, in the retrial. The Court will allow Apple to question Denison about PX 38 because his testimony last time does not suggest one way or another whether he has personal knowledge of PX 38. Samsung is free to re-raise its personal knowledge objection at trial if Apple does not lay sufficient foundation for Denison's personal knowledge. |

**C. Kim**

| **EXHIBIT NUMBER** | **COURT'S RULING ON OBJECTION** |
|---|---|
| PX 3001 | Sustained. This exhibit is not on Apple's exhibit list and thus was not timely disclosed. ECF No. 2486-4. |
| PDX 108 | Overruled in part and sustained in part. Samsung has objected to the use of PDX 108 during three different witness cross examinations (Kim, Ryu, Wang) for various reasons. The Court addresses all of Samsung's arguments with respect to PDX 108 here. If Apple uses PDX 108 with Kim, Ryu, or Wang, Apple must make the appropriate changes outlined below.<br><br>First, Samsung argues PDX 108 is more prejudicial than probative because it contains images of Samsung phones not at issue. ECF No. 2727 at 2. Samsung also claims that the use of the images of the patents placed on a timeline on pages 3, 5, 7, and 8 would be relevant only to improperly litigate the notice dates for the D'677 and D'305 patents. *Id.* Apple claims that the entirety of PDX108 is relevant because "the history of implementation of Apple designs into Samsung's products over time" rebuts Samsung's claim that it could have employed an alternative design that would have been equally desirable to consumers as the infringing products. ECF No. 2726 at 2. Apple also argues that "evidence that infringing phones were launched after the date Samsung argues it would have used a non-infringing alternative is directly relevant because it shows that in fact Samsung did not do so and instead continued to launch new infringing products." ECF No. 2726 at 6. The Court agrees with Apple and overrules this particular objection. The Court also notes that contrary to Samsung's argument, there are no pictures of patents contained on pages 3, 5, 7, and 8.<br><br>Second, Samsung argues that the picture of PX 52 on pages 3, 5, and 7 is misleading and lacks probative value because PX 52 has relevance to establishing notice only for the '381. ECF No. 2727 at 3. The Court agrees that PX 52 has no relevance to notice for the D'677 or D'305 patents, as PX 52 does not include those patents on the list of patents Apple claimed Samsung |

3

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S EXHIBITS AND DEPOSITION DESIGNATIONS WITH RESPECT TO BENNER, DENISON, KIM, LEE, LUCENTE, RYU, SHERMAN, WANG, AND BUCKLEY

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

| | |
|---|---|
| | infringed. Thus, Apple must strike the pictures of PX 52 on pages 3, 5, and 7.<br><br>Third, Samsung argues that pages 7 and 8 misleadingly include both complaints even though Apple did not assert the D'305 in the original complaint. ECF No. 2727 at 2. Apple did not in fact assert the D'305 in the original April 15, 2011 complaint. ECF No. 1 at 7. Thus, Apple must strike the pictures of the original complaint from pages 7 and 8.<br><br>Fourth, Samsung argues that pages 7 and 8 misleadingly include pictures of the Galaxy S II T-Mobile, which was never accused of infringing the D'305 patent, in a timeline entitled "D'305 patent infringement." ECF No. 2727 at 3-4. The Court finds that the pictures of the Galaxy S II T-Mobile are not substantially misleading or more prejudicial than probative because Apple includes the Galaxy SII T-Mobile in the slide to argue that it took Samsung a period of time, after it was given notice of infringement in the complaint, to come up with a non-infringing alternative. The inclusion of this phone is not for the purposes of accusing it of D'305 patent infringement. However, the Court agrees with Samsung that the title implies such. Accordingly, Apple must change the title on pages 7 and 8 to minimize any risk that the jury will believe the Galaxy S II T-Mobile infringes the D'305. Apple has already expressed willingness to "address the concerns Samsung has raised regarding the title of these slides." ECF No. 2726 at 6.<br><br>Fifth, Samsung argues that pages 7 and 8, which are titled "D'305 Patent Infringement," improperly include images of the "entire phones instead of excerpting the user interface claimed by the D'305 . . ." ECF No. 2727 at 2. The Court granted Apple's objection in the 2012 trial to Samsung's demonstratives which compared the D'305 patent with Samsung phone body styles because "[t]he D'305 doesn't go to the body style, so all these demonstratives [that] have the body style in them . . . . [are] confusing." ECF No. 1571; ECF No. 1611 at 1261-62. Consistent with this decision, the Court holds that Apple may show only the user interface claimed by the D'305 on pages 7 and 8. Apple has already stated it is willing to revise its slides accordingly. ECF No. 2726 at 5. |

**D. Lee**

| **EXHIBIT NUMBER** | **COURT'S RULING ON OBJECTION** |
|---|---|
| PDX 107 | Overruled. PDX 107 contains side by side graphics of iPhones next to a resized Galaxy S i9000 phone. While Samsung claims this document does nothing but relitigate infringement and also that the Galaxy S i9000 is not at issue in the retrial, ECF No. 2727 at 2, PDX 107 is relevant and not substantially more prejudicial than probative because it sheds light on how closely Samsung implemented Apple's patented designs, which is probative of demand for Apple's design patents and the reasonable royalty Samsung would have paid to use those patents. The 2012 jury found that the Galaxy S i9000 infringed the D'305 and D'677 patents. ECF No. 1930 at 6-7. |
| PX 3036 and | Sustained. These exhibits were not disclosed on Apple's exhibit list. ECF No. |

4

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S EXHIBITS AND DEPOSITION DESIGNATIONS WITH RESPECT TO BENNER, DENISON, KIM, LEE, LUCENTE, RYU, SHERMAN, WANG, AND BUCKLEY

| | |
|---|---|
| PX 3037 | 2486-4. The Court notes that Apple has made no response to Samsung's timely disclosure argument. *See* ECF No. 2726 at 3. |

**E. Lucente**

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX 47 | Overruled. Samsung claims that use of this exhibit would be unduly prejudicial. ECF No. 2727 at 2. PX 47 is an email from a Samsung employee to Samsung Senior Vice President Dong Hoon Chang discussing how the Galaxy S "looks like it copied the iPhone too much," which is probative of demand for the iPhone and Samsung's belief about whether Apple's patented features are desirable, which are both in turn relevant to the reasonable royalty Samsung would pay to use Apple's patented features. The probative value of this evidence is not substantially outweighed by any prejudice to Samsung.<br><br>Samsung's argument that PX 48 was not listed in Musika's report and thus has "been precluded from being used at trial" for demand fails because the Court's held only that "*Davis* may not use any exhibits to argue demand for Apple's patented products or patented features unless such exhibits were included in Musika's Exhibit [List]." ECF No. 2645 at 4 (emphasis added). |
| PX 48 | Overruled. PX 48 is a presentation prepared for Samsung by a third party concerning the user experience of the Galaxy S and the Wave. It summarizes a Samsung survey of users regarding their opinions on Samsung's operating systems. It states that users saw the Galaxy GUI main menu "as a copy" of the iPhone's (PX 48.32) and "too much like an iPhone" (PX 48.63). This evidence of copying suggests that Samsung found Apple's patented features desirable, and thus is probative of the reasonable royalty Samsung would pay to use Apple's patented features. The probative value of this evidence is not substantially outweighed by any prejudice to Samsung.<br><br>Samsung's argument that PX 48 was not listed in Musika's report and thus has "been precluded from being used at trial" for demand fails because the Court's held only that "*Davis* may not use any exhibits to argue demand for Apple's patented products or patented features unless such exhibits were included in Musika's Exhibit [List]." ECF No. 2645 at 4 (emphasis added). |

**F. Ryu**

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PDX108 | *See discussion regarding Kim above.* |
| PX 194 | Samsung raises three objections and the Court addresses each in turn.<br><br>Samsung first objects that the document is more prejudicial than probative. ECF No. 2727 at 3. PX 194 was admitted in the 2012 trial without a limiting instruction. ECF No. 1947 at 6. It is an internal Samsung email which summarizes and quotes a speech given by Samsung's CEO at a meeting in which the CEO criticized Samsung's user experience mindset of "clinging to the |

5

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S EXHIBITS AND DEPOSITION DESIGNATIONS WITH RESPECT TO BENNER, DENISON, KIM, LEE, LUCENTE, RYU, SHERMAN, WANG, AND BUCKLEY

United States District Court
For the Northern District of California

| | |
|---|---|
| | past." The email discusses how the iPhones set "the standard (?) [sic] of the industry" and recommends changes to Samsung's user experience. PX 194 at 1. The evidence is relevant to showing that Samsung recognized the demand for a better user experience platform, which is relevant to the reasonable royalty Samsung would pay Apple in the hypothetical negotiation. Samsung's objection that the document is more prejudicial than probative is overruled.<br><br>Samsung also objects that Apple "cannot lay a proper foundation for using PX 194 with Mr. Ryu, who is not listed on the document, is not listed as a sponsoring witness, and has no knowledge of the matters set forth therein." ECF No. 2727 at 3. The Court interprets Samsung's objection as an objection to both lack of foundation for admitting the exhibit and lack of personal knowledge under Rule 602. Apple's briefing does not clarify whether Apple intends to admit this exhibit through Ryu's testimony or if Apple will simply question Ryu about this exhibit. To the extent Apple seeks to admit this exhibit, Samsung's objection to the admission of the exhibit is overruled, as each party has stipulated to the authenticity of documents produced by that party. *See* ECF No. 1205; ECF No. 2736 at 2.<br><br>However, Samsung's personal knowledge objection is overruled without prejudice. Pursuant to Rule 602, Apple must still establish Ryu's personal knowledge before eliciting testimony from Ryu about this email. ECF No. 2736 at 2. Samsung may re-raise its personal knowledge objection at the appropriate time if Apple does not set forth sufficient foundation for personal knowledge at trial. |

**G. Sherman**

| **EXHIBIT NUMBER** | **COURT'S RULING ON OBJECTION** |
|---|---|
| PX 54 | Sustained in part and overruled in part. PX 54 is a presentation by Boston Consulting Group to Samsung titled "Lessons from Apple," given in November 2010. The document answers the question "Why you should care about Apple" by explaining that Apple was "gaining massive share in smartphones." PX 54.4. The presentation also discusses Apple's innovation with regard to user experience and graphical user interface. *See, e.g.*, PX54.6 and PX54.12. The Court acknowledges that this document is probative of demand for Apple's iPhone and potentially patented features, and thus *Georgia-Pacific* factor number 8, i.e., "the established profitability of the product made under the patent; its commercial success; and its current popularity." *Georgia-Pacific Corp v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 11120 (S.D.N.Y. 1970).<br><br>However, in the 2012 trial, the exhibit was admitted with the limiting instruction, "Do not consider for the truth of the matters asserted," ECF No. 1947 at 2, because the Court found that the "document is not offered for the truth of the matter asserted and therefore is not hearsay." ECF No. 1520 at 5. In the 2012 trial, the Court found it probative to Samsung's knowledge for willfulness. *Id.* Because the Court has held that all evidentiary rulings will |

6

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S EXHIBITS AND DEPOSITION DESIGNATIONS WITH RESPECT TO BENNER, DENISON, KIM, LEE, LUCENTE, RYU, SHERMAN, WANG, AND BUCKLEY

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

| | |
|---|---|
| | remain the same in this retrial as the 2012 trial, PX 54 may not be offered for the truth of the matter asserted in the retrial but may be used for other purposes, including to show Samsung's knowledge of the value of the patented features. However, the objection is sustained insofar as Apple seeks to use this document for the truth of the matter asserted.<br><br>Apple's response suggests it is seeking to admit this exhibit to prove the truth of the matter asserted: "PX 54 is . . . a party admission. The presentation discusses a study done for Samsung that focused on Apple and its user interface. It is highly probative of demand." ECF No. 2726 at 5. Apple's argument that this falls under a hearsay exception suggests it is offering this evidence for the truth of the matter asserted. The Court disagrees that this document is an admission because there is no suggestion that Samsung has adopted the contents of this document. Nonetheless, as set forth above, this document is relevant to knowledge, and thus may be used for purposes other than for the truth of the matter asserted. |
| PX 39 | Overruled. Mr. Sherman is an expert on design patents. PX 39 is an internal Samsung document that compares, side by side, features of a Samsung development phone against the iPhone, including the Apple icon layout in the D'305 patent. PX 39.5 and 39.6. The document is evidence of demand for the iPhone because it reflects instructions from Samsung's CEO to "[i]mprove UX while referring to iPhone 3GS." PX 39.1. This evidence is relevant to rebut Samsung's contention that Samsung's alternative designs were just as good as the iPhone. The probative value of this evidence is not substantially outweighed by any prejudice to Samsung, despite the fact that the Samsung phone depicted in the document, the "Alkon," is not at issue in the retrial. Further, while Samsung claims the document contains subject matter (user interface) for which Sherman was not disclosed as an expert, ECF No. 2727 at 4, Apple has not indicated any intention to elicit expert testimony from Sherman regarding the functioning of the GUI. |
| JX 1019 | Sustained. Samsung argues that this exhibit is more prejudicial than probative. ECF No. 2727 at 3. JX 1019 is the Galaxy S 4G device. This is a phone not at issue for which Apple's award was already sustained. ECF No. 2271 at 22. Apple claims this evidence is probative because "Samsung released this device, a near duplicate of the iPhone, after Apple requested that Samsung stop copying Apple's designs. The failure to change is probative of Samsung's belief about the value of the designs and the acceptability of any alternative." ECF No. 2726 at 5. However, Apple does not cite any date for which Apple requested that Samsung stop copying Apple's design patents at issue. The Court is aware of only PX 52, which is an August 4, 2010 presentation delivered by Apple to Samsung entitled "Samsung's Use of Apple Patents in Smartphones." PX 52 was admitted in the 2012 trial to prove notice of the '381 patent. ECF No. 1695 at 1959. PX 52 does not include D'305 or D'677 on its list of infringed patents. PX 52 at 12-16. As such, under Rule 403, the Court finds that the picture of a phone that is not at issue for which Apple has already been compensated is substantially more prejudicial than probative and risks the chance that the jury will grant a duplicative award. |

**United States District Court**
For the Northern District of California

**H. Wang**

| **EXHIBIT NUMBER** | **COURT'S RULING ON OBJECTION** |
|---|---|
| PX 53 | Overruled. This Samsung internal document compares the Galaxy S and the iPhone 4, which is relevant to the issue of whether Samsung and Apple phones are in competition. *See Georgia-Pacific* factor number 5, "the commercial relationship between licensor and licensee, such as whether they are competitors in the same territory in the same line of business; or whether they are inventor or promoter." *Georgia-Pacific Corp*., 318 F.Supp. at 1120. Although it concerns a Samsung product not at issue, the probative value of this evidence is not substantially outweighed by any prejudice to Samsung. |
| PDX 108 | *See discussion regarding Kim above.* |

**I. Buckley**

| **DEPOSITION DESIGNATION** | **COURT'S RULING ON OBJECTION** |
|---|---|
| Depo. at 181:10-23; 181:25-182:4; 182:15-16; 182:22-25; 201:13-15; 201:21-23 | Sustained as to lines 181:10-23; 181:25-182:4, which were not disclosed in either Apple's October 29, 2013 deposition designations, ECF No. 2606-1, or in Apple's November 1, 2013 objections and counter-designations, ECF No. 2630.<br><br>Overruled as to lines 182:15-16; 182:22-25, which were not disclosed in Apple's October 29, 2013 deposition designations, ECF No. 2606-1, but were disclosed in Apple's November 1, 2013 objections and counter-designations, ECF No. 2630 at 9.<br><br>Sustained as to lines 201:13-15; 201:21-23, which were not disclosed in either Apple's October 29, 2013 deposition designations, ECF No. 2606-1, or in Apple's November 1, 2013 objections and counter-designations, ECF No. 2630. The Court is unconvinced by Apple's argument that the "rule of completeness" requires the admission of this testimony, ECF No. 2726 at 6, given that Apple did not designate this testimony in a timely fashion. |

**IT IS SO ORDERED.**

Dated: November 14, 2013

LUCY H. KOH
United States District Judge

8

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S EXHIBITS AND DEPOSITION DESIGNATIONS WITH RESPECT TO BENNER, DENISON, KIM, LEE, LUCENTE, RYU, SHERMAN, WANG, AND BUCKLEY