HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PRECLUDE APPLE FROM RELYING UPON CERTAIN TESTIMONY OF JOHN HAUSER IN CLOSING ARGUMENT**<br><br>Judge:    Hon. Lucy H. Koh<br>Place:    Courtroom 8, 4th Floor<br>Trial:    November 12, 2013 at 9 a.m. |

1    Samsung seeks to preclude Apple from relying upon testimony that Samsung's own

2    counsel elicited on cross-examination and that is consistent with Dr. Hauser's report.  Samsung

3    did not timely move to strike and elected to cross-examine on the topic instead.

4    Dr. Hauser Accurately Describes His Expert Report.  This dispute arose because Samsung

5    did not properly comprehend Dr. Hauser's report.  Dr. Hauser described his methodology on

6    cross-examination: "it's basically if the methodology raised the price, say $39, then Samsung

7    would have been able to maintain essentially its market share." (Dkt. No. 2739 at 543:6-13.)

8    Samsung's counsel immediately challenged Dr. Hauser, asserting that his report contained "no

9    opinion whatsoever" regarding market share.  (*Id.* at 543:19-24.)  Dr. Hauser disagreed, pointing

10    out his report discusses "when we describe equilibrating, making them equal, the market share."

11    (*Id.* at 544:21-23.)  This testimony accurately describes how Dr. Hauser's expert report calculates

12    willingness to pay ("WTP").  He uses a "market simulation" method "to determine how the

13    market's overall tendency for purchasing a product is affected by the trade-off between the

14    products price and its features associated with the patents at issue." (Ex. A ¶ 96.)  Starting from

15    two product options—a first, higher priced, product with the patented feature, and a second

16    product without the patented feature—the price of the second product is adjusted until "the

17    market is indifferent between the two products, *i.e.*, 50% of the respondents will choose each of

18    the two products." (*Id.* ¶ 98.) As Dr. Hauser explained in his April 2012 deposition, his method

19    asks: "If Samsung were to maintain its market share, holding all else equal, how much would it

20    have to lower its price so that consumers, sort of as a whole, would be indifferent" (Ex. B at

21    264:23-265:3.)  His description of his methodology at trial is consistent.

22    Samsung Elicits Dr. Hauser's Additional Testimony.  Immediately after this exchange,

23    Samsung began grilling Dr. Hauser over the fact that he did not ask whether consumers bought

24    the phones because of the patented features, asking whether this would have been "a big help" or

25    "useful" to the jury, and other variants of this same question five times.  (Dkt. No. 2739 at 545:2-

26    15, 545:16-546:2, 546:3-546:11, 546:17-22, 547:15-20.)  The first four times, Dr. Hauser testified

27    that he did not ask this question.  (*Id.*)  The fifth time he added, "What I do know is but for these

28    features, there is many of them that would not buy the Samsung phones." (*Id.* at 548:1-2.)

APPLE'S OPPOSITION TO MOTION TO PRECLUDE RELIANCE ON TESTIMONY OF JOHN HAUSER
Case No. 11-cv-01846-LHK (PSG)
pa-1615738

1

1    Samsung invited this testimony.  Dr. Hauser was entitled to defend himself in response to

2    counsel's repeated badgering that he should have asked a question, by stating how the

3    calculations in his report relate to this same issue.  (Dkt. No. 2739 at 554:20-25 (Q. "[No]where

4    in your report do you say Samsung would have lost sales?" A. There's a high willingness to pay.

5    To my mind, that's the same as market demand.  Market demand indicates they'd lose sales.").)

6    *See, e.g., Burgess v. Premier Corp.*, 727 F.2d 826, 834 (9th Cir. 1984) (counsel waived right to

7    object to testimony he elicited on cross-examination); *Weinar v. Rollform, Inc.*, 744 F.2d 797, 805

8    (Fed. Cir. 1984) (applying "invited error" rule to testimony elicited on cross-examination).

9    Samsung is also wrong when it states Dr. Hauser's opinion was "sprung for the first time

10   during trial" and "never the subject of discovery" or "testimony."  (Mot. at 2.)  Dr. Hauser gave

11   exactly the same opinion during his November 2012 deposition and was extensively cross-

12   examined about it.  (*See* Ex. C at 304:25-307:23, 311:20-313:16, 321:-322:2, 364:6-366:2.)

13   <u>Samsung's motion is untimely.</u>  Instead of moving to strike immediately, Samsung chose

14   to cross-examine Dr. Hauser on the market share issue, both on November 13 and even after it

15   raised this issue with the Court the morning of November 14.  (Dkt. No. 2739 at 543:14-549:24,

16   551:3-555:14; Ex. D at 14:13-16:1, 33:17-34:2, 35:2-40:2.)  *See U.S. v. Magloire,* 235 Fed. Appx.

17   847, 850-51 (3rd Cir. 2007) (motion to strike hearsay denied because party asked follow-up

18   questions and only moved to strike after lunch recess). Samsung told the Court it did not move to

19   strike the November 13 testimony because the Court had overruled Samsung's earlier objection.

20   (Ex. D at 8:18-20.)  But Samsung did not object until Dr. Hauser had given most of the testimony

21   it seeks to preclude now.  (Dkt. No. 2739 at 543:6-13,544:16-20, 548:1-8, 551:17-18.)  And even

22   then, Samsung only moved to strike on the grounds it was "nonresponsive." (*Id.* at 551:19.)

23   <u>Samsung's proposed relief is improper.</u>  The Court already denied Samsung's request to

24   strike Dr. Hauser's testimony and directed Samsung not to brief it.  (Ex. A at 9:2-5 ("I'm not

25   going to strike it. . . .The only fight is whether this is going to be in closing.").)  Belatedly striking

26   testimony now would be highly prejudicial. Samsung also improperly seeks to preclude Dr.

27   Hauser's testimony that willingness to pay is "the same as market demand" (Dkt. No. 2744 at

28   1:10 (seeking to strike 554:23-25)) a request the Court denied as well.  (*See* Ex. D at 7:4-19.)

APPLE'S OPPOSITION TO MOTION TO PRECLUDE RELIANCE ON TESTIMONY OF JOHN HAUSER
Case No. 11-cv-01846-LHK (PSG)
pa-1615738

2

1  Dated: November 15, 2013                    MORRISON & FOERSTER LLP

2

3                                              By: */s/ Harold J. McElhinny*
                                                   HAROLD J. McELHINNY
4
                                                   Attorneys for Plaintiff
5                                                  APPLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S OPPOSITION TO MOTION TO PRECLUDE RELIANCE ON TESTIMONY OF JOHN HAUSER
Case No. 11-cv-01846-LHK (PSG)
pa-1615738

3