QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE No. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S MOTION TO STRIKE APPLE'S REBUTTAL WITNESSES DRS. BALAKRISHNAN AND SINGH** |

## INTRODUCTION

Apparently dissatisfied with the testimony of its technical experts in its case in chief, Apple is now attempting to present testimony from Drs. Balakrishnan and Singh in "rebuttal" to Samsung's witnesses. However, Samsung is not presenting any of its technical witnesses, and thus Drs. Balakrishnan and Singh have no technical testimony to rebut. Apple's attempts to present these "rebuttal" witnesses is improper and prejudicial, and these witnesses should be stricken from Apple's rebuttal case.

## FACTS

On November 13, Apple called Dr. Balakrishnan to testify regarding the technical aspects of the '381 patent. *See, e.g.* Dkt. 2739, Trial Tr. 407:11-410:21 (describing the "frozen screen" and "desert fog" problem and the solution of the '381 patent); 410:22-411:12 (describing the '381 as a "fun, whimsical" solution to the problems); 411:13-415:15 and 419:11-422 (describing Samsung's documents allegedly related to the '381 patent).

Similarly, Apple called Dr. Singh to testify regarding the technical scope of the '915 and '163 patents. *See, e.g.*, Dkt. 2739, Trial Tr. 441:20-444:23 (describing the '915 patent in terms of gesture and scrolling operations and "a very clear distinction" between them); 444:24-448:23 (describing the '163 patent as "an invention to help with the readability" of "structured electronic documents"); 448:24-453:12 (describing Samsung's documents allegedly related to the '163 patent).

Samsung's cross examinations of Apple's technical experts elicited testimony of non-infringing alternatives to the '381, '915, and '163 patents. Dkt. 2739, Trial Tr. 423:19-436:13 (describing noninfringing prior art and alternatives to the '381 patent); 453:24-471:23 (describing noninfringing prior art and alternatives to the '915 and '163 patents). On redirect, Dr. Singh offered testimony allegedly suggesting differences between the prior art and the patents. Dkt. 2739, Trial Tr. at 482:1-486:3 (testifying further regarding DiamondTouch, Nomura and Jeff Han references). Following the conclusion of their testimony, these witnesses were dismissed, and not subject to recall.

On November 14, at 9 p.m., Apple disclosed Drs. Balakrishnan and Singh as rebuttal witnesses. However, Samsung is not calling Dr. van Dam or Mr. Gray in its case in chief, Samsung's technical experts on the '381, '915 and '163 patents. Dkt. 2745. Thus, there is no testimony to rebut. Shortly after Apple disclosed Drs. Balakrishnan and Singh, Samsung requested Apple identify which witness Apple's technical experts were being offered to rebut. Apple responded that their testimony would rebut Samsung's technical testimony. But Samsung is not presenting further testimony from its technical experts.

## ARGUMENT

The purpose of rebuttal is to "introduce facts and witnesses appropriate to deny, explain or discredit the facts and witnesses adduced by the opponent; but not any facts or witnesses which might appropriately have been introduced in the case in chief." *Greentree Elec.'s Corp.*, 176 NLRB 919, 927 n.24 (1969). "[R]ebuttal evidence may not be offered merely to bolster the plaintiff's case-in-chief." *Brutsche v. City of Federal Way*, 300 Fed. Appx. 552 (9th Cir. Nov. 19, 2008). The party with the burden of proof on an issue is expected to give all of its evidence in support of the issue in its case in chief and cannot hold back exhibits or testimony important to its case in chief to offer on rebuttal. *See Tramonte v. Fibreboard Corp.*, 947 F.2d 762, 765 (5th Cir. 1991). New or repetitive evidence offered on rebuttal is disfavored because it can confuse the jury and prejudice the other side. *Tramonte*, 947 F.2d at 765. For this reason, rebuttal evidence ordinarily "may be introduced only to counter new facts presented in the defendant's case in chief." *Allen v. Prince George's County, Md.*, 737 F.2d 1299, 1305 (4th Cir. 1984); Fed. Civ. Trials § 9:375. The plaintiff is not faced with "new" evidence merely because the defense provides a different interpretation of evidence where the plaintiff knew about it prior to trial. *See Allen*, at 1305. Parties should not be allowed to change litigation strategy on rebuttal. *Allen*, 737 F.2d at 1305.

There is no question that Drs. Balakrishnan and Singh are improper rebuttal witnesses under this standard. Samsung is not presenting testimony from either Dr. van Dam or Mr. Gray, Samsung's technical experts regarding the '381, '915, and '163 patent. In addition, none of the other witnesses disclosed on Samsung's witness list are technical witnesses. *See* Dkt. 2745,

1  Samsung's Rolling List of Witnesses.   Thus, there is no testimony for Drs. Balakrishnan and
2  Singh to rebut.
3      Apple has the burden of proof in this case, including the burden of proof as to the absence
4  of acceptable noninfringing alternatives.   *See, e.g.,* Dkt. 2739, Trial Tr. 416:11-12 (The Court:
5  "First, it's Apple's burden initially to show absence of acceptable non-infringing alternatives.");
6  *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1544 (Fed. Cir. 1991).   Accordingly,
7  Apple's technical experts should have presented such evidence during Apple's case in chief,
8  disclosing their opinions and permitting Samsung the opportunity to rebut this evidence through
9  cross-examination and with rebuttal witnesses.   Moreover, Apple's experts had a full opportunity
10 to address all of the non-infringing alternatives raised in Samsung's cross-examinations during
11 Apple's redirect.
12     Allowing Drs. Balakrishnan and Singh to testify a second time would significantly
13 prejudice Samsung.   First and most obviously, such "rebuttal" testimony would simply grant
14 Apple a "do-over" of its technical witness examination.   Moreover, having them present such
15 testimony in "rebuttal" denies Samsung the ability to respond to this testimony with testimony
16 from its own technical experts.   Furthermore, Apple's improper and surprise disclosure is unfair
17 and prejudicial, as Samsung had no expectation of having to respond to Apple's rebuttal
18 disclosure.   Apple is attempting to elicit additional technical testimony from Drs. Balakrishnan
19 and Singh to obtain a strategic advantage in this litigation.
20     Apple claims that it should be permitted to present Drs. Balakrishnan and Singh as rebuttal
21 witnesses should Samsung "attempt to introduce technical testimony through other witnesses."
22 11/14/13 email from Nathan Sabri to Victoria Maroulis, attached hereto as Exhibit A.   In
23 particular, Apple vaguely alleges that "Given that Samsung asked two of Apple's non-technical
24 expert witnesses technical questions, Apple has reason to suspect this may be necessary."
25 Samsung does not know what exactly Apple refers to, but mere reference to the scope of a patent
26 or the existence of noninfringing alternatives identified by other witnesses is not itself sufficient to
27 warrant rebuttal by a technical witness.   In particular, Mr. Wagner is a damages expert, and will
28 be obligated to discuss the patents at a high level and to explain his understanding of design-

1 around times and availability of noninfringing alternatives.  However, Mr. Wagner is not a
2 technical expert, and would not offer his own technical opinions, instead relying appropriately on
3 documents and expert reports that were disclosed to Apple before trial.
4   Moreover, Mr. Wagner has already disclosed his opinions in his expert report.  Drs.
5 Balakrishnan and Singh had an opportunity to review that report and address any opinions
6 regarding noninfirnging alternatives during Apple's case-in-chief.

## CONCLUSION

8   For the foregoing reasons, Samsung's Motion to Strike Apple's Rebuttal Witnesses Drs.
9 Balakrishnan and Singh should be granted.

DATED: November 15, 2013    QUINN EMANUEL URQUHART & SULLIVAN, LLP


By   /s/ Victoria F. Maroulis
   Charles K. Verhoeven
   Kevin P.B. Johnson
   Victoria F. Maroulis
   William C. Price
   Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC