| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RACHEL KREVANS<br>rkrevans@mofo.com<br>ERIK J. OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522<br><br>Attorneys for Plaintiff and<br>Counterclaim-Defendant APPLE INC. | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>   Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO MOTION TO STRIKE APPLE'S REBUTTAL WITNESSES DRS. BALAKRISHNAN AND SINGH** |

## I. SAMSUNG'S MOTION IS PREMATURE.

Samsung makes the novel argument that this Court should strike two of Apple's disclosed rebuttal witnesses before Samsung has even begun to present its defense. Having not heard from Samsung's witnesses, the Court has no basis to determine that it would be impossible for Drs. Balakrishnan and Singh to present testimony that would rebut the testimony that Samsung may present. Samsung's motion to strike is premature and should be denied on that basis alone.

## II. SAMSUNG'S DISCLOSURES REGARDING MR. WAGNER'S ANTICIPATED TESTIMONY AND SAMSUNG'S QUESTIONING OF APPLE'S NON-TECHNICAL WITNESSES DEMONSTRATE APPLE'S LIKELY NEED FOR REBUTTAL BY BALAKRISHNAN AND SINGH.

"The proper function and purpose of rebuttal testimony is to explain, repel, counteract or disprove the evidence of the adverse party." *United States v. Chrzanowski*, 502 F.2d 573, 576 (3d Cir. 1974); *see* Black's Law Dictionary 639 (9th ed. 2009) (defining rebuttal evidence as "[e]vidence offered to disprove or contradict the evidence presented by an opposing party"). Samsung's proffer regarding Mr. Wagner's testimony, its disclosures of evidence and demonstratives that Samsung may use in connection with his testimony, and Samsung's questioning of Apple's non-technical witnesses about technical issues all indicate that Drs. Balakrishnan and Singh may have rebuttal testimony to address Samsung's evidence. Neither the Court nor Apple can know for sure until Samsung has presented its case.

First, Samsung's proffer of the proposed testimony of Mr. Wagner is rife with references to technical arguments and Mr. Wagner's reliance on the technical opinions of at least three of Samsung's technical experts for the first trial: Dr. Van Dam, Mr. Gray and Mr. Johnson. For example, Samsung stated that Mr. Wagner will testify "that there were commercially acceptable noninfringing alternatives to each of Apple's patented features and designs." (Dkt. No. 2523 at 9.) Samsung stated that Mr. Wagner also will testify about the time in which "Samsung would believe it could hypothetically design around" the '381 and '163 patents (*id*. at 11-12) and about Dr. Singh's trial testimony concerning the supposed "limited scope of the '915 patent (*id*. at 14). The proffer for Mr. Wagner also refers to his conversations with Samsung's technical experts, Johnson, Van Dam, and Gray. (*Id*. at 12-13.)

Second, Samsung's direct disclosures for Mr. Wagner, served on November 11, 2013, include the 2012 trial transcripts of Drs. Balakrishnan and Singh. (Borenstein Decl. Ex. A.) The Wagner disclosures also identify more than 50 exhibits under the category of "Devices, Prior Art, and Alternatives." (*Id*.) Those documents include DX518 (a LaunchTile and AppLens demonstration video), DX548 (the TableCloth software and Diamond Touch system), DX556 (a TED talk on touch interfaces), and DX561 (a purported prior art provisional patent application). Those disclosures also include demonstrative slide decks for Drs. Balakrishnan and Singh, which include PDX27 and PDX29 (Apple's 2012 Balakrishnan and Singh demonstratives), and SDX7004 and SDX7005 (Samsung's retrial Balakrishnan and Singh demonstratives). Samsung's own demonstrative for Mr. Wagner, SDX7001, also argues that Samsung would have been able to replace products with alternatives, and lays out potential design around times and costs. (SDX7001.034-.037, .042-.044, .050.)

Third, Samsung has cross-examined Apple's non-technical witnesses on technical issues. Samsung showed Dr. Hauser Samsung devices that the jury found did not infringe certain utility patents and questioned him as to whether those devices had the same function as the patents. (Nov. 14, 2013 Trial Tr. at 603-608.) Similarly, Samsung asked Ms. Davis about whether certain Samsung devices had the same or similar functionality as Apple's utility patents and therefore could be non-infringing alternatives. (*Id*. at 746-750.)

The areas of testimony discussed above are plainly relevant to the expertise of Drs. Balakrishnan and Singh, and Apple is entitled to present them to rebut that testimony. Samsung's recent decision not to call its own technical experts Van Dam and Gray is immaterial. Mr. Wagner's Supplemental Expert Report states that he has relied on Dr. Van Dam concerning different technical ways to achieve the same result as in the '381 patent, including the Lira reference (August 26, 2013 Wagner Rpt. ¶ 27); discussions with Gray regarding design-arounds for the '163 patent and '915 patents (*id*. ¶¶ 479-494). No Samsung expert has ever provided a report or testimony on the purported non-infringing alternatives. Samsung cannot evade a rebuttal to technical arguments about design-arounds or non-infringing alternatives merely because it has made the strategic decision not to call its technical experts but instead to route their

opinions through Mr. Wagner. The scope of rebuttal depends on the evidence that an adversary presents, not the identity of the particular witnesses who present it. *Chrzanowski*, 502 F.2d at 576 (rebuttal testimony may be offered to "explain, repel, counteract or disprove" adversary's evidence).

Nor was Apple required to anticipate and address all of these areas of testimony in its case in chief. A party need not do the "impossible" and "anticipate all of [its adversary's] possible defenses and meet same in [its] case in chief." *United States v. Marsh*, 451 F.2d 219, 220-21 (9th Cir. 1971); *Samish v. United States*, 223 F.2d 358, 365 (9th Cir. 1955) ("it is not unfair to offer testimony on rebuttal which is proper rebuttal, although it might have been offered in chief"). This is true even though Apple could have, or did, explore these issues on redirect. *Weiss v. Chrysler Motors Corp.*, 515 F.2d 449, 459-60 (2d Cir. 1975) (citing Wigmore for proposition that party may present rebuttal to responses elicited during cross-examination even if that rebuttal was partially anticipated by redirect examination in case-in-chief); *Everett v. S.H. Parks and Assocs. Inc.*, 697 F.2d 250, 252 (8th Cir. 1983) (plaintiff's evidence "was not truly relevant until [defendant] presented its defense"); *see also Rodriguez v. Olin Corp.*, 780 F.2d 491, 496 (5th Cir. 1986) (rebuttal evidence need not be "brand new") (citing *Weiss* and *Everett*).

Dated: November 15, 2013         MORRISON & FOERSTER LLP

By:  */s/ Harold J. McElhinny*
     HAROLD J. McELHINNY

Attorneys for Plaintiff
APPLE INC.