UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, ) | Case No.: 11-CV-01846-LHK |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER GRANTING IN PART AND |
| ) | DENYING IN PART SAMSUNG'S |
| SAMSUNG ELECTRONICS CO., LTD., A ) | MOTIONS FOR JUDGMENT AS A |
| Korean corporation; SAMSUNG ) | MATTER OF LAW AT THE CLOSE OF |
| ELECTRONICS AMERICA, INC., a New York ) | APPLE'S CASE IN CHIEF |
| corporation; SAMSUNG ) | |
| TELECOMMUNICATIONS AMERICA, LLC, ) | |
| a Delaware limited liability company, ) | |
| ) | |
| Defendants. ) | |
| ) | |

At the close of Apple's affirmative case, Samsung moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). Rule 50 provides that the court may grant a motion for judgment as a matter of law against a non-moving party if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on" an issue. After considering all of the evidence presented by Apple in its affirmative case, the Court made the following rulings on the record:

- The Court DENIED Samsung's Rule 50 motion with respect to Apple's claim for infringer's profits for Samsung's infringement of D'305 and D'677.

- The Court DENIED Samsung's Rule 50 motion with respect to Apple's claim for reasonable royalties for Samsung's infringement of all patents-in-suit.

1

- The Court DENIED Samsung's Rule 50 motion with respect to whether Apple is entitled to damages no greater than $379,776,091.
- The Court DENIED Apple's Rule 50 motion with respect to Samsung's claim that Apple presented no evidence that Samsung had notice of specific infringing products by the dates set out in the Court's March 1 Order granting Samsung a new trial. *See* ECF No. 2271. The Court has already rejected this specific product-based notice theory presented by Samsung. *See* ECF No. 2690.
- The Court DENIED Samsung's Rule 50 motion. The Court's final jury instructions will instruct the jury as to the appropriate damages period.

After further considering the parties' arguments, the Court now makes these additional rulings:

- The Court finds that, for the products at issue in the retrial, no reasonable jury would have a legally sufficient evidentiary basis to find that Apple is entitled to lost profits on the '381, '163, D'305, and D'677 patents. Apple concedes that, pursuant to this Court's prior orders, *see* ECF Nos. 2660, 2710, 2719, Apple did not present evidence that would support an award of lost profits for Samsung's infringement of those patents by those products. Accordingly, the Court GRANTS Samsung's Rule 50 Motion with respect to Apple's claim for lost profits for the '381, '163, D'305, and D'677 patents as to the products at issue in the retrial.
- The Court finds that a reasonable jury would have a legally sufficient evidentiary basis to award Apple lost profit damages on the '915 patent. Accordingly, the Court DENIES Samsung's Rule 50 motion with respect to whether Apple is entitled to lost profit damages on the '915 patent.

**IT IS SO ORDERED.**

Dated: November 15, 2013

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

2

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART SAMSUNG'S MOTIONS FOR JUDGMENT AS A MATTER OF LAW AT THE CLOSE OF APPLE'S CASE IN CHIEF