HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK (PSG)<br><br>**APPLE'S OBJECTIONS AND RESPONSES TO OBJECTIONS REGARDING APPLE'S REBUTTAL WITNESSES: BALAKRISHNAN, DAVIS, JOSWIAK, SCHILLER, AND SINGH** |

## I. RESPONSES TO OBJECTIONS TO APPLE'S DIRECT EXAMINATION EXHIBITS[1]

### A. Ravin Balakrishnan

**PX31**. Samsung has repeatedly made the availability of non-infringing alternatives an issue at trial. PX31, which was admitted at the first trial, contains Samsung source code pertaining to the infringing features. Indeed, Samsung itself identified PX31 as relevant to this issue at the first trial. (Dkt. No. 1612 at 1306:12-1306:22.)

**DX655.** Having successfully persuaded the Court that its own use of prior art devices is appropriate, Samsung has no valid ground to preclude Apple from using prior art devices in Dr. Balakrishnan's rebuttal testimony. (Dkt. No. 2700 at 6 (Samsung HPO re: Singh and LaunchTile); Dkt. No. 2723 at 4 (overruling Apple's objection to use of LauchTile with Singh because it is "relevant to the context of the patented invention").) DX655, the Table Cloth prior art, is highly probative to Dr. Balakrishnan's rebuttal testimony regarding the state of the art, ease of designing around, and scope of the patents. Samsung has relied on it and Apple should also be able to. Further, although it chose not to call him, Samsung has relied on Dr. Van Dam's opinions regarding the ease of designing around Apple's patents and the proper scope of those patents. (*See, e.g.,* Dkt. No. 2754 at 1 (summarizing Samsung proffer regarding Wagner).) Dr. Balakrishnan should be allowed to rebut Samsung's assertions as to the context of the patented inventions.

**PDX41.1 – PDX41.2.** These exhibits demonstrate the limited scope of the LaunchTile prior art. As discussed above, the Court has accepted Samsung's own argument that videos of LaunchTile are relevant to the "context of the patented invention." (Dkt. No. 2723 at 4.) PDX41.1 and 41.2 show LaunchTile experiencing the "frozen screen" and "desert fog" problems that the '381 solves. Samsung may not argue that the patented feature is nearly identical to LaunchTile, on the one hand, while prohibiting Apple from presenting Dr. Balakrishnan's opinion to the contrary, on the other.

---

[1] After receiving Samsung's objections, Apple informed Samsung that it withdrew its disclosures of PDX27 for Singh; PX174 and PX177 for Joswiak; PX6 for Schiller; and PX2307 for Davis.

APPLE'S OBJS. AND RESP. RE REBUTTAL WITNESSES: BALAKRISHNAN, DAVIS, JOSWIAK, SCHILLER, & SINGH
Case No. 11-CV-01846-LHK (PSG)
sf- 3355636

1


### B. Julie Davis

**Samsung's "General Objection."** Apple has designated nothing new. It has merely incorporated prior exhibits disclosed for Wagner, Davis, Sheppard, and Benner. Those disclosures are comparable to Samsung's broad disclosures for Wagner and for the Davis cross. In addition, Apple has stated that Ms. Davis may respond to demonstratives and exhibits that Samsung may introduce in its case-in-chief on November 15 and 18. Apple has yet to see that evidence, and Ms. Davis may be in a position to respond to some or all of it. As Apple has not designated anything new, Samsung has already had the opportunity to object to all the materials and has not suffered any prejudice or unfair surprise.

**PX128** is a 2011 primetime national television commercial for the iPad. Ms. Davis's report identified this commercial as supportive of her opinion of demand for the '915 patented features in Item 9 of Davis Exhibit 24-PT.[2]

**PX2310** is the March 8, 2012 version of Samsung's litigation-created spreadsheet. (The July 25, 2012 version was admitted at trial as PX180A.) Samsung's VP of Finance—Mr. Sim—testified at deposition that he manipulated this version of the spreadsheet in order to "zero-out" $1.3 billion of operating profits before producing it to Apple for use in this litigation. It is highly relevant to rebut Samsung's claim that the stated operating expenses on DX676 and PX180 are an unmodified extract from Samsung's audited accounting system. No court order precludes Ms. Davis's reliance on this exhibit. Ms. Davis discussed it at some length in her expert report, and Samsung never moved to strike those paragraphs. (*See* Dkt. No. 2386-2 ¶¶ 149-150 (annotated version of Davis report); Dkt. No. 2607-7 at 3:16-21 (proposed order).) Moreover, Ms. Davis testified without objection about the $1.3 billion modification to this version of Samsung's spreadsheet on direct and cross examination. (*See* Nov. 14, 2013 Trial Tr. at 702, 768.)

### C. Greg Joswiak

**PDX1**, a demonstrative using a New York Times article, was admitted in evidence on

---

[2] Ms. Davis describes PX128 on Davis Ex. 24-PT as "Exhibit 19 to Declaration of Sissie Twiggs, Director of Worldwide Advertising at Apple, 7/1/11." This is the same media file as PX128. (*See* Dkt No. 89 ¶ 7.)

APPLE'S OBJS. AND RESP. RE REBUTTAL WITNESSES: BALAKRISHNAN, DAVIS, JOSWIAK, SCHILLER, & SINGH
Case No. 11-CV-01846-LHK (PSG)
sf- 3355636

2

November 15, with Phil Schiller. Samsung argues only that this exhibit is improper rebuttal. As Apple has already shown in its successful opposition to Samsung's motion to strike Apple's rebuttal witnesses Drs. Balakrishnan and Singh, it is premature for Samsung to attempt to set the scope of Apple's rebuttal case before Samsung has presented its defense. (Dkt. No. 2754.)

### D. Phil Schiller

**PX172.** Samsung has repeatedly placed at issue whether Apple's iPad and Samsung's Galaxy Tab 7 compete. As this article recognized, "[t]he biggest challenger to Apple yet is Korea's Samsung, whose Galaxy Tab 7-inch Android tablet was touted as the most successful rival to the original iPad . . . ." (PX172 at 1.) Apple is entitled to rebut Samsung's arguments on competition and demand with this highly probative evidence. The Court has held that similar news articles are relevant to damages, including showing demand for the patented products and features. (*See, e.g.,* Dkt. No. 2696 at 2-3.)

**PX7A** is a collection of pictures of Samsung's infringing phones. Mr. Schiller has knowledge of the smartphone market, including Samsung's infringing phones. His testimony about what these phones are derives from personal experience and is not expert testimony.

### E. Karan Singh

**DX548**. This exhibit, admitted *by Samsung* at the first trial, is the DiamondTouch device that Samsung has argued demonstrates that the patents covered only minor improvements over the art. (Dkt. No. 1841 at 2886:3; Dkt. No. 2739 at 459:20-22 (Samsung questioning differences between patents and DiamondTouch). Samsung's own cross demonstrative for Dr. Singh included a video demonstrating use of DiamondTouch without showing the entire system. (SDX8003.005.) As discussed above regarding Dr. Balakrishnan, Apple should be allowed to rebut these arguments by explaining to the jury how the art differs from the patents and the infringing devices.

**PDX41.2.** Samsung has consistently argued that DiamondTouch, LaunchTile, and other devices are highly probative to the scope of the patents. Samsung is estopped from arguing that probative evidence of the scope of the patents and prior art should now be excluded.

APPLE'S OBJS. AND RESP. RE REBUTTAL WITNESSES: BALAKRISHNAN, DAVIS, JOSWIAK, SCHILLER, & SINGH
Case No. 11-CV-01846-LHK (PSG)
sf- 3355636

3

## II. OBJECTIONS TO SAMSUNG'S CROSS EXAMINATION EXHIBITS

### A. Ravin Balakrishnan

**SDX8008.033.** This slide is entitled "'381 Patent Noninfringing Alternative," and shows an unidentified Samsung device exhibiting a purported design around to the '381 patent. The Court has repeatedly sustained objections to this type of exhibit under Federal Rule of Evidence 403 because the risk of misleading and confusing the jury substantially outweighs any probative value. (*See, e.g.,* Dkt. No. 2723 at 2 (SDX8008.02).) It is also excluded pursuant to Judge Grewal's sanctions order. As the Court previously held: "any design around disclosed after the December 31, 2011 deadline for producing design around code is excluded by Magistrate Judge Grewal's sanctions order excluding all evidence of actual design arounds for the '381 patent, which was affirmed by this Court. See ECF Nos. 898, 1106, 1545." (Dkt. No. 2723 at 3.)

### B. Julie Davis

**DX518 & DX520**. DX518 is a video of LaunchTile that was introduced in the first trial as prior art that allegedly invalidated the '163 patent. DX520 is the Lheem patent. Using this prior art exhibit to cross examine Ms. Davis, as opposed to a technical expert, creates the danger that the jury will use the exhibit for the improper purpose of questioning the first jury's validity finding. That potential prejudice outweighs the relevance of prior art to determine the marginal value of a patented feature in this instance. That is particularly true given that Samsung has already questioned Ms. Davis and another Apple non-technical witness (Hauser) about the function of supposed non-infringing alternatives, making use of the LaunchTile video cumulative.

**DX586.** Apple previously objected to DX586 because it falls under the FRE 408's settlement privilege and therefore may not be considered "to prove or disprove . . . the amount of a disputed claim." (See Dkt. No. 2415 at 5:24-6:4; Dkt. No. 1889 at 7.) The Court reserved ruling on Apple's prior objection to determine whether notice was still at issue, such that DX586 could be admitted for that limited purpose. (Dkt. No. 2552 at 4:6-7.) The Court subsequently ruled that notice is no longer an issue at the retrial. (Dkt. No. 2690.) Apple's prior objections should therefore be sustained. Further, using this exhibit when notice is not at issue would be

APPLE'S OBJS. AND RESP. RE REBUTTAL WITNESSES: BALAKRISHNAN, DAVIS, JOSWIAK, SCHILLER, & SINGH
Case No. 11-CV-01846-LHK (PSG)
sf- 3355636

4

1  unfairly prejudicial to Apple and create the risk of confusion and satellite litigation regarding the
2  scope and meaning of the settlement presentation.

### C. Greg Joswiak

**DX715** is a presentation titled "Mini-Teardown: Samsung Galaxy S (T-Mobile Vibrant)." Joswiak is not the author of the document, nor is there any indication that he received a copy of it. Joswiak testified at his deposition that he does not have knowledge of any teardowns of competitors' smartphones. (Borenstein Decl. Ex. A at 139:4-6.) The Court has previously sustained objections to documents where the witness disclaimed knowledge during deposition. (*See, e.g.,* Dkt. No. 1774 at 3 (SDX3960.03 and Sheppard).)

**DX2520** is an email chain discussing Apple's navigation application for the iPhone. Mr. Joswiak is not copied on any of the emails in the chain. The email does not discuss the application's effect on iPhone sales or any other evidence of demand; it merely states that the application has improved steadily with each generation of iPhone and will continue to improve. The risk of confusing the jury and wasting time outweighs whatever minimal relevance the document has.

### D. Phil Schiller

**DX518** is a video of LaunchTile that was introduced in the first trial as prior art that allegedly invalidated the '163 patent. Samsung cannot lay a foundation to use this video with Mr. Schiller, who is a marketing executive not a technical expert. Because Mr. Schiller is not a technical expert, using this prior art exhibit to cross examine Mr. Schiller, as opposed to a technical expert, creates the danger that the jury will use the exhibit for the improper purpose of questioning the first jury's validity finding. That potential prejudice outweighs the relevance of prior art to determine the marginal value of a patented feature in this instance. That is particularly true given that Samsung has already questioned other Apple non-technical witnesses (Hauser and Davis) about the function of supposed non-infringing alternatives, making use of the LaunchTile video cumulative.

**DX2755**. This is an email chain between two people with apple.com email addresses—neither of whom is Mr. Schiller—in which one of them (Wayne Westerman) states that he holds

previously-existing patents on iPhone features, including "pinch zoom." Mr. Westerman's assertions are excludable hearsay. Use of an email from Mr. Westerman to suggest that an Apple employee believed that he held patents that would invalidate a valid patent at issue in the retrial creates unfair prejudice to Apple that outweighs any conceivable relevance. Samsung has not disclosed Mr. Westerman's prior patents as prior art in this case. Use of this email would require satellite litigation and confusion as Apple would have to explain who Mr. Westerman is, the patents he holds, and why they did not invalidate the '915 patent or limit its value.

**DX2757**. This is the dissertation of Wayne Westerman, the Apple employee from DX2755 who claimed to have prior patents invalidating the '915 patent. It should be excluded under FRE403 for the same reasons explained as to DX2755. In addition, Samsung cannot lay a foundation that Mr. Schiller ever saw Mr. Westerman's dissertation.

### E.  Karan Singh

**SDX8003.006.** This demonstrative appears to show the "hard stop" behavior previously excluded by the Court with regard to Samsung's opening slides 21 and 123, and SDX8008.02. (Dkt. No. 2696 at 8; Dkt. No. 2723 at 2.) The Court should exclude SDX8003.006 for the same reasons, including Judge Grewal's sanctions order and due to the risk of confusing the jury with noninfringing applications of otherwise infringing devices. (Dkt. No. 2723 at 2.)

Dated: November 15, 2013          MORRISON & FOERSTER LLP

                                  By:  *Harold J. McElhinny*
                                       HAROLD J. MCELHINNY

                                       Attorneys for Plaintiff
                                       APPLE INC.

APPLE'S OBJS. AND RESP. RE REBUTTAL WITNESSES: BALAKRISHNAN, DAVIS, JOSWIAK, SCHILLER, & SINGH
Case No. 11-CV-01846-LHK (PSG)
sf- 3355636

6