1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   William C. Price (Cal. Bar. No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Cal. Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17            UNITED STATES DISTRICT COURT

18      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19 APPLE INC., a California corporation,          CASE NO. 11-cv-01846-LHK

20            Plaintiff,                          **SAMSUNG'S OBJECTIONS AND**
                                                 **RESPONSES REGARDING EXHIBITS**
21       vs.                                      **TO BE USED WITH BALAKRISHNAN,**
                                                 **SINGH, SCHILLER, JOSWIAK, AND**
22 SAMSUNG ELECTRONICS CO., LTD., a               **DAVIS**
   Korean business entity; SAMSUNG
23 ELECTRONICS AMERICA, INC., a New
   York corporation; SAMSUNG
24 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company,
25
            Defendants.
26

27

28

I.       **SAMSUNG'S HIGH PRIORITY OBJECTIONS:**

**BALAKRISHNAN/SINGH: PX 31:**   Samsung objects to the use of PX 31, an exhibit consisting of over 1,000 pages of source code, being presented as rebuttal to Mr. Wagner's testimony regarding the '381 patent.   First, Mr. Wagner testified about the time to design around the '381 patent and mentioned non-infringing alternatives, but did not discuss the technical details of either analysis.   Dr. Balakrishnan's report discusses design around times in only one paragraph of his report: ¶263 regarding the "blue glow" design around, which this Court has excluded.   Thus, the use of this exhibit is outside the scope of rebuttal to Mr. Wagner's testimony and the scope of Dr. Balakrishnan's opinions on design arounds in his expert report.   Even if noninfringing alternatives are considered relevant rebuttal to the '381 patent, his opening report does not include any explanation of why Samsung's noninfringing devices are not commercially acceptable non-infringing alternatives.   *See* Balakrishnan Opening Report at ¶¶261-265 (describing Dr. Balakrishnan's opinions on design around).   He only testified that they were "less desirable."   Furthermore, the only conceivable purpose for introducing this source code for purposes of arguing noninfringing alternatives would be to argue for the similarity of the source code on all the devices, in an effort to undermine the prior jury's finding of noninfringement, which is improper. Finally, Apple has the burden of proof as to the absence of acceptable noninfringing alternatives.   *See, e.g.,* Dkt. 2739, Trial Tr. 416:11-12 (The Court:   "First, it's Apple's burden initially to show absence of acceptable non-infringing alternatives.")   *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1544 (Fed. Cir. 1991).   DX 655 and PDX 41.1-41.2: Drs. Balakrishnan and Singh should not be permitted to testify regarding DX 655 (Tablecloth source code) or PDX 41.1-41.2 (LaunchTile videos) because they already testified and had the opportunity to testify regarding these during Apple's case in chief and cannot use "rebuttal" to redo his testimony.   Apple had a full and fair opportunity to address these on Dr. Balakrishan's redirect.   Furthermore, testimony regarding highly technical source code goes far beyond the scope of testimony from Mr. Wagner.   PDX 548: Samsung objects to the use of PDX 548, exhibits disclosing source code for the FractalZoom program.   Mr. Wagner's specific discussion regarding noninfringing alternatives for the '915 patent involved the Intercept and Galaxy Ace

SAMSUNG'S OBJS. AND RESPS. RE: BALAKRISHNAN, SINGH, SCHILLER, JOSWIAK, AND DAVIS

1  devices.   Thus, the discussion of FractalZoom is outside the scope of rebuttal to Mr. Wagner's

2  testimony.   In addition,   Dr. Singh's expert offers only three paragraphs discussing non-

3  infringing alternatives to the '915 patent.   See Borden Ex. D,    FractalZoom is not included in

4  this portion of his expert report.   Furthermore, testimony regarding highly technical source code

5  goes far beyond the scope of testimony from Mr. Wagner.

6  **SCHILLER:** PX172: Samsung is not introducing testimony of its product designers in its case-in-

7  chief.   Further, Apple has opposed the introduction of evidence relating to Samsung's

8  independent development.   Dkt. 2671.   As such, an article relating to the design of Samsung's

9  products compared to Apple's products is improper rebuttal testimony, and unduly prejudicial

10  given the exclusion of Samsung's independent development.   This article is additionally unduly

11  prejudicial as it focuses on the design of tablets not at issue and that were found non-infringing

12  (JX 1037, JX 1038).   Infringement should not be re-litigated, especially for products not at

13  issue.  PX7A: This document is titled "infringing products," yet includes images of products that

14  are not at issue in this trial.   It further identifies patents that are not at issue in this trial (e.g.,

15  PX7A.18, 21, 24, 26, 30, 32, 38, 42, 51), products found not to infringe or not accused for certain

16  design patents (e.g., PX7A.2, 4, 6, 8, 10, 14-16, 23-27, 29-32, 36-38, 47-49, and patents that were

17  found to not be infringed at all (e.g., PX7A.38). It is incorrect, misleading, and confusing to

18  identify all of the products in this document as "infringing."   Further, any testimony from Mr.

19  Schiller regarding whether certain products are "infringing" would constitute highly prejudicial

20  testimony, especially where he admitted today in Court that he did not know the last jury's

21  findings.

22  **JOSWIAK:** Mr. Joswiak is the Vice President for iPod, iPhone, and iOS Product Marketing at

23  Apple.   Dkt. 2749-2.   Apple elected not to call Mr. Joswiak in its case in chief, and Samsung

24  presented only limited deposition testimony from Mr. Joswiak relating to the lack of evidence

25  supporting Apple's lost profits claim, as well as Apple's own competitive analysis and

26  benchmarking of its competitors' products.   Apple now seeks to call Mr. Joswiak in its rebuttal

27  case to testify regarding a series of exhibits that do not relate to – or rebut – any evidence or

28  testimony offered by Samsung.   Rather, Mr. Joswiak's proposed testimony appears to be entirely

1   cumulative of the testimony given by Mr. Schiller; not surprisingly, Apple' disclosures for Mr.

2   Joswiak simply incorporated everything it had disclosed for Mr. Schiller, plus anything Samsung

3   used with any witness in its case in chief.   In addition to precluding this testimony as

4   unnecessarily cumulative, <u>PDX 1</u> is a demonstrative containing images and excerpts from a review

5   of the iPhone.   This demonstrative and the excerpts it includes do not relate to any testimony or

6   evidence presented in Samsung's case in chief, and therefore does not "rebut" anything.

7   **<u>DAVIS:</u>**   Despite its representations to the Court that it would "meet and confer and try to speed

8   the whole process up," was "united in [the Court's goal]" to expedite the briefing process for high

9   priority objections (Trial Tr. at 565:8-17), and that the briefing filed with the Court would include

10  all exhibits that "might be used in rebuttal" (*id.* at 678:10-13), Apple sandbagged Samsung with a

11  meaningless disclosure that did not list a single exhibit, but rather purported to disclose all prior

12  direct and cross disclosures for Ms. Davis and Messrs. Wagner, Sheppard, and Benner, and "all

13  demonstratives and exhibits that may be used" during Samsung's direct or cross examination of

14  any witness.   Borden. Decl. Ex. A.   Apple's indiscriminate disclosure makes it impossible for

15  Samsung to identify exhibits that may be offered and the briefing process a waste of the Court's

16  time.   Nonetheless, Samsung objects to a representative sample of exhibits that Apple should be

17  precluded from using.   **PX128** is an advertisement entitled "iPad is Iconic."   Apple did not offer

18  it in the 2012 trial as relevant to damages (Dkt. 1286 at 13), and the advertisement appears

19  nowhere in Mr. Musika's reports (Dkt. 2517-5 & 6).   Apple's marketing campaigns have no

20  relevance in this trial (*see* Dkt. 2316 at 3), and the Court struck Ms. Davis's introduction of new

21  materials in her report (Dkt. 2575 at 8-9).   Admission would be confusing and highly prejudicial.

22  FRE 403.   **PX2307** is an STA business planning document that was not on Apple's exhibit list

23  for this trial (Borden Decl. Ex. B), and appears nowhere in Mr. Musika's or Ms. Davis's reports

24  (Dkt. 2517-4 to 6).   The Court has already precluded Ms. Davis from relying on new materials

25  (Dkt. 2575 at 8-9), and the introduction of entirely new evidence on rebuttal is highly prejudicial

26  and not proper rebuttal evidence.   FRE 403.   Apple withdrew the exhibit shortly before this

27  brief was due, but PX2307 is representative of other documents on Apple's disclosure that it has

28  not withdrawn. **PDX2310** is a spreadsheet showing Samsung's financial data, including costs, of

---

Case No. 11-cv-01846-LHK

1    all Samsung products accused during the 2012 trial.   The document was not offered into evidence

2    in the 2012 trial and was not on Apple's exhibit list for this trial.   The Court previously granted

3    Samsung's motion to exclude financial data of products not at issue in this trial.   Dkt. 2645.

4    Moreover, PDX2310 is not proper rebuttal evidence because Davis testified to Samsung's

5    spreadsheets and did not offer the document.   *See* Trial Tr. 693-705.   Introduction would be

6    confusing and highly prejudicial.   FRE 403.

7    II.      **<u>SAMSUNG'S RESPONSES TO APPLE'S HIGH PRIORITY OBJECTIONS</u>**

8    **<u>BALAKRISHNAN</u>/<u>SINGH</u>:** SDX8008.33 depicts a tilt behavior, which is a hypothetical non-

9    infringing alternative to the '381 patents.   Should Dr. Balakrishnan be permitted to testify that

10   alternative visual effects are not an acceptable alternatives, Samsung should be permitted to cross-

11   examine him using this demonstrative.   SDX8003.006 is a video of the Fractal Zoom program

12   next to a product that was found to infringe the '915 patent.   Should Dr. Singh be permitted to

13   testify that Fractal Zoom is not an acceptable alternative, Samsung should be permitted to cross-

14   examine him with this demonstrative.

15   **<u>DAVIS</u>: DX518** is a video of Launch Tile, which demonstrates that the technology for features

16   similar to those claimed by the '915 patent predated the '915.   It is highly relevant to the issue of

17   design around times, which goes directly to Apple's claim for lost profits.   **DX520** is the D'516

18   patent, which is relevant to non-infringing alternatives. **DX586** is a presentation from the Apple-

19   Samsung licensing negotiations and is a potential impeachment exhibit that may be used to

20   establish notice dates.   It was admitted during the 2012 trial for that limited purpose, and is

21   similar to PX52, which has been admitted.   FRE 408 is inapplicable because Samsung does not

22   intend to use the document to establish appropriate royalties.

23   **<u>JOSWIAK</u>:** <u>DX 715</u> is an Apple competitive analysis.   Mr. Joswiak testified about such

24   "benchmarking" and competitive analyses in the deposition excerpts played during Samsung's

25   case in chief.   The Court has already overruled Apple's objection to this testimony and related

26   exhibits, finding that evidence of Apple's "benchmarking" rebuts Apple's "suggestion that

27   Samsung's similar activity establishes demand." Dkt. 2736, at 6.   Moreover, Apple

28   counterdesignated Mr. Joswiak's testimony, and those counterdesignations were played to the

1   jury.   If Mr. Joswiak is permitted to testify live in Apple's rebuttal case, Samsung should be

2   permitted to use documentary evidence regarding Apple's benchmarking activities, including for

3   purposes of impeaching Mr. Joswiak.   <u>DX 2520</u> is an email string among and between Apple

4   executives discussing the need for Apple to improve certain iPhone functions to keep pace with

5   Apple's android competitors.   DX 2520 is therefore highly probative of the reasons consumers

6   buy cellphones, which relates directly to Apple's claim for lost profits.   Apple will suffer no

7   prejudice from Mr. Joswiak's testimony on this highly relevant topic.

8   **<u>SCHILLER</u>: DX518**: In Apple's case-in-chief, Mr. Schiller testified about Apple purportedly

9   inventing certain technology.   To the extent Mr. Schiller (inappropriately) testifies in Apple's

10   rebuttal case regarding Apple's "inventions," it is permissible for Samsung to use DX518, a video

11   of launchtile prior art, to contradict any testimony about the scope of Apple's inventions.

12   **DX2755**:   Similarly, if such testimony about the scope of Apple's patents occurs on rebuttal, it is

13   appropriate for Samsung to question Mr. Schiller regarding Mr. Westerman's inventions.   An

14   email from Mr. Westerman, stating that certain multi-touch inventions were originally covered in

15   his patents, is not hearsay.   **DX2757**: It is similarly permissible for Samsung to question Mr.

16   Schiller regarding his knowledge of Mr. Westerman's dissertation if Mr. Schiller testifies

17   regarding the scope of Apple's inventions.    These exhibits would be highly relevant and no

18   undue prejudice would result.

1   DATED: November 15, 2013          QUINN EMANUEL URQUHART &
2                                     SULLIVAN, LLP

3                                        By  /s/ Victoria F. Maroulis
4                                            Charles K. Verhoeven
                                             Victoria F. Maroulis
5                                            Kevin P.B. Johnson
                                             Michael T. Zeller
6                                            Attorneys for SAMSUNG ELECTRONICS
                                             CO., LTD., SAMSUNG ELECTRONICS
7                                            AMERICA, INC., and SAMSUNG
                                             TELECOMMUNICATIONS AMERICA, LLC
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S OBJS. AND RESPS. RE: BALAKRISHNAN, SINGH, SCHILLER, JOSWIAK, AND DAVIS