# EXHIBIT D

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK<br><br>**EXPERT REPORT OF KARAN SINGH, PH.D. REGARDING INFRINGEMENT OF U.S. PATENTS NOS. 7,864,163, 7,844,915 AND 7,853,891** |
|---|---|

**\*\*CONFIDENTIAL – CONTAINS MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO A PROTECTIVE ORDER\*\***

modeled the embodiment of the "second gesture" element of the '163 patent in its Galaxy S devices after that element's embodiment in the iPhone. (SAMNDCA00203880, SAMNDCA00203937.) This document observes that, on the iPhone, "[w]hen a different point is tapped after enlarging, the screen moves to the tapped screen and shows the enlarged screen," while the Galaxy S prototype merely "shrinks back to the original screen" instead of translating to center on an enlarged view of a second box. (SAMNDCA00203937.) The slide concludes that Samsung "[n]eed[s] to supplement the double tapping enlargement/shrinkage feature" as an "[i]mprovement" for the Galaxy S prototype, to match the iPhone's embodiment of the "second gesture" element of the '163 patent. (*Id.*)

279. Documents produced by Samsung show that Samsung referred repeatedly to Apple products in developing and improving the double-tap zooming features of the '163 patent in its products. Samsung tested some of the Samsung Accused Products using Apple products embodying the '163 patent as benchmarks, creating charts measuring the smoothness, response time, and feel of the '163 patent's double-tap zooming features. (SAMNDCA00229399; SAMNDCA00229410; SAMNDCA00229449; SAMNDCA00525359; S-ITC-003524055; S-ITC-003680299.)

280. Samsung also developed patches to attempt to improve functionality covered by the '163 patent in its products to meet the superior performance of Apple's '163-embodying products. An email from Sangheon Kim to Jaegwan Shin shows that even after one patch was applied to Samsung's P7500 prototype, there was a "Double Tap problem…Initial response time is slow….zoom animation is not smooth like in the iPad2, and it feels slow and wobbles slightly from left/right." (SAMNDCA00201783.)

F. **A Non-Infringing Alternative Design for Navigating Structured Electronic Documents**

281. Samsung could have chosen other methods to implement the ability to navigate around structured electronic documents using touch gestures, but they would not have been as elegant or intuitive. One of the Samsung documents already discussed above—the "Relative Evaluation Report" at SAMNDCA00203880—highlights one possible alternative to using the

features of the '163 patent, although this alternative is, in my opinion, less appealing to users. The Browser on a smartphone or tablet computer could be programmed to use gestures to zoom in and out on portions of a structured web page without the additional ability, once zoomed in, to use a "second gesture" (in the language of the '163 patent) to translate to a different box of content. This appears, from Samsung's own Relative Evaluation Report (SAMNDCA00203880 at SAMNDCA00203937), to be precisely how a Galaxy S prototype functioned before it imitated '163 functionality from an Apple iPhone: the prototype allowed zooming in an zooming out, but translation to a second box of content via a second gesture in the zoomed in state was not possible. Samsung itself assessed this alternative functionality as inferior—it proposed an "[i]mprovement" to "supplement the double tapping enlargement/shrinkage feature" to include all of the '163 patent's features. (*Id.*) I agree that the '163 functionality is superior.

## VI.   DETAILED OPINION REGARDING THE '915 PATENT

### A.   Summary of the '915 Patent

282.   The '915 patent is entitled "Application Programming Interfaces for Scrolling Operations." The application that resulted in the '915 Patent was filed on January 7, 2007.

283.   The '915 patent is generally directed to methods and apparatus for responding to user inputs on a touch-sensitive display integrated with a device. The asserted claims of the '915 patent recite methods and apparatus that distinguish between a single-input point that is interpreted as a "scroll operation" and two or more input points that are interpreted as a "gesture operation."

284.   The Background of the Disclosure section of the specification explains that various devices such as electronic devices, computing systems, portable devices, and handheld devices have software applications and application programming interfaces or "APIs" that interface between the software applications and user interface software to provide a user of the device with certain features and operations. ['915 patent, col. 1:7-8, 33-37.]

285.   The specification further explains that various types of electronic devices, such as portable devices and handheld devices, have a limited display size, user interface, software, API interface and/or processing capability which limit the ease of use of the devices. User interfaces

comparisons are in the form of charts measuring smoothness, response time, and feel of these features. (SAMNDCA00229419; SAMNDCA00229399; SAMNDCA00201351; SAMNDCA00201642; SAMNDCA00229449; SAMNDCA00525362; SAMNDCA00525359; S-ITC-003680292 at -299; S-ITC-003409246 at -253; S-ITC-003524055.)

455.  Samsung developed patches to improve zoom and scroll functionality in comparison to Apple. After one such U1 browser scrolling patch was applied to a Samsung product, Ioi Lam wrote Jaegwan Shin saying, "initial response for scroll looks good. However, they feel like zoom-in is a little bit heavy compared to iPhone after applying the patch." (SAMNCA00229440.)

### F. The '915 Patent Could Not Be Designed Around Without Rendering the Accused Products Much Less Useable

456.  I have been asked to consider whether the Accused Products could be re-designed so that they do not infringe the '915 patent. In my opinion, any such re-design would make the Accused Products much less useable, render them inconvenient for users, and deprive them of intuitive functionality that smartphone and tablet users have come to expect.

457.  The '915 patent provides functionality that is central to all of the Accused Products: the ability to distinguish automatically between a one-finger scroll call and a two-finger gesture such as a zoom or rotate gesture. This functionality is highly intuitive; indeed, many users who experiment with devices equipped with this functionality immediately understand how to use them without any explanation. Scrolling, zooming and rotating are among the most common actions users take with the Accused Products, and are used in multiple applications.

458.  Potential alternative designs that do not practice the '915 patent would be far less useful. A smartphone that required users to press a key in order to zoom or un-zoom, for example, would be much less intuitive and would provide a much less satisfying user experience than devices that practice the '915 patent.

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

122