1   [COUNSEL LISTED ON SIGNATURE PAGE]

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                                SAN JOSE DIVISION

11

12   APPLE INC., a California corporation,        Case No. 11-cv-01846-LHK (PSG)

13              Plaintiff,                        **PROPOSED JURY INSTRUCTIONS
                                                  WITH OBJECTIONS**
14        v.

15   SAMSUNG ELECTRONICS CO., LTD., a Korean
16   corporation; SAMSUNG ELECTRONICS
     AMERICA, INC., a New York corporation; and
17   SAMSUNG TELECOMMUNICATIONS
     AMERICA, LLC, a Delaware limited liability
18   company,

19              Defendants.

20

21

22

23

24

25

26

27

28

1

**Proposed Amended Instructions Regarding the Court's Rule 50 Motion**

2

The parties provide the following additional proposed amended final jury instructions to

3

account for the Court's Order Granting in Part and Denying in Part Samsung's Motions for

4

Judgment as a Matter of Law at the Close of Apple's Case in Chief (Dkt. 2755).

5

Attached as Exhibit A are the parties' proposed revised final jury instructions, redlined

6

against the parties' original submission on October 11, 2013 (Dkt. 2513).  The changes are to

7

proposed final instructions 22, 24, 31, 33, 34, and 36.

8

**Additional Proposed Instruction Regarding Availability of Non-Infringing Alternatives**

9

In addition, Samsung proposes an additional instruction regarding the availability of

10

noninfringing alternatives in light of Julie Davis's testimony subsequent to the Court's prior

11

deadline for submitting additional proposed instructions regarding Dkt. 2657.  Apple disagrees

12

that such instruction is needed but proposes its own version of the instruction.  The parties'

13

respective proposed instructions and position statements in support of same are attached as Exhibit

14

B.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED JURY INSTRUCTIONS
Case No. 11-cv-01846-LHK (PSG)                                                                                  1

Dated:  November 17, 2013

MORRISON & FOERSTER LLP
HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100


By:     /s/ Harold J. McElhinny
        Harold J. McElhinny

    Attorneys for Plaintiff APPLE INC.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100


By:     /s/ Victoria F. Maroulis
        Victoria F. Maroulis

    Attorneys for Defendants
    SAMSUNG ELECTRONICS CO., LTD.,
    SAMSUNG ELECTRONICS
    AMERICA, INC. and SAMSUNG
    TELECOMMUNICATIONS
    AMERICA, LLC

PROPOSED JURY INSTRUCTIONS
Case No. 11-cv-01846-LHK (PSG)

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

EXHIBIT B:  PROPOSED FINAL JURY INSTRUCTIONS
Case No. 11-cv-01846-LHK (PSG)

ActiveUS 117911950v.2

## PROPOSED FINAL JURY INSTRUCTION NO. 22 (APPLE)

## UTILITY PATENT DAMAGES — LOST PROFITS — GENERALLY

In this case, Apple seeks to recover lost profits <u>under the '915 patent</u> for some of Samsung's sales of infringing products, and a reasonable royalty on the rest of Samsung's infringing sales.

To recover lost profits for infringing sales, Apple must show that but for the infringement, there is a reasonable probability that it would have made sales that Samsung made of the infringing products.  Apple must show the share of Samsung's sales that it would have made if the infringing products had not been on the market.

**Source:**

Adapted from Final Jury Instruction No. 36 (Dkt. No. 1903 at 50); *Versata Software, Inc. v. SAP Am., Inc.*, ___ F.3d ___, 2013 U.S. App. LEXIS 8838, at *25 (Fed. Cir. May 1, 2013); *Nuance v. ABBYY*, No. 3:08-cv-02912-JSW, Dkt. No. 895 at 26, Dkt. No. 921 at 2016 (N.D. Cal. Aug. 22, 2013) (Whyte, J.).

**<u>Samsung's Objections</u>**

Apple's proposed instruction deletes the last paragraph from the Court's original Final Jury Instruction No. 36 (Dkt. No. 1903 at 50).  The Court's prior instruction (and Samsung's proposed instruction here) requires the jury to "determine which profits derive from the patented invention . . . and not from other [unpatented] features of these infringing products." The  language Apple deletes appears in the Model Patent Jury Instructions for the Northern District of California (Model Instruction 5.2) and is firmly grounded in both Supreme Court and Federal Circuit precedent. *See, e.g.*, *Garretson v. Clark*, 111 U.S. 120, 121 (1884) (patentees "must in every case give evidence tending to separate or apportion . . . the patentee's damages between the patented feature and the unpatented features"); *Ferguson Beauregard v. Mega Sys.*, LLC, 350 F.3d 1327, 1346 (Fed. Cir. 2003) ("The district court therefore failed to distinguish the allocation of profits

that would have been made 'but for' the infringement of the '376 patent with the profits that could fairly be allocated to" other features not covered by the patent).  Apple's attempt to depart from the original final Jury Instruction and the Model Patent Jury Instruction mischaracterizes the Federal Circuit's decision in *Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314 (Fed. Cir. 2009) and Apple's reasoning similarly conflates the first and second *Panduit* factors.  It is the second *Panduit* factor that requires a showing of consumer demand for the patented features (*see DePuy Spine*, 567 F.3d at 1330-31), and the final paragraph of Final Jury Instruction No. 36 accurately represents the four-factor *Panduit* lost profits analysis.  *DePuy Spine* and *Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255 (Fed. Cir. 2013) (using similar language and expressly citing to *DePuy Spine*, but with no suggestion that lost profits on a software patent could include recoveries on revenues from hardware, which Apple seeks here) are no basis for reconsidering arguments the Court has rejected on multiple occasions. Moreover, Apple points to jury instructions given Judge White in *Nuance v. ABBYY*, but fails to cite anything that would indicate Judge White's reasoning in departing from the model instruction. This instruction should not be modified as Apple urges, and should include, as does Samsung's proposed instruction, the allocation language from the Court's original Final Jury Instruction No. 36 and the Model Patent Jury Instructions.

1   **PROPOSED FINAL JURY INSTRUCTION NO. 22 (SAMSUNG)**

2   **UTILITY PATENT DAMAGES — LOST PROFITS — GENERALLY**

3   In this case, Apple seeks to recover lost profits for some of Samsung's sales of infringing

4   products, and a reasonable royalty on the rest of Samsung's infringing sales.

5   Apple may seek lost profits only for the '915 patent.

6   To recover lost profits for infringing sales, Apple must show that but for the infringement,

7   there is a reasonable probability that it would have made sales that Samsung made of the infringing

8   products.  Apple must show the share of Samsung's sales that it would have made if the infringing

9   products had not been on the market.

10   You must allocate the lost profits based upon the customer demand for the patented feature

11   of the infringing products.  That is, you must determine which profits derive from the patented

12   invention that Samsung sells, and not from other features of the infringing products.

13

14   **Source:**

15   Adapted from Final Jury Instruction No. 36 (Dkt. No. 1903 at 50); Dkt. No. 2755 (granting

16   Samsung's Rule 50 motion with respect to Apple's claim for lost profits for the '381, '163, D'305

17   and D'677 patents as to products at issue in the retrial).

18

19   **Apple's Objections**

20   The Federal Circuit has recently made clear that lost profits should not be allocated based

21   upon the consumer demand for the patented features of the infringing products.  *See Versata*

22   *Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255, 1265 (Fed. Cir. 2013) (holding that the lost profits

23   analysis under *Panduit* does not "require any allocation of consumer demand among the various

24   limitations recited in a patent claim").  Although Samsung's proposed instruction, like the Court's

25   prior Final Jury Instruction No. 36, tracks the language from Northern District of California Model

26   Patent Jury Instruction No. B.5.2, the statement in the model instruction concerning the allocation

27   of lost profits cannot be reconciled with *Versata*.  Indeed, in other cases recently tried in this

28

1   district, the court has omitted the model instruction's statement on allocation to comport with the

2   Federal Circuit's recent guidance in *Versata*. *See Nuance v. ABBYY*, No. 3:08-cv-02912-JSW,

3   Dkt. No. 895 at 26 (N.D. Cal. Aug. 20, 2013) (White, J.); *id.*, Dkt. No. 921 at 2016.  The Court

4   should do the same here and reject Samsung's Proposed Instruction No. 22, which erroneously

5   states that lost profits should be allocated according to the consumer demand for the patented

6   features.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROPOSED FINAL JURY INSTRUCTION NO. 24 (APPLE)

2

## UTILITY PATENT DAMAGES—LOST PROFITS—FACTORS TO CONSIDER

3

Apple is entitled to lost profits if it proves all of the following:

4

1.    that there was demand for the patented products;

5

2.    that there were no non-infringing substitutes for each of the infringing products, or,

6

if there were, the number of the sales of each product made by Samsung that Apple

7

would have made despite the availability of other non-infringing substitutes.  An

8

alternative may be considered available as a potential substitute even if it was not

9

actually on sale during the infringement period.  Factors suggesting that the

10

alternative was available include whether the material, experience, and know-how

11

for the alleged substitute were readily available.  Factors suggesting that the

12

alternative was not available include whether the material was of such high cost as

13

to render the alternative unavailable and whether Samsung had to design or invent

14

around the patented technology to develop an alleged substitute;

15

3.    that Apple had the manufacturing and marketing capacity to make any infringing

16

sales actually made by Samsung and for which Apple seeks an award of lost profits;

17

and

18

4.    the amount of profit that Apple would have made if Samsung had not infringed.

19

20

**Source:**

21

Adapted from Final Jury Instruction No. 37 (Dkt. No. 1903 at 51).

22

23

**<u>Samsung's Objections</u>**

24

Samsung objects to Ms. Davis's use of new design periods in her lost profits opinion as

25

contrary to the this Court's evidentiary rulings and as contrary to Federal Circuit law.  (*See*

26

Samsung's Motion to Strike, Dkt. No. 2386 at 1-4.)  Apple contends, incorrectly,  that the

27

hypothetical start date of design around periods is question of fact. (*See* Apple's Opposition to

28

Motion to Strike , Dkt No. 2407-03 at 2-3.)  Even if the Court allows Ms. Davis to present to the jury the question of when Samsung would have hypothetically started to design around, it is indisputable that the relevant time period for determining availability of a non-infringing substitute is the entire period during which Samsung is presumed to have infringed Apple's patents.  *See Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1349-51 (Fed. Cir. 1999).  The Court should instruct the jury to consider the availability of a non-infringing substitute during the presumed time of infringement.  The only difference between the parties' competing versions of this instruction is that Samsung includes this language while Apple does not.  Accordingly, the Court should adopt Samsung's proposed instruction.

1

**PROPOSED FINAL JURY INSTRUCTION NO. 24 (SAMSUNG)**

2

**UTILITY PATENT DAMAGES—LOST PROFITS—FACTORS TO CONSIDER**

3

Apple is entitled to lost profits for the '915 patent if it proves all of the following:

4

    1.     that there was demand for the patented products;

5

    2.     that there were no non-infringing substitutes for each of the infringing products, or,

6

if there were, the number of the sales of each product made by Samsung that Apple

7

would have made despite the availability of other non-infringing substitutes.  The

8

time period relevant to determining availability of a non-infringing substitute is the

9

entire period during which Samsung is presumed to have infringed Apple's

10

patents.  An alternative may be considered available as a potential substitute even if

11

it was not actually on sale during the infringement period.  Factors suggesting that

12

the alternative was available include whether the material, experience, and

13

know-how for the alleged substitute were readily available.  Factors suggesting that

14

the alternative was not available include whether the material was of such high cost

15

as to render the alternative unavailable and whether Samsung had to design or

16

invent around the patented technology to develop an alleged substitute;

17

    3.     that Apple had the manufacturing and marketing capacity to make any infringing

18

sales actually made by Samsung and for which Apple seeks an award of lost profits;

19

and

20

    4.     the amount of profit that Apple would have made if Samsung had not infringed

21

**Source:**

22

Adapted from Final Jury Instruction No. 37 (Dkt. No. 1903 at 51); Dkt. No. 2755 (granting

23

Samsung's Rule 50 motion with respect to Apple's claim for lost profits for the '381, '163, D'305 and D'677 patents as to products at issue in the retrial);  *Grain Processing Corp. v. Am.*

24

*Maize-Prods. Co.*, 185 F.3d 1341, 1349-51 (Fed. Cir. 1999).

25

**Apple's Objections**

26

        Apple objects to the inclusion of the highlighted sentence, which was not included in the

27

Court's final jury instructions and is not included in the Northern District of California model jury

28

instruction.  The Federal Circuit has held that "[t]he critical time period for determining

availability of an alternative is *the period of infringement for which the patent owner claims damages*, i.e., the 'accounting period.'" *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1353 (Fed. Cir. 1999) (emphasis added).  Despite this clear holding, Samsung asks the Court to insert the following sentence into the Ninth Circuit model jury instruction that is in direct conflict with this law:  "The time period relevant to determining availability of a non-infringing substitute is *the entire period during which Samsung is presumed to have infringed* Apple's patents."  Samsung's proposed insertion is also vague and confusing for failing to define when Samsung is "presumed to have infringed."  The Court should reject Samsung's Proposed Final Jury Instruction No. 24, and should use instead the Northern District of California model jury instruction delivered at the first trial.  Doing so will avoid the risk of inconsistent verdicts and facilitate appellate review of the juries' verdict.

1

2

## PROPOSED FINAL JURY INSTRUCTION NO. 31 (APPLE)

## DESIGN PATENT DAMAGES—BURDEN OF PROOF

3

4   I will instruct you about the measure of damages for infringement of Apple's design patents.

5

6   You must determine the amount of damages to award to Apple for Samsung's infringement.  The amount of those damages must be adequate to compensate Apple for the

7   infringement.  You should keep in mind that the damages you award are meant to compensate

8   Apple and not to punish Samsung.

9   In relation to design patents, Apple can elect to prove either actual damages, known as

10   compensatory damages, or it may elect to prove Samsung's profits as its measure of potential

11   recovery with respect to the sale of each unit of an infringing product.  As compensatory damages,

12   Apple may prove ~~either its own lost profits, or~~ a reasonable royalty for the design patent.  Apple is

13   not entitled to recover both compensatory damages and Samsung's profits on the same sale.

14   Apple has the burden to prove that Apple's calculation of damages is correct by a

15   preponderance of the evidence.  While Apple is not required to prove its damages with

16   mathematical precision, it must prove them with reasonable certainty.  Apple is not entitled to

17   damages that are remote or speculative.

18

19   **Source:**

20   Adapted from Final Jury Instruction No. 53 (Dkt. No. 1903 at 71).

21   <u>**Samsung's Objections**</u>

22   As with Apple's Proposed Final Jury Instruction No. 22, this proposed instruction deviates

23   from the Court's prior instruction in a way that alters the Court's language to make it more

24   favorable to Apple.  Where the Court previously used the neutral phrase "patent holder" in the last

25   sentence of paragraph 2 to make clear that it was giving an instruction about patent damages

26   generally, Apple has substituted its own name instead.  The Court's prior version matches ND Cal

27   Model Instruction 5.1, which does not contemplate inserting the parties' names into that sentence,

28

as it does in other places.  Apple also omits the Court's useful prior statement in paragraph 1, also taken from Model Instruction 5.1, that in instructing the jury about damages, it is not taking a position on any issue.

Samsung's alternative proposed instruction is preferable in several ways.  It makes clear that the jury is not simply deciding an amount of damages, but also must decide the type of damages to award.  Second, Samsung's instruction retains the Court's prior admonition that although it is instructing the jury on damages, it takes no position on how the jury should decide any issue.  Third, it maintains the neutral language at the end of paragraph 2 used before by the Court to describe the important general principle that patent damages are not meant to punish, but only to compensate.

## PROPOSED FINAL JURY INSTRUCTION NO. 31 (SAMSUNG)

## DESIGN PATENT DAMAGES—BURDEN OF PROOF

I will instruct you about the measure of damages for infringement of Apple's design patents.  By instructing you on damages, I am not suggesting the type or amount of damages you should award.  You must determine the type and amount of money damages to be awarded to the patent holder.

The amount of those damages must be adequate to compensate Apple for the infringement.  You should keep in mind that the damages you award are meant to compensate the patent holder and not to punish an infringer.

In relation to design patents, Apple can elect to prove either a reasonable royalty~~actual damages, known as compensatory damages~~, or it may elect to prove the defendant's profits as its measure of potential recovery with respect to the sale of each unit of an infringing product.  ~~As compensatory damages, Apple may prove either its own lost profits, or a reasonable royalty for the design patent~~Apple is not entitled to seek its own lost profits for infringement of its design patents.  Apple is not entitled to recover both ~~compensatory~~ reasonable royalty damages and defendant's profits on the same sale.

Apple has the burden to prove that Apple's calculation of damages is correct by a preponderance of the evidence.  While Apple is not required to prove its damages with mathematical precision, it must prove them with reasonable certainty.  Apple is not entitled to damages that are remote or speculative.

**Source:**

Adapted from Final Jury Instruction No. 53 (Dkt. No. 1903 at 71); Dkt. No. 2755 (granting Samsung's Rule 50 motion with respect to Apple's claim for lost profits for the '381, '163, D'305 and D'677 patents as to products at issue in the retrial).

**Apple's Objections**

Apple objects to the inclusion of the sentence "By instructing you on damages, I am not suggesting the type or amount of damages you should award" in Samsung's Proposed Final Instruction No. 31.  At the first trial, it was appropriate to qualify this damages instruction by stating that it was not meant to suggest which party should prevail on the merits because the issue of liability was an open question.  Now that liability has been decided, however, there is no need to qualify the instruction.  Unlike at the first trial, the damages instructions in this trial *are* intended to suggest that the jury should award damages.

Apple further objects to Samsung's Proposed Final Instruction No. 31 to the extent that it mentions the "type" of damages.  It is misleading and legally incorrect to suggest that Apple has the burden to prove the type of damages as a threshold to receiving damages.  Indeed, Apple is statutorily entitled to not less than a reasonable royalty under 35 U.S.C. § 284 without meeting any separate burden to prove the type of damages.  Moreover, the jury at the first trial was not instructed that Apple had any burden to prove the type of damages.  (*See* Dkt. No. 1903 at 71 (Final J.I. 53).)  Nor did the verdict form require the jury to disclose the type of damages it was awarding. (*See* Dkt. No. 1931 at 15-16.)  Samsung's additional proposed language concerning the type of damages would instruct this jury differently than the jury at the first trial, which creates the risk of inconsistent results and complicates appellate review of the juries' verdicts.

Likewise, Apple objects to Samsung's Proposed Final Instruction No. 31 because it does not state that the jury "must" determine the amount of money damages to award Apple.  Apple is undeniably entitled to receive damages now that Samsung is an adjudicated infringer.  *See* 35 U.S.C. § 284 ("Upon finding for the claimant the court *shall* award the claimant damages adequate to compensate for the infringement …." (emphasis added)).  Consistent with that statutory mandate, the Court instructed the jury at the first trial that it "must" award damages upon a finding of infringement of a valid patent.  (*See* Dkt. No. 1903 at 71 (Final J.I. 53).)  To avoid the risk of inconsistent verdicts and to facilitate appellate review of the juries' verdicts, the Court should give the same instruction here.

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 33

### DESIGN PATENT DAMAGES—LOST PROFITS

Apple may alternatively recover compensatory damages in the form of lost profits.  As previously explained, Apple may not recover both Samsung's profits and compensatory damages on each sale of an infringing product.  In assessing Apple's right to recover lost profits for Samsung's infringement of its design patents, you should apply the same rules I already explained in the context of lost profits for infringement of Apple's utility patents.  Those Instructions are set out in Jury Instruction Nos. 22-26.

Wherever in those Instructions I referred to Apple's utility patents, you should now focus on Apple's design patents.  Wherever in those Instructions I referred to the patented invention, you should now focus on the patented design.  Wherever in those Instructions I referred to patented products or products covered by a patent claim, you should now focus on products or articles that use or embody the patented design.

Source:

Adapted from Final Jury Instruction No. 55 (Dkt. No. 1903 at 73).

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 34**

**DESIGN PATENT DAMAGES—REASONABLE ROYALTY**

If Apple has not proved its claim ~~for lost profits or has not proved its claim~~ to Samsung's profits, then Apple should be awarded a reasonable royalty for all infringing sales by Samsung.  In no event should the damages you award Apple for design patent infringement be less than a reasonable royalty.

The definition of a reasonable royalty for design patent infringement is the same as the definition I explained to you in Jury Instruction No. 29 for utility patent infringement.  However, wherever in that Instruction I referred to the patented invention or a utility patent, you should now focus on the design patents or patented designs.

**Source:**

Adapted from Final Jury Instruction No. 56 (Dkt. No. 1903 at 74).

~~JOINT~~ PROPOSED FINAL JURY INSTRUCTION NO. 36 (APPLE)

### MONETARY REMEDIES—ONLY ONE RECOVERY PER ACCUSED SALE

You should award any remedy to which Apple has proven it is entitled with respect to each sale of an infringing smart phone or tablet, except that you should not award Apple twice for the same sale of any infringing smartphone or tablet.  This means that if you award infringer's profits under design patent infringement for the sale of a certain number of infringing smartphones, you may not also award reasonable royalties or lost profits for those same sales.  If you award reasonable royalties or lost profits for the sale of a certain number of infringing smartphones or tablets, you may not award infringer's profits as to those smartphones or tablets.

You do not have to use the same theory to calculate damages for every sale, however.  For example, an award may be split between lost profits for some sales and a reasonable royalty for the remainder of sales of a product that infringes a patent.

For any sale where you measure damages by a reasonable royalty or lost profits, you may include royalty amounts or lost profits for each patent infringed by the sale.

If a sale is awarded one form of monetary recovery, that same sale cannot be awarded another form of monetary recovery.


**Source:**

Adapted from Final Jury Instruction No. 74 (Dkt. No. 1903 at 96).

1   ~~JOINT~~ PROPOSED FINAL JURY INSTRUCTION NO. 36 (SAMSUNG)

2   MONETARY REMEDIES—ONLY ONE RECOVERY PER ACCUSED SALE

3       You should award any remedy to which Apple has proven it is entitled with respect to each

4   sale of an infringing smart phone or tablet, except that you should not award Apple twice for the

5   same sale of any infringing smartphone or tablet.  This means that if you award infringer's profits

6   under design patent infringement for the sale of a certain number of infringing smartphones, you

7   may not also award lost profits for the '915 patent or reasonable royalties ~~or lost profits~~ for those

8   same sales.  If you award lost profits for the '915 patent or reasonable royalties ~~or lost profits~~ for

9   the sale of a certain number of infringing smartphones or tablets, you may not award infringer's

10  profits as to those smartphones or tablets.

11      You do not have to use the same theory to calculate damages for every sale, however.  For

12  example, an award may be split between lost profits for some sales and a reasonable royalty for the

13  remainder of sales of a product that infringes ~~a~~the '915 patent.

14      For any sale where you measure damages by a reasonable royalty ~~or lost profits~~, you may

15  include royalty amounts ~~or lost profits~~ for each patent infringed by the sale.

16      If a sale is awarded one form of monetary recovery, that same sale cannot be awarded

17  another form of monetary recovery.

18

19  **Source:**

20  Adapted from Final Jury Instruction No. 74 (Dkt. No. 1903 at 96); Dkt. No. 2755 (granting

21  Samsung's Rule 50 motion with respect to Apple's claim for lost profits for the '381, '163, D'305

22  and D'677 patents as to products at issue in the retrial).

23

24

25

26

27

28

# EXHIBIT B

**PROPOSED FINAL JURY INSTRUCTION NO. 24A (SAMSUNG)**

**UTILITY PATENT DAMAGES—LOST PROFITS
—THE AVAILABILITY OF NON-INFRINGING ALTERNATIVES**

Where a Samsung product infringed some but not all of Apple's patents, the non-infringing features of the product may still provide evidence that Samsung could have offered a fully non-infringing product that would have been an available non-infringing substitute.

**Source:**

Order Re: Noninfringing Alternatives Based on 2012 Jury's Noninfringement Verdict, Dkt. 2657 at 9:21-26 ("Because an acceptable noninfringing substitute need not be a product that was actually on the market at the time of infringement, the fact that the Samsung products infringed some of Apple's patents does not preclude Samsung from arguing that the noninfringing aspects of these products provide evidence that Samsung *could* have offered a fully noninfringing products that would have been an acceptable noninfringing substitute.") (Emphasis in original).

**Statement in Support:**  As the Court knows, on October 17, 2013, after the deadline for submitting proposed jury instructions had passed, "Apple raised a new legal argument" regarding the availability of noninfringing alternatives "based on *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538 (Fed. Cir. 1995) (en banc)."  Order Re: Noninfringing Alternatives Based on 2012 Jury's Noninfringement Verdict, Dkt. 2657 at 2:8-9.  Apple asserted for the first time that "Samsung may not argue that the 2012 jury's noninfringement verdict provides evidence that there were noninfringing alternatives available to Samsung during the infringement period because even though the 2012 jury found that these products did not infringe some of Apple's patents, the 2012 jury also found that these same Samsung products *did* infringe other Apple patents."  *Id.* at 7:14-18 (emphasis in original).  The Court rejected Apple's argument, holding:

> Because an acceptable noninfringing substitute need not be a product that was actually on the market at the time of infringement, the fact that the Samsung products infringed some of Apple's patents does not preclude Samsung from arguing that the noninfringing aspects of these products provide evidence that

Samsung *could* have offered a fully noninfringing products that would have been an acceptable noninfringing substitute.

*Id.* at 9:21-26 (emphasis in original).

The Court invited the parties to meet and confer regarding any potential limiting or final jury instructions based on its order, and to jointly submit competing proposals should the parties be unable to reach agreement. *Id.* at 15:1-4. The parties could not agree. Instead, Apple filed proposed limiting and final jury instructions stating that, in determining whether a product is a noninfringing alternative, the jury must consider "whether the product was found to infringe other Apple patents." Dkts. 2707-1 at 2 (Apple's Proposed Limiting Instruction), 2707-2 at 2 (Apple's Proposed Final Jury Instruction No. 24A). The Court denied Apple's proposed limiting instruction on the grounds it was incorrect as a matter of law. 11/13/13 Trial Tr. at 416:17-20 ("I think as a matter of law that's not correct and I disagree with how Apple is arguing the *Rite-Hite* decision.").

Nonetheless, during her trial testimony elicited *after* the Court's order denying Apple's proposed instructions, Ms. Davis suggested that the Samsung products found to infringe some of Apple's patents are not evidence of available non-infringing substitutes for patents they were found *not* to infringe. For example, Ms. Davis testified as follows: "Q. And 12 of them [*i.e.*, Samsung phones at issue in this trial] aren't accused of, of infringing Apple's design patent for the shape or the face; right? A. I agree. Q. So you would have all of those alternatives? A. Well, not exactly, because if what you're talking about is putting more of those phones into the marketplace, you can't do that if they're infringing other patents. . . . Q. They could use this case [of the Galaxy Ace] and put an Infuse 4G in it; right? A. They can rebrand the Ace as a 4 – I'm sorry -- as an Infuse 4G, but then they wouldn't be able to sell it because it now infringes those other patents." 11/14/13 Trial Tr. at 772:14-17, 773:8-12. Ms. Davis therefore offered an opinion to the jury that is contrary to a ruling of this Court and that was not disclosed in her expert report (*see* Dkt. 2386-2 (8/23/13 Davis Rpt.)). In these circumstances, Samsung respectfully requests that this Court issue a remedial final jury instruction informing that jury that a product found to infringe certain patents may still serve as an acceptable non-infringing substitute for patents the product does *not* infringe.

1    Moreover, at the October 17, 2013 Pretrial Conference, the Court recognized that the issue

2    of whether the jury's non-infringement verdicts constitute evidence of available non-infringing

3    alternatives is "an important one and the law is complicated."  Oct. 17, 2013 Tr. at 32:22-23.

4    Given the importance of the issue, the complicated law on it, the testimony already in the record,

5    and Samsung's strong suspicion that Apple may attempt to further confuse the issue through their

6    technical experts (should they be permitted to call them over Samsung's objection) and in closing,

7    it is important that the jury be given clear guidance on the law.  Without such guidance, there is a

8    real risk of juror confusion:  "Can we consider products that infringe other Apple patents?"  "Can

9    Samsung use technology in phones found to infringe other Apple patents?"  Samsung's proposed

10   final jury instruction closely tracks the language used in the Court's Order and thus should be

11   uncontroversial.  It does not purport to impart any suggestion of the Court's view of the merits, but

12   merely to provide guidance on a complex issue of law that has become a central issue in the trial.

13   In contrast, Apple's Proposed Instruction No. 24A is an amalgam of untimely, improper

14   propositions propounded in a last-minute effort to obtain an instruction contrary to this Court's

15   orders and its own prior proposed instructions.  Because Apple's proposed instruction is not

16   offered to remedy trial testimony contrary to this Court's orders, it is untimely and waived.  *See*

17   Dkt. No. 2657 at 15:1-4.  Furthermore, only *one* sentence is relevant to the narrow issue of

18   potential alternatives found to infringe some but not all of Apple's patents, and even this sentence

19   is an effort to resurrect an argument that has already been rejected by this Court *twice* as  an

20   incorrect interpretation of *Rite-Hite*.  Dkt. 2657 at 9:21-26; 11/13/13 Trial Tr. at 416:17-20.

21   The remainder of Apple's statement is a belated effort to modify its prior proposed

22   instructions and erode this Court's prior orders:  (1) Apple substitutes "the relevant damages

23   period" for "the infringement period" contrary to this Court's order (Dkt. 2660 at 12); (2) Apple

24   did not timely disclose in its proposed jury instructions that an alternative product must provide

25   "all the advantages of the patented technology" (Dkt. 2513 at 33, 39), and this Court has already

26   held that a non-infringing alternative "need not have the patented feature to be deemed

27   'acceptable.'"  Dkt. No. 2657 at 4:26-5:1, 6:27-7:30 ("[I]f Apple fails to convince the jury that

28

consumers purchased its patented products because they desired the patented features. . . , then the jury could reasonably infer that Samsung's non-infringing products were acceptable substitutes even without further evidence that the non-infringing products contained the patented features"); (3) Apple's proposed instruction that "a product lacking the advantages of that [sic] patented is not a substitute 'acceptable' to the customer who wants those advantages" was not timely disclosed (Dkt. 2513 at 33, 39), and elides its burden to prove "particularized consumer demand for the patented features."  Dkt. 2657 at 5-6; (4) Apple should not be permitted to belatedly modify its prior proposed instructions regarding the burden of proof with instructions it regrets it did not timely propose.  *See* Dkt. 2513 at 33, 39; (5) Apple failed to timely disclose its instruction regarding "mere speculation or conclusory assertions."  Dkt. 2513 at 33, 39; and (6) Apple's proposed instruction improperly suggests that an alternative must be "on sale and available," contrary to law.  Dkt. No. 2657 at 5:23-25, 9:21-23.

## PROPOSED FINAL JURY INSTRUCTION NO. 24A (APPLE)

### UTILITY PATENT DAMAGES—LOST PROFITS
### —THE AVAILABILITY OF ACCEPTABLE NON-INFRINGING ALTERNATIVES

A product can be considered an acceptable non-infringing alternative if you find that it (i) was available to Samsung during the relevant damages period; and (ii) provided all the advantages of the patented technology.

Apple has the initial burden of proving that no known alternatives were on the market during the relevant damages period.  In determining whether an alternative product was on sale and available, you may consider whether the alternative product infringed any Apple patents.

An alternative may be considered available even if it was not actually on sale during the infringement period if Samsung proves that it could have incorporated the non-infringing features into its infringing products as a design-around.  Samsung can meet its burden of proving the existence of a design-around with evidence that it had the necessary equipment, know-how, and experience to implement those non-infringing alternatives.  Mere speculation or conclusory assertions will not suffice.

In addition, a product lacking the advantages of that patented is not a substitute "acceptable" to the customer who wants those advantages.

**Source:**

Dkt. No. 2657; *SynQor, Inc. v. Artesyn Technologies, Inc.*, 709 F.3d 1365, 1382 (Fed. Cir. 2013); *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1331 (Fed. Cir. 2009); *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1330 (Fed. Cir. 1999); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995) (en banc); *Conceptus, Inc. v. Hologic, Inc.*, 771 F. Supp. 2d 1164, 1179 (N.D. Cal. 2010).

**Apple's Statement in Support:**

Apple opposes Samsung's additional proposed instruction.

First, Samsung's proposed instruction is untimely.  The Court set a deadline of Monday, November 11, 2013 for submitting such additional instructions regarding non-infringing

alternatives (Dkt. 2657 at 15:1-4), and the parties did so at that time (Dkt. 2707).  Apple understands that the Court has already considered and denied the parties' requests.  Late this afternoon, Samsung informed Apple that it seeks to revisit the Court's ruling.  Samsung suggests that its late proposed instruction is justified because Ms. Davis allegedly provided a new theory at trial.  Ms. Davis did no such thing.  As it did with Dr. Hauser, Samsung elicited testimony regarding the lack of availability of non-infringing alternatives from Ms. Davis ***on cross-examination***.  (Trial Tr. at 772:7-25.)  Samsung cannot complain about testimony that it elicited on cross-examination.  Nonetheless, because Samsung has signaled its intention to submit yet another round of proposals on the issue of non-infringing alternatives, Apple has submitted a counter-proposal to preserve its rights.

Second, Samsung's proposed instruction is legally incorrect, incomplete, and misleading.  For example, while Samsung's proposal mentions Samsung products that infringe other patents, it omits that such ***products*** are not "available" non-infringing alternatives.  *See Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995) (en banc).  Instead, Samsung's proposal suggests that Samsung ***could have*** imported a non-infringing feature from a product that infringes different patents to create a non-infringing product.  This does not refer to a product that was actually sold by Samsung during the relevant period; it merely refers to a hypothetical design-around.  Samsung bears the burden of proving that such a hypothetical design-around would have been available as a non-infringing alternative, because "[w]hen an alleged alternative is not on the market during the accounting period, a trial court may reasonably infer that it was ***not*** available as a noninfringing substitute at that time."  *Grain Processing Corp. v. Am. Maize–Prods. Co.*, 185 F.3d 1341, 1353 (Fed. Cir. 1999) (emphasis added); *see also id.* at 1350; *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1331 (Fed. Cir. 2009).  "Mere speculation or conclusory assertions will not suffice to overcome the inference . . . .  [T]he trial court must proceed with caution in assessing proof of the availability of substitutes not actually sold during the period of infringement."  *Grain Processing*, 185 F.3d. at 1353.

1    Samsung's proposed instruction fails to incorporate any of the above legal principles and

2    incorrectly and misleadingly suggests that it need not come forward with any evidence whatsoever

3    that it, in fact, could have imported the alleged alternative features into its infringing phones.  This

4    is improper.  *See*, *e.g.*, *Conceptus, Inc. v. Hologic, Inc.*, 771 F. Supp. 2d 1164, 1178-1179 (N.D.

5    Cal. 2010) (granting summary judgment of no available non-infringing alternatives where the

6    accused infringer failed to submit any evidence, i.e., "research-and-development documentation,

7    deposition testimony, or sworn declarations that might demonstrate [its] capacity to 'implement'

8    noninfringing alternatives during the period of alleged infringement").

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document.  I hereby attest pursuant to Local Rule 5-1 that concurrence in the electronic filing of this document has been obtained from Harold J. McElhinny.


*/s/ Victoria F. Maroulis*