HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S ADMINISTRATIVE MOTION TO STRIKE SAMSUNG'S *EX PARTE* "BRIEF REGARDING ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT PROTECTION" AND ALL SUPPORTING DECLARATIONS** |

On November 15, 2013, Samsung filed a Notice (Docket No. 2757) that, in response to this Court's November 8, 2013 Order to Show Cause ("OSC") (Docket No. 2689), it had submitted on an *ex parte* basis a "Brief Regarding Attorney-Client Privilege and Work-Product Protection" together with an unspecified number of supporting declarations from unspecified individuals. Pursuant to Civil Local Rule 7-11, Apple brings this administrative motion to strike Samsung's submissions in their entirety because Samsung has no right or permission to communicate with the Court on an *ex parte* basis regarding the serious substantive issues presented by Apple's Motion to Compel Further Discovery and for Sanctions for Violations of Protective Order (Docket No. 2374).

The Court's November 8 OSC permitted Samsung "one further opportunity" to justify its "seemingly unwarranted claims" of privilege "by submitting a brief on the subject of 15 pages or less by no later than 4:00 p.m. on Friday, November 15." (OSC, at 4 n.6.) The Court did not authorize Samsung to submit its brief on an *ex parte* basis, and Samsung sought no such permission from Apple or Nokia, much less the Court.[1] Samsung's submission of its brief and supporting declarations is an improper *ex parte* communication with the Court, and is prohibited by the Local Rules, the Federal Rules of Civil Procedure, and the California Rules of Professional Conduct. It should be stricken and not considered.[2]

---

[1] Samsung's *ex parte* submission continues Samsung's pattern of not serving Apple (and Nokia) with copies of the papers submitted to the Court. Samsung never served Apple (or Nokia) with the unredacted version of the brief it filed with the Court on October 21, 2013, or all supporting declarations (Docket No. 2556).

[2] *See* N.D. Cal. Civil Local Rule 1-5(d) ("*Ex parte* means contact with the Court without the advance knowledge or contemporaneous participation of all other parties."); Fed. R. Civ. P. 5 (a)(1); California Rule of Professional Conduct 5-300 ("A member shall not directly or indirectly communicate with or argue to a judge or judicial officer upon the merits of a contested matter pending before such judge or judicial officer, except: (1) In open court; or (2) With the consent of all other counsel in such matter; or (3) In the presence of all other counsel in such matter; or (4) In writing with a copy thereof furnished to such other counsel; or (5) In ex parte matters."). *Cf. Bertuccio v. San Benito Cnty.*, 13-CV-01339-LHK, 2013 WL 2147421, at *3 (N.D. Cal. May 15, 2013) ("If not ordered by the assigned judge, *ex parte* motions are prohibited unless 'a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an *ex parte* basis.").

By failing to seek leave to communicate on an *ex parte* basis, Samsung did not even try to explain why such secret communications are necessary in these circumstances. Nor could Samsung have provided such justification: the parties have previously briefed privilege issues during the course of these proceedings, with each side seeing (and responding to) the other side's contentions. Samsung should have used the same transparency in its most recent submissions. Samsung would not have had to waive its (incorrect) privilege claims to do so: it could have presented arguments at a level of generality that would not reveal the details of the documents at issue, and directed the Court to particular documents for those details. Although such an approach would have deprived Apple and Nokia of the details in the documents, at least they would have had fair notice of the thrust of Samsung's arguments—and could have responded to these arguments. That back-and-forth process is, of course, a fundamental feature of our judicial system—and precisely why *ex parte* communications are prohibited in all but the rarest circumstances.

Accordingly, Apple respectfully requests that the Court strike Samsung's Brief Regarding Attorney-Client Privilege and Work-Product Protection and all supporting declarations. Given Samsung's failure to comply with the Court's OSC, and given that Samsung has never provided to Apple or Nokia any legally defensible privilege claim, the Court should order Samsung to produce all documents being withheld on the basis of privilege.

Dated: November 17, 2013   WILMER CUTLER PICKERING
   HALE AND DORR LLP

   By:   */s/ Mark D. Selwyn*
   Mark D. Selwyn

   Attorneys for Plaintiff
   APPLE INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on November 17, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

*/s/* Mark D. Selwyn
Mark D. Selwyn

APPLE'S ADMINISTRATIVE MOTION TO STRIKE
CASE NO. 11-CV-01846 LHK (PSG)

3