UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER ON OBJECTIONS TO EXHIBITS TO BE USED IN CONNECTION WITH REBUTTAL WITNESSES BALAKRISHNAN, SINGH, SCHILLER, JOSWIAK, AND DAVIS |

Samsung has filed objections to exhibits to be used in the direct examination of rebuttal witnesses Ravin Balakrishnan, Karan Singh, Phil Schiller, Greg Joswiak, and Julie Davis. ECF No. 2760. Apple has filed a response. ECF No. 2758. Apple has filed objections to exhibits to be used in the cross-examination of Balakrishnan, Singh, Schiller, Joswiak, and Davis. *Id.* Samsung has filed a response. ECF No. 2760. After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules on the parties' objections as follows:

  **A. Ravin Balakrishnan**

    **1. Samsung's Objections**

1

| EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| PX31 | Sustained in part, overruled in part. Samsung "objects to the use of PX 31, an exhibit consisting of over 1,000 pages of source code, being presented as rebuttal to Wagner's testimony regarding the '381 patent." ECF No. 2760 at 1. Samsung concedes that Wagner testified about non-infringing alternatives to the '381 patent. *Id.* Apple responds that PX 31, which was admitted at the 2012 trial, contains Samsung's source code pertaining to infringing features and that Samsung has repeatedly made the availability of non-infringing alternatives an issue at the retrial. ECF No. 2758 at 1.<br><br>On May 4, 2012, Magistrate Judge Paul Grewal precluded Samsung from offering any evidence of its design around efforts for the '381, '891, and '163 patents based on Samsung's failure to produce every version of source code for the accused products by December 31, 2011, the deadline previously set by the Court. ECF No. 1106. "[I]t would hardly be fair to allow Samsung to offer what little design-around code it may have produced for a handful of the accused products, or to allow Samsung to produce all kinds of non-source code evidence, after it withheld substantial source code that would have permitted Apple to challenge such evidence." *Id.* at 3. On August 2, 2012, this Court affirmed Judge Grewal's Order and precluded Samsung from offering source code for blue glow function as a design around for the '381 patent and evidence of design-arounds and non-infringing alternatives other than source code produced before December 31, 2011. ECF No. 1545 at 4-5, 10. However, the Court allowed Wagner to testify about hypothetical design arounds and the time to design around Apple's asserted patents during the 2012 trial. ECF No. 1842 at 32-35.<br><br>Samsung first raised the theory that if the 2012 jury found any Samsung accused products not to infringe any of Apple's asserted patents, then those non-infringing products would be non-infringing alternatives to Apple's asserted patents in one sentence in Wagner's 2012 trial testimony. ECF No. 1842 at 73 (Trial Transcript). This theory was not disclosed in any of Samsung's 2012 expert reports or depositions. Apple never objected to this new theory in Wagner's trial testimony. *Id*; ECF No. 2562 at 28:19 (counsel for Apple conceding at the 2013 Pretrial Conference that Apple did not object to this aspect of Wagner's testimony). Apple's response to this new theory during the 2012 trial was that all accused Samsung products infringed. This Court has found that the 2012 jury's non-infringement verdicts constitute probative evidence of non-infringing alternatives and has allowed Samsung to introduce for a limited number of products, pursuant to a Federal Rule of Evidence 403 analysis, the jury's non-infringement verdict or the fact that Apple did not accuse the product of infringement in the retrial. *See* ECF No. 2657 (Order regarding Noninfringing Alternatives Based on 2012 Jury's Noninfringement verdict). The Court has generally precluded Apple from referring to the 2012 jury's infringement verdicts as to other Samsung products.<br><br>In his expert report, Balakrishnan opined that the "hard stop," "blue glow," and similar design arounds would be "less desirable alternatives to the features of the '381 patent." Balakrishnan Rep. ¶ 263; *see id.* 261-65 (describing potential |

2

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS TO BE USED IN CONNECTION WITH REBUTTAL WITNESSES
BALAKRISHNAN, SINGH, SCHILLER, JOSWIAK, AND DAVIS

**United States District Court**
For the Northern District of California

| | |
|---|---|
| | design arounds). As to the feasibility of implementing a design around, Balakrishnan discussed only blue glow, stating that it took "possibly as long as six months from the filing of this lawsuit in April 2011 to prepare the blue glow design around." *Id.* at ¶ 263. In a prior declaration, Balakrishnan discussed potential alternatives to the '381 patent, but only in the context of rebutting Samsung's invalidity challenge. *See* ECF No. 278 ¶¶ 14-42. Balakrishnan's expert report and deposition occurred before the 2012 trial and thus did not address Wagner's 2012 trial theory. The Court did not allow supplementation of technical expert reports for the retrial, and Apple did not move for supplementation of the technical expert reports for the retrial on this basis. Instead, Apple moved to strike Wagner's retrial expert report's theory of non-infringing alternatives based on the 2012 non-infringement verdict. ECF No. 2381 at 6 (Apple's Motion to Strike). The Court denied Apple's motion because of Apple's failure to object during the 2012 trial and the probative value of this evidence. ECF No. 2657.<br><br>During the retrial Samsung has repeatedly argued the availability of non-infringing alternatives both in the form of Samsung products found not to infringe by the 2012 jury or not accused of infringement by Apple as well as prior art. Apple has not explained specifically how it intends to use PX 31. However, based on the record in this case and a Federal Rule of Evidence 403 analysis, the Court rules that Apple may use PX 31 for opinions previously disclosed in Balakrishnan's report, but may not use PX 31 for opinions not previously disclosed in Balakrishnan's report. Specifically, Balakrishnan may testify regarding where the infringing features are within Samsung's source code, but may not testify about design around times or design around feasibility. The Court has attempted to preclude relitigation of the 2012 jury's verdict and does not invite the parties to relitigate the issue of infringement here. However, the Court finds that the crux of this retrial is the availability of non-infringing alternatives, and the infringing features within Samsung's source code is probative of that issue. |
| DX655 | Overruled. DX655 is the Tablecloth source code. Apple represents that Balakrishnan will rely on DX655 in testifying about "the state of the art, ease of designing around, and scope of the patents," to rebut Wagner's testimony regarding noninfringing alternatives for the '381 patent. ECF No. 2758 at 1. Samsung concedes that Wagner testified about noninfringing alternatives to the '381 patent. ECF No. 2760 at 2. The Court agrees that this testimony regarding the prior art is relevant to rebutting Wagner's testimony regarding noninfringing alternatives. *See* ECF No. 2696 at 8 (ruling that prior art is relevant to damages because it is "relevant to determining the marginal benefit of the patented feature over what existed at the time of the invention.").<br><br>The Court cautions, however, that Balakrishnan may not rely on DX655 to opine about the "ease of designing around." Balakrishnan's expert report did not disclose any opinion regarding "ease of designing around," whether in relation to Tablecloth or anything else. *See* ECF No. 2760-4 at ¶¶ 261-65 (Balakrishnan's opinions on design arounds). |
| PDX41.1; | Overruled. PDX41.1 and PDX 41.2 demonstrate the LaunchTile prior art. Apple |

| | |
|---|---|
| PDX41.2 | represents that Balakrishnan will rely on these Slides to show the limited scope of LaunchTile—namely, that it experienced "frozen screen" and "desert fog" problems—relative to the '381 patent. *See* ECF No. 2758 at 1; *see also* ECF 2760-4 at ¶ 261 (opinion in Balakrishnan's expert report regarding the undesirability of frozen screen effects). The Court finds that this testimony is relevant to rebut Wagner's testimony on noninfringing alternatives and that Balakrishnan's opinions on this subject were previously disclosed. Again, however, the Court notes that Balakrishnan may not rely on these Slides to offer previously undisclosed opinions on "ease of designing around" or design around times. |

### 2. Apple's Objections

| EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| SDX8008.033 | Sustained. SDX8008.033 depicts a tilt behavior and is entitled "'381 Patent Noninfringing Alternative." Samsung has not disclosed the origin of this Slide, nor identified where this tilting behavior was previously disclosed as a noninfringing alternative for the '381 patent. |

### B. Karan Singh

#### 1. Samsung's Objections

| EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| PDX41.1; PDX41.2 | Overruled. PDX41.1 and PDX 41.2 demonstrate the LaunchTile prior art. The Court finds that testimony comparing the prior art to Apple's utility patents is relevant to rebutting Wagner's testimony regarding noninfringing alternatives. However, Singh, like Balakrishnan may not rely on these Slides to opine on ease of designing around or design around times, as these opinions were not previously disclosed in Singh's expert report. *See* ECF No. 2760-5 ¶¶ 281, 456-458 (design around opinions in Singh's expert report). |
| DX548 | Overruled. DX548 demonstrates the FractalZoom prior art running on the DiamondTouch device. The Court finds that testimony comparing the prior art to Apple's utility patents is relevant to rebutting Wagner's testimony regarding noninfringing alternatives. However, Singh, like Balakrishnan may not rely on DX548 to opine on ease of designing around or design around times, as these opinions were not previously disclosed in Singh's expert report. *See* ECF No. 2760-5 ¶¶ 281, 456-458 (design around opinions in Singh's expert report). |

#### 2. Apple's Objections

| EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| SDX8003.006 | Sustained, as explained immediately below. |

Samsung intends to use SDX8003.006 as a demonstrative to be used during the cross examination of Singh. *See* ECF No. 2760 at 4. This demonstrative shows a side-by-side comparison of the Fractal Zoom prior art to the Internet browser application of a Galaxy Tab and thus shows a potential non-infringing alternative to the '381 patent, namely, an Internet browser

4
Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS TO BE USED IN CONNECTION WITH REBUTTAL WITNESSES BALAKRISHNAN, SINGH, SCHILLER, JOSWIAK, AND DAVIS

1   with a "hard stop" feature instead of the "bounce back" feature claimed in the '381 patent.

2   Samsung does not identify whether the Galaxy Tab in the demonstrative is a Galaxy Tab 7.0 (JX

3   1036) or 10.1 (JX 1037).  However, both Galaxy Tabs were found to infringe the '381 patent.  ECF

4   No. 1931 at 2.

5      Samsung has raised this same issue so many times that almost daily the Court has excluded

6   Samsung's attempt to use the Internet browser application of a Galaxy Tab and other products that

7   infringe the '381 patent to demonstrate a potential non-infringing alternative to the '381 patent. *See*

8   ECF No. 2696 at 8:3-12; ECF No. 2723 at 1:26-2:1; ECF No. 2736 at 5:11-15; *see also* 11/13/2013

9   Trial Tr. at 314-15 ("[I]f this is a third motion for reconsideration, it's denied."). As this Court has

10  repeatedly stated, Apple accused other applications on Samsung's products of infringing the '381

11  patent, and the jury found that those products infringed the '381 patent.  Thus, Samsung's

12  demonstration of the Internet browser application would necessitate Apple's demonstration of the

13  other applications for twelve products that are the subject of the retrial to confirm to the jury that

14  those products infringed. Such demonstrations would effectively constitute relitigation of the 2012

15  jury's infringement verdict as well as confuse the issues, mislead the jury, and waste time.

16      The high risk of confusing the issues, misleading the jury and wasting time is especially

17  unwarranted because Apple did not accuse the Internet browser application of infringement in the

18  vast majority of products at issue in the retrial. As shown in the following table, of the phones at

19  issue in the retrial, Apple accused Samsung's Internet browser application only in the Exhibit 4G.

20  Apple accused two other applications on the Exhibit 4G of infringing the '381 patent as well. The

21  2012 jury found that the Exhibit 4G infringed the '381 patent, and it is not possible to discern

22  which application or applications the 2012 jury found infringing.  The Internet browser application

23  of the Galaxy Tab at issue in the retrial was never accused of infringement of the '381 patent.

| Infringing Products In Retrial | Applications Accused of Infringing the '381 Patent | | |
|---|---|---|---|
| | Photo Gallery | Contacts | Internet Browser |
| Captivate | X | X | |
| Continuum | X | X | |
| Droid Charge | X | X | |
| Epic 4G | X | X | |
| Exhibit 4G | X | X | X |

5

| | | | |
|---|---|---|---|
| Galaxy Prevail | X | | |
| Galaxy Tab (7.0) | X | | |
| Gem | | X | |
| Indulge | X | X | |
| Infuse 4G | X | X | |
| Nexus S 4G | X | | |
| Replenish | X | | |
| Transform | | | |

*See* 8/10/2012 Trial Tr. at 1741-56. Thus, Samsung's demonstrative showing the Internet browser application of a Galaxy Tab would require a response from Apple demonstrating infringement in the photo gallery application on 11 products at issue in the retrial, the contacts application on 8 products at issue in the retrial, and the Internet browser application on the Exhibit 4G.  Because Apple's '381 patent infringement case focused on the photo gallery and contacts applications, whether Samsung could have produced a non-infringing version of the Internet browser application of the Galaxy Tab 7.0, which application was never accused of infringing the '381, is of relatively minimal probative value and would require a significant amount of time relitigating the 2012 jury's infringement verdict.

   Moreover, as this Court has repeatedly stated, Samsung can show the non-infringing Internet browser application through two phones that do not infringe the '381 patent at all—the Intercept and the Transform—which would provide a much more straightforward explanation of the same basic point: that Samsung could have, and in fact did, use "hard stop" instead of "bounce back."  *See* ECF No. 2736 at 5.

   Furthermore, Samsung contends that it intends to use SDX8003.006 to show why the Fractal Zoom program is an acceptable alternative to the '915 patent, not the '381 patent. *See* ECF No. 2760 at 4. If that really is Samsung's intent, it should not have bootstrapped an already excluded demonstrative of the hard-stop feature for the '381 patent to its '915 demonstrative. As it stands, the jury will not be able to divorce the demonstration of the hard-stop non-infringing alternative (relevant to the '381 patent) from the infringing pinch-to-zoom functionality (relevant to the '915 patent). Thus, SDX8003.006 is excluded.

   SDX8003.006 is also improper because examining Singh on the '381 patent would be beyond the scope of his direct testimony. Singh is Apple's expert on the '915 and '163 patents;

6
Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS TO BE USED IN CONNECTION WITH REBUTTAL WITNESSES
BALAKRISHNAN, SINGH, SCHILLER, JOSWIAK, AND DAVIS

Balakrishnan is Apple's '381 expert. Samsung's presentation of SDX8003.006 to the wrong expert raises a substantial risk of unfair prejudice to Apple.

### C.  Phil Schiller

#### 1.  Samsung's Objections

| EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| PX 172 | Overruled. Samsung has raised the issue of whether Apple's iPad and Samsung's Galaxy Tab 7 compete. PX 172 is a news article entitled "Samsung's Anti-iPad 2 Policy: Clone the Heck out of it" which concludes that "[t]he biggest challenger to Apple yet is Korea's Samsung, whose Galaxy Tab 7-inch Android tablet was touted as the most successful rival to the original iPad . . . ." PX172 at page 1. Apple is entitled to rebut Samsung's arguments on competition generally between Apple and Samsung, as that is highly relevant to lost profits. The Court finds that the article is not substantially more prejudicial than probative under Rule 403 simply because it references the Galaxy Tab 10.1, which is not at issue in the retrial. |
| PX 7A | Overruled in part and sustained in part. This document is entitled "Infringing Products." It is a collection of pictures of Samsung products that were found to infringe at least one Apple intellectual property right in the 2012 trial. Samsung objects that it includes products and patents not at issue in the retrial, and thus would be misleading and confusing. ECF No. 2670 at 2. Samsung further claims that "any testimony from Mr. Schiller regarding whether certain products are 'infringing' would constitute highly prejudicial testimony, especially where he admitted today in Court that he did not know the last jury's findings." *Id.* Apple responds that Mr. Schiller has "knowledge of the smartphone market" and his testimony thus will not be "expert testimony." ECF No. 2758 at 3.<br><br>First, the Court finds that although Apple has not suggested that it intends to elicit testimony from Schiller about what products were found to be infringed and what products were not, Schiller is not a technical expert and has already testified that he does not know the 2012 jury verdict. Thus, Schiller may not testify on this topic. Further, because Schiller is not a technical expert and this exhibit will be used in connection with his testimony, Apple must strike the title on Slide One ("Infringing Products") and must also strike any reference in PX7A that states "views corresponding" to a given patent. Apple must also strike any reference in the slides to patents not at issue in the retrial. This is because allowing such references would be substantially more prejudicial, misleading, confusing, and a waste of time than probative given that some of the patents not at issue, which are referenced in the slides, were actually found not to be infringed by any of the products at the 2012 trial. *See*, *e.g.*, PX 7A, page 38 (referencing D'889 which was not found to be infringed in the 2012 trial).<br><br>In addition, the Court finds that Apple may display to the jury only some of the phones depicted in PX7A. *First*, Apple may use any Slide in PX7A depicting a Samsung product at issue in the retrial—namely, Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Galaxy Prevail, Galaxy Tab, Gem, Indulge, Infuse 4G, Nexus S 4G, Replenish, and Transform. *Second*, Apple may use any Slide in PX7A depicting a phone not at issue in the retrial that this Court has nevertheless previously allowed to be introduced at the retrial regarding the availability of noninfringing alternatives—namely, Galaxy Ace and Galaxy Tab 10.1 (WiFi). *See* ECF Nos. 2696 at 9 (allowing Galaxy Ace for the purpose on noninfringing |

alternatives); 2764-1 at 4 (showing that Galaxy Ace was admitted at JX1030 and that Galaxy Tab 10.1 WiFi was admitted as JX1037). Because the jury has already heard ample evidence concerning both these categories of products, allowing Apple to show these products in PX7A does not risk confusing or misleading the jury.

*Third*, Apple may use Slides in PX7A that depict the Galaxy S II (AT&T) and Galaxy S II (T-Mobile). The Court finds that these two products are highly probative because each was first sold *after* the date by which Samsung had received notice of infringement for all five of the patents at issue in the retrial. Specifically, while Samsung was on notice of infringement as to all five patents at issue in the retrial by June 16, 2011, the Galaxy S II (AT&T) was first sold in the Third Quarter of 2011 and the Galaxy S II (T-Mobile) was first sold in the Fourth Quarter of 2011. *See* JX1500 (joint exhibit from 2012 trial showing sales data per quarter). That Samsung continued to introduce infringing phones even after it received notice of infringement is highly probative as rebuttal evidence for Samsung's claims that it already had or would have developed noninfringing alternatives to Apple's patents. Further, introducing these phones is not cumulative, because none of the products that have already been introduced at the retrial was first sold on a date later than the Second Quarter of 2011. *See id.* Under a Rule 403 analysis, the Court finds that any risks of confusion, waste of time, or unfair prejudice do not substantially outweigh the probative value of Galaxy S II (AT&T) and the Galaxy S II (T-Mobile).

*Fourth*, Apple may not use Slides in PX7A that depict phones not at issue in the retrial that were either first sold prior to the Third Quarter of 2011 (Fascinate, Galaxy S 4G, Galaxy S Showcase (i500), Mesmerize, and Vibrant) or for which no first sale dates are available (Galaxy S (i9000) and Galaxy S II (i9100)). Introducing additional phones first sold prior to the Third Quarter of 2011 would be unduly cumulative under Rule 403 given that Apple already has numerous examples of infringing phones first sold on these earlier dates. Likewise, introducing phones that have no first sale dates would be minimally probative and would likely confuse the jury. Furthermore, the Court has previously excluded the Vibrant from the retrial. *See* ECF Nos. 2657 at 13; 2696 at 9.

*Fifth*, Apple may not use Slides in PX7A that depict the Galaxy S II (Epic 4G Touch) and Galaxy S II (Skyrocket). Although these phones were first sold in the Third and Fourth Quarters of 2011, the Court finds that the probative value of the Galaxy S II (Epic 4G Touch) and Galaxy S II (Skyrocket) to rebutting Samsung's noninfringing alternatives arguments is nonetheless low, because each phone infringes only one of Apple's patents. *See* ECF No. 1931. Introducing these phones would also be unnecessarily cumulative in light of the Court's decision to allow Apple to use Slides depicting the Galaxy S II (AT&T) and the Galaxy S II (T-Mobile). Finally, introducing a host of new products not at issue in the retrial at this late stage also risks confusing the jury and wasting time. Accordingly, under Rule 403 the Court finds that the minimal probative value of the Slides depicting the Galaxy S II (Epic 4G Touch) and Galaxy S II (Skyrocket) is substantially outweighed by the risks of confusing the jury, wasting time, and presenting cumulative evidence. A chart summarizing the Court's ruling on PX7A is included as an exhibit to this order.

2. **Apple's Objections**

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
|   |   |

8

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS TO BE USED IN CONNECTION WITH REBUTTAL WITNESSES BALAKRISHNAN, SINGH, SCHILLER, JOSWIAK, AND DAVIS

| | |
|---|---|
| DX 518 | Overruled. DX518 is a video of the LaunchTile prior art. Samsung contends, and the Court agrees, that DX518 is relevant to "contradict any testimony [by Schiller] about the scope of Apple's inventions." *See* ECF No. 2760 at 5. In Apple's case in chief, Schiller testified about Apple inventing certain technology, and to the extent he does so again in his rebuttal testimony, Samsung may cross examine him on that topic. Although Apple objects that using a prior art exhibit to cross-examine Schiller, a non-technical expert, creates the risk that the jury will consider the prior art for the improper purpose of reassessing the validity of the '163 patent, *see* ECF No. 2758 at 5, Apple has not explained, and the Court does not see, why this would be the case. Moreover, this Court has previously allowed Samsung to present evidence of prior art for purposes of *Georgia-Pacific* factor 9 ("utility and advantages of patent property over old modes and devices") over Apple's objection that doing so would open the door to improper relitigation over invalidity. *See* ECF Nos. 2671 at 2 (objecting that introducing prior art evidence impermissibly relitigates invalidity); 2696 at 8 (overruling Apple's objection); *see also* ECF No. 2696 at 8 (ruling that prior art is relevant to damages because it is "relevant to determining the marginal benefit of the patented feature over what existed at the time of the invention."). |
| DX 2755 | Sustained. DX 2755 was not timely disclosed because it is not on Samsung's trial exhibit list. ECF No. 2486-5. |
| DX 2757 | Sustained. DX 2757 was not timely disclosed because it is not on Samsung's trial exhibit list. ECF No. 2486-5. |

### D. Greg Joswiak

#### 1. Samsung's Objections

| EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| PDX1 | Overruled. PDX1 was admitted into evidence on November 15, 2013 during the direct examination of Schiller. It is entitled "iPhone Media Coverage" and cites to a New York Times article published in January 2007 shortly after announcement of the iPhone called "Apple Waives Its Wand at the Phone." Samsung argues this demonstrative does "not relate to any testimony or evidence presented in Samsung's case in chief, and therefore does not 'rebut' anything." ECF No. 2760 at 3. The Court disagrees. Samsung has argued that Apple's patented features are trivial and has argued that Apple has not shown demand for the patented features. The New York Times article states that "the iPhone is gorgeous. Its face is shiny black, rimmed by mirror-finish stainless steel." PDX 1, page 1. This statement suggests demand for the D'677 patent and thus rebuts Samsung's arguments. Samsung's own briefing concedes that Samsung presented testimony from Mr. Joswiak "relating to the lack of evidence supporting Apple's lost profits claim." ECF No. 2760 at 2. Apple is entitled to introduce rebuttal testimony from Mr. Joswiak regarding demand for the patented features because it is evidence in support of Apple's claim for lost profits. |

#### 2. Apple's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX 715 | Overruled. DX715 is a presentation titled "Mini-Teardown: Samsung Galaxy S (T-Mobile Vibrant)." It is an internal Apple competitive analysis document which analyzes the "mechanical structure and components used" and software features of the Galaxy S and shows pictures of the disassembly of the Galaxy S. Apple asserts that Joswiak is not the author of this document and testified at his |

9

| | |
|---|---|
| | deposition that "he does not have knowledge of any teardowns of competitors' smartphones." ECF No. 2760 at 5. It is unclear to the Court whether Apple objects to the *admission* of the document or simply that Joswiak does not have personal knowledge to testify about it. To the extent Apple claims there is insufficient foundation to admit the exhibit, the objection is overruled because foundation is no longer an issue for the parties' documents because each party has stipulated to the authenticity of its own documents. *See* ECF No. 1226; ECF No. 2736 at 2. This is an internal Apple document.<br><br>With respect to Apple's personal knowledge objection, Apple cites to the part of Joswiak's deposition in which he states, "I cannot recall one" in response to the question "Have you seen any teardowns of any competitive smartphones at Apple." ECF 2759 at 5, lines 4-6. The Court disagrees with Apple that this testimony definitively suggests that Joswiak does not have knowledge of DX715. Samsung may ask Joswiak whether he recognizes this document in order to establish personal knowledge at trial. If Samsung fails to establish personal knowledge, Apple is free to reraise its Rule 602 objection. |
| DX2520 | Overruled. DX2520 is an email chain among Apple's executives discussing the need for Apple to improve certain iPhone functions to keep pace with Apple's Android competitors. Apple claims that "Joswiak is not copied on any of the emails in the chain. The email does not discuss the application's effect on iPhone sales or any other evidence of demand . . . The risk of confusing the jury and wasting time outweighs whatever minimal relevance the document has." ECF No. 2758 at 5.<br><br>To the extent Apple has raised a personal knowledge objection to the exhibit because Joswiak is not copied on the email, the objection is overruled as Samsung should be free to question Joswiak whether he has seen the document or is aware of it, despite the fact that he was not copied on it. If Samsung fails to establish personal knowledge, Apple is free to reraise its Rule 602 objection.<br><br>Apple's Rule 403 objection is also overruled because the email is probative of competition between Apple and Samsung, and thus goes to competition between Samsung products and the iPhone, which is relevant to the lost profits and reasonable royalty analyses. *See Georgia-Pacific* factor # 5 ("commercial relationship between licensor and licensee, such as whether they are competitors"). Any prejudice to Apple does not substantially overweigh this probative value. |

### E. Julie Davis

#### 1. Samsung's Objections

| EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| PX128 | Overruled. PX128 is an advertisement for the iPad. Both of Apple's damages experts, Terry Musika and Davis, relied on this advertisement in their respective expert reports as evidence of demand for Apple's utility patents. *See* ECF Nos. 2386-3 Ex. 25; 2386-2 Ex. 25-PT; *see also* ECF No. 2760 at 2 n.2 (explaining that PX128 is the same advertisement as that identified in Exhibits 25 and 25-PT as "Exhibit 19 to Declaration of Sissie Twiggs"). |
| PX2307 | Denied as moot. Apple has withdrawn this exhibit. ECF No. 2758 at 1 n.1. |
| PX2310 | Sustained. Apple did not disclose PX2310 on its Exhibit List for the retrial. *See* ECF Nos. 2486-4; 2749-1. |

10
Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS TO BE USED IN CONNECTION WITH REBUTTAL WITNESSES
BALAKRISHNAN, SINGH, SCHILLER, JOSWIAK, AND DAVIS

### 2. Apple's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX518 | Overruled. DX518 is a video of the LaunchTile prior art. Samsung contends, and the Court agrees, that DX518 is relevant to design around times for the '915 patent, a disputed issue that goes to lost profits and reasonable royalty. *See* ECF No. 2760 at 4. Although Apple objects that using a prior art exhibit to cross-examine a non-technical expert creates the risk that the jury will consider the prior art for the improper purpose of reassessing the validity of the '915 patent, *see* ECF No. 2758 at 4, Apple has not explained, and the Court does not see, why this would be the case. Moreover, this Court has previously allowed Samsung to present evidence of prior art for purposes of *Georgia-Pacific* factor 9 ("utility and advantages of patent property over old modes and devices") over Apple's objection that doing so would open the door to improper relitigation over invalidity. *See* ECF Nos. 2671 at 2 (objecting that introducing prior art evidence impermissibly relitigates invalidity); 2696 at 8 (overruling Apple's objection); *see also* ECF No. 2696 at 8 (ruling that prior art is relevant to damages because it is "relevant to determining the marginal benefit of the patented feature over what existed at the time of the invention."). |
| DX520 | Sustained. DX520 is the '516, or "Lheem," patent. This exhibit was not disclosed on Samsung's Exhibit List for the retrial. *See* ECF Nos. 2486-5; 2750. |
| DX586 | Sustained. DX586, a Samsung-Apple licensing discussion from October 2010, was previously admitted at the 2012 trial only for the limited purpose "of whether or not Samsung lacked notice of Apple's infringement claims." ECF No. 1947 at 7. Samsung intends to use this exhibit to impeach Davis regarding notice dates. ECF No. 2760 at 4. However, the notice dates for the retrial have been established by this Court's March 1, 2013 Order on Damages. ECF No. 2271 at 18-20. Davis has not testified as to contrary notice dates. Thus, DX 586 is not admissible for any relevant purpose, including impeachment. Should Apple on rebuttal elicit testimony from Davis regarding different notice dates, then Samsung may move to strike that testimony. |

IT IS SO ORDERED.

Dated: November 17, 2013

_____
LUCY H. KOH
United States District Judge

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS TO BE USED IN CONNECTION WITH REBUTTAL WITNESSES BALAKRISHNAN, SINGH, SCHILLER, JOSWIAK, AND DAVIS