1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   William C. Price (Cal. Bar. No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Cal. Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17                    UNITED STATES DISTRICT COURT

18            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19 APPLE INC., a California corporation,      CASE NO. 11-cv-01846-LHK

20         Plaintiff,

21     vs.                                    **SAMSUNG'S OBJECTIONS AND
                                              RESPONSES REGARDING SLIDES AND
22 SAMSUNG ELECTRONICS CO., LTD., a           EXHIBITS FOR CLOSING ARGUMENT**
   Korean business entity; SAMSUNG
23 ELECTRONICS AMERICA, INC., a New
   York corporation; SAMSUNG
24 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company,
25
           Defendants.
26

27

28

1  I.      **SAMSUNG'S OBJECTIONS:**

**PX 3A.2**: (included in PDX 109): FRE 403: PX3A is a demonstrative in exhibit's clothing that was admitted over Samsung's objection when the first page was shown to a witness. Apple has altered the pages of PX3A for opening and its proposed closing slides: compare opening slide 25 and PDX109 p.4 (labeled PX3A.2) with the actual PX3A.2.  Moreover, PX3A.3 includes four images of phones not at issue that are now excluded by Dkt. 2774 at 7-8.  After HPOs regarding opening slides, the Court ordered Apple to change only the date in the F700's label so it would read "Announced Feb. 2007" (Dkt 2696 at 4), but Apple changed the F700 label to "Pre-Announced."  The label should say "Announced," or the iPhone's label say "Pre-Announced," so they match to remove any unwarranted and prejudicial differentiation.  PX3A has little probative value and is highly prejudicial in any form so it should be stricken and these slides excluded.

**PDX62A.1**: There is no evidence in the record to support PDX62A.1, namely the number of spreadsheets, their dates, and the supposed issue with each.  *See* 11-15-13 Trial Tr. 953:15-984:6.  Also, the spreadsheets underlying the slide cannot be admitted.  *See* Dkt. Nos. 2774:27; 2749-1; 2486-4.  *See Janich Bros. Inc. v. Amer. Distilling Co.*, 570 F.2d 848, 860 (9th Cir. 1977) ("[I]t is improper in closing argument to make reference … to matters not in evidence.").

**PDX100**: FRE 402 and 403.  Samsung objects to any slide that references or suggests Apple is entitled to seek lost profits for any patent other than the '915 patent on the grounds that such slides are misleading, prejudicial and violate the Court's order granting Samsung's Rule 50(a) motion in this issue.  Dkt. 2755 at 2.   **PDX100.2**: FRE 403.   Misleading and prejudicial, particularly in light of Court's Rule 50 order, in that it wrongly suggests that all remedies are available for all patents when in fact lost profits are available for the '915 patent only and Samsung's profits are available for the design patents only.   Dkt. 2755 at 2.   **PDX100.8**: This slide is based on and references a document (IDC Worldwide Quarterly Mobile Phone Tracker, Q1-2012) that is not in evidence.  *See Janich Bros.*, 570 F.2d at 860 ("[I]t is improper in closing argument to make reference … to matters not in evidence.").

**PDX 104.9, 104.12**:   Dkt. 2755 at 2, FRE 403: The title misleadingly refers to "Bounce Effect," which is not discussed in the section of the document summarized on the excerpted page.

PDX104.12 similarly combines a reference to "Bounce Effect" found on page 73 of a 119 page document with highlighted commentary found on page 3 of the document.   Apple should not be permitted to combine two unrelated partial documents into misleading and prejudicial slides.

**PDX 109.27**: FRE 106, 403: Apple misleadingly omits the first portion of the sentence "I hear things like this: Let's make something like the iPhone," and changing the capitalization to make it seem as if Mr. Shin were making this suggestion. The prejudice to Samsung from manipulating evidence to create an admission that does not exist far outweighs any probative value.

**PDX 109.35**: FRE 403: Incorrectly suggests that the screen shot and iPhone images are from the patents shown. In addition, the screen shot image differs from the D'305 design, which shows an empty row above the bottom four icons, and the D'677 patent only covers the front face, not the entire phone, as the slide misleadingly suggests.   **PDX 109.36**: FRE 403: This slide inaccurately communicates that all the accused products infringe all five patents.   Apple has other closing slides that show the accused products alone or a subset next to the correct patent, so it has no need for this misleading slide.   **PDX 109.59**: FRE 403: This slide misleadingly shows seven products underneath the heading "Products That Infringe the D'305 and D'677 Patents," making it appear that each phone infringes both patents, without conveying that only the Infuse 4G uses D'677.

**PDX109.69-70**: FRE 403, misleading.   Both slides are highly misleading and prejudicial in several respects.   First, neither even purports to quantify the number of units sold after the notice date and therefore they do nothing to aid the jury in calculating damages.   Instead, the slides are intended to show willfulness, which is not at issue in this trial.   Second, PDX 109.69 wrongly suggests that Apple is entitled to lost profits on the '915 patent on all sales made throughout the entire period shown when in fact the design around period for the '915 patent – Apple's lost profits period – ended in May, 2011.   Third, PDX 109.70 is highly misleading in that it implies that Apple is entitled to damages for both the D'677 patent *and* the D'305 patent for each of the seven products shown when only the Infuse 4G was found to infringe the D'677 patent.   The dark arrow indicating the April 15, 2011 notice date for the D'677 patent extends up to the top of the chart through the rows for each of the seven listed products, improperly indicating that damages for infringement of the D'677 patent commence for all seven products on April 15, 2011.

II.     **SAMSUNG'S RESPONSES TO APPLE'S OBJECTIONS**

**References material not in evidence**: Apple wrongly objects that numerous slides "reference[] material not in evidence."  Slides 64, 66, 73, 91, and 94 show only the accused products.  For Slide 117 Apple is mistaken because slide 117 contains a page out of PX143 in evidence.  For slides 59, 62, and 468, the devices themselves (JX1011, JX1055, JX1009, and JX1027) are in evidence and support the evidence in the slides.  Further, 468 is supported by trial testimony and exhibits.  DX572.027 and .082; Trial Tr. 594:10-16, 595:19-24, 902:7-12, 904:9-15, 907:19-23.  Slides 506-511 list features of the products at issue that are apparent from the device itself or supported by the evidence (*see, e.g.*, DX712.015, .038; DX676 (pricing); Trial Tr. 970:16-24 (4G capability).  Slide 339: There is no evidence Hauser estimated price premiums for features other than three patented features. *See* PX 30; Trial Tr. 511:18-24; 517:10-15.  Thus, Slide 339 is supported by the evidence.  The Court has already ruled that features "Hauser either did not test or tested but did not report" are relevant to "provide context for Hauser's estimated price premiums for the patented features." Dkt. 2723 at 3:22-27.  Apple objects to slides 167/234 (Han videos), 210 (Fractal Zoom video), 235 (Nomura animation), 23/272/288 (Tablecloth videos), and 274/290 (LaunchTile videos) as "referencing material not in evidence."  Each of these slides include videos and animations of prior art to the '915 and '381 patents.  During cross examination, Dr. Singh was shown the Han and Fractal Zoom videos and the Nomura animation, and Dr. Balakrishnan was shown the Tablecloth and LaunchTile videos.  Both experts testified that the prior art systems were not covered by Apple's asserted patents.  Tr. 455:1-459:23; 425:4-427:7.  Although these demonstrative videos and animations were not entered into evidence, Drs. Singh and Balakrishnan's testimony is directed to these demonstratives and therefore they are proper to use during closing argument to provide the proper context for this expert testimony. *See* Wright & Miller, 22 Fed. Prac. & Proc. Evid. § 5172 (2d ed.) (demonstrative, though not evidence, becomes part of witnesses testimony).  Apple objects to slides 3, 6, 14, and 172 because they "reference material not in evidence."  Slide 3 references the Prevail (JX1022); Slide 6 references the Prevail (JX1022) and Replenish (JX1024); Slide 14 references the Replenish (JX1024), and slide 172 references the Continuum (JX1016).  All of these devices are in

evidence, and were moved into evidence by Apple.  Moreover, these demonstratives reference PDX29, demonstratives made by Apple in the first trial.  Apple objects to slide 229 as "referencing material not in evidence."  This slide depicts Dr. Singh's testimony at 458:5-22.  Dr. Singh testified that scrolling with three fingers, which the DiamondTouch allows, does not infringe the '915 patent.  This slide therefore depicts the narrowness of the '915 patent based on Dr. Singh's testimony, which is the evidence being referenced.  Apple objects to slides 175, 231, 232, and 463 as "referencing material not in evidence."  Samsung has resolved Apple's objection to slides 175, 231, 232, and 463 by replacing the image of the Intercept (JX1009).  Apple objects to slides 177-184, 186 as "referencing material not in evidence."  Each of these slides illustrates the narrowness of Apple's utility patents using a public park analogy.  The patents are enclosed in a fenced-in area and the prior art is shown in the public park.  Each piece of prior art was discussed during the trial with Apple's witnesses.  The basic titles of the slides (e.g., that Nomura developed a device that used scrolling and pinch to zoom before Apple) were not disputed by Drs. Singh and Balakrishnan, who conceded the prior art showed these features yet was different than the claimed inventions.  Tr. 455:1-459-23; 425:4-427:7.  Apple objects to slides 200-204 as "referencing material not in evidence."  Samsung served replacement slides depicting the Intercept (Virgin Mobile model) (JX 1009), a noninfringing product to resolve the objection.

**Includes incorrect citations**: Apple objected that certain slides had incorrect citations. Samsung informed Apple it would correct or remove the cites in those slides, including Slides 73, 140, 143, & 165, and would remove references to the Wagner report.  Samsung has informed Apple it would correct cites included in slides 8, 24, 29, 55, 79, 111, and 132 to refer to trial testimony and admitted exhibits.  Slide 25 will be revised to cite Wagner's testimony that DX676 contains greater detail than reports generated by large companies in the ordinary course of business.  See Trial Tr. 1022:25-1023:8.  Apple objects to slide 210 (Fractal Zoom video) for "incorrect citations."  Samsung served a replacement slide with corrected citations.

**Inaccurate information**:   Apple objects to slides 10, 68, 90, 117, 120, 175, 231, 232, 451, 453, 461, and 463 as "inaccurate information."  Samsung has resolved Apple's objection to slides 175, 231, 232, 461, and 463 by replacing the image of the Intercept (JX1009).  The accuracy of slide

10 is supported by JX1011, which uses the Android Market, and Trial Tr. 593:14-594:5; slides 68, 90, and 120 are supported by JX1011, JX1055, DX572.082, and Trial Tr. 594:14-16, 595:19-24; slides 451 and 453 are supported by PX15 and Trial Tr. 831:16-836:2, and release dates are supported by DX946.016.   Slide 117 shows only PX143.82 from an admitted exhibit and the title merely describes the exhibit accurately as an "Apple Buyer Survey." Apple also objects to slides 234 (Han video), 235 (Nomura animation), 274 (LaunchTile video) as containing "inaccurate information."   Samsung has served corrected replacement slides on Apple.

**No evidence of such alternative designs**: Apple objects to various slides supposedly because they have "no evidence of such alternative designs."   For slides 64, 66, 73, 91, 302, 303, 313, and 460-462 the devices and images entered evidence as JX1009 (Intercept), 1030 (Ace), 1093 (LG Prada), DX2627.026 (F700), or are the accused products.   The designs were the subject of extensive testimony and therefore are appropriately the subject of attorney argument.   Apple raised several different objections to slides 465-467 containing images of the Sprint Intercept, which Samsung replaced with images of the Virgin Mobile Intercept (JX1009).   Slide 478 does not include any alternative design, but rather reflects the experts' opinions.

**Lack of Foundation**: Slide 450 is a graphic representation of market share data in PX25F.8, which has been admitted.

**Misleading**: Samsung's statements regarding the non-practicing phones are not misleading, they are appropriate closing argument regarding non-infringing alternatives to D'677.   Slide 77 reflects Mr. Hauser's testimony.   Trial Tr. 529:23-25, 580:9-20, 581:9-17.   Slides 97 and 113 are proper argument based on Dr. Hauser's testimony that he only tested features enabled by the '951, '381, and '163 patents.   Trial Tr. 517:10-24, PDX103.5.   Slide 116 is an image of admitted exhibit DX572.027 and identifies "Apple Market Research & Analysis" as involved with the study.   DX572.003.   Apple objects to slides 200-204 as "misleading."   Samsung served replacement slides depicting the Intercept, a noninfringing product, rather than the Droid Charge.   However, Apple maintained its "misleading" objection to the assertions in the slides that one of the top reasons for buying an Android among those who considered the iPhone includes that they "want the latest technology."   Apple's objection seems to be that Samsung shows the

Intercept as illustrative of the latest technology (at that time).   But this is supported by Mr. Wagner's testimony that it generated more than $271 million in sales.   Trial Tr. 1008:11-1009:13.   The Apple internal study itself was admitted into evidence as DX572.082 during cross examination of Ms. Davis and was displayed during Samsung's opening.   Slide 339 is not misleading. There is no evidence Hauser estimated price premiums for features other than three patented features. *See* PX 30; Trial Tr. 511:18-24; 517:10-15. The Court has already ruled that slides identifying features "Hauser either did not test or tested but did not report" are relevant to "provide context for Hauser's estimated price premiums for the patented features."   Dkt. 2723 at 3:22-27. Nor is Slide 340 misleading. The first two bullets are taken almost verbatim from Hauser's trial testimony, Trial Tr. 597:10-12 (first bullet); 551:22-24; 552:21-24 (second bullet), and he admitted each company has unique feature bundles, Trial Tr. 593:1-594:16, and that he could have but did not test them, Trial Tr. 592:21-25.   That he did not do so is relevant. *See* Dkt. 2723 at 3:22-27.   Slide 460 contains statements regarding the Galaxy Ace that are accurate and supported by the record; the Court has repeatedly rejected Apple's argument that an alternative is not "available" if it infringes another Apple patent.   *See* Dkt. 2657.   For Slides 492-503, Samsung's statements regarding the non-practicing phones are not misleading, they are appropriate closing argument regarding non-infringing alternatives to D'677.

**Need to Change Labels to Reflect STA Only:** Slide 412 accurately refers to "Samsung's" profitability.   DX753 consists of *consolidated* financial statements.   *See* DX753; Trial Tr. at 958:10-16 (discussing consolidated financial information about Samsung and its subsidiaries on 753.005, discussing information regarding Telecommunication segment on 753.076); *see also* Sheppard's prior testimony, Dkt. 1842:3008:5-7; 3010:24.   Similarly, Sheppard's testimony refers broadly to the "profit margin" for the "STA products."   Trial Tr. at 973:2-9.   Mr. Sheppard is familiar with the accounting systems and procedures for SEC as well as STA; SEC and STA use the same allocation methodology; and the relevant product data is in the SAP database shared by the Samsung entities (Trial Tr. at 957:1-958:9; 967:15-17; *see also* prior consistent testimony, Dkt. 1842:7-12; 1842:20-3003:3).   Sheppard uses those profit margins in the regular course of his duties.   *Id*. at 973:2-6.   Apple can argue its own understanding of the testimony.

| | |
|---|---|
| 1   DATED: November 18, 2013 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By  */s/ Victoria F. Maroulis*
     Charles K. Verhoeven
     Victoria F. Maroulis
     Kevin P.B. Johnson
     Michael T. Zeller
     Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC