1  HAROLD J. MCELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
2  MICHAEL A. JACOBS (CA SBN 111664)
   mjacobs@mofo.com
3  RACHEL KREVANS (CA SBN 116421)
   rkrevans@mofo.com
4  ERIK J. OLSON (CA SBN 175815)
   ejolson@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
7  Facsimile:  (415) 268-7522

8

9

   Attorneys for Plaintiff and
   Counterclaim-Defendant APPLE INC.

   WILLIAM F. LEE
   william.lee@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   60 State Street
   Boston, MA 02109
   Telephone: (617) 526-6000
   Facsimile: (617) 526-5000

   MARK D. SELWYN (SBN 244180)
   mark.selwyn@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   950 Page Mill Road
   Palo Alto, California 94304
   Telephone: (650) 858-6000
   Facsimile: (650) 858-6100

10

11                          UNITED STATES DISTRICT COURT

12                         NORTHERN DISTRICT OF CALIFORNIA

13                                SAN JOSE DIVISION

14

15  APPLE INC., a California corporation,          Case No.      11-cv-01846-LHK (PSG)

16                     Plaintiff,                  **APPLE'S OBJECTIONS AND
                                                   RESPONSES TO OBJECTIONS
17        v.                                       REGARDING CLOSING
                                                   DEMONSTRATIVES**
18  SAMSUNG ELECTRONICS CO., LTD., a
    Korean business entity; SAMSUNG
19  ELECTRONICS AMERICA, INC., a New York
    corporation; SAMSUNG
20  TELECOMMUNICATIONS AMERICA, LLC, a
    Delaware limited liability company,

21
                       Defendants.
22

23

24

25

26

27

28

1    **I.    APPLE'S OBJECTIONS TO SAMSUNG'S CLOSING DEMONSTRATIVES**

2          **A.    Inclusion Of Material Not In Evidence**

3          **Slides 3, 6, 14, & 172**.  The videos of the Prevail, Replenish and Continuum were not

4    shown during trial and are not in evidence.

5          **Slides 23 & 117**.  DX655 and DX774 were not admitted into evidence.  The video in slide

6    23 was not used at trial.  Also, there is no PX143.82 and the image on slide 117 is not from

7    PX143.

8          **Slide 25**.  There was no evidence introduced that Samsung's financial data in DX676 is

9    "more detailed than regular financial statements."

10         **Slides 64, 66, 73, 91, & 94**.  These slides contain conclusions regarding Samsung's ability

11   to replace infringing designs that are not supported by the evidence introduced at trial.  The only

12   support offered on slides 64, 66, 69, and 94, is a document not in evidence (Mr. Wagner's

13   Report).  Slides 73 and 91 also cite to PX7A, which merely contains photos of infringing phones.

14   PX7A says nothing regarding whether those phones are available as replacement designs for the

15   D'305 patent and no witness has provided such testimony.  This is based on pure lawyer

16   argument.

17         **Slides 167, 177-184, 186, 210, 234-235, 272, 274, 288 and 290**.  These slides discuss or

18   reference one or more of the following prior art that is not in evidence and, in some cases, the

19   citation is incorrect:  DX556 (Han video), Nomura, LaunchTile, Fractal Zoom and Tablecloth.

20         **Slides 175, 231-232, 461, 463**.  These slides show a Sprint Intercept, which is not in

21   evidence.  JX1009 is a Virgin Mobile model.

22         **Slide 229**.  This slide misstates Dr. Singh's testimony.  He testified that three-finger scroll

23   could be non-infringing, not three-finger zoom.  (Trial Tr. 458:15-459:23.)

24         **Slide 299**.  There is no evidence in the record identifying the Prada announcement date.

25         **Slide 339**.  Refers to topics not in evidence and not asked about or addressed in Hauser's

26   trial testimony: "flash," "customizable home screen," and "widget integration."

27         **Slides 59, 62, 200-204, and 468**.  These slides illustrate features consumers allegedly

28   demand for which no evidence was introduced, including Flash, availability of apps (e.g., Angry

APPLE'S OBJECTIONS AND RESPONSES TO OBJECTIONS REGARDING CLOSING DEMONSTRATIVES
Case No. 11-CV-01846-LHK (PSG)
sf-3355939

1

1    Birds), the App Market / Google play, the Google ecosystem, and individual voice plans.

2         **Slides 506-511**.  These slides show Samsung phones with various facts and features and

3    an unidentified percentage that find no support in the trial record.  Slides 510-511 do not even

4    identify the phones pictured.

5         **B.       Improper Citations To Materials Outside The Trial Record**

6         **Slides 29, 79, 111, 132, 159, 165**.  These slides reference numerous materials outside the

7    trial record including expert reports and accompanying exhibits (slides 29, 79, 132); deposition

8    testimony that was not offered at trial (slides 111, 159); and the amended jury verdict from the

9    first trial (slide 165).  Slides where Samsung identifies the source as material outside the trial

10   record should be stricken.

11        **C.       Inaccurate/Incomplete Information**

12        **Slides 10, 68, 90, 120, 451, 453**.  The screen images shown on the Captivate phones in

13   slides 10, 68, 90, and 120 are not from the phones in evidence and appear to have been

14   superimposed on an image of the Captivate to create those slides.  Those inaccurate

15   representations of the phones in evidence is misleading and should be excluded under FRE 403.

16   Slides 451 and 453 mislabel the launch date of the iPad 2 as March 16, 2012.  That is the launch

17   date of the third generation iPad, not the iPad 2.

18        **D.       Alleged Alternative Designs Not In Evidence**

19        **Slides 64, 66, 73, 91, 302, 303, 313, 460, 461, 462, 465, 466, 467**.  Apple objects to

20   Samsung's statement in slides 66, 73, 91, and 461 that the phones depicted were "available"

21   alternatives to Apple's patents.  Each of the phones shown in those slides has been found to

22   infringe other Apple patents, and the undisputed evidence at trial is that those infringing phones

23   would not have been available alternatives.  (*See* Trial Tr. 908:14-909:7 (Schiller) (Apple would

24   "absolutely not" permit Samsung to infringe its patents); *see also id.* at 747:16-18 (Davis); *id.* at

25   772:15-17 (Davis).)  Apple further objects to slides 302, 303, 313, 460, 465, 466, and 467 as

26   suggesting that the Galaxy Ace would have been an available alternative to the '915, D'677, and

27   D'305 patents.  As Mr. Wagner testified, the Galaxy Ace was available only internationally.

28   (Trial Tr. 1010:11-14.)  It cannot be considered an available alternative for Samsung's

1  infringement in the United States.  There is no evidence that the Galaxy Ace was or could have

2  been compatible with US carrier's technology.  Moreover, the Galaxy Ace infringes the '381 and

3  '163 patents.  For the same reason as the phones depicted in slides 66, 73, and 91, the infringing

4  Galaxy Ace is not an "available" alternative.  Apple also objects to Samsung's statement in slide

5  64 that it "could replace designs that practice Apple's patents with other designs."  Samsung has

6  presented no evidence establishing that it would be feasible to redesign any of its infringing

7  phones to incorporate non-infringing designs.  Finally, Apple objects to slides 460, 461, and 462

8  as suggesting that products are "acceptable" alternatives based merely on their sales revenues.

9  Acceptability is measured relative to the patented product, not the market success of the alleged

10  acceptable alternative.  *American Seating Co. v. USSC Group, Inc.*, 514 F.3d 1262, 1270 (Fed.

11  Cir. 2008) ("[A] non-infringing replacement product is not considered a substitute unless it is

12  'acceptable to all purchasers of the infringing product.'" (quoting *Grain Processing Corp. v. Am.*

13  *Maize-Prods. Co.*, 185 F.3d 1341, 1343 (Fed. Cir. 1999))); *id.* (a product is an "acceptable"

14  alternative only if buyers view it "as equivalent to the patented device").  Without evidence

15  comparing the alleged alternative to the patented product, Samsung cannot suggest that those

16  products are acceptable alternatives.

17          **E.**      **Lack of Foundation**

18          **Slide 450**.  The slide does not include a citation to anything in evidence.

19          **F.**      **Misleading Slides**

20          **Slides 77**.  This slide purports to compare Hauser's WTP calculation with the average

21  market price survey respondents paid for their smartphones, but Hauser testified, and Samsung

22  acknowledged, that WTP does not equal market price.  (Trial Tr. 519:23-520:7, 591:8-13.)

23  Further, Hauser testified, and Samsung acknowledged, survey respondents were told to assume

24  they were purchasing their phone with a two-year service contract, which significantly increases

25  its total cost.  (Trial Tr. 580:9-581:8.)

26          **Slides 97 & 113**.  The Court already ruled demonstratives with a row purporting to

27  "Total" WTP calculations are misleading, addressing virtually identical exhibits.  (*See* Dkt. No.

28  2723 at 3 (SDX 8004.014-016).)  Hauser confirmed at trial that WTP values for different features

APPLE'S OBJECTIONS AND RESPONSES TO OBJECTIONS REGARDING CLOSING DEMONSTRATIVES
Case No. 11-CV-01846-LHK (PSG)
sf-3355939

1   cannot be added.  (Trial Tr. 588:5-590:18.)  Samsung withdrew one such slide (159) yet

2   inexplicably retained two others.  Further, the right hand column of slide 97—"Touchscreen

3   features not asked about"—refers to topics not in evidence and not asked about or addressed in

4   Hauser's trial testimony.

5        **Slide 340**:  The third bullet point—"Did not consider each company's unique feature

6   bundles"—is wrong.  Hauser surveyed Samsung consumers and told them to hold all other

7   features constant, and therefore, did take into account Samsung's bundles. (Trial Tr. 521:12-

8   522:6, 523:17-25, 525:4-6, 550:23-551:12, 596:24-597:3.)

9        **Slides 492-503**.  This series of slides misleadingly suggest that products such as the Droid

10   Charge and Epic 4G are in the public domain when those products have been found to infringe

11   Apple patents, including patents at issue in the new trial.  It is highly confusing for the jury under

12   FRE 403.  The slide should be stricken or revised to include those products within the Apple

13   "fence."

14        **G.    STA**

15        **Slide 412**.  The Court has limited Mr. Sheppard's testimony to STA, but the slide is not so

16   limited.  (Trial Tr. 956:14.)

17   **II.    APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS**

18        **PX3A.2.**  This is an admitted exhibit that has been published to the jury.  (Dkt. No. 2764-

19   1 at 2.)

20        **PDX62A.1**.  This timeline, showing the various iterations of Samsung's financial data that

21   were produced in this litigation, is directly relevant to the calculation of Samsung's profits and is

22   supported by Ms. Davis's testimony.  (Trial Tr. 701:20-702:2.)

23        **PDX100.2**.  This slide is an accurate articulation of the three types of remedies that the

24   jury has been asked to evaluate and is therefore relevant.

25        **PDX100.8**.  This market share chart has been presented to the jury several times without

26   objection and was testified to by Ms. Davis.  (Trial Tr. 638:18-639:8, 790:11-19.)

27        **PDX104.9 & .12**.  These slides include images and call-outs taken directly from admitted

28   exhibits.  Presumably Samsung's objection is to the titles which identify the year the documents

APPLE'S OBJECTIONS AND RESPONSES TO OBJECTIONS REGARDING CLOSING DEMONSTRATIVES
Case No. 11-CV-01846-LHK (PSG)
sf-3355939

4

1  were published and that they are internal Samsung documents related to the "'bounce effect from

2  the" iPhone and iPad.  The title pages of the exhibits themselves identify the date and the groups

3  within Samsung that authored them.  The description of these documents as relating to the bounce

4  effect from the iPhone and iPad is directly supported by Dr. Balakrishnan's testimony.  (*See*, *e.g.*,

5  Trial Tr. 414:3-20, 421:15-25.)

6       **PDX109.27**.  This timeline, which includes a direct quote from admitted exhibit PX40,

7  along with images, names, and launch dates for the 13 products the jury is tasked with awarding

8  damages for is relevant to many issues in the case, including, among other things, demand for the

9  patented products and features, which the court has repeatedly ruled is relevant to a reasonable

10  royalty analysis.

11       **PDX109.35**.  These slides are accurate depictions of the front pages of the design patents

12  at issue and elements of the iPhone that practice those patents.  Similar slides were shown to the

13  jury during Apple's opening statement (*see*, *e.g.*, Apple's Opening Slides 17-20), objections to

14  which were overruled (Dkt. No. 2696 at 3-4).

15       **PDX109.36 & PDX109.59**.  Slides that show the front pages of the patents at issue and

16  the infringing products the jury is tasked with awarding damages for are clearly relevant.

17       **PDX109.69 & .70**.  These slides, which show a graphical depiction of the months

18  between the relevant notice date and the end of the damages period that Samsung's infringing

19  phones were on sale, is relevant to calculations of lost profits, Samsung's profits, and reasonable

20  royalties.  The information on these slides is sourced directly from admitted joint exhibit

21  JX1500A2 and an interrogatory response read into the record.  (Trial Tr. 795:8-797:10.)

22

23  Dated: November 18, 2013          MORRISON & FOERSTER LLP

24

25           By:  */s/ Harold J. McElhinny*
            HAROLD J. MCELHINNY

26           Attorneys for Plaintiff
         APPLE INC.

27

28