RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:	650-838-2000
Facsimile:	650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (*pro hac vice*)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:	404-881-7000
Facsimile:	404-881-7777

Attorneys for Non-Party
NOKIA CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | Case No.:  5:11-CV-01846-LHK (PSG)<br><br>**NOKIA CORPORATION'S ADMINISTRATIVE MOTION TO STRIKE SAMSUNG'S *IN CAMERA* BRIEF AND SUPPORTING DECLARATIONS** |

PLEASE TAKE NOTICE that Nokia Corporation ("Nokia") hereby respectfully moves, pursuant to Civil L.R. 7-11, for an Order striking the *in camera* brief and all "supporting declarations" filed by Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung"). Such a filing is an impermissible *ex parte* communication and should be struck in its entirety.

Throughout the inquiry into the dissemination of Nokia's confidential information, Samsung has engaged in a pattern of arguing facts to the Court that are withheld from Nokia. Friday's *ex parte* brief is the just the latest example in which Samsung has restricted Nokia's and Apple's access to the underlying facts, and even, in this case, their legal arguments. On several occasions, Samsung has served Nokia and Apple with different versions of the same redacted or under-seal briefs or provided unredacted copies of filings after the fact (and only under threat of motion practice). With the filing of the *ex parte* brief, Samsung has once again become the sole arbiter of which parties get to see what information and what legal arguments they advance to a Federal District Court. This time they decided the answer was nothing—Apple and Nokia can see nothing. *Ex parte* communications, such as Samsung's brief, are disfavored and only permitted by specific rule or Court order. Samsung's filing prejudices Nokia's and Apple's participation in this litigation. Nokia requests that the Court strike Samsung's *ex parte* brief and supporting declarations and proceed to rule on the existence of privilege based on the Court's *in camera* review.[1]

*Ex Parte* communications are universally disfavored by the judiciary. Specifically, the Ninth Circuit "strongly favor[s] maintenance of our traditional system of fair play in which both sides have notice of the arguments and evidence being used against them." *Ibrahim v. Dep't of Homeland Sec.*, No. C-06-00545, 2012 WL 6652362, at *3 (N.D. Cal. Dec. 20, 2012). In the Northern District of California, a party may file an *ex parte* motion only if ordered by the court or "if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an ex parte motion…." Civ. L.R. 7-10. Further, the motion must include a citation to the applicable statute, rule, or order. *Id.* This Court has not authorized Samsung to submit any motion, brief, or declaration *ex parte*. To the extent Samsung relies on this

---

[1] Samsung surely knows what it is doing and should not now be afforded the opportunity to submit another brief to delay to Courts determination on the documents at issue.

Court's November 8, 2013 Order (Dkt. No. 2689 at 4 n.16) to submit its motion *ex parte*, Nokia can find no support in that Order for Samsung's position. Further, there is no statute, local rule, or Standing Order that would entitle it to file its brief under seal.

"[O]nly in the rarest of circumstances should a district judge, in his or her discretion, receive *ex parte* argument and evidence in secret from only one side aimed at winning or ending a case over the objection of the other side." *Ibrahim*, 2012 WL 6652362 at *6. In *Ibrahim*, the U.S. Government sought to introduce *ex parte* evidence in support of its motion to dismiss a Section 1983 action arising from inclusion of a student's name on a terrorist watch list. The Court rejected the Government's covert efforts because it effectively sought to use the evidence without disclosing it to the other side. *Id.* Samsung's and Quinn Emanuel's submission to the Court is presumably made to establish that at least some of the evidence that would support a sanction based on Samsung's use of Nokia CBI is privileged and should not be considered. That argument is surely aimed at "winning" the sanctions proceedings by removing evidence that the parties and the Court can consider.

Like in *Ibrahim,* the situation here does not constitute the "rarest of circumstances" necessary to justify an *ex parte* argument on behalf of Samsung. First, the circumstances here are entirely of Samsung's own doing. They chose to produce documents so redacted that they were completely uninformative to the fact gathering process, thus necessitating the Court's initial *in camera* review (Dkt. Nos. 2587, 2588). Second, Samsung can point to no compelling interest or circumstances that would justify an *ex parte* argument to the court, even if the underlying communications should be redacted pending the Court's final decision. *See* Dkt. No. 2689 at 4 n.16.[2] While the Order permits Samsung one final opportunity to present its argument for privilege, *id.*, it does not permit Samsung to do so in secret.[3] *See, e.g. Ocean Atl. Dev. Corp. v. Willow Tree Farm, LLC*, 2002 WL 649043, at *8 (N.D. Ill.

---

[2] Even if an applicable order, statute, rule, or circumstance permitted Samsung to submit their evidence *ex parte*, Nokia and Apple have no way of learning of that right, because Samsung did not identify it in their notice. Nokia recognizes that the language of Local Rule 7-10 is ambiguous and may not apply to the Notice filed by Samsung ("The motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought"). But if Samsung had an appropriate basis to justify such an extraordinary remedy, they should have noted it so Nokia and Apple would not have to blindly analyze and guess as to the basis for Samsung's extra-procedural activity.

[3] To the extent Samsung is relying on additional attorney-client privileged material to support its original claims of attorney client privilege or as an affirmative defense, Samsung may have

Apr. 19, 2002) ("accepting [arguments justifying privilege claims] *in camera* would constitute an impermissible *ex parte* communication with the Court"). If Samsung wishes to claim that its brief contains privileged information, they should not have disclosed it to the Court. Even if the communications on which Samsung relies are privileged (a proposition about which this Court has expressed its doubt), Nokia and Apple are entitled to know the basis of Samsung's privilege claim and the arguments made to support that claim. *AM Intern., Inc. v. Eastman Kodak Co.,* 100 F.R.D. 255, 256 (N.D. Ill.1981) ("Without identification of the documents the party against whom the privilege is claimed is completely unable to challenge the validity of that claim"). Without knowing what Samsung claims to be privileged and the basis for that assertion, Nokia and Apple remain unable to assess or challenge Samsung's assertions. After all, this Court has already noted that nothing Samsung has previously submitted, including the privilege log, is sufficient to justify privilege (Dkt. No. 2689 at 4 n.16).

Finally, Nokia is entitled to notice of any argument asserted in an effort to restrict its access to evidence. The Court has undertaken a review of the documents at issue *in camera* because Samsung claims them to be privileged. Such a procedure is the acceptable method to test the validity of Samsung's claim. *See, e.g. Genentech, Inc. v. Trs. of Univ. of Pennsylvania*, C 10-2037 PSG, 2011 WL 7074211, at *1 (N.D. Cal. Oct. 18, 2011); *Babych v. Psychiatric Solutions, Inc.*, 271 F.R.D. 603, 611-12 (N.D. Ill. 2010). Any additional advocacy should be done with full disclosure to all parties. This is consistent with the Court's November 8, 2013 Order which specifically requires the parties, in their brief to show cause on sanctions, to "address both the legal framework *and the evidence relevant to any sanction imposed*." Dkt. No. 2689 at 4 (emphasis added). Samsung should not be permitted to secretly argue to the Court that the documents are not "evidence" on which this Court, Apple or Nokia may rely without permitting Nokia an opportunity to assess Samsung's claim. The parties are entitled to candid

---

impliedly waived its privilege by so relying. *Shared Med. Res., LLC v. Histologics, LLC*, No. SACV-12-0612, 2012 WL 5570213, at *2 (C.D. Cal. Nov. 14, 2012) ("under the 'waiver-by-affirmative-reliance doctrine,' a party impliedly waives any privilege that could possibly attach when it 'affirmatively relies on privileged information.'"). Nokia reserves the right to assess the implications of Samsung's reliance on privileged material.

| NOKIA CORPORATION'S ADMINISTRATIVE MOTION TO STRIKE SAMSUNG'S *IN CAMERA* BRIEF AND SUPPORTING DECLARATIONS | 4 | CASE NO.: 5:11-CV-01846-LHK (PSG) |

and open access to all arguments advanced by all parties and any effort to restrict such access is prejudicial.

Despite repeated orders of this Court, including its most recent Order noting that it appears that sanctions are warranted, Samsung and Quinn Emanuel continue in their attempt to manage their way out of the current dispute by unilaterally restricting access to their advocacy before a public court. Samsung's pursuit of this course is in complete disregard of this Court's Orders, its Local Rules, and the Federal Rules of Civil Procedure. The submission of their most recent brief *in camera* is Samsung's most egregious example of that conduct to date, and should not be tolerated by the Court.

Nokia respectfully requests that the Court enter the Proposed Order, which includes the following relief:

1. The Court strikes Samsung's November 15, 2013 *ex parte* brief and supporting declarations; and

2. The Court orders that Samsung produce an unredacted copy of the November 15, 2013 *ex parte* brief and supporting declarations to Nokia and Apple within 24 hours of the issuance of the Proposed Order and that Nokia and Apple have 24 hours to review the brief and agree on any redactions to be made to protect Nokia's or Apple's sensitive business information, after which time, the brief and all supporting declarations shall be filed on the public docket with the Proposed Order.

Respectfully submitted this 18th day of November, 2013.

> */s/ Ryan Koppelman*
>
> Ryan Koppelman
> (Ca. Bar No. 290704)
> **ALSTON & BIRD LLP**
> 275 Middlefield Road, Suite 150
> Menlo Park, CA 94025
> Telephone:   650-838-2009
> Facsimile:   650-838-2001
>
> *Attorneys for Non-Party*
> *NOKIA CORPORATION*

RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:     650-838-2000
Facsimile:      650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (*pro hac vice*)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:     404-881-7000
Facsimile:      404-881-7777

Attorneys for Non-Party
NOKIA CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | Case No.: 5:11-CV-01846-LHK (PSG)<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on November 18, 2013, I electronically filed the foregoing **NOKIA CORPORATION'S ADMINISTRATIVE MOTION TO STRIKE SAMSUNG'S *IN CAMERA* BRIEF AND SUPPORTING DECLARATIONS** with the Clerk of Court using the CM/ECF system, which will automatically send email notification to the parties and counsel of record.

This 18th day of November, 2013.

*/s/ Ryan Koppelman*

Ryan Koppelman
 (Ca. Bar No. 290704)
**ALSTON & BIRD LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:	650-838-2009
Facsimile:	650-838-2001

*Attorneys for Non-Party*
*NOKIA CORPORATION*

CERTIFICATE OF SERVICE    2    CASE NO.: 5:11-CV-01846-LHK (PSG)