UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| APPLE, INC., a California corporation, | ) Case No.: 11-CV-01846-LHK |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER ON SAMSUNG'S |
| | ) OBJECTIONS TO APPLE'S CLOSING |
| SAMSUNG ELECTRONICS CO., LTD., A | ) SLIDES |
| Korean corporation; SAMSUNG | ) |
| ELECTRONICS AMERICA, INC., a New York | ) |
| corporation; SAMSUNG | ) |
| TELECOMMUNICATIONS AMERICA, LLC, | ) |
| a Delaware limited liability company, | ) |
| | ) |
| Defendants. | ) |

## I. SAMSUNG'S OBJECTIONS TO APPLE'S CLOSING SLIDES

Samsung has filed objections to Apple's Closing Slides and exhibits to be used during Apple's Closing Statement. ECF No. 2777. Apple has filed a response. ECF No. 2778. After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules on Samsung's objections as follows:

| APPLE SLIDE NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX 3A.2 and PX 3A.3 | Overruled. PX3A.2 shows pictures of various Samsung smartphones next to a picture of the Apple iPhone. This slide is exactly the same as Apple's opening slide number 23, which the jury has already seen. Samsung also objects that the label for the F700 should say "Announced Feb. 2007" but that Apple's changed the label to "pre-announced" in 2007. Samsung is wrong. The Court's past order, |

1

**United States District Court**
For the Northern District of California

| | | |
|---|---|---|
| | | ECF No. 2696 at 4, states that Apple should change the label to say preannounced in 2007. ECF No. 2696 ("in February 2007, the Samsung F700 phone was preannounced.") Further, while Samsung objects to PX3A.3, PX3A.3 appears nowhere in Apple's proposed closing slides. |
| | PDX62A.1 | Sustained. PDX62A.1 is a timeline showing various iterations of Samsung's financial data that was produced in this litigation. Samsung claims that "there is no evidence in the record to support PDX62A.1." ECF No. 2777 at 1. The objection is sustained because Apple cannot refer to matters not in evidence during closing statements. Although Apple claims this timeline is supported by Davis' testimony, ECF No. 2778 at 4, Davis did not testify to this level of specificity with respect to the dates or defects of each of the spreadsheets. *See* Trial Trans. at 701-2 ("Each time Samsung provided a new spreadsheet, numbers had changed or products had changed or something had changed. And as a former auditor, that's concerning because you don't really know if you ever have the right numbers.") Further, the spreadsheets underlying the slides are not in evidence and were not on Apple's trial exhibit list. |
| | PDX 100 | Overruled. Samsung objects to PDX 100 by stating a general objection "to any slide that references or suggests Apple is entitled to seek lost profits for any patent other than the '915 patent on the grounds that such slides are misleading [and] prejudicial." ECF No. 2777 at 1. However, Samsung does not refer the Court to any specific slide and the Court does not find any slides misleading as to this topic. The Court addresses Samsung's particular objection to page two of PDX 100 below. |
| | PDX 100.2 | Overruled. Page 2 of PDX 100 is a slide that states "Patent Remedies" as the title and then states "Apple's Lost Profits or Samsung's Profits or Reasonable Royalties." PDX 100.2. Samsung claims page two is prejudicial and misleading because it "wrongly suggests that all remedies are available for all patents when in fact lost profits are available for the '915 patent only and Samsung's profits are available for designs patents only." ECF No. 2777 at 1. The Court disagrees with Samsung. Page two simply highlights the three types of remedies the jury will have to evaluate in this case. |
| | PDX100.8 | Overruled as moot. Apple has agreed to withdraw this slide from its closing statement. |
| | PDX104.9 and 104.12 | Overruled as moot. Apple has agreed to withdraw these slides from its closing statement. |
| | PDX 109.27 | Overruled as moot. Apple has agreed to withdraw this slide from its closing statement |
| | PDX 109.35 | Overruled. Samsung objects that this slide "incorrectly suggests that the screen shot and iPhone images are from the patents shown." ECF No. 2777 at 2. However, the slide is not misleading because the screen shot of the D'305 and the iPhone are simply intended to depict elements of the iPhone which practice those design patents. Samsung's argument that "the screen shot image differs from the D'305 design, which shows an empty row above the four icons, and the D'677 patent only covers the front face, not the entire phone," *id.*, goes to weight, not admissibility. |
| | PDX 109.36 | Overruled. Samsung objects that the slide "inaccurately communicates that all the accused products infringe all five patents." ECF No. 2777 at 2. This Slide is titled "Infringing Products" and contains pictures of all accused products at issue |

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S CLOSING SLIDES

| | |
|---|---|
| | and pictures of all five patents at issue. The Court does not find that the Slide necessarily communicates that all the accused products infringe all five patents. The Slide simply provides the jury a reference of all the patents and products at issue. |
| PDX 109.59 | Sustained. This Slide is titled "Products that infringe the D'305 and D'677 patents" and contains pictures of the two patents and seven phones, including the Captivate, the Continuum, Droid Charge, Epic 4G, Gem, Indulge, and Infuse 4G. Samsung objects that it misleadingly suggests that all the phones infringes both patents, without conveying that only the Infuse 4G infringes the D'677. Samsung is correct that among those phones, only the Infuse 4G was found to infringe the D'677. The Court agrees with Samsung that this slide confusingly conveys to the jury that all the phones depicted infringe both the D'677 and D'305 patents. Accordingly, Apple must change the title to "Products that infringe the D'305 and**/or** D'677 patents." |
| PDX 109.69 | Overruled. This slide is titled "Samsung sales after '915 notice" and shows a graphical depiction, for the products at issue in the retrial, of the months between the relevant notice date (April 15, 2011) and the end of the damages period that Samsung's infringing phones were on sale. While Samsung objects that the slide only goes to prove willfulness which is not at issue, the slide is relevant for helping the jury decide what lost profits or reasonable royalty Apple should receive for infringement of the '915 patent. This is because Samsung's sales of infringing products after Samsung received notice of its alleged infringement of Apple's patents is probative of whether Samsung had acceptable and available noninfringing alternatives. *See Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978). The slide is not substantially more prejudicial than probative. |
| PDX 109.70 | Overruled in part and sustained in part. This slide is titled "Samsung Sales after D'677 and D'305 notice" and shows a graphical depiction, for certain products at issue in the retrial (Captivate, Continuum, Droid Charge, Epic 4G, Gem, Indulge, Infuse 4G), of the months between the relevant notice date (April 15, 2011 for the D'677 and June 16, 2011 for the D'305) and the end of the damages period that Samsung's infringing phones were on sale. This slide is not misleading or substantially more prejudicial than probative because Samsung's sales of infringing products after Samsung received notice of Samsung's alleged infringement of Apple's patents is probative of whether Samsung had acceptable and available noninfringing alternatives. *See Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978).<br><br>However, the Court sustains Samsung's objection that the title of the slide is misleading because it suggests that Apple is entitled to damages for both the D'677 and the D'305 for each of the seven phones when in fact only the Infuse 4G was found to infringe the D'677. Thus, Apple must change the title of the slide to state "Samsung Sales after notice of the D'677 and/or D'305." |

**IT IS SO ORDERED.**

Dated: November 18, 2013                        _____
                                                                Lucy H. Koh

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S CLOSING SLIDES

3

                              LUCY H. KOH
                              United States District Judge

**United States District Court**
**For the Northern District of California**

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S CLOSING SLIDES