UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation, | Case No.: 5:11-cv-01846-LHK (PSG) |
| Plaintiff, | **ORDER RE: SAMSUNG'S SUBMISSION OF IN CAMERA ARGUMENTS** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **(Re: Docket Nos. 2757, 2772, 2780)** |
| Defendants. | |

On November 17 and 18, 2013, Apple, Inc. ("Apple") and Nokia Corporation ("Nokia") filed motions to strike the brief filed in camera on November 15, 2013 by Samsung Electronics Co., LTD., ("Samsung").[1] Apple and Nokia both decry the brief as an improper, ex parte

---

[1] *See* Docket Nos. 2757, 2772, and 2780. For more details regarding substance of the original motion and subsequent motion practice, *see* Docket Nos. 2374-2, 2434, 2483, 2538, 2610-2, 2622, 2624, 2633, and 2689.

1
Case No.: 5:11-cv-01846-LHK (PSG)
**ORDER RE: SAMSUNG'S SUBMISSION OF IN CAMERA ARGUMENTS**

communication.[2] They argue that without access to some version of the brief, they cannot properly consider, let alone respond to, the "thrust of Samsung's arguments," thus depriving the court of the "back-and-forth process [that] is, of course, a fundamental feature of our judicial system."[3] In order to preserve this process, say Apple and Nokia, ex parte arguments are only accepted under the "rarest of circumstances,"[4] and those circumstances are not present here.

The court agrees.  Although the court agreed to undertake an in camera review of the documents over which Samsung asserted privilege, it never granted Samsung the authority to keep any argument to the court beyond the reach of the other parties. In fact, the court explicitly cautioned Samsung that it would not tolerate further undue efforts to deny Apple and Nokia's outside counsel access to the evidence at the center of this dispute.

In order to ensure that Apple and Nokia have a full and fair opportunity to participate in this process, and so that the court may have the benefit of input from all sides in light of this improper submission, Samsung shall file on the public docket redacted versions of its November 15 brief and accompanying declarations (excluding those exhibits to the declarations over which Samsung asserts attorney-client, work-product, or mediation privilege) by November 19, 2013 at 5:00 p.m. Apple and Nokia may each file a brief of their own on the privilege issue no later than November 21, 2013 at 7:00 p.m.  These briefs shall not exceed 15 pages.  Having reviewed Samsung's brief and declarations, the court notes that very little in the submission merits redaction.  However, given Samsung's actions in this matter so far,[5] it nonetheless feels compelled to remind Samsung's that

---

[2] *See* Docket Nos. 2772, 2780.

[3] Docket No. 2772.

[4] Docket No. 2780 (citing *Ibrahim v. Dept' of Homeland Sec.,* Case No. 6:12-cv-0545, 2012 WL 6652362, at *3 (N.D. Cal. Dec. 20, 2012)).

[5] First, despite being ordered on October 22, 2013 to begin submitting documents "immediately," two days passed before Samsung submitted even one page.  Second, despite a final submission deadline of October 24, 2013, Samsung continued to produce documents three days later. Third, on November 15, 2013, despite being permitted to defend its privilege and work product claims

2

Case No.: 5:11-cv-01846-LHK (PSG)
**ORDER RE: SAMSUNG'S SUBMISSION OF IN CAMERA ARGUMENTS**

broad assertions of plainly unprotected information will not be tolerated. If Samsung attempts wholesale redactions of sections of the documents, the court will have no qualms about requiring the filing of completely unredacted copies quickly thereafter.

**IT IS SO ORDERED.**

Dated: November 18, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

further with an additional 15-page brief, Samsung submitted more boxes of documents, thus bringing to a swift end the court's brief respite from the stack now consuming much of the square footage of the court's jury room.   The boxes included not only the brief but no less than 16 declarations and hundreds if not thousands of pages of attachments.  Samsung also lodged its submission in camera without any prior request for permission to do so. Fourth, and to top it all off, on November 18, 2013, Samsung informed the court that at least one of its unauthorized declarations was incorrect, and so it was submitting yet another declaration, at some unannounced time in the future.