QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>     Plaintiff,<br><br>   vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>     Defendants. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S MEMORANDUM IN RESPONSE TO THE COURT'S NOVEMBER 18, 2013 "ORDER RE: SAMSUNG'S SUBMISSION OF IN CAMERA ARGUMENTS"**<br><br>**Place**:  Courtroom 5, 4th Floor<br>**Judge**:  Hon. Paul S. Grewal |

02198.51855/5626930.3

**Preliminary Statement**

Samsung respectfully submits this Memorandum in Response to the Court's November 18, 2013 "Order Re: Samsung's Submission of In Camera Arguments," Dkt. 2790. This Court's prior Orders instructed Samsung to submit documents over which Samsung claimed privilege or work product protection *in camera*. Dkt. Nos. 2587 & 2588. Samsung therefore proceeded pursuant to the understanding that these Orders extended to Samsung's submission in response to the Court's Order to Show Cause, instructing Samsung to further substantiate that these documents were privileged and protected by the work-product doctrine. Dkt. 2689 at 4 n.16. That Order requires Samsung to "demonstrate with specificity how each and every one of the above documents fall under the protection of either the attorney-client privilege or the work-product doctrine." *Id*. To meet the burden to justify its privilege and work-product assertions "with specificity," Samsung's submission, by necessity, contained detailed discussion of the contents of these privileged documents. Such detailed discussions of privileged documents under *in camera* review can only be made *in camera*, and the law fully supports *in camera* submissions in this context. Samsung therefore proceeded under the belief that submitting the supporting materials *in camera* was proper.

**Factual Background**

On August 12, 2013, Apple moved to compel further discovery related to its allegations that the Protective Order in this case has been violated. Dkt. 2374. On October 2, the Court ordered Samsung to produce certain information to Apple, including documents responsive to several specified categories. Dkt. 2483 at 5. At a subsequent hearing on October 22, the Court stated that it was "not yet satisfied that sanctions are warranted in this matter." Oct. 22 Tr. at 89:22-25. The Court also stated that it was "not yet satisfied that [it has] the information that [it needs] to make in order to make a decision regarding the request." *Id*. at 89:23-25. The Court therefore stated that it was "going to conduct an *in camera* review." *Id*. at 90:7-9. The Court ordered Samsung to submit *in camera* all documents responsive to the Court's October 2 Order that Samsung had withheld on the basis of privilege or work product. *Id*. at 94:2-25; *see* Dkt. 2587 ("The court will conduct an *in camera* review of documents on logs to be provided to the

1  court in 2 copy sets, each set is to include numbered tabs."); Dkt. 2588 ("At the conclusion of that
2  hearing, the court ordered Samsung to lodge unredacted copies of all documents listed in both its
3  privilege log and its redaction log for an *in camera* review.").

4  On November 8, 2013, following the completion of its *in camera* review, the Court entered
5  an Order to Show Cause.  Dkt. 2689.  In that Order, the Court identified eleven of the documents it
6  had reviewed *in camera* and expressed doubt that these documents were protected by the attorney-
7  client or mediation privilege or work-product doctrines.  *Id*. at 3-4 & n.16.  The Court stated that
8  by "maintaining these seemingly unwarranted [privilege and work-product] claims, Samsung
9  significantly burdens not only Apple and Nokia's ability to address the sanctions issue, but also
10 the undersigned's ability to tell the full tale of what he has seen."  *Id*.  Before ordering the
11 production of such documents, the Court "provided Samsung with one further opportunity to
12 demonstrate ***with specificity*** how each and every one of the above documents fall under the
13 protection of either the attorney-client privilege or the work-product doctrine by submitting a brief
14 on the subject of 15 pages or less by no later than 4:00 p.m. on Friday, November 15."  *Id*
15 (emphasis added).  The Court's Order did not authorize any contemporaneous or responsive
16 submission by Apple or Nokia.

17 Samsung submitted its response to the Court's Order *in camera* on November 15.  That
18 submission contains a detailed discussion of each document at issue, including declarations
19 discussing the contents of these documents and providing, with specificity, the evidentiary support
20 for each privilege and work-product assertion.  Samsung submitted it *in camera* because it
21 understood the Court's Order of November 8 to be pursuant to the same protocol the Court had set
22 forth in its October 22 Order, namely the lodging of unredacted documents with the Court *in
23 camera*.  Samsung additionally submitted *in camera* to avoid any argument by Apple and Nokia
24 that Samsung had waived privilege by serving this detailed submission on them.

25 On November 17 and 18, Apple and Nokia moved to strike this submission on the ground
26 that it was improperly submitted *in camera*.  Dkt. Nos. 2772 & 2780.  On November 18, without
27 affording Samsung any opportunity to respond to these motions and to set forth the reasons
28 contained herein why its submission was proper, the Court issued an Order requiring Samsung to

02198.51855/5626930.3

-2-

SAMSUNG'S MEMORANDUM IN RESPONSE TO THE COURT'S NOVEMBER 18, 2013 "ORDER RE: SAMSUNG'S SUBMISSION OF IN CAMERA ARGUMENTS"

1  publicly file redacted versions of Samsung's *in camera* brief and supporting declarations

2  (excluding those exhibits to the declarations over which Samsung asserts attorney-client, work-

3  product, or mediation privilege). Dkt. 2790 at 2.

**Argument**

## I. SAMSUNG'S PRIVILEGE BRIEF AND SUPPORTING DECLARATIONS WERE PROPERLY SUBMITTED

"[*I*]*n camera* inspection is a commonly-used procedural method for determining whether information should be protected or revealed to other parties." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 n.6 (9th Cir. 2003). Both the Ninth Circuit and the Supreme Court have "affirmed the propriety of *in camera* review to preserve privileged information." *Fed. Sav. & Loan Ins. Corp. v. Ferm*, 909 F.2d 372, 374 (9th Cir. 1990) (citing *United States v. Zolin,* 491 U.S. 554 (1989)). "The proper procedure for asserting the attorney-client privilege as to particular documents, or portions thereof" is for the asserting party "to submit them *in camera* for the court's inspection, providing an explanation of how the information fits within the privilege." *In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982).

Here, after conducting an *in camera* review, the Court instructed Samsung to "demonstrate with specificity" that eleven specific documents in fact were privileged. As ordered, Samsung's submission is detailed and specific in its discussion of the eleven documents in question. It is customary (and potentially necessary to preserve the privilege) when providing such a detailed, specific discussion of privileged documents that the submission be *in camera*. *See, e.g., United States v. Blackman*, 72 F.3d 1418, 1425 (9th Cir. 1995) (holding that the district court properly considered *in camera* affidavits from attorneys demonstrating that documents were privileged); *In re Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991*, 33 F.3d 342, 353 & n.16 (4th Cir. 1994) ("[T]he appellants submitted, in camera, brief memoranda reviewed by the district court summarizing the contents of the documents along with affidavits."); *In re John Doe, Inc.*, 13 F.3d 633, 636 (2d Cir. 1994) (court may consider both privileged and non-privileged material submitted *in camera* to establish the basis for privilege); *In re Gen. Motors Corp.*, 153 F.3d 714 (8th Cir. 1988) ("In this regard, we do not believe that the plaintiffs have a lawful right

02198.51855/5626930.3

-3-

SAMSUNG'S MEMORANDUM IN RESPONSE TO THE COURT'S NOVEMBER 18, 2013 "ORDER RE: SAMSUNG'S SUBMISSION OF IN CAMERA ARGUMENTS"

to insist on being present or represented at the *in camera* review, even if GM is permitted to present evidence and argument as outlined above."); *cf. In re Grand Jury Witness*, 695 F.2d at 362 (holding that appellant did not meet its burden of establishing privilege where "[t]here was no testimony or evidence offered by Waxman or Salas below, *in camera* or otherwise, to explain how disclosure of the attorney fees or methods of payment would implicate their clients in the activity for which they sought legal advice").[1]

In light of the many authorities that support *in camera* submissions in this context, the Court's specific instructions to Samsung to make its privilege showing "with specificity," the Court's prior Order ordering submission of privilege-related documents for *in camera* review, and the absence of authorization by the Court for any further response by Apple or Nokia, Samsung submitted its materials *in camera*. The declarations submitted *in camera* contains detailed descriptions and discussion of the attorney-client communications and attorney mental impressions that are the subject of the Court's *in camera* privilege review and attach as exhibits copies of those privileged and protected documents. Samsung could not possibly have complied

---

[1] *See also Grider v. City of Russell Springs*, No. 1:05-cv-137, 2010 WL 4683748, at *7 (W.D. Ky. Nov. 12, 2010) (ordering party to "address his work product arguments in more detail through the *in camera* brief to be filed with the Court"); *Struzyk v. Prudential Ins. Co. of Am.*, No. Civ. 99-1736, 2003 WL 21302964, at *2 (D. Minn. May 16, 2003) (Magistrate Judge properly considered affidavits submitted *in camera* to demonstrate that withheld documents were privileged where the "affidavits were submitted *in camera* so they could reveal information that might be protected by the work product doctrine of the attorney client privilege"); *Triple Five of Minn., Inc. v. Simon*, 212 F.R.D. 523, 530 (D. Minn. 2002) ("In addition, Defendants must submit an *in camera,* supplemental memorandum explaining for each and every document withheld why the crime-fraud exception does not apply, citing applicable law where appropriate."); *Marsh v. Safir*, No. 99CIV.8605JGKMHD, 2000 WL 460580, at *4-5 (S.D.N.Y. Apr. 20, 2000) (allowing party to submit affidavits *in camera* to support claims of privilege as this method allowed party to go into "considerably more detail what had occurred at the various meetings in question"); *Fed. Election Comm'n v. Christian Coal.*, 178 F.R.D. 456, 463 (E.D. Va. 1998) (approving submission of "an *ex parte* explanatory declaration under seal for *in camera* review" that was "an amplified explanation regarding the grounds for characterization of each document as protected by the attorney client privilege *and/or* the work product doctrine"); *N. Telecom, Inc. v. Datapoint Corp.*, CIV.A.3:82-CV-1039-D, 1992 WL 210076, *2 (N.D. Tex. June 4, 1992) (directing party to submit brief *in camera* to justify assertion of privilege); *Allegheny Ludlum Corp. v. Nippon Steel Corp.,* CIV. A No. 89-5940, 1990 WL 9837 (E.D. Pa. Feb. 1, 1990) (holding that court had discretion to consider affidavits submitted in support of claim of privilege *in camera*).

02198.51855/5626930.3

-4-
SAMSUNG'S MEMORANDUM IN RESPONSE TO THE COURT'S NOVEMBER 18, 2013 "ORDER RE: SAMSUNG'S SUBMISSION OF IN CAMERA ARGUMENTS"

with the Court's instructions, and specifically demonstrated the applicability of the privilege as to each aspect of each document in question, in a shared submission without potentially waiving the privilege and work-product protection.[2]

## II. SAMSUNG'S PRESENT SUBMISSION COMPLIES WITH THE COURT'S ORDER

Samsung's current submission fully complies with the Court's November 18 Order. Dkt. 2790. The Court instructed Samsung to "file on the public docket redacted versions of its November 15 brief and accompanying declarations (excluding those exhibits to the declarations over which Samsung asserts attorney-client, work-product, or mediation privilege)." Dkt. 2790 at 2. Samsung's attorneys have reviewed the brief and each declaration submitted *in camera* and have redacted only information protected by the attorney-client privilege, the mediation privilege,

---

[2] The Court's November 18 Order faults Samsung's efforts to provide the Court with the relevant documents for its *in camera* review. Samsung respectfully submits that these criticisms are misplaced. *See* Dkt. 2790 at 2 n.5. First, as detailed in the Declaration of Albert Bedecarré, Dkt. 2590-1, collecting, sorting, and de-duplicating the 15,000 pages of documents in dispute in the manner requested by the Court was a very large task that Samsung performed as expeditiously as reasonably possible. Samsung regrets its inability to complete this task as promptly as the Court desired. Second, the Court faults Samsung for submitting voluminous declarations to establish the foundation for its assertion of privilege and work product. It is, however, Samsung's burden to provide evidence establishing entitlement to the privilege or protection. *See Ralls v. United States*, 52 F.3d 223, 225 (9th Cir. 1995) ("The party asserting the attorney-client privilege has the burden of establishing the relationship and the privileged nature of the communication."); *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003) ("The party asserting the work product privilege bears the burden of proving that the material withheld meets the standards established for material to be classified as work product."). In light of the large number of documents at issue, meeting this burden required declarations from several witnesses establishing, for example, that various documents were prepared in anticipation of litigation or for the purpose of obtaining legal advice. Third, the Court states that, "on November 18, 2013, Samsung informed the court that at least one of its unauthorized declarations was incorrect, and so it is submitting yet another declaration, at some unannounced time." Dkt. 2790 at 2 n.5. That is incorrect, for the declaration in question merely omitted an exhibit, and that exhibit was submitted to the Court on Monday, November 18, 2013 at 9 am when the clerk's office opened for the purpose of ensuring that the Court had a complete and accurate record.

02198.51855/5626930.3

-5-

SAMSUNG'S MEMORANDUM IN RESPONSE TO THE COURT'S NOVEMBER 18, 2013 "ORDER RE: SAMSUNG'S SUBMISSION OF IN CAMERA ARGUMENTS"

or the work-product doctrine.  These redactions are necessary to prevent waiver of these privileges through disclosure to Nokia or Apple.[3]

## Conclusion

Samsung respectfully submits that its original *in camera* submission was proper, but has nonetheless now fully complied with the Court's November 18 Order to publicly file a redacted version of Samsung's brief and supporting declarations.

DATED:  November 19, 2013      QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Michael T. Zeller*
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

---

[3]  Samsung has endeavored to redact all privileged and work-product protected information from this public filing.  Even had it not done so, however, this compelled production could not result in the waiver of any privilege or protection.  *See Transamerica Computer Co., Inc. v. Int'l Bus. Machs. Corp.*, 573 F.2d 646, 651 (9th Cir. 1978) (stating the generally accepted principle that "waiver cannot result from compelled production").

02198.51855/5626930.3

-6-

SAMSUNG'S MEMORANDUM IN RESPONSE TO THE COURT'S NOVEMBER 18, 2013 "ORDER RE: SAMSUNG'S SUBMISSION OF IN CAMERA ARGUMENTS"

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document.   I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Michael Zeller.

.

                                                                  /s/ Victoria F. Maroulis
                                                                  Victoria F. Maroulis