1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone:   (650) 801-5000
   Facsimile:   (650) 801-5100
9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17                   UNITED STATES DISTRICT COURT

18            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 19  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK (PSG) |
| 20            Plaintiff, | **SUBMITTED** *IN CAMERA* |
| 21       vs. | **DECLARATION OF BAS BERGHUIS VAN WOORTMAN IN SUPPORT OF SAMSUNG'S BRIEF REGARDING ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT PROTECTION IN RESPONSE TO ORDER OF NOVEMBER 8, 2013** |
| 22  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 25            Defendant. | Date:    December 9, 2013<br>Time:    3:00 p.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal |

Case No. 11-cv-01846-LHK
**DECLARATION OF BAS BERGHUIS VAN WOORTMAN**

I, Bas Berghuis van Woortman, declare:

1. I am an attorney and partner at the law firm of Simmons & Simmons in Amsterdam, Netherlands and I have held this position since 2009. I received degrees in both Dutch and European law from the Radboud University of Nijmegen and at the University of Brussels. I reside and work primarily in Amsterdam. My practice focuses on intellectual property litigation. Except to the extent specifically identified below, I make this declaration of personal knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. I am outside counsel for Samsung Electronics and related companies against Apple in various matters in the Netherlands. I recently represented Samsung adverse to Apple in a proceeding involving declared-essential standards patents (SEPs) in the specialized Dutch patent court in The Hague. I was asked to draft this declaration to explain the circumstances surrounding the production by both Samsung and Apple of information concerning their licenses covering SEPs during the course of those proceedings.

3. Apple and Samsung brought various actions in the Dutch court. Samsung asserted four SEPs and Apple asserted three patents and six community design rights, as well as claims based on copyright and unfair competition against Samsung. The main proceedings hearing involving the question as to whether an injunction could be based on Samsung's SEPs was held on 17 February 2012.

4. During the week following the main proceedings hearing on 17 February 2012, the Dutch court requested both parties to submit more information regarding licenses of their SEPs. In response, Apple and Samsung submitted short statements that summarized the key terms of a number of their respective licenses on an anonymous basis with the names of the third party licensees or licensors omitted. Pursuant to the Court's request, Apple submitted the statement and spreadsheet that are attached here as Exhibit 1 on February 23, 2012 and Samsung submitted its own statement the same date. The parties then submitted supplemental pleadings with additional information concerning their licenses, again with the names of the other parties omitted,

1  on February 27, 2012.   Attached as Exhibit 2 is Apple's supplemental submission.   Samsung's
2  supplemental submission is attached as Exhibit 3.
3     5.   Pursuant to a confidentiality agreement agreed to by counsel for the parties, we
4  were permitted to, and did, share the Apple statements and spreadsheet with Samsung's outside
5  counsel involved in the litigations between Apple and Samsung, including Quinn Emanuel,
6  Bristows, and Allen & Overy, as well as up to ten individual employees at Samsung, whose names
7  were disclosed to Apple: Hojin Chang, Jaewan Chi, Jin Hwan Kwak, Seong Woo (Clayton) Kim,
8  Jongsun Park, Kijoong Kang, Brian S. Kim, Richard An, and Daniel Shim.   A tenth spot was
9  reserved for another Samsung employee to be designated at a later date.
10    6.   Although it is possible to obtain a more formal court-sponsored confidentiality
11 protocol, the confidentiality agreement that counsel for Samsung and Apple agreed to was
12 informal.   Other than a restriction against sharing confidential documents received under the
13 confidentiality agreement with others who were not part of that agreement, no restrictions were
14 placed on the intended recipients.   There would have been nothing inconsistent with the
15 confidentiality agreement for those recipients to use information that was properly available to
16 them, in combination with their own personal knowledge of and experience with the industry, to
17 try to ascertain who the other parties to the licenses described in the parties' submissions were.
18 In fact, as can be seen in paragraph 11 of Samsung's supplemental response submitted to the
19 Dutch court (Exhibit 3) Samsung, without being told the true identity of the third party cross
20 licensors in Apple's report, was able to assert that two of Apple's anonymous licensors were the
21 same parties as Samsung's anonymous licensors based simply on the fact that they were the
22 highest rates and by far outliers compared to the others.
23    7.   On 20 June 2012, the Dutch court rendered a favorable decision for Samsung
24 regarding one of the SEPs in suit.   In the following days and weeks, I was in frequent contact
25 with Samsung's staff attorneys, including Daniel Shim, and Samsung's other outside counsel,
26 including Quinn Emanuel, providing legal advice regarding ▬▬▬▬▬▬▬▬▬▬▬
27 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ These
28 discussions often included ▬▬▬▬▬▬▬▬▬▬▬▬

1  ████████████████████████████████████████████████

2  I understand that a document identified as tab 222 when Samsung submitted it to the Court for in

3  camera review contains a contemporaneous conversation between Mr. Shim and Seong Woo

4  (Clayton) Kim on ██████████████████████████████████████████

5  ████████  Since both Daniel Shim and Seong Woo (Clayton) Kim were authorized under the

6  confidentiality agreement, this did not constitute a breach of the agreement.

7      8.    Although I understand Samsung personnel may have been able to figure out that

8  one of the entries in the Apple spreadsheet corresponded to the Apple license with Nokia, that fact

9  was ultimately not used in any way by either Samsung or the Dutch court in the proceedings in the

10  Netherlands.   In fact, although the Dutch court requested these license-related submissions, they

11  have not played a role in any proceedings before the court since their submission.

12      9.    I have been asked what the consequences are for violation of a confidentiality

13  agreement like that agreed to by counsel for Samsung and Apple in the Dutch case. Unless

14  damages are previously agreed-upon as part of the confidentiality agreement, there are essentially

15  no consequences for such a violation.   Apple, for example, was bound to keep the terms of

16  Samsung's initial unilateral FRAND license terms (e.g., 2.4% of the average sales price of the

17  underlying product) confidential.   But Apple's Dutch lawyers revealed the terms in open court in

18  September 2011 and that information was quickly disseminated in the press and across the

19  internet. Attached as Exhibit 5 is an online article reporting this. See

20  http://www.fosspatents.com/2013/04/apple-filing-reveals-samsung-recently.html (noting

21  "Samsung's 2.4% demand was mentioned in public for the first time in September 2011 at a

22  preliminary injunction hearing in the Netherlands. A Dutch lawyer representing Apple in a court

23  in The Hague mentioned it in violation of a protective order, and Dutch journalist Andreas Udo de

24  Haes shared the information on Twitter.") Due to the informal nature of the confidentiality

25  agreement and the absence of agreed penalties, there was no avenue available for Samsung to seek

26  protection, enforcement, or punishment in response.

1 | I declare under penalty of perjury that the foregoing is true and correct under the law of the
2 | United States of America.
3 | Executed in Amsterdam, Netherlands, on November 15, 2013.

                    */s/ Bas Berghuis van Woortman*
                     Bas Berghuis van Woortman

## ATTESTATION

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document. I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Bas Berghuis van Woortman.

*/s/ Victoria F. Maroulis*
Victoria F. Maroulis