```
 1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Bar No. 170151)
 2  charlesverhoeven@quinnemanuel.com
    50 California Street, 22nd Floor
 3  San Francisco, California 94111
    Telephone: (415) 875-6600
 4  Facsimile: (415) 875-6700

 5  Kevin P.B. Johnson (Bar No. 177129)
    kevinjohnson@quinnemanuel.com
 6  Victoria F. Maroulis (Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
 7  555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California 94065-2139
 8  Telephone:   (650) 801-5000
    Facsimile:   (650) 801-5100
 9
    William C. Price (Bar No. 108542)
10  williamprice@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
11  michaelzeller@quinnemanuel.com
    865 S. Figueroa St., 10th Floor
12  Los Angeles, California 90017
    Telephone: (213) 443-3000
13  Facsimile: (213) 443-3100

14  Attorneys for SAMSUNG ELECTRONICS
    CO., LTD., SAMSUNG ELECTRONICS
15  AMERICA, INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC
16
```

                        UNITED STATES DISTRICT COURT

                NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK (PSG) |
|---|---|
| Plaintiff, | **SUBMITTED *IN CAMERA*** |
| vs. | **DECLARATION OF TODD BRIGGS IN SUPPORT OF SAMSUNG'S BRIEF REGARDING ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION IN RESPONSE TO ORDER OF NOVEMBER 8, 2013** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendant. | |
| | **Date**: December 9, 2013<br>**Time**: 3:00 p.m.<br>**Place**: Courtroom 5, 4th Floor<br>**Judge**: Hon. Paul S. Grewal |

1  I, Todd Briggs, declare:

2  1.  I am a member of the bar of the State of California, and a partner in the firm Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attorneys for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") in Case No. 5:11-cv-01846 LHK (PSG) in the Northern District of California ("NDCAL 1 case").  I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

3  2.  On March 24, 2012 at approximately 8:12 am Pacific time (March 25, 2012 at 12:12 am Korea time) ("March 24 email"), I sent an email providing access information for an FTP site that contained the following:   11 Apple invalidity reports directed to Samsung's seven standards and five feature patents at issue, one Apple report directed to likelihood of confusion and dilution, and one Samsung expert report directed to the reasonable royalty for Samsung's patents.  The latter report was a redacted version of the Expert Report of David Teece.  These reports had just recently been completed and exchanged by the parties.  They totaled more than 1,000 pages.

4  3.  I was part of the technical team at Quinn Emanuel and was familiar with Samsung's seven standards and feature patents, but I was not part of the teams that worked on the likelihood of confusion and dilution and reasonable royalty for Samsung's patents issues.  I have served as a primary point of contact with Samsung and would often send information and materials prepared by the various sub-teams working on this case.

5  4.  I sent the March 24 email to the following Samsung employees:   Anthony Kahng, IlMan Bae, MinHyung Chung, Jae-Il Park, Jaehawk Lee, JaeHyun Park, SangHoon Jin, Karin Norton, Beyong Ho Yuu, Brian Sung Yun Kim, Byung-Gun Min, Julie Han, Cindi Moreland, Daniel Shim, Derrick Robinson, Seung Ho Ahn, Edward Kim, Eric Cha, EunHa Kim, Hankil Kang, Heungju Kwon, Hojin Chang, Hoshin Lee, Jaewan Chi, Jaehwan Kim, JaeHyoung Kim, James Shin, Jeff Myung, Johnda Crites, Jonghee Kim, JunHong Park, KyuHyuk Lee, Kenneth Korea, Michael Kang, Michelle Yang, Richard An, Rosa Kim, Samuel Lee, Seongwoo (Clayton) Kim, Soojin Lee, SungCheol Bae, Sung-Ho Lee, YongKu Park, YoonJung Shin, Youngjo Lim,

1  YoungSoon Lee, Yunhee Kang, Jae N. Noh, Youngho Kim, Jonghee Kim, and SeungKyun Oh.

2  5. I also sent the March 24 email to the following Quinn Emanuel employees and internal email aliases:  Alan Whitehurst, Eric Huang, the "Samsung Patent Team" and "Samsung v. Apple" aliases at Quinn Emanuel.

6. I understand that the following recipients of my email all work or worked within the Intellectual Property Center at Samsung Electronics in Korea:  IlMan Bae -- Principal Engineer, IP Patent & Technology Analysis; MinHyung Chung -- Senior Vice President, IP Patent & Technology Analysis; Jae-Il Park -- Legal Counsel, IP Legal; Jaehawk Lee -- Principal Engineer, IP Patent & Technology Analysis; JaeHyun Park -- Senior Engineer, IP Patent & Technology Analysis; SangHoon Jin -- Senior Engineer, IP Patent & Technology Analysis; Beyong Ho Yuu -- Vice President, IP Patent & Technology Analysis and an attorney; Brian Sung Yun Kim -- Vice President, IP Legal and an attorney; Byung-Gun Min -- Senior Engineer, IP Patent & Technology Analysis; Daniel Shim -- Senior Legal Counsel, IP Legal; Seungho Ahn -- Executive Vice President, IP Center and an attorney; Edward Kim -- Senior Legal Counsel, IP Legal; Eric Cha -- Senior Legal Counsel, IP Legal; Hankil Kang -- Legal Counsel, IP Legal; Heungju Kwon -- Principal Engineer, IP Licensing; Hojin Chang -- Senior Legal Counsel, IP Licensing; Hoshin Lee -- Senior Legal Counsel, IP Patent & Technology Analysis; Jaewan Chi -- Executive Vice President, IP Licensing and a lawyer; Jaehwan Kim -- Senior Legal Counsel, IP Legal; JaeHyoung Kim -- Senior Engineer, IP Licensing; James Shin -- Senior Legal Counsel, IP Legal; Jonghee Kim -- Principal Engineer, IP Patent & Technology Analysis; JunHong Park -- Senior Engineer, IP Patent & Technology Analysis; KyuHyuk Lee -- Principal Engineer, IP Patent & Technology Analysis; Michael Kang -- Senior Legal Counsel, IP Legal; Richard An -- Senior Legal Counsel, IP Legal; Rosa Kim -- Senior Legal Counsel, IP Legal; Samuel Lee -- Senior Legal Counsel, IP Legal; Seongwoo (Clayton) Kim – who worked as a Director, IP Licensing at the IP Center at the time of my email; Soojin Lee -- Principal Engineer, IP Legal; SungCheol Bae -- Senior Engineer, IP Patent & Technology Analysis; Sung-Ho Lee -- Senior Engineer, IP Patent & Technology Analysis and an attorney; YoonJung Shin -- Senior Engineer, IP Patent & Technology Analysis; Youngjo Lim -- Principal Engineer, IP Legal and an attorney; YoungSoon

1  Lee -- Senior Engineer, IP Patent & Technology Analysis; Yunhee Kang -- Senior Legal Counsel,
2  IP Legal; Jae N. Noh -- Principal Engineer, IP Patent & Technology Analyses; Youngho Kim --
3  Senior Engineer, IP Patent & Technology Analysis; Jonghee Kim -- Principal Engineer, IP Patent
4  & Technology Analysis; SeungKyun Oh -- Senior Engineer, IP Patent & Technology Analysis;
5  and YongKu Park who worked as a Principal Engineer, IP Licensing at the time of my email.

6  7.  I understand that the following recipients of my email all worked in Samsung's
7  Washington D.C. IP Office:   Anthony Kahng --Vice President and an attorney; and Karin Norton
8  -- Senior Legal Counsel.

9  8.  I understand that the following recipients of my email all worked in Samsung's
10 Silicon Valley IP Office:   Julie Han -- Director & Senior Counsel; Eunha Kim -- Principal
11 Engineer; Jeff Myung -- Counsel; Kenneth Korea -- Vice President and an attorney; and Michelle
12 Yang is Director & Senior Counsel.

13 9.  I understand that the following recipient of my email worked in Samsung's New
14 Jersey Office:   Derrick Robinson -- General Counsel of Samsung Electronics America, Inc.

15 10. I understand that the following recipients of my email worked in Samsung's
16 Richardson, Texas office:   Cindi Moreland -- General Counsel, STA Legal; and Johnda Crites --
17 Specialist III, STA Legal.

18 11. Alan Whitehurst and Eric Huang are partners at Quinn Emanuel.

19 12. "Samsung Patent Team" and "Samsung v. Apple" are email aliases that include
20 Quinn Emanuel attorneys and support personnel working on the NDCAL 1 litigation.

21 13. I understand that my email is the bottom email in a chain of emails that was
22 identified as Tab 215 when it was submitted to the Court for *in camera* review.  Attached as
23 Exhibit A is a true and correct copy of the email chain containing my email that was submitted at
24 Tab 215.

25 14. At the time I sent my email, I was a member of the team of Quinn Emanuel lawyers
26 representing Samsung in the NDCAL I case.  I still am a member of that team.  As mentioned
27 above, I sent this email to provide Samsung with copies of several expert reports that has been
28 served in the NDCAL I case.   I sent this email for the purpose of providing Samsung with legal

advice in connection with the ongoing NDCAL I litigation, and soliciting Samsung's feedback and instructions regarding same.

15. I believed at the time I sent the email that I was not transmitting any information that was claimed to be confidential Apple information under the protective order in the NDCAL I case and thus could not be shared with Samsung. I understood that the materials loaded to the FTP site were properly redacted under the protective order in the NDCAL I case. In sending these FTP instructions, I had no intention whatsoever of sharing any Apple confidential information with Samsung. I now know that the Teece Report did contain incomplete redactions, which was an unfortunate and completely inadvertent mistake.

I declare under penalty of perjury that the foregoing is true and correct under the law of the United States of America.

Executed in San Jose, California, on November 15, 2013.

*/s/ Todd Briggs*
Todd Briggs

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document. I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Todd Briggs.

    /s/ Victoria F. Maroulis
    Victoria F. Maroulis