QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SUBMITTED IN CAMERA**<br><br>**DECLARATION OF ERIC CHA IN SUPPORT OF SAMSUNG'S BRIEF REGARDING ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION IN RESPONSE TO ORDER OF NOVEMBER 8, 2013**<br><br>Date:   December 9, 2013<br>Time:   3:00 p.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal |

1   I, Eric Cha, declare:

2   1.   I am Senior Litigation Counsel at Samsung Electronics Co., Ltd.   I am a member of the bar of the State of California.   I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2.   One of my duties at Samsung involves overseeing and collaborating with Samsung's outside counsel working on litigation with Ericsson.   I also provide legal advice and guidance regarding Samsung's litigation with Ericsson to others at Samsung.

3.   Ericsson Inc. and Telefonaktiebolaget LM Ericsson ("Ericsson") filed two patent infringement lawsuits in the United States District for the Eastern District of Texas (Case 6:12-cv-00894-LED and Case 6:12-cv-00895-LED) against Samsung Electronics Co., Ltd. and Samsung Telecommunications America, LLC ("Samsung") on November 27, 2012.   Ericsson filed an International Trade Commission investigation entitled Certain Wireless Communications Equipment and Articles Therein (the "862 Investigation") against Samsung on November 30, 2012.   Samsung filed an International Trade Commission Investigation entitled Certain Wireless Communications Equipment and Articles Therein (the '866 Investigation) against Ericsson on December 21, 2012.

4.   On February 25, 2013, I sent an email to Jay Shim, myself, Beyong Ho Yuu, Brian Kim, Daniel Laurence Girdwood, Daniel Shim, Hojin Chang, Hyucksun Kwon, Indong Kang, Injung Lee, James Kwak, Junwon Lee, Julie Han, Kijoong Kang, Michael Kang, Everrette Snotherly, Richard An, Taehyung Kim, WonDeuk Song, YoungJo Lim, Anthony Kahng, YoungJin Kwon, Hankil Kang, JungHyeob Lee, Young Mo Koo, Dr. Ahn, Jaewan Chi and MinHyung Chung titled "█████████████████████████████."   I understand this email was identified as tab 90 when Samsung submitted it to the Court for *in camera* review.   I also understand that the email contains an earlier email chain, dated February 25, 2013 from David Higer at Kirkland & Ellis, Samsung's outside counsel, to me and others.   A true and correct copy of my February 25, 2013 email is attached as Exhibit A.   My email attached a document titled "█████████████" from IP Legal, dated February 22, 2013 which I understand has been submitted for *in camera* review as tab 90-1 and a document titled "█████████████", dated

-1-   Case No. 11-cv-01846-LHK (PSG)
**DECLARATION OF ERIC CHA**

1  February 20, 2013 which I understand has been submitted for *in camera* review at tab 90-2.   A

2  true and correct copy of the document titled "█████████████████" is attached as Exhibit B.

3  A true and correct copy of the document titled "█████████████" is attached as Exhibit C.

4     5.   As referenced above, David Higer of Kirkland & Ellis is Samsung's outside

5  counsel in the litigation between Samsung and Ericsson.   In his February 25, 2013 email, he

6  shared his impressions ███████████████████████████████████████████

7  ██████████████████████████████████████████████████████████

8  ████████████████ In addition, he shared his impressions ████████████████

9  █ ███████████████████████████████████████████████████████

10 ████████████████████████████████ In Mr. Higer's email, he also

11 provided Samsung with legal advice regarding its ongoing litigation with Ericsson.

12    6.   My February 25, 2013 email forwarded Mr. Higer's email to my colleagues and

13 shared ██████████████████████████████████. In my reports, I

14 discussed my impressions of ████████████████ ████████████████████

15 ████████████████████████████████████████████████████████ █

16 ██████████████████████████████████████████████████████████

17 ██████████  My email and reports were prepared in anticipation of ongoing litigation

18 proceedings with Ericsson, and ████████████████████ trial in the district court actions

19 between Sansung and Ericsson and the hearings in the ITC actions between Samsung and

20 Ericsson.

21    7.   In the document titled ████████████████████████████████████

22 █████████████████████████████████████████████████████. The

23 information reflected in my report came from statements by Samsung's outside attorneys, as

24 reflected in my reports.

25    8.   In addition, ████████████████████████████████████████████

26 ████████████ regarding what was referred to as the "Teece Report" and the "Teece

27 declaration."   This discussion in ██████████████████████████████████████

28 ████████████████████████████████████████████████████████.

-2-                                                     Case No. 11-cv-01846-LHK (PSG)
                                                        **DECLARATION OF ERIC CHA**

1    9.    █████████████████████████████████████████████████
2    ███████████████████████████████████

3    10.    Of the recipients of my email, Jay Shim, Beyong Ho Yuu, Brian Kim, Daniel Laurence Girdwood, Daniel W. Shim, Hojin Chang, Indong Kang, Julie Han, Kijoong Kang, Michael Kang, Everette Rett Snotherly, Richard An, Taehyung Kim, Youngjo Lim, Anthony Kahng, Hankil Kang, Seungho Ahn, and Jaewan Chi are all attorneys who provide legal advice to Samsung and I sent it to them for this reason.

11.    All but one of the other recipients of my email—Injung Lee, JungHyeob Lee, Youngmo Koo, Hyucksun Kwon, James Jinhwan Kwak, Junwon Lee, WonDeuk Song, Youngjin Kwon, and Minhyung Chung--work within the Intellectual Property Center in Suwon, Korea. Injung Lee is a Senior Vice President of IP Legal.   Youngmo Koo is a Senior Engineer in the Licensing Team.   Hyuckson Kwon is a Senior Engineer, Licensing.   Indong Kang is a Director in the IP Licensing Team.   Junwon Lee is a Director in the IP Licensing Team.   James Jinhwan Kwak is Vice President in the IP Licensing Team.   MinHyung Chung is a Senior Vice President of the IP Patent and Technology Analysis Team.   WonDeuk Song is a Vice President of the IP Patent and Technology Analysis Team and Youngjin Kwon is a principal engineer in the IP Licensing Team.   JungHyeob Lee is a senior engineer in the mobile business division who acts as the interface for communications between the IP Center and the Mobile Business Division regarding the Ericsson litigation.   All of these individuals are involved in supporting the attorneys providing legal advice to Samsung and I sent it to them for this reason.

12.    I did not voluntarily disclose the documents at Tab 90, Tab 90-1 or Tab 90-2 to any third party who was not subject to the attorney-client relationship.   I did not voluntarily disclose the documents or the content of the documents to any third party who is not bound to maintain its confidence, to a third party with interests adverse to Samsung, to a third party that enabled an adversary to gain access to the information, or otherwise make the information public.

13.    I also sent James Junhwan Kwak an email on February 25, 2013 regarding ████ ███████    I received a response from him on the same date and then responded to his email.   I understand that this email chain was identified as tab 87 when Samsung submitted it to

-3-    Case No. 11-cv-01846-LHK (PSG)
**DECLARATION OF ERIC CHA**

1 the Court for *in camera* review.   Attached as Exhibit D is a true and correct copy of the email
2 chain containing my February 25, 2013 email.
3        14.   In my February 25, 2013 email, I was sharing ▬▬▬▬▬▬▬▬▬▬▬
4 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ with Mr. Kwak.   I attached ▬▬▬▬▬▬
5 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ that I also attached to the email at Tab 90.   I was
6 forwarding this email for the purposes of keeping Mr. Kwak, the Vice President of the Licensing
7 Team, informed of work being done in connection with Samsung's litigation with Ericsson and to
8 provide him with legal advice.   When Mr. Kwak asked me a question about ▬▬▬ in
9 response to my initial email, I responded.   In my response, I shared my impressions of ▬▬
10 ▬▬ and I provided legal advice regarding ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
11 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬
12        15.   My comments regarding ▬▬▬▬▬▬▬▬▬▬ in the email at
13 Tab 87 were based on ▬▬▬▬▬▬▬▬▬▬▬▬▬
14        16.   I did not voluntarily disclose the document at tab 87 to any third party who was not
15 subject to the attorney-client relationship.   I did not voluntarily disclose the document or the
16 content of the document to any third party who is not bound to maintain its confidence, to a third
17 party with interests adverse to Samsung, to a third party that enabled an adversary to gain access to
18 the information, or otherwise make the information public.
19        17.   I understand the Court has cited to tabs 87 and 90 in its Order to Show Cause Why
20 Sanctions Are Not Warranted and stated that it shows "Samsung's wrongful use of the disclosed
21 SBI in preparing for:   a. its negotiations and arbitrations with Ericsson between May 2012 and
22 May 2013."   For the reasons explained above, nothing in these documents reflects any use of
23 Apple's confidential business information in connection with preparing for negotiations and
24 arbitrations with Ericsson between May 2012 and May 2013.   As referenced above, I obtained
25 the information in these documents from Samsung's outside counsel in its litigation against
26 Ericsson ▬▬▬▬▬▬▬▬▬▬▬▬▬▬
27        I declare under penalty of perjury that the foregoing is true and correct under the law of the
28 United States of America.

-4-                             Case No. 11-cv-01846-LHK (PSG)
                                            **DECLARATION OF ERIC CHA**

1 | Executed in Suwon, Korea, on November 15, 2013.

                                                      */s/ Eric Cha*
                                                      Eric Cha

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document.  I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Eric Cha.

                                          */s/ Victoria F. Maroulis*
                                            Victoria F. Maroulis