QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SUBMITTED *IN CAMERA***<br><br>**DECLARATION OF HOJIN CHANG IN SUPPORT OF SAMSUNG'S BRIEF REGARDING ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT PROTECTION IN RESPONSE TO ORDER OF NOVEMBER 8, 2013**<br><br>**Date**:   December 9, 2013<br>**Time**:   3:00 p.m.<br>**Place**:   Courtroom 5, 4th Floor<br>**Judge**:   Hon. Paul S. Grewal |

I, Hojin Chang, declare:

1. I am a Senior Legal Counsel at Samsung Electronics Co., Ltd. I have held this position since October 2011. I am responsible for providing legal advice to employees of Samsung and interacting with and supervising outside counsel in the representation of Samsung in connection with various litigations. Except to the extent specifically identified below, I make this declaration of personal knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. I received a J.D. degree from Duke University School of Law. I am actively licensed to practice law in New York.

3. I reside and work in Korea. I speak both English and Korean.

4. One of my responsibilities as Senior Legal Counsel includes coordination of litigations, including the various Samsung/Apple cases across multiple jurisdictions. These responsibilities include reviewing and approving outside counsel's work-product, reporting internally on and providing legal advice regarding ongoing litigations, attending trials and meetings with outside counsel, and coordinating outside counsel activities.

5. I worked with Yong Ku Park in the spring of 2012 in connection with the Samsung/Apple cases. Mr. Park sat near me and we worked closely together for a period of time. Mr. Park's title at the time, I believe, was "principal engineer." "Engineer" is a generic classification at Samsung and does not necessarily refer to an individual in an engineering field such as an electrical engineer or a mechanical engineer. For instance, an attorney coming to Samsung directly after finishing legal studies may hold the title "engineer." At the time, Mr. Park was a member of a team that was directly involved in working with outside counsel to monitor and manage the Apple litigations. Although I do not believe Mr. Park is an attorney, his work at the time was for attorneys. One of the responsibilities of his team was to review filings from all litigations involving Apple and help provide support for attorney legal advice on the coordination of the litigations.

6. I also worked with Mr. Heung Ju Kwon during the spring of 2012. Although Mr. Kwon is not an attorney, he also worked for the same team responsible for litigation matters under

1  lawyers as Mr. Park.

2  7. Attached as Exhibit 1 is an email chain I sent on March 27, 2013 to Mr. Park and Mr. Kwon attaching an expert report of Dr. David Teece. In preparing this declaration, I only reviewed this email and I did not review the attached Teece expert report. I understand that this email and the attachment were identified as tab 215 when Samsung submitted it to the Court for *in camera* review.

8. As shown in Exhibit 1, I had received an email from outside legal counsel, Quinn Emanuel, on March 25, 2012 with instructions for accessing certain expert reports including a redacted copy of Dr. Teece's expert report. As can be seen, this communication was made by Samsung's attorneys in connection with our pending litigation against Apple and was made for the purposes of allowing me and my colleagues at Samsung to both obtain and provide legal advice concerning the Apple litigation. All of the recipients on this email were Samsung outside counsel, Samsung in-house attorneys, or Samsung staff members assisting attorneys during the course of litigation.

9. As shown in Exhibit 1, I forwarded the email and the Teece report to Mr. Park and Mr. Kwon. Mr. Park's email address at the time was facenine@samsung.com. The purpose of sending this report to Mr. Park and Mr. Kwon was for them ██████████████████ ████████████████████████████████████ ████ Mr. Park and Mr. Kwon, as well as others working together on these tasks, including myself, ████████████████████████████████████ ████████████████████████████████████ ██████████

10. Though the expert report itself is not privileged, I understood the contents and purpose of the communications from outside counsel to me to be privileged because it was created in connection with pending litigation. I also understood the content and purpose of my instructions to and request for reporting from Mrs. Park and Kwon to be privileged because it was seeking and providing legal advice for an ongoing litigation..

11. I did not voluntarily disclose either the email or the attachment or the content of

-2-

Case No. 11-cv-01846-LHK
**DECLARATION OF HOJIN CHANG**

1  these communications to anyone other than Samsung personnel working on the litigation or
2  Samsung's outside counsel.
3         12.    I do not recall ever seeing the terms of any Apple patent license with Nokia or any
4  other company in any of the Teece reports that I received, and I do not recall anyone ever
5  mentioning that they had seen such information in one of the Teece reports.   At no time did I
6  distribute to anyone a version of a Teece report with the intention that that information therein
7  pertaining to the terms of any Apple patent license with Nokia or another company be used for any
8  purposes including negotiation strategies.   At no time did I instruct anyone to look at a version of
9  the Teece report to ascertain the terms of any Apple patent license with Nokia or another
10 company; nor was I ever myself instructed to do so.   I did not use, and I am not aware of anyone
11 from Samsung using, for any reason, information about the terms of any Apple license agreement
12 with Nokia or any other company from any version of the Teece report that I received or
13 distributed.
14        I declare under penalty of perjury that the foregoing is true and correct under the law of the
15 United States of America.
16        Executed in Suwon, Korea, on November 15, 2013.

                                        */s/ Hojin Chang*
                                          Hojin Chang

1

**ATTESTATION**

2   I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the

3   foregoing document.   I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic

4   filing of this document has been obtained from Hojin Chang.

5

6                                                                 */s/ Victoria F. Maroulis*
                                                                   Victoria F. Maroulis
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28