1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone:   (650) 801-5000
   Facsimile:   (650) 801-5100
9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17                       UNITED STATES DISTRICT COURT

18             NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19 APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK (PSG)
20         Plaintiff, | **SUBMITTED** *IN CAMERA*
21     vs. | **DECLARATION OF INDONG KANG IN SUPPORT OF SAMSUNG'S BRIEF REGARDING ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT PROTECTION IN RESPONSE TO ORDER OF NOVEMBER 8, 2013**
22 SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG
23 ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG
24 TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,
25
26         Defendant. | **Date**:   December 9, 2013
                      | **Time**:   3:00 p.m.
27                    | **Place**:  Courtroom 5, 4th Floor
                      | **Judge**:  Hon. Paul S. Grewal
28

Case No. 11-cv-01846-LHK
**DECLARATION OF INDONG KANG**

1  I, Indong Kang, declare:

2  1. I am a member of the bar of the State of New York and the State of Massachusetts, and I work in Samsung's IP Center, which is responsible for licensing at Samsung Electronics Co., Ltd. ("Samsung"). My title is Director and I have held this position since 2006. I obtained an undergraduate degree from Chungang University in South Korea in 1989, a Masters of Intellectual Property in 1995 from the University of New Hampshire, and a J.D. from the University of New Hampshire in 2007. Except to the extent specifically identified below, I make this declaration of personal knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. I have been a participant in the negotiations between Samsung and Nokia Corporation ("Nokia"). One of these negotiations occurred on June 4, 2013 in Seoul, Korea. At the meeting, the parties discussed a variety of proposals made by Nokia regarding a potential extension to the existing license between the companies. My superiors, Executive Vice President Dr. Seungho Ahn and Vice President James Kwak, requested that I provide legal advice and analysis concerning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮.

3. In order to respond to that request, on July 4, 2013, I provided certain materials to my subordinate, Jeheon Han, a Manager of Licensing, who I assigned to assist me with this analysis. These materials included (a) a draft response reflecting my analysis of ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Tab 255-1); (b) a memo that I prepared analyzing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Tab 255-2); (c) two drafts of a letter to ▮▮▮▮▮ (Tabs 255-3 and 255-4); (d) a draft pleading prepared by Williams & Connolly, Samsung's outside counsel, at Samsung's request (Tab 255-5); (e) my ▮▮▮▮▮ letter to ▮▮▮▮▮ (Tab 255-6); and (f) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Response to ▮▮▮. A true and correct copy of this email and its attachments is attached hereto as Exhibit A. I understand that this email and its attachments were identified as Tab 255 when Samsung submitted them to the Court for *in camera* review.

4. I sent my email and selected the attachments identified in Tab 255 to Mr. Han for

1  the purpose of preparing a confidential report that would provide legal advice to Samsung

2  regarding ███████████████████████████████████████████████████████████████████.

3  Mr. Han is not an attorney, but he works at my direction.   With regard to this particular

4  assignment, a significant portion of the confidential report being prepared was to provide advice

5  regarding ███████████████████████████████████████████████████████████████████.

6        5.   A number of the attachments to Tab 255 themselves contain legal advice regarding

7  the ████████████████████████████████████████████████.   These

8  included Tabs 255-1, 255-2, 255-3, 255-4, and Tab 255-5.   Tab 255-5 was prepared by the law

9  firm Williams & Connolly, Samsung's outside counsel.

10        6.   I did not share Tab 255 with anybody other than Samsung's legal counsel or other

11  Samsung employees involved in this matter, nor did I separately share the draft response, memo,

12  draft letters, or draft pleading with anybody other than legal counsel or other Samsung employees

13  involved in this matter.   While the ████████ letter and ███████████████████

14  █████████████████ are █████████████████████████████, as I note

15  above, I identified, gathered, and forwarded these materials for the purpose of providing legal

16  advice regarding ████████████████████████████████████████████████████

17  ██.

18        7.   There is no information in Tab 255 that was taken from the Initial Expert Report of

19  David Teece that was submitted in the Northern District of California litigation nor is there any

20  information derived from materials produced pursuant to the Protective Order in that litigation.   I

21  do not remember reading any emails or other documents reciting the precise terms of the

22  Apple/Nokia license, or learning those terms from any discussions, nor do I know with certainty

23  what those terms are from any other source.   I understand that I never received any emails from

24  Quinn Emanuel containing instructions for accessing the Teece Report via a File Transfer Protocol

25  ("FTP") site, nor any emails attaching the Teece Report itself.   My reference to ███████

26  ████████ is based on ████████████████████████████████████████████████

27  ████████████████████████████████████.   As part of my job, I speak

28  with transactional counsel, consultants and industry participants to learn whatever I can so that I

-2-   Case No. 11-cv-01846-LHK
DECLARATION OF INDONG KANG

have as much information as possible before engaging in licensing negotiations.

8. On May 28, 2012, I sent to Michael Kang an email attaching a draft mediation statement prepared for a mediation between Samsung and Ericsson. He was the only email recipient. I sent my email to Michael Kang so that he could familiarize outside counsel, including studio Vanzetti, Rokh IP, and Bristows, with ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬ could effectively represent Samsung and provide Samsung with legal advice. I did not voluntarily disclose either the email or the attachment or the content of these communications to anyone other than Samsung personnel or Samsung's outside counsel.

9. On May 29, 2012, Michael Kang sent an email to studio Vanzetti, Martin Koehler of Rokh IP, and James Boon at Bristows copying me, Junwon Lee, Eric Cha, Brian Kim and Kijung Kang. The email attaches the draft mediation statement. I understand this email was identified as tab 274 when Samsung submitted it to the Court for *in camera* review and that the attached mediation statement was submitted as tab 274-1. A true and correct copy of this email is attached hereto as Exhibit B.

10. The draft mediation statement that I sent includes ▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬, the existence of which was publicly known, but does not include any information about their terms. The information in the draft mediation statement was supplied by Samsung's counsel, Kirkland & Ellis.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Washington, D.C., on November 15, 2013.

                                              */s/ Indong Kang*
                                              Indong Kang

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document.   I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Indong Kang.

                                   */s/ Victoria F. Maroulis*
                                   Victoria F. Maroulis