QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floors
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendant.

CASE NO. 11-cv-01846-LHK (PSG)

**SUBMITTED *IN CAMERA***

**DECLARATION OF THOMAS D. PEASE IN SUPPORT OF SAMSUNG'S BRIEF REGARDING ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT PROTECTION IN RESPONSE TO ORDER OF NOVEMBER 8, 2013**

**Date**: December 9, 2013
**Time**: 3:00 p.m.
**Place**: Courtroom 5, 4th Floor
**Judge**: Hon. Paul S. Grewal

**Declaration of Thomas D. Pease**

1. I am a member of the bar of the State of New York and a partner in the firm Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attorneys for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") in two actions in the Northern District of California, Case Nos. 11-cv-1846 LHK (PSG) ("the 1846 action") and 12-cv-00630-LHK ("the 630 action"). Except to the extent specifically identified below, I make this declaration of personal knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. As part of our representation of Samsung in litigation against Apple, I have responsibility for managing a team of lawyers working on aspects of the case related to standards setting organizations, fair, reasonable, and non-discriminatory licensing, and declared-essential patent damages. In that role, I often participate in the exchange of communications with Samsung relating to this aspect of the Apple cases for purposes of ensuring consistency and proper legal advice between actions.

3. Attached as Exhibit 1 is an email chain that was filed *in camera* as Tab 19 and referenced in the Court's Order to Show Cause Why Sanctions Are Not Warranted. The email chain consists of four emails between Daniel Shim, a lawyer at Samsung, and Guy Eddon, who was an associate of our firm until July 19, 2013. I was copied on this email chain and Alex Baxter, another associate of our firm, was copied on at least the last email in the chain.

4. The first email in the chain was a privileged and confidential communication sent by Samsung in-house counsel Daniel Shim to Mr. Eddon the evening of December 21, 2012, copying me. In that email, Mr. Shim instructed Mr. Eddon to [REDACTED] Mr. Shim also requested [REDACTED] The requests were made for the purpose of soliciting and providing legal advice. Mr. Shim's email indicated [REDACTED] in order to provide legal advice in another

pending patent litigation involving Samsung.

5. Later that evening, while on a train to Boston for the Christmas holiday, Guy Eddon sent an email to Mr. Shim with the [REDACTED] Just after midnight, Mr. Eddon sent another email to Mr. Shim with [REDACTED] copying both me and Alex Baxter. Mr. Eddon was unable [REDACTED] I have not provided this email to anyone other than Quinn Emanuel attorneys. I did not voluntarily disclose the document or the contents of that communication with any third party not subject to the attorney-client privilege.

6. I understand that the next morning, December 22, 2012, [REDACTED] Mr. Eddon then contacted Mr. Shim and instructed him [REDACTED] I understand Mr. Shim confirmed that [REDACTED]

7. Although I was copied on this email chain, [REDACTED] I had taken off from work on Friday, December 21, 2012 and had spent the entire day and much of the night packing for a move the next day to a new house. The next day, I was up very early and was busy directing the movers and then unpacking until somewhere between 3 and 4 am, Sunday morning, and was generally not looking at email. As a result [REDACTED]

8. Attached as Exhibit 2 is an email chain that was filed *in camera* as Tab 20 and referenced in the Court's Order to Show Cause Why Sanctions Are Not Warranted. The email chain consists of (1) an email between Mr. Eddon and Mr. Shim, on which I was copied with Mr. Baxter; (2) an internal email from Mr. Baxter to Mr. Eddon on which I was also a recipient; and

(3) internal emails between Mr. Baxter and Quinn Emanuel's Word Processing Coordinator.

9. The email chain begins with a January 4, 2013 email in which Mr. Eddon sent Mr. Shim [REDACTED] in response to Mr. Shim's December 21st request for legal advice, which is the subject of Tab 19. *See* Exhibit 1. [REDACTED] As is set forth in the additional email correspondence that appears below Mr. Eddon's email to Mr. Shim, and consistent with my recollection, [REDACTED] I have not provided Exhibit 2 to anyone other than Quinn Emanuel attorneys. I did not voluntarily disclose the document or the contents of that communicate with any third party not subject to the attorney-client privilege.

10. Attached as Exhibit 3 is an email chain that was filed *in camera* as Tab 272 and referenced in the Court's Order to Show Cause Why Sanctions Are Not Warranted. The email chain consists of an May 13, 2013 email from Mr. Shim to me and a group email distribution list at Quinn Emanuel, samsungFRAND@quinnemanuel.com that includes lawyers and certain staff members of Quinn Emanuel who work on aspects of the Samsung/Apple cases related to standards setting organizations, "FRAND" licensing, and declared-essential patent damages. Victoria Maroulis, a Quinn Emanuel partner was also cc'd on the email. As Mr. Shim's May 13 email indicates, Mr. Shim sought legal advice from Quinn Emanuel concerning [REDACTED] Mr. Shim's request was made to his attorneys and was made in confidence without voluntary disclosure to any third-party who was not subject to the attorney-client relationship.

11. Mr. Shim's May 13 email forwarded an email from Hyucksun Kwon, a Samsung Senior Engineer who reports to Senior Vice President Jay Shim, a U.S. trained lawyer who is actively involved in monitoring and reporting on Samsung's lawsuits against Ericsson. In his email, Mr. Shim requested legal advice and analysis of [REDACTED]

[REDACTED] for use in another patent case in which Samsung is a party. Mr. Shim attached [REDACTED] for the purpose of obtaining that legal advice. Mr. Shim's question did not relate to Apple's license agreements with third parties. I did not open the attachments to Mr. Shim's email, [REDACTED] I was therefore unaware that [REDACTED] I have not provided Exhibit 3 to anyone other than Quinn Emanuel attorneys. I did not voluntarily disclose the document or the contents of that communicate with any third party not under the attorney-client privilege.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 15, 2013, at Hewlett Bay Park, New York.

By *_/s/ Thomas Pease_*

Thomas Pease

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document. I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Thomas Pease.

*/s/ Victoria F. Maroulis*
Victoria F. Maroulis