QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SUBMITTED IN CAMERA**<br><br>**DECLARATION OF JENNIFER SELENDY IN SUPPORT OF SAMSUNG'S BRIEF REGARDING ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION IN RESPONSE TO ORDER OF NOVEMBER 8, 2013**<br><br>**Date**:   November 15, 2013<br>**Time**:   3:00 p.m.<br>**Place**:  Courtroom 5, 4th Floor<br>**Judge**:  Hon. Paul S. Grewal |

I, Jennifer Selendy, declare:

1. I am a partner of Kirkland & Ellis LLP ("K&E") and a member of the bar of the State of New York. I have personal knowledge of the averments in this declaration.

2. K&E represents Samsung Electronics Co., Ltd. and Samsung Telecommunications America, LLC (collectively, "Samsung") in connection with (i) two patent infringement lawsuits filed by Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson") in the United States District for the Eastern District of Texas (Case 6:12-cv-00894-LED and Case 6:12-cv-00895-LED); (ii) an International Trade Commission investigation filed by Ericsson entitled International Trade Commission Investigation entitled Certain Wireless Communications Equipment and Articles Therein (the "862 Investigation"); and (iii) an International Trade Commission Investigation entitled Certain Wireless Communications Equipment and Articles Therein (the "866 Investigation") filed by Samsung against Ericsson. The Texas lawsuits were filed by Ericsson on November 27, 2012; the 862 Investigation was filed on November 30, 2012; and the 866 Investigation was filed on December 21, 2012. All of the litigations (collectively, "the Ericsson litigations") are ongoing, as are negotiations between the parties to resolve them.

3. K&E represents no party in the above-captioned litigation between Samsung and Apple and has not reviewed the briefing or submissions that have resulted in the Court's November 8, 2013 Show Cause Order. K&E represents both Samsung and Apple in other unrelated matters.

4. In preparing this declaration, K&E has attempted to provide an accurate description of the events referenced in the documents described below, in order to assist the Court in this serious matter, without revealing any more about Ericsson's confidential disclosures to Samsung during their mediation than is necessary to show cause. K&E also has been constrained in the preparation of this declaration because we are not involved in the underlying Apple/Samsung

1  litigation (nor can we be due to conflicts).   Should the Court desire any more detailed information
2  regarding the Ericsson litigation issues or K&E's involvement in it, we can promptly provide it,
3  and respectfully request that the Court permit us to file it *in camera*.

## Background

5.   On November 9, 2013, I first became aware that certain documents, identified below, relating to the Ericsson litigations and Samsung's negotiations with Ericsson over a new license agreement had been submitted *in camera* to the Court.[1]

6.   These particular documents in question all relate, as I explain in more detail below, to (i) confidential legal advice provided to Samsung by its outside counsel, including K&E, in the Ericsson litigations; (ii) confidential attorney work product prepared in connection with anticipated litigation with Ericsson in 2012 and ongoing litigation with Ericsson after November 30, 2012; and (iii) internal deliberations relating to settlement negotiations and alternative dispute resolution in the Ericsson litigations.   The documents also reflect certain information subject to a mediation privilege arising from a confidentiality agreement entered into by Samsung and K&E (and by Ericsson and its counsel) for purposes of mediation in March 2012.   We understand, however, that the Court compelled the disclosure of these documents for *in camera* review.

7.   At the outset, we understand the Court's concern regarding the use of sensitive business information subject to the Court's protective order as expressed in the Show Cause Order.   Based on my personal familiarity with the subject and/or content of these documents, and based on consultation with other members of the K&E team that represents Samsung in the

---

[1] Specifically, the documents to which this Declaration is directed are at Tabs 87, 90, 261.55, 274, 274.1, and 272 and are attached as Exhibits AF to this Declaration. In addition, I provide some more general factual context to assist the Court in understanding the circumstances relating to the appearance of Apple license information in Samsung internal documents relating to its Ericsson litigations.

1  Ericsson litigations, none of these documents reflects the use of any confidential information
2  received by K&E under the protective order in this case, or any other case.   Likewise, we
3  understand, for the reasons explained below, that none of these documents reflects the use of any
4  confidential information received by Samsung under the protective order in this case, or any other
5  case.   Rather, the information reflected in these documents that we understand the court to be
6  concerned about, was provided by Ericsson to Samsung and K&E during a mediation between the
7  parties, or was otherwise publicly available.   Specifically, ███████████████████████
8  ████████████████████ for purposes of enabling Samsung to evaluate Ericsson's proposed
9  terms for settling a licensing dispute that is now in litigation.   The information reflected in Tab
10 272, ████████████████████████████████, does not relate to the terms
11 of the Apple/Ericsson license or to any confidential information subject to the protective order in
12 the Apple/Samsung litigation, but only refers to ████████████████████████ that
13 were properly disclosed to K&E and were publicly available.
14         8.   Samsung and Ericsson participated in a mediation on March 21 and 22, 2012 in an
15 attempt to reach agreement on a new license agreement between the parties and avoid litigation
16 threatened by Ericsson.   I was present for, and participated in, the mediation.   Notes from that
17 mediation have been provided to the Court *in camera* at Tab 261.55.
18         9.   One of Samsung's expressed concerns at the mediation was ███████████
19 ████████████████████████████████████████████████████████████
20 ████████████████████████████████████████████████████████████
21 ████████████████████████████████████████████.   Ericsson argued at
22 the mediation ████████████████████████████████████████████████
23 ████████████████████████████.   Specifically, Ericsson stated it was ████████
24 ████████████████████████████████████████████████████████████.   As

-3-                                         Case No. 11-cv-01846-LHK
DECLARATION OF JENNIFER SELENDY

1  part of the mediation, Samsung and its counsel were provided orally ▊▊▊▊▊▊▊▊▊▊

2  ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊

3  ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊.  Based on the information provided ▊▊▊▊▊▊▊▊

4  ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊

5  ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊

6  ▊▊▊.  The ▊▊▊▊▊▊▊▊▊▊ were not disclosed or shown to Samsung (or its counsel) nor

7  were ▊▊▊▊▊▊▊▊▊▊▊▊▊ disclosed, but ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊

8  ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ were provided.  As reflected in the notes,

9  the ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊

10  ▊▊▊▊▊▊▊▊▊.

11  10.   At the conclusion of the March sessions, the parties agreed to continue mediation

12  and met again on May 1, 2012.  Before meeting in May, an attorney, not affiliated with the

13  parties, was selected to ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ provided to Samsung at the prior

14  mediation sessions.  ▊▊▊▊▊▊▊▊▊▊, the neutral attorney ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊

15  ▊▊▊▊▊▊▊▊▊.

16  11.   Samsung and Ericsson were unable to resolve their dispute as a result of the

17  mediation, and Ericsson filed suit in November 2012; the parties nevertheless continued to

18  negotiate.  ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊

19  ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊

20  ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊

21  ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊

1
2
3
4
5
6
7
8
9
10
11
12
13
14 ▓▓▓ We consider these ▓▓▓▓▓▓▓▓▓▓ to be confidential work product.

15    12.   The March and May 2012 mediation sessions and the ▓▓▓▓▓▓▓▓

16 ▓▓▓▓▓ are the activities in the Ericsson negotiations that we understand the Court to

17 reference in its November 8, 2013 Show Cause Order.   To date, there has been no arbitration

18 between Samsung and Ericsson, but the parties have continued to discuss alternative dispute

19 resolution.

20                         **The Ericsson-Related Documents**

21

22    13.   I have reviewed the documents referenced in the Court's Show Cause Order

23 relating to Ericsson and, based on my involvement with the Ericsson litigations, I have

24 information that I believe bears on the Court's concerns expressed in the Order.   With respect to

25 the document at Tab 87, I understand the communication to relate to ▓▓▓▓▓▓

26 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ under the direction of outside

27 counsel, including myself, to advise Samsung on strategy during the pendency of the Ericsson

28

1   litigations.   The reference to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

4       14.    With respect to Tab 90 (including 90.1, 90.2), the February 20, 2013 document

5   reflects a summary prepared by Samsung of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6

7   ▮▮▮▮.   As explained above, the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.   There is also a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.   In part,

10  ▮▮▮▮▮▮ reflect K&E's confidential analysis of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.   Separately, K&E partner, David Higer, had transmitted ▮▮▮▮

12  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to Samsung that included input from me and other K&E partners.

13      15.    With respect to Tab 261.55, the translated November 9, 2012 document describes

14

15  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16  ▮▮▮▮, I was present at and participated in the mediation.   Accordingly, I am aware from

17  personal knowledge of the events described in the document.   Immediately following the

18  mediation sessions, the Samsung participants returned with me and my partner to K&E's offices to

19

20  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

21  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.   Accordingly, the document reflects our confidential

22  evaluations of ▮▮▮▮▮▮▮▮▮▮▮▮▮ the parties' respective positions for the purpose of evaluating

23  next steps with respect to the Ericsson litigations.

24      16.    With respect to Tab 274 (and 274.1), the May 29, 2012 document attaches a draft

25  mediation statement my team and I prepared prior to the March 21 and 22, 2012 mediation.   The

26  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮

27  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

28

|1| ████████████████████████████████████████ █████ |
|---|---|

████████████████████████████████████ █████ outlines

our confidential advice to Samsung ████████████████████████

████████████████████████████████████████████. Following the final

mediation session on May 1, 2012, ██████████████████████████

████████████████.

17.   With respect to Tab 272, I have not been shown the entire e-mail chain, but I understand that my May 10, 2013 e-mail to Jay Shim entitled "██████████████" led to correspondence between Samsung and Quinn Emanuel relating to ████████████ ████.  The purpose of my e-mail was to report on work we were doing with █████ ██████████████████████████████████████, and to seek information from Samsung that would be helpful to ████████████████████ █████████████ ████████████████████████████████████████████████ ████████████████████████████████████████.

18.   I understand that this Court has raised specific concerns about the dissemination of a copy of Dr. Teece's expert report that was not completely redacted.   After investigating, K&E is unaware of any use by its lawyers of any inadvertently disclosed third-party license information, including Ericsson/Apple license information, in the Teece report.   I never read the full Teece report, and I and my colleagues were unaware that there was unredacted license information in the document relating to the Apple/Ericsson or any other license.   We looked at the voluminous Teece report for a very limited purpose:   to ██████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████. In fact, ████████████████████ ████████████████████████████████████████████████.

1    ███. Thus, we sought to understand ████████████████████████████████

2    ███████████████████████████████. Likewise, ██████████████████████

3    ████████████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████████████████

5    ████████████████████████████████████████████████████████████████

6    ████████████████████  ███████████████████████████████████████

7    ███████████████████████████████████████████████████████████

8    █████████████████████████ (see Tab 90).   However, at no time was any confidential

9    business information from the Teece report that was not completely redacted used by K&E ███

10   ████████ or for any other purpose.[2]   Likewise, ██████████████████████

11   ████████████████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████████████████

14   █████████.

15         19.   Based on our investigation, I am confident that K&E also did not improperly

16   disclose to Samsung any confidential information provided by Ericsson regarding the

17   Apple/Ericsson license under the protective orders in the Ericsson litigations.

18         20.   Each of the documents referenced in the above paragraphs relates to confidential

19   communications and activities regarding Samsung's licensing dispute with Ericsson, including the

20   litigations filed by both parties.   Each document or communication, other than my e-mail to Mr.

21   Shim discussed above, resulted from either a confidential mediation or ████████████████

22   conducted under the direction of attorneys.   Disclosure of these materials would reveal

23   confidential strategy and attorney evaluations in Samsung's ongoing litigations and negotiations

---

[2] Indeed, no version of the Teece report was shared ████████████████. ████████████████████████████████████████████████████████████████████████████████████████.

with Ericsson. Indeed, ███████████████████████████████████████ and the issue of arbitration continues to be a subject of discussion between the parties.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America.

Executed in New York, NY on November 15, 2013.

                          */s/ Jennifer Selendy*
                           Jennifer Selendy

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document.  I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Jennifer Selendy.

                        */s/ Victoria F. Maroulis*
                        Victoria F. Maroulis