| | |
|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | Charles K. Verhoeven (Bar No. 170151) |
| 2 | charlesverhoeven@quinnemanuel.com |
| | 50 California Street, 22nd Floor |
| 3 | San Francisco, California 94111 |
| | Telephone: (415) 875-6600 |
| 4 | Facsimile: (415) 875-6700 |
| 5 | Kevin P.B. Johnson (Bar No. 177129) |
| | kevinjohnson@quinnemanuel.com |
| 6 | Victoria F. Maroulis (Bar No. 202603) |
| | victoriamaroulis@quinnemanuel.com |
| 7 | 555 Twin Dolphin Drive, 5th Floor |
| | Redwood Shores, California 94065-2139 |
| 8 | Telephone:   (650) 801-5000 |
| | Facsimile:    (650) 801-5100 |
| 9 | William C. Price (Bar No. 108542) |
| | williamprice@quinnemanuel.com |
| 10 | Michael T. Zeller (Bar No. 196417) |
| | michaelzeller@quinnemanuel.com |
| 11 | 865 S. Figueroa St., 10th Floor |
| | Los Angeles, California 90017 |
| 12 | Telephone: (213) 443-3000 |
| | Facsimile: (213) 443-3100 |
| 13 | |
| 14 | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK (PSG) |
| Plaintiff, | **SUBMITTED IN CAMERA** |
| vs. | **DECLARATION OF DANIEL SHIM IN SUPPORT OF SAMSUNG'S BRIEF REGARDING ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION IN RESPONSE TO ORDER OF NOVEMBER 8, 2013** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendant. | **Date**:  December 9, 2013<br>**Time**:  3:00 p.m.<br>**Place**: Courtroom 5, 4th Floor<br>**Judge**: Hon. Paul S. Grewal |

Case No. 11-cv-01846-LHK
**DECLARATION OF DANIEL SHIM**

I, Daniel Shim, declare:

1. I am a Senior Legal Counsel at Samsung Electronics Co., Ltd. I have held this position since April 2010. My responsibilities include providing legal advice to employees of Samsung and interacting with and supervising outside counsel in the representation of Samsung in connection with various legal disputes. Except to the extent specifically identified below, I make this declaration of personal knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. I received a J.D. degree from Cardozo Law School. I am licensed to practice law in the District of Columbia.

3. I reside and work in South Korea. I speak both English and Korean.

4. Attached as Exhibit A are documents which I understand have been filed *in camera* (as Tab 19) by our outside counsel Quinn Emanuel in the Protective Order proceedings currently pending before this Court. The documents consist of a chain of four emails between me and Guy Eddon, who at the time was an associate of Quinn Emanuel, beginning with an email from me to Guy Eddon, cc:ing Thomas Pease, a partner in Quinn Emanuel, on December 21, 2012 at 8:40 p.m., and ending with an email from Guy Eddon to me, cc:ing Thomas Pease and Alex Baxter, a Quinn Emanuel associate, on December 22, 2012 at 5:32 a.m., with attachments titled (Redacted) Rebuttal Report of David Teece.pdf and (Redacted) Expert Report of David J. Teece Samsung v. Apple.pdf. My purpose in sending the original email on December 21, 2012 was to get the Teece expert report (which included both opening and rebuttal reports) prepared for this case and possibly transcripts of Teece's trial testimony in this case. My purpose in obtaining the report was to pass it on to one of the attorneys doing work for Samsung in a pending lawsuit brought by Microunity against Samsung in the Eastern District of Texas, because the report was needed for the litigation of that lawsuit, given that Microunity was making claims which purported to be based in part on certain opinions that Dr. Teece had expressed in the Apple v. Samsung case; my purpose in obtaining the Teece report was unrelated to any third party's licensing terms. My communications with Mr. Eddon in the emails (and his providing me attorney-redacted versions of

the Teece opening and rebuttal reports) were made for the purpose of communicating in confidence with an attorney for Samsung to obtain legal assistance in the pending Microunity case, and to obtain information that was to be used in providing legal advice to Samsung in connection with the Microunity case and coordinate with this case as needed.   I had no intention to use or assist anyone else in using, the Teece reports that I received from Mr. Eddon for any purpose other than litigation against Microunity and coordination with Samsung's litigation of this case.   I believe that I passed on the documents described above to an attorney working for Samsung on the Microunity case for use in that case.   I did not use, and am not aware of anyone else using, any information concerning any confidential terms of any of Apple's patent licenses which I now understand were contained in the Teece reports that I received from Mr. Eddon in December 2012.   I did not use, and am not aware of anyone else using, any confidential information from the Teece reports in connection with negotiating patent license terms with Apple, Nokia, or any other third party company.

5. Attached as Exhibit B are documents which I understand have been filed *in camera* (as Tab 222) by our counsel in the Protective Order proceedings currently pending before this Court.   The documents consist of a chain of five emails.   The first email was on February 23, 2012 from Rutger Kleemans of the law firm of Freshfields, which represented Apple in its lawsuit against Samsung in the Netherlands, to the Dutch court presiding over the Apple-Samsung lawsuit.   In that email, Bas Berghuis and Ruben Ladde, of Simmons & Simmons, Samsung's outside attorneys in the Apple-Samsung litigation in the Netherlands, was cc:ed.   In that email, Mr. Kleemans submitted an anonymized spreadsheet pursuant to a directive of the court in the Netherlands.   The spreadsheet summarized the terms of Apple's primary standards-essential patent licenses but did not identify the counterparty to any of the licenses.   The second email, also on February 23, 2012, is from Ruben Ladde with no recipient listed.   The third email, dated June 29, 2012, is from me with no recipient listed.   The fourth email, also on June 29, 2012, is from Seongwoo "Clayton" Kim, a Director in Samsung's IP Center at the time who worked with Samsung in-house and outside counsel in connection with Samsung patent litigation and licensing

1  matters, with no recipient listed.    The fifth and final email, also on June 29, 2012, is from me to
2  Clayton Kim, containing a Subject line of "HIGHLY CONFIDENTIAL_Apple-
3  Samsung_Spreadsheet_75914.pdf."    Each of the four emails after Mr. Kleemans' original email
4  concerned the spreadsheet submitted by Apple's counsel in the Netherlands litigation.    Clayton
5  Kim was one of the nine designated Samsung employees authorized under the Netherlands court's
6  directive to see the Apple spreadsheet and related Apple license submissions.    At the time of the
7  three last emails, all on June 29, 2012, between me and Clayton Kim, the Dutch court had recently
8  entered an order finding the declared essential Samsung patent in suit valid and infringed, which
9  made it possible for Samsung to seek damages from Apple.    Mr. Ladde's February 23, 2012
10 email forwarding the spreadsheet, and the final three emails back and forth on June 29, 2012
11 between me and Clayton Kim, were all prepared and sent for the purpose of communicating in
12 confidence with outside counsel or with Samsung employees acting at the direction of counsel
13 about matters involved in litigating the pending case in the Netherlands against Apple and
14 providing legal advice to my "clients" within Samsung, including Clayton Kim, about that
15 litigation.    I recognized early on that one of the entries in the spreadsheet was for Apple's license
16 with Nokia.    This was obvious to me based on ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
17 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
18 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
19 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
20 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  In addition, I knew
21 from public reports that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
23 ▓▓▓▓▓▓    I did not deduce that the entry corresponded to the Nokia license in any way
24 from anything contained in any Teece report or any other confidential document or information
25 from this case.    I did not use, and am not aware of anyone else using, that spreadsheet in
26 connection with any matter outside the Dutch lawsuit, and certainly not in connection with any
27 negotiation of patent license terms with Apple, Nokia, or any other third party company.
28

1       6.      Attached as Exhibit C are documents which I understand have been filed in camera
2 (as Tab 272) by our counsel in the Protective Order proceedings currently pending before this
3 Court.   The documents consist of a chain of three emails.   The first email is on May 10, 2013
4 from Jennifer Selendy of the law firm Kirkland & Ellis, which represents Samsung in a lawsuit
5 brought by Ericsson, with no recipient listed.   The second email, dated May 13, 2013, is from
6 Hyucksun Kwon, a Samsung senior engineer, to me.   The third and final email, also on May 13,
7 2013, is from me to Thomas Pease, the Quinn Emanuel partner with whom I have worked closely
8 in the litigation in this case as well as our current cases against Ericsson, with a cc: to Quinn
9 Emanuel partner Victoria Maroulis, whom I have also worked with on this case.   My May 13
10 email attached the documents titled as follows:   (Redacted) Expert Report of David J Teece
11 Samsung v Apple.pdf; (Redacted) Rebuttal Report of David Teece.pdf; Teece Testimony from
12 N.D. Cal - Samsung's sur-rebuttal..pdf; Teece Testimony from N.D. Cal..pdf.   My email (and
13 Hyucksun Kwon's email to me, forwarding our counsel Jennifer Selendy's email), was prepared
14 and sent for the purpose of communicating in confidence with outside counsel for Samsung to
15 obtain legal advice concerning a pending Samsung litigation matter or confidentially
16 communicating information provided by Samsung's outside counsel to me so that I could provide
17 legal advice to Samsung.   I had no intention to use, nor did I use, or assist anyone else in using,
18 any information concerning confidential Apple license terms which I now understand were
19 contained in the Teece report that I sent to Mr. Pease on May 13, 2013.   I did not use, and am not
20 aware of anyone else using, in connection with negotiating patent license terms with Apple,
21 Nokia, or any other third party company, any information concerning confidential Apple license
22 terms which I now understand were contained in the Teece report that I sent to Mr. Pease on May
23 13, 2013.
24       7.      I did not voluntarily disclose any of the asserted attorney work product protected or
25 attorney client privileged documents described above or the content of the communications in
26 those documents to any third party who was not subject to the attorney-client relationship.   I did
27 not voluntarily disclose any of the documents or the content of the communications in those
28

1   documents to any third party who is not bound to maintain the confidence of such documents and
2   communications, to a third party with interests adverse to Samsung, to a third party that enabled
3   an adversary to gain access to the information, or otherwise make the information public.

4        8.    I do not recall seeing or reading in any version of the Teece report that I looked at
5   any information describing confidential terms of any Apple patent license with Nokia or any other
6   company.  I never disseminated to anyone any version of a Teece report that I knew or believed
7   to contain any information describing confidential terms of any Apple patent license with Nokia or
8   any other company.  I did not use, and I am not aware of anyone from Samsung using, in any
9   way information describing confidential Apple patent license terms that might have been in any
10  version of the Teece report that I ever received.

11       9.    I did not review any asserted confidential business information of Apple or any
12  other third party in connection with the preparation of this declaration.  Solely for the purpose of
13  confirming that the Teece reports and transcripts that are being attached as part of the Exhibits to
14  this declaration are the documents described in this declaration, I reviewed the cover page and first
15  page of the table of contents for the Teece expert reports and the first page of each transcript
16  excerpt described above but no other portion of any of those documents, and confirmed they are
17  the documents described above.  I also confirmed that the spreadsheet submitted by Apple, which
18  omits the identity of each licensing counterparty, and which is being attached as part of Exhibit B
19  to this declaration, is the same spreadsheet that I was specifically authorized in the Dutch
20  proceeding to receive.

21      I declare under penalty of perjury that the foregoing is true and correct under the law of the
22  United States of America.

23      Executed in Incheon, South Korea, on November 15, 2013.

                                 /s/ Daniel shim
                                 Daniel Shim

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document.  I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Daniel Shim.

               */s/ Victoria F. Maroulis*
                 Victoria F. Maroulis