QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**REDACTED DECLARATION OF LAETITIA BENARD   IN SUPPORT OF SAMSUNG'S BRIEF REGARDING ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT PROTECTION IN RESPONSE TO ORDER OF NOVEMBER 8, 2013**<br><br>**Date**:   December 9, 2013<br>**Time**:   3:00 p.m.<br>**Place**:   Courtroom 5, 4th Floor<br>**Judge**:   Hon. Paul S. Grewal |

Case No. 11-cv-01846-LHK
**DECLARATION OF LAETITIA BENARD**

I, Laetitia Benard, declare:

1. I am an attorney at Allen & Overy LLP ("Allen & Overy") in Paris, France, and have held this position in this firm since January 2003. I received a post graduate degree in French Civil Law from the University of Paris I, Pantheon Sorbonne in 1998 and a post graduate degree in Industry Property from the University of Paris II, Pantheon Assas in 1999. I was admitted to the bar in Paris in 2000. I reside and work in Paris, France and I speak both French and English.

2. I am outside counsel for Samsung and in that role have assisted with the patent law, competition law, "FRAND," and French law related aspects of several of Samsung's global patent disputes including litigation against Apple in the UK, France, and other jurisdictions. Except to the extent specifically identified below, I make this declaration of personal knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

3. As Samsung's outside counsel in its cases against Apple, my correspondence with third parties, including foreign counsel or experts, was in support of my role as legal counsel in the context of Samsung's disputes. All of the materials and emails exchanged with Samsung and with those third parties were confidential and intended to remain so, other than in respect of particular pleadings, expert reports or evidence finally filed with courts or tribunals—and even those might have retained some character of confidence, depending on the particular regime adopted by the relevant court. My electronic signature is typically followed by language identifying that the email is confidential and may be privileged.

4. Attached as Exhibit 1 is an email that I sent on April 25, 2012. I understand that this email was identified as Tab 6-1 when it was submitted for *in camera* review pursuant to a court order. This email was sent only to Samsung's outside litigation counsel, including attorneys at Quinn Emanuel and Bristows LLP, and Samsung's in-house counsel and other Samsung employees working with and at the direction of attorneys on Samsung's litigations. This email attached a draft pleading (attached hereto as Exhibit 2) that was to be submitted in the French action involving Apple and Samsung in the following days (on May 3, 2012). This email contained a request regarding certain issues relevant to the litigations between Apple and Samsung

1  across the world.   I can confirm that my request was directed at ▇▇▇▇▇▇▇▇
2  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
3  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; it was thus not related to the
4  specific terms of any Apple license or to Samsung's negotiation of a license with Nokia or any
5  other company.   I did not voluntarily disclose either the email or the attachment or the content of
6  these communications to anyone other than relevant Samsung personnel or Samsung's outside
7  counsel all of whom were under the attorney-client privilege.
8         5.      The draft pleading my firm prepared, attached here as Exhibit 2, contained a
9  statement ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
10 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ This information did not come from any version of
11 any Teece expert report.    Instead, this information was taken from public sources available on the
12 following Internet websites: belgium-iphone.soir.be, monofu.com, nokiaphones.net, zdnet.com,
13 and online.wsj.com.    An excerpt from the first Internet website (Belgium-iphone.soir.be) was
14 filed as an exhibit on November 7, 2011 in the course of earlier summary proceedings in the same
15 case (as part of exhibit No. 65).  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
16 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ At the time we filed this exhibit, the same
17 information was available on the other Internet websites abovementioned ▇▇▇▇▇▇▇
18 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Exhibit No. 65
19 abovementioned (filed in the framework of the summary proceedings) was filed again as part of
20 exhibit No. 78 on May 9, 2012 in the course of the proceedings on the merits.
21        6.      On May 1, 2012, I received an email from Helen Hopson of Bristows in response to
22 my email, Exhibit 1.    I understand that Ms. Hopson's email was identified as Tab 6 when it was
23 submitted for *in camera* review pursuant to a court order.    This email was sent to me by Ms.
24 Hopson to provide detailed comments on the legal issues raised by my request along with a table
25 of comments, which I understand was identified as Tab 6-2 when it was submitted for *in camera*
26 review pursuant to the Court's order, that contained her firm's thoughts and impressions on the
27 legal issues raised by my request.    As I recall, the Bristows' table included embedded links to a
28 copy of an expert report submitted by Dr. Teece in first Northern District of California case.    The

1  Bristows' response, however, was not in any way related to, nor did it reference, the specific terms
2  of any Apple license or Samsung's negotiation of a license with Nokia or any other company.
3  To my knowledge, neither I nor anyone from my firm voluntarily disclosed the email, the
4  attachment, or the content of these communications and attachments to anyone other than
5  Samsung personnel or Samsung's outside counsel all of whom were subject to the attorney-client
6  privilege.   To my knowledge, neither I nor anyone from my law firm sent the Bristows email, the
7  attached table, or the embedded Teece report to anyone outside of the Samsung lawyer and client
8  group.   We did not make use of any information from the Teece report concerning the
9  confidential terms of Apple's licenses with Nokia or other companies in finalizing the pleading we
10 submitted to the French court.    In fact, the reference [REDACTED]
11 [REDACTED] remained unchanged in the final version of the brief that was
12 submitted on May 3, 2012.
13         7.     Both communications mentioned above included a privileged and confidentiality
14 designation because under French law, such communications are covered by the attorney-client
15 privilege.   The attorney-client privilege under French law specifically covers any
16 communications between attorneys and their client(s).    At the time of the communications
17 mentioned above and continuing to the present, my firm, Allen & Overy, had been engaged by
18 Samsung to assist broadly on matters relating to patent law, "FRAND", antitrust, and French law
19 in litigation in France and other jurisdictions, including the United States and UK.    Any
20 communication with Helen Hopson and Bristows and the other Samsung counsel and staff copied
21 on correspondence regarding the French litigation are protected under the attorney-client privilege
22 under French law.    As such, Exhibits 1-2, as well as the Bristows' email (bearing the mention
23 "privileged and confidential") and attachments, are privileged under French law since the emails
24 and attached documents were only addressed to Samsung's attorneys (both in-house and outside
25 counsel) and staff.
26         8.     I understand the Court has cited to tab 6 in its Order to Show Cause Why Sanctions
27 Are Not Warranted and stated that it shows "Samsung's wrongful use of the disclosed SBI in
28 preparing for:   its negotiations with Nokia between March 22, 2012 and June 4, 2013."    I do not

know what the basis for that statement is.   Neither I nor anyone from my firm used any information in the Teece report for the purposes of Samsung's negotiations with Nokia or any other company.   I do not recall seeing the terms of any Apple patent license with Nokia or any other company in any of the Teece reports that I received.   At no time did I distribute to anyone a version of a Teece report that I knew or believed may have contained any information describing terms of any Apple patent license with Nokia or any other company.   At no time did I distribute to anyone a version of a Teece report with the intention that that information therein pertaining to the terms of any Apple patent license with Nokia be used for any purposes whatsoever, including negotiations strategies.   At no time did I instruct anyone to look at a version of the Teece report to ascertain the terms of any Apple patent license with Nokia nor was I ever myself instructed to do so.   I did not use, did not instruct others to use, and I am not aware of anyone from Samsung using, for any reason, information about the terms of any Apple license agreement with Nokia or any other company obtained from any version of the Teece report that I received or distributed.

I declare under penalty of perjury that the foregoing is true and correct under the law of the United States of America.

Executed in Paris, France, on November 15, 2013.

                                                */s/ Laetitia Benard*
                                                Laetitia Benard

## ATTESTATION

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document.  I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Laetitia Benard.

                */s/ Victoria F. Maroulis*
                Victoria F. Maroulis