QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129)
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>           Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>           Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**STATEMENT OF RECENT DEVELOPMENT REGARDING REEXAMINATION AND FINAL REJECTION OF CLAIMS OF U.S. PATENT NO. 7,844,915** |

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") bring to the Court's attention the Patent and Trademark Office's Continuation of Advisory Action ("Advisory Action") in the *ex parte* reexamination of U.S. Patent No. 7,844,915 (the "'915 Patent"), dated November 20, 2013, a copy of which is attached hereto as Exhibit A.

The Advisory Action takes into consideration and rejects the patent owner's response and declaration of Dr. Scott Klemmer filed on October 28, 2013 and provided to the Court on October 30, 2013. Dkt. 2614. The PTO considered and rejected Apple's argument that the '915 claims should be construed such that any set of inputs greater than 1 be interpreted as a "gesture operation." In finding the arguments unpersuasive, the PTO notes that there are no examples in the specification where more than two input points is interpreted as a gesture operation. Moreover, Federal Circuit law requires the construction of the term "or" to mean "that the items in the sequence are alternatives to each other," such that "the claim is deemed anticipated if any of the structures or compositions within the scope of the claim is known in the prior art." Advisory Action at 4-5 (*citing Schumer v. Laboratory Computer Systems Inc.*, 308 F.3d 1304, 1311, 64 USPQ2d 1832, 1838 (Fed. Cir. 2002) and *Brown v. 3M*, 265 F.3d 1349, 60 USPQ 2d 1375, 1376 (Fed. Cir. 2001).

The '915 claims, including claim 8 asserted at trial, are finally rejected and invalid as anticipated by the Nomura and Hillis references by the PTO. At this point, Apple's only option is to file a Notice of Appeal, else, "the prosecution of the present *ex parte* reexamination proceeding WILL BE TERMINATED and a Notice of Intent to Issue *Ex Parte* Reexamination Certificate will be mailed in due course. Any finally rejected claims, or claims objected to, will be CANCELLED." *Ex Parte* Reexamination Advisory Action Before the Filing of an Appeal Brief at ¶1.

This PTO decision calls into question the entire jury verdict in this trial. During its presentation, Apple made a deliberate decision not to separate the damages between the different asserted patents. Therefore, it will be impossible to determine what allocation of damages belong to the invalid '915 patent versus the other patents.

1   At the hearing on Samsung's motion to stay in light of the '381 reexamination, the Court
2 indicated that it would "likely stay any proceedings" "if the Examiner does not reopen the
3 prosecution and Apple is forced to file a notice of appeal." Dkt. 2320, April 29, 2013 Tr. at 12:9-
4 13. In the order the same day, the Court extended this reasoning to the '915 patent which was then
5 still in examination. Dkt. 2316 at 2. In light of these developments with the '915 patent
6 reexamination, Samsung will file an emergency motion to stay today.

9   DATED:  November 20, 2013          QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP

                                       By  /s/ Victoria F. Maroulis
                                          Charles K. Verhoeven
                                          Kevin P.B. Johnson
                                          Victoria F. Maroulis
                                          Michael T. Zeller

                                          Attorneys for SAMSUNG ELECTRONICS CO.,
                                          LTD., SAMSUNG ELECTRONICS AMERICA,
                                          INC., and SAMSUNG
                                          TELECOMMUNICATIONS AMERICA, LLC