# EXHIBIT A



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/012,332 | 05/30/2012 | 7844915 | P4895USREX1/106842803600 | 5963 |

20872          7590          11/20/2013
MORRISON & FOERSTER LLP
425 MARKET STREET
SAN FRANCISCO, CA 94105-2482

| EXAMINER |
|---|
| YIGDALL, MICHAEL J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/20/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

BRYAN CAVE LLP
1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/012,332*.

PATENT NO. *7,844,915*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Ex Parte* Reexamination **Advisory Action** *Before the Filing of an Appeal Brief* | Control No. 90/012,332 | Patent Under Reexamination 7844915 |
|---|---|---|
| | Examiner Michael J. Yigdall | Art Unit 3992 | AIA (First Inventor to File) Status No |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

THE PROPOSED RESPONSE FILED <u>28 October 2013</u> FAILS TO OVERCOME ALL OF THE REJECTIONS IN THE FINAL REJECTION MAILED <u>26 July 2013</u>.

1. ☒ Unless a timely appeal is filed, or other appropriate action by the patent owner is taken to overcome all of the outstanding rejection(s), this prosecution of the present *ex parte* reexamination proceeding WILL BE TERMINATED and a Notice of Intent to Issue *Ex Parte* Reexamination Certificate will be mailed in due course. Any finally rejected claims, or claims objected to, will be CANCELLED.

   THE PERIOD FOR RESPONSE IS EXTENDED TO RUN <u>5</u> MONTHS FROM THE MAILING DATE OF THE FINAL REJECTION. Extensions of time are governed by 37 CFR 1.550(c).

NOTICE OF APPEAL

2. ☐ An Appeal Brief is due two months from the date of the Notice of Appeal filed on _____ to avoid dismissal of the appeal. See 37 CFR 41.37(a). Extensions of time are governed by 37 CFR 1.550(c). See 37 CFR 41.37(e).

AMENDMENTS

3. ☐ The proposed amendment(s) filed after a final action, but prior to the date of filing a brief, will <u>not</u> be entered because:
   (a) ☐ They raise new issues that would require further consideration and/or search (see NOTE below);
   (b) ☐ They raise the issue of new matter (see NOTE below);
   (c) ☐ They are not deemed to place the proceeding in better form for appeal by materially reducing or simplifying the issues for appeal; and/or
   (d) ☐ They present additional claims without canceling a corresponding number of finally rejected claims.
       NOTE: _____ (See 37 CFR 1.116 and 41.33(a)).

4. ☐ Patent owner's proposed response filed _____ has overcome the following rejection(s): _____.

5. ☐ The proposed new or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).

6. ☒ For purposes of appeal, the proposed amendment(s) a)☐ will not be entered, or b)☒ will be entered and an explanation of how the new or amended claim(s) would be rejected is provided below or appended.
   The status of the claim(s) is (or will be) as follows:
   Claim(s) patentable and/or confirmed: _____
   Claim(s) objected to: _____
   Claim(s) rejected: <u>1-21</u>
   Claim(s) not subject to reexamination: _____

AFFIDAVIT OR OTHER EVIDENCE

7. ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

8. ☐ The affidavit or other evidence filed after a final action, but before or on the date of filing a Notice of Appeal will <u>not</u> be entered because patent owner failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 1.116(e).

9. ☐ The affidavit or other evidence filed after the date of filing a Notice of Appeal, but prior to the date of filing a brief, will <u>not</u> be entered because the affidavit or other evidence fails to overcome all rejections under appeal and/or appellant failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 41.33(d)(1).

10. ☒ The affidavit or other evidence is entered. An explanation of the status of the claims after entry is below or attached.

REQUEST FOR RECONSIDERATION/OTHER

11. ☒ The request for reconsideration has been considered but does NOT place the application in condition for allowance because: *See Attached*.

12. ☐ Note the attached Information Disclosure Statement(s), PTO/SB/08, Paper No(s) _____.

13. ☐ Other: _____.

| /Michael J. Yigdall/ Primary Examiner, Art Unit 3992 | | |
|---|---|---|
| cc: Requester (if third party requester) | | |

OK TO ENTER /MY/ 11/13/2013

EX PARTE RE-EXAMINATION                          Docket No. 106842803600

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Ex Parte Re-Examination of:
U.S. Patent No. 7,844,915

Control No.: 90/012,332                          Confirmation No.: 5963

Filed: May 30, 2012                              Art Unit: 3992

For:  APPLICATION PROGRAMMING                    Examiner: M. J. Yigdall
      INTERFACES FOR SCROLLING
      OPERATIONS

## RESPONSE TO FINAL OFFICE ACTION IN EX PARTE REEXAMINATION

MS Ex Parte Reexam
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Madam:

## INTRODUCTORY COMMENTS

This is in response to the final Office Action dated July 26, 2013 (Paper No. 20130618)
(hereinafter the "Final Office Action").  A response was initially due September 26, 2013.  A one-
month extension of time was granted on September 13, 2013, extending the due date to October 26,
2013, a Saturday.  Accordingly, this response is timely filed.  Reconsideration and allowance of the
claims under reexamination, in light of the remarks presented herein, are respectfully requested.

**Remarks/Arguments** begin on page **2** of this paper.

sf-3346706

Application/Control Number: 90/012,332                                      Page 2
Art Unit: 3992

## CONTINUATION OF ADVISORY ACTION

1.      Claims 1-21 of U.S. Patent No. 7,844,915 ("the '915 patent") are under reexamination.

2.      The patent owner's response and the declaration of Dr. Scott Klemmer ("the Klemmer

declaration") filed on October 28, 2013 have been entered and considered.

### *Response to Arguments*

3.      As noted in the final Office action mailed on July 26, 2013, claims under reexamination

must be given the broadest reasonable interpretation consistent with the specification.  See, e.g.,

MPEP § 2258.  The patent owner further notes that the broadest reasonable interpretation must

be "consistent with the interpretation that those skilled in the art would reach" and "reasonable

from the perspective of one of ordinary skill in the art," as stated in MPEP § 2111.  See the

patent owner's remarks at pages 4-5.

Each of independent claims 1, 8 and 15 recites "distinguishing between a single input

point applied to the touch-sensitive display that is interpreted as the scroll operation and two or

more input points applied to the touch-sensitive display that are interpreted as the gesture

operation."  The patent owner argues that "any reasonable interpretation of the distinguishing

limitation requires an algorithm that interprets a single input point as a scroll operation and that

interprets any input having greater than one input point … as a gesture operation," concluding

that the limitation "cannot be interpreted, even under the broadest reasonable interpretation

standard, to read on an algorithm that only distinguishes between one input point that is

interpreted as a scroll operation and two input points that is interpreted as a gesture operation."

See the patent owner's remarks at pages 8-9.

Application/Control Number: 90/012,332                                    Page 3
Art Unit: 3992

      However, the examiner respectfully disagrees.  The claims plainly recite distinguishing between (1) a single input point that is interpreted as a scroll operation and (2) two OR more input points that are interpreted as a gesture operation.  In other words, giving the claims the broadest reasonable interpretation, any algorithm in the prior art that distinguishes between (1) a single input point that is interpreted as a scroll operation and (2) two input points OR more than two input points that are interpreted as a gesture operation would meet the language of the claims.  Moreover, any algorithm in the prior art that distinguishes between (1) a single input point that is interpreted as a scroll operation and (2) two input points that are interpreted as a gesture operation would meet the language of the claims.

      Accordingly, the Office action reasoned that both Nomura and Hillis teach the claimed "distinguishing" limitation.  Specifically, Nomura teaches distinguishing between a single input point that is interpreted as a scroll operation (e.g., "moving one finger") and two or more input points that are interpreted as a gesture operation (e.g., "two fingers moving apart" and "two fingers moving toward each other") (see Nomura at paragraph [0053]).  Likewise, Hillis teaches distinguishing between a single input point that is interpreted as a scroll operation (e.g., "drawing a finger across the display surface") and two or more input points that are interpreted as a gesture operation (e.g., "placing his fingertips on the display surface and moving them in an outwardly separating manner") (see Hillis at column 8, lines 44-48 and column 3, lines 42-46).

      The declaration of Dr. Jason Nieh filed on March 19, 2013 ("the Nieh declaration") asserts that the algorithm of Nomura would interpret two input points as a gesture operation and would interpret all other cases (including a single input point) as a scroll operation.  See the Nieh declaration at paragraphs 16-17.  Thus, the algorithm of Nomura is within the scope of the claims

Application/Control Number: 90/012,332                                    Page 4
Art Unit: 3992

except only in the case where there are more than two (e.g., three) input points.  The Klemmer

declaration does not specifically address the Nomura reference, but asserts in general that an

algorithm "interpreting three input points as a scroll [operation] would not reasonably meet the

distinguishing limitation."  See the Klemmer declaration at paragraph 12.  The assertions of Nieh

and Klemmer are the basis of the patent owner's argument that the examiner's interpretation of

the distinguishing limitation "would not be reasonable to one of ordinary skill in the art, in view

of the claim as a whole and the specification" (remarks at page 4).

        However, as the patent owner appreciates, the opinions set forth in the Nieh and

Klemmer declarations must be weighed and considered together with the plain language of the

claims and the actual disclosure of the '915 patent.  The claims do not specify a case where the

input consists of more than two (e.g., three) input points.  Rather, a plain reading of the claims is

that the "determining" step (or the "means for determining") includes distinguishing between an

input (consisting of a single input point) that is interpreted as a scroll operation and an input

(consisting of two or more input points) that is interpreted as a gesture operation.  There are no

examples in the specification of an input consisting of more than two (e.g., three) input points

that is interpreted as a gesture operation.  Likewise, the assertions of Nieh and Klemmer are

made without reference to the specification.  While the Klemmer declaration provides an

implementation of the distinguishing limitation as pseudo-code (paragraph 13), the specification

of the '915 patent itself does not describe any particular algorithm for performing the claimed

"distinguishing."  In the case of a means-plus-function limitation, for example, the specification

must disclose an algorithm to perform the recited function even if a person of ordinary skill in

Application/Control Number: 90/012,332                                   Page 5
Art Unit: 3992

the art would have been able to devise one. See *In re Katz Interactive Call Processing Pat. Lit.*, 639 F.3d 1303, 97 USPQ2d 1737, 1748 (Fed. Cir. 2011).

Moreover, in support of the examiner's interpretation of the claims, the examiner respectfully points out that the Federal Circuit stated in *Schumer v. Laboratory Computer Systems Inc.*, 308 F.3d 1304, 1311, 64 USPQ2d 1832, 1838 (Fed. Cir. 2002), "We have consistently interpreted the word 'or' to mean that the items in the sequence are alternatives to each other." The Federal Circuit further held, "When a claim covers several structures or compositions, either generically or as alternatives, the claim is deemed anticipated if any of the structures or compositions within the scope of the claim is known in the prior art." *Brown v. 3M*, 265 F3d 1349, 60 USPQ2d 1375, 1376 (Fed. Cir. 2001).

Here, the patent owner acknowledges that the claimed condition of two or more input points "may be met by a range of interchangeable, alternative inputs" and that the word "or" means that "the multi-touch input being disambiguated may be alternative" (remarks at page 6). The alternatives are "two" and "more." In other words, the alternatives are two input points and more than two input points. The condition is met (and the limitation anticipated) if any of the alternatives are shown in the prior art and "interpreted as a gesture operation" such as recited in the claims. Indeed, as set forth above, Nomura clearly teaches an input consisting of two input points that is interpreted as a gesture operation (e.g., "two fingers moving apart" and "two fingers moving toward each other") (see paragraph [0053]), and Hillis clearly teaches an input consisting of two input points that is interpreted as a gesture operation (e.g., "placing his fingertips on the display surface and moving them in an outwardly separating manner") (see column 3, lines 42-46). Thus, both Nomura and Hillis teach the limitation as claimed.

Application/Control Number: 90/012,332                                   Page 6
Art Unit: 3992

4.      The patent owner contends that Hillis does not disclose "distinguishing between one input point and two or more input points," arguing that there is no disclosure in Hillis "that the number of tracked contact locations is actually used as the criterion by which scroll and gesture operations are determined."  The patent owner further contends that Hillis "does not disclose an algorithm that interprets more than two input points as a gesture operation."  See the patent owner's remarks at pages 10-11.

        However, the examiner respectfully disagrees.  As set forth in the Office action, Hillis detects and tracks the exact number of input points:

> In step 201, the user initiates (and the display/computer detects) the user's physical contact with the display surface 124.  Without any intended limitation, the illustrated embodiment of the sequence 200 performs one instance of the (repeating) steps 202-204 for each such contact initiated.  The contact of step 201 is referred to as the "current" contact.  In one gesture recognition scheme, the computer 126 tracks a predetermined number of distinct contact locations (such as two).  If the computer identifies another contact location (such as a third), the computer 126 ignores it until the user releases a sufficient number of the existing contact locations.

(Hillis at column 7, lines 4-14; emphasis added.)  Hillis goes on to describe determining whether the input points match a predetermined pattern:

> In step 208, the computer 126 determines whether activity of the current contact matches a predetermined pattern, and therefore constitutes a "gesture." Step 208 repeats continually, utilizing some or all of the position, position history (movement), velocity, and force information from steps 202, 204, 206. More particularly, in step 208 the computer 126 compares the history of contact position, size, movement, velocity, and/or force to the dictionary 126a of predetermined gestures to determine if the user has performed any of these gestures.

(Hillis at column 7, lines 46-55.)  The patterns and operations described in Hillis include "panning, zooming, rotating, and the like" (see, e.g., column 8, lines 4-8).

Application/Control Number: 90/012,332                                                      Page 7
Art Unit: 3992

     A person of ordinary skill in the art would infer from these teachings that the number of input points, along with the movement, velocity and force of the input points, are the criteria by which scroll and gesture operations are determined.  Indeed, as set forth in the Office action, Hillis describes an input consisting of a single input point that is interpreted as a pan or scroll operation (i.e., "drawing a finger across the display surface") (see, e.g., column 8, lines 44-48), and an input consisting of two input points that is interpreted as a gesture operation (i.e., "placing his fingertips on the display surface and moving them in an outwardly separating manner") (see, e.g., column 3, lines 42-46).  In the case where a third input point is ignored in Hillis "until the user releases a sufficient number of the existing contact locations" (see, e.g., column 7, lines 9-14), the input (consisting of three input points) is effectively interpreted the same as an input consisting of two input points.

5.    The patent owner's other arguments are not persuasive for the same reasons as set forth above and in the final Office action mailed on July 26, 2013.  See the patent owner's remarks at pages 9-15, repeating and/or incorporating by reference the arguments presented in the response filed on March 19, 2013.

Application/Control Number: 90/012,332                                    Page 8
Art Unit: 3992

### *Conclusion*

6.      All correspondence relating to this *ex parte* reexamination proceeding should be directed:

| | |
|---|---|
| By mail to: | Mail Stop *Ex Parte* Reexam |
| | Attn: Central Reexamination Unit |
| | Commissioner for Patents |
| | United States Patent & Trademark Office |
| | P.O. Box 1450 |
| | Alexandria, VA 22313-1450 |
| | |
| By fax to: | (571) 273-9900 |
| | Central Reexamination Unit |
| | |
| By hand: | Customer Service Window |
| | Randolph Building |
| | 401 Dulany Street |
| | Alexandria, VA 22314 |
| | |
| By EFS: | Registered users may submit correspondence via the EFS-Web electronic filing system at https://efs.uspto.gov/efile/myportal/efs-registered. |

Any inquiry concerning this communication should be directed to the Central

Reexamination Unit at telephone number (571) 272-7705.


/Michael J. Yigdall/                              Conferees:
Primary Examiner, Art Unit 3992
                                                  /Stephen J Ralis/
                                                  Primary Examiner, Art Unit 3992

                                                  /Sudhanshu C Pathak/
                                                  Supervisory Patent Examiner, Art Unit 3992

| *Reexamination* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90012332 | 7844915 |
| | Certificate Date | Certificate Number |
| | | |

| Requester Correspondence Address: | ☐ Patent Owner | ☒ Third Party |
|---|---|---|

BRYAN CAVE LLP
1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104

| LITIGATION REVIEW  ☒ | MY<br>(examiner initials) | 06/04/2012<br>(date) |
|---|---|---|
| Case Name | | Director Initials |
| 1:11cv611 (Open) | | |
| 5:11cv1846 (Open) | | |
| | | |
| | | |
| | | |

| COPENDING OFFICE PROCEEDINGS | |
|---|---|
| TYPE OF PROCEEDING | NUMBER |
| 1.  (No copending Office proceedings) | |
| | |
| | |
| | |

| | |
|---|---|
| | |