1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5    Kevin P.B. Johnson (Bar No. 177129)
     kevinjohnson@quinnemanuel.com
6    Victoria F. Maroulis (Bar No. 202603)
     victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone:    (650) 801-5000
   Facsimile:    (650) 801-5100
9
     William C. Price (Bar No. 108542)
10   williamprice@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
11   michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14
   Attorneys for SAMSUNG ELECTRONICS
15 CO., LTD., SAMSUNG ELECTRONICS
   AMERICA, INC. and SAMSUNG
16 TELECOMMUNICATIONS AMERICA, LLC

17                      UNITED STATES DISTRICT COURT

18             NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 19  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK (PSG) |
| 20           Plaintiff, | **SAMSUNG'S EMERGENCY RENEWED MOTION FOR STAY PENDING REEXAMINATION OF U.S. PATENT NO. 7,844,915** |
| 21      vs. | |
| 22  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 26           Defendants. | |

02198.51855/5587955.2

Case No. 11-cv-01846-LHK (PSG)
**EMERGENCY RENEWED MOTION FOR STAY PENDING REEXAMINATION OF '915 PATENT**

Pursuant to the Court's Case Management Order of April 29, 2013, Samsung files a renewed motion for stay of the new damages trial pending reexamination of U.S. Patent No. 7,844,915 (the "'915 patent") or, in the alternative, to stay all proceedings after any verdict. Today, the PTO Examiner issued an Advisory Action finding all claims of the '915 patent invalid. Dkt. 2809 and 2810. The Advisory Action is the Examiner's final word on the invalidity of the '915 patent. This decision by the PTO jeopardizes the jury's findings in the damages trial and may render all of the post-trial proceedings a waste of time and resources.

**Facts**

The '915 patent has been subject to *ex parte* reexamination proceedings which began on May 30, 2012, by request of an anonymous third party. On July 26, 2013, the PTO issued a Final Office Action rejecting all claims of the '915 patent as anticipated or rendered obvious in view of U.S. Patent No. 7,724,242 to Hillis, Japanese Publ. No. 2000-163031A to Nomura, and other prior art references. Dkt. 2349-1. This final rejection included claim 8, the only claim of the '915 patent at issue in this action. Apple was given until September 26, 2013 to file either a Notice of Appeal to the PTAB or a Response to the Examiner's Final Action.

On September 6, 2013, Apple filed a request for extension of time, seeking an additional month to file a Response to the Examiner's Final Action. Dkt. 2421-1. On September 13, 2013, the PTO granted Apple's request for a one-month extension. Dkt. 2421-2. On October 28, 2013, Apple filed its Response to the Examiner's Final Action. Dkt. 2614.

Today, November 20, 2013, the Examiner issued an Advisory Action, maintaining his position that the '915 patent is anticipated or rendered obvious in view of Hillis, Nomura, and other references. Dkt. 2809 and 2810. This Advisory Action is the Examiner's final word regarding the validity of the '915 patent. At this point, Apple's only option is to file a Notice of Appeal, or else "the prosecution of the present *ex parte* reexamination proceeding WILL BE TERMINATED and a Notice of Intent to Issue *Ex Parte* Reexamination Certificate will be mailed in due course. Any finally rejected claims, or claims objected to, will be CANCELLED." *Id.* at ¶1; *see* MPEP 2272.

1    The jury has begun deliberations on the damages retrial in this case and they are currently
2 deliberating on awarding damages on an invalid '915 patent for 12 of the 13 products at issue (the
3 Replenish was not held to infringe the '915 patent).

**Argument**

5    Samsung should not be compelled to face damages for a patent that the PTO has already
6 found to be invalid.  Accordingly, Samsung moves for an immediate stay of this action and
7 requests that this matter be heard by the Court immediately, before the jury completes its
8 deliberations.  This Court has already recognized that a stay of proceedings is likely appropriate
9 should the PTO finally determine that Apple's patents are invalid.

> SO WHAT I'M GOING TO DO IS FOR NOW I AM DENYING THE STAY REQUEST. HOWEVER, I WOULD ASK THAT YOU KEEP THE COURT INFORMED OF ANY NEW DEVELOPMENTS WITH THE PTO, BECAUSE IF THE EXAMINER DOES NOT REOPEN THE PROSECUTION AND APPLE IS FORCED TO FILE A NOTICE OF APPEAL, THEN THE COURT WILL LIKELY STAY ANY PROCEEDINGS AS TO THE '381. OKAY? AND THAT WILL NOT BE ANY -- IN ANY RETRIAL. OKAY? SO THAT'S MY RULING ON THE RE-EXAMS.

Dkt. 2320, April 29, 2013 Hearing Transcript.  The Court extended this reasoning to the '915 patent in an order issued the same day.  *See* Dkt. 2316 at 2, Case Management Order.  During that hearing, the Court recognized that the balancing analysis would tip in Samsung's favor should the PTO refuse to reopen prosecution, leaving Apple's only recourse to seek appeal of the rejection.  That balancing analysis continues to favor of Samsung.

   Courts typically consider three factors in determining whether to issue a stay pending reexamination: "(1) the stage of the case; (2) whether a stay will simplify the court proceedings; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party," *Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 545855, *2 (N.D. Cal. Feb. 11, 2010).  Here, the overriding factor weighing in favor of a stay is the prejudice in light of the determination by the PTO.  It would be unjust to have damages evaluated and awarded on a patent found to be invalid by the PTO.  Indeed, it may be an abuse of discretion <u>not</u> to issue a stay.  *See Standard Havens v. Gencor*, 996 F.2d 1236 (Fed. Cir. 1993) (unpublished) (reversing an order denying stay of damages trial, where patent was held invalid on reexamination by the PTO

Examiner and the BPAI but appeals process was ongoing). If the decision by the PTO Examiner is upheld, then "the patent was void *ab initio*, [and] damages would also be precluded." *Id.* Any further litigation on the '915 patent would proceed under a "cloud of invalidity." *See Juxtacomm-Texas Software, LLC v. Lanier Parking Sys. of Virginia, Inc.*, 2011 WL 3322554 (E.D. Va. Aug. 2, 2011) at *2 (granting a stay following a Final Office Action of invalidity). It would be manifestly unjust to continue this litigation and have damages awarded against Samsung on an invalid patent. Conversely, Apple would suffer no prejudice from a stay. Apple claims that delay would prejudice its ability to protect its intellectual property rights. "Mere delay, without more though, does not demonstrate undue prejudice." *Nanometrics Inc. v. Nova Measuring Instruments, Ltd.*, 2007 WL 627920 at *3 (N.D. Cal. Feb. 26, 2007). If, on appeal, Apple is able to reverse the decision of the PTO, Apple's "potential recovery of damages will not be affected by the re-examination proceeding." *Id.*

The remaining factors favor a stay. The stage of the case is not considered in a vacuum, but rather should be viewed "in comparison to the stage of the PTO reexaminations." *See Juxtacomm-Texas Software*, 2011 WL 3322554 at *2. Here, reexamination proceedings are in an advanced state, as the Examiner has already determined the patent to be invalid. Moreover, Samsung acted in good faith in filing a motion for stay at this juncture. Samsung did not initiate the reexamination for the purpose of delay. Indeed, Samsung did not initiate the reexamination at all. Instead, Samsung is seeking a stay only after the PTO Examiner has found Apple's patent to be invalid.

Conversely, Apple has acted in bad faith in attempting to delay the reexamination proceedings beyond the scheduled date of the damages trial. Apple sought and received an extension of time to respond to the Examiner, despite knowing that the outcome of the reexamination was a crucial issue for the upcoming damages trial. Dkt. 2421. Apple filed this extension of time misleadingly using this damages trial as a basis for extension. In support of its request, Apple alleged that an extension was necessary because Apple needs to "[c]onsult[] with litigation counsel in the Concurrent [N.D. Cal.] Litigation to ensure that the obligations under 37 C.F.R. § 1.565(a) and 37 C.F.R. § 1.555." *Id.* at 2. ("[T]he ongoing activity in the Concurrent

Litigation, including a damages trial set for November 12, 2013, is highly relevant to Patent Owner's obligations under 37 C.F.R. § 1.565(a) and 37 C.F.R. § 1.555."). As Apple well knew, no new prior art was allowed by the Court at the new damages trial. The damages trial thus had no relevance to the proceedings before the PTO under either 37 C.F.R. § 1.565(a) (the duty to notify the PTO of concurrent litigation) or 37 C.F.R. § 1.555 (the duty to inform the PTO of additional prior art). No activities pertinent to the PTO occurred in the damages trial, and no new prior art was involved. Apple continued to seek additional time for an interview even after filing a Response to Final Office Action. Dkt. 2614 at 3. Apple, not Samsung, is the reason why this renewed motion for stay is being brought at this juncture in the new trial.

Finally, a stay would simplify the proceedings. A jury verdict on damages for the invalid '915 patent will be unsupportable, and will make post-trial proceedings inefficient and wasteful. Apple made a deliberate, strategic decision in its presentation not to separate its damages between the different asserted patents. As a result, unless the jury awards a lump sum royalty for the '915 patent, the portion of a verdict attributable to the '915 patent would likely be unknown, rendering unsupportable the entire damages verdict on 12 of the 13 products. *See Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1310 (Fed. Cir. 2007) ("[W]here the jury rendered a single verdict on damages, without breaking down the damages attributable to each patent, the normal rule would require a new trial as to damages."). For each product other than the Replenish, Apple's expert presented the jury with a combined royalty that included damages on the '915 patent. Apple's expert gave the jury no method to calculate damages on a per-patent basis. Thus, any damages award based on Apple's damages theory will likely be tainted for every product other than the Replenish. Invalidation of the '915 patent will thus potentially require vacatur of the damages awards as to all products at issue other than the Replenish.

Furthermore, it will be a complete waste of the Court's time and resources to have post-trial proceedings on a verdict that includes an award of damages for the '915 patent using Apple's damages theory. The Court would be presented with many legally and factually complicated arguments as to the proper amount of damages on the '915 patent, all of which are rendered moot

1  by the invalidity of the patent. Apple should not be permitted to waste the Court's and Samsung's
2  time. A stay is, therefore, warranted.
3
4
5  DATED: November 20, 2013           QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
6
7
8                                         By  /s/ Victoria F. Maroulis
                                              Charles K. Verhoeven
9                                             Kevin P.B. Johnson
                                              Victoria F. Maroulis
10                                            William C. Price
                                              Michael T. Zeller
11
12                                        Attorneys for SAMSUNG ELECTRONICS CO.,
                                          LTD., SAMSUNG ELECTRONICS AMERICA,
13                                        INC., and SAMSUNG
                                          TELECOMMUNICATIONS AMERICA, LLC
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28