HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S EMERGENCY MOTION TO STAY TRIAL DURING JURY DELIBERATIONS** |

Samsung's strategy to delay entry of final judgment in this case has crossed the bounds of reason: Samsung seeks to halt the damages retrial *in the midst of jury deliberations*. Granting Samsung's request would render the Court's and Apple's efforts to prepare for and conduct the damages retrial all for naught and be extraordinarily prejudicial to Apple. And there is nothing even resembling good cause for derailing either the jury's deliberations or post-trial motions. *The reexamination proceedings on Apple's '915 patent are not final.* Apple is still within the period during which it may respond to the July 26 final Office Action and persuade the examiner to withdraw the rejection. The Court should deny Samsung's latest attempt for a stay.

## I. SAMSUNG MISSTATES THE STATUS OF THE REEXAMINATION

Samsung's entire motion is premised on the argument that "[t]he Advisory Action is the Examiner's final word on the invalidity of the '915 patent" and that Apple's only option at this point is to appeal. (Dkt. No. 2811 at 1:5-6, 1:23-24.) That premise is wrong. The Advisory Action itself makes that clear, in language omitted from the quote in Samsung's motion: "Unless a timely appeal is filed, **or other appropriate action is taken to overcome all of the outstanding rejection(s),** this prosecution of the present *ex parte* reexamination proceeding WILL BE TERMINATED and a Notice of Intent to Issue *Ex Parte* Reexamination Certificate will be mailed in due course. Any finally rejected claims or claims objected to WILL BE CANCELLED." (Dkt. No. 2810 at 4 ¶ 1 (emphasis added, capital letters in original).)[1]

As stated in the Advisory Action, "the period for response is extended to run 5 months from the mailing date of the final rejection." The "response" referred to is Apple's response to the final Office Action of July 26, 2013. Accordingly, as was true on July 26, 2013, Apple remains in "after final rejection" proceedings. Between now and December 26, 2013, Apple can take any action a patent-owner may properly take in response to a final Office Action, including (a) filing a response addressing the final Office Action (i.e., supplemental response per MPEP 714.03(a)), (b) requesting an interview per MPEP 2281, or (c) filing a notice of appeal per MPEP

---

[1] For an example of a NIRC confirming claims and terminating reexamination proceedings after final rejection and Advisory Action, see Ex Parte Reexamination Control No. 90/011,911 at Reexamination Certificate, NIRC, and Interview Summary of May 16, 2013, *available at* http://portal.uspto.gov/pair/PublicPair.

APPLE'S OPP. TO SAMSUNG'S EMERGENCY MOTION TO STAY TRIAL DURING JURY DELIBERATIONS         1
Case No. 11-cv-01846-LHK (PSG)
sf-3357097

2273.  Put another way, an Advisory Action is a communication that states that the previous response did not completely overcome the rejections in the final Office Action, such that those rejections remain outstanding.  *See* MPEP 706.07(f).  It is not the conclusion of reexamination proceedings, or even proceedings before the examiner.  The reexamination proceedings concerning the '381 patent—which were resolved in Apple's favor—were in this same posture the last time Samsung asked the Court for a stay based on that patent.

Moreover, after proceedings at the examination level are completed, the Notice of Intent to Issue Reexamination Certificate still is not a final decision.  The examiner may change his position and even reopen prosecution until after he files an examiner's answer to the appeal brief and considers the patentee's reply.  MPEP 2275 ("Where appellant files a timely reply brief to an examiner's answer or a supplemental examiner's answer, the examiner may (A) acknowledge receipt and entry of the reply brief, (B) reopen prosecution to respond to the reply brief[.]"); *see, e.g.*, footnote 1, *supra*.  And of course, if an appeal is filed, the USPTO's own Patent Trial and Appeal Board may rule in favor of the patent owner, and an unfavorable Board decision (which likely would not issue until late 2016 at the earliest) may be appealed to the Federal Circuit.  (*See* Dkt. Nos. 2309-1 (charts of pre- and post-appeal options from MPEP 2200); 2308 at 1.)

**II.     THE COURT SHOULD ONCE AGAIN DENY SAMSUNG'S STAY REQUEST**

In denying Samsung's request for a stay pending reexamination of Apple's '381 and '915 patents on April 29, 2013, the Court considered the following factors:  "Number one, the stage of the case; two, whether a stay will simplify the court proceedings; and three, whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party."  (Dkt. No. 2320 at 10 (citing *Telemac Corp. v. Teledigital, Inc.* 450 F. Supp. 2d 1107 (N.D. Cal. 2006).)  These same factors weigh heavily against Samsung's current request for a stay.

***The "Stage of the Case" Weighs Heavily Against a Stay*.**  In April, the Court found that "the stage of the case favors Apple since we are post-trial and post-post-trial motions and post-verdict."  (Dkt. No. 2320 at 11:4-6.)  This factor weighs even more heavily in favor of Apple now.  In April, the case was more than six months away from the damages retrial.  Now, the retrial has been completed.  The parties rested two days ago and the jury has already deliberated

APPLE'S OPP. TO SAMSUNG'S EMERGENCY MOTION TO STAY TRIAL DURING JURY DELIBERATIONS
Case No. 11-cv-01846-LHK (PSG)
sf-3357097

2

1  for two days.  We may well get a verdict tomorrow morning.

2  In this district, stays pending reexam have been held "untenable" even at far earlier litigation stages. *E.g.*, *Interwoven, Inc. v. Vertical Computer Sys.*, No. C-10-04645, 2012 U.S. Dist. LEXIS 30946, at *11-12 (N.D. Cal. Mar. 8, 2012) (discovery "well underway" and claim construction completed).  Courts routinely deny stays at advanced stages of litigation. *See*, *e.g.*, *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1327-28 (Fed. Cir. 2001) (affirming denial of stay after trial court found infringement); *Versata Software, Inc. v. SAP Am., Inc*., 12-1029, Dkt. No. 103 (Fed. Cir. July 5, 2013) (denying stay of appeal after PTAB issued finding of invalidity based on covered business method review); *Belden Techs., Inc. v. Superior Essex Commc'ns*, No. 08-63, 2010 U.S. Dist. LEXIS 90960 (D. Del. Sept. 2, 2010) (denying stay on eve of trial); *NTP, Inc. v. RIM, Ltd.*, 397 F. Supp. 2d 785 (E.D. Va. 2005) (denying stay after case remanded).

Samsung has not cited a single case staying litigation post-trial.  Its inapposite cases address far earlier stages of proceedings. *See Juxtacomm-Texas Software, LLC v. Lanier Parking Sys. of Virginia, Inc.*, No. 11-CV-299, 2011 WL 3322554, *2 (E.D. Va. Aug. 2, 2011) (no discovery, case schedule, Markman hearing date, or trial date); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053, 2010 WL 545855, *3 (N.D. Cal. Feb. 11, 2010) (no damages discovery or trial date).  Samsung also improperly cites a pre-2007 unpublished Federal Circuit opinion. *Standard Havens Prod. v. Gencor Indus.*, 996 F.2d 1236 (Fed. Cir. 1993) (unpublished); *see* Fed. Cir. R. 32.1(c).  Even if considered, the Federal Circuit has distinguished *Standard Havens* where, as here, "the court is being asked to stay proceedings at the relative end of the litigation process pending a lengthy administrative process that even the appellants predict will take at least 10-14 months to complete.  Under these circumstances, we deem it appropriate to deny the motions to stay." *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2011-1191, 2012 U.S. App. LEXIS 1992, at *6-7 (Fed. Cir. Jan. 31, 2012) (non-precedential).  (*See also* Dkt. No. 2304 at 1 (Samsung states reexaminations would take up to 18 months, not including Fed. Cir. appeal); Dkt. No. 2308 at 1 (Apple states that any final adverse decisions in reexaminations would likely not occur until mid-2017 or later).)

***"Whether a Stay Would Simplify the Court Proceedings" Weighs Heavily Against a***

*Stay.* In April, the Court weighed this factor in Samsung's favor because it would simplify the proceedings "to have the '381 or '915 patents not be retried." (Dkt. No. 2320 at 11.) That rationale is now moot, however, because the retrial has already occurred. Rather than simplify proceedings, it would be extraordinarily inefficient and wasteful to halt the jury deliberations on the damages award for infringement of the five patents at issue, particularly given that the '915 reexamination proceedings are not complete. *See Largan Precision Co. v. Fujifilm Corp.*, No. C-10-1318, 2011 U.S. Dist. LEXIS 25423, at *7 (N.D. Cal. Mar. 1, 2011) (reexamination must finally resolve all issues to simplify litigation).[2]

      ***"Prejudice to Apple" Weighs Heavily Against the Stay***. In its April ruling, the Court stated that if "Apple is forced to file a notice of appeal . . . that third factor may then swing into Samsung's favor" because "it would be more prejudicial, and more of a tactical disadvantage to Samsung to have to do a second trial" and further litigation on "IP that may ultimately not be valid." (Dkt. No. 2320 at 11-12.) Applying that standard here weighs heavily in favor of Apple. First, the rationale of allowing Samsung to avoid "hav[ing] to do a second trial" is moot. The retrial has been completed and the jury is deliberating. Nor has Apple been "forced to file a notice of appeal." Apple still has time to persuade the examiner to change his position.

      Terminating the jury's deliberations would render the entire trial a nullity, and cause an extraordinary waste of the Court's and Apple's resources in preparing for and conducting the trial. Apple would suffer extreme prejudice from having the deliberations aborted, which ultimately would require a retrial of the retrial. Samsung cannot justify terminating deliberations

---

[2] Samsung's argument that Apple made a "deliberate, strategic decision" to present the jury with "no method to calculate damages on a per-patent basis" (Dkt. No. 2811 at 4) is wrong. Apple presented per-patent royalty amounts and per-product royalty totals to the jury, as shown in pages 4 and 16 of PX25F, an admitted trial exhibit. Apple presented per-product lost profits claims, all of which arise from Samsung's infringement of the '915 patent. (PX25F.4.) Apple presented per-product Samsung's profits claims, none of which arises from Samsung's infringement of the '915 patent. (*Id.*) Apple did not present per-unit averages for each of these categories, but that was not a "strategic decision" on Apple's part—it was Samsung's successful objection that prevented Apple from presenting that information to the jury. (Dkt. No. 2669 at 6; Dkt. No. 2696 at 5.) Samsung's suggestion that the jury's damages award will be "tainted for every product other than the Replenish" is at best premature—if the jury awards Apple's requested amounts, for example, the Court will be able to determine exactly what portions correspond to the '915 patent, consistent with the information Apple presented at trial.

APPLE'S OPP. TO SAMSUNG'S EMERGENCY MOTION TO STAY TRIAL DURING JURY DELIBERATIONS
Case No. 11-cv-01846-LHK (PSG)
sf-3357097

4

involving damages concerning the '915, much less the four other patents in this case. Because the reexamination proceedings are not final (and will not be final even at the USPTO level until the end of 2016 at the earliest), Samsung's request is based on pure speculation.

The same is true of Samsung's alternative request that the Court stay all post-trial motions and thus prevent the Federal Circuit from reviewing both verdicts in this case until several years from now. It is almost 15 months since the first jury found that 28 Samsung products infringed Apple's IP and that all those patents, including the '915, are valid. Samsung now seeks a tactical advantage—to avoid its burden of trying to overturn the jury's validity finding on appeal, in hopes that the ultimate decision on reexamination (including any appeal to the Federal Circuit) might be against Apple and thus preempt the jury's verdict. That delay would severely prejudice Apple.

Since the 2012 verdict, Samsung has continually attempted to delay a final resolution of this action. Further delay would be fundamentally inconsistent with the patent system, which confers the exclusive right to use the patented invention or design and entitles the patentee to money damages for any past infringement. A prevailing party at trial "has an interest in pursuing the finality of the jury's verdict," and faces "undu[e] prejdudice" from a stay of post-trial proceedings. *Orion IP, LLC v. Mercedes-Benz USA, LLC*, No. 05-CV-322, 2008 U.S. Dist. LEXIS 103607, at *22-24 (E.D. Tex. Dec. 22, 2008) ("[Plaintiff's] certain prejudice if the stay is continued pending the re-examination proceeding outweighs [Defendant's] speculative prejudice if the stay is not continued"), *rev'd on other grounds*, 605 F.3d 967 (Fed. Cir. 2010); *MercExchange, L.L.C v. eBay, Inc.*, 500 F. Supp. 2d 556, 564-65, n.6 (E.D. Va. 2007) (denying stay of post-trial proceedings where movant was "unsuccessful litigant seeking a second bite at the apple through an administrative process" and noting primary benefit of reexamination in narrowing issues for trial was no longer present); *see also* Dkt. No. 2320 at 11:12-23 (finding stay would prejudice Apple by delaying actual relief). Samsung has infringed and continues to infringe, but it has yet to face any consequences. Delay in the post-trial motions regarding the retrial, and the corresponding additional delay until the jury's infringement verdict is reviewed by the Federal Circuit, would substantially prejudice Apple.

Dated: November 20, 2013

MORRISON & FOERSTER LLP

By:   */s/ Harold J. McElhinny*
        HAROLD J. McELHINNY

Attorneys for Plaintiff
APPLE INC.

APPLE'S OPP. TO SAMSUNG'S EMERGENCY MOTION TO STAY TRIAL DURING JURY DELIBERATIONS
Case No. 11-cv-01846-LHK (PSG)
sf-3357097

6