RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:    650-838-2000
Facsimile:    650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (*pro hac vice*)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:    404-881-7000
Facsimile:    404-881-7777

Attorneys for Non-Party
NOKIA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC.,<br><br>    Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>    Defendants. | Case No.: 11-cv-01846-LHK (PSG)<br><br>**NOKIA CORPORATION'S RESPONSE TO SAMSUNG'S BRIEF REGARDING ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT PROTECTION IN RESPONSE TO ORDER OF NOVEMBER 8, 2013**<br><br>Courtroom: 5<br>Hon. Paul S. Grewal |

**Table of Contents**

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF FACTS ....................................................................................................1

III. ARGUMENT .........................................................................................................................3

    A. Samsung's Improper Submission Misstates the Applicable Legal Standard.................3

        1. Samsung's brief misstates the Ninth Circuit business purpose standard. ..........3

        2. Samsung's brief was improperly filed *in camera* and should be stricken due to its *ex parte* legal arguments. ......................................................5

    B. Samsung Has Waived Privilege Over the Documents in Question. .............................6

        1. Samsung has put the substance of the documents cited by this Court in footnotes 10-15 of the November 8 Order to Show Cause directly at issue in these proceedings. ................................................................................6

        2. Samsung has put the substance of Tabs 6 and 222 of Samsung's *in camera* submissions directly at issue in these proceedings. ............................12

        3. Samsung has publicly disclosed the contents of several of the documents at issue. ...................................................................................................13

IV. CONCLUSION....................................................................................................................15

- i -

RESPONSE TO BRIEF REGARDING ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT PROTECTION IN RESPONSE TO ORDER OF NOVEMBER 8, 2013 11-cv-01846-LHK (PSG)

**Table of Authorities**

Page(s)

**CASES**

*Chevron Corp. v. Pennzoil Co.*,
  974 F.2d 1156 (9th Cir. 1992) ...................................................................................6, 10, 11

*Genentech, Inc. v. Insmed, Inc.*,
  236 F.R.D. 466 (N.D. Cal. 2006)..............................................................................................6

*Hernandez v. Tanninen*,
  604 F.3d 1095 (9th Cir. 2010) ................................................................................................13

*Home Indem. Co. v. Lane Powell Moss & Miller*,
  43 F.3d 1322 (9th Cir. 1995) ....................................................................................................6

*Ibrahim v. Dep't of Homeland Sec.*,
  No. C-06-00545, 2012 WL 6652362 (N.D. Cal. Dec. 20, 2012)...............................................5

*In re CV Therapeutics, Inc. Securities Litig.*,
  No. C-03-3709, 2006 WL 1699536 (N.D. Cal. June 16, 2006).................................................4

*In re Geothermal Resources Int'l, Inc.*,
  93 F.3d 648 (9th Cir. 1996) (*per curiam*) ..............................................................................11

*McCaugherty v. Siffermann*,
  132 F.R.D. 234 (N.D. Cal. 1990).............................................................................................4

*MediaTek Inc. v. Freescale Semiconductor, Inc.*,
  No. 4:11-cv-05341 YGR (JSC), 2013 U.S. Dist. LEXIS 147032 (N.D. Cal. Oct. 10, 2013)....4

*Phillips v. C.R. Bard, Inc.*,
  290 F.R.D. 615 (D. Nev. 2013).................................................................................................4

*Rambus Inc. v. Samsung Elecs. Co.*,
  Nos. C-05-02298 RMW, C-05-00334 RMW, 2007 WL 3444376 (N.D. Cal. Nov. 13,
  2007) .........................................................................................................................................6

*Tennenbaum v. Deloitte & Touche*,
  77 F.3d 337 (9th Cir. 1996) ....................................................................................................14

*United States v. Amlani*,
  169 F.3d 1189 (9th Cir. 1999) ...........................................................................................6, 11

*United States v. Bilzerian*,
  926 F.2d 1285 (2d Cir. 1991)....................................................................................................6

*Weil v. Inv./Indicators, Research & Mgmt.*,
  647 F.2d 18 (9th Cir. 1981) ....................................................................................................13

- ii -

**RULES**

Local Rule 7-10..................................................................................................................4

- iii -

RESPONSE TO BRIEF REGARDING ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT PROTECTION
IN RESPONSE TO ORDER OF NOVEMBER 8, 2013 11-cv-01846-LHK (PSG)

## I. INTRODUCTION

Samsung's request that this Court uphold its assertions of privilege over the documents cited in footnotes 10-15 of this Court's November 8, 2013 Order to Show Cause, Dkt. 2689, should be denied. Samsung has failed to meet its burden of establishing that the documents at issue are subject to privilege or work product protection. Samsung's "secret" brief even misstates the standard that this Court should apply when determining whether the attorney-client privilege applies to its communications under Ninth Circuit law. To the extent privilege was ever available, Samsung has waived any attorney-client or work product protection to these communications by directly putting them at issue to its defenses in these proceedings. The record is replete with factual representations by Samsung trying to convince this Court that its conduct was *inadvertent*, that Samsung's wrongdoing was *not willful* and that Samsung *made no use of the information* that was improperly disclosed. Samsung cannot conceal the documentary evidence behind a shield of privilege and simultaneously ask the Court and the parties to simply accept Samsung's argument that the documents support only Samsung's view of the relevant facts. Samsung has additionally waived any claim of privilege by publicly disclosing the substance of certain communications before this Court as detailed below. Further, Samsung's brief should be stricken as an improper *ex parte* communication due to Samsung's insistence upon making clearly non-privileged legal arguments before this Court without allowing Nokia or Apple the opportunity to respond to them.

## II. STATEMENT OF FACTS

During the course of this litigation, the Nokia-Apple license was provided to Samsung's outside counsel pursuant to the terms of a protective order which prohibited the use of this extremely competitively sensitive document outside the scope of this action and which forbade its distribution to Samsung personnel or other third parties.

In spite of this Court's protective order, Samsung's outside counsel subsequently transmitted a draft report from their expert, David Teece, to dozens of Samsung employees. Among other confidential information, this report contained licensing terms in the Nokia-Apple license which had been designated as Highly Confidential – Attorney's Eyes Only under the protective order.

1   The fact that Nokia's confidential information had been improperly disclosed to Samsung
2   personnel became apparent during a licensing meeting between Nokia and Samsung on June 4, 2013
3   (Dkt. No. 2483 at 3).  When a request to produce further Nokia confidential business information
4   came up in the context of the second pending action between Apple and Samsung, Nokia responded
5   by moving for a protective order to prevent such further disclosure (Dkt. No. 647, Case No. 5:12-cv-
6   630).  On August 23, 2013, Apple filed a motion to compel further discovery concerning this issue
7   and for sanctions against Samsung and its counsel based on their numerous violations of the
8   protective order (Dkt. No. 2374), which was joined by Nokia on September 21, 2013 (Dkt. No.
9   2434).  The parties and Nokia appeared before this Court for oral argument concerning the motion to
10  compel further discovery and for sanctions on October 1, 2013 and again on October 22.  Notably,
11  during these two hearings, counsel for Samsung repeatedly argued that no protective order violation
12  had occurred because the disclosure of the Teece expert report to Samsung personnel was allegedly
13  inadvertent and because the Nokia confidential business information at issue had allegedly not been
14  used improperly following the disclosure (*see, e.g.* Hr'g Tr., Oct. 1, 2013 Hr'g at 30:8-23, 32:1-3).

15  Also at the October 22 hearing, this Court ordered Samsung to produce all documents over
16  which it asserted attorney-client or work product protection "immediately."  Samsung completed its
17  *in camera* submissions several weeks later on November 7, 2013, and the following day this Court
18  issued an Order to Show Cause Why Sanctions Are Not Warranted, finding that "an outline does
19  emerge suggesting sanctions should issue" based on, *inter alia*, Samsung counsel Quinn Emanuel's
20  failure to redact Nokia's confidential business information from an expert report sent to Samsung
21  personnel and based upon Samsung's wrongful use of this information in preparations for
22  negotiations with Nokia between March 22, 2012 and June 4, 2013 (Dkt. No. 2689 at 3).

23  The Samsung Tabs cited by this Court in footnotes 10-15 of the November 8 Order to Show
24  Cause have each been the subject of Samsung's privilege claims.  Notably, these documents appear
25  to include communications between Samsung personnel and outside counsel concerning the Nokia-
26  Apple license, even including the transmission of the Teece report containing Nokia's confidential

information directly to Helen Hopson, outside counsel to Samsung with respect to international litigation between Apple and Samsung and not a signatory to the protective order in this case.

Because "the court thus far is unpersuaded that the generic statements in [Samsung's privilege] log meet the burden required to claim that protection," this Court allowed Samsung the opportunity to attempt to demonstrate that privilege should apply to these documents (Dkt. No. 2689 at 4, fn. 16). Samsung took this opportunity to engage in *ex parte* communications with the court, filing its brief and all supporting documentation *in camera* so that Apple and Nokia were prevented from seeing not only the underlying documents themselves, but also Samsung's justifications for claiming privilege over them, including purely legal arguments concerning the standard that this Court should apply in determining whether the documents were created for a business purpose. On November 18, this Court ordered Samsung to provide a redacted version of this brief, which Samsung did on November 19.

### III. ARGUMENT

Samsung's privilege brief should be stricken from the record based on Samsung's brazen attempt to prevent Apple and Nokia from having the chance to respond to it or even to understand it. Upon review of Samsung's arguments, it is clear that Samsung has both misstated the proper standard for the application of the attorney-client privilege to documents with a business purpose under Ninth Circuit law and has failed to account for the fact that any privilege that may have attached to these documents has been waived because Samsung has directly put the substance of the documents at issue in its defenses to the claim that sanctions are appropriate and because Samsung has publicly disclosed the contents of several of the communications.[1]

    **A.  Samsung's Improper Submission Misstates the Applicable Legal Standard.**

        **1.  Samsung's brief misstates the Ninth Circuit business purpose standard.**

In its Order to Show Cause on November 8, this Court indicated that the documents giving rise to the order were all subject to spurious privilege claims, explaining that "many if not all of these documents do not appear aimed at or in furtherance of legal counsel, but rather a simple

---

[1] To the extent Apple has identified any additional deficiencies in Samsung's assertions of privilege, Nokia hereby incorporates its arguments concerning any such deficiencies by reference.

business purpose would have served as cause for the communication" (Dkt. No. 2689 at 4, fn. 16). In support of this finding, the Court cited to *McCaugherty v. Siffermann*, 132 F.R.D. 234, 238 (N.D. Cal. 1990), which held that privilege does not attach to communications to which a business purpose would have served as a sufficient cause. In response, Samsung argues that "the test for both attorney-client privilege and work-product protection is not 'whether litigation was a primary or secondary motive behind the creation of a document,' but rather whether, under 'the totality of the circumstances,' it 'can fairly be said that the 'document was created because of anticipated litigation'" (Dkt. No. 2807 at 10).

In fact, the Ninth Circuit has not ruled on the application of this test with respect to claims of attorney-client privilege. In support of its contention that the "because of" standard has been applied to the attorney-client privilege, Samsung cites to *In re CV Therapeutics, Inc. Securities Litig.*, No. C-03-3709, 2006 WL 1699536 (N.D. Cal. June 16, 2006), an unpublished case applying the test. This case in no way "extends" the "because of" test to bind this Court. Other courts within the Circuit have expressly rejected application of the "because of" test with respect to the attorney-client privilege. *See Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 629 (D. Nev. 2013) (finding that "given that the Ninth Circuit has not expressly ruled that the 'because of' test has supplanted the 'primary purpose' test in the attorney-client privilege context, the court will continue to adhere to the 'primary purpose' test"). Judges within the Northern District of California have likewise recognized the fact that this test has not been extended to documents for which claims of attorney-client privilege are made. *See MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 4:11-cv-05341 YGR (JSC), 2013 U.S. Dist. LEXIS 147032 (N.D. Cal. Oct. 10, 2013) (noting that different courts have applied differing tests and declining to choose which to apply). Thus, this Court is free to apply the "primary purpose" test set forth in *McCaugherty* to Samsung's claims of attorney-client privilege.[2]

---

[2] In any case, it appears that the communications in question in this case may be non-privileged under either test. Nokia is unable to meaningfully comment concerning Samsung's factual assertions concerning its privilege claims, because Samsung's brief is filled with general statements such as: "The final three emails in document 222 are internal Samsung communications between Samsung attorney Mr. Shim and Samsung Director Seongwoo 'Clayton' Kim, who Mr. Shim considered to be his client for purposes of this communication, concerning [REDACTED] in the Netherlands litigation, as well as Mr. Shim's mental impressions regarding [REDACTED]" (Dkt.

### 2. Samsung's brief was improperly filed *in camera* and should be stricken due to its *ex parte* legal arguments.

Under Local Rule 7-10, a party may only file an *ex parte* motion where authorized by statute, Federal Rule, local rule, or standing order, none of which were applicable when Samsung filed its privilege brief *in camera* on November 15. As noted in Nokia's initial motion to strike this filing, the Ninth Circuit "strongly favors[s] maintenance of our traditional system of fair play in which both sides have notice of the arguments and evidence being used against them." *Ibrahim v. Dep't of Homeland Sec.*, No. C-06-00545, 2012 WL 6652362, at *3 (N.D. Cal. Dec. 20, 2012). District judges should receive *ex parte* evidence and argument "only in the rarest of circumstances." *Id.* at *6. In that case, the court found the communications improper where the government proposed submitting *ex parte* declarations where the declarations would have played a central role in the case, where both parties would not have had the opportunity to submit evidence on the issue, and where no descriptions of the declarations would have been made public.

Samsung's conduct here is even more egregious. Samsung did not merely seek to file the exhibits to its declarations in support of its argument *ex parte* (though it did file those documents *ex parte*), and Samsung did not merely seek to file the declarations themselves *ex parte* (though it did that as well). Samsung filed the brief supporting its claims of privilege *ex parte*, including its misleading arguments concerning the applicable legal standard discussed above. Samsung's expectation that Nokia and Apple should not only be denied access to the documents forming the basis for this Court's Order to Show Cause, but should also be denied access to the *legal arguments as to why the documents themselves are privileged*, and thereby denied any opportunity to respond to these arguments, should not be countenanced. This Court should grant Nokia's motion to strike and should remove Samsung's privilege submission from the record altogether.

---

No. 2807 at 6). Because such statements have no content, they are not subject to realistic challenge. As such, Nokia must rely on the Court's analysis of whether the documents actually satisfy the standard for claiming privilege over documents prepared in part or in whole for business reasons. Given that the documents in question "do not appear aimed at or in furtherance of legal counsel," it is possible that such documents would be non-privileged regardless of which test is ultimately applied. Apart from this, Samsung's conclusory privilege descriptions are insufficient to support its claims of privilege in and of themselves, because a party claiming privilege must "provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005).

- 5 -
RESPONSE TO BRIEF REGARDING ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT PROTECTION IN RESPONSE TO ORDER OF NOVEMBER 8, 2013 11-cv-01846-LHK (PSG)

B.     **Samsung Has Waived Privilege Over the Documents in Question.**

1.     **Samsung has put the substance of the documents cited by this Court in footnotes 10-15 of the November 8 Order to Show Cause directly at issue in these proceedings.**

Under the law of the Ninth Circuit, it is plain that "[w]here a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (*citing United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)).  This rule prevents parties from attempting to use the attorney-client privilege as both a sword and a shield in litigation. *See id.*  When determining whether a party has waived a privilege claim by putting the contents of a privileged document or set of documents at issue, courts in the Ninth Circuit utilize a three-pronged test. *See United States v. Amlani*, 169 F.3d 1189 (9th Cir. 1999).  First, the court determines whether the party is asserting the privilege as the result of "some affirmative act, such as filing suit." *Id.* at 1195; *see also Rambus Inc. v. Samsung Elecs. Co.*, Nos. C-05-02298 RMW, C-05-00334 RMW, 2007 WL 3444376 (N.D. Cal. Nov. 13, 2007) (finding that Samsung's pleadings asserting equitable tolling and the discovery rule in connection with its counterclaims were sufficient affirmative acts to support waiver).  Raising an affirmative defense based upon privileged information constitutes an affirmative act for the purposes of this prong. *Genentech, Inc. v. Insmed, Inc.*, 236 F.R.D. 466, 468 (N.D. Cal. 2006).  Second the court "examines whether 'through this affirmative act, the asserting party puts the privileged information at issue.'" *United States v. Amlani*, 169 F.3d at 1195 (*citing Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995)).  Finally, the court examines whether "'allowing the privilege would deny the opposing party access to information vital to its defense.'" *Id.*  Of critical importance to this analysis is "whether allowing the privilege to protect against disclosure of the information would be manifestly unfair to the opposing party." *Genentech, Inc.*, 236 F.R.D. at 468.

Samsung's actions in the present proceedings put the substance of the communications identified in footnotes 10-15 of this Court's Order to Show Cause directly at issue, and represent a complete waiver of any applicable attorney-client privilege or work product protection.  In its

- 6 -

1  Motion for Relief from this Court's October 2 Order, Samsung argued that "there is no basis for finding the type of protective order violation that could possibly justify any such [discovery] order. The disclosure arose from an inadvertent failure to redact a few lines of a 295-paragraph report that was otherwise properly redacted (Dkt. No. 2495 at 1).  Subsequently, in its Supplemental Brief in Support of Opposition to Apple Inc.'s Motion to Compel Further Discovery and for Sanctions for Violations of Protective Order, Samsung explicitly argued that "[a]s these discovery efforts have made clear, ***there was no willful violation of the Protective Order warranting any sanctions*** and there is likewise ***no evidence that Samsung improperly used any confidential Apple patent licensing information***" (Dkt. No. 2556-5 at 1) (emphasis in original).  Samsung goes on to claim that "there was no voluntary disclosure but rather an inadvertent failure to catch a few lines in a report that was otherwise properly redacted," that "Samsung and Quinn Emanuel fully complied with the procedures provided for in the Protective Order," and that "the record provides no support whatsoever for Apple's and Nokia's inflammatory allegations that Samsung misused the inadvertently-disclosed confidential licensing information" (*id.* at 2).

This filing expressly argues that the discovery provided by Samsung in response to the October 2 order supports its side of the story.  For example, Samsung claims that "[n]ot a single piece of evidence adduced in discovery, either voluntary or compelled, exists to suggest that any disclosure was intentional rather than inadvertent, nor has Apple or Nokia alleged as much (*id.* at 3). Samsung further claimed that "[t]he record is devoid of any other evidence showing improper use of the confidential licensing information in the expert report" (*id.* at 7).

Similarly, during the hearings concerning Nokia and Apple's motions, counsel for Samsung repeatedly asserted that they and Samsung should not be sanctioned because the disclosures of Nokia's confidential business information were inadvertent, because counsel for Samsung had followed the procedures set forth in the protective order concerning potential inadvertent disclosures of confidential information, and because there was no evidence of the improper use of Nokia's information.

THE COURT: So there's no dispute the protective order was violated, correct?

> MS. ESTRICH: Yes, I think there is a dispute.
>
> THE COURT: How could it be not be [sic] a violation of this Court's protective order to disclose that information throughout Samsung?
>
> …
>
> MS. ESTRICH: The protective order contemplates that there may be inadvertent disclosures in virtually every case of this size mistakes are made.
>
> …
>
> THE COURT: So how is this not a violation?
>
> MS. ESTRICH: We are following all the procedures set forth in the protective order.
>
> MS. ESTRICH: …Certainly I will concede that there were inadvertent disclosure. I will not concede use.

(Hr'g. Tr., Oct. 1, 2013 at 30:11-13, 30:21-23, 31:4-6, 32:2-3). Counsel for Samsung went on to specifically state that because there had allegedly been no intent to violate the protective order, that sanctions would be improper.

> THE COURT: Are you saying there's an intent or a willfulness requirement for a violation of a protective order?
>
> MS. ESTRICH: There's an intent of willfulness requirement for a violation of a protective order.
>
> Now if you are going to ask me can there be a violation without sanctions, that's a different issue. But the way the courts have addressed violations and protective orders is they ask a key question, and I can give you plenty of cites, yes, there was a disclosure. Was it willful, in this case, no. Did you follow the procedures under the protective order to remediate the situation? And where the answer is yes, courts as a rule have said we are not going to sanction you.

(Hr'g. Tr., Oct. 1, 2013 at 47:18 - 48-4). Mr. Quinn made similar arguments during the second hearing concerning the motion for sanctions:

> MR. QUINN: Now if this case does – it's important, it concerns an inadvertent disclosure of information that should not have been disclosed.

(Hr'g. Tr. Oct. 22, 2013 at 41:11-13). When asked by the Court whether a protective order violation had taken place with respect to Nokia's confidential information, Mr. Quinn replied that:

> MR. QUINN: If an inadvertent disclosure is a violation we violated it. It was inadvertent your Honor. What happens here is a document is improperly redacted. It appears then in directories on people's files it says Teece report redacted.
>
> When somebody then sends that document out forwards it to somebody they don't go back and recheck the redaction, sadly for us in this case.
>
> And it should not have happened. And we deeply regret that. But I submit your Honor, that having gone through the process that we have gone through, there is no evidence of intent, and I want to address each of the things that Mr. Lee talked about.
>
> There's no evidence of use except to the extent that the original Mr. – declaration of Mr. Melin is facially some evidence of use, but we have now got a full record of that.

(Hr'g. Tr., Oct. 22, 2013 at 45:21-46:3, 46:13-20). Mr. Quinn neatly summarized Samsung's position by stating that:

> MR. QUINN: For them this is a free shot. It's a free shot. And they can keep us occupied with this and run up the expenses and at some point come and ask your Honor make them pay all our fees. *There is no evidence of use, there's no evidence that this was anything other than inadvertent disclosure*.

(Hr'g. Tr., Oct. 22, 2013 at 71:16-21) (emphasis added).

Samsung's response to the contention that sanctions should be imposed upon Samsung based on the improper disclosure and use of Nokia's confidential business information is that no sanctionable violation of the protective order occurred because the disclosure of Nokia's information was inadvertent and because there "is no evidence of use" of the information in an improper way.[3] These statements put the documents cited in footnotes 10-15 of the Order to Show Cause directly at issue and therefore constitute a waiver of any applicable privilege. By raising the inadvertence of the disclosure, the steps taken to follow the procedures set forth in the protective order, and the propriety of the usage of Nokia's information in response to the claims that sanctions should be imposed, Samsung has taken an affirmative act equivalent to raising an affirmative defense against a claim in litigation. Beyond simply raising these issues, Samsung has gone further to affirmatively claim that no record evidence exists showing improper use or willful disclosure of Nokia's

---

[3] The scope of waiver is not limited to the particular documents referenced in the court's November 8 Order, but Nokia focuses its arguments on these documents as directed by the Court's November 18 Order.

1   confidential information, while attempting to continue to rely on privilege to shield the documents
2   that this Court has stated do in fact show these things from use.  Through these affirmative steps,
3   Samsung has directly implicated the documents in question.  This Court's Order cites these specific
4   documents precisely because they provide the evidence that Samsung's defenses to the pending
5   claim for sanctions are wrong.  Indeed, contrary to Samsung's argument that there is no evidence of
6   wrongful use of the confidential information in question, this Court noted that Tabs 261.55, 274, 87,
7   90, 6, and 222 of the documents submitted *in camera* all show Samsung's wrongful use of this
8   information (Dkt. No. 2689 at 3, fns. 11-14).  In contrast to Ms. Estrich's claim at the October 1,
9   2013 hearing that no protective order violation had occurred because Samsung had complied with
10  the terms of the protective order, this Court cited Tabs 19, 20, and 272 of Samsung's submissions,
11  which indicate counsel for Samsung's failure to follow these same procedures (*id.* at fn. 15).
12  Further, this Court's citation to Tabs 215 and 255 as indicative of counsel for Samsung's failure to
13  redact Nokia's confidential information from the Teece report directly pertains to the repeated claim
14  that no sanctions should issue because these same failures were accidental (*see id.* at fn. 10).
15         If Nokia and Apple are denied access to this information, they will be deprived of
16  information necessary to properly litigate these claims, which would be manifestly unfair to both
17  Nokia and Apple.  These documents comprise the evidence that rebuts Samsung's defenses to
18  Nokia's claims that sanctions should be imposed.  If Nokia and Apple are denied access to these
19  documents, Samsung will be permitted to use its privilege assertions as both sword and shield,
20  offensively asserting that it has committed no wrongdoing and that its documents reveal no evidence
21  of improper usage of Nokia's information, while defensively hiding behind the allegedly privileged
22  nature of the documents.  A similar tactic was rejected in the *Chevron Corp. v. Pennzoil Co.* case,
23  where Pennzoil attempted to use the advice of its counsel to argue that its tax positions were
24  reasonable because they had been based on the advice of counsel, and therefore its Schedule 13D
25  form was not materially misleading, while at the same time relying on claims of privilege to protect
26  the basis for these statements.  *See Chevron Corp.*, 974 F.2d at 1162-63.  For the same reasons, this
27
28

1  Court should reject Samsung's claims of privilege over these documents, which represent the only
2  evidence that Nokia and Apple can use to rebut Samsung's arguments.
3        In a prior submission, Samsung has argued that its denial of any improper use of the
4  disclosed information does not constitute waiver because the mere denial of intent does not establish
5  waiver (Dkt. No. 2556-5 at 14-15).  Though Samsung does state that its disclosures of Nokia's
6  confidential information were inadvertent, its arguments go far beyond a "mere denial of intent."
7  Samsung has made affirmative arguments to paint a more favorable picture of itself by stating,
8  repeatedly and strenuously, that the record does not support Nokia's and Apple's claims that Nokia's
9  information was used improperly.  Samsung has argued that the evidence produced in response to
10 this Court's October 2 Order affirmatively shows that Samsung and its counsel complied with the
11 provisions of the protective order and that the information was not willfully disclosed.  In so doing,
12 Samsung is taking positions which affirmatively characterize evidence to which Nokia and Apple do
13 not have access, claiming for example that "the record provides no support whatsoever for Apple's
14 and Nokia's inflammatory allegations that Samsung misused the inadvertently-disclosed confidential
15 licensing information" (Dkt. No. 2556-5 at 2).  This is not the mere denial of intent, it is a set of
16 affirmative arguments, justifications and explanations relying directly on the documents over which
17 Samsung maintains privilege.
18       Samsung has also argued that there is non-privileged evidence available showing that
19 Samsung did not use Nokia's confidential information improperly, and that "[w]hen the sought-after
20 evidence is 'only 'one of several forms of indirect evidence' about an issue,' the privilege has not
21 been waived." *United States v. Amlani*, 169 F.3d at 1995 (*citing In re Geothermal Resources Int'l,*
22 *Inc.*, 93 F.3d 648, 653 (9th Cir. 1996) (*per curiam*)).  The documents in question are not one of
23 several forms of indirect evidence; they represent direct evidence of Samsung's wrongdoing.
24 Samsung cannot pick and choose what evidence should be submitted to the record, then say that its
25 approved evidence is another form of indirect evidence such that privilege over the evidence that it
26 does not want to submit should be maintained.  In effect, Samsung is saying that because there are a
27 number of documents concerning its conduct, and *some* of them, selected by Samsung, have been
28

- 11 -
RESPONSE TO BRIEF REGARDING ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT PROTECTION
IN RESPONSE TO ORDER OF NOVEMBER 8, 2013 11-cv-01846-LHK (PSG)

entered into the record, the others are not necessary and therefore privilege should not be waived. This Court should not permit Samsung to cherry-pick record evidence in this manner, particularly in light of the findings that the documents in question contradict Samsung's claims. Samsung's arguments against waiver are unavailing, and this Court should find that any applicable privilege covering these documents has been waived by Samsung placing the contents of these documents directly at issue in this case.

### 2. Samsung has put the substance of Tabs 6 and 222 of Samsung's *in camera* submissions directly at issue in these proceedings.

In addition to the fact that the conduct discussed above has waived privilege over each of the documents cited by this Court in footnotes 10-15 of the November 8 Order to Show Cause, Samsung has also placed the substance of Tabs 6 and 222 specifically at issue. The Declaration of Laetitia Benard in Support of Samsung's Brief Regarding Attorney-Client Privilege and Work-Product Protection in Response to Order of November 8, 2013 puts the substance of Tab 6 directly at issue, as Ms. Benard declares that "I did not use, did not instruct others to use, and I am not aware of anyone from Samsung using, for any reason, information about the terms of any Apple license agreement with Nokia or any other company obtained from any version of the Teece report that I received or distributed" (Dkt. No. 2807-16 at ¶ 8).[4] Similarly, the declaration of Seongwoo Kim states that "[t]here is nothing in the emails attached as Exhibit 1 that reflects any use of any of Apple's sensitive business information from the Expert Report of David Teece in connection with Samsung's negotiations with Nokia" (Dkt. No. 2807-9 at ¶ 6). Though Nokia does not have access to the exhibits to Mr. Kim's declaration, it appears that the documents to which he refers are the documents in Tab 222.

These declarations represent an affirmative argument that the documents contained in Tabs 6 and 222 do not show any improper use of Nokia's confidential information by Samsung, which clearly places the content of these documents at issue in these proceedings. If Samsung is allowed to maintain privilege over these documents, Nokia and Apple will simply have to take Ms. Benard's

---

[4] These sentiments are echoed in several letters transmitted from Quinn Emanuel to Nokia on October 16, 2013 (*see* Dkt. No. 2556-14, at Ex. 3).

- 12 -

and Mr. Kim's word for it, because there will be no opportunity to test Samsung's assertions.  This would be manifestly unfair to Nokia and Apple, and this Court should find that these statements have resulted in a waiver of any remaining privilege over these documents.

### 3. Samsung has publicly disclosed the contents of several of the documents at issue.

Voluntary disclosure of the contents of a privileged communication is a waiver of the privilege not only for the communication in question, but also with respect to all other communications on the same subject.  *See Weil v. Inv./Indicators, Research & Mgmt.*, 647 F.2d 18, 24 (9th Cir. 1981); *see also Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010).

In the Declaration of Alex Baxter in Support of Samsung's Brief Regarding Attorney-Client Privilege and Work-Product Protection, Mr. Baxter discusses a chain of emails exchanged between Guy Eddon, a former associate at Quinn Emanuel, and Samsung employee Daniel Shim on December 21-22, 2012, appearing as Tab 19 in the set of documents submitted *in camera* to this Court in response to the Court's order (*see previous discussion of these emails in* Hr'g. Tr., Oct. 1, 2013 at 45:7-11, 46:9-14; Hr'g. Tr., Oct. 22, 2013 at 55:12-20).  In the midst of a paragraph heavily redacting a summary of Tab 19, Mr. Baxter declares that "[s]hortly after I informed Mr. Eddon that [REDACTED], Mr. Eddon contacted Mr. Shim and instructed him not to access the email that had been sent the previous day.  Mr. Shim acknowledged this instruction, [REDACTED]" (Dkt. No. 2807-1 at ¶ 5).  Thus, Samsung is willing to disclose the substance of this allegedly privileged document which Samsung believes is helpful to it, while attempting to maintain privilege over the remainder of the email chain, which *this Court has noted contains evidence that counsel for Samsung failed to follow the procedures set forth in the protective order*.  Indeed, the portion of the document disclosed is an email from Samsung's outside counsel to a Samsung attorney, as well as the Samsung employee's response, yet Samsung has no qualms about making that portion of the document public (*see other disclosures of this information to Nokia and Apple in* Dkt. Nos. 2395-03c at 2, 2395-03g at 2, 2556-16 at ¶ 8, 2807-12 at ¶ 6, 2807-14 at ¶ 4, Hr'g. Tr., Oct. 22, 2013 at 59:9-14, 59:24-60:3, 61:2-5, 65:14-66:3).  As the Ninth Circuit has explained, the primary purpose of the doctrine of waiver of the attorney-client privilege is "to protect against the unfairness that

- 13 -

1  would result from a privilege holder selectively disclosing privileged communications to an
2  adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid
3  disclosing those that are less favorable." *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340-41
4  (9th Cir. 1996). This selective disclosure is precisely what Samsung is attempting to do through Mr.
5  Baxter's declaration, and this Court should not permit it. The disclosure of this portion of Tab 19 is
6  a waiver of privilege concerning all documents relating to the subject matter of the selectively
7  disclosed communication. Given that the scope of Mr. Baxter's declaration is communications
8  between Quinn Emanuel and Samsung involving the Teece report and Quinn Emanuel's efforts to
9  comply with the provisions of the protective order, the disclosure of certain communications relating
10 to this topic should waive privilege with respect to all documents discussed by this declaration.
11 Alternatively, Mr. Baxter's statements should at the least require the production of Tab 19, which is
12 discussed directly by the paragraph containing Samsung's selective disclosures.[5]

13     Mr. Baxter goes on to discuss another communication between Mr. Eddon and Mr. Shim
14 dated January 4, 2013, identified as Tab 20 in the set of documents provided to this Court *in camera*.
15 Mr. Baxter states that "Mr. Eddon provided Mr. Shim with a more fully redacted copy of the
16 opening Teece report that removed the information [REDACTED]." (Dkt. No. 2807-1 at ¶ 6).
17 Again, Samsung provides selective descriptions of its communications between outside counsel and
18 Samsung personnel crafted to show counsel's efforts to comply with the protective order, while
19 attempting to shield the damaging portions concerning the Nokia confidential information that had
20 been contained in the report that had been transmitted to Samsung (*see other disclosures to Nokia*
21 *and Apple in* Dkt. Nos. 2395-03c at 2, 2395-03g at 2, 2556-16 at ¶ 8, 2807-12 at ¶ 9, 2807-14 at ¶ 4,
22 Hr'g. Tr., Oct. 22, 2013 at 65:14-66:3). The intentional disclosure of this portion of Tab 20 entitles
23 Nokia and Apple to the entirety of the subject matter disclosed, which should encompass all of the
24 documents discussed by Mr. Baxter's declaration. Alternatively, this disclosure should entitle Nokia
25 and Apple to obtain access to the entirety of Tab 20, which is the focus of the paragraph in question.

---

[5]     Again, it must be noted that the scope of waiver is not limited to the particular documents referenced in the court's November 8 Order. Nokia focuses its arguments on these documents as directed by the Court's November 18 Order.

- 14 -
RESPONSE TO BRIEF REGARDING ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT PROTECTION
IN RESPONSE TO ORDER OF NOVEMBER 8, 2013 11-cv-01846-LHK (PSG)

1    Moreover, Kenneth Korea, the Vice President of Samsung's U.S. IP Center, voluntarily
2 disclosed the content of privileged emails sent between Quinn Emanuel and various Samsung
3 employees, as well as the Samsung employees' use of and response to these emails.  Mr. Korea
4 made these voluntary disclosures in both his deposition and declaration, including all the exhibits
5 thereto (Dkt. No. 2557-9; Dkt. No. 2556-14 at ¶10-11, Exhs. 1 & 2).  Furthermore, during the
6 October 22 hearing, Mr. Quinn himself reported on the results and substance of Mr. Korea's
7 communications with these Samsung employees and the substance of the underlying documents,
8 summarizing the information provided by these employees about the underlying documents over
9 which Samsung is claiming privilege (Hr'g. Tr. Oct. 22, 2013 at 52:16-53:5).  The questions that Mr.
10 Korea asked of these recipients went directly to the content of the subject communications, and Mr.
11 Quinn argued about the significance of the responses to Mr. Korea by saying, "Just as they recall *I*
12 *saw that* doesn't mean they saw these particular lines." (Hr'g. Tr. Oct. 22, 2013 at 53:2-5; *see also*
13 Dkt. No. 2556-14 at ¶10-11, Exhs. 1 & 2; Dkt. No. 2557-9 at 130:22-136:14).  However, w*hat* these
14 witnesses saw and what they were being asked about by Mr. Korea still remains shrouded in
15 selective privilege assertions by Samsung.   Mr. Korea's and Mr. Quinn's voluntary disclosures of
16 Mr. Korea's communications with Samsung employees about the substance of the otherwise
17 privileged emails they received acts as a subject matter waiver over these communications.  *See*
18 *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010).  Accordingly, any privilege that
19 previously existed as to the emails between Quinn Emanuel and Samsung employees regarding the
20 improperly redacted Samsung brief, and any privilege that previously existed as to Mr. Korea's
21 communications with Samsung personnel as to those emails, has been waived.

22 **IV.    CONCLUSION**

23    For the foregoing reasons, this Court should find that the documents discussed in footnotes
24 10-15 of the November 8, 2013 Order to Show Cause are not protected by the attorney-client nor the
25 work product privilege and should order their immediate unredacted production to Apple and Nokia.
26 This Court should also strike Samsung's Brief Regarding Attorney-Client Privilege and Work-
27 Product Protection based on its improper *ex parte* argument.
28

Case 5:11-cv-01846-LHK   Document 2824   Filed 11/21/13   Page 20 of 20

Dated: November 21, 2013

By: /s/ *Randall L. Allen*

RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone: 650-838-2000
Facsimile: 650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (*pro hac vice*)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:  404-881-7000
Facsimile:   404-881-7777

Attorneys for Non-Party
NOKIA CORPORATION