| | |
|---|---|
| HAROLD J. MCELHINNY (SBN 66781) | WILLIAM F. LEE (*pro hac vice*) |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com |   HALE AND DORR LLP |
| RACHEL KREVANS (SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, Massachusetts 02109 |
| ERIC J. OLSON (SBN 175815) | Telephone: (617) 526-6000 |
| ejolson@mofo.com | Facsimile: (617) 526-5000 |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | MARK D. SELWYN (SBN 244180) |
| San Francisco, California 94105-2482 | mark.selwyn@wilmerhale.com |
| Telephone: (415) 268-7000 | WILMER CUTLER PICKERING |
| Facsimile: (415) 268-7522 |   HALE AND DORR LLP |
| | 950 Page Mill Road |
| Attorneys for Plaintiff and | Palo Alto, California 94304 |
| Counterclaim-Defendant APPLE INC. | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
|     Plaintiff, | |
|     v. | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **APPLE INC.'S RESPONSE TO SAMSUNG'S BRIEF REGARDING ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT PRODUCTION IN RESPONSE TO ORDER OF NOVEMBER 8, 2013** |
|     Defendants. | |

**TABLE OF CONTENTS**

**Page**

Introduction ..................................................................................................................................1

Argument ......................................................................................................................................2

    I.    Samsung's Brief Fails to Address the Deficiencies Identified by the Court's OSC ..................................................................................................................2

        A.    Samsung's Conclusory Explanations And Redacted Submissions Fail to Comply with the Requirements of Federal Rule 26(b)(5) and Samsung Accordingly Has Waived Any Claim of Privilege ..........................2

        B.    Samsung Has Failed to Sustain Its Burden to Demonstrate the Existence of a Privilege with Respect to Each Recipient of the Communications at Issue ...7

        C.    The Court Should Disregard Samsung's Newly Filed Declarations Or Allow Apple And Nokia To Test Them Through Depositions ..................................8

    II.    The Crime-Fraud Exception Applies ...................................................................10

        A.    Samsung's Reckless Indifference to Protective Order Breaches ..................12

        B.    The Documents At Issue Fit Squarely Within the Crime-Fraud Exception .14

Conclusion .................................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*All Star Seed v. Nationwide Agribusiness Ins. Co.*,
  2013 WL 1882260 (S.D. Cal. May 3, 2013) ................................................................. 11, 8

*Allegheny Ludlum Corp. v. Nippon Steel Corp.*,
  1990 WL 9837 (E.D. Pa. Feb. 1, 1990) ........................................................................... 6

*Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.*,
  174 F.R.D. 609 (M.D. Pa. 1997) ..................................................................................... 8

*Barton v. Zimmer Inc.*,
  2008 WL 80647 (N.D. Ind. Jan. 7, 2008) ....................................................................... 8

*Bradley v. Barnhart*,
  C 01-01172 SI, 2002 WL 523584 (N.D. Cal. Apr. 2, 2002) ......................................... 10

*Bulow v. Bulow*,
  811 F.2d 136 (2nd Cir. 1987) .......................................................................................... 6

*Diamond State Ins. Co. v. Rebel Oil Co.*,
  157 F.R.D. 691 (D. Nev. 1994) ....................................................................................... 7

*Dorf & Stanton Commc'ns, Inc. v. Molson Breweries*,
  100 F.3d 919 (Fed. Cir. 1996) ......................................................................................... 7

*Experexchange, Inc. v. Doculex, Inc.*,
  C-08-03875 JCS, 2009 WL 3837275 (N.D. Cal. Nov. 16, 2009) ................................. 10

*Fed. Sav. & Loan Ins. Corp. v. Ferm*,
  909 F.2d 372 (9th Cir. 1990) ........................................................................................... 6

*Federal Election Comm'n v. Christian Coalition*,
  178 F.R.D. 456 (E.D. Va. 1998) ..................................................................................... 6

*Flanagan v. Benicia Unified Sch. Dist.*,
  2008 WL 2073952 (E.D. Cal. May 14, 2008) ................................................................ 7

*Grider v. City of Russell Springs*,
  2010 WL 4683748 (W.D. Ky. 2010) ............................................................................... 6

*Hanford Exec. Mgmt. Emp. Ass'n v. City of Hanford*,
  2013 WL 5671460 (E.D. Cal. Oct. 17, 2013) ................................................................. 6

*Hewlett-Packard Co. v. Bausch & Lomb, Inc.*,
  746 F. Supp. 1413 (N.D. Cal. 1990) ............................................................................. 12

*Holland v. Union Carbide Corp.*,
   2013 WL 1742602 (W.D. Ky. Apr. 23, 2013)..........................................................................10

*In re Grabau*,
   151 B.R. 227 (N.D. Cal. 1993) ..............................................................................................12

*Midwest Tube Fabricators, Inc. v. United States*,
   104 Fed. Cl. 568 (Ct. Fed. Cl. 2012) .....................................................................................10

*Paulsen v. Case Corp.*,
   168 F.R.D. 285 (C.D. Cal. 1996)..............................................................................................7

*Philips v. C.R. Bard, Inc.*,
   290 F.R.D. 615 (D. Nev. 2013)................................................................................................6

*Positive Software Solutions, Inc. v. New Century Mortg. Corp.*,
   337 F. Supp. 2d 862 (N.D. Tex. 2004) ..................................................................................11

*Ret. Sys. v. Hanson*,
   2007 WL 4376072 (D.S.D. Dec. 13, 2007) ...........................................................................11

*Rhodes v. Sutter Health*,
   __ F. Supp. 2d __, 2013 WL 425404 (E.D. Cal. Feb. 1, 2013) .............................................10

*Smith v. Wade*,
   461 U.S. 30 (1983)...............................................................................................................2, 12

*SmithKline Beecham Corp. v. Apotex Corp.*,
   232 F.R.D. 467 (E.D. Pa. 2005)...............................................................................................7

*Southeastern Penn. Transp. Auth. v. Caremarkpcs Health, L.P.*,
   254 F.R.D. 253 (E.D. Pa. 2008)...............................................................................................8

*Struzky v. Prudential Ins. Co. of Am.*,
   2003 WL 21302964 (D. Minn. May 16, 2003).......................................................................6

*Triple Five of Minn., Inc. v. Simon*,
   212 F.R.D. 523 (D. Minn. 2002)..............................................................................................6

*United States v. Boyle*,
   469 U.S. 241 (1985)...............................................................................................................12

*United States v. Cattanea*,
   425 F. App'x 577 (9th Cir. 2011) .........................................................................................12

**OTHER AUTHORITIES**

Federal Rule 26(b)(5)................................................................................................... *passim*

iii

**INTRODUCTION**

Nokia first raised the issue of Samsung's breach of the Protective Order five months ago. Since then, Samsung has done everything it can to deny Apple the ability to learn just what use or misuse was made of its confidential information. The attorney-client privilege was never intended to serve as a shield for misconduct in violation of a court's order.

In its latest submissions, Samsung has again failed to demonstrate how each of the documents identified by the Court's November 8, 2013 Order to Show Cause ("OSC") is entitled to attorney-client privilege or work product protection, despite the Court affording Samsung "one further opportunity" to do so "with specificity." Samsung also raises no valid reason why the crime-fraud exception does not bar its claim of privilege, and its latest submissions only reinforce that Samsung has proceeded with (at best) reckless and continuing indifference to the Protective Order. Samsung should be ordered to produce the withheld documents.

Indeed, instead of "demonstrat[ing] with specificity" how each document is privileged, Samsung's heavily redacted November 19, 2013 submission exacerbates the deficiencies in Samsung's privilege claims. Far from "describ[ing] the nature of the documents . . . not produced . . . in a manner that . . . enable[s] other parties to assess the claim" of privilege, Fed. R. Civ. P. 26(b)(5)(A)(ii), Samsung has redacted any substantive description of the allegedly privileged documents from its brief and from the sixteen new fact declarations submitted with its brief. This leaves Apple without the ability to address, on a document-by-document basis, Samsung's assertions of privilege.

The Court should find that Samsung failed to carry its burden to set forth a proper basis for withholding the documents for at least three reasons. ***First***, Samsung has failed to sustain its burden under Federal Rule 26(b)(5)(A)(ii), because the information it has provided regarding the basis for its privilege claim does not enable Apple to assess whether the communications were made for a business, legal, or other purpose. On this basis alone, Samsung should be ordered to produce full, unredacted copies of its submissions and the underlying documents.

***Second***, even from the heavily redacted version of Samsung's brief, it is clear that Samsung has failed to provide sufficient information to demonstrate that its claim of privilege

1  and/or work product is justified as to *each recipient* of the communications at issue.  For this

2  additional reason, Samsung has failed to sustain its burden to demonstrate privilege, regardless

3  of the content of the redacted portions of Samsung's submissions.

4        *Third*, although the Court's November 8 Order invited Samsung to submit a 15-page

5  brief on the privilege issues, Samsung now primarily relies upon *sixteen new fact declarations*

6  (also redacted to remove any substantive information) from select Samsung counsel and

7  employees.  These declarations contain new and untested factual assertions and cannot properly

8  be used to sustain Samsung's claims of attorney-client privilege.  The Court should disregard

9  them or, at a minimum, allow Apple to depose the declarants to test their factual claims.

10       Additionally, and independently of these reasons, the crime-fraud exception bars

11 Samsung from asserting privilege to shield its improper conduct from discovery.  Samsung's

12 November 19 submission fails to rebut the applicability of the crime-fraud exception.  At a

13 minimum, Samsung's and Quinn Emanuel's conduct demonstrates reckless indifference for

14 compliance with the Court's Protective Order and this recklessness is sufficient to meet any

15 intent requirement necessary for application of the crime-fraud exception.  *Cf.*, *e.g.*, *Smith v.*

16 *Wade*, 461 U.S. 30, 42 n.10 (1983) (reckless indifference the equivalent of intent for purposes of

17 punitive damages awards).

18       For each of these reasons (any of which is independently sufficient to require rejection of

19 Samsung's privilege claims), the Court should find that Samsung is not entitled to assert the

20 attorney-client privilege or work product protection, and order immediate production of the

21 documents Samsung is currently withholding.

22                                **ARGUMENT**

23 **I.  SAMSUNG'S BRIEF FAILS TO ADDRESS THE DEFICIENCIES IDENTIFIED BY THE COURT'S OSC**

24

25     **A.  Samsung's Conclusory Explanations And Redacted Submissions Fail to Comply with the Requirements of Federal Rule 26(b)(5) and Samsung Accordingly Has Waived Any Claim of Privilege**

26

27       The Court's OSC required Samsung to submit a brief of no more than 15 pages in order

28 to remedy the "generic statements" in its privilege log that were insufficient under Federal Rule

1. of Civil Procedure 26(b)(5).  Dkt. 2689 at n.16 ("[O]ut of an abundance of caution, the court will provide Samsung with one further opportunity to demonstrate with specificity how each and every one of the above documents fall under the protection of either the attorney-client privilege or the work-product doctrine.").[1]  But rather than squarely respond to the Court's request in a manner consistent with the Federal Rules, Samsung's November 19 redacted brief is essentially a narrative description of the privilege log that this Court held to be inadequate.  *See, e.g.*, Br. 2-3 (listing senders and recipients of communications identified by the Court and providing no other information).

*First*, with respect to many of the documents over which Samsung claims privilege, its November 19 submissions provide *even less* information to support Samsung's claims of privilege than the inadequate privilege log.  For example, Samsung's description of Document 6 does not contain any information regarding the subject matter of the communication.  *See* Samsung Priv. Br. at 2 (listing only, in general terms, the sender and recipients of Document 6 and redacting all information regarding what that document "concern[s]"); *id.* at 4-5 (arguing that Document 6 is "privileged and work product" solely by parroting the legal standards for making claims of privilege and work product, and redacting all information, *i.e.*, an approximately 4-word description, of what that document "regard[s]").  The declarations signed by Samsung attorneys Helen Hopson and Laetitia Benard likewise provide no additional substantive description to support Samsung's privilege claims.  They too simply state, in cursory fashion, the legal standard for claiming attorney-client privilege or attorney work product, and have redacted all substantive description of the nature of the communications. *See* Hopson Decl. ¶¶ 4-6; Bernard Decl. ¶¶ 4-6.

*Second*, notwithstanding the Court's admonition that "very little in [Samsung's] submission merits redaction," and that "broad assertions of plainly unprotected information will not be tolerated," Dkt. 2790 at 3, Samsung has redacted nearly every substantive description of

---

[1] Prior to its brief on the privilege issue, Samsung never raised a "mediation privilege" as the basis for withholding any document, including Document 261.55.  *See* Samsung Amended Privilege Log (Nov. 7, 2013) at 719.  Accordingly, Samsung has waived the application of any such privilege.

Case 5:11-cv-01846-LHK   Document 2825-1   Filed 11/21/13   Page 8 of 20
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

every document and communication over which it claims privilege.[2]  Samsung appears to have redacted even highly generalized descriptions regarding the subject matter to which these documents "relate" and "regard," which almost certainly do not contain privileged legal advice or a confidential request for such advice.  *See, e.g.*, Dkt. 2807 at 7 (redacting an approximately 3-word description regarding the subject matter to which Document 222 "relate[s]"); *id.* at 8 (redacting an approximately 4-word description of what subject matter Document 272 "regard[s]"); 2807-4 [Cha Declaration] at 1-2 (redacting 2 or 3 word titles of withheld documents); 2807-7 [Chang Declaration] at 3 (redacting descriptions of the subject matter to which withheld documents "relate[]").  While there may be some small portion of Samsung's submissions over which it can properly claim privilege, Samsung clearly has not limited its redactions to those portions.

In other words, despite the Court making clear that "it never granted Samsung the authority to keep any argument to the court beyond the reach of the other parties." Dkt. 2790 at 2, that is precisely what Samsung has continued to do.

***Third,*** Samsung's excuses are unavailing.  Samsung argues, "[t]o meet the burden to justify its privilege and work-product assertions 'with specificity,' Samsung's submission, by necessity, contained detailed discussion of the contents of these privileged documents.  Such detailed discussions of privileged documents under in camera review can only be made in camera, and the law fully supports in camera submissions in this context." Dkt. 2805 at 1.  Contrary to Samsung's argument, however, the Federal Rules do not permit a party unilaterally to determine to submit arguments *in camera* to justify withholding them as privileged.  Instead,

---

[2] Samsung's redactions appear to include portions that even Samsung does not claim to be privileged.  For example, the Shim declaration states that he sent an e-mail on December 21, 2012 to Thomas Pease and Guy Eddon at Quinn Emanuel (Tab 19) to request the Teece report for "the attorneys doing work for Samsung in a pending lawsuit brought by Microunity in the Eastern District of Texas."  (Declaration of Daniel Shim, ¶4.)  Yet the Pease and Baxter declarations inexplicably redact the explanation of the purpose for the communications in the same e-mail. (Declaration of Alex Baxter, ¶4; Supplemental Declaration of Thomas Pease ¶¶2-3; Declaration of Thomas Pease ¶4. )

APPLE'S RESPONSE TO SAMSUNG'S BRIEF REGARDING PRIVILEGE
-4-                                Case No. 11-cv-01846-LHK (PSG)

Federal Rule of Civil Procedure 26(b)(5)(A) defines the procedural burden imposed upon a party that withholds discoverable information as privileged or protected by the attorney work product doctrine. It provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—***and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim***.

Fed. R. Civ. P. 26(b)(5)(A) (emphasis added). Especially here, where the Court has expressly instructed Samsung that it ***may not*** seek to justify its claims of privilege with *in camera* arguments,[3] Samsung cannot satisfy its burden under Rule 26(b)(5)(A) through submissions that do not enable Apple and Nokia to assess Samsung's claims.

    ***Fourth,*** the Court has now afforded Samsung numerous opportunities to satisfy its burden under the Federal Rules to set forth an adequate basis for its claims of privilege, and

---

[3]   None of the cases cited by Samsung in its November 19 "Memorandum in Response" to the Court's November 18 Order—a submission for which Samsung never sought leave—supports the proposition that a party may itself choose to provide the basis for its claims of privilege only *in camera*. *See, e.g., Fed. Sav. & Loan Ins. Corp. v. Ferm*, 909 F.2d 372, 374 (9th Cir. 1990) ("The order provides for in camera review."); *Grider v. City of Russell Springs*, 2010 WL 4683748, at *7 (W.D. Ky. 2010) (providing that "Faller may address his work product argument . . . through the in camera brief to be filed with the Court."); *Struzky v. Prudential Ins. Co. of Am.*, 2003 WL 21302964, at *1 (D. Minn. May 16, 2003) ("The Magistrate Judge . . . ordered Prudential to provide the disputed documents to the Court for in camera review, together with affidavits by people with knowledge about each of the documents. These affidavits were also submitted in camera."); *Triple Five of Minn., Inc. v. Simon*, 212 F.R.D. 523, 530 (D. Minn. 2002) ("Defendants must submit an in camera, supplemental memorandum"); *Federal Election Comm'n v. Christian Coalition*, 178 F.R.D. 456, 459 (E.D. Va. 1998) ("On December 8, the CBN moved for leave to file an ex parte declaration by the former managing partner in Coopers, Mr. Halliday, to explain the documents listed on the privilege log. The Court allowed the CBN to submit the ex parte explanatory declaration over FEC's objection."); *Allegheny Ludlum Corp. v. Nippon Steel Corp.*, 1990 WL 9837, at *1 (E.D. Pa. Feb. 1, 1990) ("Allegheny Ludlum seeks this Court's permission to submit the allegedly privileged documents to the Court for in camera review.").

1  Samsung has refused to do so.[4]  It has therefore waived any claim of privilege over these

2  documents.  *See, e.g.*, *Hanford Exec. Mgmt. Emp. Ass'n v. City of Hanford*, 2013 WL 5671460,

3  at *4 (E.D. Cal. Oct. 17, 2013) ("The Court finds that Defendants have waived any privileges

4  applicable to the attachments identified in the September 18 privilege log.  It may be the case

5  that these attachments could have been protected by an applicable privilege, but Defendants

6  failed to give Plaintiffs any information that would enable Plaintiffs to evaluate the assertion of

7  privilege"); *Flanagan v. Benicia Unified Sch. Dist.*, 2008 WL 2073952, at *5 (E.D. Cal. May 14,

8  2008) ("Under federal law . . . failure to identify with specificity the information withheld on

9  account of assertion of a privilege, may constitute a waiver of the privilege); *Dorf & Stanton*

10  *Commc'ns, Inc. v. Molson Breweries*, 100 F.3d 919, 923 (Fed. Cir. 1996) (affirming "Judge

11  Patterson's 22 November Order compelling production of document (A) on the ground that Dorf

12  & Stanton had waived its claim to privilege by failing to satisfy Local Civil Rule 46(e) and Rules

13  45(d)(2) and 26(b)(5) of the Federal Rules of Civil Procedure.  In particular, Dorf & Stanton

14  'fail[ed] to provide a complete privilege log demonstrating sufficient grounds for taking the

15  privilege.'").

16       *Fifth,* because Samsung's conclusory explanations and overly broad redactions of

17  unprotected information prevent Apple and Nokia from being able to address on a document-by-

18  document basis Samsung's claims of privilege, the Court should order Samsung to produce the

---

[4]  Samsung incorrectly asserts that the Court recited the wrong legal standard in its OSC, and that the Ninth Circuit has applied the "because of" test rather than the "primary purpose test" to both the attorney-client privilege and work product protection in evaluating documents that serve both legal and business purposes. Dkt. 2807 at 1, 9-10. To the contrary, the Ninth Circuit has not extended the "because of" test to application of the attorney-client privilege, and district courts in this Circuit continue to evaluate whether the "primary purpose" of the communication was for securing legal advice. *See*, *e.g*., *Philips v. C.R. Bard, Inc*., 290 F.R.D. 615, 628 (D. Nev. 2013) ("[G]iven that the Ninth Circuit has not expressly ruled that the 'because of' test has supplanted the 'primary purpose' test in the attorney-client privilege context, the court will continue to adhere to the 'primary purpose' test as other judges in this district have done.").

    Despite its burden to meet this "primary purpose" test, Samsung's brief and declarations redact essentially all details regarding the purpose or content of each withheld communication, and instead leave only conclusory statements about the legal standard, which, in themselves, are insufficient to support a claim of privilege. *See Bulow v. Bulow*, 811 F.2d 136, 146 (2nd Cir. 1987) (party claiming attorney-client privilege does not discharge burden "by mere conclusory or ipse dixit assertions").

1  withheld documents, as well as an unredacted copy of Samsung's November 15, 2013 brief.  *See,*
2  *e.g.*, *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996) (granting motion to compel
3  production because "defendant corporation's objections to the request are blanket objections,
4  which do not comply with Fed.R.Civ.P. 26(b)(5).  Formally claiming a privilege should involve
5  specifying which information and documents are privileged and for what reasons, especially
6  when the nature of the information or documents does not reveal an obviously privileged matter.
7  Defendant corporation has not done this."); *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D.
8  691, 698 (D. Nev. 1994) ("Western General and Diamond State have submitted a privilege log.
9  However, it fails to meet the established requirements.  Western General and Diamond State
10 have therefore failed to establish an attorney-client privilege with regard to the requested
11 documents."); *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 475 (E.D. Pa. 2005)
12 ("Where descriptions in the privilege log fail to meet [the Fed. R. Civ. P. 26(b)(5)] standard, then
13 disclosure is an appropriate sanction") (citations and quotation marks omitted).

14  **B.    Samsung Has Failed to Sustain Its Burden to Demonstrate the Existence of a
15          Privilege with Respect to Each Recipient of the Communications at Issue**

16  Even if Samsung had offered a sufficient privilege claim for certain Samsung recipients
17 of the protected information—and it has not—Samsung has not come close to offering a
18 sufficient privilege claims for *all* the numerous recipients.  The sheer number of Samsung
19 employees and outside counsel who improperly sent and received the communications at issue is
20 striking.  Document 6, for example, went to at least ████████ Samsung employees and various
21 outside counsel around the world.  Document 90 went to at least ████████ Samsung
22 employees, as well as others.  While it is Samsung's prerogative to widely broadcast
23 communications that (it now asserts) relate to confidential litigation and licensing strategy, doing
24 so imposes a burden on Samsung to demonstrate that each recipient of each communication
25 received it for a privileged purpose, or it cannot properly claim privilege over the documents.
26 *See Barton v. Zimmer Inc.*, 2008 WL 80647, at *4 (N.D. Ind. Jan. 7, 2008) ("The attorney-client
27 privilege, once established, can be waived if the communication is shared with any corporate
28

1  employee who is not 'directly concerned' with or did not have 'primary responsibility' for the
2  subject matter of the communication."); *id*. at *8 ("Zimmer has waived the attorney-client
3  privilege with respect to the following documents because the communication was forwarded to
4  an individual who Zimmer failed to show needed access to the confidential information.");
5  *Southeastern Penn. Transp. Auth. v. Caremarkpcs Health, L.P.*, 254 F.R.D. 253, 258 (E.D. Pa.
6  2008) ("[C]ommunications retain their privileged status if the information is relayed to other
7  employees of officers of the corporation on a need to know basis.  As such, [t]he privilege is
8  waived if the communications are disclosed to employees who did not need access to them")
9  (internal quotations omitted)); *Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609,
10 633 (M.D. Pa. 1997) (when communications are relayed to those who do not need the
11 information to carry out their work or make effective decisions on the part of the company, the
12 privilege is lost.).

13    Despite this burden, Samsung and its declarants never undertake to explain the role of
14 *each* recipient of the withheld communications, why *each* recipient needed access to the
15 communication, and how *each* recipient used the communication (*e.g.*, whether it was received
16 and/or used for a purely business purpose).  Several of the withheld documents include large
17 numbers of recipients and non-attorneys who have no evident need for access to the
18 communication.  Without particularized support regarding each recipient, Samsung has not met
19 its burden to substantiate its privilege claims.  For this independent reason, Samsung should be
20 required to produce the documents identified in the November 8, 2013 OSC.

21    C.    **The Court Should Disregard Samsung's Newly Filed Declarations Or Allow
22          Apple And Nokia To Test Them Through Depositions**

23    Ignoring the limitations imposed by the Court to file "a brief . . . of 15 pages or less,"
24 Samsung has submitted *sixteen* declarations from select Samsung outside counsel and
25 employees, each containing self-serving factual representations and legal conclusions in an
26 attempt to support Samsung's claims of privilege.[5]

---

27 [5]    Even in redacted form, these declarations raise problematic questions.  For example, the
28 Supplemental Declaration of Thomas Pease raises at least three new issues about the

1  Like its brief, these declarations are redacted in a manner that makes it impossible for
2  Apple to respond to the substantive bases for the legal conclusions they set forth.  In almost all
3  instances, the only statements regarding the documents that Samsung has not redacted are legal
4  conclusions from these fact witnesses, summarily stating that the documents meet the standard
5  for a claim of privilege.  *See, e.g.*, Dkt 2807-10 [Kwon Decl.] at ¶ 5 (purporting to provide
6  factual basis for withholding Document 272):

> 5.  I sent this email to Daniel Shim at the request of attorney Jennifer Selendy of Kirkland and Ellis for the purposes of Samsung's obtainment of legal advice for an ongoing litigation against Ericsson.  I sent this email requesting ▇▇▇▇▇▇ on Ms. Selendy's behalf ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ I needed this information for the sole purpose of assisting Ms. Selendy and the attorneys handling the litigation against Ericsson ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

14  Further, Samsung has not made any of the declarants available for deposition so that the
15  bases for the new facts Samsung seeks to introduce can be tested.  Accordingly, these
16  declarations are entitled to no weight and should be not be considered. *Experexchange, Inc. v.*
17  *Doculex, Inc.*, C-08-03875 JCS, 2009 WL 3837275 (N.D. Cal. Nov. 16, 2009) (sustaining
18  objection to submission of declaration "because Defendants were not given an opportunity to
19  depose [the declarant]"); *Bradley v. Barnhart*, C 01-01172 SI, 2002 WL 523584 (N.D. Cal. Apr.
20  2, 2002) (finding evidence inadmissible in part because it denied the plaintiff "an opportunity to
21  cross-examine an adverse witness and rebut testimony"); *In re 650 Fifth Ave.*, 2013 WL
22  5178677, at *15 (S.D.N.Y. Sept. 16, 2013) (striking declaration because the declarant was never

24  completeness of Samsung's previous privilege logs and claims. ▇▇▇▇▇
25  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
26  ▇▇▇  Second, this new e-mail appears to be a request by Mr. Pease to delete a document,
27  which does not involve a request for or provision of legal advice. Third, Mr. Shim's declaration is silent about this new e-mail.

1  made available for any type of cross-examination and stating "[a]ccordingly, his declaration
2  constitutes incurable hearsay").
3        To the extent that the Court is inclined to consider Samsung's new declarations, Apple
4  and Nokia should be given an opportunity (based on the full, unredacted declarations) to depose
5  the declarants regarding the bases for their factual assertions. *See, e.g., Rhodes v. Sutter Health*,
6  __ F. Supp. 2d __, 2013 WL 425404, at *11 (E.D. Cal. Feb. 1, 2013) ("SGMF's motion to strike
7  the declaration of Carol Frazier be, and the same hereby is, denied, on the condition that within
8  twenty days of this Order, plaintiff shall make available witness Frazier and bear the costs for
9  SGMF to depose her and receive transcripts of the deposition."); *Midwest Tube Fabricators, Inc.
10 v. United States*, 104 Fed. Cl. 568, 572 (Ct. Fed. Cl. 2012) ("[T]he court . . . denied Midwest
11 Tube's request to strike but granted its requests to depose Mr. Alber and to provide declarations
12 of its own"); *Holland v. Union Carbide Corp.,* 2013 WL 1742602, at *2 (W.D. Ky. Apr. 23,
13 2013) ("[T]he Court denied Plaintiff's motion to strike Turok's Declaration and granted Plaintiff
14 leave to depose Turok through the end of January 2013"); *All Star Seed v. Nationwide
15 Agribusiness Ins. Co.*, 2013 WL 1882260, at *15 (S.D. Cal. May 3, 2013) ("Plaintiff's request to
16 strike Mr. Hake, Mr. Savona, and the RMBP manual is denied; Plaintiff's request to depose Mr.
17 Hake and Mr. Savona is granted"); *City of Livonia Emps.' Ret. Sys. v. Hanson*, 2007 WL
18 4376072, at * 2 (D.S.D. Dec. 13, 2007) ("Defendants request that if the Court does not strike the
19 Declaration, that they be allowed to depose Mr. Sarokin and, if appropriate, submit their own
20 expert testimony on the subjects addressed in the Declaration.  This alternative request will be
21 granted.  If Defendants choose to depose Mr. Sarokin, Plaintiff shall promptly cooperate in
22 making him available for a deposition.").

23 **II.  THE CRIME-FRAUD EXCEPTION APPLIES**
24       Because Samsung has failed to satisfy its burden to demonstrate proper claims of
25 privilege or work product protection, the Court should order at least the documents identified in
26 the OSC to be produced at once.  But there is also an additional reason why Samsung cannot
27 properly maintain any claim of privilege over these or the other communications in which
28

1  Apple's confidential license information is improperly disclosed:  the crime-fraud exception.  As
2  Apple has explained in earlier briefs, where an attorney and client engage in communications
3  that perpetuate a pattern of violations of the Court's rules, the crime-fraud exception to the
4  attorney-client privilege applies—the violations of the Protective Order are a form of law
5  breaking—and the communications are not subject to the privilege.  *See, e.g.*, *Positive Software
6  Solutions, Inc. v. New Century Mortg. Corp.*, 337 F. Supp. 2d 862, 868 (N.D. Tex. 2004), *rev'd
7  on other grounds*, 476 F.3d 278 (5th Cir. 2007) (granting, under the crime-fraud exception,
8  access to otherwise privileged communications reflecting violations of a protective order).  The
9  policy behind the crime-fraud exception is squarely implicated here, given that Samsung seeks to
10 use the privilege to prevent Apple (and other affected parties, including Nokia) from discovering
11 how Samsung has used and may yet use Apple's highly confidential information received in
12 violation of this Court's Orders.  Permitting privilege claims to prevent discovery into improper
13 disclosures of information conveyed by a law firm to a client would vitiate the effective
14 enforcement of protective orders to attorney-client communications because rule-breaking
15 lawyers and clients could always invoke the privilege to prevent visibility into, and
16 accountability for, their breaches.
17         Samsung's latest submissions—including its declarations—insist that Samsung's
18 breaches were inadvertent, and that thus the crime-fraud exceptions cannot apply.  Were these
19 isolated inadvertent breaches, perhaps that would be true.  But that is not this case.  Samsung and
20 its attorneys indisputably have been aware of the breaches since late 2012—yet did not timely
21 notify Apple as required by the Protective Order or attempt to rectify the breaches.  Because
22 Samsung and its attorneys took no action where required, in the face of breaches numbering into
23 the hundreds (if not thousands) involving over 200 Samsung lawyers and employees, Samsung
24 cannot rest on a claim of "inadvertence."  At best, Samsung and its attorneys have demonstrated
25 a reckless indifference to their Protective Order obligations, which, in a variety of contexts, the
26 law treats as tantamount to willful or intentional conduct.  *E.g.*, *Smith v. Wade*, 461 U.S. 30, 42
27 n.10 (1983) (reckless indifference is the equivalent of intent for purposes of punitive damages
28 awards); *United States v. Boyle*, 469 U.S. 241, 245-246 (1985) (finding reckless indifference the

1  equivalent of intent for purposes of civil penalties for tax returns); *United States v. Cattanea*, 425
2  F. App'x 577, 579 (9th Cir. 2011) (upholding jury instruction in Medicaid fraud case that
3  specific intent could be inferred from a "reckless indifference to the truth"); *Hewlett-Packard
4  Co. v. Bausch & Lomb, Inc.*, 746 F. Supp. 1413, 1415 (N.D. Cal. 1990) aff'd, 925 F.2d 1480
5  (Fed. Cir. 1991) (holding reckless indifference may give rise to an inference of wrongful intent
6  for inequitable conduct purposes) (citing *FMC Corp. v. Hennessy Indus., Inc.*, 836 F.2d 521, 526
7  n. 6 (Fed.Cir.1987)); *In re Grabau*, 151 B.R. 227, 234 (N.D. Cal. 1993) (finding reckless
8  indifference satisfies intent requirement for nondischargeability of a debt).  As such, even under
9  the intentional standard for application of the crime-fraud exception that Samsung advocates, the
10 documents at issue are not privileged.

11 **A.     Samsung's Reckless Indifference to Protective Order Breaches**

12 Samsung had ample and repeated notice that breaches had occurred—and could continue
13 into the future—but did nothing to fully identify the facts or even begin to remediate them until
14 the Court became involved.  Since then, Samsung's efforts have been minimal.  As the Court
15 found in its November 8, 2013 Order To Show Cause Why Sanctions Are Not Warranted, the
16 evidence that the Court has reviewed *in camera* shows "QE's failure to follow the procedures set
17 forth in Section 16 of the Protective Order ***after repeated notice*** of the disclosure of SBI
18 [sensitive business information]."  (Order at 3 (emphasis added).)

19 Indeed, Samsung acknowledged at the October 22 hearing that "as of December [2012],
20 at least one individual within the firm understood that this information had been improperly
21 redacted and did not take any further step beyond informing the Samsung employee to delete the
22 e-mail."  (Oct. 22, 2013 Hrg. Tr. at 60.)  Samsung sought to explain away this failure to
23 investigate and remediate the protective order violations on the grounds that "this person did not
24 have the knowledge" that the ***pre-existing*** incompletely redacted Teece report had ever been
25 distributed outside of Quinn Emanuel, that it been made available to Samsung employees via an
26 FTP site, or that it had been sent to Samsung employees and outside counsel numerous times.
27 (*Id*. at 61.)  According to Samsung: "This person didn't know so that's why that [taking any step
28

1  to remediate] didn't happen." (*Id*.)  The latest set of declarations, although heavily redacted,

2  undermine this claim.

3        Contrary to Samsung's claim, the "one individual" at Quinn Emanuel notified not only

4  the Samsung employee, but notified at least one other associate and the responsible partner of the

5  unauthorized transmission of the information.  (Baxter Nov. 15, 2013 Decl. at ¶5; Pease Nov. 15,

6  2013 Decl. at ¶¶2, 8-9.)  ███████████████████████████████

7  ███████████████████████████████

8  ███████████████████████████████████

9  ███████████████████████ (Pease Decl. ISO Samsung

10 Opp. to Motion (Sept. 7, 2013) at ¶8; Samsung Amended Privilege Log (Nov. 7, 2013),

11 Document 2, at 6 [SAMNDCA-Z000239], Document 216, at 642 [SAMNDCA-Z0000707-708].)

12       Furthermore, even if the initial disclosure was inadvertent, subsequent disclosures were

13 not inadvertent once the lawyer who forwarded the *pre-existing* "redacted" document was

14 informed that the document was incompletely redacted, and then failed to communicate that to

15 those responsible for preparing the first "redacted" version.  Indeed, a major premise of

16 Samsung's claim that the numerous unauthorized disclosures of protective order information

17 were "inadvertent" is based on the assertion that the Teece report had been labeled "redacted," so

18 recipients were not made aware that it in fact contained Apple's sensitive business information.

19 (Samsung Priv. Br. at 13-15; Oct. 22, 2013 Hrg. Tr. at 60.)  However, relying on a "redacted"

20 label is reasonable only to the extent there is an obligation to immediately correct that label and

21 seek to recall the document when notified that the "redacted" label is in error.

22       Samsung and its attorneys' reckless disregard for their obligations under the Protective

23 Order are only confirmed by ████████████████████

24 ████████████████████████████

25 ████████████████████████████

26 ████████████████████████████

27 ████████████████████████████

28 ████████████████████████

1
2
3
4
5
6
7

**B.     The Documents At Issue Fit Squarely Within the Crime-Fraud Exception**

Other than its argument that its protective order breaches were not intentional, the only other argument Samsung makes against application of the crime-fraud exception is that it could only apply in the event that the documents demonstrated that the disclosures were made for the purpose of an improper *use*.  *See* Dkt. 2807 at 13 ("And any crime-fraud exception could be triggered only if Samsung or its counsel had intentionally disclosed information deemed confidential under the Protective Order for the purpose of making use of that information in violation of the Protective Order.").

Unsurprisingly, Samsung cites no authority for this proposition.  It is unjustifiable.  Despite Samsung's insistence to the contrary throughout these proceedings, it is a violation of the Protective Order to disclose another party's highly confidential licensing information to a person who is not entitled to see it for any reason—not solely if one has the intent that the recipient will improperly use that information.  Without question, Samsung and Quinn Emanuel were engaged in serial violations of the Protective Order in which Apple's confidential licensing information was improperly disclosed hundreds of times—including to Samsung licensing executives who apparently used that information in licensing negotiations.  Each such disclosure was a violation of the Protective Order, and using information received in violation of a Protective Order *is misuse*.

Moreover, Samsung again suggests that it should be solely responsible for watching the henhouse.  It asks the Court, Apple, and Nokia to trust its self-serving statements that each of the documents identified in the OSC "shows no intentional use" (Dkt. 2807 at 13-15) without any

ability to test that assertion for themselves. But that is *exactly* the circumstance that the crime-fraud exception was created to avoid. The crime-fraud exception applies precisely so that Apple, Nokia, and the Court can discover how, when, and to what extent the Protective Order was violated by Samsung and Quinn Emanuel—and the continuing consequences of those breaches. The Court should find that the crime-fraud exception applies to prevent Samsung from hiding behind the privilege to shield its sanctionable conduct from full review and accountability.

## CONCLUSION

For the foregoing reasons, Apple respectfully submits that the Court should order Samsung to produce, in unredacted form, at least the documents identified by the Court in the OSC and Samsung's full November 15, 2013 submissions.

Dated: November 21, 2013            /s/ Mark D. Selwyn
                                    Mark D. Selwyn

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on November 21, 2013, to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ Mark D. Selwyn
Mark D. Selwyn