UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER DENYING SAMSUNG'S EMERGENCY RENEWED MOTION FOR STAY PENDING REEXAMINATION OF U.S. PATENT NO. 7,844,915 |

Samsung has filed an emergency motion to stay all proceedings in this case pending the *ex parte* reexamination of U.S. Patent No. 7,844,915 (the '915 patent). ECF No. 2811("Mot.") at 1. As part of that reexamination, and triggering Samsung's instant motion, the United States Patent and Trademark Office ("PTO") issued an Advisory Action affirming the final rejection of all claims of the '915 patent as invalid. ECF No. 2810 at 4. Samsung claims that "this decision by the PTO jeopardizes the jury's findings in the damages trial and may render all of the post-trial proceedings a waste of time and resources." *Id.* Apple has filed a response, *see* ECF No. 2816 ("Response"), arguing that a stay is not required and would substantially prejudice Apple. Having

1

Case No.: 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S EMERGENCY RENEWED MOTION FOR STAY PENDING
REEXAMINATION OF U.S. PATENT NO. 7,844,915

fully considered the parties' arguments and briefing, and the record in this case, the Court agrees with Apple and DENIES Samsung's renewed motion for a stay.[1]

The Federal Circuit has held that "[c]ourts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted). While courts are not required to stay judicial proceedings pending re-examination of a patent, *see Viskase Corp. v. Am. Nat'l Can. Co.*, 261 F.3d 1316 (Fed. Cir. 2001), a stay for purposes of re-examination is within the district court's discretion, *see, e.g.*, *Patlex Corp v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985). In determining whether to stay a case pending re-examination, the Court considers the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *Telemac Corp. v. Teledigital, Inc.*, 450 F.Supp.2d 1107, 1111 (N.D. Cal. 2006). The Court discusses each of these factors below, and concludes that all three factors in this case weigh against granting a stay.

Before considering the three factors, the Court first discusses the stage of the patent reexamination proceedings in order to provide some necessary context. On July 26, 2013, the PTO Examiner issued a Final Office Action rejecting all claims of the '915 patent as invalid. ECF No. 2349-1 at 4. Apple filed a response to the Final Office Action on October 28, 2013. ECF No. 2614-

---

[1] On April 29, 2013, the Court denied without prejudice Samsung's initial motion for a stay pending reexamination of the '381 and '915 patents at issue in the damages retrial. ECF No. 2316 at 2 (Court order denying motion to stay); ECF No. 2320 (Court's explanation on the record denying motion to stay); ECF No. 2304 (Samsung's motion for stay); ECF No. 2308 (Apple's response). At that point in the proceedings, the situation with respect to the PTO reexamination proceedings was similar to the situation presented again here. Namely, the PTO had issued a Final Office action rejecting multiple claims of the '381 patent including Claim 19, at issue in this case, but Apple still had some time to file a response to the Final Office Action, which Apple ultimately filed on May 13, 2013. ECF No. 2291-1. The Court notes that after Apple filed its response, the PTO revised its decision and confirmed the patentability of Claim 19 of the '381 patent. *See* ECF No. 2323-1. At the time Samsung filed its first motion to stay, the PTO had also issued a *First* Office action rejecting one claim of the '915 patent. ECF No. 2202-1. Apple had filed a response on March 19, 2013, but the PTO had not yet issued a decision in response.

2
Case No.: 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S EMERGENCY RENEWED MOTION FOR STAY PENDING
REEXAMINATION OF U.S. PATENT NO. 7,844,915

1 at 3. On November 20, 2013, the PTO examiner issued an "Advisory Action" noting that Apple's "proposed response . . . fails to overcome all of the rejections in the Final Rejection," and maintaining its position that all claims of the '915 patent are invalid. ECF No. 2810 at 4. Apple asserts that at this point in time, Apple still has time to file a second response to the Final Office Action, for consideration by the Examiner, because as the Advisory Action states, "[t]he Period for response is extended to run 5 months from the mailing date of the final rejection," *id.* at 4, and the final rejection was mailed on July 26, 2013. Apple is correct that it is entitled to file a response to a "final" rejection within the period allowed for response, and that the response may still result in the Examiner's withdrawal of the rejection or allowance/certification of the claims under reexamination. *See* 37 C.F.R. § 1.116. Further, Apple still has the option to appeal the Examiner's decision to the Patent Trial and Appeal Board ("PTAB"). *See* 35 U.S.C. § 134(b) ("A patent owner in a reexamination may appeal from the final rejection of any claim by the primary examiner to the Patent Trial and Appeal Board . . .") It is not yet clear how long Apple will have to file a notice of appeal to the PTAB, but it is typically a period of two months. *See* Manual of Patent Examining Procedure 2273 ("The period for filing the notice of appeal is the period set for response in the last Office action which is normally 2 months.") Apple may also then appeal any adverse PTAB decision to the Federal Circuit. *See* 35 U.S.C. § 141 ("A patent owner who is dissatisfied with the final decision in an appeal of a reexamination to the Patent Trial and Appeal Board under Section 134(b) may appeal the Board's decision only to the United States Court of Appeals for the Federal Circuit.") Apple will have two months from the date of the PTAB decision to file a notice of appeal from the PTAB to the Federal Circuit. *See* 37 C.F.R. § 1.304(a)(1). The PTO will issue a certificate canceling any claim of the '915 patent determined to be unpatentable only after the time for appeal has expired or any appeal proceeding has terminated. *See* 35 U.S.C. § 307(a).

The Court now provides an overview of the litigation in this case to provide further necessary context before considering the relevant stay factors. As all parties are aware, this case has a long procedural history, starting with the filing of Apple's original complaint against Samsung in April 2011. In December 2011, this Court declined to enter a preliminary injunction

3

Case No.: 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S EMERGENCY RENEWED MOTION FOR STAY PENDING REEXAMINATION OF U.S. PATENT NO. 7,844,915

prohibiting Samsung from selling Samsung products which Apple claimed infringed Apple's D'087, D'677, '381 and D'889 patents. *See* ECF No. 452. The Federal Circuit reviewed that decision, affirming the denial of a preliminary injunction with respect to the D'087, D'677, and '381 patents but vacating the denial of injunctive relief and remanding the case for further proceedings with respect to the D'889 patent. *Apple, Inc. v. Samsung Electronics Co.*, 678 F.3d 1314 (Fed. Cir. 2012). Specifically, the Federal Circuit ordered this Court to consider the balance of hardships and whether the public interest favored an injunction with respect to the D'889 patent. *Id*. at 1333.[2]

The case proceeded to trial in August 2012, where a jury found that twenty-six Samsung smartphones and tablets infringed one or more of six Apple patents, namely the D'677, D'087, D'305, '381, '915, and '163 patents. ECF No. 1931 (verdict form).[3] The jury also found that six Samsung smartphones diluted Apple's registered iPhone trade dress and unregistered iPhone 3G trade dress.[4] *Id.* After the trial, this Court ruled on the parties' post-trial motions and issued nine separate orders, including a ruling on Apple's motion to permanently enjoin Samsung from importing or selling any of its twenty-six infringing smartphones and tablets. Apple also sought to enjoin Samsung from selling any of its six smartphones found to dilute Apple's trade dress. This Court denied Apple's request for the permanent injunction. *See* ECF No. 2197. The Federal Circuit has reviewed that permanent injunction decision and has already issued a ruling. *See Apple v. Samsung Electronics Co.*, --- F.3d --- (2013), 2013 WL 6050986 (Fed. Cir. 2013). The Federal Circuit affirmed the denial of injunctive relief with respect to Apple's design patents, but vacated this Court's denial of injunctive relief with respect to Apple's utility patents and remanded for reconsideration.

---

[2] On remand, this Court entered a preliminary injunction against Samsung's Galaxy Tab 10.1 tablet, ECF No. 1135, but lifted the injunction after the 2012 jury found the Tab 10.1 not to infringe the D'889 patent. ECF No. 2011.
[3] The twenty-six products found to infringe Apple's patents are Samsung's Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S, Galaxy S 4G, Galaxy S II (AT & T), Galaxy S II (i9000), Galaxy Tab, Galaxy Tab 10.1 (Wi-fi), Gem, Indulge, Infuse, Mesmerize, Nexus S 4G, Replenish, Vibrant, Galaxy S II (T–Mobile), Transform, Galaxy S Showcase, Galaxy S II (Epic 4G Touch), and Galaxy S II (Skyrocket).
[4] The six products found to dilute Apple's trade dress are Samsung's Galaxy S 4G, Galaxy S Showcase, Fascinate, Mesmerize, Vibrant, and Galaxy S (i9000).

On March 1, 2013, this Court also issued an order granting a partial retrial in this case limited to the issue of damages for certain products and patents at issue in the 2012 trial. ECF No. 2271. The purpose of the retrial was to determine damages for a narrower subset of products and patents based on corrected dates on which Samsung first had notice that its products infringed Apple's intellectual property and thus became liable for infringement damages under 35 U.S.C. § 287(a). The Court recently held that retrial, from November 12, 2013 to November 19, 2013, and the jury delivered its verdict on November 21, 2013, after deliberating for three days. ECF No. 2822 (jury verdict).

Given this procedural context, the Court now assesses each of the factors for granting a stay, and finds that all factors weigh against granting a stay in this case. The first factor is the stage of the proceedings, where the Court is to consider "whether discovery is complete and whether a trial date has been set." *Telemac Corp.*, 450 F.Supp.2d at 1111. The Court finds that this factor weighs heavily in favor of Apple. The Court agrees with Samsung that "the stage of the case is not considered in a vacuum," Mot. at 3. As the procedural history set forth above indicates, this case has reached a stage far beyond discovery, dispositive motions, or the mere setting of a trial date. *See Telemac Corp.*, 450 F.Supp.2d at 1111 (denying motion for a stay pending patent reexamination proceedings in part because "this case is not in an 'early stage' of proceedings"). This Court has already conducted not only one but two trials with respect to the patents at issue in this case, and has already issued nine orders on post-trial motions concerning the 2012 trial. The Federal Circuit has already reviewed one of those post-trial motion rulings. *See Apple v. Samsung Electronics Co.*, --- F.3d --- (2013), 2013 WL 6050986 (Fed. Cir. 2013) (review of this Court's permanent injunction ruling). Given the advanced stage of this case, this factor favors Apple. *See Orion IP, LLC v. Mercedes-Benz USA, LLC*, No. 6:05 CV 322, 2008 WL 5378040, at *8 (E.D. Tex. Dec. 22, 2008) ("This case is in the post-trial stage, and the Court has expended substantial resources in adjudicating the parties' issues. Both parties have also already invested a great deal of resources in trying this case. Judicial economy strongly favors denial of Hyundai's motion to stay."), *rev'd on other grounds*, 605 F.3d 967 (Fed. Cir. 2010).

5

Case No.: 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S EMERGENCY RENEWED MOTION FOR STAY PENDING
REEXAMINATION OF U.S. PATENT NO. 7,844,915

In reaching this conclusion, the Court does not ignore Samsung's citation to *Standard Havens Prod. v. Gencor Indus.*, 996 F.2d 1236 (Fed. Cir. 1993), a one page unpublished Federal Circuit opinion. In that case, the district court, after holding a trial, had denied the defendant's motion for a stay of the damages proceedings and a stay of the permanent injunction proceedings pending the appeal of the PTO's patent reexamination decision. On appeal of the denial of the stay, the Federal Circuit reversed and remanded for the district court to stay all proceedings until the appeal of the PTO's reexamination decision was finalized. *Id.* This was because the district court had incorrectly concluded that the reexamination decision could have no effect on the infringement suit, when actually, "the reexamination proceeding would control the infringement suit." *Id.* Moreover, the Federal Circuit reasoned that a finding of invalidity would mean that "the injunction would thereby immediately become inoperative" and, because "the patent was void *ab initio*, . . . damages would also be precluded." *Id.*

The Court finds Samsung's reliance on *Standard Havens* unpersuasive. By the time the district court had denied the stay in *Standard Havens*, the PTAB had already affirmed the PTO's final office action rejecting the patent-at-issue and the patentee had already filed a civil action in the District Court for the District of Columbia against the PTO under 35 U.S.C. § 145.[5] *Id.* Here, in contrast, Apple has not yet undertaken an administrative appeal to the PTAB, much less initiated any action to challenge the PTO's decision in federal court. Further, the Court's review of the regulations governing the PTAB appeal process suggests that the process may take years.[6] Even the Federal Circuit has distinguished *Standard Havens* and denied stay requests in cases analogous to the instant one, i.e. cases where a lengthy administrative process must still ensue before patent

---

[5] The patentee had chosen to take that route as opposed to appealing the PTO's decision directly to the Federal Circuit

[6] 37 C.F.R. §§ 41.31-41.54 reveals that the PTAB appeal process may be quite lengthy, as time is allotted for noticing the appeal, filing an appeal brief, issuance of the examiner's answer, filing a reply brief to the examiner's answer, and a decision by the PTAB. *Id.* There is also the potential for an oral hearing, a rehearing, and withdrawal of the final rejection by the examiner in order to reopen prosecution. *Id.* One recent informal study suggests that the average pendency of *ex parte* appeals to the PTAB is just over three years. *See* Dennis Crouch, *Slow and Steady: PTAB Continuing to Address Backlog of Ex Parte Appeals*, Patently-O (May 1, 2013), www.patentlyo.com.

6
Case No.: 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S EMERGENCY RENEWED MOTION FOR STAY PENDING REEXAMINATION OF U.S. PATENT NO. 7,844,915

reexamination proceedings are finalized. *See, e.g.*, *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2011-1191, 2012 U.S. App. LEXIS 1992, at *6-*7 (Fed. Cir. Jan. 31, 2012) (unpublished) ("In [*Standard Havens*], the PTO's proceedings were complete and the decision of the [PTAB] was [already] on appeal before another district court. Here, however, the court is being asked to stay proceedings [pending patent reexamination] at the relative end of the litigation process pending a lengthy administrative process . . .").

The second factor the Court considers is whether a "stay will simplify the issues in question and trial of the case." *Telemac Corp.*, 450 F.Supp.2d at 1111. The Court finds that this factor also weighs in favor of Apple. First, given that the damages retrial is already over, a stay is obviously unnecessary to simplify any issues at *trial*. *See Orion IP*, 2008 WL 5378040, at *8 ("As this case has already been tried to a verdict, a stay [pending patent reexamination] will not simplify the issues at trial.") Second, and more importantly, the Court is unconvinced by Samsung's argument that a finding of invalidity by the PTAB and subsequently the Federal Circuit would simplify the proceedings simply because any damages award made by the retrial jury on the '915 patent would be unsupportable and the entire jury verdict on damages would need to be disregarded, thus mandating a second retrial and mooting the need for a second round of post-trial motions. Mot. at 4. This argument fails for three reasons, as explained below.

First, Samsung's argument plainly ignores the fact that this *entire* case, including this Court's rulings on the post-trial motions after the 2012 verdict, has not yet reached a final judgment because of the necessity of a limited damages retrial. This means that the Federal Circuit has not yet reviewed this Court's rulings on the parties' post-trial motions after the 2012 verdict, this Court's evidentiary rulings from the 2012 trial, or this Court's *Daubert* rulings from the 2012 trial. The Court finds that it would not be an efficient use of judicial resources to stay the entire case, thus further delaying appellate review, simply to account for the possibility that the PTAB and subsequently the Federal Circuit will invalidate *one* of the many patents at issue in this case, namely the '915 patent. As discussed above, the appeals process to the PTAB may take a significant period of time, and any appeal to the Federal Circuit after the PTAB decision would

7

only serve to determine the validity of one patent in this entire case. In light of this, the Court finds it would be most efficient for this Court to move forward with post-trial motions concerning the damages retrial and finally enter a final judgment in this case so that the Federal Circuit may review the *entire* case on appeal including the validity of all of Apple's patents as soon as possible. The validity of the '915 patent will reach a faster resolution if this case is not stayed, given that the Federal Circuit's review of this entire case on appeal will include a determination of the validity of the '915 patent. ECF No. 2220 at 22 (post-trial motion order by this Court upholding 2012 jury's finding that the '915 patent was valid). On the other hand, a stay would delay Federal Circuit review of the '915 patent's validity until after final action by the PTO and review by the PTAB. If Samsung is truly concerned about efficiency, the Court encourages Samsung to discuss with Apple an agreement to forgo post-trial motions so that the parties can expeditiously appeal this entire case to the Federal Circuit.

Second, the Court notes that in the event that the Federal Circuit finds other errors with either the 2012 trial or the limited damages retrial, this case will have to be retried again anyway. The Court finds that the most efficient use of judicial resources would be to conduct a holistic retrial with respect to all patents in the case.

Third, the Court questions Samsung's statement that post-trial proceedings after the retrial would be inefficient because if the '915 patent is invalidated, "any damages award based on Apple's damages theory will likely be tainted for every product other than the Replenish." ECF No. 2811 at 4. Apple strongly disputes Samsung's assertion, contending that "if the jury awards Apple's requested amounts, for example, the Court will be able to determine exactly what portions correspond to the '915 patent, consistent with the information Apple presented at trial." Response at 4 n.2. Because the parties have not yet directly addressed this issue since the retrial jury issued its verdict, the Court need not address this issue at this time.

However, as stated above, a stay would delay the Federal Circuit's ruling on the validity of the '915 patent, and thus would not simplify the issues in this case at this stage.

The third factor is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Telemac Corp.*, 450 F.Supp.2d at 1111. This factor, again, weighs heavily in favor of Apple, the nonmoving party. As discussed above, Apple won a jury verdict in August 2012 in which a jury found that Samsung had infringed, among other things, various Apple patents and that Apple's patents were valid. Yet one year and three months later, due to the necessity of a retrial, Apple still has received no damages award as compensation. Further delay of relief due to a stay of this entire case pending a final decision on the '915 patent would thus substantially prejudice Apple. Samsung's arguments to the contrary are unconvincing. First, while Samsung argues that *not granting* a stay would prejudice *Samsung*, this Court must consider whether *granting* a stay would prejudice the *nonmoving party*, Apple. *Telemac Corp.*, 450 F.Supp.2d at 1111. Second, while Samsung argues that "it would be unjust to have damages evaluated and awarded on a patent found to be invalid by the PTO," Mot. at 2, Samsung heavily discounts the possibility that the PTO may change its mind as it did with the '381 patent or that the PTAB or the Federal Circuit may disagree with the PTO's decision and find the '915 patent valid, as did the 2012 jury. The Court finds that the certain prejudice to be caused to Apple if a stay is granted outweighs any possible prejudice Samsung will endure if the stay is not granted. *See Orion*, 2008 WL 5378040, at *8 (E.D. Tex. Dec. 22, 2008) ("[Plaintiff's] certain prejudice if the stay is continued pending the re-examination proceedings outweighs [Defendant's] speculative prejudice if the stay is not continued.").

In sum, the Court concludes that all three factors weigh against granting a stay in this case. Thus, the Court DENIES Samsung's motion to stay this lawsuit pending reexamination of the '915 patent.

**IT IS SO ORDERED.**

Dated: November 25, 2013

_____
LUCY H. KOH
United States District Judge

9
Case No.: 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S EMERGENCY RENEWED MOTION FOR STAY PENDING REEXAMINATION OF U.S. PATENT NO. 7,844,915