QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF ROBERT J. BECHER IN SUPPORT OF SAMSUNG'S RESPONSE TO NOVEMBER 8, 2013 ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT WARRANTED**<br><br>**Date**:  December 9, 2013<br>**Time**:  3:00 p.m.<br>**Place**:  Courtroom 5, 4th Floor<br>**Judge**: Hon. Paul S. Grewal<br><br>**PUBLIC REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

## DECLARATION OF ROBERT J. BECHER

1.      I am a member of the bar of the State of California, and a partner in the firm Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attorneys for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") in Case No. 11-cv-1846 LHK (PSG) ("the 1846 action") and Case No. 12-cv-0630 LHK (PSG) ("the 630 action") in the Northern District of California.  I make this declaration of personal knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

## SAMSUNG'S INVESTIGATION OF THE INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION

2.      After extensive discussions and three extensions to the deadline for Samsung to file its brief opposing Nokia's Motion for Protective Order, Quinn Emanuel and Nokia's counsel, Randall Allen and Ryan Koppelman, successfully negotiated a Stipulation describing search procedures to be conducted to identify documents in the possession of Samsung employees containing inadvertently disclosed information about the license between Apple and Nokia.  Nokia insisted that Stroz Friedberg serve as the discovery vendor under the Stipulation and rejected Samsung's proposed vendor.  Nokia withdrew its Motion for Protective Order based on the terms contained in the Stipulation.

3.      On August 18, 2013, Samsung and Nokia entered into a Stipulation and [Proposed] Order re Motion for Protective Order by Nokia Corporation ("Stipulation").  The Court entered the Stipulation as an Order of the Court on October 2, 2013.

4.      For two weeks beginning on September 30, 2013 at Samsung's office in New Jersey, a Quinn Emanuel attorney was present when Stroz supervisory-level digital forensic examiners conducted forensic analysis and collections of data for the U.S. based custodians.  Stroz sent examiners to Samsung locations in four U.S. cities, Washington, D.C.; Richardson, Texas; Ridgefield New Jersey; and Menlo Park, California, to image the hard drives for 16 U.S. custodians, and Quinn Emanuel sent a different attorney to each of these sites to oversee and facilitate the process.

5.     I arrived in Suwon, South Korea on September 10, 2013 to ensure that Stroz received all the data it needed from Samsung.  From September 10, 2013 until November 8, 2013, a Quinn Emanuel attorney was present in Suwon to oversee and facilitate the work being performed by Stroz.

6.     Once Stroz arrived in Korea, Samsung began collecting all available desktops and laptops for each Samsung employee identified as a recipient of the Disclosed Information as defined in the Stipulation.  Those computers were turned over to Stroz for imaging on a rolling basis.  The process of gathering computers and archives was ongoing.  When Quinn Emanuel identified additional recipients of the inadvertent disclosures, Stroz would then image that person's computer.  In addition, Stroz worked with Samsung to have files decrypted.

7.     Samsung also collected emails from its email archive for recipients of the inadvertent disclosures before my arrival and continued with this process after I arrived.  To the extent Quinn Emanuel identified new recipients of the inadvertent disclosures, Samsung provided additional emails from the email archive.

8.     Because some of the Korean-based custodians were not located in Suwon, Samsung personnel traveled to different cities in Korea, including Seoul, Giheung, and Youngin-si, to collect computers for imaging in Suwon.

9.     On September 11, 2013, Quinn Emanuel sent proposed search terms to Nokia's counsel.  Nokia sent its own proposed search terms for the first time that same day.  On September 24, 2013, after I had engaged in further negotiation with Nokia over the search terms, Stroz ran sample search terms across the 44 Korean-based custodians whose email had been indexed by that point.  The test searches resulted in an unwieldy number of hits from the various terms.  For example, one of the proposed search strings located 167,529 emails, another found 89,243 documents, and another found 19,365 documents.

10.     Samsung and Nokia continued to negotiate the search terms and ultimately reached agreement on them.  Nokia sent Samsung proposed search terms in Korean for the first time on October 1, 2013.

11.     As of the date of the October 1 hearing, Stroz had already imaged 72 computers in

DECLARATION OF ROBERT J. BECHER IN SUPPORT OF SAMSUNG'S RESPONSE TO NOVEMBER 8, 2013
ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT WARRANTED

1  the United States and Korea and had indexed most of the archived email data for the custodians in

2  Korea.

3       12.     Once Samsung received the Court's October 2, 2013 Order, the scope of work

4  changed because the Order called for production of documents.  Quinn Emanuel immediately

5  retained Stroz under a new engagement letter to assist Samsung in complying with the Order.

6       13.     Samsung gave the Stroz team access to work over a Korean holiday on October 9,

7  and to work continuously over the weekend of October 12 and 13.

8       14.     On October 10 and 11, 2013, Stroz sent an examiner on-site to Brussels to image a

9  Samsung custodian's computer, and then to Paris to image a French custodian's computer.

10      15.     By October 16, Stroz had gathered, imaged, processed and run keyword searches

11 on over a terabyte of data, from Samsung employees on 3 different continents who received the

12 incompletely redacted Teece report.

13      16.     Stroz processed and loaded approximately 140 GB of data that hit on the search

14 strings into its online review system so it could be reviewed for responsiveness.  Quinn Emanuel's

15 review team of over twenty attorneys worked without pause and ultimately reviewed 69,862

16 documents—many in Korean—consisting of over 1,215,336 unique pages for responsiveness.

17 Quinn Emanuel produced 470 documents, consisting of a total of 12,988 pages in response to the

18 Court's October 2 Order.

19      17.     Because the Stipulation applied to the inadvertent disclosures in the ITC in addition

20 to the incompletely redacted Teece Report, Stroz ran keyword searches on documents from

21 custodians who only received the ITC inadvertent disclosures to identify additional responsive

22 documents regarding the license between Apple and Nokia.  After these searches, the combined

23 total number of pages hit by the search terms increased to 1,417,910 and the total number of

24 documents increased to 85,771.  Quinn Emanuel analyzed these documents to determine whether

25 they included the inadvertently disclosed Teece Report or ITC outline, draft brief or brief.

26      **DEPOSITIONS RELATED TO SAMSUNG'S INVESTIGATION OF THE**

27      **INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION**

28      18.     Since the date of the Order, Samsung has made six witnesses available for

1   deposition—Seongwoo ("Clayton") Kim, Jaewan Chi, Daniel Shim, Kenneth Korea, Dr. Seungho

2   Ahn and Jin Hwan Kwak.  Kenneth Korea was deposed both in an individual capacity and as a

3   30(b)(6).  Even though all of the witnesses but Mr. Korea reside in Korea, Samsung made them

4   available for deposition in the United States.  The depositions lasted more than 40 hours.  The four

5   charts identified below were produced as Exhibits 18-21 of the 30(b)(6) deposition of Mr. Korea.

6        19.    A true and correct copy of a chart entitled "Teece Report – Inadvertent Disclosure

7   Emails" is attached as Exhibit 1.  The chart was prepared by Quinn Emanuel to identify the sender

8   and recipients of each unique inadvertent disclosure email originating from Quinn Emanuel that

9   Quinn Emanuel and Samsung were able to locate that attached a copy of the partially redacted

10   March 22, 2012 Expert Report of Professor David J. Teece, or referred to an FTP site where the

11   Teece Report could be downloaded, along with a legend describing those emails.

12        20.    A true and correct copy of a chart entitled "Teece Report – Inadvertent Further

13   Dissemination  Emails (Corrected)" is attached as Exhibit 2.  The chart was prepared by Quinn

14   Emanuel to identify the sender and recipients of each unique inadvertent disclosure email that

15   Quinn Emanuel and Samsung were able to locate that was a further dissemination to or from

16   Samsung of the partially redacted March 22, 2012 Expert Report of Professor David J. Teece,

17   along with a legend describing those emails.  The corrected version of Exhibit 1 was served on

18   opposing counsel on October 20, 2013.

19        21.    A true and correct copy of a chart entitled "ITC Outline/Brief Inadvertent

20   Disclosure Emails" is attached as Exhibit 3.  The chart was prepared by Quinn Emanuel to identify

21   the sender and recipients of each unique inadvertent disclosure email originating from Quinn

22   Emanuel that Quinn Emanuel and Samsung were able to locate that attached various outlines and

23   drafts of the ITC 794 – Outline of Proposed Responses to Commission Question Nos. 5-8

24   (collectively "ITC Public Interest Outline"), or the final brief entitled Samsung's Initial

25   Submission in Response to the Commission's March 13, 2012 Notice on Remedy and the Public

26   Interest ("ITC Brief"), along with a legend describing those emails.

27        22.    A true and correct copy of a chart entitled "ITC Public Interest Outline/Brief –

28   Inadvertent Further Dissemination  Emails" is attached as Exhibit 4.  The chart was prepared by

Quinn Emanuel to identify the sender and recipients of each unique inadvertent disclosure email that Quinn Emanuel and Samsung were able to locate that was a further dissemination to or from Samsung of the ITC Public Interest Outline or ITC Brief, along with a legend describing those emails.

23.    In addition to these four charts, Samsung produced two interview summaries as Exhibits 3 and 4 of the 30(b)(6) deposition of Mr. Korea.  Corrected versions of the two interview summaries were served on opposing counsel on October 20, 2013.  The two interview summaries are attached as Sealed Exhibits 1 and 2 of the Declaration of Kenneth Korea, filed under seal with the Court on October 21, 2013.

### PRIVILEGE ISSUES RELATED TO SAMSUNG'S INVESTIGATION OF THE INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION

24.    After the Court issued its two October 2 Orders—the Stipulation (Dkt. 785, 630 Action) and the Order re: Apple's Motion for Sanctions (Dkt. 2483, 1846 Action)—Samsung made a series of written requests, seeking a stipulation from counsel for Apple and Nokia that Samsung's compliance with the October 2 Orders would not effect a waiver of attorney-client privilege, attorney work product, or any other applicable privilege or protection in this proceeding or any other proceeding, or effect a subject matter waiver.  Apple and Nokia repeatedly refused to join and submit such a stipulation to the Court for entry as an order, which would be binding on parties to the stipulation and any and all third parties.

25.    I informed Apple on October 3 that Samsung "would share the information resulting from the procedures set forth in this [October 2] Stipulation with Apple as long as Apple will not contend that doing so constitutes a waiver of the attorney-client privilege or attorney work product protection."  A true and correct copy of my October 3, 2013 email to counsel for Apple is attached as Exhibit 5.

26.    By letter dated October 5, Apple refused to agree that sharing information gathered pursuant to the October 2 Stipulation would not effect a waiver, claiming that "Apple is not a party to the Samsung-Nokia stipulation, and has never agreed that actions taken under the stipulation are entitled to privilege," despite the Court's order making the October 2 Stipulation,

1  including its no-waiver provision, binding on third parties.  A true and correct copy the October 5,

2  2013 letter from counsel for Apple to me is attached as Exhibit 6.

3          27.     On October 4, Apple demanded production of unredacted copies of documents

4  produced pursuant to the October 2 Order.  A true and correct copy of the October 4, 2013 letter

5  from counsel for Apple to me is attached as Exhibit 7.  In response, I inquired via email on

6  October 4 whether "Apple believes Samsung is required to produce documents in response to the

7  Magistrate Judge's Order, including the documents listed in the first category, without regard for

8  assertions of the attorney-client privilege or attorney work product protections."  Apple responded

9  that the "Court's Order obligates Samsung to produce unredacted versions of the documents."  A

10 true and correct copy of the October 4, 2013 email chain between counsel for Apple and me is

11 attached as Exhibit 8.

12         28.     Given the uncertainty created by Apple's position that the October 2 Orders found

13 waiver or otherwise abrogated privilege, which Samsung strongly disagreed with, Samsung

14 appealed the October 2 Order to the extent it was improperly construed to "ignore[] Samsung's

15 objections based on attorney-client privilege and work-product protection" or "*sub silentio* reject[]

16 Samsung's privilege and work product assertions."  Dkt. 2538.  In their oppositions to Samsung's

17 appeal, Nokia and Apple argued that the October 2 Order impliedly waived and/or abrogated the

18 privilege under the crime-fraud exception.  Dkt. 2502; Dkt. 2505-1.

19         29.     While its appeals of the October 2, 2013 Orders were pending, Samsung again

20 attempted to secure Nokia's and Apple's agreement that Samsung's compliance with the October

21 2 Orders would not effect any waiver of privilege, so that it could provide Apple and Nokia with

22 the information they sought.

23         30.     On October 10, I wrote counsel for Apple and Nokia "to ascertain Apple's and

24 Nokia's position regarding the steps Samsung may take, without waiving its claims of privilege, in

25 order to comply with Magistrate Judge Grewal's October 2, 2013 Order," and sought an

26 agreement and stipulation that its efforts to comply with either of these Orders will not effect a

27 waiver, including through Samsung's document production and preparation of individual and Rule

28 30(b)(6) deposition witnesses.  A true and correct copy of my October 10, 2013 letter to counsel

1   for Apple and Nokia is attached as Exhibit 9.

2        31.     Both Apple and Nokia refused to stipulate in letters dated October 11.  A true and

3   correct copy of the October 11, 2013 letter from counsel for Apple to me is attached as Exhibit 10,

4   in which he states that "[w]e do not see the need to enter into any stipulation on this issue."  A true

5   and correct copy of the October 11, 2013 letter from counsel for Nokia to me is attached as

6   Exhibit 11, in which he states that "Nokia cannot agree to the stipulation regarding privilege that

7   Samsung proposes."

8        32.     After receiving Apple's and Nokia's October 11 letters, I again requested

9   clarification of their positions, explaining that "Apple's and Nokia's refusal to agree to the

10  requested stipulation will limit the information that Samsung can provide without risking waiver

11  of its privileges, which in Samsung's view remain intact."  A true and correct copy of my October

12  12, 2013 letter to counsel for Apple and Nokia is attached as Exhibit 12.

13       33.     In response to my October 12 letter, Apple stated that it did "not see any basis for

14  entering into a stipulation as to the application of privilege law to these facts."  A true and correct

15  copy of the October 13, 2013 email from counsel for Apple to me is attached as Exhibit 13.

16  Similarly, Nokia stated that "we see no need for any further discussion, negotiation or stipulation

17  on this issue.  A true and correct copy of the October 13, 2013 letter from counsel for Nokia to me

18  is attached as Exhibit 14.

19       34.     Although both Apple and Nokia agreed in their October 11 and 12 letters,

20  respectively, that production of documents in response to the October 2 Orders would not waive

21  privilege, neither was willing to join and submit a stipulation to the Court reflecting that

22  agreement, which would have protected Samsung from waiver claims of non-parties to the

23  stipulation.

24       35.     I followed up "one final time to request a stipulation which can be submitted to the

25  Court on this issue," attaching a draft stipulation for submission to the Court, but Apple refused to

26  join.  A true and correct copy of my October 14, 2013 letter to counsel for Apple and Nokia is

27  attached as Exhibit 15.  A true and correct copy of the draft stipulation that I forwarded to counsel

28  for Apple and Nokia on October 14, 2013 is attached as Exhibit 16.  A true and correct copy of the

1  October 14, 2013 email from counsel for Apple to me is attached as Exhibit 17, in which he

2  refuses to join and submit the proposed no-waiver stipulation to the Court.

3       36.    On October 16, 2013, a paralegal at my law firm emailed Samsung's privilege logs,

4  which addressed both withheld and redacted documents, to counsel for Apple and Nokia.  The

5  logs were supplemented and served via email on opposing counsel on October 18, 28, and 29 and

6  November 4 and 7.

7       37.    In response to Nokia's request for updates regarding the work under the

8  Stipulation, I asked that Nokia enter a non-waiver stipulation.  I confirmed this request on

9  November 12, 2013, when I sent a letter to counsel for Nokia, Ryan Koppelman, explaining that

10  Nokia had refused "to agree to file a stipulation with the Court agreeing that Samsung's provision

11  of answers and updates regarding the status of work under the Stipulation would not constitute a

12  waiver of the attorney-client privilege or attorney work product doctrine," and stating that

13  "Samsung's offer to enter into such a stipulation remains open."  A true and correct copy of my

14  November 12 letter to counsel for Nokia is attached as Exhibit 18.  On November 12, 2013,

15  counsel for Nokia, Ryan Koppelman, refused to enter the stipulation.  A true and correct copy of

16  Nokia's November 12 letter to me is attached as Exhibit 19.

17       38.    On November 13, 2013, I wrote again to Nokia, requesting that it "reconsider and

18  enter into an appropriate stipulation that provides Nokia information it seeks and would allow

19  Stroz to review materials, but avoids waiver issues."  A true and correct copy of my November 13

20  letter to counsel for Nokia is attached as Exhibit 20.

21       39.    Regarding compliance with the Stipulation, my November 13, 2013 letter to Nokia

22  gave a detailed status report, explaining among other things that Samsung already has provided the

23  declaration required by paragraph 4 of the Stipulation and would immediately provide a

24  supplemental declaration, has collected and preserved the materials as set forth in paragraph 5, and

25  that the Stroz review process under paragraph 8 is being completed.  *See* Exhibit 20.

26       40.    Separately from its other work described above, Stroz has examined hard drives for

27  the registry, link files, and Internet history to determine whether the inadvertently disclosed

28  information was retransmitted or saved to other network locations or electronic storage media for

1  each of the following custodians: Daniel Shim, Brian Kim, Heungju Kwon, Hojin Chang, Soojin

2  Lee, Anthony Kahng, Daniel Ko, Eric Cha, Injung Lee, JaeHyoung Kim, Jae-il Park, Kenneth

3  Korea, Michael Kang, Richard An, Rosa Kim, Youngjo Lim, YunHee Kang, Seungho Ahn, James

4  Kwak and Indong Kang.  For the remaining recipients of the inadvertent disclosures, Stroz has

5  examined the Internet history to determine whether the inadvertently disclosed information was

6  retransmitted or saved to other network locations or electronic storage media.  In addition, Stroz

7  Friedberg has conducted an analysis to identify whether the hard drives of the recipients of the

8  inadvertent disclosures contain any of the files containing the inadvertently disclosed information

9  by using file name and hash value searches.  Stroz Friedberg has performed these searches using

10  its proprietary enterprise searching technology called "LIMA."

11       41.    My November 13, 2013 letter to Nokia informed them that LIMA and Internet

12  history searches had been completed and made a request for a non-waiver stipulation in order to

13  provide additional information regarding the searches.  *See* Exhibit 20.  That same day, I wrote to

14  Apple, providing the same information regarding the LIMA and Internet history searches and

15  requesting the same non-waiver stipulation.  A true and correct copy of my November 13, 2013

16  letter to counsel for Apple is attached as Exhibit 21.

17       42.    On November 14, 2013, I provided a proposed stipulation and order re privilege

18  issues to Nokia and agreed that such stipulation and order could be shared with Apple.  My email

19  requested that "Please promptly let us know whether Nokia will join the stipulation so that it may

20  be submitted to the court to be entered as an order."  A true and correct copy of the November 14,

21  2013 proposed stipulation and order is attached as Exhibit 22.

22       43.    On November 15, 2013, in connection with Nokia's counsel's request for consent

23  to share certain documents with Nokia, Nokia's counsel stated "Your approval of these various

24  requests I have sent you today will expedite our client's consideration [of] your recent written

25  positions."  I understood this to be a reference to the non-waiver proposals.  A true and correct

26  copy of the November 15, 2013 email chain is attached as Exhibit 23.

27       44.    On November 21, 2013, I sent a follow up email to Nokia, asking "When do you

28  expect to respond to our November 13 letter and the proposed stipulation?"  In response, Nokia

DECLARATION OF ROBERT J. BECHER IN SUPPORT OF SAMSUNG'S RESPONSE TO NOVEMBER 8, 2013
ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT WARRANTED

1    said "We will be in touch soon."  A true and correct copy of the November 21, 2013 email chain is

2    attached as Exhibit 24.

3          45.     On November 21, 2013, I sent a follow up email to Apple, asking "When do you

4    expect to respond to our November 13 letter and proposed stipulation?  Please let us know."  A

5    true and correct copy of the November 21, 2013 email chain is attached as Exhibit 25.

6          46.     On November 27, 2013, Apple and Nokia declined to enter the stipulation allowing

7    Samsung to provide additional information regarding Stroz's LIMA and internet history searches.

8    A true and correct copy of Apple's November 27, 2013 email to me is attached as Exhibit 26.  A

9    true and correct copy of Nokia's November 27, 2013 letter to me is attached as Exhibit 27.

10   <u>**SAMSUNG OFFERS TO PRODUCE PRIVILEGED DOCUMENTS CITED IN ORDER**</u>

11   <u>**TO SHOW CAUSE UPON ENTRY OF NON-WAIVER STIPULATION**</u>

12         47.     On November 26, 2013, I sent a letter and proposed stipulation to Apple and Nokia

13   regarding the documents cited in Magistrate Judge Grewal's Order to Show Cause.  Samsung

14   made the proposal to help bring to an end the extensive litigation regarding whether the documents

15   identified by the Court in footnotes 10-15 of its Order to Show Cause are protected by the

16   attorney-client privilege and attorney work-product doctrines.  A true and correct copy of my

17   November 26, 2013 letter and proposed stipulation is attached as Exhibit 28.

18         48.     My November 26 letter stated that "Samsung would be willing to produce the

19   documents submitted in camera at tab nos. 6, 19, 20, 215.15, 222, 255 and 272 under the terms of

20   the attached proposed stipulation, including that Samsung's production will not effect a waiver of

21   the attorney-client privilege or work-product doctrine in this proceeding or any other proceeding,

22   and will not effect a subject matter waiver as to any subject matter, and that the documents will be

23   treated as 'Highly Confidential–Attorney's Eyes Only' under the Protective Order and further will

24   be shared with or disclosed to no more than five of Apple's and Nokia's respective outside

25   counsel of record in this matter."  I further explained that Samsung is unable to produce document

26   nos. 87, 90, 261.55 and 274, because they are subject to third-party mediation privilege and other

27   confidentiality claims that Samsung is not in a position to waive.

28         49.     On November 27, 2013, Nokia's counsel e-filed a notice to the Court stating that it

1  had rejected Samsung's proposed stipulation.  A true and correct copy of the filing of Nokia's

2  counsel is attached as Exhibit 29 (Dkt. 2834).  On December 1, 2013, Apple's counsel sent me a

3  email rejecting Samsung's proposed stipulation.  A true and correct copy of Apple's December 1

4  email to me is attached as Exhibit 30.

5                                    **THE STIPULATION**

6        50.      Paragraph 4 of the Stipulation requires that "partner from Quinn Emanuel will

7  provide Nokia with a sworn statement reporting on its performance of this task, its findings, and

8  identifying any further dissemination of the Disclosed Information by [other Outside Law] Firms,

9  and, if so, including when, to whom, a description of the circumstances of disclosure, and an

10 identification of any Documents that reflect or contain such further dissemination."  Dkt. 785 ¶ 4.

11 In addition to the detailed letters that I have sent Nokia and Apple regarding whether the outside

12 law firms who received the inadvertent disclosures used or disclosed any of the information in the

13 inadvertent disclosures regarding Apple's licenses with Nokia, Ericsson, Philips and Sharp, I also

14 provided Apple and Nokia with a declaration confirming this information on October 22.   I

15 provided Nokia with a supplemental declaration confirming this information on November 15.  A

16 true and correct copy of the October 22, 2013 declaration is attached as Exhibit 31.  A true and

17 correct copy of the November 15, 2013 supplemental declaration is attached as Exhibit 32.

18       51.      On October 15 and 16, 2013, I sent letters to Joseph Mueller, counsel for Apple,

19 and Randall Allen, counsel for Nokia, attaching statements regarding whether there was any use or

20 dissemination of the inadvertently disclosed information by Ropes & Gray; Kirkland & Ellis;

21 Modiano & Partners; rospatt osten pross; Simmons & Simmons; Studio Vanzetti e Associati; Peter

22 Camesasca Advocaat BVBA; Bristows; Allen & Overy; Clifford Chance; Ohno & Partners;

23 Shearman & Sterling; Sheppard Mullin; Williams & Connolly; Fish & Richardson; Lee & Ko; and

24 Ashhurst.  A true and correct copy of one letter (Kirkland & Ellis) dated October 16, 2013 is

25 attached as Exhibit 33.  A true and correct copy of a second letter (remainder of the firms) dated

26 October 15, 2013 is Sealed Exhibit 3 of the Declaration of Kenneth Korea, filed under seal with

27 the Court on October 21, 2013.

28       52.      On November 12, 2013, I sent a letter to counsel for Nokia, Ryan Koppelman,

1   confirming that Nokia was "not willing to accept the existing privilege log and document

2   production as satisfying paragraph 7" of the Stipulation, and explaining why it was inappropriate

3   for Stroz to re-do that work.  *See* Exhibit 18.

4         53.     On November 13, 2013, I sent a letter to counsel for Nokia, Ryan Koppelman,

5   explaining how "Samsung and Nokia have been attempting to reach closure on the content of the

6   log under paragraph 7. As part of that process, you had requested information regarding the

7   number of hits resulting from the search terms. We thought that we had provided the additional

8   information you were requesting, but in any event below is the additional detail you mention in

9   your letter."  I then explained that the English language search terms led to 58,574 hits and the

10  Korean language search terms led to 22,289 hits, the vast majority of which had nothing to do with

11  the inadvertent disclosure of the confidential information because the search terms were so broad.

12  In this letter, I included a chart showing the number of hits by search term proposed by Nokia.

13  *See* Exhibit 19.

14        54.     On November 27, 2013, counsel for Nokia sent me a letter responding to my

15  November 13 letter, but he did not specifically address the content of the log or discuss the data I

16  provided regarding the hits resulting from the search terms.  *See* Exhibit 27.

17        55.     Paragraph 8 of the Stipulation requires that Stroz "conduct an independent review

18  of Quinn Emanuel's investigation and collection process as is necessary to ensure that Quinn

19  Emanuel's search of its own firm Documents is complete and accurate."  Dkt. 785 ¶ 8.

20        56.     My letter dated November 13, 2013 stated that this internal review process was

21  underway.  *See* Exhibit 20.  Stroz has since confirmed that it is complete and that Samsung's

22  investigation was adequate and complete.

23        57.     On November 4, 2013, I sent a letter to counsel for Apple and Nokia, explaining

24  that Apple and Nokia have taken inconsistent positions regarding which remediation measures are

25  appropriate under paragraph 9 of the Stipulation, and failed to timely respond to Samsung's

26  proposed remediation measures.  After reiterating Samsung's remediation proposal, I requested a

27  response including any counter-proposals that Apple or Nokia may have for remediation.  A true

28  and correct copy of my November 4, 2013 letter to counsel for Nokia and Apple is attached as

1   Exhibit 34.

2       58.     On November 12, 2013, I sent a letter to counsel for Nokia, Ryan Koppelman,

3   explaining, among other things, that I had received no response to my remediation letter dated

4   November 4.  *See* Exhibit 18.

5       59.     Regarding remediation, my November 13, 2013 letter explained that "[a]s for

6   remedial measures under paragraph 9, Samsung wrote Nokia and Apple on November 4, 2013, but

7   has yet to hear from Apple on Samsung's proposal regarding native electronic data and just heard

8   from Nokia yesterday for the first time.   As such, it is Nokia and Apple that are delaying

9   completion of that item.  Please let us know when we can expect a response."  *See* Exhibit 20.

10      60.     On December 2, 2013, I sent a follow up letter to counsel for Apple and Nokia

11  regarding remediation, asking for their position on Samsung's November 4, 2013 proposal.  A true

12  and correct copy of my December 2, 2013 letter to counsel for Apple and Nokia is attached as

13  Exhibit 35.

14      61.     On October 17, 2013, I wrote to Apple and Nokia stating that "Samsung wishes to

15  replace the version of the Teece Report that was filed in the First Instance Court of Milan and with

16  DG Comp with another redacted version.  We attach a newly redacted version for Apple's

17  approval.  Please let us know if we have Apple's approval to replace the previously filed version

18  of the Teece Report with this version.  We will need to confirm with foreign counsel too that this

19  version is acceptable, but we cannot do so until we get your approval to transmit and file this

20  version."  A true and correct copy of my October 17, 2013 email to counsel for Apple is attached

21  as Exhibit 36.

22      62.     On October 29, 2013, I sent a follow up email to counsel for Apple requesting

23  approval of the replacement version of the Teece Report for substitution and filing in the DG

24  Comp and Milan actions.  A true and correct copy of my October 29, 2013 email to counsel for

25  Apple is attached as Exhibit 36.

26      63.     On November 7, 2013, Apple approved Samsung's newly redacted version of the

27  Teece report for substitution in those foreign proceedings.  A true and correct copy of Apple's

28  November 7, 2013 email to me is attached as Exhibit 36.

DECLARATION OF ROBERT J. BECHER IN SUPPORT OF SAMSUNG'S RESPONSE TO NOVEMBER 8, 2013
ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT WARRANTED

64.     On November 26, 2013, in connection with the DG Comp proceeding, Samsung's counsel provided DG Comp with the more completely redacted version of the Teece report that Apple had approved.  Samsung's Italian counsel has informed me that a request to replace the improperly redacted Teece report in the Italian proceeding was filed on December 2.

65.     In response to the Court's Orders of October 22 and 24 requiring *in camera* review, over the course of two weeks, Samsung submitted 23 large volumes containing 275 parent documents and hundreds of additional attachments and translations, as well as a 737-page privilege log containing over 1,300 individual entries.

66.     Quinn Emanuel expects that the value of accrued attorney time through the end of the year for work in connection with the inadvertent disclosure issue will total approximately $9,000,000.

67.     A true and correct copy of excerpts from the October 22, 2013 hearing transcript before Magistrate Judge Grewal is attached as Exhibit 37.

68.     A true and correct copy of excerpts from the November 20, 2013 deposition of Jeff Risher, Apple's Rule 30(b)(6) witness, is attached as Exhibit 38.

69.     A true and correct copy of excerpts from the November 25, 2013 deposition of Paul Melin is attached as Exhibit 39.  A true and correct copy of Exhibit 1 of the November 25, 2013 deposition of Paul Melin, a PowerPoint presentation entitled "Patent License Agreement Meeting," is attached as Exhibit 42.

70.     A true and correct copy of excerpts from the October 18, 2013 deposition of Jin Kwan Kwak is attached as Exhibit 40.

71.     A true and correct copy of excerpts from the November 25, 2013 deposition of Eeva Karkoranta is attached as Exhibit 41.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed on December 2, 2013, at Los Angeles, California.

By  */s/ Robert J. Becher*

Robert J. Becher

DECLARATION OF ROBERT J. BECHER IN SUPPORT OF SAMSUNG'S RESPONSE TO NOVEMBER 8, 2013
ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT WARRANTED

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document.  I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Robert J. Becher.


/s/ Victoria F. Maroulis
Victoria F. Maroulis

Case No. 11-cv-01846-LHK
DECLARATION OF ROBERT J. BECHER IN SUPPORT OF SAMSUNG'S RESPONSE TO NOVEMBER 8, 2013
ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT WARRANTED

# EXHIBIT 1

**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**
**Teece Report Inadvertent Disclosure Legend**

A.     **March 22, 2012 email from Eric Wall** (Bates: SAMNDCA-Z0002515) to:

- Daniel Shim, Karin Norton, Kijoong Kang, Anthony Kahng, Daniel Ko, Brian Kim, Jae-il Park, James Shin, Hojin Chang, Eric Cha of Samsung;

- Helen Hopson and Pat Treacy of Bristows LLP;

- Thomas Pease and the Samsung FRAND distribution list

B.     **March 24, 2012 email from Todd Briggs** (Bates: SAMNDCA-Z0000707) to:

- Anthony Kahng, IlMan Bae, MinHyung Chung, Jae-Il Park, Jaehawk Lee, JaeHyun Park, SangHoon Jin, Karin Norton, Beyong Ho Yuu, Brian Kim, Byung-Gun Min, Julie Han, Cindi Moreland, Daniel Shim, Derrick Robinson, Seung Ho Ahn, Edward Kim, Eric Cha, EunHa Kim, Hankil Kang, Heungju Kwon, Hojin Chang, Hoshin Lee, Jaewan Chi, Jaehwan Kim, JaeHyoung Kim, James Shin, Jeff Myung, Johnda Crites, Jonghee Kim, JunHong Park, KyuHyuk Lee, Kenneth Korea, Michael Kang, Michelle Yang, Richard An, Rosa Kim, Samuel Lee, Seongwoo (Clayton) Kim, Soojin Lee, SungCheol Bae, Sung-Ho Lee, YongKu Park, YoonJung Shin, Youngjo Lim, YoungSoon Lee, Yunhee Kang, Jae N. Noh, Youngho Kim, Jonghee Kim, and SeungKyun Oh;

- Alan Whitehurst, Eric Huang, 'Samsung Patent Team,' and 'Samsung v. Apple' at Quinn Emanuel

C.     **April 5, 2012\*[1] email from Thomas Pease** (Bates: SAMNDCA-Z0002329) to:

- Hojin Chang, Soojin Lee, Daniel Ko, Suyeul Lee, Kijoong Kang, Beyong Yuu, JaeHawk Lee, Jaehyun Park, James Kwak, Heungju Kwon, Clayton Kim, and Seungkyun Oh of Samsung;

- and the following individuals at Ohno & Partners:  Seiji Ohno, Mamoru Suzuki, Hideaki Kobayashi, Akio Iizuka, Yoshitaka Inoue, and Tomomine Ichihashi

D.     **July 9, 2012 email from Anthony Alden** (Bates: SAMNDCA-Z0008847) to:

- Michael Kang of Samsung

E.     **December 21, 2012\* email from Guy Eddon** (Bates: SAMNDCA-Z0000720) to:

- Daniel Shim

---

[1]   \* means date on printed document reflects Korean time.

<u>Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)</u>
**Teece Report Inadvertent Disclosure Legend**

**F.**     **January 4, 2013 email from Guy Eddon** (Bates: SAMNDCA-Z0010201) to:

- Daniel Shim;

- Alex Baxter and Thomas Pease

**Teece Report -  Inadvertent Disclosure Emails**

| Recipients | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| Seung Ho Ahn | | X | | | | |
| Richard An | | X | | | | |
| IlMan Bae | | X | | | | |
| SungCheol Bae | | X | | | | |
| Eric Cha | X | X | | | | |
| Hojin Chang | X | X | X | | | |
| Jaewan Chi | | X | | | | |
| MinHyung Chung | | X | | | | |
| Johnda Crites | | X | | | | |
| Julie Han | | X | | | | |
| SangHoon Jin | | X | | | | |
| Anthony Kahng | X | X | | | | |
| Hankil Kang | | X | | | | |
| Kijoong Kang | X | | X | | | |
| Michael Kang | | X | | X | | |
| Yunhee Kang | | X | | | | |
| Brian Kim | X | X | | | | |
| Edward Kim | | X | | | | |
| EunHa Kim | | X | | | | |
| Jaehwan Kim | | X | | | | |
| JaeHyoung Kim | | X | | | | |
| Jonghee Kim | | X | | | | |
| Rosa Kim | | X | | | | |
| Seongwoo (Clayton) Kim | | X | X | | | |
| Youngho Kim | | X | | | | |
| Daniel Ko | X | | X | | | |
| Kenneth Korea | | X | | | | |
| Jin Hwan (James) Kwak | | | X | | | |
| Heungju Kwon | | X | X | | | |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

SUBJECT TO PROTECTIVE ORDER

**Teece Report -  Inadvertent Disclosure Emails**

| Recipients | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| Hoshin Lee | | X | | | | |
| Injung Lee | | | | | | |
| Jaehawk Lee | | X | X | | | |
| KyuHyuk Lee | | X | | | | |
| Samuel Lee | | X | | | | |
| Soojin Lee | | X | X | | | |
| Sung-Ho Lee | | X | | | | |
| Suyeul Lee | | | X | | | |
| YoungSoon Lee | | X | | | | |
| Youngjo Lim | | X | | | | |
| Byung-Gun Min | | X | | | | |
| Cindi Moreland | | X | | | | |
| Jeff Myung | | X | | | | |
| Jae N. Noh | | X | | | | |
| Karin Norton | X | X | | | | |
| SeungKyun Oh | | | | | | |
| JaeHyun Park | | X | X | | | |
| Jae-Il Park | X | X | | | | |
| JunHong Park | | X | | | | |
| YongKu Park | | X | | | | |
| Derrick Robinson | | X | | | | |
| Daniel Shim | X | X | | | X | X |
| James Shin | X | X | | | | |
| YoonJung Shin | | X | | | | |
| Michelle Yang | | X | | | | |
| Beyong Ho Yuu | | X | X | | | |
| Washington IP Office | | X | | | | |
| **Ohno & Partners** | | | | | | |
| Seiji Ohno | | | X | | | |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

SUBJECT TO PROTECTIVE ORDER

**Teece Report - Inadvertent Disclosure Emails**

| Recipients | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| Mamoru Suzuki | | | X | | | |
| Hideaki Kobayashi | | | X | | | |
| Akio Iizuka | | | X | | | |
| Yoshitaka Inoue | | | X | | | |
| Tomomine Ichihashi | | | X | | | |
| **Bristows LLP** | | | | | | |
| Helen Hopson | X | | | | | |
| Pat Treacy | X | | | | | |
| **Quinn Emanuel Urquhart & Sullivan LLP** | | | | | | |
| Todd Briggs | | O | | | | |
| Thomas Pease | X | | O | | X | X |
| Guy Eddon | | | | | O | O |
| Eric Wall | O | | | | | |
| Anthony Alden | | | | O | | |
| Alex Baxter | | | | | X | X |
| Samsung FRAND list | X | | | | | |
| Victoria Maroulis | | | X | | | |
| Alan Whitehurst | | X | | | | |
| Eric Huang | | X | | | | |

O = Sender; X = Recipient

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 2

**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**
**Teece Report Further Dissemination Legend**

1.   **March 27, 2012 email from Hojin Chang** (Bates: SAMNDCA-Z0009402) to:

    Yongku Park, Hojin Chang and Heungju Kwon

2.   **March 27, 2012 email from Hojin Chang** (Bates: SAMNDCA-Z0009218) to:

    Heungju Kwon and Yongku Park

3.   **April 9, 2012 email from Hojin Chang** (Bates: SAMNDCA-Z0009342) to:

    •    Hojin Chang, Yunhee Kang, Daniel Ko and Clayton Kim

4.   **April 20, 2012 email from James Shin** (Bates: SAMNDCA-Z0002145) to:

    Clayton Kim

5.   **April 20, 2012 email from Clayton Kim** (Bates: SAMNDCA-Z0006752) to:

    •    Heungju Kwon and Hojin Chang

6.   **April 20, 2012 email from Heungju Kwon** (Bates: SAMNDCA-Z0006201) to:

    •    Heungju Kwon, Clayton Kim and Hojin Chang

7.   **May 1, 2012 email from Helen Hopson of Bristows LLP** (Bates: SAMNDCA-Z0001903) to:

    •    Yunhee Kang, Daniel Ko, Seung Ho Ahn, Jaewan Chi, Richard An, Brian Kim, Youngjo Lim, Clayton Kim, Daniel Shim, Beyong Ho Yuu, KyuHyuk Lee, KyungSeok Lee; Hoshin Lee, SeungKyun Oh JaeHyun Park, Jaehawk Lee, Kijoong Kang, Jay Shim, Han Yong Uhm, James Kwak, and Marc Bellefont of Samsung;

    •    the following individuals at Bristows LLP: Pat Treacy and Myles Jelf.;

    •    the following individuals and distribution list at Allen & Overy LLP: Laetitia Benard, and "Samsung_team @AllenOvery.com";

    •    the following individuals at Quinn Emanuel: Thomas Pease, Marcus Grosch, Jan Ebersohl, Eric Wall and Victoria Maroulis;

    •    the following individuals at Blake Dawson/Ashurst: Amanda Lees, Peter Chalk and Wen-Ts'ai Lim;

    •    the following email distribution list at Vanzetti e Associati: studio@vanzettieassociati.it;

<u>Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)</u>
**Teece Report Further Dissemination Legend**

- the following individual at Ohno & Partners: Seiji Ohno;

- the following individuals at Simmons & Simmons: Bas Berghius van Woortman and Mattie de Koning;

- the following individuals at rospatt osten pross: Max von Rospatt and Henrik Timmann Dr.;

- the following individuals at Lee & Ko: Young Mo Kwon and Hyeon Gil Ryoo;

- the following individuals at Clifford Chance: Thomas Vinje, Michel Petite and Ashwin vanRooijen;

- the following email distribution list at Modiano & Partners: "legal@modiano.com";

- the following individual at Zimmermann & Partner: Joel Naegerl

8. **May 4, 2012 email from Heungju Kwon** Bates: SAMNDCA-Z0006509) to:

   - Yunhee Kang, Kijoong Kang, Daniel Ko, Clayton Kim, and Hojin Chang

9. **May 4, 2012 email from Heungju Kwon** (Bates: SAMNDCA-Z0006569) to:

   - Heungju Kwon, Kijoong Kang, Yunhee Kang, Daniel Ko, Clayton Kim, James Shin, Hojin Chang

10. **May 8, 2012 email from Yunhee Kang** (Bates: SAMNDCA-Z0006816) to:

    Hui Jin Yang, Hyeon Gil Ryoo and Young Mo Kwon of Lee&Ko;

    Kijoong Kang, Daniel Ko, Heungju Kwon, Junwon Lee, Hojin Chang of Samsung

11. **May 8, 2012 email from Yunhee Kang** (Bates: SAMNDCA-Z0006754) to:

    - Hui Jin Yang, Hyeon Gil Ryoo and Young Mo Kwon of Lee & Ko;

    - Kijoong Kang, Daniel Ko, Heungju Kwon, Junwon Lee, and Hojin Chang

12. **June 27, 2012 email from Helen Hopson of Bristows** (Bates: SAMNDCA-Z0000646) to:

    - Pat Treacy (Bristows);

    - Ashwin van Rooijen, Dieter Paemen, Michel Petite, Thomas Vinje (Clifford Chance);

**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**
**Teece Report Further Dissemination Legend**

- Christina Caffarra, Gregor Langus, Damien Neven (crai);

- Charles Pommies, Michel Struys (Allen Overy),

- Peter Camesasca;

- Christopher Park, Sanghoon Park, Ief Daems, Sunny Cho (aka Yeonwook Sunny Son) of Samsung

13.   **July 4, 2012 email from Thomas Vinje (Clifford Chance)** (Bates: SAMNDCA-Z0000584) to:

- Caleb Lee, Clayton Kim, Hansung Kang, Hojin Chang, Hyojae Kim, Ief Daems, Jaewan Chi, James Kwak, Christopher Park, Michael Kang, Wonsuk Park, Richard An, Sanghoon Park, Sangjoo Lee, Yeonwook Sunny Son of Samsung;

- Ashwin vanRooijen, Dieter Paemen, Frans Muller, Marie-Laure Combet, Michel Petite, Miguel Odriozola, Milena Robotham, Noelle Chitachi, Thomas Vinje and Vanessa Marsland (Clifford Chance);

- Athene Chanter, Charles Pommies, David Gabathuler, Diane Souffront, Francesca Miotto, Liliana Eskenazi, Michel Struys and Olivier Freget (Allen Overy);

- Peter Camasasca

14.   **July 4, 2012 email from Ief Daems of Samsung** (Bates: SAMNDCA-Z0009710) to:

- DS Park

15 .   **July 5, 2012 email from Hojin Chang** (Bates: SAMNDCA-Z0006264) to:

- Caleb Lee, Kijoong Kang, Yunhee Kang, Heungju Kwon, Clayton Kim, Sanghoon Park, Jinho Park, Jaewan Chi

16.   **July 5, 2012 email from Hojin Chang** (Bates: SAMNDCA-Z0002207) to:

- Ross Zaurrini, Angela Lin, Nathan Bellgrove, Sally Morris, Wen-Ts'ai Lim (Ashurst);

- James Kwak, Clayton Kim, Jaehyoung Kim, Jaehwan Kim, Sanghoon Park, Christopher Park, Caleb Lee

17.   **July 5, 2012 email from Hojin Chang** (Bates: SAMNDCA-Z0002268) to:

- Gary Halling (Sheppard Mullin);

<u>**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**</u>
**Teece Report Further Dissemination Legend**

- James Kwak, Clayton Kim, Sanghoon Park,  Christopher Park, Yunwook Son, Caleb Lee

18. **July 5, 2012 email from Hojin Chang** (Bates: SAMNDCA-Z0002024) to:

- James Kwak, Caleb Lee, Sanghoon Park, Jinho Park, Yeon-wook Son, Clayton Kim, Brian Kim, Kenneth Korea, and Daniel Shim of Samsung;

- Thomas Pease

19. **July 5, 2012 email from Hojin Chang** (Bates: SAMNDCA-Z0006388) to:

- Young Mo Kwon and Hyeon Gil Ryoo (Lee & Ko);

- Kijoong Kang, Yunhee Kang, James Kwak, Heungju Kwon, Clayton Kim, Sanghoon Park, Christopher Park, Caleb Lee, Hojin Chang, Jaewan Chi

20. **July 6, 2012 email from Heungju Kwon** Bates: SAMNDCA-Z0006449) to:

- Clayton Kim and Heungku Kwon

21. **August 16, 2012 email from Ief Daems** (Bates: SAMNDCA-Z0009834) to:

- Julie Vandenbussche of Peter Camesasca Advocaat BVBA

22. **September 7, 2012 email from Michael Kang** (Bates: SAMNDCA-Z0001510) to:

- JoongHyub Lee

23. **October 26, 2012 email from Nathan Capone (Bristows)** (Bates: SAMNDCA-Z0000513) to:

- Vanzetti & Assocs;

- Thomas Vinje (CliffordChance);

- Helen Hopson, Pat Treacy (Bristows);

- Peter Camesasca;

- Hojin Chang, Daniel Ko, James Kwak, Clayton Kim, Sanghoon Park, Christopher Park, Daniel Shim, Caleb Lee, Soojin Lee of Samsung

24. **May 13, 2013 email from Daniel Shim** (Bates: SAMNDCA-Z0000917) to:

- Hyucksun Kwon

**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**
**Teece Report Further Dissemination Legend**

25.   **May 13, 2013 from Daniel Shim** (Bates: SAMNDCA-Z0001114) to:

> Thomas Pease, Samsung FRAND, and Victoria Maroulis

26.   **May 15, 2013 email from Hyucksun Kwon** (Bates: SAMNDCA-Z0001312) to himself

27.   **May 15, 2013 email from Hyucksun Kwon** (Bates: SAMNDCA-Z0001508) to:

> EunHye Choi

27.   **July 5, 2012 email from Christopher Park** (Bates: SAMNDCA-Z0011866) to:

> • Dong Hun Kang

**Teece Report - Inadvertent Further Dissemination Emails**

| Recipients | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Seung Ho Ahn | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Richard An | | | | | | | x | | | | | | x | | | | | | | | | | | | | | | |
| Marc Bellefont | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Hojin Chang | o | o | o | | x | x | | x | x | x | x | | x | | o | o | o | o | o | | | | x | | | | | |
| Jaewan Chi | | | | | | | x | | | | | | x | | x | | | | x | | | | | | | | | |
| EunHye Choi | | | | | | | | | | | | | | | | | | | | | | | | | | | x | |
| Ief Daems | | | | | | | | | | | | x | x | o | | | | | | o | | | | | | | | |
| Dong Hun Kang | | | | | | | | | | | | | | | | | | | | | | | | | | | | x |
| Hansung Kang | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| Kijoong Kang | | | | | x | x | x | x | x | | | | | | x | | | | x | | | | | | | | | |
| Michael Kang | | | | | | | | | | | | | x | | | | | | | | o | | | | | | | |
| Yunhee Kang | | | x | | x | x | x | o | o | | | | | | x | | | | x | | | | | | | | | |
| Brian Kim | | | | | | | x | | | | | | | | | | | x | | | | | | | | | | |
| Hyojae Kim | | | | | | | | | | | | | | x | | | | | | | | | | | | | | |
| Jaehwan Kim | | | | | | | | | | | | | | | | x | | | | | | | | | | | | |
| JaeHyoung Kim | | | | | | | | | | | | | | | | x | | | | | | | | | | | | |
| Seongwoo (Clayton) Kim | | | x | x | o | x | x | x | x | | | | x | | x | x | x | x | x | | | | x | | | | | |
| Daniel Ko | | | x | | | x | x | x | x | x | | | | | | | | | | | | | x | | | | | |
| Kenneth Korea | | | | | | | | | | | | | | | | | | x | | | | | | | | | | |
| Hyun Sun Kwak | | | | | | | | | | | | | | | | x | | | | | | | | | | | | |
| Jin Hwan (James) Kwak | | | | | | | x | | | | | | x | | | x | x | x | x | | | | x | | | | | |
| Heungju Kwon | x | x | | | x | o | | o | o | x | x | | | | x | | | | x | o | | | | | | | | |
| HyuckSon Kwon | | | | | | | | | | | | | | | | | | | | | | | | x | | o | o | |
| Caleb Lee | | | | | | | | | | | | | x | | x | x | x | x | x | | | | x | | | | | |
| Hoshin Lee | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Jaehawk Lee | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| JoongHyub Lee | | | | | | | | | | | | | | | | | | | | | | x | | | | | | |
| Jun Won Lee | | | | | | | | | | x | x | | | | | | | | | | | | | | | | | |
| KyuHyuk Lee | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| KyungSeok Lee | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Sanjoo Lee | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |

5577030_1.xlsx

O = Sender; X = Recipient

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

**Teece Report - Inadvertent Further Dissemination Emails**

| Recipients | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Soojin Lee | | | | | | | | | | | | | | | | | | | | | | | x | | | | | |
| Youngjo Lim | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| SeungKyun Oh | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| DS Park | | | | | | | | | | | | | | x | | | | | | | | | | | | | | |
| JaeHyun Park | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Jinho Park | | | | | | | | | | | | x | x | | x | x | x | x | x | | | | | | | | | o |
| Sanghoon Park | | | | | | | | | | | | x | x | | x | x | x | x | x | | | | | | | | | |
| Wonsuk Park | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| YongKu Park | x | x | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Daniel Shim | | | | | | | x | | | | | | | | | | | x | | | | | x | o | o | | | |
| Jay Shim | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| James Shin | | | | o | | | | | x | | | | | | | | | | | | | | | | | | | |
| Yeon-wook Son | | | | | | | x | | | | | x | x | | | | x | x | | | | | | | | | | |
| Beyong Ho Yuu | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| **Ohno & Partners** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Seiji Ohno | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| **Bristows LLP** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Helen Hopson | | | | | | | o | | | | | o | | | | | | | | | | | x | | | | | |
| Pat Treacy | | | | | | | x | | | | | x | | | | | | | | | | | x | | | | | |
| Myles Jelf | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Nathan Capone | | | | | | | | | | | | | | | | | | | | | | | o | | | | | |
| **Allen & Overy LLP** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Samsung_team@AllenOvery.com | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Charles Pommies | | | | | | | | | | | | x | x | | | | | | | | | | | | | | | |
| Michel Struys | | | | | | | | | | | | x | x | | | | | | | | | | | | | | | |
| Athene Chanter | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| David Gabathuler | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| Diane Souffront | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| Francesca Miotto | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| Laetitia Benard | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |

5577030_1.xlsx

O = Sender; X = Recipient

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

**Teece Report - Inadvertent Further Dissemination Emails**

| Recipients | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Liliana Eskenazi | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| Oliveier Freget | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| **Blake Dawson/ Ashurst** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Amanda Lees | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Peter Chalk | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Wen-Ts'ai Lim | | | | | | | x | | | | | | | | | x | | | | | | | | | | | | |
| Ross Zaurrini | | | | | | | | | | | | | | | | x | | | | | | | | | | | | |
| Angela Lin | | | | | | | | | | | | | | | | x | | | | | | | | | | | | |
| Nathan Bellgrove | | | | | | | | | | | | | | | | x | | | | | | | | | | | | |
| Sally Morris | | | | | | | | | | | | | | | | x | | | | | | | | | | | | |
| **Vanzetti e Associati** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| studio@avanettiassociati.it | | | | | | | x | | | | | | | | | | | | | | | | x | | | | | |
| **Simmons & Simmons** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Bas Woortman | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Mattie de Konig | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| **rospatt osten pross** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Max von Rospatt | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Henrik Timmann Dr. | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| **Lee & Ko** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Young Mo Kwon | | | | | | | x | | | x | x | | | | | | | | x | | | | | | | | | |
| Hyeon Gil Ryoo | | | | | | | x | | | x | x | | | | | | | | x | | | | | | | | | |
| Hui Jin Yang | | | | | | | | | | x | x | | | | | | | | x | | | | | | | | | |
| **Clifford Chance** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Thomas Vinje | | | | | | | x | | | | | x | o | | | | | | | | | | | | | | | |
| Michele Petite | | | | | | | x | | | | | x | x | | | | | | | | | | | | | | | |
| Aswhin vanRooijen | | | | | | | x | | | | | x | x | | | | | | | | | | | | | | | |
| Miguel Odriozola | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| Milena Robotham | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| Noelle Chitachi | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| Vanessa Marsland | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |

5577030_1.xlsx

O = Sender; X = Recipient

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

**Teece Report - Inadvertent Further Dissemination Emails**

| Recipients | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Frans Muller | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| Marie-Laure Combet | | | | | | | | | | | | | x | | | | | | | | | | | | | | | |
| Dieter Paemen | | | | | | | | | | | | x | x | | | | | | | | | | | | | | | |
| **Modiano & Partners** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| legal@modiano.com | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| **Zimmerman & Partner** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Joel Naegerl | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| **Peter Camesasca Advocaat BVBA** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Peter Camesasca | | | | | | | | | | | | x | x | | | | | | | | | | x | | | | | |
| Julie Vandenbussche | | | | | | | | | | | | | | | | | | | | | x | | | | | | | |
| **Sheppard Mullin** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Gary Halling | | | | | | | | | | | | | | | | | x | | | | | | | | | | | |
| **Quinn Emanuel** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Thomas Pease | | | | | | | x | | | | | | | | | | | x | | | | | | | x | | | |
| Marcus Grosch | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Jan Ebersohl | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Eric Wall | | | | | | | x | | | | | | | | | | | | | | | | | | | | | |
| Victoria Maroulis | | | | | | | x | | | | | | | | | | | | | | | | | | x | | | |
| Samsung FRAND | | | | | | | | | | | | | | | | | | | | | | | | | x | | | |
| **CRAI** | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Christopher Caffara | | | | | | | | | | | | x | | | | | | | | | | | | | | | | |
| Gregor Langus | | | | | | | | | | | | x | | | | | | | | | | | | | | | | |
| Damien Neven | | | | | | | | | | | | x | | | | | | | | | | | | | | | | |

5577030_1.xlsx

O = Sender; X = Recipient

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 3

**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**
**ITC Public Interest Outline/Brief Inadvertent Disclosure Legend**

A.     **March 22, 2013 email from Thomas Pease** (Bates: SAMNDCA-Z0000034) to:

- Anthony Kahng, Seungho Ahn, Kijoong Kang, Jaewan Chi, Injung Lee, MinHyung Chung, Brian Kim, Michael Kang, Hosik Jang, Cindi Moreland, Beomjun Jin, Beyong Ho Yuu, Byung-Gun Min, Byungsik Kim, Cheolwoo Ahn, Daniel Ko, Daniel W. Shim, Eric Cha, Eunha Kim, Hankil Kang, Heungju Kwon, Hojin Chang, Hoshin Lee, IlMan Bae, James Kwak, JaeHwan Kim, JaeHyoung Kim, JaeHyun Park, Jae-il Park, James Shin, Jeff Myung, Sunmi Kim, Johnda Crites, Jonghee Kim, Julie Han, JunHong Park, KyuHyuk Lee, Kenneth Korea, Megan Drahos, Michelangelo Troisi, Michelle Yang, Richard An, Richard Rosales, Rosa Kim, SangHoon Jin, Se-Jin Chung, Seong-woo (Clayton) Kim, Jaehawk Lee, Soojin Lee, SungCheol Bae, Sung-Ho Lee, Wonsuk Park, Wonsun Kim, Yeowan Youn, Young Kyoo Jang, Youngho Kim, Youngjo Lim, YoungSoon Lee, YunHee Kang, and Karin Norton (collectively, "Samsung List A");

- the Quinn Emanuel "Samsung ITC" distribution list

B.     **March 25, 2013\*[1] email from Thomas Pease** (Bates: SAMNDCA-Z0000145) to:

- Anthony Kahng, Injung Lee, Brian Kim, Michael Kang, Daniel Ko, Daniel Shim, Eric Cha, HeungJu Kwon, James Kwak, JaeHyoung Kim, Jae-il Park, James Shin, Kenneth Korea, Richard An, Rosa Kim, Clayton Kim, Soojin Lee, Wonsuk Park, Wonsun Kim, Youngjo Lim, YunHee Kang, TaeHyoung Kim, Jay Shim, InDong Kang, Jun Won Lee, Karin Norton, Hojin Chang, and HyuckSon Kwon (collectively, "Samsung List B")

- Victoria Maroulis, Alan Whitehurst, Alex Lasher, Marissa Ducca, and "Samsung FRAND" of Quinn Emanuel

C.     **March 28, 2013 email from Thomas Pease** (Bates:  SAMNDCA-Z0000289) to:

- Samsung List B

- Alan Whitehurst, Alex Lasher, Marissa Ducca, and "Samsung FRAND" of Quinn Emanuel

D.     **March 31, 2013\* email from Thomas Pease** (Bates:  SAMNDCA-Z0000181) to:

- Samsung List B

- Alan Whitehurst, Alex Lasher, Marissa Ducca, and "Samsung FRAND" of Quinn Emanuel

---

[1]     * means date on printed document reflects Korean time.

<u>Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)</u>
ITC Public Interest Outline/Brief Inadvertent Disclosure Legend

E.      **April 3, 2013\* email from Alex Lasher of Quinn Emanuel** (Bates:  SAMNDCA-Z0000209) to:

  •       the previously identified Samsung List B;

  •       KiJoong Kang of Samsung;

  •       Ed Donovan of Kirkland;

  •       Thomas Pease, Alan Whitehurst, Marissa Ducca, and "Samsung FRAND" of Quinn Emanuel.  Mr. Lasher subsequently instructed recipients to delete this email.

**ITC Outline/Brief Inadvertent Disclosure Emails**

| Recipients | A | B | C | D | E |
|---|---|---|---|---|---|
| Cheolwoo Ahn | X | | | | |
| Seung Ho Ahn | X | | | | |
| Richard An | X | X | X | X | X |
| IlMan Bae | X | | | | |
| SungCheol Bae | X | | | | |
| Eric Cha | X | X | X | X | X |
| Hojin Chang | X | X | X | X | X |
| Jaewan Chi | X | | | | |
| MinHyung Chung | X | | | | |
| Se-Jin Chung | X | | | | |
| Johnda Crites | X | | | | |
| Megan Drahos | X | | | | |
| Julie Han | X | | | | |
| Hosik Jang | X | | | | |
| Young Kyoo Jang | X | | | | |
| Beomjun Jin | X | | | | |
| SangHoon Jin | X | | | | |
| Anthony Kahng | X | X | X | X | X |
| Hankil Kang | X | | | | |
| InDong Kang | | X | X | X | X |
| Kijoong Kang | X | | | | X |
| Michael Kang | X | X | X | X | X |
| Yunhee Kang | X | X | X | X | X |
| Brian Kim | X | X | X | X | X |
| Byungsik Kim | X | | | | |
| EunHa Kim | X | | | | |
| Jaehwan Kim | X | | | | |
| JaeHyoung Kim | X | X | X | X | X |
| Jonghee Kim | X | | | | |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

5571135_1.xls
X = Recipient; O = Sender

**ITC Outline/Brief Inadvertent Disclosure Emails**

| Recipients | A | B | C | D | E |
|---|---|---|---|---|---|
| Rosa Kim | X | X | X | X | X |
| Seongwoo (Clayton) Kim | X | X | X | X | X |
| Sunmi Kim | X | | | | |
| TaeHyoung Kim | | X | X | X | X |
| Wonsun Kim | X | X | X | X | X |
| Youngho Kim | X | | | | |
| Daniel Ko | X | X | X | X | X |
| Kenneth Korea | X | X | X | X | X |
| Jin Hwan (James) Kwak | X | X | X | X | X |
| Heungju Kwon | X | X | X | X | X |
| HyuckSon Kwon | | X | X | X | X |
| Hoshin Lee | X | | | | |
| Injung Lee | X | X | X | X | X |
| Jaehawk Lee | X | | | | |
| Jun Won Lee | | X | X | X | X |
| KyuHyuk Lee | X | | | | |
| Soojin Lee | X | X | X | X | X |
| Sung-Ho Lee | X | | | | |
| YoungSoon Lee | X | | | | |
| Youngjo Lim | X | X | X | X | X |
| Byung-Gun Min | X | | | | |
| Cindi Moreland | X | | | | |
| Jeff Myung | X | | | | |
| Karin Norton | X | X | X | X | X |
| JaeHyun Park | X | | | | |
| Jae-Il Park | X | X | X | X | X |
| JunHong Park | X | | | | |
| Sanghoon Park | | | | | |
| Wonsuk Park | X | X | X | X | X |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

5571135_1.xls
X = Recipient; O = Sender

**ITC Outline/Brief Inadvertent Disclosure Emails**

| Recipients | A | B | C | D | E |
|---|---|---|---|---|---|
| Richard Rosales | X | | | | |
| Daniel Shim | X | X | X | X | X |
| Jay Shim | | X | X | X | X |
| James Shin | X | X | X | X | X |
| Michelangelo Troisi | X | | | | |
| Han Yong Uhm | | | | | |
| Michelle Yang | X | | | | |
| Yeowan Youn | X | | | | |
| Beyong Ho Yuu | X | | | | |
| Kirkland & Ellis | | | | | |
| Ed Donovan | | | | | X |
| Quinn Emanuel Urquhart & Sullivan LLP | | | | | |
| Samsung ITC list | X | | | | |
| Samsung FRAND list | | X | X | X | X |
| Marissa Ducca | | X | X | X | X |
| Alex Lasher | | X | X | X | O |
| Victoria Maroulis | | X | | | |
| Thomas Pease | O | O | O | O | X |
| Alan Whitehurst | | X | X | X | X |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

5571135_1.xls
X = Recipient; O = Sender

# EXHIBIT 4

**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**
**ITC Public Interest Outline/Brief Inadvertent Further Dissemination Legend**

1.  **March 23, 2013 email from Heungju Kwon** (Bates: SAMNDCA-Z0000113) to:

    •   Kenneth Korea, Anthony Kahng, Daniel Ko, James Kwak, Wonsun Kim, Jaehyung Kim, Wonsuk Park, Hojin Chang, and "Washington IP Office" distribution list of Samsung

2.  **March 25, 2013 email from Jaehawk Lee** (Bates: SAMNDCA-Z0000001) to:

    Hyun Sun Kwak, Yang Sun Kim, JaeHyun Park, Seungkyun Oh, Sung-Ho Lee, SuYeul Lee, Tae Eun Kim, and Tae Suk Kim of Samsung

3.  **March 24, 2013\* email from Karin Norton** (Bates: SAMNDCA-Z0000160) to:

    •   Thomas Pease;

    •   Anthony Kahng of Samsung

4.  **March 25, 2013 email from Hojin Chang** (Bates:  SAMNDCA-Z0000716) to:

    •   Anthony Kahng, Injung Lee, Brian Kim, Michael Kang, Daniel Ko, Daniel Shim, Eric Cha, HeungJu Kwon, James Kwak, JaeHyoung Kim, Jae-il Park, James Shin, Kenneth Korea, Richard An, Rosa Kim, Clayton Kim, Soojin Lee, Wonsuk Park, Wonsun Kim, Youngjo Lim, YunHee Kang, TaeHyoung Kim, Jay Shim, InDong Kang, Jun Won Lee, Karin Norton, Hojin Chang, and HyuckSon Kwon (collectively, "Samsung List B");

    •   Thomas Pease, Victoria Maroulis, and "Samsung ITC" of Quinn Emanuel

5.  **March 25, 2013 email from Daniel Shim** (Bates: SAMNDCA-Z0000109) to:

    Pat Treacy, Helen Hopson and Sophie Lawrance of Bristows LLP

6.  **March 25, 2013 email from Daniel Shim** (Bates: SAMNDCA-Z0000105) to:

    Peter Camesasca

7.  **March 25, 2013 email from Pat Treacy of Bristows LLP** (Bates: SAMNDCA-Z0000103) to:

    •   Daniel Shim of Samsung;

    •   Helen Hopson and Sophie Lawrance of Bristows LLP

8.  **March 25, 2013 email from Hojin Chang** (Bates: SAMNDCA-Z0000116) to:

    InDong Kang of Samsung

<u>**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**</u>
**ITC Public Interest Outline/Brief Inadvertent Further Dissemination Legend**

9.     **March 25, 2013 email from Indong Kang** (Bates: SAMNDCA-Z0000122) to:

      Seungho Ahn and James Kwak of Samsung

10.    **March 25, 2013\* email from Daniel Shim** (Bates: SAMNDCA-Z0000057) to:

- Brian Kim, Injung Lee, and KiJoong Kang of Samsung;

- Helen Hopson, and Pat Treacy of Bristows LLP;

- Maxim Price, Alex Baxter, Thomas Pease, Victoria Maroulis, Eric Wall, and "Samsung ITC" of Quinn Emanuel

11.    **March 25, 2013\* email from Hojin Chang** (Bates: SAMNDCA-Z0000326) to**:**

- Samsung List B;

- Michael McKeon and Ruffin Cordell of Fish & Richardson P.C.;

- Ed Donovan, Jennifer Selendy, and Greg Arovas of Kirkland & Ellis LLP

- the "Samsung ITC" distribution list at Quinn Emanuel

12.    **March 26, 2013 email from Hojin Chang** (Bates: SAMNDCA-Z0000284) to:

- TaeHyoung Kim, Karin Norton, Ken Korea, Michael Kang, Yun Hee Kang, InDong Kang, Anthony Kahng, Daniel Ko, James Kwak, Hyuckson Kwon, Heungju Kwon, Clayton Kim, Brian Kim, Rosa Kim, Wonsun Kim, Jaehyung Kim, Richard An, Wonsuk Park, Jae-il Park, James Shin, Daniel Shim, Jay Shim, Soojin Lee, Injung Lee, Junwon Lee, Youngjo Lim, Hojin Chang, and Eric Cha of Samsung;

- Edward C. Donovan, Jennifer M. Selendy and Greg Arovas of Kirkland & Ellis;

- Michael J. McKeon and Ruffin Cordell of Fish & Richardson;

- the "Samsung ITC" distribution list at Quinn Emanuel

13.    **March 26, 2013 email from Ed Donovan of Kirkland & Ellis, LLP** (Bates: SAMNDCA-Z0000066) to:

- Samsung List B;

- Michael McKeon and Ruffin Cordell of Fish & Richardson P.C.;

- Jennifer Selendy, and Greg Arovas of Kirkland & Ellis LLP;

**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**
**ITC Public Interest Outline/Brief Inadvertent Further Dissemination Legend**

- the "Samsung ITC" distribution list at Quinn Emanuel

14. **March 26, 2013 email from Daniel Shim** (Bates: SAMNDCA-Z0000709) to:

   - Thomas Pease and Alex Baxter

15. **March 27, 2013 email from Brian Kim** (Bates: SAMNDCA-Z0000279) to:

   Karin Norton of Samsung

16. **March 27, 2013 email from Brian Kim** (Bates: SAMNDCA-Z0000078) to:

   Brian Kim of Samsung

17. **March 27, 2013 email from Hojin Chang** (Bates: SAMNDCA-Z0000175) to:

   - Samsung List B;

   - Thomas Pease, Victoria Maroulis, Alan Whitehurst, Alex Lasher, Marissa Ducca, and "Samsung FRAND" of Quinn Emanuel

18. **March 26, 2013 email from Daniel Shim** (SAMNDCA-Z0000575) to:

   Thomas Pease

19. **March 27, 2013 email from Daniel Shim** (Bates: SAMNDCA-Z0000079) to:

   - Gregory Arovas of Kirkland & Ellis;

   - Injung Lee of Samsung

20. **March 28, 2013 email from Hojin Chang** (Bates: SAMNDCA-Z0000005) to:

   - TaeHyoung Kim, Hojin Chang, Karin Norton, Kenneth Korea, Michael Kang, Yunhee Kang, Indong Kang, Anthony Kahng, Daniel Ko, James Kwak, Hyucksun Kwon, Heungju Kwon, Clayton Kim, Brian Kim, Rosa Kim, Won Sun Kim, Jaehyung Kim, Richard An, Wonsuk Park, Jae-il Park, James Shin, Daniel Shim, Jay Shim, Soojin Lee, Injung Lee, Junwon Lee, Youngjo Lim, Eric Cha and the "Washington IP Office" distribution list of Samsung;

   - Edward C. Donovan, Jennifer M. Selendy and Greg Arovas of Kirkland & Ellis;

   - Michael J. McKeon and Ruffin Cordell of Fish & Richardson

21. **March 28, 2013 email from Daniel Shim (Bates: SAMNDCA-Z0000082) to:**

   - Thomas Pease

**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**
**ITC Public Interest Outline/Brief Inadvertent Further Dissemination Legend**

22.     **March 29, 2013 email from Hojin Chang** (Bates: SAMNDCA-Z0000266) to:

- Karin Norton, Everrette Rett Snotherly, Daniel Laurence Girdwood, Kenneth Korea, Michael Kang, Yunhee Kang, Indong Kang, Anthony Kahng, Daniel Ko, James Kwak, Hyucksun Kwon, Heungju Kwon, Clayton Kim, Brian Kim, Rosa Kim, Wonsun Kim, Jaehyung Kim, Taehyung Kim, Richard An, Wonsuk Park, Jae-il Park, James Shin, Daniel Shim, Jay Shim, Soojin Lee, Injung Lee, Junwon Lee, Youngjo Lim, Hojin Chang, and Eric Cha of Samsung

23.     **March 29, 2013 email from Hojin Chang** (Bates: SAMNDCA-Z0000037) to:

- Karin Norton, Everrette Rett Snotherly, Daniel Laurence Girdwood, Kenneth Korea, Michael Kang, Yunhee Kang, Indong Kang, Anthony Kahng, Daniel Ko, James Kwak, Hyucksun Kwon, Heungju Kwon, Clayton Kim, Brian Kim, Rosa Kim, Won Sun Kim, Jae Hyung Kim, Tae Hyung Kim, Richard An, Won Suk Park, Jae-il Park, James Shin, Daniel Shim, Soo Jin Lee, Injung Lee, Joon Won Lee, Youngjo Lim, Hojin Chang, Eric Cha, and "Washington IP Office" distribution list of Samsung

24.     **March 28, 2013\* email from Daniel Shim** (Bates: SAMNDCA-Z0000093) to:

- Thomas Pease

25.     **March 29, 2013 email from Karin Norton** (Bates: SAMNDCA-Z0000193) to:

- Anthony Kahng, Everrette Rett Snotherly, and Daniel Laurence Girdwood of Samsung

26.     **March 31, 2013\* email from Daniel Shim** (SAMNDCA-Z0000416) to:

- Samsung List B and KiJoong Kang;

- the following individuals and distribution list at Quinn Emanuel:  Thomas Pease, Victoria Maroulis, Alan Whitehurst, Alex Lasher, Marissa Ducca, and "Samsung FRAND"

27.     **April 1, 2013 email from Wonsun Kim** (Bates: SAMNDCA-Z0000120) to:

- Hojin Chang of Samsung

28.     **April 1, 2013 email from Hojin Chang** (SAMNDCA-Z0000373) to:

- Samsung List B and KiJoong Kang;

**Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)**
**ITC Public Interest Outline/Brief Inadvertent Further Dissemination Legend**

- the following individuals and distribution list at Quinn Emanuel:  Thomas Pease, Victoria Maroulis, Alan Whitehurst, Alex Lasher, Marissa Ducca, and "Samsung FRAND"

**ITC Public Interest Outline/Brief - Inadvertent Further Dissemination Emails**

| Recipients | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Seung Ho Ahn | | | | | | | | | x | | | | | | | | | | | | | | | | | | | |
| Richard An | | | | x | | | | | | | x | x | x | | | | x | | | x | | x | x | | | x | | x |
| Eric Cha | | | | x | | | | | | | x | x | x | | | | x | | | x | | x | x | | | x | | x |
| Hojin Chang | x | | | o | | | | o | | | o | o | x | | | | o | | | o | | o | o | | | x | x | o |
| Daniel Girdwood | | | | | | | | | | | | | | | | | | | | | | x | x | | x | | | |
| Anthony Kahng | x | | x | x | | | | | | | x | x | | | | | x | | | x | | x | x | | x | x | | x |
| InDong Kang | | | | x | | | | x | o | | x | x | | | | | x | | | x | | x | x | | | x | | x |
| Kijoong Kang | | | | | | | | | | x | | | | | | | | | | | | | | | | x | | x |
| Michael Kang | | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Yunhee Kang | | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Brian Kim | | | | x | | | | | | x | x | x | x | | o | o | x | | | x | | x | | | | x | | x |
| JaeHyoung Kim | x | | | x | | | | | | | x | x | x | | | | x | | | x | | x | x | | | x | | x |
| Rosa Kim | | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Seongwoo (Clayton) Kim | | | | x | | | | | | | x | x | x | | | | x | | | x | | x | | | | x | | x |
| Tae Eun Kim | | x | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Tae Suk Kim | | x | | | | | | | | | | | | | | | | | | | | | | | | | | |
| TaeHyoung Kim | | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Wonsun Kim | x | | | x | | | | | | | x | x | x | | | | x | | | x | | x | x | | | x | o | x |
| Yang Sun Kim | | x | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Daniel Ko | x | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Kenneth Korea | x | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Hyun Sun Kwak | | x | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Jin Hwan (James) Kwak | x | | | x | | | | | x | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Heungju Kwon | o | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| HyuckSon Kwon | | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Injung Lee | | | | x | | | | | | x | x | x | | | | | x | | x | x | | x | | | | x | | x |
| Jaehawk Lee | | o | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Jun Won Lee | | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Soojin Lee | | | | x | | | | | | | x | x | | | | | x | | | x | | x | | | | x | | x |
| Sung-Ho Lee | | x | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Suyeul Lee | | x | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Youngjo Lim | | | | x | | | | | | | x | x | x | | | | x | | | x | | x | | | | x | | x |
| Karin Norton | | | o | x | | | | | | | x | x | x | | x | | x | | | x | | x | x | | o | x | | x |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

5571141_1.xls

X = Recipient; O = Sender

**ITC Public Interest Outline/Brief - Inadvertent Further Dissemination Emails**

| Recipients | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SeungKyun Oh | | x | | | | | | | | | | | | | | | | | | | | | | | | | | |
| JaeHyun Park | | x | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Jae-Il Park | | | | x | | | | | | | x | x | x | | | | x | | | x | | x | x | | | x | | x |
| Wonsuk Park | x | | | x | | | | | | | x | x | x | | | | x | | | x | | x | x | | | x | | x |
| Daniel Shim | | | | x | o | o | x | | | o | x | x | x | o | | | x | o | o | x | o | x | x | o | | x | | x |
| Jay Shim | | | | x | | | | | | | x | x | x | | | | x | | | x | | x | x | | | x | | x |
| James Shin | | | | x | | | | | | | x | x | x | | | | x | | | x | | x | x | | | x | | x |
| Everrette Snotherly | | | | | | | | | | | | | | | | | | | | | | x | x | | x | | | |
| Washington IP Office | x | | | | | | | | | | | | | | | | | | | x | | | x | | | | | |
| Fish & Richardson | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Michael McKeon | | | | | | | | | | | x | x | x | | | | | | | x | | | | | | | | |
| Ruffin Cordell | | | | | | | | | | | x | x | x | | | | | | | x | | | | | | | | |
| Kirkland & Ellis | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Ed Donovan | | | | | | | | | | | x | x | o | | | | | | | x | | | | | | | | |
| Jennifer Selendy | | | | | | | | | | | x | x | x | | | | | | | x | | | | | | | | |
| Greg Arovas | | | | | | | | | | | x | x | x | | | | | | x | x | | | | | | | | |
| Bristows LLP | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Helen Hopson | | | | | x | | x | | | x | | | | | | | | | | | | | | | | | | |
| Pat Treacy | | | | | x | | o | | | x | | | | | | | | | | | | | | | | | | |
| Sophie Lawrance | | | | | x | | x | | | | | | | | | | | | | | | | | | | | | |
| Quinn Emanuel Urquhart & Sullivan LLP | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Samsung ITC list | | | | x | | | | | | x | x | x | x | | | | | | | | | | | | | | | |
| Samsung FRAND list | | | | | | | | | | | | | | | | | x | | | | | | | | | x | | x |
| Alex Baxter | | | | | | | | | | x | | | | x | | | | | | | | | | | | | | |
| Marissa Ducca | | | | | | | | | | | | | | | | | x | | | | | | | | | x | | x |
| Alex Lasher | | | | | | | | | | | | | | | | | x | | | | | | | | | x | | x |
| Victoria Maroulis | | | | x | | | | | | x | | | | | | | x | | | | | | | | | x | | x |
| Thomas Pease | | | x | x | | | | | | x | | | | x | | | x | x | | | x | | | x | | x | | x |
| Maxim Price | | | | | | | | | | x | | | | | | | | | | | | | | | | | | |
| Eric Wall | | | | | | | | | | x | | | | | | | | | | | | | | | | | | |
| Alan Whitehurst | | | | | | | | | | | | | | | | | x | | | | | | | | | x | | x |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Peter Camesasca | | | | | | x | | | | | | | | | | | | | | | | | | | | | | |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 5

**From:** Robert Becher
**Sent:** Thursday, October 03, 2013 4:34 PM
**To:** Mueller, Joseph
**Cc:** Amar Thakur
**Subject:** Apple v. Samsung

Dear Joe:

As you know, Nokia and Samsung entered into a Stipulation and Order re Motion for Protective Order by Nokia Corporation ("Stipulation").  We have previously indicated that we would share the information resulting from the procedures set forth in this Stipulation with Apple as long as Apple will not contend that doing so constitutes a waiver of the attorney-client privilege or attorney work product protection.  Based on statements Apple made at the hearing on its Motion to Compel Further Discovery and for Sanctions for Violations of Protective Order, it appears that Apple is not willing to agree and will contend to the contrary.  Please let us know today if Apple will stipulate that:  (i) nothing in the Stipulation will constitute a waiver of any claim of attorney-client privilege or attorney work product or other claim of confidentiality in the NDCA II case, the NDCA I case or any other federal or state action or administrative proceeding and it will not argue to the contrary; (ii) that Stroz Friedberg's review of Samsung's documents pursuant to the Stipulation will not constitute a waiver of any claim of attorney-client privilege or attorney work product or other claim of confidentiality protection in the NDCA II case, the NDCA I case or any other federal or state action or administrative proceeding and it will not argue to the contrary; and (iii) that Samsung's voluntary or inadvertent production of documents pursuant to the Stipulation shall not be deemed a waiver of any claimed privilege or protection in the NDCA II case, the NDCA I case or any other federal or state action or administrative proceeding.

Regards, Rob

# EXHIBIT 6

WILMERHALE

October 5, 2013

Joseph J. Mueller

+1 617 526 6396 (t)
+1 617 526 5000 (f)
joseph.mueller@wilmerhale.com

Robert J. Becher, Esq.
Quinn Emanuel
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re:    *Apple Inc. v. Samsung Electronics Co. Ltd., et al.,*
       Case No. 11-cv-01846-LHK (PSG)

Dear Rob:

In a September 27, 2013 letter, you provided a list of search terms to which Samsung and Nokia have agreed under their stipulation, and requested Apple's input on those search terms.  On September 30, 2013, I informed you that Apple believed the search terms were too narrow in multiple respects, but would provide the requested additional search terms.

On October 2, Magistrate Judge Grewal ordered Samsung to produce by October 16, 2013, "[a]ll e-mails and other communications sent or received since March 24, 2012 by the Samsung employees who received the confidential information (more specifically, the Samsung employees listed in the attachments to Mr. Becher's August 1 letter) to the extent that they relate to Apple's licenses with Nokia, Ericsson, Sharp, and Philips."  Order Re: Apple's Motion for Sanctions, Dkt. 2483 (Oct. 2, 2013).  Samsung has an obligation to comply fully with that Order.

As you have acknowledged, Apple is not a party to the Samsung-Nokia stipulation..  Apple has not been involved in the negotiations between Samsung and Nokia regarding their stipulation, does not believe that the Samsung-Nokia protocol is adequate to determine when and how Apple's confidential licensing information was used, and does not have any control over the manner in which Stroz Friedberg is conducting searches under the stipulation.  In addition, Apple does not have access to the Samsung employees who improperly received Apple's highly confidential license information and therefore cannot seek information from them on additional terms that would be relevant.  As such, we are in no position to agree that the use of search terms would result in a complete identification of the documents that Judge Grewal has ordered to be produced.  Samsung has the obligation to conduct its search in a manner that will which will identify every document that relates to Apple's licenses with Nokia, Ericsson, Sharp, and Philips.

However, because has Samsung requested that Apple do so, below I provide some additional search terms.  To be clear, we are providing these terms to you as an accommodation and are in no way approving the stipulation or the protocols being used.  These terms would be relevant in English and Korean.  Also, any abbreviations used within Samsung for any of the terms (e.g., AAPL for Apple, or SS for Samsung) should also be included in any searches.

WILMERHALE

Robert J. Becher, Esq.
October 5, 2013
Page 2

| | | |
|---|---|---|
| Apple w/25 Nokia w/25 licen! | Apple w/25 Eric! w/25 licen! | "unwilling licensee" |
| Apple w/25 Sharp w/25 licen! | Apple w/25 Phil! w/25 licen! | "protective order" w/25 Nokia |
| Samsung w/25 Nokia w/25 licen! | Samsung w/25 Eric! w/25 licen! | "protective order" w/25 Sharp |
| Samsung w/25 Sharp w/25 licen! | Samsung w/25 Phil! w/25 licen! | PO w/25 Nokia |
| Apple w/25 Nokia w/25 royalt! | Apple w/25 Eric! w/25 royalt! | PO w/25 Sharp |
| Apple w/25 Sharp w/25 royalt! | Apple w/25 Phil! w/25 royalt! | Noreen |
| Samsung w/25 Nokia w/25 royalt! | Samsung w/25 Eric! w/25 royalt! | Bruce |
| Samsung w/25 Sharp w/25 royalt! | Samsung w/25 Phil! w/25 royalt! | Sewell |
| Apple w/25 Nokia w/25 negotiat! | Apple w/25 Eric! w/25 negotiat! | Teece |
| Apple w/25 Sharp w/25 negotiat! | Apple w/25 Phil! w/25 negotiat! | Licen! w/25 ▇ w/25 ITC |
| Samsung w/25 Nokia w/25 negotiat! | Samsung w/25 Eric! w/25 negotiat! | "protective order" w/25 ▇ |
| Samsung w/25 Sharp w/25 negotiat! | Samsung w/25 Phil! w/25 negotiat! | ITC w/25 "good faith" w/25 FRAND |
| Nokia w/25 ▇ | Offer w/25 ▇ w/25 ITC | Phil! w/25 ▇ |
| Eric! w/25 ▇ | Sharp w/25 ▇ | Nokia w/25 ▇ |

WILMERHALE

Robert J. Becher, Esq.
October 5, 2013
Page 3

| | | |
|---|---|---|
| Eric! w/25 ▮ | Nokia w/25 ▮ | [ITC or Cal or DGComp or Europ! or Italy or Australia or Britain or England or Netherlands or Dutch or France or Japan] w/25 "good faith" w/25 negot! |
| [ITC or Cal or DGComp or Europ! or Italy or Australia or Britain or England or Netherlands or Dutch or France or Japan] w/25 licen! w/25 Nokia | [ITC or Cal or DGComp or Europ! or Italy or Australia or Britain or England or Netherlands or Dutch or France or Japan] w/25 licen! w/25 Phil! | [ITC or Cal or DGComp or Europ! or Italy or Australia or Britain or England or Netherlands or Dutch or France or Japan] w/25 licen! w/25 Sharp |
| [ITC or Cal or DGComp or Europ! or Italy or Australia or Britain or England or Netherlands or Dutch or France or Japan] w/25 licen! w/25 Eric! | [ITC or Cal or DGComp or Europ! or Italy or Australia or Britain or England or Netherlands or Dutch or France or Japan] w/25 "good faith" w/25 licen! | [ITC or Cal or DGComp or Europ! or Italy or Australia or Britain or England or Netherlands or Dutch or France or Japan] w/25 "good faith" w/25 FRAND |
| Apple! w/25 expert! w/25 damage! | Apple! w/25 licen! w/25 royalt! | Apple! w/25 counsel! w/25 licen! |
| Apple! w/25 report! w/25 damage! | Apple! w/25 licen! w/25 payment! | Apple! w/25 FTP! w/25 damage! |
| Apple! w/25 David! w/25 damage! | Apple! w/25 licen! w/25 term! | Apple! w/25 FTP! w/25 report! |
| Apple! w/25 David! w/25 report! | Apple! w/25 licen! w/25 agreement! | Apple! w/25 FTP! w/25 licen! |
| Apple! w/25 Professor! w/25 damage! | Apple! w/25 licen! w/25 structure! | Apple! w/25 FTP! w/25 expert! |
| Apple! w/25 Professor! w/25 report! | Apple! w/25 licen! w/25 arrangement! | Apple! w/25 FTP! w/25 Dr! |
| Apple! w/25 Dr! w/25 | Apple! w/25 damage! w/25 | Apple! w/25 FTP! w/25 |

WILMERHALE

Robert J. Becher, Esq.
October 5, 2013
Page 4

| damage! | royalt! | Professor! |
|---|---|---|
| Apple! w/25 Dr! w/25 report! | Apple! w/25 damage! w/25 payment! | Apple! w/25 FTP! w/25 David! |
| Melin | Paul w/25 Nokia | |

Separately, last night you sent an email requesting that Apple stipulate that:

> (i) nothing in the Stipulation will constitute a waiver of any claim of attorney-client privilege or attorney work product or other claim of confidentiality in the NDCA II case, the NDCA I case or any other federal or state action or administrative proceeding and it will not argue to the contrary; (ii) that Stroz Friedberg's review of Samsung's documents pursuant to the Stipulation will not constitute a waiver of any claim of attorney-client privilege or attorney work product or other claim of confidentiality protection in the NDCA II case, the NDCA I case or any other federal or state action or administrative proceeding and it will not argue to the contrary; and (iii) that Samsung's voluntary or inadvertent production of documents pursuant to the Stipulation shall not be deemed a waiver of any claimed privilege or protection in the NDCA II case, the NDCA I case or any other federal or state action or administrative proceeding.

Apple does not stipulate to those conditions. As noted above, Apple is not a party to the Nokia-Samsung stipulation, and has never agreed that any actions taken under the stipulation are entitled to the privilege. The issue of privilege was briefed and argued and Samsung has been ordered to produce the documents identified in the order.

We expect that Samsung will do so without further delay.

Sincerely yours,

Joseph J. Mueller

Joseph J. Mueller

JJM:le

# EXHIBIT 7

WILMERHALE

October 4, 2013

**Joseph J. Mueller**

+1 617 526 6396 (t)
+1 617 526 5000 (f)
joseph.mueller@wilmerhale.com

**Contains Confidential Business Information
Subject to Protective Orders**

**BY EMAIL**

Robert Becher, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:     *Apple Inc. v. Samsung Elecs. Co. Ltd.*, No. 11-cv-1846 LHK (PSG)

Dear Rob:

I write regarding the Court's October 2, 2013 Order Re: Apple's Motion for Sanctions.  In that
Order, the Court required (among other things) the production of two categories of documents by
October 16, 2013.

The second category—i.e., "[a]ll e-mails and other communications sent or received since March
24, 2012 by the Samsung employees who received the confidential information (more
specifically, the Samsung employees listed in the attachments to Mr. Becher's August 1 letter) to
the extent that they relate to Apple's licenses with Nokia, Ericsson, Sharp, and Philips"—are
documents that Samsung has delayed in identifying and collecting.  We look forward to their
prompt production and will follow up with you to coordinate the timing of their production vis-à-
vis the depositions ordered by the Court.

But the first category—i.e., "[t]he e-mails listed on Attachment A to Mr. Becher's August 1,
2013 letter to Mr. Selwyn"—are documents that have already been identified and collected.
Indeed, you previously sent us redacted versions of these documents.

Because the documents identified in your August 1, 2013 letter are already collected, we ask you
to produce the unredacted versions today.  Please confirm that you will do so.

Sincerely,

/s/ Joe Mueller

Joe Mueller

# EXHIBIT 8

| | |
|---|---|
| **From:** | Mueller, Joseph [Joseph.Mueller@wilmerhale.com] |
| **Sent:** | Friday, October 04, 2013 12:26 PM |
| **To:** | Robert Becher |
| **Cc:** | Amar Thakur |
| **Subject:** | RE: Apple/Samsung (1846) |

Rob,

The parties briefed the privilege issues.  The Court's Order obligates Samsung to produce unredacted versions of the documents.

Thanks,
Joe

**From:** Robert Becher [mailto:robertbecher@quinnemanuel.com]
**Sent:** Friday, October 04, 2013 2:35 PM
**To:** Mueller, Joseph
**Cc:** Amar Thakur
**Subject:** RE: Apple/Samsung (1846)

Joe,

We understand from this letter that Apple believes Samsung is required to produce documents in response to the Magistrate Judge's Order, including the documents listed in the first category, without regard for assertions of the attorney-client privilege or attorney work product protections.  If we are incorrect about Apple's position, please let us know promptly.

Regards, Rob

**From:** Mueller, Joseph [mailto:Joseph.Mueller@wilmerhale.com]
**Sent:** Friday, October 04, 2013 11:15 AM
**To:** Robert Becher
**Cc:** Amar Thakur
**Subject:** Apple/Samsung (1846)

Rob,

Please see attached letter.  I'll be responding separately to your recent correspondence.

Thanks,
Joe

**Joseph J. Mueller | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6396 (t)
+1 617 526 5000 (f)
joseph.mueller@wilmerhale.com

**Please consider the environment before printing this email.**

1

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

# EXHIBIT 9

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3182**

WRITER'S INTERNET ADDRESS
**robertbecher@quinnemanuel.com**

## VIA EMAIL

October 10, 2013

Joseph Mueller, Esq.                          Randall Allen, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP       Alston & Bird LLP
60 State Street                               275 Middlefield Road, Suite 150
Boston, Massachusetts 02109                   Menlo Park, CA 94025
*Attorneys for Apple, Inc.*                   *Attorneys for Nokia Corporation*

Re:    Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)

Dear Joe and Randall:

We write to ascertain Apple's and Nokia's position regarding the steps Samsung may take, without waiving its claims of privilege, in order to comply with Magistrate Judge Grewal's October 2, 2013 Order (the "Order"), Dkt. 2483.

Apple and Nokia have taken the position that Samsung cannot assert objections on privilege grounds when producing documents in response to this Order.  Dkts. 2505-1 at 8, 2502 at 4; *see also* 10/4/13 Email from Joseph Mueller to Robert Becher (Dkt. 2465-5); 10/4/13 Letter from Joseph Mueller to Robert Becher.  As you know, Samsung strongly disagrees, and believes that the Order does not abrogate any applicable Samsung privilege.

Nevertheless, compliance with a Court Order is not voluntary, and thus cannot constitute a waiver of privilege.  *E.g., In re Pac. Pictures Corp.*, 679 F.3d 1121, 1130 (9th Cir. 2012) ("Involuntary disclosures do not automatically waive the attorney-client privilege."); *Transamerica Computer Co., Inc. v. Int'l Bus. Machines Corp.*, 573 F.2d 646, 651 (9th Cir. 1978) ("Inasmuch as the parties agree that a disclosure of confidential material constitutes a waiver of the attorney-client privilege only if it is voluntary and not compelled, we shall not engage in any extended discussion of the principle.  It suffices to say that the general principle finds support in the case law . . . .").  Accordingly, we wish to confirm that, in Apple's and Nokia's view, Samsung's compliance with the Order will not constitute a <u>further</u> waiver of any applicable privilege.  This would, of course, be without prejudice to any arguments Apple or

Nokia may wish to make regarding whether the Order itself abrogates Samsung's privileges, and whether it does so correctly.

In particular, the Court's Order requires Samsung to prepare a Rule 30(b)(6) witness "to speak to the dissemination of and use by Samsung of the confidential information . . . ."  Dkt. 2483 at 5. Please confirm that Apple and Nokia will not argue, under any circumstances whatsoever, including if any portion of the Order (or the companion Order issued in Case No. 12-630, Dkt. 785) is eventually vacated or reversed, that any of the following efforts to comply with either of these Orders will effect a waiver of the attorney-client privilege, work product doctrine or any other claim of confidentiality protection as to any documents, testimony or information, whether in this action or any other action or proceeding:

- Samsung's production of documents reflecting the "dissemination of and use by Samsung of the confidential information," including without limitation draft pleadings, attorney-client communications or other documents protected by the attorney-client privilege or work product doctrine;

- Samsung's production of statements in otherwise protected documents, including without limitation draft pleadings, attorney-client communications or other documents protected by the attorney-client privilege or work product doctrine, that refer to the financial terms of the Apple/Nokia license at issue;

- Samsung's preparation of a witness to testify regarding the "dissemination of and use by Samsung of the confidential information," including without limitation by exposing the witness to documents or communications on that topic that are or could be privileged, including draft pleadings, attorney-client communications or other documents protected by the attorney-client privilege or work product doctrine;

- Samsung's preparation of a witness to testify by exposing the witness to documents or communications which are or could be privileged, including draft pleadings, attorney-client communications or other documents protected by the attorney-client privilege or work product doctrine, and which refer to the financial terms of the Apple/Nokia license at issue;

- Samsung's provision of testimony, from the Rule 30(b)(6) designee or any other witness discussed in the Order, relating to the "dissemination of and use by Samsung of the confidential information";

- Samsung's provision of testimony, from the Rule 30(b)(6) designee or any other witness discussed in the Order, relating to the financial terms of the Apple/Nokia license at issue.

If this is agreeable, we will prepare a binding stipulation to this effect.  *See* Fed. R. Evid. 502(e). Please let us know by the close of business tomorrow whether Apple and Nokia will so stipulate.


Very truly yours,


Robert J. Becher

# EXHIBIT 10

WILMERHALE

October 11, 2013

**Joseph J. Mueller**

+1 617 526 6396 (t)
+1 617 526 5000 (f)
joseph.mueller@wilmerhale.com

**Contains Confidential Business Information
Subject to Protective Orders**

**BY EMAIL**

Robert Becher, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

**Re:**    *Apple Inc. v. Samsung Elecs. Co. Ltd.*, No. 11-cv-1846 LHK (PSG)

Dear Rob:

I write regarding the discovery ordered by the Court in its October 2, 2013 Order Re: Apple's Motion for Sanctions, and related issues.

1.    As noted in my letter of October 4, 2013, we expect Samsung to produce the categories of documents identified by the Court, and not to redact these documents on privilege grounds.  If Samsung does not produce these documents in advance of next week's depositions, then we will hold the depositions open and resume them after the productions are made.

2.    As an interim step, please produce, at a minimum, redacted versions of the following documents immediately.  You previously have produced redacted versions of the cover emails identified in your August 1, 2013 letters to Mark Selwyn, but not the attachments, nor the cover emails or attachments identified in your September 25, 2013 letters to Mark Selwyn.  Please immediately produce redacted versions of the cover emails identified in your September 25, 2013 letters, as well as the attachments to the emails identified in the August 1 and September 25 letters as they were originally sent to Samsung.

With regard to the attachments, we have the incompletely redacted Teece Report, which was attached to Ms. Estrich's recent declaration.  We ask for the incompletely redacted April 3, 2013 Initial Submission made by Samsung in response to the Commission's questions, as it was circulated to Samsung on April 3, 2013—as a final, served document, there can be no claim of privilege, and we want to see precisely the version that was sent to Samsung on April 3, 2013. (Again, we dispute that Samsung can properly claim privilege as to any of these documents.)

Please produce these documents **today** (by FTP site production).

3.    In the interests of reaching logistical accommodations with you, if you provide us with the materials described in item (2) today (by FTP site production), and stipulate to moving the

**Contains Confidential Business Information Subject to Protective Orders**

Robert Becher, Esq.
October 11, 2013
Page 2

**WilmerHale**

next hearing before Judge Grewal from October 22 to October 23 (as Bill Lee has discussed with Vicki Maroulis and Susan Estrich), then we will agree to take the depositions at our offices (or those of our co-counsel) in Los Angeles and wait until next Thursday to depose Dr. Ahn.  Please let us know today if you agree.

4.      Who will be your 30(b)(6) designee?

5.      We had hoped to receive your 30(b)(6) designation and your document production before noticing our fifth fact witness, but you have not yet made any 30(b)(6) designation or document production pursuant to the Court's October 2 Order.  In the absence of such designation or documents, attached please find a deposition notice for Jin Hwan ("James") Kwak, for October 16 at our Los Angeles office.  Please confirm that he will be available then.

6.      In response to your October 10, 2013 letter regarding privilege issues, we agree that the act of producing documents required by the Court's order will not, itself, waive any privilege. We do not agree, however, that you can use privileged documents to prepare a witness and necessarily maintain the privilege thereafter.  We do not see the need to enter into any stipulation on this issue.

7.      In response to your other October 10, 2013 letter, regarding Paul Melin's declaration, we do not consent to your using this declaration for witness preparation.  You also request confirmation that Apple will not contend that Samsung's "production of any responsive documents from ITC Investigation 337-TA-794 violates the ITC protective order or any other protective order."  As Bill Lee stated in his October 8 letter, Judge Grewal's October 2, 2013 Order does not authorize additional breaches of any protective order.  To the extent that Samsung produces documents from the 794 Investigation, it should do so in accordance with the Protective Order governing that investigation.  We are willing to work with you and Nokia to ensure that Nokia's counsel has access to these documents to the extent that they contain Nokia confidential information.

8.      In your letter of September 25, 2013, you responded to the questions that I had raised in earlier correspondence.  But, your answers did not substantively address many issues, e.g.:

        a.      You provide no information regarding what Samsung's foreign counsel have done with the improperly-disclosed information.  You promised to provide it, and Ms. Estrich repeated that promise at the hearing, but we now understand that Samsung is refusing to provide that information.  Can you confirm that foreign counsel are preserving all documents responsive to the Court's October 2 Order?

        b.      Regarding the "auto-delete" function, your letter seems to indicate that the function was active at the time the improper disclosures were made, and remains active today.  You state that Samsung has instituted an archive system.  When precisely was that

<u>**Contains Confidential Business Information Subject to Protective Orders**</u>

Robert Becher, Esq.                                     **WILMERHALE**
October 11, 2013
Page 3

archived system instituted?  Is Samsung representing that **<u>all</u>** emails containing, referring to, or otherwise using the improperly-disclosed information were archived?

c.      You note that Samsung proposed deleting the disclosures, and that Nokia asked Samsung not to delete them.  Why did Samsung make a deletion proposal to Nokia, without asking Apple if deletion was permissible?

d.      Relatedly, we still do not understand why Samsung notified Nokia of specific disclosures on July 16, but waited until August 1 to notify Apple.  Will you represent that the pendency of the U.S. Trade Representative's review of the 794 exclusion order played **<u>no</u>** role in Samsung's and Quinn Emanuel's decision to wait to notify Apple, and that the USTR review was not mentioned at all during the discussions of whether to notify Apple?

9.      As for your questions to us regarding the Dutch disclosures, we simply note that these disclosures were made at the request of the Dutch court, in an anonymized, restricted form—and that Samsung also made its own disclosures to the Dutch court at the same time, in response to the same request.  Beyond that, we will not entertain Samsung's attempt to change the subject from its own conduct.

Sincerely,

*/s/ Joe Mueller*

Joe Mueller

# EXHIBIT 11

# ALSTON&BIRD LLP

275 Middlefield Road, Suite 150
Menlo Park, CA  94025-4008

650-838-2000
Fax: 404-253-8542
www.alston.com

Ryan W. Koppelman                    Direct Dial: 650-838-2009                    Email: ryan.koppelman@alston.com

October 11, 2013

VIA EMAIL

Robert J. Becher
Quinn Emanuel
865 South Figueroa Street, 10th Floor,
Los Angeles, California 90017-2543

> Re:   *Apple Inc. v. Samsung Elecs. Co. Ltd.,* No. 11-cv-1846 LHK and
>        No. 12-cv-0630 LHK

Dear Robert:

I write in response to your October 10, 2013 letters.  The first letter (hereinafter, the "Privilege Letter") asks Nokia to agree that Samsung's compliance with Judge Grewal's October 2, 2013 order "will not constitute a further waiver of any applicable privilege." The second letter (the "Melin Declaration Letter") asks for Nokia's permission to disclose the entire declaration of Paul Melin to Samsung in preparation for the Rule 30b(6) deposition ordered by Judge Grewal's October 2, 2013 order (the "30b(6) deposition").

As to the Privilege Letter, Nokia cannot agree to the stipulation regarding privilege that Samsung proposes.  In support of a stipulation, Samsung argues that the absence of waiver of privilege when producing documents or testimony in response to a court order is clear and established.  ("Nevertheless, compliance with a Court Order is not voluntary, and thus cannot constitute a waiver of privilege.")(*See* Privilege Letter at 1).  If the law is clear, Nokia does not see the necessity to add any complexity by submission of a party drafted stipulation.  If the law is less clear, then Nokia is entitled to hear and analyze the nature and content of the testimony under the controlling legal standard.  In either case, a stipulation would be inappropriate.

As to the Melin Declaration Letter, Nokia is struggling to understand the necessity for a further disclosure of confidential information.  Your letter poses an odd contradiction: Samsung cannot respond to the allegations without seeing the declaration, but Samsung already knows information contained in the declaration (that has not already been disclosed

October 11, 2013
Page 2

by the Court).  We fail to see where Nokia's consent to further disclosures of confidential information is really necessary.

Furthermore, Nokia disagrees with your suggestion that discovery Judge Grewal ordered is designed for Samsung to "fully respond to the allegations that Nokia has made." (Melin Declaration Letter at 1).  Judge Grewal was clear that the discovery goes further than the background of the specific disclosures that Dr. Ahn communicated to Nokia. Judge Grewal ordered discovery as to all the dissemination and use of confidential information related to the Nokia-Apple license.  It is unclear to us why Mr. Melin declaration is essential when the subjects of the declaration, like Dr. Ahn, will be participating in the discovery. The purpose of the deposition is to determine facts that the witness knows, not how the witness responds to Mr. Melin's recollection.

We would appreciate a better understanding of why Nokia should agree to further disclosure of the Melin Declaration.

Lastly, the Melin Declaration Letter asks for a blanket agreement that Nokia will not contend that production of emails from "Investigation 337-TA-794 violates the ITC protective order or any other protective order." (*Id.*)  Nokia cannot provide some blanket agreement that Samsung's production of unknown confidential documents from other cases does not violate protective orders to which it is not a party.

Sincerely,

Ryan W. Koppelman

LEGAL02/34446140v1

# EXHIBIT 12

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3182**

WRITER'S INTERNET ADDRESS
**robertbecher@quinnemanuel.com**

## VIA EMAIL

October 12, 2013

Joseph Mueller, Esq.                              Randall Allen, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP           Alston & Bird LLP
60 State Street                                   275 Middlefield Road, Suite 150
Boston, Massachusetts 02109                       Menlo Park, CA 94025
*Attorneys for Apple, Inc.*                       *Attorneys for Nokia Corporation*

Re:    Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)

Dear Joe and Randall:

We write further to our prior letter of October 10, 2013 regarding privilege issues, and in response to your letters of late last night on the same subject.

In its October 10 letter, Samsung asked Apple and Nokia to stipulate that specified efforts by Samsung in light of Magistrate Judge Grewal's October 2, 2013 Orders (the "Orders") will not effect a waiver of any applicable privilege.  Nokia, in its response, refuses to so agree, stating that "Nokia cannot agree to the stipulation regarding privilege that Samsung proposes" because Nokia is reserving its right to argue that Samsung's compliance efforts will in fact effect a waiver after analyzing "the nature and content of the testimony under the controlling legal standard."  Ltr. From R. Koppelman to R. Becher dated October 11, 2013.

While Apple, in its response, at least agrees that "the act of producing documents required by the Court's order will not, itself, waive any privilege" —something Nokia apparently will not agree to—Apple also states that it is unwilling to "enter into any stipulation on this issue."  Please explain Apple's reluctance to submit a stipulation on this subject to the Court.  We are concerned that absent a stipulation approved by the Court or an on-the-record agreement, Apple and/or Nokia will take the position that any agreement on the non-waiver of privilege is not binding.  Moreover, Apple states that it does "not agree, however, that you can use privileged documents to prepare a witness and necessarily maintain the privilege thereafter."  To be clear, does Apple agree that Samsung may expose its witnesses to privileged communications that are responsive

to the Court's order, and not thereby waive any privilege as to non-disclosed documents and communications, or otherwise effectuate a subject matter waiver?

As you know, and as Samsung has stated repeatedly, Samsung does not believe that Magistrate Judge Grewal's Orders abrogated Samsung's privileges, nor that, to the extent they did so, they did so correctly.  Samsung requested the stipulation set forth in our October 10, 2013 letter so that Samsung could, notwithstanding the parties' disagreements about the scope of the Orders, provide as much information as possible and eliminate or at least narrow the areas of disagreement among the parties.  Apple's and Nokia's refusal to agree to the requested stipulation will limit the information that Samsung can provide without risking waiver of its privileges, which in Samsung's view remain intact.

We look forward to your response.  Also, please let us know immediately if we have misunderstood Apple's or Nokia's positions or whether either believes that further discussions could result in an agreement on these issues.

Very truly yours,

Robert J. Becher

2

# EXHIBIT 13

**From:** "Mueller, Joseph" <Joseph.Mueller@wilmerhale.com>
**Date:** October 13, 2013 at 8:54:13 AM PDT
**To:** Robert Becher <robertbecher@quinnemanuel.com>, "'Randall.Allen@alston.com'"
<Randall.Allen@alston.com>
**Cc:** "Susan R. Estrich" <susanestrich@quinnemanuel.com>
**Subject: Re: Letter**

Rob,

We do not see any basis for entering into a stipulation as to the application of privilege law to these facts -- the law is the law, and moreover Samsung appears to be asserting privilege claims that Apple disputes, the parties briefed, and the Court has rejected through its discovery order. Apple's position is simply that Samsung needs to comply with the Court's order.

Separately, a few questions:

Will you be producing any documents before the depositions? If so, when?

Is Mr. Kwak confirmed for deposition on October 16 in Los Angeles?

Is Dr. Ahn confirmed for deposition on October 17 in Los Angeles?

Thanks,
Joe

---

**From**: Robert Becher [mailto:robertbecher@quinnemanuel.com]
**Sent**: Sunday, October 13, 2013 02:02 AM Eastern Standard Time
**To**: Mueller, Joseph; 'Allen, Randall' <Randall.Allen@alston.com>
**Cc**: Susan R. Estrich <susanestrich@quinnemanuel.com>
**Subject**: Letter

Please see attached.

# EXHIBIT 14

# ALSTON & BIRD LLP

275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008

650-838-2000
Fax: 404-253-8542
www.alston.com

Ryan W. Koppelman                    Direct Dial: 650-838-2009          Email: ryan.koppelman@alston.com

October 13, 2013

VIA EMAIL

Robert J. Becher
Quinn Emanuel
865 South Figueroa Street, 10th Floor,
Los Angeles, California 90017-2543

> Re:    *Apple Inc. v. Samsung Elecs. Co. Ltd.,* No. 11-cv-1846 LHK and
>        No. 12-cv-0630 LHK

Dear Rob:

I write in response to your October 12, 2013 letter regarding privilege. In an effort to short circuit needless haggling, Nokia will agree that it will not contend that production of documents as a result of Judge Grewal's October 2, 2013 Order waives any applicable privilege. Based on Apple, Samsung and Nokia's agreement that production of documents in response to Judge Grewal's Order will not independently waive any privilege that may exist, we see no need for any further discussion, negotiation or stipulation on this issue.

Samsung has also raised the issue of whether the parties will contend that use of privilege documents to prepare witnesses will independently waive any applicable privilege. Once again, Nokia believes that the law is fairly clearly established on the use of privilege materials for witness preparation and waiver. There is nothing about this litigation that would merit a different approach.

Sincerely,

Ryan W. Koppelman

LEGAL02/34447603v1

Atlanta • Brussels • Charlotte • Dallas • Los Angeles • New York • Research Triangle • Silicon Valley • Ventura County • Washington, D.C.

# EXHIBIT 15

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3182**

WRITER'S INTERNET ADDRESS
**robertbecher@quinnemanuel.com**

## VIA EMAIL / CONFIDENTIAL

October 14, 2013

Randall Allen, Esq.                        Joseph Mueller, Esq.
Alston & Bird LLP                          Wilmer Cutler Pickering Hale & Dorr LLP
275 Middlefield Road, Suite 150            60 State Street
Menlo Park, CA 94025                       Boston, Massachusetts 02109
*Attorneys for Nokia Corporation*          *Attorneys for Apple, Inc.*

Re:   Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)

Dear Randall and Joe:

We write in response to Nokia's letter of October 13, 2013 regarding privilege issues.

We do not understand Apple's and Nokia's reluctance to enter into a stipulation confirming that they will not argue that Samsung is waiving any privilege by producing documents in response to the Court's October 2 orders, particularly in light of Nokia's acknowledgment in its October 13 letter that Samsung, Apple, and Nokia all agree "that production of documents in response to Judge Grewal's Order will not independently waive any privilege that may exist."  We write one final time to request a stipulation which can be submitted to the Court on this issue.  Please let us know immediately if Apple and Nokia are willing to enter into the attached stipulation.

Please find attached a proposed stipulation for your consideration and comments.

Very truly yours,

Robert J. Becher

Attachment:    proposed stipulation

quinn emanuel urquhart & sullivan, llp
NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS

# EXHIBIT 16

1

2

3

4

5

6

7

8

9                           UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 12-cv-00630-LHK &<br>CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **STIPULATION AND [PROPOSED]<br>ORDER RE PRIVILEGE ISSUES<br>RELATED TO SAMSUNG'S EFFORTS<br>TO COMPLY WITH THE COURT'S<br>OCTOBER 2, 2013 ORDERS** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a<br>Korean business entity; SAMSUNG<br>ELECTRONICS AMERICA, INC., a New<br>York corporation; SAMSUNG<br>TELECOMMUNICATIONS AMERICA,<br>LLC, a Delaware limited liability company, | |
| Defendants. | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WHEREAS, on October 2, 2013, the Court entered an Order Re: Apple's Motion For Sanctions (Re: Docket No. 2374-2 and 2434) in Case No. 11-cv-01846-LHK, *see* Dkt. 2483, and a Stipulation And [Proposed] Order Re Motion For Protective Order By Nokia Corporation in Case No. 12-cv-00630-LHK, *see* Dkt. 785 (collectively, "October 2 Orders"); and

WHEREAS, the parties are entering into this stipulation without prejudice to any positions, including positions on privilege issues, not set forth herein, including without limitation Apple's and Nokia's position that the October 2 Orders abrogated Samsung's privileges and did so correctly, and Samsung's disagreement with that position;

NOW THEREFORE, the parties, through their undersigned counsel of record, stipulate as follows ("Stipulation"):

1.      Samsung's production of documents in response to the Court's October 2 Orders, including without limitation draft pleadings, attorney-client communications or other documents protected by the attorney-client privilege or work product doctrine, is not a waiver and will not be argued to be a waiver of the attorney-client privilege, work product doctrine or any other claim of confidentiality protection as to any non-disclosed documents or portions of documents or non-disclosed communications or information, and will not effect or be argued to effect a subject matter waiver as to any subject matter, whether in this action or any other action or proceeding. This non-waiver provision specifically applies to, without limitation, Samsung's production of documents that refer to the financial terms of the Apple/Nokia license at issue and documents reflecting the "dissemination of and use by Samsung of the confidential information."

IT IS SO STIPULATED.

1    DATED: October ___, 2013            ALSTON & BIRD, LLP

2

3                                         By   /s/ Ryan W. Koppelman
                                             _____
4                                            Ryan W. Koppelman
                                             Attorneys for NOKIA CORPORATION
5

6

7    DATED: October ___, 2013            WILMER CUTLER PICKERING HALE & DORR

8

9                                         By   /s/ Joseph J. Mueller
                                             _____
10                                           Joseph J. Mueller
                                             Attorneys for APPLE, INC.
11

12

13   DATED: October ___, 2013            QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
14

15                                        By   /s/ Victoria F. Maroulis
                                             _____
16                                           Victoria F. Maroulis
                                             Attorneys for
17                                           SAMSUNG ELECTRONICS CO., LTD.,
                                             SAMSUNG ELECTRONICS AMERICA, INC.,
18                                           and SAMSUNG TELECOMMUNICATIONS
                                             AMERICA, LLC
19

20

21                                         **ORDER**

22

23           Based on the foregoing stipulation, and for good cause shown,

24           **IT IS SO ORDERED.**

25

26   DATED: _____
                                          _____
27                                        The Honorable Paul S. Grewal
                                          United States Magistrate Judge
28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October ___, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.


Dated:   October ___, 2013                    By:   */s/ Victoria F. Maroulis*_____
                                                       Victoria F. Maroulis

# EXHIBIT 17

| | |
|---|---|
| **From:** | Mueller, Joseph [Joseph.Mueller@wilmerhale.com] |
| **Sent:** | Monday, October 14, 2013 4:06 PM |
| **To:** | Dan Posner |
| **Cc:** | Robert Becher; Susan R. Estrich; Michael T Zeller; Selwyn, Mark |
| **Subject:** | Re: Apple/Samsung: deposition and document issues |

Dan,

One threshold question: in advance of tomorrow's depositions, will Samsung produce a privilege log for each of its privilege claims corresponding to its redactions?

To respond to some of your points:

2. As an accommodation, we will take Dr. Ahn's deposition at your LA office.

4. To be clear, our position is that Samsung cannot use privilege claims to shield evidence relating to the CBI disclosures and how the improperly-disclosed information has been used. We have explained this in our briefing.

5. We do not represent Nokia and cannot take any positions on its behalf. Apple's position is that it objects to Samsung producing Apple/third-party CBI to Nokia, and request that you redact any such information and provide us with redacted versions to review prior to production to Nokia.

6. We have already explained our position on this.

Thanks,
Joe

**From**: Dan Posner [mailto:danposner@quinnemanuel.com]
**Sent**: Monday, October 14, 2013 05:21 PM Eastern Standard Time
**To**: Mueller, Joseph
**Cc**: Robert Becher <robertbecher@quinnemanuel.com>; Susan R. Estrich <susanestrich@quinnemanuel.com>; Michael T Zeller <michaelzeller@quinnemanuel.com>; Selwyn, Mark
**Subject**: RE: Apple/Samsung: deposition and document issues

Joe,

On behalf of Rob, please see our responses to your questions interlineated below.

Thanks,

Dan

**From:** Mueller, Joseph [mailto:Joseph.Mueller@wilmerhale.com]
**Sent:** Monday, October 14, 2013 10:03 AM
**To:** Robert Becher
**Cc:** Susan R. Estrich; Samsung v. Apple; Selwyn, Mark
**Subject:** Apple/Samsung: deposition and document issues

Rob,

Several notes:

1.      As I mentioned to Peter Klivans in my email this morning, please copy Apple's service list (or at least Mark Selwyn) on all productions and correspondence.  We have started copying your service list to ensure your team timely gets our communications, and will continue to do so.

2.      We confirm that the depositions of Messrs. Korea, Shim, Kim, Chi, and Kwak will take place at WilmerHale's and Morrison & Foerster's Los Angeles offices.  Tomorrow, Messrs. Kim's and Chi's depositions will be at Morrison & Foerster; Mr. Shim's deposition will be at WilmerHale.  On the 16th, Mr. Korea's and Mr. Kwak's depositions will be at WilmerHale.  On the 17th, we intend to take Dr. Ahn's deposition at WilmerHale -- we see no reason to hold this deposition at Quinn's offices.

We are agreeable to the dates and locations for Messrs. Korea, Shim, Kim and Chi.

We do not agree to the location for the deposition of Dr. Ahn.  We have already confirmed that Dr. Ahn's deposition will take place at Quinn Emanuel's offices in Los Angeles.  Dr. Ahn has substantial commitments which he must attend to during breaks in the deposition, and he would not be able to effectively do this work at Apple's counsel's offices.  Indeed, Apple has previously insisted that depositions of its executives take place at Apple's offices or Apple's counsel's offices, even after those depositions were compelled by the Court.  We have already made substantial accommodations by bringing our witnesses to Los Angeles and permitting Apple to depose all of them other than Dr. Ahn at Apple's counsel's offices.  We confirm again that Dr. Ahn will be made available for his deposition at Quinn Emanuel's offices in Los Angeles.

We also do not agree to the date or location for the deposition of Mr. Kwak.  We are still inquiring into his availability for deposition and will respond separately.

3.      In addition, as Samsung has designated Mr. Korea as its 30(b)(6) witness in response to Judge Grewal's Order, and Apple is entitled to take the depositions of "up to five additional Samsung employees," attached please find a notice of deposition for Indong Kang, for October 16 at our Los Angeles office.   Apple is willing, however, to take this deposition after the 16th.  Please confirm his availability.

Apple previously had noticed the full allotment of depositions to which it is entitled pursuant to Judge Grewal's Order, including Dr. Ahn, a 30(b)(6) witness, and five additional individual witnesses.  Because Mr. Korea is being deposed as both an individual and a 30(b)(6) witness, these are separate depositions being conducted pursuant to separate deposition notices.

4.      In response to your October 12 letter (received on October 13) and your October 13 email, I note as an initial matter that Samsung's production consists almost entirely of documents that are heavily redacted but for the dates, names of senders and recipients, and (in some cases) attachment names.  This production is not in compliance with Judge Grewal's Order, and Apple reserves all rights accordingly.

We dispute that our production of redacted documents that preserve the privilege is not in compliance with Judge Grewal's Order, though we note Apple's position that Judge Grewal's Order requires the production of privileged communications.

5.      Apple agrees that the following documents from Samsung's production to date may be shared with Nokia: SAMNDCA-Z0000001-0000225, SAMNDCA-Z0000266-0000457, SAMNDCA-Z0000498-0000512, 39864.pdf, 774.pdf, 827.pdf, 852.pdf, 37227.pdf, 48993.pdf, 49154.pdf, F 42144.pdf, 83529.pdf, 53088.pdf.  The following documents require redaction of non-Nokia confidential information before they may be shared with Nokia:  SAMNDCA-Z0000226-0000265, SAMNDCA-Z0000458-0000497, 49580 Exhibit to 49154.pdf, Teece.pdf, 333855.pdf, 7794.pdf, 305394.pdf.

Please propose redacted versions for our consideration.  We do not consent to sharing those documents with Nokia in their current form.

Please confirm that Nokia has no objection to receiving versions of the second group of documents you identify above that are redacted to preserve information Apple contends is non-Nokia confidential information, and that Nokia will not argue that Samsung's production of such redacted versions of those documents violates Judge Grewal's Order.  Subject to that confirmation, we will provide redacted versions of those documents for your consideration.

6.      Finally, we received your October 14 letter and proposed stipulation this morning.  My previous correspondence, including my October 13 email to you, sets forth Apple's position on this issue.

We have repeatedly asked Apple to enter into a non-waiver stipulation which we can submit to the Court.  Apple has repeatedly refused to do so, without any explanation as to why.  We would appreciate such an explanation.

Thanks,
Joe


**Joseph J. Mueller | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6396 (t)
+1 617 526 5000 (f)
joseph.mueller@wilmerhale.com

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

# EXHIBIT 18

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3182**

WRITER'S INTERNET ADDRESS
**robertbecher@quinnemanuel.com**

November 12, 2013

HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY
VIA EMAIL AND U.S. MAIL

Ryan Koppelman, Esq.
Alston & Bird LLP
275 Middlefield Road
Suite 150
Menlo Park, CA 94025-4008

Re:     Remediation of Inadvertent Disclosures

Dear Ryan:

I write in response to your letter of November 5, 2013.  I first note that your cover email refers to an October 30 meet and confer.  I presume you are using the word loosely but just want to make clear that our conversation was not a formal meet and confer regarding any motion or relief nor was it scheduled as a meet and confer.  Instead, you simply had requested to discuss the status of work under the Stipulation and Order Re Motion for Protective Order by Nokia Corporation ("Stipulation").

As you note in your letter, at the start of our call, I asked Nokia to agree to file a stipulation with the Court agreeing that Samsung's provision of answers and updates regarding the status of work under the Stipulation would not constitute a waiver of the attorney-client privilege or attorney work product doctrine.  I explained that Samsung needed such a stipulation in light of the arguments Apple and Nokia have proffered regarding alleged waiver of the attorney-client privilege or attorney work product protection and because the Stipulation does not call for the provision of answers and updates of the type you were requesting.  I note that Nokia has refused to enter into such a stipulation.  Samsung's offer to enter into such a stipulation remains open.

I separately want to confirm that, as I told you on the phone, Nokia's alleged confidential information was redacted from the version of Teece Report that was attached to a February 1, 2013 email from Thomas Pease.

quinn emanuel urquhart & sullivan, llp
NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG

As to your request that we update the Becher Declaration to indicate whether any of the transmissions of the Teece Report discussed in that declaration were of the version of the Teece Report in which Nokia's alleged confidential information was redacted, we are in the process of doing this.

We will also provide you with information regarding whether the Becher Declaration identifies any instances in which Quinn Emanuel sent the incompletely redacted Teece Report with intent to transmit Nokia's alleged confidential information.

I also want to confirm our conversation on Wednesday regarding the log discussed in paragraph 7 of the Stipulation.  You told me that Nokia was not willing to accept the existing privilege log and document production as satisfying paragraph 7.  I then inquired whether Alston & Bird was insisting that Stroz log each of the documents that was responsive to the eleven English and Korean search strings and I explained that these results captured countless document that did not even relate to the Apple-Nokia license.  You stated that Nokia needed additional information, including the number of documents responsive to the search terms, before it could respond.  I have checked and the application of the eleven English and Korean search strings yielded a total of 62,358 documents totaling almost one million pages.  Once you have considered this information, we should have another conversation regarding the log.

Finally, as to remediation, we sent you a letter on November 4, 2013.  We look forward to receiving Nokia's response.


Sincerely,

Robert J. Becher

RJB

# EXHIBIT 19

# ALSTON&BIRD LLP

275 Middlefield Road, Suite 150
Menlo Park, CA  94025-4008

650-838-2000
Fax: 404-253-8542
www.alston.com

Ryan W. Koppelman                    Direct Dial: 650-838-2009                    Email: ryan.koppelman@alston.com

November 12, 2013

Robert Becher, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re:      **Apple Inc. v. Samsung Electronics Co., No. 12-cv-630 LHK
         (PSG)**

Dear Rob:

I write regarding your letter from earlier today, November 12th, as well as your letter
from November 4th.

As you acknowledged in your letter, we had a call on October 30th regarding compliance
with the Stipulated Order.  That event was a meet and confer on that subject.  My emails
to you leading up to that call were clear that it was to be a meet and confer, and
specifically my email to you on Oct 30th at 11:59a.m. in advance of our call used the
phrase "meet and confer."

As I explained to you during our meet and confer call, Nokia should not have to stipulate
to non-waiver of privilege in order to get basic information about compliance with the
Stipulated Order.  It is Samsung's option to claim privilege and shield all such
information which might show its compliance.  However, if Samsung later volunteers
that same information, over which it is now trying to claim privilege, that may be a
waiver.  Samsung cannot have it both ways, and we believe Samsung has made its
election.

You say in your letter that you are "in the process" of updating the Becher Declaration.
Our meet and confer on this subject was almost 2 weeks ago, and you have not said when
your promised update will be complete.  This unnecessary delay and vagueness is
insufficient.

Your letter further references our call from last Wednesday, November 6th.  As you
indicate, I requested from you additional information at that time to back up your
otherwise unsupported claim that your searches resulted in "countless documents that did
not even relate to the Apple-Nokia License."  Samsung could have engaged Nokia on this
issue long ago but did not.  In any event, I suggested on that November 6th call that if you

---

Atlanta • Brussels • Charlotte • Dallas • Los Angeles • New York • Research Triangle • Silicon Valley • Ventura County • Washington, D.C.

November 12, 2013
Page 2

provided the hit counts for each of the searches, then that might help us understand your issue.  You expressed a concern that the individual searches may double-count certain documents.  I responded that you could also provide the total hit count because that would be a cap on the total number.  You indicated you would check into it.  This morning you provided us with only the total hit count.  That is not what I requested almost a week ago, and it is not helpful to show how many documents might be irrelevant, which is the issue you raised.

Please let me know if you are available for another meet and confer tomorrow morning on these issues.  Nokia will soon be moving for contempt given the longstanding, unexplained failures to comply with the Stipulated Order, and it will be on an expedited basis pursuant to paragraph 10 of the Stipulated Order.  We should discuss that tomorrow as well.

Finally, your November 4th letter "propose[s] to have Stroz permanently delete electronic copies of the Teece Report or ITC public interest briefing…."  This by itself is clearly insufficient because every instance of Nokia's confidential information must be remediated, not merely the instances where it is one of those two documents.  The Stipulated Order requires more, and Nokia will seek the Court's assistance as necessary to accomplish that necessary task.

Regards,

ALSTON & BIRD LLP

Ryan W. Koppelman

LEGAL02/34505170v1

# EXHIBIT 20

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3182**

WRITER'S INTERNET ADDRESS
**robertbecher@quinnemanuel.com**

November 13, 2013

<u>HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY</u>
<u>VIA EMAIL AND U.S. MAIL</u>

Ryan Koppelman, Esq.
Alston & Bird LLP
275 Middlefield Road
Suite 150
Menlo Park, CA 94025-4008

Re:     <u>Inadvertent Disclosures</u>

Dear Ryan:

I write in response to your letter of November 12, 2013.

As you know and as we have informed you, the process under the stipulation is substantially complete.  Samsung already has provided you with the declaration under paragraph 4 of the stipulation.  We have agreed to provide an updated declaration with the additional, minor information that you have requested, and we expect to provide you with that further declaration tomorrow.  Samsung, through Stroz, has collected and preserved the materials as set forth in paragraph 5.  Indeed, as you know, Samsung has had more than 80 hard drives imaged and has had searches performed on emails and email archives for more than 80 custodians using search strings.  Samsung has completed its review of more than 1.2 million pages of documents. The Stroz review process under paragraph 8 is also being completed.  Completion of that task is, as you know, dependent on Stroz, which has been working tirelessly for weeks with personnel around the globe.  As for remedial measures under paragraph 9, Samsung wrote Nokia and Apple on November 4, 2013, but has yet to hear from Apple on Samsung's proposal regarding native electronic data and just heard from Nokia yesterday for the first time.  As such, it is Nokia and Apple that are delaying completion of that item.  Please let us know when we can expect a response.

quinn emanuel urquhart & sullivan, llp
NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG

Samsung and Nokia have been attempting to reach closure on the content of the log under paragraph 7.  As part of that process, you had requested information regarding the number of hits resulting from the search terms.  We thought that we had provided the additional information you were requesting, but in any event below is the additional detail you mention in your letter.

| Search Term | Documents |
|---|---|
| English term #1 | 304 |
| English term #2 | 921 |
| English term #3 | 863 |
| English term #4 | 854 |
| English term #5 | 22,866 |
| English term #6 | 954 |
| English term #7 | 19 |
| English term #8 | 1,722 |
| English term #9 | 7,309 |
| English term #10 | 22,207 |
| English term #11 | 6,059 |
| **English Terms 1-11 Unique Documents** | **58,574** |

| | |
|---|---|
| Korean term #1 | 175 |
| Korean term #2 | 2,686 |
| Korean term #3 | 612 |
| Korean term #4 | 352 |
| Korean term #5 | 20,196 |
| Korean term #6 | 970 |
| Korean term #7 | 37 |

| Korean term #8 | 0 |
|---|---|
| Korean term #9 | 24 |
| Korean term #10 | 172 |
| Korean term #11 | 42 |
| **Korean Terms 1-11 Unique Documents** | **22,289** |

In addition, Stroz Friedberg has completed examining hard drives for the registry, link files, and Internet history to determine whether the inadvertently disclosed information was retransmitted or saved to other network locations or electronic storage media for each of the following custodians:  Daniel Shim, Brian Kim, Heungju Kwon, Hojin Chang, Soojin Lee, Anthony Kahng, Daniel Ko, Eric Cha, Injung Lee, JaeHyoung Kim, Jae-il Park, Kenneth Korea, Michael Kang, Richard An, Rosa Kim, Youngjo Lim, YunHee Kang, Seungho Ahn, James Kwak and Indong Kang.  For the remaining recipients of the inadvertent disclosures, Stroz has examined the Internet history to determine whether the inadvertently disclosed information was retransmitted or saved to other network locations or electronic storage media.  In addition, Stroz Friedberg has conducted an analysis to identify whether the hard drives of the recipients of the inadvertent disclosures contain any of the files containing the inadvertently disclosed information by using file name and hash value searches.  Stroz Friedberg has performed these searches using its proprietary enterprise searching technology called "LIMA."

While Nokia has from time to time sought more detailed information on the process under the stipulation and also has suggested that Stroz should undertake review of the materials to be logged, Nokia is impeding the process.  We have asked for basic assurances that if Stroz reviews the documents or if we provide additional detail to Nokia, neither Nokia nor Apple will argue that they constitute a waiver of any applicable privileges or work product protection.  Your responses to our request that Nokia stipulate that Stroz's review or Samsung's provision of updates will not constitute a waiver of privilege, coupled with your prior refusals to enter into non-waiver agreements, simply confirms our legitimate concerns.  We are especially troubled by your suggestion that completing steps that are not set forth in the stipulation could result in a waiver of the attorney-client privilege or attorney work-product doctrine.  You seem to be taking the position that, the more Samsung does to cooperate, including by undertaking steps that are not embodied in the stipulation and providing the results, the less entitlement it has to any privilege.  If that is, in fact, your position, you must surely understand the problem it poses.  Please let us know if Nokia will reconsider and enter into an appropriate stipulation that provides Nokia information it seeks and would allow Stroz to review materials, but avoids waiver issues.

If Nokia is genuinely interested in bringing this matter to closure, it should simply agree to this request and to a stipulation with the Court confirming its agreement, as we have repeatedly requested.  Otherwise, Nokia is putting Samsung in an impossible position that warrants a

request for judicial relief.  If you refuse to agree, please let us know when you are available to meet and confer regarding a motion seeking clarification that the stipulation does not require Stroz to review the content of documents to prepare the log or alternatively that if it is required, such review will not waive the attorney-client privilege or attorney work product protection.

We look forward to hearing from you.


Sincerely,


Robert J. Becher
RJB

# EXHIBIT 21

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3182**

WRITER'S INTERNET ADDRESS
**robertbecher@quinnemanuel.com**

November 13, 2013

<u>**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**</u>
<u>**VIA EMAIL AND U.S. MAIL**</u>

Mark D. Selwyn, Esq.
WilmerHale
950 Page Mill Road
Palo Alto, CA 94304

Re:     <u>Apple v. Samsung</u>

Dear Mark:

I write regarding the Stipulation and Order re Motion for Protective Order by Nokia Corporation ("Stipulation").

Samsung wrote Nokia and Apple on November 4, 2013 regarding remedial measures under paragraph 9, but has yet to hear from Apple on Samsung's proposal regarding native electronic data.  Please let us know when we can expect a response.

Separately, we have previously asked for basic assurances that if Stroz Friedberg ("Stroz") reviews documents, Apple will not argue that this constitutes a waiver of any applicable privileges or work product protection and Apple has refused.  We request Apple's agreement that it will not argue waiver based on Stroz's review of any documents or any work performed by Stroz pursuant to the Stipulation.

In addition, we request that Apple stipulate that the disclosure of other work by Stroz will not be argued to be a waiver of privilege or work product protections.  In particular, Stroz Friedberg has completed examining the registry, link files, and Internet history of hard drives to determine whether the inadvertently disclosed information was retransmitted or saved to other network

**quinn emanuel urquhart & sullivan, llp**
NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG

locations or electronic storage media for each of the following custodians:  Daniel Shim, Brian Kim, Heungju Kwon, Hojin Chang, Soojin Lee, Anthony Kahng, Daniel Ko, Eric Cha, Injung Lee, JaeHyoung Kim, Jae-il Park, Kenneth Korea, Michael Kang, Richard An, Rosa Kim, Youngjo Lim, YunHee Kang, Seungho Ahn, James Kwak and Indong Kang.  For the remaining recipients of the inadvertent disclosures, Stroz has examined the Internet history to determine whether the inadvertently disclosed information was retransmitted or saved to other network locations or electronic storage media.  In addition, Stroz Friedberg has conducted an analysis to identify whether the hard drives of the recipients of the inadvertent disclosures contain any of the files containing the inadvertently disclosed information by using file name and hash value searches.  Stroz Friedberg has performed these searches using its proprietary enterprise searching technology called "LIMA."

Please let us know if Apple will enter into the requested stipulation.  We have asked Nokia to agree to the same stipulation.  If Apple or Nokia refuses to enter into the requested stipulation, Samsung will file a motion seeking clarification that the current stipulation does not require Stroz to review the content of documents to prepare the log or, alternatively, that if it is required, such review will not waive the attorney-client privilege or attorney work-product protection.  As a result, if you are unwilling to agree to the stipulation, please let us know when you are available to meet and confer regarding a motion.

We look forward to hearing from you.


Sincerely,

Robert J. Becher

RJB

# EXHIBIT 22

1

2

3

4

5

6

7

8

9                     UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

12   APPLE INC., a California corporation,          CASE NO. 12-cv-00630-LHK

13                 Plaintiff,                        **STIPULATION AND [PROPOSED]
                                                     ORDER RE PRIVILEGE ISSUES**
14          vs.

15   SAMSUNG ELECTRONICS CO., LTD., a
     Korean business entity; SAMSUNG
16   ELECTRONICS AMERICA, INC., a New
     York corporation; SAMSUNG
17   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited liability company,
18
                   Defendants.
19

20

21

22

23

24

25

26

27

28

WHEREAS, on October 2, 2013, the Court entered a Stipulation And Order Re Motion For Protective Order By Nokia Corporation in Case No. 12-cv-00630-LHK (Dkt. 785) ("October 2 Stipulation");

WHEREAS, the undersigned parties are entering into the present stipulation, subject to and conditioned up the Court's entry as an order as further detailed below, to clarify the October 2 Stipulation and to memorialize that certain other agreements will not constitute any waiver of the attorney-client privilege, the work product doctrine or any other privilege under federal or state law;

NOW THEREFORE, the parties, through their undersigned counsel of record, stipulate as follows:

1.      Subject to and conditioned upon the entry of this stipulation as a court order and subject to and conditioned upon the terms of Paragraphs 2, 3, 4 and 5 below, Samsung will provide the following additional information to Nokia and Apple that is available from and derived from work already performed by Stroz Friedberg ("Stroz"):   (i) Information regarding whether the inadvertently disclosed information was retransmitted or saved to other network locations or electronic storage media for each of the following custodians:   Daniel Shim, Brian Kim, Heungju Kwon, Hojin Chang, Soojin Lee, Anthony Kahng, Daniel Ko, Eric Cha, Injung Lee, JaeHyoung Kim, Jae-il Park, Kenneth Korea, Michael Kang, Richard An, Rosa Kim, Youngjo Lim, YunHee Kang, Seungho Ahn, James Kwak and Indong Kang.   (ii) For the remaining recipients of the inadvertent disclosures, information regarding whether the inadvertently disclosed information was retransmitted or saved to other network locations or electronic storage media.   (iii) Information regarding whether the hard drives of the recipients of the inadvertent disclosures contain any of the files containing the inadvertently disclosed information by using file name and hash value searches in connection with Stroz's proprietary enterprise searching technology called "LIMA."

2.      None of the following is or will constitute a waiver of attorney-client privilege, work product protection, confidentiality or any other privilege or protection under federal or state law in this or any other proceeding:   (i) the preparation of and provision of any information set

forth in Paragraph 1; (ii) Samsung's compliance with the October 2 Stipulation; (iii) Stroz's review of Samsung's documents pursuant to the October 2 Stipulation; (iv) Stroz's preparation of or participation in the preparation of any log, chart, summary, or report pursuant to the October 2 Stipulation or pursuant to this stipulation; and (v) any inadvertent production of documents or information pursuant to the October 2 Stipulation or pursuant to this stipulation.

3. The undertaking of any actions identified in Paragraph 1 or in Paragraph 2 will not effect a subject matter waiver as to any subject matter, whether in this action or any other action or proceeding and whether as to the parties to this stipulation or any third parties.

4. Samsung is not and shall not be obligated to provide any information set forth in Paragraph 1 unless and until this stipulation is entered as a court order that is deemed to be binding on the parties and all non-parties in this or any other proceeding.   Without limiting the generality of the foregoing, in the event that the condition of the foregoing sentence is not satisfied, this stipulation shall be deemed non-enforceable, including as an agreement, against Samsung.   In addition, in the event that this stipulation is entered as a court order, Samsung is not agreeing to and is not obligated to provide any additional information under this stipulation beyond that expressly described in Paragraph 1 above.   To the extent that Nokia, Apple or any other person or party contend that Samsung has not provided the information as set forth in Paragraph 1, the party so arguing shall be limited to relief in the form of an order compelling the production of such specified information and no other relief, including without limitation any contempt findings or remedies or any claim to fees or expenses.   Nor, in any event, shall Nokia, Apple or any other person or party contend that they are entitled to any discovery or information beyond that identified specifically in Paragraph 1 above.

5. The non-waiver provisions of the present stipulation and the October 2 Stipulation, including but not limited to Paragraph 11 of the October 2 Stipulation, are binding and continue to be binding on the parties and any and all third parties to the action, regardless of whether those parties or third parties were signatories to the present stipulation or October 2 Stipulation.

IT IS SO STIPULATED.

DATED: November ___, 2013         ALSTON & BIRD, LLP


                                  By   /s/ Ryan W. Koppelman
                                       Ryan W. Koppelman
                                       Attorneys for NOKIA CORPORATION


DATED: November ___, 2013         WILMER CUTLER PICKERING HALE & DORR


                                  By   /s/ Joseph J. Mueller
                                       Joseph J. Mueller
                                       Attorneys for APPLE, INC.


DATED: November ___, 2013         QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP


                                  By   /s/ Victoria F. Maroulis
                                       Victoria F. Maroulis
                                       Attorneys for
                                       SAMSUNG ELECTRONICS CO., LTD.,
                                       SAMSUNG ELECTRONICS AMERICA, INC.,
                                       and SAMSUNG TELECOMMUNICATIONS
                                       AMERICA, LLC

1

**<u>ORDER</u>**

2

3        Based on the foregoing stipulation, and for good cause shown,

4        **IT IS SO ORDERED.**

5

6   DATED: _____

7                                        _____
                                         The Honorable Paul S. Grewal
                                         United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November ___, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.


Dated:   November ___, 2013                    By:  */s/ Victoria F. Maroulis*
                                                      Victoria F. Maroulis

# EXHIBIT 23

**From:** Koppelman, Ryan [mailto:Ryan.Koppelman@alston.com]
**Sent:** Friday, November 15, 2013 1:10 PM
**To:** Robert Becher
**Subject:** RE: Stipulation

The McGowan Declaration was also filed under seal but not marked under the protective order. May we share that with our client as well?

Your approval of these various requests I have sent you today will expedite our client's consideration your recent written positions. Thank you.

**Ryan W. Koppelman - Partner, IP Litigation**
**Alston & Bird LLP -  (650) 838-2009**

---

**From:** Koppelman, Ryan
**Sent:** Friday, November 15, 2013 11:21 AM
**To:** Robert Becher
**Subject:** FW: Stipulation

May we share with our client?

**Ryan W. Koppelman - Partner, IP Litigation**
**Alston & Bird LLP -  (650) 838-2009**

---

**From:** Robert Becher [mailto:robertbecher@quinnemanuel.com]
**Sent:** Thursday, November 14, 2013 4:07 PM
**To:** Koppelman, Ryan; Allen, Randall
**Subject:** Stipulation

Ryan--Please find attached a proposed stipulation addressing the privilege issues raised most recently in my November 13, 2013 letter.  Please promptly let us know whether Nokia will join the stipulation so that it may be submitted to the court to be entered as an order.  Regards, Rob

---

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

# EXHIBIT 24

**From:** Koppelman, Ryan [mailto:Ryan.Koppelman@alston.com]
**Sent:** Thursday, November 21, 2013 2:29 PM
**To:** Robert Becher; Allen, Randall
**Subject:** RE: Stipulation

Rob,

We have a brief due today in connection with this matter on a 2-day turn around. We will be in touch soon.

Regards,
Ryan

**Ryan W. Koppelman - Partner, IP Litigation**
**Alston & Bird LLP -  (650) 838-2009**

**From:** Robert Becher [mailto:robertbecher@quinnemanuel.com]
**Sent:** Thursday, November 21, 2013 2:27 PM
**To:** Robert Becher; Koppelman, Ryan; Allen, Randall
**Subject:** RE: Stipulation

Ryan--When do you expect to respond to our November 13 letter and the proposed stipulation?  Please let us know.
Thanks, Rob

**From:** Robert Becher
**Sent:** Thursday, November 14, 2013 4:07 PM
**To:** 'Koppelman, Ryan'; 'Allen, Randall'
**Subject:** Stipulation

Ryan--Please find attached a proposed stipulation addressing the privilege issues raised most recently in my November 13, 2013 letter.  Please promptly let us know whether Nokia will join the stipulation so that it may be submitted to the court to be entered as an order.  Regards, Rob

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

# EXHIBIT 25

**From:** Robert Becher
**Sent:** Thursday, November 21, 2013 2:27 PM
**To:** Robert Becher; 'Selwyn, Mark'; 'Mueller, Joseph'
**Subject:** RE: Letter

Mark--When do you expect to respond to our November 13 letter and proposed stipulation?  Please let us know.
Thanks, Rob

---

**From:** Robert Becher
**Sent:** Thursday, November 14, 2013 4:08 PM
**To:** 'Selwyn, Mark'; 'Mueller, Joseph'
**Subject:** RE: Letter

Mark--Please find attached a proposed stipulation addressing the privilege issues raised most recently in my November 13, 2013 letter.  Please promptly let us know whether Apple will join the stipulation so that it may be submitted to the court to be entered as an order.  Regards, Rob

---

**From:** Selwyn, Mark [mailto:Mark.Selwyn@wilmerhale.com]
**Sent:** Thursday, November 14, 2013 8:54 AM
**To:** Robert Becher; Mueller, Joseph
**Subject:** RE: Letter

Rob:

Can we share your letter with our client?

Thanks.

Mark

---

**From:** Robert Becher [mailto:robertbecher@quinnemanuel.com]
**Sent:** Thursday, November 14, 2013 12:12 AM
**To:** Selwyn, Mark; Mueller, Joseph
**Subject:** Letter

Rob--Please see the attached letter.

# EXHIBIT 26

-----Original Message-----
**From:** Selwyn, Mark [Mark.Selwyn@wilmerhale.com]
**Received:** Wednesday, 27 Nov 2013, 11:41am
**To:** Robert Becher [robertbecher@quinnemanuel.com]; Mueller, Joseph [Joseph.Mueller@wilmerhale.com]
**Subject:** RE: Letter

Rob:

Apple declines to enter Samsung's proposed stipulation.

Mark

**From:** Robert Becher [mailto:robertbecher@quinnemanuel.com]
**Sent:** Thursday, November 14, 2013 4:08 PM
**To:** Selwyn, Mark; Mueller, Joseph
**Subject:** RE: Letter

Mark--Please find attached a proposed stipulation addressing the privilege issues raised most recently in my November 13, 2013 letter.  Please promptly let us know whether Apple will join the stipulation so that it may be submitted to the court to be entered as an order.  Regards, Rob

**From:** Selwyn, Mark [mailto:Mark.Selwyn@wilmerhale.com]
**Sent:** Thursday, November 14, 2013 8:54 AM
**To:** Robert Becher; Mueller, Joseph
**Subject:** RE: Letter

Rob:

Can we share your letter with our client?

Thanks.

Mark

**From:** Robert Becher [mailto:robertbecher@quinnemanuel.com]
**Sent:** Thursday, November 14, 2013 12:12 AM
**To:** Selwyn, Mark; Mueller, Joseph
**Subject:** Letter

Rob--Please see the attached letter.

# EXHIBIT 27

# ALSTON&BIRD LLP

275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008

650-838-2000
Fax: 404-253-8542
www.alston.com

Ryan W. Koppelman                    Direct Dial: 650-838-2009                    Email: ryan.koppelman@alston.com

November 27, 2013

**VIA EMAIL**

Robert Becher, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re:    **Apple Inc. v. Samsung Electronics Co., No. 12-cv-630 LHK
(PSG)**

Dear Rob:

I write regarding your letter dated November 13, 2013.

As you know, the Court entered Nokia's and Samsung's August 18, 2013 Stipulation as
an Order on October 2, 2013. Upon entry of it as an Order, Samsung five days later filed
a Motion to Stay and a Motion for Relief from the very obligations to which Samsung
previously stipulated. The Court rejected both motions.

In Samsung's Motion for Relief, it sought relief from the Stipulated Order on the grounds
that it is (1) "redundant" and (2) would "put Samsung's privileged documents at risk" by
"giv[ing] Apple a basis to argue (incorrectly) that Samsung has waived the privilege by
disclosing documents to Stroz." On October 15, 2013 the Court rejected Samsung's
arguments. (Dkt. 820 at pp. 11-15).

Nonetheless, Samsung is now again raising those same arguments to justify why three
months have passed from the August 18, 2013 filing of the original Stipulation and
Samsung has not completed any of the processes agreed to and now ordered by the
Stipulated Order.

In your letter, you raise two main complaints about Nokia's failure to broadly agree to a
supplemental non-waiver stipulation. First, you argue that Samsung does not have
adequate assurances "if Stroz reviews the documents … neither Nokia nor Apple will
argue that [it] constitute[s] a waiver of any applicable privileges or work product
protection." However, the Stipulated Order clearly states:

>          The review of Samsung's documents by Stroz Friedberg
>          will not constitute a waiver of any claim of attorney-client

---

November 27, 2013
Page 2

> privilege, attorney work product or other claims of
> confidentiality and Nokia will not argue that Stroz
> Friedberg's review of Samsung's Documents constitutes
> any such waiver, and the Court's order confirms that under
> Federal Rule of Evidence 502(d) the review of Samsung's
> documents by Stroz Friedberg shall not be deemed a waiver
> of any claimed privilege or protection in the NDCA II case,
> the NDCA I case or any other federal or state action or
> administrative proceeding.

This was already stipulated to by Nokia and ordered by the Court.  This Order is binding on Apple.  We see no reason to stipulate again to the same thing. Nokia has never disaffirmed this language or acted contrary to it.  To the extent Stroz has not begun its review of documents, the fault lies squarely with Samsung.

The second waiver issue you raise in your letter is that Samsung has not received adequate assurances from Nokia that "if we provide additional detail to Nokia [on the process under the stipulation], neither Nokia nor Apple will argue that [it] constitute[s] a waiver of any applicable privileges or work product protection."  First, Nokia has no control over Apple, and it is inappropriate for Samsung to hold progress on the Stipulated Order hostage because you are worried about something Apple may or may not do. Whether such risks are real, they were known when Samsung agreed to and the Court entered the Stipulated Order.  Second, to be clear, Nokia's issue here is not with respect to the underlying documents.  Nokia is not reserving the right to later argue that Samsung's updates about the status of its progress under the Stipulated Order would operate as a waiver of the underlying documents based solely on the updates themselves. There may be other reasons that privilege should not apply to the underlying documents, but Nokia will not argue that the act of providing such updates operates as a waiver of the underlying documents.

As you know, Nokia takes issue with Samsung's privilege and work product assertions to as to its communications with Stroz beyond the underlying documents.   It is improper to make these assertions in order to prevent Nokia and the Court from learning what Stroz has done and has learned with respect to its investigation.  Such use of the privilege defeats the whole purpose of the Stroz investigation.

The problem here is that Samsung is hiding behind privilege and work product and selectively providing Nokia and the Court only the information it receives from Stroz that Samsung finds it useful to provide.  Nokia believes it and the Court are entitled to know:

(i)     What work pursuant to the Stipulated Order Samsung has directed Stroz to perform;

(ii)    On what dates Samsung directed Stroz to perform its work pursuant to the Stipulated Order;

November 27, 2013
Page 3

    (iii)    What work Stroz has actually performed and how it has performed that work pursuant to the Stipulated Order,

    (iv)    On what dates Stroz performed the work pursuant to the Stipulated Order; and

    (v)    Any communications between Samsung and Stroz on these issues.

If Nokia were to agree that Samsung can claim privilege at to some of this information and selectively disclose what it likes without waiver, the goals of the Stipulated Order will cannot be accomplished. More transparency is necessary. Your recently proposed supplemental stipulation on non-waiver achieves none of this and is unacceptable. While we do not believe any such stipulation is necessary or even appropriate, we would be willing to revisit a non-waiver agreement if Samsung would agree that it will not limit or otherwise restrict Nokia's access to Stroz Friedberg for the purpose of determining what work they have performed and what documents they have located as set out under the Stipulated Order. Furthermore, Samsung's recent updates to the Becher Declaration do not provide the appropriate detail for this investigation, and Nokia still finds them inadequate.

Therefore, Samsung's long-standing failure to complete its tasks under the Stipulated Order will be addressed in Nokia's December 2, 2013 brief on appropriate sanctions, which the Court has ordered Nokia to file.

Regards,

ALSTON & BIRD LLP

Ryan W. Koppelman

LEGAL02/34509428v1

# EXHIBIT 28

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3182**

WRITER'S INTERNET ADDRESS
**robertbecher@quinnemanuel.com**

November 26, 2013

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**
**VIA EMAIL AND U.S. MAIL**

Mark D. Selwyn, Esq.                          Joseph J. Mueller, Esq.
WilmerHale                                    WilmerHale
950 Page Mill Road                            60 State Street
Palo Alto, CA 94304                           Boston, MA  02109

Randall Allen, Esq.
Alston & Bird LLP
275 Middlefield Road
Suite 150
Menlo Park, CA 94025-4008

Re:     Apple v. Samsung

Dear Counsel:

I write to make a proposal to help bring to an end the extensive litigation regarding whether the
documents identified by the Court in footnotes 10-15 of its Order to Show Cause are protected
by the attorney-client privilege and attorney work-product doctrines.

Specifically, Samsung would be willing to produce the documents submitted in camera at tab
nos. 6, 19, 20, 215.15, 222, 255 and 272 under the terms of the attached proposed stipulation,[1]
including that Samsung's production will not effect a waiver of the attorney-client privilege or
work-product doctrine in this proceeding or any other proceeding, and will not effect a subject
matter waiver as to any subject matter, and that the documents will be treated as "Highly
Confidential – Attorney's Eyes Only" under the Protective Order and further will be shared with

---

[1]     Samsung is unable to produce document nos. 87, 90, 261.55 and 274, because they are
subject to third-party mediation privilege and other confidentiality claims that Samsung is not in
a position to waive.

**quinn emanuel urquhart & sullivan, llp**
NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS |
MUNICH | SYDNEY | HONG KONG

or disclosed to no more than five of Apple's and Nokia's respective outside counsel of record in this matter.[2]

Please let us know as soon as possible if Apple and Nokia will agree to the attached stipulation.

Sincerely,

Robert J. Becher

RJB

Attachment

---

[2]   Because the incompletely-redacted Teece report is included in the documents Samsung proposes to produce, and Apple has not authorized Samsung to provide that document to Nokia, Samsung will further need to obtain Apple's agreement to provide that document to Nokia.

1

2

3

4

5

6

7

8

9 UNITED STATES DISTRICT COURT

10 NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 12-cv-00630-LHK |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER RE DOCUMENTS CITED IN ORDER TO SHOW CAUSE** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

20

21

22

23

24

25

26

27

28

WHEREAS, on November 8, 2013, the Court entered an Order to Show Cause Why Sanctions are not Warranted (Dkt. 2689, the "OSC") in which the Court identified in footnotes 10-15 certain documents that Samsung had submitted to the Court for an *in camera* review;

WHEREAS, in the interests of furthering the resolution of the parties' disputes regarding whether the documents identified by the Court in footnotes 10-15 of the OSC are protected by the attorney-client privilege and attorney work-product doctrines, the parties have agreed that Samsung will produce certain of those documents to Apple and Nokia subject to certain conditions, including that such production will not constitute a waiver of the attorney-client privilege or work-product doctrine or any other privilege or protection in this or any other proceeding, including proceedings in jurisdictions outside the United States;

NOW THEREFORE, the parties, through their undersigned counsel of record, stipulate as follows:

1.      Subject to and conditioned upon the entry of this stipulation as a court Order, Samsung will produce to Apple and Nokia the documents Samsung submitted *in camera* at tab nos. 6, 19, 20, 215.15, 222, 255, and 272 (collectively, the "Disclosed Documents").

2.      The production of the Disclosed Documents will not constitute a waiver of the attorney-client privilege or work-product doctrine or any other privilege or protection in this or any other proceeding, including proceedings in jurisdictions outside the United States, as to the parties to this stipulation and any third parties.

3.      The production of the Disclosed Documents will not effect a subject matter waiver as to any subject matter, whether in this proceeding or any other proceeding, including proceedings in jurisdictions outside the United States, as to the parties to this stipulation and any third parties.

4.      The Disclosed Documents shall be treated as "Highly Confidential—Attorney's Eyes Only" under the Protective Order and further will be shared with or disclosed to no more than five (5) of Apple's and Nokia's respective outside counsel of record in this matter, and to no other persons.

1       IT IS SO STIPULATED.

2

3

4   DATED: November ___, 2013     ALSTON & BIRD, LLP

5

6                       By   */s/ Ryan W. Koppelman*

7                        Ryan W. Koppelman
                           Attorneys for NOKIA CORPORATION

8

9

10  DATED: November ___, 2013     WILMER CUTLER PICKERING HALE & DORR

11

12                       By   */s/ Joseph J. Mueller*

13                        Joseph J. Mueller
                           Attorneys for APPLE, INC.

14

15

16  DATED: November ___, 2013     QUINN EMANUEL URQUHART &
                              SULLIVAN, LLP

17

18                     By   */s/ Victoria F. Maroulis*

19                        Victoria F. Maroulis
                           Attorneys for

20                        SAMSUNG ELECTRONICS CO., LTD.,
                        SAMSUNG ELECTRONICS AMERICA, INC.,

21                        and SAMSUNG TELECOMMUNICATIONS

22                        AMERICA, LLC

23

24

25

26

27

28

1

**<u>ORDER</u>**

2

3        Based on the foregoing stipulation, and for good cause shown,

4        **IT IS SO ORDERED.**

5

6   DATED: _____

          _____
7                                       The Honorable Paul S. Grewal
                                        United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November ___, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

Dated:   November ___, 2013          By:  _/s/ Victoria F. Maroulis_____
                                             Victoria F. Maroulis

# EXHIBIT 29

RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:     650-838-2000
Facsimile:     650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (*pro hac vice*)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:     404-881-7000
Facsimile:     404-881-7777

Attorneys for Non-Party
NOKIA CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.:  5:11-CV-01846-LHK (PSG)<br>Case No.:  5:12-CV-00630-LHK (PSG)<br><br>**NOKIA CORPORATION'S ADMINISTRATIVE NOTICE OF ITS RESPONSE TO SAMSUNG'S PROPOSAL REGARDING THE PRODUCTION OF DOCUMENTS** |

PLEASE TAKE NOTICE that Nokia Corporation ("Nokia") hereby submits this notice to apprise the Court of its response to a proposal made by Samsung regarding the production of documents identified in footnotes 10-15 in the Court's November 8, 2013 Order to Show Cause. Docket No. 2689.

Samsung's proposed stipulation addresses only a small subset of the documents at issue, and thus fails to resolve the current issues. Nokia also maintains that these documents are either not privileged or no longer privileged as a result of waiver. Further, Samsung's proposal creates a new category of protective order for these documents in particular. For these reasons, Nokia cannot accept the proposal as drafted. If Samsung is truly interested resolving the current issues, then Samsung should disclose all of the documents at issue and not only some limited subset chosen for tactical benefit.

Even if these documents were privileged, Samsung's proposal appears to create a new, unnecessary category of protective order, placing unnecessary burdens on Nokia. The proposed stipulation limits disclosure to "no more than five (5) of Apple's and Nokia's respective outside counsel of record in this matter, and to no other persons," in essence barring others at Nokia's outside counsel actually working on these matters, as well as support staff, from even handling these documents. In significant litigation with often short deadlines, this is an unnecessary and unrealistic limitation on Nokia.

Nokia believes that the correct course of action is for Samsung to produce all of the documents at issue and is willing to work to create a stipulation covering that production. Otherwise, the matter should remain with the Court for resolution.

Respectfully submitted this 27th day of November, 2013.

*/s/ Ryan Koppelman*

Ryan Koppelman
(Ca. Bar No. 290704)
**ALSTON & BIRD LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone: 650-838-2009
Facsimile: 650-838-2001

*Attorneys for Non-Party*
*NOKIA CORPORATION*

1  RANDALL L. ALLEN (Ca. Bar No. 264067)
   randall.allen@alston.com
2  RYAN W. KOPPELMAN (Ca. Bar No. 290704)
   ryan.koppelman@alston.com
3  ALSTON & BIRD LLP
   275 Middlefield Road, Suite 150
4  Menlo Park, CA 94025
   Telephone:    650-838-2000
5  Facsimile:    650-838-2001

6  PATRICK J. FLINN (Ca. Bar No. 104423)
   patrick.flinn@alston.com
7  B. PARKER MILLER (*pro hac vice*)
   parker.miller@alston.com
8  ALSTON & BIRD LLP
   1201 West Peachtree Street
9  Atlanta, GA 30309
   Telephone:    404-881-7000
10 Facsimile:    404-881-7777

11 Attorneys for Non-Party
   NOKIA CORPORATION
12

13             UNITED STATES DISTRICT COURT

14         FOR THE NORTHERN DISTRICT OF CALIFORNIA

15                   SAN JOSE DIVISION

16

17 APPLE, INC., a California corporation,       Case No.:  5:11-CV-01846-LHK (PSG)

18              Plaintiff,

19       v.                                      **CERTIFICATE OF SERVICE**

20 SAMSUNG ELECTRONICS CO., LTD., a
   Korean corporation, SAMSUNG
21 ELECTRONICS AMERICA, INC., a New York
   corporation; SAMSUNG
22 TELECOMMUNICATIONS AMERICA, LLC,
   a Delaware limited liability company,
23
                Defendants.
24

25

26

27

28

I hereby certify that on November 27, 2013, I electronically filed the foregoing **NOKIA CORPORATION'S ADMINISTRATIVE NOTICE OF ITS RESPONSE TO SAMSUNG'S PROPOSAL REGARDING THE PRODUCTION OF DOCUMENTS** with the Clerk of Court using the CM/ECF system, which will automatically send email notification to the parties and counsel of record.

This 27th day of November, 2013.

/s/ Ryan Koppelman

Ryan Koppelman
 (Ca. Bar No. 290704)
**ALSTON & BIRD LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:     650-838-2009
Facsimile:     650-838-2001

*Attorneys for Non-Party*
*NOKIA CORPORATION*

# EXHIBIT 30

**From:** Selwyn, Mark [mailto:Mark.Selwyn@wilmerhale.com]
**Sent:** Sunday, December 01, 2013 9:26 PM
**To:** Dan Posner; 'Koppelman, Ryan'; 'Allen, Randall'; Mueller, Joseph
**Cc:** Robert Becher
**Subject:** RE: Apple v. Samsung

Rob and Dan:

We disagree that Samsung's offer to provide 5 WilmerHale attorneys with access to 7 of the documents over which Samsung has claimed privilege would eliminate the need for Magistrate Judge Grewal to rule on the issue of whether those, or the many other documents Samsung has withheld as privileged, are properly subject to the privilege.  For the reasons stated in Apple's brief on the privilege issue, Samsung is not entitled to claim any privilege over those documents, and Judge Grewal needs to resolve the parties' dispute.

We are, however, willing to enter into a stipulation along the lines you propose in order to enable a limited number of WilmerHale attorneys to review documents over which Samsung is claiming privilege, so that we can bring the current litigation over potential sanctions for violations of the protective order to a prompt resolution, as you suggest.  However, Samsung should produce all of the documents provided to Judge Grewal for *in camera* review to WilmerHale subject to such a stipulation.  There is no principled reason why the stipulation is sufficient to protect Samsung's interests with respect to the documents identified in Judge Grewal's Order to Show Cause, but not also sufficient with respect to the remaining documents.   If Samsung believes there is a reason to treat the 7 documents differently from the remaining documents submitted to Judge Grewal for *in camera* review, please explain.

To the extent Samsung believes it necessary to carve out certain documents pursuant to a mediation privilege, please let us know whether and when Samsung has sought consent from the third party, and whether, assuming the third party consents, Samsung would consent as well.

Please confirm that Samsung will agree to provide a limited set of WilmerHale attorneys with access to the full set of documents Samsung produced to the Court for *in camera* review.  We expect the parties can agree on terms of a stipulation along the lines you propose if so.


Mark

**From:** Dan Posner [mailto:danposner@quinnemanuel.com]
**Sent:** Tuesday, November 26, 2013 10:35 PM
**To:** 'Koppelman, Ryan'; Selwyn, Mark; 'Allen, Randall'; Mueller, Joseph
**Cc:** Robert Becher
**Subject:** Apple v. Samsung

Counsel,

Please see the attached correspondence.

Thanks,

Dan

**Dan Posner**
**Quinn Emanuel Urquhart & Sullivan, LLP**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3220 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
danposner@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT 31
# FILED UNDER SEAL

# EXHIBIT 32
# FILED UNDER SEAL

# EXHIBIT 33
# FILED UNDER SEAL

# EXHIBIT 34

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3182**

WRITER'S INTERNET ADDRESS
**robertbecher@quinnemanuel.com**

November 4, 2013

<u>HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY</u>
<u>VIA EMAIL AND U.S. MAIL</u>

Mark D. Selwyn, Esq.                    Joseph J. Mueller, Esq.
WilmerHale                               WilmerHale
950 Page Mill Road                       60 State Street
Palo Alto, CA 94304                      Boston, MA  02109

Randall Allen, Esq.
Alston & Bird LLP
275 Middlefield Road
Suite 150
Menlo Park, CA 94025-4008

Re:      <u>Remediation of Inadvertent Disclosures</u>

Dear Counsel:

I write regarding remediation of the inadvertent disclosures related to the Teece Report and the
ITC public interest briefing.

Apple and Nokia have taken inconsistent positions regarding what remediation measures are
appropriate, and Apple has mischaracterized our prior discussions with Nokia regarding potential
remediation.  Apple also has ignored our prior requests to undertake even what should be
straightforward and non-controversial remediation efforts.  For example, on October 17, 2013,
Samsung sent Apple a proposed redacted version of the Teece Report and asked for Apple's
consent to replace the version of the Teece report on file in the First Instance Court of Milan and
with DG Comp with that proposed redacted version.  Well over two weeks have now passed, and
despite my follow up email on October 29, 2013, Apple still has not responded.  Please let us
know if we have Apple's approval to provide the redacted Teece report to counsel in the actions
in Milan and before DG Comp and to replace the Teece Report with the proposed redacted
version.

**quinn emanuel urquhart & sullivan, llp**
NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS |
MUNICH | SYDNEY | HONG KONG

As a further effort to remediate, we propose to have Stroz permanently delete electronic copies of the Teece Report or ITC public interest briefing containing the financial terms of the Apple-Nokia, Apple-Philips, Apple-Sharp and/or Apple-Ericsson license from the locations where they have been located at Samsung, including Samsung employees' hard drives and Samsung's email archive.  The parties' Protective Order contemplates such a course where it provides that, in the event of an inadvertent disclosure, "The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use is made."

We also propose that Quinn Emanuel take custody of the imaged hard drives and copies of archived email that have been created in connection with the search for the inadvertent disclosures.  Because Quinn Emanuel was and is entitled to possess the Teece Report and the ITC public interest briefing, it is well-situated to take custody of these materials.  Moreover, having Quinn Emanuel take custody is consistent with preserving Samsung's attorney-client privilege and attorney work product protections that apply to many of the materials on the imaged drives and email archive.

We look forward to your responses, including any counter-proposals that Apple or Nokia may have for remediation.

Sincerely,

Robert J. Becher

RJB

# EXHIBIT 35

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3182**

WRITER'S INTERNET ADDRESS
**robertbecher@quinnemanuel.com**

December 2, 2013

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**
**VIA EMAIL AND U.S. MAIL**

Mark D. Selwyn, Esq.                         Joseph J. Mueller, Esq.
WilmerHale                                    WilmerHale
950 Page Mill Road                            60 State Street
Palo Alto, CA 94304                           Boston, MA  02109

Randall Allen, Esq.
Alston & Bird LLP
275 Middlefield Road
Suite 150
Menlo Park, CA 94025-4008

Re:     Apple v. Samsung

Dear Counsel:

I write regarding the issue of remediation.  As you know, we wrote you on November 4, 2013 to make proposals regarding remediation.  To date, the only response we have received is from Nokia and, while Nokia stated that it believed Samsung's proposed remedial measures were not broad enough, Nokia did not respond to Samsung's specific proposals.  In our letter, we proposed to have Stroz permanently delete electronic copies of the Teece Report or ITC public interest briefing containing the financial terms of the Apple-Nokia, Apple-Philips, Apple-Sharp and/or Apple-Ericsson license from the locations where they have been located at Samsung, including Samsung employees' hard drives and Samsung's email archive.  Please advise if you agree with this specific proposal.  In addition, we proposed that Quinn Emanuel take custody of the imaged hard drives and archived email but you have not responded to this proposal either.  Please let us know if you agree with this specific proposal.  There is no reason that these remedial measures cannot go forward even if you believe additional materials should also be deleted.

Nokia stated in its letter that every instance of "Nokia's confidential information" must be remediated and deleting the Teece report and ITC materials is not enough.  But Nokia does not identify any other document that it believes should be deleted.  As you know, there are instances

in which Samsung was legitimately in possession of information regarding the terms of the Apple-Nokia license.  For example, as Apple's own 30(b)(6) witness, Mr. Risher, conceded, the spreadsheet provided to Samsung in the Netherlands was properly in Samsung's possession. While Samsung is more than willing to move forward immediately with remediation of the inadvertent disclosures, documents that are legitimately in Samsung's possession and that are governed by the protective orders of other jurisdictions need not be remediated.  Please confirm that you agree that there is no need to remediate documents legitimately in Samsung's possession and also advise us what additional documents you believe should be remediated.

Finally, Nokia's letter states that it will seek the Court's assistance with respect to remediation.  It would be premature to involve the Court because Nokia has not responded to Samsung's specific proposals and has not made its own proposal regarding what specific materials it believes should be deleted.  If Nokia or Apple has a specific proposal, please send us your proposal so that we may evaluate it and move forward with remediation.  We also ask that Apple respond to our proposal regarding remediation.

Sincerely,

Robert J. Becher

RJB

# EXHIBIT 36
# FILED UNDER SEAL

# EXHIBIT 37

```
 1                 IN THE UNITED STATES DISTRICT COURT

 2              FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3                          SAN JOSE DIVISION

 4
        APPLE, INC.,                    )   CV-11-1846-LHK
 5                                      )
                        PLAINTIFF,      )   SAN JOSE, CALIFORNIA
 6                                      )
                 VS.                    )   OCTOBER 22, 2013
 7                                      )
        SAMSUNG ELECTRONICS CO. LTD, ET )   PAGES 1-96
 8      AL,                             )
                                        )
 9                        DEFENDANT.    )

10

11                     TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE PAUL S. GREWAL
12                   UNITED STATES DISTRICT JUDGE

13

14      A P P E A R A N C E S:

15      FOR THE PLAINTIFF:      WILMER HALE
                                BY:  WILLIAM LEE
16                                   JOSEPH MUELLER
                                60 STATE STREET
17                              BOSTON, MA 02109

18      FOR THE DEFENDANT:      QUINN EMANUEL
                                BY:  JOHN B. QUINN
19                                   ROBERT BECHER
                                     DANIEL POSNER
20                                   MICHAEL ZELLER
                                865 S. FIGUEROA ST., 10TH FL
21                              LOS ANGELES, CA 90017

22      PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY, TRANSCRIPT
        PRODUCED WITH COMPUTER.
23
                      APPEARANCES CONTINUED ON THE NEXT PAGE
24

25      OFFICIAL COURT REPORTER:      SUMMER FISHER, CSR, CRR
                                      CERTIFICATE NUMBER 13185
```

1    MR. SHIM WAS -- HE'S SORT OF AT THE CENTER PIECE OF THEIR

2    ARGUMENT THAT HE WAS HELPING CONSTRUCT THIS FRAND ARGUMENT,

3    THEY QUOTE TO THE COURT HIS DEPOSITION TESTIMONY, AND I'M

4    AFRAID THEY DO IT IN A MISLEADING MANNER.

5         APPLE SAYS IN THEIR SUPPLEMENTAL BRIEF PAGE 4, LINES 14

6    TO 15, THAT MR. SHIM AGREES HE CANNOT RULE OUT, THIS IS WHAT

7    THEY QUOTE, CANNOT RULE OUT THAT SAMSUNG USED THIS INFORMATION

8    TO DEVELOP FRAND LICENSING ARGUMENTS AGAINST APPLE.

9         IT'S MISLEADING, YOUR HONOR.  WHAT MR. SHIM'S TESTIMONY

10   WAS HE WAS UNAWARE OF ANYONE AT SAMSUNG USING THE INFORMATION

11   TO DEVELOP FRAND LICENSING ARGUMENTS AGAINST APPLE AND DID NOT

12   EVER REMEMBER ASKING ANYONE AT SAMSUNG TO DO SO OR IF THEY HAD

13   DONE SO.

14        NOW IF THAT'S TRUE, HE OBVIOUSLY COULDN'T RULE OUT ANYONE

15   ELSE DOING SOMETHING THAT HE WAS UNAWARE OF.  SORT OF A

16   METAPHYSICAL POINT BUT THE SUGGESTION OR BRIEF IS LEFT HANGING

17   HE CAN'T CAN'T RULE THIS OUT.  IF YOU LOOK HIS TESTIMONY HE

18   SAID, AS FAR AS I KNOW THIS NEVER HAPPENED PERIOD.

19        APPLE ALSO ASSERTS THAT MR. SHIM REPEATEDLY RETRANSMITTED

20   THE TEECE REPORT IN THIS DRAFT ITC MEMOS TO OTHER SAMSUNG

21   EMPLOYEES AND LAWYERS LITIGATING FRAND ISSUES AGAINST APPLE

22   AROUND THE WORLD BUT CLAIMED AT HIS DEPOSITION WHY HE HAD NOT

23   DONE SO.

24        APPLE SUPPLEMENTAL BRIEF LINE PAGE 4, LINES 11 TO 13.

25        THE ANSWER HE GAVE AS TO WHY HE COULD NOT REMEMBER

1    TRANSMITTING THIS MATERIAL WAS IN RESPONSE TO ONE QUESTION

2    ABOUT ONE E-MAIL DIRECTED TO TWO LAW FIRMS.

3         KIRKLAND & ELLIS AND FISH & RICHARDSON.  THAT'S

4    DEPOSITION PAGE 195, LINE 6 AND 196, LINE 12.  RIGHT.

5         IT'S COMPLETELY A MISREPRESENTATION TO SAY HIS TESTIMONY

6    WAS HE CAN'T RECALL WHY HE EVER TRANSMITTED THIS ANY OF THE

7    OTHER FIRMS.  HE WAS ASKED ABOUT TWO, HE SAYS HE CAN'T RECALL

8    WHY HE DISTRIBUTED TO THOSE TWO.

9         MR. LEE BEGAN THIS AFTERNOON BY TALKING ABOUT HOW WE KNEW

10   IN DECEMBER THERE HAD BEEN A TRANSMISSION OF AN INAPPROPRIATELY

11   REDACTED REPORT.  THE COURT HAS THE FACTS ON THAT.  AN

12   ASSOCIATE SENT OUT THE REPORT AND IT WAS CAUGHT WITHIN

13   13 HOURS.  AND THE RECIPIENT WAS CONTACTED AND SAID DON'T LOOK

14   AT IT, DELETE IT.  THE PERSON SAID THAT THEY WILL.

15        AFTER THAT THE REPORT WAS REDACTED FURTHER, STILL SADLY,

16   LEAVING IN SOME INFORMATION ABOUT ANOTHER LICENSE, NOT THIS

17   COMPANY'S LICENSE.  AND THEN IT WAS SENT OUT A FEW TIMES AFTER

18   THAT.

19        BUT WHEN MR. LEE SAYS THAT WE KNEW THERE HAD BEEN A

20   VIOLATION BECAUSE THIS WAS SENT OUT, WHAT MR. LEE IS REFERRING

21   TO IS THE FACT THAT SOMEBODY SENT IT OUT WAS CAUGHT AND ASKED

22   TO SEND IT BACK AND THAT WE DIDN'T COMPLY WITH THE INADVERTENT

23   DISCLOSURE PROVISIONS OF THE PROTECTIVE ORDER.

24        YOU KNOW, YOU ASK SOMEBODY DON'T READ IT DELETE IT,

25   SHOULD WE HAVE GONE THROUGH THE PROVISIONS OF THE PROTECTIVE

1    ORDER THAT SAYS GIVE NOTICE TO EVERYBODY, YOU KNOW, I THINK

2    REASONABLE PEOPLE COULD DIFFER AS TO WHETHER YOU MAKE A BIG

3    ISSUE OUT OF THAT WE GIVE NOTICE TO EVERYBODY AND SENT IT OUT.

4    I BET IT'S HAPPENED TO THESE LAW FIRMS BEFORE.  IF IT HAPPENS.

5          I DON'T THINK THAT THAT WAS AN OCCASION FOR SAYING

6    THERE'S AN INADVERTENT DISCLOSURE BLOW THE WHISTLE, ET CETERA.

7          THEY MAKE THE POINT THAT THE RECIPIENT OF THAT FORWARDED

8    IT BACK SOME TIME LATER.  WHAT THEY DON'T TELL THE COURT IS

9    THAT THIS DECEMBER SADLY, DECEMBER 2012 WASN'T THE FIRST TIME

10   THAT REPORT HAD GONE OUT.  THERE WAS IN EXISTENCE AND HAD BEEN

11   SENT OUT PUT ON THE FTP SITE THE PREVIOUS MARCH AND THAT IN

12   TURN, PEOPLE AT PRESS SAID REDACTED TEECE REPORT AND IT WAS

13   ALREADY OUT THERE.

14       SO IT WASN'T JUST A QUESTION OF ANYBODY'S RESCINDING IT

15   AFTER WE DISCOVERED THAT ERROR, IT WAS ALREADY OUT THERE,

16   PEOPLE HAVE IT AND PEOPLE SENT IT.

17            THE COURT:  MR. QUINN IS IT AT LEAST ACCURATE THAT AS

18   OF DECEMBER, AT LEAST ONE INDIVIDUAL WITHIN THE FIRM UNDERSTOOD

19   THAT THIS INFORMATION HAD BEEN IMPROPERLY REDACTED AND DID NOT

20   TAKE ANY FURTHER STEP BEYOND INFORMING THE SAMSUNG EMPLOYEE TO

21   DELETE THE E-MAIL?

22            MR. QUINN:  YES.

23       AND THE REASON FOR THAT IS NOBODY PUT IT TOGETHER, I MEAN

24   YOU HAVE WHAT I'VE TOLD LAWYERS IN OUR LAW FIRM NOW.  WE ARE

25   650 LAWYERS WIDE AND ONE LAWYER DEEP.  AND ONE LAWYER DOESN'T

1    NECESSARILY KNOW WHAT ANOTHER LAWYER IS DOING IT.

2        THIS PERSON DISCOVERED IT, BUT THIS PERSON DIDN'T HAVE THE

3    KNOWLEDGE OR DIDN'T PUT IT TOGETHER THAT THIS WASN'T A REPORT

4    PUT OUT ON THE FTP SITE LAST MONTH OR SENT OUT IN THE INTERIM.

5    DIDN'T KNOW, DIDN'T PUT THAT TOGETHER.

6        SO, I MEAN, IF IT HAD BEEN THE SAME PERSON, I WOULD

7    CERTAINLY LIKE TO BELIEVE THAT THEY WOULD REALIZE, OH MY

8    GOODNESS, WE HAVE BEEN SENDING THIS OUT PEOPLE HAVE SEEN THIS

9    IT WAS ON THE FTP SITE LAST MARCH, WE SURE AS HECK BETTER DO

10   SOMETHING ABOUT IT.

11       THIS PERSON DIDN'T KNOW SO THAT'S WHY THAT DIDN'T HAPPEN.

12       IT WAS INADVERTENT.  IT WASN'T INTENTIONAL.  THERE ARE

13   ALREADY COPIES OF THAT OUT THERE THAT UNFORTUNATELY ONCE THAT

14   LOG IS PRODUCED GET ON PEOPLE'S COMPUTERS THAT HAVE THE ENTRY

15   ON THE DIRECTORY, REDACTED TEECE REPORT AND PEOPLE SEND IT OUT.

16       NOW THE LAW FIRMS THAT RECEIVED IT AFTER DECEMBER 2012

17   FROM US RECEIVED THAT REDACTED COPY THAT DID NOT HAVE THE NOKIA

18   INFORMATION ON IT.

19       THE COURT:  SO ON THAT POINT, MR. QUINN, ARE YOU

20   SAYING THAT AFTER DECEMBER 2012 NO LAW FIRM OTHER THAN YOURS

21   HAD A COPY OF THIS IMPROPERLY REDACTED TEECE REPORT?

22       MR. QUINN:  NO, I'M NOT SAYING THAT.

23       WHAT I'M SAYING IS THERE WERE IMPROPERLY REDACTED COPIES

24   OF THE TEECE REPORT THAT WERE ALREADY OUT THERE.  AND PEOPLE

25   HAD IT ON THEIR COMPUTERS AND THEY HAD IT ON THEIR COMPUTERS AT

1      SAMSUNG AND IT WAS PASSED AROUND PEOPLE AT SAMSUNG.

2              THE COURT:  I UNDERSTAND.

3              MR. QUINN:  AND I'M GOING TO TURN TO MR. BECHER IN

4      TERMS OF WAS IT PASSED TO OTHER LAW FIRMS AFTER DECEMBER 2012,

5      THE EVIDENCE ON THAT.

6              MR. BECHER:  SO AS MR. QUINN STATES, THE MORE FULLY

7      REDACTED BUT NOT YET COMPLETELY REDACTED REPORT WAS SENT TO

8      OTHER LAW FIRMS BUT PRIOR TO JANUARY 2013 THE INCOMPLETELY

9      REDACTED REPORT HAD ALSO BEEN SENT TO OTHER LAW FIRMS.

10             THE COURT:  ALL RIGHT.

11        YOU'VE SUGGESTED NOW A COUPLE TIMES THERE WAS AN ADDITIONAL

12     LICENSEE OR WHOSE INFORMATION THEY HAVE BEEN COMPROMISED.  I

13     WOULD LIKE TO UNDERSTAND, IT DOESN'T RELATE TO EITHER APPLE OR

14     NOKIA; IS THAT CORRECT?

15             MR. QUINN:  IT'S THE OTHER ONE AS TO WHICH THERE'S A

16     MEDIATION ISSUE.  BUT FOR MR. PIAZZA.  THAT'S THE OTHER ONE.

17             THE COURT:  MAY I ASK, WHEN WAS THAT REDACTION

18     COMPLETED SUCH THAT BEYOND A CERTAIN DATE NO ONE'S CONFIDENTIAL

19     INFORMATION WAS IMPROPERLY CIRCULATED BY AT LEAST A LAW FIRM.

20     DO YOU HAPPEN TO KNOW MR. BECHER WHEN THAT WAS CAUGHT AND

21     DIRECTED, IF IT WAS AT ALL.

22             MR. BECHER:  IF BY NO ONE YOU MEAN ANY THIRD PARTY

23     COMPANIES.

24             THE COURT:  I'M JUST FOCUSSING ON YOUR FIRM.

25        I WANT TO KNOW IF ANYONE AT YOUR FIRM CIRCULATED AN

1          MR. BECHER:  YES, YOUR HONOR, OF COURSE.

2          THE COURT:  WHAT I'M TRYING TO FIGURE OUT IS HOW FAR

3    BACK IN TIME CAN I GO AND HAVE THAT SAME CONFIDENCE THAT THAT'S

4    THE CASE.

5          MR. BECHER:  SO GOING BACK TO JANUARY OF 2013, THAT

6    REPORT HAD NOR FULL SOME REDACTIONS BUT STILL HAD INFORMATION

7    ABOUT A COMPANY'S LICENSE THAT WAS NOT APPLE OR NOKIA.

8          THE COURT:  OKAY.

9       SO THAT WAS THE STATE OF AFFAIRS AS OF JANUARY 2013,

10   CORRECT.

11         MR. BECHER:  YES, YOUR HONOR.

12      AND I APOLOGIZE I MIS COMMUNICATED.

13         THE COURT:  NO, WE ARE JUST TRYING TO COMMUNICATE

14   HERE.

15      AT WHAT POINT AFTER JANUARY 2013 THAT WAS FIXED IF IT WAS

16   FIXED AT ALL.  I ASSUME IT WAS FIXED.

17         MR. BECHER:  TO BE HONEST, YOUR HONOR, I'M NOT AWARE

18   OF A TRANSMISSION THAT TOOK PLACE EVER THEN WHERE THE

19   INFORMATION THAT WAS STILL REMAINING, THE SLIVER OF THE

20   INFORMATION OF ANOTHER COMPANY WAS REMOVED.

21         THE COURT:  OKAY.

22      SO YOU ARE NOT AWARE OF ANYTIME SUCH TRANSMISSION AFTER

23   JANUARY 2013.

24         MR. BECHER:  CORRECT, YOUR HONOR, BY QUINN EMANUEL.

25         THE COURT:  UNDERSTOOD.  OKAY.  THANK YOU.

1      MR. BECHER:  BUT I THINK I MISSPOKE.  THERE WAS ONE

2  TRANSMISSION FEBRUARY 1ST.

3      THE COURT:  OKAY.

4   SO I CAN AT LEAST GO BACK TO FEBRUARY OF 2013 AND IN

5  FEBRUARY 2013 THERE WAS ONE TRANSMISSION OF THAT IMPROPERLY

6  REDACTED TEECE REPORT THAT DISCLOSED THIS ADDITIONAL PARTY'S

7  LICENSE INFORMATION, CORRECT?

8      MR. BECHER:  YES, BUT NOT THE APPLE/NOKIA.

9      THE COURT:  AT LEAST AS FAR AS YOU'RE AWARE, AFTER

10  THAT FEBRUARY 2013 TRANSMISSION THERE HAVE BEEN NO FURTHER

11  TRANSMISSIONS BY QUINN EMANUEL.

12      MR. BECHER:  CORRECT, YOUR HONOR.

13      THE COURT:  THANK YOU, MR. BECHER.

14      MR. QUINN:  AND YOUR HONOR, ON THIS ISSUE OF

15  MR. SHIM, WHETHER HE DELETED THE REPORT AS HE WAS INSTRUCTED TO

16  IN DECEMBER, SAID HE WAS DELETE IT THE IMPROPERLY REDACTED ONE,

17  HE RECEIVED ANOTHER CONY OF THE ONE THAT WAS ALREADY OUT THERE.

18      THE COURT:  AT SOME POINT AFTER DECEMBER 2012.

19      MR. QUINN:  YES.

20      THE COURT:  WHO SENT HIM THAT?

21      MR. QUINN:  BRISTOLS.

22      THE COURT:  SO THE BRISTOLS FIRM SENT MR. SHIM --

23      MR. QUINN:  IT WAS THIS THING THAT WAS OUT THERE,

24  SEND IT TO HIM.

25      SO THEY SAY SINCE HE SENT IT BACK TO US IN MAY HE NEVER

66

```
 1    COMPLIED WITH THE INSTRUCTION TO DELETE.

 2         WE DON'T FRANKLY KNOW IF THAT'S TRUE.  WE DO KNOW HE GOT

 3    ANOTHER COPY -- I DON'T THINK WE KNOW THE ANSWER TO THAT

 4              THE COURT:  DID ANYBODY ASK MR. SHIM?

 5              MR. QUINN:  I WOULD DEFER TO MR. ZELLER ON THIS,

 6    YOUR HONOR.

 7              THE COURT:  MR. ZELLER.

 8              MR. ZELLER:  YOUR HONOR, MY UNDERSTANDING IS THAT WE

 9    DID ASK MR. SHIM THAT QUESTION OF COURSE.  AND THAT HE JUST

10    COULD NOT RECALL.

11         NOW WHAT WE DO RECALL HAVE IS IN OUR CUSTODY IMAGES OF THE

12    DRIVES AND EVERYONE ELSE WE HAVE SEARCHED AND WE CAN OBVIOUSLY

13    TALK ABOUT THOSE AS WELL.  BUT THERE OF COURSE ARE COPIES.  WE

14    DO NOT KNOW, OR AT LEAST A COPY I SHOULD SAY, BECAUSE WE KNOW

15    IT CAME FROM BRISTOLS WE CAN TRY AND DO AN ANALYSIS, WE HAVE

16    NOT BEEN ABLE TO DO THAT.

17              THE COURT:  CAN I ASK MR. ZELLER, WHEN APPROXIMATELY

18    DID BRISTOLS SEND A REPORT TO MR. SHIM?

19              MR. ZELLER:  WE HAVE THAT EXACT DATE, IT'S AMONG THE

20    INFORMATION ABOUT OTHER OUTSIDE COUNSEL THAT WE HAVE DISCLOSED.

21    I CAN GET THAT EXACT DATE.

22              THE COURT:  I WOULD APPRECIATE HAVING THAT.

23              MR. QUINN:  CAN WE GET THAT YOUR HONOR, AND I WILL

24    PROCEED.

25              THE COURT:  WHY DON'T YOU PROCEED, IF YOU WOULD.
```

1          MR. QUINN:  I'M HOLDING UP THE KOPPELMAN EXHIBIT 13.

2     IT'S A STATEMENT FROM WILLIAMS & CONNOLLY.  IT'S NOT A ONE

3     LINER, IT'S A WHOLE PAGE, SINGLE SPACED.

4          WILLIAMS & CONNOLLY WAS REPRESENTING SAMSUNG VIS A VI

5     NOKIA.  THEY WERE BEFORE THEY APPEARED IN THE ITC CASE.  THERE

6     IS A HISTORY THERE.

7          BUT THE SUGGESTION THAT WILLIAMS & CONNOLLY WOULD SOMEHOW

8     BE INVOLVED IN ALL THESE LAW FIRMS INVOLVED IN SOME TYPE OF

9     MISCONDUCT OR KNOWING MISCONDUCT OR NEFARIOUS CONSPIRACY, I

10    THINK THERE'S JUST SIMPLY NO BASIS TO MAKE THAT TYPE OF

11    INSINUATION.

12         THEY OBJECT THAT MR. KOREA COULDN'T ANSWER QUESTIONS

13    ABOUT WHAT MR. AHN SAID AT THE JUNE 4TH MEETING.  THEY CITED

14    THAT AS ONE OF THE EXAMPLES OF HOW PREPARED MR. KOREA WAS.

15         MR. KOREA IS CHARGED IN ACCORDANCE WITH THIS COURT'S

16    ORDER THE 30(B)(6) WAS FAIRLY NARROW.  USE AND DISSEMINATION OF

17    THIS INFORMATION.  THAT WASN'T TAILORED TO USE AND

18    DISSEMINATION OF THE INFORMATION.  HE INTERVIEWED MR. AHN,

19    DR. AHN, HE ASKED THE QUESTIONS THAT HE ASKED.  THE VERY NEXT

20    DAY THEY WERE GOING TO DEPOSE AND DID DEPOSE DR. AHN TO ASK HIM

21    THAT.

22         SO I JUST DON'T THINK THAT'S A WEIGHTY CRITICISM OF

23    MR. KOREA'S WORK.  THEY SAW STROZ FRIEDBERG DON'T EVEN KNOW WHO

24    DR. AHN WAS.  STROZ FRIEDBERG ISN'T LOOKING AT DOCUMENTS.  THEY

25    ARE AN E-DISCOVERY VENDOR.  THEY ARE RUNNING COMPUTER PROGRAMS

1    THERE'S NO EVIDENCE OF ANY USE.  THESE ARGUMENTS THAT THEY HAVE

2    BEEN ABLE TO SPIN OUT ABOUT HOW WE USED IT FOR FRAND, THOSE

3    JUST FELL TO THE WAYSIDE.  WE HAD THAT INFORMATION.

4         I DIDN'T REALLY HEAR AN EXPLANATION ABOUT WHY THERE

5    WASN'T A DECLARATION FROM MR. MELIN OR THE OTHER PARTICIPANT

6    CONTROVERTS ANYTHING THAT DR. AHN SAID.

7         BUT I SUBMIT, YOUR HONOR, IF THAT'S AN ISSUE AND THIS

8    GOES FORWARD, WE SHOULD HAVE DISCOVERY.

9         THANK YOU, YOUR HONOR.

10         THE COURT:  THANK YOU, MR. QUINN.

11         BEFORE I LET YOU ALL GO FOR THE DAY I DID WANT TO SEE IF

12    EITHER OR ANY PARTY HAD AN ANSWER TO A QUESTION I RAISED

13    EARLIER WHICH IS THE NUMBER OF DOCUMENTS ON EACH OF THESE TWO

14    LOGS, DOES ANYBODY HAVE THE INFORMATION READILY AT HAND?  I

15    WILL GIVE YOU A MINUTE OR TWO IF IT WILL HELP.

16         MR. ZELLER:  I THINK THE SHORT ANSWER IS YOUR HONOR

17    AND I DO APOLOGIZE THAT THIS IS THE ANSWER IS THAT I DON'T

18    THINK WE KNOW.  BECAUSE WE WERE UNDER SUCH TIME PRESSURE AND

19    CONSTRAINTS WHEN WE PRODUCED THE LOGS IS WE DID NOT NUMBER

20    THEM.

21         WE HAVE BEEN TALKING TO THE OTHER SIDE.  THEY MADE REQUESTS

22    ABOUT OUR LOG THAT IS WE INTEND TO PROCESS ADDRESS.  ONE OF

23    THOSE ARE THE NUMBERS.  SO I APOLOGIZE I DO NOT HAVE THOSE.

24         BUT I THINK EVERYONE WOULD AGREE THERE'S A LARGE NUMBER

25    FOR THE REASONS MR. BECHER ARTICULATED WHICH IS THE COURT'S

```
1    ORDER WAS BROADER THAN JUST THOSE EXACT OR SPECIFIC TERMS

2    REFLECTED IN THE TEECE REPORT OR THE DRAFT TEECE REPORT.

3              THE COURT:  I APPRECIATE THAT INFORMATION.

4    MR. ZELLER?

5         DOES ANYBODY HAVE A BALLPARK?

6              MR. LEE:  YOUR HONOR, THERE ARE ABOUT 250 PAGES OF

7    THE LOG.

8              THE COURT:  OF THE LOG.

9              MR. LEE:  THE LOG IS 250 PAGES.  AND THERE ARE ON

10   AVERAGE.

11             MR. ZELLER:  THERE'S A LARGER ONE.

12             MR. LEE:  THERE ARE ABOUT IN TOTAL I'M LETTING

13   MR. ZELLER SEEING WHAT I'M DOING HERE, THERE ARE ABOUT

14   440 PAGES IN TOTAL.  THERE'S SOMEWHERE BETWEEN 3 TO 6, MAYBE ON

15   AVERAGE FIVE DOCUMENTS A PAGE.  SO I THINK IF YOU TOOK FIVE

16   TIMES 450 IT'S PRETTY CLOSE TO RIGHT.

17             THE COURT:  OKAY.  SO WE ARE TALKING ABOUT 2250.

18             MR. ZELLER:  YEAH.

19             THE COURT:  ALL RIGHT.

20        WELL, I APPRECIATE THE ARGUMENTS AND PRESENTATIONS THIS

21   AFTERNOON.  HERE IS WHAT WE ARE GOING TO DO.

22        I AM NOT YET SATISFIED THAT SANCTIONS ARE WARRANTED IN

23   THIS MATTER.  I'M ALSO NOT YET SATISFIED THAT I HAVE THE

24   INFORMATION THAT I NEED TO MAKE IN ORDER TO MAKE A DECISION

25   REGARDING THE REQUEST.
```

```
 1            THE ISSUE OF PRIVILEGE IS AN IMPORTANT ONE AS YOU ALL

 2     KNOW AND IT'S NOT TO BE TAKEN LIGHTLY.  THERE HAVE BEEN SERIOUS

 3     ENOUGH SUGGESTIONS THAT THE CRIME FRAUD EXCEPTION WOULD APPLY

 4     TO AT LEAST A SUBSET OF THESE DOCUMENTS THAT I THINK FURTHER

 5     SCRUTINY OF THE DOCUMENTS IS WARRANTED.

 6            SO HERE'S WHAT I'M GOING TO ASK AND ORDER.

 7            I'M GOING TO CONDUCT AN IN CAMERA REVIEW.  I USED TO BE

 8     PRETTY GOOD AT DOC REVIEW, IT LOOKS LIKE I GET TO TEST AND DUST

 9     OFF MY SKILLS.

10            I WOULD LIKE TO HAVE THOSE DOCUMENTS THAT ARE ON EACH OF

11     THESE TWO LOGS PROVIDED TO THE COURT IN TWO COPY SETS.

12            EACH SET SHOULD BE NUMBERED WITH TABS AND BINDERS, ANY

13     ATTACHMENTS TO ANY DOCUMENTS SHOULD BE PUT IMMEDIATELY BEHIND

14     THE NUMBERED TAB WITH A LETTERED TAB SO THAT I HAVE, FOR

15     EXAMPLE, DOC NUMBER 7 WITH AN ABC AND ANY ATTACHMENTS SO THAT

16     THEY ARE ARRANGED IN ANY WAY.

17            I'M GOING TO TAKE A LOOK AND ONCE I'VE TAKEN A LOOK I

18     WILL ISSUE A RULING ON WHAT WE ARE GOING TO DO.

19            MR. QUINN, YES.

20             MR. QUINN:  NOT TO COMPLICATE THINGS EVEN MORE, A LOT

21     OF THESE DOCUMENTS ARE IN KOREA AND I DON'T KNOW WHAT

22     YOUR HONOR'S ABILITY IS WITH --

23             THE COURT:  IT'S RATHER LIMITED, MR. QUINN.

24            ARE THERE ENGLISH TRANSLATIONS OF SOME OF THESE

25     DOCUMENTS?
```

1          THE COURT:  ALL RIGHT.

2          MR. ZELLER, DO YOU WANT TO RESPOND?

3          MR. ZELLER:  I THINK THAT WOULD BE AGREEABLE.    AND

4   I DIDN'T MEAN TO SUGGEST WE WOULD NECESSARILY BE PICKING THE

5   TRANSLATOR UNILATERALLY.  THERE ARE AGREED UPON TRANSLATORS

6   THAT WE HAVE USED DURING THE COURSE OF THE PROCEEDINGS FOR

7   DEPOSITIONS AND OTHER PURPOSES.

8          THE COURT:  OKAY.

9      WELL, I APPRECIATE THE CLARIFICATION.  I DO WANT TO HEAR

10  YOUR SECOND POINT MR. ZELLER, WHY DON'T YOU TELL ME.

11          MR. ZELLER:  SURE.

12      YOUR HONOR, SO WITH RESPECT TO THE DOCUMENTS, OF COURSE

13  THE COURT'S ORDER REQUIRED A BROADER SWATH THAN JUST THE

14  PARTICULAR INFORMATION AS WE TALKED ABOUT EARLIER.

15      SOME OF THESE DOCUMENTS THE COURT HAS MENTIONED

16  ATTACHMENTS.  SOME OF THOSE ATTACHMENTS RELATE TO COMPLETELY

17  DIFFERENT SUBJECTS.

18      SO ONE THING I WANTED TO INQUIRE ABOUT IS WHETHER THE

19  COURT WANTED IF SAY FOR EXAMPLE IT WAS A PARENT E-MAIL WE WILL

20  SAY AND IT HAD ONE OF THE TEECE REPORTS ATTACHED TO IT AND IT

21  HAD ANOTHER FIVE ATTACHMENTS, DOES THE COURT WANT ALL THAT

22  PAPER AS WELL?

23      WE CAN SEE, I'M NOT SURE LOGISTICALLY HOW DIFFICULT IT IS

24  BUT I WANT TO MAKE SURE WE ARE NOT SWAMPING THE COURT WITH

25  MATERIALS IT DID NOT WANT

```
 1              THE COURT:  NO.

 2          AGAIN, I APPRECIATE THE -- YOUR HIGHLIGHTING THIS ISSUE.  I

 3      DON'T KNOW OFF THE TOP OF MY HEAD WHETHER THERE'S ANY MORE

 4      EFFICIENT WAY THAN SIMPLY PROCEED WITH A COMPLETE PRODUCTION IN

 5      ENGLISH.

 6          I WANT TO GET AT THIS QUICKLY BECAUSE I HAVE ALREADY

 7      INDICATED I BELIEVE JUDGE KOH EXPRESSED HER VIEWS WE NEED TO

 8      GET THIS THING WRAPPED UP ONE WAY OR THE OTHER.

 9          SO I WOULD LIKE TO HAVE THE PRODUCTION MADE IMMEDIATELY.

10      I WOULD LIKE IF I COULD PRIORITIZE CERTAIN INDIVIDUALS WHO ARE

11      OF PARTICULAR INTEREST TO ME.

12          IN PARTICULAR, I WOULD LIKE TO HIGHLIGHT OR I WOULD LIKE

13      TO PRIORITIZE PRODUCTION OF ENGLISH E-MAILS EITHER TO OR FROM

14      DR. AHN, MR. KWAK, AND MR. KHAN, AS WELL AS MR. KIM.  THOSE ARE

15      THE FOUR INDIVIDUALS EITHER WHO, WELL, WHO HAVE GREATEST

16      INTEREST TO ME.

17          SO IF THEY RECEIVED OR SENT E-MAILS WITHIN THE UNIVERSE

18      OF WHAT WE ARE TALKING ABOUT I WOULD LIKE THOSE TRANSLATED

19      FIRST PRODUCED TO THE COURT IN THE MANNER I DESCRIBED.

20          FRANKLY THE SOONER WE GET THIS DONE THE BETTER I THINK IT

21      IS FOR ALL PARTIES.  SO RATHER THAN SET SOME IMPERIAL DEADLINE

22      THAT COULD NEVER BE MET, I'M NOT GOING TO DO THAT.  I WILL JUST

23      ORDER IT IMMEDIATELY.  AS THEY ARE PRODUCED TO THE COURT I WILL

24      REVIEW THEM, THEN ONCE I'VE HAD A CHANCE TO COMPLETE MY REVIEW

25      I WILL ISSUE AN ORDER.
```

```
 1              DOES THAT MAKE SENSE?

 2                   MR. ZELLER:  IT DOES, YOUR HONOR.

 3          SO AFTER THE FIRST WAVE WE WILL PRODUCE TO THE COURT THE

 4      REMAINDER.

 5                   THE COURT:  CORRECT.

 6                   MR. ZELLER:  THEN EVERYTHING ON BOTH LOGS.

 7                   THE COURT:  CORRECT.

 8          ALL RIGHT.

 9          MR. LEE, ANYTHING FURTHER?

10                   MR. LEE:  NOTHING FURTHER, YOUR HONOR.

11                   THE COURT:  MR. ALLEN?

12                   MR. ALLEN:  NO, YOUR HONOR.

13          THANK YOU.

14                   THE COURT:  HAVE A GOOD AFTERNOON.

15                   MR. ZELLER:  THANK YOU, YOUR HONOR.

16          (WHEREUPON, THE PROCEEDINGS IN THIS MATTER WERE CONCLUDED.)

17

18

19

20

21

22

23

24

25
```

1

2

3

4                    **CERTIFICATE OF REPORTER**

5

6

7

8          I, THE UNDERSIGNED OFFICIAL COURT

9    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12   CERTIFY:

13          THAT THE FOREGOING TRANSCRIPT,

14   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18   TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22

23

24   _____

25   SUMMER A. FISHER, CSR, CRR
     CERTIFICATE NUMBER 13185          DATED: 10/23/13

# EXHIBIT 38
# FILED UNDER SEAL

# EXHIBIT 39
# FILED UNDER SEAL

# EXHIBIT 40
# FILED UNDER SEAL

# EXHIBIT 41
# FILED UNDER SEAL

# EXHIBIT 42
# FILED UNDER SEAL