QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF PATRICK D. CURRAN IN SUPPORT OF  SAMSUNG'S RESPONSE TO NOVEMBER 8, 2013 ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT WARRANTED**<br><br>**Date**:   December 9, 2013<br>**Time**:   3:00 p.m.<br>**Place**:  Courtroom 5, 4th Floor<br>**Judge**: Hon. Paul S. Grewal |

<u>**DECLARATION OF PATRICK D. CURRAN**</u>

1.      I am a member of the bar of the State of New York, and a partner in the firm Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attorneys for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") in Case No. 12-cv-0630 LHK (PSG) ("the 630 action") in the Northern District of California.  I make this declaration of personal knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2.      On November 20, 2013, Apple's counsel, Daniel Thomasch, informed me that "our team made a filing error last night in connection with Apple's Opposition to Samsung's Motion to Strike, which involved the failure to properly designate certain exhibits to be filed under seal." Apple acknowledged that "at least one of those exhibits contains Google Source Code."  A true and correct copy of Mr. Thomasch's November 20 email to me is attached as Exhibit 1.

3.      On November 20, 2013, Apple's counsel, Brian Buroker, informed me that "documents we intended to file under seal are now restricted.  We will let you know if we learn whether those documents were accessed by the public."  A true and correct copy of Mr. Buroker's November 20 email to me is attached as Exhibit 1.

4.      On November 20, 2013, I asked Apple's counsel which November 19 exhibits containing confidential business information ("CBI") were publicly filed by Apple.  Apple's counsel responded that "[t]hese are the docket entries and exhibit letters at issue" and provided the following chart:

| D.I. | Doc Description |
|---|---|
| 964-4 | Ex. E-F – Samsung CBI |
| 964-5 | Ex. G – Samsung CBI |
| 964-6 | Ex. I – Google CBI |
| 964-7 | Ex. J – Apple, Microsoft, Novell |
| 964-8 | Ex. K – Google CBI |
| 964-9 | Ex. L – Samsung/Google CBI |
| 964-10 | Ex. M – Samsung/Google/Novell |
| 964-11 | Ex. N – Samsung/Google |

A true and correct copy of Mr. Buroker's November 20 email is attached as Exhibit 1.

5.      After reviewing the chart provided by Apple's counsel, attorneys at Quinn Emanuel

determined that the following documents had been publicly filed by Apple:

| D.I. | Doc Description | Description |
|------|----------------|-------------|
| 964-4 | Ex. E-F –Samsung CBI | Ex. E – Samsung's Objections and Responses to Apple's Sixth Set of Interrogatories (No. 41) with Attachment A<br>Ex. F – Infringement Claim Chart for '959 Patent |
| 964-5 | Ex. G – Samsung CBI | Appendix to the Infringement Claim Chart – Galaxy S III v. '959 Patent |
| 964-6 | Ex. I – Google CBI | Excerpts of Rinard Rebuttal Report re Claims 24 and 25 of '959 Patent |
| 964-7 | Ex. J – Apple, Microsoft, Novell | Excerpts of Snoeren Rebuttal Report re '959 and '414 Patents |
| 964-8 | Ex. K – Google CBI | Excerpts of Infringement Claim Chart – Galaxy S III v. '414 Patent |
| 964-9 | Ex. L – Samsung/Google CBI | Excerpts of Snoeren Opening Report re '959 and '414 Patents ; and Exhibit 7N attached |
| 964-10 | Ex. M – Samsung/Google/Novell | Excerpts from October 1, 2013 Deposition of J. Chase |
| 964-11 | Ex. N – Samsung/Google | Excerpts from Chase Opening Report re Invalidity of '414 Patent |

6.      After I confirmed that the clerk had in fact sealed attachments 4, 5, 6, 7,8, 9, 10, and 11 (Dkt. 964, filed November 19) at the request of Apple's counsel on November 20, attorneys at Quinn Emanuel noticed that there was a similar entry for a different Apple filing on November 5.  In particular, the November 5 docket entry for Apple's Administrative Motion to File Under Seal Apple's Motion to Strike Arguments from Samsung's Invalidity and Non-Infringement Expert Reports (Dkt. 882, filed November 5), contained the following text: "**Modified on 11/6/2013 sealinging [*sic*] attachment #18 pursuant to counsel's request** (dhmS, COURT STAFF)."

7.      On November 20, 2013, I asked Apple's counsel whether Apple had asked the clerk for download records from Pacer for the exhibits at issue, and whether Apple could copy Samsung's counsel on correspondence with the clerk about download records and forward any prior correspondence with the clerk regarding sealing.  Furthermore, after discovering the November 5 docket entry, I asked Apple's counsel:  "Does this mean Dkt. 882-18 was filed as public & then later sealed?  If so, can you send me any info you have on that issue – was there Samsung CBI or Google CBI in that document, and do we know anything about download

1    records?"  A true and correct copy of my November 20 email to Apple's counsel is attached as

2    Exhibit 2.

3        8.    In response, on November 20, 2013, Apple's counsel stated "how much we regret

4    the filing errors that were made yesterday on several exhibits to our opposition to the motion to

5    strike and, as you pointed out and I learned about today, November 5 with respect to a single

6    exhibit.  We are re-evaluating our filing process to determine how these mistakes occurred and

7    have already put in place procedures to prevent similar mistakes from happening in the future.  As

8    was the case with the filing mistakes made by Samsung in 1846, we recognize the importance of

9    evaluating and correcting our processes going forward."  Regarding whether there had been

10   downloads of the November 5 or November 19 exhibits that should have been filed under seal,

11   Apple's counsel stated that "ECF does not have records as to any non-parties that access filings,

12   that information relating to what parties access Pacer filings resides with Pacer and Pacer will only

13   provide that information as to what documents or exhibits are accessed and downloaded when

14   required by a Grand Jury Subpoena."  Regarding the November 5 filing, Apple's counsel stated

15   "We are looking into the November 5 mis-designation of the one exhibit you indicated, but it

16   appears to have Google CBI . . . ."  Apple's counsel also attached several emails between his firm

17   and the clerk requesting that the November 19 exhibits be filed under seal.  A true and correct

18   copy of Mr. Buroker's November 20 email and the attachments thereto is attached as Exhibit 3.

19       9.    On November 21, 2013, I asked Apple's counsel whether Apple would provide the

20   same details for the November 5 filing that it provided regarding the November 19 filing,

21   including any correspondence with the clerk.  A true and correct copy of my November 21 email

22   to Apple's counsel is attached as Exhibit 4.

23       10.   In response, on November 21, 2013, Apple's counsel provided a copy of an email

24   between his firm and the clerk requesting sealing of the November 5 exhibit.  A true and correct

25   copy of Mr. Buroker's November 21 email and attachments thereto is attached as Exhibit 5.

26       11.   On November 21, 2013, I asked Apple counsel the following: "We've searched our

27   emails and can't find record of us discussing the Nov. 5 filing error before yesterday.  Were our

28   emails yesterday the first time our firm received notice of the filing error, or was there an earlier

DECLARATION OF PATRICK D. CURRAN IN SUPPORT OF SAMSUNG'S RESPONSE TO NOVEMBER 8,
2013 ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT WARRANTED

communication we're missing?"  A true and correct copy of my November 21 email to Apple's counsel is attached as Exhibit 6.

12.    Four days later, on November 25, 2013, Apple's counsel stated that "I am checking on that."  A true and correct copy of Mr. Buroker's November 25 email to me is attached as Exhibit 7.

13.    In response, on November 25, 2013, I asked Apple's counsel if they could please provide a response by the end of the day regarding this issue.  A true and correct copy of my November 25 email to Apple's counsel is attached as Exhibit 8.

14.    As of today's date, December 2, 2013, I have not received a response from Apple's counsel regarding whether Apple had informed opposing counsel of Apple's public filing of CBI on November 5, before Quinn Emanuel discovered the filing error on November 20.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed on December 2, 2013, at New York, New York.

By  */s/ Patrick D. Curran*

Patrick D. Curran

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document.  I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Patrick D. Curran.


/s/ Victoria F. Maroulis

Victoria F. Maroulis

DECLARATION OF PATRICK D. CURRAN IN SUPPORT OF SAMSUNG'S RESPONSE TO NOVEMBER 8, 2013 ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT WARRANTED

# EXHIBIT 1

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 11:56 AM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

| D.I. | Doc Description |
|------|-----------------|
| 964-4 | Ex. E-F –Samsung CBI |
| 964-5 | Ex. G – Samsung CBI |
| 964-6 | Ex. I – Google CBI |
| 964-7 | Ex. J – Apple, Microsoft, Novell |
| 964-8 | Ex. K – Google CBI |
| 964-9 | Ex. L – Samsung/Google CBI |
| 964-10 | Ex. M – Samsung/Google/Novell |
| 964-11 | Ex. N – Samsung/Google |

These are the docket entries and exhibit letters at issue.

**Brian Buroker**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com

**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Wednesday, November 20, 2013 11:51 AM
**To:** Buroker, Brian M.
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian – can you let me know which exhibits were at issue here?

Best

Patrick

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 11:45 AM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Patrick,

      Dan is not available at the moment but asked me to let you know that the issue is now resolved. The documents we intended to file under seal are now restricted. We will let you know if we learn whether those documents were accessed by the public.

      Please feel free to call me with any questions.

Thanks,
Brian

**Brian Buroker**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com

**From:** Thomasch, Daniel J.
**Sent:** Wednesday, November 20, 2013 11:26 AM
**To:** patrickcurran@quinnemanuel.com
**Subject:** Apple v. Samsung: Confidentiality Issue

Patrick:

I tried to reach you by telephone a short while ago to inform you that our team made a filing error last night in connection with Apple's Opposition to Samsung's Motion to Strike, which involved the failure to properly designate certain exhibits to be filed under seal. My understanding is that at least one of those exhibits contains Google Source Code. We have sent individuals from Gibson Dunn to both the San Jose and San Francisco courthouses, and are making constant efforts to reach court personnel by telephone. As you know, the Clerk's Office is not yet open, but we are attempting to reach someone in that office or in chambers in order to have the confidential material taken down from public access as soon as possible. We hope to have confirmation soon that we have succeeded in that regard, which I will pass on to you. Nevertheless, I wanted you to have the information this morning. Please feel free to call me at your convenience.

Thank you.

Dan

**Daniel J. Thomasch**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3800 • Fax +1 212.351.6200
DThomasch@gibsondunn.com · www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

# EXHIBIT 2

**From:** Patrick Curran
**Sent:** Wednesday, November 20, 2013 4:32 PM
**To:** 'Buroker, Brian M.'
**Cc:** 'Thomasch, Daniel J.'
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian. I'll get this information to Samsung and to Google and let you know if there are questions.

I took a look at the public docket and these entries are now all sealed:

| 11/19/2013 | 964 | Administrative Motion to File Under Seal filed by Apple Inc.(a California corporation). (Attachments: # 1 Declaration Samuel K. Whitt In Support of Apple's Motion to File Documents Under Seal Relating to Apple's Opposition to Samsung's Motion to Strike Regarding Apple Patents (D.I. 880), # 2 Declaration of Jennifer Rho In Support of Apple's Opposition to Samsung's Motion to Strike Regarding Apple Patents (D.I. 880), # 3 Exhibit Rho Exhibits A-D, # 4 Exhibit Unredacted version Rho Exhibits E-F, # 5 Exhibit Unredacted version Rho Exhibits G, # 6 Exhibit Unredacted version Rho Exhibits I, # 7 Exhibit Unredacted version Rho Exhibits J, # 8 Exhibit Unredacted version Rho Exhibits K, # 9 Exhibit Unredacted version Rho Exhibits L, # 10 Exhibit Unredacted version Rho Exhibits M, # 11 Exhibit Unredacted version Rho Exhibits N, # 12 Exhibit Rho Exhibits O, # 13 Exhibit Unredacted version Rho Exhibits P, # 14 Exhibit Unredacted version Rho Exhibits R, # 15 Exhibit Unredacted version Rho Exhibits S, # 16 Exhibit Redacted Version Rho Exhibit S, # 17 Exhibit Unredacted version Rho Exhibits T, # 18 Exhibit Rho Exhibits U-V, # 19 Exhibit Rho Exhibits W, # 20 Exhibit Rho Exhibits X, # 21 Exhibit Rho Exhibits Y, # 22 Exhibit Rho Exhibits AA, # 23 Exhibit Rho Exhibits BB-GG, # 24 Redacted Opposition to DI 880, # 25 Unredacted Opposition to DI 880, # 26 Proposed Order)(Lyon, Hervey) (Filed on 11/19/2013) Modified on 11/20/2013 **PURSUANT TO COUNSEL'S REQUEST, ATTACHMENTS 4, 5, 6, 7, 8, 9, 10 AND 11 LOCKED** (dhmS, COURT STAFF). (Entered: 11/20/2013) |
| --- | --- | --- |

Your email mentioned information about downloads. Does that mean you've already asked the Clerk for any download records for the public versions of these docs? If so, can you copy us on correspondence with the Clerk about that issue & send us any prior correspondence?

Also, when I looked at the public docket, I saw a similar entry for a different Apple filing on November 5:

| 11/05/2013 | 882 | Administrative Motion to File Under Seal *Apple's Motion to Strike Arguments from Samsung's Invalidity and Non-Infringement Expert Reports* filed by Apple Inc.(a California corporation). (Attachments: # 1 Proposed Order, # 2 Declaration of Emily Fedman In Support of Motion to File Under Seal, # 3 Unredacted version-Apple's Notice of Motion and Motion to Strike Arguments from Samsung's Invalidity and Non-Infringment Expert Reports, # 4 Redacted Version-Apple's, # 5 Proposed Order, # 6 Declaration of Joshua Furman In Support of Apple's Motion to Strike, # 7 Exhibit Furman Ex 1, # 8 Exhibit Furman Ex 2, # 9 Exhibit Furman Ex 3, # 10 Exhibit Furman Ex 4, # 11 Exhibit Furman Ex 5, # 12 Exhibit Furman Ex 6, # 13 Exhibit Furman Ex 7, # 14 Exhibit Furman Ex 8, # 15 Exhibit Furman Ex 9, # 16 Exhibit Furman Ex 10, # 17 Exhibit Furman Ex 11, # 18 Exhibit Furman Ex 12, # 19 Exhibit Furman Ex 13, # 20 Exhibit Furman Ex 14, # 21 Exhibit Furman Ex 15, # 22 Exhibit Furman Ex 16, # 23 Exhibit Furman Ex 17, # 24 Exhibit Furman Ex 18, # 25 Exhibit Furman Ex 19, # 26 Exhibit Furman Ex 20, # 27 Exhibit Furman Ex 21, # 28 Exhibit Furman Ex 22, # |
| --- | --- | --- |

<table>
<tbody>
<tr><td></td><td></td><td>29 Exhibit Furman Ex 23, # 30 Exhibit Furman Ex 24, # 31 Exhibit Furman Ex 25, # 32 Exhibit Furman Ex 26, # 33 Exhibit Unredacted Furman Ex 27, # 34 Exhibit Redacted version Furman Ex 27, # 35 Exhibit Furman Ex 29, # 36 Furman Ex 30, # 37 Furman Ex 31, # 38 Furman Ex 32, # 39 Furman Ex 33, # 40 Furman Ex 34, # 41 Furman Ex 35, # 42 Furman Ex 36, # 43 Furman Ex 37, # 44 Furman Ex 38, # 45 Furman Ex 39, # 46 Furman Ex 40, # 47 Furman Ex 41, # 48 Furman Ex 42, # 49 Furman Ex 43, # 50 Redacted version-Furman Ex 28, # 51 Unredacted version-Furman Ex 28)(Lyon, Hervey) (Filed on 11/5/2013) **Modified on 11/6/2013 sealing attachment #18 pursuant to counsel's request** (dhmS, COURT STAFF). (Entered: 11/05/2013)</td></tr>
</tbody>
</table>

Does this mean Dkt. 882-18 was filed as public & then later sealed? If so, can you send me any info you have on that issue – was there Samsung CBI or Google CBI in that document, and do we know anything about download records? If you could let me know today I'd appreciate it, as I suspect clients will have questions.

Thanks

Patrick

---

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 11:56 AM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

| D.I. | Doc Description |
|---|---|
| 964-4 | Ex. E-F – Samsung CBI |
| 964-5 | Ex. G – Samsung CBI |
| 964-6 | Ex. I – Google CBI |
| 964-7 | Ex. J – Apple, Microsoft, Novell |
| 964-8 | Ex. K – Google CBI |
| 964-9 | Ex. L – Samsung/Google CBI |
| 964-10 | Ex. M – Samsung/Google/Novell |
| 964-11 | Ex. N – Samsung/Google |

These are the docket entries and exhibit letters at issue.

**Brian Buroker**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com

---

**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Wednesday, November 20, 2013 11:51 AM
**To:** Buroker, Brian M.

**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian – can you let me know which exhibits were at issue here?

Best

Patrick

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 11:45 AM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Patrick,
        Dan is not available at the moment but asked me to let you know that the issue is now resolved. The documents we intended to file under seal are now restricted. We will let you know if we learn whether those documents were accessed by the public.

        Please feel free to call me with any questions.

Thanks,
Brian

**Brian Buroker**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com

**From:** Thomasch, Daniel J.
**Sent:** Wednesday, November 20, 2013 11:26 AM
**To:** patrickcurran@quinnemanuel.com
**Subject:** Apple v. Samsung: Confidentiality Issue

Patrick:

I tried to reach you by telephone a short while ago to inform you that our team made a filing error last night in connection with Apple's Opposition to Samsung's Motion to Strike, which involved the failure to properly designate certain exhibits to be filed under seal. My understanding is that at least one of those exhibits contains Google Source Code. We have sent individuals from Gibson Dunn to both the San Jose and San Francisco courthouses, and are making constant efforts to reach court personnel by telephone. As you know, the Clerk's Office is not yet open, but we are attempting to reach someone in that office or in chambers in order to have the confidential material taken down from public access as soon as possible. We hope to have confirmation soon that we have succeeded in that regard, which I will pass on to you. Nevertheless, I wanted you to have the information this morning. Please feel free to call me at your convenience.

Thank you.

Dan

**Daniel J. Thomasch**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3800 • Fax +1 212.351.6200
DThomasch@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

# EXHIBIT 3

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 10:04 PM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Patrick,

I have been looking into your questions and have some answers for you.  First, let me say again how much we regret the filing errors that were made yesterday on several exhibits to our opposition to the motion to strike and, as you pointed out and I learned about today, November 5 with respect to a single exhibit.  We are re-evaluating our filing process to determine how these mistakes occurred and have already put in place procedures to prevent similar mistakes from happening in the future.  As was the case with the filing mistakes made by Samsung in 1846, we recognize the importance of evaluating and correcting our processes going forward.

As for your specific questions, as you will see from our emails, once we learned about the incorrect designation of exhibits to the brief that were intended to be restricted/sealed (as indicated in our motion to seal), we immediately emailed the Court to have that error corrected.  We then followed up by sending attorneys to both the San Francisco and San Jose courthouses to talk to clerks in person to ensure that the clerk's office received our email and corrected the error as soon as possible.  We learned that the correction was made by the Court at 7:38 a.m. this morning.

Subsequent to the correction, we spoke to a gentleman at the Northern District of California ECF Helpdesk: 866-638-7829 and a woman at the Pacer customer service center 800-676-6856.  Both individuals informed us that ECF does not have records as to any non-parties that access filings, that information relating to what parties access Pacer filings resides with Pacer and Pacer will only provide that information as to what documents or exhibits are accessed and downloaded when required by a Grand Jury Subpoena.

We are looking into the November 5 mis-designation of the one exhibit you indicated, but it appears to have Google CBI and was restricted the next day based on a prompt request for it to be corrected.

Please let me know if you have any further questions.
Thank you,
Brian




**Brian Buroker**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com

**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Wednesday, November 20, 2013 4:32 PM
**To:** Buroker, Brian M.

1

**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian. I'll get this information to Samsung and to Google and let you know if there are questions.

I took a look at the public docket and these entries are now all sealed:

| 11/19/2013 | 964 | Administrative Motion to File Under Seal filed by Apple Inc.(a California corporation). (Attachments: # 1 Declaration Samuel K. Whitt In Support of Apple's Motion to File Documents Under Seal Relating to Apple's Opposition to Samsung's Motion to Strike Regarding Apple Patents (D.I. 880), # 2 Declaration of Jennifer Rho In Support of Apple's Opposition to Samsung's Motion to Strike Regarding Apple Patents (D.I. 880), # 3 Exhibit Rho Exhibits A-D, # 4 Exhibit Unredacted version Rho Exhibits E-F, # 5 Exhibit Unredacted version Rho Exhibits G, # 6 Exhibit Unredacted version Rho Exhibits I, # 7 Exhibit Unredacted version Rho Exhibits J, # 8 Exhibit Unredacted version Rho Exhibits K, # 9 Exhibit Unredacted version Rho Exhibits L, # 10 Exhibit Unredacted version Rho Exhibits M, # 11 Exhibit Unredacted version Rho Exhibits N, # 12 Exhibit Rho Exhibits O, # 13 Exhibit Unredacted version Rho Exhibits P, # 14 Exhibit Unredacted version Rho Exhibits R, # 15 Exhibit Unredacted version Rho Exhibits S, # 16 Exhibit Redacted Version Rho Exhibit S, # 17 Exhibit Unredacted version Rho Exhibits T, # 18 Exhibit Rho Exhibits U-V, # 19 Exhibit Rho Exhibits W, # 20 Exhibit Rho Exhibits X, # 21 Exhibit Rho Exhibits Y, # 22 Exhibit Rho Exhibits AA, # 23 Exhibit Rho Exhibits BB-GG, # 24 Redacted Opposition to DI 880, # 25 Unredacted Opposition to DI 880, # 26 Proposed Order)(Lyon, Hervey) (Filed on 11/19/2013) Modified on 11/20/2013 **PURSUANT TO COUNSEL'S REQUEST, ATTACHMENTS 4, 5, 6, 7, 8, 9, 10 AND 11 LOCKED** (dhmS, COURT STAFF). (Entered: 11/20/2013) |
| --- | --- | --- |

Your email mentioned information about downloads. Does that mean you've already asked the Clerk for any download records for the public versions of these docs? If so, can you copy us on correspondence with the Clerk about that issue & send us any prior correspondence?

Also, when I looked at the public docket, I saw a similar entry for a different Apple filing on November 5:

| 11/05/2013 | 882 | Administrative Motion to File Under Seal *Apple's Motion to Strike Arguments from Samsung's Invalidity and Non-Infringement Expert Reports* filed by Apple Inc.(a California corporation). (Attachments: # 1 Proposed Order, # 2 Declaration of Emily Fedman In Support of Motion to File Under Seal, # 3 Unredacted version-Apple's Notice of Motion and Motion to Strike Arguments from Samsung's Invalidity and Non-Infringment Expert Reports, # 4 Redacted Version-Apple's, # 5 Proposed Order, # 6 Declaration of Joshua Furman In Support of Apple's Motion to Strike, # 7 Exhibit Furman Ex 1, # 8 Exhibit Furman Ex 2, # 9 Exhibit Furman Ex 3, # 10 Exhibit Furman Ex 4, # 11 Exhibit Furman Ex 5, # 12 Exhibit Furman Ex 6, # 13 Exhibit Furman Ex 7, # 14 Exhibit Furman Ex 8, # 15 Exhibit Furman Ex 9, # 16 Exhibit Furman Ex 10, # 17 Exhibit Furman Ex 11, # 18 Exhibit Furman Ex 12, # 19 Exhibit Furman Ex 13, # 20 Exhibit Furman Ex 14, # 21 Exhibit Furman Ex 15, # 22 Exhibit Furman Ex 16, # 23 Exhibit Furman Ex 17, # 24 Exhibit Furman Ex 18, # 25 Exhibit Furman Ex 19, # 26 Exhibit Furman Ex 20, # 27 Exhibit Furman Ex 21, # 28 Exhibit Furman Ex 22, # 29 Exhibit Furman Ex 23, # 30 Exhibit Furman Ex 24, # 31 Exhibit Furman Ex 25, # 32 Exhibit Furman Ex 26, # 33 Exhibit Unredacted Furman Ex 27, # 34 Exhibit Redacted version Furman Ex 27, # 35 Exhibit Furman Ex 29, # 36 Furman Ex 30, # 37 Furman Ex 31, # 38 Furman Ex 32, # 39 Furman Ex 33, # 40 Furman Ex 34, # 41 Furman Ex 35, # 42 Furman Ex 36, # 43 Furman Ex 37, # 44 Furman Ex 38, # 45 Furman Ex 39, # 46 Furman Ex 40, # 47 Furman Ex 41, # 48 Furman Ex 42, # 49 Furman Ex 43, # 50 Redacted version-Furman Ex 28, # 51 Unredacted version-Furman Ex 28)(Lyon, Hervey) (Filed on 11/5/2013) **Modified on 11/6/2013 sealling attachment #18 pursuant to counsel's request** (dhmS, COURT STAFF). (Entered: 11/05/2013) |
| --- | --- | --- |

Does this mean Dkt. 882-18 was filed as public & then later sealed? If so, can you send me any info you have on that issue – was there Samsung CBI or Google CBI in that document, and do we know anything about download records? If you could let me know today I'd appreciate it, as I suspect clients will have questions.

Thanks

Patrick

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 11:56 AM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

| D.I. | Doc Description |
|------|-----------------|
| 964-4 | Ex. E-F – Samsung CBI |
| 964-5 | Ex. G – Samsung CBI |
| 964-6 | Ex. I – Google CBI |
| 964-7 | Ex. J – Apple, Microsoft, Novell |
| 964-8 | Ex. K – Google CBI |
| 964-9 | Ex. L – Samsung/Google CBI |
| 964-10 | Ex. M – Samsung/Google/Novell |
| 964-11 | Ex. N – Samsung/Google |

These are the docket entries and exhibit letters at issue.

**Brian Buroker**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com

**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Wednesday, November 20, 2013 11:51 AM
**To:** Buroker, Brian M.
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian – can you let me know which exhibits were at issue here?

Best

Patrick

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 11:45 AM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Patrick,

      Dan is not available at the moment but asked me to let you know that the issue is now resolved.  The documents we intended to file under seal are now restricted.  We will let you know if we learn whether those documents were accessed by the public.

      Please feel free to call me with any questions.

Thanks,
Brian


**Brian Buroker**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com

**From:** Thomasch, Daniel J.
**Sent:** Wednesday, November 20, 2013 11:26 AM
**To:** patrickcurran@quinnemanuel.com
**Subject:** Apple v. Samsung: Confidentiality Issue

Patrick:

I tried to reach you by telephone a short while ago to inform you that our team made a filing error last night in connection with Apple's Opposition to Samsung's Motion to Strike, which involved the failure to properly designate certain exhibits to be filed under seal.  My understanding is that at least one of those exhibits contains Google Source Code.  We have sent individuals from Gibson Dunn to both the San Jose and San Francisco courthouses, and are making constant efforts to reach court personnel by telephone.  As you know, the Clerk's Office is not yet open, but we are attempting to reach someone in that office or in chambers in order to have the confidential material taken down from public access as soon as possible.  We hope to have confirmation soon that we have succeeded in that regard, which I will pass on to you.  Nevertheless, I wanted you to have the information this morning.  Please feel free to call me at your convenience.

Thank you.

Dan

**Daniel J. Thomasch**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3800 • Fax +1 212.351.6200
DThomasch@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

| **From:** | Lum, Phillip K. [PLum@gibsondunn.com] |
|---|---|
| **Sent:** | Wednesday, November 20, 2013 12:16 AM |
| **To:** | Diane_Miyashiro@cand.uscourts.gov |
| **Cc:** | Rho, Jennifer; Lum, Phillip K. |
| **Subject:** | Apple v. Samsung; Case No. 12-cv-630; Correction to Efiling Document No. 964 |

Dear Ms. Miyashiro,
The following documents were inadvertently not filed with a restricted access and contain confidential information, please change their access to restricted.
964-4, 964-5, 964-6, 964-7, 964-8, 964-9, 964-10, 964-11

Thank you for your assistance.
Respectfully,
Phillip K. Lum


Phillip  K. Lum, Esq.
IP Litigation Paralegal Coordinator

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2667 ◾ Fax +1 212.351.4035
plum@gibsondunn.com • www.gibsondunn.com

| From: | Rho, Jennifer [JRho@gibsondunn.com] |
|---|---|
| Sent: | Wednesday, November 20, 2013 1:07 AM |
| To: | Diane_Miyashiro@cand.uscourts.gov |
| Cc: | Lum, Phillip K.; Lyon, H. Mark |
| Subject: | URGENT - Apple v. Samsung; Case No. 12-cv-630 - Restriction Access Change Requested for D.I. 964 |

| Importance: | High |
|---|---|

Dear Ms. Miyashiro,

I apologize for the serial emails, but I wanted to add the "Urgent" flag to this email request to change the restriction access to the following documents filed in connection with D.I. 964: 964-4, 964-5, 964-6, 964-7, 964-8, 964-9, 964-10, and 964-11, which were inadvertently not filed with the "restricted" designation.

Thank you very much for your immediate attention to this email.

Thank you,
Jennifer


**Jennifer J. Rho**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7103 • Fax +1 213.229.6103
JRho@gibsondunn.com · www.gibsondunn.com

---

**From:** Lum, Phillip K.
**Sent:** Wednesday, November 20, 2013 12:16 AM
**To:** Diane_Miyashiro@cand.uscourts.gov
**Cc:** Rho, Jennifer; Lum, Phillip K.
**Subject:** Apple v. Samsung; Case No. 12-cv-630; Correction to Efiling Document No. 964

Dear Ms. Miyashiro,
The following documents were inadvertently not filed with a restricted access and contain confidential information, please change their access to restricted.
964-4, 964-5, 964-6, 964-7, 964-8, 964-9, 964-10, 964-11

Thank you for your assistance.
Respectfully,
Phillip K. Lum


Phillip  K. Lum, Esq.
IP Litigation Paralegal Coordinator

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

1

Tel +1 212.351.2667 ● Fax +1 212.351.4035
plum@gibsondunn.com • www.gibsondunn.com

| | |
|---|---|
| **From:** | Rho, Jennifer [JRho@gibsondunn.com] |
| **Sent:** | Wednesday, November 20, 2013 1:11 AM |
| **To:** | ECFHelpdesk@cand.uscourts.gov |
| **Cc:** | Lyon, H. Mark |
| **Subject:** | URGENT - Restriction Access Change Requested for Case No. 12-cv-630, D.I. 964 |

**Importance:**      High

To the Help Desk,

In a filing tonight in Case No. 12-cv-630, for D.I. 964, we inadvertently filed several documents without the "restricted" designation that should have been provided to them, and accordingly would like to request your assistance in changing their restriction status to "restricted."

In particular, could you please change the restriction access to the following documents filed in connection with D.I. 964, filed in Case No. 12-cv-630: 964-4, 964-5, 964-6, 964-7, 964-8, 964-9, 964-10, and 964-11, which were inadvertently not filed with the "restricted" designation.

Thank you very much for your immediate attention to this email.

Thank you, and please do not hesitate to contact me if you have any questions,
Jennifer

**Jennifer J. Rho**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7103 • Fax +1 213.229.6103
JRho@gibsondunn.com • www.gibsondunn.com

| | |
|---|---|
| **From:** | Rho, Jennifer [JRho@gibsondunn.com] |
| **Sent:** | Wednesday, November 20, 2013 7:03 AM |
| **To:** | ECFHelpdesk@cand.uscourts.gov |
| **Cc:** | Lyon, H. Mark |
| **Subject:** | RE: URGENT - Restriction Access Change Requested for Case No. 12-cv-630, D.I. 964 |

Hello,

I apologize for the serial emails, but in light of the urgency of the situation (the inadvertent failure to not restrict the exhibits at issue), I wanted to send another email regarding our request to change the restricted status – to "restrict" certain exhibits in D.I. 964, filed in Case No. 12-cv-630.

Thank you,
Jennifer


**Jennifer J. Rho**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7103 • Fax +1 213.229.6103
JRho@gibsondunn.com • www.gibsondunn.com

---

**From:** Rho, Jennifer
**Sent:** Wednesday, November 20, 2013 1:11 AM
**To:** ECFHelpdesk@cand.uscourts.gov
**Cc:** Lyon, H. Mark
**Subject:** URGENT - Restriction Access Change Requested for Case No. 12-cv-630, D.I. 964
**Importance:** High

To the Help Desk,

In a filing tonight in Case No. 12-cv-630, for D.I. 964, we inadvertently filed several documents without the "restricted" designation that should have been provided to them, and accordingly would like to request your assistance in changing their restriction status to "restricted."

In particular, could you please change the restriction access to the following documents filed in connection with D.I. 964, filed in Case No. 12-cv-630: 964-4, 964-5, 964-6, 964-7, 964-8, 964-9, 964-10, and 964-11, which were inadvertently not filed with the "restricted" designation.

Thank you very much for your immediate attention to this email.

Thank you, and please do not hesitate to contact me if you have any questions,
Jennifer


**Jennifer J. Rho**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7103 • Fax +1 213.229.6103
JRho@gibsondunn.com • www.gibsondunn.com

| | |
|---|---|
| **From:** | Cindy_Hernandez@cand.uscourts.gov |
| **Sent:** | Wednesday, November 20, 2013 9:23 AM |
| **To:** | Rho, Jennifer |
| **Subject:** | Re: URGENT - Apple v. Samsung; Case No. 12-cv-630 LHK  - Restriction Access Change Requested for D.I. 964 |

**Please contact Diane Miyashiro CSA for  Judge Koh at  Diane_Miyashiro@cand.uscourts.gov**

| | |
|---|---|
| From: | "Rho, Jennifer" <JRho@gibsondunn.com> |
| To: | "Cindy_Hernandez@cand.uscourts.gov" <Cindy_Hernandez@cand.uscourts.gov> |
| Cc: | "Lum, Phillip K." <PLum@gibsondunn.com>, "Lyon, H. Mark" <MLyon@gibsondunn.com> |
| Date: | 11/20/2013 02:04 AM |
| Subject: | URGENT - Apple v. Samsung; Case No. 12-cv-630 - Restriction Access Change Requested for D.I. 964 |

Dear Ms. Hernandez,

In a filing tonight in Case No. 12-cv-630, for D.I. 964, we inadvertently filed several documents without the "restricted" designation that should have been provided for them, and accordingly would like to request your assistance in changing their restriction status to "restricted."

In particular, could you please change the restriction access to "restricted" for the following documents filed in connection with D.I. 964, filed in Case No. 12-cv-630: 964-4, 964-5, 964-6, 964-7, 964-8, 964-9, 964-10, and 964-11 (964 -4 to 964-11), which were inadvertently not filed with the "restricted" designation.

Thank you very much for your immediate attention to this email.

Thank you, and please do not hesitate to contact me if you have any questions,
Jennifer

Jennifer J. Rho

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7103 • Fax +1 213.229.6103
JRho@gibsondunn.com · www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

| From: | Rho, Jennifer [JRho@gibsondunn.com] |
|---|---|
| Sent: | Wednesday, November 20, 2013 2:04 AM |
| To: | Cindy_Hernandez@cand.uscourts.gov |
| Cc: | Lum, Phillip K.; Lyon, H. Mark |
| Subject: | URGENT - Apple v. Samsung; Case No. 12-cv-630 - Restriction Access Change Requested for D.I. 964 |

| Importance: | High |
|---|---|

Dear Ms. Hernandez,

In a filing tonight in Case No. 12-cv-630, for D.I. 964, we inadvertently filed several documents without the "restricted" designation that should have been provided for them, and accordingly would like to request your assistance in changing their restriction status to "restricted."

In particular, could you please change the restriction access to "restricted" for the following documents filed in connection with D.I. 964, filed in Case No. 12-cv-630: 964-4, 964-5, 964-6, 964-7, 964-8, 964-9, 964-10, and 964-11 (964 - 4 to 964-11), which were inadvertently not filed with the "restricted" designation.

Thank you very much for your immediate attention to this email.

Thank you, and please do not hesitate to contact me if you have any questions,
Jennifer

**Jennifer J. Rho**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7103 • Fax +1 213.229.6103
JRho@gibsondunn.com • www.gibsondunn.com

1

# EXHIBIT 4

| | |
|---|---|
| **From:** | Patrick Curran |
| **Sent:** | Thursday, November 21, 2013 8:11 AM |
| **To:** | Buroker, Brian M. |
| **Cc:** | Thomasch, Daniel J. |
| **Subject:** | RE: Apple v. Samsung:  Confidentiality Issue |

Also, I appreciate these details regarding the November 19 filing – could your team provide those same details for the November 5 filing, including any correspondence with the clerk?  I suspect clients will ask us for the same level of detail regarding both incidents.

Thanks,

Patrick

**From:** Patrick Curran
**Sent:** Thursday, November 21, 2013 11:03 AM
**To:** 'Buroker, Brian M.'
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian.  I've given this information to Samsung and to Google.  I'll let you know if they have questions.

One issue I forgot to ask about, but that I'm sure clients will ask me:  was Apple sent any of the Nov. 5 or Nov. 19 exhibits that were filed as public & later put under seal?

Best

Patrick

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 10:04 PM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Patrick,

   I have been looking into your questions and have some answers for you.  First, let me say again how much we regret the filing errors that were made yesterday on several exhibits to our opposition to the motion to strike and, as you pointed out and I learned about today, November 5 with respect to a single exhibit.  We are re-evaluating our filing process to determine how these mistakes occurred and have already put in place procedures to prevent similar mistakes from happening in the future.  As was the case with the filing mistakes made by Samsung in 1846, we recognize the importance of evaluating and correcting our processes going forward.

   As for your specific questions, as you will see from our emails, once we learned about the incorrect designation of exhibits to the brief that were intended to be restricted/sealed (as indicated in our motion to seal), we immediately emailed the Court to have that error corrected.  We then followed up by sending attorneys to both the San Francisco

and San Jose courthouses to talk to clerks in person to ensure that the clerk's office received our email and corrected the error as soon as possible.  We learned that the correction was made by the Court at 7:38 a.m. this morning.

Subsequent to the correction, we spoke to a gentleman at the Northern District of California ECF Helpdesk: 866-638-7829 and a woman at the Pacer customer service center 800-676-6856.  Both individuals informed us that ECF does not have records as to any non-parties that access filings, that information relating to what parties access Pacer filings resides with Pacer and Pacer will only provide that information as to what documents or exhibits are accessed and downloaded when required by a Grand Jury Subpoena.

We are looking into the November 5 mis-designation of the one exhibit you indicated, but it appears to have Google CBI and was restricted the next day based on a prompt request for it to be corrected.

Please let me know if you have any further questions.
Thank you,
Brian


Brian Buroker

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com


**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Wednesday, November 20, 2013 4:32 PM
**To:** Buroker, Brian M.
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian.  I'll get this information to Samsung and to Google and let you know if there are questions.

I took a look at the public docket and these entries are now all sealed:

| 11/19/2013 | 964 | Administrative Motion to File Under Seal filed by Apple Inc.(a California corporation). (Attachments: # 1 Declaration Samuel K. Whitt In Support of Apple's Motion to File Documents Under Seal Relating to Apple's Opposition to Samsung's Motion to Strike Regarding Apple Patents (D.I. 880), # 2 Declaration of Jennifer Rho In Support of Apple's Opposition to Samsung's Motion to Strike Regarding Apple Patents (D.I. 880), # 3 Exhibit Rho Exhibits A-D, # 4 Exhibit Unredacted version Rho Exhibits E-F, # 5 Exhibit Unredacted version Rho Exhibits G, # 6 Exhibit Unredacted version Rho Exhibits I, # 7 Exhibit Unredacted version Rho Exhibits J, # 8 Exhibit Unredacted version Rho Exhibits K, # 9 Exhibit Unredacted version Rho Exhibits L, # 10 Exhibit Unredacted version Rho Exhibits M, # 11 Exhibit Unredacted version Rho Exhibits N, # 12 Exhibit Rho Exhibits O, # 13 Exhibit Unredacted version Rho Exhibits P, # 14 Exhibit Unredacted version Rho Exhibits R, # 15 Exhibit Unredacted version Rho Exhibits S, # 16 Exhibit Redacted Version Rho Exhibit S, # 17 Exhibit Unredacted version Rho Exhibits T, # 18 Exhibit Rho Exhibits U-V, # 19 Exhibit Rho Exhibits W, # 20 Exhibit Rho Exhibits X, # 21 Exhibit Rho Exhibits Y, # 22 Exhibit Rho Exhibits AA, # 23 Exhibit Rho Exhibits BB-GG, # 24 Redacted Opposition to DI 880, # 25 Unredacted Opposition to |

| | | DI 880, # 26 Proposed Order)(Lyon, Hervey) (Filed on 11/19/2013) Modified on 11/20/2013 **PURSUANT TO COUNSEL'S REQUEST, ATTACHMENTS 4, 5, 6, 7, 8, 9, 10 AND 11 LOCKED** (dhmS, COURT STAFF). (Entered: 11/20/2013) |

Your email mentioned information about downloads. Does that mean you've already asked the Clerk for any download records for the public versions of these docs? If so, can you copy us on correspondence with the Clerk about that issue & send us any prior correspondence?

Also, when I looked at the public docket, I saw a similar entry for a different Apple filing on November 5:

| 11/05/2013 | 882 | Administrative Motion to File Under Seal *Apple's Motion to Strike Arguments from Samsung's Invalidity and Non-Infringement Expert Reports* filed by Apple Inc.(a California corporation). (Attachments: # 1 Proposed Order, # 2 Declaration of Emily Fedman In Support of Motion to File Under Seal, # 3 Unredacted version-Apple's Notice of Motion and Motion to Strike Arguments from Samsung's Invalidity and Non-Infringement Expert Reports, # 4 Redacted Version-Apple's, # 5 Proposed Order, # 6 Declaration of Joshua Furman In Support of Apple's Motion to Strike, # 7 Exhibit Furman Ex 1, # 8 Exhibit Furman Ex 2, # 9 Exhibit Furman Ex 3, # 10 Exhibit Furman Ex 4, # 11 Exhibit Furman Ex 5, # 12 Exhibit Furman Ex 6, # 13 Exhibit Furman Ex 7, # 14 Exhibit Furman Ex 8, # 15 Exhibit Furman Ex 9, # 16 Exhibit Furman Ex 10, # 17 Exhibit Furman Ex 11, # 18 Exhibit Furman Ex 12, # 19 Exhibit Furman Ex 13, # 20 Exhibit Furman Ex 14, # 21 Exhibit Furman Ex 15, # 22 Exhibit Furman Ex 16, # 23 Exhibit Furman Ex 17, # 24 Exhibit Furman Ex 18, # 25 Exhibit Furman Ex 19, # 26 Exhibit Furman Ex 20, # 27 Exhibit Furman Ex 21, # 28 Exhibit Furman Ex 22, # 29 Exhibit Furman Ex 23, # 30 Exhibit Furman Ex 24, # 31 Exhibit Furman Ex 25, # 32 Exhibit Furman Ex 26, # 33 Exhibit Unredacted Furman Ex 27, # 34 Exhibit Redacted version Furman Ex 27, # 35 Exhibit Furman Ex 29, # 36 Furman Ex 30, # 37 Furman Ex 31, # 38 Furman Ex 32, # 39 Furman Ex 33, # 40 Furman Ex 34, # 41 Furman Ex 35, # 42 Furman Ex 36, # 43 Furman Ex 37, # 44 Furman Ex 38, # 45 Furman Ex 39, # 46 Furman Ex 40, # 47 Furman Ex 41, # 48 Furman Ex 42, # 49 Furman Ex 43, # 50 Redacted version-Furman Ex 28, # 51 Unredacted version-Furman Ex 28)(Lyon, Hervey) (Filed on 11/5/2013) **Modified on 11/6/2013 sealing attachment #18 pursuant to counsel's request** (dhmS, COURT STAFF). (Entered: 11/05/2013) |

Does this mean Dkt. 882-18 was filed as public & then later sealed? If so, can you send me any info you have on that issue – was there Samsung CBI or Google CBI in that document, and do we know anything about download records? If you could let me know today I'd appreciate it, as I suspect clients will have questions.

Thanks

Patrick

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 11:56 AM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

| D.I. | Doc Description |
|------|-----------------|
| 964-4 | Ex. E-F –Samsung CBI |
| 964-5 | Ex. G – Samsung CBI |

| 964-6 | Ex. I – Google CBI |
| 964-7 | Ex. J – Apple, Microsoft, Novell |
| 964-8 | Ex. K – Google CBI |
| 964-9 | Ex. L – Samsung/Google CBI |
| 964-10 | Ex. M – Samsung/Google/Novell |
| 964-11 | Ex. N – Samsung/Google |

These are the docket entries and exhibit letters at issue.

**Brian Buroker**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 · Fax +1 202.530.4200
BBuroker@gibsondunn.com · www.gibsondunn.com

**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Wednesday, November 20, 2013 11:51 AM
**To:** Buroker, Brian M.
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian – can you let me know which exhibits were at issue here?

Best

Patrick

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 11:45 AM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Patrick,

      Dan is not available at the moment but asked me to let you know that the issue is now resolved.  The documents we intended to file under seal are now restricted.  We will let you know if we learn whether those documents were accessed by the public.

      Please feel free to call me with any questions.

Thanks,
Brian

**Brian Buroker**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306

Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com

**From:** Thomasch, Daniel J.
**Sent:** Wednesday, November 20, 2013 11:26 AM
**To:** patrickcurran@quinnemanuel.com
**Subject:** Apple v. Samsung: Confidentiality Issue

Patrick:

I tried to reach you by telephone a short while ago to inform you that our team made a filing error last night in connection with Apple's Opposition to Samsung's Motion to Strike, which involved the failure to properly designate certain exhibits to be filed under seal. My understanding is that at least one of those exhibits contains Google Source Code. We have sent individuals from Gibson Dunn to both the San Jose and San Francisco courthouses, and are making constant efforts to reach court personnel by telephone. As you know, the Clerk's Office is not yet open, but we are attempting to reach someone in that office or in chambers in order to have the confidential material taken down from public access as soon as possible. We hope to have confirmation soon that we have succeeded in that regard, which I will pass on to you. Nevertheless, I wanted you to have the information this morning. Please feel free to call me at your convenience.

Thank you.

Dan

**Daniel J. Thomasch**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3800 • Fax +1 212.351.6200
DThomasch@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

# EXHIBIT 5

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Thursday, November 21, 2013 4:22 PM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Patrick,

        The exhibits at issue were not shared in unredacted form with Apple. In other words, the exhibits that were initially filed as public and then restricted early the next morning based on Apple's request were not sent to Apple after the filing in any form that included Samsung or Google CBI.

        For the November 5, 2013 exhibit that was restricted after an initial mis-designation, again, a prompt email to the clerk was sent upon discovery (attached). In addition, our team was prepared to call the clerk early in the morning but before we could call, the restriction had been changed by the clerk.

Brian


**Brian Buroker**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 · Fax +1 202.530.4200
BBuroker@gibsondunn.com · www.gibsondunn.com

---

**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Thursday, November 21, 2013 11:11 AM
**To:** Buroker, Brian M.
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Also, I appreciate these details regarding the November 19 filing – could your team provide those same details for the November 5 filing, including any correspondence with the clerk? I suspect clients will ask us for the same level of detail regarding both incidents.

Thanks,

Patrick


**From:** Patrick Curran
**Sent:** Thursday, November 21, 2013 11:03 AM
**To:** 'Buroker, Brian M.'
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian. I've given this information to Samsung and to Google. I'll let you know if they have questions.

One issue I forgot to ask about, but that I'm sure clients will ask me: was Apple sent any of the Nov. 5 or Nov. 19 exhibits that were filed as public & later put under seal?

Best

Patrick


**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 10:04 PM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Patrick,
    I have been looking into your questions and have some answers for you.  First, let me say again how much we regret the filing errors that were made yesterday on several exhibits to our opposition to the motion to strike and, as you pointed out and I learned about today, November 5 with respect to a single exhibit.  We are re-evaluating our filing process to determine how these mistakes occurred and have already put in place procedures to prevent similar mistakes from happening in the future.  As was the case with the filing mistakes made by Samsung in 1846, we recognize the importance of evaluating and correcting our processes going forward.

    As for your specific questions, as you will see from our emails, once we learned about the incorrect designation of exhibits to the brief that were intended to be restricted/sealed (as indicated in our motion to seal), we immediately emailed the Court to have that error corrected.  We then followed up by sending attorneys to both the San Francisco and San Jose courthouses to talk to clerks in person to ensure that the clerk's office received our email and corrected the error as soon as possible.  We learned that the correction was made by the Court at 7:38 a.m. this morning.

    Subsequent to the correction, we spoke to a gentleman at the Northern District of California ECF Helpdesk: 866-638-7829 and a woman at the Pacer customer service center 800-676-6856.  Both individuals informed us that ECF does not have records as to any non-parties that access filings, that information relating to what parties access Pacer filings resides with Pacer and Pacer will only provide that information as to what documents or exhibits are accessed and downloaded when required by a Grand Jury Subpoena.

    We are looking into the November 5 mis-designation of the one exhibit you indicated, but it appears to have Google CBI and was restricted the next day based on a prompt request for it to be corrected.

    Please let me know if you have any further questions.
Thank you,
Brian


**Brian Buroker**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306

Tel +1 202.955.8541 · Fax +1 202.530.4200
BBuroker@gibsondunn.com · www.gibsondunn.com

**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Wednesday, November 20, 2013 4:32 PM
**To:** Buroker, Brian M.
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian. I'll get this information to Samsung and to Google and let you know if there are questions.

I took a look at the public docket and these entries are now all sealed:

| 11/19/2013 | 964 | Administrative Motion to File Under Seal filed by Apple Inc.(a California corporation). (Attachments: # 1 Declaration Samuel K. Whitt In Support of Apple's Motion to File Documents Under Seal Relating to Apple's Opposition to Samsung's Motion to Strike Regarding Apple Patents (D.I. 880), # 2 Declaration of Jennifer Rho In Support of Apple's Opposition to Samsung's Motion to Strike Regarding Apple Patents (D.I. 880), # 3 Exhibit Rho Exhibits A-D, # 4 Exhibit Unredacted version Rho Exhibits E-F, # 5 Exhibit Unredacted version Rho Exhibits G, # 6 Exhibit Unredacted version Rho Exhibits I, # 7 Exhibit Unredacted version Rho Exhibits J, # 8 Exhibit Unredacted version Rho Exhibits K, # 9 Exhibit Unredacted version Rho Exhibits L, # 10 Exhibit Unredacted version Rho Exhibits M, # 11 Exhibit Unredacted version Rho Exhibits N, # 12 Exhibit Rho Exhibits O, # 13 Exhibit Unredacted version Rho Exhibits P, # 14 Exhibit Unredacted version Rho Exhibits R, # 15 Exhibit Unredacted version Rho Exhibits S, # 16 Exhibit Redacted Version Rho Exhibit S, # 17 Exhibit Unredacted version Rho Exhibits T, # 18 Exhibit Rho Exhibits U-V, # 19 Exhibit Rho Exhibits W, # 20 Exhibit Rho Exhibits X, # 21 Exhibit Rho Exhibits Y, # 22 Exhibit Rho Exhibits AA, # 23 Exhibit Rho Exhibits BB-GG, # 24 Redacted Opposition to DI 880, # 25 Unredacted Opposition to DI 880, # 26 Proposed Order)(Lyon, Hervey) (Filed on 11/19/2013) Modified on 11/20/2013 **PURSUANT TO COUNSEL'S REQUEST, ATTACHMENTS 4, 5, 6, 7, 8, 9, 10 AND 11 LOCKED** (dhmS, COURT STAFF). (Entered: 11/20/2013) |
|---|---|---|

Your email mentioned information about downloads. Does that mean you've already asked the Clerk for any download records for the public versions of these docs? If so, can you copy us on correspondence with the Clerk about that issue & send us any prior correspondence?

Also, when I looked at the public docket, I saw a similar entry for a different Apple filing on November 5:

| 11/05/2013 | 882 | Administrative Motion to File Under Seal *Apple's Motion to Strike Arguments from Samsung's Invalidity and Non-Infringement Expert Reports* filed by Apple Inc.(a California corporation). (Attachments: # 1 Proposed Order, # 2 Declaration of Emily Fedman In Support of Motion to File Under Seal, # 3 Unredacted version-Apple's Notice of Motion and Motion to Strike Arguments from Samsung's Invalidity and Non-Infringment Expert Reports, # 4 Redacted Version-Apple's, # 5 Proposed Order, # 6 Declaration of Joshua Furman In Support of Apple's Motion to Strike, # 7 Exhibit Furman Ex 1, # 8 Exhibit Furman Ex 2, # 9 Exhibit Furman Ex 3, # 10 Exhibit Furman Ex 4, # 11 Exhibit Furman Ex 5, # 12 Exhibit Furman Ex 6, # 13 Exhibit Furman Ex 7, # 14 Exhibit Furman Ex 8, # 15 Exhibit Furman Ex 9, # 16 Exhibit Furman Ex 10, # 17 Exhibit Furman Ex 11, # 18 Exhibit Furman Ex 12, # 19 Exhibit Furman Ex 13, # 20 Exhibit Furman Ex 14, # 21 Exhibit Furman Ex 15, # 22 Exhibit Furman Ex 16, # 23 Exhibit Furman Ex 17, # 24 Exhibit Furman Ex 18, # 25 Exhibit Furman Ex 19, # 26 Exhibit Furman Ex 20, # 27 Exhibit Furman Ex 21, # 28 Exhibit Furman Ex 22, # 29 Exhibit Furman Ex 23, # 30 Exhibit Furman Ex 24, # 31 Exhibit Furman Ex 25, # 32 Exhibit Furman Ex 26, # 33 Exhibit Unredacted Furman Ex 27, # 34 Exhibit Redacted version Furman Ex |
|---|---|---|

|  | 27, # <u>35</u> Exhibit Furman Ex 29, # <u>36</u> Furman Ex 30, # <u>37</u> Furman Ex 31, # <u>38</u> Furman Ex 32, # <u>39</u> Furman Ex 33, # <u>40</u> Furman Ex 34, # <u>41</u> Furman Ex 35, # <u>42</u> Furman Ex 36, # <u>43</u> Furman Ex 37, # <u>44</u> Furman Ex 38, # <u>45</u> Furman Ex 39, # <u>46</u> Furman Ex 40, # <u>47</u> Furman Ex 41, # <u>48</u> Furman Ex 42, # <u>49</u> Furman Ex 43, # <u>50</u> Redacted version-Furman Ex 28, # <u>51</u> Unredacted version-Furman Ex 28)(Lyon, Hervey) (Filed on 11/5/2013) **Modified on 11/6/2013 sealinging attachment #18 pursuant to counsel's request** (dhmS, COURT STAFF). (Entered: 11/05/2013) |
|---|---|

Does this mean Dkt. 882-18 was filed as public & then later sealed? If so, can you send me any info you have on that issue – was there Samsung CBI or Google CBI in that document, and do we know anything about download records? If you could let me know today I'd appreciate it, as I suspect clients will have questions.

Thanks

Patrick

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 11:56 AM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

| D.I. | Doc Description |
|---|---|
| 964-4 | Ex. E-F –Samsung CBI |
| 964-5 | Ex. G – Samsung CBI |
| 964-6 | Ex. I – Google CBI |
| 964-7 | Ex. J – Apple, Microsoft, Novell |
| 964-8 | Ex. K – Google CBI |
| 964-9 | Ex. L – Samsung/Google CBI |
| 964-10 | Ex. M – Samsung/Google/Novell |
| 964-11 | Ex. N – Samsung/Google |

These are the docket entries and exhibit letters at issue.

**Brian Buroker**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 · Fax +1 202.530.4200
BBuroker@gibsondunn.com · www.gibsondunn.com

**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Wednesday, November 20, 2013 11:51 AM
**To:** Buroker, Brian M.
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian – can you let me know which exhibits were at issue here?

Best

Patrick

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 11:45 AM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Patrick,

Dan is not available at the moment but asked me to let you know that the issue is now resolved. The documents we intended to file under seal are now restricted. We will let you know if we learn whether those documents were accessed by the public.

Please feel free to call me with any questions.

Thanks,
Brian

**Brian Buroker**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 · Fax +1 202.530.4200
BBuroker@gibsondunn.com · www.gibsondunn.com

**From:** Thomasch, Daniel J.
**Sent:** Wednesday, November 20, 2013 11:26 AM
**To:** patrickcurran@quinnemanuel.com
**Subject:** Apple v. Samsung: Confidentiality Issue

Patrick:

I tried to reach you by telephone a short while ago to inform you that our team made a filing error last night in connection with Apple's Opposition to Samsung's Motion to Strike, which involved the failure to properly designate certain exhibits to be filed under seal. My understanding is that at least one of those exhibits contains Google Source Code. We have sent individuals from Gibson Dunn to both the San Jose and San Francisco courthouses, and are making constant efforts to reach court personnel by telephone. As you know, the Clerk's Office is not yet open, but we are attempting to reach someone in that office or in chambers in order to have the confidential material taken down from public access as soon as possible. We hope to have confirmation soon that we have succeeded in that regard, which I will pass on to you. Nevertheless, I wanted you to have the information this morning. Please feel free to call me at your convenience.

Thank you.

Dan

**Daniel J. Thomasch**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3800 · Fax +1 212.351.6200
DThomasch@gibsondunn.com · www.gibsondunn.com

---

This message may contain confidential and privileged information. If it has been sent to you in error, please
reply to advise the sender of the error and then immediately delete this message.

---

| | |
|---|---|
| **From:** | Lum, Phillip K. [PLum@gibsondunn.com] |
| **Sent:** | Wednesday, November 06, 2013 12:59 AM |
| **To:** | 'Diane_Miyashiro@cand.uscourts.gov' |
| **Cc:** | Lyon, H. Mark; Rho, Jennifer |
| **Subject:** | Apple v. Samsung (Case 5:12-cv-00630-LHK-PSG); Document Nos. 882 |

Dear Ms. Miyashiro,

It came to our attention that document no. 882-18, filed in the above referenced case, was inadvertently not given a sealed restriction when it was e-filed.  We respectfully ask that you change the ECF settings for this document and give it a sealed restriction.

Respectfully,

Phillip K. Lum

Phillip K. Lum, Esq.
IP Litigation Paralegal Coordinator

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2667 ● Fax +1 212.351.4035
plum@gibsondunn.com • www.gibsondunn.com

# EXHIBIT 6

| | |
|---|---|
| **From:** | Patrick Curran |
| **Sent:** | Thursday, November 21, 2013 3:38 PM |
| **To:** | Buroker, Brian M. |
| **Cc:** | Thomasch, Daniel J. |
| **Subject:** | RE: Apple v. Samsung:  Confidentiality Issue |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Thanks Brian.  Two follow-up questions from my team:

1.  You said the exhibits "were not sent to Apple after the filing in any form that included Samsung or Google CBI."
    Thanks for confirming.  Does this mean those materials were not ever sent to Apple – including before the filing
    – in any form that included Samsung or Google CBI?  I think that is what you meant, but want to be sure I'm
    reading it right.

2.  We've searched our emails and can't find record of us discussing the Nov. 5 filing error before yesterday.  Were
    our emails yesterday the first time our firm received notice of the filing error, or was there an earlier
    communication we're missing?

Best

Patrick

---

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Thursday, November 21, 2013 4:22 PM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Patrick,

      The exhibits at issue were not shared in unredacted form with Apple.  In other words, the exhibits that were
initially filed as public and then restricted early the next morning based on Apple's request were not sent to Apple after
the filing in any form that included Samsung or Google CBI.

      For the November 5, 2013 exhibit that was restricted after an initial mis-designation, again, a prompt email to
the clerk was sent upon discovery (attached).  In addition, our team was prepared to call the clerk early in the morning
but before we could call, the restriction had been changed by the clerk.

Brian

**Brian Buroker**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306

1

Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com

**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Thursday, November 21, 2013 11:11 AM
**To:** Buroker, Brian M.
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Also, I appreciate these details regarding the November 19 filing – could your team provide those same details for the November 5 filing, including any correspondence with the clerk? I suspect clients will ask us for the same level of detail regarding both incidents.

Thanks,

Patrick

**From:** Patrick Curran
**Sent:** Thursday, November 21, 2013 11:03 AM
**To:** 'Buroker, Brian M.'
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian. I've given this information to Samsung and to Google. I'll let you know if they have questions.

One issue I forgot to ask about, but that I'm sure clients will ask me: was Apple sent any of the Nov. 5 or Nov. 19 exhibits that were filed as public & later put under seal?

Best

Patrick

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 10:04 PM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Patrick,
        I have been looking into your questions and have some answers for you. First, let me say again how much we regret the filing errors that were made yesterday on several exhibits to our opposition to the motion to strike and, as you pointed out and I learned about today, November 5 with respect to a single exhibit. We are re-evaluating our filing process to determine how these mistakes occurred and have already put in place procedures to prevent similar mistakes from happening in the future. As was the case with the filing mistakes made by Samsung in 1846, we recognize the importance of evaluating and correcting our processes going forward.

        As for your specific questions, as you will see from our emails, once we learned about the incorrect designation of exhibits to the brief that were intended to be restricted/sealed (as indicated in our motion to seal), we immediately emailed the Court to have that error corrected. We then followed up by sending attorneys to both the San Francisco

2

and San Jose courthouses to talk to clerks in person to ensure that the clerk's office received our email and corrected the error as soon as possible. We learned that the correction was made by the Court at 7:38 a.m. this morning.

Subsequent to the correction, we spoke to a gentleman at the Northern District of California ECF Helpdesk: 866-638-7829 and a woman at the Pacer customer service center 800-676-6856. Both individuals informed us that ECF does not have records as to any non-parties that access filings, that information relating to what parties access Pacer filings resides with Pacer and Pacer will only provide that information as to what documents or exhibits are accessed and downloaded when required by a Grand Jury Subpoena.

We are looking into the November 5 mis-designation of the one exhibit you indicated, but it appears to have Google CBI and was restricted the next day based on a prompt request for it to be corrected.

Please let me know if you have any further questions.
Thank you,
Brian

**Brian Buroker**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com

**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Wednesday, November 20, 2013 4:32 PM
**To:** Buroker, Brian M.
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian. I'll get this information to Samsung and to Google and let you know if there are questions.

I took a look at the public docket and these entries are now all sealed:

| 11/19/2013 | 964 | Administrative Motion to File Under Seal filed by Apple Inc.(a California corporation). (Attachments: # 1 Declaration Samuel K. Whitt In Support of Apple's Motion to File Documents Under Seal Relating to Apple's Opposition to Samsung's Motion to Strike Regarding Apple Patents (D.I. 880), # 2 Declaration of Jennifer Rho In Support of Apple's Opposition to Samsung's Motion to Strike Regarding Apple Patents (D.I. 880), # 3 Exhibit Rho Exhibits A-D, # 4 Exhibit Unredacted version Rho Exhibits E-F, # 5 Exhibit Unredacted version Rho Exhibits G, # 6 Exhibit Unredacted version Rho Exhibits I, # 7 Exhibit Unredacted version Rho Exhibits J, # 8 Exhibit Unredacted version Rho Exhibits K, # 9 Exhibit Unredacted version Rho Exhibits L, # 10 Exhibit Unredacted version Rho Exhibits M, # 11 Exhibit Unredacted version Rho Exhibits N, # 12 Exhibit Rho Exhibits O, # 13 Exhibit Unredacted version Rho Exhibits P, # 14 Exhibit Unredacted version Rho Exhibits R, # 15 Exhibit Unredacted version Rho Exhibits S, # 16 Exhibit Redacted Version Rho Exhibit S, # 17 Exhibit Unredacted version Rho Exhibits T, # 18 Exhibit Rho Exhibits U-V, # 19 Exhibit Rho Exhibits W, # 20 Exhibit Rho Exhibits X, # 21 Exhibit Rho Exhibits Y, # 22 Exhibit Rho Exhibits AA, # 23 Exhibit Rho Exhibits BB-GG, # 24 Redacted Opposition to DI 880, # 25 Unredacted Opposition to |

| | | DI 880, # 26 Proposed Order)(Lyon, Hervey) (Filed on 11/19/2013) Modified on 11/20/2013 **PURSUANT TO COUNSEL'S REQUEST, ATTACHMENTS 4, 5, 6, 7, 8, 9, 10 AND 11 LOCKED** (dhmS, COURT STAFF). (Entered: 11/20/2013) |

Your email mentioned information about downloads. Does that mean you've already asked the Clerk for any download records for the public versions of these docs? If so, can you copy us on correspondence with the Clerk about that issue & send us any prior correspondence?

Also, when I looked at the public docket, I saw a similar entry for a different Apple filing on November 5:

| 11/05/2013 | 882 | Administrative Motion to File Under Seal *Apple's Motion to Strike Arguments from Samsung's Invalidity and Non-Infringement Expert Reports* filed by Apple Inc.(a California corporation). (Attachments: # 1 Proposed Order, # 2 Declaration of Emily Fedman In Support of Motion to File Under Seal, # 3 Unredacted version-Apple's Notice of Motion and Motion to Strike Arguments from Samsung's Invalidity and Non-Infringement Expert Reports, # 4 Redacted Version-Apple's, # 5 Proposed Order, # 6 Declaration of Joshua Furman In Support of Apple's Motion to Strike, # 7 Exhibit Furman Ex 1, # 8 Exhibit Furman Ex 2, # 9 Exhibit Furman Ex 3, # 10 Exhibit Furman Ex 4, # 11 Exhibit Furman Ex 5, # 12 Exhibit Furman Ex 6, # 13 Exhibit Furman Ex 7, # 14 Exhibit Furman Ex 8, # 15 Exhibit Furman Ex 9, # 16 Exhibit Furman Ex 10, # 17 Exhibit Furman Ex 11, # 18 Exhibit Furman Ex 12, # 19 Exhibit Furman Ex 13, # 20 Exhibit Furman Ex 14, # 21 Exhibit Furman Ex 15, # 22 Exhibit Furman Ex 16, # 23 Exhibit Furman Ex 17, # 24 Exhibit Furman Ex 18, # 25 Exhibit Furman Ex 19, # 26 Exhibit Furman Ex 20, # 27 Exhibit Furman Ex 21, # 28 Exhibit Furman Ex 22, # 29 Exhibit Furman Ex 23, # 30 Exhibit Furman Ex 24, # 31 Exhibit Furman Ex 25, # 32 Exhibit Furman Ex 26, # 33 Exhibit Unredacted Furman Ex 27, # 34 Exhibit Redacted version Furman Ex 27, # 35 Exhibit Furman Ex 29, # 36 Furman Ex 30, # 37 Furman Ex 31, # 38 Furman Ex 32, # 39 Furman Ex 33, # 40 Furman Ex 34, # 41 Furman Ex 35, # 42 Furman Ex 36, # 43 Furman Ex 37, # 44 Furman Ex 38, # 45 Furman Ex 39, # 46 Furman Ex 40, # 47 Furman Ex 41, # 48 Furman Ex 42, # 49 Furman Ex 43, # 50 Redacted version-Furman Ex 28, # 51 Unredacted version-Furman Ex 28)(Lyon, Hervey) (Filed on 11/5/2013) **Modified on 11/6/2013 sealing attachment #18 pursuant to counsel's request** (dhmS, COURT STAFF). (Entered: 11/05/2013) |

Does this mean Dkt. 882-18 was filed as public & then later sealed? If so, can you send me any info you have on that issue – was there Samsung CBI or Google CBI in that document, and do we know anything about download records? If you could let me know today I'd appreciate it, as I suspect clients will have questions.

Thanks

Patrick

---

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 11:56 AM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

| D.I. | Doc Description |
|------|-----------------|
| 964-4 | Ex. E-F –Samsung CBI |
| 964-5 | Ex. G – Samsung CBI |

| 964-6 | Ex. I – Google CBI |
| 964-7 | Ex. J – Apple, Microsoft, Novell |
| 964-8 | Ex. K – Google CBI |
| 964-9 | Ex. L – Samsung/Google CBI |
| 964-10 | Ex. M – Samsung/Google/Novell |
| 964-11 | Ex. N – Samsung/Google |

These are the docket entries and exhibit letters at issue.

**Brian Buroker**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com

**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Wednesday, November 20, 2013 11:51 AM
**To:** Buroker, Brian M.
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian – can you let me know which exhibits were at issue here?

Best

Patrick

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 11:45 AM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Patrick,
        Dan is not available at the moment but asked me to let you know that the issue is now resolved. The documents we intended to file under seal are now restricted. We will let you know if we learn whether those documents were accessed by the public.

        Please feel free to call me with any questions.

Thanks,
Brian

**Brian Buroker**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306

Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com

**From:** Thomasch, Daniel J.
**Sent:** Wednesday, November 20, 2013 11:26 AM
**To:** patrickcurran@quinnemanuel.com
**Subject:** Apple v. Samsung: Confidentiality Issue

Patrick:

I tried to reach you by telephone a short while ago to inform you that our team made a filing error last night in connection with Apple's Opposition to Samsung's Motion to Strike, which involved the failure to properly designate certain exhibits to be filed under seal. My understanding is that at least one of those exhibits contains Google Source Code. We have sent individuals from Gibson Dunn to both the San Jose and San Francisco courthouses, and are making constant efforts to reach court personnel by telephone. As you know, the Clerk's Office is not yet open, but we are attempting to reach someone in that office or in chambers in order to have the confidential material taken down from public access as soon as possible. We hope to have confirmation soon that we have succeeded in that regard, which I will pass on to you. Nevertheless, I wanted you to have the information this morning. Please feel free to call me at your convenience.

Thank you.

Dan

**Daniel J. Thomasch**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3800 • Fax +1 212.351.6200
DThomasch@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

# EXHIBIT 7

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Monday, November 25, 2013 2:16 PM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Patrick,

       I confirm that you understood me correctly on point 1.

       On point 2, I am checking on that.

Brian


**Brian Buroker**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com


**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Thursday, November 21, 2013 6:38 PM
**To:** Buroker, Brian M.
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian. Two follow-up questions from my team:

1.  You said the exhibits "were not sent to Apple after the filing in any form that included Samsung or Google CBI." Thanks for confirming. Does this mean those materials were not ever sent to Apple – including before the filing – in any form that included Samsung or Google CBI? I think that is what you meant, but want to be sure I'm reading it right.

2.  We've searched our emails and can't find record of us discussing the Nov. 5 filing error before yesterday. Were our emails yesterday the first time our firm received notice of the filing error, or was there an earlier communication we're missing?

Best

Patrick


**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Thursday, November 21, 2013 4:22 PM
**To:** Patrick Curran

1

**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Patrick,

      The exhibits at issue were not shared in unredacted form with Apple.  In other words, the exhibits that were initially filed as public and then restricted early the next morning based on Apple's request were not sent to Apple after the filing in any form that included Samsung or Google CBI.

      For the November 5, 2013 exhibit that was restricted after an initial mis-designation, again, a prompt email to the clerk was sent upon discovery (attached).  In addition, our team was prepared to call the clerk early in the morning but before we could call, the restriction had been changed by the clerk.

Brian


**Brian Buroker**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 · Fax +1 202.530.4200
BBuroker@gibsondunn.com · www.gibsondunn.com

---

**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Thursday, November 21, 2013 11:11 AM
**To:** Buroker, Brian M.
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Also, I appreciate these details regarding the November 19 filing – could your team provide those same details for the November 5 filing, including any correspondence with the clerk?  I suspect clients will ask us for the same level of detail regarding both incidents.

Thanks,

Patrick


**From:** Patrick Curran
**Sent:** Thursday, November 21, 2013 11:03 AM
**To:** 'Buroker, Brian M.'
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian. I've given this information to Samsung and to Google. I'll let you know if they have questions.

One issue I forgot to ask about, but that I'm sure clients will ask me:  was Apple sent any of the Nov. 5 or Nov. 19 exhibits that were filed as public & later put under seal?

Best

Patrick

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 10:04 PM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Patrick,
      I have been looking into your questions and have some answers for you.  First, let me say again how much we regret the filing errors that were made yesterday on several exhibits to our opposition to the motion to strike and, as you pointed out and I learned about today, November 5 with respect to a single exhibit.  We are re-evaluating our filing process to determine how these mistakes occurred and have already put in place procedures to prevent similar mistakes from happening in the future.  As was the case with the filing mistakes made by Samsung in 1846, we recognize the importance of evaluating and correcting our processes going forward.

      As for your specific questions, as you will see from our emails, once we learned about the incorrect designation of exhibits to the brief that were intended to be restricted/sealed (as indicated in our motion to seal), we immediately emailed the Court to have that error corrected.  We then followed up by sending attorneys to both the San Francisco and San Jose courthouses to talk to clerks in person to ensure that the clerk's office received our email and corrected the error as soon as possible.  We learned that the correction was made by the Court at 7:38 a.m. this morning.

      Subsequent to the correction, we spoke to a gentleman at the Northern District of California ECF Helpdesk: 866-638-7829 and a woman at the Pacer customer service center 800-676-6856.  Both individuals informed us that ECF does not have records as to any non-parties that access filings, that information relating to what parties access Pacer filings resides with Pacer and Pacer will only provide that information as to what documents or exhibits are accessed and downloaded when required by a Grand Jury Subpoena.

      We are looking into the November 5 mis-designation of the one exhibit you indicated, but it appears to have Google CBI and was restricted the next day based on a prompt request for it to be corrected.

      Please let me know if you have any further questions.
Thank you,
Brian

**Brian Buroker**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 · Fax +1 202.530.4200
BBuroker@gibsondunn.com · www.gibsondunn.com

**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Wednesday, November 20, 2013 4:32 PM
**To:** Buroker, Brian M.
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

3

Thanks Brian. I'll get this information to Samsung and to Google and let you know if there are questions.

I took a look at the public docket and these entries are now all sealed:

| 11/19/2013 | 964 | Administrative Motion to File Under Seal filed by Apple Inc.(a California corporation). (Attachments: # 1 Declaration Samuel K. Whitt In Support of Apple's Motion to File Documents Under Seal Relating to Apple's Opposition to Samsung's Motion to Strike Regarding Apple Patents (D.I. 880), # 2 Declaration of Jennifer Rho In Support of Apple's Opposition to Samsung's Motion to Strike Regarding Apple Patents (D.I. 880), # 3 Exhibit Rho Exhibits A-D, # 4 Exhibit Unredacted version Rho Exhibits E-F, # 5 Exhibit Unredacted version Rho Exhibits G, # 6 Exhibit Unredacted version Rho Exhibits I, # 7 Exhibit Unredacted version Rho Exhibits J, # 8 Exhibit Unredacted version Rho Exhibits K, # 9 Exhibit Unredacted version Rho Exhibits L, # 10 Exhibit Unredacted version Rho Exhibits M, # 11 Exhibit Unredacted version Rho Exhibits N, # 12 Exhibit Rho Exhibits O, # 13 Exhibit Unredacted version Rho Exhibits P, # 14 Exhibit Unredacted version Rho Exhibits R, # 15 Exhibit Unredacted version Rho Exhibits S, # 16 Exhibit Redacted Version Rho Exhibit S, # 17 Exhibit Unredacted version Rho Exhibits T, # 18 Exhibit Rho Exhibits U-V, # 19 Exhibit Rho Exhibits W, # 20 Exhibit Rho Exhibits X, # 21 Exhibit Rho Exhibits Y, # 22 Exhibit Rho Exhibits AA, # 23 Exhibit Rho Exhibits BB-GG, # 24 Redacted Opposition to DI 880, # 25 Unredacted Opposition to DI 880, # 26 Proposed Order)(Lyon, Hervey) (Filed on 11/19/2013) Modified on 11/20/2013 **PURSUANT TO COUNSEL'S REQUEST, ATTACHMENTS 4, 5, 6, 7, 8, 9, 10 AND 11 LOCKED** (dhmS, COURT STAFF). (Entered: 11/20/2013) |
|------------|-----|--------------------------------------------------------------------------------------------------------------------------------------|

Your email mentioned information about downloads. Does that mean you've already asked the Clerk for any download records for the public versions of these docs? If so, can you copy us on correspondence with the Clerk about that issue & send us any prior correspondence?

Also, when I looked at the public docket, I saw a similar entry for a different Apple filing on November 5:

| 11/05/2013 | 882 | Administrative Motion to File Under Seal *Apple's Motion to Strike Arguments from Samsung's Invalidity and Non-Infringement Expert Reports* filed by Apple Inc.(a California corporation). (Attachments: # 1 Proposed Order, # 2 Declaration of Emily Fedman In Support of Motion to File Under Seal, # 3 Unredacted version-Apple's Notice of Motion and Motion to Strike Arguments from Samsung's Invalidity and Non-Infringment Expert Reports, # 4 Redacted Version-Apple's, # 5 Proposed Order, # 6 Declaration of Joshua Furman In Support of Apple's Motion to Strike, # 7 Exhibit Furman Ex 1, # 8 Exhibit Furman Ex 2, # 9 Exhibit Furman Ex 3, # 10 Exhibit Furman Ex 4, # 11 Exhibit Furman Ex 5, # 12 Exhibit Furman Ex 6, # 13 Exhibit Furman Ex 7, # 14 Exhibit Furman Ex 8, # 15 Exhibit Furman Ex 9, # 16 Exhibit Furman Ex 10, # 17 Exhibit Furman Ex 11, # 18 Exhibit Furman Ex 12, # 19 Exhibit Furman Ex 13, # 20 Exhibit Furman Ex 14, # 21 Exhibit Furman Ex 15, # 22 Exhibit Furman Ex 16, # 23 Exhibit Furman Ex 17, # 24 Exhibit Furman Ex 18, # 25 Exhibit Furman Ex 19, # 26 Exhibit Furman Ex 20, # 27 Exhibit Furman Ex 21, # 28 Exhibit Furman Ex 22, # 29 Exhibit Furman Ex 23, # 30 Exhibit Furman Ex 24, # 31 Exhibit Furman Ex 25, # 32 Exhibit Furman Ex 26, # 33 Exhibit Unredacted Furman Ex 27, # 34 Exhibit Redacted version Furman Ex 27, # 35 Exhibit Furman Ex 29, # 36 Furman Ex 30, # 37 Furman Ex 31, # 38 Furman Ex 32, # 39 Furman Ex 33, # 40 Furman Ex 34, # 41 Furman Ex 35, # 42 Furman Ex 36, # 43 Furman Ex 37, # 44 Furman Ex 38, # 45 Furman Ex 39, # 46 Furman Ex 40, # 47 Furman Ex 41, # 48 Furman Ex 42, # 49 Furman Ex 43, # 50 Redacted version-Furman Ex 28, # 51 Unredacted version-Furman Ex 28)(Lyon, Hervey) (Filed on 11/5/2013) **Modified on 11/6/2013 sealling attachment #18 pursuant to counsel's request** (dhmS, COURT STAFF). (Entered: 11/05/2013) |
|------------|-----|--------------------------------------------------------------------------------------------------------------------------------------|

Does this mean Dkt. 882-18 was filed as public & then later sealed?  If so, can you send me any info you have on that issue – was there Samsung CBI or Google CBI in that document, and do we know anything about download records?  If you could let me know today I'd appreciate it, as I suspect clients will have questions.

Thanks

Patrick


**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 11:56 AM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

| D.I. | Doc Description |
|------|----------------|
| 964-4 | Ex. E-F –Samsung CBI |
| 964-5 | Ex. G –  Samsung CBI |
| 964-6 | Ex. I – Google CBI |
| 964-7 | Ex. J – Apple, Microsoft, Novell |
| 964-8 | Ex. K – Google CBI |
| 964-9 | Ex. L – Samsung/Google CBI |
| 964-10 | Ex. M – Samsung/Google/Novell |
| 964-11 | Ex. N – Samsung/Google |

These are the docket entries and exhibit letters at issue.

**Brian Buroker**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com


**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Wednesday, November 20, 2013 11:51 AM
**To:** Buroker, Brian M.
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian – can you let me know which exhibits were at issue here?

Best

Patrick

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 11:45 AM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Patrick,

Dan is not available at the moment but asked me to let you know that the issue is now resolved.  The documents we intended to file under seal are now restricted.  We will let you know if we learn whether those documents were accessed by the public.

Please feel free to call me with any questions.

Thanks,
Brian

**Brian Buroker**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 · Fax +1 202.530.4200
BBuroker@gibsondunn.com · www.gibsondunn.com

**From:** Thomasch, Daniel J.
**Sent:** Wednesday, November 20, 2013 11:26 AM
**To:** patrickcurran@quinnemanuel.com
**Subject:** Apple v. Samsung: Confidentiality Issue

Patrick:

I tried to reach you by telephone a short while ago to inform you that our team made a filing error last night in connection with Apple's Opposition to Samsung's Motion to Strike, which involved the failure to properly designate certain exhibits to be filed under seal.  My understanding is that at least one of those exhibits contains Google Source Code.  We have sent individuals from Gibson Dunn to both the San Jose and San Francisco courthouses, and are making constant efforts to reach court personnel by telephone.  As you know, the Clerk's Office is not yet open, but we are attempting to reach someone in that office or in chambers in order to have the confidential material taken down from public access as soon as possible.  We hope to have confirmation soon that we have succeeded in that regard, which I will pass on to you.  Nevertheless, I wanted you to have the information this morning.  Please feel free to call me at your convenience.

Thank you.

Dan

**Daniel J. Thomasch**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3800 · Fax +1 212.351.6200
DThomasch@gibsondunn.com · www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

# EXHIBIT 8

| | |
|---|---|
| **From:** | Patrick Curran |
| **Sent:** | Monday, November 25, 2013 12:55 PM |
| **To:** | Buroker, Brian M. |
| **Cc:** | Thomasch, Daniel J. |
| **Subject:** | RE: Apple v. Samsung:  Confidentiality Issue |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Brian: thanks for confirming on #1.  On #2, can your team please provide a response later today?  I'm sure your team has been diligently checking since last Thursday.  My team needs to provide a full report to clients as soon as possible. Thanks again.

Best

Patrick

.

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Monday, November 25, 2013 2:16 PM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Patrick,

          I confirm that you understood me correctly on point 1.

          On point 2, I am checking on that.

Brian

**Brian Buroker**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com · www.gibsondunn.com

**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Thursday, November 21, 2013 6:38 PM
**To:** Buroker, Brian M.
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian.  Two follow-up questions from my team:

1.  You said the exhibits "were not sent to Apple after the filing in any form that included Samsung or Google CBI."  Thanks for confirming.  Does this mean those materials were not ever sent to Apple – including before the filing

– in any form that included Samsung or Google CBI? I think that is what you meant, but want to be sure I'm reading it right.

2. We've searched our emails and can't find record of us discussing the Nov. 5 filing error before yesterday. Were our emails yesterday the first time our firm received notice of the filing error, or was there an earlier communication we're missing?

Best

Patrick

---

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Thursday, November 21, 2013 4:22 PM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Patrick,

        The exhibits at issue were not shared in unredacted form with Apple. In other words, the exhibits that were initially filed as public and then restricted early the next morning based on Apple's request were not sent to Apple after the filing in any form that included Samsung or Google CBI.

        For the November 5, 2013 exhibit that was restricted after an initial mis-designation, again, a prompt email to the clerk was sent upon discovery (attached). In addition, our team was prepared to call the clerk early in the morning but before we could call, the restriction had been changed by the clerk.

Brian

**Brian Buroker**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com

---

**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Thursday, November 21, 2013 11:11 AM
**To:** Buroker, Brian M.
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Also, I appreciate these details regarding the November 19 filing – could your team provide those same details for the November 5 filing, including any correspondence with the clerk? I suspect clients will ask us for the same level of detail regarding both incidents.

Thanks,

Patrick

**From:** Patrick Curran
**Sent:** Thursday, November 21, 2013 11:03 AM
**To:** 'Buroker, Brian M.'
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian. I've given this information to Samsung and to Google. I'll let you know if they have questions.

One issue I forgot to ask about, but that I'm sure clients will ask me: was Apple sent any of the Nov. 5 or Nov. 19 exhibits that were filed as public & later put under seal?

Best

Patrick

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 10:04 PM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Patrick,

I have been looking into your questions and have some answers for you. First, let me say again how much we regret the filing errors that were made yesterday on several exhibits to our opposition to the motion to strike and, as you pointed out and I learned about today, November 5 with respect to a single exhibit. We are re-evaluating our filing process to determine how these mistakes occurred and have already put in place procedures to prevent similar mistakes from happening in the future. As was the case with the filing mistakes made by Samsung in 1846, we recognize the importance of evaluating and correcting our processes going forward.

As for your specific questions, as you will see from our emails, once we learned about the incorrect designation of exhibits to the brief that were intended to be restricted/sealed (as indicated in our motion to seal), we immediately emailed the Court to have that error corrected. We then followed up by sending attorneys to both the San Francisco and San Jose courthouses to talk to clerks in person to ensure that the clerk's office received our email and corrected the error as soon as possible. We learned that the correction was made by the Court at 7:38 a.m. this morning.

Subsequent to the correction, we spoke to a gentleman at the Northern District of California ECF Helpdesk: 866-638-7829 and a woman at the Pacer customer service center 800-676-6856. Both individuals informed us that ECF does not have records as to any non-parties that access filings, that information relating to what parties access Pacer filings resides with Pacer and Pacer will only provide that information as to what documents or exhibits are accessed and downloaded when required by a Grand Jury Subpoena.

We are looking into the November 5 mis-designation of the one exhibit you indicated, but it appears to have Google CBI and was restricted the next day based on a prompt request for it to be corrected.

Please let me know if you have any further questions.
Thank you,
Brian

Brian Buroker

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com

**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Wednesday, November 20, 2013 4:32 PM
**To:** Buroker, Brian M.
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian. I'll get this information to Samsung and to Google and let you know if there are questions.

I took a look at the public docket and these entries are now all sealed:

| 11/19/2013 | 964 | Administrative Motion to File Under Seal filed by Apple Inc.(a California corporation). (Attachments: # 1 Declaration Samuel K. Whitt In Support of Apple's Motion to File Documents Under Seal Relating to Apple's Opposition to Samsung's Motion to Strike Regarding Apple Patents (D.I. 880), # 2 Declaration of Jennifer Rho In Support of Apple's Opposition to Samsung's Motion to Strike Regarding Apple Patents (D.I. 880), # 3 Exhibit Rho Exhibits A-D, # 4 Exhibit Unredacted version Rho Exhibits E-F, # 5 Exhibit Unredacted version Rho Exhibits G, # 6 Exhibit Unredacted version Rho Exhibits I, # 7 Exhibit Unredacted version Rho Exhibits J, # 8 Exhibit Unredacted version Rho Exhibits K, # 9 Exhibit Unredacted version Rho Exhibits L, # 10 Exhibit Unredacted version Rho Exhibits M, # 11 Exhibit Unredacted version Rho Exhibits N, # 12 Exhibit Rho Exhibits O, # 13 Exhibit Unredacted version Rho Exhibits P, # 14 Exhibit Unredacted version Rho Exhibits R, # 15 Exhibit Unredacted version Rho Exhibits S, # 16 Exhibit Redacted Version Rho Exhibit S, # 17 Exhibit Unredacted version Rho Exhibits T, # 18 Exhibit Rho Exhibits U-V, # 19 Exhibit Rho Exhibits W, # 20 Exhibit Rho Exhibits X, # 21 Exhibit Rho Exhibits Y, # 22 Exhibit Rho Exhibits AA, # 23 Exhibit Rho Exhibits BB-GG, # 24 Redacted Opposition to DI 880, # 25 Unredacted Opposition to DI 880, # 26 Proposed Order)(Lyon, Hervey) (Filed on 11/19/2013) Modified on 11/20/2013 **PURSUANT TO COUNSEL'S REQUEST, ATTACHMENTS 4, 5, 6, 7, 8, 9, 10 AND 11 LOCKED** (dhmS, COURT STAFF). (Entered: 11/20/2013) |
|---|---|---|

Your email mentioned information about downloads. Does that mean you've already asked the Clerk for any download records for the public versions of these docs? If so, can you copy us on correspondence with the Clerk about that issue & send us any prior correspondence?

Also, when I looked at the public docket, I saw a similar entry for a different Apple filing on November 5:

| 11/05/2013 | 882 | Administrative Motion to File Under Seal *Apple's Motion to Strike Arguments from Samsung's Invalidity and Non-Infringement Expert Reports* filed by Apple Inc.(a California corporation). (Attachments: # 1 Proposed Order, # 2 Declaration of Emily Fedman In Support of Motion to File Under Seal, # 3 Unreacted version-Apple's Notice of Motion and Motion to Strike Arguments from Samsung's Invalidity and Non-Infringment Expert Reports, # 4 Redacted Version-Apple's, # 5 |
|---|---|---|

Proposed Order, # 6 Declaration of Joshua Furman In Support of Apple's Motion to Strike, # 7 Exhibit Furman Ex 1, # 8 Exhibit Furman Ex 2, # 9 Exhibit Furman Ex 3, # 10 Exhibit Furman Ex 4, # 11 Exhibit Furman Ex 5, # 12 Exhibit Furman Ex 6, # 13 Exhibit Furman Ex 7, # 14 Exhibit Furman Ex 8, # 15 Exhibit Furman Ex 9, # 16 Exhibit Furman Ex 10, # 17 Exhibit Furman Ex 11, # 18 Exhibit Furman Ex 12, # 19 Exhibit Furman Ex 13, # 20 Exhibit Furman Ex 14, # 21 Exhibit Furman Ex 15, # 22 Exhibit Furman Ex 16, # 23 Exhibit Furman Ex 17, # 24 Exhibit Furman Ex 18, # 25 Exhibit Furman Ex 19, # 26 Exhibit Furman Ex 20, # 27 Exhibit Furman Ex 21, # 28 Exhibit Furman Ex 22, # 29 Exhibit Furman Ex 23, # 30 Exhibit Furman Ex 24, # 31 Exhibit Furman Ex 25, # 32 Exhibit Furman Ex 26, # 33 Exhibit Unredacted Furman Ex 27, # 34 Exhibit Redacted version Furman Ex 27, # 35 Exhibit Furman Ex 29, # 36 Furman Ex 30, # 37 Furman Ex 31, # 38 Furman Ex 32, # 39 Furman Ex 33, # 40 Furman Ex 34, # 41 Furman Ex 35, # 42 Furman Ex 36, # 43 Furman Ex 37, # 44 Furman Ex 38, # 45 Furman Ex 39, # 46 Furman Ex 40, # 47 Furman Ex 41, # 48 Furman Ex 42, # 49 Furman Ex 43, # 50 Redacted version-Furman Ex 28, # 51 Unredacted version-Furman Ex 28)(Lyon, Hervey) (Filed on 11/5/2013) **Modified on 11/6/2013 sealinging attachment #18 pursuant to counsel's request** (dhmS, COURT STAFF). (Entered: 11/05/2013)

Does this mean Dkt. 882-18 was filed as public & then later sealed?  If so, can you send me any info you have on that issue – was there Samsung CBI or Google CBI in that document, and do we know anything about download records?  If you could let me know today I'd appreciate it, as I suspect clients will have questions.

Thanks

Patrick

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 11:56 AM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

| D.I. | Doc Description |
|---|---|
| 964-4 | Ex. E-F –Samsung CBI |
| 964-5 | Ex. G – Samsung CBI |
| 964-6 | Ex. I – Google CBI |
| 964-7 | Ex. J – Apple, Microsoft, Novell |
| 964-8 | Ex. K – Google CBI |
| 964-9 | Ex. L – Samsung/Google CBI |
| 964-10 | Ex. M – Samsung/Google/Novell |
| 964-11 | Ex. N – Samsung/Google |

These are the docket entries and exhibit letters at issue.

**Brian Buroker**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306

Tel +1 202.955.8541 · Fax +1 202.530.4200
BBuroker@gibsondunn.com · www.gibsondunn.com

---

**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Wednesday, November 20, 2013 11:51 AM
**To:** Buroker, Brian M.
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Thanks Brian – can you let me know which exhibits were at issue here?

Best

Patrick

---

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Wednesday, November 20, 2013 11:45 AM
**To:** Patrick Curran
**Cc:** Thomasch, Daniel J.
**Subject:** RE: Apple v. Samsung: Confidentiality Issue

Patrick,

Dan is not available at the moment but asked me to let you know that the issue is now resolved. The documents we intended to file under seal are now restricted. We will let you know if we learn whether those documents were accessed by the public.

Please feel free to call me with any questions.

Thanks,
Brian

**Brian Buroker**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 · Fax +1 202.530.4200
BBuroker@gibsondunn.com · www.gibsondunn.com

---

**From:** Thomasch, Daniel J.
**Sent:** Wednesday, November 20, 2013 11:26 AM
**To:** patrickcurran@quinnemanuel.com
**Subject:** Apple v. Samsung: Confidentiality Issue

Patrick:

I tried to reach you by telephone a short while ago to inform you that our team made a filing error last night in connection with Apple's Opposition to Samsung's Motion to Strike, which involved the failure to properly designate certain exhibits to be filed under seal. My understanding is that at least one of those exhibits contains Google Source Code. We have sent individuals from Gibson Dunn to both the San Jose and San Francisco courthouses, and are making constant efforts to reach court personnel by telephone. As you know, the Clerk's Office is not yet open, but we are attempting to reach someone in that office or in chambers in order to have the confidential material taken down from public access as soon as possible. We hope to have

6

confirmation soon that we have succeeded in that regard, which I will pass on to you.  Nevertheless, I wanted you to have the information this morning.  Please feel free to call me at your convenience.

Thank you.

Dan

**Daniel J. Thomasch**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3800 • Fax +1 212.351.6200
DThomasch@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.