


Case 5:11-cv-01846-LHK   Document 2835-9   Filed 12/02/13   Page 1 of 4

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floors
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF THOMAS D. PEASE IN SUPPORT OF SAMSUNG'S RESPONSE TO NOVEMBER 8, 2013 ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT WARRANTED**<br><br>**Date**:  December 9, 2013<br>**Time**:  3:00 p.m.<br>**Place**:  Courtroom 5, 4th Floor<br>**Judge**: Hon. Paul S. Grewal |

**DECLARATION OF THOMAS D. PEASE**

1.  I am a member of the bar of the State of New York and a partner in the firm Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attorneys for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") in two actions in the Northern District of California, Case Nos. 11-cv-1846 LHK (PSG) ("the 1846 action") and 12-cv-00630-LHK ("the 630 action"). Except to the extent specifically identified below, I make this declaration of personal knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2.  On November 15, 2013, I submitted a declaration in support of Samsung's brief regarding attorney-client privilege and work product protection in response to the Court's November 8, 2013 Order. (*See* Decl. of Thomas Pease, Nov. 15, 2013 (Dkt. 2807-12) ("Pease 11/15/13 Decl.").)

3.  The scope of this action and the other Samsung actions around the world involving FRAND issues, in which I and those working for me have been involved, has been enormous. Over the past two years, there have been three co-pending actions in the United States between Samsung and Apple concerning patents that were allegedly the subject of FRAND obligations (the two Northern District of California actions identified above and the ITC 794 Investigation), as well as several foreign actions between the parties. These actions have proceeded on aggressive schedules. In the U.S. actions, hundreds of depositions were taken by each side, scores of motions and other pleadings were filed, several trials took place, and in the process numerous expert reports were generated. In the case of economist Dr. David J. Teece, whose reports on Samsung's behalf have generally concerned FRAND royalty issues, in addition to several expert reports he prepared for the foreign cases between Samsung and Apple, he prepared three separate expert reports in this action, including his opening, rebuttal, and supplemental reports, and an expert report in the co-pending ITC 794 action.

4.  Countless numbers of communications concerning FRAND issues have taken place since this dispute arose between me and the team of lawyers working for me and Samsung. To help put the number of client communications in context, I understand from our IT department

1  that I sent 1,642 emails to Samsung between January 1, 2012 and July 2, 2013.  Given my role in
2  these cases, the majority of these emails would necessarily have involved FRAND-related issues.

3       5.    As noted in my November 15, 2013 declaration, on December 22, 2012, Alex
4  Baxter, an associate of our firm, had learned that the version of the opening expert report of David
5  Teece in this action that had been sent to Daniel Shim of Samsung late the evening before by Guy
6  Eddon, a former associate of our firm, had been incompletely redacted.  (*See* Pease 11/15/13 Decl.
7  ¶ 6); *see also* Dkt. 2689, at 3 & n.15 (Tab No. 19).)  Shortly thereafter, Mr. Eddon instructed Mr.
8  Shim not to access the email and Mr. Shim acknowledged this instruction and confirmed he would
9  delete it.  (*See* Pease 11/15/13 Decl. ¶ 6 (Dkt. 2807-12)).

10       6.    In December 2012, neither I nor the other Quinn Emanuel attorneys involved in the
11  communication with Mr. Shim realized that the incompletely-redacted version of the Teece Report
12  that had been sent to Mr. Shim might previously have been sent to Samsung and its other counsel
13  at or around the time the report was served on Apple nine months earlier in March 2012.

16      I declare under penalty of perjury that the foregoing is true and correct.  Executed on
17  December 2, 2013, in New York, New York.

18          By  */s/ Thomas D. Pease*
19          Thomas D. Pease

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document. I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Thomas D. Pease.

                                       /s/ Victoria F. Maroulis
                                       Victoria F. Maroulis