QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF COLLEEN KAVANAGH IN SUPPORT OF SAMSUNG'S RESPONSE TO NOVEMBER 8, 2013 ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT WARRANTED** |

02198.51855/5644033.1

Case No. 11-cv-01846-LHK
DECLARATION OF COLLEEN KAVANAGH IN SUPPORT OF SAMSUNG'S RESPONSE TO
NOVEMBER 8, 2013 ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT WARRANTED

I, Colleen Kavanagh, declare:

1.  I am a Managing Director in the New York office of Stroz Friedberg. I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify competently to such facts under oath.

2.  I graduated magna cum laude from San Francisco State University with a B.A. in Social Science. I received my J.D. from the University of California, Davis School of Law.

3.  Prior to Stroz Friedberg, I served as an Assistant U.S. Attorney in the U.S. Attorney's Office in the Eastern District of New York for almost a decade. I served as the Chief of Public Integrity.

4.  Quinn Emanuel retained Stroz Friedberg to perform the work required under the August 18, 2013 Stipulation and Proposed Order re Motion for Protective Order by Nokia Corporation ("Stipulation").

5.  On September 10, 2013, Stroz Friedberg arrived at Samsung's offices in Suwon, South Korea. Between September 10, 2013 and October 21, 2013, Stroz Friedberg almost always had four digital forensics examiners and a Managing Director or Vice President present at Samsung's offices in Suwon. Between October 21, 2013 and November 8, 2013, Stroz Friedberg generally had two supervisory level digital forensic examiners accompanied by one or more additional digital forensic examiners in Suwon.

6.  Stroz Friedberg sent examiners to Samsung locations in four U.S. cities, Washington, D.C.; Richardson, Texas; Ridgefield New Jersey; and Menlo Park, California, to image the hard drives for 16 U.S. custodians. For two weeks beginning on September 30, 2013 at Samsung's office in New Jersey, a supervisory level digital forensic examiner conducted forensic analysis and collections of data for the U.S. based custodians. An additional digital forensic examiner assisted in this work on several days. In addition, between October 29, 2013 and

02198.51855/5644033.1

-1-  Case No. 11-cv-01846-LHK
DECLARATION OF COLLEEN KAVANAGH IN SUPPORT OF SAMSUNG'S RESPONSE TO
NOVEMBER 8, 2013 ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT WARRANTED

November 6, 2013, two forensic examiners spent seven days finalizing the forensic analysis and providing the responsive U.S. based custodians' data for review.

7. As of October 2, 2013, as part of its work under the Stipulation, Stroz Friedberg had already imaged 72 computers in the United States and South Korea and had indexed archived email data for the custodians in South Korea.

8. Stroz Friedberg ultimately imaged the hard drives of the workstations of 86 custodians. Stroz Friedberg also attempted to image the hard drives for eight additional custodians, but they had left the company and their workstations were no longer available. Stroz Friedberg imaged a total of 38.5 terabytes of data on the custodian's hard drives.

9. Stroz Friedberg also obtained and searched email archive data for 83 custodians. The remainder either did not have email archive data or it was understood to be duplicative of the data on the hard drive of the workstation.

10. The application of the eleven English search strings and corresponding eleven Korean search strings relating to the Apple-Nokia license that were agreed to by Samsung and Nokia yielded a total of 62,358 documents totaling almost one million pages.

11. The total amount billed by Stroz Friedberg through October 2013 (not including November 2013) is $2,324,756.20. This total amount includes $892,812.07 for work connected to the first engagement related to compliance with the Stipulation, and $1,431,944.13 for the second engagement related to compliance with the Court's Order requiring document production. Stroz Friedberg has incurred but not yet billed approximately $450,000 in fees for November.

12. Pursuant to paragraph 8 of the Stipulation, Stroz Friedberg has concluded that Quinn Emanuel's investigation was adequate and complete.

02198.51855/5644033.1

-2-  Case No. 11-cv-01846-LHK
DECLARATION OF COLLEEN KAVANAGH IN SUPPORT OF SAMSUNG'S RESPONSE TO
NOVEMBER 8, 2013 ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT WARRANTED

1  I declare under penalty of perjury of the laws of the United States of America that the
2  foregoing is true and correct.
3  Executed in New York, New York on December 2, 2013.

_____
Colleen Kavanagh

02198.51855/5644033.1

-3-   Case No. 11-cv-01846-LHK
DECLARATION OF COLLEEN KAVANAGH IN SUPPORT OF SAMSUNG'S RESPONSE TO
NOVEMBER 8, 2013 ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT WARRANTED