# Exhibit 10

# ALSTON & BIRD LLP

275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008

650-838-2000
Fax: 404-253-8542
www.alston.com

Ryan W. Koppelman             Direct Dial: 650-838-2009             Email: ryan.koppelman@alston.com

November 5, 2013

Robert Becher, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re: **Apple Inc. v. Samsung Electronics Co., No. 12-cv-630 LHK (PSG)**

Dear Rob:

I write to confirm the discussion during my phone call on October 30, 2013 with you, Roxanna Manuel, and Amar Thakur. Joining me on the call was my associate Tim Watson. On the call, we met and conferred about Samsung's compliance with the Stipulated Order (Dkt. 785). In particular, we discussed six topics that I summarize below.

    **1.    The status of Quinn Emanuel's compliance with paragraph 4 of the Stipulated Order.**

As you know, Paragraph 4 of the Stipulated Order provides:

> Quinn Emanuel will determine whether any Disclosed Information has been further disseminated or used by the outside law firms and outside lawyers other than Quinn Emanuel listed in the Letters as recipients of the Disclosed Information (the "Firms"). A partner from Quinn Emanuel will provide Nokia with a sworn statement reporting on its performance of this task, its findings, and identifying any further dissemination of the Disclosed Information by the Firms, and, if so, including when, to whom, a description of the circumstances of disclosure, and an identification of any Documents that reflect or contain such further dissemination. The statement will also explain the reasons why the Disclosed Information was forwarded to the Firms.

On the call, I inquired with you whether every instance in the Declaration of Robert Becher referring to the "Teece report" or "ITC public interest materials" was

referring to a document containing Nokia's confidential information. I indicated that it is not clear to us whether the disclosures described in the Becher Declaration refer to instances where Nokia's confidential information was disclosed, particularly in light of the statements made at the October 22 hearing that there were multiple redacted versions of the Teece report, perhaps with some that did not contain Nokia's confidential information. In response, you indicated that you did not believe that the Stipulated Order required such information to be included in the Declaration. You further stated that in the rush to compile the Becher Declaration, instances that did not involve disclosure of Nokia's confidential information may have been included. You stated that you could look into whether any instances cited in the Declaration did not involve Nokia's confidential information, and that you would get back to me with an answer. We requested that you get back to us November 1st, but we have not yet received an answer.

I then inquired about paragraph 4 of the Becher Declaration, which mentions "use of inadvertently disclosed information." I indicated that it is not clear whether the instances listed in the declaration all refer to "inadvertent" disclosures or whether some instances refer to instances where the sender believed the information did not have to be redacted and thus it was not inadvertent. It was your position that the stipulation does not require a disclosure of whether or not the instances were inadvertent, but you further stated a willingness to go through the stipulation to identify any further instances where the information was disclosed because the sender believed he or she was required to disclose it. You also indicated that you thought some disclosures were intentional because you said that they were pursuant to Court order in some cases. On this additional issue, we again requested that you get back to us November 1st, but we have not yet received an answer.

  **2.  The status of Quinn Emanuel and Samsung's compliance with paragraph 5 of the Stipulated Order.**

As you know, Paragraph 5 of the Stipulated Order provides for Stroz Friedberg to "conduct an independent audit of the files of the Samsung employees identified in the Letters as recipients of the Disclosed Information."

I asked you if Stroz has completed the audit. Your response was that the Stipulated Order does not call for status updates, and that you would only provide details if Nokia agreed to another stipulation stating privilege is not waived by giving us status updates. You further stated that the "work is underway," but refused to provide us any more detailed information without another stipulation from us.

  **3.  The status of Quinn Emanuel and Samsung's compliance with paragraph 6 of the Stipulated Order.**

As you know, Paragraph 6 of the Stipulated Order provides that "Quinn Emanuel and Alston & Bird will work together with Stroz Friedberg to develop and agree upon

November 5, 2013
Page 3

sufficient guidelines, including appropriate search terms and/or search parameters for conducting the audit and the searching of backup media as necessary."

I asked if you could tell us what guidelines Stroz is using. You stated that Stroz is using the agreed upon search terms, including Korean terms. I further asked if you could provide any guidelines outside of search terms, or if you could provide a written set of guidelines. You stated that you could only provide such information if a new stipulation is entered with the court, citing waiver concerns. You did not believe that paragraph 11 of the Stipulated Order—the anti-waiver provision—covered my question.

I also asked if you could provide updates on LIMA, imaging of computers, and transfer analysis. You stated that none of these were complete, and you were not sure whether you could provide more specific updates without a stipulation on non-waiver of privilege.

4. **The status of Quinn Emanuel and Samsung's compliance with paragraph 7 of the Stipulated Order.**

Paragraph 7 of the Stipulated Order provides "Stroz Friedberg will prepare a log of all instances in which the Disclosed Information was disseminated or in which the Disclosed Information was referenced or used in any Documents by Samsung employees."

I asked whether you object to Nokia's proposed log, which I provided to you via email over a month ago. You responded that the focus has been on getting the searches done, and that you have not yet focused on whether Nokia's proposed log is acceptable.

5. **The status of Quinn Emanuel's compliance with paragraph 8 of the Stipulated Order.**

Paragraph 8 of the Stipulated Order provides that "Stroz Friedberg will conduct an independent review of Quinn Emanuel's investigation and collection process as is necessary to ensure that Quinn Emanuel's search of its own firm Documents is complete and accurate."

I asked you whether this process was complete, and, if not, whether you had an estimate of when it would be complete. You cited Mr. Zeller's comments at the October 22 hearing that you intend to comply and have been moving forward. You further took the position that Stroz does not have to provide Alston & Bird a written report, and that Stroz may provide such report orally.

6. **The status of Quinn Emanuel and Samsung's compliance with paragraph 9 of the Stipulated Order.**

November 5, 2013
Page 4

      Paragraph 9 of the Stipulated Order provides for remediation efforts.  I asked whether it is your position that such remediation efforts will not occur without Apple's involvement.  You responded that due to previous positions taken by Apple, you will not agree to remediation efforts without its consent.  You also stated that you would not want to take any measures to destroy or remove information without ensuring that people in various jurisdictions, specifically citing Australia, are satisfied in their claims.  Late last night you provided us a letter on this issue, which we are reviewing and considering. We will respond after we have had time to consider it further.

      We do not believe anything stated within this letter is confidential to Nokia, Samsung, or Apple.  If you have reason to disagree, please let us know as soon as possible.

      Sincerely,

      ALSTON & BIRD LLP

      Ryan W. Koppelman

cc:    Roxanna A. Manuel
        Amar L. Thakur
        Randall L. Allen