UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No.: 5:11-CV-01846-LHK (PSG)<br><br>**[PROPOSED] ORDER IMPOSING SANCTIONS AGAINST SAMSUNG ELECTRONICS CO., LTD, AND QUINN EMANUEL URQUHART & SULLIVAN** |

    The Court has considered Nokia Corporation's Brief in Support of Sanctions Against Samsung Electronics Co., Ltd., and Quinn Emanuel Urquhart & Sullivan. The Court finds the sanctions that Nokia requests to be appropriate. Under Rule 37, and under the Court's inherent power to sanction, the following relief is ordered:

    1.    The Court finds that Samsung and Quinn Emanuel misappropriated and used the Nokia-Apple License's terms in violation of the Protective Order in negotiating with Nokia and hereby enjoins Samsung and all Samsung employees who received Nokia's confidential business information ("CBI")

from any use of the CBI in any patenting licensing activities with Nokia.  Specifically, this injunction shall prohibit at least the following activities:

    a. Samsung or any of its employees who received the CBI from using the CBI in any patent licensing negotiation that involves Nokia, including in evaluating or discussing Samsung patent licensing strategy;

    b. Quinn Emanuel, any of its current attorneys, or any of its former attorneys who received Nokia's CBI from participating directly or indirectly in any representation adverse to Nokia for a period of 10 years; and

    c. Quinn Emanuel or Samsung challenging this Court's finding that Samsung misappropriated and used the Nokia-Apple License's terms in violation of the Protective Order in negotiating with Nokia in this or any other tribunal.

2. Samsung is further ordered to present this sanctions order to any court or tribunal resolving any patent or licensing dispute between Nokia and Samsung for ten years from the date of this Order.

3. The Court finds per diem fines to be the only effective method to ensure that Samsung immediately completes the procedures laid out in the Stipulated Order entered by Nokia and Samsung on August 18, 2013 and entered by the Court on October 2, 2013.  5:12-cv-0630 Dkt. No. 785.  Samsung and Quinn Emanuel will pay a $25,000 per diem fine to the registry of the Court until the completion of the procedures contemplated by the Stipulated Order, including:

    a. A declaration from Stroz Friedberg LLC ("Stroz") detailing precisely what steps it took to identify all Nokia CBI on Quinn Emanuel and Samsung's systems, and certifying that all CBI has been deleted;

    b. Free and open communication between Stroz, in its role as an independent auditor, and Nokia and Nokia's counsel;

    c. Stroz's production of a log of the CBI it found on Samsung and Quinn Emanuel systems and the steps taken to remove that CBI, with input from Nokia on the format of the log;

    d. Stroz employees sitting for at least 10 hours of deposition by Nokia to resolve any issues remaining after its submissions;

    e. Stroz's full report to the Court and the parties on its interview of Quinn Emanuel regarding the sufficiency of Quinn Emanuel's internal investigation; and

    f. Quinn Emanuel's submission of a declaration that explains in detail precisely what information was received by Samsung's foreign law firms, including which versions of the Teece and ITC attachments, and specifically why in each instance they received it, including whether in each instance it was an inadvertent or deliberate disclosure.

    g. In addition, to ensure expedited resolution of any disputes, the Court appoints _____ as Special Master to oversee the completion of the Stipulated Order processes and any additional processes required thereafter.

4. Furthermore, the Court orders that Samsung shall be fined an additional $25,000 a day until it completes its document production to Nokia pursuant to the Court's October 2, 2013 Order because Nokia has still not received a copy of the relevant email attachments even though they have been provided to Apple and despite this Court's Order that Nokia be granted full participation in these proceedings. *See* Docket No. 2483.

5. The Court orders that Samsung shall produce to Nokia within two days of this Order all documents that Samsung submitted for *in camera* review pursuant to the Court's October 24, 2013 Corrected Order Setting Schedule for *In Camera* Review. *See* Docket No. 2589. Samsung shall also produce within two days of this Order all documents identified by Stroz pursuant to search terms in undertaking the investigation set forth in the Stipulated Order. Any claims of attorney-client privilege, work product protection, or any other protection for not producing these documents are deemed waived as a sanction for Samsung's violations.

6. All documents produced pursuant to this Order and the Court's past orders are deemed to have been produced pursuant to the Stipulated Order as well.

7. Samsung and Quinn Emanuel are ordered to pay all of Nokia's attorneys' fees and expenses in litigating this protective order violation, including all fees associated with Nokia's participation in this matter and costs associated therewith, including, but not limited, to, travel costs for Nokia's counsel and its employees. No later than _____, Nokia shall identify its reasonable fees and costs. No later than _____, Samsung shall pay them. If the parties do not agree about the

measure of cost, Nokia shall submit its costs and Samsung its objections to this Court no later than _____.

8. Finally, this Court explicitly retains jurisdiction over this matter and these proceedings will be left open, including the possibility of further remedial measures and sanctions, pending the results of the Stipulated Order investigation.

9. Nothing in this Order is intended to limit Nokia's ability to recover additional damages from Samsung or Quinn Emanuel resulting from their misappropriation of Samsung's CBI.

**IT IS SO ORDERED.**

Dated: _____, 2013.

Hon. Paul S. Grewal
United States Magistrate Judge