# EXHIBIT 27

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF**<br><br>**RUTGER KLEEMANS** |

Declaration of
Case No. 11-cv-01846-LHK (PSG)

1. My name is Rutger Kleemans. I am a partner in the Amsterdam office of the law firm of Freshfields Bruckhaus Deringer. I have practiced law in the Netherlands for 14 years, and am lead counsel in Apple's litigation against Samsung in the Netherlands.

2. I submit this declaration to explain certain conditions under which the parties agreed to submit information to the Dutch court in case numbers 400367 / HA ZA 11-2212; 400376 / HA ZA 11-2213; 400385 / HA ZA 11-2215 about license agreements to which they had entered for patents declared essential to the UMTS standard.

3. One of the issues before the Dutch court in the beginning of 2012 was whether the financial terms of Samsung's July 29, 2011 license offer to Apple complied with Samsung's obligation to grant licenses to its patents declared essential to the UMTS wireless standard on Fair, Reasonable, and Non-Discriminatory – or "FRAND" – terms. At a hearing on February 17, 2012, the Dutch court directed the parties to submit evidence regarding the terms and scope of license agreements to which they had entered for patents declared essential to the UMTS standard.

4. Under Dutch procedural law, the entire case file before the court, including briefs and other submissions by the parties, is ordinarily not public or accessible to third parties. However, there are ordinarily no restrictions on legal counsel's ability to share court submissions with any employee of a party to a case.

5. In recognition of the sensitive nature of the license information that the court had directed the parties to submit, the parties reached an agreement, which the court approved, that attempted to balance the Dutch procedural law allowing access by parties to court submissions with the need to protect against a party misusing the information submitted for competitive purposes.

6. First, the parties agreed that the license information would be submitted in the form of a summary spreadsheet that did not reveal the names of any licensee. Because the identity of the licensees was kept anonymous on the spreadsheet, it was not possible to know whether the information listed corresponded to any particular license.

Declaration of
Case No. 11-cv-01846-LHK (PSG)

1    7.    Second, the parties agreed that the spreadsheet could be shared with their outside
2    legal counsel and a maximum of ten employees of the respective legal departments of the parties.
3    8.    Third, the parties agreed that the spreadsheet could be used only in the context of
4    the legal proceedings between the parties, and for no other purpose whatsoever. It would
5    therefore be a serious breach of the agreement for a party to use the information on the
6    spreadsheet to conduct license negotiations.

8    I declare under the penalty of perjury that the foregoing is true and correct.

10   Executed this 2nd day of November in 2013.



Declaration of
Case No. 11-cv-01846-LHK (PSG)