UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE INC., A CALIFORNIA CORPORATION, | ) ) | C-11-01846 LHK |
| | ) | SAN JOSE, CALIFORNIA |
| PLAINTIFF, | ) ) | NOVEMBER 20, 2013 |
| VS. | ) ) | VOLUME 7 |
| SAMSUNG ELECTRONICS CO., LTD., A KOREAN BUSINESS ENTITY; SAMSUNG ELECTRONICS AMERICA, INC., A NEW YORK CORPORATION; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, A DELAWARE LIMITED LIABILITY COMPANY, | ) ) ) ) ) ) ) ) | PAGES 1435-1456 |
| DEFENDANTS. | ) ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE LUCY H. KOH
UNITED STATES DISTRICT JUDGE

APPEARANCES ON NEXT PAGE

OFFICIAL COURT REPORTER:     LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED WITH COMPUTER

1

2     A P P E A R A N C E S:

3     FOR PLAINTIFF          MORRISON & FOERSTER
      APPLE:                 BY:   HAROLD J. MCELHINNY
4                                  RACHEL KREVANS
                                   NATHANIEL B. SABRI
5                            425 MARKET STREET
                             SAN FRANCISCO, CALIFORNIA  94105
6

7                            WILMER, CUTLER, PICKERING,
                             HALE AND DORR
8                            BY:   WILLIAM F. LEE
                                   LAUREN B. FLETCHER
9                            60 STATE STREET
                             BOSTON, MASSACHUSETTS  02109
10

11                           BY:   MARK D. SELWYN
                             950 PAGE MILL ROAD
12                           PALO ALTO, CALIFORNIA  94304

13    FOR DEFENDANT          QUINN, EMANUEL, URQUHART,
      SAMSUNG:               OLIVER & HEDGES
14                           BY:   WILLIAM C. PRICE
                                   JON C. CEDERBERG
15                           865 SOUTH FIGUEROA STREET
                             10TH FLOOR
16                           LOS ANGELES, CALIFORNIA  90017

17                           BY:   VICTORIA F. MAROULIS
                                   KEVIN B. JOHNSON
18                           555 TWIN DOLPHIN DRIVE
                             SUITE 560
19                           REDWOOD SHORES, CALIFORNIA  94065

20

21

22

23

24

25

```
 1    SAN JOSE, CALIFORNIA                    NOVEMBER 20, 2012

 2                      P R O C E E D I N G S

 3    (JURY OUT AT 1:00 P.M.)

 4         THE COURT:  DO THE -- DO YOU HAVE COPIES OF THE NOTE?

 5         THE CLERK:  THEY DO.

 6         MS. MAROULIS:  YES, YOUR HONOR.

 7         MS. KREVANS:  YES.

 8         THE COURT:  ALL RIGHT.  I HAVE A PROPOSAL AS TO A

 9    RESPONSE, AND I'LL GIVE YOU AN OPPORTUNITY TO SUGGEST SOMETHING

10    DIFFERENT, OR IF YOU WANT TO MAKE A PROPOSAL, I DON'T KNOW IF

11    YOU'VE HAD A CHANCE TO DISCUSS -- NO?

12         MS. MAROULIS:  MAY WE HAVE THE COURT'S PROPOSAL?

13         THE COURT:  OKAY.  ALL RIGHT.  SO THIS IS MY

14    PROPOSAL:  "REFER TO FINAL JURY INSTRUCTION NUMBER 23 TO

15    DETERMINE WHETHER APPLE HAS PROVEN THE FOUR FACTORS SET FORTH

16    IN THAT INSTRUCTION AND IS THUS ENTITLED TO LOST PROFITS FOR

17    THE '915.

18         "REFER TO FINAL JURY INSTRUCTION NUMBER 22 TO CALCULATE

19    ANY LOST PROFITS.  YOU MUST CALCULATE THE LOST PROFITS BASED

20    UPON THE CUSTOMER DEMAND FOR THE PATENTED FEATURE OF THE

21    INFRINGING PRODUCTS.

22         "WE CANNOT GIVE YOU THE TRIAL TRANSCRIPT, BUT THE COURT

23    REPORTER CAN READ BACK THE TRIAL TRANSCRIPT TO YOU IN OPEN

24    COURT.  IN LIGHT OF THIS, WOULD YOU PLEASE IDENTIFY FOR US

25    SPECIFICALLY WHAT PORTION OF MS. DAVIS'S TESTIMONY YOU WOULD
```

1    LIKE READ BACK?"

2              MS. KREVANS:  I'M SORRY, YOUR HONOR.  I WAS TRYING TO

3    WRITE THAT DOWN AS FAST AS YOU WERE SAYING IT, BUT COULD WE

4    JUST HEAR IT ONE MORE TIME?

5              THE COURT:  SURE.  "REFER TO FINAL JURY INSTRUCTION

6    NUMBER 23 TO DETERMINE WHETHER APPLE HAS PROVEN THE FOUR

7    FACTORS SET FORTH IN THAT INSTRUCTION AND IS THUS ENTITLED TO

8    LOST PROFITS FOR THE '915 PATENT.

9         REFER TO FINAL JURY INSTRUCTION NUMBER 22 TO CALCULATE ANY

10   LOST PROFITS."

11        AND I'M ACTUALLY OKAY WITH LEAVING THE RESPONSE AT THAT

12   POINT, BUT IF WE WANTED FURTHER CLARIFICATION, WE COULD

13   REITERATE THE ONE SENTENCE IN INSTRUCTION NUMBER 22 WHICH

14   STATES, "YOU MUST ALLOCATE THE LOST PROFITS BASED UPON THE

15   CUSTOMER DEMAND FOR THE PATENTED FEATURE OF THE INFRINGING

16   PRODUCTS."

17             MS. KREVANS:  IT WAS THAT LAST SENTENCE THAT I WAS

18   GOING TO SAY WE OBJECT TO.

19             THE COURT:  YEAH.

20             MS. KREVANS:  IF YOU STOP WHAT YOU READ AT -- AFTER

21   "REFER TO INSTRUCTION NUMBER 22 TO CALCULATE ANY LOST PROFITS,"

22   WE WOULD HAVE NO OBJECTION.

23             THE COURT:  YEAH.

24             MS. KREVANS:  I DIDN'T BRING MY TRANSCRIPT BINDER,

25   BUT I THINK I MAY KNOW WHAT THEY'RE ASKING FOR, BUT I HAVE NO

```
 1      OBJECTION ALSO TO ASKING THEM IF THEY CAN BE MORE SPECIFIC.

 2              THE COURT:  WELL, I FIGURED THAT APPLE WOULD OBJECT

 3      TO THAT SENTENCE, AND BECAUSE THERE ARE POTENTIALLY PROBLEMS OF

 4      SINGLING OUT ONE SENTENCE VERSUS OTHERS, I'M OKAY -- I THINK IT

 5      ANSWERS THEIR QUESTION THAT 23, WHICH REFERS TO PRODUCTS, IS

 6      JUST TO DETERMINE WHETHER APPLE IS ENTITLED TO LOST PROFITS,

 7      BUT YOU'VE GOT TO DO THE ALLOCATION BASED ON THE FEATURE, AND

 8      THAT'S IN 22 AND YOU USE INSTRUCTION 22 TO CALCULATE THE LOST

 9      PROFITS.

10          SO I'M OKAY WITH LEAVING THAT LAST SENTENCE OUT.

11          WOULD YOU LIKE TO BE HEARD ON THAT?

12              MS. KREVANS:  YOUR HONOR, MS. --

13              MS. MAROULIS:  WE WOULD LIKE TO HAVE THE SENTENCE IN.

14      WE BELIEVE THE WAY THE COURT READ THE STATEMENT FIRST IS THE

15      APPROPRIATE WAY BECAUSE IT PROVIDES GUIDANCE IN BOTH

16      INSTRUCTIONS AND DOESN'T LEAVE OUT THE CRUCIAL PART OF

17      INSTRUCTION 22.

18              MS. KREVANS:  YOUR HONOR, WE COMPLETELY AGREE WITH

19      THE COURT THAT THAT WOULD SINGLE OUT THAT PART OF THE

20      INSTRUCTION AND THAT WOULD BE IMPROPER.

21          THE OTHER THING THAT I WAS TRYING ALSO TO SAY IS THAT I

22      THINK WITH RESPECT TO AMOUNT OF LOST PROFITS, THERE ARE TWO

23      SPECIFIC ADDITIONAL INSTRUCTIONS THAT GO DIRECTLY TO THAT

24      ISSUE, AND SO WHEN THE COURT SAYS, WITH REFERENCE TO THE AMOUNT

25      OF LOST PROFITS, "REFER TO INSTRUCTION," IT SHOULD NOT SAY JUST
```

1    22, BUT ALSO 24 AND 25.  24 SPECIFICALLY IS TITLED "AMOUNT OF

2    PROFIT," AND 25 ALSO GOES TO THAT ISSUE.

3              THE COURT:  OKAY.  WHAT'S YOUR POSITION ON THAT?  I

4    THINK 24 AND 25 WOULD BE RELEVANT.

5              MS. MAROULIS:  YOUR HONOR, 24 IS DEFINITELY RELEVANT.

6    IT SAYS "AMOUNT OF PROFIT."

7         IF I MAY TAKE ONE SECOND TO REVIEW 25?

8              THE COURT:  PLEASE.

9         (PAUSE IN PROCEEDINGS.)

10             MS. MAROULIS:  YOUR HONOR, 25 IS NOT RELEVANT TO THIS

11   INQUIRY, SO WE WOULD RESPECTFULLY REQUEST THAT THE COURT REFER

12   THE JURY TO INSTRUCTIONS 22 AND 24, AND THEN WE FURTHER

13   REQUEST, IF WE CAN, TO HAVE THAT SENTENCE.

14             MS. KREVANS:  YOUR HONOR, 25 IS CLEARLY RELEVANT TO

15   THE AMOUNT.

16        THERE ARE TWO THINGS YOU HAVE TO DO TO CALCULATE THE

17   AMOUNT OF LOST PROFITS, NO MATTER WHAT ELSE YOU HAVE TO DO.

18   YOU HAVE TO KNOW HOW MANY UNITS OF PRODUCT, APPLE PRODUCT

19   YOU'RE CALCULATING IT ON, AND YOU HAVE TO KNOW THE AMOUNT OF

20   THE PROFIT ITSELF.

21        25 IS ABOUT HOW MANY UNITS, SO IT'S CLEARLY PART OF THE

22   AMOUNT PORTION OF THE INSTRUCTIONS.

23        AND I -- I DON'T WANT TO REPEAT WHAT I SAID BEFORE.

24   CLEARLY SINGLING OUT ONE SENTENCE IN AN INSTRUCTION WOULD BE

25   WRONG.

```
 1              THE COURT:  WELL, SO THERE'S CONSENSUS THAT 24 SHOULD
 2      BE IDENTIFIED AS AN INSTRUCTION TO USE WHEN CALCULATING ANY
 3      LOST PROFITS, AND IT DOES PROVIDE FOR THE CALCULATION OF LOST
 4      PROFITS ON ANY LOST SALES.
 5              MS. KREVANS:  AND 25 IS ABOUT --
 6              THE COURT:  AND THEN 25 --
 7              MS. KREVANS:  -- LOST SALES.  HOW MANY?
 8              THE CLERK:  DO YOU WANT SOME WATER?
 9              THE COURT:  PLEASE.  THANK YOU.
10          I'M GOING TO INCLUDE 24 AND 25, AND I'M NOT GOING TO
11      HIGHLIGHT THAT SENTENCE.  IT IS IN 22.
12          THIS JURY ALREADY CITED TO THAT SENTENCE BY CITING TO LINE
13      6 OF 22, SO THEY'RE CLEARLY AWARE OF IT.  I'M NOT CONCERNED
14      THEY'RE NOT PAYING ATTENTION TO THE RIGHT INSTRUCTIONS OR THE
15      RIGHT SENTENCES AND PARTS OF THOSE INSTRUCTIONS, SO WHAT'S WHAT
16      IT WILL BE.
17          NOW, WHAT DO YOU WANT TO DO ABOUT THE TRANSCRIPT?  IF
18      THERE WAS AN AGREEMENT ON WHAT PART OF MS. DAVIS'S TESTIMONY
19      PERTAINED TO LOST PROFITS, THEN WE COULD JUST HAVE
20      MS. SHORTRIDGE READ THAT BACK.
21          BUT IF THERE'S GOING TO BE DISAGREEMENT, THEN IT MAY BE
22      WORTH GETTING A LITTLE MORE CLARIFICATION FROM THE JURY.
23              MS. KREVANS:  WE HAVEN'T HAD A CHANCE TO DISCUSS IT.
24      UNFORTUNATELY, I MEANT TO BRING MY TRANSCRIPT BINDER OVER AND I
25      DIDN'T.  THERE IS A CLEAR SECTION OF MS. DAVIS'S TESTIMONY THAT
```

1    IS ABOUT LOST PROFITS.  IT'S LENGTHY, BUT IT COULD ALL BE READ.

2    IF THEY COULD BE MORE SPECIFIC, WE MIGHT BE ABLE TO NARROW IT

3    DOWN.

4              THE COURT:  WELL, WHAT'S YOUR POSITION ON WHAT I READ

5    TO YOU THAT INFORMS THE JURY THAT WE CANNOT GIVE THEM THE TRIAL

6    TRANSCRIPT, BUT THAT THE COURT REPORTER CAN DO A READ BACK IN

7    OPEN COURT AND ASK THEM TO PROVIDE MORE INFORMATION ABOUT WHAT

8    THEY WANT?  WHAT'S YOUR POSITION ON THAT?

9              MS. KREVANS:  WE AGREE WITH THAT, YOUR HONOR.

10             THE COURT:  YOU DO.  WHAT ABOUT SAMSUNG?

11             MS. MAROULIS:  YOUR HONOR, WE AGREE IN GENERAL.

12        BUT THE QUESTION IS WHETHER THE JURY NEEDS HER TESTIMONY

13   AT ALL AFTER THE COURT GIVES THEM THE GUIDANCE ON LEGAL ISSUES,

14   BECAUSE WHAT WE DON'T WANT TO HAPPEN IS FOR THE JURY TO INFER

15   THAT THEY ARE TO TAKE GUIDANCE AND LEGAL ISSUES FROM THE DAVIS

16   TRANSCRIPT.

17        SO IT'S POSSIBLE THAT, HAVING RECEIVED THE GUIDANCE FROM

18   THE COURT, THEY WON'T NEED TO SEE IT AT ALL.

19        BUT OTHER THAN THAT, WE AGREE THAT IT HAS TO BE REREAD AS

20   OPPOSED TO SENT BACK TO THE JURY.

21             THE COURT:  WELL, SO WHAT'S YOUR SUGGESTION AS TO THE

22   LAST LINE?  I MEAN, THEY SPECIFICALLY SAID "CAN WE GET A COPY

23   OF MRS. DAVIS TESTIMONY PERTAINING TO THIS TOPIC?"  THEY'VE

24   MADE THE REQUEST, SO I DON'T THINK IT WOULD BE RIGHT JUST TO

25   IGNORE IT AND ASSUME THEY DIDN'T MAKE THE REQUEST.

1          MS. MAROULIS:  NO, YOUR HONOR, WE WILL NOT SUGGEST WE

2     IGNORE IT.

3          THE QUESTION IS WHETHER WE SHOULD GO BACK -- NOT WE -- BUT

4     SOMEBODY SHOULD GO BACK AND ASK WHETHER THE GUIDANCE BY THE

5     COURT ON THE JURY INSTRUCTIONS RESOLVES THE ISSUE, AND IF NOT,

6     WHETHER THERE'S A SPECIFIC PART OF THE DAVIS TESTIMONY THEY

7     WANT TO SEE.

8          BUT I THINK BOTH PARTIES AGREE ON THE MECHANISM, WHICH IS

9     IF THEY WANT TO SEE SOMETHING, IT NEEDS TO BE READ IN COURT.

10         THE COURT:  WELL, I'M STILL GOING TO ASK, "IN LIGHT

11    OF THE FACT THAT YOU WILL NOT RECEIVE A TRIAL TRANSCRIPT, WOULD

12    YOU PLEASE IDENTIFY MORE SPECIFICALLY WHAT PORTION OF

13    MS. DAVIS'S TESTIMONY YOU WOULD LIKE READ BACK?"  DO YOU WANT

14    ME TO ADD "AND WHETHER YOU STILL WANT THE TESTIMONY"?  I MEAN,

15    WHAT'S YOUR POSITION ON THAT POINT?  I DON'T HAVE A STRONG

16    POSITION ON WHETHER WE ALSO ASK THEM, "WOULD YOU STILL LIKE THE

17    TESTIMONY READ BACK?"

18         MS. KREVANS:  YOUR HONOR, THEY'VE ASKED FOR THE

19    TESTIMONY.  I THINK THEY HAVE A RIGHT TO HEAR ADDITIONAL

20    TESTIMONY IF THEY ASK FOR IT.  IT DOES NEED TO BE READ IN

21    COURT.

22         I THINK -- I DON'T THINK THE COURT SHOULD SEND SOME

23    MESSAGE THAT THEY'VE DONE SOMETHING IMPROPER IN ASKING FOR IT.

24         THE COURT:  WELL, THEY CAN CERTAINLY GET THIS

25    QUESTION BACK THAT SAYS "PLEASE IDENTIFY MORE SPECIFICALLY WHAT

1    YOU NEED," AND IF THEY FEEL LIKE THE ANSWER REGARDING THE JURY

2    INSTRUCTIONS PROVIDES SUFFICIENT GUIDANCE, THEN THEY MAY NOT

3    NEED THE TESTIMONY.  I MEAN, THEY CERTAINLY ARE NOT OBLIGATED

4    TO ASK FOR MORE TESTIMONY.

5              MS. KREVANS:  I -- WE HAVE NO OBJECTION TO ASKING

6    THEM IF THEY CAN IDENTIFY MORE SPECIFICALLY WHAT THEY NEED.

7              THE COURT:  UM-HUM.

8              MR. PRICE:  WE AREN'T -- I GUESS THE POINT IS, "IF

9    YOU STILL THINK YOU NEED TO HEAR TESTIMONY, COULD YOU PLEASE

10   IDENTIFY IT?"

11             THE COURT:  WHAT IF I JUST SAID, "WE CANNOT GIVE YOU

12   THE TRIAL TRANSCRIPT, BUT THE COURT REPORTER CAN READ BACK THE

13   TRIAL TRANSCRIPT OR PORTIONS OF THE TRIAL TRANSCRIPT TO YOU IN

14   OPEN COURT.  IF YOU WOULD LIKE TESTIMONY READ BACK, WOULD YOU

15   PLEASE IDENTIFY MORE SPECIFICALLY WHAT PORTION OF MS. DAVIS'S

16   TESTIMONY YOU WOULD LIKE TO HEAR?"

17             MS. KREVANS:  THAT WOULD BE FINE WITH APPLE, YOUR

18   HONOR.

19             THE COURT:  IS THAT OKAY?

20             MR. PRICE:  SOUNDS GOOD.

21             MS. MAROULIS:  THAT'S FINE.

22             THE COURT:  OKAY.  LET ME WRITE THIS UP, AND THEN

23   AFTER I WRITE IT UP, LET ME READ IT BACK TO YOU TO MAKE SURE

24   THAT BOTH SIDES ARE OKAY WITH IT.

25             (PAUSE IN PROCEEDINGS.)

 1          THE COURT:  OKAY.  "REFER TO FINAL JURY INSTRUCTION

 2     NUMBER 23 TO DETERMINE WHETHER APPLE HAS PROVEN THE FOUR

 3     FACTORS SET FORTH IN THAT INSTRUCTION AND THUS IS ENTITLED TO

 4     LOST PROFITS FOR THE '915 PATENT.

 5          "REFER TO FINAL JURY INSTRUCTION NUMBERS 22, 24, AND 25 TO

 6     CALCULATE ANY LOST PROFITS.

 7          "WE CANNOT GIVE YOU THE TRIAL TRANSCRIPT, BUT THE COURT

 8     REPORTER, MS. SHORTRIDGE, CAN READ BACK THE TRIAL TRANSCRIPT OR

 9     PORTIONS THEREOF TO YOU IN OPEN COURT.  IF YOU WOULD LIKE A

10     READ BACK OF TRIAL TESTIMONY, WOULD YOU PLEASE IDENTIFY MORE

11     SPECIFICALLY WHAT PORTION OF MS. DAVIS'S TESTIMONY YOU WOULD

12     LIKE READ BACK?"

13          IS THAT OKAY?

14          MS. KREVANS:  YOUR HONOR, MR. SELWYN HAS POINTED OUT

15     TO ME THAT I OVERLOOKED THE FACT THAT WHILE THE COURT IS

16     ABSOLUTELY CORRECT THAT 23 HAS THE FACTORS THEY HAVE TO, WE

17     HAVE TO PROVE FOR ENTITLEMENT, IT ALSO HAS WITHIN IT SOME

18     INSTRUCTIONS THAT HAVE TO GO -- THAT GO TO THE AMOUNT, SO WE

19     THINK THAT THE RIGHT, THE RIGHT THING TO SAY WOULD BE, IN THE

20     SECOND PART OF YOUR NOTE BACK, TO REFER TO 22, 23, 24, AND 25

21     AS A GROUP WITH RESPECT TO THE CALCULATION.

22          MS. MAROULIS:  YOUR HONOR, THAT'S NOT CORRECT.  THE

23     INSTRUCTION NUMBER 23 IS THE PANDUIT FACTORS.  IF ALL OF THE

24     FACTORS ARE NOT SATISFIED, THERE'S NO LOST PROFITS.

25          MS. KREVANS:  WE AGREE WITH THAT.

```
1              MS. MAROULIS:  MS. KREVANS'S SUGGESTION IS THAT THE
2    JURY SHOULD CONSULT THE INSTRUCTION TO CALCULATE SOMETHING,
3    WHICH IS BASICALLY CIRCULAR.  IF THEY DON'T PASS THE TEST ON
4    INSTRUCTION 23, THERE'S NO FURTHER CALCULATIONS.  THEY'VE GOT
5    TO STOP RIGHT THERE AND THERE'S NO LOST PROFITS.
6              THE COURT:  WELL, I'M UNCLEAR.  WHAT PORTION OF 23 DO
7    YOU BELIEVE ACTUALLY TELLS THE JURY HOW TO DO A CALCULATION?
8              MS. KREVANS:  BECAUSE WHAT 23 ADDRESSES -- I AGREE
9    100 PERCENT WITH MS. MAROULIS THAT YOU HAVE TO MEET THE TEST OF
10   23 TO GET ANYTHING.
11             BUT 23 ALSO TELLS YOU THAT WHEN YOU LOOK AT NON-INFRINGING
12   ALTERNATIVES, YOU LOOK TO SEE EITHER THAT THERE WERE NONE, OR
13   IF THERE ARE ANY, THE NUMBER OF SALES THAT APPLE WOULD HAVE
14   MADE DESPITE THEIR AVAILABILITY.
15             AND THEN NUMBER 4 TALKS ABOUT THE AMOUNT OF PROFIT APPLE
16   WOULD HAVE MADE.  SO WE THINK, FOR COMPLETENESS -- AND YOU ARE
17   ADDRESSING MS. MAROULIS'S CONCERN BY SINGLING OUT 23 IN THE
18   FIRST SENTENCE OF YOUR NOTE.
19             AND THEN FOR COMPLETENESS, WHEN THEY MOVE ON TO AMOUNT, IF
20   THEY FIND 23 IS SATISFIED, THEY SHOULD BE LOOKING AT 22, 23,
21   24, AND 25.
22             MS. MAROULIS:  YOUR HONOR, WE STRONGLY OBJECT TO
23   THAT.  THERE IS CASE LAW THAT SAYS ABSENCE OF ALTERNATIVES BARS
24   LOST PROFITS.  TO SUGGEST TO THEM THAT THEY HAVE TO GO BACK AND
25   USE FACTOR 2 FOR CALCULATIONS IS INCORRECT.
```

```
 1            FACTOR 4 SIMPLY SUGGESTS THAT IN SOME CASES, A PLAINTIFF

 2    FAILS TO COME UP WITH THE CALCULATION OF LOST PROFITS.  SO IF

 3    PLAINTIFF HAS SATISFIED THE OTHER THREE FACTORS, BUT DID NOT

 4    PROVIDE A CALCULATION, THEN THE PANDUIT FACTOR FAILS.

 5            BUT IT DOESN'T GIVE THE JURY ANY GUIDANCE WHATSOEVER TO

 6    THEIR TASK.

 7                THE COURT:  WELL, I THINK I WOULD LIKE TO RESPOND AS

 8    FOLLOWS:  IF YOUR POINT IS THAT PANDUIT FACTOR 4 SAYS THE

 9    AMOUNT OF PROFIT THAT APPLE WOULD HAVE MADE IF SAMSUNG HAD NOT

10    INFRINGING IS RELEVANT TO CALCULATING DAMAGES, THAT IS SET

11    FORTH IN INSTRUCTION NUMBER 24 BECAUSE 24 SAYS, "APPLE MAY

12    CALCULATE ITS LOST PROFITS ON ANY LOST SALES BY COMPUTING THE

13    LOST REVENUE FOR SALES IT CLAIMS IT WOULD HAVE MADE BUT FOR THE

14    INFRINGEMENT."

15            SO I THINK THAT FACTOR 4 IS ADEQUATELY ACCOUNTED FOR IN

16    INSTRUCTION NUMBER 24.

17            IF YOUR OTHER POINT IS ABOUT THE SALES THAT APPLE WOULD

18    HAVE MADE BUT FOR SAMSUNG'S INFRINGEMENT, I THINK THAT'S

19    ADEQUATELY ACCOUNTED FOR IN INSTRUCTION NUMBER 25, WHICH SAYS

20    ONE WAY APPLE MAY PROVE THE NUMBER OF SALES IT WOULD HAVE MADE

21    HAD THE INFRINGEMENT NOT HAPPENED, NOTE NOTE CHECK THAT --

22                MS. KREVANS:  YOUR HONOR, I DO THINK THAT IN FACTOR 2

23    WHERE IT TALKS ABOUT THE NUMBER OF SALES THAT APPLE WOULD HAVE

24    MADE DESPITE THE AVAILABILITY OF NON-INFRINGING ALTERNATIVES,

25    IT IS GIVING THE JURY GUIDANCE ABOUT WHAT THEY OUGHT TO DO.
```

```
 1            MS. MAROULIS:  YOUR HONOR, SAMSUNG AGREES WITH THE

 2     COURT THAT 24 AND 25 COVER THIS ISSUE.

 3          WE NEED TO KEEP 23 SEPARATE AS A THRESHOLD TEST FOR

 4     WHETHER THE JURY EVEN MOVES TO THE LOST PROFITS CALCULATIONS.

 5            THE COURT:  22 DOES SAY "APPLE SEEKS TO RECOVER LOST

 6     PROFITS FOR SOME OF SAMSUNG'S SALES OF INFRINGING PRODUCTS.  TO

 7     RECOVER LOST PROFITS FOR INFRINGING SALES, APPLE MUST SHOW THAT

 8     BUT FOR THE INFRINGEMENT, THERE IS A REASONABLE PROBABILITY

 9     THAT APPLE WOULD HAVE MADE SALES THAT SAMSUNG MADE OF THE

10     INFRINGING PRODUCTS."

11          I THINK THAT INCORPORATES FACTOR 2, BECAUSE FACTOR 2 IS

12     NOT NECESSARILY SAYING THIS IS HOW YOU DO THE CALCULATION.

13     THIS IS SAYING APPLE IS ENTITLED TO LOST PROFITS IF THERE ARE

14     NO ACCEPTABLE NON-INFRINGING SUBSTITUTES FOR THE INFRINGING

15     PRODUCTS, OR IF THERE WERE A NUMBER OF SALES OF THE INFRINGING

16     PRODUCTS THAT APPLE WOULD HAVE MADE DESPITE THE AVAILABILITY OF

17     OTHER NON-INFRINGING SUBSTITUTES.

18          SO I'M -- I SEE YOUR -- I TAKE YOUR POINT INTO

19     CONSIDERATION, BUT I DO THINK THAT THE IDEA OF TAKING INTO

20     ACCOUNT APPLE'S PROFIT, IF SAMSUNG HAD NOT INFRINGED, AND

21     TAKING INTO ACCOUNT THAT SALES THAT APPLE WOULD HAVE MADE BUT

22     FOR SAMSUNG'S INFRINGEMENT ARE PROVIDED FOR SUFFICIENTLY IN THE

23     OTHER INSTRUCTIONS.

24            MS. KREVANS:  I DISAGREE, YOUR HONOR, BUT I DON'T

25     WANT TO WASTE YOUR TIME BY RESTATING WHAT I'VE SAID.
```

```
 1            THE COURT:  OKAY.  ANYTHING ELSE?  I'M AFRAID TO ASK.
 2   I WOULD LIKE TO GET THIS NOTE TO THE JURY IF WE CAN.
 3            MS. MAROULIS:  YOUR HONOR, THERE'S NOTHING ELSE ON
 4   THE NOTE FROM THE JURY.
 5        JUST BRIEFLY, SAMSUNG FILED A MOTION REGARDING RE-EXAM.
 6   WE DON'T NEED TO TAKE IT UP BEFORE THE JURY'S -- BEFORE THE
 7   NOTE IS RETURNED TO THE JURY, BUT SINCE WE'RE HERE, I WANTED TO
 8   BRING THAT UP.
 9            THE COURT:  THANK YOU.  I WAS AWARE OF THAT, AND
10   WE'LL JUST FILE -- FOLLOW THE PAGE LIMITS AND THE BRIEFING
11   SCHEDULE AS SET FORTH IN THE CASE MANAGEMENT ORDER.  I THINK
12   YOU HAVE THREE, THREE PAGES EACH AND THEN DAYS TO RESPOND.
13        IS THAT CORRECT, BASED ON THE PREVIOUS CASE MANAGEMENT
14   ORDER?
15            MS. MAROULIS:  YOUR HONOR, I DON'T HAVE THE ORDER
16   RIGHT IN FRONT OF ME.  I THINK IT SOUNDS RIGHT.
17        BUT WE ALREADY FILED THE MOTION.  I THINK IT'S FOUR AND A
18   HALF PAGES.
19            THE COURT:  THAT'S FINE.  THAT'S FINE.
20            MS. MAROULIS:  THE REASON WE DID IT NOW, AS OPPOSED
21   TO -- AND I DON'T THINK APPLE CAN WAIT TEN DAYS BECAUSE ONE OF
22   THE REASONS IS WE'RE SEEKING TO STAY THE CASE RIGHT NOW,
23   ALTERNATIVE TO RESPOND THE POST-TRIAL BRIEFING, SO WE
24   RESPECTFULLY REQUEST THAT APPLE RESPOND QUICKLY SO THE COURT
25   CAN ADDRESS IT.
```

1        THE COURT:  LET ME HEAR, HOW QUICKLY CAN APPLE

2    RESPOND?  NORMALLY IT WOULD HAVE BEEN TEN DAYS, BUT I CAN

3    CERTAINLY SEE THE REASON FOR EXPEDITING YOUR RESPONSE.

4        AND I'LL GIVE YOU FIVE PAGES SINCE THEY TOOK FIVE PAGES.

5        MS. KREVANS:  YOUR HONOR, WE JUST GOT THE MOTION,  SO

6    WE HAVE PEOPLE BACK AT THE OFFICE WORKING ON IT.  I WAS WORKING

7    ON IT, BUT THEN I CAME OVER HERE.

8        THE COURT:  SURE.

9        MS. KREVANS:  SO I MEAN, WE CAN RESPOND BY THE END OF

10   THE DAY.

11       THE COURT:  THAT'S FINE.

12       MS. KREVANS:  THANK YOU.

13       MS. MAROULIS:  THANK YOU, YOUR HONOR.

14       THE COURT:  OKAY.  THEN I WILL HAVE THIS NOTE AND

15   RESPONSE FILED SO YOU ALL HAVE A COPY OF THE RESPONSE AS WELL

16   AND WE'LL SUBMIT THIS TO THE JURY.

17       THE TIME IS NOW 1:23.  IS THAT RIGHT?

18       THE CLERK:  YES.

19       THE COURT:  OKAY.  ALL RIGHT.  THANK YOU ALL.

20       NOW, IF THERE'S A READ BACK, WE CAN DO IT IN HERE, RIGHT?

21   I JUST HAVE THREE CASE MANAGEMENT CONFERENCES AT 2:00 O'CLOCK.

22       THE CLERK:  SO BRING THE JURY DOWN HERE TO DO IT?

23       THE COURT:  YEAH.  WOULD THAT BE EASIER RATHER THAN

24   US -- BECAUSE MY 2:00 O'CLOCK CALENDAR IS DOWN HERE.

25       MS. KREVANS:  DO YOU WANT US TO JUST WAIT AND DO THE

1        READ BACK RIGHT NOW IF THEY DO WANT A READ BACK?

2                THE COURT:  YEAH, THEY -- THEY TOOK A BREAK --

3                THE CLERK:  COULD YOU MAYBE RADIO WHOEVER IS UP THERE

4        AND SEE IF THEY'RE BACK.

5                THE MARSHAL:  WOULD YOU LIKE THEM ALL DOWN HERE OR

6        UP --

7                THE CLERK:  JUST TO SEE IF THEY'RE ALL BACK FROM

8        THEIR LUNCH BREAK.  THANK YOU.

9                THE COURT:  ACTUALLY, THEY SHOULD DROP THIS OFF.

10                THE CLERK:  HE'S JUST GOING TO RADIO UPSTAIRS TO THE

11        GUY WHO'S UP THERE.

12                THE COURT:  I SEE.  OKAY.

13            (DISCUSSION OFF THE RECORD BETWEEN THE COURT AND THE

14        CLERK.)

15                THE COURT:  WHY DON'T WE BE IN RECESS?  THEY'RE GOING

16        TO NEED TIME TO RESPOND TO OUR ANSWER ANYWAY.

17            IF YOU'D LIKE TO WAIT HERE, THAT'S FINE, BUT I THINK

18        THEY'LL NEED SOME TIME TO RESPOND, EVEN IF IT'S JUST A FEW

19        MINUTES, AND THEN WE WILL NEED SOME TIME TO AGREE UPON WHAT

20        PORTIONS, OR AT LEAST YOU CAN BOTH MAKE ALTERNATIVE PROPOSALS

21        AS TO WHAT PORTIONS OF THE TRANSCRIPT SHOULD BE READ IF THEY

22        WANT READ BACK.  OKAY?

23            THANK YOU.  WE'LL BE IN RECESS UNTIL THEN.

24            (RECESS TAKEN PENDING THE JURY'S DELIBERATIONS.)

25                THE COURT:  SO THIS IS JUROR NOTE NUMBER 6.  IT SAYS,

```
 1        "CAN WE GET A NEW LUNCH LIST FOR TOMORROW, PLEASE?" WITH THREE

 2     UNDERLINES.  "WE CAN FILL OUT IN THE MORNING IF SO.  THANKS."

 3            AND SO MS. PARKER BROWN IS TRYING TO GET THE NEW LUNCH

 4     ORDERS.  THEY APPARENTLY DON'T LIKE THE SOURDOUGH BREAD AND --

 5            THE CLERK:  THE ROLLS ARE TOO HARD.

 6            MS. KREVANS:  WE RECOMMEND SPECIALTIES.

 7            THE COURT:  APPARENTLY ERICK'S DELI IS THE ONLY

 8     APPROVED CATERER, SO THEY HAVE TO EAT THE SAME THING EVERY DAY.

 9     I DON'T KNOW WHY.  I JUST WORK HERE.  I DON'T KNOW WHY THAT'S

10     THE CASE.

11            SO ANYWAY, ARE YOU SURE, MS. PARKER BROWN, WE CAN'T GET

12     THEM ANYTHING OTHER THAN THE SAME RESTAURANT?

13            THE CLERK:  I'M SURE.

14            THE COURT:  OKAY.  SO I'LL JUST -- WHAT DO YOU WANT

15     ME TO SAY?  THAT WE WILL PROVIDE A NEW MENU?

16            THE CLERK:  YEAH.  I ACTUALLY TALKED TO THEM.

17            MS. MAROULIS:  YOUR HONOR, IS THIS A QUESTION OF

18     FUNDING?  BECAUSE THE PARTIES CAN FUND ANOTHER RESTAURANT.

19            THE COURT:  YOU ALL COULD PROBABLY BUY ANOTHER

20     RESTAURANT.

21            MR. PRICE:  OUR CLIENTS, YES.  NOT US.  ACTUALLY --

22            THE COURT:  UNFORTUNATELY -- IS THIS LIKE A GSA RULE?

23     OR WHO APPROVES THE CATERERS?

24            THE CLERK:  PROCUREMENT IN SAN FRANCISCO.

25            THE COURT:  OH.  I COULD TRY AND ASK IF WE CAN --
```

```
1              THE CLERK:  WELL, I STILL DON'T KNOW IF WE COULD GET

2     ANYTHING FOR TOMORROW, BECAUSE MOST CATERERS WANT AT LEAST THE

3     NIGHT BEFORE FOR LUNCH.

4              MS. KREVANS:  WE'VE BEEN ORDERING FROM SPECIALTY'S

5     EVERY MORNING FOR OUR LUNCH AND THEY SEEM CAPABLE OF DOING IT.

6              THE CLERK:  I MEAN, I THINK THAT'S WHAT THE COURT IS

7     GOING TO DO.

8              MR. PRICE:  YOUR HONOR, SERIOUSLY, COULDN'T THE

9     PARTIES SPLIT THE COST OF CATERING SPECIALTY'S OR SOMETHING?

10             THE COURT:  I DON'T KNOW.  SPECIALTIES IS SIMILAR TO

11    ERICK'S DELI, THOUGH.

12             MR. PRICE:  BUT THEY HAVE BETTER --

13             THE COURT:  THEY'RE JUST SANDWICHES.  THAT'S THE

14    THING.  IF THEY WANTED SOMETHING OTHER THAN SANDWICHES, I THINK

15    WE'D HAVE TO GO OUTSIDE OF A SORT OF DELI PLACE.

16             MS. KREVANS:  I DON'T KNOW SAN JOSE ALL THAT WELL.

17             THE CLERK:  I KNOW THAT SNOOKI IS GONE FOR THE DAY,

18    UNLESS SHE WENT TO A MEETING IN SAN FRANCISCO.

19             THE COURT:  YOU KNOW WHAT?  GIVE ME A MOMENT.  LET ME

20    SEE IF I CAN CALL SOMEONE IN SAN FRANCISCO AND SEE IF WE CAN

21    GET ANOTHER CATERER.

22         (PAUSE IN PROCEEDINGS.)

23             MS. KREVANS:  ANY LUCK?

24             THE COURT:  WELL, RICH WEIKING IS GOING TO LOOK INTO

25    IT.  I'D LIKE TO FIND OUT NOT JUST FOR THIS JURY, BUT FOR ANY
```

```
 1           JURY.  IT SEEMS LIKE AN AWFULLY RIGID RULE.

 2                 THE CLERK:  SO FOR TODAY COULD I --

 3                 THE COURT:  WE COULD ORDER IT TOMORROW.  IT'S ONLY

 4           EIGHT PEOPLE'S LUNCH.

 5              I'LL LET THEM KNOW THAT WE'RE LOOKING INTO IT AND WE'LL

 6           REPORT BACK IN THE MORNING, BECAUSE, YOU KNOW, THE CLERK'S

 7           OFFICE WILL NEED SOME TIME TO LOOK INTO IT.  OKAY?

 8              I'M NOT TOO CONCERNED ABOUT BEING ABLE TO FIND THEM

 9           SOMETHING TO EAT TOMORROW.

10                 THE CLERK:  OKAY.

11                 THE COURT:  OKAY.

12              (PAUSE IN PROCEEDINGS.)

13                 THE COURT:  I WAS JUST GOING TO WRITE, "WE WILL LOOK

14           INTO THIS AND REPORT BACK TO YOU TOMORROW."  I CAN JUST SAY,

15           "THERE ARE GOVERNMENT PROCUREMENT RULES."

16                 MS. KREVANS:  THAT SOUNDS GOOD TO US.

17                 MR. PRICE:  THIS IS YOUR FEDERAL GOVERNMENT.

18                 THE COURT:  I'LL JUST SAY, "THERE ARE GOVERNMENT

19           PROCUREMENT RULES THAT NEED TO BE CHECKED."

20                 THE CLERK:  THAT SOUNDS GOOD.

21              JUDGE, DO YOU THINK I NEED TO DO A CLERK'S NOTICE TONIGHT

22           SINCE THE PARTIES ARE HERE?

23                 MS. KREVANS:  WE DEMAND A CLERK'S NOTICE.

24                 THE CLERK:  I CAN DO A CLERK'S NOTICE.

25                 THE COURT:  WELL, IT IS ALREADY 4:30.  IT PROBABLY
```

```
 1     WOULD BE GOOD TO DO ONE SINCE WE TOLD FOLKS WE WOULD NOTIFY

 2     THEM BY ECF.

 3              THE CLERK:  AND I ALREADY TALKED TO HOWARD.

 4              MS. KREVANS:  WE TALKED TO HOWARD AND HE TOLD US THAT

 5     THE JURY HAD LEFT, BECAUSE HE ALWAYS KNOWS FIRST.

 6              THE COURT:  ALL RIGHT.  TIME IS 4:33.

 7          ALL RIGHT.  SO WE'RE JUST GOING TO SEND BACK, "WE WILL

 8     LOOK INTO THIS AND REPORT BACK TO YOU TOMORROW.  THERE ARE

 9     GOVERNMENT PROCUREMENT RULES THAT NEED TO BE CHECKED."

10              MR. PRICE:  ALL RIGHT.

11              MS. KREVANS:  SOUNDS GOOD.

12              THE COURT:  AND I AM PROBABLY, SADLY, GOING TO HAVE

13     TO CALL YOU BACK AS TO WHAT THE RESPONSE SHOULD BE TOMORROW.

14          SO -- WE'LL LET YOU KNOW.

15              MS. KREVANS:  AND YOUR HONOR --

16              THE COURT:  THANK YOU.  I'M ASSUMING THEY'VE LEFT FOR

17     TODAY.

18              THE CLERK:  YES, THEY'RE ALL GONE.

19              MS. KREVANS:  AND I'M GOING TO GO BACK AND WORK ON

20     OUR BRIEF.  I'VE HAD SOMEONE WORKING ON IT, SO WE'LL DEFINITELY

21     GIVE IT TO YOU THIS EVENING SINCE --

22              THE COURT:  IT MIGHT BE MIDNIGHT.

23              MS. KREVANS:  -- I'VE BEEN SITTING HERE.

24          OH, IT WON'T BE MIDNIGHT.

25              THE COURT:  OKAY.  THANK YOU ALL.  WE'LL SEE YOU
```

1    TOMORROW.

2              MS. KREVANS:  THANK YOU, YOUR HONOR.

3              MS. MAROULIS:  THANK YOU.

4          (A RECESS WAS TAKEN PENDING THE JURY'S DELIBERATIONS.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3                        CERTIFICATE OF REPORTER

4

5

6

7         I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8    STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9    280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10   CERTIFY:

11        THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12   A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13   ABOVE-ENTITLED MATTER.

14

15

16   _____

17   LEE-ANNE SHORTRIDGE, CSR, CRR
     CERTIFICATE NUMBER 9595

18        DATED:  NOVEMBER 20, 2013

19

20

21

22

23

24

25