HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL APPLE'S MOTION FOR ATTORNEYS' FEES** |

In accordance with Civil Local Rules 7-11 and 79-5, Apple Inc. ("Apple") submits this motion for an order to seal its Motion for Attorneys' Fees and Exhibit A to the Declaration of Michael A. Jacobs in Support of Apple's Motion for Attorneys' Fees ("Jacobs Declaration").

Exhibit A to the Jacobs Declaration contains information that is confidential and competitively sensitive as set out in the Declaration of Ruth Borenstein in Support of Apple's Administrative Motion to File Under Seal ("Borenstein Declaration"), filed herewith. As detailed in the Borenstein Declaration, Exhibit A contains extensive competitively sensitive and confidential information regarding the negotiated billing rates of Apple's counsel in this action, Morrison & Foerster LLP. (Borenstein Decl. ¶ 2.) The billing rates of Morrison & Foerster timekeepers are confidential, and are not generally revealed to the public. (*Id.*) Exhibit A contains the rates for 91 timekeepers. The breadth of the information revealed in Exhibit A could provide insight into Morrison & Foerster's firm-wide billing structure and reflects Morrison & Foerster's confidential financial relationship (including negotiated discounts) with Apple. Apple's Motion for Attorneys' Fees refers to one specific timekeeper rate that is not publicly known. This information is competitively sensitive and confidential and could be used by Morrison & Foerster's competitors to its disadvantage, as disclosure of the information would reveal the firm's billing structure and confidential pricing strategy, as well as its negotiated financial relationship with Apple. (*Id.*)

Numerous courts in the Ninth Circuit have held that, "In trademark/dress matters, attorney billing rates which are not publicly known and are 'competitively sensitive,' warrant sealing." *E&J Gallo Winery v. Proximo Spirits, Inc.*, No. CV-00411, 2012 U.S. Dist. LEXIS 94581, at *2 (E.D. Cal. July 9, 2012) (citing *China Int'l Travel Servs. (USA) v. China & Asia Travel Serv.*, No. 08-cv-01293, 2008 U.S. Dist. LEXIS 106622, at *29 (N.D. Cal. Dec. 18, 2008) (noting that counterclaim plaintiff would "request its attorneys' fees by way of a declaration, submitted for filing under seal, . . . because the attorneys' hourly rates are competitively sensitive and not publicly known."); *Mine O'Mine, Inc. v. Calmese*, No. 10-CV-00043, 2012 U.S. Dist. LEXIS 53077, at *10 (D. Nev. Apr. 16, 2012) (sealing negotiated billing rates)); *Gen'l Elec. Co. v. Wilkins*, No. 10-CV-00674, 2012 U.S. Dist. LEXIS 97647, at *6 (E.D. Cal. July 13, 2012)

(same); *Herb Reed Enters., Inc. v. Monroe Powell's Platters, LLC*, No. 11-cv-02010, 2013 U.S. Dist. LEXIS 96948, at *2 (D. Nev. July 11, 2013) (same). The *E&J Gallo* court also found that a law firm's confidential billing rate, "if [it] became known, would likely impact the law firm's competitiveness." *E & J Gallo Winery v. Proximo Spirits, Inc.*, No. 10-cv-00411, 2012 U.S. Dist. LEXIS 64525, at *5-6 (E.D. Cal. May 8, 2012).[1] The relief requested in this motion is necessary and is narrowly tailored to protect only the billing rates of counsel.

Pursuant to Civil Local Rule 79-5(d), Apple files herewith Exhibit A to the Jacobs Declaration entirely under seal; a public redacted version of its Motion for Attorneys' Fees; and, under seal, an unredacted version of its Motion for Attorneys' Fees indicating with highlighting the specific number Apple requests to seal.

Dated: December 5, 2013             MORRISON & FOERSTER LLP

                                    By:   */s/ Rachel Krevans*
                                          Rachel Krevans

                                          Attorney for Plaintiff
                                          APPLE INC.

---

[1] This Court recently denied a request to seal attorney billing records that included hourly rates. *See Ferrington v. McAfee, Inc.*, No. 10-CV-01455, 2013 U.S. Dist. LEXIS 103038, at *4-6 (N.D. Cal. July 22, 2013). That case is distinguishable, however, as the moving party argued only that the records were covered by attorney-client privilege. *Id*. at *4-6. There was no argument that the rates were confidential and competitively sensitive. To the contrary, the Court noted that the hourly rates were reflected in the very declarations that attached the billing records at issue, and that the moving party was not seeking to seal those declarations. *Id*. at *5.