HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF RACHEL KREVANS IN SUPPORT OF APPLE'S MOTION FOR ATTORNEYS' FEES** |

I, RACHEL KREVANS, hereby declare as follows:

1. I am a partner with the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple"). I am licensed to practice law in the State of California. I have personal knowledge of the matters stated herein or understand them to be true from members of my litigation team or other professionals within Morrison & Foerster. I make this declaration in support of Apple's Motion for Attorneys' Fees.

2. Apple submits this declaration, the declaration of Michael Jacobs, and the declaration of Mark Selwyn in support of its motion for attorneys' fees. For the reasons set forth in Apple's brief, Apple is entitled to the reasonable attorneys' fees that it requests.

## I. STATUS OF BILLS, PAYMENTS, AND FEES

3. Apple is only seeking a portion of the amount billed by timekeepers who billed more than $100,000 in fees on this matter. Exhibit A to Mr. Jacobs's declaration sets out that, discounted as described in the declaration, these individuals billed a total of $47,210,976.52 on this case through March 1, 2013.

4. Many of these same individuals continued to work on this case after March 1, 2013, through multiple rounds of briefing, preparation for the November 2013 retrial including expert depositions, and the November 2013 retrial itself. In total, the billers described in Mr. Jacobs's declaration who continued to work on the case after March 1, 2013, billed approximately $6 million from March 2, 2013, through the end of November 2013, again discounted as described in Mr. Jacobs's declaration.

5. Apple has paid Morrison & Foerster approximately $56.5 million for fee invoices covering work performed in this case between April 2011 and August 2013 (this number does not include any costs).

6. For work performed in September, October, and November 2013, Morrison & Foerster has submitted invoices to Apple, and the addition of those invoices brings Apple's total fees to Morrison & Foerster in prosecuting this case to approximately $60 million.

## II. TOTAL FEES REQUESTED

7. As described in Apple's Motion for Attorneys' Fees, at this time, Apple seeks only a portion of the fees that it has incurred in prosecuting its claims. In particular, Apple seeks a portion reasonably allocated to its successful Lanham Act claims.

8. Broadly, Apple's offensive case was split across three substantive areas—phone designs, tablet designs, and utility patents. Apple's phone designs are covered by multiple intellectual property rights: trade dress, trademarks, and design patents. Apple's tablet designs are also covered by trade dress, trademarks, and design patents. The work Apple's counsel performed relating to designs was necessary to prosecute Apple's claims to all of those types of intellectual property.

9. The parties' filings reveal a disproportionately large amount of attention to the design portion of the case. Apple's Complaint and Amended Complaint devoted a substantial amount of attention to Samsung's copying of Apple's designs, including numerous side-by-side design comparisons. (Dkt. Nos. 1, 75.) Many of the discovery disputes that the parties presented to the Court related to design issues. Samsung's 22-page trial brief devoted over four pages to arguing it did not copy Apple's designs and another five-and-a-half pages to discussing Apple's design patents; by contrast, Samsung spent just two-and-a-half pages on utility patents (with the remainder discussing damages and Samsung's patent claims). (Dkt. No. 1322 at 3-15.) Similarly, Apple in its trial brief devoted the vast majority of its 14-page section discussing Samsung's violation of Apple's intellectual property rights to Samsung's infringement and/or dilution of Apple's designs, with only two pages on utility patents. (Dkt. No. 1323 at 3-16.)

10. The parties' selection of experts further emphasizes how much both parties focused on designs. In connection with Apple's claims, Apple served reports from nine experts discussing design/trade dress issues (Peter Bressler, Sanjay Sood, Henry Urbach, Alan Hedge, Hal Poret, Kent Van Liere, Susan Kare, Russell Winer, and James Carmichael) and six experts discussing utility patent issues (Ravin Balakrishnan, John Hauser, Alex Snoeren, Michel Maharbiz, Karan Singh, and Jack Goldstein). Similarly, in connection with Apple's claims, Samsung served reports from eight experts discussing design/trade dress issues

(Jacob Jacoby, Michael Kamins, Mark Lehto, Samuel Lucente, George Mantis, Michael Mazis, Christopher Mount, and Itay Sherman) and five experts discussing utility patent issues (Trevor Darrell, Stephen Gray, Jeffrey Johnson, Andries Van Dam, and Brian Von Herzen). Samsung also served a report from Nicholas Godici with 30 pages on design patent issues and 5 pages on allegations of inequitable conduct for a utility patent that did not proceed to trial.

11. The parties' choices on how to spend their time at the first trial reinforces the heavy focus on design issues over utility patent issues. As the Court may recall, both parties closely tracked time spent during trial. Apple retained its records. According to Apple's records, each party allocated the time it spent on Apple's claims in the following percentages:

- **Design – Apple 56%, Samsung 52%**
    - Christopher Stringer (58 minutes Apple, 32 minutes Samsung)
    - Philip Schiller (85 minutes Apple, 55 minutes Samsung)
    - Peter Bressler (104 minutes Apple, 152 minutes Samsung)
    - Susan Kare (91 minutes Apple, 72 minutes Samsung)
    - Russell Winer (43 minutes Apple, 25 minutes Samsung)
    - Hal Poret (19 minutes Apple, 64 minutes Samsung)
    - Kent Van Liere (13 minutes Apple, 24 minutes Samsung)
    - Jeeyeun Wang (14 minutes Apple, 52 minutes Samsung)
    - Roger Fidler, including video (8 minutes Apple, 18 minutes Samsung)
    - Itay Sherman (26 minutes Apple, 48 minutes Samsung)
    - Jin Soo Kim (25 minutes Apple, 48 minutes Samsung)
    - Susan Kare (Rebuttal) (12 minutes Apple, 3 minutes Samsung)
    - Peter Bressler (Rebuttal) (24 minutes Apple, 6 minutes Samsung)
- **Utility – Apple 24%, Samsung 26%**
    - Scott Forstall (40 minutes Apple, 28 minutes Samsung)
    - Ravin Balakrishnan (49 minutes Apple, 38 minutes Samsung)
    - Karan Singh (48 minutes Apple, 56 minutes Samsung)
    - John Hauser (4 minutes Apple, 36 minutes Samsung)

- o   Benjamin Bederson (18 minutes Apple, 29 minutes Samsung)
- o   Adam Bogue (14 minutes Apple, 30 minutes Samsung)
- o   Clifton Forlines (1 minute Apple, 19 minutes Samsung)
- o   Andries Van Dam (9 minutes Apple, 34 minutes Samsung)
- o   Stephen Gray (12 minutes Apple, 32 minutes Samsung)
- o   Karan Singh (Rebuttal) (19 minutes Apple)
- o   Ravin Balakrishnan (Rebuttal) (9 minutes Apple)

- **Damages and other issues relevant to both design and utility – Apple 20%, Samsung 21%**

    - o   Justin Denison (63 minutes Apple, 98 minutes Samsung)
    - o   JunWon Lee (Deposition) (7 minutes Apple, 2 minutes Samsung)
    - o   Dong Hoon Chang (Deposition) (4 minutes Apple)
    - o   Timothy Benner (Deposition) (5 minutes Apple, 4 minutes Samsung)
    - o   Timothy Sheppard (Deposition) (2 minutes Apple)
    - o   Terry Musika (87 minutes Apple, 75 minutes Samsung)
    - o   Richard Howarth (2 minutes Apple, 6 minutes Samsung)
    - o   Timothy Sheppard (Live) (5 minutes Apple, 12 minutes Samsung)
    - o   Michael Wagner (16 minutes Apple, 46 minutes Samsung)

12.     Phone designs were a much larger portion of the case than tablet designs. Of the 28 accused products in the first trial, 19 were phones accused of infringing and/or diluting Apple's phone design rights (trade dress and/or design patent). By contrast, only 3 of the accused products were tablets, each accused of infringing and/or diluting Apple's tablet design rights. Moreover, almost all of Apple's damages request at the first trial was for infringement or dilution by accused phones, not tablets. Of the $2.75 billion Apple requested, only $80.97 million—just 2.9%—was for Samsung's tablets. (*See* PX25A1.4.)

13.     In light of all of the facts above, 1/3 is a highly conservative allocation of Apple's attorneys' fees to phone design issues, and therefore phone trade dress, through the first trial and post-trial motions.

14. Apple seeks only a portion of its fees from inception through March 1, 2013, when the parties' focus shifted to the November retrial (which involved no trade dress rights) in light of the Court's Order Re: Damages. As set out in Mr. Jacobs's declaration and as noted above, the timekeepers who have each billed over $100,000 in fees on this matter, billed a total of $47,210,976.52 in fees through March 1, 2013, discounted as described in Mr. Jacobs's declaration; 1/3 of that amount is $15,736,992.17. Apple therefore seeks in its motion to recover $15,736,992 of its fees.

15. In my judgment, the requested amount is reasonable given the size, scope, and complexity of this litigation, the jury verdict obtained for Apple, the significance of the case as indicated by both legal and mainstream press coverage, and the considerable size of the total bills in this case, reaching over $60 million when bills on Apple's offensive claims from both firms are combined. (*See* Declaration of Mark D. Selwyn in Support of Apple's Motion for Attorneys' Fees, filed concurrently herewith.)

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of December, 2013 at San Francisco, California.

*/s/ Rachel Krevans*
Rachel Krevans

DECL. OF RACHEL KREVANS ISO APPLE'S MOT. FOR ATTORNEYS' FEES
CASE NO. 11-cv-01846-LHK (PSG)
sf-3359707

5