HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
| Plaintiff, | **DECLARATION OF RACHEL KREVANS IN SUPPORT OF APPLE'S BILL OF COSTS** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

I, RACHEL KREVANS, hereby declare as follows:

1.        I am a partner with the law firm of Morrison & Foerster LLP, which is counsel of record for Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") in this case.  I am admitted to practice law in the State of California and before this Court.  I make this declaration in support of Apple's Bill of Costs.  I have knowledge of the matters stated in this declaration, and I could and would testify competently thereto if called to do so.

2.        Two law firms represented Apple in this matter, preparing the case together and taking it to trial.  Morrison & Foerster LLP took primary responsibility for Apple's claims against Samsung, and Wilmer Cutler Pickering Hale and Dorr LLP took primary responsibility for defending Apple against Samsung's claims.  This declaration only addresses the costs collected together by Morrison & Foerster ("Morrison Costs"), as reflected in Schedules A-1, A-2, B-1, B-2, B-3, B-4, B-5, B-6, and C, and the corresponding exhibits.  The costs collected by Wilmer Cutler Pickering Hale and Dorr are supported by the Declaration of Mark D. Selwyn in Support of Apple's Bill of Costs.

3.        On August 24, 2012, the Court entered Judgment in this matter.  (ECF No. 1933.)  As reflected in the Judgment and the jury verdict (ECF No. 1931), Apple prevailed on a substantial part of the litigation.  Defendants did not prevail on their counterclaims.  On November 21, 2013, following a retrial of a portion of the previous damages award, a jury again returned a verdict in favor of Apple (ECF No. 2822), and the Court entered judgment based on that verdict (ECF No. 2823).  Accordingly, Apple is the prevailing party and is entitled to recover costs pursuant to Fed. R. Civ. P. 54(d), 17 U.S.C. § 505, and Civil Local Rule 54.

4.        I have reviewed Apple's Bill of Costs and the schedules and invoices for the Morrison Costs submitted therewith (Schedules A-1, A-2, B-1, B-2, B-3, B-4, B-5, B-6, and C, and the corresponding exhibits).  The Morrison Costs included in Apple's Bill of Costs are correctly stated and were necessarily incurred in this action, and the services for which fees have been charged were actually and necessarily performed.  Further, the Morrison Costs in Apple's Bill of Costs are fairly attributable to the claims asserted in this litigation and are recoverable by Apple under 28 U.S.C. § 1920, Civil Local Rule 54-3, and relevant case law.

**A.      Printed or Electronically Recorded Transcripts**

5.      "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable pursuant to 28 U.S.C. § 1920(2).

6.      Apple seeks costs of deposition, trial, and hearing transcripts in the amount of $621,037.59 (Morrison Costs), divided between deposition transcripts (Schedule A-1) and hearing and trial transcripts (Schedule A-2).

**1.      Deposition Transcripts (Schedule A-1)**

7.      Apple seeks costs of deposition transcripts in the amount of $550,387.96 (Morrison Costs).  (*See* Schedule A-1.)

8.      Under 28 U.S.C. § 1920(2) and Civil Local Rule 54-3, costs for deposition transcripts and videotapes are recoverable.  Civil Local Rule 54-3(c)(1) allows "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case."  The cost of reproducing exhibits for depositions is also recoverable.  *See* Civil Local Rule 54-3(c)(3) ("The cost of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable.")

9.      Both parties acknowledged at the outset of the case that they would need to take a significant number of depositions.  Apple requested 150 hours of total deposition time for each side in Apple's affirmative case against Samsung and 325 hours of total deposition time for each side in Samsung's affirmative case against Apple.  (ECF No. 157 at 10.)  Samsung's proposal was similar, requesting 450 hours for each side for the entire case.  (*Id.* at 11.)  The Court granted each side 250 hours of deposition time.  (ECF No. 187 at 1.)  For Apple's affirmative infringement case, Apple took the deposition of 98 Samsung witnesses and 10 third-party witnesses.  In addition, Apple took the deposition of 16 Samsung experts, and Samsung took the deposition of 18 Apple experts.

10.      Pursuant to Civil Local Rule 54-3(c), Apple has included in its Bill of Costs for each deposition only the costs related to one electronic written transcript, including exhibits, and one expedited copy of the written transcript.  Apple has also included the costs related to the videotape of the deposition.  This Court regularly permits taxation of costs for both video and a

1   stenographic transcript.  *See MEMC Elec. Materials v. Mitsubishi Materials*, No. C-01-4925

2   SBA (JCS), 2004 U.S. Dist. LEXIS 29359, at *10 (N.D. Cal. Oct. 22, 2004) ("The Court

3   concludes . . . that a sensible reading of the rule covers the cost of videotaping *and* the cost

4   incurred by the court reporter associated with obtaining a stenographic transcription of a

5   deposition, as well as the cost of one copy of the videotape and of the written transcript"); *eBay*

6   *Inc. v. Kelora Sys., LLC*, Nos. C 10-4947 CW (LB), C 11-1398 CW (LB), C 11-1548 CW (LB),

7   2013 U.S. Dist. LEXIS 49835, at *32-33 (N.D. Cal. Apr. 5, 2013) (granting costs for video

8   depositions as "commonplace"); *Kalitta Air, LLC v. Cent. Tex. Airborne Sys.*, No. C 96-2494

9   CW, 2012 U.S. Dist. LEXIS 172679, at*15-16 (N.D. Cal. Dec. 5, 2012) (taxing costs for both

10  stenographic transcript and videotape as appropriate expenses).  The Federal Circuit, in applying

11  this district's local rules, has also found that taxing costs both for a stenographic transcript and a

12  video deposition is a "commonplace practice."  *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361,

13  1370 (Fed. Cir. 2011).  This Court also taxes shipping and handling costs.  *See Petroliam*

14  *Nasional Berhad v. GoDaddy.com, Inc.*, No. C 09-5939 PJH, 2012 U.S. Dist. LEXIS 64555, at

15  *6 (N.D. Cal. May 8, 2012) ("[T]he court finds that the charge for 'shipping and handling' can

16  reasonably be viewed as part of 'the cost of an original and one copy of any deposition.'"); *In re*

17  *Ricoh Co.*, No. C 03-02289 JW, 2010 U.S. Dist. LEXIS 144033, at *17 (N.D. Cal. Sept. 29,

18  2010) (holding "shipping costs for deposition transcripts are taxable").

19          11.     A spreadsheet itemizing the recoverable Morrison Costs that Apple incurred in

20  taking depositions is attached as Schedule A-1 to the Bill of Costs.  For example, for the

21  deposition of Richard Lutton, Apple requests the costs of the written transcript ($1,225.00), the

22  exhibits ($735.00), the expedited copy of the written transcript ($1207.50), and shipping and

23  handling ($70.00) – totaling $3,237.50.  In addition, Apple requests the costs of the videotape

24  ($475.00) and associated shipping and handling ($40) – totaling $515.00.

25          12.     True and correct copies of invoices supporting the Morrison Costs in Schedule A-1

26  are attached as Exhibit A-1 to the Bill of Costs.  Included in Exhibit A-1 are invoices from the

27  following court reporting firms:  American Realtime Court Reporters, Cook & Wiley

28

1  Reporting, Inc., Merill Corp. (dba LegalLink, Inc.), Transperfect Legal Solutions, TSG

2  Reporting, Inc., Veritext Corp., Video Works, and VideoWorks of Virginia, Inc.

### 2. Hearing and Trial Transcripts (Schedule A-2)

4  13.  Pursuant to 28 U.S.C. § 1920(2) and Civil Local Rule 54-3, Apple seeks costs of

5  hearing and trial transcripts in the amount of $70,649.63 (Morrison Costs).  (*See* Schedule A-2.)

6  Case law supports such recovery.  *See Affymetrix, Inc. v. Multilyte Ltd.*, No. C 03-03779 WHA,

7  2005 U.S. Dist. LEXIS 41177, *5-6 (N.D. Cal. Aug. 26, 2005), *aff'd*, No. 05-1460, 2006 U.S.

8  App. LEXIS 8312 (Fed. Cir. Mar. 24, 2006) (finding that "[i]t was reasonable for [the prevailing

9  party] to incur the expense of transcripts for all court proceedings, given that [the] case was so

10  contentiously litigated" and awarding court reporter's fees for "the cost of all hearing transcripts

11  because they were 'necessarily obtained.'").

12  14.  A spreadsheet itemizing the recoverable Morrison Costs that Apple incurred for

13  hearing and trial transcripts is attached as Schedule A-2 to the Bill of Costs.

14  15.  True and correct copies of invoices supporting the Morrison Costs in Schedule A-2

15  are attached as Exhibit A-2 to the Bill of Costs.

### B. Exemplification, Costs of Making Copies, and Related Items

17  16.  "Fees for exemplification and the costs of making copies of any materials where

18  the copies are necessarily obtained for use in the case" are taxable pursuant to

19  28 U.S.C. § 1920(4).

20  17.  Apple seeks costs associated with its production of documents and other evidence

21  and its preparation of demonstrative evidence in the amount of $4,503,761.46 (Morrison Costs),

22  as broken out into the six subcategories set forth in subsections B-1 to B-6.

### 1. Costs of Making Copies (Schedule B-1)

24  18.  Apple seeks its costs of reproducing documents for purposes of disclosure and

25  other formal discovery processes (*e.g.*, exhibits for depositions) in the amount of $1,498,038.41

26  (Morrison Costs).  (*See* Schedule B-1.)  Civil Local Rule 54-3(d)(2) allows for recovery of "[t]he

27  cost of reproducing disclosure or formal discovery documents when used for any purpose in the

28  case." *See Weco Supply Co. v. Sherwin-Williams Co.*, No. 1:10-CV-00171 AWI BAM, 2013

1   U.S. Dist. LEXIS 1572, at *14-15 (E.D. Cal. Jan. 3, 2013) (allowing recovery of "copying costs

2   for copies made for the convenience, preparation, research, or records of counsel").

3       19.     A spreadsheet itemizing the recoverable Morrison Costs that Apple incurred in

4   reproducing documents is attached as Schedule B-1 to the Bill of Costs.  The costs that Apple is

5   seeking include only the amounts for making copies.  Costs of vendor consultation and supplies,

6   as well as the sales tax attributable to those costs, have been excluded.

7       20.     True and correct copies of invoices supporting the Morrison Costs in Schedule B-1

8   are attached as Exhibit B-1 to the Bill of Costs.  Included in Exhibit B-1 are invoices from

9   various copying vendors, including Elite Document Solutions, Warp 9, DSU Discovery,

10  eLitigation Solutions, Document Technologies, Teris.com, Advanced Discovery, Digital Copy,

11  On Press Graphics, Inc., Evolve Discovery, Ricoh, and Transperfect.

12              **2.      Devices (Schedule B-2)**

13      21.     Apple seeks the costs it incurred in purchasing devices for evidentiary and

14  demonstrative purposes in the amount of $123,379.74 (Morrison Costs).  (*See* Schedule B-2.)

15      22.     Apple accused approximately thirty Samsung smartphones and tablets of violating

16  Apple's asserted intellectual property rights, including the:  Acclaim, Captivate, Continuum,

17  Droid Charge, Exhibit 4G, Epic 4G, Fascinate, Gem, Galaxy Ace, Galaxy Prevail, Galaxy S

18  (i9000), Galaxy S 4G, Gravity, Indulge, Infuse 4G, Intercept, Mesmerize, Nexus S, Nexus S 4G,

19  Replenish, Showcase i500, Showcase Galaxy S, Sidekick, Transform, Vibrant, Galaxy Tab,

20  Galaxy Tab 10.1, and Galaxy S II.  (ECF No. 75 ("Amended Compl.") ¶ 92.)  The number of

21  accused products is a result of the breadth of infringement and Samsung's business strategy of

22  providing a broad range of models for subsets of the consumer market and for different wireless

23  providers.

24      23.     The costs that Apple is seeking are only for devices used as trial or deposition

25  exhibits, or used for purposes of expert analysis.

26      24.     A spreadsheet itemizing the recoverable Morrison Costs that Apple incurred in

27  purchasing devices is attached as Schedule B-2 to the Bill of Costs.  All of the devices reflected

28

in the spreadsheet were used as trial or deposition exhibits, or used for purposes of expert analysis, as indicated in Column G of the spreadsheet.

25.     True and correct copies of invoices supporting the Morrison Costs in Schedule B-2 are attached as Exhibit B-2 to the Bill of Costs.

### 3.     Trial Graphics and Demonstratives (Schedule B-3)

26.     Apple seeks costs of preparing trial graphics and demonstratives in the amount of $1,250,957.94 (Morrison Costs).  (*See* Schedule B-3.)  These costs are recoverable under 28 U.S.C. § 1920(4) and Civil Local Rule 54-3(d)(5).

27.     "Fees for exemplification" under 28 U.S.C. § 1920(4) have been interpreted to include demonstrative evidence.  *See, e.g.*, *Maxwell v. Hapag-Lloyd Aktiengesellschaft*, 862 F.2d 767, 770 (9th Cir. 1998) ("In the context of § 1920, 'exemplification and copies of papers' has been interpreted to include all types of demonstrative evidence, including photographs and graphic aids"); *Computer Cache Coherency Corp. v. Intel Corp.*, No. C 05-01766 RMW, 2009 U.S. Dist. LEXIS 122596, at *5-6 (N.D. Cal. Dec. 18, 2009) (awarding costs associated with graphics presentations for tutorial and Markman hearings as the "presentations were useful and reasonably necessary given the complexity of the issues in this case"); *SEIU v. Rosselli*, No. C 09-00404 WHA, 2010 U.S. Dist. LEXIS 122202, at *12 (N.D. Cal. Nov. 1, 2010) (rejecting plaintiffs' argument that "the cost of trial exhibits should not be recoverable" and stating that "all types of demonstrative evidence" are included in recoverable costs).

28.     The Civil Local Rules also provide that "[t]he cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial."  Civil Local Rule 54-3(d)(5).

29.     A spreadsheet itemizing the recoverable Morrison Costs that Apple incurred in preparing trial graphics and demonstratives is attached as Schedule B-3 to the Bill of Costs. Costs related to consultation and meetings, trial technical support, equipment rental, and miscellaneous expenses have been excluded.  For example, the first entry in Schedule B-3 relates to an invoice from Fulcrum Legal Graphics, Inc. for the total amount of $34,044.51.  Of this

1   amount, charges relating to meetings and communications, equipment rental, and messenger

2   delivery – totaling $3,373.63 – were excluded.  The specific items excluded are crossed out in

3   the corresponding itemized invoices included in Exhibit B-3.  Thus, in this example, of the

4   invoiced total of $34,044.51, Apple seeks only the $30,670.88 incurred specifically for

5   preparation of trial graphics.

6        30.   True and correct copies of invoices supporting the Morrison Costs in Schedule B-3

7   are attached as Exhibit B-3 to the Bill of Costs.  Included in Exhibit B-3 are invoices from the

8   following vendors that created the trial graphics and demonstratives:  Fulcrum Legal

9   Graphics, Inc., Impact Trial Consulting, and Warp 9, Inc.

10          **4.   Electronic Discovery:  File Processing/Uploads
                    (Schedule B-4)**

12       31.   Pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54, and Civil Local

13   Rule 54-3, Apple seeks e-discovery costs associated with file processing and uploads in the

14   amount of $1,198,919.56 (Morrison Costs).  (*See* Schedule B-4.)

15       32.   Case law supports such recovery.  *See, e.g.*, *In re Ricoh Co., Ltd. Patent Litig.*,

16   661 F.3d at 1365 ("[T]he costs of producing a document electronically can be recoverable under

17   section 1920(4)."); *eBay Inc.*, 2013 U.S. Dist. LEXIS 49835, at *25-26 (costs for "scanning

18   paper documents, electronic scanning and conversion to PDF, TIFF conversion, OCR, image

19   endorsement/Bates stamping, slip sheet preparation, blowback scanning paper documents, media

20   hardware used for production, electronically stamping Bates numbers, slipsheet preparation,

21   blowback preparation, and OCR conversion" are recoverable); *Parrish v. Manatt, Phelps &*

22   *Phillips, LLP*, No. C 10-03200 WHA, 2011 U.S. Dist LEXIS 41021, at *7 (N.D. Cal. Apr. 11,

23   2011) ("The reproduction costs defendants incurred in collecting, reviewing, and preparing client

24   documents for production were necessary expenditures made for the purpose of advancing the

25   investigation and discovery phases of the action. As such, they are properly taxable."); *Petroliam*

26   *Nasional Berhad*, 2012 U.S. Dist. LEXIS 64555, at *10-11 (allowing recovery of costs that were

27   "necessary to convert computer data into a readable format," because such costs were "an

28   essential component of '[t]he cost of reproducing disclosure or formal discovery documents'

1   used in the case, as permitted under Civil Local Rule 54–3(d)(2).”); *Alzheimer's Inst. of Am., Inc.*

2   *v. Elan Corp. PLC*, No. C -10-00482-EDL, 2013 U.S. Dist LEXIS 31952, at *16-17 (awarding

3   costs in e-discovery for “.TIFF and OCR conversion, Bates stamping, load file and other

4   physical media generation”); *Jardin v. DATAllegro*, No. 08–CV–1462-IEG (WVG), 2011 U.S.

5   Dist. LEXIS 117517, *15-22 (S.D. Cal. Oct. 12, 2011) (costs for processing and converting to

6   TIFF format are recoverable); *SEIU*, 2010 U.S. Dist. LEXIS 122202, at *12 (rejecting plaintiffs'

7   argument that “the cost of trial exhibits and electronic discovery production should not be

8   recoverable”).

9       33.     During the preliminary injunction phase of the case, Samsung served two sets of

10  requests for production of documents, with 30 individual document requests.  Over the course of

11  this litigation, Samsung subsequently served seven additional sets of requests for production of

12  documents, with 553 individual document requests.  In response to Samsung's requests, Apple

13  made 305 productions of documents, totaling 338,860 documents and 2,944,467 pages.  Many of

14  these documents were paper documents that required processing to be converted to electronic

15  format for upload to Apple's document repository system, which was hosted by Catalyst

16  Repository Systems, Inc., Apple's e-discovery vendor.  In addition, Apple incurred processing

17  costs in having paper and electronic documents loaded to the Catalyst document repository.

18      34.     A spreadsheet itemizing the recoverable Morrison Costs that Apple incurred in

19  processing and uploading documents for production and producing documents is attached as

20  Schedule B-4 to the Bill of Costs.  Apple seeks only the amounts associated with electronic

21  preparation and duplication, not the intellectual effort involved in the production, such as

22  searching or analyzing the documents.  Further, costs associated with hosting the data, software

23  user license fees, and vendor consulting time are not included.

24      35.     True and correct copies of invoices supporting the Morrison Costs in Schedule B-4

25  are attached as Exhibit B-4 to the Bill of Costs.  Included in Exhibit B-4 are invoices from the

26  vendors that collected and processed the paper and electronic documents for upload to the

27  Catalyst document repository.

28

### 5. Electronic Discovery: Uploads/Productions (Catalyst) (Schedule B-5)

36.     In addition to the electronic discovery costs discussed in Paragraphs 31 to 35 regarding Schedule B-4, Apple seeks e-discovery costs charged by Catalyst associated with uploads and document productions in the amount of $332,555.64 (Morrison Costs).  (*See* Schedule B-5.)

37.     As discussed above, many of the documents collected in response to Samsung's document requests were paper documents that required processing to be converted to electronic format for upload to the Catalyst document repository.  In addition, Apple incurred processing costs in having paper and electronic documents loaded to the Catalyst document repository.  Further, after documents were loaded to the Catalyst document repository and after responsive and non-privileged documents were identified, Apple incurred costs in producing these documents to Samsung.

38.     A spreadsheet itemizing the recoverable Morrison Costs that Apple was charged by Catalyst related to uploading documents for production and producing documents is attached as Schedule B-5 to the Bill of Costs.  Apple seeks only the amounts associated with electronic preparation, duplication, and production of documents, not the intellectual effort involved in the production, such as searching or analyzing the documents.  Further, costs associated with hosting the data, software user license fees, and vendor consulting time are not included.

39.     True and correct copies of invoices supporting the Morrison Costs in Schedule B-5 are attached as Exhibit B-5 to the Bill of Costs.  Included in Exhibit B-5 are invoices from Catalyst Repository Systems, Inc. for costs associated with uploading and producing documents.

### 6. Secure Room (Schedule B-6)

40.     Apple seeks costs of maintaining a secure room in the amount of $99,910.17 (Morrison Costs).  (*See* Schedule B-6.)

41.     Samsung demanded that Apple make available for inspection various prototypes and source code.  Apple made available for Samsung's inspection various design prototypes at a secure facility.  Unreleased design prototypes are among the most highly confidential material at

1    issue in the case.  Moreover, many of the design prototypes are one-of-a-kind and cannot be

2    replaced.  Accordingly, it was necessary for physical prototypes to be inspected at a secure

3    facility.  To make prototypes available for Samsung's review upon demand, Apple placed the

4    prototypes in a secure room with third-party vendor NCC Group, Inc.  NCC was the same vendor

5    that the parties previously selected to serve as the Court-ordered escrow provider for Computer-

6    Aided Design (CAD) data.

7         42.    A spreadsheet itemizing the recoverable Morrison Costs that Apple incurred in

8    maintaining a secure room to make available the prototypes that Samsung requested is attached

9    as Schedule B-6 to the Bill of Costs.

10        43.    True and correct copies of invoices supporting the Morrison Costs in Schedule B-6

11   are attached as Exhibit B-6 to the Bill of Costs.  Included in Exhibit B-6 are invoices from NCC,

12   the vendor that provided the secure room.

13        **C.    Interpreters at Deposition and Trial (Schedule C)**

14        44.    Apple seeks costs for compensation of interpreters at deposition and trial in the

15   amount of $160,200.00 (Morrison Costs).  (*See* Schedule C.)

16        45.    Under 28 U.S.C. § 1920(6), "[c]ompensation of court appointed experts,

17   compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation

18   services under section 1828 of this title" are taxable.  The Supreme Court has recognized that

19   compensation of oral translation may be awarded under 28 U.S.C. § 1920(6), although the cost

20   of written document translation is not allowed under the statute.  *Taniguchi v. Kan Pac. Saipan,*

21   *Ltd.*, 132 S. Ct. 1997, 2002-07 (2012).

22        46.    Most of Samsung's witnesses were Korean nationals and requested that an

23   interpreter be provided at deposition and at trial.  Apple took the deposition of 98 Samsung

24   witnesses in this case, all of whom required an interpreter.  In addition, one of Apple's witnesses,

25   Shin Nishibori, required a Japanese interpreter.

26        47.    A spreadsheet itemizing the recoverable Morrison Costs that Apple incurred in

27   compensating interpreters used at deposition or at trial is attached as Schedule C to the Bill of

28   Costs.  Only the costs for interpretation services at deposition or at trial have been included.

DECL. OF RACHEL KREVANS ISO APPLE'S BILL OF COSTS
CASE NO. 11-cv-01846-LHK
sf-3191634

1   Those entries are highlighted in yellow in the supporting invoices in Exhibit C.  Incidental

2   expenses (such as those relating to food and travel), per diem costs, and costs incurred for travel

3   days and bridge (*i.e.*, intervening) days have not been included.

4          48.     True and correct copies of invoices supporting the Morrison Costs in Schedule C

5   are attached as Exhibit C to the Bill of Costs.  Included in Exhibit C are invoices from various

6   interpreters.  AccessLink, LLC provided most of the interpretation services at depositions and at

7   trial.

8          I declare under penalty of perjury that the foregoing is true and correct.  Executed this

9   5th day of December 2013 at San Francisco, California.

10

11                              */s/ Rachel Krevans*                              
                               Rachel Krevans

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28