1   HAROLD J. MCELHINNY (CA SBN 66781)       WILLIAM F. LEE
    hmcelhinny@mofo.com                       william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)        WILMER CUTLER PICKERING
    mjacobs@mofo.com                          HALE AND DORR LLP
3   RACHEL KREVANS (CA SBN 116421)           60 State Street
    rkrevans@mofo.com                         Boston, MA 02109
4   ERIK J. OLSON (CA SBN 175815)            Telephone: (617) 526-6000
    ejolson@mofo.com                          Facsimile: (617) 526-5000
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California  94105-2482    MARK D. SELWYN (SBN 244180)
    Telephone:  (415) 268-7000                mark.selwyn@wilmerhale.com
7   Facsimile:  (415) 268-7522               WILMER CUTLER PICKERING
                                              HALE AND DORR LLP
8                                             950 Page Mill Road
                                              Palo Alto, California 94304
9   Attorneys for Plaintiff and              Telephone: (650) 858-6000
    Counterclaim-Defendant APPLE INC.         Facsimile: (650) 858-6100

10

11

12                       UNITED STATES DISTRICT COURT

13                     NORTHERN DISTRICT OF CALIFORNIA

14                            SAN JOSE DIVISION

15

16   APPLE INC., a California corporation,        Case No.      11-cv-01846-LHK

17              Plaintiff,                        **DECLARATION OF MARK D.
                                                  SELWYN IN SUPPORT OF
18        v.                                      APPLE'S BILL OF COSTS**

19   SAMSUNG ELECTRONICS CO., LTD., a
     Korean business entity; SAMSUNG
20   ELECTRONICS AMERICA, INC., a New York
     corporation; SAMSUNG
21   TELECOMMUNICATIONS AMERICA, LLC, a
     Delaware limited liability company,
22
                Defendants.
23

24

25

26

27

28

I, Mark D. Selwyn, declare under the laws of the United States as follows:

1.      I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-captioned action.  I am licensed to practice law in the State of California, Commonwealth of Massachusetts, and State of New York, and am admitted to practice before the U.S. District Court for the Northern District of California.  I make this declaration in support of Apple's Bill of Costs.  I have knowledge of the matters stated in this declaration, and I could and would testify competently thereto if called to do so.

2.      Two law firms represented Apple in this case.  Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") took primary responsibility for defending Apple against Samsung's claims and also participated in preparing for and conducting the damages retrial.  This declaration addresses only the costs collected by WilmerHale ("WilmerHale costs"), as reflected in Schedules D-1, D-2, E-1, E-2, E-3 and F, and the corresponding exhibits.  The costs collected by Morrison & Foerster LLP are addressed in the Declaration of Rachel Krevans in Support of Apple's Bill of Costs.

3.      On August 24, 2012, the Court entered Judgment in this matter.  (ECF No. 1933.) As reflected in the Judgment and the jury verdict (ECF No. 1931), Apple prevailed on a substantial part of the litigation.  Samsung did not prevail on their counterclaims for alleged infringement of five Samsung patents.  On November 21, 2013, following a retrial of a portion of the previous damages award, a jury again returned a verdict in favor of Apple (ECF No. 2822), and the Court entered judgment based on that verdict (ECF No. 2823).  Accordingly, Apple is the prevailing party and is entitled to recover costs pursuant to Fed. R. Civ. P. 54(d), 17 U.S.C. § 505, and Civil Local Rule 54.

4.      I have reviewed Apple's Bill of Costs and the schedules and invoices for the WilmerHale costs submitted herewith (Schedules D-1, D-2, E-1, E-2, E-3, and F, and the corresponding exhibits).  The costs included in Apple's Bill of Costs are correctly stated and were necessarily incurred in this action, and the services for which fees have been charged were actually and necessarily performed.  Recently incurred costs that have been billed to Apple but have not yet been paid are marked by an asterisk (*) in the attached schedules.  Further, the

1    WilmerHale costs in Apple's Bill of Costs are fairly attributable to the claims asserted in this

2    litigation and are recoverable by Apple under 28 U.S.C. § 1920, Civil Local Rule 54-3, and

3    relevant case law, as described more fully below.

4            **A.      Printed or Electronically Recorded Transcripts**

5            5.      "Fees for printed or electronically recorded transcripts necessarily obtained for use

6    in the case" are taxable pursuant to 28 U.S.C. § 1920(2).

7            6.      Apple seeks costs of deposition, trial, and hearing transcripts in the amount of

8    $190,159.00 (WilmerHale costs), divided between deposition transcripts (Schedule D-1) and

9    hearing and trial transcripts (Schedule D-2).

10           **1.      Deposition Transcripts (Schedule D-1)**

11           7.      Apple seeks costs of deposition transcripts in the amount of $188,722.50

12   (WilmerHale costs).  (*See* Schedule D-1.)

13           8.      Under 28 U.S.C. § 1920(2) and Civil Local Rule 54-3, costs for deposition

14   transcripts and videotapes are recoverable.  Civil Local Rule 54-3(c)(1) allows "[t]he cost of an

15   original and one copy of any deposition (including videotaped depositions) taken for any purpose

16   in connection with the case."  The cost of reproducing exhibits for depositions is also

17   recoverable.  *See* Civil Local Rule 54-3(c)(3) ("The cost of reproducing exhibits to depositions is

18   allowable if the cost of the deposition is allowable.").

19           9.      Pursuant to Civil Local Rule 54-3(c), Apple has included in its Bill of Costs only

20   the costs (videotaping and transcription) related to one electronic copy of the written transcript,

21   including exhibits, and one copy of the videotape.  *See MEMC Elec. Materials v. Mitsubishi*

22   *Materials*, No. C-01-4925 SBA (JCS), 2004 U.S. Dist. LEXIS 29359, at *10 (N.D. Cal. Oct. 22,

23   2004) ("The Court concludes . . . that a sensible reading of the rule covers the cost of videotaping

24   and the cost incurred by the court reporter associated with obtaining a stenographic transcription

25   of a deposition, as well as the cost of one copy of the videotape and of the written transcript.");

26   *eBay Inc. v. Kelora Sys., LLC*, Nos. C 10-4947 CW (LB), C 11-1398 CW (LB), C 11-1548 CW

27   (LB), 2013 U.S. Dist. LEXIS 49835, at *32-33 (N.D. Cal. Apr. 5, 2013) (granting costs for video

28   depositions as "commonplace").  *Kalitta Air, LLC v. Cent. Tex. Airborne Sys.*, No. C 96-2494

1  CW, 2012 U.S. Dist. LEXIS 172679, at*15-16 (N.D. Cal. Dec. 5, 2012) (taxing costs for both

2  stenographic transcript and videotape as appropriate expenses).  The Federal Circuit, in applying

3  this district's local rules, has also found that taxing costs both for a stenographic transcript and a

4  video deposition is a "commonplace practice."   *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361,

5  1370 (Fed. Cir. 2011).  Shipping and handling costs may also be taxed.  *See Petroliam Nasional*

6  *Berhad v. GoDaddy.com, Inc.*, No. C 09-5939 PJH, 2012 U.S. Dist. LEXIS 64555, at *6 (N.D.

7  Cal. May 8, 2012) ("[T]he court finds that the charge for 'shipping and handling' can reasonably

8  be viewed as part of 'the cost of an original and one copy of any deposition.'"); *In re Ricoh Co.*,

9  No. C 03-02289 JW, 2010 U.S. Dist. LEXIS 144033, at *17 (N.D. Cal. Sept. 29, 2010) (holding

10  "shipping costs for deposition transcripts are taxable").

11         10.    A spreadsheet itemizing the recoverable WilmerHale costs that Apple incurred in

12  taking depositions is attached as Schedule D-1 to the Bill of Costs.

13         11.    True and correct copies of invoices supporting the WilmerHale costs in Schedule

14  D-1 are attached as Exhibit D-1 to the Bill of Costs.  Included in Exhibit D-1 are invoices from

15  the following court reporting firms:  Aquipt, Behmke Reporting & Video Services,

16  Merill/LegalLink, TSG Reporting, and Veritext.

17              **2.    Hearing and Trial Transcripts (Schedule D-2)**

18         12.    Pursuant to 28 U.S.C. § 1920(2) and Civil Local Rule 54-3, Apple seeks costs of

19  hearing and trial transcripts in the amount of $1,436.50 (WilmerHale costs).  (*See* Schedule D-2.)

20  *See Affymetrix, Inc. v. Multilyte Ltd.*, No. C 03-03779 WHA, 2005 U.S. Dist. LEXIS 41177, *5-6

21  (N.D. Cal. Aug. 26, 2005), *aff'd*, No. 05-1460, 2006 U.S. App. LEXIS 8312 (Fed. Cir. 2006)

22  (finding that "[i]t was reasonable for [the prevailing party] to incur the expense of transcripts for

23  all court proceedings, given that [the] case was so contentiously litigated" and awarding court

24  reporter's fees for "the cost of all hearing transcripts because they were 'necessarily obtained'").

25         13.    A spreadsheet itemizing the recoverable WilmerHale  costs that Apple incurred for

26  hearing and trial transcripts is attached as Schedule D-2 to the Bill of Costs.

27         14.    True and correct copies of invoices supporting the WilmerHale costs in Schedule

28  D-2 are attached as Exhibit D-2 to the Bill of Costs.

**B.      Exemplification, Costs of Making Copies, and Related Items**

15.      "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable pursuant to 28 U.S.C. § 1920(4).  Civil Local Rule 54-3(d)(2) allows for recovery of "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case."

16.      Apple seeks costs associated with its production of documents and other evidence and its preparation of demonstrative evidence in the amount of $644,079.55 (WilmerHale costs), as broken out into the four subcategories set forth in subsections B.1 to B.3.

**1.      Costs of Making Copies**

17.      Apple seeks its costs of reproducing documents for purposes of disclosure and other formal discovery processes, including "copying costs for copies made for the convenience, preparation, research, or records of counsel," in the amount of $64,072.57 (WilmerHale costs). (*See* Schedule E-1.)  *See Weco Supply Co. v. Sherwin-Williams Co.*, No. 1:10-CV-00171 AWI BAM, 2013 U.S. Dist. LEXIS 1572, at *14-15 (E.D. Cal. Jan. 3, 2013) (allowing recovery of "copying costs for copies made for the convenience, preparation, research, or records of counsel").

18.      A spreadsheet itemizing the recoverable WilmerHale costs that Apple incurred in reproducing documents is attached as Schedule B-1 to the Bill of Costs.

19.      True and correct copies of invoices supporting the WilmerHale costs in Schedule E-1 are attached as Exhibit E-1 to the Bill of Costs.  Included in Exhibit E-1 are invoices from various copying vendors, including W9 Microsolutions and eLitigation Solutions.

**2.      Trial Graphics and Demonstratives**

20.      Apple seeks costs of preparing trial graphics and demonstratives in the amount of $332,880.33 (WilmerHale costs).  (*See* Schedule E-2.)  These costs are recoverable under 28 U.S.C. § 1920(4) and Civil Local Rule 54-3(d)(5).

21.      Exemplification costs under 28 U.S.C. § 1920 have been interpreted to include demonstrative evidence.  *See, e.g.*, *Maxwell v. Hapag-Lloyd Aktiengesellschaft*, 862 F.2d 767, 770 (9th Cir. 1998) ("In the context of § 1920, 'exemplification and copies of papers' has been

1    interpreted to include all types of demonstrative evidence, including photographs and graphic

2    aids."); *Computer Cache Coherency Corp. v. Intel Corp.*, No. C 05-01766 RMW, 2009 U.S.

3    Dist. LEXIS 122596, at *5-7 (N.D. Cal. Dec. 18, 2009) (awarding costs associated with graphics

4    presentations for tutorial and Markman hearings as the "presentations were useful and reasonably

5    necessary given the complexity of the issues in this case"); *SEIU v. Rosselli*, No. C 09-00404

6    WHA, 2010 U.S. Dist. LEXIS 122202, at *12 (N.D. Cal. Nov. 1, 2010) (stating that "all types of

7    demonstrative evidence" are included in recoverable costs); *Service Emp. Int'l Union v. Rosselli*,

8    No. C 09-00404 WHA, 2010 WL 4502176, at *3 (N.D. Cal. Nov. 1, 2010) (rejecting plaintiffs'

9    argument that "the cost of trial exhibits should not be recoverable").

10        22.    Likewise, the Civil Local Rules provide that "[t]he cost of preparing charts,

11    diagrams, videotapes and other visual aids to be used as exhibits is allowable if such exhibits are

12    reasonably necessary to assist the jury or the Court in understanding the issues at the trial."  Civil

13    Local Rule 54-3(d)(5).

14        23.    A spreadsheet itemizing the recoverable WilmerHale costs that Apple incurred in

15    preparing trial graphics and demonstratives is attached as Schedule E-2 to the Bill of Costs.

16        24.    True and correct copies of invoices supporting the WilmerHale costs in Schedule

17    B-3 are attached as Exhibit E-2 to the Bill of Costs.  Included in Exhibit E-2 are invoices from

18    the following vendors that created the trial graphics and demonstratives:  Fulcrum Legal

19    Graphics, Inc. and Impact Trial Consulting, LLC.

20            **3.    Electronic Discovery:  File Processing/Uploads**

21        25.    Pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54, and Civil Local

22    Rule 54-3, Apple seeks e-discovery costs associated with file processing and uploads in the

23    amount of $247,126.65 (WilmerHale costs).  (*See* Schedule E-3.)

24        26.    Case law supports such recovery.  See, *e.g.*, *In re Ricoh Co., Ltd. Patent Litig.*, 661

25    F.3d 1361, 1365 (Fed. Cir. 2011) ("[T]he costs of producing a document electronically can be

26    recoverable under section 1920(4)."); *eBay*, 2013 U.S. Dist. LEXIS 49835, at *25-26 (costs for

27    "scanning paper documents, electronic scanning and conversion to PDF, TIFF conversion, OCR,

28    image endorsement/Bates stamping, slip sheet preparation, blowback scanning paper documents,

1   media hardware used for production, electronically stamping Bates numbers, slipsheet

2   preparation, blowback preparation, and OCR conversion" are recoverable); *Parrish v. Manatt,*

3   *Phelps & Phillips, LLP*, No. C 10-03200 WHA, 2011 U.S. Dist. LEXIS 41021, at *7 (N.D. Cal.

4   Apr. 11, 2011) ("The reproduction costs defendants incurred in collecting, reviewing, and

5   preparing client documents for production were necessary expenditures made for the purpose of

6   advancing the investigation and discovery phases of the action. As such, they are properly

7   taxable."); *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, No. C 09–5939 PJH, 2012 U.S.

8   Dist. LEXIS 64555, at *10-11 (N.D. Cal. May 8, 2012) (allowing recovery of costs that were

9   "necessary to convert computer data into a readable format," because such costs were "an

10  essential component of '[t]he cost of reproducing disclosure or formal discovery documents'

11  used in the case, as permitted under Civil Local Rule 54–3(d)(2)."); *Alzheimer's Inst. of Am., Inc.*

12  *v. Elan Corp. PLC*, No. C -10-00482-EDL, 2013 U.S. Dist. LEXIS 31952, at *16-17 (N.D. Cal.

13  Jan. 31, 2013) (awarding costs in e-discovery for ".TIFF and OCR conversion, Bates stamping,

14  load file and other physical media generation"); *Jardin v. DATAllegro*, No. 08–CV–1462, 2011

15  WL 4835742, *5-7 (S.D. Cal. Oct. 12, 2011) (costs for processing and converting to TIFF format

16  are recoverable).

17      27.      In response to Samsung's requests for documents related to its affirmative claims

18  of alleged infringement, Apple collected tens of millions of pages of documents for electronic

19  processing and review.  Apple ultimately electronically produced the equivalent of more than ten

20  million pages of documents.  These numbers include documents produced to Samsung by Apple

21  in ITC Investigation No. 794, because such documents were "deemed produced" in this case

22  pursuant to the Agreed Upon Protective Order Regarding Disclosure and Use of Discovery

23  Materials.  (ECF No. 687.)

24      28.      Apple collected paper and electronic documents and loaded these documents to its

25  document repository system hosted by Catalyst.  The costs associated with upload and

26  processing of documents for both the offensive and defensive aspects of the case are identified in

27  Schedule B-4.  (*See* Krevans Decl. & Ex. B-4.)  Once the documents were loaded to the Catalyst

28

1   document repository and after responsive and non-privileged documents were identified, Apple

2   incurred costs in producing these documents to Samsung.

3       29.     A spreadsheet itemizing the recoverable WilmerHale costs that Apple was charged

4   by Catalyst related to uploading documents for production and producing documents related to

5   the defensive aspects of the case is attached as Schedule E-3 to the Bill of Costs.  Apple seeks

6   only the amounts associated with electronic preparation, duplication, and production of

7   documents – not the intellectual effort involved in the production, such as searching or analyzing

8   the documents.  Further, costs associated with hosting the data, software user license fees, and

9   vendor consulting time are not included.

10      30.     True and correct copies of invoices supporting the WilmerHale costs in Schedule

11  E-3 are attached as Exhibit E-3 to the Bill of Costs.  Included in Exhibit E-3 are invoices from

12  Catalyst Repository Systems, Inc. for costs associated with uploading and producing documents.

13      **C.     Compensation for Interpreters at Deposition and Trial**

14      31.     Apple seeks costs for compensation of interpreters at deposition and trial in the

15  amount of $137,197.50 (WilmerHale costs).  (*See* Schedule F.)

16      32.     Under 28 U.S.C. § 1920(6), "[c]ompensation of court appointed experts,

17  compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation

18  services under section 1828 of this title" are taxable.  The Supreme Court has recognized that

19  compensation of oral translation may be awarded under 28 U.S.C. § 1920(6), although the cost

20  of written document translation is not allowed under the statute.  *Taniguchi v. Kan Pac. Saipan,*

21  *Ltd.*, 132 S. Ct. 1997, 2002-07 (2012).

22      33.     Most of Samsung's witnesses were Korean nationals and requested that an

23  interpreter be provided at deposition or at trial.  Twenty-eight depositions of Samsung witnesses,

24  many conducted in Korea, required an interpreter.  Apple also deposed several third-party

25  witnesses who required interpreters in German, French, Japanese, and Spanish.

26      34.     A spreadsheet itemizing the recoverable WilmerHale costs that Apple incurred in

27  compensating interpreters used at deposition and trial is attached as Schedule F to the Bill of

28  Costs.

1    35.    True and correct copies of invoices supporting the WilmerHale costs are attached

2    as Exhibit F to the Bill of Costs.  Included in Exhibit F are invoices from various interpreters.

3    LegalLink, Inc. and Merrill Brink International Corp. provided most of the interpretation

4    services at depositions and at trial.

5

6         I declare under penalty of perjury under the laws of the United States that the foregoing is

7    true and correct to the best of my knowledge and belief.  Executed this 5th day of December 2013

8    (US PST) at Sydney, Australia.

9

10                                      */s/ Mark D. Selwyn*
                                     Mark D. Selwyn

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

I, Rachel Krevans, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Mark D. Selwyn has concurred in this filing.

Dated:  December 5, 2013                    /s/ Rachel Krevans
                                            Rachel Krevans