1  HAROLD J. MCELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
2  MICHAEL A. JACOBS (CA SBN 111664)
   mjacobs@mofo.com
3  RACHEL KREVANS (CA SBN 116421)
   rkrevans@mofo.com
4  ERIK J. OLSON (CA SBN 175815)
   ejolson@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
7  Facsimile:  (415) 268-7522

8

9  Attorneys for Plaintiff and
   Counterclaim-Defendant APPLE INC.
10

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

11
12                     UNITED STATES DISTRICT COURT
13                    NORTHERN DISTRICT OF CALIFORNIA
14                          SAN JOSE DIVISION

15  APPLE INC., a California corporation,

16         Plaintiff,                                  Case No. 11-cv-01846-LHK (PSG)

17     v.

18  SAMSUNG ELECTRONICS CO., LTD., a      **DECLARATION OF MARK D.**
    Korean corporation; SAMSUNG           **SELWYN REGARDING**
19  ELECTRONICS AMERICA, INC., a New      **SAMSUNG'S ADMINISTRATIVE**
    York corporation; and SAMSUNG         **MOTION TO FILE DOCUMENTS**
20  TELECOMMUNICATIONS AMERICA,           **UNDER SEAL**
    LLC, a Delaware limited liability company,

21         Defendants.

22
23
24
25
26
27
28

1  I, Mark D. Selwyn, hereby declare as follows:

2  1.  I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-referenced litigation. I am licensed to practice law in the State of California, the Commonwealth of Massachusetts, and the State of New York, and am admitted to practice before the U.S. District Court for the Northern District of California. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts under oath.

2.  Samsung filed an administrative motion to file documents under seal (Dkt. No. 2835) in connection with Samsung's Response to November 8, 2013 Order to Show Cause Why Sanctions Are Not Warranted ("Samsung's Response").

3.  Portions of pages 3, 16, and 17 of Samsung's Response contain, discuss, or otherwise implicate the confidential terms of Apple's license agreements, including payment terms. The Court has previously allowed Apple to seal similar information, including "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements because such information falls within the definition of "trade secrets." *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (Aug. 9, 2012 N.D. Cal.) (Dkt. No. 1649 at 10-11) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)). As the Court previously noted, disclosure of such information "could result in significant competitive harm to the licensing parties as it would provide insight into the structure of their licensing deals, forcing them into an uneven bargaining position in future negotiations." *Id.* at 16. Further, since Samsung's Response pertains to a non-dispositive motion, the lesser "good cause" standard applies. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 2012-1600 at 11-12 (Fed. Cir. Aug. 23, 2013) ("the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action") (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks omitted)).

4.  A portion of Exhibit 36 to the declaration of Robert J. Becher in support of Samsung's Response contains information regarding the profit margin for Apple's products, *i.e.*,

Declaration of Mark D. Selwyn Regarding Samsung's
Administrative Motion to File Documents Under Seal
Case No. 11-cv-01846-LHK (PSG)

the portion of my November 5, 2013 email to Robert Becher and Joseph Mueller identifying words to redact from paragraph 223 of the Teece Report. The Federal Circuit has previously held that Apple may seal information of this nature. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 2012-1600 at 17 (Fed. Cir. Aug. 23, 2013) ("We begin our analysis by considering whether Apple and Samsung have an interest in keeping their detailed product-specific financial information secret . . . We conclude that Apple and Samsung have such an interest because they could suffer competitive harm if this information is made public[.]").

5. Exhibit 38 contains, discusses, and/or otherwise implicates confidential Apple licensing information, including payment terms and information regarding access to Apple's confidential licensing information. The Court has previously allowed Apple to seal similar information, including "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements because such information falls within the definition of "trade secrets." *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (Aug. 9, 2012 N.D. Cal.) (Dkt. No. 1649 at 10-11) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)).

6. Portions of Exhibits 39, 40, and 41 contain, discuss, or otherwise implicate the confidential terms of Apple's license agreements, including payment terms, *e.g.*:

| Exhibit Number to Becher Declaration | Portions Sought to Be Sealed by Apple |
|---|---|
| Exhibit 39 | pp. 88:15-89:18, 92:7-13, 95:23-96:8, 96:16-99:1, 159:22-25, 173:8-20, 174:23-175:16, 176:6-18 |
| Exhibit 40 | pp. 138:15-20, 143:1-24 |
| Exhibit 41 | pp. 58:5-22 |

The Court has previously allowed Apple to seal similar information, including "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements because such information falls within the definition of "trade secrets." *See, e.g., Apple Inc. v. Samsung*

*Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (Aug. 9, 2012 N.D. Cal.) (Dkt. No. 1649 at 10-11) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)).

7. The relief requested by Apple is necessary and narrowly tailored to protect its confidential business information.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of December, 2013.

>  */s/* Mark D. Selwyn
>  Mark D. Selwyn

**CERTIFICATE OF SERVICE**

1. I hereby certify that a true and correct copy of the above and foregoing document has been served on December 6, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ Mark D. Selwyn
Mark D. Selwyn

Declaration of Mark D. Selwyn Regarding Samsung's
Administrative Motion to File Documents Under Seal
Case No. 11-cv-01846-LHK (PSG)