QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF ROBERT J. BECHER IN SUPPORT OF SAMSUNG'S SUPPLEMENTAL RESPONSE TO NOVEMBER 8, 2013 ORDER TO SHOW CAUSE WHY SANCTIONS ARE NOT WARRANTED**<br><br>**Date**:　December 9, 2013<br>**Time**:　3:00 p.m.<br>**Place**:　Courtroom 5, 4th Floor<br>**Judge**:　Hon. Paul S. Grewal |

## DECLARATION OF ROBERT J. BECHER

1. I am a member of the bar of the State of California, and a partner in the firm Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attorneys for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") in Case No. 11-cv-1846 LHK (PSG) and Case No. 12-cv-0630 LHK (PSG) in the Northern District of California. I make this declaration of personal knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. True and correct copies of excerpts from the December 9, 2013 hearing transcript are attached as Exhibit 1. These excerpts are being filed under seal.

3. A true and correct copy of an excerpt from the October 22, 2013 hearing transcript is attached as Exhibit 2.

4. On several occasions, Samsung had offered to produce a redacted copy of the Teece Report to Nokia subject to Apple's approval that doing so would not violate the protective order, but Apple had never provided such approval. True and correct copies of emails from Samsung requesting Apple's approval for a redacted Teece Report that could be provided to Nokia are attached as Exhibit 3. On November 26, 2013, I sent a letter to Apple and Nokia explaining that the incompletely-redacted Teece Report was included in the documents Samsung offered to produce subject to a non-waiver stipulation, and that Apple had not authorized Samsung to provide that document to Nokia. A true and correct copy of my November 26 letter is attached as Exhibit 4.

5. On August 19, 2013, Samsung provided Apple with redacted copies of emails transmitting the incompletely redacted Teece Report that Samsung had identified and disclosed to Apple by that date. True and correct copies of an email containing FTP download instructions and the redacted emails available for FTP download are attached as Exhibit 5.

6. On February 19, 2012 Apple produced an unredacted copy of the Patent License Agreement by and between Nokia Corporation and Apple Inc. in ITC investigation 337-TA-794. Attached as Exhibit 6 is a true and correct copy of a February 19, 2012 production letter to Alex Lasher from Michael Waller. Although they are not attached to this declaration, copies of the

1  license were produced as bates APL7940018045251-18045272 and APL7940018045229-
2  18045250.

3      7.    On December 11, 2013, I wrote a letter to Apple requesting a response to Patrick
4  Curran's question of November 21 regarding whether Gibson Dunn notified Quinn Emanuel of
5  Apple's November 5 filing error, and asking for identification of any other instances in which
6  Apple filed confidential materials in the public record by mistake. A true and correct copy of my
7  December 11, 2013 letter to counsel for Apple is attached as Exhibit 7.

8      8.    On December 13, 2013, Apple's counsel responded to my December 11 letter,
9  stating among other things that "the first communication from Gibson Dunn to Quinn Emanuel
10 confirming the filing error of November 5, 2013 was our confirmation to Mr. Curran on
11 November 20, 2013" after Samsung's discovery and inquiry concerning the disclosure. Not only
12 did Apple fail to notify Samsung in the first instance about the disclosure, but it took 22 days for
13 Apple to acknowledge that it had not actually done so despite Samsung's requests for the
14 information. A true and correct copy of Apple's December 13 letter to me is attached as Exhibit 8.

15     9.    On December 12, 2013, Samsung filed a Notice of *In Camera* Lodging of Material
16 (the "Notice") (Dkt. 2870), to provide the Court with four emails for *in camera* review pursuant to
17 the Court's October 2 and 24, 2013 Orders.

18     10.    These additional emails were part of the database of 86,499 documents (over 1.4
19 million pages) that resulted from the original search terms that Samsung ran, including the search
20 terms that Nokia proposed and Samsung ultimately accepted. To further verify that Samsung's
21 production was complete, Quinn Emanuel performed some additional analysis of the data
22 contained within the database of documents that were responsive to the original search terms.
23 During the course of this analysis, Quinn Emanuel identified four emails that had not previously
24 been submitted to the Court. Accordingly, it submitted these emails for *in camera* review.

25     11.    As explained in detail in Samsung's Notice, the attachments to the four emails are
26 identical to documents that have been previously provided to the Court for *in camera* review, and
27 the content of the four emails is also largely duplicative of materials that have already been
28 submitted to the Court for *in camera* review.

12. One of these emails (at Tab 279 of the Notice) transmitted a copy of the incompletely redacted Teece report to attorneys at O'Melveny & Myers. The fact that O'Melveny received the incompletely redacted report has been previously disclosed to the Court, Apple and Nokia. Because the file name and format of this attachment containing the Teece report – "2012.03.22 – US (ND Cal) – Davi.dat." – was different from any other file name or format for the report that had been previously identified, this document was not identified as responsive and, consequently, neither the email nor its attachments were submitted.

13. The other three emails (at Tabs 276-278 of the Notice) contain attachments related to ITC Investigation No. 337-TA-794. Each email attached a draft of the Quinn Emanuel ITC outline containing the inadvertent disclosure. As related in more detail in the Notice, these draft outlines were identical to draft outlines that had been previously disclosed by Samsung's earlier submission. However, the file names of these drafts were different from those previously submitted in that they contained different document numbers as well as Korean terms.

14. The emails at Tabs 276-278 of the Notice disclose six additional Samsung recipients of the attachments related to the ITC Investigation. Three of the six individuals had changed employment, but the computers for the remaining three recipients were imaged. Stroz Friedberg searched the computers for these individuals and uploaded the results for review. Quinn Emanuel has reviewed the results and did not locate any new documents evidencing dissemination or use of the inadvertently disclosed information.

15. A true and correct copy of an excerpt from the October 1, 2013 hearing transcript is attached as Exhibit 9.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on December 13, 2013, at Los Angeles, California.

By /s/ Robert J. Becher

Robert J. Becher

1 **ATTESTATION**

2   I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the
3 foregoing document.  I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic
4 filing of this document has been obtained from Robert J. Becher.

6    /s/ Victoria F. Maroulis
     Victoria F. Maroulis