# EXHIBIT 8

GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Brian M. Buroker
Direct: +1 202.955.8541
Fax: +1 202.530.4200
BBuroker@gibsondunn.com

December 13, 2013

VIA ELECTRONIC MAIL

Robert Becher
Quinn Emanuel
865 S. Figueroa Street
10th Floor
Los Angeles, CA 90017-2543

Dear Robert:

I am writing in response to your letter to me dated December 11, 2013, which I received very late that night by email.

First, as we explained to Mr. Curran, we of course take our obligations under the Protective Order seriously. It is important to us and Apple that we have procedures in place to protect confidential information and comply with the other provisions of the Protective Order.

The November 5, 2013 filing was coordinated by Philip Lum, a senior legal assistant with the firm, under the supervision of attorneys at the firm. As part of our normal procedures, Mr. Lum reviewed the filing after he submitted it. When he did so, he noticed that one of the documents that should have been filed as restricted was filed without being tagged as "restricted" when it was filed. This mis-designation was noticed during the routine check of filings immediately after they have been made. Mr. Lum then followed the procedures set forth by the Northern District of California to email the docketing clerk of Judge Koh requesting that the error be corrected. He also confirmed early the next morning that Judge Koh's clerk already had corrected the error.

At that time, a phone call should have been made or an email sent to alert Quinn Emanuel to the filing error, but it was not. That was a mistake on our part. As a result, the first communication from Gibson Dunn to Quinn Emanuel confirming the filing error of November 5, 2013 was our confirmation to Mr. Curran on November 20, 2013.

Turning to the November 19, 2013 mis-designation, we alerted Quinn Emanuel quickly, within hours of realizing the mistake. As explained in my prior emails to Mr. Curran and as made clear from the copies of the emails we sent to the Court, upon filing our briefing late in

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Hong Kong • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**GIBSON DUNN**

Robert Becher
December 13, 2013
Page 2


the evening of November 19, 2013, we reviewed the as-filed material. When we discovered that nine documents had been filed with the Court without the correct "restricted" designation, our filing team immediately took action. We worked throughout the night until the issue was resolved. Following the guidelines of the Court, *see* http://cand.uscourts.gov/ecf/correctingmistake, we sent an email to Judge Koh's docketing clerk asking her to change the designation of all nine exhibits. We then sent another email to Judge Koh's clerk in the early morning of November 20, 2013 marked "Urgent."

We also sent an email to Magistrate Judge Grewal's docketing clerk marked "Urgent" with the request to mark the nine exhibits as "restricted." We also emailed the ECF HelpDesk twice, both with messages marked "Urgent," requesting the same designation change. We also called each of those individuals, as well as the ECF HelpDesk, on the phone several times in the event that one of them happened to be at the courthouse very early that morning. In addition to calling the ECF HelpDesk staff, we also called the clerk's office in the San Jose Division numerous times starting at around 7:00 a.m. PT.

Early in the morning of November 20, 2013, we also placed several calls to the helpline for PACER to determine whether anyone associated with PACER could correct the filings. We were informed that PACER cannot change the restricted designation; only someone with ECF/CF administrative rights at the Northern District of California could make the appropriate change, We also asked PACER whether it could provide us with the names of anyone that accessed the filings in question. We were informed that PACER would provide that information only in response to a grand jury subpoena, and this information was confirmed when we asked to speak with a supervisor.

In addition to the steps taken above, we sent Gibson Dunn attorneys to the San Francisco and San Jose courthouse clerks' offices in order to find someone who could expedite the sealing of these nine exhibits. The Gibson Dunn attorney arrived at the San Francisco clerk's office a little before 8:00 a.m. PT and was able to reach someone who could access the ECF/CF system and correct the designation of the nine exhibits in question. By around 8:30 a.m. that morning, the court representative confirmed that the designation of the nine exhibits had been changed to "restricted" and thus were no longer available on the docket, and that it had already been Judge Koh's docketing clerk who corrected those exhibits' status to be "restricted" before 8:00 a.m. PT on November 20.

As you know, Mr. Thomasch of our office attempted to reach Mr. Curran by telephone on the morning of November 20, 2013 regarding the filing. He then followed up with an email to Mr. Curran alerting him to the situation. When we were certain that the materials had been properly restricted, I followed up with an email to Mr. Curran with that update.

**GIBSON DUNN**

Robert Becher
December 13, 2013
Page 3


Turning now to your second question, filings are not made through the PACER system. Rather, we made the filings at issue through ECF/CF. As you know, prior to October 1, 2013, under-seal materials were filed by hand with the Court in the Northern District of California. Specifically, only a public redacted version of such materials, or a slip sheet in the absence of such public redacted version, was filed online and then the under-seal materials were lodged in paper with the Court. Starting on October 1, 2013, the Court required that under-seal materials be filed electronically and provided for procedures whereby documents can be designated as "restricted" or not. If a document is inadvertently not designated "restricted," the only mechanism the Court has provided to correct that mistake is to email the appropriate Judge's docketing clerk and the ECF helpdesk and ask for that mistake to be corrected. We are not aware of any other situations in which confidential information was filed on behalf of Apple without the proper "restricted" designation under these new procedures. We note there are specific instructions in the Northern District of California's ECF/CF guidelines on this issue, thereby indicating that the Court contemplated that some mistakes in the filing procedure might occur.

Apple, Gibson Dunn, and Wilmer Hale take the protection of source code and other confidential information very seriously. We regret the filing mistakes that were made as we adapted to the new ECF/CF procedures. We believe those are isolated instances that should not occur again given the changes we have made to our filing procedures under the post-October 1 filing requirements.


Sincerely,


/s/ Brian M. Buroker


Brian M. Buroker

BMB/pdd