1  HAROLD J. MCELHINNY (SBN 66781)
   hmcelhinny@mofo.com
2  MICHAEL A. JACOBS (SBN 111664)
   mjacobs@mofo.com
3  RACHEL KREVANS (SBN 116421)
   rkrevans@mofo.com
4  ERIC J. OLSON (SBN 175815)
   ejolson@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
7  Telephone:  (415) 268-7000
   Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S POST-HEARING BRIEF IN SUPPORT OF SANCTIONS AGAINST SAMSUNG AND QUINN EMANUEL** |

# TABLE OF CONTENTS

I. SAMSUNG VIOLATED THE COURT'S PROTECTIVE ORDER ON AN UNPRECEDENTED SCALE—WHICH, AT A MINIMUM, REFLECTS RECKLESS INDIFFERENCE ............................... 1

II. SAMSUNG HAS USED APPLE'S CONFIDENTIAL INFORMATION ............................................... 4

III. THE COURT HAS AUTHORITY TO IMPOSE SANCTIONS AGAINST SAMSUNG AND QUINN EMANUEL ................................................................................................................. 5

IV. THE SANCTIONS SHOULD BE SIGNIFICANT TO ADDRESS THESE VIOLATIONS AND DETER SIMILAR MISCONDUCT ............................................................................................. 7

    A. Samsung Should Not Be Permitted to Benefit from its Misconduct ....................... 7

        1. Dr. Ahn and Other Samsung Licensing Executives Should be Barred from Negotiating SEP Licenses for Wireless Communications Technologies For Two Years .......................................... 7

        2. The Court Should Find that Samsung Engaged in Improper Licensing Conduct ............................................................................................. 8

    B. Apple Should be Made Whole To The Extent Possible .......................................... 8

        1. Apple Should be Awarded its Fees and Costs at Least for Pursuing this Motion ................................................................................................. 8

        2. Quinn Emanuel Should be Enjoined from Receiving Any Apple Materials Produced Under a Protective Order for Two Years ..................... 9

V. CONCLUSION ......................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Beam Sys., Inc. v. Checkpoint Sys., Inc.*,
    1997 WL 423113 (C.D. Cal)..................................................................................................2

*Evon v. Law Offices of Sidney Mickell*,
    688 F.3d 1015 (9th Cir. 2012) ............................................................................................6, 7

*Falstaff Brewing Corp. v. Miller Brewing Co.*,
    702 F.2d 770 (9th Cir.1983) ..................................................................................................6

*Heavyhitters v. Nike Inc.*,
    251 Fed. App'x 378 (9th Cir. 2007) ......................................................................................6

*In re Deutsche Bank Trust Co. Americas*,
    605 F.3d 1373 (Fed Cir. 2010)...............................................................................................7

*In re Seagate Technology, LLC*,
    497 F.3d 1360 (Fed. Cir. 2007)..............................................................................................3

*Lamb-Weston, Inc. v. McCain Foods, Ltd.*,
    941 F.2d 970 (9th Cir. 1991) .................................................................................................8

*Lambright v. Ryan*,
    698 F.3d 808 (9th Cir. 2012) .................................................................................................2

*McLaughlin v. Richland Shoe Co.*,
    486 U.S. 128 (1988)...............................................................................................................3

*Minnesota Mining & Mfg. Co. v. Pribyl*,
    259 F.3d 587 (7th Cir. 2001) .................................................................................................8

*O'M & Associates, LLC v. Ozanne*,
    2011 WL 2160938 (S.D. Cal. June 1, 2011).........................................................................2

*Pennar Software Corp. v. Fortune 500 Sys. Ltd.*,
    51 Fed. R. Serv. 3d 279 (N.D. Cal. 2001) .............................................................................5

*Safeco Inc. Co. v. Burr*,
    551 U.S. 47 (2007).................................................................................................................3

*Salmeron v. Enter. Recovery Sys., Inc.*,
    579 F.3d 787 (7th Cir. 2009) .................................................................................................7

*SEC v. Razmilovic*,
    2013 WL 6172543 (2d Cir. July 22, 2013)............................................................................2

*Shcherbakovskiy v. Da Capo Al Fine, Ltd.*,
    490 F.3d 130 (2d Cir. 2007)...................................................................................................2

*Shepherd v. American Broadcasting Cos., Inc.*
    62 F.3d 1469 (D.C. Cir. 1995) ..................................................................................... 4

*Tama Plastic Industry v. Pritchett Twine & Net Wrap, LLC*,
    2012 WL 1912578 (S.D. Ind. May 25, 2012) ............................................................. 4

*Trans World Airlines, Inc. v. Thurston*,
    469 U.S. 111 (1985) .................................................................................................... 3

*Trenado v. Cooper Tire & Rubber Co.*,
    274 F.R.D. 598 (S.D. Tex. 2011) ............................................................................ 6, 9

*United States v. Illinois Central R. Co.*,
    303 U.S. 239 (1938) .................................................................................................... 2

*United States v. Nat'l Med. Enters., Inc.*,
    792 F.2d 906 (9th Cir.1986) ....................................................................................... 6

*Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*,
    992 F.2d 932 (9th Cir.1993) ....................................................................................... 6

*Whitehead v. Gateway Chevrolet, Oldsmobile*,
    2004 WL 1459478 (N.D. Ill. Jun. 29, 2004) ............................................................... 6

*Zambrano v. City of Tustin*,
    885 F.2d 1473 (9th Cir. 1989) .................................................................................... 2

**STATUTES**

35 U.S.C. § 285 .................................................................................................................. 9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26 ............................................................................................................... 6

Fed. R. Civ. P. 37 ........................................................................................... 1, 2, 4, 5, 6

1    In prior submissions, Apple set forth extensive evidence demonstrating that Samsung
2 repeatedly violated the Court's Protective Order, by disclosing highly confidential Apple
3 information to Samsung employees and unauthorized outside counsel, failing to timely report
4 those violations to Apple, and misusing the information.  (*See* Dkts. 2374; 2410; 2557; 2772;
5 2825; 2838.)  The extent of Samsung's violations was exacerbated by its reckless conduct in
6 failing to investigate—after breaches had become known—whether other unauthorized
7 disclosures had been made.  Samsung's systematic inattention to its obligations allowed
8 unauthorized disclosures to be continued to be made over a period of ▓▓ months to more than
9 ▓▓ additional individuals.  (Dkts 2557-27; 2556-7, Exhs. T-U.)  Indeed, the full scope of the
10 violations still remains unknown.  Just yesterday, Samsung identified ▓▓▓▓▓▓▓▓▓▓
11 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Dkt. 2870, citing Tab 279.)

12    Samsung argues (1) the admitted Protective Order violations were all "inadvertent," (2)
13 there was no misuse of that information, and (3) in light of those facts, the Court lacks legal
14 authority to impose sanctions.  But even if the Court were to credit the assertion that the scores
15 of Protective Order violations were pure accident, the sanctions Apple seeks are fully warranted
16 under Federal Rule of Civil Procedure 37 and the Court's inherent authority.  At a minimum,
17 Samsung's misconduct demonstrates a reckless disregard for its obligations under the Protective
18 Order, which the law treats as tantamount to willfulness.  Further, the Court is not required to
19 find actual misuse of the information to impose sanctions, although the overwhelming evidence
20 indicates that such misuse occurred and could continue.

21    This case will demonstrate whether protective orders must be respected, and whether
22 willful indifference toward them will be tolerated.  Appropriate sanctions are both necessary to
23 remediate Samsung's misconduct and to deter future repetition, and properly authorized under
24 Rule 37 and the Court's inherent authority.  Apple requests they be imposed.

25 **I.    SAMSUNG VIOLATED THE COURT'S PROTECTIVE ORDER ON AN UNPRECEDENTED
        SCALE—WHICH, AT A MINIMUM, REFLECTS RECKLESS INDIFFERENCE**
26

27    Since their initial improper transmission in March of 2012, the terms of Apple's licenses
28 with third parties have been disseminated to over ▓▓ persons not authorized to view them under

1  this Court's Protective Order, ▓ of whom are Samsung employees. (Dkt. 2557-27 (list of
2  recipients).)  Of those unauthorized recipients, at least ▓ received that information *after*
3  December 2012, when Quinn Emanuel became aware that it had provided its client with
4  extremely sensitive Apple licensing information. (*Id.*)

5  In terms of the number of communications making improper disclosures (at least ▓), the
6  number of individuals who disseminated the protected information in violation of the Protective
7  Order (at least ▓), and the duration of the violations (over fifteen months), Apple is aware of no
8  protective order breach as pervasive as the one now before this Court. Certainly none has been
9  identified in these proceedings. *See, e.g.*, *Lambright v. Ryan*, 698 F.3d 808 (9th Cir. 2012)
10 (single transmission of documents); *O'M & Associates, LLC v. Ozanne*, 2011 WL 2160938 (S.D.
11 Cal. June 1, 2011) (same); *Beam Sys., Inc. v. Checkpoint Sys., Inc.*, 1997 WL 423113 (C.D. Cal)
12 (same).[1]

13 Unable to dispute the overwhelming scope of their violations, Samsung argues that the
14 Court may not impose sanctions unless the protective order violations were willful, and asserts
15 that all Samsung's violations were "inadvertent." (*E.g.*, Dkt. 2835-3 at 11-12.) As detailed in
16 Apple's prior submissions, the two premises of this argument are both wrong: (1) willfulness is
17 not required to impose sanctions (*See* Dkt. 2838-3 at 15),[2] and (2) all of Samsung's Protective
18 Order violations were not "inadvertent." (*See Id.* at 7-9,)

19 But even if a finding of willfulness were needed, Samsung's conduct warrants sanctions.
20 At a minimum, Samsung acted with careless disregard to its obligations under the Protective
21 Order, which the law widely recognizes as tantamount to a willful violation. *See, e.g.*, *United*
22 *States v. Illinois Central R. Co.*, 303 U.S. 239, 242-43 (1938) ("willfully," as used in a civil
23 penalty provision, includes "'conduct marked by careless disregard whether or not one has the

---

[1]  Most of the other cases cited by Samsung do not involve Protective Order violations at all. *See e.g. Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130 (2d Cir. 2007) (failure to produce compelled documents); *Zambrano v. City of Tustin*, 885 F.2d 1473 (9th Cir. 1989) (attorney failed to apply for admission to district bar); *SEC v. Razmilovic*, 2013 WL 6172543 (2d Cir. July 22, 2013) (failure to appear for noticed deposition).
[2]  As explained in prior briefing, courts have consistently held that willfulness is not a requirement for sanctions under Rule 37. (*See* Dkt. 2838-3 at 15.)

1 right so to act.'") (citation omitted); *Safeco Inc. Co. v. Burr*, 551 U.S. 47, 57 (2007) ("[C]ommon

2 law usage . . . treated actions in 'reckless disregard' of the law as 'willful' violations") (*citing* W.

3 Keeton, et al., PROSSER AND KEETON ON THE LAW OF TORTS § 34, p. 212 (5th ed. 1985)); *see also*

4 *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132-33 (1988) ("willful," includes reckless

5 violation); *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 125-26 (1985) (same); *In re*

6 *Seagate Technology, LLC*, 497 F.3d 1360, 1370-71 (Fed. Cir. 2007) (willfulness includes

7 reckless behavior). This reflects common sense policy considerations: if a finding of deliberate

8 intent to violate a protective order were required to enforce it, parties would have no incentive to

9 proactively adopt meaningful compliance procedures. They could proceed with slack (or

10 nonexistent) compliance procedures, without fear of sanction for their indifference.

11     This case vividly illustrates that danger. The scope and number of breaches evidences a

12 systematic indifference to the protective order. As just one example, [REDACTED]

13-28 [REDACTED]

## II. SAMSUNG HAS USED APPLE'S CONFIDENTIAL INFORMATION

Samsung's other primary factual defense has been that it did not use the highly confidential Apple license information. (*See* Dkt. 2835-3 at 13-17.) That, however, does not mean that sanctions are unwarranted—proof of actual misuse is not necessary for awarding sanctions as it is frequently difficult to detect. *See, e.g.*, *Tama Plastic Industry v. Pritchett Twine & Net Wrap, LLC*, 2012 WL 1912578, at *4 (S.D. Ind. May 25, 2012).

Further, the evidence before the Court renders it highly likely that Apple's confidential licensing information has been misused by Samsung executives and that it will continue to be misused in the absence of sanctions.[3] ***First***, the evidence shows that it is more likely than not that Samsung improperly used Apple's confidential information against Apple in ▮▮▮▮ ▮▮▮▮ Daniel Shim, a senior in-house lawyer at Samsung responsible for managing Samsung's FRAND-related arguments in that litigation, testified ▮▮▮▮ ▮▮▮▮ ▮▮▮▮ (*See, e.g.*, Dkt. 2557-10 [Shim Dep.] at 184-85.) Samsung employees subsequently ▮▮▮▮ ▮▮▮▮ ▮▮▮▮ ▮▮▮▮ ▮▮▮▮

***Second***, there is strong circumstantial evidence that Samsung misused Apple's confidential information in ▮▮▮▮ Before the Protective Order was breached, Samsung offered Apple a license to its standards essential patents ("▮▮▮▮") for 2.4% of the sale prices of Apple's products. ▮▮▮▮ ▮▮▮▮

---

[3] The burden of proof for awarding non-dispositive civil sanctions under Rule 37 or the court's inherent authority is preponderance of the evidence. *Shepherd v. American Broadcasting Cos., Inc.* 62 F.3d 1469, 1478 (D.C. Cir. 1995).

1

2

3

4

5

6 ███████████████████████████████████████████████ *See, e.g., Pennar*

7 *Software Corp. v. Fortune 500 Sys. Ltd.*, 51 Fed. R. Serv. 3d 279 (N.D. Cal. 2001)

8 (circumstantial evidence sufficient to award sanctions pursuant to Rule 37 or the court's inherent

9 authority).

10     ***Third***, the record demonstrates that Samsung misused the improperly disclosed Apple

11 information against Nokia.  Dr. Ahn's testimony, and Samsung's argument, that ███████

12 

13 ████████████████████████████████████ strains credulity.  It is undisputed that

14 Dr. Ahn █████████████████████████████████████████████

15 

16 ████████████████████████

17     ***Fourth***, Samsung admits ██████████████████████████████

18 

19 

20 ████████████████████████ (Dkt. 2557-14 [Kim Dep.] at 53-55, 96-100.) ███

21 

22 

23 ████████████████████████

24 **III.   THE COURT HAS AUTHORITY TO IMPOSE SANCTIONS AGAINST SAMSUNG AND QUINN
EMANUEL**

25

26     Samsung's final argument is that the Court lacks authority to impose sanctions under

27 Rule 37 or its inherent authority. (*See, e.g*., Dkt. 2835-3 at 8-11.)  That argument lacks any merit.

28

1  The Ninth Circuit has explicitly—and repeatedly—held that Civil Rule 37 authorizes sanctions for violations of Rule 26(c) protective orders. *See Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.,* 992 F.2d 932, 934–35 (9th Cir.1993) ("Advisory Committee Note, 1970 Amendment, subdivision (b) 'Rule 37(b)(2) should provide comprehensively for enforcement of all [discovery] orders,' including Rule 26(c) protective orders.)."); *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 911 (9th Cir.1986) (upholding sanctions under Rule 37(b) for violation of a protective order); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir.1983) (same); *Heavyhitters v. Nike Inc.*, 251 Fed. App'x 378, 380 (9th Cir. 2007) (same).

Samsung's arguments to the contrary in its December 2 submission are unavailing. Samsung does not even acknowledge the binding Ninth Circuit authority (*Westinghouse*) holding that Rule 37 authorizes sanctions for protective order violations. (*See* Dkt. 2835-3 at 8-9 & nn. 2-3.) The only case Samsung is able to cite for the proposition that Rule 37 does *not* authorize sanctions for protective order violations—*Lipscher*, an Eleventh Circuit case—has been repeatedly criticized and rejected. *See, e.g.*, *Smith & Fuller, P.A.*, 685 F.3d 486, 488-89 (5th Cir. 2012); *Trenado v. Cooper Tire & Rubber Co.*, 274 F.R.D. 598, 600 (S.D. Tex. 2011); *Whitehead v. Gateway Chevrolet, Oldsmobile*, 2004 WL 1459478, at *3 (N.D. Ill. Jun. 29, 2004).

Samsung also fails to give any reason why the Court cannot sanction Samsung under its inherent authority. The only limitation on inherent-authority sanctions offered by Samsung is that the court must find that a party acted in "bad faith." (Dkt. 2835-3 at 23.) But, as discussed above, Samsung at least recklessly disregarded its obligations under the Protective Order, which is tantamount to violating that order in bad faith.[4]

Moreover, "bad faith" is not required for inherent authority sanctions. The Ninth Circuit has explained that "a district court may levy sanctions pursuant to its inherent power for "'willful disobedience of a court order . . . *or* when the losing party has acted in bad faith.'" *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) (quoting *Fink v. Gomez*, 239 F.3d

---

[4] Samsung concedes that "bad faith" encompasses "recklessness when combined with an additional factor." (Dkt. 2835-3 at 23.)

1  989, 991-993 (9th Cir. 2001)).  This "does not require proof of mental intent such as bad faith or
2  an improper motive." *Id.*  Indeed, the Ninth Circuit recently upheld an award of sanctions issued
3  under the district court's inherent authority where the "district judge never made a finding of bad
4  faith or conduct tantamount to bad faith and. . . [the sanctioned party's] conduct was
5  'inadvertent.'"  *Evon*, 688 F.3d at 1035.

**IV.    THE SANCTIONS SHOULD BE SIGNIFICANT TO ADDRESS THESE VIOLATIONS AND DETER SIMILAR MISCONDUCT**

As detailed in Apple's pre-hearing submissions, sanctions are warranted and necessary to redress past harm and prevent future harm to Apple and its licensing partners, to vindicate the Court's and the public's interest in promoting rigorous compliance with the rules of the judicial system, and to deter future violations. (Dkt. 2838-3 at 15); *see also Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 796-97 (7th Cir. 2009).  Even now, Samsung argues that Apple and Nokia are over-inflating the importance of merely technical breaches.  Not so: Samsung's systematic indifference to its obligations must be remediated and prevented from recurring. Apple previously set forth the sanctions it believes will address these interests (Dkt. 2838-3 at 15-21), and highlights below the sanctions that are particularly important.

**A.    Samsung Should Not Be Permitted to Benefit from its Misconduct**

Samsung's Protective Order violations should not place it in a ***better*** position than it would have been in the absence of its breaches.  Accordingly, certain sanctions are necessary to ensure that Samsung does not obtain a windfall from its misconduct.

**1.    Dr. Ahn and Other Samsung Licensing Executives Should be Barred from Negotiating SEP Licenses for Wireless Communications Technologies For Two Years**

Samsung licensing executives ████████████████████████████████ ████ now know the highly confidential financial terms of the Apple-Nokia and other Apple licenses, in violation of the Court's Protective Order.  (*See, e.g.*, Dkt. 2557-8 [Ahn Dep.] at 152.) This knowledge gives them a clear advantage in their license negotiations against Apple and others, and they cannot realistically be expected to "forget" those terms.  *See In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed Cir. 2010) ("'[I]t is very difficult for the

1  human mind to compartmentalize and selectively suppress information once learned, no matter
2  how well-intentioned the effort may be to do so.'") (quoting *FTC v. Exxon Corp.*, 636 F.2d 1336,
3  1350 (D.C. Cir.1980)).  Yet, in the absence of a Court order, these same executives will continue
4  to lead Samsung's licensing strategy and negotiations with Apple and other potential Samsung
5  licensees for alleged standard-essential patents.  As courts have recognized in analogous
6  contexts, an injunction is warranted to prevent future harm that would be caused by the use of
7  confidential information improperly obtained.  *See Minnesota Mining & Mfg. Co. v. Pribyl*, 259
8  F.3d 587, 607 (7th Cir. 2001) ("The purpose of a permanent injunction is to protect trade secret
9  owners from the ongoing damages caused by the future use of trade secrets."); *Lamb-Weston,*
10 *Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991).  Accordingly, Apple urges the
11 Court to enjoin Samsung from employing ████████████████████████████████████
12 ████████████████████████████████████████████████████████████ to negotiate SEP
13 licenses relating to wireless communications technology for a period of two years.

        **2.**       **The Court Should Find that Samsung Engaged in Improper Licensing Conduct**

16        Samsung engaged in negotiations of SEP licenses with Apple, Nokia, Ericsson, and
17 perhaps others while in possession of Apple confidential licensing information in violation of the
18 Protective Order.  This was unquestionably improper.  Samsung's negotiators held—and still
19 hold—an ill-gotten information asymmetry over their counterparts.
20        That bell cannot be unrung, but what can be done is to set the public record straight, and
21 to make clear—through a public finding by the Court—that Samsung has engaged in bad-faith
22 licensing conduct.  With that public finding, Samsung will not be able to wrongly argue to courts
23 and regulatory agencies that it has negotiated FRAND licenses in an entirely above-board and
24 good-faith fashion.  Samsung's actual conduct deserves to be transparently exposed to the public.

    **B.**    **Apple Should be Made Whole To The Extent Possible**

        **1.**       **Apple Should be Awarded its Fees and Costs at Least for Pursuing this Motion**

1 Without a doubt, these sanctions proceedings have involved a significant expenditure of resources by all parties involved, as well as the Court. Unfortunately, Samsung's actions—both before and during the proceedings—made them necessary. Apple's motion, with the aid of this Court's interim orders, resulted in the discovery of numerous protective order violations that otherwise never would have been discovered. *Compare* Dkt. 2374-5 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *with* Dkt. 2557-27 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Without these discoveries, Apple's highly confidential licensing information undoubtedly would have remained in the hands of persons barred from receiving it under the Protective Order. Samsung's assertion that these proceedings were "self-inflicted" by Apple thus cannot be squared with the facts. Apple clearly should at least be made whole for the expenditures incurred in pursuing this motion. *See, e.g.*, *Trenado v. Cooper Tire & Rubber Co.*, 274 F.R.D. 598, 602 (S.D. Tex. 2011). These facts also justify finding the -630 and -1846 cases to be "exceptional cases" under 35 U.S.C. § 285.

### 2. Quinn Emanuel Should be Enjoined from Receiving Any Apple Materials Produced Under a Protective Order for Two Years

As another step to begin to restore Apple to the position it would have been in absent the wide-ranging Protective Order violations, the Court should enjoin Quinn Emanuel from receiving any Apple materials produced under a new Protective Order in any other matter for a period of two years. Recognizing the advanced state of the -1846 and -630 cases, Apple does not seek Quinn Emanuel's disqualification from those cases.

## V. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court enter the proposed sanctions against Samsung.

Dated: December 13, 2013           /s/ Mark D. Selwyn
                                   Mark D. Selwyn

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on December 13, 2013, to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ Mark D. Selwyn
Mark D. Selwyn