HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF MARYLEE ROBINSON IN SUPPORT OF APPLE INC.'S POST-TRIAL MOTION FOR JMOL, SUPPLEMENTAL DAMAGES, AND PREJUDGMENT INTEREST** |

I, Marylee Robinson, hereby declare as follows:

## I.  BACKGROUND

1. I am a Director with Invotex Group, a national accounting, economic, financial consulting and intellectual property management firm that specializes in providing financial analyses related to complex financial transactions, disputes and litigation, investigations, reorganizations, insurance and valuations. I have over 10 years of experience providing a variety of litigation consulting services, including commercial damages, fraud investigation, and forensic accounting, as well consulting on restructuring and insolvency matters. I was licensed by the State of Maryland as a Certified Public Accountant in 2007.

2. My business address is 1637 Thames Street, Baltimore, Maryland 21231.

3. I have played a substantial role in Apple's intellectual property dispute with Samsung since September 2011, working closely with Terry Musika and later with Julie Davis at all stages of the case. I assisted Mr. Musika with the four declarations and three expert reports he issued in this case leading up to trial. I assisted Ms. Davis in the preparation of her expert report. I have provided analysis and supervision with respect to all aspects of Invotex Group's engagement by Apple. As such, I am familiar with the facts of this case, the experts' analysis and testimony, the Court's orders affecting damages, and the two jury verdicts.

## II.  SUPPLEMENTAL DAMAGES AND PREJUDGMENT INTEREST

4. The purpose of this declaration is to explain the calculation of Apple's supplemental damages (based on information currently available in this case) and prejudgment interest using the methods identified in the Court's March 1, 2013 Order re Damages and to explain what additional information is needed to obtain a final complete total for all monetary relief. The current amount, which is based on the information that is available to date, is provided in **Exhibit 1** to this declaration. The current amount reflects (1) the portion of the original August 2012 verdict that was confirmed by the Court in two orders (the March 1, 2013 Order re Damages and the April 29, 2013 Case Management Order); (2) the November 2013 verdict; (3) supplemental damages for August 25, 2012 to September 2012, and (4) prejudgement interest on the jury verdicts through December 31, 2013. The final calculation should include the foregoing

ROBINSON DECL. ISO APPLE INC.'S POST-TRIAL MOTION FOR JMOL, SUPPLEMENTAL DAMAGES, AND
PREJUDGMENT INTEREST
CASE NO. 11-CV-01846-LHK (PSG)

1

1  as well as (5) supplemental damages for October 2012 through approximately August 2013; (6) prejudgment interest on the supplemental damages; and (7) prejudgment interest after January 1, 2013 to the date of the Court's final order and judgment.

5. The following few items are all that is needed to obtain a final total: (A) unit sales amounts for four products from October 2012 to February 2013, which are already available from Samsung in spreadsheets produced by Samsung in the 630 case; (B) unit sales for three products (Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket, and Galaxy S II T-Mobile) from March 2013 until sales of the products ended (which appears to be on or before August 2013); and (C) prejudgment interest after the first of the year, which is calculated using interest rates that are easily obtained from public sources. Mr. Kerstetter stated in his October 19, 2012 declaration that the unit sales information is easily available to STA from its accounting system. Insertion of these few numbers into **Exhibit 2**, as described below, will permit the preparation of a judgment reflecting all monetary relief due to Apple based on the Court's existing orders and the two jury verdicts.

### A. Supplemental Damages

6. In connection with the first trial of this matter, Samsung provided sales and financial information only through June 30, 2012.[1] As a result, the damages calculations included in Mr. Musika's and Mr. Wagner's testimony and trial exhibits only addressed sales up to this date.[2] The same figures were used for the second trial and thus, those damages also stop as of June 30, 2012.

7. In September 2012, Apple sought a supplemental damages award for Samsung's sales of additional infringing and diluting products after June 30, 2012 until the date that a final amended judgment is entered in this action.

---

[1] *See, e.g.*, Sales of Accused Products, **JX1500 and JX1500A.**

[2] *See* Dkt. No. 1554 at 3 ("Apple and Samsung by agreement exchanged documents reflecting financial results updated for periods between April and June 2012. . . . Apple and Samsung by agreement exchanged updated plaintiff's and defendant's exhibits that incorporate the Updated Financial Results . . . .").

ROBINSON DECL. ISO APPLE INC.'S POST-TRIAL MOTION FOR JMOL, SUPPLEMENTAL DAMAGES, AND PREJUDGMENT INTEREST
CASE NO. 11-CV-01846-LHK (PSG)

2

1          8.       On March 1, 2013, the Court issued its Order re Damages, which sets forth the method by which supplemental damages will be calculated. I have used the methods stated in the March 1, 2013 Order re Damages. In particular, I have started the calculation on August 25, 2012, I have used per unit amounts specific to each product, and I have used only actual sales figures as provided by Samsung for the calculations. The supplemental damages calculations based on the information available to date are presented in **Exhibits 2** and **2.1**.

        9.       As a first step in calculating supplemental damages, I calculated the damages amount per unit based on the jury's award for each of the following seven products: Galaxy S 4G, Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket, Galaxy S II T-Mobile, Galaxy S Showcase, Droid Charge, and Galaxy Prevail. For these purposes, I used the individual damages amounts from either the August 2012 jury verdict (for Galaxy S 4G, Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket, Galaxy S II T-Mobile, and Galaxy S Showcase) or the November 2013 jury verdict (for Droid Charge and Galaxy Prevail) and divided the damages totals by the unit sales for each of the products (taken from JX1500 and JX1500A) to obtain a per unit amount for each product, as shown in **Exhibit 2.1**.

       10.      In **Exhibit 2**, I use the per unit amount for each product to calculate Apple's supplemental damages through September 2012. As directed by the Court's March 1, 2013 Order re Damages, the calculation is simple. The units sold after August 25, 2012 are multiplied by the per unit amount for each product to obtain the supplemental damages total for that product. These amounts are added to obtain the total amount of supplemental damages.

       11.      From the October 19, 2012 Declaration of Corey Kerstetter, I obtained Samsung's unit sales for the relevant products in July, August and September of 2012. These are reflected in the table at the top of **Exhibit 2**. I do not use July's figures. I prorated August's figures to calculate supplemental damages from August 25 to August 31. The resulting unit sales are presented in a separate line of **Exhibit 2**. I have totaled the remaining units and prepared a separate calculation of supplemental damages for August 25 to 31, 2012 and for September 2012. **Exhibit 2** also shows how supplemental damages would be calculated for sales between October

ROBINSON DECL. ISO APPLE INC.'S POST-TRIAL MOTION FOR JMOL, SUPPLEMENTAL DAMAGES, AND PREJUDGMENT INTEREST
CASE NO. 11-CV-01846-LHK (PSG)

3

1   2012 and August 2013. It is my understanding that STA was no longer selling any of the
2   products from this case after August 2013.

3   12. I am aware that Samsung has already produced the unit sales of the remaining
4   products from October 2012 to February 2013 in two Excel files produced in connection with the
5   Apple II litigation, also known as the "630 case." I have access to those materials under the
6   protective order in that case because of the assistance that Invotex Group has provided to
7   Christopher Vellturo, one of Apple's damages experts, in connection with that matter. I
8   understand that the unit sales figures were prepared in the same manner as the materials already
9   used in this case and could easily be included in **Exhibit 2** to calculate supplemental damages
10  through February 2013.

11  13. Mr. Kerstetter stated that Samsung maintains the unit sales of its products in an
12  accounting database and that the relevant figures can be easily obtained and produced by STA.
13  To complete the calculation of supplemental damages, Samsung would need to produce the unit
14  sales information for three products (Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket, Galaxy
15  S II T-Mobile) for the period March 2013 until approximately August 2013 (unless sales ended
16  earlier).

17  14. The missing information would be inserted into the shaded boxes in the table at the
18  top of Exhibit 2. Once inserted, the spreadsheet would update all relevant totals and calculate
19  prejudgment interest as discussed below.

20  15. In the absence of the missing data discussed in paragraphs 12-14, the current
21  supplemental damages total is $24,337,154.

22  **B.   Prejudgment Interest**

23  16. In September 2012, Apple also sought an award of prejudgment interest on the
24  damages awarded by the jury and the supplemental damages award. In the March 1, 2013 Order
25  re Damages, the Court determined how prejudgment interest should be calculated. I have
26  followed the method stated there in my analysis. In particular, I have used the United States 52-
27  week T-Bill rate compounded annually. The calculations are provided in **Exhibit 3** and **Exhibit**
28  **4** to this declaration.

ROBINSON DECL. ISO APPLE INC.'S POST-TRIAL MOTION FOR JMOL, SUPPLEMENTAL DAMAGES, AND
PREJUDGMENT INTEREST
CASE NO. 11-CV-01846-LHK (PSG)

4

17. To determine the date on which damages were earned, I used the information on units sold by Samsung that Samsung provided in the spreadsheets that formed the basis for exhibits JX1500 and JX1500A in the first and second trials. The units sold for each month are multiplied by the average per unit award for all infringing products so that the totals match the two jury awards exactly. This calculation is reflected in **Exhibit 3.1** based on the average per unit award that is calculated in **Exhibit 3.2** and the monthly damages amounts carry to **Exhibit 3**.

18. I compounded interest on January 1 of each year by adding accrued interest from the prior year to the relevant damages base as of that time. I used the 52-week T-Bill rate as published by the Federal Reserve each month as the interest rate and converted it to a monthly rate by dividing it by 12.

19. Using these methods, total prejudgment interest through December 31, 2013 on the damages awarded by the two juries is $3,485,782, as shown in the bottom right corner of the final page of **Exhibit 3.**

20. Using these methods, the prejudgment interest calculation for supplemental damages is illustrated in **Exhibit 4**. This amount is currently incomplete but the method is equivalent to Exhibit 3 except that the monthly damages would be taken from **Exhibit 2** once it is updated.

### III. ALTERNATE CALCULATION BASED ON APPLE'S MOTION FOR JUDGMENT AS A MATTER OF LAW.

21. I understand that Apple is asking for judgment as a matter of law with respect to the damages to which Ms. Davis testified that are presented in PX25F.

22. In light of this request, I have prepared separate calculations that reflect the damages award, supplemental damages and prejudgment interest using the same methods described above but including the final damages amount in PX25F instead of the November 21, 2013 jury verdict. Those calculations are presented in **Exhibits 5** to **8**, which are attached to this declaration and are labeled as an "Alternate Calculation" in the relevant titles.

ROBINSON DECL. ISO APPLE INC.'S POST-TRIAL MOTION FOR JMOL, SUPPLEMENTAL DAMAGES, AND PREJUDGMENT INTEREST
CASE NO. 11-CV-01846-LHK (PSG)

5

1  I declare under penalty of perjury that the foregoing is true and correct and that this
2  Declaration was executed this 13th day of December 2013, at Baltimore, Maryland.

_____
MARYLEE ROBINSON

ROBINSON DECL. ISO APPLE INC.'S POST-TRIAL MOTION FOR JMOL, SUPPLEMENTAL DAMAGES, AND PREJUDGMENT INTEREST
CASE NO. 11-CV-01846-LHK (PSG)

6

**ATTESTATION OF E-FILED SIGNATURE**

I, William Lee, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Marylee Robinson has concurred in this filing.

Dated: December 13, 2013

*/s/ William F. Lee*
William F. Lee

Attorneys for Plaintiff
APPLE INC

ROBINSON DECL. ISO APPLE INC.'S POST-TRIAL MOTION FOR JMOL, SUPPLEMENTAL DAMAGES, AND PREJUDGMENT INTEREST
CASE NO. 11-CV-01846-LHK (PSG)

7