1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kathleen M. Sullivan (Cal. Bar No. 242261)
   kathleensullivan@quinnemanuel.com
6  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
10
   Susan R. Estrich (Cal. Bar No. 124009)
11 susanestrich@quinnemanuel.com
   Michael T. Zeller (Cal. Bar No. 196417)
12 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
13 Los Angeles, California 90017
   Telephone: (213) 443-3000
14 Facsimile: (213) 443-3100

15 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
16 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
17
                    UNITED STATES DISTRICT COURT
18         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19
   | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
   |---|---|
   | Plaintiff, | **DECLARATION OF MICHAEL J. WAGNER IN SUPPORT OF SAMSUNG'S MOTION FOR JUDGMENT AS A MATTER OF LAW, NEW TRIAL AND/OR REMITTITUR PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 50 AND 59** |
   | vs. | |
   | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
   | | Date:  January 30, 2014<br>Time:  1:30 p.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |
   | Defendants. | |

I, Michael J. Wagner, hereby declare as follows:

BACKGROUND

1. I am currently a Managing Director at LitiNomics, Inc., a financial and economic consulting firm specializing in the analysis of economic issues that arise in commercial disputes.

2. I am a Certified Public Accountant and attorney licensed in the State of California. I have been a Partner at Price Waterhouse; a Managing Director at Putnam, Hayes & Bartlett; and a Senior Advisor at CRA International, a publicly traded management consulting firm. I have a Bachelor of Science in Engineering, which I received from the University of Santa Clara in 1969. I have a Masters in Business Administration, which I received from U.C.L.A. in 1971. I have a Juris Doctor degree, which I received from Loyola University School of Law at Los Angeles in 1975. Exhibit A is a true and correct copy of my *curriculum vitae*.

3. I have specialized in the computation of commercial damages over the last 35 years of my professional career. I have been qualified and testified at trial as an expert on financial matters, principally commercial damages, 130 times, including Lanham Act cases and patent cases (33 times in patent cases). I have testified on financial issues in 35 arbitrations. I also have been deposed 329 times (113 times in patent cases; more than 10 times in trademark or Lanham Act cases) on financial issues over my career.

4. I have 29 professional publications, the majority of which deal with the computation of commercial damages (nine deal directly with patent damages). My most significant publication is the *Litigation Services Handbook*, which I co-edited through its fourth edition. The book is a collaborative effort of many of the leading experts in the financial area. I am the founding editor and continued as an editor for over 20 years. The Handbook has been recognized as authoritative by the Federal Judicial Center in its *Treatise on Scientific Evidence*. The Treatise's chapter on Economic Damages cites only five additional reference sources for further guidance to federal judges. The *Litigation Services Handbook* is one of the five reference sources.

5. In the above-captioned case, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, I previously submitted several declarations, including a Declaration of Michael J. Wagner in

1  Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction and a
2  Declaration of Michael J. Wagner in Support of Samsung's Motion for Judgment as a Matter of
3  Law, New Trial, and/or Remittitur Pursuant to Federal Rules of Civil Procedure 50 and 59.  I
4  have also submitted expert reports, including my April 20, 2012 Corrected Expert Report of
5  Michael J. Wagner; my May 11, 2012 Supplemental Expert Report of Michael J. Wagner, and my
6  August 26, 2013 Updated Rebuttal Expert Report of Michael J. Wagner for New Trial on
7  Damages.   I also testified at the August 2012 trial and at the November 2013 retrial on damages.

8      6.  I submit this declaration in support of Samsung's Renewed Motion for Judgment as
9  a Matter of Law, New Trial and/or Remittitur.  If asked at a hearing or trial, I am prepared to
10  testify regarding the matters I discuss in this declaration.

11      7.  I am being compensated at $795 per hour for my work on this case.  My
12  compensation is in no way contingent upon the opinions I arrive at or the result of the litigation.

13      8.  In performing my analysis, I have reviewed the Court's November 18, 2013 Final
14  Jury Instructions and the November 21, 2013 Verdict Form (the "Verdict Form").   I also attended
15  most of the retrial on damages, and I have also reviewed trial transcripts, trial demonstratives and
16  exhibits, as well as publicly available documents discussed in this declaration.

17      9.  In addition to the review of documents listed above, I have relied on my training as
18  a Certified Public Accountant and my knowledge and expertise regarding intellectual property
19  litigation damages.

20      10.  I may supplement this declaration in the event that additional relevant materials are
21  provided to me, including court filings and declarants' testimony.

22  <center>VERDICT ANALYSIS</center>

23      11.  I have compared the dollar amounts in Questions 1 and 2 of the Verdict Form with
24  Apple's claimed damages in the retrial as presented in trial testimony and exhibits, including
25  Apple's trial exhibit PX25F.4 and PX25F.5.   I note the following.

26      12.  For each of the six Samsung devices not eligible for Samsung's profits, the jury
27  awarded 100% of Ms. Davis's claimed figures for lost profits and reasonable royalty in PX25F.4.
28  This is shown in the following table.

| Product | Lost Profits Sought by Apple in PX25F.4 | Royalty Sought by Apple in PX25F.4 | Total Damages Sought by Apple in PX25F.4 | Jury Award |
|---|---|---|---|---|
| Exhibit 4G | $0 | $2,044,683 | $2,044,683 | $2,044,683 |
| Galaxy Prevail | $7,327,589 | $14,815,746 | $22,143,335 | $22,143,335 |
| Galaxy Tab | $6,584,344 | $2,959,682 | $9,544,026 | $9,544,026 |
| Nexus S 4G | $8,172,989 | $2,386,918 | $10,559,907 | $10,559,907 |
| Replenish | $0 | $3,046,062 | $3,046,062 | $3,046,062 |
| Transform | $1,729,350 | $460,749 | $2,190,100 | $2,190,099 |
| **Total** | **$23,814,272** | **$25,713,840** | **$49,528,113** | **$49,528,112** |

13.   For each of the seven Samsung devices eligible for Samsung's profits, the jury appears to have split the difference between my total figure for Samsung's profits of $52,734,959 and Ms. Davis's total figure of $231,373,554.   In trying to calculate product-by-product awards consistent with splitting the difference in the experts' totals, the jury chose to award each product 61.3960645% of Ms. Davis's figure for Samsung's profits, in addition to 100% of Ms. Davis's claimed figures for lost profits and reasonable royalty.   This is shown in the following table.

| Product | Lost Profits Sought by Apple in PX25F.4 | Royalty Sought by Apple in PX25F.4 | 61.3960645% of Samsung's Profits Sought by Apple in PX25F.4 | Calculated Award | Jury Award |
|---|---|---|---|---|---|
| Captivate | $8,961,578 | $1,957,240 | $10,202,994 | $21,121,812 | $21,121,812 |
| Continuum | $2,777,984 | $539,394 | $3,161,495 | $6,478,873 | $6,478,873 |
| Droid Charge | $25,696,440 | $1,340,523 | $33,669,057 | $60,706,020 | $60,706,020 |
| Epic 4G | $7,152,084 | $4,077,884 | $26,698,726 | $37,928,694 | $37,928,694 |
| Gem | $1,406,069 | $702,838 | $2,722,546 | $4,831,453 | $4,831,453 |
| Indulge | $0 | $290,148 | $9,627,692 | $9,917,840 | $9,917,840 |
| Infuse 4G | $43,968,916 | $3,327 | $55,971,744 | $99,943,987 | $99,943,987 |

| Total | $89,963,071 | $8,911,354 | $142,054,256[1] | $240,928,681 | $240,928,679 |

14. The percentage applied by the jury, 61.3960645%, can be calculated by averaging the Samsung profits numbers presented by Ms. Davis in PX25F.4 ($231,373,554) and myself in DX781.2 ($52,734,959), then calculating that average ($142,054,256.50) as a percentage of the number presented by Ms. Davis ($142,054,256.50 / $231,373,554 = 61.3960645%). In essence, the jury awarded infringer's profits equal to the average of the Samsung profits numbers presented by Apple and Samsung.

15. The calculations in paragraphs 12 and 13, above, show that the portion of the jury's verdict representing Apple's lost profits damages is $113,777,344.

16. The calculations in paragraphs 12 and 13, above, show that the portion of the jury's verdict representing reasonable royalty damages is $34,625,194.

17. The calculations in paragraphs 13, above, show that the portion of the jury's verdict representing infringer's profits is $142,054,256.

## REMITTITUR

18. If Apple is not entitled to the $142,054,256 of the verdict representing infringer's profits, and instead is awarded 100% of infringer's profits as calculated in DX781.2 ($52,734,959), the jury award would be reduced by $89,319,297 to $201,137,496. If the Infuse 4G is not included in the calculation, the jury award would be reduced by $76,290,329 from $190,512,086[2] to $114,222,477.[3] A summary of my calculations to arrive at the reduction is shown in the table below.

---

[1] This total includes partial dollars rounded down in the product by product analysis, which results in a two dollar discrepancy.
[2] Calculated as the total award of $290,456,793 less the $99,943,987 awarded for the Infuse 4G.
[3] Calculated as the recalculated damages of $201,137,496 less the $86,915,019 recalculated damages for the Infuse 4G.

| Product | Lost Profits Sought by Apple in PX25F.4 | Samsung's Profits as Calculated in DX781.2[4] | Royalty Sought by Apple in PX25F.4 | Total Recalculated Damages |
|---|---|---|---|---|
| Captivate | $8,961,578 | $0 | $1,957,240 | $10,918,818 |
| Continuum | $2,777,984 | $0 | $539,394 | $3,317,378 |
| Droid Charge | $25,696,440 | $0 | $1,340,523 | $27,036,963 |
| Epic 4G | $7,152,084 | $6,507,060 | $4,077,884 | $17,737,028 |
| Exhibit 4G | $0 | -- | $2,044,683 | $2,044,683 |
| Galaxy Prevail | $7,327,589 | -- | $14,815,746 | $22,143,335 |
| Galaxy Tab | $6,584,344 | -- | $2,959,682 | $9,544,026 |
| Gem | $1,406,069 | $0 | $702,838 | $2,108,907 |
| Indulge | $0 | $3,285,124 | $290,148 | $3,575,272 |
| Infuse 4G | $43,968,916 | $42,942,776 | $3,327 | $86,915,019 |
| Nexus S 4G | $8,172,989 | -- | $2,386,918 | $10,559,907 |
| Replenish | $0 | -- | $3,046,062 | $3,046,062 |
| Transform | $1,729,350 | -- | $460,749 | $2,190,099 |
| **Total** | **$113,777,344** | **$52,734,959** | **$34,625,193** | **$201,137,496** |

19. If Apple is not entitled to the $113,777,343 of the verdict representing lost profits damages for infringement of the '915 patent, and instead is awarded 61.3960645% of Samsung's profits presented by Ms. Davis in PX25F.4 and 100% of the royalty damages presented by Ms. Davis in PX25F.5—her alternative calculations prepared in the event that lost profits damages were not awarded—the jury award would be reduced by $112,742,324 to $177,714,469. A summary of my calculations to arrive at the reduction is shown in the table below.

---

[4] Excluding losses.

WAGNER DECLARATION ISO SAMSUNG'S MOTION FOR JUDGMENT
AS A MATTER OF LAW, NEW TRIAL AND/OR REMITTITUR

| Product | 61.3960645% of Samsung's Profits Sought by Apple in PX25F.4 | Royalty Sought by Apple in PX25F.5 | Total Recalculated Damages |
|---|---|---|---|
| Captivate | $10,202,994 | $2,075,269 | $12,278,263 |
| Continuum | $3,161,495 | $578,343 | $3,739,838 |
| Droid Charge | $33,669,057 | $1,671,298 | $35,340,355 |
| Epic 4G | $26,698,726 | $4,179,254 | $30,877,980 |
| Exhibit 4G | -- | $2,044,683 | $2,044,683 |
| Galaxy Prevail | -- | $14,920,600 | $14,920,600 |
| Galaxy Tab | -- | $3,149,250 | $3,149,250 |
| Gem | $2,722,546 | $720,882 | $3,443,428 |
| Indulge | $9,627,692 | $290,148 | $9,917,840 |
| Infuse 4G | $55,971,744 | $4,713 | $55,976,457 |
| Nexus S 4G | -- | $2,506,000 | $2,506,000 |
| Replenish | -- | $3,046,062 | $3,046,062 |
| Transform | -- | $473,711 | $473,711 |
| **Total** | **$142,054,256** | **$35,660,213** | **$177,714,469** |

20.   Alternatively, if only the portion of the jury's lost profits award corresponding to the Galaxy Tab is removed, and Apple is instead awarded the royalty calculated by Ms. Davis in PX25F.5 for that product, the jury award would be reduced by $6,394,777 to $284,062,016.  A summary of my calculations to arrive at the reduction is shown in the table below.

| Product | Lost Profits Sought by Apple in PX25F.4 Except Galaxy Tab | 61.3960645% of Samsung's Profits Sought by Apple in PX25F.4 | Royalty Sought by Apple in PX25F.4 or .5 (Galaxy Tab) | Total Recalculated Damages |
|---|---|---|---|---|
| Captivate | $8,961,578 | $10,202,994 | $1,957,240 | $21,121,812 |
| Continuum | $2,777,984 | $3,161,495 | $539,394 | $6,478,873 |
| Droid Charge | $25,696,440 | $33,669,057 | $1,340,523 | $60,706,020 |
| Epic 4G | $7,152,084 | $26,698,726 | $4,077,884 | $37,928,694 |
| Exhibit 4G | $0 | -- | $2,044,683 | $2,044,683 |
| Galaxy Prevail | $7,327,589 | -- | $14,815,746 | $22,143,335 |
| Galaxy Tab | $0 | -- | $3,149,250 | $3,149,250 |
| Gem | $1,406,069 | $2,722,546 | $702,838 | $4,831,453 |
| Indulge | $0 | $9,627,692 | $290,148 | $9,917,840 |
| Infuse 4G | $43,968,916 | $55,971,744 | $3,327 | $99,943,987 |
| Nexus S 4G | $8,172,989 | -- | $2,386,918 | $10,559,907 |
| Replenish | $0 | -- | $3,046,062 | $3,046,062 |
| Transform | $1,729,350 | -- | $460,749 | $2,190,099 |
| **Total** | **$107,193,000** | **$142,054,256** | **$34,814,762** | **$284,062,018** |

21.  If Apple is not entitled to the $34,625,194 of the verdict representing reasonable royalty damages, and is instead awarded 100% of the reasonable royalty calculated in DX702.2, the jury award would be reduced by $34,596,741 to $255,860,052.  A summary of my calculations to arrive at the reduction is shown in the table below.

| Product | Lost Profits Sought by Apple in PX25F.4 | 61.3960645% of Samsung's Profits Sought by Apple in PX25F.4 | Reasonable Royalty as Calculated in DX702.2 | Total Recalculated Damages |
|---|---|---|---|---|
| Captivate | $8,961,578 | $10,202,994 | -- | $19,164,572 |
| Continuum | $2,777,984 | $3,161,495 | -- | $5,939,479 |
| Droid Charge | $25,696,440 | $33,669,057 | -- | $59,365,497 |
| Epic 4G | $7,152,084 | $26,698,726 | -- | $33,850,810 |
| Exhibit 4G | $0 | -- | -- | $0 |
| Galaxy Prevail | $7,327,589 | -- | -- | $7,327,589 |
| Galaxy Tab | $6,584,344 | -- | -- | $6,584,344 |
| Gem | $1,406,069 | $2,722,546 | -- | $4,128,615 |
| Indulge | $0 | $9,627,692 | -- | $9,627,692 |
| Infuse 4G | $43,968,916 | $55,971,744 | -- | $99,940,660 |
| Nexus S 4G | $8,172,989 | -- | -- | $8,172,989 |
| Replenish | $0 | -- | -- | $0 |
| Transform | $1,729,350 | -- | -- | $1,729,350 |
| **Total** | **$113,777,344** | **$142,054,256** | **$28,452** | **$255,860,052** |

22.    If Apple is not entitled to the $113,777,344 of the verdict representing lost profits damages for the infringement of the '915 patent, and is also limited to the reasonable royalty calculated in DX702.2, the jury award would be reduced by $148,374,085 to $142,082,708.  A summary of my calculations to arrive at the reduction is shown in the table below.

| Product | 61.3960645% of Samsung's Profits Sought by Apple in PX25F.4 | Reasonable Royalty as Calculated in DX702.2 | Total Recalculated Damages |
|---|---|---|---|
| Captivate | $10,202,994 | -- | $10,202,994 |
| Continuum | $3,161,495 | -- | $3,161,495 |
| Droid Charge | $33,669,057 | -- | $33,669,057 |
| Epic 4G | $26,698,726 | -- | $26,698,726 |
| Exhibit 4G | -- | -- | -- |
| Galaxy Prevail | -- | -- | -- |
| Galaxy Tab | -- | -- | -- |
| Gem | $2,722,546 | -- | $2,722,546 |
| Indulge | $9,627,692 | -- | $9,627,692 |
| Infuse 4G | $55,971,744 | -- | $55,971,744 |
| Nexus S 4G | -- | -- | -- |
| Replenish | -- | -- | -- |
| Transform | -- | -- | -- |
| **Total** | **$142,054,256** | **$28,452** | **$142,082,708** |

23.  Alternatively, if only the portion of the jury's lost profits award corresponding to the Galaxy Tab is removed, and Apple is also limited to the reasonable royalty calculated in DX702.2, the jury award would be reduced by $41,181,085 to $249,275,708.  A summary of my calculations to arrive at the reduction is shown in the table below.

| Product | Lost Profits Sought by Apple in PX25F.4 Except Galaxy Tab | 61.3960645% of Samsung's Profits Sought by Apple in PX25F.4 | Reasonable Royalty as Calculated in DX702.2 | Total Recalculated Damages |
|---|---|---|---|---|
| Captivate | $8,961,578 | $10,202,994 | -- | $19,164,572 |
| Continuum | $2,777,984 | $3,161,495 | -- | $5,939,479 |
| Droid Charge | $25,696,440 | $33,669,057 | -- | $59,365,497 |
| Epic 4G | $7,152,084 | $26,698,726 | -- | $33,850,810 |
| Exhibit 4G | $0 | -- | -- | $0 |
| Galaxy Prevail | $7,327,589 | -- | -- | $7,327,589 |
| Galaxy Tab | $0 | -- | -- | $0 |
| Gem | $1,406,069 | $2,722,546 | -- | $4,128,615 |
| Indulge | $0 | $9,627,692 | -- | $9,627,692 |
| Infuse 4G | $43,968,916 | $55,971,744 | -- | $99,940,660 |
| Nexus S 4G | $8,172,989 | -- | -- | $8,172,989 |
| Replenish | $0 | -- | -- | $0 |
| Transform | $1,729,350 | -- | -- | $1,729,350 |
| **Total** | **$107,193,000** | **$142,054,256** | **$28,452** | **$249,275,708** |

24. If Apple is limited in its recovery of Samsung's profits to the amounts calculated in DX781.2 and limited to the reasonable royalty calculated in DX702.2, the jury award would be reduced by $123,916,038 to $166,540,755. If the Infuse 4G is not included in the calculation, the jury award would be reduced by $110,883,743 from $190,512,086[5] to $79,629,063.[6] A summary of my calculations to arrive at the reduction is shown in the table below.

---

[5] Calculated as the total award of $290,456,793 less the $99,943,987 awarded for the Infuse 4G.

[6] Calculated as the recalculated damages of $166,540,755 less the $86,911,692 recalculated damages for the Infuse 4G.

| Product | Lost Profits Sought by Apple in PX25F.4 | Samsung's Profits as Calculated in DX781.2[7] | Reasonable Royalty as Calculated in DX702.2 | Total Recalculated Damages |
|---|---|---|---|---|
| Captivate | $8,961,578 | $0 | -- | $8,961,578 |
| Continuum | $2,777,984 | $0 | -- | $2,777,984 |
| Droid Charge | $25,696,440 | $0 | -- | $25,696,440 |
| Epic 4G | $7,152,084 | $6,507,060 | -- | $13,659,144 |
| Exhibit 4G | $0 | -- | -- | $0 |
| Galaxy Prevail | $7,327,589 | -- | -- | $7,327,589 |
| Galaxy Tab | $6,584,344 | -- | -- | $6,584,344 |
| Gem | $1,406,069 | $0 | -- | $1,406,069 |
| Indulge | $0 | $3,285,124 | -- | $3,285,124 |
| Infuse 4G | $43,968,916 | $42,942,776 | -- | $86,911,692 |
| Nexus S 4G | $8,172,989 | -- | -- | $8,172,989 |
| Replenish | $0 | -- | -- | $0 |
| Transform | $1,729,350 | -- | -- | $1,729,350 |
| **Total** | **$113,777,344** | **$52,734,959** | **$28,452** | **$166,540,755** |

25.     If Apple is not entitled to the $113,777,344 of the verdict representing lost profits damages for infringement of the '915 patent, and is also limited in its recovery of Samsung's profits to the amounts calculated in DX781.2, the jury award would be reduced by $202,061,621 to $88,395,172.   A summary of my calculations to arrive at the reduction is shown in the table below.

---

[7]   Excluding losses.

| Product | Samsung's Profits as Calculated in DX781.2[8] | Royalty Sought by Apple in PX25F.5 | Total Recalculated Damages |
|---|---:|---:|---:|
| Captivate | $0 | $2,075,269 | $2,075,269 |
| Continuum | $0 | $578,343 | $578,343 |
| Droid Charge | $0 | $1,671,298 | $1,671,298 |
| Epic 4G | $6,507,060 | $4,179,254 | $10,686,314 |
| Exhibit 4G | -- | $2,044,683 | $2,044,683 |
| Galaxy Prevail | -- | $14,920,600 | $14,920,600 |
| Galaxy Tab | -- | $3,149,250 | $3,149,250 |
| Gem | $0 | $720,882 | $720,882 |
| Indulge | $3,285,124 | $290,148 | $3,575,272 |
| Infuse 4G | $42,942,776 | $4,713 | $42,947,489 |
| Nexus S 4G | -- | $2,506,000 | $2,506,000 |
| Replenish | -- | $3,046,062 | $3,046,062 |
| Transform | -- | $473,711 | $473,711 |
| **Total** | **$52,734,959** | **$35,660,213** | **$88,395,172** |

26.     Alternatively, if only the portion of the jury's lost profits award corresponding to the Galaxy Tab is removed and Apple is instead awarded the reasonable royalty calculated by Ms. Davis in PX25F.5 for that product, and Apple is limited in its recovery of Samsung's profits to the amounts calculated in DX781.2, the jury award would be reduced by $95,714,072 to $194,742,721. If the Infuse 4G is not included in the calculation, the jury award would be reduced by $82,685,104 from $190,512,086[9] to $107,827,702.[10]   A summary of my calculations to arrive at the reduction is shown in the table below.

---

[8]  Excluding losses.
[9]    Calculated as the total award of $290,456,793 less the $99,943,987 awarded for the Infuse 4G.

| Product | Lost Profits Sought by Apple in PX25F.4 Except Galaxy Tab | Samsung's Profits as Calculated in DX781.2[11] | Royalty Sought by Apple in PX25F.4 or .5 (Galaxy Tab) | Total Recalculated Damages |
|---|---|---|---|---|
| Captivate | $8,961,578 | $0 | $1,957,240 | $10,918,818 |
| Continuum | $2,777,984 | $0 | $539,394 | $3,317,378 |
| Droid Charge | $25,696,440 | $0 | $1,340,523 | $27,036,963 |
| Epic 4G | $7,152,084 | $6,507,060 | $4,077,884 | $17,737,028 |
| Exhibit 4G | $0 | -- | $2,044,683 | $2,044,683 |
| Galaxy Prevail | $7,327,589 | -- | $14,815,746 | $22,143,335 |
| Galaxy Tab | $0 | -- | $3,149,250 | $3,149,250 |
| Gem | $1,406,069 | $0 | $702,838 | $2,108,907 |
| Indulge | $0 | $3,285,124 | $290,148 | $3,575,272 |
| Infuse 4G | $43,968,916 | $42,942,776 | $3,327 | $86,915,019 |
| Nexus S 4G | $8,172,989 | -- | $2,386,918 | $10,559,907 |
| Replenish | $0 | -- | $3,046,062 | $3,046,062 |
| Transform | $1,729,350 | -- | $460,749 | $2,190,099 |
| **Total** | **$107,193,000** | **$52,734,959** | **$34,814,762** | **$194,742,721** |

27. If Apple is not entitled to the $113,777,344 of the verdict representing lost profits damages for infringement of the '915 patent, is limited in its recovery of Samsung's profits to the amounts calculated in DX781.2, and limited to the reasonable royalty calculated in DX702.2, the jury award would be reduced by $237,693,382 to $52,763,411. A summary of my calculations to arrive at the reduction is shown in the table below.

---

[10] Calculated as the recalculated damages of $194,742,721 less the $86,915,019 recalculated damages for the Infuse 4G.
[11] Excluding losses.

| Product | Samsung's Profits as Calculated in DX781.2[12] | Reasonable Royalty as Calculated in DX702.2 | Total Recalculated Damages |
|---|---:|---:|---:|
| Captivate | $0 | -- | $0 |
| Continuum | $0 | -- | $0 |
| Droid Charge | $0 | -- | $0 |
| Epic 4G | $6,507,060 | -- | $6,507,060 |
| Exhibit 4G | -- | -- | -- |
| Galaxy Prevail | -- | -- | -- |
| Galaxy Tab | -- | -- | -- |
| Gem | $0 | -- | $0 |
| Indulge | $3,285,124 | -- | $3,285,124 |
| Infuse 4G | $42,942,776 | -- | $42,942,776 |
| Nexus S 4G | -- | -- | -- |
| Replenish | -- | -- | -- |
| Transform | -- | -- | -- |
| **Total** | **$52,734,959** | **$28,452** | **$52,763,411** |

28.     Alternatively, if only the portion of the jury's lost profits award corresponding to the Galaxy Tab is removed, and Apple is limited in its recovery of Samsung's profits to the amounts calculated in DX781.2 and to the reasonable royalty calculated in DX702.2, the jury award would be reduced by $130,500,382 to $159,956,411.  If the Infuse 4G is not included in the calculation, the jury award would be reduced by $117,468,087 from $190,512,086[13] to

---

[12]  Excluding losses.
[13]  Calculated as the total award of $290,456,793 less the $99,943,987 awarded for the Infuse 4G.

$73,044,719.[14]   A summary of my calculations to arrive at the reduction is shown in the table below.

| Product | Lost Profits Sought by Apple in PX25F.4 Except Galaxy Tab | Samsung's Profits as Calculated in DX781.2[15] | Reasonable Royalty as Calculated in DX702.2 | Total Recalculated Damages |
|---|---|---|---|---|
| Captivate | $8,961,578 | $0 | -- | $8,961,578 |
| Continuum | $2,777,984 | $0 | -- | $2,777,984 |
| Droid Charge | $25,696,440 | $0 | -- | $25,696,440 |
| Epic 4G | $7,152,084 | $6,507,060 | -- | $13,659,144 |
| Exhibit 4G | $0 | -- | -- | $0 |
| Galaxy Prevail | $7,327,589 | -- | -- | $7,327,589 |
| Galaxy Tab | $0 | -- | -- | $0 |
| Gem | $1,406,069 | $0 | -- | $1,406,069 |
| Indulge | $0 | $3,285,124 | -- | $3,285,124 |
| Infuse 4G | $43,968,916 | $42,942,776 | -- | $86,911,692 |
| Nexus S 4G | $8,172,989 | -- | -- | $8,172,989 |
| Replenish | $0 | -- | -- | $0 |
| Transform | $1,729,350 | -- | -- | $1,729,350 |
| **Total** | **$107,193,000** | **$52,734,959** | **$28,452** | **$159,956,411** |

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.   Executed in Santa Clara County, California on December 13, 2013.

By: _____
     Michael J. Wagner

---

[14]   Calculated as the recalculated damages of $159,956,411 less the $86,911,692 recalculated damages for the Infuse 4G.
[15]   Excluding losses.