# EXHIBIT 1

the Federal Circuit's decision when the mandate issues. Apple is prepared to submit its brief in support of its renewed request for a permanent injunction at the Court's earliest convenience.[1]

## II. APPLE IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON SAMSUNG'S PROFITS.

Although the jury awarded Apple all its requested lost profits and reasonable royalty damages at the retrial, the jury did not award Apple the full amount of Samsung's profits for Samsung's infringement of the D'305 and D'677 patents.[2] The only reasonable conclusion that the jury could have reached, however, was that Apple is entitled to the full amount of Samsung's profits. The Court should accordingly grant judgment as a matter of law ("JMOL") to Apple on that issue. *See Ostad v. Oregon Health Scis. Univ.*, 327 F.3d 876, 881 (9th Cir. 2003) (Under Federal Rule of Civil Procedure 50(b), "[j]udgment as a matter of law is proper when the evidence permits only one reasonable conclusion and the conclusion is contrary to that reached by the jury."); *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008) (same).

As the Court correctly instructed the jury, Apple is entitled to "all profit earned by Samsung on sales of articles that infringe Apple's design patents" unless Samsung met its burden of proving "deductible expenses . . . directly attributable to the sale or manufacture of the infringing product resulting in a nexus between the infringing products and the expense." (Dkt. 2784 at 43 (instructing that "[p]rofit is determined by deducting certain expenses from gross revenue").) There was no dispute at trial that Samsung had gross revenue of $854 million from

---

[1] Apple's pending motion for attorneys' fees as well as the ongoing sanctions proceedings will not impede appellate review of a final judgment resolving the liability and damages issues in this case. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-203 (1988) ("[A] decision on the merits is a 'final decision' … whether or not there remains for adjudication a request for attorney's fees attributable to the case."); *Orenshteyn v. Citrix Sys., Inc.*, 691 F.3d 1356, 1358 (Fed. Cir. 2012) (final judgment on the merits appealable where "district court's decision granting sanctions [wa]s a separate order which [wa]s not final and appealable until the district court has decided the amount of sanctions").

[2] The damages awarded for the six products for which Apple sought only Apple's lost profits and a reasonable royalty were identical to the damages calculated by Ms. Davis. (*Compare* PX25F.4, *with* Dkt. 2822.) However, the damages awarded for the seven products for which Apple sought Samsung's profits were in every instance *less than* the damages calculated by Ms. Davis. (*Compare* PX25F.4, *with* Dkt. 2822.) For those seven products, the jury did not award the full amount of Samsung's profits.