1  RANDALL L. ALLEN (Ca. Bar No. 264067)
   randall.allen@alston.com
2  RYAN W. KOPPELMAN (Ca. Bar No. 290704)
   ryan.koppelman@alston.com
3  ALSTON & BIRD LLP
   275 Middlefield Road, Suite 150
4  Menlo Park, CA 94025
   Telephone:   650-838-2000
5  Facsimile:   650-838-2001

6  PATRICK J. FLINN (Ca. Bar No. 104423)
   patrick.flinn@alston.com
7  B. PARKER MILLER (*pro hac vice*)
   parker.miller@alston.com
8  ALSTON & BIRD LLP
   1201 West Peachtree Street
9  Atlanta, GA 30309
   Telephone:   404-881-7000
10 Facsimile:   404-881-7777

11 Attorneys for NOKIA CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No.: Case No.: 5:11-CV-01846-LHK (PSG) <br><br> **DECLARATION OF RYAN W. KOPPELMAN IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL [DOCKET NO. 2871]** |

I, Ryan W. Koppelman, declare as follows:

1. I am an attorney with the law firm of Alston & Bird LLP, counsel for Nokia Corporation in the above-captioned action currently pending in the U.S. District Court for the Northern District of California. I am a member in good standing of the State Bar of California and am admitted to practice before this Court. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify thereto.

2. Pursuant to Civil Rule 79-5(e), I am filing this declaration in support of sealing Docket Numbers 2871-3 and 2871-7 on behalf of Nokia.

3. On December 13, 2013, Samsung filed an Administrative Motion to File Documents Under Seal (Dkt. No. 2871). In its Motion, Samsung noted that redacted portions of Samsung's Supplemental Response (Dkt. No. 2871-3) and Exhibit 1 to the Becher Declaration in Support of Samsung's Supplemental Response (Dkt. No. 2871-7) contain information that Nokia considers confidential.

4. Redacted portions of Samsung's Supplemental Response (Dkt. No. 2871-3 at 6:6-8) and Exhibit 1 to the Becher Declaration (Dkt. No. 2871-7) contain detailed information about Nokia's licensing negotiations with Samsung. Nokia considers details about its licensing negotiations, particularly proposed offers, positions, and terms, highly confidential because Nokia's license information is not disclosed publicly or to any third party except under strict confidentiality agreements (Dkt. No. 2254 at ¶ 4). Further, Nokia's licensing negotiations with Samsung are governed by non-disclosure agreements. Public disclosure of this information might put Nokia at a competitive disadvantage in future negotiations (Dkt. No. 2254 at ¶ 4, 9, 10). The Court has previously found that details about licensing negotiations are sealable (*See* Dkt. No. 2538 at 4).

5. Following the December 9, 2013 hearing, the Court limited access to the transcript to case attorneys until further order by the Court (Dkt. No. 2862) due to the improper mention of non-public information. Redacted portions of Samsung's Supplemental Response (Dkt. No. 2871-3 at 10:13-16) and Exhibit 1 to the Becher Declaration (Dkt. No. 2871-7) contain citations to and excerpts from this transcript. Nokia maintains confidentiality over these citations and excerpts in order to preserve its claims of confidentiality of the remaining portions of the transcript. A denial of Samsung's Motion with

respect to these excerpts should not be construed to waive confidentiality of any other portion of the transcript.

6. Redacted portions of Samsung's Supplemental Response (Dkt. No. 2871-3 at 6:6-8) cite to deposition testimony that has been properly marked in its entirety as "HIGHLY CONFIDENTIAL/ATTONERY'S EYES ONLY." This testimony contains detailed information about proposed and existing terms of Nokia's license agreements and detailed information about Nokia's licensing negotiations. Nokia does not waive confidentiality of any portion of this testimony, and a denial of Samsung's Motion with respect to this citation should not be construed to waive confidentiality of any other portion of the testimony.

7. For the foregoing reasons, Nokia requests that Samsung's Administrative Motion be granted with respect to the above cited documents.

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.**

Executed this 17th day of December, 2013, in Menlo Park, California.

*/s/ Ryan W. Koppelman*

Ryan W. Koppelman
ryan.koppelman@alston.com
(Ca. Bar No. 290704)
**ALSTON & BIRD LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:    650-838-2000
Facsimile:    650-838-2001

*Attorneys for NOKIA CORPORATION*

DECLARATION OF RYAN W. KOPPELMAN IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL        3        CASE NO.: 5:11-CV-01846-LHK (PSG)