| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| ERIK J. OLSON (CA SBN 175815) | Telephone: (617) 526-6000 |
| ejolson@mofo.com | Facsimile: (617) 526-5000 |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | |
| San Francisco, California 94105-2482 | MARK D. SELWYN (SBN 244180) |
| Telephone: (415) 268-7000 | mark.selwyn@wilmerhale.com |
| Facsimile: (415) 268-7522 | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| Attorneys for Plaintiff and | Telephone: (650) 858-6000 |
| Counterclaim-Defendant APPLE INC. | Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | |
| Plaintiff, | Case No. 11-cv-01846-LHK (PSG) |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **DECLARATION OF MARK D. SELWYN REGARDING NOKIA CORPORATION'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS SUPPLEMENTAL BRIEF IN SUPPORT OF SANCTIONS AGAINST SAMSUNG AND QUINN EMANUEL** |
| Defendants. | |

I, Mark D. Selwyn, hereby declare as follows:

1. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-referenced litigation. I am licensed to practice law in the State of California, the Commonwealth of Massachusetts, and the State of New York, and am admitted to practice before the U.S. District Court for the Northern District of California. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts under oath.

2. Portions of pages 4-6 of Nokia's Supplemental Brief in Support of Sanctions Against Samsung and Quinn Emanuel ("Nokia's Supplemental Brief") contain or discuss the confidential terms of an Apple license agreement, including payment terms. Although some of these portions contain or discuss estimates of the payment terms from published sources, in the context in which they appear in Nokia's Supplemental Brief, inferences might be drawn regarding the actual payment terms. The Court has previously allowed Apple to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements because such information falls within the definition of "trade secrets." *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (Aug. 9, 2012 N.D. Cal.) (Dkt. No. 1649 at 10-11) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)). As the Court previously noted, disclosure of such information "could result in significant competitive harm to the licensing parties as it would provide insight into the structure of their licensing deals, forcing them into an uneven bargaining position in future negotiations." *Id.* at 16. Further, since Nokia's Supplemental Brief pertains to a non-dispositive motion, the lesser "good cause" standard applies. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 2012-1600 at 11-12 (Fed. Cir. Aug. 23, 2013) ("the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action") (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks omitted)).

3. For similar reasons as stated above with regard to Nokia's Supplemental Brief, the Declaration of Ryan W. Koppelman in Support of Nokia's Supplemental Brief in Support of

Sanctions Against Samsung and Quinn Emanuel ("Koppelman Declaration"), Exhibit 1 to the Koppelman Declaration , and the Declaration of Ryan W. Koppelman in Support of Nokia Corporation's Motion to File Under Seal Its Supplemental Brief in Support of Sanctions Against Samsung and Quinn Emanuel ("Koppelman Sealing Declaration") should also be sealed.

4. The relief requested by Apple is necessary and narrowly tailored to protect its confidential business information.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of December, 2013.

/s/ Mark D. Selwyn
Mark D. Selwyn

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on December 17, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

  /s/ Mark D. Selwyn
  Mark D. Selwyn