1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

15                    UNITED STATES DISTRICT COURT

16           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

17

18 | | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK (PSG) |
| Plaintiff, | **SAMSUNG'S MOTION FOR LEAVE TO TAKE DISCOVERY** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Judge: Hon. Lucy H. Koh<br>Place: Courtroom 8, 4th Floor<br><br>**<u>PUBLIC REDACTED VERSION</u>** |
| Defendants. | |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, pursuant to Local Rule 37-3 and Fed. R. Civ. P. 16(b)(4), Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby move, pursuant to the Federal Circuit's remand instructions in its November 18, 2013 opinion, for leave to take certain limited discovery related to Apple's willingness to license its utility patents to Samsung from October 19, 2012 to the present, which is relevant to Apple's renewed motion for permanent injunction. In particular, Samsung requests a Rule 30(b)(6) deposition on topics related to Apple's willingness to license its utility patents from the date of Samsung's opposition to Apple's original motion for permanent injunction to the present. If the Court grants the present motion for leave to take discovery, Samsung requests leave to file its opposition to Apple's renewed motion for permanent injunction two weeks after this discovery is complete. This discovery is necessary to comply with the remand instructions of the Federal Circuit's mandate and to prepare for the evidentiary hearing that must be held on Apple's renewed motion for a permanent injunction.

**RELIEF REQUESTED**

Apple filed its renewed motion for permanent injunction on December 26, 2013, the day after Christmas, seeking to enjoin the sale of twenty-three different Samsung products as well as those "no more than colorably different." Dkt. 2897-1. Apple's motion is premised on the remand instructions of the Federal Circuit's November 18, 2013 opinion, which, among other things, "vacate[d] the district court's findings with respect to this [inadequacy of legal remedies] factor and remand[ed] for further consideration" of Apple's "request for a permanent injunction against Samsung's infringement of its three utility patents." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 735 F.3d 1352, 1371 & 1373 (Fed. Cir. 2013). Because the Court's remand instructions as to this issue require consideration of "Apple's past licensing practices" and "any relevant differences from the current situation," *id.* at 1370, including resolution of factual disputes regarding the scope of Apple's past licensing offers to Samsung, *id.* at 1370 n.7, discovery related to Apple's willingness to license its utility patents to Samsung from October 19, 2012 to the

1  present is necessary.  Samsung respectfully requests that it be granted leave to take limited
2  discovery, detailed in the exhibits to the accompanying Kevin Smith Declaration, so as to provide
3  a complete record as to the facts at issue.

4  **SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)**

5  Samsung hereby certifies that it has in good faith conferred with Apple in an effort to
6  obtain the discovery described immediately above without Court action.  Samsung's efforts to
7  resolve this discovery dispute without court intervention are described in the  Declaration of Kevin
8  Smith, submitted herewith.

10  DATED: December 31, 2013         QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP

13                                   By  */s/ Michael T. Zeller*
                                         Charles K. Verhoeven
14                                       Kevin P.B. Johnson
                                         Victoria F. Maroulis
15                                       William Price
                                         Michael T. Zeller

17                                       Attorneys for SAMSUNG ELECTRONICS CO.,
                                         LTD., SAMSUNG ELECTRONICS AMERICA,
18                                       INC. and SAMSUNG
                                         TELECOMMUNICATIONS AMERICA, LLC

**PRELIMINARY STATEMENT**

Samsung respectfully requests that the Court grant leave to take a Rule 30(b)(6) deposition of Apple regarding its willingness to license the three utility patents at issue to Samsung from the date of Samsung's opposition to Apple's original motion for permanent injunction (October 19, 2012) to the present. Samsung also requests leave to file its opposition to Apple's renewed motion for permanent injunction two weeks after this discovery is complete.

The Federal Circuit affirmed this Court's denial of Apple's motion for a permanent injunction on its trade dress dilution and design patent infringement claims. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 735 F.3d 1352 (Fed. Cir. 2013). With respect to this Court's denial of Apple's motion to enjoin infringement of its utility patents, the Federal Circuit affirmed the findings on balance of hardships and public interest. The court vacated and remanded for reconsideration, however, the issues of causal nexus and the adequacy of legal remedies.

As to those two equitable factors, the Federal Circuit's remand was narrow. "With respect to Apple's utility patents," the Federal Circuit "vacate[d] that portion of the district court's irreparable harm findings and remand[ed] for further proceedings," in which this Court "must assess whether Apple's other evidence, including its ease-of-use evidence and evidence of copying, in combination with Dr. Hauser's survey evidence, suffices to establish irreparable injury." *Id.* at 1368. Regarding the inadequacy of legal remedies factor, the Federal Circuit "vacate[d] the district court's finding with respect to this factor and remand[ed] for further consideration, including "evidence of Apple's past licensing behavior" and "any relevant differences *from the current situation*." *Id.* at 1371 (emphasis added). The Federal Circuit therefore remanded so that this Court could weigh the evidence and resolve this factual dispute in the first instance. *Id.*

Under Ninth Circuit precedent, which controls here as to procedural matters, an evidentiary hearing is required before issuing a permanent injunction where there are unresolved factual disputes. In this case, the scope of Apple's past licensing offers of the three utility patents is hotly contested, as the Federal Circuit itself recognized. *Id*. at 1370 n.7. Limited discovery is necessary to prepare for the required evidentiary hearing on the remanded issues relevant to Apple's renewed

1  motion for permanent injunction as to its three utility patents.  Since the time that this Court issued
2  its original ruling, the parties have engaged in further licensing discussions.  During those
3  discussions, ███████████████████████████████████████████████████████████████
4  ███████████████████████████████████████████████████████. (Smith Dec.) ████████
5  ██████████████████████ is therefore both new and highly relevant to the factual disputes that the
6  Federal Circuit instructed the Court to resolve on remand.

## ARGUMENT

8      Limited discovery in light of the Federal Circuit's remand is appropriate for several
9  independent reasons.  First, limited discovery is appropriate so that Samsung can prepare for the
10 evidentiary hearing that the Federal Circuit's remand requires.  The law is clear that the Court
11 should hold a hearing to resolve those disputes before a permanent injunction may issue.  *Charlton*
12 *v. Estate of Charlton*, 841 F.2d 988, 989 (9th Cir. 1988); *see also Geertson Seed Farms v.*
13 *Johanns*, 570 F.3d 1130, 1139 (9th Cir. 2009), *rev'd and remanded on other grounds sub nom.*
14 *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139 (2010).  Other than a temporary restraining
15 order, no injunctive relief may be entered without a hearing, Fed. R. Civ. P. 65, and "a hearing on
16 the merits—*i.e.,* a trial on liability—does not substitute for a relief-specific evidentiary hearing
17 unless the matter of relief was part of the trial on liability, or unless there are no disputed factual
18 issues regarding the matter of relief."  *United States v. Microsoft Corp.*, 253 F.3d 34, 101 (D.C.
19 Cir. 2001).  The Federal Circuit's opinion specifically identifies factual disputes related to Apple's
20 licensing practices that this Court must resolve.  Discovery is necessary for Samsung to adequately
21 prepare for the necessary evidentiary hearing and to avoid unnecessary surprise.

22     Second, limited discovery and reopening of the record is necessary to comply with the
23 Federal Circuit's mandate.  The Court is to consider evidence of Apple's "past licensing behavior"
24 and "any relevant differences from the ***current*** situation," *Apple*, 735 F.3d at 1370 (emphasis
25 added).  The parties engaged in further licensing discussions since the Court issued its ruling on
26 Apple's previous motion for a permanent injunction.  During those negotiations, ███████████
27 ███████████████████████████████████████████████ (Smith Dec.) ██████████ are
28 highly relevant to the issues that the Federal Circuit instructed this Court to address on remand,

1  requiring reopening the record and limited additional discovery.  Without limited discovery and
2  reopening the record, this Court cannot evaluate all of Apple's past licensing behavior or the
3  "current situation" as the Federal Circuit has instructed.
4     Third, limited discovery and a reopening of the record is appropriate because there is new,
5  previously unavailable licensing evidence.  The Federal Circuit has held that a district court should
6  consider such factors as "the probative value of the evidence proffered, the proponent's
7  explanation for failing to offer such evidence earlier, and the likelihood of undue prejudice to the
8  proponent's adversary" when ruling on a motion to reopen the record following remand.
9  *Confederated Tribes of Warm Springs Reservation of Oregon v. United States*, 101 F. App'x 818,
10  822-23 (Fed. Cir. 2004).  Each of these factors favor reopening the record and allowing limited
11  discovery.  The Federal Circuit's opinion explains that, on remand, a key issue will be whether
12  Apple had offered to license its utility patents to Samsung and whether such offers demonstrated
13  that legal remedies would be adequate.  *Apple*, 735 F.3d at 1370 n.7.[1]  There is now new and
14  previously unavailable evidence relevant to this critical issue.  Samsung could not have offered
15  this evidence earlier because it did not yet exist, and Apple will not be prejudiced by this minimal
16  delay because it is undisputed that Samsung no longer sells the accused products.[2]  Limited

---

[1]  The Federal Circuit also remanded for reevaluation of Dr. Hauser's survey evidence.  *Apple*, 735 F.3d at 1369.  However, Samsung believes that additional discovery is not necessary to identify the flaws in Dr. Hauser's previously submitted testimony.  Samsung, however, reserves the right to seek such discovery if necessary and appropriate in light of Apple's reply in support of its motion for injunctive relief.

[2]  *See also Aria Diagnostics, Inc. v. Sequenom, Inc.,* 726 F.3d 1296, 1305 (Fed. Cir. 2013) (remanding and instructing district court to consider "any other evidence pertaining to the public interest anew" including newly judicially noticed facts); *N.A.A.C.P. v. North Hudson Regional Fire & Rescue*, 707 F. Supp. 2d 520, 532 (D.N.J. 2010) (considering new evidence and all relevant factors on remand after appeal from previously granted preliminary injunction); *MercExchange, L.L.C. v. eBay, Inc.*, 467 F. Supp. 2d 608, 611 (E.D. Va. 2006) (ruling, on remand from the Supreme Court's decision holding that injunctive relief does not follow automatically from a finding of patent infringement, that **court must "consider the facts as they exist at the time of remand** and not as they existed several years in the past") (emphasis added).

1  additional discovery is therefore appropriate to comply with the mandate and develop a complete
2  record.[3]

### CONCLUSION

For the foregoing reasons, Samsung respectfully requests that Samsung's motion for leave to take discovery be granted.

DATED:  December 31, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Michael T. Zeller*
   Charles K. Verhoeven
   Kevin P.B. Johnson
   Victoria F. Maroulis
   William C. Price
   Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

---

[3] The Federal Circuit's opinion as well as this Court's prior ruling establishes that ▓▓▓▓▓ are not inadmissible under Federal Rule of Evidence 408. (*See* Dkt. 449 (holding that settlement offers were admissible over a Rule 408 objection with respect to a motion for injunctive relief).)