QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF KEVIN A. SMITH IN SUPPORT OF (1) SAMSUNG'S MOTION PURSUANT TO CIVIL L.R. 6-3 FOR EXTENSION OF TIME TO FILE AN OPPOSITION TO APPLE'S RENEWED MOTION FOR A PERMANENT INJUNCTION (DKT. 2897); AND (2) SAMSUNG'S MOTION FOR LEAVE TO TAKE DISCOVERY**<br><br>Judge: Hon. Lucy H. Koh<br>Place: Courtroom 8, 4th Floor<br><br>**PUBLIC REDACTED VERSION** |

I, Kevin A. Smith, declare as follows:

1. I am a member of the Bar of the State of California and a partner at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"). I make this declaration of personal knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Apple filed its Renewed Motion for a Permanent Injunction on December 26, 2013, the day after Christmas. (Dkt. 2897.) Apple's renewed motion seeks to enjoin the sale of twenty-three different products as well as those "no more than colorably different."

3. A large number of attorneys and witnesses with knowledge relevant to Apple's motion are currently and will be on vacation through the New Year's Day holiday and beyond. In the absence of an extension of time, Samsung's ability to fully and adequately prepare its opposition to Apple's motion will be hindered and attorney and witness vacations will likely be disrupted.

4. This is the first request to extend deadlines related to Apple's Renewed Motion for a Permanent Injunction.

5. On December 20, 2013, Apple emailed the Court to inquire whether it could notice its renewed motion for a permanent injunction for January 30, 2014. The Court has not responded to Apple's email. Apple nevertheless noticed the motion for January 30, 2014. Samsung's requested extension will require hearing Apple's motion after January 30, 2014, but will affect no other currently scheduled date or deadline.

6. On the evening of December 30, 2013, I emailed counsel for Apple to inquire whether Apple would stipulate to this two-week extension of time. Apple responded that it would not agree to an extension of time.

7. In the same email, I requested that Apple agree to permit Samsung to take discovery in connection with the Renewed Motion for Permanent Injunction and allow Samsung to file its opposition two weeks after this discovery is complete. I further stated that if Apple was

1  not willing to agree to this discovery, Samsung requested Apple's consent to an expedited briefing
2  schedule on Samsung's Motion for Leave to Take Discovery.
3        8.      On December 31, 2013, Apple responded that "Apple does not agree to discovery
4  or an extension of the briefing schedule on its Renewed Motion for Permanent Injunction, which
5  is noticed for hearing on January 30, 2014," but that "Apple agrees to Samsung's proposed
6  expedited briefing schedule on Samsung's motion for leave to take discovery."  Later that day,
7  however, Apple stated that it could not review a draft stipulation to expedite the briefing schedule
8  because it was New Year's Eve and its attorneys were traveling.  A true and correct copy of this
9  email exchange between myself and Nathan Sabri, counsel for Apple, is attached as Exhibit 1.
10       9.      A true and correct copy of the Rule 30(b)(6) deposition notice that Samsung seeks
11 leave to serve on Apple, pursuant to Samsung's Motion for Leave to Take Discovery, is attached
12 as Exhibit 2.
13       10.     Since the time that Samsung filed its opposition to Apple's original motion for
14 permanent injunction on October 19, 2012, Apple and Samsung have engaged in further licensing
15 discussions.  During those discussions, [REDACTED]
16 [REDACTED]
17 [REDACTED].
18
19       I declare under penalty of perjury under the laws of the United States of America that the
20 foregoing is true and correct.
21
22       Executed December 31, 2013, at San Francisco, California.
23
24
25       By:  /s/  *Kevin A. Smith*
26
27
28

1 **ATTESTATION**

2     I, Victoria F. Maroulis, am the ECF User whose ID and password are being used to file

3 this Declaration.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Kevin A.

4 Smith has concurred in this filing.

7                                                 By:   /s/  Victoria F. Maroulis