# EXHIBIT 2

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S DEPOSITION NOTICE TO APPLE REGARDING APPLE'S RENEWED MOTION FOR PERMANENT INJUNCTION** |

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30,

3  Defendants and Counterclaimants Samsung Electronics Co., Ltd., Samsung Electronics America,

4  Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") will take the

5  deposition upon oral examination of Apple Inc. ("Apple") pursuant to 30(b)(6) of the Federal

6  Rules of Civil Procedure.  The deposition will commence on a mutually agreeable date at the

7  offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555 Twin Dolphin Drive, Redwood Shores,

8  California, 94065 and will continue day-to-day until completed.  The deposition will be taken by a

9  notary public or other authorized officer and will be videotaped and recorded stenographically.

10 Pursuant to Rule 30(b)(6), Apple shall designate one or more officers, directors, managing agents

11 or other persons who consent to testify on its behalf concerning each of the topics set forth in

12 Exhibit A hereto.

13

14 DATED:  December 31, 2013      QUINN EMANUEL URQUHART &
15     SULLIVAN, LLP

16     By /s/ *Michael T. Zeller*
      Charles K. Verhoeven
17       Kevin P.B. Johnson
      Victoria F. Maroulis
18       William C. Price
      Michael T. Zeller
19

20     Attorneys for SAMSUNG ELECTRONICS CO.,
    LTD., SAMSUNG ELECTRONICS AMERICA,
21     INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC

22

23

24

25

26

27

28

02198.51981/5687977.1

-2-     Case No. 11-cv-01846-LHK
SAMSUNG'S DEPOSITION NOTICE TO APPLE REGARDING
APPLE'S RENEWED MOTION FOR PERMANENT INJUNCTION

# EXHIBIT A

## DEFINITIONS

The Topics for deposition, as well as the Instructions provided below, are subject to and incorporate the following definitions:

1. The terms "APPLE," "PLAINTIFF," "YOU," and "YOUR" shall refer to Apple, Inc., any predecessor or successor of Apple, Inc., and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, or other representative of Apple, Inc., including counsel and patent agents, in any country.

2. The term "DEFENDANTS" and "SAMSUNG" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.

3. The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to electronic communications and electronic mail.

4. The terms "DOCUMENT" and "DOCUMENTS" shall have the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.  The term shall include within its meaning, by way of example and not limitation, any and all accounts, analyses, books, CDs, calendars, commercial paper, communications, correspondence, DVDs, e-mail, films, financial statements, floppy disks, hard disks, inter-office memoranda, invoices, ledgers, letters, licenses, logs, memoranda, microfilms, minutes, notes, notes of conversations, notes of meetings, notes of telephone calls, office communications, photographs, printouts, recordings of conversations (whether written or electronic), reports, schedules, storage tape, task lists, telegrams, telephone bills, videotapes or other video recordings, and any differing versions of the foregoing whether denominated formal, informal or otherwise, as well as copies of the foregoing which differ from the original in any way, including handwritten notations or other

02198.51981/5687977.1

-3-                                     Case No. 11-cv-01846-LHK
SAMSUNG'S DEPOSITION NOTICE TO APPLE REGARDING
APPLE'S RENEWED MOTION FOR PERMANENT INJUNCTION

1  written or printed matter.  The foregoing specifically includes information stored electronically,
2  whether in a computer database or otherwise, regardless of whether such documents are presently
3  in documentary form or not.  A draft or non-identical copy of a Document is a separate Document
4  within the meaning of this term.

5      5.   The term "person" or "persons" refers to any individual, corporation,
6  proprietorship, association, joint venture, company, partnership or other business or legal entity,
7  including governmental bodies and agencies.  The masculine includes the feminine and vice versa;
8  the singular includes the plural and vice versa.

9      6.   The terms "any," "all," "every," and "each" shall each mean and include the other
10  as necessary to bring within the scope of these requests for production all responses that might
11  otherwise be construed to be outside of their scope.

12      7.   The terms "and," "or," and "and/or" shall be construed either disjunctively or
13  conjunctively as necessary to bring within the scope of these requests for production all responses
14  that might otherwise be construed to be outside of its scope.

15      8.   The term "thing" refers to any physical specimen or tangible item in Your
16  possession, custody or control, including research and development samples, prototypes,
17  productions samples and the like.

18      9.   The terms "referring to," "relating to," "concerning" or "regarding" shall mean
19  containing, describing, discussing, embodying, commenting upon, identifying, incorporating,
20  summarizing, constituting, comprising or are otherwise pertinent to the matter or any aspect
21  thereof.

22      10.  The use of the singular form of any word includes the plural and vice versa, as
23  necessary to bring within the scope of these requests for production all responses that might
24  otherwise be construed to be outside of its scope.

25      11.  The use of a verb in any tense shall be construed as the use of the verb in all other
26  tenses.

27
28

# TOPICS

1. YOUR settlement discussions with SAMSUNG from October 19, 2012 to the present.
2. Any discussions between YOU and SAMSUNG from October 19, 2012 to the present regarding licensing or potentially licensing the 7,469,381 patent, the 7,844,915 patent and/or the 7,864,163 patent to SAMSUNG.
3. YOUR willingness to grant Samsung a license to the 7,469,381 patent, the 7,844,915 patent and/or the 7,864,163 patent during the period from October 19, 2012 to the present.
4. Any discussions between YOU and any third parties from October 19, 2012 to the present regarding licensing or potentially licensing the 7,469,381 patent, the 7,844,915 patent and/or the 7,864,163 patent.

02198.51981/5687977.1

-5-   Case No. 11-cv-01846-LHK
SAMSUNG'S DEPOSITION NOTICE TO APPLE REGARDING APPLE'S RENEWED MOTION FOR PERMANENT INJUNCTION