| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| ERIK J. OLSON (CA SBN 175815) | Telephone: (617) 526-6000 |
| ejolson@mofo.com | Facsimile: (617) 526-5000 |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | MARK D. SELWYN (SBN 244180) |
| San Francisco, California  94105-2482 | mark.selwyn@wilmerhale.com |
| Telephone:  (415) 268-7000 | WILMER CUTLER PICKERING |
| Facsimile:  (415) 268-7522 | HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| Attorneys for Plaintiff and | Telephone: (650) 858-6000 |
| Counterclaim-Defendant APPLE INC. | Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR EXTENSION OF TIME TO FILE AN OPPOSITION TO APPLE'S RENEWED MOTION FOR A PERMANENT INJUNCTION** |

1    The content and timing of Apple's renewed motion for a permanent injunction are no
2 surprise to Samsung.  The renewed motion requests the same relief as Apple's 2012 motion, and
3 Samsung knew weeks ago that Apple planned to file the renewed motion as soon as the Federal
4 Circuit's mandate issued.  Samsung's request for more time to oppose the motion is yet another
5 delay tactic.

6    Apple's renewed motion is only ten pages and relies entirely on the existing record, with
7 no new declarations or exhibits.  It addresses the same infringing products as Apple's 2012
8 injunction request.  The scope of the requested injunction is narrower than that in Apple's 2012
9 motion, as it covers only the '381, '163, and '915 patents.  (*Compare* Dkt. No. 1987 at 2, *with*
10 Dkt. No. 2897-1 at 1.)  Contrary to the suggestion in Samsung's motion, the Court ruled on the
11 first permanent injunction motion on the existing record, without an evidentiary hearing.

12    The Federal Circuit's opinion issued over six weeks ago, on November 18, 2013.  The
13 next day, the Court expressly mentioned the injunction as an item it would need to address once
14 the mandate issued.  (Dkt. No. 2844 at 1420:11-16.)  The timing of the mandate is set by Federal
15 Rules.  (*See* Fed. Cir. R. 40(e) (30 days to petition for rehearing); Fed. R. App. P. 41(b) (mandate
16 issues 7 days after time for filing petition for rehearing expires).)  In a December 13 filing, Apple
17 advised that it would renew its request for a permanent injunction "upon issuance of the Federal
18 Circuit's mandate" and that, due to the fully-developed record, "only minimal additional briefing
19 will be required."  (Dkt. No. 2876 at 8-9.)  On December 20, Apple e-mailed the Court, copying
20 Samsung and stating that Apple would file its renewed motion for a permanent injunction as soon
21 as the mandate issued, which it expected to be on December 26, and requested a January 30
22 hearing date (the standard 35-day period permitted by Local Rule 7-2(a)).  The mandate issued on
23 December 26, and as promised, Apple filed its renewed motion the same day.

24    The standard 14-day response period is sufficient for Samsung to respond to a 10-page
25 renewed motion, relying only on previously-filed declarations, exhibits, and testimony, that
26 Samsung has known was coming for at least several weeks.[1]  As the Court recognized when

---

28  [1] Apple notes that Samsung, in arguing that the holiday season justifies an extension, attempts to support its motion by suggesting that Apple told Samsung it could not consider a

APPLE'S OPP. TO SAMSUNG'S MOT. FOR EXTENSION OF TIME
Case No. 11-CV-01846-LHK (PSG)
sf-3369022

1

denying Samsung's motion for a stay pending reexamination, further delay in the proceedings only prejudices Apple, which sixteen months after a jury found that Samsung infringed Apple's patents still has no remedy. (Dkt. No. 2831 at 9.)

In addition, adhering to the timeline prescribed by the local rules will conserve judicial resources. Under the current schedule, Samsung's opposition is due on January 9 and Apple's reply is due on January 16. That schedule will allow the Court to hear Apple's renewed request for a permanent injunction along with the parties' other post-trial motions at the hearing already scheduled for January 30, rather than requiring a separate hearing on Apple's motion.

Apple respectfully requests that the Court deny Samsung's motion for an extension of time.

Dated: January 3, 2014                   MORRISON & FOERSTER LLP

                                         By:  */s/ Harold J. McElhinny*
                                              HAROLD J. MCELHINNY

                                              Attorneys for Plaintiff
                                              APPLE INC.

---

stipulation to shorten the briefing schedule on Samsung's discovery motion because of the holiday season and travel plans of the Apple team. Samsung neglects to mention that the reason Apple could not work out the language of the proposed stipulation was because Samsung demanded a response within three hours, and also that Apple in fact *agreed* not to oppose Samsung's motion, so no stipulation was needed in any event.