HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Plaintiff APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

Case No. 11-cv-01846-LHK (PSG)

**APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR LEAVE TO TAKE DISCOVERY**

**PUBLIC REDACTED VERSION**

Judge: Hon. Lucy H. Koh
Place: Courtroom 8, 4th Floor

## I. INTRODUCTION

Samsung provides no valid justification for waiting until now to request further discovery, and Apple would be highly prejudiced by the additional delay that would result from the discovery Samsung seeks. Even if Samsung's motion for discovery were timely, the Court should deny it. [REDACTED] have no probative value to Apple's injunction request or the adequacy of money damages, given the unique litigation pressures underlying those negotiations. In addition, [REDACTED] some or all of those discussions would be inadmissible under Federal Rule of Evidence 408 and Northern District of California ADR Local Rule 6-12(a). Moreover, [REDACTED] And other than the HTC agreement—for which Samsung has already obtained discovery—Apple has not licensed its asserted utility patents to any third party since October 19, 2012. The Court therefore should deny Samsung's motion.

## II. THE COURT SHOULD DENY SAMSUNG'S MOTION FOR DISCOVERY.

### A. Samsung's Motion Is Untimely.

Discovery outside the case schedule is permitted only for "good cause." Fed. R. Civ. P. 16(b)(4). A primary consideration in evaluating the existence of "good cause" is the diligence of the moving party, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), which Samsung cannot show given its protracted delay in bringing its motion.

Samsung has never previously raised [REDACTED] as relevant to Apple's injunction request before this Court or the Federal Circuit. Contrary to Samsung's argument (Mot. at 5), nothing prevented Samsung from pursuing discovery earlier on Apple's post-October 19, 2012 licensing activities. In November 2012, for example, Samsung sought (Dkt. 2144)—and the Court granted (Dkt. 2158)—discovery concerning Apple's November 11, 2012 settlement agreement with HTC. Samsung submitted the HTC agreement in opposition to Apple's motion for a permanent injunction (Dkt. 2194-1), and relied on the HTC agreement in its arguments before this Court (Dkt. 2197 at 17) and the Federal

Circuit (No. 13-1129, Dkt. 51, Samsung Br. at 41-44). If Samsung believed that it needed further discovery concerning Apple's post-October 19, 2012 licensing activities, it should have sought that discovery long ago, just as it did with the HTC agreement.

Even recently, Samsung has unnecessarily delayed in seeking the discovery it now requests. On November 18, 2013, the Federal Circuit issued its opinion vacating the denial of a permanent injunction with respect to Apple's utility patents and remanding for further proceedings. The next day, the Court reminded the parties that "we're going to have to deal with the permanent injunction issue once the mandate issues to the district court again." (Dkt. 2844 at 1420:12-14.) During a hearing in the 630 case on December 12, 2013, Apple stated that it intended to file a renewed motion for a permanent injunction when the Federal Circuit's mandate issued, which Apple noted could be as soon as December 26, 2013. *See* Fed. R. App. P. 41(b) (mandate issues seven days after time for filing petitions for rehearing expires). And Apple reiterated its intention to promptly renew its motion for an injunction in the post-trial brief it filed on December 13, 2013. (Dkt. 2876 at 1-2, 8-9.) After neither party filed a petition for rehearing by the Federal Circuit, Apple e-mailed the Court's courtroom deputy on December 20, 2013, copying Samsung's counsel, to advise the Court and Samsung that Apple would file its renewed motion on December 26, 2013, and to request that the motion be heard at the previously scheduled January 30, 2014 hearing on post-trial motions. When the mandate issued as expected on December 26, 2013, Apple filed its renewed motion for a permanent injunction that same day. (Dkt. 2897.) Through all these events, Samsung never mentioned a need for additional discovery.

Apple would be highly prejudiced by the additional delay caused by further discovery. A jury confirmed Samsung's widespread infringement of Apple's utility patents over sixteen months ago (Dkt. 1931), and the Court has already found that Samsung's sale of infringing products has caused Apple irreparable harm (Dkt. 2197 at 5-6). Apple continues to suffer those harms every day that passes without an injunction. For that reason, Apple took an immediate interlocutory appeal from the denial of a permanent injunction (Dkt. 2203), filed its opening brief to the Federal Circuit early (No. 13-1129, Dkt. 35), opposed Samsung's efforts to delay proceedings before the Federal Circuit (No. 13-1129, Dkt. 46), and filed its renewed motion for

an injunction before this Court at the earliest possible date (Dkt. 2897). Samsung's motion for discovery is another attempt to delay to Samsung's benefit and Apple's detriment.

**B. The Discovery Samsung Seeks Has No Probative Value.**

The Court should not permit further discovery for the additional reason that [REDACTED] [REDACTED] have no probative value to the issues raised by Apple's renewed motion for a permanent injunction. As the Federal Circuit has consistently recognized, the unique pressures of litigation make settlement agreements a poor indicator of the adequacy of money damages. *See, e.g.*, *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1328-1329 (Fed. Cir. 2008) (holding that district court properly found money damages inadequate and distinguished a prior license to the patent-in-suit as a litigation settlement); *cf. LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 77-78 (Fed. Cir. 2012) (recognizing the unique litigation pressures that distort the terms of licensing agreements made for settlement purposes). This Court likewise noted that the pressures of litigation diminish the probative value of settlement agreements when it excluded the HTC agreement from the damages retrial. (Dkt. 2667 at 9-10; *see also Fujitsu Ltd. v. Belkin Int'l, Inc.*, No. 10-cv-3972-LHK, 2012 WL 5835741, at *6 (N.D. Cal. Nov. 16, 2012) (Koh, J.) (finding licensing offers made in an effort to resolve litigation were "of questionable relevance on the issue of ... the value of a claim, since settlement may well reflect a desire for peaceful dispute resolution" (*quoting McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247 (1st Cir. 1985))).)

Moreover, any probative value of [REDACTED]

**C. Samsung's Requested Discovery Is Contrary To FRE 408, The Northern District Of California ADR Local Rules, And Public Policy.**

Nor is Samsung's request "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1), because Samsung seeks discovery concerning settlement discussions that are likely inadmissible under Federal Rule of Evidence 408 and the Northern

District of California ADR Local Rules. Rule 408 "specifically prohibits the admission of settlement offers and negotiations offered to prove the amount of damages owed on a claim." *LaserDynamics*, 694 F.3d at 77. And in the Northern District of California, statements made during mediation are "confidential information" that may not be "[u]sed for any purpose, including impeachment, in any pending or future proceeding in this court." N.D. Cal. ADR L.R. 6-12(a); *see also* Cal. Evid. Code § 1119(a) (parallel state law protection for mediation discussions). Allowing the use of settlement discussions in the manner Samsung seeks would have a chilling effect on such discussions. Patentees would face an enormous disincentive to engage in settlement negotiations if merely considering a license as part of a settlement proposal could foreclose injunctive relief in the future. [REDACTED]

Samsung cites (Mot. at 6 n.3) the Court's ruling concerning the admissibility of settlement discussions in the context of Apple's motion for a preliminary injunction. (Dkt. 449 at 64 n.39.) But to the extent Samsung seeks to rely on these discussions to show Apple's willingness to license the patents-in-suit, such "willingness to license … is not sufficient per se to establish lack of irreparable harm" or the adequacy of money damages. *Acumed*, 551 F.3d at 1328; *see also eBay Inc. v. MercExchange*, 547 U.S. 388, 393 (2006) (holding that a plaintiff's willingness to license its patents is not sufficient to demonstrate the absence of irreparable harm). Further, such evidence is cumulative of the actual prior licenses with IBM, Nokia, and HTC that are already before the Court. And contrary to Samsung's argument (Mot. at 4-5), nothing in the Federal Circuit's decision requires any further discovery. *Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1370 (Fed. Cir. 2013) (discussing evidence already in the record of past licensing history relevant to the adequacy of money damages that the Court should consider on remand).

**D. Samsung Has No Need For Additional Discovery.**

In addition, Samsung has not identified any need for the discovery it seeks. [REDACTED] Samsung also has not identified any discussions with

third parties relevant to Apple's injunction request. In fact, the only post-October 19, 2012 license to a third party involving Apple's asserted utility patents is the HTC agreement for which Samsung has already obtained discovery. Accordingly, there is no reason Samsung needs any discovery concerning Apple's post-October 19, 2012 licensing activities.

## III. CONCLUSION

For the foregoing reasons, the Court should deny Samsung's motion for discovery.

Dated: January 6, 2014

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: */s/ William F. Lee*
WILLIAM F. LEE

Attorneys for Plaintiff
APPLE INC.