1

2

3

4

5

6

7

8      UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA

10      SAN JOSE DIVISION

11

| | |
|---|---|
| APPLE, INC., a California corporation, ) | Case No.: 11-CV-01846-LHK |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER DENYING SAMSUNG'S |
| ) | MOTIONS FOR LEAVE TO TAKE |
| SAMSUNG ELECTRONICS CO., LTD., A ) | DISCOVERY AND FOR AN |
| Korean corporation; SAMSUNG ) | EXTENSION OF TIME TO OPPOSE |
| ELECTRONICS AMERICA, INC., a New York ) | APPLE'S RENEWED MOTION FOR A |
| corporation; SAMSUNG ) | PERMANENT INJUNCTION |
| TELECOMMUNICATIONS AMERICA, LLC, ) | |
| a Delaware limited liability company, ) | |
| ) | |
| Defendants. ) | |

Following the issuance of the Federal Circuit's mandate vacating the denial of Apple's

motion to permanently enjoin Samsung's infringement of Apple's utility patents, *see Apple Inc. v.*

*Samsung Elecs. Co.*, 735 F.3d 1352 (Fed. Cir. 2013), Apple renewed its motion for a permanent

injunction in this Court, *see* ECF No. 2897. Samsung's opposition to Apple's renewed motion is

currently due by January 9, 2013, and Apple has noticed a hearing date of January 30, 2014, the

same date the Court will hear argument on the parties' post-trial motions. Samsung now moves for

leave to take discovery of Apple's offers to license its utility patents subsequent to the briefing on

Apple's original permanent injunction motion and for an extension of time for Samsung to file its

opposition to Apple's renewed motion. *See* ECF Nos. 2900 ("Samsung Mot. for Time"), 2901

1

1   ("Samsung Mot. for Discovery").[1] Samsung also filed an unopposed motion to expedite the

2   briefing on its motion for leave to take discovery, which this Court granted. *See* ECF No. 2905.

3   Samsung's discovery and extension motions are now fully briefed. Having considered the parties'

4   arguments and evidence, as well as the full record in this case, the Court DENIES Samsung's

5   motions.

6   **I.**    **Samsung's Motion for Leave to Take Discovery**

7        Samsung's motion for leave to take discovery asks this Court to reopen the record so that

8   Samsung may take a Rule 30(b)(6) deposition on Apple's willingness to license its utility patents

9   from October 19, 2012—the date of Samsung's opposition to Apple's original motion for a

10   permanent injunction—to the present. In particular, Samsung notes that the parties have engaged in

11   further licensing discussions since the Court issued its ruling on Apple's previous motion and that,

12   during those discussions, Apple made additional offers to license its utility patents to Samsung.

13   Samsung Mot. for Discovery at 4-5. Samsung seeks discovery related to these offers and what it

14   calls the "key issue" on remand: whether Apple's offers to license its utility patents to Samsung

15   "demonstrate[] that legal remedies [will] be adequate." *Id.* at 5.

16        Samsung proposes four Rule 30(b)(6) deposition topics to Apple. *See* Smith Declaration,

17   Exhibit 2 (ECF No. 2902-6). The first three topics relate to Apple's licensing discussions with

18   Samsung regarding the utility patents-in-suit since October 19, 2012. The fourth topic is a catch-all

19

20        [1] The parties have moved to seal in the instant motion, supporting declaration, and
opposition references to settlement discussions between Apple and Samsung and the fact that
Apple made licensing offers to Samsung. *See* ECF Nos. 2901, 2902, and 2910. However, Apple
has notified the Court that Apple does not maintain any claims of confidentiality with respect to the
instant motion and supporting declaration. ECF No. 2906. Moreover, the fact that settlement
discussions between the two parties have taken place is already in the public domain, and thus is
not sealable. The Court finds that none of the material filed under seal is properly sealable under
Rule 26(c) of the Federal Rules of Civil Procedure and the applicable "good cause" exception for
non-dispositive motions. *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litigation*, 686
F.3d 1115, 1119 (9th Cir. 2012) (per curiam); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 727
F.3d 1214, 1222 (Fed. Cir. 2013); *see also Kamakana*, 447 F.3d at 1180 (holding that even under
the "good cause" standard of Rule 26(c) a party must make a "particularized showing" with respect
to any individual document in order to justify sealing the relevant document). Accordingly, the
motions to seal are DENIED. *See* ECF Nos. 2901, 2902, and 2910.

Case No.: 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTIONS FOR LEAVE TO TAKE
DISCOVERY AND FOR AN EXTENSION OF TIME TO OPPOSE APPLE'S RENEWED PI MOTION

United States District Court
For the Northern District of California

1  topic that relates to any similar licensing discussions between Apple and "any third parties." *Id.*

2  Other than Apple's license to HTC, which the Court addresses below, neither Samsung, Apple, nor

3  the record suggests that Apple has licensed or offered to license the utility patents-in-suit to any

4  other party since October 19, 2012, and Apple represents that no additional licenses exist. *See*

5  Apple Opp'n at 5.

6       A district court has broad discretion in deciding whether to reopen the record. *See Enzo*

7  *Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1379 (Fed. Cir. 1999). Here, the Court concludes

8  that the discovery Samsung seeks is unnecessary and at most would reveal confidential settlement

9  discussions, and the resulting delay would be unfair to Apple.

10       As an initial matter, Samsung's motion is untimely at least in part. Samsung fails to explain

11  why it never previously sought discovery as to Apple's willingness to license its utility patents

12  from October 19, 2012 to December 17, 2012, even though Samsung did seek discovery in

13  November of 2012 as to Apple's post-trial license with HTC, which the Court allowed. *See* ECF

14  Nos. 2144 and 2158.

15       More generally, Samsung has failed to establish that its need for discovery of Apple's

16  licensing discussions *with Samsung* justifies further delay in resolving Apple's request for

17  permanent injunctive relief. Samsung, as a party to its settlement discussions with Apple, surely is

18  already aware of any "key" concessions Apple made to Samsung during those discussions. Nothing

19  in the record, including Samsung's motion, suggests that further discovery would be fruitful.

20       For its part, Apple has been awaiting resolution of its request for a permanent injunction for

21  nearly a year and a half following the jury's infringement verdict. (Apple filed its original motion

22  in September of 2012, a month after the jury ruled in its favor.) Granting Samsung's motion for

23  further discovery would extend the due date for Samsung's opposition to Apple's renewed motion

24  until some time after Apple provides the requested discovery. Given the Court's full calendar, even

25  a short extension would require the Court to postpone hearing Apple's renewed motion possibly by

26  as much as four months. Samsung has not established why its discovery request warrants this

27  further delay.

28

3

Case No.: 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTIONS FOR LEAVE TO TAKE
DISCOVERY AND FOR AN EXTENSION OF TIME TO OPPOSE APPLE'S RENEWED PI MOTION

United States District Court
For the Northern District of California

In addition, Samsung has not established why the discovery it seeks outweighs the dangers of forcing Apple to disclose information about the parties' recent confidential settlement discussions. At least in part due to this Court's insistence, settlement negotiations between the parties are ongoing. *See* Nov. 12, 2013 Pretrial Hr'g at 18-21. Apple states in its opposition that the parties have scheduled a further discussion for sometime in January. Apple Opp'n at 4. Allowing Samsung to obtain discovery of its own settlement negotiations with Apple for purposes of opposing Apple's motion for a permanent injunction would likely interfere with those ongoing negotiations.

The Court has repeatedly implored the parties to seek an amicable resolution of this matter. The Court is loathe to allow discovery into unconsummated negotiations between the parties that would undoubtedly impede future settlement discussions. *See* N.D. Cal. ADR L.R. 6-12(a) (prohibiting "all counsel and parties . . . attending [Court-sponsored] mediation" from using "anything that happened or was said, any position taken, and any view of the merits of the case . . . for any purpose . . . in any pending or future proceeding in this court."). The Court has allowed the parties to pursue settlement discussions outside the Court's normal ADR procedures. Nevertheless, the purpose of those procedures' confidentiality protections still applies. *See Folb v. Motion Picture Industry Pension & Health Plans*, 16 F. Supp. 2d 1164, 1173 (C.D. Cal. 1998) ("'[I]f participants cannot rely on the confidential treatment of everything that transpires during [mediation] sessions then counsel of necessity will feel constrained to conduct themselves in a cautious, tight-lipped, noncommittal manner more suitable to poker players in a high-stakes game than adversaries attempting to arrive at a just solution of a civil dispute.'") (quoting *Lake Utopia Paper Ltd. v. Connelly Containers, Inc.*, 608 F.2d 928 (2d Cir. 1979)) (second alteration in original).

Samsung contends that discovery is needed to comply with the Federal Circuit's mandate. Samsung Mot. at 4. The Federal Circuit addressed this Court's analysis of Apple's past licensing practice as follows:

> The district court's exclusive focus on whether Apple's patents are 'priceless' and whether Samsung is 'off limits' led it to disregard Apple's evidence that

4

*Samsung's* use of *these patents* is different. Apple points to numerous factors that the district court failed to consider in determining the relevance of Apple's past licensing behavior. For example, Apple notes that IBM is not a competitor in the smartphone market, and that the license was entered into five years before Apple launched the iPhone. Apple further notes that it entered into the HTC and Nokia agreements to settle pending litigation. In addition, the Nokia agreement was a 'provisional license' for a limited 'standstill' period, . . ., and the HTC agreement excluded HTC products that were 'clones' of Apple's products, . . . . Moreover, although the evidence shows that Apple offered Samsung a license to some of its patents, Apple is adamant that it never offered to license the asserted patents to Samsung, its primary competitor.[] We agree with Apple that these factors are relevant to whether monetary damages will adequately compensate Apple for Samsung's infringement of the asserted patents, and the district court erred by failing to consider them. ***Indeed, the district court's focus on Apple's past licensing practices, without exploring any relevant differences from the current situation, hints at a categorical rule that Apple's willingness to license its patents precludes the issuance of an injunction.***

*Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1370 (Fed. Cir. 2012) (third emphasis added; footnote omitted).

Samsung seizes on this passage's reference to "the current situation" and contends that "[w]ithout limited discovery and reopening the record, this Court cannot evaluate all of Apple's past licensing behavior or the 'current situation' as the Federal Circuit has instructed." Samsung Mot. at 5. This passage from the Federal Circuit's opinion, however, is not an invitation, much less a mandate, to allow Samsung discovery into Apple's settlement offers to Samsung since Apple's last permanent injunction motion. Although the above-quoted passage makes clear that the Federal Circuit expects this Court on remand to analyze whether the circumstances surrounding Apple's prior licenses or offers to license shed light on whether legal relief would adequately compensate Apple for Samsung's infringement of the patents-in-suit, the Circuit's opinion simply does not address the propriety of allowing additional discovery into ongoing, Court-encouraged settlement discussions between the parties.

## II. Samsung's Motion for an Extension of Time to Oppose Apple's Permanent Injunction Motion

Samsung's opposition to Apple's permanent injunction motion is currently due January 9, 2014. Samsung moves for a two-week extension to file its opposition. The Court's denial of Samsung's request for further discovery largely moots Samsung's stated need for more time. *See*

1   Samsung Mot. for Time at 2 ("[T]here is good cause for a two-week extension of Samsung's time

2   to respond to Apple's Motion for a Permanent Injunction so that the parties may brief and the

3   Court consider Samsung's request for discovery.").

4           Samsung contends it needs more time also because "[a] substantial portion of the period for

5   Samsung to prepare its response falls between the Christmas and New Year's Day holidays." *Id.*

6   But Samsung has failed to show that preparing a response will be sufficiently taxing to depart from

7   the standard two-week response time. Apple's renewed motion for a permanent injunction is only

8   ten pages and has been a long time coming. It seeks the same relief as Apple's 2012 motion. The

9   Federal Circuit's opinion vacating the relevant part of the Court's permanent injunction ruling

10   issued on November 18, 2013. Apple notified the Court and Samsung on December 20, 2013, that

11   Apple planned to file its renewed motion as soon as the Federal Circuit's mandate issued on

12   December 26. Samsung did not seek rehearing at the Federal Circuit, and, as expected, the mandate

13   issued and Apple filed its renewed motion on December 26. As explained above, a short extension

14   of time will push the hearing on Apple's renewed motion well into the future. Although the Court

15   is sensitive to the important personal demands on the parties and their counsel during the holidays,

16   Samsung has not shown that the preceding history and circumstances surrounding Apple's renewed

17   motion have created a burden that warrants delaying the hearing on Apple's requested injunctive

18   relief any further.

19   **III.    Conclusion**

20           For the foregoing reasons, Samsung's motions for leave to take discovery and for an

21   extension of time to file its opposition to Apple's renewed motion for a permanent injunction are

22   denied. Samsung's opposition is due January 9, 2014; any reply in support of Apple's renewed

23   motion is due by January 16, 2014; and the Court will hear arguments related to Apple's renewed

24   motion on January 30, 2014.

25

26

27

28

**United States District Court**
For the Northern District of California

**IT IS SO ORDERED.**

Dated: January 7, 2014

_Lucy H. Koh_

LUCY H. KOH
United States District Judge