# Exhibit A

# LITI|NOMICS

## MICHAEL J. WAGNER
Managing Director

(updated as of January 7, 2014)

J.D., Loyola University School
of Law at Los Angeles (1975)

M.B.A., University of California
at Los Angeles (1971)

B.S. Engineering,
University of Santa Clara
(1969)

Michael Wagner, a Managing Director with LitiNomics, has testified 130 times at trial, 35 times in arbitration, and 330 times in deposition.  He has testified at trial in Federal courts in 18 different states and in State court in 10 different States.  He has been deposed in cases pending in 33 states. The most frequent subject matters of his expert testimony are the calculation of commercial damages or business value.  He has also testified a number of times on the subject of alter ego.

### EXPERIENCE

2007-Present    *Managing Director*, LitiNomics

2004–2007    *Senior Advisor*, CRA International (successor to InteCap, Inc.)

1999–2004    *Managing Director*, InteCap, Inc.

1999    *Senior Vice President*, PHB Hagler Bailly, Inc. (successor to Putnam, Hayes & Bartlett, Inc.)

1993–1999    *Managing Director*, Putnam, Hayes & Bartlett, Inc. (successor to Dickenson, O'Brien & Associates)

1985–1992    *Partner*, Price Waterhouse

*Senior Manager*, 1983–1985

*Manager*, 1979–1980

*Consultant*, 1976–1979

1981–1983    *Principal*, Dickenson, O'Brien & Associates

*Associate*, 1980–1981

1975–1976    *Associate Cost Engineer*, Fluor Engineers & Constructors, Inc.

### PROFESSIONAL AFFILIATIONS (CURRENT)

Member, American Institute of Certified Public Accountants - # 1079895

Certified in Financial Forensics - # 23 (2008 – current)

Inaugural CFF Credential Committee (2008 – 2011)

AICPA Litigation Services Committee (1993–1995)

AICPA Business Valuation Standards Task Force (1994–1995)

AICPA and IBA combined Conference Steering Committee (1995)

AICPA Litigation Services Conference Steering Committee (1990 – 1995)

AICPA MAS Practice Standards and Administration Subcommittee (1988–1990)

AICPA Auditing Standards Board Litigation Services Task Force (1989)

Co-Editor, *CPA Expert* (1994–1996)

Certified Public Accountant, State of California - # 30327

Member, State Bar of California - # 67911

Panel of Experts, Dunn on Damages

## PROFESSIONAL AFFILIATIONS (PAST)

Member, Sedona Conference Patent Damages and Remedies Working Group (2011 – 2013)

Member, American Bar Association

Member, State Bar of California (inactive status 1991–1995)

Member, California Society of Certified Public Accountants

Litigation Services Committee (1985–1990), Chairman (1987–1989)

Government Relations Committee (1989–1990)

Contingent Fee Task Force (1988–1990)

Member, Oregon Society of Certified Public Accountants

Litigation Services Committee (1990–1994)

Certified Public Accountant, States of Hawaii (1980–1983), Washington (1990–1994), Oregon (1990–1994)

Member, Los Angeles County Bar Association

Dispute Resolution Services, Sub-chair of Administration Committee (1987–1989)

NASD Board of Arbitrators

Hastings College of Advocacy, Faculty Expert

NITA, Faculty Member

Certified Management Consultant

American Arbitration Association's Panel of Arbitrators

Arbitration Services of Portland, Inc.

Academy of Experts

## PUBLICATIONS

"When Is It Appropriate To Have A Reasonable Royalty Higher Than The Infringer's Profits?" *Dunn on Damages*, Issue 9, Winter 2012.

"Book of Wisdom – Is it Fact or Fiction", *Dunn on Damages – The Economic Damages Report for Litigators, Issue 3*, Summer 2011

"A Primer on Patent Damages", *Dunn on Damages - The Economic Damages Report for Litigators and Experts*, Issue 2, Spring 2011.

"The 25% Rule Lives On", *IP Law 360*, September 8, 2010 (co-authored with John Jarosz and Carla Mulhern)

"Response to One Man's Opinion, comments on 'A New Look at Expected Cash Flows and Present Value Discounts'," *CPA Expert*, spring 2004 (co-authored with Michael Crain and Bonnie Goldsmith)

"Differences between Economic Damages Analysis and Business Valuation," Chapter 13 in the *Handbook of Business Valuation and Intellectual Property Analysis*, McGraw-Hill, 2004 (co-authored with Michael Dunbar)

*Litigation Services Handbook* (4th Edition – 2007, 3rd Edition – 2001, 2nd Edition – 1995, 1st Edition – 1990), John Wiley & Sons, (co-edited with Peter B. Frank and Roman L. Weil).

## Chapters Co-Authored

4th Edition:

    Chapter 1 "The Role of the Financial Expert in Litigation Services"

    Chapter 8 "Ex Ante versus Ex Post Damages Calculations"

    Chapter 22 "Patent Infringement Damages"

    Chapter 29 "Alter Ego"

3rd Edition:

    Chapter 1 "The Role of the Financial Expert in Litigation Services"

    Chapter 5A "Ex Ante versus Ex Post Damages Calculations" (2003 Supplement)

    Chapter 24 "Patent Infringement Damages"

    Chapter 38 "Alter Ego"

2nd Edition:

    Chapter 1 "The Role of the CPA in Litigation Services"

    Chapter10 "Alter Ego"

    Chapter 34 "Patent Infringement Damages"

1st Edition:

Chapter 1 "The Role of the CPA in Litigation Services"

Chapter 17 "Patent Infringement Damages"

Chapter 31 "Securities Act Violations: Computation of Damages"

"Economic Damages: Use and Abuse of Business Valuation Concepts," Chapter 14 in *The Handbook of Advanced Business Valuation*, McGraw-Hill, 1999 (co-authored with John Phillips).

"Tax Effects of Discount Rates in Taxable Damage Awards," *CPA Expert*, winter 1999 (co-authored with Greg Hallman).

"Experience Enhances Objectivity of Damage Estimates," *CPA Expert,* winter 1997.

"Communicating in Litigation Services: Reports, A Nonauthoritative Guide," *AICPA Consulting Services Practice Aid No. 96-3*, 1996 (co-authored with Everett P. Harry III).  Partially reprinted in *Recovery of Damages for Lost Profits*, Volume 2, (5th Edition) by Robert L. Dunn.

"Court Expands Lost Profits Damages From Patent Infringement," *CPA Expert*, summer 1996 (co-authored with Bruce L. McFarlane).

"The Implications of Changes in the Federal Rules of Civil Procedure for CPA-Expert Witnesses," *The CPA Management Consultant Newsletter* of the AICPA Management Consultant Division, spring 1994 (co-authored with Bruce L. McFarlane).

"The Revised Federal Rules of Civil Procedures That Apply to Expert Witnesses," *CPA Litigation Services Counselor*, Volume 1994, Issues 2 & 3.  Harcourt Brace (February and March 1994).

"What Juries Look for in CPAs," *Journal of Accountancy* (November 1993).

"Litigation Services," *AICPA MAS Technical Consulting Practice Aid*, No. 7 1986 reprinted and updated as "Providing Litigation Services" *AICPA Consulting Services Practice AID 93-4* (co-authored with Peter B. Frank) (1993).

"Valuation of Intangible Assets," *Financial Valuation: Businesses and Business Interests*, Warren Gorham Lamont, 1993 Supplement (co-authored with Lee B. Shepard).

"Opportunities in Litigation Services," *Journal of Accountancy*, (June 1992) (co-authored with Bruce L. McFarlane).

"Economic Damages in Patent Infringement Cases," *Patent Litigation 1991*, Vol. II, Practicing Law Institute, Course Handbook Series No. 321 (co-authored with Peter B. Frank and Jeffrey H. Kinrich).

"Using CPAs In Your Law Practice," *Seattle-King County Bar Bulletin*, February 1991 (co-authored with Bruce L. McFarlane).  Reprinted in *The Oregon Certified Public Accountant*, September 1991, as "The Role of the CPA in Commercial Litigation."

"The Accountant's Role in the Process of Damage Measurement," *The Practical Accountant* (July 1990).

"How do you Measure Damages?  Lost Income or Lost Cash Flow?" *Journal of Accountancy* (February 1990).

"Expert Problems," *ABA Litigation Journal*, Volume 15, No. 2 (Winter 1989).

---

**Underlined party was my client.

"How to Control Your Expert," *Association of Business Trial Lawyers Report*, Volume X, No. 2 (February 1988).

"Computing Lost Profits and Reasonable Royalties," *American Intellectual Property Law Association Quarterly Journal*, Volume 15, No. 4 1987 (co-authored with Peter B. Frank).

"Breach of Duty by Directors, Officers and Principal Shareholders: Shareholder Derivative Actions," Chapter 63, *Commercial Damages*, Matthew Bender (1986).

"Computers Revolutionize Damage Claim Analysis," *The Recorder* (June 7, 1984).

"Analyzing Damage Claims—Discounted Cash Flow Method," *The National Law Journal* (August 29, 1983).

"The Litigator's Ultimate Weapon," *Los Angeles Lawyer* (May/June 1983) (co-authored with Peter B. Frank and Jeffrey H. Kinrich).

## Committee Publications

"Communicating Understandings in Litigation Services: Engagement Letters," AICPA Consulting Services Practice Aid 95-2 (1995).

Statement on Standards for Consulting Services No. 1, AICPA (October 1991).

## Selected Speeches

"The Use of Consumer Surveys in Patent Cases for Damage Apportionment", LES 2012 Winter Meeting, March 13, 2012, Anaheim, CA

"Evolving IP Value: Recent Developments in Damages and Licensing", Top IP Retreat, September 16, 2011, Pebble Beach, CA

"Patent Exhaustion", IP Damages Institute, November 8, 2010, Century City, California

"Big Verdicts Under Scrutiny: Taking a Hard Look at the Damages Case", The 2010 Midwest Intellectual Property Institute, September 24, 2010, Minneapolis, Minnesota

"Do's and Don'ts of Being and Expert Witness", 24th Annual Bankruptcy and Restructuring Conference, Association of Insolvency and Restructuring Advisors, June 7, 2008, Las Vegas, Nevada

"Enforcing the License Agreement, Royalty Audits, Collections, and Litigation" The Intellectual Property Law Section of the State Bar of California, April 9, 2008, San Francisco, California

"Effective Presentations of Financial Information at Trial", 2007 Advanced Litigation Conference, California Society of CPAs, May 3, 2007, Las Vegas, Nevada

"Discounting Damages to Present Value: Today's Hottest Issues," panelist, Business Valuation Resources, July 20, 2005, Telephonic Conference

"Assessing and Proving Damages from Infringement," panelist, USC Law School 2004 Intellectual Property Institute, May 25, 2004, Beverly Hills, California

"Economic Damages," AICPA National Business Valuation Conference, November 17, 2003, Phoenix, Arizona

"Discovery of Expert Drafts and Notes, Panel Discussion," Advanced Workshop on Calculating & Proving Patent Damages, Law Seminars International, November 12, 2003, Seattle, Washington

"Calculating and Presenting Lost Profits: The Bread and Butter of Litigation Services" and "Mock Arbitration for Lost Profits", panelist on both presentations, AICPA National Conference on Advanced Litigation Services, October 1, 2003, Miami, Florida

"Discount Rates and Taxation Issues in Damages," 2003 Advanced Business Litigation Institute, California Society of CPAs, May 9, 2003, La Quinta, California

"Current Issues in Patent Damages," The Sedona Conference, November 10, 2000, Sedona, Arizona

"Tax Issues in Lost Profits Damage Calculations" and panelist for "Expert Shootout, or Shoot the Expert," 2000 AICPA National Advanced Litigation Services Conference, October 17, 2000, Beverly Hills, California

"IP Valuation: A Critical Component in Transactional and Litigation Strategy," Silicon Valley Intellectual Property Law Association, September 20, 2000, Palo Alto, California

"Damages, Damages, Damages: Business Damages In Commercial Litigation," 1999 AICPA National Advanced Litigation Services Conference, October 18, 1999, Atlanta, Georgia.

"Commercial Damages: A Case Study on Lost Profits," 1998 AICPA National Advanced Litigation Services Conference, October 14, 1998, Tempe, Arizona.

"Damages—What You Need to Know as Taught by the Experts," 1998 ABA Section of Litigation Annual Meeting, April 24, 1998, New York, New York.

"Expert Witnessing in a Fraud Case," 1997 AICPA National Conference on Fraud, December 8, 1997, San Antonio, Texas.

"Advanced Issues in Determining Discount and Growth Rates," 1997 AICPA National Advanced Litigation Services Conference, October 16, 1997, Las Vegas, Nevada (with Greg Hallman).

"Alter Ego" and "More Effective Testimony," EPA Third Annual Financial Analyst Workshop, May 7–8, 1997, Denver, Colorado.

"More Effective Testimony," 1996 AICPA National Advanced Litigation Services Conference, October 1, 1996, New Orleans, Louisiana.

"Expert Witness," The 1996 AICPA Practitioners' Symposium, June 10, 1996, Las Vegas, Nevada.

"Calculating Damages," 1996 Institute of Business Appraisers Conference on Appraising Closely Held Businesses, January 26, 1996, Orlando, Florida.

"Calculating Damages," 1995 Institute of Business Appraisers Conference on Appraising Closely Held Businesses, January 26, 1995, Las Vegas, Nevada.

"The Revised Federal Rules of Civil Procedure That Apply to Expert Witnesses," 1994 AICPA National Advanced Litigation Services.  Conference, October 20, 1994, Phoenix, Arizona.

"Damages In Employment Litigation," Employment And Labor Law In Oregon, Lorman Education Services, April 29, 1994, Portland, Oregon.

"Damages, Time Value of Money" and panel participant on "Practical Problems of Federal Rule of Civil Procedure No. 26," 1994 Litigation Advanced Forum, California Society of CPAs, April 25, 1994, Monterey, California.

"Patent Infringement/Intellectual Property," 1993 Litigation Services Conference, California Society of CPA's, December 1, 1993, Los Angeles; December 2, 1993, San Francisco, California.

"Expert Witness Depositions," 1993 Oregon Society of CPA's Litigation Support Services Miniseries, November 17, 1993, Portland, Oregon.

"Panel: The Many Roads to Alternative Dispute Resolution" and "Basic Concepts in Litigation Services," Fifth Annual AICPA Conference on "The CPA's Role in Litigation Services," July 22–23, 1993, La Jolla, California.

"Professional Standards" and "Litigation Process/Role of Expert Witness" 1993 Litigation Services Conference, Washington Society of Certified Public Accountants, May 20, 1993, Bellevue, Washington.

"The Deposition of the Expert Witness," Fourth Annual AICPA Conference on "The CPA's Role in Litigation Services," July 17, 1992 Washington, DC; October 23, 1992, Las Vegas, Nevada.

"Litigation Services Standards," 1992 Litigation Services Conference, Washington Society of Certified Public Accountants, May 9, 1992, Silverdale, Washington.

"The Litigation Process Through Discovery," 1991 Litigation Services Conference, California Society of Certified Public Accountants, November 20, 1991, San Francisco; November 21, 1991, Los Angeles, California.

"Professional Standards and Work Papers," Oregon Society of CPAs, Litigation Support Services Conference, September 27, 1991, Portland, Oregon.

"Economic Analysis of Damages: Computing Lost Profits and Reasonable Royalties," IRR's Conference on Securing and Enforcing Intellectual Property Rights for Competitive Advantage, September 26, 1991, San Francisco, California.

"How to be a Better Testifying Expert," the Third Annual AICPA Conference on "The CPA's Role in Litigation Services," July 11, 1991, Denver, Colorado; October 10, 1991, Atlanta, Georgia.

"Accounting Standards in Litigation Support—Current and Future," Colorado Society of CPAs 1990 Litigation Support Conference, December 3,1990, Denver, Colorado.

"Mini Trials—New Work for Experts" and "Issues in Forensic Accounting," National Forensic Center's 7th National Conference, December 8, 1990, Palm Springs, California.

"Deposition of the Expert," California Society of CPAs 1990 Litigation Services Conference, November 19, 1990—San Francisco; November 20, 1990, Los Angeles, California.

"Examining Damage Experts," PLI's Accountant's Liability: Trial Strategies Conference, August 10, 1990, San Francisco, California.

"Developing Damages: Mock Trial Demonstration, "AICPA's Conference on the CPA's Role in Litigation Services, July 13, 1990, Dallas, Texas; September 7, 1990, Washington, DC.

"Lost Profits, Business Interruptions" and "The Discovery Process," 1990 Litigation Consulting Conference, California Society of Certified Public Accountants, April 26, 1990, Los Angeles, California.

"Standards in Litigation Services Engagements" and "Expert Witness Strategy Tactics," Arizona Society of CPAs' Conference on the CPA as an Expert, September 25, 1989, Phoenix, Arizona.

"Damage Management," AICPA's Conference on the CPA's Role in Litigation Support Services, May 12, 1989, San Francisco; July 11, 1989, Boston; October 27, 1989, Chicago; December 8, 1989, Palm Beach, Florida.

"Litigation Services—Damage Studies," AICPA's 101st Annual Meeting, October 4, 1988, Los Angeles, California.

"Litigation Update," 1988 Marital Dissolution Conference, California Society of Certified Public Accountants, September 26, 1988, San Francisco; September 27, 1988, Los Angeles, California.

"The Mini-Trial Approach to Dispute Resolution," Los Angeles County Bar Association and the American Arbitration Association Conference on New Techniques in Dispute Resolution, February 4, 1988, Los Angeles, California.

"Damages Issues During Trial," Association of Business Trial Lawyers 14th Annual Seminar, October 17, 1987, Rancho Mirage, California.

"Litigation Services Committee Update," 1987 Marital Dissolution Conference, California Society of Certified Public Accountants, September 22, 1987, Los Angeles, California.

"Using a CPA in Litigation," 1987 Annual Meeting of the Florida Bar, June 11, 1987, Orlando, Florida.

"Litigation Services," 12th Annual AICPA Small Business Management Advisory Services Conference, September 9–10, 1986, Dallas, Texas.

**Underlined party was my client.

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|--------------------|----------------|
| 130. | Innovative Sonic Limited v. Research In Motion Ltd. And Research In Motion Corporation Civil Action No. 3:11-CV-706 (2013)*315 | U.S. District Court, Northern District of Texas | Patent Infringement | Susman Godfrey LLP | Damages Analysis |
| 129. | XpertUniverse, Inc. v. Cisco Systems, Inc. Civil Action No. 09-157-RGA (2013)*316 | U.S. District Court, District of Delaware | Fraud and Patent Infringement | Morgan Lewis & Bockius | Damages Analysis |
| 128. | TV Interactive Data Corporation v. Sony Corporation; Sony Computer Entertainment Inc.,; Sony Computer Entertainment America, Inc.; Sony Corporation of America; and Sony Electronics Co., Ltd  Case No. C 10-00475 PJH (2013)*312 | U.S. District Court, Northern District of California | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 127. | Apple, Inc. v. Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC Case No. 11-cv-01846-LHK (2012 and 2013)*296 | U.S. District Court, Northern District of California, San Jose Division | Patent Infringement | Quinn Emanuel | Damages Analysis |
| 126. | Shelbyzyme LLC v. Genzyme Corporation Civil Action No. 09-768 (GMS) (2012)*309 | U.S. District Court, District of Delaware | Patent Infringement | Quinn Emanuel | Damages Analysis |
| 125. | IMRA America, Inc. v. IPG Photonics Corporation Case No. 2:06-CV15139 (2011)*282 | U.S. District Court, Eastern District of Michigan | Patent Infringement | Skadden Arps Slate Meagher & Flom | Damages Analysis |
| 124 | E.I. du Pont de Nemours and Company v. Kolon Industries, Inc. Civil Action No. 3:09cv58 (2011)*285 | U.S. District Court, Eastern District of Virginia | Theft of trade secrets | Paul Hastings | Damages Analysis |
| 123. | Ahcom, Ltd. V. Hendrick Smedling and Lettie Smedling Case No. 3:07 CV 1139 SC (2011)*252 | U.S. District Court, Northern District of California, San Francisco Division | Alter ego | Parish & Small | Alter ego Analysis |
| 122. | ActiveVideo Networks, Inc. v. Verizon Communications, Inc. et al. Civil Action No. 2:10cv248 (2011)*293 | U.S. District Court, Eastern District of Virginia | Patent Infringement | Morgan Lewis & Bockius | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 121 | Wellogix, Inc. v. BP America, Inc. Civil Action No. 4:09-CV-1511 (2011)*281 | U.S. District Court, Southern District of Texas, Houston Division | Theft of trade secrets, Breach of contract, Tortious Interference with Prospective Business Relations | Laminack, Pirtle & Martines | Damages Analysis |
| 120. | Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors, USA, Inc. Case No. H-07-02392 (2009 and 2011)*260 | U.S. District Court, Southern District of Texas | Patent Infringement | Brinks Hofer Gilson & Lione<br><br>Smyser Kaplan & Veselka | Damages Analysis |
| 119. | Grimaud Farms of California, Inc. v. Whole Foods Market California and Whole Foods Market Services, Inc. Case No. CV030845 (2011)*290 | San Joaquin County Superior Court, California | Breach of contract, Fraud, Tortious Interference with Contract. | Damrell, Nelson, Schrimp, Pallios, Pacher & Silva | Damages Analysis |
| 118. | St. Jude Medical, Inc. and St. Jude Medical Puerto Rico LLC v. Access Closure, Inc. Case No. 4:08-cv-04101-HFB (2010)*287 | U.S. District Court, Western District of Arkansas, Texarkana  Division | Patent Infringement | Quinn Emanuel | Damages Analysis |
| 117. | Sportsmark Trading, Ltd., v. Roger Cleveland Golf Company, Inc. Case No. 07CC12309 (2010)*266 | Orange County Superior Court, California | Breach of Contract | Krane & Smith | Damages Analysis |
| 116. | Function Media, L.L.C. v. Google, Inc. Case No. 2-007-CV-279 (2010)*268 | U.S. District Court, Eastern District of Texas, Marshall Division | Patent Infringement | Quinn Emanuel | Damages Analysis |
| 115. | Advanced Thermal Sciences Corporation v. Applied Materials, Inc. Case No. 8:07-CV-1384 (JVS) (2009)*262 | U.S. District Court, Central District of California, Southern Division | Breach of Contract, Fraud | Orrick Herrington & Sutcliffe | Damages Analysis |
| 114. | Versata Software, Inc., et al. v. SAP America and SAP, AG  Civil Action No.: 2:07-cv-153-CE (2009 and 2011)*261 | U.S. District Court, Eastern District of Texas, Marshall Division | Patent Infringement | Howrey, LLP<br><br>Fish & Richardson<br><br>Ropes & Grey | Damages Analysis |
| 113. | Medtronic, Inc., et al. v. AGA Medical Corporation Case No. C 07 00567 MMC (2009)*255 | U.S. District Court, Northern District of California, San Francisco Division | Patent Infringement | Alston Bird | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 112. | Kinetic Concepts, Inc., KCI Licensing, Inc., KCI USA, Inc., and Wake Forest University Health Sciences v. Blue Sky Medical Group, Inc., Smith & Nephew, Inc. Case No. SA08-CA-102 RF (2009 and 2010)*257 | U.S. District Court, Western District of Texas, San Antonio Division | Patent Infringement | Knobbe Martens Olson & Bear | Irreparable Harm<br>Damages Analysis<br>eBay Factors |
| 111. | I4i, LP and i4i, Inc. v. Microsoft Corporation Civil Action No. 6:07-CV-113-LED (2009)*254 | U.S. District Court, Eastern District of Texas, Tyler Division | Patent Infringement | McKool Smith | Damages Analysis |
| 110. | Brea Imperial, Inc. v. Titan International, Inc. Case No. 05CC06828 (2008)*241 | Orange County Superior Court, California | Alter Ego | Law Offices of Michael Bononi | Alter ego analysis |
| 109. | epicRealm Licensing, L.P. v. Various, Inc. Civil Action 5:07-cv-135 (Consolidated) (2008)*246 | U.S. District Court, Eastern District of Texas | Patent Infringement | Baker Botts | Damages Analysis |
| 108. | Carter Bryant v. Mattel, Inc. Case NO. CV 07-9049 SGL (RNBx) Consolidated with Case No. 04-9059 and Case No. 05-2727 (2008 and 2011)*240 | U.S. District Court, Central District of California | Copyright Infringement Trade Secret Misappropriation | Quinn Emanuel | Damages Analysis<br>Business Valuation |
| 107. | Deep Nines, Inc. v. McAfee, Inc. Civil Action No. 9:06-cv174-RC (2008)*244 | U.S. District Court, Eastern District of Texas | Patent Infringement | Fish & Richardson | Damages Analysis |
| 106. | North American Title Company v. Liberty Title Company Case No. C 06-00187 (2008)*238 | Contra Costa County Court, California | Theft of Trade Secret | Weintraub Genshlea Chediak<br>Jackson Lewis<br>Seyfarth Shaw | Damages Analysis |
| 105. | Global Sign, LLC, et al. v. Robert Merto, et al. Civil Action No. 05 CC 04088 (2008) | Orange County Superior Court, California | Unfair Competition | Bidna & Keys | Damages Analysis |
| 104. | Computer Acceleration Corporation v. Microsoft Corporation Case No. 9:06CV-140 (2007)*235 | U.S. District Court Eastern District of Texas Lufkin Division | Patent Infringement | McKool Smith | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|--------------------|----------------|
| 103. | Cybergym Research LLC v. ICON Health & Fitness, Inc., Sears Roebuck & Co., Costco Wholesale Corp., The Sports Authority, Inc., & Dick's Sporting Goods, Inc. Case No. 2:05-cv-527-DF (2007)*230 | U.S. District Court Eastern District of Texas Marshall Division | Patent Infringement | Russo & Hale | Damages Analysis |
| 102. | Electromotive, Inc. v. Mercury Marine Case No. 1:06CV1139 (GBL/TRJ) (2007) | U.S. District Court, Eastern District of Virginia | Patent Infringement | Kaufman & Canoles | Damages Analysis |
| 101 | Broadcom Corporation v. Qualcomm Incorporated Case No. SACV05-467 JVS (RNBx) (2007) *224 | U.S. District Court Central District of California, Southern Division | Patent Infringement | Wilmer Cutler Pickering Hale & Dorr | Damages Analysis & Irreparable Harm |
| 100. | In re 3dfx Interactive, Inc. and William A. Brandt, Jr., Trustee v. nVidia Corporation and nVidia Investment Company Case No. 02-55795 RLE (2007) *213 | U.S. Bankruptcy Court Northern District of California San Jose Division | Fraudulent Transfer | Buchalter Nemer | Business Valuation |
| 99. | MAN Aktiengesellschaft, et al. v. DaimlerChrysler AG, Freightliner LLC, et al. No. 0412-13050 (2006) | Multnomah Circuit Court, Oregon | Fraud | Ball Janik  Alston & Bird | Solvency analysis, Ordinary Course of Business, Reasonably Equivalent Value |
| 98. | In the Matter of the George L. Brichetto and Elizabeth M. Brichetto Living Trust Dated October 1, 1987, as Amended. Case No. 328789 (2006) | Stanislaus Superior Court, California | Breach of Fiduciary Duty | Damrell Nelson Schrimp Pallios Pacher & Silva | Trust Accounting and Damages Analysis |
| 97. | Christopher R. Harris v. San Jose Mercury News, Inc. Case No. C-04-05262 (CRB) (2006) *217 | U.S. District Court Northern District of California | Copyright Infringement | DLA Piper Rudnick Gray Cary; Sheppard Mullin | Damages Analysis |
| 96. | L.G. Philips LCD Co. Ltd. V. Tatung Company, Tatung Company of America, Inc., Chunghwa Picture Tubes Ltd., and ViewSonic Corporation.  Civil Action No. 05-292 (JJF) (2006) *218 | U.S. District Court District of Delaware | Patent Infringement | Howrey LLP | Damages Analysis |
| 95. | PostX Corporation v. Secure Data In Motion, Inc., d/b/a Sigaba Case Nos. C02-04483 SI and C03-0521 SI (2006) *210 | U.S. District Court Northern District of California, San Francisco Division | Unfair Competition | Pillsbury Winthrop Shaw Pittman | Damages Analysis |

**Underlined party was my client.

## Expert Testimony—Court (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|--------------------|----------------|
| 94. | Stephen M. Waltrip, et al. v. Kevin B. Kimberlin, et al. Case No. 01AS04979 (2005) *211 | Sacramento Superior Court, California | Fraud and Breach of Fiduciary Relationship | Sedgwick Detert Moran & Arnold | Damages Analysis Alter Ego Analysis |
| 93. | Coleman (Parent) Holding v. Morgan Stanley Co., Inc. Case No. 2003 CA 005045 A1 (2005) *206 | Circuit Court of the Fifteenth Judicial Circuit Palm Beach County, Florida | Breach of Fiduciary Duty | Jenner & Block | Punitive Damages |
| 92. | Tarik Omari, et al. v. Kindred Healthcare Operating, Inc. et al. Case No. BC280010 (2005) | Los Angeles Superior Court, California | Fraud | Law Offices of Victor L. George | Punitive Damages |
| 91. | Coelho, et al. v. Coelho, et al. Case Nos. 591120-1, 595828-5, 588695-7, and 0537454-1 (2003) (2005) (2006) *176 | Fresno Superior Court, California | Breach of Fiduciary Duties | Damrell Nelson Schrimp Pallios Pacher & Silva Lange Richert & Patch Parish & Nelson | Damages Analysis |
| 90. | Billy Blanks, et al. v. Seyfarth Shaw LLP Case No. BC 308355 (2005) *205 | Los Angeles Superior Court, California | Legal Malpractice | Law Offices of James Rosen | Damages Analysis & Punitive Damages |
| 89. | Kalitta Air, LLC, as assignee of American International Airlines, Inc. v. Central Texas Airborne Systems, Inc. Case No. 96-2494CW & 97-0378CW (2005) ) *191 | U.S. District Court Northern District of California | Breach of Contract | Sedgwick, Detert, Moran & Arnold | Damages Analysis |
| 88. | The Coleman Company, Inc. v. Fleetwood Enterprises, Inc. & Fleetwood Folding Trailers, Inc. Civil Action No. 03 CV 2029 (2004) *203 | Eighteenth Judicial Court, Sedgwick County, Kansas | Trademark Infringement & Interference with Contract | Foulston Siefkin LLP | Damages Analysis |
| 87. | St. Clair Intellectual Property Licensing, Inc. v. Fuji Photo Film Co. Ltd, Fuji Photo File USA, Inc., and Fujifilm America, Inc. Case No. 03-241-JJF (2004) *199 | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 86. | St. Clair Intellectual Property Licensing, Inc. v. Canon Inc. and Canon USA, Inc. Case No. 03-241-JJF (2004) *198 | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 85. | Immersion Corporation v. Sony Computer Entertainment America, Inc., Sony Computer Entertainment, Inc. and Microsoft Corporation No. C 02-0710 CW (WDB) (2004) *189 | U.S. District Court Northern District of California Oakland Division | Patent Infringement | Irell & Manella | Damages Analysis |
| 84. | Patrick Martin, Inc. and Patrick Walsh v. Ralph Clumeck & Associates, et al. Case No. 03CC06858 (2004) *196 | Orange County Superior Court, California | Breach of Fiduciary Duty | Nordman Cormany Hair & Compton | Damages Analysis |
| 83. | Protocol Services, Inc. v. Evolve Tele-Services, et al. Case No. 5:03 CV 0174 (2004) | U.S. District Court Western District of Michigan Southern Division | Theft of Trade Secret | Jenner & Block | Damages Analysis |
| 82. | Jerome Dahan and Michael Glasser. v. L'Koral and Peter Koral Case No. BC 286577 (2004) *193 | Los Angeles County Superior Court, California | Fraud and Breach of Fiduciary Duty | Browne & Woods Law Offices of Gary Freedman | Business Valuation |
| 81. | Engineered Products Co. v. Donaldson Company, Inc. Civ. No. 98-2106 MJM (2004) *132 | U.S. District Court, Northern District of Iowa | Patent Infringement | Robins, Kaplan, Miller & Ciresi | Damages Analysis |
| 80. | Mallinckrodt, Inc., et al. v. Masimo Corporation Case No. CV 00-6506 MRP (2004) | U.S. District Court Central District of California | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |
| 79. | Meridian Enterprises Corporation v. Carlson Marketing Group, Inc. Case No. 4:01CV1955CDP (2004) *185 | U.S. District Court Eastern District of Missouri, Eastern Division | Patent Infringement | Woodard, Emhardt, Moriarty & McNett | Damages Analysis |
| 78. | Glaxo Group Ltd. and Glaxo Wellcome, Inc. V. Ranbaxy Pharmaceuticals Inc. Civil Action No. 00-5172 MLC (2003) *179 | U.S. District Court District of New Jersey | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |
| 77. | Lyrick Studios, Inc. v. Big Idea Productions, Inc. Civil Action 3-02 CV-0034 M (2003) *173 | U.S. District Court Northern District of Texas, Dallas Division | Breach of Contract | Baker Botts L.L.P. O'Melveny & Myers | Damages Analysis |
| 76. | LASVN#2, et. al. v. Van Ness and Sperry, et. al., Case No. BC 206251 (2003) *163 | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Krane & Smith | Damages Analysis & Punitive Damages |

**Underlined party was my client.

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|--------------------|----------------|
| 75. | Carver et al. v. Audio Products International Corp. Case No. CV00-1477L (2003) *164 | U.S. District Court Western District of Washington | Patent Infringement | Christenson, O'Connor, Johnson & Kindness | Damages Analysis |
| 74. | Lowe's Home Centers, Inc. v. General Electric Company Case No. 4:98-CV 0028 (2002) *135 | U.S. District Court, Northern District of Georgia Rome Division | Environmental Contamination | Williams & Connolly | Damages Analysis |
| 73. | City of Hope National Medical Center v. Genentech, Inc. Case No. BC 215152 (2001) & (2002) *154 | Los Angeles Superior Court, California | Breach of Contract | Irell & Manella | Damages Analysis & Punitive Damages |
| 72. | Perry v. Mellon Financial Corporation Case No. 997170 (2001) *157 | San Francisco Superior Court | Breach of Contract | Howard, Rice, Nemerovski, Canady, Robertson & Folk | Damages Analysis |
| 71. | True North Composites LLC v. Trinity Industries Case No. 99-783 (2001) | U.S. District Court District of Delaware | Breach of Contract | Baker Botts L.L.P. | Damages Analysis |
| 70. | MET-Rx Foundation for Health Enhancement, et al. v. MET-RX USA, INC., et al. Case No. 771551 (2000) *126 | Orange County Superior Court, California | Breach of Contract | Feldhake, August & Roquemore | Damages Analysis |
| 69. | Telecontrol Systems, Inc. v. Westec Security, Inc. Case No. BC 188264 (2000) *125 | Los Angeles Superior Court, California | Theft of Trade Secret | Howarth & Smith | Damages Analysis |
| 68. | Hameetman v. Schumann, et al., Case No. SC 049754 (2000) *124 | Los Angeles Superior Court, California | Breach of Contract | Hennigan, Bennett & Dorman | Damages Analysis |
| 67. | Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc. Case Nos. 95-03577 DLJ & 96-00942(DLJ) (1999) *121 | U.S. District Court Northern District of California, Oakland Division | Patent Infringement | Robins, Kaplan, Miller & Ciresi | Damages Analysis |
| 66. | Trovan, Ltd., et al. v. Pfizer, Inc. Case No. 98-0094 (1999) *120 | U.S. District Court, Central District of California | Lanham Act | Levin & Hawes | Damages Analysis |
| 65. | Precor Incorporated v. Life Fitness Civil No. C94-1586C (1999) *117 | U.S. District Court Western District of Washington | Patent Infringement, Unfair Competition | Christenson, O'Connor, Johnson & Kindness | Damages Analysis |
| 64. | Surgin Surgical Instrumentation, Inc. v. Truck Insurance Exchange Case No. 66 2216 (1999) *114 | Orange County Superior Court, California | Breach of Contract | Stradling Yocca Carlson & Rauth | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|--------------------|----------------|
| 63. | Airgas, Inc. v. Praxair, Inc. Case No. 115 (1999) | Common Pleas, First Judicial District of Pennsylvania | Breach of Contract | Cozen & O'Connor | Damages Analysis |
| 62. | Chesterfield Investments, et al. v. Stone Container Corporation Case No. BC 188858 (1999) *113 | Los Angeles Superior Court, California | Breach of Contract | Orrick, Herrington & Sutcliffe | Damages Analysis |
| 61. | Lexecon, Inc. v. Milberg, Weiss, et al. No. 92C7768 (1999) | U.S. District Court, Northern District of Illinois | Abuse of Process | Jenner & Block | Damages Analysis |
| 60. | Saremi, et al. v. Atara, et al. Case No. 387467 (1999) *111 | San Mateo Superior Court, California | Breach of Contract | Nelson, Greenberg & Cohen | Damages Analysis |
| 59. | 9850 Meadowglen Properties v. A.G. Spanos Enterprises, Inc. Case No. BC 084216 (1998) and (1997) | Los Angeles Superior Court, California | Breach of Contract | Freeman & Brown | Damages analysis |
| 58. | Evanite Fiber Corp. v. Lauschaer Glaswerk GmbH, et al. Civil No. 2: 96-3525-18 (1998) *106 | U.S. District Court, District of South Carolina, Charleston Division | Theft of Trade Secret | Farleigh, Wada & Witt | Damages Analysis |
| 57. | Ayre, et al. V. Attwood Corp., et al. Case No. 96-5087-NP (1998) *103 | Circuit Court, County of Kent, Michigan | Wrongful Death | Kell & Lynch; Chaklos, Jungerheld, Hahn & Washburn | Damages Analysis |
| 56. | AMETRON v. Entin, et al. Case No. BC160521 (1998) *101 | Los Angeles Superior Court, California | Usurpation of Corporate Opportunity | Mahoney, Coppenrath, Jaffe & Pearson | Damages Analysis |
| 55. | Koutney v. Exxon Corporation Case No. CV 748293 (1997) | Santa Clara Superior Court, California | Unfair Competition | McClintock, Weston, Benshoof, Rochefort, Rubalvaca & MacCuish | Damages Analysis |
| 54. | Galaxy Networks, Inc. v. Kenan Systems Corp. Civil Action No. CV-95-5568 DDP (1997) *95 | U.S. District Court, Central District of California | Unjust Enrichment, Quantum Meruit | Irell & Manella | Damages Analysis |
| 53. | Potlatch Corporation v. Beloit Corporation Case No. CV 95-01992 (1997) *92 | 2nd Judicial District State of Idaho | Breach of Contract | Sacks Montgomery | Damages Analysis |
| 52. | The Samuel Goldwyn Co. v. MCEG Virgin Vision, Ltd. Case No. BC 016305 (1997) *91 | Los Angeles Superior Court, California | Breach of Contract | Irell & Manella | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 51. | Competitive Technology, Inc. v. AST Research, Inc. Case No. 74 82 37 (1996) *79 | Orange County Superior Court, California | Tortious Interference with Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 50. | Medical Billing, Inc. v. Medical Management Services No. 1:94-CV-1567 (1996) *77 | U.S. District Court Northern District of Ohio, Eastern Division | Breach of Contract | Donovan, Leisure, Newton & Irvine | Damages Analysis |
| 49. | Cook v. Carousel Mall Case No. SCV 07595 (1996) | San Bernardino Superior Court, California | Breach of Fiduciary Duty | Howarth & Smith | Damages Analysis |
| 48. | Forti v. General Dynamics No. KC 016871/017393 (1996) *73 | Los Angeles Superior Court, California | Breach of Contract | Howarth & Smith | Business Valuation |
| 47. | Wilcox & Devineni v. Wilkes-Barre General Hospital Case No. 5418-C-1990 (1996) | Court of Common Pleas, Lucerne County, Pennsylvania | Breach of Contract | Nash & Company | Damages Analysis |
| 46. | TLB, Inc. v. Platinum Software Civil No. 95WY621 (1996) *72 | U.S. District Court of Colorado | Tortious Interference with Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 45. | In re: AST Research Securities Litigation CV-94-1370 SVW (1995) *66 | U.S. District Court, Central District of California | Class Action Securities Case | Prongay & Mikolajcyk; Greenfield & Rifkin | Damages Analysis |
| 44. | TRW, Inc. v. Talley Industries CIV 94-0350-PHX-PGR (1995) *64 | U.S. District Court, District of Arizona | Breach of Contract | Donovan, Leisure, Newton & Irvin; Cohen & Cotton | Damages Analysis |
| 43. | Supra Corporation v. D.L. Horton Enterprises, Inc. BC 093085 (1995) *61 | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 42. | Portland 76 v. UNOCAL, et al. Case No. 92-1635 (1995) | U.S. District Court District of Oregon | Breach of Contract | Ball, Janik & Novack | Damages Analysis |
| 41. | Mortorff v. Scotti Bros. Entertainment No. BC 022503 (1995) | Los Angeles Superior Court, California | Breach of Contract | Law Offices of James P. Tierney | Damages Analysis |
| 40. | Mahne v. Crown Roll Leaf No. BC069435 (1994) *59 | Los Angeles Superior Court, California | Breach of Contract | Quinn, Emanuel, Urquhart & Oliver | Damages Analysis |

**Underlined party was my client.

**EXPERT TESTIMONY—COURT** (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|--------------------|----------------|
| 39. | Castro v. Paine Webber, Inc. No. 1:94CV65 and No. 1:94CV256 (1994) | U.S. District Court, Eastern Division of Texas | Class Action Securities Case | Provost & Umphrey | Fairness of Settlement |
| 38. | Virgin Vision Ltd. v. The Samuel Goldwyn Co. No. BC-013701 (1994) *58 | Los Angeles Superior Court, California | Intellectual Property | Law Offices of James P. Tierney | Damages Analysis |
| 37. | Chaintool Company v. Workman, Nydegger & Jensen Civil No. 900903226CV (1994) *55 | Third Judicial Court, Salt Lake City, Utah | Patent Attorney Malprac-tice | Wilkins, Oritt & Headman | Damages Analysis |
| 36. | In re: Information Resources, Inc. Civil No. 89C 3712 (1994) *53 | U.S. District Court, Northern District of Illinois | Class Action Securities Case | Freeborn & Peters; Katten, Muchin & Zavis | Budgeting |
| 35. | Lawrence v. Equipment Denis (1993) | Circuit Court, Multnomah County, Oregon | Products Liability | Farleigh, Wada & Witt | Damages Analysis |
| 34. | Georgia Pacific v. Corrugated Partitions, Inc. (1993) | Orange County Superior Court, California | Breach of Contract | Howarth & Smith | Alter Ego Analysis |
| 33. | Grice Industries v. Ingman (1993) | Circuit Court, Lane County, Oregon | Patent Attorney Malprac-tice | Williams & Troutwine | Damages Analysis |
| 32. | Boly v. Boly (1992) | Circuit Court, Multnomah County, Oregon | Marital Dissolution | Gevurtz, Menashe, Hergert, Larson & Kurshner | Business Valuation |
| 31. | Rekdahl v. Owens Illinois (1992) | Los Angeles Superior Court, California | Products Liability | Howarth & Smith | Punitive Damages |
| 30. | E.J. Bartells Co. v. A.P. Green Industries (1992) *42 | King County Superior Court, Washington | Securities Laws Violations | Thompson & Mitchell | Damages Analysis |
| 29. | Glock v. Owens Illinois (1991) | Philadelphia County Court, Pennsylvania | Products Liability | Howarth & Smith | Punitive Damages |
| 28. | Ixsys v. Stratagene (1991) *38 | San Diego Superior Court, California | Intellectual Property | Pillsbury, Madison & Sutro | Damages Analysis |
| 27. | WSI v. Port of Portland (1991) | Circuit Court, Multnomah County, Oregon | Breach of Contract | Bogle & Gates | Damages Analysis |
| 26. | Torppe v. Saint Joseph Medical Center (1991) | Los Angeles, Superior Court, California | Medical Malpractice | Gibson, Dunn & Crutcher | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 25. | Keike v. Owens Illinois (1991) | Circuit Court, Hawaii | Asbestos | Greeley, Walker & Kowen | Punitive Damages |
| 24. | Gresham v. Warren Tool (1991) | Circuit Court, Multnomah County, Oregon | Product Liability | Farleigh, Wada & Witt | Damages Analysis |
| 23. | Ingram v. Owens Illinois (1990) *36 | U.S. District Court, Oregon | Asbestos | Morgenstein & Jubelirer | Punitive Damages |
| 22. | First Interstate Bank of Washington v. AFC (1990) *33 | King County Superior Court, Washington | Lender Liability | Davis, Wright & Tremaine | Damages Analysis |
| 21. | Woodbridge Plaza v. Bank of Irvine (FDIC) (1990) *30 | Orange County Superior Court, California | Breach of Contract | Bidna & Keys | Real Estate Valuation |
| 20. | Hammersmith v. Taco Bell Corp. (1990) *27 | U.S. District Court, Oregon | Fraud | Skadden, Arps, Slate, Meagher & Flom | Damages Analysis |
| 19. | Pioneer Hi-Bred v. Holden Foundation Seeds (1989) *26 | U.S. District Court, Iowa | Theft of Trade Secret | Grefe & Sidney | Damages Analysis |
| 18. | In re: Desert High Foods, Inc. (1989) | U.S. Bankruptcy Court, Eastern District of California | Bankruptcy | Gendel, Raskoff,  Shapiro & Quittner | Business Valuation |
| 17. | ASD, Ltd. v. Carolina Lanes, Inc. (1989) | Los Angeles Superior Court, California | Unlawful Detainer | Law Offices of Frank Whitehead | Revenue Analysis |
| 16. | Hideaway Productions v. Ampex Corp. (1989) *25 | Los Angeles Superior Court, California | Breach of Implied Warranties, Fraud | Rosenfeld, Meyer & Susman | Damages Analysis |
| 15. | Bernstein v. Delta Airlines (1989) *23 | U.S. District Court, Southern District of Florida | Wrongful Death | Steven Walker; Jenner & Block | Damages Analysis |
| 14. | Lippman v. Levy (1989) *22 | Los Angeles Superior Court, California | Breach of Contract, Fraud | Browne & Woods | Business Valuation |
| 13. | Kay Co. v. HCC Industries (1989) *20 | U.S. District Court, Southern District of Texas | Product Liability | Mayer, Day & Caldwell | Alter Ego Analysis |
| 12. | Challenge/Cook Brothers v. LCB Holdings (1989) | Federal District Court, Central District of California | Breach of Contract | Loeb & Loeb | Business Valuation |

---

**Underlined party was my client.

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 11. | Gursey v. Landon (1988) | Los Angeles Superior Court, California | Accounting Malpractice | Haight, Brown & Bonesteel | Professional Standards |
| 10. | Redacted v. Redacted (1988) *17 | Los Angeles Superior Court | Professional Negligence | Riordan & Mckenzie | Professional Negligence & Damages Analysis |
| 9. | George W. Gaulding, Jr. v. River Downs Investments Co. (1988) | U.S. Bankruptcy Court, Central District of California | Bankruptcy, Breach of Fiduciary Duty | Lobel, Winthrop & Broker | Investigatory Accounting |
| 8. | Egilsson v. Polarknit (1987) | Federal District Court, Central District of California | Antitrust | Shea & Gould | Damages Analysis |
| 7. | Newman v. Stutman, Treister & Glatt (1986) | Los Angeles Superior Court, California | Legal Malpractice | Irell & Manella | Damages Analysis |
| 6. | Stewart v. Stewart 1986) | Orange County Superior Court, California | Fraud to Set Aside Marital Dissolution Property Settlement | Hunt, Colaw & Roe, Inc. | Business Valuation |
| 5. | Prowizor v. City of Los Angeles (1986) | Los Angeles City Administrative Hearing, California | Wrongful Termination | Lowe & Marr | Damages Analysis |
| 4. | Asphalt Specialties, Inc. v. State of California (1986) | Riverside Superior Court, California | Breach of Contract | Legal Staff of California Department of Transportation | Damages Analysis |
| 3. | Cadillac Fairview/California, Inc. v. Atlantic Mutual Insurance Co. 1985) | Federal District Court, Northern District of California | Breach of Insurance Contract | Irell & Manella | Analysis of Reasonableness of Attorney Fees |
| 2. | Decorative Carpets v. Barkhordarian (1983 and 1988) *3 | San Francisco Superior Court, California | Constructive Eviction | Pillsbury, Madison & Sutro | Damages Analysis |
| 1. | Bernstein v. L.A. New Hospital (1983) | Los Angeles Superior Court, California | Breach of Contract | Gold, Herscher, Marks & Pepper | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 330. | Bryan Michael Stow, et.al. v. Los Angeles Dodgers, LLC et. al. Case No. BC462127 (2014) | Los Angeles Superior Court, California | Negligence | Lewis Brisbois Bisgaard & Smith LLP | Alter Ego |
| 329. | SquareTrade, Inc. v. AmTrust North America, Inc. and AMT Warranty Corp. Ref. No. 74-195-Y-000341-13 (2013) | American Arbitration Association, San Francisco | Breach of Contract | Arnold & Porter LLP | Damages Analysis |
| 328. | Wi-LAN USA, INC. and Wi-LAN Inc. v. Toshiba Corporation; Toshiba America, Inc.; Toshiba America Electronic Components, Inc.; and Toshiba America Information Systems, Inc. Case No. 12-Civ-23744 (2013)** | U.S District Court, Southern District of Florida | Patent Infringement | Kilpatrick Townsend & Stockton LLP | Damages Analysis |
| 327. | Intellectual ventures I LLC and Intellectual Ventures II LLC v. Altera Corporation and Xilinx, Inc. Civil Action No. 10-1065-LPS (2013)** | U.S. District Court, District of Delaware | Patent Infringement | Desmarais, LLP | Damages Analysis |
| 326. | Applied Medical Resources Corporation v. Tyco Healthcare Group LP d/b/a Covidien Civil Action No. SACV11-01406JVS (ANx) (2013)** | U.S. District Court, Central District of California | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |
| 325. | C-Cation Technologies, LLC v. Comcast Corporation, Charter Communications, Inc., Cequel Communications, LLC d/b/a Suddenlink Communications, and Cable One, Inc. Civil Action No. 2:11-cv-30 (2013)** | U.S. District Court, Eastern District of Texas, Marshall Division | Patent Infringement | Kenyon & Kenyon | Damages Analysis |
| 324. | TracBeam v. AT&T, Inc. and AT&T Mobility L.L.C. Case No. 6:11-cv-96 (2013)** | U.S. District Court, Eastern District of Texas, Tyler Division | Patent Infringement | Baker Botts | Damage Analysis |
| 323. | Guzik Technical Enterprises, Inc. v. Western Digital Corporation, et al. Case No.:11-cv-03786-PSG (2013)** | U.S District Court, Northern District of California | Patent Infringement, Theft of Trade Secrets, and Breach of Contract | Kilpatrick Townsend | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 322. | Intellectual Ventures I LLC v. Symantec Corp. Civil Action No. 10-cv-1065-LPS (2013)** | U.S. District Court, District of Delaware | Patent Infringement | Susman Godfrey LLP | Damages Analysis |
| 321. | Intellectual Ventures I LLC v. Trend Micro Incorporated and Trend Micro, Inc. (USA) Civil Action No. 12-cv-1581-LPS (2013)** | U.S. District Court, District of Delaware | Patent Infringement | Susman Godfrey LLP | Damages Analysis |
| 320. | Carl B. Collins and Farzin Davanloo v. Nissan North America, Inc. and Nissan Motor Co., Ltd. Case No. 2:11-cv-00428-DF (2013)** | U.S. District Court, Eastern District of Texas, Marshall Division | Patent Infringement | Jackson Walker | Damages Analysis |
| 319. | Language Line Services, Inc. v. Language Services Associates, Inc., William Schwartrz, and Patrick Curtin Case No. CV 10-02605-JW (2013)** | U.S. District Court, Northern District of California | Theft of trade secrets | Murphy, Rosen, Meylan LLP Holmes Weinberg PC | Value of trade secrets |
| 318. | EasyWeb Innovations, LLC v. Twitter, Inc. Civil Action No. 2:11-cv-4550 (JFB)(WDW) (2012)** | U.S. District Court, Eastern District of New York | Patent Infringement | Desmarais, LLP | Damages Analysis |
| 317. | In re Heller Ehrman LLP and Heller Ehrman LLP, Liquidating Debtor v. Jones Day Case No. 08-32514 DM (2012)** | U.S. Bankruptcy Court, Northern District of California, San Francisco Division | Bankruptcy | Jones Day | Damages Analysis |
| 316. | XpertUniverse, Inc. v. Cisco Systems, Inc. Civil Action No. 09-157-RGA (2012)** | U.S. District Court, District of Delaware | Theft of Trade Secrets, Fraud, Conversion and Patent Infringement | Morgan Lewis & Bockius | Damages Analysis |
| 315. | Innovative Sonic Limited v. Research In Motion Ltd. And Research In Motion Corporation Civil Action No. 3:11-CV-706 (2012)** | U.S. District Court, Northern District of Texas | Patent Infringement | Cooley LLP | Damages Analysis |
| 314. | Boston Scientific Corp. et al. v. Mirowski Family Ventures, LLC Civil Action 1:11-cv-00736 (2012)** | U.S. District Court, Southern District of Indiana | Satisfaction of Royalty Obligation | Finnegan Henderson Farabow, Garrett & Dunner | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 313. | Mee Industries, Inc. v. Wasserman Comden & Casselman, L.L.P., I Donald Weissman, David & McElyea, P.A., John McElyea and D. Paul McCaskill Case No. 2011-CA-004008-O (2012) | Ninth Judicial District, Orange County, Florida | Legal Malpractice | Hill Ward Henderson | Damages Analysis |
| 312. | TV Interactive Data Corporation v. Sony Corporation; Sony Computer Entertainment Inc.,; Sony Computer Entertainment America, Inc.; Sony Corporation of America; and Sony Electronics Co., Ltd  Case No. C 10-00475 PJH (2012)** | U.S. District Court, Northern District of California | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 311. | Masimo Corporation v. Philips Electronics North America Corporation and Philips Medizin Systeme Boblingen GMBH Civil Action No. 09-080 (JJF) (2012)** | U.S. District Court, District of Delaware | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |
| 310. | Gen-Probe, Incorporated v. Becton, Dickinson and Company Case Action No. 09 CV 2319 and 10 CV 0602 BEN (NLS) (2012)** | U.S. District Court, Southern District of California | Patent Infringement | Latham & Watkins | Damages Analysis Commercial Success |
| 309. | Shelbyzyme LLC v. Genzyme Corporation Civil Action No. 09-768 (GMS) (2012)** | U.S. District Court, District of Delaware | Patent Infringement | Quinn Emanuel | Damages Analysis |
| 308. | Apple, Inc. v. Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC Case No. 12-cv-00630-LHK (2012)** | U.S. District Court, Northern District of California, San Jose Division | Patent Infringement | Quinn Emanuel | Irreparable Harm Damages Analysis |
| 307. | Apple Inc. and Next Software, Inc. (f/k/a NeXT Computer v. Motorola, Inc., and Motorola Mobility, Inc. Case No. 1:11-CV-08540 (2012)** | U.S. District Court, Northern District of Illinois | Patent Infringement | Quinn Emanuel | Damages Analysis |
| 306. | iHance, Inc. v. Eloqua Limited and Eloqua Corporation Case no. 2:11 CV 257 (MSD/TEM) (2012)** | U.S. District Court, Eastern District of Virginia | Patent Infringement | Williams & Connolly | Damages Analysis |
| 305. | CooperVision Inc. v. CIBA Vision A.G. Docket No. 50-122-T-00363-11 (2012)** | American Arbitration Association International Centre for Dispute Resolution | Breach of Patent License | Irell & Manella | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 304. | WesternGeco L.L.C. v. ION Geophysical Corporation, Fugro-Geoteam, Inc., Fugro-Geoteam AS, Fugro Norway Marine Services AS, Fugro, Inc., Fugro (USA), Inc., and Fugro Geoservices, Inc. Civil Action No. 4:09-cv-1827 (2012)** | U.S. District Court, Southern District of Texas, Houston Division | Patent Infringement | Royston Raynor | Damages Analysis |
| 303. | St. Clair Intellectual Property Consultants, Inc. v. Microsoft, Intel, Dell, Toshiba, Lenovo, and Acer Civil Action No. 09-353-JJF, 09-704-JJF, and 10-282-LPS (2012)** | U.S. District Court, District of Delaware | Patent Infringement | Rader, Fishman and Grauer PLLC | Damages Analysis |
| 302. | Technology & Intellectual Property Strategies Group PC v. Basil P. Fthenakis and Cambridge CM, Inc. Case No. CV 11-02373 CRB (2012)** | U.S. District Court, Northern District of California, San Francisco Division | Copyright, Trademark, Conversion, Labor Code Violations & Breach of Contract | Law Office of William Milks | Damages Analysis |
| 301. | Dollar Tree Stores, Inc. v. Toyoma Partners, LLC, Peter Pau d/b/a Sand Hill Property Company, Peter Pau, Sand Hill Property Management Company, Susanna Pau, and Capella-Mowry, LLC Case No. CV-10-0325 SI (2011)** | U.S. District Court, Northern District of California | Breach of Contract and Unfair Competition | Fox Rothschild LLP | Alter Ego and Damages Analysis |
| 300. | Rembrandt Vision Technologies, L.P. v. Johnson & Johnson Vision Care, Inc. Civil Action No. 3:11-cv-00819-J-32-JRK (2011)** | U.S. District Court, Middle District of Florida, Jacksonville Division | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 299. | Datel Holdings, Ltd. And Datel Design & Development, Inc. v. Microsoft Corporation Case No. CV-09-5535 EDL (2011)** | U.S. District Court, Northern District of California, San Francisco Division | Theft of Trade Secret, Copyright, Trademark | Howard Rice Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 298. | Whirlpool Corporation and Maytag Corporation v. Sensata Technologies, Inc. and Texas Instruments, Inc. Case No. 09 L 1022 (2011) | Circuit Court of Cook County, Illinois | Product Liability | Greenberg Traurig | Damages Analysis |
| 297. | Redacted v. Redacted (2011)** | American Arbitration Association- New York | Breach of Patent Transfer Agreement | Schnader Harrison Segal and Lewis LLP | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 296. | Apple, Inc. v. Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC Case No. 11-cv-01846-LHK (2011 2012, and 2013)** | U.S. District Court, Northern District of California, San Jose Division | Patent Infringement | Quinn Emanuel | Irreparable Harm & Damages Analysis |
| 295. | HTC Corporation et al. v. IPCom GmbH & Co., KG 1:08:cv-01897-RMC (2011)** | U.S. District Court, District of Columbia | Patent Infringement | Kilpatrick Townsend & Stockton | Damages Analysis |
| 294. | Microsoft Corporation v. Motorola Mobility, Inc. 1:10-CV-24063 Moreno (2011)** | U.S. District Court, Southern District of Florida | Patent Infringement | Ropes & Gray | Damages Analysis |
| 293. | ActiveVideo Networks, Inc. v. Verizon Communications, Inc. et al. Civil Action No. 2:10cv248 (2011)** | U.S. District Court, Eastern District of Virginia | Patent Infringement | Morgan Lewis & Bockius | Damages Analysis Commercial Success |
| 292. | Starcrest Products of California v. Millennium Corporate Solutions and Lexington Insurance Company Case No. RIC 434493 (2011)** | Riverside County Superior Court, California | Breach of Contract | Law Office of David Gerber | Damages Analysis |
| 291. | Tamrarack Scientific Co., Inc. v. Ultratech, Inc. Case No. RIC450454 (2011)** | Riverside County Superior Court, California | Malicious prosecution | Thompson & Knight Hale & Associates | Damages Analysis |
| 290. | Grimaud Farms of California, Inc. v. Whole Foods Market California and Whole Foods Market Services, Inc. Case No. CV030845 (2011) | San Joaquin County Superior Court, California | Breach of contract, Fraud, Tortious Interference with Contract. | Damrell, Nelson, Schrimp, Pallios, Pacher & Silva | Damages Analysis |
| 289. | Wellogix, Inc. v. Accenture, LLP Civil Action No. 3:08-CV-119 (2011)** | U.S. District Court, Southern District of Texas | Theft of Trade Secrets Interference with Contract | Laminack, Pirtle & Martines | Damages Analysis |
| 288. | Tecsec, Inc. v. International Business Machines Corp. Case No. 1:10-cv-115-LMB/TCB (2010}** | U.S. District Court, Eastern District of Virginia | Patent Infringement | Hunton & Williams | Damages Analysis |
| 287. | St. Jude Medical, Inc. and St. Jude Medical Puerto Rico LLC v. Access Closure, Inc. Case No. 4:08-cv-04101-HFB (2010)** | U.S. District Court, Western District of Arkansas, Texarkana Division | Patent Infringement | Quinn Emanuel | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 286. | Lectec Corporation v. Chattem, Inc. and Prince of Peace Enterprises, Inc. Case No. 5:08-cv-00130-DF (2010)** | U.S. District Court, Eastern District of Texas, Texarkana Division | Patent Infringement | Rader, Fishman and Grauer | Damages Analysis |
| 285. | E.I. du Pont de Nemours and Company v. Kolon Industries, Inc. Civil Action No. 3:09cv58 (2010)** | U.S. District Court, Eastern District of Virginia | Theft of trade secrets | Paul Hastings | Damages Analysis |
| 284. | Volterra Semiconductor Corp. v. Primarion, Inc., Infineon Technologies AG, and In-fineon Technologies North America Corp. Case No. CV 08-5129 JCS (2010 and 2013)** | U.S. District Court, Northern District of California | Patent Infringement | Farella Braun & Martel | Commercial Success and Price Erosion |
| 283. | Advanced Micro Devices, Inc. v. Samsung Electronics Co., et al. Civil Action No. CV-08-0986-SI (2010)** | U.S. District Court, Northern District of California, San Francisco Division | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 282. | IMRA America, Inc. v. IPG Photonics Corporation Civil Action No. 2:06-15139 (ADT)(MKM) (2010 and 2011)** | U.S. District Court, Eastern District of Michigan | Patent Infringement | Skadden Arps Slate Meagher & Flom | Damages Analysis Commercial Success |
| 281. | Wellogix, Inc. v. BP America, Inc. Civil Action No. 4:09-CV-1511 (2010)** | U.S. District Court, Southern District of Texas, Houston Division | Theft of trade secrets, Breach of contract, Tortious Interference with Prospec-tive Business Relations | Laminack, Pirtle & Martines | Damages Analysis |
| 280. | Thomas Weisel Partners LLC & Thomas Weisel International Private Limited v. BNP Paribas, BNP Paribas Securities (Asia) Limited, and Praveen Chakravarty Case No. 3:07-cv-06198 MHP  (2010)** | U.S. District Court, Northern District of California, San Francisco Division | Theft of Trade Secrets, Intentional Interference with Contract, Breach of Fiduci-ary Duty | Howard Rice Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 279. | St. Clair Intellectual Property Consultants, Inc. v. Palm, Inc., Kyocera Communica-tions, Inc., and Kyocera Wireless Corpora-tion Civil Action No. 06-404-JJF-LPS (2010)** | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |

## EXPERT TESTIMONY—DEPOSITION (**If <u>Protective Order</u> in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 278. | Power Integrations, Inc. v. <u>Fairchild Semi-conductor International, Inc., Fairchild Semiconductor Corporation, and Systems General Corporation</u> Civil Action No. 08-09-JFF-LPS (2010)** | U.S. District Court, District of Delaware | Patent Infringement | Orrick Herrington & Sutcliffe | Damages Analysis |
| 277. | <u>St. Clair Intellectual Property Consultants, Inc.</u> v. Research In Motion, LTD., Research In Motion Corp., and General Imaging Co. Civil Action No. 08-371-JJF-LPS (2010)** | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 276. | Rosetta Stone Ltd. V. <u>Google, Inc.</u> Civil Action No. 1:09CV736 GBL/JFA (2010)** | U.S. District Court, Eastern District of Virginia | Trademark Infringement | Quinn Emanuel | Damages Analysis |
| 275. | <u>St. Clair Intellectual Property Consultants, Inc.</u> v Fujifilm Holdings Corporation, Fujifilm Corporation, Fuji Photo Film Co., Ltd., Fuji Photo Film U.S.A., Inc., Fujifilm U.S.A., Inc., and Fujifilm America Inc. No. 08-373-JJF-LPS (2010)** | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 274. | <u>St. Clair Intellectual Property Consultants, Inc.</u> v. Matsushita Electric Industrial Co., Ltd. (now known as Panasonic Corpora-tion), Matsushita Corporation of America (now known as Panasonic Corporation of North America), Victor Company of Japan, Ltd. And JVC Company of America No. 04-1436-JJF-LPS (2010)** | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 273. | <u>St. Clair Intellectual Property Consultants, Inc.</u> v. Hewlett-Packard Company Civil Ac-tion No. 04-1436-JJF-LPS (2010)** | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 272. | <u>St. Clair Intellectual Property Consultants, Inc.</u> v. Nokia Corporation and Nokia, Inc. Civil Action No. 04-1436-JJF-LPS (2010)** | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 271. | St. Clair Intellectual Property Consultants, Inc. v. HTC Corporation, H.T.C. (B.V.I.) Corp., and HTC America, Inc. Civil Action No. 06-404-JJF-LPS (2010)** | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 270. | Marvell Semiconductor, Inc., Marvell Asia PTE., LTD., and Marvel International, LTD v. Commonwealth Scientific and Industrial Research Organisation Civil Action No. 6:07-CV-204 (LED) (2010)** | U.S. District Court, Eastern District of Texas | Patent Infringement | Townsend and Townsend and Crew | Damages Analysis |
| 269. | Codonics, Inc. v. DatCard Systems, Inc. Case No. 1:08CV1885 (2010)** | U.S. District Court, Northern District of Ohio | False advertising, False Patent Marking | Law offices of Michael W. Kinney | Damages Analysis |
| 268. | Function Media, L.L.C. v. Google, Inc. Case No. 2-007-CV-279 (2009)** | U.S. District Court, Eastern District of Texas, Marshall Division | Patent Infringement | Quinn Emanuel | Damages Analysis |
| 267. | Motorola, Inc. v. VTech Communications, Inc. & VTech Telecommunications, Ltd. Case No. 5:07-CV-00171-DF-CMC (2009)** | U.S. District Court, Eastern District of Texas, Texarkana Division | Patent Infringement | Ropes & Gray | Damages Analysis |
| 266. | Sportsmark Trading, Ltd., v. Roger Cleveland Golf Company, Inc. Case No. 07CC12309 (2009)** | Orange County Superior Court, California | Breach of Contract | Krane & Smith | Damages Analysis |
| 265. | MLC Intellectual Property, LLC v. BTG International, Inc. Case No. 108CV109292 (2009)** | Santa Clara Superior Court, California | Breach of Contract | Korda Johnson & Wall | Damages Analysis |
| 264. | Aircraft Technical Publishers v. Avantext, Inc. Case No. C 07-4154 SBA (2009)** | U.S. District Court, Northern District of California, Oakland Division | Patent Infringement | Russo & Hale | Damages Analysis |
| 263. | ICON Health & Fitness, Inc. v. True Fitness Technology, Inc. Case No. 5:08-CV-00026 (2009)** | U.S. District Court, Eastern District of Texas, Texarkana Division | Patent Infringement | Workman Nydegger | Damages Analysis |
| 262. | Advanced Thermal Sciences Corporation v. Applied Materials, Inc. Case No. 8:07-CV-1384 (JVS) (2009)** | U.S. District Court, Central District of California, Southern Division | Breach of Contract, Fraud | Orrick Herrington & Sutcliffe | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If <u>Protective Order</u> in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 261. | Versata Software, Inc., et al. v. <u>SAP America, Inc. and SAP, AG</u>  Civil Action No.: 2:07-cv-153-CE (2009 and 2011)** | U.S. District Court, Eastern District of Texas, Marshall Division | Patent Infringement | Howrey, LLP | Damages Analysis |
| 260. | Transocean Offshore Deepwater Drilling, Inc. v. <u>Maersk Contractors, USA, Inc.</u> Case No. H-07-02392 (2009 and 2011)** | U.S. District Court, Southern District of Texas | Patent Infringement | Brinks Hofer Gilson & Lione  Smyser Kaplan & Veselka | Damages Analysis |
| 259. | The Official Committee of Unsecured Creditors v. <u>Asarco, LLC</u> Case No. 05-21207 (2009)** | United States Bankruptcy Court, Southern District of Texas | Alter Ego | Baker  Botts | Alter Ego Analysis |
| 258. | <u>St. Vincent Medical Center and Daughters of Charity Health System</u> v. Hector C. Ramos, M.D., Hector C. Ramos, M.D., Inc., Richard R. Lopez, Jr., M.D., and Richard R. Lopez, Jr. M.D. Inc. Case No. 1220037027 (2009) | JAMS | Fraud, Negligence, Breach of Fiduciary Duty | Jones Day | Damages Analysis |
| 257. | Kinetic Concepts, Inc., KCI Licensing, Inc., KCI USA, Inc., and Wake Forest University Health Sciences v. <u>Blue Sky Medical Group, Inc., Smith & Nephew, Inc.</u> Case No. SA08-CA-102 RF (2009 and 2010)** | U.S. District Court, Western District of Texas, San Antonio Division | Patent Infringement | Knobbe Martens Olson & Bear | Irreparable Harm |
| 256. | <u>Accolade Systems LLC</u> v. Citrix Systems, Inc. Civil Action No. 6-07CV-048 (2009)** | U.S. District Court, Eastern District of Texas, Tyler Division | Patent Infringement | The Roth Firm | Damages Analysis |
| 255. | Medtronic, Inc., et al. v. <u>AGA Medical Corporation</u> Case No. C 07 00567 MMC (2009)** | U.S. District Court, Northern District of California, San Francisco Division | Patent Infringement | Alston Bird | Damages Analysis |
| 254. | <u>I4i, LP and i4i, Inc.</u> v. Microsoft Corporation Civil Action No. 6:07-CV-113-LED (2009)** | U.S. District Court, Eastern District of Texas, Tyler Division | Patent Infringement | McKool Smith | Damages Analysis |
| 253. | Finmeccanica S.p.A. and Ansaldo Ricerche S.p.A. v. <u>General Motors</u> Case No. 07-08222 SJO (PJWx) and No. 07-07537 SJO (PJWx) (2009)** | U.S. District Court, Central District of California, Western Division | Trade Secret | Kirkland & Ellis | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If <u>Protective Order</u> in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 252. | <u>Ahcom, Ltd.</u> V. Hendrick Smedling and Lettie Smedling Case No. 3:07 CV 1139 SC (2008) | U.S. District Court, Northern District of California, San Francisco Division | Alter ego | Parish & Small | Alter ego Analysis |
| 251. | <u>Grocery Outlet, Inc.</u> v. American Stores Company, LLC, New Albertson's, Inc., Albertson's LLC, and Save Mart Supermarkets. Civil Action No. C06-2173 JSW (2008)** | U.S. District Court, Northern District of California, San Francisco Division | Trademark Infringement | Craigie, McCarthy & Clow<br>Pirkey Barber LLP | Damages Analysis |
| 250. | <u>Convolve, Inc. and Massachusetts Institute of Technology</u> v. Compaq Computer Corp. and Seagate Technology LLC Case No. 00 Civ. 5141 GBD (2008)** | U.S. District Court, Southern District of New York | Patent Infringement | Cadwalader, Wickersham and Taft | Damages Analysis |
| 249. | Intel Corporation and Dell, Inc. v. <u>Commonwealth Scientific and Industrial Research Organisation</u> Civil Action No. 6:06CV550 (2008)** | U.S. District Court, Eastern District of Texas | Patent Infringement | Townsend and Townsend and Crew | Damages Analysis |
| 248. | <u>Ainsworth Engineered (USA) LLC et al</u> v. Advanced Manufacturing Corporation et al Case No. 1:07 CV 00909 CAB (2008)** | U.S. District Court, Northern District of Ohio | Product Liability | Dorsey & Whitney | Damages Analysis |
| 247. | <u>Vanguard Products Group</u> v. Merchandising Technologies, Inc. Case No. 07-1405-BR (2008)** | U.S. District Court, District of Oregon | Patent Infringement | Stoll Berne | Damages Analysis |
| 246. | <u>epicRealm Licensing, L.P.</u> v. Various, Inc. and Herbalife International, Inc. Civil Action 5:07-cv-135 (Consolidated) (2008)** | U.S. District Court, Eastern District of Texas | Patent Infringement | Baker Botts | Damages Analysis |
| 245. | Oracle Corporation v. <u>epicRealm Licensing, L.P.</u> Civil Action No. 06-cv-414 SLR (2008)** | U.S. District Court, District of Delaware | Patent Infringement | Jenner & Block | Damages Analysis |
| 244. | <u>Deep Nines, Inc.</u> v. McAfee, Inc. Civil Action No. 9:06-cv174-RC (2008)** | U.S. District Court, Eastern District of Texas | Patent Infringement | Fish & Richardson | Damages Analysis |
| 243. | <u>Brent Williams, As Plan Trustee for Touch America Holdings, Inc.</u> v. Robert P. Gannon, et al. Cause No. DV-2-201 (2008)** | Montana Second Judicial District Court, Silver Bow County | Breach of Fiduciary Duty | Winston & Strawn | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 242. | Abbott Laboratories, Abbott Laboratories, Inc., and Abbott Pharmaceuticals PR Ltd. V. Sandoz, Inc. Civil Action No. 05 C 5373 (2008)** | U.S. District Court, Northern District of Illinois | Patent Infringement | Munger Tolles & Olson | Damages Analysis |
| 241. | Brea Imperial, Inc. v. Titan International, Inc. Case No. 05CC06828 (2008) | Orange County Superior Court, California | Alter Ego | Law Offices of Michael Bononi | Alter ego analysis |
| 240. | Carter Bryant v. Mattel, Inc. Case No. CV 07-9049 SGL (RNBx) Consolidated with Case No. 04-9059 and Case No. 05-2727 (2008, 2010, and 2011)** | U.S. District Court, Central District of California | Copyright Infringement Trade Secret Misappropria-tion, RICO | Quinn Emanuel | Damages Analysis |
| 239. | Comcast Cable Communication Corporation, LLC v. Finisar Corporation Case No. C-06-04206-WHA (2008)** | U.S. District Court, Northern District of California, San Francisco Division | Patent Infringement | Morgan & Finnegan | Damages Analysis |
| 238. | North American Title Company v. Liberty Title Company Case No. C 06-00187 (2008)** | Contra Costa County Court, California | Theft of Trade Secret | Weintraub Genshlea Chediak Jackson Lewis Seyfarth Shaw | Damages Analysis |
| 237. | Eastman Kodak Company v. St. Clair Intellectual Property Licensing, Inc., et al. Case No. 1-05-CV-039164 (2008)** | Santa Clara County Court, California | Slander of Title | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 236. | Diana Gabriel, et al. v. Verizon Communications Inc., et al. Case No. 04 CC 00591 (2007) | Orange County Superior Court, California | Breach of Contract | Paul Hastings Janofsky & Walker | Damages Analysis |
| 235. | Computer Acceleration Corporation v. Microsoft Corporation Case No. 9:06CV-140 (2007)** | U.S. District Court Eastern District of Texas Lufkin Division | Patent Infringement | McKool Smith | Damages Analysis |
| 234. | Hewlett-Packard Company v. Factory Mutual Insurance Company Case No. 04-CV-02791 (2007)** | U.S. District Court Southern District of New York | Business Interruption | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 233. | Veritas Operating Corporation v. Microsoft Corporation Case No. 2:06-cv-00703-JCC (2007)** | U.S. District Court Western District of Washington at Seattle | Patent Infringement | Latham & Watkins | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 232. | Polycom, Inc. and Polycom Israel, Ltd. v. Codian Ltd. And Codian, Inc. Case No. 2-05CV-520 DF (2007)** | U.S. District Court Eastern District of Texas Marshall Division | Patent Infringement | Irell & Manella | Damages Analysis |
| 231. | ISP.NET LLC d/b/a IQuest Internet v. Qwest Communications International, Inc. Case No. IP01-0480 C B/S (2007)** | U.S. District Court Southern District of Indiana Indianapolis Division | Trademark Infringement | Reed Smith Sachnoff & Weaver | Damages Analysis |
| 230. | Cybergym Research LLC v. ICON Health & Fitness, Inc., Sears Roebuck & Co., Costco Wholesale Corp., The Sports Authority, Inc., & Dick's Sporting Goods, Inc. Case No. 2:05-cv-527-DF (2007)** | U.S. District Court Eastern District of Texas Marshall Division | Patent Infringement | Russo & Hale | Damages Analysis |
| 229. | Timeline, Inc. v. Proclarity Corporation and Microsoft Corporation Case No. CV05-1013JLR (2007)** | U.S. District Court Western District of Washington at Seattle | Patent Infringement | Susman Godfrey L.L.P. | Damages Analysis |
| 228. | David Gill, Post Confirmation Trustee for the Estate of Lyon & Lyon v. Orrick, Herrington & Sutcliffe, LLP, et al. Case No. LA-03-10365-VZ (2007)** | U.S. Bankruptcy Court Central District of California Los Angeles Division | Breach of Fiduciary Duty | Howard Rice Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 227. | Cardiac Pacemakers, Inc., Guidant Sales Corporation, Mirowski Family Ventures, LLC, and Anna Mirowski v. St. Jude Medical, Inc. and Pacesetter, Inc. Civil No. 1:96-CV-1718-DFH/TAB (2007)** | U.S. District Court, Southern District of Indiana, Indianapolis Division | Patent Infringement | Finnigan Henderson Farabow Barrett & Dunner LLP | Damages Analysis |
| 226. | Creative Concepts Software, Inc. and ITEK Services, Inc. v. MobileTech Solutions, Inc. Case No. SA CV 05-00670 DOC (MLGx) (2007)** | U.S. District Court Central District of California, Southern Division | Breach of contract | The Feldhake Law Firm | Damages Analysis |
| 225. | Semiconductor Energy Laboratory Co., Ltd. v. Chi MEI Optoelectronics Corp., International Display Technology Co., Ltd., International Display Technology USA, Inc., Westinghouse Digital Electronics, LLC and CTX Technology Corp. C04-4675 RS (2007)** | U.S. District Court Northern District of California | Patent Infringement | Jenner & Block | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|-------------------|----------------|
| 224. | Broadcom Corporation v. Qualcomm Incorporated Case No. SACV05-467 JVS (RNBx (2007)** | U.S. District Court Central District of California, Southern Division | Patent Infringement | Wilmer Cutler Pickering Hale & Dorr | Damages Analysis |
| 223. | Semiconductor Energy Laboratory Co., Ltd. v. Toppoly Optoelectronics Corp.; Samsung Techwin Co., Ltd.; Samsung Optoelectronics America, Inc.; Matsunichi Hi-Tech Ltd.; and Matsunichi Hi-Tech (USA), Inc. Case No. CV 04-4783 TJH (2006)** | U.S. District Court Central District of California | Patent Infringement | Jenner & Block | Damages Analysis |
| 222. | Qualcomm Incorporated v. Broadcom Corporation Case No. 05 CV 1662 B (BLM) (2006)** | U.S. District Court Southern District of California | Patent Infringement | Wilmer Cutler Pickering Hale & Dorr | Damages Analysis |
| 221. | Qualcomm Incorporated v. Broadcom Corporation Case No. 05 CV 1958 (2006)** | U.S. District Court Southern District of California | Patent Infringement | Wilmer Cutler Pickering Hale & Dorr | Damages Analysis |
| 220. | The Nautilus Group, Inc. v. ICON Health & Fitness, Inc., Case No. 02-1420 RSM (2006)** | U.S. District Court of Western District of Washington | Trademark Infringement | Jeffer, Mangels, Butler & Marmaro | Damages Analysis |
| 219. | Moss, et al. v. Veneco et al. Case No. 297083 (2006) | Los Angeles Superior Court, California | Mass Tort | Gallagher & Gallagher; Steptoe & Johnson | Alter Ego |
| 218. | L.G. Philips LCD Co. Ltd. V. Tatung Company, Tatung Company of America, Inc.,  Chunghwa Picture Tubes Ltd., and ViewSonic Corporation.  Civil Action No. 05-292 (JJF) (2006)** | U.S. District Court District of Delaware | Patent Infringement | Howrey LLP | Damages Analysis |
| 217. | Christopher R. Harris v. San Jose Mercury News, Inc. Case No. C-04-05262 (CRB) (2006) | U.S. District Court Northern District of California | Copyright Infringement | DLA Piper Rudnick Gray Cary | Damages Analysis |
| 216. | Dey, L.P. v. IVAX Pharmaceuticals, Inc. and Eon Labs, Inc. Case Nos. SACV 04-00079 CJC (FMOx) and SACV 04-00243 CJC (FMOx) (2006)** | U.S. District Court Central District of California Southern District | Patent Infringement | Hennigan Bennett & Dorman | Commercial Success |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 215. | McKesson Information Solutions LLC  v. The Trizetto Group, Inc. Civil Action No. 04-1258 (2005)** | U.S. District Court Northern District of Delaware | Patent Infringement | Skadden Arps Slate Meagher & Flom | Damages Analysis |
| 214. | Advanced Neuromodulation Systems, Inc. v. Advanced Bionics Corporation Civil Action No. 4:04cv131 (Brown) (2005)** | U.S. District Court Eastern District of Texas Sherman Division | Patent Infringement | Baker Botts L.L.P. | Damages Analysis |
| 213 | Trustee in Bankruptcy for 3dfx v. NVIDIA Corp. Case No. 02-55795 JRG (2005) ** | U.S. Bankruptcy Court Northern District of California San Jose Division | Fraudulent Transfer | Buchalter Nemer Fields & Younger | Business Valuation |
| 212 | John R. Jamison v. Olin Corporation-Winchester Division; U.S. Repeating Arms Co., Inc.,; Browning; Browning Arms Co.; and G.I. Joe's  Case No. 3-03-01036-KI (2005)** | U.S. District Court District of Oregon | Patent Infringement | Stoll Stoll Berne Lokting & Shlachter | Damages Analysis |
| 211. | Stephen M. Waltrip, et al. v. Kevin B. Kimberlin, et al. Case No. 01AS04979 (2005) | Sacramento Superior Court, California | Fraud and Breach of Fiduciary Relationship | Sedgwick Detert Moran & Arnold | Damages Analysis Alter Ego Analysis |
| 210. | PostX Corporation v. Secure Data In Motion, Inc., d/b/a Sigaba Case Nos. C02-04483 SI and C03-0521 SI (2005)** | U.S. District Court Northern District of California, San Francisco Division | Unfair Competition | Pillsbury Winthrop Shaw Pittman | Damages Analysis |
| 209. | Network Appliance, Inc. v. BlueArc Corporation Case No. C 03-05665 MHP (2005)** | U.S. District Court Northern District of California, San Francisco Division | Patent Infringement | Howrey Simon Arnold & White | Damages Analysis |
| 208. | Teri J. McDermott, CMI, et al. v. Advanstar Communications, Inc. Case No. 1:98 CV 515 (2005) | U.S. District Court Northern District  of Ohio, Eastern Division | Copyright Infringement | Greenberg Traurig | Damages Analysis |
| 207. | Storage Technology Corporation v. Quantum Corporation Civil Action No. 03-M-0672 PAC (2005)** | U.S. District Court District of Colorado | Patent Infringement | Howrey Simon Arnold & White | Damages Analysis |
| 206. | Coleman (Parent) Holding v. Morgan Stanley Co., Inc. Case No. 2003 CA 005045 A1 (2005) | Circuit Court of the Fifteenth Judicial Circuit Palm Beach County, Florida | Breach of Fiduciary Duty | Jenner & Block | Business Valuation Punitive Damages  Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 205. | Billy Blanks, et al. v. Seyfarth Shaw LLP Case No. BC 308355 (2005) | Los Angeles Superior Court, California | Legal Malpractice | Law Offices of James Rosen | Damages Analysis |
| 204. | Intergraph Hardware Technologies Company v. Hewlett Packard  Civil Action No. 2-02CV-312 TJW (2004)** | U.S. District Court Eastern District of Texas Marshall Division | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 203. | The Coleman Company, Inc. v. Fleetwood Enterprises, Inc. & Fleetwood Folding Trailers, Inc. Civil Action No. 03 CV 2029 (2004)** | Eighteenth Judicial Court, Sedgewick County, Kansas | Trademark Infringement & Interference with Contract | Foulston Siefkin LLP | Damages Analysis & Alter Ego Analysis |
| 202. | LiveWorld, Inc. v. SocialNet, Inc., MatchNet PLC, et al. Case No. 1-01-CV799864 (2004)** | Santa Clara County Superior Court, California | Fraudulent Transfer | Bergeson, LLP | Alter Ego Analysis |
| 201. | Comdisco, Inc. v. SocialNet, Inc., MatchNet, Inc., et al. Case No. CV 800 611 (2004)** | Santa Clara County Superior Court, California | Fraudulent Transfer | Winston & Strawn | Alter Ego Analysis |
| 200. | Everything For Love, Inc. v. Tender Loving Things, Inc., D/B/A The Happy Company Case No. CIV-02-2605-P:HX-EHC (2004)** | U.S. District Court District of Arizona | Patent Infringement | Law Offices of A. Peter Rausch | Damages Analysis |
| 199. | St. Clair Intellectual Property Licensing, Inc. v. Fuji Photo Film Co. Ltd, Fuji Photo File USA, Inc., and Fujifilm America, Inc. Case No. 03-241-JJF (2004) ** | U.S. District Court District of Arizona | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 198. | St. Clair Intellectual Property Licensing, Inc. v. Canon Inc. and Canon USA, Inc. Case No. 03-241-JJF (2004) ** | U.S. District Court District of Arizona | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 197. | Kathy Papale v. Pacific Bell Directory Company, Pacific Telesis, SBC Communications, et al. Case No. 2002055171 (2004) | Alameda County Superior Court, California | Sex and Age Discrimination | Pillsbury Winthrop | Damages Analysis |
| 196. | Patrick Martin, Inc. and Patrick Walsh v. Ralph Clumeck & Associates, et al. Case No. 03CC06858 (2004) | Orange County Superior Court, California | Breach of Fiduciary Duty | Nordman Cormany Hair & Compton | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If <u>Protective Order</u> in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 195. | <u>Marjorie Bright and Edward Bright</u> v. The Bright Family Foundation, et al. Case No. 274513 (2004)** | Stanislaus County Superior Court, California | Breach of Fiduciary Duty | Damrell Nelson Schrimp Pallios Pacher & Silva | Damages Analysis |
| 194. | <u>Misha Consulting Group, Inc. d/b/a eBusiness Design</u> v. Source Medical Solutions, Inc. Case No. CO2 04908 JW (HRL) (2004) | U.S. District Court Northern District of California San Jose Division | Breach of Contract | Howard, Rice, Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 193. | <u>Jerome Dahan and Michael Glasser</u>. v. L'Koral and Peter Koral Case No. BC 286577 (2004) | Los Angeles County Superior Court, California | Fraud and Breach of Fiduciary Duty | Browne & Woods Law Offices of Gary Freedman | Business Valuation |
| 192. | Neoris de México, S.A. de C.V., v. <u>Ariba, Inc.</u> Case No. C 02 1670 JSW (2004)** | U.S. District Court Northern District of California San Francisco Division | Breach of Contract | Howard, Rice, Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 191. | Kalitta Air, LLC, as assignee of American International Airlines, Inc. v. <u>Central Texas Airborne Systems, Inc.</u> Case No. 96-2494CW & 97-0378CW (2004) | U.S. District Court Northern District of California | Breach of Contract | Sedgwick, Detert, Moran & Arnold | Damages Analysis |
| 190. | <u>TV Interactive Corp.</u> v. Microsoft Corp. Case No. 02 C 02385 (SBA) (2004)** | U.S. District Court Northern District of California Oakland Division | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 189. | <u>Immersion Corporation</u> v. Sony Computer Entertainment America, Inc., Sony Computer Entertainment, Inc. and Microsoft Corporation No. C 02-0710 CW (WDB) (2004) ** | U.S. District Court Northern District of California Oakland Division | Patent Infringement | Irell & Manella | Damages Analysis |
| 188. | Kelly-Moore Paint Company v. <u>Union Carbide Corporation</u> No. 19785-BH02 (2004) ** | District Court of Brazoria County Texas 23rd Judicial District | Products Liability | Weil Gotshal & Manges | Business Valuation |
| 187. | <u>Kaiser Aerospace Electronics</u> v. Teledyne Industries, et al. Case No. 95-05288 CA 15 (2003) and (2005)** | 11th Circuit Court Miami-Dade County Florida | Breach of Contract | Weil Gotshal & Manges | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 186. | The Profit Recovery Group, Inc. v. Neil Loder & Associates, et al. Case No CV 01-6200 AN (2003)** | U.S. District Court Central District of California, Western Division | Trademark & Theft of Trade Secret | Knobbe Martens Olson & Bear | Damages Analysis |
| 185. | Meridian Enterprises Corporation v. Carlson Marketing Group, Inc. Case No. 4:01CV1955CDP (2003)** | U.S. District Court Eastern District of Missouri, Eastern Division | Patent Infringement | Woodard, Emhardt, Moriarty & McNett | Damages Analysis |
| 184. | Hauselmann v. Hauselmann Case No. 307662 (2003) | Stanislaus County Superior Court, California | Breach of Contract | Damrell Nelson Schrimp Pallios Pacher & Silva | Business Valuation |
| 183. | Bell & Associates, Inc. v. Fidelity National Information Solutions, Inc. & Vista Information Solutions, Inc. Case No. 02CC02336 (2003) | Orange County Superior Court, California | Breach of Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 182. | Winn Incorporated & Ben Huang v. Eaton Corporation.  Case No: CV03-1568-SJO (2003)** | U.S. District Court Central District of California Western Division | Patent Infringement | Knobbe Martens Olson & Bear Ropers Majeski Kohn & Bentley | Damages Analysis |
| 181. | Semiconductor Energy Laboratory Co., Ltd. V. Acer Inc., Acer America Corp., and AU Optronics Corp.  Case No. C 02-02800 WHA (2003)** | U.S. District Court Northern District of California San Francisco Division | Patent Infringement | Jenner & Block | Damages Analysis |
| 180. | Cambrian Consultants, Inc. et al. v. Stuart Lubitz & Hogan & Hartson LLP Case No. BC 271707 (2003) | Los Angeles Superior Court, California | Patent Attorney Malpractice | Alschuler Grossman Stein & Kahan Quinn Emanuel Urquhart Oliver & Hedges Gibson Dunn & Crutcher | Damages Analysis |
| 179. | Glaxo Group Ltd. and Glaxo Wellcome, Inc. V. Ranbaxy Pharmaceuticals Inc. Civil Action No. 00-5172 MLC (2003) ** | U.S. District Court District of New Jersey | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |
| 178. | Deltakor Investments, Inc. v. Carl Karcher, et al. Case No. 01-CC13626 (2003) | Orange County Superior Court, California | Breach of Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 177. | Fonovisa, Inc. v. MP3.com, Inc. Case No. 02 CV 8614 JSR (2003)**; Fonomusic, Inc. v. MP3.com, Inc. Case No. 02 CV 8617 JSR (2003)**; HMS Distributors, Inc. et al. v. MP3.com, Inc. Case No. 02 CV 8616 JSR (2003)**; Musical Productions, Inc. et al. v. MP3.com, Inc. Case No. 02 CV 8618 JSR (2003)** | U.S. District Court Southern District of New York | Copyright Infringement | Quinn Emanuel Urquhart Oliver & Hedges | Damages Analysis |
| 176. | Coelho, et al. v. Coelho, et al. Case Nos. 591120-1, 595828-5, 588695-7, and 0537454-1 (2003) (2005) | Fresno Superior Court, California | Breach of Fiduciary Duties | Damrell Nelson Schrimp Pallios Pacher & Silva Lange Richert & Patch Parish & Nelson | Damages Analysis |
| 175. | BCE Emergis, Inc. v. Ariba, Inc. Civil Action No. C01-21221 PVT (2003) ** | U.S. District Court Northern District of California, San Jose Division | Breach of Contract | Howard Rice Nemerovski Canady Falk & Rabkin | Damages Analysis |
| 174. | Bob Dylan, Billie Joel, James Taylor, et al. v. MP3.com, Inc. Case No. 02 CV 8006 (JSR) (2003) ** | U.S. District Court Southern District of New York | Copyright Infringement | Quinn Emanuel Urquhart Oliver & Hedges | Damages Analysis |
| 173. | Lyrick Studios, Inc. v. Big Idea Productions, Inc. Civil Action 3-02 CV-0034 M (2002)** | U.S. District Court Northern District of Texas, Dallas Division | Breach of Contract | Baker & Botts O'Melveny & Myers | Damages Analysis |
| 172. | Robert Carver and Diana Carver v. Velodyne Acoustics, Inc. Civil Action No. C00-1194L (2002)** | U.S. District Court Western District of Washington | Patent Infringement | Christenson, O'Connor, Johnson & Kindness | Damages Analysis |
| 171. | Bayshore Ford Truck Sales, Inc. et al. v. Ford Motor Company Civil Action No. 99 CV 741 (JCL) 2002 | U.S. District Court District of New Jersey | Breach of Contract | Kronick, Moskovitz, Tiedemann & Girard | Damages Analysis |
| 170. | Feltheimer v. Sony Corporation of America, et al. Case No. BC-244836 (2002) | Los Angeles Superior Court, California | Breach of Contract | Irell & Manella | Damages Analysis |
| 169. | Booneville Convalescent Center, Inc. v. Cloverleaf Healthcare Services, Inc., et al. Cause No. 32D01-0204-CC-38 (2002) | Superior Court of Hendricks, County, Indiana | Breach of Contract | Leeuw & Doyle | Alter Ego and Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 168. | Superior National Insurance Group v. Foundation Health Corporation, et al. Case No. 02 CV 5155 (2002) (2003) | U.S. District Court Central District of California, Western Division | Fraud | Skadden, Arps, Slate Meagher & Flom | Business Valuation and Damages Analysis |
| 167. | United States of America ex rel. William Gilliam v. General Dynamics Corporation Case No. 2:01-3023-18 (2002) | U.S. District Court District of South Carolina, Charleston Division | Qui Tam | Jenner & Block | Damages Analysis |
| 166. | Novartis Consumer Health, Inc. v. Elan Transdermal Technologies, Inc. Case No. 01-1120-CIV-MOORE (2002)** | U.S. District Court Southern District of Florida, Miami Division | Patent Infringement | Irell & Manella | Damages Analysis |
| 165. | 2learn2.com v. San Diego State University, College of Extended Studies, et. Al., Case No. 80 Y 181 00138 01 VMD (2002)** | American Arbitration Association | Breach of Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 164. | Carver et al. v. Audio Products International Corp. Case No. CV00-1477L (2002)** | U.S. District Court Western District of Washington | Patent Infringement | Christenson, O'Connor, Johnson & Kindness | Damages Analysis |
| 163. | LASVN#2, et. al. v. Van Ness and Sperry, et. al., Case No. BC 206251 (2002 and 2003) | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Krane & Smith | Damages Analysis |
| 162. | Cyberspace Headquarters, LLC v. MacMillan USA, Inc. Case No. 00 CV 9764 CBM (JWJx) (2001)** | U.S. District Court Central District of California | Lanham Act | Mahoney Coppenrath Jaffe & Pearson | Damages Analysis |
| 161. | Tri Valley Growers v. Oracle Corporation (2001) | San Francisco Superior Court | Breach of Contract | Dorsey & Whitney | Damages Analysis |
| 160. | PowerAgent, Inc. v. Electronic Data Systems Corporation No. 71 Y 117 00262 00 (2001) | American Arbitration Association | Breach of Fiduciary Duty | Baker & Botts Townsend and Townsend and Crew | Damages Analysis Due Diligence |
| 159. | Idea Man v. Silver & Freedman, Case No. BC235669 (2001) | Los Angeles Superior Court, California | Legal Malpractice | Krane & Smith | Damages Analysis |
| 158. | Intergraph Corporation v. Intel Corporation, CIV 97-N-3023-NE (2001)** | U.S. District Court Northern District of Alabama | Patent Infringement | Townsend and Townsend and Crew | Damages Analysis |
| 157. | Perry v. Mellon Financial Corporation Case No. 997170 (2001) | San Francisco Superior Court | Breach of Contract | Howard, Rice, Nemerovski, Canady, Robertson & Folk | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 156. | Berclain America Latina, S.A., et al. v. Baan Company, et al. Case No. 403080 (2001)** | San Mateo Superior Court, California | Intentional Interference with Contract | Townsend and Townsend and Crew | Damages Analysis |
| 155. | Modesto City Schools, Stockton Unified School District. V. Riso Kagaku Corporation CIV S-99-2214 FCD/GGH (2001)** | U.S. District Court Eastern District of California | Antitrust | Kronick, Moskovitz, Tiedemann & Girard | Damages Analysis |
| 154. | City of Hope National Medical Center v. Genentech, Inc. Case No. BC 215152 (2001) (2002)** | Los Angeles Superior Court, California | Breach of Contract | Irell & Manella | Damages Analysis |
| 153. | Zomba v. MP3.com  Case Nos. 00 CIV 6831 and 6833 (2001)** | U.S. District Court Southern District of New York | Copyright Infringement | Orrick Herrington & Sutcliffe | Damages Analysis |
| 152. | Marconi Communications, Inc. v. Vidar-SMS Co. Civil No. CV-1293-L (2001)** | U.D. District Court Northern District of Texas | Theft of Trade Secret Breach of Indemnity Agreement | Munger Tolles & Olson | Damages Analysis |
| 151. | In re: BankAmerica Corp. Securities Litigation MDL No. 1264 (2001)** | U.S. District Court Eastern District of Missouri | Class Action Securities Litigation | Green Schaaf & Jacobson | Damages Analysis |
| 150. | Clayton Industries v. SPX Corporation Case No. 72-18166200-SMY (2001) | American Arbitration Association | Breach of Contract | Jenner & Block | Damages Analysis |
| 149. | Electro Scientific Industries, Inc. v. Dynamic Details, Inc. and GSI Lumonics, Inc. Case No. SACV00-272 AH (2001) | U.S. District Court Central District of California Southern Division | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |
| 148. | Farallon Capital Partners, L.P. v. Gleacher & Co. Inc. Case No. BC 215260 (2001) | Los Angeles Superior Court, California | Misrepresentation | Hennigan Bennet & Dorman | Alter Ego Analysis |
| 147. | Flying J Inc. et al. v. Comdata Network, Inc. and Trendar Corporation  Civil No. 1:96CV0066K (2001)** | U.S. District Court District of Utah Northern Division | Antitrust | Bendinger Crockett Peterson & Casey Stokes Bartholomew Evans & Petree | Damages Analysis |
| 146. | Process Specialties, Inc. v. Sematech, Inc. Case No.: CIV-S-00-414 (2001 and 2002)** | U.S. District Court Eastern District of California | Antitrust | Herum, Crabtree, Brown, Dwyer, Zolezzi & Terpstra | Damages Analysis |
| 145. | Re/Max of California & Hawaii v. Robert Lesh, et al. No. BC186234 (2001) | Los Angeles Superior Court, California | Breach of Contract | Lewis, D'Amato, Brisbois & Bisgaard Murtaugh Miller Meyer & Nelson | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 144. | True Fitness Technology, Inc. v. Precor Incorporated Case No. 4:99 CV1306-DJS (2001)** | U.S. District Court, Eastern District of Missouri | Patent Infringement | Christenson, O'Connor, Johnson & Kindness | Damages Analysis |
| 143. | TeeVee Toons, Inc., et al v. MP3.com, Inc. Case No. 00 CIV. 3951 (JSR) (2000)** | U.S. District Court, Southern District of New York | Copyright Infringement | Orrick, Herrington & Sutcliffe | Damages Analysis |
| 142. | Marketel v. priceline.com, Inc. Case No. C-99-0161 CAL (2000)** | U.S. District Court, Northern District of California | Theft of Trade Secret | Skadden, Arps, Slate, Meagher & Flom | Damages Analysis |
| 141. | Venture Industries Corporation, et al. v. Masco Tech, et al. No. 99-07219-CK (2000) | Circuit Court For The County of Kent, Michigan | Breach of Contract | Jenner & Block | Damages Analysis |
| 140. | Perry v. Miller Wagner & Co.  Case No. CV 98-11591 (2000) | Superior Court, State of Arizona, County of Maricopa | Professional Malpractice | Mower, Koeller, Nebeker, Carlson & Haluck | Standard of Care and Damages Analysis |
| 139. | Lussier Subaru, et al. v. Subaru of New England, Inc., et al   Case No. C-99-109-B (2000) ** | U.S. District Court, District of New Hampshire | Class Action | Wiggin & Nourie Kronick, Moskovitz, Tiedemann & Girard | Damages Analysis |
| 138. | Optical Solutions, Inc. v. Michael S. Hawes and Associates  Case No. 99AS05264 (2000) | Sacramento Superior Court, California | Professional Malpractice | Law Offices of Richard H. Hart | Damages Analysis |
| 137. | St Luke's Hospital v. California Pacific Medical Center No. 300518 (2000)** | San Francisco Superior Court, California | Unfair Competition Antitrust | Townsend and Townsend and Crew | Damages Analysis |
| 136. | Pactiv Corporation v. S.C. Johnson, Inc. Case No. 98C-2679 (2000)** | U.S. District Court, Northern District of Illinois | Patent Infringement | Jenner & Block | Damages Analysis |
| 135. | Lowe's Home Centers, Inc. v. General Electric Company Case No. 4:98-CV 0028 (2000) & (2001) ** | U.S. District Court, Northern District of Georgia Rome Division | Environmental Contamination | Williams &Connolly | Damages Analysis |
| 134. | MicroGuild, Inc. v. Netscape Communications Corporation No. CV774054 (2000) ** | Santa Clara Superior Court, California | Fraud | Pillsbury, Madison & Sutro | Damages Analysis |
| 133. | Rush Hour Music, L.L.C. v. Magix Entertainment Corp. Case No. 2:99cv1003 (2000) ** | U.S. District Court, Eastern District of Virginia Norfolk Division | Patent Infringement | Fellers, Snider, Blankenship, Bailey & Tippens | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 132. | Engineered Products Co. v. Donaldson Company, Inc. Civ. No. 98-2106 MJM (2000) ** | U.S. District Court, Northern District of Iowa | Patent Infringement | Robins, Kaplan, Miller & Ciresi | Damages Analysis |
| 131. | Guzik Technical Enterprises v. KMY Instruments, Inc. Case No. CV762875 (2000) ** | Santa Clara Superior Court, California | Theft of Trade Secret | Gray, Cary, Ware & Friedenrich | Damages Analysis |
| 130. | Merchandise Mart Owners, LLC v. Metropolitan Life Insurance, Co. Case No. 98 CH 3566 (2000) ** | Circuit Court of Cook County, Illinois | Breach of Contract | Jenner & Block | Damages Analysis |
| 129. | Winkler Forming, Inc., PMC, Inc. v. Lewis Anten Case No. BC 194 364 (2000) | Los Angeles Superior Court, California | Patent Legal Malpractice | Lewis, D'Amato, Brisbois & Bisgaard | Damages Analysis |
| 128. | Ardent Software, Inc. v. Pacific Unidata, Inc. (2000) | CPR Arbitration | Breach of Contract | Christensen, O'Connor, Johnson & Kindness | Damages Analysis |
| 127. | Topanga and Victory Partners, L.P., et al. v. Jones, et al. Case No. LC 038853 (2000) | Los Angeles Superior Court, California | Breach of Contract | Hamburg, Hanover, Edward & Martin | Alter Ego Analysis |
| 126. | MET-Rx Foundation for Health Enhancement, et al. v. MET-RX USA, INC., et al. Case No. 771551  (2000) | Orange County Superior Court, California | Breach of Contract | Feldhake, August & Roquemore | Damages Analysis |
| 125. | Telecontrol Systems, Inc. v. Westec Security, Inc. Case No. BC 188264 (2000) | Los Angeles Superior Court, California | Theft of Trade Secret | Howarth & Smith | Damages Analysis |
| 124. | Hameetman v. Schumann, et al., Case No. SC 049754 (2000) | Los Angeles Superior Court, California | Breach of Contract | Hennigan, Bennett & Dorman | Damages Analysis |
| 123. | Placerita Oil Company, Inc. v. Berry Oil Trading & Transportation Co., et al. Case No. PC 017079 Z (1999) ** | Los Angeles Superior Court, California | Breach of Contract | Norman, Cormany, Hair & Compton | Damages Analysis |
| 122. | GATX/Air log Company, and GATX Capital v. Evergreen, Ellsinore, et al. Civil Action No. C 96-2494 WHO (1999) (2000) ** | U.S. District Court, Northern District of California | Breach of Contract | Murphy, Sheehan, Julian & Rogers | Alter Ego Analysis |
| 121. | Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc. Case Nos. 95-03577 DLJ & 96-00942(DLJ) (1999) | U.S. District Court Northern District of California, Oakland Division | Patent Infringement | Robins, Kaplan, Miller & Ciresi | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 120. | Trovan, Ltd. et al. v. Pfizer, Inc., Case No. 98-0094 (1999) | U.S. District Court, Central District of California | Lanham Act | Levin & Hawes | Damages Analysis |
| 119. | Norfolk Southern Railroad v. Flexivan & Dole Case No. 99 Civ. 055 WHP HBP (1999) | U.S. District Court, Southern District of New York | Breach of Contract | O'Melveny & Myers | Damages Analysis |
| 118. | Bitner, et al., v. Bayshore, et al.  Case No. 771246 (1999) | Orange County Superior Court, California | Fraud, Breach of Fiduciary Duty | Law Offices of Jay Seltzer | Damages Analysis |
| 117. | Precor Incorporated v. Life Fitness Civil No. C94-1586C (1999) | U.S. District Court Western District of Washington | Patent Infringement, Unfair Competition | Christensen, O'Connor, Johnson, Kindness | Damages Analysis |
| 116. | Salant v. Spensley, Horn, Jubas & Lubitz Case No. SC033055 (1999) | Los Angeles Superior Court, California | Patent Legal Malpractice | Lewis, D'Amato, Brisbois & Bisgaard | Damages Analysis |
| 115. | Susman v. GTE Information Services, Inc. Case No. 97-06677 (1999) ** | 44th Judicial District, Dallas County, Texas | Breach of Contract | Baker & Botts | Business Valuation |
| 114. | Surgin Surgical Instrumentation, Inc. v. Truck Insurance Exchange Case No. 66 2216 (1999) | Orange County Superior Court, California | Breach of Contract | Stradling Yocca Carlson & Rauth | Damages Analysis |
| 113. | Chesterfield Investments, et al. v. Stone Container Corporation Case No. BC 188858 (1999) | Los Angeles Superior Court, California | Breach of Contract | Orrick, Herrington & Sutcliffe | Damages Analysis |
| 112. | Imatec, Ltd. et al. v. Apple Computer, Inc. Civil Action No. 98 CV 1058(JGK) (1999) ** | U.S. District Court, Northern District of California | Patent Infringement | Fenwick & West | Damages Analysis |
| 111. | Saremi, et al. v. Atara, et al. Case No. 387467 (1999) | San Mateo Superior Court, California | Breach of Contract | Nelson, Greenberg & Cohen | Damages Analysis |
| 110. | ProCom Marketing v. Prestolite Wire Corp. Case No. C-96-20978 JF PVT (1998) ** | U.S District Court, Northern District of California | Theft of Trade Secret | Morrison & Forester | Damages Analysis |
| 109. | Irvine Ranch Water District v. Merrill Lynch & Co. Case No. 96-8932 (1998) | U.S. District Court, Central District of California | Intentional Misrepresentation | Irell & Manella | Damages Analysis |
| 108. | Zemco Manufacturing, Inc. v. Navistar Int'l Transportation Corp. Case No. 1:97CV0260 (1998) | U.S. District Court, Northern District of Indiana | Breach of Contract | Leeuw, Popper, Bee man & Doyle; Swift & Finlay son | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 107. | Orlaford Limited, et al. v. BBC International, et al. Civil Action No. 97-C-0540-S (1998) | U.S. District Court Western District of Wisconsin | Patent Infringement | Foley & Lardner | Damages Analysis |
| 106. | Evanite Fiber Corp. v. Lauschaer Glaswerk GmbH, et al. Civil No. 2: 96-3525-18 (1998) | U.S. District Court, District of South Carolina, Charleston Division | Theft of Trade Secret | Farleigh, Wada & Witt | Damages Analysis |
| 105. | Livadas v. Graham & James Case No. BC 145386 (1998) | Los Angeles Superior Court, California | Legal Malpractice | Howard, Rice, Nemerovski, Canady, Robertson & Folk | Damages Analysis |
| 104. | Summa Four, Inc. v. Claircom Communications Group, Inc. d.b.a. AT&T Wireless Services Case No. 95-E-293 and 95-C-973 (1998) ** | Superior Court Northern District of Hillsborough County, New Hampshire | Breach of Contract | Hale & Dorr | Damages Analysis |
| 103. | Ayre, et al. v. Attwood Corp., et al. Case No. 96-5087-NP (1998) | Circuit Court, County of Kent, Michigan | Wrongful Death | Kell & Lynch; Chaklos, Jungerheld, Hahn & Washburn | Damages Analysis |
| 102. | AQC Holdings, L.P. v. Dynamic Circuits, Inc. CV760815 (1998) ** | Santa Clara Superior Court, California | Breach of Contract | Freeborn & Peters | Damages Analysis |
| 101. | AMETRON v. Entin, et al. Case No. BC160521 (1998) | Los Angeles Superior Court, California | Usurpation of Corporate Opportunity | Mahoney, Coppenrath, Jaffe & Pearson | Damages Analysis |
| 100. | Mastercard Int'l, et al. v. Meridian Enterprises Corp. Case No. CA-94-4105 (DRD) 1997 ** | U.S. District Court, District of New Jersey | Patent Infringement | Woodard, Emhardt, Moriarty & McNett | Damages Analysis |
| 99. | Pitney Bowes, Inc. v. Hewlett Packard Company Case No. 395CV01764 (1997) ** | U.S. District Court, District of Connecticut | Patent Infringement | Pennie & Edmonds | Damages Analysis |
| 98. | McCaw v. McCaw Case No. 95-3-07235-0 SEA (1997) ** | King County Superior Court, Washington | Marital Dissolution | Perkins, Coie; Danielson, Harrigan & Tollefson; Kinzel, Allan, Skone & Searing; Law Offices of Gordon Wilcox | Investigatory Accounting |

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 97. | Foodmaker, Inc. v. The Vons Companies, Inc. Case No. BC085705 (1997) ** | Los Angeles Superior Court, California | Defamation | Thorsnes, Bartolotta, McGuire & Padilla | Damages Analysis |
| 96. | JRS Products v. Network Office Systems Case No. 95 AS 04411 (1997) | Sacramento County Superior Court, California | Libel | Law Offices of Richard Hart | Damages Analysis |
| 95. | Galaxy Networks, Inc. v. Kenan Systems Corp. Civil Action No. CV-95-5568 DDP (1997) | U.S. District Court, Central District of California | Unjust Enrichment, Quantum Meruit | Irell & Manella | Damages Analysis |
| 94. | Rubin v. Southwest Leasing Corp. Case No. SC0322254 (1997) | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Browne & Woods; Baker, Silberberg & Keenen | Damages Analysis |
| 93. | Tung Yuan Construction Co. v. Chao Case No. GC 012436 (1996) | Los Angeles Superior Court (Baseball Arbitration) | Breach of Contract | Bird, Marella, Boxer, Wolpert & Matz | Investigatory Accounting |
| 92. | Potlatch Corporation v. Beloit Corporation Case No. CV 95-01992 (1997) | 2nd Judicial District State of Idaho | Breach of Contract | Sacks Montgomery | Damages Analysis |
| 91. | The Samuel Goldwyn Co. v. MCEG Virgin Vision, Ltd. Case No. BC 016305 (1997) | Los Angeles Superior Court, California | Breach of Contract | Irell & Manella | Damages Analysis |
| 90. | Ostex International, Inc. v. Boehringer Mannheim No. 79T184 00192 95 (1996) | American Arbitration Association | Breach of Contract | Mundt, MacGregor, Happel, Falconer, Zulauf & Hall | Damages Analysis |
| 89. | Cook Inc. v. Palmaz Case No. IP 94-1459C (TIG) (1996) | U.S. District Court, District of Indiana | Breach of Contract | Akin, Gump, Strauss, Hauer & Feld | Damages Analysis |
| 88. | Cinnamon, et al. v. Reaz Shera, et al. No. 95AS01471 (1996) | Sacramento County Superior Court, California | Breach of Contract | Law Offices of Richard Hart | Damages Analysis |
| 87. | United Rock Products Corp. v. City of Irwindale (1996) | Arbitration before the Honorable Robert Wenke | Inverse Condemnation | Jeffer, Mangels, Butler & Marmaro | Damages Analysis |
| 86. | Ferreira v. Virco Manufacturing Corp. No. L003894 (1996) | Solano County Superior Court, California | Product Defect | Howarth & Smith | Damages Analysis |

**Underlined party was my client.

EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 85. | In re: America Honda Motor Co., Dealerships Relations Litigation MDL Case No. 1069 (1996) ** | U.S. District Court, District of Maryland | RICO | Kronick, Moskovitz, Tiedemann & Gerard | Fairness of Settlement |
| 84. | Brooktree Corporation v. S3 Incorporated Civil Action No. 95-2388R (ATB) (1996) ** | U.S. District Court, Southern District of California | Patent Infringement | Howrey & Simon; Pillsbury, Madison & Sutro | Damages Analysis |
| 83. | Redacted v. Redacted (1996) | American Arbitration Association | Breach of Contract | Kirkland & Ellis | Damages Analysis |
| 82. | In re: Radica Games Limited CV-S-94-00653-DAE (LRL) (1996) | U.S. District Court, District of Nevada | Class Action Securities Case | Sullivan & Cromwell | Damages Analysis |
| 81. | Martin v. Sprint Case No. (IV-S-93-1731) (1996) | U.S. District Court, Eastern District of California | Breach of Contract | Law Offices of Lisa Wright | Damages Analysis |
| 80. | Thermodyne v. McDonald's Corp. Case No. 1:95 CV 0232 (1996) | U.S. District Court, Northern District of Illinois | Theft of Trade Secret | Swift & Finlayson; Leeuw & Doyle | Damages Analysis |
| 79. | Competitive Technology, Inc. v. AST Research, Inc. Case No. 74 82 37 (1996) | Orange County Superior Court, California | Tortious Interference with Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 78. | Ah Young Industrial Co. v. Brunswick Corp. Case No. 2340 CA (1996) | U.S. District Court, Northern District of California | Breach of Contract | Thelen, Marrin, Johnson & Bridges | Damages Analysis |
| 77. | Medical Billing, Inc. v. Medical Management Services No. 1:94-CV-1567 (1996) | U.S. District Court Northern District of Ohio, Eastern Division | Breach of Contract | Donovan, Leisure, Newton & Irvine | Damages Analysis |
| 76. | TRW, Inc. v. Talley Industries, Inc. Case No. 89-1920 (1996) | U.S. District Court, District of Arizona | Breach of Contract | Donovan, Leisure, Newton & Irvine; Cohen & Cotton | Damages Analysis |
| 75. | Wadsworth Golf Construction Co. v. Castle Oak Investment Corp. Case No. 18250 (1996) | Amador County Superior Court, California | Breach of Contract | Mark Wleklinski, Ann Rankin | Alter Ego Analysis |
| 74. | Conte v. Kelly Case No. LC 018879 (1996) | Los Angeles Superior Court, California | Legal Malpractice | Lewis, D'Amato, Brisbois & Bisgaard | Damages Analysis |
| 73. | Forti v. General Dynamics No. KC 016871/017393 (1996) | Los Angeles Superior Court, California | Breach of Contract | Howarth & Smith | Business Valuation |

**Underlined party was my client.

**EXPERT TESTIMONY—DEPOSITION** (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 72. | TLB, Inc. v. Platinum Software<br>Civil No. 95WY621 (1996) | U.S. District Court of Colorado | Tortious Interference with Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 71. | Strand Home Video v. Affiliated Regional Communications<br>SC028 190 (1995) | Los Angeles Superior Court, California | Breach of Contract | Browne & Woods | Damages Analysis |
| 70. | Schlessinger v. Safeco Insurance Co. of America<br>Case No. SC027965 (1995) | Los Angeles Superior Court, California | Bad Faith | Schlessinger & Wheeler | Damages Analysis |
| 69. | J.H. Design v. The Walt Disney Company<br>No. BC090 485 (1995) ** | Los Angeles Superior Court, California | Breach of Contract | Bird, Marella, Boxer, Wolpert & Matz | Damages Analysis |
| 68. | Hewlett-Packard Company v. GenRad, Inc.<br>No. 94-10675 RCL (1995) ** | U.S. District Court, District of Massachusetts | Patent Infringement | Pennie & Edmonds | Damages Analysis |
| 67. | Licensing Funding Partners v. Biblioteca Apostolica Vaticana, et al.<br>BC 059176 (1995) | Los Angeles Superior Court, California | Breach of Contract | Howarth & Smith, Blecher & Collins | Damages Analysis |
| 66. | In re: AST Research Securities Litigation<br>CV-94-1370 SVW (1995) | U.S. District Court, Central District of California | Class Action Securities Case | Prongay & Mikolajcyk; Greenfield & Rifkin | Damages Analysis |
| 65. | AJIR, et al. v. Exxon Corp.<br>No. C-93 20830 RMW PVT (1995) | U.S. District Court Northern District of California | PMPA | McClintock, Weston, Benshoof, Rochefort, Rubalcava & MacCuish | Damages Analysis |
| 64. | TRW, Inc. v. Talley Industries<br>CIV 94-0350-PHX-PGR (1995) | U.S. District Court, District of Arizona | Breach of Contract | Donovan, Leisure, Newton & Irvin; Cohen & Cotton | Damages Analysis |
| 63. | Fordiani v. Siino, et al.<br>No. C93-05885 (1995) | Contra Costa Superior Court, California | Misrepresentation | King, Shapiro, Mittelman & Buchman | Damages Analysis |
| 62. | Gonsalves v. Kaiser Sand & Gravel and SVAR Industries<br>No. C92-3561 MHP (1995) | U.S. District Court Northern District of California | Antitrust | Thelen, Marrin, Johnson & Bridges | Damages Analysis |
| 61. | Supra Corporation v. D.L. Horton Enterprises, Inc.<br>BC 093085 (1995) | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Stradling, Yocca, Carlson & Rauth | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 60. | Adams v. Calif. State Automobile Assoc. No. 916163 (1994) | San Francisco Superior Court, California | Various Business Torts | Thelen, Marrin, Johnson & Bridges | Cost Allocation and Reasonableness of Commissions |
| 59. | Mahne v. Crown Roll Leaf No. BC069435 (1994) *58 | Los Angeles Superior Court, California | Breach of Contract | Quinn, Emanuel, Urquhart & Oliver | Damages Analysis |
| 58. | Virgin Vision Ltd. v. The Samuel Goldwyn Co. No. BC-013701 (1994) | Los Angeles Superior Court, California | Intellectual Property | Law Offices of James P. Tierney | Damages Analysis |
| 57. | Ethicon Endo-Surgery v. Richard-Allen Medical Industries No. C2940501 (1994) ** | U.S. District Court Southern District of Ohio | Patent Infringement | Sullivan & Cromwell | Damages Analysis |
| 56. | Knickerbocker v. Scudder Reality Advisors Inc. Case No. 200169 (1994) | Riverside Superior Court, California | Breach of Contract | Giles & Burkhalter | Damages Analysis |
| 55. | Chaintool Company v. Workman, Nydegger & Jensen Civil No. 900903226CV (1994) | Third Judicial Court, Salt Lake City, Utah | Patent Attorney Malpractice | Wilkins, Oritt & Headman | Damages Analysis |
| 54. | Southland Sod Farms v. Stover Seed Company, et al. Civil No. 92-4894-JMI (1994) ** | U.S. District Court, Central District of California | Lanham Act | Nordman, Cormany, Hair & Compton | Damages Analysis |
| 53. | In re: Information Resources, Inc. Civil No. 89C 3712 (1994) | U.S. District Court, Northern District of Illinois | Class Action Securities Case | Freeborn & Peters; Katten, Muchin & Zavis | Budgeting |
| 52. | Guy v. United Healthcare Corp. Case No. C2-92-397 (1993) | U.S. District Court, Southern District of Ohio | Breach of Contract | Robert J. Feldhake | Damages Analysis |
| 51. | The Boulders on the River v. First Interstate Bank of California Civil No. 90-19MA (1993) | U.S. District Court, Oregon | Breach of Contract | Lane Powell Spears Lubersky | Damages Analysis |
| 50. | American Savings Bank v. MGM-Pathe Communications Corp. (1993) | Los Angeles Superior Court, California | Breach of Guarantee | Pircher, Nichols & Meeks | Alter Ego Analysis |
| 49. | Liebert Corp. v. North American Phillips Corp. (1993) | Orange County Superior Court, California | Breach of Warranty | Banchero & Lasater | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 48. | Precor v. Weider<br>Civil No. C91-1743Z (1993) | U.S. District Court, Western District of Washington | Patent Infringement | Christensen, O'Connor, Johnson & Kindness | Damages Analysis |
| 47. | Astec v. North American Phillips Corp. (1993) | Los Angeles Superior Court, California | Breach of Warranty | Banchero & Lasater | Damages Analysis |
| 46. | Gill v. American Savings Bank (1992) | U.S. Bankruptcy Court, Central District of California | Bankruptcy | Milbank, Tweed, Hadley & McCloy | Bankruptcy Analysis |
| 45. | Haro v. The Hahn Company (1992) | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Howarth & Smith | Punitive Damages |
| 44. | Tube Forgings of America v. Weldbend (1992) | U.S. District Court, Oregon | Lanham Act | Mayer, Brown & Platt | Damages Analysis |
| 43. | State of California v. Bio-Rad (1992) | Alameda Superior Court, California | Eminent Domain | James Whittaker | Damages Analysis |
| 42. | E.J. Bartells Co. v. A.P. Green Industries (1992) | King County Superior Court, Washington | Securities Laws Violations | Thompson & Mitchell | Damages Analysis |
| 41. | Stafford v. Miller, Wagner & Co. (1991) | State Court, Phoenix, Arizona | Accounting Malpractice | Greengard & Finley | Professional Standards |
| 40. | Firnschild v. Wyandotte Hospital (1991) | State Court, Detroit, Michigan | Breach of Contract | Kitch, Saurbier, Drutchas, Wagner & Kenney | Damages Analysis |
| 39. | Bacchi v. Fireman's Fund Insurance Co. (1991) | JAMS, Los Angeles, California | Breach of Contract | Kayajanian, Furay, Baker & Hill | Damages Analysis |
| 38. | Ixsys v. Stratagene (1991) | San Diego Superior Court, California | Intellectual Property | Pillsbury, Madison & Sutro | Damages Analysis |
| 37. | Falcon Cable Media v. Booth American Co. (1990) | U.S. District Court, Central District of California | Tortious Interference with Contract | Thelen, Marrin, Johnson & Bridges | Damages Analysis |
| 36. | Ingram v. Owens Illinois (1990) | U.S. District Court, Oregon | Asbestos | Morgenstein & Jubelirer | Punitive Damages |
| 35. | Sucperity Corp. of California v. Shih (1990) | U.S. District Court, Central District of California | Breach of Contract | Fred & Lewin | Investigatory Accounting |
| 34. | Moreland v. Planet Insurance Company (1990) | Santa Barbara Superior Court, California | Breach of Contract | Rosenfeld, Meyer & Susman | Business Valuation |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 33. | First Interstate Bank of Washington v. AFC (1990) | King County Superior Court, Washington | Lender Liability | Davis, Wright & Tremaine | Damages Analysis |
| 32. | El Torito v. La Mirada Redevelopment Agency (1990) | Orange County Superior Court, California | Condemnation | Bidna & Keys | Business Valuation |
| 31. | Moss v. Shepp (1990) | Los Angeles Superior Court, California | Legal Malpractice | Musick, Peeler & Garrett | Damages Analysis |
| 30. | Woodbridge Plaza v. Bank of Irvine (FDIC) (1990) | Orange County Superior Court, California | Breach of Contract | Bidna & Keys | Real Estate Valuation |
| 29. | Lines v. Bank of America (1990) | U.S. District Court, Northern District of California | Antitrust | Thelen, Marrin, Johnson & Bridges | Damages Analysis |
| 28. | Major Projects, Inc. v. Hismeh (1990) | Riverside Superior Court, California | Breach of Contract | Bidna & Keys | Damages Analysis |
| 27. | Hammersmith v. Taco Bell Corp. (1990) | U.S. District Court, Oregon | Fraud | Skadden, Arps, Slate, Meagher & Flom | Damages Analysis |
| 26. | Pioneer Hi-Bred v. Holden Foundation Seeds (1989) | U.S. District Court, Iowa | Theft of Trade Secret | Grefe & Sidney | Damages Analysis |
| 25. | Hideaway Productions v. Ampex Corp. (1989) | Los Angeles Superior Court, California | Breach of Implied Warranties, Fraud | Rosenfeld, Meyer & Susman | Damages Analysis |
| 24. | Lim v. Lehman (1989) | Sacramento Superior Court, California | Breach of Contract | Wolf & Leo | Damages Analysis |
| 23. | Bernstein v. Delta Airlines (1989) | U.S. District Court, Southern District of Florida | Wrongful Death | Steven Walker; Jenner & Block | Damages Analysis |
| 22. | Lippman v. Levy (1989) | Los Angeles Superior Court, California | Breach of Contract, Fraud | Browne & Woods | Business Valuation |
| 21. | In re: Technical Equities Federal Securities Litigation (1989) | U.S. District Court, Northern District of California | Class Action Securities Case | Buchalter, Nemer, Fields & Younger | Damages Analysis |
| 20. | Kay Co. v. HCC Industries (1989) | U.S. District Court, Southern District of Texas | Product Liability | Mayer, Day & Caldwell | Alter Ego Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 19. | Pacific Dataware Inc. v. Novell (1989) | U.S. District Court, Utah | Antitrust | Kirton, McConkie & Poleman | Damages Analysis |
| 18. | Cole v. Benvenuti (1989) | Sacramento Superior Court, California | Breach of Contract | Lovitt & Hannan | Damages Analysis |
| 17. | Redacted v. Redacted (1988) | Los Angeles Superior Court | Professional Negligence | Riordan & Mckenzie | Professional Negligence & Damages Analysis |
| 16. | Sunwest Bank v. Alec Sharp (1988) | U.S. District Court, Central District of California | Breach of Contract | Lewis, D'Amato, Brisbois & Bisgaard | Damages Analysis |
| 15. | Standard Wire & Cable v. Ameritrust (1988) | U.S. District Court, Central District of California | Lender Liability | Milbank, Tweed, Hadley & McCloy | Damages Analysis |
| 14. | Small v. Rogers (1988) | Los Angeles Superior Court, California | Breach of Contract and Fiduciary Duty | Loeb & Loeb | Business Valuation |
| 13. | Cleanmaster v. Fireman's Fund Insurance (1988) | Los Angeles Superior Court, California | Business Interruption | Crouch & Fern | Damages Analysis |
| 12. | Benvenuti v. Evans (1988) | Sacramento Superior Court, California | Fraud, Breach of Contract | Kronick, Moskovitz, Tiedemann & Girard | Real Estate Valuation |
| 11. | In re: Technical Equities (1988) | Santa Clara Superior Court, California | Class Action Securities Case | Buchalter, Nemer, Fields & Younger | Damages Analysis |
| 10. | Avila v. Goeden (1988) | U.S. District Court, Central District of California | Fraud, Breach of Contract | Rogers & Wells | Damages Analysis |
| 9. | Skeen v. Wynn's International (1987) | Los Angeles Superior Court, California | Fraud, Breach of Contract | Gibson, Dunn & Crutcher | Business Valuation |
| 8. | Dumke v. Buffalo Chips, Inc. (1987) | San Francisco Superior Court, California | Breach of Contract | Kronick, Moskovitz, Tiedemann & Girard | Damages Analysis |
| 7. | General Dynamics v. AT&T (1986) | U.S. District Court, Northern District of Illinois | Antitrust | Jenner & Block | Damages Analysis |
| 6. | Zelmans v. Tarzana Medical Partners (1985) | Los Angeles Superior Court, California | Breach of Contract | Fischer, Krane, & Jacobson | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 5. | Ambassador Foods, Inc. v. State of California (1985) | Los Angeles Superior Court, California | Breach of Contract | Legal Staff of California Dept. of Transportation | Damages Analysis |
| 4. | Grizzard v. Western Kraft (1985) | Los Angeles Superior Court, California | Breach of Implied Warranties | Stern & Miller | Damages Analysis |
| 3. | Decorative Carpets v. Barkhordarian (1983 and 1988) | San Francisco Superior Court, California | Constructive Eviction | Pillsbury, Madison & Sutro | Damages Analysis |
| 2. | Morse Products v. AT&T (1983) | U.S. District Court, Central District of California | Antitrust | Blecher, Collins & Weinstein | Damages Analysis |
| 1. | Atherton Industries v. Sweda International (1982) | San Francisco Superior Court, California | Breach of Implied Warranties of Fitness and Merchantability | Cutler & Cutler | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—ALTERNATIVE DISPUTE RESOLUTION FORUMS

(*Indicates Number in Deposition Section if deposition testimony is given

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 35. | CooperVision Inc. v. CIBA Vision A.G. Docket No. 50-122-T-00363-11 (2012)*305 | American Arbitration Association International Centre for Dispute Resolution | Breach of Patent License | Irell & Manella | Damages Analysis |
| 34. | Redacted v. Redacted (2011)*297 | American Arbitration Association – New York | Breach of Patent Transfer Agreement | Schnader Harrison Segal and Lewis LLP | Damages Analysis |
| 33. | Key Brand Entertainment, Inc. v. Dancap Productions, Inc. Ref. No. 1220038984 (2011) *281 | JAMS | Breach of Contract | Jeffer Mangels Butler & Marmaro | Damages Analysis |
| 32. | Wellogix, Inc. v. BP American, Inc. CA No. 4:09-CV-1511 (KPE) (2010)** | U.S. District Court, Southern District of Texas, Houston Division | Breach of Contract, Theft of Trade Secrets | Laminack, Pirtle & Martines Matthews, Lawson & Bowick | Damages Analysis |
| 31. | Gold Canyon Mining and Construction, LLC v. American Asphalt and Grading Company (2010)** | The Honorable Eli Chernow | Breach of Warranty | Howarth & Smith | Business Valuation |
| 30. | St. Vincent Medical Center and Daughters of Charity Health System, Inc. v. Victor C. Ramos, M.D., Inc. and Richard R. Lopez, Jr. M.D., Inc. JAMS Matter No. 1220037027 (2009)** | JAMS | Breach of Contract, Breach of Fiduciary Duty, Fraud | Jones Day | Damages Analysis |
| 29. | Redacted v. Redacted Case No. 74 180 Y 00729 06 DEAR (2007)** | American Arbitration Association | Breach of Contract | Howard Rice Nemerovski, Canady, Falk & Rabkin | Fairness of Partner Compensation |
| 28. | SilentAir Corporation v. Maytag Corporation, et al. Case No. 77133 0022205NADE (2006) | American Arbitration Association | Breach of Contract | Holland & Knight LLP | Damages Analysis |
| 27. | George Yardley Company, Inc. v. Johnson Controls, Inc. Case No. 72 11001086 02 (2005) | American Arbitration Association | Antitrust | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 26. | Anthony M. Trolio v. RemedyTemp, Inc. Case No. 72-114-305-02 MACR (2004) | American Arbitration Association | Breach of Contract | Lewis, Brisbois, Bisgaard & Smith | Damages Analysis |
| 25. | 911Notify.com v. Verizon Delaware, Inc. Case No: 71Y1810072202 (2003) | American Arbitration Association | Breach of Contract | Munger, Tolles & Olson | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—ALTERNATIVE DISPUTE RESOLUTION FORUMS

(*Indicates Number in Deposition Section if deposition testimony is given

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 24. | SPX Corporation v. Franklin Electric Corporation Case No. 51 Y 198 00469 01 (2002) | American Arbitration Association | Breach of Contract | Jenner & Block | Business Valuation |
| 23. | 2learn2.com v. San Diego State University, College of Extended Studies, et. Al., Case No. 80 Y 181 00138 01 VMD (2002)* 165 | American Arbitration Association | Breach of Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 22. | PowerAgent, Inc. v. Electronic Data Systems Corporation No. 71 Y 117 00262 00 (2002)*160 | American Arbitration Association | Breach of Fiduciary Duty | Baker & Botts Townsend and Townsend and Crew | Damages Analysis Due Diligence |
| 21. | Potlatch Corporation v. Beloit Corporation Case No. 99-2177 (PJW) (2002) | JAMS, San Francisco, California | Breach of Contract | Sacks Montgomery | Damages Analysis |
| 20. | Clayton Industries v. SPX Corporation Case No. 72-18166200-SMY (2001) *150 | American Arbitration Association | Breach of Contract | Jenner & Block | Damages Analysis |
| 19. | Fourthchannel, Inc. v. Pivotal Corporation No. 50 T 133 00200 (2001) | American arbitration Association | Breach of Contract | Dorsey & Whitney LLP Bordon Ladner Gervais | Damages Analysis |
| 18. | Glass & Associates v. Factory Mutual Insurance Company Civil No. 99-6105-HO (2000) | U.S. District Court, District of Oregon | Breach of Contract | Ball Janik | Damages Analysis |
| 17. | Ardent Software, Inc. v. Pacific Unidata, Inc. (2000)*127 | CPR Arbitration | Breach of Contract | Christensen, O'Connor, Johnson & Kindness | Damages Analysis |
| 16. | RAM Consulting, Inc. v. Adams Golf No. 74-Y181-0602-98 (1999) | American Arbitration Association | Breach of Contract | Howard, Rice, Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 15. | Synnex Information Technologies v. Tandy Corp., et al. C97-3757 WHO (1999) | U.S. District Court, Northern District of California, Referral | Breach of Contract | Nelson, Greenberg & Cohen | Damages Analysis |
| 14. | The Ischemia Research & Educational Foundation v. UCB, S.A. No. 74 T181 0440 97 (1998) | American Arbitration Association | Breach of Contract | Howard, Rice, Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 13. | Green Hills Software, Inc. v. Integrated Systems, Inc. No. 72 117 01213 97 (1998) | American Arbitration Association | Breach of Contract | Munger, Tolles & Olson | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—ALTERNATIVE DISPUTE RESOLUTION FORUMS

(*Indicates Number in Deposition Section if deposition testimony is given

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 12. | Prestige Card, Inc. v. Bank One, et al. (1998) | American Arbitration Association | Breach of Contract | Lane Powell Spears Lubersky | Damages Analysis |
| 11. | Tung Yuan Construction Co. v. Chao Case No. GC 012436 (1996) *93 | Los Angeles Superior Court (Baseball Arbitration) | Breach of Contract | Bird, Marella, Boxer, Wolpert & Matz | Investigatory Accounting |
| 10. | Polo Ralph Lauren L.P. v. The Magnin Company, Inc. (1997) | American Arbitration Association | Breach of Contract | Browne & Woods | Damages Analysis |
| 9. | Redacted v. Redacted (1996) | American Arbitration Association | Breach of Contract | Kirkland & Ellis | Damages Analysis |
| 8. | Ostex International, Inc. v. Boehringer Mannheim No. 79T184 00192 95 (1996) *88 | American Arbitration Association | Breach of Contract | Mundt, MacGregor, Happel, Falconer, Zulauf & Hall | Damages Analysis |
| 7. | Kenady v. Cooper, White & Cooper No. 940973151 (1995) | JAMS, San Francisco, California | Breach of Contract | Quinn, Kully and Morrow | Damages Analysis |
| 6. | Dahle v. Integrated Resource Equity Corp. (1991) | NASD Arbitration, Portland, Oregon | Securities Violations | Garvey, Schubert & Barer | Damages Analysis |
| 5. | Bacchi v. Fireman's Fund Insurance Co. (1991) *39 | JAMS, Los Angeles, California | Breach of Contract | Kayajanian, Furay, Baker & Hill | Damages Analysis |
| 4. | Kernohan v. Prudential Bache (1989) | American Arbitration Association | Breach of Fiduciary duty | Orrick, Herrington & Sutcliffe | Damages Analysis |
| 3. | Scherick v. Taft Entertainment Co. (1989) | American Arbitration Association | Breach of Contract | Rosenfeld, Meyer & Susman | Damages Analysis |
| 2. | Nuvision Eyecare v. Southern California Glazers (1987) | American Arbitration Association | Breach of Contract | Gibson, Dunn & Crutcher | Damages Analysis |
| 1. | Pittsburgh/Des Moines Corp. v. Garden Grove Community Church (1984) | American Arbitration Association | Breach of Construction Contract | Irell & Manella | Damages Analysis |

**Underlined party was my client.

## EXPERT TESTIMONY—WRITTEN TESTIMONY ONLY

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 8. | In re Textile Rental Services Litigation Case No CV-05-19 (2006) | Circuit Court of Barbour County (Clayton Division), Alabama | Class Action Fraud and Breach of Contract | 14 different  law firms | Fairness of Settlement |
| 7. | Castle & Cooke California, Inc. v. Waste Management of California, Inc. No. CV760322 (1997) | JAMS/ENDISPUTE | Breach of Contract | Crosby, Heafey, Roach & May | Business Valuation |
| 6. | IMACC Corporation v. Dorothy Myers Warburton, et al. Case No. C 93 114 CW (1996) | U.S. District Court Northern District of California | Environmental Clean up | Morrison & Foerster Lane Powell Spears Lubersky Larson & Burnham | Alter Ego Analysis |
| 5. | Williams v. Kaiser Sand & Gravel & SYAR Case No. C92-3561 (1995) | U.S. District Court Northern District of California | Antitrust | Thelen, Marrin, Johnson & Bridges | Damages Analysis |
| 4. | State Farm, et al. v. Garmendi Case No. 918689 (1995) | Los Angeles Superior Court, California | Declaratory Relief | Heller, Ehrman, White & McAuliffe | Reasonableness of Fees |
| 3. | In re: Phar-Mor Inc. Securities Litigation Case No. 93-631 (1995) | U.S. District Court, Western District of Pennsylvania | Securities Litigation | Zelle & Larson | Damages Analysis |
| 2. | Reggie White, et al. v. N.F.L. Civil No. 4-92-906 (1993) | U.S. District Court, District of Minnesota, 4th Division | Antitrust | Howarth & Smith | Damages Analysis |
| 1. | McCarthy v. Pollet (1983) | State Court, Hawaii | Fraud | Goodsill, Anderson, Quinn & Stifel | Investigatory Accounting |

**Underlined party was my client.

# EXHIBIT B



**ADDUCI  MASTRIANI
& SCHAUMBERG LLP**

ATTORNEYS AT LAW
1200 SEVENTEENTH STREET, N.W. WASHINGTON, DC 20036
Tel:(202) 467-6300  Fax:(202) 466-2006  Web:www.adduci.com

December 8, 2011

V JAMES ADDUCI II

LOUIS S MASTRIANI

TOM M SCHAUMBERG

WILL E LEONARD

MUNFORD PAGE HALL II

MICHAEL L DOANE

SARAH E HAMBLIN

ANDREW F PRATT

WILLIAM C SJOBERG

JONATHAN J ENGLER

QIAN SHENG

DAVID H HOLLANDER JR

KATHERINE R LAHNSTEIN

DANIEL F SMITH

ASHA ALLAM

BEAU A JACKSON

THOMAS R BURNS JR

ROWAN E MORRIS

EVAN H LANGDON

PAUL M BARTKOWSKI


OF COUNSEL

JOHN C STEINBERGER

PAUL G HEGLAND

DEBORAH S STRAUSS

admitted to a bar other
than DC, practice limited
to federal courts & agencies

HARVEY B FOX (1941-2010)


AFFILIATE

AM&S TRADE SERVICES LLC

CARLOS MOORE, PRESIDENT

**VIA HAND DELIVERY**

The Honorable James R. Holbein
Secretary
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, S.W., Room 112A
Washington, DC 20436

Re:     *Certain Portable Electronic Devices and Related
        Software*, ITC Inv. No. 337-TA-797

Dear Secretary Holbein:

In accordance with Order No. 19 in the above-captioned investigation, please find an original and two copies of the First Amended Complaint of Complainant Apple Inc. Under Section 337 Of The Tariff Act of 1930, As Amended.  Also being filed herewith are original certified copies of Exhibits 29-30 (U.S. Patent No. RE42,738 E and patent assignments); an original certified copy of Appendix K (two copies on CD and one paper copy); an original and two copies of Exhibits 31 and 32 (claim charts); and two copies of Appendix L (references) on disk.

Please contact me if you have any questions.

Sincerely,

David H. Hollander, Jr.

DHH:tse
Enclosures
APPLE701611-12.doc

# UNITED STATES INTERNATIONAL TRADE COMMISSION
## WASHINGTON, D.C.
### Before the Honorable E. James Gildea

In the Matter of

**CERTAIN PORTABLE ELECTRONIC
DEVICES AND RELATED SOFTWARE**

**Investigation No. 337-TA-797**

## FIRST AMENDED COMPLAINT OF APPLE INC. UNDER
## SECTION 337 OF THE TARIFF ACT OF 1930, AS AMENDED

<u>**COMPLAINANT**</u>

Apple Inc., f/k/a Apple Computer, Inc.
1 Infinite Loop
Cupertino, CA 95014
Telephone: (408) 996-1010

<u>**PROPOSED RESPONDENTS**</u>

HTC Corp.
23 Xinghua Road, Taoyuan 330
Taiwan, Republic of China
Telephone: +886 3 3753252

HTC America, Inc.
13920 SE Eastgate Way, Suite 400
Bellevue, Washington 98005
Telephone: (425) 679-5318

Exedea, Inc.
5950 Corporate Drive
Houston, TX 77036
Telephone: (213) 356-6652

<u>**COUNSEL FOR COMPLAINANT**</u>

V. James Adduci II
Jonathan J. Engler
David H. Hollander, Jr.
Rowan E. Morris
**Adduci Mastriani & Schaumberg LLP**
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036

Mark D. Fowler
Aaron Wainscoat
Erik Fuehrer
**DLA Piper LLP (US)**
2000 University Avenue
East Palo Alto, CA. 94303

Tiffany Miller
Robert Williams
**DLA Piper LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101
Tel:  619-699-2700
Fax: 619-699-2701

David Alberti
Elizabeth Day
Clayton Thompson
Yakov Zolotorev
**Feinberg, Day, Alberti & Thompson, LLP**
401 Florence Street, Suite 200
Palo Alto, CA 94301

George Riley
**O'Melveny & Meyers LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111

Jon Yuen Chow
**O'Melveny & Meyers LLP**
400 South Hope Street
Los Angeles, CA 90071

Kenneth H. Bridges
Michael T. Pieja
James Shimota
**Bridges Mavrakakis LLP**
3000 El Camino Real
One Palo Alto Square
Palo Alto, CA 94306

TABLE OF SUPPORTING MATERIALS

EXHIBITS

| Exhibit No. | Description |
|---|---|
| 1 | Certified copy of U.S. Patent No. 7,844,915 B2 |
| 2 | Certified copy of U.S. Patent No. 7,469,381 B2 |
| 3 | Certified copy of U.S. Patent No. 7,084,859 B1 |
| 4 | Certified copy of U.S. Patent No. 7,920,129 B2 |
| 5 | Withdrawn |
| 6 | Certified copy of Assignment Records for U.S. Patent No. 7,844,915 B2 |
| 7 | Certified copy of Assignment Records for U.S. Patent No. 7,469,381 B2 |
| 8 | Certified copy of Assignment Records for U.S. Patent No. 7,084,859 B1 |
| 9 | Certified copy of Assignment Records for U.S. Patent No. 7,920,129 B2 |
| 10 | Withdrawn |
| 11 | List of Foreign Counterpart Patents and Applications |
| 12 | Infringement Claim Chart for U.S. Patent No. 7,844,915 B2 |
| 13 | Infringement Claim Chart for U.S. Patent No. 7,469,381 B2 |
| 14 | Infringement Claim Chart for U.S. Patent No. 7,084,859 B1 |
| 15 | Infringement Claim Chart for U.S. Patent No. 7,920,129 B2 |
| 16 | Withdrawn |
| 17 | Documents detailing purchase of HTC Evo 4G |
| 18 | Documents detailing purchase of HTC Flyer |
| 19 | Domestic Industry Claim Chart for U.S. Patent No. 7,844,915 B2 |
| 20 | Domestic Industry Claim Chart for U.S. Patent No. 7,469,381 B2 |
| 21 | Domestic Industry Claim Chart for U.S. Patent No. 7,084,859 B1 |
| 22 | Domestic Industry Claim Chart for U.S. Patent No. 7,920,129 B2 [CONFIDENTIAL] |
| 23 | Withdrawn |
| 24 | Apple Inc. SEC Form 10-K (2010) |
| 25 | HTC Evo 4G User Guide |
| 26 | Declaration of Boris Teksler [CONFIDENTIAL] |
| 27 | List of Licensees for the Asserted Patents [CONFIDENTIAL] |
| 28 | Infringement Claim Chart for U.S. Patent No. 6,956,564 B1 – Amended Claim 4 |
| 29 | Certified copy of U.S. Patent No. RE42,738 E |
| 30 | Certified copy of Assignment Records for U.S. Patent No. RE42,738 E |
| 31 | Infringement Claim Chart for U.S. Patent No. RE42,738 E |
| 32 | Domestic Industry Claim Chart for U.S. Patent No. RE42,738 E |

APPENDICES

| Appendix Item | Description |
|---|---|
| A | Certified copy of Prosecution History for U.S. Patent No. 7,844,915 B2 |
| B | Certified copy of Prosecution History for U.S. Patent No. 7,469,381 B2 |
| C | Certified copy of Prosecution History for U.S. Patent No. 7,084,859 B1 |
| D | Certified copy of Prosecution History for U.S. Patent No. 7,920,129 B2 |
| E | Withdrawn |
| F | Cited References for U.S. Patent No. 7,844,915 B2 |
| G | Cited References for U.S. Patent No. 7,469,381 B2 |
| H | Cited References for U.S. Patent No. 7,084,859 B1 |
| I | Cited References for U.S. Patent No. 7,920,129 B2 |
| J | Withdrawn |
| K | Certified copy of Prosecution History for U.S. Patent No. RE42,738 E |
| L | Cited References for U.S. Patent No. RE42,738 E |

PHYSICAL EXHIBITS

| Exhibit No. | Description |
|:---:|:---|
| 1 | Apple iPhone 4 (in box with packaging) |
| 2 | HTC EVO 4G (in box with packaging) |
| 3 | HTC Flyer (in box with packaging) |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   COMPLAINANT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.  THE PROPOSED RESPONDENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.   THE TECHNOLOGY AND PRODUCTS AT ISSUE . . . . . . . . . . . . . . . . . . . . 5

V.    THE ASSERTED PATENTS AND NON-TECHNICAL
      DESCRIPTIONS OF THE INVENTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      A.    Overview and Ownership of Asserted Patents . . . . . . . . . . . . . . . . . . . . 7

      B.    Non-Technical Description of the '915 Patent . . . . . . . . . . . . . . . . . . . . 8

      C.    Non-Technical Description of the '381 Patent . . . . . . . . . . . . . . . . . . . . 8

      D.    Non-Technical Description of the '859 Patent . . . . . . . . . . . . . . . . . . . 10

      E.    Non-Technical Description of the '129 Patent . . . . . . . . . . . . . . . . . . . 10

      F.    Non-Technical Description of the RE '738 Patent . . . . . . . . . . . . . . . . 11

      G.    Foreign Counterparts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

      H.    Licenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

VI.   UNLAWFUL AND UNFAIR ACTS OF RESPONDENTS-PATENT
      INFRINGEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

      A.    The '915 Patent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

      B.    The '381 Patent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

      C.    The '859 Patent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

      D.    The '129 Patent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

      E.    The RE '738 Patent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

VII.  SPECIFIC INSTANCES OF UNFAIR IMPORTATION AND SALE . . . . . . . 16

VIII. HARMONIZED TARIFF SCHEDULE ITEM NUMBERS . . . . . . . . . . . . . . . 17

IX.   RELATED LITIGATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

X.    THE DOMESTIC INDUSTRY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

      A.    Apple's Investments In The Domestic Industry . . . . . . . . . . . . . . . . . . 18

      B.    Apple's Practice of the Asserted Patents . . . . . . . . . . . . . . . . . . . . . . . 22

XI.   RELIEF REQUESTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

# I.     INTRODUCTION

1.     Apple Inc. ("Apple") is a leading designer and manufacturer of personal computers, mobile communications devices, portable digital media players and software. Apple's portable electronic devices, such as the iPhone, iPad and iPod touch, are groundbreaking products that revolutionized their respective industries, enjoy enormous commercial success and popular acclaim, and continue to lead their fields in innovation, performance and ease of use.

2.     Apple's extraordinary record of launching technically innovative and commercially successful products reflects its deep commitment to research and development. Throughout its history, Apple has made substantial investments in research and development in a wide variety of technical fields, including computer hardware and software, graphical and touch-based user interfaces, digital media players and personal communications.  Substantially all of this research and development has been conducted by Apple employees located in the company's headquarters in Cupertino, California.

3.     Apple's commitment to research and development has led to pioneering innovations that have laid the groundwork for, and are used extensively in, each of Apple's product lines, including the iPhone, iPad and iPod touch.  Apple has been awarded patent protection for certain of its innovations by the United States Patent and Trademark Office ("PTO").  Apple continues to seek and obtain patent protection for its recent and ongoing innovations, including innovations related to its iPhone, iPad and iPod touch products.

4.     HTC Corp. ("HTC"), HTC America, Inc. ("HTC America") and Exedea, Inc. ("Exedea") (collectively, "Respondents") manufacture, import, sell for importation, sell after importation, and service and repair portable electronic devices, including cellular phones,

1

smartphones, tablet computers and other handheld devices, and software to be loaded into and used on such devices and components of such devices (collectively, the "Accused Products"). The Accused Products manufactured, imported and sold by Respondents incorporate, without license, many technologies developed by Apple and protected by patents issued to and owned by Apple.

5.     Accordingly, Apple files this First Amended Complaint under section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. §1337, based on the unlawful importation into the United States, the sale for importation into the United States and the sale within the United States after importation by the Respondents of certain portable electronic devices and related software that infringe certain claims of U.S. Patent Nos. 7,844,915 (the "'915 patent"), 7,469,381 (the "'381 patent"), 7,084,859 (the "'859 patent"), 7,920,129 (the "'129 patent") and RE42,738 E (the "RE '738 patent") (collectively, the "Asserted Patents").

6.     The Asserted Patents include groundbreaking technologies developed by Apple in conjunction with the development of its innovative iPhone, iPad and iPod touch products.  The presently asserted claims of the Asserted Patents are as follows:

| U.S. Patent Number | Asserted Claims |
|---|---|
| 7,844,915 | 1-5, 7-12, 14-19 and 21 |
| 7,469,381 | 1-20 |
| 7,084,859 | 14-20, 25, 28 |
| 7,920,129 | 1-3, 5-12, 14-19, 21-22, 24-28 |
| RE42,738 | 4, 28, 36-37 |

7.      Apple owns all right, title and interest in and to each of the Asserted Patents. Certified copies of the Asserted Patents were attached to the original Complaint as Exhibits 1 through 4.  Certified copies of the assignment records of the Asserted Patents were also attached as Exhibits 6 through 9.  Exhibits 29 through 32 regarding RE 42,738 E are being submitted herewith.

8.      A domestic industry as required by 19 U.S.C. §§1337(a)(2) and (3) exists in the United States relating to the Apple products protected by the Asserted Patents.

9.      Apple seeks as relief a permanent limited exclusion order prohibiting infringing portable electronic devices and related software, manufactured or sold by or on behalf of Respondents, from entry into the United States.  Apple further seeks a permanent cease and desist order prohibiting Respondents from marketing, distributing, selling, offering for sale, warehousing inventory for distribution or otherwise transferring or bringing into the United States infringing portable electronic devices and related software.

## II.    COMPLAINANT

10.     Apple is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

11.     Apple designs, develops, markets and sells the iPhone, the iPad and the iPod products (which include the iPod touch) as well as a variety of related products, accessories, peripherals and services, including warranty and customer support.  Apple also designs, develops, markets and sells the iOS operating system for the iPhone, iPad and iPod touch.  Apple provides a complete software development kit ("SDK") providing tools for programmers to create their own applications for the iPhone, iPad and iPod touch.  Apple sells its products

3

worldwide through its online stores, its own retail stores, its direct sales force and third-party wholesalers, resellers and value-added resellers.

12.     Apple researched and developed the technology that is protected by the Asserted Patents.  Apple has made and continues to make significant investment in the design and development of products protected by the Asserted Patents, as described in Section X below. These include the iPhone, iPad and iPod touch products.

13.     Apple uses the technologies covered by the Asserted Patents in the United States as described in Section X below.  In connection with the exploitation of these technologies, Apple has made and continues to make significant investment in the United States in facilities, equipment, labor and capital also as described in Section X below.

## III.    THE PROPOSED RESPONDENTS

14.     On information and belief, HTC is a corporation organized and existing under the laws of Taiwan and having its principal place of business at 23 Xinghua Road, Taoyuan City, Taoyuan County 330, Taiwan, Republic of China.  On information and belief, HTC is engaged in the design, manufacture, importation into the United States and sale after importation of the Accused Products.

15.     On information and belief, HTC (BVI) Corp. is a wholly-owned subsidiary of Respondent HTC.  HTC (BVI) Corp., while not a Respondent, is engaged in activities on behalf of its parent, Respondent HTC, and is itself the parent company of an additional Respondent.

16.     On information and belief, HTC America Holding, Inc. is a wholly-owned subsidiary of Respondent HTC.  HTC America Holding, Inc., while not a Respondent, is

engaged in activities on behalf of its parent, Respondent HTC, and is itself the parent company of an additional Respondent.

17.    On information and belief, HTC America is a corporation organized and existing under the laws of the State of Washington and having a principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005.   On information and belief, HTC America is a wholly-owned subsidiary of HTC America Holding, Inc.   On information and belief, HTC America performs several services to support the importation and sale of Accused Products into and within the United States, including marketing of the Accused Products, repair of the Accused Products and other after-sale services, such as supporting and configuring the Accused Products, as well as interfacing with U.S.-based customers and distributors to conform the Accused Products to purchaser requests.

18.    On information and belief, Exedea is a corporation organized and existing under the laws of the State of Texas and having a principal place of business at 5950 Corporate Drive, Houston, Texas 77036.  On information and belief, Exedea is a wholly-owned subsidiary of HTC (BVI) Corp.  On information and belief, Exedea, inter alia, imports the Accused Products into the United States and distributes and sells the Accused Products after their importation into the United States.

## IV.    THE TECHNOLOGY AND PRODUCTS AT ISSUE

19.    The technologies at issue relate generally to hardware and software used in a variety of portable electronic devices, including mobile communication equipment imported into and sold within the United States by or on behalf of Respondents.  The technologies at issue in the '915, '381 and '859 patents relate generally to software architectures, frameworks and

implementations for user interfaces that can be utilized in portable electronic devices. The technology at issue in the '129 patent relates generally to hardware for touch screens that can be used in portable electronic devices. The technology at issue in the RE '738 patent relates generally to movement or acceleration sensors that can be used in portable electronic devices.

20.    The Accused Products include portable electronic devices, including but not limited to cellular phones, smartphones and tablet computers, together with software designed for use on and intended to be loaded onto, such devices. The Accused Products are imported into and sold within the United States by or on behalf of Respondents.

21.    Certain imported Accused Products comprise, include or contain software based on an operating system known as "Android." These products are referred to herein as the "Accused HTC Android Products." Exemplary Accused HTC Android Products include at least the following smartphones: HTC Droid Incredible, the HTC Droid Incredible 2, the HTC Wildfire, the HTC T-Mobile myTouch 3G, the HTC T-Mobile myTouch 3G Slide, the HTC T-Mobile myTouch 4G, the HTC T-Mobile G1, the HTC T-Mobile G2, the HTC Evo 4G, the HTC Aria, the HTC Desire, the HTC Hero, the HTC Merge, the HTC Inspire 4G, the HTC Evo Shift 4G, the HTC Evo 3D and the HTC Thunderbolt 4G; and at least the following tablet computers: the HTC Flyer, the HTC Evo View 4G and the HTC Jetstream.

22.    Certain Accused Products comprise, include or contain a capacitive touch sensor panel including a set of traces that serve the dual functions of driving the touch sensor panel and also shielding another set of traces from the effects of capacitive coupling. These products are referred to herein as the "Accused HTC Capacitive Touch Panel Products." Exemplary Accused HTC Capacitive Touch Panel Products include at least the HTC Droid Incredible, the HTC Droid

6

Incredible 2, the HTC EVO 4G, the HTC Desire, the HTC T-Mobile G2, the HTC Inspire 4G, and the HTC Thunderbolt.[1]

## V.   THE ASSERTED PATENTS AND NON-TECHNICAL DESCRIPTIONS OF THE INVENTIONS

### A.   Overview and Ownership of Asserted Patents

23.   As set forth below, Apple owns by assignment the entire right, title and interest in and to each of the Asserted Patents.  *See* Exhibits 6 through 9 and Exhibit 30.

24.   Pursuant to Commission Rule 210.12(c), certified copies of the prosecution histories of each of the Asserted Patents were submitted with the original Complaint as Appendices A through D, and Appendix K is being submitted herewith.   Pursuant to Commission Rule 210.12(c), the cited references for each of the Asserted Patents were also submitted with the original Complaint as Appendices F through I, and Appendix L is being submitted herewith.

---

[1] The portable electronic devices listed in Section IV are a shorthand summary of products currently accused of infringement by Apple. The specific products listed therein are exemplary only and are not intended to exclusively define or otherwise limit the category of Accused Products.  For instance, Respondents have announced their intention to release additional products that will infringe the Asserted Patents, such as the HTC Amaze 4G.  *See* http://htc.t-mobile.com/amaze-camera-phone.  Apple may, if necessary, amend or modify the above descriptions, or add additional exemplary products, as discovery progresses.

B.    **Non-Technical Description of the '915 Patent**[2]

25.    The '915 patent, entitled "Application Programming Interfaces for Scrolling Operations" issued on November 30, 2010 to inventors Andrew Platzer and Scott Herz.   The '915 patent issued from United States Patent Application No. 11/620,717 filed on January 7, 2007.  The '915 patent expires on January 7, 2027.  Apple owns by assignment the entire right, title and interest in and to the '915 patent.

26.    The '915 patent has twenty-one claims:  three independent claims and eighteen dependent claims.

27.    The '915 patent relates generally to user interface software interacting with a software application to enable the recognition and processing of gestures on a multitouch display.  Broadly speaking, the '915 patent relates to an application programming interface for implementing scrolling and multitouch gesturing operations on a portable electronic device including a multitouch-sensitive display.

C.    **Non-Technical Description of the '381 Patent**

28.    The '381 patent, entitled "List Scrolling and Document Translation, Scaling, and Rotation On A Touch-Screen Display," issued on December 23, 2008 to inventor Bas Ording. The '381 patent issued from Application No. 11/956,969 filed on December 14, 2007.  An ex

---

[2] This description and any other non-technical descriptions within this Complaint are for illustrative purposes only. Nothing in any non-technical description contained within this Complaint is intended to, either implicitly or

parte request for reexamination was filed on April 28, 2010.  On April 26, 2011, claims 1-20 of the '381 patent emerged from reexamination without amendment.  The '381 patent expires on December 14, 2027.  Apple owns by assignment the entire right, title and interest in and to the '381 patent.

29.    The '381 patent contains twenty claims:  three independent claims and seventeen dependent claims.

30.    The '381 patent relates to a method and apparatus for use in conjunction with a portable electronic device with a touch screen display.  Broadly speaking, the '381 patent relates to a scrolling method for a touch screen display that allows a user to scroll to and past the end of a displayed document in a natural and intuitive manner by using a "bounce-back" or "rubber band" effect when the edge of a document is reached.    By way of example, a user using a portable electronic device that practices the claimed invention of the '381 patent may scroll an electronic document in a downward direction with their finger.   If the bottom of the electronic document is reached and the user's finger is still detected on or near the touch screen display, an area beyond the bottom of the document is displayed; that is, the document temporarily scrolls past its bottom-most edge.  After the finger is no longer detected on or near the touch screen

---

explicitly, express any position regarding the proper construction of any claim of the Asserted Patents.

display, the document "snaps back" such that the area beyond the bottom of the document is no longer displayed.

### D.      Non-Technical Description of the '859 Patent

31.     The '859 patent, entitled "Programmable Tactile Touch Screen Displays and Man-Machine Interfaces for Improved Vehicle Instrumentation and Telematics," issued on August 1, 2006 to inventor Timothy Pryor.  The '859 patent issued from United States Patent Application No. 09/789,538 filed on February 22, 2001.  A request for reexamination was filed on June 10, 2009.  The '859 patent emerged from reexamination on May 17, 2011.  The '859 patent expires on September 18, 2014.  Apple owns by assignment the entire right, title and interest in and to the '859 patent.

32.     The '859 patent has thirty-nine claims:  fourteen independent claims and twenty-five dependent claims.

The '859 patent generally relates to methods for controlling computer systems using multitouch sensitive display screens – that is, touch screens that can process inputs from multiple fingers simultaneously.  The '859 patent relates generally to a number of gestures that a user can use on such screens to control the contents of the screen or data presented on the screen or otherwise represented in the computer system.

### E.      Non-Technical Description of the '129 Patent

33.     The '129 patent, entitled "Double-Sided Touch-Sensitive Panel With Shield And Drive Combined Layer," issued on April 5, 2011 to inventors Steve Porter Hotelling and Brian Richards Land.  The '129 patent issued from United States Patent Application No. 11/650,182

filed on January 3, 2007.  The '129 patent expires on January 23, 2030.  Apple owns by assignment the entire right, title and interest in and to the '129 patent.

34.    The '129 patent has 29 claims: 9 independent claims and 20 dependent claims.

35.    The '129 patent generally relates to designs for capacitive touch-sensitive panels. In general, capacitive touch screens use two sets of conductive traces, known as row traces and column traces.  The touch screen operates by sensing changes in the electrical capacitance at junctions between the sets of traces that occurs when a finger or other object approaches a particular place on the screen.  The '129 patent discloses, among other things, the benefits associated with placing the drive traces between the sense traces and the display element.  The '129 patent further teaches advantageously shielding the column traces from electrical interference by controlling the width of the row traces.

F.    **Non-Technical Description of the RE '738 Patent**

36.    The RE '738 patent, entitled "Portable Computers," issued on September 27, 2011, to inventor Hilary Lyndsay Williams.  The RE '738 patent issued from United States Patent Application No. 09/171,921 filed on October 8, 1998.  The RE '738 patent is a reissue of U.S. Patent No. 6,956,564 (the "'564 patent"), which issued on October 18, 2005.  The RE '738 patent expires on October 8, 2018.  Apple owns by assignment the entire right, title and interest in and to the RE '738 patent.

37.    The RE '738 patent has 71 claims:  18 independent claims and 53 dependent claims.

38.    The RE '738 patent generally relates to the implementation and use of accelerometers and movement sensors in portable electronic devices, including handheld

11

computing devices, to improve viewing orientation. For example, the RE '738 patent discloses using accelerometers or movement sensors to detect changes in the orientation of an electronic device and then adjusting the display of information to match the most likely orientation of the device.

### G. Foreign Counterparts

39. A list of foreign counterparts to the Asserted Patents is included with this Amended Complaint as Exhibit 11. Apple owns all right, title and interest in and to each of these foreign counterparts. Apple is not aware of any other foreign counterparts or foreign counterpart applications corresponding to the Asserted Patents that have been issued, abandoned, denied or which remain pending.

### H. Licenses

40. Confidential Exhibit 27 includes a list of licensed entities for the Asserted Patents. On information and belief there are no other current licenses involving the Asserted Patents.

## VI. UNLAWFUL AND UNFAIR ACTS OF RESPONDENTS-PATENT INFRINGEMENT

41. On information and belief, the Respondents manufacture abroad, sell for importation into the United States, import into the United States, and/or sell within the United States after importation, portable electronic devices and components thereof that infringe one or more of the Asserted Patents.

42. Respondents directly infringe and/or will infringe the Asserted Patents by making, using, selling, offering for sale, and importing the articles claimed by, or practicing the claimed methods of, the Asserted Patents. Moreover, Respondents are aware of the Asserted Patents, at

least because Respondents were provided with a copy of the Original Complaint via registered mail as of the date of its filing, and with this Amended Complaint as of the date of its filing. In addition, as set forth below, the '381 patent already is the subject of a complaint filed by Apple against the Respondents on March 2, 2010, in Apple Inc. v. High Tech Computer Corp. a/k/a HTC Corp. et al., currently pending in the District of Delaware, and concurrent with the filing of the Original Complaint, Apple filed a civil action in the United States District Court for the District of Delaware accusing Respondents of infringing the '915 patent, the '859 patent, the '129 patent and the '564 patent.

43.     On information and belief, Respondents indirectly infringe the Asserted Patents by contributing to and/or inducing the infringement of these patents by end users of their products because Respondents know that the sale of the accused portable electronic devices, together with user manuals, service manuals, guides, and other materials, constitute infringing use of the portable electronic devices and related software.

### A.     The '915 Patent

44.     On information and belief, the Accused HTC Android Products infringe at least claims 1-5, 7-12, 14-19 and 21 of the '915 patent. Additionally, on information and belief, users making routine use of the Accused HTC Android Products infringe at least claims 1-5, 7-12, 14-19 and 21 of the '915 patent. On information and belief, as set forth in paragraph 43, above, Respondents are aware of the '915 patent. Further, on information and belief, Respondents knowingly induce users of the Accused HTC Android Products to infringe at least claims 1-5, 7-12, 14-19 and 21 of the '915 patent. On information and belief, Respondents contribute to infringement of at least claims 1-5, 7-12, 14-19 and 21 of the '915 patent because Respondents

know that the Accused HTC Android Products are made for use in an infringement of these claims and are not staple articles of commerce suitable for substantial noninfringing use.  An exemplary claim chart comparing the asserted independent claims of the '915 patent to an exemplary one of the Accused HTC Android Products (*i.e.*, the HTC EVO 4G) is attached as Exhibit 12.

**B.     The '381 Patent**

45.     On information and belief, the Accused HTC Android Products infringe claims 1-20 of the '381 patent.  Additionally, on information and belief, users making routine use of the Accused HTC Android Products infringe claims 1-20 of the '381 patent.  On information and belief, as set forth in paragraph 43, above, Respondents are aware of the '381 patent.  Further, on information and belief, Respondents knowingly induce users of the Accused HTC Android Products to infringe claims 1-20 of the '381 patent.  On information and belief, Respondents contribute to infringement of claims 1-20 of the '381 patent because Respondents know that the Accused HTC Android Products are made for use in an infringement of these claims and are not staple articles of commerce suitable for substantial noninfringing use.  An exemplary claim chart comparing the asserted independent claims of the '381 patent to an exemplary one of the Accused HTC Android Products (*i.e.*, the HTC EVO 4G) is attached as Exhibit 13.

**C.     The '859 Patent**

46.     On information and belief, the Accused HTC Android Products infringe at least claims 14-20, 25 and 28 of the '859 patent.  Additionally, on information and belief, users making routine use of the Accused HTC Android Products infringe at least claims 14-20, 25 and 28 of the '859 patent.  On information and belief, as set forth in paragraph 43, above,

14

Respondents are aware of the '859 patent.  Further, on information and belief, Respondents knowingly induce users of the Accused HTC Android Products to infringe at least claims 14-20, 25 and 28 of the '859 patent.  On information and belief, Respondents contribute to infringement of at least claims 14-20, 25 and 28 of the '859 patent because Respondents know that the Accused HTC Android Products are made for use in an infringement of these claims and are not staple articles of commerce suitable for substantial noninfringing use.  An exemplary claim chart comparing the asserted independent claims of the '859 patent to an exemplary one of the Accused HTC Android Products (*i.e.*, the HTC EVO 4G) is attached as Exhibit 14.

### D.   The '129 Patent

47.   On information and belief, the Accused HTC Capacitive Touch Panel Products infringe at least claims 1-3, 5-12, 14-19, 21-22, 24-28 of the '129 patent.  Additionally, on information and belief, users making routine use of the Accused HTC Capacitive Touch Panel Products infringe at least claims 1-3, 5-12, 14-19, 21-22, 24-28 of the '129 patent.  On information and belief, as set forth in paragraph 43, above, Respondents are aware of the '129 patent.  Further, on information and belief, Respondents knowingly induce users of the Accused HTC Capacitive Touch Panel Products to infringe at least claims 1-3, 5-12, 14-19, 21-22, 24-28 of the '129 patent.  On information and belief, Respondents contribute to infringement of at least claims 1-3, 5-12, 14-19, 21-22, 24-28 of the '129 patent because Respondents know that the Accused HTC Capacitive Touch Panel Products are made for use in an infringement of these claims and are not staple articles of commerce suitable for substantial noninfringing use.  An exemplary claim chart comparing the asserted independent claims of the '129 patent to an exemplary one of the Accused HTC Capacitive Touch Panel Products (*i.e.*, the HTC EVO 4G) is attached as Exhibit 15.

E.     **The RE '738 Patent**

48.     On information and belief, the Accused HTC Android Products infringe at least claims 4, 28, 36 and 37 of the RE '738 patent.  Additionally, on information and belief, users making routine use of the Accused HTC Android Products infringe at least claims 4, 28, 36 and 37 of the RE '738 patent.  On information and belief, as set forth in paragraph 43, above, Respondents are aware of the RE '738 patent.  Further, on information and belief, Respondents knowingly induce users of the Accused HTC Android Products to infringe at least claims 4, 28, 36 and 37 of the RE '738 patent.  On information and belief, Respondents contribute to infringement of at least claims 4, 28, 36 and 37 of the RE '738 patent because Respondents know that the Accused HTC Android Products are made for use in an infringement of these claims and are not staple articles of commerce suitable for substantial noninfringing use.  An exemplary claim chart comparing the asserted independent claims of the RE '738 patent to an exemplary one of the Accused HTC Android Products (*i.e.*, the HTC EVO 4G) is attached as Exhibit 31.

## VII.   SPECIFIC INSTANCES OF UNFAIR IMPORTATION AND SALE

49.     Respondents, either themselves or through subsidiaries or third parties acting on behalf of Respondents, are engaged in the manufacture, importation, sale for importation, offer for sale after importation, sale and/or use after importation into the United States of infringing portable electronic devices and related software.

50.     The HTC Evo 4G is manufactured in Taiwan.  (*See* Exhibit 17, photograph of an HTC Evo 4G (indicating that device is "Made in Taiwan").)  The HTC Evo 4G is imported into the United States.  For example, the photographed HTC Evo 4G was purchased from Radio Shack in Salt Lake City, Utah on May 31, 2011.  The receipt for this purchase is attached as

Exhibit 17.  The photographed HTC Evo 4G device, in its packaging, is submitted as Physical Exhibit 2.

51.     The HTC Flyer is manufactured in Taiwan.  (See Exhibit 18, photograph of an HTC Flyer (indicating that device is "Made in Taiwan").  The HTC Flyer is imported into the United States.  For example, the photographed HTC Flyer was purchased from Best Buy in San Diego, California on May 31, 2011.  The receipt for this purchase is attached as Exhibit 18.  The photographed HTC Flyer device, in its packaging, is submitted as Physical Exhibit 3.

## VIII.   HARMONIZED TARIFF SCHEDULE ITEM NUMBERS

52.     On information and belief, the accused products fall within at least the following classification of the Harmonized Tariff Schedule ("HTS") of the United States:  8517.12.00 (mobile phone) and 8471.30.01; 8471.41.01 or 8471.49.00 (portable computers).  The HTS number is intended to be for illustration only and is not exhaustive of the products accused of infringement in this Amended Complaint.  The HTS number is not intended to limit the scope of the Investigation.

## IX.   RELATED LITIGATION

53.     At present, the '381 patent is the subject of a complaint filed by Apple on March 2, 2010, in Apple Inc. v. High Tech Computer Corp. a/k/a HTC Corp., HTC (BVI) Corp., HTC America, Inc. and Exedea, Inc., Civil Action 10-167-GMS, currently pending in the District of Delaware.  In addition, the '381 patent, the '915 patent and the '129 patent are the subject of a complaint filed by Apple on April 15, 2011, and amended on June 16, 2011, in Apple Inc. v. Samsung Electronics Co., LTD., Samsung Electronics America, Inc. and Samsung

Telecommunications America, LLC, Civil Action 11-1846-LB, currently pending in the Northern District of California.

54.     In addition, concurrent with the filing of Apple's Original Complaint, Apple filed a civil action in the United States District Court for the District of Delaware on July 11, 2011, in Apple Inc. v. HTC Corp., HTC (BVI) Corp., HTC America, Inc., Exedea, Inc. and HTC America Holding, Inc., Civil Action 11-611-GMS, accusing Respondents of infringing the '915 patent, the '859 patent, the '129 patent and the '564 patent.

55.     None of the other Asserted Patents has been the subject of any other foreign or domestic court or agency litigation.

## X.     THE DOMESTIC INDUSTRY

56.     There is a domestic industry, as defined under 19 U.S.C. § 1337(a)(3)(A), (B), and (C), comprising significant investments in physical operations, employment of labor and capital and exploitation of the Asserted Patents.

### A.     Apple's Investments In The Domestic Industry

57.     Apple makes extensive use of the inventions claimed in the Asserted Patents in numerous products, including the iPhone, iPad and iPod touch products.  The iPhone, iPad and iPod touch products are developed in the United States, manufactured abroad, and sold within

the United States.  As set forth in greater detail below, these products collectively practice each of the Asserted Patents.

58.     Apple has made significant investment in plant and equipment with respect to the Apple products that practice the Asserted Patents.  Apple's headquarters is located in Cupertino, California.  (*See* Exhibit 24, Apple 2010 Form 10-K at 21.)  As of September 25, 2010,[3] Apple owned facilities for research and development and corporate functions in Cupertino, California, including land for the future development of its second corporate campus in Cupertino, California.  (*Id.* at 21.)  Apple also owned a data center in Newark, California and land in North Carolina for a new data center facility currently under construction.  (*Id.*)  Substantially all of the research, development, design, engineering, and testing of the Apple products that practice the Asserted Patents was done by Apple employees using or working within Apple's headquarters or facilities in Cupertino, or in Apple's Newark data center facilities.

59.     Moreover, as of September 25, 2010, Apple had opened a total of 317 retail stores, including 233 stores in the United States.  (Exhibit 24 at 2.)  Apple has made substantial investments in its 233 United States retail stores which, in addition to sales, provide product advice, service, and training for Apple hardware and software, including the Apple products that practice the Asserted Patents.  (*Id.*)  Apple also maintains customer service centers at its retail locations called Genius Bars.  Genius Bars are staffed by specially trained employees (or

"Geniuses") who provide support services for Apple products that practice the Asserted Patents, as well as Apple's other products, such as troubleshooting problems, identifying needed repairs, and training customers to use Apple's products.  Apple uses its Genius Bars to create a personal relationship with its customers that is unique in the industry.  During 2010, Apple's capital expenditures for retail store facilities was approximately $404 million.  (Exhibit 24 at 41.)

60.    Apple has made substantial investments in the Apple products that practice the Asserted Patents, including, by way of example, investments in engineering, research, and development.  Detailed information regarding Apple's research and development expenditures may be found in the accompanying Confidential Declaration of Boris Teksler, Apple's Director of Patent Licensing and Strategy.  (*See* Exhibit 26, Teksler Decl., ¶5.)  Substantially all of the research, development, design, engineering, and testing of the Apple products that practice the Asserted Patents was done by Apple employees working within the United States.  (*Id.*)

61.    Apple has been and is engaged in a significant employment of labor with respect to the Apple products that practice the Asserted Patents.  As of September 25, 2010, Apple had approximately 46,600 full-time equivalent employees and an additional 2,800 temporary

---

[3] Apple's fiscal year is the 52 or 53-week period that ends on the last Saturday of September. Unless otherwise stated, all information presented is based on Apple's fiscal calendar. (*See* Exhibit 24, Apple 2010 Form 10-K at 1.)

equivalent employees and contractors. (Exhibit 24 at 10.) Most of Apple's key employees are located in Silicon Valley, California. (*Id.* at 17.) Substantially all of the research, development, design, engineering, and testing of the Apple products that practice the Asserted Patents was done by Apple employees working within the United States. (*See* Exhibit 26, ¶ 5.)

62.     Apple has established a network of authorized service centers in the United States to provide repair and replacement services for Apple products, including the Apple products that practice the Asserted Patents. For instance, Apple has developed a training and certification program for Apple-certified technicians to ensure that Apple's customers receive industry-leading support for its iPhone, iPad and iPod touch products and related software and services. Apple has also established an extensive support program for developers to create applications for the iPhone, iPad and iPod touch. (Exhibit 26, ¶ 9.)

63.     For the 2010 fiscal year, Apple's net revenues were $65.23 billion, including approximately $25 billion from iPhone and related products and services, approximately $5 billion from iPad and related products and services, and approximately $8 billion from iPod product sales. (*See* Exhibit 24 at 33; Exhibit 26, ¶ 6.) During the 2010 fiscal year, Apple sold 40.0 million iPhone units, 7.5 million iPad units, and 50.3 million iPod units. (*See* Exhibit 24 at 33.) The United States represents Apple's largest geographic marketplace. (*Id.* at 9.) Approximately 44% of Apple's net sales in fiscal year 2010 came from sales to customers inside the United States. (*Id.*)

64.     Additional confidential business information regarding Apple's investments in plant, equipment, labor, and research and development related to products that incorporate

technology protected by the Asserted Patents is set forth in the accompanying Teksler Declaration. (Exhibit 26.)

65.     Apple's investments in the relevant domestic industry are continuing and ongoing.

**B.     Apple's Practice of the Asserted Patents**

66.     Apple makes extensive use of the Asserted Patents in numerous different products.  As noted above, Apple currently makes and sells the iPhone, iPad and iPod touch products.  Each of these products practices one or more claims of each of the Asserted Patents. In particular, the iPhone 4, the iPad and the iPod touch each practices at least claims 1 and 8 of the '915 patent, at least claim 1 of the '381 patent, at least claim 28 of the '859 patent, at least claim 1 of the '129 patent, and at least claims 4 and 36 of the RE '738 patent.  The allocation of revenue and cost items for each of these product lines is set forth in the accompanying Teksler Declaration. (*See* Exhibit 26.)  Specific examples of use are described in this section, below, and charted in associated exhibits.

67.     A sample iPhone 4 was provided concurrently with the Original Complaint as Physical Exhibit 1.

68.     The '915 patent is practiced by Apple products including, without limitation, the iPhone, iPad, and iPod touch products.  A claim chart comparing an iPhone 4 to exemplary claims 1 and 8 of the '915 patent is attached as Exhibit 19.

69.     The '381 patent is practiced by Apple products including, without limitation, the iPhone, iPad, and iPod touch products.  A claim chart comparing an iPhone 4 to exemplary claim 1 of the '381 patent is attached as Exhibit 20.

70.     The '859 patent is practiced by Apple products including, without limitation, the iPhone, iPad, and iPod touch products.  A claim chart comparing an iPhone 4 to exemplary claim 28 of the '859 patent is attached as Exhibit 21.

71.     The '129 patent is practiced by Apple products including, without limitation, the iPhone, iPad, and iPod touch products.  A claim chart comparing an iPhone 4 to exemplary claim 1 of the '129 patent is attached as Exhibit 22.

72.     The RE '738 patent is practiced by Apple products including, without limitation, the iPhone, iPad, and iPod touch products.  A claim chart comparing an iPhone 4 to exemplary claims 4 and 36 of the RE '738 patent is attached as Exhibit 32.

## XI.     RELIEF REQUESTED

73.     WHEREFORE, by reason of the foregoing, Apple respectfully requests that the United States International Trade Commission:

(a)     Institute an immediate investigation, pursuant to Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337(a)(l)(B)(i) and (b)(1), with respect to violations of Section 337 based on the importation, sale for importation, and sale after importation, into the United States of Respondents' portable electronic devices and related software, and products and components thereof made on behalf of Respondents, that infringe one or more asserted claims of the '915, '381, '859, '129 and RE '738 patents;

(b)     Schedule and conduct a hearing on said unlawful acts and, following said hearing;

(c)     Issue a permanent exclusion order, pursuant to 19 U.S.C. § 1337(d)(1), barring from entry into the United States all portable electronic devices and related software, and

products and components thereof made by or on behalf of Respondents, and products containing

same, that infringe one or more asserted claims of the '915, '381, '859, '129 and RE '738

patents;

(d)     Issue a permanent cease and desist order, pursuant to 19 U.S.C. § 1337(f),

prohibiting Respondents, and others acting on their behalf, from importing, marketing,

advertising, demonstrating, warehousing inventory for distribution, distributing, offering for sale,

selling, licensing, using, or transferring outside the United States for sale in the United States any

portable electronic devices and related software, and products and components containing same,

that infringe one or more asserted claims of the '915, '381, '859, '129 and RE '738 patents; and

(e)     Grant such other and further relief as the Commission deems just and

proper based on the facts determined by the investigation and the authority of the Commission.

Dated:  December 8, 2011                    Respectfully Submitted

V. James Adduci II
Jonathan J.  Engler
David H.  Hollander, Jr.
Rowan E.  Morris
**Adduci Mastriani & Schaumberg LLP**
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC  20036
Tel: 202-467-6300
Fax: 202-466-2006

Mark D. Fowler
Aaron Wainscoat
Erik Fuehrer
**DLA Piper LLP (US)**
2000 University Avenue
East Palo Alto, CA. 94303
Tel:  650-833-2000
Fax: 650-833-2001

Tiffany Miller
Robert Williams
**DLA Piper LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101
Tel:  619-699-2700
Fax: 619-699-2701

David Alberti
Elizabeth Day
Clayton Thompson
Yakov Zolotorev
**Feinberg, Day, Alberti & Thompson, LLP**
401 Florence Street, Suite 200
Palo Alto, CA 94301

George Riley
**O'Melveny & Meyers LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111

Jon Yuen Chow
**O'Melveny & Meyers LLP**
400 South Hope Street
Los Angeles, CA 90071

Kenneth H. Bridges
Michael T. Pieja
James Shimota
**Bridges Mavrakakis LLP**
3000 El Camino Real
One Palo Alto Square
Palo Alto, CA 94306

APPLE700911-12.docx

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **FIRST AMENDED COMPLAINT OF APPLE INC. UNDER SECTION 337 OF THE TARIFF ACT OF 1930, AS AMENDED** was served to the parties, in the manner indicated below, this 8th day of December 2011:

| | |
|---|---|
| The Honorable James R. Holbein<br>Secretary<br>U.S. INTERNATIONAL TRADE COMMISSION<br>500 E Street, S.W., Room 112A<br>Washington, DC 20436 | ☐ VIA ELECTRONIC FILING<br>☒ VIA HAND DELIVERY (ORIGINAL + 2 COPIES) |
| Lisa M. Kattan, Esq.<br>Office of Unfair Import Investigations<br>U.S. INTERNATIONAL TRADE COMMISSION<br>500 E Street, S.W., Room 401-J<br>Washington, DC 20436<br>lisa.kattan@usitc.gov | ☒ VIA ELECTRONIC MAIL<br>☐ VIA HAND DELIVERY |

### COUNSEL FOR RESPONDENTS HTC CORP., HTC AMERICA, INC. AND EXEDEA, INC.

| | |
|---|---|
| Robert P. Feldman<br>Jordan Jaffe<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Dr., 5th Floor<br>Redwood Shores, California 94065 | ☒ VIA ELECTRONIC MAIL<br>☐ VIA OVERNIGHT DELIVERY |
| Amy H. Candido<br>Sean S. Pak<br>Emily C. Kalanithi<br>Antonio R. Sistos<br>Brian C. Howard<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111 | ☒ VIA ELECTRONIC MAIL<br>☐ VIA OVERNIGHT DELIVERY |
| S. Alex Lasher<br>Paul F. Brinkman<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>1101 Pennsylvania Avenue, NW, 6th Floor<br>Washington, DC  20004-2544 | ☒ VIA ELECTRONIC MAIL<br>☐ VIA OVERNIGHT DELIVERY |

James M. Glass  
Patrick D. Curran  
Jason L. Liu  
Quinn Emanuel Urquhart & Sullivan, LLP  
51 Madison Avenue, 22nd Floor  
New York, New York 10010

☒ VIA ELECTRONIC MAIL  
☐ VIA OVERNIGHT DELIVERY

James B. Coughlan  
Perkins Coie LLP  
700 13th Street, NW  
Suite 600  
Washington, DC  20005

☒ VIA ELECTRONIC MAIL  
☐ VIA OVERNIGHT DELIVERY

John P. Shnurer  
Kevin J. Patariu  
Charles Blazer  
Perkins Coie LLP  
11988 El Camino Real  
Suite 200  
San Diego, California 92130-3334

☒ VIA ELECTRONIC MAIL  
☐ VIA OVERNIGHT DELIVERY

/s/ Patricia L. Cotton  
Senior Paralegal  
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.  
1200 Seventeenth St., N.W., Fifth Floor  
Washington, DC 20036

AP100011-12

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

APPLE INC.,                                        )
                                                   )
          *Plaintiff*,                    )
                                                   )
     vs.                             )     CA No. 10-00167-RK
                                                   )
High Tech Computer Corp., a/k/a HTC Corp.,         )
HTC (B.V.I.) Corp., HTC America, Inc.,             )     JURY TRIAL DEMANDED
Exedea, Inc.,                                      )
          *Defendants*.                  )
                                                   )
                                                   )
_____             )

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

    Plaintiff Apple Inc. ("Apple"), for its First Amended Complaint against High Tech
Computer Corp., a/k/a/ HTC Corp. ("HTC Corp."), HTC (B.V.I.) Corp. ("HTC BVI"), HTC
America, Inc. ("HTC America"), and Exedea, Inc. ("Exedea") (collectively, "Defendants"),
hereby alleges as follows:

### The Parties

    1.    Plaintiff Apple is a corporation organized under the laws of the state of California
with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.  Apple is a
leading designer and manufacturer of innovative computer technologies, including personal
computers, mobile communications devices, portable digital music and video players, and related
software.

    2.    Upon information and belief, Defendant HTC Corp. is a corporation organized
and existing under the laws of Taiwan with its principal place of business at 23 Xinghau Road,
Taoyuan 330, Taiwan, Republic of China.  Upon information and belief, Defendant HTC Corp.

is engaged in the design, manufacture, importation into the United States, and sale after importation of mobile communication devices and services.

3.    Upon information and belief, Defendant HTC BVI is a wholly-owned subsidiary of Defendant HTC Corp. and is incorporated under the laws of the British Virgin Islands with its principal place of business at 3F, Omar Hodge Building, Wickhams Cay I, P.O. Box 362, Road Town, Tortola, British Virgin Islands.  Upon information and belief, Defendant HTC BVI is engaged in global investing and related activities on behalf of its parent, Defendant HTC Corp. and is itself a parent company of additional Defendants.

4.    Upon information and belief, Defendant HTC America is a wholly-owned subsidiary of Defendant HTC BVI and is incorporated under the laws of the state of Texas, with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005.  Upon information and belief, Defendant HTC America performs several services to support the importation and sale of mobile communication devices produced by HTC Corp. into and within the United States, including marketing, repair, and after-sale services of mobile communication devices.

5.    Upon information and belief, Defendant Exedea is a wholly-owned subsidiary of Defendant HTC BVI and is incorporated under the laws of the state of Texas with its principal place of business at 5950 Corporate Drive, Houston, Texas 77036.  Upon information and belief, Defendant Exedea imports mobile communication devices produced by HTC Corp. into the United States and distributes and sells such mobile communication devices after their importation.

**Nature of the Action**

6.    This is an action brought by Apple against Defendants for Defendants' infringement of Apple's patents.  Specifically, Apple seeks remedies for Defendants'

infringement of Apple's U.S. Patent Nos. 7,362,331 ("the '331 Patent"), 7,479,949 ("the '949 Patent"), 7,469,381 ("the '381 Patent"), 5,920,726 ("the '726 Patent"), 7,633,076 ("the '076 Patent"), 5,848,105 ("the '105 Patent"), 5,455,599 ("the '599 Patent"), and 6,424,354 ("the '354 Patent") (collectively, "the Asserted Patents").[1]

### Jurisdiction and Venue

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

8.     This Court has personal jurisdiction over the Defendants because the Defendants have established minimum contacts with the forum state of Delaware.  Defendants, directly and/or through third-party manufactures, manufacture or assemble products that are and have been offered for sale, sold, purchased, and used within the state of Delaware.  In addition, Defendants, directly and/or through their distribution networks, regularly place their products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in Delaware.  Thus, Defendants have purposefully availed themselves of the benefits of the state of Delaware and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

9.     Defendants transact business in the state of Delaware because, among other things, Defendants manufacture and distribute products that are offered for sale, sold, purchased, and used within the state of Delaware.  Defendants have also committed tortious acts of patent infringement in Delaware and are subject to personal jurisdiction in Delaware.  Venue is thus proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), (d) and 1400(b).

---

[1]   Contemporaneously with the filing of this First Amended Complaint, Apple has filed a new action in this Court against Defendants asserting infringement of U.S. Patents Nos. 7,383,453, 7,657,849, 6,282,646, and 7,380,116.

**The Patents in Suit**

10.     The Asserted Patents cover generally various software and/or hardware technologies that can be incorporated into mobile communication devices, including cellular phones and smart phones, among various other types of products.

11.     Apple owns by assignment the entire right, title, and interest in and to the Asserted Patents, including the right to bring this suit for injunctive relief and damages.

12.     All of the Asserted Patents are valid and enforceable.

13.     Upon information and belief, Defendants have infringed and continue to infringe one or more claims of each of the Asserted Patents by engaging in acts that constitute infringement under 35 U.S.C. § 271, including but not necessarily limited to making, using, selling, and/or offering for sale, in Delaware and elsewhere in the United States, and/or importing into Delaware and elsewhere in the United States, certain mobile communication devices including cellular phones and smart phones, including at least phones incorporating the Android Operating System (collectively, "the Accused Products").

**COUNT I - INFRINGEMENT OF U.S. PATENT NO. 7,362,331**

14.     Paragraphs 1 through 13 are incorporated by reference as if fully stated herein.

15.     The '331 Patent, entitled "Time-Based, Non-Constant Translation Of User Interface Objects Between States," was duly and legally issued on April 22, 2008 by the United States Patent and Trademark Office.  A copy of the '331 Patent is attached hereto as Exhibit A.

16.     Apple is the exclusive and current owner of all rights, title, and interest in the '331 Patent, including the right to bring this suit for injunctive relief and damages.

17.     Defendants have infringed and are infringing the '331 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are

covered by one or more claims of the '331 Patent, including but not limited to the Accused Products.

18.     Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '331 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

19.     Apple has been and continues to be damaged by Defendants' infringement of the '331 Patent, in an amount to be determined at trial.

20.     Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '331 Patent is enjoined by this Court.

21.     Defendants' infringement of the '331 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## <u>COUNT II - INFRINGEMENT OF U.S. PATENT NO. 7,479,949</u>

22.     Paragraphs 1 through 21 are incorporated by reference as if fully stated herein.

23.     The '949 Patent, entitled "Touch Screen Device, Method, And Graphical User Interface For Determining Commands By Applying Heuristics," was duly and legally issued on January 20, 2009 by the United States Patent and Trademark Office.  A copy of the '949 Patent is attached hereto as Exhibit B.

24.     Apple is the exclusive and current owner of all rights, title, and interest in the '949 Patent, including the right to bring this suit for injunctive relief and damages.

25.     Defendants have infringed and are infringing the '949 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are

covered by one or more claims of the '949 Patent, including but not limited to the Accused Products.

26.      Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '949 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

27.      Apple has been and continues to be damaged by Defendants' infringement of the '949 Patent, in an amount to be determined at trial.

28.      Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '949 Patent is enjoined by this Court.

29.      Defendants' infringement of the '949 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III - INFRINGEMENT OF U.S. PATENT NO. 7,469,381

30.      Paragraphs 1 through 29 are incorporated by reference as if fully stated herein.

31.      The '381 Patent, entitled "List Scrolling And Document Translation, Scaling, And Rotation On A Touch-Screen Display," was duly and legally issued on December 23, 2008 by the United States Patent and Trademark Office.  A copy of the '381 Patent is attached hereto as Exhibit C.

32.      Apple is the exclusive and current owner of all rights, title, and interest in the '381 Patent, including the right to bring this suit for injunctive relief and damages.

33.      Defendants have infringed and are infringing the '381 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are

covered by one or more claims of the '381 Patent, including but not limited to the Accused
Products.

34.     Defendants have contributed to and/or induced and will continue to contribute to
and/or induce the infringement of the '381 Patent by others in this District and elsewhere in the
United States, with the direct infringement being accomplished by end users of at least the
Accused Products.

35.     Apple has been and continues to be damaged by Defendants' infringement of the
'381 Patent, in an amount to be determined at trial.

36.     Apple has suffered irreparable injury for which there is no adequate remedy at
law and will continue to suffer such irreparable injury unless Defendants' infringement of the
'381 Patent is enjoined by this Court.

37.     Defendants' infringement of the '381 Patent is exceptional and entitles Apple to
attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 5,920,726

38.     Paragraphs 1 through 37 are incorporated by reference as if fully stated herein.

39.     The '726 Patent, entitled "System And Method For Managing Power Conditions
Within A Digital Camera Device," was duly and legally issued on July 6, 1999 by the United
States Patent and Trademark Office.  A copy of the '726 Patent is attached hereto as Exhibit D.

40.     Apple is the exclusive and current owner of all rights, title, and interest in the
'726 Patent, including the right to bring this suit for injunctive relief and damages.

41.     Defendants have infringed and are infringing the '726 Patent by making, using,
selling, offering for sale, and/or importing, without authority, products and services that are
covered by one or more claims of the '726 Patent, including but not limited to the Accused
Products.

42.     Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '726 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

43.     Apple has been and continues to be damaged by Defendants' infringement of the '726 Patent, in an amount to be determined at trial.

44.     Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '726 Patent is enjoined by this Court.

45.     Defendants' infringement of the '726 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT V - INFRINGEMENT OF U.S. PATENT NO. 7,633,076**

46.     Paragraphs 1 through 45 are incorporated by reference as if fully stated herein.

47.     The '076 Patent, entitled "Automated Response To And Sensing Of User Activity In Portable Devices," was duly and legally issued on December 15, 2009 by the United States Patent and Trademark Office.  A copy of the '076 Patent is attached hereto as Exhibit E.

48.     Apple is the exclusive and current owner of all rights, title, and interest in the '076 Patent, including the right to bring this suit for injunctive relief and damages.

49.     Defendants have infringed and are infringing the '076 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '076 Patent, including but not limited to the Accused Products.

50.     Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '076 Patent by others in this District and elsewhere in the

United States, with the direct infringement being accomplished by end users of at least the Accused Products.

51.     Apple has been and continues to be damaged by Defendants' infringement of the '076 Patent, in an amount to be determined at trial.

52.     Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '076 Patent is enjoined by this Court.

53.     Defendants' infringement of the '076 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VI - INFRINGEMENT OF U.S. PATENT NO. 5,848,105

54.     Paragraphs 1 through 53 are incorporated by reference as if fully stated herein.

55.     The '105 Patent, entitled "GMSK Signal Processors For Improved Communications Capacity And Quality," was duly and legally issued on December 8, 1998 by the United States Patent and Trademark Office.  A copy of the '105 Patent is attached hereto as Exhibit F.

56.     Apple is the exclusive and current owner of all rights, title, and interest in the '105 Patent, including the right to bring this suit for injunctive relief and damages.

57.     Defendants have infringed and are infringing the '105 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '105 Patent, including but not limited to the Accused Products.

58.     Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '105 Patent by others in this District and elsewhere in the

United States, with the direct infringement being accomplished by end users of at least the Accused Products.

59.     Apple has been and continues to be damaged by Defendants' infringement of the '105 Patent, in an amount to be determined at trial.

60.     Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '105 Patent is enjoined by this Court.

61.     Defendants' infringement of the '105 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT VII - INFRINGEMENT OF U.S. PATENT NO. 5,455,599

62.     Paragraphs 1 through 61 are incorporated by reference as if fully stated herein.

63.     The '599 Patent, entitled "Object-Oriented Graphic System," was duly and legally issued on October 3, 1995 by the United States Patent and Trademark Office.  A copy of the '599 Patent is attached hereto as Exhibit G.

64.     Apple is the exclusive and current owner of all rights, title, and interest in the '599 Patent, including the right to bring this suit for injunctive relief and damages.

65.     Defendants have infringed and are infringing the '599 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '599 Patent, including but not limited to the Accused Products.

66.     Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '599 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

67.     Apple has been and continues to be damaged by Defendants' infringement of the '599 Patent, in an amount to be determined at trial.

68.     Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '599 Patent is enjoined by this Court.

69.     Defendants' infringement of the '599 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VIII - INFRINGEMENT OF U.S. PATENT NO. 6,424,354

70.     Paragraphs 1 through 69 are incorporated by reference as if fully stated herein.

71.     The '354 Patent, entitled "Object-Oriented Event Notification System With Listener Registration Of Both Interests And Methods," was duly and legally issued on July 23, 2002 by the United States Patent and Trademark Office.  A copy of the '354 Patent is attached hereto as Exhibit H.

72.     Apple is the exclusive and current owner of all rights, title, and interest in the '354 Patent, including the right to bring this suit for injunctive relief and damages.

73.     Defendants have infringed and are infringing the '354 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '354 Patent, including but not limited to the Accused Products.

74.     Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '354 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

75. Apple has been and continues to be damaged by Defendants' infringement of the '354 Patent, in an amount to be determined at trial.

76. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '354 Patent is enjoined by this Court.

77. Defendants' infringement of the '354 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Apple prays for the following judgment and relief against Defendants:

(A) That Defendants have infringed each and every one of the Asserted Patents;

(B) That Defendants, their officers, agents, employees, and those persons in active concert or participation with any of them, and their successors and assigns, be permanently enjoined from infringement, inducement of infringement, and contributory infringement of each and every one of the Asserted Patents, including but not limited to an injunction against making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, any products and/or services that infringe the Asserted Patents;

(C) That Apple be awarded all damages adequate to compensate it for Defendants' infringement of the Asserted Patents, such damages to be determined by a jury, and if necessary to adequately compensate Apple for the infringement, an accounting;

(D) That Apple be awarded treble damages and pre-judgment and post-judgment interest at the maximum rate allowed by law;

(E)    That this case be declared an exceptional case within the meaning of 35 U.S.C. §

285 and that Apple be awarded attorneys' fees, costs, and expenses incurred in connection with

this action;

(F)    That Apple be awarded such other and further relief as this Court deems just and

proper.

Dated:  June 21, 2010

*/s/ Richard K. Herrmann*

Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
Amy A. Quinlan (I.D. #3201)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
rherrmann@morrisjames.com

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone:  (213) 680-8400
Facsimile:   (213) 680-8500

Gregory S. Arovas, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:   (212) 446-4900

Bryan S. Hales, P.C.
Marcus E. Sernel, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile:   (312) 862-2200

Kenneth H. Bridges
Michael T. Pieja
Brian C. Kwok
WONG, CABELLO, LUTSCH,
RUTHERFORD & BRUCCULERI LLP
540 Cowper Street, Suite 100
Palo Alto, CA 94301
Telephone:  (650) 681-4475
Facsimile:   (650) 403-4043

*Attorneys for Apple Inc.*

14

# EXHIBIT D

2013-1129

# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

APPLE INC.,

*Plaintiff-Appellant*,

*v.*

SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC., and
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of California in case no. 11-CV-1846, Judge Lucy H. Koh.

## BRIEF FOR PLAINTIFF-APPELLANT APPLE INC.

MICHAEL A. JACOBS
RACHEL KREVANS
ERIK J. OLSON
RICHARD S.J. HUNG
GRANT L. KIM
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000

WILLIAM F. LEE
MARK C. FLEMING
JOSEPH J. MUELLER
LAUREN B. FLETCHER
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

JONATHAN G. CEDARBAUM
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

February 12, 2013

*Counsel for Plaintiff-Appellant Apple Inc.*

display screen and narrower black borders on either side of the screen; (v) when the device is on, a row of small dots on the display screen; (vi) when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and (vii) when the device is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed.  A20339-20340(339:21-340:12); A21091-21092(1091:11-1092:23); *see also* A50104.

## 2.    Apple's utility patents

Along with those protections for the iPhone's design, Apple has numerous utility patents covering various functions of the unique user experience for the iPhone and iPad.  Among those patents are U.S. Patent Nos. 7,469,381 ("'381 patent"), 7,844,915 ("'915 patent"), and 7,864,163 ("'163 patent").

The '381 patent claims the "bounce-back" feature used by the iPhone and iPad: when a user of a touchscreen device scrolls beyond the edge of an electronic document, the device causes the electronic document to bounce back so that no space beyond the edge of the document is displayed.  A36502-36505; A36519-36520; *see also* A21736-21739(1736:16-1739:21).

The '915 patent claims the multi-touch display functionality of the iPhone and iPad, which allows those products to distinguish between single-touch commands for scrolling through documents and multi-touch gestures to manipulate

a document (*e.g.*, a two-fingered "pinch-to-zoom" gesture). A36448; A36459; *see also* A21817-21818(1817:8-1818:22).

The '163 patent claims the "double-tap-to-zoom" capability of the iPhone and iPad, which allows a touchscreen device to enlarge and center the text of an electronic document when a user taps twice on a portion of that document and, in response to a second user gesture on another portion of the document, recenters the screen over that portion of the document. A36564; A36568; A36570; *see also* A21831-21832(1831:9-1832:21).

*****

Because they protect key designs and functionalities that have fueled the iPhone's and iPad's overwhelming success, the D'677, D'087, D'305, '381, '915, and '163 patents as well as Apple's iPhone trade dress are crown jewels of Apple's "unique user experience" IP portfolio. A21954-21957(1954:19-1957:9); A21963-21964(1963:23-1964:8); A22010(2010:3-17); A22012(2012:6-16). Apple has only rarely agreed to license its utility patents falling within this category to other companies, has agreed to license its design patents even more rarely, and has never licensed its trade dress. The few instances in which Apple has licensed its patents covering Apple's unique user experience have occurred under circumstances that would not "enabl[e] somebody to build a clone product" of the iPhone or iPad. A21956-21957(1956:21-1957:9); *see also* A22010-22012(2010:6-2012:16)