Scott R. Mosko (State Bar No. 106070)
scott.mosko@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California  94304-1203
Telephone:  (650) 849-6600
Facsimile:  (650) 849-6666

Attorneys for Third Parties
HTC America Inc., HTC Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean Corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York Corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware Limited Liability Company,<br><br>             Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**THIRD PARTIES HTC AMERICA, INC., AND HTC CORPORATION'S RESPONSE TO SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (DOCKET NO. 2915)** |

1    Third parties HTC America, Inc. and HTC Corporation (collectively "HTC") submit this
2 response to Samsung's Administrative Motion to File Documents Under Seal (Docket No. 2915).
3    Samsung's Motion refers in part to the Declaration of Michael J. Wagner in Support of
4 Samsung's Opposition to Apple's Renewed Motion for Permanent Injunction ("Wagner
5 Declaration") which in turn refers to a confidential Agreement between HTC and Apple that was the
6 subject of a motion to file under seal in 2012.  In the context of that 2012 motion to file under seal,
7 HTC specially appeared because the Agreement that was the subject of this motion contained
8 confidential HTC information.  As a result of HTC's pleadings and supporting declaration, this
9 Court ordered that the Agreement be redacted before it was publicly filed (Docket No. 2192).
10    HTC respectfully submits that pursuant to Civil L.R. 79-5,  portions of the Wagner
11 Declaration should be redacted before it is filed publicly.

## I.    BACKGROUND

After the first trial in this case, Apple and HTC entered into an Agreement, some of the terms of which are the subject of Samsung's current motion to seal.  During post-trial proceedings, Samsung lodged this Agreement with the Court and, concurrently with that lodging, filed a motion to file it under seal.  In response to this 2012 motion to file under seal, HTC filed a response (Docket No. 2186--attached as Exhibit 1 to the accompanying Mosko Declaration) and the Lam Declaration (Docket No. 2186-1--attached as Exhibit 2 to the accompanying Mosko Declaration) that supported its position that this Agreement contained confidential information.   HTC specifically identified those portions of the Agreement that contained confidential information, the basis for the confidentiality and moved that this Court authorize only a redacted version to be publicly filed.  This Court agreed with HTC's proposed redactions, and ordered that only the redacted version be made public.  (Docket No. 2192)  A copy of this Order is attached to the accompanying Mosko Declaration as Exhibit 3 for the Court's convenience.  The public version of this Agreement was thereafter filed  (Docket No. 2182-5).

## II.    SAMSUNG'S CURRENT REQUEST

Samsung's Motion (Docket No. 2915) seeks an order to file portions of the Wagner Declaration under seal and submits a redacted version of the Wagner Declaration that it believes

removes the confidential portions of the Declaration.  Samsung submits a declaration from Robert J. Becher to support its claims that its proposed redactions are confidential (Docket No. 2915-1).

In response to Samsung's sealing motion, HTC hereby states that it is in agreement with the Samsung's proposed redactions which should be made before the Wagner Declaration is filed publically, as they are consistent with those redactions previously approved by this Court.

### III. ALL REFERENCES TO TERMS IN THE PREVIOUSLY-REDACTED HTC/APPLE AGREEMENT MUST REMAIN CONFIDENTIAL AND THEREFORE MUST BE REDACTED FROM ANY PUBLIC FILING

HTC moves this Court to require these redactions because they encompass terms in the HTC/Apple agreement that this Court previously sealed.  Specifically, HTC seeks to exclude from the public version the reference to the scope of the license, the products to which the license applies, and the royalty term. This Court has previously excluded such terms from the public.  *See* Mosko Decl., Ex. 3; *Apple Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-0146 (Aug. 9, 2012 N.D. Cal.); citing *In re Electronic Arts,* 298 Fed. App'x 568, 569 (9th Cir. 2008).  Disclosure of this information will place HTC at a competitive disadvantage, as stated in Lam declaration, Mosko Decl., Ex. 2.

Dated:  January 13, 2014                                    FINNEGAN, HENDERSON, FARABOW,
                                                                                     GARRETT & DUNNER, LLP

                                                                             By:          */s/ Scott R. Mosko*
                                                                                          Scott R. Mosko

                                                                             Attorneys for Third Parties
                                                                             HTC America Inc., and HTC Corporation