# EXHIBIT A



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/012,332 | 05/30/2012 | 7844915 | P4895USREX1/106842803600 | 5963 |

20872      7590     01/23/2014
MORRISON & FOERSTER LLP
425 MARKET STREET
SAN FRANCISCO, CA 94105-2482

| EXAMINER |
|---|
| YIGDALL, MICHAEL J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 01/23/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

BRYAN CAVE LLP
1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/012,332*.

PATENT NO. *7,844,915*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

|  | Control No. | Patent Under Reexamination |
|---|---|---|
| **Ex Parte Reexamination Interview Summary** | 90/012,332 | 7844915 |
|  | Examiner | Art Unit |
|  | Michael J. Yigdall | 3992 |

All participants (USPTO personnel, patent owner, patent owner's representative):

(1) <u>Michael J. Yigdall</u>            (3) <u>Brian Ho, Peter Yim</u>

(2) <u>Stephen Ralis, Sudhanshu Pathak</u>     (4) <u>Jason Skinder</u>

Date of Interview: <u>16 January 2014</u>

Type:  a)☒ Telephonic   b)☐ Video Conference
       c)☐ Personal (copy given to: 1)☐ patent owner   2)☐ patent owner's representative)

Exhibit shown or demonstration conducted:   d)☐ Yes   e)☒ No.
 If Yes, brief description: _____

Agreement with respect to the claims  f)☐ was reached.  g)☒ was not reached.  h)☐ N/A.
Any other agreement(s) are set forth below under "Description of the general nature of what was agreed to…"

Claim(s) discussed: <u>1 and 8</u>.

Identification of prior art discussed: <u>Nomura (Japanese Pub. No. 2000-163031)</u>.

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
<u>See Continuation Sheet.</u>

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims patentable, if available, must be attached. Also, where no copy of the amendments that would render the claims patentable is available, a summary thereof must be attached.)

A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION MUST INCLUDE PATENT OWNER'S STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. (See MPEP § 2281). IF A RESPONSE TO THE LAST OFFICE ACTION HAS ALREADY BEEN FILED, THEN PATENT OWNER IS GIVEN **ONE MONTH** FROM THIS INTERVIEW DATE TO PROVIDE THE MANDATORY STATEMENT OF THE SUBSTANCE OF THE INTERVIEW (37 CFR 1.560(b)). THE REQUIREMENT FOR PATENT OWNER'S STATEMENT CAN NOT BE WAIVED. **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

/Michael J. Yigdall/
Primary Examiner, Art Unit 3992

cc: Requester (if third party requester)

**Continuation Sheet (PTOL-474)**                                                                                           **Reexam Control No.  90/012,332**

Continuation:

    The examiners reiterated the position set forth in the advisory action mailed on November 20, 2013 that the claims must be given the broadest reasonable interpretation consistent with the specification.  The examiners stated that while the opinions set forth in the Nieh and Klemmer declarations are appreciated, the actual disclosure of the '915 patent itself does not describe an implementation or an algorithm for performing the claimed "distinguishing," and does not include any examples of an input consisting of more than two input points that is interpreted as a gesture operation.

    The patent owner's representatives stated that the Nieh and Klemmer declarations were not intended to supplement the specification, but rather to show how a person of ordinary skill in the art would interpret the claims.  The patent owner's representatives suggested reading the claims from the perspective of a programmer tasked with implementing them.  The examiners stated that a plain reading of the claims is that the word "or" in "two or more" means that "two" and "more [than two]" are alternatives.  The examiners pointed out that the Federal Circuit's decision in Schumer v. Laboratory Computer Systems Inc. (64 USPQ2d 1832) shows that such an interpretation is indeed a reasonable interpretation.

    The patent owner's representatives made reference to the argument that claim 8 (directed to a machine-readable storage medium) is different than claim 1 (directed to a method) because it includes a predefined set of instructions for performing the method, and that the storage medium must therefore include instructions (code) for interpreting any number of input points.  The examiners stated that such an argument would apply, for example, in the case of claims that included a "distinguishing" or "interpreting" step that was not necessarily performed (e.g., "interpreting an input as a gesture operation if there are two or more input points"), where a reference that lacked instructions or code for interpreting an input as a gesture operation could anticipate the method claim (e.g., when there is a single input point) but would not anticipate the storage medium claim.  The examiners noted that here, however, the prior art is capable of interpreting an input as a gesture operation.

/MY/