QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>SAMSUNG'S OBJECTIONS TO DECLARATION OF BJ WATROUS IN SUPPORT OF APPLE'S RENEWED MOTION FOR PERMANENT INJUNCTION |

1    Pursuant to Northern District of California Civil Local Rule 7-3(d)(1), Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC ("Samsung") hereby object to the Declaration of BJ Watrous in Support of Apple's Renewed Motion for Permanent Injunction, dated January 16, 2014. Samsung objects on the grounds that paragraph 4 of the declaration is conclusory and vague. Mr. Watrous states the conclusion that "Mr. Korea's description of Apple's offers is incorrect", but he does not provide proper evidentiary support for this conclusion. While Mr. Watrous claims in paragraph 4 that "[t]hese discussions with Samsung have consistently included limits to both the scope of any license and a prohibition against cloning Apple products", he does not state: (i) what discussions he is referencing; (ii) what "limits" he is referencing; and (iii) if, when and how Apple communicated to Samsung the "limits" or "prohibition against cloning" referenced in his declaration. Samsung further objects on the ground that Mr. Watrous failed to lay a proper foundation for the statements contained in paragraph 4 of his declaration. As a result, paragraph 4 of Mr. Watrous' declaration should be stricken.

If the Court intends to consider paragraph 4 of Mr. Watrous' declaration, Samsung should be allowed to depose him. As the Court will recall, Samsung moved for leave to take limited discovery regarding Apple's willingness to license its patents. Samsung explained in its motion that it needed discovery to avoid unnecessary surprise and to understand Apple's account of the parties' recent licensing negotiations. (Dkt. 2923.) The fact that Apple has now submitted a vague and conclusory declaration regarding the parties' licensing negotiations confirms that Samsung's request for discovery was well-founded. Samsung should be permitted to examine Mr. Watrous so that it can obtain a full understanding of the basis for and meaning of the statements made in his declaration.

| | | |
|---|---|---|
| 1 | DATED: January 23, 2014 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By   /s/ *Victoria Maroulis*
   Charles K. Verhoeven
   Kathleen M. Sullivan
   Kevin P.B. Johnson
   Victoria F. Maroulis
   Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC