QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | CASE NO. 11-cv-01846-LHK<br><br>SAMSUNG'S OBJECTIONS TO APPLE'S BILL OF COSTS<br><br>Place:    Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |

# TABLE OF CONTENTS

**Page**

INTRODUCTORY STATEMENT ..................................................................................... 1

PROCEDURAL BACKGROUND ...................................................................................... 3

LEGAL STANDARD ......................................................................................................... 4

OBJECTIONS TO APPLE'S BILL OF COSTS ............................................................... 5

I.      THE COURT SHOULD DEFER ANY DECISION ON COSTS UNTIL AFTER
APPEALS OF THE MERITS ARE RESOLVED ................................................... 5

II.     IF THE COURT TAXES COSTS AT THIS TIME, IT SHOULD ORDER EACH
PARTY TO BEAR ITS OWN COSTS .................................................................... 6

III.    IF THE COURT TAXES COSTS FOR APPLE, THEY MUST BE REDUCED ............... 9

       A.     Objections to Costs For Deposition Transcripts ....................................... 9

             1.     Apple Should Not Recover Deposition Costs Disproportionate to the
Degree of Its Success. ................................................................... 9

             2.     Apple Should Not Recover Costs for Expedited Transcripts ..................... 11

             3.     Apple Should Not Recover Costs for Expedited Shipping of
Transcripts. ................................................................................ 11

       B.     Objections to Hearing and Trial Transcripts ........................................... 12

             1.     Apple Should Not Recover Costs for Hearing Transcripts. ....................... 12

             2.     Apple Should Not Recover Costs For Its Use of "Realtime,"
Expedited Delivery or Extra Copies Of Trial Transcripts ......................... 13

       C.     Objections to Costs of Making Copies of Documents, Creating
Exemplification Documents, Electronic Discovery and Other Items Claimed
by Apple. ..................................................................................................... 14

             1.     Apple Should Not Recover the Cost of Making Copies. ........................... 14

             2.     Apple Should Not Recover the Cost of Purchasing Devices. ..................... 16

             3.     Apple Should Not Recover the Cost of Developing Graphics and
Demonstratives. ......................................................................... 16

             4.     Apple Should Not Recover Costs Related to Electronic Discovery. .......... 19

             5.     Apple Should Not Recover Secure Room Costs ...................................... 21

       D.     Objections Related to the Costs for Interpreters ..................................... 22

1               1.      Interpreter costs for trial should be disallowed because the parties agreed to split those costs, and its check interpreter cost is not permissible. ............................................................................... 22

2.      If awarded, interpreter costs should be taxed in line with the percentage of disputed liability issues on which Apple prevailed. ............. 22

SUMMARY OF SAMSUNG'S OBJECTIONS TO APPLE'S BILL OF COSTS ....................... 23

CONCLUSION ........................................................................................................ 25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

## Cases

*Allison v. Bank One-Denver*,
  289 F.3d 1223 (10th Cir. 2002)...................................................................14, 18, 20

*Amarel v. Connell*,
  102 F.3d 1494 (9th Cir. 1996)..........................................................................5, 8, 18

*American Color Graphics, Inc. v. Travelers Property Cas. Ins. Co.*,
  2007 WL 832935 (N.D. Cal. 2007).........................................................................17

*Apple, Inc. v. Samsung Elecs. Co.*,
  678 F.3d 1314 (Fed. Cir. 2012)................................................................................8

*Apple Inc. v. Samsung Elecs. Co.*,
  735 F.3d 1352 (Fed. Cir. 2013)................................................................................8

*Champion Produce, Inc. v. Ruby Robinson Co., Inc.*,
  342 F.3d 1016 (9th Cir. 2003).................................................................................6

*City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund*,
  C 08-4575 SI, 2012 WL 177566 (N.D. Cal. Jan. 23, 2012)....................11, 14, 18, 20

*Computer Cache Coherency Corp. v. Intel Corp.*,
  2009 WL 5114002 (N.D. Cal. 2009)..........................................................17, 19, 20

*E.E.O.C. v. Colgate-Palmolive Co.*,
  617 F. Supp. 843 (S.D.N.Y. 1985)..........................................................................10

*In re Eastern Erectors, Inc.*,
  396 F. Supp. 797 (E.D. Pa. 1975) ............................................................................5

*English v. Colo. Dep't of Corr.*,
  248 F.3d  1002 (10th Cir. 2001)....................................................................4, 18, 20

*Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago*,
  38 F.3d 1429 (7th Cir. 1994)...................................................................................19

*Indep. Iron Works, Inc. v. U.S. Steel Corp.*,
  322 F.2d 656 (9th Cir. 1963)....................................................................................9

*Intermedics Inc. v. Ventritex, Inc.*,
  C-90-20233 JW (WDB), 1993 WL 515879, at *3 (N.D. Cal. Dec. 2, 1993)..............11

*Jackson v. City of Pittsburg*,
  2013 WL 3187326 (N.D. Cal. Jun. 21, 2013) ............................................................9

*Kiska Construction Corp. USA v. Washington Metropolitan Area Transit Authority*,
  2002 WL 393082 (D.D.C. Mar. 11, 2002) .................................................................5

*Kouichi Taniguchi v. Kan Pac. Saipan, Ltd.*,
    132 S. Ct. 1997 (2012) ........................................................................................4, 10

*Lasic v. Moreno*,
    2007 U.S. Dist. LEXIS 88608 (E.D. Cal. Nov. 21, 2007) ........................................5

*Leeds & Northrup Co. v. Doble Engineering Co.*,
    41 F. Supp. 951 (D. Mass. 1941) .....................................................................10, 23

*Oracle Am., Inc. v. Google Inc.*,
    2012 U.S. Dist. LEXIS 125237 (N.D. Cal. Sept. 4, 2012).....................................5, 19

*Estate of Pidcock v. Sunnyland Am., Inc.*,
    726 F. Supp. 1322 (S.D. Ga. 1989) ...........................................................................5

*Plantronics v. Aliph*,
    2012 WL 3822129 (N.D. Cal. 2012)....................................................................11, 19

*Postx Corp. v. Secure Data In Motion, Inc., C 02-04483 SI*,
    2006 WL 2067080 (N.D. Cal. July 24, 2006) ....................................................5, 6, 8

*In re Ricoh Co. Patent Litig.*,
    661 F.3d 1361 (Fed. Cir. 2011) ....................................................................... passim

*Simmons v. American Export Lines, Inc.*,
    26 F.R.D. 111 (S.D.N.Y. 1960) ........................................................................10, 23

*Stearns Airport Equip. Co. v. FMC Corp.*,
    170 F.3d 518 (5th Cir. 1999)....................................................................................14

*Weco Supply Co. v. Sherwin-Williams Co*,
    No. 1:10-CV-00171..................................................................................................14

*Zimmerman v. Dickerson*,
    2006 U.S. Dist. LEXIS 84426 (S.D. Ind. Nov. 16, 2006)..........................................5

*Zuill v. Shanahan*,
    80 F.3d 1366 (9th Cir. 1996) ...................................................................................19

**Statutes**

28 U.S.C. § 1920 .................................................................................................4, 5, 18

Fed. R. Civ. P. 54 ...........................................................................................................20

1    Pursuant to Civil Local Rule 54-2, Defendants and Counterclaim-Plaintiffs Samsung

2    Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications

3    America, LLC (collectively "Samsung") hereby object to Plaintiff and Counterclaim-Defendant

4    Apple Inc.'s Bill of Costs, filed December 5, 2013 (Dkt. 2852).    Samsung met and conferred with

5    Apple by phone on January 22, 2014 in an effort to resolve the parties' disagreements concerning

6    the costs claimed in Apple's Bill of Costs, but the parties were unable to resolve those

7    disagreements.    (Jenkins Decl. ¶ 2).

8                              **INTRODUCTORY STATEMENT**

9         Apple's overreaching $6,256,435.10 Bill of Costs should be rejected.

10        Apple's request is premature.    Like other courts in similar circumstances, the Court

11   should exercise its discretion to postpone any decision on Apple's Bill of Costs until after all

12   merits appeals are resolved.    The parties have not yet even filed their appeals on the merits

13   because no final, appealable judgment has been entered.    Accordingly, who will be the prevailing

14   party, and what degree of success it will have ultimately obtained, is still an open question.

15   Sifting now through the thousands of pages of material Apple submitted to determine which costs

16   are actually taxable and should be taxed, and how they should be apportioned, and then later

17   undertaking the same exercise with even more information if the merits appeals alters the status

18   quo, would be a highly inefficient use of this Court's resources.    The Court should not undertake

19   this unnecessary effort at this time.

20        If the Court nevertheless evaluates costs now, Apple's costs should be denied in full.    The

21   taxable costs available to a prevailing party in litigation are limited by statute and rules and are

22   intended to be modest in scope.    Apple's Bill of Costs violates both the letter and spirit of those

23   rules.    Apple seeks costs far out of proportion to its success in this complex action involving

24   thousands of disputed issues of liability relating to dozens of asserted IP rights, dozens of accused

25   phone and tablet computer devices, and dozens of asserted claims, including utility patent

26   infringement, design patent infringement, trademark infringement, trade dress infringement, trade

27   dress dilution, FRAND, and antitrust.    At trial, Apple prevailed on some of the design and utility

28   patents it asserted against many of the accused devices, but it lost its design patent infringement

1   claims relating to Samsung's Galaxy Tabs, thus losing the basis for the only injunctive relief it

2   ever obtained.    Apple also lost all of its trade dress infringement and dilution claims relating to

3   Samsung's Galaxy Tabs.    And the jury found no infringement by five of Samsung's products

4   accused of infringing Apple's D'087 patent, three products accused of infringing Apple's '915

5   patent and eight products accused of infringing Apple's '163 patent.    On Apple's counterclaims,

6   the jury found for Samsung on Apple's breach of contract and antitrust claims, determining that

7   Samsung had not failed to license its essential patents under FRAND terms and had not

8   monopolized any technology markets related to the UMTS standard.

9          Moreover, Apple's mixed success at trial was on the claims it deemed the most promising

10  of the more than 2,500 disputed issues of liability asserted in pleadings and through discovery

11  responses.    Before trial, Apple dropped all of its hotly-contested trade dress infringement claims

12  relating to phones, even though the parties engaged in extensive discovery on the subject and

13  Apple had even submitted survey experts to address those issues, which required Samsung to

14  respond with rebuttal experts.    Apple also dropped all of its trademark infringement claims, five

15  utility patents, three design patents, and its state law unfair competition claims, claims under

16  which dozens of Samsung products were accused.    (The complex history of the disputed liability

17  issues is set forth in Schedules 1 and 2 to the Declaration of Katharine Barach, submitted

18  herewith.)    Under these circumstances, if the Court decides to assess costs now, like other courts

19  confronted with requests for costs on divided outcomes, it should exercise its discretion to order

20  each party to bear its own costs.

21         If the Court decides not to deny Apple's claims in full, the vast majority of the costs it

22  seeks must nonetheless be denied.    Apple bears the burden of establishing the amount of the

23  claimed costs it incurred and that they are taxable.    But Apple seeks many costs that are not

24  recoverable under the Local Rules.    For example, Apple appears to seek the costs of having

25  almost every transcript expedited in production and shipped on an expedited basis, creating every

26  demonstrative it prepared, and every copy it made "for the convenience, preparation, research, or

27  records of counsel."    Apple even seeks costs for a "secure room" for storing and making

28  available prototypes of its phones, even though it could have kept them at the offices of its

1    counsel, or its own offices, for no cost at all.    These costs are not allowable costs, or are

2    otherwise not justified by Apple's documentation.    All of them should be denied.

3          Finally, if Apple is awarded any costs now, the Court should exercise its discretion to

4    apportion any justified, taxable costs according to Apple's actual degree of success.    In the

5    course of its pleadings and discovery responses, Apple raised 2,501 disputed issues of liability in

6    this action.    The Court should limit Apple's recovery of costs to those that can be fairly tied to its

7    success.    In particular, justice and fairness dictate that Apple should not recover costs it incurred

8    in defending and taking each and every one of the more than 300 deposition in this action.    These

9    include, to name a few examples, Henry Urbach, whose testimony was excluded on *Daubert*

10   grounds; Sanjay Sood, for whom Apple submitted an expert report, but chose not to call; and

11   patent prosecutors, like Billy Allen and Kenneth Xie, who prosecuted patents that Apple asserted

12   in its amended complaint, but dropped before trial.    The Court also should deny Apple's request

13   for any costs relating to the damages retrial, which was entirely necessitated by Apple's improper

14   and overly-aggressive damages presentation at the original trial.    Deducting those costs and

15   apportioning Apple's claimed costs that are actually taxable, and are supported by documentation

16   that they are taxable, according to the number of disputed liability issues it prevailed upon yields a

17   total of $43,484.51.

18                          **PROCEDURAL BACKGROUND**

19          Apple filed its initial complaint on April 15, 2011, and an amended complaint on June 16,

20   2011, alleging that dozens of Samsung's products infringed multiple design patents, utility patents,

21   and trademarks and infringed and diluted multiple trade dress rights.    (Dkt. 1, 75.)    Apple then

22   requested and received an expedited trial date and expedited discovery.    (Dkt. 83, 187.)    By the

23   time it served its final discovery responses, Apple had asserted 71 different legal theories against

24   35 different products, raising a total of 2,471 discrete disputed issues of liability.    (Barach Decl.

25   ¶¶ 13,14,17, Sched. 1).    An additional 30 discrete disputed issues of liability were raised through

26   Apple's defenses and counterclaims.    (Barach Decl. ¶29, Sched. 2)    Through its defenses and

27   counterclaims, Samsung raised an additional 117 disputed liability issues.    (*Id.* at ¶¶ 20, 25,

28   Sched. 1, 2).    Before trial, Apple dropped 2,309 issues related to its intellectual property, and

1   Samsung dropped 52 issues relating to its patents.  .  (*Id*. at ¶¶ 17, 25, Sched. 1, 2.)   The parties

2   also dropped 49 counterclaims and affirmative defenses to those dropped issues.  (*Id*. at ¶¶ 20, 29,

3   Sched. 1, 2.)   In August of 2012, the parties tried the remaining 208 disputed liability issues.   Of

4   the 208 total disputed liability issues the parties litigated, Apple prevailed at trial on two-thirds.

5   (Barach Decl. ¶¶31, 32, Sched. 3.)   Concerning Apple's asserted intellectual property rights,

6   Apple prevailed on 107 disputed liability issues, and Samsung on 66.   (Barach Decl. ¶¶ 32, 33,

7   Sched. 1, 2.)   Concerning Samsung's asserted intellectual property rights, Apple prevailed on 25

8   disputed liability issues, and Samsung on 10.   (*Id*.)   After the trial, the Court found that Apple

9   had presented the jury with the wrong notice date with respect to some of the patents in

10  determining damages and ordered a new trial to correct that error.   (Dkt. 2271.)

11      The parties have yet to appeal the actual merits of the verdicts because no final, appealable

12  judgment has yet been entered.   Motions for judgment as a matter of law and a new trial, and

13  Apple's renewed motion for a permanent injunction concerning utility patent issues, are all still

14  pending.   (Dkt. 2876, 2882, 2897.)   Which party will ultimately be deemed the prevailing party,

15  and what degree of success each side will have, is not yet determined.   In recognition of this, the

16  Court previously expressed a strong preference for Apple to refrain from seeking fees or costs

17  until after all appeals are resolved.   (Dkt. 2844 (11/19/13 Tr.) at 1418-1423).   But based on its

18  current status as having prevailed on small percent of the total disputed liability issues—not just

19  those tried, but the thousands the parties raised in their pleadings and discovery responses—Apple

20  chose to file its Bill of Costs on December 5, 2013.

21                                **LEGAL STANDARD**

22      "Taxable costs are limited by statute and are modest in scope."   *Kouichi Taniguchi v. Kan*

23  *Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012).   They are only a fraction of the nontaxable

24  expenses borne by a prevailing party in a litigation.   (*Id*.)   Apple's taxable costs are limited by

25  Rule 54 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1920, and Civil Local Rule 54.

26  *E.g., Kouichi Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012); *In re Ricoh Co.*

27  *Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011).   Apple bears the burden to "establish the

28  amount of compensable costs and expenses to which [it is] entitled.   Prevailing parties

necessarily assume the risks inherent in a failure to meet that burden."   *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011) (citing *English v. Colo. Dep't of Corr.*, 248 F.3d 1002, 1013 (10th Cir. 2001)).   If the prevailing party satisfies its burden, the party opposing costs has the burden to show why they should not be awarded.   *E.g., Amarel v. Connell,* 102 F. 3d 1494, 1523 (9th Cir. 1996).   Proper grounds for denying costs include, among others, whether the issues in the case were close and difficult and whether the prevailing party's recovery was complete or partial.   *Oracle Am., Inc. v. Google Inc.,* 2012 U.S. Dist. LEXIS 125237 (N.D. Cal. Sept. 4, 2012); *See, e.g.*, *Postx Corp. v. Secure Data In Motion, Inc.*, C 02-04483 SI, 2006 WL 2067080, at *1 (N.D. Cal. July 24, 2006) (denying costs in patent infringement suit because prevailing party obtained a "mixed judgment").

## OBJECTIONS TO APPLE'S BILL OF COSTS

**I.     THE COURT SHOULD DEFER ANY DECISION ON COSTS UNTIL AFTER APPEALS OF THE MERITS ARE RESOLVED**

As was the Court's initial inclination, to conserve judicial resources, the Court should defer consideration of costs until after appeals on the merits are completed.   *Lasic v. Moreno*, 2007 U.S. Dist. LEXIS 88608, at *2-3 (E.D. Cal. Nov. 21, 2007) ("It is within the Court's discretion to proceed or defer the taxation of costs while an appeal on the merits is pending."); *Zimmerman v. Dickerson*, 2006 U.S. Dist. LEXIS 84426, at *5-6 (S.D. Ind. Nov. 16, 2006) (finding it "prudent" to stay taxation of costs pending resolution of the appeal, "especially since the bill of costs" sought a significant amount and costs that were not clearly recoverable under section 1920).   Resolving costs now "will be a wasteful, academic exercise" if the judgment is overturned or modified on appeal.   *Kiska Construction Corp. USA v. Washington Metropolitan Area Transit Authority*, 2002 WL 393082, at *1 (D.D.C. Mar. 11, 2002); *accord Lasic*, 2007 U.S. Dist. LEXIS 88608, at *2-3 ("It would be an inefficient use of judicial resources to rule on the Bill of Costs at this time, and then to later re-evaluate the issue after the appeal is completed.").   This is because reversal of a district court's judgment for the prevailing party, also reverses the "underlying judgment and the taxation of costs undertaken pursuant to that judgment."   *Amarel v. Connell,* 102 F. 3d 1494, 1523 (9th Cir. 1996).   Because both parties will undoubtedly appeal, it would be a "more

1   efficient use of judicial process" to await resolution of the merits before addressing costs.   *In re*

2   *Eastern Erectors, Inc.*, 396 F. Supp. 797, 800 (E.D. Pa. 1975); *see also Estate of Pidcock v.*

3   *Sunnyland Am., Inc.*, 726 F.Supp. 1322, 1341 (S.D. Ga. 1989) (staying taxation of costs in

4   interests of judicial economy).

5   **II.     IF THE COURT RESOLVES COSTS AT THIS TIME, IT SHOULD ORDER EACH
        PARTY TO BEAR ITS OWN COSTS**

6

7           In the event that the Court considers costs at this stage, it should exercise its discretion in

    view of the mixed outcome of the case and order that each party bear its own costs.   *See, e.g.,*

8   *Postx Corp. v. Secure Data In Motion, Inc.*, Civ. 02-04483 SI, 2006 WL 2067080, at *1-2 (N.D.

9   Cal. July 24, 2006) (denying plaintiff's bill of costs because plaintiff obtained a "mixed

10  judgment").   Although a presumption exists that a prevailing party will be awarded certain costs,

11  it can be overcome if the prevailing party only succeeded in a partial recovery.   *See, e.g.*,

12  *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003)

13  (affirming district court's refusal to award costs because the prevailing party's recovery was

14  partial, as evidence by the fact that "the damages awarded by the jury were significantly less than

15  the amount of damages Plaintiff initially claimed was due under the contract").   Apple achieved

16  only a partial victory.

17          Apple put at issue in its pleadings and in discovery nearly 2,500 disputed issues of liability

18  in connection with its affirmative case.   (Barach Decl. ¶ 17, Sched. 1.)   At trial, it prevailed on

19  only 107 of those.   (*Id.* at ¶ 32, Sched. 3)   Before trial, Apple asserted eight trademarks that it

20  claimed were infringed, requiring Samsung to depose Apple employees and lawyers who had

21  knowledge of those marks and worked on their registration applications.   (*See id.* at Sched. 1)

22  Apple asserted more than a dozen trade dresses were infringed, all also requiring Samsung to

23  depose Apple employees and expert witnesses on the purported likelihood of confusion, and to

24  defend numerous depositions on those issues.   (*See id.*)   Yet, after forcing such discovery,

25  Apple dropped *all* of these claims before trial.   (*See id.* at ¶ 17, Sched. 1)   It should not recover

26  costs related to any of them.

27

28

1    Apple also dropped before trial four utility patents that had required Samsung to depose

2  those inventors and prosecutors, and three design patents, all of which required depositions of

3  inventors and prosecutors, as well as third-parties concerning prior art.   (*Id.*)   Apple further

4  forced Samsung to take and defend other depositions on issues that Apple did not prevail on.

5  These included Apple's expert Henry Urbach, whose testimony was excluded on *Daubert* grounds

6  (Dkt. 1157 at 14-15); Samsung's expert, Christopher Mount, who Samsung identified to respond

7  to Mr. Urbach; and Apple's expert Sanjay Sood, who Apple chose not to call at trial.   (Dkt. 1278

8  at 4).   And Apple spent hours and hours questioning Samsung witnesses in Korea, through

9  translators, about unnecessary and irrelevant topics such as a $50,000 pure gold phone that neither

10  Samsung nor Apple manufacture, which Apple's attorney admitted "doesn't really matter that

11  much," and contracts and other documents witnesses had never seen and did not know the

12  contents of, but which Apple chose to have read into the transcript.   (*See* Dkt. 2237 at 4, n.1).

13  In connection with all of these depositions, both parties made thousands of copies of documents to

14  potentially use as exhibits, with copies for, at a minimum, the examining attorney, the witness, and

15  the defending attorney.   Again, under these circumstances, Apple should not recover any of these

16  costs.

17    Even after dropping an array of asserted design patents, utility patents, trade dress

18  infringement and dilution claims, and all of its trade dress infringement claims related to phones

19  before trial, Apple still lost almost a third of the disputed liability issues actually tried.   (Barach

20  Decl. ¶ 32, Sched. 3; Dkt. 1931.)   It lost on all of its design patent infringement, trade dress

21  infringement and dilution claims relating to Samsung's Galaxy Tabs.   (Dkt. 1931 at 7-8).   And

22  although Apple prevailed at trial on some of the design and utility patents it asserted, the jury

23  found no infringement by five of Samsung's products accused of infringing Apple's D'087 patent,

24  three products accused of infringing Apple's '915 patent, and eight products accused of infringing

25  Apple's '163 patent.   (*Id.* at 6,3,4).   On Apple's counterclaims, the jury found for Samsung on

26  Apple's breach of contract and antitrust claims, determining that Samsung had not failed to license

27  its essential patents under FRAND terms and had not monopolized any technology markets related

28  to the UMTS standard.   (*Id.* at 19.)   Apple should not recover costs for these failed claims.

1    Further, because Apple introduced the wrong notice date at the first trial, a new trial was

2    required on certain damages issues, on which the jury originally had awarded $450,514,650.

3    (Dkt. 1931 at 15).    The Court partially granted a motion for reconsideration of that order and

4    reinstated the jury award of $40,494,356 for Galaxy S II AT&T, holding that the Galaxy S II

5    AT&T would not be included in the new trial on damages. (Dkt. 2316 at 2).    Apple sought to

6    have damages for the remaining 13 products reassessed to recover even more than the

7    $410,020,294 original award for these products.    (Dkt. 2386 at 1).   But at the retrial, the jury

8    awarded the lower amount of $290,456,983.   (Dkt. 2822 at 1.)    Notwithstanding the claims and

9    products on which it lost and notwithstanding the fact that its own inappropriate conduct forced a

10   second trial, Apple seeks costs of creating demonstratives throughout the litigation—from more

11   than a year before the first trial to more than $35,000 in costs after the first trial.    (Krevans Decl.,

12   Schedule B-3).    Apple should not be awarded costs for a retrial necessitated by its own errors.

13   Between filing the complaint and obtaining a verdict in the damages retrial, Apple has lost

14   or at best had mixed success on its two substantive appeals to the Federal Circuit in this action.

15   (Dkt. Nos. 460, 2203.)    The first appeal challenged the denial of Apple's motion for a

16   preliminary injunction concerning three phones and the Galaxy Tab, which Apple asserted

17   infringed three design patents and one utility patent.    (Dkt. 460.)    The Federal Circuit affirmed

18   the denial of a preliminary injunction as to each of the phones on each of patents asserted against

19   them.   *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314 (Fed. Cir. 2012).    Although an order

20   following the appeal temporarily enjoined sale of Samsung's Galaxy Tabs, it was quickly vacated

21   after the jury found Samsung's Tabs did not infringe Apple's design patent.    (Dkt. 2011.)

22   Apple also appealed the Court's denial of its request for a permanent injunction on trade dress,

23   design patent, and utility patent grounds.    (Dkt. 2203.)    The Federal Circuit rejected Apple's

24   appeal on *all* of Apple's asserted trade dress and design patent claims and remanded solely for

25   further consideration of three utility patents (including the '915 patent that has since been rejected

26   by the Patent Office on reexamination).   *Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352 (Fed.

27   Cir. 2013).    Thus, Apple has lost the vast majority of issues it has appealed thus far.

28

Given that Apple lost or dropped most of the claims and issues that it asserted, the partial nature of Apple's success and the complexity and closeness of the issues tried, the Court should reject Apple's Bill of Costs, and the parties should bear their own costs.   *E.g., Postx Corp. v. Secure Data In Motion, Inc.*, C 02-04483 SI, 2006 WL 2067080, at *1-2 (N.D. Cal. July 24, 2006) (denying plaintiff's bill of costs because plaintiff obtained a "mixed judgment"); *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) ("In the event of a mixed judgment, it is within the discretion of a district court to require each party to bear its own costs.").

## III.    IF THE COURT TAXES COSTS FOR APPLE, THEY MUST BE REDUCED

### A.    Objections to Costs For Deposition Transcripts

Apple seeks $739,110.46 relating to the costs of deposition transcripts and videos of depositions.   (Krevans Declaration, Schedule A-1; Selwyn Declaration, Schedule D-1.) Specifically, Apple seeks $610,116.46 in general transcript, video and exhibit costs, $107,949.00 in expedited fees, and $21,045.00 in expedited shipping and handling fees.   (Jenkins Decl. ¶¶ 3-4, Schedules 1 and 2; Krevans Decl. Schedule A-1 and Ex. A-1; Selwyn Declaration, Schedule D-1 and Ex. D-1).   As explained below, because the expedited transcript and shipping and handling costs are not taxable, and Apple's costs for transcripts should be apportioned to reflect the claims it prevailed on, Apple's recoverable costs for deposition transcripts should be limited to no more than $30,609.63, which is 5% of $610,116.46.

#### 1.    *Apple Should Not Recover Deposition Costs Disproportionate to the Degree of Its Success.*

Apple should not recover deposition transcript and video costs for the more than 300 depositions taken in this action, many of which related to disputed liability issues Apple did not prevail on at trial.   Instead, the Court should exercise its discretion to allocate costs according to Apple's degree of success.   *See Jackson v. City of Pittsburg*, 2013 WL 3187326, *1 (N.D. Cal. Jun. 21, 2013) ("[C]ourts may reduce cost awards based on partial victory") (citing *Padgett v. Lobenthal*, 706 F.3d 1205, 1208 (9th Cir. 2013)).   Additionally, depositions "merely useful for discovery" are not taxable.   *In re Ricoh Co., Ltd. Patent Litigation*, 661 F.3d 1361, 1369 (Fed. Cir. 2011) (quoting *Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 1963).

1    Of the 2,618 disputed liabilities the parties raised in the action, Apple prevailed at trial on

2  only 5%.   (Barach Decl. ¶ 35.)   As discussed above in Section II, not only did Apple inject

3  many disputed issues requiring depositions that it later dropped or lost outright, but it also took

4  many depositions in connection with a preliminary injunction motion that it substantially lost, and

5  required depositions of witnesses who did not contribute to its success at trial, including for

6  example, Henry Urbach and Sanjay Sood.   Under these circumstances, Apple should not be

7  allowed to recover costs grossly disproportionate to its degree of success.   *See Kouichi Taniguchi*

8  *v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (U.S. 2012)("[t]axable costs are limited by statute

9  and are modest in scope.")   Yet Apple does not even limit the deposition costs it seeks to those of

10  the witnesses whose testimony was introduced at trial; it seeks costs for all of the more than 300

11  depositions in this case.   Of course, even awarding costs for the depositions of trial witnesses

12  would be highly disproportionate to the effect of that testimony to Apple' actual success.   Many

13  trial witnesses' testimony related to multiple claims, such as Samsung designer Jin Soo Kim,

14  Apple designer Christopher Stringer, Apple design expert Peter Bressler, Samsung design expert

15  Itay Sherman, the parties' damages experts, Michael Wagner, Terry Musika, Samsung executives

16  Justin Denison and Tim Sheppard, Apple executive Phil Schiller, and Apple's experts Hal Poret

17  and Kent Van Liere.   All of these witnesses testified about phones—as to which Apple dropped

18  or lost most of its claims and prevailed only on some at trial—and about tablets –as to which

19  Apple lost all design patent and trade dress claims.   (Dkt. 1841 at 2878:21-2833:25, Dkt. 1547 at

20  469:15-537:17, Dkt. 1611 at 1002:22-1235:15, Dkt. 1840 at 2573:5-2636:3, Dkt. 1842 at 3018:4-

21  3075:11, Dkt. 1839 at 2031:15-2172:6, Dkt. 1611 at 946:12-1001:6, Dkt. 1612; 1695 at 1577:17-

22  1688:15, Dkt. 1695 at 1690:9-1721:17; Dkt. 1931.)   Rather than attempt to pinpoint which

23  depositions, and what percent of them, are fairly attributed to Apple's success at trial, the Court

24  should tax costs on the overall deposition transcripts in line with the percentage of total disputed

25  liability issues raised by the parties on which Apple prevailed at trial.   *See, e.g.*, *E.E.O.C. v.*

26  *Colgate-Palmolive Co.*, 617 F. Supp. 843, 844 (S.D.N.Y. 1985) ("Given the fact that this was an

27  action based on numerous discrete claims . . . the costs in this action should be allocated between

28  the two parties,"); *See Leeds & Northrup Co. v. Doble Engineering Co.*, 41 F. Supp. 951, 952 (D.

Case No. 11-cv-01846-LHK
SAMSUNG'S OBJECTIONS TO
APPLE'S BILL OF COSTS

Mass. 1941) (awarding two-thirds of taxable costs where the party seeking costs prevailed on some issues but not others); *Simmons v. American Export Lines, Inc.*, 26 F.R.D. 111, 112 (S.D.N.Y. 1960) ("The Court, in its discretion, determines that since the plaintiff prevailed on one cause of action and failed on two causes of action, costs should be apportioned, and that plaintiff should recover as costs one-third the sum of $76.90, or $25.63.").   Because Apple prevailed at trial on only 5% of the 2,618 disputed issues of liability that it raised in its pleadings or discovery responses (Barach Decl. ¶ 35), it should recover no more than 5% of the deposition transcript costs Apple seeks, which is $30,609.63.

### 2. *Apple Should Not Recover Costs for Expedited Transcripts*

Apple's request for expedited transcripts on all of its depositions should be denied because they do not satisfy the Local Rules limiting deposition transcript costs to "the cost of an original and one copy" of a deposition.   Civ. L.R. 54-(c)(1).   "Costs of expedited delivery are not recoverable generally."   *Plantronics, Inc. v. Aliph, Inc.,* C 09-01714 WHA LB, 2012 WL 6761576 at *6 (N.D. Cal. Oct. 23, 2012) ("[T]his court finds persuasive this district's decisions holding that the costs of expedited delivery are not recoverable generally."); *see also City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund*, C 08-4575 SI, 2012 WL 177566 at *3 (N.D. Cal. Jan. 23, 2012) (finding costs expedited transcripts not permitted under Civil Local Rule 54–3(c)(1)).

Apple has made no showing, nor cited any rule or case law, to deviate from the general rule that expedited transcript costs are not taxable.   Therefore, the $107,949.00 in costs Apple seeks for expedited deposition transcripts should be barred.   (Schedule A-1 to the Krevans Decl.; Schedule D-1 to the Selwyn Decl.; Jenkins Dec. ¶ 3, Schedule 1).

### 3. *Apple Should Not Recover Costs for Expedited Shipping of Transcripts.*

Apple's request for costs for expedited shipping and handling of transcripts likewise should be denied because they do not satisfy the Local Rules limiting deposition transcript costs to "the cost of an original and one copy" of a deposition.   Civ. L.R. 54-(c)(1).   "The normal practice in the Northern District is to disallow any postage and handling charges that exceed the rate of regular first-class mail plus handling."   *Intermedics Inc. v. Ventritex, Inc.*, C-90-20233 JW

1   (WDB), 1993 WL 515879, at *3 (N.D. Cal. Dec. 2, 1993).   Costs for Federal Express or

2   overnight delivery should not be taxed.   *City of Alameda, Cal. v. Nuveen Mun. High Income*

3   *Opportunity Fund*, C 08-4575 SI, 2012 WL 177566, at *3 (N.D. Cal. Jan. 23, 2012).

4          Apple has made no showing, nor cited any rule or case law, to deviate from the general

5   rule that expedited shipping charges are not taxable.   Therefore, the $21,045.00 in costs Apple

6   seeks for expedited shipping charges for deposition transcripts should be barred.   (Schedule A-1

7   to the Krevans Decl.; Schedule D-1 to the Selwyn Decl.; Jenkins Decl. ¶ 4, Schedule 2).

8          **B.       Objections to Hearing and Trial Transcripts**

9          Apple seeks $72,086.13 relating to the costs of hearing and trial transcripts.   (Krevans

10  Declaration, Schedule A-2; Ex. A-2, Selwyn Declaration, Schedule D-2, Ex. D-2).   These costs

11  include the costs for "realtime" reporting, the costs for expedited delivery of the transcripts and the

12  costs for additional copies of the transcripts.   (*Id.*).   Apple's claimed costs are not permissible.

13  The expedited costs are not taxable, and the Local Rules limit court report's transcript costs to

14  specific categories, none of which Apple claims is present.   While Samsung does not contest that

15  trial transcripts are generally taxable, which Apple will presumably claim were "necessarily

16  obtained for an appeal" (Civ. L.R. 54-3(b)(1)),   Samsung submits that the costs for these

17  transcripts cannot be taxed based on the record that Apple has provided with its Bill of Costs.

18  Since Apple has not met its burden in showing which costs are taxable, the Court should not tax

19  Apple's claimed costs for trial and hearing transcripts.

20          **1.       *Apple Should Not Recover Costs for Hearing Transcripts.***

21          Apple's request for transcript costs for every hearing should be denied.   Civil Local Rule

22  54–3(b) limits recovery of hearing transcripts to "(1)   The cost of transcripts necessarily obtained

23  for an appeal" and (2) "The cost of a transcript of a statement by a Judge from the bench which is

24  to be reduced to a formal order prepared by counsel," unless, as provided in (3), "before it is

25  incurred, [the cost] is approved by a Judge or stipulated to be recoverable by counsel."   Civ. L.R.

26  54-3(b).   Apple's Bill of Costs and supporting material fail to establish, or even claim, that the

27  costs for hearing transcripts that it seeks to recover are allowable under any of these provisions.

28  (*See* Krevans Decl. ¶¶13-15, Schedule A-2, Selwyn Decl. ¶¶12-14, Schedule D-2.)   Accordingly,

its requests for reporter's transcripts of all hearings should be denied.   *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011) (where a prevailing party fails to meet its burden of showing costs are taxable, the costs cannot be taxed).

### 2. *Apple Should Not Recover Costs For Its Use of "Realtime," Expedited Delivery or Extra Copies Of Trial Transcripts.*

Apple's request for $20,390.30 in charges for "realtime" reporting should be denied as should Apple's request for the costs to expedite trial and hearing transcripts and costs for extra copies of the transcripts.   (Krevans Decl. ¶¶13-15, Schedule A-2; Selwyn Decl. ¶¶12-14, Schedule D-2; Jenkins Dec. ¶ 5, Schedule 3).   These costly additions are merely for the convenience of counsel and are not costs "necessarily obtained for an appeal."  Civ. L.R. 54-b (limiting taxable costs for hearing transcript to those necessary for appeal unless the court or the parties otherwise agree before the hearing); *see also* Section III.A.2, above (discussing nontaxable nature of expedited deposition transcripts).   Apple makes no showing it is entitled to its costs for "realtime," expedited trial transcripts or extra copies of transcripts.

The invoices that Apple has submitted make it impossible to determine what portion of the cost of each trial and hearing transcript is attributable to it being expedited, and how much of each invoice can be attributed to a first copy or a second copy of the transcript in addition to the original.   For example, the invoice submitted as Dkt. 2853-8 at 5, shows a "Daily" expedited charge for a hearing transcript and two copies of the transcript.   However, from the invoice it is impossible to determine what the charge would have been if the transcript had been ordered for "ordinary" delivery.   More confusingly, the charges for the first and second copies of the transcript contain more pages than the original transcript.   Based on the record that Apple has submitted, Samsung is unable to determine how much of each invoice can be ascribed to extra fees, such as fees for expedited service and fees for additional copies, which would not be taxable. Therefore, Apple has failed to meet its burden of establishing that it is entitled to these costs and no costs should be taxed for trial and hearing transcripts.   *See In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011). .

C.   **Objections to Costs of Making Copies of Documents, Creating Exemplification Documents, Electronic Discovery and Other Items Claimed by Apple.**

   1.   *Apple Should Not Recover the Cost of Making Copies.*

Apple's request for $1,562,110.98 in costs for paper copies it had made should be denied. Even though it bears the burden of proof, Apple fails to show that any of its claimed copying costs satisfy the Local Rules, which specify that costs are recoverable for making copies of "government records," "disclosure or formal discovery documents" or trial exhibits "to the extent that a Judge requires copies to be provided."   Civ. L.R. 54-3(d).   A bill of costs "must state separately and specifically each item of taxable costs claimed" and must provide an affidavit stating that the costs were "necessarily incurred, and are allowable by law" and provide "[a]ppropriate documentation to support each item claimed."   Civ. L.R. 54–1(a).   With regard to individual itemized costs, "the burden is on the party seeking costs ... to establish the amount of compensable costs and expenses to which it is entitled."   *City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund,* C 08-4575 SI, 2012 WL 177566 at *1 (N.D. Cal. Jan. 23, 2012) (citing *Allison v. Bank One–Denver,* 289 F.3d 1223, 1248–49 (10th Cir. 2002)).

Apple's Bill of Costs and supporting materials do not adequately demonstrate a permissible basis for which it can recover the copying costs it seeks.   Instead, Apple seeks costs for copying incurred for the "convenience, preparation, research, or records of counsel." (Krevans Decl. ¶18; Selwyn Decl. ¶17.)   This is insufficient under the necessary standard set by this Court's Rules.   Apple's reliance on *Weco Supply Co. v. Sherwin-Williams Co,* No. 1:10-CV-00171 AWI BAM, 2013 U.S. Dist. LEXIS 1572. At *14-15 (E.D. Cal. Jan. 3, 2013) (cited at (Krevans Decl. ¶18; Selwyn Decl. ¶17) is misplaced.   That decision applied the local rules for the Eastern District of California, which do not specifically limit recovery on the cost of copies like the Local Rules for the Northern District of California.

Although Civil Local Rule 54-3(d) allows for recovery of the cost of "reproducing disclosure or formal discovery documents," it specifically states that "[t]he cost of reproducing copies of motions, pleadings, notices, and other routine case papers is not allowable."   This Rule limits recoverable copying costs for discovery to those "incurred in preparing a single copy of the

1   original documents produced for the opposing party where that copy is supplied to the opposing

2   party."   *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011); *citing Stearns*

3   *Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999) (applying Ninth Circuit law

4   and the Local Rules for the Northern District of California).   Costs for other copies are not

5   recoverable.   (*Id.*)

6        Apple merely relies on its incorrect, overbroad standard and fails to identify which copies

7   are for any of the three permissible categories under this Court's Rules—government records,

8   copies for discovery, or trial exhibits required by the Court.   Apple does not claim that any of its

9   costs for making copies were incurred in copying documents that were then produced to Samsung.

10  *Cf. In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1368 ("[T]o recover copying costs related to its

11  own document production … the prevailing party must establish … that the reproduced documents

12  were produced by it pursuant to Rule 26 or other discovery rules; that they were copied at the

13  prevailing party's expense and at the request of the opposing party; and that the copies were

14  tendered to the opposing party.").   Nor do Apple's declarations and invoices provide enough

15  information to determine whether any of its costs might be taxable under the Local Rules.   For

16  example, the great majority of invoices provided by Apple refer only to black and white or color

17  "blowbacks" of documents, but give no additional information regarding the purpose of the

18  copies.   (*See, e.g.,* Dkt. 2853-13.)   Apple's descriptions are not specific enough for it to be

19  properly awarded any costs that are related to making copies.   *See In re Ricoh*, 661 F.3d at 1368

20  (affirming refusal to tax costs for copies where the invoices described copies as "Medium

21  Handling Litigation Copies" or "Document production," because these descriptions "were not

22  specific enough to permit the taxation of those costs.").

23       Moreover, the minority of invoices that Apple submitted that contain any additional detail

24  appear to reflect costs for copies of "motions, pleadings, notices, and other routine case papers"

25  that are prohibited by the Local Rules.   Civ. L.R. 54-3(d).   For instance, the invoices that Apple

26  submitted for its copying costs begin on April 23, 2011, just eight days after Apple filed its initial

27  complaint and before the formal discovery process had even begun.   (Krevans Decl. ¶ 19,

28  Schedule B-1).   An invoice dated May 3, 2011 claims costs for "Several PDF exhibits (Public)

-15-

1  printed 3 times per client instructions," while an invoice from the following day includes charges

2  for "Two PDFs (Appendices G & U) printed 2 times each and inserted into redwelds."   (Dkt.

3  2853-10 at 6,7).   Both of these invoices, dated less than three weeks after Apple filed its initial

4  complaint, appear to reflect copies of routine case papers, and not copies that were related to

5  disclosures or formal discovery to Samsung.   As result, they cannot be taxed.

6        If, however, the Court were to find any costs of copying documents to be properly taxable,

7  they should be apportioned consistent with Apple's overall success rate of 5% on the more than

8  2,600 disputed issues of liability the parties litigated for the reasons discussed previously.   (*See*

9  Sections II, III.A.1; Barach Decl. ¶ 35.)

10            **2.    *Apple Should Not Recover the Cost of Purchasing Devices.***

11        Apple's request for $123,379.74 for the costs of obtained phones and tablet devices it

12  claims to have purchased should be denied.   (Krevans Declaration, Schedule B-2.)   Neither Rule

13  54(d) of the Federal Rules of Civil Procedure nor Civil Local Rule 54 provides for such costs.

14  Even if they did, Apple does not appear to have taken reasonable steps to procure these devices at

15  less cost.   For example, Apple could have asked its client for Apple devices rather than buying

16  them at the Apple store or Amazon.com.   And even if the Court were to find any costs of

17  purchasing devices to be properly taxable, they should exclude costs related to claims that Apple

18  lost or dropped and should be apportioned consistent with Apple's overall success rate of 5% on

19  the more than 2,600 disputed issues of liability the parties litigated.   (*See* Sections II, III.A.1;

20  Barach Decl. ¶ 35.)

21            **3.    *Apple Should Not Recover the Cost of Developing Graphics and
               Demonstratives.***

22        Apple's request for costs for $1,583,838.27 for graphics and demonstratives should be

23  denied because it fails to prove they are recoverable under the Local Rules.   Local Rule 54-

24  3(d)(5) provides that "[t]he cost of preparing charts, diagrams videotapes and other visual aids to

25  be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the

26  Court in understanding the issues at trial."   Apple does not even attempt to make that showing

27

28

1    and does not even argue that all of the costs that it is seeking for trial graphics and demonstratives

2    satisfy this rule.

3          Apple's submission does not establish the costs it seeks were "reasonably necessary to

4    assist the jury or the Court in understanding the issues *at trial*."   Civ. L.R. 54-3(d)(5).   Apple

5    does not even assert that the costs it seeks are related to exhibits or demonstratives that were

6    actually used in Court, much less at trial.   Graphics or demonstratives that Apple prepared for

7    client presentations or mock trials or that it otherwise did not ultimately use at trial are not taxable.

8    Nor are graphics that Samsung objected to and the Court excluded on the grounds they were

9    overly prejudicial.   (*E.g.* Dkt. 1690 regarding PX 61, Dkt. 1774 regarding PDX 61.13.)   In any

10   event, Apple's request for costs for "trial graphics and demonstratives" includes costs for graphics

11   created *throughout* the case, not just at trial.   (Krevans Decl. ¶ 29; Selwyn Decl. ¶ 23.)   For

12   example, the dates of Apple's graphics invoices begin in June of 2011, more than a year before the

13   first trial.   (Schedule B-3 to the Krevans Decl.)   Samsung cannot be ordered to pay Apple's

14   costs for graphics that were not presented to the jury or the Court.   Because Apple's submissions

15   make it impossible to tell which costs satisfy even that threshold, all such requested costs should

16   be denied.

17         Even if all of the costs Apple submits were "related" to graphics that aided the jury or the

18   Court, however, Apple's invoices show that Apple is requesting non-recoverable graphics costs.

19   For example, Apple is not entitled to any costs for consultants or in-court technical assistance.

20   *See Computer Cache Coherency Corp. v. Intel Corp.*, 2009 WL 5114002, *2 (N.D. Cal. 2009)

21   (only costs for physical preparation of demonstratives are recoverable) (citing *Pixion Inc. v.*

22   *Placeware Inc.*, 2005 WL 3955889 (N.D. Cal. 2005)); *American Color Graphics, Inc. v. Travelers*

23   *Property Cas. Ins. Co.*, 2007 WL 832935, *3 (N.D. Cal. 2007) (costs for video technician at trial

24   were not allowable) (citing *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993), *cert.*

25   *denied*, 510 U.S. 1195 (1994)).   The descriptions of the service charges on the invoices reflect

26   that Apple included the unrecoverable costs of consulting and strategic communications in

27   addition to the conceptually recoverable labor costs of actually creating graphics in its Bill of

28   Costs.   (*See* Schedules B-3, E-2.)   For example, Apple requests that the Court tax hundreds of

Case No. 11-cv-01846-LHK
SAMSUNG'S OBJECTIONS TO
APPLE'S BILL OF COSTS

1   thousands of dollars in costs for invoice entries that are described as "Services: Graphics

2   Consulting: Concepting" (Dkt. 2853-20 at pp. 43-46) and "Services: Graphics Consulting:

3   Graphics Production."   (*Id*. also Dkt. 2853-20 at pp. 69-73, Dkt. 2853-21 at pp. 7-11, *Id*. at pp.

4   18-21).   Such descriptions expressly reference "graphics consulting," which is not recoverable.

5   Apple has not established "graphics consulting" means something different with respect to the

6   invoices it submits to support its $1,583,838.27 in costs for demonstratives.

7        In addition, Apple requested that the Court tax costs for "Cornerstone project- animation

8   and graphics design," "Videoshoot prep for NERA survey" and "Graphics production, standby" ,

9   among other similar descriptions.   (*Id*. at 27, 29.)   Apple fails to show whether any of these

10  charges resulted in graphics that were presented to the Court or jury at trial—and, if so, whether

11  the costs relate to recoverable graphics or unrecoverable "standby," or waiting time.   Apple's

12  inclusion of the invoice for "[v]ideoshoot prep for NERA survey" (Dkt. 2853-20 at pp. 8-9)

13  indicates that Apple included graphics and videos that were prepared as part of its expert reports in

14  its bill of costs because one of Apple's survey experts, Kent Van Liere, worked for NERA.

15  (Trial Tr. 1690:5-7.)   However, costs for expert reports are not provided for under 28 U.S.C.

16  § 1920, Federal Rule of Civil Procedure 54 or the Local Rules.

17       Further, Apple should not be permitted to recover any exemplification costs in connection

18  with the damages retrial.   *See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) (affirming

19  the Court has the discretion to limit costs when there is a mixed judgment).   Apple would not

20  have needed to incur any such charge if it had not presented erroneous notice dates to the first

21  jury.   (Dkt. 2271 at 18).   If, however, the Court were to find any costs of graphics creation to be

22  properly taxable, they should be apportioned consistent with Apple's overall success rate of 5% on

23  the more than 2,600 disputed issues of liability the parties litigated.   (*See* Sections II, III.A.1;

24  Barach Decl. ¶ 35.)

25       Overall, as with Apple's other "exemplification" costs, Apple's failures in proof make it

26  impossible to determine which costs satisfy the Local Rule of being the cost of (i) preparing

27  demonstratives exhibits that (ii) are reasonably necessary to assist the jury or the Court (iii) in

28  understanding the issues at trial.   Civ. L.R. 54-3(d)(5).   Because Apple has not met its burden of

Case No. 11-cv-01846-LHK
SAMSUNG'S OBJECTIONS TO
APPLE'S BILL OF COSTS

1    "establish[ing] the amount of compensable costs and expenses to which it is entitled," it should

2    not be awarded any of the $1,583,838.27 in graphics costs it seeks.   *City of Alameda, Cal. v.*

3    *Nuveen Mun. High Income Opportunity Fund*, C 08-4575 SI, 2012 WL 177566 at *1 (N.D. Cal.

4    Jan. 23, 2012) (citing *Allison v. Bank One–Denver*, 289 F.3d 1223, 1248–49 (10th Cir. 2002));

5    *accord In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011) (citing *English v. Colo.*

6    *Dep't of Corr.*, 248 F.3d 1002, 1013 (10th Cir. 2001)).

7    **4.      *Apple Should Not Recover Costs Related to Electronic Discovery.***

8         Apple's request for $1,778,601.85 costs for electronic discovery costs should be denied

9    because Apple does not demonstrate that any of its electronic discovery costs are taxable, and if

10   so, which ones.   "Not all costs attributable to producing discovery are recoverable."

11   *Plantronics*, 2012 WL 6761576 at *10.   Parties can only recover costs for documents that were

12   produced to the opposing party as part of formal discovery.   *In re Ricoh Co. Patent Litig.*, 661

13   F.3d 1361,1368   (Fed. Cir. 2011).   Neither costs for processing documents received from the

14   opposing party nor costs that relate to the "intellectual effort" involved in document production are

15   recoverable.   (*Id.*; *Oracle Am., Inc. v. Google Inc.,* 2012 U.S. Dist. LEXIS 125237 (N.D. Cal.

16   Sept. 4, 2012) (citing *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996) (quotations omitted)).

17   "Copies made solely for counsel's convenience or the litigant's own use are not recoverable

18   because they are not 'necessarily' obtained for use in the case."   *See, e.g., Plantronics*, 2012 WL

19   6761576 at *10 (citing *Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago*, 38 F.3d

20   1429, 1441 (7th Cir. 1994); *Computer Cache Coherency Corp.*, 2009 WL 5114002, at *4.

21        Apple does not properly detail its electronic discovery expenses to establish that they

22   should be taxed.   Apple's invoices do not show whether the costs were for processing documents

23   from Apple to be produced to Samsung, which are at least conceptually recoverable, or whether

24   they included the uploading and processing of Samsung's documents, which would not be taxable.

25   Confusingly, Apple includes costs for electronic discovery in two different schedules attached to

26   the same declaration, both of which it refers to as costs for "Uploading" without providing any

27   explanation of why these costs are described and claimed in different sections.   (Krevans Decl. ¶¶

28   31-43, Schedules B-4 and B-5).

Case No. 11-cv-01846-LHK
SAMSUNG'S OBJECTIONS TO
APPLE'S BILL OF COSTS

1    In addition, Apple submitted hundreds of pages of invoices for licensing fees, consulting,

2    administrative training and de-duping.   (Krevans Decl. ¶ 31, Selwyn Decl. ¶ 29, Schedules B-4,

3    B-5, E-3.)   Apple should not recover these costs.   *E.g., Plantronics v. Aliph,* 2012 WL 3822129,

4    at *17 (N.D. Cal. 2012) (refusing to tax third-party vendor costs production costs and de-duping.)

5    In its schedules, Apple claims to have removed at least some of these expenses from the costs that

6    it is trying to recover, but Apple fails to provide evidence demonstrating which of the charges

7    have been removed, how much of them have been removed, or why Apple removed certain

8    charges.   (*See* Krevans Decl. ¶34, Selwyn Decl. ¶ 29, Schedules B-4, B-5 and E-3).   Because

9    Apple has failed to satisfy its burden of "establish[ing] the amount of compensable costs and

10   expenses to which it is entitled," it should not be awarded any of the $1,778,601.85 in electronic

11   production costs it seeks.   *City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund*,

12   C 08-4575 SI, 2012 WL 177566 at *1 (N.D. Cal. Jan. 23, 2012) (citing *Allison v. Bank One–*

13   *Denver,* 289 F.3d 1223, 1248–49 (10th Cir. 2002)); *accord In re Ricoh Co. Patent Litig.*, 661 F.3d

14   1361, 1367 (Fed. Cir. 2011) (citing *English v. Colo. Dep't of Corr.*, 248 F.3d 1002, 1013 (10th

15   Cir. 2001)).

16   Apple also impermissibly seeks costs for electronic discovery related to documents that it

17   produced in a different matter, ITC investigation No. 794.   (Selwyn Decl. ¶27.)   The parties had

18   a cross-use agreement permitting documents used in the 794 action to be used in this action, but

19   Apple ignores that the protective order in this action specifically precludes the recovery of such

20   costs.   "Any costs incurred in the … ITC matters shall be excluded from a computation of

21   taxable costs under Fed. R. Civ. P. 54 and N.D. Cal. Civ. L.R. 54."   (Dkt. 687, at 33.)   And even

22   apart from this dispositive language from the protective order, Apple's attempt to shift costs

23   incurred in an entirely separate matter would be improper under any circumstances, particularly

24   given that it lost on liability in the ITC 794 action.   *Certain Electronic Devices, Including*

25   *Wireless Communication Devices, Portable Music and Data Processing Devices, and Tablet*

26   *Computers*, USITC Pub. 2824, Inv. No. 337-TA-794 (June 2013).   Further, because Apple has

27   failed to prove which costs are attributed to the ITC matter (and therefore not taxable in this case)

28   (Selwyn Decl. Schedule E-3, Exhibit E-3), none of Apple's costs for electronic discovery should

Case No. 11-cv-01846-LHK
SAMSUNG'S OBJECTIONS TO
APPLE'S BILL OF COSTS

be taxed.   *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011) (if the prevailing party fails to meet its burden to show that claimed costs can be properly taxed, those costs cannot be taxed).

Finally, Apple has not proved whether the claimed electronic discovery costs are related to issues on which Apple prevailed at trial, or, for example, documents relating to the trademark claims it dropped before trial or the D'089 patent, on which it lost at trial.   If, however, any costs were to be allowed, they should be apportioned consistent with Apple's overall success rate of 5% on the more than 2,600 disputed issues of liability the parties litigated.   (*See* Sections II, III.A.1; Barach Decl. ¶ 35.)

### 5. *Apple Should Not Recover Secure Room Costs.*

Apple's request for costs for $99,910.17 for a "secure room" that it rented at a third-party location, based on its own perceived need, to allow for the inspection of prototypes of its phones and other devices should be denied.   (Krevans Decl. ¶¶40-43.)   Apple has no basis to attest these costs "were necessarily incurred, and are allowable by law."   Civ. L. R. 54-1.

The expenses for a secure room were not necessary because Apple could have achieved the same goal without incurring any cost whatsoever.   Both Apple and Samsung made their Highly Confidential Source Code available in secure rooms at the offices of each party's counsel. (Jenkins Decl. ¶ 6).   Apple's counsel evidently did not charge Apple for this service, as Apple has not included a charge for this in its bill of costs.   Samsung's counsel also provided a secure space at its offices for Apple to inspect Samsung's Highly Confidential prototypes and model products at no charge.   (*Id.*)   Instead of paying for a "secure room" at a third party's location, Apple could have avoided such costs by making its prototypes available at the offices of its counsel just as it did with source code or by maintaining the prototypes at a location owned by Apple.   In any event, Apple cites no authority that would allow for the taxation of costs for renting space at a third-party location for the review of prototypes, particularly when the party has its own extensive facilities in the District.   The Court should not tax the $99,910.17 that Apple has requested for renting a secure room.   If it does, however, the costs of purchasing devices

1   should be apportioned consistent with Apple's overall success rate of 5% on the more than 2,600

2   disputed issues of liability the parties litigated.   (*See* Sections II, III.A.1; Barach Decl. ¶ 35.)

3       **D.       Objections Related to the Costs for Interpreters**

4       Apple's request for costs for $297,397.50 for interpreters used in this case including

5   $39,900 for interpreters used at trial and $257,497.50 for interpreters that were used at depositions

6   should be reduced to $12,874.88 at most.   (Krevans Declaration, Schedule C; Selwyn

7   Declaration, Schedule F.)

8       **1.    *Interpreter costs for trial should be disallowed because the parties agreed to split those costs, and its check interpreter cost is not permissible.***

9       Apple should not receive any costs for interpreters used at trial.   Apple claims costs for

10  two separate interpreters that were used at trial, the main interpreter and Apple's own "check

11  interpreter."   (Krevans Decl., Schedule C).   The parties agreed to split the cost of the main

12  interpreter for trial.   (*Id*.)   Where parties agree to share costs in litigation, the prevailing party

13  cannot then recover its portion of the split fee as part of its Bill of Costs.   *In re Ricoh Co. Patent*

14  *Litig*., 661 F.3d 1361, 1366 (Fed. Cir. 2011) (overruling the district court's award of costs to a

15  prevailing party when both parties had agreed to split the costs).   As both Apple and Samsung

16  agreed to split the costs for the main interpreter, Apple cannot now receive its portion of those

17  costs.   Apple likewise should not recover the $28,000 that it is claiming in costs for its "check

18  interpreter."   (Krevans Decl., Schedule C).   The costs of obtaining a second interpreter to check

19  the translations of the agreed-upon main interpreter are not "necessarily incurred" as is required by

20  the Local Rules.   Civ. L.R. 54-1(a).   Therefore, Apple should not recover these costs.

21      **2.    *If awarded, interpreter costs should be taxed in line with the percentage of disputed liability issues on which Apple prevailed.***

22

23      Apple seeks costs for interpreters whom it used at every foreign deposition, of which there

24  were more than 125.   (Krevans Decl. ¶46, Selwyn Decl. ¶33.)   Many of these depositions were

25  short and duplicative of depositions Apple took in the ITC actions of the same witnesses.   Apple

26  also seeks costs for interpreters at depositions for witnesses who were completely unrelated to any

27  issue on which Apple prevailed at trial.   As discussed in Section III(A), *supra*, Apple should be

28  allowed to recover, at most, costs for interpreters at depositions of witnesses who contributed to its

-22-

1   success at trial.   But even awarding it costs for the depositions of all witnesses who testified at

2   trial (live or through deposition) relating to issues Apple prevailed on would overstate their

3   contributions to Apple's success.   For example, the testimony of Jin Soo Kim related to the

4   design of multiple phones and of the Samsung Galaxy Tab.   (Dkt. 1841 Trial Tr. at 2878:21-

5   2833:25, Dkt. 1931).

6          Instead of attempting to estimate what percentage of each witnesses' trial testimony related

7   to a disputed issues on which Apple prevailed, any taxed costs for translators should be in line

8   with the percentage of raised disputed liability issues on which Apple actually prevailed.   *See*

9   *Leeds & Northrup Co. v. Doble Engineering Co.*, 41 F. Supp. 951, 952 (D. Mass. 1941) (awarding

10  two-thirds of taxable costs where the party seeking costs prevailed on some issues but not others);

11  *Simmons v. American Export Lines, Inc.*, 26 F.R.D. 111, 112 (S.D.N.Y. 1960) (apportioning costs

12  in proportion to the percentage of claims on which the taxing party prevailed).   Therefore, the

13  maximum amount that should be taxed for interpreters is $12,874.88, which is 5% of Apple's

14  costs for deposition interpreters and excludes Apple's claims for trial interpreters.

15                    **SUMMARY OF SAMSUNG'S OBJECTIONS TO APPLE'S BILL OF COSTS**

16         Should the Court tax costs for Apple now, the chart below summarizes Samsung's

17  objections to Apple's Bill of Costs and the amount that should be taxed.

| Category of Costs | Amount Apple Seeks | Amount Samsung Objects to | Summary of Samsung's Objections | Proper Amount to Be Taxed |
|---|---|---|---|---|
| **Fees for printed or electronically recorded transcripts** | | | | |
| Deposition Transcripts and Videos | $610,116.46 | $579,506.83 | Depositions that are merely for discovery are not taxable; Any recoverable costs should be apportioned to be in line with Apple's success in the case; *see* Section III(A)(1). | $30,609.63 |
| Expedited Costs for Deposition Transcripts | $107,949.00 | $107,949.00 | Costs for expediting transcripts are not taxable; *see* Section III(A)(2). | $0.00 |
| Expedited Shipping and Handling for Deposition | $21,045.00 | $21,045.00 | Costs for expediting the shipping and handling of transcripts are not taxable; *see* Section III(A)(3). | $0.00 |

| Transcripts | | | | |
|---|---|---|---|---|
| Trial and Hearing Transcripts | $72,086.13 | $72,086.13 | Costs for hearing transcripts not necessary for appeal are not taxable; Costs of transcripts relating to the damages retrial should not be awarded; Any recoverable costs should be apportioned to be in line with Apple's success in the case; *see* Section III(B)(1). Expediting costs, "realtime" reporting and costs for additional copies of transcripts are not taxable, Apple does not provide enough detail to tax costs for trial and hearing transcripts   *see* Section III(B)(2). | $0.00 |
| **Fees for exemplification and the costs of making copies** | | | | |
| Making Copies | $1,562,110.98 | $1,562,110.98 | Apple's Bill of Costs includes copying costs that are not allowed by law or the Local Rules; Apple does not provide enough detail to tax costs for making copies; Costs of copies relating to the damages retrial should not be awarded; Any recoverable costs should be apportioned to be in line with Apple's success in the case; *see* Section III(C)(1). | $0.00 |
| Purchasing Devices | $123,379.74 | $123,379.74 | Costs for purchasing devices are not recoverable; Apple did not take reasonable steps to reduce its costs; Any recoverable costs should be apportioned to be in line with Apple's success in the case; *see* Section III(C)(2). | $0.00 |
| Graphics and Demonstratives | $1,583,838.27 | $1,583,838.27 | Apple does not provide enough detail to tax costs for graphics or demonstratives; non-trial graphics are not taxable; consulting costs are not taxable; Costs of demonstratives relating to the damages retrial should not be awarded; Any recoverable costs should be apportioned to be in line with Apple's success in the case; *see* Section | $0.00 |

| | | | | |
|---|---|---|---|---|
| | | | III(C)(3). | |
| Electronic Discovery | $1,778,601.85 | $1,778,601.85 | Apple does not provide enough detail to tax costs electronic discovery; Apple's Bill of Costs includes costs that are not allowed by law or the Local Rules; Apple cannot recover costs for electronic discovery produced in a different matter; Any recoverable costs should be apportioned to be in line with Apple's success in the case; *see* Section III(C)(4). | $0.00 |
| Secure Room | $99,910.17 | $99,910.17 | Costs for a secure room are not taxable; Any recoverable costs should be apportioned to be in line with Apple's success in the case; *see* Section III(C)(5). | $0.00 |
| **Costs for Interpreters** | | | | |
| Interpreters | $297,397.50 | $284,522.62 | The parties' agreement to split cost of trial interpreter bars taxing Apple's portion of that cost; the cost of Apple's "check interpreter" at trial is not recoverable; Costs should be apportioned to be in line with Apple's success; *see* Section III(D). | $12,874.88 |
| **Total** | **$6,256,435.10** | **6,212,950.59** | | **$43,484.51** |

## <u>CONCLUSION</u>

For the reasons set forth above and based on the Declarations of Sara Jenkins and Katharine Barach submitted herewith, in the interests of judicial economy, the Court should postpone the taxation of any costs in this matter until all appeals have been resolved. Alternatively, the Court should order that each party bears its own costs.   If the Court taxes costs for Apple now, the maximum amount that should be allowed is $43,484.51.

1    DATED: January 23, 2013          QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
2

3                                     By   /s/ Victoria F. Maroulis
                                         Charles K. Verhoeven
4                                        Kathleen M. Sullivan
                                         Kevin P.B. Johnson
5                                        Victoria F. Maroulis
                                         Michael T. Zeller
6
                                         Attorneys for SAMSUNG ELECTRONICS CO.,
7                                        LTD., SAMSUNG ELECTRONICS AMERICA,
                                         INC., and SAMSUNG
8                                        TELECOMMUNICATIONS AMERICA, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   -26-              Case No. 11-cv-01846-LHK
                                           SAMSUNG'S OBJECTIONS TO
                                           APPLE'S BILL OF COSTS