QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF KATHARINE F. BARACH IN SUPPORT OF SAMSUNG'S PRE-ASSESSMENT OBJECTIONS TO APPLE'S BILL OF COSTS**<br><br>**Judge**:  Hon. Lucy H. Koh |

I, Katharine F. Barach, declare:

1. I am an associate in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC.  I submit this Declaration in support of Samsung's Objections to Apple's Bill of Costs.  I have personal knowledge of the facts set forth in this declaration, except as specified otherwise, and, if called upon as a witness, I could and would testify to such facts under oath.

**Overview of Schedules Showing Disputed Issues of Liability**

2. To facilitate the Court's review of Samsung's Objections to Apple's Bill of Costs, I prepared the three attached schedules reflecting the unique disputed issues of liability raised in this action, how they came to be at issue (for example, through a pleading or discovery response), and how they have been resolved thus far.

3. Schedule 1, titled "Disputed Issues of Liability Related To Apple's Intellectual Property" addresses Apple's claims and Samsung's counterclaims and affirmative defenses concerning all disputed liability issues raised in Apple's pleadings and discovery responses related to Apple's asserted utility and design patents, trademarks, and trade dresses.

4. Schedule 2, titled "Disputed Issues of Liability Related To Samsung's Intellectual Property" addresses Samsung's claims and Apple's counterclaims and affirmative defenses concerning all disputed liability issues raised in Samsung's Answer and Counterclaims and discovery responses related to Samsung's asserted utility patents.

5. Schedule 3, titled "Disputed Issues of Liability Tried To A Jury"  addresses only the disputed liability issues actually tried to the jury.

6. I prepared these schedules based on my review of the parties' pleadings, their discovery responses, pre-trial motions and submissions, pre-trial court orders, the amended jury verdict, and the post-trial rulings in this action to accurately reflect the identified facts.

**Guide to Understanding The Schedules Showing Disputed Issues of Liability**

7. Each schedule identifies the respective party's asserted legal claims in the leftmost column

and all of the devices accused of infringing those legal rights across the top row.  The cell where any legal theory row intersects with any device column shows whether that theory was asserted against that device and what the outcome of that asserted issue was.

8. Below each party's affirmative asserted claims, the leftmost column identifies the opposing party's counterclaims and affirmative defenses relating to liability on those claims.  Next to each entry is data reflecting the outcome of that asserted issue.

9. On Schedules 1 and 2, colored shading of a row reflects that legal theory was dropped before trial.

10. On Schedules 1 and 2, colored shading of a cell with a letter code shows that assertion of a particular legal theory against a particular product was dropped before trial.

11. Empty cells reflect that particular liability theory was not asserted against a particular device.

12. The letter codes have the following meanings:

"x" –   The disputed issue of liability that was asserted but was not litigated at trial.

"w" – The disputed issue of liability was withdrawn in amended or subsequent discovery response or by court order.

"A" – The disputed issue of liability was litigated at trial and Apple prevailed on it.

"S" – The disputed issue of liability was litigated at trial and Samsung prevailed on it.

**Details Relating to Schedule 1**

*Apple's Affirmative Claims Concerning Its Asserted Intellectual Property*

13. Schedule 1 reflects the claims Apple asserted in its initial complaint, filed on April 15, 2011 (Dkt. 0001), the amended complaint, filed June 16, 2011 (Dkt. 0075), and its responses and amended responses to Interrogatory Nos. 5, 70, and 71.  The 71 different legal theories Apple asserted based on its claimed intellectual property right are listed in the leftmost column of Schedule 1.

14. Schedule 1 also reflects the products Apple accused of infringing its intellectual property rights in its initial complaint, filed on April 15, 2011 (Dkt. 0001), the amended complaint,

filed June 16, 2011 (Dkt. 0075), and its responses and amended responses to Interrogatory Nos. 5, 70, 71, and 72, and Exhibit 20 to Apple's Infringement Contentions. The 35 different Samsung products Apple accused of violating its claimed intellectual property right are listed in the top row of Schedule 1.

15. To show which products were accused in connection with which legal theories, I used the letter codes described in Paragraph 12, above, to reflect that Apple had accused a particular Samsung product of using, infringing, or diluting Apple asserted intellectual property rights.

16. Apple's claim for unjust enrichment incorporated its trademark and trade dress legal theories of Federal False Designation of Origin & Unfair Competition, Federal Trade Dress Infringement, Federal Trademark Infringement, Federal Trade Dress Dilution, Common Law Trademark Infringement, and Unfair Business Practices. (Dkt. 0075) The number of disputed issues relating to Apple's claim for unjust enrichment therefore include the disputed issues relating those six legal theories, and total 1,023 disputed issues of liability. The thirty-five letter codes listed in the row are included in the 1,023 total disputed issues of unjust enrichment.

17. To calculate the total number of discrete disputed issues of liability raised by Apple for Schedule 1, I totaled the number of letter codes that correspond to Apple's assertions of particular legal theories against particular Samsung products and added the unjust enrichment disputed issues described in paragraph 16 above. That total number is 2,471. Of these 2,471 disputed issues of liability relating to its asserted intellectual property rights, Apple dropped 2,309 before trial. (Dkts. 0981, 1113, 1116, 1178, 1267, 1277, 1944.)

*Samsung's Counterclaims and Affirmative Defenses Concerning Apple's Asserted Intellectual Property*

18. In Samsung Entities' Answer, Affirmative Defenses, and Counterclaims to Apple's Amended Complaint (Dkt. 0080), Samsung identified counterclaims and affirmative

defenses.  Only the four counterclaims and affirmative defenses concerning the invalidity and declaration of invalidity of Apple's intellectual property rights are included in Schedule 1.

19. Samsung's two defenses and counterclaims concerning the invalidity of Apple's patents created disputed issues for each of the fifteen asserted Apple utility and design patents at issue.  Samsung's two defenses and counterclaims concerning the invalidity of Apple's trademarks and trade dress created disputed issues for each of the twenty-six asserted Apple trade dress and trademark rights.

20. To show which patents were accused in connection with which legal defenses and counterclaims, I used the letter codes described in Paragraph 12, above, to reflect that Samsung was attempting to invalidate a particular Apple intellectual property right.  To calculate the total number of discrete disputed issues of liability raised by Samsung for Schedule 1, I totaled the number of letter codes that correspond to Samsung's particular legal defenses or counterclaims against particular Apple patents.  That total number is 41.  Of these disputed issues of liability relating to Apple's asserted intellectual property rights, 30 were dropped or withdrawn before trial.  (Dkts. 0981, 1277, 1944.)

21. Adding the totals of Paragraphs 17 and 20, yields a total of 2,512 disputed issues of liability relating to Apple's asserted intellectual property rights.

**Details Relating to Schedule 2**

*Samsung's Affirmative Claims Concerning Its Asserted Patents*

22. Schedule 2 reflects the claims Samsung asserted in its Answer, Affirmative Defenses, and Counterclaims  to Apple's Amended Complaint, filed on June 30, 2011 (Dkt. 0080), and its infringement contentions, served on September 7, 2011.  The 12 different legal theories Samsung asserted based on its intellectual property rights are listed in the leftmost column of Schedule 2.

23. Schedule 2 also reflects the nine Apple products that Samsung accused of infringing its patent rights in its pleadings and infringement contentions.  They are listed in the top row

of Schedule 2.

24. To show which products Samsung accused in connection with which legal theories, I used the letter codes described in Paragraph 12, above. For three of the twelve patent infringement theories Samsung asserted, multiple claims of the patents remained at issue throughout the jury trial. These claim-specific rights are identified in Schedule 2 below the corresponding general patent infringement theories. To remain consistent with those patents and legal theories for which only one patent claim was at issue in trial, the letter codes for these patent claims are used only once except where a verdict was rendered on specific claim of a patent.

25. To calculate the total number of discrete disputed issues of liability raised by Samsung for Schedule 2, I totaled the number of letter codes that correspond to Samsung's assertions of particular legal theories against particular Apple products. That total number is 76. Of these disputed issues of liability relating to its asserted intellectual property rights, Samsung dropped 52 before trial. (Dkts. 0981, 1178, 1277, 1944.)

*Apple's Counterclaims and Affirmative Defenses Concerning Samsung's Patents*

26. In its Answer, Defenses, and Counterclaims in Reply to Samsung's Counterclaims (Dkt. 0124) and Amended Answer, Defenses, and Counterclaims in Reply to Samsung's Counterclaims (Dkt. 0381), Apple identified counterclaims and affirmative defenses to Samsung's claims. Apple's 18 counterclaims and affirmative defenses concerning the invalidity and declaration of invalidity defense, patent exhaustion defense, breach of contract counterclaims, and unfair competition counterclaims relating to Samsung intellectual property are identified in Schedule 2.

27. To show the outcome of Apple's defenses and counterclaims, I used the letter codes described in Paragraph 12, above. For two of Apple's invalidity counterclaims, multiple claims of the patents remained at issue throughout the jury trial. These claim-specific invalidity counterclaims and affirmative defenses are identified in Schedule 2 below the corresponding general patent counterclaims and affirmative defenses. To remain

consistent with those patents and legal theories for which only one patent claim was at issue in trial, letter codes for these patent invalidity claims are used only once except where a verdict was rendered on the claim.

28. Apple's defenses concerning the exhaustion of Samsung's patents created an additional disputed issue for each of the twelve asserted Samsung patents at issue.

29. To calculate the total number of disputed issues of liability raised by Apple for Schedule 2, I totaled the number of letter codes that correspond to Apple's particular legal defenses or counterclaims against particular Samsung patents. That total number is 30. Of these, 19 of the disputed issues were dropped or withdrawn before trial. (Dkts. 0981, 1277, 1944.)

30. Adding the totals of Paragraphs 25 and 29 yields a total of 106 disputed issues of liability relating to Samsung's asserted intellectual property rights that the parties raised through pleadings and discovery responses.

**Details Relating to Schedule 3**

31. Schedule 3 combines the information of Schedules 1 and 2 as to the issues actually tried to the jury. The verdict reflects that the parties tried a total of 208 disputed liability issues to the jury. (Dkt. 1931.) Schedule 3 reflects those disputed issues that the parties litigated at trial.

32. The verdict reflects that Apple prevailed at trial on 132 disputed issues of liability relating to the utility and design patents, trademark, and trade dress. (Dkt. 1931.) Based on my review of the verdict, 107 of those findings related to the disputed liability issues of Schedule 1. Based on my review of the verdict, 25 of those findings related to the disputed liability issues of Schedule 2.

33. The verdict reflects that Samsung prevailed at trial on 76 disputed issues of liability relating to the utility and design patents, trademark, and trade dress. (Dkt. 1931.) Based on my review of the verdict, 66 of those findings related to the disputed liability issues of Schedule 1. Based on my review of the verdict, 9 of those findings related to the disputed liability issues of Schedule 2. In a post-trial order, the Court also granted JMOL of no

exhaustion as to Samsung's U.S. Patent No. 7,447,516.  (Dkt. 2220.)

34. As described above, based on my review of the verdict, Apple prevailed on 132 of the disputed liability issues tried to the jury—61.85%.

**Apple's Overall Degree of Success**

35. As described above, Schedules 1 and 2 reflect a total of 2,618 disputed issues of liability raised in this action.  Of these 2,618, Apple prevailed on 132, based on my review of the verdict, as set forth the above and in Schedule 3.  In other words, of the 2,618 total disputed issues of liability raised through the parties' pleadings and discovery responses, Apple has prevailed only 5.04% of them.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in Kona, Hawaii on January 23, 2014.

                                        */s/ Katharine F. Barach*
                                        Katharine F. Barach

**GENERAL ORDER ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document. I hereby attest pursuant to General Order 45.X.B. that concurrence in the electronic filing of this document has been obtained from Katharine F. Barach.


        */s/ Victoria F. Maroulis*
        Victoria F. Maroulis