HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**SUPPLEMENTAL DECLARATION OF RACHEL KREVANS IN SUPPORT OF APPLE'S AMENDED BILL OF COSTS WAIVING CERTAIN COSTS** |

I, RACHEL KREVANS, hereby declare as follows:

1. I am a partner with the law firm of Morrison & Foerster LLP, which is counsel of record for Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") in this case. I am admitted to practice law in the State of California and before this Court. I filed a declaration in support of Apple's Bill of Costs on December 5, 2013. (Dkt. No. 2853.). I now make this supplemental declaration in support of Apple's Amended Bill of Costs, which waives certain costs included in the December 5 filing. I have knowledge of the matters stated in this declaration, and I could and would testify competently thereto if called to do so.

2. On December 5, 2013, Apple submitted its Bill of Costs. (Dkt. Nos. 2852-2855.) On January 24, 2014, Samsung filed its Objections to Apple's Bill of Costs. (Dkt. Nos. 2930-2932.) After reviewing Samsung's objections and in an effort to minimize the disputes between the parties, Apple waives and withdraws certain costs, as set forth below.

3. As explained in my prior declaration (Dkt. No. 2853 at ¶ 2), two law firms represented Apple in this matter, preparing the case together and taking it to trial. Morrison & Foerster LLP took primary responsibility for Apple's claims against Samsung, and Wilmer Cutler Pickering Hale and Dorr LLP took primary responsibility for defending Apple against Samsung's claims. This supplemental declaration addresses only costs that were collected by Morrison & Foerster ("Morrison Costs") that Apple now waives. The costs collected by Wilmer Cutler Pickering Hale and Dorr ("WilmerHale Costs") that Apple now waives from the Bill of Costs are supported by the Supplemental Declaration of Mark Selwyn in Support of Apple's Amended Bill of Costs ("Supplemental Selwyn Declaration").

4. As described more fully below, the waived Morrison Costs are as follows: (1) shipping and handling charges associated with deposition transcripts; (2) "Realtime" reporting costs associated with hearing and trial transcripts; (3) a consulting charge related to trial graphics and demonstratives that was inadvertently included in the Bill of Costs; and (4) electronic discovery charges from Catalyst Repository Systems, Inc. that were incurred in connection with related investigations in the International Trade Commission ("ITC") and inadvertently included in the Bill of Costs. The waived Morrison Costs are reflected in

1   Amended Schedules A-1, A-2, B-3, and B-5, and Amended Exhibits A-2 and B-5, attached
2   hereto.

### A. Printed or Electronically Recorded Transcripts

#### 1. Deposition Transcripts (Amended Schedule A-1)

5. Apple's Bill of Costs sought costs of deposition transcripts in the amount of $550,387.96 (Morrison Costs), including a total of $19,235.80 of shipping and handling charges. As set forth in my prior declaration (Dkt. 2853 at ¶ 10), courts in this District have taxed shipping and handling charges associated with deposition transcripts. *See Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, No. C 09-5939 PJH, 2012 U.S. Dist. LEXIS 64555, at *6 (N.D. Cal. May 8, 2012) ("[T]he court finds that the charge for 'shipping and handling' can reasonably be viewed as part of 'the cost of an original and one copy of any deposition.'"); *In re Ricoh Co.*, No. C 03-02289 JW, 2010 U.S. Dist. LEXIS 144033, at *17 (N.D. Cal. Sept. 29, 2010) (holding "shipping costs for deposition transcripts are taxable"). Nevertheless, in response to Samsung's objections to such costs, Apple hereby waives the $19,235.80 (Morrison Costs) of costs that reflect shipping and handling charges in connection with deposition transcripts.

6. As a result of removing the shipping and handling costs, Apple's Amended Bill of Costs seeks costs of deposition transcripts in the amount of $531,152.16 (Morrison Costs). A revised spreadsheet itemizing the recoverable Morrison Costs that Apple incurred in taking depositions – which excludes shipping and handling costs from the requested costs – is attached as Amended Schedule A-1.

7. In addition, upon further review of the invoices for deposition transcripts, Apple determined that the original Schedule A-1 had incorrectly described some of the "Expedited Transcript" costs that Apple seeks to recover. Although the invoices had labeled these charges as "Expedited Transcript," reflecting the cost for the expedited copy of the written transcript, Schedule A-1 incorrectly described them as "Immediate Delivery" charges. Amended Schedule A-1 has corrected the description of these charges to conform to the invoices, so that they are now described as "Expedited Transcript." The corrected entries are highlighted in yellow on Amended Schedule A-1. Correcting these descriptions does not affect the amount of

1  costs that Apple is requesting because Apple had included the charges labeled as "Expedited
2  Transcript" on invoices as part of its requested costs, even though Schedule A-1 incorrectly
3  described those charges as "Immediate Delivery."

    **2.**  **Hearing and Trial Transcripts (Schedule A-2)**

  8.  Apple's Bill of Costs sought costs of hearing and trial transcripts in the amount of $70,649.63 (Morrison Costs), including a total of $20,390.30 of "Realtime" reporting costs.  In response to Samsung's objections to those costs, Apple hereby waives the $20,390.30 (Morrison Costs ) of "Realtime" reporting costs associated with the hearing and trial transcripts.

  9.  As a result of removing the "Realtime" reporting costs, Apple's Amended Bill of Costs seeks costs of hearing and trial transcripts in the amount of $50,259.33 (Morrison Costs). A revised spreadsheet itemizing the recoverable Morrison Costs that Apple incurred for hearing and trial transcripts – which excludes "Realtime" reporting costs from the requested costs – is attached as Amended Schedule A-2 to the Bill of Costs.

  10.  In addition, true and correct copies of invoices supporting the Morrison Costs in Amended Schedule A-2, are attached as Amended Exhibit A-2.  Amended Exhibit A-2 consists of the same invoices that were included in Exhibit A-2 filed with Apple's Bill of Costs, but are now marked to identify the excluded "Realtime" costs.

  **B.**  **Exemplification, Costs of Making Copies, and Related Items**

    **1.**  **Trial Graphics and Demonstratives (Amended Schedule B-3)**

  11.  Apple's Bill of Costs sought costs of preparing trial graphics and demonstratives in the amount of $1,250,957.94 (Morrison Costs).  As set forth in my prior declaration, Apple sought only the costs that Apple incurred in preparing trial graphics and demonstratives, and excluded costs related to consultation and meetings, trial technical support, equipment rental, and miscellaneous expenses have been excluded.  (Dkt. No. 2853 at ¶ 29.)  However, upon further review of the invoices, Apple discovered that a charge of $1451.25 for "Services:  Technology Consulting:  Trial Preparation" on Invoice No. MF-Apple-ND-3, dated July 6, 2012, was inadvertently included.  Apple hereby waives that cost.

12. After removing this cost, Apple now seeks costs of preparing trial graphics and demonstratives in the amount of $1,249,506.69 (Morrison Costs). A revised spreadsheet itemizing the recoverable Morrison Costs that Apple incurred in preparing trial graphics and demonstratives – with the "trial preparation" cost of $1451.25 removed – is attached as Amended Schedule B-3.

13. Further, Samsung objected to Apple's request to recover costs that were described as "Services: Graphics Consulting: Graphics Production" on certain invoices from Impact Trial Consulting. (*See* Dkt. No. 2930 at 18.) Apple has confirmed with Impact Trial Consulting that all the costs that its invoices labeled as "Services: Graphics Consulting: Graphics Production" relate entirely to graphics production. The accounting system at Impact Trial Consulting is organized such that "Graphics Production" is a subcategory of "Graphics Consulting," which in turn is a subcategory of the "Services" category. Accordingly, a charge for "Graphics Production" appears as "Services: Graphics Consulting: Graphics Production" on the invoices. Therefore, Apple continues to request all such charges.

**2.    Electronic Discovery: Uploads/Productions (Catalyst) (Amended Schedule B-5)**

14. Apple's Bill of Costs sought e-discovery costs charged by Catalyst Repository Systems, Inc. associated with uploads and document productions in the amount of $332,555.64 (Morrison Costs). After Samsung objected that Apple had included costs associated with related investigations in the ITC, Apple reviewed all Catalyst invoices and identified $61,232.72 (Morrison Costs) of charges related to the ITC investigations that were inadvertently included with Apple's Bill of Costs. Apple hereby waives the $61,232.72 (Morrison Costs) in costs related to the ITC investigations on the Catalyst invoices.

15. After removing costs related to the ITC investigations, Apple's Amended Bill of Costs seeks e-discovery costs charged by Catalyst associated with uploads and document productions in the amount of $271,322.92 (Morrison Costs). A revised spreadsheet itemizing the recoverable Morrison Costs that Apple was charged by Catalyst related to uploading documents

for production and producing documents – with costs associated with the related ITC investigations removed – is attached as Amended Schedule B-5.

16. In addition, for the convenience of the Court and Samsung, true and correct copies of invoices supporting the Morrison Costs in Amended Schedule B-5, which have been marked to indicate which costs are not being requested by Apple, are attached as Amended Exhibit B-5. Amended Exhibit B-5 consists of the same invoices that were included in Exhibit B-5 that was filed with Apple's Bill of Costs, but now marked to identify the charges on those invoices that are not included in Apple's requested costs.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of February 2014 at San Francisco, California.

/s/ Rachel Krevans
Rachel Krevans