| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| ERIK J. OLSON (CA SBN 175815) | Telephone: (617) 526-6000 |
| ejolson@mofo.com | Facsimile: (617) 526-5000 |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | |
| San Francisco, California 94105-2482 | MARK D. SELWYN (SBN 244180) |
| Telephone: (415) 268-7000 | mark.selwyn@wilmerhale.com |
| Facsimile: (415) 268-7522 | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| Attorneys for Plaintiff and | Telephone: (650) 858-6000 |
| Counterclaim-Defendant APPLE INC. | Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**SUPPLEMENTAL DECLARATION OF MARK SELWYN IN SUPPORT OF APPLE'S AMENDED BILL OF COSTS** |

I, Mark D. Selwyn, declare as follows:

1. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-captioned action. I am licensed to practice law in the State of California, Commonwealth of Massachusetts, and State of New York, and am admitted to practice before the U.S. District Court for the Northern District of California. I make this supplemental declaration in support of Apple's Amended Bill of Costs, which waives or withdraws certain costs included in the December 4 filing. I have knowledge of the matters stated in this declaration, and I could and would testify competently thereto if called to do so.

2. On December 5, 2013, Apple submitted its Bill of Costs. (Dkt. Nos. 2852-2855.) On January 24, 2014, Samsung filed its Objections to Apple's Bill of Costs. (Dkt. Nos. 2930-2932.) After reviewing Samsung's objections and in an effort to minimize the disputes between the parties, Apple waives and withdraws certain costs, as set forth below. In addition, on February 2, Judge Grewal issued an order that Quinn Emanuel shall reimburse Apple and their counsel for "any and all costs and fees incurred in litigating [the sanctions motion] and the discovery associated with it." (Dkt. No. 2935 at 18 ("Sanctions Order").) In light of Judge Grewal's Order, Apple has withdrawn the costs related to Apple Inc.'s Motion to Compel Further Discovery and for Sanctions for Violation of Protective Order ("sanctions motion") from this bill of costs, as set forth below, so that the costs and fees related to the sanctions motion can be addressed together.

3. As explained in my prior declaration (Dkt. No. 2854 at ¶ 2), two law firms represented Apple in this case. Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") took primary responsibility for defending Apple against Samsung's claims and also participated in preparing for and conducting the damages retrial. This supplemental declaration addresses only costs that were collected by WilmerHale ("WilmerHale costs") that Apple now waives as well as the costs collected by WilmerHale that Apple now withdraws so that they can be addressed in the context of Judge Grewal's Sanctions Order. The costs collected by Morrison & Foerster LLP that Apple now waives from the Bill of Costs are identified in the Supplemental

1  Declaration of Rachel Krevans in Support of Apple's Amended Bill of Costs Waiving Certain
2  Costs ("Supplemental Krevans Declaration").

3       4.     As described more fully below, the waived WilmerHale costs are shipping and
4  handling charges associated with deposition transcripts, and electronic discovery charges from
5  Catalyst Repository Systems, Inc. that were incurred in connection with related investigations in
6  the International Trade Commission ("ITC") and inadvertently included in the Bill of Costs.

7       5.     As described more fully below, the costs withdrawn so that they can be addressed
8  in the context of Judge Grewal's Sanctions Order are deposition and interpreter costs for the
9  2013 depositions of Jaewan Chi, Seongwoo "Clayton" Kim, Daniel Shim, Kenneth Korea,
10 Seongho Ahn, and Jin Hwan Kwak, and hearing transcript costs related to the sanctions hearings
11 on October 3, 2013 and October 22, 2013.

12      6.     The waived and withdrawn WilmerHale costs are reflected in Amended Schedules
13 D-1, E-3 and F, and Amended Exhibit E-3, attached hereto.  Schedule D-2 and Exhibit D-2,
14 which only included the withdrawn hearing transcript costs, are withdrawn in their entirety.

15     **A.**    **Printed or Electronically Recorded Transcripts**

16          **1.**    **Deposition Transcripts (Amended Schedule D-1)**

17      7.     Apple's Bill of Costs sought costs of deposition transcripts in the amount of
18 $188,722.50 (WilmerHale Costs), including $17,196.45 for deposition transcripts for the
19 depositions of Jaewan Chi, Seongwoo "Clayton" Kim, Daniel Shim, Kenneth Korea, Seongho
20 Ahn, and Jin Hwan Kwak, all of which were taken in relation to Apple's sanction motion.  Apple
21 hereby withdraws the costs related to these depositions from this bill of costs so that they can be
22 addressed in the context of Judge Grewal's Sanctions Order awarding costs and fees related to
23 the sanctions motion.

24      8.     The deposition transcript costs for the remaining depositions included a total of
25 $1,723.00 of shipping and handling charges.  As set forth in my prior declaration (Dkt. 2853 at
26 ¶ 10), courts in this District have taxed shipping and handling charges associated with deposition
27 transcripts.  *See Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, No. C 09-5939 PJH, 2012
28 U.S. Dist. LEXIS 64555, at *6 (N.D. Cal. May 8, 2012) ("[T]he court finds that the charge for

'shipping and handling' can reasonably be viewed as part of 'the cost of an original and one copy of any deposition.'"); *In re Ricoh Co.*, No. C 03-02289 JW, 2010 U.S. Dist. LEXIS 144033, at *17 (N.D. Cal. Sept. 29, 2010) (holding "shipping costs for deposition transcripts are taxable"). Nevertheless, in response to Samsung's objections to such costs, Apple hereby waives the $1,723.00 (WilmerHale Costs) of costs that reflect shipping and handling charges in connection with the remaining deposition transcripts.

9. As a result of removing the sanctions-related depositions and waiving the shipping and handling costs for the remaining depositions, Apple's Amended Bill of Costs seeks costs of deposition transcripts in the amount of $169,803.05 (WilmerHale Costs). A revised spreadsheet itemizing the recoverable WilmerHale Costs that Apple incurred in taking depositions – which excludes the sanctions related depositions and shipping and handling costs for the remaining depositions from the requested costs – is attached as Amended Schedule D-1.

**2.   Hearing and Trial Transcripts (Schedule D-2)**

10. Apple's Bill of Costs sought costs of hearing and trial transcripts in the amount of $1,436.50 (WilmerHale Costs). All these costs were for transcripts of hearings related to Apple's sanctions motion. Apple hereby withdraws the costs related to these hearing transcripts from this bill of costs so that they can be addressed in the context of Judge Grewal's Sanctions Order awarding costs and fees related to the sanctions motion. Accordingly, Apple hereby withdraws Schedule D-2 and Exhibit D-2 in their entirety from this bill of costs.

**B.   Exemplification, Costs of Making Copies, and Related Items**

**1.   Trial Graphics and Demonstratives (Schedule E-2)**

11. Apple's Bill of Costs sought costs of preparing trial graphics and demonstratives in the amount of $332,880.33 (WilmerHale Costs). As set forth in my prior declaration, Apple sought only the costs that Apple incurred in preparing trial graphics and demonstratives, and excluded costs related to consultation and meetings, trial technical support, equipment rental, and miscellaneous expenses have been excluded. (Dkt. No. 2854 at ¶ 21.)

12. Samsung objected to Apple's request to recover costs that were described as "Services: Graphics Consulting: Graphics Production" on certain invoices from Impact Trial

Consulting. (*See* Dkt. No. 2930 at 18.) Apple has confirmed with Impact Trial Consulting that all the costs that its invoices labeled as "Services: Graphics Consulting: Graphics Production" relate entirely to graphics production. The accounting system at Impact Trial Consulting is organized such that "Graphics Production" is a subcategory of "Graphics Consulting," which in turn is a subcategory of the "Services" category. Accordingly, a charge for "Graphics Production" appears as "Services: Graphics Consulting: Graphics Production" on the invoices. Therefore, Apple continues to request all such charges.

13. In addition, the costs related to the W9 Microsolutions invoice ($1,948.50), although included in schedule E-2 and supported by an invoice in Exhibit E-2, was omitted from the total trial graphics and demonstrative costs due to a calculation error, and was omitted from the total calculated in my previous declaration and the bill of costs. Because these costs were not included in the calculation of the original bill of costs, Apple will not seek the additional $1,948.50 in incurred trial graphic and demonstrative costs.

**2. Electronic Discovery: Uploads/Productions (Catalyst) (Amended Schedule E-3)**

14. Apple's Bill of Costs sought e-discovery costs charged by Catalyst Repository Systems, Inc. associated with uploads and document productions in the amount of $247,126.65 (WilmerHale Costs). After Samsung objected that Apple had included costs associated with related investigations in the ITC, Apple reviewed all Catalyst invoices and identified $230,894.12 (WilmerHale Costs) of charges related in part to the ITC investigations that were included with Apple's Bill of Costs. Even though the costs were incurred for productions used in both this case and ITC Inv. No. 794, Apple will agree to drop those costs not expressly attributed on the vendor invoices to this case. Apple hereby waives the $230,893.12 (WilmerHale Costs) in costs related to the ITC investigations on the Catalyst invoices.

15. After removing costs related to the ITC investigations, Apple's Amended Bill of Costs seeks e-discovery costs charged by Catalyst associated with uploads and document productions in the amount of $16,232.53 (WilmerHale Costs). A revised spreadsheet itemizing the recoverable WilmerHale Costs that Apple was charged by Catalyst related to uploading

documents for production and producing documents – with costs associated with the related ITC investigations removed – is attached as Amended Schedule E-3.

16. In addition, for the convenience of the Court and Samsung, true and correct copies of invoices supporting the WilmerHale Costs in Amended Schedule E-3, which have been marked to indicate which costs are not being requested by Apple, are attached as Amended Exhibit E-3. Amended Exhibit E-3 consists of the same invoices that were included in Exhibit E-3 that was filed with Apple's Bill of Costs, but which are now marked for clarity.

**C. <u>Interpreters (Amended Schedule F)</u>**

17. Apple's Bill of Costs sought costs of interpreters in the amount of $137,197.50 (WilmerHale Costs), including $14,897.50 for interpreters for the depositions of Jaewan Chi, Seongwoo "Clayton" Kim, Seongho Ahn, and Jin Hwan Kwak, all of which were taken in relation to Apple's sanction motion. Apple hereby withdraws the costs related to translating these depositions from this bill of costs so that they can be addressed in the context of Judge Grewal's Sanctions Order awarding costs and fees related to the sanctions motion.

18. As a result of removing the sanctions-related depositions, Apple's Amended Bill of Costs seeks costs of interpreters in the amount of $122,300.00 (WilmerHale Costs). A revised spreadsheet itemizing the remaining WilmerHale costs related to interpreters is attached as Amended Schedule F.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of February 2014 at Palo Alto, California.

*<u>/s/ Mark D. Selwyn</u>*
Mark D. Selwyn

| | |
|---|---|
| 1 | **ATTESTATION OF E-FILED SIGNATURE** |
| 2 | I, Rachel Krevans, am the ECF User whose ID and password are being used to file this |
| 3 | Declaration. In compliance with Local Rule 5-1(i)(3), I hereby attest that Mark D. Selwyn has |
| 4 | concurred in this filing. |

Dated: February 6, 2014        By:   */s/ Rachel Krevans*
                                              RACHEL KREVANS