QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **DECLARATION OF KATHARINE F. BARACH IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR ATTORNEYS' FEES** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **Date:    May 1, 2014**<br>**Time:    1:30 p.m.**<br>**Place:   Courtroom 8, 4th Floor**<br>**Judge:   Hon. Lucy H. Koh** |
| Defendants. | |

Case No. 11-cv-01846-LHK

BARACH DECLARATION ISO SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR ATTORNEYS' FEES

I, Katharine F. Barach, declare:

1. I am an associate in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung").  I submit this Declaration in support of Samsung's Opposition to Apple's Motion for Attorneys' Fees.  I have personal knowledge of the facts set forth in this declaration, except as specified otherwise, and, if called upon as a witness, I could and would testify to such facts under oath.

## I.      SCHEDULES SHOWING DISPUTED ISSUES OF LIABILITY

**Overview of Schedules Showing Disputed Issues of Liability**

2. To facilitate the Court's review of Samsung's Objections to Apple's Motion for Fees, I prepared the two attached schedules reflecting the unique disputed issues of liability raised in Apple's case, how they came to be at issue (for example, through a pleading or discovery response), and how they have been resolved thus far.  Because Apple claims to seek only fees it incurred in connection with its claims against Samsung concerning Apple's intellectual property, not in connection with Samsung's infringement claims against Apple, references in this declaration to "Apple's case" refer to the portion of this action relating to Apple's asserted intellectual property rights.

3. Attached as Exhibit 1 is "Schedule 1: Disputed Issues of Liability Related To Apple's Intellectual Property" that addresses Apple's claims and Samsung's counterclaims and affirmative defenses concerning all disputed liability issues raised in Apple's pleadings and discovery responses related to Apple's asserted utility and design patents, trademarks, and trade dresses.

4. Attached as Exhibit 2 is "Schedule 2: Disputed Issues of Liability Related To Apple's Phone Design Claims," that excerpts from Schedule 1 Apple's claims and Samsung's counterclaims and affirmative defenses related to Apple's asserted "phone design" portion of the case.  It includes all of Apple's phone-related claims for trade dress infringement,

-1-                                              Case No. 11-cv-01846-LHK

BARACH DECLARATION ISO SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR ATTORNEYS' FEES

1    trade dress dilution, design patent infringement, infringement of the trademarks for icons

2    that that appear in Apple's asserted phone trade dresses and D'305, D'334, D'790, and

3    state law claims of infringement, unfair business practices, and unjust enrichment.

4    5.  I prepared these schedules based on my review of the parties' pleadings, their discovery

5    responses, pre-trial motions and submissions, pre-trial court orders, the amended jury

6    verdict, and the post-trial rulings in this action to accurately reflect the identified facts.

7    **Details Relating to Schedule 1**

8    6.  Schedule 1 identifies Apple's asserted legal claims in the leftmost column and all of the

9    devices accused of infringing those legal rights across the top row.  The cell where any

10    legal theory row intersects with any device column shows whether that theory was asserted

11    against that device and what the outcome of that asserted issue was.

12    7.  Below Apple's affirmative asserted claims, the leftmost column identifies Samsung's

13    counterclaims and affirmative defenses relating to liability on those claims.  Next to each

14    entry is data reflecting the outcome of that asserted issue.

15    8.  Colored shading of a row reflects that legal theory was dropped before trial.

16    9.  Colored shading of a cell with a letter code shows that assertion of a particular legal theory

17    against a particular product was dropped before trial.

18    10. Empty cells reflect that particular liability theory was not asserted against a particular

19    device.

20    11.  The letter codes have the following meanings:

21    "x" –   The disputed issue of liability was asserted but was not litigated at trial.

22    "~~w~~" – The disputed issue of liability was withdrawn in amended or subsequent discovery

23    response or by court order.

24    "A" – The disputed issue of liability was litigated at trial and Apple prevailed on it.

25    "S" – The disputed issue of liability was litigated at trial and Samsung prevailed on it.

26    *Apple's Affirmative Claims Concerning Its Asserted Intellectual Property*

27    12. Schedule 1 reflects the claims Apple asserted in its initial complaint, filed on April 15,

28

1    2011 (Dkt. 0001), the amended complaint, filed June 16, 2011 (Dkt. 0075), and its

2    responses and amended responses to Interrogatory Nos. 5, 70, 71, and 72.  The 71 different

3    legal theories Apple asserted based on its claimed intellectual property right are listed in

4    the leftmost column of Schedule 1.

5    13. Schedule 1 also reflects the products Apple accused of infringing its intellectual property

6    rights in its initial complaint, filed on April 15, 2011 (Dkt. 0001), the amended complaint,

7    filed June 16, 2011 (Dkt. 0075), and its responses and amended responses to Interrogatory

8    Nos. 5, 70, 71, and 72, and Exhibit 20 to Apple's Infringement Contentions.  The 35

9    different Samsung products Apple accused of violating its claimed intellectual property

10    right are listed in the top row of Schedule 1.

11    14. To show which products were accused in connection with which legal theories and what

12    the outcome was, I used the letter codes described in Paragraph 11, above.

13    15. Apple's claim for unjust enrichment incorporated its trademark and trade dress legal

14    theories of Federal False Designation of Origin & Unfair Competition, Federal Trade

15    Dress Infringement, Federal Trademark Infringement, Federal Trade Dress Dilution,

16    Common Law Trademark Infringement, and Unfair Business Practices.  (Dkt. 0075)  The

17    number of disputed issues relating to Apple's claim for unjust enrichment therefore include

18    the disputed issues relating those six legal theories, and total 1,023 disputed issues of

19    liability.  The thirty-five letter codes listed in the row are included in the 1,023 total

20    disputed issues of liability relating to unjust enrichment.

21    16. To calculate the total number of discrete disputed issues of liability Apple raised, I totaled

22    the number of letter codes that correspond to Apple's assertions of particular legal theories

23    against particular Samsung products and added the unjust enrichment disputed issues

24    described in paragraph 16 above.  That total number is 2,471.  (*See* Schedule 1.) Of these

25    2,471 disputed issues of liability relating to its asserted intellectual property rights, Apple

26    dropped 2,309 before trial.  (Dkts. 0981, 1116, 1178, 1267, 1277, 1944.)

27

28

BARACH DECLARATION ISO SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR ATTORNEYS' FEES

*Samsung's Counterclaims and Affirmative Defenses Concerning Apple's Asserted Intellectual Property*

17. In Samsung' Answer, Affirmative Defenses, and Counterclaims to Apple's Amended Complaint (Dkt. 0080), Samsung identified counterclaims and affirmative defenses.  Only the four counterclaims and affirmative defenses concerning the invalidity and declaration of invalidity of Apple's intellectual property rights are included in Schedule 1—not Samsung's counterclaims related to its own intellectual property.

18. Samsung's two defenses and counterclaims concerning the invalidity of Apple's patents created disputed issues for each of the fifteen asserted Apple utility and design patents at issue.  Samsung's two defenses and counterclaims concerning the invalidity of Apple's trademarks and trade dress created disputed issues for each of the twenty-six asserted Apple trade dress and trademark rights.

19. To show which patents, trademarks or trade dress were accused in connection with which legal defenses and counterclaims and what the outcome was, I used the letter codes described in Paragraph 11, above.  To calculate the total number of discrete disputed issues of liability Samsung raised, I totaled the number of letter codes that correspond to Samsung's particular legal defenses or counterclaims against particular Apple intellectual property rights.  That total number is 41. (*See* Schedule 1.) Of these disputed issues of liability, 30 were dropped or withdrawn before trial.  (Dkts. 0981, 1277, 1944.)

20. Adding the totals of Paragraphs 16 and 19, yields a total of 2,512 disputed issues of liability relating to Apple's asserted intellectual property rights.

*Claims Concerning Trademark and Trade Dress*

21. Schedule 1 reflects the twenty-six legal theories specifically relating to trade dress and trade mark asserted in Apple's case against thirty phones and four tablets, as accused in its initial complaint, filed on April 15, 2011 (Dkt. 0001), the amended complaint, filed June 16, 2011 (Dkt. 0075), and its responses and amended responses to Interrogatory Nos. 5, 70, 71, and 72.

1

2

3

4

5

6

22. To calculate the total number of discrete disputed issues of liability relating to trade dress and trademark that Apple raised, I totaled the number of letter codes that correspond to Apple's assertions of trade dress and trademark legal theories against particular Samsung products.  That total number is 547.  (*See* Schedule 1) Of these 547 disputed issues of liability relating to its asserted trade dress and trademark rights, Apple dropped 489 before trial.  (Dkts. 0981, 1178, 1277, 1944.)

7

8

9

10

11

12

23. To calculate the total number of discrete disputed issues of liability relating to trade dress and trademark Samsung raised, I totaled the number of letter codes that correspond to Samsung's particular legal defenses or counterclaims against those particular Apple intellectual property rights.  That total number is 26. (*See* Schedule 1.)  Of these disputed issues of liability relating to Apple's case, 22 were dropped or withdrawn before trial. (Dkts. 0981, 1277, 1944.)

13

14

24. Adding the totals of Paragraphs 22 and 23, yields a total of 573 disputed issues of liability relating to all of Apple's asserted trade dress and trademark rights.

15

16

17

25.  The verdict reflects that the parties tried a total of 62 disputed trade dress and trademark liability issues to the jury, of which Apple prevailed at trial on 14 disputed issues of liability relating to the trademark and trade dress.  (Dkt. 1931.)

18

*Claims Concerning Dilution of Trade Dress*

19

20

26. Schedule 1 reflects the nine legal theories specifically relating to trade dress dilution that Apple asserted against nineteen phones and four tablets.

21

22

23

24

25

27. To calculate the total number of discrete disputed issues of liability relating to trade dress dilution Apple raised, I totaled the number of letter codes that correspond to Apple's assertions of dilution against particular Samsung products.  That total number is 135.  (*See* Schedule 1.)  Of these 135 disputed issues of liability relating to dilution of its asserted trade dress rights, Apple dropped 79 before trial.  (Dkts. 0981, 1178, 1277, 1944.)

26

27

28. To calculate the total number of discrete disputed issues of liability relating to trade dress dilution Samsung raised, I totaled the number of letter codes that correspond to Samsung's

28

Case No. 11-cv-01846-LHK

BARACH DECLARATION ISO SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR ATTORNEYS' FEES

CE

1    particular legal defenses or counterclaims against those particular Apple intellectual

2    property rights.  That total number is nine. (*See* Schedule 1.)  Of these disputed issues of

3    trade dress dilution liability relating to Apple's case, five were dropped or withdrawn

4    before trial.  (Dkts. 0981, 1277, 1944.)

5    29. Adding the totals of Paragraphs 27 and 28, yields a total of 144 disputed issues of liability

6    relating to dilution of Apple's asserted trade dress rights.

7    30.  The verdict reflects that the parties tried a total of 60 disputed trade dress dilution liability

8    issues against eighteen accused phones and two accused tablets.  (Dkt. 1931.)

9    31. Of the total disputed trade dress dilution liability issues tried to a jury, the verdict reflects

10    that 55 disputed issues of liability related specifically to phone trade dress. The jury

11    rejected Apple's  phone dress dilution claims for the "combination" iPhone trade dress,

12    which Apple asserted against 18 phones.  Of the two phone trade dresses the jury found

13    protectable, which were asserted against 17 phones, Apple lost on both as to 11 phones. It

14    prevailed as to the other six for both trade dress and it prevailed on both of Samsung's

15    counterclaims and affirmative defenses concerning he validity of these two trade dresses.

16    Thus, Apple prevailed on a total of 14 disputed issues of liability concerning dilution.

17    (Dkt. 1931.)

18 **Details Relating to Schedule 2**

19    32. To assist the Court in understanding the scope of the "phone design" portion of Apple's

20    case, for which Apple claims it is seeking to recover all of its fees incurred in connection

21    with phone design (Mot. at 8-13), I prepared Schedule 2.  Schedule 2 excerpts from

22    Schedule 1 the disputed liability issues for trade dress infringement, trade dress dilution,

23    design patent infringement, infringement of the trademarks for icons that that appear in

24    Apple's asserted phone trade dresses and D'305, D'334, D'790, and state law claims of

25    infringement, unfair business practices, and unjust enrichment.

26 *Apple's Affirmative Claims Concerning Its Asserted Phone Design Intellectual Property*

27    33. Apple's claim for unjust enrichment incorporated its trademark and trade dress legal

28

BARACH DECLARATION ISO SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR ATTORNEYS' FEES

1    theories of Federal False Designation of Origin & Unfair Competition, Federal Trade

2    Dress Infringement, Federal Trademark Infringement, Federal Trade Dress Dilution,

3    Common Law Trademark Infringement, and Unfair Business Practices.  (Dkt. 0075.)  The

4    number of disputed issues of liability relating to Apple's claim for unjust enrichment for

5    phone products therefore includes the disputed issues relating to those six legal theories

6    and total 903 disputed issues of liability. (*See* Schedule 2.)  The thirty-five letter codes

7    listed in the row are included in the 903 total disputed issues of unjust enrichment for

8    phone design.

9    34. To calculate the total number of discrete disputed issues of phone design liability Apple

10   raised, I totaled the number of letter codes that correspond to Apple's assertions of

11   particular legal theories against particular Samsung products and added the unjust

12   enrichment disputed issues described in paragraph 33 above.  That total number is 1,993.

13   (*See* Schedule 2.)  Of these 1,993 disputed issues of liability relating to the asserted design

14   related to its phones, Apple dropped 1,907 before trial.  (Dkts. 0981, 1116, 1178, 1277,

15   1944.)

16   *Samsung's Counterclaims and Affirmative Defenses Concerning Apple's Phone Design Asserted*

17   *Intellectual Property*

18   35. To calculate the total number of discrete disputed issues of liability Samsung raised, I

19   totaled the number of letter codes that correspond to Samsung's particular legal defenses or

20   counterclaims against particular Apple phone design intellectual property rights.  That total

21   number is 26.  (*See* Schedule 2.) Of these disputed issues of liability relating to Apple's

22   asserted intellectual property rights, 20 were dropped or withdrawn before trial.  (Dkts.

23   0981, 1277, 1944.)

24   36. Adding the totals of Paragraphs 34 and 35, yields a total of 2,019 disputed issues of

25   liability relating to Apple's asserted phone design intellectual property rights.

26   **Apple's Overall Degree of Success**

27   37. As described above and in reflected in Schedule 1, through its pleadings and discovery

28

1  responses Apple asserted multiple IP rights—eight trade marks, fourteen trade dresses,

2  eight utility patents, and seven design patents—against multiple Samsung products—

3  thirty-one phones and four tablets.

4  38. As described above and reflected in Schedule 1, Apple prevailed on 14 of the disputed

5  issues of liability relating to the Lanham Act tried to the jury.  These 14 issues represent

6  0.56% of the 2,512 disputed issues of liability raised through the parties' pleadings and

7  discovery responses in Apple's case.

8  39. As set forth in the above and reflected in Schedule 1, Apple prevailed on 14 of the issues

9  of liability relating to the Lanham Act.  These 14 issues represent 2.44% of the 573

10  disputed issues of liability relating to the Lanham Act (trademark infringement, trade dress

11  infringement, and trade dress dilution) raised through the parties' pleadings and discovery

12  responses in Apple's case.

13  40. As set forth in the above and reflected in Schedule 1, Apple prevailed on 14 of the 60

14  issues of liability  relating to trade dress dilution tried to the jury.  This is 23.33%.

15  41. As set forth in the above and reflected in Schedules 1 and 2, Apple prevailed on 45 of the

16  issues of liability  relating to "phone design."  These 45 issues represent 2.23% of the

17  2,019 disputed issues of liability raised in Apple's "phone design" portion of its case.

18

19  **II.    MATERIALS    SHOWING    FACTUAL    INACCURACIES    IN    APPLE'S**

20  **DOCUMENTATION**

21  **<u>Details Relating to Schedule 3</u>**

22  42. To facilitate the Court's review of Samsung's Objections to Apple's Motion for Fees, I

23  prepared the third attached schedule, attached as Exhibit 3, reflecting all witnesses deposed

24  in this action and in ITC Inv. No. 337-TA-796 ("ITC action") and the dates of deposition

25  based on my review of the parties' deposition transcripts and errata in this and the ITC

26  actions.    Schedule 3 reflects that 398 witnesses were deposed in both this action and the

27  ITC action.

28

43. Exhibit 4 is a true and correct copy of excerpts from the N.D. Cal. deposition transcript of Daniele De Iuliis on October 21, 2011, reflecting that Andrew Monarch defended his deposition in this action.

44. Exhibit 5 is a true and correct copy of excerpts from the ITC deposition transcript of Daniele De Iuliis on February 22, 2012, reflecting that Harold McElhinny defended his deposition in the ITC action.

45. Exhibit 6 is a true and correct copy of excerpts from the deposition transcript of Boris Teksler on July 27, 2012, reflecting that Mark Selwyn defended his deposition  in this action.

46. Exhibit 7 is a true and correct copy of excerpts from the ITC deposition transcript of Boris Teksler on March 16, 2012, reflecting that Erik Olson defended his deposition in the ITC action.

47. Exhibit 8 is a true and correct copy of excerpts from the deposition transcript of Christopher Prest on March 8, 2012, reflecting that Mark Danis defended his deposition  in this action.

48. Exhibit 9 is a true and correct copy of excerpts from the ITC deposition transcript of Christopher Prest on April 5, 2012, reflecting that Brooks Beard defended his deposition in the ITC action.

## III.   ADDITIONAL SUPPORT OF SAMSUNG'S OPPOSITION

49. To determine the number of times that variations of the word "dilute" were spoken by Apple's counsel or witnesses during the 2012 trial, I performed a pdf word search of the combined trial transcript using variations of the word "dilute."  Specifically, I searched for the root "dilut" and noted every instance where "dilute," "dilutes," "diluted," or "dilution" was used during witness examination.

50. Based on my review of the transcript, over ten days of testimony, Apple's attorneys and witnesses mentioned variations of the word "dilute" only 18 times during witness

BARACH DECLARATION ISO SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR ATTORNEYS' FEES

1    examination. (Dkt. 1610, 8/3/12 Tr. at 664:18-19 (Schiller, "dilutes"); Dkt. 1612, 8/7/2012

2    Tr. at 1497:21 (Winer, "dilution"), 1498:19-24 (Jacobs, "dilution"; Winer, "dilution"),

3    1507:11-16 (Jacobs, "dilution" and "dilution"), 1519:13-20 (Jacobs, "dilution" and

4    "dilute"; Winer, "dilution"), 1520:4 (Jacobs, "dilution"), 1521:16, 23 (Jacobs, "dilute";

5    Winer, "dilution"), 1528:19 (Jacobs, "dilute")*,* 1544:23 (Winer, "dilution"), 1568:15

6    (Jacobs, "dilution"), 1569:20 (Jacobs, "dilution"), 1570:4 (Jacobs, "dilution"); Dkt. 1695,

7    8/10/2012 Tr. at 1696:2 (Van Liere, "dilution").)

8    51. To determine the number of jury instructions related to trade dress dilution, I reviewed the

9    84 final jury instructions provided to the jury. (Dkt. 1903.)

10   52.  Based on my review of Dkt. 1903, eight jury instructions addressed trade dress dilution

11   specifically:  Final Jury Instruction Nos. 60-67.

12   53. To determine the number of experts retained by the parties regarding the three tried utility

13   patents, I reviewed the 2012 trial transcript.   At trial, Apple's retained expert Ravin

14   Balakrishnan testified about U.S. Patent No. 7,469,381 and Karan Singh testified about

15   U.S. Patent Nos. 7,844,915 and 864,163. (Dkt. 1695, 8/10/2012 Tr. at 1723:3:1769:11,

16   1815:10-1848:15.)

17   54. At trial, Samsung's retained expert Andries Van Dam testified about the invalidity of U.S.

18   Patent No. 7,469,381, and Stephen Gray testified about the invalidity of U.S. Patent Nos.

19   7,844,915 and 7,864,163. (Dkt. 1841, 8/15/2012 Tr. at 2845:13-2873:11, 2892:14-2924:5.)

20   55. Before trial, Apple dropped utility patent Nos. 7,812,828, 7,853,891, 7,663,607, 7,920,129,

21   and  6,493,002  (*See* Schedule 1), for which Apple and Samsung each retained an

22   additional two non-overlapping experts—Michel Maharbiz (U.S. Patent Nos. 7,663,607

23   and 7,920,129), Alex C. Snoeren (U.S. Patent No. 6,493,002), Trevor Darrell (invalidity of

24   U.S. Patents Nos. 6,493,002 and 7,853,891), and Brian Von Herzen (invalidity of U.S.

25   Patents Nos. 7,812,828, 7,663,607, and 7,920,129).   I reviewed the expert reports they

26   prepared to confirm their opinions addressed these patents.

27

28

1

2       I declare under penalty of perjury that the foregoing is true and correct.  Executed in

3 Redwood Shores, California on February 13, 2014.

4

5                                          */s/ Katharine F. Barach*
                                        Katharine F. Barach

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CE

**GENERAL ORDER ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document. I hereby attest pursuant to General Order 45.X.B. that concurrence in the electronic filing of this document has been obtained from Katharine F. Barach.


                                        /s/ Victoria F. Maroulis
                                       Victoria F. Maroulis

BARACH DECLARATION ISO SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR ATTORNEYS' FEES