HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (pro hac vice)
William.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

***Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants and Counterclaim-Plaintiffs. | CASE NO. 5:11-cv-01846-LHK<br><br>**MOTION FOR STAY OF THE COURT'S ORDER DENYING-IN-PART THE PARTIES' POST-TRIAL SEALING MOTIONS (DKT. NO. 2948)** |

**MOTION**

On February 7, 2014, this Court entered an order granting-in-part and denying-in-part the parties' post-trial sealing motions ("Order Denying Post-Trial Sealing Motions"). (Dkt. 2948.) Pursuant to Civil Local Rule 7-9, Apple Inc. ("Apple") is filing a Motion for Leave to File a Motion for Reconsideration of the Court's Order Denying Post-Trial Sealing Motions, and hereby moves for a stay of the Order Denying Post-Trial Sealing Motions, for the reasons set forth herein.

**RELIEF REQUESTED**

Apple seeks an order staying portions of the Court's Order Denying Post-Trial Sealing Motions pending the Court's resolution of Apple's Motion for Reconsideration of the Court's Order Denying Post-Trial Sealing Motions and respectfully requests that the Court stay its Order Denying Post-Trial Sealing Motions until the later of: (1) its ruling on Apple's Motion for Reconsideration, or (2) in the event that the Court denies Apple leave to file its Motion for Reconsideration, or grants leave but denies the Motion for Reconsideration, pending resolution of any appeal to the Federal Circuit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Apple submits this memorandum in support of its motion, pursuant to Rule 62(c) of the *Federal Rules of Civil Procedure*, to stay limited portions of the Court's Order Denying Post-Trial Sealing Motions until the later of: (1) its ruling on Apple's Motion for Reconsideration, or (2) in the event that the Court denies Apple leave to file its Motion for Reconsideration, or grants leave but denies the Motions for Reconsideration, pending resolution of any appeal to the Federal Circuit.

This limited stay is warranted because revealing Apple's highly confidential product-specific financial information—Apple's profit-per-phone and profit-per-tablet during the lost profits period for the damages retrial—would cause significant harm by granting competitors an unfair and unearned advantage in the marketplace.  Further, this injury would be immediate and irreparable, for "[s]ecrecy is a one-way street": once confidential information has been released to the public, it "cannot be made secret again."  *In re Copley Press, Inc. v. Ismael Highera-Guerrero*, 518 F.3d 1022, 1025 (9th Cir. 2008).  To require that this information be made public now would deprive Apple of any remedy.

There is no substantial countervailing public or private interest in immediate disclosure of this information.  Any legitimate public interest would suffer no harm by delaying release until Apple can clarify to the Court how the number of infringing sales of Samsung's smartphones and tablets combined with other information disclosed in this case will lead to the disclosure of Apple's profit-per-phone and profit-per-tablet during the lost profits period for the damages retrial.  Finally, this Court's prior rulings mandate both the grant of stay, and, ultimately, the grant of the parties' Motions for Reconsideration.

### FACTUAL STATEMENT

Samsung and Apple filed administrative motions to file under seal confidential information contained in or attached to various post-trial motions.  *See, e.g.,* Dkt. Nos. 2884, 2908, 2921, 2919.  On February 7, 2014, the Court granted-in-part and denied-in-part portions of

the parties' motions to seal. *See generally* Dkt. No. 2948 at 1-2. The court found that "Apple has not explained how it can logically maintain a claim of confidentiality over Samsung's sales data." *Id.* at 2. Apple's Motion for Reconsideration will clarify how the disclosure of the market share allocation of the number of infringing sales of Samsung smartphones and tablets in combination with Apple's damages claim will reveal Apple's profit-per-phone and profit-per-tablet during the lost profits period for the damages retrial.

## ARGUMENT

To obtain a stay, "a movant must establish a strong likelihood of success on the merits, or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor." *Merial Ltd. v. Cipla Ltd.*, 426 Fed. App'x 915, 915 (Fed. Cir. 2011) (unpublished)(citing *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987)). Although courts may also consider the impact of a stay on other parties and the public, the likelihood of success and irreparable injury prongs are the more important elements. *See, e.g.*, *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 449 Fed. App'x 35, 36 (Fed. Cir. 2011); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512-13 (Fed. Cir. 1990) ("When harm to applicant is great enough, a court will not require 'a strong showing' that applicant is 'likely to succeed on the merits.'").

Here, Apple has a strong likelihood of success, or at the very least a "substantial case." *Merial Ltd.*, 426 Fed. App'x at 915. The information in question here is subject to the "compelling reasons" standard for sealing, containing the type of information for which the Federal Circuit has already recognized that parties have a significant interest keeping secret. *See Apple Inc. v. Samsung Elecs Co., Ltd., et al.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (recognizing that parties have a significant interest in keeping detailed product-specific financial information secret because they could suffer competitive harm if this information is made public). Denial of a stay will unavoidably cause irreparable harm by forcing the release to the public of confidential information whose secrecy, once lost, cannot be restored. The public has little or no legitimate interest in access to confidential information, and to the extent it does, that interest will not be

meaningfully impaired by a delay in the information's release while this Court reviews the limited amount of information at issue. These factors weigh heavily in favor of a stay, which this Court should grant.

## I. THE PARTIES HAVE A STRONG LIKELIHOOD OF SUCCESS AND CERTAINLY A SUBSTANTIAL CASE ON THE MERITS

### A. The Confidential Information at Issue May Be Sealed Under The "Compelling Reasons" Standard.

The Federal Circuit has recognized that parties have a significant interest in keeping detailed product-specific financial information secret because they could suffer competitive harm if this information is made public. *Apple Inc. v. Samsung Elecs Co., Ltd., et al.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) ("[I]f Apple's and Samsung's suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components."). In fact Court has already granted Apple's motion to seal this same information during the damages retrial. (Trial Tr. vol. 3, 646:1-14 (sealing Apple exhibit 25G1).) When Apple disclosed this information to the jury during the damages retrial, it did so in a way designed to avoid disclosure to the general public in the courtroom or mention in the transcript.

Here, the information sought to be sealed was filed in support of a dispositive motion, *i.e.*, post-trial motion. Therefore, the "compelling reasons" standard applies. The information that would effectively be disclosed by the disclosure of the market share allocation of the number of infringing sales of Samsung smartphones and tablets —Apple's profit-per-phone and profit-per-tablet during the lost profits period for the damages retrial—is highly confidential Apple information. The disclosure of such information would be harmful for the reasons discussed in the Declaration of Mark Buckley in Support of Apple's Motion for Reconsideration.

4

Motion for Stay
Case No. 11-cv-01846-LHK (PSG)

### B. The Court Previously Ruled Under Similar Circumstances That a Stay While a Motion for Reconsideration Is Pending Is Proper.

As the Court has previously found under similar circumstances, stay of the Court's Order is appropriate to allow the Court time to consider and rule on the motion for reconsideration. Previously, the Court found that Exhibit 6 to the Pernick Declaration in Support of Apple's Motion to Strike Portions of Samsung's Expert Reports (Dkt. No. 939-04) contained third-party source code references that were "proprietary and therefore appropriately may be sealed" and invited Samsung to "move to seal narrowly tailored redactions of only the source code references." Dkt. No. 2222 at 24:17-20. In connection therewith, the Court granted a motion to stay its initial order denying sealing so that the parties could file renewed motions. Dkt. No. 2232 at 2:6-11 ("To the extent that Samsung seeks to stay the February 1 order with regards to the exhibits containing third-party source code until the court resolves its renewed motion to seal, the court finds that a stay is warranted. Source code involves proprietary information that the court already has found to be appropriate for a sealing request. Samsung's request to stay the February 1 order with regards to the exhibits with third-party source code references is GRANTED.").[1]

## II. THE BALANCE OF HARMS TILTS DECISIVELY IN APPLE'S FAVOR

Apple has, at the very least, established a substantial case on the merits; therefore, a stay is warranted. Conversely, the denial of a stay in this case would cause Apple immediate and irreparable harm, which would be sufficient to justify a stay even if the likelihood of success on the merits were relatively slight. *See Standard Havens Prods.,* 897 F.2d at 512. As the Court has previously observed, the harm allowing confidential information into the public domain is substantial, irreversible and irreparable: "When the information is publicly filed, what once may have been a trade secret will no longer be." Dkt. No. 2047 at 7:6-7.

---

[1] Additionally, in *Dynetix Design Solutions Inc. v. Synopsys Inc.*, Case No. 11-cv-05973 PSG, this Court stated that "Confidential source code is generally accepted to be proprietary and sealable." 2012 WL 6586372, at *1 (N.D. Cal. Dec. 17, 2012); *see also*, Dkt. No. 1649 at 8:18-20 ("[S]ource code is undoubtably[sic] a trade secret.")(internal quotation, citation omitted).

**CONCLUSION**

For the foregoing reasons, the Court should stay limited portions of the Order Denying Post-Trial Sealing Motions until the later of:  (1) its ruling on Apple's Motion for Reconsideration of the Court's Order Denying Post-Trial Sealing Motions, or (2) in the event that the Court denies Apple leave to file its Motion for Reconsideration, or grants leave but denies the Motion for Reconsideration, pending resolution of any appeal to the Federal Circuit.

Date: February 14, 2014          By:   */s/ Mark D. Selwyn*

                    Mark D. Selwyn (CA SBN 244180)
                    mark.selwyn@wilmerhale.com
                    WILMER CUTLER PICKERING
                      HALE AND DORR LLP
                    950 Page Mill Road
                    Palo Alto, CA 94304
                    Telephone: (650) 858-6000
                    Facsimile: (650) 858-6100

                    Attorney for Plaintiff and Counterclaim-Defendant APPLE INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on February 14, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

                                                             */s/* Mark D. Selwyn
                                                             Mark D. Selwyn