RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:     650-838-2000
Facsimile:      650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (*pro hac vice*)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:     404-881-7000
Facsimile:      404-881-7777

Attorneys for Non-Party
NOKIA CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.:  11-CV-01846-LHK (PSG)<br><br>**NOKIA CORPORATION'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

Nokia moves pursuant to Local Rule 37-4 and this Court's Orders of January 29, 2014 and February 6, 2014, for reimbursement of its fees and costs resulting from Samsung and Quinn Emanuel's Protective Order violations (Dkt. Nos. 2934, 2941).  Attached as exhibits in support of this motion are the Declaration of Randall Allen, a detailed listing of Nokia's fees and a detailed listing of Nokia's costs, all of which would have been "otherwise unnecessary" without, and which were "directly caused by," Samsung and Quinn Emanuel's violation of Federal Rule of Civil Procedure 37.  L.R. 37-4(b)(3).  Nokia requests $1,114,288.40 in fees and $82,274.86 in costs – a fraction of what Quinn Emanuel and Samsung have represented to the Court they have spent relating to their protective order violations.[1]

## I.  Introduction

On January 29, 2014, this Court found that Quinn Emanuel and Samsung had repeatedly violated the Protective Order in this case between March 23, 2012, and August 1, 2013 (Dkt. No. 2934 at 13-15). The sanctions for that conduct were public findings of wrongdoing and payment of Nokia and Apple's fees and costs to litigate Quinn Emanuel and Samsung's wrongdoing.  Inherently, the Order Granting Sanctions recognized that Nokia should not be made worse off than had Quinn Emanuel and Samsung's wrongful conduct never occurred.[2]

Quinn Emanuel now seeks to do just that.  By voluminous and spurious objections to Nokia's reasonable attorneys' fees, Quinn Emanuel attempts to minimize and even escape culpability for their wrongful conduct.[3]  The irony, of course, is that Nokia's fees and costs are largely a product of not only the original wrongful conduct, but also Quinn Emanuel and Samsung's scorched earth litigation strategy that endeavored to hide the truth about their disclosures from this Court and Nokia.  Nokia requests that the Court grant Nokia's fees and costs because they are reasonable both facially but also in the context of the importance of the dispute, the conduct of Quinn Emanuel and Samsung during the dispute, and

---

[1] This motion presents Nokia's fees and costs through January 31, 2014, and includes only fees and costs incurred by Nokia's outside counsel and not the additional substantial time and expense incurred by Nokia's in-house legal personnel. Nokia will supplement its submission to the extent requested by the Court.

[2] There is little question that Nokia was made worse off by Samsung's possession and use of Nokia confidential business information during ongoing license negotiations.

[3] This brief addresses the laundry list of objections Quinn Emanuel presented during the last meet-and-confer call.  Many of those objections appear to attack the reasonableness of this Court's January 29, 2014 Order, rather than the reasonableness fees and costs Nokia requested.

1   the fees and costs expended by Quinn Emanuel.  Lastly, Nokia has provided ample detailed evidence of

2   its fees and costs to support the requested award.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

## II.  Nokia's Reasonable Expenses Are Further Justified By Samsung's Own Fees

As this Court is aware, Nokia learned of these Protective Order violations during the course of a negotiation between Samsung and Nokia, on June 4, 2013 (Dkt. No. 2558-3 at 5-7).  While the details of those negotiations are also highly confidential to Nokia, the release of Nokia's CBI to the party with whom it was negotiating a major patent license raised very reasonable concerns within Nokia (630 Dkt. No. 647-1).  This Court need not revisit the merits of Quinn Emanuel's disclosures to understand that Nokia needed to engage in a very substantial effort in order to reasonably investigate the circumstances under which its confidential information had been disclosed to a competitor with whom it was concurrently negotiating, and that Nokia needed to seek remediation of the improperly disclosed information.  Following this Court's October 2, 2013 Order, Samsung and its counsel spared no expense or tactic in attempting to thwart Nokia's efforts to get to the truth.

Samsung's objection that Nokia's fees are unreasonable because they exceed Apple's is therefore misplaced.  These disclosures threatened a core aspect of Nokia's business: royalties for its large and fundamental telecommunications patent portfolio (Dkt. No. 765-1).  Furthermore, Nokia was alerted of these disclosures nearly two months before Apple (Dkt. No. 2934 at 17).  And shortly after learning about the disclosures Nokia brought them to the Court's attention on July 1, 2013, when it filed for a Protective Order to prevent further disclosure—still a month before Samsung notified Apple of these disclosures (Dkt. No. 2689 at 2).  Due to the immediate and ongoing threats Nokia faced because of these disclosures, as well as the two months during which it investigated these Protective Order violations before Apple was notified of them, comparing Nokia's fees to Apple's is not a sufficient basis for determining their reasonableness.

Quinn Emanuel's fees present a more appropriate comparison.  Quinn Emanuel represented to the Court that "the value of accrued attorney time through the end of the year for work in connection with the inadvertent disclosure issue will total approximately ***$9,000,000***" (Dkt. No. 2835-7 at ¶66 (Becher Decl. ISO Samsung's Response to Nov. 8, 2013 Order to Show Cause) (emphasis added)).  In addition to this attorney time, Stroz Friedberg billed $2,324,756.20 to Quinn Emanuel before November

2013 (Dkt No. 2835-11, ¶11(Kavanagh Decl ISO Response to Nov. 8, 2013 Order to Show Cause)).
Nokia's fees and costs thus represent less than **one tenth** of the amount spent by Quinn Emanuel and
Samsung.  Despite the extreme disparity in legal expenditures, the Court still found that Samsung and
Quinn Emanuel violated the Protective Order.  And a punishment for those violations is payment of
Nokia's reasonable fees and costs actually incurred.  To complain about the use of videographers or
other details in an attempt to avoid the natural and legitimate punishment for their conduct is offensive.

### III. Nokia's Reasonable Expenses Are Further Justified By Samsung's Litigiousness

Throughout these proceedings Nokia has sought out-of-court solutions.  Nokia only joined in the
proceedings to avoid being a mere bystander in Apple's litigation of this issue and to ensure Nokia's
access to potentially important information about what happened.   (*See* 630 Dkt. Nos. 679, 690, 697,
724, 730, 742).  When Apple filed for discovery and possible sanctions, Nokia had to choose between
being left behind and advocating for its interest—it chose the latter (Dkt. No. 2435).  Nokia did not
begin or unnecessarily expand this litigation.  When it did press for complete discovery, it was because
Samsung continually failed to comply with the discovery provisions of the Stipulated Order (*See* Dkt.
No. 2558-3) and produced only redacted documents when ordered to produce.[4]

In fact, Samsung's failure to comply with court-ordered discovery is typical of Samsung's
continual obfuscation and contentiousness in resolving this dispute—which has significantly increased
the costs of the litigation and Nokia's cost in particular.  First, after months of negotiation, Samsung
finally did enter into a Stipulated Order to address this issue with Nokia on October 2, 2013 (630 Dkt.
No. 785).  Then, Samsung twice *appealed* that Order – to which, again, Samsung had *stipulated* – first
five days after the Court entered it (630 Dkt. No. 790), and again several months later (630 Dkt. No.
1038).  Samsung moved on its own to expand discovery, despite having all of the evidence of its
violations in its possession (Dkt. No. 2609).  Samsung created unnecessary litigation by filing a brief on
privilege in camera in an attempt to shield the arguments it was making from Nokia (Dkt. No. 2757).

---

[4] Quinn Emanuel objects to Nokia's very few instances of submitted fees related to motions it did
not end up filing.  Nokia presumes Quinn Emanuel refers to Nokia's contemplated motion for
contempt to enforce the discovery provisions of the Stipulated Order, with related entries between
November 6 and 14, 2013 (Declaration of Randall L. Allen In Support of Nokia Corporation's Motion
for Attorneys' Fees ("Allen Decl."), Exh. 1).  However, it is not unreasonable to prepare for
anticipated needs, and much of the substance of that filing ended up in Nokia's related briefing in
support of sanctions (Dkt. No. 2836).

The Court reprimanded Samsung for that action and noted that it had previously "explicitly cautioned Samsung that it would not tolerate further undue efforts to deny Apple and Nokia's outside counsel access to the evidence at the center of this dispute" (Dkt. No. 2790).[5]

Finally, in the last meet and confer before this submission, Quinn Emanuel was not even willing to venture an *offer* to resolve the amount of reasonable fees under this Court's Order, which would have removed the need for these motions (Allen Decl., ¶ 5). Quinn Emanuel took the position that Nokia was not entitled to recover any fees or costs in part because Apple recently filed a document containing Nokia license terms before they were removed from the docket. Nokia's fees should not be discounted for having attempted out-of-court remedies before litigating.  Nor should Nokia be punished for the increased fees and costs from Quinn Emanuel's and Samsung's undue, litigation-multiplying efforts.

## IV.  Nokia's Requests Are Reasonable

Nokia's specific fee requests are reasonable.  Alston & Bird's fees in this matter are divided up into 1,341 unique entries (Allen Decl., Exh. 1.).  As it customarily does for Nokia, Alston & Bird, with few exceptions, broke up its entries into narrow, specific tasks.  More than half (687) of submitted entries are tasks of one hour or less.  The average entry is 2.0 hours, and the median entry is 1.0 hours.  Only 6.4% of Alston & Bird's entries (87) are for greater than 6.0 hours, and those entries generally reflect the day or two before quick-turnaround briefs or depositions. (Allen Decl., Exh. 1).

For example, on October 21, 2013 Nokia filed a brief and twenty-six exhibits (Dkt. No. 2558). This filing—which could well have been Nokia's last word on the issue in this Court—took place the Monday immediately after a week of depositions with concurrent (albeit limited) document production. Thus, between the first day of those depositions—October 15—and October 20, many members of Nokia's team worked a significant number of hours in single days (23 of the above mentioned 87 entries of greater than 6.0 hours occurred between October 15 and October 21) (Allen Decl., Exh. 1).  The few entries of Nokia's which involved a more that 6 hours resulted from circumstances like these.

Finally, Nokia's rates are less than those approved by this Court for other parties earlier in this

---

[5] These are the examples of contentious conduct just on the record.  While objecting to their own stipulated order and filing improper briefs, Quinn Emanuel sent Nokia's counsel 368 emails (almost two per day) on this matter, from 13 different Quinn Emanuel attorneys (Declaration of Ryan W. Koppelman in Support of Nokia Corporation's Motion for Attorneys' Fees ("Koppelman Decl.), ¶ 3 ).

litigation (Allen Decl., ¶¶ 9-44).  Alston & Bird's hourly attorney rates charged to Nokia in this matter ranged from $256 to $720 (Allen Decl., Exh. 1).  According to the Billing Survey recently relied on by this Court in measuring local hourly rates, the partners on this matter worked at a rate, on average, below the median rate for partners in the San Francisco area, as did the associates compared to their respective median (Dkt. No. 2123 at 14-16; Allen Decl., ¶¶ 9-44).[6]  In addition, Nokia's rates are either comparable or less than the hourly rates awarded by this Court earlier in this litigation (Dkt. No. 2123).

### V.  Nokia's Costs Are Reasonable

Nokia's costs, a fraction of its total fees and costs request, reflect standard costs in the industry. Though Quinn Emanuel now criticizes Nokia's costs, the reasonableness of those costs is reinforced by Quinn Emanuel's choices to stay at the same hotels, and to use the same deposition technologies. Attorneys from both parties stayed at the same hotels while attending depositions in Helsinki in late November (Allen Decl., ¶ 45).  Attorneys from both parties used the same or comparable deposition technologies, including real-time depositions (Koppelman Decl., ¶ 7).  Quinn Emanuel was apparently willing to charge its own clients for the same services it now dubs unreasonable because, in fact, these were reasonably incurred costs.

### VI. Conclusion

Nokia requests that the Court order Quinn Emanuel to reimburse Nokia's actual and reasonable fees and costs involved in litigating Quinn Emanuel and Samsung's violations of the Protective Order in this case. Nokia discovered these violations in a context which led it to take them extremely seriously, yet took steps to attempt an out-of-court resolution of the matter.  Once in court, Quinn Emanuel and Samsung's tactics have multiplied this litigation through delay and a consistent refusal to produce documents and information to Nokia.  Furthermore, Nokia's actual fees and costs mirror or are less than the industry standard for comparable work.  Nokia thus requests that the Court order reimbursement of Nokia for all of its work which would have been "otherwise unnecessary" but for, and which was "directly caused" by, Quinn Emanuel and Samsung's Rule 37 violations.  L.R. 37-4(b)(3).

---

[6] *Compare* Am. Intellectual Prop. L. Ass'n, 2011 Billing Survey at I-34, I-52 (median San Francisco rates, partners ($585); associates ($370)), *with* . Allen Decl., ¶¶ 9-44 (average rates, partners ($558.22 or $550.86 per hour worked), associates ($328.40 or $303.65 per hour worked).

1    February 17, 2014.

2                                                    *s/ Ryan W. Koppelman*
                                                     RANDALL L. ALLEN (Ca. Bar No. 264067)
3                                                    randall.allen@alston.com
                                                     RYAN W. KOPPELMAN (Ca. Bar No. 290704)
4                                                    ryan.koppelman@alston.com
                                                     ALSTON & BIRD LLP
5                                                    275 Middlefield Road, Suite 150
                                                     Menlo Park, CA 94025
6                                                    Telephone:     650-838-2000
                                                     Facsimile:     650-838-2001
7

8                                                    PATRICK J. FLINN (Ca. Bar No. 104423)
                                                     patrick.flinn@alston.com
9                                                    B. PARKER MILLER (*pro hac vice*)
                                                     parker.miller@alston.com
10                                                   ALSTON & BIRD LLP
                                                     1201 West Peachtree Street
11                                                   Atlanta, GA 30309
                                                     Telephone:     404-881-7000
12                                                   Facsimile:     404-881-7777

13

14                                                   *Attorneys for NOKIA CORPORATION*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:    650-838-2000
Facsimile:    650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (*pro hac vice*)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:    404-881-7000
Facsimile:    404-881-7777

Attorneys for Non-Party
NOKIA CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.:  11-CV-01846-LHK (PSG)<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on February 17, 2014, I electronically filed the foregoing **NOKIA CORPORATION'S MOTION FOR ATTORNEYS' FEES AND COSTS**, along with any and all exhibits attached thereto, with the Clerk of Court using the CM/ECF system which will automatically send email notification to the parties and counsel of record.  I also served by email unredacted copies of these documents on all counsel.

This 17th day of February, 2014.

By:    */s/ Ryan W. Koppelman*

Ryan W. Koppelman
ryan.koppelman@alston.com
(Ca. Bar No. 290704)
**ALSTON & BIRD LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:    650-838-2000
Facsimile:    650-838-2001

*Attorney for NOKIA CORPORATION*