RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:     650-838-2000
Facsimile:      650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (*pro hac vice*)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:     404-881-7000
Facsimile:      404-881-7777

Attorneys for NOKIA CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Defendants. | Case No.:  Case No.: 5:11-CV-01846-LHK (PSG)<br><br><br>**DECLARATION OF RANDALL L. ALLEN  IN SUPPORT OF NOKIA CORPORATION'S MOTION FOR ATTORNEYS' FEES** |

I, Randall L. Allen, declare as follows:

1. I am an attorney with the law firm of Alston & Bird LLP, counsel for Nokia Corporation ("Nokia") in the above-captioned action currently pending in the U.S. District Court for the Northern District of California. I am a member in good standing of the State Bars of California and Georgia and am admitted to practice before this Court. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify thereto.

2. Pursuant to Civil Local Rule 37-4(b), I submit this declaration in support of an award of attorneys' fees and costs on behalf of Nokia.

3. I have represented Nokia Corporation and its subsidiaries for over 20 years, appearing on their behalf in over 20 matters. Recently, I represented Nokia Corporation before this Court in *In re TFT-LCD Antitrust Multi-District Litigation*, Master File No. 3:07-md-1827.

4. From 2008-2011, I served as the Partner-In-Charge of Alston & Bird's Silicon Valley, California office. As such, I am familiar with the customary rates of private attorneys paid by clients for legal work in this Court.

5. On February 14, 2014, I, along with my colleague Parker Miller, met and conferred by phone with attorneys from Quinn Emanuel in an attempt to resolve the issues in this motion for attorneys' fees and costs. Two days earlier, Alston & Bird provided Quinn Emanuel with the same detailed list of its fees and costs as we now provide the Court (with a few minor edits). Quinn Emanuel listed its objections to all of Alston & Bird's fees and costs and was unwilling to make any offer towards a resolution of the amount of fees and costs appropriate under this Court's orders. Further, Quinn Emanuel was unable to say whether they would be prepared to make any offer of reasonable attorneys' fees prior to the filing of this motion. Quinn Emanuel has still not made any offer towards resolving the amount of fees and costs appropriate for reimbursement in this matter.

6. I have reviewed the time entries attached to my declaration and have conferred with each attorney who has worked on this matter. Each has affirmed to me that their time entries truly and accurately represent the time they spent on this matter and were made contemporaneously or nearly contemporaneously with the relevant events as is Alston & Bird's routine practice with respect to billing.

7.     Attached hereto as **Exhibit 1** is a true and correct accounting of the tasks each attorney has performed on this matter, in chronological order, that would not otherwise have been necessary but for Quinn Emanuel's and Samsung's violations of the Protective Order and the Stipulated Order, including a description of the task and the time associated therewith.  As the Court may note, Nokia's actual fees result from a client-specific discount.  Thus, Nokia's actual fees are less than the hourly rates described below.  Exhibit 1 also includes a true and correct accounting of the costs billed in association with this matter, in chronological order, that would not otherwise have been necessary but for Quinn Emanuel and Samsung's violations of the Protective Order and the Stipulated Order (630 Dtk. No. 785), including a description of the cost.

8.     Further, in reviewing the time entries for consideration by the Court, I have omitted those time entries that would have been done regardless of Samsung and Quinn Emanuel's violation of the Court's Protective Order.

9.     I have over 25 years of litigation experience and have practiced law throughout the United States.  I have appeared before four different United States Courts of Appeals and have argued before the Supreme Court of the United States.   I regularly appear as lead counsel before the International Chamber of Commerce and the American Arbitration Association.  I have consistently been recognized by third party publications for my achievements in antitrust and business litigation, including *Chambers USA: America's Leading Lawyers for Business*, *The Best Lawyers in America*, *Georgia Trend's* "Legal Elite," *Georgia Super Lawyers* and *California Super Lawyers*.  My hourly rate is $810, which is commensurate with the customary hourly rate for legal services throughout the country for work of similar complexity by an attorney with my experience.

10.    Within the attached Exhibit 1 is a true and correct accounting of the tasks I performed on this matter that would not otherwise have been necessary but for Quinn Emanuel's and Samsung's violations of the Protective Order and the Stipulated Order, including a description of the task and my time associated therewith.

11.    Patrick J. Flinn is a partner at Alston & Bird in the Intellectual Property Litigation Group.  Mr. Flinn has over 30 years of litigation experience in technology-based disputes with an emphasis on patent litigation.  He has represented Nokia Corporation for over 10 years.  He has been recognized for

his expertise by *Chambers USA* since 2006 and was recognized as the 2013 "Outstanding IP Litigator of the Year" in the state of Georgia by *Managing IP* and is the author of *Handbook of Intellectual Property Claims and Remedies*, updated annually since 1999. Mr. Flinn is admitted to practice law in Georgia and California and has been admitted *pro hac vice* in Delaware, New York, Pennsylvania, Texas, and Wisconsin, as well as other jurisdictions. Mr. Flinn's hourly rate is $900, which is commensurate with the customary hourly rate for legal services throughout the country for work of similar complexity by an attorney with his experience.

12.     Within Exhibit 1 is a true and correct accounting of the tasks Mr. Flinn performed on this matter that would not otherwise have been necessary but for Quinn Emanuel's and Samsung's violations of the Protective Order and the Stipulated Order, including a description of the task and Mr. Flinn's time associated therewith.

13.     Mark A. McCarty is a partner at Alston & Bird in the Litigation and Trial Practice Group. Mr. McCarty has been practicing law since 1996 and specializes in complex commercial and antitrust litigation, including world-wide litigation with respect to patent licensing and infringement activities. Mr. McCarty has represented Nokia on numerous occasions.  Prior to joining Alston & Bird, he served as general counsel for a broadband services provider and was previously the director of corporate accounting for a leading insurer.  Mr. McCarty's hourly rate is $630, which is commensurate with the customary hourly rate for legal services throughout the country for work of similar complexity by an attorney with his experience.

14.     Within Exhibit 1 is a true and correct accounting of the tasks Mr. McCarty performed on this matter that would not otherwise have been necessary but for Quinn Emanuel's and Samsung's violations of the Protective Order and the Stipulated Order, including a description of the task and Mr. McCarty's time associated therewith.

15.     M. Scott Stevens is a partner at Alston & Bird in the Intellectual Property Litigation group, and is a registered patent attorney.  Mr. Stevens has been practicing since 2003 and specializes in patent litigation involving technologies such as telecommunications, chemical processes, pharmaceuticals, cloud computing, and flash memory.  Mr. Stevens has appeared before various U.S. District Courts and before the U.S. Court of Appeals for the Federal Circuit.  Mr. Stevens' hourly rate is

1  $595, which is commensurate with the customary hourly rate for legal services throughout the country

2  for work of similar complexity by an attorney with his experience.

3      16.     Within Exhibit 1 is a true and correct accounting of the tasks Mr. Stevens performed on

4  this matter that would not otherwise have been necessary but for Quinn Emanuel's and Samsung's

5  violations of the Protective Order and the Stipulated Order, including a description of the task and Mr.

6  Stevens' time associated therewith.

7      17.     Ryan W. Koppelman is a partner at Alston & Bird in the Intellectual Property Litigation

8  Group. Mr. Koppelman has been practicing law since 2003 and specializes in patent litigation in

9  industries such as mobile, high-tech, finance, health, telecommunications, and plastics.  Mr. Koppelman

10  has been involved in more than 30 patent litigation matters, including several representing Nokia, in

11  jurisdictions across the country.  Mr. Koppelman is admitted to practice in California, Florida, Georgia,

12  and in front of the U.S. Patent and Trademark Office.  Mr. Koppelman's hourly rate is $595, which is

13  commensurate with the customary hourly rate for legal services throughout the country for work of

14  similar complexity by an attorney with his experience.

15      18.     Within Exhibit 1 is a true and correct accounting of the tasks Mr. Koppelman performed

16  on this matter that would not otherwise have been necessary but for Quinn Emanuel's and Samsung's

17  violations of the Protective Order and the Stipulated Order, including a description of the task and Mr.

18  Koppelman's time associated therewith.

19      19.     B. Parker Miller is a partner at Alston & Bird in the Litigation and Trial Practice Group.

20  Mr. Miller has been practicing law since 2002 and focuses on intellectual property licensing disputes and

21  antitrust litigation representing global technology and manufacturing clients.  Mr. Miller has extensive

22  experience in global enforcement of competition law.  Mr. Miller has appeared before numerous district

23  courts and arbitribal panels.  Mr. Miller is admitted to practice in Georgia.

24      20.     Within Exhibit 1 is a true and correct accounting of the tasks Mr. Miller performed on

25  this matter that would not otherwise have been necessary but for Quinn Emanuel's and Samsung's

26  violations of the Protective Order and the Stipulated Order, including a description of the task and Mr.

27  Miller's time associated therewith.

28

21.     Matthew D. Richardson is a partner at Alston & Bird in the Litigation and Trial Practice Group.  Mr. Richardson has been practicing law since 2002 and focuses on international and domestic arbitration and complex commercial litigation.  Mr. Richardson has represented companies in International Chamber of Commerce arbitrations around the globe, from New York, to Istanbul, Turkey and Geneva, Switzerland.  Mr. Richardson is a member in good standing of the State Bar of Georgia.  Mr. Richardson's hourly rate is $575, which is commensurate with the customary hourly rate for legal services throughout the country for work of similar complexity by an attorney with his experience.

22.     Within Exhibit 1 is a true and correct accounting of the tasks Mr. Richardson performed on this matter that would not otherwise have been necessary but for Quinn Emanuel's and Samsung's violations of the Protective Order and the Stipulated Order, including a description of the task and Mr. Richardson time associated therewith.

23.     Andrew J. Tuck is a senior associate at Alston & Bird in the Litigation and Trial Practice Group.  Mr. Tuck graduated from the University of Georgia Law School in 2006, where he served as executive notes editor of the *Georgia Law Review*.  After law school, Mr. Tuck spent two years as a law clerk—one year for the Honorable B. Avant Edenfield, United Stated District Court for the Southern District of Georgia, and one year for the Honorable Joel F. Dubina, Eleventh Circuit Court of Appeals.  Mr. Tuck's current practice focuses on appeals, class actions, and antitrust matters.  Mr. Tuck is a member in good standing of the State Bar of Georgia.  Mr. Tuck's hourly rate is $510, which is commensurate with the customary hourly rate charged for legal services throughout the country for work of similar complexity by an attorney with his experience.

24.     Within Exhibit 1 is a true and correct accounting of the tasks Mr. Tuck performed on this matter that would not otherwise have been necessary but for Quinn Emanuel's and Samsung's violations of the Protective Order and the Stipulated Order, including a description of the task and Mr. Tuck's time associated therewith.

25.     Matthew D. Justus is a senior associate at Alston & Bird in the Litigation and Trial Practice Group, where his practice focuses on disputes involving telecommunications clients, federal regulatory compliance issues, class action defense and appellate litigation.  Mr. Justus graduated from Harvard Law School in 2007, where he served as an editor for the *Harvard Journal on Legislation* and

the *Harvard Journal of Law & Technology*.  Mr. Justus has extensive experience with international standards-setting organizations, as well as in domestic and international arbitration.  Mr. Justus's hourly rate is $480, which is commensurate with the customary hourly rate charged for legal services throughout the country for work of similar complexity by an attorney with his experience.

26.    Within Exhibit 1 is a true and correct accounting of the tasks Mr. Justus performed on this matter that would not otherwise have been necessary but for Quinn Emanuel's and Samsung's violations of the Protective Order and the Stipulated Order, including a description of the task and Mr. Justus's time associated therewith.

27.    Byron R. Holz is a senior associate at Alston & Bird in the firm's Intellectual Property Litigation Group.  Mr. Holz graduated from the University of San Diego Law School in 2007 and is admitted to practice in front of Georgia courts and the U.S. Patent and Trademark Office.  Mr. Holz has worked on patent cases throughout the country, including in E.D. Texas, Delaware, N.D. California, New Jersey, W.D. Wisconsin and the International Trade Commission.  Before he entered private practice, Mr. Holz served as a law clerk to the Honorable Marilyn L. Huff at the United States District Court for the Southern District of California.  Mr. Holz's hourly rate is $450, which is commensurate with the customary hourly rate charged for legal services throughout the country for work of similar complexity by an attorney with his experience.

28.    Within Exhibit 1 is a true and correct accounting of the tasks Mr. Holz performed on this matter that would not otherwise have been necessary but for Quinn Emanuel's and Samsung's violations of the Protective Order and the Stipulated Order, including a description of the task and Mr. Holz's time associated therewith.

29.    Xavier M. Brandwajn is a senior associate at Alston & Bird in the firm's Intellectual Property Litigation Group.  Mr. Brandwajn graduated from the University of California, Hastings College of the Law in 2007.  Mr. Brandwajn's practice concentrates on high-stakes intellectual property litigation, especially for international clients and their U.S. subsidiaries, before both federal and state courts.  Mr. Brandwajn was named a "Rising Star" in 2012 by *Northern California Super Lawyers*.  Mr. Brandwajn's hourly rate is $555, which is commensurate with the customary hourly rate charged for legal services throughout the country for work of similar complexity by an attorney with his experience.

1    30.    Within Exhibit 1 is a true and correct accounting of the tasks Mr. Brandwajn performed

2    on this matter that would not otherwise have been necessary but for Quinn Emanuel's and Samsung's

3    violations of the Protective Order and the Stipulated Order, including a description of the task and Mr.

4    Brandwajn's time associated therewith.

5    31.    Alexander G. Brown is an associate at Alston & Bird in the Litigation and Trial Practice

6    Group.  Mr. Brown graduated with honors from the University of Texas School of Law in 2009, where

7    he served on the *Texas Environmental Law Journal*.  Mr. Brown's practice focuses on complex

8    commercial litigation, international intellectual property disputes over wireless technologies, and

9    privacy related matters including class actions and government investigations.  Mr. Brown is a member

10   in good standing of the State Bar of Georgia and has represented clients in state courts, federal courts

11   and the International Trade Commission.  Mr. Brown's hourly rate is $375, which is commensurate with

12   the customary hourly rate charged for legal services throughout the country for work of similar

13   complexity by an attorney with his experience.

14   32.    Within Exhibit 1 is a true and correct accounting of the tasks Mr. Brown performed on

15   this matter that would not otherwise have been necessary but for Quinn Emanuel's and Samsung's

16   violations of the Protective Order and the Stipulated Order, including a description of the task and Mr.

17   Brown's time associated therewith.

18   33.    Edward P. Bonapfel is an associate at Alston & Bird in the Litigation and Trial Practice

19   Group.  Mr. Bonapfel graduated cum laude from the Mercer University School of Law in 2009 and

20   holds an undergraduate degree in History from Davidson College.  Mr. Bonapfel has represented Nokia

21   in a variety of matters including appearing before this Court in *In re TFT-LCD Antitrust Multi-District*

22   *Litigation*, Master File No. 3:07-md-1827.  Mr. Bonapfel also represents clients in antitrust, complex

23   commercial contracts, and trade secrets litigation throughout the country.  Mr. Bonapfel is a member in

24   good standing of the State Bar of Georgia and has been admitted pro hac vice in California, Ohio,

25   Tennessee, and Texas.  Mr. Bonapfel's hourly rate is $425, which is commensurate with the customary

26   hourly rate charged for legal services throughout the country for work of similar complexity by an

27   attorney with his experience.

28

1    34.    Attached hereto as Exhibit 1 is a true and correct accounting of the tasks Mr. Bonapfel

2    performed on this matter that would not otherwise have been necessary but for Quinn Emanuel's and

3    Samsung's violations of the Protective Order and the Stipulated Order, including a description of the

4    task and Mr. Bonapfel's time associated therewith.

5    35.    Jonathan D. Parente is an associate at Alston & Bird in the litigation and trial practice

6    group.  Mr. Parente graduated from the University of Georgia School of Law in 2010, where he was

7    inducted into the Order of the Coif.  He joined the Firm after serving as a law clerk in the U.S. District

8    Court for the Southern District of Georgia and then in the U.S. Court of Appeals for the Eleventh

9    Circuit.   In addition to his work representing Nokia, Mr. Parente has experience with complex

10   commercial litigation, antitrust disputes, and state and federal class actions.  He is a member in good

11   standing of the State Bar of Georgia and is admitted to practice in all Georgia appellate courts as well as

12   all federal district courts in Georgia.  Mr. Parente's hourly rate is $330 which is commensurate with the

13   customary hourly rate charged for legal services throughout the country for work of similar complexity

14   by an attorney with his experience.

15   36.    Within Exhibit 1 is a true and correct accounting of the tasks Mr. Parente performed on

16   this matter that would not otherwise have been necessary but for Quinn Emanuel's and Samsung's

17   violations of the Protective Order and the Stipulated Order, including a description of the task and Mr.

18   Parente's time associated therewith.

19   37.    Alexander Wueste is an associate in Alston & Bird's Silicon Valley Office and practices

20   in the Intellectual Property Litigation Group.  Mr. Wueste graduated magna cum laude from the

21   University of California Hastings College of the Law, earning membership in the Thurston Society and

22   the Order of the Coif.  Mr. Wueste also holds an undergraduate degree in Political Science from the

23   University of California San Diego.  Mr. Wueste represents clients in patent, trade secrets, and

24   commercial contracts litigation in various state and federal courts as well as the International Trade

25   Commission.  Mr. Wueste is a member in good standing of the State Bar of California.  Mr. Wueste's

26   hourly rate is $320, which is commensurate with the customary hourly rate charged for legal services

27   throughout the country for work of similar complexity.

28

38.     Within Exhibit 1 is a true and correct accounting of the tasks Mr. Wueste performed on this matter that would not otherwise have been necessary but for Quinn Emanuel's and Samsung's violations of the Protective Order and the Stipulated Order, including a description of the task and Mr. Wueste's time associated therewith.

39.     Nicolas W. Steenland is an associate at Alston & Bird in the firm's Litigation & Trial Practice Group.  Mr. Steenland graduated from the University of Chicago Law School in 2013 and is a member in good standing of the State Bar of Georgia.  While in law school, Mr. Steenland served as Treasurer of the Chicago Law Foundation, and appeared and argued in federal court on behalf of an indigent client with the Federal Criminal Justice Clinic.  He received a B.A. in history, magna cum laude, from Emory University in 2009.  Mr. Steenland's hourly rate is $320, which is commensurate with the customary hourly rate charged for legal services throughout the country for work of similar complexity by an attorney with his experience.

40.     Within Exhibit 1 is a true and correct accounting of the tasks Mr. Steenland performed on this matter that would not otherwise have been necessary but for Quinn Emanuel's and Samsung's violations of the Protective Order and the Stipulated Order, including a description of the task and Mr. Steenland's time associated therewith.

41.     Timothy R. Watson is an associate at Alston & Bird in the intellectual property litigation group.  Mr. Watson graduated magna cum laude in May 2013 from Ohio State University Michael E. Moritz College of Law, where he is a member of the Order of the Coif, and is a member in good standing with the State Bar of California.  During law school, Mr. Watson served on the executive boards of the Ohio State Journal on Dispute Resolution and the Ohio State Public Interest Law Foundation.  Mr. Watson holds a degree in systems and control engineering from Case Western Reserve University, and he has related experience in factory operations and technical publishing.  Mr. Watson represents Nokia in a variety of matters, including before this Court in *In re Ex Parte Application of Nokia Corporation*, Case No. 5:13-mc-80217.  Mr. Watson's hourly rate is $330, which is commensurate with the customary hourly rate charged for legal services throughout the country for work of similar complexity.

42.    Within Exhibit 1 is a true and correct accounting of the tasks Mr. Watson performed on this matter that would not otherwise have been necessary but for Quinn Emanuel's and Samsung's violations of the Protective Order and the Stipulated Order, including a description of the task and Mr. Watson's time associated therewith.

43.    Jason A. Englund is a practice assistant at Alston & Bird in the firm's Litigation & Trial Practice Group.   Mr. Englund has over ten years of experience involving patent and trade secret litigation cases in both U.S. district courts and the U.S. International Trade Commission (ITC).  He has participated in all phases of trial involving complex litigation.  Mr. Englund's hourly rate is $245, which is commensurate with the customary hourly rate charged for legal services throughout the country for work of similar complexity by a legal support staff member with his experience.

44.    Within Exhibit 1 is a true and correct accounting of the tasks Mr. Englund performed on this matter that would not otherwise have been necessary but for Quinn Emanuel's and Samsung's violations of the Protective Order and the Stipulated Order, including a description of the task and Mr. Englund's time associated therewith.

45.    Pursuant to this Court's Order, Nokia arranged for the deposition of two of its employees in Helsinki, Finland, on November 25, 2013.  As part of those depositions, I and my colleague B. Parker Miller stayed at Hotel Kamp in Helsinki to prepare our clients, and participate in those depositions.  Ms. Rachel Herrick Kassabian and Mr. Mike Zeller of Quinn Emanuel stayed at the same hotel during their stay, for the same purpose.

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.**

Executed this 17th day of February, 2014, in Washington, D.C.

*/s/Randall L. Allen*

Randall L. Allen
Randall.allen@alston.com
(Ca. Bar No. 264067)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ALSTON & BIRD LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:      650-838-2000
Facsimile:      650-838-2001

*Attorneys for NOKIA CORPORATION*