1  RANDALL L. ALLEN (Ca. Bar No. 264067)
   randall.allen@alston.com
2  RYAN W. KOPPELMAN (Ca. Bar No. 290704)
   ryan.koppelman@alston.com
3  ALSTON & BIRD LLP
   275 Middlefield Road, Suite 150
4  Menlo Park, CA 94025
   Telephone:    650-838-2000
5  Facsimile:    650-838-2001

6  PATRICK J. FLINN (Ca. Bar No. 104423)
   patrick.flinn@alston.com
7  B. PARKER MILLER (*pro hac vice*)
   parker.miller@alston.com
8  ALSTON & BIRD LLP
   1201 West Peachtree Street
9  Atlanta, GA 30309
   Telephone:    404-881-7000
10 Facsimile:    404-881-7777

11 Attorneys for NOKIA CORPORATION

12                        UNITED STATES DISTRICT COURT

13                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                                  SAN JOSE DIVISION

15

16 | APPLE, INC., a California corporation,                    | Case No.: Case No.: 5:11-CV-01846-LHK (PSG)
17 |     Plaintiff,                                            |
18 | v.                                                         |
19 | SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG | **DECLARATION OF RYAN W. KOPPELMAN IN SUPPORT OF NOKIA CORPORATION'S MOTION FOR ATTORNEYS' FEES**
20 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG |
21 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, |
22 |                                                            |
23 |     Defendants.                                            |

I, Ryan W. Koppelman, declare as follows:

1.      I am an attorney with the law firm of Alston & Bird LLP, counsel for Nokia Corporation in the above-captioned action currently pending in the U.S. District Court for the Northern District of California.  I am a member in good standing of the State Bar of California and am admitted to practice before this Court.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify thereto.

2.      In relation to Quinn Emanuel and Samsung's protective order violations, I received at least 368 emails from 13 different Quinn Emanuel attorneys between July 2013 and the present.

3.      From September 6-27, 2013, I received 17 emails from 4 different members of Stroz Freidberg in relation to Stroz Friedberg's investigation of Quinn Emanuel and Samsung's Protective Order violations.

4.      From September 7-13, 2013, I travelled to Seoul, Korea and Suwon, Korea in order to work with Rob Becher from Quinn Emanuel and with 4 members of the Stroz Friedberg team on completion of the Stipulated Order.  Alston & Bird's first discussion with Quinn Emanuel after Quinn Emanuel and Stroz Freidberg developed a protocol for searching Samsung electronic files was on Wednesday, September 4, 2013.  We were also informed that Stroz Friedberg was planning to be in Korea on the following Monday to begin work.  We had very little time to discuss and resolve a number of issues related to the data collection that was to occur, including whether Stroz Friedberg would image the custodians' hard drives.  During our discussions with Mr. Becher, we discussed whether it was prudent for me to travel to Seoul and agreed that it would be helpful for me to be present to coordinate and address any issues that arose in the early stages of the data collection.  While I was in Korea, we had daily discussions about the scope of the process, and I participated in several in-person meetings in order to help facilitate the process, including meetings with Mr. Becher and several individuals from the Stroz Friedberg team.  I met with members of the Stroz Friedberg team almost every day I was there.  The Stipulated Order process was ultimately supposed to result in an independent log from Stroz Friedberg identifying the documents that disclosed or used Nokia's information, but Nokia has never received such log.  Instead, Samsung appealed the Stipulated Order (630 Dkt. No. 790) and, despite having that appeal denied (630 Dkt. No. 820), never produced the Stroz Friedberg work product.  Samsung instead filtered

Stroz Friedberg's work product through Quinn Emanuel. Costs incurred during this Korea trip include airfare, hotel room, taxi, and meals.

5. From October 14-18, 2013, Parker Miller, Patrick Flinn, and I—all partners at Alston & Bird—travelled to Los Angeles for the depositions of Samsung witnesses. The Samsung depositions were triple and double tracked that week which required several attorneys to cover the various depositions. Costs incurred included plane fare, hotel rooms, and cab fare.

6. It is my understanding that Samsung chose Los Angeles as the location for the October 2013 depositions, even though Apple sought to conduct them locally in Palo Alto, which is near my office in Menlo Park.

7. It is my understanding that attorneys from Alston & Bird and Quinn Emanuel used similar technology during depositions, including the use of Realtime or an equivalent technology by both parties during depositions of Samsung witnesses in Los Angeles and Nokia witnesses in Helsinki.

8. I attest that I received concurrence from Randall L. Allen to file with e-signature the contemporaneously filed Declaration of Randall L. Allen In Support of Nokia Corporation's Motion for Attorneys' Fees.

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.**

Executed this 17th day of February, 2014, in Menlo Park, California.

*/s/ Ryan W. Koppelman*

Ryan W. Koppelman
ryan.koppeman@alston.com
(Ca. Bar No. 290704)
**ALSTON & BIRD LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:    650-838-2000
Facsimile:    650-838-2001

*Attorneys for NOKIA CORPORATION*

DECLARATION OF RYAN W. KOPPELMAN IN SUPPORT OF NOKIA CORPORATION'S MOTION FOR ATTORNEYS' FEES      3      CASE NO.: 5:11-CV-01846-LHK (PSG)