WILMERHALE

February 17, 2014

William F. Lee

+1 617 526 6556 (t)
+1 617 526 5000 (f)
william.lee@wilmerhale.com

**SUBMITTED UNDER SEAL (UNREDACTED)**
<u>**VIA ELECTRONIC FILING**</u>

Hon. Paul S. Grewal
United States District Court for the
 Northern District of California
San Jose Division, Courtroom 5, 4th Floor
280 South 1st Street
San Jose, California  95113

Re:     <u>Apple Inc. v. Samsung Electronics et al., Case No. 11-cv-01846-LHK (PSG)</u>

Your Honor:

Apple respectfully submits this letter brief in response to the Court's February 6, 2014 Order re: Briefing on Amount of Sanctions (Docket No. 2941).[1]

In its Order Granting Motion for Sanctions dated January 29, 2014, the Court ordered the following remedy: "Quinn Emanuel *shall* reimburse Apple, Nokia, and their counsel for *any and all* costs and fees incurred in litigating this motion [the motion for sanctions] and the discovery associated with it, as required by Rule 37 in the absence of 'substantial justification' or other showing of 'harmlessness,' neither of which the Court finds here."  (Dkt. No. 2935, at 18 (emphasis added).)

Pursuant to Local Rule 37-4 and 54-5, Apple has provided Quinn Emanuel with documents and information supporting fees of $845,863 and costs of $59,920.  Among other things, Apple has provided Quinn Emanuel with (1) summaries of the services performed by each timekeeper for which fees are sought; (2) copies of the actual time entries corresponding to these services (Apple partially redacted approximately 10% of these time entries to avoid disclosure of privileged information); (3) copies of the actual invoices for all costs for which reimbursement is sought; and (4) the hourly rates of each timekeeper for whom fees are sought.

Apple is not aware of any documents or information sought by Quinn Emanuel about the fees and costs incurred by Apple that Apple has not provided.  We provided Quinn Emanuel, in

---

[1]     Apple understands that the Court wishes this submission to be limited to a "letter brief" of "up to five pages."  Accordingly, Apple is not submitting declarations or other exhibits with this letter.  Apple is prepared to provide declarations or any other substantiation requested by the Court.

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

ActiveUS 124089050v.2

WILMERHALE

February 17, 2014
Page 2

response to its request, the Excel spreadsheet from which the above fee amount was calculated, and asked Quinn Emanuel to notify us if it believed there were any mathematical errors; we did not receive a response.  The level of detail that Apple has provided regarding the services performed for which reimbursement is sought is at least equal to that ordered by the Court in connection with prior award of fees and costs.  (*See* Docket No. 1935 (requiring each attorney's billing rate and "a description or breakdown of the hours each attorney billed by task").)

Although the Court granted Apple "any and all costs and fees," Apple has not sought reimbursement for any of the following: (1) fees for ten WilmerHale timekeepers who billed less than $5,000; (2) more than $100,000 in fees related to issues relevant to both the sanctions motion in this case and ITC Investigation No. 337-794, which were recorded on a separate WilmerHale matter associated with the ITC Investigation; (3) costs for on-line legal research, copying, messenger services, and travel other than airfare and hotel; (4) more than $20,000 in fees for timekeepers from co-counsel at Morrison & Foerster; and (5) attorney travel time.  Apple has paid WilmerHale for most of the fees and costs for which reimbursement is sought; WilmerHale anticipates that Apple will pay the remainder in due course.

The fees for which Apple seeks reimbursement represent less than 10% of the attorney time that Quinn Emanuel claimed as of December 2, 2013 to have incurred in connection with the sanctions motion and associated discovery.  (*See* Docket No. 2835-5 [Samsung's Response to November 8, 2013 Order to Show Cause Why Sanctions Are Not Warranted], at 5 (claiming "approximately $9 million in attorney time").)  Nonetheless, we understand, based upon a February 14, 2014 meet and confer between Robert Becher of Quinn Emanuel and Mark Selwyn of WilmerHale, that Quinn Emanuel will challenge the fees and costs sought by Apple on a host of grounds, namely that (1) the fees purportedly include work that was "duplicative and unnecessary"; (2) [REDACTED]; (3) the request should be reduced based on Apple's purported "limited success"; and (4) Apple is not entitled to costs associated with videographers and the use of real time and ASCII at depositions, for taxis or meals, or for business class airfare.[2]  We address each in turn below.

1.      **The Fees Sought Are Fair and Were Reasonably Incurred.**

Apple expended significant attorney fees to protect its confidential information – the alternative was to leave that information circulating among hundreds of Samsung employees and

---

[2]      Quinn Emanuel also indicated it would object to the fee request based on lack of sufficiently detailed descriptions of services and "block billing."  Quinn Emanuel had not yet had an opportunity to review the line item detail of the services provided as of the time of the meet and confer.  We believe that the line item detail has mooted these objections.

WILMERHALE

February 17, 2014
Page 3

lawyers who improperly received it, but who were not identified by Samsung's and Quinn Emanuel's investigation. Samsung has indicated that it plans to challenge Apple's fees request on the basis that it encompasses "unnecessary" work and that the issue of Samsung's and Quinn Emanuel's Protective Order violations was "over-litigated." To date, Samsung has not identified which of Apple's detailed time entries Samsung contends reflect "unnecessary" work.[3]

Samsung cannot reasonably complain now about the expense to which Apple was put to uncover the full scope of the improper disclosures and the use of Apple's confidential licensing information. That expense was directly attributable to Samsung's and Quinn Emanuel's failure to conduct an adequate investigation of the protective order violations on their own, and Samsung's litigation strategy of fighting every Apple request for further information about those violations.

*First*, the Court has already found that Samsung's and Quinn Emanuel's own efforts to investigate the Protective Order violations were insufficient and left the most basic questions about the violations unanswered. *See, e.g.*, Dkt. 2483 (Oct. 2, 2013 Order) at 3-4 ("Counsel [for Samsung] further denied the need for any formal discovery into the matter, even though three months after the breach was brought to counsel's attention, Samsung is unable to provide evidence on even the most basic questions . . . ."); *id.* (recounting steps taken and planned to be taken by Samsung and Quinn Emanuel to investigate Protective Order violations, concluding "[t]his is insufficient," and ordering the discovery requested by Apple). Accordingly, Apple needed to seek the Court's intervention.

*Second*, Samsung's strategy of litigating every possible issue included many points that were not reasonably contestable. *See, e.g.*, *id.* at 3 ("In fact, despite acknowledging that many dozens of individuals at Samsung and its other counsel have knowledge of confidential license terms that they had no right to access, at yesterday's hearing, Samsung's counsel repeatedly denied even one violation of the protective order . . . ."). As a result, rather than proceeding expeditiously to a conclusion of the Court-ordered investigation into Samsung's and Quinn Emanuel's violations, Apple was required to litigate each issue fully. Samsung's attempt to blame Apple for the expense associated with this style of litigation should be rejected.

*Third*, in large part because of Samsung's and Quinn Emanuel's insufficient investigations, the Court ordered extensive briefing, deposition and document discovery, and hearings. Specifically, Apple submitted three supplemental briefs (Docket Nos. 2557, 2838, and 2873), participated in nine depositions, reviewed approximately 13,000 pages of documents and hundreds of pages of privilege logs produced by Samsung, and prepared for and attended three hearings—all in response to Court orders. The services were performed by WilmerHale with the

---

[3] If Samsung identifies in its February 17 letter brief, for the first time, any specific tasks or time entries it now claims were "unnecessary," Apple respectfully requests a fair opportunity to respond to the extent that the Court is inclined to credit Samsung's claims.

WilmerHale

February 17, 2014
Page 4

fewest number of timekeepers reasonable under the circumstances.  For example, of the nine depositions taken in connection with the sanctions proceeding, only one WilmerHale attorney was present at all but two of them.

     Apple's efforts in this regard were thus anything but "unnecessary."  To the contrary, they were instrumental in uncovering Samsung's and Quinn Emanuel's Protective Order violations.  For example, whereas Samsung and Quinn Emanuel identified only approximately 64 unauthorized recipients of Apple's confidential licensing information based on their own investigation, as a result of Apple's efforts and the resulting Court orders, at least an additional 150 unauthorized recipients were identified.  (Compare Dkt. 2374-5 (8/1/2013 Becher letter identifying approximately 64 recipients of confidential information) with Dkt. 2557-27 (showing over 220 recipients identified as of 10/21/13).)  Without these efforts, the Court never would have become aware of the full scope of Samsung's and Quinn Emanuel's Protective Order violations.



WILMERHALE

February 17, 2014
Page 5



3. **Given the Court Awarded Apple "Any and All Costs and Fees," and That the Court Granted Apple's Motion for Sanctions, There Is No Basis for Reducing the Fees and Costs Sought Based Upon Supposed "Limited Success."**

Although the Court's Order unambiguously awarded Apple "any and all costs and fees" incurred in litigating the sanctions motion and associated discovery, and the Court granted Apple's motion for sanctions, it appears that Samsung seeks to re-litigate the Court's remedy. Nothing in the Court's Order suggests that the fee and cost award should be reduced because the Court did not award Apple remedies other than fees and costs that it requested.

4. **The Challenged Costs Are Reasonable.**

Apple does not seek reimbursement of the cost for any expense that Samsung did not also find it necessary to incur in connection with the sanctions motion. For example, Samsung chose to videotape the depositions it took of Apple and Nokia witnesses, used real time at all depositions, and ordered ASCII files at the completion of each deposition. Apple also does not seek reimbursement of meals and taxis, or for any domestic business-class airfare.

ActiveUS 124089050v.2

WILMERHALE

February 17, 2014
Page 6

Respectfully submitted,

/s/ William F. Lee

William F. Lee