QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>SAMSUNG'S RESPONSE TO APPLE'S AMENDED BILL OF COSTS<br><br>Place:   Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh<br><br><br><br>**PUBLIC REDACTED VERSION** |

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND BACKGROUND ................................................................................... 1

I.  SAMSUNG'S RESPONSES TO APPLE'S AMENDED BILL OF COSTS AND SUPPLEMENTAL MATERIALS ..................................................................................... 3

    A.  Objections to Costs For Deposition Transcripts ....................................................... 3

    B.  Objections to Apple's Amended Request For Costs of Hearing And Trial Transcripts ................................................................................................................. 3

    C.  Objections to Apple's Amended Costs of Creating Exemplification Documents, Electronic Discovery and Other Items Claimed by Apple................... 4

        1.  Apple Should Not Recover the Cost of Developing Graphics and Demonstratives. ............................................................................................. 4

        2.  Apple Should Not Recover Costs Related to Electronic Discovery. ............ 5

    D.  Objections Related to the Costs for Interpreters ....................................................... 8

SUMMARY OF SAMSUNG'S OBJECTIONS TO APPLE'S BILL OF COSTS .......................... 8

CONCLUSION ................................................................................................................................ 11

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Allison v. Bank One-Denver*,
    289 F.3d 1223 (10th Cir. 2002)..............................................................................................5

*CBT Flint Partners, LLC v.   Return Path, Inc.*,
    737 F.3d 1320 (Fed. Cir. 2013)..............................................................................................5

*City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund, C 08-4575 SI*,
    2012 WL 177566 (N.D. Cal. Jan. 23, 2012) ......................................................................6, 8

*English v. Colo. Dep't of Corr.*,
    248 F.3d 1002 (10th Cir. 2001)..............................................................................................5

*In re Ricoh Co. Patent Litig.*,
    661 F.3d 1361 (Fed. Cir. 2011).......................................................................................4, 5, 7

*Romero v. City of Pomona*,
    883 F.2d 1418 (9th Cir. 1989)................................................................................................6

*Townsend v. Holman Consulting Corp.*,
    929 F.2d 1358 (9th Cir. 1990)................................................................................................6

**Statutes**

Local Rule 54-3(b) ........................................................................................................................6

Local Rule 54-3(d)(5)....................................................................................................................8

**INTRODUCTION AND BACKGROUND**

After Samsung analyzed Apple's Bill of Costs, met and conferred with Apple about its objections, and filed those objections, Apple – without seeking leave of Court or citing any authority justifying its submission – filed an Amended Bill of Costs in an attempt to correct some of the more egregious examples of its overreaching, and submitted additional materials that are both untimely and still fail to address Samsung's objections.   (Dkt. 2942, 2943.)   As part of its wasteful and inefficient approach, Apple's Amended Bill of Costs still seeks to have Samsung pay for the costs of discovery related to the 95% of claims that it initially asserted but it either dropped or lost on at trial.

To the extent that Apple's original Bill of Costs contained "inadvertent" mistakes caused by rushing to submit its papers, this urgency was entirely of Apple's own creation.   Both the Court and Samsung requested that Apple stipulate to postpone filing its Bill of Costs until after an appeal on the merits had been decided, or at least until after post-trial motions were completed. (Dkt. 2844 (11/19/13 Tr.) at 1418-1423.)   In open court, Apple represented that it would do this, but then filed its Bill of Costs on December 5, 2013, before post-trial motions had even been fully briefed.   *Id*. at 1419:9-18.   Now, under the auspices of "minimize[ing] the disputes between the parties" (Supp. Krevans Decl. ¶ 2), Apple's Amended Bill of Cost submission not only seeks to drop some of its egregious requests, but it also attempts to bolster its original submission with supplemental information.   Samsung does not object to the substance of Apple's agreement to "waive" certain costs Samsung had objected to, but Apple should not be allowed to freely supplement its submissions after having rejected the opportunity to stipulate to more time. Apple's inefficient approach should be weighed against awarding it any costs at all, particularly for those categories in which Apple, through its actions, now concedes its initial showing was deficient.

Even with its amended filings, Apple does not cure the defects of its original submission. The Amended Bill of Costs for $5,887,977.46 is still riddled with inconsistencies, and Apple still requests costs that are not taxable.   Apple's failure to fix these issues, despite their proverbial "second bite," while forcing Samsung to incur the cost of a second round of analysis of

1  voluminous documents, underscores why the Court should either defer making a decision on costs
2  until after an appeal on the merits has been completed, or order each side to bear its own costs.
3       If the Court does not defer its decision on costs or deny Apple's claims in full, the vast
4  majority of the costs that Apple seeks must still be denied.  (*See* Dkt. 2930 at 5-6.)  Apple still
5  seeks the costs of having almost every transcript in the case expedited in production, translators
6  for every foreign-language deposition in the case, creating every graphic or demonstrative it
7  prepared throughout the case, and every copy it made "for the convenience, preparation, research,
8  or records of counsel" as well as a "secure room" for storing and making available prototypes of
9  its phones, even though it could have kept them at the offices of its counsel, or its own offices, for
10  no cost at all.  (Dkt. 2853, 2854, 2943-3, 2943-18.)  These costs are not allowable, or are
11  otherwise unjustified by Apple's documentation.  All of them should be denied.
12       If Apple is awarded any costs now, the Court should exercise its discretion to apportion
13  any justified, taxable costs according to Apple's actual degree of success.  As described in
14  Samsung's Objections to Apple's Bill of Costs, Apple seeks costs it incurred not only for the 5%
15  of disputed issues of liability raised through the pleadings and discovery on which it prevailed at
16  trial, but also the 95% of disputed liability issues asserted in its pleadings and discovery responses
17  but dropped before trial or that Apple lost on at trial.  (Dkt. 2970 at ¶ 35.)  Therefore, any costs
18  awarded to Apple should be apportioned to reflect the percentage of disputed liability issues on
19  which it prevailed—5%.  (*Id.*; Dkt. 2930 at 9-11.)  After deducting costs that are not taxable or
20  not supported by Apple's documentation and apportioning costs that are actually taxable, the
21  maximum total amount that can be taxed for Apple is $41,031.20.[1]

---

[1] Apple's Amended Bill of Costs submissions do not purport to contain an independent and complete record supporting its Amended Bill of Costs, but instead purport to supplement and clarify certain parts of Apple's original submissions.  In response to this two-part approach, Samsung does not re-brief all of its objections, but addresses now only items changed since Apple's original Bill of Costs.  Samsung's original objections, which it maintains, except as explicitly set forth herein, were filed as Dkt. 2930.

I.  **SAMSUNG'S RESPONSES TO APPLE'S AMENDED BILL OF COSTS AND SUPPLEMENTAL MATERIALS**

   A.  **Objections to Costs For Deposition Transcripts**

Apple's Amended Bill of Costs reduces its claims for costs related to deposition transcripts from $739,110.46 to $700,955.21 because it no longer seeks its costs for expedited shipping and handling, *i.e.,* courier delivery as opposed to U.S. mail, and it has dropped its requests for the costs of deposition transcripts that it now plans to seek in connection with Judge Grewal's Sanctions order.   (Supp. Krevans Decl. ¶ 6; Supp. Selwyn Decl. ¶ 8. )

Apple's reduced amount continues to include $578,024.01 in general transcript, video and exhibit costs, and $122,931.20 in expedited transcription fees.   (Supp. Jenkins Decl. ¶ 3.)   As explained in Samsung's Objections to Apple's Bill of Costs, the costs for the expedited transcription of depositions are not taxable.   (Dkt. 2930 at 11.)   Therefore, the $122,931.20 Apple seeks for this cost should not be allowed.   As Samsung also previously explained, Apple's costs for transcripts should be apportioned to reflect the 5% of disputed issues of liability raised through the parties' pleadings and discovery responses that Apple prevailed on.   (*Id*. at 9-11.) Therefore, Apple's recoverable costs for deposition transcripts should be limited to no more than $28,901.20—5% of $578,024.01.

   B.  **Objections to Apple's Amended Request For Costs of Hearing And Trial Transcripts**

Apple's Amended Bill of Costs reduces its original request of $72,086.13 by $20,390.30 in costs for "realtime" reporting of trial transcripts and by an additional $1,436.50 in hearing transcripts that Apple will now request in its briefing related to Judge Grewal's Order regarding sanctions.   (Supp. Krevans Decl. ¶ 8; Supp. Selwyn Decl. ¶ 10.)

Apple's remaining requests for costs related to hearing and trial transcripts total $50,259.33.   (Supp. Krevans Decl. ¶ 9.)   As discussed in Samsung's Objections to Apple's Bill of Costs, Apple should not recover its costs for hearing transcripts under Local Rule 54-3(b). (Dkt. 2930 at 12-13.)   Nor should Apple should recover its costs for the expedited delivery or extra copies of trial transcripts.   (*Id*. at 13.)   Apple has not submitted any new invoices or declarations regarding what portion of the cost of each hearing and trial transcript cover

1 expediting, or how much of the cost is for a first or second copy of the transcript in addition to the

2 original.   (*See id.*)   Therefore, notwithstanding Apple's supplemented record, Samsung remains

3 unable to determine how much of each invoice can be ascribed to nontaxable extra fees, such as

4 fees for expedited service and fees for multiple copies.   Because Apple has again failed to meet

5 its burden of establishing that it is entitled to these costs, no costs should be taxed for trial and

6 hearing transcripts.   *See In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011).

7    **C.    Objections to Apple's Amended Costs of Creating Exemplification Documents, Electronic Discovery and Other Items Claimed by Apple.**

8

9    **1.    *Apple Should Not Recover the Cost of Developing Graphics and Demonstratives.***

10    Apple's Amended Bill of costs requests $1,582,387.02 for graphics and demonstratives—a

11 reduction of $ 1,451.25 from the original $1,583,838.27 due to admittedly unrecoverable costs that

12 Apple now says were inadvertently included in its original submission.   (Supp. Krevans Decl.

13 ¶¶ 11-12.)

14    Apple still fails to prove the remaining $1,582,387.02 is recoverable under the Local

15 Rules.   In its supplemental declarations, Apple claims that it spoke to its vendor and that certain

16 entries on the invoices that it submitted that were labeled "Services: Graphics Consulting:

17 Graphics Production" were for graphics production and not graphics consulting.   (Supp. Krevans

18 Decl. ¶ 13; Supp. Selwyn Decl. ¶ 12.)   Apple did not submit a declaration from its vendor

19 corroborating this, and it is unknown whether each individual employee who worked on graphics

20 for Apple remembers, one and a half years later, whether every single time entry that it made

21 under this category was completely exclusive of consulting time.   Further, Apple appears to

22 continue to seek costs for time entries labeled "Services: Graphics Consulting: Concepting."

23 (Dkt. 2853-20 at 43.)   Yet it fails to address Samsung's objections to their inclusion as apparent

24 nontaxable consulting, as opposed to production, time.   Likewise, Apple failed to explain or

25 remove its requests for costs that are related to "Cornerstone project- animation and graphics

26 design," "Videoshoot prep for NERA survey" and "Graphics production, standby," among other

27 similar descriptions that Samsung objected to in its Objections to Apple's Bill of Costs.   (Dkt.

28 2930 at 14-18.)

Apple still fails to show that the costs that it is claiming for graphics and demonstrative comport with Local Rule 54-3(d)(5), which only allows the taxation of these costs if they are "reasonably necessary to assist the jury or the Court in understanding the issues at trial." Because Apple does not meet its burden of "establish[ing] the amount of compensable costs and expenses to which it is entitled," it should not be awarded any of the graphics costs it seeks. *City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund*, C 08-4575 SI, 2012 WL 177566 at *1 (N.D. Cal. Jan. 23, 2012) (citing *Allison v. Bank One–Denver,* 289 F.3d 1223, 1248–49 (10th Cir. 2002)); *accord In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011) (citing *English v. Colo. Dep't of Corr.*, 248 F.3d 1002, 1013 (10th Cir. 2001)).

### 2. *Apple Should Not Recover Costs Related to Electronic Discovery.*

Apple's Amended Bill of Costs requests $1,486,475.01 for electronic discovery, a $292,126.84 reduction from its original request of $1,778,601.85.

To justify its $1,486,475.01 request, Apple submitted two additional exhibits containing invoices related to electronic discovery. (Amended Ex. B-5 to the Supp. Krevans Decl. and Amended Ex. E-3 to the Supp. Selwyn Decl.) These exhibits, which Apple could and should have submitted with its original Bill of Costs, show which of the thousands of line items on Apple's invoices that Apple is seeking to recover as costs. Apple's failure to submit these exhibits with its original Bill of Costs meant that it was impossible for Samsung to object to any specific line items because Apple had not identified which line items it was seeking to recover. The Court should not consider these untimely filed exhibits to support Apple's requests.

In any event, these additional submissions still do not sufficiently detail Apple's electronic discovery expenses to establish that they should be taxed. For instance, Apple seeks to recover costs for uploading documents to at least three different databases or websites, one titled "Samsung site," one titled "Samsung_Productions site" and one titled "Samsung-Offensive site." (*See, e.g.,* Amended Ex. B-5 to the Supp. Krevans Decl., Dkt. 2946 at 4, 23, 27.) Apple does not explain why it is requesting costs for the uploading of documents to different locations or justify the reasonableness of doing so. Costs for uploading documents to a database for "faster filtering, searching, and review" should not be taxed. *See CBT Flint Partners, LLC v. Return Path, Inc.*,

-5-

1  737 F.3d 1320, 1330 (Fed. Cir. 2013).   Since Apple has not shown that any of its uploading costs
2  are taxable, it does not meet its burden and none of these costs should be taxed.   *City of Alameda,*
3  *Cal. v. Nuveen Mun. High Income Opportunity Fund*, C 08-4575 SI, 2012 WL 177566 at *1 (N.D.
4  Cal. Jan. 23, 2012).
5        Apple's invoices also reflect entries for unexplained "Technical Time (per hour)" (Dkt.
6  2853-23 at 28, 38); "File Sorting for print, Hunt time for 'Missing Docs'" (*id*. at 14); "Duplicated"
7  CDs and DVDs (*id*. at 3, 7, 8, 15, 25, 26, 27, 29, 30, 31, 33-35, 36, 37, 57, 58-60, 70); "Database
8  Creation" (*id*. at 12, 13); and "Coordinating Files for OCR" (*id*. at 61.)   On their face, none of
9  these entries are taxable because they are not directly related to Apple's document production, but
10 are related instead to the "intellectual effort" involved in the production of documents; thus, they
11 cannot be taxed.   *Romero v. City of Pomona*, 883 F.2d 1418, 1427-28 (9th Cir. 1989), *abrogated*
12 *on other grounds*, *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1363 (9th Cir. 1990).
13 Additionally, Apple's Amended Bill of Costs includes charges that appear to be for fixing
14 mistakes committed by Apple's vendor.   For instance, Apple includes charges for "Load
15 Corrected txt" and "2nd Try" for the production of certain pages.   (Dkt. 2853-25, at 23, 123; 2946
16 at 23; 2946-2 at 43.)   Samsung should not have to pay for what appears to be Apple's vendors
17 own mistakes.

[Lines 18-27: redacted/blacked out text]

1    Apple's invoices are also rife with inconsistencies, containing different charges for the
2 same or similar line item descriptions.  ████████████████████████████████████████
3 ████████████████████████████████████████████████████████████████████████████████
4 ██████  ██████████████████████████████████████████████████████████████████████
5 ██████████████   Similar inconsistencies can be found at Amended Ex. B-5 to the
6 Supplemental Krevans Declaration at Dkt. 2946-5 at 3, 5, and 6.
7    Additionally, Apple seeks to recover thousands of dollars in fees for "rush" jobs related to
8 document uploads and production that Apple should not be able to recover.   (Dkt. 2946 at 23-24,
9 27; Dkt. 2946-2 at 2-5, 20-22, 41; Dkt. 2946-3 at 2-10; Dkt. 2946-5 at 4-7; Dkt. 2946-6 at 2-20;
10 Dkt. 2946-7 at 2-6; 30-42; 2946-8 at 2-3.)   Apple requested, and was granted, an expedited
11 schedule for both discovery and trial in this matter.   (Dkt. 83, 187.)   As the party who initiated
12 this action, Apple could anticipate which of its documents might be relevant and could have
13 prepared for document production in advance.   But Apple seeks to recover costs for "rush" job
14 invoices starting in September of 2011 and going through May of 2012, two full months after the
15 close of fact discovery.   (Amended Ex. B-5 to the Krevans Decl.; Amended Ex. E-3 to the
16 Selwyn Decl.)   Costs related to Apple's delay in document production and "rush" jobs are not
17 reasonable costs that should be shifted to Samsung.
18    Finally, despite submitting additional declarations and exhibits, Apple still fails to show
19 whether the costs that it is seeking for electronic discovery are related for processing documents
20 from Apple to be produced to Samsung, which are at least conceptually recoverable, or whether
21 they included the uploading and processing of Samsung's documents, which would not be taxable.
22 *See* Dkt. 2930 at 19-20; *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361,1368 (Fed. Cir. 2011).   At
23 least one of Apple's invoices suggests that Apple is seeking to recover costs related to documents
24 that were produced by Samsung.   That invoice, dated February 7, 2012, references the upload of
25 "SAMNDCA" documents.   (Amended Ex. B-5 to the Supp. Krevans Decl., Dkt. 2946-3 at 18.)
26 "SAMNDCA" is the Bates prefix used by Samsung, not Apple, in this case.   (*Compare, e.g.,* PX
27 91 *with* DX 511 (documents produced by Samsung in this matter begin with the prefix
28 SAMNDCA while documents produced by Apple begin with the prefix APLNDC).)   The

1  majority of Apple's invoice entries do not specify whether they relate to Apple or Samsung Bates
2  prefixes, making it impossible for Samsung to know how many other costs that Apple is seeking
3  are related to the upload of Samsung's documents.
4      Because Apple has still not met its burden of "establish[ing] the amount of compensable
5  costs and expenses to which it is entitled," it should not be awarded any of the electronic
6  discovery costs it seeks.   *City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund*,
7  C 08-4575 SI, 2012 WL 177566 at *1 (N.D. Cal. Jan. 23, 2012) (citing *Allison v. Bank One–*
8  *Denver,* 289 F.3d 1223, 1248–49 (10th Cir. 2002)); *accord In re Ricoh Co. Patent Litig.*, 661 F.3d
9  1361, 1367 (Fed. Cir. 2011) (citing *English v. Colo. Dep't of Corr.*, 248 F.3d 1002, 1013 (10th
10 Cir. 2001)); *see also* Dkt. 2930 at 19-20.
11     **D.**    **Objections Related to the Costs for Interpreters**
12     Apple's Amended Bill of Costs now seeks $282,500.00 for interpreters.    Apple reduced
13 its original request by $14,897.50 for the cost of interpreters that Apple now plans to seek in
14 connection with Judge Grewal's Order regarding sanctions.   (Supp. Selwyn Decl. at ¶ 17.)
15     As discussed in Samsung's Objections to Apple's Bill of Costs, Apple's request for costs
16 for trial interpreters should be denied, as the parties agreed to split the trial translator costs, and
17 Apple should not recover for its additional "check" interpreter.   (Dkt. 2930 at 22-23.)   Apple's
18 remaining interpreter costs should be apportioned in accordance with the percentage of claims on
19 which Apple prevailed at trial.   (*Id.*)   Therefore, the maximum amount that should be taxed for
20 interpreters is $12,130.00, which is 5% of Apple's costs for deposition interpreters and excludes
21 Apple's claims for trial interpreters.
22     **<u>SUMMARY OF SAMSUNG'S OBJECTIONS TO APPLE'S BILL OF COSTS</u>**
23     If the Court tax costs for Apple now, the chart below summarizes Samsung's objections to
24 Apple's Amended Bill of Costs and the maximum amount that could be taxed.
25
26
27
28

| Category of Costs | Amount Apple Now Seeks | Amount Samsung Objects to | Summary of Samsung's Objections | Maximum Taxable Amount |
|---|---|---|---|---|
| **Fees for printed or electronically recorded transcripts** | | | | |
| Deposition Transcripts and Videos | $578,024.01 | $549,122.81 | Depositions that are merely for discovery are not taxable; Any recoverable costs should be apportioned to be in line with Apple's success in the case; *see* Section I(A); Dkt. 2930 at 9-11. | $28,901.20 |
| Expedited Costs for Deposition Transcripts | $122,931.20 | $122,931.20 | Costs for expediting transcripts are not taxable; *see* Section I(A); Dkt. 2930 at 11. | $0.00 |
| Trial and Hearing Transcripts | $50,259.33 | $50,259.33 | Costs for hearing transcripts not necessary for appeal are not taxable; Costs of transcripts relating to the damages retrial should not be awarded; Any recoverable costs should be apportioned to be in line with Apple's success in the case. Expediting costs and costs for additional copies of transcripts are not taxable, Apple does not provide enough detail to tax costs for trial and hearing transcripts   *see* Section I(B); Dkt. 2930 at 12-13. | $0.00 |
| **Fees for exemplification and the costs of making copies** | | | | |
| Making Copies | $1,562,110.98 | $1,562,110.98 | Apple's Bill of Costs includes copying costs that are not allowed by law or the Local Rules; Apple does not provide enough detail to tax costs for making copies; Costs of copies relating to the damages retrial should not be awarded; Any recoverable costs should be apportioned to be in line with Apple's success in the case; *see* Dkt. 2930 at 14-16. | $0.00 |
| Purchasing Devices | $123,379.74 | $123,379.74 | Costs for purchasing devices are not recoverable; Apple did not take reasonable steps to reduce its costs; Any recoverable costs should be apportioned to be in | $0.00 |

| Category of Costs | Amount Apple Now Seeks | Amount Samsung Objects to | Summary of Samsung's Objections | Maximum Taxable Amount |
|---|---|---|---|---|
| | | | line with Apple's success in the case; *see* Dkt. 2930 at 16. | |
| Graphics and Demonstratives | $1,582,387.02 | $1,582,387.02 | Apple does not provide enough detail to tax costs for graphics or demonstratives; non-trial graphics are not taxable; consulting costs are not taxable; Costs of demonstratives relating to the damages retrial should not be awarded; Any recoverable costs should be apportioned to be in line with Apple's success in the case; *see* Section I(C)(1); Dkt. 2930 at 16-19. | $0.00 |
| Electronic Discovery | $1,486,475.01 | $1,486,475.01 | Apple does not provide enough detail to tax costs electronic discovery; Apple's Bill of Costs includes costs that are not allowed by law or the Local Rules; Apple cannot recover costs for electronic discovery produced in a different matter; Any recoverable costs should be apportioned to be in line with Apple's success in the case; *see* Section I(C)(2); Dkt. 2930 at 19-21. | $0.00 |
| Secure Room | $99,910.17 | $99,910.17 | Costs for a secure room are not taxable; Any recoverable costs should be apportioned to be in line with Apple's success in the case; *see* Section Dkt. 2930 at 21-22. | $0.00 |
| **Costs for Interpreters** | | | | |
| Interpreters | $282,500.00 | $270,370.00 | The parties' agreement to split cost of trial interpreter bars taxing Apple's portion of that cost; the cost of Apple's "check interpreter" at trial is not recoverable; Costs should be apportioned to be in line with Apple's success; *see* Section I(D); Dkt. 2930 at 22-23. | $12,130.00 |
| **Total** | **$5,887,977.46** | | | **$41,031.20** |

# CONCLUSION

For the reasons set forth above and in the interests of judicial economy, the Court should postpone the taxation of any costs in this matter until all appeals have been resolved. Alternatively, the Court should order that each party bears its own costs.  If the Court taxes costs for Apple now, the maximum amount that should be allowed is $41,031.20.

DATED: February 20, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Victoria F. Maroulis
Charles K. Verhoeven
Kathleen M. Sullivan
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC