| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> ERIK J. OLSON (CA SBN 175815) <br> ejolson@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 | WILLIAM F. LEE (*pro hac vice*) <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br>    HALE AND DORR LLP <br> 60 State Street <br> Boston, Massachusetts  02109 <br> Telephone:  (617) 526-6000 <br> Facsimile:  (617) 526-5000 <br><br> MARK D. SELWYN (CA SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br>    HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California  94304 <br> Telephone:  (650) 858-6000 <br> Facsimile:  (650) 858-6100 |

***Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.***

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff and Counterclaim-Defendant, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants and Counterclaim-Plaintiffs. | Case No. 11-cv-01846-LHK <br><br> **DECLARATION OF MARK BUCKLEY IN SUPPORT OF APPLE INC.'S MOTION FOR RECONSIDERATION OF ORDER DENYING-IN-PART THE PARTIES' POST-TRIAL SEALING MOTIONS (DKT. NO. 2948)** <br><br> **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

I, Mark Buckley, hereby declare as follows:

1. I am an employee of Apple Inc. ("Apple"), where I am employed as a Finance Manager. I submit this declaration in support of Apple Inc.'s Motion for Reconsideration of Order Denying-in-Part the Parties' Post-Trial Motions, in which Apple seeks to seal portions of Apple's Opposition to Samsung's Motion for Judgment as a Matter of Law ("Apple's Opposition"). I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts.

2. Apple seeks to seal the market share allocation of the number of infringing sales of Samsung smartphones and tablets disclosed in Apple's Opposition because the disclosure of this information in combination with Apple's damages claim will reveal Apple's product-specific financial information. Specifically, the disclosure of this information would effectively disclose Apple's profit-per-phone and profit-per-tablet during the lost profits period for the damages retrial.

3. Apple seeks to seal the number of units Julie Davis assigned to lost profits remedy not because they are confidential on their own, but because in combination with publicly available information, they allow calculation of Apple profit. ███████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ████████████████████████████████████ The Court granted Apple's motion to seal this exact information during the damages retrial. (*See* Trial Tr. vol. 3, 646:1-14 (sealing Apple

---

1

1  exhibit 25G1).)  When Apple disclosed this information to the jury during the damages retrial, it
2  did so in a way designed to avoid disclosure to the general public in the courtroom or mention in
3  the transcript.  (*See id.* 675:3-11 ("Q. Could you show the jury only, Mr. Lee, page -- PX 25G1,
4  page 2.  Ms. Davis, again, without saying the numbers out loud, can you show the jury where in
5  PX 25G1 they will see the actual numbers of smartphones and of tablets that you determined
6  Apple -- or the sales Apple would have made as a result of your market alternatives calculation .
7  . . .").)

8      4.    Apple has previously moved to seal such financial information.  (Dkt. No. 1499.)
9  Apple provided a detailed supporting declaration with its motion to seal trial exhibits from its
10 Vice President of Financial Planning and Analysis, Jim Bean. (Dkt. No. 1502).

11     5.    As Mr. Bean stated in his declaration, Apple goes to extensive lengths to protect
12 the confidentiality of its financial data, which is on par with source code from a confidentiality
13 perspective. (*Id.* ¶ 3.)  Margins, costs, and capacity information are among the most highly
14 confidential of Apple's financial documents.  (*Id.* ¶¶ 5, 8.)  Cost and profit/margin information
15 would give competitors a substantial and unfair advantage over Apple as competitors could tailor
16 product offerings and pricing to undercut Apple and determine exactly what price level would
17 make a given product unprofitable to Apple.  (*Id.*)  Suppliers with cost data could alter their
18 pricing on components that Apple uses.  (*Id.* ¶ 8.)  And profits or margins alone would allow
19 competitors to approximate cost.  (*Id.*)

20     6.    Product line information, i.e. financial details with information as to specific
21 versions of a given product, is also critically sensitive and valuable.  (*Id.* ¶ 7.)  Product line sales
22 and revenue information would allow competitors to see which products Apple has had success
23 with over what periods of time, and would allow those competitors insight into how much they
24 should invest in that specific area.  (*Id.*)

25     7.    The product-specific financial information that Apple seeks to prevent from being
26 disclosed described above is of the same type that Mr. Bean discussed extensively in his

1  declaration. If this information were disclosed, it would be an unfair boon to Apple's
2  competitors, and would harm Apple's competitive standing. (*See id.*)
3      8.   The relief requested by Apple is necessary and narrowly tailored to protect
4  confidential information regarding trade secret information pertaining to the accused Apple
5  products.
6      9.   I declare under the penalty of perjury that the foregoing is true and correct to the
7  best of my knowledge and that this Declaration was executed this 14th day of February, 2014, in
8  Sunnyvale, California.

Dated:  February 14, 2014                */s/ Mark Buckley*
                                         Mark Buckley

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on February 14, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ Mark. D Selwyn
Mark D. Selwyn

**ATTESTATION OF E-FILED SIGNATURE**

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45 X.B., I hereby attest that Mark Buckley has concurred in this filing.

Dated: February 14, 2014

*/s/ Mark D. Selwyn*
Mark D. Selwyn