UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,                     )<br>                                                                          )<br>                          Plaintiff,                              )<br>         v.                                                           )<br>                                                                          )<br>SAMSUNG ELECTRONICS CO., LTD., A      )<br>Korean corporation; SAMSUNG                        )<br>ELECTRONICS AMERICA, INC., a New York )<br>corporation; SAMSUNG                                    )<br>TELECOMMUNICATIONS AMERICA, LLC, )<br>a Delaware limited liability company,             )<br>                                                                          )<br>                          Defendants.                         )<br>                                                                          ) | Case No.: 11-CV-01846-LHK<br><br>ORDER GRANTING APPLE'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND ADMINISTRATIVE MOTION TO SEAL; DENYING MOTION FOR RECONSIDERATION |

On February 7, 2014, this Court denied in part Apple's administrative motion to file under seal portions of Apple's opposition to Samsung's motion for judgment as a matter of law. *See* Dkt. 2948 ("JMOL Sealing Order") at 2. Apple now moves for leave to file a motion for reconsideration of that order. (Dkt. 2956-3.) Samsung does not oppose Apple's motion for leave. Apple attached its motion for reconsideration to its motion for leave, and it also filed an administrative motion to seal a portion of the supporting material. (Dkt. 2956.) Having considered the motions and supporting material, the Court GRANTS Apple's motion for leave to file and GRANTS Apple's administrative motion to file the declaration in support of Apple's motion for reconsideration under seal, but, for the reasons stated below, the Court DENIES Apple's motion for reconsideration.

1

Case No.: 11-CV-01846-LHK
ORDER DENYING APPLE'S MOTION FOR RECONSIDERATION

Apple seeks to keep confidential the total number of sales of Samsung smartphones and tablets that Apple's expert used to calculate Apple's lost profits in this case. In denying Apple's original request to seal this information, the Court noted that "Apple ha[d] not explained how it can logically maintain a claim of confidentiality over Samsung's sales data." JMOL Sealing Order at 2. In support of its motion for reconsideration, Apple now submits a declaration from an Apple Finance Manager who explains how Samsung's per-product sales numbers can be used to determine Apple's profit per phone and profit per tablet during the lost profits period of the damages retrial. (Dkt. 2956-6 ¶ 3.) Apple contends that it "goes to extensive lengths to protect the confidentiality of [such] financial data," *id.* ¶ 5, and that "[i]f this information were disclosed, it would be an unfair boon to Apple's competitors, and would harm Apple's competitive standing," *id.* ¶ 7.

The Court concludes that Apple's claim of confidentiality is not credible. Apple already filed the very same information that Apple now seeks to seal on the public docket prior to the damages retrial. *See* Dkt. 2605-6, Exhibits 17.2-PT-J, 17.2-PT-K. Apple filed this document on October 29, 2013, with Apple's proposed redactions, which this Court approved. *See* Dkt. 2575 at 16. Yet Apple did not seek to redact the very figures now at issue. Apple did redact other figures in the same exhibits, and for that reason Apple's oral request to have the entire exhibits sealed at the retrial was reasonable, if slightly overbroad. *See* Dkt. 2840 at 646:1-14. But Apple already decided to reveal the specific figures in Apple's opposition brief that Apple now seeks to seal. That request goes too far. Moreover, the ultimate information Apple seeks to protect—Apple's profits per product for a six-week period in the first half of 2011—goes to the heart of its claim for lost per-product profit damages in this case. Finally, the Court notes that Samsung is not seeking to keep these Samsung sales numbers confidential.

In light of Apple's prior public disclosure of this information and the information's central role in Apple's claim for damages, the Court finds that Apple has not established that "'compelling reasons' sufficient to outweigh the public's interest in disclosure" justify keeping Samsung's sales information under seal. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Accordingly, Apple's motion for reconsideration is DENIED.

As to Apple's administrative motion to seal the declaration in support of Apple's motion for reconsideration, the Court agrees with Apple that the portion of the material Apple seeks to seal "provides a precise roadmap on how to combine the information at issue with public information in order to reveal product-specific financial information." Dkt. 2956-1 ("Selwyn Decl.") ¶ 2. Because Apple's motion for reconsideration is a non-dispositive order, the Court applies a less exacting, "good cause" standard to Apple's present motion to seal. *See Kamakana*, 447 F.3d at 1179-80. Because the "precise roadmap" to Apple's profits per product is not otherwise available to the public, the Court concludes that Apple has "good cause" to maintain the confidentiality of the cited portion of Apple's motion for reconsideration. Accordingly, Apple's administrative motion to seal is GRANTED.[1]

**IT IS SO ORDERED.**

Dated: February 25, 2014

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

---

[1] Apple also filed a motion to stay the Court's order denying in part the parties' post-trial sealing motions. *See* Dkt. 2955. Because the Court is now denying Apple's motion for reconsideration, the Court DENIES as moot Apple's motion to stay.