1
RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
2
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
3
XAVIER M. BRANDWAJN (Ca. Bar No. 246218)
Xavier.brandwajn@alston.com
4
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
5
Menlo Park, CA 94025
Telephone:     650-838-2000
6
Facsimile:     650-838-2001

7
PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
8
B. PARKER MILLER (pro hac vice)
parker.miller@alston.com
9
ALSTON & BIRD LLP
1201 West Peachtree Street
10
Atlanta, GA 30309
Telephone:     404-881-7000
11
Facsimile:     404-881-7777

12
Attorneys for NOKIA CORPORATION

13
UNITED STATES DISTRICT COURT

14
NORTHERN DISTRICT OF CALIFORNIA

15
SAN JOSE DIVISION

16

17
APPLE, INC., a California corporation,

Plaintiff,
18

v.
19

SAMSUNG ELECTRONICS CO., LTD., a
20
Korean corporation, SAMSUNG ELECTRONICS
AMERICA, INC., a New York corporation;
21
SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC, a Delaware limited liability
22
company,

23
Defendants.

24

Case No.:  5:11-CV-01846-LHK (PSG)

**NOTICE OF MOTION AND
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF NOKIA
CORPORATION'S MOTION TO
COMPEL INFORMATION FOR
REMEDIATION**

**Date:        April 1, 2014**
**Time:        10:00 a.m.**
**Judge:       Hon. Paul S. Grewal**
**Ctrm:        5, 4th Floor**

25

26

27

28

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on April 1, 2014, at 10:00 a.m., or as soon thereafter as this matter may be heard in the above entitled Court, located at 280 South 1st Street, San Jose, CA 95113, Nokia Corporation ("Nokia") will and hereby does move the Court under Federal Rule of Civil Procedure 37 to compel the production of the below documents and information from Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung").

From the first day of this dispute and through the ensuing "circus" (as the Court called it), Nokia's primary focus has been to determine what actually happened and then remediate the improperly disseminated Nokia-Apple license terms. At present, the astounding fact is that Nokia has little more information and certainty about the proper scope of the dissemination and likely effectiveness of any remediation than it had at the beginning. Samsung and Quinn Emanuel continue to demand that Nokia consent to a very narrow, and almost certainly insufficient, plan to remove Nokia's confidential business information ("CBI") from Samsung's possession. Once again, Nokia is forced to ask this Court to intervene. Nokia's request is simple—compel Samsung to produce basic information about where Nokia's CBI resides, including the information that Samsung agreed to provide in stipulating to this Court's October 2, 2013 Order—an order that remains in effect and governs this process.

The October 2, 2013 Stipulated Order required Samsung and Quinn Emanuel to produce a log prepared by independent e-discovery firm Stroz Friedberg identifying all instances in which Nokia's CBI was improperly disseminated or disclosed (630 Dkt. No. 785 at 3-4). This log was intended to identify the full scope of the improper disclosures so that Samsung and Nokia would have sufficient information to complete remediation (*Id.* at 5). Samsung and Quinn Emanuel refuse to produce this independent log in violation of the October 2, 2013 Stipulated Order, denying Nokia the negotiated and independent basis required to properly delineate the scope of improper disclosures and structure remediation procedures.

Further, this Court ordered Samsung to produce documents related to the scope of Samsung's

NOTICE OF MOTION AND MEMO OF POINTS AND AUTHORITIES
ISO NOKIA'S MOTION TO COMPEL INFORMATION FOR
REMEDIATION

1

CASE NO.:  5:11-CV-01846-LHK (PSG)

1    use of Nokia CBI in multiple orders (Dkt. No. 2483 at 5; 630 Dkt. No. 785 at 3-4).  Samsung has

2    refused to produce the documents, asserting blanket privilege claims.  This Court has already held

3    that privilege for many of the documents has been waived (Dkt. No. 2934 at 4 n. 13).  The Court

4    should compel Samsung to at least produce documents that the Court has already held are not

5    privileged or for which privilege has been waived.[1]  Without complete access to the documents and

6    information constituting and otherwise identifying these disclosures, Nokia is unable to

7    knowledgeably construct remediation procedures that will ensure its CBI is removed from all

8    improper sources and fully protected from further dissemination.  Therefore, Nokia moves the Court

9    to compel Samsung to produce these documents.

10          Pursuant to Fed. R. Civ. P. 26(c)(1) and Local Rule 37-1(a), Nokia certifies that it has met

11   and conferred in good faith with Samsung's counsel in an effort to resolve the dispute without court

12   involvement, but was unable to reach an agreement.  Counsel for Nokia and counsel for Samsung

13   met and conferred by telephone and through email on February 6, 11, and 18, 2014.

---

[1] In its January 29, 2014 Order Granting Motion for Sanctions, this Court declared: "Because Samsung offered to turn over the vast majority of the documents cited in this order, the court finds that privilege has been waived as to those documents.  As to all other documents cited, the court finds the portions discussed in this order are not privileged" (Dkt. No. 2934 at 4 n. 13).

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3       Nokia's primary objective and the sole reason for its involvement in this litigation has always

4  been to discover the full scope of Samsung's and Quinn Emanuel's improper disclosures of its CBI

5  and to implement appropriate remediation procedures.  Throughout Nokia's participation in this

6  case, Samsung has refused to provide Nokia with basic information and court-ordered documents

7  necessary to meaningfully participate in any discussion about suitable remediation procedures.

8  Samsung has yet to produce any documents to Nokia that have not been completely redacted.

9  Samsung has not even produced a redacted version of the Teece Report.  While this Court recently

10  issued sanctions after inviting briefing on the subject via a Show Cause Order, these sanctions are

11  merely a by-product of the parties' efforts to discover the extent of the disclosures, and cannot

12  substitute for the actual documents and information that show where and to whom Nokia's CBI was

13  improperly distributed, how it was distributed, and where it remains in Samsung's possession.

14  Proper and complete remediation can only occur if Samsung provides Nokia with sufficient

15  information and documents to understand the scope of the improper disclosures.

16       Sufficient information consists of *at least* the documents which the Court cited in its

17  Sanctions Order and which the Court found were not privileged or for which privilege was waived

18  (Dkt. No. 2934 at 4 n. 13).  In addition, Samsung should be compelled to produce the independent

19  Stroz Friedberg log (the "Stipulated Log" or "Stroz Friedberg Log") required by the October 2, 2013

20  Stipulated Order, charting all instances in which Nokia's CBI was disseminated or in which the CBI

21  was referenced or used in any documents by Samsung Employees (630 Dkt. No. 785 at 3-4).  The

22  Court has ordered Samsung to produce both of these categories of documents and has already found

23  that privilege does not apply or has been waived (Dkt. No. 2934 at 4 n. 13).  These documents

24  represent the minimum amount of information necessary for Nokia to understand the scope of the

25  improper disclosures and to fashion appropriate remediation.

26       To date, Samsung and Quinn Emanuel have offered only to delete copies of the Teece Report

27  and ITC brief and any documents which attach them.  Samsung and Quinn Emanuel have refused to

28

MEMO OF POINTS AND AUTHORITIES ISO NOKIA'S MOTION TO
COMPEL INFORMATION FOR REMEDIATION

1

CASE NO.:  5:11-CV-01846-LHK (PSG)

1    search for or remove any additional documents containing Nokia's CBI but which do not attach the

2    Teece Report or the ITC brief.   Without ever actually seeing the documents containing or

3    referencing Nokia's CBI, Nokia cannot know what needs to be remediated or how remediation

4    should take place.   The Court should therefore order Samsung to produce information sufficient to

5    allow Nokia to agree to proper remediation, including but not limited to all the documents for which

6    privilege has been waived and the independent Stroz Friedberg Log.[2]

7    **II.     BACKGROUND**

8        On July 1, 2013, and in response to the discovery that its CBI had been improperly disclosed

9    to unauthorized Samsung personnel, Nokia filed a motion for a protective order in this Court (630

10   Dkt. No. 647; Dkt. No. 2934 at 6).   In a joint effort to resolve the issue quickly and with minimal

11   Court involvement, Samsung and Nokia negotiated a Stipulation which detailed procedures for

12   Samsung's internal investigation of the disclosures and proposed a subsequent remediation plan, and

13   which was affirmed by Court order (630 Dkt. No. 768, 785).   The Stipulated Order required

14   Samsung and Quinn Emanuel to identify and report on "the totality of all disseminations to,

15   references about and uses of, the Disclosed Information to or by parties not subject to the Protective

16   Orders of this Court" (630 Dkt. No. 785 at 2).   This investigation and identification of documents

17   was not limited to copies of the Teece Report and ITC brief, but rather encompassed "any

18   Documents within Samsung evidencing: (i) receipt or dissemination of the Disclosed Information

19   and/or (ii) any use of, or reference to, the Disclosed Information by Samsung" (*Id.*).   In various

20   filings subsequent to entry of the Stipulated Order, Samsung trumpeted its agreement to the

21   Stipulation to avoid further court involvement (*see* Dkt. No. 2494 at 1-2; Dkt. No. 2556-3 at 3-4;

22   Dkt. No. 2835-5 at 1, 4, 7).

23       On the same day the Court entered the Stipulated Order, it ordered Samsung to produce: "1.

24   The e-mails listed on Attachment A to [Samsung attorney Robert] Becher's August 1, 2013 letter to

25

26   ───────────────
     [2] Nokia has asked this Court to find that documents that Samsung submitted *in camera* are either not
27   privileged, or to the extent that they were privileged, the privilege has been waived (Dkt. No. 2824).
     The Court has not ruled.  In the event that the Court compels production of the *in camera* documents
28   to Nokia, Nokia would be willing to forego the Stipulated Log.

MEMO OF POINTS AND AUTHORITIES ISO NOKIA'S MOTION TO          2          CASE NO.:  5:11-CV-01846-LHK (PSG)
COMPLE INFORMATION FOR REMEDIATION

1    [Apple attorney Mark] Selwyn; 2. All e-mails and other communications sent or received since

2    March 24, 2012 by the Samsung employees who received the confidential information (more

3    specifically, the Samsung employees listed in the attachments to Mr. Becher's August 1 letter) to the

4    extent that they relate to Apple's licenses with Nokia, Ericsson, Sharp, and Philips" (Dkt. No. 2483

5    at 5).  Nokia was "allowed access to and full participation in all of the above discovery, subject to

6    the terms of the protective order" (*Id*. at 5).  The Court also ordered that Nokia was entitled to

7    "request and receive copies of all Documents further disseminating, referencing or using the

8    Disclosed Information" and that the parties would litigate any privilege issues (630 Dkt. No. 785 at

9    3-4).  Counsel for Samsung admitted at the Court's October 1, 2013 hearing on these issues that "if

10    Nokia seeks the documents and they are non-privileged documents then we will provide them with

11    the documents." (Hr'g. Tr., Oct. 1, 2013 at 60:15-17).  Samsung filed two motions seeking relief

12    from the Court's Order on October 7, 2013, which this Court denied (630 Dkt. Nos. 789, 790, 820).

13    On December 6, 2013, Samsung filed a second motion again seeking relief from the October 2, 2013

14    Stipulated Order (630 Dkt. No. 1038).  Nokia opposed and moved to strike Samsung's motion for

15    relief, and the parties are currently awaiting the Court's ruling (630 Dkt. Nos. 1041, 1048).

16          Samsung has refused to comply with the Stipulated Order and provide Nokia with

17    information and documents regarding the dissemination of Nokia's CBI (Declaration of Ryan W.

18    Koppelman In Support of Nokia's Motion to Compel Information for Remediation ("Koppelman

19    Decl."), Ex. 1 (February 6, 2014 Miller letter to Becher)).  Samsung has offered to destroy all copies

20    of the Teece Report and the ITC brief on any of its internal servers, but refuses to search for or

21    delete any other documents which  contain Nokia's CBI, in violation of the terms of the Stipulated

22    Order (Koppelman Decl., Ex. 2 (January 31, 2014 Becher letter to Nokia/Apple)).  As a result of

23    Samsung's failure to comply with the Stipulated Order, Nokia is unable to determine whether there

24    are any emails or documents that contain Nokia's CBI but do not attach the Teece Report or ITC

25    brief.   Attempting to alleviate this concern, in a meet and confer phone call on February 11, 2014

26    Nokia requested that Quinn Emanuel represent that Nokia's CBI is not contained in any documents

27    other than the Teece Report or ITC brief (Koppelman Decl., ¶ 5).  Samsung refused to make this

28

1   representation (*Id.*).

2         Nokia has agreed that Quinn Emanuel and Samsung may remediate the documents that they

3   have proposed (Koppelman Decl., ¶ 4, Ex. 3 (Koppelman February 18, 2014 email to Becher)).

4   Nokia has also been clear that it cannot agree, absent any new information, that those deletions are

5   sufficient to ensure that Nokia's CBI is fully removed from unauthorized Samsung personnel,

6   particularly when neither Samsung nor Quinn Emanuel will represent that Nokia's CBI does not

7   exist outside the Teece Report or ITC brief.  Nokia has also been clear that if Samsung expends

8   significant resources in this initial round of remediation, they do so at their own risk, should further

9   remediation become necessary.

10  **III.   ARGUMENT**

11        **A.   Nokia's Motion for Protective Order and the Ensuing Litigation Should Result
12  In the Complete Removal of Nokia's CBI From Samsung's Possession**

13        This Court's Sanctions Order memorializes the simple fact that Nokia's CBI was improperly

14  communicated by Quinn Emanuel to Samsung, and that Samsung compounded that mistake by

15  numerous internal and external communications of Nokia's CBI.  The remediation process should

16  attempt to comprehensively remedy those improper disclosures.  Yet, even after the parties litigated

17  sanctions and the Court has made public findings of wrongdoing and ordered Quinn Emanuel to pay

18  Nokia's fees, success as to the original goal of comprehensive remediation remains in doubt (Dkt.

19  No. 2934 at 18-19).  The only certainty that Nokia has is that its confidential business information

20  still likely resides at Samsung to an undisclosed degree and in undisclosed forms.

21        **B.   Nokia Needs Additional Information To Meaningfully Participate In the
22  Remediation Process**

23        Nokia cannot agree that Samsung's proposed remediation procedures are sufficient without

24  first gaining access to documents and/or information that identify the full scope of Samsung's and

25  Quinn Emanuel's disclosures of Nokia's CBI.  While Nokia agrees that Samsung must locate and

26  delete any copies on the Teece Report and the ITC brief from its servers, Samsung has not provided

27  sufficient information to allow Nokia to agree that those documents are the only documents in

28

1    Samsung's possession containing Nokia's CBI.  Indeed, Samsung and Quinn Emanuel have

2    consistently stonewalled Nokia from accessing the full content of any of the emails and other

3    documents constituting the improper disclosures, asserting blanket privilege claims and only

4    producing heavily redacted versions of the documents, if producing any documents at all.  The scope

5    of Samsung's and Quinn Emanuel's disclosures was meant to be investigated and catalogued by the

6    Stipulated Log, but Samsung has repeatedly refused to produce it (*see* 630 Dkt. Nos. 789, 790,

7    1038).  Without access to either the Stipulated Log or the unredacted documents regarding the

8    improper disclosures which were submitted to this court *ex parte*, Nokia has no information with

9    which to determine what type and extent of remediation procedures will be sufficient to ensure that

10   its CBI is removed from all unauthorized Samsung personnel.  Moreover, Nokia and Samsung had

11   previously agreed that, even once the procedures in the Stipulated Order were completed, Nokia may

12   need additional information about the improper disclosures before remediation can take place (630

13   Dkt. No. 785 at 5) ("Following the completion of this process, Nokia and Samsung will work

14   together to determine whether any additional steps, including depositions or the production of

15   unredacted Documents, will be necessary to obtain a complete understanding of the disclosure

16   and/or use of the Disclosed information.").

17          Accordingly, and in order to allow Nokia to meaningfully participate in remediation, this

18   Court should compel Samsung to produce (1) all documents for which the Court has found there is

19   no privilege or for which privilege has been waived; and (2) the independent Stroz Friedberg Log

20   required by the Stipulated Order.

21          **C.      Samsung Should Be Compelled To Produce Any Documents That This Court
22                    Has Found Are Not Privileged Or For Which Privilege Has Been Waived**

23          Samsung should be compelled to immediately produce the documents for which the Court

24   has already explicitly ruled privilege has been waived.  Samsung claims it is under no duty to

25   produce these documents to Nokia, but in the Sanctions Order, this Court held as follows: "Because

26   Samsung offered to turn over the vast majority of the documents cited in this order, the court finds

27   that privilege has been waived as to those documents. As to all other documents cited, the court finds

28

1    that the portions discussed in this order are not privileged" (Dkt. No. 2934 at 4 n. 13).  Thus, the

2    Court should at least compel Samsung to immediately produce these documents that Nokia may

3    review them in order to structure appropriate remediation procedures.

4           The documents for which privilege has been waived fall into two categories. First, the

5    following are documents Samsung previously offered to produce and which are mentioned in the

6    Court's Sanctions Order (Dkt. No. 2833 at 1; Dkt. No. 2934)[3]:

7        •  Tab 6: 5/1/2012 email from Laetita Benard to Helen Hopson;

8        •  Tab 20: 1/4/2013 email from Daniel Shim to Guy Eddon;

9        •  Tab 222: emails from 2/23/12 and 6/29/2012 from 1) Daniel Shim, 2) Clayton Kim, 3)

10          Daniel Shim, 4) Ruben Ladde, and 5) R.M. Kleemans;

11       •  Tab 255: 7/4/2013 email from Indong Kang to Indong Kang, Jaehun Han; and

12       •  Tab 272: 5/13/2013 email from Daniel Shim to Thomas Pease and SamsungFRAND.

13   Samsung waived privilege as to these documents pursuant to the Court's order and therefore

14   Samsung should produce these documents to Nokia free from redactions.

15          Second, any privilege that existed as to the portions of the remaining tabs discussed in this

16   Court's Sanctions Order has been waived: Tabs 2, 3, 4, 4.1, 5, 5.1, 6.1, 6.2, 6.3, 6.4, 8, 8.1, 8.2, 17,

17   18, 19, 56, 87, 90, 90.1, 90.2, 93, 121, 144, 144.1, 215, 216, 216.1, 216.2, 221, 225, 225.1, 239,

18   239.1, 239.2, 239.3, 239.4, 239.5, 239.6, 239.7, 239.8, 239.9, 239.10, 239.11, 239.12, 239.13,

19   239.14, 246, 246.1, 255.1, 255.2, 255.3, 255.4, 255.5, 255.6, 255.7, 258, 258.1, 258.2, 258.3, 258.4,

20   258.5, 260, 260.1, 260.2, 260.3, 260.4, 260.5 ,260.6 ,260.7 ,260.8, 260.9, 260.10, 260.11, 272.1,

21   272.2, 272.3, and 272.4 (Dkt. No. 2934).  These documents should be produced to Nokia, with at

22   least the portion of them cited to in the Court's Order unredacted.[4]

23          Both of these subsets of documents formed the basis of this Court's Order on Motion for

24   Sanctions, contain portions for which privilege has been waived, and were ordered produced to

25   _____

26   [3] Tabs 9 and 215.15 were offered to be produced, but not mentioned in the Court's Order (Dkt. No. 2833 at 1).

27   [4] If Samsung determines that it will stand on privilege for the remainder of each document, they should simultaneously tender an amended log to set forth the basis.

28

1   Nokia on October 2, 2013.   The Court should order these documents produced to Nokia

2   immediately.[5]

3           **D.**      **Samsung Should Be Compelled To Produce the Independent Stroz Friedberg**

4                   **Log Required By the October 2, 2013 Stipulated Order**

5         The Stipulated Order is still valid and in full effect despite numerous attempts by Samsung to

6   elude it.  Samsung should be compelled to produce the independent Stroz Friedberg Log required by

7   paragraph 7 of the Order.  Rather than simply complying with the Stipulated Order, Samsung filed

8   three separate motions seeking relief from its obligations under the Order (630 Dkt. Nos. 789, 790,

9   1038).  The Court denied Samsung's first two motions for relief and confirmed the requirements in

10  the Order, stating that "Samsung negotiated for, agreed to, and jointly proposed the procedures set

11  forth in the stipulation that Magistrate Judge Grewal adopted in full in Order Two. . . Samsung has

12  not provided any valid basis to vacate Samsung's own stipulation" (Dkt. No. 820 at 12-13).  The

13  Court has not yet ruled on Samsung's most recent motion for relief from the Stipulated Order filed

14  on December 6, 2013, which Nokia asserts was improperly filed as an "Administrative Motion for

15  Relief" (Dkt. Nos. 1038, 1041).  Consequently, the provisions of the Stipulated Order remain in

16  effect, and Samsung should be compelled to produce all the documents it is obligated to produce

17  thereunder.

18        In particular, Samsung should be compelled to produce the independent Stroz Friedberg Log

19  required by paragraph 7.  The Stipulated Order provides that this log must chart "all instances in

20  which the Disclosed Information was disseminated or in which the Disclosed Information was

21  referenced or used in any Documents by Samsung employees" and would contain "a description of

22  the subject matter of the Document sufficient to understand the nature of the use of or reference to

23  the Disclosed Information" (630 Dkt. No. 785 at 3-4).  This comprehensive and independent log,

24

25

---

26  [5] Alternatively, even if these documents bore no relevance to remediation—a fact that Nokia cannot
    know based on the lack of information provided—Nokia should be permitted to review these
27  documents as they are referenced and form the basis for this Court's order.  Samsung's position that
    Nokia should not have access to responsive documents (to which privilege no longer applies and
28  which were cited by and subject of the Court's Sanctions Order) is simply untenable.

1    which was the principal product of extensive negotiations between the parties, remains the best

2    means for Nokia to discover the complete universe of Samsung and Quinn Emanuel's disclosures of

3    its CBI beyond the non-privileged documents sought in this Motion.

4            While Quinn Emanuel has produced to Nokia an internally generated privilege log charting

5    275 self-selected email chains, this log does not contain the necessary and agreed upon information

6    that the Stipulated Log is meant to contain (*see* 630 Dkt. No. 1048 at 3-5).  In particular, Quinn

7    Emanuel's privilege log does not contain the information required by paragraph 7 of the Stipulated

8    Order, including independent third party Stroz Friedberg's "description of the subject matter of the

9    Document *sufficient to understand the nature of the use of or reference to* the Disclosed

10   Information" (*Id.* at ¶ 7) (emphasis added).  None of the entries in Quinn Emanuel's privilege log

11   come close to providing a description sufficient to allow Nokia to understand the nature of the use of

12   or reference to the disclosed CBI (*compare* Dkt. No. 2689 at 4:17-19) ("the court is thus far

13   unpersuaded that the generic statements in the log meet the burden required to claim that

14   protection").[6]  Further, the Quinn Emanuel privilege log was not created through the neutral, agreed

15   upon process provided in the Stipulated Order.  The purpose of the Stipulated Log is to have "an

16   *independent* audit of the files of the Samsung employees identified in the Letters as recipients of the

17   Disclosed Information" (630 Dkt. No. 785 at ¶ 5) (emphasis added).   The Quinn Emanuel privilege

18   log fails to satisfy the requirement for neutral and independent supervision that is built into the

19   Stipulated Order.  Because Quinn Emanuel's privilege log consists solely of elected entries chosen

20   by Quinn Emanuel itself regarding its own protective order violations with no independent

21   supervision and does not contain the information required by paragraph 7 of the Stipulated Order, it

22   cannot serve as a replacement for the Stipulated Log.

23           Indeed, the remediation procedures that Samsung and Nokia initially negotiated were entirely

24

25   [6] If for some reason the Court is not inclined to order Samsung to produce an independent Stroz log
     as previously stipulated and ordered, then the Court should at a minimum order Samsung to update
26   its existing log with a new column of information which includes, as stipulated and ordered, a
     "description of the subject matter of the Document sufficient to understand the nature of the use of
27   or reference to the Disclosed Information," where this description is generated by Stroz through its
     independent review of the logged documents.
28

MEMO OF POINTS AND AUTHORITIES ISO NOKIA'S MOTION TO          8          CASE NO.:  5:11-CV-01846-LHK (PSG)
COMPEL INFORMATION FOR REMEDIATION

1   premised on completion of the Stipulated Log (*Id.* at 5).  Production of this log should be compelled

2   even if Samsung produces all of the other documents which the Court has ordered produced, as those

3   documents are sourced from the limited pool of Samsung and Quinn Emanuel's own selective

4   disclosures and do not satisfy the requirement for an *independent* review of *all* of Samsung's

5   documents which were collected from the relevant custodians and returned from the agreed upon

6   search terms.  As the parties acknowledged in the Stipulated Order, Nokia needs access to the

7   independent Stipulated Log in order to comprehend the full scope of Samsung and Quinn Emanuel's

8   disclosures of its CBI and to fashion acceptable remediation procedures.

9   **IV.    CONCLUSION**

10          For the foregoing reasons, the Court should compel Samsung to produce to Nokia all the

11   documents the Court cited in its January 29, 2014 Order Granting Motion for Sanctions for which

12   the court has held privilege was waived (Dkt. No. 2934 at 4 n.13), and all the documents the Court

13   ordered produced in October 2013 (Dkt. No. 2483 at 5; 630 Dkt. No. 785 at 3-4), including the

14   Stipulated Log.

15   DATED: February 25, 2014              Respectfully submitted,

16                                         ALSTON & BIRD, LLP

17
                                          */s/ Ryan W. Koppelman*
18                                         RANDALL L. ALLEN
                                          RYAN W. KOPPELMAN
19                                         XAVIER M. BRANDWAJN

20                                         Attorneys for Non-Party Nokia Corporation

21

22

23

24

25

26

27

28

1    I hereby certify that on February 25, 2014, I electronically filed the foregoing **NOTICE**

2   **OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

3   **OF NOKIA CORPORATION'S MOTION TO COMPEL INFORMATION FOR**

4   **REMEDIATION** with the Clerk of Court using the CM/ECF system, which will automatically

5    send email notification to the parties and counsel of record.

6        This 25th day of February, 2014.

7

8                                    */s/Ryan W Koppelman*
                                    RANDALL L. ALLEN (Ca. Bar No. 264067)
9                                    randall.allen@alston.com
                                    RYAN W. KOPPELMAN (Ca. Bar No. 290704)
10                                   ryan.koppelman@alston.com
                                    XAVIER M. BRANDWAJN (Ca. Bar No. 246218)
11                                   Xavier.brandwajn@alston.com
                                    ALSTON & BIRD LLP
12                                   275 Middlefield Road, Suite 150
                                    Menlo Park, CA 94025
13                                   Telephone:650-838-2000
                                    Facsimile: 650-838-2001
14
                                    *Attorneys for NOKIA CORPORATION*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE                    10                    CASE NO.:  5:11-CV-01846-LHK (PSG)