**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

February 17, 2014

Hon. Paul S. Grewal
San Jose Courthouse, Courtroom 5
280 South 1st Street
San Jose, CA 95113

Dear Judge Grewal:

In its January 29 Sanctions Order, the Court rejected Apple's and Nokia's demand for sweeping punitive sanctions for Samsung's and Quinn Emanuel's inadvertent disclosure of the Apple-Nokia license terms, dubbing them "ludicrous," but ordered that Quinn Emanuel pay Apple and Nokia "costs and fees incurred in litigating this motion and the discovery associated with it" pursuant to Rule 37.  Dkt. 2935 at 18.  On February 6, 2014, the Court recognized that the award may result in additional disputes and ordered the parties to address fees and costs in a letter brief, following which the Court would determine whether additional briefing or a hearing was warranted.  Dkt. 2941.  The parties have met and conferred but have been unable to resolve their disputes.

As discussed below, Apple's and Nokia's requests for expenses should be reduced substantially.  The requests are not adequately supported by the necessary documentation, and are excessive and duplicative in many respects.  Further, it would be manifestly unjust to award Apple and Nokia the millions of dollars they seek.  This is especially true given Apple's recent revelation that it publicly disclosed the Apple-Nokia license terms to the world in a filing last October—during the pendency of these sanctions proceedings—and that those terms have remained public for the more than four months since then.  Apple's public filing of those terms, and Nokia's failure to object to it, underscores the injustice that would result from a substantial fee award.

## Background

*Apple's Request for Fees and Costs*.  Apple requests $845,863 in fees and $59,920 in costs.  Becher Decl., Exs. 9, 10, 27.  On February 16, Apple produced a chart with descriptions that lack specificity and contain pervasive block billing with single-sentence task descriptions.  *Id*.
*Nokia's Request for Fees and Costs*.  Nokia requests $1,114,288.40 in fees and $82,416.34 in costs.  *Id*., Ex. 12.  Nokia provided two charts to support its requests—one listing generic billing descriptions and the other listing costs.  Nokia's costs chart contains block billing and is not supported by underlying invoices, and its fees chart lacks specificity and contains pervasive block billing with single-sentence task descriptions.
*Apple's Public Filing of the Terms of the Apple-Nokia License*.  In a shocking development since the last hearing on this matter, on February 11, 2014, Apple revealed for the first time that on October 10, 2013—in the midst of these proceedings in which Apple and Nokia represented that the terms of the Apple-Nokia license were sacrosanct and had never been publicly disclosed—Apple publicly filed the very Apple-Nokia license terms at issue here (the "October Disclosure").  Becher Decl., ¶¶ 11-18.  Those terms have remained public for over four months, including even

quinn emanuel urquhart & sullivan, llp

NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG

through today.  Trac Decl., ¶¶ 2-3.  Nokia's counsel was served with the public filing that contained its claimed CBI, yet they did not object—or even notice, apparently.  Nor did Apple catch its mistake, despite subsequently filing three separate documents in support of its motion to file under seal.  Dkts. 831, 1128, 1244.[1]  After Apple's disclosure came to light, Apple's counsel twice represented to the Court that they "have no information that the document was distributed on the Internet or otherwise used."  Becher Decl., Ex. 15.  But that is incorrect.  The information has remained available on LexisNexis as of today, and had been available for many months on numerous other public websites that linked to PACER-filed pleadings.  Trac Decl., ¶¶ 2-3.

### Legal Standard

Rule 37 provides that the Court may award "the *reasonable expenses*, including attorney's fees, *caused by the failure*" to comply with the protective order.  Fed. R. Civ. P. 37(b)(2)(C) (emph. added).  Such reasonable expenses must be substantiated.  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (moving party must submit "detailed time records").  A Rule 37 fee award must also consider whether "other circumstances make an award of expenses unjust—as where the prevailing party also acted unjustifiably."  *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 2005 WL 1958361, at *13 (S.D.N.Y. Aug. 16, 2005) (quoting Fed. R. Civ. P. 37, Advisory Committee Notes to 1970 Amendment); *see also Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc.*, 259 F.R.D. 323, 328 n.1 (N.D. Ill. 2009) ("unjust circumstances" standard focuses on conduct of the moving parties).

### Argument

**1.    Apple's And Nokia's Requests Should Be Reduced Because They Failed To Provide Adequate Supporting Documentation**

Apple's and Nokia's billing records are inadequate and deprive Samsung and this Court of the ability to meaningfully evaluate the reasonableness of the requests.  Calculation of the lodestar, segregation of recoverable fees, and assessment of reasonableness are mandatory when shifting fees under Rule 37.  *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385-86 (9th Cir. 1988).

**The Requests Should Be Reduced For Lack Of Specificity.**  Consistent with its earlier rulings, the Court should apply a 20% across-the-board reduction for lack of specificity in the billing records—all of which contain only generic, one-sentence task descriptions.  These reductions total $169,172 and $222,857 for Apple and Nokia respectively.  After Apple submitted deficient documentation in support of its 2012 fee request, this Court ordered Apple to provide "a description or breakdown of the hours each attorney billed by task," consistent with Local Rule 37-4(b)(3)'s requirement that a party "itemize with particularity."  Dkt. 1935.  Thereafter Apple submitted a chart with attorneys' hourly rate, hours billed, and generic descriptions explaining tasks performed (Dkt. 1948-1), and this Court reduced Apple's award by 20% for "possible inflation of fees" because its "descriptions of those activities are not specific" (Dkt. 2123 at 20).

---

[1]   Nor was this disclosure an isolated occurrence.  On November 5 and again on November 19, Apple publicly filed the CBI of Samsung, Google and others.  Dkt. 2835-8.

Likewise here, Nokia's generic descriptions include "Draft motion," "Review factual record," "Research factual issues," "Draft Nokia filing," and "Research Ninth Circuit law." Apple's deficient descriptions include "Work on sanctions issues/strategy" and "Prepare for hearing."

**The Requests Should Be Reduced Due To Block Billing**. This Court has exercised its "authority to reduce hours that are billed in block format," Dkt. 2123 at 6, by reducing Samsung's block-billed entries by 20% in a prior fee request. *Id.* at 9, 11, 20 (block billing "does not . . . provide the court with any other means by which to evaluate whether that number of hours is justified"); *Mendez v. County of San Bernardino,* 540 F.3d 1109, 1129 (9th Cir. 2008); *Darling Int'l., Inc. v. Baywood Partners, Inc.,* 2007 WL 4532233, at *9 (N.D. Cal. 2007) (most courts adjust block billing by 5% to 30%). So too here, Apple and Nokia have block billed. Nokia's descriptions include "Attention to supplemental brief" (13 hours), "Prepare for depositions" (8.2 hours), and "Confer with team regarding case status" (6.7 hours). Apple's descriptions include "Prepare for Mr. Kim's deposition" (13 hours), and "Work on sanctions briefing" (7.8 hours). Despite providing only a one-sentence description for any individual time entry, Nokia seeks $651,553 in fees for entries exceeding 3 hours and $555,888 in fees for entries exceeding 4 hours. Becher Decl., Ex. 22. Apple seeks $497,089 in fees for entries exceeding 3 hours and $393,764 in fees for entries exceeding 4 hours. *Id.*, Ex. 21. The Court should apply a further 20% reduction of all block-billed entries exceeding 3 hours, resulting in reductions of $130,310 (Nokia) and $99,417 (Apple).

2.  **Apple's And Nokia's Requests Should Be Reduced As Excessive And Unreasonable, In Light Of Their Unnecessary Work And Limited Success**

To identify hours that are "excessive, redundant, or otherwise unnecessary," courts employ "one of two methods." *Gonzalez v. City of Maywood*, 729 F. 3d 1196, 1203 (9th Cir. 2013). First, the Court may conduct an "hour-by-hour analysis of the fee request." *Id.* Second, the Court can "make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of [excluding non-compensable hours] from a fee application." *Id.* (brackets in original). For the latter, the Court can apply up to a 10% reduction "based on its exercise of discretion" and without explanation, *Moreno v. City of Sacramento*, 534 F. 3d 1106, 1112 (9th Cir. 2008), and can reduce by any percentage with an explanation. *Gonzalez*, 729 F.3d at 1203. Courts can also apply a percentage reduction to excessive requests, commensurate with their limited success. *Rother v. Lupenko*, 515 F. App'x 672, 677 (9th Cir. 2013) (no abuse of discretion found "in reducing its award of attorneys' fees under federal law for limited success."); *Schwarz v. Sec'y of Health and Human Servs.*, 73 F.3d 895, 899-900, 906 (9th Cir. 1995) (affirming 75% cut to the number of hours billed where plaintiff succeeded on only 25% of his claims). The determination must be based on "whether the work product . . . was both useful and of a type ordinarily necessary to advance the . . . litigation." Dkt. 2123 at 5-6 (citation omitted).

Apple's and Nokia's expense requests show that the vast majority of their work was not needed. The material relied on to seek sanctions was voluntarily provided or offered in August, requiring no litigation, and Samsung stipulated to remedial measures on August 18. Dkt. 2871-3 at 7-10. Apple and Nokia repeatedly rejected offers that could have avoided expenses, like Samsung's offers to produce privileged documents subject to non-waiver conditions. Dkt. 2835-7.

A further deduction also is warranted because Apple and Nokia did not succeed on many claims. As this Court found, "what began as a chorus of loud and certain accusations had died down to aggressive suppositions and inferences" that were wrong. Dkt. 2935 at 18. Based on the Court's finding that the "vast majority" of the sanctions requested by Apple and Nokia were "ludicrously overbroad" and "there has been insufficient evidence that this failure to notify or misuse ultimately implicated any issue in this or any other litigation or negotiation," Dkt. 2934 at 18, the Court should apply a substantial percentage reduction to the requests.

Nokia's and Apple's requests should be even further reduced for several reasons.  *First*, Nokia scorched the earth and over-litigated this protective order dispute, as shown by its seven-figure fee request that is 28% larger than Apple's.  *This discrepancy exists because Nokia unreasonably billed 95% more hours than Apple.*  Nokia billed 2,638.5 total hours (1511 by partners, 1046.9 by associates, and 80.6 by law clerks) compared to Apple's 1,346 total hours (956.4 by partners/counsel and 389.6 by associates).  Becher Decl., Exs. 25, 26.  Its request for costs is block billed without supporting invoices and is 37% larger than Apple's, including meals and limousines that even Apple did not request.  *Id.*, Ex. 12.  Nokia's requests should be reduced proportionately.  Nokia might argue that it spent additional time litigating these issues between June 5 and August 18 when the stipulation was filed, but fees during that period total $99,402.  *Id.*, Ex. 24.  Even excluding that, Nokia's fee request still exceeds Apple's by 24.5% and 1,292.5 hours.  *Second*, the Court should apply a 10% "haircut" to address Nokia's duplicative and unnecessary work "based on its exercise of discretion and without a more specific explanation," including multiple attorneys attending depositions and hearings.  *Moreno*, 534 F. 3d at 1112.

Though their bills are too generic to meaningfully review, a few categories of unreasonable fees and costs are apparent.  The Court should deduct all expenses for (1) Nokia's motions that were never filed ($46,395); (2) depositions of Apple's witness Jeff Rischer and Nokia's witnesses Paul Melin and Eeva Hakoranta because they were unprepared, did not perform the required investigation, and testified inaccurately regarding whether the terms of the Apple-Nokia license were kept confidential ($24,299 in costs and $54,845 in fees for Nokia and $10,373 in costs and $15,249 in fees for Apple); (3) business/first class airfare (or a 70% reduction) ($11,285 for Apple and $31,456 for Nokia); (4) Nokia's meals and limos ($6,967); (5) RealTime and video services ($8,311.50 for Apple and 40% of $25,360 in non-itemized deposition costs for Nokia); (6) fees and costs for the Ken Korea deposition because Apple and Nokia refused to question him about his 30(b)(6) topics and investigation (15% of $22,140 in non-itemized deposition costs and $14,723 in fees for Nokia and $4,471 in costs and $23,688 in fees for Apple); and (7) Nokia's unnecessary travel to Korea in September 2013 ($15,279 in costs and $5,093 in fees for "on-site" preparations).  Becher Decl., Exs. 24-28.  Nokia's counsel traveled to Korea to be present when Stroz began its work even though he was specifically told that he would not be permitted to enter Samsung's offices for obvious confidentiality reasons; he could have remained in the U.S. and used phone or email to communicate with Samsung's lawyers in Korea.

3.   **Awarding All Requested Expenses To Apple And Nokia Would Be Unjust**

At a minimum, the Court should substantially reduce Apple's and Nokia's fee requests because a full award would be unjust in light of newly revealed evidence showing that Apple and Nokia "also acted unjustifiably" in connection with the subject matter of these proceedings. *Technostroyexport*, 2005 WL 1958361, at *13.  Indeed, Apple's acknowledgement that the terms

of the Apple-Nokia license were available to the public for four months during these proceedings shows that, contrary to the heavy-handed accusations Apple and Nokia have levied against Samsung for months, even diligent counsel with adequate protections in place may make inadvertent disclosures on a widespread basis and fail to discover them for months.

Apple's conduct also shows the hypocrisy in Apple's and Nokia's accusations against Samsung that spawned months of costly discovery and briefing for which Apple and Nokia now seek to recover their expenses.  For example, on October 21, just 11 days after Apple itself had made available to the world the terms of the Apple-Nokia license, Apple declared that Samsung's "unauthorized disclosures . . . put the highly confidential information of Apple and its licensees at serious risk of misuse . . . ."  Dkt. 2557-4 at 3:18-20.  We now know that Apple too put its own information at risk for four months and Nokia failed to detect the mistake.  Likewise, at the October 22 hearing, Apple criticized the allegedly deficient procedures that allowed the inadvertent disclosure to occur, insisting that Samsung's mistakes were a basis for severe sanctions.  (10/22/13 Hearing at 77:24-78:18; *see also* Dkt. 2825 at 14:4-7.)  We now know that Apple's own procedures did not protect against an inadvertent disclosure—even at a time when the confidentiality of the Apple-Nokia license terms was in the spotlight.

Ultimately, the Court ordered fee-shifting after finding "Samsung and its outside counsel made a conscious decision to set up a system" that allowed the disclosure to occur.  Dkt. 2934 at 13.  The facts that Apple disclosed this same information to the entire world during the pendency of these proceedings, and that Nokia was served with the document disclosing this information but did not notice it and even now has not sought sanctions against Apple for it, demonstrate that both Apple and Nokia likewise failed to protect this same information.  *Id.* at 15.  Under these circumstances, an award of substantial fees to Apple and Nokia, including fees that post-date Apple's public disclosure of the confidential information at issue, would be "unjust."  Fed. R. Civ. P. 37(b)(2)(C).  Rather, if the Court is inclined to award any expenses to Apple and Nokia, then Samsung respectfully submits that such awards should be cut-off or substantially reduced for work after Apple's October 10, 2013 filing.  Thus, as explained in the Becher Declaration, in no circumstance should Nokia be awarded more than $261,193, or Apple more than $180,341.[2]

*\*\*\**

Apple's and Nokia's expense requests should be rejected or reduced.  Given the five-page limit on this letter brief set by the Court's February 6 Order, Samsung has addressed only some of the specific deficiencies, and respectfully requests that it be permitted to submit supplemental briefing on these issues, should the Court be inclined to award a significant amount of fees and expenses.

Sincerely,
Michael T. Zeller

---

[2]  The Court should award no fees or expenses for the Rischer, Melin and Hakoranta depositions because they all incorrectly testified that the Nokia license terms were confidential and had not been disclosed, even after the October Disclosure. Dkt. 2689 at 4; Dkt. 2934 at 13. Consistent with the Court's order granting Samsung discovery, Messrs. Melin and Risher, as 30(b)(6) witnesses, were obligated to prepare to testify regarding the confidentiality of those license terms, and thus clearly should have caught Apple's error in preparation for their depositions.