QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF ROBERT J. BECHER IN SUPPORT OF SAMSUNG'S FEBRUARY 17, 2014 LETTER BRIEF REGARDING FEES AND COSTS** |

# DECLARATION OF ROBERT J. BECHER

1. I am a member of the bar of the State of California, and a partner in the firm Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attorneys for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") in Case No. 11-cv-1846 LHK (PSG) ("the 1846 action") and Case No. 12-cv-0630 LHK (PSG) ("the 630 action") in the Northern District of California. I make this declaration of personal knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

**Correspondence regarding Apple's and Nokia's Requests for Fees and Costs**

2. On February 8, I sent a letter to Apple and Nokia requesting documentation supporting their requests for fees and costs, in order for Samsung to comply with the Court's February 6 Order requiring the parties to submit a letter brief addressing disputes regarding those requests for fees and costs by February 17. A true and correct copy of my February 8 letter to Apple and Nokia is attached as Exhibit 1.

3. On February 11, I sent a follow up letter to Apple and Nokia requesting documentation supporting their requests for fees and costs. A true and correct copy of my February 11 letter to Apple and Nokia is attached as Exhibit 2.

4. On February 11, Apple sent a letter to Samsung requesting $864,479 in fees and $58,388.95 in costs. Apple attached a one-page chart that showed total dollar amounts billed per month by 13 different attorneys and contained broad descriptions of the work each attorney did during the course of the entire case. The chart did not disclose each attorneys' hourly rate, hours billed per day, or detailed billing records explaining tasks performed. True and correct copies of Apple's February 11 letter and "monthly fees" chart are attached as Exhibit 3.

5. After Samsung explained that Apple's fee request did not contain the level of detail required by this Court's prior orders and Local Rule 37-4(b)(3), Apple emailed Samsung "corrected" amounts—$864,385 in fees and $59,920.39 in costs—and forwarded cost invoices. However, Apple refused to provide billing records supporting its request unless Samsung stipulated to certain conditions. A true and correct copy of my February 12 email to Apple is

attached as Exhibit 4.  A true and correct copy of Apple's February 13 email to me is attached as Exhibit 5.  True and correct copies of interpreter, deposition transcript, hearing transcript, and travel invoices that Apple forwarded to me on February 13 are attached as Exhibit 6.  A true and correct copy of my February 13 email to Apple is attached as Exhibit 7.

6. On February 14, Apple provided Samsung with a chart containing billing descriptions that still lacked specificity.  A true and correct copy of Apple's February 14 email and attached chart are attached as Exhibit 8.

7. I requested Apple's individual billing rates on February 14 because they were not contained in Apple's February 14 chart.  Apple provided its individual billing rates via email on February 16.  After Samsung noted a discrepancy between the total fees that Apple requested and the total fees supported by the billing information it had provided to date, Apple revised its fee request downward from $864,479 to $845,863.  Apple also produced a chart in Excel format that contained the same billing descriptions supplemented with individual billing rates and total dollar amounts for each line-item.  True and correct copies of Apple's February 16 emails containing its individual billing rates and revised fee request are attached as Exhibit 9.  A true and correct copy of Apple's February 16 chart is attached as Exhibit 10.

8. On February 11, Nokia sent a letter with its request for $1,113,006.40 in fees and $45,001.77 in costs.  A true and correct copy of Nokia's February 11 letter is attached as Exhibit 11.

9. On February 12, Nokia sent a letter with its revised request for $1,114,288.40 in fees and $82,416.34 in costs.  Nokia provided two charts—one listing generic billing descriptions and the other listing costs.  Nokia did not provide the invoices underlying its costs chart.  True and correct copies of Nokia's February 12 letter and two charts are attached as Exhibit 12.

10. On February 14, Samsung met and conferred with Nokia regarding Nokia's request for fees and costs and advised Nokia of the objections it intended to assert to its fees and costs.  Samsung requested the underlying invoices supporting Nokia's request for costs.  Although Nokia stated it would consider producing the invoices, it never produced them.  On February 14, Samsung also met and conferred with Apple regarding its request for fees and costs.  Samsung

advised Apple of the objections it intended to assert to Apple's fees and costs.

**<u>Correspondence regarding Apple's Public Filing of the Terms of the Apple-Nokia License and the Apple-NEC License</u>**

11. On February 11, Apple filed under seal two letters addressed to Judge Grewal stating that Apple had publicly filed the specific terms of the Apple-Nokia license and the Apple-NEC license on October 10, 2013, and this filing had remained publicly accessible on PACER for at least four months during the pendency of these ancillary proceedings. A true and correct copy of one of Apple's February 11 letters is attached as Exhibit 13.

12. On February 12, I wrote a letter to Apple requesting redacted copies of the letters to share with Samsung. A true and correct copy of my February 12 letter is attached as Exhibit 14.

13. On February 12, Apple wrote me a letter attaching proposed redacted copies of the letters to Judge Grewal that could be shared with Samsung. A true and correct copy of Apple's February 12 letter to me is attached as Exhibit 15.

14. On February 12, I sent an email to Apple requesting that it publicly file versions of its February 11 letters to the Court. A true and correct copy of my February 12 email to Apple is attached as Exhibit 16.

15. On February 13, I sent a letter to Apple requesting additional information regarding the details of the public filing of the Apple-Nokia and Apple-NEC licensing information. A true and correct copy of my February 13 letter to Apple is attached as Exhibit 17.

16. On February 13, Apple wrote me a letter providing some limited information about the public filing of the Apple-Nokia and Apple-NEC licensing information. A true and correct copy of Apple's February 13 letter to me is attached as Exhibit 18.

17. On February 14, I wrote a letter to Apple explaining that its February 13 letter did not provide sufficient detail regarding the events in question and requesting additional information. A true and correct copy of my February 14 letter to Apple is attached as Exhibit 19. I also spoke on the phone on February 14 with Apple's counsel Mark Selwyn and reiterated Samsung's request that Apple file public versions of the letters.

18. On February 15, Apple sent an email to me stating that it will eventually file the

1  redacted letters publicly, but it refused to do so at this time. Apple acknowledged the public
2  availability of the document on LexisNexis CourtLink and stated that it was in the process of
3  working with LexisNexis to remove the document from the CourtLink database. A true and
4  correct copy of Apple's February 15 email to me is attached as Exhibit 20.

### Samsung's Assessment of Apple's and Nokia's Requests for Fees and Costs

6      19.    In order to calculate block-billed fees incurred by Apple and Nokia exceeding 3 or
7  4 hours, Quinn Emanuel converted the PDF fees charts provided by Apple and Nokia into Excel
8  format. Quinn Emanuel used the sort function to sort the billing entries by time from smallest to
9  largest. Quinn Emanuel then used a formula in Excel to sum the fees for billing entries exceeding
10 3 and 4 hours respectively. A true and correct copy of the chart tallying Apple's block billing is
11 attached as Exhibit 21. A true and correct copy of the chart tallying Nokia's block billing is
12 attached as Exhibit 22.

13     20.    In order to calculate fees incurred by Apple and Nokia after October 10, 2013,
14 Quinn Emanuel converted the PDF fees charts provided by Apple and Nokia into Excel format.
15 Quinn Emanuel used the sort function to sort the billing entries by date from oldest to newest.
16 Quinn Emanuel then used a formula in Excel to sum the fees for entries post-dating October 10,
17 2013. A true and correct copy of a chart tallying Apple's post-October 10 fees is attached as
18 Exhibit 23. A true and correct copy of a chart tallying Nokia's post-October 10 fees is attached as
19 Exhibit 24. Quinn Emanuel used the same procedure to determine the fees billed by Nokia from
20 June 5 through and including August 18, which is also reflected in Exhibit 24.

21     21.    In order to calculate the hours billed by Apple and Nokia, and the subtotal of hours
22 billed by partners/counsel, associates, and law clerks, including hours billed by Nokia between
23 June 5 and August 18, Quinn Emanuel converted the PDF fees charts provided by Apple and
24 Nokia into Excel format. Quinn Emanuel used the sort function to sort the billing entries by
25 category of timekeeper or date, depending on the calculation. Quinn Emanuel then used the
26 summing formula in Excel to sum the total hours billed by Apple and Nokia, including hours
27 billed during discrete time periods, and the subtotal for each category of timekeeper. A true and
28 correct copy of the chart reflecting hours billed by Apple is attached as Exhibit 25. A true and

1  correct copy of the chart reflecting hours billed by Nokia is attached as Exhibit 26.

2  　　　　22.　　In order to calculate fees incurred for Nokia's motions that were never filed,
3  including its motion for contempt and motion to enforce the August 18 stipulation, Quinn
4  Emanuel converted the PDF fees chart provided by Nokia into Excel format.  Quinn Emanuel used
5  the "find" function to identify each line-item that contained the term "contempt" or "enforce," and
6  then confirmed that those descriptions related to fees incurred for motions that were never filed by
7  Nokia.  Quinn Emanuel then used the sum formula in Excel to sum the total fees for those entries.
8  These calculations are shown in Exhibit 24.

9  　　　　23.　　In order to calculate fees and costs incurred for the depositions of Apple's witness
10 Jeff Rischer and Nokia's witnesses Paul Melin and Eeva Hakoranta, Quinn Emanuel converted the
11 PDF fees and costs charts provided by Nokia, and the PDF fees chart provided by Apple, into
12 Excel format, and created a separate chart with Apple's requested costs.  Quinn Emanuel used the
13 "find" function to identify each billing entry that contained relevant search terms, and then
14 confirmed that those descriptions related to the depositions at issue.  Quinn Emanuel then used the
15 sum formula in Excel to sum the total fees for those entries.  The calculation of fees for Nokia
16 related to these depositions is shown in Exhibit 24.  The calculation of fees for Apple related to
17 these depositions is shown in Exhibit 25.  A true and correct copy of the chart tallying Apple's
18 costs related to these depositions is attached as Exhibit 27.  A true and correct copy of a chart
19 tallying Nokia's costs related to these depositions is attached as Exhibit 28.

20 　　　　24.　　In order to calculate total costs for business class airfare, Nokia's meals and limos,
21 and RealTime and video deposition services, Quinn Emanuel converted the PDF costs chart
22 provided by Nokia into Excel format, and created a separate chart with Apple's requested costs
23 based on the invoices provided by Apple.  Quinn Emanuel identified each entry that corresponded
24 to the category at issue.  Quinn Emanuel then used the sum formula in Excel to sum the total costs
25 for those categories.  The calculations are shown in Exhibits 27 and 28.

26 　　　　25.　　In order to calculate the total fees and costs incurred for Nokia's travel to Korea in
27 September 2013, Quinn Emanuel converted the PDF costs and fees charts provided by Nokia into
28 Excel format.  Quinn Emanuel identified the costs entries that corresponded to the September trip,

1 and then used the "find" function to identify the fees entries that contained the term "on-site" and 2 related to the September trip. Quinn Emanuel then used the sum formula in Excel to sum the total 3 costs and fees for those entries. The costs calculations are shown in Exhibit 28, and the fees 4 calculations are shown in Exhibit 24.

5      26.    In order to calculate fees incurred by Apple and Nokia in connection with the Rule 6 30(b)(6) deposition of Kenneth Korea, Quinn Emanuel converted the PDF fees charts provided by 7 Apple and Nokia into Excel format. Quinn Emanuel then used a formula in Excel to sum the fees 8 for entries related to that deposition. A true and correct copy of a chart tallying Apple's fees for 9 this deposition is attached as Exhibit 23. A true and correct copy of a chart tallying Nokia's fees 10 for this deposition is attached as Exhibit 24. Quinn Emanuel then used a formula in Excel to sum 11 the costs for entries related to that deposition. A true and correct copy of a chart tallying Apple's 12 costs for this deposition is attached as Exhibit 27. A true and correct copy of a chart tallying 13 Nokia's costs for this deposition is attached as Exhibit 28.

15     I declare under penalty of perjury of the laws of the United States that the foregoing is true 16 and correct. Executed on February 17, 2014, at Los Angeles, California.

17                       By  */s/ Robert J. Becher*
18                          Robert J. Becher

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document. I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Robert J. Becher.

                                                  */s/ Victoria F. Maroulis*
                                                Victoria F. Maroulis