# EXHIBIT 20

-----Original Message-----
From: Selwyn, Mark [mailto:Mark.Selwyn@wilmerhale.com]
Sent: Saturday, February 15, 2014 4:08 PM
To: Robert Becher
Cc: Mueller, Joseph
Subject: RE: Letter

Rob:

We are prepared to have the redacted versions of the letter we authorized you to share with your client filed publicly, but, for the reasons stated in our motions to seal, not at this time.  The redacted versions of the letter together with the new notation in docket entry 806 could potentially provide information regarding where confidential information could be located relating to two Apple license agreements.  In addition, we are in the process of working with LexisNexis to remove the document from the CourtLink database.

Accordingly, we are prepared to file publicly the redacted versions after the Court rules on Apple's sealing request and removes the new notation from docket entry 806, and LexisNexis removes the document from the CourtLink database.

We do not see any possible harm to Samsung from a short delay before the public filing of the redacted versions.

We also trust that Samsung will not make any public filing regarding the content of the February 11, 2014 letters to Judge Grewal while Apple's administrative motions to seal remain pending.

Mark

-----Original Message-----
From: Robert Becher [mailto:robertbecher@quinnemanuel.com]
Sent: Saturday, February 15, 2014 9:15 AM
To: Selwyn, Mark
Cc: Mueller, Joseph
Subject: RE: Letter

Mark--During our meet and confer regarding Apple's filing of its 2 letters to Judge Grewal under seal, you asked whether Samsung would forego filing a motion contesting the sealing of the letters if Apple files redacted versions of the letters that are identical to the versions you authorized us to share with Samsung.  If Apple files identical redacted versions of the letters today, we will not proceed with a motion.  Please let me know if you are willing to proceed with such a filing.  Regards, Rob _____
From: Selwyn, Mark [Mark.Selwyn@wilmerhale.com]
Sent: Friday, February 14, 2014 2:50 PM
To: Robert Becher

```
Cc: Mueller, Joseph
Subject: RE: Letter
```

I am happy to speak with you today but we would like to discuss all issues that you have; if we need to wait until tomorrow to do that, we will be available.

Mark

```
From: Robert Becher [mailto:robertbecher@quinnemanuel.com]
Sent: Friday, February 14, 2014 2:44 PM
To: Selwyn, Mark
Cc: Mueller, Joseph
Subject: RE: Letter
```

Mark-Thanks.  As of the time of my email of 1:21 this afternoon in which I asked you to meet and confer about Apple's request for fees and costs, we were prepared to meet and confer with you about Apple's requested fees and costs and to provide the basis for our disagreements.  We will need some time to digest the newly provided information.  If you would like to speak with us today anyway, we remain available although we will likely need to have a follow-up call to discuss any objections that flow from this new information.  If you prefer to wait, we will need to speak tomorrow.

Regards, Rob


```
From: Selwyn, Mark
[mailto:Mark.Selwyn@wilmerhale.com]<mailto:[mailto:Mark.Selwyn@wilmerhale.com]>
Sent: Friday, February 14, 2014 2:30 PM
To: Robert Becher
Cc: Mueller, Joseph
Subject: RE: Letter
```

Rob:

We disagree that my February 11, 2014 letter does not provide you with a sufficient level of detail to substantiate the fees and costs incurred by Apple in litigating the sanctions motion and the discovery associated with it.

Nonetheless, because we see no reason to burden the Court with a dispute over this aspect of the Court's January 29, 2014 Order, we have attached a copy of the line items for the time charges described in my February 11, 2014 letter; we have redacted a small number of entries in view of your unwillingness to agree to my request below.  The attachment has been designated Highly Confidential.

To the extent you intend to contest the amount of Apple's fees and costs, please let us know the full basis of your disagreement so that we may meet and confer on a timely basis and prepare any necessary submission for Monday.

Mark


```
From: Robert Becher [mailto:robertbecher@quinnemanuel.com]
Sent: Thursday, February 13, 2014 11:10 AM
To: Selwyn, Mark
Cc: Mueller, Joseph
Subject: RE: Letter
```

2

Mark,

Thanks for your response.  Samsung is not asking for information beyond what is required by the Local Rules and has previously been ordered by the Court and produced by Apple in connection with the parties' prior fee requests under Rule 37.  Judge Grewal's prior order to produce this same information was unconditional and did not include a non-waiver provision (Dkt. 1935), and Apple complied with it (Dkt. 1948-1).  While Samsung maintains that Apple's prior submission contained an inadequate level of detail, it still provided more information than currently offered by Apple to substantiate its much larger fee request here.  If Apple wants to recover its fees, it is required to provide the requested information.  We see no reason to modify the existing law that governs Apple's disclosure of information in connection with its fee request.  With our brief due Monday, Apple's failure to furnish this information is prejudicing us so we once again request that you provide it immediately.

Regards, Rob

From: Selwyn, Mark [mailto:Mark.Selwyn@wilmerhale.com]<mailto:[mailto:Mark.Selwyn@wilmerhale.com]>
Sent: Thursday, February 13, 2014 12:10 AM
To: Robert Becher
Cc: Mueller, Joseph
Subject: RE: Letter

Rob:

Attached are the non-travel invoices corresponding to the costs requested in my letter of yesterday; I will send you the travel invoices in the morning.  Also, we identified a calculation error in the costs and fees computation.  The correct numbers are below:

|  | Letter | Corrected Amount |
|---|---|---|
| Total costs | $58,388.95 | $59,920.39 |
| Costs by category | | |
| Depositions | $39,811.45 | $20,494.45 |
| Hearing Transcripts | $1,436.50 | $1,436.50 |
| Interpreters | $18,577.52 | $18,577.52 |
| Travel And lodging | $19,411.92 | $19,411.92 |
| Fees | $864,497 | $864,385 |

We are prepared to provide you line items for the time entries corresponding to the summaries in my letter, provided that Samsung agrees that (1) in providing line items for the time entries, Apple has not waived attorney-client or any other privilege or protection and (2) Samsung will only use the information for purposes of evaluating Apple's fee request pursuant to the Court's January 29, 2014 Order.

Mark


From: Robert Becher [mailto:robertbecher@quinnemanuel.com]<mailto:[mailto:robertbecher@quinnemanuel.com]>
Sent: Wednesday, February 12, 2014 1:17 PM
To: Selwyn, Mark
Cc: Mueller, Joseph
Subject: RE: Letter

Dear Mark:

We are in receipt of your letter, dated February 11, 2014 regarding the fees and costs that Apple intends to request from the Court.  The information you have provided is inadequate for us to meet and confer with Apple to try to resolve any disputes and it also does not comply with the Local Rules.  Local Rule 37-4 requires Apple to "itemize with particularity" the fees and costs it is seeking to recover.  Apple has not done so.  As you know, the Court has previously found the level of detail Apple provided to Samsung yesterday to be inadequate. Dkt. 1924, 1935, 2123.

Due to the impending deadline for our letter to the Court, we request that Apple provide Samsung today with the level of detail we previously requested in our February 8, 2014 letter In particular, please provide us with the invoices for all costs being requested.  Please also provide the individual time entries corresponding to all of the attorneys' fees Apple is seeking so we can see how much time each timekeeper billed each day to individual tasks.  It is not acceptable to simply list the total time a timekeeper spent on a wide range of different tasks over the course of months.  Given your statement that Wilmer Hale tracks time billed to Apple "based on individual tasks" and that you presumably reviewed all pertinent time entries to develop the chart attached to your February 11, 2014 letter, this information should be readily available to Apple.  If you refuse to provide the requested information, please confirm that Apple does not intend to submit any additional information to the Court to support its request for fees and costs and solely intends to rely on the information it has provided to Samsung.

We are available to meet and confer with you today to discuss this request.  Please let us know a time that works.  We look forward to your response.


Regards, Rob


From: Selwyn, Mark [mailto:Mark.Selwyn@wilmerhale.com]<mailto:[mailto:Mark.Selwyn@wilmerhale.com]>
Sent: Tuesday, February 11, 2014 7:56 AM
To: Robert Becher
Cc: Mueller, Joseph; 'Koppelman, Ryan'; 'Allen, Randall'
Subject: RE: Letter

Rob:  We expect to send you fees and costs information today, but it will not be by noon.

Mark

From: Robert Becher [mailto:robertbecher@quinnemanuel.com]
Sent: Tuesday, February 11, 2014 7:43 AM
To: Robert Becher; Selwyn, Mark; Mueller, Joseph; 'Koppelman, Ryan'; 'Allen, Randall'
Subject: RE: Letter

Please see attached.

4

```
From: Robert Becher
Sent: Saturday, February 08, 2014 10:07 AM
To: 'Selwyn, Mark (Mark.Selwyn@wilmerhale.com<mailto:Mark.Selwyn@wilmerhale.com>)';
''Joseph.Mueller@wilmerhale.com'
(Joseph.Mueller@wilmerhale.com<mailto:Joseph.Mueller@wilmerhale.com>)'; 'Koppelman, Ryan';
'Allen, Randall'
Subject: Letter
```

Please see attached.