QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-CV-01846-LHK (PSG)<br><br>**SAMSUNG'S OPPOSITION TO ADMINISTRATIVE MOTION TO SEAL DKT. 2977-3** |

**<u>Argument</u>**

Because Apple and Nokia unreasonably claim that any document referring to Apple's October 10 public filing of the Nokia and NEC licenses should be sealed, Samsung was forced to file an administrative motion to seal (Dkt. 2977) its "Opposition to Administrative Motion to Seal (Dkt. 2958) the Kolovos Declaration (Dkt. 2958-1) and Apple's February 17, 2014 Letter Brief (Dkt. 2958-3) and Opposition to Administrative Motion to Seal (Dkt. 2964) Samsung's February 17, 2014 Letter Brief (Dkt. 2964-3), the Becher Declaration (Dkt. 2964-4), and the Trac Declaration (Dkt. 2964-5)." The docket entry that Apple and Nokia seek to seal is Dkt. 2977-3. Samsung's administrative motion to seal Dkt. 2977-3 asked the Court to deny the motion and allow Samsung to publicly file all briefing related to Apple's October 10 disclosure. Dkt. 2977 at 1.

**<u>Apple's Position regarding Sealing.</u>** Apple has repeatedly taken the position that any document referring to Apple's October 10 disclosure should be sealed to avoid "potentially provid[ing] information regarding where confidential information could be located regarding two Apple license agreements. This claimed confidential information was contained in an improperly redacted document that has now been locked and that Apple has separately moved to withdraw from the docket." Dkt. 2958-1 (Kolovos Declaration ISO Sealing); Dkt. 2976-1 (Kolovos Declaration ISO Sealing). Apple has suggested in correspondence with Samsung, however, that it is willing to publicly file documents referring to its October 10 disclosure after the Court grants its unopposed administrative motion (Dkt. 1278-3, Case 12-630) to remove the October 10 filing from the docket (despite the fact that the clerk has already locked docket entry 806-6). *See* Dkt. 1280-4 (Case 12-630), Ex. 1 ("Once the court allows the motion and the notation is removed from the docket entry, we will promptly file the redacted versions of the letter we authorized you to share with your client.")

Samsung has previously explained that Apple's sealing argument is untenable because it is impossible to download the October 10 filing—even if a person knows the docket entry—because the clerk locked it on February 10 at Apple's request. *See* Dkt. 1280-3 (Case 12-630) (Samsung's Opposition to Apple's Motion to Seal Docket Entries 1258-2 and 1258-3). And Apple can redact

1   the specific docket entry from the public versions of its filings.  Furthermore, Apple has

2   acknowledged that the filing is no longer available for download from LexisNexis Courtlink, and

3   it states that it cannot locate any public version of the filing on the Internet.  If the Court grants

4   Apple's unopposed motion to remove the October 10 filing, the public will not have access to the

5   docket entry, and if the Court denies the motion, then it will have determined that the information

6   is not confidential in the first instance.  Either way, because the document is indisputably locked

7   pending a ruling on Apple's motion to remove, Apple has provided no basis for the Court to seal

8   every letter and brief referring to its October 10 disclosure.  The fact of Apple's filing error and

9   Nokia's related conduct is simply not the type of information that is eligible for sealing.

10       **Nokia's Position regarding Sealing.**  Although in the past Nokia has purported to support

11   Apple's reasoning for sealing (Dkt. 2973-2, ¶ 5), it has made the additional inconsistent argument

12   that all filings related to the October 10 disclosure should be sealed *indefinitely* because

13   individuals *already in possession* of the downloaded document would be alerted to the licensing

14   terms in the document they legitimately downloaded from PACER or another service before

15   February 10.  Dkt. 2985-3, ¶ 5 (arguing that unsealing "would inform the public where

16   confidential information could be located relating to Apple-Nokia licensing terms particularly for

17   any members of the public who happened to download that information while it was available on

18   the docket"); *see also* Dkt. 2973-2, ¶ 5 (same); Dkt. 1315-3 (12-630), ¶ 7 (same).

19       *First*, based on Nokia's logic, the Apple-Nokia licensing agreement has already been

20   disseminated through PACER over a period of four months in this highly publicized case.  Thus,

21   based on Nokia's position, it is already in the public domain.  Sealing admittedly non-confidential

22   documents disclosing Apple's filing error is not going to unring that bell.  On the contrary, this

23   admitted public dissemination proves why the motion to seal should be denied.  Nokia's position

24   further highlights the fact that the Apple-Nokia licensing information was public and freely

25   distributed on PACER during the time Apple and Nokia were claiming—erroneously in repeated

26   sworn statements to the Court—that it was highly confidential and seeking draconian and punitive

27   sanctions against Samsung.

28

1    *Second*, Nokia cites no authority that admittedly non-confidential information—pleadings

2    discussing Apple's filing error—can or should be sealed to preserve the purported confidentiality

3    of another document that Nokia claims has already been publicly disseminated—Apple's pleading

4    containing the terms of the Apple-Nokia license.

5    *Third*, while it is purely speculative whether sealing non-confidential information will

6    accomplish this intended result, it is undeniable that Apple's and Nokia's attempt to seal every

7    document referring to the October 10 disclosure has resulted in a skewed public account of this

8    dispute that Apple and Nokia themselves have sought to publicize.

9    *Fourth*, Nokia tellingly has failed to pursue any relief against Apple for—or even

10   complained about—Apple's months-long public disclosure of even more detailed information

11   about the Apple-Nokia license than Samsung inadvertently disclosed to fewer recipients.  To the

12   contrary, in its recent filing here and elsewhere, Nokia continues in its attempts to bolster Apple,

13   which shows that its prolonged protective order litigation against Samsung has been for leverage

14   in negotiations, and not out of legitimate concern for its claimed confidential information.

15   During public hearings regarding their request for sanctions and in public briefs, Nokia and

16   Apple repeatedly accused Samsung of wrongdoing and assured the Court the terms of the Apple-

17   Nokia license had been kept confidential.  Now, through their serial requests to seal every piece of

18   paper referring to the October 10 filing, Apple and Nokia are attempting to hide the fact that Apple

19   has disseminated even more detailed financial information about the Apple-Nokia license more

20   widely and publicly than Samsung inadvertently did.  Because Apple and Nokia have repeatedly

21   placed information regarding Samsung's inadvertent disclosure of the Apple-Nokia license terms

22   on the public record, Apple's own disclosure of the terms of the Apple-Nokia license, and Nokia's

23   inconsistent treatment of Apple and Samsung, should not be hidden from the public.

24   Apple's and Nokia's unreasonable demand that every letter and brief referencing the

25   October 10 filing should be sealed has resulted in an absurd proliferation of opposed sealing

26   papers, currently numbering 20 as set forth below.  When the parties previously attempted to file

27   the August 18, 2013 Samsung-Nokia Stipulation under seal, which addressed Samsung's

28   inadvertent disclosure of the Apple-Nokia license within Samsung, the Court ordered a hearing

because it disapproved of "a lengthy (but secret) stipulation" and directed the parties to "be prepared to provide good cause for why nearly all of the settlement's terms should be sealed." Dkt. 765 (Case 12-630).  In response, Samsung and Nokia withdrew the motion to seal.  Dkt. 768 (Case 12-630).  Now that the shoe is on the other foot and Apple has inadvertently disclosed the same information to the public, there is no reason to hide Apple's and Nokia's hypocritical and unjustifiable conduct from public view.

**Conclusion**

Samsung respectfully requests that the Court deny the administrative motion to file under seal Dkt. 2977-3.  Samsung further requests that the Court deny all motions to seal letters and briefing referring to the October 10 filing, including the following:

11-1846 Action:     Dkts. 2958, 2964, 2965, 2973, 2974, 2975, 2976, 2977, 2985.

12-630 Action:      Dkts. 1258, 1276, 1278, 1280, 1282, 1289, 1315, 1320, 1322, 1323.

DATED:  February 25, 2014                QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP


                                         By */s/ Victoria F. Maroulis*
                                             Charles K. Verhoeven
                                             Kevin P.B. Johnson
                                             Victoria F. Maroulis
                                             William C. Price
                                             Michael T. Zeller

                                             Attorneys for
                                             SAMSUNG ELECTRONICS CO., LTD.,
                                             SAMSUNG ELECTRONICS AMERICA, INC.,
                                             and SAMSUNG TELECOMMUNICATIONS
                                             AMERICA, LLC