QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION TO COMPEL APPLE TO PROVIDE INFORMATION REGARDING ITS PUBLIC DISCLOSURES OF CONFIDENTIAL INFORMATION**<br><br>Date:   April 8, 2014<br>Time:   10:00 am<br>Judge:   Hon. Paul S. Grewal<br>Place:   Courtroom 5, 4th Floor |

02198.51855/5779847.6

Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION TO COMPEL APPLE TO PROVIDE INFORMATION REGARDING ITS PUBLIC DISCLOSURES OF CONFIDENTIAL INFORMATION

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 8, 2014, at 10:00 a.m., or as soon thereafter as this matter may be heard in the above entitled Court, located at 280 South 1st Street, San Jose, CA 95113, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby move pursuant to Federal Rule of Civil Procedure 37 for an order to compel Apple Inc. ("Apple") to provide information regarding the circumstances surrounding Apple's October 10, 2013 public filing of certain terms of the Apple-Nokia and Apple-NEC licenses, which remained public for over four months and resulted in further public dissemination of that information.

The requested information is highly relevant in light of Apple's and Nokia's accusations against Samsung regarding the very Apple-Nokia license terms that spawned months of costly discovery and briefing for which Apple and Nokia now seek to recover their fees and costs, and in light of Apple's now discredited representations to the Court that certain terms of the Apple-Nokia license had never been publicly disclosed.  Samsung has repeatedly requested Apple to provide such information since learning of Apple's public disclosure, but Apple has refused any substantive and detailed answers.

# RELIEF REQUESTED

Samsung respectfully requests that the Court order Apple to provide a sworn declaration with substantive and detailed answers to the following questions Samsung asked in its February 14, 2013 letter to Apple:

1. Complete information regarding what Nokia and NEC have said in response to Apple's revelation that certain terms of their licenses with Apple were publicly filed in October 2013 and remained on the public docket for four months, and attaching copies of such correspondence;

2. Complete information regarding the investigation Apple performed before it informed the Court and Samsung that it had no information that "the document was distributed on the Internet or otherwise used;" and

3. The names and titles of the persons involved in the inadvertent disclosure and what each of them did as part of Apple's "multi-level review process" for the particular filing at issue on October 10, 2013.

**SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)**

Samsung hereby certifies that it has in good faith conferred with Apple on February 26, 2014 in an effort to obtain the discovery described immediately above without Court action, and that Samsung has been in continuous correspondence with Apple on this issue since the revelation of Apple's October 10 public disclosure on February 11, 2014. Samsung's efforts to resolve this discovery dispute without court intervention are described in the Declaration of Robert Becher, submitted herewith.

DATED: February 27, 2014            Respectfully submitted,

                                    QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP

                                    By */s/ Michael T. Zeller*
                                       Charles K. Verhoeven
                                       Kathleen M. Sullivan
                                       Kevin P.B. Johnson
                                       Victoria F. Maroulis
                                       William C. Price
                                       Michael T. Zeller

                                    Attorneys for SAMSUNG ELECTRONICS CO.,
                                    LTD., SAMSUNG ELECTRONICS AMERICA,
                                    INC. and SAMSUNG
                                    TELECOMMUNICATIONS AMERICA, LLC

**Preliminary Statement**

Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby bring this motion for an order to compel Apple Inc. ("Apple") to provide information regarding the circumstances surrounding Apple's October 10, 2013 public filing of certain terms of the Apple-Nokia and Apple-NEC licenses, which remained public for over four months and resulted in further public dissemination of that information.

**Factual Background**

**Apple's Public Filing of the Apple-Nokia and Apple-NEC Licenses.**   On February 11, 2014, Apple revealed for the first time that it had publicly filed on October 10, 2013 detailed financial terms of Apple's licenses with Nokia and NEC on PACER and that this filing had remained publicly accessible for at least four months.   Dkt. 2965-12.   Nokia's counsel was served back in October 2013 with this public filing that contained its claimed CBI, but Nokia neither objected nor complained.   Dkt. 772-774 (Nokia's notices of appearance).   This public filing by Apple was made in the midst of proceedings in which Apple and Nokia were aggressively demanding draconian sanctions (including frivolous preclusion sanctions) against Samsung for inadvertently failing to redact references to certain terms of this same Apple-Nokia license.   And even as Apple finally admitted to its public disclosure of the Apple-Nokia license terms, Apple still tried to facilely represent to the Court that this disclosure had not been spread beyond PACER.   Becher Decl., Ex. 1.   In reality, however, not only had Apple's public filing been available the entire time on web sites linked to PACER, but it still remained available for download on LexisNexis Courtlink until Samsung notified Apple of that fact.   Dkt. 2964-5, ¶¶ 2-3.

Beginning on February 13, 2014, Samsung requested additional information regarding the details of Apple's public filing of the Apple-Nokia and Apple-NEC licensing information.   Dkt. 2965-16.   Specifically, Samsung requested that Apple:

> [F]ully disclose the circumstances surrounding the Filing and Apple's discovery that the Filing contained information Apple considers confidential, what procedures were in place to prevent the filing of confidential information at the time of the

1  Filing, and what Apple has done to investigate whether the Filing was accessed or
2  distributed.  Please also let us know when Apple notified Nokia and NEC about the Filing and fully disclose how both companies have responded to Apple's notice.

3 *Id.*  Apple responded with little information, claiming in conclusory, vague terms that it had

4 discovered its October 10 filing contained certain terms of the Apple-Nokia license "in the process

5 of reviewing Apple's filings in connection with sealing issues related to third parties."   Dkt. 2965-

6 17.   Apple also claimed that counsel for Apple "immediately engaged in an investigation to

7 determine whether the document in question, or the information contained within, had become

8 available on the Internet or otherwise used," and that, as of February 13, 2014, it had "no

9 information that the document was distributed on the Internet or otherwise used."  *Id.* at 2.

10  On February 14, Samsung reiterated its request for information, pointing out the

11 inadequacy of Apple's prior response, and specifically asking Apple "if there was a "multi-level

12 review process, involving multiple individuals" for this particular filing and, if so, the names and

13 titles of the persons involved and what each of them did as part of the "multi-level review

14 process."  Dkt. 2965-18.   Samsung also informed Apple that its statement regarding public

15 distribution of the document was inaccurate, as the document "reflecting the claimed confidential

16 terms of the Apple-Nokia license (as well as the NEC license) is readily available for download on

17 LexisNexis CourtLink."   *Id.*   Samsung requested that Apple "explain what investigation Apple

18 performed before it informed the Court and Samsung that it had no information 'the document was

19 distributed on the Internet or otherwise used.'"  *Id.*

20  On February 15, 2014, Apple acknowledged that, contrary to its earlier representations, the

21 document remained publicly available on LexisNexis CourtLink and stated that it was attempting

22 to remove it.   Dkt. 2965-19.   On February 18, 2014, Apple informed Samsung that LexisNexis

23 had removed the document from the CourtLink database.   Dkt. 1280-4 (Case 12-630), Ex. 1.

24 However, Apple still did not provide any of the other information Samsung had specifically

25 requested.   Dkt. 2965-19.

26  On February 19, 2014, Samsung again requested answers to the questions in its February

27 14 letter.  *Id.*, Ex. 2.   Apple did not respond.   So Samsung again followed up with its request on

28 February 22.  *Id.*, Ex. 3.   Samsung also requested to meet and confer regarding a motion to

compel Apple to provide the requested information. *Id.* Apple refused to provide the requested information and ignored Samsung's request for a meet and confer. *Id.*, Ex. 4. In a February 23 letter, Apple refused to provide Samsung with "'names and titles' of those involved in the multi-level review, as we are under no obligation to do so." *Id.* As for Apple's investigation efforts supposedly undergirding its (erroneous) representations to the Court that the filing was no longer publicly available, Apple stated merely that it had "conducted extensive searching of the public Internet"—without any elaboration of what those efforts were—and had supposedly "located no copy of the document." Apple further refused to provide Samsung with its communications with Nokia and NEC "as we are under no obligation to do so." *Id.*

On February 24, Samsung again requested a meet and confer, this time on Tuesday, February 25. Becher Dec., Ex. 5. Apple nevertheless refused to meet and confer until February 26. *Id.*, Ex. 6. During the meet and confer, Apple refused to provide any additional information. *Id.*, ¶ 12.

**Apple's Public Filing of Other CBI.** Apple's October 10 disclosure was not an isolated occurrence. Apple has publicly field its competitors' CBI on at least two other occasions. Dkt. 2835-8. In particular, Apple publicly filed Samsung and Google CBI in Case No. 12-630 on November 5, 2013, and publicly filed Samsung, Google, Apple, Microsoft, and Novell CBI in Case No. 11-1846 on November 19, 2013. *Id.* Indeed, one of those instances was discovered by Quinn Emanuel, and Apple belatedly admitted to it only after being specifically questioned about the disclosure. *Id.* ¶¶ 7-8.

**Apple's and Nokia's Attempts to Conceal the October 10 Disclosure from the Public.** Both Apple and Nokia have baselessly sought to seal all references to the October 10 disclosure in an effort to hide Apple's errors from the public. Samsung has opposed these sealing requests. Dkt. 2993-3; Dkt. 2977-3; Dkt. 1280-3 (12-630). Apple's argument that the information should be sealed because the public could locate the docket entry of the October 10 filing is untenable. Dkt. 1280-4 (12-630), Ex. 1. The clerk has already locked that entry, so download is impossible.

Apple appears to concede that public filing would be appropriate *after* the Court grants Apple's pending motion to remove the incorrectly filed document. *Id.* While that position is

itself frivolous, Nokia has urged an even more extreme position by arguing that all filings related to the October 10 disclosure should be sealed *indefinitely* because individuals *already in possession* of the downloaded document would be alerted to the licensing terms in the document they legitimately downloaded from PACER or another service before February 10, 2013.  Dkt. 2985-3, ¶ 5 (arguing that unsealing "would inform the public where confidential information could be located relating to Apple-Nokia licensing terms particularly for any members of the public who happened to download that information while it was available on the docket"); Dkt. 1315-3 (12-630), ¶ 7 (same).  As explained in Samsung's recent opposition to Nokia's sealing papers, this argument is untenable for multiple reasons.  Dkt. 2993-3 at 2-3.

**Nokia does not Respond to Samsung's Request for Nokia to Describe or Produce Nokia's Communications with Apple.**  While meeting and conferring with Apple regarding the present motion on February 26, Apple raised whether Nokia would consent to the description or production of communications between Apple and Nokia concerning Apple's October 10 public filing.  The same day, Samsung immediately requested Nokia's consent and Nokia's own production of the information before the February 27 hearing, Becher Decl., Ex. 9, but Samsung had not received a response as of the filing of the present motion.

**Argument**

The Court should compel Apple to provide critical information regarding the circumstances surrounding Apple's October 10, 2013 public filing of certain terms of its licenses with Nokia and NEC, Apple's alleged subsequent investigation and search for the filing on the Internet, and—most importantly—Apple's correspondence with Nokia and NEC regarding the public disclosure.

The requested information is highly relevant in light of Apple's and Nokia's accusations against Samsung regarding the very Apple-Nokia license terms that spawned months of discovery and briefing for which Apple and Nokia now seek to recover their fees and costs, and in light of Apple's and Nokia's now discredited representations to the Court that certain terms of the Apple-Nokia license had never been publicly disclosed.  Rule 37 gives the Court discretion to deny awards where "circumstances make an award of expenses unjust."  FRCP 37(b)(2)(C).  Among

the considerations that might warrant the denial of fees is that the prevailing party on the motion "also acted unjustifiably." FRCP 37, Notes of Advisory Committee on Rules—1970 Amendment, Subdivision (a)(4). The information Samsung requests will shed light on whether Apple has also acted unjustifiably in disclosing its own and others' CBI, such that a substantial fee award in connection with Apple's related accusations against Samsung would be unjust.[1]

**Information Regarding Nokia's Response to Apple's Improper Disclosure of the Apple/Nokia License Terms to the Public is Relevant.** Nokia's response to Apple's October 10 filings is particularly relevant to the award of fees and costs because it will show whether Nokia intends to pursue Apple for its disclosures. If Nokia has given no indication that it intends to do so, this suggests that Nokia has not been seeking legitimate protection of its purported confidential information in connection with its aggressive litigation of the protective order issue against Samsung. Nokia's communications with Apple are also relevant to Apple and Nokia's positions as to the confidentiality of the information involved, and the extent to which Apple's filing was publicly disseminated beyond PACER, as Nokia's sealing declarations indicate did, or may have, occurred. Dkt. 2985-3, ¶ 5; Dkt. 2973-2, ¶ 5 (claiming that members of the public may now be in possession of the improperly redacted Apple filing which contained the Apple/Nokia license terms).

**Information Regarding Apple's Investigation of its Own Improper Disclosure of the Apple/Nokia License Terms to the Public is Relevant**. Information regarding Apple's investigation of the public availability of the October 10 filing is relevant to determine whether Apple's statements to the Court regarding the limited scope of dissemination can be trusted. Such assurances should be viewed skeptically in light of Nokia's acknowledgment in its sealing declarations that the information was publicly disseminated, Dkt. 2985-3, ¶ 5, and Apple's own acknowledgment that PACER download history is not readily available, Dkt. 2835-8, Ex. 7. The confidentiality of this licensing information at the time Apple and Nokia were aggressively

---

[1] Apple and Nokia repeatedly trumpeted Samsung's more limited, inadvertent disclosures in public filings. Apple's and Nokia's recent attempts to seal any documentation revealing Apple's own public disclosure of the underlying information reveals an impermissible double standard.

pursing sanctions is relevant to the propriety and amount of fees awarded.

**Information Regarding Apple's Claimed "Multi-Level Review Process" is Relevant**. Information regarding the details of Apple's alleged "multi-level review process" for avoiding this type of public disclosure is relevant to determine whether Apple has also acted unjustifiably in connection with the licensing information at issue.   The Court's January 29 Order awarded sanctions based on the finding that "Samsung and its outside counsel made a conscious decision to set up a system" that would allow the inadvertent disclosure to occur, without required "follow up" and "immediate" corrective action.   2935 at 13, 16-17.   The same questions can now be asked of Apple's system, which not only allowed three known public filings of confidential information, but also failed to notify Samsung of the November 5 disclosure and failed to trigger a review of earlier filings—like the October 10 filing—that might have been improperly redacted. Apple's own conduct is relevant to any award of fees under Rule 37 and requires knowledge of the details of the system that allowed the inadvertent disclosures and subsequent failures to occur.

### Conclusion

Apple's refusal to provide even the basic information Samsung has requested regarding Apple's inadvertent disclosure of the Apple-Nokia license terms to the world casts doubt on the propriety of Apple's scorched-earth approach to Samsung's inadvertent disclosure, and the concomitant fees Apple incurred in pursuing those efforts, which Apple is now demanding that Samsung pay.   Accordingly, Samsung requests that Apple be ordered to provide a sworn declaration with substantive and detailed answers to the following questions Samsung asked in its February 14, 2013 letter to Apple:

4. Complete information regarding what Nokia and NEC have said in response to Apple's revelation that certain terms of their licenses with Apple were publicly filed in October 2013 and remained on the public docket for four months, and attaching copies of such correspondence;

5. Complete information regarding the investigation Apple performed before it informed the Court and Samsung that it had no information that "the document was distributed on the Internet or otherwise used;" and

02198.51855/5779847.6

-6-   Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION TO COMPEL APPLE TO PROVIDE INFORMATION REGARDING ITS PUBLIC DISCLOSURES OF CONFIDENTIAL INFORMATION

1    6. The names and titles of the persons involved in the inadvertent disclosure and what each of
2       them did as part of Apple's "multi-level review process" for the particular filing at issue on
3       October 10, 2013.

DATED: February 27, 2014            Respectfully submitted,

                                    QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP

                                       By */s/ Michael T. Zeller*
                                          Charles K. Verhoeven
                                          Kathleen M. Sullivan
                                          Kevin P.B. Johnson
                                          Victoria F. Maroulis
                                          William C. Price
                                          Michael T. Zeller

                                    Attorneys for SAMSUNG ELECTRONICS CO.,
                                    LTD., SAMSUNG ELECTRONICS AMERICA,
                                    INC. and SAMSUNG
                                    TELECOMMUNICATIONS AMERICA, LLC

## ATTESTATION

I, Victoria F. Maroulis, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Michael T. Zeller has concurred in this filing.

Dated: February 27, 2013                    By:  */s/ Victoria F. Maroulis*
                                                  Victoria F. Maroulis

02198.51855/5779847.6

-8-                      Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION TO COMPEL APPLE TO PROVIDE INFORMATION REGARDING ITS PUBLIC DISCLOSURES OF CONFIDENTIAL INFORMATION