QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S AMENDED NOTICE OF MOTION AND MOTION TO COMPEL APPLE TO PROVIDE INFORMATION REGARDING ITS PUBLIC DISCLOSURES OF CONFIDENTIAL INFORMATION**<br><br>**Date:     April 8, 2014**<br>**Time:    10:00 am**<br>**Judge:   Hon. Paul S. Grewal**<br>**Place:   Courtroom 5, 4th Floor** |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 8, 2014, at 10:00 a.m., or as soon thereafter as this matter may be heard in the above entitled Court, located at 280 South 1st Street, San Jose, CA 95113, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby move pursuant to Federal Rule of Civil Procedure 37 for an order to compel Apple Inc. ("Apple") to provide information and transparency regarding its system for protecting confidential business information ("CBI") in compliance with the protective order, including the circumstances surrounding Apple's October 2013 public filing of CBI concerning certain terms of the Apple-Nokia and Apple-NEC licenses, and its subsequent filing of Samsung's and others' CBI, during the time when Apple was seeking sanctions for protective order violations against Samsung.   The requested information is relevant to determine whether Apple itself has violated the protective order, and whether further remedial action by Samsung, including document production and potentially sanctions, is necessary.   The information is independently relevant to determine whether the fees and costs to be awarded to Apple and Nokia in connection with the recently-concluded protective order proceedings against Samsung should be reduced, because a full award would be unjust in these circumstances.   Despite several meet and confer efforts, Apple persists in refusing to provide the requested information.

## RELIEF REQUESTED

Samsung respectfully requests that the Court order Apple to provide Rule 30(b)(6) deposition testimony and a sworn declaration regarding the following subjects:

1. Apple's system for protecting CBI in compliance with the protective order, including the names and titles of the persons involved in the October 2013 inadvertent disclosure and what each of them did as part of Apple's "multi-level review process" for the particular filing at issue, and whether that system allowed competitors' CBI to be distributed within Apple and/or publicly in October 2013 and thereafter;

2. Whether Apple undertook an investigation of possible earlier disclosures of CBI (such as

the October 2013 disclosure) after it learned of its November 2013 disclosures, and whether Apple's knowledge of those November 2013 disclosures caused Apple to modify its system to avoid such disclosures in the future;

3. The investigation Apple performed in February 2014, after it claims to have learned of the October 2013 disclosure, including (a) whether Apple or other persons not authorized by the protective order received, disseminated or used the CBI, (b) whether Samsung was promptly informed of this and other disclosures, (c) whether Apple took prompt remedial action and complied with all provisions of the protective order, and (d) what searches Apple had done and what Apple knew before it informed the Court and Samsung that it had no information that "the [improperly redacted October 2013] document was distributed on the Internet or otherwise used;" and

4. Nokia's and NEC's responses to Apple's revelation that certain terms of their licenses with Apple were publicly filed in October 2013 and remained on the public docket for four months (including copies of such correspondence).

### SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)

Samsung hereby certifies that it has in good faith conferred with Apple in an effort to obtain the discovery described above without Court action, and that Samsung has been in continuous correspondence with Apple on this issue since the revelation of Apple's October 10, 2013 public disclosure of the terms of its licenses with Nokia and NEC on February 11, 2014. Samsung's efforts to resolve this discovery dispute without court intervention are described in the Declaration of Robert J. Becher, submitted herewith.

DATED: March 4, 2014                    Respectfully submitted,

                                        QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP

                                        By  */s/ Michael T. Zeller*
                                            Charles K. Verhoeven
                                            Kathleen M. Sullivan
                                            Kevin P.B. Johnson
                                            Victoria F. Maroulis
                                            William C. Price
                                            Michael T. Zeller

                                        Attorneys for SAMSUNG ELECTRONICS CO.,
                                        LTD., SAMSUNG ELECTRONICS AMERICA,
                                        INC. and SAMSUNG
                                        TELECOMMUNICATIONS AMERICA, LLC

SAMSUNG'S AMENDED MOTION TO COMPEL APPLE TO PROVIDE INFORMATION REGARDING ITS
PUBLIC DISCLOSURES OF CONFIDENTIAL INFORMATION

**Preliminary Statement**

Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby bring this motion for an order to compel Apple Inc. to provide information and transparency regarding its system for protecting confidential business information ("CBI") in compliance with the protective order.   In particular, Samsung seeks information, including a 30(b)(6) deposition and a sworn declaration, concerning the circumstances surrounding Apple's October 2013 public filing of CBI regarding certain terms of the Apple-Nokia license.   Apple's public filing occurred during the time when Apple was seeking sanctions for protective order violations against Samsung concerning this very same information, and was followed by at least two other instances the very next month where Apple *again* publicly filed CBI—this time belonging to its competitors, including Samsung and Google.

Apple's repeated disclosures of CBI warrants some investigation.   Indeed, given Apple's aggressive campaign to seek sanctions against Samsung for its inadvertent disclosures, including extensive demands for discovery, Apple has no colorable basis for refusing Samsung's reasonable inquiries.   The need for transparency and evenhandedness concerning Apple's own inadvertent disclosures is plain.   Until Apple provides this information, Samsung is unable to determine whether further remedial action by Samsung, including document production and potentially sanctions, is necessary.   Samsung's motion for a deposition and a declaration should be granted.

**Factual Background**

**Apple's Public Filing of the Apple-Nokia and Apple-NEC Licenses.**   On February 11, 2014, Apple revealed for the first time that it had publicly filed on October 10, 2013 detailed financial terms of Apple's licenses with Nokia and NEC on PACER and that this filing had remained publicly accessible for at least four months.   Dkt. 2965-12.   Nokia's counsel was served back in October 2013 with this public filing that contained its claimed CBI, but Nokia neither objected nor complained.   Dkt. 772-774 (Nokia's notices of appearance).   This public filing by Apple was made in the midst of proceedings in which Apple and Nokia were demanding sanctions (including preclusion sanctions) against Samsung for inadvertently failing to redact

SAMSUNG'S AMENDED MOTION TO COMPEL APPLE TO PROVIDE INFORMATION REGARDING ITS
PUBLIC DISCLOSURES OF CONFIDENTIAL INFORMATION

references to certain terms of this same Apple-Nokia license.   And even as Apple admitted to its public disclosure of the Apple-Nokia license terms, Apple still tried to represent to the Court that this disclosure had not been spread beyond PACER.   Becher Decl., Ex. 1.   In reality, however, not only had Apple's public filing been available on web sites linked to PACER, but it remained available for download on LexisNexis Courtlink until Samsung notified Apple of that fact.   Dkt. 2964-5, ¶¶ 2-3.

Beginning on February 13, 2014, Samsung requested additional information regarding the details of Apple's public filing of the Apple-Nokia and Apple-NEC licensing information, including "the circumstances surrounding the Filing and Apple's discovery that the Filing contained information Apple considers confidential, what procedures were in place to prevent the filing of confidential information at the time of the Filing, and what Apple has done to investigate whether the Filing was accessed or distributed."   Dkt. 2965-16.   Samsung also asked for information regarding "when Apple notified Nokia and NEC about the Filing and … how both companies have responded to Apple's notice."   *Id.*   Apple responded with little information, claiming that it had discovered its mistake "in the process of reviewing Apple's filings in connection with sealing issues related to third parties."   Dkt. 2965-17.   Apple also claimed that counsel for Apple "immediately engaged in an investigation to determine whether the document in question, or the information contained within, had become available on the Internet or otherwise used," and that, as of February 13, 2014, it had "no information that the document was distributed on the Internet or otherwise used."   *Id.* at 2.

On February 14, Samsung reiterated its request for information, and asked "if there was a "multi-level review process, involving multiple individuals" for this particular filing and, if so, the names and titles of the persons involved and what each of them did as part of the "multi-level review process."   Dkt. 2965-18.   Samsung also informed Apple that its statement regarding public distribution of the document was inaccurate, as the document "reflecting the claimed confidential terms of the Apple-Nokia license (as well as the NEC license) is readily available for download on LexisNexis CourtLink."   *Id.*   Samsung requested that Apple "explain what

investigation Apple performed before it informed the Court and Samsung that it had no information 'the document was distributed on the Internet or otherwise used.'"   *Id.*

On February 15, 2014, Apple acknowledged that, contrary to its earlier representations, the document remained publicly available on LexisNexis CourtLink and stated that it was attempting to remove it.   Dkt. 2965-19.   On February 18, 2014, Apple stated that LexisNexis had removed the document from the CourtLink database, but provided none of the other requested information. Dkt. 1280-4 (Case 12-630), Ex. 1; Dkt. 2965-19.

On February 19, 2014, Samsung again requested answers to the questions in its February 14 letter.   *Id.*, Ex. 2.   Apple did not respond.   Samsung asked again on February 22.   *Id.*, Ex. 3.   Samsung also requested to meet and confer regarding a motion to compel Apple to provide the requested information.   *Id.*   Apple refused to provide the requested information and ignored Samsung's request for a meet and confer.   *Id.*, Ex. 4 (Apple's February 23 letter declining to provide information because "we are under no obligation to do so.")

On February 24, Samsung again requested a meet and confer, this time on Tuesday, February 25.   Becher Dec., Ex. 5.   Apple refused to meet and confer until February 26.   *Id.*, Ex. 6.   During the meet and confer, Apple refused to provide additional information. *Id.*, ¶ 12.

**Apple's Public Filing of Other CBI.**   Apple's October 10 disclosure was not an isolated occurrence.   Apple has publicly field its competitors' CBI on at least two other occasions.   Dkt. 2835-8.   In particular, Apple publicly filed Samsung and Google CBI in Case No. 12-630 on November 5, 2013, and publicly filed Samsung, Google, Apple, Microsoft, and Novell CBI in Case No. 11-1846 on November 19, 2013.   *Id.*   One of those instances was discovered by Quinn Emanuel, and Apple admitted to it only after being specifically questioned about the disclosure two weeks later.   *Id.* ¶¶ 7-8.

**Apple's and Nokia's Attempts to Conceal the October 10 Disclosure from the Public.** Both Apple and Nokia sought to seal all references to the October 10 disclosure in an effort to hide Apple's errors from the public.   Samsung opposed these sealing requests.   Dkt. 2993-3; Dkt. 2977-3; Dkt. 1280-3 (12-630).   On February 27, 2014, in denying all sealing motions related to the fees and costs briefing (Dkt. 2997), the Court rejected Apple's argument that the

SAMSUNG'S AMENDED MOTION TO COMPEL APPLE TO PROVIDE INFORMATION REGARDING ITS PUBLIC DISCLOSURES OF CONFIDENTIAL INFORMATION

information should be sealed because the public could locate the docket entry of the October 10 filing.   Dkt. 1280-4 (12-630), Ex. 1.   The Court further rejected Nokia's position that all filings related to the October 10 disclosure should be sealed *indefinitely* because individuals *already in possession* of the downloaded document would be alerted to the licensing terms in the document they legitimately downloaded from PACER or another service before February 10, 2013.   Dkt. 2985-3, ¶ 5; Dkt. 1315-3 (12-630), ¶ 7 (same).   The Court found that Apple's own errors should not be hidden from public view after Apple had injected the adequacy of Samsung's own system and subsequent remedial measures into the public domain.

**Nokia's Failure to Respond to Samsung's Request for its Communications with Apple.**   While meeting and conferring with Apple regarding the present motion on February 26, Apple raised the question of whether Nokia would consent to the description or production of communications between Apple and Nokia concerning Apple's October 10 public filing.   The same day, Samsung immediately requested Nokia's consent and production of the information. Becher Decl., Ex. 9.   As of this filing, Nokia has not responded to Samsung's request.

**Nokia's Demand For Additional Discovery from Samsung Even After the Court Issued its January 29 Order.**   Despite refusing to provide information to Samsung, Nokia has continued to pursue discovery from Samsung regarding Nokia's protective order allegations— even after this Court resolved these issues in its January 29 Order.   On February 25, Nokia filed a motion to compel Samsung to produce "information about where Nokia's CBI resides," including a log prepared by Stroz Friedberg.   Dkt. 2988 at 1.   Rather than acknowledging the finality of the Court's January 29 Order, Nokia claims that this Court's Order is "merely a *by-product* of the parties' efforts to discover the extent of the disclosures, and cannot substitute for the actual documents and information that show where and to whom Nokia's CBI was improperly distributed, how it was distributed, and where it remains in Samsung's possession."   *Id.* at 3 (emphasis added).   Not satisfied with this Court's *in camera* review of Samsung's privileged documents, findings of fact, selection of sanctions, and order of remediation, Nokia demands yet more "information and documents to understand the scope of the improper disclosures."   *Id.* Samsung will be opposing Nokia's motion to compel in due course.

Despite seeking additional discovery from Samsung, Nokia has not sought discovery from Apple, or sought sanctions, for Apple's public dissemination of the same license information in October 2013.

**Nokia and Apple's Unreasonable Delay in Complying with the Court's Unsealing Order.**   On February 28, Samsung informed Apple and Nokia that it intended to comply with the Court's February 27 unsealing order by publicly filing the relevant documents that day.   As a courtesy, Samsung informed Apple and Nokia of its intentions to determine whether they had any other objections to public filing that had not been rejected by the Court.   Apple stated that it had no objections but that Samsung should "wait until at least Monday" to determine whether NEC had objections to public filing.   Nokia likewise sought to delay.   Samsung then explained that it intended to promptly comply with the Court's order after 5 p.m. on March 1, allowing NEC and Nokia additional time to make any objections they might have.   Becher Decl., Ex. 10.   After Nokia and NEC failed to respond or provide any basis for sealing that was not rejected by the Court, and did not state any intention to seek further relief, Samsung complied with the Court's sealing order on March 2.   Dkts. 3000-3003; Dkt. 1363 (Case 12-630).   As of the date of filing the present amended motion, Apple and Nokia still have not complied with the Court's February 27 unsealing order, persisting in their rejected effort to hide their conduct related to the Apple-Nokia license from public view.

**Argument**

The Court should compel Apple to provide information regarding its system for protecting CBI in compliance with the protective order, including the circumstances surrounding Apple's public filing of CBI in October 2013 (and its failure to promptly discover its mistake despite two similar mistakes in publicly filing its competitors' CBI that were brought to Apple's attention the very next month), Apple's alleged investigation four months later, and Apple's correspondence with Nokia and NEC regarding the public disclosure.

SAMSUNG'S AMENDED MOTION TO COMPEL APPLE TO PROVIDE INFORMATION REGARDING ITS
PUBLIC DISCLOSURES OF CONFIDENTIAL INFORMATION

I.      **INFORMATION REGARDING APPLE'S SYSTEM FOR PROTECTING CBI AND COMPLIANCE WITH THE PROTECTIVE ORDER IS RELEVANT.**

The Court previously ordered Quinn Emanuel to pay fees and costs as sanctions for violations of the protective order based on deficiencies in Samsung's system for protecting CBI and taking prompt and adequate remedial action.   Dkt. 2935.   Specifically, the Court's January 29 Order found that "Samsung and its outside counsel made a conscious decision to set up a system" that would allow the inadvertent disclosure to occur, without required "follow up" and "immediate" corrective action.   2935 at 13, 16-17.   The same questions should now be asked of Apple's system, given the recent revelation that Apple has failed to take the necessary steps to protect CBI not once, not twice, but three times in the past five months—including its public filing of the very same Apple-Nokia license terms that were the subject of Apple's sanctions motion against Samsung.   Samsung has requested that Apple provide it with information concerning its system for protecting CBI, and the circumstances surrounding the October 2013 disclosure.   Just as the Court recognized in granting Apple discovery into the circumstances of Samsung's inadvertent disclosures, this information is relevant to whether Apple's own systems in place for protecting CBI are adequate, and whether further remedial action by Samsung, such as a request for a document production and potentially sanctions, is necessary.

Additionally, the information Samsung seeks is independently relevant to determining whether the fees and costs to be awarded to Apple and Nokia in connection with the sanctions proceedings against Samsung should be reduced because a full award of fees would be unjust. Rule 37 gives the Court discretion to reduce awards where "circumstances make an award of expenses unjust."   Fed. R. Civ. P. 37(b)(2)(C).   Among the considerations that might warrant the reduction of fees is that the prevailing party on the motion "also acted unjustifiably."   Fed. R. Civ. P. 37, Notes of Advisory Committee on Rules—1970 Amendment, Subdivision (a)(4).   The information Samsung requests will shed light on whether Apple has also acted unjustifiably in disclosing its own and others' CBI, such that a full fee award in connection with Apple's related accusations against Samsung would be unjust and should be reduced.   The Court should consider Apple's pending fee requests in light of Apple's own disclosure of the very Apple-Nokia license

SAMSUNG'S AMENDED MOTION TO COMPEL APPLE TO PROVIDE INFORMATION REGARDING ITS
PUBLIC DISCLOSURES OF CONFIDENTIAL INFORMATION

terms that spawned months of costly discovery and briefing for which Apple and Nokia now seek to recover their fees and costs, and in light of Apple's now-discredited representations to the Court that certain terms of the Apple-Nokia license had never been publicly disclosed.[1]

Despite its sweeping demands for discovery regarding Samsung's inadvertent disclosures, and the relevance of the information Samsung seeks, Apple has refused to provide this information voluntarily.   It should be ordered to disclose all relevant information concerning its system for protecting CBI and complying with the protective order, including the names and titles of the persons involved in the October 2013 inadvertent disclosure and what each of them did as part of Apple's "multi-level review process" for the particular filing at issue, and whether that system allowed competitors' CBI to be distributed within Apple and/or publicly in October 2013 and thereafter.

## II.   INFORMATION REGARDING APPLE'S REMEDIATION MEASURES AFTER THE NOVEMBER DISCLOSURES IS RELEVANT.

Samsung also seeks information and transparency regarding whether Apple undertook an investigation of possible earlier disclosures of CBI after it had actual knowledge of its November 5 and 19, 2013 disclosures.   Such an investigation might have led to a more timely discovery of Apple's October 2013 disclosure of the terms of the Apple/Nokia and Apple/NEC licenses. Whether and to what extent Apple undertook such an investigation in November 2013 is relevant to the sufficiency of Apple's system for protecting CBI.

Similarly, Samsung also is entitled to know whether Apple's knowledge of the November 2013 disclosures caused Apple to modify its system to avoid such disclosures in the future.   In awarding sanctions, this Court determined that Quinn Emanuel's response to prior disclosures of CBI were inadequate, and the same inquiry must now be made of Apple.

---

[1]   As Samsung explained at the February 27, 2014 hearing, it is not challenging the Court's finding that a fee award is appropriate.   Rather, Samsung believes that the *amount* of fees and costs awarded should be reduced in light of Apple's conduct.

SAMSUNG'S AMENDED MOTION TO COMPEL APPLE TO PROVIDE INFORMATION REGARDING ITS PUBLIC DISCLOSURES OF CONFIDENTIAL INFORMATION

III.   **INFORMATION REGARDING APPLE'S FEBRUARY 2014 INVESTIGATION OF ITS OWN IMPROPER DISCLOSURE OF THE APPLE/NOKIA LICENSE TERMS TO THE PUBLIC IS RELEVANT.**

Apple apparently did not catch its error regarding its October 2013 public filing of the Apple-Nokia license terms until approximately four months later, in February 2014.   It then conducted some sort of an investigation, but is refusing to share the details and outcome of that investigation with Samsung, such as (a) whether Apple or other persons not authorized by the protective order received, disseminated or used the CBI, (b) whether Samsung was promptly informed of this and other disclosures, (c) whether Apple took prompt remedial action and complied with all provisions of the protective order, and (d) what searches Apple had done and what Apple knew before it informed the Court and Samsung that it had no information that "the [improperly redacted October 2013] document was distributed on the Internet or otherwise used."

Information regarding Apple's investigation is relevant to many issues, including whether Apple has violated the protective order and whether Apple should be ordered to conduct further remedial efforts.   This information is also necessary to test Apple's representations to Samsung and the Court.   Those representations should be viewed skeptically in light of Nokia's acknowledgment in its sealing declarations that the Apple-Nokia license information may already have been publicly disseminated, Dkt. 2985-3, ¶ 5, and Apple's own acknowledgment that PACER download history is not readily available, Dkt. 2835-8, Ex. 7.

Finally, the confidentiality of this licensing information at the time Apple and Nokia were pursing sanctions against Samsung is relevant to whether the fee award should be reduced. Apple's and Nokia's scorched-earth approach to Samsung's inadvertent disclosure, and the amount of the concomitant fees Apple and Nokia incurred in pursuing those efforts, must be juxtaposed against the fact that Apple had simultaneously posted (and Nokia neglected to notice) this information on the Internet for all the world to see.   The fee award should be reduced accordingly.

**IV.  INFORMATION REGARDING NOKIA'S RESPONSE TO APPLE'S IMPROPER DISCLOSURE OF THE APPLE/NOKIA LICENSE TERMS TO THE PUBLIC IS RELEVANT.**

Nokia's response to Apple's October 10 disclosure is particularly relevant to the amount of the pending award of fees and costs because it will show whether Nokia intends to pursue Apple for its disclosures.   If Nokia has given no indication that it intends to do so, this suggests that Nokia has not been seeking legitimate protection of its purported confidential information in connection with its litigation of the protective order issue against Samsung.   Nokia's communications with Apple are also relevant to Apple and Nokia's positions as to the confidentiality of the information involved, and the extent to which Apple's filing was publicly disseminated beyond PACER, as Nokia's sealing declarations indicate did, or may have, occurred. Dkt. 2985-3, ¶ 5; Dkt. 2973-2, ¶ 5 (claiming that members of the public may now be in possession of the improperly redacted Apple filing which contained the Apple/Nokia license terms).

### Conclusion

For the foregoing reasons, Samsung requests that Apple be ordered to provide Rule 30(b)(6) deposition testimony and a sworn declaration with substantive and detailed information concerning the following subjects:

1.      Apple's system for protecting CBI in compliance with the protective order, including the names and titles of the persons involved in the October 2013 inadvertent disclosure and what each of them did as part of Apple's "multi-level review process" for the particular filing at issue, and whether that system allowed competitors' CBI to be distributed within Apple and/or publicly in October 2013 and thereafter;

2.      Whether Apple undertook an investigation of possible earlier disclosures of CBI (such as the October 2013 disclosure) after it learned of its November 2013 disclosures, and whether Apple's knowledge of those November 2013 disclosures caused Apple to modify its system to avoid such disclosures in the future;

3.      The investigation Apple performed in February 2014, after it claims to have learned of the October 2013 disclosure, including (a) whether Apple or other persons not authorized by the protective order received, disseminated or used the CBI, (b) whether Samsung was promptly

informed of this and other disclosures, (c) whether Apple took prompt remedial action and complied with all provisions of the protective order, and (d) what searches Apple had done and what Apple knew before it informed the Court and Samsung that it had no information that "the [improperly redacted October 2013] document was distributed on the Internet or otherwise used;" and

4.      Nokia's and NEC's responses to Apple's revelation that certain terms of their licenses with Apple were publicly filed in October 2013 and remained on the public docket for four months (including copies of such correspondence).

DATED: March 4, 2014                 Respectfully submitted,

                                     QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP

                                     By  /s/ Michael T. Zeller
                                         Charles K. Verhoeven
                                         Kathleen M. Sullivan
                                         Kevin P.B. Johnson
                                         Victoria F. Maroulis
                                         William C. Price
                                         Michael T. Zeller

                                         Attorneys for SAMSUNG ELECTRONICS CO.,
                                         LTD., SAMSUNG ELECTRONICS AMERICA,
                                         INC. and SAMSUNG
                                         TELECOMMUNICATIONS AMERICA, LLC

## ATTESTATION

I, Victoria F. Maroulis, am the ECF User whose ID and password are being used to file this Declaration.    In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Michael T. Zeller has concurred in this filing.


Dated:    March 4, 2013                    By:  */s/ Victoria F. Maroulis*
                                                        Victoria F. Maroulis

SAMSUNG'S AMENDED MOTION TO COMPEL APPLE TO PROVIDE INFORMATION REGARDING ITS
PUBLIC DISCLOSURES OF CONFIDENTIAL INFORMATION