| | |
|---|---|
| 1 | RANDALL L. ALLEN (Ca. Bar No. 264067) |
| | randall.allen@alston.com |
| 2 | RYAN W. KOPPELMAN (Ca. Bar No. 290704) |
| | ryan.koppelman@alston.com |
| 3 | XAVIER M. BRANDWAJN (Ca. Bar No. 246218) |
| | Xavier.brandwajn@alston.com |
| 4 | ALSTON & BIRD LLP |
| | 275 Middlefield Road, Suite 150 |
| 5 | Menlo Park, CA 94025 |
| | Telephone:    650-838-2000 |
| 6 | Facsimile:    650-838-2001 |
| 7 | Attorneys for Non-Party |
| | NOKIA CORPORATION |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 11-CV-01846-LHK (PSG) |
| Plaintiff, | |
| v. | **DECLARATION OF RYAN W. KOPPELMAN IN SUPPORT OF APPLE'S AND SAMSUNG'S ADMINISTRATIVE MOTIONS TO SEAL [DKT. NOS. 2958, 2964]** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

DECLARATION OF RYAN W. KOPPELMAN IN SUPPORT OF APPLE'S AND SAMSUNG'S ADMINISTRATIVES MOTION TO SEAL [DKT. NOS. 2958, 2964]

CASE NO.: 11-CV-01846-LHK (PSG)

I, Ryan W. Koppelman, declare as follows:

1. I am an attorney with the law firm of Alston & Bird LLP, counsel for Nokia Corporation ("Nokia") in the above-captioned action currently pending in the U.S. District Court for the Northern District of California. I am a member in good standing of the State Bar of California and am admitted to practice before this Court. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify thereto.

2. Pursuant to Civil Rule 79-5(e) and the "Stipulation and [Proposed] Order Regarding January 29, 2014 Order (Dkt. No. 2935)" filed on February 19, 2014 (Dkt. No. 2968), I am filing this declaration on behalf of Nokia in support of Apple's Administrative Motion to File Documents Under Seal (Dkt. No. 2958) ("Apple's Motion to Seal") and Samsung's Administrative Motion to File Documents Under Seal (Dkt. No. 2958) ("Samsung's Motion to Seal").

3. I received unredacted copies of Apple's Motion to Seal papers and Samsung's Motion to Seal papers by email on February 17, 2014.

4. Apple's Motion to Seal asks the Court to seal the February 17, 2014 Letter Brief in Response to the Court's February 6, 2014 Order (Docket No. 2941) ("Lee Letter"), as well as the Kolovos Sealing Declaration filed in support thereof, for the reasons stated in the Kolovos Sealing Declaration. The Lee Letter contains, specifically at pages 2 and 4-5, portions (which Nokia understands Apple has highlighted in yellow for the Court) that, if made public, would provide information regarding where confidential information could be located relating to Apple-Nokia licensing terms. This confidential information was contained in an improperly redacted document (*Apple v. Samsung*, Case No. 12-CV-00630-LHK (PSG), Dkt. No. 806-06, at page 11) that has now been locked and that Apple has separately moved to withdraw from the docket.

5. Nokia supports the sealing of the Lee Letter and the supporting Kolovos Sealing Declaration, as well as of any submissions relating to those documents, for at least the reasons stated by Apple in Apple's Motion to Seal. The portions of those documents addressing page 11 of Docket Number 806-06 should be sealed because the public disclosure of any identifying details about that Docket Number 806-06—including but not limited to its docket number, any description of the information contained therein, and any party's arguments regarding the effect of the public disclosure of

that information on issues in dispute—would allow persons not otherwise authorized to view confidential Apple and Nokia information to locate and focus on that information among all other filings in the Apple-Samsung cases, to the extent such persons have copies of Docket Number 806-06 before access to that document was locked by the Court.

6. Nokia also considers the information in page 11 of Docket Number 806-06, which is addressed in the Lee Letter as part of the dispute over Apple's request for fees and costs, confidential. That page discusses specific confidential terms of the 2011 "Patent License Agreement" entered into by Apple and Nokia and provides information that could be used to determine such license terms. Nokia considers its licensing terms highly confidential because this information is not disclosed publicly or to any third party except under strict confidentiality agreements, and these redactions are necessary to avoid causing serious harm to Nokia (*see* Dkt. No. 2254 at ¶ 4). In addition, Nokia-Apple confidential licensing terms are consistently designated as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" pursuant to the Protective Order entered in this case. The Court, moreover, has previously found that non-public licensing terms are sealable (*see* Dkt. No. 1649 at 7, 10-11).

7. For the foregoing reasons, Nokia requests that Apple's Motion to Seal be granted.

8. For the same reasons stated above, Nokia also supports Samsung's Motion to Seal. That motion asks the Court to seal (1) Samsung's Letter Brief Regarding Fees and Costs, (2) the Declaration of Robert J. Becher in Support, (3) Exhibits 1-28 of the Declaration of Robert J. Becher, and (4) the Declaration of Bill Trac in Support. Those documents contain references and descriptions of, and arguments based on, the inadvertent disclosure of Apple-Nokia confidential licensing information in page 11 of Docket Number 806-06. As such, that information should be sealed for the same reasons articulated above in connection with Nokia's support of Apple's Motion to Seal.

9. Pursuant to the Stipulation and [Proposed] Order Regarding January 29, 2014 Order (Dkt. No. 2935)" filed on February 19, 2014 (Dkt. No. 2968), Nokia's counsel is currently working with counsel for Apple and Samsung to agree on redactions to the documents that are the subject of Apple's and Samsung's Motions to Seal so that redacted versions of those sealed documents may be timely filed in the public docket. Nokia reserves its rights to file its own motion to seal additional portions of the

documents that are the subject of Apple's and Samsung's Motions to Seal if Nokia and the parties are not able to reach agreement on the appropriate redactions to those documents.

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.**

Executed this 21st day of February, 2014, in Menlo Park, California.

    /s/ Ryan W. Koppelman

Ryan W. Koppelman
ryan.koppeman@alston.com
(Ca. Bar No. 290704)
**ALSTON & BIRD LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:	650-838-2000
Facsimile:	650-838-2001

*Attorneys for Non-Party NOKIA CORPORATION*