QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S OPPOSITION TO NOKIA'S MOTION TO COMPEL INFORMATION FOR REMEDIATION** |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................... 1

STATEMENT OF FACTS............................................................................................................. 1

ARGUMENT ................................................................................................................................. 5

I. NOKIA'S MOTION SHOULD BE DENIED AS AN IMPROPER MOTION FOR RECONSIDERATION OF THIS COURT'S JANUARY 29 ORDER. ................................ 5

II. NOKIA'S REQUESTS FOR RELIEF FAIL ON THEIR MERITS ..................................... 6

    A. Nokia Has No Valid Basis For Seeking The Information It Seeks Now That The Court Has Issued Its January 29 Order Requiring Remediation and Samsung Has Complied With It. .................................................................................. 6

    B. There Is No Basis For Compelling Production Of Samsung's Privileged Documents. .................................................................................................................. 7

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page**

### Cases

*Ansari v. Elec. Document Processing Inc.*,
  2013 WL 4647621 (N.D. Cal. Aug. 29, 2013) ................................................................... 5

*Doherty v. City of Alameda*,
  09-4961-E 2010 WL 1526135 (N.D. Cal. Apr. 14, 2010) ................................................. 5

*Gwin v. Target Corp.*,
  2014 WL 651864 (N.D. Cal. Feb. 19, 2014) ..................................................................... 5

*Lou v. Ma Labs., Inc.*,
  2013 WL 1615785 (N.D. Cal. Apr. 15, 2013) ................................................................... 5

*Ottovich v. Chase Home Fin., LLC, C*,
  10-02842 WHA 2013 WL 4776528 (N.D. Cal. Sept. 6, 2013) ......................................... 5

*Tennenbaum v. Deloitte & Touche*,
  77 F.3d 337 (9th Cir. 1996) ........................................................................................... 8, 9

**Preliminary Statement**

Nokia's purported "motion to compel information for remediation" is, in fact, a motion for reconsideration of arguments Nokia raised (and lost) several times before in connection with the protective order matter. Nokia's request to compel the production of documents that it claims (incorrectly) would help it determine what remediation is necessary overlooks two dispositive facts. First, the Court has already ruled on that very question in its January 29 Order. Second, Samsung has already complied with that Order. Nokia's motion thus constitutes an improper, and groundless, motion for reconsideration of that Order, and should be denied for that reason alone. Indeed, Nokia's motion even rehashes the same issues already briefed and pending before the Court in connection with Samsung's motion to modify the parties' stipulation as it concerns the document log. Nothing in the Rules permits Nokia to bring such a duplicative, wasteful motion. Even apart from these improprieties, Nokia's motion fails on the merits. The documents and log that Nokia seeks are irrelevant to any issue before the Court and are privileged (with no basis for piercing that privilege). Nokia's motion should be denied on these grounds as well.

**Statement of Facts**

**Nokia's Motion for a Protective Order, and the Nokia-Samsung Stipulation**. On July 1, 2013, Nokia filed a motion for protective order alleging that the Nokia-Apple license terms, which had been produced to Samsung in this case, may have been misused. Nokia requested, among other things, that Samsung be ordered to return or destroy information Nokia produced and investigate and explain the circumstances that led to the inadvertent disclosures. (Case No. 12-630, Dkt. 647 at 10.)

On August 18, 2013, Samsung and Nokia entered into a stipulation that addressed the issues in Nokia's motion, and Nokia withdrew its motion. (Case No. 12-630, Dkt. 740.) The stipulation described search procedures that the parties agreed to use to identify documents in the possession of Samsung employees containing information about the Apple-Nokia license. (Case No. 12-630, Dkt. 785.) Specifically, the stipulation provided that: (1) Quinn Emanuel would retain Stroz Friedberg to collect and preserve documents within Samsung evidencing receipt, dissemination, or use of the inadvertently disclosed information (*id.* at ¶ 5); (2) Stroz Friedberg

would "prepare a log of all instances in which the Disclosed Information was disseminated . . . or used in any Documents by Samsung employees," which Quinn Emanuel would review and redact for privilege before providing to Nokia (*id.* at ¶ 7); (3) after reviewing the log with any redactions, Nokia was entitled to request redacted copies of documents on the log (*id.*); and (4) Quinn Emanuel would take all steps to "secure the return or verified destruction of the Disclosed Information . . . ." (*Id.* at ¶ 9.) The stipulation made clear that Quinn Emanuel and Samsung did not waive any privilege by complying with its terms, and Nokia agreed that it "will not argue that this Stipulation constitutes any such waiver". (*Id.* at ¶ 11.)

**The Court-Ordered Discovery**. On October 2, 2013, the Court ordered Samsung to produce discovery regarding the inadvertent disclosures at issue, including by producing email communications regarding Apple's licenses with Nokia, Sharp, Ericsson and Philips, and by making several witnesses available for deposition. (Dkt. 2483 at 5.)

On October 16, 2013, in response to the Court's order, Samsung produced documents to Apple and Nokia, and also provided privilege logs that identified and described any responsive communications that were withheld on attorney-client privilege or work-product grounds. On October 22, 2013, the Court ordered Samsung to provide it with unredacted copies of all documents identified on Samsung's privilege logs so that the Court could conduct an *in camera* review. (Dkt. 2588 at 2.)

On November 8, 2013, the Court issued an order to show cause in which it identified eleven documents that it had reviewed *in camera* as potentially supporting Apple's request for sanctions. (Dkt. 2689 at 3.) The Court further expressed concern about whether these documents were properly withheld from production on the basis of privilege and allowed Samsung a supplemental submission on the privilege issue. (*Id.* at 4 n.16.) On November 15, Samsung submitted a brief with sixteen declarations supporting its assertions of privilege. (Dkt. 2807, Dkt. 2807-1 to Dkt. 2807-16.)

**Samsung's Motion Regarding the Log Provision of the Stipulation**. On December 6, 2013, in light of the Court's *in camera* review of Samsung's privileged documents—which was not contemplated at the time Samsung and Nokia entered into their stipulation—as well as the

1  extensive discovery and logs already provided, Samsung filed a motion concerning the log
2  provision in the stipulation. (Case No. 12-630, Dkt. 1038.) In particular, Samsung sought an
3  Order confirming that it has complied with Paragraph 7 of the October 2, 2013 stipulation with
4  Nokia relating to the preparation of a document log, or, in the alternative, for relief from that
5  provision on the grounds that Samsung's production of documents and a log to the parties and the
6  Court in response to the Court's October 2, 2013 discovery order have effectively satisfied the
7  purpose of the log and rendered a further log unnecessary. (*Id.* at 1.)

8        On December 9, 2013, in advance of a hearing in this matter scheduled for that day, Nokia
9  moved to strike Samsung's motion. (Case No. 12-630, Dkt. 1041.) At the December 9 hearing,
10 Nokia argued, at length, that notwithstanding all the discovery that had already been taken and the
11 Court's *in camera* review of Samsung's privileged documents, the Court should require Samsung
12 to prepare the log contemplated by the stipulation. (Dec. 9, 2013 H'rg Tr. at 99:22-106:4.)
13 Indeed, despite the extensive document and deposition discovery and other proceedings that had
14 transpired, Nokia went so far as to insist that it needed to see the log contemplated by the
15 stipulation so that it could "have some understanding of . . . what happened." (*Id.* at 105:18-22.)
16 Nokia also argued that the privilege log Samsung had prepared was insufficient. (*Id.* at 102:18-
17 103:7.) Nokia requested that the Court either order Samsung to "complete the log as it's described
18 in the . . . stipulated order," or "make a finding that" Samsung waived privilege over all of the
19 documents identified on its privilege log, in which case Nokia said that it would not "need a log."
20 (*Id.* at 103:10-21.) Then, on December 10, 2013, Nokia filed an additional brief opposing
21 Samsung's motion. (Case No. 12-630, Dkt. 1048.) In this brief, Nokia asserted that the purpose
22 of the log was "to identify and remediate Samsung's improper transmissions and uses of Nokia's
23 CBI" (*id*. at 2), and argued, as it had at the hearing the day before, that Samsung's privilege log
24 was insufficient for that purpose. (*Id.* at 3-4.)

25       **The Court's January 29 Order**. On January 29, 2014, the Court issued its order
26 resolving Apple's and Nokia's requests for sanctions. (Dkt. 2935.) In its Order, the Court stated
27 its findings based on its *in camera* review of the documents Samsung had identified on its
28 privilege log, and concluded that it was "unpersuaded that Samsung used the Teece Report in

either the Ericsson or Nokia negotiations." (*Id*. at 11.)  The Court further made rulings regarding remedies and remediation.  It held that Quinn Emanuel would pay attorneys fees (*id*. at 18) and rejected the remainder of Apple and Nokia's requests as "ludicrously overbroad" (*id*.).  In the final paragraph of the Order, the Court directed that, "with Apple and Nokia's consent, Quinn Emanuel shall be responsible for ensuring that all copies of the Teece report containing confidential information are deleted, erased, wiped, or otherwise permanently removed from Samsung's control within fourteen days of this order." (*Id*. at 19.)  The only issue not ruled upon in the January 29 Order was the specific amount of fees to be paid, on which the Court directed further briefing and set a hearing.  (Dkts. 2941, 2967.)  That briefing has since been submitted, and the hearing took place on February 27, 2014.  (Dkts. 2958-2965, 2997).

**Compliance with The Final Paragraph of the January 29 Order**.  Over the course of many weeks before the Court's January 29 Order, Quinn Emanuel and Samsung repeatedly sought to engage Apple and Nokia on the subject of remediating the inadvertent disclosures, but to no avail. (Becher Decl., ¶¶ 3-9, Exs. 1-5.)  Indeed, for its part, Apple largely ignored those attempts to move forward with remediation.  (*See id*.)

Promptly after the January 29 Order, Quinn Emanuel wrote Apple and Nokia to seek their "consent" under that Order to proceed with remediation in compliance with the final paragraph of the Order. (*Id*. at ¶ 11, Ex. 6.)  Apple and Nokia made several requests for additional information before eventually providing their consent. (*Id*. at ¶¶ 12-18, Exs. 7-12.)  Apple finally consented on February 17 and Nokia consented the next day. (*Id*. at ¶ 19, Exs. 13-14.)  A Quinn Emanuel attorney and six personnel from Stroz Friedberg then flew to Korea to take measures to comply with the final paragraph of the Order. (*Id*. at ¶ 20.)  The remediation process in Korea was completed by March 4, 2014. (*Id*.)  Stroz and Quinn Emanuel personnel also went to four locations in the United States and locations in Europe. (*Id*. at ¶ 21.)  Due to technical issues related to a server in New Jersey, Samsung requested a short extension of time to March 10, 2014 to comply with the Order, to which the parties stipulated and the Court authorized. (Dkt. 3020.)  Stroz completed the further work necessary to comply with the final paragraph of the Order on March 10, 2014. (Becher Decl., ¶ 23.)  The remediation has thus concluded.

**Argument**

**I.  NOKIA'S MOTION SHOULD BE DENIED AS AN IMPROPER MOTION FOR RECONSIDERATION OF THIS COURT'S JANUARY 29 ORDER.**

Nokia's motion to compel is a thinly-disguised motion for reconsideration of the Court's January 29 Order, which concluded Apple's and Nokia's sanctions requests other than the amount of attorneys' fees Quinn Emanuel is required to pay. It even seeks the same relief Nokia previously sought—and did not obtain—at various times before the Court issued its January 29 Order. Nokia's motion is accordingly subject to, but fails to meet, the applicable reconsideration standards and should be denied accordingly.[1]

As an initial matter, Local Rule 7-9(a) mandates that no party "may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Nokia did not seek such leave here, and its motion should be denied for this reason alone. *See, e.g.*, *Doherty v. City of Alameda*, 09-4961-EDL, 2010 WL 1526135, at *1 (N.D. Cal. Apr. 14, 2010) ("Plaintiff did not seek leave of Court to file his motion for reconsideration, and for this reason alone the motion may be denied as procedurally improper."); *Ottovich v. Chase Home Fin., LLC*, C 10-02842 WHA, 2013 WL 4776528, at *5 (N.D. Cal. Sept. 6, 2013) ("Plaintiffs' current motion for relief from judgment is nothing more than a motion for reconsideration . . . . plaintiffs may not notice a motion for reconsideration 'without first obtaining leave of Court to file the motion.'").

Nokia also has failed to identify any circumstances that would support reconsideration under Local Rule 7-9, which too independently warrants denial of its motion. Civ. L.R. 7-9(b).

---

[1]  *See, e.g.*, *Gwin v. Target Corp.*, 2014 WL 651864, at *13 (N.D. Cal. Feb. 19, 2014) (denying defendant's motion for summary judgment and refusing to consider two arguments that "amount[ed] to a request that the Court reconsider its previous rulings" because defendant "failed to adhere to Civil Local Rule 7-9"); *Ansari v. Elec. Document Processing Inc.*, 2013 WL 4647621, at *6 (N.D. Cal. Aug. 29, 2013) ("The proper mechanism for challenging the non-final, interlocutory order is a motion for leave to file a motion for reconsideration under Civil Local Rule 7-9. The Court construes Defendants' motion for relief under Rule 60(b) as a motion for leave to file a motion for reconsideration and DENIES it."); *Lou v. Ma Labs., Inc.*, 2013 WL 1615785, at *2 (N.D. Cal. Apr. 15, 2013) ("[Defendant's] current motion purports to seek 'additional guidance' but in essence asks the Court to reconsider its ruling . . . . Accordingly, the Court DENIES its motion to the extent that [defendant] moves for reconsideration.").

1  Before bringing its present motion, Nokia had already requested—repeatedly—that the Court
2  order Samsung to "complete the log as it's described in the stipulated order," and to "make a
3  finding that" Samsung waived privilege over the documents identified on its privilege log.  (*See*,
4  *e.g.*, Dec. 9, 2013 Hr'g Tr. at 103:10-21; Dkt. 2502 at 8-9 (arguing Samsung waived the
5  privilege); Dkt. 2836-04 at 21-23 (demanding that Stroz provide log and Samsung produce all
6  documents on the log); Dkt. 2824 at 15 (requesting production of privileged documents cited in
7  OSC and arguing waiver); Dkt. 2837 at 2-3 (Nokia's proposed order requiring Stroz to create log
8  and ordering production of all documents submitted for *in camera* review); Dkt. 2872-05 at 9-10
9  (requesting production of all documents submitted *in camera* and arguing waiver); *see also* Case
10 No. 12-630, Dkt. 1048 at 3-5.)  The Court's January 29 Order did not do either.  (Dkt. 2935 at 18-
11 19.)  Nokia does not even attempt to identify a relevant change in fact or law that arose since the
12 January 29 Order, or a manifest failure by the Court to consider facts or arguments previously
13 presented, and there are none.  Because there is no proper basis for reconsideration, Nokia's
14 motion should be denied.

15 **II.    NOKIA'S REQUESTS FOR RELIEF FAIL ON THEIR MERITS**

16 In addition to being improper, Nokia's motion fails on the merits.

17 **A.    Nokia Has No Valid Basis For Seeking The Information It Seeks Now That
          The Court Has Issued Its January 29 Order Requiring Remediation and
18        Samsung Has Complied With It.**

19 Nokia has no valid ground for seeking the information it seeks, including Samsung's
20 privileged documents and another log from Stroz.  The Court has issued its Order on relief and
21 remediation (Dkt. 2935), and Samsung has completed that remediation with Nokia and Apple's
22 consent.  (*See supra* at 4-5; Becher Decl. at ¶¶ 10-14.)  The information Nokia seeks is simply
23 irrelevant to any issue regarding the protective order matter and requiring Samsung to provide it
24 would be wholly unnecessary and unduly burdensome and undoubtedly only serve to embroil the
25 Court in yet further motion practice by Nokia over already resolved matters.
26 Nokia argues that it needs additional information so that it can "determine what type and
27 extent of remediation procedures will be sufficient to ensure that its CBI is removed from all
28 unauthorized Samsung personnel" (Mot. at 5), but that contention is nonsensical.  The substance

of those documents obviously could have nothing to do with the proper remediation procedures (such as deletion), and Nokia fails to show otherwise.  Furthermore, following its *in camera* review of Samsung's privileged documents and its consideration of the other extensive evidence and pleadings submitted by the parties, the Court **already determined** precisely what remediation procedures were appropriate.  In that regard, the Court ruled that "Quinn Emanuel shall be responsible for ensuring that all copies of the Teece report containing confidential information are deleted, erased, wiped, or otherwise permanently removed from Samsung's control within fourteen days of this order." (Dkt. 2935 at 19.) Nokia tellingly is silent as to what incremental information it believes it could obtain from its own review of Samsung's privileged documents or from another log describing those documents, that was not already fully available to the Court when it made its determinations about appropriate remedies and remediation.  Nor does Nokia present any basis for why it should be allowed to retrace the Court's work or why its judgment should override the Court's judgment on this issue.

Similarly, although Nokia cites a provision of the stipulation that gave Nokia the right to request additional information from Samsung following completion of the procedures contemplated by the stipulation (Mot. at 5), Nokia does not even attempt to identify what additional information it actually needs or why it needs it.  Nokia's strained reliance on this provision of the stipulation simply proves Samsung's point.  The purpose and intent of the stipulation, including the log provision, have been fully met and satisfied by the Court-ordered discovery and the Court's subsequent review of Samsung's privileged documents, such that there is no additional information that Nokia has any legitimate ground for demanding.  Nokia should not be permitted to review Samsung's privileged documents, or to require Samsung to prepare another burdensome log, simply so that Nokia can "double check" the Court's work and continue to impose unnecessary costs and burdens on Samsung and to unnecessarily impose on the resources of this Court.

**B.    There Is No Basis For Compelling Production Of Samsung's Privileged Documents.**

Even if it had some valid reason for conducting a duplicative review of Samsung's

privileged documents (and it does not), Nokia has no basis to pierce Samsung's assertions of privilege over those documents. In support of its attempt to do so, Nokia relies on footnote 13 of the January 29 Order, in which the Court referenced the privileged documents provided by Samsung to the Court and cited in the January 29 Order, and stated:

> The tab numbers in this footnote and those that follow refer to the tabs of the documents submitted by Samsung for in camera review. Because Samsung offered to turn over the vast majority of the documents cited in this order, the court finds that privilege has been waived as to those documents. As to all other documents cited, the court finds that the portions discussed in this order are not privileged.

(Dkt. 2935 at 4 n.13.) Based on this footnote, Nokia seeks an order compelling Samsung to produce Tab Nos. 6, 20, 222, 255, and 272 on the grounds that Samsung allegedly previously "offered to produce" these documents. (Mot. at 6.) Nokia also seeks an order requiring Samsung to produce "portions" of dozens of other documents allegedly cited in the January 29 Order on the grounds that those "portions" are not privileged.[2] (*Id*.) Neither of Nokia's requests has merit.

As an initial matter, the Court did not order production of any documents in footnote 13, or anywhere else in the January 29 Order. Absent any showing for why Nokia needs to review additional documents at this time, there should be no compelled production.

Moreover, as to the first group of documents Nokia seeks, Samsung respectfully submits that it did not waive any privilege. Under controlling law, an offer or intent to produce privileged documents is insufficient as a matter of law to effect a waiver of privilege. *See, e.g.*, *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 341-42 (9th Cir. 1996) (holding that the "mere agreement to waive the privilege does not, without disclosure, constitute a waiver of the holder's right to claim it subsequently" because the "triggering event [for waiver] is *disclosure*, not a promise to disclose") (emphasis added). Here, Samsung's offers to produce certain of its privileged and work-product documents were also expressly conditioned upon Apple's and Nokia's stipulation

---

[2] Nokia improperly seeks production of the following sub-parts of the tabs submitted to the Court even though the Court only cited to the main tab: 6.1, 6.2, 6.3, 6.4, 8.1, 8.2, 90.1, 90.2, 144.1, 216.1, 216.2, 225.1, 239.1, 239.2, 239.3, 239.4, 239.5, 239.6, 239.7, 239.8, 239.9, 239.10, 239.11, 239.12, 239.13, 239.14, 246.1, 255.1, 255.2, 255.3, 255.4, 255.5, 255.6, 255.7, 258.1, 258.2, 258.3, 258.4, 258.5, 260.1, 260.2, 260.3, 260.4, 260.5, 260.6, 260.7, 260.8, 260.9, 260.10, 260.11, 272.1, 272.2, 272.3, 272.4.

that production *would not constitute a waiver of the attorney-client privilege or attorney work-product protection*, and that the Court enter such a stipulation as an order of the Court. (Dkt. 2835-6, ¶¶ 47-48, Ex. 28.) Apple and Nokia refused to stipulate, and Samsung did not produce any of the documents referenced in its offers. (*Id.* at ¶ 49, Exs. 29, 30.) Because Samsung believes that the waiver finding in footnote 13 is erroneous and could be argued by others in this or other litigation to warrant production, Samsung respectfully intends to seek relief from the waiver finding at the appropriate time. (*See* Dkt. 2950 at 1 (stipulated order extending the time to appeal Judge Grewal's order "up to 14 days after the Court's issuance of an order regarding the amount of sanctions").)[3] Accordingly, if the Court is not inclined to reject Nokia's request for the production of documents pursuant to the waiver finding in footnote 13 of the January 29 Order, then Nokia's request is, at a minimum, premature, and should await the outcome of Samsung's efforts to obtain review of that finding from the District Judge upon conclusion of the Court's fee determinations. (*See id.*)

Finally, Nokia's request for the production of "portions" of all the other documents allegedly cited in the January 29 Order is meritless, and appears to be premised on a misreading of the Court's Order.[4] A fair reading of the Court's statement that "the portions [of those documents] discussed in this order are not privileged" is that the Court was not disclosing privileged information by referencing those portions of those documents. Thus, not only was there no "waiver" of those portions of Samsung's documents, as Nokia wrongly contends (Mot. at 6), but there is no need for any additional "production" of documents, or portions thereof, because any non-privileged portions were already addressed in the January 29 Order. Nokia's unnecessary and groundless request for a production of documents based on this part of footnote 13 of the Court's Order shows just how far Nokia will go to prolong and complicate these satellite proceedings, and

---

[3] As Samsung's counsel has previously made clear, this waiver finding is the ***only*** aspect of the January 29 Order that Samsung intends to challenge. In particular, Samsung and Quinn Emanuel do not dispute—and will not be appealing—the Court's decision in the January 29 Order to impose an award of attorney's fees as an appropriate sanction.

[4] Nokia seeks production of cited portions of tab numbers 6 and 255. This must be an error because neither is cited in the Order Granting Sanctions. (Dkt. 2935.)

should be denied.[5]

## Conclusion

For the foregoing reasons, Samsung respectfully requests that the Court deny Nokia's Motion to Compel Information for Remediation.

DATED: March 11, 2014

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller

Charles K. Verhoeven
Kathleen M. Sullivan
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

---

[5] While Nokia's true motivations for pursuing unnecessary discovery (including Samsung's privileged documents) are unknown, it has been publicly reported that Samsung and Nokia will arbitrate over the amount to be paid for a license.  So one fair inference is that Nokia does not even seek the documents for use in this proceeding, but instead is inappropriately attempting to use this litigation to obtain discovery for that arbitration.