1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, ) | Case No.: 11-CV-01846-LHK |
| ) | |
| Plaintiff, ) | ORDER RE VARIOUS |
| v. ) | ADMINISTRATIVE MOTIONS TO |
| ) | SEAL |
| SAMSUNG ELECTRONICS CO., LTD., A ) | |
| Korean corporation; SAMSUNG ) | |
| ELECTRONICS AMERICA, INC., a New York ) | |
| corporation; SAMSUNG ) | |
| TELECOMMUNICATIONS AMERICA, LLC, ) | |
| a Delaware limited liability company, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the court are 21 administrative motions to seal 52 documents. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to dispositive motions bear the burden of

1

overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178-79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013). Records attached to nondispositive motions therefore are not subject to the strong presumption of access. *See id.* at 1180. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c). *Id.* at 1179 (internal quotations and citations omitted). As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a trial court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).

2

Case No.: 5:12-cv-0630-LHK-PSG
ORDER RE: MOTIONS TO SEAL

The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b). "Generally it relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* In addition, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. In this case, the Federal Circuit has counseled that "Apple and Samsung have an interest in keeping their detailed product-specific financial information secret . . . because they could suffer competitive harm if this information is made public." *Apple*, 727 F.3d at 1225.

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b) (requiring the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," and an "unreadacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version."). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required

3

Case No.: 5:12-cv-0630-LHK-PSG
ORDER RE: MOTIONS TO SEAL

by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).[1]

With these standards in mind, the courts rules on the instant motions as follows. All denials are with prejudice.

| Motion to Seal | Document to be Sealed | Ruling | Reason/Explanation |
|---|---|---|---|
| 2292 | Exhibit O to the Martin Declaration in Support of Samsung's Opposition to Apple's *Daubert* Motion | GRANTED | Narrowly tailored to confidential business information |
| 2292 | Exhibit J to the Ward Declaration in Support of Samsung's Opposition to Apple's Motion to Strike | GRANTED | Narrowly tailored to confidential business information |
| 2292 | Exhibit BB to the Ward Declaration in Support of Samsung's Opposition to Apple's Motion to Strike | GRANTED. This document may be redacted consistent with the redactions of this document at ECF No. 1014-16. | Narrowly tailored to confidential business information |
| 2292 | Exhibit EE to the Ward Declaration in Support of Samsung's Opposition to Apple's Motion to Strike | GRANTED | Narrowly tailored to confidential business information |
| 2292 | Exhibit FF to the Ward Declaration in Support of Samsung's Opposition to Apple's Motion to Strike | GRANTED-IN-PART AND DENIED-IN-PART. As to the proposed redactions in the text of the expert report, granted only as to the numbers contained within the proposed redacted lines, and denied as to all surrounding text. With respect to Exhibit 17-S, denied as to the columns for lost profits and the name of the product, granted as to the rest of the exhibit. With respect to Exhibit 18-S, denied as to the name of the product column, granted otherwise. Granted with respect to all other proposed redactions in the exhibits. | Narrowly tailored to confidential business information—the figures and not the surrounding text. Lost profits damages calculations are not confidential business information, and, if not made public during trial, were made public in the briefing on judgment as a matter of law. |
| 2326 | Exhibit 2 to the Declaration of Anthony P. Alden in Support of Samsung's Administrative Motion for Relief from April 29, 2013 | GRANTED-IN-PART AND DENIED-IN-PART. Granted, except: denied as to the proposed redactions on pages 24-25; denied as to the lost profits and | Narrowly tailored to confidential business information. Aggregate damages numbers are public |

---

[1] The Civil Local Rules have recently been amended shortening the time available to the designating party to file a supporting declaration from seven days to four days. As this rule change was only recently implemented, the court applies the prior form of Civ. L.R. 79-5 for the purposes of this order.

4

Case No.: 5:12-cv-0630-LHK-PSG
ORDER RE: MOTIONS TO SEAL

| | | | |
|---|---|---|---|
| | Case Management Order | reasonable royalty columns in all Exhibits 17-PT through 19-PT-K. | information, and are not confidential business information. Lost profits damages calculations are not confidential business information, and, if not made public during trial, were made public in the briefing on judgment as a matter of law. Reasonable royalty damages calculations have been made public in numerous filings, if not during trial. |
| 2326 | Portions of Samsung's Administrative Motion for Relief from April 29, 2013 Case Management Order. | DENIED | Declaration submitted indicating no redaction necessary |
| 2332 | Exhibit A to the Declaration of Marylee Robinson, CPA, in Support of Apple's Opposition to Motion for Relief from Case Management Order | GRANTED-IN-PART AND DENIED-IN-PART. Granted as to the "Infringer's Profits and "Total" columns in attached Exhibits 17, 17-S, 18, and 18-S. Denied as to the rest of the document. | Narrowly tailored to confidential business information. Apple's lost profits damages calculations are not confidential business information, and, if not made public during trial, were made public in the briefing on judgment as a matter of law. |
| 2332 | Exhibit B to the Declaration of Marylee Robinson, CPA, in Support of Apple's Opposition to Motion for Relief from Case Management Order | GRANTED | Narrowly tailored to confidential business information. Samsung may also seal the attached Exhibit 50-S, which contains the two numbers Samsung seeks to seal at page 18, line 14. |
| 2332 | Exhibit C to the Declaration of Marylee Robinson, CPA, in Support of Apple's Opposition to Motion for Relief from Case Management Order | GRANTED | Narrowly tailored to confidential business information |
| 2332 | Exhibit D to the Declaration of Marylee Robinson, CPA, in Support of Apple's Opposition to Motion for Relief from | GRANTED | Narrowly tailored to confidential business information |

5

Case No.: 5:12-cv-0630-LHK-PSG
ORDER RE: MOTIONS TO SEAL

| | | | |
|---|---|---|---|
| | | | Case Management Order |
| 2332 | Exhibit A to the Declaration of Erik J. Olson in Support of Apple's Opposition to Motion for Relief from Case Management Order | GRANTED-IN-PART AND DENIED-IN-PART. Granted only as to the two figures at page 74, lines 13 and 14. Denied as to the rest of the document. | Narrowly tailored to confidential business information. Page 25, lines 1-3 and 10-14 reveal only aggregate figures and are directed to lost profits and reasonable royalty figures, which are public. |
| 2333 | Exhibit 1 to Samsung's Motion for Leave to File Three-Page Reply in Support of Samsung's Administrative Motion for Relief from April 29, 2013 Case Management Order, or Alternatively, for a Hearing | DENIED | Declaration submitted indicating no redaction necessary |
| 2338 | Exhibit 6 to the Declaration of Robert J. Becher in Support of Samsung's Motion for New Trial Regarding '381 Patent Pursuant to Fed. R. Civ. P. 59 | DENIED | Declaration submitted indicating no redaction necessary |
| 2338 | Declaration of Andries van Dam, Ph.D. in Support of Samsung's Motion for New Trial Regarding '381 Patent Pursuant to Federal Rule of Civil Procedure 59 Based on Newly Discovered Evidence | GRANTED | Narrowly tailored to confidential business information |
| 2338 | Samsung's Notice of Motion and Motion for New Trial Regarding '381 Patent Pursuant to Fed. R. Civ. P. 59 Based on Newly Discovered Evidence or, Alternatively, for Entry of Judgment on Liability | GRANTED | Narrowly tailored to confidential business information |
| 2344 | Declaration of Erik J. Olson in Support of Apple's Motion to Modify April 29, 2013, Case Management Order | GRANTED-IN-PART AND DENIED-IN-PART. Granted as to the two figures at page 1, lines 17-18, the three figures at line 24, and the four figures at page 2, lines 2-3. Denied as to the rest of the document. | The grant is narrowly tailored to only the confidential business information. |
| 2344 | Exhibit B to the Declaration of Erik J. Olson in Support of Apple's Motion to Modify April 29, 2013, Case | GRANTED-IN-PART AND DENIED-IN-PART. Granted as to the "Infringer's Profits and "Total" columns in the first two tables. Denied as to the rest | Narrowly tailored to confidential business information. Apple's lost profits damages calculations are not |

6

Case No.: 5:12-cv-0630-LHK-PSG
ORDER RE: MOTIONS TO SEAL

| | | Management Order | of the document. | confidential business information, and, if not made public during trial, were made public in the briefing on judgment as a matter of law. |
|---|---|---|---|---|
| | 2344 | Exhibit C to the Declaration of Erik J. Olson in Support of Apple's Motion to Modify April 29, 2013, Case Management Order | GRANTED-IN-PART AND DENIED-IN-PART. Granted as to the "Infringer's Profits" and "Total" columns in the first two tables. Denied as to the rest of the document. | Narrowly tailored to confidential business information. Apple's lost profits damages calculations are not confidential business information, and, if not made public during trial, were made public in the briefing on judgment as a matter of law. |
| | 2344 | Exhibit D to the Declaration of Erik J. Olson in Support of Apple's Motion to Modify April 29, 2013, Case Management Order | GRANTED-IN-PART AND DENIED-IN-PART. Granted as to the "Infringer's Profits and "Total" columns in the first two tables. Denied as to the rest of the document. | Narrowly tailored to confidential business information. Apple's lost profits damages calculations are not confidential business information, and, if not made public during trial, were made public in the briefing on judgment as a matter of law. |
| | 2345 | Apple's Opposition to Samsung's Motion for New Trial | GRANTED | Narrowly tailored to confidential business information |
| | 2345 | Declaration of Ravin Balakrishnan in Support of Apple's Opposition to Samsung's Motion for New Trial (the "Balakrishnan Declaration") | GRANTED | Narrowly tailored to confidential business information |
| | 2345 | Exhibit A to the Declaration of Ravin Balakrishnan in Support of Apple's Opposition to Samsung's Motion for New Trial (the "Balakrishnan Declaration") | GRANTED | Narrowly tailored to confidential business information |
| | 2352 | Declaration of Andries van Dam, Ph.D. in Further Support of Samsung's Motion for New Trial Regarding '381 Patent Pursuant to Federal Rule of | GRANTED | Narrowly tailored to confidential business information |

7

Case No.: 5:12-cv-0630-LHK-PSG
ORDER RE: MOTIONS TO SEAL

| | | | |
|---|---|---|---|
| | Civil Procedure 59 Based on Newly Discovered Evidence, and in Reply to the Declaration of Dr. Ravin Balakrishnan | | |
| 2352 | Reply in Support of Motion for New Trial Regarding '381 Patent Pursuant to Fed. R. Civ. P. 59 Based on Newly Discovered Evidence or, Alternatively, for Entry of Judgment on Liability | GRANTED | Narrowly tailored to confidential business information |
| 2357 | Apple's Surreply to Samsung's Motion for New Trial | GRANTED | Narrowly tailored to confidential business information |
| 2357 | Declaration of Ravin Balakrishnan in Further Support of Apple's Opposition to Samsung's Motion for New Trial | GRANTED | Narrowly tailored to confidential business information |
| 2357 | Exhibit A to the Declaration of Ravin Balakrishnan in Further Support of Apple's Opposition to Samsung's Motion for New Trial | GRANTED | Narrowly tailored to confidential business information |
| 2357 | Exhibit B to the Declaration of Ravin Balakrishnan in Further Support of Apple's Opposition to Samsung's Motion for New Trial | GRANTED | Narrowly tailored to confidential business information |
| 2361 | Portions of Samsung's Opposition to Apple's Motion For Leave to File a Surreply to Samsung's Motion For New Trial Or, Alternatively, for Entry of Judgment | GRANTED | Narrowly tailored to confidential business information |
| 2404 | Exhibit A to the Declaration of Patrick Zhang in Support of Apple's Motion in Limine re Design-Around Theories | DENIED | No declaration filed. |
| 2444 | Exhibit 4 to the Reply Declaration of Anthony P. Alden in Support of Samsung's Motion to Exclude | DENIED | Declaration submitted indicating no redaction necessary |
| 2477 | The unredacted version of Samsung's Reply in Support of its Motion to Preclude Certain Testimony Identified on | DENIED | Declaration submitted indicating no redaction necessary, document already filed publicly |

8

Case No.: 5:12-cv-0630-LHK-PSG
ORDER RE: MOTIONS TO SEAL

| | | | |
|---|---|---|---|
| | Apple's Witness List and Deposition Designations | | |
| 2477 | Exhibit 1 to the Declaration of Anthony P. Alden in Support of Samsung's Reply in Support of its Motion to Preclude Certain Testimony Identified on Apple's Witness List and Deposition Designations | DENIED | Declaration submitted indicating no redaction necessary, document already filed publicly |
| 2499 | Apple's Opposition to Samsung's Motion to Exclude Opinions of Certain of Apple's Experts, originally filed May 31, 2012 | GRANTED | Narrowly tailored to confidential business information |
| 2499 | The Declaration of Terry L. Musika, CPA in Support of Apple's Daubert Opposition | GRANTED | Narrowly tailored to confidential business information |
| 2527 | Belvins deposition transcript | GRANTED | Narrowly tailored to confidential business information |
| 2531 | Apple's Capacity Statement | GRANTED | Narrowly tailored to confidential business information |
| 2531 | Exhibit 1 to the Declaration of Erik J. Olson in Support of Apple's Statement Concerning Capacity Analysis | GRANTED | Narrowly tailored to confidential business information |
| 2531 | Exhibit 2 to the Declaration of Erik J. Olson in Support of Apple's Statement Concerning Capacity Analysis | GRANTED | Narrowly tailored to confidential business information |
| 2531 | Exhibit 3 to the Declaration of Erik J. Olson in Support of Apple's Statement Concerning Capacity Analysis | GRANTED | Narrowly tailored to confidential business information |
| 2531 | Exhibit 4 to the Declaration of Erik J. Olson in Support of Apple's Statement Concerning Capacity Analysis | GRANTED | Narrowly tailored to confidential business information |
| 2531 | Exhibit 5 to the Declaration of Erik J. Olson in Support of Apple's Statement Concerning Capacity Analysis | GRANTED | Narrowly tailored to confidential business information |
| 2545 | Samsung's Response to Apple's Capacity Statement | GRANTED | Narrowly tailored to confidential business information |
| 2545 | Exhibit 2 to the Declaration | GRANTED | Narrowly tailored to |

9

Case No.: 5:12-cv-0630-LHK-PSG
ORDER RE: MOTIONS TO SEAL

|  | | | |
|---|---|---|---|
|  | of Anthony P. Alden In Support of Samsung's Response to Apple's Capacity Statement | | confidential business information |
| 2583 | Response to Samsung's Proffer of Apple's Patent License and Settlement Agreement With HTC and Testimony Regarding this License | GRANTED | To the extent that this was not addressed by the Court's order at ECF No. 2668, narrowly tailored to confidential business information |
| 2601 | Apple's Statement Regarding Whether Infuse 4G And Droid Charge Are Galaxy Phones | DENIED | Declaration submitted indicating no redaction necessary |
| 2601 | Exhibit 5 to the Declaration of Patrick Zhang in Support of Apple's Statement Regarding Whether Infuse 4G And Droid Charge Are Galaxy Phones | GRANTED-IN-PART AND DENIED-IN-PART. Granted as to Samsung's internal market share figures in 2009 and 2010, Samsung Telecommunications America's ("STA") sales, STA's 2010 consolidated profits and profit margins, STA's projected 2011 consolidated profits and profit margins, and projected sales for 2011. Denied as to all other information in the exhibit. | Narrowly tailored to confidential business information; declaration submitted indicating no redaction necessary |
| 2601 | Exhibit 6 to the Declaration of Patrick Zhang in Support of Apple's Statement Regarding Whether Infuse 4G And Droid Charge Are Galaxy Phones | DENIED AS MOOT. | Apple replaced this document with a new version of Exhibit 6 to the Zhang Declaration at ECF No. 2620. |
| 2620 | Exhibit 6 to the Declaration of Patrick Zhang in Support of Apple's Statement Regarding Whether Infuse 4G And Droid Charge Are Galaxy Phones (replacement) | GRANTED-IN-PART AND DENIED-IN-PART. Granted as to Samsung's wholesale prices and projected wholesale prices in future quarters. Denied as to all other information in the exhibit. | Narrowly tailored to confidential business information; declaration submitted indicating no redaction necessary |
| 2740 | Exhibit A to the Declaration of Erik J. Olson (PX25D), related to Apple's Officer of Proof Regarding Expected Testimony of Julie Davis Regarding Apple's Lost Profits Absent the Court's Order Regarding Design-Around Start Dates | GRANTED-IN-PART AND DENIED-IN-PART. Granted as to pages 15 and 16. Denied as to the rest of the exhibit. | Narrowly tailored to confidential business information; no declaration filed as to the other pages; all information besides the capacity information on pages 15 and 16 is public. |
| 2740 | Exhibit B to the Declaration of Erik J. Olson (PX25E), related to Apple's Officer of Proof | GRANTED-IN-PART AND DENIED-IN-PART. Granted as to pages 2-4 and 13-15. Denied as to the rest of the exhibit. | Narrowly tailored to confidential business information; no declaration filed as to |

10

Case No.: 5:12-cv-0630-LHK-PSG
ORDER RE: MOTIONS TO SEAL

United States District Court
For the Northern District of California

| | Regarding Expected Testimony of Julie Davis Regarding Apple's Lost Profits Absent the Court's Order Regarding Design-Around Start Dates | | the other pages |
|---|---|---|---|

**IT IS SO ORDERED.**

Dated: March 17, 2014

                                       _Lucy H. Koh_
                                       LUCY H. KOH
                                       United States District Judge

11

Case No.: 5:12-cv-0630-LHK-PSG
ORDER RE: MOTIONS TO SEAL