1  HAROLD J. MCELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
2  JACK W. LONDEN (CA SBN 85776)
   jlonden@mofo.com
3  RACHEL KREVANS (CA SBN 116421)
   rkrevans@mofo.com
4  RUTH N. BORENSTEIN (CA SBN 133797)
   rborenstein@mofo.com
5  ERIK J. OLSON (CA SBN 175815)
   ejolson@mofo.com
6
7  MORRISON & FOERSTER LLP
   425 Market Street
8  San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
9  Facsimile:  (415) 268-7522

   WILLIAM F. LEE (*pro hac vice*)
   william.lee@wilmerhale.com
   WILMER CUTLER PICKERING
      HALE AND DORR LLP
   60 State Street
   Boston, Massachusetts  02109
   Telephone:  (617) 526-6000
   Facsimile:  (617) 526-5000

   MARK D. SELWYN (CA SBN 244180)
   mark.selwyn@wilmerhale.com
   WILMER CUTLER PICKERING
      HALE AND DORR LLP
   950 Page Mill Road
   Palo Alto, California  94304
   Telephone:  (650) 858-6000
   Facsimile:  (650) 858-6100

10
11
12  *Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

13

14                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
15                    SAN JOSE DIVISION

16

17  APPLE INC., a California corporation,

18                Plaintiff,

19        vs.                                    Case No. 11-cv-01846-LHK (PSG)

20  SAMSUNG ELECTRONICS CO., LTD., a      **APPLE INC.'S OPPOSITION TO**
    Korean business entity; SAMSUNG        **SAMSUNG'S AMENDED MOTION TO**
21  ELECTRONICS AMERICA, INC., a New       **COMPEL**
    York corporation; SAMSUNG
22  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,
23
24                Defendants.

25

26

27

28

ActiveUS 125475820v.1

After seven months of extensive motion practice and discovery, the Court entered an Order on January 29, 2013, in which it found that Samsung and Quinn Emanuel had committed "hundreds and hundreds" of protective order violations over an eighteen month period between March 2012 and August 2013—when they repeatedly shared the confidential terms of Apple's license agreements with "over 200 persons not authorized by the protective order," including Samsung's highest-ranking licensing executives.  (Dkt. 2935 at 1, 5.)  In light of those numerous violations, the Court held that sanctions were warranted, but limited them to "the public findings of wrongdoing" and an award to "Apple, Nokia, and their counsel for any and all costs and fees incurred in litigating this motion and the discovery associated with it."  (*Id.* at 18-19.)

At the February 27, 2014 hearing, Samsung's lead counsel acknowledged that Samsung and Quinn Emanuel had violated the protective order and further conceded that a fee award was an appropriate sanction:  "We acknowledge, and I believe that we've acknowledged in previous filings even before the briefing that led up to this hearing, that there's a basis for an award of attorneys' fees here.  We violated the protective order." (2/27/14 Tr. at 17.)  He also made "absolutely" clear that Samsung and Quinn Emanuel did not intend to re-litigate already-decided sanctions issues:  The Court:  "Are you here to relitigate the issue of whether you ought to be sanctioned in the form of fees and costs?  Because if so, I'd like to just hear it straight out so I can deal with it."  Mr. Quinn:  "Absolutely not, Your Honor."  (*Id.* at 29-30.)

Nevertheless, in its present motion to compel, Samsung argues that the Court should re-visit its prior sanctions ruling by re-opening the sanctions proceedings and compelling Apple to provide a 30(b)(6) witness and a highly-detailed sworn declaration concerning an October 2013 court filing in which Apple mistakenly failed to redact certain terms of its own licenses with Nokia and NEC.  That request should be rejected for the following six reasons.

***First***, Samsung contends that the requested discovery and declaration are necessary to assess "whether the fees and costs to be awarded to Apple and Nokia in connection with the sanctions proceedings against Samsung should be reduced because a full award of fees would be

unjust" in these circumstances.  (Dkt. 3009 at 6.)[1]  But the Court based its sanctions award **entirely** on protective order violations that Samsung and Quinn Emanuel committed during the eighteen-month period from **March 2012 to August 2013**.  (Dkt. 2935 at 13-15 (sanctioning for violations from "March 23, 2013 – August 1, 2013"); *id.* at 15-17 (sanctioning for violations from "December 21, 2013-January 4, 2013"); *id.* at 17 (sanctioning for violations from "July 1 – August 1, 2013").)  Thus, Apple's inadvertent filing—made months later **in October 2013**—is wholly irrelevant to the existing sanctions award, and does not provide any basis to retroactively excuse (or otherwise mitigate the seriousness of) the "hundreds and hundreds" of protective order violations that Samsung and Quinn Emanuel committed before that date.[2]

  **Second**, in its amended motion to compel, Samsung raises a "relevance" argument not found in its original motion:  that the requested discovery and declaration is supposedly "relevant to determine whether Apple itself has violated the protective order, and whether further remedial

---

[1] In its original motion to compel—which it filed just a few minutes before the February 27 hearing—Samsung did not ask for a 30(b)(6) deposition, and argued that a (much less detailed) declaration could provide a basis to **eliminate** the Court's **entire** sanctions award.  (Dkt. 2996 at 4-5 (arguing Apple's responses could "warrant the denial of fees").)  But as noted above, Mr. Quinn abandoned that position at the hearing by conceding that a sanctions fee award **is appropriate**.  (2/27/14 Tr. at 17, 29-30; *see also* Dkt. 3009 at 7 n.1 (Samsung admitting that, at the February 27 hearing, it represented that "it is not challenging the Court's finding that a fee award is appropriate").)  Almost a week later, Samsung filed an "Amended" motion to compel that made hundreds of changes to the original motion (without any explanation of the changes or their significance, and without making **any** prior effort to meet and confer regarding the changes, much less the required lead counsel meet and confer).  In that revised motion, Samsung now only seeks a "reduced" sanctions award.  (Dkt. 3009 at ii, 6, 7 n.1.)

[2] After finding protective order violations spanning from March 2012 to August 2013, the Court imposed its sanctions award to "abrogate the harm suffered and discourage recurrence," without attributing any portion of the award to **post**-August 2013 harm.  (Dkt. 2935 at 2.)  The Court also rejected the sanctions that Apple and Nokia had proposed to address **continuing** harm after concluding that "there has been insufficient evidence that this failure to notify or misuse ultimately implicated any issue in this or any other litigation or negotiation."  (*Id.* at 17-18.)  As such, the circumstances of an October 2013 filing are **irrelevant** to a sanctions award covering a period that ended in August 2013, including how Nokia or others may have "responded" many months later in February 2014.  Samsung's motion also appears to presume that the Court based its sanctions award entirely on violations involving the Apple/Nokia license, even though the sanctions record demonstrated that Samsung and Quinn Emanuel disclosed the terms of multiple Apple licenses in violation of the protective order, and even though the Court did not attribute any portion of the sanctions award to any specific one of those licenses.

action by Samsung, including document production and potentially sanctions, is necessary." (Dkt. 3009 at ii.)  Samsung offers no explanation for its new claim of purported relevance, which is puzzling at best given that the October 2013 filing involved the mistaken disclosure of ***Apple's own*** confidential business information (and that of its license partners) that ***Apple had produced in discovery***.  As such, that disclosure did not implicate the protective order at all.  (*See* Dkt. 687 at § 4(b) ("Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose.").)  By contrast, Samsung and Quinn Emanuel indisputably violated the protective order when they improperly shared the terms of license agreements that Apple had produced in discovery and designed as highly confidential ***under the protective order***.

*Third*, Samsung repeatedly criticizes Apple (and Nokia) for taking four months to realize that the October 2013 filing contained confidential information, particularly while "in the midst of proceedings in which Apple and Nokia were demanding sanctions (including preclusion sanctions) against Samsung for inadvertently failing to redact references to certain terms of this same Apple-Nokia license."  (Dkt. 3009 at 1-2.)  But no party had more motivation to discover that error at the time than Samsung—and Samsung only learned of it from Apple.  The fact that ***none*** of the parties noticed the confidential information contained in the October 2013 filing for four months is not evidence of anything beyond confirmation of the buried nature of the inadvertent disclosure.[3]

*Fourth*, Samsung points to two instances in November 2013 when Apple mistakenly filed documents in the -630 case that contained confidential information others had produced in

---

[3]   Samsung contends that discovery is needed to probe whether Apple had some nefarious motive when it informed the Court on February 11, 2014, that it had "no information that the document was distributed on the Internet or otherwise used." (Dkt. 3009 at 2.)  That statement was true when made, and even Samsung concedes that after it sent Apple a letter on February 14 stating that the document was available on the Lexis-Nexis CourtLink service, Apple promptly asked Lexis-Nexis to remove the document.  (*Id.* at 2-3.)  Apple's response alone refutes any suggestion of bad faith.

Apple's Opposition to Samsung's Amended Motion to Compel
Case No. 11-cv-01846 (LHK)

ActiveUS 125475820v.1

discovery.[4]  (Dkt. 3009 at 3.)  Although those instances were unfortunate, this Court has recognized that isolated inadvertent disclosures like those "can happen, and almost certainly do happen, each and every day"—particularly in massive litigations like these that collectively have involved more than 4,400 court filings consisting of many thousands of pages of documents. (Dkt. 2935 at 1; *id.* at 12 ("In a case of this size and scope, it would be completely unreasonable to expect every person on every team to perform perfectly at all times.").)  In fact, the Protective Order itself expressly contemplates that the inadvertent disclosure of confidential information may occur by detailing (in a section titled "Inadvertent Disclosure Not Authorized By Order") the very procedures that Apple followed once it learned about these isolated incidents (and which Apple followed after the October 2013 inadvertent disclosure, even though it was not obligated to do so under the protective order).  (Dkt. 687 at 30.)  Beyond the understandable desire of Samsung and Quinn Emanuel to shift the spotlight away from their own serious misconduct, there is no reason to launch an investigation into responsive conduct that ***complied*** with the protective order.

In fact, Samsung itself has mistakenly included Apple and third party confirmation information in public filings ***six times*** in the -630 case alone, each of which required Samsung to file motions to remove the filings from the docket.  (*See* 12-cv-630, Dkt. 152 (motion to remove Dkt. 118 and Dkt. 130); 12-cv-630, Dkt. 166 (motion to remove Dkt. 146); 12-cv-630, Dkt. 650 (motion to remove Dkt. 648); 12-cv-630, Dkt. 841 (motion to seal Dkt. 660); 12-cv-630, Dkt. 1165 (motion to remove Dkt. 1157).)  The Court granted all five motions to remove, and the belated motion to seal is still pending.  (*See* 12-cv-630, Dkt. 162, 392, 652 and 1179.)  In most of those instances, Apple discovered the error; yet, Apple never asked the Court to punish Samsung for its mis-filings, and never used these mis-filings as support for Apple's motion for sanctions.

***Fifth***, most of Samsung's requested deposition and declaration topics are directed to the procedures that Apple uses to ensure the confidentiality of its licenses with companies such as

---

[4] In its Motion, Samsung erroneously contends that Apple also made a mistaken filing of confidential information in the 1846 litigation. (Dkt. 3009 at 3.)  The two filings referenced by Samsung occurred in the -630 litigation.

Nokia. (Dkt. 3009 at ii-iii.) But even if Samsung could justify its demand for that information (which it cannot), it already had the opportunity to probe that topic at length pursuant to the Court's November 8, 2013 Show Cause Order—which allowed Samsung to take up to 10 hours of depositions from Apple, including on the specific issue of "[t]o what extent did Apple keep the terms of its license agreements with Nokia, Ericsson, Phillips, and Siemens confidential." (Dkt. 2689 at 4.) Therefore, Samsung should already have the "transparency" that it now claims to need.

*Finally*, to the extent relevant at all, the circumstances surrounding Apple's inadvertent October 2013 filing only reinforce the appropriateness of the Court's sanctions findings against Samsung and Quinn Emanuel. For example, on the same day that Apple self-discovered its filing error, it asked the clerk to lock down the document on the docket to prevent public access. It then promptly: (i) provided the Court, Samsung, and Nokia with notice of the filing error; (ii) filed a motion requesting to remove the document from the docket; and (iii) asked LexisNexis to lock down and remove the document from its databases as soon as Apple learned of the document's presence on LexisNexis. (Declaration of Brian Buroker at ¶¶ 2-5.)

That rapid and comprehensive response stands in stark contrast to the conduct of Quinn Emanuel and Samsung: (i) which took no corrective steps (and gave no notice to anyone) after learning in December 2012 that they had been sharing the terms of Apple's confidential licenses in violation of the protective order; (ii) which initially sought to destroy evidence of their many wrongdoings; and (iii) which strategically waited until the end of the Presidential review period in the parties' ITC investigation before alerting Apple (and the ITC) of the numerous protective order violations that it had confirmed weeks earlier. (Dkt. 2935 at 17 ("In order to comply with Section 18(a), to which Quinn Emanuel and its client had stipulated, Quinn Emanuel should have 'immediately' picked up the phone to call Apple and let them know that there was a problem. Instead, it did nothing. This conduct requires sanctions."); *id.* ("Despite the protective order's clear directive to 'immediately notify counsel for the Producing Party,' Quinn Emanuel kept the information quiet for another fifteen days while independently negotiating with Nokia, as though

Apple's Opposition to Samsung's Amended Motion to Compel
Case No. 11-cv-01846 (LHK)

1    hoping that would make the problem do away.  Clearly, that hope was misplaced.").)

2         In sum, Samsung's motion hinges on the premise that parallels can be drawn between

3    Samsung's and Quinn Emanuel's numerous violations of the protective order and the mistaken

4    filing that Apple made in October 2013.  They cannot.  For their part, over the span of more than

5    eighteen months, Samsung and Quinn Emanuel transmitted confidential information that Apple

6    had produced under the express terms of the protective order in *multiple different* documents, on

7    *multiple different* occasions, and to *hundreds of persons* not under the protective order, and then

8    attempted to keep those protective order violations from ever surfacing (despite an obligation to

9    report them).  By contrast, after self-discovering its mistaken October 2013 filing, Apple

10   promptly took responsibility for its mistake and attempted to correct it in good faith.  Nothing

11   about that conduct warrants further discovery, a sworn declaration, or a re-opening of the

12   sanctions proceedings that plagued this case for more than seven months.  The amended motion

13   to compel therefore should be denied.

14

15   Dated: March 18, 2014                    WILMER CUTLER PICKERING
                                                HALE AND DORR LLP
16
                                             */s/* Mark D. Selwyn                    _
17                                           Mark D. Selwyn (SBN 244180)
                                             (mark.selwyn@wilmerhale.com)
18                                           950 Page Mill Road
                                             Palo Alto, CA  94304
19                                           Telephone:  (650) 858-6000
                                             Facsimile:  (650) 858-6100
20
21                                           *Attorneys for Plaintiff and*
                                             *Counterclaim-Defendant Apple Inc.*
22

23

24

25

26

27

28

ActiveUS 125475820v.1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served on March 18, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.


*/s/* Mark D. Selwyn
Mark D. Selwyn

Apple's Opposition to Samsung's Amended Motion to Compel
Case No. 11-cv-01846 (LHK)

ActiveUS 125475820v.1