RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
XAVIER M. BRANDWAJN (Ca. Bar No. 246218)
Xavier.brandwajn@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:     650-838-2000
Facsimile:     650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (pro hac vice)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:     404-881-7000
Facsimile:     404-881-7777

Attorneys for NOKIA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>           Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>           Defendants. | Case No.:  5:11-CV-01846-LHK (PSG)<br><br>**NOKIA CORPORATION'S REPLY TO SAMSUNG'S OPPOSITION TO NOKIA'S MOTION TO COMPEL INFORMATION FOR REMEDIATION**<br><br>**REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED** |

**I.   INTRODUCTION**

By all accounts, Nokia's Confidential Business Information ("CBI") is still in Samsung's possession even after Samsung has announced that its remediation has concluded. Samsung's arguments in opposition to Nokia's motion to compel ignore this fact, leaving the problem unresolved. Samsung has unilaterally relieved itself of the requirements of this Court's Stipulated Order of October 2, 2013, which was designed to solve this exact problem ("Stipulated Order") (Case No. 12-630 Dkt. No. 785). That Stipulated Order provides for the precise procedure called for to address Samsung's continued possession of Nokia's CBI: the creation of a log of all documents in which Nokia's CBI was disseminated, used or referenced (*Id.* at 3). Nokia's motion to compel seeks the production of this log, or the substantive equivalent of that log, along with several categories of non-privileged documents, in order to take all reasonable steps to insure the removal of all of Nokia's CBI from its competitor's possession.

Nokia's request, in purpose and scope, differs substantially from those which motivated and resulted from this Court's January 29, 2014 Order on sanctions ("Sanctions Order") (Dkt. No. 2935). While the Sanctions Order is limited in scope to the improperly redacted expert report of David Teece ("Teece Report"), the Stipulated Order logically relates to all documents containing Nokia's CBI (*Id.* at 10-17; *See* Dkt. No. 2988). As detailed below, Nokia's present request does not challenge or move for reconsideration of any part of the Sanctions Order. Nokia simply asks the Court to enforce its previous orders, including *those which the parties agreed to enter*. Nokia's motion to compel is completely consistent with the Sanctions Order and should be granted.

**II.   SAMSUNG IGNORES THE FACT THAT ITS CONTINUED POSSESSION OF NOKIA'S CBI CONTRADICTS THIS COURT'S STIPULATED ORDER**

Nokia seeks to have the Stipulated Order, as well as other of the Court's previous orders, enforced. Nokia entered the Stipulated Order in order to ensure a complete collection of information regarding not only violations of this Court's Protective Orders, but also—primarily—to ensure that its CBI did not remain dispersed throughout a competitor's business. Samsung simply ignores this fact. But Nokia's motion to compel is justified by the same persistent purpose that drove it to enter

1  into a Stipulated Order in the first place: Samsung's possession of Nokia's CBI.  Now that the Court

2  has issued sanctions for Quinn Emanuel's and Samsung's dissemination and use of Nokia's CBI, it

3  is time for Samsung's continued possession of Nokia's CBI to be addressed.

### A.   Samsung does not deny that it continues to possess Nokia's CBI.

5       Samsung argues several points in opposing Nokia's motion to compel, but its omission of

6  one fact in particular speaks even louder: Samsung does not argue that further remediation is

7  unnecessary because it is no longer possesses Nokia's CBI.  Even after all of its investigation,

8  Samsung is unwilling or unable to simply state that it does not have Nokia's CBI.  This was the

9  reason Nokia moved for a Protective Order, the reason Nokia negotiated and entered into a

10  Stipulated Order with Samsung, and the reason Nokia has participated in this litigation.  "Nokia's

11  primary objective and the sole reason for its involvement in this litigation has always been to

12  discover the full scope of Samsung's and Quinn Emanuel's improper disclosures of its CBI and to

13  implement appropriate remediation procedures" (Dkt. No. 2988 at 1).

14       There is further circumstantial evidence that Samsung retains Nokia's CBI.  It can be found

15  in the process by which Samsung selected documents for its privilege log and eventual production to

16  the Court.  During the negotiation and early implementation of the Stipulated Order, Nokia and

17  Samsung engaged in extensive negotiations over the universe of search terms which Samsung should

18  employ to locate Nokia's CBI (Declaration of Ryan W. Koppelman In Support of Nokia's Reply Re:

19  Motion to Compel Sufficient Information for Proper Remediation ("Koppelman Decl."), Ex. 1 (July

20  31, 2013 Allen letter to Becher); ¶¶ 3-5).  Those search terms were then used to generate the

21  privilege log which Samsung relies upon now (Koppelman Decl., ¶ 5).  It stands to reason that the

22  documents which were responsive to Nokia's search terms, responsive to discovery orders of this

23  Court, and later produced to this Court, likely contain Nokia's CBI or information derived from or

24  analyzing Nokia's CBI.

25       Two reasonable conclusions arise from Samsung's failure to deny that they possess Nokia's

26  CBI:  1) Samsung is uncertain whether it possesses Nokia's CBI, even after clear statements to the

27  Court about the width and breadth of its investigation (Dkt. No. 2835-3 at 5-7) or 2) Samsung knows

that it has Nokia's CBI and is unwilling to agree to remediate that possession. It is now clear to Nokia that Samsung will only remediate Nokia's CBI once the Court compels them to do so.

### B. Nokia's motion to compel helps solve the paramount problem of Samsung's possession of Nokia's CBI, while Samsung's opposition ignores the issue.

Even though Samsung will not certify that it does not possess any Nokia CBI, it suggests that "remediation has thus concluded" (Dkt. No. 3029-3 at 4). If the Court denies Nokia's Motion to Compel, and does not allow for any enforcement of the Stipulated Order, Nokia will be left knowing that its CBI is still very likely lodged in its competitor's grasp (in forms other than the Teece Report). Such a result leaves Nokia significantly worse off than it was before Quinn Emanuel's and Samsung's wrongdoing. Put bluntly, Samsung's outside counsel will have paid the sanction amount so that Samsung could continue to retain information that it improperly received and knows it should never have received.

Alternatively, if the Court grants Nokia's request that Samsung produce the Stipulated Log, Nokia and Samsung will have the information necessary to complete the remediation process. The result solves either of the reasonably drawn conclusions from Samsung's continued possession of Nokia's CBI: 1) if Samsung is uncertain whether they retain it, then properly completing the log will resolve the issue and Nokia's CBI can be remediated; or 2) if Samsung is already aware that they retain Nokia's CBI, then Samsung and Nokia can discuss how best to remedy that continued possession.

The Sanctions Order's remediation succeeded in remediating—quickly—the improperly redacted Teece Report from Samsung's possession (*See* Dkt. Nos. 3029-4 at 4, 3029-17, 3029-18).[1] Quinn Emanuel's "failure to fully redact" Nokia's CBI from the Teece Report, and "pervasive distribution" of that CBI to Samsung employees, formed the cornerstone of the Court's Sanctions

---

[1] Nokia understands that Samsung and Quinn Emanuel also removed "all copies of the outline, draft brief and brief regarding the International Trade Commission's Notice on Remedy and the Public Interest in the 794 Investigation that contain information regarding the Apple-Nokia license" (hereinafter "ITC Materials") (Dkt. No. 3029-10 at 1). Nokia appreciates this effort but remains unassured that Nokia's CBI has been fully removed from Samsung's possession.

NOKIA CORPORATION'S REPLY TO SAMSUNG'S OPPOSITION TO NOKIA'S MOTION TO COMPEL INFORMATION FOR REMEDIATION

3

CASE NO.: 5:11-CV-01846-LHK (PSG)

1  Order (Dkt. No. 2935 at 7).  Thus, the Court's choice of remedy matched the wrong addressed in that
2  instance.  By granting Nokia's motion to compel, with specific guidelines for Nokia's and
3  Samsung's resolution of these issues, the Court has an opportunity to solve Samsung's continued
4  possession of Nokia's CBI just as expeditiously.

   **C.   The Stipulated Log is critical to completing remediation of Nokia's CBI.**

6  This Court's two October 2, 2013 Orders—the Stipulated Order and the Order spurring this
7  sanctions litigation—accomplished different goals and imposed different obligations on Samsung
8  (630 Dkt. No. 785; Dkt. No. 2483).  Judge Koh recognized this distinction in rejecting Samsung's
9  attempt to alleviate itself from the obligations under the Stipulated Order (Dkt. No. 2538).  "While
10 there may be some overlap, the stipulation . . . impose[s] obligations on Samsung above and beyond
11 what is required in Order One.  For example, the stipulation requires Stroz Friedberg to use
12 computer forensics to audit the files of Samsung employees. . . . [and] requires that Stroz Friedberg
13 'conduct an independent review of Quinn Emanuel's investigation and collection process as is
14 necessary to ensure that Quinn Emanuel's search of its own firm Documents is complete and
15 accurate'" (*Id*. at 12).

16 The Stipulated Log provided for in the Stipulated Order is crucially different than the
17 privilege log offered by Samsung, and those differences justify a determination that Samsung's
18 obligations as to the Stipulated Log remain unfulfilled.  First, the Stipulated Log was to be created
19 by an independent third party (630 Dkt. No. 785 at 3).[2]  Second, the Stipulated Log was to be a result
20 of a search through Samsung's documents based on negotiated and agreed to search terms,
21 "reasonably focused to search for, locate, and obtain Documents relating to any use, reference or
22 further dissemination of the Disclosed Information" (*Id.*).  Third, the Stipulated Log was to include,

---

[2] While Nokia is entitled to the benefit of the bargained Stipulated Order in full, Nokia has made efforts to compromise on different facets of the Stipulated Log, including the possible revision of the existing privilege log instead of the creation of an entirely new log (Dkt. No. 2988 at 8 n. 6). Further, at the December 9, 2013 Hearing before this Court, the primary (and really sole) objection to completion of the log was the cost of Stroz Friedberg hiring additional employees to create the log (Hr'g Tr., Dec. 9, 2013 at 108).  While that seems like a specious objection given that Samsung had agreed to the Stroz process *precisely*, Nokia remains willing to find a compromise which will allow the Stipulated Log to be produced as efficiently and expeditiously as possible.

NOKIA CORPORATION'S REPLY TO SAMSUNG'S OPPOSITION TO NOKIA'S MOTION TO COMPEL INFORMATION FOR REMEDIATION

4

CASE NO.:  5:11-CV-01846-LHK (PSG)

for each entry, "a description of the subject matter of the Document sufficient to understand the nature of the use of or reference to the Disclosed Information" (*Id*.).

This third requirement—that the log include both a sufficient description so that Nokia could understand the nature of the use or reference to its CBI—tracks Nokia's purpose for entering into the Stipulated Order, but is utterly lacking in Samsung's privilege log ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Whether or not these descriptions satisfy an assertion of privilege, they certainly do not satisfy the purpose or requirement that Nokia be able to understand the nature of the use or reference to its CBI within these documents. Samsung has contended at times, during various meet and confers, that it legitimately has Nokia's CBI from other sources (Koppelman Decl., ¶ 6). For example, Samsung counters that a select group of Samsung employees were permitted to review a spreadsheet from litigation in the Netherlands, from which the employees supposedly decoded the Nokia-Apple license terms (Dkt. Nos. 2807-2 at 1-3, 2807; 2807-14 at 2-3). The Stipulated Log's requirement that Samsung describe the nature of the reference to Nokia's CBI in any given document would allow Nokia to understand what documents contain Nokia's CBI from a potential legitimate source and what documents contain Nokia's CBI derived from Quinn Emanuel's and Samsung's protective order violations. Without that knowledge, Nokia cannot be expected to agree to Samsung's proposals for final remediation procedures (*See* Dkt. No. 3029-9 at 2).

**D.   Nokia has consistently informed Samsung that it expects Samsung to comply with the intent of the agreed-to Stipulated Order.**

Nokia has been steadfast in its statements to Samsung that it expects complete remediation and that the parties' agreement in the Stipulated Order is the appropriate process to achieve this task. Nokia has so argued repeatedly in the course of this litigation in pleadings on October 21, 2013, and

1  December 2, 2013 (*See* Dkt. Nos. 2558-3 at 10-11; 2836-4 at 7-9). More recently, on January 14,
2  February 6, and February 18, counsel for Nokia wrote to counsel for Samsung to reiterate this
3  essential point: Samsung's proposals to this point have been "clearly insufficient because every
4  instance of Nokia's confidential information must be remediated, not merely the instances where it is
5  [either the Teece Report or the ITC briefing]" (Dkt. No. 3029-9 at 2) (citing a similar letter dated
6  November 12, 2013) (*See also* Dkt. Nos. 3029-3, 3029-18). Samsung's strategy to move rapidly
7  with its partial remediation efforts had a plain tactical objective—Samsung wants to construct the
8  very argument it advances here today that remediation is complete. In fact remediation is only
9  partially complete. Nokia raised this very concern repeatedly with Samsung's counsel and Nokia's
10 concerns were ignored. Samsung's decision to proceed with partial remediation, even with clear and
11 repeated notice from Nokia that the proposed remediation plan was insufficient, cannot now excuse
12 Samsung from completing the remainder of its obligations under the Stipulated Order.

13 Samsung argues that "the Court already determined precisely what remediation procedures
14 were appropriate" (*Id.* at 7). The Court has done so—at least twice. Of course, the Court did order,
15 as part of its Sanctions Order, a remediation plan as to copies of the Teece Report in Samsung's
16 possession (Dkt. No. 2935 at 19). Nokia does not move in its motion for any reconsideration of that
17 order. Samsung ignores its own Stipulated Order, entered by this Court on October 2, 2013, in
18 which Samsung voluntarily assumed obligations as to what remediation procedures are
19 appropriate—obligations that extended beyond the Teece Report to "any Documents that reflect or
20 contain such further dissemination" of Nokia's CBI (Dkt. No. 785 at 2).[3] For these reasons, Nokia
21 has consistently told Samsung: "Samsung has failed to provide the information that it agreed to
22 provide in the October 2, 2013 Stipulated Order. Until that information is provided, Nokia cannot
23 agree that any proposed remediation resolves Samsung's obligations" (Dkt. No. 3029-19 at 1).

### E. With Protective Order violation sanctions behind the Court, the time for enforcement of the Stipulated Order is now.

---

[3] Samsung *has* moved for reconsideration of that order—twice (*See* 630 Dkt. Nos. 789, 790, 820, 1038).

This Court's Sanctions Order determined the sanctions appropriate to impose on Samsung and Quinn Emanuel for their violations of the Protective Order in this case (Dkt. No. 2935). Nokia does not seek to relitigate this Court's ruling on sanctions through this motion. Rather Nokia seeks to complete the process articulated by the Stipulated Order, which is the final remediation of Nokia's CBI in Samsung's possession. With the sanctions issues behind it, this Court should proceed to rule on Nokia's motion to compel, order production of the Stipulated Log, and couple that ruling with an expeditious timeline for the final removal of all of Nokia's CBI from Samsung's possession.

### III. THE SCOPE AND PURPOSE OF NOKIA'S MOTION TO COMPEL ARE FUNDAMENTALLY DIFFERENT FROM THOSE OF THE SANCTIONS BRIEFING

Samsung fundamentally misunderstands and misstates the breadth of the Court's Order Granting Sanctions (Dkt. No. 2935). The "public findings of wrongdoing" addressed the culpability of Quinn Emanuel and Samsung in disseminating Nokia's CBI (*Id.* at 18; 13-15). The Sanctions Order further addressed the use of Nokia's CBI *from the Teece Report* when determining the severity of the sanctions to be addressed (*Id.* at 13) ("The Incompletely Redacted Teece Report Was Widely Circulated Within Samsung . . . And Those Hundreds Of Violations Merit Sanctions"). At least on its face, the Sanctions Order did not delineate, nor seek to address, every individual instance of Samsung's possession of Nokia's CBI (*Id.* at 7) (Order to Show Cause related to extent of Samsung's "wrongful use" of CBI, Quinn Emanuel's improper redaction of the Teece Report, and Quinn Emanuel's failure to follow Section 18 of the Protective Order). Samsung seeks to use this ruling to narrow its obligations under the still-existing Stipulated Order.

#### A. Granting Nokia's motion to compel facilitates remediation of Samsung's possession of Nokia's CBI.

The litigation leading up to this Court's January 29 Sanctions Order had a clear purpose: determining whether sanctions were warranted as to "three particular violations of its Protective Order" (Dkt. No. 2935 at 7). Those potentially sanctionable actions included Samsung's use of disclosed information in two license negotiations, Quinn Emanuel's failure to redact the Teece Report, and Quinn Emanuel's failure to follow Section 18 of the Protective Order (*Id.*).

1    In the Sanctions Order, this Court reviewed five instances of conduct which it has listed in its Order to Show Cause (Dkt. No. 2935 at 10).  The first three of these instances involved the Teece Report: 1) the *use* of the Teece Report in negotiations with Ericsson and Nokia; 2) the failure to properly redact the Teece Report; and 3) the wide circulation of the Teece Report within Samsung (*Id.*) (emphasis added).  The last two instances involved Quinn Emanuel's and Samsung's failure to comply with the Protective Order's provision on steps to be taken after a violation (Dkt. No. 2935 at 15-17).  The Court thus limited its sanctions analysis to the Teece Report and the Protective Order's procedural requirements.

The purpose of Nokia's current motion is not to sanction or punish Samsung and Quinn Emanuel.  Instead, its purpose is to identify all material in need of remediation.  As the Stipulated Order explains, in language that Samsung agreed to submit to this Court, "[t]he agreed steps will be performed with the objective of *identifying and reporting on the totality of all disseminations to*, references about and uses of, the Disclosed Information to or by parties not subject to the Protective Orders of this Court" (630 Dkt. No. 785 at 2) (emphasis added).  The focus on complete identification and remediation is also found later in the Stipulated Order.  The Stipulated Log should include "*all instances* in which the Disclosed Information was disseminated or in which the Disclosed Information was referenced or used in any Documents by Samsung employees" (630 Dkt. No. 785 at 3) (emphasis added).  Only after completion of these steps would Quinn Emanuel take steps to remediate through the destruction of all documents containing Disclosed Information (630 Dkt. No. 785 at 5). While the Court limited its Sanctions Order to an analysis of Samsung's and Quinn Emanuel's actions which implicated the Protective Order, the Stipulated Order clearly intended to compile and address all disclosures of Nokia's Disclosed Information.

**B.     Because Nokia does not ask for reconsideration of *any* holding in the Sanctions Order, Nokia's motion cannot be construed as a motion for reconsideration.**

Nokia's motion to compel in no way challenges this Court's January 29 Sanctions Order.  The Sanctions Order simply did not rule one way or another on Samsung's obligations under the

Stipulated Order, or on any issues of privilege beyond the documents it held not privileged (Dkt. No. 2935 at 4 n. 13). Despite these facts, Samsung suggests that Nokia is improperly asking for reconsideration of the Court's Order.

Nokia's motion to compel does no such thing. In contrast, the cases Samsung relies on involved one party challenging a direct ruling of the Court. In *Ansari v. Elec. Document Processing Inc.*, 5:12-CV-01245-LHK, 2013 WL 4647621 at *6 (N.D. Cal. Aug. 29, 2013), the defendant moved for relief from the court's order striking their affirmative defenses. In *Lou v. Ma Labs., Inc.*, 12-CV-05409 WHA NC, 2013 WL 1615785 at *1-2 (N.D. Cal. Apr. 15, 2013), a party sought "additional guidance" through a "motion for clarification" without requesting any additional relief. Finally, in *Gwin v. Target Corp.*, C-12-05995 JCS, 2014 WL 651864 at *13 (N.D. Cal. Feb. 19, 2014), the Court explained that "*[t]o the extent* [a party's] arguments amount to a request that the Court reconsider its previous rulings, [that party] has failed to adhere to Civil Local Rule 7–9" (emphasis added).

On the other hand, Nokia's motion to compel is not asking the Court to alter its ruling on sanctions for Quinn Emanuel's and Samsung's Protective Order violations, to any extent. Instead, Nokia's motion asks that the Court order production of documents it has already ordered produced, and that the Court enforce its previous orders, including the Stipulated Order. These orders were not overruled by the Sanctions Order, and continue to bind both Samsung and Nokia.

Since nothing in Nokia's motion to compel requests that the Court reconsider its previous rulings, since it does not present the court with a motion for reconsideration under false pretenses, and since it does not move for relief from—but rather seeks enforcement of—the Court's previous orders, there is simply no plausible justification for considering it a motion for reconsideration.

## IV. NOKIA'S REQUESTED RELIEF

Due to Samsung's lack of compliance with several of this Court's previous orders (630 Dkt. No. 785; Dkt. No. 2483), Nokia's request may seem multi-faceted. For clarity's sake: In the language of the Stipulated Order, the parties agreed to a process with the "objective" *and result of*

1  "identifying and reporting on the totality of all disseminations to, references about and uses of, the
2  Disclosed Information to or by parties not subject to the Protective Orders of this Court" (Dkt. No.
3  785 at 2).  Until that is completed, Samsung's and Quinn Emanuel's obligations under the Stipulated
4  Order (and other Court orders) have not been satisfied.  Even so, Nokia recognizes that the Court
5  could fashion appropriate relief in several different forms.

6  First, the Court could order production to Nokia of all the documents submitted *in camera* to
7  the Court.  This would allow Nokia to determine for itself the nature of disseminations of all forms
8  of its CBI, even beyond the Teece Report and ITC.  This would also allow Nokia to have a
9  straightforward dialogue with Samsung about final remediation steps.  As noted in its motion to
10 compel, "[i]n the event that the Court compels production of the *in camera* documents to Nokia,
11 Nokia would be willing to forego the Stipulated Log" (Dkt. No. 2988 at 2 n. 2).

12 As an alternative, the Court could simply confirm that the Stipulated Order remains in effect,
13 and compel Samsung to comply with the provisions therein, including production of the Stipulated
14 Log in paragraph 7 of that Order (630 Dkt. No. 785 at 3-4).  If the Court does not wish to order
15 production of the Stipulated Log, despite Samsung's previous agreement to produce the same when
16 it was convenient for them to do so, Nokia has offered an alternative: "the Court should at a
17 minimum order Samsung to update its existing [privilege] log with a new column of information
18 which includes, as stipulated and ordered, a 'description of the subject matter of the Document
19 sufficient to understand the nature of the use of or reference to the Disclosed Information,' where the
20 description is generated by Stroz through its independent review of the logged documents" (Dkt. No.
21 2988 at 8 n. 6).

22 A final option as to the Stipulated Order is for the Court is to order the destruction of all
23 copies of all documents containing and/or disseminating of Nokia's CBI within Samsung.  This
24 should include all documents submitted *in camera* to this Court, as well as all documents ordered
25 produced on October 2, 2013 (Dkt. No. 2483).  While this remedy does not comply with the clear
26 requirements of the Stipulated Order, it would at least satisfy the purpose of that Order by removing
27 all of Nokia's CBI from Samsung's possession.

28 NOKIA CORPORATION'S REPLY TO SAMSUNG'S OPPOSITION TO      10      CASE NO.:  5:11-CV-01846-LHK (PSG)
   NOKIA'S MOTION TO COMPEL INFORMATION FOR
   REMEDIATION

Finally, Nokia's Motion to Compel asks this Court to compel Samsung to produce the documents for which the Court found that Samsung had waived privilege. Samsung has raised no argument which should lead this Court to deny Nokia access to documents which the Court reviewed and relied upon in the Order Granting Sanctions. The argument that a litigant should be denied access to documents which are no longer privileged, if they ever were, and form the record of the case is absurd. Nokia asks that the Court order that Samsung produce those documents immediately.

**V.    CONCLUSION**

For the reasons cited above, the Court should GRANT Nokia's Motion to Compel.

DATED: March 18, 2014

                          Respectfully submitted,

                          ALSTON & BIRD, LLP

                          */s/ Ryan W. Koppelman*
                          RANDALL L. ALLEN
                          RYAN W. KOPPELMAN
                          XAVIER M. BRANDWAJN

                          Attorneys for Non-Party Nokia Corporation

1   I hereby certify that on March 18, 2014, I electronically filed the foregoing **NOKIA
2   CORPORATION'S REPLY TO SAMSUNG'S OPPOSITION TO NOKIA'S MOTION TO
3   COMPEL INFORMATION FOR REMEDIATION** with the Clerk of Court using the
4   CM/ECF system, which will automatically send email notification to the parties and counsel of
5   record.

6   This 18th day of March, 2014.

*/s/Ryan W Koppelman*
RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
XAVIER M. BRANDWAJN (Ca. Bar No. 246218)
Xavier.brandwajn@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone: 650-838-2000
Facsimile: 650-838-2001

*Attorneys for NOKIA CORPORATION*