| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE (pro hac vice) |
| hmcelhinny@mofo.com | William.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, Massachusetts 02109 |
| ERIK J. OLSON (CA SBN 175815) | Telephone: (617) 526-6000 |
| ejolson@mofo.com | Facsimile: (617) 526-5000 |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | MARK D. SELWYN (CA SBN 244180) |
| San Francisco, California 94105-2482 | mark.selwyn@wilmerhale.com |
| Telephone: (415) 268-7000 | WILMER CUTLER PICKERING |
| Facsimile: (415) 268-7522 | HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, CA 94304 |
| | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

***Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.***

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | |
| Plaintiff and Counterclaim-Defendant, | CASE NO. 5:11-cv-01846-LHK |
| v. | **APPLE'S MOTION FOR STAY OF THE COURT'S ORDER RE VARIOUS ADMINISTRATIVE MOTIONS TO SEAL (DKT. NO. 3034) PENDING APPLE'S MOTION FOR CLARIFICATION** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants and Counterclaim-Plaintiffs. | |

**MOTION**

On March 17, 2014, this Court entered an order granting-in-part and denying-in-part various administrative motions to seal ("Sealing Order").  (Dkt. 3034.)  Apple Inc. ("Apple") is filing a Motion for Clarification of the Court's Sealing Order ("Motion for Clarification"), and hereby moves for a stay of the Sealing Order as it relates to Exhibit A to the Declaration of Erik J. Olson in Support of Apple's Opposition to Motion for Relief from Case Management Order ("Exhibit A") pending Apple's Motion for Clarification, for the reasons set forth herein.

Apple's counsel met and conferred with Samsung's counsel regarding this motion, and Samsung does not oppose Apple's Motion for Stay.

**RELIEF REQUESTED**

Apple seeks an order staying the portion of the Court's Sealing Order related to Exhibit A pending the Court's resolution of Apple's Motion for Clarification and respectfully requests that the Court stay the portion of its Sealing Order related to Exhibit A until the later of:  (1) its ruling on Apple's Motion for Clarification, or (2) in the event that the Court denies Apple leave to file its Motion for Clarification, or grants leave but denies the Motion for Clarification, pending resolution of any appeal to the Federal Circuit.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Apple submits this memorandum in support of its motion, pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, to stay a limited portion of the Court's Sealing Order related to Exhibit A until the later of: (1) its ruling on Apple's Motion for Clarification, or (2) in the event that the Court denies Apple leave to file its Motion for Clarification, or grants leave but denies the Motion for Clarification, pending resolution of any appeal to the Federal Circuit.

This limited stay is warranted because revealing Apple's highly confidential profit/loss information would cause significant harm by granting competitors an unfair and unearned advantage in the marketplace. Further, this injury would be immediate and irreparable, for "[s]ecrecy is a one-way street": once confidential information has been released to the public, it "cannot be made secret again." *In re Copley Press, Inc. v. Ismael Highera-Guerrero*, 518 F.3d 1022, 1025 (9th Cir. 2008). To require that this information be made public now would deprive Apple of any remedy.

There is no substantial countervailing public or private interest in immediate disclosure of this information. Any legitimate public interest would suffer no harm by delaying release until the Court can clarify whether its Sealing Order denied sealing Apple's profit/loss information. Finally, this Court's prior rulings mandate both the grant of stay, and, ultimately, the grant of Apple's Motion for Clarification.

## FACTUAL STATEMENT

Samsung and Apple filed administrative motions to file under seal confidential information contained in or attached to various motions. *See, e.g.,* Dkt. Nos. 2292, 2326, and 2332. Apple had moved to seal page 34, lines 7-8 of Exhibit A. (*See* Dkt. Nos. 2332, 2332-1, and 2332-2.) Samsung subsequently filed a declaration in support of Apple's Administrative Motion to Seal and supported sealing page 25, lines 1-3, 10-14 and page 74, lines 13-14 of Exhibit A. (Dkt. No. 2341.)

On March 17, 2014, the Court granted-in-part and denied-in-part portions of the parties' motions to seal. (*See generally* Dkt. No. 3034 at 4-11.) With respect to Exhibit A, the Court specifically addressed Samsung's sealing requests but did not specifically address Apple's sealing requests. (*See id.* at 6.)

## ARGUMENT

To obtain a stay, "a movant must establish a strong likelihood of success on the merits, or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor." *Merial Ltd. v. Cipla Ltd.*, 426 Fed. App'x 915, 915 (Fed. Cir. 2011) (unpublished)(citing *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987)). Although courts may also consider the impact of a stay on other parties and the public, the likelihood of success and irreparable injury prongs are the more important elements. *See, e.g.*, *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 449 Fed. App'x 35, 36 (Fed. Cir. 2011); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512-13 (Fed. Cir. 1990) ("When harm to applicant is great enough, a court will not require 'a strong showing' that applicant is 'likely to succeed on the merits.'").

Here, Apple has a strong likelihood of success, or at the very least a "substantial case." *Merial Ltd.*, 426 Fed. App'x at 915. The Court granted Apple's request to seal the same information in another section of its Order. (Dkt. No. 3034 at 4-5; *see also* Dkt. Nos. 2326-7, 2335, and 2335-1.) Denial of a stay will unavoidably cause irreparable harm by forcing the release to the public of confidential information whose secrecy, once lost, cannot be restored. The public has little or no legitimate interest in access to confidential information, and to the extent it does, that interest will not be meaningfully impaired by a delay in the information's release while this Court reviews the limited amount of information at issue. These factors weigh heavily in favor of a stay, which this Court should grant.

**I.    THE PARTIES HAVE A STRONG LIKELIHOOD OF SUCCESS AND CERTAINLY A SUBSTANTIAL CASE ON THE MERITS**

### A.    The Confidential Information at Issue May Be Sealed Under The "Good Cause" Standard.

Apple has a significant interest in keeping its confidential Apple profit/loss information secret because it would suffer competitive harm if this information is made public. In fact, the Court granted Apple's request to seal this same information in another section of its Sealing Order. (Dkt. No. 3034 at 4-5; *see also* Dkt. Nos. 2326-7, 2335, and 2335-1.)

Here, the information sought to be sealed was filed in support of an opposition to a non-dispositive motion (Samsung's Administrative Motion For Relief From April 29, 2013, Case Management Order). Therefore, the "good cause" standard applies. Apple's profit/loss information is highly confidential Apple information. The disclosure of such information would be harmful for the reasons discussed in the Declaration of Jim Bean. (Dkt. No. 1502.) .

### B.    The Court Previously Ruled Under Similar Circumstances That a Stay While a Motion for Reconsideration Is Pending Is Proper.

As the Court has previously found under similar circumstances, stay of the Court's Order is appropriate to allow the Court time to consider and rule on a Motion for Reconsideration. Previously, the Court found that Exhibit 6 to the Pernick Declaration in Support of Apple's Motion to Strike Portions of Samsung's Expert Reports (Dkt. No. 939-04) contained third-party source code references that were "proprietary and therefore appropriately may be sealed" and invited Samsung to "move to seal narrowly tailored redactions of only the source code references." Dkt. No. 2222 at 24:17-20. In connection therewith, the Court granted a motion to stay its initial order denying sealing so that the parties could file renewed motions. Dkt. No. 2232 at 2:6-11 ("To the extent that Samsung seeks to stay the February 1 order with regards to the exhibits containing third-party source code until the court resolves its renewed motion to seal, the court finds that a stay is warranted. Source code involves proprietary information that the court already has found to be appropriate for a sealing request. Samsung's request to stay the

1  February 1 order with regards to the exhibits with third-party source code references is
2  GRANTED.").[1]

## II. THE BALANCE OF HARMS TILTS DECISIVELY IN APPLE'S FAVOR

Apple has, at the very least, established a substantial case on the merits; therefore, a stay is warranted. Conversely, the denial of a stay in this case would cause Apple immediate and irreparable harm, which would be sufficient to justify a stay even if the likelihood of success on the merits were relatively slight. *See Standard Havens Prods.,* 897 F.2d at 512. As the Court has previously observed, the harm allowing confidential information into the public domain is substantial, irreversible and irreparable: "When the information is publicly filed, what once may have been a trade secret will no longer be." Dkt. No. 2047 at 7:6-7.

### CONCLUSION

For the foregoing reasons, the Court should stay the limited portion of the Sealing Order related to Exhibit A until the later of: (1) its ruling on Apple's Motion for Clarification of the Court's Sealing Order, or (2) in the event that the Court denies Apple leave to file its Motion for Clarification, or grants leave but denies the Motion for Clarification, pending resolution of any appeal to the Federal Circuit.

---

[1] Additionally, in *Dynetix Design Solutions Inc. v. Synopsys Inc.*, Case No. 11-cv-05973 PSG, this Court stated that "Confidential source code is generally accepted to be proprietary and sealable." 2012 WL 6586372, at *1 (N.D. Cal. Dec. 17, 2012); *see also*, Dkt. No. 1649 at 8:18-20 ("[S]ource code is undoubtably[sic] a trade secret.")(internal quotation, citation omitted).

1
2   Date: March 20, 2014                By:   */s/ Mark D. Selwyn*
3
4                                             Mark D. Selwyn (CA SBN 244180)
                                              mark.selwyn@wilmerhale.com
5                                             WILMER CUTLER PICKERING
                                                HALE AND DORR LLP
6                                             950 Page Mill Road
                                              Palo Alto, CA 94304
7                                             Telephone: (650) 858-6000
                                              Facsimile: (650) 858-6100
8
9                                             Attorney for Plaintiff and Counterclaim-
                                              Defendant APPLE INC.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on March 20, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

        /s/ Mark D. Selwyn
        Mark D. Selwyn