1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:   (650) 801-5000
   Facsimile:    (650) 801-5100

9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

16

17                    UNITED STATES DISTRICT COURT

18               NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

| | |
|---|---|
| 20  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 21          Plaintiff, | **DECLARATION OF ROBERT J. BECHER IN SUPPORT OF SAMSUNG'S OPPOSITION TO NOKIA'S MOTION TO COMPEL INFORMATION FOR REMEDIATION** |
| 22     vs. | |
| 23  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | |
| 24  ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | |
| 25  TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 26          Defendants. | |

27

28

Case No. 11-cv-01846-LHK
DECLARATION OF ROBERT J. BECHER

I, Robert J. Becher, declare:

1. I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd, Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung").   I have personal knowledge of the facts set forth in this declaration, except as otherwise noted, and, if called as a witness, could and would testify to those facts under oath.

2. I submit this declaration in support of Samsung's Opposition to Nokia's Motion to Compel Information For Remediation.

**CHRONOLOGY OF REMEDIATION EFFORTS**

3. On November 4, 2013 Samsung sent Apple and Nokia a proposed a plan for remediating the inadvertent disclosures.   (Dkt. 2835-7, ¶ 57, Ex. 34.)

4. On November 12, Samsung sent a follow up letter.   (*Id.* at ¶ 58, Ex. 18.)   On November 12, Nokia purported to respond to Samsung's November 4 and 12 letters by arguing that Samsung's proposal was insufficient.   (*Id.* at Ex. 19.)   On November 13, Samsung again sent a follow up letter, asking for feedback on Samsung's remediation proposal or a counter-proposal.   (*Id.* at ¶ 59, Ex. 20.)   On December 2, Samsung sent another follow up letter to counsel for Apple and Nokia regarding remediation, requesting an alternative proposal from Nokia and a response from Apple.   (*Id.* at ¶ 60, Ex. 35.)

5. On December 24, Samsung again asked Apple and Nokia to respond to Samsung's remediation proposal.   A true and correct copy of my December 24, 2013 letter to Apple and Nokia is attached as Exhibit 1.

6. On December 24, Apple sent a letter criticizing various aspects of Samsung's proposal but did not make a counter-proposal.   A true and correct copy of Apple's December 24, 2013 letter to me is attached as Exhibit 2.

7. On January 8, 2014, Samsung proposed a detailed remediation plan and attached an outline of remediation steps.   A true and correct copy of my January 8, 2014 letter to Apple is attached as Exhibit 3.

8.   On January 13, Apple again criticized various aspects of Samsung's proposal without proposing a counter-proposal.   A true and correct copy of Apple's January 13, 2014 letter to me is attached as Exhibit 4.

9.   On January 14, Nokia criticized various aspects of Samsung's proposal without proposing a counter-proposal.   A true and correct copy of Nokia's January 14, 2014 letter to me is attached as Exhibit 5.

10.   On January 29, the Court ordered that "with Apple and Nokia's consent, Quinn Emanuel shall be responsible for ensuring that all copies of the Teece report containing confidential information are deleted, erased, wiped, or otherwise permanently removed from Samsung's control within fourteen days of this order."   (Dkt. 2935 at 19.)

11.   On January 31, Samsung wrote Apple and Nokia to seek their "consent" under the January 29 Order to comply with the final paragraph of the Order.   A true and correct copy of my January 13, 2014 letter to Apple and Nokia is attached as Exhibit 6.

12.   On February 4, Apple sent a letter criticizing various aspects of Samsung's proposal for complying with the January 29 Order.   A true and correct copy of Apple's February 4, 2014 letter to me is attached as Exhibit 7.

13.   On February 5, Samsung asked Apple and Nokia to meet and confer regarding a motion seeking guidance regarding the final paragraph of the January 29 Order.   A true and correct copy of my February 5, 2014 letter to Apple is attached as Exhibit 8.

14.   On February 6, Nokia sent a letter criticizing various aspects of Samsung's proposal and stating that any action to comply with the final paragraph of the January 29 Order required Apple's and Nokia's consent.   A true and correct copy of Nokia's February 6, 2014 letter to me is attached as Exhibit 9.

15.   On February 6, Samsung sent a letter asking Apple and Nokia to meet and confer regarding the work required by the final paragraph of the January 29 Order.   A true and correct copy of my February 6, 2014 letter to Apple and Nokia is attached as Exhibit 10.

16.   On February 7, Apple wrote to Samsung regarding its proposal to comply with the January 29 Order.   A true and correct copy of Apple's February 7, 2014 letter to me is attached

as Exhibit 11.

17. On February 9, the parties met and conferred and Apple and Nokia confirmed that they believed Samsung could not begin to comply with the final paragraph of the January 29 Order without their approval. They asked for some additional information about the mechanics of complying with the January 29 Order and Samsung provided the requested information.

18. On February 10, Samsung wrote Apple and Nokia to address various questions raised on the parties' meet and confer. A true and correct copy of my February 10, 2014 letter to Apple and Nokia is attached as Exhibit 12.

19. Apple finally authorized Samsung to comply with the final paragraph of the Court's January 29 Order on February 17, 2014, and Nokia consented the next day. A true and correct copy of Apple's February 17, 2014 letter to me is attached as Exhibit 13. A true and correct copy of Nokia's February 18, 2014 letter to me is attached as Exhibit 14.

20. A Quinn Emanuel attorney and six personnel from Stroz Friedberg then flew to Korea to take measures to comply with the final paragraph of the Order. The work in Korea was completed by March 4, 2014.

21. In addition, Stroz and Quinn Emanuel personnel also went to four locations in the United States and locations in Europe.

22. Due to technical issues related to a server in New Jersey, Samsung requested a short extension of time to March 10, 2014 to comply with the January 29 Order. The parties agreed to the extension and the Court authorized the extension. (Dkt. 3020.)

23. Stroz completed the work necessary to comply with the final paragraph of the January 29 Order on March 10, 2014.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in Los Angeles, California on March 11, 2014.

/s/ Robert J. Becher
Robert J. Becher

-3-    Case No. 11-cv-01846-LHK
DECLARATION OF ROBERT J. BECHER

**ATTESTATION**

I, Victoria F. Maroulis, am the ECF User whose ID and password are being used to file this Declaration.   In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Robert J. Becher has concurred in this filing.

Dated:   March 11, 2014                        By:   */s/ Victoria F. Maroulis*
                                                          Victoria F. Maroulis