# EXHIBIT 2

# WILMERHALE

December 24, 2013

**By E-mail**

Mark D. Selwyn

+1 650 858 6031 (t)
+1 650 858 6100 (f)
mark.selwyn@wilmerhale.com

Robert J. Becher, Esq.
Quinn Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles, California  90017

Re:   Apple Inc. v. Samsung Electronics Co., LTD, et al.,
      Case No. 11-cv-01846-LHK (PSG)

Dear Robert:

I write in response to your letters regarding Samsung's proposal for "remediation" related to the Apple confidential information in the possession of Samsung employees in breach of the Court's Protective Order entered in Case No. 11-1846.

While Apple agrees that its confidential information must be removed from the possession of Samsung employees, Samsung's proposal is insufficient for at least the following reasons.

*First*, you propose to delete only "electronic copies of the Teece Report or ITC public interest briefing containing the financial terms of the Apple-Nokia, Apple-Philips, Apple-Sharp and/or Apple-Ericsson licenses," which would allow Samsung employees to continue to keep other documents that contain, reflect, or make derivative use of Apple's confidential information. This is unacceptable.  Because Samsung has claimed privilege to all documents that Judge Grewal ordered on October 2, 2013 be produced for *in camera* review, and Judge Grewal has not yet ruled on Apple's and Nokia's pending motions, Apple obviously cannot know the full extent to which documents containing Apple confidential information remain in the possession of Samsung employees beyond the limited set of documents that Samsung proposes to delete.

*Second*, you propose to delete documents only from "the locations where they have been located at Samsung, including Samsung employees' hard drives and Samsung's email archive."  But Samsung has acknowledged that it disclosed Apple's confidential information to more than one hundred unauthorized recipients in addition to its own employees, including attorneys at nineteen law firms around the world.  An appropriate remediation plan must cover all unauthorized recipients of Apple's confidential information.

*Third*, you fail to provide any information regarding the forensic steps that Samsung intends for Stroz to use to identify and permanently delete the Apple confidential information in the possession of Samsung employees.  We are not in a position to approve or fully evaluate a proposal when Samsung has provided Apple with no visibility to how the "remediation" would actually be conducted.  Furthermore, given that Stroz is Quinn Emanuel's agent, Apple would

Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304

Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

Robert J. Becher, Esq.
December 24, 2013
Page 2

WILMERHALE

require its own forensic consultants to be involved in the process of planning and carrying out the "remediation."

***Fourth***, you propose that Quinn Emanuel take custody of the imaged hard drives and copies of the archived e-mail apparently created by Stroz in connection with compliance with Judge Grewal's October 2 Order. At a minimum, we need more detail regarding this proposal. Who at Quinn Emanuel will have access to these materials? Where will they be maintained and how? For how long does Quinn Emanuel plan to retain these materials? Does it plan to return or permanently delete the Apple confidential information in these materials upon final disposition of Case No. 11-1846 as paragraph 19 of the Protective Order requires? If so, how?

We are available to meet and confer this Friday afternoon, next Monday morning, or another time next week. It would obviously not be appropriate for Samsung to proceed with any motion until the parties have met and conferred. Prior to our meet and confer, we would appreciate a response to the issues we have raised in this letter.

Sincerely yours,

*/s/ Mark D. Selwyn*

Mark D. Selwyn

MDS:le

cc:   Randall Allen, Esq.

ActiveUS 119826447v.1