# EXHIBIT 4

May Contain Highly Confidential Attorneys'
<u>Eyes Only Information</u>

**WILMERHALE**

Mark D. Selwyn

+1 650 858 6031 (t)
+1 650 858 6100 (f)
mark.selwyn@wilmerhale.com

January 13, 2014

**By E-mail**

Robert Becher, Esq.
Quinn Emanuel
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re:   **Apple Inc. v. Samsung Electronics Co.,
      Case No. 11-cv-01846-LHK (PSG)**

Dear Rob:

I write to respond to your letter dated January 8, 2014, which responded to my letter dated December 24, 2013, regarding Samsung's proposal for "remediation" related to the Apple confidential information in the possession of Samsung employees in breach of the Court's Protective Order entered in Case No. 11-1846.

*First*, we disagree with your assertion that Apple has all the information it needs to know the full extent to which documents containing Apple confidential information remain in the possession of Samsung employees. While the basis for your assertion is not entirely clear, you seem to suggest that because Samsung submitted thousands of pages for *in camera* review and declarations to the Court specific to eleven of those documents, Apple should somehow be able to know the extent to which Samsung employees have documents that contain, reflect, or make derivative use of Apple's confidential information from the Teece report or ITC public interest briefing. We fail to see the logic in your assertion. As Apple has previously explained, Samsung's privilege log is too vague and incomplete for Apple to make any determination regarding the extent to which the documents contain Apple's confidential information. Indeed, the lack of detail in Samsung's privilege log has always been one of our causes for concern. Furthermore, for the most part, the declarations submitted by Samsung in response to the Order to Show Cause are themselves heavily redacted, again leaving Apple without proper visibility to the contents of the documents. You write that Apple has "refused" Samsung's offers "that would have allowed Apple . . . access to these materials so long as the attorney-client privilege and other protections were respected," but that too is untrue: Apple agreed to accept all these documents on a non-waiver basis, and Samsung declined. (*See* December 1, 2013 e-mail from Selwyn to Posner and Becher.)

Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304

Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

WILMERHALE

Robert Becher, Esq.
January 13, 2014
Page 2

***Second***, you ask Apple to agree that "any" documents other than "the Teece Report and the ITC draft, outline and brief" are "legitimately in Samsung's possession." What are these other documents? The only one you identify is "the chart Apple provided Samsung in the Netherlands proceedings." With respect to the chart, we do not agree that there are no restrictions to Samsung possessing the chart. The distribution of the chart was restricted to ten members of Samsung's legal department -- a restriction by which Samsung does not appear to have abided.

***Third***, you ask whether Samsung's proposal to delete copies of "the Teece Report and the ITC draft, outline and brief" "from Samsung's hard drives and email archives" is acceptable. It is acceptable but, for the reasons we state in this and our prior letter, we do not agree that it is sufficient to ensure full and complete remediation. We will plan to discuss with you the specifics of Samsung's proposal for the deletion of "the Teece Report and the ITC draft, outline and brief" from the possession of Samsung employees. While we agree that Samsung employees must have no further access to these documents, we also want to ensure that Samsung and Quinn Emanuel take appropriate steps so that evidence important to the ongoing proceedings in the ITC and U.S. and Australian courts into Samsung's violations of the confidentiality regimes is preserved.

***Fourth***, you indicate that Samsung has not yet discussed remediation with the law firms that received Apple confidential information in violation of the ITC and NDCal. protective orders, but that you will "contact them to obtain their approval for a proposed plan once we reach agreement on a proposal." Apple cannot agree on a proposed plan until you have provided more detail about how the various law firms and the individual lawyers have maintained, stored, and archived their materials from this matter. For each of the law firms and lawyers who improperly received the Teece Report and the ITC draft, outline, and brief, please provide us at least with (1) information regarding how they maintain, store, and archive their e-mails and other case materials, (2) a list of the locations where the Teece Report and the ITC draft, outline, and brief have been maintained, stored, and archived, and (3) a proposed remediation plan. We would expect the remediation plan may well vary from firm to firm or lawyer to lawyer within a firm.

***Fifth***, we require additional information regarding your proposal for the maintenance of the imaged drives and copies of the e-mail archives. In your earlier letters, you proposed that Quinn Emanuel would take possession of all such media. We understand your January 8 letter to change that proposal, and suggest instead that "UBIC in Korea" will take possession of this media for the Korean custodians. You have not explained the role of "UBIC in Korea" or how or where you propose this entity to maintain the media.

***Sixth***, to the extent we are able to agree on any aspect of a remediation plan, we suggest that it be memorialized in the form of a court order that the parties would request Judge Grewal enter.

ActiveUS 121268029v.1

WILMERHALE

Robert Becher, Esq.
January 13, 2014
Page 3

I look forward to speaking with you today at 5pm.

Sincerely yours,

Mark D. Selwyn

MDS:le