# EXHIBIT 5

# ALSTON&BIRD LLP

275 Middlefield Road, Suite 150
Menlo Park, CA  94025-4008

650-838-2000
Fax: 404-253-8542
www.alston.com

Ryan W. Koppelman                    Direct Dial: 650-838-2009                    Email: ryan.koppelman@alston.com

January 14, 2014

Robert J. Becher, Esq.
Quinn Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017

> Re:     **Apple Inc. v. Samsung Electronics Co., Nos. 11-cv-01846-LHK (PSG), 12-cv-00630-LHK (PSG)**

Dear Rob:

I write regarding your letters from December 2 and December 24, 2013 and January 8, 2014 on remediation.  First and foremost, we agree that the immediate and complete removal of Nokia's confidential business information from Samsung's continued possession is critical.  While you continue to offer immediate remediation, your proposal falls short of the complete remediation that is necessitated by Samsung's wide distribution of Nokia's CBI.

As previously stated in my November 12 letter, Samsung's two remediation proposals, made in your November 4 letter, are insufficient to remediate the improper disclosures of Nokia's confidential information.  Despite my concerns, neither your December 2, nor your December 24 letters expanded or altered these insufficient proposals.  The January 8, 2014 takes substantial steps to explain the process, but still leaves questions unanswered. However, because you have requested further response on these same proposals, Nokia considers the proposals insufficient for at least the following reasons:

Samsung's first proposal is "to have Stroz permanently delete electronic copies of the Teece Report or ITC public interest briefing…."  As I previously informed you, this proposal is "clearly insufficient because every instance of Nokia's confidential information must be remediated, not merely the instances where it is one of those two documents."

On December 2, you acknowledged this response but wrote, "Nokia does not identify any other document that it believes should be deleted."  As you know, Samsung submitted thousands of documents *in camera* in response to Judge Grewal's October 2 order, yet Nokia has not seen any of these documents due to Samsung's privilege claims—claims pending resolution by Judge Grewal.  Further, there are also outstanding motions regarding Paragraph 7 of the Stipulated Order, which requires Stroz Friedberg to prepare

January 14, 2014
Page 2

a log "of all instances in which the Disclosed Information was disseminated or in which the Disclosed information was referenced or used in any Documents by Samsung employees."  Because Nokia has yet to see any of responsive documents submitted *in camera*, and because Samsung has yet to provide the Stroz Friedberg log, Nokia is presently unable to identify specific documents that must be remediated.  Samsung's contention that the only documents at issue are the documents in the Order to Show Cause is a clear and egregious misreading of the OSC.  The documents cited by Judge Grewal in the Order to Show Cause were the documents that the Judge, in his review, found that evidenced *use* of Nokia and other's CBI.  They were by no means a full account of all the documents submitted by him that *contain* Nokia's CBI.

Further, while Samsung claims that it will remove all instances of the Teece Report and the ITC draft (which contains Nokia's CBI) and that it has clearly identified those instances, we still struggle to identify (especially since we have had no opportunity to review those emails, attachments and free standing documents) which copies are being remediated.  Samsung has proffered many instances of communication of Nokia's CBI in letters to Nokia counsel, privilege logs, representations and declarations to the court and the Rule 30(b)(6) testimony of Ken Korea.  Nokia requests that Samsung provide a simple chart of the documents and emails which it expects to remove (or in the case of emails, which contain the attachment it expects to remove).

Nokia also considers this proposal insufficient for the reasons raised in Apple's December 24 letter, including the failure to remediate disclosures to non-Samsung employees, the failure to outline forensic steps to delete the confidential information, and the lack of an independent party to carry out the remediation.

While Nokia believes the current proposal is inadequate in scope for the reasons cited above, Nokia agrees that the documents identified by Samsung and Quinn Emanuel thus far should be remediated as a first step.  Further, we are willing to discuss the exact process and reach an agreement by which Nokia's CBI will be located and removed pending resolution of the following issues:

First, we are awaiting your response as to whether Samsung will agree to memorialize the remediation process in a Stipulate Proposed Order for Judge Grewal's signature.  We see two primary advantages to all parties.  First, a Stipulated Order (once signed) will allow the clear confirmation of rights and obligations with a clear path to resolution of any disagreements.  Secondly, it will allow Judge Grewal incorporate the parties' agreement in his adjudication of the pending motions.  We see no reason why Samsung would not agree to seek a proposed order for any agreement on remediation of this subset of documents.

Second, we have asked for additional information on the maintenance of preservation copies.  For the first time, the January 8 letter explains that a third party, UBIC of Korea, will actually take possession of the imaged drives of Korean custodians.  Access to those preservation copies, under your proposal, would be available to anyone covered by the

January 14, 2014
Page 3

protective order.  This seems overly broad and wholly inappropriate.  The preservation copies serve the primary purpose as a snapshot as to the extent of the distribution of Nokia's CBI at the moment the image was taken.  They should not serve as a resource to review protected information.  There should be no reason to access them other than to verify or analyze the extent of the distribution of Nokia's CBI.  Thus, access to them should be highly restricted and require the presence of a Stroz representative.  The same principle holds true for preservation of copies of imaged hard drives in Quinn Emanuel's possession.  If Quinn Emanuel believes that there are additional appropriate uses for the imaged hard drives that would necessitate broader access rights, we would be willing to discuss Quinn Emanuel's position.

We await your answer to these questions, as well as the issues raised by Apple's letter of January 13, 2014, which we have chosen not to repeat here.  As always, we are available to discuss at your convenience, provided of course that demand for a meet and confer does not come midday on or around a holiday such as Christmas Eve, as your last demand did.

Sincerely,

ALSTON & BIRD LLP

s/Ryan W. Koppelman/

Ryan W. Koppelman

Cc:    Mark D. Selwyn, Esq.
       Joseph J. Mueller, Esq.

LEGAL02/34597760v1