# EXHIBIT 7

# WILMERHALE

**Mark D. Selwyn**

+1 650 858 6031 (t)
+1 650 858 6100 (f)
mark.selwyn@wilmerhale.com

February 4, 2014

**By E-mail**

Robert Becher, Esq.
Quinn Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles, California  90017

Re:     Apple Inc. v. Samsung Electronics et al., Case No. 5:11-cv-01846-LHK

Dear Robert:

I write to respond to your letter dated February 3, 2014.

As emphasized in my December 24, 2013 letter, Samsung must remove Apple's confidential information from the possession of Samsung employees as soon as possible. We agree that Quinn Emanuel must ensure that confidential Apple information in the Teece report is removed from Samsung's control no later than the date ordered by Judge Grewal.

However, we do not agree that Samsung will have completed proper remedial efforts by deleting only the information listed in your January 31, 2013 letter. For the reasons expressed in my December 24, 2013 and January 13, 2014 letters, Samsung has not provided sufficient information to allow us to agree that "the Teece Report and the ITC draft, outline and brief" are the only documents containing Apple confidential information in Samsung's possession, and that "any" documents other than these are "legitimately in Samsung's possession," as you suggested in your January 8, 2014 letter.

In addition, we understand the Court's January 29, 2014 Order to require Quinn Emanuel to ensure that all copies of the Teece report containing Apple's confidential information are deleted not only from Samsung's workstations and servers, but also from the possession of any person under Samsung's control not authorized by the -1846 Protective Order to possess such information. This would include Samsung's counsel in the U.S. and abroad who improperly received copies of the Teece report containing Apple's confidential information. Please let us know how Quinn Emanuel intends to comply with the Court's January 29, 2014 Order in this respect.

WILMERHALE

Robert Becher, Esq.
February 4, 2014
Page 2

We also want to ensure that, in light of the ongoing proceedings in the ITC and Australia court into Samsung's violations of the confidentiality regimes and the possibility of further judicial review of the Court's January 29, 2014 Order, Quinn Emanuel takes appropriate steps to preserve the information that would be deleted from Samsung's workstations and servers. Your January 8 and January 31 letters contain inconsistent proposals for how the information will be preserved. Please clarify.

Sincerely yours,

Mark D. Selwyn

MDS:le


Cc:     Ryan Koppelman, Esq.