# EXHIBIT 9

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

404-881-7000
Fax: 404-253-8750
www.alston.com

B. Parker Miller                    Direct Dial: 404-881-4970                    Email: parker.miller@alston.com

February 6, 2014

VIA EMAIL

Robert J. Becher
Quinn Emanuel
865 South Figueroa Street, 10th Floor,
Los Angeles, California 90017-2543

Re:   *Apple Inc. v. Samsung Elecs. Co. Ltd.*, No. 11-cv-1846 LHK and
      No. 12-cv-0630 LHK

Dear Rob:

I write regarding Judge Grewal's Order Granting Motion for Sanctions filed on January 29, 2014 (the "1/29 Order") and your follow up correspondence about remediation. As counsel for Apple has noted, Judge Grewal found that Samsung waived privilege as to documents that Samsung had previously offered to produce to Nokia (under conditions with neither Apple nor Nokia could accept). In response to Apple, you have said that there is no reason to produce them despite the fact that Samsung was ordered to produce all documents to Apple and Nokia in Judge Grewal's October 2, 2013 Order. Samsung cannot realistically expect that documents, which were submitted *ex parte* to the Court and on which the Court relied in its 1/29 Order, should not be produced by a party to that Order. We ask that you produce those documents to Nokia immediately.

The issue of remediation remains very important to Nokia. You note in your January 31, 2014 letter that

> to avoid duplication of work and to ensure prompt remediation of all inadvertent disclosures at once, we also intend to delete all copies of the outline, draft brief and brief regarding the International Trade Commission's Notice on Remedy and the Public Interest in the 794 Investigation that contain information regarding the Apple-Nokia license that Apple and Nokia claim is confidential.

If Samsung wants to avoid duplication it is necessary that all of the documents containing Nokia's CBI be included in the remediation effort. As is clear from the record and from

February 6, 2014
Page 2

Judge Grewal's January 29 Order, Samsung personnel extracted Nokia CBI from the Teece Report and further circulated it in email correspondence. For instance, Judge Grewal noted a June 29, 2012 communication, which did not contain the Teece report, included a Samsung created spreadsheet highlighting the Nokia/Apple license terms. The fact also remains that Samsung is obligated to adhere to the terms of the Judge Grewal's October 2 Stipulated Order. While Nokia is prepared to agree that Samsung should move forward with the remediation of the "Teece report containing the claimed confidential information" and the ITC materials described above, it does not change Nokia's position that merely deleting the various versions of the Teece report and the ITC materials is sufficient to remediate the widespread dissemination of the Nokia's confidential business information.

In addition to the remediation of the Teece report and ITC materials, Samsung is obligated to complete the process described in the Stipulated Order, including, among other things, preparation of a log of all instances where the disclosed information was disseminated, referenced or used by Samsung employees. Only at the end of that process, will the parties be prepared to discuss what additional remediation is sufficient to insure that any additional instances of disclosure are also removed.

To resolve the question of the scope of remediation, Nokia requests that: 1) Samsung complete the process which it agreed to undertake in the Stipulated Order; or 2) at a minimum, produce to Nokia the documents which Samsung produced to Judge Grewal for Nokia's inspection. Following that process, Nokia and Samsung can agree on the universe of documents to be remediated.

Finally, as Judge Grewal's January 29, 2014 Order says, the remediation is to happen with Nokia and Apple's consent. That consent is subject to further discussions about the method of deletion that Samsung intends to use. We are prepared to discuss the process and method of remediation of the Teece report and ITC materials at your convenience.

Sincerely,

ALSTON & BIRD LLP

B. Parker Miller

BPM

Alston & Bird LLP