# EXHIBIT 12

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3182**

WRITER'S INTERNET ADDRESS
**robertbecher@quinnemanuel.com**

February 10, 2014

<u>VIA EMAIL</u>

| | |
|---|---|
| Mark D. Selwyn, Esq.<br>WilmerHale<br>950 Page Mill Road<br>Palo Alto, CA 94304 | Joseph J. Mueller, Esq.<br>WilmerHale<br>60 State Street<br>Boston, MA  02109 |
| Randall Allen, Esq.<br>Alston & Bird LLP<br>275 Middlefield Road<br>Suite 150<br>Menlo Park, CA 94025-4008 | Ryan Koppelman, Esq.<br>Alston & Bird LLP<br>275 Middlefield Road<br>Suite 150<br>Menlo Park, CA 94025-4008 |

Re:      <u>February 6, 2014 Court Order</u>

Dear Randall and Mark:

I write to answer questions posed during our meet and confer regarding remediation on February 9, 2014 and to confirm aspects of our meet and confer.

During our call, you both confirmed that it is Apple and Nokia's position that Samsung may not proceed with remediation pursuant to the Court's January 29, 2014 Order without obtaining final approval from Apple and Nokia.  You each stated that you needed additional information in writing before providing consent.

Nokia asked how Stroz is going to ensure that items deleted from Outlook email on individual computers will not still be available in the "Dumpster" after they are deleted.  Stroz reports that emails deleted from Outlook.pst files on individual computers do not appear in the "Dumpster." After Stroz deletes an emails from a .pst file, it will delete the email from the deleted items folder and then compact the .pst file.  This process will ensure the email is deleted.

quinn emanuel urquhart & sullivan, llp

NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG

Nokia also asked how Stroz will ensure items deleted from the server and archive server will not somehow remain available elsewhere on the server or archive server after deletion. With respect to emails deleted from the server, Stroz intends to verify that they are not in the "Recoverable Items" folder--which used to be known as the "Dumpster" in an older version of Exchange--and Stroz will delete them if they are located in this folder. With respect to the deletion of emails on the central email archive, the procedure Stroz will follow is based upon the instruction that Symantec provides for permanently deleting items from Enterprise Vault. Stroz believes that deletion of the emails on the archive server will be effective without additional steps.

Apple asked Samsung to confirm that it will be taking steps to preserve the documents and information to be deleted at Samsung, including metadata and the identity of the custodians of the documents. For the custodians who received the inadvertent disclosures, we can confirm that copies of the images of their computers taken by Stroz and any archived email containing the inadvertent disclosures will be preserved. Metadata and information regarding the identity of the custodians of the documents will also be preserved. Apple also requested clarification regarding where the materials will be preserved. UBIC will take custody of the hard drives and electronic media located in Korea, Quinn Emanuel will take custody of the hard drives and electronic media in the United States and Stroz will take custody of the hard drives and electronic media in Europe.

This letter should address all questions that Apple and Nokia said needed to be answered in writing before they would authorize remediation. Please confirm that Apple and Nokia now consent to the remediation proposed in my January 31, 2014 letter. We look forward to hearing from you.

Sincerely,

Robert J. Becher

RJB