# Exhibit A
# (Redacted Version)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　　Defendants. | Case No.11-cv-01846-LHK<br><br>**EXPERT REPORT OF TERRY L. MUSIKA, CPA** |

**SUBJECT TO PROTECTIVE ORDER**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

application of one or both remedies to each utility patent as it relates to both smartphones and tablets is identified on **Exhibit 15**.

81. I have also considered both a lost profits and/or a reasonable royalty remedy for each design patent. However, I have also considered a third remedy for the assumed infringement of Apple's design patents under 35 U.S.C. §289. A damage amount based on an infringer's total profit is an acceptable form of remedy for the infringement of a design patent. The specific application of each of the three remedies to each design patent as it relates to both smartphones and tablets is identified on **Exhibit 15**.

82. Infringer's profits and plaintiff's damages are both acceptable forms of remedies for the infringement or dilution of a trade dress or trademark. Plaintiff's damages include the profits lost by the trade dress holder due to infringement by the defendant and I calculate an amount reflecting that as a part of my report. Unlike 35 U.S.C. § 289, the infringer's profit remedy regarding trade dress and trademarks involves an apportionment of the infringer's profit. However, I understand that the defendant bears the burden of that apportionment. Accordingly, I have not apportioned infringer's profits but intend to comment on and provide an opinion on any apportionment for which Samsung argues in its opening report. Finally, I understand that a reasonable royalty is an acceptable form of damages for the infringement of design patents and is an acceptable form of damages for trade dress, and trademarks in circumstances where no other form of damages is available. Accordingly, I have calculated a reasonable royalty amount for those accused products that infringe a design patent, and those products which infringe or dilute a trade dress or trademark for which no other damage remedy was available. The specific application of each of the three remedies to each group of design patents, trade dress, and trademarks as it relates to both smartphones and tablets is identified on **Exhibit 15**

83. Each item of Apple Intellectual Property In Suit is entitled to only one damage remedy (i.e., either lost profits, infringer's profits where appropriate or a reasonable royalty). Further, once lost profits or infringer's profits have been awarded for the unit sale of an accused product, no further damages are appropriate even though the same item may infringe multiple items of Apple Intellectual Property In Suit. However, if no lost profits or infringer's profits is awarded for a unit sale of an accused product, then that particular accused item may qualify for a reasonable royalty award based on each item of

Apple Intellectual Property In Suit that the particular accused product is accused of infringing.

84. The aforementioned structural restrictions imposed by law on the calculation of damages involving multiple categories of intellectual property results in the need to approach the calculation of damages for each unit sold of the Samsung Accused Products in a sequential manner. Further, there is an inherent hierarchy of damage remedies that I apply due to the variation in per unit damages associated with each remedy. First, I consider whether an accused item qualifies for lost profits. If a unit sale of an accused item qualifies for lost profits, no other form of damage remedy is awarded. If a unit sale of an accused item does not qualify for lost profits, then my next consideration is whether the accused item qualifies for damages under an infringer's profit calculation. Once again, if the unit sale of an accused item qualifies for an infringer's profit, no other form of damage remedy is possible. Finally, if neither a lost profit or an infringer's profit damage is assigned to a unit sale of an accused unit, then the damage calculation would be based on a reasonable royalty for every item of Apple Intellectual Property In Suit that the Samsung product is accused of infringing. **Exhibit 16** is a simple hypothetical illustration of the aforementioned sequential approach to the calculation of damages.

85. Using this method, I have calculated the damages that can be reasonably calculated for Samsung's sales of the individual units of various models identified as Samsung Accused Products in light of each element of the Apple Intellectual Property In Suit and summarized the results on **Exhibits 17 and 17.1** and as further summarized in the table below. I have made the calculation on a product by product basis because the limitation on damages is product specific. I determined the amount of damage on each individual product that was subject to lost profits, infringer's profits and a reasonable royalty because I wanted to make sure that I did not calculate more than the allowable damages on any given product.

|  | **Revenue Basis** | **Gross Profit Basis** |
|---|---|---|
| Lost Profits | $583,191,122 | $583,191,122 |
| Infringer's Profits – Design Patents, Trade Dress & Trademarks | 5,510,092,347 | 2,008,994,149 |
| Reasonable Royalty | 0 | 0 |
| **Total Damages** | **$6,093,283,469** | **$2,592,185,271** |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

86. In the alternative, I assumed that all Apple Intellectual Property In Suit was valid and infringed by all Samsung Accused Products. However, I removed any lost profits remedy from the damage calculation. The results of this calculation are summarized on **Exhibits 18 and 18.1** and in the table below.

|  | **Revenue Basis** | **Gross Profit Basis** |
|---|---|---|
| Infringer's Profits – Design Patents, Trade Dress & Trademarks | $6,424,701,038 | $2,337,518,680 |
| Reasonable Royalty | 0 | 0 |
| **Total Damages** | **$6,424,701,038** | **$2,337,518,680** |

87. As a second alternative, I have assumed that all Apple Intellectual Property In Suit was valid and infringed by all Samsung Accused Products. However, I removed infringer's profits from the damage calculation. The results of this calculation are displayed on **Exhibit 19** and summarized in the table below.

| Lost Profits | $583,191,122 |
|---|---|
| Reasonable Royalty | 511,999,442 |
| **Total Damages** | **$1,095,190,564** |

88. I could calculate the damage amount based on other combinations of remedies, such as lost profits alone or reasonable royalty alone and as describe further below, I have prepared the damages model in such as way that it can accommodate changes in what products remain in the case or are infringed, what patents remain in the case and are infringed, when Samsung was aware that Apple was asserting claims against it and corresponding changes regarding when Samsung might begin an effort to redesign its products in light of the Apple Intellectual Property in Suit.

89. Although **Exhibits 17, 18, and 19** provide a separate analysis of the amount of damages that would result under the various forms of remedy available to Apple assuming all categories and items of Apple Intellectual Property In Suit are valid and violated, the results present a damage calculated for only some of the many possible outcomes that may result from a trial. Based on the fact there are

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

multiple logical and permissible categories of damages (e.g., as described above), 31 different individual items of Apple intellectual property, 22 separate claims, 32 different accused products at issue, a very large number of potential scenarios exist. I also understand that Samsung contends that they did not receive actual or constructive notice of some of the asserted patents until approximately April of 2011. Although Apple disputes Samsung's claim, I am able to calculate the impact to Apple's damages of changes to the date on which notice occurred and any resulting effort to design around would begin. Given these variables, there are more than tens of thousands of possible outcomes. It is not practical or even possible to submit a report reflecting the damage outcome associated with every possible outcome. However, the damage model used to calculate the damages reported herein is capable of calculating a final damage amount based on different combinations of these variables in connection with a Court decision or the evidence at trial. Therefore, I am prepared to calculate and render an opinion on the amount of damages if less than the total number of Samsung Accused Products proceeds to trial, if less than all patents proceed to trial, if damages are limited to any particular period for any of the Intellectual Property in Suit, or if Samsung was on notice of the intellectual property and began an effort to design around the patents at a different date, if and when requested to do so by counsel or the Court or based on the evidence presented at trial. I am also prepared to produce both the results of any calculation and the complete Access database model used to perform my calculation if asked to do so.

90. I have provided a description of my calculation of lost profits, infringer's profits and reasonable royalty in a separate section for each form of remedy. **Exhibit 20** is a summary of the organization and calculation of each form of damage based on each item of Apple Intellectual Property In Suit.

91. The foregoing calculations are necessarily limited by the information available to me at this time. Two comments on this subject are noteworthy. First, information on sales and financial performance for both Apple and Samsung, as well as other relevant metrics discussed below are available only through December 31, 2011. Before trial, I would expect to receive some, if not all of the relevant information through June 30, 2012 and would update accordingly. Second, Samsung refused to produce certain information relevant to my calculations in response to a Court order and other discovery requests prior to the close of discovery. Apple has sought such materials from the Court.

## S. PROFESSIONAL ARRANGEMENT

265. My work for expert services provided in this matter is charged at a standard billing rate of $550 per hour and is in no way contingent on the outcome of this matter. In addition, I will be reimbursed for all reasonable out-of-pocket expenses incurred in connection with my analyses and testimony in this case.

March 22, 2012                                    Terry L. Musika, CPA

## Samsung Per Product Damages

## (Lost Profits, Infringer's Profits [Revenue], and Reasonable Royalty)

| Product | Lost Profits 1/ | Infringer's Profits Design, Trade Dress, and Trademark 2/ | Reasonable Royalty 2/ | Total |
|---|---|---|---|---|
| Acclaim | $1,049,129 | ■ | $0 | ■ |
| Captivate | $204,416,141 | ■ | $0 | ■ |
| Continuum | $6,981,279 | ■ | $0 | ■ |
| Droid Charge | $37,618,271 | ■ | $0 | ■ |
| Epic 4G | $31,296,962 | ■ | $0 | ■ |
| Exhibit 4G | $0 | ■ | $0 | ■ |
| Fascinate | $47,828,264 | ■ | $0 | ■ |
| Galaxy Ace | $0 | ■ | $0 | ■ |
| Galaxy Prevail | $8,573,370 | ■ | $0 | ■ |
| Galaxy S (i9000) | $0 | ■ | $0 | ■ |
| Galaxy S 4G | $13,884,674 | ■ | $0 | ■ |
| Galaxy S II (AT&T) | $0 | ■ | $0 | ■ |
| Galaxy S II (Epic 4G Touch) | | | $0 | ■ |
| Galaxy S II (i9100) | | | $0 | ■ |
| Galaxy S II (Skyrocket) | | | $0 | ■ |
| Galaxy S II (T-Mobile) | $0 | ■ | $0 | ■ |
| Galaxy S Showcase (i500) | $2,780,133 | ■ | $0 | ■ |
| Galaxy Tab | $50,313,041 | ■ | $0 | ■ |
| Galaxy Tab 10.1 (4G LTE) | | | $0 | ■ |
| Galaxy Tab 10.1 (WiFi) | $56,350,254 | ■ | $0 | ■ |
| Gem | $4,779,357 | ■ | $0 | ■ |
| Gravity Smart | $0 | ■ | $0 | ■ |
| Indulge | $4,009,197 | ■ | $0 | ■ |
| Infuse 4G | $44,404,466 | ■ | $0 | ■ |
| Intercept | $9,602,429 | ■ | $0 | ■ |
| Mesmerize | $9,687,923 | ■ | $0 | ■ |
| Nexus S | $2,094,937 | ■ | $0 | ■ |
| Nexus S 4G | $9,126,938 | ■ | $0 | ■ |
| Replenish | $7,266,720 | ■ | $0 | ■ |
| Sidekick | $4,088,016 | ■ | $0 | ■ |
| Transform | $7,863,653 | ■ | $0 | ■ |
| Vibrant | $19,175,967 | ■ | $0 | ■ |
| **Total** | **$583,191,122** | ■ | **$0** | ■ |

**Sources/Notes:**
1/ Exhibit 17.2
2/ Exhibit 17.3

Prepared by Invotex Group

Submitted Under Seal; Highly Confidential; Outside Counsel Eyes' Only

## Samsung Per Product Damages

### (Infringer's Profits [Revenue] and Reasonable Royalty)

| Product | Infringer's Profits Design, Trade Dress, and Trademark 1/ | Reasonable Royalty 1/ | Total |
|---|---|---|---|
| Acclaim | ■ | $0 | ■ |
| Captivate | ■ | $0 | ■ |
| Continuum | ■ | $0 | ■ |
| Droid Charge | ■ | $0 | ■ |
| Epic 4G | ■ | $0 | ■ |
| Exhibit 4G | ■ | $0 | ■ |
| Fascinate | ■ | $0 | ■ |
| Galaxy Ace | ■ | $0 | ■ |
| Galaxy Prevail | ■ | $0 | ■ |
| Galaxy S (i9000) | ■ | $0 | ■ |
| Galaxy S 4G | ■ | $0 | ■ |
| Galaxy S II (AT&T) | ■ | $0 | ■ |
| Galaxy S II (Epic 4G Touch) | ■ | $0 | ■ |
| Galaxy S II (i9100) | ■ | $0 | ■ |
| Galaxy S II (Skyrocket) | ■ | $0 | ■ |
| Galaxy S II (T-Mobile) | ■ | $0 | ■ |
| Galaxy S Showcase (i500) | ■ | $0 | ■ |
| Galaxy Tab | ■ | $0 | ■ |
| Galaxy Tab 10.1 (4G LTE) | ■ | $0 | ■ |
| Galaxy Tab 10.1 (WiFi) | ■ | $0 | ■ |
| Gem | ■ | $0 | ■ |
| Gravity Smart | ■ | $0 | ■ |
| Indulge | ■ | $0 | ■ |
| Infuse 4G | ■ | $0 | ■ |
| Intercept | ■ | $0 | ■ |
| Mesmerize | ■ | $0 | ■ |
| Nexus S | ■ | $0 | ■ |
| Nexus S 4G | ■ | $0 | ■ |
| Replenish | ■ | $0 | ■ |
| Sidekick | ■ | $0 | ■ |
| Transform | ■ | $0 | ■ |
| Vibrant | ■ | $0 | ■ |
| **Total** | ■ | **$0** | ■ |

**Sources/Notes:**
1/ Exhibit 18.2

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | Case No. 11-cv-01846-LHK<br><br>**SUPPLEMENTAL EXPERT REPORT OF TERRY L. MUSIKA, CPA** |

**SUBJECT TO PROTECTIVE ORDER**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

## Samsung Per Product Damages

### (Lost Profits, Infringer's Profits [Revenue], and Reasonable Royalty)

| Product | Lost Profits 1/ | Infringer's Profits Design, Trade Dress, and Trademark 2/ | Reasonable Royalty 2/ | Total |
|---|---|---|---|---|
| Acclaim | $1,049,129 | | $486,037 | |
| Captivate | $204,416,141 | | | |
| Continuum | $6,981,279 | | | |
| Droid Charge | $37,618,271 | | | |
| Epic 4G | $31,296,962 | | | |
| Exhibit 4G | $0 | | | |
| Fascinate | $47,828,264 | | | |
| Galaxy Ace | $0 | | | |
| Galaxy Prevail | $8,573,370 | | | |
| Galaxy S (i9000) | $0 | | | |
| Galaxy S 4G | $13,884,674 | | | |
| Galaxy S II (AT&T) | $0 | | | |
| Galaxy S II (Epic 4G Touch) | $0 | | | |
| Galaxy S II (i9100) | | | | |
| Galaxy S II (Skyrocket) | $0 | | | |
| Galaxy S II (T-Mobile) | $0 | | | |
| Galaxy S Showcase (i500) | $2,780,133 | | | |
| Galaxy Tab | $50,313,041 | | | |
| Galaxy Tab 10.1 (4G LTE) | $12,180,893 | | | |
| Galaxy Tab 10.1 (WiFi) | $66,806,190 | | | |
| Gem | $4,779,357 | | | |
| Gravity Smart | $0 | | | |
| Indulge | $4,009,197 | | | |
| Infuse 4G | $44,404,466 | | | |
| Intercept | $9,602,429 | | $6,615,615 | |
| Mesmerize | $9,687,923 | | | |
| Nexus S | $2,094,937 | | $1,053,038 | |
| Nexus S 4G | $9,126,938 | | $4,521,486 | |
| Replenish | $7,266,720 | | $7,845,557 | |
| Sidekick | $4,088,016 | | | |
| Transform | $7,863,653 | | $2,804,111 | |
| Vibrant | $19,175,967 | | | |
| **Total** | **$605,827,951** | | **$23,325,843** | |

**Sources/Notes:**
1/ Exhibit 17.2-S
2/ Exhibit 17.3-S

Case 5:11-cv-01846-LHK   Document 3049   Filed 03/24/14   Page 12 of 13

Apple Inc. v. Samsung Electronics Co., LTD., et al.                                    EXHIBIT 18-S

## Samsung Per Product Damages
### (Infringer's Profits [Revenue] and Reasonable Royalty)

| Product | Infringer's Profits Design, Trade Dress, and Trademark 1/ | Reasonable Royalty 1/ | Total |
|---|---|---|---|
| Acclaim | ■ | $507,339 | ■ |
| Captivate | ■ | | ■ |
| Continuum | ■ | | ■ |
| Droid Charge | ■ | | ■ |
| Epic 4G | ■ | | ■ |
| Exhibit 4G | ■ | | ■ |
| Fascinate | ■ | | ■ |
| Galaxy Ace | ■ | | ■ |
| Galaxy Prevail | ■ | | ■ |
| Galaxy S (i9000) | ■ | | ■ |
| Galaxy S 4G | ■ | | ■ |
| Galaxy S II (AT&T) | ■ | | ■ |
| Galaxy S II (Epic 4G Touch) | ■ | | ■ |
| Galaxy S II (i9100) | ■ | | ■ |
| Galaxy S II (Skyrocket) | ■ | | ■ |
| Galaxy S II (T-Mobile) | ■ | | ■ |
| Galaxy S Showcase (i500) | ■ | | ■ |
| Galaxy Tab | ■ | | ■ |
| Galaxy Tab 10.1 (4G LTE) | ■ | | ■ |
| Galaxy Tab 10.1 (WiFi) | ■ | | ■ |
| Gem | ■ | | ■ |
| Gravity Smart | ■ | | ■ |
| Indulge | ■ | | ■ |
| Infuse 4G | ■ | | ■ |
| Intercept | ■ | $6,850,033 | ■ |
| Mesmerize | ■ | | ■ |
| Nexus S | ■ | $1,106,947 | ■ |
| Nexus S 4G | ■ | $4,773,033 | ■ |
| Replenish | ■ | $8,045,835 | ■ |
| Sidekick | ■ | | ■ |
| Transform | ■ | $2,972,534 | ■ |
| Vibrant | ■ | | ■ |
| **Total** | ■ | $24,255,720 | ■ |

**Sources/Notes:**
1/ Exhibit 18.2-S

Prepared by Invotex Group    Submitted Under Seal; Highly Confidential;
Outside Counsel Eyes' Only

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

the iPhone and iPad for the quarter ending March 31, 2012. I have reviewed this updated financial information and used it to provide updated information on Apple's financial results, as included in the supplemental exhibits to this report.

L. **POSSIBLE REVISIONS TO THIS REPORT**

45. I intend to review and consider any other additional information provided to me after the production of this report and will supplement my analysis and conclusions if asked to do so.

M. **EXHIBITS**

46. **Exhibits 3-S through 53-S** are attached to this report and support my analyses and opinions in this matter.

N. **PROFESSIONAL ARRANGEMENT**

47. My work for expert services provided in this matter is charged at a standard billing rate of $550 per hour and is in no way contingent on the outcome of this matter. In addition, I will be reimbursed for all reasonable out-of-pocket expenses incurred in connection with my analyses and testimony in this case.

May 8, 2012                                         Terry L. Musika, CPA