# Exhibit D
# (Redacted Version)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendants. | Case No.11-cv-01846-LHK<br><br>**EXPERT REPORT OF TERRY L. MUSIKA, CPA** |

**SUBJECT TO PROTECTIVE ORDER**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

late entry into the smartphone market illustrates this point. An article in the New York Times which details positive critical reviews of Microsoft's smartphone states, "[but] this year [2012] is crucial; it will show whether a respected product is enough to help Microsoft make up for lost time. Even if it feels good to be a favorite of tech critics for a change, Microsoft needs a blockbuster in the mobile business, not a cult hit. 'Entering the market so late with this experience has created some special challenges for us,' Mr. Myerson said. 'I think if we were there earlier it would be different.'"[126] Samsung's removal of the accused products from the market for redesign would cause similar problems upon their return. However, with the difficulty in quantifying the magnitude of the delay's effects on Samsung's sales, I have not quantified the amount of "but-for" sales that Apple would have made and continued to keep my calculation conservative.

*Infringer's Profits*

138. I understand that assuming infringement, a design patent owner may choose to recover the infringer's profit under §289 or one of the remedies relating to utility patents that were discussed above under 35 U.S.C. §284. However, the design patentee's damages are limited to only one form of damage and the patentee may not recover both a lost profit and infringer's profit for the same unit. The infringer's total profits are equal to the total sales of infringing product less the costs directly associated with the accused sales. It is the patentee's burden to establish the sales of accused products and the infringer's burden to establish the costs related to the accused sales.[127]

139. An owner of trade dress and trademark rights has the ability to recover the profits obtained by a person who violates those rights. It is the plaintiff's obligation to prove the revenues obtained for products that use the relevant intellectual property and the defendant's obligation to prove any costs and other allocations associated with the product and the relevant intellectual property.

140. As previously discussed, I have approached the overall damage calculation in a sequential manner to avoid an incorrect duplication of damages. I first calculated a lost profits remedy on accused products that qualified for a lost profits remedy. Next, I calculated an infringer's profits remedy on all accused products that qualify for an infringer's profit for which a previous lost profits amount has not been

---

[126] New York Times, "The Critics Rave … for Microsoft?" by Nick Wingfield, dated 1/8/12.
[127] Weil, Frank, Huges, and Wagner, Litigation Services Handbook, Fourth Edition, 2007, p. 22.32.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  calculated.

2  141. The first step in the calculation of infringer's profits was identifying the Samsung units accused of infringing the design patents and the revenue associated with those. The individual Samsung products accused of infringing the individual Apple design patents are identified on **Exhibit 4**. Next, I determined the actual number of units that qualified for infringer's profits after removing those units for which a lost profit damage was calculated. The determination of the units available for infringer's profits after removing the units for which a lost profits remedy was calculated is displayed on **Exhibit 17.2.**

142. Next, the sales amounts from **Exhibit 17.2** are listed on **Exhibit 17.3** as Samsung's infringing profit for each product. As stated above, Apple has the burden of identifying the accused revenue portion of infringer's profits. It is Samsung's burden to identify any related costs.

143. I have reviewed Samsung's document production and testimony concerning any alleged costs associated with the sale of accused items and have provided my own calculation of the costs associated with the accused revenue. Although the document production in this matter by both Apple and Samsung has been voluminous, I understand that Samsung's production of an Excel spreadsheet on February 3, 2012, bates numbered SAMNDCA00323946, that was also marked as Exhibit 1920[128] to the Timothy Sheppard's 30(b)(6) deposition on February 29, 2012, constituted Samsung's first representation of the sales and profits of the accused devices. Based on my independent review of this document, I determined that it was mathematically incorrect in that the reported detailed sales by product did not equal the reported total sales for all products. Additionally, this document failed to include sales for all of the models accused by Apple. The excluded models were Samsung's Galaxy S II (AT&T edition, 4G), Galaxy S II (T-Mobile edition), Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket (4G LTE), Galaxy S Showcase, Galaxy Tab 7.0, Galaxy Tab 10.1 LTE and Mesmerize.[129]

144. Samsung subsequently produced a second version of the same spreadsheet on or about February 28, 2012, Bates numbered SAMNDCA00354292, that was marked as Exhibit 1922 to the Timothy

---

[128] Counsel for Samsung stated at the Deposition of Timothy Sheppard on February 29, 2012 that Exhibit 1920 was superseded by additional production. Deposition of Timothy Sheppard, February 29, 2012, pp. 37-38.
[129] I am aware that Apple has sought documents and other materials through a motion. As noted above, my work is limited by the material presently available and I would incorporate additional information after it is received.

EXPERT REPORT OF TERRY L. MUSIKA, CPA
Case No. 11-cv-01846-LHK                                                                                                   47

1  Sheppard 30(b)(6) deposition on February 29, 2012. Although I determined that the reported detailed sales by product did now equal the reported total sales for all products, this document also failed to include sales for all of the models accused by Apple and included sales of other models not accused by Apple. The excluded models were Samsung's Galaxy S II (AT&T edition, 4G), Galaxy S II (T-Mobile edition), Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket (4G LTE), and Galaxy Tab 10.1 LTE. The Galaxy Tab 8.9 was added while not being accused. Based on the deposition testimony of Timothy Sheppard from January and February, I confirmed that the reported profit for two of the accused Samsung entities, SEA and STA, did not represent actual profits on the accused items. Timothy Sheppard testified that the cost of goods sold amount for each entity was based on an internal transfer price that transferred the accused product profits to the manufacturing entity owned by SEC in Korea.[130] Timothy Sheppard was unable to speak on behalf of SEC.[131]

145. Samsung next offered Jae Huang Sim as the Samsung witness that would testify to the actual sales, costs and profits associated with the accused products including the manufacturing entity SEC in Korea. Mr. Sim's deposition was scheduled to take place in Seoul, Korea on March 10, 2012. Less than 24 hours before his deposition, Samsung produced a third version of the aforementioned spreadsheet, Bates numbered SAMNDCA00372946, that was subsequently marked as Exhibit 2440 to Mr. Sim's deposition. Prior to Mr. Sim's deposition, I determined that this spreadsheet also failed to include sales for all of the models accused by Apple and included sales of other models not accused by Apple. The excluded models were Samsung's Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket (4G LTE), and Galaxy Tab 10.1 LTE. The Galaxy Tab 8.9 was included while not being accused. Additionally, I noted that $177,059 (500 units) of Galaxy Tab 10.1 sales were added, $195,794,628 of Hercules sales were added, SECA sales but not costs were removed from the other ████████ manufacturing cost of goods sold line item as presented in the prior spreadsheets reducing ████████ the Continuum model, and finally certain levels of details that had previously been reported were now

---

[130] Deposition of Timothy Sheppard, February 29, 2012, pp. 123-124 and pp. 128-129.
[131] Deposition of Timothy Sheppard, February 29, 2012, pp. 15.

EXPERT REPORT OF TERRY L. MUSIKA, CPA
Case No. 11-cv-01846-LHK                                                                                          48

## S. PROFESSIONAL ARRANGEMENT

265. My work for expert services provided in this matter is charged at a standard billing rate of $550 per hour and is in no way contingent on the outcome of this matter. In addition, I will be reimbursed for all reasonable out-of-pocket expenses incurred in connection with my analyses and testimony in this case.

March 22, 2012                                         Terry L. Musika, CPA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.11-cv-01846-LHK |
| Plaintiff, | **SUPPLEMENTAL EXPERT REPORT OF TERRY L. MUSIKA, CPA** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

**SUBJECT TO PROTECTIVE ORDER**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Samsung's failure to carry its burden of proof and the fact that Samsung is in possession of the information necessary to produce more reliable information. To be conservative and based on the information that I do have, I have also calculated damages based on Samsung's gross profits even though, as discussed below, there are considerable reasons to conclude that Samsung's spreadsheets do not meet the standards expected in the accounting field with respect to its cost of goods sold. Based on my experience and expertise, the errors, variances, and problems with the information Samsung has provided make the information inappropriate as a basis to reduce Samsung's profits relating to the Accused Products in this case.

**Background regarding Samsung's production of financial data.**

29.  The path by which Samsung has produced financial information in this case has been far from straight-forward. During discovery, Apple sought and obtained an order requiring the production of Samsung's financial information related to the Accused Products by February 3, 2012.[11] Samsung's initial production in response to this order was in error and incomplete. Products were missing. The relevant spreadsheets did not add together to match the total. Products were inexplicably combined. Information on various companies was produced in a manner that did not tie together and did not permit data to be consolidated according to standard procedures in the accounting profession. Information was produced at an exceptionally high level when much more detail was plainly available. Further, the production showed no evidence that it had undergone standard checks to ensure its accuracy before production. Finally, it became clear in depositions and later disclosures that the materials that Samsung provided were created solely for purposes of this litigation in a format created solely for this litigation and under the direction of Samsung's attorneys.[12] Depositions further showed the minimal care that was taken to generate and check the data for accuracy prior to production.

30.  Samsung's productions reflected multiple errors. Between February 3 and April 30, Samsung has produced at least seven different versions of its financial data in the form of various spreadsheets. Samsung has admitted that many of these versions included errors. Various information was added

---

[11] Order re Discovery Motions (Re: Docket Nos. 598, 599, 600, 611, 603, 604, 606, 607, 613), January 27, 2012, pp. 2 and 15.
[12] Deposition of Jaehwang Sim, March 10, 2012, pp. 15-18; Deposition of Timothy Sheppard, February 29, 2012, pp. 39 and 44.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  back into certain line items and then removed from those line items in later versions. Samsung has

2  claimed that all of the information was taken directly from a SAP database[13] but material differences

3  appear between various versions, which is itself, inconsistent with this claim. Samsung's designated

4  witness also refused to provide sworn testimony about basic financial accounting questions, such as

5  the manner in which cost of goods sold is calculated,[14] leaving key variances unexplained. I

6  discussed some of this history in my Original Expert Report.

7  31. Apple returned to the Court and sought an order enforcing the original discovery order and requiring

8  a complete production. The Court agreed that Samsung's prior productions had violated the Court's

9  order and required, among other things, a complete production of financial data. This resulting

10  production is a primary reason for this supplemental report. I have used the information produced,

11  where possible, to do additional analysis to judge the credibility of the information on costs and

12  expenses that Samsung has provided. This analysis and the prior history forms the basis for my

13  opinions regarding the inadequacy of Samsung's calculations of operating profits.

14  **Samsung's recently disclosed Accused Product expense line items contain material unexplained**

15  **variances as compared to prior versions**

16  32. As described in my Original Expert Report in paragraphs 143 to 149, Samsung has produced multiple

17  versions of files containing financial information for the Accused Products. Subsequent to my

18  Original Expert Report, Samsung further produced additional versions, including the file marked

19  SAMNDCA00402075, which has the following discrepancies when compared to prior versions: (1)

20  [REDACTED]

21  Operating Profit which I understand to be related to a Samsung Chinese manufacturing facility for

22  certain Accused Products; (2) the addition of detailed line items within Manufacturing Cost of Goods

23  Sold; and (3) a shifting of costs between detailed line items within Manufacturing R&D. These

24  discrepancies are shown on **Exhibit 49-S**. One of the troubling aspects of Samsung's overall

25  document production is the extent to which previously disclosed numbers continue to change. A

---

[13] Declaration of Timothy Sheppard, March 12, 2012, pp. 11-12; Deposition of Timothy Sheppard, March 30, 2012, pp. 31-33, 133, and 149-150; Deposition of Jaehwang Sim, March 10, 2012, pp. 35, 82, and 88.
[14] Deposition of Jaehwang Sim, March 10, 2012, pp. 95-96 and 131-132.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

the iPhone and iPad for the quarter ending March 31, 2012. I have reviewed this updated financial information and used it to provide updated information on Apple's financial results, as included in the supplemental exhibits to this report.

L. **POSSIBLE REVISIONS TO THIS REPORT**

45. I intend to review and consider any other additional information provided to me after the production of this report and will supplement my analysis and conclusions if asked to do so.

M. **EXHIBITS**

46. **Exhibits 3-S through 53-S** are attached to this report and support my analyses and opinions in this matter.

N. **PROFESSIONAL ARRANGEMENT**

47. My work for expert services provided in this matter is charged at a standard billing rate of $550 per hour and is in no way contingent on the outcome of this matter. In addition, I will be reimbursed for all reasonable out-of-pocket expenses incurred in connection with my analyses and testimony in this case.

May 8, 2012                                                Terry L. Musika, CPA