1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kathleen M. Sullivan (Cal. Bar No. 242261)
   kathleensullivan@quinnemanuel.com
6  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100

11 Susan R. Estrich (Cal. Bar No. 124009)
   susanestrich@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

15 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
   INC. and SAMSUNG
16 TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S ADMINISTRATIVE MOTION FOR RELIEF FROM APRIL 29, 2013 CASE MANAGEMENT ORDER**<br><br>Place:   Courtroom 4, 5th Floor<br>Judge:   Hon. Lucy H. Koh |

Pursuant to Civil L.R. 7-11 and 79-5, and General Order No. 62, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby bring this administrative motion for relief from the upcoming deadlines in the Court's April 29, 2013 Case Management Order ("CMC Order") based on Apple's numerous violations of this Court's orders regarding the content of Apple's new expert report and the scope of a new trial on damages.

## ARGUMENT

### I.  APPLE'S NEW EXPERT REPORT INCLUDES NUMEROUS VIOLATIONS OF THE COURT'S ORDERS.

On June 24, 2013, Apple served a 393-page Expert Report of Julie Davis ("Davis Report"). The Report improperly includes different methodologies from Mr. Musika's prior reports and opinions excluded by the Court's prior rulings. The Court's CMC Order was unambiguous:

> The Court's prior rulings on the parties' *Daubert* motions, motions in limine, discovery disputes, and evidentiary objections will remain in effect as law of the case. The parties may not relitigate these issues.

> … [T]he new trial on damages will be extremely limited. The sole purpose of the trial is to correct the erroneous notice dates. … Apple's new damages expert may *not* include different methodologies in his or her expert report, and may *not* draw upon new data.

(Dkt. No. 2316 at 2-3 (emphasis added).)  Indeed, at Apple's own urging, the Court expressly prohibited damages theories not presented to the first jury.  (Declaration of Anthony P. Alden In Support of Samsung's Mot. For Admin. Relief ("Alden"), Ex. 1, Apr. 29, 2013 Tr. at 67:17-21 ("Whatever theories either side presented to the last jury can be presented to this jury. You can – you can present less if you want to, but you cannot present more.").)

Apple has blatantly ignored the Court's rulings.  Apple's violations are so numerous and consequential that Samsung cannot fairly respond and prepare for trial in the time and under the procedural limits set by the current CMC Order.  In particular, Apple's multiple violations require immediate relief from the CMC Order's deadlines for a rebuttal report and limitations on Samsung's motion strike improper opinions, both of which rested on Apple's representation to the Court that its report would not seek to introduce new theories. (*Id.* at 65:12-16 (The Court: "I'm not going to allow any other variations other than the notice date.  I -- Is that clear? Mr. Jacobs:

1  That sounds like a ruling. We'll take it as a ruling.").)  Some illustrative examples of Apple's
2  violations are presented below:[1]

### A. The Davis Report Presents 40 New and Different Damages Models.

At trial, Mr. Musika presented two damages models to the jury:  the first model sought lost profits, Samsung's gross profits and a royalty; the second model sought Samsung's gross profits and a royalty, but not lost profits.  (PX25A1 (under seal) at 4-5.)  In contrast, Apple's new report includes *42 different damages models*, spanning *60 different exhibits*.  (Alden Ex. 2 at Exs. 17-PT, 17.1-PT, 18-PT, 18.1-PT, and 19-PT, and the 55 Appendix versions A-K of the same.)  These 42 different models employ 42 different methodologies for calculating damages.  Only two of them use the methodologies Apple presented at trial, adjusted to correct the erroneous notice dates as ordered by the Court.  (*Id.* at Exs. 17.1-PT-B & 18.1-PT-B.)  The 40 additional models use different methods to measure Samsung's profits on a product-by-product basis (including revenue and "incremental profits"), different assumptions about when any hypothetical design around period would start, and different assumptions about when Samsung first sold each product.

    1. New calculations of Samsung's profits as total revenues:  At trial, Apple did not argue to the jury that Samsung's profits should be measured by total revenues, as opposed to gross profits.  The Davis Report improperly includes models claiming Samsung's total revenues as damages, greatly inflating Apple's claimed damages.  (*See*, *e.g.*, *id.* at Ex. 17-PT.)

    2. New calculations of Samsung's profits as "incremental profit":  The Davis Report includes a calculation of Samsung's profits on a product-by-product basis based on "incremental profits."  (*See*, *e.g.*, *id.* at Ex. 17.1-PT-A.)  But Apple did not present this theory to the jury.  Indeed, Mr. Musika did not mention "incremental profits" to the jury at all.  (*See* Aug. 13 Tr. at 2031-2172.)  Furthermore, while Mr. Musika prepared an exhibit that purported to be a single calculation of incremental profits for all Samsung products (including unaccused products), he did not do so on a product-by-product basis. (PX28; *see also* Aug. 13, 2012 Tr. at 2058:3-6

---

[1]  This motion is based solely on Apple's violation of Court orders.  Samsung reserves the right to move to strike on substantive grounds as provided in the Court's CMC Order.

1  (Mr. Musika admits PX28 includes "other sales of non-accused items").)  The damages models in
2  the Davis Report that include product-by-product "incremental profits" are based on a new theory
3  not presented to the original jury.
4          3. <u>Changes to the start date for hypothetical design around periods</u>:  The Court
5  unequivocally ruled no changes to the damages period.  (Alden Ex. 1 at 41:21-42:1 ("[N]o new
6  damages period, no new methods. … This can be just a very simple change of Mr. Musika's
7  exhibits to start from the correct date.  I'm not going to allow anything else to be done.  I'm not
8  going to allow new damages.").)  Yet, Apple has done just that.  Mr. Musika's method for
9  calculating Apple's lost profits assumed that Samsung would design around Apple's asserted IP in
10  a specific amount of time, and that Apple would be entitled to lost profits only during those design
11  around periods.  (*See* Aug. 13, 2012 Tr. at 2084:3-19.)  Mr. Musika assumed those design around
12  periods would begin at the date of the first allegedly infringing sale:  "This period begins at the
13  later of the issuance of the item of Apple Intellectual Property In Suit or the date in which
14  Samsung first sold the product embodying the Apple Intellectual Property In Suit and assumes that
15  Samsung had notice of the patents on that date."  (*see* Ex. A to Declaration of Terry L. Musika In
16  Support of Apple's Opp. to Samsung's Daubert Mot., Dkt. No. 991 ("Musika Rpt.") at 42.)  In
17  contrast, the Davis Report improperly includes calculations moving the design around periods
18  forward to the dates Samsung received notice under 35 U.S.C. §287.[2]  This change was made
19  solely so that Apple can claim vastly greater damages.  (*Compare* Alden Ex. 2 at Ex. 17.1-PT-A
20  (using new damages period) *with id.* 17.1-PT-B (using original damages period).)
21          4. <u>Changes to first sale dates</u>:  The Davis Report calculates damages based on
22  three possible alternatives for when Samsung first sold each allegedly infringing product.  The

---

[2] While Mr. Musika said he could provide "an alternative calculation reflecting this change" (Musika Rpt. at 42), the Court barred Apple from doing so.  (Dkt. 1690 at 2 ("Mr. Musika did not timely disclose his calculations pursuant to an alternative two notice period theory.").)  The Davis Report uses the excluded two notice period theory in each model that improperly changes the design around period.  (*See*, *e.g.*, Alden Ex. 2 at Ex. 17.2-PT.)  The calculations using the original theory do not use the excluded two notice period theory.  (*Compare id.* Ex. 17.2-PT (two notice period theory) *with id.* Ex. 17.2-PT-B (one notice period theory).)

1  third alternative assumes that Samsung started selling all accused products, including the Infuse

2  4G, on the dates identified by Mr. Musika.  (Alden Ex. 2 at 37.)  However, the Court ruled that

3  Apple "may not introduce any data regarding Infuse 4G sales that occurred prior to May 15,

4  2011."  (Dkt. No. 2316 at 2.)  Each of Ms. Davis's models predicated on Mr. Musika's first sale

5  dates violates this Order by including Infuse 4G sales before May 15, 2011.[3]

6     **B.     Apple's Other Violations of the Court's Orders.**

7        1.   <u>Excluded opinions on irreparable harm</u>:  The Davis Report includes an

8  entire section on Apple's alleged irreparable harm.  (Alden Ex. 2 at 27-34.)  The Court properly

9  excluded the section from Mr. Musika's report on this issue on *Daubert*.  (Dkt. No. 1157 at 13.)

10  The Davis Report does not state that Apple will refrain from re-litigating this issue.

11       2.   <u>Excluded attorney argument on burden of proof</u>:  The Davis Report purports

12  to opine on whether Samsung has satisfied its "burden" to produce reliable cost information.

13  (Alden Ex. 2 at 73-74.)  The Court previously excluded Mr. Musika from offering such attorney

14  argument on Samsung's burden of proof.  (Dkt. No. 1157 at 13.)  Again, the Davis Report

15  contains no indication that Apple will refrain from offering this excluded opinion at the new trial.

16       3.   <u>The Davis Report relies on new evidence and testimony</u>:  The Davis Report

17  relies on testimony and documents from before and during the trial not referred to in Mr. Musika's

18  reports nor presented to the jury.  For example, the Davis Report relies on a declaration by Eric R.

19  Roberts, a Morrison Foerster employee, who purports to opine on the reliability of spreadsheets in

20  Samsung's production.  (Alden Ex. 2 at 65-66, 71.)  Mr. Musika did not refer to or rely on Mr.

21  Roberts's declaration, it was not presented to the jury, and Samsung had no opportunity to depose

22  or cross-examine Mr. Roberts.  Furthermore, the Davis Report belatedly addresses testimony to

23  which Apple chose not to respond at trial.  Apple's damages testimony was completed on August

24  13, 2012.  Apple chose not to recall Mr. Musika for further testimony at the conclusion of

25  Samsung's case – despite representing to the Court that it would do so.  (*See* Aug. 17, 2012 Tr. at

---

[3] The Davis Report states that Apple intends to seek relief from the Court's Order.  (Alden Ex. 2 at 37, n. 109.)  However, despite the passage of over two months, Apple has not done so.

-4-                                    Case No. 11-cv-01846-LHK
                                         ADMIN. MOTION FOR RELIEF FROM CMC ORDER

1  3407:6-14.)  Apple cannot use the Davis Report to respond to testimony it deliberately decided not
2  to address at trial.  (Alden Ex. 2 at 59 (new opinions on Aug. 14 testimony of Junyeun Wang), *id*.
3  at 74-75 (new opinions on Aug. 16 testimony of Tim Sheppard).)  Finally, Mr. Musika testified
4  about just four trial exhibits.  (Aug. 13 Tr. at 2031-2172 (Mr. Musika's testimony limited to
5  PX25A1, PX28, PX34 and PX194).)  In contrast, the Davis Report refers to dozens of documents
6  that Mr. Musika did not testify about, and which are directed to liability issues, rather than
7  damages.  (Alden Ex. 2 at 55-62 (citing PX3, PX6-8, PX11, PX12, PX17, PX30, PX38, PX40,
8  PX44, PX46, PX54, PX55, PX57, PX58, PX60, PX62, PX69, PX127, PX128, PX133-135,
9  PX141-146, PX174, PX186 and PX195).)  Apple apparently intends to present substantially its
10 entire liability case through Ms. Davis's testimony, contrary to the Court's order "that the new
11 trial on damages will be extremely limited."  (Dkt. No. 2316 at 3.)

12 **II.   SAMSUNG IS PREJUDICED BY APPLE'S VIOLATIONS.**

13      Apple's 42 different damages models, employing 40 new methodologies for calculating
14 damages, do not give Samsung fair notice of what Apple intends to present at trial.  Apple's
15 violations also improperly require Samsung to address in its rebuttal report numerous issues
16 excluded by the Court.  Samsung is also prejudiced by Apple's plan to present dozens of trial
17 exhibits directed to liability issues through expert testimony.  Samsung will be prejudiced if it
18 must now prepare rebuttal to Apple's improper 393-page report, given the current deadlines for a
19 rebuttal report and expert discovery.  Furthermore, Apple's new expert report is a transparent
20 attempt to overwhelm Samsung's opportunity to move to strike.  The Court's limitation to a
21 single, seven-page motion to strike was premised on its instruction to avoid new data, methods,
22 and theories.  The scope of Apple's new theories makes a seven-page limitation unworkable.
23 Likewise, Apple's numerous violations of the Court's order not to re-litigate previous evidentiary
24 exclusions threatens Samsung's opportunity to address its further objections to the Davis Report.

25                                        **CONCLUSION**

26      Because Apple has flagrantly violated the Court's CMC Order, the Court should vacate all
27 deadlines and set a new case management conference on further proceedings, including a deadline
28 for Apple to comply with the limitations on a new expert report previously set by the Court.

-5-   Case No. 11-cv-01846-LHK
ADMIN. MOTION FOR RELIEF FROM CMC ORDER

DATED: July 1, 2013           Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP


 By/s/  Victoria F. Maroulis
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    Michael T. Zeller

    Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
    SAMSUNG ELECTRONICS AMERICA, INC. and
    SAMSUNG TELECOMMUNICATIONS AMERICA,
    LLC