# EXHIBIT 1

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kathleen M. Sullivan (Cal. Bar No. 242261)
   kathleensullivan@quinnemanuel.com
6  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
10
   Susan R. Estrich (Cal. Bar No. 124009)
11 susanestrich@quinnemanuel.com
   Michael T. Zeller (Cal. Bar No. 196417)
12 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
13 Los Angeles, California 90017
   Telephone: (213) 443-3000
14 Facsimile: (213) 443-3100

15 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
16 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
17
                    UNITED STATES DISTRICT COURT
18
          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
19

20 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK
21 |                                        |
   |        Plaintiff,                      | **[PROPOSED] REPLY IN SUPPORT OF**
22 |                                        | **SAMSUNG'S ADMINISTRATIVE**
   |   vs.                                  | **MOTION FOR RELIEF FROM APRIL 29,**
23 |                                        | **2013 CASE MANAGEMENT ORDER**
   | SAMSUNG ELECTRONICS CO., LTD., a       |
24 | Korean business entity; SAMSUNG        |
   | ELECTRONICS AMERICA, INC., a New       |
25 | York corporation; SAMSUNG              | Place:  Courtroom 4, 5th Floor
   | TELECOMMUNICATIONS AMERICA,            | Judge:  Hon. Lucy H. Koh
26 | LLC, a Delaware limited liability company, |
27 |        Defendants.                     |
28

Case No. 11-cv-01846-LHK
[PROPOSED] REPLY ISO ADMIN. MOTION FOR RELIEF FROM CMC ORDER

Apple apparently expects the Court to believe that its new 393-page expert report on damages (including over 200 exhibits) simply replicated Mr. Musika's methodologies, based on nothing more than its own say so.[1]  We have been down this road before.  Apple previously assured the Court that it would introduce evidence establishing its purported notice dates.  Yet, the evidence was nowhere to be found.  The fact is that, despite the Court's repeated warnings (*see, e.g.,* Dkt. No. 2320("CMC Tr."), at 53:10-14 (The Court:  "[N]othing is going to change.  If it does change, then I'm going to vacate the trial date and I will just set a CMC after Apple II goes to trial."), Apple's Opposition confirms that its new expert report has *changed* the damages period, *changed* the first sale dates*,* includes *42 "alternative calculations"* of damages not undertaken by Mr. Musika or presented to the jury, and incorporates *dozens* of new documents and new testimony nowhere to be found in any of Mr. Musika's reports.  The Court set a trial for November of this year and Samsung agreed to a compressed schedule solely on the basis of Apple's representations that it "understand[s] the Court's direction."  (*Id.* at 52:1).  Samsung would never have agreed to this schedule, or to forego additional discovery, had it known that Apple would serve a convoluted new report with 42 alternative damages models and new damages periods.  Apple has pulled a "bait and switch" on both the Court and Samsung.  To avoid prejudicing Samsung, Apple must be held to the Court's orders and its prior representations.

    1.    <u>New calculations of Samsung's profits as total revenues</u>:  Apple argues that "Mr. Musika previously prepared the same revenue-based calculations as Ms. Davis has now prepared, and testified to Samsung's total revenues at trial." (Opp'n at 2:27-28.)  Apple conveniently misses the point.  Apple is limited to the same damages theories Mr. Musika presented *at trial*.  (CMC Tr. at 67:20-21 ("You can -- you can present less [damages theories] if you want to, but you cannot present more.").)  Apple does not dispute that Mr. Musika did not present a damages theory at trial based on Samsung's revenues, yet Ms. Davis now includes one in her Report.  (*See*, *e.g.*, Dkt. No. 2326, Alden Dec., Ex. 2 at Ex. 17-PT.)

---

[1]   Apple points out that the report is 393-pages long with exhibits, but "only" 111 pages of text.  This is a distinction without a difference because Samsung must respond to it all.

2. <u>New calculations of Samsung's profits as "incremental profit"</u>: Apple argues that Ms. Davis's calculations of Samsung's per-product "incremental profit" do not represent a "change in methodology." (Opp'n at 3:13.) Again, Apple is being disingenuous. While Mr. Musika made one calculation of what Ms. Davis calls Samsung's "incremental profit" for all Samsung products (including unaccused products), he did not do so on a per-product basis, nor did he present any damages figures to the jury based on this calculation. Ms. Davis's damages calculations based on Samsung's purported "incremental profit" for each of the 13 Samsung products at issue are *entirely new, never seen before*. Apple does not dispute this.

3. <u>Changes to the start date for hypothetical design around periods:</u> Apple admits that it has "moved" the design around periods used in Mr. Musika's lost profits analysis. (Opp'n at 3:14-16.) At the CMC, Samsung requested that it have "an opportunity to present to the jury different damages period based on the design around availability." (CMC Tr. at 81:14-16.) Apple vociferously opposed (*Id.* at 81:17-23) and the Court denied Samsung's request. Yet now, Apple itself openly concedes it has changed the damages period. Apple fails to explain why it has not violated two different orders: the Court's order that there be "no new damages period" (*id.* at 41:21-22), and the Court's pre-trial order precluding Apple from doing exactly what it proposes to do now. (Mot. at n. 2, citing Dkt. No. 1690 at 2.) There is no legitimate reason for Apple to change the design around periods and it has not identified one.

4. <u>Changes to first sale dates</u>: Apple admits that Ms. Davis has prepared "*alternative* calculations using different start dates" because Apple intends to belatedly challenge an extensively-litigated prior Court order and it anticipates a "possible dispute" that it refuses to identify or describe. (Opp'n at 3:23-25.) Yet, Apple does not dispute that these are *new calculations* that do not simply respond to the new notice dates.

5. <u>Excluded opinions on irreparable harm and burden of proof</u>: Tellingly, Apple still refuses to clearly state that Ms. Davis's will not offer an opinion on irreparable harm or whether Samsung satisfied its burden of proof at trial, despite the Court's *Daubert* order. (Dkt. No. 1157 at 13.) Apple simply quotes Ms. Davis's report, which vaguely says she "understands" she will not offer an irreparable harm opinion *unless the Federal Circuit rules first* (Opp'n at 3:28-4:2),

and that she "will not testify to burdens of proof." (*Id.* at 4:5-6.) Apple's carefully crafted representations highlight its gamesmanship.

6. <u>The Davis Report relies on new evidence and testimony</u>:  Apple does not dispute that Ms. Davis relies on Mr. Roberts' declaration.  Nor does Apple dispute that Mr. Musika did not refer to or rely on this declaration, it was not presented to the jury, and Samsung had no opportunity to depose or cross-examine Mr. Roberts.  The fact that Mr. Musika was "aware" of the declaration is irrelevant.  Likewise, Apple does not dispute that Ms. Davis belatedly addresses testimony to which Apple chose not to respond at trial and that she refers to dozens of documents that Mr. Musika did not testify about, and which are directed to liability issues, not damages.

Apple's strategy is transparent:  get the Court and Samsung to agree to a new compressed schedule and page limitations based on a representation that its supplemental damages report would simply adjust for the new notice dates, and then dump on Samsung a report which Apple admits has *42 different damages models*, *employs 40 new methodologies for calculating damages, changes the damages period, cites to dozens of new documents, and addresses new testimony*.  There is no way Samsung would have agreed to a compressed schedule, foregone additional discovery, and severely narrowed *Daubert* motions and motions to strike had it known this was how Apple intended to "comply" with the Court's orders.  Because Apple has flagrantly violated the Court's CMC Order and severely prejudiced Samsung, the Court should vacate all deadlines and set a new case management conference on further proceedings, including a deadline for Apple to comply with the limitations on a new expert report previously set by the Court.

DATED:  July 8, 2013              Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By Charles             /s/ Victoria F. Maroulis
                 K. Verhoeven
                 Kevin P.B. Johnson
                 Victoria F. Maroulis
                 Michael T. Zeller
                 Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
                 SAMSUNG ELECTRONICS AMERICA, INC. And
                 SAMSUNG TELECOMMUNICATIONS AMERICA, LLC