# EXHIBIT 1

```
 1                  UNITED STATES DISTRICT COURT
 2                 NORTHERN DISTRICT OF CALIFORNIA
 3                         SAN JOSE DIVISION
 4
 5
        APPLE INC., A CALIFORNIA        )  C-11-01846 LHK
 6      CORPORATION,                    )
                                        )  SAN JOSE, CALIFORNIA
 7                     PLAINTIFF,       )
                                        )  FEBRUARY 27, 2014
 8              VS.                     )
                                        )  PAGES 1-52
 9      SAMSUNG ELECTRONICS CO., LTD.,  )
        A KOREAN BUSINESS ENTITY;       )
10      SAMSUNG ELECTRONICS AMERICA,    )
        INC., A NEW YORK CORPORATION;   )
11      SAMSUNG TELECOMMUNICATIONS      )
        AMERICA, LLC, A DELAWARE        )
12      LIMITED LIABILITY COMPANY,      )
                                        )
13                     DEFENDANTS.      )
                                        )
14
15
16                     TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE PAUL S. GREWAL
17                  UNITED STATES MAGISTRATE JUDGE
18
19
20                    APPEARANCES ON NEXT PAGE
21
22
23      OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                                 CERTIFICATE NUMBER 9595
24
25           PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                  TRANSCRIPT PRODUCED WITH COMPUTER
```

```
 1
 2      A P P E A R A N C E S:

 3      FOR PLAINTIFF:         WILMER, CUTLER, PICKERING,
        APPLE:                 HALE AND DORR
 4                             BY:  WILLIAM F. LEE
                               60 STATE STREET
 5                             BOSTON, MASSACHUSETTS  02109

 6                             BY:  MARK D. SELWYN
                               950 PAGE MILL ROAD
 7                             PALO ALTO, CALIFORNIA  94304

 8                             GIBSON, DUNN & CRUTCHER
                               BY:  BRIAN BUROKER
 9                             1050 CONNECTICUT AVENUE, N.W.
                               WASHINGTON, D.C.  20036
10

11      FOR DEFENDANT:         QUINN, EMANUEL, URQUHART & SULLIVAN
        SAMSUNG:               BY:  JOHN B. QUINN
12                                  MICHAEL T. ZELLER
                                    SUSAN ESTRICH
13                             865 S, FIGUEROA STREET, 10TH FLOOR
                               LOS ANGELES, CALIFORNIA  90017
14

15      FOR NOKIA:             ALSTON & BIRD
                               BY:  RANDALL L. ALLEN
16                                  RYAN W. KOPPELMAN
                               275 MIDDLEFIELD ROAD, SUITE 150
17                             MENLO PARK, CALIFORNIA  94025

18
19
20
21
22
23
24
25
```

|   |   |
|---|---|
| 1 | 20 DOCUMENTS NOW HAVE BEEN FILED UNDER SEAL HIDING THIS |
| 2 | INFORMATION, INCLUDING AFTER THE FACT THAT THE DOCKET'S BEEN |
| 3 | LOCKED DOWN AND IT CAN'T BE SEEN BY ANYONE. |
| 4 | THAT'S NOT FAIR.  THAT'S NOT JUST. |
| 5 | THE COURT:  MR. LEE, YOU WANT TO RESPOND? |
| 6 | MR. LEE:  YES, YOUR HONOR. |
| 7 | I'VE BEEN BEFORE YOU A NUMBER OF TIMES.  IT'S THE FIRST |
| 8 | TIME I'VE BEEN ACCUSED OF BEING A HYPOCRITE, AND I'LL LET YOUR |
| 9 | HONOR JUDGE YOURSELF.  WE'VE BEEN BEFORE YOU. |
| 10 | I THINK WHAT YOUR HONOR KNOWS IS THIS:  WHAT YOUR HONOR |
| 11 | SAID IN YOUR ORDER WAS, MISTAKES HAPPEN.  IT'S WHAT YOU DO |
| 12 | AFTER A MISTAKE HAS OCCURRED. |
| 13 | HERE'S THE DIFFERENCE BETWEEN WHAT HAPPENED:  THIS |
| 14 | DOCUMENT THAT WAS ON THE PUBLIC RECORD, NOT DISCOVERED BY |
| 15 | ANYONE, YOU'LL RECALL HOW MUCH SAMSUNG TRIED TO FIND SOME |
| 16 | PUBLIC DISCLOSURE, THE OTHER DISCLOSURES THAT WERE BROUGHT TO |
| 17 | YOUR HONOR'S ATTENTION. |
| 18 | WHEN IT WAS DISCOVERED, WE BROUGHT IT TO YOUR HONOR'S |
| 19 | ATTENTION IN LESS THAN 24 HOURS. |
| 20 | WE BROUGHT IT TO SAMSUNG'S ATTENTION IN LESS THAN 24 |
| 21 | HOURS. |
| 22 | WE NOTIFIED NOKIA AND NEC WITHIN 24 HOURS. |
| 23 | THIS IS OUR -- IT WAS A MISTAKE.  IT'S OUR INFORMATION, SO |
| 24 | IT'S NOT ACTUALLY A VIOLATION OF THE PROTECTIVE ORDER.  THERE |
| 25 | MAY BE ISSUES BETWEEN NOKIA AND US UNDER THE NONDISCLOSURE |

1     PROVISION.
2         CONTRAST THAT WITH WHAT HAPPENED, JUST THE FINDINGS YOUR
3     HONOR MADE.  THREE LAWYERS, A PARTNER, A SENIOR ASSOCIATE, AND
4     AN ASSOCIATE SITTING IN DECEMBER 2012 KNOWING THERE'S A
5     VIOLATION, BUT NO NOTICE TO US FOR EIGHT MONTHS.  NOTICE TO US
6     ONLY TWO WEEKS AFTER THERE HAD BEEN A SUGGESTION BY SAMSUNG TO
7     NOKIA THAT THE DOCUMENTS WOULD BE DESTROYED.
8         IT IS WHAT HAPPENS AFTER.
9         NOW, YOUR HONOR, IF WE KNEW IN OCTOBER THAT THAT WAS
10    THERE, WE WOULD HAVE DONE THE SAME THING WE DID IN FEBRUARY
11    WHEN WE REALIZED IT WAS THERE.  IF WE REALIZED IT WAS THERE, WE
12    WOULD HAVE TOLD YOUR HONOR THAT IT WAS THERE.
13        I THINK IF YOU TAKE THE GIST OF YOUR ORDER, AS WE READ IT,
14    WHICH IS IN A BIG CASE, THESE THINGS CAN HAPPEN -- AND I
15    ACTUALLY WENT BACK TODAY, YOUR HONOR, AND COUNTED UP THE NUMBER
16    OF TIMES IN 1846 AND 630 THAT ONE OF US ACTUALLY FILED
17    CONFIDENTIAL INFORMATION AND THE OTHER ONE CAUGHT IT, AND WE
18    DID WHAT PROFESSIONALS SHOULD DO.  WE PICK UP THE TELEPHONE AND
19    WE CALL THEM, OR IN SOME CASES THEY CALLED US, AND SAID, "WE
20    DON'T THINK THIS SHOULD HAVE BEEN FILED.  IT SHOULD BE
21    CONFIDENTIAL."
22        AND WE COLLECTIVELY TOOK THE ACT, THE STEPS WITH THE COURT
23    TO CURE THAT ISSUE.  THAT'S WHAT'S SUPPOSED TO HAPPEN WHEN A
24    MISTAKE HAS OCCURRED.
25        IN THIS CASE WHEN THE ERROR WAS DISCOVERED, WE TOOK THOSE

1  STEPS WITHIN 24 HOURS.
2       AND I WOULD JUST CONTRAST THAT WITH THE FINDINGS YOUR
3  HONOR MADE.
4       THIS ACTUALLY -- IF THEY THINK THAT THERE IS A VIOLATION
5  OF THE PROTECTIVE ORDER, IT'S A SEPARATE MOTION.
6       IF THEY THINK THAT IT'S SANCTIONABLE, IT WOULD BE A
7  SEPARATE MOTION.
8       IT IS A SEPARATE ISSUE.  AS I SAID TO YOUR HONOR, IT
9  REALLY IS NOT A PROTECTIVE ORDER ISSUE.  IT MAY BE AN ISSUE
10 BETWEEN NOKIA AND US.
11      BUT I THINK THE HYPOCRISY, THE SUGGESTION THAT WE KNEW OF
12 THIS AND WE MADE REPRESENTATIONS TO YOUR HONOR, APPLE'S GOING
13 TO BE BEFORE YOU TOO FREQUENTLY TO EVER DO THAT.  AS LAWYERS
14 FROM GIBSON, DUNN AND MOFO AND OUR FIRM, WE WOULD NEVER DO
15 THAT.
16      THIS WAS, IN THIS PARTICULAR CASE, JUST WHAT IT WAS SAID
17 TO BE, AND NO ONE IS TRYING TO HIDE ANYTHING FROM ANYBODY.
18           THE COURT:  I -- BEFORE I -- MR. ALLEN, GO AHEAD.
19           MR. ALLEN:  I JUST WANT TO ADDRESS THIS FOR A SECOND.
20           THE COURT:  SURE.
21           MR. ALLEN:  NOT MUCH TIME HAS PASSED SINCE WE LEARNED
22  OF THIS EVENT.  THE FIRST TIME WE HEARD ABOUT IT WAS
23  FEBRUARY 11TH.
24      WE ARE -- WE HAVE BEEN IN VIRTUALLY CONSTANT CONTACT WITH
25 COUNSEL FOR APPLE ABOUT THIS ISSUE SINCE IT'S HAPPENED.