| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>ERIK J. OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 | WILLIAM F. LEE (pro hac vice)<br>William.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (CA SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

***Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.***

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants and Counterclaim-Plaintiffs. | CASE NO. 5:11-cv-01846-LHK<br><br>**APPLE'S MOTION FOR STAY OF THE COURT'S ORDER DENYING MOTION TO SEAL (DKT. NO. 3041) PENDING APPLE'S MOTION FOR CLARIFICATION** |

**MOTION**

On March 19, 2014, this Court entered an order regarding Apple's Administrative Motion to File Documents Under Seal ("Sealing Order") (Dkt. 3041). Apple Inc. ("Apple") is filing a Motion for Clarification of the Court's Sealing Order ("Motion for Clarification"), and hereby moves for a stay of the Sealing Order as it relates to Exhibit 5 to the Declaration of Joseph Mueller in Support of Apple's Administrative Motion to File Documents Under Seal ("Exhibit 5") pending Apple's Motion for Clarification, for the reasons set forth herein.

Apple's counsel met and conferred with Samsung's counsel regarding this motion, and Samsung does not take a position on Apple's Motion for Stay.

**RELIEF REQUESTED**

Apple seeks an order staying the portion of the Court's Sealing Order related to Exhibit 5 pending the Court's resolution of Apple's Motion for Clarification and respectfully requests that the Court stay the portion of its Sealing Order related to Exhibit 5 until the later of: (1) its ruling on Apple's Motion for Clarification, or (2) in the event that the Court denies Apple leave to file its Motion for Clarification, or grants leave but denies the Motion for Clarification, pending resolution of any appeal to the Federal Circuit.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Apple submits this memorandum in support of its motion, pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, to stay a limited portion of the Court's Sealing Order related to Exhibit 5 until the later of: (1) its ruling on Apple's Motion for Clarification, or (2) in the event that the Court denies Apple leave to file its Motion for Clarification, or grants leave but denies the Motion for Clarification, pending resolution of any appeal to the Federal Circuit.

This limited stay is warranted because revealing the confidential terms of Apple's licenses or licensing negotiations would cause significant harm by granting competitors and potential licensing partners an unfair and unearned advantage in the marketplace. Further, this injury would be immediate and irreparable, for "[s]ecrecy is a one-way street": once confidential information has been released to the public, it "cannot be made secret again." *In re Copley Press, Inc. v. Ismael Highera-Guerrero*, 518 F.3d 1022, 1025 (9th Cir. 2008). To require that this information be made public now would deprive Apple of any remedy.

There is no substantial countervailing public or private interest in immediate disclosure of this information. Any legitimate public interest would suffer no harm by delaying release until the Court can clarify whether its Sealing Order denied sealing the confidential terms of Apple's licenses or licensing negotiations. Finally, this Court's prior rulings mandate both the grant of stay, and, ultimately, the grant of Apple's Motion for Clarification.

## FACTUAL STATEMENT

Apple had moved to seal Exhibits 5 and 6 to the Declaration of Joseph Mueller in Support of Apple's Administrative Motion to File Documents Under Seal ("Exhibits 5 and 6") insofar as they contain or discuss the confidential terms of Apple's licenses or licensing negotiations. (*See* Dkt. Nos. 2374, 2374-1, 2374-8, and 2374-9.)

On March 19, 2014, the Court granted-in-part and denied-in-part Apple's Administrative Motion. (*See* Dkt. No. 3041.) In its Order, the Court granted sealing specific figures regarding

1  Apple's licensing negotiations in Exhibit 6.  The Court denied sealing Exhibit 5 in its entirety,
2  which included the same licensing negotiation figure the Court granted sealing in Exhibit 6.

### **ARGUMENT**

To obtain a stay, "a movant must establish a strong likelihood of success on the merits, or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor." *Merial Ltd. v. Cipla Ltd.*, 426 Fed. App'x 915, 915 (Fed. Cir. 2011) (unpublished)(citing *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987)).  Although courts may also consider the impact of a stay on other parties and the public, the likelihood of success and irreparable injury prongs are the more important elements.  *See, e.g.*, *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 449 Fed. App'x 35, 36 (Fed. Cir. 2011); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512-13 (Fed. Cir. 1990) ("When harm to applicant is great enough, a court will not require 'a strong showing' that applicant is 'likely to succeed on the merits.'").

Here, Apple has a strong likelihood of success, or at the very least a "substantial case." *Merial Ltd.*, 426 Fed. App'x at 915.  The Court granted Apple's request to seal the same information in Exhibit 6.  (Dkt. No. 3041 at 2:1; *see also* Dkt. No. 2374-9.)  Denial of a stay will unavoidably cause irreparable harm by forcing the release to the public of confidential information whose secrecy, once lost, cannot be restored.  The public has little or no legitimate interest in access to confidential information, and to the extent it does, that interest will not be meaningfully impaired by a delay in the information's release while this Court reviews the limited amount of information at issue.  These factors weigh heavily in favor of a stay, which this Court should grant.

I. **THE PARTIES HAVE A STRONG LIKELIHOOD OF SUCCESS AND CERTAINLY A SUBSTANTIAL CASE ON THE MERITS**

A. **The Confidential Information at Issue May Be Sealed Under The "Good Cause" Standard.**

Apple has a significant interest in keeping the confidential terms of Apple's licenses or licensing negotiations secret because it would suffer competitive harm if this information is made public. In fact, the Court granted Apple's request to seal this same information in Exhibit 6. (Dkt. No. 3041 at 2:1; *see also* Dkt. No. 2374-9.)

Here, the information sought to be sealed was filed in support of a non-dispositive motion (Apple's Motion to Compel Further Discovery and for Sanctions for Violations of Protective Order). Therefore, the "good cause" standard applies. The confidential terms of Apple's licenses or licensing negotiations is highly confidential Apple information. The Court has previously allowed Apple to seal discussion of "pricing terms, royalty rates, and minimum payment terms of . . . licensing agreements." (*See, e.g.*, Dkt. No. 1649 (cit*ing In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)).)

B. **The Court Previously Ruled Under Similar Circumstances That a Stay While a Motion for Reconsideration Is Pending Is Proper.**

As the Court has previously found under similar circumstances, stay of the Court's Order is appropriate to allow the Court time to consider and rule on a Motion for Reconsideration. Previously, the Court found that Exhibit 6 to the Pernick Declaration in Support of Apple's Motion to Strike Portions of Samsung's Expert Reports (Dkt. No. 939-04) contained third-party source code references that were "proprietary and therefore appropriately may be sealed" and invited Samsung to "move to seal narrowly tailored redactions of only the source code references." Dkt. No. 2222 at 24:17-20. In connection therewith, the Court granted a motion to stay its initial order denying sealing so that the parties could file renewed motions. Dkt. No. 2232 at 2:6-11 ("To the extent that Samsung seeks to stay the February 1 order with regards to the exhibits containing third-party source code until the court resolves its renewed motion to seal, the court finds that a stay is warranted. Source code involves proprietary information that

the court already has found to be appropriate for a sealing request.  Samsung's request to stay the February 1 order with regards to the exhibits with third-party source code references is GRANTED.").[1]

## II. THE BALANCE OF HARMS TILTS DECISIVELY IN APPLE'S FAVOR

Apple has, at the very least, established a substantial case on the merits; therefore, a stay is warranted.  Conversely, the denial of a stay in this case would cause Apple immediate and irreparable harm, which would be sufficient to justify a stay even if the likelihood of success on the merits were relatively slight.  *See Standard Havens Prods.*, 897 F.2d at 512.  As the Court has previously observed, the harm allowing confidential information into the public domain is substantial, irreversible and irreparable:  "When the information is publicly filed, what once may have been a trade secret will no longer be."  Dkt. No. 2047 at 7:6-7.

## CONCLUSION

For the foregoing reasons, the Court should stay the limited portion of the Sealing Order related to Exhibit 5 until the later of:  (1) its ruling on Apple's Motion for Clarification of the Court's Sealing Order, or (2) in the event that the Court denies Apple leave to file its Motion for Clarification, or grants leave but denies the Motion for Clarification, pending resolution of any appeal to the Federal Circuit.

---

[1] Additionally, in *Dynetix Design Solutions Inc. v. Synopsys Inc.*, Case No. 11-cv-05973 PSG, this Court stated that "Confidential source code is generally accepted to be proprietary and sealable." 2012 WL 6586372, at *1 (N.D. Cal. Dec. 17, 2012); *see also*, Dkt. No. 1649 at 8:18-20 ("[S]ource code is undoubtably[sic] a trade secret.")(internal quotation, citation omitted).

| | | |
|---|---|---|
| Date: March 25, 2014 | By: | */s/ Mark D. Selwyn* |

<div style="margin-left: 50%;">

Mark D. Selwyn (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorney for Plaintiff and Counterclaim-Defendant APPLE INC.

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on March 25, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ Mark D. Selwyn
Mark D. Selwyn