# EXHIBIT A

**Contains Attorneys' Eyes Only Information Subject to Protective Order**

1  HAROLD J. MCELHINNY (SBN 66781)
   hmcelhinny@mofo.com
2  MICHAEL A. JACOBS (SBN 111664)
   mjacobs@mofo.com
3  RACHEL KREVANS (SBN 116421)
   rkrevans@mofo.com
4  ERIC J. OLSON (SBN 175815)
   ejolson@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California 94105-2482
   Telephone: (415) 268-7000
7  Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**FILED UNDER SEAL**<br><br>**APPLE INC.'S MOTION TO COMPEL FURTHER DISCOVERY AND FOR SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER**<br><br>**Date**:　October 1, 2013<br>**Time**:　10:00 a.m.<br>**Place**:　Courtroom 5, 4th Floor<br>**Judge**:　Hon. Paul S. Grewal |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 3

II. BACKGROUND ............................................................................................................. 4

    A. The Dispute Regarding FRAND Licensing Terms................................................... 4

    B. Apple Produces the Apple-Nokia License Subject to the Protective Order............ 4

    C. Samsung's Repeated Disclosure of the Apple-Nokia and Other License Agreements to Its Licensing Executives and Other Employees ............................ 6

    D. Samsung's Licensing Executive: "All Information Leaks" .................................... 6

    E. Samsung's Failure to Investigate, Quarantine, and Preserve Evidence of Further Violations .................................................................................................. 7

III. LEGAL STANDARD..................................................................................................... 10

IV. ARGUMENT ................................................................................................................. 10

    A. Sanctions Are Warranted ....................................................................................... 10

    B. The Court Should Grant Apple Leave To Take Discovery To Determine The Scope Of The Protective Order Violation...................................................... 12

V. CONCLUSION............................................................................................................... 14

- 1 -

APPLE'S MOTION TO COMPEL FURTHER DISCOVERY AND FOR SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER
Case No. 11-cv-01846 (LHK)

**NOTICE OF MOTION AND MOTION**

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on October 1, 2013 at 10 a.m., or as soon as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 85113, Apple Inc. ("Apple") shall and hereby does move pursuant to Federal Rule of Civil Procedure 37(b)(2) for sanctions for Samsung's admitted violations of the Agreed Upon Protective Order Regarding Disclosure and Use of Discovery Materials entered by the Court on January 30, 2012 ("Protective Order"), for further discovery to determine the full scope of the violations that Samsung has committed, and for remedial action arising from these violations once their full scope is known.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the accompanying declaration of Joseph Mueller; and such other written and oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Pursuant to Federal Rule of Civil Procedure 37(b)(2), Apple seeks (1) an order sanctioning Samsung for violating the Protective Order on multiple occasions by disclosing highly confidential Apple licensing information to more than sixty Samsung employees, including its most senior licensing executives; (2) an order requiring Samsung to provide the discovery described herein; and (3) appropriate remedial action, once the full scope of Samsung's Protective Order violations are known.

**STATEMENT OF ISSUES TO BE DECIDED**

1.   Whether Samsung should be sanctioned for admittedly violating the Protective Order by disclosing Apple's highly confidential information regarding the financial terms of the Nokia, Ericsson, Siemens, and Philips licenses to Samsung

- 1 -

APPLE'S MOTION TO COMPEL FURTHER DISCOVERY AND FOR SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER
Case No. 11-cv-01846 (LHK)

1  employees and others who are not authorized under the Protective Order to have access to
2  such information;
3      2.    Whether Samsung should be ordered to provide further discovery to permit
4  Apple to learn of the full scope of the Protective Order violations; and
5      3.    Whether Samsung should be required to take further remedial action and
6  sanctioned, the precise remedies to be determined once the full scope of the Protective
7  Order violations is known.

Dated: August 23, 2013

*/s/* William F. Lee
William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Harold J. McElhinny (SBN 66781)
(HMcElhinny@mofo.com)
Michael A. Jacobs (SBN 111664)
(MJacobs@mofo.com)
Rachel Krevans (SBN 116421)
rkrevans@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

- 2 -

APPLE'S MOTION TO COMPEL FURTHER
DISCOVERY AND FOR SANCTIONS FOR
VIOLATIONS OF PROTECTIVE ORDER
Case No. 11-cv-01846 (LHK)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

In recent weeks, Samsung has conceded that, over the last 17 months, it committed multiple serious violations of the Agreed Upon Protective Order Regarding Disclosure and Use of Discovery Materials entered by the Court on January 30, 2012 (Docket No. 687) ("Protective Order"), including by disclosing highly confidential Apple licensing information to high-ranking Samsung licensing executives.  Samsung appears not to have taken critical steps to evaluate the full scope of the consequences of these Protective Order violations.  But even without a full accounting, it appears that Samsung employees may have used the improperly disclosed information to their advantage in licensing negotiations.

Some serious form of sanction is therefore warranted, with the precise sanctions dependent on the full facts, once those facts are known.  Apple has tried to obtain more information from Samsung and Samsung's counsel about the scope and consequences of its Protective Order violations, but many important questions remain unanswered.  Apple is working with Samsung to try to reach agreement on the discovery, disclosures, and procedures required to obtain these answers, and Apple will continue to do so.[1]  But given the scope and significance of the Protective Order violations at issue, Apple also requests that the Court grant leave for Apple to take the discovery described herein so that Apple and the Court may determine the full scope of violations that Samsung has committed, and then the appropriate sanctions, including remedial actions tailored to those violations.

---

[1] On August 19, 2013, Samsung and Nokia submitted to the Court, as part of Case No. 12-cv-00630 between Apple and Samsung, a stipulation regarding Samsung's and Nokia's agreed-upon procedures for gathering evidence relating to the improper disclosure of confidential information about the Apple-Nokia agreement.  Apple believes that some of the procedures identified in that stipulation may be appropriate to investigate the scope of Samsung's Protective Order breach described herein, but Apple also believes that further process is required to understand the full factual record.

- 3 -

APPLE'S MOTION TO COMPEL FURTHER DISCOVERY AND FOR SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER
Case No. 11-cv-01846 (LHK)

**Contains Attorneys' Eyes Only Information Subject to Protective Order**

## II. BACKGROUND

### A. The Dispute Regarding FRAND Licensing Terms

In its Counterclaims filed on July 30, 2011, Samsung alleged that Apple infringed seven patents that Samsung declared to the European Telecommunications Standards Institute ("ETSI") to be essential to interoperability with UMTS wireless networks (collectively, "Samsung FRAND Patents"). (Samsung's Answer, Affirmative Defenses, and Counterclaims to Apple's Amended Complaint (Docket No. 80), at pp. 45-52.) Subsequently, Samsung dismissed four of these patents, without prejudice (*see* Docket No. 1880), and the Court granted Apple summary judgment of non-infringement on a fifth (Docket No. 1156). Samsung proceeded to trial on two of these declared-essential patents, U.S. Patent Nos. 7,675,941 ("'941 patent") and 7,447,516 ("'516 patent"). Both were found not infringed by the jury. (Docket No. 1930.) In post-trial motions, the Court upheld the jury's finding of non-infringement, and also granted Apple's JMOL motion of invalidity on the '941 patent. (Docket Nos. 2219, 2220.)

Samsung concedes that it is obligated to license the Samsung FRAND Patents to Apple on fair, reasonable, and non-discriminatory ("FRAND") terms. Apple and Samsung sharply disagree, however, on FRAND terms for the Samsung FRAND Patents. Thus, a central disputed issue in this and the ongoing 12-cv-00630 case has been whether Samsung has failed to comply with its obligation to license the Samsung FRAND Patents on FRAND terms. In this case, Apple asserted claims for breach of contract, antitrust violations, and unfair competition arising out of Samsung's failure to abide by its FRAND obligations. (Apple's Counterclaims in Reply (Docket No. 124), ¶¶ 163-68; 176-93.) At trial, the jury, having determined the patents not infringed, found against Apple on its claims for breach of contract and antitrust violations. (Docket No. 1931.)

### B. Apple Produces the Apple-Nokia License Subject to the Protective Order

- 4 -

APPLE'S MOTION TO COMPEL FURTHER
DISCOVERY AND FOR SANCTIONS FOR
VIOLATIONS OF PROTECTIVE ORDER
Case No. 11-cv-01846 (LHK)

**Contains Attorneys' Eyes Only Information Subject to Protective Order**

The parties engaged in extensive fact discovery from August 3, 2011, to March 8, 2012, including discovery relevant to the parties' dispute regarding licensing of the Samsung FRAND Patents. In response to Samsung's document requests, Apple produced copies of numerous license agreements, including a June 2011 license between Apple and Nokia Corporation. Under the Apple-Nokia license agreement, Apple obtained a license to, *inter alia*, certain patents Nokia had declared to be essential to interoperability with UMTS and other network standards.

Apple considers the terms of its patent licenses to be especially sensitive confidential business information, because knowledge of those terms would provide third parties with unfair bargaining leverage against Apple in future licensing negotiations. (Declaration of Jim Bean (Docket No. 1502), ¶ 9.) Moreover, the Apple-Nokia license required Apple and Nokia not to disclose its terms to others. (*See* Docket No. 996 (Pernick Declaration in Support of Apple's Opposition to Samsung's Motion to Strike, Ex. 28 (Apple-Nokia license)) at ¶ 8.8 ("The Parties will hold this Agreement, its Appendices and its terms and conditions . . . as confidential").)

Accordingly, Apple marked that Apple-Nokia license as "Highly Confidential -- Attorney Eyes' Only" as required by the Protective Order, because neither Apple nor Nokia has ever publicly disclosed the terms of that license. *See, e.g.*, Declaration Of Joseph Mueller In Support Of Apple Inc.'s Motion to Compel Further Discovery and for Sanctions for Violations of Protective Order ("Mueller Decl."), Ex. 1 (Jason Mick, "Apple Fights to Keep Details of Nokia Settlement From the Public," Daily Tech (Oct. 3, 2011)[2] ("Apple opted to enter a cross-licensing agreement, which some estimated could involve hundreds of millions of dollars in licensing payments to Nokia. But here's the interesting thing: Nobody knew what the settlement was worth, as Apple did not disclose it in its legal mandated financial filings.")). In addition, shortly before the start of trial, Nokia

---

[2] *Available at* http://www.dailytech.com/Apple+Fights+to+Keep+Details+of+Nokia+Settlement+From+the+Public/article22909.htm

- 5 -

APPLE'S MOTION TO COMPEL FURTHER DISCOVERY AND FOR SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER
Case No. 11-cv-01846 (LHK)

1  moved to seal the financial terms of the Nokia-Apple license agreement, which the Court
2  granted in-part on August 9, 2012 (Docket No. 1649 at 23 ("the Court GRANTS Nokia's
3  motion with regards to the "Monetary Considerations" column of the summary contained
4  in PX77[.]").)

        **C.**      **Samsung's Repeated Disclosure of the Apple-Nokia and Other License Agreements to Its Licensing Executives and Other Employees**

7        Notwithstanding the highly confidential nature of the Apple-Nokia license terms,
8  and Apple's designation of the Apple-Nokia license as confidential pursuant to the
9  Protective Order, as detailed below, Samsung's outside counsel disclosed specific financial
10 terms of that license and others to over 60 Samsung employees, including its highest-
11 ranking licensing executive, Senior Vice President Seungho Ahn, on multiple occasions.
12       These breaches began seventeen months ago.  On March 24, 2012, Samsung's
13 outside counsel sent Samsung a draft expert witness's report on licensing issues containing
14 highly confidential details of Apple's license agreements, including Apple's licenses with
15 Nokia, Ericsson, Sharp, and Philips.  Mueller Decl., Ex. 2 (Aug. 1, 2013 Ltr. from Robert
16 Becher to Mark Selwyn).  This information was sent thereafter on "several instances" to
17 *over fifty Samsung employees, again including high-ranking licensing executives*.  (*Id.*)
18       Specifically, the expert report on licensing containing Apple's confidential license
19 information was transmitted at least four times between March 24, 2012 and December 21,
20 2012.  (*Id.*)  The timing of the December 21, 2012 transmittal is particularly curious: at that
21 time there was no pending litigation activity to which that expert report would have been
22 relevant.  The trial in this case had concluded in August 2012, five months earlier.

        **D.**      **Samsung's Licensing Executive: "All Information Leaks"**

24       According to the declaration of Nokia's Chief Intellectual Property Officer, Paul
25 Melin, on June 4, 2013, in a meeting between Samsung and Nokia licensing executives,
26 Dr. Ahn informed Nokia that the terms of the Apple-Nokia license were known to him.
27 (Declaration of Paul Melin ("Melin Decl."), ¶ 8 (Docket No. 647 in Case No.

- 6 -

APPLE'S MOTION TO COMPEL FURTHER DISCOVERY AND FOR SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER
Case No. 11-cv-01846 (LHK)

**Contains Attorneys' Eyes Only Information Subject to Protective Order**

12-cv-00630).[3]  Specifically, according to Mr. Melin, Dr. Ahn stated that Apple had produced the Apple-Nokia license in its litigation with Samsung, and that Samsung's outside counsel had provided the Samsung in-house team with the terms of the Apple-Nokia license.  (*Id.*)  Mr. Melin recounted that to prove to Nokia that he knew the confidential terms of the Apple-Nokia license, Dr. Ahn recited the terms of the license, telling Nokia "all information leaks."  (*Id.*)

Mr. Melin also stated that Dr. Ahn and Samsung then proceeded to use his knowledge of the terms of the Apple-Nokia license to gain an unfair advantage in their negotiations with Nokia, by asserting that the Apple-Nokia terms should dictate terms of a Samsung-Nokia license.  (*Id.* at 9.)

> **E.    Samsung's Failure to Investigate, Quarantine, and Preserve Evidence of Further Violations**

Since August 1, 2013, Samsung has informed Apple about multiple unauthorized disclosures of Apple's confidential licensing information, to more than sixty individuals not authorized to view that information under the Protective Order.  (Mueller Decl., Ex. 2.)

After reviewing the notice of Samsung's Protective Order violations, Apple wrote to Samsung, requesting additional details regarding the circumstances and scope of the improper disclosure of its confidential information.  (Mueller Decl., Ex. 3 (Aug. 5, 2013 Ltr. from Mr. Lee to Mr. Becher); Ex. 5 (Aug. 11, 2013 Ltr. from Mr. Lee to Mr. Becher).) Apple requested that Samsung provide the following information:

- The date on which Samsung's counsel learned of Samsung's Protective Order breaches;
- Whether Samsung's counsel had made additional improper disclosures of the Apple-Nokia license terms;
- Whether Samsung conceded that the Apple-Nokia license terms are not public information;

---

[3] Nokia and Samsung have consented to Apple's use and citation of the Melin declaration and Nokia's motion for protective order in Case No. 12-cv-00630 as part of this motion.

APPLE'S MOTION TO COMPEL FURTHER
DISCOVERY AND FOR SANCTIONS FOR
VIOLATIONS OF PROTECTIVE ORDER
Case No. 11-cv-01846 (LHK)

- Whether there are communications with or from Samsung discussing the Apple-Nokia agreement and also Samsung's license negotiations with Apple;

- Whether the Samsung employees to whom the Apple-Nokia license terms were disclosed forwarded that information to others at Samsung or to third parties.

(*Id.*)  Apple also requested (1) production of the communications in which its confidential information is disclosed or discussed, (2) declarations from Samsung's licensing executives regarding their discussions of the Apple-Nokia license terms, and (3) a description of the steps Samsung had taken to quarantine and preserve communications disclosing Apple's confidential information.

Rather than provide the requested information, however, Samsung's initial reaction was to attack Apple for raising further inquiry into Samsung's numerous Protective Order violations.  (Mueller Decl., Ex. 4 (Aug. 9, 2013 Ltr. from Mr. Becher to Mr. Lee).)

On August 13, 2013, counsel for Apple spoke by telephone with counsel for Samsung.  (*Id.* at ¶8.)  During that meet-and-confer conversation, Apple learned that Samsung had not yet begun collecting e-mails that contained or discussed the improperly-disclosed information, other than those that were sent or received by Quinn Emanuel.  (*Id.*)  Accordingly, it appears that:

- No steps have been taken to identify and collect internal Samsung e-mails, or e-mails from Samsung to third parties (other than those on which Quinn Emanuel was copied) discussing the improperly disclosed Apple-Nokia license information (*id.*);

- No log has been created of emails among Samsung employees or from Samsung employees to third parties (again, other than those on which Quinn Emanuel was copied) forwarding the Apple-Nokia license information (*id.*); and

- No searches of the email accounts of Samsung employees who received the Apple-Nokia license information have been performed to determine when and with whom they discussed that information (*id.*);

- 8 -

APPLE'S MOTION TO COMPEL FURTHER DISCOVERY AND FOR SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER
Case No. 11-cv-01846 (LHK)

**Contains Attorneys' Eyes Only Information Subject to Protective Order**

Given that these violations occurred many months ago, and that Samsung has known of them for over seven weeks, Apple has expressed its disappointment that Samsung had failed to take the steps needed to understand the full scope and consequences of Samsung's Protective Order disclosures.  *Id.*.

On August 16, 2013, Samsung's counsel sent an additional letter.  (Mueller Decl., Ex. 6 (Aug. 16 Ltr. from Mr. Becher to Mr. Lee).)  That letter again failed to provide direct answers to the majority of Apple's questions.  For example, rather than confirm that Samsung's counsel has not committed additional protective order violations with respect to Apple's confidential information (or admit that additional violations have occurred), Samsung's August 16 letter dodges the question by debating the meaning of an argument Samsung made in a previous letter.  (*Id.* at 2 ("You next inquire whether the spreadsheet from the action in the Netherlands was shared with more than ten individuals at Samsung, citing to my statement that the spreadsheet was shared with Samsung employees.  But my letter only stated it was shared with 9 individuals at Samsung[.]").)  Likewise, rather than answer Apple's question of whether the confidential terms of the Apple-Nokia license were discussed in communications with Samsung employees that also discuss Samsung's licensing offer to Apple, Samsung's August 16 letter simply points to its submissions to the International Trade Commission and the Commission's determination.  (*Id.*)  Samsung does not deny that Samsung executives tied the two issues together in their communications—precisely the type of harm that the Protective Order is supposed to prevent.

Samsung's August 16 letter also confirmed that, despite knowing of these serious, expansive Protective Order violations for over seven weeks, Samsung has failed to even complete its investigation into their scope, let alone take remedial action.  (*See id.* at 1 ("Please note that my answers are based on the results of our investigation so far and it is ongoing.").)  Moreover, Samsung refuses even to consider certain important discovery

- 9 -

APPLE'S MOTION TO COMPEL FURTHER DISCOVERY AND FOR SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER
Case No. 11-cv-01846 (LHK)

1  procedures—rejecting, for example, any depositions of Samsung personnel in order to
2  discover the full scope of the violations and harm that have occurred.  (*Id.* at 2-3.)

3  **III.    LEGAL STANDARD**

4  Courts have the inherent authority to sanction a party for discovery misconduct
5  even absent a prior court order.  *See, e.g., Unigard Security Ins. Co. v. Lakewood Eng'g &*
6  *Mfg. Corp.*, 982 F.2d. 363, 368 (9th Cir. 1992).  Where a party violates a discovery order,
7  however, Federal Rule of Civil Procedure 37 authorizes a court to impose a broad variety
8  of sanctions, including directing that "designated facts be taken as established for purposes
9  of the action," dismissing an action in whole or in part, "treating as contempt of court the
10 failure to obey any order," and awarding fees or expenses.  *See* Fed. R. Civ. P. 37(b)(2)
11 (authorizing sanctions for failing to obey an order, "including an order under Rule 26(f)");
12 *see also U.S. v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 910 (9th Cir. 1986) ("Rule 37(b)
13 . . . authorizes the district court to impose a wide range of sanctions if a party fails to
14 comply with a discovery order"); *Life Techs. Corp. v. Biosearch Techs., Inc.*, C-12-00852,
15 2012 WL 1600393 (N.D. Cal. May 7, 2012) ("Rule 37 of the Federal Rules of Civil
16 Procedure grants courts the authority to impose sanctions where a party has violated a
17 discovery order, including a protective order issued pursuant to Rule 26(f)") (citations
18 omitted).

19 **IV.    ARGUMENT**

20     **A.    Sanctions Are Warranted**

21 Samsung concedes that Apple confidential licensing information was disclosed to
22 Samsung employees and others in violation of the Protective Order.  It admits that
23 information was improperly supplied to at least sixty Samsung employees, including high-
24 ranking licensing executives.  Samsung further acknowledges that – despite being aware of
25 these Protective Order violations for over a month – it has not fully investigated to what
26 extent each of the Samsung employees distributed or used Apple's confidential licensing
27 information.  Finally, according to the declaration of a Nokia licensing executive (Mr.
28

- 10 -

APPLE'S MOTION TO COMPEL FURTHER
DISCOVERY AND FOR SANCTIONS FOR
VIOLATIONS OF PROTECTIVE ORDER
Case No. 11-cv-01846 (LHK)

**Contains Attorneys' Eyes Only Information Subject to Protective Order**

Melin), Samsung's licensing executives, including Dr. Ahn, have used the improperly disclosed confidential licensing information.  Under these circumstances, sanctions are warranted.  *See, e.g.*, *Life Techs. Corp. v. Biosearch Techs., Inc.*, C-12-00852, 2012 WL 1600393, *11 (N.D. Cal. May 7, 2012) (finding disclosure of proprietary confidential information subject to a protective order was sanctionable).

*First*, the known number and scope of Protective Order violations committed by Samsung is staggering and demonstrates – at a minimum – a broad failure to maintain appropriate procedures to protect the confidential information produced in this case. Beginning in March 2012, Samsung's counsel sent the draft expert report on licensing – containing specific financial terms of Apple's licenses with Nokia, Ericsson, Sharp, and Philips – to more than 50 Samsung employees.  The next month, Samsung's counsel sent the same report to more Samsung employees and to six of its outside litigation counsel in Japan.  Even after trial, Samsung's counsel continued to circulate the same report to Samsung's employees.  Had Samsung and its outside counsel implemented responsible procedures for properly limiting review of redacted materials discussing Apple's confidential information, the scope of the improper disclosures that Samsung admits occurred would have been significantly smaller, if not prevented entirely.

*Second*, even assuming that Samsung's unauthorized disclosures of Apple's confidential information were "inadvertent" on every occasion, Samsung's failure to take immediate and thorough action following the discovery of those breaches to prevent further mishandling of Apple's information is troubling and merits sanctions.  In the *seven weeks* since Samsung allegedly learned of these serious violations, Samsung has apparently not even begun identifying and collecting Samsung e-mails that contained, referred to, or otherwise used the improperly-disclosed information, other than e-mails to or from Quinn Emanuel.  Samsung should be sanctioned for its failure to take appropriate steps to remedy the Protective Order violations that have occurred.

- 11 -

APPLE'S MOTION TO COMPEL FURTHER DISCOVERY AND FOR SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER
Case No. 11-cv-01846 (LHK)

**Contains Attorneys' Eyes Only Information Subject to Protective Order**

*Third*, as reflected by their inadequate response to date, Samsung and Samsung's counsel alone will not timely provide a complete factual record.  Full, complete, and timely investigation and remediation will only occur through formal discovery.

*Fourth,* most troubling of all, Samsung executives appear to have improperly used the Apple confidential licensing information.  While the full extent of that use remains unknown (and should be the subject of further discovery), Mr. Melin's declaration suggests that at least Samsung's most senior licensing executive, Dr. Ahn, used his knowledge of the terms of the Apple-Nokia license in his recent negotiations with Nokia. (Melin Decl., ¶ 8.)  If true, precisely the harm that the Protective Order is supposed to prevent has occurred here, and some form of sanction is needed both as a remedial measure to address that harm and to ensure that such information is not further used improperly in the future.  *See, e.g.*, *Brocade Communs. Sys. v. A10 Networks*, *Inc.*, 2011 U.S. Dist. LEXIS 99932 at *18-19 (N.D. Cal. Sept. 6, 2011) (imposing sanctions where party disclosed confidential information in violation of protective order).

### B. The Court Should Grant Apple Leave To Take Discovery To Determine The Scope Of The Protective Order Violation

As detailed above, despite being aware since at least July 2, 2013, that serious breaches of the Protective Order occurred, and despite these breaches having taken place in some cases almost 18 months ago, Samsung has failed to take a variety of the most basic steps to limit the harm caused by its repeated improper disclosures of Apple's licensing information.  Among other failures, Samsung has not determined in how many instances the Apple confidential information was further forwarded or communicated by Samsung employees to others.  Affidavits have not been obtained from those employees regarding their use and dissemination of the Apple confidential information.  Having not begun to identify and collect the relevant emails, Samsung necessarily could not have taken any steps to retrieve and quarantine this information.

- 12 -

APPLE'S MOTION TO COMPEL FURTHER DISCOVERY AND FOR SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER
Case No. 11-cv-01846 (LHK)

Relatedly, because Samsung has failed to take these basic steps, further investigation and fact-finding are needed to understand the full scope of the violations that occurred.  For example, the following questions remain wholly unanswered:

- Other than in the Nokia negotiations, how has Apple's confidential licensing information been used by Samsung employees or others who were not entitled to receive it?

- What is the identity of <u>every</u> person who received Apple's confidential information in violation of the Protective Order?

- Did knowledge of the Apple-Nokia licensing terms or Apple's other licensing terms influence Samsung during its license negotiations with Apple?

- What steps are being taken to ensure that Samsung employees – such as Dr. Ahn – who now possess Apple's confidential licensing information are not in a position to further misuse it?

- What discussions occurred inside Samsung regarding Apple's confidential licensing information?

- What discussions occurred between Samsung and Samsung's outside counsel regarding Apple's confidential licensing information?

- What, if any, safeguards did Samsung have in place to ensure compliance with the Protective Order?

- What, if any, safeguards has Samsung introduced since these Protective Order violations occurred to ensure that they do not happen again?

These and other important questions can only be answered through some form of a limited discovery by Apple.  Specifically, Apple seeks an order that Samsung and Samsung's counsel be required to provide Apple with the following discovery, within 45 days:

1. Production of the e-mails listed on Attachment A to Samsung's August 1 letter regarding its Protective Order violations in this case (Mueller Decl., Ex. 2);

2. Production of all e-mails and other communications sent or received since March 24, 2012 by the Samsung employees who improperly received Apple's confidential information (more specifically, the Samsung employees listed in the attachments to

- 13 -

APPLE'S MOTION TO COMPEL FURTHER DISCOVERY AND FOR SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER
Case No. 11-cv-01846 (LHK)

Samsung's August 1 letter (*see* Mueller Decl., Ex. 2)), to the extent that they relate to Apple's licenses with Nokia, Ericsson, Sharp, and Philips;

    3.    Declarations from Seungho Ahn, Kenneth Korea, Clayton Kim, Jae Wan Chi, Seongwoo Kim, and all other Samsung employees who have participated, directly or indirectly, in license negotiations with Apple, that describe all communications they have had since March 24, 2012, regarding Apple's licenses with Nokia, Ericsson, Sharp, and Philips, including the dates of such discussions and the names of all participants in such discussions.

    4.    A Rule 30(b)(6) deposition of the person most knowledgeable at Samsung about the violations;

    5.    A Rule 30(b)(6) deposition of the person most knowledgeable at Quinn Emanuel about the violations; and

    6.    A deposition of Seungho Ahn.

Apple also believes that certain aspects of the procedure to which Nokia and Samsung stipulated to resolve Nokia's Motion for Protective Order in Case No. 12-cv-00630 may be appropriate and useful to help determine the scope of Samsung's Protective Order breach and the extent to which Samsung misused Apple's confidential licensing information. However, this process would only result in a log of relevant documents—and Apple seeks the ***production*** of those documents, or, at a minimum, an appropriate process for *in camera* review.

Following the completion of this discovery, when the full impact of Samsung's Protective Order violations are better known, Apple intends to apply for further sanctions.

## V. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court order appropriate sanctions after allowing Apple leave to conduct discovery regarding the extent and nature of the violations of the Protective Order committed by Samsung in this case.

- 14 -

APPLE'S MOTION TO COMPEL FURTHER DISCOVERY AND FOR SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER
Case No. 11-cv-01846 (LHK)

**Contains Attorneys' Eyes Only Information Subject to Protective Order**

Dated:  August 23, 2013

/s/ William F. Lee
William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

Harold J. McElhinny (SBN 66781)
(HMcElhinny@mofo.com)
Michael A. Jacobs (SBN 111664)
(MJacobs@mofo.com)
Rachel Krevans (SBN 116421)
rkrevans@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: ( 415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

- 1 -

APPLE'S MOTION TO COMPEL FURTHER
DISCOVERY AND FOR SANCTIONS FOR
VIOLATIONS OF PROTECTIVE ORDER
Case No. 11-cv-01846 (LHK)

**Contains Attorneys' Eyes Only Information Subject to Protective Order**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on August 23, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5-1.

                                                      */s/* Mark D. Selwyn
                                                     Mark D. Selwyn

- 2 -

APPLE'S MOTION TO COMPEL FURTHER
DISCOVERY AND FOR SANCTIONS FOR
VIOLATIONS OF PROTECTIVE ORDER
Case No. 11-cv-01846 (LHK)