# EXHIBIT 3
# (FILED UNDER SEAL)

Contains Highly Confidential-Attorneys' Eyes Only Information
Subject to Protective Order

WILMERHALE

William F. Lee

+1 617 526 6556 (t)
+1 617 526 5000 (f)
william.lee@wilmerhale.com

August 5, 2013

Robert Becher, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re:   **Apple Inc. v. Samsung Electronics Co., No. 11-cv-1846 LHK (PSG)**

Dear Rob:

I write regarding Samsung's violation of the Protective Order in the above-referenced case, which Samsung disclosed for the first time on August 1, 2013 in your letter to Mark Selwyn.

We are deeply troubled by the nature and extent of the violation. It appears that Apple's confidential licensing information was disclosed to more than sixty individuals not covered by the Protective Order, including (i) more than fifty Samsung employees, (ii) numerous attorneys at two of Samsung's outside law firms in Japan and Italy, and (iii) a foreign court. The Samsung employees include numerous Samsung competitive decision-makers, including Seungho Ahn, Seongwoo Kim, Jae Wan Chi, Kenneth Korea, and Clayton Kim, who have been the central participants for Samsung in license negotiations with Apple.

Your letter does not provide any indication of when Quinn Emanuel or Samsung became aware of the breach, but it is apparent that the first breach occurred more than sixteen months ago. Your letter provides no reason for this substantial delay in notifying Apple of this series of serious breaches. The highly confidential nature of the licensing information surely was self-evident to all the recipients. In addition, while your letter states that the Quinn Emanuel attorneys who sent the e-mails were unaware that the information regarding the various Apple license agreements was non-public, there were apparently dozens of other Quinn Emanuel attorneys who were recipients on the same e-mails. We take from the letter's silence on this point that some or all of these other Quinn Emanuel attorneys were aware that the information regarding these Apple license agreements is highly confidential.

Also absent from your letter is any representation that the highly confidential information has not been used by Samsung or the recipients. It is impossible for us to conclude that the information has not been used by Samsung to the detriment of Apple, and possibly other parties, in license negotiations and in litigation. Indeed, it appears likely that Samsung has misused this information as part of its campaign—in this case and elsewhere—to falsely portray Apple as a so-called "unwilling licensee."

In light of the foregoing, we demand a more detailed accounting of the violation by Samsung. As a preliminary matter, we demand the following, no later than August 9, 2013:

WILMERHALE

Robert Becher, Esq.
August 5, 2013
Page 2

1. Production of all e-mails and other communications sent or received since March 24, 2012 by the Samsung recipients of the e-mails listed in Attachment A, to the extent that they relate to Apple's licenses with Nokia, Ericsson, Sharp, and Philips.

2. Declarations from Seungho Ahn, Seongwoo Kim, Kenneth Korea, Jae Wan Chi, Clayton Kim, and all other Samsung employees who have participated, directly or indirectly, in license negotiations with Apple that describe all communications they have had since March 24, 2012 regarding Apple's licenses with Nokia, Ericsson, Sharp, and Philips, including the dates of such discussions and the names of all participants in such discussions.

3. Copies of each of the e-mails listed on Attachment A to your letter.

4. A 30(b)(6) deposition of the person most knowledgeable regarding the violation.

5. Quinn Emanuel conduct an audit of its communications with Samsung to identify whether other breaches of the Protective Order have occurred.

Sincerely yours,

*/s/ William F. Lee*

William F. Lee

WFL:le

ActiveUS 113885189v.1