# EXHIBIT 4
# (FILED UNDER SEAL)

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3182

WRITER'S INTERNET ADDRESS
robertbecher@quinnemanuel.com

August 9, 2013

**CONTAINS INFORMATION DESIGNATED
HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY**

<u>VIA EMAIL</u>

William F. Lee, Esq.
Wilmer Cutler Pickering Hale & Dorr
60 State Street
Boston, Massachusetts 02109

Re:   <u>Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)</u>

Dear Bill:

  I write in response to your letter of August 5, 2013. As a initial matter, Quinn Emanuel and Samsung take this inadvertent disclosure very seriously, and we are continuing to investigate the matter.

  The statements in your letter about the nature of the information that was inadvertently disclosed and its alleged value to Samsung are misleading. Apple ignores the fact that many details of its license with Nokia were reported in the press. For example, it was publicly reported that the settlement involved a €500 million upfront payment and a €100 million payment for the rest of the year 2011. *See, e.g.*, Jay Yarrow, "Apple Paying Nokia $715 Million Upfront to Settle Patent Dispute, Estimates Analyst," *Business Insider*, Jun. 15, 2011, at http://www.businessinsider.com/nokia-apple-settlement-2011-6 (reporting Apple would make a €500 million upfront payment with an additional €100 million payment for the rest of the year); Angus Robertson, "Apple Patent Settlement With Nokia May Spur More Claims," *Seeking Alpha*, Jun. 16, 2011, at http://seekingalpha.com/article/275265-apple-patent-settlement-with-nokia-may-spur-more-claims (same).

  Apple also voluntarily permitted the terms of ten of its licenses, including all of the information regarding its licenses with Nokia, Ericsson, Sharp, and Sharp/Philips that was

quinn emanuel urquhart & sullivan, llp

NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS

**CONTAINS INFORMATION DESIGNATED
HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY**

inadvertently disclosed, to be viewed by Samsung employees. On February 23, 2012, Apple filed a pleading in the litigation between Apple and Samsung in the Netherlands that attached a spreadsheet listing the terms of many of Apple's licenses with third parties, including its licenses with Nokia, Ericsson, Sharp, and Sharp/Philips. Although the spreadsheet did not identify the parties to the license agreements with Apple, the spreadsheet listed only one license with the ██████████████████████████████████████████████ The spreadsheet also contained all of the inadvertently disclosed information regarding Apple's licenses with Ericsson, Sharp and Sharp/Philips, although it did not identify the parties to each license. Apple authorized Samsung's outside counsel to view this spreadsheet and also permitted nine Samsung employees to view the spreadsheet, including two of the Samsung employees you refer to as "Samsung competitive decisionmakers": Jae Wan Chi, Executive Vice President, Licensing, and former Licensing Director, Clayton Kim.

   In your letter, you also state that it "appears likely" that Samsung has misused information regarding the license agreements between Apple and Nokia, Ericsson, Sharp, and Sharp/Philips to "falsely portray" Apple as an unwilling licensee. The International Trade Commission concluded, based on a largely undisputed record of the parties' negotiations, that Apple was an unwilling licensee, so there is nothing false about such a claim. The Commission Opinion found that "Apple has no intention of paying Samsung any royalties until after the conclusion of litigation" and that "Apple's position illustrates the potential problem of so-called reverse patent hold-up. . . ." Commission Opinion, at 62-63. Not only is your claim incorrect, but the inadvertent disclosure of terms of the licenses between Apple and Nokia, Ericsson, Sharp, and Sharp/Philips is irrelevant to Apple's refusals to negotiate in good faith. Indeed, nowhere did the Commission cite or rely on these licenses in finding that Apple had acted inappropriately in its dealings with Samsung.

   With regard to the demands set forth in your letter, Samsung is certainly willing to entertain reasonable requests that are consistent with the requirements of the Agreed Upon Protective Order Regarding Disclosure and Use of Discovery Materials ("Protective Order"). But your deadline of August 9, 2013 is not reasonable, especially in light of the precautions that we must take to ensure our investigation does not result in any further viewing of the inadvertent disclosures by persons who are not supposed to have access, and the logistics involved in taking further action.

   Turning to your first request, we are willing to prepare a log listing the authors and recipients of any emails sent within Samsung that forwarded or replied to the emails from Quinn Emanuel to Samsung that are listed in Attachment A to Samsung's letter. In addition, we are willing to further consider your request for copies of the emails listed in Attachment A to our letter, in redacted form. As reflected in the descriptions of the emails in Attachment A, the list consists of emails protected by the attorney-client privilege and work product doctrine. However, your request for the emails listed in Attachment A does not address the privileged nature of the emails or provide any specific terms for the production that would ensure that all applicable privileges are not waived. Nor do you offer to stipulate that the production of the

**CONTAINS INFORMATION DESIGNATED**
**HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY**

emails would not be deemed a waiver of any privilege governing the documents. As a result, we will need you to provide more details regarding the terms that would govern any such disclosure.

With respect to your request that Quinn Emanuel conduct an audit of its communications with Samsung, Quinn Emanuel has already carefully examined its emails concerning the partially redacted report of Samsung's expert Dr. David J. Teece that was served on March 22, 2012 in the above-referenced matter. To the extent you are requesting an audit of all of Quinn Emanuel's communications with Samsung, we do not believe that is reasonable or warranted.

Your request for various depositions of Samsung personnel and a deposition of a 30(b)(6) witness regarding the inadvertent disclosures is overreaching. Paragraph 18 of the Protective Order specifically addresses the possibility of inadvertent disclosure and does not provide for such intrusive discovery.

We look forward to your response and to working with you to bring this issue to a resolution.

Very truly yours,

*[signature]*

Robert J. Becher

RJB:wp

02198.51855/5457081.5