UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE INC., a California Corporation, | ) | Case No. 5:11-cv-01846-LHK (PSG) |
| Plaintiff, | ) ) | **ORDER DENYING NOKIA'S MOTION TO COMPEL** |
| v. | ) ) | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) | **(Re: Docket No. 2988)** |
| Defendants. | ) ) | |

Earlier today the court held a hearing on third-party Nokia Corporation's Motion to Compel Information for Remediation.[1] At issue is the continued and improper presence of Nokia's confidential business information in Samsung's custody or control.[2] The lengthy background of this dispute is by now well-known, at least to anyone who cares about such things.

---

[1] *See* Docket Nos. 2988, 3060.

[2] *See* Docket No. 2988.

1
Case No. 5:11-cv-01846-LHK (PSG)
ORDER DENYING NOKIA'S MOTION TO COMPEL

The oral argument today was one of the most helpful events in this drawn-out saga. At bottom, Nokia's counsel articulated its ongoing concern that Samsung has not completely identified and destroyed any and all vestiges of its confidential business information from places and people where it does not belong. To assuage that concern, Nokia seeks the production of a log of all documents located through the use of the search terms it negotiated with Samsung, or, in the alternative, the production of the documents themselves. In response, Samsung's counsel represented to the court that the only such remaining vestiges are those authorized by a foreign court of competent jurisdiction (e.g. an anonymized spreadsheet created in the Netherlands litigation with Apple's consent and at the Dutch court's invitation). Unsatisfied by this representation, Nokia insists on, at the very least, a sworn declaration by Samsung's electronic forensics vendor Stroz Friedberg, the firm responsible for hunting down the insufficiently redacted information in ill-fated Teece report no matter where the trail led.

Nokia is in the right, but only up to a point. In light of the court's personal involvement in reviewing documents in this dispute, the undersigned is not persuaded that Samsung need undertake the burden of logging and producing documents as Nokia suggests. The court has a different idea. No later than 30 days after the end of trial in the related 12-630 case, Mr. John Quinn himself shall serve and file a sworn declaration confirming the representations made in court today by his firm about the status of Nokia confidential license information. If he can make such representations under penalty of perjury, and as an officer of this court, Nokia will have all the assurances to which it is entitled. If Mr. Quinn is unwilling or unable to do so, the court will entertain a renewed Nokia motion.

**IT IS SO ORDERED.**

Dated: April 1, 2014

*[signature]*

PAUL S. GREWAL
United States Magistrate Judge