RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
XAVIER M. BRANDWAJN (Ca. Bar No. 246218)
Xavier.brandwajn@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:   650-838-2000
Facsimile:    650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (pro hac vice)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:   404-881-7000
Facsimile:    404-881-7777

Attorneys for NOKIA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.:  5:11-CV-01846-LHK (PSG)<br><br>**NOKIA CORPORATION'S RESPONSE TO SAMSUNG'S MOTION FOR AUTHORIZATION TO SUBMIT DEPOSITION TRANSCRIPTS OF PAUL MELIN AND EEVA HAKORANTA TO THE ITC**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>Date: April 22, 2014<br>Time: 10:00 am<br>Judge: Hon. Paul S. Grewal<br>Place: Courtroom 5, 4th Floor |

NOKIA CORPORATION'S RESPONSE TO SAMSUNG'S MOTION FOR
AUTHORIZATION TO SUBMIT DEPOSITION TRANSCRIPTS OF
PAUL MELIN AND EEVA HAKORANTA TO THE ITC

CASE NO.:  5:11-CV-01846-LHK (PSG)

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  FACTUAL BACKGROUND ............................................................................................. 2

III. SAMSUNG CANNOT ESTABLISH THAT THE PROTECTIVE ORDER SHOULD BE MODIFIED TO ALLOW FOR THE SUBMISSSION OF THESE TRANSCRIPTS, BECAUSE THAT MODIFICATION WOULD BE UNFAIRLY PREJUDICIAL TO NOKIA ............................................................................................................................... 2

IV.  NOKIA WOULD BE PREJUDICED BY THE SUBMISSION OF THESE TRANSCRIPTS TO THE ITC BECAUSE THESE DEPOSITIONS WERE TAKEN FOR A LIMITED PURPOSE, AND BECAUSE NOKIA ACQUIESED TO THEM IN RELIANCE ON THE PROTECTIVE ORDER IN THIS CASE ................................................................... 3

   A.   The Depositions Were For A Limited Purpose. ................................................. 3

   B.   Nokia Cooperated With These Depositions In Reliance On The Protective Order In This Case ........................................................................................................ 3

V.   NOKIA'S FEAR OF PREJUDICE IS JUSTIFIED BECAUSE SAMSUNG HAS DEMONSTRATED THAT IT IS MORE INTERESTED IN ATTACKING THE CHARACTER OF NOKIA'S EMPLOYEES THAN IN SEARCHING FOR THE WHOLE TRUTH ABOUT THE JUNE 4 MEEETING ................................................................. 4

   A.   Samsung Has Consistently Misrepresented This Deposition Testimony. .......... 4

   B.   Samsung's Actions Betray Their Claim That They Seek The Truth About The June 4th Meeting. ................................................................................................ 6

   C.   Samsung's Own Statement Contradicts Its Claims That Nokia CBI Is Essential For Its Ongoing Use. ....................................................................................................... 7

   D.   Samsung Can, And Should, Use Established Commission Mechanisms To Obtain Any Nokia Materials Deemed Necessary For The ITC Action. ........................... 7

   E.   Nokia Has No Means To Protect Itself And Its Employees Should This Court Allow Standard ITC Procedures To Be Disregarded. .................................................... 8

VI.  SAMSUNG'S ARGUMENTS REFUTING ANY PREJUDICE TO NOKIA ARE WRONG 9

VII. SAMSUNG'S ALTERNATIVE ATTEMPT TO UNDERMINE THE CONFIDENTIALITY OF THESE DEPOSITIONS AND TO SUBMIT THEM TO THE ITC IS PROCEDURALLY AND FACTUALLY FLAWED ............................................................................... 11

   A.   The Protective Order Lays Out A Procedure For De-Designating Confidential Material And Samsung Has Not Followed That Procedure. ........................................ 11

   B.   The Depositions, Which *Even Samsung* Designated As "Highly Confidential – Attorney's Eyes Only", Remain Highly Confidential, And Should Not Be Submitted To The ITC Without Nokia's Consent. ........................................................................... 12

VIII. CONCLUSION ................................................................................................................ 13

NOKIA CORPORATION'S RESPONSE TO SAMSUNG'S MOTION
FOR AUTHORIZATION TO SUBMIT DEPOSITION TRANSCRIPTS
OF PAUL MELIN AND EEVA HAKORANTA TO THE ITC

1

CASE NO.: 5:11-CV-01846-LHK (PSG)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
 966 F.2d 470 (9th Cir. 1992) ........................................................................................... 2, 3

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
 331 F.3d 1122 (9th Cir. 2003) ............................................................................................. 2

**RULES**

Federal Rule of Civil Procedure 24 ................................................................... 9, 10, 11, 12, 14

**REGULATIONS**

(19 C.F.R. § 210.32) ........................................................................................................ 6, 7, 8

**OTHER AUTHORITIES**

*Certain Elecs. Devices Including Mobile Phones and Tablet Computers, and Components Thereof*,
 Inv. No. 337-TA-847 (Aug. 3, 2012) ................................................................................ 8, 9

*Certain Integrated Circuit Devices and Products Containing the Same*,
 Inv. No. 337-TA-873 (Mar. 25, 2013) ................................................................................... 8

*Certain Wireless Decides Including Mobile Phones and Tablets II*,
 Inv. No. 337-TA-905 (Feb. 6, 2014) ...................................................................................... 8

Hague Conference on Private International Law,
 March 18, 1970, 23 U.S.T 2555, 847 U.N.T.S. 23 ....................................................... 4, 5, 6, 7

NOKIA CORPORATION'S RESPONSE TO SAMSUNG'S MOTION
FOR AUTHORIZATION TO SUBMIT DEPOSITION TRANSCRIPTS
OF PAUL MELIN AND EEVA HAKORANTA TO THE ITC

2

CASE NO.: 5:11-CV-01846-LHK (PSG)

I. INTRODUCTION

Samsung's motion for authorization to submit the deposition transcripts of Nokia's employees to the U.S. International Trade Commission ("ITC" or "Commission") should be denied. The deposition transcripts of Mr. Paul Melin (Dkt. No. 2838-7) ("Melin Dep.") and Ms. Eeva Hakoranta (Dkt. No. 2838-10) ("Hakoranta Dep.") were designated Highly Confidential – Attorneys' Eyes Only under the Protective Order in this case (Dkt. No. 687) ("Protective Order"), and remain Highly Confidential as to Nokia. Submission of those transcripts to the ITC in connection with Investigation 337-TA-794 ("ITC Action") is contrary to the terms of that Protective Order, is not necessary for Samsung's briefing in that Action, and would unfairly prejudice Nokia's interests.

What Samsung argues for is not in fact "authorization" but a modification of this Court's Protective Order—a modification which is not justified because Samsung's needs do not outweigh the resulting prejudice to Nokia. As the Court has recognized, Nokia is the victim in this proceeding. It has been forced to come to court to protect its Confidential Business Information ("CBI"). It has been forced to invest time and resources to attempt to understand the extent of the dissemination of its CBI. Nokia witnesses sat for depositions in reliance on the Protective Order in this case. And, after all of that, Samsung has repeatedly mischaracterized the resulting testimony and unfairly attacked the credibility of Nokia's witnesses. Now Samsung wants authorization to take Nokia's CBI into further litigation where Nokia has no means to police both Samsung's and Samsung's counsel's compliance with the terms of yet another protective order and their expected mischaracterization and misuse of Nokia's confidential testimony. Empowering Samsung to attack Nokia's employees again, in an action in which Nokia cannot protect its essential interests, is substantial prejudice. Samsung also argues that the deposition transcripts are no longer confidential—an argument that is both procedurally and factually flawed. Finally, Nokia has offered to compromise in an effort to avoid litigation on this issue, but Samsung has been unwilling to do so. Samsung's refusal to compromise and its prior mishandling of Nokia's CBI only suggests to Nokia that the risk of Samsung's misuse of these deposition transcripts is, unfortunately, great.

NOKIA CORPORATION'S RESPONSE TO SAMSUNG'S MOTION
FOR AUTHORIZATION TO SUBMIT DEPOSITION TRANSCRIPTS
OF PAUL MELIN AND EEVA HAKORANTA TO THE ITC

1

CASE NO.:  5:11-CV-01846-LHK (PSG)

## II.     FACTUAL BACKGROUND

During the course of this Court's investigation into Samsung's mishandling of Nokia's CBI, this Court allowed Samsung limited time to depose Nokia employees (Dkt. No. 2689 at 4). Both Mr. Melin and Ms. Hakoranta, Finnish residents residing in Finland, appeared for deposition voluntarily. The resulting depositions were subject to the Protective Order in this case. After hearing the testimony during those depositions, the parties, including Samsung, independently designated them Highly Confidential – Attorney's Eyes Only (*e.g.* Hakoranta Dep. at 69:23-70:12).

Now, in contravention of the terms of that Protective Order, Samsung seeks to submit those deposition transcripts in another case in which Nokia is not a party, which would make it difficult, if not impossible, for Nokia to defend its interests in that matter (Dkt. No. 3037-3). Neither of Samsung's discernable arguments for doing so—that the Court should modify the Protective Order, and that the transcripts are not confidential—justify this Court's allowance of Samsung's proposed submission.

## III.    SAMSUNG CANNOT ESTABLISH THAT THE PROTECTIVE ORDER SHOULD BE MODIFIED TO ALLOW FOR THE SUBMISSSION OF THESE TRANSCRIPTS, BECAUSE THAT MODIFICATION WOULD BE UNFAIRLY PREJUDICIAL TO NOKIA

Section ¶ 23(f) of the Protective Order contemplates that this Court may modify the Protective Order: "Modification by Court. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice" (Dkt. No. 687 at ¶ 23). This power is not unlimited and must also balance the interests of the parties who oppose modification. The Ninth Circuit, for example, has clarified that a Protective Order should not be modified if the "reliance interest of the party opposing modification" outweighs the interests favoring modification. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003). A court should not allow for modification of a Protective Order allowing discovery where an opposing party would be "unfair[ly] prejudiced" by that modification. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). This Court is tasked then with a careful review of the various interests and potential prejudices which might result from such a decision. As explained further below, the prejudice to Nokia is significant, permanent and

NOKIA CORPORATION'S RESPONSE TO SAMSUNG'S MOTION FOR AUTHORIZATION TO SUBMIT DEPOSITION TRANSCRIPTS OF PAUL MELIN AND EEVA HAKORANTA TO THE ITC

2

CASE NO.: 5:11-CV-01846-LHK (PSG)

1  unaddressed by Samsung's motion.  More specifically, the prejudice arises from the context in which
2  the depositions were taken (an investigation of Samsung's wrongdoing), Samsung's previous misuse
3  of the deposition testimony and Nokia's inability to participate in the ITC Action.

IV.  **NOKIA WOULD BE PREJUDICED BY THE SUBMISSION OF THESE TRANSCRIPTS TO THE ITC BECAUSE THESE DEPOSITIONS WERE TAKEN FOR A LIMITED PURPOSE, AND BECAUSE NOKIA ACQUIESED TO THEM IN RELIANCE ON THE PROTECTIVE ORDER IN THIS CASE**

A.  **The Depositions Were For A Limited Purpose.**

This Court ordered the depositions of Mr. Melin and Ms. Hakoranta for the limited purpose of aiding the determination of sanctions for Samsung's and Quinn Emanuel's violations of the Protective Order in this case (Dkt. No. 2689 at 4) (allowing discovery for Samsung in "order to fully prepare" its briefs).  This "limited discovery" allowed depositions on two subjects: (1) to what extent Nokia kept its license agreement terms with Apple confidential, and (2) what occurred and was said at the June 4, 2013 meeting with Samsung employees attended by Mr. Melin and Ms. Hakoranta (*Id.*).  Notably, both of these topics directly involved Nokia's CBI: specifically, Nokia's confidential license terms with Apple, and Nokia's confidential negotiation strategy with Samsung.

[redacted]

Now, Samsung seeks to use the deposition transcripts in the above-referenced ITC Action for a purpose that has nothing to do with Samsung's ability to brief this case, or with resolving Samsung's Protective Order violations in this case.

B.  **Nokia Cooperated With These Depositions In Reliance On The Protective Order In This Case.**

Nokia's confidential license terms with Apple and Nokia's confidential negotiation strategy with Samsung remain highly confidential to Nokia.  When Nokia agreed to the taking of depositions on these two topics, it relied on the Protective Order's "Highly Confidential" designation (Dkt. No.

NOKIA CORPORATION'S RESPONSE TO SAMSUNG'S MOTION
FOR AUTHORIZATION TO SUBMIT DEPOSITION TRANSCRIPTS
OF PAUL MELIN AND EEVA HAKORANTA TO THE ITC

3

CASE NO.:  5:11-CV-01846-LHK (PSG)

687 at 3-4). The language of the Protective Order is clear: "All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitations any other litigation . . ." (*Id*. at 5).

Nokia would not have acquiesced to the depositions of its employees without the above protections. For example, given that its employees reside abroad, in Finland, they or Nokia could have chosen to invoke the procedures laid out in the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. Hague Conference on Private International Law, March 18, 1970, 23 U.S.T 2555, 847 U.N.T.S. 23 (requiring a "Letter of Request" to be sent to a foreign Contracting State to initiate the obtaining of evidence in that State).

Nor was Nokia's production of these witnesses one piece in a larger series of discovery, which happened to encompass the subject matter of the depositions. The depositions related to the very subject that forced Nokia into this litigation in the first place: the disclosure of Nokia's confidential license terms with Apple (*see* Dkt. No. 2843 at 1-4). Nokia's acquiescence to these depositions was thus based on the Court's assurances that its Protective Orders would be enforced (*Id*. at 1) ("Yet time and again, the court assuages those fears [of the leak of confidential information] with assurances that a protective order will keep the information out of the competitor's hands").

Because Nokia relied on the Protective Order in this case in agreeing to these depositions, and because of their limited purpose, Samsung cannot now submit these depositions in an ITC Action clearly outside the scope of this Court's Protective Order.

V.  **NOKIA'S FEAR OF PREJUDICE IS JUSTIFIED BECAUSE SAMSUNG HAS DEMONSTRATED THAT IT IS MORE INTERESTED IN ATTACKING THE CHARACTER OF NOKIA'S EMPLOYEES THAN IN SEARCHING FOR THE WHOLE TRUTH ABOUT THE JUNE 4 MEEETING**

A. **Samsung Has Consistently Misrepresented This Deposition Testimony.**

In briefing and in hearings, Samsung has consistently misrepresented Mr. Melin's testimony. In briefing, Samsung has dubbed Mr. Melin's statements "conclusory," "untrue," and "discredited" (Dkt. No 2871-3 at 6). Samsung refers to Mr. Melin's declaration as "conjecture," and lacking "factual basis" (Dkt. No. 2835-4 at 16-17). While not daring to go so far as to claim that Mr. Melin

1  perjured himself, Samsung unfairly and wrongly attacks "his credibility" (Dec. 9, 2013 Hr'g Tr.

2  28:9-12). By painting his testimony as "completely different" from his declaration, and emphasizing

3  that only six months had elapsed between the declaration and the deposition, Samsung questioned

4  not only Mr. Melin's memory but, seemingly, his intentions (*Id*., at 27:16-28:16). Nokia defended

5  Mr. Melin's declaration at length during the December 9, 2013 hearing and in subsequent briefing,

6  and will continue to do so at every turn (Dkt. No. 2872-5 at 4).

7       As an example, during the December 9, 2013 hearing Samsung quoted Mr. Melin during the

8  hearing as saying: ████████████████████████████████████

9  ████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████

17 ██████████ Instead of recognizing the totality of Mr. Melin's testimony, Samsung selectively

18 quoted the text to create an apparent contradiction where, in fact, none existed. Even if this blatant

19 mischaracterization of Mr. Melin's testimony is just zealous advocacy, it cannot be permitted to

20 proceed unchecked.

21      Nokia does not seek to relitigate the December 9, 2013 hearing in this motion, but hopes

22 instead that the Court will recognize that, if Samsung were allowed to make the same arguments to

23 the ITC that it did to this Court, Nokia's counsel would have no means to defend against such a

24 character attack in a forum where Nokia regularly litigates and where Mr. Melin appears as a

25 witness.[1]

---

[1] Nokia understands that the Court, too, reviewed Mr. Melin's declaration and deposition testimony closely (Dec. 9, 2013 Hr'g Tr. at 87:2-7). Nokia is confident that this Court recognized that the answers given by Mr. Melin are shaped by the style of the questions asked and his good faith attempt

NOKIA CORPORATION'S RESPONSE TO SAMSUNG'S MOTION
FOR AUTHORIZATION TO SUBMIT DEPOSITION TRANSCRIPTS
OF PAUL MELIN AND EEVA HAKORANTA TO THE ITC

5

CASE NO.: 5:11-CV-01846-LHK (PSG)

**B. Samsung's Actions Betray Their Claim That They Seek The Truth About The June 4th Meeting.**

Samsung's questioning during the depositions of Mr. Melin and Ms. Hakoranta was not designed to elicit the truth of what happened during the June 4, 2013 meeting as much as it was designed to obfuscate what actually happened. ████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

██████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

to answer them. In the event that the Court had questions or concerns, Nokia counsel stood prepared to answer those questions, or if necessary submit additional evidence. Nokia will have no such opportunity in the ITC. Should the Court grant this motion and forgo the standard mechanism the ITC provides for the collection of third party information (19 C.F.R. § 210.32), Nokia would be denied any assurances that it would have the same opportunity to respond in this manner at the Commission.

NOKIA CORPORATION'S RESPONSE TO SAMSUNG'S MOTION FOR AUTHORIZATION TO SUBMIT DEPOSITION TRANSCRIPTS OF PAUL MELIN AND EEVA HAKORANTA TO THE ITC

6

CASE NO.: 5:11-CV-01846-LHK (PSG)

1
2
3
4

### C. Samsung's Own Statement Contradicts Its Claims That Nokia CBI Is Essential For Its Ongoing Use.

Samsung's claim that it is unable to defend itself is contradicted by its own representations. Immediately before making the claim that these depositions are the "only way" for Samsung to defend itself, Samsung quotes this Court's Order Granting Sanctions for its holding on whether Nokia's CBI was used by Samsung in negotiations between Samsung and Nokia (*Id*.). Samsung is free to use that public Order in its defense. Samsung also argues that "much of the content of the deposition transcripts has already been made public" (*Id*. at 4 n. 3). Even though this statement is another gross mischaracterization of the actual facts, since Samsung apparently believes this to be the case, it is free to cite to any such truly public content in its defense. Further, Samsung could defend itself by using the massive discovery it collected in defense of this Court's imposition of sanctions and delivered *in camera* to the Court—including "more than 20,000 pages of documentary evidence, along with over 5500 pages of declarations" (Dkt. No. 2935 at 3 n. 12). Nokia has not seen any of this discovery, but presumes from Samsung's having submitted it to this Court that it may bear on some of the issues for which Samsung claims to need Nokia's confidential deposition transcripts.

### D. Samsung Can, And Should, Use Established Commission Mechanisms To Obtain Any Nokia Materials Deemed Necessary For The ITC Action.

Samsung argues that the "only way to ensure Samsung is able to fairly defend itself" is to allow for the submission of the depositions of Mr. Melin and Ms. Hakoranta in the ITC Action (Dkt. No. 3037-3 at 1). Even if those transcripts were deemed necessary to resolve the ITC Action, which Nokia disputes, that decision is solely within the purview of the Commission. The Commission has not dealt with this question. Thus, not only is the present motion misdirected, it is also premature.

Moreover, there is a well-established mechanism at the ITC to collect such information should the Commission wish to have it. Specifically, 19 C.F.R. § 210.32 allows the ITC to issue

NOKIA CORPORATION'S RESPONSE TO SAMSUNG'S MOTION
FOR AUTHORIZATION TO SUBMIT DEPOSITION TRANSCRIPTS
OF PAUL MELIN AND EEVA HAKORANTA TO THE ITC

7

CASE NO.: 5:11-CV-01846-LHK (PSG)

discovery subpoenas to non-parties, which would cover deposition transcripts. In fact, this provision is the most common means of obtaining information from third parties in Section 337 investigations. There is nothing stopping Samsung from submitting an application at the ITC for a subpoena requesting those transcripts. Should Nokia receive such a request, it would have all the rights and obligations of any recipient of an ITC-issued third party subpoena. Requiring Samsung to use this recognized provision to pursue the production of the Nokia transcripts in question would allow the ITC to manage its own case, determine what evidence it wants to hear, and protect the rights of Nokia in relation to the information sought. Samsung has offered no basis whatsoever, let alone a compelling one, for this Court to flout the standard and effective procedures of another judicial body. Respectfully, Nokia asks the Court to give deference to those procedures.

### E. Nokia Has No Means To Protect Itself And Its Employees Should This Court Allow Standard ITC Procedures To Be Disregarded.

As Samsung acknowledges, Nokia is not a party to the ITC Action. Thus, it has no sure means to defend the reputation of the company or its employees against accusations in that matter should this Court allow standard ITC procedures to be disregarded. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ So, too, has Nokia participated in those investigations (*Id*.) (*See, e.g. Certain Elecs. Devices Including Mobile Phones and Tablet Computers, and Components Thereof,* Inv. No. 337-TA-847, Order No. 3 (Aug. 3, 2012); *Certain Integrated Circuit Devices and Products Containing the Same*, Inv. No. 337-TA-873, Order No. 2 (Mar. 25, 2013); *Certain Wireless Devices Including Mobile Phones and Tablets II*, Inv. No. 337-TA-905, Order No. 5 (Feb. 6, 2014)). As discussed above, there are indications that Samsung will malign and misrepresent the deposition testimony at issue. In any context, this would be concerning to Nokia. But here it would be particularly harmful, as neither Nokia nor its counsel would have access to confidential filings at the Commission and, thus, no visibility into the manner in which Samsung would use those deposition transcripts. Attacks aimed at undermining the credibility of Nokia and Mr. Melin at the ITC, where both are likely to appear again, should not be allowed when Nokia has no means to refute such attacks.

In a superficial effort to ignore this prejudice, Samsung bemoans that at no time after Apple's

NOKIA CORPORATION'S RESPONSE TO SAMSUNG'S MOTION
FOR AUTHORIZATION TO SUBMIT DEPOSITION TRANSCRIPTS
OF PAUL MELIN AND EEVA HAKORANTA TO THE ITC

8

CASE NO.: 5:11-CV-01846-LHK (PSG)

submission of Mr. Melin's declaration to that Court did "Nokia seek to intervene or otherwise participate in the ITC matter" (Dkt. No. 3037-3 at 2).[2]  It is far from clear that Nokia could intervene in that action, even if it so desired.  The test for intervention in ITC actions is guided by Federal Rule of Civil Procedure 24, which requires an intervening party to "claim[] an interest relating to the property or transaction which is the subject of the action."  *Certain Elecs. Devices Including Mobile Phones and Tablet Computers, and Components Thereof*, Inv. No. 337-TA-847, Order No. 3 (Aug. 3, 2012).  While Nokia maintains, and will continue to maintain, that it possesses a vital interest in protecting the integrity of the testimony from Mr. Melin and Ms. Hakoranta—testimony provided voluntarily for a limited purpose far different from Samsung's intended use—there is a risk that this type of interest, though critical, would not be deemed one "relating to the property or transaction which is the subject of the [ITC] action."  Nokia should not have to assume that risk, not to mention the added costs associated therewith, especially when there are other customary means by which Samsung can obtain the same information in a manner that does not require Nokia to waive all control over its witnesses' testimony.  Without any guaranteed protections for Nokia in the ITC Action, Samsung should not be granted free reign to use Nokia's protected material in that investigation.

## VI. SAMSUNG'S ARGUMENTS REFUTING ANY PREJUDICE TO NOKIA ARE WRONG

Samsung cites Judge Koh's October 26, 2012 Order Permitting Cross-Use of Discovery Materials while arguing that the submission of Mr. Melin's and Ms. Hakoranta's deposition transcripts causes Nokia no such prejudice (Dkt. No. 3073-3 at 4 n. 3).  However, that Order resulted from a fundamentally different situation than this one: Samsung's request to use materials submitted by Apple in Case No. 12-cv-00630 in a filing opposing Apple in the present litigation (Dkt. No.

---

[2] Samsung also argues that, because Nokia did not object to Apple's submission of Mr. Melin's June 2013 declaration to the ITC, Nokia has no grounds on which to object to Samsung's submission of Mr. Melin's deposition transcript (and by some unexplained bootstrapping theory, that of Ms. Hakoranta) (Dkt. No. 3037-5).  But that declaration dealt with the misuse of Apple's CBI as well as Nokia's.  Nokia was in no position to deny Apple the evidence of the misuse of Apple's CBI.  Apple did not evidence any intent to unfairly mischaracterize the testimony or attack the credibility of Nokia's witnesses.  Nokia did not feel that it or its employees would be in any way prejudiced such that it could refuse Apple's request to bring forth evidence of the misuse of Apple's CBI.

1  2093). The Court found that, even though the Protective Order in the 630 case prevented use of
2  disclosed material in "any other litigation," it would modify that Order to allow for cross-use in this
3  case (*Id*. at 2). Apple's use differs from Samsung's current request in at least five ways.

4  First, Apple presented no evidence at that time showing "how the use sought [] is materially
5  different from the uses to which the parties have already agreed" (*Id*. at 2). Nokia does not know,
6  and Samsung refuses to disclose, all the ways Samsung intends to use the requested deposition
7  transcripts in the ITC Action. Nokia thus cannot present evidence of a "materially different" use.
8  When Nokia asked Samsung to consider alternatives, ████████████████████████████████
9  ████████████████████████████████████████████████████████████████████████████████
10 ████████████████ Samsung instead filed the present motion (Dkt. No. 3073-5 at 2); (Declaration of
11 Ryan W. Koppelman In Support Of Nokia's Response Re: Motion For Authorization To Submit
12 Deposition Transcripts [] To The ITC ("Koppelman Decl."), Ex. 1 ██████████████████
13 ████████████████████████████████████████████████████████████████████████████████
14 ████████████████████████████████████████ Second, Apple did not previously show "how
15 the introduction of its own documents could possibly cause Apple prejudice" (Dkt. No. 2093 at 3).
16 As described above, allowing Samsung free reign to use Nokia's protected material to attempt to
17 attack the credibility of its employees in a litigation to which Nokia has no access or means of
18 defense certainly causes Nokia prejudice.

19 Third, Apple had a clear means of defending itself against Samsung's use of its documents—
20 Judge Koh emphasized the remaining time Apple had to file a Reply Brief to respond to Samsung's
21 use of its material (Dkt. No. 2093 at 2). In contrast, not being a party to the ITC action, Nokia has
22 no means of witnessing, much less responding to, Samsung's proposed use of the deposition
23 transcripts. Fourth, unlike in the previous situation, the cross-use provisions of the Protective Order
24 fundamentally recognize that in situations like the one at hand, Samsung should not be permitted to
25 use these depositions transcripts in the ITC Action. The Protective Order allows for documents
26 produced in the ITC Action to be used and referenced in the present action. However, the cross-use
27 provision does "not extend to cross-use of confidential materials produced by third parties in such
28 matters" (Dkt. No. 687 at ¶ 22). Thus, even the Protective Order recognizes that a Court should be

1  more hesitant to allow for cross-use of third party materials than for those materials, like those
2  involved in Judge Koh's previous decision, produced by a party to this litigation.

3    Finally, the substantial prejudice to Nokia from this request stems from something
4  fundamentally different from the situation underlying Judge Koh's prior Order: months of litigation
5  resulting from the requesting party's extensive misappropriation of the opposing party's CBI.  Nokia
6  need not rehash the widespread circulation of its CBI in the hands of Samsung (Dkt. No. 2935 at 13).
7  But the mere fact that it happened should weigh against any argument that allowing Samsung to use
8  Nokia's Protected Material in another proceeding does not constitute substantial prejudice to Nokia.

### VII. SAMSUNG'S ALTERNATIVE ATTEMPT TO UNDERMINE THE CONFIDENTIALITY OF THESE DEPOSITIONS AND TO SUBMIT THEM TO THE ITC IS PROCEDURALLY AND FACTUALLY FLAWED

#### A. The Protective Order Lays Out A Procedure For De-Designating Confidential Material And Samsung Has Not Followed That Procedure.

13   While Samsung did not formally move to de-designate these transcripts under the Protective
14  Order, their motion addresses the designation, at least superficially.  The Protective Order in this
15  action lays out the precise procedure a party should follow should it wish to object to the designation
16  of protected material (Dkt. No. 687 at ¶ 13).  When the parties disagree on such de-designation, the
17  objecting party may bring a motion to the Court requesting de-designation of protected material (*Id.*
18  at ¶ 13(b)(ii)).  In the meantime, however, such protected material "shall continue to be treated as
19  designated" until the party asserting protection withdraws that protection in writing, or the Court
20  rules on the designation (*Id.* at ¶ 13(b)(iii)).

21   Instead of following these procedures, Samsung argues in a footnote of its most recent
22  "Motion for Authorization" that select quotations of Mr. Melin's deposition at a hearing on
23  December 9, 2013 take the whole of the transcripts out of the protection of the Protective Order
24  (Dkt. No. 3037-3 at 4 n. 3).  This argument ignores the plain requirements of the Protective Order.

25  [REDACTED]
26  [REDACTED]
27  [REDACTED]
28  [REDACTED] The Protective

1  Order requires that, "[a]ny challenge to a designation of Discovery Material under this Order shall be
2  written, shall be served on outside counsel for the Producing Party, shall particularly identify the
3  documents or information that the Receiving Party contends should be differently designated, and
4  shall state the grounds for the objection" (Dkt. No. 687 at ¶ 13(b)). █████████████████
5  ████████████████████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████████████████████
8      Second, the issue of the confidentiality of the deposition, ████████████████
9  ███████████████████████████ is a red herring to this discussion.  Samsung has not
10 moved to de-designate the transcript.  Samsung has moved for leave to take them to the ITC.  The
11 pseudo-challenge to the confidentiality of the depositions is particularly troublesome when viewed in
12 light of the totality of the proceedings in this Court.  After Samsung and Quinn Emanuel have spread
13 Nokia's CBI all over the globe, in violation of the Protective Order, they were authorized to take
14 limited deposition testimony under this Court's Protective Order (Dkt. No. 2689 at 4).  They used
15 that opportunity to ask far ranging questions about Nokia's licensing program, rates, and negotiation
16 strategy.  Now, with this pseudo-challenge to a confidentiality designation that they previously and
17 independently requested, they argue that Nokia's answers to their questions should be made public.

18  **B. The Depositions, Which *Even Samsung* Designated As "Highly Confidential
19     – Attorney's Eyes Only", Remain Highly Confidential, And Should Not Be
        Submitted To The ITC Without Nokia's Consent.**

20     Samsung's superficial challenge to Nokia's designation is further incorrect because it is
21 contradictory to Samsung's previous positions. █████████████████████████████
22 ████████████████████████████████████████████████████████████████████████
23 ████████████████████████████████████████████████████████████████████████
24 ████████████████████████████████████████████████████████████████████████
25 ████████████████████████████████████████████████████████████████████████
26 ████████████████████████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████████████████████████
28 ██████████████████████████████████████████████████████████████    When

NOKIA CORPORATION'S RESPONSE TO SAMSUNG'S MOTION
FOR AUTHORIZATION TO SUBMIT DEPOSITION TRANSCRIPTS
OF PAUL MELIN AND EEVA HAKORANTA TO THE ITC

12

CASE NO.: 5:11-CV-01846-LHK (PSG)

Samsung wished only to elicit information from Nokia's employees, Samsung agreed that such information was confidential. Now, despite the lack of any change of circumstances, and absent any effort by Samsung to follow the Protective Order's procedures for attempting to de-designate confidential information, Samsung argues just the opposite. But these depositions remain both designated, and in fact remain, highly confidential.

The limited references on the record to Mr. Melin's depositions do not place the confidential nature of that deposition—much less the deposition of Ms. Hakoranta, which is not referenced at all—in jeopardy. Samsung argues that "much of the content of the deposition transcripts has already been made public in Court orders and hearing transcripts" (Dkt. No. 3037-3 at 4 n. 3). Its first cite for this proposition is to an Order more than a month before the depositions were taken (Dkt. No. 2483). Its second cite is to pages 2 and 6 of this Court's Order Granting Motion for Sanctions. On those pages, the Court did not cite to Mr. Melin's testimony, but only to his previously filed declaration (Dkt. No. 2935 at 2, 6). Samsung's cites to the December 9, 2013 hearing also do not impact the continuing confidentiality of those transcripts. Samsung cites to a total of 38 lines of testimony citing Mr. Melin's deposition from that hearing—out of three thousand and eighty seven lines of testimony that day (Dkt No. 3037-3 at 4 n. 3; Dec. 9, 2013 Hr'g Tr. at 3:4-134:16). None of these 38 lines even reference Ms. Hakoranta's deposition.

The Court should further note that even though the parties had both designated Mr. Melin's deposition Highly Confidential, Samsung's counsel read from the deposition in open court in yet another violation of the Protective Order (Dec. 9, 2013 Hr'g Tr. at 27:17-23; at 32:21-25). Nokia had no choice but to complete the record as there was no indication that supplemental briefing would be permitted. That Samsung should now claim that the material is public because they read it aloud—and profit from yet *another* violation of the Protective Order—is additional evidence of why Nokia opposes this motion.

The confidentiality of the depositions has not been properly challenged, is irrelevant to this Motion, and should not be considered.

**VIII. CONCLUSION**

Instead of allowing the ITC to manage its own docket, or using the ample alternative means

1 it has to defend itself in the ITC, Samsung attempts to defend itself using the Highly Confidential
2 deposition transcripts of Nokia witnesses.  This use violates the point of the Protective Order in this
3 case and substantially prejudices Nokia's interests.  ████████████████████████████
4 ████████████████████████████████████████████████████████████
5 ████████████████████████████████████████████████████████████
6 ████████████████████████████████████████████████████████████
7 ████████████████████████████████████████████████████████████
8 ████████████████████████████████████████████████████████████
9 ████████████████████████████████████████████

10        Nokia will not agree to Samsung's proposed submission of these transcripts unless it has
11 some assurance that it can police the use of its CBI and the reputation of its employees in the ITC.
12 Nokia asks the Court to deny Samsung's request to use the depositions transcripts of Mr. Melin and
13 Ms. Hakoranta in the ITC Action, or to order Samsung to take reasonable steps to compromise by
14 allowing Nokia to oversee that use prior to filing.

16 DATED: April 1, 2014                    Respectfully submitted,

17                                          ALSTON & BIRD, LLP

18                                          */s/ Ryan W. Koppelman*
19                                          RANDALL L. ALLEN
                                            RYAN W. KOPPELMAN
20                                          XAVIER M. BRANDWAJN

21                                          *Attorneys for Non-Party Nokia*
22                                          *Corporation*

1   I hereby certify that on April 1, 2014, I electronically filed the foregoing **NOKIA CORPORATION'S RESPONSE TO SAMSUNG'S MOTION FOR AUTHORIZATION TO SUBMIT DEPOSITION TRANSCRIPTS OF PAUL MELIN AND EEVA HAKORANTA TO THE ITC** with the Clerk of Court using the CM/ECF system, which will automatically send email notification to the parties and counsel of record.

This 1st day of April, 2014.

/s/Ryan W Koppelman
RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
XAVIER M. BRANDWAJN (Ca. Bar No. 246218)
Xavier.brandwajn@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone: 650-838-2000
Facsimile: 650-838-2001

*Attorneys for NOKIA CORPORATION*

CERTIFICATE OF SERVICE   15   CASE NO.: 5:11-CV-01846-LHK (PSG)