1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kathleen M. Sullivan (Cal. Bar No. 242261)
   kathleensullivan@quinnemanuel.com
6  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
10
   William C. Price (Bar No. 108542)
11 williamprice@quinnemanuel.com
   Michael T. Zeller (Cal. Bar No. 196417)
12 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
13 Los Angeles, California 90017
   Telephone: (213) 443-3000
14 Facsimile: (213) 443-3100

15 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
16 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
17

18                UNITED STATES DISTRICT COURT

19        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 20  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 21           Plaintiff, | **SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL APPLE TO PROVIDE INFORMATION REGARDING ITS PUBLIC DISCLOSURES OF CONFIDENTIAL INFORMATION** |
| 22       vs. | |
| 23  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | |
| 24  ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | Date:  April 8, 2014 |
| 25  TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Time:  10:00 am<br>Judge:  Hon. Paul S. Grewal<br>Place:  Courtroom 5, 4th Floor |
| 26           Defendants. | |
| 27 | |
| 28 | |

**Preliminary Statement**

Apple should provide basic information about its repeated, public disclosures of confidential information belonging to Samsung and others, and its arguments otherwise are unavailing. Indeed, Apple essentially concedes—as it must given the positions it has taken against Samsung—the appropriateness of such a line of investigation. Nevertheless, it suggests that no information should be compelled because "Samsung should *already* have the 'transparency' that it now claims to need" based on the discovery the Court previously authorized Samsung to take. (Dkt. 3038 at 5 (emphasis added).) Apple ignores that during the sanctions proceedings against Samsung and Quinn Emanuel, including at the Court-ordered 30(b)(6) deposition of Apple, Apple *never* disclosed that it had publicly filed the terms of the Apple/Nokia license and in fact *denied* that any such disclosure had occurred. Samsung therefore had no opportunity to obtain "transparency" regarding Apple's disclosures of confidential information as part of discovery, and it surely has not obtained any such transparency to date.

Samsung does not seek to prolong these proceedings indefinitely or to reopen factual issues that have already been addressed. Just as Apple successfully urged this Court when it came to Samsung's inadvertent disclosures, however, Samsung is entitled to understand the full scope of Apple's now repeated disclosures of confidential information, as well as how and why those disclosures occurred. Even now, Apple has provided neither this Court nor Samsung any specifics that it has even undertaken a reasonable investigation into those circumstances, let alone provided sufficient information to evaluate its alleged procedures to avoid yet further repetition of its improper disclosures. Furthermore, Apple's positions on the reasonableness of Samsung and Quinn Emanuel's efforts to protect confidential information, which led to a monetary sanctions award against Quinn Emanuel, have put at issue the reasonableness of Apple's own efforts to protect the same assertedly confidential information that Apple itself publicly disclosed for months. That, in turn, is relevant to the amount of fees that are reasonable and just as a sanction against Quinn Emanuel under the circumstances.

Samsung respectfully requests that the Court grant its motion to compel.

**ARGUMENT**

Apple's various arguments to avoid transparency into its repeated disclosures of confidential information and the limited discovery Samsung seeks all fail.

**I.  DISCOVERY SHOULD BE COMPELLED TO DETERMINE IF APPLE VIOLATED THE PROTECTIVE ORDER**

Apple argues that discovery should not be compelled because the information Samsung seeks to discover is not relevant to the sanctions proceedings Apple and Nokia initiated against Samsung and Quinn Emanuel.  (Dkt. 3038 at 2.)  As discussed below, Apple's argument is wrong.  But Apple's argument also ignores that regardless of the information's relevance to Apple's motion for sanctions, the circumstances surrounding Apple's repeated public filings of confidential information are independently relevant to Apple's own handling of confidential information and to Apple's violations of the Protective Order.

Apple does not dispute that on at least two occasions it publicly filed information that had been designated as confidential by Samsung, Google, and others.  While Apple argues that it complied fully with the protective order following these mistaken disclosures, the record shows otherwise.  For example, Apple notified Samsung on November 19, 2013 that it had publicly filed eight documents that contained confidential information of Samsung, Google, Microsoft and Novell.  (Case No. 12-630, Dkt. 964; Dkt. 2835-8.)  At no time did Apple notify Samsung that, even before then, Apple had discovered that it had disclosed Google and potentially Samsung CBI in another public filing on November 5, 2013.  (*See* Dkt. 2835-8 at ¶¶ 6-8.)  It was only after *Samsung* discovered—through its investigation of Apple's November 19 filing—Apple's earlier public filing and then asked Apple about the November 5 filing specifically that Apple acknowledged this earlier instance of publicly disclosing CBI.  (*Id.*)  Even after that, Apple dragged its feet and provided insufficient information about this disclosure, including regarding whether Apple had notified Google, Microsoft, and Novell, and when and whether its discovery of these misfilings caused it to take remedial steps to improve its system or review its prior sealed filings (which could have uncovered its public disclosure of the Apple/Nokia license terms a month earlier in October).  (*Id.* at ¶¶ 11-14.)  Thus, while Apple has represented to the Court that

it took prompt, appropriate action to notify Samsung of Apple's public filings of CBI (Feb. 27, 2014 Hr'g Tr. at 10:13-12:3; *see also* Dkt. 3038 at 5), the opposite is true.   Despite knowing that its November 5 filing had publicly exposed CBI, Apple deliberately withheld that fact from Samsung and confessed to that disclosure only after Samsung discovered it and asked Apple about it.

Apple also argues that its public filing of the Apple/Nokia license terms "did not implicate the protective order at all," and thus could not have violated it, because Apple was entitled to share its own confidential information with the world by filing it on PACER.   (Dkt. 3038 at 2-3.) Apple is wrong.   Although the Protective Order permits a party to disclose its own confidential information, it explicitly states that "a Producing Party may not disclose its own Protected Material to the extent such Protected Material is also the Protected Material of any other party . . . without the prior consent of such other party, unless compelled to do so by a Court of competent jurisdiction."   (Dkt. 687 at 7.)[1]   Apple provides no evidence that it obtained NEC's or Nokia's consent before publicly disclosing information they designated as CBI under the Protective Order. Indeed, Nokia has unequivocally argued in the course of its pursuit of sanctions against Samsung that the terms of its license with Apple are "highly confidential and extremely sensitive" (Dkt. 1328 at 2), and that the public disclosure of those terms "would significantly harm Nokia's ability to negotiate future licenses . . . ."   (Dkt. 2872 at 2.)   NEC has likewise claimed confidentiality over the terms of the Apple/NEC license that Apple publicly filed.   (*See* Dkt. 3013 at 1 ("NEC considers its licensing terms, especially the licensing terms in the NEC-Apple License Agreement, highly confidential because this information is not disclosed to the public or to any third party except under strict confidentiality agreements.").)   Accordingly, Apple's argument that its

---

[1] The Protective Order covers non-party CBI.   "Producing Party" is defined as "any Party or non-party entity that discloses or produces any Discovery Material in this case."   (Dkt. 687 at 3.) "Protected Materials" means "any Discovery Material that is designated as 'CONFIDENTIAL,' 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,' OR 'HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' 'EYES ONLY – SOURCE CODE,' as provided for in this Order." (*Id.*)   "Discovery Material" means "all items or information, including from any non-party . . . that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case."   (*Id.*)

conduct does not implicate the protective order has no merit.

In addition to lacking merit, Apple's argument does not justify its refusals to provide transparency.  Because Apple's disclosures of the Nokia and NEC license terms are part of a larger pattern of Apple public filings that has included *Samsung's* CBI, Samsung has a legitimate interest in obtaining a full and fair inquiry into the circumstances of these disclosures.  From the onset of the sanctions proceedings against Samsung and Quinn Emanuel, Apple has argued that it is not simply the particular information at issue that matters, but rather the need to ensure parties and non-parties alike that the Protective Order is complied with and the confidentiality of their information will be respected.  (Oct. 22, 2013 Hr'g Tr. at 4:22-5:9; *see also* Dkt. 2410-2 at 1:5-9 ("Reliance on protective orders and the diligence of counsel in observing them is fundamental to litigation between competitors . . . ."  (internal quotations omitted).)  In those proceedings, Apple argued vigorously that Quinn Emanuel and Samsung should be sanctioned because they did not have a sufficient process in place to ensure that mistakes of this sort did not occur.  (*See*, *e.g.*, Dkt. 2838-3 at 8.)  Apple also urged that discovery was essential so that it could "understand the full scope of the violations that occurred" and learn about the "safeguards" Samsung had in place to ensure "compliance with the Protective Order" and that "these Protective Order violations . . . do not happen again[.]"  (Dkt. 2374-2 at 13.)  Just as Nokia and NEC have entrusted their confidential information to Apple, so has Samsung.  And just as Apple has argued that it is entitled to information about the true scope of CBI disclosures and the adequacy of procedures that resulted in such disclosures, so is Samsung.

There is ample reason to suspect that Apple's and Apple's counsel's procedures were, and potentially remain, deficient and non-compliant with the Protective Order.  Apple has publicly filed Samsung and others' CBI on repeated occasions now; Apple failed to inform Samsung of its November 5 public filing of CBI even after Apple learned of it; and according to Apple's claims, Apple failed to discover its public filing of Nokia and NEC license terms for some four months.  Indeed, there is ample reason to believe that Apple has not even undertaken a proper investigation into the true scope and extent of its public disclosures of CBI.  Not only does Apple refuse to give Samsung meaningful information about any such investigation, but Apple erroneously represented

1  to the Court and Samsung that its purported "investigation" had turned up no further dissemination
2  of Apple's public filing of the Nokia and NEC license terms, when in reality that information was
3  *still* publicly available.  (*See* Dkt. 3000-1.)
4        In short, Apple's conduct has implicated the Protective Order and may have violated it.
5  Apple should be required to give appropriate transparency so that both Samsung and the Court
6  may have a full understanding of the scope and circumstances of that conduct.

7  **II.  DISCOVERY SHOULD BE COMPELLED TO DETERMINE THE AMOUNT OF SANCTIONS AGAINST QUINN EMANUEL THAT ARE JUST AND REASONABLE**

9        Apple's arguments that the information Samsung seeks is irrelevant to the sanctions
10  proceedings that Apple and Nokia initiated against Samsung and Quinn Emanuel are unavailing as
11  well.
12        *First*, Apple contends that its own repeated public filings of confidential information—
13  done while Apple was aggressively pursuing sanctions against Samsung and Quinn Emanuel—are
14  of no relevance to its own request for sanctions because its disclosures occurred after Quinn
15  Emanuel's disclosures.  (Dkt. 3038 at 1-2.)   Regardless of the time when the parties' respective
16  disclosures occurred, Apple's disclosures of confidential information, including of the very same
17  information that Quinn Emanuel inadvertently disclosed, are relevant to the appropriateness of the
18  amount of sanctions imposed against Quinn Emanuel, and to whether such sanctions should be
19  reduced in light of Apple's conduct.  *See* Fed. R. Civ. P. 37(b)(2)(C) & Notes of Advisory
20  Committee on Rules—1970 Amendment, Subdivision (a)(4) (court has discretion to reduce
21  awards where "circumstances make an award of expenses unjust," including when the prevailing
22  party bringing a sanctions motion "also acted unjustifiably").   As noted earlier, Apple itself has
23  argued that sanctions against Quinn Emanuel and Samsung should be imposed because they did
24  not have a sufficient process in place to ensure that mistaken disclosures of CBI did not occur.
25  (*See*, *e.g.*, Dkt. 2838-3 at 8.)   Apple and its counsel's own processes and procedures for ensuring
26  the protection of confidential information in a case of this size and complexity are surely
27  "relevant" to a determination of the reasonableness of Quinn Emanuel's processes and procedures
28

1  in the very same litigation (and even of the very same information) and thus the amount of
2  sanctions that should be awarded.

3       ***Second***, Apple argues that discovery regarding Apple's procedures for protecting the
4  confidentiality of the terms of the Apple/Nokia license is unnecessary because of earlier discovery.
5  Specifically, Apple contends that Samsung "already had the opportunity to probe that topic at
6  length pursuant to the Court's November 8, 2013 Show Cause Order—which allowed Samsung to
7  take up to 10 hours of depositions from Apple, including on the specific issue of '[t]o what extent
8  did Apple keep the terms of its license agreements with Nokia, Ericsson, Phillips, and Siemens
9  confidential,'" and thus that "**Samsung should already have the 'transparency' that it now**
10  **claims to need.**"  (Dkt. 3038 at 5 (emphasis added).)   This argument is misleading and ironic.
11  Samsung agrees that in the course of the Court-ordered discovery, and particularly at the
12  November 20, 2013 deposition of Apple's 30(b)(6) designee, Jeffrey Risher, Apple ***was obligated***
13  ***by Court Order to provide*** information about its own public filing of the terms of the Apple/Nokia
14  license.   Indeed, as Apple admits, this incident related directly to the topic on which Mr. Risher
15  was ordered to testify.   But rather than disclose this incident and permit Samsung to examine him
16  about it, Mr. Risher said nothing about it at all.   Instead, he testified that the Apple/Nokia license
17  is "among the group of licenses that are—that have very limited restricted access" and that the
18  "number of people who had access to the Nokia license agreement . . . was very, very small.   A
19  handful."   (Nov. 20, 2013 Risher Dep. Tr. at 125:11-20.)   Yet, at the time Mr. Risher testified but
20  he did not disclose, Apple had made the Apple/Nokia license terms publicly available on PACER
21  and on the Internet for the whole world to see.   (*See* Dkt. 3000-1 at ¶¶ 2-3.)   Nor had Mr. Risher
22  even attempted to undertake a proper investigation into Apple's handling of that information to
23  testify about it, such as by reviewing Apple's prior filings of that information or even inquiring of
24  Apple's outside counsel.   (*See, e.g.*, Nov. 20, 2013 Risher Dep. Tr. 69:15-70:7 (indicating lack of
25  investigation).)   Accordingly, Apple's argument that Samsung has "already" obtained the
26  "transparency" it seeks is belied by the record.   If anything, the fact that this Court ordered
27
28

discovery on this topic but Apple failed to provide it supports the appropriateness of the discovery Samsung now seeks.[2]

***Third***, Apple argues that its repeated "mistaken" disclosures of confidential information are irrelevant to the appropriateness of the sanctions issued against Quinn Emanuel because "isolated inadvertent disclosures" are excusable.  (Dkt. 3038 at 3-4.)   Again, Apple's argument is inconsistent with the fact of Apple's repeated public filings of CBI.   It is also impossible to reconcile with its prior accusations against Samsung and Quinn Emanuel, including its position that "too many" disclosures are not excusable because they evidence an endemic failure to adequately protect the confidentiality of information designated as such under a protective order. (Dkt. 2374-2 at 11.)   Whether or not Apple's repeated disclosures of confidential information at the very time Apple was seeking sanctions against Samsung are entirely "excusable," both on their own behalf and in combination, remains to be seen.   But that can be fairly judged only once Apple provides sufficient information about those disclosures, which Apple to date refuses to do. It is also unavailing for Apple to insist that the Court and Samsung simply "take its word for it" after Apple obtained extensive discovery to investigate the circumstances surrounding Samsung and Quinn Emanuel's inadvertent disclosures.   As a matter of fundamental fairness, Samsung is entitled to discovery regarding Apple and its counsel's disclosures and their systems for protecting confidential information.[3]

---

[2]   Furthermore, as Apple ignores, some information that Samsung requests did not exist when discovery was on-going in the sanctions proceeding against Samsung and Quinn Emanuel and thus could not have been obtained as part of that process.   For example, because Apple did not notify Nokia and NEC about Apple's public disclosure of their license terms until after that discovery concluded, Samsung could not have inquired into the subject of the communications between Apple, Nokia and NEC regarding the disclosure.   Yet, Apple still refuses to provide such information.

[3]   Apple argues that the fact that none of the parties noticed the CBI contained in the October 2013 filing for four months is "not evidence of anything beyond confirmation of the buried nature of the inadvertent disclosure."  (Dkt. 3038 at 3.)   But Samsung's failure to identify earlier Apple's disclosure of CBI (particularly in light of the claims made by Apple's 30(b)(6) witness under oath) do not absolve Apple's mishandling of CBI, either as a matter of logic or under the terms of the Protective Order.   Indeed, Apple's point is inconsistent with Apple's own arguments that Samsung and Quinn Emanuel were negligent for not having discovered their inadvertent disclosures earlier than they did.

**CONCLUSION**

For the foregoing reasons, Samsung respectfully requests that its motion be granted.

DATED:   March 25, 2014

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Michael T. Zeller*
Charles K. Verhoeven
Kathleen M. Sullivan
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

## ATTESTATION

I, Victoria F. Maroulis, am the ECF User whose ID and password are being used to file this Declaration.   In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Michael T. Zeller has concurred in this filing.

Dated:   March 25, 2014                              By:   */s/ Victoria F. Maroulis*
                                                                          Victoria F. Maroulis

-9-                                    Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL APPLE TO PROVIDE INFORMATION REGARDING ITS PUBLIC DISCLOSURES OF CONFIDENTIAL INFORMATION