1              IN THE UNITED STATES DISTRICT COURT

2            FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                      SAN JOSE DIVISION

4

5

    APPLE, INC.,                    )   CV-11-1846-LHK
6                                    )
                    PLAINTIFF,       )   SAN JOSE, CALIFORNIA
7                                    )
              VS.                    )   APRIL 8, 2014
8                                    )
    SAMSUNG ELECTRONICS, CO. LTD.,   )   PAGES 1-25
9    ET AL,                          )
                                     )
10                  DEFENDANT.       )

11

12                 TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE PAUL S. GREWAL
13                UNITED STATES DISTRICT JUDGE

14

15   A P P E A R A N C E S:

16   FOR THE PLAINTIFF:     WILMER HALE
                            BY:  MARK SELWYN
17                               JOE MUELLER
                            950 PAGE MILL ROAD
18                          PALO ALTO, CA 94304

19

    FOR THE DEFENDANT:     QUINN EMANUEL
20                          BY:  MICHAEL ZELLER
                                 RACHEL KASSABIAN
21                          555 TWIN DOLPHIN DRIVE, 5TH FL
                            REDWOOD SHORES, CA 94065

22

23   PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY, TRANSCRIPT
    PRODUCED WITH COMPUTER.

24

25   OFFICIAL COURT REPORTER:     SUMMER FISHER, CSR, CRR
                                 CERTIFICATE NUMBER 13185

```
 1     SAN JOSE, CALIFORNIA                    APRIL 8, 2014
 2                    P R O C E E D I N G S
 3        (WHEREUPON, COURT CONVENED AND THE FOLLOWING PROCEEDINGS
 4     WERE HELD:)
 5              THE CLERK:  CALLING APPLE, INC. VERSUS SAMSUNG
 6     ELECTRONICS, ET AL.  CASE NUMBER CV-11-1846-LHK.
 7            MATTER ON FOR SAMSUNG'S MOTION TO COMPEL.
 8            PLEASE STATE YOUR APPEARANCES.
 9              MR. ZELLER:  GOOD MORNING, YOUR HONOR.
10      MIKE ZELLER FOR SAMSUNG.
11              MS. KASSABIAN:  RACHEL KASSABIAN FOR SAMSUNG.
12              THE COURT:  GOOD MORNING.
13              MR. SELWYN:  GOOD MORNING, YOUR HONOR.
14      MARK SELWYN ON BEHALF OF APPLE, AND WITH ME TODAY IS MY
15      PARTNER JOE MUELLER.
16              THE COURT:  GOOD MORNING TO EACH OF YOU.
17          ALL RIGHT.  WELL, THE GIFT THAT KEEPS ON GIVING.  WHY
18      DON'T WE TALK ABOUT THE MOTION BEFORE THE COURT THIS MORNING
19      WHICH IS SAMSUNG'S MOTION TO COMPEL.
20          MS. KASSABIAN, MR. ZELLER, I'M NOT SURE WHO IS GOING TO
21      SPEAK TO THIS, BUT I WOULD LIKE TO HEAR FROM YOU.
22          MUST NOT ALL GOOD THINGS COME TO AN END, MR. ZELLER, AND
23      WHY HAVING CROSSED ALL THE GAUNTLETS THAT YOU CROSSED, DO YOU
24      WANT TO OPEN UP THIS CAN OF WORMS YET AGAIN?
25              MR. ZELLER:  IT'S A FAIR QUESTION.
```

1        AND IT IS CERTAINLY NOT OUR INTENTION TO PROLONG THE

2   PROCEEDINGS, IT IS NOT OUR INTENTION TO OPEN UP A CAN OF WORMS.

3        THE PROBLEM WE HAVE HERE IS, IS THAT WE DON'T EVEN HAVE

4   THE MOST BASIC ASSURANCE FROM APPLE OR ITS COUNSEL THAT THIS

5   INFORMATION ON THESE THREE EPISODES WERE NOT FURTHER

6   DISSEMINATED, WERE NOT USED OR FURTHER RECEIVED BY APPLE.  WE

7   JUST DON'T HAVE THAT ASSURANCE AT ALL.

8        THE COURT:  THE THREE EPISODES WE ARE TALKING ABOUT,

9   JUST TO REVIEW THE BIDDING, ARE ONE EPISODE IN OCTOBER 2013 AND

10  TWO EPISODES IN NOVEMBER; IS THAT CORRECT?

11        MR. ZELLER:  THAT'S CORRECT.

12        SO SPECIFICALLY THERE WAS ONE, OCTOBER 10TH 2013, THERE

13  WAS ONE ON NOVEMBER 5TH, 2013, AND THEN THERE WAS A THIRD ONE

14  ON NOVEMBER 19TH, 2013.

15        AND IN AT LEAST THE ONE INSTANCE, THE NOVEMBER 19TH

16  EPISODE, THERE WERE EIGHT SEPARATE CBI DOCUMENTS THAT WERE

17  PUBLICLY FILED BY APPLE, FIVE OF WHICH WERE SAMSUNG.

18        SO AS YOU CAN SEE, THIS IS SOMETHING THAT HAS SOME SCOPE

19  TO IT HAS HAPPENED REPEATEDLY.

20        AND FRANKLY, WE HAVEN'T GOTTEN THE MOST BASIC

21  INFORMATION.

22        THE COURT:  MR. ZELLER, NOT TO NIT PICK, BUT AS TO

23  THE LATTER TWO INCIDENTS THOSE WERE ACTUALLY SUBMISSIONS IN THE

24  12-630 CASE, CORRECT?

25        MR. ZELLER:  THEY ARE, THAT'S CORRECT.

1      THE COURT:  SO NOT STRICTLY SPEAKING, THE 11-1846

2    CASE THAT WE ARE HERE ON THIS MORNING, CORRECT?

3      MR. ZELLER:  WELL, I THINK, THEY DID NOT OCCUR IN

4    THAT CASE, BUT I THINK THEY HAVE RELEVANCE HERE, YOUR HONOR.

5      WHICH IS AGAIN ADDRESSING OUR CONCERN THAT WE DON'T HAVE

6    ASSURANCES FROM APPLE IN ANY FORM AND CERTAINLY NOT UNDER OATH

7    THAT THE CBI WAS NOT FURTHER USED OR DISSEMINATED OR RECEIVED

8    BY APPLE.

9      AND INDEED IT'S NOT EVEN, I SUSPECT THE ANSWER TO THIS IS

10    NO FROM APPLE.  BUT THEY HAVE NEVER EVEN SAID THEY LOOKED INTO

11    IT OR ASKED.  THERE'S ZERO INFORMATION ON THAT.

12      AND SO THE REASON WHY I BELIEVE THAT THAT, THOSE OTHER

13    EPISODES ARE RELEVANT AND APPLE MAKES A POINT OUT OF, WELL,

14    IT'S NOT SAMSUNG CBI, IS IT RELEVANT TO THE PROCESSES AND

15    PROCEDURES THAT DO GO TO SAMSUNG CBI, WHERE YOU HAVE A PATTERN

16    LIKE THIS THAT WOULD OCCUR SEVERAL TIMES, I THINK IT RAISES A

17    FAIR QUESTION AS TO WHAT HAPPENED IN THE EPISODE INVOLVING

18    SAMSUNG'S CBI, AND WHAT WERE THOSE PROCESSES AND PROCEDURES AND

19    WHY HAS THIS NOW BEEN HAPPENING REPEATEDLY.

20      THE COURT:  MR. ZELLER, JUST AGAIN TO MAKE SURE I

21    HAVE THE BIDDING CORRECT, BY YOUR MOTION YOU ARE NOT SEEKING TO

22    WITHDRAW OR TAKE BACK MR. QUINN'S REPRESENTATION SEVERAL WEEKS

23    OR MONTHS BACK THAT SAMSUNG IS NOT DISPUTING THAT A SANCTION OF

24    FEES AND COSTS OF SOME KIND IS APPROPRIATE, CORRECT?

25      MR. ZELLER:  THAT'S ABSOLUTELY CORRECT, YOUR HONOR.

```
1        AND THAT IS NOT THE PURPOSE OF THIS MOTION.

2            WE HAVE ARGUED AS AN INDEPENDENT REASON WHY THIS

3    INFORMATION IS RELEVANT, IS WE DO BELIEVE THE COURT SHOULD TAKE

4    INTO ACCOUNT IN DETERMINING THE AMOUNT OF ATTORNEY'S FEES THAT

5    ARE AWARDED AS THAT SANCTION.

6            AND YOU WILL RECALL THAT WE HAD THAT DISCUSSION DURING

7    THAT HEARING.  BUT TO REITERATE THE POINT, WE ARE NOT

8    CHALLENGING AND WILL NOT BE CHALLENGING THE APPROPRIATENESS OR

9    THE CORRECTNESS OF THE COURT'S DETERMINATION THAT THE

10   APPROPRIATE SANCTION IN THIS CASE IS AN AWARD OF ATTORNEY'S

11   FEES.

12           AND AGAIN, THAT IS THE PURPOSE OF WHAT WE ARE ASKING FOR

13   HERE, AGAIN, IT ONLY GOES TO POTENTIALLY THE RELEVANCE OF, OR

14   EXCUSE ME, THE AMOUNT I SHOULD SAY OF THOSE FEES.

15               THE COURT:  SO IF THESE DISCLOSURES WE'RE TALKING

16   ABOUT HERE OCCURRED IN OCTOBER OR NOVEMBER OF 2013, HOW DO THEY

17   RELATE HOW ARE THEY RELEVANT IN ANY WAY TO ACTIONS THAT SAMSUNG

18   AND ITS COUNSEL TOOK OR FAILED TO TAKE SEVERAL MONTHS BEFORE?

19               MR. ZELLER:  WELL, THEY WEREN'T REALLY MONTHS BEFORE.

20       WHAT WE NOW KNOW IS THAT IN OCTOBER, OCTOBER 10TH OF 2013,

21   THAT THAT IS IN FACT WHEN APPLE HAD PUBLICLY FILED THE NOKIA

22   AND THE NEC LICENSE INFORMATION AND IT SAT ON THE PUBLIC DOCKET

23   FOR FOUR MONTHS.

24       SO THAT IS ACTUALLY DURING THE TIME PERIOD WHERE WE WERE

25   BEING FAULTED FOR NOT BASICALLY CATCHING OUR ERRORS EARLIER.
```

1          THE COURT WILL RECALL THAT ONE APPLE POSITION THAT WAS

2     TAKEN IN THE SANCTIONS CONTEXT, WAS, IS THAT WE, QUINN EMANUEL

3     SHOULD HAVE CAUGHT AN EARLIER DISCLOSURE ONCE IT CAME TO OUR

4     ATTENTION THAT THERE WAS A DISCLOSURE LATER ON AND THAT WE

5     DIDN'T GO BACK AND LOOK.

6          AND THAT'S WHAT'S COMPARABLE HERE, YOUR HONOR.

7              THE COURT:  RIGHT.  BUT IF APPLE WAS WRONG AS YOU

8     HAVE HINTED OR RAISED AS AN ISSUE, HOW DOES THAT JUSTIFY IN ANY

9     WAY WHETHER SAMSUNG WAS WRONG?

10             MR. ZELLER:  WELL, I THINK IT --

11             THE COURT:  I MIGHT -- IN OTHER WORDS, I COULD EASILY

12    IMAGINE A MOTION BEING BROUGHT BY NEC OR NOKIA FOR ALL KINDS OF

13    ISSUES OR SANCTIONS, BUT HOW DOES THAT JUSTIFY WHAT SAMSUNG OR

14    YOUR FIRM DID.

15             MR. ZELLER:  WE ARE NOT SAYING IT JUSTIFIES WHAT WE

16    DID.  WHAT WE ARE SAYING IS, NUMBER ONE, IT'S INDEPENDENTLY

17    RELEVANT, BECAUSE UNDER THE PROTECTIVE ORDER APPLE DOES HAVE AN

18    OBLIGATION TO GIVE US ALL KNOWN RELEVANT INFORMATION CONCERNING

19    THE NATURE AND CIRCUMSTANCES OF THE DISCLOSURE AND TO ENSURE

20    THAT IT ISN'T BEING FURTHER DISSEMINATED.

21             THE COURT:  THAT'S TRUE AS TO SAMSUNG'S OWN CBI IN

22    THE 12-630 CASE.  I DON'T SEE HOW THAT'S TRUE AS TO THE NOKIA

23    NEC INFORMATION IN THE 11-1846 CASE.

24             MR. ZELLER:  I AGREE WITH THAT, YOUR HONOR.

25             THE COURT:  OKAY.  SO THEN WHY AM I HERE?

1        WELL, I KNOW WHY I'M HERE, WHY ARE YOU HERE?

2             MR. ZELLER:  FAIR ENOUGH.

3        BECAUSE APPLE DOES HAVE AN INDEPENDENT OBLIGATION TO

4    SAMSUNG WITH RESPECT TO ITS DISCLOSURES OF SAMSUNG'S CBI, WHICH

5    THERE WAS AT LEAST FIVE INSTANCES THAT WE KNOW OF.

6             THE COURT:  SO FOCUSSING ON THAT POINT, WE CAN AT

7    LEAST AGREE THAT THIS IS ABOUT A 12-630 DISCLOSURE, CORRECT?

8             MR. ZELLER:  THAT'S CORRECT.

9        SO THOSE ARE INDEPENDENT GROUNDS, YOUR HONOR.

10        I COMPLETELY AGREE, IF THE COURT DISAGREES WITH US IN

11    TERMS OF ITS RELEVANCE TO THE AMOUNT OF ATTORNEYS FEES THEN,

12    YOU KNOW, THAT'S OBVIOUSLY THE COURT'S PREROGATIVE TO SO RULE.

13        BUT THAT STILL DOES NOT ELIMINATE THE RELEVANCE OF THE

14    INFORMATION THAT WE ARE ASKING FOR BECAUSE THERE'S REALLY TWO

15    INDEPENDENT GROUNDS THAT WE'RE POSITING HERE AS WHY WE ARE

16    ENTITLED TO THIS INFORMATION.

17        AND JUST SORT OF AS THE VERY BASELINE EVEN SETTING ASIDE

18    THE HISTORY OF WHAT'S OCCURRED, SETTING ASIDE ALL THE ARGUMENTS

19    AND EVERYTHING ELSE OF WHAT THE PARTIES HAVE MADE, THE BOTTOM

20    LINE HERE IS THAT ON NOVEMBER 19TH 2013, FIVE DIFFERENT

21    DOCUMENTS CONTAINING SAMSUNG CBI, THAT'S DESCRIPTIONS OF SOURCE

22    CODE WHICH NOT EVEN APPLE ARGUES IS NOT PROTECTED, WAS PUBLICLY

23    FILED.

24        AND WHAT WE THEN FOUND OUT IS THERE HAD BEEN ANOTHER

25    INSTANCE OF GOOGLE SOURCE CODE THAT WAS PREVIOUSLY FILED

1    PUBLICLY THAT APPLE DID NOT DISCLOSE TO US.

2          THE COURT:  AND AGAIN, AS I THINK YOU AND YOUR

3    COLLEAGUES HAVE GONE TO GREAT LENGTHS TO HIGHLIGHT AT CERTAIN

4    POINTS.  YOU ARE NOT HERE ON BEHALF OF GOOGLE, YOU REPRESENT

5    SAMSUNG ALONE.

6          MR. ZELLER:  THAT'S CORRECT.

7          THE REASON I ADD THAT IN IS BECAUSE IT GOES TO THE POINT

8    OF, WE DON'T THINK WE HAVE GOTTEN PROPER AND FULL DISCLOSURE AS

9    TO WHAT HAPPENED WITH OUR INFORMATION.

10          WE BELIEVE THE OTHER INSTANCES ARE RELEVANT TO

11    ILLUMINATING THE CIRCUMSTANCES OF WHAT HAPPENED WITH OUR CBI.

12    WHEN WE ARE TALKING ABOUT THOSE DISCLOSURES.

13          BY THE WAY, APPLE DID ITSELF ARGUE THAT OTHER INSTANCES,

14    EVEN IF IT DIDN'T IMPLICATE APPLE CBI WHERE SAMSUNG HAD

15    POTENTIALLY VIOLATED THE PROTECTIVE ORDER, WERE RELEVANT TO

16    THAT VERY ISSUE.

17          SO IT DOES GO TO REALLY WHAT IT IS THAT HAPPENED HERE.

18    AND REPRESENTATIONS HAVE BEEN MADE TO US IN AN E-MAIL BUT NOT

19    UNDER OATH AND THERE'S NO DESCRIPTION OF THIS YOU WILL SEE IN

20    THE RECORD.

21          BUT APPLE DID SAY AFTER IT CAUGHT THE NOVEMBER 19TH

22    FILING OF PUBLIC INFORMATION THAT THEY WERE REVIEWING THEIR

23    PROCEDURES AND UNDER TAKING ADDITIONAL STEPS TO ENSURE THAT IT

24    DID NOT REPEAT.  AND WE KNOW THAT IT DID REPEAT.

25          THE COURT:  CAN I ASK YOU MR. ZELLER, OR PERHAPS I

1    HAVE THE SEQUENCE MIXED UP, WAS THE SECOND NOVEMBER FILING BY

2    APPLE ON THE DOCKET ON THE 19TH OR WAS THAT THE DATE ON WHICH

3    YOU WERE NOTIFIED OR WERE BOTH OF THOSE EVENTS ON THE 19TH.

4            MR. ZELLER:  THE APPLE FILING WAS ON NOVEMBER 19TH.

5        WE WERE NOTIFIED THE 20TH OF NOVEMBER.  AND THAT'S SORT

6    OF THE THING THAT APPLE -- REALLY, I THINK TRIES TO FOCUS ON,

7    SAYS WELL, WE DID THE RIGHT THING, WE DID IT RIGHT AWAY BY

8    NOTIFYING THAT THIS HAD OCCURRED.

9        BUT THE PROBLEM IS WHEN WE WENT BACK AND STARTED LOOKING

10   AT THE DOCKET, WE HAD SEEN THERE WAS AN EARLIER INSTANCE OF

11   THIS.

12           THE COURT:  THAT'S THE NOVEMBER 5TH FILING.

13           MR. ZELLER:  AND THAT'S WHEN WE, SAMSUNG, ASKED APPLE

14   ABOUT IT AND WE GOT NOT EVEN A REAL COMPLETE ANSWER.

15           THE COURT:  WOULD YOU AGREE THAT IF YOU HAD GOT THOSE

16   SAME REPRESENTATIONS THAT WERE SENT BY E-MAIL IN THE FORM OF A

17   SWORN DECLARATION, THIS WHOLE ISSUE WOULD PROBABLY BE RESOLVED?

18           MR. ZELLER:  IT WOULD NOT BE SUFFICIENT.

19           THE COURT:  TELL ME WHY THAT WOULD BE INSUFFICIENT

20   FOR YOUR PURPOSES.

21           MR. ZELLER:  BECAUSE WHAT WE DO NOT HAVE IN A

22   DECLARATION FORM OR IN ANY FORM IN WRITING IS WE DO NOT HAVE A

23   STRAIGHT UP UNAMBIGUOUS REPRESENTATION BY APPLE AND ITS COUNSEL

24   THAT WITH RESPECT TO THE CBI THAT'S AT ISSUE HERE, THAT THERE

25   WAS NO RECEIPT OR FURTHER DISSEMINATION OR USE OF THAT CBI BY

1     APPLE.  WE DO NOT HAVE THAT REPRESENTATION.

2          THE COURT:  OTHER THAN AS PERMITTED UNDER THE

3     PROTECTIVE ORDER, FOR EXAMPLE BY OUTSIDE COUNSEL AND EXPERTS

4     AND SO FORTH.

5          MR. ZELLER:  CORRECT.

6       AND INTERESTINGLY ENOUGH, IN THAT E-MAIL CORRESPONDENCE THE

7     CLOSEST THEY CAME IS WE, OUTSIDE COUNSEL, DID NOT GIVE APPLE

8     COPIES OF THAT CBI AFTER THE FILING, AFTER THE FILING IS THE

9     OPERATIVE LANGUAGE THAT'S EACH IN THAT QUALIFIED LIMITED

10    STATEMENT THAT WE RECEIVED BY E-MAIL.

11         AND YOUR HONOR --

12         THE COURT:  THAT'S WHEN YOUR EARS PERKED UP.

13         MR. ZELLER:  YEAH, IT IS.

14       AND YOUR HONOR, I WOULD SUGGEST TAKING ANOTHER LOOK AT

15    THE BUROKER DECLARATION THEY SUBMITTED HERE WHICH IS DOCKET

16    NUMBER 3038-1.

17         AND IT'S THE ONLY APPLE DECLARATION, ANYTHING UNDER OATH

18    THAT'S BEEN SUBMITTED WE APPLE IN CONNECTION WITH THIS AND

19    AGAIN, IT DOESN'T SAY ANYTHING ALONG THE LINES OF WHAT WE ARE

20    TALKING ABOUT HERE.

21         IT DOESN'T EVEN MAKE THAT LIMITED REPRESENTATION OF WHAT

22    WAS IN THE E-MAIL LET ALONE MAKE A REPRESENTATION THAT SAYS

23    JUST OUTRIGHT THAT THERE WAS NO FURTHER DISSEMINATION, NO USE

24    AND NO RECEIPT BY APPLE OF THE CBI, WHETHER BEFORE OR AFTER THE

25    PUBLIC FILINGS.

1           THE COURT:  ALL RIGHT.

2           THEN MR. ZELLER, AM I CORRECT IN UNDERSTANDING THAT AS TO

3     EITHER THE NOVEMBER 19TH FILING OR THE EARLIER FILING ON

4     NOVEMBER FIFTH, THE SAMSUNG CBI THAT WE ARE TALKING ABOUT

5     REALLY ARE FIVE DOCUMENTS THAT DEAL WITH SAMSUNG SOURCE CODE.

6           MR. ZELLER:  CORRECT.  THAT'S CORRECT.

7           THE COURT:  OKAY.

8           MR. ZELLER:  SO I WOULD SUGGEST, YOUR HONOR, AND THIS

9     GOES I THINK BACK TO YOUR ORIGINAL POINT AT A BARE MINIMUM,

10    WHAT WE WOULD HOPE AND EXPECT FROM APPLE IN THIS SORT OF

11    CONTEXT IS A SWORN DECLARATION OF THE KIND THAT I'M TALKING

12    ABOUT.

13          AS WELL AS I THINK, IN FAIRNESS, WE SHOULD HAVE SOME

14    TRANSPARENCY INTO WHETHER OR NOT THESE PROCESSES AND PROCEDURE

15    THAT IS APPLE SAYS THAT IT HAS IN PLACE, WHETHER THEY WERE IN

16    FACT IMPROVED AFTER THEY FOUND OUT THAT THIS OCCURRED.

17          WE HAVE NO INSIGHT INTO WHAT THOSE PROCESSES OR

18    PROCEDURES ARE.  WHAT WE ARE TOLD IS IT'S A MULTI LEVEL MULTI

19    LAYER TYPE OF REVIEW BUT THEY DON'T DESCRIBE WHAT KIND OF

20    REVIEW IT IS, WHO IT'S BY, AND IT DOESN'T ACTUALLY SAY IT WAS

21    EMPLOYED IN THESE PARTICULAR INSTANCES AND THAT'S THIS IS WHAT

22    HAPPENED.

23          ANOTHER WAY OF PUTTING IT IS WE DON'T KNOW WHY THIS

24    HAPPENED.  BECAUSE IF THERE WERE PROCEDURES IN PLACE, WHY IS IT

25    IN THIS PARTICULAR SET OF INSTANCES THAT THEY FAILED.

 1          AND IF THEY DID IN FACT, WERE BEING FOLLOWED, WERE THEY

 2     ADEQUATE.

 3          THE COURT:  ONE CONCERN I HAVE THOUGH, MR. ZELLER,

 4     WITH WHAT YOU ARE ASKING ABOUT IS I'M LEERY OF SETTING A

 5     PRECEDENT THAT WHENEVER CONFIDENTIAL INFORMATION IS FILED

 6     INCORRECTLY, WE TRIGGER THIS WHOLESALE INVESTIGATION IN EVERY

 7     CASE THAT COMES BEFORE THIS COURT, PARTICULARLY WHERE THE

 8     PROTECTIVE ORDER SPECIFICALLY CONTEMPLATES A PROCEDURE FOR

 9     THESE TYPES OF ISSUES TO BE ADDRESSED, SHORT OF SOMETHING LIKE

10     THAT.

11          I DO THINK THAT -- WELL, I WILL LEAVE IT AT THAT.  HOW

12     DID I DRAW AN APPROPRIATE LINE THAT CAPTURES OR ADDRESSES THE

13     CONCERNS YOU HAVE RAISED WITHOUT SORT OF UNLEASHING IN EVERY

14     CASE A WHOLE INVESTIGATION?

15          MR. ZELLER:  AND I THINK THAT'S ABSOLUTELY A CORRECT

16     AND FAIR POINT, YOUR HONOR.

17          WE ARE NOT HERE SAYING THAT EVERY TIME THAT THIS OCCURS,

18     THAT THERE SHOULD BE A FULL BLOWN INVESTIGATION AND DISCOVERY

19     AND ALL THE LIKE.  WE CERTAINLY ARE NOT SAYING THAT.

20          WHAT I WOULD SAY IS THAT WHERE WE HAVE THIS KIND OF AN

21     EPISODE, YOUR HONOR, WHERE IT ACTUALLY HAPPENED REPEATEDLY

22     WITHIN A SHORT PERIOD OF TIME, THAT IS SOMETHING THAT FAIRLY

23     RAISES RED FLAGS.

24          AND WHEN WE ARE NOT GETTING ANY KIND OF SUBSTANTIVE

25     INFORMATION FROM APPLE, IT JUST DOES NOT FROM OUR PERSPECTIVE

1    COMPLY WITH THAT MINIMUM OBLIGATION AT A BARE MINIMUM TO TELL

2    US WHAT HAPPENED AND TO GIVE US SOME ASSURANCE THAT THERE WAS

3    NO FURTHER DISSEMINATION, NO RECEIPT BY APPLE AND NO USE BY

4    APPLE.

5         FOR ALL WE KNOW BASED ON THE INFORMATION THAT HAS BEEN

6    PROVIDED BY APPLE, THAT INFORMATION, THAT SOURCE CODE IS

7    SITTING ON AN APPLE SERVER SOMEWHERE AND HAS NEVER BEEN

8    REMEDIATED.  WE JUST DON'T KNOW.

9         AND APPLE HAS NOT PROVIDED US THOSE KIND OF ASSURANCES.

10        AND I THINK FOR EXAMPLE, JUST THE POINT THAT THE COURT

11   MADE AT THE LAST HEARING WE HAD WHERE MR. QUINN OF COURSE IS

12   GOING TO PROVIDE THE DECLARATION, I MEANS THAT THE KIND OF

13   ASSURANCE THAT I THINK A PARTY LEGITIMATELY CAN ASK FOR UNDER

14   THESE KINDS OF CIRCUMSTANCES AND CERTAINLY THAT ISN'T SOMETHING

15   THAT OPENS PANDORA'S BOX EVERY SINGLE TIME WE ARE IN FRONT OF

16   THE COURT OR ANY TIME THERE IS AN INADVERTENT DISCLOSURE.

17        IN MANY RESPECTS YOUR HONOR, MISTAKES ARE MADE IN THESE

18   KINDS OF CASES.  WE ACCEPT AND EVERYONE UNDERSTANDS THIS, THAT

19   WAS WHY WE WERE A LITTLE SURPRISED THAT APPLE WAS SO AGGRESSIVE

20   ABOUT ITS POSITIONS, WHEN THE SANCTIONS MOTIONS WERE BEING

21   BROUGHT AGAINST SAMSUNG.

22        BUT I'M NOT EVEN TRYING TO THROW THAT BACK IN THEIR FACE,

23   I'M JUST SAYING AT A BARE MINIMUM WE THINK WE ARE ENTITLED TO

24   THESE KINDS OF ASSURANCES AND I DON'T THINK YOU HAVE TO OPEN A

25   PANDORA'S BOX EVERY TIME TO GET THEM.

```
 1                THE COURT:  ALL RIGHT.

 2           MR. ZELLER, I MAY HAVE SOME FURTHER QUESTIONS FOR YOU BUT I

 3      WOULD LIKE TO HEAR FROM APPLE.

 4           JUST GIVE ME A MINUTE, MR. SELWYN.

 5           GO AHEAD MR. ZELLER.

 6           MR. SELWYN:  THANK YOU.

 7           YOUR HONOR, I'M VERY SURPRISED TO HEAR THAT WE ARE

 8      TALKING ABOUT THE NOVEMBER FIFTH AND NOVEMBER 19TH FILING

 9      OCCURS.  AND I SAY THAT BECAUSE THERE WAS NO MEET AND CONFER

10      ABOUT THAT.

11           THE MOTION ISN'T ABOUT THAT.  THOSE FILING ERRORS WERE IN

12      A DIFFERENT CASE.  HAD THIS MOTION BEEN ABOUT THAT, WE WOULD

13      HAVE SHOWN YOUR HONOR THE TRANSPARENCY THAT WE DID PROVIDE,

14      BECAUSE WHEN MR. ZELLER SAYS THAT WE DIDN'T PROVIDE THEM ANY

15      INFORMATION ABOUT THAT, RESPECTFULLY, THAT DOESN'T TELL YOU THE

16      WHOLE STORY.

17           WE WROTE A THREE PAGE SINGLE SPACED LETTER ABOUT EACH OF

18      THOSE WHICH I WILL HAND UP TO THE COURT BECAUSE IT'S NOT IN THE

19      PAPERS AND GIVE TO OPPOSING COUNSEL, SETTING FORTH IN DETAIL

20      WHY THOSE ERRORS OCCURRED AND WHAT WE DID IN RESPONSE.

21           HAD THERE BEEN A REQUEST TO RESOLVE THIS MOTION BY

22      PROVIDING A DECLARATION, SAYING WHAT IS IN THAT LETTER, WE

23      WOULD HAVE BEEN HAPPY TO.

24           BUT WE ARE SHIFTING GROUND HERE.  THOSE TWO FILING ERRORS

25      WERE THE RESULT OF THE FAILURE TO CHECK OFF THE RIGHT BOX ON
```

1    THE ECF SUBMISSION.

2          AS YOUR HONOR KNOWS, THE PROCEDURE CHANGED IN OCTOBER OF

3    2013 SO YOU CAN NOW FILE UNDER SEAL.  SO BOTH OF THOSE FILING

4    ERRORS OCCURRED BECAUSE OF A FAILURE TO CHECK OFF THE BOX.

5    THEY WERE IMMEDIATELY IDENTIFIED BY THE QUALITY CHECKING

6    PROCEDURE THAT WE HAD IN PLACE.

7          AND WITHIN MINUTES ALMOST, OF BOTH OF THOSE EVENTS,

8    REALIZED THERE WAS AN ERROR AND IT WAS CORRECTED.

9          SO THERE'S NO DOUBT ABOUT WHAT THE ROOT CAUSE OF THOSE

10   ERRORS WERE AND THEY WERE ERRORS.

11         THERE'S NO DOUBT WHAT THE ROOT CAUSE WAS.  WE FORGOT TO

12   CHECK OFF THE BOX.

13         NOTHING ABOUT THOSE TRIGGERED IN MY MIND SAID THAT WE

14   SHOULD GO BACK AND REDACT SOMETHING IN NOVEMBER OF 2013.  THERE

15   IS SNOW CONNECTION BETWEEN THOSE TWO EVENTS.

16         THEY ARE TRYING TO DRAW A CONNECTION BETWEEN THOSE EVENTS

17   SUGGESTING THERE'S A PATTERN HERE.  AND APPLE HAVING KNOWN THAT

18   IT FAILED TO CHECK OFF THE RIGHTS BOXES AND THEN GONE BACK AND

19   LOOKED THROUGH 4400 FILINGS IN THE CASE.

20         THERE'S NOTHING ABOUT THAT NOVEMBER MISFILING THAT

21   TRIGGERED THAT IN OUR MIND BECAUSE WE KNEW EXACTLY WHAT CAUSED

22   THE OCCUR AND WE KNEW HOW TO CORRECT IT.

23              THE COURT:  IS THAT EQUALLY TRUE, MR. SELWYN, WITH

24   RESPECT TO THE NOVEMBER 5TH FILING?

25         I APPRECIATE YOUR POINT ABOUT GOING TO BACK TO OCTOBER AND

1    BEYOND, BUT JUST A FEW WEEKS BEFORE IT WOULD SEEM THAT SAME

2    PROCESS WAS IN PLACE AND THERE WAS POTENTIAL FOR THE SAME SORRY

3    TO BE MADE.

4         MR. SELWYN:  THAT'S CORRECT.  THE SAME ERROR WAS MADE

5    A SECOND TIME.

6        ONE PERSON HAS TO DO THE INPUTING OF THE INFORMATION TO

7    SEAL.  AND AS YOUR HONOR MAY KNOW, WHEN YOU CHECK OFF THE BOXES

8    AT THE END OF THE PROCESS WHEN YOU ARE SHOWN WHAT YOU ARE ABOUT

9    IT FILE IT ACTUALLY DOESN'T TELL YOU WHETHER OR NOT YOU'VE

10   CHECKED OFF THE RIGHT BOXES.

11       SO THERE'S A POSSIBILITY IN THE SYSTEM TO MAKE A MISTAKE.

12   THE MISTAKE WAS MADE A SECOND TIME.  NOTWITHSTANDING THE

13   EFFORTS TO AVOID THAT.

14       AND AS THE LETTER SETS FORTH, WE IMMEDIATELY NOTIFIED THE

15   COURT AND LOCKED EVERYTHING DOWN.

16       IF YOUR HONOR WANTS US TO PUT THAT IN THE FORM OF A

17   DECLARATION, THAT'S FINE.  BUT WHAT WE MET AND CONFERRED ABOUT

18   AND WHAT THIS MOTION WAS ABOUT AS WE UNDERSTOOD IT WAS SAMSUNG

19   TRYING TO SEEK DISCOVERY TO ESSENTIALLY RELITIGATE THE

20   SANCTIONS ISSUE.

21       AND WHEN WE WERE BEFORE YOU IN NUMBER AND YOUR HONOR

22   ASKED THE QUESTION OF SAMSUNG'S COUNSEL, WE SAID NO SAMSUNG IS

23   NOT SEEKING TO RELITIGATE THE ISSUE OF WHETHER OR NOT IT OUGHT

24   TO BE SANCTIONED IN THE FORM OF FEES AND COSTS.  NOTHING ABOUT

25   THE OCTOBER FILING OR THE NOVEMBER FILINGS IS RELEVANT TO

1     YOUR HONOR'S JANUARY 29TH RULING WHATSOEVER.

2         THE DISCLOSURES ARE DIFFERENT IN KIND AND MORE

3     IMPORTANTLY, FOR PURPOSES OF THIS MOTION, NOTHING ABOUT APPLE'S

4     FILING ERRORS IN OCTOBER OR NOVEMBER COULD PROVIDE ANY BASIS TO

5     RETROACTIVELY EXCUSE SAMSUNG'S VIOLATIONS OR SOMEHOW TURN THOSE

6     VIOLATIONS INTO NONVIOLATION'S.

7         THE OTHER THING I WOULD LIKE TO POINT OUT IS WHEN WE WERE

8     BEFORE YOU IN DECEMBER ARGUING THE ISSUE OF SANCTIONS, IF YOU

9     LOOK BACK AT SAMSUNG'S DECEMBER SECOND BRIEF, SAMSUNG RAISED

10    THE ISSUE OF THE NOVEMBER FILING ERRORS BY APPLE AND SAID,

11    YOUR HONOR, INADVERTENT MISTAKES CAN HAPPEN.

12        YOU SHOULD JUDGE US BY WHAT APPLE DID IN THOSE TWO

13    INSTANCES.  AND THEY WROTE APPLE'S RECENT PUBLIC FILINGS OF

14    CONFIDENTIAL INFORMATION IN CASE 12-630 FURTHER SHOW THAT

15    SANCTIONS SHOULD BE INAPPROPRIATE HERE.

16        YOUR HONOR CONSIDERED THAT ARGUMENT, RULED ON THAT

17    ARGUMENT, ISSUED YOUR DECISION, THAT SHOULD BE DONE, THOSE

18    ISSUES WERE RAISED.

19        AS I SAY, IF YOUR HONOR WANTS US TO PUT IN THE FORM OF A

20    DECLARATION THE LETTER WE TRIED TO GIVE AS MUCH DETAIL IN THIS

21    LETTER AS POSSIBLE AND I WOULD BE HAPPY FOR YOU TO JUDGE THAT

22    LEVEL OF DETAIL, WE ARE HAPPY TO.

23        BUT WE DON'T THINK THERE'S ANY ISSUE WORTH PURSUING HERE,

24    ANY RELEVANT ISSUE TO WHAT THE MOTION WAS OSTENSIBLY BROUGHT

25    FOR.

```
 1                THE COURT:  WELL, THERE IS ONE ISSUE, I WILL READ THE

 2     LETTER MORE CAREFULLY THAN I CAN ON THE BENCH WITH A COURTROOM

 3     FULL OF PEOPLE.

 4          BUT THE ISSUE THAT STRIKES ME IN EXPLORING IN FURTHER

 5     DETAIL IS THE TESTIMONY OF APPLE'S 30(B)(6) WITNESS IN ADVANCE

 6     OF MY ORDER REGARDING APPLE'S OWN EFFORTS TO KEEP THIS

 7     INFORMATION CONFIDENTIAL.

 8          I'M MORE THAN A LITTLE CONCERNED THAT AT LEAST SOME OF

 9     THAT TESTIMONY WAS INACCURATE AND IF SO WHY WOULDN'T THAT ALONE

10     JUSTIFY SOME AT LEAST LIMITED ADDITIONAL DISCOVERY TO CONFIRM

11     THAT APPLE DID AND WHAT APPLE DIDN'T DO TO KEEP THAT

12     INFORMATION PROTECTED?

13                MR. SELWYN:  THAT TESTIMONY WAS BASED UPON THE BEST

14     INFORMATION THAT APPLE HAD AND ITS LAWYERS HAD AT THE TIME.

15                THE COURT:  COULD WE AT LEAST AGREE, MR. SELWYN, THAT

16     INFORMATION WAS INCORRECT AT LEAST IN SOME PARTS.

17                MR. SELWYN:  YES.  CERTAIN OF THAT INFORMATION WAS

18     INCORRECT.

19          TO THE EXTENT HE TESTIFIED ABOUT THE CONFIDENTIALITY OF

20     IT AT THE TIME HE WAS GIVING THAT TESTIMONY TO BE SURE THE

21     IMPROPER REDACTION WAS ON THE DOCKET.

22          BUT THE SUGGESTION THAT HE DID SOMETHING WRONG BECAUSE HE

23     DIDN'T PREPARE FOR HIS TESTIMONY BY GOING BACK AND REVIEWING

24     4400 FILINGS, WE WOULD RESPECTFULLY SAY IS UNFAIR.

25          IF THERE WERE SOME REASON THAT WE BELIEVED THAT THERE WAS
```

1    CONFIDENTIAL INFORMATION ON THE RECORD OR HAD REASON TO BELIEVE

2    THEN SURE, WE SHOULD HAVE GONE BACK AND CHECKED.

3        BUT THERE WAS NO HINT OF THAT.  THERE WAS NO REASON FOR

4    US TO BELIEVE HAD WE KNOWN ABOUT IT WE OF COURSE WOULD HAVE

5    TAKEN MEASURES BEFORE MR. RICHARD TESTIFIED TO CURE IT.

6        SO HE DIDN'T KNOW, APPLE DIDN'T KNOW AND THERE WAS NO

7    REASON TO KNOW.

8             THE COURT:  ALL RIGHT.

9        AT THIS POINT, CAN I ASK AND I WILL ASK MR. ZELLER WHEN

10   HE OFFERS HIS REBUTTAL AS WELL.

11       HAVE THE FIRMS AND THE PARTIES GONE BACK AND CONFIRMED

12   THAT THAT WHICH IS ON THE PUBLIC DOCKET IS TRULY

13   NONCONFIDENTIAL, NON CBI INFORMATION?

14       I MEAN, THERE ARE A LOT OF DOCKET ENTRIES I WILL GRANT

15   YOU THAT, BUT AM I LOOKING AT THE PROSPECT OF THREE MONTHS FROM

16   NOW, SIX MONTHS FROM NOW, WHILE THE CASE IS AT THE FEDERAL

17   CIRCUIT AND PERHAPS BEYOND, CONFRONTING ANOTHER EXAM OR

18   INSTANCE IN WHICH INFORMATION WASN'T PROPERLY HANDLED AND I

19   HAVE TO DEAL WITH IT?

20            MR. SELWYN:  WE DID GO BACK AND CHECK IN PARTICULAR

21   ATTENTION TO THAT PERIOD OF TIME WHEN THERE WAS A REAL CRUSH OF

22   FILINGS AND DIDN'T IDENTIFY ANY OTHER ISSUES.

23       I NEVER LIKE TO SAY NEVER BECAUSE OF THE NUMBER OF FILING

24   THAT IS HAVE BEEN IN THIS CASE, BUT WE DID UNDER UNDERTAKE TO

25   DO THAT EXERCISE.

```
 1            THE COURT:  ALL RIGHT.  I THINK I HAVE YOUR POSITION,
 2      MR. SELWYN.
 3          MR. ZELLER, DO YOU WANT TO OFFER ANY REBUTTAL?
 4            MR. ZELLER:  YES, YOUR HONOR, BRIEFLY.
 5          NUMBER ONE, THIS LETTER THAT'S BEEN HANDED UP, IT'S A
 6      LITTLE INTERESTING, IT DOESN'T SHOW THE E-MAIL BY WHICH IT IS
 7      SENT.  IT IS NOT SOMETHING THAT APPARENTLY WAS IN THE RECORD.
 8          AND THE REASON I SAY IT'S IMPORTANT IS THAT EVEN THOUGH
 9      MR. BUROKER SUPPOSEDLY WROTE AND SENT THIS, IT'S NOT MENTIONED
10      IN HIS DECLARATION.  AND IT'S NOT CORRESPONDENCE WE HAD AS PART
11      OF THIS.
12          SO I'M A LITTLE MYSTIFIED ABOUT IT, BUT NOW I READ IT
13      HERE AND IT EVEN SAID --
14            THE COURT:  I WANT TO MAKE SURE I APPRECIATE YOUR
15      POINT.
16          DID YOU SAY MR. BECKER DID NOT GET A LETTER FROM
17      MR. BUROKER?
18            MR. ZELLER:  WE HAVE NOT SEEN THIS.
19          IT'S A LITTLE ODD AND IT DOESN'T HAVE A COVER ON IT OF
20      WHERE IT CAME FROM.  BUT EVEN TAKING IT AT FACE VALUE, I JUST
21      PREFACE THAT BY, BECAUSE I DON'T WANT THE SUGGESTION THAT WE
22      WITHHELD SOMETHING BECAUSE THAT'S JUST NOT CORRECT.
23          BUT EVEN TAKING THIS AT FACE VALUE, IT DOESN'T ADDRESS
24      THE FUNDAMENTAL POINT WE ARE ASKING FOR, WHICH IS THIS
25      ASSURANCE UNDER OATH THAT THIS INFORMATION HAS NOW BEEN FURTHER
```

1    DISSEMINATED IS RECEIVED AND NOT USED BY APPLE.

2         AND IT'S JUST NOT CORRECT THAT WE HAVEN'T MET AND

3    CONFERRED ABOUT THIS, WE ASKED POINT BLANK FOR EXACTLY THOSE

4    KINDS OF ASSURANCES.

5         THE COURT CAN SEE THE CORRESPONDENCE WE HAVE ATTACHED

6    INCLUDING NOT ONLY MR. BECKER'S DECLARATION BUT ALSO THERE WAS

7    THE CURRAN DECLARATION WHICH IS DOCKET NUMBER 2835-8, IN THE

8    1846 CASE.

9         AND IT GOES INTO SOME DETAIL ABOUT, IT SHOWS ALL THE

10   CORRESPONDENCE THAT SURROUNDED THIS NOVEMBER 5TH DISCLOSURE,

11   INCLUDING THE FACT THAT WE HAD RAISED IT AND HAD THE BACK AND

12   FORTH.

13        AND THE COURT WILL SEE THAT, THAT AGAIN, THERE'S NO

14   ASSURANCE AND NO REPRESENTATION EVEN MADE BY APPLE THAT THERE

15   HAS BEEN NO RECEIPT OR FURTHER DISSEMINATION OR USE OF THE CBI

16   BY APPLE.

17        THAT'S KIND OF THE FUNDAMENTAL POINT.

18        THEN I WOULD JUST SIMPLY SAY TOO, YOUR HONOR, THAT THIS

19   IDEA THAT SOMEHOW THE DISCLOSURES ARE DIFFERENT IN KIND WHAT

20   FROM WHAT HAPPENED WITH SAMSUNG, I'M NOT EVEN SURE HOW THAT'S

21   TERRIBLY RELEVANT.

22        THE FACT IS WE HAVE AN INDEPENDENT RIGHT TO THIS KIND OF

23   INFORMATION.  THESE KINDS OF ASSURANCES.  SO I DON'T HEAR APPLE

24   SAYING THAT THESE ARE EPISODES IN WHICH THERE WAS NOT AT LEAST

25   POTENTIALLY A VIOLATION OF THE PROTECTIVE ORDER.  SO I DON'T

```
1    THINK REGARDLESS OF HOW ONE WANTS TO WEIGH WHETHER ONE IS

2    BETTER OR WORSE THAT THAT REALLY EXONERATES APPLE'S

3    RESPONSIBILITY HERE.

4         THEN FINALLY, YOUR HONOR, I WOULD SIMPLY POINT OUT

5    PARTICULARLY IN LIGHT OF APPLE ACKNOWLEDGING THAT THE

6    INFORMATION PROVIDED BY APPLE'S 30(B)(6) AT THE DEPOSITION WAS

7    INCORRECT, WHAT APPLE DOESN'T SEEM TO QUITE GRAPPLE WITH IS

8    THERE WAS AN OBLIGATION ON HIS PART TO MAKE A REASONABLE

9    INVESTIGATION AS A CORPORATE REPRESENT TESTIFY TO TESTIFY

10   ACCURATELY AND TRUTHFULLY.

11        AND IT DOESN'T REALLY MATTER, AND WE ARE NOT ACCUSING

12   THAT WITNESS OF COMING IN AND LYING OR DOING SOMETHING

13   DELIBERATE, HE DOESN'T HAVE TO HAVE DONE SOMETHING WRONG, THE

14   FACT IS THAT INFORMATION WAS INACCURATE.

15        THE COURT:  AND OF COURSE THE INACCURACY ITSELF

16   DOESN'T ESTABLISH OR SUGGEST THAT THE QUALITY OF THE

17   INVESTIGATION WAS SOMEHOW SUBPAR, DOES IT?

18        MR. ZELLER:  RIGHT.  CORRECT.

19        AND THAT'S EXACTLY OUR CONCERN, YOUR HONOR.

20        WHAT WE HAVE HERE IS WE HAVE MULTIPLE EPISODES IN WHICH

21   THIS OCCURRED, SOME OF WHICH AT LEAST FIVE DOCUMENTS WERE

22   SAMSUNG CBI, SOME OF IT WAS OTHER PEOPLE'S CBI, BUT WE HAVE

23   THREE SEPARATE EPISODES WHERE THIS OCCURRED.  WE HAVE AN

24   INVESTIGATION THAT DOES NOT APPEAR TO BE ADEQUATE THAT WAS DONE

25   INCLUDING DIRECTLY IN RESPONSE TO WHAT THE COURT ORDERED IN
```

1    CONNECTION WITH THE 30(B)(6) TOPIC.

2         SO WHEN WE COMBINE IT WITH THE LACK OF JUST

3    STRAIGHTFORWARD UNDER OATH REPRESENTATIONS BY APPLE THAT

4    THERE'S NOTHING FURTHER HERE, COMBINED WITH WHAT APPEARS TO BE

5    THE INADEQUACY OF WHAT SURROUNDED IT, THAT'S WHY I THINK WE

6    HAVE HERE A CIRCUMSTANCE WHERE INQUIRY REALLY IS FAIR.

7              THE COURT:  ALL RIGHT.

8         THANK YOU, MR. ZELLER.

9         MR. SELWYN, MAY I JUST ASK YOU BEFORE I LET YOU ALL GO.

10        IF THE ISSUE HERE, IF ONE WAY TO REASONABLY ADDRESS THIS

11   ISSUE WITHOUT UNLEASHING A WHOLE OTHER CIRCUS ON EVERYONE IS

12   THE TENDER OF A DECLARATION OF SOME KIND CONFIRMING NOT ONLY

13   WHAT'S SET FORTH IN THIS LETTER BUT ALSO THAT NO ONE AT APPLE

14   HAS DISSEMINATED OR USED THIS INFORMATION, IS THAT A TERRIBLY

15   UNREASONABLE REQUEST GIVEN THE HISTORY?

16             MR. SELWYN:  NO, WE ARE HAPPY TO DO THAT.

17             THE COURT:  ALL RIGHT.  THAT'S WHAT I'M GOING TO

18   ORDER.

19        IN SEVEN DAYS I WOULD LIKE A DECLARATION FROM A COMPETENT

20   PERSON ON THIS SUBJECT CONFIRMING NOT ONLY WHAT'S SET FORTH IN

21   MR. BUROKER'S LETTER BUT ALSO THAT APPLE HAS NOT DISSEMINATED

22   OR USED THE CONFIDENTIAL BUSINESS INFORMATION PRESENTED OR PUT

23   AT ISSUE BY SAMSUNG'S BRIEF.

24             MR. ZELLER:  OR RECEIVED, IF I COULD ADD THAT

25   YOUR HONOR.

```
1                    THE COURT:  OR RECEIVED.

2          AND IF FOR SOME REASON APPLE, AFTER INVESTIGATING THESE

3     ISSUES, IS UNABLE TO TENDER SUCH A DECLARATION, YOU SHOULD

4     INFORM THE OTHER SIDE AND I WILL ENTERTAIN A REQUEST FOR

5     FURTHER RELIEF.

6                    MR. SELWYN:  VERY WELL.  THANK YOU.

7                    THE COURT:  HAVE A GOOD MORNING.

8                    MR. ZELLER:  THANK YOU, YOUR HONOR.

9                    MS. KASSABIAN:  THANK YOU.

10         (WHEREUPON, THE PROCEEDINGS IN THIS MATTER WERE CONCLUDED.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1

2

3

4                        **<u>CERTIFICATE OF REPORTER</u>**

5

6

7

8              I, THE UNDERSIGNED OFFICIAL COURT

9       REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10      THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11      FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12      CERTIFY:

13              THAT THE FOREGOING TRANSCRIPT,

14      CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15      CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16      SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17      HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18      TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22

23

24      _____

25      SUMMER A. FISHER, CSR, CRR
        CERTIFICATE NUMBER 13185              DATED: 4/9/14