```
 1                    IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3                            SAN JOSE DIVISION

 4

 5

    APPLE, INC.,                        )   CV-11-1846-LHK
 6                                       )
                       PLAINTIFF,        )   SAN JOSE, CALIFORNIA
 7                                       )
                   VS.                   )   APRIL 1, 2014
 8                                       )
    SAMSUNG ELECTRONICS, CO. LTD.,       )   PAGES 1-43
 9   ET AL,                              )
                                         )
10                     DEFENDANT.        )

11

12                     TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE PAUL S. GREWAL
13                   UNITED STATES DISTRICT JUDGE

14

15   A P P E A R A N C E S:

16   FOR THE PLAINTIFF:      WILMER HALE
                             BY:  JOSEPH MUELLER
17                            60 STATE STREET
                             BOSTON, MA 02109
18

19   FOR THE DEFENDANT:      QUINN EMANUEL
     SAMSUNG                  BY:  MICHAEL ZELLER
20                                 ROBERT BECHER
                             865 SOUTH FIGUEROA STREET
21                            LOS ANGELES, CA 90017

22   PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY, TRANSCRIPT
     PRODUCED WITH COMPUTER.
23

24              APPEARANCES CONTINUED ON THE NEXT PAGE

25   OFFICIAL COURT REPORTER:      SUMMER FISHER, CSR, CRR
                                   CERTIFICATE NUMBER 13185
```

```
1     FOR THE MOVANT:          ALSTON & BIRD, LLP
      NOKIA                    BY:  RANDALL ALLEN
2                                   RYAN KOPPELMAN
                               275 MIDDLEFIELD ROAD, STE 150
3                              MENLO PARK, CA 94025
```

```
 1     SAN JOSE, CALIFORNIA                    APRIL 1, 2014
 2                   P R O C E E D I N G S
 3        (WHEREUPON, COURT CONVENED AND THE FOLLOWING PROCEEDINGS
 4     WERE HELD:)
 5              THE COURT:  MR. RIVERA, WOULD YOU CALL THE NEXT CASE,
 6     PLEASE.
 7              THE CLERK:  YES, YOUR HONOR.
 8        CALLING APPLE, INC. VERSUS SAMSUNG ELECTRONICS, ET AL.
 9     CASE NUMBER CV-11-1846-LHK.
10        MATTER ON FOR NOKIA CORPORATIONS MOTION TO COMPEL
11     INFORMATION FOR REMEDIATION.
12         COUNSEL, PLEASE COME FORWARD AND STATE YOUR APPEARANCES.
13              MR. ALLEN:  YOUR HONOR, RANDALL ALLEN ON BEHALF OF
14     NOKIA.
15              MR. KOPPELMAN:  RYAN KOPPELMAN ON BEHALF OF NOKIA.
16              MR. MUELLER:  JOE MUELLER ON BEHALF OF APPLE
17              MR. ZELLER:  MIKE ZELLER ON BEHALF OF SAMSUNG, AND
18     WITH ME IS ROB BECHER AS WELL.
19              THE COURT:  GOOD TO SEE YOU BOTH AS WELL.
20        WE ARE, OF COURSE, HERE ON THE 1846 CASE AND RECOGNIZING
21     CERTAIN EVENTS ARE TAKING PLACE IN 630, I CAN'T HELP BUT FEEL
22     LIKE WE ARE THE ADJUNCT TO THE MAIN LIBRARY.
23         LET ME SAY THAT I HAVE HAD A CHANCE TO CAREFULLY STUDY
24     THE PAPERS THAT HAVE BEEN FILED WITH RESPECT TO NOKIA'S MOTION.
25         I'M EAGER TO HEAR YOUR ARGUMENTS HERE IN AFTERNOON.  WHY
```

1    DON'T WE JUST BEGIN WITH THE ARGUMENTS AND I WILL ASK MY

2    QUESTIONS AS WE GO.

3              MR. ALLEN, GO AHEAD SIR.

4              MR. ALLEN:  THANK YOU, YOUR HONOR.

5         YOUR HONOR, I HAVE THREE THINGS I WOULD LIKE TO TALK

6    ABOUT.  ONE IS WHAT IS THE PROBLEM THAT BRINGS US HERE.

7         TWO, HOW DOES THE PROBLEM PERSIST EVEN AT THIS PARTICULAR

8    STAGE OF THIS DISPUTE.

9         AND THREE, WHAT ARE THE OPTIONS FOR SOLUTIONS.

10        WHAT IS THE PROBLEM?  IN NEGOTIATING THE STIPULATED ORDER

11   THAT WAS ENTERED ON OCTOBER 2, SAMSUNG AND NOKIA DEVISED A

12   PROCESS TO LOCATE THE IMPROPERLY REDACTED NOKIA CBI THAT WAS

13   PRESENT IN SAC'S FACILITIES IN THEIR COMPUTERS AND SO FORTH.

14        THE PURPOSE OF IT WAS TO LOCATE AND REMEDIATE OR DELETE

15   ALL OF THE INFORMATION.  IT SEEMS SORT OF OBVIOUS THAT IT WOULD

16   HAVE BEEN SOMETHING OF A HOLLOW PURPOSE IF IT WAS ONLY TO GO

17   GET A PORTION OF THE DOCUMENTS THAT CONTAINED NOKIA'S

18   CONFIDENTIAL INFORMATION.  WE DESIGNED IT TOGETHER TO GET ALL

19   OF THE INFORMATION

20             THE COURT:  AND ON THAT POINT, MR. ALLEN, I JUST WANT

21   TO KIND OF PUT OUT THERE EXACTLY WHERE THE PARTIES ARE PERHAPS

22   IN DISAGREEMENT.

23        I TAKE IT WHAT YOU ARE REALLY GETTING AT IS THIS IS MORE

24   THAN JUST THE ACTUAL COPIES OF THE INSUFFICIENTLY REDACTED

25   TEESE REPORT, IT'S ANY REFERENCES TO OR CUT AND PASTE FROM

1           MR. ALLEN:  THAT'S CORRECT, YOUR HONOR.

2       AND I THINK IT MIGHT BE HELPFUL TO TALK ABOUT THE PROCESS

3   WE DESIGNED AND WHAT THE PURPOSE OF IT WAS AND HOW WE DESIGNED

4   IT.

5       AND I THINK IT PAINTS A FAIRLY CLEAR PICTURE OF THE PATH

6   THAT NOKIA AND SAMSUNG NEGOTIATED AND CONSENTED TO IN THE

7   OCTOBER 2 ORDER.

8       THE PROCESS INVOLVED, THERE'S A VARIETY OF COMPONENTS OF

9   THAT ISSUE, BUT THE PROCESS WE ARE HERE TODAY TALKING ABOUT,

10  INVOLVED A CAREFUL AND CLOSELY NEGOTIATED COLLECTION OF SEARCH

11  TERMS THAT WERE DESIGNED, I MEAN OBVIOUSLY IF THE PURPOSE WAS

12  TO ONLY LOCATE THE TEESE REPORT IT WOULD HAVE BEEN A FAIRLY

13  EASY PROCESS TO NEGOTIATE

14          THE COURT:  I'M NOT SO SURE THAT'S TRUE.

15      I TAKE YOUR POINT IT'S CERTAINLY MORE COMPLICATED

16          MR. ALLEN:  WOULD HAVE BEEN EASIER.  THAT'S A FAIR

17  POINT.

18      SO WE DID, WITH SAMSUNG, NEGOTIATE A COLLECTION OF SEARCH

19  TERMS THAT WERE DESIGNED TO LOCATE NOT JUST THE TEESE REPORT,

20  AND YOU WILL ALSO RECALL THAT THE OCTOBER 2 ORDER ALSO COVERS

21  THE DOCUMENTS THAT WERE DISCLOSED IN THE TIC AS WELL.

22      BUT TO LOCATE DOCUMENTS THAT WERE DERIVATIVE OF, IF YOU

23  WILL, OR THAT MADE REFERENCE TO OR UTILIZED THE INFORMATION IN

24  THE TEESE REPORT BUT DID NOT INCLUDE AN ACTUAL COPY OF THE

25  TEESE REPORT.

1    THE PROCESS TO FOLLOW AFTER THE SEARCH TERM WERE AGREED

2    IS THAT SAMSUNG WAS GOING TO RETAIN AND DID RETAIN STROZ

3    FRIEDBERG, AND LET ME BACK UP FOR JUST A SECOND.

4    THE SEARCH TERMS PART OF THE PROCESS IS DONE.  THAT WAS

5    DONE SOMETIME LAST YEAR.  SAMSUNG WAS TO RETAIN STROZ FRIEDBERG

6    AND THEY WERE TO CONDUCT AN AUDIT OF THE RELEVANT CUSTODIANS AT

7    SAMSUNG.

8    AND THEY WERE TO COLLECT AND PRESERVE ALL DOCUMENTS

9    QUOTING FROM THE ORDER, EVIDENCING RECEIPT OR DISSEMINATION OF

10   THE DISCLOSED INFORMATION, WHICH IS DEFINED BY THE LETTERS THAT

11   MR. BECHER HAD SENT TO ME INDICATING WHERE SAMSUNG HAD FOUND

12   THAT THEY HAD IMPROPERLY RECEIVED

13   THE COURT:  SO LET ME STOP YOU THERE, MR. ALLEN, TO

14   MAKE SURE I'M CAUGHT UP TO WHERE YOU ARE AT.

15   WHERE WE ARE AT, AT THIS POINT, IS SIMPLY THE POSITIVE

16   HITS ON THOSE SEARCH TERMS IN THE DESIGNATED CUSTODIANS AND

17   OTHER REPOSITORIES?

18   MR. ALLEN:  CORRECT.

19   I WILL STOP AND SAY IT'S ENTIRELY POSSIBLE THE SEARCH TERMS

20   MAY HAVE HIT DOCUMENTS THAT DID NOT INCLUDE NOKIA CBI.  BUT THE

21   PURPOSE OF THE SEARCH TERMS THE PARTIES NEGOTIATED WAS TO FIND

22   THOSE DOCUMENTS.

23   THE COURT:  BY DEFINITION, ANY SEARCH TERM IS AN

24   APPROXIMATION IT MAY BE BOTH OVER EXCLUSIVE AND UNDER

25   EXCLUSIVE, CORRECT?

1          MR. ALLEN:  CORRECT.

2      SO STROZ FRIEDBERG WAS TO CONDUCT AN AUDIT AND USE THE

3  SEARCH TERMS TO COLLECT AND PRESERVE THE DOCUMENTS.

4          AS FAR AS WE KNOW, THAT PROCESS HAS ALSO BEEN COMPLETED.

5  I SAY AS FAR AS WE KNOW BECAUSE I DON'T HAVE THE VISIBILITY

6  INTO IT.  AS YOU WILL RECALL THE PROCESS TOOK ON A LIFE OF ITS

7  OWN.  I KNOW THAT STROZ FRIEDBERG CONDUCTED AN AUDIT.  I KNOW A

8  LOG WAS CREATED FOLLOWING THE AUDIT.  I DON'T KNOW WHAT SEARCH

9  TERMS OF WERE WERE USED OR WHAT PROCESS.  BUT I FRANKLY AGREED

10  THE SEARCH TERMS WERE USED IF ARE THAT PROCESS.

11          IF I'M INCORRECT MY FRIENDS FROM SAMSUNG WILL TELL ME.

12          PURSUANT TO PARAGRAPH SEVEN OF THE OCTOBER 2 ORDER, AND

13  BASED ON THE AUDIT, STROZ FRIEDBERG WAS TO PREPARE A LOG OF ALL

14  INSTANCES WHERE THE DISCLOSED INFORMATION WAS DISSEMINATED OR

15  IN WHICH THE DISCLOSED INFORMATION WAS REFERENCED OR USED.  AND

16  THAT'S IT.

17          AND THE LOG THAT THEY WERE TO CREATE, WHILE IT HAD MANY

18  CHARACTERISTICS THAT A TYPICAL LOG WOULD HAVE, THE ONE

19  IMPORTANT CHARACTERISTIC THAT THIS ONE HAD THAT THE PARTIES

20  NEGOTIATED WAS THAT THE LOG WAS TO INCLUDE A DESCRIPTION OF THE

21  SUBJECT MATTER OF THE DOCUMENT SUFFICIENT TO UNDERSTAND THE

22  NATURE OF THE USE OR THE REFERENCE OF THE DISCLOSED

23  INFORMATION.

24          THE LOG CALLED FOR HAS NEVER BEEN PREPARED IN THIS CASE.

25  I DON'T THINK THERE'S ANY DISPUTE ABOUT THAT

1          THE COURT:  MAY I ASK YOU, MR. ALLEN, DO YOU KNOW

2     THAT IT HASN'T BEEN PREPARED OR SIMPLY THAT ONE HAS NOT BEEN

3     PRODUCED TO NOKIA?

4          MR. ALLEN:  THAT'S A FAIR POINT, YOUR HONOR.

5          ONE HAS NEVER BEEN PROVIDED TO US.

6          SAMSUNG HAS TEMPTED ON SEVERAL OCCASIONS TO AVOID THE

7     REQUIREMENTS OF THE OCTOBER 2 ORDER, THEY PALED THE IMPOSITION

8     OF THE OCTOBER 2 ORDER TO JUDGE KOH.

9          JUDGE KOH REJECTED THE APPEAL, AND SPECIFICALLY SAID THAT

10    THE OCTOBER 2 ORDER, STIPULATED ORDER, CONTAINED IMPORTANT

11    COMPONENTS THAT WERE DISTINCT FROM OTHER ORDERS THE COURT HAD

12    ENTERED AND THAT THERE WAS NO REASON TO REJECT IT.

13         THE COURT:  CAN I ASK YOU, YOU UNDOUBTEDLY HAVE A

14    FIRMER GRASP OF THE INTRICATE PROCEDURAL HISTORY OF THIS

15    DISPUTE.

16         MR. ALLEN:  OH, I DON'T KNOW THAT THAT'S TRUE.

17         THE COURT:  I SUSPECT IT IS, MY MEMORY IS SHORT TERM

18    ESPECIALLY AFTER A LONG WEEK OF TRIAL.

19         IF I RECALL CORRECTLY THE OCTOBER 2, WAS A STIPULATED

20    ORDER.  THIS WAS AN ORDER THE PARTIES AGREED TO.

21         MR. ALLEN:  THAT'S CORRECT.

22         THE COURT:  AND THE SET OF APPEALS TO JUDGE WERE NOT

23    SPECIFICALLY OF THAT ORDER, IT WOULD BE SOMEWHAT SILLY FOR A

24    PARTY TO TAKE AN APPEAL OF ITS OWN STIPULATION, BUT RATHER

25    OTHER ORDERS ISSUED BY THIS COURT WHICH IMPLICATED THE

1       OBLIGATIONS UNDER THAT STIPULATED ORDER, FAIR.

2                MR. ALLEN:  NO, SIR.

3                THE COURT:  CORRECT ME WHY WHERE I HAVE IT WRONG.

4                MR. ALLEN:  AS I KNOW THE STATE OF AFFAIRS, SAMSUNG

5       DID APPEAL THE ORDER AND THE POSITION, THEY CAN DESCRIBE THEIR

6       LOGIC BETTER THAN I CAN, THE POSITION THAT THEY TOOK WAS THAT

7       GIVEN THE OTHER ORDER THAT IS THIS COURT HAD ENTERED WITH

8       REGARD TO DOCUMENT PRODUCTION AND WITH REGARD TO OTHER

9       DISCOVERY, THAT THERE WAS NO LONGER A NEED FOR THE STIPULATED

10      ORDER.  I'M SURE I'M OVER SIMPLIFYING.

11               THE COURT:  I'M SURE MR. ZELLER OR MR. BECHER WILL

12      CORRECT BOTH OF US IF THAT'S INCORRECT.

13               MR. ALLEN:  BUT THAT'S SIMPLY THE POSITION THEY TOOK

14      AND JUDGE KOH REJECTED THAT.

15               THE COURT:  AND MAY I ASK IN EITHER THE ARGUMENTS TO

16      JUDGE KOH OR IN THE BRIEFING, DID NOKIA OR I GUESS APPLE FOR

17      THAT MATTER, EVER QUESTION SAMSUNG'S STANDING TO APPEAL A

18      STIPULATED ORDER?  WAS THAT AN ISSUE THAT WAS PRESENTED TO HER

19      HONOR IN AND THE CAPACITY.

20               MR. ALLEN:  YOUR HONOR, I'M NOT SURE IT WAS PRESENTED

21      AS A STANDING ISSUE BUT I THINK IT WAS MADE CLEAR IT WAS A

22      STIPULATED ORDER.  IT WAS SIMPLY DECIDED ON THE PAPERS.

23               THE COURT:  IN GO EVAPORATE, JUDGE KOH RULED ON THOSE

24      APPEALS, THERE MAY BE MORE 11, I WILL CONFESS IT'S A BIT BLURRY

25      TO ME AT THIS POINT.

1        IN ANY EVENT JUDGE KOH RULED ON THE ORDERS AND MADE THE

2   POINT IT IS YOU HIGHLIGHTED JUST A MINUTE AGO.

3            MR. ALLEN:  CORRECT.

4        AND I THINK WE HIGHLIGHTED IT IN GREATER DETAIL.

5        AND I HIGHLIGHT THE FACT SHE OBSERVED THERE WAS SOME OVER

6   LAP BETWEEN THE REQUIREMENTS OF THE STIPULATED ORDER AND OTHER

7   ARE ORDERS THIS COURT ENTERED BUT THAT THERE WERE DISTINCT

8   ELEMENTS OF THAT.

9        AND I HIGHLIGHT THAT BECAUSE ONE OF THE ARGUMENTS THAT

10  SAMSUNG ADVANCES IS THAT THIS IS SOMEHOW A VALLEYED MOTION FOR

11  RECONSIDERATION OF THE COURT'S JANUARY 29TH MOTION OR ORDER ON

12  SANCTIONS.  AND IT IS NOT AND IT IS NOT INTENDED TO BE.

13       THE RELIEF THAT WE SEEK HERE TODAY IS TOTALLY SEPARATE

14  AND APART FROM THAT THE RELIEVE WAS DEALT WITH IN THE COURT'S

15  ORDER.  AND WE DON'T SEEK TO REVISIT HERE TODAY ANY OF THE

16  DECISIONS BY THE COURT IN THE JANUARY 29 ORDER.

17       IN ADDITION TO ARGUING THAT IT'S A MOTION FOR

18  RECONSIDERATION, SAMSUNG HAS ARGUED THAT IT'S PRIVILEGE LOG IS

19  A SUFFICIENT REPLACEMENT FOR THE LOG IN THE OCTOBER 2 ORDER, AS

20  WE'VE POINTED OUT IN OUR PAPERS, WHILE THERE'S SOME OVER LAP

21  AND THERE'S SOME SIMILARITIES AND IF THE LOG CALLED FOR IN THE

22  OCTOBER 2 ORDER HAS NOT BEEN PRODUCED, THERE MAY BE

23  EFFICIENCIES THAT ARE RECOGNIZED FROM THE PRIVILEGE LOG AND THE

24  OCTOBER 2 ORDER, BUT IT DOESN'T ANSWER THE BELL THAT THE

25  OCTOBER 2 ORDER RINGS.

1       IT DOESN'T HAVE THIS REQUIREMENT OR MEET THIS

2   REQUIREMENT.  AND IN FACT DOESN'T EVEN ADDRESS THE REQUIREMENT

3   THAT THE LOG INCLUDED A DESCRIPTION OF THE SUBJECT MATTER OF

4   THE DOCUMENT SUFFICIENT TO UNDERSTAND THE NATURE OF THE USE OR

5   REFERENCE TO NOKIA'S CBI.

6           THE COURT:  SO IN ADDITION TO PERHAPS NOT

7   SUFFICIENTLY IDENTIFYING THE DOCUMENT FOR PURPOSES OF THE

8   OCTOBER SECOND ORDER, WHICH OF COURSE IS A DIFFERENT PURPOSE

9   THAN THE TRADITIONAL ONE WHEN ONE THINKS OF WITH RESPECT TO

10  PRIVILEGE LOGS.

11      THERE'S AN ISSUE THAT THE DOCUMENTS THAT WERE IDENTIFIED BY

12  THOSE SEARCH TERMS MAY NOT IMPLICATE PRIVILEGE MATERIALS AT ALL

13  AND THEREFORE WOULD NEVER APPEAR ON A LOG WHOSE OSTENSIBLE

14  PURPOSE IS TO IDENTIFY ATTORNEY CLIENT PRIVILEGE MATERIAL.

15          MR. ALLEN:  YOU HIT BOTH POINTS, YOUR HONOR.

16      I WILL MOVE BECAUSE I THINK YOU HAVE THEM.

17      AND AS YOU MIGHT IMAGINE, THE PRIVILEGE LOG HAS BEEN,

18  WELL YOU MATE NOT IMAGINE THIS, THE PRIVILEGE LOG HAS BEEN

19  IDENTIFIED AS HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY, SO I

20  WANT TO BE CAREFUL ABOUT.

21          THE COURT:  THE LOG ITSELF?

22          MR. ALLEN:  YES, SIR.

23          THE COURT:  WANT TO BE CAREFUL ABOUT DESCRIBING ITS

24  CONTENTS.

25      BUT YOU CAN REST ASSURED, I KNOW YOUR HONOR HAS A COPY OF

1    IT, THAT THE DESCRIPTIONS OF DOCUMENTS ARE QUITE GENERAL AND

2    THEY DO NOT MAKE ANY REFERENCE TO THE SUBJECT MATTERS THAT ARE

3    REQUIRED IN THE OCTOBER 2 ORDER.

4        AN ADDITIONAL ARGUMENT THAT SAMSUNG MAKES TO SEEK RELIEVE

5    FROM THE OCTOBER 2 ORDER IS THEY HAVE PRODUCED DOCUMENTS.

6    AGAIN, THE DOCUMENTS THAT THEY PRODUCE, IF I CAN, AND I WAS

7    GOING TO PASS THESE UP YOUR HONOR, BUT I CAN SHOW THEM TO YOU,

8    THE DOCUMENTS AS YOU WILL RECALL, WE TALKED ABOUT.

9        THE COURT:  THERE'S A LOT OF BLACK INK IN THE

10   DOCUMENT.

11       MR. ALLEN:  THERE'S ONLY BLACK INK IN THE DOCUMENT

12   EXCEPT FOR WHO WROTE IT AND WHO IT WAS SENT TO IN THE DATE.

13       IN MANY SUBSTANCES SEVEN THE SUBJECT LINE IS PLAQUED OUT.

14   SO THE PRODUCTION OF DOCUMENTS ALSO DOESN'T RING THE BELL

15   THAT'S IMBEDDED IN THE OCTOBER 2 ORDER.

16       THE -- FINALLY, ONE LAST ARGUMENT FROM SAMSUNG ABOUT WHY

17   THEY SHOULD BE RELIEVED OF THE ORDER IS THAT THEY HAVE PRODUCED

18   ALL THE DOCUMENTS UN REDACTED TO THE COURT FOR REVIEW.

19       AND THAT SOMEHOW OR ANOTHER THE COURT WAS RESPONSIBLE FOR

20   SOMEHOW DOING SOMETHING THAT RELIEVED THEM OF THE REQUIREMENT

21   OF PRODUCING THE LOG IN THE OCTOBER 2 ORDER.

22       I'M NOT QUITE, JUST TO BE HONEST WITH YOU I'M NOT QUITE

23   CLEAR ON THAT.  WE CERTAINLY DIDN'T ANTICIPATE, AND I HAVEN'T

24   HEARD THE COURT ARTICULATE, UNFORTUNATELY IN THE MANY TIMES

25   I'VE BEEN HERE, THAT IT HAD CONDUCTED REVIEW OF THE DOCUMENTS

1    TO DETERMINE WHETHER THEY CONTAIN ANY DISCUSSION OR REFERENCE

2    OR ALL USES OF THE NOKIA CBI THAT WAS AT ISSUE.

3         SO WE COME TO THE THIRD CATEGORY AND THAT IS WHERE DO WE

4    GO FROM HERE?  AND IT PROBABLY WON'T SURPRISE YOU THAT THE

5    OBVIOUS ANSWER FROM NOKIA'S PERSPECTIVE IS MAKE THE LOG.  MAKE

6    THE LOG THAT YOU AGREED TO MAKE, HAVE STROZ DO IT, AND IF

7    THERE'S SOME EFFICIENCY THAT CAN BE GAINED FROM USING THE WORK

8    THAT'S ALREADY BEEN DONE AND A PRIVILEGE LOG THAT'S ALREADY

9    BEEN DONE, THEN BY ALL MEANS LET'S BE AS EFFICIENT AS WE CAN.

10   WE DIDN'T COME HERE TO ARGUE FOR ARGUEANCE SAKE.

11        WE ARE TRYING TO FIND, FRANKLY, A PATH AWAY FROM THIS

12   PROCESS BUT WE CAN'T JUST WALK AWAY AND IGNORE THE FACT THAT

13   NOKIA CBI IS APPARENTLY STILL RESIDENT AT SAMSUNG.

14        THE OTHER TWO OPTIONS THAT WE'VE OFFERED TO SAMSUNG IS

15   DELETE ALL OF THE DOCUMENTS, JUST REMEDIATE ALL OF THE

16   DOCUMENTS THAT ARE ON THE LOG THAT YOU HAVE CREATED.  AND LET'S

17   TAKE IT FROM THERE.

18        THEY CAN ALSO PRODUCE ALL OF THE DOCUMENTS AND WE WILL

19   LOOK AT THEM AND MAKE A DETERMINATION.

20             THE COURT:  AS TO THAT FIRST ALTERNATIVE YOU JUST

21   DESCRIBED.

22        ARE YOU SAYING THAT NOKIA WOULD ACCEPT A REPRESENTATION,

23   PERHAPS A DECLARATION UNDER OATH FROM SAMSUNG CONFIRMING THAT

24   ALL THOSE DOCUMENTS HAD BEEN DELETED?

25             MR. ALLEN:  I THINK THE REPRESENTATION WOULD COME

1     FROM STROZ FRIEDBERG, BUT I THINK THAT WOULD WORK, YOUR HONOR.

2          THE -- WE HAVE MADE THAT SUGGESTION TO THEM AND SO FAR

3     THEY HAVEN'T TAKEN US UP ON IT.

4          AND I WILL POINT OUT THERE THAT, AND WE MADE THIS POINT

5     IN OUR REPLY PAPERS, THAT ONE OF THE THINGS THAT HAS BEEN

6     ABSENT AND WE HAVE ASKED THIS QUESTION IN OUR DISCUSSIONS WITH

7     SAMSUNG AND HAVE GOTTEN NO RESPONSE, MUCH LESS AN AFFIRMATIVE

8     RESPONSE, AND THAT IS, CAN YOU CERTIFY, CAN YOU CERTIFY THAT

9     AFTER YOU'VE REMOVED THE TEESE REPORT AND THE TIC REPORT THAT

10    YOU DON'T HAVE ANY NOKIA CBI DOCUMENTS OUT IN THE COMPUTERS AND

11    LAPTOPS AND SO FORTH AT SAMSUNG, AND SO FAR THERE'S BEEN NO

12    POSITIVE RESPONSE TO THAT.

13         AND CERTAINLY, LET ME JUST SAY, IF SOMEBODY IS GOING TO

14    STAND UP TODAY AND SAY I DON'T THINK THERE'S ANY.

15         NUMBER ONE, NOBODY HAS EVER SAID THAT TO US BEFORE, BUT

16    SOMETHING MORE THAN I DON'T THINK THERE'S ANY OR A

17    REPRESENTATION FROM A LAWYER IN THE COURTROOM THAT I DON'T

18    BELIEVE THERE ARE, IS A LITTLE BIT LESS THAN WHAT I THINK WE

19    ARE AT LEAST ENTITLED TO AT THIS STAGE IN THE GAME.

20         THE COURT:  THAT'S REALLY WHAT I WAS GETTING TO

21    EARLIER WITH MY QUESTION EARLIER OF WHAT NOKIA WOULD ACCEPT AS

22    SATISFACTION, SOME KIND OF SWORN STATEMENT FROM AN APPROPRIATE

23    REPRESENTATIVE OR DESIGNEE THAT NO SUCH INFORMATION WAS IN

24    SAMSUNG'S POSSESSION.

25         MR. ALLEN:  IF THE PROCESS THAT I DESCRIBED EARLIER

1   THAT PARTIES HAD GREED TO WAS SUPPLIED AND THAT WAS THE

2   CONCLUSION, THE ANSWER WOULD BE YES.

3          FINALLY YOUR HONOR, WE'VE ALSO ASKED FOR THE PRODUCTION

4   OF THE DOCUMENTS THAT THE COURT IDENTIFIED IN ITS OCTOBER 29

5   ORDER AND ITS OCTOBER TO SHOW CAUSE ORDER, SAMSUNG HAS -- THOSE

6   ARE DO YOU REMEMBERS THAT THE COURT FOUND EITHER PRIVILEGED TO

7   THE EXTENT IT EXISTED HAD BEEN WAIVED OR THAT THERE WAS NO

8   PRIVILEGE AND THEY ARE DETAILED IN THE COURT'S ORDERS, I'M

9   HAPPY TO TALK THROUGH THEM IN DETAIL.

10         I THINK SAMSUNG'S PRIMARY RESPONSE TO THAT IS THAT THIS

11   MATTER IS OVER AND SO THERE'S NO REASON FOR NOKIA.

12          THE COURT:  I THINK THEIR PRIMARY SENSE IS I GOT IT

13   WRONG.  BUT THEY MAY ALSO -- AND A THEY ARE ENTITLED TO THAT

14   POSITION.  I DON'T WANT TO DISPARAGE IT, BUT JUST TO BE CLEAR.

15          MR. ALLEN:  I WILL LET THEM ADVANCE THAT CASE.

16         BUT LET ME SAY TWO THINGS ABOUT THAT.

17         ONE IS THE DOCUMENTS MAY ILLUMINATE THE PROCESS WE ARE

18   TALKING ABOUT.  WHAT WE ARE TALKING ABOUT HERE TODAY IS A

19   PROCESS THAT WILL GIVE US A PATH FORWARD TO FIGURE OUT WHAT

20   SAMSUNG CONTINUES TO HAVE IN ITS POSSESSION THAT CONTAINS NOKIA

21   CBI.

22         BUT TWO, IN ADDITION TO THAT, THEY ARE THE DOCUMENTS THAT

23   THE COURT'S JANUARY 29TH ORDER ARE BASED ON.  THE COURT

24   REFERENCES THEM AND INCORPORATES THEM.

25         SAMSUNG HAS INDICATED TO US AN INTENTION TO APPEAL THE

```
 1   ORDER OR PARTS OF THE ORDER, THEIR RIGHT, DEFENDANT FOR US TO

 2   PARTICIPATE IN AN APPEAL OF THAT ORDER IF WE DON'T EVEN HAVE

 3   THE DOCUMENTS UPON WHICH IT'S BASED.  THAT SEEMS BASIC TO ME

 4          THE COURT:  LET ME GO BACK TO YOUR EARLIER POINT, MR.

 5   ALLEN, RATHER THAN DANCING AROUND THIS, LET'S TALK ABOUT IT

 6   DIRECTLY.

 7      WHERE DOES THIS ALL GO?  BECAUSE AS I THINK I SUGGESTED

 8   MANY MONTHS AGO I WAS KEEN TO DEAL WITH THIS ISSUE, WRAP IT UP

 9   AND MOVE ON.  NOT JUST FOR MY BENEFIT, BUT FOR THE PARTY'S

10   BENEFIT.

11          OBVIOUSLY, I HAVE FAILED MISERABLY IN THAT EFFORT.  WHERE

12   DOES THIS GO IF I GIVE YOU SOME OR ALL OF THE RELIEF YOU ARE

13   SEEKING?

14          AM I GOING TO BACK HERE IN YET ANOTHER HEARING ON ANOTHER

15   SET OF MOTIONS?  WHAT'S THE END GAME HERE?

16          MR. ALLEN:  LET ME SAY TWO THINGS.

17      I DON'T THINK THIS PROCESS HAS GONE HOW ANY OF US

18   ENVISIONED IT WAS GOING TO GO.  IT CERTAINLY DIDN'T GO HOW I

19   ENVISIONED IT WAS GOING TO GO WHEN WE FILED FOR PROTECTIVE

20   ORDER LAST JULY.

21      TWO, SAMSUNG HAS DEMONSTRATED THEY FAIRLY PROMPTLY EASILY

22   AND THE EFFICIENTLY REDACTED THE DOCUMENTS THAT YOUR HONOR

23   INSTRUCTED THEM TO REDACT IN THE JANUARY 29TH ORDER.

24      I DON'T THINK THAT PROCESS IS ALL THAT DIFFICULT AT THIS

25   STAGE.
```

```
1        SO WHERE I'M OPTIMISTIC THE PROCESS WOULD GO IS WE HAVE

2   SUFFICIENT INFORMATION IN THE FORM OF THE LOG TO COMPLETE THE

3   DISCUSSION ABOUT WHAT SHOULD AND SHOULD NOT BE REDACTED.  WE

4   HAVE THAT DISCUSSION, THE DECISION IS MADE, HOPEFULLY MADE

5   WITHOUT COMING BACK TO THE COURT AND ASKING THE COURT TO

6   RESOLVE SOME COMPONENT OF IT AND IT'S REDACTED.

7        THEN I DON'T COME BACK HERE AT LEAST ON THIS DAYS

8            THE COURT:  I'M SORRY, FOR INTERRUPTING YOU.

9        WHEN YOU SAY REDACTED DO YOU MEAN DELETED?

10           MR. ALLEN:  DELETED, REMEDIATED.  I USED THE WRONG

11  WORD, YOUR HONOR.

12           THE COURT:  OKAY.  I MIGHT HAVE FURTHER QUESTIONS YOU

13  ABOUT I WOULD LIKE TO HEAR FROM SAMSUNG ON THIS.

14       MR. ZELLER, MR. BECHER, WHO WANTS TO SPEAK TO THESE

15  ISSUES?

16           MR. ZELLER:  FIRST, LET ME REITERATE WE MADE VERY

17  CLEAR WE ARE NOT GOING TO APPEAL THE UNDER LYING ORDER THE

18  JANUARY 29TH ORDER.  WE HAVE SAID THAT BEFORE, WE SAID IT IN

19  OUR PAPERS.

20       THERE IS THE ISSUE OF THE WAIVER FINDING IN THE FOOTNOTE,

21  THAT IS THE FULL SCOPE OF WHAT WE INTEND TO APPEAL.

22       MR. ALLEN, BOTH UNDERSTATES THE SCOPE OF THE PRIOR

23  PRODUCTION AND OVER STATES THE SCOPE OF THE STIPULATION.

24       THE COURT WILL RECALL THAT IT ORDERED US TO PRODUCE, ALL

25  DOCUMENTS THAT RELATED TO APPLE'S LICENSE WITH NOKIA.  AND
```

1    THAT'S WHAT WE DID ASK THAT'S WHAT WE LOGGED.

2         THOSE ARE ALSO THE DOCUMENTS THAT HAVE BEEN REMEDIATED.

3    SO THIS IDEA THERE'S SOME CATEGORY THAT'S FALLEN BY THE WEIGH

4    SIDE IS JUST NOT CORRECT.

5         THE COURT:  SO MR. ZELLER, IF THAT'S TRUE, PERHAPS WE

6    ARE DONE HERE THIS AFTERNOON.

7         IF YOU ARE SAYING THE DOCUMENTS THAT RELATE TO THIS NOKIA

8    CBI ISSUE HAVE BEEN PRODUCED AND REMEDIATED, WHY NOT CERTIFY

9    THAT AND CALL IT A DAY?

10        MR. ZELLER:  THERE IS A DISPUTE, BUT IT'S A FAR MORE

11   NARROW ONE THAN I THINK NOKIA IS REALLY CONVEYING HERE.

12        WE HAVE REMEDIATED THE TEESE REPORT AND CONSISTENT WITH

13   THE COURT'S ORDER.  WE HAVE ALSO, AND THIS WAS WITH THE

14   AGREEMENT OF THE PARTIES, WE REMEDIATED THE TIC MATERIALS SO

15   THAT I THINK IS OFF THE TABLE, THAT IS SOMETHING WE HAVE DONE.

16        THEY HAVE ASKED FOR A BROADER REPRESENTATION AND WE HAVE

17   SAID THE ONLY REASON WE CAN'T GIVE THE PROCEEDER REPRESENTATION

18   IS BECAUSE OBVIOUSLY THERE'S THE NETHERLANDS SPREADSHEETS

19   EMPLOY THAT IS SOMETHING THAT SAMSUNG WAS ENTITLED TO HAVE BY

20   AGREEMENT FROM APPLE.

21        I'M NOT ENTIRELY SURE WHAT NOKIA'S POSITION IS ON THAT

22   BUT WE HAVE MADE VERY CLEAR THAT WE HAVE NOT REMEDIATED AND

23   DON'T INTEND TO REMEDIATED.

24        THAT IS WHERE THERE'S SOME DISPUTE, MAYBE WE WILL HEAR

25   MORE FROM NOKIA AND THERE'S NO DISPUTE OVER THAT.  BUT THAT'S

1    BEEN THE IMPEDIMENT TO BEING ABLE TO SAY THAT.

2         THE COURT:  IT'S REALLY THAT ONE SPREADSHEET FROM THE

3    NETHERLANDS' LITIGATION.

4         MR. ZELLER:  CORRECT.  BECAUSE WE ARE ENTITLED TO

5    HAVE THAT.  THAT WAS AGREED UPON BY APPLE.

6         THE COURT WILL RECALL IN THE CONTEXT OF THE NETHERLANDS,

7    THE PARTIES AGREED THAT UP TO TEN SAMSUNG REPRESENTATIVES COULD

8    HAVE THE SPREAD SHEET AND SO ON.

9         SO IT ENCOMPASSED BECAUSE IT WAS THE SCOPE OF THE COURT'S

10   ORDER AS ANYTHING THAT RELATED TO APPLE'S LICENSE WITH NOKIA,

11   NATURALLY THOSE COMMUNICATIONS SHOWED UP ON THE LOG.  I MEAN,

12   THERE'S NO QUESTION ABOUT THAT, THEY FELL WITHIN THE SCOPE OF

13   IT.

14        SO THAT'S SORT OF WHERE WE HAVE AN ISSUE.

15        NOW THERE IS ANOTHER ONE AND THAT PERTAINS TO THE OUTSIDE

16   FOREIGN LAW FIRMS.  THAT'S POSSIBLE PROBABLY NOT QUITE RIPE YET

17   TO REALLY GET TO.

18        WE HAVE BEEN ENGAGING WITH NOKIA AND APPLE AS TO HOW TO

19   REMEDIATE THOSE.  BUT THERE MAY VERY WELL BE SOME INSTANCES

20   WHERE OUTSIDE LAW FIRMS HAVE A RIGHT, AN INDEPENDENT RIGHT TO

21   HAVE THE MATERIALS BECAUSE OF, SAY FOR EXAMPLE NEWSCAST

22   AUSTRALIAN LITIGATION SOME OF THE SAME INFORMATION IS IN THE

23   LEGITIMATE TO POSSESSION OF OUTSIDE COUNSEL.

24        SO WE ACKNOWLEDGE THAT THE SAMSUNG REPRESENTATIVES SHOULD

25   NOT HAVE THE INFORMATION, WE CAN ABSOLUTELY SAY THAT INSTANCES

1    WHERE THE SAMSUNG REPRESENTATIVES IN THE WAYS THAT I HAVE BEEN

2    TALKING ABOUT IT, YOU KNOW, ARE NOT LEGITIMATELY IN POSSESSION

3    OF THE INFORMATION, WE HAVE REMEDIATED THAT.

4            THE COURT:  LET ME ASK YOU A FOLLOW UP QUESTION ON

5    THAT MR. ZELLER.  I DON'T HAVE TO SUSPECT OR GUESS.  I KNOW YOU

6    KNOW A LOT MORE ABOUT HOW PROTECTIVE ORDERS WORK OR DON'T WORK

7    IN PLACES LIKE AUSTRALIA AND THE NETHERLANDS.

8        IF I UNDERSTAND WHAT YOU JUST SAID WHETHER WE ARE TALKING

9    ABOUT THE NETHERLANDS SPREADSHEET OR INFORMATION IN THE

10   POSSESSION OF OUTSIDE FOREIGN LAW FIRMS, IT WOULD SEEM THAT IN

11   EACH ONE OF THOSE INSTANCES THAT INFORMATION WAS IN THAT

12   ENTITY'S POSSESSION BY VIRTUE OF A COURT ORDER OF SOME KIND.

13   IS THAT ACCURATE?

14           MR. ZELLER:  THAT'S ABSOLUTELY CORRECT.

15      THAT'S WHY WE ARE SAYING.  IT'S LEGITIMATELY IN THE

16   POSSESSION OF WHETHER THE OUTSIDE LAW FIRM THAT WE ARE TALKING

17   ABOUT OR THE PARTICULAR SAMSUNG REPRESENTATIVES.

18           THE COURT:  THAT'S ESSENTIALLY NO DIFFERENT THAN

19   QUINN EMANUEL'S POSSESSION OF THIS INFORMATION.

20           MR. ZELLER:  THAT'S CORRECT.

21      AND THAT'S WHY WE DON'T THINK THAT THERE IS A REASONABLE

22   SOLUTION HERE TO JUST GO AND DELETE EVERYTHING THAT RELATES TO

23   NOKIA.  THAT'S JUST NOT REALISTIC.

24           BY THE WAY THE PARTIES ALSO, NOKIA AND SAMSUNG, THEY HAVE

25   PROCEEDING THEY HAVE AN ARBITRATION.  SO THE IDEA THAT WE JUST

1    HAVE TO GO AND BLINDLY DELETE EVERYTHING FROM -- THAT COULD

2    CREATE A REAL PROBLEM.  AND I DON'T EACH WANT TO EVEN THINK

3    ABOUT WHAT THE PRESERVATION ISSUES THAT WOULD BE IMPLICATED

4    THERE TOO.

5         BEAR IN MIND, WE DID RUN, AND WE TOLD NOKIA THAT WE RAN

6    THE AGREED UPON SEARCH TERMS THAT WAS AMONG THE UNIVERSE OF

7    DOCUMENTS WE REVIEWED AND ANYTHING THAT DID, WITHIN THE SCOPE

8    OF THE COURT'S ORDER REPORTED TO THE APPLE'S LICENSE WITH

9    NOKIA.  WE PRODUCE IT AND LOGGED IT.  AND THEY WERE AMONG THE

10   MATERIALS THE COURT SAW.

11        SO THERE WERE, HOWEVER WERE 60,000 HITS, MANY OF THEM OF

12   COURSE WERE FALSE POSITIVE, HAD NOTHING TO DO, AND IF IT DID

13   ACTUALLY RELATE TO APPLE'S LICENSE WITH NOKIA, WE PRODUCED IT

14   OR PUT IT ON THE LOG

15        THE COURT:  JUST TO BE CLEAR THOUGH, I DON'T QUIBBLE

16   WITH THIS BUT I WANT TO BE VERY CLEAR.  WHEN YOU SAY PRODUCED,

17   YOU ARE TALKING ABOUT PRODUCED TO THE COURT, NOT PRODUCED TO

18   NOKIA.

19        MR. ZELLER:  IF WE PRODUCED IT, IT WAS REDACTED FOR

20   PURPOSES OF PRIVILEGE IN THE LIKE.

21        BUT NO, WE DID ACTUALLY PRODUCE DOCUMENTS, YOU KNOW, MR.

22   ALLEN HELD UP AN EXAMPLE OF ONE THAT WAS REDACTED.  WELL, YOU

23   KNOW IT WAS REDACTED BECAUSE OF PRIVILEGE.

24        WE SORT OF HAVE BEEN DOWN THAT ROAD I KNOW WITH PRIOR

25   HEARINGS SO I WON'T BELABOR IT, BUT WE EITHER DID PRODUCE THE

1   DOCUMENT TO APPLE AND NOKIA TO THE EXTENT WE COULD CONSISTENT

2   WITH PRIVILEGE AND FOR DOCUMENTS THAT WERE WITH HELD IN THEIR

3   ENTIRETY THEN, YOU KNOW, AS WELL AS EACH THE REDACTED

4   DOCUMENTS, ALL THOSE WERE ON THE LOG AND ALL THOSE DOCUMENTS

5   ALSO WERE SUBSEQUENTLY THE ONES AMONG THE ONES THAT THE COURT

6   REVIEWED IN CAMERA.

7           THE COURT:  MR. ZELLER, I WANT TO GO BACK TO YOUR

8   EARLIER POINT.

9           IT WOULD SEEM THAT SAMSUNG WOULD HAVE NO PROBLEM

10  SUBMITTING A SWORN DECLARATION OF SOME KIND CERTIFYING THAT ANY

11  COPY OF NOKIA'S CBI THAT WE TALKING ABOUT IN THIS PROCEEDING

12  THAT'S IN THE POSSESSION OF ONE OF ITS AGENTS IS PURSUANT TO

13  COURT ORDER, RIGHT?

14          I MEAN, THAT'S WHAT YOU'VE TOLD ME HERE THIS AFTERNOON.

15  AND IF THAT'S TRUE, WOULD THERE BE ANY PROBLEM IN SIMPLY

16  CERTIFYING THAT?  IT SEEMS LIKE THAT WOULD GET US 95, IF NOT A

17  HUNDRED PERCENT OF THE WAY THERE.

18          MR. ZELLER:  I SUSPECT THAT'S RIGHT.  THERE ARE

19  OBVIOUSLY THESE EXCEPTIONS WE'RE TALKED ABOUT.

20          THE COURT:  AGAIN, THOSE ARE SUBJECT TO COURT ORDER,

21  RIGHT.

22          MR. ZELLER:  WELL, I DON'T WANT TO NECESSARILY

23  QUIBBLE WITH THE SCOPE OF THE COURT ORDER AND THE LIKE.  TO

24  WHAT DEGREE THE COURT IN THE NETHERLANDS, FOR EXAMPLE SAID OH,

25  YOU KNOW I'M ORDERING IT SUCH THAT SAMSUNG CAN HAVE POSSESSION

1     OF THIS, THINGS ARE A LITTLE BIT MORE INFORMAL, AS I UNDERSTAND

2     IT, IN SOME OF THE PROCEEDINGS THERE.  IT MAY NOT EVEN BE AN

3     ACTUAL ORDER.  SO I DON'T WANT TO QUIBBLE WITH THE TERM COURT

4     ORDER.

5             THE COURT:  I APPRECIATE THE FOREIGN COURT'S MAY NOT

6     HAVE THE SAME STRUCTURE OF MEMORIALIZING THEIR EDICTS THE WAY

7     WE DO.  NEVERTHELESS, IT WOULD BE PURSUANT TO COURT AUTHORITY

8     OF ONE FORM OR ANOTHER.

9             MR. ZELLER:  OR WHERE IT WAS OTHERWISE, SAY FOR

10    EXAMPLE WITH APPLE'S CONSENT THAT WE HAD.  THAT'S PROBABLY THE

11    EASIEST WAY OF CHARACTERIZING WHAT HAPPENED IN THE NETHERLANDS

12    BECAUSE THAT WAS WITH APPLE'S CONSENT.  TO THE DEGREE IT HAD,

13    THE FORMAL COURT IMPRIMATUR, I WOULD HAVE TO CHECK WITH

14    NETHERLANDS COUNSEL.

15            THE COURT:  OKAY.  ALL RIGHT.

16            MR. ZELLER:  SO I THINK THAT SORT OF COVERS THE POINT

17    ABOUT HOW, THERE'S BEEN AN UNDERSTATEMENT OF THE SCOPE OF WHAT

18    ACTUALLY WAS DONE HERE IN THIS CASE AND WHAT WAS REMEDIATED.

19        THERE'S ALSO AN OVERSTATEMENT FROM OUR PERSPECTIVE AND

20    NOKIA'S POSITION AS TO WHAT THE REMEDIATED WAS STIPULATION

21    CALLS FOR.

22        PARAGRAPH 9 SAYS, THAT THE REMEDIATION IS TO ACQUIRE

23    QUINN EMANUEL TO TAKE ALL NECESSARY STEPS WITHIN ITS POWER TO

24    SECURE THE RETURN OR VERIFY DESTRUCTION OF THE DISCLOSED

25    INFORMATION OR ANY DOCUMENTS CONTAINING THE DISCLOSED

1    INFORMATION IN THE POSSESSION OF THE FIRM, SAMSUNG, QUINN

2    EMANUEL AND ANY PERSON TO WHOM THE DISCLOSED INFORMATION WAS IF

3    YOU RECOLLECT DISSEMINATED.

4         DISCLOSED INFORMATION IS A DEFINED TERM.  IT IS A CAPITAL

5    D, CAPITAL I.

6         DISCLOSED INFORMATION IS DEFINED IN PARAGRAPH 3 BY VIRTUE

7    OF THE TWO LETTERS THAT WE SENT TO OLSEN AND BERG, NOKIA'S

8    COUNSEL.

9         AND THOSE ARE THE JULY 16TH AND AUGUST FIRST 2013

10   LETTERS.

11        AND THEN THE COURT WILL RECALL, OF COURSE, THAT IS IN

12   FACT EXACTLY A SUBSET OF THE VERY MATERIAL THAT IS THIS COURT

13   ORDERED.

14        SO IT, SO THIS IS NOT AN INSTANCE WHERE JUST ANY AND ALL

15   REFERENCES TO NOKIA OR ITS CBI OR WHATEVER THE CASE MAY BE,

16   SOMEHOW HAS TO BE JUST DELETED FROM SAMSUNG'S SERVERS.  THAT'S

17   NOT WHAT THE STIPULATION CONTEMPLATES.  IT IS MY REFERENCE TO

18   THE "DISCLOSED INFORMATION."

19        AND THEN THAT'S WHERE I THINK THEY ARE OVER STATING THE

20   SCOPE OF THE STIPULATION.  BUT AGAIN, I'M NOT EVEN TRYING TO

21   NECESSARILY QUARREL OVER THIS BECAUSE WE DO WANT TO REACH

22   AGREEMENT ON THIS.  WE DO WANT TO COME UP WITH A SOLUTION, NOT

23   BURDEN THE COURT FURTHER WITH THIS, AND SO I'M HOPEFUL THAT WE

24   CAN.

25        AND I THINK THAT THERE IS A PATH WAY THAT THE COURT IS

1    MENTIONING HERE IN TERMS OF US DEFINING VERY CLEARLY WHAT IT IS

2    THAT WE HAVE OR HAVE NOT DONE.

3         BUT THE IDEA THAT WE HAVE TO SORT OF GO ON THIS FURTHER

4    INQUIRY, WHERE THERE'S REALLY NO EVIDENCE WHATSOEVER, THAT

5    THERE'S FURTHER UNAUTHORIZED DISCLOSURES.

6         I MEAN, THERE'S BEEN OBVIOUSLY EXTENSIVE DISCOVERY, THE

7    COURT'S DONE TREMENDOUS AMOUNT WORK, MULTIPLE HEARINGS,

8    MULTIPLE BRIEFS, AND FRANKLY, RESPECTFULLY NOKIA IS SAYING

9    HERE, WELL, WE ARE WORRIED THERE'S SOMETHING ELSE, AND THAT'S

10   JUST SPECULATION

11         THE COURT:  MR. ZELLER, CAN I GO BACK TO THE

12   NETHERLANDS FOR A MOMENT.

13         AS I UNDERSTAND IT AND I RESPECT THAT YOU MAY NOT HAVE

14   THE FIND DETAILS OF DOCUMENT PRODUCTION REQUIREMENTS AND RULES

15   UNDER DUTCH LAW AT HAND, BUT AS I UNDERSTAND IT, YOU'VE

16   EXPLAINED NOW ON MULTIPLE OCCASION THAT IS THAT PRODUCTION OF

17   THE SPREADSHEET WAS DONE WITH APPLE'S PERMISSION.

18         MR. ZELLER:  CORRECT.

19         THE COURT:  APPLE SAID THAT WAS OKAY.

20         THE ONE OUTSTANDING CONCERN I HAVE AND PERHAPS THE MOST

21   SIGNIFICANT OUT STANDING CONCERN I HAVE IS THAT EACH IF APPLE

22   SAID IT WAS OKAY TO DO, DID THAT NECESSARILY MAKE IT OKAY FOR

23   SAMSUNG TO DO?

24         IN OTHER WORDS, NOKIA OBVIOUSLY HAS ITS OWN INDEPENDENT

25   INTEREST IN THE INFORMATION.  IS IT ENOUGH THAT APPLE SAID IT

```
 1    WAS OKAY TO GET SAMSUNG OFF THE HOOK OR HOW DO I RECONCILE THAT

 2    POTENTIAL INCONGRUITY.

 3              MR. ZELLER:  I THINK NUMBER ONE, FRANKLY TO THE

 4    EXTENT THAT NOKIA HAS AN ISSUE WITH THAT, THAT'S REALLY WITH

 5    APPLE.  AND POTENTIALLY SEEKING RELIEF IN THE NETHERLANDS

 6    COURT.

 7         CERTAINLY THE NETHERLANDS COURT WAS INVOLVED IN THIS

 8    PROCESS IN THIS DECISION.  FROM WHAT I -- AND THIS IS JUST TAKE

 9    IT FOR, AS OBVIOUSLY A NON NETHERLANDS LAWYER, BUT I HAVE HAD

10    THIS EXPLAINED TO ME.

11         SO WHAT I UNDERSTAND IS THERE WAS OF COURSE, THERE'S A

12    PATENT CASE THERE IN THE NETHERLANDS.  AND THE ISSUE WAS RAISED

13    ABOUT PRIOR LICENSES THAT MAY BE RELEVANT TO THE PATENTS, OF

14    COURSE, VERY SIMILAR TO WHAT WOULD OCCUR HERE IN THE UNITED

15    STATES, THE TERMS OF PRIOR LICENSES MAY HAVE AN AFFECT ON

16    DAMAGES OR ANY NUMBER OF ISSUES.

17         SO AS I UNDERSTAND IT, WITH THE COURT'S INVOLVEMENT THE

18    PARTIES CAME TO A RESOLUTION WHERE APPLE WOULD PRODUCE A

19    SPREADSHEET.

20              THE COURT:  AND ANONYMIZE IT IN SOME FASHION.

21              MR. ZELLER:  EXACTLY.

22         THE COURT HAS SEEN THE SPREADSHEET.  IT'S BEEN A WHILE

23    SINCE I'VE SEEN IT TOO, BUT IT HAS A DOZEN DIFFERENT ANONYMIZED

24    ENTITIES AND LICENSED, AND IT HAS A COLUMN WITH THE TERMS ON

25    IT.
```

1      SO THAT WAS PROVIDED IN PART OF THE AGREEMENT.  AND

2   AGAIN, WITH THE COURT'S INVOLVEMENT WAS THAT UP TO TEN SAMSUNG

3   REPRESENTATIVES COULD HAVE THAT SPREADSHEET AND HAVE THAT

4   INFORMATION.

5      SO THAT IS -- SO AS I UNDERSTAND IT TOO, IT MAY BE IN THE

6   FORM OF AN E-MAIL OF SOME KIND WITH THE COURT AS OPPOSED TO

7   SOMETHING THAT WOULD LOOK TO OUR EYES LIKE A FORMAL COURT

8   ORDER.  BUT IT WAS CLEARLY, IT WAS MORE THAN JUST APPLE'S

9   CONSENT.

10      I GUESS WHAT I WAS TRYING TO SAY IS, SUMMER IT HAD

11   APPLE'S CONSENT.  IT DID HAVE COURT INVOLVEMENT.  YOU KNOW WITH

12   THAT PROCESS, IT WAS BEING DONE AT THE -- AT LEAST AT THE

13   BEHEST OF THE COURT.

14      BUT I DO THINK ULTIMATELY AGAIN, NOKIA HASN'T REALLY

15   RAISED THIS IN TERMS OF SAYING IT WAS ILLEGITIMATE.  I MEAN,

16   THAT AGAIN MAY BE AN ISSUE WITH APPLE

17          THE COURT:  I'M NOT SURE I HAVE THE JURISDICTION OR

18   AUTHORITY TO WADE INTO THAT ONE.

19          MR. ZELLER:  RIGHT.

20      AND I THINK THE NETHERLANDS'S COURT IS AVAILABLE.  I MEAN,

21   NOKIA IS INURE OPEN SO THEY CERTAINLY WOULD BE FAMILIAR WITH

22   THE NETHERLANDS'S COURT.

23      AND FRANKLY, I WOULD HOPE AND ENCOURAGE THAT IF THERE

24   REALLY IS AN ISSUE ON THIS PARTICULAR ISSUE, THAT NOKIA MAKE A

25   PARTICULAR PROPOSAL, SOMETHING SORT OF JUST SAYING DELETE

1    EVERYTHING YOU HAVE.

2              THE COURT:  COULD I ASK, MR. ZELLER, IS THERE A LOG

3    PREPARED BY STROZ OR PERHAPS BY OTHERS THAT AT THIS POINT AS WE

4    ALL SIT AND STAND HERE TODAY, THAT COULD BE PRODUCED IF I WERE

5    TO ORDER IT PRODUCED?

6        I DON'T WANT TO INVADE THE PROVINCE OF YOUR WORK PRODUCT

7    BUT I'M JUST TRYING TO GET A BETTER SENSE OF THE BURDEN YOU ALL

8    WOULD FACE IF I WERE TO ISSUE SUCH AN ORDER.

9              MR. ZELLER:  IT WOULD BE A TREMENDOUS BURDEN AND SUCH

10   A LOG HAS NOT BEEN PREPARED.

11       WHAT DID OCCUR AND WE DID DESCRIBE THIS IN PRIOR

12   DECLARATIONS, IS THAT AMONG THE MANY SEARCHES THAT WERE DONE BY

13   STROZ INCLUDING A RESPONSE TO THE COURT'S ORDER, IS THAT OVER A

14   MILLION DOCUMENTS WERE IDENTIFIED BY THESE SEARCH TERMS

15   INCLUDING THE SEARCH TERMS THAT NOKIA PROPOSE.

16       WE ACCEPTED THOSE, THERE WERE 10 OR 11 SETS OF THOSE BOTH

17   IN ENGLISH AND KOREAN.  WE ACCEPTED THOSE AND WE RAN THEM.

18       SO AMONG THE UNIVERSE OF DOCUMENTS THAT WERE ALL

19   REVIEWED, THOSE WERE THOSE SEARCH TERMS WERE.  THERE WERE OVER

20   60,000 HITS, HOWEVER, JUST FOR THE NOKIA SEARCH TERMS.

21       SO OBVIOUSLY THAT WOULD BE A MASSIVE LOG.  AND ONE

22   PROBLEM THAT WE REALLY HAVE AND WE MENTION THIS TO THE COURT

23   PREVIOUSLY TOO, IS THAT STROZ IS NOT A LAW FIRM.

24       AND TRY TO PUT THEM IN THE POSITION OF KIND OF DOING ALL

25   THIS WORK AGAIN THAT LAWYERS HAVE ALREADY DONE AND THAT THE

1    COURT HAS ALREADY DONE, WE JUST DON'T THINK MAKES A LOT OF

2    SENSE.

3         IT REALLY DOESN'T SEEM TO ACHIEVE ANYTHING.  WE HAVE

4    REVIEWED THOSE 60,000 PLUS HITS.  WE HAVE PROVIDED TO THE COURT

5    THE ONES THAT WERE WITHIN THE SCOPE OF THE COURT'S ORDER NAMELY

6    THE IDENTIFIED DOCUMENTS THAT THE COURT HAD, SAID RELATED TO

7    APPLE'S LICENSE WITH NOKIA AND OTHERS.

8         SO THAT SET WITHIN THAT 60,000 HAS ALREADY BEEN DEALT

9    WITH AND IS SOMETHING THAT'S ALREADY BEEN REVIEWED BY THE

10   COURT.

11        THE COURT:  ASK THAT SET OF 60 SOME THOUSAND I'M NOT

12   GOING TO HOLD YOU TO THE PRECISE NUMBERS AS YOU STAND HERE.

13        YOU ARE TELLING ME THAT SET INCLUDES ANY WAY THE ENTIRE

14   SET OF DOCUMENTS THAT NOKIA IS ASKING TO HAVE LOGGED NOW OR

15   WOULD LIKE TO SEE.

16        MR. ZELLER:  RIGHT.  LOGGED OR DESTROYED.  AND THAT'S

17   REALLY THE PROBLEM.

18     YOU KNOW, TO PUT IT IN A NUT SHELL, IN TERMS OF JUST TRYING

19   TO TAKE SOMETHING THAT IS THE UNIVERSE OF HITS FROM THE SEARCH

20   TERMS THAT WE AGREED WITH NOKIA THAT WE WOULD RUN, BECAUSE IT

21   CLEARLY ENDED UP BEING, AND I THINK EVERYONE EXPECTED THAT IT

22   WOULD BE AN OVER EXCLUSIVE SET.

23     WE WERE DOING THIS TO IDENTIFY A POTENTIAL UNIVERSE, IT

24   WASN'T MEANT TO IDENTIFY, YOU KNOW, ANYTHING OTHER THAN AGAIN A

25   POTENTIAL UNIVERSE OF WHAT TO REVIEW.

1          BECAUSE YOU GOT TO START SOMEWHERE, OF COURSE.  SO I

2     DON'T THINK IT WAS EVER CONTEMPLATED AND THERE'S NOTHING IN THE

3     STIPULATION THAT CONTEMPLATE THAT IS SOMEHOW EACH AND EVERY

4     DOCUMENT NO MATTER HOW COMPLETELY UNRELATED IT WAS TO THE

5     ACTUAL ISSUES HERE, SHOULD HAVE TO GO ON TO A LOG LET ALONE BE

6     REMEDIATED.

7          AS I SAY THE TERMS IN PARAGRAPH 9 TALK ABOUT THE

8     DISCLOSED INFORM AS A DEFINED TERM.

9          AND AGAIN, I'M NOT GOING TO TRY TO STAND ON FORMALITIES,

10    IF NOKIA HAS A PROPOSAL THAT WE CAN BRING THIS TO AN END AND

11    HOW TO DO SOMETHING THAT WOULD MAKE THEM HAPPY, I'M HAPPY TO

12    DISCUSS IT AS WELL.

13         BUT I DON'T THINK IT'S A FAIR STATEMENT AS NOKIA IS

14    SUGGESTING THAT SOMEHOW ON THE ONE HAND WHAT WAS DONE IN THIS

15    COURT WAS UNDER INCLUSIVE AND THAT THERE WAS A WHOLE UNIVERSE

16    OF INFORMATION THAT WAS NOT PROPERLY EVALUATED.

17         AND IN ADDITION THAT THERE'S SOMEHOW A MUCH BROADER

18    UNIVERSE OF DOCUMENTS THAT ARE SUPPOSED TO BE REMEDIATED UNDER

19    THE STIPULATION.

20              THE COURT:  ALL RIGHT.

21         I THINK I HAVE YOUR POSITION, MR. ZELLER.  ANY FINAL

22    POINTS?

23              MR. ZELLER:  THANK YOU.

24              THE COURT:  THANK YOU, SIR.

25         MR. ALLEN, DO YOU WANT TO RESPOND?

 1                MR. ALLEN:  THANK YOU, YOUR HONOR.

 2          EVERY TIME I GO TO COURT I END UP ARGUING A MOTION I

 3    DIDN'T SHOW UP TO ARGUE.  THIS TIME IS NO DIFFERENT.

 4          I HEAR MR. ZELLER SAYING IN ONE MOMENT THAT THEY DID THE

 5    THING THAT THE STIPULATION REQUIRES AND THEN I HEAR HIM SAYING

 6    LATER THAT THE DESCRIPTION DIDN'T DOESN'T REQUIRE THE THING

 7    THEY SAY THEY'VE ALREADY DONE.

 8          I THINK THERE'S A DO YOU MEAN OF THINGS THAT WE CAN DO TO

 9    PIERCE THROUGH THIS AND MAYBE SIMPLIFY IT.

10          FIRST, NOKIA IS NOT REQUESTING THAT, AND THE STIPULATION

11    DOESN'T REQUIRE AS I READ IT, THAT SAMSUNG CREATE A LOG THAT

12    MATCHES THE PRIVILEGE LOG THAT THEY ALREADY PRODUCED.

13          PARAGRAPH SEVEN OF THE ORDER REQUIRES THAT STROZ

14    FRIEDBERG PREPARE A LOG OF ALL INSTANCES IN WHICH THE DISCLOSED

15    INFORMATION WAS DISSEMINATED OR IN WHICH THE DISCLOSED

16    INFORMATION WAS REFERENCED OR USED IN ANY DOCUMENTS BY SAMSUNG

17    EMPLOYEES.

18          SO I'M JUST GOING TO SAY IN A HOPEFUL FASHION, I PRESUME

19    THAT'S SMALLER THAN THE 60,000 DOCUMENTS WHICH I THINK

20    ACTUALLY, IF I'M REMEMBERING THE PRIVILEGE LOG CORRECTLY IS 275

21    E-MAIL STRINGS.

22          SO IT'S NOT -- WE ARE NOT TALKING ABOUT THE END OF THE

23    UNIVERSE AND THAT'S THE THING WE HAVE BEEN TRYING TO GET THEM

24    TO CREATE.

25          NOW MR. ZELLER SUGGESTS THAT SOME ASPECT OF THIS HAS

1  ALREADY BEEN DONE.  HERE'S THE THING THAT BRINGS US HERE TODAY

2  IS, AND IT'S EXHIBIT 6, I CAN'T PUT MY FINGER ON IT RIGHT NOW.

3  BUT EXHIBIT 6 TO SAMSUNG'S RESPONSE TO OUR MOTION IS A LETTER

4  FROM MR. BECHER TO BOTH APPLE AND NOKIA, TELLING THEM AND IT

5  WAS SENT ON JANUARY, I BELIEVE 31ST, TWO DAYS AFTER THE COURT

6  ENTERED ITS ORDER, TELLING US WHAT IT WAS THAT SAMSUNG WAS

7  GOING TO DO.  AND THEY WERE GOING TO DO TWO THINGS.

8      THEY WERE GOING TO DELETE THE TEESE REPORT AND THEY WERE

9  GOING TO DELETE THE TIC DOCUMENTS.

10     THEY DON'T MAKE ANY REFERENCE, AND UNTIL I CAME HERE

11  TODAY, NOBODY AT SAMSUNG HAS EVER SUGGESTED TO US THAT IN FACT

12  THERE'S NO REASON TO THINK SOMETHING IS THERE OR THAT THEY HAD

13  EVEN LOOKED.

14     SO THE MORE FOCUSED LOG WHICH, YOU KNOW, AS YOU WOULD

15  EXPECT CAME OUT OF A NEGOTIATED RESOLUTION PROCESS, THE MORE

16  FOCUSED LOG IN THE STIPULATED ORDER IS LOG THE THINGS THAT MAKE

17  REFERENCE TO THE DISCLOSED INFORMATION OR MAKE REFERENCE TO USE

18  OF THE DISCLOSED INFORMATION.

19     HOPEFULLY THAT'S A SMALLER LIST THAN WHAT MR. ZELLER IS

20  TALKING ABOUT.  AND IF THE BURDEN IS THAT THE NINE PEOPLE, I

21  JUST CAN'T IMAGINE THAT THAT'S THE BURDEN, THAT THEY ARE GOING

22  TO SHOW TO US, OKAY, HERE ARE INSTANCES WHERE THEY HAVE NOKIA

23  INFORMATION BUT THESE ARE THE NINE PEOPLE THAT HAVE THAT

24  INFORMATION BY VIRTUE OF THE NETHERLANDS CASE.  THAT CAN'T BE A

25  TERRIBLE BURDEN ON THEM EITHER

```
 1              THE COURT:  LET ME ASK YOU THIS, MR. ALLEN.

 2          WHY NOT SIMPLY CUT TO THE CHASE AND ACCEPT, ASSUMING I

 3      WERE TO ORDER, A SWORN DECLARATION FROM AN APPROPRIATE

 4      REPRESENTATIVE OF SAMSUNG THAT ANY VERSION OF THIS DISCLOSED

 5      INFORMATION THAT REMAINS IN SAMSUNG'S POSSESSION IS PURSUANT TO

 6      EITHER COURT ORDER, COURT AUTHORITY OR APPLE PERMISSION,

 7      SOMETHING LIKE THAT?  WHY WOULDN'T THAT SATISFY NOKIA'S

 8      CONCERNS?

 9              MR. ALLEN:  WELL, I'M NOT SURE WHO IS MAKING THE

10      DETERMINATION ABOUT, BUT I TAKE YOUR POINT.

11          SO WHAT YOU ARE SAYING, LET'S JUST ASSUME FOR PRESENT

12      PURPOSES THAT THE ONLY INSTANCES IN WHICH SAMSUNG FOLKS SO

13      ACCESS TO THIS INFORMATION IS THE NETHERLANDS CASE THAT MR.

14      ZELLER REFERS TO AND THIS CASE OR THE 630 CASE.

15              THE COURT:  PUTTING ASIDE AUSTRALIA AND THE REST.

16              MR. ALLEN:  LET'S SAY THAT'S WHAT THEY HAVE IT FOR.

17          IF STROZ IS THE COMPANY THAT WENT WITH SAMSUNG TO KOREA TO

18      REMEDIATE THE DOCUMENTS, IF STROZ MAKE THAT IS REPRESENTATION

19      THAT THEY MADE A COMPLETE REMEDIATED.  PROCESS OR THAT THERE

20      WAS NOTHING TO REMEDIATED, THAT I MAY BE THE ANSWER, I DOUBT

21      IT.

22              THE COURT:  DOES IT HAVE TO HAVE BEEN STROZ THOUGH?

23              MR. ALLEN:  YOUR HONOR, IT HAS TO BE SOMEBODY

24      INDEPENDENT.  THAT'S WHY WE JOINTLY SELECTED STROZ SO THAT IT

25      WASN'T QUINN EMANUEL AND IT WASN'T SAMSUNG TELLING US TO GO
```

```
1    AWAY AT THAT TIME THE END OF THE DAY.  THAT WE HAD SOME THIRD

2    PARTY THAT HAD, IF YOU WILL, NO DOG IN THIS FIGHT TO SAY YES,

3    IT'S DONE, GO HOME.  THAT'S THE PURPOSE OF STROZ FRIEDBERG.

4    THAT'S WHY WE BOTH -- THEY SUGGESTED A DIFFERENT COMPANY, WE

5    SUGGESTED STROZ FRIEDBERG.  THEY TOOK STROZ FRIEDBERG AND

6    ACCEPTED THAT.

7         AND THEY ARE THE PEOPLE WHO DID THE ACTUAL REMEDIATED SO

8    I DON'T UNDERSTAND WHY STROZ FRIEDBERG WOULD BE A PROBLEM

9         THE COURT:  WELL, THE ONLY -- ONE CONCERN I HAVE IS

10   THAT STROZ MAY NOT BE IN A POSITION TO CONFIRM THAT WHATEVER

11   NON REMEDIATED VERSIONS REMAIN, REMAIN BY VIRTUE OF A COURT

12   ORDER OR COURT ORDER AUTHORITY.  THEY NOT A LAW FIRM THEY KNOW

13   FORENSIC INVESTIGATORS.

14        MR. ALLEN:  I ACCEPT THAT, YOUR HONOR.

15        THE COURT:  SO MIGHT A HELP -- I FEEL LIKE I'M DOING

16   A MEDIATION HERE.

17     THIS IS IMPORTANT.  YOUR MATTER IS IMPORTANT TOO.  MIGHT

18   ANOTHER OUTSIDE LAW FIRM UNTAINTED BY THIS WHOLE EVENT SERVE

19   THAT ROLE JUST TO AVOID ANY ISSUE WITH --

20        MR. ALLEN:  I CAN'T THINK OF A PROBLEM WITH THAT HERE

21   TODAY, YOUR HONOR.

22     BUT I DO THINK THAT THE PROCESS THAT MAY MAKE ALL THIS

23   EASIER IS THE LOG.  AND I'M NOT MAKING THIS REQUEST

24   DOGMATICALLY JUST FOR PURPOSES OF HAVING SOMETHING ELSE TO

25   FIGHT ABOUT, BUT I THINK THE LOG IS SMALLER THAN WE HAVE ALL
```

1    BEEN TALKING ABOUT.  THEN WHAT WE WILL FOCUS OUT OF THAT IS

2    HERE ARE THE NINE DOCUMENTS THEY HAVE BY VIRTUE OF THE NEGLECT

3    AND THE REST OF IT HAS BEEN REMEDIATED OR SOMETHING LIKE THAT,

4    I THINK MAY BE A RESOLUTION.

5              THE COURT:  MR. ALLEN, I MAY HAVE A LAST QUESTION OR

6    TWO LATER.  BUT I WILL GIVE IT MR. ZELLER.

7        THANK YOU.

8        MR. ZELLER, GO AHEAD.

9              MR. ZELLER:  I THINK THERE'S A COUPLE OF ISSUES THAT

10   ARE SORT OF BEING CONFLATED HERE THAT PERHAPS WE WILL JUST TALK

11   ABOUT.

12       WE DO BELIEVE THAT WE CAN MAKE AN APPROPRIATE

13   REPRESENTATION AS TO REMEDIATED AND EXACTLY WHAT'S BEEN DON

14   HELP AT LEAST PERHAPS NARROW THE DISPUTE, IF NOT ELIMINATE IT

15   ENTIRELY.

16       FRANKLY, MR. BECHER IS PROBABLY THE CORRECT PERSON TO DO

17   THIS.

18       NOW, I UNDERSTAND WHAT THEY ARE SAYING ABOUT STRAWS, BUT

19   THE PROBLEM IS THAT THAT'S NOT WHAT'S CONTEMPLATED BY THE

20   STIPULATION.  THE STIPULATION IN PARAGRAPH 9 IS VERY CLEAR

21   ABOUT WHO IS GOING TO DO THE REMEDIATION.  IT SAYS QUINN

22   EMANUEL.  IT DOESN'T SAY SAMSUNG, DOESN'T SAY STROZ, BECAUSE OF

23   COURSE THE VERY CONCERNS THE COURT HAS ALREADY ADDRESSED.

24       THERE'S NO WAY THAT STROZ OR EVEN SOME OTHER OUTSIDE LAW

25   FIRM.  I UNDERSTAND THAT THERE'S, YOU KNOW, THERE'S THE FACT

1   THAT WE ARE INVOLVED, BUT THAT ALSO IS BECAUSE WE HAVE THE

2   INFORMATION.  AND WE DID THESE THINGS.

3        WE HAVE ALREADY GONE THROUGH THE REMEDIATED PROCESS.  I

4   SUPPOSE IF ONE WANTED TO START FROM GROUND ZERO, PERHAPS YOU

5   KNOW, HAVING SOME SO CALLED INDEPENDENT FORCE OR ENTITY OR

6   PERSON INVOLVED MIGHT MAKE SENSE.

7        BUT WE, WITH APPLE AND NOKIA'S CONSENT, WE ALREADY DID

8   THE REMEDIATED AND WE DID IT WITH QUINN EMANUEL, PARTICULARLY

9   MR. BECHER, OVER SEEING AND ENSURES IT WAS DONE BY STROZ.

10  STROZ IS GOING TO HAVE AS THE COURT HAS NOTED ABSOLUTELY NO

11  INSIGHT AND NO ABILITY TO MAKE A DETERMINATION ABOUT THE

12  NETHERLANDS AND OTHER INSTANCES WHERE BY OUR LIGHTS THE PEOPLE

13  INVOLVED HAVE THE RIGHT TO HAVE THE INFORMATION.

14       BUT AGAIN, I GO BACK TO THE STIPULATION.  IT'S NOT -- IT

15  WAS NEVER CONTEMPLATED THAT STROZ WAS GOING TO DO THE

16  REMEDIATED, PER SE, IT WAS US.

17            THE COURT:  IS THAT PARAGRAPH 7 OF THE STIPULATION.

18            MR. ZELLER:  IT'S ACTUALLY PARAGRAPH 9.

19            THE COURT:  OKAY.  THAT'S THE REMEDIATED PROVISION,

20  BUT IT SAYS QUINN EMANUEL WILL TAKE ALL NECESSARY STEPS WITHIN

21  ITS POWER TO SECURE THE RETURN OF VERIFIED DESTRUCTION OF THE

22  DISCLOSED INFORMATION AND SO ON.

23       SO IT IS -- I DON'T THINK IT'S FAIR TO SAY THAT SOMEHOW

24  STROZ SHOULD BE THE ONE, AND I JUST THINK THERE ARE PRACTICAL

25  PROBLEMS, REALLY INSURMOUNTABLE PRACTICAL PROBLEMS OF HAVING

1    STROZ OR SOME THIRD PARTY LAW FIRM COME IN.

2         TO GO BACK IT A POINT I MADE EARLIER, OVER A MILLION

3    DOCUMENTS HAVE ALREADY BEEN REVIEWED.  IT DOESN'T MAKE -- WE'VE

4    SPENT MILLIONS OF DOLLARS DOING IT, JUST SEEING HOW ANOTHER LAW

5    FIRM NEEDS TO COME AND RETRACE ALL THAT WORK, I JUST DON'T

6    THINK IT'S CONTEMPLATED BY THE STIPULATION AND I DON'T THINK

7    THAT IT'S FAIR.

8         PLAINTIFF JUST IN TERMS OF THE LOG, I WILL CONFESS I

9    THINK AT THIS POINT I'M A LITTLE UNCLEAR AS TO WHAT IT IS THAT

10   NOKIA IS ASKING FOR A LOG.

11        AS I MENTION AT VARIOUS TIMES THEY SUGGESTED THAT

12   EVERYTHING THAT WAS THE HITS TO THE SEARCHES SHOULD BE LOGGED

13   AND I POINT OUT THAT'S OVER 60,000 DOCUMENTS.

14        I DON'T THINK THAT'S WHAT'S CONTEMPLATED BY THE

15   STIPULATION EITHER.

16            THE COURT:  I DON'T THINK MR. ALLEN IS CONTEMPLATING

17   THAT AS WELL.

18            MR. ZELLER:  I'M A LITTLE UNCLEAR AS TO WHAT IT IS

19   HE'S SAYING IS THE SCOPE, BECAUSE TO THE EXTENT THE SCOPE OF

20   THE LOG IS SUPPOSED TO BE DOCUMENTS THAT RELATE TO APPLE'S

21   LICENSE WITH NOKIA, IN ACCORDANCE WITH THE COURT'S ORDER THOSE

22   HAVE BEEN REVIEWED AND LOGGED.

23        AND THE COURT IS ACTUALLY REVIEWED THOSE.  SO I THINK THE

24   ONLY ISSUE THEN IS, WELL, WHO SHOULD DO THAT, SHOULD IT BE

25   STROZ OR SHOULD IT BE US.

```
 1              AGAIN THAT LEADS US BACK TO THE ISSUE OF WELL IT'S THE

 2    WORK THAT'S ALREADY BEEN DONE AND STROZ DOESN'T REALLY BRING

 3    ANY EXPERT EASE TO DOING SUCH A THING

 4              THE COURT:  IT SEEM TO ME WHAT STROZ STROZFRIEDBERG

 5    BRINGS IS INDEPENDENCE, RIGHT?

 6              MR. ZELLER:  WELL, BUT IT WOULD BE MAKING

 7    DETERMINATIONS ABOUT THE VERY ISSUES WE WERE TALKING ABOUT.

 8    NAMELY, WELL, YOU KNOW, SHOULD THEY HAVE HAD IT PURSUANT TO THE

 9    NETHERLANDS LITIGATION.  THAT KIND OF ISSUE.

10         SO I THINK THAT IT STILL LEADS US BACK TO THE SAME ISSUE

11    OF WHAT WOULD STROZ EVEN BE LOOKING AT.  THE REALITY IS THAT

12    STROZ DOESN'T NEED DISCOVERY VENDOR, IT DID WHAT IT IS THAT IT

13    WAS SUPPOSED TO DO.  IT GENERATED A UNIVERSE OF DOCUMENTS BASED

14    ON SEARCHES THROUGH MASSIVE MOUNTAINS OF SAMSUNG DATA TO BRING

15    BACK APPROPRIATE HITS, AND THOSE -- THAT INFORMATION WAS

16    REVIEWED FIRST BY US AND IN LARGE PART BY THE COURT.

17         SO -- I THINK IT TAKES US BACK TO THE VERY SAME ISSUE

18    THAT IS WE'VE HAD, UP PREVIOUSLY WHEN IT COMES TO THE LOG.  BUT

19    I'M FAR MORE CONCERNED ABOUT THE IDEA THAT REMEDIATED BASICALLY

20    HAS TO NOW BE COMPLETELY REDONE OR REVIEWED BY SOMEBODY ELSE OR

21    THAT STRAW SHOULD BE THE ONE TALKING ABOUT REMEDIATED BECAUSE

22    THAT'S JUST NEVER BEEN CONTEMPLATED BY THE STIPULATION.

23              THE COURT:  ALL RIGHT.

24              MR. ZELLER:  BUT I MEAN, JUST THE BOTTOM LINE

25    YOUR HONOR, I THINK WHAT I WOULD SUGGEST IS THAT WE, QUINN
```

1    EMANUEL, IN PARTICULAR MR. BECHER WHO IS REALLY THE MOST

2    KNOWLEDGEABLE PERSON, SUBMIT A SWORN STATEMENT THAT SAYS THIS

3    IS THE SCOPE OF THE REMEDIATED.

4         WE BY THE WAY, DID ACTUALLY OFFERED TO DO THAT EVEN

5    THOUGH MR. ALLEN HAD CITED ONE OF OUR LETTERS, ACTUALLY YOU

6    WILL SEE, THIS IS EXHIBIT, IT'S EXHIBIT -- WELL I WILL HAVE TO

7    FIND THE EXHIBIT, BUT IT'S OUR JANUARY 8TH 2014 LETTER.  AND ON

8    PAGE 2 THIS IS WHERE WE POINT OUT THAT WE HAVE IDENTIFIED FROM

9    THE DOCUMENTS CONTAINED INADVERTENT DISCLOSURES AND THEN WE IS

10   HAVE THESE EXCEPTIONS SUCH AS THE NETHERLANDS.

11        SO WE HAVE SAID THIS TO NOKIA.  MAYBE IT'S BEEN SORT OF

12   OVER LOOKED IN ALL THE BACK AND FORTH AND THE MANY, MANY ISSUES

13   THAT HAVE COME UP HERE BUT WE HAVE OFFERED TO DO THAT IN THE

14   PAST.

15             THE COURT:  ALL RIGHT.

16        THANK YOU, MR. ZELLER.

17         MR. ALLEN, DO YOU WANT A FINAL WORD?

18             THE COURT:  I SEE MR. MUELLER STANDING AS WELL.

19             MR. MUELLER:  I HAD A VERY BRIEF POINT OF

20   INFORMATION, BUT I'M HAPPY TO WAIT UNTIL AFTER.

21             MR. ALLEN:  THE ONLY OTHER POINT I WOULD LIKE TO MAKE

22   WHEN YOU ARE REVIEWING THIS, MR. ZELLER IS ARGUING THAT

23   PARAGRAPH NINE DIRECTS THAT QUINN IS SUPPOSED TO DO THE

24   REMEDIATED.

25        QUINN, IN PARAGRAPH 9, AS FREQUENTLY HAPPENS IN THIS

1    THINGS, FOLLOWS PARAGRAPH 8.  PARAGRAPH 8 IS QUINN FIRST

2    DETERMINE OTHER THE EXTENT OF THEIR OWN DISCLOSURE OF THE

3    INFORMATION IN QUINN EMANUEL AND THEN QUINN EMANUEL TAKING

4    RESPONSIBILITY FOR REMEDIATING THOSE DOCUMENTS FROM QUINN

5    EMANUEL.

6         THAT WAS THE PURPOSE OF IT.  QUINN OBVIOUSLY RAISED THE

7    ISSUE THAT WE CAN'T HAVE A THIRD PARTY COME IF BECAUSE WE HAVE

8    OTHER CLIENTS, WE CAN'T HAVE THEM COMING IN AND PLOWING THROUGH

9    OUR DOCUMENTS SO QUINN WAS TO TAKE THAT RESPONSIBILITY.

10        IT WAS NEVER CONTEMPLATED AT LEAST BY US THAT QUINN WOULD

11   DO THE REMEDIATED AND IN FACT IT WAS NEVER CONTEMPLATED BY

12   QUINN EMANUEL BECAUSE THEY TOOK STROZ FRIEDBERG TO DO THE

13   MEDIATION EARLIER THIS YEAR.

14             THE COURT:  ALL RIGHT.  MR. MUELLER, GO AHEAD SIR.

15             MR. MUELLER:  THANK YOU, YOUR HONOR.

16        VERY BRIEFLY, JUST A POINT OF INFORMATION.  I WAS AT THE

17   NETHERLANDS HEARING AND JUST TO MAKE SURE THE FACTS AND THE

18   RECORD ARE CLEAR, WHAT HAPPENED WAS THE COURT REQUESTED BOTH

19   SIDES, APPLE AND SAMSUNG TO SUBMIT ANONYMIZED MATERIALS

20   PROVIDING CERTAIN LICENSING INFORMATION IN AN ANALYZED FASHION.

21        AND REQUESTED THAT THE PARTIES DO SO ON VERY SHORT NOTICE

22   AND BOTH SIDES DID, APPLE MADE THE REQUESTED SUBMISSION AS DID

23   SAMSUNG.  THERE WAS ACTUALLY A COUPLE ROUNDS OF SUBMISSIONS

24   THAT WERE DONE PURSUANT TO THE COURT REQUEST.

25        BUT I JUST WANT TO MAKE SURE THERE'S NO INDICATION IN THE

1    RECORD THAT THIS WAS APPLE RAISING ITS HAND AND SAYING TAKE

2    THIS, THIS WAS PURSUANT.

3              THE COURT:  THEY WERE ACTS AS TO THE DUTCH COURT.

4              MR. MUELLER:  CORRECT.

5              THE COURT:  I APPRECIATE THAT.

6              MR. MUELLER:  THANK YOU, YOUR HONOR.

7              THE COURT:  WELL, LET ME OFFER YOU ALL THIS

8    DIRECTION.

9         AS THE PARTIES ARE ALL AWARE, THIS COURT HAS SPENT A FAIR

10   AMOUNT OF TIME LOOKING AT THE MINUTIA OF THIS DISPUTE FROM ALL

11   ANGLES, SO I FEEL AS IF I HAVE A PARTICULAR AND UNIQUE

12   PERSPECTIVE ON WHAT HAPPENED HERE AND WHAT DIDN'T.

13        I'VE SHARED AS MUCH AS THAT AS I POSSIBLY CAN IN MY

14   PUBLIC ORDER SO I DON'T THINK THERE'S ANY MYSTERY AS TO WHAT MY

15   CONCLUSIONS ARE.

16        IN LIGHT OF THAT EFFORT, AND IN LIGHT OF THE ARGUMENT

17   WERE ARGUMENTS THAT WERE PRESENTED THIS AFTERNOON WHICH I THINK

18   HAVE BEEN EXTRAORDINARILY HELPFUL, I MIGHT SAY.

19        I AM GOING TO ORDER THAT A DECLARATION BE TENDERED THAT

20   THE REMEDIATED HAS BEEN COMPLETED, EXCEPT AS AUTHORIZED OR

21   PERMITTED BY A COURT OF COMPETENT JURISDICTION.

22        NOW, I EXPECT THE DECLARATION TO ARTICULATE THAT STANDARD

23   MORE LITE PLEA AND FRANKLY WITH PRETTIER WORDS AND MORE

24   COMPLETE WORDS, BUT I THINK YOU ALL GET THE GIST OF IT.

25             HOWEVER I WANT TO BE CLEAR WHO IS GOING TO SUBMIT THIS

1    DECLARATION.

2          IT'S GOING TO COME FROM MR. QUINN HIMSELF.  HE MAY WORK

3    WITH MR. BECHER OR ANYBODY ELSE HE CHOOSES TO ESTABLISH A

4    FOUNDATION FOR MAKING SUCH A DECLARATION, BUT I THINK MR. QUINN

5    HAS MADE IT CLEAR HE VIEWED THIS ENTIRE DISPUTE AS A PERSONAL

6    ONE FOR HIM AND A PERSONAL ONE FOR HIS FIRM.

7          I THINK HE'S IN A MORE THAN ADEQUATE POSITION TO MAKE

8    THIS REPRESENTATION UNDER OATH.  IF HE'S WILLING TO DO THAT, I

9    WILL CONSIDER THE MATTER RESOLVED.

10          DOES ANYONE HAVE ANY QUESTIONS?

11            MR. ZELLER:  NO QUESTIONS, YOUR HONOR.

12            THE COURT:  ALL RIGHT.  THANK YOU ALL.

13        HAVE A GOOD AFTERNOON.

14      (WHEREUPON, THE PROCEEDINGS IN THIS MATTER WERE CONCLUDED.)

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4      **<u>CERTIFICATE OF REPORTER</u>**

5

6

7

8             I, THE UNDERSIGNED OFFICIAL COURT

9      REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10     THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11     FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12     CERTIFY:

13             THAT THE FOREGOING TRANSCRIPT,

14     CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15     CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16     SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17     HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18     TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22

23

24     _____

25     SUMMER A. FISHER, CSR, CRR
       CERTIFICATE NUMBER 13185          DATED: 4/9/14