| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> JACK W. LONDEN (CA SBN 85776) <br> jlonden@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> RUTH N. BORENSTEIN (CA SBN 133797) <br> rborenstein@mofo.com <br> ERIK J. OLSON (CA SBN 175815) <br> ejolson@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 | WILLIAM F. LEE (*pro hac vice*) <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> 60 State Street <br> Boston, Massachusetts 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (CA SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 12-cv-01846-LHK (PSG) <br><br> **DECLARATION OF BRIAN BUROKER PURSUANT TO APRIL 8, 2014 ORDER (D.I. 3068)** |

I, Brian Buroker, declare and state as follows:

1.     I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, counsel for Apple Inc. ("Apple") in Case No. 12-cv-00630, pending between Apple and Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") in the Northern District of California (the "630 case"). I am licensed to practice law in Virginia and the District of Columbia, and I have been admitted *pro hac vice* in the 630 case. I submit this declaration pursuant to the Court's Order during the April 8, 2014 hearing. *See* D.I. 3068. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to them under oath.

2.     On October 1, 2013, the Northern District of California's ECF/CF system instituted a new set of procedures for filing under seal. Prior to October 1, 2013, under-seal materials had been filed by hand with the Court in the Northern District of California. As a result, only a public redacted version of such materials, or a slip sheet in the absence of such public redacted version, was filed on-line and then the under-seal materials were lodged in paper with the Court. Starting on October 1, 2013, the Court required that under-seal materials be filed electronically and provided for procedures whereby documents can be designated as "restricted" or not. When a document is filed under seal, the person filing the document needs to check a box indicating whether the document is restricted. On the final page prior to filing a document, the filer has the opportunity to confirm that the docket text is accurate and to verify that the document paths are accurate. However, there is no opportunity to review which documents will have a restricted setting in order to confirm that the correct documents were marked as restricted. If a document is inadvertently not designated "restricted," the only mechanism the Court has provided to correct that mistake is to email the appropriate judge's docketing clerk and the ECF helpdesk and ask for that mistake to be corrected. The Northern District of California's ECF/CF guidelines provide specific instructions for what steps to take in the event of a filing error in which a document is inadvertently not designated as restricted.

Gibson, Dunn & Crutcher LLP

BUROKER DECLARATION                    1
CASE NO. 12-CV-01846-LHK (PSG)

3. We routinely check filings immediately after they have been made to confirm that they have been correctly submitted through the Northern District of California's ECF/CF system. Since the institution of the new filing procedures on October 1, 2013, we check, among other things, to determine that documents intended to be filed under seal are in fact not available to the public.

4. On November 5, 2013, Apple filed under seal its Motion to Strike Arguments from Samsung's Invalidity and Non-Infringement Expert Reports, in a docket entry comprising 52 documents. *See* D.I. 882. This filing was coordinated by a senior legal assistant with the firm, under the supervision of attorneys at the firm. As part of our normal procedures, the legal assistant reviewed the filing after he submitted it. When he did so, he noticed that one of the documents that should have been filed as restricted was filed without being tagged as "restricted" when it was filed. This mis-designation was noticed during the routine check of these filings immediately after they were made. Following the procedures set forth by the Northern District of California's ECF/CF guidelines, the legal assistant emailed that same night the docketing clerk of Judge Koh requesting that the error be corrected. The legal assistant also called the ECF HelpDesk early the next morning to request the restriction of the document in question. We were informed that the document in question was locked by Judge Koh's clerk early in the morning of November 6.

5. On November 19, 2013, while filing under seal its Opposition to Samsung's Motion to Strike regarding Apple Patents, nine documents were not, though they should have been, filed as restricted. As with the November 5 filing, this mis-designation was noticed during the routine check of the filing after it was made. Our team immediately took action in order to correct the error and we worked throughout the night until the issue was resolved.

6. Within half an hour of the filing, and following the guidelines of the Court, *see* http://cand.uscourts.gov/ecf/correctingmistake, we sent an email to Judge Koh's docketing clerk asking her to change the restricted designation of all nine exhibits. We then sent a follow-up email to Judge Koh's clerk in the early morning of November 20, 2013 that was marked "Urgent." We also sent an email to Magistrate Judge Grewal's docketing clerk marked

1  "Urgent," with the request to mark the nine exhibits as "restricted."  We also emailed the ECF
2  HelpDesk twice, both with messages marked "Urgent," requesting the same designation
3  change.  We also called each of those individuals, as well as the ECF HelpDesk, on the phone
4  several times beginning very early in the morning, in the event that one of them happened to be
5  at the courthouse very early.  In addition to calling the ECF HelpDesk staff, we also called the
6  clerk's office in the San Jose Division numerous times starting at around 7:00 a.m. PT.

7        7.      We also sent Gibson Dunn attorneys to the San Francisco and San Jose
8  courthouse clerks' offices in order to find someone who could expedite the sealing of these
9  nine exhibits.  A Gibson Dunn attorney arrived at the San Francisco clerk's office a little before
10 8:00 a.m. PT and was able to reach someone who could access the ECF/CF system and correct
11 the designation of the nine exhibits in question.  By around 8:30 a.m. that morning, the court
12 representative confirmed that the designation of the nine exhibits had been changed to
13 "restricted" and thus were no longer available on the docket.  We were informed that it was
14 Judge Koh's docketing clerk who had corrected the status of these exhibits to be "restricted,"
15 and that this change had been made before 8:00 a.m. PT on November 20.

16       8.      We did not provide the Samsung and/or Google Inc.-designated confidential
17 business information contained in the documents that were inadvertently filed without a
18 "restricted" status on either November 5 or November 19, to anyone at Apple or otherwise to
19 anyone who was not authorized to view such information under the Protective Order entered in
20 the 630 case.  We have confirmed that no Apple employee receiving ECF notices in the 630
21 case accessed the inadvertently-filed documents.  Thus, none of the inadvertently-filed
22 documents were made available to Apple at any time for their use or dissemination.

23       9.      We are not aware of any other situations in which confidential information was
24 filed on behalf of Apple in this litigation without the proper "restricted" designation under these
25 new procedures.

27 I declare under the penalty of perjury under the laws of the United States of America
28 that the forgoing is true and correct to the best of my knowledge.

Gibson, Dunn & Crutcher LLP

BUROKER DECLARATION      3
CASE NO. 12-CV-01846-LHK (PSG)

1 | Dated: April 15, 2014

*/s/ Brian Buroker*
Brian Buroker

## ATTESTATION

I, Mark Selwyn, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Brian Buroker has concurred in this filing.

Dated: April 15, 2014                    */s/ Mark Selwyn*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: April 15, 2014                    */s/ Mark Selwyn*

BUROKER DECLARATION
CASE NO. 12-CV-01846-LHK (PSG)