UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation, | Case No. 5:11-cv-01846-LHK (PSG) |
| Plaintiff, | **ORDER GRANTING APPLE AND SAMSUNG'S MOTIONS FOR AUTHORIZATION** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **(Re: Docket Nos. 3037-3, 3065-3 )** |
| Defendants. | |

Earlier today, the court held a hearing on Samsung's motion for authorization to submit to the International Trade Commission transcripts of depositions taken in connection with the sanctions motion recently addressed by this court.[1]  Nokia objects to this production, citing its distress at the continued dissemination of its confidential information to yet more people, companies, and courts.   Considering the slipshod handling of its confidential information, Nokia's

---

[1] *See* Docket No. 3083.

1
Case No. 5:11-cv-01846-LHK (PSG)
ORDER GRANTING MOTIONS FOR AUTHORIZATION

concern is legitimate, but the court is not persuaded that entrusting the ITC with this information, much of which they already have from other sources, will cause any additional harm. Accordingly, both Samsung's motion and Apple's pending cross-motion are GRANTED: Samsung may produce the deposition transcripts of Paul Melin and Eeva Hakoranta without fear of running afoul of this court's protective order, and Apple may do the same with respect to the deposition transcripts of Seungho Ahn, Ken Korea, Daniel Shim, Jin Kwak, Jaewan Chi, and Clayton Kim.[2] What the judges and others of the ITC elect to do with this information is, of course, entirely up to them.

**IT IS SO ORDERED.**

Dated: April 22, 2014

*[signature]*

PAUL S. GREWAL
United States Magistrate Judge

---

[2] The court also DENIES the pending motions to seal documents related to these motions. *See* Docket Nos. 3037, 3062, 3064, 3065, 3070, and 3080. The parties, by and large, do not maintain a claim of confidentiality over the information in the documents at issue, and the select claims put forth by Nokia are not even remotely narrowly tailored.

2
Case No. 5:11-cv-01846-LHK (PSG)
ORDER GRANTING MOTIONS FOR AUTHORIZATION