```
 1                IN THE UNITED STATES DISTRICT COURT

 2              FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3                         SAN JOSE DIVISION

 4

 5
      APPLE, INC.,                      )   CV-11-1846-LHK
 6                                      )
                     PLAINTIFF,         )   SAN JOSE, CALIFORNIA
 7                                      )
                VS.                     )   APRIL 22, 2014
 8                                      )
      SAMSUNG ELECTRONICS, CO. LTD.,    )   PAGES 1-16
 9    ET AL,                            )
                                        )
10                   DEFENDANT.         )

11

12                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE PAUL S. GREWAL
13                  UNITED STATES DISTRICT JUDGE

14

15    A P P E A R A N C E S:

16    FOR THE PLAINTIFF:      WILMER CUTLER PICKERING HALE DORR
                              BY:  JOSEPH MUELLER
17                            60 STATE STREET
                              BOSTON, MA 02109
18

19    FOR THE DEFENDANT:      QUINN EMANUEL
                              BY:  MICHAEL ZELLER
20                            865 S. FIGUEROA STREET, 10TH FL
                              LOS ANGELES, CA 90017
21

22    PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY, TRANSCRIPT
      PRODUCED WITH COMPUTER.
23

24             APPEARANCES CONTINUED ON THE NEXT PAGE

25    OFFICIAL COURT REPORTER:      SUMMER FISHER, CSR, CRR
                                    CERTIFICATE NUMBER 13185
```

```
 1     FOR THE MOVANT:          ALSTON & BIRD, LLP
       NOKIA CORPORATION        BY: RYAN KOPPELMAN
 2                              275 MIDDLEFIELD RD, STE 150
                                MENLO PARK, CA 94025
 3

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1      SAN JOSE, CALIFORNIA                        APRIL 22, 2014
 2                       P R O C E E D I N G S
 3         (WHEREUPON, COURT CONVENED AND THE FOLLOWING PROCEEDINGS
 4      WERE HELD:)
 5              THE CLERK:  CALLING APPLE, INC. VERSUS SAMSUNG
 6      ELECTRONICS, ET AL.  CASE NUMBER CV-11-1846.
 7         MATTER ON FOR SAMSUNG'S MOTION FOR AUTHORIZATION TO SUBMIT
 8      DEPOSITION TRANSCRIPTS OF PAUL MELIN AND EEVA HAKORANTA.
 9         PLEASE STATE YOUR APPEARANCES.
10              MR. ZELLER:  GOOD MORNING, YOUR HONOR.
11      MIKE ZELLER FOR SAMSUNG.
12              THE COURT:  MR. ZELLER, GOOD MORNING.
13              MR. KOPPELMAN:  GOOD MORNING, YOUR HONOR.
14      RYAN KOPPELMAN FOR NOKIA.
15              MR. MUELLER:  GOOD MORNING, YOUR HONOR.
16      JOE MUELLER ON BEHALF OF APPLE.
17              THE COURT:  MR. MUELLER, GOOD MORNING.  WELCOME BACK
18      TO YOU ALL.
19         AS I SAID WHEN WE WERE HERE THE LAST TIME, IT'S THE GIFT
20      THAT KEEPS GIVING.
21         THIS TIME AROUND I UNDERSTAND WE'VE GOT A RATHER NARROW
22      ISSUE REGARDING THE USE OF CERTAIN TRANSCRIPTS IN THE ITC.
23      PERHAPS I MIGHT JUST CUT TO THE CHASE.
24         MR. ZELLER, AS I UNDERSTAND YOUR REQUEST, YOU ARE SIMPLY
25      SEEKING LEAVE OF THIS COURT FOR PERMISSION TO SUBMIT THESE TO
```

1    THE ITC WITHOUT RUNNING AFOUL OF THE PROTECTIVE ORDER THAT'S
2    CURRENTLY IN PLACE.  IS THAT THE GIST OF THIS?
3            MR. ZELLER:  THAT'S CORRECT.
4        AND WHAT WE HAVE ALREADY SAID TOO IS WE WOULD SUBMIT THOSE
5    TRANSCRIPTS PURSUANT TO THE ITC'S PROTECTIVE ORDER THAT ALSO
6    PROVIDES FOR SIMILAR PROTECTIONS; IN FACT, PROBABLY EVEN MORE
7    STRINGENT PROTECTIONS THAN THIS COURT'S PROTECTIVE ORDER.
8            AND UNDER THE AUTHORITIES, THE NINTH CIRCUIT AUTHORITIES
9    THAT GOVERN HERE MAKE IT VERY CLEAR WHERE THAT KIND OF
10   PROTECTION IS ALSO AVAILABLE IN THE COLLATERAL LITIGATION, I
11   WILL CALL IT, THAT THERE'S REALLY NO CONFIDENTIALITY INTEREST
12   THAT COULD BE IMPAIRED.
13           AND I THINK THAT'S THE CASE HERE WITH NOKIA.  WE WILL BE
14   SUBMITTING THOSE TRANSCRIPTS TO THE ITC UNDER THE ITC
15   PROTECTIVE ORDER.  AND SO IT WILL NOT BE DISSEMINATED FURTHER.
16           ONE OTHER THING I WOULD POINT OUT IS THAT WHAT APPLE AND
17   NOKIA HAVE SORT OF SAID WERE THE CROWN JEWELS OF INFORMATION,
18   NAMELY THE FINANCIAL TERMS OF THE APPLE/NOKIA LICENSE WHICH OF
19   COURSE ARE DISCUSSED IN THESE DEPOSITION TRANSCRIPTS, THE ITC
20   ALREADY HAS THAT.  THAT LICENSE WAS PRODUCED.
21           THE COURT:  IT'S NOT GOING TO BE NEWS TO THEM, IS
22   WHAT YOU ARE SAYING.
23           MR. ZELLER:  EXACTLY.
24       SO IT'S NOT EVEN LIKE FOR EXAMPLE THAT THERE'S AN
25   INCREMENTAL DIFFERENCE IN TERMS OF THE SENSITIVITY OF THE

1     INFORMATION THAT'S ALREADY IN FRONT OF THE ITC.
2           WHAT THE ITC WILL HAVE BY HAVING THE TRANSCRIPTS, WILL HAVE
3     THE ABILITY TO MAKE ITS OWN JUDGMENT ABOUT MR. MELIN'S
4     TESTIMONY AND ABOUT WHAT THE NOKIA REPRESENTATIVES SAID
5     OCCURRED AT THIS MEETING.  AND YOU KNOW AS WE POINT OUT IN THE
6     PAPERS, APPLE IS THE ONE WITH NOKIA'S CONSENT THAT INTERJECTED
7     THIS INTO THE ITC IN THE FIRST INSTANCE.  SO WE ARE JUST
8     SEEKING TO DEFEND OURSELVES.
9             THE COURT:  I TAKE THAT IF APPLE WERE TO WITHDRAW THE
10    MOTION YOU WOULD HAVE NO INTEREST IN SUBMITTING THESE.
11            MR. ZELLER:  I WOULD CERTAINLY AGREE WITH THAT.
12            THE COURT:  I MAY HAVE SOME MORE QUESTIONS FOR YOU.
13        BUT MR. MUELLER, I WANT TO ASK YOU A QUESTION TOO, IF I
14    COULD, SIR.
15          THIS IS NOKIA'S INTEREST FIRST AND FOREMOST.  WHAT'S THE
16    OBJECTION TO SIMPLY ALLOWING THE ITC JUDGE TO CONSIDER THE SAME
17    INFORMATION IN THAT PROCEEDING?
18            MR. KOPPELMAN:  SURE, YOUR HONOR.
19          THERE'S PROBABLY THREE PRIMARY POINTS THAT ARE IN NOKIA'S
20    OPPOSITION TO THE MOTION.
21         FIRST, ITC HAS ITS OWN DISCOVERY PROCESS.  AND ACCORDING
22    TO APPLE WE ARE NOT ALLOWED TO PARTICIPATE IN IT, IT'S SORT OF
23    A SECRET PROCEEDING WHERE THEY ARE CONSIDERING THE PROTECTIVE
24    ORDER VIOLATION, IT'S ALL UNDER SEAL, WE DON'T REALLY KNOW WHAT
25    IS GOING ON THERE.

1        BUT AT LEAST TO APPLE'S PAPERS, APPLE HAS INDICATED
2    SAMSUNG HAS OPPOSED ANY DISCOVERY IN THE ITC ON THE PROTECTIVE
3    ORDER VIOLATIONS.
4            THE COURT:  RIGHT.  BUT THAT'S FOR THE ITC JUDGE TO
5    ULTIMATELY WEIGH AND DECIDE.
6        ALL I'M HERE TO FIGURE IS, IS THERE SOME LEGITIMATE
7    INTEREST OF YOUR CLIENTS THAT I NEED TO BE WORRIED ABOUT IN
8    ALLOWING THIS INFORMATION TO BE USED?  WHETHER THE JUDGE IN
9    WASHINGTON DECIDES TO DO SOMETHING WITH IT IS NOT REALLY MY
10   PROBLEM, IS IT?
11           MR. KOPPELMAN:  WELL, THAT'S WHAT WE THINK, IT SHOULD
12   BE THE JUDGE'S DECISION AND NOT YOURS.
13           THE COURT:  RIGHT.
14       BUT HE OR SHE CAN'T EVEN GET TO THAT ISSUE IF I DON'T
15   PERMIT THE PROTECTIVE ORDER MODIFICATION THAT SAMSUNG IS
16   SEEKING, RIGHT?
17           MR. KOPPELMAN:  WELL, THEY CAN SEEK A SUBPOENA, THE
18   ITC HAS SUBPOENA POWER.
19           THE COURT:  YEAH, BUT THIS DISPUTE HAS ALREADY GONE
20   THROUGH ENOUGH HOOPS AND HAD ENOUGH EXPENSE, WHY WOULD WE GO
21   THROUGH ALL THE HASSLE IF THERE'S A RELATIVELY CLEAN AND SIMPLE
22   SOLUTION CONSISTENT WITH THE ORDER ITSELF?
23           MR. KOPPELMAN:  FAIR ENOUGH, YOUR HONOR.  THERE'S TWO
24   ADDITIONAL POINTS.
25       THE FIRST IS SAMSUNG'S MISHANDLING OF NOKIA'S

```
1    INFORMATION.  IT STARTS WITH SAMSUNG AND ITS COUNSEL SENDING
2    NOKIA'S LICENSING TERMS AROUND THE WORLD.
3             THE COURT:  I'M SOMEWHAT FAMILIAR WITH THAT DISPUTE
4    SO I DON'T THINK WE NEED TO REPLOW THAT GROUND.
5             MR. KOPPELMAN:  AND SAMSUNG COUNSEL READING ALOUD
6    PORTIONS OF THE MALEEN TRANSCRIPT AT THE SHOW CAUSE HEARING
7    EVEN THOUGH IT WAS DESIGNATED UNDER THE PROTECTIVE ORDER OF
8    THIS COURT, AND THOSE EVENTS RAISED SERIOUS CONCERNS ABOUT
9    NOKIA'S INFORMATION IN SAMSUNG'S HANDS.
10            THE COURT:  BUT THEY'VE ALREADY GOT THAT INFORMATION
11   IN THEIR HANDS.  OUTSIDE COUNSEL DOES, RIGHT?
12            MR. KOPPELMAN:  THERE'S ADDITIONAL INFORMATION IN
13   THOSE TRANSCRIPTS.
14            THE COURT:  BUT QUINN EMANUEL HAS THOSE TRANSCRIPTS,
15   RIGHT?
16            MR. KOPPELMAN:  THEY DO, BUT --
17            THE COURT:  SO IF I WERE TO GRANT EVERY OUNCE OF
18   THEIR REQUEST HERE, THAT WOULD NOT CHANGE THAT SITUATION ONE
19   LICK, WOULD IT?
20            MR. KOPPELMAN:  BUT WHAT I THAT ARE ASKING TO DO IS
21   TAKE THOSE TRANSCRIPTS TO A DIFFERENT COURT WHERE WE CAN'T
22   PARTICIPATE--
23            THE COURT:  THAT DIDN'T SOUND LIKE A PROTECTIVE
24   ORDER.  LET'S BE PRACTICAL, FOR A CHANGE, IN THIS MATTER.
25         THIS ISN'T GOING TO MOVE THE NEEDLE ONE LICK FOR NOKIA IN
```

```
 1     THE GRAND SCHEME OF THINGS, IS IT?  AM I RIGHT ABOUT THAT?
 2            MR. KOPPELMAN:  IN TERMS OF BEING PRACTICAL, WE MADE
 3     A COMPROMISE OFFER ON APRIL 14TH.  AND THE COMPROMISE OFFER
 4     THAT WE MADE TO SAMSUNG WAS THAT THEY SUBMIT THE TRANSCRIPTS
 5     UNDER THE HIGHEST LEVEL OF PROTECTION; THEY AGREED NOT TO
 6     CHALLENGE THOSE DESIGNATIONS, TWO; AND THREE, THEY AGREE TO
 7     SUBMIT THREE SPECIFIC NOKIA BRIEFS WHERE WE COUNTERED SAMSUNG'S
 8     MISCHARACTERIZATION OF THOSE.
 9            THE COURT:  BUT THAT'S GETTING TO THE MERITS OF THE
10     DISPUTE.
11        I'M SIMPLY LOOKING AT, AND I ONLY HAVE THE AUTHORITY TO
12     LOOK AT, IS THERE ANY RISK HERE, ANY MARGINAL RISK FROM
13     PERMITTING THIS ACTION TO TAKE PLACE?  I'M NOT SEEING IT.
14         SO TELL ME WHAT I'M MISSING HERE.
15            MR. KOPPELMAN:  THE TRANSCRIPTS ALSO INCLUDE NOKIA'S
16     LICENSING STRATEGY AND OTHER THINGS THAT HAVE NOT YET BEEN
17     SUBMITTED TO THE ITC.  THERE IS INCREMENTAL INFORMATION,
18     CONTRARY TO SAMSUNG'S ARGUMENTS.
19            THE COURT:  RIGHT.
20        BUT SITTING HERE TODAY, SAMSUNG'S OUTSIDE COUNSEL HAS THE
21     TRANSCRIPT, CORRECT?
22            MR. KOPPELMAN:  CORRECT.
23            THE COURT:  SITTING HERE TODAY, THIS COURT IN THE
24     NORTHERN DISTRICT OF CALIFORNIA HAS ACCESS TO THAT TRANSCRIPT,
25     CORRECT?
```

| | |
|---|---|
| 1 | MR. KOPPELMAN: CORRECT. |
| 2 | THE COURT: IF I WERE TO GRANT SAMSUNG'S REQUEST, THE |
| 3 | ONLY THING THAT WOULD CHANGE WOULD BE THAT THE INTERNATIONAL |
| 4 | TRADE COMMISSION, A BODY WELL VERSED IN HANDLING ALL SORTS OF |
| 5 | HIGHLY PROPRIETARY INFORMATION WHICH ITSELF HAS ACCESS TO THAT |
| 6 | SAME INFORMATION, CORRECT? |
| 7 | MR. KOPPELMAN: THAT'S CORRECT. |
| 8 | IN THE CONTEXT OF A PROTECTIVE ORDER VIOLATION. |
| 9 | THE COURT: SO WHAT YOU ARE SAYING IS YOU ARE |
| 10 | PARTICULARLY CONCERNED ABOUT THE MARGINAL RISK THAT WOULD |
| 11 | ATTACH FROM THE WELL RESPECTED JUDGES OF THE ITC IN THE |
| 12 | COMMISSION OF THE ITC HAVING ACCESS SOMETHING THAT THEY DON'T |
| 13 | HAVE ACCESS TO TODAY. |
| 14 | MR. KOPPELMAN: WELL, AT SOME POINT NOKIA WOULD LIKE |
| 15 | TO STOP THE SPREAD OF ITS CONFIDENTIAL INFORMATION. |
| 16 | AND RESPECTFULLY, IF NOKIA WERE TO REQUEST THE LINE BE |
| 17 | DRAWN HERE AND THAT IT NOT KEEP PERPETUATING. |
| 18 | WE UNDERSTOOD THAT WHEN NOKIA ALLOWED THOSE DEPOSITIONS |
| 19 | TO PROCEED -- |
| 20 | THE COURT: NOKIA DIDN'T ALLOW THOSE DEPOSITIONS TO |
| 21 | PROCEED, THE COURT ORDERED THOSE DEPOSITIONS TO TAKE PLACE, |
| 22 | RIGHT? |
| 23 | MR. KOPPELMAN: THE COURT AUTHORIZED SAMSUNG TO SERVE |
| 24 | DISCOVERY ON THOSE WITNESSES, AND WE ALLOWED THEM TO PROCEED, |
| 25 | WE DIDN'T CONTEST THAT IT WAS AUTHORIZED. |

1      THE COURT: THERE'S NOTHING TO CONTEST, I TOLD YOU TO
2  DO IT, RIGHT?  THERE WAS NO OPPORTUNITY.  I ORDERED THAT TO
3  HAPPEN.
4      AND I APPRECIATE THE POINT, BUT IT'S NOT AS IF NOKIA WAS
5  MAGNANIMOUS IN PERMITTING CERTAIN THINGS TO TAKE PLACE THAT
6  WEREN'T OTHERWISE GOING TO HAPPEN, RIGHT?
7      MR. KOPPELMAN: FAIR ENOUGH, YOUR HONOR, AND THAT'S
8  NOT WHAT I MEAN TO SUGGEST.
9      BUT THERE WERE ADDITIONAL OBJECTIONS AND APPEALS THAT COULD
10 HAVE BEEN TAKEN.  AND IN FACT, WE RELIED ON THE PROTECTIVE
11 ORDER TO -- FOR THOSE DEPOSITIONS TO PROCEED.
12      AND WE WOULD RATHER THEY NOT BE SPREAD ACROSS THE OTHER
13 TRIBUNALS.  IF THAT TRIBUNAL WANTS IT, IT HAS PROCEDURES TO GO
14 GET IT.
15      THE COURT: AND ARE YOU GOING TO OBJECT THEN?
16      MR. KOPPELMAN: WE WILL CONSIDER THE REQUEST.
17      THE COURT: NO, NO, I WANT TO KNOW.
18   IF I DENY THIS REQUEST AND THE ONLY MECHANISM LEFT FOR THE
19 ITC TO HAVE ACCESS TO THE INFORMATION IS TO GO ASK FOR IT, ARE
20 YOU GOING TO OBJECT?
21      MR. KOPPELMAN: DEPENDING ON THE SCOPE OF THE
22 REQUEST, WE MAY.
23      THE COURT: ALL RIGHT.
24   I THINK I HAVE YOUR POSITION, MR. KOPPELMAN.
25      MR. KOPPELMAN: THANK YOU, YOUR HONOR.

```
 1             THE COURT:  MR. MUELLER, THERE'S NO REAL APPLE
 2   INTEREST HERE IN PROHIBITING THE ITC FROM SEEING THIS
 3   INFORMATION, IS THERE?
 4             MR. MUELLER:  YEAH, I THINK YOUR HONOR OUR POSITION
 5   IS QUITE SIMPLE, AND THAT IS THERE SHOULD BE RECIPROCITY.
 6             THE COURT:  WELL, BUT YOUR FIRST POSITION WAS IT
 7   SHOULD BE DENIED BECAUSE THIS WAS AN END AROUND DISCOVERY LIMIT
 8   TO THE ITC, RIGHT?
 9             MR. MUELLER:  WELL, YOUR HONOR, WHEN THEY MADE THE
10   REQUEST, WE WERE --
11             THE COURT:  THAT'S WHAT YOU SAID IN THE PAPERS,
12   RIGHT?
13             MR. MUELLER:  IT'S TRUE, YOUR HONOR.  BUT WE ALSO
14   MAKE CLEAR --
15             THE COURT:  AND OF COURSE I HAVE NO BUSINESS TELLING
16   THE ITC WHAT DISCOVERY TO PERMIT OR NOT PERMIT, I HAVE TO
17   RESPECT THEIR AUTHORITY.
18             MR. MUELLER:  THAT'S TRUE, YOUR HONOR.
19      BUT WE MADE CLEAR IN BOTH CORRESPONDENCE AND THE PAPERS IN
20   OUR CROSS MOTION THAT THERE'S SIX SAMSUNG DEPOSITIONS THAT ARE
21   EQUALLY IN THE SAME BUCKET OF INFORMATION THE ITC.
22             THE COURT:  RIGHT.  SO YOU'RE ASKING FOR SAUCE AND
23   GANDERS AND ALL THAT STUFF, RIGHT?
24             MR. MUELLER:  EXACTLY.
25        AND THAT'S REALLY IT, YOUR HONOR.  I THINK WE CAN RESOLVE
```

```
 1    NOT ONLY THIS MOTION BUT OUR CROSS MOTION WHICH IS PENDING

 2    BEFORE YOUR HONOR.

 3          THERE'S A REPLY BRIEF DUE TODAY.  WE CAN FULLY RESOLVE THAT

 4    AS WELL RIGHT NOW IF SAMSUNG WERE TO AGREE THAT THE SIX SAMSUNG

 5    TRANSCRIPTS WOULD BE SUBMITTABLE PURSUANT TO A PROTECTIVE ORDER

 6    MODIFICATION.

 7          IF WE CAN AGREE ON THAT, WE ARE FINE.

 8              THE COURT:  LET ME ASK MR. ZELLER.

 9          DOES SAMSUNG HAVE ANY OBJECTION TO MY AUTHORIZING THOSE SIX

10    TRANSCRIPTS IN THE SAME MANNER AS I WOULD AUTHORIZE THE TWO

11    THAT YOU ARE INTERESTED IN?

12              MR. ZELLER:  IN A WORD, YES.

13              THE COURT:  OKAY.  TELL ME WHY.

14              MR. ZELLER:  BUT IN PRINCIPLE I AGREE, YOUR HONOR,

15    THAT IF THE COURT GRANTS OUR MOTION THAT THERE SHOULD BE

16    RECIPROCITY, WE DON'T DISPUTE THAT.

17          HOWEVER, THERE IS A DIFFERENCE WHICH IS THAT THERE ARE

18    MANY, MANY THOUSANDS OF PAGES OF TRANSCRIPTS, UNLIKE THE

19    HAKORANTA AND MELIN DEPOSITIONS WHICH WERE LIMITED TO TWO

20    TOPICS, THE JUNE 4TH MEETING AS WELL AS THE ALLEGED

21    CONFIDENTIALITY OF THE APPLE NOKIA LICENSE TERMS.

22              THE COURT:  SO NOW YOU ARE SUGGESTING IF WE GIVE THE

23    ROGUE ITC TOO MUCH ACCESS TO THE CONFIDENTIAL INFORMATION, WE

24    MIGHT WORRY WHAT THEY ARE UP TO.

25              MR. ZELLER:  NOT AT ALL, YOUR HONOR.
```

1         THE ISSUE HAS TO DO WITH THE FACT THAT THERE ARE OTHER
2    THIRD PARTY INTERESTS IN THAT INFORMATION AT THOSE DEPOSITIONS
3    WHICH APPLE HAS NEVER RECEIVED PERMISSION FROM, LIKE FOR
4    EXAMPLE ERICSSON, AND OTHER COMPANIES.
5         INTERESTINGLY ENOUGH, IN SOME WAYS THERE'S KIND OF A
6    HORNS OF A DILEMMA IN RESPECTS FOR NOKIA HERE.
7         APPLE HAS NOT EVEN, AS FAR AS I CAN ASCERTAIN, ASKED
8    NOKIA FOR PERMISSION TO SUBMIT THOSE TRANSCRIPTS WITH NOKIA'S
9    INFORMATION TO THE ITC.
10         NOW OF COURSE IF NOKIA SAYS TO APPLE, YES, THAT'S FINE,
11    GO AHEAD AND DO THAT, THEN OBVIOUSLY IT DOESN'T HAVE A LEG TO
12    STAND ON WHEN IT'S SAYING WE CAN'T DO THE SAME THING.
13         BUT ALTERNATIVELY, NOKIA HAS NOT SAID THEY ACTUALLY
14    AGREED TO THAT.
15              THE COURT:  RIGHT.
16      BUT IF I MODIFY THE PROTECTIVE ORDER TO GRANT THE REQUEST
17    AND GRANT THE SIMILAR MODIFICATION THAT APPLE SEEKS, WHATEVER
18    IMPLICATIONS ARE FOR THIRD PARTIES IS ON THE PARTY THAT
19    SUBMITS, RIGHT, IT'S NOT YOUR FAULT.
20              MR. ZELLER:  THAT'S CORRECT.
21      AND THAT'S THE ISSUE I WANT TO MAKE CLEAR, YOUR HONOR.  WE
22    ARE OBVIOUSLY NOT IN A POSITION TO JUST SIMPLY SAY, SURE, FINE
23    APPLE GO AHEAD AND SUBMIT WHATEVER YOU WANT FROM THOSE
24    TRANSCRIPTS TO THE ITC.
25         SO THERE IS A DIFFERENCE IN KIND THERE IN TERMS OF WHO

| | |
|---|---|
| 1 | REALLY HAS THE AUTHORIZATION TO DO THAT.  I WILL NOTE THAT WITH |
| 2 | APPLE'S MOTION IT HASN'T BROUGHT IT AGAINST ANY OTHER PARTY OR |
| 3 | NONPARTY, IT HASN'T BROUGHT IT AGAINST NOKIA OR ERICSSON OR |
| 4 | PHILLIPS OR SHARP. |
| 5 | THE COURT:  SO THEY MIGHT BE WALKING INTO A HORNET'S |
| 6 | NEST WITH RESPECT TO MR. KOPPELMAN'S CLIENT OR ANYBODY ELSE, |
| 7 | CORRECT? |
| 8 | MR. ZELLER:  RIGHT.  I COMPLETELY AGREE WITH THAT. |
| 9 | BUT BACK IT MY POINT, FROM SAMSUNG'S PERSPECTIVE.  WE |
| 10 | HAVE NO DISAGREEMENT IN PRINCIPLE THAT WE WOULD GIVE PERMISSION |
| 11 | FOR APPLE TO SUBMIT THE TRANSCRIPTS, TO THE EXTENT WE CAN GRANT |
| 12 | THAT PERMISSION. |
| 13 | BUT AGAIN, IT'S NOT QUITE AS SIMPLE BECAUSE APPLE HAS |
| 14 | NEVER IDENTIFIED ANYTHING OTHER THAN JUST OTHER KIND OF ON A |
| 15 | BLANKET BASIS, WE WANT TO PUT ALL THIS DISCOVERY INTO THE ITC. |
| 16 | UNLIKE OURS WHICH IS MORE NARROW AND DOES NOT IMPLICATE THIS |
| 17 | KIND OF THIRD PARTY INFORMATION AGAINST PARTIES WHO ARE NOT |
| 18 | EVEN PART OF THE MOTION.  WE BROUGHT OUR MOTION AGAINST NOKIA |
| 19 | AND APPLE SPECIFICALLY FOR THIS REASON.  THEY ARE THE TWO |
| 20 | PARTIES THAT ARE ASSERTING CONFIDENTIALITY. |
| 21 | ALSO I WOULD NOTE, YOUR HONOR, WITH RESPECT TO THE SIX |
| 22 | SAMSUNG DEPOSITIONS, AT LEAST SOME OF THOSE, NOKIA IS THE ONE |
| 23 | THAT ALSO DESIGNATED AS BEING SUBJECT TO THE PROTECTIVE ORDER. |
| 24 | EVEN THOUGH THEY WERE SAMSUNG DEPOSITIONS, SO AGAIN, IT TAKES |
| 25 | US BACK TO, WHAT'S NOKIA'S REAL POSITION HERE? |

```
 1            THE COURT:  WELL, THAT GOES BACK TO WHAT
 2   MR. KOPPELMAN IS SAYING NOKIA IS SICK AND TIRED OF THE
 3   MISHANDLING OF IT'S INFORMATION, I CAN APPRECIATE THAT CONCERN.
 4         BUT IT SEEMS TO ME I CAN SOLVE ALL YOUR PROBLEMS BY
 5   SIMPLY ORDERING THESE DEPOSITIONS BE PERMITTED TO BE SUBMITTED
 6   TO THE ITC WITHOUT RUNNING AFOUL OF THIS COURT'S PROTECTIVE
 7   ORDER.
 8         THEN YOU ALL CAN PROCEED AND TAKE WHATEVER RISKS YOU LIKE
 9   WITH THIRD PARTIES OR WHATEVER INTERESTS THAT ARE AT STAKE.
10         SO THAT'S WHAT I'M GOING TO DO.  THOSE MOTIONS ARE GRANTED.
11            MR. ZELLER:  THANK YOU.
12            MR. KOPPELMAN:  THANK YOU, YOUR HONOR.
13            MR. MUELLER:  THANK YOU, YOUR HONOR.
14            THE COURT:  HAVE A GOOD MORNING.
15   (WHEREUPON, THE PROCEEDINGS IN THIS MATTER WERE CONCLUDED.)
16
17
18
19
20
21
22
23
24
25
```

```
 1
 2
 3
 4                    CERTIFICATE OF REPORTER
 5
 6
 7
 8            I, THE UNDERSIGNED OFFICIAL COURT
 9    REPORTER OF THE UNITED STATES DISTRICT COURT FOR
10    THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH
11    FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY
12    CERTIFY:
13            THAT THE FOREGOING TRANSCRIPT,
14    CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND
15    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS
16    SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS
17    HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED
18    TRANSCRIPTION TO THE BEST OF MY ABILITY.
19
20
21
22
23
24    _____
25    SUMMER A. FISHER, CSR, CRR
      CERTIFICATE NUMBER 13185            DATED: 4/24/14
```