Michael R. Reese (SBN 206773)
mreese@reeserichman.com
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

Clayton D. Halunen
halunen@halunenlaw.com
Melissa Wolchansky
wolchansky@halunenlaw.com
**HALUNEN AND ASSOCIATES**
1650 IDS Center 80 South 8th Street
Minneapolis, Minnesota  55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br><br>                     Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                     Defendants. | Case No. 5:11-cv-01846-LHK<br><br>**CONSUMER PLAINTIFF HOAI DANG'S RESPONSE IN OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Hoai Dang, on behalf of himself and a proposed class of consumers who purchased various Samsung products, hereby respectfully submits his opposition to have his action related and transferred to join the above-captioned action.

ARGUMENT

On April 15, 2011, Apple Inc. ("Apple") filed suit against Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Telecommunications America, LLC ("STA,") (collectively "Samsung" or "Defendants") *for injury caused to Apple* due to Samsung's violation of various statutes - including, but not limited to, the Federal Lanham Act (15 U.S.C. § 1125) – based on Samsung's infringement of patents held by Apple.  This matter is the above-captioned action, *Apple Inc. v. Samsung Elec. Co.*, Case No. 5:11-cv-01846-LHK (the "Apple I Action").

On February 8, 2012, Apple filed another patent infringement suit against Samsung for violation of additional patents held by Apple *that allegedly caused injury to Apple*. *See Apple Inc. v. Samsung Elec. Co.*, Case No. 5:12-cv-00630-LHK, ECF No. 261 (the "Apple II action")(collectively the "Apple I" and "Apple II" Actions are referred to herein as "the Apple Actions").  Neither of the Apple Actions involves claims related to consumers or seek to recover any damages on behalf of consumers.

On February 4, 2014, Plaintiff Hoai Dang filed a consumer class action against Defendants *for injury caused to consumers* for violation of various consumer protection statutes throughout out the United States. (the "Consumer Class Action"). *See Dang v. Samsung Elec. Co.*, No. 5:14-cv-00530-SI.

Defendants attempt to relate the Apple Actions with the Consumer Class Action by claiming they involve the "same parties." Defs.' Mot. at 3. This is wrong as Defendants are wholly mistaken as to the parties involved. Critically, and fatal to Defendants' Motion, is the fact that the Apple Actions involve the violation of the rights of a single legal entity (Apple). The Consumer Class Action involves the violation of the rights of thousands of class members (the Consumer Class).  As such, the same parties are not involved in the Consumer Class Actions and Apple Actions. Very different parties, with very different

interests are the plaintiffs in the Apple Actions and Consumer Class Action.

By inappropriately conflating the "parties," Defendants overlook a major difference between the Apple Actions and the Consumer Class Action. In a typical action, the court acts as a neutral arbiter of the parties. However in a class action, particularly a 23(b)(3) action, the court must also take on the role of protector of the rights of the unnamed class members. This role is particularly evident at stages such as class certification. As such, the role of the court in the Apple Actions would not be the same as that of the Consumer Class Action.

Defendant also argues that because the actions all involve the same products, they should be related. Although the same products are at issue, they do not involve the same underlying claims. All of the claims in the Apple II action, and nearly all of the claims in the Apple I action involve claims of patent infringement. However, the claims in the Consumer Class Action are based upon consumer fraud and breach of warranty. The elements necessary to prove patent infringement are not the same elements necessary to prove the claims in the Consumer Class Action. By way of example, proving the existence of a warranty is a necessary element to proving the breach of warranty claim, however it is not necessary to prove the patent infringement.

Due to the differing nature of the underlying claims, the interests of the plaintiffs in the actions are not aligned. As such, the nature of the discovery Apple is willing to seek and the way it chooses to utilize that discovery will be markedly different from that of the consumers. In fact, Apple's interests in the Apple Actions may inhibit Plaintiffs' rights in the Consumer Class Action.  It is not unthinkable that Apple would chose not to provide evidence as calculus that protecting its secret is more valuable than producing the evidence. As Defendants readily admit, discovery in these cases is sensitive. Def. Mot. at 4. However, how discovery will be approached in the Apple Actions and the Consumer Class Action will be very different.  Underscoring this fact is that the counsel for Samsung in the Consumer Class Action is a different law firm than the law firm representing Samsung in the Apple Actions.

Further, the actions will revolve around different areas of law. The Apple actions will focus on patent issues, while the Consumer Class Action will focus on contract issues. By way of example, the question of whether or not Samsung's Galaxy S II (AT&T) (JX 1033) violates the implied warranty against infringement protected by Cal. Comm. Code § 2312 in not an issue in the Apple Actions, though it is an issue in the Consumer Class Action. Thus, the laws that will be applied will be different.

Defendants' principle concern seems to be the duplication of discovery efforts. However, as seen above, the discovery will be different in the Consumer Class Action and the Apple Actions as they concern vastly different issues and claims.

**WHEREFORE**, Plaintiffs respectfully request the Court enter an Order denying Samsung's Motion to relate the Consumer Class Action with the Apple Actions.

Dated: April 28, 2014                           Respectfully submitted,

**REESE RICHMAN LLP**

By: /s/ *Michael R. Reese*

Michael R. Reese (SBN 206773)
875 Avenue of the Americas, 18th Floor
New York, New York  10001
Telephone:  (212) 643-0500

- and -

Melissa Wolchansky
wolchansky@halunenlaw.com
**HALUNEN AND ASSOCIATES**
1650 IDS Center 80 South 8th Street
Minneapolis, Minnesota  55402
Telephone: (612) 605-4098

*Attorneys for Plaintiff Dang
and the Proposed Consumer Class*

**CERTIFICATE OF PROOF OF SERVICE**

**I HEREBY CERTIFY** that on this **28th day of April, 2014,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

    /s/  *Michael R. Reese*
*Michael R. Reese*