# EXHIBIT 1

```
-----Original Message-----
From: Koppelman, Ryan [mailto:Ryan.Koppelman@alston.com]
Sent: Thursday, March 13, 2014 3:53 PM
To: Robert Becher; 'Selwyn, Mark'; Allen, Randall; Miller, Parker
Subject: RE: Apple v. Samsung
```

Rob,

Your email contains several new issues not previously raised with us. We will not be able to meet and confer with you on these new issues less than 20 hours after you first raised them, as you have requested. It will take longer for us to get our client's perspective. Monday afternoon seems like a more reasonable time to discuss these issues with you. Let us know if that would work or if there is some emergency you did not communicate.

Regards,
Ryan

Ryan W. Koppelman - Partner, IP Litigation Alston & Bird LLP -   (650) 838-2009

```
-----Original Message-----
From: Robert Becher [mailto:robertbecher@quinnemanuel.com]
Sent: Thursday, March 13, 2014 12:39 PM
To: Koppelman, Ryan; 'Selwyn, Mark'; Allen, Randall; Miller, Parker
Subject: RE: Apple v. Samsung
```

Ryan/Mark:

Samsung intends to ask the Court for authorization to submit Mr. Melin's deposition transcript to the ITC in the '794 investigation as well as to de-designate that transcript except for specific financial terms under the protective order.  Samsung will request the same relief with respect to Ms. Hakoranta's transcript.  Samsung reserves its right to argue in the future that the terms of the Apple-Nokia license are not confidential either.  Yes, you are correct that Samsung's motion will be filed with the district court.

You also request that Samsung provide Nokia with its past ITC filings on this issue.  We do not see how Samsung's past sealed filings are relevant to its request to submit Mr. Melin's transcript or Ms. Hakoranta's transcript in an ITC filing.  In addition, Nokia apparently never made similar demands of Apple, before giving permission to Apple to interject Mr. Melin's now-discredited declaration into the ITC proceedings.  If that is incorrect, and Nokia has requested and/or received Apple's filings, please let us know immediately.

As to your request to see the language of Samsung's proposed filing, we are not

amenable to doing so. Nokia decided to allow Apple to offer Mr. Melin's declaration in the ITC investigation, and Samsung is entitled to defend itself and respond with Mr. Melin's and Ms. Hakoranta's actual testimony. Samsung is under no obligation to provide Apple and Nokia with an advance preview of the language of its brief. The filing will refer to (and attach) excerpts of Mr. Melin's and Ms. Hakoranta's deposition testimony, and Samsung will argue that the testimony shows that Samsung did not use any of the inadvertently disclosed information in negotiations with Nokia, as Judge Grewal likewise concluded. Nokia also apparently did not ask Apple to provide Nokia, in advance, with the motion it intended to file along with Mr. Melin's declaration before it authorized Apple to submit the declaration to the ITC. Again, if that is incorrect, please let us know immediately.

Please confirm that Apple and Nokia are available for a meet and confer tomorrow morning. We propose 10 a.m.

Regards, Rob

-----Original Message-----
From: Koppelman, Ryan [mailto:Ryan.Koppelman@alston.com]
Sent: Wednesday, March 12, 2014 6:34 PM
To: Robert Becher; 'Selwyn, Mark'; Allen, Randall; Miller, Parker
Subject: RE: Apple v. Samsung

Rob,

To be clear, what type of motion does Samsung intend to file, seeking what specific relief now that your Monday filing is already past? We understand Samsung's proposed motion would be filed in NDCA, and not the ITC, correct?

Furthermore, as Parker and I suggested on our call, it would be helpful for Nokia to see Samsung's proposed and past ITC filings on this issue to understand how Nokia's CBI would be proposed to be used in this ITC proceeding. Nokia has thus far not seen any of the relevant ITC filings on this issue. Is Samsung willing to provide Nokia this information with Apple's consent? It is hard for Nokia to consent to use of its CBI without more information about the context, let alone on the short notice that Samsung provided Nokia for Samsung's ITC filing this past Monday.

Regards,
Ryan

Ryan W. Koppelman - Partner, IP Litigation Alston & Bird LLP -   (650) 838-2009


-----Original Message-----
From: Robert Becher [mailto:robertbecher@quinnemanuel.com]
Sent: Wednesday, March 12, 2014 3:33 PM
To: Koppelman, Ryan; 'Selwyn, Mark'; Allen, Randall; Miller, Parker
Subject: RE: Apple v. Samsung

Ryan--Just so the record is clear, as stated on our meet and confer call, Samsung

intends to file a motion.  Please advise if you have any news to report based on your communications with Nokia.

Thanks, Rob

-----Original Message-----
From: Koppelman, Ryan [mailto:Ryan.Koppelman@alston.com]
Sent: Monday, March 10, 2014 12:37 PM
To: Robert Becher; 'Selwyn, Mark'; Allen, Randall; Miller, Parker
Subject: RE: Apple v. Samsung

Rob,

Following up on our call just now, Mark Selwyn just provided us with a copy of an email from another Alston attorney who many months ago indicated that Nokia did not object to Apple filing the Melin Declaration at the ITC with consideration of Samung's position on the issue.

Because of Samsung's recent attempts to mischaracterize Mr. Melin's testimony, we do not have authorization to consent on such short notice to the use of his testimony at the ITC in today's filing.

However, if Samsung still plans to file a motion seeking leave to make such a filing, we will check with our client to see if any middle ground can be reached here.

Regards,
Ryan

Ryan W. Koppelman - Partner, IP Litigation Alston & Bird LLP -  (650) 838-2009


-----Original Message-----
From: Robert Becher [mailto:robertbecher@quinnemanuel.com]
Sent: Monday, March 10, 2014 11:22 AM
To: Koppelman, Ryan; 'Selwyn, Mark'; Allen, Randall; Miller, Parker
Subject: RE: Apple v. Samsung

I will call you soon.  Did Nokia ever authorize Apple to file the Melin declaration with the ITC?

-----Original Message-----
From: Koppelman, Ryan [mailto:Ryan.Koppelman@alston.com]
Sent: Monday, March 10, 2014 11:05 AM
To: Robert Becher; 'Selwyn, Mark'; Allen, Randall; Miller, Parker
Subject: RE: Apple v. Samsung

Rob -- You may call my office number listed below.

Ryan W. Koppelman - Partner, IP Litigation Alston & Bird LLP -  (650) 838-2009

-----Original Message-----
From: Robert Becher [mailto:robertbecher@quinnemanuel.com]
Sent: Monday, March 10, 2014 10:50 AM
To: Koppelman, Ryan; 'Selwyn, Mark'; Allen, Randall; Miller, Parker
Subject: RE: Apple v. Samsung

Ryan--What number can I call to reach you?

Mark--Does Apple consent?

---

From: Koppelman, Ryan [Ryan.Koppelman@alston.com]
Sent: Monday, March 10, 2014 9:58 AM
To: Robert Becher; 'Selwyn, Mark'; Allen, Randall; Miller, Parker
Subject: RE: Apple v. Samsung

Rob,

Samsung's Saturday night request for a proposed Monday filing, for which Nokia had no prior notice, does not provide Nokia sufficient notice. Nonetheless, we are trying to get in touch with our international client on this issue. At a minimum, we object to Samsung's late and insufficient notice.

Further, we do not have enough information in order to understand Samsung's purported need to use Paul Melin's testimony in the ITC proceeding. We have not seen any of the proposed or previous related filings. In any event, it is not at all clear why Samsung has been preparing ITC filings with Nokia's confidential information designated under the protective order in the Northern District of California.

Based on what we know so far, Nokia cannot consent to such use by Samsung. Samsung has previously mischaracterized Mr. Melin's testimony to the Court, and if his testimony is allowed to be used in the ITC, there is a significant danger of that happening again. Because Nokia is not a participant to these ITC proceedings, however, it would not be able to defend itself against such character attacks.

For at least these reasons, Nokia cannot consent to your belated request at this time. I am available to discuss this morning if you would like.

Regards,
Ryan

Ryan W. Koppelman - Partner, IP Litigation Alston & Bird LLP - (650) 838-2009

From: Robert Becher [mailto:robertbecher@quinnemanuel.com]
Sent: Sunday, March 09, 2014 6:46 PM
To: 'Selwyn, Mark'; Allen, Randall; Koppelman, Ryan; Miller, Parker
Subject: RE: Apple v. Samsung

Mark-The testimony we intend to cite all relates to the statements in Mr. Melin's declaration and/or the June 4, 2013 meeting. Samsung intends to cite this testimony to respond to claims made in Mr. Melin's declaration and in Apple's ITC

briefs. Please let us know if Apple and Nokia will consent or, if not, please confirm your availability to meet and confer tomorrow morning. Thanks, Rob

From: Selwyn, Mark [mailto:Mark.Selwyn@wilmerhale.com]
Sent: Sunday, March 09, 2014 6:08 PM
To: Robert Becher; 'Allen, Randall'; 'Koppelman, Ryan'; 'Miller, Parker'
Subject: RE: Apple v. Samsung

Can you specify the testimony, and explain why Samsung wishes to cite to it?

Mark

From: Robert Becher [mailto:robertbecher@quinnemanuel.com]
Sent: Sunday, March 09, 2014 6:01 PM
To: Robert Becher; 'Allen, Randall'; 'Koppelman, Ryan'; Selwyn, Mark; 'Miller, Parker'
Subject: RE: Apple v. Samsung

Counsel: Please let me know if you approve. Thanks, Rob

From: Robert Becher
Sent: Saturday, March 08, 2014 6:42 PM
To: 'Allen, Randall'; 'Koppelman, Ryan'; 'Selwyn, Mark'; 'Miller, Parker'
Subject: Apple v. Samsung

Ryan and Mark: In connection with an opposition brief that will be filed with the ITC on Monday in connection with the 794 Investigation, Samsung intends to cite testimony from the November 25, 2013 deposition of Paul Melin. Please confirm by tomorrow at noon that you do not have any objection. Of course, the filing will be under seal and will not be available to the public. We look forward to hearing from you. If you are unwilling to agree, we ask that you confirm that you are able to participate in a meet and confer on this issue on Monday morning.

Regards, Rob

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.