QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S REPLY IN SUPPORT OF MOTION FOR AUTHORIZATION TO SUBMIT DEPOSITION TRANSCRIPTS OF PAUL MELIN AND EEVA HAKORANTA TO THE ITC**<br><br>Date:   April 22, 2014<br>Time:   10:00 am<br>Judge:   Hon. Paul S. Grewal<br>Place:   Courtroom 5, 4th Floor |

**Preliminary Statement**

In their Oppositions, Apple and Nokia fail to refute Samsung's showing that it should be allowed to submit under seal the Melin and Hakoranta deposition transcripts to the ITC in connection with Investigation No. TA-337-794.  With Nokia's authorization, Apple has submitted Mr. Melin's declaration to the ITC and thus placed the deposition testimony that refutes that declaration directly at issue.  Yet, the ITC does not and cannot have the complete facts about Mr. Melin's allegations, because Nokia and Apple refuse to agree that Samsung can provide the ITC with that deposition testimony.  Apple and Nokia should not be allowed to hide information from the ITC or thwart Samsung's ability to properly defend itself against Apple's now repeated sanctions motions in the ITC.

Nokia's "kitchen-sink" opposition to Samsung's motion is unavailing.  Nokia fails to demonstrate that any confidential information will be put at risk if Samsung's counsel is authorized to submit the transcripts under seal to the ITC.  Nor could Nokia show this, as the depositions will be subject to the ITC Protective Order and, other than ITC personnel, *only Apple and Samsung's counsel will be permitted to see them*.  Nokia also objects that it will be unable to respond to Samsung's arguments regarding the testimony, such that Samsung will purportedly have free reign to argue whatever it wants about these deposition transcripts.  Apart from being unwarranted and unproven speculation, Nokia's argument ignores that the ITC is perfectly capable of making its own determination of whether Nokia's deposition testimony is, or is not, consistent with Mr. Melin's accusations.  Moreover, because Apple is a party to the ITC Investigation and is relying on the Melin declaration to support its request for sanctions, it can, and surely will, endeavor to respond to any arguments about the transcripts that it believes are inaccurate.

Apple's primary objection to Samsung's motion is that the relief requested is one-sided because Samsung has not approved Apple's "conditional" request to submit the depositions of Samsung's employees to the ITC.  But, as Apple fails to dispute, its tit-for-tat demand is not motivated by any valid need to rely upon the testimony of Samsung's witnesses in support of its request for sanctions.  Indeed, Apple does not dispute that it has never cited any such testimony, or requested to cite it, in any of its now-completed ITC briefing.  In any event, the only ones

asking for one-way disclosures to the ITC is Apple and Nokia. Not only did Apple fail to advise the ITC that Mr. Melin and Ms. Hakoranta were deposed, Nokia flatly refuses to agree that those transcripts can be submitted to the ITC. So Apple's "conditional" offer is neither "conditional" nor reciprocal, since even if Samsung agreed that its transcripts could be used in the ITC, there still would be no agreement that would allow Samsung to provide the Melin and Hakoranta depositions transcripts to the ITC.

Because Samsung has made the required showing under the Protective Order and is entitled to fully defend itself against Apple's request for sanctions, its motion should be granted.

## Argument

### I. SAMSUNG'S REQUEST IS CONSISTENT WITH THE PROTECTIVE ORDER

Apple and Nokia fail to refute Samsung's showing that its request is consistent with the Protective Order in this case because "public policy or other considerations" support authorizing it to submit the depositions of Nokia's witnesses to the ITC, and such authorization would be in the "interests of justice." (Dkt. 687, ¶ 23(f).)

*First*, it is undisputed that Apple itself affirmatively injected Mr. Melin's inflammatory declaration into the ITC proceedings with Nokia's consent. After doing so, and putting that information at issue in support of Apple's requests for broad sanctions against Samsung and Quinn Emanuel, it would be contrary to the interests of fairness and justice to prohibit Samsung and Quinn Emanuel from defending themselves against Mr. Melin's accusations by using his and Ms. Hakoranta's deposition testimony.

*Second*, it is undisputed that the ITC currently has an incomplete record regarding Mr. Melin's testimony. Samsung cannot appropriately challenge Mr. Melin's declaration without providing Mr. Melin's and Ms. Hakoranta's testimony. Nokia is correct that Samsung can point to this Court's finding that there is ultimately no basis for concluding that Nokia information was misused in negotiations (and to be sure, Samsung has done so), but it ignores Apple's position in the ITC that the ITC should not consider this Court's conclusions, but instead should evaluate Apple's accusations anew. Given Apple's arguments, the only way for the ITC to fully evaluate Apple's allegations is to review the testimony in the transcripts.

*Third*, Apple and Nokia fail to dispute Samsung's showing that the transcripts at issue do not contain any sensitive business information that would be compromised if submitted to the ITC under seal. Instead, Nokia argues that other information it considers confidential was inadvertently disclosed by Samsung, and it insinuates this could happen again. (Nokia's Response, at 11.) That conjecture is unavailing, as Samsung is seeking to provide the deposition transcripts to the ITC—under seal—pursuant to the ITC Protective Order in a proceeding involving only Apple and Samsung. As such, the transcripts will be accessible only to appropriate ITC personnel, Samsung and Apple.[1]

In any event, Nokia overstates the sensitivity of its witnesses' testimony, which primarily relates to the June 4 meeting. Nokia's position that the testimony is highly confidential (Response, at 13) is undercut by multiple Court orders. Mr. Melin's account of the June 4 meeting has been described in two public court orders (Dkt. 2935, at 2, 6; Dkt. 2483) and the Court recently denied a motion to seal a filing containing a detailed summary of Mr. Melin's allegations regarding the June 4 meeting, holding: "What information may not have been public at the time the motion was originally filed has since been disclosed, multiple times, in open court." (Dkt. 3041, at 1; Dkt. 3056.) Nokia argues that Samsung has failed to follow the required procedures to de-designate the testimony under the protective order and the confidentiality of the testimony is irrelevant to Samsung's Motion anyway. (Nokia's Response, at 11-13.) Nokia misses the point. Samsung is not seeking to de-designate the testimony, but demonstrating that the majority of the information it wishes to submit to the ITC under seal is not even confidential and Nokia is thus overstating the alleged prejudice that it would suffer from allowing the ITC to consider the deposition testimony.

*Fourth*, Apple and Nokia fail to demonstrate that Judge Koh's prior order authorizing cross-use of discovery, Dkt. 2093, weighs against cross-use here. Consistent with Judge Koh's conclusion that cross-use was appropriate because Apple had not shown how Samsung's requested cross-use was "materially different" from the use to which the parties had agreed (Dkt. 2093 at 2), Samsung intends to use the deposition transcripts in the ITC for precisely the same reasons it has

1  used them here—to oppose Apple's identical request for sanctions premised on the statements
2  made in Mr. Melin's declaration.
3    In sum, while Apple and Nokia would surely prefer that Mr. Melin's and Ms. Hakoranta's
4  testimony be withheld from the ITC so that Samsung will be hamstrung in its ability to refute Mr.
5  Melin's declaration, fundamental fairness dictates that Samsung should be permitted to fully
6  defend itself against Mr. Melin's accusations by providing the ITC with Nokia's testimony on the
7  issue.  Samsung's request is consistent with, and supported by, the Protective Order.

8  **II.    NOKIA WILL NOT BE PREJUDICED IF SAMSUNG'S REQUEST IS GRANTED**

9    Nokia raises several unavailing arguments against Samsung's request for relief.  None is
10 meritorious.

11   *First*, Nokia asserts that the depositions were allowed only for a limited purpose because
12 they took place in connection with the Court's Order to Show Cause and should not be used for
13 any other purpose.  (Nokia's Response, at 3.)  But the Court's Order to Show Cause specifically
14 stated that the depositions would address the following questions:  "To what extent did Nokia
15 keep the terms of its license agreement with Apple confidential?" and "What precisely occurred
16 and was said at the June 4, 2013 meeting?"  (Dkt. 2689, at 4.)  These very same questions are
17 now directly at issue in the ITC proceeding because Apple, with Nokia's consent, submitted the
18 Melin declaration to the ITC.

19   *Second*, Nokia, citing seven total pages of deposition testimony, argues that cross-use
20 should be denied because Samsung asked questions at the depositions that were unrelated to topics
21 ordered by the Court.  (Nokia's Response, at 3.)  Notably, Nokia did not object to the cited lines
22 of questioning as being outside the scope of the Court-ordered depositions.  (Dkt. 2838-7 (Melin
23 Tr. at 86-88); Dkt. 2838-10 (Hakoranta Tr. at 44-47).)  Nor could it have credibly done so, as all
24 the cited testimony related to what was said at the June 4 meeting.  (*See* Dkt. 2838-7 (Melin Tr.,
25 at 86-88 (discussing Nokia's "program rate," the rate Nokia admittedly included in the Powerpoint
26 presentation used at the June 4 meeting)); Dkt.2838-10 (Hakoranta Tr. at 44-47(discussing what
27 Nokia said at the June 4 meeting and the basis for the statements)).)
28

1    Similarly, Nokia criticizes Samsung's style of questioning at Mr. Melin's deposition,
2 claiming it reveals Samsung's questioning "was not designed to elicit the truth of what happened
3 at the June 4, 2031 meeting." (Nokia's Response, at 6.)   While Nokia may not like the
4 testimony its witnesses gave, however, this testimony, and thus the questions that elicited it,
5 uncovered many inaccuracies and overstatements in Mr. Melin's declaration, including by
6 focusing on the precise words that were, or were not, spoken by Mr. Melin and the other attendees
7 at the meeting.   (*See* Dkt. 2835-03, at 14-17 (discussing inconsistencies between declaration and
8 testimony).)   Samsung's examination of Nokia's witnesses is no basis to preclude Samsung from
9 presenting the same testimony to the ITC, and Nokia cites no authority supporting such an
10 extreme position.

11    ***Third***, Nokia argues that it "acquiesced to the depositions of its employees" only because
12 the Protective Order in this case contains a "Highly Confidential" designation and provides that
13 materials designated "Highly Confidential" will be used only for this case.   (Nokia's Response,
14 at 3-4.)   As an initial matter, Nokia never "acquiesced" to its employees' depositions, but instead
15 opposed Samsung's request for those depositions and produced its witnesses only after the Court
16 ordered it to do so.   (Dkt. 2689, at 4; Dkt. 2622, at 6-7.)   Furthermore, the Protective Order in
17 this case—which Nokia claims to be relying on—provides that it may be modified in the interests
18 of justice, and that it is "subject to further court order based on public policy or other
19 considerations."   (Dkt. 687, ¶ 23(f).)   As a result, Nokia's claim of subjective reliance on the
20 Protective Order is no impediment to providing the transcripts to the ITC under appropriate
21 circumstances.   Indeed, as Apple and Nokia know, the Protective Order has been previously
22 modified so that certain discovery in this case could be provided to the ITC in proceedings
23 between Apple and Samsung.   (Dkt. 2093.)

24    ***Fourth***, Nokia argues that Samsung has "consistently misrepresented" its witnesses'
25 testimony in briefings and hearings, and that Samsung should not be permitted to do so again in
26 the ITC.   (Nokia's Response, at 4.)   But the Court itself made no such findings after considering
27 all the parties' arguments and the transcripts in their entirety.   Quite to the contrary, the Court
28 stated that it was "unpersuaded that Samsung used the Teece Report in either the Ericsson or

1  Nokia negotiations," and held that there was "insufficient evidence" that the disclosure of the
2  license terms "ultimately implicated any issue in this or any other litigation or negotiation."
3  (Dkt. 2935, at 11, 18.)   If anything, the Court expressed concern about the veracity of *Mr.*
4  *Melin's statements*, not of Samsung's arguments.   (*See* Dec. 9, 2013 Hr'g Tr. at 87:2-7 ("So it
5  seems to me as I read that deposition transcript, Mr. Melin paints a very different picture of the
6  precision with which . . . Dr. Ahn uses certain terms in that conversation.   How am I not to
7  consider that?   How can I ignore that in weighing all this evidence?").)   If Samsung's motion is
8  granted, the ITC too will have the benefit of the full deposition transcripts, and of Apple's
9  advocacy, and thus will be able to decide for itself whether those depositions do, or do not,
10 support Apple's sanctions requests.   Nokia's purported concern about Samsung's
11 "misrepresentations" is unfounded.

12         *Fifth*, Nokia argues that Samsung should petition the ITC to obtain authorization to use the
13 depositions.   (Nokia's Response, at 8.)   That is backward.   The depositions were taken in this
14 action, and Nokia purported to designate them under the Protective Order in this case.   (Dkt.
15 687.)   Nokia understandably cites no authority that would allow the ITC to modify this Court's
16 Protective Order.   Indeed, Apple agrees that this Court is the proper forum to decide a motion for
17 cross-use because Apple is seeking the same relief in this Court.   (Dkt. 3065.)

18         *Finally*, while Nokia's authorities are factually distinct because they involve non-party
19 intervenors seeking access to materials they did not possess, they nonetheless *support* Samsung's
20 position.   Nokia cites *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir.
21 2003), and *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992), to argue that
22 the prejudice to it outweighs Samsung's interest in modifying the protective order.   (Nokia's
23 Response, at 2.)   *Foltz* recognized that "[a]llowing the fruits of one litigation to facilitate
24 preparation in other cases *advances the interests of judicial economy by avoiding the wasteful*
25 *duplication of discovery*."   *Foltz*, 331 F.3d at 1132 (citations omitted) (emphasis added).
26 Moreover, *Foltz* overturned the district court's denial of the intervenors' requests for access to
27 court filings and documents produced in discovery and remanded for further proceedings.   *Id.* at
28 1134, 1138.   Likewise, *Beckman* upheld the district court's decision to allow the intervenors to

obtain deposition transcripts and use them in connection with another litigation. *Beckman*, 966 F.2d at 476. These authorities counsel in favor of granting Samsung's motion.

### III. APPLE'S "CONDITIONAL" REQUEST FOR CROSS-USE OF SAMSUNG DEPOSITIONS IS A RED HERRING

Apple argues that Samsung's motion should be denied because Samsung has not agreed to Apple's "conditional" request for permission to submit the depositions of Samsung's witnesses to the ITC, and therefore is not really seeking a full evidentiary record. (Apple's Opp., at 5-6.) Apple's conditional request is the subject of a separate motion filed by Apple that is set for hearing in May, and Samsung will respond to it in accordance with the briefing schedule. (Dkt. 3065-03.) For present purposes, however, Apple's conditional request, or Samsung's unwillingness to agree to it, does not counsel against granting this motion. At the outset, Apple's request is neither conditional nor reciprocal and thus literally has no bearing on this motion. Even if Samsung were to agree that Apple could submit Samsung deposition transcripts in the ITC, it would do *nothing* to resolve Samsung's ability to provide the Nokia witness transcripts to the ITC as sought by this motion because Nokia is refusing to allow Samsung to do so regardless. Furthermore, Apple's request is not comparable to Samsung's. Samsung is seeking to use the transcripts of two witnesses to rebut specific, affirmative accusations Apple has raised in the ITC based on Mr. Melin's deposition. In contrast, Apple has never cited, or requested the right to cite, the transcripts of any of Samsung's witnesses' depositions in its ITC briefing, and it still provides no explanation for why it has any need to do so. (Dkt. 3037-04, ¶¶ 3, 8.) Indeed, it was not until after Apple had brought its sanctions motion in the ITC and not until after Samsung asked Apple for permission to submit the Nokia depositions to the ITC that Apple reacted by seeking Samsung's permission to submit Samsung testimony. (Dkt. 3037-05.) Apple's tactical, belated request cannot properly support denial of this motion.

### Conclusion

For the foregoing reasons, Samsung respectfully requests that the Court authorize Samsung to submit the deposition transcripts of Mr. Melin and Ms. Hakoranta to the ITC under seal.

1  DATED: April 8, 2014                         Respectfully submitted,

2                                               QUINN EMANUEL URQUHART &
3                                               SULLIVAN, LLP

4                                               By  */s/ Michael T. Zeller*
                                                    Charles K. Verhoeven
5                                                   Kathleen M. Sullivan
                                                    Kevin P.B. Johnson
6                                                   Victoria F. Maroulis
                                                    William C. Price
7                                                   Michael T. Zeller

8
                                                Attorneys for SAMSUNG ELECTRONICS CO.,
9                                               LTD., SAMSUNG ELECTRONICS AMERICA,
                                                INC. and SAMSUNG
10                                              TELECOMMUNICATIONS AMERICA, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION

I, Victoria F. Maroulis, am the ECF User whose ID and password are being used to file this Declaration.   In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Michael T. Zeller has concurred in this filing.


Dated:   April 8, 2014              By:   */s/ Victoria F. Maroulis*
                                          Victoria F. Maroulis