QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S RESPONSE TO APPLE'S MOTION FOR AUTHORIZATION TO SUBMIT SAMSUNG WITNESS DEPOSITION TRANSCRIPTS TO THE ITC**<br><br>Date:     May 6, 2014<br>Time:    10:00 am<br>Judge:    Hon. Paul S. Grewal<br><br>Place:    Courtroom 5, 4th Floor |

**Preliminary Statement**

Apple's motion is predicated on several inaccurate statements. Apple claims that its request to submit the deposition transcripts of Samsung's witnesses to the ITC is reciprocal and balanced because it was willing to agree to let Samsung submit the transcripts of Nokia's witnesses to the ITC if Samsung authorized Apple to submit the deposition transcripts of six Samsung witnesses to the ITC. But Apple made its purported offer already knowing that Nokia was flatly refusing under any circumstances to allow Samsung to submit the transcripts of Nokia's witnesses to the ITC. So Apple's belated request was neither "balanced" nor "reciprocal," because even if Samsung agreed that its transcripts could be used in the ITC, there still would be no agreement that would allow Samsung to provide the deposition transcripts of Nokia's witnesses to the ITC. In addition, Apple did not even offer to submit the transcript of its own 30(b)(6) witness, Jeff Risher, to the ITC. Apple also argues that the testimony of Samsung's witnesses is just as relevant to the ITC proceeding as the testimony of Nokia's witnesses. But, unlike Samsung which needs to provide the testimony of Nokia's witnesses to respond to the Melin declaration that Apple is affirmatively relying on in the ITC (with Nokia's cooperation), Apple does not explain why it needs to provide the testimony of Samsung's witnesses, let alone the entirety of all their transcripts. Indeed, well before Apple made its demand to use the Samsung transcripts in reaction to Samsung's request to use the Nokia transcripts, Apple already had submitted its motion to the ITC—without once suggesting to Samsung, the ITC or anyone else that Apple needed to cite those transcripts. And while Apple claims without basis that the entirety of the testimony of Samsung's six witnesses is relevant to the ITC proceeding, much of the testimony relates to the inadvertent disclosure of the Teece Report and Apple's licenses with Sharp, Philips and Ericsson. Neither the Teece Report nor these three licenses is at issue in the ITC, and this Court has of course already ruled on those issues.

Apple's requested relief also fails because Apple has not obtained approval from third parties and has not even given them notice of this motion. The transcripts contain information Nokia has designated confidential as well as information that other third parties have designated as

confidential under the Protective Order.   Apple's motion contains no evidence that it has obtained third party consents or that it has even notified all third parties that it seeks to provide such information to the ITC.

Setting aside the problems with Apple's motion, Apple concedes that it is only seeking to submit the transcripts of Samsung's witnesses to the ITC if the Court grants Samsung's motion for approval to submit the transcripts of Nokia's witnesses to the ITC.   If the Court grants Samsung's pending motion so that it may submit the Nokia transcripts to the ITC, Samsung is willing to allow Apple to submit relevant portions of the depositions of its six witnesses to the ITC, provided that those portions are submitted under seal in the ITC and provided that Apple obtains the necessary consents from Nokia and the other third parties that their designated information may be submitted to the ITC.

**Argument**

**I.    APPLE'S REQUEST IS NEITHER RECIPROCAL NOR BALANCED**

Apple's motion contains a number of misstatements.   First, Apple claims it was willing to "agree to a modification of the Protective Order restrictions on a reciprocal and balanced basis, whereby the sanctions-related depositions of both the Nokia and Samsung witnesses could be submitted under seal in the ITC."   (Dkt. 3065-03, at ii.)   Apple's offer was neither reciprocal nor balanced.   It was a belated tactical move in reaction to Samsung's request that it be allowed to submit the Nokia deposition transcripts to impeach the Melin declaration, which Apple affirmatively submitted to the ITC with Nokia's cooperation.   At the time Apple offered to permit Samsung to submit the depositions of two Nokia witnesses to the ITC if Samsung allowed Apple to submit the depositions of six Samsung witnesses to the ITC, Apple knew that its offer would do nothing to enable Samsung to submit Nokia's transcripts to the ITC.   Apple knew Samsung also needed Nokia's permission and that Nokia had already refused under any circumstances to consent to Samsung's request.   (Dkt. 3065-05; Dkt. 3064-04, ¶¶ 6-12.)   As a result, if Samsung had agreed to Apple's request, it would have enabled Apple to immediately submit Samsung's deposition transcripts to the ITC but would have left Samsung incapable of submitting the

deposition transcripts of Nokia's witnesses to the ITC.  Apple's offer is also not "reciprocal" because it did not even offer to allow Samsung to submit the deposition transcript of Jeff Risher, Apple's 30(b)(6) witness regarding the extent to which it kept the terms of the Nokia license confidential, to the ITC.  (Dkt. 2689.)

Second, Apple argues that "[t]he deposition testimony of the six Samsung witnesses is just as relevant to the issues in the ITC sanctions proceeding as the testimony of the Nokia witnesses." (Dkt. 3065-03, at 6.)  This claim is unsupported and tellingly unexplained.  Apple has failed to demonstrate any actual need for the testimony of Samsung's witnesses.  Apple never cited, or asked Samsung for permission to cite, the transcripts of any of Samsung's witnesses' depositions in its ITC briefing, and it still provides no explanation for why it has any need to do so.  (Dkt. 3037-04, ¶¶ 3, 8.)  Indeed, it was not until after Apple already had filed its sanctions motion and renewed sanctions motion in the ITC and not until after Samsung asked for permission to submit the Nokia depositions to the ITC that Apple reacted by demanding that the Samsung transcripts be provided to the ITC.  (Dkt. 3037-05.)  In stark contrast to Apple's conclusory claims of relevance, Samsung is seeking to use the transcripts of the two Nokia witnesses to rebut specific, affirmative accusations Apple has raised at the ITC based on Mr. Melin's declaration.

Third, Apple disputes Samsung's assertion that the depositions relate to a host of subject not at issue in the ITC.  (Motion, at 6.)  Apple is wrong.  A substantial portion of the questioning focuses on the witnesses' knowledge of the Teece Report, any discussions regarding the Teece Report and emails attaching the Teece Report.  (Dkt. 2557-7 (Seungho Ahn Dep. Tr.) at 18-30, 32-33; Dkt. 2838-8 (Jaewan Chi Dep. Tr.) at 87-92, 96-100, 105-110, 124, 132-147; Dkt. 2557-14 (Clayton Kim Dep. Tr.) at 127-130, 136-157, 159-162, 169-187; Dkt. 2557-10 (Daniel Shim Dep. Tr.) at 124-126, 129-145, 149-183; Dkt. 2557-9 (Kenneth Korea Dep. Tr.) at 49-51, 71, 76-96, 132-134, 157-172, 195-201; Dkt. 2557-15 (Jin Hwan Kwak Dep. Tr.) at 86-103.)  The depositions also include substantial testimony about the Apple-Ericsson, Apple-Sharp and Apple-Philips licenses.  (Dkt. 2557-7 (Seungho Ahn Dep. Tr.) at 63-66, 100-101; Dkt. 2838-8 (Jaewan Chi Dep. Tr.) at 30-31, 46-47, 62-63; Dkt. 2557-14 (Clayton Kim Dep. Tr.) at 49-67, 92-94, 96-

1  100, 119-122, 168; Dkt. 2557-15 (Jin Hwan Kwak Dep. Tr.) at 109-118, 124, 160-161.)   Neither
2  the Teece Report nor the Apple-Nokia, Apple-Sharp and Apple-Philips licenses are at issue in the
3  ITC proceeding.   And of course, this Court has ruled on those issues, which further belies Apple's
4  generic claims of need to now provide that same testimony to the ITC.

**II.   APPLE HAS FAILED TO OBTAIN CONSENT FROM THIRD PARTIES WHOSE INFORMATION IS INCLUDED IN THE DEPOSITION TRANSCRIPTS**

Apple's motion is also fatally flawed because there is no indication that Apple has asked any of the third parties whose information is contained in the transcripts for permission to submit the transcripts to the ITC.   The transcripts contain testimony Nokia claims is confidential.   (Dkts. 2857 and 2858; Dkt. 2838-8 (Chi Dep. Tr.) at 55:20-56:15; Dkt. 2557-15 (Kwak Dep. Tr.) at 38:4-11.)   In addition, a portion of the transcript of Clayton Kim contains information that third parties Motorola and Ericsson may consider confidential.   (Dkt. 2557-14 (Clayton Kim Dep. Tr.) at 168:1-25.)   Apple's motion contains no evidence that it has obtained the required approvals from these third parties or that it has given all of them notice of this motion.   (Dkt. 687, ¶ 22.)   Apple therefore has failed to show that it has met the necessary prerequisites for granting the relief it demands.   (*Apple Inc. v. Samsung Electronics Co., Ltd.*, No. 11-1846, 2012 WL 2862613, at *4 (N.D. Cal. July 11, 2012) (recognizing need to obtain consent before producing confidential third party information from one action into another action); Dkt. 536 (Order Granting-in-Part Defendant's Motion to Compel) at 2, n.1 (recognizing Samsung was seeking third party consent for Apple to produce certain documents from other actions to Samsung); *see also* Dkt. 687 (Agreed Upon Protective Order), ¶ 14 (recognizing that third parties are entitled to notice and an opportunity to object if their confidential information is to be produced in another action).)

**III.   SAMSUNG IS WILLING TO ALLOW APPLE TO SUBMIT RELEVANT PORTIONS OF THE DEPOSITION TRANSCRIPTS OF ITS WITNESSES TO THE ITC SUBJECT TO CERTAIN CONDITIONS**

Apple acknowledges that its request for relief is conditional.   It only requests permission to submit the transcripts of Samsung's witnesses to the ITC if the Court grants Samsung's motion for authorization to submit the transcripts of Paul Melin and Eeva Hakoranta to the ITC.   (Dkt.

-4-   Case No. 11-cv-01846-LHK
SAMSUNG'S RESPONSE TO APPLE'S MOTION FOR AUTHORIZATION TO
SUBMIT SAMSUNG WITNESS DEPOSITION TRANSCRIPTS TO THE ITC

1  3065-03, at 1, 5.)   As a result, the parties agree that Apple is not entitled to any relief if
2  Samsung's motion is denied.   If the Court grants Samsung's motion, however, Samsung is willing
3  to permit Apple to share relevant portions of Samsung's witnesses' deposition transcripts with the
4  ITC—*i.e.*, those that relate to the inadvertent disclosures of the ITC materials—provided that
5  those transcripts are submitted under seal and Apple obtains all required consents from Nokia and
6  any other third parties whose information is involved.

8  DATED: April 15, 2014                    Respectfully submitted,

9                                           QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP

11                                          By */s/ Michael T. Zeller*
                                               Charles K. Verhoeven
                                               Kathleen M. Sullivan
12                                             Kevin P.B. Johnson
13                                             Victoria F. Maroulis
                                               William C. Price
14                                             Michael T. Zeller

15                                          Attorneys for SAMSUNG ELECTRONICS CO.,
                                            LTD., SAMSUNG ELECTRONICS AMERICA,
16                                          INC. and SAMSUNG
                                            TELECOMMUNICATIONS AMERICA, LLC

## ATTESTATION

I, Victoria F. Maroulis, am the ECF User whose ID and password are being used to file this Declaration.   In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Michael T. Zeller has concurred in this filing.

Dated:   April 15, 2014                              By:   */s/ Victoria F. Maroulis*
                                                                    Victoria F. Maroulis