HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR AUTHORIZATION TO SUBMIT DEPOSITION TRANSCRIPTS OF PAUL MELIN AND EEVA HAKORANTA TO THE ITC**<br><br>**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

Apple's Opposition to Samsung's Motion for Authorization to Submit
Deposition Transcripts of Paul Melin and Eeva Hakoranta to ITC
Case No. 11-cv-01846 (LHK)

## INTRODUCTION

At the parties' joint request, on January 30, 2012, the Court entered the Agreed Upon Protective Order Regarding Disclosure and Use of Discovery Materials ("Protective Order"). (Dkt. 687.)  Per the parties' agreement, the Protective Order expressly authorizes the cross-use of *documents* the parties produced in discovery in this action in the co-pending U.S. International Trade Commission (ITC) 794 Investigation, but ***expressly bars*** them from cross-using all other forms of discovery, including all third-party discovery and all deposition transcripts:  "This paragraph shall not extend to cross-use of confidential materials produced by third parties in such matters.  This cross-use provision also does not apply to other forms of discovery, including, without limitation, deposition transcripts and videos, deposition exhibits, expert reports and responses to interrogatories or requests for admission."  (Dkt. 687 at §22.)

Despite its prior agreement to that clear prohibition, Samsung now contends that it should be excused from it and permitted to cross-use in the 794 Investigation the deposition testimony that two Nokia witnesses (Mr. Melin and Ms. Hakoranta) provided during sanctions discovery in this litigation—arguing that the deposition testimony is necessary to provide the ITC with a full evidentiary record regarding Apple's allegations directed to Samsung's many breaches of the Administrative Protective Order entered in that proceeding.  But before the ITC, Samsung has taken the contrary position by repeatedly and consistently opposing Apple's requests for the ITC to authorize additional discovery on that very issue.  And in correspondence, Samsung has made clear that it only intends to provide the ITC with the two Nokia deposition transcripts, and not with the transcripts for the six Samsung witnesses that Apple and Nokia deposed in this case in connection with the same sanctions proceedings.

Therefore, the Court should deny Samsung's request for a selective, one-sided exception to the cross-use prohibitions that Samsung itself had agreed to at the outset of this case. Alternatively, the Court should grant Apple's conditional cross-motion seeking permission to provide the ITC with the transcripts of the six Samsung witnesses deposed during the sanctions discovery phase of this action.

Apple's Opposition to Samsung's Motion for Authorization to Submit
Deposition Transcripts of Paul Melin and Eeva Hakoranta to ITC
1                          Case No. 11-cv-01846 (LHK)

1    **PROCEDURAL BACKGROUND**

2    *Apple's Motions for Sanctions and Discovery*

3         On August 1, 2013, Samsung (belatedly) notified Apple in two separate letters that it had

4    made numerous unauthorized disclosures of Apple confidential business information in

5    connection with (a) the Teece Report prepared for this district court litigation, and (b) Samsung's

6    briefing to the ITC in connection with certain public interest issues.  (Dkt. 2934 at 17; *see* Dkt.

7    2835 at Exs. 1, 3.)  The notices from Samsung were prompted by Nokia's July 1, 2013 motion

8    for a protective order in the 630 case.  (Dkt. 647 in Case No. 12-cv-0630-LHK.)  Nokia's motion

9    included the declaration of its licensing executive, Paul Melin, in which he described statements

10   made at a June 4, 2013 Nokia-Samsung meeting that led him to believe that confidential terms of

11   an Apple-Nokia agreement had been shared with Samsung employees in violation of the

12   Protective Order.  (*See* Dkt. 2934 at 2.)  When Samsung's counsel began to investigate the

13   allegations, it quickly found that, indeed, the confidential terms of the Apple-Nokia agreement

14   had been disclosed numerous times to dozens of Samsung employees and outside counsel not

15   entitled to access such information.  (*Id*. at 4-6.)

16        Apple sought further information and remedial action from Samsung, but soon found it

17   necessary to file formal motions for discovery and appropriate sanctions.  Apple filed its motion

18   in the ITC on August 22, 2013, and a corresponding motion in this Court on August 23, 2013.

19   (Dkt. 2374-2.)  Apple's motions in the ITC and this Court referenced the Melin declaration that

20   had led to Samsung's initial acknowledgement of the numerous unauthorized disclosures of

21   Apple's licensing information.  Apple filed motions with both the ITC and this Court because it

22   appeared that Samsung had violated the protective orders in each forum, and because both

23   institutions have strong interests in policing violations of their own protective orders.  (*See* Dkt.

24   2483 at 1-2.)

25   *This Court's Orders Regarding Apple's Motion for Sanctions and Discovery*

26        On October 2, 2013, this Court granted Apple's request for discovery concerning the

27   apparent protective order violations, directing Samsung to produce certain categories of

28

---

Apple's Opposition to Samsung's Motion for Authorization to Submit
Deposition Transcripts of Paul Melin and Eeva Hakoranta to ITC
2                    Case No. 11-cv-01846 (LHK)

1    documents and a limited number of witnesses to provide testimony regarding the unauthorized

2    disclosure and use of Apple's confidential licensing information.  (Dkt. 2483 at 5.)  Pursuant to

3    that order, Apple took the depositions of Samsung employees Seungho Ahn, Ken Korea, Daniel

4    Shim, Jin Kwak, Jaewan Chi, and Clayton Kim in October 2013.[1]  Dr. Ahn and Mr. Kwak had

5    attended the June 4, 2013 Nokia-Samsung meeting; the others were among the numerous

6    Samsung employees who received the unauthorized disclosures of Apple's licensing

7    information.

8         On November 8, 2013, the Court issued an Order to Show Cause, preliminarily finding

9    violations of the Protective Order, ordering Samsung to show cause why sanctions should not be

10   imposed, and authorizing Samsung to take deposition testimony from Nokia representatives

11   regarding the June 4, 2013 Nokia-Samsung meeting.  (Dkt. 2689 at 4.)  Pursuant to that order,

12   Samsung took the depositions of Mr. Melin and Ms. Hakoranta.

13        On January 29, 2014, after seven months of extensive motion practice and discovery, the

14   Court entered a Sanctions Order, in which it found that Samsung and Quinn Emanuel had

15   committed hundreds of protective order violations when they repeatedly shared the Teece

16   Report, which contained confidential terms of Apple's license agreements.  (Dkt. 2934 at 2-7,

17   13-17.)  The Court's Sanctions Order did not discuss or otherwise address the numerous

18   unauthorized disclosures made by Samsung in connection with its public interest briefing to the

19   ITC.  (*Id.*; Dkt. 2835 at Exs. 3, 4 (listing numerous instances of the unauthorized dissemination

20   of Apple's licensing information in connection with Samsung's ITC submissions).)

21        ***Apple's Renewed Motion for Sanctions and Discovery in the ITC***

22        On February 26, 2014, Apple filed with the ITC a Renewed Motion for Sanctions and

23   Request that the Motion Be Assigned to the Administrative Law Judge.  (Selwyn Decl. ¶ 3.)

24   Apple filed its renewed motion to apprise the ITC of developments since the filing of its August

25   22, 2013 Motion for Sanctions, including the Court's January 29, 2014 Sanctions Order and the

26   extensive record developed through the discovery authorized by the Court.  (*Id.*)  In addition to

27

28   ----

[1]    The transcripts of the deposition of Dr. Ahn and Messrs. Korea, Shim, Kim, and Kwak
are in the record at Dkt. 2557-8, -9, -10, -14, and -15.

Apple's Opposition to Samsung's Motion for Authorization to Submit
Deposition Transcripts of Paul Melin and Eeva Hakoranta to ITC
3                          Case No. 11-cv-01846 (LHK)

1    the documents submitted with its original motion for sanctions, Apple attached copies of the

2    Court's October 2, 2013 Order authorizing discovery, the Court's November 8, 2013 Order to

3    Show Cause, and the Court's January 29, 2014 Sanctions Order.  (*Id.* ¶ 4.)  Apple noted that

4    depositions had been taken pursuant to the Court's orders, but that the depositions were taken

5    subject to the Protective Order, and therefore could not be used for any purpose outside of the

6    district court litigation.  (*Id.* ¶ 5.)  Apple further asked that the ITC assign Apple's motion to an

7    Administrative Law Judge "to ensure that this same [district court] discovery becomes part of the

8    record in this [ITC] investigation."  (*Id.*)

9              ***This Court's Protective Order***

10             This Court's jointly proposed Protective Order, entered January 30, 2012 (Dkt. 687),

11   governs the parties' use of Protected Materials designated as confidential under the terms of the

12   order.  The "basic principle" of the Protective Order is that "All Protected Material shall be used

13   solely for this case or any related appellate proceeding, and not for any other purpose

14   whatsoever, including without limitation any other litigation … except as expressly provided

15   herein."  (*Id* .at § 6(a).)  The Protective Order contains a limited exception to this restriction, by

16   specifically providing for cross-use in the ITC 794 Investigation of documents produced in

17   discovery in this litigation.  (*Id.* at § 22.)  The Protective Order further provides, however, that (i)

18   confidential materials produced by third parties and (ii) deposition transcripts are ***not*** eligible for

19   such cross-use.[2]  No particular provision was contemplated or made for modification of the

20   Protective Order to allow cross-use of deposition transcripts.  (*Id.*)  Rather, Section 23(f) of the

21   Protective Order contains a general, catch-all provision that the Order "is subject to further court

22   order based upon public policy or other considerations, and the Court may modify this Order *sua*

23   *sponte* in the interests of justice."  (*Id.* at § 23(f).)

24             ***Samsung's Request to Modify the Protective Order***

25             With no prior notice, counsel for Samsung sent an e-mail to Apple and Nokia on the

26   _____

27   [2]      "This paragraph shall not extend to cross-use of confidential materials produced by third
     parties in such matters.  This cross-use provision also does not apply to other forms of discovery,
28   including, without limitation, deposition transcripts and videos, deposition exhibits, expert
     reports and responses to interrogatories or requests for admission."  (Dkt. 687 at § 22.)

Apple's Opposition to Samsung's Motion for Authorization to Submit
Deposition Transcripts of Paul Melin and Eeva Hakoranta to ITC
4                    Case No. 11-cv-01846 (LHK)

1    evening of Saturday, March 8, 2013, requesting permission to cite, in a filing to be made in the

2    ITC two days later, the confidential deposition testimony of Mr. Melin taken subject to the

3    Protective Order in this case.  (3/18/14 Becher Decl., Ex. 2 (Dkt. 3037-6).)  Samsung sought

4    permission from both Apple and Nokia because the deposition transcript implicates confidential

5    business information of both companies and because both companies have an interest in any

6    derogation from the applicable Protective Order restrictions.  Nokia was unable to respond to the

7    late request before Samsung filed its opposition at the ITC on March 10.  (Selwyn Decl. ¶ 7;

8    3/18/14 Becher Decl., Ex. 1 (Dkt. 3037-5).)

9           Following the filing of its opposition in the ITC, Samsung renewed its request to cite to

10   the Melin deposition in the ITC.  Because Samsung had already filed its opposition in the ITC,

11   Apple asked whether the issue had been mooted, and if not, in what form Samsung intended to

12   make this additional submission to the ITC.  (Selwyn Decl. ¶ 9; 3/18/14 Becher Decl., Ex. 2.)

13   Samsung indicated that it intended to do so in a later (but unspecified) additional submission to

14   the ITC.  (Selwyn Decl. ¶ 9.)  Apple responded the same day that it would not object to such use

15   if Samsung agreed to allow Apple to use the corresponding deposition transcripts of the Samsung

16   witnesses deposed in October 2013.  (*Id*. ¶ 10; 3/18/14 Becher Decl., Ex. 2.)

17          Samsung then expanded its request by seeking consent to provide the ITC with the full

18   deposition transcripts of Mr. Melin and Ms. Hakoranta.  (Selwyn Decl. ¶ 11; 3/18/14 Becher

19   Decl., Ex. 1.)  Apple again indicated that it would agree to a reciprocal arrangement, whereby the

20   parties could use the Nokia and the Samsung witness deposition transcripts in connection with

21   the ITC sanctions proceeding.  (Selwyn Decl. ¶ 12.)  Samsung refused to agree.  (*Id*.)  Instead, it

22   filed the present motion seeking a selective modification of the Protective Order to permit use in

23   the ITC of only the deposition transcripts of the two Nokia witnesses.

### ARGUMENT

25          The Court should reject Samsung's attempt to obtain a one-sided derogation to the

26   agreed-upon terms of the Protective Order for the following five reasons.

27          ***First***, Samsung seeks to justify its requested modification on the grounds that it will

28

Apple's Opposition to Samsung's Motion for Authorization to Submit
Deposition Transcripts of Paul Melin and Eeva Hakoranta to ITC
5                    Case No. 11-cv-01846 (LHK)

1    promote "public policy or other considerations" or "the interests of justice" by ensuring that the

2    ITC has the benefit of the full evidentiary record relevant to Samsung's sanctionable conduct.

3    (Mot. at 3.)  If that were truly Samsung's intent, however, Samsung would have (i) agreed to

4    Apple's reciprocal use proposal—under which cross-use would extend to the Samsung witness

5    depositions on the same sanctions-related issues, and (ii) agreed to Apple's proposal for the ITC

6    to conduct additional sanctions-related discovery related to Samsung's violations of the

7    administrative protective order.  By opposing Apple on both fronts, Samsung has made clear that

8    its proposed modification is nothing more than an effort to have the ITC decide Apple's pending

9    ITC sanctions motion based on an incomplete and slanted record that would unfairly prejudice

10   Apple (and Nokia), and otherwise contravene the interests of justice.  Therefore, Samsung has

11   failed to demonstrate that the catch-all exception set forth in Section 23(f) of the Protective

12   Order applies here.  (Dkt. 687 at § 23(f) (permitting modifications "based upon public policy or

13   other considerations" or "in the interests of justice").)

14          ***Second***, Samsung claims that Apple's motion in the ITC is "seeking to relitigate" this

15   Court's extensive findings and determinations in its January 29, 2014 Sanctions Order.  (Mot. at

16   1.)  To the contrary, Apple is merely seeking in the ITC the ***same*** type of discovery that this

17   Court determined was necessary and appropriate in its October 2, 2013 Order (Dkt. 2483), and

18   appropriate sanctions for violations of the ITC's separate administrative protective order—just as

19   the Court found it appropriate to impose sanctions in this case for violations of the Court's

20   Protective Order (Dkt. 2934).  In the latter order, the Court did not address the distinct set of

21   unauthorized disclosures that Samsung and its lawyers made in connection with Samsung's

22   briefing to the ITC, or Samsung's and its lawyers' failure to comply with the requirement of the

23   ITC protective order to give "immediate" notice of any such unauthorized disclosures to both the

24   supplier of the information and the ITC.  Samsung, on the other hand, has asked the ITC to deny

25   Apple's motion, without imposing any sanctions.  In short, it is Samsung, not Apple, that seeks

26   to re-litigate this Court's determinations.

27          ***Third***, Samsung contends that Apple is attempting to "conceal the true facts" (Mot. at 1),

28

Apple's Opposition to Samsung's Motion for Authorization to Submit
Deposition Transcripts of Paul Melin and Eeva Hakoranta to ITC
6                          Case No. 11-cv-01846 (LHK)

1    to "hide evidence from other tribunals" (*id.*), to "distort the record" (*id.* at 2), and to "conceal

2    evidence" (*id.* at 4).  But it was Apple who submitted to the ITC copies of (i) the Court's October

3    2, 2013 Order authorizing discovery, including depositions of the Samsung witnesses (Dkt. 2483

4    at 5); (ii) the Court's November 8, 2013 Order to Show Cause, authorizing the deposition of the

5    Nokia witnesses (Dkt. 2689 at 5); and (iii) the Court's January 29, 2014 Sanctions Order (Dkt.

6    2934) discussing its findings and determinations.  (Selwyn Decl. ¶ 4.)  It was Apple who

7    specifically informed the ITC that depositions regarding sanctions issues had been taken

8    pursuant to the Court's orders, but that because the depositions were subject to the Court's

9    Protective Order, they could not be used for any purpose outside of this case.  (*Id.* ¶ 5; *see* Dkt.

10   687 at ¶ 6(a) ("Protected Material shall be used solely for this case … and not for any other

11   purpose whatsoever").)  And it was Apple who asked the ITC to assign Apple's motion to an

12   Administrative Law Judge to conduct discovery and "ensure that this same [district court]

13   discovery becomes part of the record in this [ITC 794] investigation."  (Selwyn Decl. ¶ 5.)

14            In other words, Apple has repeatedly sought to ensure that the ITC has a complete and

15   accurate record from which it can judge Samsung's and Quinn Emanuel's many violations of the

16   ITC protective order .  It is Samsung's strategy of objecting to any discovery in the ITC, while

17   seeking selective modification to this Court's Protective Order, that threatens to conceal relevant

18   evidence and prevent the ITC from developing a complete and accurate record.

19            ***Fourth***, nor is there any basis to Samsung's claim that Apple argued it was "procedurally

20   too late" for Samsung to provide the Melin transcript to the ITC, or that it had "no procedural

21   mechanism" by which to do so.  (Mot. at 6.)  Rather, Apple simply inquired whether Samsung's

22   request regarding submission of the Melin transcript was still a live issue and, if so, in what form

23   Samsung intended to make this additional submission to the ITC.  (Selwyn Decl. ¶ 9; 3/18/14

24   Becher Decl., Ex. 2.)[3]  When Samsung indicated that the issue was still live (while the form of

25

26   ---
     [3]        The actual text of Apple's inquiry is contained in Mr. Selwyn's March 11, 2014 (11:15
27   AM) e-mail to Mr. Becher:  "We assumed that your request was moot based on your filing
     yesterday afternoon.  If it is still a live issue, I will get you an answer today.  Since Samsung has
28   already made its filing, in what form does Samsung now intend to make this additional
     submission to the ITC?"  (Selwyn Decl. ¶ 9 & Ex. 1.)

Apple's Opposition to Samsung's Motion for Authorization to Submit
Deposition Transcripts of Paul Melin and Eeva Hakoranta to ITC
Case No. 11-cv-01846 (LHK)

1  the submission was unspecified), Apple provided its response the same day.  (*Id.*)

2  *Fifth,* Samsung's one-sided modification to the Protective Order would unfairly

3  prejudice Apple.  As noted, Apple has asked the ITC to order discovery, which would allow the

4  parties to seek use of discovery materials from this case.  Samsung argues that Apple would not

5  be prejudiced because it did not rely on the Samsung depositions in its original motion (filed

6  months before the depositions were even taken) or in its renewed motion in the ITC.  (Mot. at 6.)

7  But Apple did not rely on those depositions because this Court's Protective Order expressly

8  excludes deposition transcripts from cross-use in the ITC, and otherwise prohibits the use of such

9  Protected Materials "for any purpose whatsoever" outside of this specific litigation.  (Dkt. 687 at

10 § 6(a).)   These were the terms agreed to by the parties and entered by the Court in the Protective

11 Order, and change to these restrictions should be made on a fair and balanced basis.

12 *Finally*, Samsung's related argument that the Samsung depositions at issue relate to "a

13 host of subjects that have no bearing on Apple's ITC motion" (Mot. at 6) is groundless.  Each of

14 the depositions was taken pursuant to this Court's October 2, 2013 Order authorizing discovery

15 concerning Samsung's unauthorized disclosure and use of Apple's licensing information.  (Dkt.

16 2483 at 5.)  For example, both Dr. Ahn and Mr. Kwak participated in the June 4, 2013 Nokia-

17 Samsung meeting with Mr. Melin and Ms. Hakoranta, while each of the other Samsung

18 witnesses were among the many Samsung officials who had received the unauthorized

19 disclosures.  (Dkt. 2835 at Exs. 1 to 4.)  The deposition testimony of the Samsung witnesses is

20 just as relevant to the issues in the ITC sanctions proceeding as the testimony of the Nokia

21 witnesses.

22 <center>**CONCLUSION**</center>

23 Samsung's motion to modify the Protective Order to allow the use in the ITC of the

24 deposition transcripts of the Nokia witnesses should be denied.  Alternatively, the Court should

25 grant Apple's cross-motion to allow use in the ITC of the corresponding deposition transcripts of

26 the Samsung witnesses taken pursuant to this Court's discovery order of October 2, 2013.

27

28

Apple's Opposition to Samsung's Motion for Authorization to Submit
Deposition Transcripts of Paul Melin and Eeva Hakoranta to ITC
8                                Case No. 11-cv-01846 (LHK)

1

2     Dated:  April 1, 2014                              WILMER CUTLER PICKERING
                                                          HALE AND DORR LLP

3                                                        /s/ Mark D. Selwyn                              _
                                                         Mark D. Selwyn (SBN 244180)
4                                                        (mark.selwyn@wilmerhale.com)
                                                         950 Page Mill Road
5                                                        Palo Alto, CA  94304
                                                         Telephone:  (650) 858-6000
6                                                        Facsimile:  (650) 858-6100

7

8                                                        *Attorneys for Plaintiff and
                                                         Counterclaim-Defendant Apple Inc.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Apple's Opposition to Samsung's Motion for Authorization to Submit
Deposition Transcripts of Paul Melin and Eeva Hakoranta to ITC
9                                      Case No. 11-cv-01846 (LHK)

1

<u>CERTIFICATE OF SERVICE</u>

2

     I hereby certify that a true and correct copy of the above and foregoing document has

3

been served on April 1, 2014 to all counsel of record who are deemed to have consented to

4

electronic service via the Court's ECF system per Civil Local Rule 5-1.

5

6

                                 */s/* Mark D. Selwyn
                                 Mark D. Selwyn

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Apple's Opposition to Samsung's Motion for Authorization to Submit
Deposition Transcripts of Paul Melin and Eeva Hakoranta to ITC
10                    Case No. 11-cv-01846 (LHK)