| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE (*pro hac vice*) |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| JACK W. LONDEN (CA SBN 85776) | WILMER CUTLER PICKERING |
| jlonden@mofo.com |    HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, Massachusetts  02109 |
| RUTH N. BORENSTEIN (CA SBN 133797) | Telephone:  (617) 526-6000 |
| rborenstein@mofo.com | Facsimile:  (617) 526-5000 |
| ERIK J. OLSON (CA SBN 175815) | |
| ejolson@mofo.com | |
| MORRISON & FOERSTER LLP | MARK D. SELWYN (CA SBN 244180) |
| 425 Market Street | mark.selwyn@wilmerhale.com |
| San Francisco, California  94105-2482 | WILMER CUTLER PICKERING |
| Telephone:  (415) 268-7000 |    HALE AND DORR LLP |
| Facsimile:  (415) 268-7522 | 950 Page Mill Road |
| | Palo Alto, California  94304 |
| | Telephone:  (650) 858-6000 |
| | Facsimile:  (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | |
| Plaintiff, | Case No. 11-cv-01846-LHK (PSG) |
| vs. | **APPLE INC.'S NOTICE OF MOTION AND CROSS MOTION FOR AUTHORIZATION TO SUBMIT SAMSUNG WITNESS DEPOSITION TRANSCRIPTS TO THE ITC** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | **Hearing:  May 6, 2014**<br>**Time:       10 a.m.**<br><br>**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 6, 2014 at 10 a.m. or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Apple Inc. ("Apple") shall and hereby does move the Court for an order authorizing Apple to submit to the U.S. International Trade Commission ("ITC"), in connection with Investigation 337-TA-794, transcripts of the depositions of Samsung witnesses Seungho Ahn, Ken Korea, Daniel Shim, Jin Kwak, Jaewan Chi, and Clayton Kim taken in October 2013 in this action.  These six depositions were taken pursuant to this Court's October 2, 2013 Order (Dkt. 2483) authorizing discovery in aid of Apple's motion for sanctions in this Court for the unauthorized disclosure and use of Apple's confidential licensing information.  A corresponding motion for sanctions is pending in ITC Investigation 794.  The motion in the ITC concerns a distinct set of unauthorized disclosures of Apple's confidential licensing information, but the circumstances of those disclosures share significant overlap with the evidence developed in the sanctions-related discovery authorized by this Court.

Each of the six Samsung sanctions-related deposition transcripts was designated as Protected Material under the terms of the Agreed Upon Protective Order Regarding Disclosure and Use of Discovery Materials (Dkt. 687) ("Protective Order").  Accordingly, under the express terms of the Protective Order, the depositions cannot be used for any purpose other than this litigation without permission of the suppliers of the confidential information or by order of the Court.  The restrictions of the Protective Order may be modified by order of the Court "upon public policy or other considerations" or "in the interests of justice."  (Dkt. 687 § 23(f).)

By motion filed March 18, 2014 (Dkt. 3037), Defendants-Counterclaim Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC (collectively, "Samsung") seek a selective modification of the Protective Order restrictions to allow Samsung to submit to the ITC the deposition transcripts

of two Nokia witnesses, Mr. Melin and Ms. Hakoranta. Samsung grounds its motion on the need to provide the ITC with a "complete and accurate record." (Dkt. 3037-3 at ii.) While Apple was willing to agree to a modification of the Protective Order restrictions on a reciprocal and balanced basis, whereby the sanctions-related depositions of both the Nokia and the Samsung witnesses could be submitted under seal in the ITC, Samsung has refused to agree to any such use of the depositions of its own witnesses.

Accordingly, Apple has opposed Samsung's request for a one-sided modification to the Protective Order restrictions. To the extent that the Court determines that public policy considerations support modifying the Protective Order to allow the use in the ITC of deposition transcripts from this case, Apple requests by this cross motion that any such modification be made on a balanced and reciprocal basis, and authorize Apple's use of the sanctions-related depositions of the Samsung witnesses.

**RELIEF REQUESTED**

Apple respectfully requests that the Court authorize Apple to submit, under seal, the October 2013 deposition transcripts of Samsung witnesses Seungho Ahn, Ken Korea, Daniel Shim, Jin Kwak, Jaewan Chi, and Clayton Kim, to the ITC in connection with Apple's motion for sanctions in Investigation 337-TA-794.

**APPLE'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(A)(1)**

Apple hereby certifies that it has in good faith conferred with Samsung regarding this dispute. Apple's efforts to resolve this dispute without court intervention are described in the Declaration of Mark D. Selwyn, submitted herewith.

| | |
|---|---|
| Dated:  April 1, 2014 | WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br><br>*/s/* Mark D. Selwyn_____<br>Mark D. Selwyn (SBN 244180)<br>(mark.selwyn@wilmerhale.com)<br>950 Page Mill Road<br>Palo Alto, CA  94304<br>Telephone:  (650) 858-6000<br>Facsimile:  (650) 858-6100<br><br>*Attorneys for Plaintiff and*<br>*Counterclaim-Defendant Apple Inc.* |

## INTRODUCTION

On January 30, 2012, the Court entered the Agreed Upon Protective Order Regarding Disclosure and Use of Discovery Materials ("Protective Order").  (Dkt. 687.)  As agreed by the parties, the Protective Order authorized cross-use in the co-pending U.S. International Trade Commission 794 Investigation for *documents* produced in discovery in this action, but *expressly denied* such use for other forms of discovery, including deposition transcripts.  (*Id*. at § 22.)

By motion filed March 18, 2014 (Dkt. 3037), Samsung seeks a selective, one-sided modification to the agreed-upon Protective Order.  In particular, Samsung seeks authorization under the Protective Order to submit to the ITC the deposition transcripts of two Nokia witnesses, Mr. Melin and Ms. Hakoranta.  At the same time, Samsung has refused to consent to the submission to the ITC of the corresponding deposition transcripts of Samsung witnesses.  (Selwyn Decl. ¶ 12; *see also* Dkt. 3037-3 at 6.)  Samsung's request for an exception to the express, agreed-upon Protective Order limitations is one-sided, and is not consistent with Samsung's expressed objective of providing the ITC with  a full evidentiary record.  Indeed, while Apple has asked the ITC to authorize discovery to develop a full record – including use of the discovery materials from the sanctions proceedings before this Court – Samsung continues to oppose any discovery at all before the ITC, and has asked the ITC to deny *in toto* Apple's motion for discovery and for sanctions for Samsung's violations of the ITC protective order.  For the reasons set forth in Apple's Opposition to Samsung's Motion, filed concurrently herewith, Samsung's motion for an exception should be denied.  Alternatively, the Court should grant Apple's cross-motion to allow use in the ITC of the corresponding deposition transcripts of the Samsung witnesses taken pursuant to this Court's discovery order of October 2, 2013.

## PROCEDURAL BACKGROUND

*Apple's Motions for Sanctions and Discovery*

On August 1, 2013, Samsung notified Apple in two separate letters that it had made numerous unauthorized disclosures of Apple confidential business information in connection with (a) the Teece Report prepared for this district court litigation, and (b) Samsung's briefing to

1   the ITC in connection with certain public interest issues.  (Dkt. 2934 at 17; *see also* Dkt. 2835 at
2   Exh. 1, 3.)  Apple sought further information and remedial action from Samsung, but soon found
3   it necessary to file formal motions for discovery and appropriate sanctions to obtain relief.
4   Apple filed its motion in the ITC on August 22, 2013, and a corresponding motion in this Court
5   on August 23, 2013.  (Dkt. 2374-2.)  Apple filed motions with both the ITC and this Court
6   because it appeared that Samsung had violated the protective orders in each forum, and because
7   both institutions have strong interests in policing violations of their own protective orders.  (*See*
8   Dkt. 2483 at 1-2.)
9         On October 2, 2013, this Court granted Apple's request for discovery of the apparent
10  protective order violations, directing Samsung to produce certain categories of documents and a
11  limited number of witnesses to provide testimony regarding the unauthorized disclosures of
12  Apple's confidential licensing information.  (Dkt. 2483 at 5.)  Pursuant to that order, Apple took
13  the depositions of Samsung employees Seungho Ahn, Ken Korea, Daniel Shim, Jin Kwak,
14  Jaewan Chi, and Clayton Kim in October 2013.[1]  Dr. Ahn and Mr. Kwak attended a June 4, 2013
15  Nokia-Samsung meeting at which licensing terms were discussed; the others were among the
16  numerous Samsung employees who received the unauthorized disclosures of Apple's licensing
17  information.
18        On November 8, 2013, the Court issued an Order to Show Cause, preliminarily finding
19  violations of the Protective Order, ordering Samsung to show cause why sanctions should not be
20  imposed, and authorizing Samsung to take deposition testimony from Nokia regarding the June
21  4, 2013 Nokia-Samsung meeting.  (Dkt. 2689 at 4.)  Pursuant to that order, Samsung took the
22  depositions of Nokia witnesses Mr. Melin and Ms. Hakoranta.
23        On January 29, 2014, after seven months of extensive motion practice and discovery, the
24  Court entered a Sanctions Order, in which it found that Samsung and Quinn Emanuel had
25  committed hundreds of protective order violations when they repeatedly shared the Teece

---

[1] The transcripts of the deposition of Dr. Ahn and Messrs. Korea, Shim, Kim, and Kwak are in the record at Dkt. 2557-8, -9, -10, -14, and -15.

1  Report, which contained confidential terms of Apple's license agreements.  (Dkt. 2934 at 2-7,
2  13-17.)  The Court's Sanctions Order did not discuss or otherwise address the numerous
3  unauthorized disclosures made by Samsung in connection with its public interest briefing to the
4  ITC.  (*Id.*; *see also* Dkt. 2835 at Exh. 3-4 (listing numerous instances of the unauthorized
5  dissemination of Apple's licensing information in connection with Samsung's ITC briefing).)

### *Apple's Renewed Motion for Sanctions and Discovery in the ITC*

7  On February 26, 2014, Apple filed with the ITC a Renewed Motion for Sanctions and
8  Request that the Motion Be Assigned to the Administrative Law Judge.  (Selwyn Decl. ¶ 3.)
9  Apple filed its renewed motion to apprise the ITC of developments since the filing of its August
10 22, 2013 sanctions motion, including the Court's January 29, 2014 Sanctions Order and the
11 extensive record developed through the discovery authorized by the Court.  (*Id.*)  In addition to
12 the documents submitted with its original motion for sanctions, Apple attached copies of the
13 Court's October 2, 2013 Order authorizing discovery, the Court's November 8, 2013 Order to
14 Show Cause, and the Court's January 29, 2014 Sanctions Order.  (*Id.* ¶ 4.)  Apple noted that
15 depositions had been taken pursuant to the Court's orders, but that the depositions were taken
16 subject to the Protective Order, and therefore could not be used for any purpose outside of the
17 district court litigation.  (*Id.* ¶ 5.)  Apple further asked that the ITC assign Apple's motion to an
18 Administrative Law Judge "to ensure that this same discovery becomes part of the record in this
19 [ITC 794] investigation."  (*Id.*)

### *This Court's Protective Order*

21 This Court's Protective Order, entered January 30, 2012 (Dkt. 687), governs the parties'
22 use of Protected Materials designated as confidential under the terms of the order.  The "basic
23 principle" of the Protective Order is that "All Protected Material shall be used solely for this case
24 or any related appellate proceeding, and not for any other purpose whatsoever, including without
25 limitation any other litigation … except as expressly provided herein."  (Dkt. 687 at § 6(a).)
26 The Protective Order contains a limited exception to this restriction, by specifically providing for
27 cross-use in the ITC 794 Investigation of documents produced in discovery.  (*Id.* at § 22.)  The
28

1  Protective Order further provides, however, that (i) confidential materials produced by third
2  parties and (ii) deposition transcripts are ***not*** eligible for such cross-use.[2]  No particular provision
3  was contemplated or made for modification of the Protective Order to allow cross-use of
4  deposition transcripts.  (*Id.*)  Rather, Section 23(f) of the Protective Order contains a general,
5  catch-all provision that the Order "is subject to further court order based upon public policy or
6  other considerations, and the Court may modify this Order *sua sponte* in the interests of justice."
7  (*Id*. at § 23(f).)

### *Samsung's Request to Modify the Protective Order*

On March 18, 2014 Samsung filed its motion (Dkt. 3037-3) seeking a selective, one-sided modification to the agreed-upon Protective Order restrictions.  In particular, Samsung seeks authorization under the Protective Order to submit to the ITC the full deposition transcripts of two Nokia witnesses, Mr. Melin and Ms. Hakoranta.  (*Id.*)  When the parties conferred in advance of that motion, Apple confirmed its willingness to agree to a reciprocal arrangement, whereby both the Nokia and the Samsung witness depositions could be used by the parties in connection with the ITC sanctions proceeding.  (Selwyn Decl. ¶¶ 10, 12.)  Samsung refused, however, to agree to the use of any portion of the Samsung witness depositions in the ITC.  (*Id*. ¶¶ 12-13.)  Instead, Samsung proceeded to file its motion seeking the selective modification of the Protective Order restrictions to allow use in the ITC of only the deposition transcripts of the Nokia witnesses.

### ARGUMENT

By Samsung's own admission, it has made numerous unauthorized disclosures of Apple's confidential licensing information in connection with both (a) the Teece expert report prepared for this litigation and (b) Samsung's public interest briefing before the ITC.  (Dkt. 2934 at 17; *see also* Dkt. 2835 at Exh. 1-4.)  The significant overlap in both the licensing information

---

[2] "This paragraph shall not extend to cross-use of confidential materials produced by third parties in such matters.  This cross-use provision also does not apply to other forms of discovery, including, without limitation, deposition transcripts and videos, deposition exhibits, expert reports and responses to interrogatories or requests for admission."  (Dkt. 687 at § 22.)

1  contained in the two groups of unauthorized disclosures and the Samsung personnel and outside
2  counsel who received the unauthorized disclosures (*compare* Dkt. 2835 at Exh. 1-2 *with id*. at
3  Exh. 3-4) means a significant overlap in the evidence related to each group of disclosures.
4  Despite that overlap, under the agreed-upon terms of the Protective Order entered in this case,
5  the Protective Order precludes the cross-use in the ITC 794 Investigation of the depositions taken
6  in this litigation. If, as requested by Samsung, those restrictions are to be altered under the catch-
7  all provisions of Section 23(f) of the Protective Order for modifications based on "public policy
8  or other considerations" or "the interests of justice," then the modification should, in the interests
9  of justice, be made on a balanced and reciprocal basis.
10         In its February 26, 2014 Renewed Motion for Sanctions in the ITC, Apple submitted to
11  the ITC copies of the Court's October 2, 2013 Order authorizing discovery, including
12  depositions of the Samsung witnesses (Dkt. 2483 at 5); the Court's November 8, 2013 Order to
13  Show Cause, authorizing the deposition of the Nokia witnesses (Dkt. 2790 at 5); and the Court's
14  January 29, 2014 Sanctions Order (Dkt. 2934) discussing its findings an determinations.
15  (Selwyn Decl. ¶ 4.) Apple specifically noted, however, that depositions regarding the sanctions
16  issues had been taken pursuant to the Court's Orders, but that because the depositions were
17  subject to the Court's Protective Order, they could not be used for any purpose outside of this
18  case. (*Id.* ¶ 5; *see also* Protective Order, Dkt. 687 at ¶ 6(a) ("Protected Material shall be used
19  solely for this case … and not for any other purpose whatsoever").) Accordingly, Apple asked
20  that the ITC assign Apple's motion to an Administrative Law Judge for the conduct of discovery
21  and "to ensure that this same [district court] discovery becomes part of the record in this [ITC]
22  investigation." (Selwyn Decl. ¶ 5.) Apple is seeking discovery in the ITC, similar to the
23  discovery this Court found appropriate, in order to provide the ITC with a complete and accurate
24  record.
25         For its part, Samsung has vehemently opposed any discovery in the ITC. (*Id.* ¶ 8.)
26  Nevertheless, it is now seeking a one-sided modification to this Court's Protective Order to allow
27  the selective use of the Nokia witness depositions in the ITC while refusing to agree to the use of
28

1   any portion of the sanctions-related depositions of the Samsung witnesses.  Such a one-sided
2   modification of the Protective Order would unfairly prejudice Apple.  As noted, Apple has asked
3   the ITC to allow discovery, which would allow the parties to seek use of discovery materials
4   from this case.  Samsung argues that Apple would not be prejudiced because it did not rely on
5   the Samsung depositions in its original motion (filed months before the depositions were even
6   taken) or in its renewed motion in the ITC. (Dkt. 3037-3 at 6.)  To the contrary, Apple did not
7   rely on those depositions because this Court's Protective Order expressly excludes deposition
8   transcripts from cross-use in the ITC, and otherwise prohibits the use of such Protected Materials
9   "for any purpose whatsoever" outside of this specific litigation. (Dkt. 687 at § 6(a).)   These
10  were the terms agreed to by the parties and entered by the Court in the Protective Order.  Any
11  derogation from these restrictions should be made on a fair and balanced basis.

12         Samsung's objection to use of the Samsung depositions as related to "a host of subjects
13  that have no bearing on Apple's ITC motion" (Dkt. 3037-3 at 6) is groundless.  Each of the six
14  Samsung witness depositions was taken pursuant to this Court's October 2, 2013 Order
15  authorizing discovery concerning Samsung's unauthorized disclosure and use of Apple's
16  licensing information. (Dkt. 2483 at 5.)  For example, both Dr. Ahn and Mr. Kwak participated
17  in the June 4, 2013 Nokia-Samsung meeting with Mr. Melin and Ms. Hakoranta.  Each of the
18  Samsung witnesses was the recipient of Apple's confidential licensing information.  In
19  particular, all six received Apple's confidential information both through the inadequately
20  redacted Teece Report and through receipt of Samsung's draft ITC outlines and briefing on
21  public interest issues. (Dkt. 2835-7 at pages 22-32 (Teece Report), 34-46 (ITC submissions).)
22  The deposition testimony of the Samsung witnesses is just as relevant to the issues in the ITC
23  sanctions proceeding as the testimony of the Nokia witnesses.  Furthermore, to meet Samsung's
24  objection that Apple's request for use of the six identified deposition transcripts was somehow
25  too broad, Apple offered to identify specific portions of the depositions for use in the ITC, but
26  Samsung refused to agree to the use of any portion of the Samsung witness depositions in the
27  ITC. (Selwyn Decl. ¶ 13.)
28

## CONCLUSION

Apple respectfully requests that the Court authorize Apple to submit, under seal, the October 2013 deposition transcripts of Samsung witnesses Seungho Ahn, Ken Korea, Daniel Shim, Jin Kwak, Jaewan Chi, and Clayton Kim, to the ITC in connection with Apple's motion for sanctions in Investigation 337-TA-794.

Dated: April 1, 2014

WILMER CUTLER PICKERING
   HALE AND DORR LLP

/s/ Mark D. Selwyn
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on April 1, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

                                                                  */s/* Mark D. Selwyn
                                                                   Mark D. Selwyn

ActiveUS 126206174v.2

8

Apple's Cross Motion For Authorization To Submit Samsung Witness Deposition Transcripts To The ITC
Case No. 11-cv-01846 (LHK)