| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE (*pro hac vice*) |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| JACK W. LONDEN (CA SBN 85776) | WILMER CUTLER PICKERING |
| jlonden@mofo.com |   HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, Massachusetts  02109 |
| RUTH N. BORENSTEIN (CA SBN 133797) | Telephone:  (617) 526-6000 |
| rborenstein@mofo.com | Facsimile:  (617) 526-5000 |
| ERIK J. OLSON (CA SBN 175815) | |
| ejolson@mofo.com | |
| MORRISON & FOERSTER LLP | MARK D. SELWYN (CA SBN 244180) |
| 425 Market Street | mark.selwyn@wilmerhale.com |
| San Francisco, California  94105-2482 | WILMER CUTLER PICKERING |
| Telephone:  (415) 268-7000 |   HALE AND DORR LLP |
| Facsimile:  (415) 268-7522 | 950 Page Mill Road |
| | Palo Alto, California  94304 |
| | Telephone:  (650) 858-6000 |
| | Facsimile:  (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
| Plaintiff, | |
| vs. | **DECLARATION OF MARK SELWYN IN SUPPORT OF (1) APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR AUTHORIZATION TO SUBMIT DEPOSITION TRANSCRIPTS TO THE ITC AND (2) APPLE'S CROSS MOTION TO SUBMIT DEPOSITION TRANSCRIPTS**<br><br>**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

I, Mark D. Selwyn, hereby declare as follows:

1. I am a partner at the law firm Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-captioned action. I am licensed to practice law in the State of California, Commonwealth of Massachusetts, and State of New York, and am admitted to practice before the U.S. District Court for the Northern District of California. I am familiar with the facts set forth herein and, if called as a witness, I could and would testify competently to those facts under oath.

2. On August 22, 2013, Apple filed with the U.S. International Trade Commission ("ITC") in Investigation No. 337-TA-794 a Motion For Sanctions And Request That This Motion Be Assigned To The Administrative Law Judge. The motion was filed under seal pursuant to the protective order issued by the ITC in that investigation. The motion remains pending.

3. On February 26, 2014, Apple filed with the ITC a Renewed Motion For Sanctions And Request That The Motion Be Assigned To The Administrative Law Judge ("Renewed Motion"). The Renewed Motion was filed under seal pursuant to the protective order issued by the ITC in that investigation. Apple filed its Renewed Motion to apprise the ITC of developments since the filing of its August 22, 2013 Motion for Sanctions, including this Court's January 29, 2014 Sanctions Order (Case No. 11-cv-01846 (LHK), Dkt. 2934) and the extensive record developed through the discovery authorized by the Court.

4. In addition to documents submitted with its August 22, 2013 motion for sanctions, Apple attached to its Renewed Motion copies of this Court's October 2, 2013 Order authorizing discovery (Dkt. 2483), its November 8, 2013 Order to Show Cause (Dkt. 2689), and its January 29, 2014 Sanctions Order (Dkt. 2934).

5. In its Renewed Motion, Apple noted that depositions had been taken pursuant to this Court's Orders, but that the depositions were taken subject to the Court's January 30, 2012 Protective Order (Dkt. 687), and therefore could not be used for any purpose outside of the district court litigation: "Due to the California protective order, Apple cannot share the specific details of the sanctions deposition testimony that was taken in the California action. At a minimum, an Administrative Law Judge should be assigned to ensure that this same discovery becomes part of the record in this [ITC 794] investigation."

6. On the evening of Saturday, March 8, 2014, Mr. Becher, counsel for Samsung, sent an e-mail to counsel for Apple and Nokia. In his e-mail Mr. Becher requested permission to cite, in Samsung's Opposition to Apple's Renewed Motion to be filed in the ITC on Monday, March 10, the sealed deposition testimony of Nokia witness Mr. Melin that had been taken in this case pursuant to the Court's November 8, 2013 Order. This was the first time Samsung had sought such permission.

7. On Monday, March 10, 2014, Nokia responded to Samsung's request by stating that it was not in a position to agree to the request given the late notice and limited supporting information provided by Samsung.

8. Samsung proceeded to file its Opposition with the ITC on March 10, 2014, without attaching the Melin deposition transcript. In its Opposition, Samsung opposed Apple's Renewed Motion *in toto*, including Apple's request that the Commission delegate the matter to an Administrative Law Judge for the conduct of discovery.

9. On March 11, 2014, Samsung again inquired regarding its request to cite to the Melin deposition in the ITC. Since Samsung had already filed its Opposition in the ITC, I asked whether the issue had been mooted, and if not, in what form Samsung intended to make this additional submission to the ITC. Samsung stated that the issue was still live, but it could not

1  specify the intended form of the submission at that time.  Attached as <u>Exhibit 1</u> is a true and

2  correct copy of an e-mail chain containing my March 11, 2014 e-mail on this subject.

3       10.   On the same day, March 11, 2014, Apple responded that it would not object to

4  Samsung citing from the deposition of Paul Melin in the ITC, provided that Samsung would

5  similarly agree to allow Apple to use in or cite to the ITC the six sanctions-related depositions of

6  Samsung witnesses taken in October 2013.

7       11.   On March 13, 2014, Samsung revised its request, and asked for consent from

8  Apple and Nokia for Samsung to submit to the ITC the sealed deposition transcripts of two

9  Nokia witnesses, Paul Melin and Eeva Hakoranta.

10      12.   On March 17, 2014, I conferred with Mr. Becher, counsel for Samsung, regarding

11  Samsung's request to use the Nokia witness depositions in the ITC.  Apple again proposed a

12  reciprocal arrangement, whereby Samsung could cite the Nokia depositions and Apple could cite

13  the sanctions-related depositions of the Samsung witnesses.  Samsung stated that it would not

14  agree to the use of the Samsung witness depositions in the ITC and that it would move for relief

15  from the Protective Order unless Apple consented without conditions.

16      13.   On March 25, 2014, I conferred with Mr. Becher, counsel for Samsung, regarding

17  Apple's request to cite in the ITC the sanctions-related depositions of the Samsung witnesses.

18  Mr. Becher said that Samsung would not agree.  I then asked whether Samsung's position would

19  change if Apple provided him with a list of the deposition pages that Apple wanted to cite.  He

20  thought that such an offer would not change Samsung's position, but would get back to me the

21  next day if it did.  Mr. Becher did not contact me further on this issue.

       I declare under penalty of perjury that the foregoing is true and correct.  Executed this 1st
day of April, 2014 at San Jose, California.

                    */s/* Mark D. Selwyn
                    Mark D. Selwyn

ActiveUS 126230310v.2

3

Declaration of Mark Selwyn
Case No. 11-cv-01846 (LHK)

1  CERTIFICATE OF SERVICE

2  I hereby certify that a true and correct copy of the above and foregoing document has

3  been served on April 1, 2014 to all counsel of record who are deemed to have consented to

4  electronic service via the Court's ECF system per Civil Local Rule 5-1.

                                  */s/* Mark D. Selwyn
                                  Mark D. Selwyn