| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| RACHEL KREVANS (CA SBN 116421) | WILMER CUTLER PICKERING |
| rkrevans@mofo.com | HALE AND DORR LLP |
| RUTH N. BORENSTEIN (CA SBN 133797) | 60 State Street |
| rborenstein@mofo.com | Boston, MA 02109 |
| ERIK J. OLSON (CA SBN 175815) | Telephone: (617) 526-6000 |
| ejolson@mofo.com | Facsimile: (617) 526-5000 |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | MARK D. SELWYN (SBN 244180) |
| San Francisco, California 94105-2482 | mark.selwyn@wilmerhale.com |
| Telephone: (415) 268-7000 | WILMER CUTLER PICKERING |
| Facsimile: (415) 268-7522 | HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| Attorneys for Plaintiff and | Telephone: (650) 858-6000 |
| Counterclaim-Defendant APPLE INC. | Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
| Plaintiff, | **APPLE'S SUPPLEMENTAL BRIEF REGARDING THE EFFECT OF THE SUPREME COURT'S RECENT DECISIONS IN *OCTANE FITNESS* AND *HIGHMARK* ON ITS MOTION FOR ATTORNEYS' FEES** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | Date: July 17, 2014<br>Time: 1:30 p.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

Pursuant to the Court's Order of April 29, 2014 (Dkt. No. 3092), Apple respectfully submits this supplemental brief addressing the effect of the Supreme Court's recent decisions in *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), and *Highmark Inc. v. Allcare Management System, Inc.*, 134 S. Ct. 1744 (2014), on Apple's motion for attorneys' fees.

The *Octane Fitness* decision is highly relevant to and strongly supports Apple's fees motion. In *Octane Fitness*, the Supreme Court applied a broad and flexible standard for finding a case "exceptional" under the Patent Act, and rejected the narrow standards previously applied by the Federal Circuit. This same construction should apply to the identical fee-shifting provision of the Lanham Act and confirms that this case should be considered "exceptional" for purposes of Apple's motion for fees under the Lanham Act. Further, under the *Octane Fitness* standard, Apple could reasonably recover not only its fees associated with its Lanham Act claims but also its fees from its utility patent claims. *Octane Fitness* thus confirms that Apple's request for just the one-third of its fees that it conservatively allocated to its Lanham Act claims (after discounts and adjustments) is reasonable. The Court should award Apple's requested fees.

## I. *OCTANE FITNESS* SETS A BROAD AND FLEXIBLE STANDARD FOR EXCEPTIONAL CASE FINDINGS UNDER § 285

In *Octane Fitness*, the Supreme Court construed the term "exceptional" in 35 U.S.C. § 285 "'in accordance with [its] ordinary meaning'" of "'uncommon,' 'rare,' or 'not ordinary.'" 134 S. Ct. at 1756 (citations omitted; alteration in original). Applying that ordinary meaning, the Court held that an "exceptional" case for purposes of awarding attorneys' fees under § 285 "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id*. The Court directed district courts to determine exceptionality "in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id*.

The Supreme Court further held that the Federal Circuit's "overly rigid" formulation for assessing exceptional case status under § 285 was inconsistent with the ordinary-meaning construction of "exceptional" that the Court held must be applied. *Id*. As explained by the

APPLE'S SUPPLEMENTAL BRIEF RE EFFECT OF RECENT DECISIONS ON ITS MOTION FOR ATTORNEYS' FEES
Case No. 11-cv-01846-LHK (PSG)
sf-3413885

1

Supreme Court, under the Federal Circuit's standard, a case could be found exceptional "only if a district court either finds litigation-related misconduct of an independently sanctionable magnitude or determines that the litigation was both 'brought in subjective bad faith' and 'objectively baseless.'" *Id*. (quoting *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc*., 393 F.3d 1378, 1381 (Fed. Cir. 2005)).

The Supreme Court rejected both aspects of the Federal Circuit's standard. The Court deemed the Federal Circuit's first category of cases regarding litigation-related misconduct as extending "largely to independently sanctionable conduct." *Id*.[1] The Court explained that "sanctionable conduct is not the appropriate benchmark" and held instead that a court may award fees where "a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id*. at 1756-57. As to the second category, the Court explained that "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award."[2] *Id*. at 1757.

The Supreme Court also "reject[ed] the Federal Circuit's requirement that patent litigants establish their entitlement to fees under § 285 by 'clear and convincing evidence.'" 134 S. Ct. at 1758 (quoting *Brooks Furniture*, 393 F.3d at 1382). As the Court explained, § 285 "imposes no specific evidentiary burden, much less such a high one. Indeed, patent-infringement litigation has always been governed by a preponderance of the evidence standard." *Id*.

---

[1] The Federal Circuit had more fully described the misconduct that could warrant a fees award as follows: "A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed.R.Civ.P. 11, or like infractions." *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc*., 393 F.3d 1378, 1381 (Fed. Cir. 2005); *see Octane Fitness*, 134 S. Ct. at 1754 (quoting *Brooks Furniture*).

[2] Although the Federal Circuit's standard regarding the second category of cases addressed awards of fees against a patentee, the Supreme Court's standard regarding "a case presenting . . . subjective bad faith," 134 S. Ct. at 1757, readily applies to fees against an infringer as well.

APPLE'S SUPPLEMENTAL BRIEF RE EFFECT OF RECENT DECISIONS ON ITS MOTION FOR ATTORNEYS' FEES
Case No. 11-cv-01846-LHK (PSG)
sf-3413885

2

## II. *OCTANE FITNESS* CONFIRMS THAT THIS CASE IS EXCEPTIONAL

The Supreme Court's standard for "exceptional" case status announced in *Octane Fitness* applies with equal force to the exceptional case standard under the Lanham Act, 15 U.S.C. § 1117(a), which Apple invoked in its fees motion. Like the Patent Act, the Lanham Act does not define "exceptional," and thus the Court's ordinary-meaning construction applies equally to the Lanham Act.[3] Further, the Court relied on authority interpreting the Lanham Act, *Noxell Corp. v. Firehouse No. 1 Bar–B–Que Restaurant*, 771 F.2d 521, 526 (D.C. Cir. 1985), to support its ordinary-meaning construction of "exceptional." *Octane Fitness*, 134 S. Ct. at 1756. The Court's parenthetical described *Noxell* as "interpreting the term 'exceptional' in the Lanham Act's identical fee-shifting provision, 15 U.S.C. § 1117(a), to mean 'uncommon' or 'not run-of-the-mill.'" *Id.* The Court cited *Noxell* again in rejecting the Federal Circuit's second category of exceptional cases (which required a district court to determine "*both* that the litigation is objectively baseless *and* that the plaintiff brought it in subjective bad faith"). *Id*. at 1757. This citation quoted the *Noxell* court's conclusion that "Congress did not intend rigidly to limit recovery of fees by a [Lanham Act] defendant to the rare case in which a court finds that the plaintiff 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons'. . . . Something less than 'bad faith,' we believe, suffices to mark a case as 'exceptional.'" *Id*. (quoting *Noxell*, 771 F.2d at 526) (internal quotation marks omitted; alterations in original). The Court's reliance on *Noxell*'s interpretation of the "identical fee-shifting provision" of the Lanham Act makes clear that the same ordinary-meaning construction of "exceptional" applies to attorneys' fees claims under that statute.

Application of the *Octane Fitness* standard for exceptional case status supports Apple's fees motion. This case was certainly exceptional in the ordinary meaning of that term. Taking into account the totality of the circumstances, as *Octane Fitness* requires, Apple has proved by a

---

[3] The Court noted that the ordinary interpretation of "exceptional" was the same in 1952, when Congress used it in § 285, as it is today. *Octane Fitness*, 134 S. Ct. 1756 (citing dictionary definitions from 1933, 1934, and 2008, as well as a case from 1985). The Lanham Act provision permitting an award of fees in "exceptional cases" was added in 1975. *See* Act of Jan. 2, 1975, § 3, Pub. L. No. 93-600, 88 Stat. 1955.

APPLE'S SUPPLEMENTAL BRIEF RE EFFECT OF RECENT DECISIONS ON ITS MOTION FOR ATTORNEYS' FEES
Case No. 11-cv-01846-LHK (PSG)
sf-3413885

3

preponderance of the evidence that this case is exceptional.  134 S. Ct at 1756, 1758.  This case "stands out from others" with respect to not only "the substantive strength of [Apple's] litigating position (considering both the governing law and the facts of the case)" but also "the unreasonable manner in which the case was litigated."  *Id*. at 1756.  As discussed in Apple's motion, Apple prevailed on claims against 26 of 28 accused products; the jury found that Samsung not only willfully diluted Apple's protected trade dresses but also willfully infringed five of seven asserted patents; two juries awarded Apple a total of $930 million in damages; Apple prevailed across the board in its defense of Samsung's claims; and the case was the focus of international press attention.  The Court ruled that the jury's finding of willful dilution of Apple's protected trade dresses was supported by the substantial evidence in the record.  (*See* Dkt. No. 2851 at 3.)  And the record in this case established Samsung's willful, deliberate, and calculated efforts to gain market share by copying Apple's iPhone, including the iPhone trade dress.  (*Id*. at 3-6.)  That record showed that Samsung and its consultants recognized that the iPhone was revolutionary and that its beautiful design and intuitive UI were key to its success; Samsung was losing market share as the iPhone sales skyrocketed; Samsung executives concluded that the company was suffering a "crisis of design" and carriers pressured Samsung to make something like the iPhone.  (*Id*. at 3-5.)  Samsung responded with an intensive effort to analyze the iPhone and implement numerous "Direction[s] for Improvement" to change the design and features of the inferior phone that Samsung was developing to be like the iPhone.  (*Id*.)  Samsung's willful and deliberate copying continued after Apple demanded that Samsung stop copying, as Samsung flooded the market and gained market share with diluting and infringing products.  (*Id*. at 5-6.)  If this extensive record of deliberate appropriation of Apple's protected IP as part of a calculated business strategy to regain sales and market share lost to the iPhone does not make this case exceptional, then no case can qualify.

*Octane Fitness* also is fatal to Samsung's arguments against exceptionality.  Samsung's opposition repeatedly argued that Apple was required to prove bad faith.  Samsung's lead argument was that "Exceptionality Requires Bad Faith Or Other Malicious Conduct" (Dkt. No. 2951 at 2-5) and Samsung also argued that the jury's willfulness findings could not support

APPLE'S SUPPLEMENTAL BRIEF RE EFFECT OF RECENT DECISIONS ON ITS MOTION FOR ATTORNEYS' FEES
Case No. 11-cv-01846-LHK (PSG)
sf-3413885

4

exceptional case status because the jury "received no instruction tying willfulness to bad faith" (*id*. at 5). While Apple's reply brief showed that Samsung was wrong even before *Octane Fitness* (*see* Dkt. No. 3019 at 1-6), the Supreme Court's decision is clear that bad faith is *not* required for an exceptional case finding in awarding fees. *Octane Fitness*, 134 S. Ct. at 1757; *see Noxell*, 771 F.2d at 526.

### III. *OCTANE FITNESS* CONFIRMS THAT APPLE'S REQUESTED FEES ARE REASONABLE

Despite Apple's overwhelming victories in two trials, and its having incurred over $60 million in fees for prosecuting its claims, Apple moved for less than $16 million in fees. Under the *Octane Fitness* standards for recovery of fees under the Patent Act, Apple could reasonably recover *all* of its fees incurred in this action—including fees attributable to prosecuting its utility patent infringement claims—not just the one-third of its fees (after discounts and adjustments) that it conservatively allocated to its Lanham Act claims. Thus, *Octane Fitness* makes even more clear that Apple's request for less than $16 million in fees is reasonable.

### IV. *HIGHMARK* ADDRESSES THE STANDARD OF REVIEW OF A DISTRICT COURT'S § 285 DETERMINATION, WHICH IS NOT AT ISSUE HERE

Applying the holdings in *Octane Fitness*, the Court in *Highmark* held: "Because § 285 commits the determination whether a case is 'exceptional' to the discretion of the district court, that decision is to be reviewed on appeal for abuse of discretion. *Highmark,* 134 S. Ct. at 1748. Because the standard of review is not at issue in Apple's motion for fees, *Highmark* is not directly relevant here.

Dated: May 13, 2014                         MORRISON & FOERSTER LLP

                                            By:  /s/ Rachel Krevans
                                                 RACHEL KREVANS

                                                 Attorneys for Plaintiff
                                                 APPLE INC.