1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
    50 California Street, 22nd Floor
3  San Francisco, California 94111
    Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kathleen M. Sullivan (Cal. Bar No. 242261)
    kathleensullivan@quinnemanuel.com
6  Kevin P.B. Johnson (Cal. Bar No. 177129)
    kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Cal. Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive 5th Floor
    Redwood Shores, California 94065
9  Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
10
    William C. Price (Cal. Bar No. 108542)
11  williamprice@quinnemanuel.com
    Michael T. Zeller (Cal. Bar No. 196417)
12  michaelzeller@quinnemanuel.com
    865 S. Figueroa St., 10th Floor
13  Los Angeles, California 90017
    Telephone: (213) 443-3000
14  Facsimile: (213) 443-3100

15  Attorneys for SAMSUNG ELECTRONICS
    CO., LTD., SAMSUNG ELECTRONICS
16  AMERICA, INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC

17                  UNITED STATES DISTRICT COURT
18      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19
    APPLE INC., a California corporation,           CASE NO. 11-cv-01846-LHK
20
                    Plaintiff,                       SAMSUNG'S SUPPLEMENTAL BRIEF
21                                                   REGARDING THE EFFECT OF RECENT
            vs.                                      SUPREME COURT CASES ON APPLE'S
22                                                   MOTION FOR ATTORNEYS' FEES
    SAMSUNG ELECTRONICS CO., LTD., a
23  Korean business entity; SAMSUNG                  Date:     July 17, 2014
    ELECTRONICS AMERICA, INC., a New                 Time:     1:30 p.m.
24  York corporation; SAMSUNG                        Place:    Courtroom 8, 4th Floor
    TELECOMMUNICATIONS AMERICA,                      Judge:    Hon. Lucy H. Koh
25  LLC, a Delaware limited liability company,

26                  Defendants.

27

28

Pursuant to the Court's April 29, 2014 Order (Dkt. 3092), Samsung respectfully submits this supplemental brief addressing the effect of the Supreme Court's recent decisions in *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), and *Highmark Inc. v. Allcare Health Management System, Inc.*, 134 S. Ct. 1744 (2014), on Apple's motion for attorneys' fees.

Samsung agrees with Apple that *Highmark* relates to the standard of appellate review for attorneys' fees motions under the Patent Act and is not directly relevant here.    (Dkt. 3099 at 6). *Octane Fitness*, decided under the Patent Act and Federal Circuit law, addresses when fees are available to a prevailing *defendant.*    It is legally and factually inapplicable to Apple's motion as a *plaintiff* for attorneys' fees, which is made entirely under the Lanham Act and Ninth Circuit law. *Octane Fitness* has been heralded as a decision that will discourage non-practicing entities ("NPEs") or "patent trolls" from filing meritless patent suits in an attempt to extort money from established companies.[1]    As such, its rationale does not apply here, where the party seeking fees is the plaintiff, and not a defendant forced to defend itself against frivolous claims.

In any event, while *Octane Fitness* relaxes the standard for imposing fees against a losing plaintiff under the Patent Act, it is not meaningfully different from the existing Lanham Act standard the parties previously briefed.    As Samsung explained in its original briefing, the "substantive strength of [Apple's] litigating position," *Octane Fitness*, 134 S. Ct. at 1756, was not strong enough for the case to be found "exceptional."    (*See* Opp., Dkt. 2951, Section II.C.1-3). *Octane Fitness* does not change the facts of this case, and on these facts as well as under the governing legal standards, Apple's motion for attorneys' fees must be denied.

---

[1]    *See, e.g.*, Daniel Fisher, *Patent Trolls Face Higher Risks As Supreme Court Loosens Fee-Shifting Rule*, Forbes, April 29, 2014, available at http://www.forbes.com/sites/danielfisher /2014/04/29/ patent-trolls-face-higher-risks-as-supreme-court-loosens-fee-shifting-rule/; Ashby Jones, *Supreme Court Issues Rulings on Attorneys' Fees in Patent Cases*, The Wall Street Journal, April 29, 2014, available at http://online.wsj.com/news/articles/SB100014240527020304163604579 532080559542024;    Adam Liptak; *Two Cases May Curb Lawsuits Over Patents*, The New York Times, April 29, 2014, available at http://www.nytimes.com/2014/04/30/business/two-rulings-may-curb-lawsuits-over-patents.html.

Apple itself filed an *amicus curiae* brief with the Supreme Court advocating a broader standard for fee-shifting in patent cases like *Highmark* and *Octane Fitness* to discourage profiteer "patent assertion entities" who hope to recover a "nuisance" settlement from alleged infringers, often for less than the alleged infringer would spend on attorneys' fees to defend the case.    (Brief of Apple Inc. as Amicus Curiae in Support of Neither Party at 16-21, *Highmark Inc. v. Allcare Health Management System, Inc.*, 134 S. Ct. 1744 (2014) (Nos. 12-1163, 12-1184)).

SAMSUNG'S SUPPLEMENTAL BRIEF REGARDING THE EFFECT OF RECENT SUPREME COURT CASES ON APPLE'S MOTION FOR ATTORNEYS' FEES

## I.   *OCTANE FITNESS* IS NOT FACTUALLY OR LEGALLY RELEVANT TO APPLE'S MOTION FOR ATTORNEYS' FEES

*Octane Fitness* determined that the Federal Circuit's standard for awarding attorneys' fees under the Patent Act was "unduly rigid" and "impermissibly encumber[ed] the statutory grant of discretion to district courts."   134 S. Ct. at 1755.   On its face, *Octane Fitness* is inapplicable to Apple's motion as a plaintiff seeking attorneys' fees under the Lanham Act, where Ninth Circuit law applies, and not the Patent Act, where Federal Circuit law applies.

## II.   BECAUSE *OCTANE FITNESS*'S NEW STANDARD UNDER THE PATENT ACT IS NOT WEAKER THAN THE EXISTING LANHAM ACT STANDARD, IT PROVIDES NO ADDITIONAL SUPPORT FOR APPLE'S MOTION

### A.   *Octane Fitness*'s Standard For Exceptional Cases Is Not More Lenient Than The Ninth Circuit's Standard.

In *Octane Fitness*, the Supreme Court overturned the Federal Circuit's standard for determining whether a case was exceptional under the Patent Act for the purpose of awarding fees to a prevailing defendant.   *See* 134 S. Ct. at 1755.   The Federal Circuit previously had held that a patent case could be found exceptional "only if a district court either finds litigation-related misconduct of an independently sanctionable magnitude or determines that the litigation was both 'brought in subjective bad faith' and 'objectively baseless.'"   *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005).   Finding that this standard was "unduly rigid," the Supreme Court established a new one: that an "exceptional case" under the Patent Act is one that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."   *Octane Fitness*, 134 S. Ct. at 1755-56.

The Ninth Circuit's standard for determining whether a case is exceptional under the Lanham Act is not rigid like the Federal Circuit's Patent Act standard was.   Unlike the Federal Circuit's limitation of exceptional cases to those where sanctionable litigation misconduct occurred or where the case is both "brought in bad faith" and "objectively baseless," *Brooks Furniture Mfg.,* 393 F.3d at 1381, in the Ninth Circuit, "'[e]xceptional circumstances can be found when the non-prevailing party's case is groundless, unreasonable, vexatious, or pursued in bad faith.'"   *Classic Media, Inc. v. Mewborn*, 532 F. 3d 978, 990 (9th Cir. 2008).   Although the

1   particular words differ, the Ninth Circuit standard is consistent with the *Octane Fitness* standard.

2   A "groundless" or "unreasonable" claim is one that "stands out from others with respect to the

3   substantive strength of a party's litigating position (considering both the governing law and the

4   facts of the case)."   *Octane Fitness*, 134 S. Ct. at 1756.   Likewise, the Ninth Circuit's

5   consideration of whether a case is "unreasonable, vexatious, or pursued in bad faith" accounts for

6   an "unreasonable manner in which the case was litigated."   *Id.*   Thus, even if *Octane Fitness*

7   was deemed controlling authority for interpreting the entirely different statutory regime of the

8   Lanham Act, it does not meaningfully affect how the Ninth Circuit has construed "exceptional"

9   cases; nor does it suggest that attorneys' fees now become automatic for any prevailing party.

10  *See, e.g., Memory Lane, Inc. v. Classmates Int'l, Inc.*, No. 8:11–CV–00940, 2014 U.S. Dist.

11  LEXIS 63961 (C.D. Cal. May 8, 2014) (noting *Octane Fitness*, but denying fees under Ninth

12  Circuit law).   Apple does not argue otherwise.

13       Further, nothing in *Octane Fitness* suggests that the Ninth's Circuit's test for assessing

14  exceptional circumstances for prevailing plaintiffs should be changed.   As both parties

15  recognized in their initial briefing, the Ninth Circuit requires that a non-prevailing party's conduct

16  be "malicious, fraudulent, deliberate or willful" for fees to be awarded.   (*See* Dkt. 2851-08 at 2;

17  Dkt. 2951 at 8).   This precisely reflects Congress's intent.   *See* S. Rep. No. 93-1400, at 2 (1974)

18  ("The Department of Commerce believes and the Committee agrees that the remedy should be

19  available in exceptional cases, i.e., in infringement cases where the acts of infringement can be

20  characterized as 'malicious,' 'fraudulent,' 'deliberate,' or 'willful.'").

21       **B.   This Is Not An Exceptional Case Under Any Legal Standard.**

22       Apple asserts that if this case is not exceptional, no case is.   (Dkt. 3099 at 5).   But that

23  unsupported claim is incorrect, and every case Apple relies on involved far more egregious facts.

24  (Dkt. 2951 at 17-21).   Moreover, the "exceptional" facts Apple relies on relate to the case as a

25  whole—not to its Lanham Act claims which form the sole basis for its fees motion.   And as for

26  Apple's Lanham Act claims, Apple lost the vast majority of those at trial and was denied an

27  injunction by this Court and the Federal Circuit on even the limited Lanham claims on which it did

28  prevail.   Specifically, of the 573 disputed issues of Lanham Act liability brought by Apple, Apple

1   eventually dropped, or lost at trial, all but 14.    (Dkt. 2951-1 at ¶ 39).    Of those it actually tried,

2   the jury agreed with Samsung that two of Apple's asserted trade dresses were neither protectable

3   nor famous, and Apple concedes that the unregistered trade dress on which it partially prevailed

4   was similar to the trade dress on which it lost entirely.    (Dkt. 1931 at 10; Dkt. 2851 at 12-13).

5   For the two trade dresses on which Apple did prevail, only 6 of the 17 accused phones were found

6   to be diluting by the jury, and the phones found liable for dilution were very similar to those found

7   not liable.    (Dkt. 2951 at 13-14).    Thus, the relevant facts—those related to Apple's Lanham Act

8   claims—show that the substantive strength of Apple's litigating position was far too weak to be

9   deemed to be exceptional.

10          Likewise, Apple's argument that "the record in this case established Samsung's willful,

11   deliberate, and calculated efforts to gain market share by copying Apple's iPhone, including the

12   iPhone trade dress" (Dkt. 3099 at 5) is legally incapable of supporting a finding of exceptional

13   circumstances.    "Copying," particularly in the realm of product configuration trade dress

14   dilution—a doctrine this Court recognized as "at the outer reaches of trademark and trade dress

15   law" (Dkt. 2221 at 6)—is not evidence of willfulness or unlawful conduct absent proof the

16   copying was done to trade on a trade dress's recognition as a source identifier.    *Fuddruckers, Inc.

17   v. Doc's BR Others, Inc.*, 826 F. 2d 837, 844-45 (9th Cir. 1987) ("Competitors may intentionally

18   copy product features for a variety of reasons.    They may, for example, choose to copy wholly

19   functional features that they perceive as lacking any secondary meaning because of those features'

20   intrinsic economic benefits."); *Groeneveld Transport Efficiency, Inc. v. Lubecore Int'l, Inc.*, 730

21   F.3d 494, 511 (6th Cir. 2013) ("[T]rademark law does not prohibit *copying* as such; that is the

22   province of copyrights and patents."); *Badger Meter, Inc. v. Grinnell Corp.,* 13 F. 3d 1145, 1160

23   (7th Cir. 1994) (affirming holding of no willfulness and no attorneys' fees even though "it is clear

24   that [defendant] purposely copied [plaintiff's] water meter.    Much of this copying was well

25   within [defendant's] rights as a competitor; some was not."); 4 MCCARTHY ON TRADEMARKS §

26   23:122 ("The motivation for the act of 'copying' cannot blithely be assumed to be wrongful in any

27   sense."); *id.* at nn. 5-12, 14-15 (discussing cases).

28          The novelty of Apple's claims additionally forecloses both the possibility that its

substantive litigating position was strong and that Samsung's conduct was unreasonable in defending against Apple's claims.   *See Blockbuster Videos, Inc. v. City of Tempe*, 141 F.3d 1295, 1300 (9th Cir. 1998) (defendant "could have reasonably thought that its [actions] did not violate [the Lanham Act], especially because this is a question of first impression.").   Apple raised novel questions of Ninth Circuit law, including whether a plaintiff can recover for product design dilution when the plaintiff and defendant are competitors offering similar goods.   Before the Court's denial of Samsung's motion for JMOL on the question of dilution, which has been appealed to the Federal Circuit (Opening Brief for Defendants-Appellants, *Apple Inc. v. Samsung Elecs. Co.*, Nos. 2014-1335-1368 (Fed. Cir. May 23, 2014)), at least one court found it inappropriate for a plaintiff to recover on such a claim.   *YKK Corp. v. Jungwoo Zipper Co., Ltd.*, 213 F. Supp. 1195, 1207 (C.D. Cal. 2001).

## III.   WHETHER APPLE COULD HAVE OBTAINED FEES UNDER THE PATENT ACT AFTER *OCTANE FITNESS* IS IRRELEVANT

Apple asserts that under *Octane Fitness* it could have also recovered attorneys' fees for its patent claims under the Patent Act.   Even apart from the inaccuracy of that belated, self-serving contention, Apple chose not to pursue fees under the Patent Act—only the Lanham Act.   As Apple concedes, under the Lanham Act it can only request attorneys' fees for claims that are related to the Lanham Act.   (*See* Dkt. 2851 at 8 citing *Gracie*, 217 F. 3d at 1069).   Accordingly, Apple's hypothetical likelihood of prevailing on a hypothetical motion it could have brought, but did not, is irrelevant to the only questions presented by its motion; namely, whether Apple's Lanham Act case qualifies as exceptional or its related fees are reasonable.

As described in Samsung's Opposition, the fees Apple seeks are not reasonable.   One-third of its total bills is grossly disproportionate to the limited Lanham Act claims that Apple actually prevailed on at trial.   Moreover, Apple's request for fees is inadequately supported because it failed to provide any billing records or reliable summaries to support its motion.

## IV.   CONCLUSION

*Octane Fitness* does not improve, much less salvage, Apple's overreaching and unwarranted motion for fees.

1

2   DATED: May 27, 2014                QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
3

4                                      By   /s/ Victoria F. Maroulis
                                          Charles K. Verhoeven
5                                         Kathleen M. Sullivan
                                          Kevin P.B. Johnson
6                                         Victoria F. Maroulis
                                          Michael T. Zeller
7
                                       Attorneys for SAMSUNG ELECTRONICS CO.,
8                                      LTD., SAMSUNG ELECTRONICS AMERICA,
                                       INC., and SAMSUNG
9                                      TELECOMMUNICATIONS AMERICA, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S SUPPLEMENTAL BRIEF REGARDING THE EFFECT OF RECENT SUPREME COURT CASES
ON APPLE'S MOTION FOR ATTORNEYS' FEES