| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>RUTH N. BORENSTEIN (CA SBN 133797)<br>rborenstein@mofo.com<br>ERIK J. OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522<br><br>Attorneys for Plaintiff and<br>Counterclaim-Defendant APPLE INC. | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S REPLY TO SAMSUNG'S SUPPLEMENTAL BRIEF REGARDING THE EFFECT OF THE SUPREME COURT'S RECENT DECISIONS IN *OCTANE FITNESS* AND *HIGHMARK* ON APPLE'S MOTION FOR ATTORNEYS' FEES**<br><br>Date:     July 17, 2014<br>Time:    1:30 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

Samsung does not dispute Apple's interpretation of the broad standard for "exceptional" cases under the Patent Act set forth in *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), including that the term "exceptional" is construed in accordance with its ordinary meaning considering the totality of the circumstances. (Dkt. 3099 at 1 (citing 134 S. Ct. at 1756).) Nor does Samsung contest that the Supreme Court relied on cases interpreting the Lanham Act's "'identical fee-shifting provision'" to support the standard set forth in *Octane Fitness*. (*See id.* at 3 (citing 134 S. Ct. at 1756-57).) Accordingly, Samsung has no valid basis to contest that the Supreme Court's broad ordinary-meaning construction of "exceptional" applies to Apple's fees request under the Lanham Act. As Apple has shown, viewing the totality of the circumstances of this case, this case must be viewed as exceptional, warranting a fee award. (*Id.* at 3-5.)

Samsung's attempts to discount the relevance of *Octane Fitness* are unavailing. First, Samsung argues that the Supreme Court's rationale applies only to fees requests by defendants and only under the Patent Act. (Dkt. 3103 at 1.) But the Supreme Court placed no such restrictions on the standard it announced and Samsung offers no reason that the issues the Court addressed apply only when defendants seek fees. Other district courts have not interpreted *Octane Fitness* in the rigid manner Samsung suggests and have instead cited the Supreme Court's standard in determining whether to award attorneys' fees to plaintiffs under statutes, including the Lanham Act, that allow fees awards in "exceptional" cases. *See Microban Prods. Co. v. API Indus., Inc.*, No. 14 Civ. 41 (KPF), 2014 WL 1856471, at *23-24 & n.8 (S.D.N.Y. May 08, 2014) (granting fees to plaintiff under Lanham Act); *AGSouth Genetics, LLC v. Georgia Farm Servs. LLC*, No. 1:09-CV-186 (WLS), 2014 WL 2117451, at *4-5 (M.D. Ga. May 21, 2014) (granting fees to plaintiff under Plant Variety Protection Act). And as noted, the Supreme Court relied on Lanham Act cases in reaching its holding as to the standard for "exceptional" cases.

Second, Samsung argues that the *Octane Fitness* standard "is not meaningfully different from the existing Lanham Act standard the parties previously briefed." (Dkt. 3103 at 1.) Samsung cites to the one place in its opposition brief that referred to the Ninth Circuit's standard as applying to "'malicious, fraudulent, deliberate or willful'" conduct (*id.* at 3 (citing Dkt. 2951

APPLE'S REPLY TO SAMSUNG'S SUPP. BRIEF RE EFFECT OF RECENT DECISIONS ON APPLE'S FEES MOTION
Case No. 11-cv-01846-LHK (PSG)
sf-3421841

1

at 8)), but ignores the actual arguments in its opposition brief. As Apple's supplemental brief pointed out (and Samsung ignores), Samsung's opposition brief argued that "Exceptionality Requires Bad Faith Or Other Malicious Conduct" and that the jury's willfulness findings could not support exceptional case status because the jury "received no instruction tying willfulness to bad faith." (*See* Dkt. 3099 at 4-5 (citing Dkt. 2951 at 2-5).) Samsung also argued that Apple was required to prove that Samsung's conduct "was intentionally deceptive, in bad faith, fraudulent, extortionate, or actually confused customers." (Dkt. 2951 at 5.) Samsung's assertion that *Octane Fitness* is consistent with the standards that the Ninth Circuit has applied, which it now characterizes as requiring only "malicious, fraudulent, deliberate or willful" conduct, defeats its opposition arguments that address a different standard.

Samsung also recycles its opposition-brief arguments attempting to show that this case is not exceptional under any standard. (Dkt. 3103 at 3-5; *see* Dkt. 2951 at 6-15.) Apple already refuted Samsung's arguments in its reply brief in support of its fees motion (Dkt. 3019 at 3-8; *see also* Dkt. 3099 at 3-5) but those arguments are even weaker now than they were before *Octane Fitness*. Samsung continues to ask this Court to disregard the overwhelming evidence of Samsung's deliberate copying and to determine Apple's success as a percentage of the more than 2,500 disputed issues of liability that Samsung contends were raised in this case. (Dkt. 3103 at 3-4 (citing Dkt. 2951-1 ¶ 39); *see* Dkt. 2951-1 ¶¶ 20, 2-41.) Samsung's narrow, rigid views of the evidence and strength of Apple's litigation position are inconsistent with the Supreme Court's broad, flexible standard that determines exceptionality based on the totality of the circumstances.

Finally, as Apple showed, *Octane Fitness* confirms that Apple's request for only $16 million of the $60 million in fees it incurred in this action is reasonable. Samsung's insistence that the Court disregard the full extent of fees that Apple could have received under the Patent Act is inconsistent with the Supreme Court's directive to look to the totality of the circumstances.

In sum, the Supreme Court's recent holding in *Octane Fitness* confirms that this is an exceptional case warranting the reasonable fees that Apple requests.

APPLE'S REPLY TO SAMSUNG'S SUPP. BRIEF RE EFFECT OF RECENT DECISIONS ON APPLE'S FEES MOTION
Case No. 11-cv-01846-LHK (PSG)
sf-3421841

2

Dated: June 3, 2014                    MORRISON & FOERSTER LLP

By: */s/ Rachel Krevans*
    RACHEL KREVANS

Attorneys for Plaintiff
APPLE INC.

APPLE'S REPLY TO SAMSUNG'S SUPP. BRIEF RE EFFECT OF RECENT DECISIONS ON APPLE'S FEES MOTION
Case No. 11-cv-01846-LHK (PSG)
sf-3421841

3