**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>          Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Defendants. | Case No. 5:11-cv-01846-LHK (PSG)<br><br>**ORDER DENYING SAMSUNG'S MOTION TO COMPEL APPLE TO PROVIDE INFORMATION**<br><br>**(Re: Docket No. 2996 )** |

13

14

15

16

17

18

19

20

21

22          Almost a full year after Nokia's original motion for a protective order in this case, Samsung

23   seeks to open a new round of discovery to find out more about Apple Inc.'s apparent disclosure of

24   its own confidential information in October of 2013.  Because the information sought would not be

25   relevant to either basis for the court's January 29, 2014 sanctions order, the court DENIES the

26   request.

27

28

1

Case No. 5:11-cv-01846-LHK (PSG)
ORDER DENYING SAMSUNG'S MOTION TO COMPEL APPLE TO PROVIDE
INFORMATION

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A brief recap of the underlying events is in order.[1]

On June 4, 2013, Nokia and Samsung met to continue their ongoing negotiations for a

license deal.  At that meeting, Dr. Seungho Ahn of Samsung told Paul Melin of Nokia that he knew

the terms of Nokia's license agreement with Apple; he then recited the terms and indicated that his

lawyers had told him what they were.  As Dr. Ahn put it, "all information leaks."   On July 1, 2013,

Nokia filed a motion for a protective order in the 12-0630 case to prevent further dissemination of

its confidential information.  Nokia later withdrew that motion after entering into a stipulated

agreement with Samsung, which was supposed to address the problem.

On August 1, 2013, QE finally notified Apple that there had been a breach of the protective

order, resulting in the dissemination of information designated as "attorneys' eyes only" within

Samsung.  In response, Apple filed a motion for sanctions in this case, as well as a motion for

discovery to figure out how far and wide the information had spread.  Because progress had been

essentially non-existent on the stipulated remedial agreement, the court granted Apple's motion for

discovery.  160 days, 50 deposition hours, and 1,000,000+ pages of evidence later, the court

granted Apple's motion for sanctions against Samsung and its counsel on two grounds: (1) for

failing to institute sufficient safeguards for third-party confidential information and (2) for failing

to comply with the notice and cooperation requirements set forth in Section 18(a) of the protective

order entered in this case.  The court ordered QE to reimburse Apple and Nokia any and all costs

and fees incurred in litigating this motion and the discovery associated with it.

On February 11, 2014, Apple notified both Samsung and the court of its recent discovery

that it had inadvertently included the disputed license terms in a public filing on October 10, 2013.

Samsung jumped on this disclosure, using it as grounds to challenge the reasonableness of the fees

---

[1] For direct citations to the record or a more fulsome recitation of the facts, *see* Docket Nos. 2689
and 2935.

2

Case No. 5:11-cv-01846-LHK (PSG)
ORDER DENYING SAMSUNG'S MOTION TO COMPEL APPLE TO PROVIDE
INFORMATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

requested by Apple and Nokia, and the instant motion followed.  Samsung seeks a sworn

declaration from Apple addressing "what Nokia and NEC have said in response to Apple's

revelation," "the investigation Apple performed before it informed the court and Samsung that it

had no information that 'the document was distributed on the Internet," and "the names and titles

of the persons involved in the inadvertent disclosure, and what each of them did" on the filing at

issue.[2]

     None of this information is relevant to the sanctions order issued by this court.  It is not

probative of the confidentiality of the information at the time that QE and Samsung disclosed it.  It

would reveal nothing about QE and Samsung's compliance (or lack thereof) with Section 18(a) of

the protective order.  And it would in no way demonstrate that QE and Samsung's system for

protecting confidential information was sufficient during the time period in question.

     Samsung nevertheless offers two arguments as to why it is entitled to the discovery sought.

First, it argues that the information would reveal whether Nokia has been seeking "legitimate

protection" of its license terms, or whether its outrage at their dissemination may have been

feigned.   But nothing in the protective order requires that a party whose information is disclosed

be "legitimately" outraged in order to pursue protections; in fact, there is no requirement that it be

outraged at all.  The order is only concerned with the fact of the disclosure and the responses by the

disclosing party, not the level of indignation that the disclosure caused.  Second, Samsung argues

that "the confidentiality of th[e] licensing information at the time Apple and Nokia were

aggressively pursuing sanctions is relevant to the propriety and amount of the fees awarded."

Once again, this is simply not correct.  The confidentiality of the information at the time of its

disclosure is the relevant inquiry, not its status at whatever late date the parties manage to seek a

remedy.  None of the information sought is at all probative of the information's status between

---

[2] *See* Docket No. 2996-3 at 6-7.

Case No. 5:11-cv-01846-LHK (PSG)
ORDER DENYING SAMSUNG'S MOTION TO COMPEL APPLE TO PROVIDE
INFORMATION

March 24, 2012 and June 4, 2013.  The continued status of the information might be relevant if the

court had imposed an additional fine to compensate Apple and Nokia for the continuing harm

suffered by having the information potentially out in the open, but it did not.  The sanctions

imposed reimburse Apple and Nokia for the costs of investigating past disclosures; no more and no

less.

**IT IS SO ORDERED.**

Dated: June 6, 2014

PAUL S. GREWAL
United States Magistrate Judge

Case No. 5:11-cv-01846-LHK (PSG)
ORDER DENYING SAMSUNG'S MOTION TO COMPEL APPLE TO PROVIDE
INFORMATION

United States District Court
For the Northern District of California