QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION TO ENFORCE PRELIMINARY INJUNCTION BOND**<br><br>Date:   July 17, 2014<br>Time:   1:30 p.m.<br>Judge: Hon. Lucy H. Koh<br>Place:  Ctrm. 8, 4th Floor<br><br>REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 17, 2014, at 1:30 a.m., or as soon thereafter as this matter may be heard in the above-entitled Court, located at 280 South 1st Street, San Jose, CA 95113, defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") will and do hereby move pursuant to Federal Rule of Civil Procedure 65.1 for an order requiring that Apple pay Samsung $2,049,651 from the Bond in Support of Preliminary Injunction.  (Dkt. 1145.)   This motion is made on the grounds that Samsung was "wrongfully enjoined" from selling the Galaxy Tab 10.1 and Samsung is entitled to recover damages it suffered as a result of the preliminary injunction. This motion is based on the memorandum of points and authorities below, the accompanying declaration of SeungHee Hyun, all pleadings and papers on file in this action, such matters as are subject to judicial notice, and all other matters or arguments that may be presented in connection with this motion.

## RELIEF REQUESTED

This motion seeks an order requiring that Apple pay Samsung $2,049,651 from the Bond in Support of Preliminary Injunction filed by Apple on June 27, 2012.   (Dkt. 1145.)

DATED:   June 10, 2014             Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Michael T. Zeller*
Charles K. Verhoeven
Kathleen M. Sullivan
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

**Preliminary Statement**

When the Court ordered its injunction against sales of the Galaxy Tab 10.1 based on alleged infringement of the D'889 patent, it also ordered Apple to post a $2.6 million bond to cover the injury Samsung would suffer if the injunction turned out to be wrongful. The jury then heard the case on the merits and found that the Galaxy Tab 10.1 did not infringe the D'889 patent. As a result, the Court dissolved the preliminary injunction. Samsung is now entitled to recover financial losses it suffered as a result.

To recover under the bond pursuant to Federal Rule of Civil Procedure 65(c), Samsung need only show that it was "wrongfully enjoined" and was injured due to the injunction. Where, as here, an injunction was entered and subsequently dissolved, the enjoined party has been "wrongfully enjoined." Moreover, Samsung suffered injury as a result of the entry of the preliminary injunction. Because Samsung had to immediately cease the sale of Galaxy Tab 10.1 devices, it was left holding valuable components, such as memory chips, that were unique to the Galaxy Tab 10.1 4G LTE for Verizon and U.S. Cellular and could not be used in any other product. Samsung had no choice but to scrap these components at a loss of $2,049,651, which Samsung respectfully submits it is entitled to now recover.

**Procedural Background**

**The Parties' Briefing Regarding Entry of a Preliminary Injunction and the Bond**. On December 2, 2011, this Court denied Apple's motion for a preliminary injunction against the Galaxy Tab 10.1 and other products. (Dkt. 452.) Apple appealed (Dkt. 460), and the Federal Circuit issued its decision on May 14, 2012. *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 678 F.3d 1314 (Fed. Cir. 2012). The Federal Circuit affirmed the Court's denial of Apple's preliminary injunction motion, except with respect to the D'889 patent. As to that patent, the Federal Circuit ruled the Court "erred in concluding that there is likely to be a substantial question as to the validity of the D'889 patent" and remanded for further proceedings. *Id.* at 1332.

On May 18, 2012, Apple filed a Motion Pursuant to Rule 63(c) for Entry of Preliminary Injunction Without Further Hearing, arguing that it was entitled to a preliminary injunction with

1 respect to the Galaxy Tab 10.1 tablet computer in light of the Federal Circuit's May 14, 2012
2 opinion.  (Dkt. 951.)   Apple argued that it was likely to prevail on the merits of its infringement
3 argument with respect to the D'889 patent and that all other factors supported entry of an
4 injunction.  (Dkt. 951, at 9.)   The Court set a briefing schedule and ordered the parties to address
5 the appropriate amount of a bond pursuant to Federal Rule of Civil Procedure 65(c) in their briefs.
6 (Dkt. 962.)

7       In opposing Apple's motion, Samsung provided an estimate of lost sales if an erroneous
8 injunction barred sales of the 4G LTE and non-4G LTE version of the Galaxy Tab 10.1.  (Dkt.
9 977-03, at 12-13.)   As Samsung explained, it sold the Galaxy Tab 10.1 4G LTE to Verizon
10 Wireless and U.S. Cellular.   (Dkt. 977-03, at 12.)   Samsung offered two calculations for the total
11 foreseeable monetary damages from an injunction against the Galaxy Tab 10.1 4G LTE.   Under
12 the first, Samsung multiplied the sales price of ▓▓▓ per unit times the ▓▓▓ units that were
13 currently subject to purchase order and multiplied the ▓▓▓ forecasted units not yet subject to
14 purchase order times Samsung's operating profit o ▓▓▓  (*Id.* at 13.)   Using this calculation,
15 the total was ▓▓▓▓▓▓  (*Id.* at 13.)   Under the second calculation, Samsung multiplied the
16 combined total of units subject to purchase order and forecasted units- ▓▓▓ units in total--by its
17 operating profit ▓▓▓ per unit.  (*Id.* at 13.)   The total figure based on this calculation was
18 ▓▓▓▓▓▓  (*Id.*)

19       Samsung explained that the total foreseeable monetary damages for the non-4G LTE
20 Galaxy Tab 10.1 was ▓▓▓ per unit multiplied by ▓▓▓ -the number of units currently subject to
21 purchase order--for a total of ▓▓▓▓▓▓  (*Id.* at 13.)   Based on these figures, Samsung
22 argued that the grand total of the bond should therefore be ▓▓▓▓▓▓▓▓▓▓ lus
23 ▓▓▓▓▓, or ▓▓▓▓▓▓ lus ▓▓▓▓▓ if the alternative estimate
24 for the Tab 10.1 4G LTE was used.   (*Id.* at 13.)

25       **<u>The Entry of a Preliminary Injunction and Apple's Posting of a Bond</u>**.   On June 26,
26 2012, the Court granted Apple's motion and preliminarily enjoined Samsung from "making, using,
27 offering to sell, or selling within the United States, or importing into the United States, Samsung's
28

1 Galaxy Tab 10.1 tablet computer, and any product that is no more than colorably different from
2 this specified product and embodies any design contained in U.S. Design Patent No. D504,889."
3 (Dkt. No. 1135 ("June 26 Preliminary Injunction") at 7.)   The Court also ordered Apple to post a
4 bond in the amount of $2,600,000.   (*Id.*)

5 Apple filed its Bond in Support of Preliminary Injunction on June 27, 2012.   (Dkt. 1145.)
6 The Bond stated that Fidelity and Deposit Company of Maryland undertook to pay Samsung in an
7 amount not exceeding $2,600,000 for damage Samsung "may sustain by reason of said
8 preliminary injunction if the same be wrongfully obtained and without sufficient cause."   (Dkt.
9 1145, at 2.)

10 **The Court's Dissolution of the Injunction.**   After a three-week trial in this case, the jury
11 concluded in August 2012 that the Galaxy Tab 10.1 did not infringe Apple's D'889 patent.   (Dkt.
12 1930 at 7; Dkt. 1931 at 7.)   Samsung moved to dissolve the preliminary injunction, arguing that
13 "[i]n light of the jury's unanimous finding of non-infringement as to the D'889 patent . . . Apple
14 no longer has a likelihood of success on the merits."   (Dkt. 1936, at 4-5.)   The Court granted
15 Samsung's motion.   The order stated:   "The Court agrees with Samsung that the sole basis for the
16 June 26 Preliminary Injunction was the Court's finding that Samsung likely infringed the D'889
17 Patent.   The jury has found otherwise.   Thus, the sole basis for the June 26 Preliminary
18 Injunction no longer exists."   (Dkt. 2011, at 3.)   The Court also stated that it would retain the
19 bond pending resolution of the post-trial motions because the question of whether Samsung was
20 "wrongfully enjoined is inextricably intertwined with the Court's resolution of the post-trial
21 motions."   (Dkt. 2011, at 4.)

<div align="center">**Argument**</div>

23 **I.   SAMSUNG IS ENTITLED TO RECOVER THE DAMAGES IT SUFFERED DUE
     TO THE "WRONGFUL INJUNCTION"**
24
25 Federal Rule of Civil Procedure 65(c) provides that:   "The court may issue a preliminary
26 injunction or a temporary restraining order only if the movant gives security in an amount that the
27 court considers proper to pay the costs and damages sustained by any party found to have been
28 wrongfully enjoined or restrained."   For an enjoined party to recover on a bond posted pursuant to

1  Federal Rule of Civil Procedure 65(c), it need only establish that it was "wrongfully enjoined" and
2  that it suffered injury as a result of the injunction.  *Matek v. Murat,* 862 F.2d 720, 733 (9th Cir.
3  1988), *abrogated on other grounds by Holden v. Hagopian,* 978 F.2d 1115 (9th Cir. 1992);
4  *Nintendo of America, Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994), *cert.*
5  *denied*, 513 U.S. 822 (1994).   Samsung readily satisfies these requirements.

### A.   Samsung Was Wrongfully Enjoined From Selling the Galaxy Tab 10.1

The standard for finding a party has been wrongfully enjoined is set forth in *Nintendo*: "[A] party has been wrongfully enjoined within the meaning of Rule 65(c) when it turns out the party enjoined had the right all along to do what it was enjoined from doing."[1]  *Nintendo* 16 F.3d at 1036.   In *Nintendo,* the court found that the defendant had been "wrongfully enjoined" where it was enjoined from selling a product, prevailed at trial and then succeeded in vacating the preliminary injunction.   *Id*.   Just like the defendant in *Nintendo,* Samsung was enjoined from making, selling or offering to sell the Galaxy Tab 10.1 due to alleged infringement of the D'889 patent and the preliminary injunction was subsequently vacated after the jury found that the Galaxy Tab 10.1 did not infringe this patent.[2]   (Dkt. 2011.)   The Court held that, due to the jury's finding, "the sole basis for the June 26 Preliminary Injunction no longer exists."   (Dkt. 2011, at 3.)   Because Samsung "had the right all along" to sell the Galaxy Tab 10.1, Samsung was "wrongfully enjoined."

### B.   Samsung Was Injured By The Preliminary Injunction

In the Ninth Circuit, "there is a rebuttable presumption that a wrongfully enjoined party is entitled to have the bond executed and recover provable damages up to the amount of the bond." *Nintendo,* 16 F.3d at 1036 (citations omitted).   This rule of presumption advances important

---

[1]  *Nintendo* cites to and quotes from the Second Circuit's decision in *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054 (2d Cir. 1990), which expresses the same standard using slightly different wording:   "A party has been 'wrongfully enjoined' under Fed.R.Civ.P. 65(c) if it is ultimately found that the enjoined party had at all times the right to do the enjoined act."

[2]  All of the damages Samsung is seeking through this motion relate to the Galaxy 10.1 4G LTE for Verizon and U.S. Cellular.   The jury rejected all of Apple's claims of infringement and dilution as to the Galaxy 10.1 4G LTE.   (Dkt. 1931.)

1  policy objectives: "By adhering to this standard, the party enjoined will usually recover damages,
2  thus discouraging parties from requesting injunctions based on tenuous legal grounds. . . .
3  Furthermore, a presumption that damages will be awarded from the bond assures district court
4  judges that defendants will receive compensation for their damages in cases where it is later
5  determined a party was wrongfully enjoined."  *Nintendo,* 16 F.3d at 1037.

6       To recover under the bond, Samsung need only "demonstrate injury as a consequence of
7  the injunction."  *Matek*, 862 F.2d at 733.  As explained in the concurrently filed declaration of
8  SeungHee Hyun, the senior manager of the Procurement Planning Group at Samsung Electronics
9  Co., Ltd., Samsung was damaged by the preliminary injunction because it had to scrap valuable
10 components that only worked in the Galaxy Tab 10.1 4G LTE for Verizon and U.S. Cellular.  As
11 of June 26, 2012, the date this Court issued its preliminary injunction, Samsung had purchased and
12 was in possession of components for Galaxy Tab 10.1 4G LTE for Verizon and U.S. Cellular
13 ("Galaxy Tab 10.1 4G LTE") that it could not use that cost Samsung 2,329,149,000 Korean won,
14 the equivalent of $2,049,651.  (Declaration of SeungHee Hyun, ¶4 ("Hyun Decl.").)  Most of this
15 total was attributable to 32 gigabyte NAND flash memory that was unique to the Galaxy Tab 10.1
16 4G LTE and could not be used in other Samsung products.  (Hyun Decl., ¶4.)  These flash
17 memory units cost Samsung 1,976,318,000 Korean won, which is equivalent to $1,739,160.
18 (Hyun Decl., ¶4.)  The remainder of the total consisted of other components that were unique to
19 the Galaxy Tab 10.1 4G LTE and that cost Samsung an additional 352,831,000 Korean won,
20 which is equivalent to $310,491.  (Hyun Decl., ¶5.)  Samsung did not believe that Verizon or
21 U.S. Cellular would purchase the Galaxy Tab 10.1 4G LTE in the event the preliminary injunction
22 was subsequently dissolved because it knew both carriers would be focusing their efforts on
23 selling other, more recently released tablet products by the time the injunction was lifted.[3]  (Hyun
24 Decl., ¶7.)  As a result, Samsung scrapped parts for the Galaxy Tab 10.1 4G LTE on or about July

---

[3]  In its motion, Apple itself argued a preliminary injunction was necessary because mobile devices have a short shelf life.  (Dkt. 424, at 36.)

1 | 19, 2012.  (Hyun Decl., ¶8.)   Because this loss was a proximate result of the preliminary

2 | injunction, Apple is liable for it.

3 | <center>**Conclusion**</center>

4 | For the above reasons, Apple should be required to pay Samsung $2,049,651 pursuant to

5 | the Bond.

7 | DATED: June 10, 2014                    Respectfully submitted,

8 |                                          QUINN EMANUEL URQUHART & SULLIVAN, LLP

10 |                                         By */s/ Michael T. Zeller*
                                             Charles K. Verhoeven
11 |                                         Kathleen M. Sullivan
                                             Kevin P.B. Johnson
12 |                                         Victoria F. Maroulis
                                             William C. Price
13 |                                         Michael T. Zeller

15 |                                         Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

## ATTESTATION

I, Victoria F. Maroulis, am the ECF User whose ID and password are being used to file this Declaration.   In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Michael T. Zeller has concurred in this filing.

Dated:   June 10, 2014                           By: */s/ Victoria F. Maroulis*
                                                                    Victoria F. Maroulis