UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation, | Case No. 5:11-cv-01846-LHK (PSG) |
| Plaintiff, | **ORDER SETTING REASONABLE ATTORNEY'S FEES AND COSTS** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **(Re: Docket Nos. 2958, 2959, 2964, 2998, 3014)** |
| Defendants. | |

With the present quiet on the docket, it is easy to forget the long tumult of this case that once reigned. The ceremonial courtroom has cleared. The fire drills of motions on shortened time have ceased. All that remains for now, at least for the undersigned, is the relatively mundane issue of what makes for reasonable fees.

The fees at issue arise from this court's order awarding sanctions to Apple and Nokia. The sanctions followed the court's finding that Samsung and Quinn Emanuel were responsible for the

1
Case No. 5:11-cv-01846-LHK (PSG)
ORDER SETTING REASONABLE ATTORNEY'S FEES AND COSTS

unauthorized distribution of Apple and Nokia confidential information.  Samsung and QE object to certain of the fees Apple and Nokia now claim, which means the court must wade into the billing entries and make various calls.  So, here goes.[1]

# I. BACKGROUND[2]

On June 4, 2013, Nokia and Samsung met for negotiations over a patent license deal.  At that meeting, Dr. Seungho Ahn of Samsung told Paul Melin of Nokia that he knew the terms of Nokia's license agreement with Apple; he then recited the terms and indicated that his lawyers had told him what they were.  As Dr. Ahn put it, "all information leaks."   On July 1, 2013, Nokia filed a motion for a protective order in the 12-0630 case to prevent further dissemination of its confidential information.  Nokia later withdrew that motion after entering into a stipulated agreement with Samsung, which was supposed to address the problem.

On August 1, 2013, QE finally notified Apple that there had been a breach of the protective order, resulting in the dissemination of information designated as "attorneys' eyes only" within Samsung.  In response, Apple filed a motion for sanctions in this case, as well as a motion for discovery to figure out how far and wide the information had spread.  Because progress had been essentially non-existent on the stipulated remedial agreement, the court granted Apple's motion for discovery, which turned out to be extensive.  After reviewing the materials unearthed by discovery, the court granted Apple's motion for sanctions against Samsung and its counsel on two grounds: (1) failure to institute sufficient safeguards for third-party confidential information and (2) failure to comply with the notice and cooperation requirements set forth in Section 18(a) of the protective order entered in this case.  The court ordered QE to reimburse Apple and Nokia any and all costs

---

[1] For ease of reference, the court will refer to QE alone while intending to encompass both QE and Samsung.

[2] For direct citations to the record or a more fulsome recitation of the facts, *see* Docket Nos. 2689 and 2935.

2
Case No. 5:11-cv-01846-LHK (PSG)
ORDER SETTING REASONABLE ATTORNEY'S FEES AND COSTS

and fees incurred in litigating this motion and the discovery associated with it. QE now challenges the reasonableness of the fees requested.

## II. LEGAL STANDARDS

The touchstone of the attorney's fee award is its reasonableness. As such, to determine the award, the court begins with the lodestar: reasonable rates multiplied by reasonable hours expended.[3] The resulting figure is presumptively reasonable.[4] Attorney's fees awards may only include hours "reasonably expended" on the litigation.[5] Hours that are "excessive, redundant, or otherwise unnecessary" must be excluded.[6] The court "must base its determination whether to award fees for counsel's work on its judgment as to whether the work product . . . was both useful and of a type ordinarily necessary to advance the . . . litigation."[7]

Although parties seeking attorney's fees are required only to provide affidavits "sufficient to enable the court to consider all the factors necessary to determine a reasonable attorney's fee award," parties are subject to a reduction in the hours awarded when they fail to provide adequate documentation, notably contemporaneous time records.[8] The court also has the "authority to reduce hours that are billed in block format."[9] Block-billing is "the time-keeping method by which

---

[3] *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Kraszewski v. State Farm General Ins. Co.*, Case No. 3:79-cv-1261-TEH, 1984 WL 1027, at *5-6 (N.D. Cal. June 11, 1984).

[4] *See Hensley*, 461 U.S. at 434.

[5] *See id.* at 433.

[6] *Id.*

[7] *Armstrong v. Davis*, 318 F.3d 965, 971 (9th Cir. 2003).

[8] *See Ackerman v. W. Elec. Co., Inc.*, 643 F. Supp. 836, 863 (N.D. Cal. 1986) (citing *Williams v. Alioto*, 625 F.2d 845, 849 (9th Cir. 1980)).

[9] *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

3
Case No. 5:11-cv-01846-LHK (PSG)
ORDER SETTING REASONABLE ATTORNEY'S FEES AND COSTS

each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks."[10]

Finally, the Ninth Circuit recognizes that because "awarding attorney's fees to prevailing parties . . . is a tedious business," the trial court "should normally grant the award in full" if the party opposing the fee request "cannot come up with specific reasons for reducing the fee request."[11] At the same time, nothing in this standard compels a court to overlook ambiguities in a requesting party's supporting materials that it was in a position to argue.[12]

## III. DISCUSSION

QE raises three broad challenges to Apple's and Nokia's request for costs and attorney's fees, which this order will address in order of escalating merit.

### A.  It Is Not Unjust To Award The Requested Expenses

First, QE urges the court to "substantially reduce Apple's and Nokia's fee requests because a full award would be unjust in light of newly revealed evidence that Apple and Nokia" failed to adequately protect their own information.[13] QE refers, of course, to the revelation in February that Apple itself mistakenly failed to redact the terms of its license with Nokia from a document filed on the public docket in October.[14] The court has already expressed its view that this disclosure is "not [] relevant to either basis for the court's January 29, 2014 sanctions order," so it declines to reduce the fee award on those grounds.[15]

---

[10] *Id.* at 945 n.2 (internal citations and quotations omitted).

[11] *Moreno*, 534 F.3d at 1116.

[12] *See Welch*, 480 F.3d at 948.

[13] *See* Docket No. 3000 at 4.

[14] *See* Docket No. 2958-1.

[15] *See* Docket No. 3111 at 1.

4
Case No. 5:11-cv-01846-LHK (PSG)
ORDER SETTING REASONABLE ATTORNEY'S FEES AND COSTS

### B. Apple And Nokia's Work Was Neither Unnecessary Nor Unsuccessful

QE next argues that the requested fees should be reduced to reflect Apple and Nokia's "unnecessary work" and "limited success."[16] After all, QE points out, the material relied on to seek sanctions was "voluntarily provided or offered in August, requiring no litigation, and Samsung stipulated to remedial measures on August 18."[17] However, as the court noted in October, the proposed remedial measures were "insufficient," as was Samsung's progress toward implementing them.[18] The court, not Apple or Nokia, concluded that "letting Samsung and its counsel investigate this situation without any court supervision [was] unlikely to produce satisfactory results,"[19] and on that basis, the court ordered the discovery that QE now argues was "not needed."[20] Apple and Nokia can hardly be faulted for complying with a court order.

QE further asks the court to reduce the fee award in because "Apple and Nokia did not succeed on many claims."[21] This is simply incorrect. Apple moved for sanctions on the grounds that "Apple confidential licensing information was disclosed to Samsung employees and others in violation of the Protective Order," indicating "a broad failure to maintain appropriate procedures to protect the confidential information produced in this case."[22] The court's eventual order noted specifically that Samsung and QE's "willful failure to institute sufficient safeguards for the information warrants sanctions when considered in light of the vast distribution of confidential

---

[16] Docket No. 3000 at 3.

[17] *Id.*

[18] Docket No. 2483 at 4.

[19] *Id.*

[20] Docket No. 3000 at 3.

[21] *Id.* at 4.

[22] Docket No. 2374-2 at 11.

5
Case No. 5:11-cv-01846-LHK (PSG)
ORDER SETTING REASONABLE ATTORNEY'S FEES AND COSTS

information that occurred because such protections were not in place."[23]  Apple further moved for sanctions based on "Samsung's failure to take immediate and thorough action following the discovery of those breaches to prevent further mishandling of Apple's information,"[24] and the court granted sanctions based on "Quinn Emanuel's failures to follow the procedures set forth in Section 18(a) of the protective order once it learned of the inadvertent disclosures."[25]  Finally, Apple also moved for sanctions because "Samsung executives appear[ed] to have improperly used the Apple confidential licensing information."[26]  Though the court was ultimately "unpersuaded" that Samsung had misused the inadvertently disclosed information, it took the full scope of the discovery tendered to reach that conclusion.[27]  This was not a case where the parties tested a wild legal theory, or pushed the bounds of a subjective standard in seeking sanctions.  Apple and Nokia had concrete evidence indicating wrongdoing at the time that the motion was brought.  Two of their three allegations were eventually confirmed, and though the court rejected the third, it noted that Samsung's excuses and explanations were "shaky" at best.[28]  Apple and Nokia succeeded on most of their claims, and the court declines to reduce its fee award to indicate anything less.

      QE pushes for additional reductions based on Nokia's inappropriate "scorched earth" litigation strategy and duplicative work, such as sending multiple attorneys to attend depositions and hearings.  Just recently, this court declined to hold that, "as a matter of law, it is unreasonably duplicative to have [multiple] attorneys at mediation sessions, depositions, meetings, and trial; often, there are numerous moving pieces at each of these events, such that having [multiple]

---

[23] Docket No. 2935 at 15.

[24] Docket No. 2374-2 at 11.

[25] Docket No. 2935 at 16.

[26] Docket No. 2374-2 at 12.

[27] *See* Docket No. 2935 at 11.

[28] *Id.*

attorneys present is more or less required to follow everything."[29]  It is disinclined to reach a contrary conclusion here.  Neither can it fault Nokia for zealously pursuing the relief granted by this court.  QE's request to make various reductions on these grounds also is denied.

Finally, QE asks the court to strike seven specific sets of costs and fees.[30]

1. *Expenses for an unfiled motion by Nokia*: denied.  The bulk of the work was eventually used in a different form, and the court does not wish to create an incentive to file unnecessary motions simply because the drafting process has begun.

2. *Expenses incurred in depositions of Jeff Rischer, Paul Melin and Eeva Hakoranta*: denied.  Failure to discover that Apple/Nokia license terms had been accidentally posted on the public docket does not amount to a failure to conduct a "reasonable investigation" in preparation for the deposition.

3. *Business or first class airfare:* granted-in-part.  While striking those expenses entirely would be extreme, it is appropriate to reduce them to approximately the cost of a coach class ticket.  QE suggests a 70% reduction in all business/first class airfare to make this adjustment, which seems reasonable to the court.  Apple shall recover $3,367.55 of its requested $11,225.15 costs for business and first class airfare.  Breaking out Nokia's business class fares is not feasible, as they are presented as part of a single trip entry for each of three trips, covering airfare, lodging, transportation and food, so the discount will be applied to the entire entry; Nokia shall recover $9,436.80 of its requested $31,456 for trips which included a business class airfare.

4. *Nokia meals and transportation expenses*: denied.  Subsistence and transportation are commonly accepted costs of business travel.

5. *RealTime and video service expenses*: denied.  Again, these are commonly accepted costs of conducting discovery.

6. *Expenses incurred for the Ken Korea deposition*: denied.  Having reviewed the Ken Korea deposition transcript, he was subject to extensive questioning by both Apple and Nokia.[31]

7. *Expenses incurred sending Nokia counsel to Korea*: granted.  Nokia has presented insufficient evidence to justify its decision to send counsel to Korea for the beginning of the Stroz review despite being told that counsel would not be permitted within the premises.

---

[29] *Muan v. Vitug*, Case No. 5:13-cv-0331-PSG, Docket No. 73 at 3 (N.D. Cal. June 18, 2014).

[30] *See* Docket No. 3000 at 4.

[31] *See* Docket No. 2557-10.

### C. With Limited Exceptions, Apple And Nokia's Requests Have Been Sufficiently Supported To Sustain The Requested Award

In its most persuasive argument, QE argues that the court should reduce the fees and costs requested because the billing records submitted are insufficiently detailed to allow anyone to evaluate their reasonableness. QE argues that Apple and Nokia's billing records in the present matter reflect the same flaws—generic descriptions and block billing—for which the court previously imposed a 20% reduction. The parties in this case are aware that the court takes such allegations seriously and will not reward obtuse billing practices that deprive others of the ability to meaningfully evaluate how the time was spent.[32]

That said, Apple and Nokia's billing records are much clearer than those for which the court previously imposed a 20% penalty. Apple's previous billing included things like 60.7 hours spent "drafting and preparing motion to compel," and 20.8 hours "preparing motion for administrative relief and motion to seal."[33] This time, in the over four hundred pages of correspondence and billing records submitted for review, the court has identified only 19 records that it finds troubling. In each of these entries, partners and senior associates block bill ten or more hours on "drafting," "preparing" "revising" or paying "attention to" various briefs.[34] These are precisely the type of entries that the court condemned in its prior order and are therefore subject to the same 20% reduction.[35] The relevant entries are provided in the table below in both their original and reduced forms.[36]

---

[32] *See Apple Inc. v. Samsung Electronics Co., Ltd.*, Case No. 5:11-cv-1846-LHK (PSG), 2012 WL 5451411, at *5 (N.D. Cal. Nov. 7, 2012).

[33] Docket No. 1948-1.

[34] *See* Docket Nos. 2965-20 at 34, 2965-21 at 52-53.

[35] *See Apple*, 2012 WL 5451411, at *8.

[36] For the entries listed below, Nokia originally requested $87,082, but shall be awarded $69,667.20. Apple originally requested $20,498.17 but shall be awarded $16,398.54.

8
Case No. 5:11-cv-01846-LHK (PSG)
ORDER SETTING REASONABLE ATTORNEY'S FEES AND COSTS

| Team Member | Task | Original Hours | Reduced Hours |
|---|---|---|---|
| Parker Miller | Draft and revise response to Samsung motions to stay and for relief from Apple and Stipulated Order | 10.2 | 8.2 |
| Ed Bonapfel | Edit and revise Brief in Support of Sanctions and supporting documents related to same | 10.2 | 8.2 |
| Ryan Koppelman | Attention to access to redacted Samsung filings, deposition scheduling, meet and confer status, proposal for potential sanctions, draft Motion for Contempt. | 10.3 | 8.2 |
| Parker Miller | Draft and revise Brief in Support of Sanctions. | 10.3 | 8.2 |
| Andy Tuck | Finalize and file sanctions brief. | 10.3 | 8.2 |
| Parker Miller | Draft, revise and file Supplemental filing on Motion for sanctions. | 10.6 | 8.5 |
| Alex Wuste | Research and draft filings related to Judge Grewal's October 2 | 11.3 | 9.0 |
| Parker Miller | Draft and revise supplemental motion and support ongoing depositions. | 11.7 | 9.4 |
| Parker Miller | Draft, revise and file Supplemental filing on Motion for sanctions. | 11.8 | 9.4 |
| Alex Wuste | Update, cite check, finalize R. Koppelman declaration and final brief | 12.4 | 9.9 |
| Parker Miller | Draft and revise opposition to Samsung motion for privilege | 12.8 | 10.2 |
| Parker Miller | Draft, revise and file Supplemental filing on Motion for sanctions. | 12.9 | 10.3 |
| Ryan Koppelman | Attention to supplemental brief | 13 | 10.4 |
| Parker Miller | Draft and Revise response to Samsung Motion for Leave | 13.1 | 10.5 |
| Parker Miller | Draft and revise brief; respond to Samsung's letter on privilege. | 13.2 | 10.6 |
| Ed Bonapfel | Edit and revise Supplemental Brief and prepare for filing. | 14.7 | 11.8 |
| Parker Miller | Draft and revise supplemental brief | 16.8 | 13.4 |
| Andrew Liao | Prepare, file brief and supporting papers regarding appropriate sanctions for Samsung's protective order | 11.4 | 9.1 |
| Derek Gosma | Draft materials related to sanctions motion, discuss same with team, finalize filing | 12.1 | 9.7 |
| Richard O'Neill | Revise sanctions supplemental brief | 15.1 | 12.0 |

The court notes and appreciates that both Apple and Nokia have applied a series of discounts to their requests already. However, as the court understands it, theses discounts were intended to account for potential over-billing or expenditures that were not, strictly speaking,

9
Case No. 5:11-cv-01846-LHK (PSG)
ORDER SETTING REASONABLE ATTORNEY'S FEES AND COSTS

necessary. The "haircut" now applied to the requests submitted addresses the problem of insufficient record keeping, not "overbilling" or "unnecessary" time spent.

### IV. CONCLUSION

With the limited exceptions described above, the court finds that the remaining costs and fees requested by Apple and Nokia are reasonable and shall be awarded. No later than 30 days from this order, Samsung and QE are to pay Nokia a total of $1,145,027.95 and Apple a total of $893,825.77 in fees and costs.

**IT IS SO ORDERED.**

Dated: June 20, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge