1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kathleen M. Sullivan (Cal. Bar No. 242261)
   kathleensullivan@quinnemanuel.com
6  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100

10

11 William C. Price (Cal. Bar No. 108542)
   williamprice@quinnemanuel.com
12 Michael T. Zeller (Cal. Bar No. 196417)
   michaelzeller@quinnemanuel.com
13 865 S. Figueroa St., 10th Floor
   Los Angeles, California 90017
14 Telephone: (213) 443-3000
   Facsimile: (213) 443-3100

15 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
16 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

17                    UNITED STATES DISTRICT COURT

18        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

20 APPLE INC., a California corporation,          CASE NO. 11-cv-01846-LHK

               Plaintiff,                        SAMSUNG'S NOTICE OF MOTION AND
21                                               MOTION TO REVIEW THE CLERK'S
          vs.                                    TAXATION OF COSTS (DKT. 3110)
22
   SAMSUNG ELECTRONICS CO., LTD., a              Date:    Aug. 14, 2014
23 Korean business entity; SAMSUNG               Time:    1:30 p.m.
   ELECTRONICS AMERICA, INC., a New              Place:   Courtroom 8, 4th Floor
24 York corporation; SAMSUNG                     Judge:   Hon. Lucy H. Koh
   TELECOMMUNICATIONS AMERICA,
25 LLC, a Delaware limited liability company,

26             Defendants.

27

28

1

## NOTICE OF MOTION

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3 PLEASE TAKE NOTICE that on August 14, 2014, at 1:30 p.m., or as soon thereafter as

4 this matter may be heard in the above-entitled Court, located at 280 South 1st Street, San Jose, CA

5 95113, defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and

6 Samsung Telecommunications America, LLC (collectively, "Samsung") will and do hereby move

7 the Court to review the Clerk's Taxation of Costs (Dkt. 3110).   Samsung moves pursuant to Fed.

8 R. Civ. P. 54(d)(1), Local Rule 54, and the Court's Stipulation and Order setting a special briefing

9 schedule for this issue (Dkt. 2896 at 2).   This motion is based on this Notice of Motion and

10 Motion to Review, the memorandum of points and authorities in support of the Motion,

11 Samsung's prior objections to Apple's Bill of Costs and Amended Bill of Costs and the

12 accompanying declarations, schedules, and exhibits thereto, the pleadings, records, and files in this

13 action, all matters which are properly the subject of judicial notice, and such other evidence and

14 argument as may be properly presented before and at the hearing on this motion.

15

## RELIEF REQUESTED

16 Samsung respectfully requests that the Court stay review of the Clerk's Taxation of Costs

17 (Dkt. 3110) and postpone resolving the issue of costs until after the merits appeal process is

18 complete, including any further litigation that may occur as a result.   Alternatively, Samsung

19 respectfully requests that the Court vacate the Clerk's Taxation of Costs and order the parties to

20 bear their own costs in this action.   If the Court determines that it will review the Clerk's

21 Taxation of Costs and award costs at this time, Samsung respectfully requests that the Court reject

22 Apple's attempt to recoup millions of dollars in untaxable costs and instead award costs in an

23 amount no greater than $41,031.20.

24

25

26

27

28

DATED: June 20, 2014          QUINN EMANUEL URQUHART &
                              SULLIVAN, LLP


                              By   /s/ Victoria F. Maroulis
                                 Charles K. Verhoeven
                                 Kathleen M. Sullivan
                                 Kevin P.B. Johnson
                                 Victoria F. Maroulis
                                 Michael T. Zeller

                                 Attorneys for SAMSUNG ELECTRONICS CO.,
                                 LTD., SAMSUNG ELECTRONICS AMERICA,
                                 INC., and SAMSUNG
                                 TELECOMMUNICATIONS AMERICA, LLC

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................. 1

PROCEDURAL BACKGROUND ......................................................................................... 2

LEGAL STANDARD ............................................................................................................ 4

ARGUMENT ......................................................................................................................... 5

I.      THE COURT SHOULD DEFER ANY DECISION ON COSTS UNTIL AFTER
        THE MERITS APPEALS ARE RESOLVED ............................................................ 5

II.     IN THE ALTERNATIVE, THE COURT SHOULD REJECT APPLE'S BID FOR
        COSTS AND ORDER EACH PARTY TO BEAR ITS OWN EXPENSES ...................... 6

III.    APPLE'S AMENDED BILL OF COSTS SEEKS MILLIONS OF DOLLARS IN
        DISALLOWED AND UNJUSTIFIED EXPENSES ......................................................... 8

        A.      Apple's Request For Costs For Transcripts Should Be Disallowed Or
                Reduced ............................................................................................................ 8

                1.      Apple Seeks Disallowed And Unjustified Costs For Deposition
                        Transcripts ........................................................................................... 8

                2.      Apple Seeks Disallowed Costs For Hearing And Trial Transcripts........... 11

        B.      Apple's Request For Costs For Copies, Product Purchases, Graphics,
                Electronic Discovery, and Secure Review Should Be Disallowed ....................... 12

                1.      Apple Seeks Disallowed Costs For Making Millions Of Copies ............... 12

                2.      Apple Seeks Disallowed Costs For Purchasing Hundreds Of Devices....... 14

                3.      Apple Seeks Disallowed Costs For Developing Graphics And
                        Demonstratives ..................................................................................... 15

                4.      Apple Seeks Disallowed Costs Related To Electronic Discovery .............. 17

                5.      Apple Seeks Disallowed Costs For A Secure Review Room ..................... 20

        C.      Apple's Request For Costs For Interpreters Should Be Disallowed Or
                Reduced ............................................................................................................ 20

IV.     SUMMARY OF SAMSUNG'S OBJECTIONS TO APPLE'S BILL OF COSTS ........... 22

CONCLUSION ....................................................................................................................... 24

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

*Amarel v. Connell,*
   102 F.3d 1494 (9th Cir. 1996)..................................................................4, 5, 8, 9, 17

*American Color Graphics, Inc. v. Travelers Property Casualty Insurance Co.,*
   No. C 04-3518 SBA, 2007 WL 832935 (N.D. Cal. Mar. 19, 2007) ........................16

*Apple, Inc. v. Samsung Electronics Co.,*
   678 F.3d 1314 (Fed. Cir. 2012)..................................................................................8

*Apple, Inc. v. Samsung Electronics Co.,*
   735 F.3d 1352 (Fed. Cir. 2013)..................................................................................8

*Apple, Inc. v. Samsung Electronics Co.,*
   No. 2014-1335 (Fed. Cir. 2014)..................................................................................4

*CBT Flint Partners, LLC v. Return Path, Inc.,*
   737 F.3d 1320 (Fed. Cir. 2013)................................................................................18

*Champion Produce, Inc. v. Ruby Robinson Co., Inc.,*
   342 F.3d 1016 (9th Cir. 2003).................................................................................4, 6

*City of Alameda, Cal. v. Nuveen Municipal High Income Opportunity Fund,*
   No. C 08-4575 SI, 2012 WL 177566 (N.D. Cal. Jan. 23, 2012)...................11, 17, 20

*Computer Cache Coherency Corp. v. Intel Corp.,*
   No. C-05-01766, 2009 WL 5114002 (N.D. Cal. Dec. 18, 2009)  .......................16, 18

*E.E.O.C. v. Colgate-Palmolive Co.,*
   617 F. Supp. 843 (S.D.N.Y. 1985)..............................................................................9

*In re Eastern Erectors, Inc.,*
   396 F. Supp. 797 (E.D. Pa. 1975)...............................................................................5

*Estate of Pidcock v. Sunnyland America, Inc.,*
   726 F. Supp. 1322 (S.D. Ga. 1989).............................................................................5

*Ishida Co., Ltd. v. Taylor,*
   No. C-02-01617-JF, 2004 U.S. Dist. LEXIS 24480 (N.D. Cal. Nov. 29, 2004)........5

*Jackson v. City of Pittsburg,*
   No. 09-01016 WHA, 2013 WL 3187326 (N.D. Cal. Jun. 21, 2013) ...........................9

*KiSKA Construction Corp. USA v. Washington Metropolitan Area Transit Authority,*
   No. 97-2677, 2002 WL 393082 (D.D.C. Mar. 11, 2002)............................................5

*Lasic v. Moreno,*
   No. 2:05-cv-0161-MCE, 2007 U.S. Dist. LEXIS 88608 (E.D. Cal. Nov. 21, 2007)...................5

*Leeds & Northrup Co. v. Doble Engineering Co.*,
    41 F. Supp. 951 (D. Mass. 1941) ...................................................................9

*Oracle Am., Inc. v. Google Inc.*,
    No. C 10-03561 WHA, 2012 U.S. Dist. LEXIS 125237 (N.D. Cal. Sept. 4, 2012) .................17

*Plantronics, Inc. v. Aliph, Inc.*,
    No. C 09-01714 WHA LB, 2012 WL 6761576 (N.D. Cal. Oct. 23, 2012) ..................10, 17, 18

*Postx Corp. v. Secure Data In Motion, Inc.*,
    No. C 02-04483 SI, 2006 WL 2067080 (N.D. Cal. July 24, 2006)......................................4, 6, 8

*In re Ricoh Co., Ltd. Patent Litigation*,
    661 F.3d 1361 (Fed. Cir. 2011) ...........................................4, 9, 12, 13, 16, 17, 20, 21

*Romero v. City of Pomona*,
    883 F.2d 1418 (9th Cir. 1989)..................................................................19

*Simmons v. American Export Lines, Inc.*,
    26 F.R.D. 111 (S.D.N.Y. 1960)..................................................................9

*Taniguchi v. Kan Pac. Saipan, Ltd.*,
    566 U.S. ___, 132 S. Ct. 1997 (2012) .............................................................4

*TransPerfect Global, Inc. v. MotionPoint Corp.*,
    No. C-10-02590, 2014 WL 1364792 (N.D. Cal. Apr. 4, 2014) .......................................4, 9, 11

*Weco Supply Co. v. Sherwin-Williams Co*,
    No. 1:10-CV-00171, 2013 U.S. Dist. LEXIS 1572 (E.D. Cal. Jan. 3, 2013)...........................14

*Zimmerman v. Dickerson*,
    No. 4:05-cv-0031-DFH, 2006 U.S. Dist. LEXIS 84426 (S.D. Ind. Nov. 16, 2006) ..................5

*Zuill v. Shanahan*,
    80 F.3d 1366 (9th Cir. 1996)..................................................................17

## Statutes and Rules

28 U.S.C. § 1920 ...............................................................................4, 17

Fed. R. Civ. P. 54 .............................................................................4, 14, 17

N.D. Cal. Civ. L.R. 54 ..........................................................................4, 14

N.D. Cal. Civ. L.R. 54-1 ........................................................................20, 21

N.D. Cal. Civ. L.R. 54-3 .........................................................10, 11, 12, 13, 15, 17

1

## INTRODUCTION

2        Apple's request for costs is premature.    Apple ignored this Court's clear preference to

3   postpone this issue until after appeal, and instead filed an original, and then an amended, bill of

4   costs, which spawned thousands of pages of filings even before this briefing.    Proving the

5   efficiency of the Court's preference, the parties are currently briefing an appeal that could reverse

6   or vacate the judgment on which the Clerk's taxation depends.    Indeed, Samsung just recently

7   filed its opening appeal brief, challenging jury findings and damages awards for every patent and

8   trade dress claim where Apple initially prevailed.    Accordingly, the prevailing party, and its

9   degree of success, is still an open question.    Sifting now through the thousands of pages of

10  material Apple submitted to determine which costs are actually taxable, and how they should be

11  apportioned, and then later undertaking the same exercise with even more materials, possibly

12  multiple times over, is an unnecessary—and entirely avoidable—waste of this Court's time.    The

13  Court should postpone any decision on Apple's costs request until all the merits appeals are

14  resolved.

15        If the Court does not stay Apple's request for costs, it should deny all costs.    The taxable

16  costs available to a prevailing party in litigation are substantially limited by statute and local rules

17  and are intended to be modest in scope.    Apple's Amended Bill of Costs violates both the letter

18  and spirit of those rules, claiming entire categories of costs with no basis in law and seeking

19  compensation far beyond the amount permitted by the Local Rules or warranted given the state of

20  this litigation.    The Clerk recognized this, reducing Apple's claim by 65%.    Even the Clerk's

21  Taxation amount, however, allows Apple to recoup millions of dollars in costs it should never

22  have sought.    The blame for this falls on Apple, not the Clerk, for submitting thousands of pages

23  of invoices, schedules, and exhibits for impermissible awards without either sufficient justification

24  or explanation.

25        The fair, and simple, solution is that Apple should receive none of the costs it claims, with

26  the parties bearing their own expenses.    Apple sought costs far out of proportion to its success in

27  this complex action, which involved thousands of disputed issues of liability relating to dozens of

28  asserted IP rights, accused phone and tablet computer devices, and asserted claims, including

SAMSUNG'S MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS

1  utility and design patent infringement, trademark infringement, trade dress infringement and

2  dilution, FRAND, and antitrust.    At trial, Apple prevailed on only some of the design and utility

3  patent claims it asserted, and lost all of its design claims relating to Samsung's tablet computers,

4  thus losing the basis for the only injunctive relief it ever obtained.    The jury also found for

5  Samsung on Apple's breach of contract and antitrust counterclaims, and awarded Apple billions of

6  dollars less than the amount Apple claimed Samsung "took" from it.    Apple's mixed success at

7  trial was on a fraction of the more than 2,400 theories of liability that Apple asserted at one time or

8  another in the case.    Like other courts confronted with requests for costs on divided outcomes,

9  this Court should order each party to bear its own costs.

10      If the Court awards Apple any costs now, the vast majority of the costs Apple seeks must

11  still be denied.    Most of them—such as the costs of expediting the processing of hundreds of

12  deposition transcripts in the case, creating graphics and demonstratives over several years of

13  litigation, and making millions of copies having nothing to do with physical document production

14  or trial exhibits—have no basis in the narrow categories allowed by the Local Rules.    Even

15  worse, Apple requests costs it already agreed to split with Samsung, including over $72,000 in

16  third-party escrow fees that Magistrate Judge Grewal ordered Apple to bear on its own.    These

17  are not allowable.    Nor are the other costs, which are unjustified by Apple's documentation.    All

18  of them should be denied.

19      If Apple is awarded any costs now, the Court should exercise its discretion, as other courts

20  have done, to reduce any justified, taxable costs to reflect the incomplete success of the party

21  awarded fees.    Here, Apple's actual degree of overall success—5%—is an appropriate

22  apportionment rate.    After deducting costs that are not taxable and apportioning claimed costs

23  that are actually in taxable categories, the maximum amount that should be allowed is $41,031.20.

24              **PROCEDURAL BACKGROUND**

25      Apple filed its initial complaint on April 15, 2011, and an amended complaint on June 16,

26  2011, alleging that dozens of Samsung's products infringed multiple design patents, utility patents,

27  and trademarks, and infringed and diluted multiple trade dress rights.    (Dkts. 1, 75.)    Apple then

28  requested and received an expedited trial date and expedited discovery.    (Dkts. 83, 187.)    By the

1   time it served its final discovery responses, Apple had asserted 71 different legal theories against

2   35 different products, raising a total of 2,471 discrete disputed issues of liability that Samsung was

3   forced to defend.   (Dkt. 2970, Corrected Declaration of Katharine Barach ("Barach Decl.")

4   ¶¶ 13,14,17, Sched. 1.)   Another 147 disputed liability issues were raised through Samsung's

5   affirmative claims and the parties' defenses and counterclaims.[1]   In August of 2012, the parties

6   tried just a small fraction of the disputed liability issues (8%, 208 issues total), having dropped the

7   vast majority before trial.[2]   And even as to the small subset of the issues that were tried, Apple

8   lost on a third of them.   (*Id.* at ¶¶ 31-34, Scheds. 1-3.)[3]   Overall, Apple had a 5% success rate on

9   all disputed liability issues raised throughout the litigation.   (*Id.* at ¶ 35.)   After that trial, the

10   Court ruled that Apple had misguided the jury about the notice dates for nearly half the products in

11   the case and ordered a new trial on damages for them.   (Dkt. 2271 at 22-26.)   The second jury

12   awarded $120 million less in damages than the first on those devices.   (*See id.*; Dkt. 2316 at 2;

13   Dkt. 2822 at 1.)

14       Both the Court and Samsung requested that Apple stipulate to postpone filing its Bill of

15   Costs until after the appeals on the merits had been decided.   (Dkt. 2844 (11/19/13 Tr.) at 1418-

16   1423.)   In open court, Apple represented that "we are all in agreement that we should put it off

17   now" and admitted that costs could wait until after the appeals (*id.* at 1418:14-18; 1421:21-

18   1422:1), but then filed its Bill of Costs on December 5, 2013, before post-trial motions had even

19   been fully briefed, groundlessly requesting over $6 million in costs (Dkts. 2852-2854).

20       Only after Samsung had reviewed the voluminous filings, met and conferred with Apple,

21   and filed detailed objections (Dkts. 2930-2932), did Apple review its submission and file an

22

---

23   [1]   Through its affirmative claims, defenses, and counterclaims, Samsung raised an additional
117 disputed liability issues.   (Dkt. 2970, Barach Decl. ¶¶ 20, 25, Scheds. 1, 2).   An additional

24   30 discrete disputed issues of liability were raised through Apple's defenses and counterclaims.
(*Id.* at ¶ 29, Sched. 2.)

25   [2]   Before trial, Apple dropped 2,309 issues related to its intellectual property, and Samsung
dropped 52 issues relating to its patents.   (*Id.* at ¶¶ 17, 25, Scheds. 1, 2.)   The parties also dropped

26   49 counterclaims and affirmative defenses.   (*Id.* at ¶¶ 20, 29, Sched. 1, 2.)
[3]   Concerning Apple's asserted intellectual property rights, Apple prevailed on 107 disputed

27   liability issues, and Samsung on 67.   (*Id.* at. ¶¶ 32, 33, Scheds. 1, 2.)   Concerning Samsung's
asserted intellectual property rights, Apple prevailed on 25 disputed liability issues, and Samsung

28   on 9.   (*Id.*)

1   Amended Bill of Costs, removing several admittedly impermissible costs, but still seeking

2   $5,887,977.46 (Dkts. 2942-2943).    Samsung objected again, showing that the vast majority of

3   costs still had no basis in law, and those that were theoretically recoverable did not have proper

4   evidentiary support.    (Dkt. 2971; *see also* Dkt. 2970.)    Samsung also showed that even if Apple

5   had offered adequate proof of its claim, at most only $41,031.20 should be awarded.    (Dkt. 2971-

6   03 at 1-10.)    On June 6, 2014, the Clerk taxed $2,064,940.55 in costs, rejecting the majority of

7   Apple's claimed costs as disallowed under the Local Rules.    (Dkt. 3110.)    At this time, the

8   parties have just begun briefing the merits of the verdicts on appeal.    *Apple, Inc. v. Samsung*

9   *Elecs. Co.*, No. 2014-1335 (Fed. Cir. 2014) (Samsung opening brief filed on May 23, 2014 at

10   docket #34).    Which party will ultimately be deemed the prevailing party, and what degree of

11   success each side will have, is hotly disputed and unknown.

12   ## LEGAL STANDARD

13        "Taxable costs are limited by statute and are modest in scope."    *Taniguchi v. Kan Pac.*

14   *Saipan, Ltd.*, 566 U.S. ___, 132 S. Ct. 1997, 2006 (2012).    They are only a fraction of the

15   nontaxable expenses borne by a prevailing party in a litigation.    *Id*.    Apple's taxable costs are

16   limited by Rule 54 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1920, and Civil Local

17   Rule 54.    *E.g., Taniguchi*, 132 S. Ct. at 2006; *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361,

18   1367 (Fed. Cir. 2011).    Apple bears the burden to "establish the amount of compensable costs

19   and expenses to which [it is] entitled.    Prevailing parties necessarily assume the risks inherent in

20   a failure to meet that burden."    *In re Ricoh Co.*, 661 F.3d at 1367 (quoting *English v. Colo. Dep't*

21   *of Corr.*, 248 F.3d 1002, 1013 (10th Cir. 2001)).    Only if the prevailing party satisfies its burden

22   does the party opposing costs have the burden to show why those costs should not be awarded.

23   *Id.*; *TransPerfect Global, Inc. v. MotionPoint Corp.*, No. C-10-02590 CW (DMR), 2014 WL

24   1364792, at *4-5 (N.D. Cal. Apr. 4, 2014) (court is "within its discretion to deny costs" not shown

25   to be "necessarily obtained").    Proper grounds for denying costs include whether the issues were

26   close and difficult and whether the prevailing party's recovery was complete or partial.

27   *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022-23 (9th Cir. 2003);

28   *Amarel v. Connell,* 102 F. 3d 1494, 1523 (9th Cir. 1996); *see also Postx Corp. v. Secure Data In*

*Motion, Inc.*, No. C 02-04483 SI, 2006 WL 2067080, at *1 (N.D. Cal. July 24, 2006) (denying costs in patent infringement suit because prevailing party obtained a "mixed judgment").

## ARGUMENT

**I.    THE COURT SHOULD DEFER ANY DECISION ON COSTS UNTIL AFTER THE MERITS APPEALS ARE RESOLVED**

As was the Court's initial inclination, consideration of costs should be deferred until after appeals on the merits are completed.    *Lasic v. Moreno*, No. 2:05-cv-0161-MCE, 2007 U.S. Dist. LEXIS 88608, at *2-3 (E.D. Cal. Nov. 21, 2007) ("It is within the Court's discretion to proceed or defer the taxation of costs while an appeal on the merits is pending."); *Ishida Co., Ltd. v. Taylor*, No. C-02-01617-JF, 2004 U.S. Dist. LEXIS 24480, at *3 (N.D. Cal. Nov. 29, 2004) (finding motion to review taxed costs "ripe for disposition" only after Federal Circuit appeal resolved); *Zimmerman v. Dickerson*, No. 4:05-cv-0031-DFH, 2006 U.S. Dist. LEXIS 84426, at *5-6 (S.D. Ind. Nov. 16, 2006) (finding it "prudent" to stay taxation of costs pending resolution of the appeal, "especially since the bill of costs" sought a significant amount, including for costs that were not clearly recoverable under section 1920).    Resolving numerous specific cost issues now "will be a wasteful, academic exercise" if the judgment is overturned or even modified on appeal.    *KiSKA Constr. Corp. USA v. Washington Metro. Area Transit Auth.*, No. 97–2677, 2002 WL 393082, at *1 (D.D.C. Mar. 11, 2002); *accord Lasic*, 2007 U.S. Dist. LEXIS 88608, at *2-3 ("It would be an inefficient use of judicial resources to rule on the Bill of Costs at this time, and then to later re-evaluate the issue after the appeal is completed.").    This is because reversal of a district court's judgment for the prevailing party, even if only in part, also reverses the "underlying judgment and the taxation of costs undertaken pursuant to that judgment."    *Amarel*, 102 F. 3d at 1523. Because Samsung has already appealed, it would be a "more efficient use of the judicial process" to await resolution of the merits before addressing Apple's numerous claimed costs.    *In re Eastern Erectors, Inc.*, 396 F. Supp. 797, 800 (E.D. Pa. 1975); *see also Estate of Pidcock v. Sunnyland Am., Inc.*, 726 F. Supp. 1322, 1341 (S.D. Ga. 1989) (staying taxation of costs in interests of judicial economy).

## II.   IN THE ALTERNATIVE, THE COURT SHOULD REJECT APPLE'S BID FOR COSTS AND ORDER EACH PARTY TO BEAR ITS OWN EXPENSES

In light of the mixed outcome of the case and Apple's blatant overreaching, the Court should exercise its discretion and order that each party bear its own costs.   Although a presumption exists in favor of an award of certain costs, it can be overcome if the prevailing party only succeeded in a partial recovery.   *See, e.g.*, *Champion Produce*, 342 F.3d at 1022 (affirming district court's refusal to award costs because the prevailing party's recovery was partial, as evidenced by the fact that "the damages awarded by the jury were significantly less than the amount of damages Plaintiff initially claimed was due under the contract"); *Postx Corp.*, 2006 WL 2067080, at *1-2.   Apple achieved only a partial victory, and the damages awarded were a small fraction of the $8 billion it claimed was "taken" from it (Dkt. 1997, Trial Tr. at 4123:15-17; 4219:19-25; 4220:1-3; 4225:1-4; 4242:23-25), and a billion and a half less even than its damages expert's most conservative number (Dkt. 1839, Trial Tr. at 2097:22-2098:2).

Apple put at issue in its pleadings and in discovery nearly 2,500 disputed issues of liability in connection with its affirmative case.   (Dkt. 2970, Barach Decl. ¶ 17, Sched. 1.)   At trial, it prevailed on only 107 of those.   (*Id.* at ¶ 32, Sched. 3.)   Before trial, Apple asserted eight trademarks it claimed were infringed, requiring Samsung to depose Apple employees and lawyers who had knowledge of those marks and worked on their registration applications.   (Dkt. 2970-1, Sched. 1 at 1-24.)   Apple asserted more than a dozen trade dresses were infringed, all also requiring Samsung to depose Apple employees and expert witnesses on the purported likelihood of confusion, and to defend numerous depositions on those issues.   (*See id.*)   Only after forcing such extensive discovery, Apple dropped *all* of these claims before trial.   (*See id.*; Dkt. 2970, Barach Decl. ¶ 17.)   It should not recover costs related to any of them.

Before trial, Apple also asserted four utility and three design patents it later dropped, which required Samsung to depose various inventors, prosecutors, and third-parties concerning prior art.   (Dkt. 2970-1, Sched. 1 at 25-32.)   Apple further forced Samsung to take and defend other depositions on issues that Apple did not prevail on.   For example, depositions occurred of Apple's expert Henry Urbach, whose testimony was excluded on *Daubert* grounds (Dkt. 1157 at

14-15), of Samsung's expert, Christopher Mount, who Samsung identified to respond to Mr. Urbach; and of Apple's expert Sanjay Sood, who Apple chose not to call at trial (Dkt. 1287 at 10). In connection with the depositions, both parties made thousands of copies of potential, but never-used, deposition exhibits, with copies for, at a minimum, the examining attorney, the witness, and the defending attorney.

Even after dropping dozens of claims for design and utility patent infringement, and all of its trade dress infringement claims related to phones, before trial, Apple still lost almost a third of the disputed liability issues it actually tried.   (Dkt. 2790, Barach Decl. ¶ 31-34, Sched. 3; Dkt. 1931.)   It lost on all of its design-related claims (i.e., trade dress infringement, trade dress dilution, and design patent infringement) for an entire product category—tablet computers—and prevailed only partially on its design claims against phones.   (Dkt. 1931 at 7-8, 10.)   On Apple's counterclaims, Samsung prevailed on Apple's breach of contract and antitrust claims because the jury found Samsung had not failed to license its essential patents under FRAND terms and had not monopolized any technology markets related to the UMTS standard.   (*Id*. at 19.)

Further, because Apple introduced the wrong notice date at the first trial despite Samsung's objections, a new trial was required on damages for nearly half the products found to infringe.   (Dkt. 2271 at 22-26.)   The second jury reduced Apple's award on those products by over $119 million.   (*Compare id.* at 26, *and* Dkt. 2316 at 2 (vacating original award of $410,020,294 for retrial products), *with* Dkt. 2822 at 1 (retrial award of $290,456,983 on those products).   Notwithstanding that its own failed gamble forced a second trial, Apple seeks more than $350,000 in costs for deposition, hearing, and trial transcripts, demonstratives, and copies for the retrial alone.[4]   Apple should not be awarded costs for a retrial necessitated by its own errors.

Apple also lost, or, at best, had mixed success, on two appeals to the Federal Circuit in this action.   (Dkts. 460, 2203.)   The first appeal affirmed the denial of a preliminary injunction as to

---

[4]    The total amount sought for deposition, hearing, and trial transcripts in the damages pre-trial and trial periods of May to November 2013 is $16,750.15 (Dkt. 2943-4, Amended Sched. A-1; Dkt. 2943-5, Amended Sched. A-2); copying costs requested for this period are $300,565.03 (Dkt. 2853-09, Sched. B-1); and graphics costs sought for October and November 2013 are $32,895.00 (Dkt. 2853-19, Sched. B-3): these total $350,210.18.

1    all three phones that were the subject of Apple's motion, *Apple, Inc. v. Samsung Elecs. Co.*, 678

2    F.3d 1314 (Fed. Cir. 2012), and the ensuing order on remand that temporarily enjoined sales of

3    Samsung's Galaxy Tabs was vacated after the jury found the Galaxy Tabs did not infringe Apple's

4    design patent (Dkt. 2011).    The Federal Circuit also affirmed this Court's denial of Apple's

5    request for a permanent injunction on trade dress and design patent grounds, *Apple Inc. v.*

6    *Samsung Elecs. Co.*, 735 F.3d 1352 (Fed. Cir. 2013), and, on remand, the Court denied Apple's

7    remaining requests on Apple's utility patents (Dkt. 3015).

8         Given the partial nature of Apple's success and the complexity and closeness of the issues

9    tried, the Court should reject Apple's request for costs and exercise its discretion to order instead

10   that the parties bear their own costs.    *E.g.*, *Postx Corp.*, 2006 WL 2067080, at *1-2; *Amarel*, 102

11   F.3d at 1523 ("In the event of a mixed judgment, it is within the discretion of a district court to

12   require each party to bear its own costs.").

13   **III.    APPLE'S AMENDED BILL OF COSTS SEEKS MILLIONS OF DOLLARS IN
         DISALLOWED AND UNJUSTIFIED EXPENSES**

14

15        If the Court chooses to consider Apple's various requests for costs now, it should reject the

16   vast majority of them as impermissible under Federal and Local Rules and should reduce the

     remainder through a simple formula that reflects Apple's overall degree of success.

17

18        **A.    Apple's Request For Costs For Transcripts Should Be Disallowed Or
              Reduced.**

19        Apple sought $751,214.54 in expenses for deposition, hearing, and trial transcripts.    (Dkt.

20   2942.)    The Clerk recognized Apple's overreaching and reduced the amount to $557,330.37,

21   noting that at least $193,884.17 was "outside the ambit of LR 54-3(b), (c)."    (Dkt. 3110.)    Based

22   on this reduction, it is likely the Clerk rejected Apple's attempt to recover (1) the exorbitant

23   expenses it voluntarily incurred having every deposition transcript processed on an expedited

24   basis; and (2) the costs for all of Apple's court reporter transcripts.    The Court should affirm the

25   Clerk's reduction and reject even more of Apple's costs.

26        **1.    *Apple Seeks Disallowed And Unjustified Costs For Deposition Transcripts.***

27        Apple sought $700,955.21 for the cost of deposition transcripts and videos alone:

28   $578,024.01 in general transcript, video and exhibit costs, and $122,931.20 in expedited

1  transcription fees.    (Dkt. 2943-4, Amended Sched. A-1; Dkt. 2943-19, Amended Sched. D-1; *see*

2  *also* Dkt. 2971-4, Supp. Jenkins Decl. ¶ 3, Sched. 4.)    Because Apple has no right to recover the

3  cost of transcripts unrelated to claims it prevailed on or the cost of expediting transcript

4  processing, Apple's recoverable costs for deposition transcripts should therefore be limited to

5  reflect its degree of success.    *See, e.g.*, *Amarel*, 102 F.3d at 1523-24 ("allocation of costs"

6  between successful and unsuccessful claims "is necessary" if court does not deny costs altogether

7  in a mixed judgment).    Because it prevailed on only 5% of its claims (*see, supra*, at p. 3), it

8  should be awarded no more than $28,901.20, which is 5% of $578,024.01.    *See, e.g.*, *id.*; *Jackson*

9  *v. City of Pittsburg,* No. C 09–01016 WHA, 2013 WL 3187326, *1 (N.D. Cal. Jun. 21, 2013)

10  ("[C]ourts may reduce cost awards based on partial victory[.]") (citation omitted); *E.E.O.C. v.*

11  *Colgate-Palmolive Co.*, 617 F. Supp. 843, 844 (S.D.N.Y. 1985) ("Given the fact that this was an

12  action based on numerous discrete claims . . . the costs in this action should be allocated between

13  the two parties."); *Leeds & Northrup Co. v. Doble Engineering Co.*, 41 F. Supp. 951, 952 (D.

14  Mass. 1941) (awarding two-thirds of taxable costs where the party seeking costs prevailed on

15  some issues but not others); *Simmons v. American Export Lines, Inc.*, 26 F.R.D. 111, 112

16  (S.D.N.Y. 1960) ("The Court, in its discretion, determines that since the plaintiff prevailed on one

17  cause of action and failed on two causes of action, costs should be apportioned, and that plaintiff

18  should recover as costs one-third the sum of $76.90, or $25.63.").

19              (a)       *Apple Should Not Recover Deposition Costs That Were Not*
                          *"Necessarily Incurred" And Disproportionate To The Degree Of Its*
20                        *Success.*

21        Apple may only recover deposition costs that were "necessarily incurred;" the costs of

22  depositions that were "merely useful for discovery" are not taxable.    *In re Ricoh Co.,* 661 F.3d at

23  1369 (quoting *Indep. Iron Works, Inc. v. U.S. Steel Corp*., 322 F.2d 656, 678 (9th Cir. 1963))

24  (internal quotation marks omitted).    Apple nevertheless seeks to recover its costs for all of the

25  300-plus depositions taken in this action, without even attempting to show that all depositions

26  were necessary.    *See TransPerfect Global, Inc. v. MotionPoint Corp*, 2014 WL 1364792, at *5

27  (where prevailing party "submitted *no* evidence that the depositions for which it seeks costs were

28  necessarily obtained," award of deposition costs limited to those depositions "used at trial or

1    otherwise") (emphasis in original).    Given that the testimony of only forty live and eight

2    deposition witnesses was presented at trial (*see* Dkts. 1574, 1610-1612, 1695, 1839-1843 (Trial

3    Tr. at 469-3674)), it is facially apparent that not all 300-plus depositions were necessary.[5]

4         Further, many of the depositions for which Apple seeks costs related to liability issues

5    Apple did not prevail on at trial.    As discussed above in Section II, not only did Apple inject

6    many disputed issues into the case that it later dropped or lost outright, it also took depositions in

7    connection with a preliminary injunction motion that it substantially lost from the outset and then

8    lost entirely later on, and required depositions of witnesses who did not contribute to its success at

9    trial.    Under these circumstances, Apple should not be allowed to recover costs grossly

10   disproportionate to its degree of success.    Rather than attempt to pinpoint which depositions, and

11   what percent of them, are fairly attributed to Apple's success at trial, the Court should tax costs on

12   deposition transcripts in line with the percentage of total disputed liability issues raised by the

13   parties on which Apple prevailed at trial.    *See, supra*, at p. 9.    Apple should therefore recover no

14   more than 5% of the deposition transcript costs it seeks, which is $28,901.20.

15              (b)    *Apple Should Not Recover Fees It Incurred Voluntarily Expediting
                       The Processing Of Hundreds Of Deposition Transcripts.*

16

17        Apple also seeks to have Samsung foot the bill for Apple's own choice to expedite the

18   processing of 225 deposition transcripts, which more than doubled the cost for most of them.

19   (Dkt. 2943-4, Amended Sched. A-1; *see also* Dkt. 2971-4, Supp. Jenkins Dec. ¶ 3, Sched. 4.)

20   The Local Rules allow only five discrete deposition-related expenses, and fees for expediting

21   transcripts is not one of them.    Civ. L.R. 54-3(c)(1)-(5); *see also Plantronics, Inc. v. Aliph, Inc.,*

22        [5]    Under the circumstances, even awarding costs for the depositions of just trial witnesses
23   would be highly disproportionate to the effect of that testimony to Apple' actual success.    Many
     trial witnesses' testimony related to multiple claims, such as Samsung designer Jin Soo Kim,
24   Apple designer Christopher Stringer, Apple design expert Peter Bressler, Samsung design expert
     Itay Sherman, the parties' damages experts, Michael Wagner, Terry Musika, Samsung executives
25   Justin Denison and Tim Sheppard, Apple executive Phil Schiller, and Apple's experts Hal Poret
     and Kent Van Liere.    All of these witnesses testified about phones (as to which Apple dropped or
26   lost most of its claims and prevailed only on some at trial) and about tablets (as to which Apple
     lost all design patent and trade dress claims).    (Dkt. 1841 at 2878:21-2833:25, Dkt. 1547 at
27   469:15-537:17, Dkt. 1611 at 1002:22-1235:15, Dkt. 1840 at 2573:5-2636:3, Dkt. 1842 at 3018:4-
     3075:11, Dkt. 1839 at 2031:15-2172:6, Dkt. 1611 at 946:12-1001:6, Dkt. 1612; 1695 at 1577:17-
28   1688:15, Dkt. 1695 at 1690:9-1721:17; Dkt. 1931.)

No. C 09-01714 WHA LB, 2012 WL 6761576, at *6 (N.D. Cal. Oct. 23, 2012) ("[T]his court finds persuasive this district's decisions holding that the costs of expedited delivery are not recoverable generally."); *City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund*, No. C 08-4575 SI, 2012 WL 177566, at *3 (N.D. Cal. Jan. 23, 2012) (finding costs of expedited deposition transcripts not permitted under Civil Local Rule 54-3(c)(1)).   Apple's request for $122,931.20 in costs for "expedited transcript[s]" should therefore be barred entirely.

### 2. *Apple Seeks Disallowed Costs For Hearing And Trial Transcripts.*

Apple seeks $50,259.33 for numerous hearing and trial transcripts, including fees for expedited delivery and additional copies.   (Dkt. 2943-5, Amended Sched. A-2; Dkt. 2943-8, Amended Ex. A-2.)   All of the claimed costs are impermissible.

Local Rule 54-3(b) limits recovery of hearing transcripts to two narrow categories: "(1) The cost of transcripts necessarily obtained for an appeal," and "(2) The cost of a transcript of a statement by a Judge from the bench which is to be reduced to a formal order prepared by counsel."   The Rule is clear that "[t]he cost of other transcripts is not normally allowable unless, *before it is incurred*, it is approved by a Judge or stipulated to be recoverable by counsel."   *Id.* (emphasis added).   Apple suggests that it is entitled to these costs because the case was "so contentiously litigated."   (Dkt. 2853, Krevans Decl. ¶ 13 (quoting *Affymetrix, Inc. v. Multilyte Ltd.*, No. C 03-03779 WHA, 2005 U.S. Dist. LEXIS 41177, at *5-6 (N.D. Cal. Aug. 26, 2005).)   But the Rules do not recognize the contentiousness of the case as an independent ground for recovery.   Because Apple's reporter transcript requests (Dkt. 2853, Krevans Decl. ¶¶13-15; Dkt. 2943-3, Supp. Krevans Decl ¶¶ 8-10) fail to satisfy the Rule's specific requirements, they should be denied in full.   *See TransPerfect Global,* 2014 WL 1364792, at *4 (denying costs of pretrial hearing transcripts where the prevailing party had not obtained prior court approval or stipulation, as required by Local Rule 54-3(b)(3)).

Even if the basic court transcript costs were permissible, Apple's costs to expedite and receive extra copies of them are not.   (*See, e.g.*, Dkt. 2943-8, Amended Ex. A-2 at 3-4, 6-7.)   Such costly additions, "incurred for counsel's convenience, and not for purposes of appeal," are not taxable.   *TransPerfect Global*, 2014 WL 1364792, at *4 (denying costs of expedited trial

transcripts and multiple copies of transcripts).    Apple's failure to show these costs were

necessary further prevents it from recovering them.    *See id.*; *In re Ricoh Co.*, 661 F.3d at 1367

(where a prevailing party fails to meet its burden of showing costs are taxable, the costs cannot be

taxed).

**B.    Apple's Request For Costs For Copies, Product Purchases, Graphics, Electronic Discovery, and Secure Review Should Be Disallowed.**

The Local Rules provide several small carve outs for "Reproduction and Exemplification"

expenses related to preparing trial exhibits and reproducing documents for formal discovery (Civ.

L.R. 54-3(d)), yet Apple seeks to recover $4,854,262.92 for a wide range of prohibited expenses

including making millions of copies of documents and filings for its own convenience, purchasing

hundreds of devices never used at trial, commissioning graphics designers for over a year before

trial, e-discovery, and renting a secure room on its own accord for prototype review.    The Clerk

recognized Apple's vast overreaching and reduced the amount to $1,507,610.18, noting that at

least $3,346,652.74 was "outside the ambit of LR 54-3(d)."    (Dkt. 3110.)    The Court should

affirm the Clerk's reduction and reject even more of Apple's costs.

**1.    *Apple Seeks Disallowed Costs For Making Millions Of Copies.***

The Court should deny Apple's request for $1,562,110.98 in costs for paper copies (Dkt.

2853-9, Sched. B-1; Dkt. 2854-13, Sched. E-1) because Apple's Amended Bill of Costs and

supporting materials fail to demonstrate that the claimed copying costs are authorized in the

narrow categories of Local Rule 54-3(d).    *See* Civ. L.R. 54-3(d) (taxable copying costs limited to

the costs for copies of "government records," "disclosure or formal discovery documents" or

"reproducing trial exhibits . . . to the extent that a Judge requires copies to be provided.").    While

Apple's supporting declarations assert that it seeks to recover costs for "reproducing documents

for purposes of disclosure or formal discovery processes (*e.g.*, exhibits for depositions)" (Dkt.

2853, Krevans Decl. ¶ 18; Dkt. 2854, Selwyn Decl. ¶ 17), the invoices submitted by Apple fail to

support this claim—and, in many instances, directly contradict it.

First, the vast majority of Apple's invoices provide only generic descriptions of the

claimed costs, referring only to "blowbacks" or "litigation copying" without any additional

1   information regarding the purpose of the copies.   (*See generally* Dkts. 2853-10 to 2853-14, Ex.

2   B-1 (Pts 1-5).)   The Federal Circuit, applying Ninth Circuit law and this Court's Rules, has held

3   that invoices generically describing copies as "Medium Handling Litigation Copies" or

4   "Document production" leave courts "unable . . . to determine what documents were being

5   reproduced and to which side the copies were ultimately provided," and thus are "not specific

6   enough to permit the taxation of those costs."   *In re Ricoh Co.*, 661 F.3d at 1368.

7         Second, Apple's Amended Bill of Costs and supporting documentation provide no

8   evidence that any copies were ever supplied to Samsung or its counsel.   *See In re Ricoh Co.*, 661

9   F.3d at 1368 ("[T]o recover copying costs related to its own document production . . . the

10   prevailing party must establish . . . that the copies were tendered to the opposing party.").

11   Virtually all of Apple's invoices list Apple's counsel, not Samsung's, as the recipient of the

12   copies—and Apple does not claim that any of the copies described in these invoices were then

13   produced to Samsung.   *See also id.* (prevailing party's invoices indicating that copies were

14   shipped to its own counsel "rais[ed] the question whether those documents were tendered to

15   [opposing] counsel").

16         Finally, the minority of invoices that Apple submitted that contain any description of the

17   purpose of the copies expose the costs as clearly *not* taxable under the Local Rules.   For example,

18   more than a dozen invoices show the cost of "blowback printing" a combined half million pages

19   of materials to use in preparing Apple's *own* witnesses for deposition.   (Dkt 2853-10, Ex. B-1

20   (Pt. 1) at 84-88; Dkt 2853-11, Ex. B-1 (Pt. 2) at 3-5, 70-75.)   Apple also claims nearly $20,000 in

21   copying costs incurred before either party served a document request—including costs incurred

22   within days of Apple's original complaint.   (*Compare* Dkt. 2853-9, Sched. B-1 at 1, *with* Dkt.

23   205 at 3, *and* Dkt. 205-2 (Samsung's first set of requests for production, dated July 6, 2011).)

24   And in direct violation of Local Rule 54-3(d), which states that "[t]he cost of reproducing copies

25   of motions, pleadings, notices, and other routine case papers is not allowable," Apple submitted

26   invoices clearly reflecting the cost of preparing copies of motions, briefs, and "other routine case

27   papers."   (*See, e.g.,* Dkt. 2853-10, Ex. B-1 (Pt. 1) at 43 (four copies of "Briefing and Decls

28   Binders"); Dkt. 2853-12, Ex. B-1 (Pt. 3) at 58 (multiple copies of "highlighted docs," and "sealed"

1   papers); Dkt. 2853-13, Ex. B-1 (Pt. 4) at 75 (printing over 17,000 pages for "Claim Construction

2   Briefing and Damages Binders").)[6]   Apple submitted no evidence that the vast majority of

3   invoices lacking descriptions altogether were not for the same types of disallowed costs.   None of

4   Apple's submissions comes close to proving that its copying costs fit in the narrow categories

5   provided in the Local Rules.

6   **2.   *Apple Seeks Disallowed Costs For Purchasing Hundreds Of Devices.***

7        Apple's request for $123,379.74 for the purchase price of numerous phone and tablet

8   devices should be denied.   (Dkt. 2853-15, Sched. B-2.)   Neither Federal Rule 54(d) nor Local

9   Rule 54 provides for such costs.   Even if they did, Apple's submission is improper on its face,

10  bearing no resemblance to what was necessary for trial.   For example, Apple seeks to recoup the

11  cost of numerous copies of the same device.   (*See, e.g.*, Dkt. 2853-15, Sched. B-2 (listing **twelve**

12  Samsung Galaxy Tab 10.1s; **nine** Samsung Infuse 4Gs; **eleven** Galaxy S Vibrants; **six** Galaxy

13  Nexus GTs, etc.)   Apple even seeks to make Samsung pay for dozens of Apple devices it could

14  have supplied rather than having its counsel buy them at the Apple store or Amazon.com.   (*Id.*

15  (including **nine** iPhone 3G/3GSs; **ten** iPhone 4/4Ss; **seven** iPad 1s; **six** iPad 2s).)   Apple also

16  includes numerous Samsung and third party devices that were never trial exhibits, identifying

17  most of them as for "inspection," "expert report[s]," and "declaration exhibit[s]" (*id.*), but which

18  are not recoverable categories.   Apple even listed devices that Samsung was precluded from

19  accusing or using at trial because *Apple* opposed them.   (*Id.* (listing two iPhone 4Ss and two LG

20  Chocolate phones; *see* Dkt. 836 at 10-12; Dkt. 1267 at 3.)   Apple also listed Samsung devices it

21  never accused in this case (*e.g., id.*, (listing two Samsung Galaxy SIIIs)), or that it dropped before

22  trial (*id.*; Dkt. 1189 at 2-3; Dkt. 1825-1).   This category of costs should be excluded out of hand.

23  Nevertheless, if the Court were to find any costs of purchasing devices to be properly taxable, the

24  award should exclude costs related to purchases of Apple products, multiple purchases of the same

25    [6]   Apple's reliance on *Weco Supply Co. v. Sherwin-Williams Co*, No. 1:10-CV-00171 AWI,
26  2013 U.S. Dist. LEXIS 1572, at *14-15 (E.D. Cal. Jan. 3, 2013) (cited at Dkt. 2853, Krevans Decl.
   ¶ 18; Dkt. 2854, Selwyn Decl. ¶ 17) to justify including copies for the convenience of counsel is
27  misplaced.   That decision applied the local rules for the Eastern District of California, which do
   not specifically limit recovery on the cost of most copies like the Local Rules for the Northern
28  District of California.

1    Samsung product, claims that Apple lost or dropped, and devices never used as exhibits.

2    According to Apple's own records, the cost of one unit of each accused Samsung device, along

3    with the two third-party devices listed by Apple and admitted into evidence, is $12,515.95, not

4    $123,379.74.    (Dkt. 2853-15, Sched. B-2 (listing the price for each accused Samsung device

5    designated as a trial exhibit, the Casio G'zOne Commando, and the Sony Tablet S); Dkt. 1889

6    (Admitted Exhibit List); (Dkt. 1890 at 16 (Verdict Form listing accused Samsung devices).)

**3.**    ***Apple Seeks Disallowed Costs For Developing Graphics And Demonstratives.***

7

8           Apple's request for $1,582,387.02 in expenses for graphics and demonstratives should be

9    denied because Apple fails to prove they are recoverable under the Local Rules.    (*See* Dkt. 2943-

10   3, Supp. Krevans Decl. ¶¶ 11-13; Dkt. 2943-6, Amended Sched. B-3; Dkt. 2854, Selwyn Decl.

11   ¶¶ 20-24; Dkt. 2854-15, Sched. E-2.)    Local Rule 54-3(d)(5) provides that "[t]he cost of

12   preparing charts, diagrams videotapes and other visual aids to be used as exhibits is allowable if

13   such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues ***at***

14   ***the trial***."   *Id.* (emphasis added).    Apple does not even attempt to make that showing nor argue

15   that all of the costs that it seeks for trial graphics and demonstratives satisfy this basic rule.

16   Apple's request for costs for "trial graphics and demonstratives" includes costs for graphics

17   created throughout the entire case, not just at trial.    (*E.g.*, Dkt. 2943-6, Amended Sched. B-3.)

18   For example, the dates of Apple's graphics invoices begin in June of 2011, more than a year

19   before the first trial.    (*See id.* at 1.)    Graphics or demonstratives that Apple prepared for client

20   presentations, mock trials, focus groups, the preliminary injunction, the motion to dismiss, expert

21   reports, or that it otherwise did not use at trial, are not taxable.    (Dkt. 2853-20, Ex. B-3 (Pt. 1) at

22   16, 48, 50, 51; Dkt 2854-16, Ex. E-2 (Pt. 1) at 15.)    Nor are graphics that Samsung objected to

23   and the Court excluded.    (*E.g.*, Dkt. 1455 (regarding slides 19, 33-36, 58, 85); Dkt. 2696

24   (regarding slides 33-35).)    Apple even seeks the cost of over 100 days of product photo shoots.

25   (Dkt. 2853-20, Ex. B-3 (Pt. 1) at 1-68.)    Because Apple's submissions make it impossible to tell

26   which graphics costs even arguably satisfy the Local Rules, all of its requested costs should be

27   denied.    *See In re Ricoh Co.*, 661 F.3d at 1368.

28

-15-                                      Case No. 11-cv-01846-LHK

1    Apple's invoices do not support its cause, only showing further that Apple is requesting

2    non-recoverable costs.    For example, Apple is not entitled to any costs for consultants or in-court

3    technical assistance.    *See Computer Cache Coherency Corp. v. Intel Corp.*, No. C-05-01766

4    RMW, 2009 WL 5114002, at *2 (N.D. Cal. 2009) (only costs for physical preparation of

5    demonstratives are recoverable); *American Color Graphics, Inc. v. Travelers Property Cas. Ins.*

6    *Co.*, No. C 04-3518 SBA, 2007 WL 832935, at *3 (N.D. Cal. 2007) (costs for video technician at

7    trial were not allowable).    Yet the descriptions of service charges reflect that Apple included the

8    unrecoverable costs of consulting and strategic communications in addition to the potentially

9    recoverable labor costs of actually creating graphics.    For example, Apple requests that the Court

10   award thousands of dollars in costs for invoice entries that are described as "Services: Graphics

11   Consulting: Concepting."    (Dkt. 2853-20, Ex. B-3 (Pt. 1) at 43.)    Such descriptions expressly

12   reference "graphics consulting," which is not recoverable.

13       In addition, Apple requested that the Court tax costs for "Cornerstone project-animation

14   and graphics design," "Videoshoot prep for NERA survey" and "Graphics production, standby,"

15   among other similar descriptions.    (*Id.* at 27-29.)    Apple fails to show whether any of these

16   charges resulted in graphics that were presented to the Court or jury at trial—and, if so, whether

17   the costs relate to recoverable graphics or unrecoverable "standby," or waiting time.    Apple's

18   inclusion of the invoice for "[v]ideoshoot prep for NERA survey" (*id.*) indicates that Apple

19   included graphics and videos that were prepared as part of its expert reports in its bill of costs

20   because one of Apple's survey experts, Kent Van Liere, worked for NERA.    (Dkt. 1695, Trial Tr.

21   1690:5-7.)    However, costs for expert reports are not provided for under 28 U.S.C. § 1920,

22   Federal Rule of Civil Procedure 54, or the Local Rules.

23       Further, Apple should not be permitted to recover any costs in connection with the

24   damages retrial.    *See Amarel*, 102 F.3d at 1523 (affirming the Court's discretion to limit costs

25   when there is a mixed judgment).    Apple would not have needed to incur any of these charges if

26   it had not presented erroneous notice dates to the first jury.    (Dkt. 2271 at 18.)

27       Overall, as with Apple's other "exemplification" costs, Apple's failures in proof make it

28   impossible to determine which of its requested costs satisfy the Local Rule of being the cost of

1   (i) preparing demonstratives exhibits that (ii) are reasonably necessary to assist the jury or the

2   Court (iii) in understanding the issues at trial.   Civ. L.R. 54-3(d)(5).   Because Apple has not met

3   its burden of "establish[ing] the amount of compensable costs and expenses to which it is

4   entitled," it should not be awarded any of the $1,582,387.02 in graphics costs it seeks.   *City of*

5   *Alameda,* 2012 WL 177566, at *1; *In re Ricoh Co.*, 661 F.3d at 1367.   If, however, the Court

6   were to find any costs of graphics creation to be properly taxable, they should be apportioned

7   consistent with Apple's overall success rate of 5%.

8                          **4.   *Apple Seeks Disallowed Costs Related To Electronic Discovery.***

9             Apple's request for $1,486,475.01 in costs for electronic discovery should be denied

10   because Apple does not demonstrate that any of its electronic discovery costs are taxable, and if

11   so, which ones.   "Not all costs attributable to producing discovery are recoverable."

12   *Plantronics*, 2012 WL 6761576, at *10.   Parties can only recover costs for documents that were

13   produced to the opposing party as part of formal discovery.   *In re Ricoh Co.*, 661 F.3d at 1367-

14   69.   Neither costs for processing documents received from the opposing party nor costs that

15   relate to the "intellectual effort" involved in document production are recoverable.   *Id.* at 1365;

16   *see also Oracle Am., Inc. v. Google Inc.,* No. C 10-03561 WHA, 2012 U.S. Dist. LEXIS 125237,

17   at *11 (N.D. Cal. Sept. 4, 2012) (citing *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996)).

18   "Copies made solely for counsel's convenience or the litigant's own use are not recoverable

19   because they are not 'necessarily' obtained for use in the case."   *See, e.g.*, *Plantronics*, 2012 WL

20   6761576, at *10 (citations omitted); *Computer Cache Coherency Corp.*, 2009 WL 5114002, at *4.

21             Apple does not properly detail its electronic discovery expenses to establish that they

22   should be taxed.   Apple's invoices do not show whether the costs were for processing documents

23   from Apple to be produced to Samsung, which are at least conceptually recoverable, or whether

24   they included the uploading and processing of Samsung's documents, which are not taxable.[7]

25   For instance, Apple seeks to recover costs for uploading documents to at least three different

26   ───────────────
         [7]   Apple includes costs for electronic discovery in two different schedules attached to the same
27   declaration, both of which it refers to as costs for "Uploading" without providing any explanation
     of why these costs are described and claimed in different sections.   (Dkt. 2853, Krevans Decl.
28   ¶¶ 31-43, Scheds. B-4 and B-5.)

                                          -17-                      Case No. 11-cv-01846-LHK

1   databases or websites, one titled "Samsung site," one titled "Samsung_Productions site" and one

2   titled "Samsung-Offensive site."   (*See, e.g.*, Dkt. 2943-9, Amended Ex. B-5 (Pt. 1) at 4, 23, 27.)

3   Apple does not explain why it is requesting costs for the uploading of documents to different

4   locations or justify the reasonableness of doing so.   Costs for uploading documents to a database

5   for "faster filtering, searching, and review" should not be taxed.   *See CBT Flint Partners, LLC v.*

6   *Return Path, Inc.*, 737 F.3d 1320, 1330 (Fed. Cir. 2013).   At least one of Apple's invoices

7   suggests that Apple is seeking to recover costs related to documents that were produced by

8   Samsung.   That invoice, dated February 7, 2012, references the upload of "SAMNDCA"

9   documents—the Bates prefix used by Samsung, not Apple, in this case.   (Dkt. 2943-15,

10  Amended Ex. B-5 (Pt. 7) at 17-18.)   The majority of Apple's invoice entries do not specify

11  whether they relate to Apple or Samsung Bates prefixes, making it impossible for Samsung to

12  know how many other costs that Apple is seeking are related to the upload of Samsung's

13  documents.

14      Apple's invoices also reflect entries for unexplained "Technical Time (per hour)" (*see,*

15  *e.g.*, Dkt. 2853-23, Ex. B-4 at 28, 38); "DB Management," "File Sorting for print, Hunt time for

16  'Missing Docs'" (*id.* at 14); "Duplicated" CDs and DVDs (*id.* at 3, 7, 8, 15, 25, 26, 27, 29, 30, 31,

17  33-35, 36, 37, 57, 58-60, 70); "Database Creation" (*id.* at 12, 13); and "Coordinating Files for

18  OCR" (*id.* at 61).   On their face, none of these entries are taxable because they are not directly

19  related to Apple's document production, but are related instead to the "intellectual effort" involved

20  in the production of documents; thus, they cannot be taxed.   *Romero v. City of Pomona*, 883 F.2d

21  1418, 1427-28 (9th Cir. 1989), *overruled on other grounds*, *Townsend v. Holman Consulting*

22  *Corp.*, 929 F.2d 1358, 1363 (9th Cir. 1990).   Additionally, Apple's Amended Bill of Costs

23  includes charges that appear to be for fixing mistakes committed by Apple's vendor.   For

24  instance, Apple includes charges for "Load Corrected txt" and "2nd Try" for the production of

25  certain pages.   (Dkt. 2943-9, Amended Ex. B-5 (Pt. 1) at 23; Dkt. 2943-11, Amended Ex. B-5

26  (Pt. 3) at 43.)   Samsung should not have to pay for what appear to be Apple's vendors' own

27  mistakes.

28

Apple also seeks costs for "minimum" charges it apparently agreed to pay its vendor.    For instance, regardless of the size of upload to a database, Apple was charged a "minimum" fee per upload.    (*See, e.g.*, Dkt. 2943-9, Amended Ex. B-5 (Pt. 1) at 2-4.)    The minimum was not be met by aggregating uploads throughout the same day, so on certain days Apple is seeking to recover a "minimum" charge for four separate uploads.    (*See id.* at 9-10.)    Determining whether to supply its vendor with four different small uploads, or one larger upload, was solely within Apple's discretion, and Samsung should not have to reimburse Apple for any of these "minimum" charges. Apple also seeks recovery for "minimums" related to the production of documents.    (*See, e.g.*, *id.* at 15-16.)    It should not be permitted to recover these "minimum" charges either.

Finally, Apple seeks to recover thousands of dollars in fees for "rush" jobs related to document uploads and production that Apple should not be able to recover.    (Dkt. 2943-9, Amended Ex. B-5 (Pt. 1) at 23-24, 27; Dkt. 2943-11, Amended Ex. B-5 (Pt. 3) at 2-5, 20-22, 41; Dkt. 2943-12, Amended Ex. B-5 (Pt. 4) at 2-10; Dkt. 2943-14, Amended Ex. B-5 (Pt. 6) at 4-7; Dkt. 2943-15, Amended Ex. B-5 (Pt. 7) at 2-20; Dkt. 2943-16, Amended Ex. B-5 (Pt. 8) at 2-6, 30-42; Dkt. 2943-17, Amended Ex. B-5 (Pt. 9) at 2-3.)    Apple requested, and was granted, an expedited schedule for both discovery and trial in this matter.    (Dkts. 83, 187.)    As the party who initiated this action, Apple could anticipate which of its documents might be relevant and could have prepared for document production in advance.    But Apple seeks to recover costs for "rush" job invoices starting in September of 2011 (Dkt. 2943-9, Amended Ex. B-5 (Pt. 1) at 23) and going through June of 2012, three full months after the close of fact discovery (*e.g.*, Dkt. 2943-25, Amended Ex. E-3 (Pt. 4) at 25).    Costs related to Apple's delay in document production and "rush" jobs are not reasonable costs that should be shifted to Samsung.

Because Apple has not met its burden of "establish[ing] the amount of compensable costs and expenses to which it is entitled," it should not be awarded any of the electronic discovery costs it seeks.    *City of Alameda,* 2012 WL 177566, at *1; *In re Ricoh Co.,* 661 F.3d at 1367.    If it is, however, the costs of electronic discovery should be apportioned consistent with Apple's overall success rate of 5%.

**5.**    *Apple Seeks Disallowed Costs For A Secure Review Room.*

Apple's request for $99,910.17 for a "secure room," purportedly for review of device prototypes, should be denied.    (Dkt. 2853, Krevans Decl. ¶¶ 40-43; Dkt. 2853-26, Sched. B-6.) Apple has no basis to attest these costs "were necessarily incurred, and are allowable by law." Civ. L.R. 54-1.    Indeed, the vast majority of the expense—over $72,000—was not for any prototype inspection at all as Apple claims, but instead for Apple's share of a secure CAD file review, for which Magistrate Judge Grewal ordered the parties to split the cost.    (*See* Dkt. 2853-27, Ex. B-6 (invoices list only $27,325.00 as related to "Hardware Review" (*id.* at 4, 6, 8) with the remainder related either to "Apple CAD Review" or CAD file set up occurring months before the hardware inventory was accepted in February 2012); Dkt. 233 (ordering that "[t]he cost of the vendor shall be split between the parties" for CAD file review).)    In addition to misrepresenting the invoices in its sworn affidavit, Apple has no basis to avoid that court-ordered cost.

The remaining hardware review expenses are also unrecoverable because they were not necessary—Apple could have achieved the same goal without incurring any cost whatsoever. Both Apple and Samsung made their Highly Confidential Source Code available in secure rooms at the offices of their counsel.    (Dkt. 2932, Jenkins Decl. ¶ 6.)    Samsung provided a secure space at its counsel's offices for Apple to inspect Highly Confidential prototypes and model products at no charge.    (*Id.*)    Even if required, Apple cites no authority allowing costs for renting space at a third-party location for the review of prototypes, particularly when the party has its own extensive facilities in the District.    The Court should reject the $99,910.17 that Apple has requested for renting a secure room.

**C.**    **Apple's Request For Costs For Interpreters Should Be Disallowed Or Reduced.**

Apple's Amended Bill of Costs seeks $282,500 in interpretation costs: $39,900 for interpreters used at trial and $242,600 for interpreters at depositions.    (Dkt. 2853-28, Sched. C; Dkt. 2943-21, Amended Sched. F.)    Given that Apple had agreed to split the cost of translation at trial and failed to provide proof of which, if any, of the 125 foreign depositions were actually

1   necessary for it to prevail on any claims, the Clerk correctly rejected Apple's entire request.

2   (Dkt. 3110.)

3       For interpreters at trial, Apple claims the costs for both the main interpreter and Apple's

4   own "check interpreter."   (Dkt. 2853-28, Sched. C.)   As Apple acknowledged though, the

5   parties had agreed to split the cost of the main interpreter for trial.   (*Id*; Dkt. 2853-29, Ex. C at

6   36.)   Where parties agree to share costs in litigation, the prevailing party cannot then recover its

7   portion of the split fee as part of its bill of costs.   *In re Ricoh Co.*, 661 F.3d at 1366 (overruling

8   district court's award of costs to a prevailing party when both parties had agreed to split certain

9   costs).   Apple also should not recover the $28,000 that it claims for its "check interpreter."   (*See*

10  Dkt. 2853-28, Sched. C; Dkt. 2853-29, Ex. C at 30.)   Obtaining a second interpreter to check the

11  translations of the agreed-upon main interpreter is purely discretionary.   Therefore, the costs for

12  doing so are not "necessarily incurred" as is required by the Local Rules.   Civ. L.R. 54-1(a).

13      Apple's request for its entire cost of interpreters at more than 125 depositions is also

14  unfounded.   (Dkt. 2853, Krevans Decl. ¶ 46; Dkt. 2854, Selwyn Decl. ¶ 33.)   Many of these

15  depositions were short and duplicative of depositions Apple first took in related ITC actions.

16  Apple also seeks costs for interpreters at depositions for witnesses who were completely unrelated

17  to any issue on which Apple prevailed at trial and witnesses whose testimony was not even used at

18  trial, including $120,350 in costs for deponents who were not even designated on either party's list

19  of ninety five potential live and deposition trial witnesses.[8]   As discussed above, *see, supra*, at

20  pp. 3, 8-9, Apple should be allowed to recover, at most, costs for interpreters at depositions of

21  witnesses who contributed to its success at trial.   Instead of attempting to estimate what

22  percentage of each witness's deposition testimony related to a disputed issue on which Apple

23  prevailed, any taxed costs for translators should be in line with Apple's 5% overall success rate.

24      [8]   *See* Dkt. 2853-29, Ex. C at 1, 4, 6-8, 11-12, 15-16, 18, 21-22, 27-29, 32, 34-35, *and* Dkt.

25  2943-21, Amended Sched. F at 1-3 (including costs for Ahyoung Kim, Bo-Ra Kim, Doo Ju Byun, Jong Dae Park, Kyu Hyuk Lee, Sang Ho Won, Seung Hun Yoo, Gi-Young Lee, Ji-Yeon Kim, Bong Do Kim, Sang Chun Park, Seung Hwan, Min Suk Kim, Yunjung Lee, Young Soon Lee,

26  Hangil Song, Don-Joo Lee, Min Kyung Kim, Hye-Jung Lee, Hyun-Ku Woo, Min Suk Kim, Min Goo Kim, Se Hyoung Kim, Hee Won Kong, Jin-Kuy Choi, Hun Kee Kim, Jae-Seung Yoon,

27  Yong-Suk Moon, Noh-Sun Kim, Soon-Jae Choi, Jun Sung Lee, Ju-Won Lee, Gi Sang Lee); *see also* Dkt. 1278 at 1-17 (Samsung Witness List); Dkt. 1287 (Apple Witness List).

28

1  Therefore, the maximum amount that should be taxed for interpreters is $12,130.00, which is 5%

2  of Apple's costs for deposition interpreters and excludes Apple's claims for trial interpreters.

3  **IV.    SUMMARY OF SAMSUNG'S OBJECTIONS TO APPLE'S BILL OF COSTS**

4         If the Court taxes costs for Apple now, the chart below summarizes Samsung's objections

5  to Apple's Amended Bill of Costs and the maximum amount that should be taxed.

| Category Of Costs | Amount Apple Seeks In Its Amended Bill | Amount Samsung Objects To | Summary Of Samsung's Objections | Maximum Taxable Amount |
|---|---|---|---|---|
| **Fees for printed or electronically recorded transcripts** | | | | |
| Deposition Transcripts and Videos | $578,024.01 | $549,122.81 | Depositions that are merely for discovery are not taxable; Any recoverable costs should be apportioned to be in line with Apple's 5% success rate in the case.   *See* Section III(A)(1). | $28,901.20 |
| Expedited Costs for Deposition Transcripts | $122,931.20 | $122,931.20 | Costs for expediting processing of transcripts are not taxable.   *See* Section III(A)(1). | $0.00 |
| Trial and Hearing Transcripts | $50,259.33 | $50,259.33 | Costs for hearing transcripts not necessarily obtained for appeal or with prior approval are not taxable; Costs of transcripts relating to the damages retrial should not be awarded; Any recoverable costs should be apportioned to be in line with Apple's success in the case; Expediting costs and costs for additional copies of transcripts are not taxable, Apple does not provide enough detail to tax costs for trial and hearing transcripts. *See* Section III(A)(2). | $0.00 |
| **Fees for exemplification and the costs of making copies** | | | | |
| Making Copies | $1,562,110.98 | $1,562,110.98 | Apple's Amended Bill of Costs includes copying costs that are not allowed by law or the Local Rules; Apple does not provide enough detail to tax costs for making copies; Costs of copies relating to the damages retrial should not be | $0.00 |

| Category Of Costs | Amount Apple Seeks In Its Amended Bill | Amount Samsung Objects To | Summary Of Samsung's Objections | Maximum Taxable Amount |
|---|---|---|---|---|
| | | | awarded; Any recoverable costs should be apportioned to be in line with Apple's success in the case. *See* Section III(B)(1). | |
| Purchasing Devices | $123,379.74 | $123,379.74 | Costs for purchasing devices are not recoverable; Apple included numerous devices that were never used at trial; Apple did not take reasonable steps to reduce its costs; Any recoverable costs should be limited to a single unit of each Samsung or third party device Apple put into evidence on a successful claim ($12,515.95). *See* Section III(B)(2). | $0.00 |
| Graphics and Demonstra-tives | $1,582,387.02 | $1,582,387.02 | Apple does not provide enough detail to tax costs for graphics or demonstratives; Non-trial graphics are not taxable; Consulting costs are not taxable; Costs of demonstratives relating to the damages retrial should not be awarded; Any recoverable costs should be apportioned to be in line with Apple's success in the case. *See* Section III(B)(3). | $0.00 |
| Electronic Discovery | $1,486,475.01 | $1,486,475.01 | Apple does not provide enough detail to tax costs for electronic discovery; Apple's Amended Bill of Costs includes costs that are not allowed by law or the Local Rules; Any recoverable costs should be apportioned to be in line with Apple's success in the case. *See* Section III(B)(4). | $0.00 |
| Secure Room | $99,910.17 | $99,910.17 | Costs for a secure room are not taxable; Magistrate Judge Grewal already ordered Apple to pay most of the claimed amount; Any recoverable costs should be apportioned to be in line with Apple's success in the case. *See* Section III(B)(5). | $0.00 |

| Category Of Costs | Amount Apple Seeks In Its Amended Bill | Amount Samsung Objects To | Summary Of Samsung's Objections | Maximum Taxable Amount |
|---|---|---|---|---|
| Costs for Interpreters | | | | |
| Trial Interpreters | $39,900 | $39,900 | The parties' agreement to split the cost of trial interpreters bars taxing Apple's portion of that cost; The cost of Apple's "check interpreter" at trial is not recoverable.  *See* Section III(C). | $0 |
| Deposition Interpreters | $242,600 | $230,470 | Costs for interpreters at depositions for witnesses who were unrelated to any issue on which Apple prevailed at trial, including witnesses not even on a party's trial witness list, are not recoverable; Given Apple's failure to include only those costs necessary to the issues on which it prevailed, if awarded, the costs should be apportioned to be in line with Apple's 5% success rate. *See* Section III(C). | $12,130.00 |
| **Total** | **$5,887,977.46** | **$5,846,946.26** | | **$41,031.20** |

## CONCLUSION

For the reasons set forth above and in the interests of judicial economy, the Court should stay review of the Clerk's Taxation of Costs and postpone resolving the issue of costs until after the merits appeal process is complete, including any further litigation that may occur as a result. Alternatively, the Court should order that each party bears its own costs.    If the Court taxes costs for Apple now, the maximum amount that should be allowed is $41,031.20.

1 | DATED:June 20, 2014

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

2

3

By   /s/ Victoria F. Maroulis
Charles K. Verhoeven

4

Kathleen M. Sullivan
Kevin P.B. Johnson

5

Victoria F. Maroulis
Michael T. Zeller

6

7

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC., and SAMSUNG

8

TELECOMMUNICATIONS AMERICA, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28