HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S NOTICE OF MOTION AND MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS**<br><br>Date:      August 14, 2014<br>Time:      1:30 p.m.<br>Place:      Courtroom 8, 4th Floor<br>Judge:      Hon. Lucy H. Koh |

1

## NOTICE OF MOTION

2        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE that on August 14, 2014, at 1:30 p.m., or as soon thereafter as

4    the matter may be heard by the Honorable Lucy H. Koh in Courtroom 8, United States District

5    Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st

6    Street, San Jose, CA 95113, Plaintiff Apple Inc. ("Apple") shall and hereby does move the Court,

7    pursuant to Civil Local Rule 54-5 and the parties' stipulation and Court's order (Dkt. 2896), for

8    review of the Clerk's Taxation of Costs (Dkt. 3110).  Per the parties' stipulation and Court's

9    order (Dkt. 2896), motions to review the Clerk's award are due on June 20, 2014.  Samsung

10   emailed Ms. Martha Parker Brown on June 19, stating its intent to file a motion and requesting an

11   August 14 hearing date.  On June 20, Apple emailed Ms. Parker Brown indicating that it too

12   intended to file a motion and requesting the same August 14 date and time.  In light of the June 20

13   filing deadline and the parties' requested hearing date, Apple noticed the hearing for this motion

14   for August 14, although Apple has not yet received approval from Ms. Parker Brown.

15       Apple's motion is based on this Notice, the Memorandum of Points and Authorities

16   below, Apple's Bill of Costs and Amended Bill of Costs and accompanying declarations and

17   schedules (Dkts. 2852-2855; Dkts. 2942-2943), and such other written or oral argument as was

18   and may be presented at or before the time this motion is taken under submission by the Court.

19

## RELIEF REQUESTED

20       Apple respectfully requests that the Court review the Clerk's taxation of costs and order

21   that Apple recover the full amount of its requested costs:  $5,887,977.46.

22

23   Dated: June 20, 2014                    MORRISON & FOERSTER LLP

24

25                                          By:    *Rachel Krevans*
                                                   RACHEL KREVANS

26                                          Attorneys for Plaintiff
                                            APPLE INC.
27

28

# TABLE OF CONTENTS

**Page**

I.    PROCEDURAL BACKGROUND ...................................................................................1

II.   LEGAL STANDARDS ..............................................................................................4

III.  ARGUMENT ...........................................................................................................5

    A.   As the Prevailing Party, Apple Is Entitled to Its Taxable Costs ...........................5

    B.   Apple is Entitled to Its Requested Costs Related to Printed or Electronically Recorded Transcripts................................................................5

        1.   Deposition transcripts (Dkt. 2943-4 & Dkt. 2943-19)................................5

        2.   Hearing and Trial Transcripts (Dkt. 2943-5) ........................................7

    C.   Apple is Entitled to Its Requested Costs Related to Exemplification, Costs of Making Copies, and Related Items..........................................................7

        1.   Costs of Making Copies (Dkt. 2853-9 & Dkt. 2854-13) ...........................8

        2.   Devices (Dkt. 2853-15) .......................................................................8

        3.   Trial Graphics and Demonstratives (Dkt. 2943-6 & Dkt. 2854-15)...........9

        4.   Electronic Discovery (Dkt. 2853-22; Dkt. 2943-7; & Dkt. 2943-20)........10

        5.   Secure Room (Dkt. 2853-26)................................................................11

    D.   Apple Is Entitled to Its Requested Costs Related to Interpreters..........................12

IV.   CONCLUSION.......................................................................................................13

1

# **TABLE OF AUTHORITIES**

2

3                                                                                                **Page(s)**

4

**CASES**

5

*Affymetrix, Inc. v. Multilyte Ltd.*,
   No. C 03-03779 WHA, 2005 U.S. Dist. LEXIS 41177 (N.D. Cal. Aug. 26, 2005),
   *aff'd*, No. 05-1460, 2006 U.S. App. LEXIS 8312 (Fed. Cir. Mar. 24, 2006) ...........................7

6

*Computer Cache Coherency Corp. v. Intel Corp.*,
   No. C-05-01766 RMW, 2009 WL 5114002 (N.D. Cal. Dec. 18, 2009) ................................9

7

8

*eBay Inc. v. Kelora Sys., LLC*,
   Nos. C 10-4947 CW (LB), 2013 U.S. Dist. LEXIS 49835 (N.D. Cal. Apr. 5, 2013) .........6, 11

9

*Hynix Semiconductor, Inc. v. Rambus Inc.*,
   697 F. Supp. 2d 1139 (N.D. Cal. 2010) ..............................................................................13

10

11

*In re Ricoh Co. Patent Litig.*,
   661 F.3d 1361 (Fed. Cir. 2011) ......................................................................................7, 11

12

13

*In re Ricoh Co. Patent Litig.*,
   No. C 03-02289 JW, 2010 U.S. Dist. LEXIS 144033 (N.D. Cal. Sept. 29, 2010) ...................6

14

*Kalitta Air, LLC v. Cent. Tex. Airborne Sys.*,
   No. C 96-2494 CW, 2012 U.S. Dist. LEXIS 172679 (N.D. Cal. Dec. 5, 2012) .....................6

15

16

*Lopez v. S.F. Unified Sch. Dist.*,
   385 F. Supp. 2d 981 (N.D. Cal. 2005) ..................................................................................4

17

18

*Maxwell v. Hapag-Lloyd Aktiengesellschaft*,
   862 F.2d 767 (9th Cir. 1998) ............................................................................................8, 9

19

20

*MEMC Elec. Materials v. Mitsubishi Materials*,
   No. C-01-4925, 2004 WL 5361246 (N.D. Cal. Oct. 22, 2004),
   *adopted as modified on other grounds*, 2004 WL 5363614 (N.D. Cal. Nov. 22, 2004) ..........6

21

22

*Parrish v. Manatt, Phelps & Phillips, LLP*,
   No. C 10-03200 WHA, 2011 U.S. Dist. LEXIS 41021 (N.D. Cal. Apr. 11, 2011)................11

23

24

*Petroliam Nasional Berhad v. GoDaddy.com, Inc.*,
   No. C 09-5939 PJH, 2012 U.S. Dist. LEXIS 64555 (N.D. Cal. May 8, 2012),
   *aff'd*, 737 F.3d 546 (9th Cir. 2013).....................................................................................11

25

26

*Quan v. Computer Scis. Corp.*,
   623 F.3d 870 (9th Cir. 2010) ...........................................................................................4, 5

27

28

# TABLE OF AUTHORITIES
### (Continued)

*San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*,
   568 F.3d 725 (9th Cir. 2013) ................................................................5

*Save Our Valley v. Sound Transit*,
   335 F.3d 932 (9th Cir. 2003) ................................................................4

*SEIU v. Rosselli*,
   No. C 09-00404 WHA, 2010 U.S. Dist. LEXIS 122202 (N.D. Cal. Nov. 1, 2010) ..............8, 9

*Taniguchi v. Kan Pac. Saipan, Ltd.*,
   132 S. Ct. 1997 (2012) ................................................................4, 12

*Weco Supply Co. v. Sherwin-Williams Co.*,
   No. 1:10-CV-00171 AWI BAM, 2013 U.S. Dist. LEXIS 1572 (E.D. Cal. Jan. 3, 2013) ........8

### STATUTES

28 U.S.C § 1828 ................................................................2, 12, 13

28 U.S.C. § 1920 ................................................................*passim*

### OTHER AUTHORITIES

Fed. R. Civ. P. 54(d)(1) ................................................................4, 5, 10

N.D. Civ. L.R. 54-3 ................................................................*passim*

10 James W. Moore et al., Moore's Federal Practice ¶ 54.101[1][a] (3d ed. 1997) ....................4

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2    As the prevailing party in this case, Apple requested reimbursement of recoverable costs

3    of $5,887,977.46, and submitted sworn declarations and evidence in support of that amount.  The

4    Clerk awarded Apple $2,064,940.55, and offered essentially no explanation for how that amount

5    was calculated or derived.  Apple respectfully asks the Court to review the Clerk's award and

6    increase the award to the full amount Apple requested.

7    **I.    PROCEDURAL BACKGROUND**

8    Apple filed this action in April 2011, alleging utility patent, design patent, trade dress,

9    trademark, and unfair competition claims.  The case culminated in a three-and-a-half week jury

10   trial from July 30 to August 24, 2012.  After several rounds of pretrial case narrowing at the

11   Court's direction, Apple pursued claims at trial as to three utility patents, three phone design

12   patents, one tablet design patent, iPhone trade dress rights, iPad trade dress rights, and 28 accused

13   Samsung products.  The jury returned a verdict in Apple's favor.  (Dkt. 1931.)  The jury found

14   that 26 of the 28 accused Samsung products infringed and/or diluted at least one of Apple's

15   asserted intellectual property rights, that Samsung's infringement of five of the seven asserted

16   patents was willful, and that Samsung's dilution of Apple's trade dress was willful.  (*Id.*)  The

17   jury rejected all of Samsung's invalidity defenses and found that Apple's registered iPhone trade

18   dress and unregistered iPhone 3G trade dress were protectable.  (*Id.*)  The jury awarded Apple

19   damages in the amount of $1,049,343,540.  (*Id.*)  As to Samsung's asserted intellectual property

20   rights, the jury found for Apple and against Samsung across the board.  (*Id.*)  The Court entered

21   Judgment "in favor of plaintiff and against defendants."  (Dkt. 1933.)

22   As a result of several post-trial orders, a partial damages retrial was conducted from

23   November 12 through November 21, 2013.  The jury in that trial awarded Apple $290,456,793 in

24   damages (Dkt. 2822)—bringing the final total damages award (before supplemental damages and

25   interest) to $929,780,039.  The Court entered judgment based on that verdict.  (Dkt. 2823.)

26   On December 5, 2013, Apple submitted its Bill of Costs seeking a total of $6,256,435.10

27   in three categories of taxable costs:  "printed or electronically recorded transcripts;"

28   "exemplification and the costs of making copies;" and "[c]ompensation of interpreters."

1

1  (Dkts. 2852-2855.)  Samsung filed objections on January 24, 2014.  (Dkts. 2930-2932.)  After

2  reviewing Samsung's objections and in an effort to minimize the disputes between the parties,

3  Apple filed an Amended Bill of Costs on February 6, 2014, waiving and withdrawing certain

4  costs.  (Dkts. 2942-2943.)  Specifically, Apple waived and withdrew:  (1) shipping and handling

5  charges associated with deposition transcripts; (2) "Realtime" reporting costs associated with

6  hearing and trial transcripts; (3) a consulting charge related to trial graphics and demonstratives

7  that was inadvertently included in the Bill of Costs; and (4) electronic discovery charges from

8  Catalyst Repository Systems, Inc. that were incurred in connection with related investigations in

9  the International Trade Commission ("ITC") and inadvertently included in the Bill of Costs.

10  Apple also withdrew the costs related to its sanctions motion against Samsung, so that those costs

11  and fees could be addressed separately.  Apple's Amended Bill of Costs sought a revised amount

12  of $5,887,977.46.  On February 20, 2014, Samsung again filed objections.  (Dkts. 2970-2971.)

13  On June 6, 2014, the Clerk taxed costs in the amount of $2,064,940.55.  (Dkt. 3110.)  The

14  Clerk disallowed:

15  • $193,884.17 in transcript costs "as outside the ambit of LR 54-3(b), (c);"

16  • $3,346,652.74 in costs for exemplification and copies "as outside the ambit of

17    LR 54-3(d);" and

18  • $282,500 in compensation of interpreters "as outside the ambit of

19    28 USC sec. 1828."

20  Other than compensation of interpreters, which the Clerk disallowed in its entirety, the face of the

21  Clerk's award does not indicate which specific requested costs were awarded and which were not.

22  Apple attempted to reverse-engineer the award, including by attempting to tie the Clerk's

23  amounts to Apple's requests and Samsung's objections, but was unable to determine how the

24  Clerk's amounts were calculated or derived.

25  The following chart summarizes the costs requested in Apple's Amended Bill of Costs in

26  the three categories, broken out by subcategories and by the two law firms that represented Apple

27  in this case:  Morrison & Foerster LLP and Wilmer Cutler Pickering Hale Dorr LLP

28  ("WilmerHale"):

| Printed or electronically recorded transcripts | Morrison & Foerster Costs | WilmerHale Costs | Total Costs Requested by Apple | Costs Taxed by Clerk | Additional Costs to be Awarded |
|---|---|---|---|---|---|
| Deposition transcripts | $531,152.16 Amended Schedule A-1 (Dkt. 2943-4) | $169,803.05 Amended Schedule D-1 (Dkt. 2943-19) | $700,955.21 | | |
| Hearing and trial transcripts | $50,259.33 Amended Schedule A-2 (Dkt. 2943-5) | | $50,259.33 | | |
| **Subtotals:** | | | **$751,214.54** | **$557,330.37** | **$193,884.17** |

| Exemplification and costs of making copies | Morrison & Foerster Costs | WilmerHale Costs | Total Costs Requested by Apple | Costs Taxed by Clerk | Additional Costs to be Awarded |
|---|---|---|---|---|---|
| Costs of making copies | $1,498,038.41 Schedule B-1 (Dkt. 2853-9) | $64,072.57 Schedule E-1 (Dkt. 2854-13) | $1,562,110.98 | | |
| Devices | $123,379.74 Schedule B-2 (Dkt. 2853-15) | | $123,379.74 | | |
| Trial Graphics and Demonstratives | $1,249,506.69 Amended Schedule B-3 (Dkt. 2943-6) | $332,880.33 Schedule E-2 (Dkt. 2854-15) | $1,582,387.02 | | |
| e-Discovery (other than Catalyst) | $1,198,919.56 Schedule B-4 (Dkt. 2853-22) | | $1,198,919.56 | | |
| e-Discovery (Catalyst) | $271,322.92[1] Amended Schedule B-5 (Dkt. 2943-7) | $16,232.53 Amended Schedule E-3 (Dkt. 2943-20) | $287,555.45[1] | | |
| Secure room | $99,910.17 Schedule B-6 (Dkt. 2853-26) | | $99,910.17 | | |
| **Subtotals:** | | | **$4,854,262.92[1]** | **$1,507,610.18** | **$3,346,652.74** |

| Interpreters | Morrison & Foerster Costs | WilmerHale Costs | Total Costs Requested by Apple | Costs Taxed by Clerk | Additional Costs to be Awarded |
|---|---|---|---|---|---|
| | $160,200.00 Schedule C (Dkt. 2853-28) | $122,300.00 Amended Schedule F (Dkt. 2943-21) | $282,500.00 | | |
| **Subtotals:** | | | **$282,500.00** | **$0.00** | **$282,500.00** |

| **Total costs** | | | **$5,887,977.46[1]** | **$2,064,940.55** | **$3,823,036.91** |

[1] Due to a typographical error, there is a minor $10 discrepancy between the amount shown in Amended Schedule B-5 and Amended Exhibit B-5 for e-Discovery costs from Catalyst collected by Morrison & Foerster ($271,332.92) and the amount shown in the Amended Bill of Costs ($271,322.92). Apple reports the lower amount here.

1

## II.   LEGAL STANDARDS

2
"Unless a federal statute, these rules, or a court order provides otherwise, costs—other

3
than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  The

4
categories of taxable costs are listed in 28 U.S.C. § 1920, and include costs for:  (1) "printed or

5
electronically recorded transcripts necessarily obtained for use in the case;" (2) "exemplification

6
and the costs of making copies of any materials where the copies are necessarily obtained for use

7
in the case;" and (3) "compensation of interpreters."  28 U.S.C. § 1920(2), (4), (6).  The Court

8
may interpret the scope and meaning of the costs enumerated in § 1920.  *Taniguchi v. Kan Pac.*

9
*Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012).  This District's Civil Local Rule 54-3 provides

10
specific guidance for taxing costs incurred for each of the three categories that Apple requested

11
(transcripts, document reproduction and exemplification, and interpreters).  Civ. L.R. 54-3(b)-(d).

12
The Ninth Circuit has held that Rule 54 "create[s] a presumption for awarding costs to

13
prevailing parties," and "places on the losing party the burden to 'show why costs should not be

14
awarded.'"  *Quan v. Computer Scis. Corp.*, 623 F.3d 870, 888 (9th Cir. 2010) (quoting *Save Our*

15
*Valley v. Sound Transit*, 335 F.3d 932, 944 (9th Cir. 2003); *see also* Fed. R. Civ. P. 54(d)(1); 10

16
James W. Moore et al., Moore's Federal Practice ¶ 54.101[1][a] (3d ed. 1997) ("The presumption

17
is so strong that if the judgment entered by the district court is absolutely silent as to costs, the

18
judgment is presumed to be one allowing costs.").  Because Rule 54(d) presumes an award of

19
costs to the prevailing party, "a district court need not give affirmative reasons for awarding

20
costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive

21
to overcome the presumption in favor of an award."  *Save Our Valley v. Sound Transit*, 335 F.3d

22
932, 945 (9th Cir. 2003).

23
When a party seeks review of the Clerk's taxation of costs, the Court reviews the Clerk's

24
determination *de novo*.  *Lopez v. S.F. Unified Sch. Dist.*, 385 F. Supp. 2d 981, 1001 (N.D. Cal.

25
2005).

26

27

28

III.     ARGUMENT

A.     As the Prevailing Party, Apple Is Entitled to Its Taxable Costs.

Apple is the prevailing party.  As detailed in Section I above, Apple prevailed on claims

against 26 of 28 accused products, a jury found willful infringement and dilution, and the original

trial and partial damages retrial juries awarded Apple $930 million for Samsung's violation of

Apple's IP rights.  By contrast, Samsung did not prevail on any of its counterclaims and received

no damages.  The jury's verdict and damages award clearly make Apple the prevailing party.

*See, e.g.*, *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 741

(9th Cir. 2009) (party need not prevail on all claims to be prevailing party).

As the prevailing party, Apple is presumptively entitled to recover its taxable costs.  Fed.

R. Civ. P. 54(d)(1).  And Samsung bears the burden of demonstrating why costs should not be

awarded.  *Quan*, 623 F.3d at 888.

B.     Apple Is Entitled to Its Requested Costs Related to Printed or Electronically
       Recorded Transcripts.

"Fees for printed or electronically recorded transcripts necessarily obtained for use in the

case" are taxable pursuant to 28 U.S.C. § 1920(2).  Apple seeks costs of deposition, trial, and

hearing transcripts in the amount of $751,214.54, divided between deposition transcripts

($700,955.21) and hearing and trial transcripts ($50,259.33).  The Clerk disallowed $193,884.17

of these costs as "outside the ambit of LR 54-3(b), (c)," awarding only $557,330.37.  (Dkt. 3110.)

All of Apple's requested costs should be awarded.

1.     Deposition transcripts (Dkt. 2943-4 & Dkt. 2943-19)

For each deposition in this case, Apple seeks the costs of a paper copy of the written

transcript; an electronic copy of the written transcript; a copy of the videotape; and a copy of the

deposition exhibits.[2]  These costs total $700,955.21.  (*See* Dkt. 2943-4 (Amended Schedule A-1,

_____

[2] The Court granted each side 250 hours of deposition time.  (Dkt. 187 at 1.)  For Apple's
affirmative case, Apple took the deposition of 98 Samsung witnesses and 10 third-party
witnesses.  In addition, Apple took the deposition of 16 Samsung experts, and Samsung took the
deposition of 18 Apple experts.  The invoices describe the electronic copy of the written
transcripts as "Expedited Transcripts," which cost substantially the same as the paper copy of the
written transcripts.  (*See, e.g.*, Dkt. 2943-4 at 1 (Amended Schedule A-1, showing transcript

1    showing Morrison & Foerster costs of $531,152.16); Dkt. 2943-19 (Amended Schedule D-1,

2    showing WilmerHale costs of $169,803.05).)[3]

3         In addition to 28 U.S.C. § 1920(2), Civil Local Rule 54-3(c) makes clear that costs for

4    deposition transcripts, videotapes, and deposition exhibits are recoverable.  Civil Local

5    Rule 54-3(c)(1) allows recovery of "[t]he cost of an original and one copy of any deposition

6    (including videotaped depositions) taken for any purpose in connection with the case."  Civil

7    Local Rule 54-3(c)(3) further provides that "[t]he cost of reproducing exhibits to depositions is

8    allowable if the cost of the deposition is allowable."

9         In *MEMC Electronic Materials v. Mitsubishi Materials*, the court concluded "that a

10   sensible reading of the rule covers the cost of videotaping *and* the cost incurred by the court

11   reporter associated with obtaining a stenographic transcription of a deposition, as well as the cost

12   of one copy of the videotape and of the written transcript," which is precisely what Apple

13   requests.  No. C-01-4925 SBA (JCS), 2004 WL 5361246, at *3 (N.D. Cal. Oct. 22, 2004),

14   *adopted as modified on other grounds*, 2004 WL 5363614 (N.D. Cal. Nov. 22, 2004); *see also*

15   *eBay Inc. v. Kelora Sys., LLC*, No. C 10-4947 CW (LB), 2013 U.S. Dist. LEXIS 49835, at *32-33

16   (N.D. Cal. Apr. 5, 2013) (granting costs for video depositions as "commonplace"); *Kalitta Air,*

17   *LLC v. Cent. Tex. Airborne Sys.*, No. C 96-2494 CW, 2012 U.S. Dist. LEXIS 172679, at *15-16

18   (N.D. Cal. Dec. 5, 2012) (taxing costs for both stenographic transcript and videotape as

19   appropriate expenses).  In applying this District's local rules, the Federal Circuit has noted that

20   taxing costs both for a stenographic transcript and a video deposition is a "commonplace

21

22   charge of $1225.00 and expedited transcript charge of $1207.50 for 8/12/2011 Richard Lutton
     deposition).)

23

24       [3] Apple waived $20,958.80 of shipping and handling costs in connection with deposition
     transcripts, videotapes, and deposition exhibits after Samsung objected to them (Dkt. 2943-3 ¶ 5;
     Dkt. 2943-18 ¶ 8), even though courts commonly tax such costs.  *See, e.g.*, *In re Ricoh Co. Patent*

25   *Litig.*, No. C 03-02289 JW, 2010 U.S. Dist. LEXIS 144033, at *17 (N.D. Cal. Sept. 29, 2010)
     ( "shipping costs for deposition transcripts are taxable").  Apple's Amended Bill of Costs also

26   withdrew $17,196.45 in costs for depositions related to Apple's sanctions motion, *i.e.*, the
     depositions of Jaewan Chi, Seongwoo "Clayton" Kim, Daniel Shim, Kenneth Korea, Seongho

27   Ahn, and Jin Hwan Kwak, so that they could be addressed in the context of Judge Grewal's
     Sanctions Order awarding costs and fees related to the sanctions motion.  (Dkt. 2943-18 ¶ 7.)

28

1   practice." *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1370 (Fed. Cir. 2011).

2          Because the requested costs are taxable pursuant to 28 U.S.C. § 1920(2) and Civil Local

3   Rule 54-3(c), the Court should award Apple $700,955.21 in this category.

4                    **2.      Hearing and Trial Transcripts (Dkt. 2943-5)**

5          Apple seeks costs of hearing and trial transcripts in the amount of $50,259.33.

6   (Dkt. 2943-5 (Amended Schedule A-2).)[4]

7          Hearing and trial transcripts are recoverable under both 28 U.S.C. § 1920(2) and Civil

8   Local Rule 54-3(b).  "A judge or clerk of any court of the United States may tax as costs . . . for

9   printed or electronically recorded transcripts necessarily obtained for use in the case."

10  28 U.S.C. § 1920(2).  Recovery of costs for transcripts of all court proceedings is especially

11  appropriate where, as here, the "case was so contentiously litigated."  *Affymetrix, Inc. v. Multilyte*

12  *Ltd.*, No. C 03-03779 WHA, 2005 U.S. Dist. LEXIS 41177, at *5-6 (N.D. Cal. Aug. 26, 2005)

13  (awarding court reporter's fees for "the cost of all hearing transcripts because they were

14  'necessarily obtained,'" and finding that "[i]t was reasonable for [the prevailing party] to incur the

15  expense of transcripts for all court proceedings, given that [the] case was so contentiously

16  litigated"), *aff'd*, No. 05-1460, 2006 U.S. App. LEXIS 8312 (Fed. Cir. Mar. 24, 2006).

17  Moreover, the judgment in this case is being appealed, and the hearing and trial transcripts will be

18  an important part of the appellate record.  *See* Civ. L.R. 54-3(b)(1).  Thus, the Court should award

19  the full amount of the requested costs for hearing and trial transcripts.

20          **C.      Apple Is Entitled to Its Requested Costs Related to Exemplification, Costs of
                    Making Copies, and Related Items.**

21

22          "Fees for exemplification and the costs of making copies of any materials where the

23  copies are necessarily obtained for use in the case" are taxable pursuant to 28 U.S.C. § 1920(4).

24  Apple seeks costs in this category of $4,854,262.92.  The Clerk disallowed $3,346,652.74 of

25

26          [4] The requested amount does not include $20,390.30 of "Realtime" reporting costs, which
    Apple waived in response to Samsung's objections to those costs.  (Dkt. 2943-3 ¶ 8.)  This
27  amount also does not include costs of hearing transcripts related to Apple's sanctions motion.
    (Dkt. 2943-18 ¶ 10.)

28

these costs as "outside the ambit of LR 54-3(d)," awarding only $1,507,610.18.  (Dkt. 3110.)  The

Court should award Apple's total requested amount.

### 1.  Costs of Making Copies (Dkt. 2853-9 & Dkt. 2854-13)

Apple seeks its costs of reproducing documents for purposes of disclosure and other

formal discovery processes (*e.g.*, exhibits for depositions) in the amount of $1,562,110.98.  (*See*

Dkt. 2853-9 (Schedule B-1, showing Morrison & Foerster costs of $1,498,038.41); Dkt. 2854-13

(Schedule E-1, showing WilmerHale costs of $64,072.57).)  The requested costs include only the

amounts for making copies—costs of vendor consultation and supplies, as well as the sales tax

attributable to those costs, have been excluded.  (*See* Dkt. 2853 ¶ 19.)

Apple's requested costs are authorized by Civil Local Rule 54-3(d)(2), which allows for

recovery of "[t]he cost of reproducing disclosure or formal discovery documents when used for

any purpose in the case."  *Weco Supply Co. v. Sherwin-Williams Co.*, No. 1:10-CV-00171 AWI

BAM, 2013 U.S. Dist. LEXIS 1572, at *14-15 (E.D. Cal. Jan. 3, 2013) (allowing recovery of

"copying costs for copies made for the convenience, preparation, research, or records of

counsel").  The Court should award Apple its full costs in this category.

### 2.  Devices (Dkt. 2853-15)

Apple seeks the costs it incurred in purchasing devices for evidentiary and demonstrative

purposes in the amount of $123,379.74.  (Dkt. 2853-15 (Schedule B-2).)  The requested costs are

only for accused Samsung devices that Apple used as trial or deposition exhibits, or used for

purposes of expert analysis, as indicated in Column G of Schedule B-2.  (Dkt. 2853 ¶¶ 23-24.)

These costs are recoverable pursuant to 28 U.S.C. § 1920(4).  "Fees for exemplification"

under 28 U.S.C. § 1920(4) have been interpreted to include demonstrative evidence.  *See, e.g.*,

*Maxwell v. Hapag-Lloyd Aktiengesellschaft*, 862 F.2d 767, 770 (9th Cir. 1998) ("In the context of

§ 1920, 'exemplification and copies of papers' has been interpreted to include all types of

demonstrative evidence, including photographs and graphic aids"); *SEIU v. Rosselli*, No. C 09-

00404 WHA, 2010 U.S. Dist. LEXIS 122202, at *12 (N.D. Cal. Nov. 1, 2010) (rejecting

plaintiffs' argument that "the cost of trial exhibits should not be recoverable" and stating that "all

types of demonstrative evidence" are included in recoverable costs) (quoting *Maxwell*, 862 F.2d

1    at 770).  This Court should award Apple its full costs in this category.

2                    **3.      Trial Graphics and Demonstratives (Dkt. 2943-6 & Dkt. 2854-15)**

3              Apple seeks costs of preparing trial graphics and demonstratives in the amount of

4    $1,582,387.02.  (*See* Dkt. 2943-6 (Amended Schedule B-3, showing Morrison & Foerster costs of

5    $1,249,506.69); Dkt. 2854-15 (Schedule E-2, showing WilmerHale costs of $332,880.33).)

6    These costs are recoverable under 28 U.S.C. § 1920(4) and Civil Local Rule 54-3(d)(5).  Apple

7    seeks only the costs that it incurred for actual preparation of trial graphics and demonstratives.

8    (Dkt. 2853 ¶ 29; Dkt. 2943-3 ¶ 11; Dkt. 2943-18 ¶ 11.)  Costs related to consultation and

9    meetings, trial technical support, equipment rental, and miscellaneous expenses have been

10   excluded.[5]  (Dkt. 2853 ¶ 29; Dkt. 2943-3 ¶ 11; Dkt. 2943-18 ¶ 11.)  *See Computer Cache*

11   *Coherency Corp. v. Intel Corp.*, No. C-05-01766 RMW, 2009 WL 5114002, at *2 (N.D. Cal.

12   Dec. 18, 2009) (only costs for physical preparation of demonstratives are recoverable).

13             As already discussed, "[f]ees for exemplification" under 28 U.S.C. § 1920(4) include

14   demonstrative evidence.  *See, e.g.*, *Maxwell*, 862 F.2d at 770; *Computer Cache*, 2009 WL

15   5114002, at *2  (awarding costs associated with graphics presentations for tutorial and Markman

16   hearings, as "presentations were useful and reasonably necessary given the complexity of the

17   issues in this case"); *SEIU*, 2010 U.S. Dist. LEXIS 122202, at *12 (rejecting argument that "the

18   cost of trial exhibits . . . should not be recoverable" and ruling that "all types of demonstrative

19   evidence" are included in recoverable costs).

20             The Local Rules also provide that "[t]he cost of preparing charts, diagrams, videotapes

21   and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary

22   to assist the jury or the Court in understanding the issues at the trial."  Civ. L.R. 54-3(d)(5).  This

23

24             [5] On certain invoices from Impact Trial Consulting, one of Apple's vendors that produced
     trial graphics and demonstratives, the costs of producing graphics were labeled as "Services:
25   Graphics Consulting:  Graphics Production."  (*See, e.g.*, Dkt. 2853-20 (Ex. B-3 at 58); *see also*
     Dkt. 2943-3 ¶ 13.)  These line items relate entirely to the production of graphics, rather than to
26   consultations or meetings.  The accounting system at Impact Trial Consulting is organized such
     that "Graphics Production" is a subcategory of "Graphics Consulting," which in turn is a
27   subcategory of the "Services" category.  Accordingly, a charge for "Graphics Production"
     appears as "Services:  Graphics Consulting:  Graphics Production" on the invoices.  (*Id.*)
28

1   was a complex case with multiple patents and nearly 30 accused Samsung smartphones and

2   tablets.  Demonstratives were critical to assist the jury and the Court in understanding the issues.

3   Both parties made extensive use of demonstratives at trial, not just for expert testimony, but for

4   opening and closing arguments, and for numerous witnesses.  The Court should award Apple its

5   full costs in this category.

6   **4.      Electronic Discovery (Dkt. 2853-22; Dkt. 2943-7; & Dkt. 2943-20)**

7          Apple seeks e-discovery costs associated with processing documents, uploads, and

8   document productions, pursuant to 28 U.S.C. § 1920(4), Federal Rule of Civil Procedure 54, and

9   Civil Local Rule 54-3.  Apple seeks a total of $1,486,475.01 in costs from two sets of vendors:

10  (1) Catalyst Repository Systems, Inc. ("Catalyst"), which uploaded and produced documents to

11  Samsung, in the amount of $287,555.45 (Dkt. 2943-7 (Amended Schedule B-5, showing

12  Morrison & Foerster costs of $271,322.92); Dkt. 2943-20 (Amended Schedule E-3, showing

13  WilmerHale costs of $16,232.53)); and (2) other vendors that collected and processed paper and

14  electronic documents that ultimately were uploaded to the document repository maintained by

15  Catalyst, in the amount of $1,198,919.56 (Dkt. 2853-22 (Schedule B-4)).  Apple seeks only the

16  amounts associated with electronic preparation and duplication, not the intellectual effort

17  involved in the production, such as searching or analyzing the documents.  (Dkt. 2853 ¶¶ 34, 38;

18  Dkt. 2854 ¶ 29.)  Additionally, costs associated with hosting the data, software user license fees,

19  and vendor consulting time have not been included.  (Dkt. 2853 ¶¶ 34, 38; Dkt. 2854 ¶ 29.)

20         During the preliminary injunction phase of the case, Samsung served two sets of requests

21  for production of documents, with 30 individual document requests.  (Dkt. 2853 ¶ 33.)  Over the

22  course of this litigation, Samsung subsequently served seven additional sets of requests for

23  production of documents, with 553 individual document requests.  (*Id.*)  In response to Samsung's

24  requests, Apple made 305 productions of documents, totaling 338,860 documents and 2,944,467

25  pages.  (*Id.*)  Many of these were originally paper documents that required processing to be

26  converted to electronic format for upload to Apple's document repository system, hosted by

27  Catalyst.  (*Id.*)  In addition, Apple incurred processing costs in having paper and electronic

28  documents loaded to the Catalyst document repository.  (*Id.* ¶¶ 33, 37.)  Further, after documents

1   were loaded to the Catalyst document repository and after responsive and non-privileged

2   documents were identified, Apple incurred costs in producing these documents to Samsung.  (*Id.*

3   ¶ 37.)

4          Courts routinely award e-discovery costs associated with file processing and uploads.

5   *See, e.g.*, *In re Ricoh Co. Patent Litig.*, 661 F.3d at 1365 ("[T]he costs of producing a document

6   electronically can be recoverable under section 1920(4)."); *eBay Inc.*, 2013 U.S. Dist. LEXIS

7   49835, at *25-26 (costs for "scanning paper documents, electronic scanning and conversion to

8   PDF, TIFF conversion, OCR, image endorsement/Bates stamping, slip sheet preparation,

9   blowback scanning paper documents, media hardware used for production, electronically

10  stamping Bates numbers, slipsheet preparation, blowback preparation, and OCR conversion" are

11  recoverable); *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, No. C 09-5939 PJH, 2012 U.S.

12  Dist. LEXIS 64555, at *10-11 (N.D. Cal. May 8, 2012) (allowing recovery of costs that were

13  "necessary to convert computer data into a readable format," because such costs were "an

14  essential component of '[t]he cost of reproducing disclosure or formal discovery documents' used

15  in the case, as permitted under Civil Local Rule 54–3(d)(2)"), *aff'd*, 737 F.3d 546 (9th Cir. 2013);

16  *Parrish v. Manatt, Phelps & Phillips, LLP*, No. C 10-03200 WHA, 2011 U.S. Dist. LEXIS

17  41021, at *7 (N.D. Cal. Apr. 11, 2011) ("The reproduction costs defendants incurred in

18  collecting, reviewing, and preparing client documents for production were necessary expenditures

19  made for the purpose of advancing the investigation and discovery phases of the action.  As such,

20  they are properly taxable.").  Accordingly, the Court should award Apple its full costs in this

21  category.

22              **5.      Secure Room (Dkt. 2853-26)**

23         Apple seeks costs of maintaining a secure room in the amount of $99,910.17, pursuant to

24  28 U.S.C. § 1920(4).  (Dkt. 2853-26 (Schedule B-6).)  Just as the statute allows fees for

25  exemplification of materials that are produced as physical copies to an opposing party, it should

26  be read to cover costs incurred to make confidential materials available for inspection.

27         Samsung demanded that Apple make available for inspection various confidential

28  prototypes and source code.  (Dkt. 2853 ¶ 41.)  Apple made available for Samsung's inspection

1    various design prototypes at a secure facility.  (*Id.*)  Source code and unreleased design prototypes

2    are among the most highly confidential material at issue in the case.  (*Id.*)  Moreover, many of the

3    design prototypes are one-of-a-kind and cannot be replaced.  (*Id.*)  Accordingly, it was necessary

4    for physical prototypes to be inspected at a secure facility.  (*Id.*)  To make prototypes available for

5    Samsung's review upon demand, Apple placed the prototypes in a secure room with third-party

6    vendor NCC Group, Inc.  (*Id.*)  NCC was the same vendor that the parties previously selected to

7    serve as the Court-ordered escrow provider for Computer-Aided Design (CAD) data.  (*Id.*)

8    Accordingly, this Court should award Apple its full costs in this category.

9              **D.    Apple Is Entitled to Its Requested Costs Related to Interpreters.**

10            Apple seeks costs for compensation of interpreters at deposition and trial in the amount of

11   $282,500.00, pursuant to 28 U.S.C. § 1920(6).  (*See* Dkt. 2853-28 (Schedule C, showing

12   Morrison & Foerster costs of $160,200.00); Dkt. 2943-21 (Amended Schedule F, showing

13   WilmerHale costs of $122,300.00).)

14            Section 1920(6) provides that "[c]ompensation of court appointed experts, *compensation*

15   *of interpreters*, and salaries, fees, expenses, and costs of special interpretation services under

16   section 1828 of this title" are taxable.  28 U.S.C. § 1920(6) (emphasis added).  The Supreme

17   Court has recognized that compensation of interpreters under § 1920(6) includes the cost of oral

18   translation.  *Taniguchi*, 132 S. Ct. at 2002-07.  That is what Apple seeks here.  Most of

19   Samsung's witnesses were Korean nationals and requested that an interpreter be provided at

20   deposition and at trial.  (Dkt. 2853 ¶ 46.)  Apple took the deposition of 98 Samsung witnesses in

21   this case who required an interpreter.  (*Id.*)  Apple also deposed several third-party witnesses who

22   required interpreters in German, French, Japanese, and Spanish.  (Dkt. 2854 ¶ 33.)  In addition,

23   one of Apple's witnesses, Shin Nishibori, required a Japanese interpreter (Dkt. 2853 ¶ 46.)

24   Although Apple and Samsung agreed to split the cost of the main interpreter at trial

25   (Dkt. 2853-28), nothing in that agreement precludes recovery of those taxable interpreter costs

26   incurred by Apple in defending its patent rights.

27            Only the costs for interpretation services at deposition or at trial have been included.

28   (Dkt. 2853 ¶ 47.)  Incidental expenses (such as those relating to food and travel), per diem costs,

1  and costs incurred for travel days and bridge (*i.e.*, intervening) days have not been included (*id.*),

2  even though courts have awarded such costs in other cases, *see, e.g.*, *Hynix Semiconductor, Inc. v.*

3  *Rambus Inc.*, 697 F. Supp. 2d 1139, 1154-55 (N.D. Cal. 2010).

4          Although Apple sought fees under the portion of § 1920(6) that allows recovery of costs

5  for "compensation of interpreters," the Clerk disallowed Apple's entire requested amount as

6  "outside the ambit of 28 USC sec. 1828." (Dkt. 3110.)  The Clerk failed to address the actual

7  grounds of Apple's request, which was proper for the reasons just discussed.  Accordingly, the

8  Court should award Apple its full costs in this category.

9  **IV.    CONCLUSION**

10          For the foregoing reasons, Apple respectfully requests that the Court increase the costs

11  awarded by the Clerk by the amount of $3,823,036.91, for a total award of $5,887,977.46,

12  comprising the following costs:

13          • $700,955.21 for deposition transcripts;

14          • $50,259.33 for hearing and trial transcripts;

15          • $1,562,110.98 for cost of making copies;

16          • $123,379.74 for devices;

17          • $1,582,387.02 for trial graphics and demonstratives;

18          • $287,555.45 for electronic discovery (Catalyst);

19          • $1,198,919.56 for electronic discovery (vendors other than Catalyst);

20          • $99,910.17 for secure room; and

21          • $282,500.00 for interpreters.

23  Dated: June 20, 2014                    MORRISON & FOERSTER LLP

25                                          By:   *Rachel Krevans*
                                                  RACHEL KREVANS

26                                          Attorneys for Plaintiff
                                            APPLE INC.