RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
XAVIER M. BRANDWAJN (Ca. Bar No. 246218)
Xavier.brandwajn@alston.com
ALSTON & BIRD LLP
1950 University Circle, Fifth Floor
East Palo Alto, CA 94303-2282
Telephone:    650-838-2000
Facsimile:    650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (pro hac vice)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:    404-881-7000
Facsimile:    404-881-7777

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No.: 11-CV-01846-LHK (PSG)<br><br>**NON-PARTY NOKIA CORPORATION'S MOTION FOR STAY OF THE COURT'S ORDER RE: MOTIONS TO SEAL (DKT. 3113)** |

**MOTION**

On June 11, 2014, this Court entered an "Order Re: Motion s to Seal" granting-in-part and denying-in-part 26 administrative motions to seal 134 documents ("Sealing Order"). (Dkt. 3113). Non-party Nokia Corporation ("Nokia") moves for a stay of the Sealing Order for the reasons set forth herein.

**RELIEF REQUESTED**

Nokia seeks an order staying portions of the Court's Sealing Order pending the Court's resolution of Nokia's Motion for Partial Reconsideration of the Court's Sealing Order and respectfully requests that the Court stay its Sealing Order until the later of: (1) its ruling of Nokia's Motion for Partial Reconsideration, or (2) in the event that the Court denies Nokia leave to file its Motion for Partial Reconsideration, or grants leave but denies the Motion for Partial Reconsideration, a ruling by Judge Koh on Nokia's motion for relief from non-dispositive order pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. §636(b)(1)(A) (or in the alternative pending resolution of any appeal to the Federal Circuit Court of Appeals).

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Nokia respectfully submits this memorandum in support of its motion, pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, to stay limited portions of the Court's Sealing Order pending the Court's resolution of Nokia's Motion for Partial Reconsideration of the Court's Sealing Order and respectfully requests that the Court stay its Sealing Order until the later of: (1) its ruling on Nokia's Motion for Partial Reconsideration, or (2) in the event that the Court denies Nokia leave to file its Motion for Partial Reconsideration, or grants leave but denies the Motion for Partial Reconsideration, a ruling by Judge Koh on Nokia's motion for relief from non-dispositive order pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. §636(b)(1)(A) (or in the alternative pending resolution of any appeal to the Federal Circuit Court of Appeals).

This limited stay is warranted because releasing Nokia's highly confidential information—including (i) nonpublic, competitively sensitive patent license terms, which the Court has previously ruled are properly sealable, (ii) confidential licensing negotiations covered by non-disclosure agreements ("NDA") which Nokia is obligated to keep secret and which if made public would create competitive harm to Nokia, (iii) certain revealing analysis of Nokia's confidential licensing terms in comparison to various public information, (iv) the content of Nokia's internal confidential discussions about licensing issues and strategy, and (v) nonpublic details about confidential arbitrations that are also subject to NDAs —would cause Nokia significant harm by providing its competitors an unfair and unearned advantage in the marketplace.  Further, this injury would be immediate and irreparable, for "[s]ecrecy is a one-way street": once confidential information has been released to the public, it "cannot be made secret again." *In re Copley Press, Inc. v. Ismael Highera-Guerrero*, 518 F.3d 1022, 1025 (9th Cir. 2008). To require that the documents and information be made public now would deprive Nokia of any remedy.

This limited stay is also necessary to breathe life into the provisions of the Court's June 18, 2014 Order, which provides in pertinent part that "[t]he parties may file any renewed motions to seal, motions for reconsideration, or motions to stay based on the June 11 Order by Wednesday, July 2, 2014, and the parties will not file or otherwise disclose in a manner not permitted by the Protective Order any documents or information covered by such motions until 7 days after final disposition of those motions,

including any and all appeals in connection therewith." (Dkt. No. 3116). Specifically, a stay pursuant to the present motion would prevent any premature and unwarranted disclosure of the documents or information covered by the relevant motions to seal.

There is no substantial countervailing public or private interest in the immediate disclosure of these documents. All the documents at issue relate to non-dispositive motions. Any legitimate public interest would suffer no harm by delaying release until the Court has had an opportunity to review a smaller subset of highly confidential documents covered by Nokia's Motion for Reconsideration. In addition, this Court's prior rulings support both the grant of stay, and, ultimately, the grant of Nokia's Motion for Partial Reconsideration.

## FACTUAL STATEMENT

The parties in the litigation, as well as non-party Nokia, filed administrative motions to file under seal confidential information contained in or attached to various motions. *See generally* Dkt. 3113 at 4-18. On June 11, 2014, the Court granted-in-part and denied-in-part portions of those motions to seal. (*See* Dkt. No. 3113). After a careful review of the 134 documents affected by the Court's Sealing Order and consideration of the Court's guidance, Nokia is filing a Motion for Partial Reconsideration encompassing a much smaller subset of the information sought to be sealed in the prior motions.

## ARGUMENT

To obtain a stay, "a movant must establish a strong likelihood of success on the merits, or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor." *Merial Ltd. v. Cipla Ltd.*, 426 Fed. App'x 915, 915 (Fed. Cir. 2011) (unpublished) (citing *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987)). Although courts may also consider the impact of a stay on other parties and the public, the likelihood of success and irreparable injury prongs are the more important elements. *See, e.g., In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 449 Fed. App'x 35, 36 (Fed. Cir. 2011); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512-13 (Fed. Cir. 1990) ("When harm to applicant is great enough, a court will not require 'a strong showing' that applicant is 'likely to succeed on the merits.'").

Here, Nokia has a strong likelihood of success, or at the very least a "substantial case." *Merial Ltd.*, 426 Fed. App'x at 915. The documents in question here are all subject to the "good cause"

standard for sealing, containing the type of information for which this Court has already recognized that such cause exists. Denial of a stay will cause irreparable harm by forcing the release to the public of confidential information whose secrecy, once lost, cannot be restored. The public has little or no legitimate interest in access to this information, and to the extent it does, that interest will not be meaningfully impaired by a delay in the information's release while this Court reviews the limited amount of information at issue. These factors weigh heavily in favor of a stay, which this Court should grant pending final determination of whether Nokia's confidential information at issue should remain under seal.

## I. NOKIA HAS A STRONG LIKELIHOOD OF SUCCESS AND CERTAINLY A SUBSTANTIAL CASE ON THE MERITS

### A. The Confidential Information May Be Sealed Under The "Good Cause" Standard

Nokia has a significant interest in keeping its confidential patent license terms and negotiation strategy secret because it would suffer competitive harm if this information is made public. In fact, the Court granted Nokia's request to seal this same type of information in another section of its Sealing Order. (*See, e.g.*, Dkt. No. 3113 at 11-12, 15). Here, the information sought to be sealed was filed in support of nondispositive motions. (*Id.* at 2-3). Therefore, the "good cause" standard applies. Nokia's patent license terms, including the negotiation thereof, is highly confidential Nokia information that should be protected from public disclosure, and by, the same logic, statements from which the license terms may be determined should also be protected. The disclosure of such information would be harmful for the reasons discussed in the Declaration of Paul Melin. (Dkt. No. 2254 at ¶ 4). In addition, the Court has previously found that non-public licensing terms are sealable. (Dkt. No. 1649 at 7, 10-11).

### B. The Court Previously Ruled Under Similar Circumstances That A Stay While A Motion For Reconsideration Is Pending Is Proper.

As the Court has previously found under similar circumstances, stay of the Court's Sealing Order is appropriate to allow the Court time to consider and rule on a Motion for Reconsideration filed by Nokia. For example, previously the Court found that Exhibit 6 to the Pernick Declaration in Support of Apple's Motion to Strike Portions of Samsung's Expert Reports (Dkt. No. 939-04) contained third-party source code references that were "proprietary and therefore appropriately may be sealed" and invited

Samsung to "move to seal narrowly tailored redactions of only the source code references." (Dkt. No. 2222 at 24:17-20). In connection therewith, the Court granted a motion to stay its initial order denying sealing so that the parties could file renewed motions. (Dkt. No. 2232 at 2:6-11) ("To the extent that Samsung seeks to stay the February 1 order with regards to the exhibits containing third-party source code until the court resolves its renewed motion to seal, the court finds that a stay is warranted. Source code involves proprietary information that the court already has found to be appropriate for a sealing request. Samsung's request to stay the February 1 order with regards to the exhibits with third-party source code references is GRANTED."). Similarly, on March 24, 2014 the Court granted Apple's motion to stay limited portions of the order regarding various sealing motions (Dkt. No. 3034) until Apple's motion for clarification of that sealing order could be heard. (Dkt. No. 3047). The relief sought here is no different than that previously awarded to the parties and should likewise be granted.

## II. THE BALANCE OF HARMS TILTS DECISIVELY IN NOKIA'S FAVOR

Because Nokia has, at the very least, established a substantial case on the merits, a stay is warranted. Conversely, the denial of a stay in this case would cause Nokia immediate and irreparable harm, which would be sufficient to justify a stay even if the likelihood of success on the merits were relatively slight. *See Standard Havens Prods.*, 897 F.2d at 512. As the Court has previously observed, the harm allowing confidential information into the public domain is substantial, irreversible and irreparable: "When the information is publicly filed, what once may have been a trade secret will no longer be." (Dkt. No. 2047 at 7:6-7).

///
///
///
///
///
///
///
///
///

**CONCLUSION**

For the foregoing reasons, the Court should stay the limited portions of the Sealing Order at issue in Nokia's Motion for Reconsideration until the later of: (1) its ruling on Nokia's Motion for Reconsideration of the Court's Sealing Order, or (2) in the event that the Court denies Apple leave to file its Motion for Reconsideration, or grants leave but denies the Motion for Reconsideration, pending resolution of any appeal to the Federal Circuit.

DATED: July 2, 2014	Respectfully submitted,

ALSTON & BIRD LLP

*/s/ Ryan W. Koppelman*
RANDALL L. ALLEN
RYAN W. KOPPELMAN
XAVIER M. BRANDWAJN

Attorneys for Non-Party Nokia Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this 2nd day of July 2014.

        */s/ Ryan W. Koppelman*
        Ryan W. Koppelman