QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge: Hon. Paul S. Grewal |

Pursuant to Civil Local Rules 7-11 and 79-5 and the Court's June 18, 2014 Order on the parties' stipulation (Dkt. No. 3116), Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby bring this renewed administrative motion for an order to seal certain highly confidential licensing information.

**RELIEF REQUESTED**

Samsung requests an order granting its renewed motion to seal the following portions of the following documents that were identified in the Court's June 11, 2014 order granting-in-part and denying-in-part 26 administrative motions to file under seal 134 documents related to motions filed by Apple, Nokia and Samsung (Dkt. No. 3113):

1. (i) Exhibit E to 9/6/2013 Declaration of Thomas D. Pease in Support of Samsung's Opposition to Apple Inc.'s Motion to Compel Further Discovery and for Sanctions for Violations of Protective Order; and (ii) Exhibit 10 to 10/21/2013 Declaration of Mark Selwyn in Support of Apple Inc.'s Supplemental Brief in Support of its Motion for Sanctions (8/16/2013 Letter from Robert Becher to William F. Lee at page 2, paragraph 4, lines 1-2) (ECF NOS. 2395-03 and 2557-16);

2. Samsung's Supplemental Brief in Support of Opposition to Apple Inc.'s Motion to Compel Further Discovery and for Sanctions for Violations of Protective Order dated 10/21/2013, at 4:16-17 (ECF NO. 2556-03);

3. 10/20/2013 Declaration of Kenneth Korea in Support of Samsung's Opposition to Apple Inc.'s Motion to Compel Further Discovery and for Sanctions for Violations of Protective Order at 5:8-12 (ECF NO. 2556-14);

4. Exhibit 4 to 10/20/2013 Declaration of Kenneth Korea in Support of Samsung's Opposition to Apple Inc.'s Motion to Compel Further Discovery and for Sanctions for Violations of Protective Order at 5 (ECF NO. 2556-14);

5. Exhibit 5 to 10/20/2013 Declaration of Kenneth Korea in Support of Samsung's Opposition to Apple Inc.'s Motion to Compel Further Discovery and for Sanctions for Violations of Protective Order at 1, paragraphs 2 and 3 and footnote 1 (ECF NO. 2556-14);

6. Exhibit 2 to 10/21/2013 Declaration of Mark Selwyn in Support of Apple Inc.'s Supplemental Brief in Support of its Motion for Sanctions (10/17/2013 Deposition Transcript of SeungHo Ahn at 80:16-25, 81:10-14, 82:15-16, 172:10-11, 172:16-25, 173:8-13, 173:16-18, 174:5-7, 174:9-13) (ECF NO. 2557-08);

7. Exhibit 3 to 10/21/2013 Declaration of Mark Selwyn in Support of Apple Inc.'s Supplemental Brief in Support of its Motion for Sanctions (10/17/2013 Deposition Transcript of Ken Korea at 203:25-204:8, 206:20-21, 207:6-8, 207:22-208:9, 210:11-20) (ECF NO. 2557-09);

8. Exhibit 6 to 10/21/2013 Declaration of Mark Selwyn in Support of Apple Inc.'s Supplemental Brief in Support of its Motion for Sanctions (Excerpt of Samsung's Initial Submission in Response to the Commission's March 13, 2013 Notice on

Remedy and the Public Interest at 29, from "Yet" to "Nokia" in penultimate paragraph) (ECF NO. 2557-12);

9. Exhibit 8 to 10/21/2013 Declaration of Mark Selwyn in Support of Apple Inc.'s Supplemental Brief in Support of its Motion for Sanctions (10/15/2013 Deposition Transcript of Seongwoo (Clayton) Kim at 168:1-5, 168:18-19) (ECF NO. 2557-14);

10. Exhibit 9 to 10/21/2013 Declaration of Mark Selwyn in Support of Apple Inc.'s Supplemental Brief in Support of its Motion for Sanctions (10/18/2013 Deposition Transcript of Jin Hwan Kwak at 61:4-7) (ECF NO. 2557-15);

11. Nokia Corporation's Brief in Support of Sanctions against Samsung Electronics Co., Ltd. and Quinn Emanuel Urquhart & Sullivan dated 12/2/2013, at 5:25-6:5, 6:13-14, 6:17-19, 18:21-25 (ECF NO. 2836-04);

12. (i) Exhibit 39 to 12/2/13 Declaration of Robert J. Becher in Support of Samsung's Response to November 8, 2013 Order to Show Cause Why Sanctions Are Not Warranted; (ii) Exhibit 1 to December 2, 2013 Declaration of Ryan W. Koppelman in Support of Nokia Corporation's Brief in Support of Sanctions Against Samsung Electronics Co., Ltd. and Quinn Emanuel Urquhart & Sullivan and (iii) Exhibit 23 to Declaration of Mark Selwyn in Support of Apple Inc.'s Brief Regarding Appropriate Sanctions for Samsung's Protective Order Violations (11/25/2013 Deposition Transcript of Paul Melin at 94:3-8, 94:12-96:8, 96:16-97:4, 97:10-98:7, 98:12-21, 99:21-25, 153:19-21, 153:6-153:14, 153:24-154:12, 156:25-157:4) (ECF NOS. 2835-06 (contains portions of the testimony), 2836-06 (contains portions of the testimony) and 2838-07);

13. (i) Exhibit 5 to December 2, 2013 Declaration of Ryan W. Koppelman in Support of Nokia Corporation's Brief in Support of Sanctions Against Samsung Electronics Co., Ltd. and Quinn Emanuel Urquhart & Sullivan and (ii) Exhibit 26 to Declaration of Mark Selwyn in Support of Apple Inc.'s Brief Regarding Appropriate Sanctions for Samsung's Protective Order Violations (11/25/2013 Deposition Transcript of Eeva Hakoranta at 42:6-7, 54:12-20) (ECF NOS. 2836-10 (contains only 54:12-20) and 2838-10); and

14. Apple Inc.'s Brief Regarding Appropriate Sanctions for Samsung's Protective Order Violations dated 12/2/2013, at 12:4-11, 13:5, 8, 11- 21, 14:5-6 (ECF NO. 2838-03).

## **PRELIMINARY STATEMENT**

On June 11, 2014, the Court granted-in-part and denied-in-part 26 administrative motions to file under seal a total of 134 documents related to discovery motions. (Dkt. No. 3113.) The Court ruled that many of the parties' sealing requests were "[n]ot narrowly tailored to confidential business information" (*id.* at 4:3-4), and found that some documents the parties sought to seal included both sealable and non-sealable information (*see*, *e.g.*, *id.* at 5:8-12). On June 18, 2014, the Court entered the parties' Stipulated Request and Order to Expand Time for Re-Filing Documents

1  in Response to June 11 Order, and ordered that the parties may file any renewed motions to seal or
2  similar requests for relief on or before July 2, 2014.  (Dkt. No. 3116.)[1]
3  　　　　After review of the 134 documents affected by the June 11 Order, Samsung renews its
4  motion to seal only as to 14 of the documents originally sought to be sealed (some of which were
5  filed on multiple occasions), as identified in the numbered list above.  The portions of the
6  documents identified above as to which Samsung renews its motion to seal reveal confidential
7  financial terms discussed during Samsung's licensing negotiations with Apple or Nokia.  As set
8  forth in the accompanying declaration of Jae-Hwan Kim, companies could use this information to
9  Samsung's disadvantage in licensing negotiations.  (Declaration of Jae-Hwan Kim ¶¶ 4-5.)  The
10 disclosure of information regarding Samsung's licensing offers to Apple and Nokia and Samsung's
11 licensing discussions would "create an asymmetry of information for [Samsung] in the negotiation
12 of future licensing deals."  (Dkt No. 1649 at 10:26-27.)  Moreover, as the Court has previously
13 found, the public disclosure of licensing negotiations would also "undoubtedly impede future
14 settlement discussions."  (Dkt. 2913, at 4.)  As a result, Samsung has good cause to seal this
15 information.

16                                         **ARGUMENT**

17 　　　　Good cause exists to seal the licensing information contained in the limited portions of the
18 documents Samsung identifies above.
19 　　　　The Ninth Circuit has held that a "particularized showing" under the "'good cause' standard
20 of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached
21 to nondispositive motions.'"  *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir.
22 2006) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003).[2]

---

[1]  Also pursuant to the June 18, 2014 Order (Dkt. No. 3116), the parties are prohibited from filing or otherwise disclosing "in a manner not permitted by the Protective Order any documents or information covered by [this renewed motion to seal or any similar motions filed by Apple or Nokia] until 7 days after final disposition of those motions, including any and all appeals in connection therewith."
[2]  The Court acknowledged in its June 11 Order that the Ninth Circuit's "good cause" standard applies to requests to seal documents filed in connection with the discovery motions at issue here. (*See*, *e.g.*, Dkt. No. 3113 at 3:7-9.)

Rule 26(c) permits a court to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, "requiring that a trade secret *or other confidential research, development, or commercial information* not be revealed or revealed only in a specified way." Fed. R. Civ. P. 26(c) (emphasis added).  Unlike the public interest in inspecting documents attached to dispositive pleadings, which creates a "strong presumption in favor of access," the public need to access documents "unrelated or only tangentially related to the underlying cause of action" attached to non-dispositive motions is far weaker. *Kamakana*, 447 F.3d at 1178-79 (quotations omitted).  As a result, where a good cause showing is made, the "usual presumption of the public's right to access is rebutted." *Id.* at 1179.

"The most commonly accepted definition of trade secrets," *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 266 (1979), which the Ninth Circuit has applied in the sealing context, *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (unpublished), is found in comment b to section 757 of the first Restatement of Torts.  *Accord, e.g.*, *Union Oil Co. of Cal. v. Fed. Power Comm'n*, 542 F.2d 1036, 1044 (9th Cir. 1976); *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972).  The Restatement defines "trade secret" as "*any* formula, pattern, device or compilation of information which is used in one's business, and which gives him *an opportunity* to obtain an advantage over competitors who do not know or use it." RESTATEMENT OF TORTS § 757, cmt. b (1939) (emphasis added).  Thus, in *In re Electronic Arts*, the Ninth Circuit stated that "pricing terms, royalty rates, and guaranteed minimum payment terms … plainly fall[] within the definition of 'trade secrets,'" and held that a district court had abused its discretion in denying sealing of such information.  298 Fed. App'x 568, 569 (9th Cir. 2008) (unpublished); *see also Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013) (citing *Electronic Arts* and noting that pricing terms, royalty rates, and guaranteed minimum payments are trade secrets).  Indeed, such data is both a paradigmatic trade secret and the precise sort of information that could be used to harm a business's competitive standing—both considerations suffice to overcome the limited public interest in disclosure and thus to justify sealing.

Consistent with this law, this Court has previously ruled that licensing materials and terms are properly subject to sealing:

> Apple moves to seal terms of licensing agreements that it has entered into with various third parties. It argues that disclosing the terms of these licensing agreements will put it at a disadvantage in negotiations for future licensing deals. The Court agrees with respect to pricing terms, royalty rates, and minimum payment terms of the licensing agreements, as set forth in *Electronic Arts*, 298 Fed. App'x at 569. Disclosing this information to the public will create an asymmetry of information for Apple in the negotiation of future licensing deals. *See id.* (finding "pricing terms, royalty rates, and guaranteed minimum payment terms" of a license agreement to "plainly fall[] within the definition of 'trade secrets'"). Accordingly the Court will follow the Ninth Circuit's guidance and seal all information related to the payment terms of Apple's licensing agreements.

(Dkt. No. 1649 at 10:21-11:3.)

The portions of the documents subject to this motion should be sealed because they contain both trade secrets and confidential "commercial information," and Samsung has made particularized showings sufficient to meet the "good cause" standard for each document at issue. (*See* Kim Decl., ¶¶ 4-5.) A competitor could use Samsung's licensing terms to determine Samsung's licensing "floor," and disclosing this information would also "create an asymmetry of information for [Samsung] in the negotiation of future licensing deals." (Dkt No. 1649 at 10:26-27.) Counterparties to licensing negotiations with Samsung could use information about its negotiations to their advantage in negotiations with Samsung. (Kim Decl., ¶¶4-5.) In addition, as the Court has previously recognized, the public disclosure of confidential information about licensing negotiations between litigants "would undoubtedly impede future" settlement discussions and such discussions should be encouraged. (Dkt. 2913, at 4.) As a result, the Court should find the confidential licensing information at issue here sealable.[3]

## **CONCLUSION**

For the foregoing reasons, Samsung respectfully requests that the Court grant this renewed administrative motion to file under seal.

---

[3] The highlighted versions of previously filed documents that are attached to this motion identify the information Samsung considers confidential and seeks to seal.

1  DATED: July 2, 2014                    Respectfully submitted,

2                                         QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP
3

4
                                          By  /s/ Victoria F. Maroulis
5                                             Charles K. Verhoeven
                                              Kevin P.B. Johnson
6                                             Victoria F. Maroulis
                                              Attorneys for SAMSUNG ELECTRONICS
7                                             CO., LTD., SAMSUNG ELECTRONICS
                                              AMERICA, INC. and SAMSUNG
8                                             TELECOMMUNICATIONS AMERICA, LLC