RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
XAVIER M. BRANDWAJN (Ca. Bar No. 246218)
Xavier.brandwajn@alston.com
ALSTON & BIRD LLP
1950 University Circle, Fifth Floor
East Palo Alto, CA 94303-2282
Telephone: 650-838-2000
Facsimile: 650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (pro hac vice)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777

Attorneys for NOKIA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE, INC., a California corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

Case No.: 12-CV-00630-LHK

**DECLARATION OF RYAN W. KOPPELMAN IN SUPPORT OF NOKIA'S MOTION FOR PARTIAL RECONSIDERATION OF LIMITED PORTIONS OF THE COURT'S ORDER RE: MOTIONS TO SEAL (DKT. 3113)**

/ / /

/ / /

I, Ryan W. Koppelman, declare as follows:

1. I am an attorney with the law firm of Alston & Bird LLP, counsel for non-party Nokia Corporation ("Nokia") in the above-captioned action currently pending in the U.S. District Court for the Northern District of California. I am a member in good standing of the State Bar of California and am admitted to practice before this Court. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify thereto.

2. Attached as **Exhibit 1** is a table showing the docket number, document title, and passages that Nokia moves the Court to reconsider its denial of sealing. Highlighted copies of the documents Nokia seeks reconsideration on are concurrently filed with this motion.

3. Docket Number 2395, Samsung's Opposition to Apple's Motion to Compel Further Discovery And For Sanctions contains confidential financial terms of Nokia's licensing agreement with Apple, as well as arguments and statements that imply those terms. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms or the disclosure of information implying them would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

4. Docket Number 2395, Pease Declaration In Support of Samsung's Opposition to Apple's Motion to Compel Further Discovery and For Sanctions contains confidential financial terms of Nokia's licensing agreement with Apple, as well as arguments and statements that imply those terms. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms or the disclosure of information implying them would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

5. Docket Number 2395, Exhibit A to the Pease Declaration In Support of Samsung's Opposition to Apple's Motion to Compel Further Discovery and For Sanctions is a letter from Robert Becher at Quinn Emanuel to Randall Allen at Alston & Bird. Mr. Becher's letter states the confidential financial terms of Nokia's licensing agreement with Apple. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered

these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

6. Docket Number 2395, Exhibit D to the Pease Declaration In Support of Samsung's Opposition to Apple's Motion to Compel Further Discovery and For Sanctions is a letter from Robert Becher at Quinn Emanuel to William Lee at Wilmer Hale. Mr. Becher's letter states the confidential financial terms of Nokia's licensing agreement with Apple. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

7. Docket Number 2395, Exhibit E to the Pease Declaration In Support of Samsung's Opposition to Apple's Motion to Compel Further Discovery and For Sanctions is a letter from Robert Becher at Quinn Emanuel to William Lee at Wilmer Hale. Mr. Becher's letter states the confidential financial terms of Nokia's licensing agreement with Apple. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

8. Docket Number 2556, Samsung's Supplemental Brief In Support of Opposition to Apple Inc.'s Motion to Compel contains confidential terms of Nokia's licensing agreement with Apple, arguments and statements that imply those terms, and nonpublic details about Nokia's licensing negotiations. Nokia maintains these licensing terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms or the disclosure of information implying them would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors. The non-public details of Nokia's licensing negotiations are subject to NDA. Nokia has a duty to maintain them as confidential and has maintained them as confidential. The disclosure of the details of these negotiations would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

9. Docket Number 2556-8, Ahn Declaration In Support of Samsung's Supplemental Brief In Support Of Opposition To Apple Inc.'s Motion To Compel Further Discovery And For Sanctions For Violations Of Protective Order contains arguments and statements that imply the confidential terms of Nokia's licensing agreement with Apple by a witness who had access to that information and nonpublic details about Nokia's licensing negotiations. Nokia maintains its licensing terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of information implying them would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors. The non-public details of Nokia's licensing negotiations are subject to NDA. Nokia has a duty to maintain them as confidential and has maintained them as confidential. The disclosure of the details of these negotiations would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

10. Docket Number 2556-12, Kwak Declaration In Suppport of Samsung's Supplemental Brief In Support Of Opposition To Apple Inc.'s Motion To Compel Further Discovery And For Sanctions For Violations Of Protective Order contains arguments and statements that imply the confidential terms of Nokia's licensing agreement with Apple by a witness who had access to that information and nonpublic details about Nokia's licensing negotiations. Nokia maintains its licensing terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of information implying them would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors. The non-public details of Nokia's licensing negotiations are subject to NDA. Nokia has a duty to maintain them as confidential and has maintained them as confidential. The disclosure of the details of these negotiations would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

11. Docket Number 2556-16, Shim Declaration in Support of Samsung's Supplemental Brief In Support Of Opposition To Apple Inc.'s Motion To Compel Further Discovery And For Sanctions For Violations Of Protective Order contains arguments and statements that imply the confidential terms of Nokia's licensing agreement with Apple by a witness who had access to that

information. Nokia maintains its licensing terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of information implying them would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

12. Docket Number 2556-10, Kang Declaration In Support of Samsung's Supplemental Brief In Support Of Opposition To Apple Inc.'s Motion To Compel Further Discovery And For Sanctions For Violations Of Protective Order contains arguments and statements that imply the confidential terms of Nokia's licensing agreement with Apple by a witness who had access to that information. Nokia maintains its licensing terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of the disclosure of information implying them would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

13. Docket Number 2557-4, Apple Inc.'s Supplemental Brief in Support of Its Motion for Sanctions contains arguments and statements that imply the confidential terms of Nokia's licensing agreement with Apple. Nokia maintains its licensing terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of the disclosure of information implying them would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

14. Docket Number 2557-8, Exhibit 2 of the Selwyn Declaration is a complete transcript of the deposition of Seungho Ahn. The transcript contains confidential terms of Nokia's licensing agreement with Apple, arguments and statements that imply those terms, and nonpublic details about Nokia's licensing negotiations. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors. Further, the non-public details of Nokia's licensing negotiations are subject to NDA. Nokia has a duty to maintain them as confidential and has maintained them as confidential. The disclosure of the details of these negotiations would cause

Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

15. Docket Number 2557-11, Exhibit 9 of the Selwyn Declaration is a complete transcript of the deposition of Jin Kwak. The transcript contains confidential terms of Nokia's licensing agreement with Apple, arguments and statements that imply those terms, and nonpublic details about Nokia's licensing negotiations. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors. Further, the non-public details of Nokia's licensing negotiations are subject to NDA. Nokia has a duty to maintain them as confidential and has maintained them as confidential. The disclosure of the details of these negotiations would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

16. Docket Number 2557-16, Exhibit 10 of the Selwyn Declaration is a letter from Robert Becher at Quinn Emanuel to William Lee at Wilmer Hale. Mr. Becher's letter states confidential financial terms of Nokia's licensing agreement with Apple. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

17. Docket Number 2558-17, Exhibit 15 of the Koppelman Declaration In Support of Nokia's Ex-Parte Administrative Motion to File Under Seal is a letter from Robert Becher at Quinn Emanuel to Randall Allen at Alston & Bird. Mr. Becher's letter states confidential financial terms of Nokia's licensing agreement with Apple. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

18. Docket Number 2610, Samsung's Motion for Leave to Take Discovery contains confidential terms of Nokia's licensing agreement with Apple, arguments and statements that imply

those terms, and nonpublic details about Nokia's licensing negotiations. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors. Further, the non-public details of Nokia's licensing negotiations are subject to NDA. Nokia has a duty to maintain them as confidential and has maintained them as confidential. The disclosure of the details of these negotiations would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

19. Docket Number 2624, Apple Inc.'s Opposition to Samsung's Motion for Leave to Take Discovery contains nonpublic details about Nokia's licensing negotiations and arguments and statements that imply confidential terms of Nokia's licensing agreement with Apple. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors. Further, the non-public details of Nokia's licensing negotiations are subject to NDA. Nokia has a duty to maintain them as confidential and has maintained them as confidential. The disclosure of the details of these negotiations would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

20. Docket Number 2633-4, Samsung's Reply in Support of Its Motion for Leave to Take Discovery contains nonpublic details about Nokia's licensing negotiations and arguments and statements that imply confidential terms of Nokia's licensing agreement with Apple. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors. Further, the non-public details of Nokia's licensing negotiations are subject to NDA. Nokia has a duty to maintain them as confidential and has maintained them as confidential. The disclosure of the details of these negotiations would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

21. Docket Number 2835-3, Samsung's Response to November 8, 2013 Order to Show Cause Why Sanctions Are Not Warranted contains confidential terms of Nokia's licensing agreement with Apple, arguments and statements that imply those terms, and nonpublic details about Nokia's licensing negotiations. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors. Further, the non-public details of Nokia's licensing negotiations are subject to NDA. Nokia has a duty to maintain them as confidential and has maintained them as confidential. The disclosure of the details of these negotiations would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

22. Docket Number 2835, Exhibit 39 of the Becher Declaration is transcript excerpts from the deposition of Paul Melin. The excerpts contain confidential terms of Nokia's licensing agreement with Apple, arguments and statements that imply those terms, nonpublic details about Nokia's licensing negotiations, and nonpublic details about arbitrations to which Nokia was a party. The excerpts also details internal communication between Nokia employees related to licensing that could give Nokia's competitors insight into how Nokia strategizes for and conducts its licensing activities. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors. For the same reasons, internal Nokia strategy regarding its licensing terms is likewise confidential. Further, the non-public details of Nokia's licensing negotiations are subject to NDA. Nokia has a duty to maintain them as confidential and has maintained them as confidential. The disclosure of the details of these negotiations would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

23. Docket Number 2835, Exhibit 40 of the Becher Declaration is transcript excerpts from the deposition of Jin Kwak. The excerpts contain confidential terms of Nokia's licensing

agreement with Apple, arguments and statements that imply those terms, and nonpublic details about Nokia's licensing negotiations. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors. Further, the non-public details of Nokia's licensing negotiations are subject to NDA. Nokia has a duty to maintain them as confidential and has maintained them as confidential. The disclosure of the details of these negotiations would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

24. Docket Number 2836-3, Nokia's Brief In Support of Sanctions Against Samsung and Quinn Emanuel contains confidential terms of Nokia's licensing agreement with Apple and nonpublic details about Nokia's licensing negotiations. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors. Further, the non-public details of Nokia's licensing negotiations are subject to NDA. Nokia has a duty to maintain them as confidential and has maintained them as confidential. The disclosure of the details of these negotiations would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

25. Docket Number 2836, Exhibit 1 of the Koppelman Declaration is transcript excerpts from the deposition of Paul Melin. The excerpts contain confidential terms of Nokia's licensing agreement with Apple, arguments and statements that imply those terms, nonpublic details about Nokia's licensing negotiations, and nonpublic details about arbitrations to which Nokia was a party. The excerpts also details internal communication between Nokia employees related to licensing that could give Nokia's competitors insight into how Nokia strategizes for and conducts its licensing activities. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of

information vis-à-vis its competitors. For the same reasons, internal Nokia strategy regarding its licensing terms is likewise confidential. Further, the non-public details of Nokia's licensing negotiations, as well as about arbitrations to which Nokia was a party, are subject to NDA. Nokia has a duty to maintain them as confidential and has maintained them as confidential. The disclosure of the details of these negotiations would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

26. Docket Number 2836, Exhibit 5 of the Koppelman Declaration is transcript excerpts from the deposition of Eeva Hakoranta. The excerpts contain confidential terms of Nokia's licensing agreement with Apple, arguments and statements that imply those terms, nonpublic details about Nokia's licensing negotiations, and nonpublic details about arbitrations to which Nokia was a party. The excerpts also details internal communication between Nokia employees related to licensing that could give Nokia's competitors insight into how Nokia strategizes for and conducts its licensing activities. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors. For the same reasons, internal Nokia strategy regarding its licensing terms is likewise confidential. Further, the non-public details of Nokia's licensing negotiations, as well as about arbitrations to which Nokia was a party, are subject to NDA. Nokia has a duty to maintain them as confidential and has maintained them as confidential. The disclosure of the details of these negotiations would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

27. Docket Number 2838, Apple's Brief Regarding Appropriate Sanctions for Samsung's Protective Order Violations, contains confidential terms of Nokia's licensing agreement with Apple, as well as arguments and statements that imply those terms. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

28. Docket Number 2838, Exhibit 22 to the Selwyn Declaration is transcript excerpts from the deposition of Jeff Risher. The excerpts contain confidential terms of Nokia's licensing agreement with Apple, as well as questions and statements that imply those terms. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

29. Docket Number 2838, Exhibit 23 to the Selwyn Declaration is a complete transcript of the deposition of Paul Melin. This transcript contains confidential terms of Nokia's licensing agreement with Apple, arguments and statements that imply those terms, nonpublic details about Nokia's licensing negotiations, and nonpublic details about arbitrations to which Nokia was a party. The transcript also details internal communication between Nokia employees related to licensing that could give Nokia's competitors insight into how Nokia strategizes for and conducts its licensing activities. Similarly, the index to this transcript cross-references the confidential information and could likewise allow Nokia's competitors to determine its confidential information. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors. For the same reasons, internal Nokia strategy regarding its licensing terms is likewise confidential. Further, the non-public details of Nokia's licensing negotiations, as well as about arbitrations to which Nokia was a party, are subject to NDA. Nokia has a duty to maintain them as confidential and has maintained them as confidential. The disclosure of the details of these negotiations would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

30. Docket Number 2838, Exhibit 25 to the Selwyn Declaration is a letter from Robert Becher at Quinn Emanuel to Randall Allen at Alston & Bird. Mr. Becher's letter states confidential financial terms of Nokia's licensing agreement with Apple. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these

terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

31. Docket Number 2838, Exhibit 26 to the Selwyn Declaration is a complete transcript of Eeva Hakoranta. This transcript contains confidential terms of Nokia's licensing agreement with Apple, arguments and statements that imply those terms, nonpublic details about Nokia's licensing negotiations, and nonpublic details about arbitrations to which Nokia was a party. The transcript also details internal communication between Nokia employees related to licensing that could give Nokia's competitors insight into how Nokia strategizes for and conducts its licensing activities. Similarly, the index to this transcript cross-references the confidential information and could likewise allow Nokia's competitors to determine its confidential information. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors. For the same reasons, internal Nokia strategy regarding its licensing terms is likewise confidential. Further, the non-public details of Nokia's licensing negotiations, as well as about arbitrations to which Nokia was a party, are subject to NDA. Nokia has a duty to maintain them as confidential and has maintained them as confidential. The disclosure of the details of these negotiations would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

32. Docket Number 2871, Samsung's Supplemental Response contains nonpublic details about Nokia's licensing negotiations and arguments and statements that imply confidential terms of Nokia's licensing agreement with Apple. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors. For the same reasons, internal Nokia strategy regarding its licensing terms is likewise confidential. Further, the non-public details of Nokia's licensing negotiations are subject to NDA. Nokia has a duty to maintain them as confidential and has maintained them as confidential. The disclosure of the details of these

negotiations would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

33. Docket Number 2872, Nokia's Supplemental Brief contains confidential terms of Nokia's licensing agreement with Apple, arguments and statements that imply those terms, and nonpublic details about Nokia's licensing negotiations. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors. For the same reasons, internal Nokia strategy regarding its licensing terms is likewise confidential. Further, the non-public details of Nokia's licensing negotiations are subject to NDA. Nokia has a duty to maintain them as confidential and has maintained them as confidential. The disclosure of the details of these negotiations would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

34. Docket Number 2873, Apple's Post-Hearing Brief in Support of Sanctions contains nonpublic details about Nokia's licensing negotiations. Nokia maintains these terms as confidential. The Court has already confirmed their confidential status and previously ordered these terms sealed. The disclosure of these confidential terms would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors. For the same reasons, internal Nokia strategy regarding its licensing terms is likewise confidential. Further, the non-public details of Nokia's licensing negotiations are subject to NDA. Nokia has a duty to maintain them as confidential and has maintained them as confidential. The disclosure of the details of these negotiations would cause Nokia competitive harm by causing a competitive imbalance and asymmetry of information vis-à-vis its competitors.

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.**

Executed this 2nd day of July, 2014 in East Palo Alto, California.

*/s/ Ryan W. Koppelman*
Ryan W. Koppelman
ryan.koppeman@alston.com
(Ca. Bar No. 290704)
**ALSTON & BIRD LLP**
1950 University Circle, Fifth Floor
East Palo Alto, CA 94303-2282
Telephone: 650-838-2000
Facsimile: 650-838-2001

*Attorney for Non-Party NOKIA CORPORATION*