UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,           )<br>                                                                  )<br>               Plaintiff,                                         )<br>        v.                                                           )<br>                                                                  )<br>SAMSUNG ELECTRONICS CO., LTD., A    )<br>Korean corporation; SAMSUNG                     )<br>ELECTRONICS AMERICA, INC., a New York )<br>corporation; SAMSUNG                                   )<br>TELECOMMUNICATIONS AMERICA, LLC,  )<br>a Delaware limited liability company,             )<br>                                                                  )<br>               Defendants.                                   )<br>_____) | Case No.: 11-CV-01846-LHK<br><br>ORDER GRANTING VARIOUS<br>ADMINISTRATIVE MOTIONS TO<br>SEAL AND MOTIONS TO REMOVE<br>INCORRECTLY FILED DOCUMENT |

The Court GRANTS the parties' two motions to remove an incorrectly filed document. *See* ECF Nos. 2551, 2579.

Before the court are 7 administrative motions to seal 21 documents. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to dispositive motions bear the burden of

1

Case No.: 5:11-cv-1846-LHK
ORDER RE: MOTIONS TO SEAL

1  overcoming the presumption with "compelling reasons" that outweigh the general history of access
2  and the public policies favoring disclosure. *Id.* at 1178-79.

3  However, "while protecting the public's interest in access to the courts, we must remain
4  mindful of the parties' right to access those same courts upon terms which will not unduly harm
5  their competitive interest." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29
6  (Fed. Cir. 2013). Records attached to nondispositive motions therefore are not subject to the strong
7  presumption of access. *See id.* Because the documents attached to nondispositive motions "are
8  often unrelated, or only tangentially related, to the underlying cause of action," parties moving to
9  seal must meet the lower "good cause" standard of Rule 26(c). *Id.* (internal quotations and citations
10 omitted). As with dispositive motions, the standard applicable to nondispositive motions requires a
11 "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is
12 disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir.
13 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples
14 of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476
15 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's
16 previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447
17 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential
18 documents does not provide sufficient judicial scrutiny to determine whether each particular
19 document should remain sealed. *See* Civ. L. R. 79-5(d)(1)(A) ("Reference to a stipulation or
20 protective order that allows a party to designate certain documents as confidential is not sufficient
21 to establish that a document, or portions thereof, are sealable.").

22 Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a trial court has broad
23 discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or
24 other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).
25 The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts,
26 holding that "[a] trade secret may consist of any formula, pattern, device or compilation of
27 information which is used in one's business, and which gives him an opportunity to obtain an
28 advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th

Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b). "Generally it relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* In addition, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. As to license agreements, the Ninth Circuit has held that such "business information" includes "pricing terms, royalty rates, and guaranteed minimum payment terms." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). Moreover, in this case, the Federal Circuit has counseled that "Apple and Samsung have an interest in keeping their detailed product-specific financial information secret . . . because they could suffer competitive harm if this information is made public." *Apple*, 727 F.3d at 1225.

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L. R. 79-5. Pursuant to Civ. L. R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L .R. 79-5(d)." Civ. L. R. 79-5(b) (requiring the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," and an "unreadacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version."). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L. R. 79-5(e)(1).

With these standards in mind, the Court rules on the instant motions as follows.

| **Motion to Seal** | **Document to be Sealed** | **Ruling** |
|---|---|---|
| 2851 | Apple's Motion for Attorneys' Fees | GRANTED |
| 2851 | Exhibit A to the Declaration of Michael A. Jacobs in Support of Apple's Motion for Attorneys' Fees | GRANTED |

3

Case No.: 5:11-cv-1846-LHK
ORDER RE: MOTIONS TO SEAL

| | | |
|---|---|---|
| 2855 | Exhibit B-5 to the Declaration of Rachel Krevans in Support of Apple's Bill of Costs | GRANTED |
| 2855 | Exhibit E-3 to the Declaration of Mark D. Selwyn in Support of Apple's Bill of Costs | GRANTED |
| 2915 | Samsung's Opposition to Apple's Renewed Motion for a Permanent Injunction | GRANTED |
| 2915 | Korea Decl. iso Samsung's Opposition | GRANTED |
| 2915 | Wagner Decl. iso Samsung's Opposition | GRANTED |
| 2915 | Gray Decl. iso Samsung's Opposition | GRANTED |
| 2915 | Ex. 2 to Gray Decl. iso Samsung's Opposition | GRANTED |
| 2915 | Ex. 4 to Gray Decl. iso Samsung's Opposition | GRANTED |
| 2915 | Ex. 2 to Smith Decl. iso Samsung's Opposition | GRANTED |
| 2915 | Ex. 7 to Smith Decl. iso Samsung's Opposition | GRANTED |
| 2915 | Ex. 10 to Smith Decl. iso Samsung's Opposition | GRANTED |
| 2915 | Ex. 11 to Smith Decl. iso Samsung's Opposition | GRANTED |
| 2915 | Ex. 12 to Smith Decl. iso Samsung's Opposition | GRANTED |
| 2915 | Ex. 31 to Wind Decl. iso Samsung's Opposition | GRANTED |
| 2943 | Amended Exhibit B-5 to the Supplemental Declaration of Rachel Krevans in Support of Apple's Amended Bill of Costs Waiving Certain Costs | GRANTED |
| 2943 | Amended Exhibit E-3 to the Supplemental Declaration of Mark Selwyn in Support of Apple's Amended Bill of Costs | GRANTED |
| 2971 | Samsung's Response to Apple's Amended Bill of Costs | GRANTED |
| 3112 | Samsung's Motion to Enforce Preliminary Injunction Bond | GRANTED |
| 3122 | Apple's Opposition to Samsung's Motion to Enforce Preliminary Injunction Bond | GRANTED |

**IT IS SO ORDERED.**

Dated: July 7, 2014

_____
LUCY H. KOH
United States District Judge

4

Case No.: 5:11-cv-1846-LHK
ORDER RE: MOTIONS TO SEAL