QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE (RE: DOCKET NO. 3117), ORDER SETTING REASONABLE ATTORNEY'S FEES AND COSTS;**<br><br>**DECLARATION OF ROBERT J. BECHER;**<br><br>**[PROPOSED] ORDER** |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that, pursuant to Local Rule 72-2, Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A), and the Order granting Stipulation (Dkt. 2950), Samsung moves for relief from Magistrate Judge Grewal's June 20, 2014 Order Setting Reasonable Attorney's Fees and Costs (Dkt. 3117, the "Fees Order") on the grounds that the $2,038,853.72 in expenses awarded to Apple and Nokia is unreasonable and should be reduced by at least 50% to reflect Apple's and Nokia's limited success in the sanctions proceeding and the significant amount of unnecessary work they performed. Samsung further requests that the Court extend Quinn Emanuel's ("QE's") payment deadline—currently set for July 21, 2014—until 30 days after this motion is resolved.

**Preliminary Statement**

Judge Grewal's award of more than $2 million in expenses to Apple and Nokia is excessive—virtually unprecedented—and should be reduced by at least 50%. As Judge Grewal concluded in his sanctions order (Dkt. 2935, the "Sanctions Order"), Apple and Nokia came up empty in their massive fishing expedition for evidence that Samsung misused their confidential information or that QE's disclosures were anything other than inadvertent. Judge Grewal thus rightly rejected the "vast majority" of Apple's and Nokia's requested sanctions as "ludicrously overbroad" and instead sanctioned QE solely for inadvertence. On that basis alone, Judge Grewal ordered QE to reimburse Apple and Nokia for "any and all" expenses incurred in connection with the protective order dispute, including in pursuit of motions and relief that they *lost*.

While Judge Grewal's underlying sanctions order was properly narrow, the Fees Order was not because it includes Apple's and Nokia's mammoth expenses for their scorched-earth discovery expedition and serial motion practice that Judge Grewal ultimately found meritless. Indeed, the bulk of Apple's and Nokia's fees were incurred in a campaign that not only failed to support their overwrought claims of use and harm, but affirmatively debunked them to the point that Judge Grewal concluded that "what began as a chorus of loud and certain accusations had died down to aggressive suppositions and inferences." (Dkt. 2935 at 18.) Apple and Nokia thus ended up where the record began—with evidence of inadvertent disclosures by QE that caused them no harm. And, confirming that those inadvertent disclosures caused no harm, Apple's own counsel—

with no complaint from Nokia—filed the same purportedly confidential information on the public docket in this case and left it there for public consumption for more than 4 months.

Apple's and Nokia's tireless pursuit of draconian, wholly unprecedented sanctions against Samsung and QE, even in the complete absence of evidence of harm, shows that they did not seek relief to remediate harm or deter future violations, but instead to embarrass and prejudice their litigation opponents at maximum expense. To that extent, they have been successful, as Samsung and QE have been publicly derided for months and were forced to incur *more than $10 million* in expenses and attorney time to rebut inflammatory charges now shown to have been baseless. Apple and Nokia should not be reimbursed for their failed efforts to show they were harmed by QE's admitted inadvertent disclosures.

Judge Grewal's Fees Order is contrary to law and an abuse of discretion because it requires QE to pay Apple's and Nokia's expenses incurred in pursuing motions and arguments that they lost. Samsung and QE therefore respectfully request that the Court reduce the amount of expenses owed to Apple and Nokia by at least 50%—which is a reasonable and appropriate reduction given that virtually *none* of the expenses Apple and Nokia incurred contributed to the limited sanctions that were awarded. QE further requests that the Court extend QE's payment deadline—currently July 21, 2014—until 30 days after this motion is resolved, so that the amount of the award can be decided by this Court before any payment is made.

**Factual Background**[1]

On July 1, 2013, Nokia's Paul Melin filed a declaration in which he claimed that Samsung's Dr. Seungho Ahn had admitted during a June 2013 licensing negotiation meeting that he had learned the confidential terms of an Apple-Nokia license agreement from Samsung's outside counsel. In the course of investigating Mr. Melin's assertion, Samsung determined that a few lines of a 295-paragraph expert report referencing the terms of the Apple-Nokia license had been left unredacted (in an otherwise heavily redacted report) before being disclosed to Samsung.

---

[1] The factual and procedural record regarding this matter is set forth in detail in Samsung's Response to November 8, 2013 Order to Show Cause, Dkt. 2835-5.

On July 16, 2013, QE, on its own initiative, notified Nokia of the inadvertent disclosures, including by identifying the dates, authors and recipients of the relevant emails and the contents of the relevant attachments, as then known. In the following weeks, QE continued to provide information to Nokia and notified Apple of the disclosures. On August 18, 2013, before the Court became involved, Samsung and Nokia stipulated to a comprehensive investigation and remediation protocol, including retention of an e-discovery vendor, that would identify the scope of the disclosures and ensure remediation. (Dkt. 742, Case No. 12-630 ("Stipulation").)

Not content to await the results of that agreed-upon investigation, and seeking to exploit the situation, on August 23, 2013, Apple filed a motion to compel and for sanctions that sought broad discovery and sanctions. (Dkt. 2374-2.) Even at that early stage, Apple was able to supply the Court with detailed information about the inadvertent disclosures based on information QE had voluntarily provided. (*Id*. at 6-7.)

On October 2, 2013, Judge Grewal entered the Stipulation as an Order, but also ordered Samsung to provide substantial discovery based on Apple's contention that there remained unanswered questions regarding the use and disclosure of the alleged confidential information. (Dkt. 2483 at 5.) Apple and Nokia then embarked on a barrage of discovery and briefing that included 40 hours of Samsung witness depositions, Samsung's production of hundreds of documents, a comprehensive privilege log running 737 pages, and rounds of briefing relating to Apple's and Nokia's multiple challenges to Samsung's privilege claims (*e.g.*, Dkts. 2374-2 at 13-14; 2502; 2505-1; 2824; 2825-2; 2988 at 5-7; 3039-4 at 9-10), *all* of which Apple and Nokia lost. Apple and Nokia also raised unsuccessful challenges to Samsung's requests to take limited discovery. (*See* Dkt. Nos. 2610, 2622, 2624, 2689 at 4.) A summary of Apple's and Nokia's unsuccessful efforts in the sanctions proceedings is included in the Becher Declaration.

Even though, as Judge Grewal found, Apple and Nokia uncovered *no* evidence that their confidential information had been misused in licensing negotiations or otherwise, both proceeded to request extreme and punitive sanctions, including unprecedented restrictions on Samsung's and QE's business and legal activities, public findings of intentional misconduct, and even a request to require Samsung and QE to provide written notice "of their protective order breaches" to all their

(or their clients') litigation adversaries.  (*See* Dkts. 2838-3, 2836-4.)

In the Sanctions Order, Judge Grewal stated that he was "not persuaded" that Samsung misused confidential information (Dkt. 2935 at 10), and concluded that "what began as a chorus of loud and certain accusations" by Apple and Nokia of misuse and harm had "died down to aggressive suppositions and inferences, and without anything more, Quinn Emanuel and Samsung cannot reasonably be subject to more punitive sanctions," *id*. at 18.  Indeed, when he eventually appeared for his (compelled) deposition, Mr. Melin substantially recanted the story he told in the declaration that started this protracted process, leading Judge Grewal to express concern about Mr. Melin's veracity.  (*E.g.*, Dec. 9, 2013 Hr'g Tr. 87:2-7 ("So it seems to me as I read that deposition transcript, Mr. Melin paints a very different picture of the precision with which … Dr. Ahn uses certain terms in that conversation.").)  Judge Grewal rejected the "vast majority" of Apple's and Nokia's "ludicrously overbroad" requests for sanctions, but ordered QE, pursuant to Fed. R. Civ. P. 37, to reimburse Apple and Nokia for "any and all costs and fees incurred in litigating [Apple's sanctions] motion and the discovery associated with it."  (*Id.*)

Based on the Sanctions Order, Apple then requested $905,783 in fees and expenses and Nokia sought $1,196,704.74.  Samsung and QE objected, arguing, *inter alia*, that the requests included expenses associated with motions and issues on which Apple and Nokia lost and unnecessary work given Samsung's and QE's voluntary disclosures of information and their agreement to the procedures in the Stipulation.  (Dkt. 3000 at 3-4; Feb. 27, 2014 Hr'g Tr. 18:25-28:21.)  In the Fees Order (Dkt. 3117), Judge Grewal made minor reductions for things like business-class airfare and unnecessary travel by Nokia's counsel to Korea, but did not make any reductions based on Apple's and Nokia's lack of success or unnecessary work, and ordered QE "to pay Nokia a total of $1,145,027.95 and Apple a total of $893,825.77" within 30 days.  (*Id*. at 10.) Thus, Judge Grewal reduced Apple's request by merely $11,957 and Nokia's by merely $51,676.

## Argument

An award fees and costs under Rule 37 is limited to "reasonable expenses" "caused by the failure" to obey a court order.  Fed. R. Civ. P. 37(b)(2)(C).  As a matter of law, an award is not "reasonable" if it fails to account for a party's lack of success, *see*, *e.g.*, *Hensley v. Eckerhart*, 461

1  U.S. 424, 434, 439-40 (1983) ("where the plaintiff achieved only limited success, the district court
2  should award only that amount of fees that is reasonable in relation to the results obtained");
3  *Keithley v. Homestore.com, Inc.*, 2009 WL 55953, *2-6 (N.D. Cal. Jan. 7, 2009); *Thai-Lao Lignite
4  (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 2012 WL 5816878, *9
5  (S.D.N.Y. Nov. 14, 2012); or if it includes expenses that are "self-inflicted," resulting from a
6  party's own "spare-no-expense punitive expedition," *In re Dual-Deck Video Cassette Recorder
7  Antitrust Litig.*, 10 F.3d 693, 696 (9th Cir. 1993), and not by violations of court orders, *see Toth v.
8  Trans World Airlines, Inc.*, 862 F.2d 1381, 1386 (9th Cir. 1988).

9        The Fees Order requiring QE to pay more than $2 million of Apple's and Nokia's
10  expenses—which is magnitudes beyond any award ever imposed for a protective order violation,
11  even in the face of far more egregious conduct (*see* Dkt. 2871 at 9-10 & n.9 (citing, *e.g.*, *LifeScan
12  Scotland v. Shasta Techs.*, 2013 WL 5949629, *4 (N.D. Cal. Nov. 6, 2013) (Orrick, J.) (awarding
13  $42,000 for *willful* protective order violation))—is not "reasonable" and should be reduced
14  substantially.  It does not account for the fact that Apple's and Nokia's overzealous pursuit of
15  sanctions was unsuccessful:  Apple and Nokia failed to prove *any* misuse of their confidential
16  information or *any* resulting harm.  Moreover, as detailed in the Becher Declaration, Apple and
17  Nokia lost numerous motions and arguments, including their repeated challenges to Samsung's
18  privilege claims.  (Becher Dec. ¶¶ 2-10.)

19        The Fees Order also fails to reflect that the conduct Judge Grewal found sanctionable—
20  inadvertent disclosures by QE—is precisely what QE disclosed voluntarily to Apple and Nokia
21  *before* they commenced their crusade and that Samsung and QE had committed to investigate
22  fully pursuant to the Stipulation.  For this reason, virtually all the expenses incurred after Apple
23  filed its sanctions motion on August 23, 2013—when Apple and Nokia had collectively incurred
24  only approximately $135,000 in fees (*see* Dkts. 3000-25; 3000-26)—were unnecessary, were not
25  "caused by" QE's violation of the protective order, and thus may not be awarded under Rule 37.

26        Accordingly, to reflect Apple's and Nokia's lack of success and unnecessary work, the
27  Court should reduce their awards by at least 50%.

28

1  DATED: July 7, 2014                QUINN EMANUEL URQUHART &
2                                     SULLIVAN, LLP
3
4                                     By /s/ *Victoria F. Maroulis*
                                         Charles K. Verhoeven
5                                        Kevin P.B. Johnson
                                         Victoria F. Maroulis
6                                        William C. Price
                                         Michael T. Zeller
7
8                                        Attorneys for SAMSUNG ELECTRONICS CO.,
                                         LTD., SAMSUNG ELECTRONICS AMERICA,
9                                        INC. and SAMSUNG
                                         TELECOMMUNICATIONS AMERICA, LLC
10