QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>       vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF ROBERT J. BECHER IN SUPPORT OF SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE (RE: DOCKET NO. 3117), ORDER SETTING REASONABLE ATTORNEY'S FEES AND COSTS** |

# DECLARATION OF ROBERT J. BECHER

1. I am a member of the bar of the State of California, and a partner in the firm Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attorneys for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") in Case No. 11-cv-1846 LHK (PSG) and Case No. 12-cv-0630 LHK (PSG) in the Northern District of California. I make this declaration of personal knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. During the course of the protective order dispute that led to Judge Grewal's January 29, 2014 Order Granting Sanctions (Dkt. 2935)[1] and June 20, 2014 Order Setting Reasonable Attorney's Fees and Costs (Dkt. 3117) , Apple and Nokia made a number of motions and advanced numerous arguments as to which they were not successful, yet for which they were awarded their associated costs and fees. These efforts by Apple and Nokia include the following:

3. Nokia's assertion in the Melin Declaration about Samsung's alleged misuse of confidential information (Dkt. 647, Case No. 12-630)—which, as Judge Grewal recognized, "launched" this entire proceeding (Dkt. 2935 at 2)—was undermined and ultimately rejected (*see id*. at 10-11; Dec. 9, 2013 Hr'g Tr. at 87:2-7).

4. Apple's assertions that Samsung misused confidential information (i) in licensing negotiations with Nokia and Ericsson (Dkts. 2374-2 at 12; 2838-3 at 2, 13-15; 2873-3 at 5), (ii) in the course of developing FRAND licensing positions (Dkt. 2374-2 at 4; 2838-3 at 12; 2873-3 at 4-5), and (iii) in the related ITC proceeding against Apple to gain a strategic advantage (Dkts. 2838-3 at 2, 12; 2873-3 at 4), were all rejected, and indeed largely abandoned by Apple (Dkt. 2935 at 10-11).

5. Apple's and Nokia's requests for production of Samsung's privileged documents and their challenges to Samsung's privilege assertions (*e.g.*, Dkts. 2374-2 at 13-14; 2502; 2505-1; 2824; 2825-2; 2988 at 5-7; 3039-4 at 9-10; 800 at 7 (Case No. 12-630)), were never granted (*e.g.*,

---

[1] All docket entries referenced herein are from Case No. 11-1846 unless otherwise indicated.

Dkts. 820 at 7 (Case No. 12-630 (concluding, contrary to arguments Apple and Nokia had raised, that Judge Grewal's discovery order (Dkt. 2483) did not abrogate Samsung's privileges); 3061).

6. Apple's opposition to Samsung's request to depose an Apple representative was denied. (Dkts. 2610; 2624; 2689 at 4.)

7. Nokia's opposition to Samsung's request to depose Nokia's Mr. Melin and Ms. Hakoranta was denied. (Dkts. 2610; 2622; 2689 at 4-5.)

8. Nokia's motions and requests for an order requiring Samsung to comply with the October 2, 2013 so-ordered Stipulation were never granted (Dkts. 2988; 3039-4; 1041 (Case No. 12-630); 1048 (Case No. 12-630)).

9. Apple's and Nokia's requests for broad monetary and non-monetary sanctions against Samsung and Quinn Emanuel (Dkts. 2836-4; 2838-3) were rejected as "ludicrously overbroad," and Samsung was not sanctioned at all. (Dkt. 2935 at 18-19.)

10. Apple's opposition to Samsung's request for an order requiring Apple to provide information about Apple's own disclosures of confidential information was denied. (Dkts. 3009; 3038; 3068.)

11. Samsung prepared charts identifying the fees and costs requested by Apple and Nokia based on the billing records they submitted. The fees requested by Apple and Nokia are listed in Dkt. 3000-29 (Exhibit 27) and 3000-30 (Exhibit 28). The costs requested by Apple and Nokia are listed in Dkt. 3000-25 (Exhibit 23) and 3000-26 (Exhibit 24). The fee entries are organized in chronological order and include the same billing descriptions provided by Apple and Nokia.

12. On July 3, 2014, I emailed counsel for Apple and Nokia to ask if they would stipulate to extend the deadline for Quinn Emanuel's payment of the attorneys' fees and costs awarded to Apple and Nokia to 30 days after the final resolution of Samsung's motion for relief. On July 6, 2014, Apple's counsel notified me that Apple would not stipulate. On July 7, 2014, Nokia's counsel notified me that Nokia would not stipulate.

1    I declare under penalty of perjury of the laws of the United States that the foregoing is true
2    and correct.  Executed on July 7, 2014, at Los Angeles, California.
3
4                                                                By  /s/ Robert J. Becher
5                                                                      Robert J. Becher

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document. I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Robert J. Becher.

    /s/ Victoria F. Maroulis
Victoria F. Maroulis