1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:    (650) 801-5000
   Facsimile:    (650) 801-5100
9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17                    UNITED STATES DISTRICT COURT

18          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK (PSG) |
20 |              Plaintiff, | **SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF** |
21 |        vs. | **MAGISTRATE JUDGE (RE: DOCKET NO. 2935), ORDER GRANTING MOTION FOR SANCTIONS;** |
22 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | |
23 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | **DECLARATION OF ROBERT BECHER** |
24 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **[PROPOSED] ORDER** |
25 |              Defendant. | |
26

27

28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, pursuant to Local Rule 72-2, Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A), and the Order granting Stipulation Setting Deadline to Object to Magistrate Judge Grewal's January 29, 2014 Order Granting Motion for Sanctions (Dkt. 2950), Samsung hereby moves for relief from Magistrate Judge Grewal's January 29, 2014 Order Granting Motion For Sanctions (Dkt. 2935, the "Order"), to the extent it found a waiver of privilege by Samsung.

## Preliminary Statement

After months of discovery, briefing and oral arguments, Judge Grewal concluded the Apple and Nokia protective order proceedings by issuing a narrow sanction against Quinn Emanuel ("QE"). He ordered QE pay the movants' fees and costs, while rejecting the remainder of their "ludicrously overbroad" and unprecedented requests for relief. (Order at 18.) While Samsung wishes to bring the protective order proceedings to their end, there is an error in the Order that requires rectification by this Court.[1] Specifically, in footnote 13, the Order concluded as follows: "Because Samsung offered to turn over the vast majority of the documents cited in this order, the court finds that privilege has been waived as to those documents. As to all other documents cited, the court finds that the portions discussed in this order are not privileged." (Dkt. 2935 at n.13.) Both before Judge Grewal issued the Order and then later in express reliance on footnote 13 of the Order, Apple and Nokia have argued that Samsung waived the attorney-client privilege and attorney work-product protections for documents cited in the Order. Although Judge Grewal so far has rejected their demands for production of these documents, Apple and Nokia have shown at every turn that they will not leave well enough alone (and indeed Nokia wrote most recently on July 3, 2014 threatening again to reopen the protective order matter). Accordingly, Samsung has no choice but to bring this appeal to avoid their continued efforts to obtain Samsung's privileged materials in this or in other proceedings.

The privilege-waiver finding in footnote 13 of the Order is erroneous. Although Samsung

---

[1]  Pursuant to this Court's Order granting the parties' stipulation (Dkt. 2950), Samsung also moves separately for relief from Judge Grewal's separate June 20, 2014 order setting the amount of the fees and costs that QE is obligated to pay (Dkt. 3117).

1   had offered to produce certain specified documents (or portions thereof) that are privileged or

2   work-product in the interests of expediting the protective order dispute's resolution, Samsung did

3   so ***only*** on the express conditions that (i) Apple and Nokia stipulate that any production would *not*

4   result in a waiver of privilege or work product, and (ii) such stipulation would be so-ordered by

5   the Court.  Apple and Nokia never agreed, and Samsung never produced any privileged or work-

6   product documents.  Under these circumstances, controlling Ninth Circuit law is clear there was

7   *no waiver*, and Judge Grewal's waiver ruling should be reversed.

8   **Factual Background**

9         Initially, Apple and Nokia argued that Judge Grewal's October 2, 2013 Order compelling

10   the production of documents, Dkt. 2483 ("Production Order"), required Samsung to produce

11   privileged documents, *see* Becher Declaration, ¶¶ 2, 4-6 and Exs. 2, 3, which forced Samsung to

12   move for relief in this Court, Dkts. 2494, 2495 ("Motion for Relief").  In this Court's October 15,

13   2013 Order, the Court clarified that, contrary to Apple and Nokia's positions, the Production

14   Order did *not* require disclosure of privileged materials.  (Becher Decl., ¶ 7; Dkt. 2538 at 7.)  The

15   Court also confirmed that "Samsung may assert privilege objections during the course of the

16   compelled discovery and follow the normal protocol regarding privilege disputes, as set forth in

17   the protective order."  (Dkt. 2538 at 7.)  Samsung therefore withheld its privileged and work-

18   product documents and identified them on a privilege log.  (Becher Decl., ¶ 15.)

19         In an effort to resolve disputes, Samsung made conditional proposals to Apple and Nokia

20   regarding the production of privileged information and otherwise sought to clarify the appropriate

21   boundaries of contested privilege and work-product issues through agreement.  On October 10,

22   2013, while Samsung's Motion for Relief was pending, Samsung asked Apple and Nokia if they

23   would stipulate that "Samsung's production of documents reflecting the 'dissemination of and use

24   by Samsung of the confidential information'" would not result in "a waiver of the attorney-client

25   privilege, work-product doctrine or any other claim of confidentiality protection as to any

26   documents, testimony or information, whether in this action or any other action or proceeding."

27   (*Id.* ¶ 9, Ex. 5.)  Apple and Nokia refused to stipulate.  (*Id.* ¶¶ 10-13, Exs. 6-10.)

28         On October 14, 2013, Samsung again asked Apple and Nokia to stipulate regarding waiver

1   issues.  Samsung attached a proposed stipulation that provided production of materials containing

2   the information that Apple or Nokia were claiming as CBI "is not a waiver and will not be argued

3   to be a waiver of the attorney-client privilege, work product doctrine . . . as to any non-disclosed

4   documents or portions of documents or non-disclosed communications or information, and will

5   not effect or be argued to effect a subject matter waiver as to any subject matter, whether in this

6   action or any other action or proceeding."  (*Id.*¶ 14; Exs. 11, 12.)  Apple again refused to stipulate,

7   and Nokia did not respond.  (*Id.*, Ex. 13.)

8         Subsequently, Judge Grewal ordered that documents listed on Samsung's privilege log be

9   submitted for his *in camera* review and issued an OSC requiring Samsung to substantiate its claim

10   that 11 of the documents submitted *in camera* were privileged or work product.  (*Id.* ¶ 16; Dkts.

11   2588, 2689 n. 16.)  Samsung submitted that brief along with 16 detailed supporting declarations,

12   the served versions of which were redacted for privilege.  (*Id.* ¶ 16; Dkts. 2807, 2807-1 to 16.)

13   Apple and Nokia continued to demand production of privileged materials, Dkts. 2824, 2825-2;

14   Becher Decl., ¶16, but Judge Grewal did not grant their requests.

15         On November 26, 2013, in an attempt to "bring to an end the extensive litigation regarding

16   whether" the 11 documents cited in the OSC were privileged, Samsung offered to produce seven

17   of those documents "under the terms of [a] . . .  proposed stipulation, including that Samsung's

18   production will not effect a waiver of the attorney-client privilege or work-product doctrine in this

19   proceeding or any other proceeding, and will not effect a subject matter waiver as to any subject

20   matter," and further provided that the stipulation be entered as an order of the Court.  (Becher

21   Decl., ¶¶ 17-18 and Ex. 14.)  Apple and Nokia again rejected Samsung's proposal.  (*Id.* ¶ 19 and

22   Ex. 15; Dkt. 2834.)

23         On January 29, 2014, Judge Grewal denied Apple's and Nokia's "ludicrously overbroad"

24   requests for sanctions almost in their entirety, but ordered QE to reimburse Apple and Nokia for

25   fees and costs.  (Dkt. 2935.)  Judge Grewal also found that "[b]ecause Samsung offered to turn

26   over the vast majority of the documents cited in this order," Samsung had waived privilege over

27   these documents.  (*Id*. at n. 13.)  Nokia subsequently filed a motion to compel production of the

28   documents it claimed were the subject of the waiver finding, which the Court denied.  (Becher

SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER RE: DOCKET NO. 2935

1   Decl., ¶ 21; Dkts. 2988, 3060.)   It is a matter of public record that Nokia and Samsung are

2   engaged in ongoing arbitration proceedings regarding Nokia's patents (Becher Decl., ¶ 22), and, as

3   the Court is aware, Apple and Samsung are engaged in numerous other litigations.   As a result, the

4   waiver ruling enables Apple and Nokia to continue with their arguments in this and other

5   proceedings that Samsung must produce privileged or work-product information.

6                                   **Argument**

7          Although review of a non-dispositive order of a magistrate judge often falls under the

8   clearly erroneous or contrary to law standard, *see* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A),

9   rulings such as the one at issue here regarding privilege are reviewed *de novo*, *Aronson v.*

10  *McKesson HBOC, Inc.*, 2005 WL 934331, at *3 (N.D. Cal. Mar. 31, 2005).   The Court should

11  grant relief from footnote 13 of the Order because Samsung has never waived privilege.

12  **I.      SAMSUNG DID NOT WAIVE PRIVILEGE**

13         Under controlling Ninth Circuit authority, an offer or intent to produce privileged

14  documents unaccompanied by production is insufficient as a matter of law to effect a waiver.   In

15  *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337 (9th Cir. 1996), the Court of Appeals addressed

16  whether a bankruptcy trustee who had agreed in a settlement agreement to waive privilege over

17  certain communications with counsel could be compelled to provide privileged information at a

18  deposition in another case.   The Ninth Circuit reversed the district court's waiver finding and held

19  that the "mere agreement to waive the privilege does not, without disclosure, constitute a waiver

20  of the holder's right to claim it subsequently." *Id.* at 342.   Rather, the "triggering event [for

21  waiver] is ***disclosure***, not a promise to disclose." *Id.* at 341 (emphasis added).[2]

22         There is no basis to find a waiver here.   None of the documents in question was ever

23  produced to Apple or Nokia.   Indeed, Samsung's offers to produce certain documents were

24  expressly conditioned upon Apple's and Nokia's stipulation that production would not constitute a

25  ───────────────────────
        [2]   *See also*, *e.g.*, *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) ("disclosing a
26  privileged communication" is the basis for waiver); *Shared Med. Res., LLC v. Histologics, LLC*,
        2012 WL 5570213, at *3 (C.D. Cal. 2012) (declining "to find that implied waiver has already
27  occurred" because "the intent to rely on privileged information does not trigger waiver"); *QBE*
        *Ins. Corp. v. Jorda Enters., Inc.*, 286 F.R.D. 661, 665 (S.D. Fla. 2012) ("actual voluntary
28  disclosure . . . is the waiver-triggering event.").

1  waiver of attorney-client privilege or work-product protection and upon the Court's entry of such a

2  stipulation as an order of the Court.  Apple and Nokia refused to stipulate, and no privileged or

3  work-product materials were disclosed to them.  Judge Grewal's erroneous ruling in footnote 13

4  that Samsung waived privilege by conditionally offering to produce privileged documents to

5  Apple and Nokia upon a so-ordered stipulation of non-waiver—where there was no actual

6  production of any privileged documents to them—should be reversed.[3]

7  **II.      SAMSUNG NEVER OFFERED TO PRODUCE SOME DOCUMENTS AT ISSUE**

8           Even assuming (contrary to law) that waiver could arise from an unaccepted "offer" to

9  produce privileged information without production, there still would be no basis for finding

10  waiver as to four of the documents identified in the Order, which relate to Samsung's mediation

11  with Ericsson in a wholly unrelated legal proceeding, because Samsung never offered to produce

12  any privileged information contained in those documents.  Rather, Samsung's October 10 and 14

13  offers to produce applied only to information reflecting the dissemination or use of the alleged

14  confidential information—which these four documents do *not* include (as Judge Grewal has

15  confirmed, Order at 10-11.)   (Becher Decl., ¶¶ 9, 14, Ex. 5, 11-12.)   Likewise, Samsung's

16  November 26 offer expressly excluded these four documents because "they are subject to third-

17  party mediation privilege and other confidentiality claims that Samsung is not in a position to

18  waive."  (*Id.* ¶¶ 17-18 and Ex. 14.)   There is thus no basis to conclude that Samsung waived

19  privilege over these documents by offering them for production because it did not so offer.

20                                  <u>**Conclusion**</u>

21          For the foregoing reasons, Samsung respectfully requests that the Court overturn the

22  finding of waiver stated in footnote 13 of the Order.

23

24

25  ───────────────

    [3]  Even if Samsung had *actually produced* its privileged documents pursuant to a so-ordered
26  stipulation, that still would not be a "waiver" as to Apple, Nokia or any third parties because
    Federal Rule of Evidence 502(d) permits a court to "order that the privilege or protection is not
27  waived by disclosure connected with the litigation pending before the court—in which event the
    disclosure is also not a waiver in any other federal or state proceeding."  Judge Grewal's ruling
28  that a mere offer to produce results in a waiver nullifies this Federal Rule.

1    DATED:  July 7, 2014           QUINN EMANUEL URQUHART &
2                                      SULLIVAN, LLP

3

4                             By /s/ *Victoria F. Maroulis*
5                                Charles K. Verhoeven
                               Kevin P.B. Johnson
6                                Victoria F. Maroulis
                               William C. Price
7                                Michael T. Zeller

8                             Attorneys for SAMSUNG ELECTRONICS CO.,
                            LTD., SAMSUNG ELECTRONICS AMERICA,
9                             INC. and SAMSUNG
                            TELECOMMUNICATIONS AMERICA, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER RE: DOCKET NO. 2935