QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF ROBERT J. BECHER IN SUPPORT OF SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE (RE: DOCKET NO. 2935), ORDER GRANTING MOTION FOR SANCTIONS** |

## DECLARATION OF ROBERT J. BECHER

1.      I am a member of the bar of the State of California, and a partner in the firm Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attorneys for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") in Case No. 11-cv-1846 LHK (PSG) ("the 1846 action") and Case No. 12-cv-0630 LHK (PSG) ("the 630 action") in the Northern District of California.  I make this declaration of personal knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

### SAMSUNG'S PROPOSAL OF A NON-WAIVER STIPULATION

2.      After the Court issued its two October 2, 2013 Orders—the Stipulation (Dkt. 785, 630 Action) and the Order re: Apple's Motion for Sanctions (Dkt. 2483, 1846 Action)—Samsung made a series of written requests, seeking a stipulation from counsel for Apple and Nokia that Samsung's compliance with the October 2, 2013 Orders would not effect a waiver of attorney-client privilege, attorney work product, or any other applicable privilege or protection in this proceeding or any other proceeding, or effect a subject matter waiver.  Apple and Nokia repeatedly refused to join and submit such a stipulation to the Court for entry as an order, which would be binding on parties to the stipulation and any and all third parties.

3.      I informed Apple on October 3, 2013 that Samsung "would share the information resulting from the procedures set forth in this [October 2] Stipulation with Apple as long as Apple will not contend that doing so constitutes a waiver of the attorney-client privilege or attorney work product protection" and asked Apple if it would enter into a stipulation to this effect.  A true and correct copy of my October 3, 2013 email to counsel for Apple is attached as Exhibit 1.

4.      By letter dated October 5, 2013, Apple refused to agree that sharing information gathered pursuant to the October 2 Stipulation would not effect a waiver, claiming that "Apple is not a party to the Samsung-Nokia stipulation, and has never agreed that actions taken under the stipulation are entitled to privilege," despite the Court's order making the October 2 Stipulation, including its no-waiver provision, binding on third parties.  A true and correct copy the October 5, 2013 letter from counsel for Apple to me is attached as Exhibit 2.

5.      On October 4, 2013, Apple demanded production of unredacted copies of documents produced pursuant to the October 2 Order.  A true and correct copy of the October 4, 2013 letter from counsel for Apple to me is attached as Exhibit 3.  In response, I inquired via email on October 4 whether "Apple believes Samsung is required to produce documents in response to the Magistrate Judge's Order, including the documents listed in the first category, without regard for assertions of the attorney-client privilege or attorney work product protections." Apple responded that the "Court's Order obligates Samsung to produce unredacted versions of the documents."  A true and correct copy of the October 4, 2013 email chain between counsel for Apple and me is attached as Exhibit 4.

6.      Given the uncertainty created by Apple's position that the October 2 Orders found waiver or otherwise abrogated privilege, which Samsung strongly disagreed with, Samsung appealed the October 2 Order to the extent it was improperly construed to "ignore[] Samsung's objections based on attorney-client privilege and work-product protection" or "*sub silentio* reject[] Samsung's privilege and work product assertions."  Dkt. 2538, Dkt. 2494, Dkt. 2495.  In their oppositions to Samsung's appeal, Nokia and Apple argued that the October 2 Order impliedly waived and/or abrogated the privilege under the crime-fraud exception.  Dkt. 2502; Dkt. 2505-1.

7.      In this Court's October 15, 2013 Order, the Court clarified that, contrary to Apple and Nokia's positions, the Production Order did *not* require disclosure of privileged materials. (Dkt. 2538 at 7.)  The Court also confirmed that "Samsung may assert privilege objections during the course of the compelled discovery and follow the normal protocol regarding privilege disputes, as set forth in the protective order."  (*Id.*)

8.      While its appeals of the October 2, 2013 Orders were pending, Samsung again attempted to secure Nokia's and Apple's agreement that Samsung's compliance with the October 2 Orders would not effect any waiver of privilege, so that it could provide Apple and Nokia with the information they sought.

9.      On October 10, 2013, I wrote counsel for Apple and Nokia "to ascertain Apple's and Nokia's position regarding the steps Samsung may take, without waiving its claims of privilege, in order to comply with Magistrate Judge Grewal's October 2, 2013 Order."  I asked

Apple and Nokia if they would stipulate that "Samsung's production of documents reflecting the 'dissemination of and use by Samsung of the confidential information,'" would not result in "a waiver of the attorney-client privilege, work-product doctrine or any other claim of confidentiality protection as to any documents, testimony or information, whether in this action or any other action or proceeding." A true and correct copy of my October 10, 2013 letter to counsel for Apple and Nokia is attached as Exhibit 5.

10.     Both Apple and Nokia refused to stipulate in letters dated October 11, 2013. A true and correct copy of the October 11, 2013 letter from counsel for Apple to me is attached as Exhibit 6, in which he states that "[w]e do not see the need to enter into any stipulation on this issue." A true and correct copy of the October 11, 2013 letter from counsel for Nokia to me is attached as Exhibit 7, in which he states that "Nokia cannot agree to the stipulation regarding privilege that Samsung proposes."

11.     After receiving Apple's and Nokia's October 11, 2013 letters, I again requested clarification of their positions, explaining that "Apple's and Nokia's refusal to agree to the requested stipulation will limit the information that Samsung can provide without risking waiver of its privileges, which in Samsung's view remain intact." A true and correct copy of my October 12, 2013 letter to counsel for Apple and Nokia is attached as Exhibit 8.

12.     In response to my October 12, 2013 letter, Apple stated that it did "not see any basis for entering into a stipulation as to the application of privilege law to these facts." A true and correct copy of the October 13, 2013 email from counsel for Apple to me is attached as Exhibit 9. Similarly, Nokia stated that "we see no need for any further discussion, negotiation or stipulation on this issue." A true and correct copy of the October 13, 2013 letter from counsel for Nokia to me is attached as Exhibit 10.

13.     Although both Apple and Nokia agreed in their October 11 and 12 letters, respectively, that production of documents in response to the October 2 Orders would not waive privilege, neither was willing to join and submit a stipulation to the Court reflecting that agreement, which would have protected Samsung from waiver claims of non-parties to the stipulation.

DECLARATION OF ROBERT J. BECHER IN SUPPORT OF SAMSUNG'S MOTION FOR RELIEF

14.     I followed up "one final time to request a stipulation which can be submitted to the Court on this issue," attaching a draft stipulation for submission to the Court, but Apple refused to join.  I attached a proposed stipulation that provided production of materials containing the information that Apple or Nokia were claiming as CBI "is not a waiver and will not be argued to be a waiver of the attorney-client privilege, work product doctrine . . . as to any non-disclosed documents or portions of documents or non-disclosed communications or information, and will not effect or be argued to effect a subject matter waiver as to any subject matter, whether in this action or any other action or proceeding."  A true and correct copy of my October 14, 2013 letter to counsel for Apple and Nokia is attached as Exhibit 11.  A true and correct copy of the draft stipulation that I forwarded to counsel for Apple and Nokia on October 14, 2013 is attached as Exhibit 12.  A true and correct copy of the October 14, 2013 email from counsel for Apple to me is attached as Exhibit 13, in which he refuses to join and submit the proposed no-waiver stipulation to the Court.  Nokia did not respond.

15.     On October 16, 2013, a paralegal at my law firm emailed Samsung's privilege logs, which addressed both withheld and redacted documents, to counsel for Apple and Nokia.  The logs were supplemented and served via email on opposing counsel on October 18, 28, and 29 and November 4 and 7.

**SAMSUNG OFFERS TO PRODUCE PRIVILEGED DOCUMENTS CITED IN ORDER TO SHOW CAUSE UPON ENTRY OF NON-WAIVER STIPULATION**

16.     On October 24, 2013, Judge Grewal ordered that documents listed on Samsung's privilege log be submitted for his *in camera* review.  On November 8, 2013, Judge Grewal issued an OSC that required Samsung to substantiate its claim that 11 of the documents submitted *in camera* were privileged or work product.  (Dkts. 2588, 2689 n. 16.)  Samsung submitted that brief along with 16 detailed supporting declarations, the served versions of which were redacted for privilege. (Dkts. 2807, 2807-1 to 2807-16.)  Apple and Nokia continued to demand privileged documents (Dkts. 2824, 2825-2), but Judge Grewal did not grant their requests.

17.     On November 26, 2013, I sent a letter and proposed stipulation to Apple and Nokia regarding the documents cited in Magistrate Judge Grewal's Order to Show Cause.  I made the

proposal to help bring to an end the extensive litigation regarding whether the documents identified by the Court in footnotes 10-15 of its Order to Show Cause are protected by the attorney-client privilege and attorney work-product doctrines.  A true and correct copy of my November 26, 2013 letter and proposed stipulation is attached as Exhibit 14.

18.     My November 26 letter stated that "Samsung would be willing to produce the documents submitted in camera at tab nos. 6, 19, 20, 215.15, 222, 255 and 272 under the terms of the attached proposed stipulation, including that Samsung's production will not effect a waiver of the attorney-client privilege or work-product doctrine in this proceeding or any other proceeding, and will not effect a subject matter waiver as to any subject matter, and that the documents will be treated as 'Highly Confidential–Attorney's Eyes Only' under the Protective Order and further will be shared with or disclosed to no more than five of Apple's and Nokia's respective outside counsel of record in this matter."  I further explained that Samsung was unable to produce document nos. 87, 90, 261.55 and 274, because they are subject to third-party mediation privilege and other confidentiality claims that Samsung is not in a position to waive.

19.     On November 27, 2013, Nokia's counsel e-filed a notice to the Court stating that it had rejected Samsung's proposed stipulation.  (Dkt. 2834).  On December 1, 2013, Apple's counsel sent me a email rejecting Samsung's proposed stipulation.  A true and correct copy of Apple's December 1 email to me is attached as Exhibit 15.

## THE COURT'S WAIVER FINDING

20.     Footnote 13 of the Court's January 29, 2014 Order Granting Motion for Sanctions states:  "Because Samsung offered to turn over the vast majority of the documents cited in this order, the court finds that privilege has been waived as to those documents.  As to all other documents cited, the court finds that the portions discussed in this order are not privileged."  (Dkt. 2935 at n.13.)

21.     After the Court's Order Granting Motion for Sanctions, Apple asked Samsung to produce the documents referenced in footnote 13.  Attached as Exhibit 16 is a true and correct copy of a letter from Mark Selwyn to me.  Nokia filed a motion to compel production of the documents it claimed were the subject of the waiver finding in the Order Granting Motion for

1     Sanctions and the Court denied its motion.  (Dkts. 2988 at 8-9, 3060.)

2          22.     It is a matter of public record that Nokia and Samsung are engaged in ongoing

3     arbitration proceedings regarding Nokia's patents.

4          I declare under penalty of perjury of the laws of the United States that the foregoing is true

5     and correct.  Executed on July 7, 2014, at Los Angeles, California.

6                                         By  */s/ Robert J. Becher*

7                                              Robert J. Becher

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document.  I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Robert J. Becher.


*/s/ Victoria F. Maroulis*
Victoria F. Maroulis

DECLARATION OF ROBERT J. BECHER IN SUPPORT OF SAMSUNG'S MOTION FOR RELIEF