# EXHIBIT 5

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3182**

WRITER'S INTERNET ADDRESS
**robertbecher@quinnemanuel.com**

<u>**VIA EMAIL**</u>

October 10, 2013

Joseph Mueller, Esq.                          Randall Allen, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP       Alston & Bird LLP
60 State Street                               275 Middlefield Road, Suite 150
Boston, Massachusetts 02109                   Menlo Park, CA 94025
*Attorneys for Apple, Inc.*                   *Attorneys for Nokia Corporation*

Re:   <u>Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)</u>

Dear Joe and Randall:

We write to ascertain Apple's and Nokia's position regarding the steps Samsung may take, without waiving its claims of privilege, in order to comply with Magistrate Judge Grewal's October 2, 2013 Order (the "Order"), Dkt. 2483.

Apple and Nokia have taken the position that Samsung cannot assert objections on privilege grounds when producing documents in response to this Order. Dkts. 2505-1 at 8, 2502 at 4; *see also* 10/4/13 Email from Joseph Mueller to Robert Becher (Dkt. 2465-5); 10/4/13 Letter from Joseph Mueller to Robert Becher. As you know, Samsung strongly disagrees, and believes that the Order does not abrogate any applicable Samsung privilege.

Nevertheless, compliance with a Court Order is not voluntary, and thus cannot constitute a waiver of privilege. *E.g., In re Pac. Pictures Corp.*, 679 F.3d 1121, 1130 (9th Cir. 2012) ("Involuntary disclosures do not automatically waive the attorney-client privilege."); *Transamerica Computer Co., Inc. v. Int'l Bus. Machines Corp.*, 573 F.2d 646, 651 (9th Cir. 1978) ("Inasmuch as the parties agree that a disclosure of confidential material constitutes a waiver of the attorney-client privilege only if it is voluntary and not compelled, we shall not engage in any extended discussion of the principle. It suffices to say that the general principle finds support in the case law . . . ."). Accordingly, we wish to confirm that, in Apple's and Nokia's view, Samsung's compliance with the Order will not constitute a <u>further</u> waiver of any applicable privilege. This would, of course, be without prejudice to any arguments Apple or

Nokia may wish to make regarding whether the Order itself abrogates Samsung's privileges, and whether it does so correctly.

In particular, the Court's Order requires Samsung to prepare a Rule 30(b)(6) witness "to speak to the dissemination of and use by Samsung of the confidential information . . . ." Dkt. 2483 at 5. Please confirm that Apple and Nokia will not argue, under any circumstances whatsoever, including if any portion of the Order (or the companion Order issued in Case No. 12-630, Dkt. 785) is eventually vacated or reversed, that any of the following efforts to comply with either of these Orders will effect a waiver of the attorney-client privilege, work product doctrine or any other claim of confidentiality protection as to any documents, testimony or information, whether in this action or any other action or proceeding:

- Samsung's production of documents reflecting the "dissemination of and use by Samsung of the confidential information," including without limitation draft pleadings, attorney-client communications or other documents protected by the attorney-client privilege or work product doctrine;

- Samsung's production of statements in otherwise protected documents, including without limitation draft pleadings, attorney-client communications or other documents protected by the attorney-client privilege or work product doctrine, that refer to the financial terms of the Apple/Nokia license at issue;

- Samsung's preparation of a witness to testify regarding the "dissemination of and use by Samsung of the confidential information," including without limitation by exposing the witness to documents or communications on that topic that are or could be privileged, including draft pleadings, attorney-client communications or other documents protected by the attorney-client privilege or work product doctrine;

- Samsung's preparation of a witness to testify by exposing the witness to documents or communications which are or could be privileged, including draft pleadings, attorney-client communications or other documents protected by the attorney-client privilege or work product doctrine, and which refer to the financial terms of the Apple/Nokia license at issue;

- Samsung's provision of testimony, from the Rule 30(b)(6) designee or any other witness discussed in the Order, relating to the "dissemination of and use by Samsung of the confidential information";

- Samsung's provision of testimony, from the Rule 30(b)(6) designee or any other witness discussed in the Order, relating to the financial terms of the Apple/Nokia license at issue.

If this is agreeable, we will prepare a binding stipulation to this effect.  *See* Fed. R. Evid. 502(e). Please let us know by the close of business tomorrow whether Apple and Nokia will so stipulate.

Very truly yours,

Robert J. Becher