# EXHIBIT 6

WILMERHALE

October 11, 2013

**Joseph J. Mueller**

+1 617 526 6396 (t)
+1 617 526 5000 (f)
joseph.mueller@wilmerhale.com

**Contains Confidential Business Information**
**Subject to Protective Orders**

**BY EMAIL**

Robert Becher, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   *Apple Inc. v. Samsung Elecs. Co. Ltd.*, No. 11-cv-1846 LHK (PSG)

Dear Rob:

I write regarding the discovery ordered by the Court in its October 2, 2013 Order Re: Apple's Motion for Sanctions, and related issues.

1.      As noted in my letter of October 4, 2013, we expect Samsung to produce the categories of documents identified by the Court, and not to redact these documents on privilege grounds. If Samsung does not produce these documents in advance of next week's depositions, then we will hold the depositions open and resume them after the productions are made.

2.      As an interim step, please produce, at a minimum, redacted versions of the following documents immediately. You previously have produced redacted versions of the cover emails identified in your August 1, 2013 letters to Mark Selwyn, but not the attachments, nor the cover emails or attachments identified in your September 25, 2013 letters to Mark Selwyn. Please immediately produce redacted versions of the cover emails identified in your September 25, 2013 letters, as well as the attachments to the emails identified in the August 1 and September 25 letters as they were originally sent to Samsung.

With regard to the attachments, we have the incompletely redacted Teece Report, which was attached to Ms. Estrich's recent declaration. We ask for the incompletely redacted April 3, 2013 Initial Submission made by Samsung in response to the Commission's questions, as it was circulated to Samsung on April 3, 2013—as a final, served document, there can be no claim of privilege, and we want to see precisely the version that was sent to Samsung on April 3, 2013. (Again, we dispute that Samsung can properly claim privilege as to any of these documents.)

Please produce these documents **today** (by FTP site production).

3.      In the interests of reaching logistical accommodations with you, if you provide us with the materials described in item (2) today (by FTP site production), and stipulate to moving the

**Contains Confidential Business Information Subject to Protective Orders**

Robert Becher, Esq.
October 11, 2013
Page 2

WILMERHALE

next hearing before Judge Grewal from October 22 to October 23 (as Bill Lee has discussed with Vicki Maroulis and Susan Estrich), then we will agree to take the depositions at our offices (or those of our co-counsel) in Los Angeles and wait until next Thursday to depose Dr. Ahn. Please let us know today if you agree.

4.     Who will be your 30(b)(6) designee?

5.     We had hoped to receive your 30(b)(6) designation and your document production before noticing our fifth fact witness, but you have not yet made any 30(b)(6) designation or document production pursuant to the Court's October 2 Order. In the absence of such designation or documents, attached please find a deposition notice for Jin Hwan ("James") Kwak, for October 16 at our Los Angeles office. Please confirm that he will be available then.

6.     In response to your October 10, 2013 letter regarding privilege issues, we agree that the act of producing documents required by the Court's order will not, itself, waive any privilege. We do not agree, however, that you can use privileged documents to prepare a witness and necessarily maintain the privilege thereafter. We do not see the need to enter into any stipulation on this issue.

7.     In response to your other October 10, 2013 letter, regarding Paul Melin's declaration, we do not consent to your using this declaration for witness preparation. You also request confirmation that Apple will not contend that Samsung's "production of any responsive documents from ITC Investigation 337-TA-794 violates the ITC protective order or any other protective order." As Bill Lee stated in his October 8 letter, Judge Grewal's October 2, 2013 Order does not authorize additional breaches of any protective order. To the extent that Samsung produces documents from the 794 Investigation, it should do so in accordance with the Protective Order governing that investigation. We are willing to work with you and Nokia to ensure that Nokia's counsel has access to these documents to the extent that they contain Nokia confidential information.

8.     In your letter of September 25, 2013, you responded to the questions that I had raised in earlier correspondence. But, your answers did not substantively address many issues, e.g.:

> a.     You provide no information regarding what Samsung's foreign counsel have done with the improperly-disclosed information. You promised to provide it, and Ms. Estrich repeated that promise at the hearing, but we now understand that Samsung is refusing to provide that information. Can you confirm that foreign counsel are preserving all documents responsive to the Court's October 2 Order?

> b.     Regarding the "auto-delete" function, your letter seems to indicate that the function was active at the time the improper disclosures were made, and remains active today. You state that Samsung has instituted an archive system. When precisely was that

**Contains Confidential Business Information Subject to Protective Orders**

Robert Becher, Esq.
October 11, 2013
Page 3

WilmerHale

archived system instituted?  Is Samsung representing that **all** emails containing, referring to, or otherwise using the improperly-disclosed information were archived?

c. You note that Samsung proposed deleting the disclosures, and that Nokia asked Samsung not to delete them.  Why did Samsung make a deletion proposal to Nokia, without asking Apple if deletion was permissible?

d. Relatedly, we still do not understand why Samsung notified Nokia of specific disclosures on July 16, but waited until August 1 to notify Apple.  Will you represent that the pendency of the U.S. Trade Representative's review of the 794 exclusion order played **no** role in Samsung's and Quinn Emanuel's decision to wait to notify Apple, and that the USTR review was not mentioned at all during the discussions of whether to notify Apple?

9. As for your questions to us regarding the Dutch disclosures, we simply note that these disclosures were made at the request of the Dutch court, in an anonymized, restricted form—and that Samsung also made its own disclosures to the Dutch court at the same time, in response to the same request.  Beyond that, we will not entertain Samsung's attempt to change the subject from its own conduct.

Sincerely,

*/s/ Joe Mueller*

Joe Mueller