# EXHIBIT 7

# ALSTON&BIRD LLP

275 Middlefield Road, Suite 150
Menlo Park, CA  94025-4008

650-838-2000
Fax: 404-253-8542
www.alston.com

| Ryan W. Koppelman | Direct Dial: 650-838-2009 | Email: ryan.koppelman@alston.com |

October 11, 2013

VIA EMAIL

Robert J. Becher
Quinn Emanuel
865 South Figueroa Street, 10th Floor,
Los Angeles, California 90017-2543

    Re:    *Apple Inc. v. Samsung Elecs. Co. Ltd.,* No. 11-cv-1846 LHK and
              No. 12-cv-0630 LHK

Dear Robert:

I write in response to your October 10, 2013 letters.  The first letter (hereinafter, the "Privilege Letter") asks Nokia to agree that Samsung's compliance with Judge Grewal's October 2, 2013 order "will not constitute a further waiver of any applicable privilege." The second letter (the "Melin Declaration Letter") asks for Nokia's permission to disclose the entire declaration of Paul Melin to Samsung in preparation for the Rule 30b(6) deposition ordered by Judge Grewal's October 2, 2013 order (the "30b(6) deposition").

As to the Privilege Letter, Nokia cannot agree to the stipulation regarding privilege that Samsung proposes.  In support of a stipulation, Samsung argues that the absence of waiver of privilege when producing documents or testimony in response to a court order is clear and established.  ("Nevertheless, compliance with a Court Order is not voluntary, and thus cannot constitute a waiver of privilege.")(*See* Privilege Letter at 1).  If the law is clear, Nokia does not see the necessity to add any complexity by submission of a party drafted stipulation.  If the law is less clear, then Nokia is entitled to hear and analyze the nature and content of the testimony under the controlling legal standard.  In either case, a stipulation would be inappropriate.

As to the Melin Declaration Letter, Nokia is struggling to understand the necessity for a further disclosure of confidential information.  Your letter poses an odd contradiction: Samsung cannot respond to the allegations without seeing the declaration, but Samsung already knows information contained in the declaration (that has not already been disclosed

October 11, 2013
Page 2

by the Court). We fail to see where Nokia's consent to further disclosures of confidential information is really necessary.

Furthermore, Nokia disagrees with your suggestion that discovery Judge Grewal ordered is designed for Samsung to "fully respond to the allegations that Nokia has made." (Melin Declaration Letter at 1). Judge Grewal was clear that the discovery goes further than the background of the specific disclosures that Dr. Ahn communicated to Nokia. Judge Grewal ordered discovery as to all the dissemination and use of confidential information related to the Nokia-Apple license. It is unclear to us why Mr. Melin declaration is essential when the subjects of the declaration, like Dr. Ahn, will be participating in the discovery. The purpose of the deposition is to determine facts that the witness knows, not how the witness responds to Mr. Melin's recollection.

We would appreciate a better understanding of why Nokia should agree to further disclosure of the Melin Declaration.

Lastly, the Melin Declaration Letter asks for a blanket agreement that Nokia will not contend that production of emails from "Investigation 337-TA-794 violates the ITC protective order or any other protective order." (*Id.*) Nokia cannot provide some blanket agreement that Samsung's production of unknown confidential documents from other cases does not violate protective orders to which it is not a party.

Sincerely,

Ryan W. Koppelman

LEGAL02/34446140v1