# EXHIBIT 8

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3182**

WRITER'S INTERNET ADDRESS
**robertbecher@quinnemanuel.com**

<u>VIA EMAIL</u>

October 12, 2013

Joseph Mueller, Esq.                          Randall Allen, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP       Alston & Bird LLP
60 State Street                               275 Middlefield Road, Suite 150
Boston, Massachusetts 02109                   Menlo Park, CA 94025
*Attorneys for Apple, Inc.*                   *Attorneys for Nokia Corporation*

Re:   <u>Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG)</u>

Dear Joe and Randall:

We write further to our prior letter of October 10, 2013 regarding privilege issues, and in response to your letters of late last night on the same subject.

In its October 10 letter, Samsung asked Apple and Nokia to stipulate that specified efforts by Samsung in light of Magistrate Judge Grewal's October 2, 2013 Orders (the "Orders") will not effect a waiver of any applicable privilege.  Nokia, in its response, refuses to so agree, stating that "Nokia cannot agree to the stipulation regarding privilege that Samsung proposes" because Nokia is reserving its right to argue that Samsung's compliance efforts will in fact effect a waiver after analyzing "the nature and content of the testimony under the controlling legal standard."  Ltr. From R. Koppelman to R. Becher dated October 11, 2013.

While Apple, in its response, at least agrees that "the act of producing documents required by the Court's order will not, itself, waive any privilege" —something Nokia apparently will <u>not</u> agree to—Apple also states that it is unwilling to "enter into any stipulation on this issue."  Please explain Apple's reluctance to submit a stipulation on this subject to the Court.  We are concerned that absent a stipulation approved by the Court or an on-the-record agreement, Apple and/or Nokia will take the position that any agreement on the non-waiver of privilege is not binding. Moreover, Apple states that it does "not agree, however, that you can use privileged documents to prepare a witness and necessarily maintain the privilege thereafter."  To be clear, does Apple agree that Samsung may expose its witnesses to privileged communications that are responsive

quinn emanuel urquhart & sullivan, llp

NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS

to the Court's order, and not thereby waive any privilege as to non-disclosed documents and communications, or otherwise effectuate a subject matter waiver?

As you know, and as Samsung has stated repeatedly, Samsung does not believe that Magistrate Judge Grewal's Orders abrogated Samsung's privileges, nor that, to the extent they did so, they did so correctly. Samsung requested the stipulation set forth in our October 10, 2013 letter so that Samsung could, notwithstanding the parties' disagreements about the scope of the Orders, provide as much information as possible and eliminate or at least narrow the areas of disagreement among the parties. Apple's and Nokia's refusal to agree to the requested stipulation will limit the information that Samsung can provide without risking waiver of its privileges, which in Samsung's view remain intact.

We look forward to your response. Also, please let us know immediately if we have misunderstood Apple's or Nokia's positions or whether either believes that further discussions could result in an agreement on these issues.

Very truly yours,

Robert J. Becher

2