# EXHIBIT 13

| | |
|---|---|
| **From:** | Mueller, Joseph [Joseph.Mueller@wilmerhale.com] |
| **Sent:** | Monday, October 14, 2013 4:06 PM |
| **To:** | Dan Posner |
| **Cc:** | Robert Becher; Susan R. Estrich; Michael T Zeller; Selwyn, Mark |
| **Subject:** | Re: Apple/Samsung: deposition and document issues |

Dan,

One threshold question: in advance of tomorrow's depositions, will Samsung produce a privilege log for each of its privilege claims corresponding to its redactions?

To respond to some of your points:

2. As an accommodation, we will take Dr. Ahn's deposition at your LA office.

4. To be clear, our position is that Samsung cannot use privilege claims to shield evidence relating to the CBI disclosures and how the improperly-disclosed information has been used. We have explained this in our briefing.

5. We do not represent Nokia and cannot take any positions on its behalf. Apple's position is that it objects to Samsung producing Apple/third-party CBI to Nokia, and request that you redact any such information and provide us with redacted versions to review prior to production to Nokia.

6. We have already explained our position on this.

Thanks,
Joe

---

**From**: Dan Posner [mailto:danposner@quinnemanuel.com]
**Sent**: Monday, October 14, 2013 05:21 PM Eastern Standard Time
**To**: Mueller, Joseph
**Cc**: Robert Becher <robertbecher@quinnemanuel.com>; Susan R. Estrich <susanestrich@quinnemanuel.com>; Michael T Zeller <michaelzeller@quinnemanuel.com>; Selwyn, Mark
**Subject**: RE: Apple/Samsung: deposition and document issues

Joe,

On behalf of Rob, please see our responses to your questions interlineated below.

Thanks,

Dan

---

**From:** Mueller, Joseph [mailto:Joseph.Mueller@wilmerhale.com]
**Sent:** Monday, October 14, 2013 10:03 AM
**To:** Robert Becher
**Cc:** Susan R. Estrich; Samsung v. Apple; Selwyn, Mark
**Subject:** Apple/Samsung: deposition and document issues

Rob,

1

Several notes:

1.      As I mentioned to Peter Klivans in my email this morning, please copy Apple's service list (or at least Mark Selwyn) on all productions and correspondence.  We have started copying your service list to ensure your team timely gets our communications, and will continue to do so.

2.      We confirm that the depositions of Messrs. Korea, Shim, Kim, Chi, and Kwak will take place at WilmerHale's and Morrison & Foerster's Los Angeles offices.  Tomorrow, Messrs. Kim's and Chi's depositions will be at Morrison & Foerster; Mr. Shim's deposition will be at WilmerHale.  On the 16th, Mr. Korea's and Mr. Kwak's depositions will be at WilmerHale.  On the 17th, we intend to take Dr. Ahn's deposition at WilmerHale -- we see no reason to hold this deposition at Quinn's offices.

We are agreeable to the dates and locations for Messrs. Korea, Shim, Kim and Chi.

We do not agree to the location for the deposition of Dr. Ahn.  We have already confirmed that Dr. Ahn's deposition will take place at Quinn Emanuel's offices in Los Angeles.  Dr. Ahn has substantial commitments which he must attend to during breaks in the deposition, and he would not be able to effectively do this work at Apple's counsel's offices.  Indeed, Apple has previously insisted that depositions of its executives take place at Apple's offices or Apple's counsel's offices, even after those depositions were compelled by the Court.  We have already made substantial accommodations by bringing our witnesses to Los Angeles and permitting Apple to depose all of them other than Dr. Ahn at Apple's counsel's offices.  We confirm again that Dr. Ahn will be made available for his deposition at Quinn Emanuel's offices in Los Angeles.

We also do not agree to the date or location for the deposition of Mr. Kwak.  We are still inquiring into his availability for deposition and will respond separately.

3.      In addition, as Samsung has designated Mr. Korea as its 30(b)(6) witness in response to Judge Grewal's Order, and Apple is entitled to take the depositions of "up to five additional Samsung employees," attached please find a notice of deposition for Indong Kang, for October 16 at our Los Angeles office.   Apple is willing, however, to take this deposition after the 16th.  Please confirm his availability.

Apple previously had noticed the full allotment of depositions to which it is entitled pursuant to Judge Grewal's Order, including Dr. Ahn, a 30(b)(6) witness, and five additional individual witnesses.  Because Mr. Korea is being deposed as both an individual and a 30(b)(6) witness, these are separate depositions being conducted pursuant to separate deposition notices.

4.      In response to your October 12 letter (received on October 13) and your October 13 email, I note as an initial matter that Samsung's production consists almost entirely of documents that are heavily redacted but for the dates, names of senders and recipients, and (in some cases) attachment names.  This production is not in compliance with Judge Grewal's Order, and Apple reserves all rights accordingly.

We dispute that our production of redacted documents that preserve the privilege is not in compliance with Judge Grewal's Order, though we note Apple's position that Judge Grewal's Order requires the production of privileged communications.

5.      Apple agrees that the following documents from Samsung's production to date may be shared with Nokia:  SAMNDCA-Z0000001-0000225, SAMNDCA-Z0000266-0000457, SAMNDCA-Z0000498-0000512, 39864.pdf, 774.pdf, 827.pdf, 852.pdf, 37227.pdf, 48993.pdf, 49154.pdf, F 42144.pdf, 83529.pdf, 53088.pdf.  The following documents require redaction of non-Nokia confidential information before they may be shared with Nokia:  SAMNDCA-Z0000226-0000265, SAMNDCA-Z0000458-0000497, 49580 Exhibit to 49154.pdf, Teece.pdf, 333855.pdf, 7794.pdf, 305394.pdf.

Please propose redacted versions for our consideration.  We do not consent to sharing those documents with Nokia in their current form.

Please confirm that Nokia has no objection to receiving versions of the second group of documents you identify above that are redacted to preserve information Apple contends is non-Nokia confidential information, and that Nokia will not argue that Samsung's production of such redacted versions of those documents violates Judge Grewal's Order.  Subject to that confirmation, we will provide redacted versions of those documents for your consideration.

6.     Finally, we received your October 14 letter and proposed stipulation this morning.  My previous correspondence, including my October 13 email to you, sets forth Apple's position on this issue.

We have repeatedly asked Apple to enter into a non-waiver stipulation which we can submit to the Court.  Apple has repeatedly refused to do so, without any explanation as to why.  We would appreciate such an explanation.

Thanks,
Joe


**Joseph J. Mueller | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6396 (t)
+1 617 526 5000 (f)
joseph.mueller@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.