# EXHIBIT 14

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3182**

WRITER'S INTERNET ADDRESS
**robertbecher@quinnemanuel.com**

November 26, 2013

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**
**VIA EMAIL AND U.S. MAIL**

| | |
|---|---|
| Mark D. Selwyn, Esq. | Joseph J. Mueller, Esq. |
| WilmerHale | WilmerHale |
| 950 Page Mill Road | 60 State Street |
| Palo Alto, CA 94304 | Boston, MA 02109 |

Randall Allen, Esq.
Alston & Bird LLP
275 Middlefield Road
Suite 150
Menlo Park, CA 94025-4008

Re:   <u>Apple v. Samsung</u>

Dear Counsel:

I write to make a proposal to help bring to an end the extensive litigation regarding whether the documents identified by the Court in footnotes 10-15 of its Order to Show Cause are protected by the attorney-client privilege and attorney work-product doctrines.

Specifically, Samsung would be willing to produce the documents submitted in camera at tab nos. 6, 19, 20, 215.15, 222, 255 and 272 under the terms of the attached proposed stipulation,[1] including that Samsung's production will not effect a waiver of the attorney-client privilege or work-product doctrine in this proceeding or any other proceeding, and will not effect a subject matter waiver as to any subject matter, and that the documents will be treated as "Highly Confidential – Attorney's Eyes Only" under the Protective Order and further will be shared with

---

[1] Samsung is unable to produce document nos. 87, 90, 261.55 and 274, because they are subject to third-party mediation privilege and other confidentiality claims that Samsung is not in a position to waive.

quinn emanuel urquhart & sullivan, llp

NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG

or disclosed to no more than five of Apple's and Nokia's respective outside counsel of record in this matter.[2]

Please let us know as soon as possible if Apple and Nokia will agree to the attached stipulation.

Sincerely,

Robert J. Becher

RJB

Attachment

---

[2] Because the incompletely-redacted Teece report is included in the documents Samsung proposes to produce, and Apple has not authorized Samsung to provide that document to Nokia, Samsung will further need to obtain Apple's agreement to provide that document to Nokia.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**STIPULATION AND [PROPOSED] ORDER RE DOCUMENTS CITED IN ORDER TO SHOW CAUSE** |

1  WHEREAS, on November 8, 2013, the Court entered an Order to Show Cause Why
2  Sanctions are not Warranted (Dkt. 2689, the "OSC") in which the Court identified in footnotes 10-
3  15 certain documents that Samsung had submitted to the Court for an *in camera* review;
4  WHEREAS, in the interests of furthering the resolution of the parties' disputes regarding
5  whether the documents identified by the Court in footnotes 10-15 of the OSC are protected by the
6  attorney-client privilege and attorney work-product doctrines, the parties have agreed that
7  Samsung will produce certain of those documents to Apple and Nokia subject to certain
8  conditions, including that such production will not constitute a waiver of the attorney-client
9  privilege or work-product doctrine or any other privilege or protection in this or any other
10  proceeding, including proceedings in jurisdictions outside the United States;
11  NOW THEREFORE, the parties, through their undersigned counsel of record, stipulate as
12  follows:
13  1.  Subject to and conditioned upon the entry of this stipulation as a court Order,
14  Samsung will produce to Apple and Nokia the documents Samsung submitted *in camera* at tab
15  nos. 6, 19, 20, 215.15, 222, 255, and 272 (collectively, the "Disclosed Documents").
16  2.  The production of the Disclosed Documents will not constitute a waiver of the
17  attorney-client privilege or work-product doctrine or any other privilege or protection in this or
18  any other proceeding, including proceedings in jurisdictions outside the United States, as to the
19  parties to this stipulation and any third parties.
20  3.  The production of the Disclosed Documents will not effect a subject matter waiver
21  as to any subject matter, whether in this proceeding or any other proceeding, including
22  proceedings in jurisdictions outside the United States, as to the parties to this stipulation and any
23  third parties.
24  4.  The Disclosed Documents shall be treated as "Highly Confidential—Attorney's
25  Eyes Only" under the Protective Order and further will be shared with or disclosed to no more
26  than five (5) of Apple's and Nokia's respective outside counsel of record in this matter, and to no
27  other persons.
28

1    IT IS SO STIPULATED.

2

3

4  DATED: November ___, 2013          ALSTON & BIRD, LLP

5

6                                             By  */s/ Ryan W. Koppelman*
7                                                 Ryan W. Koppelman
                                                  Attorneys for NOKIA CORPORATION
8

9

10 DATED: November ___, 2013          WILMER CUTLER PICKERING HALE & DORR

11

12
                                              By  */s/ Joseph J. Mueller*
13                                                Joseph J. Mueller
                                                  Attorneys for APPLE, INC.
14

15

16 DATED: November ___, 2013          QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
17

18
                                              By  */s/ Victoria F. Maroulis*
19                                                Victoria F. Maroulis
                                                  Attorneys for
20                                                SAMSUNG ELECTRONICS CO., LTD.,
                                                  SAMSUNG ELECTRONICS AMERICA, INC.,
21                                                and SAMSUNG TELECOMMUNICATIONS
                                                  AMERICA, LLC
22

23

24

25

26

27

28

## ORDER

Based on the foregoing stipulation, and for good cause shown,

**IT IS SO ORDERED.**

DATED: _____

_____
The Honorable Paul S. Grewal
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November ___, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

Dated:   November ___, 2013            By:  */s/ Victoria F. Maroulis*
                                            Victoria F. Maroulis