1  RANDALL L. ALLEN (Ca. Bar No. 264067)
   randall.allen@alston.com
2  RYAN W. KOPPELMAN (Ca. Bar No. 290704)
   ryan.koppelman@alston.com
3  ALSTON & BIRD LLP
   1950 University Avenue, 5th Floor
4  East Palo Alto, CA 94303-2282
   Telephone:    650-838-2000
5  Facsimile:    650-838-2001

6  PATRICK J. FLINN (Ca. Bar No. 104423)
   patrick.flinn@alston.com
7  B. PARKER MILLER (*pro hac vice*)
   parker.miller@alston.com
8  ALSTON & BIRD LLP
   1201 West Peachtree Street
9  Atlanta, GA 30309
   Telephone:    404-881-7000
10 Facsimile:    404-881-7777

11 Attorneys for NOKIA CORPORATION

12
13                         UNITED STATES DISTRICT COURT
14                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
15                                  SAN JOSE DIVISION
16

17 | APPLE, INC., a California corporation, | Case No.: 5:11-CV-01846-LHK (PSG) |
18 |         Plaintiff, | |
19 |     v. | |
20 | SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
21 | | |
22 | | |
23 | | |
24 |         Defendants. | |

25
26
27
28

Slightly over one year ago, Nokia filed a motion for a protective order in the 630 case after Samsung executives recited certain terms of the highly confidential Nokia-Apple license agreement during a negotiation with Nokia. Apple subsequently filed a Motion for Sanctions in the instant case, to which Nokia filed a partial joinder. Apple's Motion resulted in Judge Grewal's Order Granting Motion for Sanctions ("Sanctions Order") (Dkt. No. 2935) finding a protective order violation by Samsung and Quinn Emanuel and awarding attorney's fees to Apple and Nokia; however, Judge Grewal declined to affirmatively find that Samsung had used certain Nokia-Apple licensing information obtained under the Northern District of California Protective Order during negotiations with Nokia. Judge Grewal subsequently issued an Order Setting Reasonable Attorney's Fees and Costs ("Order on Fees") as a sanction for Samsung and Quinn Emanuel (Dkt. No. 3117). Nokia acknowledges that the Court is ready to put this matter to rest and agrees with the sanctions granted for the Protective Order violations; however, because Nokia has litigated and will be required to continue litigation[1] of these issues without full access to the record, Nokia respectfully files the following objections based on other parts of Judge Grewal's Sanctions Order.

Judge Grewal's order granting sanctions was clearly erroneous and contrary to law because Judge Grewal improperly based his finding that there was insufficient evidence to show Samsung used Nokia's confidential information during negotiations on documents to which Nokia had no access, including voluminous *ex parte* evidentiary submissions by Samsung (and Judge Grewal did not rule on privilege to finalize the actual scope of the record on which he ruled). Pursuant to Local Rule 72-2, Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A), and Dkt. No. 2950, this Court should reverse in part and remand Judge Grewal's Sanctions Order (Dkt. No. 2935) to allow Nokia to access the full record, along with any other necessary discovery, so as to have "enough information to tell a clear and coherent story" regarding Samsung's use of Nokia's confidential information.[2]

---

[1] Samsung and Quinn Emanuel have indicated their intent to at least partially appeal the Sanctions Order and the Order on Fees.

[2] Nokia does not object to the Judge Grewal's findings that Samsung and Quinn Emanuel violated the Protective Order by lacking procedural safeguards and failing to provide notice or his finding that attorney's fees are the sole appropriate award for those violations.

*1. Background.* Judge Grewal correctly found that both Samsung and Quinn Emanuel violated this Court's protective order. Quinn Emanuel improperly redacted an expert report (the "Teece Report") such that certain highly confidential terms of a license agreement between Nokia and Apple were extensively disclosed. Quinn Emanuel circulated that improperly redacted report widely to Samsung and other outside counsel of Samsung around the world, and undertook little to no effort toward notice or remediation after it discovered the inappropriate disclosures. Only months later, after Samsung executives *admitted* they had access to the Nokia-Apple license terms, did Samsung and Quinn Emanuel take some action. During a meeting on June 4, 2013, Samsung's lead licensing executive, Dr. Seungho Ahn, demonstrated knowledge of certain Nokia-Apple license terms to the Nokia representatives during negotiations, and told them that the information is supposed to be confidential, but "all information leaks." There was no legitimate source from which Dr. Ahn could have had these terms, and Judge Grewal appropriately found that Samsung's later propounded excuses were "tenuous at best." (Dkt. No. 2935 at 11).

The events in the months between Samsung first receiving the improperly redacted Teece Report and Dr. Ahn demonstrating knowledge of the confidential terms of the Nokia-Apple license are largely unknown to Nokia; "neither Apple nor Nokia had access to enough information to tell a clear and coherent story" because of "Samsung's sweeping privilege assertions." (Dkt. No. 2935 at 3). Samsung has stonewalled Nokia's requests for the documents, and Nokia's requests to Judge Grewal to order that attorney-client privilege does not bar Nokia's access have gone unresolved.[3] Against this procedural backdrop, it remains "loud and certain" that Dr. Ahn improperly used Nokia's highly confidential information during licensing negotiations (but that Judge Grewal was apparently unpersuaded that the information was misappropriated directly from the improperly redacted Teece Report under the Northern District Protective Order).

---

[3] Judge Grewal held that some documents Samsung provided to the Court were not privileged, but (1) he did not expressly rule that *all* documents were not privileged, and (2) Samsung *still* refuses to provide even these already-ruled-unprivileged documents to Nokia. Samsung is already required to produce the documents by a preexisting court order, which it is in violation of at this time. (Dkt. No. 2483 at 5).

*2. Judge Grewal clearly erred and acted contrary to law in ruling on an amorphous record that Nokia has never seen and was based on extensive ex parte communication.*[4] The Court undertook an "in camera review of all of the documents identified as relevant but privileged," which gave it "an outline that filled in many of the whos, whats, and whens of the information's transmission. . ." (Dkt. No. 2935 at 3-4). The Court thus reviewed these documents not only for privilege, but for their content, and only "[w]ith this outline in mind" did the Court issue a show cause order (Dkt. No. 2935 at 7). Not only was Nokia denied access to the material to raise issues or identify information which the Court should consider, Nokia was denied access to the very information the Court cites in the Sanctions Order.[5]

Ex parte communications are disfavored both by the Local Rule 11-4, and by the Code of Conduct for United States Judges, Canon 3. *See Farahani v. Floria,* 12-CV-04637-LHK, 2013 WL 1703384, at *11 n. 13 (N.D. Cal. Apr. 19, 2013) (referring to Local Rules governing *ex parte* communications, especially Civil Local Rule 11–4, cmt. (c) "prohibiting ex parte communication between a party and the Court, except as authorized by the Local Rules or ordered by the Court"). One of the justifications commonly embraced for making that exception is the review for attorney-client privilege. *Mitcham v. Calderon*, C 94-2854 SBA, 1996 WL 33322268 at *6 (N.D. Cal. Dec. 20, 1996); *Pollard v. F.B.I.*, 705 F.2d 1151, 1153 (9th Cir.1983)). But a court crosses the line when it exceeds the bounds of a privilege review and "considers" the documents not for privilege review, but to rule in the case.[6] Here, Judge Grewal reviewed Samsung's *ex parte* submissions for far more than a determination of privilege. While Judge Grewal decried Nokia's proposed sanctions as "overbroad," he acknowledged Nokia lacked "enough information to tell a clear and coherent story." (Dkt. No. 2935 at 18, 2). Nokia should be allowed to address any appropriate sanctions beyond the award of attorney's fees based on full access to the record.

---

[4] Indeed, Nokia still has never seen a copy of the redacted Teece Report bearing Nokia's own confidential information that was circulated to scores inside and outside Samsung.

[5] As Judge Grewal acknowledged at least at the time of the Order to Show Cause, "neither Apple nor Nokia has seen any of the Samsung documents giving rise to this order. . . By maintaining these seemingly unwarranted claims, Samsung significantly burdens not only Apple and Nokia's ability to address the sanctions issue, but also the undersigned's ability to tell the full tale of what he has seen." (Dkt. No. 2689 at 4 n.16).

[6] Again, the mere fact that Judge Grewal had to consider these documents in ruling on Samsung's defense that its disclosures were innocent shows that Samsung put these communications at issue, and thus broadly waived the attorney-client privilege.

Moreover, the Court should clarify the scope of the record to be used to determine any additional sanctions issues. After consistent efforts by Samsung to prevent Nokia from receiving the documents ordered produced on October 2, Judge Grewal eventually ordered briefing on the scope of Samsung's privilege claims after Samsung's improper *ex parte* submission of privilege briefing (Dkt. No. 2790 at 1-3). Nokia submitted its Court-ordered briefing on November 21, 2013 (Dkt. No. 2824), but except for one footnote in its Sanctions Order dealing with only a small portion of the documents at issue (Dkt. No. 2935 at 4 fn. 13), Judge Grewal has not ruled on that briefing to date.

The Court should not have ruled out additional sanctions before addressing Samsung's and Nokia's privilege briefing to establish the scope of the record. In an analogous setting—summary judgment—Courts routinely hold that no final judgment should be entered if "the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986) (citing Fed. R. Civ. Pro. 56(f)); *Lexicon, Inc. v. Safeco Ins. Co. of Am., Inc.*, 436 F.3d 662, 673 (6th Cir. 2006). The failure to rule on privilege denies Nokia the opportunity to review the full record by failing to establish the scope of that record. The Court cannot decide the full scope of sanctions before determining the scope of the record on which such sanctions will be litigated and providing Nokia access to that record.

Even if Samsung's documents were privileged, Samsung waived such privilege by putting the communications at-issue in these proceedings, and by partially disclosing the contents of claimed privileged communications. (*See generally* Dkt. No. 2824 at 6-13). The Ninth Circuit has explained that "[w]here a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). A party cannot use the attorney-client privilege in litigation as a sword to defeat claims and a shield to protect against scrutiny. *See id.* After Nokia established that Samsung inappropriately received certain terms of the Nokia-Apple license and that Dr. Ahn improperly used them, Samsung injected as defenses that (1) any disclosures were inadvertent, and (2) Dr. Ahn's misappropriation did not come from the improperly redacted Teece Report.[7] These were affirmative acts that put the contents of

---

[7] Samsung partially disclosed attorney-client communications on these subjects. (*See e.g.*, Dkt. No. 2807-1 (discussing contents of emails withheld on privilege)). Voluntary disclosure of the contents of a privileged communication can be a waiver of the privilege not only for the communication in question,

Samsung's communications at issue, and denying Nokia access to the documents was manifestly unfair; the portion of Judge Grewal's Sanctions Order dealing with Samsung's improper use of this information hinges on his review of this universe of documents.[8] Therefore, the Court should order Samsung to produce to Nokia all the documents it submitted in camera to the Court, along with any necessary discovery, and reverse in part Judge Grewal's order because Nokia has not had access to the record.

Further, Judge Grewal erred by narrowly focusing his inquiry. First, he only focused on the Teece Report, while the record shows additional improperly redacted documents being circulated. Second, he should have ruled that Dr. Ahn violated the protective order based on the clear and convincing evidence that (1) Dr. Ahn improperly received and others at Samsung widely circulated certain highly confidential Nokia-Apple license terms and (2) Dr. Ahn demonstrated knowledge of the Nokia-Apple license. In other words, Dr. Ahn had access to confidential license terms within Samsung and he represented to Nokia that he was using such information (Dkt. No. 2935 at 2), so a violation based on improper use should be presumed. *Cf. LA Printex Industries, Inc. v. Aeropostale, Inc.*, 676 F. 3d 841, 846 (in copyright cases "[b]ecause direct evidence of copying is not available in most cases, a plaintiff can establish copying by showing (1) that the defendant had access to the plaintiff's work and (2) that the two works are substantially similar."). Samsung could attempt to rebut those presumptions, but notably Judge Grewal already found the explanations and rebuttals submitted are "tenuous at best" (even without Nokia having access to the record to respond). (Dkt. No. 2935 at 11:3-4).

*4. Conclusion.* Nokia should have a fair opportunity to litigate whether Samsung misappropriated its confidential licensing information with full access to the full record upon which the Court partially decided that issue. These errors in the Magistrate Judge's nondispositive Sanctions Order fail to provide that opportunity, are clearly erroneous and contrary to law, and thus merit reconsideration by the District Court under Local Rule 72-2 and 28 U.S.C. § 636(b)(1)(A).

---

but also with respect "to all other such communications on the same subject." *See Weil v. Investment/Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981).

[8] Judge Grewal indicated that the documents giving rise to the Show Cause order were all subject to spurious privilege claims: "many if not all of these documents do not appear aimed at or in furtherance of legal counsel, but rather a simple business purpose would have served as cause for the communication" (Dkt. No. 2689 at 4, fn. 16).

1  This 7th day of July, 2014.

2                                              Respectfully submitted,

*/s/Ryan W Koppelman*
RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303-2282
Telephone: 650-838-2000
Facsimile: 650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (*pro hac vice*)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777

Attorneys for NOKIA CORPORATION