HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

# EXHIBIT F
# FILED UNDER SEAL

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3182**

WRITER'S INTERNET ADDRESS
**robertbecher@quinnemanuel.com**

August 30, 2013

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION
CONTAINS INFORMATION DESIGNATED
HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY**

<u>VIA EMAIL</u>

Joseph Mueller, Esq.
Wilmer Cutler Pickering Hale & Dorr
60 State Street
Boston, Massachusetts 02109

Re:   <u>Certain Electronic Devices, Including Wireless Communication Devices, Portable Music and Data Processing Devices, and Tablet Computers, Investigation No. 337-TA-794; Apple Inc. v. Samsung Elecs. Co. Ltd.</u>, No. 11-cv-1846 LHK (PSG)

Dear Joe:

This responds to the questions raised in your August 26, 2013 letter.  We take issue with your claim that we have not been forthcoming in providing Apple with relevant information and believe the record belies this claim.

1.   **Letters to Nokia:**  We have provided these letters to you.

2.   **Auto-Delete**:  We fail to see why the auto-delete functionality at Samsung is relevant.  Please explain how your questions on this topic are relevant to the inadvertent disclosures.  Setting aside whether the requested information is relevant, Samsung responded to discovery regarding the auto-delete functionality in the -00630 action in the Northern District of California and has submitted declarations and briefs on this topic in the -1846 action.  *See, eg.,* Samsung's Objections and Responses to Apple's Fifth Set of Interrogatories, Objections and Response to Interrogatory No. 40, dated December 27, 2012.  Apple has access to this information.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**CONTAINS CONFIDENTIAL BUSINESS INFORMATION**

3. **Preservation Efforts:** On August 1, 2013, Quinn Emanuel sent a written document preservation notice to all known recipients of the inadvertent disclosures at Samsung. A handful of the known recipients were no longer employed by Samsung at that time. Samsung subsequently sent a translated version of the notice to the same individuals on the same day. Some Samsung personnel were also orally instructed to preserve relevant documents.

4. **Disclosure of Dutch Materials:** You ask whether the spreadsheet of license information that Apple disclosed in the Netherlands was provided to more than ten Samsung employees. As you know, we were not counsel of record in the Dutch proceedings. Nonetheless, we are not aware of any information indicating that the spreadsheet of license information from the Netherlands litigation was disclosed to more than ten Samsung employees.

6. **First Knowledge of Inadvertent Disclosures:** You also ask about the timing of when Quinn Emanuel notified you of the inadvertent disclosures. After becoming aware of some of the inadvertent disclosures, Quinn Emanuel began investigating the circumstances surrounding them and also sought to identify any additional disclosures. Quinn Emanuel continued to discover additional information during the course of the month of July. Quinn Emanuel notified Apple as soon as it felt that it had pinned down the key facts and was in a position to provide a full report.

7. **December 21, 2012 Disclosure:** The reason that Quinn Emanuel sent Samsung a redacted copy of the Teece report is protected by the attorney-client privilege and the attorney work product doctrine. Without waiving any applicable privilege, we can confirm that the request for the report made no mention of Samsung's negotiations with Apple or Nokia and related to an entirely different matter.

We will respond separately to items 5 and 8.

As you know, our investigation is ongoing and we intend to continue to provide you with updates.

Very truly yours,

*/s/ Robert J. Becher*

Robert J. Becher
RJB:wp
02198.51887/5490533.4

2