QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF MICHAEL F. MCGOWAN**<br><br>**[FILED UNDER SEAL]** |

I, Michael F. McGowan, declare:

1. I am a Managing Director in the New York office of Stroz Friedberg, LLC ("Stroz Friedberg"). I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify competently to such facts under oath.

2. Stroz Friedberg is an international data risk management and investigations company that specializes in, among other things, computer forensics, data preservation and cyber investigations.

3. I have a B.A. in Economics and Statistics from the University of Chicago. I co-manage Stroz Friedberg's digital forensics operations. I have provided trial and hearing testimony on a number of occasions and have been admitted as an expert in digital forensics in federal and state court. I testified for the government as a computer forensics expert in the Enron Barge trial.

4. I have performed hundreds of forensic examinations and acquisitions of laptop and desktop computers, restorations of email servers and corporate file servers from backup tapes, and other projects involving the preservation and harvesting of relevant digital evidence.

5. I regularly give classes for Stroz Friedberg's in-house training program. I have also co-authored two book chapters on electronic discovery strategy and technology.

6. After the Court's October 2, 2013 Order Re: Apple's Motion for Sanctions ("Order"), Quinn Emanuel retained Stroz Friedberg to assist with the gathering and production of documents as required by the Order (the "Engagement"). Stroz Friedberg understood at all times that it was acting as Quinn Emanuel's agent, that it was not to disclose information to persons outside Quinn Emanuel without Quinn Emanuel's consent and that its communications with Quinn Emanuel were protected by the attorney-client privilege and attorney work product doctrine.

7. The work conducted pursuant to the Engagement included creating forensic images of computers, indexing emails and documents from the images and indexing archived email so it

could be searched. Many of these tasks are accomplished through automated processes. Stroz Friedberg also ran search terms provided by Quinn Emanuel on data and loaded the results on a review tool so they could be reviewed by Quinn Emanuel. The searching and loading was an automatic process that involved typing search terms into a computer program and allowing the computer program to identify emails captured by the terms. Stroz Friedberg did not review the substance of the documents that were captured by the searches.

8.     By October 16, Stroz Friedberg had gathered, imaged, processed and run keyword searches on over a terabyte of data, from Samsung employees on 3 different continents. Stroz Friedberg processed and loaded approximately 140 GB of data that hit on the search strings into its online review system so it could be reviewed for responsiveness.

9.     As part of the Engagement, Stroz Friedberg also analyzed forensic images of the hard drives of Samsung custodians Dr. Seungho Ahn, Mr. Jin Hwan (James) Kwak, and Mr. Indong Kang to find any dissemination or use of documents we understand contain the inadvertently disclosed information that was attached to emails to or from Samsung.

10.     As part of the Engagement, Stroz Friedberg searched and examined areas of the hard drives, such as the active and recoverable Internet history, registry, and link files, to determine whether the documents containing the inadvertent disclosures were transferred to other network locations or electronic storage media (collectively "Transfer Analysis Searches"). The Transfer Analysis Searches were directed at determining if the custodians used or transferred the files and did not involve reviewing the substance of the files.

11.     The Transfer Analysis Searches included looking for the twenty-five file names attached hereto as Exhibit 1 and variations thereof (the "File Names"). I understand that the File Names include names for the draft Expert Report of David Teece, dated March 20, 2012; the Expert Report of David Teece, dated March 22, 2012; various outlines and drafts of the ITC 794 –

Outline of Proposed Responses to Commission Question Nos. 5-8 (collectively "ITC Public Interest Outline"); and the final brief entitled Samsung's Initial Submission in Response to the Commission's March 13, 2012 Notice on Remedy and the Public Interest ("ITC Brief").

12. As part of the Engagement, Stroz Friedberg also performed scans on the hard drives of each of the three custodians using proprietary software, LIMA. LIMA scans are designed to find documents with the File Names or the corresponding hash value. A hash value is an electronic identifier for a document. The LIMA scans do not involve reviewing the substance of the files.

13. Stroz Friedberg also performed searches of the hard drives of the three custodians to evaluate whether a copy of the Expert Report of David Teece, dated March 22, 2012, that was transmitted by FTP, was disseminated or used by any of these three custodians. This search was conducted using the name of the FTP site ftp.quinnemanuel.com.

14. I understand from court filings that there was a meeting on June 4, 2013 between Dr. Seungho Ahn, James Kwak, and Indong Kang of Samsung and individuals from Nokia Corporation ("Nokia"), where Nokia claims that Samsung improperly used the inadvertently disclosed information. This declaration addresses forensic evidence related to whether Samsung accessed or used these materials prior to the June 4, 2013 meeting.

15. Based on the searches conducted by Stroz Friedberg described in paragraphs 9 to 13 above, I list my conclusions below.

**Dr. Seungho Ahn**:

16. Stroz Friedberg searched Dr. Ahn's computer for the files containing the Teece Report. Our forensic analysis found no evidence that Dr. Ahn had saved a draft Teece Report or the final Teece Report, dated March 22, 2012, to his computer, or had ever opened either document on his computer.

17. Stroz Friedberg searched Dr. Ahn's computer for the files containing the ITC Public Interest Outline or ITC Brief. The analysis showed that the following file was opened on Dr. Ahn's computer on March 26, 2013 at 8:55 a.m. Korean time: 5224213_10_ITC Resp re FRAND.DOC.

18. There was no evidence Dr. Ahn transferred any of the files associated with the File Names to other network locations or electronic storage media

19. Stroz Friedberg searched Dr. Ahn's computer for evidence that Dr. Ahn visited the FTP site ftp.quinnemanuel.com. Stroz Friedberg concluded there was no evidence from the computer that Dr. Ahn downloaded the Teece Report from the FTP site, or that he had ever accessed the Quinn Emanuel FTP site.

**James Kwak**

20. Stroz Friedberg searched Mr. Kwak's computer for the files containing the Teece Report. Our forensic analysis found no evidence that Mr. Kwak had saved a draft Teece Report or the final Teece Report, dated March 22, 2012, to his computer, and or had ever opened either document on his computer.

21. Stroz Friedberg searched Mr. Kwak's computer for the files containing the ITC Public Interest Brief or ITC Outline and found no evidence on that computer that Mr. Kwak had saved any of these files to his computer, or opened any of the files on his computer.

22. There was no evidence Mr. Kwak had transferred any of the files associated with the File Names to other network locations or electronic storage media.

23. Stroz Friedberg searched Mr. Kwak's computer for evidence that Mr. Kwak visited the FTP site ftp.quinnemanuel.com. Stroz Friedberg concluded there was no evidence that Mr. downloaded the Teece Report from the FTP site, or that he had ever accessed the Quinn Emanuel FTP site.

**Indong Kang**

24. Stroz Friedberg searched Mr. Kang's computer for the files containing the Teece Report. Our forensic analysis found no evidence that Mr. Kang had saved a draft Teece Report or the final Teece Report, dated March 22, 2012, to his computer, and or had ever opened either document on his computer.

25. Stroz Friedberg searched Mr. Kang's computer for the files that contained the ITC Public Interest Brief or ITC Outline. Our analysis showed the following:

  a. The file named "5234898_6_Samsung Response to Comm Questions SEC comments.doc" was located in a folder on Indong Kang's computer. The file was created on the hard drive on April 1, 2013 at 6:35 p.m. The forensic analysis did not reveal any evidence that the file was opened at that time or any time prior to June 4, 2013.

  b. The file named "5224213_17_ITC 794 Resp re FRAND.DOC" was located on Indong Kang's computer in the same folder as the file referenced above. The file was created on the hard drive on March 28, 2013 at 4:11 p.m. The forensic analysis did not reveal any evidence that the file was opened at that time or any time prior to June 4, 2013.

  c. The file named "5224213_10_ITC 794 Resp re FRAND.DOC" was located on Indong Kang's computer in the same location as the files referenced above. We are unable to identify the date the file was created. The forensic analysis did not reveal any evidence that the file was opened at the time it was saved or any time prior to June 4, 2013.

26. There was no evidence Mr. Kang had transferred any of the files associated with the File Names to other network locations or electronic storage media.

27. Stroz Friedberg searched Mr. Kang's computer for evidence that Mr. Kang visited the FTP site ftp.quinnemanuel.com. Stroz Friedberg concluded there was no evidence that Mr. Kang downloaded the Teece Report from the FTP site, or that he had ever accessed the Quinn Emanuel FTP site.

28. None of the work performed to date by Stroz Friedberg as part of the Engagement involved reviewing the substance or content of any emails or documents on Samsung's computers

1 | or email archive and Stroz Friedberg did not review the substance or content of any emails or documents on Samsung's computers or email archive.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed in New York, New York on October 21, 2013.

*[signature]*

Michael F. McGowan

| # | Exhibit 1 - File Names of Disclosed Information Used in Transfer Analysis Searches |
|---|---|
| 1 | (Redacted) Expert Report of David J Teece Samsung v Apple.pdf |
| 2 | (Redacted) Expert Report of David J Teece Samsung v Apple_Redacted.pdf |
| 3 | (Redacted) Expert Report of David J Teece Samsung v Apple_reduced.pdf |
| 4 | 130327 Revised ITC FRAND Answer for Quinn.doc |
| 5 | 130328 Revised ITC FRAND Answer redline .doc |
| 6 | 2012.03.22 - US (ND Cal) - David Teece expert report - Samsung_Apple (3).pdf |
| 7 | 2012.03.22 - US (ND Cal) - David Teece expert report (Redacted) - Samsung_Apple.pdf |
| 8 | 2012.05.01 - Bristows_ comments on FR pleadings (FRAND_non-technical) (Samsung_Apple).docx |
| 9 | 2013-03-22_ITC 794 Resp re FRAND.doc |
| 10 | 337-TA-794 Samsung's Initial Submission in Response to the Commission's ....pdf |
| 11 | 5224213_10_ITC 794 Resp re FRAND.doc |
| 12 | 5224213_14_ITC 794 Resp re FRAN.dat |
| 13 | 5224213_14_ITC 794 Resp re FRAND 3-26-2013 KE-FR comments final.doc |
| 14 | 5224213_14_ITC 794 Resp re FRAND.doc |
| 15 | 5224213_17_ITC 794 Resp re FRAND.doc |
| 16 | 5234898_6_Samsung Response to Comm Questions SEC comments.doc |
| 17 | 5234898_6_Samsung Response to Comm Questions.doc |
| 18 | 5234898_6_Samsung Response to Comm Questions_DWS_Comments.docx |
| 19 | Annex 6 - Expert Report of Professor David J. Teece 22 March 2012.pdf |
| 20 | Apple Depo Binder_20130515.pdf |
| 21 | Bristows Comments QE ITC brief responses.docx |
| 22 | Damages(Redacted) Expert Report for 7 Standard patent of David J Teece Samsung v Apple.pdf |
| 23 | Mar 25 2013 Revised ITC FRAND response.doc |
| 24 | SAMSA RAND and Reasonable Royalties 20Mar2012 1115PM [REDACTED].doc |
| 25 | USA - 2012.03.22 - (ND Cal) - David Teece expert report (Samsung) (4).pdf |