1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kathleen M. Sullivan (Cal. Bar No. 242261)
   kathleensullivan@quinnemanuel.com
6  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
10
   William C. Price (Bar No. 108542)
11 williamprice@quinnemanuel.com
   Michael T. Zeller (Cal. Bar No. 196417)
12 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
13 Los Angeles, California 90017
   Telephone: (213) 443-3000
14 Facsimile: (213) 443-3100

15 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
16 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
17

18                           UNITED STATES DISTRICT COURT

19              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

20 APPLE INC., a California corporation,        CASE NO. 11-cv-01846-LHK

21              Plaintiff,                      **SAMSUNG'S NOTICE OF MOTION AND
                                                MOTION FOR AUTHORIZATION TO
22       vs.                                    SUBMIT DEPOSITION TRANSCRIPTS
                                                OF PAUL MELIN AND EEVA
23 SAMSUNG ELECTRONICS CO., LTD., a             HAKORANTA TO THE ITC**
   Korean business entity; SAMSUNG
24 ELECTRONICS AMERICA, INC., a New             **UNREDACTED VERSION OF
   York corporation; SAMSUNG                    DOCUMENT SOUGHT TO BE SEALED**
25 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company,
26                                              Date:   April 22, 2014
                Defendants.                     Time:   10:00 am
27                                              Judge:  Hon. Paul S. Grewal
                                                Place:  Courtroom 5, 4th Floor
28

Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION FOR AUTHORIZATION TO SUBMIT DEPOSITION TRANSCRIPTS TO THE ITC

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 22, 2014, at 10:00 a.m., or as soon thereafter as this matter may be heard in the above-entitled Court, located at 280 South 1st Street, San Jose, CA 95113, defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") will and do hereby move for an order authorizing Samsung to submit to the International Trade Commission ("ITC"), in connection with Investigation 337-TA-794, the deposition transcripts of Paul Melin and Eeva Hakoranta taken in this action. Under the Agreed Upon Protective Order Regarding Disclosure and Use of Discovery Materials (Dkt. 687), the Court may permit Samsung to submit the transcripts to the ITC if doing so is warranted by "public policy or other considerations" or would be in the "interests of justice." Public policy considerations and the interests of justice weigh in favor of the requested relief here. In support of its motion for sanctions pending in the ITC, Apple, with Nokia's knowledge and authorization, submitted to the ITC the declaration of Paul Melin, which was filed by Nokia in Case No. 12-630 ("630 case"). While Nokia voluntarily agreed to allow Apple to freely use the Melin declaration, it now refuses to allow Samsung to submit to the ITC Melin and Hakoranta's sworn deposition testimony—which repeatedly and materially deviated from the Melin declaration—so that the ITC may have a complete and accurate record in assessing Apple's allegations to the ITC. For its part, Apple belatedly attempted to engraft inappropriate conditions to any agreement by it to Samsung's use of the deposition testimony. Samsung has a compelling need to defend against the accusations Mr. Melin makes in his declaration that Apple submitted to the ITC by using Mr. Melin's and Ms. Hakoranta's inconsistent deposition testimony, and the interests of justice certainly favor allowing the ITC access to their deposition testimony. Nokia and Apple, however, have refused to permit Samsung to do so.

**RELIEF REQUESTED**

Samsung respectfully requests that the Court authorize Samsung to provide the deposition transcripts of Paul Melin and Eeva Hakoranta to the ITC, including in support of Samsung's

opposition to Apple's renewed motion for sanctions.   While Samsung does not believe that the transcripts are properly deemed confidential at all (except for specific financial terms disclosed in those transcripts), Samsung is willing to provide those transcripts to the ITC under seal.

### SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)

Samsung hereby certifies that it has in good faith conferred with Apple and Nokia.  Samsung's efforts to resolve this dispute without court intervention are described in the Declaration of Robert J. Becher, submitted herewith.

DATED:   March 18, 2014            Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
Charles K. Verhoeven
Kathleen M. Sullivan
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

**Preliminary Statement**

On July 1, 2013, Nokia submitted a declaration from Paul Melin in support of its Motion for Protective Order in the 630 case. Nokia expressly allowed Apple to submit that declaration to the ITC in support of an Apple motion for sanctions against Samsung. Now seeking to relitigate in the ITC the extensive and detailed determinations of this Court that imposed attorneys' fees as an appropriate sanction while rejecting the remainder of Apple's requested sanctions as "ludicrously overbroad," Apple has filed a "renewed" motion for sanctions in the ITC. Apple yet again introduced Mr. Melin's declaration from the 630 case into the ITC Investigation. Although both Mr. Melin and the other attendee at the June 4 meeting, Ms. Eeva Hakoranta, had been deposed in the meantime in the proceedings in this Court, Apple's motion did not disclose to the ITC that their testimony even existed. Now, in a bald attempt to conceal the true facts from the ITC, Nokia and Apple are refusing to allow Samsung to submit the deposition testimony of either Mr. Melin or Ms. Hakoranta to the ITC.

The Court should authorize Samsung to submit the deposition testimony to the ITC. The Protective Order permits the Court to order cross-use of discovery where warranted by "public policy or other considerations," and the Court also can modify the Protective Order "in the interests of justice." These standards are plainly met here. After an exhaustive review of the record, this Court was "unpersuaded that Samsung used the Teece Report in either the Ericsson or Nokia negotiations" and further found "insufficient evidence" that the disclosures of licensing terms "ultimately implicated any issue *in this or any other litigation or negotiation*." (Dkt. 2935, at 11, 18 (emphasis added).) Allowing Samsung to submit Melin and Hakoranta's deposition testimony—the same testimony considered by this Court as part of its findings—to the ITC is the only way to ensure Samsung is able to fairly defend itself against Apple's reliance on the Melin declaration in its ITC sanctions motion. It will also ensure that the ITC is able to fully evaluate the accusations that Mr. Melin's declaration raised and Apple continues to promote. Indeed, Nokia and Apple's efforts to block the ITC from being fully advised of the facts is not even consistent with the Protective Order. The purpose of Protective Order is to protect sensitive information and not, as Apple and Nokia would have it, to hide evidence from other tribunals or

1  allow a party to distort the record in other proceedings, especially where, as here, the material can
2  be filed under seal.
3      Having accused Samsung of serious misconduct and relied on Mr. Melin's declaration
4  from the 630 case to support its accusations, Apple and Nokia should not be allowed to prevent
5  Samsung from providing the ITC with testimony that discredits the purported version of events set
6  forth in Mr. Melin's attorney-crafted declaration.

**Factual Background**

**The Melin Declaration**.   On July 1, 2013, Nokia submitted under seal a declaration from Paul Melin, Nokia's chief IP officer, along with its original Motion for Protective Order in the 630 case.  (Dkt. 647-1 in Case No. 12-CV-0630-LHK.)[1]   On August 22, 2013, Apple filed a motion for sanctions against Samsung at the ITC.  (Becher Decl., ¶ 3.)  In support of its ITC motion, Apple submitted the Melin declaration from the 630 case.  Nokia had given Apple permission to file the Melin declaration with the ITC, but it did not ask to see Apple's motion beforehand or ask for a copy of the motion after it was filed.  (Becher Decl., ¶ 9.)   Nor at any time did Nokia seek to intervene or otherwise participate in the ITC matter, even after Apple filed the Melin declaration with the ITC.   (Becher Decl., ¶ 4.)   Apple's original motion for sanctions remains pending before the ITC.   On February 26, 2014, Apple filed what it called a "renewed" motion for sanctions and once again relied on the Melin declaration.  (Becher Decl., ¶ 3.)   In the interim, however, Mr. Melin and Ms. Hakoranta, the other Nokia participant in the June 4 meeting, were deposed in connection with the proceedings in this Court, pursuant to this Court's Order

---

[1]   As described by this Court, Mr. Melin asserted in this declaration that:

> [O]n June 4, 2013, in a meeting between Samsung and Nokia licensing executives, Dr. Seungho Ahn informed Nokia that the terms of the Apple-Nokia license were known to him.   Specifically, according to Mr. Melin, Dr. Ahn stated that Apple had produced the Apple-Nokia license in its litigation with Samsung, and that Samsung's outside counsel had provided his team with the terms of the Apple-Nokia license.   Mr. Melin recounts that to prove to Nokia that he knew the confidential terms of the Apple-Nokia license, Dr. Ahn recited the terms of the license, and even went so far as to tell Nokia that "all information leaks."

Dkt. 2483, at 3; *see also* Dkt. 2935, at 2, 6.

compelling their testimony after Nokia refused to produce them.  (Dkt. 2689, at 4.)[2]  Despite its reliance on the Melin declaration in its "renewed" ITC motion, Apple made no mention of either Mr. Melin or Ms. Hakoranta's deposition to the ITC.

**Apple and Nokia's Abuses Of The Court's Protective Order In These Proceedings.**
Apple and Nokia have sought to use the Protective Order in this case to shield unfavorable facts, rather than sensitive information.  For example, Apple and Nokia moved to seal each and every filing that disclosed that Apple itself had filed detailed terms of the Apple-Nokia license on the public docket and that they had remained on the docket for over four months.  Apple and Nokia filed almost *twenty* meritless sealing motions to keep this information from becoming public. (Dkts. 2958, 2964, 2965, 2973, 2974, 2975, 2976, 2977, 2985 in the 11-1846 Action; Dkts. 1258, 1276, 1278, 1280, 1282, 1289, 1315, 1320, 1322, 1323 in the 11-1846 Action.)  This Court rejected Apple and Nokia's proliferation of sealing requests and allowed information about Apple's public filing of the terms of the Apple-Nokia license to become public.  (Dkt. 2997.)

**Apple and Nokia's Refusal to Allow Samsung to File the Deposition Testimony of Paul Melin and Eeva Hakoranta with the ITC**.  Samsung asked Apple and Nokia for their agreement to file deposition transcripts of Paul Melin and Eeva Hakoranta under seal in support of its opposition to Apple's renewed motion for sanctions at the ITC.  (Becher Decl., Exhs. 1, 2.) As discussed below, Nokia has refused, and Apple ultimately stated that it would give permission only if Samsung agreed to other, inappropriate conditions unrelated to the submission of the Melin and Hakoranta deposition transcripts.

**Argument**

The Protective Order in this case permits the Court to allow evidence from this case to be submitted in another action if "public policy or other considerations" support such a result.  (Dkt. 687, ¶ 23(f).)  The Protective Order also may be modified by the Court "in the interests of justice."  (*Id*.; *see also* Dkt. 2093 (authorizing cross-use of documents from the 630 case in the 1846 action and finding Apple would not be prejudiced).)  The Court should exercise this power

---

[2] The complete deposition transcripts are in the record at Dkt. 2838-07 and 2838-10.

here and authorize Samsung to submit the deposition testimony of Paul Melin and Eeva Hakoranta to the ITC.

With Nokia's prior knowledge and consent, Apple interjected the Melin declaration into the ITC and thus has put the deposition testimony of Nokia's witnesses directly at issue there.   By now tactically refusing to allow Samsung to provide the ITC with the deposition testimony from Mr. Melin and Ms. Hakoranta that impeaches Mr. Melin's declaration, Apple and Nokia are misusing the Protective Order to conceal evidence from the ITC and unfairly preventing Samsung from defending itself against Apple's one-sided, misleading reliance on the Melin declaration. There is no question that this testimony is material to an evaluation of the accusations in Mr. Melin's declaration.   It indeed was among the same evidence that left this Court "unpersuaded that Samsung used the Teece Report in either the Ericsson or Nokia negotiations" and that underlies this Court's further finding that there is "insufficient evidence" that the disclosures of licensing terms "ultimately implicated any issue *in this or any other litigation or negotiation*." (Dkt. 2935, at 11, 18 (emphasis added).)   Under these circumstances, the interests of justice and public policy considerations dictate that Samsung be able to respond fully to Apple's reliance on Mr. Melin's allegations regarding Samsung's alleged conduct by offering his and Ms. Hakoranta's deposition testimony.[3]

Neither Apple nor Nokia has provided any valid basis to resist the cross-use of the Melin and Hakoranta transcripts in the ITC, and they also are unable to point to any unfair prejudice that will result from granting this motion.   Most critically here, Nokia and Apple have **never** asserted that any of the information in the deposition transcripts—let alone all of it—constitutes sensitive business information that would be compromised if it were submitted to the ITC under seal. Given that this is the only legitimate basis on which Nokia or Apple could resist use in the ITC,

---

[3] While Apple and Nokia have designated the testimony as "Highly Confidential-Attorneys' Eyes Only," much of the content of the deposition transcripts has already been made public in Court orders and hearing transcripts.   (Dkt. 2483, at 3; *see also*, Dkt. 2935, at 2, 6; December 9, 2013 Hearing, at 27:17-23 (quoting from page 242 of Melin deposition transcript)*,* 32:21-25 (quoting from Melin deposition transcript), 85:1-25 (Nokia's counsel quoting from pages 172-173 of deposition transcript).)   And the remainder is not worthy of confidential treatment under the Protective Order, with the limited exception of certain financial terms.

1  Nokia and Apple's failure should be treated as dispositive here.   (Dkt. 1649 at 2-3 ("The mere
2  fact that the production of records may lead to a litigant's embarrassment, incrimination, or
3  exposure to further litigation will not, without more, compel the court to seal its records." (quoting
4  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006))).

5  Instead of offering any proper ground for its refusal to allow Samsung to submit the
6  transcripts to the ITC, Nokia asserted as its alleged reason that "Samsung has previously
7  mischaracterized Mr. Melin's testimony to the Court, and if his testimony is allowed to be used in
8  the ITC, there is a significant danger of that happening again.   Because Nokia is not a participant
9  to these ITC proceedings, however, it would not be able to defend itself against such character
10 attacks."  (Becher Decl., Exh. 1.)   Because these excuses are not tied in any way to the Protective
11 Order's purpose, however, they provide no justification for Nokia's blocking the ITC from access
12 to that directly relevant testimony, and should be rejected for this reason alone.

13 Nokia's position is also not credible.   It relies on the fact that it is not a party to the ITC
14 Investigation and does not have visibility into the Investigation, but Nokia expressed no such
15 purported concerns when it gave Apple permission to interject the Melin declaration into the ITC
16 proceedings.  (Becher Decl., Exh. 1.)   Nokia of course was fully aware that it was not a party to
17 the ITC proceedings when it authorized Apple to submit Melin's declaration to the ITC.   It cannot
18 now belatedly use the fact that it is still not a party as an excuse to hinder Samsung's defensive use
19 of other testimony from Nokia's witnesses.[4]

20 Nokia's accusation that Samsung has purportedly misrepresented Mr. Melin's testimony to
21 the Court is baseless as well.   The Court never found that Samsung misrepresented the Melin
22 testimony; to the contrary, it ultimately agreed that the evidence did not prove that Samsung
23 misused the inadvertently disclosed terms of the Apple-Nokia license in negotiations with Nokia.
24 (Dkt. 2935, at 11.)   In any event, this Court had the opportunity to examine the deposition

---

[4]   Equally inappropriate are Nokia's demands that Samsung provide its ITC filings to Nokia. Such filings are under seal and subject to the ITC's Protective Order and procedures.   Indeed, Nokia did not impose that condition on Apple before it authorized Apple to use the Melin declaration in the ITC and, to Samsung's knowledge, has never made any demand that Apple share its ITC filings with Nokia even as of today.

testimony and reach its own conclusion about the Melin declaration in light of that testimony. The ITC similarly will be able to decide for itself what the testimony shows.

Apple likewise has no legitimate ground for opposing Samsung's use of the transcripts in the ITC.   For its part, Apple eventually said that Samsung could file Melin deposition excerpts but only "provided that Samsung agrees to allow Apple to use in, and cite to, the ITC the depositions of Ken Korea, Daniel Shim, Seungho Ahn, Jin Kwak, Jaewan Chi, and Clayton Kim taken in the NDCal. case in October 2013." (Becher Decl., Exh. 2.)   This blanket demand, however, covers thousands of pages of transcripts relating to a host of subjects that have no bearing on Apple's ITC motion.   These extraneous conditions Apple sought to impose also have nothing to do with the issue that Apple itself interjected into the ITC proceedings and for which Samsung is seeking relief—namely, Melin and Hakoranta's testimony that impeaches the Melin declaration.   They do not and should not serve as a valid basis for denying Samsung the ability to provide the Melin and Hakoranta deposition transcripts to the ITC.

Further demonstrating the meritlessness of Apple's position, Apple filed its motion for sanctions and renewed motion for sanctions in the ITC without citing to the deposition testimony from any of these six Samsung witnesses.  (Becher Decl., ¶ 8.)   In fact, at no time prior to Samsung's request to submit the Nokia deposition transcripts to the ITC, did Apple even ask Samsung for permission to submit *any* of these Samsung transcripts to the ITC.  (Becher Decl., ¶ 8.)   To the contrary, after Samsung requested that it be allowed to provide the Melin transcript to the ITC, Apple first suggested that Samsung could not do so because it had no procedural mechanism by which to submit that transcript to the ITC.  (Becher Decl., Exh. 2.)   In other words, Apple initially argued, it was procedurally too late, which is inconsistent with its position now that Apple itself should be allowed to submit thousands of irrelevant pages of transcripts to the ITC after Apple already submitted its motions to the ITC without any suggestion that it needed the Samsung transcripts.   Apple's *post hoc* tit-for-tat conditions are also not motivated by any real need, as this same Apple conduct shows.   Apple chose to submit its renewed motion for sanctions months after the depositions took place and, even though it had the burden to support its request for sanctions, it did not rely on the Samsung depositions.  (Becher Decl., ¶ 3.)   Apple's belated

1  attempts to engraft overbroad, unrelated conditions on Samsung's ability to defend itself against
2  Apple's reliance on the Melin declaration in the ITC should be rejected.
3      Neither Apple nor Nokia will be unfairly harmed if two deposition transcripts are
4  submitted to the ITC under seal.  On the other hand, Samsung will be gravely injured and justice
5  will not be served if the ITC is not given access to evidence that is needed to evaluate the truth of
6  the allegations Apple and Nokia have made against Samsung.  Under these circumstances, the
7  Court should grant Samsung's motion.

## Conclusion

9      For the above reasons, Samsung respectfully requests that the Court authorize Samsung to
10 submit the deposition transcripts of Mr. Melin and Ms. Hakoranta to the ITC under seal so it can
11 fully and fairly defend itself against Apple's motion for sanctions.

13 DATED: March 18, 2014         Respectfully submitted,

                                QUINN EMANUEL URQUHART &
                                SULLIVAN, LLP

                                By  /s/ Michael T. Zeller
                                    Charles K. Verhoeven
                                    Kathleen M. Sullivan
                                    Kevin P.B. Johnson
                                    Victoria F. Maroulis
                                    William C. Price
                                    Michael T. Zeller

                                Attorneys for SAMSUNG ELECTRONICS CO.,
                                LTD., SAMSUNG ELECTRONICS AMERICA,
                                INC. and SAMSUNG
                                TELECOMMUNICATIONS AMERICA, LLC

**ATTESTATION**

I, Victoria F. Maroulis, am the ECF User whose ID and password are being used to file this Declaration.   In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Michael T. Zeller has concurred in this filing.


Dated:   March 18, 2014                              By:   */s/ Victoria F. Maroulis*
                                                                    Victoria F. Maroulis