# Exhibit 11

# Filed Under Seal

quinn emanuel trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3182**

WRITER'S INTERNET ADDRESS
**robertbecher@quinnemanuel.com**

November 4, 2013

<u>HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY</u>
<u>VIA EMAIL AND U.S. MAIL</u>

| | |
|---|---|
| Mark D. Selwyn, Esq. | Joseph J. Mueller, Esq. |
| WilmerHale | WilmerHale |
| 950 Page Mill Road | 60 State Street |
| Palo Alto, CA 94304 | Boston, MA  02109 |

Randall Allen, Esq.
Alston & Bird LLP
275 Middlefield Road
Suite 150
Menlo Park, CA 94025-4008

Re:     Remediation of Inadvertent Disclosures

Dear Counsel:

I write regarding remediation of the inadvertent disclosures related to the Teece Report and the ITC public interest briefing.

Apple and Nokia have taken inconsistent positions regarding what remediation measures are appropriate, and Apple has mischaracterized our prior discussions with Nokia regarding potential remediation.  Apple also has ignored our prior requests to undertake even what should be straightforward and non-controversial remediation efforts.  For example, on October 17, 2013, Samsung sent Apple a proposed redacted version of the Teece Report and asked for Apple's consent to replace the version of the Teece report on file in the First Instance Court of Milan and with DG Comp with that proposed redacted version.  Well over two weeks have now passed, and despite my follow up email on October 29, 2013, Apple still has not responded.  Please let us know if we have Apple's approval to provide the redacted Teece report to counsel in the actions in Milan and before DG Comp and to replace the Teece Report with the proposed redacted version.

2

As a further effort to remediate, we propose to have Stroz permanently delete electronic copies of the Teece Report or ITC public interest briefing containing the financial terms of the Apple-Nokia, Apple-Philips, Apple-Sharp and/or Apple-Ericsson license from the locations where they have been located at Samsung, including Samsung employees' hard drives and Samsung's email archive.  The parties' Protective Order contemplates such a course where it provides that, in the event of an inadvertent disclosure, "The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use is made."

We also propose that Quinn Emanuel take custody of the imaged hard drives and copies of archived email that have been created in connection with the search for the inadvertent disclosures.  Because Quinn Emanuel was and is entitled to possess the Teece Report and the ITC public interest briefing, it is well-situated to take custody of these materials.  Moreover, having Quinn Emanuel take custody is consistent with preserving Samsung's attorney-client privilege and attorney work product protections that apply to many of the materials on the imaged drives and email archive.

We look forward to your responses, including any counter-proposals that Apple or Nokia may have for remediation.

Sincerely,

*[signature]*

Robert J. Becher

RJB