# Exhibit 12

# Filed Under Seal

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3182**

WRITER'S INTERNET ADDRESS
**robertbecher@quinnemanuel.com**

November 12, 2013

<u>**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**</u>
<u>**VIA EMAIL AND U.S. MAIL**</u>

Ryan Koppelman, Esq.
Alston & Bird LLP
275 Middlefield Road
Suite 150
Menlo Park, CA 94025-4008

Re:     <u>Remediation of Inadvertent Disclosures</u>

Dear Ryan:

I write in response to your letter of November 5, 2013.  I first note that your cover email refers to an October 30 meet and confer.  I presume you are using the word loosely but just want to make clear that our conversation was not a formal meet and confer regarding any motion or relief nor was it scheduled as a meet and confer.  Instead, you simply had requested to discuss the status of work under the Stipulation and Order Re Motion for Protective Order by Nokia Corporation ("Stipulation").

As you note in your letter, at the start of our call, I asked Nokia to agree to file a stipulation with the Court agreeing that Samsung's provision of answers and updates regarding the status of work under the Stipulation would not constitute a waiver of the attorney-client privilege or attorney work product doctrine.  I explained that Samsung needed such a stipulation in light of the arguments Apple and Nokia have proffered regarding alleged waiver of the attorney-client privilege or attorney work product protection and because the Stipulation does not call for the provision of answers and updates of the type you were requesting.  I note that Nokia has refused to enter into such a stipulation.  Samsung's offer to enter into such a stipulation remains open.

I separately want to confirm that, as I told you on the phone, Nokia's alleged confidential information was redacted from the version of Teece Report that was attached to a February 1, 2013 email from Thomas Pease.

quinn emanuel urquhart & sullivan, llp
NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG

As to your request that we update the Becher Declaration to indicate whether any of the transmissions of the Teece Report discussed in that declaration were of the version of the Teece Report in which Nokia's alleged confidential information was redacted, we are in the process of doing this.

We will also provide you with information regarding whether the Becher Declaration identifies any instances in which Quinn Emanuel sent the incompletely redacted Teece Report with intent to transmit Nokia's alleged confidential information.

I also want to confirm our conversation on Wednesday regarding the log discussed in paragraph 7 of the Stipulation.  You told me that Nokia was not willing to accept the existing privilege log and document production as satisfying paragraph 7.  I then inquired whether Alston & Bird was insisting that Stroz log each of the documents that was responsive to the eleven English and Korean search strings and I explained that these results captured countless document that did not even relate to the Apple-Nokia license.  You stated that Nokia needed additional information, including the number of documents responsive to the search terms, before it could respond.  I have checked and the application of the eleven English and Korean search strings yielded a total of 62,358 documents totaling almost one million pages.  Once you have considered this information, we should have another conversation regarding the log.

Finally, as to remediation, we sent you a letter on November 4, 2013.  We look forward to receiving Nokia's response.


Sincerely,

Robert J. Becher

RJB