

275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008

650-838-2000
Fax: 650-838-2001
www.alston.com

Randall L. AllenDirect Dial: 650-838-2003Email: randall.allen@alston.com

July 31, 2013

CONFIDENTIAL
VIA EMAIL

Robert J. Becher
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
robertbecher@quinnemanuel.com

Re:Disclosure of Nokia Confidential Information

Dear Rob:

I am writing to follow-up on our conversations over the last several weeks regarding Nokia's Motion for a Protective Order.  Although our regular telephone calls have been helpful in beginning to move forward on these issues, I thought it would also be helpful to memorialize where the parties currently are and to propose a specific path forward, in view of the details in your July 16 letter (received on July 17) disclosing a large number of incidents of disclosure by your firm of Nokia confidential business information ("Nokia CBI") to at least 69 Samsung employees and 12 additional third parties.  In addition, there were disclosures to the yet unidentified and unknown number of individuals who were included as recipients on the Quinn Emanuel "Samsung ITC" and "Samsung FRAND" distribution lists referenced in your letters, which may or may not have been authorized.

During our call on Friday, July 26, you laid out an initial proposal to address the cited disclosures, including:

1.Nokia would withdraw its motion for a protective order.

2.Samsung would drop its request for additional data in the currently pending Northern District of California case styled *Apple, Inc. v. Samsung Electronics Company, Ltd., et al.*, Case No. 12-cv-0630-LHK (PSG) ("NDCA II case").  Samsung would also agree not to use any Nokia data in the NDCA II case.

3.Samsung would retain its e-discovery vendor UBIC to collect and copy all of the e-mail that Quinn Emanuel sent to Samsung and any copies of

July 31, 2013
Page 2

        e-mails forwarding Nokia CBI by Samsung employees.  You stated that UBIC would be preferable because it is a vendor that Quinn Emanuel and Samsung have used, who is both familiar with Samsung's e-mail environment and has Korean language skills.

4. You would provide us a log of any instances in which UBIC locates copies of Nokia CBI.  The log would be verified, under oath, by UBIC.

Let me know if I have misunderstood your above proposal.  In response to the above, Nokia makes the following counterproposal for consideration by Quinn Emanuel and Samsung:

1. Stroz Friedberg will be retained to conduct an audit of the files of each Samsung employee identified to date in your letters dated July 16, 2013.  The purpose of the audit will be to collect and preserve any records within Samsung evidencing (i) receipt or dissemination of Nokia CBI or (ii) any evidence of Samsung's use of Nokia's CBI.  In the event that Stroz Friedberg's audit reveals that Nokia CBI was forwarded to or used by persons not identified in your letters of July 16, 2013, the audit will be expanded to include any and all Samsung employees receiving or using Nokia CBI whether in the form of Nokia's license with Apple or otherwise.

2. Quinn Emanuel and Alston & Bird will work together with Stroz Friedberg to develop sufficient guidelines, including appropriate search terms and/or search parameters.  The guidelines, to be utilized by Stroz Friedberg, shall be reasonably focused to obtain communications and documents relating to the use or dissemination of Nokia CBI.  However, Stroz Friedberg's search will not be limited on the basis that it involves the search of privileged, work product or otherwise confidential information.  Samsung and Quinn Emanuel will fully cooperate with Stroz Friedberg.

3. Stroz Friedberg shall also be charged with conducting a similar audit of the relevant files at Quinn Emanuel, for the purposes of determining that the previous search for communications and documents at Quinn Emanuel was sufficient to discover all disclosures of Nokia CBI.

4. After agreement on the above and prompt initiation of the audit process, Samsung and Nokia will jointly prepare a consent order for execution in the NDCA II case providing for the inspection of Samsung records by Stroz Friedberg and providing that the audit itself will not constitute a waiver of any privilege claim or other claim of confidentiality.  If our proposal is acceptable in substance, we are happy to provide a first draft of such an order.

July 31, 2013
Page 3

5. Stroz Friedberg will prepare a log of each instance in which Nokia CBI was disseminated or used in the conduct of Samsung's business. The log shall contain complete information identifying the author or sender and all recipients of any identified communications and/or documents; the date and time; the subject line and a brief description of the subject matter of the communication and/or document. Nokia shall be entitled to receive copies of any e-mail forwarding Nokia CBI, which may have redactions based on agreed criteria. The above procedure is not intended to limit in any way Nokia's right to obtain complete, unredacted copies of communications and/or documents obtained from Samsung evidencing dissemination or use of Nokia CBI. In the event the parties cannot agree on which documents Nokia is entitled to, the parties will tender the unredacted communications and/or documents to the magistrate judge for *in camera* inspection. Details of the inspection process shall be set forth in the Consent Order described above.

6. The Consent Order will stipulate that the parties agree to take the current motion and hearing temporarily off calendar, and then provide a notice to the Court when the facts are gathered with a briefing schedule if disputes remain or a notice that the dispute is otherwise resolved. Furthermore, in the Consent Order Samsung will formally drop its request for additional data in the currently pending NDCA II case. Samsung will also agree not to use any Nokia CBI in:

   (i) the NDCA II case,

   (ii) Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG) (the "NDCA I" case),

   (iii) Certain Electronic Devices, Including Wireless Communication Devices, Portable Music and Data Processing Devices, and Tablet Computers, Investigation No. 337-TA-794, or

   (iv) Any other legal or business matter outside the scope of the governing protective orders.

7. Following completion of the audit by Stroz Friedberg, Nokia shall be entitled to conduct deposition discovery reasonably necessary to determine the extent of dissemination and use of Nokia CBI within Samsung.

8. In addition, Quinn Emanuel, on behalf of Samsung, will promptly take steps to secure the return and/or verified destruction of any copies of Nokia CBI sent to third parties (other than Samsung, e.g., Fish, Kirkland, Bristows, etc.). Prior to taking steps to obtain the return and/or destruction of Nokia CBI from such third parties, QE/Samsung will use its best efforts

July 31, 2013
Page 4

>to determine whether the Nokia CBI was further disseminated or used by such third parties in connection with representing Samsung or any other party. Following QE/Samsung's investigation of such third parties, it shall prepare a sworn statement identifying the full extent of investigation including who received the Nokia CBI, what steps were taken to determine its further use or dissemination, and what steps were taken to either destroy, with verification, or return the Nokia CBI.

As you discuss this proposal with your client, can you please send us a list of all the individuals who were included in the mail lists "Samsung FRAND" and "Samsung ITC" at the time of the disclosures identified in your letters dated July 16.

As we have previously discussed, the process and procedure, including those steps I have set out above, are designed to get to the bottom of what happened to Nokia's CBI as well as how it was used after the inappropriate disclosures. Following the completion of the audit, Nokia reserves any and all rights to pursue all appropriate remedies.

I look forward to discussing our proposal with you as soon as possible. Please let us know when you are available.

Sincerely,

Randall L. Allen

cc:   Ryan W. Koppelman
      Patrick J. Flinn
      Matthew D. Richardson