# Exhibit A
# (FILED UNDER SEAL)

WILMERHALE

**Joseph J. Mueller**

+1 617 526 6396 (t)
+1 617 526 5000 (f)
joseph.mueller@wilmerhale.com

September 2, 2013

<u>**Contains Confidential Business Information**</u>
<u>**Subject to Protective Orders**</u>

**BY EMAIL**

Robert Becher, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:     *Certain Electronic Devices, Including Wireless Communication Devices, Portable*
*Music and Data Processing Devices, and Tablet Computers*, Inv. No. 337-TA-794;
*Apple Inc. v. Samsung Elecs. Co. Ltd.*, No. 11-cv-1846 LHK (PSG)

Dear Rob:

I write regarding your August 30 response to my August 26 letter.

<u>**Auto-delete**</u>:  In my letter, I asked (following up on an August 15 email to you) "at the time that
the CBI breaches were discovered, was there any 'auto delete' function in place in the Samsung
email system?  If so, can you confirm that (a) it has been shut off and (b) identify the time when
it was shut off?"  Your response refers to filings made by Samsung last year regarding the auto-
delete functionality.  This is non-responsive to my questions.  These questions are relevant
because we need to know whether the auto-delete system deleted certain communications
relating to the CBI disclosures.  We repeat our request for direct answers to these questions.

<u>**Preservation efforts:**</u>  In your letter, you refer to an August 1 preservation notice.  Can you send
us a copy, and identify the recipients?  Why did you wait until August 1 to send this notice?

<u>**Definitive confirmation of terms of Apple-Nokia agreement:**</u>  We are still waiting for an
answer to a question that Bill Lee posed in his August 11 letter to you: "Do you concede that
Samsung did not have definitive confirmation of the terms of the Nokia-Apple agreement until
Quinn Emanuel's disclosure to Samsung?"

<u>**First knowledge of improper disclosures**</u>:  In my letter, I asked, "If you learned of the
improper disclosures on July 2 (-1846) and July 13 (794), why did you wait until August 1 to
inform us?"  You state, "After becoming aware of some of the inadvertent disclosures, Quinn
Emanuel began investigating the circumstances surrounding them and also sought to identify any

**Contains Confidential Business Information Subject to Protective Orders**

Robert Becher, Esq.
September 2, 2013
Page 2

**WILMERHALE**

additional disclosures. Quinn Emanuel continued to discover additional information during the course of the month of July. Quinn Emanuel notified Apple as soon as it felt that it had pinned down the key facts and was in a position to provide a full report." But on July 16, Quinn Emanuel notified Nokia of the CBI disclosures in both the -1846 and 794 cases. Why did Quinn Emanuel wait until August 1 to give those same notices to Apple?

**December 21, 2012 disclosure:**  In my letter, I asked, as to the December 21, 2012 disclosure of an improperly redacted version of Dr. Teece's licensing expert report, "Why did Samsung need this report in December, four months after the California trial at which Dr. Teece testified?" You state, "The reason that Quinn Emanuel sent Samsung a redacted copy of the Teece report is protected by the attorney-client privilege and the attorney work product doctrine. Without waiving any applicable privilege, we can confirm that the request for the report made no mention of Samsung's negotiations with Apple or Nokia and related to an entirely different matter." What was that matter? As you know, Apple disagrees that Samsung can assert privilege or attorney work product protection over communications that improperly disclosed Apple's protected information to shield production of such communications. But even assuming Samsung could assert such a claim, the subject matter of the communications in December 2012 (as distinct from the details of the communications about that subject matter) is the type of information that would be provided on a privilege log.

**Members of email distribution lists:**  We continue to wait for an identification of the members of the email lists that were copied on the CBI disclosures—including the members (as of the time of the relevant communications) of the "Samsung Patent Team," "Samsung v. Apple," "Samsung ITC," and "Samsung FRAND" email distribution lists. We note that over the past few weeks, Samsung has filed a number of additional APO acknowledgments—and yesterday sent a letter to Secretary Barton disclosing that a Quinn Emanuel attorney on one of these distribution lists "inadvertently failed to file Protective Order acknowledgements prior to receiving confidential business information." When you provide the members of the distribution lists, please also identify for each such member (1) the date that person signed the APO for the 794 case, (2) the date that signed APO was filed with the ITC, and (3) whether that person received any Apple or third-party CBI prior to signing the APO.

Please provide us the above-requested information by this Wednesday, September 4.


Sincerely,

/s/ Joe Mueller

Joe Mueller