**Contains Attorneys' Eyes Only Information Subject to Protective Order**

HAROLD J. MCELHINNY (SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (SBN 116421)
rkrevans@mofo.com
ERIC J. OLSON (SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**FILED UNDER SEAL**<br><br>**APPLE'S RESPONSE TO SAMSUNG'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION OF THOMAS D. PEASE IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION TO COMPEL FURTHER DISCOVERY AND FOR SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER**<br><br>**Date**:    October 1, 2013<br>**Time**:    10:00 a.m.<br>**Place**:   Courtroom 5, 4th Floor<br>**Judge**:  Hon. Paul S. Grewal |

**Contains Attorneys' Eyes Only Information Subject to Protective Order**

Apple does not oppose the submission of the Supplemental Pease Declaration or of the September 25, 2013 letter in which Samsung identifies an additional two improper disclosures of Apple's, Nokia's, Ericsson's, Sharp's, and Philips' highly confidential licensing information, to at least *26* previously unidentified individuals not entitled to see that information.

Apple does wish to respond, however, to Samsung's assertion that the disclosures of September 25, 2012 "show[]" "Apple's motion for discovery and sanctions is premature." They prove the opposite. The fact that Samsung still has not identified the totality of its protective order breaches nearly *three months* after Nokia first identified them demonstrates the need for this Court to act now by ordering the further discovery Apple has requested. The breadth and seriousness of these protective order violations, especially when combined with Samsung's failure to properly address them, underscores the need for sanctions.

Based only on the incomplete information Samsung has provided to date, there have been 7 separate violations of this Court's orders. Apple's, Nokia's, Ericsson's, Sharp's, and Philips' highly confidential licensing information has been disclosed to at least 90 people who were prohibited from receiving it. These disclosures extend around the globe, to people and entities in at least Great Britain, Italy, the Netherlands, Japan, Belgium and Korea. Although Samsung's so-called "investigation" into these violations is nearly three months old, these numbers still do not reflect any investigation into Samsung's *internal* communications (i.e., communications in which Quinn Emanuel did not participate), nor any interviews or declarations of the Samsung employees already known to have improperly used the licensing information during negotiations with Nokia. To date, Samsung has not produced a single unredacted document regarding the use of the highly confidential information and has refused to provide any answer to basic questions, such as why it sent a copy of the Teece report containing terms of Apple's licenses with

**Contains Attorneys' Eyes Only Information Subject to Protective Order**

1    Nokia, Ericsson, Sharp, and Philips to Samsung on December 21, 2012 – four months after

2    Teece testified at trial.

3          Promptly discovering the answers to these questions, the full scope of the

4    protective order violations, and the manner in which Samsung employees and others may

5    have misused this commercially valuable information is particularly important because

6    courts in Japan, Australia, and elsewhere are presently considering issues involving

7    Apple's and Samsung's licensing conduct.  What happened in connection with these

8    disclosures may be highly relevant to those determinations.

9          Thus, far from supporting a finding that Court intervention and sanctions are not

10   yet necessary, Samsung's September 25, 2013 disclosures  acutely emphasize the need for

11   the Court to act.

12

13   Dated:  September 27, 2013            */s/* William F. Lee _____

14                                        William F. Lee (admitted *pro hac vice*)
                                          (william.lee@wilmerhale.com)

15                                        WILMER CUTLER PICKERING
                                             HALE AND DORR LLP

16                                        60 State Street
                                          Boston, Massachusetts  02109

17                                        Telephone: (617) 526-6000
                                          Facsimile: (617) 526-5000

18

19                                        Mark D. Selwyn (SBN 244180)
                                          (mark.selwyn@wilmerhale.com)

20                                        WILMER CUTLER PICKERING
                                             HALE AND DORR LLP

21                                        950 Page Mill Road
                                          Palo Alto, California  94304

22                                        Telephone:  (650) 858-6000
                                          Facsimile:   (650) 858-6100

23

24                                        Harold J. McElhinny (SBN 66781)
                                          (HMcElhinny@mofo.com)

25                                        Michael A. Jacobs (SBN 111664)
                                          (MJacobs@mofo.com)

26                                        Rachel Krevans (SBN 116421)
                                          rkrevans@mofo.com

27                                        MORRISON & FOERSTER LLP

28

---

APPLE'S RESPONSE TO SAMSUNG'S
MOTION FOR LEAVE TO FILE
SUPPLEMENTAL PEASE DECLARATION
Case No. 11-cv-01846-LHK (PSG)

**Contains Attorneys' Eyes Only Information Subject to Protective Order**

1

425 Market Street

2

San Francisco, California 94105
Telephone: ( 415) 268-7000

3

Facsimile:  (415) 268-7522

4

Attorneys for Plaintiff and

5

Counterclaim-Defendant Apple Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S RESPONSE TO SAMSUNG'S
MOTION FOR LEAVE TO FILE
SUPPLEMENTAL PEASE DECLARATION
Case No. 11-cv-01846-LHK (PSG)

**Contains Attorneys' Eyes Only Information Subject to Protective Order**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on September 27, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5-1.

/s/ Mark D. Selwyn
Mark D. Selwyn

APPLE'S RESPONSE TO SAMSUNG'S
MOTION FOR LEAVE TO FILE
SUPPLEMENTAL PEASE DECLARATION
Case No. 11-cv-01846-LHK (PSG)