QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO MOTION TO INTERVENE AS PLAINTIFFS WITH NEWLY DISCOVERED EVIDENCE UNDER RULE 24(A)(2), 24(B)** |

## I. INTRODUCTION

At least nine of the ten proposed intervenors are individuals who appear to currently reside in state jails and prisons. Several of the intervenors frequently file such motions in courts around the country and at least one of the proposed intervenors has been sanctioned by other courts for making thousands of frivolous filings.[1] Because judgment has already been entered in this case and the notices of appeal have already been filed, the Court does not have jurisdiction to consider the Motion to Intervene and should deny it on this basis. Even if the motion were considered on the merits, it fails. The intervenors have not satisfied the pleading requirements of Rule 24(c) of the Federal Rules of Civil Procedure and they have not even attempted to meet the requirements for intervention of right or permissive intervention under Rule 24(a)(2) and Rule 24(b) of the Federal Rules of Civil Procedure.

## II. ARGUMENT

### A. The Court Lacks Jurisdiction Over the Instant Motion

Once a timely notice of appeal is filed, jurisdiction over all matters pertaining to the appeal passes to the appellate court and the district court is without authority to act further with regard to any matters pertaining to the appeal, including motions to intervene. *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) ("a notice of appeal divests the district court of jurisdiction to resolve a motion to intervene filed after a notice of appeal"); *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (same); *Bryant v. Crum & Forster Specialty Ins. Co.*, 502 Fed. Appx. 670, at *1 (9th Cir. Dec. 19, 2012) ("Mattel's subsequent notice of appeal divested the district court of its

---

[1] The motion is signed by a person listed as "Jonathan Rich" with an inmate number KX 9662. According to the Pennsylvania Department of Corrections inmate locator search, that inmate number belongs to Jonathan Riches, who has filed thousands of frivolous lawsuits throughout the country. Declaration of Robert J. Becher In Support of Samsung's Opposition, Ex. A; *Romano v. Kardashian*, 2012 WL 2503954, at *1 (D. Mont. June 26, 2012) ("A review of the federal database shows that Riches has filed complaints or moved to intervene in at least 2600 cases under his own name and has filed more than 36 complaints or motions to intervene under the alias 'Gino Romano.'"); *Kimberly v. Kardashian*, 2012 WL 3257857, at *1 (W.D. La. July 9, 2012) (stating "[t]here is sound reason to believe that Plaintiff is actually Jonathan Lee Riches, a former federal prisoner who has filed thousands of meritless lawsuits across the country" and warning him "against making any future frivolous filings"); *In re Air Crash at Lexington, Kentucky on August 27, 2006,* 2009 WL 1870857, at *1 (E.D. Ky. June 25, 2009) (enjoining Riches "from submitting for filing any document(s), pleading(s), or letter(s) . . . in any case to which Jonathan Lee Riches is not a named party" absent specific additional submissions.).

jurisdiction; the district court thus lacked jurisdiction to entertain appellants' motion to intervene….We therefore affirm the denial of intervention, but do so on the ground that the district court lacked jurisdiction to entertain any such motion."). Samsung filed its notice of appeal to final judgment in this case on March 6, 2014. Dkt. 3018. Apple filed its notice of cross-appeal on March 11, 2014. Dkt. 3026. Accordingly, the Court does not have jurisdiction over the Motion to Intervene and should deny it on this basis.

### B. The Motion Does Not Satisfy Rule 24 of the Federal Rules of Civil Procedure

While the Court should not consider the merits of the Motion to Intervene, the Motion to Intervene fails on the merits too. The Motion to Intervene is deficient under Rule 24(c) of the Federal Rules of Civil Procedure as it does not include a pleading setting out the claim or defense on which intervention is sought. Fed. R. Civ. P. 24(c) ("The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.").

The intervenors have also not satisfied the requirements for intervention under either Rules 24(a)(2) or 24(b) of the Federal Rules of Civil Procedure. *See Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (intervenor must demonstrate conditions for intervention are met). Rule 24(a)(2) governs intervention of right where the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (as amended).

None of these requirements are met. The motion is not timely. The case has already been tried, a retrial on damages took place, and the Court entered final judgment over four months

-2-   Case No. 11-cv-01846-LHK
SAMSUNG OPPOSITION TO MOTION TO INTERVENE AS PLAINTIFFS WITH NEWLY DISCOVERED
EVIDENCE UNDER RULE 24(A)(2), 24(B)

ago. Dkt. 1930 (trial verdict); Dkt. 2822 (damages retrial verdict); Dkt. 3017 (entry of judgment); *Calvert v. Huckins*, 109 F.3d 636, 638 (9th Cir. 1997) ("postjudgment intervention is generally disfavored because it creates delay and prejudice to existing parties.") (internal citations omitted). Nothing in the motion indicates that the prospective intervenors have any protectable interest in the property or transaction subject to the action, let alone a *significant* protectable interest relating to the property or transaction.  *See Arakaki*, 324 F.3d at 1084 ("An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant.") (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)).  Nor does the motion state that any interest would be impaired.  *S.E.C. v. Navin*, 166 F.R.D. 435, 440 (N.D. Cal. 1995) ("It must also be shown that disposition of the pending action would have a potential adverse impact on the would-be intervenor's interest.").  The motion also does not assert or put forth any evidence that the interests of the prospective intervenors are inadequately represented by existing parties.  *Public Service Co. of New Hampshire v. Patch*, 136 F.3d 197, 207 (1st Cir. 1998) ("A party that seeks to intervene as of right must produce some tangible basis to support a claim of purported inadequacy.").

The motion also fails under Rule 24(b).  Rule 24(b) states that permissive intervention is permitted only "[o]n timely motion" by anyone who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).  A party seeking to permissively intervene must also demonstrate an independent basis for subject matter jurisdiction.  *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013) (permissive intervention generally requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action.") (internal citations omitted).  As described above, the motion is not timely—two trials have taken place and the Court entered judgment months ago.  *Calvert*, 109 F.3d at 638 (post-judgment intervention generally disfavored); *League of United Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) ("In the context of permissive intervention, [Courts] analyze the timeliness element more strictly than [] with intervention as of right."); *United States v. State of Wash.*, 86 F.3d 1499,

1507 (9th Cir. 1996) ("A finding of untimeliness defeats a motion for permissive intervention."). Further, the motion does not identify any federal statute permitting intervention and does not identify any claim or defense related to the action or a common question of law or fact. *Schoenman v. F.B.I.*, 263 F.R.D. 23, 25 (D.D.C. 2009) (denying motion to intervene and holding that prisoner had not satisfied threshold requirements for intervention where "[h]e has not cited to any relevant federal statute that provides him a conditional right to intervene in this case nor has he indicated that he has a claim or defense that involves a common question of law or fact.")   Nor does the motion identify an independent basis for subject matter jurisdiction.   Accordingly, the motion for intervention also must be denied under Rule 24(b).

### III.   CONCLUSION

The Motion to Intervene should be denied with prejudice.

DATED: July 16, 2014             QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Victoria F. Maroulis*
　　Charles K. Verhoeven
　　Kathleen M. Sullivan
　　Kevin P.B. Johnson
　　Victoria F. Maroulis
　　Susan R. Estrich
　　Michael T. Zeller
　　Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC