HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS**<br><br>Date:      August 14, 2014<br>Time:      1:30 p.m.<br>Place:     Courtroom 8, 4th Floor<br>Judge:    Hon. Lucy H. Koh |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ....................................................................................................... 1

II.  SAMSUNG HAS FAILED TO ESTABLISH THAT THE COURT SHOULD
     DEFER THE TAXATION OF COSTS ......................................................................... 1

III. SAMSUNG'S REQUEST THAT EACH PARTY BEAR ITS OWN COSTS
     SHOULD BE DENIED, BECAUSE APPLE IS THE PREVAILING PARTY ............... 3

IV.  SAMSUNG HAS FAILED TO REBUT THE PRESUMPTION THAT APPLE IS
     ENTITLED TO THE COSTS IT SEEKS ..................................................................... 5

     A.   Samsung Has Failed to Demonstrate That Apple's Costs Related to Printed
          or Electronically Recorded Transcripts Should Not Be Awarded. ...................... 6

          1.   Deposition transcripts (Dkt. 2943-4; Dkt. 2943-19) .................................. 6

          2.   Hearing and Trial Transcripts (Dkt. 2943-5) ............................................. 8

     B.   Samsung Has Failed to Demonstrate That Apple's Costs Related to
          Exemplification, Costs of Making Copies, and Related Items Should Not
          Be Awarded .......................................................................................................... 9

          1.   Costs of Making Copies (Dkt. 2853-9; Dkt. 2854-13) ............................... 9

          2.   Devices (Dkt. 2853-15) ............................................................................ 10

          3.   Trial Graphics and Demonstratives (Dkt. 2943-6; Dkt. 2854-15) ........... 11

          4.   Electronic Discovery (Dkt. 2853-22; Dkt. 2943-7; Dkt. 2943-20) .......... 13

          5.   Secure Room (Dkt. 2853-26) ................................................................... 15

     C.   Samsung Has Failed to Demonstrate That Apple's Costs Related to
          Interpreters Should Not Be Awarded ................................................................ 15

V.   CONCLUSION .......................................................................................................... 16

1

## TABLE OF AUTHORITIES

2

3
**Page(s)**

4

**CASES**

5
*Alzheimer's Inst. of Am., Inc. v. Elan Corp. PLC*,
   No. C-10-00482-EDL, 2013 U.S. Dist. LEXIS 31952 (N.D. Cal. Jan. 31, 2013) ............ 9, 10

6

7
*Amarel v. Connell*,
   102 F.3d 1494 (9th Cir. 1996) ................................................................................... 7

8
*ASIS Internet Servs. v. Optin Global, Inc.*,
   No. C-05-5124 JCS, 2008 WL 5245931 (N.D. Cal. Dec. 17, 2008), *aff'd sub nom.*

9
   *ASIS Internet Servs. v. Azoogle.com, Inc.*, 357 F. App'x 112 (9th Cir. 2009) ........................ 2

10
*Ass'n of Mexican-Am. Educators v. California*,
   231 F.3d 572 (9th Cir. 2000) ................................................................................... 5

11

12
*Brooks Furniture Mfg., Inc. v. Dutailier Int'l., Inc.*,
   393 F.3d 1378 (Fed. Cir. 2005), *abrogated on other grounds by Octane*

13
   *Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014) ................................. 4

14
*City of Alameda v. Nuveen Mun. High Income Opportunity Fund*,
   No. C 08-4575 SI, 2012 WL 177566 (N.D. Cal. Jan. 23, 2012) ...................................... 2

15

16
*Davis v. Nicholson*,
   475 F.3d 1360 (Fed. Cir. 2007) ................................................................................ 7

17
*Former Emps. of Motorola Ceramic Prods. v. United States*,
   336 F.3d 1360 (Fed. Cir. 2003) ................................................................................ 5

18

19
*Friends of Tahoe Forest Access v. U.S. Dep't of Agric.*,
   No. 12-CV-01876 JAM-CKD, 2014 WL 157622 (E.D. Cal. Apr. 17, 2014) ........................ 1

20

21
*Hilton v. Braunskill*,
   481 U.S. 770 (1987) ............................................................................................... 1

22
*In re Ricoh Co., Ltd. Patent Litig.*,
   No. C 03-02289 JW, 2010 WL 8961328 (N.D. Cal. Sept. 29, 2010) .................................. 2

23

24
*In re Ricoh Co. Patent Litig.*,
   661 F.3d 1361 (Fed. Cir. 2011) ............................................................................... 13

25

26
*Jardin v. DATAllegro, Inc.*,
   No. 08-CV-1462-IEG (WVG), 2011 U.S. Dist. LEXIS 117517 (S.D. Cal. Oct. 12,

27
   2011) ................................................................................................................. 14

28

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3436846

ii

**TABLE OF AUTHORITIES**
(Continued)

*Jones v. City of Orange Cove*,
No. 1:08CV0775 DLB, 2010 WL 4875681 (E.D. Cal. Nov. 23, 2010) ................................. 2

*Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*,
464 F.3d 1339 (Fed. Cir. 2006) .............................................................................................. 7

*Kilopass Tech. Inc. v. Sidense Corp.*,
No. C 10-02066 SI, 2013 WL 843104 (N.D. Cal. Mar. 6, 2013) ........................................... 2

*Manildra Milling Corp. v. Ogilvie Mills, Inc.*,
76 F.3d 1178 (Fed. Cir. 1996) ........................................................................................... 6, 7

*MEMC Elec. Materials v. Mitsubishi Materials*,
No. C-01-4925 SBA (JCS), 2004 WL 5361246 (N.D. Cal. Oct. 22, 2004) ........................... 8

*Mformation Techs., Inc. v. Research in Motion Ltd.*,
No. C-08-4990 EMC, 2012 WL 6025746 (N.D. Cal. Dec. 4, 2012) ...................................... 1

*Nat'l Info. Servs. v. TRW, Inc.*,
51 F.3d 1470 (9th Cir. 1995), *overruled in part on other grounds*,
*Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572 (9th Cir. 2000) ....................... 5

*Oracle Am., Inc. v. Google Inc.*,
No. C 10-03561 WHA, 2012 WL 3822129 (N.D. Cal. Sept. 4, 2012) ................................... 8

*Parrish v. Manatt, Phelps & Phillips, LLP*,
No. C 10-03200, 2011 U.S. Dist. LEXIS 41021 (N.D. Cal. Apr. 11, 2011) ......................... 10

*Pixion Inc. v. PlaceWare Inc.*,
No. C 03-02909 SI, 2005 WL 3955889 (N.D. Cal. May 26, 2005) ........................................ 2

*San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*,
568 F.3d 725 (9th Cir. 2009) .................................................................................................. 3

*Save Our Valley v. Sound Transit*,
335 F.3d 932 (9th Cir. 2003) .................................................................................................. 5

*Serious Materials, LLC v. Suppress Prods. LLC*,
No. C-07-01328 RMW, 2008 U.S. Dist. LEXIS 119709 (N.D. Cal. Mar. 21, 2008) ............. 9

*Shum v. Intel Corp.*,
629 F.3d 1360 (Fed. Cir. 2010) ............................................................................................. 3

*Shum v. Intel Corp.*,
682 F. Supp. 2d 992 (N.D. Cal. 2009), *aff'd*, 629 F.3d 1360 (Fed. Cir. 2010) ................... 12

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3436846

iii

**TABLE OF AUTHORITIES**
(Continued)

*Stanley v. Univ. of S. Cal.*,
178 F.3d 1069 (9th Cir. 1999) .................................................................. 5, 8, 10

*Syntex Ophthalmics, Inc. v. Novicky*,
795 F.2d 983 (Fed. Cir. 1986) ............................................................................ 6

*Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*,
489 U.S. 782 (1989).......................................................................................... 3

**STATUTES**

28 U.S.C.
§ 1920(2) ............................................................................................................ 6
§ 1920(4) ...................................................................................................... *passim*
§ 1920(6) ..................................................................................................... 6, 15

**OTHER AUTHORITIES**

Fed. R. Civ. P. 54............................................................................................ 1, 5, 13

N.D. Cal. Civ. L-R 54-3...............................................................................6, 8, 10, 13

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3436846

iv

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.     INTRODUCTION.

Apple's pending motion for review of the Clerk's costs award demonstrates that Apple's requested costs are recoverable and should be awarded.  Samsung's motion seeks to delay Apple's recovery of costs, notwithstanding abundant authority supporting the prompt award of costs after trial.  In the alternative, Samsung seeks to have each party bear its own costs despite Apple's overwhelming success in this litigation.  Finally, Samsung argues that the Court should slash the Clerk's award to a small fraction of Apple's requested recoverable costs, notwithstanding Apple's clear entitlement to the costs it requested.  Samsung's motion should be denied in its entirety.

## II.    SAMSUNG HAS FAILED TO ESTABLISH THAT THE COURT SHOULD DEFER THE TAXATION OF COSTS.

Under Federal Rule of Civil Procedure 54(d)(1), prevailing parties are routinely awarded their costs directly following judgment.  Samsung seeks to delay the taxation of costs simply because it is appealing the judgment, but that alone is not a valid basis for a stay absent exceptional circumstances.  *See Friends of Tahoe Forest Access v. U.S. Dep't of Agric.*, No. 12-CV-01876 JAM-CKD, 2014 WL 1575622, at *1 (E.D. Cal. Apr. 17, 2014) (finding no basis to defer decision on bill of costs pending appeal).  Having prevailed on its infringement claims in August 2012 and prevailed in the partial damages retrial in November 2013, Apple is now entitled to the costs it incurred.

Samsung has not satisfied the test for a stay of the taxation of costs pending the outcome of its appeal.  In assessing whether to issue a stay pending appeal, courts consider:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  In considering these factors, courts in this district have routinely denied requests to stay taxation of costs.  *Mformation Techs., Inc. v. Research in Motion Ltd.*, No. C-08-4990 EMC, 2012 WL 6025746, at *5 (N.D. Cal. Dec. 4, 2012) (finding that none of four *Hilton* factors weighed in favor of staying taxation of

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3436846

1

1   costs); *ASIS Internet Servs. v. Optin Global, Inc.*, No. C-05-5124 JCS, 2008 WL 5245931, at *1

2   (N.D. Cal. Dec. 17, 2008) (considering factors and finding that stay of taxation of costs was not

3   warranted), *aff'd sub nom. ASIS Internet Servs. v. Azoogle.com, Inc.*, 357 F. App'x 112 (9th Cir.

4   2009); *Pixion Inc. v. PlaceWare Inc.*, No. C 03-02909 SI, 2005 WL 3955889, at *2 (N.D. Cal.

5   May 26, 2005) (denying request to stay taxation of costs pending appeal).

6        Here, Samsung makes no showing that it is likely to succeed on the merits on appeal.

7   Indeed, this Court denied Samsung's motions for judgment as a matter of law at the close of all

8   evidence, finding that a reasonable jury would have had a legally sufficient evidentiary basis to

9   find for Apple on the issues on which Samsung moved.  (Dkt. 2787.)  There is no reason to

10  expect that the Federal Circuit would find otherwise.

11       Samsung also makes no showing that it will be irreparably injured absent a stay.  Samsung

12  has substantial assets and is more than able to satisfy a costs judgment of $5,887,977.46.  A

13  party's "substantial assets mitigate any financial harm caused by the denial of a stay." *In re*

14  *Ricoh Co., Ltd. Patent Litig.*, No. C 03-02289 JW, 2010 WL 8961328, at *4 (N.D. Cal.

15  Sept. 29, 2010).  Further, the mere fact that reversal on appeal would also entail reversal or

16  reassessment of costs does not qualify as an irreparable injury and is not a sufficient basis to stay

17  taxation of costs.  *Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2013 WL 843104, at

18  *5 (N.D. Cal. Mar. 6, 2013) (finding that perceived burden in having to return or reassess costs if

19  judgment was reversed on appeal was "a mere inconvenience, and not an irreparable injury");

20  *Jones v. City of Orange Cove*, No. 1:08CV0775 DLB, 2010 WL 4875681, at *2 (E.D. Cal. Nov.

21  23, 2010) (denying request to stay taxation of costs pending appeal because pending appeal "is

22  not a sufficient [] basis to stay taxation of costs").  Where, as here, a party has failed to "show[]

23  that it will be irreparably harmed absent a stay," "there is no basis to defer a decision on the bill

24  of costs pending [] appeal." *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*,

25  No. C 08-4575 SI, 2012 WL 177566, at *2 (N.D. Cal. Jan. 23, 2012).

26       Further, Samsung fails to address the presumptive injury that Apple would suffer from

27  further delay of taxation of costs.  When a party incurs costs successfully defending its

28  intellectual property, it has an interest in swift recovery of those costs.  *See Kilopass*, 2013 WL

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3436846

2

843104, at *5 (finding that party "had an interest in the immediate payment of its taxable costs" and denying stay of taxation of costs). Apple prevailed on its infringement claims in August 2012 and prevailed in the partial damages retrial in November 2013. Nearly two years after the initial verdict, Apple is still waiting to collect its costs. Delay in reimbursement of costs cuts against the public policy of promoting innovation and protecting intellectual property rights because it deters holders of those rights from going after infringers, chilling litigants from vindicating important rights under the patent laws. The Court should reject any further delay.

Finally, Samsung has not demonstrated that the public interest weighs in favor of granting a stay. To the contrary, as noted above, public policy favors prompt recovery of costs. Apple should be awarded the costs it incurred in protecting its innovative, proprietary technologies. Because Samsung has failed to establish any of the four factors for granting a stay of taxation of costs, Samsung's request for a stay should be denied.

## III.   SAMSUNG'S REQUEST THAT EACH PARTY BEAR ITS OWN COSTS SHOULD BE DENIED, BECAUSE APPLE IS THE PREVAILING PARTY.

This is not a mixed-judgment case—Apple prevailed at trial against almost all of the accused Samsung products, while Samsung prevailed on none of its counterclaims. Apple is clearly the prevailing party. As set forth in Apple's Motion for Review of Clerk's Taxation of Costs (hereinafter, "Apple's Motion," Dkt. 3119 at 1), Apple prevailed on claims against 26 of 28 accused products, a jury found willful infringement and dilution, and damages of $930 million were awarded to Apple for Samsung's violation of Apple's intellectual property rights. "A prevailing party must be one who has succeeded on *any significant claim* affording it some of the relief sought." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 782-83, 791 (1989) (emphasis added). Plaintiff need not prevail on all claims to be the prevailing party. *Shum v. Intel Corp.*, 629 F.3d 1360, 1367-68 (Fed. Cir. 2010); *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009). Apple clearly meets that test. By contrast, Samsung lost on all its counterclaims, received no damages, and has no basis to claim that it prevailed.

In trying to characterize this result as a mixed judgment, Samsung contends that there

1    were "nearly 2,500 disputed issues of liability in connection with [Apple's] affirmative case," but

2    Apple "prevailed on only 107 of those" at trial.  (Dkt. 3118 at 6.)  Not only do Samsung's

3    calculations mix apples and oranges to inflate the number of "issues" and minimize the count of

4    issues on which Apple prevailed, Samsung ignores that Apple withdrew many of its claims

5    pursuant to the Court's direction that the parties narrow the issues for trial.  Apple did not "lose"

6    those claims—they are preserved for another day.  Specifically, Apple narrowed its asserted

7    intellectual property claims at trial to three utility patents, three phone design patents, one tablet

8    design patent, iPhone trade dress rights, and iPad trade dress rights, and also reduced the number

9    of accused products to 28.  Apple's response to the Court's direction to streamline the case for

10   trial is not a basis for reducing its costs recovery.

11          Moreover, Samsung cites no authority for the proposition that a "prevailing party" is

12   defined by the number of claims prevailed upon at trial as compared to the number of claims

13   asserted throughout the litigation.  Rather, the "[d]etermination of the prevailing party is based on

14   the relation of the litigation result to the overall objective of the litigation, and not on a count of

15   the number of claims and defenses" on which each party succeeded.  *Brooks Furniture Mfg., Inc.*

16   *v. Dutailier Int'l., Inc.,* 393 F.3d 1378, 1381 (Fed. Cir. 2005), *abrogated on other grounds by*

17   *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014).

18          Here, the jury found that 26 of the 28 accused Samsung products infringed and/or diluted

19   at least one of Apple's asserted intellectual property rights, that Samsung's infringement of five

20   of the seven asserted patents was willful, and that Samsung's dilution of Apple's trade dress was

21   willful.  (Dkt. 1931.)  The jury also rejected all of Samsung's invalidity defenses and found that

22   Apple's registered iPhone trade dress and unregistered iPhone 3G trade dress were protectable.

23   (*Id.*)  As to Samsung's asserted intellectual property rights, the jury found for Apple and against

24   Samsung across the board.  (*Id.*)

25          Further, the jury awarded Apple damages in the amount of $1,049,343,540—one of the

26   largest patent damages awards in history.  (Dkt. 1931.)  That amount was later adjusted to

27   $929,780,039 (before supplemental damages and interest), after a partial damages retrial.

28   (Dkt. 2822.)  The jury in the partial damages retrial awarded Apple the majority of the amount

1    retried, *i.e.*, $290,456,793 of $410,020,294, or more than 70%.  (Dkts. 2271, 2316, 2822.)  In

2    doing so, the jury again affirmed Apple's valuable intellectual property rights.

3        "[T]o be a prevailing party, one must 'receive at least some relief on the merits,' which

4    'alters . . . the legal relationship of the parties.'"  *Former Emps. of Motorola Ceramic Prods. v.*

5    *United States,* 336 F.3d 1360, 1364 (Fed. Cir. 2003) (quoting *Buckhannon Bd. & Care*

6    *Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 603-05 (2001)).  Here, Apple

7    received far more than merely "some relief on the merits," at the first trial and again at the

8    damages retrial, making Apple the prevailing party.  This is not a mixed-judgment case, and the

9    Court does not have discretion to require each party to bear its own costs.  Apple should be

10   awarded its costs as the prevailing party.

## IV.    SAMSUNG HAS FAILED TO REBUT THE PRESUMPTION THAT APPLE IS ENTITLED TO THE COSTS IT SEEKS.

12       As the prevailing party, Apple is presumptively entitled to recover the entirety of its

13   taxable costs. Fed. R. Civ. P. 54(d)(1).  "Rule 54(d) creates a presumption in favor of awarding

14   costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs

15   should not be awarded."  *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999); *see also*

16   *Nat'l Info. Servs. v. TRW, Inc.*, 51 F.3d 1470, 1472 (9th Cir. 1995) (finding that losing party bears

17   burden of making showing that award would be inequitable under circumstances), *overruled in*

18   *part on other grounds*, *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572 (9th Cir.

19   2000) (en banc).  Because Rule 54(d) presumes an award of costs to the prevailing party, "a

20   district court need not give affirmative reasons for awarding costs; instead, it need only find that

21   the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor

22   of an award."  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003); *see also*

23   *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc)

24   (finding that court must "'specify reasons' for its refusal to award costs").

25       Here, Samsung has failed to demonstrate why costs should not be awarded in each of the

26   three statutory categories in which Apple seeks to recover costs:  (1) "printed or electronically

27   recorded transcripts necessarily obtained for use in the case"; (2) "exemplification and the costs

1  of making copies of any materials where the copies are necessarily obtained for use in the case";

2  and (3) "compensation of interpreters."  28 U.S.C. § 1920(2), (4), (6).  This District's Civil Local

3  Rule 54-3 provides specific guidelines for taxing costs in each of these three categories, and

4  Apple's requested costs are proper under those guidelines.  Civ. L.R. 54-3(b)-(d).

### A.  Samsung Has Failed to Demonstrate That Apple's Costs Related to Printed or Electronically Recorded Transcripts Should Not Be Awarded.

7  "Fees for printed or electronically recorded transcripts necessarily obtained for use in the

8  case" are taxable pursuant to 28 U.S.C. § 1920(2).  Apple seeks costs of deposition, trial, and

9  hearing transcripts in the amount of $751,214.54, divided between deposition transcripts

10  ($700,955.21) and hearing and trial transcripts ($50,259.33).  The Clerk awarded $557,330.37,

11  finding that the majority of the requested costs in this category were recoverable.  (Dkt. 3110.)

12  As set forth in Apple's Motion, Apple believes that all its requested costs in this category should

13  have been awarded.  (Dkt. 3119 at 5-7.)

### 1.  Deposition Transcripts (Dkt. 2943-4; Dkt. 2943-19)

15  For each deposition in this case, Apple seeks the costs of a paper copy of the written

16  transcript; an electronic copy of the written transcript; a copy of the videotape; and a copy of the

17  deposition exhibits.  These costs total $700,955.21.  (*See* Dkt. 2943-4 (Amended Schedule A-1,

18  showing Morrison & Foerster costs of $531,152.16); Dkt. 2943-19 (Amended Schedule D-1,

19  showing WilmerHale costs of $169,803.05).)  As set forth in Apple's Motion, Apple's costs for

20  deposition transcripts, videotapes, and deposition exhibits are recoverable.  (Dkt. 3119 at 5-7.)

21  Samsung erroneously argues that Apple should be denied the costs of deposition

22  transcripts not used at trial or that were allegedly not related to claims on which Apple prevailed

23  at trial.  This is not the governing standard.  "Although use at trial is direct evidence of necessity,

24  an item may still be reasonably necessary for use in the case even if unused at trial."  *Manildra*

25  *Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996); *see also Syntex*

26  *Ophthalmics, Inc. v. Novicky*, 795 F.2d 983, 986 (Fed. Cir. 1986) (finding that statute was not

27  limited to recovery of deposition transcripts read at trials, and other uses, such as in connection

28  with preliminary injunction, were "necessarily obtained for *use in the case*" (emphasis added)).

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3436846

6

1   "The underlying inquiry is whether the depositions reasonably seemed necessary at the time they

2   were taken." *Manildra*, 76 F.3d at 1184.  Here, Apple sought deposition testimony relating to:

3   (1) 28 accused products; (2) its claims with respect to eight utility patents, seven design patents,

4   iPhone and iPod trade dress rights, iPad trade dress rights, and trademark rights; and

5   (3) Samsung's counterclaims with respect to 12 utility patents.  (*See* Dkt. 2851-4 at 1.)  Given the

6   extensive scope of the case, all the depositions "reasonably seemed necessary at the time they

7   were taken." *Manildra*, 76 F.3d at 1184.  Samsung also ignores the fact that many of the

8   transcripts at issue are for depositions that ***Samsung*** took—depositions that Samsung can hardly

9   now claim were unnecessary.

10      Moreover, Samsung argues that if the Court finds these costs to be recoverable, Apple

11   should only "recover the cost of transcripts []related to claims it prevailed on" and "limited to

12   reflect its degree of success."  (Dkt. 3118 at 9.)  In support of this argument, Samsung cites to

13   cases that involved a mixed judgment.  For example, in *Amarel v. Connell*, 102 F.3d 1494 (9th

14   Cir. 1996), the Federal Circuit reversed the district court judgment for one of two claims on

15   which defendants had prevailed.  In doing so, the *Amarel* court suggested that costs should be

16   allocated between the two claims.  *Id.* at 1523-24.  Here, unlike *Amarel*, there was not a mixed

17   judgment.  As discussed in Section III, above, Apple clearly prevailed in the litigation.  *See also*,

18   *e.g.*, *Davis v. Nicholson,* 475 F.3d 1360, 1363 (Fed. Cir. 2007) (finding that award of damages

19   confers prevailing party status); *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de*

20   *C.V.,* 464 F.3d 1339, 1347 (Fed. Cir. 2006) (finding that party may prevail by obtaining a

21   judgment of infringement).  For the same reasons, none of the other cases on which Samsung

22   relies, all of which involve a mixed judgment, applies.

23      Samsung also disputes what it refers to as "expedited transcription fees."  (Dkt. 3118 at

24   10-14.)  However, what the schedules and invoices describe as an "Expedited Transcript" was, in

25   fact, the electronic copy of the written transcript, the cost of which is substantially the same as the

26   paper copy of the transcript.  (*See, e.g.*, Dkt. 2943-4 at 1 (Amended Schedule A-1, showing

27   transcript charge of $1225.00 and expedited transcript charge of $1207.50 for 8/12/2011 Richard

28   Lutton deposition).)  As stated in Apple's Motion, the costs of videotaping and transcribing the

1  deposition (*i.e.*, a videotape and a written transcript) are recoverable, as well as the costs of a *copy*

2  of the written transcript.  (Dkt. 3119 at 6, citing *e.g.*, *MEMC Elec. Materials v. Mitsubishi*

3  *Materials*, No. C-01-4925 SBA (JCS), 2004 WL 5361246, at *3 (N.D. Cal. Oct. 22, 2004).)

4  Accordingly, Apple is entitled to recover the costs of both the original paper transcript and the

5  electronic copy (referred to as the "Expedited Transcript").

6      Samsung's arguments fail "to demonstrate why the costs should not be awarded," and the

7  Court should award Apple $700,955.21 in this category.  *Stanley*, 178 F.3d at 1079.

8                    **2.      Hearing and Trial Transcripts (Dkt. 2943-5)**

9      Apple seeks costs of hearing and trial transcripts in the amount of $50,259.33.

10  (Dkt. 2943-5 (Amended Schedule A-2).)  As set forth in Apple's Motion, the hearing and trial

11  transcripts requested by Apple are recoverable.  (Dkt. 3119 at 7.)  In its motion, Samsung

12  misstates Civil Local Rule 54-3(b) by arguing:  "The Rule is clear that '[t]he cost of other

13  transcripts is not normally allowable unless, before it is incurred, it is approved by a Judge or

14  stipulated to be recoverable by counsel.'"  (Dkt. 3118 at 11.)  However, that is merely one of

15  three independent grounds on which costs for reporters' transcripts may be recovered.  Civ. L.R.

16  54-3(b)(3); *MEMC Elec. Materials v. Mitsubishi Materials*, No. C-01-4925 SBA (JCS), 2004 WL

17  5361246, at *2 (N.D. Cal. Oct. 22, 2004) (finding that there are three alternative grounds on

18  which costs for hearing transcripts are recoverable).  Apple bases its request on another ground:

19  "The cost of transcripts necessarily obtained for an appeal is allowable."  Civ. L.R. 54-3(b)(1).

20  As stated in Apple's Motion, the judgment in this case is being appealed, and the hearing and trial

21  transcripts will be an important part of the appellate record.  (Dkt. 3119 at 7.)

22      Samsung argues that if the Court finds these costs to be recoverable, Apple is entitled only

23  to the percentage of claims upon which it prevailed.  As discussed above (*supra* Section III), this

24  is not a mixed-judgment case, and thus allocation of costs does not apply.  *See Oracle Am., Inc. v.*

25  *Google Inc.*, No. C 10-03561 WHA, 2012 WL 3822129, at *2 (N.D. Cal. Sept. 4, 2012) (finding

26  that "court has discretion to allocate costs where there was a mixed judgment").  The Court

27  should award Apple the full amount of $50,259.33 for hearing and trial transcripts.

28

**B.      Samsung Has Failed to Demonstrate That Apple's Costs Related to Exemplification, Costs of Making Copies, and Related Items Should Not Be Awarded.**

"Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable pursuant to 28 U.S.C. § 1920(4). Apple seeks costs in this category of $4,854,262.92.  The Clerk awarded $1,507,610.18 of costs in this category, finding that a significant portion of these costs were recoverable.  (Dkt. 3110.) As set forth in Apple's Motion, Apple contends that all its requested costs in this category should have been awarded (with the exception of certain minor costs that Apple agrees to withdraw, as described below).  (Dkt. 3119 at 7-12.)

**1.      Costs of Making Copies (Dkt. 2853-9; Dkt. 2854-13)**

Apple seeks its costs of reproducing documents for purposes of disclosure and other formal discovery processes (*e.g.*, exhibits for depositions) in the amount of $1,562,110.98.  (*See* Dkt. 2853-9 (Schedule B-1, showing Morrison & Foerster costs of $1,498,038.41); Dkt. 2854-13 (Schedule E-1, showing WilmerHale costs of $64,072.57).)  As set forth in Apple's Motion, Apple's requested costs of reproducing documents—which did not include vendor consultation and supplies, or associated sales tax—are recoverable.  (Dkt. 3119 at 8.)

Samsung asserts that the invoices provide only generic descriptions.  (Dkt. 3118 at 12-13.) Samsung ignores that the invoices were not the only information supporting Apple's bill of costs—Apple also submitted attorney declarations establishing that these costs were for reproducing documents for purposes of disclosure and other formal discovery processes in this case (*e.g.*, exhibits for depositions).  (Dkt. 2853 at 4; Dkt. 2854 at 4); *see Alzheimer's Inst. of Am., Inc. v. Elan Corp. PLC*, No. C-10-00482-EDL, 2013 U.S. Dist. LEXIS 31952, at *12-13 (N.D. Cal. Jan. 31, 2013) (explaining "there is no requirement that the invoices in of themselves fully itemize and correlate with formal document production" and finding party "properly provided a detailed explanatory declaration of counsel supporting its itemized costs"); *see also Serious Materials, LLC v. Suppress Prods. LLC*, No. C-07-01328 RMW, 2008 U.S. Dist. LEXIS 119709, at *32 (N.D. Cal. Mar. 21, 2008) (holding "[a]lthough the invoices do not specify exactly what documents were copied . . . the court sees no reason to question the declaration signed by

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3436846

9

1    Supress's counsel that the costs are compliant").

2         Samsung's argument that the Court can allow only costs for documents that are actually

3    "supplied to Samsung or its counsel" (Dkt. 3118 at 13) is contrary to authority in this district.  *See*

4    *Parrish v. Manatt, Phelps & Phillips, LLP*, No. C 10-03200, 2011 U.S. Dist. LEXIS 41021, at *8-

5    9 (N.D. Cal. Apr. 11, 2011) (allowing costs for documents that were collected but not produced).

6    Samsung relies on *Ricoh* for this argument (Dkt. 3118 at 13), but this Court clarified that *Ricoh*

7    "did not address, much less make a determination on, whether the cost of documents prepared for

8    production but not ultimately produced should be categorically disallowed." *Alzheimer's Inst. of*

9    *Am.*, 2013 U.S. Dist. LEXIS 31952, at *10-11.

10        This case involved extensive discovery.  Including both the offensive and defensive sides

11   of the case, Samsung served 583 requests for production, 89 interrogatories, and 2,518 requests

12   for admission.  (Dkt. 2851-4 at 6.)  On both sides of the case, Apple served 694 requests for

13   production, 86 interrogatories, and 1,529 requests for admission.  (Dkt. 2851-4 at 6-7.)  Given the

14   complexity of the case, individual requests for documents often encompassed a large number of

15   documents, and many interrogatories contained numerous subparts.  (*Id.*)  Further, the parties

16   conducted many depositions in this matter.  The parties conducted over 300 depositions

17   (Dkt. 3118 at 10), resulting in well over 2,500 deposition exhibits (Dkt. 2851-4 at 7).  Given the

18   scope of discovery, it is not surprising that "millions" of paper copies were needed.  Further,

19   although Samsung argues "that not all 300-plus depositions were necessary" and thus should not

20   be recoverable (Dkt. 3118 at 10), Samsung ignores that over 170 of those depositions were

21   depositions that Samsung itself asked for and took.  Thus, Samsung is equally responsible for the

22   number of depositions in this case, and the Court should not limit Apple's recovery on this basis.

23        Because the requested costs are taxable pursuant to 28 U.S.C. § 1920(4) and Civil Local

24   Rule 54-3(d)(2) and because Samsung's arguments fail "to demonstrate why the costs should not

25   be awarded," the Court should award Apple its full costs of $1,562,110.98 in costs of making

26   copies, to which Apple is presumptively entitled.  *Stanley*, 178 F.3d at 1079.

27

28

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3436846

10

## 2.        Devices (Dkt. 2853-15)

Apple seeks the costs it incurred in purchasing devices for evidentiary and demonstrative purposes in the amount of $123,379.74.  (Dkt. 2853-15 (Schedule B-2).)  As set forth in Apple's Motion, the requested costs for devices are recoverable because "[f]ees for exemplification" under 28 U.S.C. § 1920(4) have been interpreted to include demonstrative evidence.  (Dkt. 3119 at 8, citing *Maxwell v. Hapag-Lloyd Aktiengesellschaft*, 862 F.2d 767, 770 (9th Cir. 1988).)

Contrary to Samsung's suggestion (Dkt. 3118 at 14-15), Apple never indicated that it was only claiming the costs of accused Samsung devices that Apple used as trial exhibits.  Apple seeks the costs for devices that Apple used as trial or deposition exhibits, or used for purposes of expert analysis.  (*See* Dkt. 3119 at 8.)  In fact, Apple indicated in the sixth column of Schedule B-2 (column labeled "Used For") the purpose for which the device was used.  (Dkt. 2853-15.)  For example, the third entry of Schedule B-2 states that the Samsung Nexus S 4G SPH-D720 was used for:  "Trial Exhibit JX1023; Expert Reports; Inspection; Demonstrative."  (*Id.*)  Thus, notwithstanding Samsung's arguments, Apple has established that it is entitled to these costs and should be awarded $123,379.74 for costs of purchasing devices.

## 3.        Trial Graphics and Demonstratives (Dkt. 2943-6; Dkt. 2854-15)

Apple seeks costs of preparing trial graphics and demonstratives in the amount of $1,582,387.02.  (*See* Dkt. 2943-6 (Amended Schedule B-3, showing Morrison & Foerster costs of $1,249,506.69); Dkt. 2854-15 (Schedule E-2, showing WilmerHale costs of $332,880.33).)  As set forth in Apple's Motion, these costs requested by Apple are recoverable.  (Dkt. 3119 at 9-10.)  This was a complex case with multiple patents and nearly 30 accused Samsung smartphones and tablets.  Demonstratives were critical to assist the jury and the Court in understanding the issues.  Both parties made extensive use of demonstratives at trial, not just for expert testimony, but for opening and closing arguments, and for numerous witnesses.

Samsung asserts that Apple requested consulting costs.  (Dkt. 3118 at 16.)  Apple did not request such costs.  As set forth in Apple's Motion and the accompanying declarations, Apple requested only the costs incurred for actual preparation of trial graphics and demonstratives, and excluded costs related to consultation and meetings, trial technical support, equipment rental, and

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3436846

11

1    miscellaneous expenses.  (Dkt. 3119 at 9.)  On certain invoices from Impact Trial Consulting,

2    Apple's trial graphics vendor, the costs of producing graphics were labeled as "Services:

3    Graphics Consulting:  Graphics Production" or "Services:  Graphics Consulting:  Concepting."

4    (*See, e.g.*, Dkt. 2853-20 (Ex. B-3 at 58); *see also* Dkt. 2943-3 ¶ 13.)  These line items on the

5    invoices included in Apple's submission relate entirely to the production or conception of

6    graphics, respectively, rather than to consultations or meetings.  The accounting system at Impact

7    Trial Consulting is organized such that "Graphics Production" or "Concepting" is a subcategory

8    of "Graphics Consulting," which in turn is a subcategory of the "Services" category.

9    Accordingly, a charge for "Graphics Production" appears as "Services:  Graphics Consulting:

10   Graphics Production" on the invoices, and a charge for conception work appears as "Services:

11   Graphics Consulting:  Concepting."  (*Id.*)

12          Samsung also alleges that Apple improperly requested graphics costs for items referencing

13   "Cornerstone project-animation and graphics design" and "[v]ideoshoot prep for NERA survey."

14   (Dkt. 3118 at 16.)  Samsung asserts that there is no indication that these graphics "were presented

15   to the Court or jury at trial."  (*Id.*)  As a threshold matter, the Local Rule "does not require ***actual***

16   ***use*** of each item" at trial in order to recover preparation costs.  *Shum v. Intel Corp.*, 682 F. Supp.

17   2d 992, 1000 (N.D. Cal. 2009) (emphasis added) ("[O]bjection that there should be no recovery

18   for demonstratives that are not proven to have been used at trial is incorrect as a matter of law"),

19   *aff'd*, 629 F.3d 1360 (Fed. Cir. 2010).  Here, the Cornerstone and NERA costs were for

20   preparation of graphics and animations related to surveys that were actually used in Apple's trial

21   presentation.  (*See, e.g.*, PX24.5, PX24.6, PX24.7, PX30, Trial Tr. (Dkt. 1695) at 1698:2-4

22   (playing video PX24.5); Trial Tr. (Dkt. 1695) at 1699:18-20 (playing video PX24.7).)  Apple is

23   entitled to recover the costs of preparing these graphics, whether or not every last one was

24   presented at trial.  Further, Apple requested only those recoverable costs incurred for actual

25   preparation of trial graphics and demonstratives, and excluded non-recoverable costs related to

26   consultation and meetings, trial technical support, equipment rental, and miscellaneous expenses.

27   (Dkt. 3119 at 9.)

28          Here again, Samsung argues that if the Court finds these costs to be recoverable, Apple is

1    entitled only to the percentage of claims upon which it prevailed.  As discussed above (*supra*

2    Section III), this is not a mixed-judgment case, and allocation of costs does not apply.

3    Accordingly, Apple should be awarded its full costs of $1,582,387.02 in preparing trial graphics

4    and demonstratives.

5              **4.    Electronic Discovery (Dkt. 2853-22; Dkt. 2943-7; Dkt. 2943-20)**

6              Apple seeks e-discovery costs associated with processing documents, uploads, and

7    document productions, pursuant to 28 U.S.C. § 1920(4), Federal Rule of Civil Procedure 54, and

8    Civil Local Rule 54-3.  Apple seeks a total of $1,486,475.01 in costs from two sets of vendors:

9    (1) Catalyst Repository Systems, Inc. ("Catalyst"), which uploaded and produced documents to

10   Samsung, in the amount of $287,555.45 (Dkt. 2943-7 (Amended Schedule B-5, showing

11   Morrison & Foerster costs of $271,322.92); Dkt. 2943-20 (Amended Schedule E-3, showing

12   WilmerHale costs of $16,232.53)); and (2) other vendors that collected and processed paper and

13   electronic documents that ultimately were uploaded to the document repository maintained by

14   Catalyst, in the amount of $1,198,919.56 (Dkt. 2853-22 (Schedule B-4)).  The costs from these

15   two sets of vendors were set forth separately, in two different schedules.  As stated in Apple's

16   Motion, these costs are recoverable, because Apple seeks only the amounts associated with

17   electronic preparation and duplication, not the intellectual effort involved in the production, such

18   as searching or analyzing the documents.  (Dkt. 3119 at 10-11.)  Apple did not claim costs

19   associated with hosting the data, software user license fees, and vendor consulting time.  (*Id.*)

20   Moreover, Apple provided Samsung and the Court with copies of invoices, which were clearly

21   marked to indicate which costs were not being requested by Apple.  (Dkt. 2853-22; Dkt. 2943-7;

22   Dkt. 2943-20.)

23             As stated in Apple's Motion, in response to Samsung's 583 document requests, Apple

24   made a production of 338,860 documents and 2,944,467 pages.  (Dkt. 3119 at 10.)  These

25   documents required processing to be loaded to Apple's document repository, hosted by Catalyst,

26   and also incurred upload and production costs.  (Dkt. 3119 at 10-11.)  Courts routinely award

27   e-discovery costs associated with file processing, uploads, and production.  (Dkt. 3119 at 10-11,

28   citing *e.g.*, *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1365 (Fed. Cir. 2011).)

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3436846

13

Samsung also alleges that various "Technical Time" entries for "'DB Management," "File Sorting for print, Hunt time for 'Missing Docs,'" "Duplicated CDs and DVDs," and "Coordinating Files for OCR" were improper.  (Dkt. 3118 at 18.)  These costs were related to the processing and preparation of documents for production by e-discovery vendors and are taxable. *See, e.g.*, *Jardin v. DATAllegro, Inc.*, No. 08-CV-1462-IEG (WVG), 2011 U.S. Dist. LEXIS 117517, at *25 (S.D. Cal. Oct. 12, 2011) (costs allowed for "third-party technician [who] is engaged to perform duties limited to technical issues related to the physical production of information").  Samsung also asserts that Apple included charges that appear to be for fixing mistakes.  (Dkt. 3118 at 18.)  The production of almost three million pages is a massive endeavor, and technical issues are bound to occur.  Resolving technical issues during the processing of documents for production and replacing corrupted electronic documents are a normal part of the e-discovery process, and there is no reason that Apple should not be able to recover these routine costs.  Even if the Court finds that Apple should not recover those costs, Samsung has only identified $250.30 in such costs.  (Dkt. 3118 at 18, citing "Load Corrected txt" entry in Dkt. 2943-9 at 23 and "2nd Try" in Dkt. 2943-11 at 43.)  Thus, Apple's costs should be reduced, at most, by $250.30.

Samsung further contends that Apple improperly requested costs for uploading Samsung documents, identifying two invoice line items referencing "SAMNDCA" for a total amount of $629.10.  (Dkt. 3118 at 18, citing Dkt. 2943-15, Amended Ex. B-5 (Pt. 7) at 17-18.)  In preparing its bill of costs, Apple attempted to exclude all invoices and individual line items relating to the upload and processing of Samsung documents, as opposed to Apple documents.  Upon further review in light of Samsung's objections, Apple has identified several line items that were erroneously included relating to the upload and processing of Samsung documents.[1]  Apple

---

[1] Apple identified the following line items:  $152.10, $150.30 (Dkt. 2943-12, Amended Ex. B-5 (Pt. 4) at 21); $26.10, $7.20 (*id.* at 24); $76.50, $346.50 (*id.* at 27); $9.90, $51.30, $25.20 (*id.* at 28); $167.40 (*id.* at 29); $506.70 (Dkt. 2943-15, Amended Ex. 5 (Part 7) at 4); $495.90, $35.10, $144.00 (*id.* at 6); $172.80 (*id.* at 7); $31.50 (*id.* at 9); $60.30 (*id.* at 10); $216.00 (*id.* at 11); $0.90 (*id.* at 15); $28.80 (*id.* at 16); $622.80 (*id.* at 17); $6.30 (*id.* at 17-18); $2309.40 (Dkt. 2943-16, Amended Ex. 5 (Part 8) at 37); $2084.40 (*id.* at 38); $29.70 (*id.* at 39); $237.60 (*id.* at 40); $204.30 (*id.* at 40-41); $103.20 (Dkt. 2943-17, Amended Ex. 5 (Part 9) at 5); $90.00

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3436846

14

1   withdraws $9,509.40 of erroneously included costs, as itemized in footnote 1, including the

2   $629.10 identified by Samsung.

3       Because Samsung's arguments fail to rebut the presumption that Apple is entitled to these

4   costs, the Court should award Apple its full costs of $1,486,475.01 in e-discovery costs, minus

5   the $9,509.40 that Apple has withdrawn.

6               **5.      Secure Room (Dkt. 2853-26)**

7       In its motion, Samsung for the first time raises an objection to costs for maintaining a

8   secure room based on the fact that the same room was used for a secure CAD file review, the cost

9   of which the parties were ordered to split.  (Dkt. 3118 at 20.)  Apple has since investigated the

10  issue, and Apple agrees that Judge Grewal ordered the parties to split the costs of the secure CAD

11  file review.  (Dkt. 233 at 3.)  Apple thus withdraws its request for costs of maintaining a secure

12  room in the amount of $99,910.17.

13          **C.      Samsung Has Failed to Demonstrate That Apple's Costs Related to
                   Interpreters Should Not Be Awarded.**
14

15      Apple seeks costs for compensation of interpreters at deposition and trial in the amount of

16  $282,500.00, pursuant to 28 U.S.C. § 1920(6).  (*See* Dkt. 2853-28 (Schedule C, showing

17  Morrison & Foerster costs of $160,200.00); Dkt. 2943-21 (Amended Schedule F, showing

18  WilmerHale costs of $122,300.00).)  As set forth in Apple's Motion, Apple's requested costs for

19  the compensation of interpreters is recoverable, as only the costs for interpretation services at

20  deposition or at trial have been included and incidental expenses have been excluded.  (Dkt. 3119

21  at 12-13.)

22      Apple and Samsung agreed to split the cost of the main interpreter at trial.

23  (Dkt. 2853-28.)  However, that agreement merely provided for how the services of the interpreter

24  would be billed and paid at the time.  Now that Apple has prevailed in the litigation, nothing in

25  that arrangement precludes Apple from recovering its half of the interpreter costs, which Apple

26

27  (*id.* at 6); $690.00 (*id.* at 8); $370.80 (*id.* at 31); $0.60, $4.80, $0.60 (*id.* at 39); $49.80 (*id.* at 46);
    $0.60 (*id.* at 47).
28

incurred in enforcing its intellectual property rights.  In addition to the main interpreter, each side also retained a check interpreter for trial.  The statute does not limit recovery of interpretation costs to main interpreters.  Apple should be able to recover those costs, just as it is entitled to recover other taxable costs that it incurred in vindicating its valuable rights under the patent laws. Thus, the Court should award Apple the full amount of the requested costs of $282,500.00 for interpreters at deposition and trial.

**V.  CONCLUSION**

For the foregoing reasons, Apple respectfully requests that the Court deny Samsung's request to stay the taxation of costs; find Apple to be the prevailing party and deny Samsung's request that each party bear its own costs; and award Apple its requested costs in the amount of $5,778,557.89 (which excludes $9,509.40 in e-discovery costs related to the upload and processing of Samsung documents and $99,910.17 in secure room costs, both of which Apple has agreed to withdraw).

Dated:  July 17, 2014

MORRISON & FOERSTER LLP

By:   *Rachel Krevans*
RACHEL KREVANS

Attorneys for Plaintiff
APPLE INC.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3436846

16