1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kathleen M. Sullivan (Cal. Bar No. 242261)
   kathleensullivan@quinnemanuel.com
6  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
10
   William C. Price (Cal. Bar No. 108542)
11 williamprice@quinnemanuel.com
   Michael T. Zeller (Cal. Bar No. 196417)
12 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
13 Los Angeles, California 90017
   Telephone: (213) 443-3000
14 Facsimile: (213) 443-3100

15 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
16 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

17
                  UNITED STATES DISTRICT COURT
18      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19
   APPLE INC., a California corporation,          CASE NO. 11-cv-01846-LHK
20
                 Plaintiff,                       SAMSUNG'S OPPOSITION TO APPLE'S
21                                                MOTION FOR REVIEW OF CLERK'S
          vs.                                     TAXATION OF COSTS (DKT. 3119)
22
   SAMSUNG ELECTRONICS CO., LTD., a               Date:   Aug. 14, 2014
23 Korean business entity; SAMSUNG                Time:   1:30 p.m.
   ELECTRONICS AMERICA, INC., a New               Place:  Courtroom 8, 4th Floor
24 York corporation; SAMSUNG                      Judge:  Hon. Lucy H. Koh
   TELECOMMUNICATIONS AMERICA,
25 LLC, a Delaware limited liability company,

26               Defendants.

27

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................. 1

I.      COUNTER-STATEMENT OF PROCEDURAL BACKGROUND ................................... 1

II.     COUNTER-STATEMENT OF THE LAW ........................................................................ 2

III.    ARGUMENT ..................................................................................................................... 3

      A.     Apple's Claim To Be The Prevailing Party Is Premature In Light Of The Pending Appeal. ....................................................................................................... 3

      B.     Because Apple Prevailed On Only A Fraction Of The Claims For Which It Seeks Costs, It Is Not Entitled To The Full Taxable Costs It Incurred. ................... 4

      C.     Apple Fails To Carry Its Burden As To The Specific Costs It Seeks. ..................... 4

            1.     Apple's Request For Costs For Transcripts Should Be Disallowed Or Reduced. ................................................................................................. 5

                  (a)    Apple Seeks Disallowed And Unjustified Costs For Deposition Transcripts. ................................................................ 5

                  (b)    Apple Seeks Disallowed Costs For Hearing And Trial Transcripts. ................................................................................ 7

            2.     Apple's Requests For Costs Supposedly Related To Exemplification And Making Copies Should Be Disallowed. ............................................... 8

                  (a)    Apple Seeks Disallowed Costs For Printing Out Millions Of Pages For Its Own Convenience. ...................................... 8

                  (b)    Apple Seeks Disallowed Costs For Purchasing Hundreds Of Devices. ................................................................................ 10

                  (c)    Apple Seeks Disallowed Costs For Developing Graphics And Demonstratives. ........................................................... 11

                  (d)    Apple Seeks Disallowed Costs For E-Discovery. .......................... 13

                  (e)    Apple Seeks Disallowed Costs For A Secure Review Room. ........ 15

            3.     Apple's Request For Costs For Interpreters Should Be Disallowed Or Reduced. ............................................................................................... 16

IV.    SUMMARY OF SAMSUNG'S OBJECTIONS TO APPLE'S BILL OF COSTS ........... 17

CONCLUSION ............................................................................................................................ 17

# TABLE OF AUTHORITIES

**Page**

## Cases

*Affymetrix, Inc. v. Multilyte Ltd.*,
No. C 03-03779 WHA, 2005 U.S. Dist. LEXIS 41177 (N.D. Cal. Aug. 26, 2005) .........6, 7, 12

*Amarel v. Connell*,
102 F.3d 1494 (9th Cir. 1996)..................................................................................2, 4, 7

*ATS Products Inc. v. Ghiorso*,
No. C10–4880 BZ, 2012 WL 1194151 (N.D. Cal. Apr. 10, 2012).........................................5, 7

*Competitive Technologies v. Fujitsu Ltd.*,
No. C-02-1673 JCS, 2006 U.S. Dist. LEXIS 98312 (N.D. Cal. Aug. 23, 2006) ........................9

*Computer Cache Coherency Corp. v. Intel Corp*,
No. C-05-01766 RMW, 2009 U.S. Dist. LEXIS 122596 (N.D. Cal. Dec. 18, 2009) ...............13

*Crawford Fitting Co. v. J. T. Gibbons, Inc.*,
482 U.S. 437 (1987) ...................................................................................................3

*eBay Inc. v. Kelora Systems, LLC*,
2013 U.S. Dist. LEXIS 49835 (N.D. Cal. Apr. 5, 2013)....................................................*passim*

*Intermedix, Inc. v. Ventitrex, Inc.*,
No. C-90-20233 JW, 1993 U.S. Dist. LEXIS 17803 (N.D. Cal. Dec. 2, 1993) ..........................6

*Ishida Co., Ltd. v. Taylor*,
No. C-02-01617-JF, 2004 U.S. Dist. LEXIS 24480 (N.D. Cal. Nov. 29, 2004)...............3, 6, 12

*Kalitta Air, LLC v. Central Texas Airborne System*,
No. C 96-2494 CW, 2012 U.S. Dist. LEXIS 172679 (N.D. Cal. Dec. 5, 2012)...................5, 10

*Kalitta Air LLC v. Central Texas Airborne System Inc.*,
741 F.3d 955 (9th Cir. 2013)....................................................................................3, 6

*KiSKA Construction Corp. USA v. Washington Metropolitan Area Transit Authority*,
No. 97-2677, 2002 WL 393082 (D.D.C. Mar. 11, 2002).............................................................3

*Kwan Software Engineering, Inc. v. Foray Technologies, LLC*,
No. C 12-03762 SI, 2014 U.S. Dist. LEXIS 63933 (N.D. Cal. May 8, 2014)  ..................14, 15

*Lasic v. Moreno*,
No. 2:05-cv-0161-MCE, 2007 U.S. Dist. LEXIS 88608 (E.D. Cal. Nov. 21, 2007) ..................4

*Maxwell v. Hapag-Lloyd Aktiengesellschaft*,
862 F.2d 767 (9th Cir. 1988) ..............................................................................11, 12

*MEMC Electronic Materials v. Mitsubishi Materials*,
No. C–01–4925 SBA, 2004 WL 5361246 (N.D. Cal. Oct. 22, 2004).........................................5

*Oracle America, Inc. v. Google Inc.*,
    No. C 10-03561 WHA, 2012 U.S. Dist. LEXIS 125237 (N.D. Cal Sept. 4, 2012) ...................13

*Parrish v. Manatt, Phelps & Phillips, LLP*,
    No. C 10-03200 WHA, 2011 U.S. Dist. LEXIS 41021 (N.D. Cal. Apr. 11, 2011) ...................15

*Petroliam Nasional Berhad v. GoDaddy.com, Inc.*,
    No. C 09-5939 PJH, 2012 U.S. Dist. LEXIS 64555 (N.D. Cal. May 8, 2012) .........................15

*Plantronics, Inc. v. Aliph, Inc.*,
    No. C 09-01714 WHA, 2012 U.S. Dist. LEXIS 152297 (N.D. Cal. Oct. 23, 2012)........3, 13, 15

*Quan v. Computer Sciences Corp.*,
    623 F.3d 870 (9th Cir. 2010).............................................................................................2

*In re Ricoh Co., Ltd., Patent Litigation*,
    661 F.3d 1361 (Fed. Cir. 2011) ............................................................................. *passim*

*SEIU v. Rosselli*,
    No. C 09-00404 WHA, 2010 U.S. Dist. LEXIS 122202 (N.D. Cal. Nov. 1, 2010) ...........11, 13

*Taniguchi v. Kan Pac. Saipan, Ltd.*,
    566 U.S.___, 132 S. Ct. 1997 (2012) ..................................................................................3

*TransPerfect Global, Inc. v. MotionPoint   Corp*,
    No. C–10–02590 CW, 2014 WL 1364792 (N.D. Cal. Apr. 4, 2014) ....................................6, 8

*Weco Supply Co. v. Sherwin-Williams Co.*,
    1:10-CV-00171 AWI, 2013 U.S. Dist. LEXIS 1572 (E.D. Cal. Jan. 3, 2013)............................9

## **Statutes and Rules**

28 U.S.C. § 1920 ...............................................................................................................3, 7

Fed. R. App. P. 39(e)(2) ..........................................................................................................8

Fed. R. Civ. P. 54(d)(1) ............................................................................................................2

N.D. Cal. Civ. L.R. 54-1 ...........................................................................................................3

N.D. Cal. Civ. L.R. 54-3 ...................................................................................7, 8, 10, 11, 12

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS

# INTRODUCTION

Apple's motion for review repeats the same conclusory statements it made in its declarations in support of its bill of costs.   The Clerk already reviewed those materials and found them deficient in numerous ways, lowering Apple's costs from $5.8 million to $2.1 million.   The Court should reduce that amount even further in light of Apple's failure to bear its burden of proof in nearly every category of costs.

Apple seeks compensation for numerous types of costs not allowed by the local rules, including costs incurred printing millions of pages of routine case documents and other materials for the convenience of its attorneys, ordering expensive expedited copies of over a hundred transcripts, buying hundreds of devices never used at trial, commissioning graphics production for over a two year span, and processing large amounts of electronic data with no proof of what portion of it was ever produced to Samsung.   Apple also seeks to recover costs it incurred advancing thousands of discrete legal issues, only a fraction of which it actually brought to trial. Even for those it presented to the jury, it was only partially successful, yet Apple makes no attempt to attribute its costs to its successful claims.

Samsung already filed a motion to review the Clerk's taxation of costs, showing in detail why Apple should not receive any costs now, how almost all of Apple's claimed costs are disallowed under federal and local law, and how even for those costs that could theoretically be taxed, Apple failed to bear its burden to prove through proper documentation and sworn affidavits that each cost it claimed was necessarily incurred.   (*See* Dkt. 3118, Samsung's Motion to Review the Clerk's Taxation of Costs ("Samsung's Motion").)   For the Court's convenience, Samsung incorporates its motion by reference here and throughout this opposition to avoid duplicating arguments as much as possible.

## I.    COUNTER-STATEMENT OF PROCEDURAL BACKGROUND

Samsung's Motion provided a detailed procedural history and showed that Apple's purported success at trial has to be seen against the backdrop of the thousands of legal issues it forced Samsung to litigate throughout the case, but which Apple did not attempt to pursue at trial. (Dkt. 3118, Samsung's Motion at 2-3.)   All told, Apple prevailed on just 5% of the legal issues

1   the parties spent over a year litigating.   (*Id.*)   Even for the minority of legal issues raised at trial,

2   Apple lost on a third of them, including losing all design-related issues for tablet computers,

3   having half of its asserted trade dresses found unprotectable, losing all affirmative defenses, and

4   losing numerous device-specific claims of infringement and dilution.   (*Id.* at 7; Dkt. 1931 at 6,

5   10-13.)   Apple failed to obtain a permanent injunction as to any patents or trade dresses, and had

6   its single preliminary injunction reversed in light of the verdict.   (Dkt. 3118, Samsung's Motion

7   at 7-8.)   In addition, the damages retrial, and all the resources required to conduct it, were solely

8   attributable to Apple's own aggressive and misguided strategy at the first trial:   Apple presented

9   the wrong notice dates to the first jury, requiring a re-trial on the damages for half the products in

10  the case, for which the second jury issued an award nearly $120 million lower.   (*Id.* at 3.)

11  **II.      COUNTER-STATEMENT OF THE LAW**

12         The decision to award or deny costs is within the discretion of the Court.   *eBay Inc. v.*

13  *Kelora Sys.*, *LLC*, 2013 U.S. Dist. LEXIS 49835, at *12-13 (N.D. Cal. Apr. 5, 2013).   The

14  presumption in favor of awarding some costs to a prevailing party therefore does not require that

15  costs be awarded, nor even require that the party opposing costs offer any evidence that each

16  specific cost sought is not warranted; instead the presumption merely requires the Court to state

17  the reasons it did not, or could not, award costs, for example, the costs were inflated, the judgment

18  was mixed, or the party seeking costs failed to prove they were taxable or to offer adequate

19  documentation.   *See, e.g.*, *id.*; *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996); *In re*

20  *Ricoh Co., Ltd., Patent Litig.*, 661 F.3d 1361, 1368 (Fed. Cir. 2011); Fed. R. Civ. P. 54(d)(1)

21  (costs need not be allowed if "a court order provides otherwise").   Thus, the presumption in favor

22  of *an* award merely puts the burden on the party opposing an award of any costs at all to "show

23  why costs should not be awarded" as a matter of principle.   (Dkt. 3119 (quoting *Quan v.*

24  *Computer Scis. Corp.*, 623 F.3d 870, 888 (9th Cir. 2010)).

25         The presumption neither obviates nor diminishes the need for the party seeking costs to

26  produce evidence to establish both the amount of its taxable costs and their taxable quality.   The

27  burden unequivocally remains on the prevailing party "to establish the amount of compensable

28  costs and expenses to which they are entitled.   Prevailing parties necessarily assume the risks

inherent in a failure to meet that burden." *In re Ricoh*, 661 F.3d at 1367 (quoting *English v. Colo. Dep't of Corr.*, 248 F.3d 1002, 1013 (10th Cir. 2001) and applying this District's Local Rules).   The party opposing costs therefore has no burden to "justify denial of each line item," rather the "prevailing party must itemize its costs with enough detail to establish that they are taxable." *eBay Inc.*, 2013 U.S. Dist. LEXIS 49835, at *15; *see also In re Ricoh*, 661 F.3d at 1367 ("[T]he Local Rules require '[a]ppropriate documentation to support *each item* claimed.'" (quoting Civ. L.R. 54-1(a)) (emphasis added); *Plantronics, Inc. v. Aliph, Inc.*, No. C 09-01714 WHA, 2012 U.S. Dist. LEXIS 152297, at *46 (N.D. Cal. Oct. 23, 2012).   In a large case, more substantial and detailed documentation is needed for the Court to determine which line item costs are permissible. *eBay Inc.*, 2013 U.S. Dist. LEXIS 49835, at *17 (citing *In re Ricoh*, 661 F.3d at 1368).   Thus "the prevailing party's burden to establish and support the amount to which it is entitled" requires that the party's "list of costs and expenses must be adequately detailed, identifying the purpose of *each* expenditure," and "generic references such as 'transcripts,' 'publication,' and 'document production,'" are insufficient. *In re Ricoh*, 661 F.3d at 1367 (emphasis added) (citations omitted).   It is an abuse of discretion to award any costs for which the party seeking them has provided inadequate documentation. *Id.* at 1368.

Courts also do not have discretion to award costs not within the categories of 28 U.S.C. § 1920; such costs are not allowed. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).   And the scope of the taxable categories themselves must be construed narrowly. *Kalitta Air LLC v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013) (citing *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S.__, 132 S. Ct. 1997, 2006 (2012)).

## III.   ARGUMENT

### A.   Apple's Claim To Be The Prevailing Party Is Premature In Light Of The Pending Appeal.

Apple is prematurely seeking costs while an appeal is pending that could overturn the judgment underlying any award.   (*See* Dkt. 3118, Samsung's Motion at 5.)   Other courts in this situation have found such bids for costs to be ripe for consideration only after the appeal is resolved, *Ishida Co., Ltd. v. Taylor*, No. C-02-01617-JF, 2004 U.S. Dist. LEXIS 24480, at *3

1    (N.D. Cal. Nov. 29, 2004), to be a potentially "wasteful, academic exercise," *KiSKA Constr. Corp.*

2    *USA v. Wash. Metro. Area Transit Auth.*, No. 97–2677, 2002 WL 393082, at *1 (D.D.C. Mar. 11,

3    2002), and to be an "inefficient use of judicial resources," *Lasic v. Moreno*, No. 2:05-cv-0161-

4    MCE, 2007 U.S. Dist. LEXIS 88608, at *2-3 (E.D. Cal. Nov. 21, 2007).   Even if only some

5    claims are reversed on appeal, a stay is still warranted.   In *Amarel*, for example, the Ninth Circuit

6    reversed a defense verdict only in part, but still held that the award of costs had been automatically

7    reversed as a result.   102 F.3d at 1523.   The Ninth Circuit instructed the district court "to await

8    resolution of plaintiffs' Section 1 claim before determining whether an award of costs is

9    appropriate," noting that a potential mixed judgment could "warrant that each party bear its own

10   costs," or at the least that the district court would have to "separate the costs incurred" as between

11   the successful and unsuccessful claims.   *Id.* at 1523-24.   For these reasons, the Court should

12   exercise its discretion to "defer the taxation of costs while an appeal on the merits is pending,"

13   *Lasic*, at *2-3, and only consider costs once any potential issues on remand are resolved.

**B.      Because Apple Prevailed On Only A Fraction Of The Claims For Which It Seeks Costs, It Is Not Entitled To The Full Taxable Costs It Incurred.**

16   If costs are nevertheless resolved now even though the appeal is pending, Apple still has

17   no basis to recoup costs for legal issues it lost, let alone costs tied to issues it never even presented

18   to the jury.   On a mixed judgment, the Court must either deny costs altogether or allocate them

19   between the successful and unsuccessful claims.   *Amarel*, 102 F. 3d at 1523-24 ("allocation of

20   costs is necessary" if court does not deny costs altogether on mixed judgment); *see also* Dkt. 3118,

21   Samsung's Motion at 9 (collecting cases).   Apple also has no basis to seek costs associated with

22   the retrial on damages, which was caused by Apple's own misguided and aggressive strategy

23   during the first trial.   (Dkt. 3118, Samsung's Motion at 3.)   Accordingly, the Court should order

24   that Apple not recover any costs.   *Amarel*, 102 F. 3d at 1523.

**C.      Apple Fails To Carry Its Burden As To The Specific Costs It Seeks.**

26   If any costs are awarded to Apple, they can only be awarded on items for which Apple has

27   met its burden of proof of showing the cost is (i) properly taxable, (ii) reasonable, and

(iii) allocable to Apple's successful claims.   *In re Ricoh*, 661 F.3d at 1367; *Amarel*, 102 F.3d at 1523-24.   Apple has failed to meet its burden.

> **1.   *Apple's Request For Costs For Transcripts Should Be Disallowed Or Reduced.***

Apple should be denied nearly all of the $751,214.54 it spent getting multiple copies of hundreds of deposition and court transcripts.   Apple failed to show the Clerk was wrong to deduct $193,884.17 from the transcript costs Apple sought as "outside the ambit of LR 54-3(b), (c)" (Dkt. 3110), and Apple fails to meet its burden even for those costs the Clerk allowed.

> (a)   *Apple Seeks Disallowed And Unjustified Costs For Deposition Transcripts.*

Apple's request for $700,955.21 in deposition transcript costs greatly overstates what it could arguably seek to recover.   (*See* Dkt. 3118, Samsung's Motion at 8-11.)   Apple cites authority that it is allowed the cost of "one copy of the videotape and of the written transcript," and then claims this is "precisely what Apple requests."   (Dkt. 3119 at 6 (quoting *MEMC Elec. Materials v. Mitsubishi Materials*, No. C-01-4925 SBA (JCS), 2004 WL 5361246, at *3 (N.D. Cal. Oct. 22, 2004).)   However, on the previous page of its motion, Apple admits it seeks *three* copies of most depositions: a hardcopy transcript, a copy of the video, and an expedited electronic transcript (*id.* at 5 & n.2), with the third category alone amounting to $122,931.20 (Dkt. 3118, Samsung's Motion at 8-9 (citing Dkt. 2943-4, Amended Sched. A-1; Dkt. 2943-19, Amended Sched. D-1; Dkt. 2971-4, Supp. Jenkins Decl. ¶ 3, Sched. 4)).   Apple's own cited precedent establishes that where the cost for written and video versions of a deposition are both being sought, no additional copies are allowed: "The rule does not allow parties to recover the costs of obtaining multiple copies of videos or transcripts."   *MEMC Elec. Materials*, 2004 WL 5361246, at *3; *see also eBay Inc.*, 2013 U.S. Dist. LEXIS 49835, at *37-38; *Kalitta Air, LLC v. Cent. Tex. Airborne Sys.*, No. C 96-2494 CW, 2012 U.S. Dist. LEXIS 172679, at *15-16 (N.D. Cal. Dec. 5, 2012); *In re Ricoh*, 661 F.3d at 1370 (all cited in Apple's Motion, Dkt. 3119 at 6-7) (all awarding costs for only one written and one videotaped version of each deposition, and rejecting any bids to recover for additional copies).   Other precedent in this District likewise rejects costs for additional transcripts.   *See, e.g.*, *ATS Prods. Inc. v. Ghiorso*, No. C 10-4880 BZ, 2012 WL

1194151, at *1 (N.D. Cal. Apr. 10, 2012) (disallowing cost of video copy where cost for two

copies of written transcript already claimed); *Affymetrix, Inc. v. Multilyte Ltd.*, No. C 03-03779

WHA, 2005 U.S. Dist. LEXIS 41177, at *6-7 (N.D. Cal. Aug. 26, 2005) (same).

      Extra charges for electronic copies and expedited services are also non-taxable because

they are for the convenience of counsel, and therefore not "necessarily obtained" for use in the

case.   *Affymetrix*, 2005 U.S. Dist. LEXIS 41177, at *1 ("Shipping or expedited delivery charges

and 'extra' charges such as ASCII/Mini/E-transcripts, however, are not allowed"); *Ishida*, 2004

U.S. Dist. LEXIS 24480, at *5 ("While these services [*e.g.*, E-Transmission and E-Transcript]

may provide added convenience to counsel, they are 'extras' in addition to the one original and

one copy of the transcript allowed under the rule."); *Intermedix, Inc. v. Ventitrex, Inc.*, No. C-90-

20233 JW, 1993 U.S. Dist. LEXIS 17803, at *7 (N.D. Cal. Dec. 2, 1993) ("If a party elects to have

the transcript made available in an additional, separate medium, such as on diskette or in a

condensed 'travel copy,' the party must bear any additional expenses associated with that

choice."); *id* at *7-8 (disallowing the "higher rate for expedited service in providing deposition

transcripts" because it impermissibly "inflated the expenses").   Indeed, only the Morrison

Foerster firm included the expense for expedited e-transcripts; the WilmerHale firm did not.

(*Compare* Dkt. 2943-4, Amended Sched. A-1; *with* Dkt. 2943-19, Amended Sched. D-1.)   Apple

also seeks $18,598.75 spent to "Digitize/Sync Transcript to MPEG 1" for almost fifty depositions.

(Dkt. 2943-4, Amended Sched. A-1 at 24, 27-28, 30-31, 33-35, 50-52.)   But the Ninth Circuit has

rejected this exact category of costs, holding that "synchronizing deposition videotapes with their

transcripts, while convenient . . . was not truly *necessary* for trial."   *Kalitta Air*, 741 F.3d at 959.

      Even after removing these additional charges, the cost for the deposition transcripts is still

grossly inflated.   As Samsung's Motion explained, Apple seeks costs for over 300 depositions

even though far fewer witnesses were listed on the parties' witness lists, and even fewer actually

testified at trial.   (Dkt 3118, Samsung's Motion at 9-10 & n.5, 21 & n.8.)   Apple's claim should

be rejected for failing to show that these costs were necessary.   *See TransPerfect Global, Inc. v.*

*MotionPoint Corp*, No. C–10–02590 CW, 2014 WL 1364792, at *5 (N.D. Cal. Apr. 4, 2014)

(award of deposition costs limited to those depositions "used at trial or otherwise" where party

1  "submitted *no* evidence that the depositions for which it seeks costs were necessarily obtained")

2  (emphasis in original).

3      If the Court nevertheless decides to award costs, the amount needs to be allocated

4  according to the successful claims.   *Amarel*, 102 F.3d at 1524.   After removing just the

5  expedited e-transcript costs, reducing the amount Apple seeks for transcripts of 300+ depositions

6  to its 5% overall success rate yields $28,901.20.   (*See* Dkt. 3118, Samsung's Motion at 9-10.)

7              (b)      *Apple Seeks Disallowed Costs For Hearing And Trial Transcripts.*

8      Apple failed to show it is entitled to recover any of the $50,259.33 it spent for roughly half

9  of the hearing and trial transcripts throughout the case.   (*See* Dkt. 3118, Samsung's Motion at 11-

10  12.)   The local rules allow recovery of court transcripts only in two narrow categories: "(1) The

11  cost of transcripts necessarily obtained for an appeal," and "(2) The cost of a transcript of a

12  statement by a Judge from the bench which is to be reduced to a formal order prepared by

13  counsel."   Civ. L.R. 54-3(b).   The Rule is clear that "[t]he cost of other transcripts is not

14  normally allowable unless, *before it is incurred*, it is approved by a Judge or stipulated to be

15  recoverable by counsel." *Id.* (emphasis added).   Apple never argues it meets the exception,

16  instead relying on the unsupported assertion that it was necessary to purchase all the transcripts

17  because "the case was so contentiously litigated."   (Dkt. 3119 at 7.)   Apple cites *Affymetrix*,

18  2005 U.S. Dist. LEXIS 41177, at *5-6, in support, but that decision dealt with a request for less

19  than $2,200 spent on hearing transcripts and provides no support for Apple's attempt to recover 23

20  times that amount without providing any support for why even a single transcript, let alone all of

21  them, were "*necessarily* obtained for use in the case."   28 U.S.C. § 1920(2) (emphasis added);

22  *see also ATS Prods.*, 2012 WL 1194151, at *1 ("[T]he costs of pre-trial hearing transcripts are not

23  normally allowable, and Plaintiff has failed to establish that the transcripts were 'necessarily

24  obtained.'").

25      Apple also argues for the first time in its motion that because "the judgment in this case is

26  being appealed . . . the hearing and trial transcripts will be an important part of the appellate

27  record," and are therefore a permissible cost.   (Dkt. 3119 at 7.)   Apple offers no proof that when

28  it obtained the hearing and trial transcripts it did so for the purpose of appeal.   Civ. L.R. 54-3(b).

In any event, Apple would first need to prevail on the appeal before seeking costs associated with it.   (*See* Fed. R. App. P. 39 (e)(2) (making cost of "the reporter's transcript" taxable in the district court only if party prevails and the transcript was "needed to determine the appeal").)

Even if Apple had shown it was entitled to reimbursement for one copy of each reporter transcript it purchased, Apple also impermissibly seeks the costs of multiple additional copies for many transcripts, as well as the cost of expediting them.   (*See* Dkt. 3118, Samsung's Motion at 11-12; *TransPerfect Global*, 2014 WL 1364792, at *4 (denying costs of expedited trial transcripts and multiple copies of transcripts)).   Apple's reporter transcript requests fail to satisfy the Rule's specific requirements, and should be denied in full.   *See TransPerfect Global*, 2014 WL 1364792, at *4 (denying costs of pretrial hearing transcripts where the prevailing party had not obtained prior court approval or stipulation, as required by Local Rule 54-3(b)(3)).

### 2.   *Apple's Requests For Costs Supposedly Related To Exemplification And Making Copies Should Be Disallowed.*

Apple seeks to recover $4,854,262.92 for a wide range of expenses it voluntarily incurred, claiming they all qualify as "fees for exemplification and the costs of making copies."   (Dkt. 3119 at 7.)   However, the vast majority of these costs are outside the scope allowed by the Local Rules and lack the required documentation to be recoverable.   They include: the cost of printing millions of pages of documents and filings for Apple's own convenience, purchasing hundreds of devices never used at trial either as exhibits or demonstratives, commissioning work by graphics designers and photographers over two years' time, incurring numerous e-discovery charges that far exceed what Apple actually produced, and renting a secure room on its own accord for prototype review.   Apple failed to show the Clerk was wrong to deduct more than $3.3 million from the costs Apple sought here as "outside the ambit of LR 54-3(d)" (Dkt. 3110), and Apple fails to meet its burden even for those costs the Clerk allowed.

### (a)   *Apple Seeks Disallowed Costs For Printing Out Millions Of Pages For Its Own Convenience.*

Apple seeks $1,562,110.98 solely for "making copies" in this case.   (Dkt. 3119 at 8.)   At a rate of 10 cents a page, that would amount to over 15 million pages.   However, Apple admits that it produced only 338,860 documents to Samsung, and did so in *electronic* format.   (*Id.* at

10.)    Nonetheless, Apple represents that it incurred this huge expense "reproducing documents for purposes of disclosure and other formal discovery processes"—without any specific support in its sworn affidavits or the invoices themselves.    (*Id.* at 8.)    The Federal Circuit, applying Ninth Circuit law and this District's rules, held that "[w]hen the prevailing party seeks to recover copying costs . . . the prevailing party must establish, in connection with its proposed Bill of Costs, that the reproduced documents were [1] produced by it pursuant to Rule 26 or other discovery rules; [2] that they were copied at the prevailing party's expense and at the request of the opposing party; and [3] that the copies were tendered to the opposing party."    *In re Ricoh*, 661 F.3d at 1368.    Apple was required to provide supporting materials that were "adequately detailed, identifying the purpose of each expenditure, and not filled with generic references such as 'transcripts,' 'publication,' and 'document production.'"    *Id.* at 1367 (citations and quotation marks omitted).    It did not.

Samsung's Motion showed in detail how Apple failed to satisfy its burden because Apple produced no evidence even suggesting that a single hardcopy was ever produced to Samsung at its request.    (Dkt. 3118, Samsung's Motion at 12-14.)    Indeed, the few invoices providing any evidence of the purpose of the printouts shows they were made for the convenience of Apple and its attorneys, not for formal production.    (*Id.* at 13-14 (citing Dkt 2853-10, Ex. B-1 (Pt. 1) at 84-88; Dkt 2853-11, Ex. B-1 (Pt. 2) at 3-5, 70-75).)    Apple's sole case cite is from a different district that allows recovery of "costs for copies made for the convenience, preparation, research, or records of counsel."    (Dkt. 3119 at 8 (quoting *Weco Supply Co. v. Sherwin-Williams Co.*, No. 1:10-CV-00171 AWI BAM, 2013 U.S. Dist. LEXIS 1572, at *14-15 (E.D. Cal. Jan. 3, 2013)).)    However, this District disallows costs incurred for the convenience of counsel.    *See, e.g.*, *eBay Inc.*, 2013 U.S. Dist. LEXIS 49835, at *19-21 ("[C]opies made solely for counsel's convenience or the litigant's own use are not recoverable because they are not 'necessarily' obtained for use in the case."); *Competitive Techs. v. Fujitsu Ltd.*, No. C-02-1673 JCS, 2006 U.S. Dist. LEXIS 98312, at *22-24 (N.D. Cal. Aug. 23, 2006) ("[T]he invoices do not provide sufficient detail to show that the multiple copies that were made for team members were necessarily obtained for use in the case rather than for the convenience of counsel.    Accordingly, these costs are denied.").

1    To the extent any of the $1,562,110.98 Apple seeks for hard copy printing includes any

2  "hard copies [it made] for its own convenience" from electronically produced documents, those

3  copies are not taxable.   *In re Ricoh*, 661 F.3d at 1369 n.4.   Likewise, "[t]he cost of reproducing

4  copies of motions, pleadings, notices, and other routine case papers is not allowable."   Civ. L.R.

5  54-3(d)(3).   Accordingly, Apple's claim for copying costs should be denied in its entirety due to

6  an utter failure of proof.   *In re Ricoh*, 661 F.3d at 1368 ("In light of the inadequate

7  documentation, the district court abused its discretion in awarding $322,515.71 for reproduction

8  and exemplification disputed by Ricoh."); *see also Kalitta Air*, 2012 U.S. Dist. LEXIS 172679, at

9  *9-10 (disallowing all copying costs where "documentation provides no basis for determining

10  which, if any, of the in-house copying costs are taxable").

11             (b)    *Apple Seeks Disallowed Costs For Purchasing Hundreds Of
                       Devices.*

12    Apple's request for $123,379.74 for the purchase price of phone and tablet devices should

13  be denied.   (*See* Dkt. 3118, Samsung's Motion at 14-15.)   Apple represents that "[t]he requested

14  costs are *only for accused Samsung devices* that Apple used as trial or deposition exhibits, or used

15  for purposes of expert analysis."   (Dkt. 3119 at 8 (emphasis added).)   Apple's own

16  documentation demonstrates this claim is false.   Apple's chart includes 302 devices, including its

17  own products, third party devices, and Samsung phones and tablets that were not accused.   (Dkt.

18  2853-15, Sched. B-2; *see also* Dkt. 3118, Samsung's Motion at 14.)   Nothing in Apple's

19  materials explains, for example, why Apple's own counsel necessarily had to purchase 36 Apple

20  iPhones and iPads.   (Dkt. 2853-15, Sched. B-2.)   Further, in contrast to the 181 Samsung

21  devices Apple seeks reimbursement for, only 28 of them were admitted as exhibits at trial.   (*Id.*;

22  Dkt. 1889.)   Thus, the vast majority of the Samsung devices its seeks costs for were not accused

23  or even used at trial, including many multiples of trial exhibits.   (*See* Dkt. 3118, Samsung's

24  Motion at 14.)   Apple even seeks the cost of three units of the Samsung Intercept, which was

25  found not to infringe any patents.   (Dkt. 2853-15, Sched. B-2.)   The Local Rules only allow the

26  "cost of reproducing trial exhibits . . . to the extent that a Judge requires copies to be provided."

27  Civ. L.R. 54-3(d)(4).   Apple gives no proof that additional copies of devices were required by the

28

1   Court here.   Apple also cites no authority for recovering costs it incurred for expert analysis or

2   use at depositions.

3        Apple also asserts these costs are taxable because it purchased the devices for

4   "demonstrative purposes."   (Dkt. 3119 at 8.)   In this District, costs for demonstratives are only

5   recoverable if the demonstratives are shown to have been used at trial and "reasonably necessary

6   to assist the jury or the Court in understanding the issues."   Civ. L.R. 54-3(d)(4).   Apple makes

7   no attempt to show which of the 161 devices it listed as a "Demonstrative" meets this standard,

8   especially where only a fraction were used at trial.

9        Apple's cited cases do not excuse its failure of proof.   In *Maxwell v. Hapag-Lloyd*

10  *Aktiengesellschaft*, 862 F.2d 767 (9th Cir. 1988), the court allowed the cost of creating

11  photographic demonstratives only after finding they "were used in the trial, were necessary for an

12  understanding of the issues, and were of material aid to the jury," and thus "the benefit of the

13  visual aids at trial justifie[d] their modest cost.".   *Id.* at 770.   The $123,379.74 Apple seeks far

14  exceeds the "modest cost" of $558.35 at issue in *Maxwell*.   *Id.*   Likewise, *SEIU v. Rosselli*, No.

15  C 09-00404 WHA, 2010 U.S. Dist. LEXIS 122202 (N.D. Cal. Nov. 1, 2010), merely cited

16  *Maxwell* for the general notion that "demonstrative evidence" can be recovered as an

17  "exemplification" expense, and allowed the plaintiff to recover the cost of certain trial exhibits.

18  *Id.* at *12.

19       Apple's failure of proof warrants rejection of all the device costs it seeks.   If the Court

20  nevertheless decides to award any costs here, the cost of one unit of each accused Samsung device

21  admitted at trial, along with the two third-party devices Apple listed that were actually admitted

22  into evidence, is $12,515.95, not $123,379.74.   (*See* Dkt. 3118, Samsung's Motion at 15.)

23           (c)    *Apple Seeks Disallowed Costs For Developing Graphics And*
              *Demonstratives.*
24

25       Apple claims it spent $1,582,387.02 preparing graphics and demonstratives solely for trial.

26  (Dkt. 3119 at 9.)   Apple admits that to recover their costs, demonstratives must have been

27  "reasonably necessary to assist the jury or the Court in understanding the issues at the trial" (*id.*

28  (quoting Civ. L.R. 54-3(d)(5)), yet Apple makes no attempt, either in its motion, or supporting

1    materials, to link even a single graphics expense to a demonstrative actually used at trial, let alone

2    show that such demonstratives were "reasonably necessary to assist the jury."   Instead, Apple

3    conclusorily asserts that "[d]emonstratives were critical to assist the jury and the Court in

4    understanding the issues."   (*Id.* at 10.)   This comes nowhere close to satisfying Apple's burden

5    to show that the specific demonstratives it used at trial account for the massive amount it seeks.

6        Apple's own schedules and invoices expose its entire request for this category of costs as

7    improper.   (Dkts. 2853-20 to 2853-21, Ex. B-3 (Pts. 1-2); Dkts. 2854-16 to 2854-17, Ex. E-2

8    (Pts. 1-2); Dkt. 2943-6, Amended Sched. B-3; Dkt. 2854-15, Sched. E-2.)   The materials Apple

9    submitted provide no way to tell which line item expenses, if any, relate to demonstratives actually

10   used at trial.   And Apple's affidavits simply state that the total claimed amounts are for "trial

11   graphics and demonstratives," providing no detail whatsoever to aid the Court in its review.

12   (Dkt. 2853, Krevans Decl. ¶¶ 26-30; Dkt. 2854, Selwyn Decl. ¶¶ 20-24; Dkt. 2943-03, Krevans

13   Supp. Decl. ¶¶ 11-12.)   As Samsung's Motion showed, Apple's invoices claim huge amounts of

14   non-taxable costs incurred throughout the entire case, including for work done an entire year

15   before the first trial; graphics prepared for client meetings, mock trials, focus groups, expert

16   reports, and other non-trial uses; over 100 days worth of photo shoots; consulting costs; and

17   graphics for the damages retrial.   (Dkt. 3118, Samsung's Motion at 15-16.)

18       In this District, even if a party's use of a chosen method of graphics was "admittedly a

19   more engaging method of conveying information," resulting in kudos from the court on their

20   helpfulness, if it "was not *necessary*," or more "modest visual aids" would have sufficed, costs are

21   not permitted.   *Affymetrix*, 2005 U.S. Dist. LEXIS 41177, at *11-13 (emphasis in original)

22   (reducing the taxable amount from $129,615 to just $3,059 for animated PowerPoint

23   presentations); *Ishida*, 2004 U.S. Dist. LEXIS 24480, at *5-6 (finding graphics costs of

24   $38,947.81 were "excessive" and reducing them to $2,000).   Apple's own cited precedent further

25   confirms that costs for the creation of graphics are allowed only after the prevailing party meets its

26   burden of tying costs to specific demonstratives found to be *necessary* to help the jury and court

27   understand important issues.   (Dkt. 3119 at 9 (citing *Maxwell v. Hapag-Lloyd Aktiengesellschaft*,

28   862 F.2d at 770; *Computer Cache Coherency Corp. v. Intel Corp*., No. C-05-01766 RMW, 2009

1    WL 5114002, 2009 U.S. Dist. LEXIS 122596, at *5-7 (N.D. Cal. Dec. 18, 2009)).    (Apple's third

2    cited opinion does not discuss trial graphics at all.    *SEIU v. Rosselli*, 2010 U.S. Dist. LEXIS

3    122202, at *12.)    Further, even if a demonstrative is actually used and "reasonably necessary,"

4    the court will reduce the award of costs if the requested amount is excessive.    *E.g., Computer*

5    *Cache*, at *7 (awarding only $25,000 of $96,111 sought).

6         Contrary to even its own cited precedent, Apple seeks an excessive amount for preparing

7    demonstratives and offers no evidence of which specific graphics and presentations were used at

8    trial, nor whether the substance and methods of those presentations were necessary for the jury.

9    No authority supports Apple's position that it can meet its burden for reimbursement of a million

10   and a half dollars on every graphic, picture, video, and PowerPoint presentation it commissioned

11   over a two-and-a-half year span simply by saying the case was complex.    (Dkt. 3119 at 9-10.)

12   These costs should be denied outright due to inadequate documentation.    *In re Ricoh*, 661 F.3d at

13   1367, 1368.    However, if the Court finds any costs properly taxable, they should be apportioned

14   consistent with Apple's overall success rate of 5%.

15              (d)    *Apple Seeks Disallowed Costs For E-Discovery.*

16         Apple should be denied the entire $1,486,475.01 it purportedly spent producing just

17   338,860 documents in electronic format.    (Dkt. 3119 at 10.)    E-discovery costs are only

18   recoverable to the extent they are the functional equivalent of "making copies" for formal

19   document production.    *See, e.g., Plantronics*, 2012 U.S. Dist. LEXIS 152297, at *43; *see also*

20   *eBay Inc.*, 2013 U.S. Dist. LEXIS 49835, at *25-26 ("[O]ften e-gathering and e-processing costs

21   are not the equivalent of the physical preparation and duplication of documents that is

22   compensable.") (citation and quotation marks omitted).    Thus, while the costs of scanning and

23   converting a document may be compensable, collection and processing costs are not, because they

24   are either for the convenience of counsel or part of the "intellectual effort" involved in the

25   production or analysis of documents.    *eBay Inc.*, 2013 U.S. Dist. LEXIS 49835, at *25-26.

26   Because the party seeking e-discovery costs bears the burden of proving that each line item falls

27   within the permissible bounds, *id.* at *29-30; *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561

28   WHA, 2012 U.S. Dist. LEXIS 125237, at *12 (N.D. Cal Sept. 4, 2012), Apple must offer proof

1   that each item on its submitted e-discovery invoices is the functional equivalent of making copies

2   for formal document production.    Courts have repeatedly rejected e-discovery costs wholesale

3   where, as here, the supporting documentation provides no way for the court to determine whether

4   the specific e-discovery line items are equivalent to traditional copying costs or they involve

5   additional processing costs that are unrecoverable.    *See, e.g.*, *Oracle*, 2012 U.S. Dist. LEXIS

6   125237, at *11-13 (rejecting e-discovery costs entirely due to failure of proof that all line items

7   were for physical preparation and duplication of documents and not intellectual efforts); *eBay Inc.*,

8   2013 U.S. Dist. LEXIS 49835, at *29-30 ("[T]he court holds that eBay did not itemize the e-

9   discovery processing costs with enough detail to establish that the court should award it any of the

10   ESI processing costs.").

11         As discussed above, *see supra* pp. 9-10, courts do not have discretion to award document

12   production costs unless the prevailing party "establishes that the copied documents were produced

13   by it pursuant to Rule 26 or other discovery rules and that the copies were requested by, and

14   supplied to, the opposing party."    *In re Ricoh*, 661 F.3d at 1367; *Kwan Software Eng'g, Inc. v.*

15   *Foray Techs., LLC*, No. C 12-03762 SI, 2014 U.S. Dist. LEXIS 63933, at *14-15 (N.D. Cal. May

16   8, 2014) (rejecting all e-discovery costs related to unproduced documents).    Apple does not even

17   claim, much less prove, that the entire $1.5 million it seeks was necessarily incurred for its

18   purported production of 338,860 electronic documents.    The "vaguely-worded vendor invoices"

19   and conclusory declarations Apple submitted with its bills of costs provide no way to determine

20   whether the e-discovery costs are "the electronic equivalent of compensable exemplification and

21   copying," or whether the costs are tied to documents actually produced to Samsung.    *eBay Inc.*,

22   2013 U.S. Dist. LEXIS 49835, at *18.    Samsung's Motion describes these deficiencies in further

23   detail.    (Dkt. 3118, Samsung's Motion at 17-19.)

24         Apple's extremely high per page e-discovery rate is excessive and therefore impermissible.

25   Apple's rate of over $.50 per page ($1,486,475.01 for 2,944,467 pages produced (Dkt. 3119 at

26   10)), is far higher than levels found reasonable in other cases.    Just two years ago, for example,

27   the court declined to award e-discovery costs of over $200,000 for 347,795 pages (rate of $.57 per

28   page), finding that no processing costs were permissible, and allowing a hard copy conversion rate

of just $.04 per page.   *Plantronics*, 2012 U.S. Dist. LEXIS 152297, at *47; *see also Kwan Software*, at *15 (applying $.03 rate, to produced pages only, for Bates stamping and TIFF conversion); *eBay Inc.*, 2013 U.S. Dist. LEXIS 49835, at *40 ($.11 per page e-discovery rate "support[s] conclusion that the e-discovery costs are the electronic equivalent of copying"). Apple gives no explanation of why its e-discovery or conversion rates are so high, especially where most of its documents were already in electronic format.

Again, Apple's cited cases do not help it.   Rather, they show that some modest e-discovery charges are compensable if they are proved to be necessary to the party's discovery obligations.   *See Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, No. C 09-5939 PJH, 2012 U.S. Dist. LEXIS 64555, at *10-11 (N.D. Cal. May 8, 2012) (allowing $6,365 for e-discovery work shown to be "necessary"); *Parrish v. Manatt, Phelps & Phillips, LLP*, No. C 10-03200 WHA, 2011 U.S. Dist. LEXIS 41021, at *7 (N.D. Cal. Apr. 11, 2011) (allowing $22,667 in e-discovery charges shown to be "necessary expenditures").   Apple's other cited cases further confirm that it is Apple's burden to prove at the line item level that the expenses it incurred were necessary for documents it actually produced.   *See In re Ricoh*, 661 F.3d at 1365; *eBay Inc.*, 2013 U.S. Dist. LEXIS 49835, at *29-30.

Apple fails to satisfy its burden for recovering e-discovery charges, and its request should be rejected in its entirety.   If it is not, the costs of electronic discovery should be apportioned consistent with Apple's overall success rate of 5%.

(e)   *Apple Seeks Disallowed Costs For A Secure Review Room.*

Apple's request for $99,910.17 for a secure room to host the review of design prototypes should be rejected.   (Dkt. 3119 at 11-12.)   Apple represents the cost was (1) solely for review of design prototypes, and (2) that "it was necessary for [the] physical prototypes to be inspected at a secure facility."   (*Id.* at 12.)   Both are wrong.   First, as explained in Samsung's Motion, over $72,000 of the expense was incurred as part of a court-ordered secure CAD file review, for which Magistrate Judge Grewal ordered the parties to split costs.   (Dkt. 3118, Samsung's Motion at 20 (quoting Dkt. 233 at 3).)   Second, it was not "necessary" for Apple to pay a third-party escrow facility to host the prototype review.   Both parties previously hosted confidential prototype

reviews at their respective counsels' offices without incurring these expenses.   (*See id.* (citing Dkt. 2932, Jenkins Decl. ¶ 6); Dkt. 346 at 3.)

### 3.   *Apple's Request For Costs For Interpreters Should Be Disallowed Or Reduced.*

Apple seeks $282,500 in interpretation costs: $39,900 for interpreters used at trial and $242,600 for interpreters at depositions.   (Dkt. 3119 at 12; Dkt. 2853-28, Sched. C; Dkt. 2943-21, Amended Sched. F.)   Apple failed to show the Clerk had no basis to deduct Apple's entire request for interpretation costs.   (Dkt. 3110.)

For interpreters at trial, Apple seeks the costs for both the main interpreter and Apple's own "check interpreter."   (Dkt. 2853-28, Sched. C.)   Apple admits the parties agreed to split the cost of the main interpreter for trial.   (Dkt. 3119 at 12.)   Accordingly, Apple's share is not recoverable now.   *In re Ricoh*, 661 F.3d at 1366 (overruling district court's award of certain costs where parties had agreed to split them).   As Samsung's Motion showed, Apple's expense of $28,000 for a check interpreter was discretionary, and therefore not "necessarily incurred" as required by the Local Rules for recovery.   (Dkt. 3118, Samsung's Motion at 20-21.)   Apple should therefore recover nothing for interpreters at trial.

Apple's request for the cost of interpreters at more than 125 depositions is also unfounded. (*See* Dkt. 3118, Samsung's Motion at 21 & n.8.)   For example, Apple seeks $120,350 in interpretation costs for deponents who were not even designated on either party's long list of potential trial witnesses, which totaled 95 each.   (*Id.*)   Apple should be allowed to recover, at most, costs for interpreters at depositions of witnesses who contributed to its success at trial. Instead of attempting to estimate what percentage of deposition testimony related to a disputed issue on which Apple prevailed, any taxed costs for interpreters should be in line with Apple's 5% overall success rate.   The maximum taxable amount should be $12,130.00, which is 5% of Apple's claimed costs for deposition interpreters.

**IV.    SUMMARY OF SAMSUNG'S OBJECTIONS TO APPLE'S BILL OF COSTS**

The chart below summarizes Samsung's objections to Apple's Amended Bill of Costs and the maximum amount that should be taxed (*see* Dkt. 3118, Samsung's Motion at 22-24):

| Category Of Costs | Amount Apple Seeks In Its Amended Bill | Amount Samsung Objects To | Maximum Taxable Amount |
|---|---|---|---|
| **Costs for printed or electronically recorded transcripts** | | | |
| Deposition Transcripts and Videos | $578,024.01 | $549,122.81 | **$28,901.20** |
| Expedited Deposition E-Transcripts | $122,931.20 | $122,931.20 | **$0.00** |
| Trial and Hearing Transcripts | $50,259.33 | $50,259.33 | **$0.00** |
| **Cost for exemplification and the cost of making copies** | | | |
| Making Copies | $1,562,110.98 | $1,562,110.98 | **$0.00** |
| Purchasing Devices | $123,379.74 | $123,379.74 | **$0.00** |
| Graphics and Demonstratives | $1,582,387.02 | $1,582,387.02 | **$0.00** |
| E-Discovery | $1,486,475.01 | $1,486,475.01 | **$0.00** |
| Secure Room | $99,910.17 | $99,910.17 | **$0.00** |
| **Costs for interpreters** | | | |
| Trial Interpreters | $39,900.00 | $39,900.00 | **$0.00** |
| Deposition Interpreters | $242,600.00 | $230,470.00 | **$12,130.00** |
| **Total** | **$5,887,977.46** | **$5,846,946.26** | **$41,031.20** |

<u>**CONCLUSION**</u>

The Court should stay review of the Clerk's Taxation of Costs and postpone resolving the issue of costs until after the merits appeal process is complete, including any further litigation that may occur as a result.    Alternatively, the Court should order that each party bears its own costs. If the Court taxes costs for Apple now, the maximum amount that should be allowed is $41,031.20.

1

DATED: July 17, 2014

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

2

3

By   /s/ Victoria F. Maroulis

Charles K. Verhoeven

4

Kathleen M. Sullivan

Kevin P.B. Johnson

5

Victoria F. Maroulis

Michael T. Zeller

6

7

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC., and SAMSUNG

8

TELECOMMUNICATIONS AMERICA, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28