QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**PROPOSAL REGARDING ADDITIONAL SUBMISSIONS IN SUPPORT OF MOTION TO ENFORCE PRELIMINARY INJUNCTION BOND (DKT. 3114)** |

In response to the Court's instructions at the July 17, 2014 hearing, Samsung submits its proposal regarding further proceedings related to its Motion to Enforce Preliminary Injunction Bond ("Motion to Enforce"). (Dkt. 3114.) Samsung is amenable to the Court's suggestion at the hearing that the parties engage in alternative dispute resolution to resolve Samsung's Motion to Enforce. Apple's counsel told Samsung's counsel today that Apple is unwilling to agree to mediation at this time, but would consider its position after reviewing Samsung's submission. If Apple agrees to mediate, Samsung suggests that the Court set a date by which the parties should complete mediation and report back to the Court on whether they have reached a resolution.

In the event Apple is unwilling to mediate or the parties are unable to resolve the dispute through mediation, Samsung proposes to submit additional declarations to address issues raised at July 17 hearing. Samsung presently anticipates that its submission will include: (i) a supplemental declaration from Mr. SeungHee Hyun that will include, but not be limited to, statements regarding the date the components were scrapped and the direct connection between the injunction and the decision to scrap the components; (ii) a declaration from Samsung's expert economist, Michael J. Wagner, that will include, but not be limited to, discussion of the impact of the release of the Galaxy Tab 2 on sales of the Galaxy Tab 10.1 4G LTE; and (iii) a declaration from an employee of Samsung Telecommunications America, LLC that will include, but not be limited to, discussion of the first sale date of the Galaxy Tab 2 and the impact of the release of the Galaxy Tab 2 on sales of the Galaxy Tab 10.1 4G LTE.

Samsung proposes that it submit any additional declarations seven days after the completion of mediation, should the mediation prove unsuccessful, or on July 31, 2014 if Apple refuses to mediate. Samsung also proposes that it be allowed to simultaneously submit a five page supplemental memorandum of points and authorities in support of its Motion to Enforce on July 31, 2014. Samsung proposes that Apple be permitted to submit a five page response to Samsung's supplemental memorandum seven days after Samsung files its supplemental memorandum. Samsung believes the Court can then decide the motion on the papers after oral argument and that discovery and an evidentiary hearing is unnecessary. *See Global Naps, Inc. v.*

1

PROPOSAL REGARDING ADDITIONAL SUBMISSIONS ISO MOTION TO
ENFORCE PRELIMINARY INJUNCTION BOND (DKT. 3114)

*Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir. 2007) (holding that an evidentiary hearing regarding damages under the preliminary injunction bond was unnecessary when "[t]he district court had a sufficient basis in the evidence to determine" the amount of damages); *Sionix Corp. v. Moorehead*, 299 F. Supp. 2d 1082, 1083 (S.D. Cal. 2003) (setting amount of recovery under bond without hearing). Should the Court, nonetheless, prefer an evidentiary hearing, Samsung proposes that it be held within two weeks of Apple's responsive submission.

While Samsung is prepared to submit additional evidence, its existing submission proves its entitlement to recover $2,049,651 under the preliminary injunction bond. It is well-established that "[w]rongfully enjoined parties are entitled to a presumption in favor of recovery." *Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 560 (2d Cir. 2011). "The burden of demonstrating that recovery should be denied is on the party opposing recovery." *Id.* at 559. And, to recover under the bond, a wrongfully enjoined party need only "demonstrate injury as a consequence of the injunction." *Matek v. Murat,* 862 F.2d 720, 733 (9th Cir. 1988), *abrogated on other grounds by Holden v. Hagopian,* 978 F.2d 1115 (9th Cir. 1992). Samsung's unrefuted proof that it had to scrap components for the Galaxy Tab 10.1 4G LTE as a direct result of the injunction (Dkt. 3112-04) entitles Samsung to recover.

*Sionix*, a case Apple relied on in its Opposition brief (Dkt. 3144, at 4), confirms that Samsung's evidence is more than adequate. In *Sionix*, a shareholder who had been wrongfully enjoined from selling stock sought to recover on an injunction bond. Even though the court found that the shareholder's testimony that he would have sold the stock was "somewhat speculative," the court still granted the motion to recover. *Sionix,* 299 F. Supp. 2d at 1088-1089. The court found that the fact the shareholder was deprived of the right to sell the stock was a sufficient basis for awarding damages. *Id.* at 1089 ("Nevertheless, Cowart had a legal right to dispose of his stock at any time . . . . The injunction interfered with Cowart's right, and the law imports damage[.]") Here, the fact Samsung was deprived of the legal right to sell units of the Galaxy Tab 10.1 4G LTE similarly justifies Samsung's recovery of damages for the products it had to scrap. As a result, the Court can grant Samsung's Motion to Enforce based on the current record.

1  DATED: July 18, 2014                        Respectfully submitted,

                                               QUINN EMANUEL URQUHART &
                                               SULLIVAN, LLP

                                                  By */s/ Victoria F. Maroulis*
                                                     Charles K. Verhoeven
                                                     Kathleen M. Sullivan
                                                     Kevin P.B. Johnson
                                                     Victoria F. Maroulis
                                                     William C. Price
                                                     Michael T. Zeller

                                                  Attorneys for SAMSUNG ELECTRONICS CO.,
                                                  LTD., SAMSUNG ELECTRONICS AMERICA,
                                                  INC. and SAMSUNG
                                                  TELECOMMUNICATIONS AMERICA, LLC