| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>ERIK J. OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522<br><br>Attorneys for Plaintiff and<br>Counterclaim-Defendant APPLE INC. | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITVE ORDER OF MAGISTRATE JUDGE (RE: DOCKET NO. 2935), ORDER GRANTING MOTION FOR SANCTIONS**<br><br>Judge:     Hon. Lucy H. Koh<br>Date:      August 28, 2014<br>Courtroom: |

Following his *in camera* review of more than 20,000 pages of documents, Judge Grewal concluded that Samsung had improperly claimed privilege over portions of many documents that were "not privileged," and had waived any claim of privilege for seven other documents cited in his January 29, 2014 Sanctions Order (produced by Samsung for in camera review as Tabs 6, 19, 20, 215.15, 222, 255 and 272) (the "Waiver Documents"). (Dkt. 2935 at 4 n.13.) In its motion, Samsung does not contest the finding that it improperly asserted privilege over "not privileged" information relevant to the sanctions proceedings. Instead, Samsung argues that Judge Grewal erred by finding that the Waiver Documents are not privileged. As detailed below, however, Samsung's arguments on that issue fail both as a matter of fact and law. Therefore, the Court should compel Samsung to produce the Waiver Documents, along with the portions of the other withheld documents that Judge Grewal found were "not privileged"—which Samsung has still refused to produce, now seven months later.

*First*, throughout its brief, Samsung repeatedly claims that it offered to produce the Waiver Documents if Apple (and Nokia) agreed that the mere production of the documents would not constitute a separate waiver, and that Apple rejected those offers. (Dkt. 3135 ("Mot.") at 1-4.) But Samsung misstates the facts. In a letter dated November 26, 2013, Samsung stated that it "would be willing to produce the documents submitted in camera at tab nos. 6, 19, 20, 215.15, 222, 255 and 272 under the terms of the attached proposed stipulation, including that Samsung's production will not effect a waiver of the attorney-client privilege or work-product doctrine in this proceeding or any other proceeding, and will not effect a subject matter waiver as to any subject matter." (Dkt. 3135-15.) And in its response on December 1, 2013, Apple maintained that the documents were not privileged, but noted that it was "***willing to enter into a stipulation along the lines you propose*** in order to enable a limited number of WilmerHale attorneys to review documents over which Samsung is claiming privilege, so that we can bring the current litigation over potential sanctions for violations of the protective order to a prompt resolution, as you suggest." (Dkt. 3135-16 (emphasis added).) Despite Apple's acceptance of Samsung's offer, Samsung never produced any of the Waiver Documents.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER RE: WAIVER
Case No. 11-cv-01846-LHK (PSG)                                                                                                         1

***Second***, Samsung is incorrect as a matter of law to the extent it claims that no waiver occurred with respect to the Waiver Documents. Samsung waived any privilege claim over the documents when it made affirmative use of them in the sanctions proceedings. For example, in response to the Court's November 8 Order to Show Cause, Samsung submitted declarations in which employees disclosed the contents of the allegedly privileged documents (in redacted portions of their declarations that Apple and Nokia were not permitted to view), and made affirmative representations about what the documents did and did not say in ***unredacted*** portions. (*E.g.*, Dkt. 2807-16 ¶ 8 (declaration of Laetitia Bernard regarding the document at Tab 6: "I did not use, did not instruct others to use, and I am not aware of anyone from Samsung using, for any reason, information about the terms of any Apple license agreement with Nokia or any other company obtained from any version of the Teece report that I received or distributed."); Dkt. 2807-9 ¶ 6 (declaration of Seongwoo Kim denying that the documents at Tab 222 reflected any use of confidential information from the Teece report in negotiations with Nokia); Dkt. 2807-1 ¶ 6 (declaration of Alex Baxter publicly and selectively revealing portions of Tab 20).)

Waiver occurred when Samsung and its employees selectively disclosed certain content of these documents—including representations about what the documents supposedly disclose and do not disclose—while concealing other portions under the guise of privilege. *See Hawkins v. Stables*, 148 F.3d 379, 384 (4th Cir. 1998) (finding privilege over communication waived where client denied any conversation occurred); *United States v. Pinho*, No. 02-814, 2003 WL 25772423, at *4 (E.D. Pa. Jul. 8, 2003) (same); *In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 470 (S.D.N.Y. 1996) (finding waiver where holder "makes factual assertions the truth of which can only be assessed by examination of the privileged communication"); Fed. R. Civ. P. 26(b)(5)(A) (providing parties must justify privilege claims "in a manner that, ***without revealing information itself privileged or protected***, will enable other parties to assess the claim" (emphasis added)); *see also Tennebaum v. Deloitte & Touche*, 77 F.3d 337, 340-41 (9th Cir. 1996) (noting that a waiver inquiry "is rooted in notions of fundamental fairness" and the primary purpose of the waiver doctrine is "to protect against the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the

1  cause while claiming the shelter of the privilege to avoid disclosing those that are less
2  favorable"); *Chevron Corp. v. Penzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (explaining
3  parties cannot use privilege as both a sword and a shield).

4  ***Third***, Samsung also cannot claim privilege over the Waiver Documents (or its other
5  withheld documents) because it failed to meet its threshold burden to demonstrate that the
6  documents are protected by privilege in the first instance. *See Weil v. Inv./Indicators, Research &
7  Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981) (burden of proving privilege rests with the party
8  asserting it).  During the sanctions proceedings, Samsung submitted declarations from only
9  sixteen employees—even though **hundreds** of Samsung employees and lawyers received the
10 documents over which Samsung asserts privilege (including, for example, thirty-three recipients
11 alone for the document at Tab 6), and Judge Grewal found that "[t]he Teece Report went to
12 hundreds of people who were in no way involved in the Apple litigation." (Dkt. 2935 at 14.) By
13 failing to secure declarations from these many other individuals, along with an explanation as to
14 their role in this litigation, Samsung failed to substantiate its privilege claim.  *See, e.g.*, *Barton v.
15 Zimmer Inc.*, No. 06-cv-208, 2008 WL 80647, at *4 (N.D. Ind. Jan. 7, 2008) (no privilege "if the
16 communication is shared with *any* corporate employee who is not directly concerned with or did
17 not have primary responsibility for the subject matter of the communication" (emphasis added)
18 (internal quotations omitted)); *Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609,
19 633 (M.D. Pa. 1997) (privilege waived when "communications are relayed to those who do not
20 need the information to carry out their work or make effective decisions on the part of the
21 company").

22 ***Finally***, the crime-fraud exception also prevents Samsung from asserting privilege over
23 the Waiver Documents and the other documents that it has withheld on privilege grounds.  It is
24 now undisputed that Samsung violated the Protective Order governing this litigation ***hundreds of
25 times*** between March 2012 and August 2013—by providing Apple's confidential license
26 information to **hundreds** of Samsung employees and lawyers not entitled to receive that
27 information under the Protective Order, and by repeatedly failing to provide Apple with notice of
28 known breaches based on a "misplaced" hope that the problem would just "go away." (Dkt. 2935

at 13-17.) As Judge Grewal concluded, a "1 lawyer deep" structure at Quinn Emanuel and "share-and-share-alike" system within Samsung made these "significant" Protective Order violations a "predictable," "conscious," "strategic," and "blameworthy" result of a "willful failure to institute safeguards." (*Id.* at 1, 13-16.)[1]

In his Sanctions Order, Judge Grewal pointed to documents that Samsung had withheld as privileged (including the Waiver Documents) as supporting his finding that Samsung and Quinn Emanuel had violated the Protective Order on a massive scale. The crime-fraud exception bars Samsung from maintaining a claim of privilege over the very documents showing that Samsung and its lawyers embarked on a "conscious," "strategic," and "willful" path that resulted in hundreds of "blameworthy" violations of this Court's Protective Order. *See In re Icenhower*, __ F.3d __, No. 12-56418, 2014 WL 2883884, at *9 (9th Cir. Jun. 26, 2014) (holding crime-fraud exception applies where an attorney and client engage in communications that are "sufficiently related to" or "in furtherance" of an unlawful act (internal quotations omitted)); *cf.*, *e.g.*, *Smith v. Wade*, 461 U.S. 30, 42 n.10 (1983) (holding reckless indifference is equivalent to intent for purposes of punitive awards).[2]

For the foregoing reasons, Apple respectfully requests that the Court deny Samsung's motion and order Samsung to produce all of the documents cited in Judge Grewal's January 29, 2014 Sanctions Order, as well as all other documents that Samsung has continued to withhold improperly on privilege grounds.

---

[1] Violations of a protective order are a form of law breaking, and communications giving rise to those violations fall within the crime-fraud exception (otherwise, counsel could transfer protected information to clients with impunity, confident that an assertion of privilege would conceal the misconduct). *See, e.g.*, *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 337 F. Supp. 2d 862, 868 (N.D. Tex. 2004), *rev'd on other grounds*, 476 F.3d 278 (5th Cir. 2007).

[2] Apple raised the waiver, failure to establish privilege, and crime-fraud exception arguments set forth above during the sanctions proceedings, but Judge Grewal did not address them in his final order.

Dated: July 22, 2014

WILMER CUTLER PICKERING
HALE AND DORR LLP


By: */s/ Mark D. Selwyn*
       MARK D. SELWYN

       Attorneys for Plaintiff
       APPLE INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on July 22, 2014, to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

*/s/ Mark D. Selwyn*
Mark D. Selwyn