| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| ERIK J. OLSON (CA SBN 175815) | Telephone: (617) 526-6000 |
| ejolson@mofo.com | Facsimile: (617) 526-5000 |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | MARK D. SELWYN (SBN 244180) |
| San Francisco, California 94105-2482 | mark.selwyn@wilmerhale.com |
| Telephone: (415) 268-7000 | WILMER CUTLER PICKERING |
| Facsimile: (415) 268-7522 | HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| Attorneys for Plaintiff and | Telephone: (650) 858-6000 |
| Counterclaim-Defendant APPLE INC. | Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
| Plaintiff, | **APPLE'S RESPONSE TO SAMSUNG'S PROPOSAL REGARDING ADDITIONAL SUBMISSIONS IN SUPPORT OF MOTION TO ENFORCE PRELIMINARY INJUNCTION BOND** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

At the July 17, 2014 hearing, the Court gave Samsung an opportunity to try again to describe specific information that it could offer to justify its claim to recover damages under the preliminary injunction bond. Samsung has utterly failed to do so. Instead, Samsung provides a vague, one-sentence description of three declarations it proposes to submit. (Dkt. 3157 at 2:11-19.) Samsung does not offer to provide anything that will alter the facts already considered by the Court. For instance, Samsung does not suggest it will present any facts to demonstrate that, but for the injunction, Samsung would have used the components listed in the Hyun declaration to manufacture new units of the Galaxy Tab 10.1 LTE.

Nor could it. The record is already clear that Samsung had decided, several months before the injunction, to shut down manufacturing of the Galaxy Tab 10.1. For example, in opposing Apple's post-trial motion for permanent injunction of the infringing Galaxy Tab 10.1 (WiFi), Samsung submitted declarations from SEC and STA employees averring that the company had "discontinued production of Galaxy Tab 10.1 (WiFi) . . . for sale in the United States *in December 2011*" and had "last sold the Galaxy Tab 10.1 (WiFi) (Model No. GT-P7510) *on April 26, 2012*." (*See* Declaration of Hee-Chan Choi in Support of Samsung's Opposition to Apple's Motion for a Permanent Injunction (Dkt. 2055 at ¶ 9 (emphasis added)); Declaration of Corey Kerstetter in Support of Samsung's Opposition to Apple's Motion for a Permanent Injunction (Dkt. 2060 at ¶ 12 (emphasis added)).)[1] Samsung's production shutdown coincided with Samsung's release of the successor Galaxy Tab 2 in April 2012 and Samsung's subsequent pronouncements in June 2012, both to the public and this Court, that the injunction to the Tab 10.1 would have "no impact" because of the availability of the newer Tab 2. (Dkt. 1171 at 11, citing Dkt. 1147-3 at 11 (Samsung stating on June 27, 2012 that "sales of the accused Galaxy Tab 10.1 will soon fall to zero."); *see also* Dkt. 1315 at 11.)

All the evidence in the record consistently points to a business decision by Samsung to

---

[1] Although only the WiFi version of the Tab 10.1 was specifically discussed in these declarations, Samsung has not suggested or provided evidence that it had different production plans for the cellular version. For example, when it announced that the preliminary injunction would have "no impact" on sales, Samsung did not distinguish between the cellular and WiFi versions of the Tab 10.1. (*See*, *e.g.*, Dkt. 1171 at 11.)

1  cease production of the Tab 10.1 in favor of the successor Tab 2 many months before the
2  preliminary injunction had issued.  None of the declarations proposed by Samsung purports to
3  wind back those prior representations to the Court or otherwise establish that, but for the
4  injunction, Samsung would have re-started production of new Tab 10.1 devices (so that it would
5  have used the stockpiled parts) many months after it had been phased out.  As that would be the
6  only way that Samsung could show that it suffered damages from the injunction based on unused
7  parts, Samsung's proposed submissions are futile.
8       In short, it appears that Samsung intends to repeat the same facts and the same arguments
9  that the Court already considered and found inadequate to justify any recovery under the bond.
10 The Court gave Samsung a second chance to offer something new.  It failed to do so.  The Court
11 should deny Samsung's motion to recover under the bond now rather than force further
12 expenditure of resources on this issue.
13      The Court need not hold an evidentiary hearing before denying Samsung's request.  As an
14 initial matter, Samsung does not even seek such a hearing.  (Dkt. 3157 at 2:26-27 ("Samsung
15 believes the Court can then decide the motion on the papers after oral argument and that
16 discovery and an evidentiary hearing is unnecessary.").)  Nor is Samsung entitled to one under
17 *Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994).  Indeed, to
18 even earn a rebuttable presumption that it is entitled to recover damages against the preliminary
19 injunction bond, Samsung must show that (i) it was wrongfully enjoined *and* (ii) that it has
20 incurred *provable* damages as a result of the injunction.  Samsung must show *both* before any
21 presumption is applied.  As the court explained in *Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553
22 (2d Cir. 2011), only *after* Samsung makes this dual showing, does the burden shift to Apple to
23 come forward with reasons that the bond should not be executed:

> The presumption applies to 'provable' damages.  Thus, the wrongfully enjoined party *must first* demonstrate that the damages sought were proximately caused by the wrongful injunction.  The wrongfully enjoined party must also properly substantiate the damages sought. . . . ***Once the party seeking recovery adequately establishes its damages***, it is entitled to a presumption in favor of recovery.

28 *Id.* at 559 (citing, *inter alia*, *Nintendo*, 16 F.3d at 1036 (emphasis added and internal citations

1  omitted)).

2  Accordingly, no presumption of recovery is even triggered until after Samsung properly
3  substantiates that it has "provable" damages.  *Nokia*, 645 F.3d at 559; *Nintendo*, 16 F.3d at 1036.
4  Samsung has the burden of proving its damages by a preponderance of the evidence to a
5  reasonable degree of certainty.  *See id* at 1038 (enjoined party "established with reasonable
6  certainty that it was damaged by the issuance of the injunction.").  As the Court correctly
7  recognized at the hearing, Samsung has not made such a showing.  (July 17, 2014 Hearing Tr. at
8  18:10-13.)  The additional material proffered by Samsung will not cure its deficiency as they do
9  not even purport to address the threshold issue raised by Samsung's damages claim, *i.e.*, that
10 Samsung had already shutdown production of new Tab 10.1 units several months before the
11 injunction had issued.  Samsung's failure of proof should end the matter in Apple's favor.

12 Nonetheless, should the Court permit Samsung to submit additional declarations from Mr.
13 Hyun, Mr. Wagner, and the unidentified STA employee, then Apple should be permitted an
14 opportunity to test the accuracy of those declarations by examining those individuals at
15 deposition.  In addition, Apple would request (1) depositions of Messrs. Choi and Kerstetter, who
16 previously averred that the company was shutting down production of the Tab 10.1 (WiFi), and
17 the Samsung representatives who announced on June 27, 2012 that the preliminary injunction
18 would have "no impact," and (2) five interrogatories, ten requests for production of documents,
19 and ten requests for admission, with responses due on an expedited basis.  Apple would also
20 request an evidentiary hearing and, if necessary, further briefing post-hearing.

21 Finally, nothing in Samsung's submission suggests that mediation is appropriate.  **First**,
22 Samsung was not wrongfully enjoined.  The jury verdict and the Court's rulings on Samsung's
23 JMOL motions establish that Samsung did not have "the right all along to do what it was enjoined
24 from doing," *Nintendo*, 16 F.3d at 1036, because the Tab 10.1 (WiFi) infringed three Apple
25 patents and Samsung had no right to sell the product without a license from Apple.  It would be
26 backwards if Apple had to pay damages to Samsung under the preliminary injunction bond given
27 Apple "prevailed in the underlying litigation," *id.*, and the preliminary injunction properly barred
28 Samsung from selling infringing products.  *See Newspaper & Periodical Drivers' & Helpers'*

1 *Union, Local 921 v. San Francisco Newspaper Agency*, 89 F.3d 629, 634 (9th Cir. 1996) (the outcome of the underlying basis for the injunction "does not, in and of itself, prove that the . . . injunction was wrongful"). **Second**, for it to have any damages Samsung must at the very least be able to show that it would have used the stockpiled parts to make new Tab 10.1 units, but could not do so because of the injunction. As explained above and in Apple's prior submission, however, the record already establishes that Samsung had no such intention. Samsung's proffer and statements at the hearing make clear that Samsung does not contend otherwise. Samsung has provided no valid reason that Apple should need to compensate Samsung for its own poor planning that left it with unused components for a discontinued product. Under these circumstances, mediation would not be productive.

Apple respectfully requests that the Court deny Samsung's motion to enforce.

Dated: July 22, 2014

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: */s/ Mark D. Selwyn*
     MARK D. SELWYN

Attorneys for Plaintiff
APPLE INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on July 22, 2014, to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

*/s/ Mark D. Selwyn*
Mark D. Selwyn