RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303-2282
Telephone:     650-838-2000
Facsimile:      650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (*pro hac vice*)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:     404-881-7000
Facsimile:      404-881-7777

Attorneys for NOKIA CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 5:11-CV-01846-LHK (PSG)<br><br>**NOKIA'S OPPOSITION TO SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (RE: DOCKET NO. 3117), ORDER SETTING REASONABLE ATTORNEY'S FEES AND COSTS** |

# TABLE OF CONTENTS

**Page(s)**

I.   INTRODUCTION ............................................................................................................1

II.  FACTUAL BACKGROUND ..........................................................................................1

   A.   Samsung's and Quinn Emanuel's Position on Wrongdoing Evolved with the Evidence ...............................................................................1

   B.   The Magistrate Judge Issued Clear Rulings on Necessity of the Proceedings and Who Prevailed .........................................................................3

III. STANDARD OF REVIEW .............................................................................................4

IV.  ARGUMENT ...................................................................................................................4

   A.   Rule 37(b) Compels the Denial of Samsung's Motion for Relief .......................5

        1.   Nokia's efforts were necessary to uncover the truth behind the violations. ..........................................................................................5

        2.   Samsung caused a substantial portion of Nokia's expenses. ...................6

        3.   Each of Nokia's individual briefs was necessary. ...................................7

        4.   Samsung's own statements show why Nokia's expenses were necessary. ........................................................................................8

   B.   *Hensley* Compels the Denial of Samsung's Motion for Relief...........................9

   C.   Samsung's Selective, Motion-by-Motion Criticism of Nokia's Briefing Fails .......................................................................................................11

V.   CONCLUSION...............................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Falstaff Brewing Corp. v. Miller Brewing Co.*,
 702 F.2d 770 (9th Cir. 1983) ........................................................................................................9

*Go-Video v. Motion Picture Ass'n of Am. (In re Dual-Deck Video Cassette Recorder Antitrust Litig.)*,
 10 F.3d 693 (9th Cir. 1993) ...................................................................................................10, 11

*Hensley v. Eckerhart*,
 461 U.S. 424 (1983) ...........................................................................................................9, 10, 11

*Keithley v. Homestore.Com Inc.*,
 2009 WL 55953 (N.D. Cal. Jan. 7, 2009) ....................................................................................10

*LifeScan Scot., LTD v. Shasta Techs., LLC*,
 2013 WL 5949629 (N.D. Cal. Nov. 6, 2013) ........................................................................10, 11

*Lira v. Cate*,
 2010 WL 727979 (N.D. Ca. Feb. 26, 2010) .................................................................................11

*Sorenson v. Mink*,
 239 F.3d 1140 (9th Cir. 2001) ...............................................................................................10, 11

*Thai-Lao Lignite (Thail.) Co. v. Gov't of the Lao People's Democratic Republic*,
 2012 WL 5816878 (S.D.N.Y. Nov. 14, 2012) .............................................................................10

*Toth v. Trans World Airlines, Inc.*,
 862 F.2d 1381 (9th Cir. 1988) ...............................................................................................10, 11

**FEDERAL STATUTES**

28 U.S.C. § 636(b)(1)(A) ....................................................................................................................4

42 U.S.C. § 1988 .................................................................................................................................9

**RULES**

Federal Rule of Civil Procedure 37(b) ........................................................................................ Passim

## I.    INTRODUCTION

Samsung and Quinn Emanuel lost. So says the Court that heard the matter. Despite Samsung and Quinn Emanuel's claims to contrary, the factual record establishes that they violated the Protective Order in this case, they were sanctioned for that conduct, and the Court properly awarded fees to Nokia. Both Supreme Court precedent and Ninth Circuit law support the fee award in total to Nokia.

## II.   FACTUAL BACKGROUND

It is important to remember the context in which this fee award arises. Nokia learned of Samsung's possession of its confidential business information ("CBI") during negotiations between Samsung and Nokia executives in June 2013 when a Samsung executive recited certain terms of the Nokia-Apple license agreement (Dkt. No. 2483 at 3). During the same time period, Samsung and its counsel asked for further discovery of Nokia's CBI in the context of its pending action with Apple (Case No. 5:12-cv-00630-LHK ("630") Dkt. No. 647 (Stevens Decl., ¶¶ 12-17)). Believing that Samsung had already had inappropriate access to Nokia's CBI, Nokia filed for a protective order to prevent further discovery and dissemination of Nokia's CBI (630 Dkt. No. 647). Shortly thereafter, Samsung's counsel, Quinn Emanuel, acknowledged that they had in fact disseminated Nokia's CBI to Samsung in-house personnel, as well as to other third parties, and agreed to a process to uncover the extent of the improper disclosures (630 Dkt. No. 742). Later, after Quinn Emanuel and Samsung finally informed Apple that terms of the Nokia-Apple license had been sent to Samsung personnel and others, Apple moved for sanctions (Dkt. No. 2435). Nokia joined Apple's motion to preserve its ability to participate in discovery (Dkt. No. 2434). The Motion for Sanctions was then litigated extensively, which identified hundreds of disclosures of Nokia confidential business information by Quinn Emanuel and Samsung (Dkt. No. 2935). Judge Grewal sanctioned Samsung and Quinn Emanuel (*Id.*). Judge Grewal also awarded attorneys' fees and costs to Nokia and Apple under Fed. R. Civ. P. 37(b) (Dkt. No. 3117).

### A.    Samsung's and Quinn Emanuel's Position on Wrongdoing Evolved with the Evidence

The existence of even a single Protective Order violation has been thoroughly contested by Samsung since Nokia's initial filing. Contrary to Samsung's and Quinn Emanuel's representations in

1  Samsung's Motion for Relief (Dkt. No. 3134 at 5), collection of the information necessary to

2  determine not only the existence of those violations, but also the scope and harm incurred, took several

3  months and was not complete by late August as Samsung alleges. In fact, on October 1, 2013,

4  Samsung and Quinn Emanuel were still maintaining they did nothing wrong. More precisely, they

5  even denied that the Protective Order had been violated.

```
Court:          So there's no dispute the Protective Order was violated, correct?
Ms. Estrich:    Yes, I think there is a dispute.
Court:          How could it not be a violation of this Court's order to disclose that information
                throughout Samsung?
Ms. Estrich:    Because the Protective Order, I don't want to get technical here but the
                Protective Order.
Court:          I don't think my question is terribly technical.
Ms. Estrich:    The Protective Order contemplates that there may be inadvertent disclosures in
                virtually every case of this size. Mistakes are made.

****
Court:          Why is the – Can we at least acknowledge this was a violation of the 1846
                Order? Can we at least agree on that?
Ms. Estrich:    I certainly can agree that there were inadvertent disclosures here.
Court:          But you are not willing to concede there was even one violation of the Court's
                Protective Order when Quinn Emanuel sent copies of protected information to
                dozens and dozens of individuals around the world?
Ms. Estrich:    That's why I said I don't want to get technical here.
```

(Dkt. No. 2485 at 30:11-23; 31:13-23).

By late October, following additional discovery, including depositions of Samsung witnesses and multiple motions filed by all parties involved, the fact that the Protective Order had been violated was increasingly clear. Even John Quinn was willing to offer a qualified admission: "If an inadvertent disclosure is a violation, we violated it. We violated it. It was inadvertent." (Dkt. No. 2581 at 45:21-22). Even with that quasi-admission, however, Mr. Quinn was unwilling to concede that Samsung or Quinn Emanuel should have disclosed the violation to Apple (one of the eventual reasons for sanctions) (*Id.* at 59:25-60:3) ("Mr. Quinn: Should we have gone through the provisions of the Protective Order that say give notice to everybody, you know, I think reasonable people could differ as to whether you make a big issue out of that.").

Samsung's and Quinn Emanuel's halfhearted admissions and invocations of privilege left both Nokia and Magistrate Judge Grewal uncertain of exactly what had happened. Judge Grewal remarked in the same October 22 hearing, "Here is what we are going to do. I am not yet satisfied that sanctions

1  are warranted in this matter.  I'm also not yet satisfied that I have the information I need to make in
2  [sic] order to make a decision regarding the request." (*Id.* at 89:20-25).  Judge Grewal then ordered
3  Quinn Emanuel to immediately submit *in camera* its allegedly privileged documents (*Id.* at 90).

What Judge Grewal found in his review of those documents provided, at least in part, the basis for his Order to Show Cause, in which he found preliminary evidence that Samsung and Quinn Emanuel had violated the Protective Order through mass dissemination of Nokia confidential information and failure to disclose the violations to Apple.

It would take three more months, further briefing and additional discovery before Samsung and Quinn Emanuel finally offered an unqualified admission that they had violated the Protective Order and that attorneys' fees were warranted (Dkt. No. 3027 at 17:7-11) ("Your honor, there are – I mean, we acknowledge, and I believe that we've acknowledged in previous filings even before the briefing that led up to this hearing, that there's a basis for an award of attorneys' fees here.  We violated the Protective Order.").  Finally, on April 1, 2014, Samsung and Quinn Emanuel said they would no longer directly contest the substance of underlying Order Granting Sanctions (Dkt. No. 3075 at 17:16-19).  If Samsung had admitted their culpability in August rather than in April, then much of Nokia's briefing Samsung now claims as "unnecessary" could have been avoided.

### B.  The Magistrate Judge Issued Clear Rulings on Necessity of the Proceedings and Who Prevailed

Judge Grewal was unequivocal in his findings about the necessity of the discovery, motion practice, and substantive briefing to determine the existence and scope of Samsung's and Quinn Emanuel's Protective Order violations.  In response to Quinn Emanuel's and Samsung's argument that they had produced all of the relevant materials very early in the proceedings, he wrote:

> After all, QE points out, the material relied on to seek sanctions was "voluntarily provided or offered in August, requiring no litigation, and Samsung stipulated to remedial measures on August 18."  However, as the court noted in October, the proposed remedial measures were "insufficient," as was Samsung's progress toward implementing them.  The court, not Apple or Nokia, concluded that "letting Samsung and its counsel investigate this situation without any court supervision [was] unlikely to produce satisfactory results," and on that basis, the court ordered the discovery that QE now argues was "not needed."  Apple and Nokia can hardly be faulted for complying with a court order.

(Dkt. No. 3117 at 5-6).  As to the claim that Nokia's and Apple's fee award should be reduced because they did not win, Judge Grewal wrote:

> QE further asks the court to reduce the fee award [] because "Apple and Nokia did not succeed on many claims." That is simply incorrect. . . . Though the court was ultimately "unpersuaded" that Samsung had misused the inadvertently disclosed information, it took the full scope of the discovery tendered to reach that conclusion. This was not a case where the parties tested a wild legal theory, or pushed the bounds of a subjective standard in seeking sanctions. . . . Apple and Nokia succeeded on most of their claims, and the court declines to reduce its fee award to indicate anything less.

(*Id.*) Samsung presents the same arguments to this Court—that the Court should reduce Nokia's award due to its "limited success" and "unnecessary work" (Dkt. No. 3134 at 1). But Nokia's work—often pursuant to Court order, and more often the result of Samsung's obstructionist litigation or discovery tactics—was necessary to establish even the basic facts of Samsung's Protective Order violations. And Nokia succeeded on its claims. Samsung's motion for relief should be denied.

## III.    STANDARD OF REVIEW

This Court "may reconsider any pretrial matter . . . where it has been shown that the [M]agistrate [J]udge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As this Court has recognized, a Judge may not simply substitute his or her own judgment for that of the Magistrate Judge, but must only find a ruling clearly erroneous where a District Judge is left with a definite and firm conviction that a mistake has been committed (Dkt. No. 2538 at 3) (citations and quotation marks omitted).

## IV.    ARGUMENT

Samsung and Quinn Emanuel present two arguments in favor of their motion for relief from Judge Grewal's fee order: (i) that Nokia's "limited success" in the proceedings and (ii) the "unnecessary work they performed" compel a reduction of Nokia's fee award (Dkt. No. 3134 at 1). Meanwhile, Samsung has understandably abandoned the argument they made to Judge Grewal that Nokia's fee documentation provided to Judge Grewal was insufficient to support Judge Grewal's fee award (*See* Dkt. No. 3117 at 7). They have abandoned, too, the argument that Nokia's entry-by-entry fee application should be reduced due to its insufficient detail (*See, id.*). And they have abandoned any direct appeal to the substance of the underlying Sanctions Order (Dkt. No. 3134); (Dkt. No. 3075 at 17:16-19) ("We are not going to appeal the underlying order").

Samsung's request to this Court to reduce Nokia's fees due to Nokia's alleged "limited success" asks this Court to find that Judge Grewal—who presided over the course of this discovery

dispute—was clearly erroneous when he decided who "won" in his Courtroom (Dkt. No. 3117 at 5) ("Nokia succeeded on most of [its] claims."). Samsung's request that this Court deem Nokia's work unnecessary asks this Court to find that Judge Grewal's court-ordered process for getting to the bottom of Samsung's Protective Order violations was unnecessary (*Id.*) ("Nokia can hardly be faulted for complying with a court order."). This Court should decline to do either, and should deny Samsung's motion for relief.

### A. Rule 37(b) Compels the Denial of Samsung's Motion for Relief

Federal Rule of Civil Procedure 37(b)(2)(C) provides, where a party disobeys a court order, "the court must order the disobedient party, the attorneys advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Samsung argues that Nokia's fees were "unnecessary," and thus not caused by Samsung's Protective Order violations (Dkt. No. 3134 at 5) under Rule 37(b). This is wrong. Nokia, a non-party to the Apple-Samsung litigation, was entitled to know what was done with the confidential information it supplied subject to the protections of this Court. More often than not, Samsung's litigation strategy of obstructing meaningful discovery and withholding unprivileged documents *caused* Nokia to expend more energy and time on this dispute. The award of Nokia's fees should be affirmed.

#### 1. Nokia's efforts were necessary to uncover the truth behind the violations.

First, it took all the briefing and discovery that Samsung now challenges as unnecessary to discover even the basic facts behind Samsung's Protective Order violation. Samsung argues that all of Nokia's work after August 23, 2013 was unnecessary, but as of late August, Samsung had disclosed very little information to either Nokia or Judge Grewal about its Protective Order violations. As Judge Grewal explained on October 2: "Counsel [for Samsung] [denies] the need for any formal discovery into the matter, even though three months after the breach was brought to its counsel's attention, Samsung is unable to provide evidence on even the most basic questions, such as: who has now had access to the confidential licensing information? For what purpose? When? Where? How?" (Dkt. No. 2483 at 3-4). Samsung, "despite acknowledging that many dozens of individuals at Samsung and

its counsel have knowledge of confidential license terms they had no right to access," even maintained that no violation of the Protective Order had occurred (*Id.* at 3). As Judge Grewal acknowledged and ordered, more discovery was necessary to get to the bottom of the Protective Order violations. This Court affirmed Judge Grewal's conclusion (Dkt. No. 2538 at 8) (finding that Judge Grewal's order was a "highly appropriate and necessary mechanism for determining answers to basic questions that Samsung has been unable to provide.").

Three weeks later Judge Grewal—perhaps recognizing that Nokia had received little helpful discovery from either Samsung's productions or its depositions, and suspicious of Samsung's far-reaching claims of privilege—ordered Samsung to produce its almost completely redacted productions unredacted to the Court for *in camera* review (Dkt. No. 2587). Two weeks later, and despite Nokia's persistent efforts to discover the basic "when," "where," and "how" of Samsung's unauthorized disclosures, little had changed. On November 8, 2013, Judge Grewal wrote: "Even after this exhaustive process, the court still does not have a complete picture of the events giving rise to this procedural flurry." (Dkt. No. 2689 at 3). This "procedural flurry" was Samsung's fault.

On January 29, 2014, when the Court granted sanctions against Samsung and Quinn Emanuel, it was only after the review of over 20,000 pages of documentary evidence, as well as over 5,500 pages of declarations (Dkt. No. 2935 at 3 n.12).[1] Samsung's proposition that it had provided all of the information Nokia (much less Judge Grewal) needed to understand the scope of Samsung's Protective Order violations voluntarily by August 23 is contrary to the factual findings of this Court (Dkt. No. 2538), Judge Grewal's investigation (Dkt. No. 2689 at 3), and Samsung's own admissions at that time. Indeed, three separate counsel for Samsung admitted as much at the hearing on October 1, 2013, emphasizing that its internal investigation into the scope of Samsung's Protective Order violations was "ongoing" (Dkt. No. 2485 at 39:23-24; 48:14-23-24; 62:19-63:5).

### 2. Samsung caused a substantial portion of Nokia's expenses.

Second, Nokia's full litigation efforts over several months *resulted from* Samsung's obstructing

---

[1] If Judge Grewal needed this amount of information to determine the facts underlying Samsung's violations, it is unreasonable to assert that Nokia should be satisfied with less given that it was Nokia's own information permeating through its competitor's business.

at every turn attempts by Nokia and the Court to uncover relevant information. When Samsung provided discovery in response to Judge Grewal's October 2, 2013 Order, the emails Nokia received—and in many cases, the subject lines of those emails—were completely redacted (*See* Dkt. Nos. 2558-3 at 7; 2557-23). When Samsung presented its employees for deposition, its witnesses were not prepared to discuss crucial information—including whether Samsung employees used Nokia's confidential information (Dkt. No. 2558-3 at 7-8). During the depositions, counsel for Samsung obstructed Nokia's investigation by speaking nearly as much as the witnesses themselves (*Id.*). Counsel for Samsung even asked counsel for Nokia to leave the deposition room on several occasions (Dkt. Nos. 2557-9 at 64:17-25; 202:10; 2557-8 52:8-18; 102:17-23), despite the fact that Judge Grewal had allowed Nokia full access to those depositions (Dkt. No. 2483 at 5). Samsung later improperly submitted a legal brief *in camera*, necessitating briefing by Nokia at the Court's request simply to view its opponent's argument to Judge Grewal (Dkt. No. 2790 at 2-3) (Judge Grewal explained that he "never granted Samsung the authority to keep any argument to the court beyond the reach of the other parties . . . [and] explicitly cautioned Samsung that it would not tolerate further undue efforts to deny Apple and Nokia's outside counsel access to the evidence at the center of this dispute.").

### 3. Each of Nokia's individual briefs was necessary.

Despite the fact that Samsung's obstruction forced Nokia's substantial litigation efforts to discover the basic facts underlying Samsung's Protective Order violations, Samsung now complains that Nokia unilaterally "embarked on a barrage of discovery and briefing." (Dkt. No. 3134 at 3). In reality, Samsung provided Nokia little discovery of substance, and that briefing—nearly all of which was pursuant to Court order, and often spurred by actions by Samsung—was necessary to get to the truth of Samsung's Protective Order violations. Nokia's major filings for which it sought fees included:

- *August 18, 2013*: Samsung filed the Stipulated Order—a result of Nokia's efforts to resolve this dispute without litigation (630 Dkt. No. 742);

- *September 23, 2013*: As a result of Samsung's insufficient efforts toward implementing the Stipulated Order (Dkt. No. 3117 at 5), Nokia joined Apple's motion for discovery and sanctions (Dkt. No. 2435);

- *October 9, 2013*: After Judge Grewal ordered the above-mentioned discovery, Samsung appealed several elements of that Order. Nokia thus filed a brief opposing Samsung's motion for relief, and this Court denied Samsung's motion for relief (Dkt. Nos. 2500; 2503; 2538);

- *October 21, 20*13: Nokia filed its memorandum on Samsung's Protective Order violations—pursuant to Judge Grewal's October 2 Order—explaining Nokia's lack of progress acquiring meaningful information from Samsung. Nokia's memorandum was ultimately vindicated when Judge Grewal granted sanctions against Samsung (Dkt. Nos. 2558; 2935);

- *November 1, 2013*: Nokia opposed Samsung's proposed depositions of Nokia's employees—a proposal only necessitated by Samsung's refusal to provide the information underlying its own violations of the Protective Order (Dkt. No. 2622);

- *November 18, 2013*: Samsung's improper submission of *in camera* privilege arguments caused Nokia to file a motion to strike (Dkt. No. 2780), which resulted in Judge Grewal's ordering Samsung to file a public version of and allowing Nokia to respond to Samsung's privilege claims (Dkt No. 2790 at 2-3) (reminding Samsung that "broad assertions of plainly unprotected information will not be tolerated.");

- *November 21, 2013*: In response to Samsung's "seemingly unwarranted" privilege arguments (Dkt. No. 2689 at 4 n.16), and the above court order, Nokia filed a brief on privilege (Dkt. No. 2824). This briefing was not "lost" by Nokia, as Samsung contends (Dkt. No. 3134 at 3), but has not yet been ruled on; and

- *December 2, 13, 2013*: Nokia filed its briefing in support of sanctions, which Judge Grewal vindicated when he awarded Sanctions on January 29, 2014 (Dkt. Nos. 2836; 2872; 2934).

### 4. Samsung's own statements show why Nokia's expenses were necessary.

During this extensive briefing, discovery, and litigation, Samsung's position on Protective Order violations evolved. Where in early October Samsung denied even the existence of Protective Order violations, by February they admitted to the appropriateness of an award of attorneys' fees pursuant to those violations (*See* Factual Background above). And, over several rounds of briefing spanning months, Judge Grewal was able to glean enough information from Samsung to establish that they did violate the Protective Order and that sanctions were appropriate. These evolutions were not the result of the mere passage of time. Judge Grewal's discovery processes and briefing schedules—pursuant to which Nokia invested substantial resources in trying to discover the full scope of Samsung's possession of its confidential information—unearthed some of the facts behind Samsung's violations and forced Samsung to recognize its Protective Order violations. Thus, Samsung's recalcitrance forced the Court, and with it Nokia, to probe further through discovery, motions, briefings, and hearings to determine, based on the information available, the extent of Samsung's misconduct. Samsung finally admitted to Protective Order violations only as a result of the Court's inquiries and Nokia's litigation efforts with it, and Samsung cannot now protest that its admission in April precludes the work Nokia expended to obtain that admission from August through April.

Nokia's fees were the necessary result of following Court orders, attempting to understand the

basic facts and incomplete information available underlying Samsung's widespread Protective Order violations, and of Samsung's obstructionist litigation strategy. Judge Grewal's fee award should be affirmed.

    **B.**  *Hensley* **Compels the Denial of Samsung's Motion for Relief**

  Samsung argues that "Nokia's overzealous pursuit of sanctions was unsuccessful" and that the Court should reduce its fee award accordingly (Dkt. No. 3134 at 5). Samsung cites *Hensley v. Eckerhart*, 461 U.S. 424 (1983) for the proposition that Nokia's award should be reduced, noting that, in some contexts, the Supreme Court has favored reducing a party's attorneys' fee award due to their "limited success." Samsung's contention that *Hensley* compels a reduction of Nokia's fee here, however, misconstrues the case law and disregards the record.

  *Hensley* involved an award of fees under 42 U.S.C. § 1988. *Hensley*, 461 U.S., at 426. Section 1988 provided that in federal civil rights actions, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." *Id.* Rule 37(b) is not so limited. First, the court *must* order a sanctioned party, its attorney or both to pay expenses caused by their failure to obey a court order. Fed. R. Civ. P. 37(b)(2)(C). Second, the award does not facially hinge on whether the moving party "prevailed," but on whether the offending party is found to have disobeyed a court order. *Id*., at (b)(2)(A); *see also Falstaff Brewing Corp. v. Miller Brewing Co*., 702 F.2d 770, 783 (9th Cir. 1983) (Rule 37(b) sanctions can serve "remedial and compensatory purposes or punitive and deterrent purposes."). The distinction need not be explored at length here because Nokia did in fact prevail on its claims (Dkt. No. 3117 at 6). Under either rubric, Nokia is entitled to its fee award.

  "Nokia succeeded on most of [its] claims." (Dkt. No. 3117 at 6). Yet Samsung asks the Court to reduce Nokia's fee award based on case law reducing fee awards where a party did not succeed on most of its claims (Dkt. No. 3134 at 4-5). Even if *Hensley* applies, it is clear that no reduction is appropriate here: "the fee award should not be reduced simply because [a party] failed to prevail on every contention raised in the [litigation] . . . Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of *or failure to reach* certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Hensley* 461 U.S., at 435 (1983) (emphasis added). The result here was a finding that Samsung violated the Court's Protective Order hundreds of

NOKIA'S OPPOSITION TO SAMSUNG'S MOTION FOR RELIEF  9  CASE NO.: 5:11-CV-01846-LHK (PSG)
FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE
JUDGE

1 times over at least seventeen months and that sanctions were warranted (Dkt. No. 3117 at 5-6).[2]

2 None of Samsung's other cited cases actually supports its position.  *Keithley* involved an award of fees for a motion to compel that was granted in part *and denied in part*.  *Keithley v. Homestore.Com Inc.,* 2009 WL 55953 (N.D. Cal. Jan. 7, 2009).  In *Keithley*, the court reduced a party's award because certain fees *were not caused* by a party's late production of documents—for example, because that party would have had to review certain documents at some point in the litigation regardless of their late production.  *Id*., at *6, *9-10.  In contrast, Nokia would not have incurred any of its expenses absent Samsung's Rule 37 violations—it would have never been involved in this litigation at all had the violations not occurred, and it would have incurred significantly fewer expenses if Samsung had been forthright about its malfeasance from the beginning.  *Thai-Lao Lignite* is equally inapposite.  *Thai-Lao Lignite (Thail.) Co. v. Gov't of the Lao People's Democratic Republic*, 2012 WL 5816878, at *9 (S.D.N.Y. Nov. 14, 2012).  That case involved a Judge who "rejected most of [a party's] arguments and declined to make the sweeping findings" that party sought, and awarded sanctions explicitly only on the "narrowest of grounds."  *Id.,* at *8, *9 ((*Cf.* Dkt. No. 3117 at 6) ("Nokia succeeded on most of [its] claims").  Judge Grewal here made no such limited findings.

*Dual-Deck*, *LifeScan*, and *Toth* are even less relevant to the Court's analysis.  *Dual-Deck* was a contempt case: the Ninth Circuit found no contempt where there was no claim that the allegedly violating party, Go-Video, "disclosed confidential information," or that "any competitor or anyone else learned anything inappropriate from Go-Video's use of discovery."  *Go-Video v. Motion Picture Ass'n of Am. (In re Dual-Deck Video Cassette Recorder Antitrust Litig.)*, 10 F.3d 693, 694 (9th Cir. 1993).  In stark contrast to Samsung's hundreds of Protective Order violations, Go-Video "substantially

---

[2] To the extent the Court deems a two-part *Hensley* analysis appropriate, that test requires a court to first look at whether a prevailing party's claims were distinct, and second whether, if not, a prevailing party achieved substantial relief.  *Hensley*, 461 U.S., at 440.  Judge Grewal's bases for imposing sanctions—including the two on which he granted sanctions and the one for which he found Samsung's explanations "shaky" at best (Dkt. No. 3117 at 6)—were far from "entirely distinct and separate," so no reduction based on the first prong of *Hensley* should be imposed. *See Sorenson v. Mink,* 239 F.3d 1140, 1147 (9th Cir. 2001).  On the second prong, Nokia was successful on its overarching claim that Samsung violated the Protective Order, and its fees were entirely caused by that violation, so no reduction should be imposed.  *See Hensley*, 461 U.S., at 440 ("Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.").

complied with a reasonable interpretation of the protective order" and the Court declined to hold them in contempt. *Id.* at 696. *LifeScan* is completely irrelevant except insofar as it is another case where a Court found a Protective Order violation and awarded a party's full attorneys' fees caused by that violation, pursuant to Rule 37(b)'s directive. *LifeScan Scot., LTD v. Shasta Techs., LLC*, 2013 WL 5949629, at *4 (N.D. Cal. Nov. 6, 2013). That those defendants only incurred $41,914 in attorneys' fees as a result of their adversary's Protective Order violations has absolutely no bearing on Nokia's fee award. Third, *Toth* merely restates the requirement of Rule 37(b) that any expenses awarded under Rule 37(b) be caused by a Protective Order violation. *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1386 (9th Cir. 1988). Such cases—where a Court should distinguish between a party's expenses caused by the litigation generally, and those caused by a violation of Rule 37(b)—are inapplicable here, where *all* of Nokia's involvement in this case has resulted from Samsung's Rule 37(b) violations.

*Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) is more instructive. There, the Ninth Circuit affirmed a district court's decision not to reduce a plaintiff's award of fees over the defendant's objection that the plaintiffs achieved only "limited success." *Id.* The Court clarified that a party may be deemed successful even "without receiving all the relief requested." *Id.*; *see also Lira v. Cate*, 2010 WL 727979, at *5-6 (N.D. Ca. Feb. 26, 2010) (Simply because a party does not receive all of its requested *relief* does not justify a reduction of a fees award where that party succeeded on its *claims*); *Hensley*, 461 U.S., at 435 (where a party achieves its result, "the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee").

      **C.**     **Samsung's Selective, Motion-by-Motion Criticism of Nokia's Briefing Fails**

Neither Rule 37(b) nor *Hensley* require a Court to evaluate whether a party won each and every argument that party made in each and every brief before awarding fees to that party. Fed. R. Civ. P. 37(b)(2)(C) (requiring payment of "reasonable" expenses, not just those leading to a victory on each argument); *Hensley*, 461 U.S., at 426 ("a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised"); *Id.* at 437 ("A request for attorneys' fees should not result in a second major litigation.").

In the face of this clear Rule and Supreme Court directive, Samsung suggests that this Court should tally wins and losses on certain individual motions and arguments (Dkt. No. 3134 at 5). Mr.

1  Becher's declaration proposes five instances where Nokia allegedly "lost." (Dkt. No. 3134-1 ¶¶ 3, 5,
2  7, 8, 9). While Nokia disagrees that this type of analysis is appropriate when adjudicating fees under
3  Rule 37(b), further review of Mr. Becher's examples yields a far different picture than his declaration
4  would claim. Two of these instances (Dkt. No. 3134-1 ¶¶ 5, 8) involved Nokia's attempts to compel
5  information or question Samsung's privilege claims.  These motions were not lost.  One of these—
6  Nokia's motion to compel information resulting from Samsung's Protective Order violations—resulted
7  in an order that John Quinn sign a declaration confirming that Samsung no longer possessed Nokia's
8  confidential business information (Dkt. No. 3061) ("Nokia is right, but only up to a point.").  Another
9  brief (Dkt. No. 2824) resulted from Judge Grewal's desire to "have the benefit of input from all sides
10 in light of [Samsung's] improper submission" of a brief on privilege and Order allowing Nokia to
11 respond to that improper submission (Dkt. No. 2790 at 2-3) (reminding Samsung that "broad assertions
12 of plainly unprotected information will not be tolerated."); (*see also* Dkt. No. 2689 at 4 n.16) ("By
13 maintaining these seemingly unwarranted claims, Samsung significantly burdens not only Apple and
14 Nokia's ability to address the sanctions issue, but also the undersigned's ability to tell the full tale of
15 what he has seen.").  A third instance (Dkt. No. 3134-1 ¶ 7) involved Judge Grewal's allowing
16 Samsung's deposition of two of Nokia's employees in the context of the Order to Show Cause Why
17 Sanctions Are Not Warranted—an undertaking which may or may not have been necessary had
18 Samsung not long withheld proof of its violations from Nokia and Judge Grewal.  (Dkt. No. 2689 at 3,
19 3 n.9).  Nokia did not "lose" this motion.  Samsung moved to compel widespread document discovery,
20 production of 30(b)(6) witness on a substantial list of topics, and full depositions of Apple and Nokia
21 employees (Dkt. No. 2160-5 to 2160-10); the Court awarded the "limited discovery" of a total of 10
22 hours of depositions of Nokia and Apple employees (including 30(b)(6) witnesses on only two topics)
23 and the production of a single document—clearly a compromise between the parties' positions (Dkt.
24 No. 2689 at 4-5).  Fourth, Mr. Becher claims that the witness statement of one of Nokia's witnesses
25 was later "undermined and ultimately rejected," (Dkt. No. 3134-1 ¶ 3), even though the substance of
26 that witness's statement was confirmed by the witness during his deposition as well as repeatedly
27 confirmed by the deposition testimony of Samsung's witnesses (Dkt. No. 2872-5 at 1-4).[3]
28 

---

[3] Paragraph 3 is not an example of an argument Nokia "lost" but another unjustified attack on the

Fifth and most incredibly, Mr. Becher writes that "Samsung was not sanctioned at all." (Dkt. No. 3134-1 ¶ 9). This is inaccurate. In its "Order Granting Motion For Sanctions" against Samsung and Quinn Emanuel—the Order Samsung cites for the proposition that it was not sanctioned—Judge Grewal sanctioned Samsung with a "public finding of wrongdoing," emphasizing that along with the fees the Court ordered under Rule 37(b), that would serve to "remedy Apple and Nokia's harm and to discourage similar conduct in the future." (Dkt. No. 2935 at 18-19).

Nokia needs no declaration or misconstruction of the record to establish its success in this action because Nokia prevailed on its underlying substantive motions. Samsung was sanctioned because of its violations of the Protective Order. The Court granted Nokia's and Samsung's Stipulated Order to resolve the Protective Order dispute (630 Dkt. No. 785). After the Court deemed Samsung's remedial measures and progress towards implementing that Stipulation "insufficient," the Court granted Apple's request for discovery and allowed Nokia full participation in that discovery (Dkt. No. 2483 at 4-5). A month and a half later, on November 8, 2013, the Court agreed with Apple and Nokia that the evidence—though still not a "complete picture"—suggested that Samsung violated the Protective Order and sanctions should issue (Dkt. No. 2689). Finally, the Court granted Apple's and Nokia's motion for sanctions on January 29, 2013 (Dkt. No. 2935). It is perhaps this exact type of arguing about the success or failure of any number of motions in litigation which demonstrates why this analysis is improper. An award of fees under Rule 37(b) does not and should not require a play-by-play breakdown of winners and losers on individual motions, declarations, and correspondence.

Fundamentally, Quinn Emanuel and Samsung are asking this Court to find that Judge Grewal's ruling as to who "won" the litigation is clear error. They are not moving from relief from the actual sanctions ruling. In fact, they said they would not appeal the underlying sanctions (Dkt. No. 3075 at 17:16-19) ("First, let me reiterate we made very clear we are not going to appeal the underlying []

---

character of Nokia's employee Paul Melin. Later in the same hearing quoted by Samsung, counsel for Nokia completed the record with the portions of Mr. Melin's deposition which were selectively omitted from Samsung's presentation. The complete testimony fully supports Mr. Melin's declaration. Samsung and Quinn Emanuel continue to make unsupported assertions about Mr. Melin's testimony, and then boldly cite for support to the last time they made the same unsupported assertions, as though that citation adds some legitimacy to their mischaracterizations. But simply repeating an inaccurate assertion and citing for support to the same prior inaccurate assertion does not provide any credibility to their arguments or make any of their characterizations true.

January 29th order."). The legal question posed by this motion is whether Judge Grewal, having presided over the proceedings, hearing oral argument from both sides on this issue on at least five occasions, and reviewing over 20,000 pages of Samsung's documents *in camera* (Dkt. No. 2935 at 3 n.12), committed clear error in entering an order sanctioning Quinn Emanuel and Samsung and in finding that Nokia and Apple prevailed on their Motion for Sanctions. It is noteworthy for two reasons that Samsung and Quinn Emanuel spend the vast majority of their Motion for Relief on "Factual Background": 1) Despite the number of pages, they never quote Judge Grewal's ruling that Nokia and Apple actually prevailed (all while arguing that they did not); and 2) The voluminous Factual Background section is an attempt to rewrite what actually happened. Judge Grewal's ruling awarding Nokia's attorneys' fees was supported by the evidence, within his discretion, and not clearly legally erroneous. The Court should not reduce Nokia's fee award to reflect anything less.

## V. CONCLUSION

Samsung asks this Court to find that Judge Grewal clearly erred in determining who won in the proceedings he oversaw and witnessed, and asks this Court to find that the process Judge Grewal laid out for discovering the scope and extent of the Protective Order violations Samsung and Quinn Emanuel admitted to committing was unnecessary. Neither of Judge Grewal's conclusions was clearly erroneous. Nokia's attorneys' fees under Rule 37(b) were reasonable, necessarily incurred, and directly caused by Samsung's Protective Order violations. Samsung's motion for relief should be denied.

1  This 22nd day of July, 2014.

2                                Respectfully submitted,

3

4                                */s/Ryan W Koppelman*
                              RANDALL L. ALLEN (Ca. Bar No. 264067)
                              randall.allen@alston.com

5                                RYAN W. KOPPELMAN (Ca. Bar No. 290704)
                              ryan.koppelman@alston.com

6                                ALSTON & BIRD LLP
                              1950 University Avenue, 5th Floor

7                                East Palo Alto, CA 94303-2282
                              Telephone:650-838-2000

8                                Facsimile: 650-838-2001

9                                PATRICK J. FLINN (Ca. Bar No. 104423)
                              patrick.flinn@alston.com

10                               B. PARKER MILLER (*pro hac vice*)
                              parker.miller@alston.com

11                               ALSTON & BIRD LLP
                              1201 West Peachtree Street

12                               Atlanta, GA 30309
                              Telephone:404-881-7000

13                               Facsimile: 404-881-7777

14                               Attorneys for NOKIA CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOKIA'S OPPOSITION TO SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE    15    CASE NO.: 5:11-CV-01846-LHK (PSG)

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2014, I electronically filed the foregoing **NOKIA'S OPPOSITION TO SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (RE: DOCKET NO. 3117), ORDER SETTING REASONABLE ATTORNEY'S FEES AND COSTS** with the Clerk of Court using the CM/ECF system, which will automatically send email notification to the parties and counsel of record.

This 22 day of July, 2014.

/s/Ryan W Koppelman
RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone: 650-838-2000
Facsimile: 650-838-2001

*Attorneys for NOKIA CORPORATION*

CERTIFICATE OF SERVICE 1 CASE NO.: 5:11-CV-01846-LHK (PSG)