QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:      (650) 801-5000
Facsimile:      (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE (RE: DOCKET NO. 2935), ORDER GRANTING MOTION FOR SANCTIONS** |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT ............................................................................................................................... 2

I.     APPLE AND NOKIA CONCEDE THAT THE WAIVER RULING BASED ON SAMSUNG'S UNACCEPTED OFFER OF PRODUCTION IS ERRONEOUS ................ 2

II.    THE ALTERNATE GROUNDS THAT APPLE AND NOKIA CITE TO SUPPORT THE WAIVER RULING ARE WAIVED AND MERITLESS ........................................... 4

     A.    Samsung Did Not Waive Privilege By Disclosing Privileged Communications ...... 4

          1.    Samsung's Disclosures Were Compelled ...................................................... 5

          2.    Samsung Submitted Its Privileged Materials For *In Camera* Review .......... 6

          3.    Samsung Did Not Disclose Any Privileged Information ............................. 7

          4.    Samsung Did Not Misrepresent The Content Of Any Privileged Documents ................................................................................................... 8

     B.    There Was No Implied Waiver Of Privilege ............................................... 9

     C.    Apple's Crime-Fraud Argument Is Waived And Meritless ..................................... 11

III.   THE OTHER ARGUMENTS RAISED BY APPLE AND NOKIA ARE WAIVED OR MERITLESS ................................................................................................................. 13

     A.    Samsung Fully Substantiated Its Claims Of Privilege ............................................. 13

     B.    Apple Waived Its Demand For Production Of Documents .................................... 14

CONCLUSION ............................................................................................................................ 15

# TABLE OF AUTHORITIES

**Page**

## Cases

*1st Sec. Bank of Washington v. Eriksen*,
   2007 WL 188881 (W.D. Wash. Jan. 22, 2007) ........................................................... 11

*Chevron Corp. v. Pennzoil Corp.*,
   974 F.2d 1156 (9th Cir. 1992) ................................................................................... 9

*Clarke v. Am. Commerce Nat'l Bank*,
   974 F.2d 127 (9th Cir. 1992) ..................................................................................... 7

*EEOC v. Outback Steakhouse of Florida, Inc.*,
   251 F.R.D. 603 (D. Colo. 2008) .............................................................................. 10

*Fed. Sav. & Loan Ins. Corp. v. Ferm*,
   909 F.2d 372 (9th Cir. 1990) ..................................................................................... 6

*Fox v. Cal. Sierra Fin. Servs.*,
   120 F.R.D. 520 (N.D. Cal. 1988) ........................................................................... 7, 8

*Genentech, Inc. v. Insmed Inc.*,
   236 F.R.D. 466 (N.D. Cal. 2006) ............................................................................. 9

*In re Gibco, Inc.*,
   185 F.R.D. 296 (D. Colo. 1997) .............................................................................. 10

*In re Grand Jury Investigation*,
   974 F.2d 1068 (9th Cir. 1992) ............................................................................ 7, 14

*Hearn v. Rhay*,
   68 F.R.D. 574 (E.D. Wash. 1975) ............................................................................ 9

*Henry v. Quicken Loans, Inc.*,
   263 F.R.D. 458 (E.D. Mich. 2008) .......................................................................... 10

*Holland v. Island Creek Corp.*,
   885 F. Supp. 4 (D.D.C. 1995) ................................................................................... 7

*Home Indem. Co. v. Lane Powell Moss & Miller*,
   43 F.3d 1322 (9th Cir. 1995) ..................................................................................... 9

*Int'l Union, United Mine Workers of Am. v. Bagwell*,
   512 U.S. 821 (1994) ................................................................................................. 12

*Laser Indus., Ltd. v. Reliant Techs., Inc.*,
   167 F.R.D. 417 (N.D. Cal. 1996) .............................................................................. 9

*Miller v. Pancucci*,
   141 F.R.D. 292 (C.D. Cal. 1992) .......................................................................... 7, 8

*Mohawk Indus., Inc. v. Carpenter,*
   558 U.S. 100 (2009)..................................................................................................12

*In re Napster, Inc. Copyright Litig.,*
   479 F.3d 1078 (9th Cir. 2007) ................................................................................12

*Oracle Am., Inc. v. Innovative Tech. Distrib., LLC,*
   2011 WL 2559825 (N.D. Cal. June 28, 2011)........................................................6

*Positive Software v. New Century Mortgage,*
   337 F. Supp. 2d 862 (N.D. Tex. 2004) ............................................................12, 13

*Shared Medical Resources LLC v. Histologies LLC,*
   2012 WL 5570213 (C.D. Cal. Nov. 14, 2012) ........................................................6

*Simpson v. Lear Astronics Corp.,*
   77 F.3d 1170 (9th Cir. 1996) ..................................................................................15

*Tennenbaum v. Deloitte & Touche,*
   77 F.3d 337 (9th Cir. 1996) ......................................................................................3

*Transamerica Computer Co. v. IBM Corp.,*
   573 F.2d 646 (9th Cir. 1978) ....................................................................................5

*United States v. Amlani,*
   169 F.3d 1189 (9th Cir. 1999) ............................................................................9, 11

*United States v. ChevronTexaco Corp.,*
   241 F. Supp. 2d 1065 (N.D. Cal. 2002)..................................................................14

*United States v. St. Pierre,*
   132 F.2d 837 (2d Cir. 1942) .....................................................................................8

*United States v. Zolin,*
   491 U.S. 554 (1989)..................................................................................................6

*Walker v. Cnty. of Contra Costa,*
   227 F.R.D. 529 (N.D. Cal. 2005)............................................................................10

**Statutes**

18 U.S.C. § 1503................................................................................................................12

18 U.S.C. § 1509................................................................................................................12

Fed. R. Civ. P. 72(a) ..........................................................................................................15

### Preliminary Statement

Samsung's motion for limited relief from the Sanctions Order should be granted because Judge Grewal's waiver ruling was contrary to law, the seven documents that Apple and Nokia claim are subject to the erroneous waiver ruling are attorney-client privileged and/or attorney work product, and Apple's demand for production of the privileged documents is waived and meritless.

*First*, Apple and Nokia concede, either expressly or by silence, that Judge Grewal erred in ruling that Samsung had waived privilege by merely *offering* to turn over documents *pursuant to an express non-waiver stipulation entered as a court order* when, in fact, no such documents were ever produced.  Samsung's motion for relief should be granted because, as binding Ninth Circuit dictates and as all parties agree, that waiver ruling was contrary to law.

*Second*, unable to defend Judge Grewal's actual ruling, Apple and Nokia press three purportedly alternate grounds to obtain Samsung's privileged documents—(i) waiver-by-disclosure, (ii) implied or "at issue" waiver, and (iii) the crime-fraud exception.  But Apple and Nokia raised these arguments before, on multiple occasions, and Judge Grewal did not accept them.  Indeed, Judge Grewal made express findings that conclusively foreclose Apple and Nokia's arguments here.  Neither Apple nor Nokia appealed those determinations.  The Court should not attempt to salvage the erroneous waiver ruling—in its role as a reviewing court under Local Rule 72-2—by invoking radically different theories of waiver from the one Judge Grewal adopted, each of which have distinct legal and factual underpinnings and have far different scope than Judge Grewal's ruling if accepted.  That is particular true since this Court's reversal of the erroneous waiver ruling will help bring the protective order proceedings to a close, while adopting the other theories will serve to protract them further, including because it will result in an endless stream of yet more new motions by Apple and Nokia to attack Samsung's privileges.

These supposedly alternate grounds are also meritless.  There was no waiver-by-disclosure because Samsung never disclosed the substance of its privileged communications beyond a general description, and to the extent it addressed the contents of them at all, it did so only pursuant to orders compelling it to substantiate its privilege claims.  Under black letter law, there is no waiver under such circumstances.  There was no implied or "at issue" waiver because Samsung referenced its

1   privileged communications only to *deny* Apple's and Nokia's accusations of willfulness and intent,

2   which does not result in implied waiver as a matter of law.  Furthermore, Samsung did not rely on

3   privilege communications to refute those allegations.  Nor could the crime-fraud exception apply—an

4   argument that Apple presses (Dkt. 3159) but Nokia already has abandoned (Dkts. 3163, 3136).  Judge

5   Grewal specifically found that Samsung did not use the purported confidential license terms and that

6   Quinn Emanuel's disclosures were not intentional, as would be required for the crime-fraud

7   exception to apply.  By failing to seek relief from Judge Grewal's findings—which affirmatively

8   foreclose any purported crime-fraud—Apple waived that argument.

9       *Third*, Apple's and Nokia's argument that the documents are not privileged, and Apple's

10  related attempt to compel production of Samsung's privileged documents, fail for several reasons.

11  Samsung fully supported its assertion of privilege through extensive briefing and at least 16

12  supporting declarations, so any order compelling their production would be unfounded and contrary

13  to law.  Both Apple and Nokia waived this argument in any event because they never challenged the

14  sufficiency of Samsung's privilege showing as to these documents before Judge Grewal.  Apple also

15  waived its argument that Samsung must produce the documents because Judge Grewal never ordered

16  production and indeed Apple never moved to compel them.  Nor did Apple join in Nokia's separate

17  motion to compel production of the same documents based on the same footnote, or appeal Judge

18  Grewal's denial of that motion.  Apple may not seek affirmative relief through its opposition that

19  Judge Grewal did not grant in the Sanctions Order and later denied.  The Court should reject Apple's

20  and Nokia's efforts to obtain Samsung's privileged information (which are well beyond the scope of

21  Samsung's narrow appeal and which are likely being sought for use outside of these proceedings (*see*

22  Dkt. 3135-1, ¶ 22)), vacate the waiver ruling in the first sentence of footnote 13 as contrary to law,

23  and bring this protracted, expensive and fruitless satellite proceeding to an end.

24                                   **<u>Argument</u>**

25  **I.    APPLE AND NOKIA CONCEDE THAT THE WAIVER RULING BASED ON SAMSUNG'S UNACCEPTED OFFER OF PRODUCTION IS ERRONEOUS**

26

27      Samsung showed in its motion that Judge Grewal's privilege waiver ruling in footnote 13 of

28  the Sanctions Order is erroneous because an offer to produce privileged documents, unaccompanied

1    by production, does not result in waiver as a matter of law.  (Dkt. 3135, at 4-5 citing *Tennenbaum v.*

2    *Deloitte & Touche*, 77 F.3d 337, 341 (9th Cir. 1996) ("triggering event [for waiver] is disclosure, not

3    a promise to disclose").)  Nokia expressly concedes that Judge Grewal's reasoning is erroneous.  (*See*

4    Dkt. 3163, at 7 ("Samsung correctly cites law for the proposition that an offer or intent to produce

5    privileged documents, without disclosure of the privileged information, is 'insufficient as a matter of

6    law to effect a waiver.'").)  If an *unconditional* offer of production does not result in waiver, as Nokia

7    concedes, then *a fortiori,* Samsung's *conditional* offer did not either.[1]

8         Apple likewise does not defend Judge Grewal's ruling.  It does, however, misstate important

9    facts.  It concedes (Dkt. 3159, at 1) that Samsung's offer to produce the seven documents[2] identified

10   in the the November 8 Order to Show Cause ("OSC") was subject to Apple's agreement to stipulate

11   that production would not effect a waiver of privilege or work-product protection in any proceeding

12   and would not effect a subject-matter waiver, and it argues that Apple "accepted" that offer (*id.*)  That

13   is misleading, at best.  Apple omits that it "accepted" Samsung's conditional offer only on the

14   additional *condition* that Samsung would produce the hundreds of documents submitted *in camera*,

15   and not merely the documents identified in the OSC.  In particular, Apple demanded that "Samsung

16   should produce all of the documents provided to Judge Grewal for *in camera* review to WilmerHale

17   subject to such a stipulation."  (Dkt. 3135-16.)  Apple's brief fails to disclose this to the Court.  (Dkt.

18   3159, at 1.)  In any event, the parties never entered into the stipulation, no such stipulation was ever

19   so-ordered by the Court, and Samsung never produced the documents at issue.  It is therefore

20   undisputed that there was no waiver under controlling Ninth Circuit law.

21        The Court should vacate Judge Grewal's ruling in footnote 13 that Samsung waived privilege

22   by conditionally offering to produce privileged documents subject to a so-ordered stipulation of non-

---

[1]    Apple and Nokia do not dispute that such conditional offers are contemplated by the plain language of Federal Rule of Evidence 502(d).  (*See* Dkt. 3135, at 5, n.3.)

[2]    In the Sanctions Order, Judge Grewal stated:  "Because Samsung offered to turn over the vast majority of the documents *cited in this order*, the court finds that privilege has been waived as to those documents."  (Dkt. 2935, at 4, n. 13 (emphasis added).)  In their oppositions, Apple and Nokia assert that this finding covers tabs 6 and 255.  (Dkt. 3159, at 1; Dkt. 3163, at 4.)  Because these two tabs are not cited in the Sanctions Order, the waiver ruling does not extend to them by its terms.  As a result, the only documents Samsung offered to turn over (subject to conditions) that are cited in the Sanctions Order are tabs 19, 20, 215.15, 222 and 272.

SAMSUNG'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER RE: DOCKET NO. 2935

1   waiver where no such documents were ever produced.

2   **II.   THE ALTERNATE GROUNDS THAT APPLE AND NOKIA CITE TO SUPPORT THE WAIVER RULING ARE WAIVED AND MERITLESS**

3

4           Unable to defend Judge Grewal's waiver ruling, Apple and Nokia offer several supposedly

5   alternate grounds on which they seek to access Samsung's privileged communications:  (i) waiver-

6   by-disclosure, (ii) implied or "at issue" waiver, and (iii) the crime-fraud exception.   But Judge

7   Grewal *rejected* all three grounds in his Sanctions Order despite Apple and Nokia raising them on

8   multiple prior occasions, and neither Apple nor Nokia sought relief from those denials.   Not only are

9   such arguments waived, but this Court, in exercising review of Judge Grewal's ruling pursuant to

10  Local Rule 72-2, has no basis to affirm based on theories that are radically different than the single

11  one that Judge Grewal relied upon.   Each of the theories that Apple and Nokia proffer involve

12  significantly different facts and legal standards than Judge Grewal's ruling and, if accepted, would

13  result in different types of relief than was awarded.   While Nokia invokes the maxim that an appellate

14  court may affirm "on any grounds supported by the record," (Dkt. 3163, at 6), Apple and Nokia seek

15  affirmative relief for the first time in an opposition to a motion that exceeds any relief granted by

16  Judge Grewal and indeed is at odds with Judge Grewal's decisions on relief that Apple and Nokia

17  failed to appeal to this Court.   Nokia also fails to explain how the current record supports application

18  of these so-called alternate grounds without resort to rank speculation and assumptions of

19  wrongdoing that conflict with Judge Grewal's actual (and unappealed) findings.   Because Apple and

20  Nokia failed to seek relief from Judge Grewal's rejection of these alternate grounds, they have been

21  waived.   But even if the Court was inclined to consider them, none has merit.

22          **A.     Samsung Did Not Waive Privilege By Disclosing Privileged Communications**

23          Apple argues that Samsung waived privilege by submitting declarations in response to the

24  OSC and making "affirmative representations about what the documents did and did not say in

25  ***unredacted*** portions." (Dkt. 3159, at 2 (emphasis in original).)  Nokia argues that Samsung disclosed

26  the content of the documents subject to the waiver ruling and misrepresented the contents of some of

27  the documents.  (Dkt. 3163 at 7-10.)  This argument fails for multiple reasons:  (1) compelled

28  production of privileged information does not result in waiver as a matter of law, (2) *in camera*

1    review of privileged information does not result in waiver, (3) Samsung did not disclose any

2    privileged communications but rather general descriptions that the Ninth Circuit has recognized as

3    not privileged, and (4) Nokia's misrepresentation allegation is false and in any event does not result

4    in waiver.

5              **1.      Samsung's Disclosures Were Compelled**

6              Samsung did not waive privilege since it was *compelled* to disclose the non-privileged

7    information.  Samsung's submission of declarations addressing its privileged documents is not a

8    waiver because it was done in response to Judge Grewal's OSC that provided "Samsung with one

9    further opportunity to demonstrate with specificity how each and every one of the above documents

10   fall under the protection of either the attorney-client privilege or the work-product doctrine."  (Dkt.

11   2689 at 4, n. 16.)   As a matter of law, a *compelled* production of even privileged information

12   *preserves* and does not waive privilege.  *See*, *e.g.*, *Transamerica Computer Co. v. IBM Corp*., 573

13   F.2d 646, 651 (9th Cir. 1978) (noting the "general acceptance of the principle that waiver cannot

14   result from compelled production").   Moreover, even after being compelled to substantiate its

15   privilege claims, Samsung took additional steps to protect its privileges by submitting all its

16   declarations *in camera.*  (Dkt. 2757.)  It was only after Apple and Nokia moved to strike the *in*

17   *camera* filing (Dkts. 2772, 2780), and Judge Grewal *ordered* Samsung to submit public redacted

18   versions of the declarations (Dkt. 2790) that Samsung publicly filed any of its information regarding

19   its privilege assertions.   And when it did so, it redacted all privileged information from the

20   declarations.  (Dkt. 2807-1 to -16.)  Samsung therefore never disclosed any privileged information,

21   and the disclosure of non-privileged information was compelled.

22             For these reasons alone, there was no waiver of privilege by Samsung under black letter law.

23   Furthermore, both Apple and Nokia waived this argument.  Apple did not argue below that these

24   disclosures sufficed to constitute waiver, but took the opposite position and complained that the

25   redactions had taken out all substance.[3]  As a result, Apple's new minted argument here is waived.

26   _____

27        [3]   *See* Dkt. 2825-01, at 13 ("Like its brief, these declarations are redacted in a manner that makes
     it impossible for Apple to respond to the substantive bases for the legal conclusions they set forth.  In

28   almost all instances, the only statements regarding the documents that Samsung has not redacted are
                                          (footnote continued)

1   For its part, Nokia did argue to Judge Grewal that the declarations constituted a waiver of attorney-

2   client privilege because the content of confidential communications were disclosed.  (Dkt. 2824, at

3   12-13.)  Despite the fact that Judge Grewal did not accept that contention and therefore necessarily

4   rejected it, however, Nokia did not timely appeal that decision.  As a result, Nokia's argument is

5   waived as well.[4]

6                    **2.      Samsung Submitted Its Privileged Materials For *In Camera* Review**

7            Samsung did not waive privilege by complying with Judge Grewal's Orders in connection

8   with *in camera* review.  Judge Grewal's *in camera* review of Samsung's documents was a recognized

9   judicial method to test privilege and results in no waiver as a matter of law.  *See, e.g.*, *United States v.*

10  *Zolin*, 491 U.S. 554, 568 (1989); *Fed. Sav. & Loan Ins. Corp. v. Ferm*, 909 F.2d 372, 274 (9th Cir.

11  1990) (explaining that *in camera* review is used "to *preserve* privileged information") (emphasis

12  added).   Samsung's *compelled production* of redacted briefing and declarations supporting

13  privilege—none of which attached or disclosed the substance of privileged communications—

14  therefore does not result in waiver.  To permit such a broad invasion of privilege based on a court-

15  ordered *in camera* review would be unprecedented and unwarranted.[5]

16

17  legal conclusions from these fact witnesses, summarily stating that the documents meet the standard
    for a claim of privilege."); *id.* at 3 ("[W]ith respect to many of the documents over which Samsung
18  claims privilege, its November 19 submissions provide **even less** information to support Samsung's
    claims of privilege than the inadequate privilege log.").
19       [4]  Apple and Nokia have inconsistently argued that Samsung disclosed *too little* information in its
    privilege briefing and 16 declarations to substantiate its claims of privilege, while also arguing
20  Samsung disclosed *too much* information and thus waived the privilege.  For example, Apple
    previously argued that "Samsung has redacted any substantive description of the allegedly privileged
21  documents from its brief and from the sixteen new fact declarations" (Dkt. 2825-1, at 1), but it now
    cites the same declarations and argues that Samsung waived privileged when it "selectively disclosed
22  certain content of these documents."  (Dkt. 3159, at 2) (citing Dkts. 2807-1, 2807-16.)  Similarly,
    Nokia previously argued that "Samsung's conclusory privilege descriptions are insufficient to support
23  its claims of privilege in and of themselves" (Dkt. 2824, at 5, n.2), but now argues that information
    disclosed in the same "conclusory" declarations resulted in a waiver of privilege.  (Dkt. 3163, at 7)
24  (citing Dkts. 2807-1, 2807-12, and 2807-14.)
         [5]  Nokia's cited authority is inapposite.  In *Shared Medical Resources LLC v. Histologies LLC*,
25  2012 WL 5570213 (C.D. Cal. Nov. 14, 2012), the defendant opposing a Rule 11 motion offered to
    *voluntarily* produce privileged materials *in camera*, but the court rejected the offer and held that the
26  defendant would have to produce the privileged materials to both the plaintiff and the court if it
    intended to rely on them.  *Id.* at *5.  However, the court explained that "[w]aiver occurs at the time
27  privileged material is actually and *voluntarily* disclosed."  *Id.* at *3 (emphasis added).  In *Oracle Am.,*
    *Inc. v. Innovative Tech. Distrib., LLC*, 2011 WL 2559825 (N.D. Cal. June 28, 2011), the court denied
28  plaintiff's motion to voluntarily submit privileged communications that supported its motion to
         (footnote continued)

### 3.    Samsung Did Not Disclose Any Privileged Information

In addition, there could be no waiver here because Samsung did not disclose the actual substance of privileged communications or any other *privileged* information.  As shown above, Apple conceded this before Judge Grewal and actually complained that the disclosures had eliminated the substance of communications.  With respect to the documents designated as tabs 19 and 20, Nokia makes several erroneous arguments (Dkt. 3163, at 7-8) that Samsung disclosed privileged information.

*First*, Samsung's disclosure of the fact it sent the incompletely redacted Teece Report and who sent and received the report does not waive the attorney-client privilege or attorney work-product protection because such general information is not itself privileged.  *See*, *e.g.*, *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129-30 (9th Cir. 1992) (holding that billing records describing "general nature of the services performed" are not privileged); *Fox v. Cal. Sierra Fin. Servs.*, 120 F.R.D. 520, 524 n.1 (N.D. Cal. 1988) (holding fact of a communication is not privileged); *Holland v. Island Creek Corp.*, 885 F. Supp. 4, 7 (D.D.C. 1995) ("It is permissible for a party to disclose the nonprivileged portions of a document while redacting the privileged material, without waiving the privilege for the entire document."); *Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D. Cal. 1992) (recognizing that a privilege log will disclose date of document, author, recipients, subject matter or purpose of document or privileged communication); Dkt. 2772, at 3 (Apple conceding that Samsung would not waive privilege by presenting arguments "at a level of generality that would not reveal the details of the documents at issue").

*Second,* Mr. Shim's explanation of why he requested the Teece Report—that it was relevant to matter outside this litigation—likewise does not reveal the substance of a privileged communication.  *See In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992) (attorney-client privilege "protects confidential disclosures made by a client to an attorney in order to obtain legal advice, . . . as well as an attorney's advice in response to such disclosures.") (quotations and

---

disqualify counsel.  *Id.* at *1.  Here, in contrast to the cases cited by Nokia, Samsung's disclosure was *not* voluntary because Judge Grewal *ordered* the *in camera* review and *ordered* the filing of public briefing and declarations supporting Samsung's claims of privilege.

1    citation omitted).

2        *Third*, Quinn Emanuel's discussion of Mr. Shim's corrective action does not waive the

3    privilege over these documents either, as they do not even contain the substance of any

4    communications about corrective action.

5        Nokia is wrong to argue (Dkt. 3163, at 4, 8) that Samsung waived the privilege as to the

6    document designated as tab 272 by disclosing that Daniel Shim retransmitted the incompletely

7    redacted Teece Report to Quinn Emanuel.  The disclosure of these basic, non-privileged particulars

8    about a document does not waive the attorney-client privilege or work product protection.  *Miller*,

9    141 F.R.D. at 302; *Fox*, 120 F.R.D. at 524.  That is especially true in the context of this case.

10            **4.    Samsung Did Not Misrepresent The Content Of Any Privileged**
                      **Documents**

11

12        Nokia is not entitled to access Samsung's privileged documents because Samsung purportedly

13    misrepresented their contents.  (Dkt. 3163, at 8-11.)  Nokia never presented this argument to Judge

      Grewal, so it is waived.  The argument is also contrary to law.  The lone, old case upon which Nokia
14
      relies does not hold that a criminal defendant waived the Fifth Amendment privilege by
15
      misrepresenting facts; rather, it holds that he waived privilege by voluntarily testifying regarding "all
16
      the elements of the crime."  *United States v. St. Pierre*, 132 F.2d 837, 840 (2d Cir. 1942).  Here in
17
      contrast, Samsung's disclosure was not voluntary and there were no disclosures of privileged
18
      communications.
19
          Nokia is also wrong to argue that there were misrepresentations here.  Nokia first contends
20
      that Samsung misrepresented the facts in a letter that Quinn Emanuel sent Apple on August 16, 2013,
21
      which stated that Quinn Emanuel discovered that the Teece Report had been incompletely redacted
22
      and then sent a new version "that contained complete redactions."  (Dkt. 2395-03g, at 2.)  This letter
23
      was accurate.  As of August 16, Samsung had identified and disclosed the inadvertent disclosures in
24
      paragraphs 190-193 of the Teece Report (Dkt. 2395-03d, at 2) and paragraphs 190-193 were redacted
25
      from the new version of the Teece Report.  (Dkt. 2395-03g, at 2.)  When Samsung subsequently
26
      discovered that other paragraphs containing information about Apple's license with *Ericsson* were
27
      also unredacted, it promptly disclosed this fact to Apple and Nokia.  (Dkt. 2460-03 (disclosing
28

1  additional unredacted paragraphs); 10/22/13 Tr. at 63:21-64:11 (same).)  Furthermore, Judge Grewal

2  ultimately based no sanctions on the Ericsson information but, to the contrary, found no use or harm.

3      Nokia also wrongly asserts (Dkt. 3163, at 8-9) that Judge Grewal's finding that the Quinn

4  Emanuel associate who created the incompletely redacted Teece Report in March 2012 identified the

5  incomplete redactions in December 2012 (Dkt. 3153, at 13) contradicts Samsung's statement that the

6  associate did not realize in December 2012 that an incompletely redacted Teece Report had been

7  placed on an FTP site in March 2012.  There is no contradiction:  Nokia cites no evidence that the

8  associate realized the redacted report he saw in December was the same as the version he prepared

9  nine months earlier.  In any event, Samsung did not misrepresent the facts—Samsung disclosed that

10 the associate who redacted the report in March was the same associate who discovered the

11 incomplete redactions in December.  (Dkt. 2935, at 4-5; 12/09/13 Hearing Tr. at 34:9-16, 94:17-19.)

12     **B.     There Was No Implied Waiver Of Privilege**

13     Apple and Nokia are wrong in arguing (Dkt. 3163, at 10-12; Dkt. 3159 at 2) that Samsung

14 impliedly waived the privilege by putting its privileged communications "at issue."  An implied

15 waiver occurs only where the party asserting the privilege has put the privileged information at issue

16 "as a result of some affirmative act, such as filing suit."  *Home Indem. Co. v. Lane Powell Moss &*

17 *Miller,* 43 F.3d 1322, 1326 (9th Cir. 1995) (citing *Hearn v. Rhay,* 68 F.R.D. 574, 581 (E.D. Wash.

18 1975)).  Information is not put "at issue" unless a party **relies on** privileged communications or work

19 product in support of its claims or defenses.  *Chevron Corp. v. Pennzoil Corp.*, 974 F.2d 1156,1162-

20 63 (9th Cir. 1992).  "When the sought-after evidence is only one of several forms of indirect evidence

21 about an issue, the privilege has not been waived."  *United States v. Amlani*, 169 F.3d 1189, 1195

22 (9th Cir. 1999) (internal quotations omitted).

23     Samsung has not waived privilege by defending itself here.  Denials of wrongdoing do not

24 affirmatively put a party's privileged communications at issue.  *See*, *e.g.*, *Amlani*, 169 F.3d at 1195

25 ("[P]rivileged communications do not become discoverable simply because they are related to issues

26 raised in the litigation.") (citation omitted); *Genentech, Inc. v. Insmed Inc.*, 236 F.R.D. 466, 469

27 (N.D. Cal. 2006) (overruling decision finding implied waiver: "mere denial of intent is insufficient to

28 establish waiver of the privilege"); *Laser Indus., Ltd. v. Reliant Techs., Inc.*, 167 F.R.D. 417, 446

1   (N.D. Cal. 1996) ("denials of knowledge of the undisclosed prior art did not purport to disclose the

2   contents of a specific communication . . .  and do not appear to go beyond 'mere denial[s].' More

3   important, their denials have not placed the contents of any privileged communication 'in issue.'"

4   (citations omitted)).  Here, Samsung undertook no affirmative act such as filing suit and indeed did

5   not rely on the substance of privilege communications.  It instead denied allegations that it misused

6   Nokia's confidential information or otherwise intentionally violated the Protective Order.   Even

7   assuming intent is not an element of a protective order violation, Samsung's representations were still

8   defensive denials that do not affirmatively put privileged communications at issue.

9        Nokia's cited authority regarding implied waiver does not support a contrary conclusion, but

10  actually show that no such implied waiver occurred here.  In both *EEOC v. Outback Steakhouse of*

11  *Florida, Inc.*, 251 F.R.D. 603, 610-12 (D. Colo. 2008), and *Walker v. Cnty. of Contra Costa*, 227

12  F.R.D. 529, 537 (N.D. Cal. 2005), the courts ruled in employment discrimination suits that "to the

13  extent that Defendants have asserted the *Faragher / Ellerth* affirmative defense, they have waived

14  [privilege] regarding investigations into complaints made by female employees."   *Outback*, 241

15  F.R.D. at 610-12 (citing *Walker*).  That particular affirmative defense goes beyond mere denials and

16  relies on privileged communications to establish the *scope and substance* of internal privileged

17  investigations and remedial efforts in response to prior discrimination complaints.  *Id.* at 611.

18        The same is true of Nokia's other cited authority in which a party voluntarily relies on the

19  advice of counsel defense:  *Henry v. Quicken Loans, Inc.*, 263 F.R.D. 458 (E.D. Mich. 2008), and *In*

20  *re Gibco, Inc.*, 185 F.R.D. 296 (D. Colo. 1997).  In *Quicken Loans*, the court ruled that a party

21  waived privilege as to communications "on the issue of classification of the mortgage bankers for

22  purposes of the administrative exemption in the FLSA" that the defendant voluntarily asserted to

23  support its good faith defense.  263 F.R.D. at 469-70.  In stark contrast, Samsung is not asserting any

24  affirmative defense to a claim in pending litigation, and its reliance on privileged communications did

25  not go beyond denials.  Nokia's own authority explains that "*mere denial of claim of willfulness* in

26  violating Fair Credit Reporting Act does not waive attorney client privilege."  *Id.* at 470 (citation

27  omitted) (emphasis added).

28        Finally, in applying the implied waiver test, the "overarching consideration is whether

-10-

Case No. 11-cv-01846-LHK

1   allowing the privilege to protect against disclosure of the information would be 'manifestly unfair' to

2   the opposing party." *Lane*, 43 F.3d at 1326.  The privileged information sought must be "'vital' to

3   defendants' case, meaning that the information is available from no other source." *Amlani,* 169 F.3d

4   at 1195.  Mere relevance to defendant's case is not sufficient." *1st Sec. Bank of Washington v.*

5   *Eriksen*, 2007 WL 188881, at *3 (W.D. Wash. Jan. 22, 2007).  The documents at issue here are not

6   vital.  The five privileged and work product documents that Apple claims are subject to the waiver

7   ruling and that are cited in the Sanctions Order are cited for non-privileged facts.  For example, tab

8   19 is cited for the fact Quinn Emanuel sent a Samsung employee the incompletely redacted report on

9   December 22, 2012.  (Dkt. 2935, at 5.)  Tab 215 is cited for the fact that Quinn Emanuel provided an

10  incompletely redacted copy of the Teece Report to Samsung employees via FTP site on March 24,

11  2012, and a Samsung employee emailed it to others.  (Dkt. 2935, at 4.)  Tab 272 is cited for the fact

12  that a Samsung employee transmitted the incompletely redacted Teece Report to Quinn Emanuel on

13  May 13, 2013. (Dkt. 2935, at 6.)  None of this reveals the substance of privileged attorney-client

14  communications.

15      Moreover, information about these five documents—and the other two documents that

16  Samsung offered to produce but that are not cited in the Sanctions Order—was readily available from

17  other sources, including Samsung's privilege log, redacted document production, and Rule 30(b)(6)

18  witness.  (Dkt. 2835-06, Exhs. 1, 2, 32 and Dkt. 2395-3, Exhs. A-C (exhibits disclosing dates and

19  content of inadvertent disclosures), Dkt. 2557-23, at 1, 2, 46, 48-49 (redaction log), Dkt. 2557-09

20  (30(b)(6) deposition of Ken Korea), Dkts. 3164-03-5 (redacted versions of tabs 6, 19 and 20

21  respectively), Dkt. 2558-50 (redacted version of tab 222), Dkt. 2557-17 (redacted version of tab

22  272).)  And, as explained above, information upon which Judge Grewal relied with respect to these

23  documents is also contained in nonprivileged declarations, depositions and correspondence in the

24  record.  As a result, even if the documents may be *relevant*, they are not *vital*.

25      **C.    Apple's Crime-Fraud Argument Is Waived And Meritless**

26      Only Apple argues (Dkt. 3159, at 3-4) that the crime-fraud exception is a purportedly

27  alternate ground for affirming the waiver ruling.  This argument is both wrong and waived.

28      A party seeking to vitiate the attorney-client privilege under the crime-fraud exception must

1   satisfy a two-part test.  First, the party must show that "the client was engaged in or planning a

2   criminal or fraudulent scheme when it sought the advice of counsel to further the scheme."  Second, it

3   must demonstrate that the attorney-client communications for which production is sought are

4   "sufficiently related to" and were made "in furtherance of [the] intended, or present, continuing

5   illegality."  *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007), *abrogated on*

6   *other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009) (internal citations omitted).

7        The crime-fraud exception does not apply here in the absence of evidence that Samsung

8   intentionally sought advice to further a crime or fraud.  Notwithstanding Apple's attempt to cherry-

9   pick and string together various out-of-context words from the Sanctions Order, Judge Grewal

10   specifically found that Quinn Emanuel's disclosures were *inadvertent* and that Samsung did *not*

11   wrongfully use the Apple-Nokia licensing information.  (See Dkt. 2935, at 7-8 (holding there is no

12   "intent requirement to find a violation of the order"), at 11 (the court is "unpersuaded that Samsung

13   used the Teece Report in either the Ericsson or Nokia negotiations"), at 12 (the "mistake" of failing

14   to redact the Teece Report "was inadvertent.").[6]  These factual findings—which Apple did not appeal

15   and is bound by—wholly preclude application of the crime-fraud exception here.  *See, e.g.*, *Napster*,

16   479 F.3d at 1096 (fraud required for application of crime-fraud exception requires an intention to

17   defraud).  There is simply no evidence that the inadvertent protective-order violation here constituted

18   a "crime or fraud" of any kind, or that any privileged communications were made in furtherance of

19   any such crime or fraud.[7]

20        Apple's sole crime-fraud case dealing with a protective order violation is inapposite.  In

21   *Positive Software v. New Century Mortgage*, 337 F. Supp. 2d 862 (N.D. Tex. 2004), *rev'd on reh'g*

22

23   _____
     [6]   Apple's and Nokia's out-of-context citations all relate to Judge Grewal's conclusion that there
     was a "failure to institute sufficient safeguards" (Dkt. 2935, at 15), which certainly does not rise to

24   the level of a crime or fraud.
     [7]   Potential crimes related to violation of court orders require proof of a willful violation beyond

25   a reasonable doubt.  18 U.S.C. § 1509 (crime of "obstruction of court order"); 18 U.S.C. § 1503
     (crime of "obstruction of justice"); *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S.

26   821, 833-34 (1994) (criminal contempt).  To the extent Apple's vague statement that "[v]iolations of
     a protective order are a form of law breaking" (Dkt. 3159, at 4, n.1) implies otherwise, this

27   conclusory argument is legally baseless, is contradicted by Judge Grewal's factual findings and
     exemplifies the abusive and unsupported rhetoric that both Apple and Nokia have used throughout

28   these sanctions proceedings.

1   *en banc*, 476 F.3d 278 (5th Cir. 2007) (*en banc*)), the court applied the crime-fraud exception in that

2   case not because of the underlying protective order violation, but instead because the defendant made

3   several false representations directly to the court that counsel would maintain exclusive custody and

4   control of proprietary software "with the intent that the Court rely on them and fashion a remedy less

5   robust than the preliminary injunction relief" that the plaintiff sought.  *Positive Software v. New*

6   *Century Mortg.*, No. 03-cv-00326, Dkt. 163 at 23-25 (N.D. Tex. March 3, 2004) (available only on

7   PACER); *see also Positive Software*, 337 F. Supp. 2d at 867-68 (describing defendant's use of

8   confidential information contrary to counsel's representations).  Thus, *Positive Software* involved a

9   classic fraud on the court that bears no resemblance to the situation here.

10  **III.    THE OTHER ARGUMENTS RAISED BY APPLE AND NOKIA ARE WAIVED OR MERITLESS**

11

12          Apple and Nokia raise additional meritless arguments in support of their requests to compel

13  the production of Samsung's privileged communications.  In particular, both Apple and Nokia claim

14  that Samsung failed to substantiate its claims of privilege, and Apple relies on this purported lack of

15  substantiation and/or privilege waiver to argue for production of the documents.

16          **A.    Samsung Fully Substantiated Its Claims Of Privilege**

17          Apple and Nokia argue in passing (Dkt. 3159 at 3; Dkt. 3163 at 12-13) that Samsung should

18  be compelled to produce the documents subject to the footnote 13 waiver ruling because Samsung

19  has failed to show they are privileged in the first instance.   This argument fails.   Samsung

20  meticulously demonstrated the privileged nature of these documents in its November 8, 2013 brief

21  (Dkt. 2807, at 3-9) and 16 supporting declarations.[8]   Samsung explained, without meaningful

22  refutation from either Apple or Nokia below, how each document cited in the OSC is protected by the

23  attorney-client and/or mediation privilege and/or the work-product doctrine.  Not only is privilege

24  facially obvious, but each is a confidential communication between or among Samsung's counsel and

25  employees related to ongoing litigation between Samsung and various third parties that reflects either

26  ─────────────────────

27  [8]   (*See* Dkt. 2807; Tab 6 (Dkt. 2807-6, ¶¶ 5-6, 9-10; Dkt. 2807-16, ¶ 4); Tab 19 (Dkt. 2807-12, ¶ 3; Dkt. 2807-1, ¶ 4; Dkt. 2807-14, ¶ 4); Tab 20 (Dkt. 2807-14, ¶ 4); Tab 215 (Dkt. 2807-5, ¶¶7-10; Dkt. 2807-3, ¶¶ 2-14); Tab 222 (Dkt. 2807-14, ¶5; Dkt. 2807-2, ¶7; Dkt. 2807-9, ¶¶ 3-6); Tab 255 (Dkt. 2807-7, ¶¶3-6); Tab  272 (Dkt. 2807-13, ¶¶ 6, 17, 20; Dkt. 2807-14, ¶6; Dkt. 2807-10, ¶¶2-6).)

28

1   the transmission of legal advice or a request for or provision of legal assistance, or attorney work-

2   product prepared in anticipation of or in the course of litigation.  *In re Grand Jury Investigation*, 974

3   F.2d at 1070; *see also United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1073 (N.D. Cal.

4   2002) ("Communications between a client and its outside counsel are presumed to be made for the

5   purpose of obtaining legal advice.").  The documents are protected from disclosure because they were

6   indisputably prepared because of litigation and would not have been generated otherwise.

7       Apple argues (Dkt. 3159, at 4) that Samsung failed to satisfy its burden of demonstrating

8   privilege because it did not proffer a declaration from *every* one of the "hundreds" (Dkt. 3159, at 3)

9   of recipients of the incompletely redacted Teece Report or explain their role in the litigation.  Of

10  course, Apple itself has not followed in this case or other litigation such a newly minted, and

11  unprecedented, rule that the proponent of privilege must submit declarations from each participant to

12  a communication.  Apple also exaggerates the number of recipients of the emails in question; many

13  were sent to just a handful of people outside of Quinn Emanuel.  (*See*, *e.g.*, Tab 19, Tab 20, Tab 215,

14  Tab 222 (Samsung did not claim privilege over the first email in the chain, Tab 222), Tab 272.)

15  Regardless, Samsung's briefing and declarations discussed the role of the senders and recipients of

16  each communication—including that the communications were made only to those Samsung

17  employees who were involved in the legal disputes that were the subject matter of the

18  communication—and specifically demonstrated why the documents are protected by the attorney-

19  client privilege or work-product doctrine.  (Dkt. 2807.)  Apple's objections exalt form over substance

20  because it fails to identify any particular information contained in the submitted briefing and

21  declarations that is deficient, nor cites any authority requiring a declaration from each recipient.

22  Indeed, Apple's demand for hundreds of declarations, while simultaneously arguing that Samsung's

23  allegedly deficient prior disclosures waived the privilege, reflects its gamesmanship and intention to

24  prolong these proceedings as much as possible.

25      **B.    Apple Waived Its Demand For Production Of Documents**

26      Finally, Apple's request for an order compelling production of not only what it defines as the

27  "Waiver Documents," but also "the portions of the other withheld documents that Judge Grewal

28  found were 'not privileged,'" is meritless.  (Dkt. 3159, at 2.)  As an initial matter, Apple has waived

1   this argument.  Judge Grewal did not order production of the documents subject to his waiver ruling

2   in the Sanctions Order (or the other privileged and work product documents cited in the Sanctions

3   Order), and Apple did not seek relief from that Order on the ground that he failed to do so.  Nor did

4   Apple move to compel production of these documents following issuance of the Sanctions Order,

5   either on its own behalf or by joining Nokia's unsuccessful motion to compel their production.  (Dkt.

6   2988.)   As a result, Apple may not now ask the Court for the first time in its opposition brief to

7   require production of these documents.  *See* Fed. R. Civ. P. 72(a) (14-day deadline to seek relief from

8   magistrate judge's nondispositive order); *cf. Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1174

9   (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate judge's nondispositive

10  order with the district judge to whom the case is assigned forfeits its right to appellate review of that

11  order.")

12       Nor may Apple use its opposition to Samsung's motion as a platform to request production of

13  the documents referenced in the following sentence of the Sanctions Order:  "As to all other

14  documents cited, the court finds that the portions discussed in this order are not privileged."  (Dkt.

15  3159, at 1.)  Samsung's motion challenges Judge Grewal's waiver ruling, but does not challenge this

16  finding, and Samsung does not challenge Judge Grewal's disposition of Apple and Nokia's various

17  requests to compel productions of these documents.  Accordingly, at the very least, Apple's demand

18  for access to documents beyond the seven which it claims are subject to Judge Grewal's waiver

19  ruling is not properly before the Court.  *See* Fed. R. Civ. P. 72(a).  Apple's request that the Court

20  compel production of "portions of the other withheld documents that Judge Grewal found were 'not

21  privileged'" (Dkt. 3159, at 1) is also meritless because Judge Grewal did not rule that those

22  documents were not privileged, but simply confirmed that he was not disclosing or relying upon

23  privileged portions of them in his Sanctions Order.

## Conclusion

25       For the foregoing reasons, Samsung respectfully requests that the Court vacate the finding of

26  waiver stated in footnote 13 of the Sanctions Order and deny Apple's waived and improper request

27  for production of Samsung's privileged documents.

28

1   DATED: July 29, 2014                QUINN EMANUEL URQUHART &
2                                        SULLIVAN, LLP

3

4                                        By /s/ Michael T. Zeller
                                            Charles K. Verhoeven
5                                           Kevin P.B. Johnson
                                            Victoria F. Maroulis
6                                           William C. Price
                                            Michael T. Zeller
7

8                                           Attorneys for SAMSUNG ELECTRONICS CO.,
                                            LTD., SAMSUNG ELECTRONICS AMERICA,
9                                           INC. and SAMSUNG
                                            TELECOMMUNICATIONS AMERICA, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER RE: DOCKET
NO. 2935

1

## ATTESTATION

2          I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file this

3    document.   In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Michael T. Zeller has

4    concurred in this filing.

5    Dated:  July 29, 2014                              /s/ Victoria F. Maroulis

6                                                          Victoria F. Maroulis

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28