QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Defendants. | CASE NO. 11-cv-01846-LHK<br><br>SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS (DKT. 3118)<br><br>Date:     Aug. 14, 2014<br>Time:     1:30 p.m.<br>Place:    Courtroom 8, 4th Floor<br>Judge:    Hon. Lucy H. Koh |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

I.   THE COURT HAS BROAD DISCRETION TO DEFER RULING ON COSTS .............. 1

II.  THE COURT HAS BROAD DISCRETION TO REQUIRE THE PARTIES TO
     BEAR THEIR OWN COSTS EVEN IF APPLE IS THE PREVAILING PARTY............. 4

III. IF COSTS ARE TAXED, THEY SHOULD REFLECT APPLE'S OVERALL
     RATE OF SUCCESS ..................................................................................................... 5

IV.  APPLE FAILED TO MEET ITS BURDEN TO PROVE THAT ITS MASSIVE
     COSTS WERE NECESSARY, REASONABLE, OR TAXABLE .................................... 6

    A.   Apple Failed To Rebut That Its Requested Costs For Court And Deposition
         Transcripts Are Improper And Inflated.................................................................. 6

        1.   Apple Failed To Show It Is Entitled To Excessive Expenses For
             Hundreds Of Deposition Transcripts............................................................ 7

        2.   Apple Failed To Show It Is Entitled To Hearing And Trial
             Transcripts Expenses.................................................................................... 8

    B.   Apple Failed To Show It Is Entitled To Costs Supposedly Related To
         Exemplification And Making Copies...................................................................... 9

        1.   Apple Failed To Show It Is Entitled To The Full Amount It Spent
             Printing Out Millions Of Pages For Its Own Convenience........................... 9

        2.   Apple Failed To Show It Is Entitled To Its Costs For Purchasing
             Hundreds Of Unnecessary Devices............................................................. 12

        3.   Apple Failed To Show It Is Entitled To Graphics And
             Demonstrative Costs Not Tied To Trial....................................................... 12

        4.   Apple Failed To Show Any E-Discovery Expenses Are Attributable
             To Documents Actually Produced. .............................................................. 13

        5.   Apple Admits It Improperly Sought Almost $100,000 For A Review
             Room. .......................................................................................................... 14

    C.   Apple Failed To Show It Is Entitled To Costs For Interpreters. ............................ 14

CONCLUSION ................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

## Cases

*Affymetrix, Inc. v. Multilyte Ltd.*,
No. C 03-03779 WHA, 2005 U.S. Dist. LEXIS 41177 (N.D. Cal. Aug. 26, 2005) ...............7, 8

*Alzheimer's Institute of America, Inc. v. Elan Corp. PLC*,
No. C-10-00482-EDL, 2013 U.S. Dist. LEXIS 31952 (N.D. Cal. Jan. 31, 2013) ...10, 11, 13, 14

*Amarel v. Connell*,
102 F.3d 1494 (9th Cir. 1996).......................................................................................4, 5, 6, 15

*ASIS Internet Servs. v. Optin Global, Inc.*,
No. C-05-5124 JCS, 2008 WL 5245931 (N.D. Cal. Dec. 17, 2008)..........................................3

*ATS Products Inc. v. Ghiorso, No. C 10-4880 BZ*,
2012 WL 1194151 (N.D. Cal. Apr. 10, 2012) ......................................................................8, 9

*Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc.*,
393 F.3d 1378 (Fed. Cir. 2005).................................................................................................5

*City of Alameda, Cal. v. Nuveen Municipal High Income Opportunity Fund*,
No. C 08-4575 SI, 2012 WL 177566 (N.D. Cal. Jan. 23, 2012) ...............................................3

*Cornwell Quality Tools Co. v. C. T. S. Co.*,
446 F.2d 825 (9th Cir. 1971).....................................................................................................5

*Crawford Fitting Co. v. J. T. Gibbons, Inc.*,
482 U.S. 437 (1987) .................................................................................................................15

*In re Eastern Erectors, Inc.*,
396 F. Supp. 797 (E.D. Pa. 1975) .............................................................................................2

*eBay Inc. v. Kelora Systems, LLC*,
2013 U.S. Dist. LEXIS 49835 (N.D. Cal. Apr. 5, 2013).............................................10, 11, 13

*Econ. Laboratories, Inc. v. Donnolo*,
612 F.2d 405 (9th Cir. 1979)..............................................................................................5, 8

*Estate of Pidcock v. Sunnyland America, Inc.*,
726 F. Supp. 1322 (S.D. Ga. 1989) ...........................................................................................2

*Friends of Tahoe Forest Access v. U.S. Dep't of Agric.*,
12-CV-01876 JAM-CKD, 2014 WL 1575622 (E.D. Cal. Apr. 17, 2014) .................................2

*Hilton v. Braunskill*,
481 U.S. 770 (1987) ...............................................................................................................2, 3

*Intermedics, Inc. v. Ventitrex, Inc.*,
No. C-90-20233 JW, 1993 U.S. Dist. LEXIS 17803 (N.D. Cal. Dec. 2, 1993)..........................8

*Ishida Co., Ltd. v. Taylor*,
  No. C-02-01617-JF, 2004 U.S. Dist. LEXIS 24480 (N.D. Cal. Nov. 29, 2004)..........................7

*Jones v. City of Orange Cove*,
  No. 08 CV 0775 DLB, 2010 WL 4875681 (E.D. Cal. Nov. 23, 2010) .......................................3

*Kalitta Air LLC v. Central Tex. Airborne System Inc.*,
  741 F.3d 955 (9th Cir. 2013) ..................................................................................................15

*KiSKA Construction Corp. USA v. Wash. Metropolitan Area Transit Authority*,
  No. 97-2677, 2002 WL 393082 (D.D.C. Mar. 11, 2002) ..........................................................2

*Kilopass Tech. Inc. v. Sidense Corp.*,
  No. C 10-02066 SI, 2013 WL 843104 (N.D. Cal. Mar. 6, 2013) ..............................................3

*Lasic v. Moreno*,
  No. 2:05-cv-0161-MCE, 2007 U.S. Dist. LEXIS 88608 (E.D. Cal. Nov. 21, 2007) ..................2

*League For Coastal Prot. v. Kempthorne*,
  No. C 05 0991 CW, 2007 WL 1982778 (N.D. Cal. July 2, 2007) ..........................................3, 4

*Makreas v. First National Bank of Northern California*,
  No. 3:11-cv-02234-JST, 2014 WL 2582027 (N.D. Cal. June 9, 2014) ......................................4

*Manildra Mill. Corp. v. Ogilvie Mills, Inc.*,
  76 F.3d 1178 (Fed. Cir. 1996) ..................................................................................................5

*Maxwell v. Hapag-Lloyd Aktiengesellschaft*,
  862 F.2d 767 (9th Cir. 1988) ..................................................................................................12

*MEMC Electronic Materials v. Mitsubishi Materials*,
  No. C–01–4925 SBA, 2004 WL 5361246 (N.D. Cal. Oct. 22, 2004)....................................7, 8

*Mformation Technologies, Inc. v. Research in Motion Ltd.*,
  No. C-08-4990 EMC, 2012 WL 6025746 (N.D. Cal. Dec. 4, 2012) .........................................3

*Oscar v. Alaska Department of Education & Early Development*,
  541 F.3d 978 (9th Cir. 2008) ....................................................................................................6

*Parrish v. Manatt, Phelps & Phillips, LLP*,
  No. C 10-03200 WHA 2011 U.S. Dist. LEXIS 41021 (N.D. Cal. Apr. 11, 2011) ...................11

*Pixion Inc. v. PlaceWare Inc.*,
  No. C 03-02909 SI ,2005 WL 3955889 (N.D. Cal. May 26, 2005) ...........................................3

*Plantronics, Inc. v. Aliph, Inc.*,
  No. C 09-01714 WHA, 2012 U.S. Dist. LEXIS 152297(N.D. Cal. Oct. 23, 2012)..............6, 13

*Postx Corp. v. Secure Data in Motion, Inc.*,
  No. 3:02-cv-04483-SI, 2006 WL 2067080 (N.D. Cal. July 24, 2006)....................................5, 6

*In re Ricoh Co., Ltd. Patent Litigation*,
  No. C 03-02289 JW, 2010 WL 8961328 (N.D. Cal. Sept. 29, 2010) .........................................3

*In re Ricoh Co., Ltd., Patent Litigation,*
    661 F.3d 1361 (Fed. Cir. 2011) ..................................................................6, 8, 10, 11, 13, 15

*Serious Materials, LLC v. Supress Products, LLC,*
    2008 U.S. Dist. LEXIS 119709 (N.D. Cal. Mar. 21, 2008) ......................................................10

*Shum v. Intel Corp.,*
    629 F.3d 1360 (Fed. Cir. 2010) .......................................................................................4, 5, 6, 7

*Shum v. Intel Corp.,*
    682 F. Supp. 2d 992 (N.D. Cal. 2009) ...............................................................................12, 13

*Washington State Department of Transport v. Washington Natural Gas Co., Pacificorp,*
    59 F.3d 793 (9th Cir. 1995)......................................................................................................8

*Weco Supply Co. v. Sherwin-Williams Co.,*
    No. 10-CV-00171 AWI, 2013 U.S. Dist. LEXIS 1572 (E.D. Cal. Jan. 3, 2013).......................10

*Zimmerman v. Dickerson,*
    No. 4:05-cv-0031-DFH, 2006 U.S. Dist. LEXIS 84426 (S.D. Ind. Nov. 16, 2006) ...................2

**<u>Statutes and Rules</u>**

28 U.S.C. § 1920 ..............................................................................................................4, 6, 9, 15

N.D. Cal. Civ. L.R. 54-3 .........................................................................................................9, 12, 13

Fed. R. App. P. 39 ................................................................................................................................9

Fed. R. Civ. P. 1 .................................................................................................................................9

Fed. R. Civ. P. 54 .............................................................................................................................2, 6

**INTRODUCTION**

Apple's opposition never explains why it assured the Court it would put off the issue of costs and then two weeks later filed its bill of costs.   Apple's reversal has required extensive review by Samsung and the Clerk, and now the Court — and costs will likely have to be re-decided once the appeal is resolved.   This Court is well within its discretion to delay this issue as it previously asked Apple to do.   Apple's faulty reliance on equitable factors designed for cases staying already-issued orders and judgments does not demand otherwise.

If the merits of costs are "resolved" now, Apple should receive far less than it seeks, if any. Apple concedes that it forced Samsung to litigate numerous claims throughout this case, most of which Apple dropped before trial or lost.   Yet Apple made no effort to seek costs associated only with its successful claims or to reduce its request by an appropriate percentage.   Instead, Apple tries to excuse its excessive request by arguing wrongly that the only relevant inquiry is whether it is the prevailing party, and if so it can seek all its costs, even for claims it dropped, lost, or only partially prevailed upon.   Apple cites no precedent for this novel position, and thus fails to refute Samsung's showing that Apple should not recover any costs, or, at most, no more than 5% of certain costs because that is the rate of its overall litigation success.

Finally, as it has repeatedly done in response to Samsung's pleadings on the issue of costs, Apple again admits to seeking impermissible expenses — this time more than $100,000 spent on a secure review room and e-discovery.   Apple has now admitted to seeking over $475,000 in disallowed costs.   Apple's pattern of withdrawing improper costs only after forcing Samsung to scrutinize thousands of pages reflects in small part the pervasive problems in Apple's costs submissions.   If the Court does not defer ruling on the issue of costs until after the appeal is resolved, it should exercise its discretion to require Apple to bear its own costs.

**I.      THE COURT HAS BROAD DISCRETION TO DEFER RULING ON COSTS**

Courts across the country have long recognized the broad discretion of trial judges to defer considering and ruling on costs while the merits are on appeal.   Samsung's Motion cited more than half a dozen cases agreeing with the basic principle that "[i]t is within the Court's discretion to proceed or defer the taxation of costs while an appeal on the merits is pending" because "[i]t

SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS

1   would be an inefficient use of judicial resources to rule on the Bill of Costs at this time, and then

2   to later re-evaluate the issue after the appeal is completed."   (Dkt. 3118 (Samsung's Motion at 5)

3   (quoting *Lasic v. Moreno*, No. 2:05-cv-0161-MCE, 2007 U.S. Dist. LEXIS 88608, at *2-3 (E.D.

4   Cal. Nov. 21, 2007)).)[1]   Those citations were far from exhaustive.   For example, the Federal

5   Circuit applying Ninth Circuit law held that "[i]t was not error for the district court to wait until

6   the case was finally decided, after the second trial, to determine the prevailing party and award

7   costs."   *Shum v. Intel Corp.*, 629 F.3d 1360, 1370-71 (Fed. Cir. 2010).

8        Further, the Advisory Committee Notes to Rule 54 state that "[i]f an appeal on the merits

9   of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or

10  may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for

11  filing after the appeal has been resolved."   Fed. R. Civ. P. 54 (Notes of Advisory Committee on

12  Rules, 1993 Amendment).   Various cases, including one of those Apple cites, recognize that this

13  reasoning applies equally to costs.   *See Lasic*, 2007 U.S. Dist. LEXIS 88608, at *2-3; *Friends of

14  Tahoe Forest Access v. U.S. Dep't of Agric.*, 12-CV-01876 JAM-CKD, 2014 WL 1575622, at *1

15  (E.D. Cal. Apr. 17, 2014) (cited in Dkt. 3154 at 1).

16       Apple never addresses the widespread, well-established precedent giving broad discretion

17  to trial courts to defer ruling on costs while a merits appeal is pending, and instead argues that a

18  stay can only be issued here if Samsung satisfies the four equitable factors in *Hilton v. Braunskill*,

19  481 U.S. 770, 776 (1987).   (Dkt. 3154 at 1.)   But *Hilton* has no application here — it considered

20  only "the power of district courts and courts of appeals to stay an *order* pending appeal."   *Hilton*,

21  at 776 (emphasis added).   The *Hilton* Court decided how lower courts should determine whether

22  to stay release of prisoners while the orders releasing them were being appealed.   *Id.*   The Court

23  considered "the general standards governing stays of civil judgments" and held "that a court

24  making an initial custody determination under Rule 23(c) should be guided not only by the

25  ─────────────
    [1]   *See id.* (citing *Ishida Co., Ltd. v. Taylor*, No. C-02-01617-JF, 2004 U.S. Dist. LEXIS
26  24480, at *3 (N.D. Cal. Nov. 29, 2004); *KiSKA Constr. Corp. USA v. Wash. Metro. Area Transit
    Auth.*, No. 97–2677, 2002 WL 393082, at *1 (D.D.C. Mar. 11, 2002); *Zimmerman v. Dickerson*,
27  No. 4:05-cv-0031-DFH, 2006 U.S. Dist. LEXIS 84426, at *5-6 (S.D. Ind. Nov. 16, 2006); *In re
    Eastern Erectors, Inc.*, 396 F. Supp. 797, 800 (E.D. Pa. 1975); *Estate of Pidcock v. Sunnyland
28  Am., Inc.*, 726 F. Supp. 1322, 1341 (S.D. Ga. 1989)).

language of the Rule itself but also by the factors traditionally considered in deciding whether to stay a judgment in a civil case."   *Id.* at 776-7.7

Here, Samsung has not requested the Court stay enforcement of any order or judgment, only that it "defer any *decision* on costs until after the merits appeals are resolved."   (Dkt. 3118 (Samsung's Motion at 5) (emphasis added); *see also id.* at 1 ("The Court should postpone any decision on Apple's costs request until all the merits appeals are resolved.").)   Use of the word "stay" by the cases Samsung cited also did not refer to staying an already-issued order or judgment, but to deferring review *before* issuing such an order.   (*See id.* at 5 (collecting cases).)

The cases Apple cites that rely on *Hilton* in the cost context do so with no explanation of why it applied.   *ASIS Internet Servs. v. Optin Global, Inc.*, C-05-5124 JCS, 2008 WL 5245931, at *1 (N.D. Cal. Dec. 17, 2008); *City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund*, C 08-4575 SI, 2012 WL 177566, at *2 (N.D. Cal. Jan. 23, 2012) (citing *ASIS*, not *Hilton*); *In re Ricoh Co., Ltd. Patent Litig.*, C 03-02289 JW, 2010 WL 8961328, at *3-4 (N.D. Cal. Sept. 29, 2010); *Kilopass Tech. Inc. v. Sidense Corp.*, C 10-02066 SI, 2013 WL 843104, at *4-5 (N.D. Cal. Mar. 6, 2013).   Presumably, none of the parties objected to this erroneous application of *Hilton* or cited any of the authority establishing the Court's discretion to defer an award of costs when the merits are appealed.   *See, e.g.*, *Mformation Technologies, Inc. v. Research in Motion Ltd.,* No. C-08-4990 EMC, 2012 WL 6025746, at *3 (N.D. Cal. Dec. 4, 2012) ("Both parties concede[d] that the court should apply the four factor test from *Hilton v. Braunskill*.").   Yet such weak opposition is a hallmark of the cases Apple relies on.   *E.g.*, *Pixion Inc. v. PlaceWare Inc.*, No. C 03-02909 SI, 2005 WL 3955889, at *2 (N.D. Cal. May 26, 2005) ("Pixion cites no authority for this request, and the Court declines to grant a stay."); *Jones v. City of Orange Cove*, No. 08 CV 0775 DLB, 2010 WL 4875681, at *2 (E.D. Cal. Nov. 23, 2010) (following *Pixion* because "Plaintiff has not cited any case law entitling her to such a stay.").   Apple should not be allowed to inject the errors it advocates here, particularly over Samsung's thoroughly supported objection.

Misplaced reliance on *Hilton* seems to have crept into this District after the 2007 decision in *League For Coastal Prot. v. Kempthorne*, No. C 05 0991 CW, 2007 WL 1982778 (N.D. Cal. July 2, 2007), which properly applied *Hilton* concerning an interim *order* requiring payment of

1   certain costs, notwithstanding that the order was on appeal.  *Id.* at *1-3.   But the ensuing leap

2   some courts made from applying *Hilton* to stay an order of costs to applying it to deferring a

3   ruling on costs has never been explained or harmonized with the well-established precedent to the

4   contrary.

5        Instead of taking the erroneous path Apple offers, the Court should follow the ample

6   authority upholding trial courts' discretion to defer taxing costs until the judgment is final after

7   appeal.   This is the only way to ensure avoiding the time and detail-intensive review required of

8   determining costs again since reversal of any part of a judgment automatically reverses the costs

9   award in its entirety.   *E.g.*, *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996); *see also* 28

10  U.S.C. § 1920 ("A bill of costs shall be filed in the case and, upon allowance, included in the

11  judgment or decree.").   The Court's initial inclination to defer the cost determination until after

12  the appeal is resolved was exactly right.   (Dkt. 2844 (11/19/13 Tr.) at 1418-1423.)

13  **II.      THE COURT HAS BROAD DISCRETION TO REQUIRE THE PARTIES TO**
    **BEAR THEIR OWN COSTS EVEN IF APPLE IS THE PREVAILING PARTY**

14       Notwithstanding Apple's erroneous assertions to the contrary (Dkt. 3154 at 3-5), the Court

15  has broad discretion to order the parties to bear their own costs here where the vast majority of

16  Apple's sought costs are associated with claims it either dropped throughout litigation or lost in

17  whole or part at trial.   (*See* Dkt. 3118 (Samsung's Motion at 6-8).)   Apple confuses the issue by

18  conflating the Court's threshold decision of which party is the "prevailing" party — a conclusion

19  Samsung did not challenge — with the separate, and contested, inquiry of which costs should be

20  awarded to Apple, if any at all.   As the Federal Circuit explained: "An award of costs thus

21  involves two separate inquires.   First, who is the 'prevailing party' within the meaning of Rule

22  54(d)(1).   Second, how much (if any) costs should be awarded to the prevailing party."   *Intel*

23  *Corp.*, 629 F.3d at 1366 (citation omitted).

24       As to the second inquiry, the Court retains broad discretion to deny costs altogether where

25  the prevailing party was not completely successful.   "Depending on the extent and nature of the

26  prevailing party's victory, it may be proper for the trial court to award only low costs *or no costs*

27  *at all*."   *Intel Corp.*, 629 F.3d at 1367 n.8 (emphasis added); *Makreas v. First National Bank of*

28

SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS

*Northern California*, No. 3:11-cv-02234-JST, 2014 WL 2582027, at *9 (N.D. Cal. June 9, 2014) (ordering parties to bear their own costs even though defendant prevailed on eight of ten claims); *Postx Corp. v. Secure Data in Motion, Inc.*, No. 3:02-cv-04483-SI, 2006 WL 2067080, at *2 (N.D. Cal. July 24, 2006) (same, where one party prevailed on three of four claims); *Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996) ("[E]ven if a party satisfies the definition of prevailing party, the district court judge retains broad discretion as to how much to award, *if anything*.") (emphasis added).   Apple cites no authority holding otherwise.

## III.   IF COSTS ARE TAXED, THEY SHOULD REFLECT APPLE'S OVERALL RATE OF SUCCESS

Apple fails to rebut Samsung's showing that if costs are awarded, they should be apportioned according to Apple's overall litigation success rate of 5%.   Apple's cite to *Brooks Furniture Mfg., Inc. v. Dutailier Int'l., Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005), is inapposite. (Dkt. 3154 at 4.)   Even if the Court does not look to the "number of claims asserted throughout the litigation" or "on which each party succeeded" to determine which side is the prevailing party under the first step of the costs inquiry, *Brooks*, at 1381, the Court can and should look to those facts in determining the *amount* to award that party under step two.   *See Intel Corp.*, 629 F.3d at 1366-67; *Amarel*, 102 F.3d at 1524.

Apple's attempt to characterize *Amarel* as merely "suggest[ing] that costs should be allocated" between successful and unsuccessful claims (Dkt. 3154 at 7) fails.   In fact, the Ninth Circuit said it was "necessary" to do so.   *Amarel*, 102 F. 3d at 1524 ("allocation of costs is necessary"); *id.* at 1524 (trial court must "separate the costs incurred on the Section 1 claim from those incurred on the Section 2 claim" if it does not deny costs altogether on a mixed judgment); *see also Cornwell Quality Tools Co. v. C. T. S. Co*., 446 F.2d 825, 833 (9th Cir. 1971) ("The district court has broad discretion in apportioning and taxing costs where, as here, neither party completely prevailed."); *accord Econ. Lab., Inc. v. Donnolo*, 612 F.2d 405, 411 (9th Cir. 1979); *Intel Corp.*, 629 F.3d at 1370-71 ("It was not unreasonable for the district court to consider which claims the parties respectively won, or to reduce the prevailing party's costs award to reflect the extent of its victory (i.e., the claims it lost).").

1    Apple admits that the majority of its claims were dropped prior to trial and "preserved for

2    another day" (Dkt. 3154 at 4), yet Apple never denies that the expenses it seeks include millions of

3    dollars associated with those "preserved" claims on which it never prevailed.    Apple instead

4    asserts that dropping claims in "response to the Court's direction to streamline the case for trial is

5    not a basis for reducing its costs recovery."    (Dkt. 3154 at 4.)    That is wrong.    A plaintiff

6    cannot "prevail" on a claim it dropped, regardless of whether it was dropped voluntarily or not.

7    *See Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008).    Winning a

8    claim, which is required to obtain costs for it, is far different than simply not losing it.    *Postx*

9    *Corp.*, 2006 WL 2067080, at *2 n.1 (costs were "grossly excessive and out of proportion with

10   [party's] limited success" where they included dismissed claims).    Because Apple has offered no

11   alternative way of allocating its costs only to claims it actually took to trial and succeeded on, if

12   costs are awarded, the Court should reduce them according to Apple's ability to prevail on only

13   5% of the legal issues litigated in its case.

14   **IV.    APPLE FAILED TO MEET ITS BURDEN TO PROVE THAT ITS MASSIVE
          COSTS WERE NECESSARY, REASONABLE, OR TAXABLE**

15   
16       Apple concedes through its silence that it bears the "burden to establish and support the

     amount to which it is entitled" and that it must "necessarily assume the risks inherent in a failure
17   
     to meet that burden."    *In re Ricoh Co.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011); *Plantronics, Inc. v.*
18   
     *Aliph, Inc.*, No. C 09-01714 WHA, 2012 U.S. Dist. LEXIS 152297, at *3 (N.D. Cal. Oct. 23,
19   
20   2012) ("Nothing about *Stanley* [*v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999)] or Rule

21   54(d)'s presumption excuses a prevailing party from itemizing its costs with enough detail to

22   establish that each expense is taxable under section 1920.").    Apple failed to meet that burden

23   because it did not show that its sought costs were (i) properly taxable, (ii) reasonable, and

     (iii) allocable to its successful claims.    *In re Ricoh*, 661 F.3d at 1367; *Amarel*, 102 F.3d at 1524.
24   
25   **A.    Apple Failed To Rebut That Its Requested Costs For Court And Deposition
              Transcripts Are Improper And Inflated.**

26       The basic principle for recovering transcript costs is that they must be shown to have been

27   "necessarily obtained for use in the case."    28 U.S.C. § 1920(2).    Apple sought far more

28   transcript costs than necessary, including multiple copies and formats for its own convenience,

expensive expediting services, and transcripts unrelated to its successful claims.   (*See* Dkt. 3118 (Samsung's Motion at 8-12).)   Apple's excuses for doing this only serve to confirm that the costs it seeks are impermissible.

### 1. Apple Failed To Show It Is Entitled To Excessive Expenses For Hundreds Of Deposition Transcripts.

Apple's attempt to foist onto Samsung the excessive costs of buying multiple formats and expedited versions of hundreds of deposition transcripts is unsupportable, as is its request to recover costs for deposition transcripts with no proof that it needed them for the claims it won. First, Apple admits it seeks multiple copies of depositions where the Local Rules allow just one. (Dkt. 3154 at 6.)   Nevertheless, Apple wants reimbursement for over two hundred expedited e-transcripts, many of which run over $1,000 each, and total $122,931.20.   (*See* Dkt. 3118 (Samsung's Motion at 8-9).)   Apple tries to justify the excessive costs, saying the price of the e-copies are "substantially the same as the paper copy."   (Dkt. 3154 at 7.)   The originals of the written and videotaped depositions are already quite expensive because they include the cost of the stenographer and videographer's time.   (Dkt. 3119 (Apple's Motion at 6) (admitting its costs include these charges).)   The cost of a true copy of either the written transcript or video should therefore be a fraction of the original.   *See, e.g.*, *MEMC Elec. Materials v. Mitsubishi Materials*, No. C–01–4925 SBA, 2004 WL 5361246, at *5-6 (N.D. Cal. Oct. 22, 2004) (copies of transcripts only $55).   Here they are not — and are frequently *more* expensive than the original — because the price is for the cost of Apple getting "certified transcript[s]" for "*immediate* delivery," as the invoices show.   (*See, e.g.*, Dkt. 2853-2 (Ex. A-1 (Pt. 1) at 2-96).)

Apple tries to downplay these costs saying that what its schedules refer to as an "expedited transcript" is really just an "electronic copy of the written transcript."   (Dkt. 3154 at 7.)   This misses the point.   Regardless of the copy's format, Apple fails to justify why it was necessary, and not just convenient, to get "immediate delivery" of nearly every transcript, in addition to a hard copy and video.   These costs are simply not recoverable.   *See Affymetrix, Inc. v. Multilyte Ltd.*, No. C 03-03779 WHA, 2005 U.S. Dist. LEXIS 41177, at *1 (N.D. Cal. Aug. 26, 2005) (disallowing "expedited delivery" and "E-transcripts" charges); *Ishida*, 2004 U.S. Dist. LEXIS

1   24480, at *5 (same); *Intermedics, Inc. v. Ventitrex, Inc.*, No. C-90-20233 JW, 1993 U.S. Dist.

2   LEXIS 17803, at *7-8 (N.D. Cal. Dec. 2, 1993) (disallowing "higher rate for expedited service"

3   because it impermissibly "inflated the expenses").

4         Apple is also incorrect that it can recoup the cost of several copies of the written transcript

5   in addition to the video.   Courts agree that the cost of third copies is impermissible.   *See, e.g.*, *In*

6   *re Ricoh*, 661 F.3d at 1370 (allowing costs for only one written and one videotaped version of

7   each deposition); *see also ATS Prods. Inc. v. Ghiorso*, No. C 10-4880 BZ, 2012 WL 1194151, at

8   *1 (N.D. Cal. Apr. 10, 2012); *Affymetrix*, 2005 U.S. Dist. LEXIS 41177, at *6-7.   Apple's lone

9   cited case on this point agrees: "The rule does not allow parties to recover the costs of obtaining

10  multiple copies of videos or transcripts."   *MEMC Elec. Materials*, 2004 WL 5361246, at *3.

11        Contrary to Apple's assertion (Dkt. 3154 at 6), its excessive deposition transcript costs can

12  be denied where Apple failed to show it needed all of them for trial, and therefore failed to show

13  they were necessary.   Under Ninth Circuit law, "denying deposition costs [even if] solely on the

14  grounds that the depositions were not used at trial . . . is within the district court's discretion."

15  *Washington State Dep't of Transp. v. Washington Natural Gas Co.*, 59 F.3d 793, 806 (9th Cir.

16  1995); *see also Econ. Lab., Inc. v. Donnolo*, 612 F.2d 405, 411 (9th Cir. 1979)).

17        Despite multiple rounds of costs submissions and briefing, Apple still has not offered the

18  Court a declaration stating which of the hundreds of duplicate deposition transcripts, videos, and

19  e-transcripts it seeks reimbursement for were "necessarily obtained for use in the case."   At most,

20  Apple claimed in one declaration that, at the outset of the case, it had a general "need to take a

21  significant number of depositions."   (Dkt. 2853 (Krevans Decl. ¶ 9).)   Even if taking or

22  attending all of the depositions was deemed necessary at the time (Dkt. 3154 at 7), Apple offers no

23  support for its implicit position that it was necessary to order the transcript of every deposition, let

24  alone multiple copies in multiple formats for thousands of dollars apiece.

25              **2.    *Apple Failed To Show It Is Entitled To Hearing And Trial Transcripts***
                        ***Expenses.***

26

27        The Local Rules allow the costs of court reporter transcripts only if they were (1)

28  necessary for an appeal; (2) necessary to reduce an oral court order to writing; or (3) approved

1   beforehand.   (*See* Dkt. 3118 (Samsung's Motion at 11 (quoting Civ. L.R. 54-3(b))).)   Apple

2   oddly asserts that Samsung misstated the Local Rule by omitting the first two of those categories

3   in its brief (Dkt. 3154 at 8), but the sentence immediately before the one Apple quotes contains the

4   supposedly missing material (*see* Dkt. 3118 (Samsung's Motion at 11, lines 12-14)).

5        To the extent Samsung did not previously discuss the "necessary for appeal" category, it is

6   because Apple did not previously rely on it; Apple began to claim it was entitled to the transcript

7   costs within this category only after Samsung filed its Motion.   (Dkt. 3154 at 8; Dkt. 3119 at 7.)

8   In any event, Apple fails to show it meets the Local Rule's narrow criteria of "[t]he cost of

9   transcripts necessarily obtained for an appeal."   Civ. L.R. 54-3(b)(1).   Apple nowhere shows

10  that when it purchased multiple copies of transcripts for half the hearings in this case, it did so for

11  the purpose of an appeal that had not even begun.   Moreover, Apple first needs to prevail on the

12  appeal before seeking costs associated with it.   *See* Fed. R. App. P. 39(e)(2) (making cost of "the

13  reporter's transcript" taxable in the district court only if party prevails).   And the transcript has to

14  have been "needed to determine the appeal."   *Id.*   Apple nowhere shows that every hearing and

15  trial transcript will be cited on appeal, much less that it will be necessary to it.   Nor could it.

16  For example, Apple has now filed its appeal brief, and it fails to cite any hearing transcripts.

17  Under these circumstances, Apple's transcript costs are not all necessary and recoverable.

**B.     Apple Failed To Show It Is Entitled To Costs Supposedly Related To Exemplification And Making Copies.**

18

19

20       The Rules of Civil Procedure require they be construed and administered so as "to secure

    the just, speedy, and *inexpensive* determination of every action and proceeding."   Fed. R. Civ. P.

21  1 (emphasis added).   This rule applies with special force to the nearly $5 million in discretionary

22  expenses Apple seeks under a narrow category that covers only costs for "exemplification" and

23  "making copies," and only if those costs are proved to be "necessary."   28 U.S.C. § 1920.

24

**1.     *Apple Failed To Show It Is Entitled To The Full Amount It Spent Printing Out Millions Of Pages For Its Own Convenience.***

25

26       The principle governing taxing copying costs is clear: "When the prevailing party seeks to

27  recover copying costs . . . [it] must establish . . . that the reproduced documents were [1] produced

28  by it pursuant to Rule 26 or other discovery rules; [2] that they were copied at the prevailing

1 | party's expense and at the request of the opposing party; and [3] that the copies were tendered to

2 | the opposing party."   *In re Ricoh*, 661 F.3d at 1368 (applying Ninth Circuit law and this

3 | District's Rules).    Apple fails to show that any of its alleged copying costs meet these criteria.

4 | Instead, it tries to excuse its insufficient documentary evidence, arguing that its conclusory

5 | attorney declarations make up for its deficient invoices and that it need not link any alleged costs

6 | to actual document production.    Both are wrong.

7 | Apple's reliance on *Serious Materials, LLC v. Supress Prods., LLC*, 2008 U.S. Dist.

8 | LEXIS 119709, at *31-32 (N.D. Cal. Mar. 21, 2008) is misplaced.    There, "the court [saw] no

9 | reason to question the declaration signed by Supress's counsel that the costs are compliant."

10 | (Dkt. 3154 at 9 (quoting *Serious Materials*).)    In contrast, Samsung has identified multiple

11 | reasons to question the accuracy of Apple's declarations, including identifying receipts showing at

12 | least a half million pages printed out for the convenience of Apple's counsel, as well as Apple's

13 | repeated withdrawal of costs.   (*See* Dkt. 3118 (Samsung's Motion at 13-14 & n.6).)    Apple's

14 | attorney declarations even admit that "Apple seeks its costs of reproducing documents for

15 | purposes of disclosure and other formal discovery processes, *including 'copying costs for copies*

16 | *made for the convenience, preparation, research, or records of counsel.*'"    (Dkt. 2854 (Selwyn

17 | Decl. ¶ 17) (emphasis added) (relying on the out-of-district case *Weco Supply Co. v. Sherwin-*

18 | *Williams Co.*, No. 1:10-CV-00171 AWI BAM, 2013 U.S. Dist. LEXIS 1572, at *14-15 (E.D. Cal.

19 | Jan. 3, 2013)); *accord* Dkt. 2853 (Krevans Decl. ¶ 18).)    However, this District forbids recovery

20 | of costs for the convenience of counsel.    *See, e.g.*, *eBay Inc*. *v. Kelora Systems, LLC*, 2013 U.S.

21 | Dist. LEXIS 49835, at *19-21 (N.D. Cal. Apr. 5, 2013) ("[C]opies made solely for counsel's

22 | convenience or the litigant's own use are not recoverable because they are not 'necessarily'

23 | obtained for use in the case.").    Thus, far from the "detailed explanatory declaration of counsel"

24 | in *Alzheimer's Inst. of Am., Inc. v. Elan Corp. PLC*, No. C-10-00482-EDL, 2013 U.S. Dist. LEXIS

25 | 31952, at *12 (N.D. Cal. Jan. 31, 2013), that made up for deficient invoices, Apple's declarations

26 | are even *more* deficient than its nebulous receipts, and they openly admit copies it seeks to recover

27 | for were made for non-taxable purposes.    Moreover, the *Serious Materials* court evaluated

28 | invoices totaling $1,867, nearly a thousand times less than what Apple claims in this category

1   alone.   Modest requests such as those in *Serious Materials* do not require the same level of detail

2   as demands for millions of dollars, where a court cannot merely accept conclusory attorney

3   statements in lieu of detailed invoices or declarations.   *See, e.g.*, *eBay Inc*., 2013 U.S. Dist.

4   LEXIS 49835, at *17-18 (citing *In re Ricoh*, 661 F.3d at 1368).

5           Apple also wrongly argues that costs sought for copies need not be linked to documents

6   actually produced to Samsung.   (Dkt. 3154 at 10.)   That is contrary to the rule the Federal

7   Circuit established in *In re Ricoh* under this District's Rules.   *In re Ricoh*, 661 F.3d at 1368.

8   Apple never claims that rule is wrong, only that a few exceptions exist.   However, those

9   exceptions arose when cases were dismissed and discovery was halted before formal document

10   production occurred.   *Parrish v. Manatt, Phelps & Phillips, LLP*, No. C 10-03200 WHA, 2011

11   U.S. Dist. LEXIS 41021, at *2 (N.D. Cal. Apr. 11, 2011) (judgment entered after successful

12   motion to dismiss); *Alzheimer's Inst.*, 2013 U.S. Dist. LEXIS 31952, at *3 (case stayed at

13   inception and dismissed based on verdict and judgment in parallel case).   Modest recovery was

14   allowed only after the prevailing parties proved that their sought costs were directly tied to

15   documents they would have produced if discovery had continued.   *Parrish*, at *7 ("The

16   challenged reproduction costs relate to *client documents* that would be collected, reviewed, and

17   produced as possible *evidence*."); *Alzheimer's Inst.*, at *18 (allowing recovery only for

18   "documents collected and entered into the database [that] were responsive to AIA's requests").

19   And even then, *Alzheimer's Institute* required the prevailing party to submit a revised itemized

20   declaration reducing costs because the party admitted that not all of the documents it sought

21   reimbursement for were responsive to the other side's discovery requests.   *Id.* at *18.   Costs

22   were also not recoverable for routine case papers or any copies made for the convenience of

23   counsel.   *Parrish*, at *7-8; *Alzheimer's Inst.*, at *12.

24           The narrow exception to *In re Ricoh* that documents need not "be actually produced to the

25   other side for [the party's] production costs to be taxed" requires that "they were collected and

26   prepared for that purpose but not ultimately turned over for a legitimate reason."   *Alzheimer's*

27   *Inst.*, 2013 U.S. Dist. LEXIS 31952, at *10.   That does not apply here, where the case progressed

28   beyond discovery.   Thus, Apple fails to meet both the rule stated in *In re Ricoh* or any exception.

**2.      Apple Failed To Show It Is Entitled To Its Costs For Purchasing Hundreds Of Unnecessary Devices.**

Apple attempts to recoup over $123,000 its counsel spent buying hundreds of Samsung, Apple, and third party devices, under the guise of "demonstrative evidence," but provides no proof it needed all of them at trial.    (Dkt. 3118 (Samsung's Motion at 14-15); Dkt. 3155 (Samsung's Opp. at 10).)    Apple's only argument is that the Ninth Circuit generally allows demonstrative evidence within the "fees for exemplification" category of the costs statute.    (Dkt. 3154 at 11.)    But the Ninth Circuit requires the party seeking costs for demonstratives to prove they "were used in the trial, were necessary for an understanding of the issues, and were of material aid to the jury."    *Maxwell v. Hapag-Lloyd Aktiengesellschaft*, 862 F.2d 767, 770 (9th Cir. 1988); *see also* Civ. L.R. 54-3(d)(5) (demonstrative evidence must have been "reasonably necessary to assist the jury or the Court in understanding the issues at trial.")    Apple cannot meet this standard.    It fails to offer any explanation, for example, of why Samsung should pay for Apple's decision to buy thirty six iPads and iPhones, twelve Samsung Galaxy Tab 10.1s, or eleven Galaxy S Vibrants, let alone hundreds of other devices that were not exhibits or otherwise at issue in the case.    (Dkt. 3118 (Samsung' Motion at 14-15); Dkt. 3155 (Samsung's Opp. at 10).)

Apple admits it seeks more than just "the costs of accused Samsung devices that Apple used as trial exhibits."    (Dkt. 3154 at 11.)    Samsung never argued otherwise, as Apple claims. (*Id.*)    And Apple offers no rebuttal to what Samsung actually pointed out — that Apple had presented an excessive claim that justified no recovery, or at most, nothing more than the cost of one unit of each device actually admitted as an exhibit on a claim for which Apple succeeded. (Dkt. 3118 (Samsung's Motion at 15); Dkt. 3155 (Samsung's Opp. at 11).)

**3.      Apple Failed To Show It Is Entitled To Graphics And Demonstrative Costs Not Tied To Trial.**

As with the physical devices, graphics are only compensable if Apple proved they "were used in the trial, were necessary for an understanding of the issues, and were of material aid to the jury."    *Maxwell*, 862 F.2d at 770.    Apple tries to find an exception big enough for its $1.5 million request, but none exists.    First, *Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 1000 (N.D. Cal. 2009), *aff'd without discussion of this point,* 629 F.3d 1360 (Fed. Cir. 2010), fails to discuss or

1   even cite to *Maxwell,* and ignores that a demonstrative must have been "reasonably necessary to

2   assist the jury or the Court in understanding the issues *at trial.*"   Civ. L.R. 54-3(d)(5) (emphasis

3   added).   A demonstrative never shown to the jury could not have been necessary to assist it.

4          Second, even if *Shum* were not contrary to *Maxwell*, it cannot bear near the weight Apple

5   places on it.   While not requiring that every demonstrative be used at trial, the *Shum* court did

6   require proof that each demonstrative was created to be used *at trial*.   *Shum*, 682 F. Supp. 2d at

7   1000.   Thus, graphics created for a mock trial were impermissible, even though the prevailing

8   party claimed it created them with the actual jury in mind and used some of them at the trial.   *Id.*

9   The court rejected the sworn statement because the "declaration does not give the Court much

10  guidance as to what percentage of the exhibits" were used at trial.   The burden was on the party

11  seeking reimbursement "to demonstrate that the taxation of costs [was] appropriate" and it failed,

12  so none of the mock trial costs were allowed.   *Id.* at 1001.   The same should occur here.

13         Finally, Apple has not simply failed to prove "whether or not *every last one*" of its

14  demonstratives "was presented at trial."   (Dkt. 3154 at 12.)   Rather, Apple's costs submission

15  failed to connect *any* of the $1.5 million Apple spent over several years with demonstratives

16  actually used at trial, and it never even argues they were.   (*See* Dkt. 3118 (Samsung's Motion at

17  15-17).)   This was obviously not outside of Apple's ability, as for the first time, in its opposition,

18  it connected a few entries in one invoice with four demonstratives supposedly used at trial.   (Dkt.

19  3154 at 12.)   This late effort is too little.   Even under *Shum*, Apple failed to prove its costs.

20              **4.    *Apple Failed To Show Any E-Discovery Expenses Are Attributable To
                       Documents Actually Produced.***

21

22         E-discovery costs are only recoverable to the extent they equate to the traditional costs of

23  making paper copies for production in formal discovery.   *See, e.g.*, *Plantronics*, 2012 U.S. Dist.

    LEXIS 152297, at *43; *eBay Inc.*, 2013 U.S. Dist. LEXIS 49835, at *25-26; *In re Ricoh*, 661 F.3d

24  at 1367-69; *Alzheimer's Inst.*, 2013 U.S. Dist. LEXIS 31952, at *16-18.   Therefore, Apple must

25  prove "the reproduced documents were [1] produced by it pursuant to Rule 26 or other discovery

26  rules; [2] that they were copied at the prevailing party's expense and at the request of the opposing

27  party; and [3] that the copies were tendered to the opposing party."   *In re Ricoh*, 661 F.3d at

28

1368.    Yet Apple never provides evidence showing how the entire $1.5 million it seeks for e-discovery was necessarily incurred for its purported production of 338,860 electronic documents. (Dkt. 3154 at 13.)

Instead of explaining how it could be reasonable to spend over $.50 per page preparing predominantly electronic documents for production in electronic format (*see* Dkt. 3155 (Samsung's Opp. at 14-15)), Apple tries to defend just a few discrete invoice entries, and ultimately withdraws even more disallowed expenses.   (Dkt. 3154 at 14-15 & n.1 (withdrawing an additional $9,509.40 in "erroneously included costs").)   Even its justification for technician time is faulty in light of the narrow interpretation required for the costs statute.   *See, e.g.*, *Alzheimer's Inst.*, 2013 U.S. Dist. LEXIS 31952, at *16-17 ("[S]imilar to the need in the paper-document era for members of the litigation team to gather and organize boxes of documents in warehouses for review and production, the fact that preliminary tasks related to organizing and maintaining electronic data are necessary does not make them taxable under Section 1920."). Again, Apple's statements about what might theoretically be recoverable in this category fail to satisfy its burden of proving its costs were taxable, modest, and necessarily tied to actually produced documents.

### 5.   *Apple Admits It Improperly Sought Almost $100,000 For A Review Room.*

Apple admits, again, that it included improper expenses in its bill of costs.   This time it withdraws its claim for nearly $100,000 for a review room (Dkt. 3154 at 15), which Samsung objected to from the beginning (Dkt. 2930 (Samsung's Objections at 21)).   Still, Apple tries to shift the blame for its error, saying Samsung raised an additional objection to this cost for the first time in its motion.   (Dkt. 3154 at 15.)   Apple's implicit argument that it is entitled to any improper costs that Samsung does not expose misapprehends Apple's burden of proof.

### C.   Apple Failed To Show It Is Entitled To Costs For Interpreters.

*Trial Interpreters.*   Apple concedes it agreed before trial to split the cost of the lead trial interpreter, but asserts that nothing precludes it from reversing course now.   (Dkt. 3154 at 15.) Apple fails to address or rebut Samsung's authority showing that Apple's agreement is dispositive, especially where Apple points to no evidence that the agreement was only an interim one.   *In re*

*Ricoh*, 661 F.3d at 1366-67 ("[T]he parties' agreement [to split costs] is best interpreted as agreeing to a final, not an interim, sharing of costs.").

The trial interpreter also worked with only two witnesses at trial, Jin Soo Kim and Jeeyeun Wang.   (Dkt. 1841 (8/15/12 Tr.) at 2801:21-2835:25; Dkt. 1840 (8/16/12 Tr.) at 2522:16-2557:21.)   Mr. Kim was questioned almost exclusively about the design of Samsung's accused tablet devices, which were found *not* to infringe or dilute any Apple design patent or trade dress. Even if there had been no express agreement by Apple to split costs, as a practical matter the costs should be split here based on Apple's loss on tablet design.   *See Amarel*, 102 F.3d at 1524.

Apple also fails to rebut that it cannot recover the cost of its optional "check" interpreter because Apple never showed that the cost was "necessarily incurred" as required.   (*See* Dkt. 2853 (Krevans Decl. ¶¶ 44-48) (failing even to mention it sought expenses for a secondary check interpreter); *see also* Dkt. 3118 (Samsung's Motion at 21).)   Even in its opposition, Apple fails to claim the check interpreter was necessary — particularly since it agreed to the official translator. Instead, Apple says that "[t]he statute does not limit recovery of interpretation costs to main interpreters."   (Dkt. 3154 at 16.)   It is insufficient to assert that a discretionary expense is recoverable merely because it is not excluded by the costs statute.   Courts have no discretion to award costs outside the taxable categories of 28 U.S.C. § 1920, *see Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987), and the scope of those categories must be construed narrowly, *see Kalitta Air LLC v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013).

*Deposition Interpreters.*   Apple fails to rebut — and therefore concedes — all of Samsung's arguments showing that Apple's excessive request for deposition interpretation expenses should be rejected entirely or at least significantly reduced according to Apple's 5% overall success rate.   (*See* Dkt. 3118 (Samsung's Motion at 21-22 & n.8).)

## CONCLUSION

The Court should postpone resolving the issue of costs until after the merits appeal process is complete, including any further litigation that may occur as a result.   Alternatively, the Court should order that each party bears its own costs.   If the Court taxes costs for Apple now, the maximum amount that should be allowed is $41,031.20, as explained in Samsung's Motion.

1    DATED: July 31, 2014              QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
2

3                                      By    /s/ Victoria F. Maroulis
                                             Charles K. Verhoeven
4                                            Kathleen M. Sullivan
                                             Kevin P.B. Johnson
5                                            Victoria F. Maroulis
                                             Michael T. Zeller
6
                                       Attorneys for SAMSUNG ELECTRONICS CO.,
7                                      LTD., SAMSUNG ELECTRONICS AMERICA,
                                       INC., and SAMSUNG
8                                      TELECOMMUNICATIONS AMERICA, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28