HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS**<br><br>Date:       August 14, 2014<br>Time:      1:30 p.m.<br>Place:     Courtroom 8, 4th Floor<br>Judge:     Hon. Lucy H. Koh |

# TABLE OF CONTENTS

I.    SAMSUNG'S PENDING APPEAL DOES NOT WARRANT A STAY OF THE
      TAXATION OF COSTS ........................................................................................1

II.   ALLOCATION OF COSTS IS IMPROPER BECAUSE APPLE IS THE CLEAR
      PREVAILING PARTY .........................................................................................3

III.  SAMSUNG HAS NOT REBUTTED THE PRESUMPTION THAT APPLE IS
      ENTITLED TO THE COSTS IT SEEKS ...............................................................4

      A.    Apple Is Entitled to Its Requested Costs Related to Printed or
            Electronically Recorded Transcripts.........................................................4

            1.    Deposition Transcripts.....................................................................4

            2.    Hearing and Trial Transcripts ..........................................................6

      B.    Apple Is Entitled to Its Requested Costs Related to Exemplification, Costs
            of Making Copies, and Related Items........................................................7

            1.    Costs of Making Copies....................................................................7

            2.    Devices .............................................................................................9

            3.    Trial Graphics and Demonstratives ................................................10

            4.    Electronic Discovery ......................................................................11

            5.    Secure Room ...................................................................................13

      C.    Apple Is Entitled to Its Requested Costs Related to Interpreters...........13

IV.   SUMMARY OF REQUESTED COSTS..............................................................13

V.    CONCLUSION...................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Affymetrix, Inc. v. Multilyte Ltd.*,
    No. C 03-03779 WHA, 2005 WL 2072113 (N.D. Cal. Aug. 26, 2005)..................................6

*Alzheimer's Inst. of Am., Inc. v. Elan Corp. PLC*,
    No. C-10-00482-EDL, 2013 U.S. Dist. LEXIS 31952 (N.D. Cal. Jan. 31, 2013)..............8, 12

*Amarel v. Connell*,
    102 F.3d 1494 (9th Cir. 1996) ........................................................................................2, 3

*ASIS Internet Servs. v. Optin Global, Inc.*,
    No. C-05-5124 JCS, 2008 WL 5245931 (N.D. Cal. Dec. 17, 2008), *aff'd sub nom.*
    *ASIS Internet Servs. v. Azoogle.com, Inc.*, 357 F. App'x 112 (9th Cir. 2009) .........................2

*Asyst Techs. v. Emtrak Inc.*,
    No. C 98-20451 JF(HRL), 2009 WL 668727 (N.D. Cal. Mar. 13, 2009) ......................6, 7, 10

*Competitive Techs. v. Fujitsu Ltd.*,
    No. C-02-1673 JCS, 2006 WL 6338914 (N.D. Cal. Aug. 23, 2006)..................................8, 11

*Computer Cache Coherency Corp. v. Intel Corp.*,
    No. C-05-01766 RMW, 2009 WL 5114002 (N.D. Cal. Dec. 18, 2009) ...............................10

*Ebay Inc. v. Kelora Systems, LLC*,
    Nos. C 10-4947 CW (LB), 2013 U.S. Dist. LEXIS 49835 (N.D. Cal. Apr. 5, 2013) .........8, 12

*Friends of Tahoe Forest Access v. U.S. Dep't of Agric.*,
    No. 12-CV-01876 JAM-CKD, 2014 WL 1575622 (E.D. Cal. Apr. 17, 2014) ........................1

*Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*,
    920 F.2d 587 (9th Cir.1990) ...............................................................................................10

*Hilton v. Braunskill*,
    481 U.S. 770 (1987).....................................................................................................1, 2, 3

*In re Ricoh Co. Patent Litig.*,
    661 F.3d 1361 (Fed. Cir. 2011) ......................................................................................8, 12

*Ishida Co. v. Taylor*,
    No. C-02-01617-JF (PVT), 2004 U.S. Dist. LEXIS 24480 (N.D. Cal. Nov. 29, 2004)...........2

*KiSKA Const. Corp.-USA v. Wash. Metro. Area Transit Auth.*,
    No. 97-2677 CKK/JM, 2002 WL 393082 (D.D.C. Mar. 11, 2002) .........................................2

APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3441623

ii

1

## TABLE OF AUTHORITIES
### (Continued)

2

3

*Lasic v. Moreno*,
4
    No. 2:05-cv-0161-MCE-DAD, 2007 U.S. Dist. LEXIS 88608
    (E.D. Cal. Nov. 21, 2007) ........................................................................................3

5

*MEMC Electronic Materials v. Mitsubishi Materials*,
6
    No. C-01-4925 SBA (JCS), 2004 WL 5361246 (N.D. Cal. Oct. 22, 2004),
    *adopted as modified on other grounds*,
7
    2004 WL 5363614 (N.D. Cal. Nov. 22, 2004) ......................................................4, 5, 6, 13

8

*Mformation Techs., Inc. v. Research in Motion Ltd.*,
9
    No. C-08-4990 EMC, 2012 WL 6025746 (N.D. Cal. Dec. 4, 2012)....................................2

10

*Nat'l Info. Servs., Inc. v. TRW, Inc.*,
    51 F.3d 1470 (9th Cir. 1995), *overruled in part on other grounds*, *Ass'n of Mexican-*
11
    *Am. Educators v. California*, 231 F.3d 572 (9th Cir. 2000) (en banc) ....................................4

12

*Oracle Am., Inc. v. Google Inc.*,
    No. C 10-03561 WHA, 2012 WL 3822129 (N.D. Cal. Sept. 4, 2012)....................................3
13

*Parrish v. Manatt, Phelps & Phillips, LLP*,
14
    No. C 10-03200, 2011 U.S. Dist. LEXIS 41021 (N.D. Cal. Apr. 11, 2011) ....................8, 12

15

*Pixion Inc. v. PlaceWare Inc.*,
16
    No. C 03-02909 SI, 2005 WL 3955889 (N.D. Cal. May 26, 2005) ....................................2

17

*Shum v. Intel Corp.*,
    682 F. Supp. 2d 992 (N.D. Cal. 2009), *aff'd*, 629 F.3d 1360 (Fed. Cir. 2010) ..................9, 10
18

*Stanley v. Univ. of S. Cal.*,
19
    178 F.3d 1069 (9th Cir. 1999) ........................................................................................4

20

*Vectren Commc'ns Servs. v. City of Alameda*,
21
    C 08-3137 SI, 2014 WL 3612754 (N.D. Cal. July 22, 2014)....................................6

22

**STATUTES**

23

28 U.S.C. § 1920....................................................................................................4, 6, 7, 8

24

**OTHER AUTHORITIES**

25

Civ. L.R. 54-3 ..............................................................................................................*passim*

26

Civ. L.R. 54-4 ....................................................................................................................2

27

28

APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3441623

iii

1    Samsung's response to Apple's costs motion recycles arguments that Samsung made in its

2    own motion to review the Clerk's taxation of costs:  that Apple's request for costs is premature,

3    that each party bear its own costs on the theory that this is a mixed-judgment case, and that any

4    award be only a small fraction of Apple's recoverable costs—$41,000 out of more than

5    $5.7 million.  (*See* Dkts. 3118, 3155.)  As Apple already established in its opposition to

6    Samsung's motion (Dkt. 3154), Samsung is wrong on all counts.  First, courts do not stay the

7    recovery of costs pending appeal absent exceptional circumstances that do not exist here.

8    Second, there can be no question that Apple is the sole prevailing party in this case—Apple

9    prevailed on claims against 26 of 28 accused products and obtained damages of $930 million,

10   while Samsung prevailed on none of its counterclaims.  Finally, Apple has shown with extensive

11   documentation and detailed declarations that it incurred more than $5.7 million in recoverable

12   costs it incurred in three statutory categories.  As the prevailing party, Apple is presumptively

13   entitled to recover the entirety of its taxable costs.  Samsung has failed to rebut that presumption.

14   Thus, the Court should award Apple the full amount of its requested costs, as explained below

15   and as set forth in Apple's Motion (Dkt. 3119) and Apple's Opposition to Samsung's Motion to

16   Review the Clerk's Taxation of Costs (Dkt. 3154, hereinafter "Apple's Opposition").

17   **I.    SAMSUNG'S PENDING APPEAL DOES NOT WARRANT A STAY OF THE
        TAXATION OF COSTS.**

18

19   As in its own costs motion (Dkt. 3118 at 1), Samsung again erroneously contends that

20   Apple is "prematurely seeking costs while an appeal is pending."  (Dkt. 3155 at 3.)  As Apple has

21   already shown in opposing Samsung's motion (Dkt. 3154 at 1-3), the pendency of an appeal is

22   not a valid basis to defer a decision on the bill of costs.  *See, e.g.*, *Friends of Tahoe Forest Access*

23   *v. U.S. Dep't of Agric.*, No. 12-CV-01876 JAM-CKD, 2014 WL 1575622, at *1 (E.D. Cal.

24   Apr. 17, 2014) (finding no basis to defer decision on bill of costs pending appeal).  Instead, in

25   assessing whether to issue a stay pending appeal, courts consider:  "(1) whether the stay applicant

26   has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant

27   will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure

28   the other parties interested in the proceeding; and (4) where the public interest lies."  *Hilton v.*

APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3441623

1

1    *Braunskill*, 481 U.S. 770, 776 (1987).  Yet as in Samsung's motion, Samsung once again fails

2    even to acknowledge these factors, much less establish that they weigh in favor of staying

3    taxation of costs pending appeal.  (*See* Dkt. 3154 at 1-3 (discussing Samsung's failure to address

4    stay factors).)

5            Samsung ignores cases in which courts in this district have analyzed requests to stay

6    taxation of costs pending appeal and denied such requests.  *See, e.g.*, *Mformation Techs., Inc. v.*

7    *Research in Motion Ltd.*, No. C-08-4990 EMC, 2012 WL 6025746, at *5 (N.D. Cal. Dec. 4,

8    2012) (finding that none of four *Hilton* factors weighed in favor of staying taxation of costs);

9    *ASIS Internet Servs. v. Optin Global, Inc.*, No. C-05-5124 JCS, 2008 WL 5245931, at *1 (N.D.

10   Cal. Dec. 17, 2008) (considering factors and finding that stay of taxation of costs was not

11   warranted), *aff'd sub nom. ASIS Internet Servs. v. Azoogle.com, Inc.*, 357 F. App'x 112 (9th Cir.

12   2009); *Pixion Inc. v. PlaceWare Inc.*, No. C 03-02909 SI, 2005 WL 3955889, at *2 (N.D. Cal.

13   May 26, 2005) (denying request to stay taxation of costs pending appeal).

14           Samsung's cited cases do not support its claim that Apple's costs request is premature.

15   *Ishida Co. v. Taylor*, No. C-02-01617-JF (PVT), 2004 U.S. Dist. LEXIS 24480, at *3 (N.D. Cal.

16   Nov. 29, 2004), merely noted in reviewing the procedural history that the "motion for review of

17   taxed costs now is ripe for disposition" following the Federal Circuit's affirmance of the

18   judgment; it did not examine the standard for staying taxation of costs pending appeal.  In *KiSKA*

19   *Const. Corp.-USA v. Wash. Metro. Area Transit Auth.*, No. 97-2677 CKK/JM, 2002 WL 393082,

20   at *1 (D.D.C. Mar. 11, 2002), the court applied the local rules of the District of Columbia, which

21   explicitly give courts in that district the "discretion to await the resolution on appeal before taking

22   any action on costs."  This Court's local rules do not provide for such discretion; they instead

23   require "the Clerk [to] tax costs after considering any objections."  Civ. L.R. 54-4(b).  In *Amarel*

24   *v. Connell*, 102 F.3d 1494 (9th Cir. 1996), the Ninth Circuit reversed the district court judgment

25   as to one of two claims on which defendants had prevailed.  *Id.* at 1522.  Although the Ninth

26   Circuit "direct[ed] the district court to await resolution of plaintiffs' Section 1 claim before

27   determining whether an award of costs is appropriate for either claim," the Ninth Circuit was

28   referring to resolution of the Section 1 issue at the district court level.  *Id.* at 1523.  *Amarel* does

APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3441623

2

1  not speak to whether **appeals** should be resolved before costs can be taxed.  Rather, it stands for

2  the proposition that the district court should resolve issues on remand before adjusting the costs

3  award.  *Id.*  Here, this Court has already resolved all substantive claims, and there is no reason to

4  delay taxation of costs.  Finally, *Lasic v. Moreno*, No. 2:05-cv-0161-MCE-DAD, 2007 U.S. Dist.

5  LEXIS 88608 (E.D. Cal. Nov. 21, 2007), is neither binding nor persuasive authority, as the court

6  deferred taxation of costs pending appeal without addressing the factors for issuing a stay set

7  forth in *Hilton v. Braunskill*, 481 U.S. at 776.

8         Because Samsung has failed to satisfy the test for a stay of the taxation of costs pending

9  appeal, the Court should deny Samsung's request to delay the costs award.

10 **II.    ALLOCATION OF COSTS IS IMPROPER BECAUSE APPLE IS THE CLEAR
            PREVAILING PARTY.**

11

12        Samsung argues that costs should either be denied entirely or allocated, based on the

13 faulty assumption that this is a mixed-judgment case.  (Dkt. 3155 at 4.)  As explained in Apple's

14 Opposition (Dkt. 3154 at 3-5), there is nothing mixed about the judgment in this case—Apple

15 prevailed, and Samsung did not.  Apple prevailed on claims against 26 of 28 accused products, a

16 jury found willful infringement and dilution, and damages of $930 million were awarded to Apple

17 for Samsung's violation of Apple's intellectual property rights.  (*See* Dkt. 3119 at 1; Dkt. 3154 at

18 3-5.)  The jury also rejected all of Samsung's invalidity defenses and found that Apple's

19 registered iPhone trade dress and unregistered iPhone 3G trade dress were protectable.

20 (Dkt. 1931.)  As to Samsung's asserted intellectual property rights, the jury found for Apple and

21 against Samsung across the board.  (*Id.*)  At the partial damages retrial, Apple again prevailed,

22 and was awarded more than 76% of the amount retried—$290,456,793 of $379,776,091.

23 (Dkts. 2271, 2316, 2822; PX25F.)  Where, as here, the case does not involve a mixed judgment,

24 the Court should neither require each party to bear its own costs nor allocate costs.  *See Oracle*

25 *Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2012 WL 3822129, at *2 (N.D. Cal. Sept. 4,

26 2012) (finding that "court has discretion to allocate costs where there was a mixed judgment" and

27 that allocation is not proper where judgment "was overwhelmingly in favor of" one party); *see*

28 *also Amarel*, 102 F.3d at 1523 (same).

### III.   SAMSUNG HAS NOT REBUTTED THE PRESUMPTION THAT APPLE IS ENTITLED TO THE COSTS IT SEEKS.

As explained in Apple's Motion (Dkt. 3119 at 4), "it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999); *see also Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1472 (9th Cir. 1995) (finding that losing party bears burden of making showing that award would be inequitable under circumstances), *overruled in part on other grounds*, *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572 (9th Cir. 2000) (en banc).  Yet Samsung fails to demonstrate why costs should not be awarded in each of the three statutory categories in which Apple seeks to recover costs:  (1) "printed or electronically recorded transcripts necessarily obtained for use in the case"; (2) "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; and (3) "compensation of interpreters." 28 U.S.C. § 1920(2), (4), (6).  Accordingly, Apple is entitled to all of its requested costs.

### A.   Apple Is Entitled to Its Requested Costs Related to Printed or Electronically Recorded Transcripts.

As set forth in Apple's Motion (Dkt. 3119 at 5-7) and Opposition (Dkt. 3154 at 8), Apple is entitled to its requested costs of $710,351.67 for deposition, trial, and hearing transcripts, divided between deposition transcripts ($682,356.46, which excludes $18,598.75 in video synchronization costs) and hearing and trial transcripts ($27,995.21, which excludes $22,264.12 for additional copies and expedited copies).  Samsung's arguments fail to rebut the presumption that Apple, as the prevailing party, is entitled to these costs.

#### 1.   Deposition Transcripts

Contrary to Samsung's contention, Apple is entitled to recover the costs of the original transcript and videotape, plus one copy of each.  Samsung misstates the authority on which Apple relies, quoting only a portion of the relevant discussion.  As stated in Apple's Motion (Dkt. 3119 at 6), the court in *MEMC Electronic Materials v. Mitsubishi Materials*, concluded "that a sensible reading of the rule covers the cost of videotaping and the cost incurred by the court reporter associated with obtaining a stenographic transcription of a deposition, ***as well as*** the cost of one copy of the videotape and of the written transcript." No. C-01-4925 SBA (JCS), 2004 WL

APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3441623

4

1  5361246, at *3 (N.D. Cal. Oct. 22, 2004) (emphasis added), *adopted as modified on other*

2  *grounds*, 2004 WL 5363614 (N.D. Cal. Nov. 22, 2004).  Samsung asserts that *MEMC Electronic*

3  *Materials* allows for recovery of only "one copy of the videotape and of the written transcript."

4  (Dkt. 3155 at 5.)  However, that decision allowed recovery of costs associated with the videotape,

5  the written transcript, a copy of the videotape, and a copy of the written transcript.  2004 WL

6  5361246, at *3.  The court's statement that "[t]he rule does not allow parties to recover the costs

7  of obtaining multiple copies of videos or transcripts" referred to the fact that only "***one copy*** of

8  the videotape and of the written transcript," in addition to the cost of the original videotape and

9  written transcript, were recoverable.  *Id.* (emphasis added).  In accordance with *MEMC Electronic*

10  *Materials*, for each deposition, Apple seeks the costs of the videotape, the written transcript, and

11  an electronic copy of the written transcript[1] (as well as the deposition exhibits, which Samsung

12  does not dispute).

13      Samsung argues that it would be improper for Apple to recover "costs for over 300

14  depositions even though far fewer witnesses were listed on the parties' witness lists, and even

15  fewer actually testified at trial." (Dkt. 3155 at 6.)  Samsung ignores that Samsung itself noticed

16  and took over 170 of those depositions.  Thus, Samsung is equally responsible for the number of

17  depositions in this case, and the Court should not limit Apple's recovery on this basis.  Moreover,

18  nothing in the local rules or in any statute requires a witness to have "actually testified at trial"—

19  as Samsung implies—for the deposition transcript for that witness to be recoverable.  (*Id.*)  In

20  fact, Civil Local Rule 54-3(c)(1) allows the costs of depositions "taken for any purpose in

21  connection with the case."

22      Samsung also argues that if the Court finds these costs to be recoverable, Apple is entitled

23  only to 5% of the amount, which Samsung argues was Apple's "overall success rate."  As

24  discussed above (*supra* Section II), this is not a mixed-judgment case, and thus allocation of costs

25

26      [1] The invoices describe the electronic copy of the written transcripts as "Expedited Transcripts," which cost substantially the same as the paper copy of the written transcripts.  (*See, e.g.*, Dkt. 2943-4 at 1 (Amended Schedule A-1, showing transcript charge of $1225.00 and expedited transcript charge of $1207.50 for 8/12/2011 Richard Lutton deposition).)

28

1   is not warranted.  As explained in Apple's Opposition, the "5% overall success rate" is a pure

2   fabrication, premised on inflating the number of supposed issues by including the many claims

3   that Apple dropped to streamline the case for trial, and minimizing the magnitude of Apple's

4   ultimate victory at trial.  (Dkt. 3154 at 3-4.)  Nor is there any legal basis for defining the

5   "prevailing party" based on the number of claims asserted throughout the litigation.  (*Id.*)  Apple

6   was the clear and sole prevailing party at trial, and thus allocation is inappropriate.

7          Finally, Samsung's opposition for the first time raises an objection to costs of $18,598.75

8   "spent to 'Digitize/Sync Transcript to MPEG 1' for almost 50 depositions."  (Dkt. 3155 at 6.)  To

9   minimize the disputes before the Court, Apple withdraws the $18,598.75 in video synchronization

10  costs to which Samsung now objects.  Thus, Apple's requested costs for deposition transcripts

11  now amount to $682,356.46.

12                     **2.       Hearing and Trial Transcripts**

13         As discussed in Apple's Opposition (Dkt. 3154 at 8), Civil Local Rule 54-3(b) provides

14  three independent grounds on which costs for reporters' transcripts may be recovered.

15  Civ. L.R. 54-3(b)(3); *MEMC Elec. Materials*, 2004 WL 5361246, at *2 (finding three alternative

16  grounds on which costs for hearing transcripts are recoverable).  Contrary to Samsung's

17  assertions (Dkt. 3155 at 7), Apple does not rely on Civil Local Rule 54-3(b)(3).  Rather, Apple

18  bases its request for transcript costs on Civil Local Rule 54-3(b)(1):  "The cost of transcripts

19  necessarily obtained for an appeal is allowable."  In addition, as stated in Apple's Motion

20  (Dkt. 3119 at 7), Apple bases its request on 28 U.S.C. § 1920(2), which allows recovery of "[f]ees

21  for printed or electronically recorded transcripts necessarily obtained for use in the case."

22  *Vectren Commc'ns Servs. v. City of Alameda*, C 08-3137 SI, 2014 WL 3612754, at *3 (N.D. Cal.

23  July 22, 2014) (allowing for recovery of transcripts costs obtained "for use in the case" and

24  finding that § 1920 "is not limited to appeal").

25         In a case such as this, where "even at the time of trial, [Apple] knew with virtual certainty

26  that however the trial came out the losing party would appeal," courts in this district have

27  concluded that costs of trial and hearing transcripts are recoverable.  *Asyst Techs. v. Emtrak Inc.*,

28  No. C 98-20451 JF(HRL), 2009 WL 668727, at *1 (N.D. Cal. Mar. 13, 2009); *Affymetrix, Inc. v.*

1    *Multilyte Ltd.*, No. C 03-03779 WHA, 2005 WL 2072113, at *2 (N.D. Cal. Aug. 26, 2005)

2    (allowing recovery of costs "of transcripts for all court proceedings, given that this case was so

3    contentiously litigated" and where it was "expected that both parties [would find] it necessary to

4    obtain the transcripts for appeal").  Samsung contends that Apple is required to offer "proof that

5    when it obtained the hearing and trial transcripts[,] it did so for the purpose of appeal."

6    (Dkt. 3155 at 7.)  However, Samsung offers no support for its contention, and courts have

7    awarded transcript costs without requiring such proof.  *See Asyst Techs.*, 2009 WL 668727, at *1.

8    Nor does Samsung support its assertion that "Apple would need to prevail on the appeal before

9    seeking costs associated with it."  (Dkt. 3155 at 8.)  Civil Local Rule 54-3(b)(1) and § 1920(2)

10   apply no such prerequisite for recovery of costs associated with costs for reporters' transcripts.

11         Finally, Samsung raises an objection that the costs of additional copies and expedited

12   copies of trial and hearing transcripts are impermissible.  (Dkt. 3155 at 8.)  To minimize the

13   disputes before the Court, Apple withdraws $22,264.12 for costs of additional copies and

14   expedited copies of hearing and trial transcripts.  Thus, Apple's remaining requested costs for

15   hearing and trial transcripts now amount to $27,995.21.

16        **B.**     **Apple Is Entitled to Its Requested Costs Related to Exemplification, Costs of Making Copies, and Related Items.**

17

18         As set forth in Apple's Motion (Dkt. 3119 at 7-12) and Opposition (Dkt. 3154 at 9-15),

19   Apple is entitled to its requested costs of $4,744,843.35, which excludes $9,509.40 in e-discovery

20   costs for the upload and processing of Samsung documents and $99,910.17 in secure room costs,

21   both of which Apple has withdrawn.  Samsung has failed to rebut the presumption that Apple is

22   entitled to its requested costs of $4,744,843.35, and thus the Court should award this amount.

23        **1.**     **Costs of Making Copies**

24         As explained in Apple's Motion (Dkt. 3119 at 8) and Opposition (Dkt. 3154 at 9-10),

25   Apple's costs for reproducing documents for purposes of disclosure and other formal discovery

26   processes (*e.g.*, exhibits for depositions) are recoverable.  As explained in Apple's Opposition,

27   this case involved extensive discovery, including 300 depositions that resulted in over 2,500

28   depositions exhibits.  (Dkt. 3154 at 10.)  Thus, it is not surprising that Apple incurred costs of

APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3441623

7

1  "printing millions of pages of documents."  (Dkt. 3155 at 8.)

2        Samsung relies on *In re Ricoh Co. Patent Litigation*, 661 F.3d 1361, 1368 (Fed. Cir.

3  2011) for the proposition "that the copies [must be] tendered to the opposing party" to be

4  recoverable copying costs.  (Dkt. 3155 at 9.)  However, *Ricoh* "did not address, much less make a

5  determination on, whether the cost of documents prepared for production but not ultimately

6  produced should be categorically disallowed."  *Alzheimer's Inst. of Am., Inc. v. Elan Corp. PLC*,

7  No. C-10-00482-EDL, 2013 U.S. Dist. LEXIS 31952, at \*10-11 (N.D. Cal. Jan. 31, 2013).  And

8  at least one court has allowed copying costs for documents that were collected but not produced

9  to the opposing party.  *See Parrish v. Manatt, Phelps & Phillips, LLP*, No. C 10-03200, 2011

10 U.S. Dist. LEXIS 41021, at \*8-9 (N.D. Cal. Apr. 11, 2011).

11       Civil Local Rule 54-3(d)(2) clearly allows the recovery of "[t]he cost of reproducing

12 disclosure or formal discovery documents when used ***for any purpose in the case***."  Samsung

13 argues that copies made for counsel's convenience or the litigant's own use are not recoverable, but

14 its cited authorities do not support its objections to Apple's requested costs.  (Dkt. 3155 at 9.)  First,

15 Samsung cites *Ebay Inc. v. Kelora Systems, LLC*, Nos. C 10-4947 CW (LB), 2013 U.S. Dist.

16 LEXIS 49835, at \*22-24 (N.D. Cal. Apr. 5, 2013), but it relies on a portion of that decision that

17 addressed whether costs for e-discovery are taxable under 28 U.S.C. § 1920, ***not*** under Civil Local

18 Rule 54-3(d)(2).  Further, to the extent that the *Ebay* decision is relevant, the court found that costs

19 for "blowback scanning paper documents," and "blowback preparation" are recoverable.  *Ebay*,

20 2013 U.S. Dist. LEXIS 49835, at \*25-26.  That ruling supports Apple, which seeks the costs of

21 "blowbacks."  (*See* Dkt. 2853-9, Schedule B-1.)  Samsung also cites *Competitive Technologies v.*

22 *Fujitsu Ltd.*, No. C-02-1673 JCS, 2006 WL 6338914 (N.D. Cal. Aug. 23, 2006), but that court

23 held that "extra copies of filed papers, correspondence, and copies of cases" would be for the

24 convenience of counsel and not recoverable.  *Id.* at \*7-8.  But Apple does not seek recovery of

25 costs related to the reproduction of motions, pleadings, notices, and other routine case papers

26 made for the convenience of counsel.  Those papers were generally reproduced at Apple

27 counsel's in-house copying centers, and Apple does not seek those costs.  (Declaration of Rachel

28 Krevans ("Krevans Decl.") in Support of Apple's Reply in Support of Its Motion for Review of

1  Clerk's Taxation of Costs ¶ 2.)

2              **2.**      **Devices**

3         Apple seeks the costs for devices that Apple used as trial or deposition exhibits, or used

4  for purposes of expert analysis.  (*See* Dkt. 3119 at 8-9; Dkt. 3154 at 11.)  Contrary to Samsung's

5  allegations that Apple did not make any attempt to show why these devices were "reasonably

6  necessary" (Dkt. 3155 at 11), Apple indicated in the sixth column of Schedule B-2 (column

7  labeled "Used For") the purpose for which the device was used.  (Dkt. 2853-15.)  For example,

8  the third entry of Schedule B-2 states that the Samsung Nexus S 4G SPH-D720 was used for:

9  "Trial Exhibit JX1023; Expert Reports; Inspection; Demonstrative."  (*Id.*)

10         As indicated in Schedule B-2 and the supporting invoices submitted with Apple's Bill of

11  Costs, Apple seeks costs not only for accused Samsung devices but also for third-party devices

12  and accused Apple devices.  (*See, e.g.*, Dkt. 2853-15 at 1, including costs for "Blackberry

13  Storm II 9550S" (used for "Deposition Exhibit; Declaration Exhibit; Demonstrative") and "Apple

14  iPad (1st Gen) MB292LL/A Tablet 16GB A1219" (used for "Trial Exhibit JX1004; Deposition

15  Exhibit; Expert Report; Opening Statement; Declaration Exhibit; Inspection; Demonstrative").)

16  Accordingly, Apple's Motion should have stated "devices," rather than "accused Samsung

17  devices," in explaining that Apple requested costs for devices "that Apple used as trial or

18  deposition exhibits, or used for purposes of expert analysis, as indicated in Column G of Schedule

19  B-2."  (Dkt. 3119 at 8.)

20         Courts have allowed costs for demonstrative exhibits, especially where, as here, the "case

21  presented complex technical issues and . . . the jury benefitted at trial from the use of

22  demonstrative evidence."  *Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 1000 (N.D. Cal. 2009), *aff'd*,

23  629 F.3d 1360 (Fed. Cir. 2010).  Like *Shum*, this case presented complex, technical issues, and

24  the jury benefitted at trial from the use of demonstrative evidence.  Moreover, demonstratives

25  need not have been used at trial—as Samsung suggests (Dkt. 3155 at 11-12)—to be recoverable.

26  *See Shum*, 682 F. Supp. at 1000 ("[O]bjection that there should be no recovery for demonstratives

27  that are not proven to have been used at trial is incorrect as a matter of law.").  Thus, Apple

28  should be awarded its requested costs of purchasing devices.

### 3.    Trial Graphics and Demonstratives

Samsung asserts that Apple seeks consulting costs related to the preparation of trial graphics.  (Dkt. 3155 at 12.)  That is not so.  As explained in Apple's Motion (Dkt. 3119 at 9-10) and Opposition (Dkt. 3154 at 11-13), Apple seeks only the costs incurred for actual preparation of trial graphics and demonstratives, and the Court should award Apple the full amount of its requested costs of $1,582,387.02.  Samsung argues that Apple's requested amount is excessive, but in light of the scope and magnitude of the case—both in the number of issues litigated and ultimately tried at trial, as well as the amount of damages at issue—Apple's requested costs are commensurate with the scale of the litigation.  *See Asyst Techs.*, 2009 WL 668727, at *2 (viewing reasonableness of trial graphics and demonstrative costs  in context of case, which was highly technical and complex patent case, and finding nature of case justified costs).

Samsung further asserts that Apple must show that the "demonstrative [was] actually used at trial."  (Dkt. 3155 at 12.)  However, the Local Rule does not require ***actual use*** of each item at trial in order to recover preparation costs—it allows recovery for materials "to be used" at trial.  Civ. L.R. 54-3(d)(5).  Indeed, courts in this district have held that the "objection that there should be no recovery for demonstratives that are not proven to have been used at trial is incorrect as a matter of law."  *Shum*, 682 F. Supp. 2d at 1000; *see also Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir.1990) (costs of exemplification made in anticipation of trial, but not used at trial, are recoverable).

Samsung also argues that costs for graphics and demonstratives for "mock trials, focus groups, expert reports, and other non-trial uses," as well as costs of "photo shoots" are not taxable.  (Dkt. 3155 at 12.)  Demonstratives and graphics relating to expert reports, focus groups or surveys, and photo shoots were prepared for trial, and some were actually used in Apple's trial presentation.  (*See, e.g.*, PX24.5, PX24.6, PX24.7, PX30, Trial Tr. (Dkt. 1695) at 1698:2-4 (playing video PX24.5); Trial Tr. (Dkt. 1695) at 1699:18-20 (playing video PX24.7).)  Moreover, courts in this district have also interpreted Civil Local Rule 54-3(d)(5) to encompass the cost of graphics and demonstratives used for purposes other than at trial, such as for tutorials, *Markman* hearings, and summary judgment hearings.  *Computer Cache Coherency Corp. v. Intel Corp.*,

APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3441623

10

1   No. C-05-01766 RMW, 2009 WL 5114002, at *1-2 (N.D. Cal. Dec. 18, 2009) (awarding costs for

2   graphics and demonstratives used at tutorial and *Markman* hearing in complicated case involving

3   many technical issues); *Competitive Techs.*, 2006 WL 6338914, at *9 (awarding costs for

4   graphics and demonstratives used at tutorial, *Markman* hearing, and summary judgment hearing

5   because "complicated nature of the technology at issue justifie[d] the costs").  As in *Computer*

6   *Cache*, and *Competitive Technologies*, this case presented complex, technical issues, and the jury

7   and Court benefitted from the use of demonstrative evidence, both at trial and elsewhere.  Thus,

8   the Court should award Apple its requested costs.  However, even if the Court is persuaded by

9   Samsung's argument, that is no reason to disallow the entirety of Apple's requested graphics and

10  demonstrative costs.  The Court should strike only the portions that it finds non-taxable.[2]

11      Further, Samsung states that Apple requested costs for "graphics prepared for client

12  meetings."  (Dkt. 3155 at 12.)  That is not so.  Apple did not request any such costs.  Samsung

13  also argues that Apples should not be able to recover for graphics and demonstrative costs

14  "incurred throughout the entire case, including for work done an entire year before the first trial."

15  (*Id.*)  The fact that Apple started its trial presentation early is not a basis on which to deny these

16  costs.  Samsung has cited no authority to the contrary.

17      Finally, here again, Samsung argues that if the Court finds these costs to be recoverable,

18  Apple is entitled only to the percentage of claims upon which it prevailed.  As discussed above

19  (*supra* Section II), this is not a mixed-judgment case, and allocation of costs is not warranted.

20          **4.      Electronic Discovery**

21      Samsung argues that Apple must provide supporting documentation indicating "the

22  specific e-discovery line items [that] are equivalent to traditional copying costs."  (Dkt. 3155 at

23  14.)  Apple did so, submitting true and correct copies of invoices that were marked to identify the

24  charges on those invoices that are not included in Apple's requested costs.  (Dkts. 2946-0 to

25  ───────────────────────

26  [2] Costs for graphics and demonstratives relating to:  preliminary injunction totaled
    $8,399.50; Markman totaled $35,948.50; mock trial totaled $10,902.00; expert reports totaled
    $8,868.00; Cornerstone project totaled $39,792.00 (Dkt. 3154 at 12); NERA survey totaled
27  $4,422.00 (Dkt. 3154 at 12); photo shoots and related graphics production totaled $365,226.70;
    video shoots and related graphics production totaled $117,721.00.

28

1   2946-12, Amended Exhibit B-5 and Amended Exhibit E-3; Dkt. 2853-23 (Exhibit B-4).)

2   Moreover, as explained in Apple's Motion (Dkt. 3119 at 10-11) and Opposition (Dkt. 3154 at 13-

3   15), Apple seeks only the e-discovery costs associated with processing documents, uploads, and

4   document productions—"the functional equivalents of making copies" (Dkt. 3155 at 14).  Apple

5   does not claim costs associated with hosting the data, software user license fees, and vendor

6   consulting time.  (*See* Dkt. 3119 at 10-11; Dkt. 3154 at 13.)  Further, Apple does not seek the

7   amounts associated with the intellectual effort involved in the production, such as searching or

8   analyzing the documents.  (*Id.*)

9        Samsung calculates a $.50 per page rate for e-discovery costs.  (Dkt. 3155 at 14.)

10  However, Samsung improperly uses the pages produced—rather than the total pages processed

11  and uploaded—to calculate that rate.  In doing so, Samsung again relies on *In re Ricoh*, 661 F.3d

12  at 1368, to argue that the copies must be "supplied to[] the opposing party."  (Dkt. 3155 at 14.)

13  However, as explained above in Section III.B.1, *Ricoh* contains no such holding.  *See Alzheimer's*

14  *Inst. of Am., Inc.*, 2013 U.S. Dist. LEXIS 31952, at *10-11.  Apple is entitled to recover the costs

15  incurred in processing all of the documents it collected for review, whether or not they were all

16  produced.  *See also Parrish*, 2011 U.S. Dist. LEXIS 41021, at *8-9 (allowing costs for documents

17  that were collected but not produced).  Here, Apple produced 338,860 documents, totaling

18  2,944,467 pages, each document averaging 8.69 pages.  (Dkt. 3119 at 10.)  Apple, however,

19  uploaded a total of 2,101,808 documents.  (Krevans Decl. ¶ 3.)  Assuming the same average page

20  count of 8.69 for all documents that Apple produced, Apple uploaded a total of 18,264,712 pages

21  in this litigation.  18,264,712 pages divided by the requested e-discovery costs yields a rate of

22  $0.08 per page.  *Ebay*, 2013 U.S. Dist. LEXIS 49835, at *40 (finding $.11 per page rate to be

23  modest and taxing e-discovery costs based on that rate).

24       Samsung also repeats many of the arguments it made in its own motion.  (Dkt. 3118 at 17-

25  19.)  Apple refers the Court to its response to Samsung's motion.  (Dkt. 3154 at 13-15.)

26       Finally, as discussed above (*supra* Section II), this is not a mixed-judgment case, and

27  allocation of costs would be improper.  Thus, the Court should reject Samsung's request to award

28  Apple only according to the percentage of claims upon which Apple prevailed.

APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3441623

12

5.      **Secure Room**

As set forth in Apple's Opposition (Dkt. 3154 at 15), Apple has withdrawn its request for costs of maintaining a secure room in the amount of $99,910.17.

C.      **Apple Is Entitled to Its Requested Costs Related to Interpreters.**

As set forth in Apple's Motion (Dkt. 3119 at 12-13) and Opposition (Dkt. 3154 at 15-16), Apple is entitled to its share of the costs for the main trial interpreter, the check trial interpreter, and interpreters at depositions.

Samsung also argues that "the cost of interpreters at more than 125 depositions is also unfounded." (Dkt. 3155 at 16.) As an initial matter, both parties asked for and took the depositions of more than 100 witnesses, resulting in over 300 depositions in this case. As discussed above, Samsung itself requested and took 170 of the 300-plus depositions in the case. Samsung cannot now argue that Apple's decision to depose a similar number of witnesses was improper and is a basis on which to deny costs. Further, Samsung demanded an interpreter for many of its Korean-speaking witnesses—even witnesses who lived in the United States and/or spoke English. Where, as here, the parties "do not dispute that an interpreter was required at the . . . depositions," "the translation costs incurred during the . . . depositions are recoverable." *MEMC Elec. Materials*, 2004 WL 5361246, at *5. Thus, Samsung has no valid basis to argue that it is improper for Apple to recover these costs incurred in deposing Samsung's witnesses.

Finally, Samsung's allocation argument should be rejected for the reasons explained above (*supra* Section II). Thus, Apple should be awarded its full requested costs for compensation of interpreters at deposition and trial in the amount of $282,500.00.

IV.    **SUMMARY OF REQUESTED COSTS**

The following chart summarizes the costs requested by Apple; it is a modified version of the chart included in Apple's Motion, which excludes amounts subsequently withdrawn by Apple. (Dkt. 3119 at 3.) The chart breaks out Apple's requested costs in the three categories, broken out by subcategories and by the two law firms that represented Apple in this case: Morrison & Foerster LLP and Wilmer Cutler Pickering Hale Dorr LLP ("WilmerHale"). Modified entries are shown in red:

APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3441623

13

| Printed or electronically recorded transcripts | Morrison & Foerster Costs | WilmerHale Costs | Total Costs Requested by Apple | Costs Taxed by Clerk | Additional Costs to be Awarded |
|---|---|---|---|---|---|
| Deposition transcripts | $531,152.16 Amended Schedule A-1 (Dkt. 2943-4) | $169,803.05 Amended Schedule D-1 (Dkt. 2943-19) | $682,356.46 (excludes $18,598.75 in video synch costs) | | |
| Hearing and trial transcripts | $50,259.33 Amended Schedule A-2 (Dkt. 2943-5) | | $27,995.21 (excludes $22,264.12 for additional and expedited copies) | | |
| **Subtotals:** | | | **$710,351.67** | **$557,330.37** | **$153,021.30** |

| Exemplification and costs of making copies | Morrison & Foerster Costs | WilmerHale Costs | Total Costs Requested by Apple | Costs Taxed by Clerk | Additional Costs to be Awarded |
|---|---|---|---|---|---|
| Costs of making copies | $1,498,038.41 Schedule B-1 (Dkt. 2853-9) | $64,072.57 Schedule E-1 (k) | $1,562,110.98 | | |
| Devices | $123,379.74 Schedule B-2 (Dkt. 2853-15) | | $123,379.74 | | |
| Trial Graphics and Demonstratives | $1,249,506.69 Amended Schedule B-3 (Dkt. 2943-6) | $332,880.33 Schedule E-2 (Dkt. 2854-15) | $1,582,387.02 | | |
| e-Discovery (other than Catalyst) | $1,198,919.56 Schedule B-4 (Dkt. 2853-22) | | $1,198,919.56 | | |
| e-Discovery (Catalyst) | $271,322.92 Amended Schedule B-5 (Dkt. 2943-7) | $16,232.53 Amended Schedule E-3 (Dkt. 2943-20) | $278,046.05 (excludes $9,509.40 for e-discovery costs related Samsung documents) | | |
| Secure room | $99,910.17 Schedule B-6 (Dkt. 2853-26) | | $0 ($99,910.17 withdrawn) | | |
| **Subtotals:** | | | **$4,744,843.35** | **$1,507,610.18** | **$3,237,233.17** |

| Interpreters | Morrison & Foerster Costs | WilmerHale Costs | Total Costs Requested by Apple | Costs Taxed by Clerk | Additional Costs to be Awarded |
|---|---|---|---|---|---|
| | $160,200.00 Schedule C (Dkt. 2853-28) | $122,300.00 Amended Schedule F (Dkt. 2943-21) | $282,500.00 | | |
| **Subtotals:** | | | **$282,500.00** | **$0.00** | **$282,500.00** |

| **Total costs** | | | **$5,737,695.02** | **$2,064,940.55** | **$3,672,754.47** |

APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3441623

14

1

## V.     CONCLUSION

2       For the reasons set forth above and in Apple's Motion and Opposition, Apple respectfully

3   requests that the Court add $3,672,754.47 in costs to the amount awarded by the Clerk for a total

4   award of $5,737,695.02.  (The requested total award excludes $18,598.75 in video

5   synchronization costs for deposition transcripts; $22,264.12 for additional and expedited copies of

6   hearing and trial transcripts); $9,509.40 in e-discovery costs related to the upload and processing

7   of Samsung documents; and $99,910.17 in secure room costs—all of which Apple has

8   withdrawn).

9

10  Dated:  July 31, 2014                                    MORRISON & FOERSTER LLP

11

                                                       By:    _Rachel Krevans_____
12                                                            RACHEL KREVANS

13                                                            Attorneys for Plaintiff
                                                             APPLE INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28