| | |
|---|---|
| HAROLD J. McELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> JAMES P. BENNETT (CA SBN 65179) <br> jbennett@mofo.com <br> JACK W. LONDEN (CA SBN 85776) <br> jlonden@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> RUTH N. BORENSTEIN (CA SBN 133797) <br> rborenstein@mofo.com <br> ERIK J. OLSON (CA SBN 175815) <br> ejolson@mofo.com <br> **MORRISON & FOERSTER LLP** <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 | WILLIAM F. LEE (*pro hac vice*) <br> william.lee@wilmerhale.com <br> **WILMER CUTLER PICKERING** <br> **   HALE AND DORR LLP** <br> 60 State Street <br> Boston, Massachusetts  02109 <br> Telephone:  (617) 526-6000 <br> Facsimile:  (617) 526-5000 <br><br> MARK D. SELWYN (CA SBN 244180) <br> mark.selwyn@wilmerhale.com <br> **WILMER CUTLER PICKERING** <br> **   HALE AND DORR LLP** <br> 950 Page Mill Road <br> Palo Alto, California  94304 <br> Telephone:  (650) 858-6000 <br> Facsimile:  (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK <br><br> **DECLARATION OF MARK D. SELWYN REGARDING SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

I, Mark D. Selwyn, hereby declare as follows:

1. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-captioned litigation. I am licensed to practice law in the State of California, Commonwealth of Massachusetts, and State of New York and am admitted to practice before the U.S. District Court for the Northern District of California. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts.

2. On July 29, 2014, Samsung filed an Administrative Motion to File Documents Under Seal relating to Samsung's Reply in Support of Motion for Relief from Nondispositive Order of Magistrate Judge, Order Setting Reasonable Attorney's Fees and Costs ("Samsung's Reply") (Dkt. No. 3173).

3. The following portions of Samsung's Reply contain the confidential terms of the Apple/Nokia license agreement and discussions of this agreement that reveal what these terms are. Apple does not seek to seal any content related to the purported terms of the Apple/Nokia license agreement that were disclosed in public news reports.

| Page | Lines |
| --- | --- |
| 5 | 14-16, 18-19 |

4. On July 29, 2014, Nokia filed an Administrative Motion to File Document Under Seal relating to Nokia's Reply in Support of Motion for Relief from Nondispositive Order of Magistrate Judge (Re: Docket No. 2935) ("Nokia's Reply") (Dkt. No. 3172).

5. The following portions of Nokia's Reply contain the confidential terms of the Apple/Nokia license agreement and discussions of this agreement that reveal what these terms are. Apple does not seek to seal any content related to the purported terms of the Apple/Nokia license agreement that were disclosed in public news reports.

| Page | Lines |
| --- | --- |
| 13 | 6-8, 10-13, 15-16 |

6. The Court has previously allowed Apple to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements because such information falls within the definition of "trade secrets." *See, e.g.*, Dkt. No. 1649 at 10-11 (*citing In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)). As the Court previously noted, disclosure of such information "could result in significant competitive harm to the licensing parties as it would provide insight into the structure of their licensing deals, forcing them into an uneven bargaining position in future negotiations." *Id.* at 16. Further, since these documents all pertain to non-dispositive motions, the lesser "good cause" standard applies. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 2012-1600 at 11-12 (Fed. Cir. Aug. 23, 2013) ("the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action") (*citing Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks omitted)). The Court has sealed the same license information in its prior orders that Apple seeks to seal by this motion for reconsideration. *See* Dkt. No. 3113 at 9 (sealing terms from the Apple/Nokia license agreement in Dkt. No. 2557-12); Dkt. 3041 at 1-2 (granting motion to seal terms from the Apple/Nokia license agreement and the confidential terms of a proposed Apple/Samsung license agreement).

7. Apple will serve on Samsung a highlighted version of Samsung's Reply that identifies the portions of those documents that Apple supports sealing.  Apple understands that Samsung will then file a conformed copy of these documents with the Court identifying what information Apple, Samsung and any third parties have supported sealing in their declarations.

8. Apple will separately file a highlighted version of Nokia's Reply as Exhibit A that identifies the portions of Nokia's Reply that Apple supports sealing.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this Declaration was executed this 4th day of August, 2014, in Palo Alto, California.

1
2   Dated: August 4, 2014                    */s/ Mark D. Selwyn*
                                              Mark D. Selwyn
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                             3                  Declaration of Mark D. Selwyn
                                                  Case No. 11-cv-01846 (LHK)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on August 4, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ Mark. D Selwyn
Mark D. Selwyn