1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA

10              SAN JOSE DIVISION

11  APPLE INC., a California corporation,      )    Case No.: 11-CV-01846-LHK
                                               )
12              Plaintiff,                      )
                                               )
13       v.                                     )    ORDER GRANTING IN PART AND
                                               )    DENYING IN PARTING APPLE'S AND
14                                              )    SAMSUNG'S MOTIONS TO REVIEW
                                               )    THE CLERK'S TAXATION OF COSTS
15  SAMSUNG ELECTRONICS CO., LTD., a           )
    Korean business entity; SAMSUNG            )
16  ELECTRONICS AMERICA, a New York            )
    corporation; SAMSUNG                       )
17  TELECOMMUNICATIONS AMERICA, LLC,           )
    a Delaware limited liability company,      )
18                                              )
                Defendants.                     )
19  _____       )

20          Before the Court is Plaintiff Apple, Inc.'s ("Apple") motion for review of the Clerk's

21  taxation of costs. ECF No. 3119. Defendants Samsung Electronics, Co., Ltd., Samsung Electronics

22  America, and Samsung Telecommunications America, LLC (collectively, "Samsung") have cross-

23  moved for review of the Clerk's taxation of costs. ECF No. 3118. Having reviewed the parties'

24  submissions, the record in this case, and the relevant law, the Court GRANTS in part and DENIES

25  in part Apple's and Samsung's motions for review of the Clerk's taxation of costs.

26
27
28

1

# I.       BACKGROUND

Apple and Samsung sell competing smartphones and tablets. On April 15, 2011, Apple filed suit against Samsung, asserting numerous intellectual property and antitrust claims. *See* ECF No. 1. After several rounds of pretrial case narrowing, Apple pursued claims as to three utility patents, four design patents, and various trade dress rights against 28 accused Samsung products at a four-week jury trial that ran from July 30 to August 24, 2012. *See* ECF No. 1931. The jury found that 26 of the 28 accused products infringed and/or diluted one or more of Apple's asserted intellectual property rights and awarded Apple $1,049,343,540 in damages. *Id.* at 15. Following several post-trial orders, the Court held a partial damages retrial from November 12 through November 21, 2013. *See* ECF No. 2822. The total damages award against Samsung ultimately amounted to $929,780,039. ECF No. 3017.

On December 5, 2013, Apple submitted its Bill of Costs seeking a total of $6,256,435.10 in three categories of taxable costs: "printed or electronically recorded transcripts;" "exemplification and the costs of making copies;" and "[c]ompensation of interpreters." ECF No. 2852. Samsung filed objections on January 24, 2014. ECF No. 2930. Apple then filed an Amended Bill of Costs on February 6, 2014, waiving and withdrawing certain costs. ECF No. 2942. Specifically, Apple asserts that Apple waived and withdrew: (1) shipping and handling charges associated with deposition transcripts; (2) "Realtime" reporting costs associated with hearing and trial transcripts; (3) a consulting charge related to trial graphics and demonstratives; and (4) electronic discovery charges from Catalyst Repository Systems, Inc. that were incurred in connection with related investigations in the International Trade Commission ("ITC"). *See* ECF No. 3119 at 2. Apple also withdrew the costs related to its sanctions motion against Samsung. *Id.* Apple's Amended Bill of Costs sought a total of $5,887,977.46 in costs. ECF No. 2942. On February 20, 2014, Samsung again filed objections. ECF No. 2971.

On June 6, 2014, the Clerk taxed costs in the amount of $2,064,940.55. ECF No. 3110. The Clerk disallowed: $193,884.17 in transcript costs "as outside the ambit of LR 54-3(b), (c);"

2

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PARTING APPLE'S AND SAMSUNG'S MOTIONS TO
REVIEW THE CLERK'S TAXATION OF COSTS

United States District Court
For the Northern District of California

1    $3,346,652.74 in costs for exemplification and copies "as outside the ambit of LR 54-3(d);" and

2    $282,500 in compensation of interpreters "as outside the ambit of 28 USC sec. 1828." *Id.*

3        Both Apple and Samsung now seek judicial review of the Clerk's assessment. On June 20,

4    2014, Samsung filed a motion for review of clerk's taxation of costs. ECF No. 3118 ("Samsung

5    Mot."). On June 20, 2014, Apple also filed a motion for review of clerk's taxation of costs. ECF

6    No. 3119 ("Apple Mot."). On July 17, 2014, the parties filed oppositions to the Motions. ECF No.

7    3154 ("Apple Opp'n"); ECF No. 3155 ("Samsung Opp'n"). The parties filed replies on July 31,

8    2014. ECF No. 3175 ("Samsung Reply"); ECF No. 3176 ("Apple Reply").

9    **II.    LEGAL STANDARDS**

10       Federal Rule of Civil Procedure 54(d)(1) creates a presumption that the prevailing party

11   will be awarded its taxable costs. *See Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981);

12   *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006) ("Under Federal Rule of Civil

13   Procedure 54(d), there is a presumption that the prevailing party will be awarded its taxable

14   costs."); *see also* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order

15   provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").

16       The Ninth Circuit has described the presumption in favor of awarding costs to the

17   prevailing party as a "strong presumption" with a heavy burden on the non-prevailing party to

18   show why taxable costs are not recoverable. *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003);

19   *see also Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (burden is on the losing

20   party to demonstrate why costs should not be awarded). A district court need not give reasons for

21   abiding by the presumption and awarding taxable costs to the prevailing party. *See Save Our Valley

22   v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) ("The presumption itself provides all the

23   reason a court needs for awarding costs . . . ."). On the other hand, a district court must "specify

24   reasons" for refusing to award taxable costs to the prevailing party. *Id.* The court must "explain

25   why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable

26   to award costs." *Champion Produce, Inc. v. Rudy Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir.

27   2003) (internal quotation marks omitted). "Sufficiently persuasive" reasons that the Ninth Circuit

28

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PARTING APPLE'S AND SAMSUNG'S MOTIONS TO
REVIEW THE CLERK'S TAXATION OF COSTS

*United States District Court*
For the Northern District of California

has approved as a basis for refusing to award taxable costs to a prevailing party include: the losing party's limited financial resources; misconduct by the prevailing party; the importance and complexity of the issues; the merit of the plaintiff's case; and, in civil rights cases, the chilling effect on future litigants of imposing high costs. *See id.* at 1022-23; *Save Our Valley*, 335 F.3d at 945; *Assoc. of Mexican-Am. Educators v. California*, 231 F.3d 572, 593 (9th Cir. 2000) (en banc).

In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987), the Supreme Court held that federal courts are limited to assessing those costs enumerated under 28 U.S.C. § 1920. Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The applicable provisions here are numbers two, four, and six.

The Civil Local Rules for the Northern District of California ("Local Rules") set forth additional standards for taxing costs in this district. Under the section for "Reporters' Transcripts," the Local Rules acknowledge that "[t]he cost of transcripts necessarily obtained for an appeal is allowable." Civ. Loc. R. 54-3(b)(1). In addition, under the section for "Reproduction and Exemplification" the Local Rules acknowledge that "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable," and that "[t]he cost of preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial." Civ. Loc. R. 54-3(d)(2), (5).

While acknowledging the "strong presumption" in favor of awarding taxable costs and the non-prevailing party's burden to demonstrate why taxable costs are not recoverable, the Federal Circuit (applying Ninth Circuit law) has noted that the burden first rests with the prevailing party to demonstrate the amount of costs that are taxable under relevant local laws. *See In re Ricoh Co.,*

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PARTING APPLE'S AND SAMSUNG'S MOTIONS TO
REVIEW THE CLERK'S TAXATION OF COSTS

*Ltd. Patent Litig.*, 661 F.3d 1361, 1364, 1367 (Fed. Cir. 2011) (applying 9th Circuit precedent and Civil Local Rule 54 to hold that "[t]he burden is on the prevailing party to establish the amount of compensable costs and expenses to which they are entitled" (alterations omitted) (internal quotation marks omitted)); *see also* Civ. Loc. R. 54-1(a) (requiring "[a]ppropriate documentation to support each item claimed").

When a party seeks review of the Clerk's taxation of costs, the district court reviews the Clerk's determination de novo. *Lopez v. S.F. Unified Sch. Dist.*, 385 F. Supp. 2d 981, 1000-01 (N.D. Cal. 2005).

**III.    DISCUSSION**

In Apple's Amended Bill of Costs, Apple requested reimbursement of taxable costs of $5,887,977.46. ECF No. 2942. The Clerk awarded Apple $2,064,940.55. ECF No. 3110. In both Apple's Motion and its Opposition, Apple asserts that as the prevailing party Apple is entitled to full recovery of these costs. Apple Mot. at 5; Apple Opp'n at 3-4. Accordingly, Apple requests that the Court increase the costs award to the full amount requested in Apple's Amended Bill of Costs, subject to certain reductions laid out in Apple's briefing. *See* Apple Reply at 14 (chart summarizing final costs requests).

In response, Samsung makes three arguments. First, Samsung argues that the Court should defer any decision on costs until after Samsung's appeal on the merits is resolved. Samsung Mot. at 5; Samsung Opp'n at 3-4. Second, Samsung argues in the alternative that the Court should reject Apple's bid for costs and order each party to bear its own expenses because Apple only received "a partial recovery." Samsung Mot. at 6-8; Samsung Opp'n at 4. Third, Samsung argues that Apple's Amended Bill of Costs seeks recovery for millions of dollars in either untaxable or taxable and unjustified expenses. Samsung Mot. at 8; Samsung Opp'n at 4-5. Samsung thus requests that the Court "reject the vast majority of [Apple's costs] as impermissible under Federal and Local Rules and [] reduce the remainder through a simple formula that reflects Apple's overall degree of success." Samsung Mot. at 8. The Court begins by addressing Samsung's arguments that the decision on costs should be deferred pending appeal and that the Court should deny all costs on the

5

1    ground that Apple is not a prevailing party. The Court will then turn to the parties' arguments

2    regarding specific categories of costs.

3        **A.    Deferring a Decision on Costs**

4        In both Samsung's Motion and its Opposition, Samsung requests that the Court exercise its

5    discretion to defer consideration of costs pending resolution of Samsung's appeal to the Federal

6    Circuit. Samsung Mot. at 5; Samsung Opp'n at 3-4. In response, Apple asserts that the appeal does

7    not prevent the Court from ruling on Apple's bill of costs. Apple Opp'n at 1.

8        Pursuant to the Advisory Committee Notes for Federal Rule of Civil Procedure 54(d), "If

9    an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its

10   ruling on the motion, or may deny the motion without prejudice, directing under subdivision

11   (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d) advisory

12   committee notes on 1993 amendments. Courts within the Ninth Circuit have routinely applied this

13   committee note to claims for costs as well as claims for fees. *See e.g.*, *Friends of Tahoe Forest*

14   *Access v. U.S. Dep't of Agric.*, No. 12-1876, 2014 WL 1575622, at *1 (E.D. Cal. Apr. 17, 2014)

15   (exercising its discretion and finding no basis to defer a decision on the bill of costs pending

16   plaintiffs' appeal); *Lasic v. Moreno*, No. 05-161, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21,

17   2007 ("The reasoning of the Advisory Committee's note is applicable to a ruling on a bill of

18   costs."); *accord Pixion Inc. v. PlaceWare Inc.*, No. 03-2909, 2005 WL 3955889, at *2 (N.D. Cal.

19   May 26, 2005) (declining to grant a stay on the taxation of costs pending appeal).

20       Although the Court acknowledges that it has the discretion to defer a decision on costs

21   pending resolution of Samsung's appeal, the Court declines to exercise this discretion. The instant

22   litigation has been before this Court since April 2011, and the original judgment in Apple's favor is

23   over two years old. Recognizing that the prevailing party has an interest in the prompt payment of

24   its taxable costs and in light of the need to finally bring the litigation before this Court to an end,

25   the Court finds that there is no basis to defer a decision on the bill of costs pending Samsung's

26   appeal.

27

28

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PARTING APPLE'S AND SAMSUNG'S MOTIONS TO
REVIEW THE CLERK'S TAXATION OF COSTS

*United States District Court*
For the Northern District of California

**B.      Prevailing Party**

In the alternative, Samsung asserts that because Apple achieved only a "partial recovery," Apple is not a prevailing party, and the Court should therefore order each party to bear its own costs. Samsung Mot. at 6; Samsung Opp'n at 4. In response, Apple asserts that it "is clearly the prevailing party," because "Apple prevailed at trial against almost all of the accused Samsung products, while Samsung prevailed on none of its counterclaims." Opp'n at 3.

Federal Circuit law determines the identity of the prevailing party in patent litigation. *See Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996) (Federal Circuit law determines which party is the prevailing party in a patent case).[1] Under Federal Circuit precedent, a party "'''prevails' when actual relief on the merits of [its] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."" *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-13 (1992)). There may be only one prevailing party. *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010).

Samsung attempts to undermine the extent of Apple's success in this case by arguing that Apple asserted many more claims against Samsung than Apple eventually presented at trial. Samsung Mot. at 6-7. Samsung further observes that Apple did not win on all of the claims Apple *did* present at trial and that Apple recovered only a portion of the damages it originally sought from Samsung. Indeed, according to Samsung, Apple "put at issue . . . nearly 2,500 disputed issues of liability," but prevailed on only "107 of those" issues at trial.[2] *Id.* at 6.

The Court is not persuaded by Samsung's efforts to minimize the degree to which Apple prevailed in this litigation. Apple prevailed on claims of infringement as to nearly all of the accused Samsung products and was ultimately awarded almost $1 billion in damages. *See* ECF No.

---

[1] By contrast, local Circuit law governs which costs the prevailing party may reasonably recover. *See Shum*, 629 F.3d at 1370.

[2] Samsung calculated this figure based on its own assessment of what the parties disputed in various pleadings. *See* ECF No. 2970. Apple disputes these figures and further points out that Samsung has provided no authority in support of its argument that the total number of issues raised throughout a litigation relative to the number of issues on which a party ultimately prevails at a trial has any relevance in determining which party is the prevailing party for purposes of assessing costs. *See* Apple Opp'n at 4. The Court agrees with Apple and rejects Samsung's attempt to minimize the extent to which Apple achieved success in this case.

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PARTING APPLE'S AND SAMSUNG'S MOTIONS TO
REVIEW THE CLERK'S TAXATION OF COSTS

**United States District Court**
For the Northern District of California

1933; ECF No. 2822. While this case has narrowed since its inception, the Court notes that much of this narrowing occurred at the Court's direction and not because Apple voluntarily abandoned its claims. Moreover, while Apple did not prevail on every one of its claims or receive the full damages it requested, a party need not win on every single one of its claims in order to be the prevailing party. Rather, the test is whether Apple has obtained relief that "materially alter[s] the legal relationship between the parties by modifying [Samsung's] behavior in a way that directly benefits" Apple. *Shum*, 629 F.3d at 1367. The large jury damages award in favor of Apple clearly "materially alter[ed] the legal relationship between the parties" in this case. Moreover, Samsung did not prevail on any of its counterclaims. Thus, the Court concludes that Apple is the prevailing party.

## C.    Contested Costs

### 1.    Fees for Printed or Electronically Recorded Transcripts

Apple originally sought the costs of deposition, trial, and hearing transcripts in the amount of $751,214.54. ECF No. 2942. This included $700,955.21 for deposition transcripts (ECF No. 2943-4; ECF No. 2943-19) and $50,259.33 for hearing and trial transcripts (ECF No. 2943-5). *See* Apple Mot. at 3. The Clerk reduced these combined transcript costs to $557,330.37, noting that $193,884.17 was "outside the ambit of LR 54-3(b), (c)." ECF No. 3110. In its Reply, Apple reduces its request to $710,351.67 divided between deposition transcripts ($682,356.46, which excludes $18,598.75 in video synchronization costs) and hearing and trial transcripts ($27,995.21, which excludes $22,264.12 for additional and expedited copies of trial transcripts). Apple Reply at 8.

#### a.    Deposition Transcripts

As is relevant here, Civil Local Rule 54-3(c)(1) permits recovery for "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case." In addition, Civil Local Rule 54-3(c)(3) instructs that "[t]he costs of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable."

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PARTING APPLE'S AND SAMSUNG'S MOTIONS TO
REVIEW THE CLERK'S TAXATION OF COSTS

*United States District Court*
For the Northern District of California

Courts across the Northern District have struggled to interpret Civil Local Rule 54-3(c)(1). Commonly, courts have interpreted Civil Local Rule 54-3(c)(1) to allow for recovery of the costs of videotaping a deposition and producing one hardcopy of the written transcript of the deposition. For example, the court in *MEMC Electronic Materials v. Mitsubishi Materials* concluded that "a sensible reading of the rule covers the cost of videotaping *and* the cost incurred by the court reporter associated with obtaining a stenographic transcription of a deposition, as well as the cost of one copy of the videotape and of the written transcript." No. 01-4925, 2004 WL 5361246, at *3 (N.D. Cal. Oct. 22, 2004), *adopted as modified on other grounds*, 2004 WL 5363614 (N.D. Cal. Nov. 22, 2004). The court also concluded that "[t]he rule does not allow parties to recover the costs of obtaining multiple copies of videos or transcripts." *Id.*; *see also In re Ricoh*, 661 F.3d at 1370 (affirming a Northern District court's decision to tax costs of both videotaping and transcribing of a deposition); *Meier v. United States*, No. 05-4404, 2009 WL 982129, at *1 (N.D. Cal. Apr. 13, 2009) ("[C]osts both for the video and the stenographic transcript of the depositions may be taxed."); *Pixion*, 2005 WL 3955889, at *2 (interpreting Local Rule 54-3(c) to allow for taxable costs of both the videotape and a hard copy of the transcript of the depositions).

Other courts in the Northern District have adopted a more narrow approach to awarding costs for deposition transcripts that allows for recovery of either videotaping or a stenographic transcript, but not both. *See ATS Prods. Inc. v. Ghiorso*, No. 10-4880, 2012 WL 1194151, at *1 (N.D. Cal. Apr. 10, 2012) (disallowing the taxing of costs for both the videotaping and the stenographic transcription of the deposition); *Affymetrix, Inc. v. Multilyte Ltd.*, No. 03-3779, 2005 WL 2072113, at *2 (N.D. Cal. Aug. 26, 2005) (same).

Neither the more generous nor the more narrow approach allows for the award of costs for additional expedited electronic copies of deposition transcripts on top of a video copy and a hard copy of deposition transcripts. Furthermore, numerous courts in the Northern District have explicitly found that costs for expedited transcripts are not recoverable. *See, e.g.*, *Plantronics, Inc. v. Aliph, Inc.*, No. 09-1714, 2012 WL 6761576, at *6 (N.D. Cal. Oct. 23, 2012); *City of Alameda v.*

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PARTING APPLE'S AND SAMSUNG'S MOTIONS TO REVIEW THE CLERK'S TAXATION OF COSTS

1    *Nuveen Mun. High Income Opportunity Fund*, No. 08-4575, 2012 WL 177566, at *3 (N.D. Cal.

2    Jan. 23, 2012).

3          For a majority of the depositions in the case, Apple seeks the costs of: (1) a paper copy of

4    the written transcript; (2) an electronic expedited copy of the written transcript; (3) a copy of the

5    video tape; and (4) a copy of the deposition exhibits. ECF No. 2943-4 (Am. Schedule A-1 showing

6    Morrison & Foerster costs of $531,152.16); ECF No. 2943-19 (Am. Schedule D-1 showing

7    WilmerHale costs of $169,803.05). For a small number of depositions, Apple seeks only the costs

8    of a transcript and a copy of the deposition exhibits. *See id.*

9          In its Motion, Samsung makes two arguments opposing these costs. First, Samsung argues

10   that many of Apple's depositions were unnecessary and many related to liability issues on which

11   Apple did not prevail at trial. Samsung Mot. at 10. Second, Samsung argues that Apple should not

12   recover the costs of the electronically expedited copies of the written deposition transcripts. *Id.* at

13   9. The Court will address each argument in turn.

14         Samsung's proposed standard that taxable costs for deposition transcripts should cover only

15   those depositions that raised liability issues on which the prevailing party actually prevailed at trial

16   is not supported by authority. Civil Local Rule 54-3(c)(1) allows recovery for transcripts from

17   depositions "taken for any purpose in connection with the case." Although depositions that are

18   "merely useful for discovery" are not taxable, *Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d

19   656, 678 (9th Cir. 1963), the fact that a party took the deposition of an individual who ultimately

20   did not testify at trial or who testified on an issue on which the party ultimately did not prevail does

21   not mean that the deposition was therefore "merely useful for discovery." Moreover, attempting to

22   parse which depositions related to liability issues on which a party did or did not prevail would

23   place an unworkable burden on the Court. Accordingly, the Court declines to deny Apple's

24   requested deposition transcript costs on the ground that Apple has not demonstrated that these costs

25   were necessarily incurred in relation to liability expenses on which Apple ultimately prevailed at

26   trial. Further, the Court determines that Apple has met its burden to demonstrate that the

27   depositions were reasonably obtained. *See In re Ricoh*, 661 F.3d at 1369.

28

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PARTING APPLE'S AND SAMSUNG'S MOTIONS TO
REVIEW THE CLERK'S TAXATION OF COSTS

United States District Court
For the Northern District of California

1       Samsung's second argument is more persuasive. Apple does not deny that the transcripts

2   were expedited, but argues that the both the video and hard copy transcript of each deposition

3   should together serve as the one recoverable original and that the additional expedited electronic

4   copy should serve as the "copy." Apple Opp'n at 7-8. This interpretation of Civil Local Rule 54-

5   3(c)(1) lacks support, and conflicts with the numerous cases in the Northern District that refuse to

6   award costs for expedited copies. *See Plantronics*, 2012 WL 6761576, at *6. Apple is not entitled

7   to an additional expedited electronic copy of each deposition transcript and therefore such costs

8   will not be allowed.

9       Accordingly, of the $682,356.46 that Apple seeks in costs for deposition transcripts, the

10  Court awards Apple $559,425.26, which includes the costs of video, written transcripts, and

11  exhibits reproduced for the depositions and excludes the costs of expedited electronic copies of the

12  transcripts.

13                      **b.        Transcripts from Hearings and Trial**

14      Pursuant to 28 U.S.C. § 1920, a prevailing party may recover "[f]ees for printed or

15  electronically recorded transcripts necessarily obtained for use in the case." Further, Civil Local

16  Rule 54-3(b)(1) provides that "[t]he cost of transcripts necessarily obtained for an appeal is

17  allowable."

18      Courts in the Northern District generally allow for recovery of costs for one copy of the

19  trial transcript. *See, e.g.*, *TransPerfect Global, Inc. v. MotionPoint Corp.*, No. 10-02590, 2014 WL

20  1364792, at *3 (N.D. Cal. Apr. 4, 2014). In addition to one copy of the trial transcript, various

21  courts in the Northern District tax the costs for pretrial hearing transcripts for claim construction

22  and summary judgment hearings. *See id.* at *4; *eBay Inc. v. Kelora Sys., LLC*, No. 10-4947, 2013

23  WL 1402736, at *11 (N.D. Cal. Apr. 5, 2013); *MEMC Elec. Materials*, 2004 WL 5361246, at *2.

24      In Apple's Motion, Apple sought costs for hearing and trial transcripts in the amount of

25  $50,259.33. Apple Mot. at 7. Apple asserted that Apple incurred costs in obtaining transcripts for

26  each day of the trial, and that the transcripts were necessarily obtained in anticipation of the appeal,

27  which Samsung has already filed. *Id.* Apple also requests costs for obtaining transcripts for certain

28

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PARTING APPLE'S AND SAMSUNG'S MOTIONS TO
REVIEW THE CLERK'S TAXATION OF COSTS

pretrial hearings. *Id.*; *see also* ECF No. 2943-5 (Am. Schedule A-2). In its Reply, Apple withdraws its request for $22,264.12 in costs of certain additional copies and expedited costs for trial transcripts. Apple Reply at 7. Thus, Apple's remaining requested costs for hearing and trial transcripts now amount to $27,995.21. *Id.*

In both Samsung's Motion and its Opposition, Samsung objects to Apple's claimed costs for the daily trial transcripts on the ground that there is nothing in the record to support Apple's claim that the daily trial transcripts were "necessarily obtained for appeal" as required by the Local Rules. *See* Samsung Mot. at 11; Samsung Opp'n at 7. This argument is unpersuasive, given the multiple interlocutory appeals in this case, as well as the appeal on the merits that is currently pending in the Federal Circuit.

Samsung further argues that the costs related to hearing and trial transcripts include premium charges for expedited transcripts and extra copies, and that Apple should recover basic court transcript costs only. *Id.* As noted above, Apple has withdrawn its request for additional and expedited trial transcripts. Accordingly, the Court awards Apple costs for one copy of reporters' daily trial transcripts, but not for additional copies or expedited transcripts.

In addition to trial transcripts, Apple requests costs for obtaining transcripts for pretrial hearings, including hearings concerning: (1) a motion to expedite the trial; (2) a motion to disqualify counsel; (3) motions to compel document production; (4) a claim construction hearing; (5) a motion to shorten time on the briefing; (6) a motion for attorneys' fees and costs; (7) motions for sanctions; (8) motions to seal; (9) summary judgment; (10) motions to exclude evidence; and (11) several pretrial conferences. *See* ECF No. 2943-8.

Following *TransPerfect*, *eBay Inc.*, and *MEMC*, the Court awards costs the transcripts of the claim construction and summary judgment hearings but declines to award costs for transcripts of other hearings. *See TransPerfect*, 2014 WL 1364792, at *4; *eBay Inc.*, 2013 WL 1402736, at *11; *MEMC Elec. Materials*, 2004 WL 5361246, at *2.

Accordingly, of the $27,995.21 that Apple now seeks in hearing and trial transcript costs, the Court awards $22,417.50. $22,417.50 is calculated as follows: $719.95 for one original copy of

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PARTING APPLE'S AND SAMSUNG'S MOTIONS TO
REVIEW THE CLERK'S TAXATION OF COSTS

the transcript from the Markman hearing (ECF No. 2943-8 at 7); $911.80 for one copy of the

transcript from the summary judgment hearing (ECF No. 2943-8 at 16); $13,456.00 for one

original copy of the transcript from the first eleven days of the 2012 trial (ECF No. 2943-8 at 19);

$2,008.25 for one original copy of the transcript from the remaining three days of the 2012 (ECF

No. 2943-8 at 21); and $5,321.50 for one original copy of the transcript from the November 2013

partial damages retrial (ECF No. 2943-8 at 32).

### 2.    Fees for Exemplifications and Making Copies

Apple's Amended Bill of Costs seeks $4,854,262.92 in costs related to exemplifications,

making copies, and other related items. ECF No. 3110. The Clerk reduced these costs to

$1,507,610.18, noting that $3,346,652.74 "was outside the ambit of LR 54-3(d)." *Id.*

Apple's Amended Bill of Costs included the following requests:

1) $1,562,110.98 for making copies for purposes of disclosure and other formal
   discovery processes; (ECF No. 2853-9 (Schedule B-1 showing Morrison &
   Foerster costs of $1,498,038.41); ECF No. 2854-13 (Schedule E showing
   WilmerHale costs of $64,072.57);

2) $123,379.74 in costs that Apple incurred in purchasing devices for evidentiary
   and demonstrative purposes (ECF No. 2853-15 (Schedule B-2));

3) $1,582,387.02 for preparing trial graphics and demonstratives (ECF No. 2943-6
   (Am. Schedule B-3 showing Morrison & Foerster costs of $1,249,506.69); ECF
   No. 2854-15 (Schedule E-2 showing WilmerHale costs of $332,880.33));

4) $1,486,475.01 in e-discovery costs from two sets of vendors:[3]

   (A) Catalyst Repository Systems, Inc. ("Catalyst"), which uploaded and
       produced documents to Samsung, in the amount of $287,555.45 (ECF
       No. 2943-7 (Am. Schedule B-5 showing Morrison & Foerster costs of
       $271,322.92); ECF No. 2943-20 (Am. Schedule E-3 showing
       WilmerHale costs of $16,232.53)); and

   (B) other vendors that collected and processed paper and electronic
       documents that ultimately were uploaded to the document repository
       maintained by Catalyst, in the amount of $1,198,919.56 (ECF No. 2853-
       22 (Schedule B-4));

5) $99,910.17 for maintaining a secure room (ECF No. 2853-26 (Schedule B-6)).

Apple Mot. at 3; 7-12.

### a.    Copies

---

[3] As discussed further below, *see infra* Part III.C.2.d, Apple has since withdrawn $9,509.40 in e-discovery costs.

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PARTING APPLE'S AND SAMSUNG'S MOTIONS TO
REVIEW THE CLERK'S TAXATION OF COSTS

United States District Court
For the Northern District of California

1    Civil Local Rule 54-3(d)(2) provides that "[t]he cost of reproducing disclosure or formal

2    discovery documents when used for any purpose in the case is allowable," while 28 U.S.C.

3    § 1920(4) allows for the taxation of "[f]ees for exemplification and the costs of making copies of

4    any materials where the copies are necessarily obtained for use in the case." In *In re Ricoh*, the

5    Federal Circuit (applying Ninth Circuit law) held that copying costs are not recoverable under these

6    provisions unless the request for costs is accompanied by adequate documentation establishing that

7    the copies were made for purposes of discovery and produced to the opposing party. *See* 661 F.3d

8    at 1367 ("Section 1920 allows the recovery of costs for a prevailing party who establishes that the

9    copied documents were produced by it pursuant to Rule 26 or other discovery rules and that the

10   copies were requested by, and supplied to, the opposing party.").

11   Samsung argues, and the Court agrees, that Apple's documentation of its copying costs is

12   inadequate to determine either the purpose for which the copies were made or whether the copies

13   were produced to Samsung. *See* Samsung Mot. at 13; Samsung Opp'n at 8-9. The vast majority of

14   the documentation describing Apple's copying costs merely state that Apple is requesting costs for

15   preparation of "blowbacks." *See* ECF No. 2853-9; ECF No. 2854-13. Because the Court cannot

16   infer from the documentation (nor does Apple explain in the declarations in support of these costs

17   requests) whether the "blowbacks" were prepared for discovery purposes or tendered to opposing

18   counsel or were rather (as Samsung suggests) created for counsel's convenience or to prepare

19   Apple's own witnesses for deposition, the Court finds that Apple has failed to meet its burden to

20   provide "[a]ppropriate documentation" to support Apple's request for copying costs. *See In re*

21   *Ricoh*, 661 F.3d at 1367 (Fed. Cir. 2011) ("The burden is on the prevailing party to establish the

22   amount of compensable costs and expenses to which they are entitled." (alteration omitted)

23   (internal quotation marks omitted)); *Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 998 (N.D. Cal.

24   2009) ("A district court may reduce costs . . . which are not supported by adequate

25   documentation."), *aff'd*, 629 F.3d 1360 (Fed. Cir. 2010). Given the lack of appropriate

26   documentation, the Court denies Apple's request for copying costs in its entirety.[4]

27
28
───────────────
[4] In its Opposition, Apple cites *Parrish v. Manatt, Phelps & Phelps, LLP*, No. 10-3200, 2011 WL 1362112 (N.D. Cal April 11, 2011), and *Alzheimer's Institute of America, Inc. v. Elan Corp. PLC*,

14

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PARTING APPLE'S AND SAMSUNG'S MOTIONS TO
REVIEW THE CLERK'S TAXATION OF COSTS

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

b.      **Devices**

Apple seeks $123,379.74 to cover the costs of purchasing devices for use "as trial or deposition exhibits, or used for purposes of expert analysis." ECF No. 2853 ¶ 23; ECF No. 2853-15 (Schedule B-2). 28 U.S.C. § 1920(4), which provides that "[f]ees for exemplification" are taxable has been interpreted to cover all types of demonstrative evidence, *see Maxwell v. Hapag-Lloyd Aktiengesellschaft*, 862 F. 2d 767 (9th Cir. 1988), while Civil Local Rule 54-3(d)(3) provides that "[t]he cost of preparing . . . visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial."

Although Samsung contends that Apple has failed to demonstrate that the cost of *any* of the devices Apple purchased are recoverable, Samsung Mot. at 14; Samsung Opp'n at 10-11, the Court finds that the costs for at least some of the devices are recoverable under either 28 U.S.C. § 1920(4) or Civil Local Rule 54-3(d)(3). Apple used numerous devices at trial to demonstrate the functionality and appearance of the products at issue in the case, and the Court concludes that these devices "were reasonably necessary to assist the jury [and] the Court in understanding the issues at trial." Civ. Loc. R. 54-3(d)(3).

Nevertheless, Apple seeks to recover costs for numerous additional devices that were never used at trial, and Apple cites no authority for the proposition that costs for these additional devices are taxable. Apple relies on *Maxwell*, 862 F. 2d at 770, and *Service Employees International Union v. Rosselli*, No. 09-404, 2010 WL 4502176, at *3 (N.D. Cal. Nov. 1, 2010), to support its claim for the costs of these additional devices. *See* Apple Mot. at 8. However, the courts in both of these cases allowed recovery only for the costs of demonstrative evidence "used in the trial" that "w[as]

No. 10-482, 2013 WL 8744216, at *3 (N.D. Cal. Jan. 31, 2013), for the proposition that the Court should not categorically exclude costs for the copying of documents not produced to opposing counsel. These cases are not persuasive. *Parrish* predates the Federal Circuit decision in *In re Ricoh*, which clearly establishes that copies must be produced to the opposing party in order for the costs of the copies to be recoverable. Meanwhile, *Alzheimer's* involved a somewhat unique set of facts in which the parties were actively preparing to produce documents that ultimately were never produced because the case was stayed pending resolution of a related litigation. *See* 2013 WL 8744216, at *3. The facts here more closely resemble *In re Ricoh* itself, where the parties clearly exchanged many documents in discovery but the prevailing party failed to adequately document which documents had been copied and exchanged for this purpose in seeking costs. *See* 661 F.3d at 1367-68. As neither *Parrish* nor *Alzheimer's* are controlling or persuasive decisions, the Court declines to follow them.

15

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PARTING APPLE'S AND SAMSUNG'S MOTIONS TO
REVIEW THE CLERK'S TAXATION OF COSTS

1   of material aid to the jury." *Maxwell*, 862 F. 2d at 770; *SEIU*, 2010 WL 4502176, at *3. The Court

2   therefore concludes that Apple may not recover costs for the purchase of additional devices not

3   used as demonstrative evidence or introduced into evidence at trial.

4        In Apple's documentation in support of Apple's bill of costs, Apple identifies for the Court

5   which devices were entered as "trial exhibit[s]" (which are recoverable) and which devices were

6   purchased for other purposes, such "inspection[s]" and "expert report[s]" (which are not

7   recoverable). ECF No. 2853-15. Accordingly, of the $123,379.74 requested by Apple, the Court

8   awards Apple the cost of each device actually used at trial in the amount of $21,785.26 and denies

9   recovery for devices not used at trial.

10        **c.      Trial Graphics and Demonstratives**

11        Apple seeks costs of preparing trial graphics and demonstratives in the amount of

12   $1,582,387.02. ECF No. 2943-6 (Amended Schedule B-3, showing Morrison & Foerster costs of

13   $1,249,506.69); ECF No. 2854-15 (Schedule E-2, showing WilmerHale costs of $332,880.33).

14   Apple asserts that this request covers only costs that Apple incurred for the actual preparation of

15   trial graphics and demonstratives and that costs related to consultation and meetings, trial technical

16   support, equipment rental, and miscellaneous expenses were excluded.[5] *See* ECF No. 2853 at 7.

17        As noted above, 28 U.S.C. § 1920(4) provides recovery for "[f]ees for exemplification . . .

18   necessarily obtained for use in the case." More specifically, the Local Rules permits recovery for

19   exemplification costs spent "preparing charts, diagrams, videotapes, and other visual aids to be

20   used as exhibits [that are] reasonably necessary to assist the jury or the Court in understanding the

21   issues at the trial." Civ. Loc. R. 54-3(d)(5).   In *Shum*, the court held that the Local Rule allows

---

[5] Apple claims that while some invoices may indicate otherwise, the invoices submitted reflect only actual preparation of the trial graphics and demonstratives. Apple Mot. at 9 n.5. Specifically, on certain invoices from Impact Trial Consulting (one of Apple's vendors that produced trial graphics and demonstratives) the costs of producing graphics were labeled as "Services: Graphics Consulting: Graphics Production." *See, e.g.*, ECF No. 2853-20 (Ex. B-3 at 58); *see also* ECF No. 2943-3 ¶ 13. Apple asserts that these line items relate entirely to the production of graphics, rather than to consultations or meetings. Apple Mot. at 9 n.5. The accounting system at Impact Trial Consulting is, according to Apple, organized such that "Graphics Production" is a subcategory of "Graphics Consulting," which in turn is a subcategory of the "Services" category. *Id.* Accordingly, a charge for "Graphics Production" appears as "Services: Graphics Consulting: Graphics Production" on the invoices. *Id.*

16

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PARTING APPLE'S AND SAMSUNG'S MOTIONS TO
REVIEW THE CLERK'S TAXATION OF COSTS

**United States District Court**
For the Northern District of California

1    recovery for materials "to be used" at trial and does not require actual use of each item so prepared.

2    682 F. Supp. 2d at 1000; *see also Haagen–Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*,

3    920 F.2d 587, 588 (9th Cir. 1990) (per curiam) (costs of exemplification made in anticipation of

4    trial, but not used at trial, are recoverable). As with all costs, the burden is on the prevailing party

5    to establish in the first instance that the specific costs requested are taxable. *See, e.g.*, *In re Ricoh*,

6    661 F.3d at 1367 ("The burden is on the prevailing party to establish the amount of compensable

7    costs and expenses to which they are entitled.").

8         The Court finds that Apple has met its burden to show that its requested costs are taxable as

9    to some, but not all, of Apple's claimed costs for the preparation of trial graphics and

10   demonstratives. Apple's documentation indicates that Apple is requesting costs for the preparation

11   of "trial graphics" and "graphics/demonstratives." *See* ECF No. 2943-6; ECF No. 2854-15. The

12   Court cannot infer from the documentation (nor does Apple explain in Apple's declarations in

13   support of these costs requests) whether the items in the "graphics/demonstratives" category were

14   created in anticipation of use at trial and thus were "reasonably necessary to assist the jury or the

15   Court in understanding the issues at the trial," as required by Civil Local Rule 54-3(d)(5).

16   Accordingly, the Court disallows costs for invoices not specifically identified as "trial graphics."

17        Therefore, of the $1,582,387.02 Apple requests in costs for trial graphics and

18   demonstratives, the Court awards $786,972.10 for the "trial graphics," which includes $570,574.60

19   from Morrison & Foerster (ECF No. 2943-6) and $216,397.50 from WilmerHale (ECF No. 2854-

20   15).

21                      **d.      E-Discovery**

22        In addition to trial graphics, Apple also seeks recovery for e-discovery costs associated with

23   processing documents, uploads, and document productions pursuant to 28 U.S.C. § 1920(4)

24   (permitting recovery of costs spent on "exemplification and copies of papers necessarily obtained

25   for use in the case") and Civil Local Rule 54-3(d)(2) (permitting recovery of "[t]he cost of

26   reproducing disclosure or formal discovery documents when used for any purpose in the case"). In

27   its Amended Bill of Costs, Apple sought a total of $1,486,475.01 in costs from: (1) Catalyst

28

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PARTING APPLE'S AND SAMSUNG'S MOTIONS TO
REVIEW THE CLERK'S TAXATION OF COSTS

**United States District Court**
For the Northern District of California

1    Repository Systems, Inc. ("Catalyst"), which uploaded and produced documents to Samsung, in the

2    amount of $287,555.45 (ECF No. 2943-7 (Am. Schedule B-5, showing Morrison & Foerster costs

3    of $271,322.92); ECF No. 2943-20 (Am. Schedule E-3, showing WilmerHale costs of

4    $16,232.53)); and (2) other vendors that collected and processed paper and electronic documents

5    that ultimately were uploaded to the document repository maintained by Catalyst, in the amount of

6    $1,198,919.56 (ECF No. 2853-22 (Schedule B-4)). Apple later reduced this request by $9,509.40,

7    for a revised total request of $1,476,965.61. Apple Opp'n at 14-15. In Apple's supporting

8    documentation, various Apple attorneys assert that Apple seeks only the amounts associated with

9    electronic preparation and duplication, not the intellectual effort involved in the production, such as

10   searching or analyzing the documents. ECF No. 2853 ¶ 38; ECF No. 2854 ¶ 29. Additionally, the

11   supporting declarations assert that costs associated with hosting the data, software user license fees,

12   and vendor consulting time have not been included. ECF No. 2853 ¶ 34; ECF No. 2854 ¶ 29.

13          When interpreting Local Rule 54-3(d)(2), courts in the Northern District routinely award e-

14   discovery costs that are analogous to "making copies," as opposed to costs incurred for the parties'

15   convenience or attributable to the "intellectual effort" involved in document production. *See eBay

16   Inc.*, 2013 WL 1402736, at *5; *see also Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, No. 09-

17   5939, 2012 WL 1610979, at *4 (N.D. Cal. May 8, 2012) (allowing recovery of e-discovery costs

18   that were "necessary to convert computer data into a readable format"), *aff'd*, 737 F.3d 546 (9th

19   Cir. 2013). In addition, courts in the Northern District have determined that only costs associated

20   with documents produced to the opposing party are taxable under Local Rule 54-3(d)(2). *See, e.g.*,

21   *Kwan Software Eng'g, Inc. v. Foray Techs., LLC*, No. 12-3762, 2014 WL 1860298, at *5 (N.D.

22   Cal. May 8, 2014) (rejecting all e-discovery costs related to unproduced documents); *see also In re

23   Ricoh*, 661 F.3d at 1368 (Fed. Cir. 2011) (rejecting prevailing parties request for costs under Civil

24   Local Rule 54-3(d)(2) when it was unclear "to which side the copies were ultimately provided").

25          Samsung makes three arguments opposing the award of the e-discovery costs. First,

26   Samsung argues that Apple failed to prove that these costs were the functional equivalent of

27   making copies and not costs for intellectual effect. Samsung Opp'n at 13-14. Second, Samsung

28

18

United States District Court
For the Northern District of California

1    argues that Apple's documentation fails to prove whether the costs requested are tied to documents

2    actually produced to Samsung. Samsung Mot. at 17; Samsung Opp'n at 14. Third, Samsung argues

3    that Apple's "extremely high per page e-discovery rate is excessive and therefore impermissible."

4    Samsung Opp'n at 14.

5         As to Samsung's first argument, the Court finds that Apple has provided appropriate

6    documentation to support its assertion that the costs requested do not include costs for the

7    intellectual effort expended in the course of the production. In a sworn declaration in support of

8    Apple's Bill of Costs, Morrison & Foerster attorney Rachel Krevans asserts in that "Apple seeks

9    only the amounts associated with electronic preparation and duplication, not the intellectual effort

10   involved in the production, such as searching or analyzing the document." ECF No. 2853 ¶ 34.

11        As to Samsung's second argument, it is somewhat unclear from Apple's documentation of

12   its e-discovery costs whether and to what extent Apple's claimed costs cover only the costs of

13   documents produced to Samsung. However, in the briefing on the parties' Cross-Motions, Apple

14   acknowledges that many of its claimed e-discovery costs relate to documents not produced to

15   Samsung.[6] *See* Apple Reply at 12 ("Apple is entitled to recover the costs incurred in processing all

16   of the documents it collected for review, whether or not they were all produced. . . . Here, Apple

17   produced 338,860 documents, totaling 2,944,467 pages, each document averaging 8.69 pages. . . .

18   Apple, however, uploaded a total of 2,101,808 documents. . . . Assuming the same average page

19   count of 8.69 for all documents that Apple produced, Apple uploaded a total of 18,264,712 pages

20   in this litigation." (citations omitted)). Given Apple's acknowledgement that only a portion of its e-

21   discovery costs relate to documents produced to Samsung, the Court, in its discretion, will reduce

22   the costs award to the amount Apple approximates that it spent on documents produced to

23   Samsung. Using Apple's own figures, Apple estimates that it uploaded a total of 18,264,712 pages

24

25   [6] Although Apple asserts that it is entitled to recover e-discovery costs even as to documents not
     produced to Samsung, Apple Reply at 12, the Court disagrees for the same reasons the Court
26   disagrees with Apple's position that it is entitled to recover copying costs associated with
     documents not produced to Samsung. *See supra* Part III.C.2.a and note 4. Given that courts award
27   e-discovery costs on the premise that e-discovery is analogous to copying, *see, e.g.*, *eBay Inc.*,
     2013 WL 1402736, at *5, the rule limiting copying costs to documents actually produced to the
28   opposing party should apply with equal force to e-discovery.

                                                    19

of which 2,944,467 pages were ultimately produced. *See id.* Based on this, the Court calculates that approximately 16.12% of Apple's e-discovery costs were spent on documents produced to Samsung. The Court will therefore award Apple e-discovery costs in the amount of $238,102.66.[7]

### e.   Secure Room

In Apple's Motion, Apple sought to recover costs associated with maintaining a secure room in the amount of $99,910.17. Apple Mot. at 3; *see also* ECF No. 2853-26. However, in Apple's Opposition to Samsung's Motion, Apple affirmatively withdrew Apple's request for the costs of maintaining a secure room in the amount of $99,910.17. Apple Opp'n at 15. Accordingly, the Court denies this request for costs as moot.

### 3.   Compensation for Interpreters

In its final category of costs requests, Apple seeks to recover, pursuant to 28 U.S.C. § 1920(6), costs for compensation of interpreters at deposition and trial in the amount of $282,500.00. ECF No. 2853-28 (Schedule C showing Morrison & Foerster costs of $160,200.00); ECF No. 2943-21 (Am. Schedule F showing WilmerHale costs of $122,300.00). Specifically, Apple seeks $11,900 for half of a shared interpreter used at trial, $28,000 for a second "check" interpreter, and $242,600 for interpreters used at depositions. *See* Samsung Mot. at 20; ECF No. 2853-28; ECF No. 2943-21.

### a.   Shared Trial Interpreter

Apple first requests $11,900 for half of a shared interpreter used at trial. 28 U.S.C. § 1920(6) permits recovery for "[c]ompensation of interpreters." Apple acknowledges that Apple and Samsung "agreed to split the cost of the main interpreter at trial," but nevertheless maintains that "nothing in that agreement precludes recovery of those taxable interpreter costs incurred by Apple in defending its patent rights." Apple Mot. at 12; *see also* ECF No. 2853-29 (Apple's

---

[7] Calculated as: 2,944,467/18,264,712 * $1,476,965.61.
   The Court further concludes that reducing the costs award for e-discovery in this manner adequately addresses Samsung's final concern that Apple's requested per-page rate for e-discovery is too high. *See* Samsung Opp'n at 14. $238,102.66 divided by 2,944,467 pages yields a rate of approximately $.08 per page, which the Court finds reasonable.

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PARTING APPLE'S AND SAMSUNG'S MOTIONS TO
REVIEW THE CLERK'S TAXATION OF COSTS

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  documentation in support of taxing the cost of half of the trial interpreter noting that "Apple and

2  Samsung split this invoice"). The Court disagrees.

3        In *In re Ricoh*, the Federal Circuit (applying Ninth Circuit law) determined that when

4  parties agree to share costs without specifically stating that their agreement is intended as anything

5  other than a final settlement of the cost of the expense, the prevailing party may not later seek to

6  recover its share of those costs. *See* 661 F.3d at 1367 (Fed. Cir. 2011) (holding that because

7  "[t]here is no indication in any of the extensive communications between the parties that they

8  intended this cost-sharing agreement to be anything other than a final settlement of the cost of the

9  Stratify database" the prevailing party could not recover the cost of the Stratify database). Apple

10  cites no contrary authority.

11        Although both Apple and Samsung acknowledge that the parties agreed to split the cost of

12  the main interpreter at trial, neither party provides any further detail regarding the terms of this

13  cost-sharing agreement. Since Apple bears the burden to establish that this cost is taxable, the

14  Court concludes that the lack of detail regarding the cost-sharing agreement—and particularly the

15  lack of detail concerning whether the parties specifically intended for the agreement to be only

16  temporary—weighs in favor of denying this cost. Accordingly, Apple's request for recovery of

17  costs for half of a shared trial interpreter is denied in its entirety.

                              **b.    Check Interpreter**

19        Apple also seeks to recover $28,000 in costs for a second, "check" interpreter used at trial.

20  ECF No. 2853-28. In making this request, Apple asserts that 28 U.S.C. § 1920(6) "does not limit

21  recovery of interpretation costs to main interpreters." Apple Opp'n at 16. Samsung argues that the

22  expense of a second interpreter was discretionary and thus not "necessarily incurred" as required

23  by the Local Rules. Samsung Mot. at 21; *see also* Civ. Loc. R. 54-1(a).

24        This Court finds that Apple has not met its burden of providing appropriate documentation

25  to support the assertion that the cost of the check interpreter is taxable. The Court cannot infer from

26  Apple's documentation (nor does Apple explain in its declarations in support of these costs

27  requests) whether the check interpreter was "necessarily incurred" (which could be recoverable) or

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PARTING APPLE'S AND SAMSUNG'S MOTIONS TO
REVIEW THE CLERK'S TAXATION OF COSTS

was rather (as Samsung suggests) obtained purely for counsel's own benefit, which is not taxable. Accordingly, the Court disallows Apple's requested costs for the check interpreter in their entirety.

### c.   Deposition Interpreters

Finally, Apple requests $242,600 in costs for interpreters at depositions. ECF No. 2943-21. Samsung challenges this request, noting that the requested amount includes "$120,350 in costs for deponents who were not even designated on either party's list of ninety-five potential live and deposition trial witnesses." Samsung Mot. at 21; *see also* Samsung Opp'n at 16.

The district court in *In re Ricoh* determined that because deposition costs are taxable when a deposition is "taken for any purpose in connection with the case," a party need not actually cite a deposition in a summary judgment motion to permit the court to tax the cost of interpretation of such deposition when the case was resolved at summary judgment. *In re Ricoh Co., Ltd. Patent Litig.*, No. 03-2289, 2010 WL 8961328, at *9 (N.D. Cal. Sept. 29, 2010) (citing Civ. Loc. R. 54-3(c)(1)), *aff'd in relevant part*, 661 F.3d 1361 (Fed. Cir. 2011). It follows from this that a party that prevails at trial need not call or designate a witness at trial in order for that witness's deposition to have been taken in connection with the case, and Samsung cites no contrary authority.

As noted above, the Court finds that Apple has met its burden to show that the depositions taken in this case were reasonably obtained and were not merely "useful for discovery." *See supra* Part III.C.1.a. The Court now concludes that the costs of interpreters used at those depositions was reasonable as well. Accordingly, the Court grants Apple's request for $242,600 in costs for interpreters at depositions in its entirety.

### 4.   Summary

In summary, the Court taxes the following expenses: (1) $559,425.26 for deposition transcripts; (2) $22,417.50 for trial and certain hearing transcripts; (3) $21,785.26 for devices used at trial; (4) $786,972.10 for trial graphics; (5) $238,102.66 in e-discovery costs; and (6) $242,600 for interpreters at depositions. Accordingly, the Court taxes Samsung $1,871,302.78 in costs.

## IV.   CONCLUSION

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PARTING APPLE'S AND SAMSUNG'S MOTIONS TO
REVIEW THE CLERK'S TAXATION OF COSTS

For the reasons discussed above, Apple's Motion for Costs is GRANTED in part and DENIED in part, and Samsung's Motion for Costs is GRANTED in part and DENIED in part.

| Fees for Printed or Electronically Recorded Transcripts | Total Costs Requested by Apple | Total Costs Awarded by the Court |
|---|---|---|
| Deposition Transcripts | $682,356.46 | $559,425.26 |
| Hearing and Trial Transcripts | $27,995.21 | $22,417.50 |
| **Subtotals** | **$710,351.67** | **$581,842.76** |

| Fees for Exemplifications and Making Copies | Total Costs Requested by Apple | Total Costs Awarded by the Court |
|---|---|---|
| Copies | $1,562,110.98 | $0.00 |
| Devices | $123,379.74 | $21,785.26 |
| Trial Graphics and Demonstratives | $1,582,387.02 | $786,972.10 |
| E-Discovery | $1,476,965.61 | $238,102.66 |
| Secure Room | $0.00 | $0.00 |
| **Subtotals** | **$4,744,843.35** | **$1,046,860.02** |

| Compensation for Interpreters | Total Costs Requested by Apple | Total Costs Awarded by the Court |
|---|---|---|
| Shared Trial Interpreter | $11,900.00 | $0.00 |
| Check Interpreter | $28,000.00 | $0.00 |
| Deposition Interpreters | $242,600.00 | $242,600.00 |
| **Subtotals** | **$282,500.00** | **$242,600.00** |

| **Total Costs** | **$5,737,695.02** | **$1,871,302.78** |

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PARTING APPLE'S AND SAMSUNG'S MOTIONS TO REVIEW THE CLERK'S TAXATION OF COSTS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**IT IS SO ORDERED.**

Dated: September 19, 2014

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

24