UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>    Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No.: 11-CV-01846-LHK (PSG)<br><br>ORDER ON MOTIONS FOR RELIEF FROM NONDISPOSITIVE ORDERS (ECF NOS. 3134, 3135, 3136) |

This Order addresses Magistrate Judge Grewal's January 29, 2014 Order Granting Motion for Sanctions (ECF No. 2935, "Sanctions Order") and June 20, 2014 Order Setting Reasonable Attorney's Fees and Costs (ECF No. 3117, "Fees Order"). Samsung and non-party Nokia Corporation ("Nokia") filed a total of three motions challenging aspects of those orders: (1) Samsung's motion contesting a finding that Samsung waived privilege as to seven documents (ECF No. 3135); (2) Nokia's motion for access to Samsung documents submitted *in camera* (ECF No. 3136); and (3) Samsung's motion to reduce the sanctions award of fees and costs (ECF No. 3134). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Samsung's motion for relief regarding waiver of privilege (ECF No. 3135), GRANTS IN PART AND DENIES IN PART Nokia's motion for relief regarding *in*

1

*camera* documents (ECF No. 3136), and DENIES Samsung's motion for relief regarding fees and costs (ECF No. 3134).

## I. PROCEDURAL HISTORY

The present motions involve violations of the protective order in this case by Samsung and its counsel, Quinn Emanuel. Judge Grewal has previously detailed the procedural and factual history of this dispute, so the Court recites only relevant, uncontested portions for purposes of reviewing the current motions. *See, e.g.*, ECF No. 2689 at 2-3; Sanctions Order at 2-7.

In connection with this litigation, Samsung obtained an expert report from Dr. David Teece (the "Teece Report"), which included confidential information regarding the terms of Apple's license agreements with non-parties Nokia and Ericsson. *See* Sanctions Order at 4. In 2012, Quinn Emanuel distributed improperly redacted copies of the Teece Report to Samsung employees. *See id.* Quinn Emanuel claims that it did not discover the improper distribution of this confidential information until December 2012. *See id.* at 5. However, distribution of incorrectly redacted copies of the Teece Report continued after that date. *See id.* at 5-6. On June 4, 2013, during negotiations between Samsung and Nokia, Samsung executive Dr. Seungho Ahn allegedly recited the terms of an Apple-Nokia license described in the Teece Report, saying that "all information leaks." *Id.* at 6.

On July 1, 2013, in Case No. 12-CV-630, Nokia moved for a protective order, alleging that Samsung improperly used Nokia's confidential information during licensing negotiations. *See* Case No. 12-CV-630, ECF No. 647. Then, on August 23, 2013, Apple sought discovery and sanctions against Samsung in the present case, in connection with Samsung's alleged violations of the protective order. *See* ECF Nos. 2374, 2434 (Nokia's joinder to Apple's motion). Following further briefing and hearings, Judge Grewal ordered Samsung to produce allegedly privileged documents for *in camera* inspection. *See* ECF Nos. 2587, 2589. On November 18, 2013, after reviewing Samsung's production, Judge Grewal issued an order to show cause as to why sanctions against Samsung and Quinn Emanuel were not warranted. ECF No. 2689. Judge Grewal explained that he "undertook an in camera review of boxes upon boxes of Samsung's documents," finding that this *in camera* procedure was "necessary because Samsung raised the equally serious

1  charge that the attorney-client privilege and work-product protections applicable to these

2  documents would otherwise be breached without cause." *Id.* at 1-2. Based on his exhaustive

3  review of the documents, Judge Grewal determined that "an outline does emerge suggesting

4  sanctions should issue" based on protective order violations by Samsung and Quinn Emanuel. *Id.*

5  at 3.

6  On January 29, 2014, Judge Grewal imposed sanctions, finding that Samsung and Quinn

7  Emanuel violated the protective order by repeatedly distributing the unredacted Teece Report

8  throughout Samsung, and that Quinn Emanuel failed to notify Apple timely of those violations

9  upon discovering them. *See* Sanctions Order. In imposing sanctions, Judge Grewal relied on

10  documents submitted by Samsung for *in camera* review and ruled: "Because Samsung offered to

11  turn over the vast majority of the documents cited in this order, the court finds that privilege has

12  been waived as to those documents." *Id.* at 4 n.13. Judge Grewal decided that "Quinn Emanuel

13  shall reimburse Apple, Nokia, and their counsel for any and all costs and fees incurred in litigating

14  this motion and the discovery associated with it." *Id.* at 18. Judge Grewal subsequently set a

15  briefing schedule for determination of the quantity of costs and fees owed. ECF No. 2941. This

16  Court extended the time for any motions for relief from Judge Grewal's January 29, 2014

17  Sanctions Order to 14 days following a ruling on the amount of the sanctions. ECF No. 2950.

18  On February 25, 2014, Nokia moved to compel Samsung to "produce to Nokia all the

19  documents the Court cited in its January 29, 2014 Order Granting Motion for Sanctions for which

20  the court has held privilege was waived (Dkt. No. 293[5] at 4 n.13), and all the documents the

21  Court ordered produced in October 2013." ECF No. 2988 at 9. Following an April 1, 2014

22  hearing on Nokia's motion to compel, Judge Grewal denied Nokia's motion but ordered that Quinn

23  Emanuel provide a declaration confirming that Samsung no longer possessed Nokia's confidential

24  business information. ECF No. 3061; *see also* ECF No. 3075 (April 1, 2014 hearing transcript).

25  Quinn Emanuel has since submitted two declarations regarding Samsung's efforts to expunge

26  Nokia and Apple confidential information. *See* ECF Nos. 3106, 3190.[1]

---

[1] On September 17, 2014, in Case No. 12-CV-630, Judge Grewal granted an earlier motion by Samsung for a ruling that Samsung complied with the terms of a Samsung-Nokia stipulation in that case by furnishing these declarations. *See* Case No. 12-CV-630, ECF No. 1980.

3
Case No.: 11-CV-01846-LHK (PSG)
ORDER ON MOTIONS FOR RELIEF FROM NONDISPOSITIVE ORDERS (ECF NOS. 3134, 3135, 3136)

**United States District Court**
For the Northern District of California

On June 20, 2014, Judge Grewal issued an order setting the amount of costs and fees owed to Apple and Nokia. *See* Fees Order. Judge Grewal rejected most of Samsung's arguments against Apple's and Nokia's asserted fees and costs, but reduced certain requested attorneys' fees due to block billing, and ultimately ordered Samsung and Quinn Emanuel "to pay Nokia a total of $1,145,027.95 and Apple a total of $893,825.77 in fees and costs." *Id.* at 10.

On July 7, 2014, Samsung and Nokia filed a total of three motions seeking relief from portions of the Sanctions Order and Fees Order. *See* ECF No. 3143 (setting briefing schedule). First, Samsung filed a motion challenging the ruling in the January 29, 2014 Sanctions Order that Samsung waived privilege as to certain documents produced for *in camera* inspection. ECF No. 3135. On July 22, Apple and Nokia filed oppositions. ECF Nos. 3159 (Apple), 3163 (Nokia). On July 29, 2014, Samsung filed a reply. ECF No. 3174.

Second, Nokia moved for relief from the January 29, 2014 Sanctions Order, claiming that Nokia is entitled to see the allegedly privileged documents that formed the basis for Judge Grewal's sanctions rulings. ECF No. 3136. On July 22, 2014, Samsung filed an opposition. ECF No. 3165-3. On July 29, 2014, Nokia filed a reply. ECF No. 3172-4.

Third, Samsung disputed the amount of fees and costs imposed in the June 20, 2014 Fees Order. ECF No. 3134. On July 22, Apple and Nokia filed oppositions. ECF Nos. 3160 (Apple), 3162 (Nokia). On July 29, 2014, Samsung filed a reply. ECF No. 3173-3. In its motion disputing fees, Samsung also requested that the Court extend Quinn Emanuel's payment deadline from July 21, 2014 until 30 days after resolution of this motion. *See* ECF No. 3134 at 2. The Court extended Quinn Emanuel's payment deadline to seven days after the Court issues an order resolving the instant motions. *See* ECF No. 3143.

## II.    LEGAL STANDARDS

The district court may designate any nondispositive pretrial matter to be determined by a magistrate judge, whose ruling on the matter will be modified or set aside only if "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). In reviewing for clear error, the district judge may not simply substitute his or her judgment for that of the magistrate judge. *See Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

"Clear error is found when a reviewing court has a definite and firm conviction that a mistake has been committed." *Lewis v. Ayers*, 681 F.3d 992, 998 (9th Cir. 2012) (quotation and citation omitted). "[A]ny motion not listed [under § 636(b)(1)(A)], nor analogous to a motion listed in this category, falls within the nondispositive group of matters which a magistrate may determine." *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) (citations omitted).

### III. DISCUSSION

#### A. Samsung's Motion Regarding Waiver of Privilege (ECF No. 3135)

##### 1. Procedural History Regarding Privilege

In light of the complicated history of discovery related to Apple's and Nokia's motions for sanctions, and the centrality of that history to Samsung's motion for relief from Judge Grewal's Sanctions Order, the Court begins with a more detailed history of the parties' discovery efforts and Samsung's privilege assertions.

As noted above, on August 23, 2013, Apple filed a motion for sanctions against Samsung for Samsung's apparent violation of the protective order. ECF No. 2374-2. Apple further sought discovery in order to uncover the nature and extent of the violation. *Id.* On September 21, 2013, Nokia partially joined Apple's motion to compel discovery. ECF No. 2434. On October 2, 2013, Judge Grewal granted Apple's and Nokia's requests for additional discovery after finding that Apple, Nokia, and the court lacked even the most basic information regarding how the improperly redacted Teece Report had been transmitted to Samsung, how many Samsung employees had accessed the report, and what steps, if any, had been taken to limit unauthorized access to the confidential information contained therein. ECF No. 2483 ("October 2 Order") at 4-5. Judge Grewal ordered Samsung to produce numerous documents concerning the transmissions of the Teece Report and to make various witnesses available for deposition. *Id.* at 5.

On October 3, 2013, Samsung contacted Apple to inquire whether Apple would be willing to stipulate that production of documents pursuant to the October 2 Order would not constitute a waiver of attorney-client privilege or work-product protection. ECF No. 3135-2. Apple responded on October 5, 2013 that it was unwilling to so stipulate. ECF No. 3135-3. Apple stated that "[t]he issue of privilege was briefed and argued and Samsung has been ordered to produce the documents

identified in the [October 2 Order]." *Id.* On October 4, 2013, Apple wrote separately to request that Samsung produce "unredacted versions" of documents identified in the October 2 Order. ECF No. 3135-4. Samsung responded to that correspondence by asking whether "Apple believes Samsung is required to produce documents in response to the [October 2 Order] . . . without regard for assertions of the attorney-client privilege or attorney work product protections." ECF No. 3135-5. Apple replied that "[t]he parties briefed the privilege issues. The [October 2 Order] obligates Samsung to produce unredacted versions of the documents." *Id.* On October 7, 2013, Samsung appealed the October 2 Order to this Court, raising, among other things, the issue of whether the October 2 Order compelled Samsung to produce documents without regard to assertions of privilege or work-product protection. ECF No. 2495 at 2-4.

Additional exchanges between Apple, Nokia, and Samsung occurred on October 10, 11, 12 and 14, 2013. *See* ECF No. 3135-1 ¶¶ 9-14. In these exchanges, Samsung requested a stipulation that producing documents pursuant to the October 2 Order would not waive attorney-client privilege or work-product protection. *Id.* Both Apple and Nokia declined to so stipulate, and Samsung did not produce any documents. *Id.*

This Court affirmed Judge Grewal's October 2 Order on October 15, 2013. ECF No. 2538. In response to Samsung's argument that the October 2 Order was contrary to law because it "improperly abrogate[d] privilege and work-product protection," the Court found that the October 2 Order had not made a ruling on privilege, and that Samsung remained free to "assert privilege objections during the course of the compelled discovery and follow the normal protocol regarding privilege disputes, as set forth in the protective order." *Id.* at 6-7.

Following this Court's affirmance of Judge Grewal's October 2 Order, Samsung asserted privilege and work-product protection as to numerous documents covered by the October 2 Order, as documented in a privilege log. *See* ECF No. 3135 at 2; ECF No. 3135-1 ¶ 15; ECF No. 3163 at 2. Many of the documents Samsung did produce were heavily redacted, *see, e.g.*, ECF No. 3164-3, and depositions of Samsung witnesses were similarly constrained by assertions of privilege and work-product protection, ECF No. 3163 at 2.

On October 22, 2013, Apple, Nokia, and Samsung appeared again before Judge Grewal to discuss disputes concerning Samsung's production and assertions of privilege and work-product protection. ECF No. 2581 (hearing transcript). At the close of the hearing, Judge Grewal ordered Samsung to produce unredacted copies of the documents identified in Samsung's privilege log for *in camera* review. *Id.* at 90:1-11; ECF No. 2589. In his November 8, 2013 Order to Show Cause Why Sanctions Are Not Warranted, Judge Grewal expressed doubt that Samsung had met its burden to establish that privilege and/or work-product protection applied to eleven of the documents produced for *in camera* review.[2] ECF No. 2689 at 4 n.16. However, Judge Grewal afforded Samsung "one further opportunity to demonstrate with specificity how each and every one of the [eleven] documents fall under the protection of either the attorney-client privilege or the work-product doctrine by submitting a brief on the subject." *Id.*

Samsung submitted its public briefing on the eleven documents on November 19, 2013. ECF No. 2807. Apple and Nokia each filed responsive briefs urging Judge Grewal to find either that the documents were not covered by privilege or work-product protection or that Samsung had waived privilege. ECF Nos. 2824, 2825-2.

On November 26, 2013, Samsung sent a letter to Apple and Nokia offering to produce seven of the eleven documents identified in the order to show cause,[3] provided that Apple and Nokia would stipulate that doing so would not constitute a waiver of attorney-client privilege or work-product protection. ECF No. 3135-15. Nokia filed a notice on ECF rejecting Samsung's proposed stipulation on November 27, 2013. ECF No. 2834. Apple responded to Samsung's request via e-mail on December 1, 2013. ECF No. 3135-16. Apple stated that it was willing to enter into the stipulation, but only if Samsung agreed to produce *all* of the documents submitted to

---

[2] In making this observation, Judge Grewal did not indicate that the remaining documents submitted for *in camera* review *were in fact* protected as privileged and/or work product. Judge Grewal merely limited his observation to documents upon which he relied in issuing the order to show cause. *See* ECF 2689 at 4 n.16 ("The court appreciates that neither Apple nor Nokia has seen any of the Samsung documents giving rise to [the order to show cause]. Although Samsung asserts privilege and work product protection over the documents listed [in] footnotes 11-16, the court thus far is unpersuaded that the generic statements in the log meet the burden required to claim that protection.").

[3] The Court follows Judge Grewal and the parties' convention of referring to these documents by the tab number used for each document in the *in camera* submission to Judge Grewal. The seven documents were tab numbers 6, 19, 20, 215.15, 222, 255, and 272. ECF No. 3135-15.

Judge Grewal for *in camera* review. *Id.* Samsung, unwilling to accept Apple's additional terms, did not produce the documents.

Judge Grewal issued his Order Granting Sanctions on January 29, 2014. *See* Sanctions Order. Addressing Samsung's claims of privilege over the documents relied upon in the Sanctions Order, Judge Grewal stated:

> The tab numbers in this footnote and those that follow refer to the tabs of the documents submitted by Samsung for in camera review. Because Samsung offered to turn over the vast majority of the documents cited in this order, the court finds that privilege has been waived as to those documents. As to all other documents cited, the court finds that the portions discussed in this order are not privileged.

*Id.* at 4 n.13.[4] On February 2, 2014, Apple requested that Samsung produce "those documents cited in the [Sanctions Order] that Samsung had offered to turn over to Apple and Nokia." ECF No. 3135-17. Nokia sought production of these documents in a Motion to Compel Information for Remediation filed on February 25, 2014. ECF No. 2988. As discussed above, Judge Grewal denied Nokia's motion on April 1, 2014, ordering instead that Samsung's counsel file a sworn declaration regarding Samsung and Quinn Emanuel's remedial efforts to permanently delete all references to Nokia's confidential licensing information. ECF No. 3061.

### 2. Discussion

Samsung's limited appeal of the Sanctions Order asks the Court to overturn Judge Grewal's finding that Samsung had waived privilege as to five[5] of the documents cited in the Sanctions Order. ECF No. 3135 at 3-4. Samsung contends that Judge Grewal erred as a matter of law in concluding that an unfulfilled *offer* to produce documents waives privilege or work-product protection as to those documents. *Id.* Samsung is correct. The Ninth Circuit has held that "[t]he triggering event [for waiver] is disclosure, not a promise to disclose." *Tennenbaum v. Deloitte &*

---

[4] Of the documents cited in the Sanctions Order, Samsung had previously offered to turn over five, namely tab numbers 19, 20, 215.15, 222, and 272.
[5] The parties do not agree over whether Judge Grewal's waiver finding covers all seven of the documents Samsung offered to produce in its November 26, 2013 letter, or only the five documents actually cited in the Sanctions Order. *Compare* ECF No. 3159 at 1 (Apple identifying all seven documents as the "Waiver Documents"), *and* ECF No. 3163 at 4 (Nokia asserting that Samsung's appeal concerns all seven documents), *with* ECF No. 3174 at 3 n.2 (Samsung contending that the Sanctions Order found waiver only as to the five documents cited in the Sanctions Order). For the sake of clarity, the Court emphasizes that its discussion of waiver extends to all seven of the documents Samsung offered to produce in its November 26, 2013 letter.

*Touche*, 77 F.3d 337, 341 (9th Cir. 1996); *see also Shared Med. Res., LLC v. Histologics, LLC*, No. 12-612, 2012 WL 5570213, at *3 (C.D. Cal. Nov. 14, 2012) ("Waiver occurs at the time privileged material is actually and voluntarily disclosed."). Consequently, Samsung's offer to produce the seven documents—an offer that was not even accompanied by an offer to waive privilege as to those documents, given that Samsung expressly conditioned its offer on Apple's and Nokia's stipulation that producing the documents would *not* constitute a waiver of privilege and/or work-product protection—did not waive privilege as to those documents because the documents were not ultimately produced. The Court therefore finds that there was no waiver of privilege based on the stated rationale for the waiver finding in the Sanctions Order.

In responding to Samsung's motion for relief, neither Nokia nor Apple contends that an unfulfilled offer to produce documents is sufficient to waive privilege. Apple and Nokia instead assert that Samsung has waived privilege and work-product protection as to these documents for other reasons. *See* ECF No. 3159 at 2-4; ECF No. 3163 at 7-12. Specifically, both Apple and Nokia assert that Samsung waived privilege through selective, partial disclosures of the documents' contents, ECF No. 3159 at 2-3; ECF No. 3163 at 7-9, and by placing the documents' contents "at issue," ECF No. 3159 at 2-3; ECF No. 3163 at 10-12. Both parties further contend that Samsung failed to meet its burden to show that these documents were privileged in the first place. ECF No. 3159 at 3; ECF No. 3163 at 12-13. Finally, Apple argues that the crime-fraud exception precludes Samsung from asserting privilege over any of the documents produced to Judge Grewal *in camera*. ECF No. 3159 at 3-4.

The Court finds that Apple's and Nokia's alternative arguments are not properly before the Court at this time. The waiver finding contained in footnote 13 of the Sanctions Order provides a narrow rationale for ruling that Samsung waived privilege as to a limited number of documents. The ruling does not purport to address all of Apple's and Nokia's arguments in support of finding waiver,[6] nor does it purport to address the privilege issue as it relates to all of the documents

---

[6] The Court notes that the arguments Apple and Nokia present to the Court in this appeal have all been previously presented to Judge Grewal. *See* ECF No. 2824 (Nokia arguing that Samsung waived privilege by placing documents at issue and through public disclosure of the documents' contents); ECF No. 2825-2 (Apple arguing that Samsung failed to establish that its documents were privileged and that the crime-fraud exception applied); ECF No. 2988 (Nokia seeking production

submitted *in camera*. The Court therefore believes that a broad ruling on privilege is not warranted at this time. Rather, in light of Judge Grewal's knowledge of the documents included in the *in camera* submission, as well as Judge Grewal's more intimate familiarity with the procedural history of the Sanctions Order, the Court concludes that the best course of action is to remand this matter to Judge Grewal so that he may rule on any remaining privilege issues in the first instance.

Accordingly, the Court GRANTS Samsung's Motion for Relief insofar as the Court finds that Samsung's unfulfilled offer to produce documents did not constitute a waiver of privilege and/or work-product protection as to the seven documents that Samsung offered to produce. Whether Samsung waived or is otherwise not entitled to assert privilege over those documents for any other reason remains to be decided by Judge Grewal upon remand.

### B. Nokia's Motion Regarding *In Camera* Documents (ECF No. 3136)

In its motion for relief from the January 29, 2014 Order, Nokia claims that it has not seen the documents that Samsung produced to Judge Grewal for *in camera* privilege review, and that Nokia needs access to those materials to assess the propriety of the sanctions that Judge Grewal imposed. According to Nokia, the *in camera* review process constituted improper *ex parte* communications that deprived Nokia of the opportunity to review evidence necessary to evaluate the merits of the Sanctions Order. ECF No. 3136 at 3. Nokia asks that this Court "order Samsung to produce to Nokia all the documents it submitted in camera to the Court, along with any necessary discovery, and reverse in part Judge Grewal's order because Nokia has not had access to the record." *Id.* at 5. Nokia also requests reversal of "the finding that there was insufficient evidence to show that Samsung used Nokia's confidential information." ECF No. 3136-1 at 1 (proposed order). Nokia further contends that Samsung has explicitly or implicitly waived privilege or work product protections over the materials submitted to Judge Grewal because Samsung put those documents at issue by using them to litigate the scope of the alleged protective order violations. *See* ECF No. 3136 at 4-5.

---

of documents submitted *in camera*). To date, Judge Grewal has not accepted or rejected these arguments.

10

Case No.: 11-CV-01846-LHK (PSG)
ORDER ON MOTIONS FOR RELIEF FROM NONDISPOSITIVE ORDERS (ECF NOS. 3134, 3135, 3136)

Samsung responds by arguing that Judge Grewal acted within his discretion by performing *in camera* review to assess the scope of misconduct and appropriate sanctions. ECF No. 3165-3 at 7-8. Samsung also contends that Judge Grewal was not obligated to determine whether each reviewed document was in fact privileged or protected, and that the sanctions rulings were based primarily on "non-privileged facts." *Id.* at 8-9. Furthermore, Samsung asserts that Nokia waived any arguments against Judge Grewal's *in camera* procedure by failing to object at an appropriate time and by neglecting to seek relief from Judge Grewal's denial of Nokia's February 25, 2014 motion to compel production of Samsung's privileged documents. *Id.* at 7-9; *see also* ECF No. 2988 (Nokia motion to compel).

The Court agrees with Nokia that *in camera* review of Samsung's documents in this situation could have unfairly restricted Nokia's evaluation of Judge Grewal's rulings regarding protective order violations and sanctions. Samsung argues that magistrate judges have considerable discretion to review documents *in camera*, citing *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122 (9th Cir. 2003), and *In re Grand Jury Investigation*, 974 F.2d 1068 (9th Cir. 1992). *See* ECF No. 3165-3 at 8 & n.3. However, Samsung's authorities indicate that courts may conduct *in camera* review to assess the scope of privilege or confidentiality claims, but not to rule on the merits of an underlying disputed issue. In *Foltz*, the Ninth Circuit approved of a district court's *in camera* review to determine whether to keep certain documents sealed, in response to a request for disclosure by intervenors. 331 F.3d at 1136. The *Foltz* court noted that "*in camera* inspection is a commonly used procedural method for determining *whether information should be protected or revealed to other parties*." *Id.* at 1136 n.6 (emphasis added). Similarly, in *In re Grand Jury*, the court addressed only the propriety of using an *in camera* procedure to assess the applicability of the crime-fraud exception to allegedly privileged documents—not to evaluate the merits of the case—and ultimately affirmed denial of the government's request for *in camera* review. 974 F.2d at 1075.

While approving *in camera* review for resolving disputes over *access* to documents, the Ninth Circuit has cautioned against using such procedures to resolve issues on the merits. "[T]his court has generally recognized the capacity of a district judge to fashion and guide the procedures

11
Case No.: 11-CV-01846-LHK (PSG)
ORDER ON MOTIONS FOR RELIEF FROM NONDISPOSITIVE ORDERS (ECF NOS. 3134, 3135, 3136)

to be followed in cases before him," but "in our judicial system adversary proceedings are the norm and *ex parte* proceedings the exception." *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 745 (9th Cir. 1991) (quotation and citation omitted). In *Lynn v. Regents of the University of California*, the district court reviewed personnel files *in camera* and granted summary judgment against the plaintiff on employment discrimination claims. 656 F.2d 1337 (9th Cir. 1981). The Ninth Circuit reversed, admonishing: "The receipt and review by the district court of the tenure review file for the purpose of assisting it to make factual determinations or to evaluate other evidence violated principles of due process upon which our judicial system depends to resolve disputes fairly and accurately." *Id.* at 1346. Other courts have followed this principle. *See Vining v. Runyon*, 99 F.3d 1056, 1057 (11th Cir. 1996) ("Although a judge freely may use *in camera*, *ex parte* examination of evidence to prevent the discovery or use of evidence, consideration of *in camera* submissions to determine the merits of litigation is allowable only when the submissions involve compelling national security concerns or the statute granting the cause of action specifically provides for in camera resolution of the dispute."); *Ibrahim v. Dep't of Homeland Sec.*, No. 06-CV-00545-WHA, 2012 WL 6652362, at *3 (N.D. Cal. Dec. 20, 2012) ("[T]he judge may receive *ex parte* secret communications for deciding ancillary matters, such as discovery privileges, but only in the rarest of circumstances should the judge do so to resolve or to end a case.").

Under the circumstances in this case, Judge Grewal faced the delicate task of balancing Apple's and Nokia's allegations of misconduct against Samsung's "equally serious charge that the attorney-client privilege and work-product protections applicable to these documents would otherwise be breached without cause." ECF No. 2689 at 1-2. As explained above, in balancing these concerns, Judge Grewal conducted a comprehensive review of Samsung's documents *in camera* to determine the scope of Samsung and Quinn Emanuel's violations of the protective order, and the appropriate breadth of sanctions. *See, e.g.*, *id.* However, Nokia has not received access to those materials. While Judge Grewal denied Nokia's motion to compel production of Samsung's allegedly privileged documents, he did not address all of Apple's and Nokia's arguments regarding Samsung's waiver of privilege (other than deciding that Samsung waived privilege as to the seven documents that Samsung offered to produce), nor whether all of the documents submitted *in*

*camera* were in fact privileged. Accordingly, the Court finds that the appropriate course is to remand for determination of whether the Samsung documents at issue are privileged and—if so—whether due process requires that Nokia receive access to, or information regarding, those documents. As a result, the Court concludes that Nokia's request for reversal of Judge Grewal's finding that there was insufficient evidence to show that Samsung had used Nokia's confidential information is currently premature.

Accordingly, the Court GRANTS IN PART AND DENIES IN PART Nokia's Motion for Relief and remands for further proceedings consistent with this Order. Upon remand, Nokia may seek determination from Judge Grewal on the questions of privilege as to the Samsung documents reviewed *in camera* and whether Nokia should receive access to any of those materials.

### C. Samsung's Motion Regarding Fees and Costs (ECF No. 3134)

Samsung challenges Judge Grewal's award of fees and costs under Federal Rule of Civil Procedure 37(b)(2)(C), totaling $1,145,027.95 to Nokia and $893,825.77 to Apple. "Samsung does not dispute that an award of some fees and expenses is appropriate." ECF No. 3173-3 at 2. However, Samsung argues (1) that expenses should be reduced because Apple and Nokia did not succeed on all of their motions in connection with the sanctions, such that the award includes "mammoth expenses for their scorched-earth discovery expedition and serial motion practice that Judge Grewal ultimately found meritless" (ECF No. 3134 at 1), and (2) that "virtually all the expenses" were "unnecessary" because Samsung disclosed its violation of the protective order before Apple's August 23, 2013 motion for sanctions (*id.* at 5). Samsung submits an attorney declaration asserting that "Apple and Nokia made a number of motions and advanced numerous arguments as to which they were not successful, yet for which they were awarded their associated costs and fees." Becher Decl. (ECF No. 3134-1) ¶ 2. Overall, Samsung characterizes the total award as "virtually unprecedented" and requests reduction "by at least 50%," but without providing specific calculations or a basis for computing a more appropriate amount. ECF No. 3134 at 1.

Apple and Nokia each separately oppose Samsung's motion for relief. Apple contends that there is no legal basis for apportioning the award based on wins and losses of individual motions related to the overall sanctions dispute, and that all of the litigation expenses awarded flowed from

13

Samsung's violations of the protective order.  *See* ECF No. 3160 at 8, 11.  Nokia echoes Apple's arguments, asserting that Nokia's discovery and litigation costs were necessary to investigate the scope of confidential information improperly disclosed, and further arguing that Nokia and Apple in fact prevailed on each of the individual motions that Samsung now disputes.  *See* ECF No. 3162.

      The Court finds Samsung's arguments unpersuasive.  Samsung fails to demonstrate any findings regarding expenses that are "clearly erroneous or contrary to law."

      Rule 37(b) provides for sanctions for "failure to comply with a court order."  Specifically, Rule 37(b)(2)(C) states that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Here, Samsung argues that the disputed litigation expenses were not "reasonable" nor "caused by" the failure to comply with the protective order.

      Contrary to Samsung's position, the record provides ample evidence that Samsung's transgressions caused the extensive litigation with Apple and Nokia over sanctions.  Samsung claims that it voluntarily notified Apple and Nokia on July 16, 2013 about the unauthorized distribution of the Teece Report, and that Apple had "detailed information" about the protective order violations by the time Apple moved for sanctions on August 23, 2013.  ECF No. 3134 at 3.  However, Samsung's supposedly early and voluntary disclosure occurred only after Nokia sought a protective order in Case No. 12-CV-630, on July 1, 2013.  Despite Samsung's insistence that it came forward with information regarding misuse of the Teece Report, Judge Grewal found on October 2, 2013, after briefing on Apple's sanctions motion, that the record was "murky" because Samsung "elected not to provide the court with any sworn testimony from Dr. Ahn or anyone else at the meeting," "failed to supply the court with any evidence at all regarding other uses of the Apple-Nokia license," and "repeatedly denied even one violation of the protective order."  October 2 Order at 3.  Because of this obfuscation, Judge Grewal compelled Samsung to produce documents and witnesses to Apple and Nokia.  *Id.* at 5.  This Court denied Samsung's request for relief from this order, finding Judge Grewal's reasoning "well-supported."  ECF No. 2538 at 4.

Then, after further ordering Samsung to produce documents for *in camera* review (*see* ECF No. 2589), Judge Grewal found that Samsung's privilege assertions were "generic" and "seemingly unwarranted," and that "Samsung significantly burdens not only Apple and Nokia's ability to address the sanctions issue, but also the undersigned's ability to tell the full tale of what he has seen." ECF No. 2689 at 4 n.11. Judge Grewal gave Samsung another opportunity to substantiate its privilege claims. *Id.* In response, Samsung filed an *ex parte* brief for *in camera* review, (*see* ECF No. 2757), prompting Nokia and Apple to file motions to strike the *ex parte* submission (ECF Nos. 2772, 2780). Judge Grewal rejected Samsung's attempt to file its brief in secret, noting that he "explicitly cautioned Samsung that it would not tolerate further undue efforts to deny Apple and Nokia's outside counsel access to the evidence at the center of this dispute." ECF No. 2790 at 2.

After officiating these discovery disputes, Judge Grewal found extensive violations of the protective order—findings that Samsung does not challenge. Judge Grewal disagreed with some of Apple's and Nokia's arguments, finding insufficient evidence that Samsung used the Teece Report in negotiations with Ericsson or Nokia, and rejecting several proposed sanctions as "ludicrously overbroad." Sanctions Order at 10, 18. Nevertheless, he ultimately determined that Samsung and Quinn Emanuel committed "hundreds of violations" that caused "substantial harm to Apple and Nokia," and failed to timely notify Apple of those violations. *Id.* at 13-15. Again, Samsung does not contest these conclusions. Moreover, Judge Grewal considered and rejected Samsung's arguments that Apple's and Nokia's litigation efforts were "unnecessary" and only partially successful, concluding that "Apple and Nokia succeeded on most of their claims" and "[t]hough the court was ultimately 'unpersuaded' that Samsung had misused the inadvertently disclosed information, it took the full scope of the discovery tendered to reach that conclusion." Fees Order at 6.

Samsung argues that Judge Grewal was required to prorate expenses based on the motions and arguments that Apple and Nokia made but lost. For example, Samsung points out Apple and Nokia unsuccessfully opposed depositions of certain witnesses. *See* Becher Decl. ¶¶ 6-7. However, Samsung fails to provide convincing legal support for this proposition. Rule 37(b)(2)(C) requires only that expenses be "reasonable" and says nothing about apportioning fees according to

relative success on individual arguments within a given dispute.  For its apportionment argument, Samsung relies primarily on *Hensley v. Eckerhart*, which Judge Grewal also cited.  461 U.S. 424 (1983); *see also* Fees Order at 3.  *Hensley* dealt with fees under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, where the plaintiff succeeded on some but not all legal claims.  *See id.* at 428.  *Hensley* held that "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole."  *Id.* at 440.  However, while *Hensley* generally discussed what fees are "reasonable," it did not address the appropriate scope of expenses under Rule 37(b)(2)(C), nor hold that a party must succeed on each and every motion and argument within a claim to obtain fees for the litigation as a whole.  Rather, the Supreme Court suggested the opposite: "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.  The result is what matters."  *Id.* at 435; *see also id.* at 440 ("Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.").

Samsung notes that other courts have reduced fee awards under certain circumstances.  *See, e.g.*, *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, No. 10 Civ. 05256, 2012 WL 5816878, at *9 (S.D.N.Y. Nov. 14, 2012) (finding that "at least some reduction should be made to Petitioner's requested hours" under Rule 37).  However, ultimately "[t]he imposition and selection of particular sanctions are matters left to the sound discretion of the trial court."  *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983) (discussing Rule 37(b)).  In light of the scope of the protective order violations and the parties' litigation conduct here, the Court finds no clear error in Judge Grewal's decision on fees.

Even if Samsung had presented convincing reasons for reducing the overall award, Samsung provides no quantitative basis for reducing the total sanctions amount "by at least 50%."  Moreover, Judge Grewal reviewed Apple's and Nokia's expense statements in detail—including seven specific items that Samsung challenged—and identified 20 individual billing records that

1  warranted partial reductions. *See* Fees Order at 7-10. Samsung fails to identify any clear error in these calculations.[7]

Accordingly, the Court DENIES Samsung's Motion for Relief regarding fees and costs.

## IV. MOTIONS TO SEAL

Also before the Court are four administrative motions to file under seal various documents associated with the parties' motions regarding sanctions. On July 22, 2014, Nokia filed a motion to seal four exhibits to Nokia's opposition to Samsung's motion for relief from the Sanctions Order. ECF No. 3164. Also on July 22, 2014, Samsung filed a motion to seal portions of its brief in opposition to Nokia's motion for relief from the Sanctions Order. ECF No. 3165. On July 29, 2014, Nokia moved to seal portions of its reply in support of Nokia's motion for relief from the Sanctions Order, ECF No. 3172, while Samsung moved to seal portions of its reply in support of Samsung's motion for relief from the Fees Order, ECF No. 3173.

Nokia's July 22, 2014 motion to seal seeks to seal documents, which are already heavily redacted, on the ground that Samsung has designated the documents as confidential. ECF No. 3164-1. Samsung has not filed a declaration establishing that these documents are sealable, as required by Civil Local Rule 79-5(e). Accordingly, Nokia's July 22, 2014 motion to file under seal is DENIED.

The remaining motions to seal seek to seal limited portions of Nokia's and Samsung's sanctions briefs that discuss the confidential terms of the Apple/Nokia license that is at the heart of the sanctions dispute. The Ninth Circuit has held that licensing information such as "pricing terms, royalty rates, and guaranteed minimum payment terms" is sealable. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). The Court therefore finds that portions of the parties' briefs that identify specific, non-public licensing terms are sealable. That said, several of the parties' proposed redactions do not encompass actual licensing terms, but rather concern Dr. Ahn's explanation of how he came up with the licensing terms he allegedly quoted during the June 2013 licensing negotiations with Nokia. *See, e.g.*, ECF No. 3170 at 14:4-6. These excerpts of Dr. Ahn's

---

[7] The Court's ruling regarding Judge Grewal's order on fees and costs is based on the current record and parties' arguments.

17
Case No.: 11-CV-01846-LHK (PSG)
ORDER ON MOTIONS FOR RELIEF FROM NONDISPOSITIVE ORDERS (ECF NOS. 3134, 3135, 3136)

deposition testimony do not discuss specific, confidential licensing terms, and thus are not sealable.

Based on the foregoing explanation, the Court rules on the remaining sealing motions as follows:

| Motion to Seal | Document to be Sealed | Ruling |
|---|---|---|
| 3165 | Samsung's Opposition to Nokia's Motion for Relief from the Sanctions Order (ECF No. 3170) | GRANTED as to highlighted portions of pages 14:17-18; 14:20-22; and 15:1-4.<br><br>DENIED as to highlighted portions of page 14:4-6 and 14:8-10. |
| 3172 | Nokia's Reply in Support of its Motion for Relief from the Sanctions Order (ECF Nos. 3172-4, 3178) | GRANTED as to highlighted portions identified in ECF No. 3178.<br><br>DENIED as to additional highlighted portions identified in ECF No. 3172-4. |
| 3173 | Samsung's Reply in Support of its Motion for Relief from the Fees Order (ECF No. 3183) | GRANTED as to the yellow highlighted portions identified in ECF No. 3183.<br><br>DENIED as to remaining highlighted portions identified in ECF No. 3183. |

## V.     CONCLUSION

For the foregoing reasons, the Court rules as follows:

- Samsung's motion for relief regarding waiver of privilege (ECF No. 3135) is GRANTED.

- Nokia's motion for relief regarding *in camera* documents (ECF No. 3136) is GRANTED IN PART AND DENIED IN PART. Upon remand, Nokia may seek determination from Judge Grewal on the questions of privilege as to the Samsung documents reviewed *in camera* and whether Nokia should receive access to any of those materials.

- Samsung's motion for relief regarding fees and costs (ECF No. 3134) is DENIED.

This matter is remanded to Judge Grewal for further proceedings as indicated above.

**IT IS SO ORDERED.**

Dated: September 19, 2014

_____
LUCY H. KOH
United States District Judge