```
                  UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF CALIFORNIA
                         SAN JOSE DIVISION


     APPLE, INC.,

                 PLAINTIFF,            CASE NO.  CV-11-01846-LHK

        VS.                            SAN JOSE, CALIFORNIA

     SAMSUNG ELECTRONICS COMPANY,      OCTOBER 8, 2014
     LTD., ET AL.,
                                       PAGES 1 - 13
                 DEFENDANTS.



                    TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE PAUL S. GREWAL
                   UNITED STATES MAGISTRATE JUDGE


                       A-P-P-E-A-R-A-N-C-E-S


     FOR THE PLAINTIFF:    WILMER, CUTLER, PICKERING, HALE AND
                           DORR
                           BY:   MARK SELWYN
                           950 PAGE MILL ROAD
                           PALO ALTO, CALIFORNIA 94304


     FOR THE DEFENDANTS:   QUINN EMANUEL, URQUHART & SULLIVAN
                           BY:   ROBERT J. BECHER
                                 DANIEL C. POSNER
                                 MICHAEL ZELLER
                           865 SOUTH FIGUERA STREET, 10TH FLOOR
                           LOS ANGELES, CALIFORNIA 90017

           (APPEARANCES CONTINUED ON THE NEXT PAGE.)

     OFFICIAL COURT REPORTER:    IRENE L. RODRIGUEZ, CSR, CRR
                                 CERTIFICATE NUMBER 8074


         PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY,
     TRANSCRIPT PRODUCED WITH COMPUTER.
```

```
 1
 2      A P P E A R A N C E S:  (CONT'D)

 3      FOR NOKIA:                      ALSTON & BIRD
                                        BY:  RANDALL ALLEN
 4                                           RYAN KOPPELMAN
                                        1950 UNIVERSITY AVENUE, 5TH FLOOR
 5                                      EAST PALO ALTO, CALIFORNIA 94303

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1      SAN JOSE, CALIFORNIA                    OCTOBER 8, 2014
 2                       P R O C E E D I N G S
 3          (COURT CONVENED.)
 4              THE CLERK:  CALLING APPLE, INC., VERSUS SAMSUNG
 5      ELECTRONICS, ET AL., CASE NUMBER CV-11-01846-LHK.
 6          HEARING ON RE:  REMAND ORDER.  PLEASE STATE YOUR
 7      APPEARANCES.
 8              MR. ALLEN:  GOOD MORNING.  RANDALL ALLEN FOR NOKIA
 9      AND WITH MY PARTNER RYAN KOPPELMAN.
10              THE COURT:  MR. ALLEN, MR. KOPPELMAN, WELCOME BACK.
11              MR. ALLEN:  THANK YOU, JUDGE.
12              MR. SELWYN:  GOOD MORNING, YOUR HONOR.  MARK SELWYN
13      FOR APPLE.
14              THE COURT:  WELCOME BACK, MR. SELWYN.
15              MR. ZELLER:  GOOD MORNING, YOUR HONOR.  MIKE ZELLER
16      FOR SAMSUNG.
17              MR. BECHER:  GOOD MORNING, YOUR HONOR.  ROB BECHER
18      FOR SAMSUNG ALSO.
19              MR. POSNER:  GOOD MORNING.  DAN POSER FOR SAMSUNG AS
20      WELL.
21              THE COURT:  WELCOME TO EACH OF YOU AS WELL.  THE
22      CASE THAT KEEPS ON GIVING.  WHERE TO BEGIN?  I APPRECIATE THE
23      STATUS REPORT, AND IT SEEMS THAT YOU ARE ALL LARGE IN AGREEMENT
24      OF HOW WE PROCEED IN LIGHT OF JUDGE KOH'S ORDER.  AND I
25      APPRECIATE THAT YOU'VE REQUESTED THAT IN LIGHT OF YOUR
```

1   SUBMISSIONS THAT WE TAKE THIS OFF CALENDAR, BUT I THOUGHT I HAD
2   A COUPLE OF QUESTIONS THAT I THOUGHT WERE MOST EFFICIENTLY
3   HANDLED HERE IN COURT.
4       THE FIRST IS THAT IN THE STATEMENT THE PARTIES HAVE
5   INDICATED THAT NOKIA AND APPLE MAY FILE A MOTION TO COMPEL
6   SAMSUNG DOCUMENTS WITHHELD.
7       AND I WAS CURIOUS ABOUT THE CHOICE OF THE WORD "MAY."  IS
8   THAT "MAY" AS IN SHALL OR IS ABLE TO OR IS PERMITTED TO UNDER
9   THE AGREEMENT, OR IS IT "MAY" AS IN WE HAVEN'T QUITE FIGURED
10  OUT WHAT WE'RE GOING TO DO YET SO WE'RE STILL TRYING TO DECIDE?
11      MR. ALLEN, DO YOU WANT TO SPEAK TO THAT?
12          MR. ALLEN:  I'LL TRY TO TAKE A STAB AT THAT, YOUR
13  HONOR.  WE'RE GOING FORWARD.  WE HAVE HAD SOME, AND I
14  DON'T WANT TO OVERINFLATE THIS.
15          THE COURT:  YOU'VE COME THIS FAR, MR. ALLEN, AND I'M
16  GUESSING YOU'RE NOT ABOUT TO BACK OUT NOW, RIGHT?
17          MR. ALLEN:  IT PROBABLY WOULDN'T SURPRISE YOU IF YOU
18  REFLECTED ON IT TO THINK THAT WE'RE ALL LOOKING FOR A WAY TO
19  GET TO THE END OF THIS.
20          THE COURT:  NOBODY MORE THAN ME.
21          MR. ALLEN:  I APPRECIATE THAT.  WE WILL PROCEED
22  UNDER ONE OF TWO ROUTES.  I THINK IT'S UNLIKELY AT THIS STAGE
23  THAT THE PARTIES ARE GOING TO BE ABLE TO NEGOTIATE A RESOLUTION
24  OF THIS ISSUE.
25      SO IF THAT IS THE CASE, THEN WE'LL FILE A MOTION.  AND WE

1    THINK THE APPROPRIATE MOTION IS A MOTION TO COMPEL THE
2    PRODUCTION OF THOSE DOCUMENTS ADDRESSING, AS JUDGE KOH
3    DIRECTED, THE ISSUE OF PRIVILEGE TO THE COURT.
4             THE COURT:  AND YOUR SCHEDULE SEEMS FINE.  I
5    APPRECIATE THAT CLARIFICATION.  THE OTHER QUESTION THAT I HAVE
6    IS THAT --
7             MR. ALLEN:  I HADN'T FOCUSSED ON THE WORD "MAY," BUT
8    I TAKE YOUR POINT.
9             THE COURT:  WELL, THESE ARE THE THINGS THAT WE TEND
10   TO DO.
11      THE OTHER QUESTION I HAD IS THIS, AND THIS IS MORE OF A
12   FAR REACHING QUESTION AND THIS IS WHY I WANTED TO HAVE YOU ALL
13   HERE, AND I CERTAINLY INVITE INPUT FROM MR. ZELLER OR ANYONE
14   ELSE FROM THE OTHER SIDE OF THE ROOM.
15      LET'S ASSUME THAT AFTER -- YOU HAVE GOT TO REMEMBER, I
16   HAVE LOOKED AT ALL OF THESE DOCUMENTS, AND I KNOW WHAT THEY SAY
17   AND I KNOW WHAT THEY DON'T SAY.
18      LET'S ASSUME AFTER WE GO THROUGH THIS INTERESTING EXERCISE
19   YET AGAIN, I CONCLUDE THAT THE PRIVILEGE HAS NOT BEEN WAIVED OR
20   IS OTHERWISE STILL IN PLACE SUCH THAT I CANNOT ORDER THEIR
21   PRODUCTION TO YOU.  I'M NOT SAYING THAT I'VE REACHED THAT
22   CONCLUSION.  I HAVEN'T EVEN BEGAN THAT ANALYSIS YET.
23      BUT IF THAT'S THE CASE, AREN'T I IN THIS ODD SITUATION
24   WHERE THE SANCTIONS THAT I'VE ORDERED IN THIS CASE ARE NOW
25   PREMISED ON DOCUMENTS THAT YOU CAN'T SEE AND THAT YOU'VE

1    SUGGESTED TO THE DISTRICT JUDGE YOU NEED TO SEE IN ORDER TO
2    HAVE YOUR DUE PROCESS RIGHTS VINDICATED.
3         IS THERE NOT THE POSSIBILITY THAT THE OUTCOME OF ALL OF
4    YOUR EFFORTS MIGHT BE THAT I HAVE TO LIFT THE VERY SANCTIONS
5    THAT I'VE ISSUED AGAINST SAMSUNG IN THIS CASE?
6              MR. ALLEN:  I UNDERSTAND VERY MUCH THE ISSUE THAT
7    YOU'VE RAISED.
8              THE COURT:  IS ANOTHER WAY OF PUTTING THIS -- OR
9    PERHAPS ANOTHER WAY OF PUTTING THIS IS ARE YOU SURE YOU WANT TO
10   DO THIS?
11             MR. ALLEN:  THE WAY THAT I READ YOUR ORDER, THE
12   DOCUMENTS THAT WE HAVE NOT BEEN PERMITTED TO SEE ARE DOCUMENTS
13   THAT GAVE YOU PAUSE ABOUT THE USE OF THE DATA.
14        SO LET'S SET ASIDE TWO ISSUES, ONE, THERE'S NO QUESTION
15   ABOUT DISCLOSURE AND THERE IS NO QUESTION ABOUT VIOLATION OF
16   THE ORDER, AND THE SANCTIONS WERE NOT APPEALED BY EITHER PARTY.
17        SO THE ONLY ISSUE THAT COMES BACK TO THE COURT ON REMAND
18   IS RESOLUTION OF THIS PREJUDICE ISSUE AND A DETERMINATION OF
19   WHETHER OR NOT SAMSUNG WOULD BE REQUIRED TO DISCLOSE THE
20   INFORMATION AND THEN WHERE THE CASE GOES FROM THERE, FRANKLY,
21   JUDGE KOH, AND WHETHER OR NOT THERE'S ANY FURTHER ACTION AFTER
22   THAT POINT BY THIS COURT IS LEFT OPEN.
23        BUT AS I READ THE COURT'S ORDER, AND AT THE APPROPRIATE
24   TIME WE'LL ALL HAVE TO GO THROUGH THIS PROCESS, THE DOCUMENTS
25   THAT WE HAVE NOT BEEN ABLE TO SEE, THAT HAVE NOT BEEN PROVIDED

1   TO US, ARE DOCUMENTS THAT SAMSUNG USED AND THAT THE COURT
2   REVIEWED GIVING THE COURT PAUSE ABOUT WHAT THEY USED THE
3   INFORMATION FOR AFTER THEY RECEIVED IT IMPROPERLY.
4         AND SO IF YOU, IF YOU TOOK ALL OF THOSE DOCUMENTS OUT OF
5   THE CASE THEN THE ONLY EVIDENCE IN THE CASE IS THE EVIDENCE
6   THAT CAME IN THROUGH NOKIA.
7         SO I DON'T THINK IT WOULD UNRAVEL THE WHOLE THING, BUT I
8   APPRECIATE THE FACT THAT THAT'S MY VIEW OF THE WORLD AND IT
9   WOULD SHOCK ME TO HAVE MR. ZELLER JUMP UP TO THE PODIUM AND
10  JOIN ME IN THAT.
11        BUT I DO THINK THAT'S AN ENTIRELY HYPOTHETICAL, AND I
12  UNDERSTAND WHY YOU'RE ADDRESSING IT, AND IT MAY BE
13  APPROPRIATE --
14              THE COURT:  WELL, IT'S NOT HYPOTHETICAL TO ME, OF
15  COURSE, BECAUSE I'VE ALREADY SPENT HUNDREDS OF HOURS ON THIS
16  LITTLE PROJECT.  AND AS I THINK THROUGH, I'M ALWAYS TRYING TO
17  THINK A MOVE OR TWO AHEAD.  IT'S HARD WITH YOU GUYS, BUT I TRY.
18        IT WOULD SEEM THAT ONE POSSIBLE OUTCOME HERE IS THAT
19  ESSENTIALLY DOCUMENTS THAT WERE AT THE HEART OF MY ORDER
20  SANCTIONING SAMSUNG IN THIS CASE ARE TAKEN OUT OF PLAY, AND I
21  JUST POSIT THAT THAT MIGHT HAVE A MATERIAL IMPACT ON THE
22  PROPRIETY OF THOSE THINGS REMAINING IN PLACE GOING FORWARD.
23              MR. ALLEN:  I TAKE THAT POINT, BUT AT LEAST THE WAY
24  I READ YOUR ORDER, I DIDN'T READ THOSE DOCUMENTS AS BEING --
25              THE COURT:  YOU HAVEN'T READ THE DOCUMENTS AT ALL,

1           OF COURSE.
2                   MR. ALLEN:  FAIR POINT.  I DIDN'T READ THE ORDER AS
3           RELYING ON THOSE DOCUMENTS TO SUPPORT THE SANCTIONS FINDING.  I
4           READ THOSE DOCUMENTS AS, AS DOCUMENTS THAT, WELL, I THINK YOU
5           SAID THAT THERE WERE A NUMBER OF EXPLANATIONS THAT SAMSUNG
6           OFFERED FOR SUPPORTING THEIR CLAIM THAT THEY DIDN'T USE THIS
7           INFORMATION, AND WHILE ALL OF THOSE EXPLANATIONS GAVE YOU
8           PAUSE, COLLECTIVELY YOU COULDN'T CONCLUDE BASED UPON WHAT YOU
9           HAD SEEN THAT THEY HAD, IN FACT, USED IT.  I'M PARAPHRASING.
10              SO I THINK IF ALL OF THAT COMES OUT, YOU'RE STILL LEFT
11          WITH THE BASIC FINDING YOU MADE WHICH IS LOTS OF COPIES OF
12          THESE DOCUMENTS WERE DISCLOSED IMPROPERLY.  IT WAS NOT PROPERLY
13          BROUGHT TO THE ATTENTION OF THE PARTIES PURSUANT TO THE
14          REQUIREMENTS OF THE ORDER AND ALL OF THAT, I THINK, STAYS IN
15          PLAY.
16              I REALLY DO THINK THE ISSUE, AND I HOPE YOU CAN APPRECIATE
17          IT, THE ISSUE THAT NOKIA IS STRUGGLING WITH IS WE HAVEN'T SEEN
18          ANY OF IT.  LITERALLY, WE HAVE SPENT, YOU KNOW, SIX OR
19          EIGHT MONTHS IN THIS COURTROOM TALKING ABOUT THE TEECE REPORT.
20          WE HAVE NOT EVEN SEEN A REDACTED COPY OF THE TEECE REPORT IN
21          THIS CASE UNLESS IT'S FULLY REDACTED, AND I DON'T THINK WE HAVE
22          SEEN THAT.
23              SO THIS IS NOT -- I MEAN, IT MAY BE, AND WE WOULD ALL BE
24          SKEPTICAL TO ACCEPT THIS REPRESENTATION AT THE TIME, BUT IT MAY
25          BE THAT WE LOOK AT THE DOCUMENTS AND THIS ENDS.  I JUST CAN'T

Case 5:11-cv-01846-LHK   Document 3210   Filed 10/15/14   Page 9 of 14

9

```
 1        ANSWER THAT QUESTION.
 2              THE COURT:  HERE IS THE FUN THING ABOUT ALL OF THIS,
 3        I KNOW WHAT THESE DOCUMENTS SAY SO I HAVE A PRETTY GOOD CLUE
 4        ABOUT WHAT WILL HAPPEN.
 5              MR. ALLEN:  I'M ENTIRELY CONSCIOUS OF THAT FACT, AND
 6        IT'S INFORMATIVE TO US.  AND I DON'T WANT TO SUGGEST AT ALL TO
 7        THE COURT THAT OUR CONCLUSION IS THAT YOUR REVIEW OF THOSE
 8        DOCUMENTS WAS NOT THOROUGH OR WAS NOT PROPER AND DID NOT REACH
 9        THE RIGHT CONCLUSION.
10         I HAVE A CLIENT THAT SAYS HOW DO WE GET FROM A TO B?  AND
11        I HAVE TO SAY I KNOW WE WERE AT A AND I KNOW WE ARE NOW AT B
12        BUT I DON'T KNOW HOW WE GOT FROM A TO B, AND THEY'RE TROUBLED
13        BY THAT.  AND THAT'S WHY WE'RE HERE IS TO TRYING TO RESOLVE.
14        AND I THINK -- THIS IS ONE OF THE BENEFITS OF THE ROUTE THAT WE
15        HAVE SELECTED IS THAT IT DOESN'T -- WE MAY ULTIMATELY HAVE TO
16        GET TO THAT ISSUE.  WE LIKELY WILL NOT.  WE'LL RESOLVE THE
17        PRIVILEGE ISSUE ONE WAY OR THE OTHER, AND THAT'S AN ISSUE THAT
18        HAS TO DO WITH WHAT THE PARTIES DID IN THE LITIGATION, AND I
19        THINK THAT OUGHT TO BE THE FIRST ISSUE THAT THE COURT
20        ADDRESSES.
21              THE COURT:  ALL RIGHT.  THANK YOU, MR. ALLEN.
22           MR. ZELLER, DO YOU WANT TO RESPOND?
23              MR. ZELLER:  WE, OF COURSE, DISPUTE THE IDEA THAT WE
24        USED IN ANY WAY THESE DOCUMENTS.  THEY WERE ORDERED BY THE
25        COURT TO BE REVIEWED IN CAMERA AS A RESULT OF APPLE'S ARGUMENT
```

1    ABOUT FINDING FRAUD, AND SO THAT FIRST PRONG WAS MET IN THE
2    COURT'S VIEW AND THE COURT LOOKED AT THE DOCUMENTS AND
3    ULTIMATELY, I THINK, IS QUITE CLEAR FROM THE FINDINGS THAT
4    THERE WAS NO EVIDENCE OF CRIME FRAUD IN THOSE DOCUMENTS, AND I
5    THINK THAT KIND OF EXPLICIT FINDING BRINGS THAT TO AN END.
6                THE COURT:  BY THE WAY, MR. ZELLER, DID YOU -- I
7    CAN'T SAY I HAD AT THE TOP OF MIND YOUR PAPERS TO THE DISTRICT
8    JUDGE.  WAS IT ARGUED OR EVER HIGHLIGHTED THAT SEVERAL WEEKS,
9    IF NOT MONTHS, PASSED BETWEEN WHEN I ISSUED THE ORDER
10   COMPELLING THIS PROCEDURE AND WHEN NOKIA SAW FIT TO SEEK AN
11   APPEAL TO THE DISTRICT JUDGE?
12               MR. ZELLER:  ABSOLUTELY, YOUR HONOR.  WE DID POINT
13   THAT OUT, AND I THINK THOSE ARE ISSUES THAT ARE STILL TO BE
14   PRESENTED AND DECIDED BY YOUR HONOR.
15        AS I UNDERSTOOD JUDGE KOH'S ORDER, SHE'S JUST REMANDING --
16   SHE NOTED, OF COURSE, THAT WE MADE WAIVER ARGUMENTS AND A
17   VARIETY OF OTHER ARGUMENTS BOTH WITH RESPECT TO APPLE AND
18   NOKIA, AND SHE DIDN'T RULE ON THOSE.  I THINK SHE'S LEAVING
19   THOSE FOR YOU TO RESOLVE IN THE FIRST INSTANCE, WHICH IS ONE
20   REASON WE THOUGHT, PERHAPS, BRIEF IT WOULD BE APPROPRIATE
21   BECAUSE WE CAN POINT OUT WHATEVER IT IS THAT THEY ARE ARGUING
22   NOW IS SOMETHING THAT IS WAIVED BECAUSE OF ALL OF THESE PRIOR
23   PROCEEDINGS AND, IN FACT, BECAUSE NOW SOME OF THOSE FINDINGS
24   THAT THE COURT HAS MADE ARE FINAL.  THEY DIDN'T APPEAL THEM.
25   THEY DIDN'T CHALLENGE THEM.

1    THE COURT:  ONE OTHER QUESTION I HAD FOR YOU,
2 MR. ZELLER, IN THE PAPERS NOKIA HAD SUGGESTED THAT IT RAISED
3 SOME ALTERNATIVE APPROACH TO RESOLVING THIS.
4    I WAS WONDERING IF YOU MIGHT GIVE ME YOUR POSITION ON,
5 FIRST OF ALL, WHAT THOSE APPROACHES WERE EXACTLY AND WHAT YOUR
6 REACTION TO THEM BECAUSE I WASN'T ABLE TO TEASE THAT OUT FROM
7 THE PAPERS.
8    MR. ZELLER:  SURE, YOUR HONOR.  I'LL LET MR. ALLEN
9 CORRECT ME ON ANYTHING HERE BECAUSE I WAS NOT DIRECTLY A PARTY
10 TO THOSE CONVERSATIONS.
11    AS I UNDERSTOOD IT, AT LEAST SOME TYPE OF A PROPOSAL WAS
12 MADE WHERE THERE WOULD BE AN AGREEMENT THAT WE WOULD PROVIDE
13 THE DOCUMENTS OR SOME SET OF DOCUMENTS SUBJECT TO A NONWAIVER
14 AGREEMENT.
15    AND THAT IS SOMETHING THAT WE CONSIDER AT THIS POINT TO BE
16 A NONSTARTER.
17    THE COURT:  ALL RIGHT.  I HAVE YOUR POSITION.
18 MR. ALLEN, MR. SELWYN, ANYTHING YOU WOULD LIKE TO SAY?
19    MR. SELWYN:  YOUR HONOR, JUST VERY BRIEFLY.  APPLE
20 IS A LITTLE BIT DIFFERENTLY POSTURED AT THIS POINT THAN NOKIA.
21 APPLE DID NOT ASK JUDGE KOH TO REVIEW ANY OF YOUR HONOR'S
22 RULINGS.  WE WERE CONTENT WITH THE WAY IT WAS.
23    WE DID FILE AN OPPOSITION BRIEF TO SAMSUNG'S MOTION FOR
24 REVIEW WITH RESPECT TO THE SEVEN DOCUMENTS IN THE FOOTNOTE, AND
25 THAT'S THE SUBJECT ON WHICH IT WAS REMANDED.  WE ESSENTIALLY

1     FILED A BRIEF WITH JUDGE KOH TO SAY THAT YOUR HONOR'S
2     CONCLUSION WAS CORRECT.
3          SO AT THIS POINT WE FEEL IT APPROPRIATE TO SUBMIT A BRIEF
4     TO YOUR HONOR BECAUSE JUDGE KOH ASKED YOUR HONOR TO CONSIDER
5     THAT ISSUE, AND IT WOULD SEEM UNUSUAL HAVING IT BEEN REMANDED
6     FOR US NOT TO WEIGH IN AND OFFER ANY GUIDANCE ON THAT SUBJECT
7     BUT ESSENTIALLY WE'RE GOING TO RECAPITULATE WHAT WE ALREADY
8     TOLD TO JUDGE KOH.
9              THE COURT:  I WAS GOING TO SAY THAT I WOULD IMAGINE
10    YOUR BRIEF WOULD LOOK A LOT -- STRIKINGLY SIMILAR, I SHOULD
11    SAY, TO THE ONE THAT YOU FILED WITH JUDGE KOH.
12             MR. SELWYN:  IT WOULD BE STRIKINGLY SIMILAR TO THAT.
13    WE'RE CERTAINLY NOT GOING TO GO BEYOND ANY OF THOSE ISSUES,
14    BUT, AGAIN, WE WERE CONTENT WITH YOUR HONOR'S RULINGS AND TO GO
15    FORWARD BUT HAVING BEEN REMANDED, WE DO FEEL IT APPROPRIATE TO
16    SUBMIT SOMETHING TO YOUR HONOR ESSENTIALLY RESTATING WHAT WE
17    SAID TO JUDGE KOH ABOUT WHY WE BELIEVE THAT YOUR HONOR HAD IT
18    RIGHT THE FIRST TIME.
19             THE COURT:  WELL, THE DISTRICT JUDGE HAS SPOKEN, AND
20    WE ALL HAVE WORK TO DO SO I CERTAINLY CAN'T HOLD THAT AGAINST
21    YOU, MR. ZELLER, OR ANYONE HERE.
22         ALL RIGHT.  THANK YOU.  MR. ALLEN, ANYTHING FURTHER HERE?
23             MR. ALLEN:  NOTHING FURTHER, YOUR HONOR.  THANK YOU.
24             THE COURT:  LET ME JUST CONFIRM BEFORE WE ADJOURN.
25    MR. RIVERA, IS THE COURT AVAILABLE FOR A HEARING ON THE 10TH?

1    I BELIEVE I AM, BUT I WANTED TO CONFIRM THAT WITH YOU, SIR.
2    THIS IS DECEMBER 10TH, MR. RIVERA.  I'M SORRY.
3              THE CLERK:  YOUR HONOR, THE COURT IS AVAILABLE TO
4    SPECIALLY SET THIS MATTER WEDNESDAY, DECEMBER 10TH AT
5    10:00 A.M.
6              THE COURT:  ALL RIGHT.  SO WE'LL SPECIALLY SET THIS
7    ON WEDNESDAY THE 10TH, AND THE REST OF YOUR DEADLINES SEEM
8    REASONABLE TO ME.  I'LL GET A SHORT ORDER ON THIS AND WE WILL
9    SEE YOU BACK HERE IN TWO MONTHS TIME.  HAVE A GOOD MORNING.
10         (COURT CONCLUDED AT 10:20 A.M.)

## CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

*/s/ Irene Rodriguez*
_____
IRENE RODRIGUEZ, CSR, CRR
CERTIFICATE NUMBER 8076

DATED:  OCTOBER 14, 2014