HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S MOTION TO COMPEL DOCUMENTS FOR WHICH WAIVER WAS PREVIOUSLY FOUND**<br><br>Judge:      Hon. Paul S. Grewal<br>Time:       10:00 a.m.<br>Date:        December 10, 2014<br>Courtroom: 5, 4th Floor |

1

**NOTICE OF MOTION AND MOTION**

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that on December 10, 2014, at 10:00 a.m., or as soon thereafter

4

as this matter may be heard in the above entitled Court, located at 280 South 1st Street, San Jose,

5

CA 95113, Apple will and hereby does request for the Court to reaffirm its determination that

6

Samsung cannot claim of privilege over the seven documents that the Court identified in its prior

7

Sanctions Order and to order the production of those documents from Samsung.

8

This motion is based on this notice of motion and supporting memorandum of points and

9

authorities and such other written and oral argument as may be presented at or before the time this

10

motion is taken under submission by the Court.

11

Dated: October 17, 2014                    WILMER CUTLER PICKERING
                                            HALE AND DORR LLP

12

13

14

By:  */s/ Mark D. Selwyn*
                                            MARK D. SELWYN

15

16

Attorneys for Plaintiff
APPLE INC.

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

In its Sanctions Order dated January 29, 2014, the Court held that Samsung had violated the Protective Order hundreds of times and awarded Apple and Nokia their reasonable fees and costs as a sanction.  The Court also found that Samsung had waived any claim of privilege over seven documents cited in the Order (Tabs 6, 19, 20, 215.15, 222, 255, and 272; collectively, the "Waiver Documents")[1] based on Samsung's prior offer to produce the documents to Apple and Nokia, and without addressing the other privilege-based arguments that Apple and Nokia had raised in their briefs.  Judge Koh subsequently affirmed the sanctions award in full.  But in response to Samsung's motion seeking reversal of the Court's waiver finding (which Apple and Nokia opposed by arguing that the Court had reached the correct result based on privilege arguments the Court did not reach), Judge Koh reversed the waiver finding based on Samsung's offer to produce and remanded with instructions for the Court to consider Apple's and Nokia's remaining arguments as to "[w]hether Samsung waived or is otherwise not entitled to assert privilege." (Dkt. 3194 at 10.)

As detailed further below, the Court correctly held that Samsung cannot assert privilege over the Waiver Documents.  Samsung made no attempt during the lengthy sanctions proceedings to justify its sweeping and generic privilege claims over those documents—which it disclosed to numerous persons with no apparent connection to this litigation.  Moreover, even if Samsung could establish a proper privilege claim over the documents, it waived any such privilege by making affirmative representations about what the documents supposedly disclose and do not disclose, and by engaging in extensive Protective Order violations sufficient to invoke the crime-fraud exception.  Therefore, Apple requests that the Court reaffirm its finding that the Waiver Documents are not privileged and order Samsung to produce them.

---

[1]  The Court cited five of the seven documents that Samsung had offered to produce by their tab numbers, and cited portions of the Court's Order to Show Cause that explicitly discussed the other two documents.  (Dkt. 2935 at 11 n.60, 12 n.64.)

1    **II.    ARGUMENT**

2        **A.    Samsung Has Not Met Its Burden to Show Privilege.**

3            The record from the sanctions proceedings reveals that numerous Samsung employees and

4    lawyers received the Waiver Documents, including many with no known or apparent connection

5    to this litigation.  (*E.g.*, Dkt. 2557-23 at 2-3 (listing 33 recipients for the document at Tab 6

6    (SAMNDCA-Z0001903-04)); *see* Dkt. 2935 at 14 (finding that the Teece Report alone "went to

7    hundreds of people who were in no way involved in the Apple litigation").)  Yet, Samsung made

8    no attempt to justify a claim of privilege over the Waiver Documents in view of these widespread

9    disclosures; such as by explaining, for each recipient, his or her litigation role and/or any other

10   legitimate reason he or she might have had for receiving the documents.

11           Given this critical lack of disclosure, Samsung cannot claim privilege over the Waiver

12   Documents because it failed to meet its threshold burden to demonstrate that the documents are

13   even privileged in the first instance.  *See*, *e.g.*, *Barton v. Zimmer Inc.*, No. 06-cv-208, 2008 WL

14   80647, at *4 (N.D. Ind. Jan. 7, 2008) (holding that a party cannot claim privilege "if the

15   communication is shared with *any* corporate employee who is not directly concerned with or did

16   not have primary responsibility for the subject matter of the communication" (emphasis added)

17   (internal quotations omitted)); *Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609,

18   633 (M.D. Pa. 1997) (holding that privilege is waived when "communications are relayed to those

19   who do not need the information to carry out their work or make effective decisions on the part of

20   the company"); *see also Weil v. Inv./Indicators, Research &  Mgmt., Inc.*, 647 F.2d 18, 25 (9th

21   Cir. 1981) (holding that burden of proving privilege rests with the party asserting it).[2]

22

23

24   _____

     [2]    Seeking to avoid this failure of proof, Samsung has argued in prior briefing that it is "facially

25   obvious" the Waiver Documents are privileged (Dkt. 3174 at 13)—an argument that Apple
     cannot fully address because it has never even seen a redacted version of the Waiver Documents.

26   But even so, Samsung's argument conflicts with the Court's finding that it was "unpersuaded" by
     Samsung's claims of privilege with respect to at least Tabs 19, 20, 90, and 272.  (Dkt. 2689 at 4

27   n.16.)  Samsung also ignores basic black letter law that a document appearing privileged on its
     face is not, in fact, privileged if shared with others outside the scope of the privilege—just as

28   Samsung did here on a massive scale.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.      Samsung Waived Privilege By Making Affirmative Use Of The Waiver Documents.**

Any claim of privilege also fails because Samsung made affirmative use of the Waiver Documents in the sanctions proceedings.  Specifically, in response to the Court's Order to Show Cause, Samsung submitted declarations in which employees selectively disclosed certain content of the allegedly privileged documents (in redacted portions Apple and Nokia were not permitted to view) and made affirmative representations about what the documents did and did not say (in unredacted portions made available to Apple and Nokia).  (*E.g.*, Dkt. 2807-9 ¶ 6 (declaration of Seongwoo Kim representing for the documents at Tab 222 that "[t]here is nothing in the emails attached as Exhibit 1 that reflects any use of any of Apple's [confidential license information]" and that "[n]o expert report of Dr. Teece [] is discussed anywhere in these emails"); Dkt. 2835-03 at 14 (alleging Tab 6 "does not reflect any use of confidential information from the incompletely-redacted Teece Report" and arguing that the information in Tab 222 "was necessarily *not* derived from the Teece Report"); *id*. at 17 n.8 ("Neither [Tab 255] nor its attachments contains any information taken from the Teece Report, or any information derived from other materials produced pursuant to the Protective Order."); Dkt. 2807-1 ¶ 6 (declaration of Alex Baxter publicly and selectively revealing portions of Tab 20); Dkt. 2807-16 ¶ 8 (declaration of Laetitia Bernard regarding the document at Tab 6:  "I did not use, did not instruct others to use, and I am not aware of anyone from Samsung using, for any reason, information about the terms of any Apple license agreement with Nokia or any other company obtained from any version of the Teece report that I received or distributed.").)

Waiver occurred when Samsung and its employees selectively disclosed certain content from these documents—including by making affirmative representations about what the documents supposedly disclose and do not disclose—while simultaneously concealing other portions under a claim of privilege.  *See Hawkins v. Stables*, 148 F.3d 379, 384 (4th Cir. 1998) (finding privilege for communication waived where client denied any conversation had occurred); *United States v. Pinho*, No. 02-814, 2003 WL 25772423, at \*4 (E.D. Pa. Jul. 8, 2003) (same); *In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 470 (S.D.N.Y. 1996) (finding waiver where

holder "makes factual assertions the truth of which can only be assessed by examination of the privileged communication"); Fed. R. Civ. P. 26(b)(5)(A) (providing parties must justify privilege claims "in a manner that, *without revealing information itself privileged or protected*, will enable other parties to assess the claim" (emphasis added)).

In prior briefing, Samsung has argued that its employee declarations could not result in waiver because the Court compelled Samsung to submit them.  (Dkt. 3174 at 5-6.)  But the Court did no such thing.  The Court only *compelled* Samsung to produce its *withheld documents* for *in camera* review (which Apple agrees did not result in waiver).  By contrast, the Court only *invited* Samsung to file *a brief* in support of its privilege claims (Dkt. 2689 at 4 n.16)—an invitation that Samsung *chose* to accept, in part, by filing numerous *declarations* that discussed the contents of allegedly privileged documents and made representations about what those documents do and do not disclose.  This attempt to use privilege as both a sword and a shield presents a classic case of waiver.  *See Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340-41 (9th Cir. 1996) (noting a waiver inquiry "is rooted in notions of fundamental fairness" and the primary purpose of the waiver doctrine is "to protect against the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable"); *Chevron Corp. v. Penzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (explaining parties cannot use privilege as both a sword and a shield).

## C.    The Waiver Documents Are Not Privileged Under The Crime-Fraud Exception.

The crime-fraud exception also bars Samsung from asserting privilege over the Waiver Documents.  It is now undisputed that Samsung violated the Protective Order *hundreds of times* between March 2012 and August 2013—by providing Apple's confidential license information to numerous Samsung employees and lawyers not entitled to receive that information under the Protective Order, and by repeatedly failing to provide Apple with required notice of known breaches based on a "misplaced" hope that the problem would just "go away."  (Dkt. 2935 at 13-17.)  As the Court concluded, a "1 lawyer deep" structure at Quinn Emanuel and "share-and-

share-alike" system within Samsung made these "significant" Protective Order violations a "predictable," "conscious," "strategic," and "blameworthy" result of a "willful failure to institute safeguards." (*Id.* at 1, 13-16.)

In addition, the Court pointed to the Waiver Documents as (partial) support for its finding that Samsung and Quinn Emanuel violated the Protective Order on a massive scale. (*E.g.*, Dkt. 2689 at 3 n.10 & Dkt. 2935 at 12 (citing Tabs 215 and 255 as evidence of "QE's failure to fully redact sensitive business information ('SBI') from the Initial Expert Report of David Teece," and concluding that the "failure to redact this information was a violation of this court's protective order"); Dkt. 2689 at 3 n.10 & Dkt. 2935 at 4 n.13 (citing Tabs 215 and 255 as showing "pervasive distribution of the SBI to Samsung employees who were not authorized to have access to it"); Dkt. 2935 at 5 n.22 (finding Tab 19 shows "a Quinn Emanuel senior associate emailed Shim a copy of the insufficiently redacted Teece Report"); *id.* at 5 n.28 (finding Tab 20 shows that "the senior associate also forwarded an email chain which highlighted for Shim precisely where the confidential information could be found"); Dkt. 2689 at 3 nn.13-14 (citing Tab 90 as evidence of "Samsung's wrongful use of the disclosed SBI in preparing for . . . its negotiations and arbitrations with Ericsson between May 2012 and May 2013," and citing Tabs 6 and 222 as evidence that of use when Samsung prepared for "its negotiations with Nokia between March 22, 2012 and June 4, 2013"); Dkt. 2935 at 6 n.32, 7 n.38, 17 & Dkt. 2689 at 3 n.15 (citing tabs 19, 20, and 272 as evidence of "QE's failure to follow the [self-reporting] procedures set forth in Section 16 of the Protective Order after repeated notice of the disclosure of SBI").)

The crime-fraud exception bars Samsung from maintaining a claim of privilege over the very documents showing that Samsung and its lawyers embarked on a "conscious," "strategic," and "willful" path that resulted in hundreds of "blameworthy" violations of this Court's Protective Order. *See In re Icenhower*, 755 F.3d 1130, 1141 (9th Cir. 2014) (holding that the crime-fraud exception applies where an attorney and client engage in communications that are "sufficiently related to" or "in furtherance" of an unlawful act (internal quotations omitted)); *cf.*, *e.g.*, *Smith v. Wade*, 461 U.S. 30, 42 n.10 (1983) (holding reckless indifference is equivalent to

1   intent for purposes of punitive awards).[3]

2   **III.    CONCLUSION**

3          For the foregoing reasons, Apple respectfully requests that the Court order Samsung to

4   produce the Waiver Documents.

5

6   Dated: October 17, 2014                    WILMER CUTLER PICKERING
                                                HALE AND DORR LLP

7

8                                              By: */s/ Mark D. Selwyn*
                                                    MARK D. SELWYN
9

10                                             Attorneys for Plaintiff
                                               APPLE INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

---

25   [3]     Violations of a protective order are a form of law breaking, and communications giving rise
26   to those violations fall within the crime-fraud exception (otherwise, counsel could transfer
     protected information to clients with impunity, confident that an assertion of privilege would
27   conceal the misconduct).  *See*, *e.g.*, *Positive Software Solutions, Inc. v. New Century Mortg.
     Corp.*, 337 F. Supp. 2d 862, 868 (N.D. Tex. 2004), *rev'd on other grounds*, 476 F.3d 278 (5th Cir.
28   2007).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on October 17, 2014, to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

*/s/ Mark D. Selwyn*
Mark D. Selwyn