HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DOCUMENTS FOR WHICH WAIVER WAS PREVIOUSLY FOUND**<br><br>Judge:       Hon. Paul S. Grewal<br>Date:         December 10, 2014<br>Courtroom: 5, 4th Floor |

1   **I.      INTRODUCTION**

2          In its opening brief, Apple explained in detail why Samsung cannot properly assert

3   privilege over, and should be required to produce, the seven Waiver Documents that the Court

4   previously reviewed *in camera*—because Samsung has not established that the documents are

5   privileged in the first instance, because Samsung has waived any potential claim of privilege

6   through its affirmative and selective use of the documents, and because the crime-fraud exception

7   precludes Samsung from using privilege to shield the documents that reveal its hundreds of

8   protective order violations.   None of the arguments set forth in Samsung's opposition brief

9   changes that result.

10         ***First***, unable to prevail on the merits, Samsung argues that Apple is procedurally barred

11  on waiver grounds from raising the arguments set forth in its motion.   But Apple indisputably

12  raised ***all*** of those arguments during the original sanctions proceedings, and Judge Koh ***expressly***

13  ***ordered*** the Court to consider and address those same arguments in this remand proceeding.   As

14  such, there is no basis to find waiver.

15         ***Second***, Samsung contends that it met its burden to establish a valid privilege claim over

16  each of the Waiver Documents based on disclosures contained in its privilege log and fact

17  declarations that it submitted during the sanctions proceedings.   But the Court found during the

18  sanctions proceedings that Samsung's log was ***insufficient*** to establish privilege—a conclusion

19  reinforced by Samsung's continuing failure to demonstrate that each employee recipient listed in

20  the log was "directly concerned with" or had "primary responsibility for the subject matter of the

21  communication."   In addition, Samsung's declaration-based arguments only address one of the

22  seven Waiver Documents (Tab 6), and even then, the declarations merely contain generic

23  assertions that the document at Tab 6 was relevant to unspecified "aspects of the global Apple

24  litigations"—even though the Protective Order did not permit Samsung to provide confidential

25  information produced in this case for use in other litigations.

26         ***Third***, Samsung argues that it did not waive any right to assert privilege over the Waiver

27  Documents because its declarations supposedly did not disclose the substance of the withheld

28  documents, and instead merely asserted that no such communications were reflected in the

1   documents.  But the declarations themselves do reveal a selective and partial disclosure of those

2   supposedly privileged communications—by representing what the parties did not discuss.  Courts

3   have found waiver in precisely those circumstances.  Samsung also seeks to shift blame for its

4   waiver by arguing that the Court compelled Samsung to file the declarations.  But the record

5   reveals that Samsung had no obligation to submit those declarations, and certainly no obligation

6   to use the declarations to discuss the content of withheld documents.

7   *Finally*, Samsung contends for the first time that the Court should vacate the Sanctions

8   Order in its entirety because that decision relied on information derived from documents that

9   Samsung has withheld as privileged.  That new argument is waived.  It also fails on the merits

10  because Samsung has not established that the documents are privileged, because the Sanctions

11  Order relies on other information that the Court found was not privileged (and Samsung did not

12  seek review of those findings of no privilege), and because courts can properly rely on the

13  substance of privileged communications reviewed *in camera* in any event.

14  Therefore, the Court should order Samsung to produce the Waiver Documents.

15  **II.    ARGUMENT**

16  **A.    Apple Did Not Waive The Arguments At Issue In This Motion.**

17  Samsung contends that Apple waived the right to contest on remand whether the Waiver

18  Documents are privileged.  (Dkt. 3214-3 ("Opp'n") at 6.)  But during the sanctions proceedings,

19  Apple raised *all* the same arguments set forth in its opening brief in support of this motion—as

20  Judge Koh explicitly found.  (Dkt. 3194 at 9 n.6 (Judge Koh finding that Apple's arguments

21  regarding the Waiver Documents "have all been previously presented"); Dkts. 2505-1, 2557-4,

22  2825-2 (Apple briefs advancing the arguments).)  Nor is there any dispute that those previously-

23  raised arguments are all properly before the Court in this remand proceeding—given Judge Koh's

24  express instructions for the Court to consider "Apple's and Nokia's alternative arguments" on

25  remand and to "rule on any remaining privilege issues in the first instance."  (Dkt. 3194 at 9-10;

26  *id.* at 10 ("Whether Samsung waived or is otherwise not entitled to assert privilege over those

27  documents for any other reason remains *to be decided* by Judge Grewal upon remand." (emphasis

28

1  added)).)[1]

2  Accordingly, because Apple timely raised its arguments about the Waiver Documents, and

3  because Judge Koh has required the Court to address those arguments in this remand proceeding,

4  Samsung has no legitimate basis to allege waiver.[2]

5  **B.  Samsung Has Failed To Meet Its Burden To Demonstrate That The Waiver
      Documents Are Privileged.**

6

7  In its opening brief, Apple demonstrated that Samsung has failed to meet its burden to

8  demonstrate that the Waiver Documents are even privileged, including because Samsung has

9  failed to establish that each recipient of the Waiver Documents fell within the scope of a proper

10  privilege claim.  (Dkt. 3212 ("Mot.") at 3.)

11  In response, Samsung contends that its privilege log alone "establishes that the documents

12  are protected by privilege and the work-product doctrine."  (Opp'n at 8.)  But the Court already

13  rejected that argument during the original sanctions proceedings, noting it was "unpersuaded that

14  the generic statements in the log meet the burden required to claim [privilege and work product

15  protection]."  (Dkt. 2689 at 4 n.16 ("Specifically, many if not all of these documents do not

16  appear aimed at or in furtherance of legal counsel, but rather a simple business purpose would

---

17  [1] That clear mandate alone defeats Samsung's claim that Apple supposedly waived its arguments
18  by not filing its own motion seeking relief from the Sanctions Order, and "instead, [by] rais[ing]
    these arguments to the presiding judge *only* in opposition to Samsung's motion for relief from the
    Sanctions Order."  (Opp'n at 6.)  Samsung also fails to explain why Apple supposedly needed to
19  file such a motion given that the Court ***found waiver*** with respect to the same Waiver Documents
    at issue here (on a ground that Apple had not advanced).  By contrast, in Samsung's sole cited
20  case on this issue, the Ninth Circuit found that an employee waived his right to seek appellate
    review of an ***adverse order issued against him*** because he did not provide proper notice under
21  Fed. R. Civ. P. 72(a).  *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).
    Here, Apple prevailed on its sanctions motion, and it was Samsung that sought review.

22  [2] Samsung separately contends that Apple waived its crime-fraud argument by failing to argue in
    its prior briefing "that the communications at issue furthered a criminal or fraudulent scheme."
23  (Opp'n at 7.)  But Apple repeatedly argued during the sanctions proceedings that Samsung's and
    Quinn Emanuel's massive breaches of the Protective Order were a form of law-breaking
24  sufficient to trigger the crime-fraud exception, and that the Waiver Documents helped further
    (and documented) those violations.  (*E.g.*, Dkt. 2825-2 at 11-12 (Apple arguing that "the
25  violations of the Protective Order are a form of law breaking," and "communications that
    perpetuate a pattern of violations of the Court's rules" are within the crime-fraud exception); Dkt.
26  2557-4 at 12-13 ("[T]he crime-fraud exception is implicated here given Samsung's improper use
    of privilege claims to prevent Apple and the Court from learning how Samsung and its lawyers
27  used (and may yet use) Apple's highly confidential information violation of this Court's
    Protective Order"); Dkt. 2505-1 at 7-8 (same).)
28

1    have served as cause for the communication.").)

2           Samsung's opposition also relies heavily on the fact that the Waiver Documents each "list

3    one or more Samsung attorneys as a sender or recipient, and none includes any person other than

4    (1) Samsung's attorneys, or (2) Samsung's employees."  (Opp'n at 8.)  As the Court previously

5    recognized, however:  (1) "[t]he fact that a person is a lawyer does not make all communications

6    with that person privileged" (Dkt. 2689 at 4 n.16 (*quoting United States v. Martin*, 278 F.3d 988,

7    999 (9th Cir. 2002)); and (2) Samsung cannot assert a blanket privilege over all communications

8    between its lawyers and employees, regardless of purpose of the communication or the specific

9    role of the sender and each individual recipient.  (*Id.* (citing *McCaugherty v. Siffermann*, 132

10   F.R.D. 234, 238 (N.D. Cal. 1990) ("No privilege attach to any communication as to which a

11   business purpose would have served as a sufficient cause, i.e., any communication that would

12   have been made because of a business purpose, even if there had been no perceived additional

13   interest in securing legal advice.").)  Rather, as Apple explained in its opening brief, Samsung

14   must demonstrate that each recipient employee was "directly concerned with" or had "primary

15   responsibility for the subject matter of the communication."  (Mot. at 3.)  It has failed to do so.

16          Samsung further alleges that its sixteen declarations "'demonstrate with specificity' that

17   each of the documents at issue is privileged."  (Opp'n at 9.)  But in making that argument,

18   Samsung focuses entirely on Tab 6, and says nothing about the remaining six Waiver Documents

19   (Tabs 19, 20, 215, 222, 255, and 272).  (Mot. at 9-10.)  Therefore, even Samsung appears to

20   concede that the declarations do not establish privilege over those six withheld documents.[3]

21          Nor do the declarations establish privilege over the document at Tab 6.  As even Samsung

22   concedes, the declarations merely state that the employee-recipients of that document "are

23   responsible for handling ***aspects of the global Apple litigations***."  (Opp'n at 9 (quoting Dkt.

24

---

25   [3] In fact, the declarations actually support Apple's position.  For example, the declaration of
     Quinn Emanuel attorney Todd Briggs states that Tab 215 was sent to scores of Samsung

26   employees, many of whom are not attorneys.  (Dkt. 2807-3 ¶¶ 4-10.)  While this distribution was
     allegedly made for the purpose of "providing Samsung with legal advice" (*id.* ¶ 14), Samsung

27   does not claim that all recipients of Tab 215 had responsibility for this litigation.  To the contrary,
     the Court concluded that Tab 215 shows "pervasive distribution of … SBI to Samsung employees

28   who were ***not authorized*** to have access to it."  (Dkt. 2689 at 3 (emphasis added).)

2807-06 (emphasis added)).)   That generic assertion—directed to unspecified "aspects" of unspecified "global Apple litigations"—does not show that each recipient employee was "directly concerned with" or had "primary responsibility for the subject matter of the communication" involved in Tab 6.  *See Barton v. Zimmer Inc.*, No. 06-cv-208, 2008 WL 80647, at *4 (N.D. Ind. Jan. 7, 2008).   Indeed, if anything, that assertion appears to show that Samsung was sharing confidential information that Apple had produced *in this litigation*, with persons involved in *other litigations*, despite a provision in the Protective Order prohibiting it from doing precisely that.  (Dkt. 687 at 5 ("All Protected Material shall be used solely for this case or any related appellate proceeding, *and not for any other purpose whatsoever, including without limitation any other litigation* … ." (emphasis added)).)[4]

Accordingly, because Samsung's privilege log and declarations do not establish privilege over the Waiver Documents, Samsung should be ordered to produce the documents on this ground alone.

### C.    Samsung Waived Any Privilege By Selectively Disclosing Content From The Waiver Documents.

Apple also detailed in its opening brief how, even if Samsung could manufacture a viable privilege claim over the Waiver Documents, Samsung has waived any such privilege by making representations regarding what portions of the documents allegedly say (and do not say), while concealing the remainder of the withheld documents under the guise of privilege.  (Mot. at 4-5.) Samsung raises several arguments in attempt to avoid its waiver, but none has merit.

*First*, Samsung attempts to paint Apple as taking inconsistent positions on this issue. (Opp'n at 10 (alleging that "[w]hen Apple previously challenged Samsung's privilege claims, Apple argued that Samsung *over-redacted* its privilege declarations and inadequately substantiated the privilege for that reason," and that "Apple now abandons that position and argues just the opposite—that Samsung *under-redacted* its privilege declarations and waived the

---

[4] Samsung distinguishes Apple's two cited cases on the grounds that "neither supports finding waiver where the employees at issue were responsible for handling *the litigation being discussed*."  (Opp'n at 10 (emphasis added).)  Apple agrees, but as noted above, Samsung has failed to establish that each employee at issue here had such responsibilities.

privilege by doing so").)  Samsung misstates Apple's positions.  In an earlier privilege dispute, Apple argued that Samsung's publicly-filed (and heavily-redacted) declarations failed to establish privilege because the declarations only contained denials of what appeared in the referenced documents (which prevented Apple from even assessing the subject matter of the referenced documents for purposes of assessing whether Samsung could assert privilege over them).  (Dkt. 2825-2 at 5-8.)  In later proceedings, and also here, Apple has maintained that those same denials, though **insufficient to show** privilege, are **sufficient to waive** privilege, as multiple courts have found.  *See Hawkins v. Stables*, 148 F.3d 379, 384 (4th Cir. 1998); *United States v. Pinho*, No. 02-814, 2003 WL 25772423, at \*4 (E.D. Pa. July 8, 2003).  As such, there was no inconsistency.

**Second**, Samsung attempts to distinguish *Hawkins* and *Pinho* as "merely hold[ing] that there is no privilege where the client *denies having discussed a subject with an attorney at all*." (Opp'n at 11.)  But in *Hawkins*, the Fourth Circuit expressly noted that its waiver ruling would apply even if the lawyer and his client had admitted to having an actual discussion on the subject (about a phone tap), given the client's representation at her deposition and at trial that the two had not discussed the subject.  148 F.3d at 384 n.4 ("Even if Stables could produce sufficient evidence to convince the district court on remand that she and Diehl had a confidential conversation regarding a phone tap, the attorney-client privilege would not apply because her testimony during deposition and trial waived it.").

Similarly, in *Pinho*, the Third Circuit relied on *Hawkins* as "persuasive" in finding that "Defendant's denial of the conversation included enough substantive information about her communications with her attorney to constitute a waiver or her attorney-client privilege on that subject."  *Pinho*, 2003 WL 25772423, at \*4.  That is precisely what happened here—by including representations in its declarations selectively denying that the withheld communications covered certain subjects, Samsung waived the right to claim privilege over those communications by placing their content at issue.[5]

---

[5] Samsung casts *Hawkins* and *Pinho* as "criminal cases."  (Opp'n at 11.)  But *Hawkins* was a civil case, *id.*, 148 F.3d at 382 ("The current matter is a civil case …."), and both decisions applied the same evidentiary standard that would apply to the admissibility of allegedly privileged testimony in this matter (Fed. R. Evid. 501).  *Id.* at 385; *Pinho*, 2003 WL 25772423, at \*2 n.2.

1    Samsung relies on *Laser Industries v. Reliant Technologies, Inc.*, 167 F.R.D. 417 (N.D.

2    Cal. 1996), as support for its sweeping claim that "denials of misconduct … do not support a

3    finding of waiver by selective disclosure as a matter of law." (Opp'n at 11.) But unlike here, the

4    "denials of misconduct" in *Laser Industries* "d[o] not purport to disclose the contents of a specific

5    communication," 167 F.R.D. at 446, and this motion does not involve the type of bare "denial of

6    misconduct" that was at issue in that case. To the contrary, this case involves documents

7    reflecting communications that indisputably occurred, the substance of which Samsung has

8    partially and selectively disclosed. (*E.g.*, Dkt. 2835-03 at 14 (asserting that Tab 6 "does not

9    reflect any use of confidential information" and Tab 22 "was necessarily *not* derived from the

10   Teece Report"); *id.* at 17 n.8 ("Neither [Tab 255] nor its attachments contains any information

11   taken from the Teece report….").) As Apple explained in its opening brief, these partial

12   disclosures warrant a finding of waiver. (Mot. at 4-5.)

13   ***Finally***, Samsung attempts to shift blame for its waiver by arguing that "the Court

14   *compelled* Samsung to file the declarations upon which Apple now relies, which precludes any

15   basis for waiver." (Opp'n at 12.) As Apple explained in its opening brief, however, the Court did

16   no such thing. The only thing that the Court compelled was the production of documents for *in*

17   *camera* review—which Apple agrees did not result in waiver. The Court did not "order[]

18   [Samsung] to further substantiate its privilege claim," as Samsung now suggests. (*Id.*) Instead,

19   the Court merely invited Samsung to file ***a brief*** in support of its privilege claims to the extent it

20   wished to do so, and Samsung voluntarily accepted that invitation by filing a brief and sixteen

21   declarations discussing the content of withheld documents. That willing disclosure was not

22   compelled, and therefore resulted in waiver.

23        **D.    The Crime-Fraud Exception Applies To The Waiver Documents.**

24        As explained in Apple's opening brief, the crime-fraud exception also bars Samsung from

25   asserting privilege over the Waiver Documents. (Mot. at 5-7.) In its opposition brief, Samsung

26   concedes that the Court ordered *in camera* review due to "serious enough suggestions that the

27   crime fraud exception would apply to at least a subset of [the withheld] documents" (Opp'n at

28

12), but argues that the crime-fraud exception cannot apply for three flawed reasons.

**First**, Samsung alleges that Apple has waived its crime-fraud arguments by failing to raise them in an affirmative motion appealing the Court's Sanctions Order.  (Opp'n at 13.)  Again, as noted above, Apple had no reason to appeal the Sanctions Order on that ground given that the Court had found a privilege waiver (on other grounds) for the documents at issue here. Samsung's waiver argument also overlooks that Judge Koh has instructed the Court to address Apple's crime-fraud arguments on remand "in the first instance."  (Dkt. 3194 at 9-10.)

**Second**, Samsung argues that the crime-fraud exception cannot apply because the Court ultimately found "that Quinn Emanuel's disclosures were *inadvertent* and that Samsung did *not* wrongfully use the Apple-Nokia licensing information."  (Opp'n at 13.)  That argument fails as a matter of law given that there is no intent requirement to prove a violation of the Protective Order, as the Court observed in its Sanctions Order.  (Dkt. 2935 at 7-8.)  Moreover, courts have made clear that where, as here, the communications themselves demonstrate that the client was "engaged in" criminal or fraudulent activities, no further showing of intent is necessary for the crime-fraud exception to apply.  *See In re Icenhower*, 755 F.3d 1130, 1141 (9th Cir. 2014) ("The crime-fraud exception to attorney-client privilege applies when the client was **engaged in** or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme, and where the attorney-client communications for which production is sought are 'sufficiently related to and were made 'in furtherance of [the] intended, **or present**, continuing illegality." (internal quotation marks omitted and emphasis added).)

As detailed in Apple's opening brief, Samsung's "inadvertence" and "no improper use" arguments also fail as a matter of fact in light of the Court's findings (which Samsung did not appeal):  (1) that Samsung and Quinn Emanuel violated the Protective Order hundreds of times due to a "predictable," "conscious," strategic," and "blameworthy" result of a "willful failure to institute safeguards"; and (2) that Samsung improperly made use of the licensing information that Apple had produced under the Protective Order.  (Mot. at 5-7; Dkt. 2935 at 4-6 (concluding that "the evidence has shown … that [Samsung's in-house lawyer, Mr. Shim] made use of the information"); *id*. at 14 ("[T]he court does not find Shim's explanation that he never used the

insufficiently redacted Teece Report credible.").)

***Third***, Samsung argues that none of the Waiver Documents "was '*in furtherance of* 'any crime or fraud."  (Opp'n at 14.)  But as the Court found in its Sanctions Order, the Waiver Documents are themselves evidence of numerous breaches.  (*E.g.*, Dkt. 2689 at 3 n.10 (citing Tabs 215 and 255 as evidence of "QE's failure to fully redact sensitive business information ('SBI') from the Initial Expert Report of David Teece" and "pervasive distribution of the SBI to Samsung employees who were not authorized to have access to it"); *id.* at 3 n.15 (citing Tabs 19, 20, and 272 as evidence of "QE's failure to follow the procedures set forth in Section 16 of the Protective Order after repeated notice of the disclosure of SBI"); Dkt. 2935 at 5 n.22 (citing Tab 19 as evidence that insufficiently redacted Teece Report was improperly distributed); *id.* at 5 n.28 (same); *id.* at 6 n.32 (citing Tab 272 as evidence of Quinn Emanuel's failure to give notice of the violations).

The Waiver Documents are therefore not privileged under the crime-fraud exception.  *See Positive Software Solutions, Inc. v. New Century Mortgage Corp.*, 337 F. Supp. 2d 862 (N.D. Tex. 2004), *rev'd on reh'g en banc*, 476 F.3d 278 (5th Cir. 2007) (*en banc*) (violations of a protective order are within the scope of the crime-fraud exception).[6]

### E.  Samsung Cannot Seek To Vacate The Sanctions Order Based On Its New Privilege Argument, Which Is Waived And Lacks Merit.

Samsung contends that the Court must vacate the Sanctions Order in its entirety "because it impermissibly relied on privileged communications."  (Opp'n at 5.)  That argument should be rejected for four reasons.

***First***, Samsung waived that new argument by failing to raise it previously.  Samsung did not file a motion asking Judge Grewal to reconsider ***any aspect*** of his Sanctions Order.  In its

---

[6] In a footnote, Samsung incorrectly argues that *Positive Software* involved a crime-fraud finding based on false representations, and not on a protective order violation.  (Opp'n at 13 n.8)  In that case, the court found during the litigation that a party had violated the protective order, and held that those violations resulted in waiver under the crime-fraud exception.  *Positive Software*, 337 F. Supp. 2d at 868.  False representations had nothing to do with that holding; indeed, it was not until the court subsequently ordered additional discovery regarding that improper use that it even realized the extent to which the defendants representations were false.  *Id.*

1    motion seeking relief from the Sanctions Order, Samsung did not contest the finding of sanctions,

2    and instead raised a single issue for Judge Koh to review:  whether it had waived privilege over

3    certain documents by offering to produce them.  (Dkt. 3135 at 5 ("Samsung respectfully requests

4    that the Court overturn the finding of waiver stated in footnote 13 of the Order.").)  And in its

5    motion seeking relief from the Court's sanctions award Order (in which it unsuccessfully sought

6    to reduce the amount of the sanctions award), Samsung expressly conceded that "Judge Grewal's

7    underlying sanctions order was *properly narrow*."  (Dkt. 3134 at 1 (emphasis added).)

8         Having failed to object previously to the Sanctions Order based on an argument that the

9    Order "impermissibly" relied on privileged information—or on any other ground—Samsung is

10   procedurally barred from taking that position for the first time here.  *See Earthquake Sound Corp.*

11   *v. Bumper Indus.*, 352 F.3d 1210, 1219 (9th Cir. 2003); *Brittain v. Sheriff of Riverside Cnty.*, No.

12   CV05-1075-R, 2011 WL 6149287, at *1 (C.D. Cal. Dec. 9, 2011).

13        *Second*, for the reasons set forth above and in Apple's opening brief, Samsung has failed

14   to establish a valid privilege claim over any of the seven documents at issue in this motion.  As

15   such, Samsung cannot claim that the Court "impermissibly relied on privileged communications"

16   with respect to those documents.

17        *Third*, Samsung's new argument rests on the premise that the Court's decision to impose

18   sanctions depended *entirely* on information derived from privileged sources.  In its Sanctions

19   Order, however, the Court repeatedly relied on portions of *eighteen other documents* that it

20   expressly held were *not privileged*.  (Dkt. 2934 at 4 n.13 ("As to all other documents cited, the

21   court finds that the portions discussed in this order are not privileged.").)  Because Samsung

22   never contested that finding, it cannot contend here that the Sanctions Order relies entirely on

23   information derived from privileged sources.

24        *Finally*, even if Samsung could erase its waiver, overcome its inability to establish

25   privilege, and expunge the numerous non-privileged sources underlying the Sanctions Order, it

26   still has failed to cite a single case holding that a court cannot properly rely (in whole or in part)

27   on information learned during *in camera* review.  By contrast, numerous courts have relied on

28   information learned through *in camera* review, even where the underlying documents were

properly withheld as privileged.  *See*, *e.g.*, *Church of Scientology of California v. U.S. Dep't of Army*, 611 F.2d 738, 743 (9th Cir. 1979) ("[W]e find that the trial court properly undertook an *in camera* inspection of the disputed documents, and therefore had an adequate factual basis for its decision."); *Pollard v. F.B.I.*, 705 F.2d 1151, 1155 (9th Cir. 1983) ("Our review of the record, including the documents in issue and the *in camera* affidavit, convinces us that the district court had an adequate factual basis upon which to make its decision."); *PersonalWeb Techs., LLC v. Google Inc.*, 2014 WL 4090558, at *4 (N.D. Cal. Aug. 19, 2014) (awarding monetary sanctions based on materials submitted for *in camera* review); *Fresh v. Greene Transp.*, No. C-11-06683 DMF, 2013 WL 5754395, at *9 (N.D. Cal. Oct. 23, 2013) (awarding breach of contract damages and fees based, in part, on *in camera* inspection of privileged invoices); *Facebook, Inc. v. Power Ventures, Inc.*, No. 08-CV-570-LHK, 2013 WL 4049688, at *4 (N.D. Cal. Aug. 7, 2013) (awarding fees and costs based on *in camera* submission of privileged records); *Loretz v. Regal Stone, Ltd.*, 756 F. Supp. 2d 1203, 1218 (N.D. Cal. 2010) (awarding fees and costs using time records submitted for *in camera* review); *Keithley v. Homestore.com, Inc.*, 2009 WL 816429, at *2 (N.D. Cal. Mar. 27, 2009) (awarding fees and costs based upon *in camera* submission of supporting documents).

Samsung cites *Mohawk Industries v. Carpenter*, 558 U.S. 100 (2009), in support of its claim that "it is axiomatic that a judicial decision may not rest on privileged material.  (Opp'n at 5.)  But in that case, the Supreme Court merely held that:  (1) disclosure orders adverse to the attorney-client privilege do not qualify for immediate appeal under the collateral order doctrine; and (2) "Appellate courts can remedy the improper disclosure of privileged material in the same way they remedy a host of other erroneous evidentiary rulings: by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence."  *Id.* at 109.  Samsung cannot convert that general statement about how courts can remedy the "**improper** disclosure" of privileged communications *at trial* into a sweeping rule that no court *decision* can *ever* rely on *any* privilege communications for *any* purpose.

1

III.     **CONCLUSION**

2

For the foregoing reasons and those set forth in its opening brief, Apple respectfully

3

requests that the Court order Samsung to produce the Waiver Documents.

4

Dated: November 19, 2014                    WILMER CUTLER PICKERING
                                            HALE AND DORR LLP

5

6

7                                           By:  */s/ Mark D. Selwyn*
                                                 MARK D. SELWYN

8                                           Attorneys for Plaintiff
                                            APPLE INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

     I hereby certify that a true and correct copy of the above and foregoing document has been

3

served on November 19, 2014 to all counsel of record who are deemed to have consented to

4

electronic service via the Court's ECF system per Civil Local Rule 5-1.

5

6
                                       */s/ Mark D. Selwyn*
                                       Mark D. Selwyn

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Apple Inc.'s Reply in Support of Its Motion to Compel
Case No. 11-cv-01846-LHK (PSG)