RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303-2282
Telephone:      650-838-2000
Facsimile:       650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (*pro hac vice*)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:      404-881-7000
Facsimile:       404-881-7777

Attorneys for NOKIA CORPORATION

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Defendants. | Case No.:  5:11-CV-01846-LHK (PSG)<br><br><br>**NON-PARTY NOKIA CORPORATION'S RENEWED ADMINISTRATIVE MOTION TO SEAL** |

1  Pursuant to Local Rules 7-11 and 79-5 and the Parties' Stipulated Order (Dkt. No. 3223), Non-

2  Party Nokia Corporation ("Nokia") hereby brings this renewed administrative motion to seal highly

3  confidential licensing information.  Nokia requests an order granting its renewed motion to seal the

4  portions of documents listed in Exhibit 1 to the Declaration of Ryan Koppelman in Support of Nokia's

5  Renewed Motion ("Koppelman Declaration").

6  **I.  INTRODUCTION**

7  On June 11, 2014, this Court issued an order on 26 separate administrative motions filed by the

8  parties seeking to seal 134 documents ("Order").  (Dkt. No. 3113).  On July 2, 2014, Nokia filed its

9  motion for leave to file its motion for reconsideration of the Order, which was denied by the Court.

10  (Dkt. Nos. 3128, 3217).  On the same date, Apple Inc. ("Apple") filed its motion for reconsideration of

11  the Order on the grounds that denial of various motions to seal would result in the disclosure of, among

12  other things, the confidential terms of the Nokia/Apple license agreement.  (Dkt. No. 3127).  The Court

13  granted Apple's motion, in part, and sealed various documents that reflect the terms of the

14  Nokia/Apple license agreement.  (Dkt. No. 3221).

15  This Motion is made necessary because despite the order on Apple's motion for

16  reconsideration, the Order requires the parties to file public and unsealed versions of 16 documents that

17  would result in the disclosure of non-party Nokia's trade secret and otherwise confidential information.

18  Specifically, the Order and its ruling associated with 16 documents at issue in the parties' motions

19  disregards Nokia's (and Apple's) privacy interests in that it compels disclosure of information

20  pertaining to the parties' licensing agreement, which both this Court and Judge Koh previously

21  concluded constituted confidential business information ("CBI") and was therefore protected from

22  public disclosure.  (*See e.g.* Dkt. No. 1649, p. 23; Dkt. No. 3113 at 9 (sealing terms from the

23  Apple/Nokia license agreement in Dkt. No. 2557-12); Dkt. No. 3041 at 1-2 (granting motion to seal

24  terms from the Apple/Nokia license agreement); Dkt. No. 3221 (granting motion to seal terms of

25  Apple/Nokia license agreement)).  Thus, most of the information presently sought to be sealed by

26  Nokia's Motion was previously sealed in related filings.  Further, Nokia understands that Apple did not

27  receive fully unredacted copies of some documents at issue, thus potentially explaining why it did not

28  previously seek sealing of this information.  (Dkt. No. 3126-1 at 4).  The Order also denied Nokia's

request to seal certain information exchanged between Nokia and Samsung during the course of the parties' negotiations relating to a licensing agreement, which is subject to a NDA executed by Nokia and Samsung.

The Court denied the previous motions to seal on the basis that the requested relief was not narrowly tailored to seek sealing of only "sealable material." (Dkt. No. 3113, p. 2). By this Motion, Nokia requests narrower redactions on a more limited set of documents. Absent an order granting the Motion, the 16 documents at issue will be posted to the court's PACER website and made available to the public in contravention of previous court orders and Nokia's expectation of privacy in connection with its confidential licensing agreement and its confidential licensing negotiations, which are the subject of an NDA.

## II.   PROCEDURAL HISTORY

On January 29, 2014, the Court granted Apple and Nokia's motion for sanctions directed to Samsung's protective order violations, which resulted in the disclosure of several of Apple's confidential license agreements, including those with Nokia and Ericsson, to numerous Samsung employees. (Dkt. No. 2935 at 4). To avoid the dissemination of the confidential terms of licensing agreements and to prevent the public disclosure of other confidential information, the parties and Nokia filed various requests to seal information that appeared in various judicial records. (*See, e.g.*, Dkt. Nos. 2395, 2410, 2471, 2556, 2557, 2558, 2564, 2610, 2624, 2633, 2664, 2825, 2835, 2836, 2838, 2871, 2872, 2873, 2974, 2975, 2976, 2977, 2991, 2993, 3037, 3039). On June 11, 2014, the Court entered its Order, which denied in part requests to seal filings containing confidential terms of the Nokia/Apple license agreement and requests to seal information relating to the confidential license negotiations between Nokia and Samsung. (Dkt. No. 3113).

On July 2, 2014, Nokia filed a motion for leave to file its motion for reconsideration with the Court (Dkt. No. 3128), which was denied on November 18, 2014 (Dkt. No. 3217). On July 2, 2014, Apple filed its motion for reconsideration of the Order. (Dkt. No. 3127). In its motion, Apple sought reconsideration of the Court's denial of Apple's request to seal the confidential terms of the Nokia/Apple license agreement that appeared in various pleadings. (*Id.*) On November 20, 2014, the Court issued its order substantially granting Apple's motion for reconsideration. (Dkt. No. 3221). On December 9,

1    2014, the Court granted the parties' stipulation for filing renewed motions to seal.  (Dkt. No. 3223).

2        Absent an order granting the relief requested in this Motion, the parties and Nokia are obligated

3    to file public and unsealed versions of 16 documents that would result in the disclosure of non-party

4    Nokia's trade secret and otherwise confidential information.   Much of the information sought to be

5    sealed by Nokia's Motion mirrors information the Court found sealable in other filings.  (*Compare, e.g.*,

6    proposed redactions in Koppelman Exh. 3 at 3:23-4:2 *with* passages sealed by Dkt. No. 3221 (2556-03

7    at 5:10-14; 2557-8 at 82:18-83:5)).

8    **III.    THE "GOOD CAUSE" STANDARD APPLIES WHEN DETERMINING WHETHER
         TO SEAL THE CONFIDENTIAL INFORMATION AT ISSUE IN THIS MOTION**

9        The Ninth Circuit has held that a "particularized showing" under the "'good cause' standard of

10   Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to

11   nondispositive [sic] motions.'"  *Kamakana v. City and Cty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir.

12   2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).

13   Unlike the public interest in inspecting documents attached to dispositive pleadings, which creates a

14   "strong presumption in favor of access," the public need to access documents "unrelated or only

15   tangentially related to the underlying cause of action" attached to non-dispositive motions is far weaker.

16   *Kamakana*, 447 F.3d at 1178-79 (internal quotations omitted).  In this situation, the "usual presumption

17   of the public's right to access is rebutted."  *Id.* at 1179.

18       The Court previously recognized that the documents at issue here were submitted in connection

19   with non-dispositive motions.  (Dkt. No. 3221 at 2-3).  As a result, the public's interest is weak and the

20   presumption of the public's right to access is rebutted.  The public's interest is also greatly outweighed

21   by the potential harm to Nokia from having its confidential patent licensing terms and its strategy

22   relating to its licensing negotiations cast into the public domain.   "Thus, where, as here, the judicial

23   records are "unrelated, or only tangentially related" to a party's claims, the information may be sealed

24   upon a showing of good cause.  *Kamakana*, 447 F.3d at 1179-80.

25   **IV.    CONFIDENTIAL FINANCIAL INFORMATION AND CONFIDENTIAL
         INFORMATION PERTAINING TO LICENSING NEGOTIATIONS SHOULD BE
         SEALED**

26

27       By this Motion, Nokia seeks to seal specific information contained in 16 documents filed in this

28

case that fall into the following two categories:   (1) confidential terms of Nokia's patent licensing agreement with Apple; and (2) Nokia's strategy and discussions with Samsung during the parties' licensing negotiations.  Both categories of information are entitled to protection from public disclosure.

Local Rule 79-5(b) provides that an order to seal "may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as trade secret or otherwise entitled to protection under the law."  "A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which given him an opportunity to obtain an advantage over competitors who do not know or use it."  *In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) citing Restatement of Torts §757, cmt. b.  While Nokia only needs to meet the "good cause" standard for the documents-at-issue (as detailed above), "compelling reasons" justifying sealing exist whenever the release of particular "'court files might have become a vehicle for improper purposes,' such as the use of records to … release trade secrets."  *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

It is beyond that dispute that "pricing terms, royalty rates, and guaranteed minimum payments terms" of license agreements fall within the definition of "trade secrets" and if disclosed would give competitors an opportunity to obtain an advantage over Nokia and/or Apple in the future.   *In re Electronic Arts*, 298 Fed. Appx. At 569.  In previous rulings in this case, the Court concluded that the terms of the Nokia/Apple licensing agreement are confidential and appropriately subject to seal.  (*See, e.g.*, Dkt. No. 1649 at 23; Dkt. No. 3113 at 9 (sealing terms from the Apple/Nokia license agreement in Dkt. No. 2557-12); Dkt. No. 3041 at 1-2 (granting motion to seal terms from the Apple/Nokia license agreement); Dkt. No. 2935 at 4 (noting Apple's license agreement with Nokia is confidential)).  Indeed, Judge Koh previously noted that the disclosure of the terms of the Nokia/Apple license agreement "could result in significant competitive harm to the licensing parties as it would provide insight into the structure of their licensing deals, forcing them into an uneven bargaining position in future negotiations." (*See* Dkt. No. 1649 at 10-11).  As such, all non-public information relating to the terms of the Nokia/Apple license, including the financial terms of the license, constitute trade secret information and are properly sealable.  In this Motion, Nokia has limited the scope of its original proposed redactions consistent with the Court's prior orders on motions to seal.  (Koppelman Decl., ¶¶ 3, 5).

Given the context of these proceedings, in which the confidentiality of these terms was at issue and extensively briefed, certain statements, if made public, could be used in conjunction with other public filings to derive confidential terms. Such a result would effectively allow filings with the Court to become "a vehicle for the improper purpose" of releasing Nokia's trade secrets. *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Nokia seeks narrowly tailored redactions of these statements to prevent such result. The Court has found that information that may be used to derive sealable financial information from the record is itself sealable. (*See, e.g.*, 630 Dkt. No. 2089 (granting motion at Dkt. No. 2082 which sought to seal "financial information … that may be used, in conjunction with other public pleadings in this action, to derive [sealable information]." (Dkt. No. 2082-1))).

The second category of information relates to Nokia's strategy and its negotiations with Samsung over the terms of a proposed patent licensing agreement. Both Nokia and Samsung agreed not to disclose the substance of those negotiations and executed an NDA. If this information is disclosed to the public, it would give potential licensees an advantage during their negotiations with Nokia because they would understand the structure of Nokia's license agreements and its strategy during licensing negotiations. As a result, a potential licensee would use this information as leverage to negotiate better terms than they would otherwise be able to receive. *See generally Nixon*, 433 U.S. at 598; *see also Apple*, 727 F.3d at 1227-28 (finding the district court abused its discretion in refusing to seal market research documents that Apple's competitors could not obtain anywhere else where the record showed the documents were treated as confidential and not distributed outside a select group of people). Thus, Nokia's strategy during licensing negotiations and the structure of its licensing deals constitutes its confidential and competitive information and if made public would result in irreparably injury to Nokia. (Koppelman Decl., ¶¶ 3-4). Further, most, if not all, of the licensing negotiation and strategy information that Nokia seeks to seal was not cited in any briefing or court order, thus, the public interest in this information is minimal. *Apple*, 727 F.3d at 1226 (finding the public has minimal interest in information that is not essential to a district court's rulings on motions at issue).

## V.     CONCLUSION

For the foregoing reasons, Nokia respectfully requests that the Court order sealed the above-listed portions of the 16 documents at issue in this Motion.

1   This 11th day of December, 2014.

2                                                  Respectfully submitted,

3

4                                                  */s/Ryan W Koppelman*
                                                   RANDALL L. ALLEN (Ca. Bar No. 264067)
5                                                  randall.allen@alston.com
                                                   RYAN W. KOPPELMAN (Ca. Bar No. 290704)
6                                                  ryan.koppelman@alston.com
                                                   ALSTON & BIRD LLP
7                                                  1950 University Avenue, 5th Floor
                                                   East Palo Alto, CA 94303-2282
8                                                  Telephone:650-838-2000
                                                   Facsimile: 650-838-2001

9                                                  PATRICK J. FLINN (Ca. Bar No. 104423)
                                                   patrick.flinn@alston.com
10                                                 B. PARKER MILLER (*pro hac vice*)
                                                   parker.miller@alston.com
11                                                 ALSTON & BIRD LLP
                                                   1201 West Peachtree Street
12                                                 Atlanta, GA 30309
                                                   Telephone:404-881-7000
13                                                 Facsimile: 404-881-7777

14                                                 Attorneys for NOKIA CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  RANDALL L. ALLEN (Ca. Bar No. 264067)
   randall.allen@alston.com
2  RYAN W. KOPPELMAN (Ca. Bar No. 290704)
   ryan.koppelman@alston.com
3  ALSTON & BIRD LLP
   275 Middlefield Road, Suite 150
4  Menlo Park, CA 94025
   Telephone:    650-838-2000
5  Facsimile:    650-838-2001

6  PATRICK J. FLINN (Ca. Bar No. 104423)
   patrick.flinn@alston.com
7  B. PARKER MILLER (*pro hac vice*)
   parker.miller@alston.com
8  ALSTON & BIRD LLP
   1201 West Peachtree Street
9  Atlanta, GA 30309
   Telephone:    404-881-7000
10 Facsimile:    404-881-7777

11 Attorneys for NOKIA CORPORATION

12

13                    UNITED STATES DISTRICT COURT

14             FOR THE NORTHERN DISTRICT OF CALIFORNIA

15                         SAN JOSE DIVISION

16

17 APPLE, INC., a California corporation,        Case No.:  5:11-CV-1846-LHK (PSG)

18              Plaintiff,

19        v.                                      **CERTIFICATE OF SERVICE**

20 SAMSUNG ELECTRONICS CO., LTD., a
   Korean corporation, SAMSUNG
21 ELECTRONICS AMERICA, INC., a New York
   corporation; SAMSUNG
22 TELECOMMUNICATIONS AMERICA, LLC,
   a Delaware limited liability company,
23
              Defendants.
24

25

26

27

28

1     I hereby certify that on December 11, 2014, I electronically filed the foregoing **NON-PARTY**

2  **NOKIA CORPORATION'S REWENED ADMINISTRATIVE MOTION TO SEAL** with the

3  Clerk of Court using the CM/ECF system, which will automatically send email notification to the

4  parties and counsel of record.  Nokia will provide service copies of all unredacted exhibits to counsel

5  for Samsung via email.  Counsel for Samsung has previously indicated that certain of the documents

6  submitted alongside Nokia's Motion may not be shared with counsel for Apple, and Nokia will not

7  serve these absent Samsung's consent.

8

9     This 11th day of December, 2014.

10

11

12                                                              */s/Ryan W Koppelman*
                                                                RANDALL L. ALLEN (Ca. Bar No. 264067)
13                                                              randall.allen@alston.com
                                                                RYAN W. KOPPELMAN (Ca. Bar No. 290704)
14                                                              ryan.koppelman@alston.com
                                                                ALSTON & BIRD LLP
15                                                              275 Middlefield Road, Suite 150
                                                                Menlo Park, CA 94025
16                                                              Telephone:     650-838-2000
                                                                Facsimile:     650-838-2001
17
                                                                *Attorneys for NOKIA CORPORATION*
18

19

20

21

22

23

24

25

26

27

28