RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
1950 University Circle, Fifth Floor
East Palo Alto, CA 94303-2282
Telephone:    650-838-2000
Facsimile:     650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (pro hac vice)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:    404-881-7000
Facsimile:     404-881-7777

Attorneys for NOKIA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 11-CV-01846-LHK<br><br>**DECLARATION OF RYAN W. KOPPELMAN IN SUPPORT OF NOKIA'S RENEWED ADMINISTRATIVE MOTION TO SEAL** |

///

///

---

I, Ryan W. Koppelman, declare as follows:

1. I am an attorney with the law firm of Alston & Bird LLP, counsel for non-party Nokia Corporation ("Nokia") in the above-captioned action currently pending in the U.S. District Court for the Northern District of California. I am a member in good standing of the State Bar of California and am admitted to practice before this Court. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify thereto.

2. I submit this declaration in support of Nokia's Renewed Administrative Motion to Seal ("Motion").

3. On December 11, 2014, counsel for Nokia emailed counsel for Apple and Samsung regarding Nokia's intent to file its Motion. Counsel for Apple indicated Apple does not oppose Nokia's Motion. Counsel for Samsung indicated that Samsung does not oppose Nokia's Motion as a procedural mechanism for filing exhibits under seal but reserved the right to challenge proposed redactions to the extent it believes they improperly seal non-confidential information.

4. As discussed in Nokia's Motion, Nokia seeks sealing of limited passages of 16 documents. These requested redactions are substantially narrowed from any previous motion to seal and relate to select portions of 16 of the 32 documents Nokia previously sought to seal (Dkt. No. 3128). As detailed in Nokia's Motion, many of the proposed redactions are consistent with the Court's June 11, 2014 and November 20, 2014 Orders (Dkt. Nos. 3113, 3221). Nokia's Motion is limited to two categories of sealable information: (i) confidential terms of the Apple/Nokia license agreement, including statements that may allow others to derive these public terms in conjunction with other public filings; and (ii) confidential details about negotiations between Nokia and Samsung including proposed license terms and Nokia's negotiation strategy. Unsealing of this confidential licensing and negotiation information would harm Nokia by creating an information asymmetry with its competitors in present and future licensing negotiations.

5. I incorporate by reference the Declaration of Paul Melin in Support of Nokia Corporation's Partial Joinder in Apple's Renewed Motion to Seal. (Dkt. No. 2254) (providing compelling reasons why Nokia's licensing confidential licensing information should be filed under seal).

6. For the Court's convenience, Nokia is providing under seal unredacted versions of the documents at issue in Nokia's Motion. The Court previously sealed the passages that are highlighted in red. Nokia's requested redactions are highlighted in blue. To show Nokia's efforts to further tailor its requests to the Court's previous orders, passages Nokia previously requested to be sealed are highlighted in yellow but Nokia no longer seeks to seal the entirety of this information.

7. Attached hereto as **Exhibit 1** is a true and correct copy of a table that summarizes the various passages of the 16 documents at issue in Nokia's Motion that the Court previously sealed, the passages that Nokia previously sought to seal, as well as the additional passages that Nokia seeks to seal by the instant Motion.

8. Attached hereto as **Exhibit 2** is a true and correct copy of Samsung's Supplemental Brief in Support of Opposition to Apple Inc.'s Motion to Compel (Dkt. Nos. 2556-03, 3126-4) with Nokia's proposed redactions highlighted in blue. Nokia's proposed redactions contain confidential licensing information that the Court has ruled sealable in other filings, including this same document at 5:10-14.

9. Attached hereto as **Exhibit 3** is a true and correct copy of the Declaration of Seungho Ahn In Support of Samsung's Opposition to Apple Inc.'s Motion to Compel (Dkt. No. 2556-8) with Nokia's proposed redactions highlighted in blue. I understand that Samsung did not provide Apple with a completely unredacted version of this document before Apple filed its Motion for Reconsideration. Nokia's proposed redactions contain confidential licensing information that the Court has ruled sealable in other filings. (*See, e.g.*, Dkt. No. 3221 (sealing Dkt. No. 2556-03 at 5:10-14 and 2557-8 at 82:18-83:5)). The proposed redactions also contain confidential terms of proposed licenses between Nokia and Samsung that have not been publicly disclosed and were made subject to a non-disclosure agreement between Nokia and Samsung.

10. Attached hereto as **Exhibit 4** is a true and correct copy of the Declaration of Indong Kang In Support of Samsung's Opposition to Apple Inc.'s Motion to Compel (Dkt. No. 2556-10) with Nokia's proposed redactions highlighted in blue. I understand that Samsung did not provide Apple with a completely unredacted version of this document before Apple filed its Motion for

1  Reconsideration. Nokia's proposed redactions contain confidential licensing information that the Court has ruled sealable in other filings.

11. Attached hereto as **Exhibit 5** is a true and correct copy of the Declaration of Jin Hwan Kwak In Support of Samsung's Opposition to Apple Inc.'s Motion to Compel (Dkt. No. 2556-12) with Nokia's proposed redactions highlighted in blue. I understand that Samsung did not provide Apple with a completely unredacted version of this document before Apple filed its Motion for Reconsideration. Nokia's proposed redactions contain confidential licensing information that the Court has ruled sealable in other filings.

12. Attached hereto as **Exhibit 6** is a true and correct copy of Exhibit 2 of the Selwyn Declaration ISO Apple Inc's Supplemental Brief, the complete deposition transcript of Seungho Ahn (Dkt. Nos. 2557, 3126-6, 3127-8) with Nokia's proposed redactions highlighted in blue. Nokia's proposed redactions contain confidential licensing information that the Court has ruled sealable in other filings.

13. Attached hereto as **Exhibit 7** is a true and correct copy of Exhibit 9 of the Selwyn Declaration ISO Apple Inc.'s Supplemental Brief, the complete deposition transcript of Jin Hwan Kwak (Dkt. Nos. 2557-11, 3126-10, 3127-10) with Nokia's proposed redactions highlighted in blue. Nokia's proposed redactions contain confidential licensing information that the Court has ruled sealable in other filings, and confidential terms of proposed licenses between Nokia and Samsung that have not been publicly disclosed and were made subject to a non-disclosure agreement between Nokia and Samsung.

14. Attached hereto as **Exhibit 8** is a true and correct copy of Exhibit 39 of the Becher Declaration ISO Samsung's Response to November 2, 2013 Order, excerpts from the deposition of Paul Melin (Dkt. Nos. 2835, 3127-15) with Nokia's proposed redactions highlighted in blue. Nokia's proposed redactions contain confidential licensing information that the Court has ruled sealable in other filings, and confidential terms of proposed licenses between Nokia and Samsung that have not been publicly disclosed and were made subject to a non-disclosure agreement between Nokia and Samsung.

15. Attached hereto as **Exhibit 9** is a true and correct copy of Exhibit 40 of the Becher Declaration ISO Samsung's Response to November 2, 2013 Order, excerpts from the deposition of Jin Hwan Kwak (Dkt. No. 2835-6) with Nokia's proposed redactions highlighted in blue. Nokia's proposed redactions contain confidential licensing information that the Court has ruled sealable in other filings, and confidential terms of proposed licenses between Nokia and Samsung that have not been publicly disclosed and were made subject to a non-disclosure agreement between Nokia and Samsung.

16. Attached hereto as **Exhibit 10** is a true and correct copy of Nokia's Brief In Support of Sanctions (Dkt. Nos. 2836-04, 3126-11, 3127-16) with Nokia's proposed redactions highlighted. Nokia's proposed redactions contain confidential licensing information that the Court has ruled sealable in other filings, and confidential terms of proposed licenses between Nokia and Samsung that have not been publicly disclosed and were made subject to a non-disclosure agreement between Nokia and Samsung.

17. Attached hereto as **Exhibit 11** is a true and correct copy of Exhibit 1 of the Koppelman Declaration ISO Nokia's Brief ISO Sanctions, excerpts from the deposition of Paul Melin (Dkt. Nos. 2836-06, 3126-13, 3127-17) with Nokia's proposed redactions highlighted in blue. Nokia's proposed redactions contain confidential licensing information that the Court has ruled sealable in other filings, and confidential terms of proposed licenses between Nokia and Samsung that have not been publicly disclosed and were made subject to a non-disclosure agreement between Nokia and Samsung. The passages also discuss Nokia's negotiation strategy, disclosure of which would harm Nokia by creating an information asymmetry with its competitors in ongoing and future negotiations.

18. Attached hereto as **Exhibit 12** is a true and correct copy of Exhibit 5 of the Koppelman Declaration ISO Nokia's Brief ISO Sanctions, excerpts from the deposition of Eeva Hakoranta (Dkt. Nos. 2836-10, 3126-15) with Nokia's proposed redactions highlighted in blue. Nokia's proposed redactions contain confidential licensing information that the Court has ruled sealable in other filings, and confidential terms of proposed licenses between Nokia and Samsung that have not been publicly disclosed and were made subject to a non-disclosure agreement between

Nokia and Samsung. The passages also discuss Nokia's negotiation strategy, disclosure of which would harm Nokia by creating an information asymmetry with its competitors in ongoing and future negotiations.

19. Attached hereto as **Exhibit 13** is a true and correct copy of Exhibit 23 of the Selwyn Declaration ISO Apple's Brief Regarding Appropriate Sanctions, the complete deposition transcript of Paul Melin (Dkt. Nos. 2838-07, 3126-14, 3127-20) with Nokia's proposed redactions highlighted in blue. Excerpts from this transcript are discussed in Paragraphs 14 (Exhibit 8) and 17 (Exhibit 11) above. Additional portions of this transcript contain information on Nokia's licensing and negotiation strategies that were not related to any issue in this case and were not cited in any briefing. Other unsealed portions contain information that an additional third-party to this case may consider confidential.

20. Attached hereto as **Exhibit 14** is a true and correct copy of Exhibit 26 of the Selwyn Declaration ISO Apple's Brief Regarding Appropriate Sanctions, the complete deposition transcript of Eeva Hakoranta (Dkt. Nos. 2838-10, 3126-16, 3127-22) with Nokia's proposed redactions highlighted in blue. Excerpts from this transcript are discussed in Paragraph 18 (Exhibit 12) above. Additional portions of this transcript contain information on Nokia's licensing and negotiation strategies that were not related to any issue in this case and were not cited in any briefing.

21. Attached hereto as **Exhibit 15** is a true and correct copy of Samsung's Opposition to Apple Inc.'s Motion to Compel Further Discovery and For Sanctions (Dkt. Nos. 2395, 3127-3) with Nokia's proposed redactions highlighted in blue. Nokia's proposed redactions contain information that may be used, in conjunction with other public filings in this case, to derive confidential license terms.

22. Attached hereto as **Exhibit 16** is a true and correct copy of Apple Inc.'s Supplemental Brief in Support of Its Motion for Sanctions (Dkt. No. 2557-4) with Nokia's proposed redactions highlighted in blue. Nokia's proposed redactions contain information that may be used, in conjunction with other public filings in this case, to derive confidential license terms.

23. Attached hereto as **Exhibit 17** is a true and correct copy of Apple Inc.'s Post-Hearing Brief In Support of Sanctions Against Samsung and Quinn Emanuel (Dkt. No. 2873) with Nokia's

1  proposed redactions highlighted in blue.  Nokia's proposed redactions contain information that may
2  be used, in conjunction with other public filings in this case, to derive confidential license terms.
3       I declare under penalty of perjury under the laws of the United States that the foregoing is
4  true and correct.
5       Executed this 11th day of December, 2014 in East Palo Alto, California.

                                           */s/ Ryan W. Koppelman*
                                           Ryan W. Koppelman