QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:      (650) 801-5000
Facsimile:      (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**FILED UNDER SEAL**<br><br>**DECLARATION OF THOMAS D. PEASE IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION TO COMPEL FURTHER DISCOVERY AND FOR SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER**<br><br>**Date**:   October 1, 2013<br>**Time**:   10:00 a.m.<br>**Place**:  Courtroom 5, 4th Floor<br>**Judge**:  Hon. Paul S. Grewal |

02198.51855/5505602.1

Case No. 11-cv-01846-LHK
PEASE DECLARATION IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION TO
COMPEL FURTHER DISCOVERY AND FOR SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER

## **Declaration of Thomas D. Pease**

1.      I am a member of the bar of the State of New York, admitted to practice before the International Trade Commission, and a partner in the firm Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attorneys for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") in two actions in the Northern District of California, Case Nos. 11-cv-1846 LHK (PSG) ("the 1846 action") and 12-cv-00630-LHK ("the 630 action"). Except to the extent specifically identified below, I make this declaration of personal knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2.      As part of my representation of Samsung in litigation against Apple, I have responsibility for managing a team of lawyers working on aspects of the case related to standards setting organizations, fair, reasonable, and non-discriminatory licensing, and declared-essential patent damages.  In that role, I often serve as a conduit for the exchange of information with Samsung relating to this aspect of the Apple cases.

3.      On July 1, 2013, Nokia Corporation filed a Motion for a Protective Order in the 630 action, alleging that confidential information belonging to Nokia related to its license with Apple had been disclosed to personnel at Samsung.

4.      After receiving Nokia's Motion for a Protective Order on July 2, 2013, Quinn Emanuel sought to determine whether it had inadvertently disclosed to Samsung information concerning the license between Apple and Nokia that had been designated confidential.  Quinn Emanuel identified an expert report containing information concerning financial terms of the license between Apple and Nokia that was inadvertently shared with Samsung without being sufficiently redacted.  Nokia and Apple have asserted the financial information concerning the Apple/Nokia license agreement is confidential.

5.      The inadvertently disclosed expert report was prepared by Samsung's expert Dr. David J. Teece in March 2012 in connection with the 1846 action.  Dr. Teece's report concerned damages to be awarded for Apple's alleged infringement of Samsung's asserted declared-essential patents in that case.  In the report, Dr. Teece referenced and discussed the license agreement

PEASE DECLARATION IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION TO COMPEL FURTHER DISCOVERY AND FOR SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER

between Apple and Nokia.  Dr. Teece's report was served on March 22, 2012 and is referred to herein as the "Opening Teece Report."

6.     Information concerning the terms of the license agreement between Apple and Nokia appears in two places in the Opening Teece Report.  The text of the report contains a sentence identifying the annual running royalties that would be due under the Apple-Nokia license.  The sentence states, ████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████  An exhibit to the Report contains a summary chart setting forth some additional aspects of the terms of the license, including more complete payment information.

7.     After the Opening Teece Report was signed and exchanged with Apple, lawyers from our firm prepared a redacted copy of the report for circulation to our client consistent with our practice.  It was intended that the redacted report would not include any non-Samsung confidential information.  Two attorneys on our team independently reviewed and checked the redacted report to remove potentially confidential business information throughout the report.  As part of this process, the attorneys removed the exhibit chart described above.  However, the statement in the text regarding the royalties due under the Apple-Nokia license was inadvertently not redacted.  This version of the report was named "(Redacted) Expert Report of David J Teece Samsung v Apple.pdf."  It was stored on a shared drive location accessible to attorneys working on the 1846 action within our firm.

8.     Quinn Emanuel has identified the following instances in which the file containing the redacted report, "(Redacted) Expert Report of David J Teece Samsung v Apple.pdf," was shared with Samsung.  The report was posted on an ftp site that was made available to Samsung personnel on March 24, 2012.  The email providing instructions to access the FTP site was addressed to the regular client distribution list used by Quinn Emanuel to provide Samsung personnel updates regarding the 1846 action.  The email to Samsung identified the ftp site as containing non-confidential expert reports.  The report was stored in a folder called "Expert Reports\Redacted for Client."  I also emailed the report, believing it to be redacted fully and

PEASE DECLARATION IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION TO COMPEL FURTHER DISCOVERY AND FOR SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER

1    stating so in the email, to a group of Samsung personnel on April 5, 2012.  Further, on December

2    21, 2012, Guy Eddon, a former associate of the firm who was then working on our team, emailed

3    the report to a single individual at Samsung, again stating that the report was redacted.

4         9.       After Nokia filed its motion for protective order on July 1, 2013, Quinn Emanuel

5    contacted Nokia on July 2, 2013 to discuss that motion.  The opposition to Nokia's motion was

6    initially due on July 18, 2013.

7         10.      Although I personally have not been directly involved in the negotiations with

8    Nokia and/or Apple concerning the issue of inadvertent disclosures, it is my understanding that the

9    following information concerning those negotiations is correct.

10        11.      On July 16, 2013, my partner Robert Becher sent a letter to counsel for Nokia to

11   notify Nokia of Quinn Emanuel's inadvertent disclosure of Nokia's confidential information.   In

12   this letter, Quinn Emanuel identified the dates, authors and recipients of each of the emails it had

13   identified to which confidential financial information regarding the license between Apple and

14   Nokia was attached, as well as the contents of the attachments related to the license agreement

15   between Nokia and Apple.  Quinn Emanuel also confirmed its offer to immediately take corrective

16   actions including by deleting all copies of the emails that were in Samsung's possession and that

17   Nokia asked Samsung to not delete the emails.  A true and correct copy of Mr. Becher's July 16

18   letter is attached as Exhibit A.

19        12.      On August 1, 2013, Mr. Becher sent another letter to Nokia's counsel updating

20   them regarding the results of Quinn Emanuel's investigation and disclosing additional instances of

21   inadvertent disclosure that it had identified.  A true and correct copy of Mr. Becher's August 1

22   letter is attached as Exhibit B.

23        13.      Also on August 1, 2013, Quinn Emanuel sent a letter to Apple's counsel, Mark

24   Selwyn of WilmerHale, notifying Apple of the inadvertent disclosures.  At this time, Quinn

25   Emanuel believed that it had pinned down the key facts and was in a position to provide a

26   meaningful report.  A true and correct copy of Quinn Emanuel's letter to Apple is attached as

27   Exhibit C.  On August 1, 2013, Quinn Emanuel also sent a document preservation notice to the

28   Samsung employees who received the inadvertent disclosures.

14.     Since notifying Apple of the inadvertent disclosures, Quinn Emanuel has remained in regular contact with Apple's counsel, by email, letter, and telephone, in order to provide additional information regarding the disclosure of the financial terms, to answer questions posed by Apple's counsel, and to address the efforts it has taken and would be willing to take in the future.   By letter of August 9, 2013, Quinn Emanuel told Apple that Samsung was "certainly willing to entertain reasonable requests that are consistent with the requirements of the Protective Order," including by "prepar[ing] a log listing the authors and recipients of any emails sent within Samsung that forwarded or replied to the emails from Quinn Emanuel to Samsung that" Samsung identified in its letter.   Quinn Emanuel also offered to consider Apple's request for production of the communications identified in the August 1 letter, in a redacted form.   A true and correct copy of Quinn Emanuel's August 9 letter is attached as Exhibit D.

15.     On August 13, 2013, my partner Robert Becher conducted a telephone conference with Apple's counsel to provide an update on Quinn Emanuel's efforts.   On August 16, Quinn Emanuel again wrote to Apple, to answer questions posed by Apple concerning the inadvertent disclosures.   A true and correct copy of Quinn Emanuel's August 16 letter to Apple is attached as Exhibit E.

16.     After extensive discussions and three separate extensions to the deadline for Samsung to file its brief opposing Nokia's Motion for Protective Order, Quinn Emanuel and Nokia's counsel successfully negotiated a stipulation describing search procedures to be conducted to identify documents in the possession of Samsung employees containing information about the license between Apple and Samsung.   Nokia stated in the stipulation that it was withdrawing its Motion for Protective Order based on the commitments contained in the stipulation.

17.     On August 19, Quinn Emanuel provided copies of the emails identified in the August 1 letter to Apple.   These letters were redacted to remove the bodies of the emails, which reflect privileged attorney-client advice and work product.

18.     Quinn Emanuel provided further response to questions posed by Apple on August 30, 2013.   A true and correct copy of Quinn Emanuel's August 30, 2013 letter to Apple is attached

as Exhibit F.

19.     Apple has voluntarily permitted the terms of ten of its licenses, including all of the information regarding its license with Nokia that was inadvertently disclosed, to be viewed by some Samsung employees.  Specifically, on February 23, 2013, Apple filed a pleading in the litigation between Apple and Samsung in the Netherlands that attached a spreadsheet listing the terms of many of Apple's licenses.  Although the spreadsheet did not identify the parties to the license agreements with Apple, the spreadsheet listed ██████████████████ ████████████████████████████████████████████████ ████████████████████████████████████ It is my understanding that Apple authorized Samsung's outside counsel to view this spreadsheet and also permitted nine Samsung employees, including licensing executives, to view the spreadsheet.  It is also my understanding that the nine Samsung personnel authorized to view the spreadsheet were:  Executive Vice President Kijoong Kang, Executive Vice President Jae Wan Chi, Vice President Brian Kim, Vice President Jin Hwan "James" Kwak, Seongwoo "Clayton" Kim, Richard An, Jongsun Park, Hojin Chang, and Daniel Shim.  In addition, it is my understanding that Apple made a supplemental disclosure that included further information concerning the nature of Apple's licenses including the fact the licensees included three of the largest owners of declared essential patents.  It is my understanding that the same Samsung employees were also authorized to view this disclosure.  I have spoken with Samsung's counsel in the Netherlands regarding this disclosure and have also viewed pertinent pleadings from the Netherlands litigation.

20.     Various publications have reported on the financial terms of Apple's license with Nokia.  A true and correct copy of a June 15, 2011 article in *Business Insider* titled "Apple Paying Nokia $715 Million Upfront to Settle Patent Dispute, Estimates Analyst," available at http://www.businessinsider.com/nokia-apple-settlement-2011-6 (noting "Bernstein analyst Pierre Ferragu estimates Apple is paying Nokia €500 (~$715) million as an upfront payment this quarter to settle its patent dispute" and "will pay Nokia an additional €100 (~$143) million the rest of the year"), is attached as exhibit G.  True and correct copies of articles that subsequently reported on the *Business Insider* article, are attached as exhibits H and I. Exhibits P and Q are available at

1   http://regator.com/p/251943988/apple_paying_nokia_715_million_upfront_to_settle/           and

2   http://seekingalpha.com/article/275265-apple-patent-settlement-with-nokia-may-spur-more-

3   claims.     A true and correct copy of a June 15, 2011 article in the *Wall Street Journal* titled

4   "Nokia,                Apple                Make                Up,"                available                at

5   http://online.wsj.com/article/SB10001424052702303714704576384783542753682.html,                is

6   attached as exhibit J.  A true and correct copy of an October 3, 2011 article from *AppleInsider*

7   titled  "SEC  sought  more  details  on  Apple-Nokia  patent  settlement,"  available  at

8   http://appleinsider.com/articles/11/10/03/sec_sought_more_details_on_apple_nokia_patent_settle

9   ment, is attached as exhibit K.  I and other members of our team were aware of at least some of

10  these publications long before the public interest briefing in this Investigation.

11       21.     Documents  produced  in  the  International  Trade  Commission  Section  337

12  Investigation No. 794, initiated by Apple and naming Samsung as respondent, were subject to a

13  cross-use stipulation that effectively re-produced them in 1846 action.  Apple produced at least

14  4,355,958 pages in the 1846 action and at least 18,000,000 pages in the 794 investigation.

15

16       I declare under penalty of perjury that the foregoing is true and correct.  Executed on

17  September 6, 2013, at New York, New York.

18                          By  */s/ Thomas Pease*_____

19                              Thomas Pease

PEASE DECLARATION IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION TO
COMPEL FURTHER DISCOVERY AND FOR SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER