QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S EMERGENCY MISCELLANEOUS ADMINISTRATIVE REQUEST PURSUANT TO CIVIL L.R. 7-11 TO STAY APRIL 3, 2015 ORDER PENDING RESOLUTION OF SAMSUNG'S FED. R. CIV. P. 72 OBJECTIONS AND, IF NECESSARY, APPEAL TO THE FEDERAL CIRCUIT;**<br><br>**DECLARATION OF ROBERT J. BECHER**<br><br>**[PROPOSED] ORDER** |

Pursuant to Local Rule 7-11, Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") hereby move the Court for an order staying Magistrate Judge Grewal's April 3 Order (Dkt. 3237) pending resolution of Samsung's forthcoming objections under Fed. R. Civ. P. 72 and, if necessary, resolution of Samsung's forthcoming appeal to the United States Court of Appeals for the Federal Circuit.

## Introduction

On Friday, April 3, 2015 at 5:12 p.m., at the start of a holiday weekend, Magistrate Judge Grewal issued an Order (Dkt. 3237, the "Order") finding that Samsung had waived privilege over nearly 100 facially privileged documents and compelling their production.  Although the motions to compel which this Order addressed had been filed nearly six months ago and were argued and taken under submission nearly four months ago, the Order instructs Samsung to produce its privileged documents to Apple and Nokia within a week, by April 10, 2015.  The Order provides no explanation for such a short deadline, which does not afford sufficient time for Samsung to file objections with this Court and/or appeal to the Federal Circuit before the imposed deadline.

Accordingly, the Order should be stayed pending Samsung's forthcoming objections to this Court and proceedings before the Federal Circuit which will follow absent relief here.  A stay is needed to preserve Samsung's privileges and appellate rights.  To require Samsung to produce privileged documents before appeals are decided would deny Samsung its rightful privileges and could be argued to moot its privilege objections entirely, thus unfairly denying Samsung's appellate rights.  A stay will not cause Nokia or Apple any harm.  If Samsung prevails on appeal, a stay will prevent a disclosure which should never occur; and if Samsung does not prevail, a stay will cause at most a modest additional delay when there is no urgency, which is not a cognizable harm.  And a stay is proper because Samsung is likely to succeed on the merits.  Although the Order concludes there was a waiver, its findings do not support that conclusion and its legal analysis is erroneous, as briefly explained below and as Samsung will fully show in its forthcoming objections to this Court.

The Order should be stayed to permit Samsung to pursue its appellate rights.  Samsung has 14 days to object by Rule, but is working diligently to file objections as quickly as possible.

Despite Samsung's requests that Apple and Nokia agree to a stay so that an orderly appeal can be taken, Apple and Nokia have not provided a substantive answer to those requests.

**Argument**

"A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest." *Humane Soc. of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009); *see Coleman v. Schwarzenegger*, 2008 WL 4415324, at *5 (N.D. Cal. and E.D. Cal. Sept. 25, 2008) (applying factors to stay of magistrate judge order). These factors also apply in determining whether a stay pending appeal is warranted. *Powertech Tech. Inc. v. Tessera, Inc.*, 2013 WL 1164966, at *1 (N.D. Cal. Mar. 20, 2013). These factors are balanced on a "sliding scale," and thus the Court may order a stay if there are "serious questions" going to the merits and "the balance of hardships tips sharply in [the applicant's] favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (quotation omitted).

*First*, Samsung will be irreparably and seriously harmed absent a stay. The Order requires Samsung to disclose information that, as Samsung showed and the Magistrate Judge agreed, is facially protected by the attorney-client privilege and/or attorney work-product doctrine. The attorney-client privilege is "sacred," *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997), and disclosure of such privileged information cannot be undone later—disclosure is a bell that cannot be unrung. *See, e.g.*, *Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010) (noting the "irreparable harm a party likely will suffer if erroneously required to disclose privileged materials or communications"); *Connaught Labs., Inc. v. SmithKline Beecham P.L.C.*, 165 F.3d 1368, 1370 (Fed. Cir. 1999) ("privileges, such as attorney-client or work product . . . would be irreparably harmed if the information in question were released prior to an appeal"); *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 761 (D.C. Cir. 2014) ("post-release review of a ruling that documents are unprivileged is often inadequate to vindicate a privilege the very purpose of which is to prevent the release of those confidential documents."). Accordingly, courts regularly issue stays to permit appellate review before requiring parties to produce privileged communications. *See, e.g.*, *Arizona ex rel. Goddard v. Frito-Lay, Inc.*, 273 F.R.D.

545, 561 (D. Ariz. 2011); *Park v. Cas Enterprises, Inc.*, 2009 WL 5125670, at *3 (S.D. Cal. Dec. 18, 2009).  An erroneous, later-reversed disclosure of Samsung's privileged information to Apple's and Nokia's counsel also could subject them to disqualification, in this and other matters, leading to protracted additional proceedings relating thereto.

*Second*, the balance of the equities strongly favors Samsung.  While a stay will protect Samsung from the wrongful and irrevocable compelled disclosure of its privileged information, a stay will not cause any harm to Apple or Nokia.   If a stay is entered and Samsung succeeds in challenging the April 3 Order, then Apple and Nokia will suffer no injury—they simply will not receive information to which they are not entitled.   If a stay is entered and Samsung is unsuccessful, then Apple and Nokia will suffer only a short delay, which is "occasioned by almost all interlocutory appeals" and "does not constitute substantial harm."  *U.S. v. Philip Morris*, 314 F.3d 612, 622 (D.D.C. 2003), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 104 n.1 (2009).   In either case, there is no substantial harm to Apple or Nokia.

That is particularly true here, for there is no need for an emergency production of Samsung's privileged information.   Final judgment was entered on the merits of this case over a year ago; this entire dispute relates to a collateral investigation of an alleged protective order violation.   That investigation commenced over 18 months ago, and the parties' privilege disputes relating to the documents at issue have been ongoing for more than a year.   Apple and Nokia filed the particular motions to compel at issue now nearly six months ago, and they neither sought nor obtained any expedited treatment for these motions, which were argued and submitted nearly four months ago.   Allowing Samsung time to pursue appeals will not cause harm.

*Third*, Samsung is likely to succeed in vacating the Order.   The Order finds that Samsung (1) impliedly waived privilege, (2) waived by selective disclosures, and (3) waived by disclosures to non-legal personnel.  Order at 1-2.  Each of these findings is legally and factually erroneous.

A party can impliedly waive the privilege only through an "affirmative act," such as the affirmative assertion of a claim or an advice of counsel defense.  *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999).  The Order states that Samsung's *denials* of intentionality and use of any confidential information constituted "affirmative" acts "because neither Apple nor

1   Nokia alleged the disclosures were intentional, and proof of violation of the protective order did
2   not rely on use." Order at 11.  But the opposite is true:  Apple and Nokia expressly alleged both
3   willfulness and use in seeking sanctions, and Samsung merely denied those allegations.  *See* Dkt.
4   3126-11 at 11 (Nokia arguing Samsung's disclosures were "intentional or willful action that
5   violates a court's protective order"); Dkt. No. 2838-03 (Apple arguing that Samsung has "used
6   [the information] to its advantage in crafting litigation and licensing positions").  Moreover, the
7   Order does not find the information is vital to any ongoing dispute, which is a stringent
8   requirement that must be satisfied.  *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d
9   1322, 1326 (9th Cir. 1995).

10   While the Order states that Samsung selectively disclosed the contents of *some*
11  communications at issue, it discusses only a handful of documents (Order at 13-15)—and this
12  ruling thus does not support the disclosure order as to the bulk of the documents it orders
13  produced.  Moreover, the Order fails to find that the *privileged* contents of any documents were
14  selectively disclosed.  The examples to which the Order points were either mere denials, such as a
15  statement that a document "does *not* discuss Dr. Teece's report," or were disclosures of non-
16  privileged information, such as a statement that a document related to "another case unrelated to
17  Apple licensing information."  Order at 14.  Neither type of statement constitutes a selective
18  disclosure of privileged information.  *E.g.*, *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127,
19  129-30 (9th Cir. 1992) (general subject matter of legal work is not privileged); *Holland v. Island*
20  *Creek Corp.*, 885 F. Supp. 4, 7 (D.D.C. 1995) (party can "disclose the nonprivileged portions of a
21  document . . . without waiving the privilege for the entire document."); *Laser Indus., Ltd. v.*
22  *Reliant Techs., Inc.*, 167 F.R.D. 417, 446 (N.D. Cal. 1996) ("denials of knowledge … did not
23  purport to disclose the contents of a specific communication").  Even if there were selective
24  disclosures (which there were not), the Order also does not and cannot find that "fairness" requires
25  the production of additional information, as required for a broader waiver.  Fed. R. Evid. 502(a).
26   The Order also states that Samsung waived by disclosure to Samsung employees for non-
27  legal purposes (Order at 15-16), but cites only two documents that fall into this category, and so
28  this again cannot support the Order as to the almost 100 remaining documents.  As to these two

1  documents, the Order is clearly wrong.   The Order cites Tab 215 as showing "pervasive
2  distribution . . . to Samsung employees who were not authorized to have access to it" (Order at
3  15), but, as Samsung's privilege log shows, Tab 215 has a total of *two* participants—one Samsung
4  in-house attorney and one Samsung employee who, Samsung proved, was responsible for
5  Samsung's litigations against Apple.   *See* Dkt. 2807 *et seq.*   The Order states that the second
6  document, Tab 6, was sent to "33 recipients" who had "no apparent connection to this litigation,"
7  but Samsung's privilege log shows that 27 of these 33 recipients were *outside litigation counsel*,
8  and the remaining recipients were Samsung employees responsible for litigations against Apple.
9  Dkt. 3220-1 at 9.   Even under the "primary purpose" test which the Magistrate Judge applied, the
10 Order provides no factual basis for rejecting Samsung's claims of privilege, as to these two
11 documents or the balance of them.   *E.g.*, *Barton v. Zimmer Inc.*, 2008 WL 80647, at *9 (N.D. Ind.
12 Jan. 7, 2008) (upholding privilege where advice from counsel "was forwarded to [corporate]
13 employees who needed access to the information"); *see also United States v. ChevronTexaco*
14 *Corp.*, 241 F. Supp. 2d 1065, 1073 (N.D. Cal. 2002) ("Communications between a client and its
15 outside counsel are presumed to be made for the purpose of obtaining legal advice.").

16      The Order is thus subject to reversal by this Court, both under the *de novo* standard of
17 review that applies, *see* Samsung's Motion for Relief from Nondispositive Pretrial Order of
18 Magistrate Judge (Dkt. 2483) at 2, and under any less stringent alternative standard of review.

19      *Finally*, the public interest favors a stay.   The attorney-client privilege advances "broader
20 public interests in the observance of law and administration of justice."   *Upjohn Co. v. United*
21 *States*, 449 U.S. 383, 389 (1981); *see also In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800,
22 804 (Fed. Cir. 2000) ("the maintenance of the attorney-client privilege up to its proper limits has
23 substantial importance to the administration of justice").   It is in the public interest to ensure that
24 courts do not erroneously require the disclosure of privileged information, and that appellate
25 review be conducted before such disclosures occur.

26                                      **Conclusion**

27      For these reasons, the Court should stay the April 3 Order pending resolution of Samsung's
28 objections under Fed. R. Civ. P. 72 and, if necessary, proceedings before the Federal Circuit.

| | | |
|---|---|---|
| 1 | DATED: April 5, 2015 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By /s/ *Victoria F. Maroulis*

Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC