RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303-2282
Telephone:    650-838-2000
Facsimile:    650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (*pro hac vice*)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:    404-881-7000
Facsimile:    404-881-7777

Attorneys for NOKIA CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Defendants. | Case No.: 5:11-CV-01846-LHK (PSG)<br><br>**NOKIA'S OPPOSITION TO SAMSUNG'S MOTION FOR STAY (DOCKET NO. 3238)** |

The April 3 Order Re: Motions to Compel is well-founded. The Court should decline Samsung's invitation to find that the Order is likely to be reversed on appeal, and it should deny Samsung's Motion for Stay. Despite Samsung repeatedly accusing Nokia of prolonging these proceedings and claiming that Samsung favors swift resolution (*see e.g.*, Dkt. Nos. 3165-3 at 1-2; 3215-3 at 1), Samsung now seeks to delay resolution of the proceedings for an indefinite period of time. Samsung has already succeeded in delaying production of the documents at issue for the length of the dispute. It is simply disingenuous for Samsung to claim that further litigation is the most efficient or most direct path for resolution of this dispute. The most direct path for resolution is for Nokia to have access to the underlying evidence that the Court has ruled Nokia is entitled to see so that this unfortunate dispute can be finally brought to a close. Samsung has not succeeded in showing a stay is appropriate, and its motion should be denied.

First, Samsung has not demonstrated why it will be irreparably harmed absent a stay. As to a subset of the documents at issue, Samsung previously offered to produce these documents to Nokia and Apple under certain conditions. (Dkt. No. 2833). Samsung now argues that disclosure of these documents is "a bell that cannot be unrung," even though Samsung was willing to produce them under other conditions. As to the other documents, Samsung provides only general citations to law without specifying how it will be harmed. While Samsung argues that a later-reversed disclosure of its protected information could lead to disqualification of opposing counsel, it provides no authority or explanation as to why such an extreme remedy would be needed here. Samsung created the present dispute by repeatedly violating the protective order and then by "placing the contents of the documents at issue, distributing them and disclosing what they say and do not say in the sanctions proceeding." (Dkt. No. 3237 at 1). Nokia has been harmed by the protective order violations and prejudiced by having to wait over 18 months to see the relevant documents. That harm continues today as the documents continue to be improperly withheld without a final resolution in sight. The balance of equities accordingly favors denying the stay under the specific facts of this case.

Second, Samsung has not shown that it is likely to succeed on the merits, and indeed it has not even filed objections to the Order. The April 3 Order provides a detailed explanation as to why and how Samsung waived privilege under three independent grounds. (Dkt. No. 3237 at 9-16). Only one

NOKIA'S OPPOSITION TO SAMSUNG'S MOTION FOR STAY     1     CASE NO.: 5:11-CV-01846-LHK (PSG)

of the three grounds needs to be affirmed for Nokia to be entitled to see the documents. On one of the Court's waiver findings, Samsung's Motion for Stay merely reiterates the factual argument that its conduct in the sanctions proceedings amounted to mere denials, not affirmative acts. (Dkt. No. 3238 at 3-4). This argument is explicitly discussed and rejected by the April 3 Order. (Dkt. No. 3237 at 11-12, 14-15). Samsung cannot show a likelihood of success on the merits by merely reiterating its previously denied arguments. *See generally, Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110 (2009) ("[m]ost district court rulings on [privilege] involve routine application of settled legal principles" that are "unlikely to be reversed on appeal, particularly when they rest on factual determinations."). Therefore, the Court should decline Samsung's invitation to find that the Order is likely to be reversed on appeal.

Finally, the public interest does not favor a stay here. As has been recognized, delaying appropriate resolution of protective order violations "may undermine the authority of the Court and litigants' confidence in our judicial system." *Apple Inc. v. Samsung Electronics Co., Ltd.*, Case No. 5:12-cv-01846-LHK (PSG), 2013 WL 5693759 at *7 (N.D. Cal. Oct. 15, 2013) (citing *Valdez v. City & Cnty. Of Denver*, 878 F.2d 1285, 1289 (10th Cir. 1989)). Further, the public and parties have a strong interest in not having unresolved protective order violations pending after trial. *Id.* The only public policy argument raised by Samsung has been expressly rejected by the Supreme Court. *See Mohawk*, 558 U.S. at 109 (finding that allowing production of documents prior to appeal of an adverse privilege finding "does not meaningfully reduce the *ex ante* incentives for full and frank consultations between clients and counsel"). Thus, the public interest favors prompt production of the documents to Nokia so that any further issues arising from them may be resolved as quickly as possible.

For at least these reasons, the Court should deny Samsung's Motion for Stay.

This 7th day of April, 2015.

Respectfully submitted,

*/s/Ryan W Koppelman*
RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303-2282
Telephone: 650-838-2000
Facsimile: 650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (*pro hac vice*)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777

Attorneys for NOKIA CORPORATION