1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>                     Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>                     Defendants. | Case No.:  5:11-cv-01846-LHK-PSG<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>**(Re:  Docket No. 3238)** |

Defendants Samsung Electronics Co. Ltd. et al. move to stay the undersigned's April 3

Order.[1]  Samsung seeks a stay so that it may pursue objections with the presiding judge under Fed.

R. Civ. P. 72 and, if necessary, an appeal to the United States Court of Appeals for the Federal

Circuit.

The standards for a stay are well-known.  "A party seeking a stay must establish that he is

likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief,

---

[1] *See* Docket Nos. 3237, 3238.

Case No.:  5:11-cv-01846-LHK-PSG
ORDER GRANTING MOTION TO STAY

**United States District Court**
For the Northern District of California

that the balance of equities tip in his favor, and that a stay is in the public interest."[2]  These factors

are balanced on a "sliding scale," allowing the court to order a stay if there are "serious questions"

going to the merits and "the balance of hardships tips sharply in [the applicant's] favor."[3]

While the undersigned is confident in the merits of the April 3 Order, that is of course for

the presiding judge and ultimately the Federal Circuit to decide.  More significant is the potential

for irreparable harm in the absence of relief and the remaining factors.

**First**, Samsung is right that it deserves a meaningful chance to seek relief, and a seven-day

deadline for compliance would deny Samsung that right.[4]

**Second**, while a stay will protect Samsung from the wrongful and irrevocable compelled

disclosure of its privileged information, a stay will not cause any significant harm to Apple or

Nokia, especially at this stage of the case.  If a stay is entered and Samsung succeeds in challenging

the April 3 Order, then Apple and Nokia will suffer no injury—they simply will not receive

information to which they are not entitled.  If a stay is entered and Samsung is unsuccessful, then

Apple and Nokia will suffer only a short delay, which is "occasioned by almost all interlocutory

appeals" and "does not constitute substantial harm."[5]

---

[2] *Humane Soc. of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009); *see Coleman v. Schwarzenegger*, Case Nos. 90-cv-0520-LKK and 01-cv-1351-TEH, 2008 WL 4415324, at *5 (N.D. Cal. and E.D. Cal. Sept. 25, 2008) (applying factors to stay of magistrate judge order). These factors also apply in determining whether a stay pending objections or appeal is warranted. *See, e.g. Powertech Tech. Inc. v. Tessera, Inc.*, Case No. 11-cv-6121, 2013 WL 1164966, at *1 (N.D. Cal. Mar. 20, 2013).

[3] *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (quotation omitted).

[4] *See, e.g.*, *Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010) (noting the "irreparable harm a party likely will suffer if erroneously required to disclose privileged materials or communications"); *Connaught Labs., Inc. v. SmithKline Beecham P.L.C.*, 165 F.3d 1368, 1370 (Fed. Cir. 1999) ("privileges, such as attorney-client or work product . . . would be irreparably harmed if the information in question were released prior to an appeal").

[5] *U.S. v. Philip Morris*, 314 F.3d 612, 622 (D.D.C. 2003), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 104 n.1 (2009).

2

Case No.:  5:11-cv-01846-LHK-PSG
ORDER GRANTING MOTION TO STAY

***Third***, the public interest favors a stay. The attorney-client privilege advances "broader public interests in the observance of law and administration of justice."[6]

On balance then, a stay is warranted. This might explain why Apple, in contrast to Nokia, does not oppose Samsung's motion. More than Nokia could know, the court shares its interest in bringing this dispute to a close. But the appropriate, even if counterintuitive, next step is to not to plough ahead, but to pause. Samsung's motion is GRANTED.

**SO ORDERED.**

Dated: April 7, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[6] *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *see also In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 804 (Fed. Cir. 2000) ("the maintenance of the attorney-client privilege up to its proper limits has substantial importance to the administration of justice").

Case No.:  5:11-cv-01846-LHK-PSG
ORDER GRANTING MOTION TO STAY