QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S ADMINISTRATIVE MOTION TO EXCEED PAGE LIMIT FOR SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE (DKT. 3237);**<br><br>**DECLARATION OF ROBERT BECHER;**<br><br>**[PROPOSED] ORDER** |

1    In accordance with Northern District of California Civil L. R. 7-11, Samsung Electronics
2 Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC
3 (collectively "Samsung")[1] respectfully move the Court for leave to increase the page limit for
4 their accompanying Motion for Relief From Non-Dispositive Order of Magistrate Judge from 5 to
5 18 pages.  Samsung's proposed filing is attached hereto.

6    Nokia has informed Samsung that it does not oppose this motion for leave, and Apple has
7 informed Samsung that it takes no position on Samsung's request.  Becher Decl. ¶ 3.  This
8 motion is therefore ripe for disposition without further briefing or hearing.

9    Magistrate Judge Grewal's April 3, 2015 Order ("Order," Dkt. 3237) directs Samsung to
10 produce approximately 100 facially-privileged, litigation-related communications on the grounds
11 that Samsung waived privilege by selective disclosures, under the doctrine of implied waiver, and
12 on other grounds.  As set forth in Samsung's Motion for Relief, each of these rulings is erroneous,
13 and the Order should be reversed.  Furthermore, as set forth in Samsung's Motion for Relief,
14 there are additional, independent grounds for reversing the Order.  But more than 5 pages are
15 required to fully demonstrate the Order's errors, for several reasons.

16    First, the Order sets forth numerous erroneous factual assertions in finding broad waivers
17 of privilege, and it is not possible to fully respond to those assertions in only 5 pages.  Because
18 privilege waiver analysis is fact intensive, such an "evaluation demands a fastidious sifting of the
19 facts and a careful weighing of the circumstances."  *In re Keeper of Records (Grand Jury*
20 *Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 23 (1st Cir. 2003).  It is not possible to fairly
21 engage in the required fact-intensive inquiry involved here in only 5 pages.

22    Second, there are several independent reason why the Order should be reversed, and they
23 cannot be fully addressed in only 5 pages.  The Order rules that Samsung waived privilege on
24 three separate grounds:  (1) by selectively disclosing privileged information in these proceedings,

---

[1] Effective January 1, 2015, Samsung Telecommunications America, LLC merged with and into Samsung Electronics America, Inc. and no longer exists as a separate corporate entity.  Dkt. 2124 (Case No. 12-cv-00630).

1  (2) impliedly, by placing privileged communications at issue, and (3) by transmitting

2  communications to Samsung personnel for business purposes.  Each of these waiver doctrines has

3  distinct legal elements—some of which are ignored by the Order—and requires separate

4  discussion.  There also are independent, additional errors, including for example the Order's

5  compelling the production of documents protected by the work product doctrine and the mediation

6  privilege, that require discussion.  Moreover, the Order addresses two separate motions—one

7  brought by Apple and one by Nokia—requiring separate discussions as to some arguments.

8      Third, the rights at issue are of the utmost importance.  The attorney-client privilege is

9  "sacred," *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997), as is the work product

10  protection that applies to the documents at issue.  Review of the ruling piercing these important

11  privileges, by both this Court and the Court of Appeals, is *de novo*.  *Wi-LAN, Inc. v. Kilpatrick*

12  *Townsend & Stockton LLP*, 684 F.3d 1364, 1368 (Fed. Cir. 2012) ("The Ninth Circuit reviews

13  trial court rulings as to the scope of attorney-client privilege *de novo*."); *Aronson v. McKesson*

14  *HBOC, Inc.*, 2005 WL 934331, at *3 (N.D. Cal. Mar. 31, 2005) (same as to magistrate judge's

15  privilege waiver ruling).  Given the importance of the attorney-client privilege and the scope of

16  appellate review, the Court should consider the Order with the benefit of complete briefing.

17      Accordingly, Samsung respectfully requests that the Court allow it to file the

18  accompanying Motion for Relief, which is 18 pages long.

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| DATED: April 13, 2015 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By   /s/ Victoria F. Maroulis
     Charles K. Verhoeven
     Kathleen M. Sullivan
     Kevin P.B. Johnson
     Victoria F. Maroulis
     Michael T. Zeller
     Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC