# EXHIBIT 1
# Samsung's Motion For Relief From Nondispositive Order Of Magistrate Judge (Dkt. 3237)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| APPLE INC., a California corporation,<br><br>                  Plaintiff,<br><br>          vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                  Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE (DKT. 3237);**<br><br>**DECLARATION OF ROBERT J. BECHER;**<br><br>**[PROPOSED] ORDER** |

# TABLE OF CONTENTS

**Page**

ARGUMENT ........................................................................................................................ 1

I.      THE ORDER'S IMPOSITION OF A BROAD WAIVER BASED ON
        PURPORTED SELECTIVE DISCLOSURES IS NOT WARRANTED ........................... 1

        A.      Samsung Did Not Selectively Disclose Contents Of Privileged
                Communications................................................................................................... 2

        B.      There Is No Basis For Imposing A Waiver As To Undisclosed Information ........... 3

II.     THE ORDER'S FINDING OF IMPLIED WAIVER IS ERRONEOUS............................. 6

        A.      There Is No Vital Need To Pierce Samsung's Privileges ......................................... 6

        B.      Samsung Did Not Put Its Privileged Communications At Issue .............................. 7

                1.      Samsung Did Not Put Privileged Communications At Issue By
                        Defending Against Apple's And Nokia's Allegations.................................. 8

                2.      Samsung Did Not Put Privileged Communications At Issue By
                        Relying On Privileged Evidence .................................................................. 9

III.    THE ORDER ERRONEOUSLY FAILS TO AFFORD AN OPPORTUNITY TO
        AVOID WAIVER ............................................................................................................ 10

IV.     DISCLOSURES TO SAMSUNG'S OWN ATTORNEYS AND EMPLOYEES
        DID NOT WAIVE PRIVILEGE....................................................................................... 11

V.      THE ORDER FAILS TO ENGAGE IN THE REQUIRED DOCUMENT-BY-
        DOCUMENT ANALYSIS, AND IS THEREFORE VASTLY OVERBROAD ............... 14

VI.     WORK PRODUCT PROTECTIONS AND THE MEDIATION PRIVILEGE
        ALSO INDEPENDENTLY BAR PRODUCTION OF THE COMPELLED
        DOCUMENTS ................................................................................................................. 15

        A.      The Order Fails To Address Protections Of The Work Product Doctrine .............. 15

        B.      The Mediation Privilege Independently Precludes Production .............................. 16

VII.    SAMSUNG SHOULD NOT BE REQUIRED TO PRODUCE THIRD-PARTY
        LICENSING INFORMATION.......................................................................................... 16

VIII.   APPLE AND NOKIA WAIVED THEIR PRIVILEGE CHALLENGES ......................... 17

CONCLUSION .................................................................................................................. 18

# TABLE OF AUTHORITIES

**Page**

### Cases

*AMCO Ins. Co. v. Madera Quality Nut LLC*,
  2006 WL 931437 (E.D. Cal. Apr. 11, 2006) ............................................................................2

*Adams v. United States*,
  2009 WL 1117392 (D. Idaho Apr. 23, 2009) ..........................................................................5

*Aronson v. McKesson HBOC, Inc.*,
  2005 WL 934331 (N.D. Cal. Mar. 31, 2005) ..........................................................................1

*Bittaker v. Woodford*,
  331 F.3d 715 (9th Cir. 2003) ...........................................................................................10, 14

*Brittain v. Sheriff of Riverside County*,
  2011 WL 6149287 (C.D. Cal. Dec. 9, 2011) .........................................................................18

*In re Broadcom Corp. Sec. Litig.*,
  2005 WL 1403513 (C.D. Cal. Apr. 7, 2005) ..........................................................................14

*Chevron Corp. v. Pennzoil Co.*,
  972 F.2d 1156 (9th Cir. 1992) ..............................................................................................10

*In re Circle K Corp.*,
  1997 WL 31197 (S.D.N.Y. Jan. 28, 1997) ..............................................................................7

*Clarke v. Am. Commerce Nat'l Bank*,
  974 F.2d 127 (9th Cir. 1992) ..................................................................................................2

*de novo. Wi-LAN, Inc. v. Kilpatrick Townsend & Stockton LLP*,
  684 F.3d 1364 (Fed. Cir. 2012) .....................................................................................1, 4, 5

*Denman v. Youngstown State Univ.*,
  2007 WL 2781351 (N.D. Ohio Sept. 21, 2007) ......................................................................2

*Dibel v. Jenny Craig, Inc.*,
  2007 WL 2220987 (S.D. Cal. Aug. 1, 2007) .........................................................................16

*Earthquake Sound Corp. v. Bumper Indus.*,
  352 F.3d 1210 (9th Cir. 2003) ..............................................................................................18

*In re EchoStar Communications Corp.*,
  448 F.3d 1294 (Fed. Cir. 2006) ............................................................................................15

*Flintco, Inc. v. United States*,
  2012 WL 3276158 (Fed. Cl. Aug. 10, 2012) ...........................................................................8

*Folb v. Motion Picture Indus. Pension & Health Plans*,
  16 F. Supp. 2d 1164 (C.D. Cal. 1998) *aff'd sub nom.*, 216 F.3d 1082 (9th Cir. 2000) ..............16

*Games2U, Inc. v. Game Truck Licensing, LLC*,
  2013 WL 4046655 (D. Ariz. Aug. 9, 2013) ........................................................................12

*Genentech, Inc. v. Insmed Inc.*,
  236 F.R.D. 466 (N.D. Cal. 2006) .........................................................................................7

*In re Grand Jury Investigation*,
  974 F.2d 1068 (9th Cir. 1992) ...........................................................................................12

*In re Grand Jury Proceedings*,
  219 F.3d 175 (2d Cir. 2000) ................................................................................................7

*In re Grand Jury Proceedings*,
  220 F.3d 568 (7th Cir. 2000) .............................................................................................14

*Guidiville Rancheria of California v. United States*,
  2013 WL 6571945 (N.D. Cal. Dec. 13, 2013) ...................................................................12

*Hawkins v. Stables*,
  148 F.3d 379 (4th Cir. 1998) (*see* Order at 15 n.68) ..........................................................3

*Holland v. Island Creek Corp.*,
  885 F. Supp. 4 (D.D.C. 1995) ..............................................................................................2

*Home Indem. Co. v. Lane Powell Moss & Miller*,
  43 F.3d 1322 (9th Cir. 1995) ...............................................................................................6

*Inc. v. Lawson Software, Inc.*,
  280 F.R.D. 247 (E.D. Va. 2012) ........................................................................................16

*Int'l Ins. Co. v. Certain Underwriters at Lloyd's London*,
  1990 WL 205461 (N.D. Ill. Nov. 27, 1990) ........................................................................7

*In re Kellogg Brown & Root, Inc.*,
  756 F.3d 754 (D.C. Cir. 2014) ...........................................................................................13

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*,
  383 F.3d 1337 (Fed. Cir. 2004) ...........................................................................................3

*Laser Indus., Ltd. v. Reliant Techs., Inc.*,
  167 F.R.D. 417 (N.D. Cal. 1996) .........................................................................................3

*In re Lithium Ion Batteries Antitrust Litig.*,
  2015 WL 1223972 (N.D. Cal. Mar. 17, 2015) .....................................................................2

*Magnesystems, Inc. v. Nikken, Inc.*,
  933 F. Supp. 944 (C.D. Cal. 1996) ....................................................................................18

*In re Martin Marietta Corp.*,
  856 F.2d 619 (4th Cir.  1988) .............................................................................................15

*Microsoft Corp. v. Suncrest Enter.*,
  2006 WL 929257 (N.D. Cal. Jan. 6, 2006) ...................................................................16, 17

SAMSUNG'S MOTION FOR RELIEF FROM ORDER OF MAGISTRATE JUDGE

*New Jersey v. Sprint Corp.*,
   258 F.R.D. 421 (D. Kan. 2009) .................................................................................................2

*New York Hotel & Motel Trades Council v. Hotel Ass'n of New York City, Inc.*,
   1989 WL 946532 (S.D.N.Y. Oct. 17, 1989) .............................................................................5

*Oracle Am., Inc. v. Innovative Tech. Dist., Inc.*,
   2011 WL 2559825 (N.D. Cal. 2011)........................................................................................10

*Oracle Am., Inc. v. Innovative Tech. Dist., LLC*,
   2011 WL 2559825 (N.D. Cal. June 28, 2011) ........................................................................10

*Phillips v. C.R. Bard*,
   290 F.R.D. 615 (D. Nev. 2013)................................................................................................12

*Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co.*,
   32 F.3d 851 (3rd Cir. 1994).......................................................................................................7

*In re Sealed Case*,
   676 F.2d 793 (D.C. Cir. 1982) ................................................................................................15

*Shinnecock Indian Nation v. Kempthorne*,
   652 F. Supp. 2d 345 (E.D.N.Y. 2009)......................................................................................16

*Simpson v. Lear Astronics Corp.*,
   77 F.3d 1170 (9th Cir. 1996)...................................................................................................18

*Tennebaum v. Deloitte & Touche*,
   77 F.3d 337 (9th Cir. 1996).....................................................................................................10

*Theranos, Inc. v. Fuisz Technologies, Ltd.*,
   2013 WL 2153276 (N.D. Cal. May 16, 2013) ..........................................................................4

*Transamerica Computer Co. v. IBM Corp.*,
   573 F.2d 646 (9th Cir. 1978).....................................................................................................5

*Trejo v. Macy's, Inc.*,
   2014 WL 1091000 (N.D. Cal. Mar. 17, 2014) ........................................................................12

*U.S. ex rel. Purcell v. MWI Corp.*,
   238 F.R.D. 321 (D.D.C. 2006).................................................................................................16

*United States ex rel. Bagley v. TRW, Inc.*,
   212 F.R.D. 554 (C.D. Cal. 2003) ............................................................................................15

*United States v. Amlani*,
   169 F.3d 1189 (9th Cir. 1999)...............................................................................................6, 7

*United States v. Bauer*,
   132 F.3d 504 (9th Cir. 1997)—..................................................................................................6

*United States v. Chevron Corp.*,
   1996 WL 264769 (N.D. Cal. Mar. 13, 1996) ..........................................................................14

*United States v. Chevron Corp.*,
    1996 WL 444597 (N.D. Cal. May 30, 1996) ...........................................................................12

*United States v. ChevronTexaco Corp.*,
    241 F. Supp. 2d 1065 (N.D. Cal. 2002) ...................................................................................11

*Williams v. Sprint/United Mgmt. Co.*,
    464 F. Supp. 2d 1100 (D. Kan. 2006) .......................................................................................8

## **Statutes**

28 U.S.C. § 636(b)(1)(A) ...............................................................................................................1

Fed R. Evid. 502(a) ....................................................................................................................4, 5

## **Miscellaneous**

14 *Moore's Federal Practice* § 72.11[1][a] (3d ed. 2014 Supp.)...................................................18

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that, pursuant to Local Rules 7-11 and 72-2, Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC[1] hereby move the Court for an order reversing, vacating, or modifying Magistrate Judge Grewal's April 3, 2015 Order (Dkt. 3237) ("Order").

The Magistrate Judge has ordered Samsung to produce nearly 100 facially-privileged, litigation-related communications on the grounds that Samsung waived its privileges. Specifically, the Order rules that Samsung waived privilege (1) by selectively disclosing privileged information in these proceedings, (2) impliedly, by placing privileged communications at issue, and (3) by transmitting communications to Samsung personnel for business purposes. Order at 1-2.  Each of these rulings is erroneous, and the Order should be reversed.  In addition, the Order should be reversed for each of the following independent reasons:  the compelled documents are protected by the work product doctrine and the mediation privilege, and Apple and Nokia waived any rights to compel production of the documents at issue.

**Argument**

Review of privilege rulings is *de novo*.  *Wi-LAN, Inc. v. Kilpatrick Townsend & Stockton LLP*, 684 F.3d 1364, 1368 (Fed. Cir. 2012) (reversing privilege waiver ruling and noting "[t]he Ninth Circuit reviews trial court rulings as to the scope of attorney-client privilege *de novo*."); *Aronson v. McKesson HBOC, Inc.*, 2005 WL 934331, at *3 (N.D. Cal. Mar. 31, 2005) (same as to magistrate judge's privilege waiver ruling).

**I.      THE ORDER'S IMPOSITION OF A BROAD WAIVER BASED ON PURPORTED SELECTIVE DISCLOSURES IS NOT WARRANTED**

The Order's finding that Samsung waived the privilege by selectively "disclosing

---

[1]   Effective January 1, 2015, Samsung Telecommunications America, LLC merged with and into Samsung Electronics America, Inc. and no longer exists as a separate corporate entity.  Dkt. 2124 (Case No. 12-cv-00630).

1   information contained in withheld or redacted documents" (Order at 14) is legally and factually

2   incorrect.   Samsung disclosed only non-privileged factual information relating to its

3   communications, not any privileged contents.  Judge Grewal also compelled Samsung to disclose

4   such information, and compliance with this instruction did not and could not effect a waiver.

5   Moreover, the Order fails to make required findings before subject matter waiver may be found,

6   including whether Samsung "intentionally" waived privilege and whether "fairness" requires a

7   broad waiver.  These elements are not met, which independently requires reversal..

8       **A.      <u>Samsung Did Not Selectively Disclose Contents Of Privileged Communications</u>**

9           Contrary to the Order's findings, Samsung did not disclose the substance of any privileged

10  communications during these proceedings.   Instead, Samsung disclosed non-privileged factual

11  information.  Disclosing such information did not waive privilege.  *Holland v. Island Creek Corp.*,

12  885 F. Supp. 4, 7 (D.D.C. 1995) (disclosing "nonprivileged portions of a document" does not

13  waive "for the entire document"); *In re Lithium Ion Batteries Antitrust Litig.*, 2015 WL 1223972,

14  at *3 (N.D. Cal. Mar. 17, 2015) (similar); *see also AMCO Ins. Co. v. Madera Quality Nut LLC*,

15  2006 WL 931437, at *10 (E.D. Cal. Apr. 11, 2006) ("a waiver by disclosure does not result unless

16  a significant part of the communication has been disclosed").

17          The Order is in error in its determinations that statements describing the general subject

18  matter of communications disclosed privileged information.  Order at 14.  The Order states that a

19  declarant's explanation that his request for the Teece report "had to do with another case unrelated

20  to Apple licensing information" waived privilege by disclosing "details" of the communication.

21  Order at 14 (citing Dkt. 2556-16 at ¶ 8).  But this discloses at most the general subject matter of

22  the communication, which is not privileged.  *E.g., Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d

23  127, 129-30 (9th Cir. 1992) (general subject matter of legal work not privileged); *New Jersey v.

24  Sprint Corp.*, 258 F.R.D. 421, 428 (D. Kan. 2009) ("[A] statement that advice was received

25  regarding a certain issue does not reveal the substance of a protected communication."); *Denman

26  v. Youngstown State Univ.*, 2007 WL 2781351, at *3 (N.D. Ohio Sept. 21, 2007) ("Simply

27  identifying counsel and the general subject matter of the legal services is not protected by the

28  attorney-client privilege, and does not waive attorney-client privilege.").

-2-                      Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION FOR RELIEF FROM ORDER OF MAGISTRATE JUDGE   SAMSU

1    The Order also rules that Samsung's *denials*—such as statements that a document "does
2    not discuss Dr. Teece's report" or "does not contain confidential license information"—disclosed
3    privileged information.  Order at 14-15.  But "denials" such as these "did not purport to disclose
4    the contents of a specific communication" and thus did not waive privilege either.  *Laser Indus.,*
5    *Ltd. v. Reliant Techs., Inc.*, 167 F.R.D. 417, 446 (N.D. Cal. 1996); *see also Knorr-Bremse Systeme*
6    *Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1345 (Fed. Cir. 2004) (party that denies
7    willfulness does not thereby waive the privilege unless it chooses to do so by relying on advice of
8    counsel for its defense).  The Order does not cite any applicable authority to the contrary.[2]

9    In none of the excerpts which the Order cites did Samsung disclose the *privileged*
10   *substance* of attorney-client communications.  The Order states (Order at 14 & n.64) that Samsung
11   selectively disclosed "details about Tabs 19, 20 and 272 when explaining that a request for the
12   Teece report had to do with another case," but, as above, the cited excerpts disclose at most the
13   general subject matter of communications and include denials of use, neither of which reveals the
14   substance of any privileged communication.  Similarly, the Order states (*id.* at 14 & n.65) that
15   Samsung disclosed privileged communications related to remediation efforts, but the quoted
16   statements on their face convey only *facts* about remediation, not the substance of privileged
17   communications.  Such disclosures of non-privileged information did not effect a waiver.  This
18   alone requires reversal of the Order's selective waiver ruling.

19       **B.       There Is No Basis For Imposing A Waiver As To Undisclosed Information**

20   The Order should be reversed for further, independent reasons.  Even if some snippet of
21   the substance of a privileged communication was included in Samsung's submissions—and none
22   was—there is no basis for imposing the broad waiver set forth in the Order.  A selective disclosure
23   of a privileged communication leads to a court-imposed waiver as to undisclosed information only

---

25   [2]  *Hawkins v. Stables*, 148 F.3d 379 (4th Cir. 1998) (*see* Order at 15 n.68), merely holds there
     is no privilege where the client denies having discussed a subject with an attorney *at all*.  *Id.* at
26   384 (no privilege where defendant testified that "she never had a discussion of the matter with her
     attorney").  It does not follow that statements, such as here, with attorneys that privileged
27   communications did not pertain to a given subject matter somehow disclose the contents of the
     communications.

28

in specified circumstances:  a "waiver extends to an undisclosed communication or information …

only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or

information concern the same subject matter; and (3) they ought in fairness to be considered

together."  *Fed. R. Evid.* 502(a).  The Order fails to make any findings on these mandatory

requirements.  *See Wi-LAN*, 684 F.3d at 1369 (magistrate judge erred in failing to make required

fairness inquiry); *Theranos, Inc. v. Fuisz Technologies, Ltd.*, 2013 WL 2153276, at *3 (N.D. Cal.

May 16, 2013) ("Rule 502 makes that fairness inquiry separate and explicit").

Nor could these necessary elements be satisfied here.  In 2013, after Apple and Nokia

accused Samsung of protective order violations, Samsung produced documents and privilege logs

identifying documents it had withheld on privilege grounds.  Becher Decl., Exs. A, B.  Judge

Grewal ordered Samsung to submit the withheld documents for *in camera* review.  Dkt. 2589.

Judge Grewal then ordered Samsung to defend its claims of privilege as to 11 specific withheld

documents, stating "the court thus far is unpersuaded that the generic statements in the log meet

the burden required" to establish privilege for those documents.  Dkt. 2689 at 4 n.16.  In response,

Samsung filed 16 declarations substantiating its privilege assertions.  Dkt. 2757.  Samsung

originally filed these declarations *in camera*, but Judge Grewal **ordered** Samsung to file them and

serve them on Apple and Nokia, stating he had "reviewed Samsung's brief and declarations" and

"***very little in the submission merits redaction***."  Dkt. 2790 at 2 (emphasis added).  Judge Grewal

also stated that excessive redactions for privilege would result in a further Order by him "requiring

the filing of completely unredacted copies quickly thereafter." *Id.* at 2-3.  As ordered, Samsung

re-filed its declarations with narrow redactions to protect the substance of privileged

communications.  Dkt. 2807 *et seq.*

Even if the substance of any privileged communications was disclosed as a result (which

did not occur), that was not and cannot be a basis for waiver.  Samsung attempted to *protect* its

privileges throughout these proceedings and submitted the declarations (including in their redacted

form) in an effort to *substantiate* its privilege assertions as *ordered* by the Court.  Because the

Court *compelled* Samsung to file the declarations and then *compelled* Samsung to produce them in

narrowly redacted form, that cannot support the determination of waiver as a matter of law.  *See*,

*e.g.*, *Transamerica Computer Co. v. IBM Corp.*, 573 F.2d 646, 651 (9th Cir. 1978) (stating the "general acceptance of the principle that waiver cannot result from compelled production"). Furthermore, because Samsung did not intend to waive its privileges—and the Order does not and cannot find otherwise—a waiver as to undisclosed information cannot be imposed. *Fed. R. Evid.* 502(a); *see* Ad. Comm. Notes to Fed. R. Evid. 502(a) ("an inadvertent disclosure of protected information can never result in a subject matter waiver.").

Nor does "fairness" support the Order's imposition of a broad waiver.  Judge Grewal ordered Samsung to substantiate its privilege assertions with evidence, and then ordered Samsung to serve that evidence on Apple and Nokia with narrow redactions, warning that excessive redactions would themselves result in an Order forfeiting privilege.  Dkts. 2689, 2790.  The Order at issue here relies on Samsung's compliance with Judge Grewal's earlier Order—which threatened waiver if redactions were too expansive—to find waiver because the redactions were purportedly not expansive enough.  Rather than promote fairness, such treatment of the sacrosanct attorney-client privilege fosters gamesmanship by encouraging parties to do what Apple and Nokia did here:  repeatedly insist on disclosures to *substantiate* privilege assertions, only to then turn around and argue that those very same *compelled* disclosures *waived* the privilege.  Not only is this wrong as a matter of law because compelled disclosures cannot constitute waiver, but fairness requires rejecting such tactics, not imposing the broad waiver contemplated by the Order. *Fed. R. Evid.* 502(a); *Wi-LAN, Inc. v. Kilpatrick Townsend & Stockton LLP*, 684 F.3d 1364, 1369 (Fed. Cir. 2012) ("[Rule 502] limited the effect of waiver by strongly endorsing fairness balancing."); *see also Adams v. United States*, 2009 WL 1117392, at *2 (D. Idaho Apr. 23, 2009) (no waiver under Rule 502 where partial disclosure was not made "to obtain some tactical advantage" because waiver is "reserved for those unusual situations in which fairness requires a further disclosure of related protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary").; *New York Hotel & Motel Trades Council v. Hotel Ass'n of New York City, Inc.*, 1989 WL 946532, at *6-7 (S.D.N.Y. Oct. 17, 1989) (privilege holder did not "place in issue" privileged communications when it "reluctantly produce[d]" previously withheld documents reflecting counsel's "very general impressions" in an

-5-
Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION FOR RELIEF FROM ORDER OF MAGISTRATE JUDGE

1    ongoing discovery dispute).[3]  There simply is nothing unfair about denying Apple and Nokia the

2    privileged communications compelled here for collateral sanctions proceedings that are already

3    concluded.  This separately requires reversal of the Order.

4    **II.        THE ORDER'S FINDING OF IMPLIED WAIVER IS ERRONEOUS**

5            The Order's determinations that Samsung "impliedly" waived privilege by "affirmatively"

6    defending against Apple's and Nokia's allegations and relying on privileged communications to

7    do so is also legally and factually erroneous.  There was nothing affirmative about Samsung's

8    defenses, and Samsung never disclosed or relied on the substance of any privileged

9    communications.  The Order's ruling should also reversed because it fails to make findings on

10   required elements of implied waiver as well, including whether "allowing the privilege would

11   deny the opposing party access to information vital to its defense."  *United States v. Amlani*, 169

12   F.3d 1189, 1195 (9th Cir. 1999).

13           **A.        There Is No Vital Need To Pierce Samsung's Privileges**

14           The Order does not address whether production of the privileged documents at issue is

15   "vital" to the fairness of any ongoing dispute.  This is a stringent requirement that must be met

16   before imposing a waiver.  *E.g., Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322,

17   1326 (9th Cir. 1995) (information must be "sufficiently vital" that it would be "manifestly unfair"

18   and prejudicial not to pierce the privilege).  It is not and cannot be satisfied here.

19           First, there is no "vital" need to pierce the attorney-client privilege—a "sacred" right,

20   *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997)—because Samsung fully disclosed

21   _____

22       [3]  Exemplifying its gamesmanship, Apple originally argued as to one privileged document that

23   Samsung's declarations did "not contain any information regarding the subject matter of the

     communication" and therefore failed to substantiate the privilege, Dkt. 2825-1 at 3, but then, when

24   that argument failed, Apple turned around and argued the opposite:  that Samsung waived

     privilege over this same document by "disclos[ing] certain content" of it in the declarations.  Dkt.

25   3212 at 4.  Apple and Nokia have taken inconsistent, whipsaw positions on these issues

     throughout these proceedings.  *Compare, e.g.,* Dkt. 2825-1 at 6 (Apple arguing that Samsung

26   redacted "essentially all details regarding the purpose or content of each withheld

27   communication"), *with* Dkt. 2824 at 13-15 (Nokia arguing, as to the same declarations, that

     Samsung had "publicly disclosed the contents of several of the documents at issue").

28

abundant non-privileged information bearing on the protective order violation issues to Apple and Nokia. Samsung produced nearly 13,000 pages of documents and six witnesses for over 40 hours of deposition on these issues (Dkt. 2835-6, ¶¶ 16, 18)—more discovery than is provided for the merits of many civil actions. The availability of all this non-privileged information precludes any "vital" need to take the "extraordinary step" of piercing privilege. *E.g., Int'l Ins. Co. v. Certain Underwriters at Lloyd's London*, 1990 WL 205461, at *7-8 (N.D. Ill. Nov. 27, 1990) (where information sought "can easily be obtained from non-privileged sources . . . without taking the extraordinary step of breaching the attorney-client privilege . . . [the] privilege will not deny the plaintiff information vital to their case, and thus, a condition for waiver of the privilege is not present"). Further, because Judge Grewal reviewed the documents *in camera*, there is no "vital" need to pierce Samsung's privileges in order to provide information to Apple and Nokia. *See In re Circle K Corp.*, 1997 WL 31197, at *7 (S.D.N.Y. Jan. 28, 1997) (no vital need for production where court reviewed privileged documents *in camera*).

Second, this dispute is collateral to the merits, final judgment was entered over a year ago, Judge Grewal long ago determined what sanctions were appropriate, this Court long ago reviewed those rulings, and Quinn Emanuel long ago satisfied the sanctions award. There is no vital need to prolong this collateral proceeding by piercing the attorney-client privilege and allowing a new round of proceedings to relitigate these settled matters as Apple and Nokia intend. *E.g., In re Grand Jury Proceedings*, 219 F.3d 175, 189 (2d Cir. 2000) (waiver to be narrowly construed in peripheral proceedings).

**B.      Samsung Did Not Put Its Privileged Communications At Issue**

Implied waiver can be found only if a party asserts "privilege as the result of some affirmative act, such as filing suit," and if "through this affirmative act, the asserting party puts the privileged information at issue." *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999). The filing of a lawsuit or the assertion of an advice of counsel affirmative defense are the classic instances where the "affirmative act" requirement has been deemed satisfied. *Genentech, Inc. v. Insmed Inc.*, 236 F.R.D. 466, 468 (N.D. Cal. 2006) (citing *Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co.*, 32 F.3d 851, 863 (3rd Cir. 1994)). This requirement is not met here.

1.   **Samsung Did Not Put Privileged Communications At Issue By Defending Against Apple's And Nokia's Allegations**

First, the Order errs in finding that Samsung "affirmatively" put its privileged communications at issue by denying intentionality or misuse of confidential information.  The Order concludes that Samsung's "denials" were "affirmative" and not "mere denials" based on the assumption that "neither Apple nor Nokia alleged the disclosures were intentional, and proof of violation of the protective order did not rely on use."   Order at 11.  But that assumption is inaccurate:   Apple and Nokia alleged use and intentionality throughout these proceedings, including in their unsuccessful arguments that the crime-fraud exception applies.  *E.g.,* Dkt. 2935 (Nokia claimed Samsung used terms of Apple-Nokia license to try to gain an advantage in licensing discussions between Nokia and Samsung); Dkt. 647-1 (Case No. 12-cv-00630) at ¶¶ 8-9; Dkt. 2838-2 at 2 (Apple arguing that Samsung has "used [the CBI at issue] to its advantage in crafting litigation and licensing positions"); Dkt. 2485 at 22:5-18 (Apple arguing CBI "had been used in exactly the way it wasn't supposed to be used" in "multiple jurisdictions," and the disclosure was "no coincidence"); Dkt. 2883, 12/9/13 Hearing Tr., at 58:25-59:23 (Becher Decl., Ex. C) (Apple arguing that "[i]t is certainly deliberate behavior"); Dkt. 2825-2 at 11-12 (Apple arguing that "the intentional standard for application of the crime-fraud exception" was met); *id.* at 13 (Apple arguing that "even if the initial disclosure was inadvertent, subsequent disclosures were not inadvertent"); Dkt. 2581 at 20-21 (Apple arguing disclosures were in "furtherance of what is a fraud"); *see also* Dkt. 2935 at 2, 10 (Judge Grewal addressing, and rejecting, allegations that "Samsung had used the information").

Samsung was entitled to defend itself when its adversaries accused it, falsely, of intentionally misusing confidential information.  Samsung did not impliedly waive privilege by refuting these allegations through denials.  *E.g.*, *Flintco, Inc. v. United States*, 2012 WL 3276158, at *5 (Fed. Cl. Aug. 10, 2012) ("A party cannot waive the attorney-client privilege of its opponent, by making allegations concerning the knowledge or intentions of the latter and then demanding the production of privileged legal communications when these allegations are denied."); *Williams v. Sprint/United Mgmt. Co.*, 464 F. Supp. 2d 1100, 1115-16 (D. Kan. 2006) (no waiver where

privilege holder was responding to allegations of adversary).

**2.** **Samsung Did Not Put Privileged Communications At Issue By Relying On Privileged Evidence**

The Order states that Samsung "used" or "referenced" privileged communications in denying wrongdoing. Order at 11. That is incorrect. As with selective disclosure, the Order cites statements disclosing the general subject matter of communications and denials of wrongdoing, but this is non-privileged factual information. None of the statements cited by the Order, addressed below, reveals use of or reliance on the *privileged contents* of a communication:

- Citations in Footnote 53 of the Order:
  - In the cited hearing transcripts, Samsung's counsel states "[t]here is no evidence" of deliberate disclosure (Dkt. 2883 at 6:4-7 (sealed transcript)), and "Was it willful, in this case, no." Dkt. 2485 at 47:18–48:4. These are denials that do not disclose privileged information.
  - In the brief cited at Dkt. No. 2495 at 1, Samsung states: "The disclosure arose from an inadvertent failure to redact a few lines of a 295-paragraph report that was otherwise properly redacted." This is factual information; it does not disclose the substance of privileged communications.
  - The remaining three citations in footnote 53 are to Samsung briefs which merely state there is "no evidence" of intentional disclosure, willful conduct or prior transmittal of the report, without disclosing privileged communications. Dkt. Nos. 2835-5 at 11, 2871-4 at 6, and 2871-4 at 8.
- Citations in Footnote 54 of the Order:
  - Two of Samsung's briefs (Dkt. No. 2871 at 2 and Docket No. 2835 at 12) include general denials but no privileged communications.
  - The cited statement by counsel at argument (Docket No. 2581 at 55:14-16 ("[T]he undisputed evidence is that Mr. Shim asked that because it [became] relevant to a case in Texas called Microenergy—*Microunity* that he asked for that purpose."), discloses non-privileged factual information, not the substance of any privileged communications.
  - A Samsung brief (Dkt. No. 2835 at n.8) states that an email and its attachments do *not* contain information taken from the Teece report, which is a statement of fact that does not reveal the substance of the communication.
  - Other portions of this brief (*id.* at 13, 14, 17) cite to partially redacted declarations, but not to any privileged communications—redacted information was neither cited or disclosed.
  - The Order cites Docket No. 2935, but this is a Court Order and not a Samsung disclosure.

- <u>Citations in Footnote 56 of the Order</u>:

  o The Order cites Docket No. 3213 at 10-12, but this is a motion by Nokia and not a Samsung disclosure.

  o The Order states that a Samsung brief (Dkt. No. 2835 at 13) "quot[ed] a redacted sentence" in a declaration, but in fact Samsung neither quoted nor paraphrased any redacted or privileged information.

- <u>Citations in Footnote 57 of the Order</u>:

  o The Order cites a statement at argument about an email (Dkt. 2883 at 23:19–24:1), but the statement disclosed only the general subject matter of the email (it related to anonymized disclosures in the Netherlands litigation, not to any disclosure of the Teece report), which is non-privileged factual information.

  o The Order cites a general denial of wrongdoing, Dkt. 2556-5 at 2, which did not reveal the content of any privileged communication.

The Order's rulings that these statements affirmatively put at issue "privileged information" is thus both factually and legally incorrect.  Because Samsung did not rely on privileged communications or abuse the privilege by using it as both sword and shield, there was no implied waiver.  *See Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) (implied waiver only appropriate where privilege is used "both as a sword and a shield").[4]

## III.   <u>THE ORDER ERRONEOUSLY FAILS TO AFFORD AN OPPORTUNITY TO AVOID WAIVER</u>

The Order should be reversed for a further, independent reason.  Because waiver is a draconian remedy that should apply when a party intentionally abandons its privileges, Samsung should be afforded an opportunity to withdraw any disclosures that are determined to yield a waiver.  *Bittaker*, 331 F.3d at 721 ("the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition"); *Oracle Am., Inc. v. Innovative Tech. Dist., Inc.*, 2011 WL 2559825 (N.D. Cal. 2011) (Koh, J.) (granting party option to "abandon its request for the Court to consider the allegedly

_____

[4]  The authorities which the Order cites are off-point.  *See Chevron Corp. v. Pennzoil Co.*, 972 F.2d 1156, 1162 (9th Cir. 1992) (party impliedly waived only "to the extent that [it] claims that its tax position is reasonable because it was based on advice of counsel"); *Tennebaum v. Deloitte & Touche*, 77 F.3d 337 (9th Cir. 1996) (no waiver where party merely agreed to waive but made no disclosures); *Oracle Am., Inc. v. Innovative Tech. Dist., LLC*, 2011 WL 2559825, at *1-2 (N.D. Cal. June 28, 2011) (no dispute that party sought to rely on privileged communications).

privileged documents . . . and thereby preserve the privilege"). Samsung requested this opportunity, but the Order refuses it, without citing contrary authority. Order at 13. That is error. If the Court determines that any of Samsung's statements or disclosures have inadvertently waived its privileges, the Court should afford an opportunity for Samsung to withdraw those statements or disclosures.

## IV.    DISCLOSURES TO SAMSUNG'S OWN ATTORNEYS AND EMPLOYEES DID NOT WAIVE PRIVILEGE

In a single paragraph, the Order rules that Samsung also waived privilege by failing to meet "its threshold burden" of showing that its communications were sent for the purpose of "providing Samsung with legal advice." Order at 16. But Samsung more than met this burden by submitting not only privilege logs, but numerous declarations to substantiate its privileges. Indeed, the Order itself finds, elsewhere, that Samsung's "privilege log, briefs, declarations and the in camera documents" sufficed to "meet its initial burden to show that privilege attaches to the documents" at issue. Order at 7. The inconsistent ruling that Samsung waived privilege by not meeting this burden is erroneous and should be reversed.

First, the Order errs in failing to recognize that many of the documents at issue are communications with outside counsel. Becher Decl., ¶ 4. "Communications between a client and its outside counsel are **presumed** to be made for the purpose of obtaining legal advice." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1073 (N.D. Cal. 2002) (emphasis added). The Order states that "the presumption that attaches to communications with outside counsel does not extend to communications with in-house counsel" (Order at 16), but provides no basis for vitiating the privilege over the communications with outside counsel that have been compelled.

Second, the Order also cannot stand as to Samsung's internal communications involving in-house counsel. Samsung (1) provided privilege logs showing that counsel was involved with each communication, and that each was made for the purpose of providing legal advice (Becher Decl., Exs. A, B); (2) submitted each document for Judge Grewal's *in camera* review, as ordered (Dkt. 2483); and (3) when Judge Grewal instructed Samsung to further substantiate its privilege assertions as to 11 specific documents (Dkt. 2689), submitted a brief and 16 declarations that did

1  so.  *See* Dkt. 2807, *et seq.*  This was more than adequate to shift the burden to Apple and Nokia to

2  prove that particular communications were not made for the purpose of legal advice.  *E.g.,*

3  *Guidiville Rancheria of California v. United States*, 2013 WL 6571945, at *5 (N.D. Cal. Dec. 13,

4  2013) (party arguing waiver failed to meet its "burden of production to support waiver"); *United*

5  *States v. Chevron Corp.*, 1996 WL 444597, at *3 (N.D. Cal. May 30, 1996) (instructing magistrate

6  judge to apply burden shifting analysis in determining waiver).

7       The Order states that Samsung's "declarations address only Tab 6" and provide "nothing to

8  establish that the in-house counsel identified were not acting in a purely or primarily business

9  capacity." (Order 16.)  That is incorrect.  The declarations address each document that Judge

10  Grewal asked Samsung to address, and as to each, Samsung's declarants show that the emails

11  were sent by or to attorneys acting in a legal capacity for the purpose of legal advice.[5]  Samsung's

12  privilege logs alone also were more than sufficient to meet its burden.[6]  And in all events, the

13

---

14      [5]  *See* Dkt. 2807-01 (Baxter Declaration further substantiating privilege claims as to Tabs 19,

15  20, and 272); Dkt. 2807-03 (Briggs Declaration further substantiating privilege claims as to Tab 215); Dkt. 2807-4 (Cha Declaration further substantiating privilege claims as to Tabs 90 and 90-

16  1); Dkt. 2707-5 (Chang Declaration further substantiating privilege claims as to Tab 215); Dkt. 2807-6 (Hopson Declaration further substantiating privilege claims as to Tabs 6, 6-1, 6-2, 6-3 and

17  6-4); Dkt. 2807-7 (Indong Kang Declaration further substantiating privilege claims as to Tabs 255, 255-2, 255-3, 255-4, 255-5, 255-6, 274 and 274-1); Dkt. 2807-8 (Michael Kang Declaration

18  further substantiating privilege claims as to Tabs 274 and 274-1); Dkt. 2807-9 (Kim Declaration

19  further substantiating privilege claims as to Tab 222); Dkt. 2807-10 (Kwon Declaration further substantiating privilege claims as to Tab 272); Dkt. 2701-11 (Lee Declaration further

20  substantiating privilege claims as to Tab 261.55); Dkt. 2807-12 (Pease Declaration further substantiating privilege claims as to Tabs 19, 20, and 272); Dkt. 2807-13 (Selendy Declaration

21  further substantiating privilege claims as to Tabs 87, 90, 261.55, 274, 274.1, and 272); Dkt. 2807-

22  14 (Shim Declaration further substantiating privilege claims as to Tabs 19, 222, and 272); Dkt. 2807-16 (Benard Declaration further substantiating privilege claims as to Tabs 6-1 and 6-2).

23      [6]  A privilege log is adequate if it identifies "(a) the attorney and client involved, (b) the nature

24  of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of

25  its substance, and (e) the date the document was generated, prepared, or dated."  *In re Grand Jury*

26  *Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992).  "Although sufficient, this list of identifiers are neither exhaustive nor necessary to carry the burden to describe the nature of the withheld

27  documents and enable the parties to assess the claim of privilege."  *Games2U, Inc. v. Game Truck Licensing, LLC*, 2013 WL 4046655, at *5 (D. Ariz. Aug. 9, 2013); *see also Phillips v. C.R. Bard*,

28  290 F.R.D. 615, 637 (D. Nev. 2013) ("not every case requires strict adherence to the list of items

    (footnote continued)

SAMSUNG'S MOTION FOR RELIEF FROM ORDER OF MAGISTRATE JUDGE

Order applies the wrong legal standard, asking whether "litigation was as primary or secondary motive" for the communication (Order at 8 n.38) rather than the correct legal question: "Was obtaining or providing legal advice *a* primary purpose of the communication, meaning one of the significant purposes of the communication." *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 759-60 (D.C. Cir. 2014). These errors require reversal of the Order.

Third, the Order errs in its determinations as to the only two documents that it discusses. Tab 215, which the Order states reveals "pervasive distribution . . . to Samsung employees who were not authorized to have access" (Order at 15), is in fact an email with three participants— Samsung attorney Hojin Chang (sender) and two Samsung employees Yong Ku Park and Heung Ju Kwon (recipients). Dkt. 2807-5, ¶¶ 7-9. Mr. Chang declared he understood his email "to be privileged because it was seeking and providing legal advice for ongoing litigation," and Messrs. Park and Kwon were "member[s] of a team that was directly involved in working with outside counsel to monitor and manage the Apple litigations." *Id.* at ¶¶ 5-6, 10.[7] Similarly, the Order states that Tab 6 involved 33 participants with "no apparent connection to this litigation" (Order at 15), but *27* of these participants are ***outside litigation counsel*** for litigations between Apple and Samsung, and the remaining 6 were Samsung employees responsible for those litigations. Dkt. 3220-1 at 9. The author of Tab 6—herself outside litigation counsel for Samsung—declared that this email "set forth our firm's thoughts and impressions on numerous legal issues" and was sent "only to Samsung's outside litigation counsel and Samsung in-house attorneys and other Samsung

---

that should be part of a privilege log as identified in *In re Grand Jury Investigation*"); *Trejo v. Macy's, Inc.*, 2014 WL 1091000, at *2 (N.D. Cal. Mar. 17, 2014) (listing similar factors). Samsung's privilege logs more than meet these standards and indeed are comparable to Apple's own privilege logs. *Compare, e.g.*, Tab 19 of Samsung's Nov. 7, 2013 Log ("Email with outside counsel reflecting and seeking legal advice regarding licensing, in anticipation of litigation") *with* APL630-P0000001058 ("Attorney-client communication conveying legal advice regarding patent prosecution issues."); APL630-P0000001114 ("Correspondence discussing potential patent infringement litigation"), Becher Decl., Ex. D.

[7]   The initial email in the chain reflected in Tab 215 was sent by Quinn Emanuel partner Todd Briggs to identified Samsung employees involved in the litigation whom he declared he emailed "for the purpose of providing Samsung with legal advice in connection with the ongoing NDCAL I litigation, and soliciting Samsung's feedback and instructions regarding same." Dkt. 2807-3.

1   employees who are responsible for handing aspects of the global Apple litigations."  Dkt. 2807-06,

2   Hopson Decl., ¶¶ 4, 6.  The Order does not address any of this uncontroverted evidence, let alone

3   identify a basis for rejecting it.[8]

4   **V.    THE ORDER FAILS TO ENGAGE IN THE REQUIRED DOCUMENT-BY-**

5   **DOCUMENT ANALYSIS, AND IS THEREFORE VASTLY OVERBROAD**

6          The Order should be reversed for a further, independent reason.  While the Order compels

7   Samsung to produce broad swaths of documents based on the mere fact that they relate to Nokia

8   and Apple, it fails to engage in a document-by-document analysis.  Such an analysis is required.

9   *E.g., United States v. Chevron Corp.*, 1996 WL 264769, at *6 (N.D. Cal. Mar. 13, 1996), order

10  amended, 1996 WL 444597 (N.D. Cal. 1996) (magistrate judge "erred by not making a specific

11  finding of fact with respect to each [purportedly privileged] document"); *In re Grand Jury*

12  *Proceedings*, 220 F.3d 568, 572 (7th Cir. 2000) (vacating waiver ruling and remanding with

13  instructions to "enter specific findings regarding the purpose and history of each document").  The

14  failure to conduct this analysis renders the Order vastly overbroad.

15         Because the Order does not engage in a document-by-document analysis, it errs in failing

16  to consider whether piercing the privilege over any particular document is "vital" or required in

17  "fairness," or whether Samsung met its burden of establishing that any particular document was

18  transmitted for the purpose of legal advice.  But even where a court-imposed waiver is proper

19  (which is not the case here), a waiver order must be as narrow as possible to avoid unnecessarily

20  impinging on the privilege.  *Bittaker*, 331 F.3d at 720-21 (court "must impose a waiver no broader

21  than needed to ensure the fairness of the proceedings . . . [and] closely tailor[] the scope of waiver

22  to the needs of the opposing party."); *In re Broadcom Corp. Sec. Litig.*, 2005 WL 1403513, at *2

23  ────────────────

24         [8]   Apple's own privilege log contains emails disclosed to more than 50 Apple employees,
    ***none*** of whom is identified as an attorney.  *See* Apple Log at APLNDC630-0000195014 (Becher

25  Decl., Ex. D) (email among over 50 employees, described as "Redacted portion of email providing
    information requested by counsel in connection with providing legal advice relating to Apple's

26  iPhone technology").  Apple's log also contains communications involving email aliases with
    untold numbers of non-attorney recipients.  *Id.* at APL630-P0000001059 (email among non-

27  attorneys including unidentified members of email alias "humaninterface@group.apple.com"); *id.*
    at APL630-0000378231 (similar as to email alias "henri-managers@group.apple.com").

28

1   (C.D. Cal. Apr. 7, 2005) ("a narrow view of the subject matter comports with the Ninth Circuit's

2   approach to waiver").  The Order's failure to even consider a more narrow waiver, based on a

3   document-by-document analysis, requires reversal.

4   **VI.**   **WORK PRODUCT PROTECTIONS AND THE MEDIATION PRIVILEGE ALSO**

5         **INDEPENDENTLY BAR PRODUCTION OF THE COMPELLED DOCUMENTS**

6         **A.**   **The Order Fails To Address Protections Of The Work Product Doctrine**

7         As to every tab at issue, Samsung has asserted and substantiated objections based not only

8   on the attorney-client privilege, but also the work product doctrine.  *See* Becher Decl., Exs. A, B;

9   *see also* Dkt. 2807 at 1 (asserting each document at issue includes "attorney work-product in

10  anticipation of or in the course of litigation").  While the Order instructs Samsung to produce all

11  of these documents, including documents that are opinion work product containing the "mental

12  impressions, conclusions, or legal theories of an attorney or other representative of a party,"

13  *United States ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 559 (C.D. Cal. 2003), the Order must

14  be reversed because it fails to address attorney work product protections at all, despite Samsung's

15  objections and evidence of work product protections.  *See* Becher Decl., Exs. A, B (Samsung

16  privilege logs asserting work product objections); *see also* Dkts. 3220-1, 3220-3 (arguing Apple

17  and Nokia have failed to demonstrate that work product protection does not apply).  Because

18  production of the compelled documents is independently precluded by work product protections

19  (and indeed Apple and Nokia have waived any right to argue otherwise as explained further

20  below), the Order must be reversed.

21        Furthermore, even if the broad waiver that has been ordered as to the *attorney-client*

22  *privilege* were sustainable—and it is not—there was no such waiver as to work product

23  protections.  Because this doctrine "looks to the vitality of the adversary system rather than simply

24  seeking to preserve confidentiality, the work product privilege is not automatically waived by any

25  disclosure to a third party."  *In re Sealed Case*, 676 F.2d 793, 808 (D.C. Cir. 1982).  Thus, even

26  where there is a waiver of certain work product information, that does ***not*** yield "a broad waiver of

27  all work product related to the same subject matter."  *In re EchoStar Communications Corp.*, 448

28  F.3d 1294, 1302 (Fed. Cir. 2006) (citing *In re Martin Marietta Corp.*, 856 F.2d 619, 626 (4th Cir.

1988)); *see U.S. ex rel. Purcell v. MWI Corp*., 238 F.R.D. 321, 326 (D.D.C. 2006) (declining to apply categorical waiver of work product). "Instead, work-product waiver only extends to 'factual' or 'non-opinion' work product concerning the same subject matter as the disclosed work product." *Id*.; *see also ePlus Inc. v. Lawson Software, Inc*., 280 F.R.D. 247, 257 (E.D. Va. 2012) ("The scope of opinion work product waiver is more limited than other types of waiver. Waiver occurs as to the documents or opinion 'actually disclosed,' instead of as to the entire subject matter."); *Shinnecock Indian Nation v. Kempthorne*, 652 F. Supp. 2d 345, 367 (E.D.N.Y. 2009) ("courts have been reluctant to hold that implied waiver of non-opinion work product extends to opinion work product"). Because there is no basis to obviate Samsung's work product protections at all and certainly not in the broad manner compelled, and the Order finds none, the Order to compel the wholesale production of the documents—including documents consisting of opinion work product—must be reversed for this independent reason.

### B. The Mediation Privilege Independently Precludes Production

Courts apply heightened protections to documents covered by the mediation privilege, such as draft mediation statements, final mediation statements and communications in preparation for mediation. *E.g., Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1180 (C.D. Cal. 1998) *aff'd sub nom.*, 216 F.3d 1082 (9th Cir. 2000) (federal mediation privilege protects "communications between parties during the mediation" and "communications in preparation for and during the course of a mediation with a neutral"); *Dibel v. Jenny Craig, Inc.*, 2007 WL 2220987 at *3 (S.D. Cal. Aug. 1, 2007) ("federal mediation privilege extends to communications in preparation for and during the course of mediation."); *Microsoft Corp. v. Suncrest Enter.*, 2006 WL 929257, at *2 (N.D. Cal. Jan. 6, 2006) (same). Samsung properly objected to the production of documents covered by the mediation privilege. Dkt. 3125-03, at 20. Nevertheless, without addressing those objections at all, the Order compels the production of such documents. This too is error that mandates reversal.

## VII. SAMSUNG SHOULD NOT BE REQUIRED TO PRODUCE THIRD-PARTY LICENSING INFORMATION

While the Order ostensibly compels production of seven documents sought by Apple and

"92 documents relevant to Nokia's confidential business information" sought by Nokia (Order at 16), it fails to identify most of those documents, citing instead to a declaration in which Samsung explained that, of the 279 tabs in its privilege log, "92 refer to the Apple-Nokia license." *Id.* (citing Dkt. 3215-4). But many of the tabs have attachments—approximately 313 documents in total are behind these tabs. Becher Decl., ¶ 4. And many of these attachments have *nothing* to do with the Apple-Nokia license. *Id.*, ¶ 4. Only 17 of the lead communications behind the 92 tabs refer to the Apple-Nokia license. *Id.* In many cases, the documents and/or attachments behind the tabs also refer to licenses with third-parties such as Sharp, Philips, and/or Ericsson (Becher Decl., ¶5)—information that, the Order acknowledges, Nokia is "not entitled" to obtain. Order at 7.

Because the Order makes clear that privilege has not been waived over documents unrelated to the Apple-Nokia license (*id.*), Samsung does not understand the Order to require the production of such documents. Indeed, Apple never agreed that Nokia could have access to such information, and Nokia never even sought to overrule Samsung's objections to producing such information.[9] To the extent the Order does require Samsung to produce such documents, however, it should be reversed for the same reasons explained herein and on the additional grounds that such information is, by definition, wholly irrelevant. At a minimum, the Order should be modified to permit redaction of information unrelated to the Apple-Nokia license, for producing such information is the only identified basis for the draconian waiver of Samsung's privileges that has been ordered.

## VIII.   APPLE AND NOKIA WAIVED THEIR PRIVILEGE CHALLENGES

Finally, the Order should be reversed for the independent reason that neither Apple nor Nokia properly preserved any right to obtain any of the documents at issue. Instead, Apple and Nokia waived their arguments that the documents at issue are not subject to attorney-client

---

[9]   Samsung objected to producing documents relating to these other licenses to Nokia because they implicated the potential confidentiality interests of third parties and because Apple never agreed that Nokia could have access to such information. Dkt. 2558-46 (Ex. 18). Nokia never sought to overrule those objections. Nor did Nokia offer any response when Samsung opposed Nokia's recent motion to compel on the ground that Nokia had waived its right to such third-party information. Dkt. 3215-03, at 14 n. 5, 20.

1  privilege, work product protection or mediation privilege or that Nokia is not entitled to third-

2  party licensing information—or that Samsung waived any such protections—by failing to assert

3  any of these arguments following Judge Grewal's Sanctions Order, which was supposed to have

4  ended this proceeding.  Dkt. 2935.  Samsung sought relief from that Sanctions Order (Dkt. 3134,

5  3135), but Apple did not, and Nokia argued only that it was entitled to see documents on which

6  Judge Grewal relied as a matter of due process—an argument not at issue here.  Dkt. 3134.

7  　　　　To avoid an endless cycle of litigation, a party may not raise new arguments on remand

8  following an appeal. *See, e.g.*, *Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1219

9  (9th Cir. 2003) (holding that party waived right to challenge reasonableness of attorney fee award

10  where it first raised the challenge on remand); *Brittain v. Sheriff of Riverside County*, 2011 WL

11  6149287, *1 (C.D. Cal. Dec. 9, 2011) ("When a party fails to raise issues in the opening brief,

12  those issues are waived, and a remand on issues which were raised does not include the waived

13  issues."); *Magnesystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 949-50 (C.D. Cal. 1996) ("[A]n

14  issue or factual argument waived at the trial level before a particular order is appealed, or

15  subsequently waived on appeal, cannot be revived on remand."); *cf. Simpson v. Lear Astronics

16  Corp.,* 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to file timely objections to a

17  magistrate judge's non-dispositive order with the district judge to whom the case is assigned

18  forfeits its right to appellate review of that order."); 14 *Moore's Federal Practice* § 72.11[1][a], at

19  72-53 (3d ed. 2014 Supp.) ("A party's failure to present timely arguments … to a magistrate judge

20  prior to the magistrate's ruling … waives that party's right to present those arguments … to the

21  district court on appeal from the magistrate's nondispositive order.") (citing cases).

22  　　　　Accordingly, Apple's and Nokia's failure to pursue the privilege arguments on which the

23  Order rests on the prior appeal to this Court was a waiver, and this waiver likewise requires

24  reversal of the Order.

25  　　　　　　　　　　　　　　　**Conclusion**

26  　　　　For these reasons, the Magistrate Judge's April 3 Order should be reversed.

27

28

1    DATED:  April 13, 2015              QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
2

3

4                                        By /s/ Victoria F. Maroulis
                                             Charles K. Verhoeven
5                                            Kevin P.B. Johnson
                                             Victoria F. Maroulis
6                                            Michael T. Zeller

7                                            Attorneys for SAMSUNG ELECTRONICS CO.,
                                             LTD., SAMSUNG ELECTRONICS AMERICA,
8                                            INC. and SAMSUNG
                                             TELECOMMUNICATIONS AMERICA, LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28