QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>             Plaintiff,<br><br>        vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>             Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE (DKT. 3237);**<br><br>**DECLARATION OF ROBERT J. BECHER;**<br><br>**[PROPOSED] ORDER** |

## <u>NOTICE OF MOTION AND MOTION</u>

Pursuant to L.R. 7-11 and 72-2, Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC[1] move the Court for an order reversing or in the alternative vacating Magistrate Judge Grewal's April 3, 2015 Order (Dkt. 3237) ("Order") which orders Samsung to produce nearly 100 facially-privileged, litigation-related communications on grounds of waiver. Review is *de novo*.

**(1)** ***<u>The Order's Imposition Of A Broad Waiver Based On Purported Selective Disclosures Is Not Warranted</u>***. The Order's finding that Samsung waived the privilege by selectively disclosing information (Order at 14) is incorrect. Samsung disclosed only non-privileged factual information, which Judge Grewal compelled Samsung to disclose. The Order also fails to make findings required before a broader waiver may be found, including under Rule 502 as to whether Samsung "intentionally" waived privilege and "fairness" requires a waiver.

*<u>Samsung Did Not Selectively Disclose Privileged Communications</u>*. Samsung did not disclose the substance of any privileged communications. Samsung described only the general subject matter and non-privileged factual information. That is not waiver. The Order states that a declarant's explanation that his request for the Teece report "had to do with another case unrelated to Apple licensing information" waived privilege by disclosing "details" of the communication. Order at 14 n.64. But this discloses at most the general subject matter of the communication, which is not privileged. The Order also rules that Samsung's denials—such as that a document "does not discuss Dr. Teece's report" or "does not contain confidential license information"—disclosed privileged information. Order at 14-15. But mere denials do not waive privilege. None of the Order's cited excerpts disclose the *privileged substance* of any communications.

*<u>There Is No Basis For Imposing A Waiver As To Undisclosed Information</u>*. Even if the substance of a privileged communication had been included in Samsung's submissions (none

---

[1] Effective January 1, 2015, Samsung Telecommunications America, LLC merged with and into Samsung Electronics America, Inc. and no longer separately exists. Dkt. 2124 (12-cv-00630).

1    was), a waiver as to undisclosed information cannot be imposed.  Under Rule 502, a selective

2    disclosure waives as to undisclosed information only if: (1) the waiver is intentional; (2) the

3    undisclosed information concerns the same subject matter; and (3) they ought in fairness to be

4    considered together.  These elements, which the Order does not address, are not satisfied.

5         Samsung produced documents and a privilege log.  Becher Decl., Exs. A, B.  Judge Grewal

6    then ordered Samsung to submit its withheld documents *in camera* and to justify its privilege

7    claims further.  Dkts. 2589, 2689.  As required, Samsung submitted a series of declarations *in*

8    *camera* to further substantiate its privilege claims.  Dkt. 2757.  Judge Grewal then ordered

9    Samsung to serve those declarations on Apple and Nokia, stating that "very little in the submission

10   merits redaction" and that excessive privilege redactions would result in a further order requiring

11   Samsung to file "completely unredacted copies."  Dkt. 2790 at 2-3.  As ordered, Samsung re-filed

12   its declarations, narrowly redacting for privilege as ordered.  Dkt. 2807.

13        Thus, Samsung attempted to *protect* its privileges throughout these proceedings and

14   submitted the declarations in an effort to *substantiate* its privilege assertions as *ordered* by the

15   Court.  There can be no broader waiver here:  neither the element of intent nor fairness is satisfied,

16   and Samsung's disclosures were compelled.  Imposing a waiver would foster gamesmanship by

17   encouraging what Apple and Nokia did here:  insist on disclosures to substantiate privilege

18   assertions, only to then turn around and argue that those compelled disclosures waived the

19   privilege.  *E.g.,* Dkt. 2825-1 at 3; Dkt. 3212 at 4; Dkt. 2825-1 at 6; Dkt. 2824 at 13-15.

20        **(2)  _The Order's Finding Of Implied Waiver Is Erroneous_**.  The Order's determination

21   that Samsung "impliedly" waived privilege is legally and factually erroneous.  Order at 10-13.

22   There was nothing "affirmative" about Samsung's defenses, and Samsung never disclosed or

23   relied on the substance of any privileged communications.  Nor is waiver "vital" to fairness.

24        _There Is No Vital Need To Pierce Samsung's Privileges._  There is no "vital" need to pierce

25   the attorney-client privilege because Samsung disclosed abundant non-privileged information to

26   Apple and Nokia, including nearly 13,000 pages of documents and six witnesses for over 40 hours

27   of deposition on these issues, Dkt. 2835-6, ¶¶ 16, 18, and because Judge Grewal has already

28   reviewed the documents *in camera*.  Moreover, this dispute is collateral to the merits, final

judgment was entered long ago, Judge Grewal issued his sanctions orders long ago, this Court reviewed those rulings long ago, and Quinn Emanuel long ago satisfied the sanctions award.

_Samsung Did Not Put Its Privileged Communications At Issue_.  Implied waiver can be found only if a party commits an affirmative act, such as filing suit, and thereby puts privileged information at issue.  Samsung did neither.  *First*, in defending against Apple's and Nokia's allegations, Samsung did not "affirmatively" put privileged communications at issue.  The Order concludes that Samsung's "denials" were "affirmative" based on the assumption that "neither Apple nor Nokia alleged the disclosures were intentional, and proof of violation of the protective order did not rely on use."  Order at 11.  But Apple and Nokia alleged both use and intentionality repeatedly.  *E.g.,* Dkt. 2935; Dkt. 647-1 (Case No. 12-cv-00630) at ¶¶ 8-9, Dkt. 2838-2 at 2, Dkt. 2485 at 22:5-18, Dkt. 2883, 12/9/13 Hearing Tr., at 58:25-59:23 (Becher Decl., Ex. C), Dkt. 2825-2 at 11-13, Dkt. 2581 at 20-21; *see also* Dkt. 2935 at 2, 10.  Samsung was entitled to defend itself, without waiving privilege, when such accusations were made against it.

*Second*, the Order erroneously states that Samsung "used" or "referenced" privileged communications in denying wrongdoing.  Order at 11.  The cited statements disclose only the general subject matter of communications, denials of wrongdoing, and non-privileged facts.  None of the cited statements reveals use of or reliance on the *privileged contents* of a communication.  *See* Order at 11-2 & nn.53-57.  Because Samsung did not rely on privileged communications or abuse the privilege by using it as both sword and shield, there was no implied waiver.

**(3)** ***The Order Erroneously Fails To Afford An Opportunity To Avoid Waiver.***  Waiver is a harsh remedy that applies when a party intentionally abandons its privileges.  Samsung should be given an chance to withdraw any disclosures and avoid waiver.  Samsung requested this opportunity, but the Order refuses it without basis.  Order at 13.  That is error.

**(4)** ***Disclosures to Samsung's Own Attorneys and Employees Did Not Waive Privilege***.  The Order rules Samsung waived by failing to meet "its threshold burden" of showing its communications were sent for the purpose of "providing Samsung with legal advice."  Order at 16.  But Samsung met this burden by submitting privilege logs and declarations, and the Order itself finds elsewhere that Samsung ***did*** "meet its initial burden to show that privilege attaches to

the documents" at issue.  Order at 7.  The inconsistent ruling that Samsung did not meet this burden is erroneous.

Many compelled documents are communications with outside counsel (Becher Decl., ¶ 4), which are presumed privileged.  The Order gives no basis for vitiating such privileges.  As to Samsung's internal communications involving in-house counsel, Samsung (1) provided privilege logs showing counsel's involvement was for the purpose of providing legal advice (Becher Decl., Exs. A, B); (2) submitted each document for *in camera* review; and (3) when Judge Grewal instructed Samsung to further substantiate its privilege assertions as to 11 specific documents (Dkt. 2689), submitted a brief and 16 declarations that did so.  Dkt. 2807, *et seq.*  This was more than adequate to shift the burden to Apple and Nokia to prove that particular communications were not made for the purpose of legal advice.  The Order's factual characterization of these declarations is also erroneous:  the declarations substantiated privilege as to every document as to which Judge Grewal requested substantiation.  Moreover, the Order applies the wrong legal standard (Order at 8 n.38) and fails to consider the correct question of whether obtaining or providing legal advice was one of the significant purposes of the communication.

Further, the Order's assertions as to the only two withheld documents it discusses are factually incorrect.  Samsung more than demonstrated privilege as to these communications, one of which was narrowly distributed only to a few Samsung employees involved in managing litigation, *e.g.,* Dkt. 2807-5, Dkt. 2807-3, and the second of which was a communication by outside counsel primarily to outside counsel, and to Samsung employees involved in managing litigation.  Dkt. 3220-1; Dkt. 2807-06.  Apple's own privilege log contains emails disclosed to more than 50 Apple employees, ***none*** of whom is identified as an attorney.  Becher Decl., Ex. D.

**(5)** ***The Order Fails To Engage In Document-by-Document Analysis***. The Order compels broad swaths of documents based on the mere fact that they relate to Nokia and Apple, but fails to engage in a document-by-document analysis.  Individualized analysis is required to determine whether Samsung met its burden of establishing each document was transmitted for the purpose of legal advice and to consider whether piercing the privilege over a document is "vital" or required in "fairness."   The Order's failure to conduct this analysis warrants reversal.

SAMSUNG'S MOTION FOR RELIEF FROM ORDER OF MAGISTRATE JUDGE   SAMS

**(6)** ***The Work Product Doctrine Independently Precludes The Order Of Production***.  As to every tab at issue, Samsung has asserted and substantiated objections based not only on the attorney-client privilege, but also the work product doctrine.  Becher Decl., Exs. A, B; Dkt. 2807 at 1; Dkts. 3220-1, 3220-3.  The Order must be reversed because Samsung's assertions of the work product doctrine, which the Order did not overrule and neither Apple nor Nokia properly challenged, independently protects them from production.  Further, even if the broad waiver that has been ordered as to the *attorney-client privilege* were sustainable—and it is not—there was no such waiver as to work product, including the opinion work product that has been ordered.

**(7)** ***The Mediation Privilege Precludes Production***.  Samsung objected to the production of documents covered by the mediation privilege.  Dkt. 3125-03, at 20.  Without addressing those objections, the Order compels the production of these documents.  This error mandates reversal.

**(8)** ***There Is No Proper Basis For Compelling Third-Party Licensing Information***.  In compelling "92 documents relevant to Nokia's confidential business information" (Order at 16), the Order cites a Samsung declaration which explained that, of the 279 *tabs* in its privilege log, "92 refer to the Apple-Nokia license." *Id.* (citing Dkt. 3215-4).  Many of these tabs have attachments which have *nothing* to do with the Apple-Nokia license and refer to licenses with third-parties such as Sharp, Philips, and/or Ericsson (Becher Decl., ¶¶ 4, 5)—information the Order acknowledges Nokia is "not entitled" to obtain.  Order at 7.  Only 17 of the lead communications behind the 92 tabs refer to the Apple-Nokia license.  To the extent the Order requires Samsung to produce documents unrelated to the Apple-Nokia license, it should be reversed for the reasons stated herein as well as for the additional reason that such information is, by definition, wholly irrelevant.  At a minimum, the Order should be modified to permit redaction of information unrelated to the Apple-Nokia license.

**(9)** ***Apple And Nokia Waived***.  The Order should be reversed because Apple and Nokia waived their arguments by failing to assert any of them following Judge Grewal's Sanctions Order.  Dkt. 2935.  Samsung sought relief from that Sanctions Order (Dkt. 3134, 3135), but Apple did not, and Nokia argued only that it was entitled to see documents on which Judge Grewal relied as a matter of due process—an argument not at issue here.  Dkt. 3134.

DATED:  April 13, 2015

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By /s/ *Victoria F. Maroulis*
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    Michael T. Zeller

    Attorneys for SAMSUNG ELECTRONICS CO.,
    LTD., SAMSUNG ELECTRONICS AMERICA,
    INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC