HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK (PSG) <br><br> **APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR RELIEF FROM ORDER OF MAGISTRATE JUDGE (DKT. 3237)** <br><br> Judge:        Hon. Lucy H. Koh |

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................................. 1

II.     ARGUMENT ....................................................................................................... 1

     A.      Samsung Waived Privilege By Selectively Disclosing Contents Of
          The Waiver Documents................................................................................ 1

     B.      Samsung Waived Privileged By Putting The Content Of The
          Waiver Documents At Issue.......................................................................... 5

     C.      Samsung Waived Privilege By Disclosing The Waiver Documents
          To Individuals Not Within The Scope Of The Privilege. ....................... 6

     D.      The Waiver Documents Are Not Privileged Under The Crime-
          Fraud Exception. .......................................................................................... 8

     E.      Samsung Is Not Entitled To "Avoid Waiver" By Retroactively
          Withdrawing Statements. ............................................................................ 9

     F.      The Court's Waiver Finding Is Not Overbroad. .................................... 10

     G.      Samsung Waived All Claims Of Privilege Over The Waiver
          Documents. .................................................................................................. 10

     H.      There Is No Special Exemption For Third-Party Licensing
          Information.................................................................................................... 11

     I.      Apple Did Not Waive The Arguments At Issue In This Motion. ........ 11

III.    CONCLUSION ................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AMCO Ins. Co. v. Madera Quality Nut LLC*,
  No. 04-cv-06456, 2006 WL 931437 (E.D. Cal. Apr. 11, 2006) ............................................... 3

*Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.*,
  174 F.R.D. 609 (M.D. Pa. 1997) ....................................................................................... 7

*Barton v. Zimmer Inc.*,
  No. 06-cv-208, 2008 WL 80647 (N.D. Ind. Jan. 7, 2008) ....................................................... 7

*Hawkins v. Stables*,
  148 F.3d 379 (4th Cir. 1998) ............................................................................................... 4

*Holland v. Island Creek Corp.*,
  885 F. Supp. 4 (D.D.C. 1995) ........................................................................................ 2, 3

*In re Icenhower*,
  755 F.3d 1130 (9th Cir. 2014) ............................................................................................. 9

*In re Kellogg Brown & Root, Inc.*,
  756 F.3d 754 (D.C. Cir. 2014) ............................................................................................ 7

*In re Kidder Peabody Sec. Litig.*,
  168 F.R.D. 459 (S.D.N.Y. 1996) ....................................................................................... 3

*In re Lithium Ion Batteries Antitrust Litig.*,
  No. 14-MD-02420, 2015 WL 1223972 (N.D. Cal. Mar. 17, 2015) ........................................ 3

*Landmark Screens, LLC v. Morgan Lewis & Bockius LLP*,
  No. 08-02581, 2009 WL 3415375 (N.D. Cal. Oct. 21, 2009) ................................................ 10

*Laser Indus. Ltd. v. Reliant Techs., Inc.*,
  167 F.R.D. 417 (N.D. Cal. 1996) (Mot. at 3) ...................................................................... 4, 5

*Positive Software Solutions, Inc. v. New Century Mortg. Corp.*,
  337 F. Supp. 2d 862 (N.D. Tex. 2004) ................................................................................. 9

*Shared Med. Resources LLC v. Histologies LLC*,
  No. 12-cv-612, 2012 WL 5570213 (C.D. Cal. Nov. 14, 2012) .............................................. 11

*Tennenbaum v. Deloitte & Touche*,
  77 F.3d 337 (9th Cir. 1996) ................................................................................................. 2

*United States v. ChevronTexaco Corp.*,
  241 F. Supp. 2d 1065 (N.D. Cal. 2002) ............................................................................. 6, 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*United States v. Chevron Corp.*,
   No. c-94-1885, 1996 WL 264769 (N.D. Cal. Mar. 13, 1996)..................................................... 10

*United States v. Pinho*,
   No. 02-814, 2003 WL 25772423 (E.D. Pa. July 8, 2003)......................................................... 4

*United States v. Romm*,
   455 F.3d 990 (9th Cir. 2005).................................................................................................... 2

*Volterra Semiconductor Corp. v. Primarion, Inc.*,
   No. 08-cv-05129, 2013 WL 1366037 (N.D. Cal. Apr. 3, 2013) ............................................... 5

I.     **INTRODUCTION**

Following extensive *in camera* review of thousands of pages of documents, and after receiving multiple rounds of briefing on the issue, Judge Grewal held that Samsung had violated the Protective Order hundreds of times and awarded Apple and Nokia their reasonable fees and costs as a sanction.  In connection with that ruling, Judge Grewal also concluded that Samsung had waived any claim of privilege over seven documents cited in the Sanctions Order (Tabs 6, 19, 20, 215, 222, 255, and 272; collectively the "Waiver Documents") based on Samsung's offer to produce those documents.  Samsung contested both the sanctions award and the waiver finding. The Court subsequently affirmed the sanctions award in full, but reversed the waiver finding that Judge Grewal had predicated on Samsung's offer to produce.  The Court then remanded with instructions for Judge Grewal to consider in the first instance the remaining arguments as to "[w]hether Samsung waived or is otherwise not entitled to assert privilege."  (Dkt. 3194 at 10.)

On remand, Judge Grewal concluded that Samsung waived any claim of privilege over the Waiver Documents for three reasons:  (1) Samsung selectively disclosed privileged information; (2) Samsung put the contents of the Waiver Documents at issue in the sanctions proceeding; and (3) Samsung distributed privileged information to individuals outside the scope of the privilege. (Dkt. 3237 at 9.)  Each of these grounds alone supports Judge Grewal's order finding waiver and compelling Samsung to produce the Waiver Documents to Apple.  As detailed below, because Samsung's arguments to the contrary are incorrect as a matter of fact and law, Apple respectfully requests the Court to affirm that Samsung waived privilege as to the Waiver Documents and to require Samsung to produce those documents to Apple.[1]

II.     **ARGUMENT**

    A.     **Samsung Waived Privilege By Selectively Disclosing Contents Of The Waiver Documents.**

As Judge Grewal properly found (Dkt. 3237 at 9), any privilege claim over the Waiver

---

[1] This Opposition addresses only the seven Waiver Documents sought in Apple's motion to compel (Dkt. 3212) and that Judge Grewal ordered Samsung to produce to Apple.  It does not address the additional documents Samsung was ordered to produce in response to Nokia's separate motion to compel (Dkt. 3213).

Documents was waived when Samsung and its employees selectively disclosed certain portions of the Waiver Documents while simultaneously concealing other portions under a guise of privilege. This attempt to use privilege as both a sword and a shield presents a classic case of waiver. *See Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340-41 (9th Cir. 1996) (noting a waiver inquiry "is rooted in notions of fundamental fairness" and the primary purpose of the waiver doctrine is "to protect against the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable"). Samsung's claims to the contrary are unpersuasive.

*First*, Samsung asserts that it did not disclose any privileged information, and instead only disclosed the "general subject matter" of the communications at issue. (Mot. at 2.) Of course Apple has not had the opportunity to review the documents, because Samsung has withheld them. But Judge Grewal has reviewed each document *in camera*, and based on that review, has determined that "Samsung disclosed ***details*** about" the Waiver Documents in at least seven instances. (Dkt. 3237 at 14 & n.65 (emphasis added).) By failing to contest that finding with respect to six of those cited instances, Samsung has waived any ability to challenge Judge Grewal's findings with regard to Samsung's use of the Waiver Documents as both a shield and a sword. *See United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2005) ("[A]rguments not raised by a party in its opening brief are deemed waived ….").

Moreover, although Samsung specifically addresses the seventh example cited by Judge Grewal—involving the declaration of Samsung attorney, Daniel Shim, regarding Tab 6 (Dkt. 2556-16)—the cited portion of his declaration (paragraph 8) plainly discloses more than just "general subject matter." To the contrary, paragraph 8 describes the particulars of supposedly privileged information contained in Tab 6, including that Mr. Shim requested a copy of Dr. Teece's report and his specific reasons for doing so. Samsung's attempt to cast that information as not privileged for purposes of this dispute conflicts with Samsung's prior efforts to ***redact*** portions of the same paragraph on supposed privilege grounds. (*Id.*)

Samsung relies on *Holland v. Island Creek Corp.*, 885 F. Supp. 4 (D.D.C. 1995) to

suggest that its disclosures were insufficient to waive privilege.  But *Holland* merely stands for the unremarkable proposition that it is "permissible for a party to disclose the nonprivileged portions of a document while redacting the privileged material, without waiving the privilege for the entire document." *Id*. at 7.  Here, however, Samsung went beyond simply producing redacted documents; it submitted numerous declarations describing content from the same Waiver Documents that it had withheld as privileged (among others) and affirmatively relied on those descriptions in an attempt to defend itself against claims of wrongdoing.  *Holland* says nothing about excusing that type of selective use and disclosure—which constitutes waiver.[2]

**Second**, Samsung asserts that its **denials** about the content of documents cannot waive a privilege claim over the documents because they "d[o] not purport to disclose the contents of specific communication[s]."  (Mot. at 3 (internal quotation marks omitted).)  But in making that argument, Samsung simply ignores precedent holding that waiver can occur without the disclosure of the actual "contents" of specific communications—such as when a party "makes factual assertions the truth of which can only be assessed by examination of the privileged communication[s]." *See In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 470 (S.D.N.Y. 1996).

Samsung did exactly that here.  For example, in response to the Order to Show Cause why sanctions were not warranted, Samsung submitted numerous declarations in which employees made affirmative representations about what the Waiver Documents supposedly did ***not*** say.  (*E.g.*, Dkt. 2807-9 ¶ 6 (declaration of Seongwo Kim representing that "[n]o expert report of Dr. Teece [] is discussed anywhere in these emails [at Tab 222]"); Dkt. 2835-03 at 14 (arguing that the information in Tab 222 "was necessarily not derived from the Teece Report"); *id*. at 17 n.8

---

[2] Samsung's other cited cases are also inapposite. *In re Lithium Ion Batteries Antitrust Litig.*, No. 14-MD-02420, 2015 WL 1223972, at *3 (N.D. Cal. Mar. 17, 2015), involved claims of subject matter waiver stemming from an interrogatory response that referenced allegedly privileged documents.  But the court found that the underlying documents **were not privileged** in the first instance. *Id*. ("The court has reviewed the documents LG Chem identified in its response. … [N]one appear to contain or relay privileged communications or otherwise protected information.").  Here, by contrast, Judge Grewal found that Samsung's declarations had selectively disclosed the "details" of content that Samsung had withheld as privileged.  Samsung also cites *AMCO Ins. Co. v. Madera Quality Nut LLC*, No. 04-cv-06456, 2006 WL 931437, at *10 (E.D. Cal. Apr. 11, 2006), but that decision turned on a state statute not at issue here.

("Neither [Tab 255] nor its attachments contains any information taken from the Teece Report, or any information derived from other materials produced pursuant to the Protective Order.").)  As multiple courts have found, such denials waive privilege—because they involve factual assertions that only can be confirmed by a review of the documents themselves.  *See Hawkins v. Stables*, 148 F.3d 379, 384 (4th Cir. 1998) (finding privilege over communication waived where client denied that conversation occurred); *United States v. Pinho*, No. 02-814, 2003 WL 25772423, at *4 (E.D. Pa. July 8, 2003) (same).

Samsung attempts to distinguish *Hawkins* as "merely hold[ing] there is no privilege where the client denies having discussed a subject with an attorney *at all*."  (Mot. at 3 n.2.)  But in *Hawkins*, the Fourth Circuit expressly noted that its waiver ruling ***still would apply*** even if the lawyer and his client had admitted to having an actual discussion on the subject (about a phone tap) given the client's representation that her communications with counsel were not about the subject.  148 F.3d at 384 n.4 ("Even if Stables could produce sufficient evidence to convince the district court on remand that she and Diehl had a confidential conversation regarding a phone tap, the attorney-client privilege would not apply because her testimony during deposition and trial waived it.").  Moreover, Samsung provides no principled reason why denials that a privileged communication never occurred can result in waiver, but denials that privileged communications did not include certain information should not—because there is no such reason.[3]

***Finally***, Samsung protests that its waiver cannot be deemed "intentional" because the Court supposedly "compelled" Samsung to disclose privileged information.  But the Court did no such thing.  The Court only compelled Samsung to produce its ***withheld documents*** for *in camera* review (which alone did not result in waiver).  The Court also ***invited*** Samsung to file ***a brief*** in support of its privilege claims (Dkt. 2689 at 4 n.16)—an invitation that Samsung ***chose*** to accept, in part, by filing ***declarations discussing the contents*** of allegedly privileged documents and making representations about what those documents allegedly do and do not disclose.  (Dkt. 3237

---

[3] Samsung also relies on *Laser Indus. Ltd. v. Reliant Techs., Inc.*, 167 F.R.D. 417 (N.D. Cal. 1996).  (Mot. at 3.)  But unlike here, the "denials of misconduct" in that case "did ***not purport*** to disclose the contents of [] ***specific communication[s]***."  167 F.R.D. at 446 (emphasis added).

at 9 n.44 (Judge Grewal confirming "the court only invited Samsung to support its privilege claims … Samsung chose to discuss the content of withheld documents in urging that no sanctions issue").)

  **B.** **Samsung Waived Privileged By Putting The Content Of The Waiver Documents At Issue.**

  Judge Grewal's waiver finding for the seven Waiver Documents also should be affirmed because Samsung impliedly waived privilege by putting the content of those documents at issue in the sanctions proceedings.  Implied waiver of privilege occurs when:  "(1) the party asserting the privilege acts affirmatively (2) to place the privileged communication in issue between the party seeking discovery and itself (3) such that denying access to the communication becomes manifestly unfair to the party seeking discovery."  *Laser Indus.*, 167 F.R.D. at 446.  All three elements are met here.

  *First*, as Judge Grewal found, Samsung affirmatively used the Waiver Documents as supposed support for its claims that its many Protective Order violations were inadvertent and that it did not improperly use confidential business information.  (Dkt. 3237 ("Samsung put the disputed documents at issue by raising affirmative defenses … .").)  In response, Samsung argues that it was "entitled to defend itself" against allegations by Apple and Nokia (Mot. at 8), but Judge Grewal correctly found that *Samsung* originally put the documents at issue in its initial brief responding to the Court's Order to Show Cause.  (Dkt. 2835-03 (arguing that "any disclosure of confidential information was inadvertent" and that "Samsung did not use the inadvertently disclosed confidential information").)

  *Second*, Samsung "place[d] the privileged communications in issue" when it relied on the Waiver Documents as purported evidence that it had not violated the Protective Order.  Samsung does not dispute that it relied on these documents during the sanctions proceedings; rather, it contends that it did not disclose any privileged content in doing so.  (Mot. at 9-10.)  But even if this were true (and it is not, as detailed above), the at-issue doctrine does not require the disclosure of privileged content—just that the communication as a whole is "put at issue," which is precisely what happened here.  *See Volterra Semiconductor Corp. v. Primarion, Inc.*, No. 08-

cv-05129, 2013 WL 1366037, at *2 (N.D. Cal. Apr. 3, 2013) ("While Primarion suggests that a privileged communication is only put 'in issue' if its contents are specifically identified or quoted, it has not cited any authority for that proposition, which the Court finds to be incorrect.").

*Third*, at this stage of the case, denying Apple access to the communication would be "manifestly unfair" given Judge Grewal's well-supported finding that Samsung has attempted to use the Waiver Documents as both "a shield and a sword," which has "limited Apple and Nokia's ability to assess or challenge [Samsung's] assertions" during the sanctions proceedings.  (Dkt. 3237 at 10.)  Thus, production of the Waiver Documents now is warranted so that Apple and Nokia may "fairly evaluate the court's conclusions regarding protective order violations and sanctions." (*Id*. at 5.)

## C.   Samsung Waived Privilege By Disclosing The Waiver Documents To Individuals Not Within The Scope Of The Privilege.

Judge Grewal also did not err in concluding that Samsung additionally surrendered any privilege claim over the Waiver Documents when it shared those communications with individuals outside the scope of the privilege.  Samsung's objections are unpersuasive.

*First*, Samsung argues that Judge Grewal "err[ed] in failing to recognize that many of the documents at issue are communications with outside counsel." (Mot. at 11.)  With respect to the Waiver Documents, however, the majority of communications at issue were ***not*** with outside counsel alone (Dkt. 3245-5), and as Samsung concedes (Mot. at 11), there is no presumption of privilege for communications with in-house counsel, let alone non-counsel employees.  *See U.S. v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("Because in-house counsel may operate in a purely or primarily business capacity in connection with many corporate endeavors, the presumption that attaches to communications with outside counsel does not extend to communications with in-house counsel.").[4]  Samsung has not met its burden to establish that these communications with in-house counsel were made in a purely legal context.

---

[4] According to Samsung's privilege log, Tabs 19 and 20 are communications between Samsung in-house attorney Mr. Shim and outside counsel alone. (Dkt. 3245-5 at 19.)  As discussed above, Samsung independently waived privilege with respect to these documents (and the other Waiver Documents) by selectively disclosing their contents and putting them at issue in these proceedings.

*Second*, Samsung maintains that its privilege log, submission of documents for *in camera* review, and declarations from select recipients of the Waiver Documents provided sufficient proof that these documents "were sent by or to attorneys acting in a legal capacity for the purpose of legal advice." (Mot. at 12.)  But selective proof that *only some* senders or recipients were acting in a legal capacity does not satisfy Samsung's burden.  "In order to show that a communication relates to legal advice, the proponent of the privilege must demonstrate that the '*primary purpose*' of the communication was securing legal advice." *ChevronTexaco*, 241 F. Supp. 2d at 1076 (emphasis added).[5]  Further, as Judge Grewal found, the Waiver Documents were distributed to numerous *other* attorneys and non-attorney employees whose role in the litigation Samsung has not explained.  Because Samsung failed to show how *each recipient* was "directly concerned with" or had "primary responsibility for the subject matter of the communication," any privilege claim was waived.  *See Barton v. Zimmer Inc.*, No. 06-cv-208, 2008 WL 80647, at *4 (N.D. Ind. Jan. 7, 2008) (emphasis added).

*Third*, Samsung incorrectly claims that Judge Grewal "err[ed] in [his] determinations" as to Tabs 6 and 215.  (Mot. at 13.)  Samsung cites declarations alleging that Tab 6 went to "Samsung in-house attorneys and other Samsung employees who are responsible for handling aspects of the *global Apple litigations*," and that Tab 215 was sent to two non-lawyers who were part of "a team" that was "involved with working with outside counsel to monitor and manage *the Apple litigations*." (Mot. at 13-14 (emphasis added) (internal quotation marks omitted).)  But as the Court properly observed, Samsung "fails to explain why it disclosed document[s] associated with the Teece report to many individuals with no apparent connection to *this* litigation."  (Dkt. 3237 at 15 (emphasis added); *see* Dkt. 2935 at 4 (concluding the Teece Report "went to hundreds of people who were in no way involved in the Apple litigation").)

Samsung widely distributed Apple's and Nokia's confidential business information to

---

[5] Samsung also alleges that Judge Grewal's Order "applies the wrong legal standard," and urges that the correct standard is set forth in *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 759-60 (D.C. Cir. 2014).  (Mot. at 13.)  This argument is both incorrect (because this Court is "free to apply the 'primary purpose' test" (Dkt. 3237 at 9)) and waived (inasmuch as Samsung did not even cite *In re Kellogg* in its opposition to Apple's motion to compel).  (Dkt. 3174.)

individuals beyond the ambit of the Protective Order and who Samsung failed to prove "need[ed] the information to carry out their work."  *See Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609, 633 (M.D. Pa. 1997).  Thus, privilege was waived.

**D.     The Waiver Documents Are Not Privileged Under The Crime-Fraud Exception.**

Even if Samsung could escape its privilege waiver based on each of the multiple grounds detailed above, the crime-fraud exception still would independently bar Samsung from asserting a privilege claim over the Waiver Documents.  It is now undisputed that Samsung violated the Protective Order in this matter hundreds of times by providing Apple's confidential license information to numerous Samsung employees and lawyers not entitled to receive that information under the Protective Order, and by repeatedly failing to provide Apple with required notice of known breaches.  (Dkt. 2935 at 13-17.)

The Court pointed to the Waiver Documents as support for its finding that Samsung and Quinn Emanuel violated the Protective Order on a massive scale.  (*E.g.*, Dkt. 2689 at 3 n.10 & Dkt. 2935 at 12 (citing Tabs 215 and 255 as evidence of "QE's failure to fully redact sensitive business information ('SBI') from the Initial Expert Report of David Teece," and concluding that the "failure to redact this information was a violation of this court's protective order"); Dkt. 2689 at 3 n.10 & Dkt. 2935 at 4 n.13 (citing Tabs 215 and 255 as showing "pervasive distribution of the SBI to Samsung employees who were not authorized to have access to it"); Dkt. 2935 at 5 n.22 (finding Tab 19 shows "a Quinn Emanuel senior associate emailed Shim a copy of the insufficiently redacted Teece Report"); *id.* at 5 n.28 (finding Tab 20 shows that "the senior associate also forwarded an email chain which highlighted for Shim precisely where confidential information could be found"); Dkt. 2689 at 3 nn.13-14 (citing Tab 90 as evidence of "Samsung's wrongful use of the disclosed SBI in preparing for … its negotiations and arbitrations with Ericsson between May 2012 and May 2013," and citing Tabs 6 and 222 as evidence of use when Samsung prepared for "its negotiations with Nokia between March 22, 2012 and June 14, 2013"); Dkt. 2935 at 6 n.32, 7 n.38, 17 & Dkt. 2689 at 3 n.15 (citing Tabs 19, 20, and 272 as evidence of "QE's failure to follow the [self-reporting] procedures set forth in Section 16 of the Protective

Order after repeated notice of the disclosure of SBI").)

The crime-fraud exception applies where, as here, the communications between an attorney and client are "sufficiently related to" or "in furtherance" of an unlawful act.  *See In re Icenhower*, 755 F.3d 1130, 1141 (9th Cir. 2014) (internal quotation marks omitted).  Because Judge Grewal found that the Waiver Documents are themselves evidence of numerous Protective Order violations, they are not privileged under the crime-fraud exception.  *See Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 337 F. Supp. 2d 862 (N.D. Tex. 2004), *rev'd on reh'g en banc*, 476 F.3d 278 (5th Cir. 2007) (en banc) (violations of a protective order are within the scope of the crime-fraud exception).[6]

### E.     Samsung Is Not Entitled To "Avoid Waiver" By Retroactively Withdrawing Statements.

Now that Samsung has been found liable for violating the Protective Order hundreds of times, it seeks to "withdraw those statements or disclosures" that are the basis for the Court's waiver finding.  (Mot. at 10.)  But Samsung cites no authority that requires a court to "afford[] an opportunity to withdraw any disclosures that are determined to yield a waiver" at ***any time***—let alone ***after*** causing more than one year of protracted discovery and briefing on the issue, and ***after*** the court has already decided that the party relied on those statements or disclosures.  (Mot. at 10; *see* Dkt. 3237 at 13 ("[T]he Ninth Circuit has never required prior notice from a court of a potential waiver, and Samsung has been on notice from Apple and Nokia that it risked waiver of its claims of privilege for nearly a year and a half.").)  Indeed, such a rule would eviscerate the entire purpose of the waiver doctrine; a party would be free to break the boundaries of privilege and selectively disclose only those portions of privileged documents helpful to its defense knowing that, if ultimately unsuccessful on the merits, it can simply "withdraw" those statements and avoid the consequences of waiver.  That is not the law, nor should it be.

---

[6] Judge Grewal agreed that "[t]here is precedent … holding that violations of a protective order are akin to law breaking such that communications giving rise to protective order violations fall within the crime-fraud exception," but did not reach the question of whether the exception is applicable in this case because he concluded that Samsung waived privilege for other reasons. (Dkt. 3237 at 5-6 n.22.)

1    **F.    The Court's Waiver Finding Is Not Overbroad.**

2         Samsung incorrectly contends that Judge Grewal's Order is *per se* overbroad because it

3    allegedly "fails to engage in the required document-by-document analysis." (Mot. at 14.)  But the

4    law does not impose such a requirement, and the nearly two-decade-old unpublished opinion

5    cited by Samsung does not change that result.  In *United States v. Chevron Corp.*, No. c-94-1885,

6    1996 WL 264769 (N.D. Cal. Mar. 13, 1996), the court held that it was improper for the magistrate

7    to apply a presumption of privilege to communications with in-house counsel because doing so

8    improperly relieved the alleged holder of the privilege from the obligation to satisfy its burden to

9    establish privilege for each document at issue.  *Id*. at *4 ("Chevron bears this burden with respect

10   to *each document* which it asserts is privileged.").  In reaching that conclusion, however, the court

11   in *Chevron* explicitly stated that (1) its ruling "***does not mean that the Magistrate must provide a***

12   ***separate analysis for each … document***[]"; and (2) "[a]fter each document has been reviewed,"

13   "it is entirely appropriate for the Magistrate to group the documents into categories of documents

14   which raise similar legal issues, and to address each group as a whole."  *Id*. at *6.  And in any

15   event, Judge Grewal ***did individually consider*** each of the Waiver Documents and concluded that

16   Samsung waived the privilege for all seven documents.  (*E.g.*, Dkt. 3237 at 7 n.33 (citing Tab

17   222); *id*. at 8 (discussing documents in Show Cause Order, including Waiver Documents); *id*. at

18   14 (discussing selective disclosure of contents at Tabs 19, 20 and 272); *id*. at 15-16 (examining

19   disclosure of Tabs 6 and 215 to individuals beyond the scope of the privilege).)

20   **G.    Samsung Waived All Claims Of Privilege And Work Product Protection For**
21        **The Waiver Documents.**

22        Samsung argues that even if it waived attorney-client privilege, it is still entitled to

23   withhold the Waiver Documents under the work product doctrine or mediation privilege.  That

     argument is meritless.  Samsung cites several out-of-circuit cases (Mot. at 15-16), all of which
24
     involve questions of subject matter waiver, which is not at issue here, and none of which held that
25
     when a party asserts multiple privilege protections over a single document it can waive certain of
26
     those protections with impunity while maintaining the others.
27

28        Samsung has failed to cite a case supporting its position because Ninth Circuit law is clear

that "[i]f waiver occurs, it applies *to both* attorney-client privilege and work-product immunity," as well as "any [other] privilege" that might apply.  *Landmark Screens, LLC v. Morgan Lewis & Bockius LLP*, No. 08-02581, 2009 WL 3415375, at *2 (N.D. Cal. Oct. 21, 2009) (emphasis added) (citing *Bittaker v. Woodford*, 331 F.3d 715, 722 n.6 (9th Cir. 2003)); *see Shared Med. Resources LLC v. Histologies LLC*, No. 12-cv-612, 2012 WL 5570213, at *4 (C.D. Cal. Nov. 14, 2012) ("Once a litigant decides to affirmatively rely on privileged information thereby placing said information into issue … *any* privilege that may attach is impliedly waived." (emphasis added)).  Thus, Judge Grewal's finding that Samsung waived privilege by selectively disclosing and putting the contents of the Waiver Documents at issue applies to *all* of Samsung's privilege and work product claims.

## H.     There Is No Special Exemption For Third-Party Licensing Information.

Samsung's argument regarding third-party licensing information appears to be directed at certain documents that the Court ordered Samsung to produce to Nokia.  (Mot. at 16-17.)  To the extent that argument is requesting permission to produce to Apple anything less than complete, unredacted versions of the seven Waiver Documents, that request should be denied.  The Court unambiguously identified the seven documents that Apple is entitled to receive and Samsung has provided no justification—factual or legal—why it is not obligated to produce those documents in their entirety.

## I.     Apple Did Not Waive The Arguments At Issue In This Motion.

The Court has already twice rejected Samsung's contention that Apple waived its arguments that the Waiver Documents are not protected by privilege.  Samsung first made this argument in connection with its Motion for Relief from the Sanctions Order—an Order in which Judge Grewal only addressed the issue of waiver based on Samsung's offer to produce the Waiver Documents (Apple and Nokia did not argue waiver on that ground).  (Dkt. 3174 at 14-15.)  In deciding that motion, the Court noted that the additional grounds for waiver that Apple had presented in response to that Motion "*have all been previously presented* to Judge Grewal." (Dkt. 3194 at 9 n.6 (emphasis added); *see also* Dkts. 2505-1, 2557-4, 2825-2.)  Consistent with its

1   finding that Apple had not waived its previously-raised arguments, the Court then remanded so

2   that the issue of "[w]hether Samsung waived or is otherwise not entitled to assert privilege over"

3   the Waiver Documents could "be decided by Judge Grewal."  (Dkt. 3194 at 10.)

4           On remand, Samsung tried again to convince Judge Grewal that Apple had not properly

5   preserved its arguments.  (Dkt. 3214-3 at 6-7.)  And again, Judge Grewal rejected this argument.

6   (Dkt. 3237 at 5 n.22 ("Because the parties raised their arguments during the original sanctions

7   proceedings, and the district judge expressly ordered the court to consider and address those same

8   arguments again, ***the court does not agree with Samsung's characterization that Apple and***

9   ***Nokia have waived their privilege challenges***." (emphasis added)).)  Samsung has identified no

10  error in these rulings or identified any new ground to justify its third request to find that Apple

11  waived its arguments.  Accordingly,  Samsung's waiver argument should (again) be rejected.

12  **III.   CONCLUSION**

13          For the foregoing reasons, Apple respectfully requests that the Court deny Samsung's

14  Motion for Relief.

15  Dated: May 7, 2015                      WILMER CUTLER PICKERING
                                            HALE AND DORR LLP
16

17

18                                          By: */s/ Mark D. Selwyn*
                                                MARK D. SELWYN
19
                                            Attorneys for Plaintiff
20                                          APPLE INC.

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on May 7, 2015 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

*/s/ Mark D. Selwyn*
Mark D. Selwyn