RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303-2282
Telephone:     650-838-2000
Facsimile:      650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (pro hac vice)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:     404-881-7000
Facsimile:      404-881-7777

Attorneys for NOKIA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>          Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Defendants. | Case No.:  5:11-CV-01846-LHK (PSG)<br><br>**NOKIA CORPORATION'S RESPONSE TO SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE (DKT. 3237)** |

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION .................................................................................................1

II.   FACTUAL BACKGROUND ................................................................................1

III.  STANDARD OF REVIEW ..................................................................................2

IV.   THE MAGISTRATE JUDGE CORRECTLY FOUND THAT SAMSUNG WAIVED
      PRIVILEGE BY PUTTING ITS COMMUNICATIONS AT ISSUE.......................................3

      A.    The Magistrate Judge Correctly Found That Samsung Alone Made
            "Inadvertence" an Issue ....................................................................4

      B.    The Magistrate Judge Correctly Found that Samsung Raised the Defense that
            the Recipients of the Teece Report Did Not Use the Unredacted Confidential
            Information ........................................................................................6

      C.    By Limiting the Order to 92 Tabs Referencing Nokia, the Magistrate Judge
            Tailored the Waiver to Those Documents He Found Relevant to Nokia's
            Needs..................................................................................................7

V.    THE MAGISTRATE JUDGE CORRECTLY FOUND THAT SAMSUNG WAIVED
      PRIVILEGE THROUGH PARTIAL DISCLOSURES............................................8

VI.   SAMSUNG HAD A MYRIAD OF OPPORTUNITIES TO AVOID WAIVER....................9

VII.  SAMSUNG'S DISCLOSURES TO ITS EMPLOYEES FURTHER SUPPORT THE
      COURT'S FINDING OF WAIVER .......................................................................10

VIII. THE MAGISTRAGE JUDGE CORRECTLY FOUND WAIVER AS TO A
      NARROW PORTION OF NOKIA'S REQUESTED DOCUMENTS...................................12

IX.   THE WORK PRODUCT AND MEDIATION PRIVILEGES DO NOT BAR
      PRODUCTION........................................................................................................13

X.    THE MAGISTRATE JUDGE PROPERLY FOUND NOKIA HAS AN INTEREST
      IN VIEWING THE DOCUMENTS THAT SAMSUNG PREVIOUSLY STATED
      RELATE TO NOKIA ...........................................................................................16

XI.   NOKIA HAS NOT WAIVED ITS ARGUMENTS CONCERNING PRIVILEGE ...............17

XII.  CONCLUSION.........................................................................................................17

1

2

# **TABLE OF AUTHORITIES**

3
**Page(s)**

**FEDERAL CASES**

4

5
*Adidas Am., Inc. v. Payless Shoesource, Inc.*,
No. CV 01-1655-RE, 2006 WL 2999739 (D. Or. Oct. 19, 2006) ................................14

6

7
*Aronson v. McKesson HBOC, Inc.*,
2005 WL 934331 (N.D. Cal. Mar. 31, 2005)...................................................................3

8
*Bittaker v. Woodford*,
331 F.3d 715 (9th Cir. 2003) .......................................................................................10

9

10
*Chevron Corp. v. Pennzoil Co.*,
974 F.2d 1156 (9th Cir. 1992) ...................................................................................4, 6

11

12
*Folb v. Motion Picture Indus. Pension & Health Plans*,
16 F. Supp. 2d 1164 (C.D. Cal. 1998) .........................................................................15

13
*Folb v. Motion Picture Indus. Pension & Health Plans*,
216 F.3d 1082 (9th Cir. 2000) .....................................................................................15

14

15
*Genetech, Inc. v. Insmed Inc.*,
236 F.R.D. 466 (N.D. Cal. 2006).............................................................................5, 6

16

17
*Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*,
669 F. Supp. 2d 1084 (N.D. Cal. 2009) .......................................................................14

18

19
*Holland v. Island Creek Corp.*,
885 F. Supp. 4 (D.D.C. 1995) .......................................................................................9

20
*In re City of Stockton, Cal.*,
475 B.R. 720 (Bankr. E.D. Cal. 2012) .........................................................................15

21

22
*In re EchoStar Commnc's Corp.*,
448 F.3d 1294 (Fed. Cir. 206)......................................................................................14

23
*In re Kidder Peabody Sec. Litig.*,
168 F.R.D. 459 (S.D.N.Y. 1996) ...................................................................................9

24

25
*Oracle Am., Inc. v. Google Inc.*,
No. C 10-03561 WHA, 2011 WL 5024457 (N.D. Cal. Oct. 20, 2011) .........................3

26

27
*Oracle Am., Inc. v. Innovative Tech. Distributors, LLC*,
No. 11-CV-01043-LHK, 2011 WL 2559825 (N.D. Cal. June 28, 2011) ..................4, 5, 6, 10, 11

28

*Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*,
    254 F.R.D. 568 (N.D. Cal. 2008) ................................................................. 13

*Ralls v. United States*,
    52 F.3d 223 (9th Cir. 1995) ........................................................................... 3

*REC Software USA, Inc. v. Bamboo Solutions Corp.*,
    No. C11-0554JLR, 2013 WL 364716 (W.D. Wash. Jan. 30, 2013) ............. 14

*Samsung SDI Co. v. Matsushita Elec. Indus. Co.*,
    No. 05-8493-AG(SHX), 2007 WL 4303261 (C.D. Cal. Feb. 15, 2007) .......... 3

*Shared Medical Resources LLC v. Histologies LLC*,
    No. 12-cv-0612-DOC, 2012 WL 5570213 (C.D. Cal. Nov. 14, 2012) ............ 8

*Tennenbaum v. Deloitte & Touche*,
    77 F.3d 337 (9th Cir. 1996) ........................................................................... 8

*Transamerica Computer Co. v. Int'l Bus. Machines Corp.*,
    573 F.2d 646 (9th Cir. 1978) ....................................................................... 14

*United States v. Chevron Corp.*,
    No. C-94-1885 SBA, 1996 WL 264769, at *6 (N.D. Cal. Mar. 13, 1996) *amended*, No. C
    94-1885 SBA, 1996 WL 444597 (N.D. Cal. May 30, 1996) .................................... 12, 13

*United States v. Graf*,
    610 F.3d 1148 (9th Cir. 2010) ....................................................................... 3

*United States v. Richey*,
    632 F.3d 559 (9th Cir. 2011) ......................................................................... 3

*United States v. Ruehle*,
    583 F.3d 600 (9th Cir. 2009) ....................................................................... 11

*Wi-LAN, Inc. v. Kilpatrick Townsend & Stockton LLP*,
    684 F.3d 1364 (Fed. Cir. 2012) ..................................................................... 2

*Wilcox v. Arpaio*,
    753 F.3d 872 (9th Cir. 2014) ....................................................................... 15

**FEDERAL STATUTES**

28 U.S.C. § 636(b)(1) ................................................................................................. 2

**RULES**

Federal Rule of Civil Procedure 72(a) ....................................................................... 2

I.     INTRODUCTION

Since July 2013, Nokia has been before this Court attempting to learn the extent of the improper disclosures of its confidential information to Samsung.  Despite Nokia's consistent arguments for nearly two years that it needed access to the actual documents using and transmitting this information, Samsung has succeeded in delaying and denying Nokia's ability to view these documents.  This process has involved multiple rounds of briefing before the Magistrate Judge and motions for relief before this Court.  Following this Court's instruction to rule on privilege issues in the first instance, the Magistrate Judge properly found that Samsung waived privilege over the course of this proceeding and that Nokia has a right to view at least 92 of the documents that transmitted its confidential information or otherwise relate to Nokia's information.  Because several of Samsung's factual arguments that are dispositive on the issue of waiver were raised before and denied by the Magistrate Judge, Samsung cannot show that the factual findings underpinning the Order Granting Nokia's Motion to Compel were clearly erroneous.  Accordingly, the Court should uphold the Magistrate Judge's Order.

II.    FACTUAL BACKGROUND

On October 2, 2013, the Magistrate Judge ordered Samsung to produce to Nokia and Apple all of the emails and communications by Samsung employees who received certain confidential information leaked by Quinn Emanuel and Samsung, in violation of this Court's Protective Order.  Much of that confidential information was Nokia's sensitive business information.  (Dkt. No. 2483 at 5; *see also* Dkt. No. 3251-1).  Samsung objected to this production, and set the parties on an extended journey to determine whether Nokia had the right to access unredacted versions of such documents.

Nokia's understanding of Samsung's widespread distribution of Nokia's confidential information has been limited by Samsung's extensive assertions of privilege.  (*See* Dkt. No. 3194).  Eventually, in an effort to review those privilege assertions as well as to determine whether sanctions were warranted for Samsung's Protective Order violations, the Magistrate Judge undertook an extensive *in camera* review of all documents over which Samsung asserted privilege, and while

those documents remained beyond the reach of Nokia, they did form the basis for the Magistrate

Judge's order sanctioning Samsung for its repeated violations of this Court's Protective Order and

pervasive distribution of Nokia's confidential information.  (*See* Dkt. Nos. 2935; 3194).  Nokia filed

a limited motion for relief from the Sanctions Order, objecting that the Magistrate Judge ruled on

sanctions without first ruling on Nokia and Apple's arguments that Samsung improperly withheld

documents on the basis of privilege.  (Dkt. No. 3136).  This Court recognized that Nokia was

entitled to a ruling on privilege and remanded the matter to the Magistrate Judge for a determination

of whether the Samsung documents at issue are privileged and, if so, "whether Nokia should receive

access to any of those materials."  (Dkt. No. 3194 at 13).  Per this Court's instruction, the Magistrate

Judge determined the narrow scope of documents Nokia is entitled to, limiting his Order to the "92

documents relevant to Nokia's confidential business information."  (Dkt. No. 3237 at 16).  As the

Magistrate Judge explained, privilege as to those documents has been waived because: (i) Samsung's

Protective Order violations (and defenses thereto) placed Samsung's distribution of Nokia's

confidential information at issue, (ii) Samsung partially disclosed the contents of these documents

through its affirmative and defensive use of them, and (iii) Samsung widely distributed these

documents to a global set of recipients who had nothing to do with this litigation.  In other words,

"Samsung placed the documents at issue, partially disclosed privileged documents and distributed

privileged document to unrelated parties."  (Dkt. No. 3237 at 9).  Samsung subsequently filed

objections to that Order.  (Dkt. No. 3248).[1]

## III.    STANDARD OF REVIEW

This Court reviews the nondispositive orders of a magistrate judge for whether they are

clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1).  Samsung argues

that the Ninth Circuit reviews district court orders on the *scope* of privilege de novo (citing *Wi-LAN,*

*Inc. v. Kilpatrick Townsend & Stockton LLP*, 684 F.3d 1364, 1368 (Fed. Cir. 2012)), and cites one

---

[1] Prior to filing its objections, Samsung filed a Motion for Leave to File Over-Length Brief.  (Dkt.
No. 3245).  The Court did not grant this motion, but Samsung nonetheless filed its over-length brief.
(Dkt. Nos. 3250-3251).  Even though the over-length brief is not properly before the Court, Nokia
timely responds to it out of an abundance of caution.

case for the proposition that district courts should do the same for magistrate judge orders.[2]

However, other district courts in this Circuit exercise greater deference and apply a clear error standard. *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 5024457, at *3 (N.D. Cal. Oct. 20, 2011) (noting that "orders of a magistrate judge on non-dispositive matters 'are not subject to de novo determination,'" and finding that the magistrate judge's privilege ruling was not clearly erroneous or contrary to law); *Samsung SDI Co. v. Matsushita Elec. Indus. Co.,* No. 05-8493-AG(SHX), 2007 WL 4303261, at *1 (C.D. Cal. Feb. 15, 2007) (reviewing a magistrate judge's finding of subject matter waiver of the attorney-client privilege (which Samsung argued for) for whether it was clearly erroneous or contrary to law).  Under either standard the Magistrate Judge's Order here is entitled to substantial deference because, as the Ninth Circuit has repeatedly made clear, a court's *factual* findings underlying its ruling on the scope of the attorney-client privilege are reviewed for clear error, and will only be disturbed if they are "illogical, implausible, or without support in the record." *United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010); *see also United States v. Richey*, 632 F.3d 559, 564 (9th Cir. 2011) ("The district court's factual findings for work-product privilege are reviewed for clear error and should not be disturbed unless the reviewing court is left with a definite and firm conviction that a mistake has been committed"); *Ralls v. United States*, 52 F.3d 223, 225 (9th Cir. 1995) ("The district court's factual findings [related to its ruling on the attorney-client privilege] are reviewed for clear error.").

## IV.   THE MAGISTRATE JUDGE CORRECTLY FOUND THAT SAMSUNG WAIVED PRIVILEGE BY PUTTING ITS COMMUNICATIONS AT ISSUE

The Magistrate Judge correctly found under the facts here that "Samsung put the disputed documents at issue by raising affirmative defenses about inadvertence and whether Nokia's confidential information actually was used" and that these defenses "extended beyond mere denial, because neither Apple nor Nokia alleged the disclosures were intentional, and proof of violation of the Protective Order did not rely on use."  (Dkt. No. 3237 at 11)  Samsung nonetheless objects that Samsung did not waive privilege when it "put the disputed documents at issue by raising affirmative

---

[2] *See Aronson v. McKesson HBOC, Inc.*, 2005 WL 934331, at *3 (N.D. Cal. Mar. 31, 2005).

defenses about inadvertence and whether Nokia's confidential information actually was used." (Dkt. No. 3237 at 11). These arguments were considered and rejected by the Magistrate, and Samsung cannot show that the Magistrate Judge erred in issuing this finding. As the Magistrate Judge explained, Samsung affirmatively raised issues that Nokia could not rebut without access to the allegedly privileged documents, thereby waiving any applicable privilege. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) ("Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived."); *Oracle America, Inc. v. Innovative Technology Distributors, LLC*, No. 11-cv-01043-LHK, 2011 WL 2559825, at *1 (N.D. Cal. June 28, 2011) ("[P]arties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials."). Accordingly, the Court should affirm the Magistrate Judge's holding on this ground of waiver.

**A.    The Magistrate Judge Correctly Found That Samsung Alone Made "Inadvertence" an Issue**

The Magistrate Judge also correctly found under the facts here that Samsung raised an affirmative defense of inadvertence for its Protective Order violations. The Order cites six examples where Samsung alleged its conduct was inadvertent. (Dkt. No. 3237 at n.53). Nonetheless, Samsung argues that the Magistrate Judge erred by finding that its "denials were affirmative." (Dkt. No. 3251 at 8). Samsung raised this same argument in opposing Nokia's Motion to Compel (*see* Dkt. No. 3215-4 at 12), and the Magistrate Judge properly rejected it in that context as well. The Court should find that the Magistrate Judge did not clearly err in issuing this finding.

The undisputed fact is that Samsung *alone* put inadvertence at issue in these proceedings in order to color its conduct in the best possible light. (*See* Dkt. No. 3213 at 8-9). Further, Samsung acknowledged multiple times that neither Nokia nor Apple alleged the disclosures were intentional. (Dkt. Nos. 2556-5 at 3 ("Not a single piece of evidence adduced in discovery, either voluntary or compelled, exists to suggest that any disclosure was intentional rather than inadvertent, *nor has*

1   *Apple or Nokia alleged as much*."); 2835 at 11 ("nor does Apple, Nokia or even the OSC allege as

2   much.")).   Thus, the Magistrate Judge was correct in rejecting Samsung's argument that its

3   statements regarding inadvertence were mere denials.  Samsung specifically argued the content of

4   the documents while simultaneously withholding them from Nokia, all to comfort the Court that

5   Samsung's self-serving description of every "single piece of evidence" should be accepted.  (*Id.*).

6   To the extent Samsung may have misrepresented that the disclosures were inadvertent, Nokia's

7   inability to see these documents "could have unfairly restricted [its] evaluation of [the Sanctions

8   Order]." (Dkt. No. 3194 at 11).

9         Without access to the underlying documents, Nokia had no meaningful way to assess or

10   refute Samsung's representations regarding the content of the evidence.   While Samsung

11   previously argued that it "was entitled to advance its legitimate, good-faith position that willfulness

12   was an element of a Protective Order violation and that its conduct here was not willful," it cited no

13   authority that a "good-faith" affirmative defense is outside the scope of a privilege waiver.

14   Further, while the Magistrate Judge correctly found that there is no intentionality requirement for

15   Protective Order violations (Dkt. No. 2935 at 8), he appeared to have considered Samsung's state

16   of mind as a mitigating factor in the Sanctions Order.  (*See, e.g.*, *id.* at 13 ("[A]lthough each

17   individual violation here may have been as inadvertent as the initial missed redaction above…").

18         Samsung cites cases for the proposition that "denials of wrongdoing do not affirmatively

19   put a party's privileged communications at issue."  (Dkt. No. 3215-3 at 11-12).   It is not the case

20   that Nokia had accused Samsung of intentionally violating the Court's Protective Order and

21   Samsung simply denied the accusation.   As described above, Samsung first *raised* the claim of

22   inadvertence; thus, its actions were not a mere denial.   One of Samsung's cited authorities

23   expressly found that a mere denial did not waive privilege, but that if the party put the

24   communications at issue, it would have to disclose "any confidential communications that may

25   verify or disprove the truth of such testimony." *Genetech, Inc. v. Insmed Inc.*, 236 F.R.D. 466, 469

26   (N.D. Cal. 2006) (stating that if the attorney-client communications were put into issue, the party

27   would have to disclose "any confidential communications that may verify or disprove the truth of

28

1   such testimony").  Samsung both raised and continuously litigated the issue of inadvertence, while

2   asserting privilege claims that prevented Nokia from meaningfully assessing or rebutting its

3   representations.  Such use of the privilege as a shield and sword waived any privilege that may

4   have applied to the *in camera* documents.  The Magistrate Judge did not err in finding that such

5   conduct waived any legitimate claim of privilege Samsung may have asserted.

6       **B.    The Magistrate Judge Correctly Found that Samsung Raised the Defense that
           the Recipients of the Teece Report Did Not Use the Unredacted Confidential
7           Information**

8       The Magistrate Judge also correctly found that under the circumstances in this matter

9   Samsung went beyond mere denials by using "privileged communications to justify its argument that

10  although there was disclosure, no recipient used Nokia's confidential business information."  (Dkt.

11  No. 3237 at 11-12).  The Order cites 13 examples to support this finding.  (*Id.* at n.54, 56).  Samsung

12  cannot show that this finding is clearly erroneous.

13      The record is clear that Samsung's positions on use of the confidential information went far

14  beyond mere denials of allegations raised by Nokia (and Apple as well).  Samsung affirmatively

15  argued that the Court could rely properly on the *ex parte* documents themselves rather than the

16  discovery actually provided to Nokia.  (Dkt. No. 2883 at 23:19–24:1 (arguing that the Court need not

17  consider inconsistencies in Mr. Daniel Shim's deposition testimony because the Court has access to

18  contemporaneous documents)).  Samsung now claims this urging to the Court was not an affirmative

19  act because "it was in response to a question from the Court seeking an explanation of witness

20  testimony."  (Dkt. No. 3215 at n.2).  However, this is precisely the type of conduct the at-issue

21  doctrine is designed to prevent.  *See, e.g.*, *Oracle America, Inc. v. Innovative Technology

22  Distributors, LLC*, No. 11-cv-01043-LHK, 2011 WL 2559825, at *1 (N.D. Cal. June 28, 2011) ("In

23  practical terms, this means that parties in litigation may not abuse the privilege by asserting claims

24  the opposing party cannot adequately dispute unless it has access to the privileged materials.  The

25  party asserting the claim is said to have implicitly waived the privilege."); *Chevron Corp. v.

26  Pennzoil Co.*, 974 F.2d 1156 (9th Cir. 1992).  Here, the Court had a question about inconsistencies in

27  a Samsung employee's deposition testimony, and Samsung answered it by citing to allegedly

28

1   privileged communications that Nokia (and Apple) had not seen and could not adequately dispute.

2       Samsung also heavily relied on information it claimed privilege over in order to argue why

3   no sanctions were warranted.  (*See* Dkt. No. 3213 at 10-12).  Samsung argues that even though it

4   cited redacted declarations to rebut arguments that it used Nokia's confidential information, it only

5   cited to "non-privileged, unredacted portions."  (Dkt. No. 3215-5 at 12).  But Samsung in fact cited

6   directly to redacted paragraphs in these declarations.  (Dkt. No. 3213 at 10-12).  In one instance,

7   Samsung even quoted a redacted sentence.  (Dkt. No. 2835 at 13 (using ellipsis to paraphrase

8   redactions in quoting Dkt. No. 2807-13, ¶ 7)).  Such arguments directly put the content of the

9   discussed documents at issue even though they were redacted for privilege.  Further, the Magistrate

10  Judge made a finding of fact that "[w]hile Samsung argues the court compelled its disclosures in

11  response to Nokia's challenge, the court only invited Samsung to support its privilege claims [and]

12  Samsung chose to discuss the content of withheld documents in urging the no sanctions issue."

13  (Dkt. No. 3237 at n.44 (internal citations omitted)).  Accordingly, by relying on the *in camera*

14  documents to argue that there is no evidence that it used Nokia's confidential information, Samsung

15  improperly invoked privilege as a shield and sword and thereby waived any potentially applicable

16  privilege.  The Magistrate Judge did not err in finding that Samsung waived privilege on this ground.

17      **C.    By Limiting the Order to 92 Tabs[3] Referencing Nokia, the Magistrate Judge
            Tailored the Waiver to Those Documents He Found Relevant to Nokia's Needs**

18

19      Samsung objects that "[t]he Order does not address whether production of the privileged

20  documents at issue is 'vital' to the fairness of any ongoing dispute."  (Dkt. No. 3251at 6).  However,

21  the Magistrate Judge explicitly considered which documents Nokia needed, ordering that Nokia was

22  entitled to see only 92 tabs for which Samsung had waived privilege while denying Nokia access to

23  the remaining documents on Samsung's privilege log where Nokia's request for access was, in the

24  Magistrate Judge's view, not sufficiently satisfied.  (Dkt. No. 3237 at 17).  As Nokia argued in

25  support of its Motion to Compel, the *in camera* documents are relevant to whether the transmissions

26

27  [3] As used herein, "tabs" refers to the documents listed on Samsung's log of documents submitted *in camera* to Judge Grewal.  (*See* Dkt. No. 3194 at n.3).

28

of Nokia's confidential information were inadvertent and to whether Samsung used Nokia's confidential information.  (Dkt. No. 3213 at 6-12).  Prior to remanding for resolution of privilege issues, this Court found that the *in camera* review prior to ruling on sanctions "could have unfairly restricted Nokia's evaluation of Judge Grewal's rulings regarding Protective Order violations and sanctions."  (Dkt. No. 3194 at 11).  Thus, the issue of which documents Nokia had a need to see was fully before the Magistrate.  The Magistrate Judge thus narrowed his ruling to the 92 tabs that Samsung acknowledged refer to the Nokia-Apple license and that he agreed are relevant to Nokia's needs in this matter.[4]

## V.   THE MAGISTRATE JUDGE CORRECTLY FOUND THAT SAMSUNG WAIVED PRIVILEGE THROUGH PARTIAL DISCLOSURES

In addition to finding that under the circumstances in this matter Samsung waived privilege by putting documents at issue, the Magistrate Judge found that Samsung waived privilege by "disclosing information contained in withheld or redacted documents."  (Dkt. No. 3237 at 14).  In its Motion to Compel, Nokia provided an extensive discussion as to how Samsung had disclosed details relating to three tabs, Tabs 19, 20, and 272, on multiple occasions.  (Dkt. No. 3213 at 12-15).  By disclosing details of these documents, Samsung waived any applicable privilege.  *Shared Medical Resources LLC v. Histologies LLC*, No. 12-cv-0612-DOC, 2012 WL 5570213 at *4 (C.D. Cal. Nov. 14, 2012).  Samsung previously acknowledged that this rule is designed "to protect against the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable."  (Dkt. No. 3215-3 at 16 (citing *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340-41 (9th Cir. 1996))).

Samsung in turn has argued, both in opposition to Nokia's Motion to Compel and again here, that the partial disclosure doctrine does not apply because its disclosures did not reveal any privileged information.  (Dkt. Nos. 3215-3 at 16-17; 3251 at 1-4).  The Magistrate Judge explicitly

---

[4] Nokia, of course, has not seen fully unredacted versions of any of the documents listed on Samsung's privilege log or had an opportunity to consider any further issues they present or implicate.

1    rejected this argument, finding that "Samsung protests that it relied on only non-privileged

2    information, but the record proves otherwise" and that Samsung disclosed "information contained in

3    withheld or redacted documents." (Dkt. No. 3237 at 12, 14).  The documents produced to Nokia

4    were redacted based on privilege for all information except for the identity of the senders and

5    recipients—information already on Samsung's privilege log.  (*See* Dkt. Nos. 3163-3; 3164-4; 3164-

6    5).  "It is permissible for a party to disclose the nonprivileged portions of a *document* while

7    *redacting the privileged material*, without waiving the privilege for the entire document."  *Holland*

8    *v. Island Creek Corp.*, 885 F. Supp. 4, 7 (D.D.C. 1995) (emphasis added).   Here, however,

9    Samsung's disclosures in declarations and depositions discussed information that had been redacted

10   from the produced documents.  (*Compare* filings cited in Dkt. No. 3213 at 12-15 with Dkt. Nos.

11   3163-3; 3154-4; 3164-5).  In short, Samsung cannot assert privilege through blanket redactions and

12   then allege the same material is non-privileged in order to make selective, partial disclosures as it

13   suits Samsung.   There is no authority which supports such gamesmanship and the weight of

14   authority holds that this behavior properly results in waiver.   The Magistrate Judge correctly

15   recognized this in finding that "[a] party may neither disclose nor dispute contents of documents

16   while simultaneously concealing other portions under a claim of privilege, when the truth of the

17   party's statements 'can only be assessed by examination of the privileged communication."  (Dkt.

18   No. 3237 at 15 (citing *In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 470 (S.D.N.Y. 1996))).

19   The Magistrate Judge further found that the arguments Samsung made as to its withheld documents

20   "go [to] the merits" of the Protective Order dispute.  (Dkt. No. 3237 at 15).   Accordingly, the

21   Magistrate Judge did not err in finding that Samsung's partial disclosures waived privilege.

22   **VI.     SAMSUNG HAD A MYRIAD OF OPPORTUNITIES TO AVOID WAIVER**

23          Samsung maintains that the Magistrate Judge's Order should be reversed because Samsung

24   was not "afforded an opportunity to withdraw any disclosures that are determined to yield a waiver."

25   (Dkt. No. 3251 at 10).  But "the Ninth Circuit has never required prior notice from a court of a

26   potential waiver," (Dkt No. 3237 at 13), and Samsung's numerous opportunities to withdraw its

27   arguments relying on (allegedly) privileged documents sharply distinguish this case from the case

28

1    law cited by Samsung.

2         Samsung's reliance on *Bittaker* for the proposition that it never had an opportunity to

3    withdraw its defenses is unfounded.  (Dkt. No. 3251 at 10).  The general description of the at-issue

4    waiver provided in *Bittaker* does not require that a party have prior notice from a *court* of a potential

5    waiver.  *Bittaker v. Woodford*, 331 F.3d 715, 720-21 (9th Cir. 2003) (describing "implications"

6    flowing from the at-issue doctrine cases).  As the Magistrate Judge found (in a finding of fact

7    entitled to significant deference), "Samsung has been on notice from Apple and Nokia that it risked

8    waiver of its claims of privilege for nearly a year and a half."  (Dkt. No. 3237 at 13).  Samsung does

9    not and cannot dispute this finding.  Indeed, Nokia (and Apple) made their waiver positions known

10   to Samsung back in October 2013.  (*See* Dkt. Nos. 2557-4 at 2, 13; 2558-3 at 12-13).  Nonetheless,

11   Samsung chose to continue relying on the same arguments throughout the proceedings.

12        Samsung's further citation to *Oracle Am., Inc. v. Innovative Tech. Distributors, LLC*, No. 11-

13   CV-01043-LHK, 2011 WL 2559825 (N.D. Cal. June 28, 2011) is also misplaced.  In *Oracle Am.*, as

14   this Court is familiar, a party requested the opportunity to lodge privileged documents *in camera* to

15   support its motion to disqualify counsel.  This Court denied that party's request because, in fairness,

16   the party could not rely on privileged information without providing the opposite party "access to the

17   same materials."  *Id.* at *2.  Unlike in *Oracle Am.*, Samsung repeatedly placed the information in

18   these documents (and the documents themselves) at issue in support of its legal positions in this

19   dispute.  In fact, that was the basis for this Court's previous Order remanding to the Magistrate

20   Judge with instruction to determine "whether due process requires that Nokia receive" access to the

21   documents at issue.  (Dkt. No. 3194 at 13).  Samsung cannot now argue that it should now be offered

22   an opportunity to withdraw its defenses and affirmative assertions after relying on privileged

23   information for over a year and a half's worth of litigation during which it knew full well that waiver

24   was a strong possibility.

25   **VII.    SAMSUNG'S DISCLOSURES TO ITS EMPLOYEES FURTHER SUPPORT THE
             COURT'S FINDING OF WAIVER**

26

27        Samsung argues that the Magistrate Judge's Order should be reversed because the Order

28

1   found, as an independent basis for finding waiver, that, under the circumstances presented here,

2   Samsung had impermissibly effected a widespread distribution of privileged information to "many

3   individuals with no apparent connection to this litigation."  Dkt. No. 3237 at 15.  But the Magistrate

4   Judge's finding of waiver on this basis is well-grounded on the facts, and this Court should affirm

5   the Order's finding of partial waiver on this independent basis.

6        Samsung makes three arguments that its disclosures to employees and in-house counsel do

7   not establish waiver.  The first of these is that certain tabs subject to the Order are emails to outside

8   counsel.  But Samsung's statement that the Order "provides no basis for vitiating the privilege over

9   the communications with outside counsel" ignores that the Order's finding of waiver is based

10  primarily on Samsung's at issue and selective disclosure waivers.  (Dkt. No. 3251 at 11; Dkt. No.

11  3237).  That Samsung has failed to even substantiate the privilege as to many of the documents

12  ordered produced only further justifies the Magistrate Judge's Order.

13       Second, Samsung argues that it has adequately substantiated the privilege with respect to

14  emails with in-house counsel, contrary to the Magistrate Judge's finding that "Samsun[g] has failed

15  even the most generous reading of its threshold burden."  (Dkt. No. 3237 at 17).  As the Magistrate

16  Judge explained in his analysis of the facts presented here, the "presumption that attaches to

17  communications with outside counsel does not extend to communications with in-house counsel."

18  (*Id.* at 16).  Thus, Samsung's generic statements that certain of these emails were sent to Samsung

19  employees to provide Samsung with legal advice are simply insufficient.  (*Id.*)  Moreover, no burden

20  has shifted to Apple or Nokia, and Samsung cannot blame Apple or Nokia for its failure to meet its

21  own burden.  *Cf. United States v. Ruehle*, 583 F.3d 600, 608 (9th Cir. 2009) ("The party asserting the

22  privilege bears the burden of proving each essential element.")

23       Samsung also argues that the Court applied the wrong standard to its "single paragraph"

24  finding waiver as to emails with its own employees—by citing to an entirely separate portion of the

25  Magistrate Judge's Order.  (Dkt. No. 3251 at 13; Dkt. No. 3237 at 8 n.38).  It was not error for the

26  Magistrate Judge to not apply Samsung's proposed "because of" test when the Magistrate Judge

27  determined whether communications were made for a business purpose; the Magistrate Judge

28

1   thoroughly reviewed Ninth Circuit law in his Order and reasonably sided with a number of courts in

2   this Circuit on this point.  (Dkt. No. 3237 at 8 n.38).

3          Third, Samsung argues that the Magistrate Judge erred as to two particular documents

4   discussed: Tabs 6 and 215.  Both are examples of Samsung's distribution of the Teece report—the

5   document containing Nokia's unredacted confidential information—to "many individuals with no

6   apparent connection to this litigation."  (Dkt. No. 3237 at 15).  Though Samsung argues that the

7   inclusion of outside counsel (unrelated to this litigation) on one of these tabs renders the Court's

8   analysis faulty, Samsung misses the point: Samsung waived the privilege through its insertion of

9   issues into this litigation, and through selective disclosure of privileged information, and Samsung's

10  failure to adequately meet *its* burden of establishing privilege as to certain emails disseminating

11  Nokia's confidential information to its own employees only further supports the Magistrate Judge's

12  finding of waiver here.

13  **VIII.   THE MAGISTRAGE JUDGE CORRECTLY FOUND WAIVER AS TO A NARROW
        PORTION OF NOKIA'S REQUESTED DOCUMENTS**

14

15         The Magistrate Judge considered Nokia's request for production of the 279 documents

16  reviewed *in camera*.  The Judge ordered to be produced to Nokia only 92 of those—the 92

17  documents that he determined relevant to Nokia's confidential business information.  (Dkt. No. 3237

18  at 16).  Samsung nonetheless asserts that this order should be reversed because it fails to engage in a

19  "document-by-document analysis."

20         Samsung's case law suggests otherwise.  In *U.S. v. Chevron*, the Court did agree that the

21  "Magistrate erred by not making a specific finding of fact with respect to each controverted

22  document."  *United States v. Chevron Corp.*, No. C-94-1885 SBA, 1996 WL 264769, at *6 (N.D.

23  Cal. Mar. 13, 1996) *amended*, No. C 94-1885 SBA, 1996 WL 444597 (N.D. Cal. May 30, 1996).

24  But that was not the end of its holding:

25         This, however, does not mean that the Magistrate must provide a separate analysis for each
           of the over six hundred documents. After each document has been reviewed, and Chevron
26         has met its burden with respect to that document, it is entirely appropriate for the Magistrate
           to group the documents into categories of documents which raise similar legal issues, and to
27         address each group as a whole.

28

1    *Id.*   That is exactly what the Magistrate Judge did here.  (Dkt. No. 3237 at 16) (after reviewing each

2    document, finding "a waiver no broader than needed to ensure the fairness of the proceedings before

3    it") (citation omitted).  In fact, limiting a finding of a waiver as to a narrow category of documents,

4    as the Magistrate Judge did, is not unusual in this District.  *See, e.g., Phoenix Solutions Inc. v. Wells*

5    *Fargo Bank, N.A.,* 254 F.R.D. 568, 578 (N.D. Cal. 2008) (finding waiver on a category-by-category

6    basis).  Samsung's contention that a Judge must explicitly enumerate the reasons the privilege was

7    waived as to each document at issue flies in the face of the purpose behind "at issue" and "selective

8    disclosure" waiver, and should be rejected.

9    **IX.    THE WORK PRODUCT AND MEDIATION PRIVILEGES DO NOT BAR**
     **PRODUCTION**

10          Samsung's claim that its work product objections bar disclosure here also fails.  This is first

11   because Samsung's invocation of work product protection was insufficient under the facts presented,

12   and second, because Samsung's placement of at least 92 documents tabs at issue and selective

13   disclosure of those documents to Apple and Nokia justify any work product waiver in this case and

14   align this Court's review of work product waiver with waiver of Samsung's attorney-client privilege.

15          First, a brief review of Samsung's claim of "work product" protection reveals its

16   insufficiency.  Samsung asserts work product protection over every single document over which it

17   claims the attorney-client privilege.  (*See* Dkt. No. 3251-2).  Most of these entries show no evidence

18   whatsoever of meriting work product protection.  (*Id.* at 1 tab 1 ("Email with outside counsel

19   reflecting and seeking legal advice regarding licensing, in anticipation of litigation")).  Presumably,

20   Samsung also invokes the work product doctrine because several of the tabs at issue include the

21   Expert Report of David Teece.  But that is the very document Samsung used to violate this Court's

22   Protective Order by "repeatedly distributing unredacted copies," including Nokia's confidential

23   information, and using those documents to argue that Samsung did not use Nokia's confidential

24   information on numerous occasions.  (*See* Dkt. No. 3237 at 3, 11).

25          Second, Samsung relies on out-of-circuit case law to argue that the scope of its work product

26   waiver should be limited even narrower than to the 92 specific tabs discussing Nokia's confidential

information.  (Dkt. No. 3251 at 15-16).  Work product waiver is based on the fairness of the adversarial system, and when a party waives through disclosure to its adversaries in litigation, work product waiver generally follows attorney-client privilege waiver.  *Transamerica Computer Co. v. Int'l Bus. Machines Corp.*, 573 F.2d 646, 648 n.1 (9th Cir. 1978) ("While there is an important distinction between the rules governing when each type of protection has been waived . . . this distinction is unimportant here where the third person to whom the disclosure was made . . . was IBM's adversary in litigation); *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.,* 669 F. Supp. 2d 1084, 1092 (N.D. Cal. 2009) ("In such a case, work-product waiver may be analyzed using the same analysis as for attorney-client privilege waiver.").  Samsung disclosed the documents at issue both to non-parties *and* through selective disclosures to Apple and Nokia, so a waiver of the attorney-client privilege suggests a waiver of work product protection as well.

Furthermore, Ninth Circuit caw law suggests a broader waiver than Samsung acknowledges in cases like this one, where a party waives via issue injection and selective disclosure. (Dkt. No. 3227 at 9) ("Samsung placed the documents at issue, partially disclosed privileged documents and distributed privileged documents to unrelated parties."); *cf. REC Software USA, Inc. v. Bamboo Solutions Corp*., No. C11-0554JLR, 2013 WL 364716, at *4 (W.D. Wash. Jan. 30, 2013) ("*Unless* a party *affirmatively places attorney opinions at issue* (referred to as "issue injection") *or engages in selective disclosure*, disclosure of additional opinion work product is not likely justified.") (emphasis added).  The law fully acknowledges that waiver of work product is justified under factual findings such as those made by the Magistrate Judge here.  Samsung's citation to cases such as *In re EchoStar Commnc's Corp.*, 448 F.3d 1294 (Fed. Cir. 206) do not further its cause.  *See Adidas Am., Inc. v. Payless Shoesource, Inc*., No. CV 01-1655-RE, 2006 WL 2999739, at *1 (D. Or. Oct. 19, 2006) (disavowing *EchoStar* and collecting Ninth Circuit case law for the proposition that work product protection can be waived, in some contexts, for both undisclosed and disclosed documents and information).  The Magistrate Judge found waiver by both issue injection and selective disclosure here and narrowly tailored his relief to 92 specific tabs that he found relevant to Nokia's confidential information, so Samsung's proposed further limitation should be rejected.

1    Finally, Samsung also alleges that certain documents are protected by a "mediation

2    privilege," and are therefore outside the scope of documents Nokia may be entitled to see.  (Dkt. No.

3    3251 at 16).  The Ninth Circuit has not determined that a federal mediation privilege even exists.

4    *See Wilcox v. Arpaio*, 753 F.3d 872, 877 (9th Cir. 2014) ("We thus need not determine whether a

5    mediation privilege should be recognized under federal common law and, if so, the scope of such a

6    privilege."); *In re City of Stockton, Cal.*, 475 B.R. 720, 731 (Bankr. E.D. Cal. 2012) ("[N]o

7    settlement discussion privilege or mediation privilege is recognized in either the U.S. Constitution,

8    or a federal statute, or rules prescribed by the Supreme Court").

9    Moreover, Samsung's tangential objection to production on the basis of a claimed mediation

10   privilege wholly fails to amount to a showing that any such privilege should apply under the facts

11   presented here.  First, Samsung's own privilege log did not assert a mediation privilege over these

12   documents, instead claiming only "ACP/WP" protection over each document.  (*See* Dkt. No. 3213-

13   2).  Second, Samsung's record of objecting to production on this basis is made up of sparse

14   conclusory statements.  (Dkt. No. 2835-3 at 5 ("4 documents are subject to a third-party mediation

15   privilege and other confidentiality claims that Samsung is not in a position to waive"); Dkt. No.

16   3165-3 at 5 ("each of the eleven documents cited in the OSC is protected by the attorney-client

17   privilege, work-product doctrine, and/or the mediation privilege"); Dkt. No. 3135-15 at 1 n.1

18   ("Samsung is unable to produce document nos. 87, 90, 261.55 and 274, because they are subject to

19   third-party mediation privilege and other confidentiality claims that Samsung is not in a position to

20   waive.")).  These objections are far from satisfying the alleged mediation privilege's required

21   showing that information be "disclosed in conjunction with [formal] mediation proceedings with a

22   neutral."  *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1180 (C.D.

23   Cal. 1998) *aff'd sub nom. Folb v. Motion Picture Indus. Pension & Health Plans*, 216 F.3d 1082 (9th

24   Cir. 2000).

25   Merely stating that one is "not in a position to waive" that privilege is not grounds for relief

26   from this court-ordered production.  And even if such a privilege did exist, were properly asserted

27   and established (which is not the case here), there is no reason on the facts or in the law that a

28

1    mediation privilege would not also be waived by a party who waives the attorney-client privilege

2    through issue injection and selective disclosure.

3    **X.    THE MAGISTRATE JUDGE PROPERLY FOUND NOKIA HAS AN INTEREST IN
         VIEWING THE DOCUMENTS THAT SAMSUNG PREVIOUSLY STATED RELATE**

4    **TO NOKIA**

5           The Magistrate Judge's order found that Nokia was entitled to receive only 92 of the 279 tabs

6    on Samsung's privilege log as "relevant to Nokia's confidential business information."  (Dkt. No.

7    3237 at 16).  Samsung now argues that this provides an additional basis for reversal because these

8    tabs are allegedly irrelevant to the Apple-Nokia license.  (Dkt. No. 3248 at 5).  However, Samsung

9    fails to provide the Court with proper context for its argument.

10          As shown by Exhibits A to D of Samsung's extended Motion for Relief, Samsung provided

11   Nokia and Apple with over 800 pages of privilege logs as to the documents the Magistrate Judge

12   ordered Samsung to produce.  (Dkt. No. 3251-2).  Nonetheless, the very first time Samsung argued

13   that only 92 of the tabs on its privilege log referred to Nokia's confidential information was in late

14   2014 in opposition to Nokia's Motion to Compel (Dkt. No. 3220-3 at 20).  The Magistrate Judge

15   considered this argument and found that allowing Nokia access to these 92 specific tabs, but not the

16   remaining tabs, was fair.  (Dkt. No. 3237).  Now, Samsung (once again) raises an argument for the

17   first time, arguing that "[o]nly 17 of the lead communications behind the 92 tabs refer to the Apple

18   Nokia license."  (Dkt. No. 3251 at 17).  As the Court is aware, the Magistrate Judge conducted an

19   extensive *in camera* review of every document on Samsung's privilege log.  (Dkt. No. 2935).  The

20   Magistrate Judge further reconsidered all of the documents on Samsung's privilege log in

21   considering Nokia and Apple's challenges to Samsung's privilege assertions.  (Dkt. No. 3237).

22   Thus, there is no reason to believe the Magistrate erred in determining as a factual matter which

23   documents are relevant to Nokia, particularly since the group of 92 tabs was first proposed by

24   Samsung as the relevant set.  Further, to the extent any produced documents contain third-party

25   information, Nokia has previously agreed to be bound by the Protective Order in this case (Dkt. No.

26   2434 at 2); thus, any produced information would only be used under the applicable confidentiality

27   designation.  Accordingly, there is no reason to overturn the Order on this ground.

28

## XI.  NOKIA HAS NOT WAIVED ITS ARGUMENTS CONCERNING PRIVILEGE

This Court explicitly allowed Nokia to raise its privilege objections upon remand to the Magistrate Judge.  (Dkt. No. 3194) ("Upon remand, Nokia may seek determination from Judge Grewal on the questions of privilege as to the Samsung documents reviewed *in camera* and whether Nokia should receive access to any of those materials.").  In ruling on Nokia's Motion to Compel, the Magistrate Judge explicitly found that Nokia had not waived its argument.  (Dkt. No. 3237 at n.20 ("Because the parties raised their arguments during the original sanctions proceedings, and the district judge expressly ordered the court to consider and address those same arguments again, the court does not agree with Samsung's characterizations that Apple and Nokia have waived their privilege challenges.")).  Samsung's argument that the Magistrate Judge's Order should be reversed because it followed this Court's instruction borders on the frivolous given that it has been argued and decided.  (*See* Dkt. No. 3165) (Samsung arguing to this Court that Nokia had waived its privilege arguments).  As has already been decided and as Nokia has extensively briefed on several occasions, Nokia promptly raised each of the meritorious arguments and has not waived them.  (*See* Dkt. Nos. 3219 at 11-13; 2558 at 12-13; 2581 at 29; 2872-5 at 9).

## XII.  CONCLUSION

For at least the foregoing reasons, the Court should affirm the Magistrate Judge's Order compelling Samsung to produce documents over which it waived privilege.


DATED: May 7, 2015                           Respectfully submitted,

                                             ALSTON & BIRD, LLP
                                             */s/ Ryan W. Koppelman*
                                             RANDALL L. ALLEN (Ca. Bar No. 264067)
                                             randall.allen@alston.com
                                             RYAN W. KOPPELMAN (Ca. Bar No. 290704)
                                             ryan.koppelman@alston.com
                                             ALSTON & BIRD LLP
                                             1950 University Avenue, 5th Floor
                                             East Palo Alto, CA 94303-2282
                                             Telephone:  650-838-2000 / Facsimile:  650-838-2001
                                             *Attorneys for NOKIA CORPORATION*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2014, I electronically filed the foregoing **NOKIA CORPORATION'S RESPONSE TO SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE (DKT. 3227)** with the Clerk of Court using the CM/ECF system, which will automatically send email notification to the parties and counsel of record.

This 7th day of May, 2015.

*/s/Ryan W Koppelman*
RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303-2282
Telephone:650-838-2000
Facsimile: 650-838-2001

*Attorneys for NOKIA CORPORATION*