QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S REPLY TO APPLE'S OPPOSITION TO MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE (DKT. 3237)** |

# TABLE OF CONTENTS

**Page**

ARGUMENT .................................................................................................................................. 1

I. THE ORDER'S IMPOSITION OF A BROAD WAIVER BASED ON PURPORTED SELECTIVE DISCLOSURES IS UNSUPPORTED .................................. 1

    A. Samsung Did Not Selectively Disclose Privileged Information .............................. 1

    B. There Is No Basis For Imposing A Waiver As To Undisclosed Information ........... 4

II. APPLE OFFERS NO DEFENSE FOR THE IMPLIED WAIVER RULING ...................... 5

III. DISCLOSURES TO SAMSUNG'S OWN ATTORNEYS AND EMPLOYEES DID NOT WAIVE PRIVILEGE ............................................................................................... 6

IV. APPLE'S CRIME-FRAUD ARGUMENT IS MERITLESS ................................................ 9

V. APPLE AND NOKIA WAIVED THEIR PRIVILEGE CHALLENGES .......................... 10

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page**

### Cases

*AMCO Ins. Co. v. Madera Quality Nut LLC*,
  2006 WL 931437 (E.D. Cal. Apr. 11, 2006) .............................................................................. 2

*In re Grand Jury Investigation*,
  974 F.2d 1068 (9th Cir. 1992) ................................................................................................... 8

*Hawkins v. Stables*,
  148 F.3d 379 (4th Cir. 1998) ..................................................................................................... 3

*Holland v. Island Creek Corp.*,
  885 F. Supp. 4 (D.D.C. 1995) ................................................................................................... 2

*In re Icenhower*,
  755 F.3d 1130 (9th Cir. 2014) ................................................................................................... 9

*In re Kidder Peabody Securities Litigation*,
  168 F.R.D. 459 (S.D.N.Y. 1996) ........................................................................................... 3, 6

*Laser Indus. Ltd. v. Reliant Techs., Inc.*,
  167 F.R.D. 417 (N.D. Cal. 1993) .............................................................................................. 3

*In re Lithium Ion Batteries Antitrust Litig.*,
  2015 WL 1223972 (N.D. Cal. Mar. 17, 2015) .......................................................................... 2

*Magnesystems, Inc. v. Nikken, Inc.*,
  933 F. Supp. 944 (C.D. Cal. 1996) .......................................................................................... 10

*Mohawk Indus., Inc. v. Carpenter*,
  558 U.S. 100 (2009) ................................................................................................................... 9

*In re Napster, Inc. Copyright Litig.*,
  479 F.3d 1078 (9th Cir. 2007) .............................................................................................. 9, 10

*Positive Software v. New Century Mortgage*,
  337 F. Supp. 2d 862 (N.D. Tex. 2004), *rev'd on reh'g en banc*, 476 F.3d 278 (5th Cir. 2007)
  (*en banc*) ................................................................................................................................. 10

*Roberts v. Legacy Meridian Park Hosp., Inc.*,
  2015 WL 1608088 (D. Or. Apr. 10, 2015) ................................................................................ 3

*United States v. Pinho*,
  2003 WL 25772423 (E.D. Pa. July 8, 2003) ............................................................................. 3

*Volterra Semiconductor Corp. v. Primarion, Inc.*,
  2013 WL 1366037 (N.D. Cal. Apr. 3, 2013) ............................................................................. 6

**Statutes**

*Fed. R. Evid.* 502(a) ...........................................................................................................................4

**Introduction**

Apple, like Nokia, does nothing to explain away the numerous fatal flaws in the Magistrate Judge's Order. Apple focuses on the incorrect premise that Samsung selectively disclosed privileged information, but like the Order itself fails to identify a single disclosure of such information by Samsung, as opposed to disclosures of facts that are not privileged. Moreover, Apple again fails even to cite the controlling Federal Rule of Evidence governing waiver and ignores its mandatory elements. The Court should reverse the Magistrate Judge's Order and bring an end to this post-judgment proceeding.[1]

**Argument**

**I. THE ORDER'S IMPOSITION OF A BROAD WAIVER BASED ON PURPORTED SELECTIVE DISCLOSURES IS UNSUPPORTED**

**A. Samsung Did Not Selectively Disclose Privileged Information**

Apple and Nokia parrot the Order's conclusions that Samsung disclosed privileged communications but make little effort to *show* that such disclosures were made. Samsung addresses Nokia's arguments in its concurrently-filed reply, and Apple's below.

First, Apple cites a single example of a purported selective disclosure—one paragraph of one of Samsung's 16 declarations—which Apple claims disclosed "more than just 'general subject matter'" of a withheld document. Apple Opp. at 2. Yet Apple fails to acknowledge the actual text of that paragraph, which merely stated that a request by the declarant (Mr. Shim) for a copy of the Teece report "was in connection with the case brought by Microunity against Samsung in Texas." Dkt. 2556-16 at ¶ 8. This disclosed the case to which a withheld document related, but did not disclose the substance of the communication—this is the type of information commonly included on privilege logs, and included in Apple's own privilege log entries in this case. *See,*

---

[1] Apple and Nokia filed separate opposition briefs collectively totaling 30 pages (Dkts. 3254, 3255) in response to the Court's Order permitting an 18-page response to Samsung' Motion for Relief (Dkt. 3249). Their oppositions make substantially identical arguments regarding the requirement that Samsung be afforded an opportunity to avoid a broad waiver (*see* Apple Opp. at 9; Nokia Opp. at 9-10); the need for the Court to make waiver determinations on an individualized basis (*see* Apple Opp. at 10; Nokia Opp. at 12); and the protective effects of the work product doctrine and mediation privileges (*see* Apple Opp. at 10-11; Nokia Opp. at 13-16). To avoid unnecessary repetition, Samsung incorporates herein by reference its arguments contained in its response to Nokia's opposition brief where appropriate.

1  *e.g.*, Dkt. 3251-2 at 822 (disclosing the particular patent application to which withheld
2  communications relate).  Apple also claims that Samsung had previously attempted "to **redact**
3  portions of the same paragraph on supposed privilege grounds," suggesting this shows that
4  Samsung knew it was disclosing privileged information by producing the declaration with fewer
5  redactions (Apple Opp. at 2 (emphasis in original)).  But that is false—Samsung never tried to
6  redact the unredacted portions of this declaration, and Apple provides no cite to the contrary.

7  Apple argues that Samsung supposedly failed to contest the waiver ruling as to other
8  documents discussed in the Order.  Apple Opp. at 2 (citing Order at 14 & n.65).  In fact,
9  Samsung specifically showed the ruling was erroneous—as to those documents—because "the
10  quoted statements on their face convey only *facts*" and "not the substance of privileged
11  communications."  Mot. at 3 (citing identical portions of Order at 14 & n.65).  Apple repeats the
12  Order's conclusion that Samsung "disclosed details about" these documents, Apple Opp. at 2
13  (citing Order at 14), but offers no defense for the Order's erroneous conclusion that any privileged
14  information was disclosed.

15  Nor is Apple able to distinguish Samsung's authorities.  Apple claims *Holland v. Island*
16  *Creek Corp.*, 885 F. Supp. 4, 7 (D.D.C. 1995), stands for the "unremarkable proposition" that
17  Samsung can disclose non-privileged portions of a document while redacting privileged portions
18  without triggering waiver (Apple Opp. at 3), but that is Samsung's point.  This authority refutes
19  the Order, which cites Samsung's reliance on non-privileged portions of its declarations as
20  evidence of waiver because other portions of those declarations were redacted.  *See* Order at 12,
21  n.56.  Apple argues *AMCO Ins. Co. v. Madera Quality Nut LLC*, 2006 WL 931437, at *10 (E.D.
22  Cal. Apr. 11, 2006), is inapposite because it "turned on a state statute not at issue here" (Apple
23  Opp. at 3 n.2), but the court there addressed both privilege under California law and work product
24  under federal law, and rejected waiver arguments as to both.  And Apple acknowledges that *In re*
25  *Lithium Ion Batteries Antitrust Litig.*, 2015 WL 1223972, at *3 (N.D. Cal. Mar. 17, 2015), found
26  that a disclosure of non-privileged, factual information did not trigger waiver, which again is
27  exactly the point.  The Order's statements that Samsung selectively disclosed information here
28  all involve disclosures of non-privileged, factual information, which cannot yield waiver.

Second, Apple argues that Samsung's "denials" somehow yielded a selective disclosure waiver even "*without* the disclosure of the actual 'contents' of specific communications." Apple Opp. at 3 (emphasis added). This perplexing argument is simply wrong. The privilege can be waived by selective disclosures only if privileged information is selectively disclosed. *E.g., Roberts v. Legacy Meridian Park Hosp., Inc.*, 2015 WL 1608088, at *7 (D. Or. Apr. 10, 2015) (it is "well-settled" that for the selective disclosure doctrine to apply, "[t]he disclosure must be of confidential portions of the privileged communications") (quotation omitted); 2 Paul R. Rice, Attorney–Client Privilege in the United States § 9:30 at 153–56 (2014) ("Merely disclosing the fact that there were communications or that certain subjects were discussed, however, does not constitute a partial disclosure. The disclosure must be of confidential portions of the privileged communications. This does not include the fact of the communication, the identity of the attorney, the subject discussed, and details of the meetings, which are not protected by the privilege."). The portion of *In re Kidder Peabody Securities Litigation* which Apple cites addresses *at issue* waiver (168 F.R.D. 459, 470 (S.D.N.Y. 1996)), which cannot be found here for reasons discussed in Section II below. *Kidder* itself makes clear that a selective disclosure waiver can occur only when a party discloses "the substance of a privileged communication" or a "direct quotation," which Apple does not even argue Samsung did. *Id.*

Apple cites *Hawkins v. Stables*, 148 F.3d 379 (4th Cir. 1998), and *United States v. Pinho*, 2003 WL 25772423 (E.D. Pa. July 8, 2003), for the position that mere denials of wrongdoing can waive privilege by selectively disclosing information, but these cases do not so hold. Instead, these decisions hold that there is no privilege where the client denies having discussed a subject with an attorney at all, and then relies on that fact affirmatively as probative evidence. 148 F.3d at 384 (no privilege where defendant affirmatively relied upon testimony that "she never had a discussion of the matter with her attorney"); *Pinho*, 2003 WL 25772423, at *4-5 (similar). No authority supports the view that Samsung's denials of wrongdoing, which did not disclose the substance of any privileged communications, effected a waiver. On-point authority holds the opposite, *see Laser Indus. Ltd. v. Reliant Techs., Inc.*, 167 F.R.D. 417 (N.D. Cal. 1993), and Apple offers no basis for distinguishing that holding (*see* Apple Opp. at 4 n.3), for in this case, as there,

1  Samsung's denials of misconduct did not disclose the contents of any specific communications.

## B. There Is No Basis For Imposing A Waiver As To Undisclosed Information

Even if there had been a disclosure of some privileged information (there was none), Apple and Nokia fail, as does the Order, to show that a broader waiver is permitted under Rule 502. That Rule allows a waiver to be imposed as to undisclosed information "only if" the disclosure of privileged information was intentional and fairness demands a broader waiver. *Fed. R. Evid.* 502(a). As Samsung explained (Mot. at 3-6), Samsung indisputably made the disclosures at issue in an effort to *protect* its privileges—and indeed did so as required by Court Orders—and any alleged waiver thus was not intentional. Samsung's disclosures followed Orders, issued in response to Apple's and Nokia's complaints that Samsung had not disclosed enough information to substantiate its privileges, requiring Samsung to further substantiate its claimed privileges and to file its declarations with limited, narrow redactions. *Id.* It would be patently ***un***fair to reward Apple's and Nokia's tactic of insisting on disclosures to substantiate privilege, only to then turn around and argue that those very disclosures waived privilege. *Id.* Nor is there any need, in fairness, to prolong this collateral dispute by piercing Samsung's privileges. *Id.*

While Nokia ignores these issues entirely, Apple's sole argument is that the Magistrate Judge purportedly did not "compel" Samsung's disclosures (Apple Opp. at 4). That is incorrect. The Magistrate Judge ordered Samsung to defend its privilege claims as to 11 of its withheld documents, instructing Samsung to "demonstrate with specificity how each and every one of the above documents falls under the protection of either the attorney-client privilege or the work product doctrine." Dkt. 2689 at 4 n.16. The Magistrate Judge then ordered Samsung to produce the brief and 16 declarations that substantiated those privilege claims to Apple and Nokia, ruling that "very little in the submission merits redaction" and that overbroad redactions would be met with an order piercing Samsung's privileges. Mot at 4 (citing Dkt. 2790 at 2). It is absurd to say that Samsung "intentionally" disclosed privilege information when, as ordered, it narrowly redacted for privilege to ensure that non-privileged information was produced.

Rule 502's requirements of an intentional waiver that demands a broader one, in fairness, are not met. The Order does not find otherwise, and Apple and Nokia do not show otherwise.

## II. APPLE OFFERS NO DEFENSE FOR THE IMPLIED WAIVER RULING

Nokia's opposition focuses heavily on implied waiver. Accordingly, Samsung incorporates by reference its response to Nokia's opposition brief on this issue. Apple, for its part, ignores whether there is a "vital" need to pierce Samsung's privileges, as there must be under controlling authorities. Apple claims it is "unfair" that it does not have access to Samsung's privileged information because this limited its ability to assess the matter. Apple Opp. at 6. But that fails to meet the vitality requirement, since upholding privilege *will always by definition* limit an adversary's ability to assess the matter by denying access to relevant material. That relevant information has been shielded by the privilege is not enough to satisfy the "vital need" element of implied waiver; if it were, implied waiver would be found in every case and the privilege would be worthless. Apple offers no response to Samsung's detailed showing that there is no vital need to pierce privilege in this case, including because broad swaths of *non-privileged* information were produced to Apple and Nokia. Mot. at 6-7; *see also* Reply to Nokia at 3-4.

Apple also claims, like Nokia, that the "affirmative act" requirement is satisfied because Samsung "originally" argued inadvertence "in its initial brief responding to the Court's Order to Show Cause," before Apple and Nokia ever alleged intentional misconduct. Apple Opp. at 5. That is false. Apple and Nokia had already injected issues of intent—and therefore its corollary, inadvertence—into these proceedings *well before* Samsung's December 2, 2013 OSC response, and indeed had done so repeatedly. *See* Mot. at 8; *see also* Reply to Nokia at 5.

Apple's only other argument—which it makes for the first time (and which thus is waived)—is that Samsung somehow waived privilege by relying on *non*-privileged portions of its documents. According to this new argument, it does not matter whether any privileged information was actually disclosed because the at-issue requirement is satisfied by Samsung's alleged reliance on the withheld documents. Apple Opp. at 5. This defense of the Order—which itself reaches no such conclusion—is clearly wrong. Samsung did not, as Apple suggests, rely indiscriminately on withheld, privileged documents to prove its case. Far from it, at Nokia and Apple's urging (Dkts. 2374, 2483), the Magistrate Judge *ordered* Samsung to produce its withheld documents; and after this Court ruled that Samsung could assert privilege over them

(Dkt. 2538 at 7-8), the Magistrate Judge then ordered Samsung to produce the privileged documents for *in camera* review. Dkt. 2587. Even then, Samsung did not rely on the documents that it submitted for review; it simply produced them *in camera* as ordered. Apple does not cite a single instance in which Samsung actually relied on the privileged documents that it submitted for *in camera* review as ordered.[2]

Nor does Apple cite any authority supporting its position. *Volterra Semiconductor Corp. v. Primarion, Inc.*, 2013 WL 1366037 (N.D. Cal. Apr. 3, 2013), does not hold that a party that relies on non-privileged information pertaining to privileged documents thereby waives the privilege. That court declined to impose a waiver in the course of addressing whether a party had put privileged communications at issue by suggesting it might raise advice of counsel; its decision has no bearing here. Similarly, Apple's reliance on *In re Kidder Peabody Securities Litigation*, 168 F.R.D. 459, 472-73 (S.D.N.Y. 1996), does not support waiver here because the waiving party there made repeated, voluntary "representations to the various courts and an arbitration panel as to the substance of those [privileged] statements," which did not occur here.

### III. DISCLOSURES TO SAMSUNG'S OWN ATTORNEYS AND EMPLOYEES DID NOT WAIVE PRIVILEGE

Apple's arguments concerning the third alleged basis for waiver—disclosure to Samsung employees—equally fail. First, neither Apple nor Nokia disputes that the Order cannot be sustained as to the compelled communications with outside counsel, which are presumptively privileged. Apple argues "there is no presumption of privilege for communications with in-house counsel" (Apple Opp. at 6), but ignores that *six* of the seven Tabs at issue as to Apple (6, 19, 20, 215, 222, and 272) include communications with outside counsel. Many of the communications as to Nokia also include such communications (Mot. at 11), and Nokia makes no effort to defend the ruling compelling their production. There is no dispute that this portion of the Order cannot stand.

---

[2] Of course, Samsung was entitled to cite non-privileged information *in its declarations*, which was fully available to Apple and Nokia and disclosed to them. Even Apple admits this. *See, e.g.*, Apple Opp. at 3 (agreeing that Samsung can disclose non-privileged portions of a document while redacting privileged portions without triggering waiver).

Second, Apple's and Nokia's oppositions again ignore Samsung's detailed showing, in privilege logs and declarations, that Samsung's internal communications are also protected, and were not disclosed to anyone other than Samsung employees and attorneys for the purpose of legal advice. Mot. at 11-12; *see* Dkt. 2807 *et seq.* For the seven documents at issue in Apple's motion, Samsung's mountain of substantiating evidence is, once again, as follows:

- **Tab 6**—(1) The declaration of Samsung outside litigation counsel Helen Hopson, author of Tab 6, which stated her email was addressed only to Samsung's outside litigation counsel, in-house attorneys, and Samsung employees who were responsible for handling aspects of the Apple litigations (Dkt. 2807-6); and (2) the declaration of Samsung outside litigation counsel Laetitia Benard, recipient of Tab 6, explaining it was sent only to Samsung's outside litigation counsel, including Quinn Emanuel and Bristows LLP, and Samsung's in-house counsel and other Samsung employees working with and at the direction of attorneys on Samsung litigations. Dkt. 2807-16.

- **Tabs 19 and 20**—(1) The declaration of Thomas Pease, Samsung outside litigation counsel, stating Tab 19 was "sent by Samsung in-house counsel Daniel Shim to Mr. Eddon [also outside litigation counsel]" and related to "legal advice in another pending patent litigation involving Samsung," and that Tab 20 was Mr. Eddon's response to Mr. Shim's request for legal advice, Dkt. 2807-12; and (2) the declaration of Daniel Shim, Samsung in-house counsel, stating Tabs 19 and 20 consist of "a chain of four emails between me and Guy Eddon, who at the time was an associate of Quinn Emanuel" that "were made . . . to obtain legal assistance in the pending Microunity case, and to obtain information that was to be used in providing legal advice to Samsung." Dkt. 2807-14. There are no non-attorney participants in Tabs 19 and 20.

- **Tab 215**—(1) The declaration of Todd Briggs, Samsung outside litigation counsel and author of the initial email in the chain, explaining each recipient's role and title and stating, "I sent this email . . . for the purpose of providing Samsung with legal advice in connection with the ongoing NDCAL I litigation," Dkt. 2807-3; and (2) the declaration of Hojin Chang, Samsung in-house counsel and recipient of Tab 215, stating that the email was sent "by Samsung's attorneys . . . for the purpose of allowing me and my colleagues at Samsung to both obtain and provide legal advice concerning the Apple litigation" and that the forward of Tab 215 to two Samsung

employees "was seeking and providing legal advice for an ongoing litigation." Dkt. 2807-5.

- **Tab 222**—(1) The declaration of Daniel Shim, Samsung in-house counsel and participant in Tab 222, explaining the subject and purpose of each email in Tab 222 and each participant's identity and litigation-related job duties (Dkt. 2807-14); and (2) the declaration of Clayton Kim, Samsung employee and participant in Tab 222, stating that, except for the unredacted bottom email, Tab 222 involved "only Samsung outside counsel or in-house attorneys and their support staff" discussing "legal advice and the creation of attorney work product concerning the submissions that Apple and Samsung made to the court in The Netherlands case." Dkt. 2807-9.

- **Tab 255**—The declaration of Indong Kang, Samsung in-house counsel and participant in Tab 255, stating he was engaged in providing "legal advice and analysis" related to "a potential extension to the existing license between" Samsung and Nokia and that he sent Tab 255 "for the purpose of preparing a confidential report that would provide legal advice to Samsung" and that the non-attorney in Tab 255 "is not an attorney, but he works at my direction." Dkt. 2807-7.

- **Tab 272**—(1) The declaration of Daniel Shim, Samsung in-house counsel and author of a portion of Tab 272, explaining the identity and litigation-related job duties for each participant (Dkt. 2807-14); and (2) the declaration of Jennifer Selendy, Samsung outside counsel and author of a portion of Tab 272. Dkt. 2807-13. There are no non-attorney participants in Tab 272.

In addition to all of this, Samsung *also* submitted a detailed privilege log which further substantiated its claims of privilege as to every withheld document—a log that Apple does not dispute includes at least as much substantiating information as its own logs in this case. Samsung's privilege logs *alone* met its burden of substantiating privilege; Samsung's dozens of pages of sworn declarations, submitted as to every document as to which the Magistrate Judge had questions as to the privilege, more than adequately did so. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) ("[w]hatever questions [a] [party's] log might leave open . . . are answered . . . by the affidavits of the attorneys responsible for preparing the documents").

Apple's and Nokia's vague, generalized assertions that "Samsung has not met its burden" of substantiating its privileges—made with no acknowledgement of the showing that Samsung actually made—are baseless. Apple Opp. at 6; *see* Nokia Opp. at 11. Nokia fails to explain


what more Samsung could possibly have done and cites no authority requiring Samsung to do anything more. Apple asserts that Samsung offered "selective proof" as to "only some senders or recipients" (Apple Opp. at 7), but provides no support for that assertion. Apple is factually wrong as well, since Samsung addressed the roles of *each and every* sender and recipient, as discussed above. Although Samsung's showing was sufficient under any standard, the Order also applied the wrong legal standard. Mot. at 13. Apple argues Samsung "waived" this argument (Apple Opp. at 7 n.5) but ignores that Samsung has repeatedly argued the "primary purpose" test does not apply (e.g., Dkt. 2807 at 10), as the Order recognizes. Dkt. 3237 at 9 n.38.

Third, Apple defends the Order's erroneous characterizations of the only two documents it discusses, Tabs 6 and 215, on the grounds that Samsung failed to show each participant's connection to "this" litigation. Apple Opp. at 7. Apple cites no authority suggesting privilege is waived unless the legal advice relates to the particular litigation matter pending before this Court, and there is none.

## IV. APPLE'S CRIME-FRAUD ARGUMENT IS MERITLESS

Contradicting its claim that Samsung affirmatively injected issues of intent into this proceeding, Apple now seeks to defend the Order based on the crime-fraud exception, an element of which is intent. *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007) (party seeking to vitiate privilege under crime-fraud exception must show that "client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme," and the communications at issue are "sufficiently related to" and were made "in furtherance of [the] intended, or present, continuing illegality") *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009) (internal citations omitted).[3]

Apple's attempt to show the requisite intent disingenuously relies heavily (Apple Opp. at 8) on a series of statements from the Magistrate Judge's preliminary Order to Show Cause (Dkt. 2689). But the final sanctions ruling explicitly found—following review of the record—that there is *no evidence* of the required intent because Quinn Emanuel's disclosures were inadvertent

---

[3] Apple relies on *In re Icenhower*, 755 F.3d 1130 (9th Cir. 2014), but *Icenhower* applies the *Napster* two-prong test, *id.* at 1141, which Apple ignores because it is not satisfied.

and Samsung did not wrongfully use the information.  Dkt. 2935 at 7-8, 10-11.  The other statements that Apple cites all relate to Judge Grewal's conclusion that there was a "failure to institute sufficient safeguards" (Dkt. 2935 at 15), which does not rise to the level of a crime or fraud.  *See*, *e.g.*, *Napster*, 479 F.3d at 1096 (intent to defraud is required).   Nor is there evidence that any privileged communications were made in furtherance of any alleged crime or fraud.   In Apple's sole authority dealing with a protective order violation, *Positive Software v. New Century Mortgage*, 337 F. Supp. 2d 862 (N.D. Tex. 2004), *rev'd on reh'g en banc*, 476 F.3d 278 (5th Cir. 2007) (*en banc*), the court applied the crime-fraud exception not because of the protective order violation but because the defendant made false representations to the court.  *Id.*, No. 03-cv-00326, Dkt. 163 at 23-25 (N.D. Tex. March 3, 2004) (available only on PACER).  Thus, *Positive Software* involved a classic fraud on the court that bears no resemblance to the situation here.

## V.    APPLE AND NOKIA WAIVED THEIR PRIVILEGE CHALLENGES

Apple and Nokia do not dispute that they failed to raise the waiver issues on which the Order is based on appeal to this Court following Judge Grewal's issuance of his sanctions ruling. Mot. at 17-18.  Nor do they dispute that, as a matter of law, an issue "cannot be revived on remand" if it is not raised on a prior appeal.  *Magnesystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 949-50 (C.D. Cal. 1996).   Apple and Nokia *chose* what issues to appeal to this Court after the sanctions ruling issued; their attempt to litigate additional issues now should be rejected.

### Conclusion

For these reasons, the Magistrate Judge's April 3 Order should be reversed.

DATED:    May 14, 2015                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC