1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:     (650) 801-5000
   Facsimile:     (650) 801-5100
9
   Michael T. Zeller (Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

15

16                    UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 18  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK (PSG) |
| 19           Plaintiff, | **SAMSUNG'S REPLY TO NOKIA'S RESPONSE TO MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE (DKT. 3237)** |
| 20           vs. | |
| 21  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | |
| 22  ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | |
| 23  TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 24           Defendant. | |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

I. NOKIA OFFERS NO DEFENSE FOR THE IMPOSITION OF A BROAD WAIVER BASED ON PURPORTED SELECTIVE DISCLOSURES .............................. 2

II. NOKIA OFFERS NO DEFENSE FOR THE IMPLIED WAIVER RULING ..................... 3

    A. There Is No Vital Need To Pierce Privilege ............................................... 3

    B. Samsung Did Not Put Its Privileged Communications At Issue .............................. 3

        1. Samsung Merely Defended Against Apple's And Nokia's Allegations ...................................................................................... 3

        2. Samsung Did Not Put Its Communications At Issue By Relying On Them ...................................................................................... 5

III. SAMSUNG IS ENTITLED TO WITHDRAW ANY DISCLOSURES THAT PURPORTEDLY YIELDED WAIVER ................................................................................ 6

IV. DISCLOSURES TO SAMSUNG'S OWN ATTORNEYS AND EMPLOYEES DID NOT WAIVE PRIVILEGE ............................................................................................ 7

V. THE WORK PRODUCT DOCTRINE AND MEDIATION PRIVILEGE BAR PRODUCTION .............................................................................................................. 7

VI. THE ORDER FAILS TO CONSIDER WAIVER ON AN INDIVIDUALIZED BASIS ........................................................................................................................ 9

VII. NOKIA DOES NOT SHOW THAT IT IS ENTITLED TO RECEIVE THIRD-PARTY LICENSING INFORMATION ......................................................................... 9

VIII. NOKIA WAIVED ITS PRIVILEGE CHALLENGES ..................................................... 10

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page**

### Cases

*Adidas v. Payless Shoesource, Inc.*,
  2006 WL 2999739 (D. Or. 2006) ............................................................................................... 8

*Aronson v. McKesson HBOC, Inc.*,
  2005 WL 934331 (N.D. Cal. Mar. 31, 2005) .............................................................................. 1

*Bittaker v. Woodford*,
  331 F.3d 715 (9th Cir. 2003) ...................................................................................................... 6

*Doe v. City of Chula Vista*,
  196 F.R.D. 562 (S.D. Cal. 1999) ................................................................................................ 1

*In re EchoStar Communications Corp.*,
  448 F.3d 1294 (Fed. Cir. 2006) .................................................................................................. 8

*Folb v. Motion Picture Indus. Pension & Health Plans*,
  16 F. Supp. 2d 1164 (C.D. Cal. 1998) *aff'd sub nom.*, 216 F.3d 1082 (9th Cir. 2000) ............... 9

*Great Am. Assurance Co. v. Liberty Surplus Ins. Corp.*,
  669 F. Supp. 2d 1084 (N.D. Cal. 2009) ...................................................................................... 8

*Home Indem. Co. v. Lane Powell Moss & Miller*,
  43 F.3d 1322 (9th Cir. 1995) ................................................................................................. 1, 3

*Klein v. Demopulos*,
  2010 WL 4365840 (W.D. Wash. Oct. 27, 2010) ........................................................................ 7

*Landmark Screens, LLC v. Morgan Lewis & Bockius, LLP*,
  2009 WL 3415375 (N.D. Cal. Oct. 21, 2009) ............................................................................ 8

*Oracle Am., Inc. v. Google Inc.*,
  2011 WL 5024457 (N.D. Cal. Oct. 20, 2011) ............................................................................ 2

*Oracle Am., Inc. v. Innovative Tech. Dist., Inc.*,
  2011 WL 2559825 (N.D. Cal. 2011) .......................................................................................... 6

*REC Software USA, Inc. v. Bamboo Solutions Corp.*,
  2013 WL 364716 (W.D. Wash. Jan. 30, 2013) .......................................................................... 8

*Radware, Ltd. v. A10 Networks, Inc.*,
  2014 WL 116428 (N.D. Cal. Jan. 10, 2014) ............................................................................... 6

*Ralls v. United States*,
  52 F.3d 223 (9th Cir. 1995) ........................................................................................................ 2

*Samsung SDI Co. v. Matsushita Elec. Indus. Co.*,
  2007 WL 4303261 (C.D. Cal. Feb. 15, 2007) ............................................................................ 2

*Shared Medical Resources, LLC v. Histologics, LLC*,
  2012 WL 5570213 (C.D. Cal. Nov. 14, 2012) ............................................................................8

*Sommer v. United States*,
  2011 WL 4592788 (S.D. Cal. Oct. 3, 2011) ................................................................................3

*Tennenbaum v. Deloitte & Touche*,
  77 F.3d 337 (9th Cir. 1996) ........................................................................................................1

*Transamerica Comp. Co. v. IBM*,
  573 F.2d 646 (9th Cir. 1978) ......................................................................................................8

*United States v. Chevron Corp.*,
  1996 WL 264769 (N.D. Cal. Mar. 13, 1996) .............................................................................9

*United States v. de la Jara*,
  973 F.2d 746 (9th Cir. 1992) ......................................................................................................1

*United States v. Graf*,
  610 F.3d 1148 (9th Cir. 2010) ....................................................................................................2

*United States v. Laurins*,
  857 F.2d 529 (9th Cir. 1988) ......................................................................................................1

*United States v. Richey*,
  632 F.3d 559 (9th Cir. 2011) ......................................................................................................2

*Vasudevan Software, Inc. v. IBM Corp.*,
  2011 WL 1599646 (N.D. Cal. April 27, 2011) ..........................................................................2

*Wilcox v. Arpaio*,
  753 F.3d 872 (9th Cir. 2014) ......................................................................................................9

**Introduction**

Nokia provides no support for Judge Grewal's privilege waiver rulings. Nokia bases its opposition on factual misstatements, such as its false assertion that Samsung purportedly conceded that Nokia never alleged intentional wrongdoing on the part of Samsung. Nokia—like the Order itself—also ignores controlling legal requirements, including by failing to even cite Rule 502 and by misapprehending the requirements for implied waiver. The Court should reverse the Magistrate Judge's broad privilege waiver ruling, which is legally unsustainable and which only serves to protract this collateral litigation even further.[1]

**Argument**

Nokia mistakenly argues (Nokia Opp. at 2-3) that the Order is reviewed only for clear error. While some non-dispositive magistrate judge orders are subject to clear error review, questions of attorney-client privilege are different: "The district court reviews the magistrate's ruling to determine if it is 'clearly erroneous' or 'contrary to law' . . . Rulings on the scope of federal common law privileges, however, are reviewed *de novo*." *Doe v. City of Chula Vista*, 196 F.R.D. 562, 564 (S.D. Cal. 1999); *see also Aronson v. McKesson HBOC, Inc.*, 2005 WL 934331, at *3 (N.D. Cal. Mar. 31, 2005) (same). Clear error review can apply to a privilege issue only where "the scope of the privilege is clear and the decision made by the district court is essentially factual." *United States v. Laurins*, 857 F.2d 529, 541 (9th Cir. 1988) (citation omitted). By contrast, the question here of "[w]hether a holder has waived the right to claim the attorney-client privilege is a mixed question of law and fact which we review *de novo*." *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340 (9th Cir. 1996); *see also Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (same); *United States v. de la Jara*, 973 F.2d 746, 749 (9th Cir. 1992) (same). Nokia's cited authorities confirm that review is

---

[1] Apple and Nokia filed separate opposition briefs collectively totaling 30 pages (Dkts. 3254, 3255) in response to the Court's Order permitting an 18-page response to Samsung' Motion for Relief (Dkt. 3249). Samsung has endeavored to minimize unnecessary repetition in responding to these separate briefs and, to do so, respectfully incorporates by reference Samsung's reply to Apple's opposition where appropriate.

*de novo*, in both this Court and on appeal.[2]

## I. NOKIA OFFERS NO DEFENSE FOR THE IMPOSITION OF A BROAD WAIVER BASED ON PURPORTED SELECTIVE DISCLOSURES

Because Apple's opposition heavily focuses on the issue of waiver by selective disclosure. Samsung incorporates by reference its response to Apple's opposition brief on this issue. Nokia, for its part, parrots Judge Grewal's statements that Samsung selectively disclosed privileged information, and makes little effort to support those statements. Nokia's only attempt to *show* any purported selective disclosure is its assertion that Samsung disclosed information "in declarations and depositions" that previously "had been redacted from the produced documents," implying that Samsung ultimately disclosed the very same privileged information that it had withheld. Nokia Opp. at 9. But this never occurred, and Nokia's conclusory citation to its own motion to compel does not support its assertion. *See id.* (citing Dkt. 3213 at 12-15). In particular, Nokia's argument in its prior brief was that disclosures in a declaration (by Mr. Shim) concerning the *subject matter or purpose* of withheld emails somehow waived privilege over the *substance* of the emails (*id.*, citing Dkt. 2556-16), but that ignores that such factual information may be disclosed in declarations to substantiate privilege without waiving privilege over the substance of the communication, as Judge Grewal recognized. *See* Order at 3 ("[D]eclarations or other proof may establish the purpose of the communication or the specific role of the sender and each individual recipient."); *see also Vasudevan Software, Inc. v. IBM Corp.*, 2011 WL 1599646, at *2 (N.D. Cal. April 27, 2011) (Grewal, J.) ("[G]eneral subject matter is information routinely disclosed . . . to establish that the content of the communication is privileged."). In addition,

---

[2] *See United States v. Richey*, 632 F.3d 559, 563 (9th Cir. 2011) ("whether 'statements are protected by an individual attorney-client privilege is 'a mixed question of law and fact which this court reviews independently and without deference to the district court'"); *United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) (same); *Ralls v. United States*, 52 F.3d 223, 225 (9th Cir. 1995) (same); *Samsung SDI Co. v. Matsushita Elec. Indus. Co.*, 2007 WL 4303261, at *1 (C.D. Cal. Feb. 15, 2007) (court notes that issues of law are reviewed *de novo* and thoroughly examines issues); *Oracle Am., Inc. v. Google Inc.*, 2011 WL 5024457, at *3 (N.D. Cal. Oct. 20, 2011) (concluding court reviews deferentially based solely on an underlying authority that did not involve privilege issues).

1 Nokia, like the Order itself, is silent on the requirements of Rule 502, which must be met before a
2 waiver based on selective disclosure can be imposed.  Mot. at 3-4.  Nokia's opposition fails to
3 defend the Order and its imposition of a broad waiver.

## II. NOKIA OFFERS NO DEFENSE FOR THE IMPLIED WAIVER RULING

Nokia's efforts to support the implied waiver ruling are equally flawed.

### A. There Is No Vital Need To Pierce Privilege

Nokia does not dispute that implied waiver can be found only when withheld information is "sufficiently vital" that it would be "manifestly unfair" and prejudicial not to pierce the privilege.  *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995). Nor does it dispute that the Order fails to find this necessary requirement, which alone requires reversal.  Although Nokia dedicates five pages of its brief to implied waiver, Nokia does not answer Samsung's showing there is no "vital" need to pierce the privilege in light of the vast quantity of non-privileged information that was produced to Apple and Nokia, the fact that Samsung was ordered to produce the withheld documents for Judge Grewal's *in camera* review, and the collateral nature of this proceeding.  Mot. at 6-7.  Instead, Nokia insists in conclusory fashion that the vitality requirement is satisfied because the Order requires Samsung to produce information "relevant to Nokia's needs in this matter."  Nokia Opp. at 8.  That simply is not the legal test.  When privileged materials are "at issue," the withheld information is *always* relevant, by definition—but mere relevance is far from enough for implied waiver to be found, which is why the waiver doctrine requires an additional showing that disclosure of the withheld information is "vital".  *Home Indem. Co.*, 43 F.3d at 1326; *see Sommer v. United States*, 2011 WL 4592788, at *6 (S.D. Cal. Oct. 3, 2011) ("Mere relevance to defendant's case is not sufficient to order disclosure.") (citation omitted).  There is no "vital" need to receive broad swaths of Samsung's privileged documents at this juncture of this collateral proceeding.

### B. Samsung Did Not Put Its Privileged Communications At Issue

#### 1. Samsung Merely Defended Against Apple's And Nokia's Allegations

Nokia does not dispute that implied waiver requires an affirmative act, and denials of allegations cannot result in waiver.  As Samsung has shown (Mot. at 8), Apple and Nokia

repeatedly alleged that Samsung intentionally disclosed and misused confidential information, thus undermining the primary basis for the Order's finding of implied waiver. Nokia makes two factual assertions in response. Each is false.

First, Nokia states that Samsung purportedly "acknowledged multiple times that neither Nokia nor Apple alleged the disclosures were intentional." Nokia Opp. at 4. That never happened. The Samsung statements that Nokia cites, on their face, merely asserted that Apple and Nokia had not argued that they had *evidence* of intent. *Id.* (quoting Samsung statements that "[n]ot a single piece of *evidence* adduced in discovery . . . exists to suggest that any disclosure was intentional rather than inadvertent, nor has Apple or Nokia alleged as much" (emphasis added)). Such statements that Apple and Nokia lacked evidence for their claims is a far cry from asserting that Apple and Nokia had not asserted intent at all.

Second, Nokia claims, as does Apple, that Samsung purportedly argued inadvertence "first," before Apple or Nokia ever alleged intentionality. Nokia Opp. at 5 ("Samsung first *raised* the claim of inadvertence; thus its actions were not a mere denial.") (emphasis in original); *see also* Apple Opp. at 5 ("*Samsung* originally put the documents at issue in its initial brief responding to the Court's Order to Show Cause.") (emphasis in original). The record proves otherwise. Apple and Nokia injected issues of intent—and therefore its corollary, inadvertence—into these proceedings *well before* Samsung's original December 2, 2013 OSC response. Mot. at 8 (citing Dkt. 647-1 (Case No. 12-cv-00630) at ¶¶ 8-9 (July 1, 2013); Dkt. 2485 at 22:5-18 (October 3, 2013) (Apple arguing CBI "had been used in exactly the way it wasn't supposed to be used" in "multiple jurisdictions," and the disclosure was "no coincidence"); Dkt. 2581 at 20-21 (October 23, 2013) (Apple arguing disclosures were in "furtherance of what is a fraud"); Dkt. 2825-1 at 11-12 (November 21, 2013) (Apple arguing that "the intentional standard for application of the crime-fraud exception" was met); *id.* at 13 (Apple arguing that "even if the initial disclosure was inadvertent, subsequent disclosures were not inadvertent")). Indeed, the *very first filing in this proceeding*—Nokia's July 2013 "declaration that launched a thousand accusations," as Judge

Grewal described it (Dkt. 2935 at 2)—explicitly accused Samsung of intentionally misusing confidential business information.  *See* Case No. 5:12-cv-0630-LHK, at Dkt. 647.[3]  Nokia and Apple ignore this record evidence, all of which preceded Samsung's response to the Magistrate Judge's OSC in which Samsung denied allegations of intentional wrongdoing. Samsung was entitled to defend itself when its adversaries accused it of intentionally disclosing and misusing confidential information.  As Apple and Nokia fail to dispute, there can be no waiver in this circumstance.

### 2. Samsung Did Not Put Its Communications At Issue By Relying On Them

Nokia fails to defend the Magistrate Judge's ruling that Samsung "used" or "referenced" privileged information in the course of denying wrongdoing.  Nokia states that the Order gave "13 examples" where Samsung "went beyond mere denials" (Nokia Opp. at 6), but ignores Samsung's showing (Mot. at 9-10) that no privileged information was disclosed or placed at issue in any of those examples.  Parroting an error from the Order, Nokia claims Samsung "cited directly to redacted paragraphs" in declarations (Nokia Opp. at 7), but in fact Samsung neither quoted nor paraphrased any redacted or privileged information.  Rather, it quoted *unredacted, non-privileged portions* of the declarations.  Mot. at 9-10.  Nokia again offers no response.

Nokia cites (Nokia Opp. at 6) a single example in which Samsung's counsel, in response to a question at argument by the Magistrate Judge, referenced a withheld document that had been supplied for *in camera* review, as ordered.  Far from disclosing any content, Samsung's counsel merely stated "he says what he says" in the privileged email, in reference to the general subject matter of the Nokia license.  Dkt. 2883, 12/9/13 Hearing Tr., at 23:19-22.  Answering the Court's questions about information Samsung had been ordered to produce in general terms, while

---

[3] Apple and Nokia continued to pound this drum at every opportunity.  *E.g.*, Dkt. 2935 at 2 (Nokia claiming that Samsung used terms of Apple-Nokia license to try to gain an advantage in licensing discussions between Nokia and Samsung); Dkt. 2838-2 at 2 (Apple arguing that Samsung has "used [the CBI at issue] to its advantage in crafting litigation and licensing positions"); Dkt. 2883, 12/9/13 Hearing Tr., at 58:25-59:23 (Apple arguing that "[i]t is certainly deliberate behavior").

carefully avoiding any disclosure of the substance of the privileged communications, is not a waiver.  In any event, this certainly does not support the broad implied waiver as to 92 Tabs of documents as set forth in the Order, and Nokia fails to show otherwise.

### III. SAMSUNG IS ENTITLED TO WITHDRAW ANY DISCLOSURES THAT PURPORTEDLY YIELDED WAIVER

Nokia argues, as does Apple, that Samsung should not be afforded an opportunity to withdraw any disclosures that are determined to have waived privilege because Samsung could have done so previously in response to Apple's and Nokia's privilege motions.  Nokia Opp. at 9-10; Apple Opp. at 9.  This ignores the "gotcha" approach to privilege that Apple and Nokia have taken throughout these proceedings, which the Order erroneously adopts.  Neither Apple nor Nokia dispute that they repeatedly urged the Magistrate Judge to order more and more disclosures by Samsung in order to substantiate its privilege claims, only to then turn around and argue that those very compelled disclosures waived privilege.  Mot. at 6 & n.3.  Nor do they dispute that they argued that *the very same disclosures* at once both disclosed (1) not enough information, thus failing to substantiate privilege, and (2) too much information, thus waiving privilege.  *Id.*  It is precisely because imposing a broad waiver of privilege is an extraordinary, draconian remedy that courts grant opportunities to withdraw disclosures before the privilege is blown open.  Apple's and Nokia's prior waiver arguments, far from mooting the need for such an opportunity in this case, show that such an opportunity was and remains fully warranted.

Nokia does not persuasively distinguish the authorities that Samsung has cited.  In particular, Nokia fails to grapple with *Bittaker*'s instruction that a party "may abandon the claim that gives rise to the waiver, " *Bittaker v. Woodford*, 331 F.3d 715, 721 (9th Cir. 2003), and offers no authority that an opportunity to abandon the claim before waiver is ever found is somehow sufficient.  For it to have any meaning, the opportunity to abandon the claim must be granted *after* the Court has determined that fairness demands a broader waiver—exactly as occurred in both *Bittaker* and *Oracle Am., Inc. v. Innovative Tech. Dist., Inc.*, 2011 WL 2559825 (N.D. Cal. 2011) (Koh, J.).  *See also Radware, Ltd. v. A10 Networks, Inc.*, 2014 WL 116428, at *3 (N.D. Cal. Jan. 10, 2014) ("This court thus presents Radware with the choice . . . [to] withdraw the

privileged documents" because "the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition"); *Roberts v. Legacy Meridian Park Hosp., Inc.,* -- F. Supp. 3d --, 2015 WL 1608088, at *10 (D. Or. Apr. 10, 2015) (plaintiff impliedly waived privilege, but "[i]n light of the Court's ruling, [the plaintiff], in all fairness, should be given an opportunity to decide whether to continue to offer his statement"); *Klein v. Demopulos*, 2010 WL 4365840, at *1 (W.D. Wash. Oct. 27, 2010) (rejecting argument "that once a party waives privilege, it cannot be reasserted" because "implicit waivers can be abandoned and the corresponding privilege reasserted"). Nokia's argument would make the abandonment doctrine superfluous, which confirms the error of its interpretation.

If the Court determines that any Samsung disclosures or positions have inadvertently waived its privileges, the Court should afford an opportunity to withdraw them. Notably, neither Apple nor Nokia identifies any way in which this will cause any prejudice because they cannot.

**IV. DISCLOSURES TO SAMSUNG'S OWN ATTORNEYS AND EMPLOYEES DID NOT WAIVE PRIVILEGE**

Apple's and Nokia's oppositions make substantially identical arguments that Samsung "waived" privilege over email communications by including Samsung attorneys and employees on the emails. Apple Opp. at 10-12; Nokia Opp. at 8-12. Both ignore the enormous evidence that Samsung submitted—and has repeatedly cited—substantiating its privilege claims and demonstrating that privilege was not "waived" by the inclusion of Samsung lawyers and employees in the communications. Mot. at 11-13. Samsung incorporates herein by reference the more detailed discussion of that evidence contained in its response to Apple's opposition brief.

**V. THE WORK PRODUCT DOCTRINE AND MEDIATION PRIVILEGE BAR PRODUCTION**

Nokia and Apple do not dispute that the Order fails to find any basis for obviating Samsung's work product doctrine protections or mediation privilege objections at all, which independently requires reversal of the Order.

As to the protections of the work-product doctrine, Nokia and Apple wrongly argue (Nokia Opp. at 13-14; Apple Opp. at 10-11) that such protections are waived whenever the protections of

the attorney-client privilege are waived, and to the same extent. As Nokia's own authorities show, work-product waivers are subject to different standards than waivers of the attorney-client privilege and require distinct findings that were not made here. *See Great Am. Assurance Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1092 (N.D. Cal. 2009) ("Unlike for the attorney-client privilege, waiver of attorney work-product protection requires more than the disclosure of confidential information, it requires an act inconsistent with the adversary system."); *REC Software USA, Inc. v. Bamboo Solutions Corp.*, 2013 WL 364716, at *4-5 (W.D. Wash. Jan. 30, 2013) (heightened protections apply to "pure opinion work product" because it "is not likely to be used as evidence at trial"); *Transamerica Comp. Co. v. IBM*, 573 F.2d 646, 647 n.1 (9th Cir. 1978) (noting the "important distinction between the rules governing when each type of protection has been waived"). Apple's authorities similarly recognize that "the waiver of work product immunity is not as broad as that of attorney-client privilege." *Landmark Screens, LLC v. Morgan Lewis & Bockius, LLP*, 2009 WL 3415375, at *4 (N.D. Cal. Oct. 21, 2009); *Shared Medical Resources, LLC v. Histologics, LLC*, 2012 WL 5570213, at *5 (C.D. Cal. Nov. 14, 2012) (unlike a waiver of attorney-client privilege, "if Plaintiff decides to affirmatively rely on privileged work-product, then it will . . . not have generated a broad waiver"). Nokia also incorrectly argues (Nokia Opp. at 14) that *In re EchoStar Communications Corp.*, 448 F.3d 1294, 1302 (Fed. Cir. 2006), which held that "work product waiver is not a broad waiver of all work product related to the same subject matter," has been "disavowed." The district court decision that Nokia claims so held, *Adidas v. Payless Shoesource, Inc.*, 2006 WL 2999739 (D. Or. 2006), concerned the inapposite advice of counsel defense, and did not address, let alone disagree with *EchoStar*'s holding on, the limited scope of a waiver of work-product.

Nokia is also incorrect in claiming (Nokia Opp. at 13) that Samsung did not support its assertions of work product. Samsung asserted work-product protection over every tab at issue on its privilege log (Dkts. 3245-5, 3245-6), and further substantiated its assertions of work-product as to every document as to which the Magistrate Judge requested further substantiation (Dkt. 2807). Judge Grewal never found that this showing was inadequate, and Nokia does not argue what more Samsung needed to do.

As to the mediation privilege, Nokia concedes the Order again made no findings; and Apple, like the Order, ignores this privilege entirely. Nokia relies on *Wilcox v. Arpaio*, 753 F.3d 872, 877 (9th Cir. 2014), to argue there is no mediation privilege, but in *Wilcox*, the defendant expressly "disavowed" reliance on that privilege, so the Ninth Circuit did not consider it. As Nokia recognizes, trial courts recognize that the mediation privilege does exist. *E.g.*, *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1180 (C.D. Cal. 1998) *aff'd sub nom.*, 216 F.3d 1082 (9th Cir. 2000) (federal mediation privilege protects "communications between parties during the mediation" and "communications in preparation for and during the course of a mediation with a neutral").

## VI. THE ORDER FAILS TO CONSIDER WAIVER ON AN INDIVIDUALIZED BASIS

Nokia and Apple argue that a waiver ruling need not recite a separate analysis for each document at issue and instead can proceed with categorical descriptions. Apple Opp. at 10; Nokia Opp. at 12. But the waiver analysis must be undertaken for each document at issue to know even what category each falls in—and to know whether piercing privilege over each is "vital" and required in "fairness." *See United States v. Chevron Corp.*, 1996 WL 264769, at *6 (N.D. Cal. Mar. 13, 1996) (instructing that magistrate judge may explain privilege rulings by addressing certain categories of documents, but only after "each document has been reviewed" and made "specific finding[s] accordingly").[4]

## VII. NOKIA DOES NOT SHOW THAT IT IS ENTITLED TO RECEIVE THIRD-PARTY LICENSING INFORMATION

Nokia argues it should receive access to third-party licensing information contained in the documents at issue because it "agreed to be bound by the Protective Order" (Nokia Opp. at 16). Yet that is no reason to require disclosure of highly confidential licensing information belonging

---

[4] Apple and Nokia also inconsistently claim that "Judge Grewal did individually consider each of the Waiver Documents" (Apple Opp. at 10 (emphasis in original)), and found waiver only "after reviewing each document" at issue (Nokia Opp. at 13). Of course, no such findings are reflected in the Order. Moreover, while Judge Grewal had Samsung's privileged documents during the *in camera* review he had ordered, he did not have information that would allow him even to identify the "92" tabs referenced in Samsung's declaration, which is the group of documents which has been ordered produced. Order at 16 (citing Docket No. 3215-4 at ¶ 2).

1 to third parties—the very type of disclosure that Nokia has complained about throughout this
2 proceeding. Samsung objected to producing documents relating to these other licenses to Nokia
3 (Dkt. 2558-46) throughout these proceedings. Nokia never sought to overrule those objections
4 and thus has waived any right to those materials. In fact, Nokia has doubly waived because it
5 offer no response when Samsung opposed Nokia's recent motion to compel on the ground that
6 Nokia had waived its right to such third-party information. Dkt. 3215-03, at 14 n. 5, 20.

7 In any event, even now, Nokia does not dispute that the Order should be modified, to the
8 extent it is interpreted to require production of such information to Nokia, to permit redaction of
9 information unrelated to the Apple-Nokia license, as requested in Samsung's motion.

**VIII. NOKIA WAIVED ITS PRIVILEGE CHALLENGES**

Apple and Nokia make substantially identical arguments on this issue, and Samsung incorporates herein its reply to Apple addressing this issue.

**Conclusion**

The Magistrate Judge's April 3 Order should be reversed.

DATED: May 14, 2015

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC