1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

United States District Court
Northern District of California

| | |
|---|---|
| APPLE INC.,<br><br>                 Plaintiff,<br><br>         v.<br><br>SAMSUNG ELECTRONICS CO. LTD.,<br>et al.,<br><br>                 Defendants. | Case No. 11-CV-01846-LHK<br><br>**ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br><br>Re: Dkt. No. 3251 |

Before the Court is Samsung's Motion Seeking Relief From Nondispositive Order Of Magistrate Judge.  ECF No. 3251 ("Motion").  Specifically, Samsung seeks relief from Judge Grewal's April 3, 2015 Order Re: Motions to Compel ("Waiver Order") which held that Samsung had waived attorney-client privilege as to ninety-two documents (the "Waiver Documents").  ECF No. 3237 at 17.  Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES Samsung's motion for relief for the reasons stated below.

**I.      BACKGROUND**

The present motion concerns violations of the protective order in this case by Samsung and

1

1    its counsel, Quinn Emanuel.  This Court has previously detailed the procedural and factual history

2    of the protective order violations which, itself, spans nearly 1000 entries on CM/ECF.  *See* ECF

3    No. 2374; ECF No. 3237.  Thus, the Court recites only the portions relevant for review of the

4    current motion.  Waiver Order; *see also* ECF No. 3194; ECF No. 2935 at 2-7.

      **A.**      **Quinn Emanuel And Samsung Violate This Court's Protective Order**

6         In connection with the merits of the parties' patent and trade dress infringement litigation,

7    Samsung had retained Dr. David Teece as a damages expert.  Dr. Teece prepared an expert report

8    (the "Teece Report") that disclosed and analyzed the licensing terms of several of Apple's

9    confidential license agreements, including those with Nokia and Ericsson.  ECF No. 2935 at 4.  In

10   March 2012, Quinn Emanuel had posted an insufficiently redacted copy of the "Teece Report,"

11   disclosing these confidential licensing terms, to an FTP site, and emailed instructions for accessing

12   the document to more than 90 Samsung employees.  *Id.*  The insufficiently redacted Teece Report

13   was widely circulated within Samsung over the course of several months, and more than 200

14   unauthorized individuals received the confidential license terms in violation of the Court's

15   protective order.  *Id.* at 5.

16        In December 2012, a senior associate at Quinn Emanuel again emailed the insufficiently

17   redacted Teece Report to Samsung.  *Id.*  After the report had been sent, however, a junior associate

18   at Quinn Emanuel discovered that it had been insufficiently redacted.  *Id.*  The junior associate

19   reported this fact to the senior associate and a partner at Quinn Emanuel.  *Id.*  The senior associate

20   at Quinn Emanuel then told the recipient at Samsung to delete the email, and the recipient deleted

21   the email.  *Id.*  Quinn Emanuel did nothing further.  *Id.*

22        Two weeks later, in January 2013, Quinn Emanuel sent Samsung a "clean" copy of the

23   Teece Report along with an email chain that highlighted precisely where the confidential

24   information could be found in older versions of the document.  *Id.*  Subsequently, Samsung

25   internally discussed the terms of Apple's license with Ericsson in preparation for Samsung's

26

2

27   Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
28   MAGISTRATE JUDGE

United States District Court
Northern District of California

1   arbitration with Ericsson.  *Id.* at 6.

2   In May 2013, Samsung emailed to Quinn Emanuel a copy of the insufficiently redacted

3   Teece Report.  *Id.*  Quinn Emanuel did nothing in response.  *Id.*

4   On June 4, 2013, during negotiations between Samsung and Nokia, Samsung executive Dr.

5   Seungho Ahn recited to Nokia the terms of the Apple-Nokia license described in the Teece Report

6   and said that he had learned the terms from Samsung's lawyers and that "all information leaks."[1]

7   *Id.* at 6.

8   On July 1, 2013, in Case No. 12-CV-630, Nokia moved for a protective order, alleging that

9   Samsung improperly used Nokia's confidential information during those licensing negotiations.

10  *See* Case No. 12-CV-630, ECF No. 647.  More than two weeks after Nokia filed its motion, Quinn

11  Emanuel, on July 16, 2013, notified Nokia of the breach that Quinn Emanuel claims to have

12  known about since December 2012—that Samsung had been in possession of Nokia's confidential

13  information by way of the improperly redacted Teece Report.  ECF No. 2935 at 15-17.  Samsung

14  waited even longer (August 1, 2013) to inform Apple's outside counsel and still longer (August 4,

15  2013) to allow Apple's outside counsel to inform Apple about the breach.  *See id.*

16  **B.      Sanctions Briefing, Fact Discovery, and Samsung's Defenses**

17  On August 23, 2013, Apple filed a motion for sanctions against Samsung in this case for

18  Samsung's violation of the protective order.  ECF No. 2374-2.  Apple further sought discovery to

19  uncover the nature and extent of the violation.  *Id.*  On September 21, 2013, Nokia partially joined

20  Apple's motion to compel discovery.  ECF No. 2434.

21  <u>Judge Grewal's Order Granting Apple's and Nokia's Requests for Discovery</u>

22  On October 2, 2013, Judge Grewal granted Apple's and Nokia's requests for additional

23

24  _____

25  [1] Mr. Ahn later contended that the number he quoted to Nokia was really an estimate from public
    information and that he was only joking about violating the protective order in this case.  *See id.* at

26  6.  However, the insufficiently redacted Teece Report, in Samsung's possession since March 2012,
    revealed the terms of the Apple-Nokia license.  *Id.* at 4.

3

27  Case No. 11-CV-01846-LHK
    ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF

28  MAGISTRATE JUDGE

United States District Court
Northern District of California

discovery after finding that Apple, Nokia, and Judge Grewal lacked even the most basic

information regarding how the improperly redacted Teece Report had been transmitted to

Samsung, how many Samsung employees had accessed the report, and what steps, if any, had

been taken to limit unauthorized access to the confidential information contained therein.  ECF

No. 2483 at 4-5.  Judge Grewal ordered Samsung to produce numerous documents concerning the

transmissions of the Teece Report and to make various witnesses available for deposition.  *Id.* at 5.

Samsung asserted privilege and work-product protection as to numerous documents covered by

the October 2 Order, as documented in a privilege log.  *See* ECF No. 3135 at 2; ECF No. 3135-1 ¶

15; ECF No. 3163 at 2.  Many of the documents Samsung produced were heavily redacted, *see,*

*e.g.*, ECF No. 3164-3, and depositions of Samsung witnesses were similarly constrained by

assertions of privilege and work-product protection, ECF No. 3163 at 2.

> Judge Grewal Orders *In Camera* Review

On October 22, 2013, Apple, Nokia, and Samsung appeared again before Judge Grewal to

discuss disputes concerning Samsung's production and assertions of privilege and work-product

protection.  ECF No. 2581 (hearing transcript).  At the close of the hearing, Judge Grewal ordered

Samsung to produce unredacted copies of the documents identified in Samsung's privilege log for

*in camera* review.  *Id.* at 90:1-11; ECF No. 2689.

> Judge Grewal's November 8, 2013 Order to Show Cause ("OSC")

In his November 8, 2013 Order to Show Cause Why Sanctions Are Not Warranted, Judge

Grewal determined, based on his exhaustive review of the documents, that "an outline does

emerge suggesting sanctions should issue" based on protective order violations by Samsung and

Quinn Emanuel.  ECF No. 2689 at 3.  Judge Grewal ordered Samsung and its counsel to file a

brief by December 2, 2013, to show cause why sanctions should not issue, and set a hearing for

December 9, 2013.  *Id.* at 4-5.

Judge Grewal also expressed doubt that Samsung had met its burden to establish that

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
MAGISTRATE JUDGE

United States District Court
Northern District of California

privilege and/or work-product protection applied to eleven of the documents produced for *in camera* review. *Id.* at 4 n.16. Judge Grewal further expressed that Samsung's claims of privilege "significantly burdens not only Apple and Nokia's ability to address the sanctions issue, but also [Judge Grewal's] ability to tell the full tale of what he has seen." *Id.* However, Judge Grewal afforded Samsung "one further opportunity to demonstrate with specificity how each and every one of the [eleven] documents fall under the protection of either the attorney-client privilege or the work-product doctrine by submitting a brief on the subject" by November 15, 2013. *Id.*

Samsung's Response to Judge Grewal's OSC re: Attorney-Client Privilege

On November 15, 2013, Samsung submitted an *ex parte in camera* brief in support of its claims that the eleven disputed documents were protected by the attorney-client privilege and work-product doctrine. ECF No. 2757. Apple and Nokia immediately moved to strike Samsung's brief and supporting declarations as improper *ex parte* submissions. *See* ECF Nos. 2772; 2780. On November 18, 2013, Judge Grewal agreed with Apple and Nokia, held that Samsung's *ex parte* brief regarding privilege was an improper *ex parte* communication, and ordered Samsung to file by November 19, 2013, Samsung's November 15, 2013 brief with redactions only for attorney-client, work-product, or mediation privileges. ECF No. 2790. Samsung submitted its redacted public briefing on November 19, 2013, which revealed that in conjunction with its brief, Samsung had also submitted ninety-two pages of declarations supporting its claims of privilege. ECF No. 2807. In addition to arguing that the eleven documents were privileged, Samsung also argued, by citing the redacted documents and redacted declarations, that none of the eleven documents show the intentional use of confidential information. *See, e.g.*, *id.* Apple and Nokia each filed responsive briefs urging Judge Grewal to find either that the documents were not privileged or that Samsung had waived any privilege. ECF Nos. 2824, 2825-2.

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
MAGISTRATE JUDGE

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Samsung's Response to Judge Grewal's OSC re: Sanctions

2       On December 2, 2013, Samsung filed its response to Judge Grewal's November 8, 2013

3    Order to Show Cause.  ECF No. 2835.  Samsung's response first argued that Judge Grewal could

4    not impose sanctions pursuant to Federal Rule of Civil Procedure 37 because Rule 37 does not

5    apply to protective order violations and, even if it did, it would not apply to inadvertent protective

6    order violations.  *Id.* at 8-9.  Samsung then raised a "no harm, no foul" defense that, even if Judge

7    Grewal could issue sanctions, sanctions were not warranted in this case because (1) any violations

8    were inadvertent, (2) the leaked confidential information was never used, and (3) Quinn Emanuel

9    at all times complied with the protective order's post-disclosure procedures.  *Id.* at 9-20.

10    Judge Grewal's Sanctions Order

11       On January 29, 2014, Judge Grewal issued an Order Granting Motion for Sanctions

12    ("Sanctions Order"), finding that Samsung and Quinn Emanuel violated the protective order by

13    repeatedly distributing the unredacted Teece Report throughout Samsung, and that Quinn Emanuel

14    failed to notify Apple timely of those violations upon discovering them.  *See generally* ECF No.

15    2935.[2]  Specifically, Judge Grewal found that while Quinn Emanuel's initial insufficient redaction

16    of the Teece Report did not warrant sanctions, hundreds of subsequent violations of the protective

17    order by Samsung and Quinn Emanuel did.  *Id.* at 11-17.  Judge Grewal rejected Samsung's

18    arguments both that Rule 37 did not authorize sanctions for intentional or inadvertent violations of

19    a protective order and that a protective order is only breached if the violation was intentional,

20    rather than inadvertent.  *Id.* at 7-8.  Judge Grewal then decided that "Quinn Emanuel shall

21    reimburse Apple, Nokia, and their counsel for any and all costs and fees incurred in litigating this

22    motion and the discovery associated with it."  *Id.* at 18.  Judge Grewal also required the parties to

23

24    _____

       [2] Judge Grewal's Sanctions Order cites to various documents by tab number.  *See, e.g.*, *id.* at 4
25    n.13.  These tab numbers refer to documents submitted by Samsung for *in camera* review by
       Judge Grewal.  *Id.*  Neither Apple nor Nokia were provided with unredacted versions of these
26    documents.

                                              6
27    Case No. 11-CV-01846-LHK
       ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
28    MAGISTRATE JUDGE

1  participate in a specific protocol for ensuring that future violations of the protective order are less

2  likely to occur.  *Id.* at 19.

3          On June 20, 2014, Judge Grewal ordered Samsung and Quinn Emanuel "to pay Nokia a

4  total of $1,145,027.95 and Apple a total of $893,825.77 in fees and costs."  ECF No. 3117 at 10.

5          The Parties' Continued Fight Over Samsung's Privilege Assertions

6          On February 2, 2014, Apple wrote a letter to Samsung and requested that Samsung

7  produce "those documents cited in the [Sanctions Order] that Samsung had offered to turn over to

8  Apple and Nokia."  ECF No. 3135-17.  On February 25, 2014, Nokia moved to compel Samsung

9  to "produce to Nokia all the documents the Court cited in its January 29, 2014 Order Granting

10  Motion for Sanctions for which the court has held privilege was waived (Dkt. No. 293[5] at 4

11  n.13), and all the documents the Court ordered produced in October 2013."  ECF No. 2988 at 9.

12  Following an April 1, 2014 hearing on Nokia's motion to compel, Judge Grewal denied Nokia's

13  motion.  ECF No. 3061; *see also* ECF No. 3075 (April 1, 2014 hearing transcript).

14          Requested Relief from Judge Grewal's Sanctions Order

15          On July 7, 2014, Samsung and Nokia filed motions seeking relief from portions of Judge

16  Grewal's Order on Sanctions.  *See* ECF No. 3143 (setting briefing schedule).  Among others,

17  Samsung filed a motion challenging Judge Grewal's ruling in the January 29, 2014 Sanctions

18  Order that Samsung waived privilege as to certain documents produced for *in camera* inspection

19  based on Samsung's offer to produce them to Apple and Nokia.  ECF No. 3135.  Also, Nokia

20  moved for relief from Judge Grewal's January 29, 2014 Sanctions Order, claiming that Nokia is

21  entitled to see the allegedly privileged documents that formed the basis for Judge Grewal's

22  sanctions rulings.  ECF No. 3136.

23          The Court Awards Partial Relief and Remands for Privilege Determinations

24          On September 19, 2014, this Court granted Samsung's motion for relief, holding that

25  Samsung's prior unfulfilled offer to produce privileged documents did not itself operate as a

26

27  Case No. 11-CV-01846-LHK

ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF

28  MAGISTRATE JUDGE

United States District Court
Northern District of California

1   waiver of any privilege or work-product protection applicable to those documents.  ECF No. 3194

2   at 8-9.  However, this Court also granted-in-part Nokia's motion for relief that Judge Grewal's *in*

3   *camera* review of Samsung's documents in this case could have raised due process concerns to the

4   extent the review was used to resolve an issue decided on the merits.  *Id.* at 11-13.  This Court also

5   held that Judge Grewal did not address (a) whether all of the documents submitted in camera were

6   in fact privileged and (b) all of Apple's and Nokia's arguments regarding Samsung's waiver of

7   any such privilege, and remanded so that Judge Grewal could decide those issues in the first

8   instance.  *See id.* at 12-13.

9       **C.      The Waiver Order**

10          Upon remand, on October 17, 2014, Apple and Nokia filed renewed motions to compel.

11   *See* ECF No. 3212; 3213.  Specifically, Apple sought to compel the production of seven

12   documents that Samsung had submitted to Judge Grewal and that Samsung had cited in defending

13   itself in the sanctions proceedings.  ECF No. 3212 at 4-5.  Nokia sought to compel the production

14   of all documents produced by Samsung for *in camera* review.  *See* ECF No. 3213 at 16-17.  Apple

15   and Nokia both argued that Samsung and Quinn Emanuel put the contents of these documents at

16   issue by relying on these documents to avoid sanctions, therefore any such privilege applicable to

17   these documents was waived.  *See*, *e.g.*, ECF Nos. 3212, 3213.

18          On April 3, 2015, Judge Grewal issued an Order Re: Motions to Compel (the "Waiver

19   Order"), which held that Samsung satisfied its burden to establish that each of the 279 tabbed

20   documents submitted by Samsung for *in camera* review was, as a whole, privileged.  ECF No.

21   3237 at 1.  The Order also held that "by placing the contents of the documents at issue,

22   distributing them and disclosing what they say and do not say in the sanctions proceedings,

23   Samsung waived that privilege."  *Id.* at 1-2.  Because Apple's Motion to Compel sought the

24   production of seven documents, Judge Grewal ordered that Samsung produce only those seven

25   documents to Apple.  *Id.* at 5, 16-17.

26

27   Case No. 11-CV-01846-LHK
     ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
28   MAGISTRATE JUDGE

United States District Court
Northern District of California

8

United States District Court
Northern District of California

1         Nokia's Motion to Compel, on the other hand, sought the production of each of the 279

2   tabbed documents.  *Id.* at 5.  Judge Grewal determined that Nokia, as a third-party to this

3   litigation, was only entitled to receive those documents relevant to Samsung's breach of the

4   protective order with respect to Nokia's confidential information.  *Id.* at 16-17.  Based on Judge

5   Grewal's *in camera* review of each of the 279 tabbed documents, Judge Grewal determined that

6   92 of them were relevant to Nokia, and ordered Samsung to produce those 92 documents to Nokia.

7   *Id.*  These ninety-two documents "comprise the tabs cited by [Judge Grewal] in [his] sanctions

8   order as well as Apple's requested seven documents."  *Id.* at 16.  Thus, out of the 279 documents

9   submitted for *in camera* review, Judge Grewal found privilege to have been waived as to, and

10  ordered disclosure of, 92 of them.  *Id.* at 16-17.

11        <u>Requested Relief From Judge Grewal's Waiver Order</u>

12        On April 13, 2015, Samsung filed an administrative sealing motion (ECF No. 3245),[3] a

13  request to file an 18-page motion seeking relief from Judge Grewal's Waiver Order (ECF No.

14  3245-2), an 18-page motion seeking relief from Judge Grewal's Waiver Order (ECF No. 3245-3),

15  and 961 pages of exhibits (ECF Nos. 3245-5, 3245-6, 3245-7, 3245-8, and 3245-9).

16        On April 17, 2015, Samsung filed a five-page motion[4] seeking relief from Judge Grewal's

17  Waiver Order.  *See* ECF No. 3248; ECF No. 3247.  On April 23, 2015, this Court set a briefing

18  schedule.  ECF No. 3249.[5]  Later that day, Samsung refiled its 18-page Motion.[6]  ECF No. 3250;

19

20  [3] Samsung's administrative sealing motion sought to seal Exhibits A and B to the Declaration of
Robert Becher in support of Samsung's motion for relief from Judge Grewal's Waiver Order.  *See*

21  ECF No. 3245 at 2.  Specifically, Samsung contended that Apple or Nokia "may consider portions
of [Exhibits A or B to] the Declaration of Robert Becher in support of Samsung's Motion

22  confidential."  *Id.*  Because Samsung is not the designating party, the requirements of Civil Local
Rule 79-5(e) apply, and Apple or Nokia had to file "[w]ithin 4 days" "a declaration as required by

23  subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."  Civil L.R.
79-5(e)(1).  Neither Apple nor Nokia filed a response within four days of the filing of Samsung's

24  motion, as required pursuant to Civil L.R. 79-5(e)(1) and Civil L.R. 7-11(b).  Therefore, the Court
hereby DENIES Samsung's sealing motion.

25  [4] Samsung filed the same 961 pages of exhibits publicly, including Exhibits A and B to Mr.
Becher's declaration, with no redactions.  *See* ECF No. 3248-2.

26  [5] Had the Court not set a briefing schedule by May 1, 2015, Samsung's motion would have been

27  Case No. 11-CV-01846-LHK

    ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF

28      MAGISTRATE JUDGE

1    ECF No. 3251.  On May 7, 2015, Apple and Nokia filed oppositions (ECF Nos. 3254, 3255), and

2    on May 14, 2015, Samsung filed replies to each opposition (ECF Nos. 3256, 3257).

3    **II.      LEGAL STANDARD**

4        **A.      Standard of Review**

5            While neither side disputes that Judge Grewal's Waiver Order is a nondispositive order,

6    the parties dispute the standard this Court should use to review Judge Grewal's order.  Samsung

7    argues that "[r]eview of privilege rulings is *de novo*."  Motion at 1.  Nokia responds that this Court

8    should apply a more deferential standard of review to Judge Grewal's Order.  ECF No. 3255 at 1-

9    2.  For the reasons explained below, this Court agrees with Nokia.

10           The district court may designate any nondispositive pretrial matter to be determined by a

11   magistrate judge, whose ruling on the matter will be modified or set aside only if "clearly

12   erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  "[A]ny motion

13   not listed [under § 636(b)(1)(A) ], nor analogous to a motion listed in this category, falls within

14   the non-dispositive group of matters which a magistrate may determine."  *Maisonville v. F2 Am.,*

15   *Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) (citations omitted).  In the instant case, Apple's and

16   Nokia's motions to compel (ECF Nos. 3212; 3213) clearly fall within the nondispositive group of

17   matters which a magistrate judge may determine.

18           In reviewing for clear error, the district judge may not simply substitute his or her

19   judgment for that of the magistrate judge.  *See Grimes v. San Francisco*, 951 F.2d 236, 241 (9th

20   Cir. 1991).[7]  "Clear error is found when a reviewing court has a definite and firm conviction that a

21

22   _____

23   deemed denied.  *See* Civil L.R. 72-2 ("If no order denying the motion or setting a briefing
     schedule is made within 14 days of filing the motion, the motion shall be deemed denied.").
     [6] Samsung again filed the same 961 pages of exhibits publicly, including Exhibits A and B to Mr.

24   Becher's declaration, with no redactions.  *See* ECF No. 3251-2.
     [7] On appeal, the Ninth Circuit uses the same standard to review this Court's denial of a motion to

25   reconsider.  *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) ("We review a district
     court's denial of a motion to reconsider a magistrate's pretrial order under that same ['clearly

26   erroneous or contrary to law'] standard.")

10

27   Case No. 11-CV-01846-LHK
     ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF

28   MAGISTRATE JUDGE

United States District Court
Northern District of California

1    mistake has been committed." *Lewis v. Ayers,* 681 F.3d 992, 998 (9th Cir. 2012) (quotation and

2    citation omitted).  Under this standard, if the magistrate judge's findings "are plausible in light of

3    the entire record, [the Court] may not reverse, even if [the Court] would have weighed the

4    evidence differently." *Id.*

5         Samsung cites Ninth Circuit authority holding that the waiver of attorney-client privilege is

6    a mixed question of law and fact that is reviewed on appeal *de novo.  See* ECF No. 3257.

7    However, none of the cases cited by Samsung modifies or overrules the clear Ninth Circuit

8    authority that "[p]retrial orders of a magistrate under 636(b)(1)(A) are reviewable under the

9    'clearly erroneous and contrary to law' standard; they are not subject to *de novo* determination."

10   *Grimes*, 951 F.2d at 241 (quoting *Merritt v. Int'l Broth. of Boilermakers*, 649 F.2d 1013, 1017 (9th

11   Cir. 1981)).  Accordingly, the Court will review Judge Grewal's order under the "clearly

12   erroneous or contrary to law" standard of review.  *Grimes*, 951 F.2d at 241.

13        Moreover, even if Samsung were correct that this Court must review Judge Grewal's

14   privilege rulings *de novo*, the outcome would be the same.  The Ninth Circuit has held "that

15   rulings on the scope of the privilege involve mixed questions of law and fact and are reviewable

16   *de novo*, unless the scope of the privilege is clear and the decision made by the district court is

17   essentially factual; in that case only clear error justifies reversal." *United States v. Laurins*, 857

18   F.2d 529, 541 (9th Cir. 1988).  In the instant case, the scope of the privilege is clear because the

19   parties do not challenge Judge Grewal's determination that the disputed documents were in-fact

20   privileged.  Furthermore, this Court's decision as to whether Samsung put at issue the contents of

21   the ninety-two privileged documents is a factual one.  Thus, only clear error justifies reversal.

22   *Laurins*, 857 F.2d at 541.  Accordingly, even under Samsung's cited authorities, Judge Grewal's

23   rulings are subject to clear error review.

24        **B.      Implied Waiver of Attorney-Client Privilege**

25        The proposition that a litigant waives the attorney-client privilege by placing the attorney's

26

27   Case No. 11-CV-01846-LHK
     ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
28   MAGISTRATE JUDGE

11

United States District Court
Northern District of California

1   performance at issue during the litigation has come to be identified as the "fairness principle."  *See*

2   *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003).  The rule dates back to at least *Hunt v.*

3   *Blackburn*, 128 U.S. 464 (1888), where the U.S. Supreme Court stated: "When Mrs. Blackburn

4   entered upon a line of defence which involved what transpired between herself and Mr.

5   Weatherford [her lawyer], and respecting which she testified, she waived her right to object to his

6   giving his own account of the matter." *Id.* at 470-71.  "The principle is often expressed in terms of

7   preventing a party from using the privilege as both a shield and a sword . . . .  In practical terms,

8   this means that parties in litigation may not abuse the privilege by asserting claims the opposing

9   party cannot adequately dispute unless it has access to the privileged materials. The party asserting

10  the claim is said to have implicitly waived the privilege." *Bittaker*, 331 F.3d at 719.  Under the

11  implied waiver doctrine, the "court thus gives the holder of the privilege a choice:  If you want to

12  litigate this claim, then you must waive your privilege to the extent necessary to give your

13  opponent a fair opportunity to defend against it." *Id.* at 720.

14      "[A]n implied waiver of the attorney-client privilege occurs when (1) the party asserts the

15  privilege as a result of some affirmative act, such as filing suit; (2) through this affirmative act, the

16  asserting party puts the privileged information at issue; and (3) allowing the privilege would deny

17  the opposing party access to information vital to its defense." *Home Indem. Co. v. Lane Powell*

18  *Moss and Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (citing *Hearn v. Rhay*, 68 F.R.D. 574, 581

19  (E.D. Wash. 1975)).

20  **III.  DISCUSSION**

21      **A.  Implied Waiver of Attorney-Client Privilege**

22      Judge Grewal's Waiver Order held that Samsung satisfied its burden to establish that each

23  of the 279 tabbed documents submitted by Samsung for *in camera* review was, in fact, protected

24  by the attorney-client privilege.  Waiver Order at 7-9.  Further, Judge Grewal, who both presided

25  over the sanctions proceedings and reviewed each of the 279 documents submitted for *in camera*

26

27  Case No. 11-CV-01846-LHK
    ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
28  MAGISTRATE JUDGE

United States District Court
Northern District of California

12

review, found that Samsung's defenses in the sanctions proceedings put the contents of those privileged documents at issue and ordered that Samsung produce 7 of the 279 documents to Apple, and 92 to Nokia. *Id.* at 9-17. Specifically, Judge Grewal found that Samsung put the contents of these documents at issue because Samsung "rais[ed] affirmative defenses about inadvertence and whether Nokia's confidential information actually was used." *Id.* at 11. As to the first point, Judge Grewal found that Samsung relied on privileged communications to argue that there is no evidence that anyone deliberately shared information that should not be shared. *Id.* Similarly, Judge Grewal found that Samsung also relied on privileged communications to argue that Samsung never used Nokia's confidential information. *Id.* at 11-12.

Samsung argues that Judge Grewal's Order should be reversed for four primary reasons: (1) Samsung did not put its privileged communications at issue, (2) there was no vital need to pierce Samsung's privileges, (3) Judge Grewal failed to engage in a document-by-document analysis, and (4) Judge Grewal failed to afford Samsung an opportunity to avoid waiver. Motion at 6-11. Apple and Nokia disagree and contend that Judge Grewal's Waiver Order should be affirmed. For the reasons stated below, this Court agrees with Apple and Nokia. Each of Samsung's arguments is addressed in turn.

### 1.     Privileged Documents At Issue

Judge Grewal's finding that Samsung's arguments during the sanctions proceedings put at issue the contents of the privileged communications was not clearly erroneous. During the sanctions proceedings, Samsung raised the following issues bearing upon the contents of communications between Samsung and its attorneys: (1) whether any of the numerous protective order violations were intentional (*see, e.g.*, ECF No. 2835-3 at 11-13; ECF No. 2807 at 13-15), (2) whether any unauthorized recipient of confidential information used the information (*see, e.g.*, ECF No. 2835-3 at 13-18), and (3) Quinn Emanuel's alleged compliance with the protective order (ECF No. 2835-3 at 18-20). Samsung advanced these arguments through a variety of means: (a)

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
MAGISTRATE JUDGE

1   statements by Quinn Emanuel at hearings as to what was and was not communicated in the

2   privileged documents between Samsung and its in-house attorneys and outside counsel in this and

3   other unrelated litigations (*see, e.g.*, ECF Nos. 2883, 2581, 2485), (b) briefing by Quinn Emanuel

4   as to what was or was not sent or communicated in the privileged documents between Samsung

5   and its in-house attorneys and outside counsel in this and other unrelated litigations (*see, e.g.*, ECF

6   Nos. 2871, 2835, 2807), (c) the documents themselves submitted unredacted to the Court, but

7   provided to Apple and Nokia with redactions for attorney-client privileged material (*see, e.g.*, ECF

8   No. 2807), and (d) heavily-redacted declarations characterizing the contents of attorney-client

9   privileged material (*see, e.g.*, *id.*).

10      Judge Grewal found that Samsung affirmatively used the Wavier Documents as support for

11   Samsung's defenses that each of its protective order violations was inadvertent and that the leaked

12   confidential information was never used.  *See* Waiver Order at 11.  Samsung argues that these

13   defenses were not an "affirmative act" on behalf of Samsung and therefore Samsung was not the

14   party who put these privileged communications at issue.  Motion at 7-9.  According to Samsung, it

15   was simply responding to allegations made by Apple and Nokia.  *Id.*  Apple and Nokia respond

16   that Samsung originally put the contents of its privileged communications at issue.   ECF No.

17   3254 at 5-6; ECF No. 3255 at 4-6.

18      Judge Grewal's finding that Samsung originally put the contents of the Waiver Documents

19   at issue is not clearly erroneous.  Specifically, Samsung's response to Judge Grewal's Order to

20   Show Cause as to why sanctions should not be imposed first argued that inadvertence and lack of

21   use should excuse Samsung's conduct.  *See* ECF No. 2835-3.  Samsung sought to use the Waiver

22   Documents affirmatively to argue to Judge Grewal that sanctions should not be imposed, while at

23   the same time Samsung sought to shield Apple and Nokia from viewing the Waiver Documents on

24   the basis of privilege.  Samsung sought to use these documents as both a sword and a shield.  *See*

25   *Bittaker*, 331 F.3d at 719 ("[P]arties in litigation may not abuse the privilege by asserting claims

26

27   Case No. 11-CV-01846-LHK
    ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF

28   MAGISTRATE JUDGE

14

United States District Court
Northern District of California

United States District Court
Northern District of California

the opposing party cannot adequately dispute unless it has access to the privileged materials.").

In opposing sanctions, Samsung characterized the nature and intent of its communications with outside counsel, discussing what, factually, was communicated and opining about the intent of the authors at the time the communications occurred.  *See, e.g.*, ECF Nos. 2871, 2835, 2807. Indeed, Samsung affirmatively argued that it should not be subject to sanctions because its protective order violations were merely inadvertent.  *See, e.g.*, ECF No. 2835-3 at 9-12. Samsung's arguments put at issue whether the violations of the protective order, e.g., Samsung's acquisition from Quinn Emanuel of confidential information belonging to Apple and Nokia and subsequent violations, were, in-fact, intentional.  Samsung also earlier filed, *ex parte*, a motion with Judge Grewal that argued that the protective order violations were inadvertent.  ECF No. 2757; *see also* ECF No. 2807 at 12-15.  Although Judge Grewal ordered Samsung to file a redacted version so that Apple and Nokia could see what Samsung had filed, ECF No. 2790 at 2 ("Although the court agreed to undertake an in camera review of the documents over which Samsung asserted privilege, it never granted Samsung the authority to keep any argument to the court beyond the reach of the other parties."), a large part of the arguments concerning Samsung's intent remained redacted for privilege or cited to declarations that were, themselves, redacted for privilege.  *See, e.g.*, ECF Nos. 2807 at 2-15 (and supporting declarations).[8]

Samsung also used its privileged communications to support its argument that neither Samsung nor Quinn Emanuel used Nokia's confidential information.  *See, e.g.*, ECF No. 2835-3 at 13-18.  Specifically, Samsung argued both that no transmission of the Teece Report was for the purposeful sharing of the insufficiently redacted confidential information and that Samsung's knowledge of any information in the insufficiently redacted Teece Report was actually obtained

---

[8] Samsung's *ex parte* arguments to Judge Grewal raised the issue of intent in support of Samsung's argument that the crime-fraud exception did not apply.  ECF No. 2807 at 12-15. However, Samsung *also* put the same intent at issue when arguing to Judge Grewal that sanctions were not warranted because Samsung and Quinn Emanuel lacked the intent to violate the protective order.

15

1   through a source other than the insufficiently redacted Teece Report.  *See, e.g.*, *id.*  Again, this

2   puts at issue the contents of the communications with those who had sent or received Nokia's

3   confidential information in violation of the protective order.

4        Finally, Samsung argued that Quinn Emanuel at all times complied with the protective

5   order.  ECF No. 2835-3 at 18-20.  This defense put at issue when Quinn Emanuel learned of the

6   breach, how it learned of the breach, and communications between Quinn Emanuel and Samsung

7   regarding the breach.  *See id.*

8        For each issue, Samsung argued that there was "no evidence" to suggest anything other

9   than that each breach of the protective order was inadvertent and that none of the unauthorized

10   recipients used any ill-gotten confidential information.  *See, e.g.*, ECF No. 3237 at 11-12 at n.53,

11   n.54.  Without access to the documents Samsung put directly at issue, neither Apple nor Nokia

12   could evaluate whether Samsung's explanations and arguments lacked credibility or whether any

13   evidence submitted *in camera* conflicted with Samsung's explanations and arguments.  Indeed,

14   when Judge Grewal questioned Samsung's counsel about inconsistencies in a Samsung

15   employee's deposition testimony, Samsung's counsel answered by referring Judge Grewal to

16   privileged communications that Nokia and Apple had not seen and could not adequately dispute.

17   *See* ECF No. 2883 at 23-24.  Moreover, to say that the content of Samsung's privileged documents

18   was not "at issue" ignores the reality that Judge Grewal did, in fact, consider and cite these

19   privileged documents in his Sanctions Order.  *See, generally,* Sanctions Order (referencing tab

20   numbers).

21        Upon review of the entire record, it is more than plausible that Samsung's affirmative

22   defenses during the sanctions proceedings put at issue the contents of the Waiver Documents.

23   *Lewis,* 681 F.3d at 998 (holding that if the magistrate judge's findings "are plausible in light of the

24   entire record, [the Court] may not reverse, even if [the Court] would have weighed the evidence

25   differently.").  Samsung affirmatively used these Waiver Documents as support for its claims that

26

27   Case No. 11-CV-01846-LHK
     ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
28   MAGISTRATE JUDGE

United States District Court
Northern District of California

Samsung's violations of the protective order were inadvertent and that no unauthorized recipient of any confidential information used the information.  This Court is not left with a firm and definite conviction that Judge Grewal was mistaken in finding that Samsung put the content of the Waiver Documents at issue in the sanctions proceeding.  *Id.* ("Clear error is found when a reviewing court has a definite and firm conviction that a mistake has been committed." (internal quotation omitted)).  Therefore, under the standard of review applicable here, this Court does not find that Judge Grewal's Waiver Order was clearly erroneous.  *Id.*

The Court's holding today does not mean that every alleged protective order violation will necessarily result in a waiver of attorney-client privilege.  In this case, the protective order violations were egregious and not properly remedied.  Specifically, in March 2012, Quinn Emanuel posted an insufficiently redacted copy of the Teece Report, disclosing several of Apple's confidential licensing terms, including those with Nokia and Ericsson, to an FTP site, and emailed instructions for accessing the document to more than 90 Samsung employees.  ECF No. 2935 at 4. The insufficiently redacted Teece Report was widely circulated within Samsung over the course of several months, and more than 200 unauthorized individuals received the confidential license terms in violation of the Court's protective order.  *Id.* at 5.

In December 2012, a senior associate at Quinn Emanuel again emailed the insufficiently redacted Teece Report to Samsung.  *Id.*  After the report had been sent, however, a junior associate at Quinn Emanuel discovered that the report had been insufficiently redacted.  *Id.*  The junior associate reported this fact to the senior associate and a partner at Quinn Emanuel.  *Id.*  The senior associate at Quinn Emanuel then told the recipient at Samsung to delete the email, and the recipient deleted the email.  *Id.*  Quinn Emanuel did nothing further.  *Id.*

Two weeks later, in January 2013, Quinn Emanuel sent Samsung a "clean" copy of the Teece Report along with an email chain that highlighted precisely where the confidential information could be found in older versions of the document.  *Id.*  Subsequently, Samsung

United States District Court
Northern District of California

17

1    internally discussed the terms of Apple's license with Ericsson in preparation for Samsung's

2    arbitration with Ericsson.  *Id.* at 6.

3        In May 2013, Samsung emailed to Quinn Emanuel a copy of the insufficiently redacted

4    Teece Report.  *Id.*  Quinn Emanuel did nothing in response.  *Id.*

5        On June 4, 2013, during negotiations between Samsung and Nokia, Samsung executive Dr.

6    Seungho Ahn recited to Nokia the terms of the Apple-Nokia license described in the Teece Report,

7    saying that he had learned the terms from Samsung's lawyers and that "all information leaks."[9]  *Id.*

8    at 6.

9        On July 1, 2013, in Case No. 12-CV-630, Nokia moved for a protective order, alleging that

10   Samsung improperly used Nokia's confidential information during those licensing negotiations.

11   *See* Case No. 12-CV-630, ECF No. 647.  More than two weeks after Nokia filed its motion, Quinn

12   Emanuel, on July 16, 2013, notified Nokia of the breach that Quinn Emanuel claims to have

13   known about since December 2012—that Samsung had been in possession of Nokia's confidential

14   information by way of the improperly redacted Teece Report.  ECF No. 2935 at 15-17.  Samsung

15   waited even longer (August 1, 2013) to inform Apple's outside counsel and still longer (August 4,

16   2013) to allow Apple's outside counsel to inform Apple about the breach.  *See id.*

17       Faced with this scenario, Samsung and Quinn Emanuel made the strategic decision to

18   argue that each subsequent transmission of this information from March 2012 onward was

19   inadvertent and that none of the unauthorized recipients of Nokia's confidential information used

20   the information they received.  Having embarked on that course, Samsung and Quinn Emanuel put

21   at issue each exchange of confidential information, the reason for its transmission, the intent of the

22   parties to each exchange, and the actions following its exchange.  Accordingly, Judge Grewal's

23

24   ───────────────

[9] Mr. Ahn later contended that the number he quoted to Nokia was really an estimate from public
25   information and that he was only joking about violating the protective order in this case.  *See id.* at
     6.  However, the insufficiently redacted Teece Report, in Samsung's possession since March 2012,
26   revealed the terms of the Apple-Nokia license.  *Id.* at 4.

18

27   Case No. 11-CV-01846-LHK
     ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
28   MAGISTRATE JUDGE

United States District Court
Northern District of California

1    conclusion that Samsung and Quinn Emanuel waived privilege over the Waiver Documents was

2    not clearly erroneous.

3                    **2.        Vital Need to Pierce Privilege**

4            Due process provided the vital need to pierce Samsung's privileges in this case.

5    Samsung's repeated arguments about the contents of privileged documents and what they did or

6    did not contain simply could not be tested by Apple or Nokia absent disclosure of the underlying

7    documents.  Samsung argues that there was no "vital" need to pierce its privileges because Judge

8    Grewal reviewed the documents *in camera*.  Motion at 7.  This argument misses the point.  Any *in*

9    *camera* review of Samsung's documents unfairly restricted Apple's and Nokia's evaluation of

10   Judge Grewal's rulings regarding the scope of Samsung's protective order violations and

11   appropriate sanctions.  While a court may review documents *in camera* to assess the scope of a

12   privilege, the court may not rely on an *ex parte* and *in camera* review of documents to resolve an

13   issue on the merits.  *See Lynn v. Regents of the Univ. of Cal.*, 656 F.2d 1337, 1346 (9th Cir. 1981).

14   The Ninth Circuit "has generally recognized the capacity of a district judge to fashion and guide

15   the procedures to be followed in cases before him," but "in our judicial system adversary

16   proceedings are the norm and *ex parte* proceedings the exception.  *Meridian Int'l Logistics, Inc. v.*

17   *United States*, 939 F.2d 740, 745 (9th Cir. 1991) (quotation and citation omitted).

18           Moreover, Judge Grewal's order was narrowly tailored to protect both the vital need of

19   Samsung to maintain privileged information and the vital need of Apple and Nokia to access the

20   otherwise privileged materials.  As to Apple, Judge Grewal granted Apple's motion compelling

21   the production of seven documents—documents cited by Judge Grewal in the Sanctions Order and

22   that Samsung had previously offered to produce to Apple.  Waiver Order at 16-17.  As to Nokia,

23   Judge Grewal only granted Nokia's motion to the extent that the documents were relevant to

24   Samsung's breach of the protective order with respect to Nokia's confidential information.  Judge

25   Grewal found ninety-two such documents.  *Id.*  With this information, Nokia can then properly

26

27

28

United States District Court
Northern District of California

19

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
MAGISTRATE JUDGE

assess Samsung's claims that Nokia's confidential information was (a) never used or (b) never intentionally distributed to those without authorization to view the information.  Thus, in sum, Judge Grewal's Waiver Order compelling the waiver and production of ninety-two documents does not leave this Court with a firm and definite conviction that a mistake has been made.

### 3.      Document-by-document analysis

Samsung also faults Judge Grewal for failing to perform a document-by-document analysis and "fail[ing] to even consider a more narrow waiver."  Motion at 14-15.

First, Samsung fails to cite any Ninth Circuit authority holding that Judge Grewal was required to provide a document-by-document analysis.  *Id.*  In the only in-circuit district court case cited by Samsung, the court expressly stated that its holding "does not mean that the Magistrate must provide a separate analysis for each" document and instead held that "it is entirely appropriate for the Magistrate to group the documents into categories of documents which raise similar legal issues, and to address each group as a whole."  *United States v. Chevron Corp.*, No. 94-CV-1885, 1996 WL 264769, at *6 (N.D. Cal. Mar. 13, 1996).

Second, Samsung's argument ignores, entirely, the fact that Judge Grewal analyzed each document individually and only ordered the disclosure of 92 of the 279 documents provided by Samsung to Judge Grewal for *in camera* inspection.  *See* Waiver Order at 17.  After analyzing each document individually, Judge Grewal denied Nokia's request to order Samsung to disclose 187 documents.  *See* ECF No. 3213 at 1.  Thus, Judge Grewal analyzed each document individually and imposed a more narrow waiver than that sought by Nokia.

Samsung's arguments have failed to leave this Court with a definite and firm conviction that a mistake had been made.

### 4.      Opportunity to withdraw arguments to salvage privilege

The Court similarly rejects Samsung's argument that Samsung was entitled to avoid waiver by retroactively withdrawing its arguments.  Samsung argues that it should be afforded an

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE

United States District Court
Northern District of California

opportunity to withdraw any disclosures or arguments that are determined to yield a waiver. Motion at 10.  For support, Samsung cites the Ninth Circuit's decision in *Bittaker*, 331 F.3d 715, and this Court's decision in *Oracle America, Inc. v. Innovative Technology Distributors, LLC*, No. 11-CV-1043-LHK, 2011 WL 2559825 (N.D. Cal. June 28, 2011).  But those cases are inapposite.

In both *Bittaker* and *Oracle* the party was given a choice *ex ante*: "If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it."  *See Bittaker*, 331 F.3d at 720; *Oracle*, 2011 WL 259825, at *1-2.  Neither *Bittaker* nor *Oracle* allowed a party to withdraw arguments after that party had already advanced, and benefited from, the arguments.  In *Bittaker*, the issue was presented at the outset of Mr. Bittaker's federal habeas case.  Mr. Bittaker had been convicted in state court of multiple murders and was sentenced to death.  331 F.3d at 717.  In his federal habeas petition, Mr. Bittaker asserted an ineffective assistance of counsel claim.  *Id.*  The district court found a narrow waiver of privilege only to the extent necessary to litigate the federal habeas petition.  *Id.*  In *Bittaker*, the issue was the scope of the privilege waiver on federal habeas review.  *Bittaker* in no way addressed a *post-hoc* withdrawal of arguments that a party has already advanced and from which the party has already benefited.

In *Oracle*, Oracle had filed a motion to disqualify counsel and sought permission to lodge privileged documents for *in camera* review by this Court so that this Court could use the contents of those documents as a basis for deciding the motion.  *Oracle*, 2011 WL 2559825, at *1.  This Court denied the motion and held "[i]f Oracle wants the Court to consider the documents it considers privileged in connection with the disqualification motion, then Oracle cannot, at the same time, deny ITD access to the same materials."  *Id.* at *2.  "Otherwise, Oracle would obtain the improper advantage of using the privileged documents as both shield and sword."  *Id.*  The Court then indicated that if Oracle did, in fact, submit the documents for *in camera* review, the Court would impose a waiver.  *Id.*

21

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE

In the instant case, Samsung has already submitted privileged documents for *in camera* review, already put the contents of these documents at issue, and already succeeded in avoiding greater sanctions.  *See* ECF No. 2935 at 18.  Samsung, having already benefited from its arguments to Judge Grewal about the contents of the privileged documents, cannot now seek to withdraw those arguments.

### 5.   Conclusion

In sum, having reviewed Judge Grewal's Order, Samsung's motion, and the parties' submissions regarding the issues, the Court concludes that Judge Grewal's Order was neither "clearly erroneous" nor "contrary to law" and supports a finding of waiver as to the Waiver Documents. Fed. R. Civ. P. 72(a).  The Court therefore concludes that Judge Grewal's holding of implied waiver was not clearly erroneous or contrary to law.  Having found that Samsung waived privilege as to the Waiver Documents, the Court now turns to Samsung's remaining arguments regarding why Samsung should not be compelled to disclose these documents.

### B.  Samsung's Remaining Arguments

Samsung's remaining arguments are that: (1) Judge Grewal's order fails to address work-product protection and the mediation privilege, (2) Samsung should not be required to produce third-party licensing information, and (3) Apple and Nokia waived their privilege challenges. Each is addressed in turn.

### 1.   Work product protection and mediation privilege

Samsung argues that Judge Grewal's Waiver Order should be reversed for failure to address Samsung's claims of work-product protection and mediation privilege over the Waiver Documents.  Motion at 15-16.  For support, Samsung cites several out-of-circuit district court cases, none of which hold that when a party asserts multiple privilege protections over a single document, the party can waive certain privileges while maintaining others.  *See id.*  Indeed, courts in this district have held that "[i]f waiver occurs, it applies to both attorney-client privilege and

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
MAGISTRATE JUDGE

United States District Court
Northern District of California

1    work-product immunity" as well as any other privilege that might apply.  *See, e.g.*, *Landmark*

2    *Screens, LLC v. Morgan, Lewis & Bockius LLP*, No. 08-02581, 2009 WL 3415375, at *2 (N.D.

3    Cal. Oct. 21, 2009) (citing *Bittaker*, 331 F.3d at 722 n.6).

4         Moreover, Samsung's argument asks this Court to allow Samsung to use the contents of

5    privileged documents as both a sword and a shield.  A party in civil litigation cannot put the

6    contents of a document at issue and ask the Court to consider the contents of that document in

7    deciding an issue on the merits while at the same time shielding its adversary from also

8    considering the contents of that document.  Litigating a case in that fashion is inconsistent with

9    both the adversary system and due process.  *See, e.g.*, *Great Am. Assurance Co. v. Liberty Surplus*

10   *Ins. Corp.*, 669 F. Supp. 2d 1084, 1092 (N.D. Cal. 2009) (holding "waiver of attorney work-

11   product protection . . . requires an act inconsistent with the adversary system").  "Once a litigant

12   decides to affirmatively rely on privileged information thereby placing said information into issue

13   . . . any privilege that may attach is impliedly waived."  *Shared Med. Resources, LLC v.*

14   *Histologics, LLC*, No. 12-CV-612, 2012 WL 5570213, at *4 (C.D. Cal. Nov. 14, 2012).

15        In the instant case, as explained above, it was unfair, and inconsistent with due process, for

16   Samsung to rely on documents that Apple and Nokia were shielded from viewing while Samsung

17   used those documents to argue to Judge Grewal that sanctions were unwarranted.  *See also*

18   *Century Aluminum Co. v. AGCS Marine Ins. Co.*, 285 F.R.D. 468 (N.D. Cal. 2012) (granting

19   motion to compel because defendant, through its selective disclosures, waived any privileges

20   attached to its coverage counsel's communications about defendant's weather investigation).

21   Thus, having put the contents of the Waiver Documents at issue in litigation, Samsung cannot rely

22   on any applicable privilege to shield those documents from Apple and Nokia.

23        Samsung's arguments have failed to leave this Court with a definite and firm conviction

24   that a mistake had been made.

25

26

27

28

*United States District Court*
*Northern District of California*

23

### 2.      Third-party license information

Samsung also argues that some of the documents contained within the ninety-two that Judge Grewal ordered Samsung to produce to Nokia "refer to licenses with third-parties" "that Nokia is 'not entitled' to obtain."  Motion at 17.  Judge Grewal reviewed each of the 279 documents submitted by Samsung for *in camera* review and determined that 92 of them were relevant to Samsung's breach of the protective order with respect to Nokia's confidential information.  *See* ECF No. 3237 at 17.  Moreover, Nokia is bound by the Protective Order in this case.  ECF No. 3237 at 7 n. 30; ECF No. 2434 at 2.  Because Judge Grewal has found the ninety-two documents relevant to Nokia, and Nokia is bound by the protective order, Samsung has failed to establish that Judge Grewal's finding was clearly erroneous.  Accordingly, Samsung's argument that Nokia is not entitled to obtain the compelled disclosure lacks merit.

### 3.      Waiver

Finally, Samsung claims that Apple and Nokia have not properly preserved their right to argue that Samsung waived privilege over the Waiver Documents because both parties failed to assert these arguments following Judge Grewal's Sanctions Order.  Motion at 17-18.  Apple and Nokia respond that this Court previously rejected this same claim by Samsung.  ECF No. 3254 at 11; ECF No. 3255 at 17.  This Court agrees with Apple and Nokia.  This issue was briefed the last time Samsung sought relief from this Court from Judge Grewal's Sanctions Order.  In deciding Samsung's prior motion, this Court determined that the arguments raised by Apple and Nokia "have all been previously presented to Judge Grewal" and that "Judge Grewal has not accepted or rejected these arguments."  ECF No. 3194 at 9-10 n.6.  This Court then remanded to Judge Grewal for the express purpose of deciding these issues.  *Id.* at 13 ("Upon remand, Nokia may seek determination from Judge Grewal on the questions of privilege as to the Samsung documents reviewed *in camera* and whether Nokia should receive access to any of those materials.").  That is what Judge Grewal did.  Apple and Nokia have not waived these arguments, just as Judge Grewal held when he rejected Samsung's identical argument in the Waiver Order: "Because the parties

24

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
MAGISTRATE JUDGE

raised their arguments during the original sanctions proceedings, and the district judge expressly ordered the court to consider and address those same arguments again, the court does not agree with Samsung's characterization that Apple and Nokia have waived their privilege challenges." ECF No. 3237 at 5 n. 22.  Accordingly, this argument, which Samsung raises unsuccessfully for at least the third time, fails to leave this Court with a firm and definite conviction that a mistake has been made.

## IV.    CONCLUSION

For the foregoing reasons Samsung's Motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 19, 2015

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
MAGISTRATE JUDGE