# ATTACHMENT B

**Nos. 2014-1335, 2015-1029**

# United States Court of Appeals
*for the*
# Federal Circuit

APPLE INC., a California corporation,

*Plaintiff-Appellee,*

– v. –

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,
SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation,
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,
a Delaware limited liability company,

*Defendants-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA IN CASE NO. 11-CV-01846-LHK,
HONORABLE LUCY H. KOH

**PETITION FOR REHEARING *EN BANC***

| | |
|---|---|
| SUSAN R. ESTRICH | KATHLEEN M. SULLIVAN |
| MICHAEL T. ZELLER | WILLIAM B. ADAMS |
| ROBERT J. BECHER | QUINN EMANUEL URQUHART |
| B. DYLAN PROCTOR |   & SULLIVAN, LLP |
| QUINN EMANUEL URQUHART | 51 Madison Avenue, 22nd Floor |
|   & SULLIVAN, LLP | New York, New York 10010 |
| 865 South Figueroa Street, 10th Floor | (212) 849-7000 |
| Los Angeles, California 90017 | |
| (213) 443-3000 | |

*Attorneys for Defendants-Appellants Samsung Electronics Co., Ltd., Samsung
Electronics America, Inc. and Samsung Telecommunications America, LLC*

*(For Continuation of Appearances See Inside Cover)*

infringement and trade-dress dilution. The panel (Prost, C.J., joined by O'Malley & Chen, JJ.) reversed the award of $382 million in trade-dress dilution damages but affirmed the remaining $548 million in damages. Of that amount, $399 million represents an award of Samsung's entire profits from products found to infringe Apple's design patents; this petition seeks *en banc* review of that award.

The panel decision is the first from this Court involving design-patent infringement by a complex electronic device. Unlike rugs, spoons, and simple mechanical objects, smartphones incorporate hundreds or thousands of different patented technologies, and it is undisputed here that Apple's design patents claim only partial, minor features of such devices and that some attributes of those designs are functional. And yet the panel upheld the infringement finding without requiring the district court to properly construe the patents or instruct the jury to filter out functional attributes. And the panel deemed itself bound by Section 289 to uphold an award of all of Samsung's profits from the infringing products even though the patented designs are only minor features of those products. Both holdings warrant *en banc* review, for they conflict with precedent, create confusion, and raise the prospect that a design patent, alone among all species of intellectual property, will allow its holder to "leverage its patent for competitive gain beyond that which the inventive contribution and value of the patent warrant." *Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1375 (Fed. Cir. 2012).