# ATTACHMENT C

**Nos. 2014-1335, -1368**

# United States Court of Appeals
*for the*
# Federal Circuit

APPLE INC., a California corporation,

*Plaintiff-Cross-Appellant,*

– v. –

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,
SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation,
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,
a Delaware limited liability company,

*Defendants-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA IN CASE NO. 11-CV-01846-LHK,
HONORABLE LUCY H. KOH

## OPENING BRIEF FOR DEFENDANTS-APPELLANTS

| | |
|---|---|
| SUSAN R. ESTRICH | KATHLEEN M. SULLIVAN |
| MICHAEL T. ZELLER | WILLIAM B. ADAMS |
| B. DYLAN PROCTOR | QUINN EMANUEL URQUHART |
| QUINN EMANUEL URQUHART |   & SULLIVAN, LLP |
|   & SULLIVAN, LLP | 51 Madison Avenue, 22nd Floor |
| 865 South Figueroa Street, 10th Floor | New York, New York 10010 |
| Los Angeles, California 90017 | (212) 849-7000 |
| (213) 443-3000 | |

*Attorneys for Defendants-Appellants Samsung Electronics Co., Ltd., Samsung
Electronics America, Inc. and Samsung Telecommunications America, LLC*

*(For Continuation of Appearances See Inside Cover)*

element of patent infringement," despite Apple presenting copying as a central trial theme and despite clear law that copying "is of no import on the question of whether the claims of an issued patent are infringed," *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1351 (Fed. Cir. 2002).

Over Samsung's objection (A43865-68), the verdict form provided for a single damages award for each product without particularizing by patent/trade dress or damages theory. A00646-47; A43924-28. On August 24, 2012, the jury returned a verdict awarding Apple $1,049,343,540 in damages on twenty-three Samsung products and no damages on five products. A00646. As the district court concluded in ruling on post-trial motions (A00097-98; A24945), the basis for the jury's award could be reverse-engineered as follows:

For each of the eleven Samsung phones (Captivate, Continuum, Droid Charge, Epic 4G, Galaxy S II 2 (AT&T), Galaxy S II (T-Mobile), Galaxy S II (Epic 4G Touch), Galaxy S II (Skyrocket), Gem, Indulge, and Infuse 4G) for which the jury found infringement of one or more design patents but no trade-dress dilution, the jury awarded the entirety of Samsung's profits, which it determined to be 40% of Apple's claimed figure (reflecting a dispute over deductible costs). For each of the five Samsung phones (Fascinate, Galaxy S 4G, Galaxy S Showcase (i500), Mesmerize, and Vibrant) for which the jury found infringement of one or more design patents *and* trade-dress dilution, the jury awarded Apple's claimed

9

lost profits *plus* the same 40% of Apple's claimed figure for Samsung's profits. For five of the seven Samsung products that were found to infringe only utility patents (Exhibit 4G, Galaxy Tab, Nexus S 4G ('381 & '915), Replenish ('163 and '381), and Transform ('915)), the jury awarded half of Apple's claimed royalties. For the remaining two Samsung products found to infringe only utility patents, the jury awarded 40% of Apple's claimed figure for Samsung's profits on the Galaxy Prevail, and $833,076 for the Galaxy Tab 10.1 (WiFi).

    E.    **The District Court's Orders On Post-Trial Motions**

After trial, Samsung moved under Fed. R. Civ. P. 50(b) for judgment as a matter of law ("JMOL") and 59 for new trial or remittitur. A07605-08128. Apple moved under those rules for JMOL, new trial, and an amended judgment. A8669. The district court denied Apple's motions for permanent injunction (A08258-59) and willfulness enhancements (A08461-62). It also denied Samsung's motions (A08129-48; A00002-89) except insofar as it granted Samsung JMOL that infringement of the utility and design patents was not willful, and vacated and granted new trial as to $410,020,294 in damages on twelve Samsung products as to which Apple failed to provide a correct "notice date" and on one product on which the jury had erroneously awarded infringer's profits for utility-patent infringement.

A00110-12; A08169.[1] The court declined to order new trial on five other products, despite similarly incorrect notice dates, because they had been found both to infringe design patents and to dilute unregistered trade dress, and the court ruled that notice was not required for trade-dress dilution. A00109-10.[2]

### F. The Partial Damages Retrial

In November 2013, the district held a five-day partial retrial on damages before a second jury, conducted under "Groundhog Day" rules (A08342-43) that precluded any challenges to previously decided issues. This time the jury awarded Apple $290,456,793 in damages. A00652-53.

For each of six Samsung devices found to infringe only utility patents (Exhibit 4G, Galaxy Prevail, Galaxy Tab, Nexus S 4G, Replenish, and Transform), the jury awarded 100% of Apple's claimed lost profits and reasonable royalty. A00119. For each of seven Samsung devices found to infringe both design and utility patents (Captivate, Continuum, Droid Charge, Epic 4G, Gem, Indulge, and Infuse 4G), the jury awarded 100% of Apple's claimed lost profits and reasonable

---

[1] These thirteen products were: Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Galaxy Prevail, Galaxy Tab, Gem, Indulge, Infuse 4G, Nexus S 4G, Replenish, and Transform. The court initially vacated the award of $40,494,356 for the Galaxy S II AT&T, but ultimately reinstated it. A08169.

[2] The district court's post-trial rulings are reported at 932 F. Supp. 2d 1076 (N.D. Cal. 2013); 926 F. Supp. 2d 1000 (N.D. Cal. 2013); 920 F. Supp. 2d 1116 (N.D. Cal. 2013); 920 F. Supp. 2d 1079 (N.D. Cal. 2013); and 909 F. Supp. 2d 1147 (N.D. Cal. 2012).

royalty, plus the exact average of the parties' respective total Samsung profits calculations (which amounted to 61.4% of Apple's claimed infringer's profits). A00119-20; A00123; A00128 .

The district court denied Samsung's post-retrial motions (A08463-512) for JMOL, new trial, and/or remittitur. A00116-44.

### G. The Final Judgment

On March 6, 2014, the district court entered final judgment for Apple in the amount of $929,780,039. A00001. This amount represented the $1,049,343,540 award from the first trial, minus the vacated $410,020,294, plus the $290,456,793 awarded on retrial. A00646; A00114; A08168-69; A00652; A00116.

Divided by damages theory, that judgment comprises $689,492,147 in Samsung's profits ($398,940,864 for design-patent infringement and $290,551,283 for dilution of unregistered trade dress), $204,909,622 in Apple's lost profits ($113,777,343 for utility-patent infringement and $91,132,279 for dilution of unregistered trade dress), and $35,458,270 in reasonable-royalty damages. A00089-A00144.

Divided by cause of action, the judgment awards $398,940,864 for design-patent infringement, $381,683,562 for dilution of Apple's unregistered trade dress, and $149,235,613 for utility-patent infringement.

And divided by product, the judgment reflects ten damages awards from the first trial:

Fascinate ($143,539,179)

Galaxy S 4G ($73,344,668)

Galaxy S II (AT&T) ($40,494,356)

Galaxy S II (Epic 4G Touch) ($100,326,988)

Galaxy S Showcase (i500) ($22,002,146)

Galaxy S II (Skyrocket) ($32,273,558)

Galaxy S II (T-Mobile) ($83,791,708)

Galaxy Tab 10.1 (WiFi) ($833,076)

Mesmerize ($53,123,612)

Vibrant ($89,673,957)

and thirteen more from the retrial:

Captivate ($21,121,812)

Continuum ($6,478,873)

Droid Charge ($60,706,020)

Epic 4G ($37,928,694)

Exhibit 4G ($2,044,683)

Galaxy Prevail ($22,143,335)

Galaxy Tab ($9,544,026)

13

Gem ($4,831,453)

Indulge ($9,917,840)

Infuse 4G ($99,943,987)

Nexus S 4G ($10,559,907)

Replenish ($3,046,062)

Transform ($2,190,099).

## **SUMMARY OF ARGUMENT**

The judgment should be reversed, or at the very least vacated and remanded, for any of several, independent reasons.

**1.** The $399 million judgment for design-patent infringement should be reversed because no reasonable, properly-instructed jury could find infringement or damages. *First*, as to liability, the district court erred as a matter of law in instructing the jury on design-patent scope and infringement. Specifically, the district court failed to instruct the jury to "factor out" the unprotectable structural and functional elements of Apple's designs (*e.g.*, large rectangular form with rounded corners, grid of icons, etc.), thereby allowing Apple to obtain a monopoly over a basic geometric shape and functional features of a smartphone. It compounded this error, moreover, by ruling that the lack of real-world deception is irrelevant to design-patent infringement and by minimizing the role of prior art in the infringement analysis, notwithstanding that prior art can (and does here) render

14