# ATTACHMENT D

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

APPLE INC., a California corporation,

*Plaintiff-Cross Appellant*,

v.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation,
SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation,
SAMSUNG TELECOMMUNICATIONS AMERICA LLC,
a Delaware limited liability company,

*Defendants-Appellants.*

Appeals from the United States District Court for the
Northern District of California in case no. 11-CV-1846, Judge Lucy H. Koh.

**BRIEF FOR PLAINTIFF-CROSS APPELLANT APPLE INC.**

| | |
|---|---|
| RACHEL KREVANS | WILLIAM F. LEE |
| RUTH N. BORENSTEIN | MARK C. FLEMING |
| NATHAN B. SABRI | LAUREN B. FLETCHER |
| CHRISTOPHER L. ROBINSON | WILMER CUTLER PICKERING |
| MORRISON & FOERSTER LLP |    HALE AND DORR LLP |
| 425 Market Street | 60 State Street |
| San Francisco, CA 94105 | Boston, MA 02109 |
| (415) 268-7000 | (617) 526-6000 |
| | |
| MARK D. SELWYN | JAMES L. QUARLES III |
| WILMER CUTLER PICKERING | WILMER CUTLER PICKERING |
|    HALE AND DORR LLP |    HALE AND DORR LLP |
| 950 Page Mill Road | 1875 Pennsylvania Avenue, N.W. |
| Palo Alto, CA 94304 | Washington, DC 20006 |
| (650) 858-6000 | (202) 663-6000 |

July 28, 2014            *Counsel for Plaintiff-Cross Appellant Apple Inc.*

willful because Samsung's defenses were "objectively reasonable." A74-A80. The court upheld $639,403,248 in damages awarded for thirteen infringing and diluting products but, for the other thirteen infringing products, concluded that "the jury awarded an impermissible *form* of damages for some period of time" during which Samsung purportedly lacked notice of some asserted patents. A109; *see* A114; A8169. The court ordered a partial retrial on damages for those products.[1]

Following a six-day retrial, a second jury awarded Apple $290,456,793 for the thirteen remaining products. A116; A652-A653. After the two trials, the damages awarded were:

---

[1] Although Apple disagrees with the district court's grant of JMOL on willfulness, reverse-engineering of the first jury's damages award, grant of a partial retrial, and denial of Apple's renewed permanent injunction request, Apple is not pressing those issues on appeal.

| Samsung Product | Damages | Samsung Product | Damages |
|---|---|---|---|
| Fascinate | $143,539,179 | Captivate | $21,121,812 |
| Galaxy Ace | $0 | Continuum | $6,478,873 |
| Galaxy S (i9000) | $0 | Droid Charge | $60,706,020 |
| Galaxy S 4G | $73,344,668 | Epic 4G | $37,928,694 |
| Galaxy S II (AT&T) | $40,494,356 | Exhibit 4G | $2,044,683 |
| Galaxy S II (i9100) | $0 | Galaxy Prevail | $22,143,335 |
| Galaxy S II (T-Mobile) | $83,791,708 | Galaxy Tab | $9,544,026 |
| Galaxy S II (Epic 4G) | $100,326,988 | Gem | $4,831,453 |
| Galaxy S II (Skyrocket) | $32,273,558 | Indulge | $9,917,840 |
| Galaxy S II Showcase | $22,002,146 | Infuse 4G | $99,943,987 |
| Galaxy Tab 10.1 (WiFi) | $833,076 | Nexus S 4G | $10,559,907 |
| Mesmerize | $53,123,612 | Replenish | $3,046,062 |
| Vibrant | $89,673,957 | Transform | $2,190,099 |

A100-A114; A646-A647; A652-A653; A8169. The district court denied all post-retrial motions and entered judgment against Samsung for $929,780,039. A1; A116-A117.

## SUMMARY OF ARGUMENT

**I. Design-Patent Infringement.** Overwhelming evidence demonstrated that Samsung's copied product and user-interface designs were substantially the same as Apple's patented designs. Samsung's claims of instructional error depend on misstating this Court's precedents, which make clear (for example) that a design is ornamental as long as it is not "dictated by function." The evidence, including expert testimony and several alternative designs, easily permitted the jury to find that Apple's patented designs are not dictated by function and were infringed when viewed in light of the substantially different prior art.

- 22 -

### C. The Jury's Damages Award For Design-Patent Infringement Was Legally Proper And Supported By Substantial Evidence.

The verdict forms only asked the juries to award damages on a per-product basis; they did not parse out the damages awarded by intellectual property right (*i.e.*, design patent, utility patent, or trade dress) or by the *form* of damages (*i.e.*, Samsung's profits, Apple's lost profits, or reasonable royalty). A646-A647; A652-A653. Samsung speculates that the juries awarded $399 million for design-patent infringement, consisting of Samsung's profits from eleven infringing phones. Br. 12, 35. Even accepting that speculation, the $399 million judgment should be affirmed, because the district court properly instructed both juries that they could award Samsung's profits for design-patent infringement and substantial evidence supports the amounts.

#### 1. The "total profit" instruction was proper.

A design-patent holder is entitled to an infringer's "total profit," 35 U.S.C. § 289, and the district court instructed the jury accordingly. A1403. Section 289's language defeats Samsung's apportionment argument; "it is unlikely that Congress would have used such all-encompassing language if it intended that a design patentee could only recover profits attributable solely to the design or ornamental qualities of the patented article." *Bergstrom v. Sears, Roebuck & Co.*, 496 F. Supp. 476, 495 (D. Minn. 1980). As several of Samsung's amici have admitted elsewhere, "current law required" the district court to instruct the jury as it did.

obtaining a design patent is not dispositive of the availability of trade dress protection: more than one form of intellectual property protection may simultaneously protect particular product features." *I.P. Lund Trading ApS v. Kohler Co.*, 163 F.3d 27, 48 (1st Cir. 1998). Samsung's other case concerns federal preemption of "*state* regulation of intellectual property." *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 152 (1989). The statute plainly falls within Congress's power to regulate interstate commerce, *see* 15 U.S.C. § 1125(c)(1) (limiting action to "use of a mark or trade name *in commerce*"), and Samsung points to nothing in the Patent Clause suggesting otherwise.

### E. Substantial Evidence Supports The Damages Award.

The $382 million award that Samsung challenges as "trade-dress dilution award" (Br. 41) includes all damages awarded for six Samsung products, which the jury found not only diluted Apple's trade dresses but also infringed Apple's design and utility patents. A646-A647; *supra* p. 20. If the Court were to reverse or remand on any trade-dress issue (though it should not), then damages should still be awarded for these six products for at least design-patent and utility-patent infringement. But even focusing solely on trade-dress dilution, the $382 million awarded for these six products is well-supported.

impose "greater precision" than the ordinary meaning requires (A6) does not render the claim indefinite where, as the district court concluded, the evidence shows that a skilled artisan would understand its meaning (A9).

Nor did named inventor Scott Forstall testify that the term is "entirely subjective." Br. 66-67. Mr. Forstall merely explained *why* it would not always be appropriate to center the enlarged content exactly—for example, where exact centering would result in empty space on the side of the screen. A40759-40760. To the extent Mr. Forstall addressed the term's meaning, he identified objective criteria that a skilled artisan would apply (*e.g.*, centering should not result in showing space "beyond the edge of a document"). *Id.*

### C. Substantial Evidence Supports The Second Jury's Lost-Profits Award.

Although not indicated on the verdict form (A652-A653), Samsung speculates that the second jury awarded $114 million in lost profits for ten phones found to infringe the '915 patent. Br. 68. Even if Samsung's dissection of the verdict is accepted, the $114 million award is well-supported by the evidence. *E.g.*, A29791-A29813; A50649-A50678; A50690-A50692.

#### 1. Samsung's non-infringing alternatives argument rests on an incorrect standard.

To receive lost profits, Apple was not required to prove the *complete* absence of non-infringing alternatives. Br. 68. Rather, Apple simply had to

- 80 -

infringing alternatives in his analysis. A50589. Samsung's argument, at most, is that Dr. Hauser did not specifically test the Intercept or Galaxy Ace. But as explained above (pp. 81-83), neither of those phones was an acceptable, available alternative. In any event, Samsung placed this theory before the jury by cross-examining Dr. Hauser (A50610); the jury was free to reject it.

### D. Substantial Evidence Supports The Reasonable-Royalty Awards.

Samsung also speculates that the judgment includes $35 million in reasonable-royalty damages for utility-patent infringement. Br. 72. That amount is amply supported.

Ms. Davis explained the three different methods underlying her royalty rate and applied a *Georgia-Pacific* analysis to calculate her final royalty. A50707-A50709. She discussed demand for Apple's patented features at length in her lost-profits analysis, including Dr. Hauser's survey and several Samsung documents. A50652-A50661 (discussing A24978, A25003, A25162, A25173, A25178, A25345-A25346, A25349). Samsung's argument that Ms. Davis should have addressed that evidence again in her reasonable-royalty discussion (Br. 72-73) places form over substance. The evidence was before the jury, and Ms. Davis was not required to retread old ground in a time-limited trial—particularly when she emphasized that her demand analysis for lost profits was also "relevant to the determination of the amount of reasonable royalties." A50651:25-A50652:4; *see,*

- 86 -