QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S REQUEST FOR JUDICIAL NOTICE OF PTO AND PTAB DOCUMENTS RELATING TO REEXAMINATIONS OF '915 AND D'677 PATENTS**<br><br>Date:    To be set by Court<br>Time:    1:30 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

Pursuant to Federal Rule of Evidence 201, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") respectfully request that the Court take judicial notice of the following documents, all filed in the United States Patent and Trademark Office, in support of Samsung's Motion for Entry of Judgment of Invalidity on '915 Patent and to Stay Further Proceedings in Light of the PTAB's Final Decision Invalidating the '915 Patent, filed concurrently herewith:

**Reexamination File History of U.S. Patent No. 7,844,915**

- Request for *Ex Parte* Reexamination Transmittal Form, filed May 30, 2012 (attached hereto as Exhibit 1);
- Order Granting Request for *Ex Parte* Reexamination, filed August 17, 2012 (attached hereto as Exhibit 2);
- Office Action in *Ex Parte* Reexamination, filed December 19, 2012 (attached hereto as Exhibit 3);
- *Ex Parte* Reexamination Interview Summary, filed March 22, 2013 (attached hereto as Exhibit 4);
- Response Under 37 CFR § 1.550 and 37 CFR § 1.111 to Non-Final Office Action in *Ex Parte* Reexamination, filed March 19, 2013 (attached hereto as Exhibit 5);
- Declaration of Jason Nieh, Ph.D., Under 37 C.F.R. § 1.132, filed March 19, 2013 (attached hereto as Exhibit 6)
- Office Action in *Ex Parte* Reexamination, filed July 26, 2013 (attached hereto as Exhibit 7);
- Response to Final Office Action in *Ex Parte* Reexamination, filed October 26, 2013 (attached hereto as Exhibit 8);
- Advisory Action, filed November 20, 2013 (attached hereto as Exhibit 9);
- Notice of Appeal from the Examiner to the Patent Trial and Appeal Board, filed December 26, 2013 (attached hereto as Exhibit 10);
- Appeal Brief, filed February 26, 2014 (attached hereto as Exhibit 11);
- Examiner's Answer, filed May 2, 2014 (attached hereto as Exhibit 12);
- Reply Brief, filed July 2, 2014 (attached hereto as Exhibit 13);
- Request for Oral Hearing Before the Patent Trial and Appeal Board, filed July 2, 2014 (attached hereto as Exhibit 14);
- Notice of Hearing, filed August 26, 2014 (attached hereto as Exhibit 15);
- Confirmation of Hearing, filed September 15, 2014 (attached hereto as Exhibit 16);
- Transcript of Oral Hearing, filed February 5, 2015 (attached hereto as Exhibit 17);
- Decision on Appeal, filed December 9, 2014 (attached hereto as Exhibit 18);
- Request for Rehearing, filed February 9, 2015 (attached hereto as Exhibit 19);

**Reexamination File History of U.S. Patent No. D618,677**

- Request for *Ex Parte* Reexamination of U.S. Design Patent No. D618,677, filed May 31, 2012 (attached hereto as Exhibit 20);
- Order Granting Request for *Ex Parte* Reexamination, filed August 19, 2012 (attached hereto as Exhibit 21);
- Office Action in *Ex Parte* Reexamination, filed August 5, 2015 (attached hereto as Exhibit 22).

**USPTO and PTAB Statistics**

- May 2015 Patent Trial and Appeal Board (PTAB) Data, *available at* www.uspto.gov/dashboards/patenttrialandappealboard/main.dashxml (last accessed August 26, 2015) (attached hereto as Exhibit 23).

The foregoing documents are from the *ex parte* reexamination file history of U.S. Patent No. 7,844,915, Appl. No. 90/012,332, the *ex parte* reexamination file history of U.S. Patent No. D618,677, Appl. No. 90/012,884, and publicly available materials posted on the PTO's website, as indicated above. In the '915 patent reexamination proceeding, the Decision on Appeal of the Patent Trial and Appeal Board invalidates all claims of the '915 patent asserted by Apple in this litigation. Specifically, the PTAB held that claims 1-21 of U.S. Patent No. 7,844,915 are anticipated or rendered obvious by several prior art references and combinations thereof. In the D'677 patent reexamination proceeding, the August 5, 2015 Office Action in *Ex Parte Reexamination* invalidates the sole claim of the D'677 patent. Specifically, the PTO rejected the claim of the D'677 patent as obvious based on nine different configurations of prior art, and further found that the D'677 patent was not entitled to claim priority to parents applications and could only claim its own filing date of November 18, 2008.

**BASIS FOR REQUESTING JUDICIAL NOTICE**

Judicial notice may be taken at any stage of a proceeding. FED. R. EVID. 201(f). Under Federal Rule of Evidence 201(b)(2), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: … (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." "A court shall take judicial notice if requested by a party and supplied with the necessary information." FED. R. EVID. 201(d).

The documents attached hereto are subject to judicial notice because they comprise the public record of a federal administrative agency—the United States Patent and Trademark Office. *See, e.g.*, *Pollution Denim & Co. v. Pollution Clothing Co.*, 547 F. Supp. 2d 1132, 1135-37 & nn.11-13, 15-16, 19 (C.D. Cal. 2007) (taking judicial notice of online records, including office actions, maintained by United States Patent and Trademark Office). Controlling law provides that it is proper to take judicial notice of records from PTAB proceedings. *See*, *e.g.*, *Function Media, LLC v. Google Inc.*, 708 F.3d 1310, 1316 n.4 (Fed. Cir. 2013) (taking judicial notice of

1  rejection of asserted claims in reexamination proceeding because "[i]t is proper to take judicial

2  notice of a decision from another court or agency at any stage of the proceeding"); *Old Reliable*

3  *Wholesale, Inc. v. Cornell Corp.*, 635 F.3d 539, 549 (Fed. Cir. 2011) (taking judicial notice that

4  PTO issued notice of intent to issue reexamination certificate); *Standard Havens Products, Inc. v.*

5  *Gencor Industries*, Inc., 897 F.2d 511, 514 n.3 (Fed. Cir. 1990) (taking judicial notice of first

6  office action on reexamination rejecting patent claims).   Accordingly, Samsung respectfully

7  requests that the Court consider and take judicial notice of the reexamination documents attached

8  hereto.

10  DATED:   August 26, 2015            QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP

12                                      By    */s/ Victoria F. Maroulis*
                                              Charles K. Verhoeven
                                              Kathleen M. Sullivan
                                              Kevin P.B. Johnson
                                              Victoria F. Maroulis
                                              Michael T. Zeller

                                              Attorneys for SAMSUNG ELECTRONICS CO.,
                                              LTD., SAMSUNG ELECTRONICS AMERICA,
                                              INC., and SAMSUNG
                                              TELECOMMUNICATIONS AMERICA, LLC