# EXHIBIT 2

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/012,332 | 05/30/2012 | 7844915 | P4895USREX1/063266-5689US | 5963 |

61725       7590       08/17/2012

Morgan Lewis & Bockius LLP/ AI
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA   94306

| EXAMINER |
|---|
|  |

| ART UNIT | PAPER NUMBER |
|---|---|
|  |  |

DATE MAILED: 08/17/2012

Please find below and/or attached an Office communication concerning this application or proceeding.

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

BRYAN CAVE LLP
1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/012,332*.

PATENT NO. *7844915*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. 90/012,332 | Patent Under Reexamination 7844915 |
|---|---|---|
| | Examiner Michael J. Yigdall | Art Unit 3992 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>30 May 2012</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐  PTO-892,     b)☒  PTO/SB/08,     c)☐  Other: _____

1. ☒   The request for *ex parte* reexamination is GRANTED.

           RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐   The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181  ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

    a) ☐  by Treasury check or,

    b) ☐  by credit to Deposit Account No. _____,  or

    c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

| | | |
|---|---|---|
| | | |

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 08-06)          Office Action in *Ex Parte* Reexamination          Part of Paper No. 20120813

Application/Control Number: 90/012,332                                       Page 2
Art Unit: 3992

## DETAILED ACTION

1.      A request for *ex parte* reexamination of claims 1-21 of U.S. Patent No. 7,844,915 ("the
'915 patent") was filed on May 30, 2012.

### *Prior Art Cited in the Request*

2.      The following patents and printed publications are cited in the request for *ex parte*
reexamination:

U.S. Patent No. 7,724,242 to Hillis et al. ("Hillis").

U.S. Pub. No. 2005/0057524 to Hill et al. ("Hill").

Dean Harris Rubine, "The Automatic Recognition of Gestures," CMU-CS-91-202,
December 1991 ("Rubine").

Japanese Pub. No. 2000-163031A to Nomura et al. (English translation) ("Nomura").

International Pub. No. WO 03/081458 to Lira ("Lira").

U.S. Patent No. 6,677,965 to Ullmann et al. ("Ullmann").

U.S. Patent No. 6,757,673 to Makus et al. ("Makus").


3.      The examiner notes that the request includes a declaration from Dr. Robert Ellett ("the
Ellett declaration"), establishing that the Rubine reference would have been accessible to the
public no later than July 23, 1992 (Ellett declaration, paragraph 7).

### *Overview of the Patent*

4.      The '915 patent is directed to application programming interfaces for scrolling operations
(Title).  The claimed invention generally comprises a method and apparatus for receiving a user
input consisting of one or more input points applied to a touch-sensitive display (102), creating

Application/Control Number: 90/012,332                                    Page 3
Art Unit: 3992

an event object in response to the user input (104), determining whether the event object invokes

a scroll or gesture operation by distinguishing between a single input point interpreted as the

scroll operation and two or more input points interpreted as the gesture operation (106), issuing

at least one scroll or gesture call based on invoking the scroll or gesture operation (108), and

responding to the calls if issued (110, 112).  See FIG. 1 and claims 1, 8 and 15.



**FIG. 1**

Application/Control Number: 90/012,332                                      Page 4
Art Unit: 3992

### *Prosecution History*

5.      The '915 patent issued on November 30, 2010 from U.S. Application No. 11/620,717

("the '717 application"), filed on January 7, 2007.

        The '717 application originally presented claims 1-88 for examination.  The examiner

restricted the claims, stating in an Office action mailed on April 3, 2009 that claims 1-14 were

directed to "creating an event object in response to user input; determining the type of operation

the event object invokes; [and] issuing a scroll or gesture call based on the determined invoking

operation."  These claims were elected on May 27, 2009.

        In an Office action mailed on July 8, 2009, claims 1-7 were deemed allowable because

the prior art "fails to teach a method of responding to a gesture call by scaling a view associated

with an event object based on receiving a plurality of input points as a user input."  Claims 8-14

were rejected under 35 U.S.C. § 101.

        A response was filed on October 8, 2009, adding new claims 89-95.  In the next Office

action, mailed on December 29, 2009, the examiner withdrew the allowability of claims 1-7 in

light of newly found references.  Claims 1, 6-8, 13, 14, 89, 94 and 95 were rejected under 35

U.S.C. § 103(a) as unpatentable over U.S. Patent No. 7,576,732 to Lii ("Lii") in view of U.S.

Pub. No. 2007/0252821 to Hollemans et al. ("Hollemans").  Claims 2-5, 9-12 and 90-93 were

rejected under 35 U.S.C. § 103(a) as unpatentable over Lii in view of Hollemans and further in

view of the Ullmann reference.

        A response was filed on March 29, 2010.  Claims 8 and 89 were amended to remove

limitations.  The applicant argued that Lii "fails to teach or disclose determining whether the

event object invokes a scroll or gesture operation" and "fails to teach or disclose any type of

Application/Control Number: 90/012,332                                    Page 5
Art Unit: 3992

scroll or gesture calls" (remarks, page 9).  Likewise, the applicant argued that Hollemans "fails

to teach or disclose determining whether the event object invokes a scroll or gesture operation"

and "fails to teach or disclose any type of scroll or gesture calls" (remarks, page 10).

An interview was held on June 9, 2010.  The examiner noted in the interview summary

that the applicant's representatives "explained that the claims are allowable over the prior art of

record because the combined references fail to teach or suggest creating an event object that

determines whether a user input applied to a touchscreen invokes a scroll operation or a gesture

operation by simply distinguishing between the scroll operation and the gesture operation

without having to select an object or icon to define the operation."

A notice of allowance was mailed on July 20, 2010, including an examiner's amendment

to independent claims 1, 8 and 89.  The examiner stated in the reasons for allowance that the

prior art of record "fails to teach the combination of claimed elements including creating an

event object in response to user input; determining whether the event object invokes a scroll

operation or a gesture operation; [and] distinguishing between a single input point and a two or

more input points applied to a touch-sensitive display, wherein a single input point is interpreted

as a scroll operation and two or more input points are interpreted as a gesture operation."  The

examiner referred to Lii and Hollemans, as well as British Pub. No. GB 2319591 to Sato et al.

("Sato").  Claims 1-14 and 89-95 were allowed and renumbered as claims 1-21.

An amendment was filed under 37 CFR § 1.132 on August 4, 2010 to correct

typographical errors in the claims.

Application/Control Number: 90/012,332                                          Page 6
Art Unit: 3992

### *Substantial New Questions of Patentability*

6.      In view of the analysis above, the limitations of the claims directed to "determining whether [an] event object invokes a scroll or gesture operation by distinguishing between a single input point applied to [a] touch-sensitive display that is interpreted as the scroll operation and two or more input points applied to the touch-sensitive display that are interpreted as the gesture operation" were the features not found in the prior art of record.  Accordingly, any teaching of these features would represent a substantial new question of patentability.

7.      Hillis:  The requester asserts that claims 1, 3-8, 10-15 and 17-21 should be rejected under 35 U.S.C. § 102(a) as anticipated by Hillis, that claims 2, 9 and 16 should be rejected under 35 U.S.C. § 103(a) as unpatentable over Hillis in view of Lira, that claims 2, 9 and 16 should be rejected under 35 U.S.C. § 103(a) as unpatentable over Hillis in view of Ullmann, and that claims 3, 4, 10, 11, 17 and 18 should be rejected under 35 U.S.C. § 103(a) as unpatentable over Hillis in view of Makus (see the request at pages 22-23).

        The requester shows that Hillis teaches "determining whether [an] event object invokes a scroll or gesture operation by distinguishing between a single input point applied to [a] touch-sensitive display that is interpreted as the scroll operation and two or more input points applied to the touch-sensitive display that are interpreted as the gesture operation" such as recited in the claims (see the request at pages 35-39).

        Specifically, Hillis teaches determining whether information representing a touch-based event matches a predefined pattern to implement a predefined action (see, e.g., column 6, lines 49-53 and column 7, lines 15-25 and 46-55).  Hillis describes that the patterns and actions

include panning (i.e., scrolling) and other gestures such as zooming (see, e.g., column 8, lines 4-

8), wherein a single contact point is interpreted as scrolling (see, e.g., FIG. 4B and column 8,

lines 44-48) and two or more contact points are interpreted as zooming (see, e.g., FIG. 1B and

column 3, lines 42-46).

The Hillis reference was not of record or considered in the examination of the '915

patent, and the teachings of Hillis are new and non-cumulative. There is a substantial likelihood

that a reasonable examiner would consider the teachings of Hillis important in deciding whether

the claims of the '915 patent are patentable. Accordingly, the examiner agrees that the Hillis

reference presents a substantial new question of patentability.

8.    Hill:  The requester asserts that claims 1, 3-8, 10-15 and 17-21 should be rejected under

35 U.S.C. § 103(a) as unpatentable over Hill, that claims 2, 9 and 16 should be rejected under 35

U.S.C. § 103(a) as unpatentable over Hill in view of Lira, that claims 2, 9 and 16 should be

rejected under 35 U.S.C. § 103(a) as unpatentable over Hill in view of Ullmann, and that claims

3, 4, 10, 11, 17 and 18 should be rejected under 35 U.S.C. § 103(a) as unpatentable over Hill in

view of Makus (see the request at page 23).

The requester shows that Hill teaches or suggests "determining whether [an] event object

invokes a scroll or gesture operation by distinguishing between a single input point applied to [a]

touch-sensitive display that is interpreted as the scroll operation and two or more input points

applied to the touch-sensitive display that are interpreted as the gesture operation" such as recited

in the claims (see the request at pages 71-75).

Specifically, Hill teaches determining whether pointer data representing a touch surface

event corresponds to a known gesture and generating a corresponding command (see, e.g.,

Application/Control Number: 90/012,332                                    Page 8
Art Unit: 3992

paragraph [0045]).  Hill describes distinguishing between, for example, simultaneous finger

contacts (i.e., a single input point) interpreted as a scroll gesture (see, e.g., paragraph [0050]) and

two or more separate finger contacts (i.e., two or more input points) interpreted as rotate, zoom

or expand gestures (see, e.g., paragraphs [0054]-[0061]).

The Hill reference was listed on a notice of references cited but was not discussed in the

examination of the '915 patent.  The teachings of Hill are new and non-cumulative.  There is a

substantial likelihood that a reasonable examiner would consider the teachings of Hill important

in deciding whether the claims of the '915 patent are patentable.  Accordingly, the examiner

agrees that the Hill reference presents a substantial new question of patentability.


9.    Rubine:  The requester asserts that claims 1-21 should be rejected under 35 U.S.C. §

103(a) as unpatentable over Rubine in view of Lira, that claims 2, 9 and 16 should be rejected

under 35 U.S.C. § 103(a) as unpatentable over Rubine in view of Lira and Ullmann, and that

claims 3, 4, 10, 11, 17 and 18 should be rejected under 35 U.S.C. § 103(a) as unpatentable over

Rubine in view of Lira and Makus (see the request at page 23).

The requester shows that Rubine teaches or suggests "determining whether [an] event

object invokes a scroll or gesture operation by distinguishing between a single input point

applied to [a] touch-sensitive display that is interpreted as the scroll operation and two or more

input points applied to the touch-sensitive display that are interpreted as the gesture operation"

such as recited in the claims (see the request at pages 112-115).

Specifically, Rubine teaches classifying and distinguishing between gestures

corresponding to different commands based on information extracted from the gesture (see, e.g.,

pages 15 and 49).  Rubine describes single-path gestures involving a single finger (i.e., a single

Application/Control Number: 90/012,332                                    Page 9
Art Unit: 3992

input point) and multi-path gestures involving multiple fingers (i.e., two or more input points)

(see, e.g., pages 87-88). Rubine further describes a single input point interpreted as a scroll or

browse operation (see, e.g., page 34) and two or more input points interpreted as move, rotate

and other operations (see, e.g., page 192).

The Rubine reference was not of record or considered in the examination of the '915

patent, and the teachings of Rubine are new and non-cumulative. There is a substantial

likelihood that a reasonable examiner would consider the teachings of Rubine important in

deciding whether the claims of the '915 patent are patentable. Accordingly, the examiner <u>agrees</u>

that the Rubine reference presents a substantial new question of patentability.


10.   <u>Nomura</u>:  The requester asserts that claims 1, 3-8, 10-15 and 17-21 should be rejected

under 35 U.S.C. § 103(a) as unpatentable over Nomura in view of Rubine, that claims 2, 9 and

16 should be rejected under 35 U.S.C. § 103(a) as unpatentable over Nomura in view of Rubine

and Lira, that claims 2, 9 and 16 should be rejected under 35 U.S.C. § 103(a) as unpatentable

over Nomura in view of Rubine and Ullmann, and that claims 3, 4, 10, 11, 17 and 18 should be

rejected under 35 U.S.C. § 103(a) as unpatentable over Nomura in view of Rubine and Makus

(see the request at pages 23-24).

The requester shows that Nomura teaches or suggests "determining whether [an] event

object invokes a scroll or gesture operation by distinguishing between a single input point

applied to [a] touch-sensitive display that is interpreted as the scroll operation and two or more

input points applied to the touch-sensitive display that are interpreted as the gesture operation"

such as recited in the claims (see the request at pages 159-161).

Application/Control Number: 90/012,332                                    Page 10
Art Unit: 3992

Specifically, Nomura teaches determining whether data representing finger gestures on a touch-sensitive display invokes an operation (see, e.g., paragraphs [0137], [0139] and [0145]). Nomura describes distinguishing between contact of one finger (i.e., a single input point) interpreted as a scroll operation (see, e.g., FIG. 8 and paragraphs [0067] and [0084]) and contact of two fingers (i.e., two or more input points) interpreted as rotate or zoom operations (see, e.g., FIG. 5, FIG. 9 and paragraphs [0053], [0063], [0068] and [0072]).

The Nomura reference was not of record or considered in the examination of the '915 patent, and the teachings of Nomura are new and non-cumulative. There is a substantial likelihood that a reasonable examiner would consider the teachings of Nomura important in deciding whether the claims of the '915 patent are patentable. Accordingly, the examiner agrees that the Nomura reference presents a substantial new question of patentability.

11.    Lira, Ullmann and Makus:  As noted above, the requester cites the Lira, Ullmann and Makus references in different combinations with the Hillis, Hill, Rubine and Nomura references. Hillis, Hill, Rubine and Nomura were shown to teach or suggest the features of the claims not found in the prior art of record. Accordingly, the examiner agrees that Lira, Ullmann and Makus, in the proposed combinations, present a substantial new question of patentability.

The Lira and Makus references were not of record or considered in the examination of the '915 patent. The Ullmann reference was previously cited in a rejection of claims 2-5, 9-12 and 90-93 of the '717 application, but is presented in a new light in combination with the Hillis, Hill, Rubine and Nomura references. Public Law 107-273, enacted on November 2, 2002, revised the reexamination statute by adding the following new last sentence to 35 U.S.C. §§ 303(a) and 312(a): "The existence of a substantial new question of patentability is not precluded

Application/Control Number: 90/012,332                                      Page 11
Art Unit: 3992

by the fact that a patent or printed publication was previously cited by or to the Office or

considered by the Office." For any reexamination ordered on or after November 2, 2002, the

effective date of the statutory revision, reliance on previously cited or considered art (i.e., "old

art") does not necessarily preclude the existence of a substantial new question of patentability

that is based exclusively on that old art. As noted above, Ullmann is presented in a new light in

combination with Hillis, Hill, Rubine and Nomura. See MPEP § 2242.

### *Conclusion*

12.     A substantial new question of patentability affecting claims 1-21 of the '915 patent is

raised by the request for *ex parte* reexamination.

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings

because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a

reexamination proceeding. Additionally, 35 U.S.C. § 305 requires that *ex parte* reexamination

proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in

*ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to

apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the

'915 patent throughout the course of this reexamination proceeding. The third party requester is

also reminded of the ability to similarly apprise the Office of any such activity or proceeding

throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

Application/Control Number: 90/012,332                                    Page 12
Art Unit: 3992

13.        All correspondence relating to this *ex parte* reexamination proceeding should be directed:

    By mail to:     Mail Stop *Ex Parte* Reexam
                    Attn: Central Reexamination Unit
                    Commissioner for Patents
                    United States Patent & Trademark Office
                    P.O. Box 1450
                    Alexandria, VA 22313-1450

    By fax to:      (571) 273-9900
                    Central Reexamination Unit

    By hand:        Customer Service Window
                    Randolph Building
                    401 Dulany Street
                    Alexandria, VA 22314

    By EFS:         Registered users may submit correspondence via the EFS-Web electronic
                    filing system at https://efs.uspto.gov/efile/myportal/efs-registered.

    Any inquiry concerning this communication should be directed to the Central

Reexamination Unit at telephone number (571) 272-7705.


/Michael J. Yigdall/                          Conferees:
Primary Examiner, Art Unit 3992

                                              Stephen Ralis
                                              Primary Examiner, Art Unit 3992

                                              Sudhanshu Pathak
                                              Supervisory Patent Examiner, Art Unit 3992