# EXHIBIT 4



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/012,332 | 05/30/2012 | INV001 7844915 | P4895USREX1/120730-003US | 5963 |

20872     7590     03/22/2013
MORRISON & FOERSTER LLP
425 MARKET STREET
SAN FRANCISCO, CA 94105-2482

| EXAMINER |
|---|
| YIGDALL, MICHAEL J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/22/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

BRYAN CAVE LLP
1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/012,332*.

PATENT NO. *7,844,915*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| Ex Parte Reexamination Interview Summary | Control No. 90/012,332 | Patent Under Reexamination 7844915 |
|---|---|---|
| | Examiner Michael J. Yigdall | Art Unit 3992 |

All participants (USPTO personnel, patent owner, patent owner's representative):

(1) Michael Yigdall, Stephen Ralis, Sudhanshu Pathak         (3) Andrew Platzer

(2) Jason Skinder, Peter Yim, Andrew Monach, Brian Ho         (4) Jason Nieh

Date of Interview: 14 March 2013

Type:   a)☐ Telephonic     b)☐ Video Conference
        c)☒ Personal (copy given to: 1)☐ patent owner     2)☐ patent owner's representative)

Exhibit shown or demonstration conducted:   d)☐ Yes     e)☒ No.
   If Yes, brief description: _____

Agreement with respect to the claims  f)☐ was reached.  g)☒ was not reached.  h)☐ N/A.
Any other agreement(s) are set forth below under "Description of the general nature of what was agreed to…"

Claim(s) discussed: 1.

Identification of prior art discussed: Nomura (Japanese Pub. No. 2000-163031), Hillis (U.S. Patent No. 7,724,242).

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
See Continuation Sheet.

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims patentable, if available, must be attached.  Also, where no copy of the amendments that would render the claims patentable is available, a summary thereof must be attached.)

A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION MUST INCLUDE PATENT OWNER'S STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. (See MPEP § 2281). IF A RESPONSE TO THE LAST OFFICE ACTION HAS ALREADY BEEN FILED, THEN PATENT OWNER IS GIVEN **ONE MONTH** FROM THIS INTERVIEW DATE TO PROVIDE THE MANDATORY STATEMENT OF THE SUBSTANCE OF THE INTERVIEW (37 CFR 1.560(b)). THE REQUIREMENT FOR PATENT OWNER'S STATEMENT CAN NOT BE WAIVED. **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

/Michael J. Yigdall/
Primary Examiner, Art Unit 3992

cc: Requester (if third party requester)

**Continuation Sheet (PTOL-474)**                                                                 Reexam Control No. 90/012,332

Continuation:

Andrew Platzer, an inventor named on the '915 patent, provided a description the invention, and Dr. Nieh described the state of the art at the time of the invention. Dr. Nieh provided an explanation of the algorithm illustrated in Figures 33, 34 and 37 of Nomura, starting with steps S10 ("Is there an input?") and S60 ("Is there contact of a finger on the touch panel?"), and proceeding to step S110 ("Is there contact with two items?"). Dr. Nieh described that step S110 tests or checks for two input points, and if there are two input points (the "Y" branch), the algorithm proceeds to step S130 ("Map operation processing") and to the gesture processing illustrated in Figure 37. If there are not two input points (the "N" branch), the algorithm proceeds to step S170 ("Scroll processing").

The patent owner's representatives argued that algorithm in Nomura is different than the claimed "distinguishing between a single input point applied to the touch-sensitive display that is interpreted as the scroll operation and two or more input points applied to the touch-sensitive display that are interpreted as the gesture operation." Specifically, the patent owner's representatives asserted that the claimed method tests for a single input point, and then interprets the single input point as the scrolling operation, and interprets all other cases (i.e., "two or more input points") as the gesture operation. The patent owner's characterization of the Nomura algorithm is that it tests for two input points, interprets the two input points as the gesture operation, and interprets all other cases (including a single input point, but also including three or more input points) as the scrolling operation. The patent owner's representatives asserted, in other words, that the '915 patent distinguishes between a single input point and two or more input points while the Nomura reference distinguishes between two input points and "not two" input points.

Similarly, Dr. Nieh provided an explanation of the algorithm illustrated in FIG. 2A of the Hillis reference, describing that step 208 in Hillis performs a dictionary comparison to determine whether or not the user input matches a predetermined gesture. The patent owner's representatives argued that the comparison in Hillis is different than the claimed "distinguishing" because Hillis does not disclose how or by what test the matches are made.

The examiners pointed out that both Nomura and Hillis teach cases of a single input point that is interpreted as a scrolling operation and cases of two or more input points that are interpreted as a gesture operation (such as zooming or rotating), and that Hillis in fact teaches tracking each contact or input point. The patent owner's representatives argued that disclosure of a single input point scrolling operation and a two input point gesture operation (as disclosed in both Nomura and Hillis) is not the same as disclosure of a test that distinguishes between a single input point and two or more input points. The patent owner's representatives argued that the claims of the '915 patent are directed not only to the scrolling and gesture functionality, but specifically to how the scrolling and gesture operations are invoked.

The examiners will consider the patent owner's arguments further and will evaluate the interpretation of the claims.

/MY/