# EXHIBIT 8

EX PARTE RE-EXAMINATION                          Docket No. 106842803600

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Ex Parte Re-Examination of:
U.S. Patent No. 7,844,915

Control No.: 90/012,332                          Confirmation No.: 5963

Filed: May 30, 2012                              Art Unit: 3992

For:   APPLICATION PROGRAMMING              Examiner: M. J. Yigdall
       INTERFACES FOR SCROLLING
       OPERATIONS

## RESPONSE TO FINAL OFFICE ACTION IN EX PARTE REEXAMINATION

MS Ex Parte Reexam
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450


Dear Madam:

## INTRODUCTORY COMMENTS

This is in response to the final Office Action dated July 26, 2013 (Paper No. 20130618) (hereinafter the "Final Office Action").  A response was initially due September 26, 2013.  A one-month extension of time was granted on September 13, 2013, extending the due date to October 26, 2013, a Saturday.  Accordingly, this response is timely filed.  Reconsideration and allowance of the claims under reexamination, in light of the remarks presented herein, are respectfully requested.

**Remarks/Arguments** begin on page **2** of this paper.

sf-3346706

Control No.: 90/012,332                    2                    Docket No. 106842803600

# REMARKS

Claims 1-21 of U.S. Patent No. 7,844,915 (hereinafter the "'915 Patent") are subject to reexamination.  Claims 1-21 stand rejected.

## I.      SUBSTANCE OF THE INTERVIEW

Patent Owner Apple, Inc. (hereinafter "Patent Owner") thanks Examiner Yigdall (the "Examiner"), Supervisor Pathak, and Examiner Ralis (collectively the "Examiners") for the courtesy of the personal interview of October 17, 2013.  In addition to the Examiners, Jason Skinder, Peter Yim, and Brian Ho were present for the interview.

No exhibits or demonstrations were conducted.  All of the claims of the '915 Patent were discussed, with claims 1 and 8 discussed in particular.  Patent Owner's representatives and the Examiners generally discussed the broadest reasonable construction of the term "distinguishing between a single input point applied to the touch-sensitive display that is interpreted as the scroll operation and two or more input points applied to the touch-sensitive display that are interpreted as the gesture operation" (the "distinguishing limitation"), which appears in each of the independent claims under reexamination.  The Examiners asserted that the inclusion of the term "or" in "two or more" rendered the claims anticipated by prior art that discloses distinguishing just "two" input points as a gesture operation, even if "more" input points (*e.g.*, three input points) were interpreted as a scroll, rather than gesture, operation.  Patent Owner asserted that such a construction would be unreasonable to one of ordinary skill in the relevant art, in view of the remainder of the claims and the invention as disclosed in the specification as a whole.

No final agreement on confirmation/allowance was reached.  Patent Owner believes, however, that tentative agreement was reached on the following issues.  Patent Owner agreed to provide, and the Examiners agreed to consider, a declaration under 37 C.F.R. § 1.132 providing additional perspective from one of skill in the art on the broadest reasonable claim construction. Patent Owner also agreed to provide remarks and evidence to support why one of ordinary skill would view the distinguishing limitation as having particular significance in a machine readable storage medium claim, such as claim 8.  The Examiners also requested and agreed to consider

Patent Owner's remarks on what subject matter would be excluded by the claims, even under the broadest reasonable interpretation.  The Examiners agreed to consider the possibility of an additional interview to discuss any further required evidence, prior to issuance of any necessary advisory action.

As mentioned in-person during the interview, Patent Owner thanks the Examiners for granting the courtesy of a personal interview after final and for diligently working with Patent Owner to resolve and/or clarify the remaining issues in the present reexamination.

## II.    BROADEST REASONABLE CONSTRUCTION OF THE DISTINGUISHING LIMITATION

Each of the independent claims under reexamination (claims 1, 8, and 15) recites the distinguishing limitation.  As discussed in the interview, Patent Owner believes that the proper, broadest reasonable construction of the distinguishing limitation is dispositive to the patentability of the claims under reexamination. Patent Owner respectfully disagrees with the Examiner's broadest reasonable interpretation of the distinguishing limitation, as set forth in the Final Office Action. Patent Owner asserts that under the correct broadest reasonable interpretation of the distinguishing limitation, the claims under reexamination are novel and patentable over the cited art.

In support of Patent Owner's broadest reasonable interpretation of the distinguishing limitation, Patent Owner provides herewith the declaration of Dr. Scott Klemmer and the following remarks.  Dr. Klemmer is an Associate Professor of Cognitive Science and Computer Science & Engineering at the University of California, San Diego, and a Visiting Associate Professor of Computer Science at Stanford University.  (Klemmer Decl. ¶ 2.)  Dr. Klemmer is a person of at least ordinary skill in the art for the purposes of the '915 Patent.  (Klemmer Decl. ¶ 4.)  Dr. Klemmer's declaration corroborates, and is provided in addition to, the previous declaration of Dr. Jason Nieh.

Control No.: 90/012,332                        4                    Docket No. 106842803600

## A.    The Examiner's articulation of the broadest reasonable interpretation of the distinguishing limitation

On page 4 of the Final Office Action, the Examiner states that the broadest reasonable interpretation of the "distinguishing" limitation (*e.g.*, '915 patent at column 23, lines 24-29) is:

> [A]ny algorithm . . . that distinguishes between (a) a single input point that is interpreted as a scroll operation and (b) two input points **or** more than two input points that are interpreted as a gesture operation.

(Emphasis in the original.)  The Examiner further states (apparently based on the term "or"), that the broadest reasonable interpretation encompasses:

> [A]n algorithm . . . that distinguishes between (a) a single input point that is interpreted as a scroll operation and (b) two input[] points that are interpreted as a gesture operation.

Based on the above-interpretation, the Examiner concludes that JP 2000-163031A ("Nomura") discloses an algorithm within the scope of the "distinguishing" limitation even though Nomura clearly discloses that its algorithm would result in a scroll operation when there are three or more input points.

Patent Owner respectfully asserts that the Examiner's interpretation relies on reading the term "or" in isolation and would not be reasonable to one of ordinary skill in the art, in view of the claim as a whole and the specification.

## B.    The broadest reasonable interpretation must be determined from the viewpoint of one of ordinary skill and in view of the claim as a whole and the specification

As the Examiner states, claims are given their broadest reasonable interpretation under reexamination.  (MPEP 2158.I.G.)  That determination, however, must be made from the perspective of one of ordinary skill, in view of the specification.  (MPEP 2111 ("The broadest reasonable interpretation of the claims must also be consistent with the interpretation that those skilled in the art would reach.").)  Moreover, when evaluating a claim, one "may not dissect a

Control No.: 90/012,332                          5                          Docket No. 106842803600

claimed invention into discrete elements and then evaluate the elements in isolation.  Instead, the claim as a whole must be considered."  (MPEP 2103.I.C.)

In summary, "the focus of the inquiry regarding the meaning of a claim should be what would be reasonable from the perspective of one of ordinary skill in the art."  (MPEP 2111.)

**C.      One of ordinary skill in the art would find it unreasonable to interpret the distinguishing limitation as only requiring distinguishing between one input point and two input points**

As Dr. Klemmer states in his declaration, one of ordinary skill in the art would interpret the distinguishing limitation as an algorithm (*i.e.*, a set of logical instructions) that a machine would employ to perform the step of determining whether an event object, created based on an input, invokes a scroll or a gesture operation.  (Klemmer Decl. ¶ 7.)  In the claimed machine implemented method, machine readable storage medium, or apparatus, the algorithm of the distinguishing limitation controls how the machine logically disambiguates received user input into a machine operation: input that meets a first recited condition (one input point) is interpreted as a scroll operation, and input that meets a second recited condition (two or more input points) is interpreted as a gesture operation.  (Klemmer Decl. ¶ 8.)  One of ordinary skill in the art would consider it unreasonable to read the distinguishing limitation as requiring anything less than that logical test for disambiguation.  (Klemmer Decl. ¶ 8 and 11.)

Read in the context of the claim as a whole and in view of the specification, one of ordinary skill would not consider it reasonable to dissect the complete set of logical instructions of the distinguishing limitation into isolated instructions that parse the second recited condition (two or more input points) into only alternatively required instructions.  (Klemmer Decl. ¶ 12-14, 16, 17.)  Doing so would be unreasonable because the distinguishing limitation is only met by logical instructions that set forth how the machine performs the determining step under all of the recited conditions, including the second recited condition (two or more input points) that must be interpreted as a gesture operation whenever the condition is met.  (Klemmer Decl. ¶ 18.)

Control No.: 90/012,332                                6                       Docket No. 106842803600

Rather than viewing the term "or" as permitting parsing of the second recited condition (two or more input points) into interchangeable alternatives, one of ordinary skill would understand that the term "or" is used in recognition that a given multi-touch input may be two input points or more than two input points, but not both simultaneously.[1]  (*Cf.* Klemmer Decl. ¶ 18.)  That is, one of skill would recognize that the second recited condition (two or more input points) may be met by a range of interchangeable, alternative inputs, but, once met, the second recited condition (two or more input points) must be interpreted as a gesture operation.  The "or" establishes that the multi-touch input being disambiguated may be alternative, rather than establishing that the logic for disambiguation is alternative.  The term "or" as used in the claims does not make it reasonable to interpret the distinguishing limitation as only requiring logical instructions for processing two input points as a gesture operation without logical instructions for interpreting more than two input points (3 input points, 4 input points, etc.) as a gesture operation.  (Klemmer Decl. ¶ 16-18.)

Accordingly, to implement the method of claim 1, or to have the machine readable storage medium of claim 8 or the apparatus of claim 15, requires determining, or having instructions for determining, whether to invoke a scroll operation or a gesture operation according to the full logic of the distinguishing limitation.  (Klemmer Decl. ¶ 18.)

Conversely, one of ordinary skill would not reasonably conclude that the distinguishing limitation is met by an algorithm that interprets any input that is greater than one (3 input points, 4 input points, etc.) as a scroll operation, even if that algorithm interprets one input point as a scroll operation and two input points as a gesture operation.  (Klemmer Decl. ¶ 18.)  Similarly, one of ordinary skill would not consider it reasonable to conclude that a machine that performs a scroll operation on one input point and a gesture operation on two input points, without logical instructions for interpreting all inputs that are greater than two input points (3 input points, 4 input points, etc.) as scroll operations, is employing an algorithm that meets the distinguishing limitation. (Klemmer Decl. ¶ 18.)

---

[1] *See* the '915 Patent at column 12, lines 29-32.

Control No.: 90/012,332                    7                    Docket No. 106842803600

As Dr. Klemmer notes, this conclusion is particularly true for claim 8, which is directed to a machine readable storage medium.  (Klemmer Decl. ¶ 19-20.)  One of ordinary skill would understand that the instructions stored on a medium according to claim 8 would have to include the predefined set of instructions that dictate the logic by which the computer operates under all circumstances, and not just in one given instance.  (*Id.*)  A medium storing instructions for performing only a portion of the distinguishing limitation (*e.g.*, interpreting one input point as a scroll operation and two input points as a gesture operation) would not reasonably meet the requirements of claim 8, which requires, *inter alia*, executable programming instructions for interpreting more than two input points (3 input points, 4 input points, etc.) as a gesture operation. (*Id.*)

That is, one of ordinary skill would find it unreasonable to conclude that the distinguishing limitation, specifically in the context of claim 8, would be met by an algorithm that only provides one of the required procedural calculations (*e.g.*, gesture operation on two inputs in Nomura) when that algorithm clearly does not provide the remaining required procedural calculations (gesture operation on 2 input points, 3 input points, 4 input points, etc.).  (Klemmer Decl. ¶ 16-20.)

Patent Owner notes that Dr. Klemmer's declaration as to how one of ordinary skill would reasonably interpret the distinguishing limitation is consistent with statements made by others of skill in the art.  In his declaration dated March 18, 2013, Dr. Jason Nieh specifically states that "[t]he algorithm in Nomura does not distinguish between a single input point and two or more input points; rather, the algorithm only distinguishes precisely between two input points and not two input points."  Similarly, Dr. Karan Singh, a person of skill who testified on behalf of Patent Owner in a patent infringement trial involving the '915 Patent, similarly concluded that a device (DiamondTouch) that performs a gesture operation, specifically scaling, on precisely two fingers but scrolls on all other inputs does not meet the distinguishing limitation:

6    QUESTION [Mr. Jacobs, attorney for Apple].  So what about element C on PDX 29.7 [the determining step, including the distinguishing limitation]. Is that

7    present in DiamondTouch?

Control No.: 90/012,332                       8                       Docket No. 106842803600

8    ANSWER [Dr. Karen Singh]. No, that's not, either. As we heard in

9    Mr. Forlines trial testimony, Mr. Forlines is the

10   author of the fractal zoom program that Mr. Gray

11   uses. In this case, two finger [*sic*] scale the object or

12   perform a gesture operation, and everything else

13   scrolls it. So you put three fingers down and

14   it'll strictly scrolls [*sic*] the object.

15   Claim element c says one finger scroll,

16   two or more scales it, or gestures. You put three

17   fingers down, three is greater than two, it should

18   scale. It scrolls.

(Excerpt of trial testimony of Dr. Karen Singh in *Apple Inc. v. Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC*, Civil Action No. C-11-01846-LHK, August 17, 2012, volume 11, page 6624, 6-18 (highlighting added); Attachment A.) Patent Owner asserts that the viewpoints of Dr. Klemmer, Dr. Nieh, and Dr. Singh, particularly when taken together, provide a "persuasive argument" on how "persons experienced in the field" would interpret the distinguishing limitation under the broadest reasonable interpretation standard. (MPEP 2111.) Patent Owner requests that this evidence be considered and given weight in accordance with the guidelines set out in MPEP 716.

In summary, Patent Owner asserts that the distinguishing limitation cannot be interpreted, even under the broadest reasonable interpretation standard, to read on an algorithm that only distinguishes between one input point that is interpreted as a scroll operation and two input points that is interpreted as a gesture operation. One of ordinary skill in the art would consider such an interpretation to be unreasonable in the context of the claims as a whole and in view of the specification. Rather, any reasonable interpretation of the distinguishing limitation requires an

Control No.: 90/012,332                  9                  Docket No. 106842803600

algorithm that interprets a single input point as a scroll operation and that interprets any input having greater than one input point (2 input points, 3 input points, etc.) as a gesture operation.

## III.    GROUND 4: NOMURA DOES NOT RENDER CLAIMS 1, 5-8, 12-15 and 19-21 OBVIOUS

Claims 1, 5-8, 12-15, and 19-21 stand rejected under 35 USC 103(a) as unpatentable over Nomura in view of Dean Harris Rubine, "The Automatic Recognition of Gestures," CMU-CS-91-202, December 1991 (hereinafter "Rubine").  Patent Owner respectfully traverses this rejection for the following reasons.

### A.    Nomura does not disclose "distinguishing between one input point and two or more input points"

As stated above, Patent Owner asserts that even under the broadest reasonable interpretation standard, the distinguishing limitation requires an algorithm that interprets a single input point as a scroll operation and that interprets any input having greater than one input point (2 input points, 3 input points, etc.) as a gesture operation.  Nomura does not disclose such an algorithm.

As noted in the Final Office action, Nomura discloses an algorithm that interprets two input points, and only two input points, as a gesture operation.[2]  All other numbers of input points, including three input points, are interpreted as scroll operations.  As stated above, Patent Owner asserts that one of ordinary skill would not consider it reasonable to read the distinguishing limitation, in the context of the claim as a whole and in view of the specification, as encompassing an algorithm such as Nomura's.

Moreover, one of ordinary skill would not have a rationale to modify Nomura's test for two into the distinguishing limitation, for the reasons stated in the Response dated March 19, 2013, which are incorporated herein by reference.

---

[2] See Final Office Action at page 6.

sf-3346706

Control No.: 90/012,332                     10                     Docket No. 106842803600

**B.    Nomura does not disclose creating event objects or other software architecture or framework elements that provide for scrolling and scaling calls**

Patent Owner maintains, and incorporates by reference herein, the arguments presented in the Response dated March 19, 2013, with respect Nomura's failure to disclose the software architecture exemplified by the "event object," "scroll call," and "gesture call" elements of the rejected claims.

**C.    Modifying Nomura in view of Rubine does not render the '915 Patent obvious**

Patent Owner maintains, and incorporates by reference herein, the arguments presented in the Response dated March 19, 2013, with respect to why a combination of Nomura and Rubine would not render the '915 Patent obvious, including the secondary considerations supporting a conclusion of non-obviousness.

For the reasons stated above, Patent Owner respectfully requests that the rejections of claims 1, 5-8, 12-15, and 19-21 under 35 U.S.C. § 103(a) over Nomura in view of Rubine be withdrawn.

**IV.    GROUND 1: HILLIS DOES NOT ANTICIPATE CLAIMS 1, 5-8, 12-15 and 19-21.**

Claims 1, 5-8, 12-15 and 19-21 are rejected under 35 USC 102(e) as anticipated by U.S. Patent No. 7,724,242 to Hillis et al. (hereinafter "Hillis"). Patent Owner respectfully traverses this rejection for the following reasons.

**A.    Hillis does not disclose "distinguishing between one input point and two or more input points"**

As stated above, Patent Owner asserts that even under the broadest reasonable interpretation standard, the distinguishing limitation requires an algorithm that interprets a single input point as a scroll operation and that interprets any input having greater than one input point (2 input points, 3 input points, etc.) as a gesture operation. Hillis does not disclose such an algorithm.

Control No.: 90/012,332                        11                        Docket No. 106842803600

In *Hillis*, the Office Action fails to identify anything that discloses the distinguishing limitation recited in the claims.  The analysis in the Final Office Action primarily relies on the disclosure at col. 7:46-65 of *Hillis*.[3]  Yet nothing in this cited passage, or in Figures 1A and 2A that the cited passage discusses, discloses that the number of inputs is used to distinguish between scroll and gesture operations.  In responding to Patent Owner's remarks in the Response dated March 19, 2013, the Final Office Action cites to *Hillis*'s disclosure of "track[ing] a predetermined number of distinct contact locations (such as two)" to demonstrate that *Hillis* distinguishes contact points.[4]  There is not, however, any disclosure that the number of tracked contact locations is actually used as the criterion by which scroll and gesture operations are determined.

While *Hillis* does refer to a "predetermined pattern" at column 7, lines 46-65, the Final Office Action fails to identify any disclosure for whether that pattern corresponds to the number of input points.  *Hillis* states that it uses "the mapping 126c to identify the action 126b associated with the gesture that was identified in step 208."[5]  And Figure 1A further states that the operation of mapping makes use of a "gesture dictionary 126A."  But *Hillis* does not explain how these blocks actually operate, let alone disclose (as required for anticipation) that the number of inputs is used to distinguish between scroll and gesture operations.

Distinguishing between one input point and two or more input points, even under the broadest reasonable interpretation, is *not* inherently disclosed in *Hillis*.  *Hillis*'s "gesture dictionary 126A," for example, may be implemented without using the number of input points at all.  And, even if *Hillis* used input points, a system could instead distinguish exactly two, and only two, input points, as disclosed in *Nomura*.  (Nieh Decl. ¶ 25.)  Such a test would not distinguish exactly one input point, as recited in the '915 Patent claims.  Moreover, *Hillis* does not disclose an algorithm that interprets more than two input points as a gesture operation, as required by even the broadest reasonable interpretation of the distinguishing limitation.

---

[3] *See* Final Office Action at 24 and 25.
[4] *See* Final Office Action at 14.
[5] *See Hillis* at 7:63-65.

Control No.: 90/012,332                    12                    Docket No. 106842803600

**B.      Hillis does not disclose an "event object"**

Patent Owner maintains, and incorporates by reference herein, the arguments presented in the Response dated March 19, 2013, with respect Hillis's failure to disclose an "event object", as required by each of independent claims 1, 8, and 15.

**C.      Hillis does not disclose a "touch-sensitive display"**

Patent Owner maintains, and incorporates by reference herein, the arguments presented in the Response dated March 19, 2013, with respect Hillis's failure to disclose "a touch-sensitive display", as required by each of independent claims 1, 8, and 15.

**D.      Hillis does not disclose an "integrated device"**

Patent Owner maintains, and incorporates by reference herein, the arguments presented in the Response dated March 19, 2013, with respect Hillis's failure to disclose an "integrated device", as required by each of independent claims 1, 8, and 15.

**E.      Hillis does not disclose "determining whether the event object invokes a scroll or gesture operation is based on receiving a drag user input for a certain time period," as required by dependent claims 5, 12, and 19**

Patent Owner maintains, and incorporates by reference herein, the arguments presented in the Response dated March 19, 2013, with respect Hillis's failure to disclose "determining whether the event object invokes a scroll or gesture operation is based on receiving a drag user input for a certain time period," as required by claims 5, 12, and 19.

For the reasons stated above, Patent Owner respectfully requests that the rejections of claims 1, 5-8, 12-15, and 19-21 under 35 U.S.C. § 102(e) as anticipated by Hillis be withdrawn.

Control No.: 90/012,332                    13                    Docket No. 106842803600

## V.    GROUNDS 2 AND 5: A COMBINATION OF LIRA WITH EITHER HILLIS OR NOMURA IN VIEW OF RUBINE WOULD NOT RENDER CLAIMS 2, 9, AND 16 OBVIOUS

Dependent claims 2, 9, and 16 of the '915 Patent stand rejected as obvious over a combination of Lira with either Hillis (Ground 2) or Nomura and Rubine (Ground 5).  Patent Owner respectfully traverses this rejection for the following reasons.

### A.    Lira does not disclose the distinguishing limitation

As stated above, Patent Owner respectfully asserts that neither Hillis, Nomura, nor Rubine discloses or suggests the distinguishing limitation, even under the broadest reasonable interpretation, to one of ordinary skill in the art.  Lira, likewise, does not disclose the distinguishing limitation.

### B.    Lira does not teach or suggest the additional features recited in claims 2, 9, and 16

Patent Owner maintains, and incorporates by reference herein, the arguments presented in the Response dated March 19, 2013, with respect Lira's failure to disclose the additional limitations of claims 2, 9, and 16.

### C.    Lira's recentering is incompatible with both Hillis and Nomura

Patent Owner maintains, and incorporates by reference herein, the arguments presented in the Response dated March 19, 2013, with respect to why Lira's recentering is incompatible with both Hillis and Nomura.

Control No.: 90/012,332            14            Docket No. 106842803600

**D.**      **A person of ordinary skill also would not have been motivated to combine Lira with Nomura in view of Rubine because a map does not have a boundary that requires recentering**

Patent Owner maintains, and incorporates by reference herein, the arguments presented in the Response dated March 19, 2013, with respect to why one of ordinary skill also would not have been motivated to combine Lira with Nomura in view of Rubine.

For the reasons stated above, Patent Owner respectfully requests that the rejections of claims 2, 9, and 16 under 35 U.S.C. § 103(a) over Hillis (Ground 2) or Nomura and Rubine (Ground 5) in view of Lira be withdrawn.

**VI.**      **GROUNDS 3 AND 6: A COMBINATION OF MAKUS WITH EITHER HILLIS OR NOMURA IN VIEW OF RUBINE WOULD NOT RENDER CLAIMS 3-4, 10-11, AND 17-18 OBVIOUS**

Dependent claims 3-4, 10-11, and 17-18 of the '915 Patent stand rejected as obvious over a combination of Makus with Hillis (Ground 3) or Nomura and Rubine (Ground 6). The Patent Owner respectfully traverses these rejections for the following reasons.

**A.**      **Makus does not disclose or suggest "attaching scroll indicators" as recited in claims 3-4, 10-11, and 17-18**

Patent Owner maintains, and incorporates by reference herein, the arguments presented in the Response dated March 19, 2013, with respect Makus's failure to disclose "attaching scroll indicators" as recited in claims 3-4, 10-11, and 17-18.

**B.**      **A person of ordinary skill also would not have been motivated to combine Makus with Nomura in view of Rubine because scrolled maps do not need scroll indicators**

Patent Owner maintains, and incorporates by reference herein, the arguments presented in the Response dated March 19, 2013, with respect to why one of ordinary skill also would not have

Control No.: 90/012,332                    15                    Docket No. 106842803600

been motivated to combine Makus with Nomura in view of Rubine because scrolled maps do not need scroll indicators.

**C.    A person of ordinary skill also would not have been motivated to combine Makus with Hillis**

Patent Owner maintains, and incorporates by reference herein, the arguments presented in the Response dated March 19, 2013, with respect to why one of ordinary skill also would not have been motivated to combine Makus with Hillis.

For the reasons stated above, Patent Owner respectfully requests that the rejections of claims 3, 4, 10, 11, 17, and 18 under 35 U.S.C. § 103(a) over Hillis (Ground 3) or Nomura and Rubine (Ground 6) in view of Makus be withdrawn.

Control No.: 90/012,332                16                Docket No. 106842803600

## CONCLUSION

In view of the above, each of the claims under reexamination in this application is believed to be in immediate condition for allowance.  Accordingly, the Examiner is respectfully requested to withdraw the outstanding rejections of the claims and to issue a reexamination certificate.  If it is determined that a telephone conference would expedite the prosecution of this application, the Examiner is invited to telephone the undersigned at the number given below.

In the event the U.S. Patent and Trademark office determines that an extension and/or other relief is required, applicant petitions for any required relief including extensions of time and authorizes the Commissioner to charge the cost of such petitions and/or other fees due in connection with the filing of this document to **Deposit Account No. 03-1952** referencing **Docket No. 106842803600**.  However, the Commissioner is not authorized to charge the cost of the issue fee to the Deposit Account.

Dated:  October 28, 2013                Respectfully submitted,

                                        By _____/Peter J. Yim/_____
                                        Peter J. Yim
                                           Registration No.: 44,417
                                        MORRISON & FOERSTER LLP
                                        425 Market Street
                                        San Francisco, California  94105-2482
                                        (415) 268-6373

**Enclosure**: Attachment A

sf-3346706