# EXHIBIT 17



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/012,332 | 05/30/2012 | 7844915 | P4895USREX1/106842803600 | 5963 |

20872          7590          02/05/2015
MORRISON & FOERSTER LLP
425 MARKET STREET
SAN FRANCISCO, CA 94105-2482

| EXAMINER |
|---|
| YIGDALL, MICHAEL J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 02/05/2015 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

RECORD OF ORAL HEARING

UNITED STATES PATENT AND TRADEMARK OFFICE

————————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

————————

*Ex parte* APPLE INC.

Appellant

————————

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915
Technology Center 3900

————————

Oral Hearing Held:  November 19, 2014

Before:  MAHSHID SAADAT (via video conference), CARL W. WHITEHEAD, JR., and JASON J. CHUNG, *Administrative Patent Judges*.

The above-titled matter came on for hearing on Wednesday, November 19, 2014 at the U.S. Patent and Trademark Office, 600 Dulany Street, Alexandria, Virginia in Courtroom D at 2:04 p.m.

APPEARANCES:

    ON BEHALF OF THE APPELLANT:

        RICHARD S.J. HUNG, ESQ.

        Morrison & Foerster LLP

        425 Market Street

        San Francisco, CA 94105

        415-268-7602

        rhung@mofo.com

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

| | |
|---|---|
| 1 | P R O C E E D I N G S |
| 2 | (2:04 p.m.) |
| 3 | THE USHER:  Good afternoon.  Calendar Number |
| 4 | 51, Appeal Number 2014-7899, Mr. Hung. |
| 5 | JUDGE WHITEHEAD:  Thank you so much. |
| 6 | THE USHER:  You are welcome. |
| 7 | JUDGE WHITEHEAD:  First of all, good |
| 8 | afternoon. |
| 9 | MR. HUNG:  Good afternoon. |
| 10 | JUDGE WHITEHEAD:  Mr. Hung, do you have a |
| 11 | business card? |
| 12 | MR. HUNG:  I do. |
| 13 | JUDGE WHITEHEAD:  Give it to the court reporter |
| 14 | when you get a chance. |
| 15 | Are you settled in and ready? |
| 16 | MR. HUNG:  I'm ready whenever you are. |
| 17 | Good afternoon, Richard Hung for Apple in this |
| 18 | case. |
| 19 | This appeal is about the broadest reasonable |
| 20 | interpretation of the distinguishing limitation of all claims of |
| 21 | the '915 patent. |
| 22 | And this issue is dispositive, if the Board agrees |
| 23 | with Apple, this issue -- the Board should reverse. |
| 24 | The distinguishing limitation is -- appears as the |
| 25 | third limitation of claim 8 and also in the other claims, but in |

3

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1    claim 8.  And that distinguishing limitation requires

2    dis-ambiguating one input point, which is interpreted as a

3    scroll operation from two or more input points, which is

4    interpreted as a gesture operation.

5            So if the Board is focused on claim 8, I am happy

6    to walk the Board through that, through that limitation.

7            It starts out with, "determining whether the event

8    object invokes a scroll or gesture operation," and then it

9    continues -- and here is the key language -- "distinguishing

10   between a single input point applied to the touch sensitive

11   display that's interpreted as a scroll operation on the one hand

12   and, on the other hand, two or more input points apply to the

13   touch sensitive display that are interpreted as the gesture

14   operation."

15           Now, according to the plain language of the claim,

16   what should happen on three?  So if you the user applies three

17   input points to the screen, what should happen?  And the claim

18   language is quite clear that three input points must be

19   interpreted as a gesture, just straight from the plain language

20   of the claim.

21           But the examiner in this case is reading this

22   limitation, this distinguishing limitation as to not require that

23   three input points be interpreted as a gesture.  And it begs the

24   question as to why the examiner is interpreting that limitation

25   that way.

4

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1            The reason for this is the Nimura reference.

2            JUDGE WHITEHEAD:  I'm sorry, counsel, are you

3 saying it has to be three input points?

4            MR. HUNG:  I'm sorry, no, no, Your Honor.  The

5 examiner is reading the distinguishing limitation as not

6 requiring that on three input points, that that be interpreted as

7 a gesture operation.  The examiner is taking two positions

8 related.

9            The first is that you can ignore the "or more"

10 language in the claim.  And the second position the examiner is

11 taking is not only can you ignore that language in the claim,

12 but the "or more," if you apply three input points, such three

13 being more than two, three or more, that --

14            JUDGE WHITEHEAD:  Why not just two?

15            MR. HUNG:  I'm sorry?

16            JUDGE WHITEHEAD:  Why not just two?

17            MR. HUNG:  It is -- the claim also refers to two.

18            JUDGE WHITEHEAD:  Or more?

19            MR. HUNG:  Or more, correct.  Correct.

20            JUDGE WHITEHEAD:  Right.

21            MR. HUNG:  And I am happy to explain why that's

22 incorrect.

23            JUDGE WHITEHEAD:  Okay.

24            MR. HUNG:  So, first, let me set the stage for

25 Nimura in case this is helpful.  Nimura has this concept of

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1  three input points.  And what happens in Nimura is you scroll

2  on one, you zoom in/zoom out or rotate on two, and then on

3  three, you also scroll.  And there is really no dispute as to how

4  this works in Nimura.

5        So the examiner is reading Nimura on to the '915

6  patent claims, even though the claim says "on two or more"

7  which includes three, you are supposed to gesture.

8        JUDGE WHITEHEAD:  You mean he is reading the

9  claim on to Nimura?

10       MR. HUNG:  Correct.  So let me explain why this

11  construction is unreasonable.

12       JUDGE WHITEHEAD:  Okay.

13       MR. HUNG:  First of all, it is not what the claim

14  says.  The claim says, all the claims say that you interpret a

15  single input point as a scroll operation and two or more input

16  points as a gesture operation.

17       The claim doesn't say just interpret two input

18  points as a gesture and ignore what happens with three input

19  points or four input points or five input points.  According to

20  the plain language, two or more must be interpreted as a

21  gesture operation.

22       So to read the plain language to allow scrolling

23  when it says gesturing on three input points would not be

24  reasonable.  To put a fine point on this, this -- it is crystal

25  clear from the examiner's briefing.

6

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1          If you turn to page 8 of his briefing, if you turn to
2    page 8 of the office action, you will see the following quote.
3    "None of the claims of the '915 patent recites an operation
4    involving three or more input points."
5          JUDGE CHUNG:  Pardon me?  What page was that?
6    I'm sorry.
7          MR. HUNG:  I apologize.  It is page 8 of the July
8    26th, 2013 final office action.
9          JUDGE WHITEHEAD:  It is page 484 of the
10   working file.
11         JUDGE CHUNG:  Thanks.
12         MR. HUNG:  If you look at page 8 in the very next
13   paragraph after making this assertion that the claims have
14   nothing to do with three input points, he then applies Nimura,
15   which involves three-finger scrolling against the claims.
16         And the Board also wants to refer to page 8 of the
17   examiner's answer.  You see the exact same thing.  In the
18   examiner's answer, the May 2nd, 2014 examiner's answer, the
19   examiner states that he respectfully submits that an input
20   consisting of three input points is not a limitation of the
21   claims.
22         JUDGE WHITEHEAD:  Wait a minute, counsel.
23   Hold on one second.  Sorry.  That's 484 of the working file.  I
24   want to make sure we're on the same page.  I didn't have you
25   on the final.

7

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1          MR. HUNG:  I understand that.  Thank you.

2          JUDGE WHITEHEAD:  Go ahead.

3          MR. HUNG:  The reason why the examiner does

4    this is because four pages later at page 12 of the examiner's

5    answer, if you look four pages later, the examiner then applies

6    Nimura, which involves three finger scrolling, resulting --

7    three fingers causing a scroll, reads the claims on Nimura.

8    That's the reason for this.

9          Now, I know that the Board has read the briefing,

10   so let me address the elephant in the room, the main argument.

11         JUDGE WHITEHEAD:  Okay.

12         MR. HUNG:  The examiner's main argument.  It is

13   the word "or," right?  It is the word "or."  And that's the

14   examiner's only counter to all of the evidence, the testimony of

15   those skilled in the art, et cetera, to argue why it is fair to

16   apply Nimura and Hillis to have those references invalidate

17   these claims.

18         Let me explain why that is wrong.  To be clear, this

19   is the only argument.  And the examiner believes that "or," the

20   word "or" means alternatives.  That's the crux of the argument,

21   "or" means alternatives.

22         So let me just lay this issue to rest.  Apple agrees

23   that "or" refers to alternatives.  It does.  But the fact that "or"

24   can refer to alternatives doesn't mean that you can just ignore

25   what happens when you have these alternatives.

8

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1    And what I mean by this is two is an alternative of

2    three.  Three is an alternative of four.  Four is an alternative of

3    five.  Those are all alternatives.  But when you read the claim

4    language, it says "on two or more," which includes three input

5    points, that's a gesture operation.  Four input points is a

6    gesture operation.  Five input points is a gesture operation.

7    So even though you can focus on the word "or" and

8    understand that refers to alternatives, you can't ignore what

9    happens when you select and apply any alternative.  And if,

10   critically, if this is helpful for the Board, if the Board were to

11   consider how if the claim had been written the way that the

12   examiner wanted it, how would the claim have read?

13   The claim would have said:  "At least one of two or

14   more input points is interpreted as a gesture operation."  The

15   claim doesn't say that.  It just says:  "Two or more input points

16   interpreted as a gesture operation."

17   And the examiner cites two cases, Brown and

18   Schumer.  These confirm why "or" doesn't help the examiner's

19   construction here.  The Brown case is a 2001 Federal Circuit

20   decision and in the context of Brown, what Brown was about

21   was the following language:  "At least one of two digit, three

22   digit, or four digit year date representations."  That language

23   began with "at least one of one digit" -- sorry, two digit, three

24   digit, or four digit.

9

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1        So that involves very specific language.  The

2    examiner also cites to the Schumer case.  Schumer just relies

3    on Brown.  And the language in Schumer is, "one of the

4    following is different."  And then it says, "location of point of

5    rotation, angle of rotation or scale."  Not only does Schumer

6    use the word "or" twice, but it makes very clear that it can just

7    be one of them.  One of the following is different.

8        One separate point on Schumer and Brown, Brown

9    is 2001.  Schumer is 2002.  Schumer is relying on Texas

10    Digital.  That was that line of cases where the Federal Circuit

11    used to hold that you can just focus on dictionaries and you

12    could focus on specific words to the exclusion of the whole

13    context of the claim.

14        In 2005 the Federal Circuit en banc in the Phillips

15    case came down and Judge Bryson and in the opinion explained

16    that Texas Digital is wrong.  So all of this is confirming that

17    the examiner's construction cannot be reasonable.

18        And as another reason for the panel as to why the

19    examiner's position is not reasonable, it ignores how one of

20    skill in the art would read this.  We only have evidence, we

21    have evidence from Dr. Klemmer, we have evidence from

22    Dr. Nieh, and Dr. Singh, professors at Stanford and now San

23    Diego, at Toronto, and at Columbia, all of whom read this

24    claim and understood what it meant.

10

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1        And what they understood it to mean, focusing
2    specifically on claim 8 for a minute, claim 8 is the CRM claim.
3    Claim 8 says, refers to "a machine-readable storage medium
4    executing executable program instructions which when
5    executed cause a data processing system to perform a method."
6        And then the claim lays out the pseudo code, which
7    had happened in this machine-readable storage medium, that's
8    executing these program instructions.  And how do the good
9    doctors -- how do they interpret that language?  They say you
10    read the distinguishing step.  If one input point; interpreted as
11    a scroll.  And if two or more; interpret as a gesture.  And if
12    you think about this, this makes sense.
13        The skilled artisan would read it this way because
14    they realize what this invention can be applied to.  This
15    invention can be applied and involves user inputs and it also
16    involves a touch sensitive display.
17        One skilled in the art would understand that people
18    have hands with multiple fingers.  And so in preparing the
19    executable instructions for this, for this claim, they would
20    want to account for all permutations, all variations.  They
21    wouldn't want the outlier case where the user scrolls on one,
22    uses two fingers to do a gesture, and who knows what happens
23    on three, four, or five?  That's why the skilled artisan reading
24    this claim understands that it is distinguishing between one

11

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1  input point on the one hand, interpreted as a scroll, and two or

2  more that are interpreted as a gesture or something else.

3          So, again, it would not be reasonable to code that

4  CRM claim, claim 8, or practice the method steps of claim 1 or

5  develop the apparatus of claim 15 any other way.  If you apply

6  the broadest reasonable construction, as just discussed, there is

7  no doubt, and the examiner isn't really contesting that neither

8  Nimura nor Hillis can anticipate or invalidate.

9          And there are many reasons for this.  If you look at

10  the Nimura reference, it is about maps.  It is about the concept

11  of having an electronic book.  You have a map on this

12  electronic book.

13          And what it is trying to do is it is trying to isolate

14  the rare case where you are looking at a map on your electronic

15  book and you may want to zoom in or zoom out or rotate.  But

16  that's the rare case.

17          And so when you -- if the Board has Nimura before

18  it, figure 34 of Nimura, at step 110 focusing on step 110.

19          JUDGE WHITEHEAD:  Give me a second.

20          MR. HUNG:  Sure.

21          JUDGE SAADAT:  Figure 34?

22          JUDGE WHITEHEAD:  Figure 34, Judge.

23          MR. HUNG:  34.

24          JUDGE SAADAT:  Isn't that a flow chart?

25          MR. HUNG:  It is a flow chart, correct.

12

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1          JUDGE SAADAT:  Okay.

2          MR. HUNG:  So if you look at figure 34, what you

3    will see is it basically is a flow diagram.  And at step 110,

4    right at that step it is checking whether there are two fingers.

5          If there are two fingers, it is going to branch off to

6    the right and it is going to go off to the map processing

7    operations, which are shown in figure 37.  If it is anything

8    other than two fingers, it is going to flow down this path,

9    ultimately ending in the scroll operation.  And you will see

10   that at the bottom of figure 34.

11         If you are able to look now over at figure 37, you

12   will see that if you took the two-finger path and you go to

13   finger 37, then it is referring to map processing operations,

14   which it describes as zooming in, zooming out or rotating.

15   With that background of Nimura, what Nimura is applying is

16   this concept of a two-finger test; whereas in the patent at issue

17   you are distinguishing between one finger and more than one

18   finger.  Nimura is testing for something different.  It is testing

19   for two fingers or something else.

20         And as a separate independent reason, if you accept

21   the examiner's logic, the reason why this breaks down is just

22   look at claim 8.  It says distinguishing between one input point

23   that's interpreted as a gesture operation and two or more input

24   points that are interpreted as a -- I'm sorry -- that are

13

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1   interpreted as a gesture operation, one input point is a scroll

2   operation.

3          JUDGE WHITEHEAD:  Right.

4          MR. HUNG:  According to the claim language of

5   the claim, one input point must be interpreted as a scroll

6   operation.  Moreover, it is a test between one and two or more.

7   Nimura is doing a test between two and everything else.

8          So you don't have that test for one input point

9   versus two or more.  Moreover, the examiner agrees very

10  straightforwardly at page 7 of his brief where he states that he

11  accepts Dr. Ni's explanation for how the algorithm shown in

12  figures 33, 34, and 37 of the Nimura reference work.

13         And he repeats this at page 13 where he explains

14  that based on figure 34, the processing of three or more input

15  points in Nimura apparently would be the same as the

16  processing of a single input point.

17         The examiner agrees that what happens in Nimura,

18  Nimura can't distinguish between one input point and three

19  input points.  If you look at that flow diagram in 34, if it is

20  anything other than two, it is going to scroll.

21         So I think it is quite clear that Nimura can't

22  invalidate, it can't -- the examiner is not arguing anticipation,

23  and not arguing obviousness with respect to this teaching and

24  Hillis is even worse.

14

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1        If the panel wants to take a look at Hillis, Hillis

2   involves a gesture dictionary.  And the idea behind Hillis,

3   Hillis teaches panning.  And it also teaching zooming, but it

4   doesn't tell you how to do it.  If you look at column 7, lines 48

5   through 50 of Hillis, it explains that you take into account

6   things such as position, position history, velocity and force

7   information to figure out what to do.

8        But we don't know whether Hillis is applying the

9   exact same test as Nimura or something else.  Hillis isn't

10  disclosing this one finger versus two or more finger tests that

11  the claims require.

12       So two additional arguments, in case it is helpful

13  for the Board.

14       JUDGE SAADAT:  Counsel, before you go any

15  further, how does the disclosure of the patent owner describe

16  this algorithm or process for distinguishing between one input

17  and two or more inputs?

18       MR. HUNG:  Thank you, Your Honor.  I was

19  exactly going there next.

20       JUDGE SAADAT:  Okay, great.

21       MR. HUNG:  So you will see this in two places,

22  three places in the patent.  First you will see in figure 1 it is

23  talking about the event object invoking a scroll or gesture

24  operation.  And if you look at step 112 of figure 1, you will see

15

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1   that the gesture call relates to receiving a plurality of input

2   points.  That's in figure 1.

3           In figure -- I'm sorry, column 2, you see that the

4   patent explains that the gesture operations can include a

5   scaling transform.  And this is at line 25.  And it continues, "in

6   response to a user input having two or more input points."

7           Finally, if you look ahead to column 6, you see a

8   similar disclosure.  And this disclosure in column 6 makes very

9   clear that we're talking about two categories, one input point or

10  two or more input points because what you see at column 6,

11  line 36, it refers to -- I'm sorry, on line 37, the method 100

12  further includes determining whether the events object invokes

13  a scroll or gesture operation at block 106.  "For example, a

14  single touch that drags a distance across a display of the device

15  may be interpreted as a scroll operation."  And it continues "in

16  one embodiment, a two or [more finger|morphing] touch of the

17  display may be interpreted as a gesture operation."

18          If the panel thinks about it, that is a really weird

19  way to refer to two or [more finger|morphing] touches, a two

20  or [more finger|morphing] touches.  The applicants at line 42 is

21  explaining a two or [more finger|morphing] touch.  That is a

22  category.  The "a two or more," whether it is two, three, or

23  more, those are interpreted as a gesture operation.

24          So --

16

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1           JUDGE SAADAT:  So the two, a two-finger touch
2  also is encompassed by this example?
3           MR. HUNG:  That is correct.  And -- but the -- at
4  this specific point in the specification, Your Honor, not only is
5  it referring -- it is referring to "or more."  So it would have
6  been sufficient for them to only say two input points relating
7  to a gesture if they simply meant for it to cover two input
8  points, but they said "or more," which encompasses three.
9           JUDGE SAADAT:  All right.  But still you have
10  two inputs as a plausible way to invoke a gesture.  We can't
11  really ignore that, if you agree on that.
12           MR. HUNG:  We agree that -- we absolutely agree
13  that the claims require that the detection of two input points be
14  interpreted as a gesture operation.  There is no question.
15           The claims further by saying "two or more input
16  points" are interpreted as a gesture operation, also requires that
17  everything within that category, whether three or four or five,
18  et cetera, must also be interpreted.  And that's consistent with
19  the "or more" language here.
20           If it is helpful, Your Honor, there is one more
21  disclosure.  We haven't emphasized this, but it is similarly
22  helpful.  If you look at column 13 at line 17, there is a
23  reference to a chord event object.  And typically when one
24  think of chords, one is thinking of a set of, musically, usually
25  it is a set of three notes.

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1    So the patent is plainly talking about two or more

2  and it is describing how this two or more category of input

3  points corresponds to a gesture.

4    One point in case this is helpful.  The examiner,

5  the original examiner himself viewed the claims this way.  And

6  I offer this because the distinguishing limitation was

7  something that was added to the claims via examiner's

8  amendment.

9    And in that July 20th, I think it is the July 20th,

10  2010 examiner's amendment, the examiner added the specific

11  language.  And in doing so what he explained was that -- give

12  me one second -- he explained that the prior art did not teach

13  or suggest "distinguishing between a single input point and a

14  two or more input points."  Applied to the text of display;

15  whereas a single input point is determined as a scroll operation

16  and two or more input points are interpreted as a gesture

17  operation.

18    So the examiner is using the same words from that

19  portion of the specification, "a two or more."  And not just

20  that, the examiner repeats this twice in the July 20th, 2010

21  notice of allowance.

22    JUDGE WHITEHEAD:  Okay.

23    JUDGE SAADAT:  In Nimura, a way to interpret

24  the teachings of Nimura would be scroll operation is invoked

25  by one or three or four and et cetera, excluding two.

18

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1         MR. HUNG:  Correct.

2         JUDGE SAADAT:  A gesture operation is invoked

3  by a two-finger input?

4         MR. HUNG:  Correct.

5         JUDGE SAADAT:  So taking the same approach to

6  the word "or," in Nimura's disclosure can we say that Nimura

7  has a particular specific arrangement where one finger, which

8  is one of the options of one or three or four, et cetera, would

9  invoke scrolling and two finger would invoke a gesture?

10  Would something like that infringe your claim?

11        MR. HUNG:  No.  Our claim is infringed by the

12  situation in which you have a detection using one versus two or

13  more.  So in Nimura, if Nimura did scrolling on one and

14  gesturing on two, and scrolling on three or something else that

15  was not interpreted as a gesture --

16        JUDGE SAADAT:  Well, we have to pick our

17  option here.  The arrangement we're picking is just one finger

18  for scroll, which is one of the disclosed options in Nimura.

19        MR. HUNG:  Correct.

20        JUDGE SAADAT:  So, if you consider it like a

21  Venn diagram, is that the cross-section between the, what you

22  just explained about the Patent Owner's disclosure and

23  Nimura's disclosure, but that small cross-section where only

24  one finger is used for scroll operation and only two fingers are

25  used for gesture, wouldn't that be the overlapping area?

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1       MR. HUNG:  That would overlap, except for the
2   fact that the more than two would not be defined.  If the, if the
3   device at issue, if the CRM device, was programmed as not to
4   account for three or -- two or more; that is, it only accounted
5   for two, that would not infringe.
6       But in Nimura, for the same reason why Nimura
7   wouldn't infringe is the same reason why it doesn't anticipate
8   or invalidate.  Because it does the one scrolling.  It does the
9   two zooming in, zooming out or rotating, but it doesn't do on
10  three gesturing as well.
11      So to specifically respond to Your Honor's
12  question, Nimura, if it is simply scrolled on one and gestured
13  on two, and either did nothing on three, four, and five, that
14  would not infringe.
15      JUDGE SAADAT:  That's where we don't see it or I
16  -- I have a hard time to see how you have excluded three
17  finger for scroll?
18      MR. HUNG:  We have excluded three fingers for
19  scroll by the phrase "two or more."  To come back to the point
20  of how we would have written the claim, a claim that's
21  applying to the concept of -- can be applied to the concept of
22  using your hand as an input.  That is how it was written, two or
23  more.  It is not the situation in Brown where they said "at least
24  one of."

20

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1        So the claim says two or more.  And we have been

2    very consistent that two or more requires that the two or more

3    input points be construed, interpreted as a gesture operation.

4    Does that make sense?

5        JUDGE SAADAT:  I understand your argument.

6        MR. HUNG:  To arrive at the alternative

7    interpretation in which you only focus on one versus two, you

8    are reading out the "or more" construction.  You are reading

9    out that phrase.  Because it is exclusionary from the standpoint

10   of the claim is explicit.

11       If you have three, it must be interpreted as a

12   gesture operation.  It cannot be interpreted as a scroll

13   operation.  And that's precisely what we have in Nimura.

14       The claim says two or more, including three,

15   interpret as a gesture operation.  In Nimura, you can see in

16   figures 34 and 37, three results in a scroll.  Did Your Honor

17   have a question?

18       JUDGE CHUNG:  No.  She had already asked the

19   question.  Thanks.

20       Okay.  So something would only infringe, another

21   patent would only infringe your patent if it was one -- if it was

22   determining between one and then the set of two to infinity,

23   right?  Because it is two or more?

24       MR. HUNG:  That is correct, although when one

25   thinks about it, at infinity, maybe that's --

21

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1        JUDGE CHUNG:  Because that's two or more.

2        MR. HUNG:  More than two, correct.

3        JUDGE CHUNG:  So you didn't see a set ceiling

4   anywhere in your spec.

5        MR. HUNG:  There is not a ceiling in the claim as

6   stated.

7        JUDGE CHUNG:  So that's the only scenario where

8   somebody would potentially infringe?

9        MR. HUNG:  Would infringe?

10       JUDGE CHUNG:  Would infringe your patent going

11  on Judge Saadat's last question.

12       MR. HUNG:  When the determined input points,

13  because the claim is referring to input points, when those input

14  points are applied to the device, those input points, if two or

15  more, must correspond to a gesture operation.

16       JUDGE CHUNG:  Okay.

17       JUDGE WHITEHEAD:  Judge Saadat, another

18  question?

19       JUDGE SAADAT:  No.  I think I understand your

20  arguments.

21       MR. HUNG:  If the Board has additional questions,

22  I am happy to answer them.  Otherwise I am happy to conclude.

23       So as the Board is -- I'm sorry.  Were there?

24       JUDGE WHITEHEAD:  No.  Just checking.  Go

25  ahead.

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1    MR. HUNG:  As the Board is thinking about this,
2  thinking about this appeal, again, I think it might be helpful
3  for the Board to circle back to the question that I began today
4  with, and that is: is it reasonable to construe a limitation, a
5  claim limitation, the distinguishing limitation, that requires
6  distinguishing between one input point, interpreted as a scroll,
7  and two or more input points interpreted as a gesture, is it
8  reasonable to say that when you have three input points, it is
9  okay for that to scroll?
10    Because that's what Nimura is about.  And Hillis
11  doesn't really tell you what is happening at all.
12    JUDGE SAADAT:  Counsel, I thought of a
13  question.
14    JUDGE CHUNG:  I do have another question.  I
15  will defer to you first, Judge Saadat.
16    JUDGE SAADAT:  Judge Chung, okay.  Thank you.
17    In the specification or disclosure of the patent,
18  specifically in column 12, you mention the term -- maybe it
19  was in a different column -- "a two or more input."
20    MR. HUNG:  That was at column 6, Your Honor.
21    JUDGE SAADAT:  6, I'm sorry, yes.  Thank you.
22    So a single touch and also a two or [more
23  finger|morphing] touch.  I am thinking why that or a similar
24  language is not in the claim.  For example, the distinguishing
25  step is between a single input point and rather than saying a

23

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1   two or more input points, you just -- your clients merely say

2   two or more.

3        MR. HUNG:  Yes.  When one thinks linguistically

4   as how would write the claim, you would write it as two or

5   more.  It would be awkward or might create whether antecedent

6   issues.  You have already introduced the concept in the claim

7   of input touches.  And you are simply in that phrase, "two or

8   more," referring to the number that must be applied.

9        I am simply referring to the specification and the

10  examiner's amendment who view them the same way, to explain

11  what that phrase means.  But when you think of how you would

12  actually write the claim, you would write it as two or more.

13  You are distinguishing between one input point as a scroll

14  operation and two or more input points as a gesture operation.

15       The oddity, I hate to use that word, the oddity of

16  the specification confirms this reading, but it is not a reason

17  why you would insert this into the claim itself.  When the

18  examiner and the applicant both understood that's what they

19  meant and didn't use an alternative phrase like "at least one

20  of," which we saw in Brown.

21       JUDGE SAADAT:  That's the point of my

22  hesitation because two or more input points would encompass

23  maybe only two or something larger than two.  But specifically

24  when you pointed to column 6 of the disclosure of the patent, a

25  single touch in contrast with the two or more input touch, that

24

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1   is probably closer or at least stronger in support of your

2   position.  And my question was why the same language was not

3   included in the claim?

4          MR. HUNG:  So I think the -- I look at it somewhat

5   backwards, if this makes sense.

6          JUDGE SAADAT:  All right.

7          MR. HUNG:  And if this makes sense to Your

8   Honor, I look at the plain language of "two or more."  And as

9   an English speaker, I think I know what that means.  I think

10  that means two or more of a set, the category of which must be

11  interpreted as a gesture operation.  That's what I understand it.

12         And then I look in the specification to confirm

13  under Phillips, and MPEP, what the broadest reasonable

14  interpretation is and I see the word "a two or more input

15  points."  And then I see what the examiner said in that July

16  20th, 2010 Notice of Allowance.

17         In adding this language that the examiner added,

18  the examiner is also referring to that same provision for

19  consistency.  So both from a claim drafting standpoint, it was

20  drafted to encompass that category, two or more.  And the

21  specification supports it instead of the other way around in

22  terms of that's how we should have said it.

23         JUDGE SAADAT:  Okay.  Thank you.

24         MR. HUNG:  Is that helpful?

25         JUDGE SAADAT:  Definitely it is helpful.

25

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1        MR. HUNG:  Thank you.  So if there are no further
2    questions, thank you very much.
3        JUDGE CHUNG:  Well, I have one.
4        MR. HUNG:  I'm sorry, please.
5        JUDGE CHUNG:  How do you distinguish between
6    the claim saying two or more versus two and more?
7        MR. HUNG:  Two and more, it is not how you
8    would state this from the alternative standpoint that the
9    examiner himself is focusing on because you wouldn't be -- I
10    guess it is possible to, but you typically wouldn't be two
11    fingers and three fingers and four fingers, all of which would
12    be interpreted as a gesture.
13        But whether it is two and/or three or four or five,
14    all of those must be interpreted as a gesture.  So it is how you
15    write the claim to cover an alternative when you have two or
16    three or four or five, all of which must map to a gesture, but
17    you wouldn't say two and more because then that would mean,
18    that would assume that it is -- first it might be indefinite.  One
19    might argue it is indefinite.  That might create confusion.  But
20    also you have the issue of what does that mean?
21        Does that mean -- how many fingers am I applying
22    or how many input points am I applying at one time?  So I
23    would distinguish that because this is how you would write the
24    claim to cover that instance.  And we didn't write in the
25    alternative because "two and more" wouldn't have captured this

                                    26

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

1  concept of alternatives that the examiner is focusing on as

2  well.  Does that make sense?

3          JUDGE CHUNG:  I understand your argument.

4          MR. HUNG:  Okay.

5          JUDGE WHITEHEAD:  Counsel, anything else?

6          MR. HUNG:  Nothing more, Your Honor.

7          JUDGE WHITEHEAD:  Well, thank you.

8          MR. HUNG:  Thank you very much.

9          (Whereupon, at 2:41 p.m., the hearing concluded.)

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

For PATENT OWNER:

MORRISON & FOERSTER LLP
425 MARKET STREET
SAN FRANCISCO, CA
94105-2482

For THIRD PARTY REQUESTER:

JOSEPH J. RICHETTI
BRYAN CAVE LLP
1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104