# EXHIBIT 18



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/012,332 | 05/30/2012 | 7844915 | P4895USREX1/106842803600 | 5963 |

20872    7590    12/09/2014
MORRISON & FOERSTER LLP
425 MARKET STREET
SAN FRANCISCO, CA 94105-2482

| EXAMINER |
|---|
| YIGDALL, MICHAEL J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 12/09/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

*Ex parte* APPLE, INC.
Patent Owner and Appellant

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915[1]
Technology Center 3900

Before MAHSHID D. SAADAT, CARL W. WHITEHEAD, JR., and JASON J. CHUNG, *Administrative Patent Judges*.

SAADAT, *Administrative Patent Judge*.

DECISION ON APPEAL

Apple, Inc. (hereinafter "Appellant"), the real party in interest of Patent 7,844,915 (referred to by Appellant as "the '915 patent"), appeals under 35 U.S.C. §§ 134(b) and 306 from the Examiner's rejection of original claims 1–21 of the '915 patent.[2]  We have jurisdiction under 35 U.S.C. §§ 6(b) and 306.

We affirm.

---

[1] Issued to inventors Andrew Platzer and Scott Herz on November 30, 2010, based on Application 11/620,717, filed January 7, 2007.
[2] An oral hearing was held for this Application on November 19, 2014.

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

STATEMENT OF THE CASE

*This Ex Parte Reexamination Proceeding*

This reexamination proceeding arose from a third-party request for *ex parte* reexamination filed by Joseph J. Richetti (Request for *Ex Parte* Reexamination) on May 30, 2012.

*Related Litigations*

Appellant has identified the following judicial proceedings related to the '915 patent (App. Br. 5–6):

1.  *Apple Inc. v. Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.,* Case No. 11-cv-1846 (N.D. Cal.).

2.  *In the Matter of Certain Portable Electronic Devices & Related Software,* Investigation No. 337-TA-797 (Int'l Trade Comm'n).

3.  *Apple Inc. v. HTC Corp.,* Case No. ll-ev-611 (D. Del.).

*The Invention and Representative Claim on Appeal*

The '915 patent relates to an environment wherein a user interface software interacts with a software application through an application programming interface (API) to implement scrolling, gesturing, and animation operations (the '915 patent, col. 1, ll. 59–67). The '915 patent achieves its stated goal by creating an event object in response to the user input and determining whether the event object invokes a scroll or gesture operation (*id.,* at col. 6, ll. 37–39). Examples disclosed in the '915 patent include interpreting a single touch dragging a distance across a display of the

2

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

device as a scroll operation and a two or more finger touch of the display as a gesture operation (*Id.* at col. 6, ll. 39–43).

Representative original claims 1–3 and 5 on appeal read as follows (with emphasis):

> 1. A machine implemented method for scrolling on a touch-sensitive display of a device comprising:
>
> receiving a user input, the user input is one or more input points applied to the touch-sensitive display that is integrated with the device;
>
> creating an event object in response to the user input;
>
> determining whether the event object invokes a scroll or gesture operation *by distinguishing between a single input point* applied to the touch-sensitive display that is interpreted as the scroll operation *and two or more input points* applied to the touch-sensitive display that are interpreted as the gesture operation;
>
> issuing at least one scroll or gesture call based on invoking the scroll or gesture operation;
>
> responding to at least one scroll call, if issued, by scrolling a window having a view associated with the event object based on an amount of a scroll with the scroll stopped at a predetermined position in relation to the user input; and
>
> responding to at least one gesture call, if issued, by scaling the view associated with the event object based on receiving the two or more input points in the form of the user input.
>
> 2. The method as in claim 1, further comprising: *rubberbanding a scrolling region* displayed within the window *by a predetermined maximum displacement* when the scrolling region exceeds a window edge based on the scroll.

3

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

> 3. The method as in claim 1, further comprising:
>
> *attaching scroll indicators* to a content edge of the window.
>
> 5. The method as in claim 1, wherein determining whether the event object invokes a scroll or gesture operation is *based on receiving a drag user input for a certain time period.*

App. Br., Claims Appendix.

*Prior Art Relied Upon*

| | | |
|---|---|---|
| Makus | US 6,757,673 B2 | June 29, 2004 |
| Hillis | US 7,724,242 B2 | May 25, 2010 (filed Nov. 23, 2005) |
| Nomura | JP 2000-163031 | June 16, 2000 |
| Lira | WO 03/081458 A1 | Oct. 2, 2003 |

Dean Harris Rubine (Rubine), *The Automatic Recognition of Gestures*, CMU-CS-91-202 (Dec. 1991).

*The Rejections on Appeal*

Claims 1, 5–8, 12–15, and 19–21 stand rejected under 35 U.S.C. § 102(e) as being anticipated by Hillis.

Claims 2, 9, and 16 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Hillis and Lira.

Claims 3, 4, 10, 11, 17, and 18 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Hillis and Makus.

Claims 1, 5–8, 12–15, and 19–21 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Nomura and Rubine.

Claims 2, 9, and 16 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Nomura, Rubine, and Lira.

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

Claims 3, 4, 10, 11, 17, and 18 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Nomura, Rubine, and Makus.

## ANALYSIS

### I. Claim Interpretation

The principal issue before us is how to interpret the "distinguishing between a single input point applied to the touch-sensitive display that is interpreted as the scroll operation and two or more input points applied to the touch-sensitive display that are interpreted as the gesture operation" in the "determining" limitation of claims 1, 8, and 15. Appellant contends the Examiner erred in interpreting the recited "distinguishing between a single input point applied to the touch-sensitive display that is interpreted as the scroll operation and two or more input points applied to the touch-sensitive display that are interpreted as the gesture operation" as distinguishing between one input point from two input points (App. Br. 12). Appellant relies upon a number of declarations and argues that one of ordinary skill in the art would have understood the disputed claim limitation as a distinction between one and more than one input (App. Br. 14–17). Appellant asserts this interpretation is supported by their disclosure describing "a two or more finger touch . . . interpreted as a gesture" (App. Br. 17 (citing '915 patent, col. 6, ll. 38–43)).

The Examiner disagrees with Appellant's "two or more input points" interpretation and points out the word "or" is interpreted to mean the items "two" and "more" are alternatives (Ans. 5 (citing *Schumer v. Lab. Computer Sys. Inc.*, 308 F.3d 1304, 1311 (Fed. Cir. 2002) and *Brown v. 3M*, 265 F.3d 1349 (Fed. Cir. 2001))). The Examiner concludes the two-finger operation

5

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

in Hillis and Nomura meets the claimed limitation "two or more input points applied to the touch-sensitive display that are interpreted as the gesture operation" (*id.*). Although the Examiner acknowledges the declaration by Dr. Nieh stating the scrolling operation of Nomura is performed by two input points whereas all other inputs result in a scroll operation, the Examiner explains that "all other inputs" includes a single input point, which meets the claim limitations (Ans. 7). Similarly, the Examiner acknowledges the declarations by Dr. Klemmer and Dr. Singh and finds their statements unpersuasive in view of the description of "two or more finger touch" in Appellant's disclosure (Ans. 8–9).

*Claim Interpretation Principles*

"During reexamination, as with original examination, the PTO must give claims their broadest reasonable construction consistent with the specification." *In re ICON Health & Fitness, Inc.*, 496 F.3d 1374, 1379 (Fed. Cir. 2007) (citing *In re Am. Acad. of Sci. Tech Ctr.*, 367 F.3d 1359, 1364 (Fed. Cir. 2004)). "[T]he ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc).

*Discussion*

The invention described in the '915 patent concerns scroll and gesture operations through an application programming interface (API) in response to a user input (col. 2, ll. 3–10 and 22–29). More particularly, the disclosed method determines whether an event object invokes a scroll or a gesture operation when "a single touch that drags a distance across a display of the

6

device may be interpreted as a scroll operation" and "a two or more finger touch of the display may be interpreted as a gesture operation" (col. 6, ll. 37–44). That is, any number of input points equal to two or more is interpreted as a gesture.

We agree with the Examiner and conclude that giving the claim language its *broadest* interpretation consistent with the '915 patent disclosure does not require using Appellant's asserted "two or more" interpretation. As stated by the Examiner (Ans. 10), the claimed gesture operation requiring either two or more input points is met by the two finger input disclosed by Nomura and Hillis.

*II. Rejection of Claims 1, 5–8, 12–15, and 19–21 Under*
*35 U.S.C. § 103(a) over Nomura and Rubine*

*Claim 1*

Appellant argues Nomura distinguishes between two input points for a gesture operation and not two input points for a scroll operation, which is different from the '915 patent's one input point and more than one input points (App. Br. 19). For the reasons discussed above, we agree with the Examiner that Nomura distinguishes between a single input point as a scroll operation and two input points as a gesture operation (Ans. 12 (citing Nomura ¶¶ 53–56)). Although Nomura also uses other number of input points, such as three, for the scroll operation, the reference nonetheless discloses using one finger as an alternative to more than three for a scroll operation as well as using two fingers for a gesture operation (Nomura ¶ 56).

Appellant further argues that Rubine does not teach the recited event object because Rubine's object oriented system works with a single path instead of the claimed "gesture calls" (App. Br. 21). The Examiner points to

7

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

different teachings in Rubine (Ans. 14) and explains the teaching value of Rubine is creating an event object for the multiple inputs taught by Nomura (Ans. 15–16). We agree with the Examiner's findings and conclusion and adopt them as our own.

Next, Appellant contends a person of ordinary skill in the art would not have been motivated to combine Nomura with Rubine because the references are concerned with different problems (App. Br. 21) and the Examiner has failed to articulate a valid rationale for the combination (App. Br. 22). However, we agree with the Examiner's findings and the stated rationale with respect to the combination of the references and adopt them as our own (*see* Ans. 16–17). We also agree with the Examiner (Ans. 18) that, other than a general conclusory statement, Appellant has not provided the factual requirements of the evidence of secondary consideration and commercial success.

*Claims 8 and 12–14*

Appellant contends Nomura and Rubine fail to disclose the machine readable storage medium with programming instructions that operates under all circumstances because, as stated in Dr. Klemmer's declaration (¶¶ 19–20);

> A medium storing instructions for performing **only a portion** of the "distinguishing" limitation (*e.g.*, interpreting one input point as a scroll operation and two input points as a gesture operation) would not reasonably meet the requirements of claim 8, which requires, *inter alia*, executable programming instructions for interpreting more than two input points (3 input points, 4 input points, etc.) as a gesture operation.

(App. Br. 23). The Examiner explains paragraph 132 of Nomura discloses a machine-readable storage medium for storing instructions causing the

8

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

processor to distinguish between one input point and two input points (Ans. 19). In view of the claim interpretation discussion above, we agree with the Examiner's findings and conclusion and adopt them as our own.

*Claims 5, 12, and 19*

Appellant contends the combination of Nomura and Rubine does not teach or suggest the recited step of "determining whether the event object invokes a scroll or gesture operation is based on receiving a drag user input for a certain time period" (App. Br. 24). The Examiner points to paragraphs 9, 10, and 193 and Figures 34 and 37 of Nomura as disclosing movement history and passage of time during which contact by the user's fingers produces a drag (Ans. 20). The Examiner further explains the scroll and zoom-out processing shown in Figure 37 require a "passage of time" thus teaching the "certain time period" limitations recited in the claims (Ans. 21). We agree with the Examiner's findings and conclusion and adopt them as our own.

*III. Rejection of Claims 1, 5–8, 12–15, and 19–21 Under*
*35 U.S.C. § 102(e) over Hillis*

*Claims 1, 5–8, 12–15, and 19–21*

Appellant's arguments with respect to Hillis are focused on the interpretation of the claimed distinguishing limitation (App. Br. 25). Appellant further argues that Hillis does not teach an object event (App. Br. 26), a touch-sensitive display (*id.* at 27), or a device with integrated display (*id.*). In view of the interpretation of the distinguishing limitation discussed above, and the Examiner's findings and conclusions with respect to Hillis (Ans. 21–26), we are unpersuaded by Appellant's arguments.

9

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

*Claims 8 and 12–14*

Appellant contends Hillis fails to disclose the machine readable storage medium with programming instructions that operates under all circumstances (App. Br. 28). The Examiner explains that the disclosure of Hillis in columns 3, 5, and 8 includes references to determining steps that meet the broadest reasonable interpretation of the claims (Ans. 27). In view of the claim interpretation discussion above, we agree with the Examiner's findings and conclusion and adopt them as our own.

*Claims 5, 12, and 19*

Appellant contends Hillis does not teach or suggest the recited step of "determining whether the event object invokes a scroll or gesture operation is based on receiving a drag user input for a certain time period" (App. Br. 29). The Examiner points to disclosure of Hillis in paragraph 7 as disclosing how the contact region moves and its shape changes over time (Ans. 28). We agree with the Examiner's findings and conclusion and adopt them as our own.

*IV. Rejection of Claims 2, 9, and 16 Under 35 U.S.C. § 103(a)
over Lira in combination with Hillis or Nomura and Rubine*

Appellant contends Lira does not disclose the "rubberbanding" limitation and merely discusses recentering or "snapping" methods for navigating the display (App. Br. 30–31). Appellant further challenges the combination of the references with Lira because neither Hillis nor Nomura relates to the internal boundaries disclosed in Lira (App. Br. 31) and the Examiner has failed to articulate a valid rationale for the combination (App. Br. 32). The Examiner states, to the extent "rubberbanding" is disclosed in column 5 of the '915 patent, Lira describes a similar function by limiting the

10

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

user's scrolling to a predetermined threshold (Ans. 29–30). Similarly, we agree with the Examiner's findings and the stated rationale with respect to the combination of the references and adopt them as our own (*see* Ans. 31–32). We also agree with the Examiner (Ans. 32) that, other than a general conclusory statement, Appellant has not provided the factual evidence required for showing the evidence of secondary consideration and commercial success (*see* App. Br. 32–3).

> *V. Rejection of Claims 3, 4, 10, 11, 17, and 18 Under 35 U.S.C. § 103(a) over Makus in combination with Hillis or Nomura and Rubine*

Appellant contends Makus does not disclose "attaching" scroll indicators and merely discusses scroll bars that appear when more data are included in the list (App. Br. 33). Appellant further challenges the combination of the references with Makus by stating neither Hillis nor Nomura benefits from the scroll bars disclosed in Makus (*id.* at 34) and the Examiner has failed to articulate a valid rationale for the combination (*id.* at 35). The Examiner points out that because the claims do not recite indicators appear dynamically or when they are attached, the scroll bar of Makus would have suggested attaching scroll indicators to a content or window (Ans. 33). Similarly, we agree with the Examiner's findings and the stated rationale with respect to the combination of the references and adopt them as our own (*see id.* at 33–35). We also agree with the Examiner (*id* at. 35) that, other than a general conclusory statement, Appellant has not provides the factual requirements of the evidence of secondary consideration and commercial success.

11

Appeal 2014-007899
Reexamination Control 90/012,332
Patent 7,844,915

## DECISION

On the record before us, we conclude that the Examiner did not err in rejecting claims 1–21 under 35 U.S.C. § 103(a).

Accordingly, the Examiner's decision that claims 1–21 are unpatentable is affirmed.

## TIME PERIOD FOR RESPONSE

Requests for extensions of time in this *ex parte* reexamination proceeding are governed by 37 C.F.R. § 1.550(c).  *See* 37 C.F.R. § 41.50(f).

## AFFIRMED

FOR PATENT OWNER:

MORRISON & FOERSTER LLP
425 MARKET STREET
SAN FRANCISCO, CA 94105-2482


FOR THIRD PARTY REQUESTER:

JOSEPH J. RICHETTI
BRYAN CAVE LLP
1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104



mls

12