# EXHIBIT 22



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/012,884 | 05/31/2013 | D618,677 S | 416629US91RX | 5041 |

63975    7590    08/05/2015
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| ASCH, JEFFREY DAVID |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2916 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 08/05/2015 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Scott A. McKeown

OBLON, MCCLELLAND, MAIER & NEUSTADT, L.L.P.

1940 DUKE STREET

ALEXANDRIA, VA  22314

# EX PARTE REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/012,884*.

PATENT NO. *D618,677 ET AL* .

ART UNIT *2916*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| Office Action in Ex Parte Reexamination | Control No.<br>90/012,884 | Patent Under Reexamination<br>D618,677 S ET |
|---|---|---|
| | Examiner<br>JEFFREY D. ASCH | Art Unit<br>2916 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

a ☐ Responsive to the communication(s) filed on _____ .   b ☐ This action is made FINAL.
c ☒ A statement under 37 CFR 1.530 has not been received from the patent owner.

A shortened statutory period for response to this action is set to expire **2** month(s) from the mailing date of this letter.
Failure to respond within the period for response will result in termination of the proceeding and issuance of an *ex parte* reexamination certificate in accordance with this action. 37 CFR 1.550(d). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**
If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days will be considered timely.

Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. ☒ Notice of References Cited by Examiner, PTO-892.    3. ☐ Interview Summary, PTO-474.
2. ☒ Information Disclosure Statement, PTO/SB/08.    4. ☐ _____ .

Part II   SUMMARY OF ACTION

1a. ☒ Claims *the single claim is* are subject to reexamination.
1b. ☐ Claims _____ are not subject to reexamination.
2. ☐ Claims _____ have been canceled in the present reexamination proceeding.
3. ☐ Claims _____ are patentable and/or confirmed.
4. ☒ Claims *the single claim is* are rejected.
5. ☐ Claims _____ are objected to.
6. ☐ The drawings, filed on _____ are acceptable.
7. ☐ The proposed drawing correction, filed on _____ has been   (7a) ☐ approved   (7b) ☐ disapproved.
8. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
   a) ☐ All   b) ☐ Some*   c) ☐ None      of the certified copies have
   1 ☐ been received.
   2 ☐ not been received.
   3 ☐ been filed in Application No. _____ .
   4 ☐ been filed in reexamination Control No. _____ .
   5 ☐ been received by the International Bureau in PCT application No. _____ .
   * See the attached detailed Office action for a list of the certified copies not received.

9. ☐ Since the proceeding appears to be in condition for issuance of an *ex parte* reexamination certificate except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte* Quayle, 1935 C.D. 11, 453 O.G. 213.

10. ☐ Other: _____

cc: Requester (if third party requester)
U.S. Patent and Trademark Office
PTOL-466 (Rev. 08-06)                    Office Action in Ex Parte Reexamination                    Part of Paper No. 20150304

Application/Control Number: 90/012,884                                          Page 2
Art Unit: 2916

### Objection to the Claim to Priority

The claim to priority under 35 U.S.C. 120 must be canceled. The patent under re-examination (D618,677) is not entitled to benefit of the filing date of applications 29/282834 (now patent D581,922) or 29/270888 (now patent D558,758).

The patent owner is advised that the design in this patent is not described in the originally filed disclosure of earlier applications, 29/282834 or 29/270888 (shown below center and left). The design in this patent (shown below right) is different from that of the earlier applications in that the new claim includes a front surface entirely covered with a translucent black surface without color contrast and excludes the surface within the round home button while including the entire capsule-shaped speaker opening.

  

Therefore the claim in this patent does not satisfy the written description requirement of 35 U.S.C. 112, first paragraph, needed to claim benefit under 35 U.S.C. 120. When a design is changed, the result is a new and different design; the original design remains just what it was. *In re Mann*, 8 USPQ2d 2030 (Fed. Cir. 1988)

Without the benefit of the filing date in applications 29/282834 or 29/270888, Primary references D602014 and D618204 qualify as prior art under the date requirements of 35 U.S.C. 102(e); Primary reference D546313 qualifies as prior art under the date requirements of 35 U.S.C. 102(b) (rather than under 35 U.S.C. 102(e) if the design in D618,677 was entitled to the earliest date); Secondary references D577,703 and D562,285 qualify as prior art under the date requirements of 35 U.S.C. 102(a) and (e); and Secondary reference D543183 qualifies as prior art under the date requirements of 35 U.S.C. 102(b) (rather than under 35 U.S.C. 102(e) if the design in D618677 was entitled to the earliest date).

Application/Control Number: 90/012,884                                                                 Page 3
Art Unit: 2916

### Characterization of the design features of the claim under re-examination

The design claimed in the patent under re-examination, D618,677 is the appearance created by the planar front surface of an electronic device. The appearance includes a flat panel with an outer rectangular shape having rounded corners. The front surface is continuously flat and an inner rectangle, shown within the outer borders, with sharp corners (the display) can be seen through the front surface. Centered in the space above the display, slightly closer to the top edge of the outer frame, is an elongated slit-like opening (the speaker). Additionally there is a circular shape of a specific size centered in the space below the display, slightly closer to the bottom edge of the frame. The entire front surface is shaded for the color black.

### Comment regarding meaning of the broken lines

Broken lines are most often used for one of three purposes: 1- to mark out boundaries for the claimed design within the environment of the device that embodies the design, 2- to mark out internal boundaries for the claimed design that are within the outermost boundary of the claimed design and, 3- to show environmental subject matter.

In D618,677 the patented design has a solid-line outer perimeter that identifies the design's outer boundary. The examiner understands the broken lines in D618,677 that show portions of the electronic device *beyond outer perimeter of the claimed design* to illustrate environmental subject matter that does not impact the claimed design. However, the examiner can only understand the broken line circle that exists within the outer perimeter of the claimed design to represent a boundary that acts as a limitation of the claim. *The only meaning the examiner can attribute to the broken line within the outer boundary of the claimed design is that it defines a circular shaped inner boundary for the claimed design.* The claimed design continues up to the edge of a circular feature.

### Comment regarding shading for color

The entire claimed surface in D618,677 is shaded for the single color black. It has long been established that patentability may not rest on color alone. See *In re Iknayan et. al.*, 124 USPQ 507, (1960), which states: "…and it follows that the claim distinguishes over the reference only on the basis of coloring. As was held in *In re Cohn*, 23 CCPA 766, 80 F.2d 65, 27 USPQ 412, 413, "It cannot be successfully argued that patentability of a design may rest on color alone."" Moreover, the claim in D618,677 was rejected for obviousness double patenting in view of 29/332683, now Patent D618,678, and the only difference between the claims in the two applications is the specific color black in D618,677. Therefore the selection of a single color applied to all claimed features is not a patentable distinction.

Application/Control Number: 90/012,884 Page 4
Art Unit: 2916

### 1st Rejection for obviousness under 35 USC 103(a)

The claim in D618,677 is rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over the claim in design patent D546,313 to Lheem in view of WO 2006/038499 to Ohki et al. or Japanese Patent JPD1235888 (included on the IDS of 10/16/2013, item FP42).

Although the invention is not identically disclosed or described as set forth in pre-AIA 35 U.S.C. 102, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a designer having ordinary skill in the art to which said subject matter pertains, the invention is not patentable.

The examiner is relying on, as a basic reference, the planar front surface of D546313 as shown in the front perspective view. The front perspective view shows a planar front surface with a continuous uninterrupted edge in the same plane as the front surface. The continuous uninterrupted front edge is not shown in the front elevation view of D546,313. D546,313 describes a planar front surface with a continuous edge because such a design was shown in the perspective view. For ease of comparison, as shown below right, the examiner has prepared a front elevation view showing the planar front surface as described in the perspective view.



D546313 perspective view    D546313 front elevation    D546313 front elevation shown in front perspective

The planar front surface of **D546,313** shares the same basic design characteristics with the claim in that the front perspective view shows **1**- A flat panel with an outer rectangular shape having substantially the same aspect ratio. **2**- Four evenly

rounded corners of substantially the same radius relative to the panel's dimensions, employed at the panel's outer corners. **3**-The front surface is continuously flat and an inner rectangle, shown within the outer borders, with sharp corners (the display) can be seen through the outer surface. **4**-Centered in the space above the display, slightly closer to the top edge of the outer frame, is an elongated slit-like opening (the speaker). **5**- A circular shape of a specific size is centered in the space below the display, slightly closer to the bottom edge of the frame.



The difference between the planar front surface of D546,313 and the claim of D618,677 is that the inner rectangle (the display) in the D618,677 design is larger with the margins at the sides being very narrow and the margin at the bottom being slightly larger than the one at the top. The secondary references, WO 2006/038499 to Ohki et al. or Japanese Patent JPD1235888, both teach a larger display, with margins at the sides being very narrow and the margin at the bottom being slightly larger than the one at the top.

It would have been obvious to a designer of ordinary skill in the art at the time the invention was made to expand the size of the inner rectangle (the display) of D546,313 so that the margins at the sides are very narrow and the margin at the bottom is slightly larger than the one at the top in the manner taught by WO 2006/038499 to Ohki et al. or Japanese Patent JPD1235888. In such a modification it would be obvious for the circular feature at the bottom, to maintain its position centered within the space below the display, slightly closer to the bottom edge of the frame.



This proposed combination of the prior art teachings would result in an appearance over which the claimed design shows no patentable difference.

This modification of the primary reference in light of the secondary reference is proper because the applied references are so related that the appearance of features shown in one would suggest the application of those features to the other. See *In re Rosen*, 673 F.2d 388, 213 USPQ 347 (CCPA 1982); *In re Carter*, 673 F.2d 1378, 213 USPQ 625 (CCPA 1982), and *In re Glavas*, 230 F.2d 447, 109 USPQ 50 (CCPA 1956). Further, it is noted that case law has held that a designer skilled in the art is charged with knowledge of the related art; therefore, the combination of old elements, herein, would have been well within the level of ordinary skill. See *In re Antle*, 444 F.2d 1168,170 USPQ 285 (CCPA 1971) and *In re Nalbandian*, 661 F.2d 1214, 211 USPQ 782 (CCPA 1981).

## 2nd Rejection for obviousness under 35 USC 103(a)

The claim in D618,677 is rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over the claim in Japanese Patent JPD1204221 (included on the IDS of 10/16/2013, item FP32) in view of JP1235888 (included on the IDS of 10/16/2013, item FP42) or US Patent D577,703 *and* US Patent D546313 or US PAPub. 2004/0223004 to Lincke et al.

Although the invention is not identically disclosed or described as set forth in pre-AIA 35 U.S.C. 102, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a designer having ordinary skill in the art to which said subject matter pertains, the invention is not patentable.

The examiner is relying on, as a basic reference, the planar front surface of JPD1204221. Although difficult to see due to the solid black color surrounding the display, the planar front surface includes an elongated feature at the top and bottom of the screen. For ease of comparison the examiner has prepared a front elevation view of JPD1204221 wherein the display, and apertures above and below the display, have all been shown in white.

JPD1204221 at the front surface shares the same basic design characteristics with the claim including **1**- A flat panel with an outer rectangular shape having substantially the same aspect ratio. **2**- Four evenly rounded corners of the substantially the same radius relative to the panel's dimensions, employed at the panel's outer corners. **3**-The front surface is continuously flat and an inner rectangle, shown within the outer borders, with sharp corners (the display) can be seen through the outer surface. **4**-Centered in the space above the display is an elongated slit-like opening .**5-** A feature is shown centered in the space below the display.



The differences between the planar front surface of JPD1204221 and the claim of D618,677 is that the inner rectangle (the display) in the primary reference is narrower and the feature at the bottom is circular rather than elongated. Either of the secondary references, JP1235888 or US Patent D577,703 teaches a wider display within an outer frame, expanded to near the sides. D546,313 or US PAPub 2004/0223004 teaches a circular function button below the display.

It would have been obvious to a designer of ordinary skill in the art at the time the invention was made to expand the width of the inner rectangle (the display) of JPD1204221 in the manner taught by JP1235888 or D577,703 and to substitute the bottom feature with the circular function button of D546,313 or 2004/0223004.



This proposed combination of the prior art teachings would result in an appearance over which the claimed design shows no patentable difference.

This modification of the primary reference in light of the secondary reference is proper because the applied references are so related that the appearance of features shown in one would suggest the application of those features to the other. See *In re Rosen*, 673 F.2d 388, 213 USPQ 347 (CCPA 1982); *In re Carter*, 673 F.2d 1378, 213 USPQ 625 (CCPA 1982), and *In re Glavas*, 230 F.2d 447, 109 USPQ 50 (CCPA 1956). Further, it is noted that case law has held that a designer skilled in the art is charged with knowledge of the related art; therefore, the combination of old elements, herein, would have been well within the level of ordinary skill. See *In re Antle*, 444 F.2d 1168,170 USPQ 285 (CCPA 1971) and *In re Nalbandian*, 661 F.2d 1214, 211 USPQ 782 (CCPA 1981).

Application/Control Number: 90/012,884                                                           Page 9
Art Unit: 2916

**Rejection for obviousness under 35 USC 103(a)/102(e)**

The claim in D618,677 is further rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over the claim in design patent D602,014 to Andre et al. in view of D543,183 to Cho et al. D562285 to Lim.

Based upon the different inventive entity and the earlier effective U.S. filing date of the primary reference D602,014, it constitutes prior art under pre-AIA35 U.S.C. 102(e).

Although the invention is not identically disclosed or described as set forth in pre-AIA 35 U.S.C. 102, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a designer having ordinary skill in the art to which said subject matter pertains, the invention is not patentable.

The planar front surface of **D602,014** shares the same basic design characteristics with the claim including **1**- A flat panel with an outer rectangular shape having substantially the same aspect ratio. **2**- Four evenly rounded corners of substantially the same radius relative to the panel's dimensions, employed at the panel's outer corners. **3**-The front surface is continuously flat and an inner rectangle, shown within the outer borders, with sharp corners (the display) the same relative proportions can be seen through the outer surface. **4-** A circular shape of a specific size centered in the space below the display.



D602014

D618677
re-exam 90012884

Application/Control Number: 90/012,884                                                Page 10
Art Unit: 2916

     The only difference between the planar front surface of D602,014 and the claim of D618,677 is that D602,014 does not have a speaker opening at the top, centered above the screen. The secondary references, D543,183 to Cho et al. D562,285 to Lim, both teach a capsule shaped speaker opening catered above the display.

     It would have been obvious to a designer of ordinary skill in the art at the time the invention was made to add a speaker opening above the display of D602,014 in the manner taught by D543,183 to Cho et al. or D562,285 to Lim.

     This proposed combination of the prior art teachings would result in an appearance over which the claimed design shows no patentable difference.

     This modification of the primary reference in light of the secondary reference is proper because the applied references are so related that the appearance of features shown in one would suggest the application of those features to the other.  See *In re Rosen*, 673 F.2d 388, 213 USPQ 347 (CCPA 1982); *In re Carter*, 673 F.2d 1378, 213 USPQ 625 (CCPA 1982), and *In re Glavas*, 230 F.2d 447, 109 USPQ 50 (CCPA 1956). Further, it is noted that case law has held that a designer skilled in the art is charged with knowledge of the related art; therefore, the combination of old elements, herein, would have been well within the level of ordinary skill.  See *In re Antle*, 444 F.2d 1168,170 USPQ 285 (CCPA 1971) and *In re Nalbandian*, 661 F.2d 1214, 211 USPQ 782 (CCPA 1981).

     Since the design claimed in the present patent is not the same invention claimed in the D602,014 patent, this rejection may be overcome by a showing under 37 CFR 1.132 that the design in the reference was derived from the designer of this patent and is thus not the invention " by another," or by a showing of a date of invention for the instant patent prior to the effective U.S. filing date of the reference under 37 CFR 1.131(a). For applications filed on or after November 29, 1999, this rejection might also be overcome by showing that the subject matter of the reference and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person. See MPEP § 706.02(l)(1) and § 706.02(l)(2).


**Rejection under 35 U.S.C. 102(e)**

     The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

     A person shall be entitled to a patent unless –

     (e) the invention was described in (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the

Application/Control Number: 90/012,884                                             Page 11
Art Unit: 2916

invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language.

The claim is also rejected under 35 U.S.C. 102(e) as clearly anticipated by US Patent **D618,204**, because the invention was described in a patented or published application for patent by another filed in the United States before the invention thereof by the applicant for patent.

Based upon the different inventive entity and the earlier effective U.S. filing date of the reference, it constitutes prior art under 35 U.S.C. 102(e).

The appearance of the planar front surface of **D618,204** is substantially the same as that of the patented design. The ordinary observer test is the sole test for anticipation. *International Seaway Trading Corp. v. Walgreens Corp.,* 589 F.3d 1233, 1237-38, 1240, 93 USPQ2d 1001 (Fed. Cir. 2009).

Two designs are substantially the same if their resemblance is deceptive to the extent that it would induce an ordinary observer, giving such attention as a purchaser usually gives, to purchase an article having one design supposing it to be the other. *Door-Master Corp. v. Yorktowne Inc.*, 256 F3d.1308 (Fed. Cir. 2001) citing *Gorham Co. v. White*, 81 U.S. 511, 528 (1871).

The mandated overall comparison is a comparison taking into account significant differences between the two designs, not minor or trivial differences that necessarily exist between any two designs that are not exact copies of one another. Just as "minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement," so too minor differences cannot prevent a finding of anticipation. *Int'l Seaway* supra (citing *Litton Sys., Inc. v. Whirlpool Corp.,* 728 F.2d at 1444 (Fed. Cir. 1984)).

Since the design claimed in the present application is not the same invention claimed in patent **D618,204**, the examiner suggests overcoming this rejection in one of the following ways: (A) a showing under 37 CFR 1.132 that the design in the reference was derived from the designer of this patent and is thus not the invention "by another;" (B) a showing of a date of invention for the instant application prior to the effective U.S. filing date of the reference under 37 CFR 1.131; (C) Perfecting a claim to priority under 35 U.S.C. 119 that antedates the reference by filing a certified priority document in the application that satisfies the enablement and description requirements of 35 U.S.C. 112, first paragraph; or (D) Perfecting priority under 35 U.S.C. 120 by amending the specification of the application to contain a specific reference to a prior application or by filing an application data sheet under 37 CFR 1.76 which contains a specific reference to a prior application in accordance with 37 CFR 1.78(a) and establishing that the prior

Application/Control Number: 90/012,884  Page 12
Art Unit: 2916

application satisfies the enablement and description requirements of 35 U.S.C. 112, first paragraph.

This rejection may not be overcome by the filing of a terminal disclaimer. See In re Bartfeld, 925 F.2d 1450, 17 USPQ2d 1885 (Fed. Cir. 1991).

### Comment regarding Applied References in the Request

The circular feature below the display, disclaimed but creating a circular shape in the claimed surface, was not accounted for in the proposed rejections in the request for re-examination. Moreover, the two references provided by the requestor that have not been utilized by the examiner are held to be too different in overall appearance compared to the claim in D618,677 to be applied as basic references.

### Litigation Reminder

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a), to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. Des. D618,677 throughout the course of this reexamination proceeding.  See MPEP §§ 2207, 2282 and 2286.

### Conclusion

Accordingly, the claim stands twice rejected under 35 U.S.C. 103(a), rejected under 35 USC103 (a)/102(e), and rejected under 35 USC 102(e) as set forth above.

### Contact Information

Any inquiry concerning this communication or earlier communications from the examiner should be directed to J. Asch whose telephone number is **(571) 272-2632,** and whose work schedule is Monday-Thursday 7:30am-6:00pm with variable additional hours on Fridays.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Ian Simmons, can be reached at **(571) 272-2658**. As of 7/15/05 the Right FAX number for this group is 571-273-8300 for both Official faxes and After Finals.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR.

Application/Control Number: 90/012,884 Page 13
Art Unit: 2916

Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).


/JEFFREY D. ASCH/
Primary Examiner, Art Unit 2916



Conferees:

Joel Sincavage /JS/

Adir Aronovich /AA/