QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED PARTIAL FINAL JUDGMENT (DKT. 3264)** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Date:<br>Time:<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION.................................................................................................. 1

II.    BACKGROUND.................................................................................................. 2

       A.     Previous District Court Proceedings ........................................................ 2

       B.     Federal Circuit Proceedings ..................................................................... 4

       C.     United States Patent And Trademark Office Proceedings ........................ 4

       D.     Apple's Proposed Partial Final Judgment ................................................ 5

III.   ENTRY OF A PARTIAL FINAL JUDGMENT WOULD VIOLATE RULE 54(B) .......... 5

       A.     None Of Apple's Patent Claims Has Been Finally Resolved .................... 6

              1.     Apple's Complaint States Its Claims On A Patent-by-Patent Basis ............ 6

              2.     Apple's Patent Claims Are Not Final Under Rule 54(b) Until
                     Damages Have Been Determined .................................................... 7

              3.     Damages Have Not Been Finally Resolved As To Any Of Apple's
                     Patent Claims.................................................................................. 8

       B.     The "No Just Reason For Delay" Requirement Is Not Satisfied............................ 10

IV.    THE MANDATE RULE DOES NOT ALLOW THE ENTRY OF AN IMPROPER
       PARTIAL FINAL JUDGMENT.................................................................................... 12

       A.     The Court Of Appeals Did Not Instruct The Court To Enter Partial Final
              Judgment In Violation Of The Rules Of Civil Procedure ...................................... 12

       B.     Exceptions To The Mandate Rule Apply In Any Event ......................................... 15

V.     CONCLUSION ........................................................................................................ 16

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

*Amado v. Microsoft Corp.*,
  517 F.3d 1353 (Fed. Cir. 2008) ................................................................13, 16

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
  786 F.3d 983 (Fed. Cir. 2015) ......................................................1, 4, 9, 14

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
  Case No. 14-1335, Dkt. 212, (Fed. Cir. Aug. 25, 2015) .....................4, 5, 12

*Aspex Eyewear, Inc. v. Concepts in Optics, Inc.*,
  153 Fed. App'x 730 (Fed. Cir. 2005) ................................................................7

*Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*,
  146 F.3d 1071 (9th Cir. 1998) ................................................................13

*B&B Hardware, Inc. v. Hargis Industries, Inc.*,
  135 S. Ct. 1293 (2015) ................................................................10

*Bank of Nova Scotia v. United States*,
  487 U.S. 250 (1988) ................................................................13

*Barrow v. Falck*,
  11 F.3d 729 (7th Cir. 1993) ................................................................16

*Baughman v. Walt Disney World Co.*,
  685 F.3d 1131 (9th Cir. 2012) ................................................................8, 9

*Bausch & Lomb Inc. v. Alcon Labs., Inc.*,
  914 F. Supp. 951 (W.D.N.Y. 1996) ................................................................11

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*,
  576 F.3d 1348 (Fed. Cir. 2009) ................................................................12

*Clark v. United States*,
  656 F.3d 1317 (Fed. Cir. 2011) ................................................................14

*Coho Licensing LLC v. Glam Media*,
  2014 WL 4681699 (N.D. Cal. Sept. 17, 2014) ................................................................11

*Conway v. Chem. Leaman Tank Lines, Inc.*,
  644 F.2d 1059 (5th Cir. 1981) ................................................................14

*Cox Enters., Inc. v. News-Journal Corp.*,
  --- F.3d ----, 2015 WL 4461615 (11th Cir. 2015) ................................................................15

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
  446 U.S. 1 (1980) ................................................................3, 5, 6, 10

*Davis v. Wakelee,*
   156 U.S. 680 (1895) ........................................................................................................8

*Delphix Corp. v. Actifio, Inc.,*
   2014 WL 6068407 (N.D. Cal. Nov. 13, 2014) ............................................................11

*Engel Indus., Inc. v. Lockformer Co.,*
   166 F.3d 1379 (Fed. Cir. 1999) ............................................................................13, 14

*ePlus, Inc. v. Lawson Software, Inc.,*
   760 F.3d 1350 (Fed. Cir. 2014) ....................................................................................10

*ePlus, Inc. v. Lawson Software, Inc.,*
   790 F.3d 1307 (Fed. Cir. 2015) ....................................................................................10

*Everything For Love.com, Inc. v. Tender Loving Things, Inc.,*
   2006 WL 2091706 (D. Ariz. Jul. 21, 2006) .................................................................11

*Evolutionary Intelligence, LLC v. Apple, Inc.,*
   2014 WL 93954 (N.D. Cal. Jan. 9, 2014) ....................................................................11

*Exxon Chem. Patents, Inc. v. Lubrizol Corp.,*
   137 F.3d 1475 (Fed. Cir. 1998) ............................................................................13, 14

*Falk v. Allen,*
   1990 WL 134267 (9th Cir. 1990) ..........................................................................13, 15

*Fresenius, USA, Inc. v. Baxter Int'l, Inc.,*
   721 F.3d 1330 (Fed. Cir. 2013) ....................................................................................10

*Houston Indus. Inc. v. United States,*
   78 F.3d 564 (Fed. Cir. 1996) ..................................................................................5, 10

*Int'l Controls Corp. v. Vesco,*
   535 F.2d 742 (2nd Cir. 1976) .........................................................................................7

*Juxtacomm-Texas Software, LLC v. Lanier Parking Sys. of Va., Inc.,*
   2011 WL 3322554 (E.D. Va. Aug. 2, 2011) ................................................................11

*Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund,*
   791 F.2d 548 (7th Cir. 1986) .........................................................................................7

*Laitram Corp. v. NEC Corp.,*
   115 F.3d 947 (Fed. Cir. 1997) ......................................................................................15

*Liberty Mutual Ins. Co. v. Wetzel,*
   424 U.S. 737 (1976) ........................................................................................................7

*Mendenhall v. Barber-Greene Co.,*
   26 F.3d 1573 (Fed. Cir. 1994) ......................................................................................10

*Monument Mgmt. Ltd. P'ship I v. City of Pearl,*
   952 F.2d 883 (5th Cir. 1992) .........................................................................................7

*Moulds v. Bullard*,
   452 F. App'x 851 (11th Cir. 2011) ................................................................................ 16

*New Hampshire v. Maine*,
   532 U.S. 742 (2001) ......................................................................................................... 8

*Pearson v. Exide Corp.*,
   2002 WL 93052 (E.D. Pa. Jan. 22, 2002) ....................................................................... 8

*Robert Bosch, LLC v. Pylon Mfg. Corp.*,
   719 F.3d 1305 (Fed. Cir. 2013) ...................................................................................... 7

*S. Bank & Trust Co. v. Prosperity Beach, LLC*,
   2014 WL 4976598 (E.D. Va. Oct. 3, 2014) .................................................................. 12

*Scott v. Churchill*,
   377 F.3d 565 (6th Cir. 2004) ........................................................................................ 16

*Sears, Roebuck & Co. v. Mackey*,
   351 U.S. 427 (1956) ................................................................................................ 5, 6, 7

*Tronzo v. Biomet, Inc.*,
   236 F.3d 1342 (Fed. Cir. 2001) ............................................................................. 13, 16

*United States v. Bell Petroleum Servs., Inc.*,
   64 F.3d 202 (5th Cir. 1995) .......................................................................................... 13

*United States v. Bass*,
   104 F. App'x 997 (5th Cir. 2004) ................................................................................. 16

*United States v. Burnett*,
   262 F.2d 55 (9th Cir. 1958) ............................................................................................ 7

*United States v. Cuddy*,
   147 F.3d 1111 (9th Cir. 1998) ...................................................................................... 16

*W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*,
   975 F.2d 858 (Fed. Cir. 1992) ............................................................................... 5, 6, 10

*Westside Mothers v. Olszewski*,
   454 F.3d 532 (6th Cir. 2006) ........................................................................................ 13

*Yankee Atomic Elec. Co. v. United States*,
   679 F.3d 1354 (Fed. Cir. 2012) .................................................................................... 13

## Statutes

28 U.S.C. § 1292(c)(2) .......................................................................................................... 7

35 U.S.C. § 141(b) .......................................................................................................... 5, 10

Fed. R. Civ. P. 54(b) .................................................................................................. *passim*

1   Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung

2   Telecommunications America, LLC (collectively "Samsung") hereby respectfully provide the

3   following points and authorities in support of their objections to the entry of partial final judgment

4   (Dkt. 3265).   On August 25, 2015, Samsung showed (Dkt. 3265) that Apple's letter of that same

5   date (Dkt. 3264) was procedurally improper and that any action taken based on that letter would

6   violate due process.   Although Apple has not properly requested the relief it seeks, in an

7   abundance of caution Samsung promptly prepared these points and authorities to assist the Court

8   in addressing Apple's proposed partial final judgment.   As shown below, entry of partial final

9   judgment at this time would violate Federal Rule of Civil Procedure 54(b), contradict this Court's

10  previous ruling denying a partial final judgment, and work a manifest injustice by enforcing a

11  patent which the PTAB has ruled is invalid in a final decision.   Nor is any such judgment

12  required by the appellate court's mandate.

13  **I.     INTRODUCTION**

14      On May 18, 2015, the Federal Circuit vacated the prior judgment in this case, reversing

15  liability and damages on Apple's claims of trade-dress dilution and otherwise affirming.   *Apple*

16  *Inc. v. Samsung Elecs. Co., Ltd.*, 786 F.3d 983, 1005 (Fed. Cir. 2015).   The jury's damages

17  awards for five products were supported only by the judgment of trade-dress dilution liability, and

18  those awards have thus now been vacated.   Further proceedings are required to reassess damages

19  for those five products, as they were also found to infringe Apple's design and utility patents.

20  Because damages for Apple's patent claims as to those five products are undetermined, total

21  damages on each patent claim are undetermined.

22      This means that the Court *cannot* enter a partial final judgment at this time, for the law is

23  clear that a partial final judgment can be entered only when an entire *claim* is completely resolved,

24  including damages as to all accused products.   Indeed, this Court previously so ruled, at Apple's

25  urging, in materially identical circumstances.   After the first trial, this Court held that Apple's

26  incorrect "notice date" contentions led to damages awards premised on a legally impermissible

27  theory, requiring a retrial as to some products.   And although the Court encouraged the parties to

28  seek appellate review of that ruling before retrying damages, Apple argued that Rule 54(b) did not

SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED PARTIAL FINAL JUDGMENT

1  authorize the entry of partial judgment until damages from infringement by *all* accused products

2  were finally determined.   The Court agreed, ruling that federal law prohibits entry of partial

3  judgment when damages as to some accused products are undetermined and thus the patent-by-

4  patent claims remained unresolved.   This ruling applies again now, and precludes the entry of a

5  partial final judgment.

6         Moreover, it would work a manifest injustice to enter partial final judgment on the many

7  products for which '915 patent infringement damages were awarded.   As explained in further

8  detail in Samsung's pending Motion for Entry of Judgment of Invalidity (Dkt. 3267), the PTAB

9  has issued a final decision invalidating the '915 patent.   That final decision is entitled to

10 collateral estoppel effect in this case.   Even if collateral estoppel did not apply at this stage of the

11 proceedings, the PTAB's ruling would still provide a "just reason for delay" foreclosing

12 immediate entry of partial judgment under Rule 54(b).

13         The appellate mandate does not require a different result because the Federal Circuit did

14 not consider any arguments pertaining to Rule 54(b) or instruct the Court to enter a partial final

15 judgment that violates the Federal Rules of Civil Procedure.   Nor could such a violation of the

16 Rules be encompassed by an appellate court's mandate.

17         Accordingly, Samsung objects to the entry of a partial final judgment at this time.

18 **II.    BACKGROUND**

19         **A.    Previous District Court Proceedings**

20         At the first trial in 2012, a jury found that multiple Samsung products infringed Apple's

21 D'677, D'087 and D'305 design patents and Apple's '381, '915 and '163 utility patents, and

22 diluted Apple's registered '983 trade dress and unregistered iPhone trade dress.   Because the

23 claims were on a patent-by-patent basis, the verdict form was arranged on a patent-by-patent basis

24 for all liability questions.   For example, Question 1 was directed to infringement of the '381

25 patent, Question 2 was directed to infringement of the '915 patent, Question 3 was directed to

26 infringement of the '163 patent, and so on.   Dkt. No. 1931.   With respect to damages, Question

27 22 sought the total amount of damages due to Apple, and Question 23 sought the total amount of

28 damages due to Apple on a product-by-product basis.   *Id.* at 15-16.   The verdict form did not

1  permit the jury to make separate damages findings on a patent-by-patent basis, but only on a

2  product-by-product basis.

3      Following the first jury trial, the Court held that Apple had relied on incorrect notice dates

4  for all of its design patents and all but one of its utility patent claims.   Dkt. 2271 at 18.   As a

5  result, the Court concluded that Apple had "identified an impermissible legal theory on which the

6  jury based its award" (*id*. at 26), and ordered a new trial on damages for thirteen products.[1]   The

7  Court also found that notice was not required for dilution of unregistered trade dress and upheld

8  the jury's damages verdicts for five products found to dilute Apple's unregistered trade dress on

9  that basis— the Fascinate, Galaxy S 4G, Galaxy S Showcase, Mesmerize, and Vibrant.   The

10  Court stated: "Thus, for any product for which the jury found dilution of unregistered trade dress,

11  there can be no excess on the basis of notice dates, because an award of Samsung's profits, the

12  highest amount sought by Apple, would be permissible for the entire period requested by Apple,

13  from August 4, 2010 through the beginning of trial, based on trade dress dilution alone."   *Id*. at

14  21-22.

15      The Court "encouraged [the parties] to seek appellate review of this Order before any new

16  trial."   *Id*. at 26.   Consistent with the Court's request, Samsung moved for entry of partial final

17  judgment under Federal Rule of Civil Procedure 54(b).   Dkt. 2281.   Apple opposed, arguing that

18  Rule 54(b) did not permit such a partial judgment because its claims for relief had not been finally

19  resolved inasmuch as damages for the products subject to retrial—and thus the total damages for

20  each patent claim—were undetermined.   Dkt. 2288 at 3.   The Court agreed that Rule 54(b) does

21  not permit entry of partial final judgment on a claim for patent infringement when damages for

22  some accused products are undetermined (Dkt. 2320 at 27 (citing *Curtiss-Wright Corp. v. Gen.*

23  *Elec. Co.*, 446 U.S. 1, 7 (1980))), and denied Samsung's motion on that basis (Dkt. 2316 at 1).

24  The Court then held a damages retrial and resolved post-trial motions before entering final

25  judgment on March 6, 2014.   Dkt. 3017.

---

26      [1]   Specifically, the Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Galaxy

27  Prevail, Galaxy Tab, Gem, Indulge, Infuse 4G, Nexus S 4G, Replenish, and Transform.   Dkt.
2271 at 26.   The Court also ordered a new trial on damages for the Galaxy S II (AT&T), but the

28  original verdict for this product was later reinstated.   Dkt. 2316 at 2.

## B.   Federal Circuit Proceedings

On appeal from the Court's final judgment, the Federal Circuit held that Apple's registered and unregistered trade dresses were functional, and reversed the judgment for Apple of trade-dress dilution.   *Apple*, 786 F.3d at 994-96.   The court remanded "for immediate entry of final judgment on all damages awards not predicated on Apple's trade dress claims and for any further proceedings necessitated by our decision to vacate the jury's verdicts on the unregistered and registered trade dress claims."   *Id*. at 1005.

With respect to damages, the Federal Circuit's opinion applies to the five products as to which this Court previously sustained the jury's damages awards on the basis of Apple's claims of unregistered trade-dress dilution.   The Federal Circuit's invalidation of Apple's trade dress establishes another "impermissible legal theory on which the jury based its award" (Dkt. 2271 at 26), and the five products are now in a similar position to the thirteen products for which the Court ordered a new trial in 2013.   In addition to the judgment of trade-dress dilution, these five products were also found to infringe Apple's design and utility patents as illustrated below:

| Product | D'677 | D'305 | D'087 | '381 | '915 | '163 |
|---|---|---|---|---|---|---|
| Fascinate | X | X | | X | X | X |
| Galaxy S 4G | X | X | X | X | X | X |
| Galaxy S Showcase | X | X | | | | |
| Mesmerize | X | X | | X | X | X |
| Vibrant | X | X | X | X | X | |

The Federal Circuit issued its mandate on August 25, 2015.   *Apple Inc. v. Samsung Elecs. Co., Ltd*., Case No. 14-1335, Dkt. 212, (Fed. Cir. Aug. 25, 2015).

## C.   United States Patent And Trademark Office Proceedings

In the course of this case there have been parallel *ex parte* reexamination proceedings in the United States Patent and Trademark Office ("PTO") regarding the validity of the '915 patent. Samsung has previously updated the Court as the reexamination has progressed.   *See* Dkt. 2349, Dkt. 2421, Dkt. 2507, Dkt. 2614, Dkt. 2809, Dkt. 2899, Dkt. 2928, Dkt. 3145.   On December 9,

2014, the PTAB affirmed the examiner's rejection of all claims of the '915 patent, including the only claim at issue here (claim 8).   Dkt. 3267-19.   On February 9, 2015, Apple filed a request for a rehearing with the PTAB.   Dkt. 3267-20.   That rehearing request is currently pending.

Recent PTAB statistics show that there are currently five requests for rehearing for *ex parte* reexaminations pending before the PTAB.   Dkt. 3267-23.   Of those five, four have been pending for less than six months and one has been pending between seven and thirteen months. *Id*.   The number of rehearing requests has been rapidly declining over the past 9 months, which indicates that the PTAB is addressing rehearing requests expeditiously.   *Id*.   Based on these statistics, a final decision from the PTAB will likely issue soon.   If the PTAB denies Apple's rehearing request, Apple's only recourse is to appeal the decision to the Federal Circuit.   35 U.S.C. § 141(b).

### D.    Apple's Proposed Partial Final Judgment

On August 25, 2015, Apple filed a letter to the Court attaching a proposed partial final judgment.   Dkt. 3264.   Apple's letter identifies no basis for its submission, nor does it offer the Court any rule or legal authority to support entry of partial final judgment in these circumstances. Apple's proposed order requests that this Court find "no just reason for delay," but such a finding, while required, is not sufficient for a partial final judgment under Rule 54(b).

## III.    ENTRY OF A PARTIAL FINAL JUDGMENT WOULD VIOLATE RULE 54(b)

Rule 54(b) provides that, "[w]hen an action presents more than one claim for relief— whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Such a partial final judgment is the exception rather than the rule, and a district court must make two determinations before it may enter such a partial judgment.   *Houston Indus. Inc. v. United States*, 78 F.3d 564, 567 (Fed. Cir. 1996); *see Curtiss-Wright*, 446 U.S. at 7-8.   *First*, a partial final judgment can enter only if there has been "an ultimate disposition of an individual claim entered in the course of a multiple claims action."   *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956).   This requirement is "a statutory mandate and not a matter of discretion."   *W.L.*

*Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992).   *Second*, the Court must also determine that there is "no just reason for delay" in entering judgment as to any such claim.   *Curtiss-Wright*, 446 U.S. at 8; *see also* Fed. R. Civ. P. 54(b). Neither requirement is satisfied here.

### A.     None Of Apple's Patent Claims Has Been Finally Resolved

This Court previously held that the Federal Rules of Civil Procedure do not permit the entry of partial final judgment on a claim for patent infringement when damages for one or more products found to infringe that patent are undetermined, and thus the patent-by-patent claims remain unresolved.   Dkt. 2316 at 1; Dkt. 2320 at 27 (citing *Curtiss-Wright*, 446 U.S. at 7).   That ruling, made at Apple's urging, precludes the entry of a partial final judgment now.

### 1.     Apple's Complaint States Its Claims On A Patent-by-Patent Basis

The Supreme Court and the Federal Circuit have defined a "claim," as that term is used in Rule 54(b), as the actual claim described in a party's complaint.   Courts "must examine *the claims stated in the complaint* so as to consider adequately the issue of appealability," *Sears*, 351 U.S. at 429 (emphasis added), and "[a] judgment is not final for Rule 54(b) purposes unless it is 'an *ultimate* disposition of an *individual* claim entered in the course of a multiple claims action.'" *W.L. Gore*, 975 F.2d at 861-62 (quoting *Sears*, 351 U.S. at 436) (emphasis in original).   Because the finality requirement is mandatory and jurisdictional, partial final judgment cannot be entered until a claim "stated in the complaint" is completely resolved.   *See Sears*, 351 U.S. at 437 ("The District Court cannot, in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of § 1291.").

Earlier in this case, this Court ruled (at Apple's urging) that the claims "stated in the complaint," for purposes of Rule 54(b), are each of Apple's claims alleging design and utility patent infringement.   *See* Dkt. 2320 at 27:17-24 (ruling that Court could not enter partial final judgment on "Apple's claims for relief … involving infringement of the '381 patent, the '915 patent, the '163 patent, the design patent numbers '305 and '677").   This identification of claims is clear from Apple's complaint, which pleads separate claims alleging infringement of the '381 patent ("Ninth Claim for Relief"); the '915 patent ("Twelfth Claim for Relief"); the '163 patent

("Fourteenth Claim for Relief"); the D'305 patent ("Eighteenth Claim for Relief"); the D'677 patent ("Nineteenth Claim for Relief"); and the D'087 patent ("Twenty-First Claim for Relief"). Dkt. 75 at 51, 53-55, 57-59.   Thus, Apple has asserted six separate claims for infringement of those patents, and a partial final judgment can enter under Rule 54(b) only if one or more of those patent-by-patent claims has been finally resolved.   But here, none of Apple's claims for patent infringement have been finally resolved.

## 2.   Apple's Patent Claims Are Not Final Under Rule 54(b) Until Damages Have Been Determined

Because a partial final judgment is proper only following the "ultimate disposition" of a claim, *Sears*, 351 U.S. at 436, the law is clear that no such judgment can enter unless the Court has finally resolved both liability *and* damages for that claim.   *See, e.g.*, *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1331 n.2 (Fed. Cir. 2013) (en banc) (O'Malley, J., dissenting) (noting that "there is no dispute that a Rule 54(b) certification is not appropriate" where liability but not damages have been determined, in the context of evaluating an exception to the finality rule under 28 U.S.C. § 1292(c)(2)); *Aspex Eyewear, Inc. v. Concepts in Optics, Inc.*, 153 Fed. App'x 730, 731 (Fed. Cir. 2005) (non-precedential) ("To enter an appealable Rule 54(b) judgment, the district court must have decided all pertinent issues regarding the claim, and not just liability."); *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 553 (7th Cir. 1986) ("There is no material difference between an order that leaves all damages issues open (as in *Liberty Mutual* ) and an order that leaves one, important damages issue open (this case).   In either event the order is not a final disposition of a claim and does not meet the standards of Rule 54(b).") (citing *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737 (1976)); *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 748 (2nd Cir. 1976) ("[F]or a final judgment to be entered on any one claim, all damages stemming from that claim must be fixed."); *United States v. Burnett*, 262 F.2d 55, 59 (9th Cir. 1958) (judgment of liability and partial damages not final where the issue of damages as to future disability was reserved for later decision); *see also Monument Mgmt. Ltd. P'ship I v. City of Pearl*, 952 F.2d 883, 885 (5th Cir. 1992) (dismissing appeal of Rule 54(b) judgment that "disposed of most of the elements of damages arising from Monument's inverse condemnation

claim against the City, but … did not dispose of that claim in its entirety"); *Pearson v. Exide Corp.*, 2002 WL 93052, at *1 (E.D. Pa. Jan. 22, 2002) ("Any order where the damages are not fixed or which leaves additional damages issues open for further adjudication is not final pursuant to Rule 54(b).").

It was on this basis that, following the first jury trial, Apple opposed Samsung's request for partial final judgment (Dkt. 2281) as to 14 products as to which both liability and damages had been finalized.   Apple argued then that it would be improper under Rule 54(b) to "separate out portions of the case for final judgment by *product*, rather than by *claim for relief*" (Dkt. 2288 at 3 (emphasis in original)), and the Court agreed with Apple, ruling that "it [had] not finally resolved Apple's claims for relief as the new trial on damages will implicate products involving infringement of the '381 patent, the '915 patent, the '163 patent, the design patent numbers '305 and '677" (Dkt. 2320 at 27:17-24).

Accordingly, as the Court previously ruled, a partial final judgment can enter on Apple's claims of infringement only after *all* damages for such infringement, as to *all* products found to be infringing, have been finally determined.   And Apple is judicially estopped from asserting otherwise.   *See, e.g., New Hampshire v. Maine*, 532 U.S. 742, 754 (2001) ("[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.") (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)); *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012) ("We've applied the doctrine [of judicial estoppel] to prevent a party from making a legal assertion that contradicted its earlier legal assertion.").

### 3. Damages Have Not Been Finally Resolved As To Any Of Apple's Patent Claims

Because the five products subject to retrial implicate all of Apple's claims of patent infringement, damages are unresolved as to each of those claims and the Court may not enter a partial final judgment on any of those claims.

Specifically the damages awards for five products—the Fascinate, Galaxy S 4G, Galaxy S Showcase, Mesmerize, and Vibrant—were predicated solely on the now-vacated judgment of trade-dress dilution.   Following the first trial, the Court held that Apple's proof of damages depended on erroneous "notice" dates, requiring a damages retrial for some products.   Dkt. 2271 at 18.   But the Court upheld the jury's award of $381,683,562 in damages for the above-listed five products based on Apple's claim of unregistered trade-dress dilution, which the Court ruled required no notice.   *Id*. at 21-22.   The Federal Circuit reversed the judgment of liability for trade-dress dilution and remanded for "any further proceedings necessitated by our decision to vacate the jury's verdicts on the unregistered and registered trade dress claims."   *Apple*, 786 F.3d at 1005.   Further proceedings are thus required to reassess any damages for those five products.

These further proceedings will entail litigation as to *each* of Apple's claims for relief, including its claims for infringement of the D'677 patent, the D'305 patent, the D'087, the '381 patent, the '915 patent, and the '163 patent, because the five products were collectively found to infringe *all* of those patents.   In particular, the proceedings will need to address the proper measure of damages and available remedies for each design and utility patent, employing correct notice dates, as set forth in the following table:

| Claim | Notice Date | Available Remedy | Products |
|-------|-------------|------------------|----------|
| D'677 | April 15, 2011 | Infringer's Profits or Reasonable Royalty | Fascinate, Galaxy S 4G, Galaxy S Showcase, Mesmerize, and Vibrant |
| D'305 | June 16, 2011 | Infringer's Profits or Reasonable Royalty | Fascinate, Galaxy S 4G, Galaxy S Showcase, Mesmerize, and Vibrant |
| D'087 | June 16, 2011 | Infringer's Profits or Reasonable Royalty | Galaxy S 4G and Vibrant |
| '381 | August 4, 2010 | Reasonable Royalty | Fascinate, Galaxy S 4G, Mesmerize, and Vibrant |
| '915 | April 15, 2011 | Lost Profits or Reasonable Royalty | Fascinate, Galaxy S 4G, Mesmerize, and Vibrant |
| '163 | June 16, 2011 | Reasonable Royalty | Fascinate, Galaxy S 4G, and Mesmerize |

As this shows, damages remain undetermined as to each of Apple's claims of infringement.   The Federal Rules do not permit the entry of partial final judgment on such claims

at this time.   *See W.L. Gore*, 975 F.2d at 861-62; *Houston Indus.*, 78 F.3d at 567 ("The requirement of a final disposition of a claim is mandatory and is not a matter of discretion.").

**B.      The "No Just Reason For Delay" Requirement Is Not Satisfied**

Entry of partial final judgment pursuant to Rule 54(b) is independently barred because Apple cannot satisfy the requirement that there be "no just reason for delay," Fed. R. Civ. P. 54(b), considering "judicial administrative interests as well as the equities involved."   *Curtiss-Wright*, 446 U.S. at 7-8.    The PTAB's final decision invalidating the '915 patent clearly provides just reason for delay in this case.

As explained in Samsung's Motion for Entry of Judgment of Invalidity, the PTAB has issued a final decision invalidating claim 8 of the '915 patent, and that decision is entitled to preclusive effect in this Court now, particularly in view of the Supreme Court's recent decision in *B&B Hardware, Inc. v. Hargis Industries, Inc.*, 135 S. Ct. 1293 (2015).    *See* Dkt. 3267; Dkt. 3267-1.    But even if further proceedings on reexamination were needed for preclusion to attach (they are not), final resolution will occur within the near future.    Apple's request for a rehearing should be disposed of shortly, and Apple's only recourse upon denial of rehearing will be an appeal to the Federal Circuit.    *See* Dkt. 3267 at 10; *id.* at 5-11, 15 (preclusion based on collateral estoppel); 35 U.S.C § 141(b); *Fresenius*, *USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340-46 (Fed. Cir. 2013) (holding that PTO cancellation renders patent void *ab initio*, requiring a defense judgment in ongoing infringement proceedings); *ePlus, Inc. v. Lawson Software, Inc.*, 760 F.3d 1350, 1355-1360 (Fed. Cir. 2014) (similar).

In light of the preclusive effects of the PTAB's final decision, it would be unjust to enter a partial final judgment on products found to infringe that patent, for several reasons:

*First*, the Federal Circuit has recognized that it is "manifestly *unjust*" to allow a plaintiff to recover on a patent that has been invalidated in separate proceedings, *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1583 (Fed. Cir. 1994) (italics in original), *as corrected on reh'g* (Sept. 14, 1994), because such enforcement unfairly penalizes the defendant in one proceeding "when the rest of the industry is not impeded by the patents."    *Id.*; *see also ePlus, Inc. v. Lawson Software, Inc.*, 790 F.3d 1307, 1309 (Fed. Cir. 2015) (Dyk., J., concurring in denial of rehearing

en banc) (similar).    The harm to Samsung from the entry of final partial judgment could be irreparable.    *See Everything For Love.com, Inc. v. Tender Loving Things, Inc.*, 2006 WL 2091706, at *4 (D. Ariz. Jul. 21, 2006) ("If Plaintiff acquires a judgment against Defendant for infringement, and the '980 patent is subsequently held invalid by the PTO, there exists the possibility of irreparable harm to Defendant…."); *Bausch & Lomb Inc. v. Alcon Labs., Inc.*, 914 F. Supp. 951, 952 (W.D.N.Y. 1996) ("[O]ne possible scenario could result in irreparable harm to Alcon: if this Court finds that the '607 [patent] is not invalid and that Alcon has infringed it, and orders Alcon to pay damages to B & L for such infringement, then Alcon would have no ability to recover those damages if at a later date the PTO determined that the '607 patent is invalid.").

*Second*, appropriate respect for the PTO—the agency tasked by Congress with creating and dissolving patent rights—requires a stay of this case in deference to the agency proceedings.    The PTAB's finding of invalidity, while based on different arguments than those presented to the jury in this case, *see* Dkt. No. 3267 at 2-3, is inconsistent with Apple's proposed partial final judgment. The "cloud of invalidity" that covers the '915 patent, *Juxtacomm-Texas Software, LLC v. Lanier Parking Sys. of Va., Inc.*, 2011 WL 3322554, at *2 (E.D. Va. Aug. 2, 2011), and the need to avoid "inconsistent results" between this Court and the PTO, support a stay of these proceedings.    *See* Dkt. 3267 at 14-15 (citing *Delphix Corp. v. Actifio, Inc.*, 2014 WL 6068407, at *2 (N.D. Cal. Nov. 13, 2014); *Coho Licensing LLC v. Glam Media*, 2014 WL 4681699, at *2 (N.D. Cal. Sept. 17, 2014); *Evolutionary Intelligence, LLC v. Apple, Inc.*, 2014 WL 93954, at *2-3 (N.D. Cal. Jan. 9, 2014)).    At a minimum, the PTAB's final decision of invalidity provides "just reason for delay" in entering partial final judgment.    Fed. R. Civ. P. 54(b).

*Third*, to enter partial final judgment on products found to infringe the '915 patent now would create a risk of inconsistent judgments issued *by this Court*.    Subject to stays of execution and further appellate proceedings, entry of partial final judgment for Apple on its claim for '915 patent infringement would require Samsung to pay damages on thirteen products for which '915

patent infringement damages were awarded.[2]   But proceedings as to *other* products would be ongoing—as explained above, new damages proceedings are required as to the five products found to dilute trade dress—and further proceedings confirming the preclusive effect of the PTAB's invalidation decision would then require a judgment *for Samsung* as to the remaining portions of Apple's claim for '915 patent infringement.   Thus, entry of partial judgment could yield inconsistent judgments finding both liability *and* no liability as to the same '915 patent, for different but similarly-situated accused products.

This risk of inconsistency provides ample "reason for delay" in issuing a partial final judgment.   *S. Bank & Trust Co. v. Prosperity Beach, LLC*, 2014 WL 4976598, at *1 (E.D. Va. Oct. 3, 2014) (refusing Rule 54(b) judgment to prevent "logically inconsistent judgment in the same action") (internal quote marks omitted).   It also demonstrates the importance of strict adherence to the requirement that an *entire* claim, and not just part of it, be *finally* resolved before a partial judgment can be entered.

## IV.   THE MANDATE RULE DOES NOT ALLOW THE ENTRY OF AN IMPROPER PARTIAL FINAL JUDGMENT

Apple is not correct that this Court is required by the appellate court's mandate to enter a partial final judgment in disregard of Rule 54(b)'s settled requirements.   The appellate court did not instruct the Court to violate the Federal Rules of Civil Procedure, and there is no reason to think that it intended or considered such a result.

### A.   The Court Of Appeals Did Not Instruct The Court To Enter Partial Final Judgment In Violation Of The Rules Of Civil Procedure

The "mandate rule" generally requires a district court to "follow an appellate decree as the law of the case" in subsequent proceedings, *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576

---

[2]     *See* Dkt 2271 at 9-10 (identifying bases for award by product) and 19-20 (identifying products eligible for damages for infringement of the '915 patent).   The amounts for the thirteen products as listed in Apple's proposed form of judgment are: $21,121,812 for the Captivate; $6,478,873 for the Continuum; $60,706,020 for the Droid Charge; $37,928,694 for the Epic 4G; $2,044,683 for the Exhibit 4G; $22,143,335 for the Galaxy Prevail; $9,544,026 for the Galaxy Tab; $833,076 for the Galaxy Tab 10.1 (WiFi); $4,831,453 for the Gem; $9,917,840 for the Indulge; $99,943,987 for the Infuse 4G; $10,559,907 for the Nexus S 4G; and $2,190,099 for the Transform.   Dkt. 3264-1 at 1.

1  F.3d 1348, 1356 (Fed. Cir. 2009), and "forecloses reconsideration of issues implicitly or explicitly

2  decided on appeal," *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1364 (Fed. Cir. 2008).   The scope

3  of an appellate court's mandate is "measured by the scope of the judgment appealed from."

4  *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1382 (Fed. Cir. 1999).   This is a "prudential

5  doctrine[] that direct[s] a court's discretion," and not a jurisdictional limitation.   *Tronzo v.*

6  *Biomet, Inc.*, 236 F.3d 1342, 1349 (Fed. Cir. 2001).

7       Because the scope of a mandate is often "uncertain," district courts must consider both "the

8  letter and the spirit of the mandate" in interpreting it, *Engel Indus.*, 166 F.3d at 1383, taking into

9  account the circumstances under which the mandate issued, *see, e.g.*, *Yankee Atomic Elec. Co. v.*

10 *United States*, 679 F.3d 1354, 1360-61 (Fed. Cir. 2012).   "Interpretation of an appellate mandate

11 entails more than examining the language of the court's judgment in a vacuum."   *Exxon Chem.*

12 *Patents, Inc. v. Lubrizol Corp.*, 137 F.3d 1475, 1483 (Fed. Cir. 1998).   An appellate mandate

13 must be interpreted "reasonably and not in a manner to do injustice," *United States v. Bell*

14 *Petroleum Servs., Inc.*, 64 F.3d 202, 204 (5th Cir. 1995), and an "overly formalistic interpretation"

15 of a mandate is improper, *Falk v. Allen*, 1990 WL 134267, at *1 (9th Cir. 1990) (unpubl.).

16 "Where there is substantial doubt as to whether a prior panel actually decided an issue, the district

17 court should not be foreclosed from considering the issue on remand."   *Westside Mothers v.*

18 *Olszewski*, 454 F.3d 532, 539 (6th Cir. 2006).

19      Apple suggests (Dkt. 3264) that the Court of Appeals' mandate requires entry of partial

20 final judgment without regard for the requirements of the Federal Rules of Civil Procedure, which

21 prohibit the relief that Apple seeks.   Not so.   The Court of Appeals did not instruct the Court to

22 violate the Rules of Civil Procedure, nor could it have done so.   *See Atchison, Topeka & Santa*

23 *Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) ("The Federal Rules are 'as

24 binding as any statute duly enacted by Congress, and federal courts have no more discretion to

25 disregard [a Rule's] mandate than they do to disregard constitutional or statutory provisions.'")

26 (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988)).

27      Instead, as is clear from the second half of the court's instruction—omitted from Apple's

28 quotation (Dkt. 3264 at 1)—the appellate court actually remanded "for immediate entry of final

1   judgment on all damages awards not predicated on Apple's trade dress claims **and** for any further

2   proceedings necessitated by [the court's] decision to vacate the jury's verdicts on the unregistered

3   and registered trade dress claims."   *Apple*, 786 F.3d at 1005 (emphasis added).   And as

4   explained above, the "further proceedings necessitated by [the] decision to vacate the jury's

5   verdicts" which the appellate court instructed this Court to undertake *preclude* the entry of a

6   partial final judgment now:   Each of Apple's claims for patent infringement remains less than

7   final given the need to reassess damages.

8          The Federal Circuit did not decide that Rule 54(b) requires the entry of partial judgment

9   notwithstanding this lack of finality because issues relating to Rule 54(b) were never raised in the

10  Court of Appeals.   And because these issues were not "actually decided" by the Federal Circuit,

11  they are not within the scope of its mandate.   *See, e.g.*, *Clark v. United States*, 656 F.3d 1317,

12  1320-21 (Fed. Cir. 2011); *Conway v. Chem. Leaman Tank Lines, Inc.*, 644 F.2d 1059, 1062 (5th

13  Cir. 1981) ("[T]he law of the case established by a prior appeal does not extend to preclude

14  consideration of issues not presented or decided on the prior appeal.").   Nor is the question

15  whether the PTO's invalidation of the '915 patent constitutes just reason for delay under Rule

16  54(b) encompassed by the Federal Circuit's mandate, for the scope of that mandate is "measured

17  by the scope of the judgment appealed from," *Engel Indus.*, 166 F.3d at 1382, and this Court did

18  not consider that issue prior to entering final judgment.

19         In light of the clear and settled requirements for entry of partial final judgment (which are

20  not satisfied here), the Court should interpret the Federal Circuit's mandate in a manner consistent

21  with the posture of its opinion and against the backdrop of the Federal Rules—as the Federal

22  Circuit has ruled is proper in other cases.   For example, in *Exxon Chemical*, a jury verdict finding

23  literal infringement was reversed on appeal to the Federal Circuit, "without remand for a second

24  trial."   137 F.3d at 1478.   On remand, the district court interpreted the mandate to divest it of

25  authority to conduct a new trial on infringement under the doctrine of equivalents even though that

26  issue had not been addressed on appeal.   *Id.* at 1477.   But the Federal Circuit then reversed,

27  holding that its prior decision encompassed only *literal* infringement, and that its omission of a

28

1   remand directive did not preclude a new trial on infringement under the doctrine of equivalents, an

2   issue which the appellate court had not considered.   *Id.* at 1478, 1484.

3          The Federal Circuit rejected a similarly mechanical interpretation of its mandate in *Laitram*

4   *Corp. v. NEC Corp.*, 115 F.3d 947 (Fed. Cir. 1997).   There, after a jury verdict finding patent

5   infringement, the district court granted the defendant judgment as a matter of law (JMOL) on non-

6   infringement and denied the defendant's alternative motions for JMOL "as moot."   *Id.* at 949.

7   The Federal Circuit reversed and remanded with explicit instructions to "reinstate the jury's

8   verdict," *id.*, and the district court responded by reinstating the jury's verdict over the defendant's

9   objection that the court never ruled on its alternative JMOL motions.   *Id.* at 949-50.   But the

10  Federal Circuit reversed, holding that its prior decision only encompassed the issue of JMOL on

11  non-infringement, and did not preclude consideration of other grounds for JMOL.   *Id.* at 951-53.

12         Similarly, in *Falk*, 1990 WL 134267, the Ninth Circuit's mandate stated that the defendant

13  in an unlawful detainer action had a "meritorious defense to the default judgment" entered against

14  her, and remanded for the district court to consider whether the defendant was liable for treble

15  damages.   1990 WL 134267, at *1.   Attempting to follow the language of the appellate opinion

16  strictly, the district court ruled that the Ninth Circuit's statement that the defendant had a

17  "meritorious defense" required dismissal of the unlawful detainer claim altogether.   *Id.*   But the

18  Ninth Circuit then reversed, holding that such an "overly formalistic interpretation" of the mandate

19  was unwarranted.   *Id.*

20         As these cases show, an appellate mandate must be followed—but it must be properly

21  interpreted before it *can* be followed, and that interpretation must consider the posture of

22  proceedings on appeal as well as governing law.   Here, the Court of Appeals did not consider

23  Rule 54(b) issues at all, and there is no reason to assume that it mandated a clear violation of law.

**B.     Exceptions To The Mandate Rule Apply In Any Event**

25         Even if the mandate rule would otherwise require entry of an improper partial final

26  judgment (it does not), departure from the mandate would be warranted under well-established

27  exceptions to the mandate rule.   An appellate instruction is not binding if "the presentation of

28  new evidence or an intervening change in the controlling law dictates a different result, or the

appellate decision is clearly erroneous and, if implemented, would work a manifest injustice." *Cox Enters., Inc. v. News-Journal Corp.*, --- F.3d ----, 2015 WL 4461615 (11th Cir. 2015); *see also, e.g.*, *Tronzo*, 236 F.3d at 1349 ("revisiting issues otherwise foreclosed" by an appellate mandate is appropriate "where there has been a substantial change in the evidence"); *Amado*, 517 F.3d at 1359 ("'An appellate mandate does not turn a district judge into a robot, mechanically carrying out orders that become inappropriate in light of subsequent factual discoveries or changes in the law'") (quoting *Barrow v. Falck*, 11 F.3d 729, 731 (7th Cir. 1993)).

As shown above, it would be clearly erroneous and manifestly unjust to enter a Rule 54(b) judgment in violation of controlling authority.   The mandate rule does not require the Court to do so.   *See, e.g.*, *Moulds v. Bullard*, 452 F. App'x 851, 856 (11th Cir. 2011) (unpubl.) (mandate rule did not bind district court where prior appellate decision was clear error); *United States v. Bass*, 104 F. App'x 997, 1000 (5th Cir. 2004) (unpubl.) (district court erred in implementing "clearly erroneous" appellate mandate that "said too much" about its effect); *Scott v. Churchill*, 377 F.3d 565, 569-70 (6th Cir. 2004) (misstatement of the law not binding on remand); *United States v. Cuddy*, 147 F.3d 1111, 1115 (9th Cir. 1998) (district court correctly departed from clearly erroneous mandate).

## V.    CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court not enter partial final judgment at this time.

1     DATED:    August 27, 2015          QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP
2

3                                          By    /s/ Victoria F. Maroulis
                                               Charles K. Verhoeven
4                                              Kathleen M. Sullivan
                                               Kevin P.B. Johnson
5                                              Victoria F. Maroulis
                                               Michael T. Zeller
6
                                               Attorneys for SAMSUNG ELECTRONICS CO.,
7                                              LTD., SAMSUNG ELECTRONICS AMERICA,
                                               INC., and SAMSUNG
8                                              TELECOMMUNICATIONS AMERICA, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28