HAROLD J. MCELHINNY (CA SBN 66781)
HMcElhinny@mofo.com
RACHEL KREVANS (CA SBN 116421)
RKrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
EJOlson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S RESPONSE TO SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED PARTIAL FINAL JUDGMENT**<br><br>Date:     To be set by Court<br>Time:    1:30 p.m.<br>Ctrm:    Courtroom 8, 4th Floor<br>Judge:   Honorable Lucy H. Koh |

**INTRODUCTION**

The Federal Circuit gave this Court a simple and explicit directive: "immediate entry of final judgment on all damages awards not predicated on Apple's trade dress claims." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 786 F.3d 983, 1005 (Fed. Cir. 2015). To assist the Court in carrying out the Federal Circuit's instruction, Apple submitted a proposed form of partial final judgment, with the amount of damages taken directly from the court of appeals' decision and representations by Samsung to the Federal Circuit. (Dkt. 3264.)

Notwithstanding the Federal Circuit's clear instruction that this Court immediately enter final judgment, Samsung objects. Despite its initial indication that it would challenge Apple's proposed judgment on "numerical" grounds (Dkt. 3265 at 1) Samsung does not actually object to the amount of damages in Apple's proposed partial final judgment. (Dkt. 3269; *see also* Fed. Cir. Case No. 14-1335, Dkt. 159 at 2 (Samsung stating that "[t]he panel . . . affirmed the remaining $548 million in damages").) Instead, Samsung urges this Court to defy the remand order by refusing to enter the judgment the Federal Circuit expressly directed. All of Samsung's arguments lack merit because, among other things, they are foreclosed by the plain terms of the Federal Circuit's mandate.

Enough is enough. The Court should immediately enter partial final judgment for Apple in the amount of $548,176,477 as the Federal Circuit directed.

**ARGUMENT**

**I.   THE FEDERAL CIRCUIT'S MANDATE REQUIRES ENTRY OF PARTIAL FINAL JUDGMENT FOR APPLE**

"We remand for *immediate entry of final judgment on all damages awards not predicated on Apple's trade dress claims* and for any further proceedings necessitated by our decision to vacate the jury's verdict on the unregistered and registered trade dress claims." *Apple*, 786 F.3d at 1005 (emphasis added). The Federal Circuit's remand order unambiguously requires this Court to immediately enter a partial final judgment on Apple's affirmed damages awards. The alternative courses urged by Samsung are those of open and willful defiance of the Federal Circuit.

"[A]n inferior court has no power or authority to deviate from the mandate issued by an appellate court." *Briggs v. Pa. R. Co.*, 334 U.S. 304, 306 (1948); *see also Ins. Grp. Comm. v. Denver & R.G.W.R. Co.*, 329 U.S. 607, 612 (1947) ("When matters are decided by an appellate court, its rulings, unless reversed by it or a superior court, bind the lower court."); *In re Roberts*, 846 F.2d 1360, 1363 (Fed. Cir. 1988) ("Unlike the authority to reconsider its *own* rulings, a district court is without choice in obeying the mandate of the appellate court.").

This general principle finds specific application in the "mandate rule," which "requires that the district court follow an appellate decree as the law of the case." *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1356 (Fed. Cir. 2009).[1]  When the court of appeals expressly states "the purpose of the remand," the district court violates the mandate rule when it contravenes those instructions. *Id.*  In *Cardiac Pacemakers*, the Federal Circuit had "reinstate[d] [a] jury verdict of validity" and had remanded only for retrial on infringement and damages. *Id.* "Therefore, according to [the Federal Circuit's] explicit instructions, any new trial on remand was limited to an assessment of infringement and a calculation of any damages." *Id.*  The district court violated the mandate rule by also purporting to address invalidity—a question already decided by the court of appeals. *Id.*; *see also Puricelli v. Republic of Argentina*, — F.3d —, No. 14-2104-cv(L), 2015 WL 4716474, at *3 (2d Cir. Aug. 10, 2015) ("Where a mandate limits the issues open for consideration on remand, a district court ordinarily cannot consider additional issues.").

Here, the mandate rule requires immediate entry of partial final judgment for Apple.  As noted, the Federal Circuit "remand[ed] for immediate entry of final judgment on all damages awards not predicated on Apple's trade dress claims" and permitted only those "further proceedings necessitated by [its] decision to vacate the jury's verdicts on the unregistered and

---

[1] The Federal Circuit applies Federal Circuit law to mandate rule questions.  *See TecSec, Inc. v. Int'l Bus. Machs. Corp.*, 731 F.3d 1336, 1341-42 (Fed. Cir. 2013).  In any event, Ninth Circuit precedent is the same.  *See, e.g., United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) ("A district court, upon receiving the mandate of an appellate court 'cannot vary it or examine it for any other purpose than execution.'") (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)).

APPLE'S RESPONSE TO SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED PARTIAL FINAL JUDGMENT
Case No. 11-cv-01846-LHK (PSG)
sf-3572555

2

registered trade dress claims." *Apple*, 786 F.3d at 1005. The court of appeals' use of the word "immediate" in this instruction for entry of judgment was unusual and underscores the urgency of its directive.

To do anything now other than provide "immediate entry of final judgment" on the "damages awards not predicated on Apple's trade dress claims" (*id.*) would violate the Federal Circuit's mandate. For example, "grant[ing] judgment of invalidity to Samsung on claim 8 of the '915 patent and vacat[ing] all damages judgments relating thereto" on purported collateral estoppel grounds, as Samsung requests (Dkt. 3267 at 2), would be the *opposite* of entering "immediate . . . final judgment" for Apple. Likewise, entry of a stay of all proceedings (Dkt. 3267 at 14-19) rather than entry of "*immediate*" final judgment would also contravene the Federal Circuit's mandate. *Apple*, 786 F.3d at 1005 (emphasis added). Indeed, to allow Samsung to assert new invalidity contentions for a patent whose non-invalidity has already been affirmed on appeal—or to stay the case to permit Samsung to make such an assertion in the future—would violate the mandate rule in the same way as did the district court's actions on remand in *Cardiac Pacemakers*. *See* 576 F.3d at 1356.[2]

None of Samsung's arguments against application of the mandate rule has any merit.

Samsung suggests that the meaning of the mandate in this case is "uncertain," so the Court is free to deviate from the mandate's "letter" to follow its "spirit." (Dkt. 3269 at 13 (quoting *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999)).) But there is no uncertainty about what the Federal Circuit instructed this Court to do with respect to "all damages awards not predicated on Apple's trade dress claims": "immediate entry of final judgment." *Apple Inc.*, 786 F.3d at 1005. Samsung identifies no ambiguity in that instruction, nor does it explain how the mandate's "spirit" would be served by ignoring its plain terms.

For this reason, Samsung's reliance on *Laitram Corp. v. NEC Corp.*, 115 F.3d 947 (Fed. Cir. 1997), is misplaced. In that case, "the critical question" was an interpretive one: "what

---

[2] As Apple will show in its opposition to Samsung's motion for judgment as a matter of law, Samsung's requests for judgment on collateral estoppel grounds and for a stay are meritless even apart from their failure to conform to the Federal Circuit's mandate.

APPLE'S RESPONSE TO SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED PARTIAL FINAL JUDGMENT
Case No. 11-cv-01846-LHK (PSG)
sf-3572555

3

issues were left open by the mandate." *Id.* at 951. The district court had read the Federal Circuit's instruction "requir[ing] reinstatement of 'the jury verdict,'" to mean "the entire verdict." *Id.* at 950. The Federal Circuit, by contrast, ultimately interpreted its "mandate to 'reinstate the jury verdict'" to refer, in context, to "the reinstatement of the verdict of infringement." *Id.* at 952. Here, there is no question of interpreting an ambiguous term of the Federal Circuit's remand instructions. There is nothing unclear about "immediate entry of final judgment." *Apple*, 786 F.3d at 1005. What Samsung asks this Court to do is simply to disobey the Federal Circuit's plain instructions.[3]

Second, Samsung's contention that the mandate rule does not apply because the question whether partial final judgment should be entered was not "decided on the prior appeal" (Dkt. 3269 at 14 (citation omitted)) is baffling. The Federal Circuit quite obviously decided to direct "immediate entry of final judgment on all damages awards not predicated on Apple's trade dress claims." *Apple*, 786 F.3d at 1005. The incontestable fact that the Federal Circuit actually decided the question whether judgment should be entered entirely distinguishes this case from *Exxon Chemical Patents, Inc. v. Lubrizol Corp.*, 137 F.3d 1475 (Fed. Cir. 1998). (*cf.* Dkt. 3269 at 14-15.) The Federal Circuit's prior opinion in *Exxon* had "noted that the issue" of a "new trial on infringement under the doctrine of equivalents" had not been "briefed or argued" and expressly stated that the court "'express[ed] no view on that question.'" *Exxon Chem. Patents, Inc.*, 137 F.3d at 1478 (quoting 64 F.3d at 1555 n.1). "In light of that statement," the Federal Circuit later explained, "it [was] clear that this court's mandate was not intended to address the question whether Exxon would be entitled to a new trial under the doctrine of equivalents." *Id.* By contrast, the intended scope of the Federal Circuit's mandate here with respect to entry of partial final judgment is perfectly clear. Unlike in *Exxon*, it was not a question on which the Court

---

[3] The Ninth Circuit's non-precedential decision, *Falk v. Allen*, 914 F.2d 262 (9th Cir. 1990), is similarly inapposite. (*Cf.* Dkt. 3267 at 13.) In that case, the trial court committed "clear error" by misconstruing the court of appeals' statement that a party "ha[d] a meritorious defense to [a] default judgment" to mean that the party had a meritorious defense to the plaintiffs' complaint, thus requiring dismissal of the complaint without any litigation on the merits. *Falk*, 914 F.2d at 262. The trial court's "overly formalistic" interpretation of the mandate was flatly wrong. *Id.* By contrast, Samsung offers no plausible way to read the Federal Circuit's mandate to allow the relief Samsung seeks.

APPLE'S RESPONSE TO SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED PARTIAL FINAL JUDGMENT
Case No. 11-cv-01846-LHK (PSG)
sf-3572555

4

1  expressed "no view."

2  Finally, contrary to Samsung's perfunctory argument, no "exceptions to the mandate rule"
3  apply here. (Dkt. 3269 at 15-16); *see ArcelorMittal France v. AK Steel Corp.*, 786 F.3d 885, 889
4  (Fed. Cir. 2015) ("Under the mandate rule and the broader law-of-the-case doctrine, a court may
5  only deviate from a decision in a prior appeal if 'extraordinary circumstances' exist."); *Toro*
6  *Co. v. White Consol. Indus., Inc.*, 383 F.3d 1326, 1336 (Fed. Cir. 2004) (noting that "departures"
7  from the mandate rule are "rare"). Samsung fails to point to any "new evidence" or "intervening
8  change in the controlling law." (Dkt. 3269 at 15-16 (quoting *Cox Enters., Inc. v. News-Journal*
9  *Corp.*, — F.3d —, 2015 WL 4461615 (11th Cir. 2015)).) Samsung posits that "it would be
10 clearly erroneous and manifestly unjust to enter a Rule 54(b) judgment in violation of controlling
11 authority." (Dkt. 3269 at 16.) But the relevant "controlling authority" here is the Federal Circuit,
12 and it is Samsung that asks for relief "in violation" of that authority. Moreover, as shown below,
13 there is no conflict between Rule 54(b) and compliance with the Federal Circuit's mandate.

## II.  SAMSUNG'S RELIANCE ON RULE 54(B) IS MISPLACED

15 Samsung argues at length that "entry of a partial final judgment would violate Rule 54(b)"
16 of the Federal Rules of Civil Procedure. (Dkt. 3269 at 5 (capitalization altered).) Similarly,
17 Samsung contends that the Federal Circuit's remand instruction for "any further proceedings
18 necessitated by [its] decision to vacate the jury's verdict on the unregistered and registered trade
19 dress claims" precludes compliance with the Federal Circuit's immediately prior directive for
20 "immediate entry of final judgment on all damages awards not predicated on Apple's trade dress
21 claims." *Apple*, 786 F.3d at 1005; (*see* Dkt. 3267 at 13-14.) These contentions, like all of those
22 Samsung advances, are foreclosed by the Federal Circuit's mandate.

23 The Federal Circuit "remand[ed] for immediate entry of final judgment on all damages
24 awards not predicated on Apple's trade dress claims." *Apple*, 786 F.3d at 1005. This Court
25 accordingly must enter that judgment. If Samsung believed that this portion of the Federal
26 Circuit's remand was erroneous, it was obligated to make that argument in a rehearing petition to
27 the Federal Circuit. *See Taylor v. U.S. Patent & Trademark Office*, 385 Fed. Appx. 980, 983
28 (Fed. Cir. 2010) ("If Mr. Taylor was dissatisfied with the relief accorded by this court's earlier

APPLE'S RESPONSE TO SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED PARTIAL FINAL JUDGMENT
Case No. 11-cv-01846-LHK (PSG)
sf-3572555

5

opinion, he could have petitioned for rehearing or moved to recall the mandate. Because he failed to seek any such relief in this court at the time of the initial appeal, he cannot now challenge the district court's compliance with our instructions on remand.") (citation omitted). Samsung did not do so.[4] Samsung cannot now have this Court reconsider the Federal Circuit's judgment.

In any event, all of Samsung's arguments about Rule 54(b) are based on a fundamental misunderstanding of the posture of this case, which is on remand from the court of appeals. Congress expressly granted the courts of appeals the authority to "*direct the entry of such appropriate judgment*, decree, or order, or require such further proceedings to be had as may be just under the circumstances." 28 U.S.C. § 2106 (emphasis added); *see United States v. Shotwell Mfg. Co.*, 355 U.S. 233, 241 n.17 (1957) (referring to the "broad provisions of 28 U.S.C. § 2106"); *Niesz v. Gorsuch*, 295 F.2d 909, 914 (9th Cir. 1961) (citing an appellate court's "broad powers under 28 U.S.C. § 2106"). In directing entry of partial judgment in this case, the Federal Circuit was not acting pursuant to Rule 54(b), but was instead appropriately exercising its "broad power" under Section 2106 "to dispose of the case by controlling the shape of the judgment or the course of further proceedings in the district court." 15A Charles Alan Wright et al., *Federal Practice & Procedure* § 3901 (2d ed.). And it is the Federal Circuit's mandate that now provides all the authority necessary for this Court to act.

Samsung's argument that Rule 54(b) bars this Court from complying with the Federal Circuit's mandate is also foreclosed by *King Instrument Corp. v. Otari Corp.*, 814 F.2d 1560 (Fed. Cir. 1987). In that case, the Federal Circuit had previously affirmed the district court's finding that the relevant patent was valid and infringed and had also affirmed the award of damages based on machines, but had vacated and remanded the district court's award of damages based on spare parts. *See id.* at 1561. On remand, the district court entered partial judgment "confirming the original machine damages and ordering execution thereof but reserving for a later determination (on remand from [the Federal Circuit]) the amount, if any, of spare parts damages."

---

[4] Samsung sought rehearing from the Federal Circuit, but did not raise any challenge to the terms of the panel decision's remand instructions. (Fed. Cir. Case No. 14-1335, Dkt. 159.) The Federal Circuit denied rehearing without dissent. (Fed. Cir. Case No. 14-1335, Dkt. 207.)

APPLE'S RESPONSE TO SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED PARTIAL FINAL JUDGMENT
Case No. 11-cv-01846-LHK (PSG)
sf-3572555

6

*Id.* at 1561-62.

The party subject to the partial final judgment posited on appeal that Rule 54(b) "is the only source of authority for finally deciding less than the entire case." *Id.* at 1563.  That party further contended, like Samsung here, that the district court's partial final judgment "impermissibly split[] a single claim, contrary to" Rule 54(b).  *Id.*  The Federal Circuit rejected this argument, explaining that the party's reliance on Rule 54(b) "fail[ed] to acknowledge . . . the posture of this case at the time the [partial] judgment was issued." *Id.*  Specifically, the "District Court [in *King Instrument*] ordered execution of the machine sales *after* [the Federal Circuit] had considered and affirmed the District Court's determination on those damages." *Id.* (emphasis in original).  The Federal Circuit then held that "Rule 54(b), which concerns the power of the trial court *before* appeal, is not applicable in these circumstances." *Id.* (emphasis in original).  The Federal Circuit explained that it had authority under 28 U.S.C. § 2106 "to affirm that portion of the trial court's determination as to machine damages, remand the issue of damages pertaining to spare parts, and *to provide explicitly that final judgment be entered as to the machine sales*." *Id.* (emphasis added).  Notably, the first Federal Circuit decision in *King Instrument* had not even included such an explicit instruction requiring entry of partial judgment (as it did in this case).  Nonetheless, the Federal Circuit held that the district court properly "order[ed] execution on that portion of the judgment which was final, while reserving the issue of spare parts." *Id.*  The Federal Circuit went on to note that "[i]n light of the length of time that has elapsed since these parties first were involved in litigation over the . . . patent, the District Court could certainly decline to insist that [the patentee] wait even longer before receiving compensation for machine damages which are, at this point, both uncontested and absolute." *Id.*

The immediate obligation to enter judgment is even more pronounced here than in *King Instrument*.  As noted above, the Federal Circuit in that case had not expressly directed entry of partial judgment on remand, but the district court nonetheless properly entered it.  *See id.*  Here, by contrast, the Federal Circuit *has* expressly so directed.  *See Apple*, 786 F.3d at 1005.  Moreover, here, like in *King Instrument*, the portion of the jury's verdict "not predicated on Apple's trade dress claims," *id.*, is both "uncontested and absolute," *King Instrument*, 814 F.2d at

APPLE'S RESPONSE TO SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED PARTIAL FINAL JUDGMENT
Case No. 11-cv-01846-LHK (PSG)
sf-3572555

7

1563.  Samsung makes no attempt to demonstrate that the Federal Circuit exceeded its authority under 28 U.S.C. § 2106 in ordering entry of judgment, nor could it appropriately make any such argument in this forum.  For all these reasons, Rule 54(b) stands as no obstacle to compliance with the Federal Circuit's mandate.

### III.   APPLE IS SEEKING IMMEDIATE ENTRY OF PARTIAL FINAL JUDGMENT WITHOUT SUPPLEMENTAL DAMAGES OR PREJUDGMENT INTEREST

The Court has asked Apple to "clarify whether Apple is seeking entry of partial final judgment without supplemental damages and prejudgment interest." (Dkt. 3272 at 1.)  The answer is yes.  Apple is not seeking immediate entry of judgment on supplemental damages or prejudgment interest at this time.  Apple will instead separately move for entry of judgment on those amounts.

### CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court immediately enter partial final judgment for Apple in the amount of $548,176,477 as the Federal Circuit's mandate requires.

Dated:  September 8, 2015            MORRISON & FOERSTER LLP


                                     By:   */s/ Harold J. McElhinny*
                                           HAROLD J. MCELHINNY

                                           Attorneys for Plaintiff
                                           APPLE INC.

APPLE'S RESPONSE TO SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED PARTIAL FINAL JUDGMENT
Case No. 11-cv-01846-LHK (PSG)
sf-3572555

8