HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S MOTION TO ENFORCE SURETY LIABILITY WITH RESPECT TO COSTS JUDGMENT**<br><br><br>Date:      December 10, 2015<br>Time:      1:30 p.m.<br>Place:     Courtroom 8, 4th Floor<br>Judge:    Hon. Lucy H. Koh |

1    **NOTICE OF MOTION AND MOTION**

2    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3            PLEASE TAKE NOTICE that on December 10, 2015, at 1:30 p.m., or as soon thereafter

4    as counsel may be heard before the Honorable Lucy Koh in Courtroom 8 of the above-entitled

5    Court, located at 280 South 1st Street, San Jose, California, Plaintiff Apple will move, and hereby

6    does move, to enforce surety liability in the amount of $1,871,302.78 in awarded costs.

7            This motion is based on this notice of motion and supporting memorandum of points and

8    authorities, and such other written or oral argument as may be presented at or before the time this

9    motion is taken under submission by the Court.

10

11   Dated: September 9, 2015                    MORRISON & FOERSTER LLP

12

13                                               By:  /s/ *Harold McElhinny*
                                                     HAROLD J. MCELHINNY

14
                                                 Attorneys for Plaintiff
15                                               APPLE INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Apple moves pursuant to Federal Rule of Civil Procedure 65.1 to enforce liability on a portion of the supersedeas bond (the "Bond") posted by Zurich American Insurance Company ("Zurich American"), Federal Insurance Company ("Federal Insurance"), Westchester Fire Insurance Company ("Westchester"), and Pacific Employers Insurance Company ("Pacific Employers") (each a "Surety" and collectively "Sureties") (Dkt. 3036)—the portion of the Bond corresponding to the $1,871,302.78 in costs awarded by the Court.  (Dkt. 3193 (the "Costs Order").)  The Court should grant Apple's motion because, per the Federal Circuit's May 18, 2015, Opinion, the costs award has now become final, and the issuance of the mandate lifts the Rule 62(d) stay on execution of the judgment.

## FACTUAL BACKGROUND

On September 19, 2014, the Court entered an order taxing Samsung $1,871,302.78 in costs.  (Costs Order at 22.)  Samsung appealed from that order.  (Dkt. 3203.)  Samsung moved in the Federal Circuit to consolidate its costs appeal (Case No. 2015-1029) with the merits appeal that was already pending (Case No. 2014-1335) and forgo additional briefing, which the Federal Circuit granted.  (Fed. Cir. Case No. 14-1335, Dkt. 146.)

Samsung had already stayed execution of the Court's March 6, 2014, Judgment on the merits in the amount of $929,780,039 by posting a bond pursuant to Rule 62(d).  (Dkt. 3036 (the "Bond").)  The Sureties provided a written undertaking to pay Apple a penal sum of up to $1 billion.  (*Id.* at 1.)  The obligation remains "in full service and effect" unless Samsung "shall prosecute [its] appeal to effect and shall satisfy the judgment in full, together with costs, interest and damages for delay if the appeal is finally dismissed or the judgment is affirmed, or shall satisfy in full such judgment as modified together, with such costs, interests, and damages as the Court of Appeals may adjudge and award[.]"  (Dkt. 3036 at 1-2.)  The Bond states further that any claim for payment shall be allocated to each Surety corresponding to that Surety's limit of liability relative to the $1 billion total limit:  Zurich American in the amount of $500 million, or 50%; Federal Insurance in the amount of $320 million, or 32%; Westchester in the amount of $80 million, or 8%; and Pacific Employers in the amount of $100 million, or 10%.  (*Id.* at 2.)

1    After the Court issued the Costs Order and Samsung filed a Notice of Appeal, the parties

2   stipulated that the Bond covered the costs awarded by the Court.  (Dkt. 3205.)  The Sureties so

3   confirmed, executing a surety rider stating that the Bond "covers the costs awarded by the

4   court[.]"  (Dkt. 3204-1.) In light of the relative obligations set out in the Bond and discussed

5   above, Zurich American is therefore liable for the costs award in the amount of $935,651.39;

6   Federal Insurance in the amount of $598,816.88; Westchester in the amount of $149,704.22; and

7   Pacific Employers in the amount of $187,130.27.

8    On May 18, 2015, the Federal Circuit issued its opinion in the consolidated appeal, and it

9   did not alter the award in the Costs Order.  (Fed. Cir. Case No. 14-1335, Dkt. 158-2.)  Samsung

10  moved to stay issuance of the mandate, which the Federal Circuit denied.  (*Id.*, Dkt. 211.)  On

11  August 25, 2015, the Federal Circuit issued the Mandate.  (*Id.*, Dkt. 212.)

12   Following issuance of the mandate, Apple requested Samsung to confirm that it would

13  satisfy the Costs Order.  (Sabri Decl., Ex. A.)  Samsung refused Apple's demand.  (*Id.*, Ex. B.)

14                              **ARGUMENT**

15   A party may enforce a surety's liability on a supersedeas bond "under either Rule 65.1's

16  summary procedure or through an independent action."  *Bass v. First Pac. Networks, Inc.*, 219

17  F.3d 1052, 1054 (9th Cir. 2000).  Federal Rule of Civil Procedure 65.1 (Proceedings Against a

18  Surety) provides:

19           Whenever these rules . . . require or allow a party to give security,
             and security is given through a bond or other undertaking with one
20           or more sureties, each surety submits to the court's jurisdiction and
             irrevocably appoints the court clerk as its agent for receiving
21           service of any papers that affect its liability on the bond or
             undertaking. The surety's liability may be enforced on motion
22           without an independent action. The motion and any notice that the
             court orders may be served on the court clerk, who must promptly
23           mail a copy of each to every surety whose address is known.

24  The Rule's "expedited procedure for executing on a supersedeas bond . . . allows [creditors] to

25  collect on the supersedeas bond by merely filing a motion."  *Celotex Corp. v. Edwards*, 514 U.S.

26  300, 311-12 (1996).

27   To enforce liability against a supersedeas bond, courts require parties to show that (1) the

28  alleged sureties are sureties as contemplated under Rule 65.1, and (2) the circuit court entered

1    final judgment in the moving party's favor and issued its mandate.  *See, e.g.*, *Astro-Med, Inc. v.*

2    *Plant*, CA 06-533 ML, 2010 U.S. Dist. LEXIS 12461, at *15 (D.R.I. Jan. 28, 2010) (granting

3    Rule 65.1 motion).  These conditions are met here.

4         First, the Bond states on its face that it was posted "pursuant to Fed. R. Civ. Pro. 62(d)."

5    (Dkt. 3036 at 1.)  A surety on a bond posted pursuant to Rule 62(d) is squarely within the scope

6    of Rule 65.1.  *See* Fed. R. Civ. P. 65.1 ("Whenever these rules . . allow a party to give security,

7    and security is given through a bond or other undertaking with one or more sureties, each surety

8    submits to the court's jurisdiction[.]").  The Sureties' obligation to Apple remains "in full service

9    and effect" under the terms of the Bond, as Samsung has not "satisf[ied] the judgment" with

10   respect to the Costs Order.  (Dkt. 3036 at 1-2.)

11        Second, as this Court noted in its costs order in the 630 case (Case No. 5:12-cv-630-LHK,

12   Dkt. 2144 at 13 (citing Costs Order as "aff'd")), the Costs Order has now been affirmed.  The

13   Costs Order was before the Federal Circuit, per Samsung's appeal and successful motion to

14   consolidate.  (Fed. Cir. Case No. 14-1335, Dkt. 158-2.)  The Federal Circuit issued its opinion

15   and mandate for the consolidated appeal of the merits appeal and the Costs Order, and chose not

16   to alter the costs award.  (Fed. Cir. Case No. 14-1335 Dkts. 158-2, 212.)  Issuance of the mandate

17   dissolved the Rule 62(d) stay.  *See Sletten v. Navellier Series Fund*, Case No. 3:00-cv-0167-LRH

18   (VPC), 2006 U.S. Dist. LEXIS 55927, at * 4 (D. Nev. Aug. 9, 2006) ("The court agrees that its

19   previous stay, entered pursuant to Federal Rule of Civil Procedure 62(d), expired when the Ninth

20   Circuit issued its mandate.")

21        Apple has filed this motion because Samsung has refused to satisfy the Costs Order

22   voluntarily.  Samsung's rationale for refusing to satisfy the Costs Order—that the Costs Order is

23   "necessarily reversed" because the Federal Circuit reversed in-part the merits judgment—is

24   meritless and ignores the mandate rule.  The sole case Samsung cited with its refusal, *Amarel v.*

25   *Connell*, 102 F.3d 1494, 1523 (9th Cir. 1997), presents a starkly different situation than that

26   before this Court:  in *Amarel*, the appellate court expressly discussed and reversed the award of

27   costs.  102 F.3d at 1523-24.  Here, there is no direction from the Federal Circuit to set aside the

28   Costs Order.  By contrast, the Federal Circuit directed the Court to "immediate[ly]" enter final

judgment on all damages awards not predicated on trade dress claims. (Fed. Cir. Case No. 14-1335, Dkt. 158-2 at 33.) The mandate rule provides that issues "within the scope of the judgment appealed from, minus those ***explicitly reserved or remanded by the court*** [] are foreclosed from further consideration." *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008) (internal citation omitted) (emphasis added). It is undisputable that the Costs Order was within the scope of the judgment appealed from, as Samsung directly appealed the order, and that the Federal Circuit did not "explicitly reserve or remand" the costs award. If Samsung wanted the costs issue addressed directly or believed that the Federal Circuit should have reversed the Costs Order, it needed to request that from the Federal Circuit. It cannot ask this Court simply to ignore the scope of the mandate.

Moreover, the *Amarel* court emphasized that the substantive claim on which it had reversed would "influence the district court's determination" of the "prevailing party" and could affect the determination of the taxable cost amount. *Amarel*, 102 F.3d at 1523. Here, neither the identity of the prevailing party nor the amount of costs change as a result of reversal on trade dress liability. (*See* Costs Order at 8 (noting that Apple need not prevail on every claim to be "prevailing party" and that Apple obtained relief that "materially alter[ed] the legal relationship between the parties"), 10 (declining to parse costs based on whether Apple did or did not prevail on specific liability issues).) Apple still prevailed on every affected product, as every product that the jury found diluted Apple's trade dress also infringes at least one other piece of intellectual property. (Dkt. 1931 at 2-7, 11.) Samsung's claim that even a reversal in-part "necessarily" reverses an award of costs is belied by the fact that appellate courts do reverse in-part substantive judgments while affirming costs awards, particularly where the identity of the prevailing party is unchanged. *See Velazquez v. Costco Wholesale Corp.*, 603 F. App'x 584, 585-87 (9th Cir. 2015) (reversing portion of judgment but affirming award of costs); *Pediatric Specialty Care, Inc. v. Arkansas Dep't of Human Servs.*, 364 F.3d 925, 933 (8th Cir. 2004) (reversing in-part and affirming in-part judgment but affirming award of costs "[b]ecause the Plaintiffs remain the prevailing parties in their action[.]"); *Lyon Dev. Co. v. Bus. Men's Assurance Co. of Am.*, 76 F.3d 1118, 1126-27 (10th Cir. 1996) (affirming costs despite having reversed in-part because reversal

did "not alter [party's] position as prevailing party below.")  In this case, the mandate addresses the costs issue by directing the Court to enter judgment on all damages awards not predicated on trade dress claims.  (Fed. Cir. Case No. 14-1335, Dkt. 158-2 at 33.)

## CONCLUSION

For the above reasons, Apple respectfully requests that its Motion to Enforce Surety Liability with Respect to Costs Judgment be GRANTED.


Dated:  September 9, 2015                    MORRISON & FOERSTER LLP


                                          By:  /s/ Harold McElhinny
                                               HAROLD J. MCELHINNY

                                               Attorneys for Plaintiff
                                               APPLE INC.

1

**CERTIFICATE OF SERVICE**

2

   I hereby certify that a true and correct copy of the above and foregoing document has been

3

served on September 9, 2015, to all counsel of record who are deemed to have consented to

4

electronic service via the Court's ECF system per Civil Local Rule 5-1, and to the entities below

5

in the manner specified:

6

        ***Via First Class Mail***

7

      Zurich American Insurance Company
      c/o Susan Y. Soong, Clerk of Court

8

      Office of the Clerk
      United States District Court

9

      450 Golden Gate Avenue
      San Francisco, CA 94102-3489

10

      Federal Insurance Company

11

      c/o Susan Y. Soong, Clerk of Court
      Office of the Clerk

12

      United States District Court
      450 Golden Gate Avenue

13

      San Francisco, CA 94102-3489

14

      Westchester Fire Insurance Company
      c/o Susan Y. Soong, Clerk of Court

15

      Office of the Clerk
      United States District Court

16

      450 Golden Gate Avenue
      San Francisco, CA 94102-3489

17

      Employers Insurance Company

18

      c/o Susan Y. Soong, Clerk of Court
      Office of the Clerk

19

      United States District Court
      450 Golden Gate Avenue

20

      San Francisco, CA 94102-3489

21

22

           */s/ Victoria R. Smith*
           Victoria R. Smith

23

24

25

26

27

28

CERTIFICATE OF SERVICE
CASE NO. 11-cv-01846 LHK
sf-3573508

1