HAROLD J. MCELHINNY (CA SBN 66781)
HMcElhinny@mofo.com
RACHEL KREVANS (CA SBN 116421)
RKrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
EJOlson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR ENTRY OF JUDGMENT OF INVALIDITY ON THE '915 PATENT AND TO STAY FURTHER PROCEEDINGS**<br><br>Date:   To be set by Court<br>Time:   1:30 p.m.<br>Ctrm:   Courtroom 8, 4th Floor<br>Judge:  Honorable Lucy H. Koh |

**INTRODUCTION**

As Apple has explained (Dkt. 3276), the Federal Circuit ordered "immediate entry of final judgment on all damages awards not predicated on Apple's trade dress claims." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 786 F.3d 983, 1005 (Fed. Cir. 2015). The Court should comply by adopting Apple's proposed final judgment (Dkt. 3264), to which Samsung has advanced no objection with respect to the amount of damages (Dkt. 3269; *see also* Fed. Cir. Case No. 14-1335, Dkt. 159 at 2).

The Federal Circuit's mandate requiring immediate entry of judgment entirely disposes of Samsung's motion for judgment as a matter of law and its alternative request for a stay of proceedings. Either of those actions would violate the express terms of the Federal Circuit's remand instructions to this Court. (*See* Dkt. 3276 at 1-5.)

As explained in this Opposition, Samsung's requests are meritless for other reasons as well.

**Collateral Estoppel.** Samsung fails to mention that this is not the first time it has argued that the December 2014 decision of the Patent Trial and Appeal Board ("PTAB") should be given collateral estoppel effect in this case. Samsung made precisely the same argument to the Federal Circuit, and the Federal Circuit necessarily rejected it in ruling against Samsung's challenge to the validity of the '915 patent. That rejection is part of the Federal Circuit's mandate, and it is not open to reconsideration in this Court. Moreover, even without consideration of the Federal Circuit's mandate, collateral estoppel based on the PTAB's decision would not be warranted because that decision is not final. The time to appeal that decision to the Federal Circuit has not even begun to run yet, much less run out, so the PTAB's non-final decision has no collateral estoppel effect.

**Stay of proceedings.** A stay of proceedings would be unwarranted even if the stay were not foreclosed by the Federal Circuit's mandate (which it is). Indeed, in 2013 this Court denied Samsung a stay in deference to the very same PTO proceedings involving reexamination of the '915 patent. The Court should do the same again.

APPLE'S OPPOSITION TO MOTION FOR ENTRY OF JUDGMENT OF INVALIDITY ON THE '915 PATENT
Case No. 11-cv-01846-LHK (PSG)
sf-3572829

1

**ARGUMENT**

**I.   THE FEDERAL CIRCUIT'S MANDATE REQUIRES ENTRY OF PARTIAL FINAL JUDGMENT FOR APPLE AND REJECTION OF SAMSUNG'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

As Apple showed in its Response to Samsung's Objections to Apple's Proposed Partial Final Judgment ("Response Regarding Judgment"), the Federal Circuit's mandate requires immediate entry of partial final judgment in Apple's favor. (Dkt. 3276.) The Federal Circuit remanded "for *immediate entry of final judgment on all damages awards not predicated on Apple's trade dress claims* and for any further proceedings necessitated by our decision to vacate the jury's verdict on the unregistered and registered trade dress claims." *Apple*, 786 F.3d at 1005 (emphasis added).

The Federal Circuit's mandate should be the beginning and end of the analysis necessary to reject Samsung's motion for judgment as a matter of law on the '915 patent. *See SK Hynix Inc. v. Rambus Inc.*, No. C-00-20905 RMW, 2013 WL 1915865, at *6-9 (N.D. Cal. May 8, 2013) (finding that mandate rule precluded entry of judgment based on asserted collateral estoppel arising from PTO re-examination decision). Entering judgment *for Samsung* on the invalidity of the '915 patent would flatly contradict the Federal Circuit's directive to enter immediate judgment *for Apple*. Moreover, as explained in Apple's Response Regarding Judgment, no exception to the mandate rule applies here. (Dkt. 3276 at 5.)

Even without the plain and explicit instruction from the court of appeals for "immediate entry of final judgment," *Apple*, 786 F.3d at 1005, the mandate rule would bar Samsung's request for judgment as a matter of law. This is so because the Federal Circuit has already rejected exactly the same collateral estoppel argument Samsung makes now, and Samsung cannot properly ask this Court to revive it.

Samsung bases its collateral estoppel argument on a December 9, 2014, decision of the PTAB affirming the decision of a patent examiner rejecting claims 1-21 of the '915 patent. (Dkt. 3267 at 5-12.) On December 16, 2014 (twelve days after oral argument in the Federal Circuit and six months before that court issued its opinion), Samsung informed the Federal Circuit of the PTAB's decision. (Fed. Cir. Case No. 14-1335, Dkt. 152-1.) In its filing, Samsung

APPLE'S OPPOSITION TO MOTION FOR ENTRY OF JUDGMENT OF INVALIDITY ON THE '915 PATENT
Case No. 11-cv-01846-LHK (PSG)
sf-3572829

2

made the very same argument it makes now, *i.e.*, that the PTAB decision "has collateral estoppel effect" on the validity of the '915 patent and that "[t]he preclusive effect of a decision invalidating a patent can be raised at any stage." (*Id.* (citing *Mendenhall v. Barber-Green Co.*, 26 F.3d 1573, 1579-80 (Fed. Cir. 1994)).) Samsung argued that the PTAB's decision therefore provided "an additional reason to reverse the $114 million in lost profit awarded for infringement of the '915 patent and to vacate the $35 million in royalties awarded for infringement of the three utility patents-in-suit." (*Id.* at 2.) In response, Apple argued that the PTAB's decision "cannot trigger collateral estoppel" because it remained subject to judicial review by the Federal Circuit. (Fed. Cir. Case No. 14-1335, Dkt. 153.) Apple therefore argued that "the judgment of no invalidity of the '915 patent should be affirmed." (*Id.*)

The Federal Circuit subsequently affirmed the non-invalidity judgment. *See Apple*, 786 F.3d at 1003-04 (rejecting Samsung's challenge to this Court's determination "that there was substantial evidence to support the jury's finding that claim 8 of the '915 patent was not anticipated"). That decision did not expressly address Samsung's collateral estoppel argument but, in affirming the non-invalidity judgment, the Federal Circuit necessarily rejected Samsung's contention that the PTAB's decision required a finding of invalidity by the court of appeals. *See MSM Invs. Co. v. Carolwood Corp.*, 70 F. Supp. 2d 1044, 1053 (N.D. Cal. 1999) (party could not relitigate issue "necessarily implicit" in prior holding), *aff'd*, 259 F.3d 1335 (Fed. Cir. 2001). "[T]he mandate rule precludes reconsideration of any issue within the scope of the judgment appealed from – not merely those issues actually raised." *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008). In this case, however, the contention Samsung now asserts *was* actually raised before – and necessarily rejected by – the court of appeals. That rejection is part of the mandate and (along with Federal Circuit's express instruction to immediately enter final judgment for Apple) bars entry of judgment for Samsung.

APPLE'S OPPOSITION TO MOTION FOR ENTRY OF JUDGMENT OF INVALIDITY ON THE '915 PATENT
Case No. 11-cv-01846-LHK (PSG)
sf-3572829

3

## II. COLLATERAL ESTOPPEL DOES NOT APPLY TO THE PTAB'S NON-FINAL DECISION

Even without consideration of the Federal Circuit's mandate, Samsung's request for judgment on collateral estoppel grounds is defective. Collateral estoppel does not apply here because the Patent Act expressly states that PTAB re-examination decisions are not final until after judicial review (or until the time for seeking review has expired). The relevant time for judicial review in this case has not even started, much less run. 35 U.S.C. § 307(a).

"Collateral estoppel applies if: (1) the issue necessarily decided in the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a *final judgment on the merits*; and (3) the party against which collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *e.Digital Corp. v. Futurewei Techs., Inc.*, 772 F.3d 723, 726 (Fed. Cir. 2014) (*citing Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000)) (emphasis added).[1] Even assuming the first and third prerequisites are satisfied, collateral estoppel would not apply here because the second requirement is not: the PTAB decision is not a "final judgment on the merits." *Id.* This is clear based on the plain terms of the relevant portions of the Patent Act.

"When a claim is determined to be invalid in reexamination, the reexamination statute requires the Director of the PTO to cancel a claim that is 'finally determined to be unpatentable.'" *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1339 (Fed. Cir. 2013) (quoting 35 U.S.C. § 307(a)). The PTO Director does so in a formal, statutorily defined way – by "issu[ing] and publish[ing] a certificate canceling any claim of the patent finally determined to be unpatentable." 35 U.S.C. § 307(a); *see* 37 C.F.R. § 1.570(a) ("To conclude an ex parte reexamination proceeding, the Director will issue and publish an ex parte reexamination certificate in accordance with 35 U.S.C. 307 . . . ."); MPEP § 2290 (9th Ed. Rev. 1, Mar. 2014) ("An *ex parte* reexamination certificate is issued at the close of each *ex parte* reexamination

---

[1] The Federal Circuit applies regional circuit law to collateral estoppel questions. *See e.Digital Corp.*, 772 F.3d at 726.

APPLE'S OPPOSITION TO MOTION FOR ENTRY OF JUDGMENT OF INVALIDITY ON THE '915 PATENT
Case No. 11-cv-01846-LHK (PSG)
sf-3572829

4

proceeding . . . ."); *In re Bass*, 314 F.3d 575, 577 (Fed. Cir. 2002) ("A reexamination is complete upon the statutorily mandated issuance of a reexamination certificate."). It is only this final certificate of "cancellation" that can operate to "extinguish[] the underlying basis for suits based on the patent." *Fresenius*, 721 F.3d at 1344 (emphasis added).

Critically, the express terms of the statute do not permit issuance of a certificate of cancellation – the document that renders the proceeding final – until "the time for appeal has expired or any appeal proceeding has terminated." 35 U.S.C. § 307(a) ("In a reexamination proceeding under this chapter, *when the time for appeal has expired or any appeal proceeding has terminated*, the Director will issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable, confirming any claim of the patent determined to be patentable, and incorporating in the patent any proposed amended or new claim determined to be patentable.") (emphasis added). Indeed, in this case, with specific reference to the re-examination proceeding involving the '915 patent, this Court has previously noted that "[t]he PTO will issue a certificate canceling any claim of the '915 patent determined to be unpatentable *only after the time for appeal has expired or any appeal proceeding has terminated*." *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2013 WL 6225202, at *2 (N.D. Cal. Nov. 25, 2013) (emphasis added) (citing 35 U.S.C. § 307(a)). The Federal Circuit has therefore explained that "the statute requires that a final PTO decision *affirmed by this court* be given effect in pending infringement cases that are not yet final." *Fresenius*, 721 F.3d at 1346 (emphasis added).[2]

Applying these statutory terms, this Court has found PTO re-examination decisions not affirmed by the Federal Circuit irrelevant to the question of patent invalidity. *See CreAgri, Inc. v. Pinnaclife, Inc.*, No. 11-CV-6635-LHK, 2013 WL 6673676, at *5 (N.D. Cal. Dec. 18, 2013) (Koh, J.), *aff'd*, 579 Fed. App'x 1003 (Fed. Cir. 2014). The Court noted that the patent owner in that case had not yet exhausted administrative remedies at the PTO, much less "appeal[led] any

---

[2] The fact that the Patent Act permits a "patent owner" to appeal an adverse re-examination decision to the Federal Circuit further demonstrates that patents remain valid during the period of judicial review. 35 U.S.C. §§ 141(b), 306. Otherwise, there would be nothing to "own[]" after the PTAB issued its decision.

APPLE'S OPPOSITION TO MOTION FOR ENTRY OF JUDGMENT OF INVALIDITY ON THE '915 PATENT
Case No. 11-cv-01846-LHK (PSG)
sf-3572829

5

adverse PTAB decision to the Federal Circuit." *Id.*  The Court further observed that the "PTO will issue a certification canceling any claims of the . . . [p]atent determined to be unpatentable only after the time for appeal has expired or any appeal proceeding has terminated." *Id.* (citing 35 U.S.C. § 307(a)).  Accordingly, the Court explained that "the PTO's conclusions are 'final' in name only; the PTO's adverse decisions are still subject to substantial review." *Id.*  As a result, the Court decided the invalidity question before it in that case "without regard" to the PTO's non-final re-examination decision.  *Id.*

The district court in *Aevoe Corp. v. AE Tech Co., Ltd.*, No. 2:12-cv-00053-GMN-NJK, 2014 WL 1089676 (D. Nev. Mar. 18, 2014), followed the same approach when it declined to dissolve an injunction against infringement of a patent that a PTO examiner had found invalid.  *See id.* at *3.  The court explained that "the reexamination process [was] far from complete" and that "[u]nder 35 U.S.C. § 307, the reexamination process is complete only after appeal rights have terminated and the Director issues 'a certificate canceling any claim of the patent finally determined to be unpatentable.'" *Id.* (explaining that "decisions are not 'final' until the patent owner has exhausted all avenues of appeal, including appeal to the Federal Circuit").  "Thus, unless and until a patent claim is canceled by a final decision," the court explained, "it is valid and enforceable during the pendency of a reexamination proceeding." *Id.*; *accord Carrier Corp. v. Goodman Global, Inc.*, No. 12-930-SLR, 2014 WL 2042470, at *1 (D. Del. May 8, 2014) ("[C]ancellation of claims by the PTO, **once affirmed by the Federal Circuit**, is binding in pending district court litigation.") (bold in original).

Here, the time for appeal to the Federal Circuit has not even started to run, much less "expired," given that Apple's request for rehearing is still pending with the PTAB. (Feb. 9, 2015 Request for Rehearing, Patent Reexam No. 90/012,332.)  Should the PTAB deny rehearing, Apple will appeal to the Federal Circuit.  No certificate of cancellation has issued, nor could it until all appeals are exhausted.  Accordingly, the PTAB decision is not "final" under the plain terms of Section 307(a) and cannot be the basis for estoppel.

APPLE'S OPPOSITION TO MOTION FOR ENTRY OF JUDGMENT OF INVALIDITY ON THE '915 PATENT
Case No. 11-cv-01846-LHK (PSG)
sf-3572829

6

### III. A STAY IS IMPERMISSIBLE AND, IN ANY EVENT, UNWARRANTED

Samsung states that "[i]n the event that the Court does not grant Samsung judgment of invalidity of the '915 patent, the Court should exercise its power to stay further proceedings in this case pending completion of the time period for any appeal of the PTAB invalidation of the '915 patent." (Dkt. 3267 at 13.) The Federal Circuit's mandate forecloses this request as well. To stay all proceedings rather than "immediate[ly]" enter judgment, *Apple*, 786 F.3d at 1005, would violate the express terms of the Federal Circuit's remand. The Court should do as the Federal Circuit directed by entering judgment *now*.

Even apart from the mandate rule, a stay would not be warranted. Indeed, Samsung fails to mention that this Court in 2013 declined Samsung's request to stay proceedings in deference to PTO reexamination of the '915 patent. *See Apple*, 2013 WL 6225202. The Court concluded that "the advanced stage of this case" at that time weighed "heavily in favor of Apple." *Id.* at *3. The Court also observed that "Apple won a jury verdict in August 2012 in which a jury found that Samsung had infringed, among other things, various Apple patents and that Apple's patents were valid." *Id.* at *5. The Court found that "[f]urther delay of relief due to a stay of this entire case pending a final decision on the '915 patent would thus substantially prejudice Apple." *Id.* Moreover, the jury's verdict with respect to the '915 patent has now been affirmed on appeal, and the Federal Circuit has directed immediate entry of final judgment. Thus, the Court should deny Samsung's request for a stay for the same reasons as it did previously.

### IV. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court deny Samsung's motion for entry of judgment of invalidity on the '915 patent and to stay further proceedings.

Dated: September 9, 2015                    MORRISON & FOERSTER LLP


By:    /s/ *Harold J. McElhinny*
       HAROLD J. MCELHINNY

       Attorneys for Plaintiff
       APPLE INC.

APPLE'S OPPOSITION TO MOTION FOR ENTRY OF JUDGMENT OF INVALIDITY ON THE '915 PATENT
Case No. 11-cv-01846-LHK (PSG)
sf-3572829

7