QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION TO CONFIRM VACATUR OF THE COSTS AWARD OR, IN THE ALTERNATIVE, FOR AN ORDER HOLDING THAT THE COSTS AWARD IS VACATED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)(5)**<br><br>Date: December 10, 2015<br>Time: 1:30 p.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 10, 2015, at 1:30 p.m., or as soon thereafter as this matter may be heard in the above-entitled Court, located at 280 South 1st Street, San Jose, CA 95113, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC[1] (collectively, "Samsung") shall and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 60(b)(5), for an order finding that its Order Granting in Part and Denying in Part Apple's and Samsung's Motions to Review the Clerk's Taxation of Costs (Dkt. 3193), which awarded Apple $1,871,302.78 in costs, is vacated as a result of the Federal Circuit's decision in *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983 (Fed. Cir. 2015) or, in the alternative, vacating the award of costs pursuant to Federal Rule of Civil Procedure 60(b)(5). Because the Federal Circuit partially reversed the judgment in this matter, the Court should confirm that the costs award has been vacated. In addition, Samsung hereby moves for an order holding that the Court will defer any further consideration of costs until after it has completed proceedings on remand.

This motion is based on this notice of motion and supporting memorandum, the declaration of Robert J. Becher, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court. On September 4, 2015, lead counsel engaged in the meet and confer required pursuant to the Court's September 1, 2015 Case Management Order and the parties' stipulation so-ordered on September 8, 2015.

---

[1] Effective January 1, 2015, Samsung Telecommunications America, LLC ("STA") merged with and into Samsung Electronics America, Inc., and therefore STA no longer exists as a separate corporate entity.

1  DATED: September 10, 2015         QUINN EMANUEL URQUHART &
2                                                            SULLIVAN, LLP
3
4                                                            By  */s/ Victoria F. Maroulis*
                                                                 Charles K. Verhoeven
5                                                                Kathleen M. Sullivan
                                                                 Kevin P.B. Johnson
6                                                                Victoria F. Maroulis
                                                                 Susan R. Estrich
7                                                                Michael T. Zeller

8                                                            Attorneys for SAMSUNG ELECTRONICS CO.,
                                                             LTD., SAMSUNG ELECTRONICS AMERICA,
9                                                            INC., and SAMSUNG
                                                             TELECOMMUNICATIONS AMERICA, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INTRODUCTION

Ninth Circuit law holds that the partial reversal of a judgment results in the vacatur of any costs award that is associated with the judgment.  As a result, the Federal Circuit's decision partially reversing the judgment in Apple's favor and remanding for further proceedings had the effect of vacating the prior award of costs in Apple's favor.  In seeking to recover the reversed costs award, Apple ignores this controlling Ninth Circuit precedent.

Moreover, vacatur of the costs award is necessary here because the factual bases for the costs award no long apply in light of the Federal Circuit's decision.  The Federal Circuit's decision reduced the jury's damages award by over $380 million and reverses the judgment for Apple on its trade dress claims.  Given these developments on appeal, Apple has obtained a mixed result in this litigation to date and has failed on important claims.  Ninth Circuit law mandates that this Court reconsider whether to award costs to Apple at all, and whether to reduce the amount of the award, in these circumstances.  Accordingly, Samsung moves for an order confirming that the prior award of costs is vacated or, in the alternative, vacating the costs award pursuant to Federal Rule of Civil Procedure 60(b)(5).

In addition, Samsung requests that the Court defer any further consideration of costs until the proceedings on remand are completed.  Courts in the Ninth Circuit have repeatedly concluded that all proceedings on remand should be completed before a new costs award is entered, and Apple has conceded in prior briefing that this is the rule.  Because the outcome of the remaining proceedings will impact the determination of whether Apple is entitled to recover costs and the amount of any such recovery, the question of Apple's entitlement to costs should be evaluated after the trial on remand.

# STATEMENT OF FACTS

<u>The Prior Trial Proceedings.</u>  On August 24, 2012, the jury reached a verdict in this case, awarding Apple $1.049 billion in damages.  Dkt. 1931 at 15.  On September 3, 2012, the parties entered a stipulation "to avoid burdening the Court with unnecessary or multiple stages of filings" whereby "[a]ny bill of costs under Rule 54 shall be filed 14 days after the Court enters judgment

resolving all post-trial motions filed pursuant to Rules 50, 52, 59, and 60." Dkt. 1954 at 2-3. The Court entered the stipulation and order. Dkt. 1957.

On March 1, 2013, the Court struck $450.5 million from the jury verdict. Dkt. 2271 at 26. In November 2013, the Court held a limited damages retrial and the jury awarded Apple $290.4 million in damages. Dkt. 2822 at 1. The Court then entered judgment in the amount of $929,780,039 on March 6, 2014. Dkt. 3017 at 1.

<u>Apple's Bill of Costs.</u>  On December 5, 2013, after the damages retrial, Apple filed its Bill of Costs and Samsung filed objections thereto. Dkt. 2852; Dkt. 2930. On February 6, 2014, Apple submitted an amended bill of costs and Samsung again filed objections. Dkt. 2942; Dkt. 2971-3. On June 6, 2014, the clerk taxed costs in the amount of $2.064 million. Dkt. 3110. Apple and Samsung both filed Motions for Review of Clerk's Taxation of Costs. Dkt. 3118; Dkt. 3119.

<u>The Court's Award of Costs.</u>  On September 19, 2014, the Court issued an Order Granting in Part and Denying in Part Apple's and Samsung's Motions to Review the Clerk's Taxation of Costs ("costs award"). Dkt. 3193. The Court found that Apple was the "prevailing party" because Apple "prevailed on claims of infringement as to nearly all of the accused Samsung products and was ultimately awarded almost $1 billion in damages." Dkt. 3193 at 7. The Court awarded Apple $1,871,302.78 in costs. Dkt. 3193.

<u>Samsung's Appeal.</u>  Samsung appealed the Court's costs award to the Federal Circuit, and the appeal was consolidated with the then-pending appeal from the Court's judgment on the merits. Dkt. 3203; *Apple Inc. v. Samsung Elecs. Co.,* No. 15-1029 (Fed. Cir. Oct. 29, 2014). On May 18, 2015, the Federal Circuit issued its opinion wherein it "reverse[d] the jury's findings that the asserted trade dresses are protectable." The Federal Circuit "therefore vacate[d] the jury's damages awards against the Samsung products that were found liable for trade dress dilution." *Apple Inc. v. Samsung Elecs, Co.*, 786 F.3d 983, 989 (Fed. Cir. 2015). The Federal Circuit also remanded "for any further proceedings necessitated by our decision to vacate the jury's verdicts on the unregistered and registered trade dress claims." *Id*. at 1005. The Federal Circuit's opinion did not discuss the costs award.

1        Further Proceedings on Remand.  The Federal Circuit's decision to vacate the jury's verdict on Apple's registered and unregistered trade dress claims set aside over $380 million in damages awarded for five products held to dilute trade dress.  Dkt. 3269 at 14.  On August 25, 2015, Apple sent a letter to the Court requesting that the Court enter partial final judgment for Apple in the amount of $548,176,477 and attaching a proposed form of judgment that did not include any reference to costs.  Dkt. 3264 at 2; Dkt. 3264-1.  Samsung filed objections to the entry of partial judgment.  Dkt. 3269.

        On September 1, 2015, the Court issued a Case Management Order setting briefing schedules and ordering a seven-day retrial on damages in March or April 2016.  Dkt. 3272.

        Apple's Letter Demanding Payment of Costs.  On August 25, 2015, Apple sent Samsung a letter, "request[ing] that Samsung confirm that it intends to promptly pay the [] awarded costs."  Becher Decl., Ex. 1.  Samsung responded with Ninth Circuit authority holding that a costs award is vacated when a judgment is partially reversed.  Becher Decl., Ex. 2.  On September 2, 2015, Apple told Samsung that it "intends to file a motion to enforce surety liability pursuant to Federal Rule of Civil Procedure 65.1 with respect to costs."  Becher Decl., Ex. 3.  In response, Samsung provided notice of its intent to file this motion, and lead counsel subsequently met and conferred.  Becher Decl. ¶ 6 & Ex. 4.[2]

## ARGUMENT

### I. BECAUSE THE FEDERAL CIRCUIT HAS PARTIALLY REVERSED THE JUDGMENT, THE COURT SHOULD ENTER AN ORDER CONFIRMING THAT THE COSTS AWARD IS VACATED

        Because Apple is seeking to proceed against the surety for payment of its costs, Samsung moves for confirmation that the costs award has been vacated.  Under Ninth Circuit law, the Federal Circuit's partial reversal of the judgment had the immediate effect of vacating the costs award.  As the Ninth Circuit has explained, in a case involving a partial reversal, "[w]here a

---

[2] The Court entered a stipulation providing that the lead counsel meet and confer requirement is satisfied if Samsung's lead counsel, Mr. Price, appears telephonically and Ms. Maroulis participates in person during the time period when Mr. Price is in New Jersey for a trial.  (Dkt. 3275).

reviewing court reverses a district court's judgment for the prevailing party, however, both the underlying judgment and the taxation of costs undertaken pursuant to that judgment are reversed." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1997) (citing *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964), disapproved of on other grounds by *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 443, 107 S.Ct. 2494, 2498, 96 L.Ed.2d 385 (1987)). In *Amarel*, the district court entered judgment for defendants on claims under Section 1 of the Sherman Act and Section 2 of the Sherman Act. The Ninth Circuit affirmed the judgment on the Section 1 claims but reversed on the Section 2 claims and remanded for a new trial. *Amarel*, 102 F.3d at 1524. And the court found that this partial reversal had the effect of automatically reversing the costs award. *Id.* at 1523.

Because the Federal Circuit partially reversed the judgment in this case, the Court's costs award was also vacated as a matter of law under *Amarel*. *See also Larin Corp. v. Alltrade Inc.*, 2010 WL 4394287 (C.D. Cal. 2010) (costs judgment was vacated where final judgment was partially reversed). While Apple has claimed in separate briefing that the costs award remains in place because the Federal Circuit did not specifically discuss costs in its decision (Dkt. 3277 at 4), *Amarel* provides that a partial reversal of a judgment necessarily vacates a costs award that rests on that judgment—and nothing in the opinion suggests that explicit language vacating the costs award is required.[3] There thus was no need for the Federal Circuit to specifically address the issue of costs in its decision.

Moreover, the factual underpinnings of the costs award no longer apply in light of the appellate decision. In issuing its costs award, the Court noted that Apple had been "awarded

---

[3] The authorities Apple has identified in its Motion to Enforce Surety Liability are inapposite. (Dkt. 3277 at 5-6). *Velazquez v. Costco Wholesale Corp.*, 603 Fed. Appx. 584, 585-87 (9th Cir. 2015), involved a costs award under the California Labor Code and California Business and Professions Code. Moreover, *Velazquez* explicitly affirmed the district court's costs award and did not remand the case for any further proceedings. *Id.* at 587. Similarly, the Tenth Circuit in *Lyon Dev. Co. v. Business Men's Assurance Co. of Am.*, 76 F.3d 1118, 1126-27 (10th Cir. 1996), addressed the issue of costs and did not remand the case. And the Eighth Circuit in *Pediatric Specialty Care, Inc. v. Arkansas Dep't of Human Servs.*, 364 F.3d 925, 933 (8th Cir. 2004), also specifically addressed the issue of costs. In contrast, here the Federal Circuit partially reversed the judgment and did not discuss costs.

almost $1 billion in damages." Dkt. 3193 at 7.  The Federal Circuit's decision has now reduced this amount by over $380 million.  The Federal Circuit's decision has also reduced the number of issues on which Apple succeeded—the judgment *for* Apple on its trade dress claims will now be entered *against* Apple, and the number of disputed liability issues on which Apple prevailed has decreased substantially.[4]  Becher Decl., ¶¶ 7-8.  Apple has obtained only a partial recovery that is far less than what it sought, and has had its claimed trade-dresses invalidated as functional.  The decision to award costs will need to be reconsidered, at the appropriate stage, in light of these developments, for as the Ninth Circuit has held, "[i]n the event of a mixed judgment … it is within the discretion of a district court to require each party to bear its own costs."  *Amarel*, 102 F.3d at 1523 (citing *Testa v. Village of Mundelein*, 89 F.3d 443 (7th Cir. 1996); *see Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1023 (9th Cir. 2003) (affirming refusal to award costs because prevailing party's recovery was partial, as evidenced by fact that "the damages awarded by the jury were significantly less than the amount of damages Plaintiff initially claimed was due under the contract"); *Oracle Am., Inc. v. Google Inc.*, 2012 WL 3822129, at *1-2 (N.D. Cal. Sept. 4, 2012) (proper to deny costs where issues were close and prevailing party's recovery was partial); *Postx Corp. v. Secure Data In Motion, Inc.*, 2006 WL 2067080, at *1-2 (N.D. Cal. July 24, 2006) (denying costs in patent infringement suit because prevailing party obtained a "mixed judgment").

Likewise, the amount of the eventual award of costs (if there is one) will need to be reassessed in light of the partial reversal.  Although the Court previously ruled that costs need not be reduced or allocated to account for Apple's partial success (Dkt. 3118 at 2, Dkt. 3193 at 7-8), the Court must assess "whether allocation of costs is necessary" in light of the Federal Circuit's partial reversal and the judgment for Samsung on additional claims that is required by that

---

[4] As part of the briefing prior to the costs award, Samsung calculated the number of disputed issues that each party had prevailed on with respect to Apple's asserted intellectual property rights.  Apple had prevailed on 107 disputed liability issues, which included some of its trade dress claims, and Samsung had prevailed on 67 disputed liability issues.  (Dkt. 3118, at 3 n.3.)  This number has been reduced as a result of the Federal Circuit's decision reversing the jury's findings in Apple's favor on its trade dress claims.  Apple has now only prevailed on 95 disputed liability issues and Samsung has prevailed on 79 disputed liability issues.  Becher Decl., ¶ 8.

almost $1 billion in damages." Dkt. 3193 at 7.  The Federal Circuit's decision has now reduced this amount by over $380 million.  The Federal Circuit's decision has also reduced the number of issues on which Apple succeeded—the judgment *for* Apple on its trade dress claims will now be entered *against* Apple, and the number of disputed liability issues on which Apple prevailed has decreased substantially.[4]  Becher Decl., ¶¶ 7-8.  Apple has obtained only a partial recovery that is far less than what it sought, and has had its claimed trade-dresses invalidated as functional.  The decision to award costs will need to be reconsidered, at the appropriate stage, in light of these developments, for as the Ninth Circuit has held, "[i]n the event of a mixed judgment … it is within the discretion of a district court to require each party to bear its own costs."  *Amarel*, 102 F.3d at 1523 (citing *Testa v. Village of Mundelein*, 89 F.3d 443 (7th Cir. 1996); *see Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1023 (9th Cir. 2003) (affirming refusal to award costs because prevailing party's recovery was partial, as evidenced by fact that "the damages awarded by the jury were significantly less than the amount of damages Plaintiff initially claimed was due under the contract"); *Oracle Am., Inc. v. Google Inc.*, 2012 WL 3822129, at *1-2 (N.D. Cal. Sept. 4, 2012) (proper to deny costs where issues were close and prevailing party's recovery was partial); *Postx Corp. v. Secure Data In Motion, Inc.*, 2006 WL 2067080, at *1-2 (N.D. Cal. July 24, 2006) (denying costs in patent infringement suit because prevailing party obtained a "mixed judgment").

Likewise, the amount of the eventual award of costs (if there is one) will need to be reassessed in light of the partial reversal.  Although the Court previously ruled that costs need not be reduced or allocated to account for Apple's partial success (Dkt. 3118 at 2, Dkt. 3193 at 7-8), the Court must assess "whether allocation of costs is necessary" in light of the Federal Circuit's partial reversal and the judgment for Samsung on additional claims that is required by that

---

[4] As part of the briefing prior to the costs award, Samsung calculated the number of disputed issues that each party had prevailed on with respect to Apple's asserted intellectual property rights.  Apple had prevailed on 107 disputed liability issues, which included some of its trade dress claims, and Samsung had prevailed on 67 disputed liability issues.  (Dkt. 3118, at 3 n.3.)  This number has been reduced as a result of the Federal Circuit's decision reversing the jury's findings in Apple's favor on its trade dress claims.  Apple has now only prevailed on 95 disputed liability issues and Samsung has prevailed on 79 disputed liability issues.  Becher Decl., ¶ 8.

reversal. *Amarel,* 102 F.3d at 1523-24; *see also E.E.O.C. v. Colgate-Palmolive Co.*, 617 F. Supp. 843, 844 (S.D.N.Y. 1985) ("Given the fact that this was an action based on numerous discrete claims . . . the costs in this action should be allocated between the two parties"); *Leeds & Northrup Co. v. Doble Eng'g Co.*, 41 F. Supp. 951, 952 (D. Mass. 1941) (apportioning costs where party prevailed on some issues but not others); *Simmons v. American Export Lines, Inc.*, 26 F.R.D. 111, 112 (S.D.N.Y. 1960) (apportioning costs in proportion to percentage of claims on which taxing party prevailed). Moreover, the costs award includes costs attributable to Apple's now-unsuccessful trade dress claims, *see, eg.,* Dkt. 2943-4 at 53-54, 57-58, 65-55 (seeking costs for depositions of Apple's trade dress experts Winer, Van Liere and Poret); Dkt. 3193 at 11 (awarding Apple all costs for deposition transcripts except expedite fees), and the decision to award such costs must be reassessed in light of the reversal of the judgment on those claims. *See Amarel*, 102 F.3d at 1523-24 (explaining that vacatur of costs award is required upon partial reversal to allow district court to consider whether to allocate costs in light of such reversal).

Accordingly, the Court should issue an order confirming that the costs award has been vacated.

## II.  IN THE ALTERNATIVE, THE COURT THE COURT SHOULD VACATE THE COSTS AWARD PURSUANT TO RULE 60(B)(5)

To the extent the costs award has not already been vacated as a result of the Federal Circuit's decision, Samsung requests that the Court vacate the costs award pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure, which provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: … it is based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. P. 60(b)(5). Because the underlying judgment has been partially reversed and the costs award was based on that judgment, and for the reasons explained above, the costs award cannot stand. *Kniespeck v. Unum Life Ins. Co. of Am.,* 2009 WL 3320289, at *1 (E.D. Cal. 2009) (granting motion under Federal Rule of Civil Procedure 60(b)(5) to vacate a costs award on remand in light of appellate court's reversal of judgment).


### III. THE COURT SHOULD COMPLETE ALL PROCEEDINGS ON REMAND BEFORE GIVING FURTHER CONSIDERATION TO COSTS

The Ninth Circuit has explained that district courts should complete proceedings on remand before considering a new costs award. *See, e.g., Amarel*, 102 F.3d at 1523 (directing district court to wait until resolution of case on remand before determining if new costs award is proper); *Larin Corp. v. Alltrade Inc.*, 2010 WL 4394287, at *1-2 (C.D. Cal. Oct. 28, 2010) (after final judgment was partially reversed on appeal, district court held that it would determine the prevailing party after the conclusion of proceedings on remand); *Shum v. Intel Corp.*, 682 F. Supp. 2d 992 (N.D. Cal. 2009), *aff'd*, 629 F.3d 1360 (Fed. Cir. 2010) (the district court modified the costs award after proceedings on remand). The Court should follow this guidance here. Indeed, Apple itself has previously recognized that all open issues should be resolved before a court finalizes an award of costs—in briefing prior to the appeal, Apple recognized that *Amarel* "stands for the proposition that the district court should resolve issues on remand before adjusting the costs award." Dkt. 3176 at 2-3.

The reasons identified in *Amarel* for deferring a new award of costs on remand fully apply here. First, the court in *Amarel* held that the outcome of the proceedings on the remanded claim "will bear on whether an award of costs is appropriate." *Amarel*, 102 F.3d at 1523. Second, the *Amarel* court ruled that it would be difficult to separate out costs incurred on each claim, and "[i]nstead of attempting to award partial costs at this juncture, the district court should await the outcome of the [remaining] claim to ascertain whether allocation of costs is necessary." *Id.* at 1524. Here too, it would be inefficient and counterproductive to resolve questions of costs piecemeal because the case is still ongoing, a new trial has been scheduled and the outcome of the trial will bear on whether a costs award is appropriate. The Court will be best positioned to make further determinations on costs when the entire case has been resolved, and the Court should thus defer such determinations until then.

### CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court (1) enter an order holding that its costs award is vacated or, in the alternative, enter an order vacating the costs award

1  pursuant to Federal Rule 60(b)(5); and (2) enter an order deferring further consideration of costs
2  until after the proceedings on remand have been completed.

5  DATED: September 10, 2015                Respectfully submitted,

                                            QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP


                                            By /s/ Victoria F. Maroulis
                                               Charles K. Verhoeven
                                               Kathleen M. Sullivan
                                               Kevin P.B. Johnson
                                               Victoria F. Maroulis
                                               Susan R. Estrich
                                               Michael T. Zeller

                                               Attorneys for SAMSUNG ELECTRONICS CO.,
                                               LTD., SAMSUNG ELECTRONICS AMERICA,
                                               INC., and SAMSUNG TELECOMMUNICATIONS
                                               AMERICA, LLC