[COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:      September 18, 2015<br>Time:      2:00 PM<br>Place:     Courtroom 1, 5th Floor<br>Judge:     Hon. Lucy H. Koh |

Pursuant to the Court's September 1, 2015, Order (Dkt. 3272), the parties submit this Joint Case Management Statement in connection with the Case Management Conference ("CMC") scheduled for September 18, 2015.

## I.     OVERVIEW

**Apple's Statement**:  The Federal Circuit has resolved all liability issues in this case, including all issues concerning infringement and validity of Apple's patents.  Apple seeks to resolve expeditiously the remaining issues, which relate solely to the amounts that Samsung owes for its infringement of Apple's patent rights.  This requires four things:  (1) entry and enforcement of an immediate judgment pursuant to the Federal Circuit's mandate; (2) enforcement of the Court's previously-affirmed order on costs from the trials to date; (3) an accounting of supplemental damages and prejudgment interest stemming from the portion of the judgment affirmed by the Federal Circuit; and (4) a short damages trial on the products that have been remanded, to be conducted under the Court's prior "Groundhog Day" rules.

Following the Federal Circuit's mandate, Apple submitted a proposed form of judgment asking this Court to enter partial final judgment for Apple in the amount of $548,176,477.  (Dkt. 3264.)  Apple has also responded to Samsung's objections regarding that judgment.  (Dkt. 3276.)  Apple has moved for enforcement of the costs order.  (Dkt. 3277.)  This statement addresses the remaining issues—supplemental damages, prejudgment interest, and the steps leading to a damages trial on five products that have been remanded—and offers separate proposed schedules for each of these two final categories of damages.

**Samsung's Statement:**  Despite Apple's apparent rush, certain procedural and substantive rules have to be followed.  Samsung has shown through its recent briefing that Apple's attempt to pressure the Court into quickly accepting its proposed form of partial final judgment on a product-by-product basis is contrary to law, the prior ruling of this Court, and Apple's own previous position on this same issue.

Likewise, Apple's position on supplemental damages and prejudgment interest is contrary to this Court's prior orders and Apple fails to establish good cause to modify those orders.  Moreover, Apple's request that it be allowed to use a trial exhibit from the 630 case, which was

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 11-cv-01846-LHK (PSG)
pa-1709348

1

1  also previously rejected by the Court, instead of the appropriate sales data to be produced by

2  Samsung, is baseless.  The information from the 630 case includes sales of products that do not

3  use the features held to infringe in this case, and therefore use of the 630 trial exhibit here would

4  grant Apple a huge windfall of damages on noninfringing phones.  A calculation of supplemental

5  damages must be limited to *infringing* post-verdict sales.  *See Syndia Corp. v. Gillette Co.*, No.

6  01-c-2485, 2002 WL 2012473, at *2-4 (N.D. Ill. Aug. 30, 2002) (patentee not entitled to

7  discovery or supplemental damages for sales of redesigned products).  If Apple wishes to seek

8  damages on products that do not use the hardware and software accused at trial in *this* case, it

9  must carry the heavy burden of "proving by clear and convincing evidence 'both that the newly

10  accused product is not more than colorably different from the product found to infringe and that

11  the newly accused product actually infringes.'"  *nCube Corp. v. SeaChange Int'l Inc.*, 732 F.3d

12  1346, 1349 (Fed. Cir. 2013) (quoting *TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 882-83 (Fed.

13  Cir. 2011)); *see also Minemyer v. R-Boc Representatives, Inc.*, No. 07 C 1763, 2012 WL 2423102

14  at *3 (N.D. Ill. Jun. 26, 2012) (denying an injunction and supplemental damages for redesigned

15  products not accused at trial because plaintiff did "nothing to meet that burden or even approach

16  the rigorous analysis required by *TiVo Inc.*"); *XpertUniverse, Inc. v. Cisco Systems, Inc.*, No. 09–

17  157–RGS, 2013 WL 6118447 at *10 (D. Del. Nov. 20, 2013) ("A party seeking to include a new

18  product version in post-verdict relief must prove that the new version is not more than colorably

19  different from the product found to infringe, and that the newly accused product actually

20  infringes.").

21       As for pending procedural issues and filings, Samsung submitted objections to Apple's

22  proposed form of partial final judgment (Dkt. 3265; Dkt. 3269).  Samsung moved for entry of

23  judgment of invalidity on the '915 patent and alternatively to stay further proceedings in light of

24  the PTAB's final decision invalidating the '915 patent (the "'915 Motion") (Dkt. 3267).  To the

25  extent the Court is not planning to entertain argument on Samsung's '915 Motion at the

26  September 18th CMC, Samsung respectfully requests an alternative hearing date.  Samsung also

27  moved to confirm vacatur of the prior costs order in light of the Federal Circuit's partial reversal

28  and noticed that motion for hearing on December 10, 2015 (Dkt. 3279).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.     SUPPLEMENTAL DAMAGES AND PREJUDGMENT INTEREST

**Apple's Statement:** The Court previously determined that Apple is entitled to supplemental damages for post-verdict infringing sales by Samsung, and defined the method by which those damages should be calculated.  (Dkt. 2271 at 2-8.)  The Court also determined that prejudgment interest was necessary to compensate Apple for the time between Samsung's infringement and entry of the judgment.  (*Id.* at 7.)  The Court deferred the calculation of supplemental damages and prejudgment interest, however, until after the appeal of the final judgment was resolved.  Therefore, there has been no award yet of supplemental damages or prejudgment interest.  (*Id.* at 6, 8.)

The Court may now do an accounting for supplemental damages and prejudgment interest.

***First***, with respect to the products that are not subject to the damages retrial, Apple will file a motion for an accounting of supplemental damages after the Case Management Conference. Apple's calculation will use the methods defined in the Court's March 1 Order re Damages. (Dkt. 2271.)  Using these methods, Apple estimates that supplemental damages will be on the order of $180 million.  All the information that is required to calculate supplemental damages has already been produced in this case or in the 630 case.  In fact, in June 2014, Apple provided Samsung and the Court with a declaration containing the relevant calculations.  (630 Case, Dkt. 1908-4-1908-12, Declaration of Marylee Robinson Re: Supplemental Damages ("630 Robinson Dec.") at ¶¶ 4-14 & Exs. 1-5.)  Consistent with this declaration, Apple will use the unit sales data for certain products from October 2012 through 2013 from PX142 in the 630 case and is requesting cross use of this single exhibit.  Samsung has never contested the accuracy of the unit sales figures in PX142, which came from Samsung's own sales records, and the Court concluded previously that cross use between the two cases in similar circumstances is warranted.  (Dkt. 2093 at 3) ("Accordingly, Samsung's request to use discovery materials from the 630 case in connection with its post-trial briefing is GRANTED.").)  For reasons discussed below, Apple does not believe any additional discovery is required to complete the calculations dictated by the Court's prior orders.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 11-cv-01846-LHK (PSG)
pa-1709348

3

*Second*, Apple will also request an accounting for the prejudgment interest owed on the damages award already affirmed by the Federal Circuit and on the supplemental damages. Apple will provide the appropriate calculation, using the Court's previously identified methods, in the same motion. Samsung offers no reason why an award of prejudgment interest on the damages already affirmed by the Federal Circuit cannot be or should not be fully calculated now.

*Third*, with respect to the five "trade dress products" on which the Federal Circuit remanded, the Court need not calculate any supplemental damages. For four of these remand products (Fascinate, Galaxy S 4G, Mesmerize, and Vibrant), there are no supplemental damages because Samsung stopped selling those products before the jury's August 2012 verdict. To reduce the number of issues before the Court and to allow entry of judgment on supplemental damages now, Apple will not seek supplemental damages on the one other remanded product (Galaxy S Showcase). Thus, the Court is now in a position to calculate supplemental damages in this case once and for all time.

Consistent with past strategy, Samsung's statement seeks an extended delay and renewed opportunities to contest its infringement of Apple's patents. This serves neither justice nor judicial economy; with Samsung's appeal having now been concluded, the Court should reject Samsung's renewed efforts to avoid an award of supplemental damages.

Contrary to Samsung's suggestions, there is no reason to wait until the trial of the remanded products is complete. Supplemental damages will be calculated only on smartphones for which the Federal Circuit has affirmed both infringement and damages.

Nor should Samsung be permitted to delay for six weeks (until October 23, 2015) the production of new financial data. The same or equivalent data was produced more than a year ago in what became PTX142 in the 630 case. If the Court will not permit cross use, any production of new financial data should occur before the end of September.

Finally, the Court should not revisit issues of infringement and the Court's methods for calculating supplemental damages, when both were properly subjects for the already-resolved appeal. The liability issues arising from Samsung's infringement of Apple's patents by the smartphones that Samsung marketed before August 24, 2012 has been finally resolved, and,

1  despite clear direction from this Court, Samsung chose not to raise the Court's rulings on

2  supplemental damages in connection with its appeal.  (Dkt. 2271 at 6 ("Moreover, as discussed

3  above, there are complex issues with regard to supplemental damages for which there is no clear

4  precedent. Thus, proceeding without the Federal Circuit's guidance may cause unnecessary

5  expenditures of time and resources.")); Dkt. 2947 at 3 ("The Court maintains its conclusion that

6  obtaining the Federal Circuit's guidance, both as to the merits as well as to how to calculate

7  supplemental damages, before proceeding with an accounting is the most efficient and acceptable

8  way to proceed."))

9      Samsung nonetheless wants to relitigate both issues based on its unsupported claim that

10  the smartphones sold after August 24, 2012 differed from the products sold before August 24,

11  2012.  Samsung's statement offers nothing to define what the differences are or show that these

12  differences arose only after August 24, 2012.[1]  Nor does Samsung provide any justification for a

13  change in the methodology stated in the Court's March 1, 2013 Order Re Damages, which the

14  Court adopted following extensive briefing regarding what products should be included and in

15  what way.  (Dkt. 2271 at 5-6)  The Court should reject Samsung's request to hold what would

16  effectively be a new trial on infringement with new discovery, new exhibits, new source code,

17  and new expert reports, particularly absent a clear statement of the specific changes at issue and

18  evidence that each of them post-date August 24, 2012.[2]

19      This is certainly not required by the cases included in Samsung's statement above.  The

20  three cases that apply the "not more than colorably different" standard focus on what a patentee

---

[1] Apple received from Samsung the text appearing on page 7 of this statement at 9pm on the Friday night that this statement was being filed.  Apple disputes Samsung's claims and can address them at the conference if necessary.

[2] Contrary to Samsung's statement, Apple did not agree that the determination of supplemental damages "will require new discovery" beyond the production of complete sales data for the products still being sold.  (See Dkt. 2876 at 6-7.)  Samsung has already provided the missing sales data in PTX142.  Nor has Apple ever suggested that additional expert discovery is required.  Ms. Robinson's previously-filed declaration simply reflects financial computations conducted according to the Court's preexisting instructions. (630 Case Dkt. 1908-4-1908-12 ¶¶ 4-14 & Exs. 1-5)  Finally, Apple has never admitted that Samsung successfully redesigned any product.  To the contrary, it contested Samsung's claim and demonstrated that Samsung's alleged redesigns predated the August 24, 2012 verdict.  (Dkt. 2919-3 at 8 n. 7.)

1   must prove to enforce *injunctive relief* for new products not addressed in the jury's verdict. *nCube*

2   *Corp. v. SeaChange Int'l Inc.*, 732 F.3d 1346, 1349 (Fed. Cir. 2013) (restating the standard to

3   prove contempt of a permanent injunction for a product not part of the verdict);  *XpertUniverse,*

4   *Inc. v. Cisco Sys., Inc.*, No. 09–157–RGA, 2013 WL 6118447, at *9 (D. Del. Nov. 20, 2013)

5   (same); *Minemyer v. R-Boc Representatives, Inc.*, No. 07 C 1763, 2012 WL 2423102, at *3 (N.D.

6   Ill. June 26, 2012) (same).  And all involved circumstances in which the parties did not dispute

7   the specific changes that the defendants made to redesign its products or that the additional

8   products were not included within the jury's verdict.    Here the subject is supplemental damages,

9   and the products are those that were the subject of the August 24, 2012 jury verdict.

10          For all these reasons, now is the time to implement the Court's prior rulings defining the

11   methodology for calculating supplemental damages and finalize the award of supplemental

12   damages.  Apple proposes the following schedule directed specifically to this element of

13   damages:

14   Motion for Supplemental Damages and Prejudgment Interest:

15          Samsung's financial production (if necessary)          September 30, 2015

16          Opening brief:                                                            October 14, 2015

17          Opposition brief:                                                        October 28, 2015

18          Reply brief:                                                               November 4, 2015

19          Hearing:                                              To be determined by the Court[3]

20          **Samsung's Statement:**  Apple's proposal would risk a potential windfall award to Apple

21   far beyond any amount consistent with patent law.  Determination of supplemental damages and

22   _____

23          [3] If the Court permits Samsung now to contest infringement of Apple's patents for the five
products for which an award of supplemental damages is required (three Galaxy S II models,
Droid Charge and Galaxy Prevail), a separate and much more complicated set of proceedings will

24   be necessary.  Samsung will first need to make a complete disclosure of the alleged differences
between the products sold after August 24, 2012 and the products sold before that date and a clear

25   statement of contentions why these differences avoid infringement.  Thereafter, the Court will
need to set a schedule for additional factual and expert discovery regarding these contentions and

26   a separate schedule for motions or an evidentiary hearing to resolve these claims.  Neither the
schedule stated above nor the schedule provided by Samsung is suitable for this purpose in

27   significant part because it skips entirely any identification by Samsung of the relevant differences
between the products sold before and after August 24, 2012.

28

1  interest should be addressed only after "the completion of the appeals in this case." (Dkt. 2271 at

2  6; *see also* Dkt. 2947 at 3.)

3      The five phones at issue incorporate various changes that avoid infringement. For

4  example, black phones held to infringe the D'677 patent, which claims a black surface, were

5  changed to white instead. Samsung ***already presented*** evidence of its design arounds during

6  briefing on Apple's permanent injunction motions. As the record shows:

7   • Apple does not dispute that phones that are not black avoid infringing the D'677 patent

8     (Dkt. 2054 at 14; Dkt. 279, ¶ 87; Dkt. 281-10 (showing a white Samsung Galaxy S II

9     (i9100) as an alternative to the D'677); 7/24/12 Hearing Tr. 14:14-15:8 ("whatever else is

10    true of the front face, it must be black. That's a limitation of this claim. . . . It wouldn't

11    meet the first claim unless the front face was black.").

12  • Apple does not dispute that changes in Firmware Version 2.3.6 presented in the Lucente

13    declaration of October 19, 2012 (Dkt. 2057, ¶¶ 23-29) avoid infringement of the D'305

14    patent. (Dkt. 2127-2 at 8-9.)

15  • Apple does not dispute that the changes identified in the Gray and Van Dam declarations

16    of October 18, 2012 (Dkt 2054-2 ¶¶50-55; Dkt 2054-5 ¶¶32-34) avoid infringement of the

17    '381 and '163 patents.   (Dkt. 2127-2 at 8-9; Dkt. 2915-3 at 20-21.)

18  Apple has never denied that Samsung incorporated these changes, and a design around for the

19  '915 patented feature (Dkt. 2054-2 ¶¶ 31-45), in the phones that Apple now seeks to collect

20  supplemental damages on. (Dkt. 2054 at 13-14.)

21      Apple seeks to conflate rulings on infringement—which Samsung does not ask the Court

22  to reopen—with design around. While Samsung was not permitted to present its design arounds

23  to the jury, that preclusion never applied to post-trial proceedings such as supplemental damages.

24  (Dkt. 1106 at 4) ("this restriction does not extend beyond trial to any post-trial proceeding . . . ").

25  Apple's complaint that some of these design arounds occurred before the verdict is irrelevant.

26      Determining the amount of supplemental damages and interest will not be a simple matter,

27  but it will not involve revisiting infringement rulings.

28

1    *First*, as the parties and the Court have previously acknowledged, the process "will require

2    additional discovery." (Dkt. 2947 at 3.)  Apple's proposal to use a trial exhibit from the 630 case

3    is inappropriate for several reasons.  It is not "equivalent" data, because it includes Samsung's

4    new white phones, for example.  As Apple has never disputed, Samsung redesigned many of the

5    accused products to remove the features accused of infringement.  A calculation of supplemental

6    damages must be limited to *infringing* post-verdict sales.  *See supra.*  The trial exhibit from the

7    630 case includes unit sales that Apple does not, and cannot, argue use the infringing features

8    here.  Use of the data produced in the 630 case in place of the relevant data would grant Apple a

9    windfall of damages based on noninfringing phones.  Samsung is prepared to produce up-to-date

10   sales information when appropriate; it has not done so simply because the Court has previously

11   recognized proceedings on supplemental damages would be premature.  Because Samsung is

12   willing to produce its sales data, there is no reason for Apple to rely on documents from the 630

13   case, which Apple has acknowledged is not allowed under the protective order for that case and

14   would require the Court to alter that order.[4]

15   *Second*, the calculation of supplemental damages and interest will require expert

16   declarations or reports, and depositions.  Apple's reference to its previous submission in the form

17   of an expert declaration admits as much; the fact that both parties will need to prepare an opinion

18   on the calculation of supplemental damages using new, appropriate sales data makes the need for

19   expert opinions more apparent.  Samsung should have the opportunity to test Apple's expert

20   opinions in depositions.  For this reason alone, Apple's compressed schedule is unacceptable.

21   *Third*, if Apple seeks to recover supplemental damages based on the jury's award of lost

22   profits for the '915 patent, the Court should revise the method of calculation in light of its

23   subsequent ruling limiting Apple's lost profits period based on notice dates.  (Dkt. 2660.)  Under

24   that ruling, Apple's lost profits period ends before the date of the verdict, whereas all units

25

26   _____

     [4]   Samsung is also willing to identify, for each of the five phones, each incorporated
27   change that avoids infringement through design arounds.  This is simply a matter of identifying
     any color changes (avoiding the D'677), firmware updates (D'305), and software updates (the
     utility patents).

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 11-cv-01846-LHK (PSG)
pa-1709348

8

1    subject to supplemental damages were sold after the verdict. Apple is not entitled to

2    supplemental damages based on those lost profits awards because the lost profits period never

3    extends to the post-verdict period. Therefore, to the extent that certain of the jury's damages

4    awards based on lost profits damages for the '915 patent are used in calculating supplemental

5    damages, those calculations must exclude any lost profits amounts.

6           Separately, there is no good cause to change the Court's prior finding that proceeding on

7    supplemental damages as Apple again proposes is premature.

8           *First*, Samsung's upcoming petition to the Supreme Court for certiorari on issues in the

9    Federal Circuit's opinion, if granted, would likely impact the availability and amount of damages

10   for the remaining jury awards, and consequently the calculation of supplemental damages and

11   interest.

12          *Second*, the PTAB's final rejection of the '915 patent is inconsistent with the calculation

13   of any supplemental damages and interest based on damages awarded for the '915 patent.

14   Apple's misguided wish to collect damages on a patent held invalid is not cause for this Court to

15   schedule compressed proceedings on complex damages issues.

16          *Third*, Apple has indicated that it wants the Court to determine supplemental damages and

17   interest now so that Apple can "separately move for entry of judgment on those amounts." (Dkt.

18   3276 at 9.) Apple has identified no precedent for a separate judgment on supplemental damages

19   and interest, which would be plainly inconsistent with the well-established policy against

20   "piecemeal litigation" and appeals. *Pause Tech. LLC v. TiVo Inc.*, 401 F.3d 1290, 1293 (Fed. Cir.

21   2005) (quoting *Nystrom v. TREX Co.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003)). Thus Apple's

22   urgency to resolve supplemental damages and interest before the upcoming trial is baseless.

23   **III.     SCHEDULING PROPOSALS FOR TRIAL OF REMANDED PRODUCTS**

24          **Apple's Scheduling Proposal:** Apple provides the following scheduling proposal

25   specific to the trial of damages on the five remanded products.[5] In light of the Federal Circuit's

26

27          [5] The schedule for supplemental damages, including for any new discovery, expert reports
     and evidentiary proceedings, is considered separately in section II above.

28

1  mandate, the trial on remand is limited solely to the calculation of damages for these products.

2  Pursuant to the Court's Case Management Order, the parties will use the same witnesses, same

3  experts and same methods for their calculations. (Dkt. 3272 at 2-3.)

4       On many dates for the remand trial, Apple and Samsung agree. On two, they disagree.

5  First, Samsung requests a staggered exchange for updated damages expert reports. Because the

6  Court's "Groundhog Day" rules apply, these updated damages reports are limited to a

7  recalculation of patent damages for five products and removing any damages attributable to trade

8  dress dilution. Under these circumstances, a simultaneous exchange of updated reports by Ms.

9  Davis and Mr. Wagner is more efficient and sensible. Second, the parties disagree on the date

10  trial should start. There is no justification for waiting two months after the pretrial conference for

11  a trial in which opening, closings and all testimony will take no more than three days. Apple thus

12  proposes March 9, 2015. Apple also asked Samsung for any other option in the month of March,

13  but Samsung has refused to offer any date other than April 25, the start of the last week that

14  complies with the Court's Case Management Order.

15

16  Apple's and Samsung's Updated Expert Reports:                     November 6, 2015

17  Close of Period for Expert Depositions on Updated Reports:        December 11, 2015

18  Motions to Strike Expert Reports:

19       Opening briefs:        December 18, 2015

20       Opposition briefs:     January 14, 2016

21       Replies:               January 21, 2016

22       Hearing:               February 4, 2016

23  Joint Identification of Trial Witnesses (from prior lists):      January 22, 2016

24  Joint Pretrial Statement, including:                             February 11, 2016

25       Updated Statement of Proposed Witnesses

26       Updated Jury Instructions

27       Updated Voir Dire Questions

28       Updated Jury Verdict Form

1    Updated Jury Binder

2  Pretrial Conference:                                        February 25, 2016

3  Pretrial Exchanges:

4    Apple's "rolling 7":                                      March 7, 2016

5    Samsung's "rolling 7":                                    March 8, 2016

6    Exchange of Opening Statement Demonstratives:             March 4, 2016

7        Limited to 50 slides each

8    Initial witness disclosures:                              three days prior

9    Objections to Opening Statement Demonstratives:           March 7, 2016

10   Initial witness objections (joint filing):                two days prior

11  Trial                                         starting:    March 9, 2016

12  Post Trial Motions:

13   Opening briefs:        March 24, 2016

14   Opposition briefs:     April 7, 2016

15   Replies:               April 14, 2016

16   Hearing:               May 5, 2016

17

18  **Samsung's Scheduling Proposal:**

19      Samsung in large part has compromised to agree to Apple's proposed case schedule.  The

20  main points of difference are these:  (1) Supplemental damages and prejudgment interest.  For the

21  reasons given in Section II above, Samsung does not believe that a compressed briefing schedule

22  on these issues is feasible or consistent with the prior rulings in this case.  Nevertheless, should

23  the Court see fit to schedule proceedings on supplemental damages prior to the damages retrial,

24  Samsung proposes that expert reports related to supplemental damages be exchanged and

25  depositions conducted in concert with the reports and depositions for the damages retrial (as the

26  reports will presumably be from the same experts).  Samsung would produce information on post-

27  verdict infringing sales on October 23, 2015, two weeks before Apple's report.  Briefing on

28  supplemental damages would occur following that.  (2) Updated expert reports.  Samsung has

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 11-cv-01846-LHK (PSG)
pa-1709348

11

1    accepted Apple's dates for Apple's updated expert report and the close of expert depositions, but

2    believes that, consistent with prior practice in this case, Samsung's reports on issues where Apple

3    bears the burden should be submitted as rebuttal reports.  (3) Trial.  Apple's proposed trial time

4    conflicts with trial and personal obligations of several of Samsung's core trial attorneys and

5    witnesses, including a previously scheduled trial in *Broadband iTV, Inc. v. Oceanic Time Warner*

6    *Cable, LLC and Time Warner Cable Inc*., No. CV 15-00131-ACK-RLP (D. Hawaii), set for

7    March 15, 2016.  Because of the above scheduling conflicts of the Samsung team in March and

8    April prior to April 25, Samsung requested Apple to suggest potential trial dates in May.  Apple

9    refused.

10          Here is Samsung's proposed schedule:

11

| | |
|---|---|
| Apple's Updated Expert Reports: | November 6, 2015 |
| Samsung's Updated Expert Reports: | November 20, 2015 |
| Close of Period for Expert Depositions on Updated Reports: | December 11, 2015 |
| Motion for Supplemental Damages and Prejudgment Interest: | |

Opening brief:    December 15, 2015

Opposition brief:    January 8, 2016

Reply:    January 15, 2016

Hearing:    February 4, 2016, or at the Court's convenience

Motions to Strike Expert Reports:

Opening briefs:    December 18, 2015

Opposition briefs:    January 14, 2016

Replies:    January 21, 2016

Hearing:    February 4, 2016

| | |
|---|---|
| Joint Identification of Trial Witnesses:[6] | January 22, 2016 |
| Joint Pretrial Statement, including: | February 11, 2016 |

---

[6]   From prior lists unless leave of Court obtained.

1        Updated Statement of Proposed Witnesses

2        Updated Jury Instructions

3        Updated Voir Dire Questions

4        Updated Jury Verdict Form

5        Updated Jury Binder

6  Pretrial Conference:        February 25, 2016

7  Pretrial Exchanges:

8        Apple's initial "rolling 7" list:        April 22, 2016

9        All subsequent "rolling 7" lists:        Day prior to anticipated testimony

10        Exchange of Opening Statement Demonstratives:        April 20, 2016

11            Limited to 75 slides each

12        Objections to Opening Statement Demonstratives:        April 21, 2016

13        Initial witness disclosures:        April 21, 2016

14        Initial witness objections:        April 22, 2016

15        Subsequent witness disclosures:        3 days prior

16        Subsequent witness objections:        2 days prior

17  Trial        starting:        April 25, 2016

18  Post Trial Motions:

19        Opening briefs:        Friday, May 13, 2016

20        Opposition briefs:        Friday, May 20, 2016

21        Replies:        Thursday, May 26, 2016

22        Hearing:        Thursday, June 2, 2016

## IV.    ADR

**Apple's Statement**: The remaining issues to be tried to a jury are limited to the amount of damages that Samsung owes for its sales of five infringing products.  Thus, as an alternative to a fourth trial, Apple would be willing to participate in binding, final, and non-appealable arbitration to calculate the final amounts owed to Apple for those five products, provided that such arbitration take place on a schedule that would conclude no later than December 31, 2015

1   and the Court's prior "Groundhog Rules" apply to the arbitration.  To the extent supplemental

2   damages are not resolved by motion, Apple would be prepared to include those issues in the

3   arbitration.  Multiple prior efforts at private mediation have been unsuccessful. However in

4   advance of and in addition to arbitration, Apple would also be willing to mediate again with

5   Magistrate Judge Spero as ordered earlier in the case.  If Samsung is unwilling to agree to this

6   procedure, Apple requests that the Court schedule a trial for March pursuant to Apple's proposal

7   above.

8           **Samsung's Statement**:  Samsung is willing to engage in a mediation with the private

9   mediator previously used by the parties or another mutually agreed upon private mediator.  While

10  Samsung suggests a mediation before a private mediator to avoid burdening the Court, Samsung

11  is also willing to mediate with Magistrate Judge Spero.  Samsung proposes that the mediation be

12  completed by November 15, 2015.

13

14  **V.        ADDITIONAL ISSUES**

15          **Samsung's Statement**:  Samsung respectfully requests that the Court provide an

16  opportunity for Samsung to respond to Apple's new arguments in support of its proposed form of

17  final judgment.  The Court previously stated that it would not accept further briefing (Dkt. 3272

18  at 1), however, Apple raised its new arguments only after Samsung had already filed objections to

19  Apple's proposed form of partial final judgment and after the Court had set the briefing limits.

20  Samsung believes the Court would benefit from a short reply from Samsung responding to

21  Apple's newly raised arguments, including citation to authorities that directly contradict Apple's

22  position.

23

24

25

26

27

28

Dated:   September 11, 2015

MORRISON & FOERSTER LLP
HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100


By:   _/s/ Harold J. McElhinny_
        Harold J. McElhinny

   Attorneys for Plaintiff and Counterclaim-
    Defendant APPLE INC.


QUINN EMANUEL URQUHART & SULLIVAN,
LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100


By:   _/s/ Victoria F. Maroulis_
        Victoria F. Maroulis

        Attorneys for Defendants and
        Counterclaim-Plaintiffs  SAMSUNG
        ELECTRONICS CO., LTD., SAMSUNG
        ELECTRONICS AMERICA, INC. and
        SAMSUNG TELECOMMUNICATIONS
        AMERICA, LLC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION OF E-FILED SIGNATURE**

I, Victoria F. Maroulis, am the ECF User whose ID and password are being used to file this Joint Case Management Statement.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Harold J. McElhinny has concurred in this filing.

Dated:  September 11, 2015          */s/ Victoria F. Maroulis*
                                                    Victoria F. Maroulis

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 11-cv-01846-LHK (PSG)
pa-1709348

16