QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION FOR ENTRY OF JUDGMENT OF INVALIDITY ON THE '915 PATENT AND TO STAY FURTHER PROCEEDINGS IN LIGHT OF THE PTAB'S FINAL DECISION INVALIDATING THE '915 PATENT**<br><br>Date:    To be set by Court<br>Time:    1:30 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................... 1

ARGUMENT ................................................................................................................................. 2

I.  THE MANDATE RULE DOES NOT PRECLUDE ENTRY OF JUDGMENT OF INVALIDITY ON THE '915 PATENT, OR A STAY ....................................................... 2

    A.  The Federal Circuit's Affirmance Of This Court's Infringement Judgment Does Not Preclude Consideration Of The PTAB's Invalidity Ruling ...................... 2

    B.  The Federal Circuit Did Not Actually Decide The Effects Of The PTAB's Ruling On This Proceeding ...................................................................................... 4

    C.  Manifest Injustice Would Warrant Deviation From A Decision Rejecting, Without Briefing, Collateral Estoppel Or A Stay ....................................................... 6

II. COLLATERAL ESTOPPEL APPLIES TO THE PTAB'S FINAL INVALIDITY DECISION ............................................................................................................................. 6

    A.  Apple's Conflation Of Cancellation With Finality Is Erroneous ............................. 6

    B.  Collateral Estoppel Applies Under Controlling Finality Authorities That Apple Ignores .......................................................................................................... 9

III. SAMSUNG'S ALTERNATIVE REQUEST FOR A STAY SHOULD BE GRANTED ........................................................................................................................... 10

CONCLUSION ............................................................................................................................. 13

# TABLE OF AUTHORITIES

**Page**

**Cases**

*AbbVie Deutschland GmbH & Co. v. Janssen Biotech, Inc.*,
 759 F.3d 1285 (Fed. Cir. 2014) ..................................................................................................8

*Aevoe Corp. v. AE Tech Co., Ltd.*,
 No. 2:12-cv-00053-GMN-NJK, 2014 WL 1089676 (D. Nev. Mar. 18, 2014) ...........................7

*Amado v. Microsoft Corp.*,
 517 F.3d 1353 (Fed. Cir. 2008) ..................................................................................................4

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
 786 F.3d 983 (Fed. Cir. 2015) ..................................................................................................10

*B&B Hardware, Inc. v. Hargis Indus., Inc.*,
 135 S. Ct. 1293 (2015) ......................................................................................................1, 8, 9

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*,
 776 F.3d 837 (Fed. Cir. 2015) ....................................................................................................6

*Carrier Corp. v. Goodman Global, Inc.*,
 No. 12-930-SLR, 2014 WL 2042470 (D. Del. May 8, 2014) ...............................................7, 12

*CreAgri, Inc. v. Pinnaclife, Inc.*,
 No. 11-CV-6635-LHK, 2013 WL 6673676 (N.D. Cal. Dec. 18, 2013) ......................................7

*Desper Prods., Inc. v. QSound Labs, Inc.*,
 157 F.3d 1325 (Fed. Cir. 1998) ..................................................................................................5

*Engel Indus., Inc. v. Lockformer Co.*,
 166 F.3d 1379 (Fed. Cir. 1999) ..................................................................................................3

*ePlus, Inc. v. Lawson Software, Inc.*,
 760 F.3d 1350 (Fed. Cir. 2014) ..............................................................................................2, 3

*Exxon Chemical Patents, Inc. v. Lubrizol Corp.*,
 137 F.3d 1475 (Fed. Cir. 1998) ..............................................................................................4, 5

*Flexiteek Ams., Inc. v. PlasTEAK, Inc.*,
 No. 08-60996-CIV, 2010 WL 2976859 (S.D. Fla. July 20, 2010) ...........................................12

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
 721 F.3d 1330 (Fed. Cir. 2013) ..........................................................................................2, 3, 7

*Gould, Inc. v. United States*,
 67 F.3d 925 (Fed. Cir. 1995) ......................................................................................................6

*Hall v. Shinseki*,
 717 F.3d 1369 (Fed. Cir. 2013) ..................................................................................................5

*In re Katz Interactive Call Processing Patent Litig.*,
 No. 2:07-ML-1816, 2013 WL 3223382 (C.D. Cal. June 12, 2013) ...........................................9

*Laitram Corp. v. NEC Corp.*,
    115 F.3d 947 (Fed. Cir. 1997) ................................................................................... 3, 4, 5

*Moulds v. Bullard*,
    452 F. App'x 851 (11th Cir. 2011) ..................................................................................... 6

*Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*,
    170 F.3d 1373 (Fed. Cir. 1999) ......................................................................................... 9

*SK Hynix Inc. v. Rambus Inc.*,
    No. C-00-20905, 2013 WL 1915865 (N.D. Cal. May 8, 2013) ........................... 2, 12, 13

*Scott v. Churchill*,
    377 F.3d 565 (6th Cir. 2004) ............................................................................................. 6

*Smartflash LLC v. Apple Inc.*,
    No. 6:13-cv-447-JRG (E.D. Tex. Sept. 4, 2015) ............................................................. 13

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*,
    996 F.2d 1236 (Fed. Cir. 1993) ....................................................................................... 11

*SynQor, Inc. v. Artesyn Techs., Inc.*,
    No. 2011-1191, 2012 U.S. App. LEXIS 1992 (Fed. Cir. Jan. 31, 2012) ........................ 11

*Tan v. Integrated Silicon Solutions, Inc.*,
    No. C 07-06166, 2008 WL 2340217 (N.D. Cal. June 5, 2008) ........................................ 9

*Trans-Sterling, Inc. v. Bible*,
    804 F.2d 525 (9th Cir. 1986) ............................................................................................. 5

*Ultratec, Inc. v. CaptionCall, LLC*,
    ---F. App'x---, No. 2015-1694, 2015 WL 4528272 (Fed. Cir. June 30, 2015) .............. 12

*Ultratec, Inc. v. Sorenson Commc'ns, Inc.*,
    No. 13-cv-346-BBC, 2015 WL 2248437 (W.D. Wis. May 13, 2015) ............................ 12

*United States v. Bass*,
    104 F. App'x 997 (5th Cir. 2004) ..................................................................................... 6

*United States v. Cuddy*,
    147 F.3d 1111 (9th Cir. 1998) ........................................................................................... 6

*Westside Mothers v. Olszewski*,
    454 F.3d 532 (6th Cir. 2006) ............................................................................................. 5

**Statutes**

35 U.S.C. § 141(b) ....................................................................................................................... 8

37 C.F.R. § 2.145(a) ..................................................................................................................... 9

37 C.F.R. § 41.61 ......................................................................................................................... 7

# INTRODUCTION

In response to Samsung's motion for judgment, Apple asks the Court not to even consider the PTAB's invalidation of its patent-in-suit. But controlling authorities that Apple fails to address show that the invalidity ruling should be considered—and is entitled to preclusive effect now, prior to any appeal of that ruling to the Federal Circuit. And even under the authorities that Apple cites, the minimum relief of a stay is warranted.

*First*, the appellate court's mandate does not prohibit consideration of the PTAB's ruling. To the contrary, Federal Circuit authority explicitly holds that a collateral finding of patent invalidity must be considered and applied *even when* a judgment of validity and infringement was entered and affirmed on a prior appeal. Nor did the Federal Circuit address, much less actually decide, whether the PTAB's invalidity ruling has preclusive effect or warrants a stay. Both issues thus fall outside the scope of the mandate.

*Second*, in arguing that a PTAB ruling can never have collateral estoppel effect prior to cancellation, Apple treats *cancellation* as necessary for *finality*. But that is incorrect. While Apple's authorities explain that a cancelled patent is deemed void *ab initio*, only finality is needed for the separate doctrine of collateral estoppel to apply. Apple offers no substantial argument on this score, and fails to acknowledge the Supreme Court's recent decision in *B&B Hardware*, the Federal Circuit's recognition that collateral estoppel may well apply in the circumstances here, and the authorities which have applied estoppel prior to cancellation.

*Third*, as to Samsung's alternative request for a stay, Apple's half-page response is unpersuasive. Apple claims that the mandate rule precludes a stay, but Samsung never sought such relief from the appellate court, and so that court could not possibly have decided its propriety. Apple makes no argument that the mandate rule prohibits a stay of the impending retrial in any event. Apple also ignores the authorities which hold that a stay is warranted when invalidation proceedings before the PTO are at an advanced stage, and does not dispute that the salient facts that led the Federal Circuit in prior cases to affirm stays, and to reverse denials of stays, are equally present here.

1   For these reasons, the Court should grant judgment for Samsung on Apple's claims of '915
2   patent infringement and vacate the damages relating thereto, or at a minimum stay all proceedings
3   relating to that patent.

**ARGUMENT**

**I.   THE MANDATE RULE DOES NOT PRECLUDE ENTRY OF JUDGMENT OF INVALIDITY ON THE '915 PATENT, OR A STAY**

Apple incorrectly argues that the Federal Circuit's mandate precludes consideration of the PTAB's invalidity decision because (1) the Federal Circuit affirmed this Court's judgment of validity and infringement as to that patent and remanded for the immediate entry of judgment, purportedly barring further consideration of those issues, and (2) the Federal Circuit purportedly rejected the application of collateral estoppel based on the PTAB's ruling.   Dkt. 3278 ("Opp.") at 2-3.   Both points are wrong.[1]

**A.   The Federal Circuit's Affirmance Of This Court's Infringement Judgment Does Not Preclude Consideration Of The PTAB's Invalidity Ruling**

Apple argues, first, that consideration of the PTAB's invalidity decision would contradict the Federal Circuit's affirmance of the judgment of infringement on the '915 patent.   Opp. at 2. But Apple's only authority for this claim, *SK Hynix Inc. v. Rambus Inc.*, No. C-00-20905, 2013 WL 1915865 (N.D. Cal. May 8, 2013), pre-dates and is inconsistent with superseding authority in *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013) and *ePlus, Inc. v. Lawson Software, Inc.*, 760 F.3d 1350 (Fed. Cir. 2014), and is no longer good law on this issue.

In *SK Hynix*, a party moved for summary judgment on remand from a prior appeal based on the collateral estoppel effect of a PTAB invalidity ruling.   2013 WL 1915865, at *6.   The court recognized "the … strong policy against enforcing patents that have been determined to be invalid, even when the issue of invalidity is raised late in the litigation proceedings."   *Id.* at *9. Nevertheless, the court declined to afford collateral estoppel effect to the invalidity determination because the Federal Circuit had already affirmed its prior judgment of validity.   *See id.* at *6, 9.

---

[1]   To the extent Apple argues that the "immediate" language in the Federal Circuit's mandate prevents consideration of the present motion, Samsung incorporates by reference the arguments it made in Samsung's Objections To Apple's Proposed Partial Final Judgment addressing that issue.   Dkt. 3269.

-2-   Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT OF INVALIDITY ON '915 PATENT

But in its subsequent *Fresenius* decision, the Federal Circuit made clear that a "district court **must** apply intervening legal developments affecting [an] asserted patent's validity, even if the court of appeals already decided the validity issue the other way." 721 F.3d at 1342 (emphasis added). In that case, the Federal Circuit had previously ruled that a patent was not invalid and affirmed the district court's grant of judgment as a matter of law against the defendant on invalidity. *Id.* at 1333. The court also gave explicit instructions to limit proceedings on remand to reconsideration of an injunction and the amount of royalties awarded. *Id.* But because the *entire case* had not been *completely* resolved, the Federal Circuit subsequently ruled that the PTAB's intervening invalidity determination had to be applied notwithstanding the Federal Circuit's prior affirmance of the validity judgment. *Id.* at 1341, 1342-46.

Similarly, in *ePlus*, the Federal Circuit partially affirmed a judgment of infringement in the first appeal and remanded for modification of an injunction consistent with its opinion. 760 F.3d at 1353. On remand, the district court modified the injunction and sanctioned the defendant for violating its terms. *Id.* at 1354-55. The defendant appealed, and while the appeal was pending, the PTO invalidated the relevant patent. *Id.* at 1352, 1355. The Federal Circuit then vacated both the injunction and the sanctions on appeal, ruling that the effects of the PTO's invalidation had to be considered despite the prior affirmance of the judgment of infringement. *Id.* at 1355-60.

As these authorities show, the mandate rule does not preclude consideration of a collateral invalidity determination even when the appellate mandate encompasses validity and contemplates narrow remand proceedings. This is consistent with the general rule that the scope of issues encompassed by an appellate court mandate is "measured by the *scope of the judgment appealed from*," *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1382 (Fed. Cir. 1999) (emphasis added), and thus does not encompass the effects of a collateral ruling of invalidity that post-dates the original final judgment. The PTAB's ruling invalidating Apple's patent was issued long after this Court's prior final judgment, and the effect of the invalidity ruling on this case thus was not encompassed by this Court's prior judgment, or the mandate on appeal from that judgment. *Id*. at 1382-83; *see Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 950-52 (Fed. Cir. 1997) (scope of

appellate review is limited to order appealed from).   Apple ignores these elemental principles in arguing otherwise.

### B.   The Federal Circuit Did Not Actually Decide The Effects Of The PTAB's Ruling On This Proceeding

Nor is Apple correct that Samsung's letter informing the Court of Appeals of the PTAB's ruling brought the effects of that ruling within the scope of the mandate.   The PTAB issued its decision on December 9, 2014—after the close of briefing on Samsung's appeal in this case and after oral argument had taken place.   Although Samsung brought the ruling to the Court of Appeal's attention by letter thereafter, *see* Fed. Cir. Case No. 14-1335, Dkt. 152-1, the appellate court did not acknowledge the PTAB ruling, did not invite briefing or argument as to its effects, and did not address the issue in its ultimate opinion.   Nothing in the record on appeal suggests that the Federal Circuit even considered the PTAB's ruling, let alone decided what effects it should have on this case—the record on appeal reflects silence on these issues, and nothing more. And because only "issues *actually decided* on appeal … are foreclosed from further consideration" on remand, *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008) (quotation marks omitted) (emphasis added), consideration of these issues by this Court is not foreclosed.

Apple agrees (Opp. at 3) that the Federal Circuit did not address the PTAB ruling but argues that the court *necessarily* rejected Samsung's collateral estoppel arguments *by implication* through its silence.[2]   But Federal Circuit law is clear that the court's silence in response to Samsung's letter carries "no inferential weight," *Laitram*, 115 F.3d at 951, and that "it would be a mistake to conclude that a court's non-response to an argument … necessarily means that the court has rejected that argument on the merits," *Exxon Chemical Patents, Inc. v. Lubrizol Corp.*, 137 F.3d 1475, 1479 (Fed. Cir. 1998).   In *Laitram,* for example, the Federal Circuit held that its denial of the defendant's letter request to clarify the scope of the mandate did not support an inference that the defendant's arguments "were decided by implication."   115 F.3d at 950, 951. Similarly, in *Exxon*, the Federal Circuit ruled that its "non-response to an argument made in a

---

[2]   At no point did Samsung request a stay on appeal based on invalidation of the '915 patent—and because there was no stay request at all, there is no basis for any argument that the Federal Circuit impliedly rejected such a request.

1  rehearing petition" did not mean that the court had rejected that argument on the merits.   137
2  F.3d at 1479.

3      In this case, too, the appellate court's failure to address the PTAB ruling does not imply any particular ruling on the merits.   The far more plausible (and certainly possible) inference is that the appellate court chose not to address the PTAB ruling *as a procedural matter*.   The PTAB issued its invalidity ruling after Samsung's appeal was fully briefed and after oral argument had occurred, and there is no procedural vehicle that permits the presentation of new arguments at that juncture—Samsung notified the appellate court of the ruling by letter under Federal Rule of Appellate Procedure 28(j), but such letters are designed solely for the presentation of new authorities, not new arguments.   *See, e.g.*, *Hall v. Shinseki*, 717 F.3d 1369, 1373 n.4 (Fed. Cir. 2013) ("Of course, if the [Rule 28(j)] letter presented new argument, it would be improper."); *Desper Prods., Inc. v. QSound Labs, Inc.*, 157 F.3d 1325, 1335 (Fed. Cir. 1998) ("Rule 28(j) … permits a party to bring supplemental authorities to the court's attention, not supplemental argument."); *Trans-Sterling, Inc. v. Bible*, 804 F.2d 525, 528 (9th Cir. 1986) ("Rule 28(j) permits a party to bring new *authorities* to the attention of the court; it is not designed to bring new evidence through the back door.").   The Federal Circuit did not acknowledge Samsung's letter or invite briefing, and Samsung thus had no opportunity to brief the issue of collateral estoppel or to argue its merits.

    "Where there is substantial doubt as to whether a prior panel actually decided an issue, the district court should not be foreclosed from considering the issue on remand."   *Westside Mothers v. Olszewski*, 454 F.3d 532, 539 (6th Cir. 2006).   It is highly unlikely that the Federal Circuit chose to resolve the merits of the collateral estoppel (or stay) issues without briefing, and there is at a minimum substantial doubt as to whether these issues were decided.   The issues certainly were not *necessarily* decided when they were raised only in a Rule 28(j) letter and were not addressed by the appellate court at all.   The issues thus fall outside the scope of the mandate rule.   *Exxon*, 137 F.3d at 1479; *Laitram*, 115 F.3d at 951.

### C. Manifest Injustice Would Warrant Deviation From A Decision Rejecting, Without Briefing, Collateral Estoppel Or A Stay

In all events, a decision in a prior appeal is not binding if it is "'clearly erroneous and would work a manifest injustice.'" *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 776 F.3d 837, 842 (Fed. Cir. 2015) (quoting *Gould, Inc. v. United* States, 67 F.3d 925, 930 (Fed. Cir. 1995)). There was no decision by the Federal Circuit that the PTAB's invalidity determination is not entitled to collateral estoppel effect and does not warrant a stay—but any perceived decision to that effect, entered without briefing or argument, would have been clearly erroneous for the reasons explained in Samsung's motion and below, warranting deviation from the mandate. *See, e.g.*, *Moulds v. Bullard*, 452 F. App'x 851, 856 (11th Cir. 2011) (unpubl.) (mandate rule did not bind district court where prior appellate decision was clear error); *United States v. Bass*, 104 F. App'x 997, 999-1000 (5th Cir. 2004) (unpubl.) (district court erred in implementing "clearly erroneous" appellate mandate that "said too much" about its effect); *Scott v. Churchill*, 377 F.3d 565, 569-70 (6th Cir. 2004) (similar); *United States v. Cuddy*, 147 F.3d 1111, 1115 (9th Cir. 1998) (similar).

## II. COLLATERAL ESTOPPEL APPLIES TO THE PTAB'S FINAL INVALIDITY DECISION

Apple does not dispute (Opp. at 4) that two of the three collateral estoppel requirements are satisfied by the PTAB's final decision invalidating the '915 patent. Apple argues instead that the PTAB's decision will not be "final"—the third element of estoppel—until the Federal Circuit affirms it on appeal and the PTO issues a certification of cancellation. But Apple fails to cite any authorities that even *discuss* collateral estoppel in making this argument, and Apple ignores *all* of the controlling authorities on this issue. Once the controlling authorities are considered, it is clear that collateral estoppel applies now.

### A. Apple's Conflation Of Cancellation With Finality Is Erroneous

The thrust of Apple's response is that a PTO invalidity ruling is not final, for purposes of collateral estoppel, until the patent has been cancelled. But Apple offers no authority that says this.

1    Apple relies, *first*, on *Fresenius*.   Opp. at 5.   In that case, the Federal Circuit ruled that
2  cancellation of a patent by the PTO rendered that patent void *ab initio*.   *Fresenius,* 721 F.3d at
3  1344-46.   But the court did not address whether the *earlier* ruling by the PTAB invalidating the
4  patent would have been entitled to collateral estoppel effect, for that issue was not presented.
5  *Fresenius* thus did not hold that a final PTAB decision must be affirmed by the Federal Circuit
6  before it is entitled to collateral estoppel effect; it did not speak to that issue at all.
7    Nor, *second*, do any of the district court decisions cited by Apple (Opp. at 5-6) address the
8  issue of collateral estoppel.   In *CreAgri*, this Court reviewed the defendant's summary judgment
9  arguments without reference to invalidity findings in a final PTO office action (prior to PTAB
10 appeals) because that office action was still subject to substantial further review.   *CreAgri, Inc. v.*
11 *Pinnaclife, Inc.*, No. 11-CV-6635-LHK, 2013 WL 6673676, at *5 (N.D. Cal. Dec. 18, 2013) (Koh,
12 J.), *aff'd*, 579 Fed. App'x 1003 (Fed. Cir. 2014).   In *Aevoe*, the district court declined to dissolve
13 a preliminary injunction based on an examiner's final rejection in an *inter partes* reexamination
14 which could be appealed to the PTAB.   *Aevoe Corp. v. AE Tech Co., Ltd.*, No. 2:12-cv-00053-
15 GMN-NJK, 2014 WL 1089676, at *3 (D. Nev. Mar. 18, 2014)[3]; 37 C.F.R. § 41.61.   And in
16 *Carrier*, the district court denied a motion to stay based on an examiner's invalidity finding which
17 could be appealed to the PTAB.   *Carrier Corp. v. Goodman Global, Inc.*, No. 12-930-SLR, 2014
18 WL 2042470, at *1 (D. Del. May 8, 2014).   None of these cases involved a final decision by the
19 PTAB invalidating a patent, and none even *mentioned* collateral estoppel, let alone resolved the
20 issues here.
21   *Third*, Apple also errs in arguing (Opp. at 4) that "the Patent Act expressly states that
22 PTAB re-examination decisions are not final until after judicial review (or until the time for
23 seeking review has expired)."   Section 307(a), which Apple cites, provides that "when the time
24 for appeal has expired or any appeal proceeding has terminated, the Director will issue and publish

---

[3] In reaching its decision, the *Aevoe* district court incorrectly characterized the holding in *Fresenius*.   *Id*. at *3.   The Federal Circuit did not hold in *Fresenius* "that the decisions are not 'final' until the patent owner has exhausted all avenues of appeal, including appeal to the Federal Circuit."   *Id*.   As shown above, while the *Fresenius* court held that a cancelled patent is deemed void *ab initio,* it did not even address whether a final decision of invalidity by the PTAB is entitled to collateral estoppel effect.

-7-     Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT OF INVALIDITY ON '915 PATENT

a certificate canceling any claim of the patent finally determined to be unpatentable, confirming any claim of the patent determined to be patentable, and incorporating in the patent any proposed amended or new claim determined to be patentable." This provision thus informs the Director when to perform an administrative function—the issuance and publication of a certificate cancelling a claim that *previously* was "finally determined to be unpatentable"—but the statute does not specify when that final determination was made. A *separate* statute, however, makes clear that *the PTAB's decision* is the PTO's "final decision": "A patent owner who is dissatisfied with the *final decision* in an appeal of a reexamination to the Patent Trial and Appeal Board under section 134(b) may appeal the Board's decision only to the United States Court of Appeals for the Federal Circuit." 35 U.S.C. § 141(b) (emphasis added). Apple is thus plainly wrong in claiming that the Patent Act "expressly" states that there is no final decision prior to judicial review; the statute actually says the opposite.[4]

Accordingly, Apple cites no authority supporting its position that there can be no finality prior to cancellation. And Apple's position is undermined by Federal Circuit authority that Apple ignores. In *AbbVie*—the leading Federal Circuit case on the collateral estoppel effect of PTAB rulings—the Federal Circuit ruled that a PTAB *patent interference* decision was not entitled to preclusive effect because the patentee could still seek a *de novo* district court trial under Section 146, a factor that ordinarily defeats collateral estoppel. *AbbVie Deutschland GmbH & Co. v. Janssen Biotech, Inc.*, 759 F.3d 1285, 1295-97 (Fed. Cir. 2014). But the court also recognized that a PTAB ruling for which only a traditional appeal to the Federal Circuit is available under Section 141—such as the PTAB's invalidity ruling here—would be different. *Id.* ("Whether a Board's interference decision that is on appeal under § 141 can have collateral estoppel effect on issues raised in a co-pending litigation is another question, one we need not address here."). The *AbbVie* decision does not conclusively resolve the collateral estoppel issue

---

[4] In *B&B Hardware*, the Supreme Court explained that "courts may take it as given that Congress has legislated with the expectation that the principle [of issue preclusion] will apply except when a statutory purpose to the contrary is evident." *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S.Ct. 1293, 1303 (2015) (citation omitted). As shown, there is nothing in the Patent Act that reveals any congressional intent, "evident" or otherwise, that final PTAB decisions would *not* have collateral estoppel effect.

before the Court—but it does show that analysis of this issue must be based on traditional collateral estoppel factors, and not based on the supposed equivalence of finality with cancellation.

### B. Collateral Estoppel Applies Under Controlling Finality Authorities That Apple Ignores

Considering the question of finality rather than cancellation, there is no doubt that the PTAB's ruling is entitled to collateral estoppel effect. Apple does not dispute "that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding." *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373, 1381 (Fed. Cir. 1999); *see* Dkt. 3267 ("Mot.") at 8. Apple does not deny that a petition for rehearing is likewise no obstacle to the application of collateral estoppel. *See id.*; Mot. at 8-9. And Apple ignores the teachings of the Restatement, which explains that "[i]t is not necessary that [an] administrative adjudication have been reviewed and affirmed by a court" for it to be preclusive. Restatement (Second) of Judgments § 83 cmt. A (1982); Mot. at 9.

Apple equally ignores the Supreme Court's recent decision in *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S.Ct. 1293 (2015), which confirmed that "issue preclusion is not limited to those situations in which the same issue is before two *courts*" and held that final decisions by administrative agencies are entitled to collateral estoppel effect no less than decisions of courts. *Id.* at 1303, 1310; Mot. at 6-7. Apple does not deny that this holding—made as to a decision by the TTAB which was appealable to the Federal Circuit, *see* 37 C.F.R. § 2.145(a)—applies equally to the decision of the PTAB here. And Apple fails to acknowledge the several district court decisions that applied collateral estoppel to final PTAB rulings of invalidity even before the Supreme Court offered this guidance. *See Tan v. Integrated Silicon Solutions, Inc.*, No. C 07-06166, 2008 WL 2340217, at *3-4 (N.D. Cal. June 5, 2008) (rejecting argument that patent holder "should not be precluded from asserting claim 11 because he is currently appealing the Board's [invalidity] decision to the Federal Circuit"); *In re Katz Interactive Call Processing Patent Litig.*, No. 2:07-ML-1816, 2013 WL 3223382, at *2 (C.D. Cal. June 12, 2013) (similar); Mot. at 9.

There is, accordingly, no basis for *not* applying collateral estoppel to the PTAB's ruling.

### III. SAMSUNG'S ALTERNATIVE REQUEST FOR A STAY SHOULD BE GRANTED

In all events, the minimum remedy of a stay is warranted, particularly in light of the advanced stage of the proceedings in the PTO, because a stay would avoid inconsistent results, conserve resources, and prevent prejudice to Samsung with no undue harm to Apple.  Mot. at 13-19.  Apple fails to address any of these issues in its short response, and instead makes two faulty arguments.

*First*, Apple argues (Opp. at 7) that the mandate forecloses any stay of proceedings because it would purportedly "violate the express terms of the Federal Circuit's remand" to "'immediate[ly]' enter judgment."  But as shown above, the mandate rule covers only matters within the scope of the judgment on appeal (which the PTAB's ruling was not), and the Federal Circuit could not possibly have actually decided the propriety of a stay because Samsung never sought a stay based on the PTAB proceedings before that court.  In any event, the Federal Circuit explicitly remanded the case for "any further proceedings necessitated" by its decision, *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 786 F.3d 983, 1005 (Fed. Cir. 2015), and Apple makes no argument that the Court is somehow precluded from staying the proceedings that are necessary.  This Court has already determined that a retrial to recalculate damages for five products will be needed. Dkt. 3272 (Case Management Order) at 2-3.  Apple agrees that such a proceeding is "require[d]" (Dkt. 3280 (Joint Case Management Statement) at 1), and has stated that even more needs to be done in the coming months to calculate supplemental damages and prejudgment interest on still more products (*id.* at 1, 3-6; Dkt. 3276 at 8 ("Apple is not seeking immediate entry of judgment on supplemental damages or prejudgment interest at this time.  Apple will instead separately move for entry of judgment on those amounts.")).  Apple offers no argument for how the court would be violating the mandate in staying these proceedings, which even Apple agrees are not required to be done "immediately."

*Second*, Apple claims (Opp. at 7) that, apart from the mandate rule, a stay is unwarranted because this Court denied a stay two years ago.  But Apple overlooks the very different circumstances that underlie Samsung's present motion.  At the time of Samsung's prior motion in November 2013, the PTO examiner had just issued an advisory action finding claims of the '915

-10-  
Case No. 11-cv-01846-LHK  
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT OF INVALIDITY ON '915 PATENT

1  patent invalid.  *See* Dkt. 2811 at 1.  Since that time, Apple filed a notice of appeal with the
2  PTAB, the PTAB conducted a full hearing in Washington, D.C. with three ALJs, and the PTAB
3  issued its final decision affirming the examiner.  *See* Mot. at 4 (describing proceedings).  And
4  this Court has previously recognized that such further advancement in the stage of PTO
5  proceedings changes the balance and supports a stay.  Dkt. 2320 (April 29, 2013 Hearing
6  Transcript) at 11:24-12:6 ("If the examiner decides not to reopen the case and Apple is forced to
7  file a notice of appeal, then I think that that third factor may then swing into Samsung's favor,
8  because if this an invalid patent, then certainly it would be more prejudicial and more of a tactical
9  disadvantage to Samsung to have to do a second trial and to have to do, you know, further
10 litigation on I.P. that may ultimately not be valid.").  Even if a stay was not warranted in 2013, it
11 is now.

   Authority that Apple does not address makes clear that stays pending reexaminations are
13 appropriate even where prior requests have been denied and the trial court proceedings have
14 progressed beyond trial.  In *Standard Havens*, the Federal Circuit *reversed* a district court order
15 denying a stay of a damages-only trial (such as here) where the patent had been held invalid by the
16 BPAI (again such as here), finding it was "legal error" not to grant the stay.  *Standard Havens*
17 *Prods., Inc. v. Gencor Indus., Inc.*, 996 F.2d 1236, *1 (Fed. Cir. 1993) (unpubl.).  That a trial on
18 infringement and validity had already occurred did not support the stay denial.  *Id.*  In denying a
19 stay in 2013, this Court distinguished *Standard Havens* on the basis that "Apple ha[d] not yet
20 undertaken an administrative appeal to the PTAB, much less initiated any action to challenge the
21 PTO's decision in federal court," expressing concern that the "PTAB appeal process may be quite
22 lengthy."  Dkt. 2831 at 6 & n.6.  The PTAB appeal process is now over, and Apple's patent
23 remains invalidated.  The unresolved administrative procedures that led the Court to deny a stay
24 previously thus no longer apply.[5]

---

[5] The ruling in *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2011-1191, 2012 U.S. App. LEXIS 1992 (Fed. Cir. Jan. 31, 2012) (unpubl.) (cited at Dkt. 2831 at 7) also does not apply to the facts of this case now because there the examiner's rejection had only just been appealed to the BPAI and a "lengthy administrative process that even the appellants predict will take at least 10-14 months to complete" was still to come.  *Id.* at *6-7.  That process is over here.

-11-  Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT OF INVALIDITY ON '915 PATENT

1         Similarly, in *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-cv-346-BBC, 2015 WL
2  2248437 (W.D. Wis. May 13, 2015), *appeal dismissed sub nom. Ultratec, Inc. v. CaptionCall,*
3  *LLC*, ---F. App'x---, No. 2015-1694, 2015 WL 4528272 (Fed. Cir. June 30, 2015) (unpubl.), a
4  district court recently granted a stay pending reexamination, despite having denied two previous
5  stay motions when the PTO proceedings were at earlier stages, 2015 WL 2248437, at *2, and the
6  Federal Circuit upheld the stay, 2015 WL 4528272, at *3.   Once the PTAB issued its final
7  decision (but, as here, before any rehearing by the PTAB or appeal to the Federal Circuit), the
8  court held that a stay was warranted—even though the jury had already rendered its verdict and
9  only post-trial motions were pending.   2015 WL 2248437, at *4-5; *see also id.* at *4 ("I denied
10 defendants' first two requests for a stay in large part because at that time the outcome of the *inter*
11 *partes* review was speculative and it was not clear that the proceeding would address the issues
12 that would be determinative in this case.   However, circumstances have changed ….").   As in
13 *Ultratec*, the advanced stage of the PTO proceedings warrants a stay, particularly given the
14 scheduling of a damages retrial.
15         Likewise, in *Flexiteek Ams., Inc. v. PlasTEAK, Inc*., No. 08-60996-CIV, 2010 WL
16 2976859 (S.D. Fla. July 20, 2010), the district court had already determined validity on summary
17 judgment, conducted a trial on liability and damages, and issued an injunction, and was solely
18 overseeing post-judgment issues relating to execution of the judgment when it granted a stay
19 based on reexamination proceedings.   *Id.* at *1-2, *5–8.   The PTO had only proceeded to the
20 Advisory Action stage, prior to any appeal to the BPAI, *id.* at *3-4, yet the district court still found
21 that "the PTO's determination should control" because "the PTO's Advisory Action is not only
22 the most recent decision regarding the '881 Patent's validity, it is a decision made after a thorough
23 examination of the matter conducted by a body which holds particular expertise in such issues,"
24 *id.* at *6.   Accordingly, the court terminated the injunction and stayed execution on the judgment
25 and all post-judgment discovery.   *Id.* at *7-8.
26         Even the authority on which Apple relies elsewhere, *SK Hynix*, recognizes the propriety of
27 a stay in the circumstances here.   While the court there did not grant a stay, it declined to do
28 so only because the PTO's invalidity ruling could never have any effect on the damages awards,

1  which were supported by additional patents.  *SK Hynix,* 2013 WL 1915865, at *10, *16.  But
2  the court made clear that if the situation were as here, where the PTAB's invalidity ruling has a
3  direct effect on damages, "the court likely would at least stay the instant proceedings" to avoid
4  awarding damages for a patent that has been invalidated.  *Id*.

5  Apple's actions in a separate case are also telling.  Just two weeks ago, Apple moved to
6  stay a patent damages retrial pending reexamination proceedings that had been recently initiated in
7  the PTO.  *See* Apple's Motion to Stay Damages Retrial at 6-7, *Smartflash LLC v. Apple Inc*., No.
8  6:13-cv-447-JRG (E.D. Tex. Sept. 4, 2015), ECF No. 610.  Apple argues there that "[t]his is a
9  case about money, and money would be an adequate remedy for any compensable injury to
10 Smartflash resulting from delay," *id*. at 6, and that "although a trial date was recently set,
11 numerous discovery tasks remain to be completed, including the exchange of supplemental or
12 amended expert reports for the damages retrial and related depositions, as well as motions
13 practice, jury selection, and trial," *id*. at 7.  The same is true here; the main difference is that, in
14 this case, the PTO proceedings are much *further* along.  Apple's own positions thus likewise
15 support the grant of a stay here.

16 Apple has given the Court no basis to deny a stay in light of the advanced stage of the PTO
17 proceedings invalidating Apple's patent-in-suit.  The minimum relief of a stay should be granted.

18 **<u>CONCLUSION</u>**

19 For the foregoing reasons, the Court should grant Samsung's motion in its entirety.

20 DATED: September 16, 2015         QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP
21

22                                  By   */s/ Victoria F. Maroulis*
                                         Charles K. Verhoeven
23                                       Kathleen M. Sullivan
                                         Kevin P.B. Johnson
24                                       Victoria F. Maroulis
                                         Michael T. Zeller
25
                                         Attorneys for SAMSUNG ELECTRONICS CO.,
26                                       LTD., SAMSUNG ELECTRONICS AMERICA,
                                         INC., and SAMSUNG
27                                       TELECOMMUNICATIONS AMERICA, LLC

28

-13-                                                             Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT OF INVALIDITY ON '915 PATENT