```
 1                UNITED STATES DISTRICT COURT

 2               NORTHERN DISTRICT OF CALIFORNIA

 3                     SAN JOSE DIVISION

 4

 5

       APPLE INC., A CALIFORNIA        )  C-11-01846 LHK
 6     CORPORATION,                    )
                                       )  SAN JOSE, CALIFORNIA
 7                    PLAINTIFF,       )
                                       )  SEPTEMBER 18, 2015
 8             VS.                     )
                                       )  PAGES 1-75
 9     SAMSUNG ELECTRONICS CO., LTD.,  )
       A KOREAN BUSINESS ENTITY;       )
10     SAMSUNG ELECTRONICS AMERICA,    )
       INC., A NEW YORK CORPORATION;   )
11     SAMSUNG TELECOMMUNICATIONS      )
       AMERICA, LLC, A DELAWARE        )
12     LIMITED LIABILITY COMPANY,      )
                                       )
13                    DEFENDANTS.      )
       _____)

14

15

16              TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE LUCY H. KOH
17              UNITED STATES DISTRICT JUDGE

18

19

20             APPEARANCES ON NEXT PAGE

21

22     OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                   CERTIFICATE NUMBER 9595
23

24

25          PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
               TRANSCRIPT PRODUCED WITH COMPUTER
```

```
 1

 2      A P P E A R A N C E S:

 3    FOR PLAINTIFF           MORRISON & FOERSTER
      APPLE:                  BY:  HAROLD J. MCELHINNY
 4                                 RACHEL KREVANS
                              425 MARKET STREET
 5                            SAN FRANCISCO, CALIFORNIA  94105

 6                            BY:  ERIK J. OLSON
                              755 PAGE MILL ROAD
 7                            PALO ALTO, CALIFORNIA  94304

 8                            WILMER, CUTLER, PICKERING,
                              HALE AND DORR
 9                            BY:  WILLIAM F. LEE
                                   LAUREN B. FLETCHER
10                            60 STATE STREET
                              BOSTON, MASSACHUSETTS  02109
11
                              BY:  MARK D. SELWYN
12                            950 PAGE MILL ROAD
                              PALO ALTO, CALIFORNIA  94304
13

14    FOR DEFENDANT           QUINN, EMANUEL, URQUHART & SULLIVAN
      SAMSUNG:                BY:  VICTORIA F. MAROULIS
15                            555 TWIN DOLPHIN DRIVE
                              SUITE 560
16                            REDWOOD SHORES, CALIFORNIA  94065

17                            BY:  CARL G. ANDERSON
                              50 CALIFORNIA STREET, 22ND FLOOR
18                            SAN FRANCISCO, CALIFORNIA  94111

19

20

21

22

23

24

25
```

```
1      SAN JOSE, CALIFORNIA                SEPTEMBER 18, 2015

2                      P R O C E E D I N G S

3         (COURT CONVENED AT 2:13 P.M.)

4             THE COURT:  GOOD AFTERNOON AND WELCOME.  SORRY WE'RE

5      STARTING LATE.

6             THE CLERK:  CALLING CASE 11-CV-01846, APPLE,

7      INCORPORATED VERSUS SAMSUNG ELECTRONICS COMPANY.

8         IF THE PARTIES WOULD PLEASE STATE THEIR APPEARANCES FOR

9      THE RECORD.

10            MR. MCELHINNY:  GOOD AFTERNOON, YOUR HONOR.

11     HAROLD MCELHINNY AND RACHEL KREVANS FOR THE PLAINTIFF, APPLE.

12            MR. LEE:  GOOD AFTERNOON, YOUR HONOR.  BILL LEE AND

13     MARK SELWYN AND LAUREN FLETCHER FROM WILMER, HALE FOR APPLE.

14            MS. MAROULIS:  GOOD AFTERNOON, YOUR HONOR.

15     VICTORIA MAROULIS AND CARL ANDERSON FOR SAMSUNG.

16        AND BILL PRICE ISN'T HERE.  HE'S IN TRIAL AND HE

17     APOLOGIZES.

18            THE COURT:  ALL RIGHT.  GOOD AFTERNOON AND WELCOME TO

19     EVERYONE.

20        ALL RIGHT.  THE TIME IS NOW, WHAT, 2:13.  LET'S TRY TO GO

21     THROUGH THIS FAIRLY QUICKLY.

22        LET ME FIRST START OFF WITH THE ALTERNATIVE DISPUTE

23     RESOLUTION ISSUE.  IT SEEMS THAT BOTH PARTIES WOULD BE OPEN TO

24     A SETTLEMENT CONFERENCE WITH JUDGE SPERO.  DOES THAT SOUND

25     CORRECT?
```

1          MS. MAROULIS:  YES, YOUR HONOR.

2          THE COURT:  AND WITH A DEADLINE OF NOVEMBER 15 OF

3   2015.

4          MS. MAROULIS:  YES.

5          MR. MCELHINNY:  WE WOULD -- WE AGREE TO THAT, YOUR

6   HONOR.  WE'D LIKE TO POINT OUT, WE DON'T THINK IT'S A VALUABLE

7   USE OF OUR TIME.  I MEAN, WITH THE RESPONSE THAT WE GOT TODAY,

8   WITH THE FACT THAT THESE COMPANIES KNOW EACH OTHER QUITE

9   WELL --

10          THE COURT:  OKAY.

11          MR. MCELHINNY:  THIS WAS NOT AN APPROACH MADE TO US.

12   IT'S A RESPONSE TO YOUR -- YOU KNOW, YOUR FORM.

13       SO THE ANSWER IS OF COURSE WE'LL DO THAT, BUT WE DON'T --

14   WE HAVE NO REASON TO THINK THAT THIS WOULD BE ANY MORE

15   BENEFICIAL THAN ANY OF THE OTHER DISCUSSIONS THAT WE'VE HAD.

16          THE COURT:  WELL, IF YOU DON'T WANT TO DO IT, I'M NOT

17   GOING TO ORDER IT BECAUSE I DON'T WANT TO WASTE YOUR TIME,

18   EITHER.

19          MR. MCELHINNY:  LET ME --

20          THE COURT:  I DIDN'T REALIZE THAT YOU HAD SORT OF

21   PLACED THAT RELUCTANTLY INTO YOUR --

22          MR. MCELHINNY:  LET ME PUT IT THIS WAY.

23          THE COURT:  I WON'T ORDER IT IF YOU DON'T WANT TO DO

24   IT.

25          MR. MCELHINNY:  LET ME PUT IT THIS WAY:  APPLE WOULD

```
 1        VERY MUCH LIKE TO RESOLVE THIS CASE.

 2              THE COURT:  YES.

 3              MR. MCELHINNY:  IF THERE'S AN APPROACH DIRECTLY FROM

 4        SAMSUNG WITH AN INTEREST TO DO THAT, WE WILL RESPOND TO THAT.

 5              BUT IN THE ABSENCE OF THAT, WE JUST -- WE DON'T THINK IT'S

 6        A GOOD USE OF JUDGE SPERO'S TIME OR OUR TIME, FRANKLY.

 7              THE COURT:  SO WHAT WOULD YOU NEED TO MAKE IT

 8        WORTHWHILE?  YOU WOULD WANT A PROPOSAL?

 9              MR. MCELHINNY:  WE WOULD LIKE --

10              THE COURT:  OR AN OFFER?

11              MR. MCELHINNY:  OR ONE OF OUR CALLS RETURNED, OR ANY

12        KIND OF A CONTACT AT A LEVEL THAT INDICATED A SINCERE INTEREST

13        IN RESOLVING THE CASE.

14              MS. MAROULIS:  YOUR HONOR --

15              THE COURT:  WOULD YOU LIKE TO RESPOND?

16              MS. MAROULIS:  WE STATED ON THE RECORD THAT WE'RE

17        WILLING, SAMSUNG IS WILLING TO ENGAGE IN MEDIATION.  WE WOULD

18        PREFER A PRIVATE MEDIATOR BECAUSE WE DON'T WANT TO PLACE

19        FURTHER BURDEN ON THE COURT.

20              BUT WE WOULD ALSO GLADLY SIT DOWN WITH JUDGE SPERO.

21              SO I'M NOT SURE WHAT ELSE IS REQUIRED TO SIGNAL SAMSUNG'S

22        WILLINGNESS TO SIT DOWN FOR MEDIATION.

23              MR. MCELHINNY:  I'M HAPPY WITH YOUR SUGGESTION, YOUR

24        HONOR, THAT IF THE PARTIES TALK AND THEY COME TO AN AGREEMENT,

25        THAT IT WOULD MAKE SENSE THAT WE DO IT AGAIN AND WE WILL DO
```

1        THAT.

2             BUT IN THE ABSENCE OF THE MEANINGFUL, DIRECT COMPANY

3        CONTACTS, I -- I JUST DON'T THINK IT'S LIKELY TO GO ANYPLACE

4        GIVEN EVERYTHING ELSE THAT WE'RE SEEING IN --

5                  THE COURT:  WELL, WOULD IT MAKE SENSE, THEN, TO PUT A

6        DEADLINE BEFORE THE NOVEMBER 15TH DEADLINE --

7                  MR. MCELHINNY:  IT DOES, YOUR HONOR.

8                  THE COURT:  -- AND HAVING A DIRECT COMMUNICATION?

9             AND THE IF PARTIES ARE WILLING TO DO THAT, THEN IT MAY NOT

10       BE WORTHWHILE TO --

11                 MR. MCELHINNY:  THAT WOULD BE A PERFECTLY GOOD IDEA,

12       YOUR HONOR.

13                 THE COURT:  OKAY.

14                 MR. MCELHINNY:  WHAT WE DON'T WANT IS TO GET INTO A

15       PROCESS THAT ENDS UP MOVING OUT THE DATES THAT YOUR HONOR IS

16       GOING TO GIVE US.  WE DON'T WANT TO BUILD DELAY INTO THIS

17       PROCESS.

18                 THE COURT:  OH, NO.  I'M GOING TO SET MY DATES

19       REGARDLESS.

20                 MR. MCELHINNY:  I THOUGHT SO.

21                 THE COURT:  IF YOU RESOLVE IT, THEN I WILL VACATE

22       EVERYTHING.  BUT IF YOU DON'T -- I MEAN, WE'RE STILL GOING TO

23       SET A CASE THROUGH TRIAL TODAY.

24                 MR. MCELHINNY:  THANK YOU, YOUR HONOR.

25                 THE COURT:  OKAY.  ALL RIGHT.  SO HOW QUICKLY -- AND

1    LET ME HEAR YOUR SUGGESTIONS.  YOU WANT ME TO ORDER THAT -- I

2    MEAN, I'VE TRIED THIS BEFORE, ORDERING THE CEO'S TO MEET.

3                MR. MCELHINNY:  NO.  I -- I MEAN, I'M TRYING TO BE AS

4    FRANK WITH THE COURT AS I POSSIBLY CAN.

5                THE COURT:  WHAT WOULD BE HELPFUL?  MAKE A

6    SUGGESTION.  WHAT SHOULD I ORDER PRIOR TO THE NOVEMBER 15TH

7    SETTLEMENT CONFERENCE?

8                MR. MCELHINNY:  THAT THE PARTIES REPORT BACK TO YOU

9    WHETHER OR NOT THEY HAVE AGREED TO ENTER INTO A MEDIATION.

10               THE COURT:  ALL RIGHT.  AND HOW LONG WILL YOU NEED?

11   HOW MUCH TIME WILL YOU NEED?

12               MR. MCELHINNY:  SEVEN DAYS.

13               THE COURT:  OKAY.  SO TODAY IS THE 18TH OF SEPTEMBER,

14   SO BY SEPTEMBER 25TH --

15               MS. MAROULIS:  YOUR HONOR, MAY WE HAVE TWO WEEKS,

16   JUST OUT OF AN ABUNDANCE OF CAUTION?  BECAUSE I'LL NEED TO TALK

17   TO PEOPLE AND MAKE SURE THEY'RE AVAILABLE.  I THINK MAYBE SEVEN

18   DAYS IS A LITTLE QUICK.

19               THE COURT:  WELL, MY ONLY CONCERN IS WE'RE RUNNING UP

20   AGAINST NOVEMBER 15TH AS THE DEADLINE, SO --

21               MR. MCELHINNY:  ALL IT REQUIRES IS SOMEBODY WITH

22   DECISION MAKING AUTHORITY AT SAMSUNG TO DECIDE THAT THEY REALLY

23   WANT TO SETTLE AND CALL UP AND HAVE A SUBSTANTIVE CONVERSATION

24   AND WE WOULD BE OFF TO THE RACES HERE.  BUT THAT HASN'T

25   HAPPENED.

1        AND IT SHOULDN'T TAKE TWO WEEKS FOR THAT TO HAPPEN IF

2    THAT'S WHAT THEY WANT.

3          THE COURT:  ALL RIGHT.  SO HELP ME HERE WITH THE

4    EXACT VERBIAGE.  SO WE'RE GOING TO ORDER THAT BY -- I'LL JUST

5    MAKE IT MONDAY -- I'M SORRY.  I'M LOOKING AT THE WRONG DATES

6    HERE.

7       MONDAY, SEPTEMBER 28TH.

8          MR. MCELHINNY:  THE PARTIES REPORT BACK TO THE COURT

9    WHETHER OR NOT THEY HAVE AGREED TO ENTER INTO A MEDIATION

10   PROCESS THAT WOULD BE CONCLUDED ON OR ABOUT NOVEMBER 15TH.

11         THE COURT:  THE PARTIES REPORT BACK TO THE COURT

12   WHETHER THE PARTIES HAVE AGREED --

13         MR. MCELHINNY:  WHETHER OR NOT THE PARTIES HAVE

14   AGREED.

15         THE COURT:  THE PARTIES HAVE AGREED TO A -- AND DO

16   YOU HAVE A PREFERENCE BETWEEN A PRIVATE MEDIATION VERSUS A

17   SETTLEMENT CONFERENCE?

18         MR. MCELHINNY:  MY OWN VIEW IS THAT THE MOST -- THE

19   CLOSEST WE EVER GOT TO A SUBSTANTIVE CONFERENCE WAS BEFORE

20   JUDGE SPERO.

21         THE COURT:  ALL RIGHT.  WELL, LET ME ORDER THAT.

22     THE PARTIES REPORT BACK TO THE COURT WHETHER OR NOT THE

23   PARTIES HAVE AGREED TO ENGAGE IN A SETTLEMENT CONFERENCE WITH

24   MAGISTRATE JUDGE JOSEPH SPERO WITH A DEADLINE OF NOVEMBER 15TH,

25   2015.

```
1          AND I HAVE PRE-CLEARED WITH HIM THAT HE IS ABLE TO DO IT

2    BY THE 15TH OF NOVEMBER IF THE PARTIES ARE INTERESTED.  OKAY?

3               MR. MCELHINNY:  HE HAS A BIG INVESTMENT.  HE'S DONE A

4    LOT OF WORK HERE.

5               THE COURT:  SO HE IS AVAILABLE, SO IT'S REALLY UP TO

6    THE PARTIES IF YOU WANT TO DO IT.

7          NOW, LET ME GET -- CAN I GET A SENSE OF -- WE'VE HAD FOUR

8    FEDERAL CIRCUIT ORDERS NOW IN THIS CASE.  WE'VE ALREADY HAD TWO

9    TRIALS.  IS THERE ANOTHER EITHER DATA POINT OR GUIDANCE FROM

10   THE FEDERAL CIRCUIT THAT THE PARTIES NEED BEFORE RESOLVING?

11         I'M JUST TRYING TO GET SOME UNDERSTANDING OF WHAT -- I

12   MEAN, YOU'VE SETTLED EVERYTHING ELSE WORLDWIDE.  YOU'VE EVEN

13   SETTLED EVERYTHING ELSE IN THE UNITED STATES, OTHER THAN THE

14   TWO CASES HERE.

15         SO WHAT MORE DO YOU THINK YOU NEED?  DO YOU NEED ANY MORE

16   INFORMATION?  IS THERE -- YOU KNOW, IS THERE SOMETHING IN THE

17   HORIZON THAT WILL BE COMING THAT MIGHT BE HELPFUL TO MAKING A

18   DECISION OR ASSESSING YOUR POSITIONS AND NEGOTIATIONS?  OR IS

19   THERE ANY OTHER DATA POINT OR --

20              MR. MCELHINNY:  THERE WILL BE -- THERE IS GOING TO BE

21   AN APPEAL ON THE MERITS OF THE 630 CASE.

22              THE COURT:  YES.  IS THAT SET -- THAT'S NOT SET FOR

23   ORAL ARGUMENT YET?

24              MR. MCELHINNY:  IT'S NOT SET, BUT IT'S VERY CLOSE.

25              THE COURT:  DO YOU THINK IT'LL BE SET IN DECEMBER?
```

```
 1              MR. LEE:  I THINK IT'LL LIKELY BE THE FIRST WEEK IN

 2     NOVEMBER.

 3              THE COURT:  OH, THE FIRST WEEK OF NOVEMBER?

 4              MR. LEE:  YES.

 5              THE COURT:  OKAY.  SO IN 630, YOU THINK THE HEARING

 6     WILL BE THE FIRST WEEK OF NOVEMBER?

 7              MR. LEE:  YES.

 8              THE COURT:  OKAY.  SO THE ORDERS HAVE BEEN COMING OUT

 9     ABOUT SIX TO SEVEN MONTHS AFTER THE HEARING DATE, AT LEAST THAT

10     SEEMS TO BE THE PATTERN IN THE SIX ORDERS WE'VE GOTTEN SO FAR

11     FROM THE CIRCUIT.

12         SO DO YOU THINK BY MAYBE NEXT APRIL OR MAY, APRIL TO JUNE

13     YOU MIGHT HAVE A RULING IN THAT CASE?

14              MR. LEE:  I THINK THAT'S REASONABLE, YOUR HONOR.

15              MS. MAROULIS:  YOUR HONOR, AS WE STATED ELSEWHERE IN

16     THE RECORD, SAMSUNG INTENDS TO SEEK SUPREME COURT REVIEW OF THE

17     ISSUES THAT WERE ADJUDICATED ALREADY BY THE FEDERAL CIRCUIT.

18              THE COURT:  OKAY.  AND YOU'LL GET A DECISION ON THAT

19     PETITION BY, WHAT, NOVEMBER?

20              MS. MAROULIS:  IT'S DUE IN NOVEMBER, SO THE DECISION

21     IS PROBABLY GOING TO BE EARLY NEXT YEAR OR MID NEXT YEAR.  I

22     DON'T KNOW THE EXACT DATE FOR A DECISION POINT ON THAT.

23              THE COURT:  OKAY.  SO SOMETIME IN 2016.

24         AND THEN YOU'RE ALSO GOING TO SEEK EN BANC REVIEW OF

25     YESTERDAY'S PERMANENT INJUNCTION ORDER?
```

```
 1            MS. MAROULIS:  THAT'S CORRECT, YOUR HONOR.  THAT ONE
 2    IS DUE ON NOVEMBER 7TH -- I'M SORRY -- ON OCTOBER 17, AND BASED
 3    ON THE SCHEDULES AND THE PRIOR EN BANCS, IT MIGHT BE BACK
 4    EITHER AT THE END OF THIS YEAR TO THIS COURT OR SOMETIME LATER
 5    NEXT YEAR DEPENDING ON WHETHER THE EN BANC IS GRANTED OR
 6    DENIED.
 7            THE COURT:  SO I'M JUST THINKING, WITH THE MERITS
 8    ORDER IN THIS CASE, YOU PETITIONED IN, WHAT, JUNE?  IS THAT
 9    CORRECT?
10            MS. MAROULIS:  WITH EN BANC?
11            THE COURT:  YES.
12            MS. MAROULIS:  YES, YOUR HONOR.  WE FILED A PETITION
13    IN MID-JUNE AND IT CAME BACK AUGUST 25 TO THIS COURT.
14            THE COURT:  RIGHT.
15            MS. MAROULIS:  SO --
16            THE COURT:  WELL, WE DIDN'T GET THE MANDATE UNTIL THE
17    1ST OF SEPTEMBER.  SO WE CAN ASSUME ABOUT TWO AND A HALF
18    MONTHS?
19            MS. MAROULIS:  THAT'S ABOUT RIGHT, YOUR HONOR.
20            THE COURT:  OKAY.  IF THERE'S NOT GOING TO BE A
21    REVIEW.
22            MS. MAROULIS:  YEAH.  AND IF THERE IS A REVIEW,
23    IT'S --
24            THE COURT:  PROBABLY MID-JANUARY?
25            MS. MAROULIS:  I WOULD SAY APRIL OF NEXT YEAR,
```

1       APPROXIMATELY.

2              THE COURT:  WAIT.  IF THERE IS REVIEW?

3              MS. MAROULIS:  YEAH.

4              THE COURT:  THAT'S WHEN WE SHOULD EXPECT A DECISION?

5       OR WHAT IS APRIL OF NEXT YEAR?

6              MS. MAROULIS:  THAT'S WHEN THE DECISION OF EN BANC

7       PANEL WOULD COME OUT IF THE EN BANC IS GRANTED.

8              THE COURT:  OH, OKAY.  ALL RIGHT.

9           AND IF EN BANC IS DENIED, WE SHOULD KNOW THAT BY EARLY

10      JANUARY.

11             MS. MAROULIS:  MAYBE EVEN BEFORE, PROBABLY AT THE END

12      OF DECEMBER.

13             THE COURT:  OH, OKAY.  AND YOU'RE SAYING THAT YOU

14      NEED THESE ADDITIONAL PIECES OF INFORMATION OR THE GUIDANCE

15      FROM THE CIRCUIT?  IS THAT YOUR SENSE?

16             MS. MAROULIS:  I THINK THE PARTIES WOULD JUST EXPLAIN

17      TO THE COURT WHAT FURTHER APPELLATE PROCEEDINGS THERE ARE FOR

18      THE COURT'S BENEFIT.

19             THE COURT:  OKAY.  BUT HOW MUCH DO YOU NEED THIS

20      ADDITIONAL GUIDANCE TO REACH A RESOLUTION?

21             MR. MCELHINNY:  I MEAN, OUR VIEW IS WE DON'T, YOUR

22      HONOR.  OUR VIEW IS THE -- TO THE EXTENT THAT THERE WAS EVER A

23      QUESTION ABOUT WHAT THE LAW IS OR WHAT -- EVEN NOW WHAT THE

24      REMEDIES ARE THAT ARE AVAILABLE, ALL OF THAT IS PRETTY MUCH

25      DETERMINED AND IT'S -- IT'S JUST DOLLARS NOW AND WHETHER OR NOT

1    WE'RE GOING TO BE ABLE TO COLLECT ON THESE JUDGMENTS.  THAT'S

2    OUR VIEW.

3         BUT CLEARLY THAT'S NOT A SHARED VIEW.

4         MS. MAROULIS:  YOUR HONOR, WE OBVIOUSLY WANT TO SEEK

5    GUIDANCE FROM THE SUPREME COURT.

6         BUT THERE'S ONE MORE THING THAT I MEANT TO MENTION, WHICH

7    IS, AS ONE OF OUR MOTIONS SUGGESTS TO THE COURT, THE '915

8    PATENT IS FINALLY DECIDED ON BY PTAB, BUT APPLE INDICATED THAT

9    THEY WOULD EVENTUALLY APPEAL TO THE FEDERAL CIRCUIT.  SO THAT'S

10   ANOTHER POINT THAT I THINK WOULD BE HELPFUL IN DISCUSSIONS.

11        THE COURT:  NOW, THE REHEARING REQUEST IS STILL

12   PENDING; IS THAT RIGHT?

13        MS. MAROULIS:  THAT'S CORRECT.  THEY FILED IS IN

14   FEBRUARY, SO IT'S BEEN PENDING FOR MORE THAN SIX MONTHS.

15        THE COURT:  OKAY.

16        MS. MAROULIS:  AND JUST BASED ON STATISTICS, IT

17   SHOULD BE DECIDED AT ANY MOMENT SOON.  IT'S HARD TO PREDICT.

18        THE COURT:  OKAY.  ALL RIGHT.

19        OKAY.  WELL, I'D LIKE TO -- LET ME JUST ASK A QUESTION.  I

20   AM GOING TO -- I'M GOING TO RESERVE THE ISSUE OF SUPPLEMENTAL

21   DAMAGES UNTIL AFTER THE RETRIAL ON DAMAGES.

22        I HAD ONE QUESTION ON PRE-JUDGMENT INTEREST.  THE

23   PRE-JUDGMENT INTEREST DOES NOT SEEM TO IMPLICATE ANY DESIGN

24   AROUNDS AS A SUPPLEMENTAL DAMAGES QUESTION DOES, SO ARE YOU

25   ASKING -- I KNOW YOU HAVE SAID YOU'RE FINE WITH JUST GETTING A

1    FINAL JUDGMENT THAT DOESN'T INCLUDE SUPPLEMENTAL DAMAGES OR

2    PRE-JUDGMENT INTEREST FOR THE PRODUCTS FOR WHICH THE DAMAGES

3    WAS AFFIRMED BY THE FEDERAL CIRCUIT.

4         BUT IF THERE IS NO DESIGN AROUND ISSUE WITH REGARD TO

5    PRE-JUDGMENT INTEREST, WHY SHOULDN'T THAT BE ORDERED NOW?  WHY

6    AREN'T YOU ASKING FOR IT NOW?

7              MR. MCELHINNY:  THAT'S -- THE REASON WE WEREN'T

8    ASKING FOR IT NOW -- THE REASON WE'RE NOT IS BECAUSE WE WERE

9    TRYING TO GET CLEAN ORDERS THAT --

10             THE COURT:  OKAY.

11             MR. MCELHINNY:  -- WILL BE ENFORCEABLE.

12             THE COURT:  I SEE.

13             MR. MCELHINNY:  THE MANDATE THAT COMES RIGHT NOW IS

14   BACK FROM THE FEDERAL CIRCUIT.  IT'S ON AN AMOUNT THAT IS NOT

15   CONTESTED.

16        THE PRE-JUDGMENT INTEREST, THEORETICALLY -- LET ME TELL

17   YOU WHAT OUR POSITION IS.  OUR POSITION IS YOUR HONOR HAS

18   ALREADY SET FORTH HOW YOU'RE GOING TO DETERMINE THE

19   PRE-JUDGMENT INTEREST AND YOU CAN DO THAT ANY DAY NOW.

20             THE COURT:  UM-HUM.

21             MR. MCELHINNY:  AND THERE'S NOTHING HOLDING YOU BACK

22   FROM DOING THAT NOW.

23             THE COURT:  OKAY.

24             MR. MCELHINNY:  AND WE'RE FINE IF YOU DO IT.

25        WE -- THE REASON WE DIDN'T ASK FOR IT IS BECAUSE WE WERE

```
 1      FOLLOWING THE DIVISION THAT YOUR HONOR HAD SET OUT PREVIOUSLY

 2      AND WE OBVIOUSLY HAD A -- THE WORD "IMMEDIATE" CAUGHT OUR

 3      ATTENTION AND WE HAVE BEEN FOCUSSED ON THAT.

 4              THE COURT:  OKAY.

 5              MR. MCELHINNY:  AND SO THAT'S WHY WE WERE LOOKING FOR

 6      A CLEAN ORDER ON THAT.

 7              THE COURT:  ALL RIGHT.  AND I WOULD ASSUME THAT YOU

 8      WOULD, SOME DAY, IF THERE ARE ANY SUPPLEMENTAL DAMAGES AWARDED,

 9      YOU WOULD WANT PRE-JUDGMENT INTEREST ON THE SUPPLEMENTAL

10      DAMAGES.

11              MR. MCELHINNY:  THAT'S CORRECT.

12              THE COURT:  OKAY.

13              MR. MCELHINNY:  BUT, AGAIN, THOSE ARE CALCULATIONS.

14              THE COURT:  ALL RIGHT.  WELL, I -- THAT IS A

15      SATISFACTORY REASON ENOUGH FOR ME TO NOT ORDER PRE-JUDGMENT

16      INTEREST AT THIS TIME, TO NOT HAVE ALL OF THE ISSUES COMPLETELY

17      AND UNNECESSARILY ENTANGLED WITH ADDITIONAL APPEALS, SO I'M

18      GOING TO RESERVE THE ISSUE OF SUPPLEMENTAL DAMAGES AND

19      PRE-JUDGMENT INTEREST UNTIL AFTER THE RETRIAL ON DAMAGES.

20          UNFORTUNATELY, WE PROBABLY SHOULD WAIT UNTIL EVEN AFTER

21      THE POST-TRIAL MOTIONS ON THAT QUESTION.

22          BUT LET ME GO AHEAD AND GIVE YOU THE RULINGS ON THE TWO

23      PENDING MOTIONS.  OKAY?

24          SO THE FIRST MOTION -- I DID REVIEW EVERYTHING THAT WAS

25      SUBMITTED BY THE PARTIES -- IS SAMSUNG'S MOTION FOR JUDGMENT AS
```

1   A MATTER OF LAW ON THE INVALIDITY OF THE '91 PATENT -- '915

2   PATENT, EXCUSE ME -- AND FOR A STAY OF THE PROCEEDINGS.

3          SAMSUNG'S REQUEST IS BASED ON, AS WE'VE ALREADY DISCUSSED,

4   THE PTO RE-EXAMINATION PROCEEDINGS, THE PTAB'S FINDING THUS

5   FAR.

6          I'D LIKE TO JUST SORT OF BRIEFLY -- SINCE THIS IS GOING TO

7   BE MY ORDER, I'M NOT GOING TO ISSUE A WRITTEN ONE, TODAY'S

8   TRANSCRIPT -- YOU'LL HAVE TO ORDER IT -- WILL BE THE ORDER IF

9   YOU WANT TO APPEAL THIS, AS WELL AS MY ORDER ON THE ENTRY OF

10  PARTIAL FINAL JUDGMENT.

11         SO I'M GOING TO GO AHEAD AND SET FORTH THE BACKGROUND AND

12  PROCEDURAL --

13              MS. MAROULIS:  YOUR HONOR, MAY I JUST ASK, WILL

14  COUNSEL BE HEARD, OR --

15              THE COURT:  NO.

16              MS. MAROULIS:  OKAY.  THANK YOU.

17              THE COURT:  NO.  NO.  UNDER CIVIL LOCAL RULE 7-1(B),

18  I AM FINDING THAT NO HEARING IS NECESSARY AND ONE WAS NOT

19  SCHEDULED ON THESE MOTIONS.  IT HAS BEEN FULLY BRIEFED AND THIS

20  ISSUE OF A STAY, BASED ON THE '915 RE-EXAM, HAS ACTUALLY BEEN

21  LITIGATED AND PREVIOUSLY RULED UPON.

22         SO SINCE THIS IS GOING TO BE THE ORDER FOR ANY PURPOSES OF

23  APPEAL, LET ME GO AHEAD AND SET FORTH THE PROCEDURAL BACKGROUND

24  EVEN THOUGH THE PARTIES ARE CERTAINLY AWARE OF THIS.

25         SO THIS INSTANT CASE FIRST WENT TO TRIAL IN JULY OF 2012,

1    AND AT THAT TRIAL, THE JURY UPHELD THE VALIDITY OF THE '915,

2    FOUND THAT SAMSUNG HAD INFRINGED THE '915, AND AWARDED DAMAGES

3    TO APPLE.

4         IN JANUARY 2013, THIS COURT HELD THAT THE JURY REASONABLY

5    FOUND THAT THE '915 PATENT WAS VALID AND INFRINGED AND DENIED

6    SAMSUNG'S MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO THE

7    INVALIDITY OF THE '915 PATENT.

8         IN MARCH OF 2013, THIS COURT ISSUED AN ORDER GRANTING A

9    PARTIAL RETRIAL ON DAMAGES.

10        THE SECOND TRIAL TOOK PLACE IN NOVEMBER OF 2013 AND THE

11   JURY AWARDED A NEW DAMAGES AWARD FOR APPLE.

12        IN MARCH 2014, THE COURT ENTERED FINAL JUDGMENT IN FAVOR

13   OF APPLE.  SAMSUNG APPEALED TO THE FEDERAL CIRCUIT.

14        ON MAY 18, 2015, THE FEDERAL CIRCUIT AFFIRMED THE VALIDITY

15   OF THE '915 PATENT, INCLUDING CLAIM 8, AND THE FINDING OF

16   INFRINGEMENT.  THE FEDERAL CIRCUIT HELD THAT THE '915 PATENT

17   WAS NOT ANTICIPATED BY THE NOMURA PATENT APPLICATION.  THE

18   FEDERAL CIRCUIT REMANDED FOR A RETRIAL ON DAMAGES FOR FIVE

19   PRODUCTS ONLY.

20        SAMSUNG PETITIONED THE FEDERAL CIRCUIT FOR REHEARING EN

21   BANC, WHICH THE FEDERAL CIRCUIT DENIED ON AUGUST 13, 2015.

22        SAMSUNG THEN REQUESTED THAT THE FEDERAL CIRCUIT STAY THE

23   MANDATE, WHICH THE FEDERAL CIRCUIT DENIED.  THE FEDERAL CIRCUIT

24   ISSUED THE MANDATE ON AUGUST 25, 2015, AND THIS COURT RECEIVED

25   THE MANDATE ON SEPTEMBER 1 OF 2015.

1          WHILE THIS CASE HAS BEEN ONGOING, THE '915 PATENT HAS BEEN

2     IN RE-EXAMINATION PROCEEDINGS WITH THE PATENT AND TRADEMARK

3     OFFICE.

4          ON MAY 30TH, 2012, AN ANONYMOUS THIRD PARTY REQUESTED EX

5     PARTE RE-EXAMINATION OF THE '915 PATENT.

6          ON DECEMBER 12TH -- EXCUSE ME -- DECEMBER 19TH OF 2012,

7     THE PTO EXAMINER ISSUED A FIRST OFFICE ACTION REJECTING ALL

8     CLAIMS OF THE '915 PATENT.

9          THE EXAMINER REJECTED CLAIM 8 AS ANTICIPATED BY THE HILLIS

10    PATENT AND OBVIOUS OVER NOMURA IN LIGHT OF RUBINE.

11         AND I'LL SPELL THAT FOR MS. SHORTRIDGE.  THAT'S

12    R-U-B-I-N-E, AND THE HILLIS IS H-I-L-L-I-S, NOMURA,

13    N-O-M-U-R-A.

14         ON JULY 26TH, 2013, THE PTO EXAMINER ISSUED A FINAL

15    REJECTION OF ALL CLAIMS OF THE '915 PATENT AS ANTICIPATED OR

16    OBVIOUS.

17         ON OCTOBER 28TH, 2013, APPLE FILED A RESPONSE TO THE

18    EXAMINER'S FINAL REJECTION, AND ON NOVEMBER 20TH, 2013, THE

19    EXAMINER ISSUED AN ADVISORY ACTION MAINTAINING HIS REJECTION OF

20    THE CLAIMS OF THE '915 PATENT.

21         APPLE THEN FILED A NOTICE OF APPEAL WITH THE PATENT TRIAL

22    AND APPEAL BOARD, REFERRED TO AS THE PTAB.  AFTER BRIEFING AND

23    A HEARING, THE PTAB ISSUED A FINAL DECISION AFFIRMING THE

24    REJECTION OF ALL CLAIMS OF THE '915 PATENT ON DECEMBER 9, 2014.

25         APPLE FILED A REQUEST FOR A REHEARING ON FEBRUARY 9, 2015.

1    THAT REQUEST IS CURRENTLY PENDING BEFORE THE PTAB.

2         ASSUMING THE PTAB DENIES APPLE'S REQUEST FOR REHEARING,

3    APPLE MAY APPEAL THE ADVERSE PTAB DECISION TO THE FEDERAL

4    CIRCUIT.

5         THE PTO CANNOT ISSUE A CERTIFICATE CANCELLING ANY CLAIM OF

6    THE '915 PATENT DEEMED TO BE UNPATENTABLE UNTIL THE TIME FOR

7    APPEAL TO THE FEDERAL CIRCUIT HAS EXPIRED OR ANY APPEAL

8    PROCEEDING BEFORE THE FEDERAL CIRCUIT HAS TERMINATED, AND

9    THAT'S PURSUANT TO 35 UNITED STATES CODE SECTION 307(A).

10        IN THE INSTANT MOTION, SAMSUNG ASKS THE COURT TO APPLY

11   COLLATERAL ESTOPPEL TO THE PTAB'S FINAL DECISION REJECTING ALL

12   CLAIMS OF THE '915 PATENT AND ENTER A JUDGMENT OF INVALIDITY OF

13   THE '915 PATENT ON THAT BASIS.

14        IN ORDER FOR COLLATERAL ESTOPPEL TO APPLY, THE PTAB'S

15   DECISION MUST QUALIFY AS A FINAL JUDGMENT ON THE MERITS.  SEE

16   E.DIGITAL CORP. VERSUS FUTUREWEI, F-U-T-U-R-E-W-E-I T-E-C-H,

17   INC., 772 F.3D 723, FEDERAL CIRCUIT 2014.

18        AS EVEN THE CASES CITED BY SAMSUNG RECOGNIZE, A

19   RE-EXAMINATION DECISION INVALIDING A PATENT IS NOT FINAL UNTIL

20   THE CLAIMS OF THE PATENT ARE CANCELLED BY THE PTO.  FRESENIUS

21   USA, INCORPORATED VERSUS BAXTER INTERNATIONAL, INCORPORATED,

22   721 F.3D 1330 AT 1339 THROUGH 40, FEDERAL CIRCUIT, 2013; SLIP

23   TRACK SYSTEMS INCORPORATED VERSUS METAL LITE, INCORPORATED,

24   159 F.3D 1337 AT 1340, FEDERAL CIRCUIT, 1998.

25        PURSUANT TO 35 U.S.C. SECTION 307(A), THE PTO CANNOT ISSUE

1    A CERTIFICATE CANCELLING THE CLAIMS OF THE '915 PATENT UNTIL

2    AFTER THE TIME FOR APPEAL HAS EXPIRED OR ANY APPEAL PROCEEDING

3    HAS TERMINATED.

4         THE TIME FOR APPLE TO APPEAL THE PTAB'S DECISION HAS NOT

5    YET EXPIRED, AND THE FEDERAL CIRCUIT HAS NOT AFFIRMED THE PTAB

6    DECISION, SO THE CLAIMS OF THE '915 HAVE NOT BEEN AND CANNOT BE

7    CANCELLED.  THE PTAB DECISION THEREFORE IS NOT ENTITLED TO

8    COLLATERAL ESTOPPEL EFFECT.

9         MOREOVER, THIS COURT IS BOUND BY THE FEDERAL CIRCUIT'S

10   MANDATE.  ACCORDING TO THE FEDERAL CIRCUIT'S MANDATE RULE,

11   QUOTE, "ISSUES ACTUALLY DECIDED ON APPEAL -- THOSE WITHIN THE

12   SCOPE OF THE JUDGMENT APPEALED FROM, MINUS THOSE EXPLICITLY

13   RESERVED OR REMANDED BY THE COURT -- ARE FORECLOSED FROM

14   FURTHER CONSIDERATION."  AMADO, A-M-A-D-O, VERSUS MICROSOFT

15   CORPORATION, 517 F.3D 1353 AT 1360, FEDERAL CIRCUIT, 2008.

16        IN THIS CASE, SAMSUNG ALERTED THE FEDERAL CIRCUIT TO THE

17   ONGOING RE-EXAMINATION PROCEEDINGS ON THE '915 PATENT IN

18   SAMSUNG'S OPENING APPELLATE BRIEF FILED IN MAY OF 2014 AND

19   INFORMED THE FEDERAL CIRCUIT THAT THE PTO EXAMINER HAD FOUND

20   CLAIM 8 OF THE '915 PATENT ANTICIPATED BY HILLIS AND OBVIOUS

21   OVER NOMURA IN VIEW OF RUBINE.

22        THE PTAB ISSUED ITS DECISION ON DECEMBER 9TH, 2014.

23        THEN ON DECEMBER 16, 2014, SAMSUNG FILED A LETTER WITH THE

24   FEDERAL CIRCUIT PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE

25   28(J) INFORMING THE FEDERAL CIRCUIT OF THE PTAB'S DECISION AND

1    REQUESTING THAT THE FEDERAL CIRCUIT APPLY COLLATERAL ESTOPPEL

2    TO HOLD THE '915 PATENT INVALID.  SPECIFICALLY, SAMSUNG ARGUED

3    IN ITS 28(J) LETTER TO THE FEDERAL CIRCUIT THAT THE PTAB

4    DECISION, QUOTE, "HAS COLLATERAL ESTOPPEL EFFECT," UNQUOTE,

5    THAT, QUOTE, "THE PRECLUSIVE EFFECT OF A DECISION INVALIDATING

6    A PATENT CAN BE RAISED AT ANY STAGE," END QUOTE, AND THAT

7    COLLATERAL ESTOPPEL SHOULD APPLY, QUOTE, "DESPITE THE PENDENCY

8    OF AN APPEAL OR POST-DECISION PROCEEDINGS," END QUOTE.

9         DESPITE SAMSUNG TWICE NOTIFYING THE FEDERAL CIRCUIT OF THE

10   '915 RE-EXAMINATION PROCEEDINGS, THE FEDERAL CIRCUIT ON MAY 18,

11   2015, UPHELD THE VALIDITY OF THE '915 PATENT AS NOT OBVIOUS IN

12   LIGHT OF NOMURA.

13        I THINK THAT WAS NOT ANTICIPATED.  ISN'T THAT CORRECT?

14             MR. MCELHINNY:  YES, YOUR HONOR.

15             THE COURT:  OKAY.  NOT -- THAT'S WRONG.

16        SAMSUNG THEN FILED A PETITION FOR REHEARING EN BANC, BUT

17   DID NOT INCLUDE THE COLLATERAL ESTOPPEL ARGUMENT IN SAMSUNG'S

18   PETITION.

19        BY THE TIME THE FEDERAL CIRCUIT DENIED REHEARING EN BANC

20   AND ISSUED THE MANDATE IN THIS CASE, SAMSUNG HAD AT LEAST THREE

21   OPPORTUNITIES TO RAISE THE ISSUE OF COLLATERAL ESTOPPEL WITH

22   THE FEDERAL CIRCUIT.  NONETHELESS, THE FEDERAL CIRCUIT STILL

23   AFFIRMED THE VALIDITY OF THE '915 PATENT, DENIED REHEARING

24   EN BANC, AND ISSUED THE MANDATE.

25        THEREFORE, THE MANDATE RULE FORECLOSES THIS COURT FROM

1    APPLYING COLLATERAL ESTOPPEL AND SAMSUNG'S MOTION FOR A

2    JUDGMENT OF INVALIDITY AS TO THE '915 PATENT IS DENIED.

3         SAMSUNG ALTERNATIVELY ASKS THE COURT TO STAY PROCEEDINGS

4    IN THIS RETRIAL PENDING THE RESOLUTION OF THE PATENT

5    RE-EXAMINATION PROCEEDING ON THE '915 PATENT.

6         THE FEDERAL CIRCUIT HAS HELD THAT COURTS HAVE INHERENT

7    POWER TO MANAGE THEIR DOCKETS AND STAY PROCEEDINGS, INCLUDING

8    THE AUTHORITY TO ORDER A STAY PENDING CONCLUSION OF THE PTO

9    EXAMINATION.  ETHICON, E-T-H-I-C-O-N, INCORPORATED VERSUS

10   QUIGG, Q-U-I-G-G, 849 F.2D 1422 AT 1427 THROUGH -- PARDON ME --

11   1426 THROUGH 27, FEDERAL CIRCUIT, 1988.

12        COURTS ARE NOT REQUIRED TO STAY JUDICIAL PROCEEDINGS

13   PENDING RE-EXAMINATION OF A PATENT, AND A STAY FOR PURPOSES OF

14   RE-EXAMINATION IS WITHIN THE DISTRICT COURT'S DISCRETION.

15        TO DETERMINE WHETHER TO STAY A CASE PENDING

16   RE-EXAMINATION, THE COURT CONSIDERS THE FOLLOWING FACTORS:

17   1, THE STAGE OF THE PROCEEDINGS, INCLUDING WHETHER DISCOVERY IS

18   COMPLETE AND WHETHER A TRIAL DATE HAS BEEN SET; 2, WHETHER A

19   STAY WILL SIMPLIFY THE ISSUES IN QUESTION AND TRIAL OF THE

20   CASE; AND, 3, WHETHER A STAY WOULD UNDULY PREJUDICE OR PRESENT

21   A CLEAR TACTICAL DISADVANTAGE TO THE NON-MOVING PARTY.

22   TELEMAC, T-E-L-E-M-A-C, CORP. VERSUS TELEDIGITAL,

23   T-E-L-E-D-I-G-I-T-A-L, INCORPORATED, 450 F.SUPP.2D 1107 AT

24   1111, NORTHERN DISTRICT OF CALIFORNIA, 2006.

25        HOWEVER, THE COURT'S ANALYSIS IS NOT LIMITED TO THESE

1    FACTORS AND THE COURT MAY CONSIDER THE TOTALITY OF THE

2    CIRCUMSTANCES WHEN DECIDING WHETHER TO EXERCISE ITS DISCRETION

3    TO GRANT A STAY.  UNIVERSAL ELECTRONICS, INCORPORATED VERSUS

4    UNIVERSAL REMOTE CONTROL, INCORPORATED, 943 F.SUPP.2D 1028 AT

5    1031 FROM THE CENTRAL DISTRICT OF CALIFORNIA.

6         THE COURT CONSIDERS EACH OF THREE FACTORS FOR A STAY

7    PENDING RE-EXAMINATION, AS WELL AS THE TOTALITY OF THE

8    CIRCUMSTANCES.  THE COURT CONCLUDES THAT ALL THREE FACTORS IN

9    THE TOTALITY OF THE CIRCUMSTANCES WEIGH STRONGLY AGAINST

10   GRANTING A STAY.

11        THE FIRST FACTOR IS THE STAGE OF THE PROCEEDINGS.  AT THIS

12   POINT, THIS COURT HAS ALREADY CONDUCTED TWO TRIALS IN THIS

13   CASE.  THE FEDERAL CIRCUIT HAS ALREADY ISSUED FOUR ORDERS IN

14   THIS CASE, INCLUDING AN ORDER ON THE APPEAL OF THE MERITS OF

15   THE CASE.

16        THE FEDERAL CIRCUIT MOREOVER HAS INSTRUCTED THIS COURT TO

17   ENTER IMMEDIATE FINAL JUDGMENT ON ALL AFFIRMED DAMAGE AWARDS

18   AND TO UNDERTAKE ANY FURTHER PROCEEDINGS NECESSITATED BY THE

19   FEDERAL CIRCUIT'S DECISION TO VACATE THE TRADE DRESS DAMAGES

20   AWARDS.

21        THIS INSTRUCTION WAS ISSUED BY THE FEDERAL CIRCUIT AFTER

22   THE PTAB ISSUED ITS FINAL DECISION, AND AFTER SAMSUNG FILED ITS

23   28(J) LETTER INFORMING THE FEDERAL CIRCUIT OF THE PTAB'S

24   DECISION.

25        AT THIS STAGE OF THE PROCEEDINGS, THE COURT IS UNDER

1    INSTRUCTIONS FROM THE FEDERAL CIRCUIT TO PROCEED WITH THE

2    RETRIAL FOR DAMAGES ON FIVE PRODUCTS, EXCLUDING ANY TRADE DRESS

3    DAMAGES.  STAYING THE PROCEEDINGS NOW WOULD RUN COUNTER TO THE

4    FEDERAL CIRCUIT'S MANDATE.  THUS, THE STAGE OF THE PROCEEDINGS

5    WEIGHS EXTREMELY STRONGLY AGAINST GRANTING A STAY.

6        THE SECOND FACTOR ASKS THE COURT TO CONSIDER WHETHER A

7    STAY WOULD SIMPLIFY THE ISSUES IN QUESTION AND THE TRIAL OF

8    THIS CASE.

9        THE COURT INTENDS TO USE A VERDICT FORM THAT REQUIRES THE

10   JURY TO QUANTIFY DAMAGES PER PRODUCT PER PATENT.  IF THE '915

11   PATENT IS INVALIDATED BY THE FEDERAL CIRCUIT, IT WILL BE EASY

12   TO IDENTIFY THE FINAL DAMAGES AMOUNT WITHOUT THE INCLUSION OF

13   THE '915 PATENT WITH THIS MORE DETAILED VERDICT FORM.

14       FURTHERMORE, THE FEDERAL CIRCUIT HAS REMANDED TO THIS

15   COURT FOR A RETRIAL ON DAMAGES FOR PRODUCTS FOUND TO INFRINGE

16   ALL OF THE SIX APPLE PATENTS, THE '163 PATENT, THE '381 PATENT,

17   THE '915 PATENT, THE DESIGN '305 PATENT, THE DESIGN '677

18   PATENT, AND THE DESIGN '087 PATENT.

19       IF THIS COURT WERE TO GRANT A STAY OF PROCEEDINGS ON THE

20   '915 PATENT, THE COURT WOULD STILL NEED TO RETRY THE FIVE OTHER

21   APPLE PATENTS.

22       IF THE FEDERAL CIRCUIT WERE TO REVERSE THE DECISION OF THE

23   PTAB, THIS COURT WOULD THEN NEED TO CONDUCT A FOURTH TRIAL IN

24   THIS CASE AND A THIRD DAMAGES RETRIAL IN THIS CASE JUST FOR THE

25   '915 PATENT.  THIS WOULD COMPLICATE, NOT SIMPLIFY, THE

1    PROCEEDINGS OR TRIAL IN THIS CASE.  THEREFORE, THE SECOND

2    FACTOR ALSO WEIGHS AGAINST GRANTING A STAY.

3         FINALLY, THE THIRD FACTOR IS WHETHER A STAY WOULD UNDULY

4    PREJUDICE OR PRESENT A CLEAR TACTICAL DISADVANTAGE TO THE

5    NON-MOVING PARTY.  THIS FAVOR ALSO WEIGHS STRONGLY IN FAVOR OF

6    APPLE.

7         APPLE WON A JURY VERDICT IN AUGUST OF 2012 IN WHICH A JURY

8    FOUND, AMONG OTHER THINGS, THAT SAMSUNG HAD INFRINGED THE '915

9    PATENT AND THE '915 PATENT WAS VALID.

10        APPLE HAS OBTAINED AN AFFIRMANCE FROM THE FEDERAL CIRCUIT

11   ON THE INFRINGEMENT AND VALIDITY OF THE '915 PATENT.

12        MOREOVER, APPLE HAS OBTAINED A REMAND FROM THE FEDERAL

13   CIRCUIT TO THIS COURT FOR THE IMMEDIATE ENTRY OF FINAL JUDGMENT

14   ON 18 PRODUCTS.  DESPITE ALL OF THIS, APPLE HAS STILL RECEIVED

15   NO COMPENSATION FOR SAMSUNG'S INFRINGEMENT.

16        FURTHER DELAY OF RELIEF DUE TO A STAY PENDING FINAL

17   RESOLUTION OF THE '915 PATENT FOR THIS ENTIRE CASE, WHICH

18   INCLUDES CLAIMS OF PATENT INFRINGEMENT THAT DO NOT IMPLICATE

19   THE '915, WOULD THUS SUBSTANTIALLY PREJUDICE APPLE, AND UNDULY

20   PREJUDICE APPLE, AS WELL AS PRESENT A CLEAR TACTICAL

21   DISADVANTAGE TO APPLE.

22        SAMSUNG ARGUES THAT A STAY IS NECESSARY TO PREVENT

23   SIGNIFICANT INEQUITY TO SAMSUNG BECAUSE PROCEEDING IN THIS

24   LITIGATION COULD RESULT IN SAMSUNG PAYING DAMAGES FOR

25   INFRINGEMENT OF A PATENT ULTIMATELY HELD TO BE INVALID.

1          HOWEVER, ANY HARM TO SAMSUNG FROM DENYING A STAY AT THE

2     MOMENT IS ONLY POTENTIAL BECAUSE THE PTAB DECISION HAS NOT BEEN

3     AFFIRMED BY THE FEDERAL CIRCUIT.

4          AND I WOULD SUSPECT THAT FEDERAL CIRCUIT REVIEW OF ANY

5     PTAB DECISION, AND PERHAPS ANY PTAB REHEARING, IF ONE IS

6     GRANTED, WOULD TAKE FAR LONGER THAN WE'RE GOING TO TAKE TO

7     RETRY THIS CASE NEXT SPRING.

8          BY CONTRAST, A STAY WOULD RESULT IN CERTAIN HARM TO APPLE

9     BECAUSE IT WOULD DELAY APPLE'S ABILITY TO RECOVER UNDER ANY OF

10    ITS PATENTS.

11         APPLE RECEIVED A JURY VERDICT IN ITS FAVOR IN AUGUST OF

12    2012.  IT STILL HAS NOT RECEIVED ANY PAYMENT IN SEPTEMBER OF

13    2015, MORE THAN THREE YEARS LATER.

14         THE CERTAIN HARM TO APPLE OUTWEIGHS ANY POTENTIAL HARM TO

15    SAMSUNG IN THE ABSENCE OF A STAY.

16         FURTHERMORE, THE FEDERAL CIRCUIT'S MANDATE EXPLICITLY

17    STATED THAT THIS COURT SHOULD ENTER IMMEDIATE FINAL JUDGMENT

18    FOR APPLE AS TO THOSE DAMAGES AFFIRMED BY THE FEDERAL CIRCUIT.

19         THE RISK OF HARM TO SAMSUNG DOES NOT OUTWEIGH THIS COURT'S

20    OBLIGATION TO ABIDE BY THE FEDERAL CIRCUIT'S MANDATE.

21    THEREFORE, SAMSUNG'S REQUEST FOR A STAY OF PROCEEDINGS IS ALSO

22    DENIED.

23         AND SO I WOULD ASK, EVEN IF THE PTAB DECIDES NOT TO GRANT

24    REHEARING, THAT SAMSUNG NOT RENEW ITS STAY MOTION BECAUSE I'M

25    NOT GOING TO STAY THIS UNTIL THE FEDERAL CIRCUIT TIME TO APPEAL

```
 1    HAS EXPIRED OR THE APPEAL PROCEEDINGS BEFORE THE FEDERAL

 2    CIRCUIT HAVE TERMINATED AS TO THE '915 PATENT, AND WE'VE

 3    LITIGATED THIS ISSUE MULTIPLE TIMES NOW AND I THINK IT WOULD BE

 4    A WASTE OF THE COURT'S TIME AND RESOURCES TO LITIGATE THIS A

 5    THIRD TIME UNTIL THE TIME FOR APPEAL HAS EXPIRED OR THE APPEAL

 6    PROCEEDINGS HAVE TERMINATED.

 7              MS. MAROULIS:  YOUR HONOR, MAY WE HAVE APPLE'S

 8    AGREEMENT THAT THEY WILL NOT ARGUE WAIVER IF WE COMPLY WITH THE

 9    COURT'S INSTRUCTION JUST NOW?  WHAT WE DON'T WANT TO DO IS FOR

10    APPLE TO LATER ARGUE THAT WE SOMEHOW WAIVED OUR RIGHTS AS TO

11    THIS PATENT AND OUR POSITION BECAUSE WE DID NOT MOVE AFTER THE

12    PTAB DENIED A HEARING.

13              THE COURT:  I GUESS I'M UNCLEAR.  YOU'RE WAIVING YOUR

14    RIGHT TO MAKE A MOTION FOR A -- TO MAKE A MOTION FOR THE COURT,

15    IN ITS DISCRETION, TO STAY THE PROCEEDINGS?

16              MS. MAROULIS:  YES, YOUR HONOR.

17         WE'VE HAD SOME INSTANCES IN THIS CASE WHERE APPLE ARGUED

18    WAIVER, BUT THERE WAS NONE, AND I SIMPLY WANT TO MAKE SURE THAT

19    IF WE DO NOT BRING THE MOTION, AS THE COURT WISHES WE NOT DO

20    UNTIL THE FEDERAL CIRCUIT DISPOSES OF THIS CASE, THAT THIS NOT

21    BE DEEMED A WAIVER OF ANY KIND OF SAMSUNG'S RIGHTS AS TO THE

22    '915 PATENT.

23              THE COURT:  OKAY.  WHAT RIGHT DO YOU HAVE TO A STAY?

24    THAT'S TOTALLY WITHIN THE DISTRICT COURT'S DISCRETION.  I'M NOT

25    SURE WHAT IT IS THAT YOU'RE WAIVING.  YOU DON'T HAVE A RIGHT TO
```

```
1        A STAY.

2                MS. MAROULIS:  WE HAVE A RIGHT TO SEEK A STAY.  WE

3        DON'T HAVE A RIGHT TO A STAY.

4            IF APPLE AGREES NOT TO RAISE WAIVER ARGUMENTS IN

5        CONNECTION WITH US NOT MOVING, THAT WOULD BE SUFFICIENT.

6                THE COURT:  WHAT ARE THE CONSEQUENCES OF FILING A

7        FRIVOLOUS MOTION?

8                MR. MCELHINNY:  THAT'S WHAT I WAS GOING TO OFFER,

9        YOUR HONOR, IS I CAN STATE CLEARLY FOR THE RECORD THAT IF

10       SAMSUNG MOVES FOR ANOTHER STAY AFTER YOUR HONOR'S ORDER, WE

11       WILL MOVE FOR SANCTIONS UNDER SECTION 1928.

12               THE COURT:  ALL RIGHT.  LET'S GO ON TO THE NEXT

13       ORDER.

14           APPLE HAS ASKED THE COURT TO ENTER PARTIAL FINAL JUDGMENT

15       IN THE AMOUNT OF $548,176,477 CORRESPONDING TO THE DAMAGE

16       AWARDS FOR THE FOLLOWING 18 PRODUCTS:  THE CAPTIVATE; THE

17       CONTINUUM; THE DROID CHARGE; THE EPIC 4G; THE EXHIBIT 4G; THE

18       GALAXY PREVAIL; THE GALAXY S II (AT&T); THE GALAXY S II

19       (EPIC 4G); THE GALAXY S II (SKYROCKET); THE GALAXY S II

20       (T-MOBILE), THE GALAXY TAB; THE GALAXY TAB 10.1 (WI-FI); THE

21       GEM; THE INDULGE; THE INFUSE 4G; THE NEXUS S 4G; THE REPLENISH;

22       AND THE TRANSFORM.

23           FOR THESE 18 PRODUCTS, THE FEDERAL CIRCUIT HAS AFFIRMED

24       THE VALIDITY OF APPLE'S INFRINGED PATENTS, THE FINDING THAT

25       THESE PRODUCTS INFRINGED APPLE'S PATENTS, AND THE DAMAGES
```

1    AWARDS.  SEE APPLE V. SAMSUNG, 786 F.3D 983, FEDERAL CIRCUIT,

2    2015.

3         NONE OF THESE 18 PRODUCTS WILL BE PART OF THE RETRIAL IN

4    THIS CASE BECAUSE NONE OF THE DAMAGES FOR THOSE PRODUCTS

5    INCLUDE TRADE DRESS DAMAGES.

6         THE FEDERAL CIRCUIT'S INSTRUCTION TO THIS COURT WAS AS

7    FOLLOWS:  QUOTE, "WE REMAND FOR IMMEDIATE ENTRY OF FINAL

8    JUDGMENT ON ALL DAMAGES AWARDS NOT PREDICATED ON APPLE'S TRADE

9    DRESS CLAIMS AND FOR ANY FURTHER PROCEEDINGS NECESSITATED BY

10   OUR DECISION TO VACATE THE JURY'S VERDICTS ON THE UNREGISTERED

11   AND REGISTERED TRADE DRESS CLAIMS."

12        NOTWITHSTANDING THE FEDERAL CIRCUIT'S REMAND, QUOTE, "FOR

13   IMMEDIATE ENTRY OF FINAL EQUIPMENT," UNQUOTE, SAMSUNG CONTENDS

14   THAT THIS COURT SHOULD NOT ENTER PARTIAL FINAL JUDGMENT AS TO

15   THE 18 PRODUCTS NOT SUBJECT TO RETRIAL BECAUSE TO DO SO WOULD

16   CONTRAVENE THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE

17   54(B).

18        SAMSUNG FIRST ARGUES THAT PARTIAL FINAL JUDGMENT UNDER

19   RULE 54(B) WOULD BE INAPPROPRIATE BECAUSE THERE IS NOT YET,

20   QUOTE, "AN ULTIMATE DISPOSITION OF AN INDIVIDUAL CLAIM ENTERED

21   IN THE COURSE OF A MULTIPLE CLAIMS ACTION," UNQUOTE, AS

22   REQUIRED BY SEARS ROEBUCK & COMPANY VERSUS MACKEY, M-A-C-K-E-Y,

23   351 U.S. 427 AT 436, 1956 IS THE YEAR; AND CURTISS,

24   C-U-R-T-I-S-S, WRIGHT, W-R-I-G-H-T, CORP. VERSUS GENERAL

25   ELECTRIC COMPANY, 446 U.S. 1 AT 7, AND THE YEAR IS 1980.

1          HOWEVER, THE FEDERAL CIRCUIT HAS HELD THAT RULE 54(B),

2     QUOTE, "CONCERNS THE POWER OF THE TRIAL COURT BEFORE APPEAL,"

3     END QUOTE, AND RULE 54(B) THEREFORE IS NOT APPLICABLE TO THE

4     ENTRY OF PARTIAL FINAL JUDGMENT ON REMAND FOR THAT PORTION OF

5     THE ORIGINAL JUDGMENT THAT THE APPEALS COURT HAS AFFIRMED.

6     KING INSTRUMENT CORP. VERSUS OTARI, O-T-A-R-I, CORP.,

7     814 F.2D 1560 AT 1563, FEDERAL CIRCUIT, 1987.

8          THE FEDERAL CIRCUIT, AS AN APPELLATE COURT, HAS THE

9     AUTHORITY UNDER 28 U.S.C. SECTION 2106 TO REMAND AND, QUOTE,

10    "DIRECT THE ENTRY OF SUCH APPROPRIATE JUDGMENT AS MAY BE JUST

11    UNDER THE CIRCUMSTANCES," END QUOTE.

12         AS THE FEDERAL CIRCUIT CONCLUDED IN KING INSTRUMENT,

13    28 U.S.C. SECTION 2106 PERMITS THE FEDERAL CIRCUIT TO DIRECT

14    THE ENTRY OF FINAL JUDGMENT AS TO ONLY A PORTION OF THE DAMAGES

15    UNDER A SINGLE CLAIM WHILE AT THE SAME TIME REMANDING FOR

16    FURTHER PROCEEDINGS ON THE REMAINING PORTION OF THE DAMAGES.

17    814 F.2D AT 1563.

18         THE INSTANT CASE PRESENTS EXACTLY THE SCENARIO

19    CONTEMPLATED BY KING INSTRUMENT.  BECAUSE THE 18 PRODUCTS AT

20    ISSUE HAVE ALREADY BEEN APPEALED AND THE DAMAGES AS TO THESE

21    PRODUCTS HAVE ALREADY BEEN AFFIRMED, RULE 54(B), WHICH ONLY

22    APPLIES BEFORE APPEAL, NO LONGER APPLIES IN THE INSTANT CASE.

23         THE FEDERAL CIRCUIT EXERCISED ITS AUTHORITY UNDER

24    28 U.S.C. SECTION 2106 TO DIRECT THE ENTRY OF FINAL JUDGMENT AS

25    TO THOSE PRODUCTS WHOSE DAMAGES AWARDS THE FEDERAL CIRCUIT

1    AFFIRMED.

2         UNDER THE FEDERAL CIRCUIT'S MANDATE RULE, THIS COURT IS

3    BOUND TO FOLLOW THE FEDERAL CIRCUIT'S DECREE AS LAW OF THE

4    CASE.  SEE CARDIAC PACEMAKERS, INCORPORATED VERSUS ST. JUDE

5    MEDICAL, INC., 576 F.3D 1348 AT 1356, FEDERAL CIRCUIT, 2009.

6         SAMSUNG ADDITIONALLY ARGUES THAT IT WOULD BE UNJUST TO

7    ENTER PARTIAL FINAL JUDGMENT NOW AS TO THE 18 PRODUCTS NOT

8    SUBJECT TO THE RETRIAL BECAUSE THE PTAB HAS ENTERED A FINAL

9    DECISION INVALIDATING APPLE'S '915 PATENT.  13 OF THE 18

10   PRODUCTS NOT SUBJECT TO THE RETRIAL WERE FOUND TO INFRINGE THE

11   '915 PATENT.

12        SAMSUNG SPECIFICALLY ARGUES THAT THE COURT MAY NOT ENTER

13   PARTIAL FINAL JUDGMENT BECAUSE THE PTAB DECISION MEANS THAT

14   APPLE CANNOT SATISFY THE REQUIREMENT OF FEDERAL RULE OF CIVIL

15   PROCEDURE 54(B) THAT THERE BE, QUOTE, "NO JUST REASON FOR

16   DELAY," END QUOTE, PRIOR TO THE ENTRY OF FINAL JUDGMENT.

17        HOWEVER, THE COURT IS NOT ENTERING PARTIAL FINAL JUDGMENT

18   PURSUANT TO RULE 54(B), SO THE REQUIREMENTS OF RULE 54(B) NEED

19   NOT BE SATISFIED.

20        THE ENTRY OF PARTIAL FINAL JUDGMENT AT THIS STAGE OF THE

21   LITIGATION IS PURSUANT TO THE FEDERAL CIRCUIT'S AUTHORITY UNDER

22   28 U.S.C. SECTION 2106, WHICH GIVES THE COURT OF APPELLATE

23   JURISDICTION THE AUTHORITY TO REMAND THE CASE AND DIRECT THE

24   ENTRY OF SUCH APPROPRIATE JUDGMENT, DECREE, OR ORDER, OR

25   REQUIRE SUCH FURTHER PROCEEDINGS TO BE HAD AS MAY BE JUST UNDER

1    THE CIRCUMSTANCES.

2         TO THE EXTENT SAMSUNG BELIEVES THAT DIRECTING THE ENTRY OF

3    PARTIAL FINAL JUDGMENT WAS NOT JUST UNDER THE CIRCUMSTANCES AND

4    THEREFORE IMPROPER UNDER 28 U.S.C. SECTION 2106, SAMSUNG OUGHT

5    TO HAVE RAISED THAT ARGUMENT WITH THE FEDERAL CIRCUIT.

6         SAMSUNG INFORMED THE FEDERAL CIRCUIT OF THE '915

7    RE-EXAMINATION PROCEEDINGS IN SAMSUNG'S OPENING APPELLATE BRIEF

8    FILED ON MAY 23RD, 2015.

9         AFTER THE PTAB ISSUED ITS FINAL DECISION ON DECEMBER 9,

10   2014, SAMSUNG FILED A 28(J) LETTER WITH THE FEDERAL CIRCUIT

11   ASKING THE FEDERAL CIRCUIT TO APPLY COLLATERAL ESTOPPEL BASED

12   ON THE PTAB'S DECISION.  SAMSUNG FILED THAT LETTER ON

13   DECEMBER 16, 2014.

14        THE FEDERAL CIRCUIT ISSUED ITS DECISION UPHOLDING THE

15   VALIDITY OF THE '915 PATENT IN THIS LITIGATION ON MAY 18, 2015,

16   A YEAR AFTER SAMSUNG NOTIFIED THE FEDERAL CIRCUIT OF THE

17   RE-EXAMINATION PROCEEDINGS, FIVE MONTHS AFTER THE PTAB ISSUED

18   ITS FINAL DECISION, AND FIVE MONTHS AFTER SAMSUNG ALERTED THE

19   FEDERAL CIRCUIT TO THE PTAB'S FINAL DECISION.

20        SAMSUNG FILED A PETITION FOR REHEARING EN BANC ON JUNE 17,

21   2015, SIX MONTHS AFTER THE PTAB'S FINAL DECISION, YET SAMSUNG'S

22   PETITION MADE NO MENTION OF THE PTAB DECISION AND MADE NO

23   REQUEST BASED ON THE PTAB DECISION THAT THE FEDERAL CIRCUIT

24   REMOVE ITS INSTRUCTION TO THIS COURT FOR THE IMMEDIATE ENTRY OF

25   FINAL JUDGMENT AS TO THE 18 PRODUCTS NOT SUBJECT TO THE

1    RETRIAL.  SAMSUNG MADE NO MENTION OF COLLATERAL ESTOPPEL IN

2    THAT PETITION FOR REHEARING EN BANC.

3         SAMSUNG THEREFORE HAD THREE OPPORTUNITIES TO ARGUE THAT

4    THE FEDERAL CIRCUIT SHOULD NOT DIRECT ENTRY OF JUDGMENT AS TO

5    THE VALIDITY OF THE '915 PATENT, BUT THE FEDERAL CIRCUIT

6    NONETHELESS DIRECTED THIS COURT TO ENTER PARTIAL FINAL

7    JUDGMENT.

8         THE COURT HAS ALREADY REJECTED SAMSUNG'S ARGUMENT THAT

9    THIS COURT SHOULD APPLY COLLATERAL ESTOPPEL TO THE FINAL

10   DECISION OF THE PTAB.

11        THE FEDERAL CIRCUIT ISSUED THE MANDATE IN THIS CASE ON

12   AUGUST 25, 2015, 15 MONTHS AFTER SAMSUNG ALERTED THE FEDERAL

13   CIRCUIT TO THE '915 RE-EXAMINATION PROCEEDINGS IN SAMSUNG'S

14   OPENING BRIEFS, EIGHT MONTHS AFTER THE PTAB ISSUED ITS FINAL

15   DECISION, AND EIGHT MONTHS AFTER SAMSUNG SUBMITTED A 28(J)

16   LETTER ASKING THE FEDERAL CIRCUIT TO APPLY COLLATERAL ESTOPPEL

17   TO THE PTAB'S DECISION.

18        NEVERTHELESS, THE FEDERAL CIRCUIT DID NOT APPLY COLLATERAL

19   ESTOPPEL AND INSTEAD AFFIRMED THE VALIDITY OF THE '915 PATENT.

20        THIS COURT WILL NOT APPLY COLLATERAL ESTOPPEL WHEN THE

21   FEDERAL CIRCUIT HAS NOT DONE SO.

22        THE COURT DENIES SAMSUNG'S REQUEST FOR AN OPPORTUNITY TO

23   RESPOND TO APPLE'S RESPONSE TO SAMSUNG'S OBJECTIONS TO ENTRY OF

24   PARTIAL FINAL JUDGMENT.

25        THE COURT HAS DONE A THOROUGH SEARCH OF ANY APPELLATE

1    CASES DIRECTING ENTRY OF PARTIAL FINAL JUDGMENT.  THE COURT IS

2    AWARE THAT THE SIXTH CIRCUIT HAS REJECTED THE FEDERAL CIRCUIT'S

3    DECISION IN KING INSTRUMENT.

4         HOWEVER, THE ISSUE IN OUR CASE IS GOVERNED BY FEDERAL

5    CIRCUIT LAW AND KING INSTRUMENT REMAINS THE LAW IN THE FEDERAL

6    CIRCUIT.

7         ADDITIONALLY, THE THIRD, SEVENTH, NINTH, AND ELEVENTH

8    CIRCUITS ALL APPLY THE SAME RULE AS KING INSTRUMENT AND PERMIT

9    APPELLATE COURTS TO DIRECT ENTRY OF PARTIAL FINAL JUDGMENTS

10   UNDER 28 U.S.C. SECTION 2106.

11        EVEN THOUGH SAMSUNG WAS NOT AUTHORIZED TO SUBMIT ANY MORE

12   BRIEFING ON THIS ISSUE, IN ITS SUPPLEMENTAL JOINT CASE

13   MANAGEMENT STATEMENT IN WHICH THE COURT ASKS TWO SIMPLE

14   QUESTIONS, WHETHER YOU'RE INTERESTED IN PARTICIPATING IN

15   BINDING ARBITRATION, AND WHETHER YOU WOULD WANT ANY PARTIAL

16   FINAL JUDGMENT TO BE PAID BY THE BOND, SAMSUNG USED THAT AS AN

17   OPPORTUNITY TO CITE A NEW CASE WHICH WAS NOT CITED IN ITS

18   PREVIOUS BRIEFING.  SAMSUNG CITED UNITHERM FOOD SYSTEMS,

19   INCORPORATED VERSUS SWIFT-ECKRICH, E-C-K-R-I-C-H, INCORPORATED,

20   546 U.S. 394, A SUPREME COURT CASE FROM 2006.

21        NOW, THIS SUPPLEMENTAL CITATION IS IN VIOLATION OF THE

22   COURT'S ORDER THAT NO FURTHER BRIEFING BE ENTERTAINED.

23   NONETHELESS, IT'S INAPPLICABLE AND NOT PERSUASIVE.  UNITHERM

24   HELD THAT THE APPELLATE COURT'S AUTHORITY UNDER 28 U.S.C.

25   SECTION 2106 DID NOT ALLOW THE APPELLATE COURT TO ISSUE A

1    JUDGMENT NOTWITHSTANDING THE VERDICT IF THE PARTY REQUESTING

2    THAT JUDGMENT FAILED TO COMPLY WITH FEDERAL RULE OF CIVIL

3    PROCEDURE 50(B) BY FILING A MOTION FOR JUDGMENT NOTWITHSTANDING

4    THE VERDICT WITH THE DISTRICT COURT.

5        UNITHERM HELD THAT COMPLIANCE WITH RULE 50(B) WAS

6    NECESSARY FOR THE ISSUE OF JUDGMENT NOTWITHSTANDING THE VERDICT

7    TO BE PROPERLY PRESENTED ON APPEAL.

8        UNITHERM DOES NOT APPLY IN THE INSTANT CASE BECAUSE ALL OF

9    THE ISSUES ENCOMPASSED BY THE FEDERAL CIRCUIT'S REMAND FOR

10   IMMEDIATE PARTIAL FINAL JUDGMENT -- FOR EXAMPLE, PATENT

11   VALIDITY, INFRINGEMENT, AND DAMAGES FOR THE 18 PRODUCTS -- WERE

12   THE SUBJECT OF A 50(B) MOTION IN THIS CASE AND, THUS, WERE

13   PROPERLY BEFORE THE FEDERAL CIRCUIT ON APPEAL.

14       THE COURT THEREFORE GRANTS APPLE'S REQUEST FOR ENTRY OF

15   PARTIAL FINAL JUDGMENT FOR APPLE ON THE 18 PRODUCTS NOT SUBJECT

16   TO THE RETRIAL.  THE TOTAL DAMAGES AMOUNT FOR THE PARTIAL FINAL

17   JUDGMENT WILL BE $548,176,477.  PRE-JUDGMENT INTEREST AND

18   SUPPLEMENTAL DAMAGES WILL BE HANDLED AT A LATER DATE.

19       NOW, I ASSUME, MR. MCELHINNY, YOU SAW THE FILING THAT

20   SAMSUNG FILED TODAY IN WHICH THEY ARE GOING TO NOW APPEAL THE

21   JUDGMENT THAT I WILL ENTER AND THAT THEY DO NOT INTEND TO PAY

22   THIS JUDGMENT UNTIL THE APPEAL IS RESOLVED BY THE FEDERAL

23   CIRCUIT.

24       WHAT'S YOUR RESPONSE TO THAT?

25           MR. MCELHINNY:  THEIR RESPONSE IS -- AGAIN, IT'S

1      FACTUALLY INCORRECT.  THIS -- ANY NEW APPEAL THAT THEY MIGHT

2      TRY -- FIRST LET ME START AT THE BEGINNING.

3           WE THINK ANY APPEAL WOULD BE FRIVOLOUS.  WE THINK THIS IS

4      NOT A NEW JUDGMENT.  THIS IS DIRECTLY WHAT THE FEDERAL CIRCUIT

5      DESCRIBED BEFORE AS THE ENTRY OF A PRIOR JUDGMENT AFFIRMED ON

6      APPEAL.  WE DON'T THINK THERE'S A SEPARATE APPEAL HERE.

7           IF THERE IS, IT IS NOT COVERED BY THE PRIOR BOND.  IT

8      CAN'T BE.  THE PRIOR BOND EXPRESSLY SAYS IT WAS LIMITED TO THE

9      SPECIFIC APPEAL UNTIL ACTED ON BY THE FEDERAL CIRCUIT.

10          SO IF THEY DO FILE A NOTICE OF APPEAL, WHICH WE THINK

11     WOULD BE PROBLEMATIC AND WE HOPE THEY WILL RECONSIDER THAT, BUT

12     IF THEY DO THAT, THEY WILL HAVE TO GET A NEW BOND IN ORDER TO

13     GET -- IN ORDER TO ATTEMPT TO GET A STAY.

14          IF THEY ATTEMPT TO GET A STAY, A SUPERSEDEAS STAY, YOUR

15     HONOR WILL HAVE TO APPROVE THAT WHOLE PROCEDURE, AGAIN, A NEW

16     BOND AND STAY OF THIS WHOLE APPEAL.

17          WE THINK THAT THAT WOULD BE CONTRARY TO THE MANDATE RULE

18     BECAUSE WE THINK THE INTENT OF THE FEDERAL CIRCUIT WAS TO GET

19     AN ENFORCEABLE JUDGMENT.  IT COULDN'T BE CLEARER.

20          SO IF -- AS SOON AS THIS -- AS SOON AS YOUR HONOR'S

21     JUDGMENT HITS THE DOCKET, WE'RE GOING TO ASK SAMSUNG IF THEY

22     WILL PAY.  IF THEY REFUSE, WE ARE GOING TO FILE A MOTION TO

23     ENFORCE THE BOND FROM THE PRIOR APPEAL.

24          AND WHAT I WAS GOING TO ASK YOUR HONOR ON THAT IS WE HAVE

25     ONE OF THOSE MOTIONS ALREADY PENDING.  WE HAVE FILED A MOTION

```
1     TO ENFORCE THE BOND AS TO THE COSTS AWARD, WHICH WAS AFFIRMED

2     ON APPEAL, AND THAT IS ON YOUR CALENDAR FOR DECEMBER 10TH.

3          AND WHAT I WOULD LIKE IS PERMISSION, IF THEY DON'T PAY AND

4     IF WE HAVE TO FILE ANOTHER MOTION TO ENFORCE THE BOND, THAT

5     YOUR HONOR LET US SET THAT FOR THE SAME DATE BECAUSE IT WILL BE

6     THE SAME ISSUES.

7               THE COURT:  SO LET ME ASK A QUESTION.  WHAT HAPPENS

8      WITH THE BILLION DOLLAR BOND THAT'S CURRENTLY AT THE CLERK'S

9      OFFICE?

10              MR. MCELHINNY:  THAT -- THAT BOND, BY ITS TERMS --

11              THE COURT:  UM-HUM.

12              MR. MCELHINNY:  -- COVERED THE ORIGINAL APPEAL UNTIL

13     ANY ORDER, AFFIRMANCE ORDER FROM THE FEDERAL CIRCUIT IS PAID.

14     SO IT COVERS THE ORIGINAL APPEAL.  IT IS THERE TO PAY

15     JUDGMENTS.

16          WE BELIEVE THAT WE HAVE WON AS TO THE COSTS AWARD.

17          WE BELIEVE, AS SOON AS YOUR HONOR'S ORDER IS FILED, WE'LL

18     HAVE ANOTHER ONE, AND THAT THAT BOND IS AVAILABLE TO COLLECT ON

19     THAT.

20          SAMSUNG TOLD YOU THAT THEY THINK THERE IS A WAY THEY CAN

21     AVOID THAT AND GET ANOTHER STAY OF ENFORCEMENT.  THAT ISSUE IS

22     GOING TO HAVE TO BE DECIDED FIRST I THINK BY YOU AND THEN

23     ULTIMATELY BY THE FEDERAL CIRCUIT.

24          BUT WE ARE MOVING -- THE PROCEDURE -- THERE IS A SPECIFIC

25     FEDERAL RULE, 62.1, IF I HAVE IT RECALLED --
```

```
 1              THE COURT:  RIGHT.

 2              MR. MCELHINNY:  -- TO ENFORCE THE BOND.  WE HAVE --

 3      AND THAT'S A MOTION BY APPLE AGAINST THE BONDING COMPANIES, THE

 4      SURETIES.

 5              WE HAVE FILED SUCH A MOTION ALREADY IN CONNECTION WITH THE

 6      COSTS, WHICH THEY ARE REFUSING TO PAY, AND THAT HAS BEEN SET ON

 7      YOUR HONOR'S CALENDAR FOR DECEMBER 10TH.

 8              THE COURT:  AND I'VE READ THE TWO OPENING BRIEFS.

 9              MR. MCELHINNY:  SO THAT I THINK -- IF SAMSUNG REFUSES

10      TO PAY, I THINK DECEMBER 10TH IS WHEN THIS COMES TO A HEAD, AND

11      IF YOUR HONOR AGREES WITH US, THE BONDING COMPANIES WRITE US A

12      CHECK AND SAMSUNG DOESN'T.

13              THE COURT:  OKAY.  WELL, I GUESS I'M UNCLEAR.  YOU'RE

14      SAYING -- WHY WOULDN'T THE ORIGINAL $1 BILLION DOLLAR BOND

15      COVER -- WHY WOULD THEY HAVE TO HAVE A NEW BOND?

16              MR. MCELHINNY:  BECAUSE THEIR POSITION IS THEY'RE

17      GOING TO FILE -- YOU'VE JUST ENTERED A NEW JUDGMENT AND THAT

18      THEY GET TO FILE A NEW APPEAL FROM THAT JUDGMENT.

19              AND IF THEY DO THAT, THAT -- THE -- THESE BONDS ARE

20      SPECIFIC.  THEY SAY THE JUDGMENT ENTERED ON SUCH AND SUCH A

21      DATE AND THE APPEAL SENT TO THE FEDERAL CIRCUIT.

22              SO THEY HAVE TO EITHER GET NEW BONDS OR THEY HAVE TO GET A

23      RIDER OR SOMETHING, SOME SORT OF AMENDMENT TO THE CURRENT BOND,

24      THAT WILL COVER THIS NEW PROCEEDING THAT THEY SAY THEY'RE GOING

25      TO FILE.
```

```
1              THE COURT:  AND I ASSUME THE NEW BOND WOULD BE IN THE
2    SAME AMOUNT --
3              MR. MCELHINNY:  UM --
4              THE COURT:  -- AND WOULDN'T JUST BE IN THE AMOUNT OF
5    THIS PARTIAL FINAL JUDGMENT.
6              MR. MCELHINNY:  I HAVE -- YOUR HONOR, THEY ARE SO FAR
7    BEYOND WHAT, WHAT ACCEPTABLE LEGAL PROCEDURE IS THAT I HAVE NO
8    IDEA WHAT THEY'RE GOING TO DO.
9              THE COURT:  IS THERE ANY KIND OF CONTEMPT PROCEDURE
10   IF THERE'S NO PAYMENT ACCORDING TO THE JUDGMENT?
11             MR. MCELHINNY:  WE DON'T NEED A CONTEMPT PROCEDURE,
12   YOUR HONOR.  ALL WE NEED -- AS SOON AS YOUR ORDER ISSUES, IT'S
13   AN ORDER TO THE BOND COMPANIES, THAT'S WHAT THEY DO.  IF YOUR
14   HONOR GRANTS OUR MOTION, THE BOND COMPANY WILL WRITE US A
15   CHECK.  THAT'S WHAT THEY AGREED TO DO WITH THE BOND.  THAT'S
16   WHAT THEY DO.
17        AND UNDER THIS RULE, YOUR HONOR HAS JURISDICTION OVER
18   THEM.  THE CLERK NOTIFIES THEM.  THEY EITHER COME OR DON'T COME
19   TO THE HEARING.
20        BUT ONCE YOUR HONOR -- IF YOUR HONOR GRANTS OUR 62.1
21   MOTION, WE GET PAID.
22             THE COURT:  MS. MAROULIS, YOU'RE STANDING UP.  WHAT
23   WOULD YOU LIKE TO STATE?
24             MS. MAROULIS:  YES, YOUR HONOR, JUST VERY BRIEFLY.
25        SAMSUNG HAS A RIGHT TO APPEAL THIS JUDGMENT AND ORDER, AND
```

1    IT'S OUR POSITION THAT THE OLD BOND REMAINS IN EFFECT.  BUT IF

2    IT WOULD HELP THE COURT, WE CAN TRY TO GET A RIDER VERY

3    QUICKLY, AND WE CAN MEET AND CONFER WITH APPLE AS TO WHETHER WE

4    WOULD TAKE THE SAME BOND AND HAVE A RIDER OR POST A NEW BOND.

5         BUT THAT DOES NOT AFFECT OUR RIGHT TO APPEAL.

6         AND WE'VE SET FORTH WHAT WE'RE WILLING TO DO EXPLICITLY

7    FOR THE COURT'S BENEFIT IN THE SHORT SUBMISSION.

8         SO THAT IS THE PROCEEDING FROM NOW ON.  WE'LL FILE A

9    NOTICE, WE'LL EITHER TALK TO APPLE ABOUT WHETHER THEY WILL

10   ACCEPT THE OLD BOND, WHICH FAR EXCEEDS THE AMOUNT OF THE

11   JUDGMENT THE COURT'S ENTERING NOW.

12        BUT IF IT WOULD HELP PROCEED WITH THE MATTERS, WE CAN ALSO

13   DO A RIDER AMENDING THE BOND.

14            THE COURT:  WELL, THIS DOESN'T HAVE TO BE DECIDED

15   TODAY.  IS THAT CORRECT?

16            MS. MAROULIS:  NO, YOUR HONOR.

17            MR. MCELHINNY:  IT DOESN'T.  I'M JUST TRYING TO TEE

18   IT UP FOR DECEMBER 10TH SO WE HAVE ALL THESE ISSUES IN ONE

19   PARTICULAR HEARING.

20            THE COURT:  ALL RIGHT.

21        WHAT ELSE DO WE HAVE ON THE 10TH?  LET ME JUST MAKE SURE

22   WE CAN HANDLE THAT.

23        (DISCUSSION OFF THE RECORD BETWEEN THE COURT AND THE

24   CLERK.)

25            THE COURT:  WELL, WHEN ARE YOU GOING TO HAVE THIS

1    FULLY BRIEFED AND THEN WE CAN DECIDE WHETHER WE WANT TO DECIDE

2    IT EARLY OR AROUND THE 10TH.

3         OR YOU'LL JUST FILE IT AND YOU'LL GO BY THE CIVIL LOCAL

4    RULE BRIEFING SCHEDULE OF TWO WEEKS AFTER IS THE OPPOSITION,

5    ONE WEEK AFTER IS THE REPLY.

6         MR. MCELHINNY:  THAT WOULD BE -- WE WOULD BE THRILLED

7    WITH THAT, YOUR HONOR.

8         THE COURT:  OKAY.  ALL RIGHT.  WELL, WHY DON'T YOU --

9    THIS IS PRETTY COMPLICATED AND I WOULD APPRECIATE WHATEVER

10   INFORMATION YOU CAN PROVIDE ABOUT THE PROCEDURE AND WHAT

11   HAPPENS.

12        NOW, IF APPLE THEN SEEKS TO BE PAID BY THE BOND COMPANIES,

13   IS SAMSUNG THEN GOING TO TRY TO SEEK TO ENJOIN THAT OR

14   SOMETHING?  OR WHAT?

15        MS. MAROULIS:  YOUR HONOR, THIS IS A LITTLE BIT

16   BEYOND WHAT WE'VE CONTEMPLATED, BECAUSE ONCE WE FILE THE NOTICE

17   OF APPEAL AND POST A BOND, THE JUDGMENT IS STAYED.

18        SO I NEED TO UNDERSTAND WHAT THE PROCEDURE MR. MCELHINNY

19   IS REFERENCING, AND MAYBE WE CAN GET BACK TO THE COURT WITH,

20   LIKE, A JOINT STATEMENT OF PURELY THE PROCEDURAL ISSUES NEXT

21   WEEK BECAUSE HE'S CONTEMPLATING SOME MOTION THAT HE HASN'T

22   BROUGHT AND HASN'T TOLD ME ABOUT.  SO I NEED TO BE ABLE TO

23   RESPOND TO THAT INTELLIGENTLY.

24        MR. MCELHINNY:  FOUR YEARS AGO, I STOOD IN FRONT OF

25   YOUR HONOR AND I SAID WE WERE DEALING WITH A COMPANY THAT DOES

```
 1          NOT FOLLOW THE LAW AND DOES NOT HAVE RESPECT, EVEN FOR THE

 2          ORDERS OF THIS COURT.

 3                WE ARE NOW IN THE END GAME AND WE EXPECT TO SEE A FLURRY

 4          OF MOTIONS, AND UNTIL SOMEBODY, YOU KNOW, PUTS A STAKE IN THEIR

 5          HEART, THEY'RE GOING TO BE -- THEY'RE GOING TO BE STRUGGLING

 6          UNTIL THE COURTS PROVE THAT THEY CAN COMPEL THEM TO FOLLOW

 7          THEIR ORDERS.  THAT'S -- THEY'RE MAKING THAT STRATEGY AS CLEAR

 8          AS THEY POSSIBLY CAN.

 9                MS. MAROULIS:  YOUR HONOR, THAT'S AN ATTACK ON

10          SAMSUNG.

11                BUT THE POINT IS THAT WE HAVE RIGHTS UNDER THE RULES OF

12          CIVIL PROCEDURE, AND WE EXPLAINED TO BOTH APPLE AND THE COURT

13          WHAT THOSE ARE AND WE WILL FILE A NOTICE AND PROCEED FROM

14          THERE.

15                WHAT I'D LIKE TO DO IS TO ASSIST THE COURT IN FIGURING OUT

16          A PROCEDURE, SO I WOULD RECOMMEND THAT MAYBE THE PARTIES FILE A

17          JOINT STATEMENT NEXT WEEK SUGGESTING EITHER MOTION PRACTICE OR

18          A STIPULATED PROCESS THAT WE'VE ORDERED IN THE BOND IF THAT

19          WOULD WORK FOR THE COURT.

20                MR. MCELHINNY:  AS SOON AS YOUR HONOR FILES -- GIVEN

21          THE STATEMENTS, AS SOON AS YOUR HONOR FILES THE JUDGMENT, WE

22          ARE GOING TO FILE A MOTION TO ENFORCE.  IT WILL BE PARALLEL,

23          ALTHOUGH IT WILL BE ON THE NORMAL BRIEFING SCHEDULE.  THAT'S

24          OUR PROCEDURE.  THAT'S SET OUT.

25                THE COURT:  ALL RIGHT.  I DON'T THINK YOU CAN APPEAL
```

```
1     IT UNTIL AT LEAST THERE'S AN ORDER ON THE MOTION TO ENFORCE THE

2     JUDGMENT.

3               MS. MAROULIS:  YOUR HONOR, IF --

4               THE COURT:  WELL, WHAT'S YOUR BASIS TO APPEAL IT IF

5     THERE'S STILL A MOTION PENDING AS TO ENFORCEMENT OF THE

6     JUDGMENT?

7               MS. MAROULIS:  NO, YOUR HONOR.  WE WILL NOT BE

8     APPEALING YET THE MOTION TO ENFORCE.

9          I WAS REFERRING TO THE JUDGMENT AND THE ORDER THE COURT

10    JUST READ ABOUT THE ENTRY OF JUDGMENT.  THAT'S WHAT'S BEING

11    APPEALED SHORTLY.

12              THE COURT:  AND SAMSUNG IS SAYING THAT WOULD THEN

13    STAY YOUR MOTION?  IS THAT YOUR POSITION?

14              MS. MAROULIS:  IT WOULD STAY THE -- ONCE THE BOND IS

15    POSTED, IT WOULD STAY THE EXECUTION OF JUDGMENT.

16              MR. MCELHINNY:  BUT --

17              MS. MAROULIS:  THIS THE FIRST I'VE HEARD OF THIS

18    MOTION, SO I DON'T KNOW WHAT IT'S GOING TO SAY.

19              MR. MCELHINNY:  WHAT SAMSUNG IS --

20              MS. MAROULIS:  SO IT'S HARD TO RESPOND TO IT

21    IMMEDIATELY.

22              MR. MCELHINNY:  WHAT SAMSUNG IS TELLING YOU IS THIS

23    IS GROUNDHOG DAY.

24         AS SOON AS YOU ENTER THIS NEW JUDGMENT, IT'S AS IF THERE

25    HAD NEVER BEEN A JUDGMENT IN THIS CASE BEFORE, THAT THEY CAN
```

```
1     COME IN AND FILE A SUPERSEDEAS BOND AND, UNDER THE FEDERAL

2     RULES, THAT NEW SUPERSEDEAS BOND, OR THE ROLLOVER OR WHATEVER,

3     WILL AUTOMATICALLY STAY ENFORCEMENT.  THAT'S THEIR POSITION,

4     THAT, IN FACT, YOU CAN NEVER ENFORCE A JUDGMENT BECAUSE THEY

5     CAN FILE A NEW APPEAL AND A NEW BOND AND IT'LL GO ON.

6         IF YOU LOOK CAREFULLY AT THE WORDING THEY GAVE YOU TODAY,

7     THEY SAID EVEN AFTER THE NEXT APPEAL, THEY WILL PAY ONCE THE

8     JUDGMENT BECOMES EXECUTABLE.

9         SO AT LEAST WHAT THEIR THEORY IS IS PRETTY CLEAR, WHICH IS

10    THIS IS A BLEAK HOUSE AND THE PATENT -- WHEN SOMEBODY MENTIONED

11    THAT THIS WAS THE PATENT TRIAL OF THE CENTURY, SAMSUNG THOUGHT

12    IT WOULD TAKE 100 YEARS.  THAT'S THE PLAN.

13        AND WE THINK WE HAVE VERY GOOD ARGUMENTS THAT THAT -- THAT

14    THAT STRATEGY DOESN'T WORK, THAT YOUR HONOR DOESN'T HAVE TO

15    APPROVE THIS NEW BOND, AND THAT THE FEDERAL CIRCUIT INTENDED

16    FOR THIS JUDGMENT TO BE ENFORCEABLE.

17        AND IF YOUR HONOR DECIDES THAT AND ORDERS THE BONDING

18    COMPANIES TO PAY, THEN THE STRATEGY IS DONE UNLESS THEY CAN GET

19    A STAY SOMEWHERE ELSE.

20        MS. MAROULIS:  YOUR HONOR, WE DISAGREE.

21        APPLE IS TRYING TO DEPRIVE SAMSUNG OF ITS APPELLATE

22    RIGHTS.  BUT THEIR MOTION IS NOT YET BEEN FILED, SO I CANNOT

23    RESPOND.

24        THE COURT:  SO WHAT ARE YOU GOING TO RELY ON IN YOUR

25    APPEAL?  SIXTH CIRCUIT LAW THAT DOESN'T APPLY WHEN FEDERAL
```

```
1      CIRCUIT LAW GOVERNS?
2                MS. MAROULIS:  YOUR HONOR, I HESITATE TO --
3                THE COURT:  I WAS NOT PERSUADED BY ANYTHING YOU
4      FILED, AND I THINK THE FEDERAL CIRCUIT LAW IS CLEAR.
5           BUT IF YOU WANT TO FILE A FRIVOLOUS APPEAL, I GUESS THAT
6      IS YOUR RIGHT.
7                MS. MAROULIS:  YOUR HONOR, MAY I ADDRESS WHY THE
8      KING INSTRUMENTS CASE DOES NOT APPLY HERE?
9                THE COURT:  NO.  I WAS COMPLETELY UNPERSUADED BY YOUR
10     BRIEFS ON BOTH ISSUES, BOTH THE MOTION FOR JUDGMENT ON THE
11     INVALIDITY OF THE '915 AND THE STAY, AND ALSO OPPOSITION TO
12     ENTRY OF PARTIAL FINAL JUDGMENT.
13          ALL RIGHT.  LET'S GO AHEAD THEN AND SCHEDULE THE TRIAL.
14          I'D LIKE TO HAVE A FURTHER CASE MANAGEMENT CONFERENCE ON
15     DECEMBER 10 OF 2015 AT 1:30.  THAT WILL BE CONCURRENT WITH THE
16     HEARING ON THE TWO COST MOTIONS.
17          YOUR UPDATED EXPERT REPORT DEADLINE OF NOVEMBER 6TH IS
18     FINE.  I WILL ORDER SAMSUNG'S UPDATED EXPERT REPORT ON THE SAME
19     DAY.
20          THE CLOSE OF EXPERT DEPOSITIONS WILL BE DECEMBER 11TH AS
21     THE PARTIES PROPOSED; THE DEADLINE FOR SAMSUNG'S FINANCIAL
22     PRODUCTION FOR ANY SUPPLEMENTAL DAMAGES OR PRE-JUDGMENT
23     INTEREST IS SEPTEMBER 30TH OF 2015, BUT I WILL DELAY ANY
24     BRIEFING OR HEARING UNTIL LATER.  BUT IF THERE'S ANY DISCOVERY
25     NECESSARY ON THAT ISSUE, I WANT YOU TO GET IT NOW, OKAY, SO WE
```

1       CAN HANDLE IT RIGHT AWAY, MAYBE RIGHT AFTER ANY JMOL ORDERS.

2            OKAY.  THE MOTION TO STRIKE EXPERT REPORT WILL BE

3       DECEMBER 18, 2015; OPPOSITION BRIEF WILL BE JANUARY 14, 2016;

4       REPLY BRIEF WILL BE JANUARY 21 OF 2016.  I'M ADOPTING THE

5       PARTIES' BRIEFING SCHEDULE.

6            I HAVE ANTHEM MDL COMING IN ON FEBRUARY 4TH, SO I THINK IT

7       WOULD BE TOUGH TO DO THIS ON THE SAME DAY, SO I'D LIKE TO SET

8       THE HEARING FOR FEBRUARY 11.  ARE YOU AVAILABLE THAT DAY?

9                 MS. MAROULIS:  YES, YOUR HONOR.

10                MR. MCELHINNY:  YES, YOUR HONOR.

11                THE COURT:  OKAY.  APPLE, TOO?

12                MR. MCELHINNY:  YES, YOUR HONOR.

13                THE COURT:  OKAY.  SO YOUR JOINT IDENTIFICATION OF

14      TRIAL WITNESSES JANUARY 22ND, THAT'S FINE; I WAS GOING TO

15      PROPOSE, SINCE I'M MOVING THE MOTION TO STRIKE HEARING BY ONE

16      WEEK, I'D LIKE TO MOVE THE PRETRIAL CONFERENCE BY ONE WEEK.

17      ARE YOU AVAILABLE ON MARCH 3RD?

18                MS. MAROULIS:  YES, YOUR HONOR.

19                MR. MCELHINNY:  YES, YOUR HONOR.

20                THE COURT:  OKAY.  AND SO I'D LIKE TO GIVE YOU AN

21      EXTRA WEEK ON THE JOINT PRETRIAL STATEMENT SO YOU CAN

22      INCORPORATE ANY RULING ON THE MOTIONS TO STRIKE, SO RATHER THAN

23      THAT BEING DUE ON FEBRUARY 11TH AS THE PARTIES PROPOSED, SINCE

24      THAT'S THE HEARING DATE ON THE MOTION TO STRIKE, I'M GOING TO

25      GIVE YOU AN ADDITIONAL WEEK, SO YOUR JOINT PRETRIAL STATEMENT

```
 1        IS DUE FEBRUARY 18, 2016.

 2            NOW, AS FAR AS THE PRETRIAL EXCHANGES, I THINK WE SHOULD

 3    JUST FOLLOW WHAT WE HAVE DONE IN THE PAST OF EXCHANGE THE

 4    EXHIBITS AND THE WITNESSES TWO DAYS BEFORE, FILING YOUR

 5    OBJECTIONS AND RESPONSES THE MORNING THE DAY BEFORE, AND THEN

 6    I'LL RULE ON THEM THE NIGHT BEFORE SO YOU HAVE THE RULINGS

 7    BEFORE THE WITNESS COMES ON OR THE EXHIBITS OR DEMONSTRATIVES

 8    ARE USED.

 9            I'M GOING TO LIMIT OPENING SLIDES TO 50.

10            THE ROLLING LIST OF SEVEN SHOULD ALWAYS JUST BE THE NIGHT

11    BEFORE YOU'RE GOING TO CALL THE WITNESSES.  DO WE NEED TO SET A

12    DATE ON THAT?  I DIDN'T THINK WE NEED TO.  JUST USE THE SAME

13    PRACTICE AS YOU HAVE IN THE LAST THREE TRIALS.

14            NOW, THE DATE FOR EXCHANGING OPENING STATEMENT

15    DEMONSTRATIVES, WE CAN EITHER JUST SET THAT AT THE PRETRIAL

16    CONFERENCE OR WE CAN DISCUSS IT NOW.  IT DOESN'T MATTER.  I'M

17    FINE WITH WAITING AS WELL.

18            MR. MCELHINNY:  WE'RE FINE WITH WAITING UNTIL THE

19     PRETRIAL CONFERENCE.

20            THE COURT:  OKAY.  ALL RIGHT.

21            NOW, WHAT ABOUT INITIAL WITNESS DISCLOSURE, OBJECTIONS,

22    SUBSEQUENT WITNESS DISCLOSURES AND OBJECTIONS?  SHOULDN'T THAT

23    JUST BE THE PRACTICE WE'VE BEEN DOING THE LAST THREE TRIALS?

24            MR. MCELHINNY:  YES, YOUR HONOR.

25            THE COURT:  YEAH.  I DON'T SEE ANY NEED TO DEVIATE
```

1      FROM WHAT WE'VE BEEN DOING, SO THAT'S THE SAME AS BEFORE.

2      THOSE ARE SAME AS BEFORE.

3           TRIAL IS GOING TO START ON MARCH 28TH.

4           AND THE POST-TRIAL BRIEFING WILL BE AS FOLLOWS:  OPENING

5      BRIEFS WILL BE DUE APRIL 21; OPPOSITION BRIEFS, MAY 5; REPLY

6      BRIEFS, MAY 12; AND THE HEARING ON JUNE 2ND, 2016, AT 1:30 P.M.

7           SO OUR TRIAL DATES ARE GOING TO BE MARCH 28, 29, 30, 31,

8      APRIL 1, 4, AND 5.

9           (DISCUSSION OFF THE RECORD BETWEEN THE COURT AND THE

10     CLERK.)

11          THE COURT:  OH, I'M LOOKING AT THE 2016 CALENDAR.

12     THAT'S MY MISTAKE.  LET ME START OVER.

13          MARCH -- OH, YEAH, THAT'S RIGHT.  MARCH 28 IS A MONDAY.

14     SO MARCH 29 IS A TUESDAY.  MARCH 30TH IS A WEDNESDAY.

15     MARCH 31ST IS A THURSDAY.

16          WHAT DID I SAY?

17          (DISCUSSION OFF THE RECORD BETWEEN THE COURT AND THE

18     CLERK.)

19          THE COURT:  TRIAL WILL BE CONTINUOUS DAYS.

20          MS. MAROULIS:  YOUR HONOR, MAY I ADDRESS THE COURT

21     VERY BRIEFLY?

22          MR. PRICE HAS A PREEXISTING FAMILY OBLIGATION ON

23     MARCH 20TH THROUGH 28TH.  IS THERE ANY WAY TO POSTPONE THIS AT

24     LEAST A WEEK SO HE CAN RETURN FROM HIS PLANS?

25          THE COURT:  UNFORTUNATELY, WE CAN'T DO THAT BECAUSE

```
 1      OTHERWISE THERE WILL NOT BE SUFFICIENT TIME FOR THE JMOL

 2      BRIEFING AND THE RULING.  SO I'LL APOLOGIZE TO HIS FAMILY, BUT

 3      I -- THERE'S JUST NOT ENOUGH TIME TO GET THIS BRIEFING DONE AND

 4      HAVE THE HEARING BY JUNE 2ND.

 5           SO IT'S MARCH 28, 29, 30, 31, APRIL 1, 4, AND 5.  I

 6      BELIEVE THAT'S ONE, TWO, THREE, FOUR, FIVE, SIX, SEVEN DAYS.

 7           WE MAY NOT EVEN GO SEVEN DAYS.  I JUST SCHEDULED IN THREE

 8      DAYS OF DELIBERATION JUST IN CASE BECAUSE THAT'S HOW LONG I

 9      BELIEVE GENERALLY THE LAST THREE TRIALS HAVE DELIBERATED, ABOUT

10      THREE DAYS.

11           OKAY.  WHAT ELSE DO WE NEED TO DO TODAY?  ANYTHING ELSE WE

12      NEED TO DO TODAY?

13                MR. MCELHINNY:  YOUR HONOR, MAY I JUST REVISIT THIS

14      QUESTION ABOUT SUPPLEMENTAL DAMAGES --

15                THE COURT:  YES.

16                MR. MCELHINNY:  -- JUST FOR A MOMENT?

17                THE COURT:  OKAY.

18                MR. MCELHINNY:  THERE IS A -- THE DISPUTE IS SIMPLY

19      STATED BETWEEN US AND SAMSUNG, WHICH IS WE BELIEVE THAT ALL OF

20      THESE ISSUES THAT SAMSUNG WANTS TO RAISE NOW WERE EITHER

21      DECIDED IN THE EARLIER TRIAL OR DECIDED BY YOUR HONOR'S

22      METHODOLOGY ORDER WHICH THEY APPEALED.

23           IF WE ARE CORRECT, THE SUPPLEMENTAL DAMAGES ISSUE SIMPLY

24      BECOMES A MOTION PRACTICE.

25           IF SAMSUNG IS CORRECT IN THAT THEY CAN NOW RAISE FOR THE
```

1    FIRST TIME NON-INFRINGEMENT DEFENSES THAT THEY DIDN'T RAISE AT

2    THE FIRST TRIAL, THEN WHAT PROCEEDS FROM THAT IS REGULAR

3    DISCOVERY, EXPERT REPORTS, AND SORT OF A LAID OUT AND THEN

4    EVENTUALLY A BENCH TRIAL BEFORE YOUR HONOR.

5        IF WE --

6            THE COURT:  CAN I ASK YOU A QUESTION?

7            MR. MCELHINNY:  YES, MA'AM.

8            THE COURT:  SO THE SUPPLEMENTAL DAMAGES BEGIN ON

9    AUGUST 25TH OF 2012, THE DAY AFTER THE VERDICT?

10           MR. MCELHINNY:  YES, YOUR HONOR.

11           THE COURT:  HOW LATE DO THEY GO?  UNTIL WHENEVER THE

12   PRODUCTS ARE END OF LIFE AND ARE NO LONGER BEING SOLD?

13           MR. MCELHINNY:  SEPTEMBER 2013, YOUR HONOR.

14           THE COURT:  AND WHY THAT DATE?

15           MR. OLSON:  THEY STOPPED SELLING.

16           MR. MCELHINNY:  THEY STOPPED SELLING.

17           THE COURT:  OKAY.

18           MR. MCELHINNY:  SO WHAT I WOULD LIKE -- IF WE COULD

19   GET ON YOUR CALENDAR -- IF YOUR HONOR COULD --

20           THE COURT:  CAN I ASK YOU A QUESTION?

21           MR. MCELHINNY:  YES.

22           THE COURT:  WHY WOULDN'T I HAVE TO DETERMINE WHETHER

23   ANY CHANGES TO THE PRODUCTS IN THAT WINDOW FROM AUGUST 25,

24   2012, TO SEPTEMBER 20TH OF 2013, WERE, IN FACT, IMPLEMENTED AND

25   WHETHER THEY INFRINGE OR NOT?  DON'T I HAVE TO MAKE THAT

```
 1    ASSESSMENT?
 2              MR. MCELHINNY:  THERE ARE TWO ANSWERS TO THAT.  ONE
 3    IS THAT THE CHANGES TO THE PRODUCTS THAT AT LEAST WE KNOW ABOUT
 4    WERE MADE --
 5              THE COURT:  YEAH.
 6              MR. MCELHINNY:  -- DURING THE DISCOVERY TIME OF THE
 7    PRIOR TRIAL.  THOSE PRODUCTS WERE ON SALE, THEY WERE INCLUDED
 8    IN THE ORIGINAL TRIAL, THEY WERE INCLUDED IN THE ORIGINAL
 9    VERDICT, AND SAMSUNG DID NOT RAISE ANY OF THESE DEFENSES AT
10    THAT TIME.
11         SO WE BELIEVE THAT THE JURY DETERMINED THAT THE PRODUCTS
12    THAT THEY'RE NOW TALKING ABOUT AS NON-INFRINGING WERE, IN FACT,
13    INFRINGING AND THAT THESE PRODUCTS ARE WRAPPED UP IN THE
14    ORIGINAL VERDICT.
15              THE COURT:  AND WHY -- I'M SORRY TO INTERRUPT YOU.
16    WHY DIDN'T THEY RAISE THEM?  WERE THEY PRECLUDED BECAUSE THEY
17    WERE DISCLOSED UNTIMELY?
18              MR. MCELHINNY:  THE ANSWER TO THAT, I BELIEVE --
19              THE COURT:  YES.
20              MR. MCELHINNY:  -- DIFFERS BY VARIOUS -- WE DON'T
21    HAVE A COMPLETE LIST OF WHAT'S THEIR NEW NON-INFRINGEMENT.
22              THE COURT:  YES.
23              MR. MCELHINNY:  BUT ONE OF THEM IS THEY SAY WHITE
24    PHONES CAN'T INFRINGE ONE OF OUR DESIGN PATENTS.  THEY WERE NOT
25    PRECLUDED IN ANY WAY, SHAPE, OR FORM.  I MEAN, THERE WERE NO
```

```
 1        PRECLUSION ORDERS, THERE WAS NOTHING.  THEY SIMPLY DID NOT

 2        RAISE THAT DEFENSE.

 3             AND WHITE PHONES ARE AMONGST THE PHONES THAT WERE FOUND TO

 4        BE INFRINGING BY THE JURY.  WE DON'T THINK WE SHOULD HAVE TO

 5        RELITIGATE THAT ISSUE.

 6             THERE WERE -- THERE WAS ONE SOFTWARE DESIGN THAT THEY WERE

 7        EXPRESSLY PRECLUDED.  SO THE ANSWER VARIES ON A DIFFERENT

 8        BASIS.

 9             THE COURT:  UM-HUM.

10             MR. MCELHINNY:  SO THAT'S ONE ANSWER IS WE THINK THIS

11        WAS -- WE THINK THIS WAS DETERMINED AND THAT THEY DON'T HAVE A

12        RIGHT TO REOPEN IT FOR SUPPLEMENTAL DAMAGES.

13             SECONDLY, WE THINK YOUR HONOR SET OUT, IN YOUR METHODOLOGY

14        ORDER, EXACTLY WHAT YOU INTENDED TO DO, THAT YOU SET OUT THE

15        METHODOLOGY AND SAID WE HAVE TO TAKE THE NUMBER THAT YOUR HONOR

16        SET AND WE'RE GOING TO MULTIPLY IT AGAINST THE NUMBER OF

17        PRODUCTS.

18             THE COURT:  OH, I WOULDN'T ALLOW THEM TO CHANGE THE

19        CALCULATION.  I ALREADY -- I AGREE WITH YOU THAT THE MARCH 1,

20        2013, ORDER SET OUT HOW I WOULD CALCULATE IT.

21             THE ONLY QUESTION IS WHICH SALES DO WE COUNT?  AND THEN I

22        THINK I HAVE TO MAKE THE DESIGN AROUND DETERMINATION.

23             MR. MCELHINNY:  BUT OUR POSITION IS THAT --

24             THE COURT:  YES.

25             MR. MCELHINNY:  -- IF THEY HAD A PROBLEM WITH WHAT
```

```
 1            YOUR HONOR HAD SET OUT IN THE ORDER --

 2                 THE COURT:  YEAH.

 3                 MR. MCELHINNY:  -- THEY DID APPEAL THAT ORDER TO THE

 4      FEDERAL CIRCUIT.  THEY DIDN'T RAISE THIS ISSUE IN FRONT OF THE

 5      FEDERAL CIRCUIT.

 6                 THE COURT:  WHICH ONE?  THE DESIGN AROUND?

 7                 MR. MCELHINNY:  THE QUESTION ABOUT WHETHER OR NOT --

 8      YES, WHETHER OR NOT DESIGN AROUNDS WOULD BE CONSIDERED UNDER

 9      THE METHODOLOGY THAT YOUR HONOR HAD SET OUT IN YOUR ORDER.

10          SO -- BUT FOR NOW, I'M JUST -- THOSE ARE THE ISSUES.

11                 THE COURT:  WELL, OKAY.  THIS IS WHAT I WOULD BE

12      WILLING TO DO.

13                 MR. MCELHINNY:  CAN I --

14                 THE COURT:  I DON'T KNOW IF THIS IS --

15                 MR. MCELHINNY:  I HAVEN'T MADE MY POINT.

16                 THE COURT:  -- TO FEEL THEM OUT.  WHAT IF I HAD --

17      OKAY.  I'LL LET YOU MAKE IT, BUT LET ME MAKE MINE FIRST.

18                 MR. MCELHINNY:  ALL RIGHT.

19                 THE COURT:  OKAY.  WHAT IF YOU MET AND CONFERRED AND

20      HAD SAMSUNG IDENTIFY, FOR ALL 18 PRODUCTS, WHAT THEY THINK IS

21      THE DESIGN AROUND, WHEN THAT DESIGN AROUND WAS FIRST

22      IMPLEMENTED; AND THEN YOU CAN COME BACK AND SAY, WELL, YOU

23      WAIVED IT BECAUSE YOU NEVER RAISED IT AT TRIAL, DONE.

24          AND YOU CAN GO THROUGH ALL 18 PRODUCTS AND SET THAT OUT,

25      WHAT IS THE DESIGN AROUND, WHEN WAS IT IMPLEMENTED, WHEN WAS IT
```

1      DESIGNED, WAS IT RAISED AT TRIAL OR NOT, AND DID THE JURY

2      CONSIDER IT OR NOT?  DID THE JURY DISREGARD IT?

3              MR. MCELHINNY:  THIS IS EXACTLY WHAT I WANT TO RAISE

4      BECAUSE --

5              THE COURT:  UM-HUM.

6              MR. MCELHINNY:  -- IF WE CAN PRESENT THAT -- IF YOUR

7      HONOR JUST GAVE US -- IF YOUR HONOR IS GOING TO GO WITH

8      SAMSUNG'S POSITION IS ALL I'M -- THIS IS WHAT I'M TRYING TO GET

9      TO.  IF YOUR HONOR IS GOING TO GET -- THEN THERE'S GOING TO

10     HAVE TO BE DISCOVERY, THERE'S GOING TO HAVE TO BE EXPERTS AND

11     REPORTS, AND RATHER THAN POSTPONING THAT WHOLE PROCESS UNTIL

12     AFTER, IF THAT'S THE WAY THIS IS GOING TO GO, WE SHOULD

13     START -- WE CAN BE DOING THAT DISCOVERY PROCESS NOW.

14             THE COURT:  OH, THAT'S FINE.

15             MR. MCELHINNY:  WELL, THAT'S THE -- BUT WE JUST NEED

16     TO KNOW --

17             THE COURT:  THAT'S FINE IF YOU WANT TO DO THE --

18     THAT'S WHY I SAID THAT SAMSUNG HAS TO PRODUCE THEIR FINANCIAL

19     DOCUMENTS BY SEPTEMBER 30TH.  I DID WANT THE SUPPLEMENTAL

20     DAMAGES AND PRE-JUDGMENT INTEREST DISCOVERY TO GO FORWARD, EVEN

21     IF I DON'T RULE ON IT UNTIL AFTER JMOL.

22             MR. MCELHINNY:  GOT IT.  THAT'S WHAT I NEEDED TO

23     KNOW.

24             THE COURT:  OKAY.  SO THE DISCOVERY SHOULD GO FORWARD

25     ON THOSE TWO QUESTIONS, PRE-JUDGMENT INTEREST AND SUPPLEMENTAL

1    DAMAGES.

2          (DISCUSSION OFF THE RECORD BETWEEN PLAINTIFF'S COUNSEL.)

3              THE COURT:  WHAT'S THAT?

4              MR. MCELHINNY:  WHAT WE NEED IS AN EARLY DISCLOSURE

5    OF WHAT THEIR NEW DEFENSES ARE.

6              THE COURT:  ALL RIGHT.  WHAT ABOUT SEPTEMBER 30TH?

7              MR. MCELHINNY:  THAT'S FINE.

8              THE COURT:  OKAY.  SEPTEMBER 30TH, YOU ARE GOING TO

9    DISCLOSE ALL THE DESIGN AROUNDS FOR ALL 18 PRODUCTS.

10          AND WHAT SPECIFICALLY DO YOU WANT TO KNOW ABOUT THOSE?

11    LAY IT OUT AND I'LL PUT IT IN THE ORDER.

12             MR. MCELHINNY:  WE WANT TO KNOW THE BASIS UPON WHICH

13    SAMSUNG IS CLAIMING THAT THESE PRODUCTS DO NOT INFRINGE; AND

14    FOR EACH OF THESE VARIANTS, WE WOULD LIKE TO KNOW THE FIRST DAY

15    ONE OF THOSE VARIANTS WENT ON SALE IN THE UNITED STATES.

16          (DISCUSSION OFF THE RECORD BETWEEN PLAINTIFF'S COUNSEL.)

17             MR. MCELHINNY:  AND WHEN IT'S SOFTWARE, THE FIRST DAY

18    THAT THE SOFTWARE WAS AVAILABLE TO BE USED IN THE PHONE.

19             THE COURT:  FIRST DAY SOFTWARE AVAILABLE FOR?

20             MR. MCELHINNY:  DOWNLOADING INTO THE PHONE.

21             THE COURT:  IN THE U.S.?

22             MR. MCELHINNY:  YES, YOUR HONOR.

23          AND IF IT WOULD HELP YOUR HONOR, AN EXPLANATION OF WHY

24    THIS WASN'T RAISED AS A DEFENSE IN THE FIRST CASE.

25             THE COURT:  YES.  WHETHER IT WAS RAISED AT TRIAL, AND

```
 1        IF IT WAS RAISED AT TRIAL, I WOULD LIKE THE EXHIBIT NUMBER AND
 2     I WOULD LIKE THE TRIAL TRANSCRIPT CITATION.  OKAY?
 3              MR. MCELHINNY:  AND IF NOT, WHY NOT, I GUESS.
 4              THE COURT:  WELL, THAT'S NEXT.
 5              MR. MCELHINNY:  OKAY.  SORRY.
 6              THE COURT:  I'M JUST DOING THIS NOW.  TRIAL
 7     TRANSCRIPT CITATION; AND THEN TWO IS, WHY NOT?
 8              MR. ANDERSON:  YOUR HONOR, IF I MAY?
 9        WE'RE HAPPY TO DISCLOSE ALL THAT INFORMATION.
10        THEY ALREADY HAVE IT.  I DON'T KNOW IF MR. MCELHINNY
11     FORGETS, BUT IN OCTOBER --
12              THE COURT:  WELL, IT WOULD BE GOOD FOR IT JUST TO BE
13     IN ONE PLACE, JUST ONE DOCUMENT.
14              MR. ANDERSON:  THEY HAVE IT.
15              THE COURT:  ONE DOCUMENT TO LAY ALL THIS OUT, FOR ALL
16     18 PRODUCTS, WHAT IS THE DESIGN AROUND; WHY ARE YOU SAYING THAT
17     IT DOESN'T INFRINGE; WHEN IS THE FIRST DAY OF SALE OF THAT
18     NON -- WHAT YOU'RE ALLEGING NON-INFRINGING VERSION IN THE U.S.;
19     WHEN IS THE FIRST DAY OF SOFTWARE AVAILABILITY FOR DOWNLOADING
20     IN THE U.S.; WHETHER IT WAS RAISED AT TRIAL, AND IF SO, GIVE ME
21     THE EXHIBIT NUMBERS AND TRIAL TRANSCRIPT CITATIONS; AND IF IT
22     WAS NOT RAISED AT TRIAL, WHY NOT?
23        AND IF YOU HAVE IT ALL AT YOUR FINGERTIPS, THEN I WOULD
24     EVEN MOVE UP THE DATE FROM SEPTEMBER 30TH.  DO YOU WANT TO DO
25     IT NEXT WEEK?
```

1              MR. ANDERSON:  I AM AFRAID I DON'T HAVE ALL OF THAT

2     AT MY FINGERTIPS.

3              AND I ASSUME THEY ALSO WANT THE SALES UNITS.

4              THE COURT:  IS THAT CORRECT, MR. MCELHINNY, DO YOU

5     WANT THE SALES UNITS?

6              MR. MCELHINNY:  YES, PLEASE, YOUR HONOR.

7              THE COURT:  OKAY.  WHAT ELSE?  ANYTHING ELSE?  I

8     THINK THIS EXCHANGE WOULD BE HELPFUL.

9              MR. ANDERSON:  I AGREE, YOUR HONOR, AND WE'RE HAPPY

10    TO DO IT.

11             I JUST WANT TO MAKE CLEAR ABOUT WHERE THE BURDEN LIES

12    HERE.  WE'RE HAPPY TO TELL THEM THE INFORMATION YOU RECITED.

13    THEY KNOW IT BECAUSE THIS CAME UP IN THE PERMANENT INJUNCTION

14    BRIEFING IN OCTOBER OF 2012, AND IT CAME UP THERE BECAUSE THE

15    PRECLUSION ORDER THAT PREVENTED SAMSUNG FROM PRESENTING ITS

16    DESIGN AROUNDS AT TRIAL SAID THAT ORDER WAS EXPLICITLY NOT

17    APPLICABLE TO POST-TRIAL PROCEEDINGS.

18             SO WHEN WE GOT TO THE PERMANENT INJUNCTION PROCEEDINGS, WE

19    SHOWED APPLE THE CHANGES WE MADE TO THE PRODUCTS TO AVOID THESE

20    PATENTS.

21             IT'S THE SAME CHANGES.  THERE'S NOW FIVE PRODUCTS AT

22    ISSUE.  SO THEY'VE SEEN THE CHANGES.

23             AND IT'S -- THIS NOTION THAT SOMEHOW WE PUT THE DESIGN

24    AROUNDS IN TOO EARLY AND, THEREFORE, HAVE TO PAY SUPPLEMENTAL

25    DAMAGES BASED ON THAT CAN'T BE RIGHT AND I WANT TO MAKE SURE WE

```
 1        HAVE AN OPPORTUNITY TO BRIEF THAT FOR THE COURT.

 2              THE COURT:  WELL, THE PRECLUSION ORDERS WERE AFFIRMED

 3        BY THE FEDERAL CIRCUIT AND YOU DIDN'T RAISE THIS SUPPLEMENTAL

 4        DAMAGES ISSUE ON APPEAL.

 5           SO IT -- I THINK IT SEEMS UNFAIR THAT YOU ONLY RAISED A

 6        FEW ISSUES ON APPEAL, BUT NOW YOU'RE TRYING TO RELITIGATE ALL

 7        OF THEM DOWN HERE IN DISTRICT COURT.

 8              MR. ANDERSON:  YOUR HONOR, WE --

 9              THE COURT:  AND I DON'T THINK THAT'S FAIR.  YOU DID

10        NOT RAISE THIS DESIGN AROUND ISSUE WITH REGARD TO SUPPLEMENTAL

11        DAMAGES ON APPEAL.

12              MR. ANDERSON:  MAY I EXPLAIN?

13              THE COURT:  SO --

14              MR. ANDERSON:  THERE WEREN'T ANY SUPPLEMENTAL DAMAGES

15        AWARDED.  THERE WAS NO AWARD TO APPEAL.  YOU INDICATED HOW YOU

16        WOULD CALCULATE AND YOU DIDN'T -- AS FAR AS I KNOW, THE

17        COURT --

18              THE COURT:  BUT YOU SHOULD HAVE -- IF YOU OBJECTED TO

19        THIS CALCULATION METHOD BECAUSE IT WOULD INCLUDE NON-INFRINGING

20        SALES, THEN YOU SHOULD HAVE RAISED THAT AND SAID THIS

21        CALCULATION METHOD WAS LEGALLY ERRONEOUS BECAUSE IT IS

22        OVERINCLUSIVE ON NON-INFRINGING SALES.

23              MR. ANDERSON:  I BELIEVE YOUR ORDERS DO NOT SAY THAT

24        IT WILL BE APPLIED TO NON-INFRINGING SALES.  I DON'T BELIEVE

25        YOUR -- I DON'T BELIEVE YOUR HONOR HAS RULED THAT APPLE IS
```

1    ENTITLED TO SUPPLEMENTAL DAMAGES ON POST-VERDICT SALES THAT IT

2    CONCEDES DON'T INFRINGE THE PATENTS, SO I DON'T BELIEVE THAT

3    THERE WAS A RULING TO APPEAL ON THAT ISSUE.

4         MR. MCELHINNY:  THE RECORD WILL REFLECT, YOUR HONOR,

5    THAT YOUR ORDER WAS EXPRESSLY APPEALED.

6         IF I COULD ADD ONE MORE THING ON MY LIST, WHICH IS A

7    PHYSICAL, A PHYSICAL SAMPLE OF EACH MODIFIED PHONE.

8         THE COURT:  THAT'S FINE.

9         MR. MCELHINNY:  AND THEN WE DON'T NEED TO DECIDE THIS

10   NOW, BUT WHAT I WOULD REALLY LIKE IS SOME -- ONCE WE HAVE THIS

11   AND WE'VE MET AND CONFERRED, A CHANCE TO PRESENT TO YOUR HONOR

12   JUST THE GLOBAL ISSUE OF HOW YOU'RE GOING TO DO THIS, BECAUSE

13   IF YOUR HONOR AGREES WITH US, THEN WE DON'T HAVE TO DO MONTHS

14   OF DISCOVERY.  THAT'S THE -- THAT WOULD BE THE ADVANTAGE TO US.

15        MR. ANDERSON:  YOUR HONOR, IT WON'T BE MONTHS OF

16   DISCOVERY.  IN FACT, THE DISCOVERY WAS ALREADY DONE IN THE

17   PERMANENT INJUNCTION CONTEXT, SO IT CERTAINLY WON'T BE MONTHS.

18        BUT WE'RE HAPPY -- WE'RE HAPPY TO DISCLOSE WHAT WE THINK

19   IS THE RELEVANT INFORMATION AND CONFER WITH COUNSEL.

20        MOST OF THE PATENTS, THERE'S NO DISPUTE ABOUT THE DESIGN

21   AROUND.

22        THE COURT:  WHY DON'T YOU FILE THIS DOCUMENT ON

23   SEPTEMBER 30TH?  DON'T JUST SERVE IT ON APPLE, BUT WHY DON'T

24   YOU ALSO FILE IT?

25        MR. ANDERSON:  MAY I --

```
 1              THE COURT:  YOU CAN REDACT THE SALES NUMBERS.

 2              MR. ANDERSON:  OKAY.  I APPRECIATE THAT.

 3              THE COURT:  OKAY.

 4          (PAUSE IN PROCEEDINGS.)

 5              THE COURT:  OH, MR. ANDERSON, CAN YOU FILE A NOTICE

 6     OF APPEARANCE?

 7              MR. ANDERSON:  YES.

 8              THE COURT:  OKAY.

 9              MR. ANDERSON:  I APOLOGIZE FOR THAT, YOUR HONOR.

10     I'LL TAKE CARE OF THAT TODAY.

11              THE COURT:  YEAH, IF YOU WOULD.  WE'LL INCLUDE THAT

12     IN THE ORDER, THAT YOU SHOULD FILE A NOTICE OF APPEARANCE.

13          AND ANYONE ELSE SHOULD NOT BE E-FILING THROUGH

14     MS. MAROULIS'S ACCOUNT.  THEY NEED TO REGISTER ON ECF IN THEIR

15     OWN NAME.  OKAY?

16          SO I'D LIKE YOU TO FILE A NOTICE OF APPEARANCE AND TO

17     REGISTER ON ECF IN YOUR OWN NAME.  OKAY?

18              MR. ANDERSON:  YES.  I'M REGISTERED, I JUST NEED TO

19     FILE IN THIS CASE.

20              THE COURT:  THAT'S FINE.  YEAH.  YOU'RE RECEIVING ECF

21     NOTIFICATIONS THROUGH MS. MAROULIS'S ACCOUNT.

22              MR. ANDERSON:  YES, BUT I'M ALSO --

23              THE COURT:  SO REGISTER FOR THIS CASE, PLEASE.

24              MR. ANDERSON:  YES.

25              THE COURT:  WHEN DID YOU SAY YOU WERE GOING TO DO
```

```
 1      THAT?

 2              MR. ANDERSON:  I'LL DO THAT TODAY.

 3              THE COURT:  OKAY.  THANK YOU.

 4      WHAT'S YOUR PROPOSAL, MR. MCELHINNY?  MY CONCERN IS I

 5   THINK THAT, YOU KNOW, NOTHING IN THIS CASE IS EVER SIMPLE, AS

 6   YOU KNOW.  SO I THINK WADING THROUGH 18 PRODUCTS IS GOING TO BE

 7   AN INCREDIBLE EFFORT AND I HAVE LIMITED RESOURCES TO DEVOTE TO

 8   THIS CASE.

 9          SO I THOUGHT THE PRIORITY WOULD BE TO DO THE DAMAGES

10   RETRIAL ON THE FIVE PRODUCTS FIRST AND TO DEVOTE THE RESOURCES

11   TO THAT FIRST, BUT IF YOU WANT ME TO DO SUPPLEMENTAL DAMAGES

12   INSTEAD, IN LIEU OF, I --

13              MR. MCELHINNY:  I COULDN'T ASK FOR -- I COULDN'T ASK

14    FOR ANYTHING, YOUR HONOR.  I MEAN, YOUR HONOR IS GIVING US WHAT

15    WE HOPED FOR.

16              THE COURT:  OKAY.

17              MR. MCELHINNY:  THE ONLY POINT I'M TRYING TO MAKE IS

18    THAT THIS GLOBAL ISSUE -- AND IF YOUR HONOR -- THIS IS FOR

19    YOUR -- I THINK IT'S FOR YOU.  IF THIS GLOBAL ISSUE GETS

20    RESOLVED AS WE THINK IT SHOULD BE, AS WE THINK IT WAS --

21              THE COURT:  UM-HUM.

22              MR. MCELHINNY:  -- THEN THERE IS NO DISCOVERY AND

23    THEN THERE'S JUST SIMPLY A MOTION PRACTICE THAT GETS FILED.

24        IF SAMSUNG IS CORRECT, THEN IT BECOMES A BENCH TRIAL WITH

25    ALL THIS STUFF.
```

```
 1            AND RATHER THAN PUT THE QUESTION OF THE PROCEDURE OFF

 2    UNTIL NEXT MAY AND THEN START THEN, I'M JUST TRYING TO FIGURE

 3    OUT IF THERE'S SOME WAY THAT WE CAN TEE IT UP --

 4            THE COURT:  BUT WHAT IS -- I'M SORRY TO INTERRUPT

 5    YOU.  WHAT IS THE ISSUE?  WHETHER DESIGN AROUNDS NEED TO BE

 6    ACCOUNTED FOR IN THE SALES THAT ARE INCLUDED IN SUPPLEMENTAL

 7    DAMAGES?  IS THAT THE QUESTION?

 8            MR. MCELHINNY:  THE --

 9            THE COURT:  WHAT'S THE QUESTION?

10            MR. MCELHINNY:  OUR VIEW --

11            THE COURT:  YEAH.

12            MR. MCELHINNY:  -- IS THAT ALL OF THESE ISSUES THAT

13    THEY'RE NOW TRYING TO RAISE WERE EITHER RESOLVED BY THE

14    ORIGINAL TRIAL OR RESOLVED BY YOUR HONOR'S ORDER --

15            THE COURT:  OKAY.

16            MR. MCELHINNY:  -- AND THAT ALL THAT IS LEFT TO DO IS

17    TO MULTIPLY THE ROYALTY NUMBER TIMES THE PRODUCT SALES NUMBERS.

18    THAT'S OUR VIEW OF WHAT REMAINS TO BE DONE.

19            THE COURT:  SO YOU'RE SAYING THE DESIGN AROUNDS WERE

20    ALREADY ACCOUNTED FOR?

21            MR. MCELHINNY:  EITHER AT THE TRIAL ITSELF --

22            THE COURT:  OKAY.

23            MR. MCELHINNY:  -- OR IN YOUR HONOR'S METHODOLOGY

24    ORDER, AFFIRMED BY THE FEDERAL CIRCUIT, NOT APPEALED.

25    APPEALED, BUT NOT ARGUED.
```

```
 1              THE COURT:  OKAY.  SO YOU'RE SAYING THAT ISSUE COULD

 2     BE DECIDED WITHOUT SLOGGING THROUGH 18 PRODUCT DESIGN AROUNDS?

 3              MR. MCELHINNY:  THAT'S WHAT -- THAT'S EXACTLY WHAT

 4     I'M TRYING TO SAY.

 5              MR. ANDERSON:  YOUR HONOR, OBVIOUSLY IT'S MORE

 6     EFFICIENT TO DO THIS ALL AT ONCE.

 7         BUT FOR THE COURT'S CLARIFICATION, WE'RE TALKING ABOUT

 8     FIVE PRODUCTS NOW, NOT 18.  MOST OF THE SALES STOPPED BEFORE

 9     THE VERDICT.

10              MR. MCELHINNY:  IT'S ONLY FIVE PRODUCTS.

11              THE COURT:  IT'S FIVE?

12              MR. MCELHINNY:  YES.

13              MR. ANDERSON:  WE HAVE NO DISPUTE ABOUT HOW MANY

14     PRODUCTS ARE AT ISSUE FOR SUPPLEMENTAL DAMAGES.

15              THE COURT:  OH.

16              MR. ANDERSON:  AND IT'S NOT A SLOG, YOUR HONOR.

17     REMEMBER, WE'RE TALKING ABOUT, IS THE -- IS A PHONE BLACK OR

18     WHITE?  I MEAN, I DON'T KNOW HOW MUCH DISCOVERY --

19              THE COURT:  WELL, BUT THEN THERE'S SOFTWARE ON

20     SOME -- I MEAN, THAT --

21              MR. ANDERSON:  THERE IS SOFTWARE.

22              THE COURT:  THERE'S SIX PATENTS HERE, SO --

23              MR. ANDERSON:  IT WAS ALL DISCLOSED IN THE PERMANENT

24     INJUNCTION BRIEFING IN OCTOBER 2012 AND THEY'RE AWARE OF IT.

25         SO I THINK YOUR HONOR IS RIGHT THAT, FOR EFFICIENCY
```

```
 1        REASONS, IT SHOULD BE ADDRESSED LATER, AND WE'RE HAPPY TO DO --
 2              THE COURT:  WELL, I'M FINE WITH THE CALCULATION --
 3        I'M SORRY TO INTERRUPT YOU.  I'M FINE WITH DOING THE
 4        CALCULATION LATER.
 5            BUT I GUESS THERE'S THIS ONE QUESTION OF, IS THIS EVEN
 6        RESOLVED OR NOT?  I GUESS THAT'S THE QUESTION.
 7              MR. MCELHINNY:  RIGHT.  AND THAT TURNS ON WHETHER OR
 8        NOT WE NEED DISCOVERY AND NEW EXPERTS AND PRETRIAL CONFERENCES
 9        AND THINGS LIKE THAT.
10              THE COURT:  STACY.
11            (DISCUSSION OFF THE RECORD BETWEEN THE COURT AND THE
12        CLERK.)
13              MR. MCELHINNY:  MAY I MAKE A PROPOSAL, YOUR HONOR?
14              THE COURT:  WHAT'S THAT?
15              MR. MCELHINNY:  AFTER WE GET THEIR DISCOVERY, WHY
16        DON'T WE MEET AND CONFER AND THEN WE WILL JUST SUBMIT TO YOUR
17        HONOR A JOINT STATUS REPORT.
18            ONCE YOU HAVE THAT JOINT STATUS REPORT, YOU CAN DECIDE
19        WHETHER YOU WANT TO HAVE -- ISSUE AN ORDER, WHETHER YOU WANT TO
20        SET A HEARING, WHETHER YOU WANT BRIEFING, OR WHETHER YOU JUST
21        WANT TO LEAVE THE WHOLE THING AS IT IS RIGHT NOW.
22            BUT WE'LL JUST SET OUT CLEARLY FOR YOU WHAT WE'RE
23        DISCUSSING NOW AND YOU CAN DECIDE IF YOU WANT TO DO SOMETHING
24        ABOUT IT OR NOT.
25              MR. ANDERSON:  YOUR HONOR, I THINK THIS IS JUST
```

1    ANOTHER -- THIS IS AN ATTEMPT TO AVOID THE MOTION THEY HAVE TO

2    FILE.  I MEAN, AT LEAST IN THEIR CASE MANAGEMENT STATEMENT,

3    THEY ACKNOWLEDGE THEY HAD TO FILE A MOTION TO GET SUPPLEMENTAL

4    DAMAGES.

5         WE'RE HAPPY TO DISCLOSE THE INFORMATION AND WE'RE HAPPY TO

6    CONFER.

7         BUT WE WANT TO -- WE DON'T WANT TO GET IN ANOTHER

8    SITUATION WHERE APPLE IS SOMEHOW ACTING LIKE IT'S SAMSUNG'S

9    BURDEN TO SHOW NON-INFRINGEMENT OF WHITE PHONES BY -- FOR THE

10   D'677 PATENT.

11        WE NEED TO SEE WHAT THEY'RE ALLEGING THEY WANT DAMAGES ON.

12   SO WE'RE HAPPY TO GIVE THEM THE DISCOVERY --

13             THE COURT:  WELL, I THINK -- I UNDERSTOOD

14   MR. MCELHINNY SAYING YOU'RE GOING TO FILE A STATEMENT AND THEN

15   I CAN DECIDE WHETHER WE WANT TO MOVE FORWARD AND HAVE A MOTION.

16             MR. ANDERSON:  I JUST --

17             THE COURT:  I DON'T THINK THIS IS IN LIEU OF A

18   MOTION.

19             MR. MCELHINNY:  IT'S NOT.

20             THE COURT:  IT'S JUST A QUESTION OF DO I EVEN WANT TO

21   TOUCH THIS NOW OR WAIT UNTIL AFTER POST-TRIAL MOTIONS AFTER THE

22   RETRIAL.

23             MR. ANDERSON:  I'M HAPPY TO FILE A STATUS UPDATE.  I

24   JUST DON'T WANT IT TO BE SORT OF ONE OF THESE DISGUISED MOTIONS

25   WHERE THEY LAY OUT REQUESTS FOR RELIEF IN A STATUS UPDATE.

```
 1                THE COURT:  GIVE ME ONE SECOND, PLEASE.

 2           (DISCUSSION OFF THE RECORD BETWEEN THE COURT AND THE

 3      CLERK.)

 4                THE COURT:  ALL RIGHT.  SO ON SEPTEMBER 30TH,

 5      SAMSUNG'S GOING TO FILE ITS DISCLOSURE OF DESIGN AROUNDS FOR

 6      THE FIVE PRODUCTS; FIRST DAY OF SALE IN THE U.S.; FIRST DAY OF

 7      SOFTWARE AVAILABILITY IN THE U.S.; WHETHER IT WAS RAISED AT

 8      TRIAL, AND IF SO, THE EXHIBIT NUMBER, TRIAL TRANSCRIPT

 9      CITATION.  IF NOT, WHY NOT?

10        SALE UNITS AND PHYSICAL -- AND PROVIDE -- AND SERVE --

11      EXCUSE ME -- SERVE PHYSICAL SAMPLES ON APPLE.  NO NEED TO SERVE

12      PHYSICAL SAMPLES ON THE COURT.

13                MR. ANDERSON:  I ASSUME APPLE WILL BE FINE IF WE MADE

14      PHYSICAL SAMPLES AVAILABLE FOR THEM.  DO WE REALLY WANT THE

15      PARTIES TO BE DEALING WITH DIFFERENT PHYSICAL SAMPLES?

16                MS. KREVANS:  I'M SORRY.  IF YOU'RE SAYING WE CAN

17      ONLY INSPECT AT YOUR OFFICE, NO, WE NEED ONE THAT WE CAN WORK

18      WITH.

19                MR. ANDERSON:  YOU WANT US TO PRODUCE IT?

20                MS. KREVANS:  YES, WE DO.

21                THE COURT:  OKAY.  SO THEN WHEN IS APPLE GOING TO

22      FILE A RESPONSE, AND WHAT IS YOUR RESPONSE GOING TO BE, THAT,

23      YES, IT DOES INFRINGE, OR IT'S PRECLUDED BECAUSE IT SHOULD HAVE

24      BEEN RAISED AT TRIAL AND WAS NOT?

25                MR. MCELHINNY:  IF THEY GIVE THAT TO US ON THE 30TH
```

 1    AND THEY MAKE THEMSELVES AVAILABLE, WE WILL MEET AND CONFER

 2    WITH THEM IN THAT IMMEDIATELY FOLLOWING WEEK.

 3              THE COURT:  OKAY.

 4              MR. MCELHINNY:  AND THEN MY PROPOSAL IS THAT WHATEVER

 5    SEVEN DAYS AFTER THE 30TH IS, WE FILE A JOINT STATEMENT WITH

 6    YOUR HONOR DESCRIBING OUR POSITIONS ON WHAT HAS HAPPENED AND

 7    WHAT WE THINK THE MOST EFFICIENT WAY OF MOVING FORWARD IS.

 8              THE COURT:  SO ON OCTOBER 7TH?

 9              MR. MCELHINNY:  THAT WOULD BE FINE, ASSUMING THAT

10    THEY'RE AVAILABLE FOR A MEET AND CONFER.

11              MR. ANDERSON:  THAT'S FINE.

12        YOUR HONOR, I'D REQUEST THAT BY THAT TIME APPLE ALSO

13    INCLUDE A DEFINITIVE STATEMENT OF WHETHER IT ALLEGES THE

14    CHANGES THAT SAMSUNG HAS DISCLOSED INFRINGE THE PATENTS OR NOT.

15              MR. MCELHINNY:  THAT'S -- THAT IS WHY I'M -- WE NEED

16    TO GET THE DISCLOSURE.

17              MR. ANDERSON:  YES, THIS IS AFTER WE DISCLOSE TO

18    THEM.  I WANT TO STATE -- I WANT A STATEMENT FROM APPLE IF

19    THEY'RE GOING TO ARGUE THAT A WHITE PHONE INFRINGES THE

20    D'677 -- AND I WANT THE STATEMENT, IF YOU'RE GOING TO ALLEGE

21    THAT THE SOFTWARE DESIGN AROUND OF THE D'305 INFRINGES THE

22    D'305, I WANT YOU TO PUT THAT IN WRITING.

23              MR. MCELHINNY:  THIS IS -- THIS IS MY POINT, WHICH IS

24    IF THIS IS REOPENED FOR NEW NON-INFRINGEMENT, THEN WE HAVE TO

25    PIN DOWN WHAT IT IS, WE HAVE TO TALK TO EXPERTS, WE HAVE TO

```
1      FIGURE OUT WHAT OUR POSITION IS ON THIS.

2           THAT'S -- AND WE END UP WITH A NEW NON-INFRINGEMENT TRIAL.

3      THAT'S WHERE THEY WANT TO GO WITH THIS, AND IF THAT'S WHERE WE

4      GO, THAT'S WHERE WE'LL GO.

5           BUT I CAN'T DO THAT IN THREE DAYS AFTER THE FIRST TIME I

6      SEE WHAT THEIR PHONES LOOK LIKE.

7               THE COURT:  WELL, I JUST WANT TO KNOW -- WHAT WOULD

8      BE MORE IMPORTANT, I GUESS, IS TO DECIDE THIS PRELIMINARY

9      ISSUE.  WHAT IS YOUR POSITION?  THAT ANY DESIGN AROUND THAT WAS

10     NOT RAISED AT TRIAL HAS EFFECTIVELY BEEN WAIVED FOR PURPOSES OF

11     SUPPLEMENTAL DAMAGES?  IS THAT THE ARGUMENT?

12              MR. MCELHINNY:  ABSOLUTELY.  ANY DESIGN AROUND THAT

13     WAS ON SALE IN THE UNITED STATES PRIOR TO THE JURY VERDICT --

14              THE COURT:  YES.

15              MR. MCELHINNY:  -- THAT THAT IS -- THAT HAS BEEN

16     RESOLVED BY THE JURY WHEN THEY FOUND THAT THOSE PRODUCTS

17     INFRINGED AND NO DEFENSE WAS RAISED.

18              THE COURT:  UM-HUM.

19              MR. MCELHINNY:  SO LET'S TAKE WHITE PHONE, BLACK

20     PHONE.

21              THE COURT:  YEAH.

22              MR. MCELHINNY:  IF WHITE PHONES WERE ON SALE, IF THEY

23     WERE PUT IN AS THE PRODUCT NUMBERS, IF THE JURY ASSESSED

24     DAMAGES ON WHITE PHONES, THAT ISSUE IS OVER.

25              THE COURT:  OKAY.  BECAUSE THAT, I THINK, IS THE KEY
```

```
 1        ISSUE THAT WOULD BE HELPFUL TO DECIDE EARLIER RATHER THAN

 2        LATER.

 3                  MR. MCELHINNY:  THAT'S THE --

 4                  THE COURT:  IS THERE ANY OTHER ARGUMENT YOU HAVE

 5        OTHER THAN THE WAIVER?

 6                  MR. MCELHINNY:  THE OTHER ARGUMENT THAT I HAVE --

 7                  THE COURT:  YEAH.

 8                  MR. MCELHINNY:  -- IS THE WAY WE INTERPRET YOUR

 9        HONOR'S METHODOLOGY ORDER WAS THAT YOU DETERMINED THE NUMBER

10        AND YOU SAID YOU WERE GOING TO MULTIPLY THAT TIMES PRODUCT,

11        INFRINGING PRODUCT SALES; THAT SAMSUNG APPEALED THAT ORDER, BUT

12        DIDN'T CHALLENGE THAT METHODOLOGY; AND THAT TO TRY TO CHANGE

13        THAT METHODOLOGY NOW IS ALSO PRECLUDED.

14          SO WE HAVE BOTH A SUBSTANCE AND A METHODOLOGY ORDER.

15                  MR. ANDERSON:  YOUR HONOR, I'VE ALREADY ADDRESSED THE

16        APPEAL POINT AND WHY IT'S INCORRECT.

17          I HOPE YOUR HONOR CAN SEE --

18                  THE COURT:  WELL, I WOULD LIKE -- I WOULD LIKE

19        BRIEFING ON THAT, BECAUSE I'M NOT -- I'M NOT SURE YOU HAVEN'T

20        WAIVED IT.

21                  MR. ANDERSON:  WE CAN'T HAVE WAIVED IT.

22                  THE COURT:  IF IT EXISTED BEFORE AND YOU CHOSE NOT TO

23        RAISE IT DURING TRIAL --

24                  MR. ANDERSON:  WE WERE PRECLUDED FROM PRESENTING THE

25        JURY OUR DESIGN AROUNDS, YOUR HONOR.
```

```
1              THE COURT:  BECAUSE OF UNTIMELY DISCLOSURE?

2              MR. MCELHINNY:  NO.

3              MS. MAROULIS:  YOUR HONOR, THERE WAS AN ORDER BY

4    JUDGE GREWAL THAT WAS EFFECTIVELY A SANCTION FOR LATE

5    DISCLOSURE OF ONE OF THE SOURCE CODES FOR THE DESIGN AROUND,

6    BUT IT APPLIES TO OTHER DESIGN AROUNDS AS WELL.

7         AND IT WAS MORE THAN JUST SOURCE CODE.  IT WAS ANYTHING

8    THAT COULD HAVE BEEN DONE BY EXPERTS OR FACT WITNESSES.

9              MR. MCELHINNY:  THIS IS WHY --

10             MS. MAROULIS:  SO WE WERE FACING PRECLUSION, AND WE

11   ACTUALLY OBTAINED A CLARIFICATION FROM JUDGE GREWAL THAT THE

12   PRECLUSION WOULD NOT APPLY TO POST-TRIAL PROCEEDINGS, WHICH IS

13   WHY WE WERE ABLE TO RAISE IT IN THE INJUNCTION BRIEFING

14   CONTEXT, AND IT'S THE EXACT SAME INFORMATION THAT WE WILL BE

15   RELYING ON RIGHT NOW.

16             MR. MCELHINNY:  THIS IS WHY I WOULD LIKE TO PRESENT

17   THIS TO YOUR HONOR IN WRITING, BECAUSE THERE WAS NO PRECLUSION

18   ORDER ON THE WHITE PHONE, BLACK PHONE ISSUE.  IT SIMPLY WAS

19   NEVER RAISED.  THIS IS AN ARGUMENT THAT THEY MADE UP AFTER THE

20   TRIAL.

21        AND THEN TO THE EXTENT COUNSEL JUST SAID THAT, SHE'LL

22   CORRECT HERSELF, I KNOW, BECAUSE THERE IS NO PRECLUSION ORDER

23   ON THE WHITE PHONE, BLACK PHONE.  IF THEY THOUGHT THAT WAS A

24   DEFENSE, THEY SHOULD HAVE RAISED IT.  THE JURY RULED ON THAT

25   ISSUE.
```

1          THERE IS A PRECLUSION ORDER THAT GOES TO ONE SOFTWARE

2     MODIFICATION, AND WHAT JUDGE GREWAL SAID ABOUT THAT IS THEY ARE

3     PRECLUDED AT TRIAL.  WHETHER OR NOT THEY ARE PRECLUDED IN

4     POST-TRIAL PROCEEDINGS IS A QUESTION FOR ANOTHER DAY.

5          AND OUR ARGUMENT TO YOUR HONOR IS, FINE, BUT UNDER THE

6     GROUNDHOG RULES WHERE IT'S THE SAME EVIDENCE, THE SAME RULES,

7     THE SAME SANCTION, WE WERE PRECLUDED BECAUSE WE DIDN'T GET

8     DISCOVERY, WE STILL HAVEN'T HAD DISCOVERY, THAT IT MAKES SENSE

9     TO CONTINUE THAT PRECLUSION ON WHAT IS ESSENTIALLY A RETRIAL OF

10    DAMAGES.

11         THAT'S WHY WE WANT THE COMPLETE LIST.  BUT FOR DIFFERENT

12    DESIGN AROUNDS, THERE ARE SLIGHTLY DIFFERENT ARGUMENTS --

13              THE COURT:  UM-HUM.

14         MR. MCELHINNY:  -- STILL ALL CAPTURED BY THE

15    METHODOLOGY ARGUMENT, WHICH IS SEPARATE FROM DAMAGES.

16              THE COURT:  I GUESS I DON'T UNDERSTAND.  IF YOU'RE

17    PRECLUDED AT TRIAL FROM BRINGING IT, SO THERE'S A DAMAGES

18    VERDICT, AND NOW YOU'RE SAYING, NO, BUT THE VERDICT SHOULD NOW

19    BE CHANGED AND THE DAMAGE AWARD SHOULD BE CHANGED AND WE SHOULD

20    HAVE DIFFERENT EVIDENCE THAN WHAT WE WERE ALLOWED TO BRING

21    DURING THE TRIAL, THAT DOESN'T SEEM TO MAKE SENSE TO ME.

22         IF YOU WERE PRECLUDED, YOU WERE PRECLUDED, AND THE FEDERAL

23    CIRCUIT'S ORDER AFFIRMED ALL THE PRECLUSIONS.

24         THEN I DON'T UNDERSTAND NOW WHY, FOR SUPPLEMENTAL DAMAGES,

25    YOU'RE SUDDENLY ALLOWED TO BRING IN DEFENSES THAT YOU WERE

```
 1          PRECLUDED FROM BRINGING FOR UNTIMELY DISCLOSURE DURING THE

 2          TRIAL.

 3                    MR. ANDERSON:  BECAUSE, YOUR HONOR, WE'RE NOT

 4          CONTESTING THE DAMAGES UP UNTIL --

 5                    THE COURT:  ARE YOU SAYING THERE WAS A JUDGE GREWAL

 6          ORDER PRECLUDING THE WHITE PHONE --

 7                    MR. ANDERSON:  WE'RE SAYING --

 8                    THE COURT:  -- COLOR?  ARE YOU?

 9                    MR. ANDERSON:  YES.

10                    THE COURT:  AND GIVE ME THE -- WHAT'S THE DATE OF

11          THAT ORDER AND WE'LL TAKE A LOOK AT IT.

12                    MS. MAROULIS:  YOUR HONOR, I'M TRYING TO PULL UP THE

13          ORDER SO WE CAN LOOK AT IT TOGETHER, SO IF WE CAN HAVE A

14          MINUTE.

15                    THE COURT:  ALL RIGHT.  WELL, THIS IS WHAT I WOULD

16          LIKE:  IN YOUR DISCLOSURE ON SEPTEMBER 30TH, I WANT YOU TO

17          IDENTIFY ALL OF THE ORDERS THAT YOU BELIEVE SUPPORT YOUR

18          CONTENTION THAT YOU'RE NOT WAIVING -- YOU HAVEN'T WAIVED YOUR

19          RIGHT TO RAISE THESE.  SO I WANT YOU TO IDENTIFY THE SPECIFIC

20          EXCLUSION ORDERS OF JUDGE GREWAL, OR ME, ANYONE.  OKAY?  I WANT

21          YOU TO IDENTIFY THE SPECIFIC EXCLUSION ORDERS THAT PREVENTED

22          YOU FROM RAISING THIS ISSUE AT TRIAL.  FOR EVERY SPECIFIC

23          DESIGN AROUND, I NEED THAT INFORMATION.  OKAY?  I WANT IT

24          IDENTIFIED BY ECF NUMBER AND QUOTE THE LANGUAGE.

25                    MR. ANDERSON:  YOUR HONOR --
```

```
 1              THE COURT:  UM-HUM.

 2              MR. ANDERSON:  MAY I ADD TO THAT, YOUR HONOR?  ONE OF

 3    THE -- ANOTHER PROBLEM WITH WHAT MR. MCELHINNY SAYS IS THAT A

 4    LOT OF WHAT WE'RE -- THE CHANGES WE'RE ARGUING ABOUT WAS JUST

 5    SIMPLY NEVER ACCUSED BY APPLE.

 6         SO THE FIRMWARE CHANGES FOR THE GRAPHIC USER INTERFACE FOR

 7    THE D'305, THOSE ACTUALLY WERE IN SOME PHONES AT THE START OF

 8    THE CASE AND APPLE NEVER ALLEGED THAT THEY INFRINGED.

 9         SO --

10              THE COURT:  WELL, YOU CAN PUT THAT IN YOUR SEPTEMBER

11    30TH STATEMENT.

12              MR. ANDERSON:  YES, YOUR HONOR.

13              THE COURT:  JUST GO AHEAD AND LAY OUT, LAY OUT WHAT

14    IT IS.

15         (PAUSE IN PROCEEDINGS.)

16              MS. MAROULIS:  YOUR HONOR WAS ASKING FOR THE

17    JUDGE GREWAL ORDER, SO WE PULLED UP THE DOCKET NUMBER, AND

18    IT'S --

19              THE COURT:  RIGHT.  BUT I WOULD WANT TO READ THE

20    WHOLE THING MYSELF.

21              MS. MAROULIS:  ABSOLUTELY, YOUR HONOR.

22              THE COURT:  WHY DON'T YOU SAVE IT FOR YOUR

23    SEPTEMBER 30TH FILING?  AND I APPRECIATE YOU FINDING IT NOW.

24              MS. MAROULIS:  SURE, YOUR HONOR.

25              THE COURT:  I'M WONDERING IF IT'S WORTH GETTING A
```

```
 1    JOINT STATEMENT OF FIVE PAGES PER SIDE JUST ON THE ISSUE OF

 2    WAIVER AND WHETHER THE METHODOLOGY WAS CHALLENGED ON APPEAL.

 3    DOES THAT MAKE SENSE?

 4              MR. MCELHINNY:  I THINK THAT MAKES -- I THINK THAT'S

 5    THE MOST ECONOMICAL WAY TO PROCEED, YOUR HONOR.

 6              THE COURT:  WHEN COULD YOU FILE THAT?  AND I -- I

 7    DON'T KNOW -- I WANT IT TO BE A STATEMENT AND NOT A MOTION SO

 8    IT'S NOT GOING TO CREATE A HAMMER THAT I HAVE TO DECIDE AT THIS

 9    TIME.  IF IT LOOKS LIKE IT'S GOING TO BE A WHOLE MINI TRIAL,

10    THEN I DON'T WANT TO DO IT RIGHT NOW.

11              MR. ANDERSON:  I WOULD JUST ASK THAT IT NOT BE

12    SEPTEMBER 30TH BECAUSE WE HAVE A LOT OF WORK TO DO

13    SEPTEMBER 30TH.

14              THE COURT:  NO.  IT WOULD BE AFTER.

15              MR. MCELHINNY:  THE 9TH OF OCTOBER I WOULD BELIEVE.

16              THE COURT:  DOES THAT GIVE YOU ENOUGH TIME,

17    MR. ANDERSON?  THE 9TH OF OCTOBER?

18              MR. ANDERSON:  IT DOES, YOUR HONOR.

19              THE COURT:  ALL RIGHT.  SO FILE THAT ON OCTOBER 9TH.

20    IT'S GOING TO BE A TOTAL OF A TEN PAGE DOCUMENT, FIVE EACH, ON

21    THE ISSUE OF WAIVER AND WHETHER THE METHODOLOGY WAS CHALLENGED.

22         AND THEN I'LL DECIDE AT THAT TIME WHETHER I WANT TO SET AN

23    INTERIM CMC OR JUST LEAVE THAT ISSUE FOR LATER.  OKAY?

24         I DON'T WANT TO ASK WHAT ELSE, BUT I FEEL COMPELLED TO ASK

25    IF THERE'S ANYTHING ELSE.
```

1              MR. MCELHINNY:  NOTHING FURTHER FROM APPLE, YOUR

2    HONOR.

3              THE COURT:  OKAY.  MS. MAROULIS?

4              MS. MAROULIS:  NOTHING FURTHER.

5              THE COURT:  OR MR. ANDERSON, ANYTHING ELSE?

6              MR. ANDERSON:  NO.

7              THE COURT:  ALL RIGHT.  THANK YOU ALL VERY MUCH.  I

8    APPRECIATE YOUR PATIENCE TODAY.

9              MR. MCELHINNY:  THANK YOU, YOUR HONOR.

10             MS. MAROULIS:  THANK YOU, YOUR HONOR.

11         (THE PROCEEDINGS WERE CONCLUDED AT 3:50 P.M.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3                    CERTIFICATE OF REPORTER

4

5

6

7        I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8    STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9    280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10   CERTIFY:

11       THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12   A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13   ABOVE-ENTITLED MATTER.

14

15

16   _____
     LEE-ANNE SHORTRIDGE, CSR, CRR
17   CERTIFICATE NUMBER 9595

18       DATED:  SEPTEMBER 18, 2015

19

20

21

22

23

24

25