QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Cal. Bar No. 228601)
michaelfazio@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR APPROVAL OF SUPERSEDEAS BOND AND FOR A TEMPORARY STAY**<br><br>[Stipulation to Shorten Time Under Civ. L.R. 6-2 Filed Concurrently]<br><br>Date:   Dec. 10, 2015<br>Time:  1:30 p.m.<br>Place:  Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC[1] (collectively, "Samsung") shall and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 62(d), for approval of a supersedeas bond in the amount of $600 million to secure the partial final judgment dated September 18, 2015 (Dkt. 3290).   Samsung also seeks a temporary stay of execution of that judgment, lasting 10 days following the Court's decision on this Motion for Approval of Supersedeas Bond, to ensure there is adequate time to implement any changes to the bond that the Court may require or to seek relief in the Federal Circuit if needed.   Samsung is concurrently filing a Stipulation and Proposed Order to Shorten Time for Briefing and Hearing the Motion for Approval of Supersedeas Bond and for a Temporary Stay pursuant to Local Rule 6-2.

This motion is based on this notice of motion and supporting memorandum, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.   On September 19, 2015, lead counsel engaged in the meet and confer required pursuant to the Court's September 1, 2015 Case Management Order and the parties' stipulation so-ordered on September 8, 2015.

---

[1] Effective January 1, 2015, Samsung Telecommunications America, LLC ("STA") merged with and into Samsung Electronics America, Inc., and therefore STA no longer exists as a separate corporate entity.

1 | DATED:     September 21, 2015              QUINN EMANUEL URQUHART &
2 |                                            SULLIVAN, LLP
3 |
4 |                                            By   /s/ Victoria F. Maroulis
5 |                                                Charles K. Verhoeven
                                                    Kathleen M. Sullivan
                                                    Kevin P.B. Johnson
6 |                                                 Victoria F. Maroulis
                                                    William C. Price
7 |                                                 Michael L. Fazio
8 |                                                 Attorneys for SAMSUNG ELECTRONICS CO.,
9 |                                                 LTD., SAMSUNG ELECTRONICS AMERICA,
                                                    INC., and SAMSUNG
10|                                                 TELECOMMUNICATIONS AMERICA, LLC

**INTRODUCTION**

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") respectfully request that the Court approve a supersedeas bond in the amount of $600 million to cover the September 18, 2015 partial final judgment (the "Judgment"), Dkt. 3290, as to which Samsung has filed a notice of appeal to the Federal Circuit, Dkt. 3292. This amount is more than sufficient to cover the Judgment in the amount of $548,176,477, plus any post-judgment interest, fees and costs to which Apple may become entitled during the pendency of the appeal. Approval of this motion is required because Samsung stands ready to post a bond that is sufficient in amount and form. Upon approval, Samsung will be entitled under Federal Rule of Civil Procedure 62(d) to an automatic stay of enforcement proceedings pending appeal. Any argument that Samsung is not entitled to appeal the Judgment would be unavailing, as judgments interpreting the scope of an appellate court's mandate are plainly appealable, and any issue concerning appealability is for the Federal Circuit, not this Court, to resolve. Accordingly, Samsung respectfully requests that the Court approve the bond submitted herewith.[2]

In addition, Samsung respectfully requests that the Court grant a temporary stay of execution of the Judgment lasting 10 days following the Court's resolution of this motion. This will ensure there is adequate time for Samsung to implement any changes to the proposed bond required by the Court or, if the motion is denied, to seek relief from the Federal Circuit under Federal Rule of Appellate Procedure 8.

**ARGUMENT**

**I. SAMSUNG IS ENTITLED TO A STAY OF EXECUTION PENDING APPEAL UPON POSTING OF A BOND THAT IS SUFFICIENT IN AMOUNT AND FORM**

Under the Federal Rules of Civil Procedure, "no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry," FED. R. CIV. P.

---

[2] Apple has previously taken the position that Samsung's existing supersedeas bond is not in effect or is not applicable to the instant Judgment. To obviate the need for the Court to resolve this issue, Samsung is seeking to post a new bond as explained herein.

62(a), and except in appeals involving injunctions, receiverships, or accountings, "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . given upon or after filing the notice of appeal," FED. R. CIV. P. 62(d).  A party's entitlement to a stay pending appeal upon posting a bond is absolute under Rule 62(d)—as the Supreme Court has explained, an appellant "is entitled to a stay of a money judgment *as a matter of right* if he posts a bond in accordance with Fed.R.Civ.P. 62(d)."  *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966) (emphasis added); *see also ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.,* No. 2011-1538, 2012 WL 10716768, at *1 (Fed. Cir. Apr. 2, 2012) (per curiam) (unpubl.) ("an appellant may obtain a stay of a judgment 'as a matter of right' by posting a supersedeas bond"); *Bass v. First Pac. Networks, Inc*., 219 F.3d 1052, 1055 (9th Cir. 2000) (a "party taking appeal from district court [is] entitled to stay of money judgment 'as a matter of right' if bond posted") (citing *Am. Mfrs. Mut. Ins. Co*., 87 S. Ct. at 3).

Consistent with this authority, a district court may review a proposed supersedeas bond only to ensure it is sufficient in amount and in proper form: where a proposed bond satisfies these criteria, it *must* be approved.  *See, e.g.*, *In re Wymer,* 5 B.R. 802, 805 (B.A.P. 9th Cir. 1980) (approval of supersedeas bond "does not rest in the sound discretion of court or judge … [a district court's] only function is to determine whether or not the security offered is good and sufficient.   If it is, it is [the court's] duty to take it, and upon … acceptance of it the execution of the judgment or decree is stayed.") (quotation omitted); *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002) ("Under Rule 62(d), execution of a money judgment is automatically stayed pending appeal upon the posting of a supersedeas bond.   The nature and the amount of the bond is entrusted to the discretion of the district court."); *Frommert v. Conkright*, 639 F. Supp. 2d 305, 308 (W.D.N.Y. 2009) ("the party posting the bond is entitled to a stay as of right; the court has no discretion to deny the stay itself, but only to fix the amount of (or waive) the bond").

Samsung has appealed the Judgment and, as shown below, stands ready to post a bond that is sufficient in amount and in proper form in order to obtain a stay of execution under Rule

62(d). Accordingly, Samsung is entitled to a stay of execution as a matter of right, and the bond should be approved.

## II. A SUPERSEDEAS BOND IN THE AMOUNT OF $600 MILLION IS MORE THAN ADEQUATE AND SHOULD BE APPROVED

Because "[t]he purpose of a supersedeas bond is to secure the appellee from a loss resulting from the stay of execution," *Rachel v. Banana Republic, Inc*., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987), a proposed bond is reviewed to ensure it is "sufficient to pay the judgment *plus* interest, costs and other monetary relief (e.g., attorney fees) the appellate court may award." GOELZ ET AL., CAL. PRACTICE GUIDE: FED. 9TH CIR. CIV. APP. PRAC. ¶ 1:168 (The Rutter Group 2010); *see Finley v. Hartford Life & Accident Ins. Co.,* No. 06-06247, 2010 WL 2762737, at *2 (N.D. Cal. July 13, 2010) (unpubl.) (bond should include full amount of judgment and an allowance for interest, attorneys' fees, and costs). The Judgment is in the amount of $548,176,477. Dkt. 3290. Samsung is proposing to post a supersedeas bond in the amount of $600 million. This bond is nearly $52 million more than the amount of the Judgment, which is more than sufficient to secure Apple's rights under the Judgment pending resolution of Samsung's appeal.

*First*, post-judgment interest on the Judgment is likely to be less than $5 million. Post-judgment interest is compounded annually at the Federal Reserve's "weekly average 1-year constant maturity Treasury yield … for the calendar week preceding the judgment." 28 U.S.C. § 1961(a), which for the week ending September 11, 2015, was 0.39%.[3] In addition, the current appeal is unlikely to take longer than the prior one, which was decided approximately 14 months after the notice of appeal was filed. *See* Dkt 3018 (notice of appeal filed March 6, 2014). Thus, post-judgment interest is unlikely to exceed $5 million:

---

[3] *See* Board of Governors of the Federal Reserve System, *H.15 Selected Interest Rates*, (September 14, 2015), http://www.federalreserve.gov/releases/h15/current/default.htm (last visited September 21, 2015).

|  | **Judgment + Interest** | **Interest Portion** |
|---|---|---|
| **Judgment** | $548,176,477 | $0 |
| **After 1 Year** | $550,314,365 | $2,137,888 |
| **After 2 Years** | $552,460,591 | $4,284,114 |

*Second*, any fees and costs that may be recovered by Apple in connection with the appeal are likely to be far less than $47 million, the approximate difference between the bond and the Judgment plus interest.  Thus, a bond in the amount of $600 million would more than adequately protect Apple's ability to enforce the Judgment after the current appeal is resolved.

Samsung is submitting a bond (Becher Decl., Ex. 1) that tracks the form of the March 17, 2014 bond.  *See* Dkt. 3036.  As per Local Rule 65.1-1(b)(1), each of the sureties on this new bond has been authorized by the Secretary of the Treasury of the United States to act as a surety on official bonds under 31 U.S.C. §§ 9304-9308 in the amount for which the proposed bond provides.  *See* Becher Decl. ¶ 3.  This bond is thus proper in form as well as amount, and should be approved.

### III. SAMSUNG'S PRIOR APPEAL DOES NOT PRECLUDE A STAY OF EXECUTION PENDING RESOLUTION OF ITS CURRENT APPEAL

Any argument that Samsung has no right to appeal the Judgment is incorrect. Notwithstanding the Federal Circuit's resolution of Samsung's appeal from this Court's prior judgment in this case, Samsung has the right to appeal the current Judgment, including to challenge this Court's interpretation of the Federal Circuit's mandate.  And any jurisdictional challenges must be addressed to the Federal Circuit, not this Court.

*First,* Samsung has a right to appeal this Court's interpretation of the Federal Circuit's mandate.  It is well established that a party may seek review of a district court's implementation of a mandate after remand.  *See, e.g.*, *Retractable Techs., Inc. v. Becton Dickinson & Co.*, 757 F.3d 1366, 1369-72 (Fed. Cir. 2014) (addressing district court's conclusion "that mandate rule precluded it from revisiting … damages issue"); *TecSec, Inc. v. Int'l Bus. Mach. Corp.*, 731 F.3d 1336, 1341-43 (Fed. Cir. 2013) (entertaining appeal challenging district court's interpretation of

mandate on remand, as to claim construction); *Smith & Nephew, Inc. v. Arthrex, Inc.*, 502 F. App'x 945, 947-48 (Fed. Cir. 2013) (unpubl.) (similar); *Yankee Atomic Elec. Co. v. United States*, 679 F.3d 1354, 1360-62 (Fed. Cir. 2012) ("This court next turns to the issue of whether the trial court erred in interpreting the remand ordered in [the prior appeal]"); *Clark v. United States*, 656 F.3d 1317, 1320-21 (Fed. Cir. 2011) (similar); *McDonnell Douglas Corp. v. United States*, 323 F.3d 1006, 1012-13 (Fed. Cir. 2003) (similar); *Nguyen v. United States*, 792 F.2d 1500, 1502-03 (9th Cir. 1986) (similar).[4]  At the September 18 hearing, this Court ruled that entry of the Judgment was required by the mandate regardless of the requirements of Federal Rule of Civil Procedure 54(b) and notwithstanding the PTAB's ruling invalidating the '915 patent.  The Judgment that followed thus implemented this Court's understanding of the Federal Circuit's mandate, which Samsung is entitled to challenge on appeal.

Nor does it make any difference that this Court's prior judgment was partially affirmed, for even in such circumstances, "a district court's interpretation of the mandate is subject to appeal."  *United States v. Colvin*, 204 F.3d 1221, 1225 (9th Cir. 2000).  In *Colvin*, the Ninth Circuit reversed one of a defendant's convictions, but affirmed three other convictions, affirmed the defendant's sentence and instructed the district court to amend its judgment accordingly on remand.  *Id.* at 1222.  The district court entered the amended judgment as instructed, *id.*, and a subsequent habeas proceeding raised the question of "whether the district court's entry of the amended judgment [of conviction] could have been appealed," *id.* at 1224.  The Ninth Circuit held that the amended judgment entered on remand *was* appealable, explaining that when a court of appeals "partially … reverse[s] the decision below," any judgment entered on remand—even an ostensibly ministerial one purporting only to implement the mandate—can be appealed "since there may be a legitimate disagreement about what discretion the district court retains."  *Id.* at

---

[4]   Indeed, more than a century ago, the Supreme Court recognized that a new appeal is a proper means of challenging a lower court's implementation and interpretation of an appellate mandate.  *See, e.g.*, *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895) ("If the circuit court mistakes or misconstrues the decree of this court … its action may be controlled, either *upon a new appeal* … or by a writ of mandamus ….") (emphasis added).

1225 n.5. The government's argument that the appellate mandate "did not leave any matters for the district court to decide" presupposed "the merits of *an appeal* on the scope of the district court's authority on remand," and thus was not a basis to reject the right to appeal itself. *Id.* at 1224 (emphasis added).

The Judgment entered by the Court here is appealable for the same reasons: Samsung respectfully disagrees with the Court's ruling as to the restrictions imposed by the prior mandate, and is entitled to contest that ruling on appeal. *Colvin*, 204 F.3d at 1224; *see also In re Ivan F. Boeksy Secs. Litig.*, 957 F.2d 65, 66-67 (2d Cir. 1992) (entertaining appeal from modified declaratory judgment entered on remand after partial affirmance and partial reversal).

Even the primary case that the Court relied on in interpreting the Federal Circuit's mandate, *King Instrument Corp. v. Otari Corp.*, 814 F.2d 1560 (Fed. Cir. 1987), demonstrates that Samsung is entitled to pursue its appeal, as that case, too, involved an appeal of a partial judgment entered on remand when damages were outstanding. There, the Federal Circuit affirmed a lost profits award for the sale of an infringing product but vacated damages based on the defendant's sale of spare parts. *Id.* at 1561. On remand, the district court entered partial judgment on the lost profits award but reserved re-calculating damages for the sale of spare parts, and the defendant appealed the partial judgment. *Id.* at 1561-62. The Federal Circuit ruled that the appeal *was* properly before the court. *Id.* at 1562-63. Like the judgment in *King*, the Judgment in this case may be appealed to the Federal Circuit.

*Second,* even if the appealability of the Judgment were debatable, questions of appellate jurisdiction should be directed to the Federal Circuit. A court of appeals has "inherent power to determine [its] own jurisdiction," *Maddox v. Merit Sys. Protection Bd.*, 759 F.2d 9, 10 (Fed. Cir. 1985), and challenges to appellate jurisdiction are accordingly made to that court, *see Wang Labs., Inc. v. Applied Computer Sciences, Inc.*, 958 F.2d 355, 357 (Fed. Cir. 1992) (court of appeals has "duty to determine its jurisdiction and to satisfy itself that an appeal is properly before it"). Because the appealability of the Judgment is for the Federal Circuit to decide, this Court need not inquire into that issue; the only question on this motion is whether Samsung's

1  proposed bond is sufficient in amount and proper in form. Because it is, the bond should be
2  approved.

3  **IV.  A TEMPORARY STAY SHOULD BE GRANTED AS A PRELIMINARY MATTER**

4      Samsung also respectfully requests that the Court grant a temporary stay on execution of
5  the Judgment to afford sufficient time to resolve the approval of the bond and any related issues.
6  The automatic stay on execution of judgments lasts only 14 days, FED. R. CIV. P. 62(a), and a
7  supersedeas bond does not become effective until it has been approved as to form and amount,
8  FED. R. CIV. P. 62(d). Accordingly, absent prompt approval of Samsung's proposed bond, the
9  Judgment could become enforceable following the expiration of the 14-day automatic stay,
10 which continues through October 2, 2015. To ensure that enforcement proceedings do not
11 begin until Samsung has an opportunity to post a bond or obtain relief from an order preventing
12 Samsung from doing so, the Court has discretion to impose a temporary stay of enforcement
13 going beyond the automatic 14-day period. *See, e.g.*, *Townsend v. Holman Consulting Corp.*,
14 881 F.2d 788, 796-97 (9th Cir. 1989), *vacated on other grounds*, 929 F.2d 1358; *accord Int'l*
15 *Telemeter, Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985). A temporary stay
16 would provide the Court with adequate time to rule on this motion and Samsung with adequate
17 time to make any changes to the proposed bond required by the Court or to seek a stay from the
18 Federal Circuit.

19     Accordingly, Samsung respectfully requests a temporary stay on execution of the
20 Judgment lasting 10 days following the Court's resolution of this motion.

21     **CONCLUSION**

22     For the foregoing reasons, Samsung respectfully requests that the Court grant this motion.

1  DATED: September 21, 2015         Respectfully submitted,

2                                    QUINN EMANUEL URQUHART &
3                                    SULLIVAN, LLP

4
                                     By  */s/ Victoria F. Maroulis*
5                                        Charles K. Verhoeven
                                         Kathleen M. Sullivan
6                                        Kevin P.B. Johnson
                                         Victoria F. Maroulis
7                                        William C. Price
                                         Michael L. Fazio
8
                                         Attorneys for SAMSUNG ELECTRONICS CO.,
9                                        LTD., SAMSUNG ELECTRONICS AMERICA,
                                         INC., and SAMSUNG TELECOMMUNICATIONS
10                                       AMERICA, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28