| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| HMcElhinny@mofo.com | william.lee@wilmerhale.com |
| RACHEL KREVANS (CA SBN 116421) | WILMER CUTLER PICKERING |
| RKrevans@mofo.com | HALE AND DORR LLP |
| ERIK J. OLSON (CA SBN 175815) | 60 State Street |
| EJOlson@mofo.com | Boston, MA 02109 |
| MORRISON & FOERSTER LLP | Telephone: (617) 526-6000 |
| 425 Market Street | Facsimile: (617) 526-5000 |
| San Francisco, California 94105-2482 | |
| Telephone: 415.268.7000 | MARK D. SELWYN (SBN 244180) |
| Facsimile: 415.268.7522 | mark.selwyn@wilmerhale.com |
| | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| Attorneys for Plaintiff and | 950 Page Mill Road |
| Counterclaim-Defendant APPLE INC. | Palo Alto, California 94304 |
| | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
| Plaintiff, | **APPLE INC.'S MOTION TO ENFORCE SURETY LIABILITY WITH RESPECT TO THE $548 MILLION PARTIAL JUDGMENT** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Date:     December 10, 2015<br>Time:     1:30 p.m.<br>Ctrm:     Courtroom 8, 4th Floor<br>Judge:    Honorable Lucy H. Koh |
| Defendants. | |

APPLE'S MOTION TO ENFORCE SURETY LIABILITY WITH RESPECT TO $548 MILLION JUDGMENT
Case No. 11-cv-01846-LHK (PSG)
sf-3574457

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 10, 2015, at 1:30 p.m., or as soon thereafter as counsel may be heard before the Honorable Lucy Koh in Courtroom 8 of the above-entitled Court, located at 280 South 1st Street, San Jose, California, Plaintiff Apple Inc. will move, and hereby does move, to enforce surety liability in the amount of $548,176,477 in damages awarded by the Court and affirmed by the Federal Circuit.

Pursuant to the Court's orders regarding the lead counsel meet and confer requirements (Dkts. 3272, 3275), Apple's counsel met with Samsung's counsel on September 19, 2015, to discuss Apple's motion. (Declaration of Harold J. McElhinny in Support of Apple Inc.'s Motion to Enforce Surety Liability with respect to the $548 Million Partial Judgment, filed herewith.)

This motion is based on this notice of motion and supporting memorandum of points and authorities, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

Dated: September 22, 2015         MORRISON & FOERSTER LLP

                                  By:  /s/ Harold J. McElhinny
                                       HAROLD J. MCELHINNY

                                  Attorneys for Plaintiff
                                  APPLE INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Apple moves pursuant to Federal Rule of Civil Procedure 65.1 to enforce liability on a portion of the supersedeas bond (the "Bond") posted by Zurich American Insurance Company ("Zurich American"), Federal Insurance Company ("Federal Insurance"), Westchester Fire Insurance Company ("Westchester"), and Pacific Employers Insurance Company ("Pacific Employers") (each a "Surety" and collectively "Sureties") (Dkt. 3036)—the portion of the Bond corresponding to the $548,176,477 damages award affirmed by the Federal Circuit. *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1005 (Fed. Cir. 2015). The Court should grant Apple's motion because that portion of the judgment has now become final, and the issuance of the Federal Circuit's mandate lifts the Rule 62(d) stay on execution of that judgment.

**BACKGROUND**

On March 6, 2014, the Court entered judgment against Samsung and in favor of Apple, awarding Apple $929,780,039 in damages. (Dkt. 3017.) The same day, Samsung filed a notice of appeal from the judgment. (Dkt. 3018.) On March 17, 2014, Samsung posted a bond, and a stay of execution of the judgment was entered pursuant to Federal Rule of Civil Procedure 62(d). (Dkts. 3033, 3036 (the "Bond").) The Sureties provided a written undertaking to pay Apple a penal sum of up to $1 billion. (Dkt. 3036 at 1.) The obligation remains "in full service and effect" unless Samsung "shall prosecute [its] appeal to effect and shall satisfy the judgment in full, together with costs, interest and damages for delay if the appeal is finally dismissed or the judgment is affirmed, or shall satisfy in full such judgment as modified together, with such costs, interests, and damages as the Court of Appeals may adjudge and award." (*Id.* at 1-2.)

On May 18, 2015, the Federal Circuit affirmed the validity and infringement judgments in this case with respect to Apple's design patents and utility patents, as well as "the damages awarded for the design and utility patent infringements appealed by Samsung." *Apple*, 786 F.3d at 989. The Federal Circuit "remand[ed] for immediate entry of final judgment on all damages awards not predicated on Apple's trade dress claims." *Id.* at 1005. As acknowledged by Samsung, the portion of the damages award affirmed by the Federal Circuit totals $548,176,477 ("Partial Judgment"), which includes $398,940,864 for design patent infringement and

APPLE'S MOTION TO ENFORCE SURETY LIABILITY WITH RESPECT TO $548 MILLION JUDGMENT
Case No. 11-cv-01846-LHK (PSG)
sf-3574457

2

1 $149,235,613 for utility patent infringement.  (Fed. Cir. Case No. 14-1335, Dkt. 159 at 2 (Samsung stating that "[t]he panel . . . reversed the award of $382 million in trade-dress dilution damages but affirmed the remaining $548 million in damages"); *see also* Fed. Cir. Case No. 14-1335, Dkt. 34 at 12; Fed. Cir. Case No. 14-1335, Dkt. 80 at 21 n.1, 45, 67, 80, 86.)  On August 13, 2015, the Federal Circuit denied Samsung's petition for rehearing *en banc*.  (Fed. Cir. Case No. 14-1335, Dkt. 207.)  On August 19, 2015, Samsung moved to stay issuance of the mandate.  (Fed. Cir. Case No. 14-1335, Dkt. 208.)  On August 25, 2015, the Federal Circuit denied the motion to stay and issued the mandate.  (Fed. Cir. Case No. 14-1335, Dkts. 211, 212.)  On September 18, 2015, this Court, "[p]ursuant to the Federal Circuit's May 18, 2015 Order," entered judgment "against Samsung and in favor of Apple in the amount of $548,176,477 according to the affirmed damages awards."  (Dkt. 3290.)  Also on September 18, 2015, Samsung stated that it would not satisfy the judgment (out of the current bond or otherwise) and instead would file another appeal.  (Dkt. 3283.)  Indeed, in response to the Court's inquiry, Samsung stated that "if Apple then seeks to be paid by the bond companies," Samsung would "file the notice of appeal and post a bond, [staying] the judgment[.]"  (9/18/2015 Hearing Tr. at 41.)  On September 21, 2015, Samsung filed a notice of appeal and a motion for approval of a new supersedeas bond.  (Dkts. 3292, 3294.)

The Bond states that any claim for payment shall be allocated to each Surety corresponding to that Surety's limit of liability relative to the $1 billion total limit:  (1) Zurich American in the amount of $500 million, or 50%; (2) Federal Insurance in the amount of $320 million, or 32%; (3) Westchester in the amount of $80 million, or 8%; and (4) Pacific Employers in the amount of $100 million, or 10%.  (Dkt. 3036 at 2.)  In light of the relative obligations set out in the Bond and discussed above, Zurich American is therefore liable for the judgment in the amount of $274,088,238.50; Federal Insurance in the amount of $175,416,472.64; Westchester in the amount of $43,854,118.16; and Pacific Employers in the amount of $54,817,647.70.

## ARGUMENT

A party may enforce a surety's liability on a supersedeas bond "under either Rule 65.1's

APPLE'S MOTION TO ENFORCE SURETY LIABILITY WITH RESPECT TO $548 MILLION JUDGMENT
Case No. 11-cv-01846-LHK (PSG)
sf-3574457

3

summary procedure or through an independent action." *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1054 (9th Cir. 2000). Federal Rule of Civil Procedure 65.1 (Proceedings Against a Surety) provides:

> Whenever these rules . . . require or allow a party to give security, and security is given through a bond or other undertaking with one or more sureties, each surety submits to the court's jurisdiction and irrevocably appoints the court clerk as its agent for receiving service of any papers that affect its liability on the bond or undertaking. The surety's liability may be enforced on motion without an independent action. The motion and any notice that the court orders may be served on the court clerk, who must promptly mail a copy of each to every surety whose address is known.

Federal Rules of Civil Procedure 65.1 "permits the liability of a surety to be enforced through an expeditious, summary procedure" by merely filing a motion. 11A Charles Alan Wright et al., Federal Practice and Procedure § 2972 (3d ed.); *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 20 (1st Cir. 2007).

To enforce liability against a supersedeas bond, a party must show that: (1) the alleged sureties are sureties as contemplated under Rule 65.1; and (2) the court of appeals has directed entry of final judgment in the moving party's favor and issued its mandate. *See, e.g.*, *Astro-Med, Inc. v. Plant*, No. CA 06-533 ML, 2010 U.S. Dist. LEXIS 12461, at *15 (D.R.I. Jan. 28, 2010) (granting Rule 65.1 motion). These conditions are met here.

First, the Bond states on its face that it was posted "pursuant to Fed. R. Civ. Pro. 62(d)." (Dkt. 3036 at 1.) A surety on a bond posted pursuant to Rule 62(d) is squarely within the scope of Rule 65.1. *See* Fed. R. Civ. P. 65.1 ("Whenever these rules . . . allow a party to give security, and security is given through a bond or other undertaking with one or more sureties, each surety submits to the court's jurisdiction[.]"). The Sureties' obligation to Apple remains "in full service and effect" under the terms of the Bond, as Samsung has not "satisf[ied] the judgment." (Dkt. 3036 at 1-2.)

Second, the Federal Circuit directed "immediate entry of final judgment on all damages awards not predicated on Apple's trade dress claims," *i.e.*, the $548,176,477 damages award for design and utility patent infringement. *Apple*, 786 F.3d at 1005. (Fed. Cir. Case No. 14-1335, Dkt. 159 at 2 (Samsung's agreement that the amount of damages affirmed was $548 million).)

APPLE'S MOTION TO ENFORCE SURETY LIABILITY WITH RESPECT TO $548 MILLION JUDGMENT
Case No. 11-cv-01846-LHK (PSG)
sf-3574457

4

1  Further, the Federal Circuit issued its mandate.  (Fed. Cir. Case No. 14-1335, Dkt. 212.)  Issuance
2  of the mandate dissolved the Rule 62(d) stay entered by this Court.  *See Sletten v. Navellier Series*
3  *Fund*, No. 03:00-CV-0167-LRH (VPC), 2006 WL 2335566, at *1 (D. Nev. Aug. 10, 2006) ("The
4  court agrees that its previous stay, entered pursuant to Federal Rule of Civil Procedure 62(d),
5  expired when the Ninth Circuit issued its mandate.").  "The purpose of requiring a supersedeas
6  bond to be posted is to preserve the status quo while protecting the non-appealing party's rights
7  *pending appeal*."  *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 930 F.2d
8  1572, 1574 (Fed. Cir. 1991) (emphasis added).  Once the appeal has been completed and a
9  monetary award has been affirmed, as here, the bond is enforceable and the sureties are liable for
10 the amount awarded.
11       Here, the language of the bond agreement states:
12          THE CONDITION OF THIS OBLIGATION is that if Defendants
            shall prosecute their appeal to effect and shall satisfy the judgment
13          in full, together with costs, interest and damages for delay if the
            appeal is finally dismissed or the judgment is affirmed, or shall
14          satisfy in full such judgment as modified together, with such costs,
            interests, and damages as the Court of Appeals may adjudge and
15          award, this obligation shall be void; otherwise it shall remain in full
            service and effect.
16
17 (Dkt. 3036 at 1-2.)  In *Beatrice Foods Co. v. New England Printing & Lithographing Co.*,
18 930 F.2d 1572, 1576 (Fed. Cir. 1991), the Federal Circuit interpreted similar language in a bond
19 agreement.  The court explained that "the surety remains liable when the question on remand is
20 not whether a party will receive [any] damages," so long as some damages are due.  *Id.* (holding
21 that bond is enforceable when "appellee has proven that damages are due, and the remand is
22 merely to determine the proper [amount of damages]").[1]  Here, the Federal Circuit affirmed "all
23 ─────────────────
24     [1] *See also Franklinville Realty Co. v. Arnold Constr. Co.*, 132 F.2d 828, 829 (5th Cir.
   1943) (holding that surety remained liable where previous appeal resulted in vacating district
25 court's damages award, but was limited to whether judgment obtained should be for same or
   less); *Tenn. Valley Auth. v. Atlas Mach. & Iron Works, Inc.*, 803 F.2d 794, 796, 799 (4th Cir.
26 1986) (holding that surety remained liable because previous appeal affirmed liability and
   remanded solely for determination of damages); *Rector v. Mass. Bonding & Ins. Co.*, 191 F.2d
27 329, 330, 333 (D.C. Cir. 1951) (holding that surety remained liable where case was remanded for
   determination by trial court of amount to be set off against principal claim); *Neeley v. Bankers*
28                                                             (Footnote continues on next page.)

damages awards not predicated on Apple's trade dress claims," *i.e.*, $548,176,477. *Apple*, 786 F.3d at 1005. (Dkt. 3264 at 1; Dkt. 3276 at 1.) This Court then took the ministerial step of entering partial final judgment in that amount. (Dkt. 3290.) Because Apple's award of those damages was affirmed, the bond is enforceable and Apple is now entitled to receive the $548,176,477 Partial Judgment from the Sureties.

Samsung has appealed this Court's entry of partial final judgment and has moved to post a new supersedeas bond in an attempt to stay execution of the judgment pursuant to Fed. R. Civ. P. 62(d). (Dkts. 3292, 3294.) As Apple will more fully explain in its opposition to Samsung's motion, no stay is permissible or warranted in this case. Any stay of execution granted in connection with Samsung's *new* appeal would flatly contradict the Federal Circuit's mandate for "*immediate* entry of final judgment on all damages awards not predicated on Apple's trade dress claims." *Apple*, 786 F.3d at 1005 (emphasis added).

Even more fundamentally, the Bond for which Apple seeks to enforce surety liability was posted in connection with Samsung's *last* appeal. The relevant damages awards Samsung challenged in that appeal have now been affirmed, and the mandate has issued. By the express and unambiguous terms of the Bond, the Sureties are now liable to Apple because of Samsung's refusal to satisfy the judgment.

---

(Footnote continued from previous page.)

*Trust Co. of Tex.*, 848 F.2d 658, 659 (5th Cir. 1988) (holding that surety is discharged where appeal results in vacating entire award of money damages and plaintiff had to prove damages on remand).

APPLE'S MOTION TO ENFORCE SURETY LIABILITY WITH RESPECT TO $548 MILLION JUDGMENT
Case No. 11-cv-01846-LHK (PSG)
sf-3574457

6

**CONCLUSION**

For the foregoing reasons, Apple respectfully requests that the Court grant Apple's Motion to Enforce Surety Liability with Respect to the $548 Million Partial Judgment for Samsung's infringement of Apple's design and utility patents, now affirmed by the Federal Circuit.

Dated: September 22, 2015              MORRISON & FOERSTER LLP


                                       By:   */s/ Harold J. McElhinny*
                                             HAROLD J. MCELHINNY

                                             Attorneys for Plaintiff
                                             APPLE INC.

APPLE'S MOTION TO ENFORCE SURETY LIABILITY WITH RESPECT TO $548 MILLION JUDGMENT
Case No. 11-cv-01846-LHK (PSG)
sf-3574457

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on September 22, 2015 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1, and to the entities below in the manner specified:

*Via First Class Mail*

Zurich American Insurance Company
c/o Susan Y. Soong, Clerk of Court
Office of the Clerk
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Federal Insurance Company
c/o Susan Y. Soong, Clerk of Court
Office of the Clerk
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Westchester Fire Insurance Company
c/o Susan Y. Soong, Clerk of Court
Office of the Clerk
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Employers Insurance Company
c/o Susan Y. Soong, Clerk of Court
Office of the Clerk
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102-3489

*/s/ Cyndi Knisely*
Cyndi Knisely