| | |
|---|---|
| 1<br>2<br>3<br>4 | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Cal. Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 |
| 5<br>6<br>7<br>8<br>9 | Kathleen M. Sullivan (Cal. Bar No. 242261)<br>kathleensullivan@quinnemanuel.com<br>Kevin P.B. Johnson (Cal. Bar No. 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Cal. Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 |
| 10<br>11<br>12<br>13<br>14 | William C. Price (Cal. Bar No. 108542)<br>williamprice@quinnemanuel.com<br>Michael T. Zeller (Cal. Bar No. 196417)<br>michaelzeller@quinnemanuel.com<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 |
| 15<br>16 | Attorneys for SAMSUNG ELECTRONICS<br>CO., LTD., SAMSUNG ELECTRONICS<br>AMERICA, INC. and SAMSUNG<br>TELECOMMUNICATIONS AMERICA, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>        vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a<br>Korean business entity; SAMSUNG<br>ELECTRONICS AMERICA, INC., a New<br>York corporation; SAMSUNG<br>TELECOMMUNICATIONS AMERICA,<br>LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO<br>APPLE'S MOTION TO ENFORCE<br>SURETY LIABILITY WITH RESPECT<br>TO COSTS JUDGMENT** |

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC[1] ("Samsung") respectfully submit this opposition to the Motion to Enforce Surety Liability with Respect to Costs Judgment filed by Apple Inc. ("Apple") (Dkt. 3277).

## INTRODUCTION

Apple's Motion to Enforce Surety Liability with Respect to Costs Judgment ("Motion") improperly seeks to enforce a costs award that has been vacated. As described in Samsung's Motion to Confirm Vacatur of the Costs Award (Dkt. 3279), controlling Ninth Circuit precedent holds that in the event of partial reversal of a judgment by the Court of Appeals, the default rule is that the underlying costs award is vacated automatically. As a result, the Federal Circuit's decision partially reversing the judgment in Apple's favor also had the effect of vacating the Court's costs award. For this reason, allowing enforcement of the costs award would violate the Federal Circuit's mandate—not honor it as Apple claims.

Apple claims that Samsung's authority that partial reversal of a judgment on appeal yields vacatur of a costs award only applies to cases where a Court of Appeals' decision would influence or affect the analysis of recoverable costs. The case law imposes no such requirement, and in any event there is no question that this Court's prior award of costs will need to be reconsidered in light of the Federal Circuit's reversal of the judgment on trade dress liability and its invalidation of Apple's asserted trade dress. At the appropriate time, the Court will need to reconsider, in particular, whether it should require each party to bear its own costs because this is now clearly a mixed judgment case; whether allocation of any award is needed in light of the partial reversal; and whether Apple should be awarded costs attributable to its now-unsuccessful trade dress claims. Controlling law provides that the costs award has been vacated precisely so that that these issues can be reconsidered in light of the appellate opinion at an appropriate juncture.

Because the costs award has been vacated, Apple's motion should be denied.

---

[1] Effective January 1, 2015, Samsung Telecommunications America, LLC ("STA") merged with and into Samsung Electronics America, Inc., and therefore STA no longer exists as a separate corporate entity.

**ARGUMENT**

**I. THE COSTS AWARD WAS VACATED BY OPERATION OF LAW WHEN THE APPELLATE COURT PARTIALLY REVERSED THE JUDGMENT**

Apple's Motion is improper because the award of costs reflected in the September 19, 2014 Order Granting in Part and Denying in Part Apple's and Samsung's Motions to Review the Clerk's Taxation of Costs ("costs award") has been vacated. As described in Samsung's Motion to Confirm Vacatur of the Costs Award (Dkt. 3279),[2] the Federal Circuit's partial reversal of the judgment had the immediate effect of vacating the costs award. The Federal Circuit did not need to specifically address the issue of costs to effect that vacatur.

In a leading decision involving a partial reversal, the Ninth Circuit held in *Amarel v. Connell*, 102 F.3d 1494 (9th Cir. 1997), that "[w]here a reviewing court reverses a district court's judgment for the prevailing party, however, both the underlying judgment and the taxation of costs undertaken pursuant to that judgment are reversed." *Id.* at 1523 (citing *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964), disapproved of on other grounds by *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 443, 107 S.Ct. 2494, 2498, 96 L.Ed.2d 385 (1987)). The district court had entered judgment for defendants on two claims. The Ninth Circuit affirmed the judgment on one claim, but reversed on the other claim and remanded for a new trial. *Id.* at 1524. This partial reversal had the effect, the court ruled, of immediately reversing the costs award. *Id.* at 1523. The court thus established the rule that a costs award that is predicated on a judgment that is partially reversed is itself automatically vacated by such partial reversal on appeal.

This decision is on all fours—here too, there was an appeal of a judgment, an appeal of a costs award predicated on that judgment, and a partial reversal of the main judgment on appeal. Under *Amarel*, that partial reversal had the effect of immediately vacating the subsidiary costs award. There is thus no extant award of costs that Apple could properly seek to enforce at this time. *Id.* at 1523-24; *see also Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 602 Fed. App'x 513,

---

[2] Samsung will not repeat all the arguments and requests for relief contained in its Motion to Confirm Vacatur of the Costs Award, which Samsung incorporates herein. (Dkt. 3279.)

02198-51855/7225575.7                                                       -2-                                    Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO ENFORCE SURETY LIABILITY

514 (11th Cir. 2015) ("[R]eversing or vacating a district court order and remanding for further proceedings has the dual effect of upsetting the judgment and the taxation of costs.") (citations omitted); *Furman v. Cirrito*, 782 F.2d 353, 355 (2d Cir. 1986) ("When a district court judgment is reversed or substantially modified on appeal, any costs awarded to the previously prevailing party are ***automatically*** vacated.") (emphasis added); *Larin Corp. v. Alltrade, Inc.*, 2010 WL 4394287 (C.D. Cal. Oct. 28, 2010) (costs judgment deemed automatically vacated where final judgment was partially reversed); *American Infra-Red Radiant Co. v. Lambert Indus., Inc.,* 41 F.R.D. 161, 162-63 (D. Minn. 1966) ("It is clear as a general rule that reversal of a judgment vacates the taxation of costs which is included as a part of that judgment.").

Apple's attempts to avoid the clear rule set forth in *Amarel* falls flat. First, Apple argues (Mot. at 5) that this case is different than *Amarel* because "neither the identity of the prevailing party nor the amount of costs change as a result of reversal on trade dress liability." This misinterprets the holding in *Amarel*. *Amarel* created a *per se* rule that partial reversal of a judgment also vacates any corresponding costs award. *Amarel*, 102 F.3d at 1523. The Court will need to address the impact of such reversal at the appropriate juncture, once litigation on remand has been completed, but those are considerations that will affect the propriety of a future costs award, not the vacatur of the prior one. In any event, as shown below, Apple is mistaken in arguing that the partial reversal will have no impact on costs.

Second, Apple claims (Mot. at 4-5) that the Federal Circuit's failure to address costs in its means that it silently *affirmed* the costs award under the mandate rule. This is wrong: the rule is the exact opposite. Absent an explicit ruling by the appellate court, a costs award based on a partially reversed judgment is itself automatically vacated, as shown above. Nothing about the mandate rule, which applies to every decision on appeal, undermines this principle.[3]

Finally, Apple cites three cases (Mot. at 5-6) in which an appellate court partially reversed a judgment but *explicitly* upheld the corresponding costs award. *See Velazquez v. Costco*

---

[3] Apple also cites to the Court's order in Case No. 12-cv-00630 stating that the costs order was "affirmed." (Mot. at 4.) That ruling issued before the Court had the benefit of the parties' briefing on this issue.

*Wholesale Corp.*, 603 Fed. App'x 584, 587 (9th Cir. 2015); *Pediatric Specialty Care, Inc. v. Arkansas Dep't of Human Servs.*, 364 F.3d 925, 933 (8th Cir. 2004); *Lyon Dev. Co. v. Business Men's Assurance Co. of Am.*, 76 F.3d 1118, 1127 (10th Cir. 1996). These cases merely confirm that the appellate court can deviate from the default rule that costs are vacated upon partial reversal, if they do so explicitly. The Court of Appeals did not do so here, and so the rule of automatic vacatur applies.[4]

## II. WHILE NOT REQUIRED UNDER *AMAREL,* THE COURT'S COSTS AWARD WILL NEED TO BE RECONSIDERED IN THE FUTURE

Even if *Amarel* did require Samsung to show that the Federal Circuit's decision could impact Apple's entitlement to costs, which it does not, that purported test is satisfied.

First, the decision to award costs at all will need to be reassessed in light of the appellate decision because, "[i]n the event of a mixed judgment … it is within the discretion of a district court to require each party to bear its own costs." *Amarel*, 102 F.3d at 1523 (citing *Testa v. Village of Mundelein*, 89 F.3d 443 (7th Cir. 1996); *see Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1023 (9th Cir. 2003) (affirming refusal to award costs because prevailing party's recovery was partial, as evidenced by fact that "the damages awarded by the jury were significantly less than the amount of damages Plaintiff initially claimed was due under the contract"); *Oracle Am., Inc. v. Google Inc.,* 2012 WL 3822129, at *1-2 (N.D. Cal. Sept. 4, 2012) (proper to deny costs where issues were close and prevailing party's recovery was partial). As a result of the Federal Circuit decision, Samsung has succeeded in permanently invalidating Apple's trade dress, and obtained a right to judgment on all of Apple's claims of trade dress infringement and dilution. Samsung has now prevailed on nearly half of the disputed liability issues relating to Apple's intellectual property. Dkt. 3279 at 5 n.4 & Dkt. 3279-2 ¶¶ 7-8. In issuing its costs award, the Court relied on the fact that Apple had been "awarded almost $1 billion in damages"

---

[4] *Astro-Med, Inc. v. Plant* (Mot. at 3-4), cited by Apple, simply stands for the unremarkable proposition that a party can enforce an affirmed judgment against sureties. No. CA 06-533 ML, 2010 U.S. Dist. LEXIS 12461, at *4-5, 15-16 (D.R.I. Jan. 28, 2010). That has no bearing here.

(Dkt. 3193 at 7), an amount that has now been reduced by over $380 million. Whether to award costs should be considered, at the appropriate juncture, in light of these developments.

Second, the amount of any eventual award of costs, if there is one, will need to be reconsidered in light of the Federal Circuit's partial reversal. The Court previously ruled that costs need not be reduced or allocated to account for Apple's partial success (Dkt. 3118 at 2, Dkt. 3193 at 7-8), but the Court must address "whether allocation of costs is necessary" in light of the Federal Circuit's partial reversal and the judgment for Samsung on additional claims that is required by that reversal. *Amarel,* 102 F.3d at 1523-24; *see also E.E.O.C. v. Colgate-Palmolive Co.*, 617 F. Supp. 843, 844 (S.D.N.Y. 1985) ("Given the fact that this was an action based on numerous discrete claims . . . the costs in this action should be allocated between the two parties"); *Simmons v. American Export Lines, Inc.*, 26 F.R.D. 111, 112 (S.D.N.Y. 1960) (apportioning costs in proportion to percentage of claims on which taxing party prevailed). The costs award includes costs specifically attributable to Apple's trade dress claims. *See, e.g.,* Dkt. 3193 at 11 (awarding Apple all costs for deposition transcripts except expedite fees); Dkt. 2943-4 at 53-54, 57-58, 65-55 (seeking costs for depositions of Apple's trade dress experts). The decision to award such costs will have to be reconsidered in light of the reversal of the judgment on those claims. *See Amarel*, 102 F.3d at 1523-24 (explaining that vacatur of costs award is required upon partial reversal to allow district court to consider whether to allocate costs in light of such reversal).

## **CONCLUSION**

For the foregoing reasons, Samsung respectfully requests that the Court deny Apple's motion to enforce surety liability.

1 DATED: September 23, 2015	QUINN EMANUEL URQUHART &
2	SULLIVAN, LLP

3	By   */s/ Victoria F. Maroulis*
4	     Charles K. Verhoeven
	     Kathleen M. Sullivan
	     Kevin P.B. Johnson
5	     Victoria F. Maroulis
	     William C. Price
6	     Michael T. Zeller

7	Attorneys for SAMSUNG ELECTRONICS CO.,
	LTD., SAMSUNG ELECTRONICS AMERICA,
8	INC., and SAMSUNG
	TELECOMMUNICATIONS AMERICA, LLC