1   HAROLD J. MCELHINNY (CA SBN 66781)
    HMcElhinny@mofo.com
2   RACHEL KREVANS (CA SBN 116421)
    RKrevans@mofo.com
3   ERIK J. OLSON (CA SBN 175815)
    EJOlson@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California 94105-2482
    Telephone: 415.268.7000
6   Facsimile: 415.268.7522

7   Attorneys for Plaintiff and
    Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG ELECTRONICS
AMERICA, INC., a New York corporation; and
SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC, a Delaware limited liability
company,

Defendants.

Case No. 11-cv-01846-LHK (PSG)

**APPLE INC.'S OPPOSITION TO
SAMSUNG'S MOTION TO
CONFIRM VACATUR OF THE
COSTS AWARD OR, IN THE
ALTERNATIVE, FOR AN
ORDER HOLDING THAT THE
COSTS AWARD IS VACATED
PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 60(B)(5)**

Date:    December 10, 2015
Time:    1:30 p.m.
Ctrm:    Courtroom 8, 4th Floor
Judge:   Honorable Lucy H. Koh

1

## INTRODUCTION

2      Samsung's latest effort to evade yet another payment obligation ordered by this Court —

3   this time for costs — fails for two independent reasons.  First, Samsung's attack on the Costs

4   Order (Dkt. 3193) is foreclosed by the Federal Circuit's mandate.  Samsung appealed that order,

5   and the Federal Circuit did not reverse it.  It is therefore no longer subject to challenge in this

6   Court.  Second, Apple remains the prevailing party and is thus just as entitled to costs today as it

7   was when the Costs Order was entered.  Samsung's motion should be denied.

8

## FACTUAL BACKGROUND

9      Apple filed this action in April 2011, alleging utility patent, design patent, trade dress,

10  trademark, and unfair competition claims.  The case culminated in a three-and-a-half week jury

11  trial from July 30 to August 24, 2012.  After several rounds of pretrial case narrowing at the

12  Court's direction, Apple pursued claims at trial as to three utility patents, three phone design

13  patents, one tablet design patent, iPhone trade dress rights, iPad trade dress rights, and 28 accused

14  Samsung products.

15     The jury returned a verdict in Apple's favor.  (Dkt. 1931.)  The jury found that 26 of the

16  28 accused Samsung products infringed and/or diluted at least one of Apple's asserted intellectual

17  property rights, that Samsung's infringement of five of the seven asserted patents was willful, and

18  that Samsung's dilution of Apple's trade dress was willful.  (*Id.*)  The jury rejected all of

19  Samsung's invalidity defenses and found that Apple's registered iPhone trade dress and

20  unregistered iPhone 3G trade dress were protectable.  (*Id.*)  The jury awarded Apple damages in

21  the amount of $1,049,343,540.  (*Id.*)  As to Samsung's asserted intellectual property rights, the

22  jury found for Apple and against Samsung across the board.  (*Id.*)  The Court entered Judgment

23  "in favor of plaintiff and against defendants."  (Dkt. 1933.)

24     As a result of several post-trial orders, a partial damages retrial was conducted from

25  November 12 through November 21, 2013.  The jury in that trial awarded Apple $290,456,793 in

26  damages (Dkt. 2822) – bringing the final total damages award (before supplemental damages and

27  interest) to $929,780,039.  The Court entered judgment on March 6, 2014, based on that verdict.

28  (Dkt. 3017.)  Samsung stayed execution of the court's judgment on the merits by posting a bond

1    pursuant to Rule 62(d) (the "Bond").  (Dkt. 3036.)

2          On December 5, 2013, Apple submitted its Bill of Costs seeking a total of $6,256,435.10.

3    (Dkts. 2852-2855.)  Samsung filed objections on January 24, 2014.  (Dkts. 2930-2932.)  After

4    reviewing Samsung's objections and in an effort to minimize the disputes between the parties,

5    Apple filed an Amended Bill of Costs on February 6, 2014, waiving and withdrawing certain

6    costs.  (Dkts. 2942-2943.)  On February 20, 2014, Samsung again filed objections.  (Dkts. 2970-

7    2971.)  On June 6, 2014, the Clerk taxed costs in the amount of $2,064,940.55.  (Dkt. 3110.)

8          On June 20, 2014, both parties filed motions for judicial review of the Clerk's taxation of

9    costs.  (Dkts. 3118, 3119.)  After considering the parties' submissions, the Court held on

10    September 19, 2014, that Apple was the prevailing party and awarded Apple $1,871,032.78 in

11    costs.  (Dkt. 3193 ("Costs Order") at 7-8, 22.)  Samsung appealed the Costs Order to the Federal

12    Circuit.  (Dkt. 3203.)  After Samsung filed its Notice of Appeal, the parties stipulated that the

13    Bond covered the costs awarded by the Court.  (Dkt. 3205.)  The sureties for the Bond confirmed,

14    executing a surety rider stating that the Bond "covers the costs awarded by the court[.]"

15    (Dkt. 3204-1.)

16          Samsung moved in the Federal Circuit to consolidate its costs appeal with the merits

17    appeal that was already pending.  (Fed. Cir. Appeal No. 15-1029, Dkt. 14.)  The Federal Circuit

18    granted that request.  (Fed. Cir. Appeal No. 14-1335, Dkt. 146.)

19          On May 18, 2015, the Federal Circuit issued its opinion in the consolidated appeal, and it

20    did not reverse or otherwise alter the award in the Costs Order.  *Apple Inc. v. Samsung Elecs. Co.*,

21    786 F.3d 983, 1005 (Fed. Cir. 2015).  In its order, the Federal Circuit affirmed the validity and

22    infringement judgments in this case with respect to Apple's design patents and utility patents, as

23    well as "the damages awarded for the design and utility patent infringements appealed by

24    Samsung."  *Id.* at 989.  The Federal Circuit directed "immediate entry of final judgment on all

25    damages awards not predicated on Apple's trade dress claims and for any further proceedings

26    necessitated by our decision to vacate the jury's verdict on the unregistered and registered trade

27    dress claims."  *Apple*, 786 F.3d at 1005.

28          On August 13, 2015, the Federal Circuit denied Samsung's petition for rehearing *en banc*.

1  (Fed. Cir. Appeal No. 14-1335, Dkt. 207).  On August 19, 2015, Samsung moved to stay issuance

2  of the mandate, which the Federal Circuit denied.  (*Id.*, Dkts. 208, 211.)  On August 25, 2015, the

3  Federal Circuit issued the mandate.  (*Id.*, Dkt. 212.)  Following issuance of the mandate, Apple

4  asked Samsung to confirm that it would satisfy the Costs Order.  (Dkt. 3277-3.)  Samsung refused

5  Apple's demand (Dkt. 3277-4), and instead filed a motion to vacate the costs award (Dkt. 3279).

6  Apple has also filed a Motion to Enforce Surety Liability with Respect to Costs Judgement.

7  (Dkt. 3277.)

8  <u>**ARGUMENT**</u>

9  **I.   THE FEDERAL CIRCUIT'S MANDATE FORECLOSES RECONSIDERATION
10  OF THE COSTS AWARD**

11  Samsung's attempt to avoid this Court's Costs Order is foreclosed by the Federal Circuit's

12  mandate.  The mandate rule provides that issues "within the scope of the judgment appealed from,

13  minus those ***explicitly reserved or remanded by the court*** [] are foreclosed from further

14  consideration."  *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008) (citation

15  omitted) (emphasis added).[1]  As this Court has explained, "[u]nder the Federal Circuit's mandate

16  rule, this Court is bound to follow the Federal Circuit's decree as law of the case."  (9/18/2015

17  Hearing Tr. at 31.)  Here, it is undisputed that the Costs Order was within the scope of the

18  judgment appealed from, as Samsung filed a notice of appeal specifically with respect to that

19  order.  (Dkt. 3203.)  It is also undisputed that no issue about the Costs Order was "explicitly

20  reserved or remanded" by the Federal Circuit.  *Amado*, 517 F.3d at 1360.  Accordingly, the Costs

21  Order is "foreclosed from further consideration" by this Court.  *Id.*

22  Samsung relies on *Amarel v. Connell*, 102 F.3d 1494 (9th Cir. 1997), to argue that the

23  partial reversal of the trade dress claims vacated the costs award and "there thus was no need for

24

25  [1] The Federal Circuit applies Federal Circuit law to mandate rule questions.  *See TecSec, Inc. v. Int'l Bus. Mach. Corp.*, 731 F.3d 1336, 1341-42 (Fed. Cir. 2013).  In any event, Ninth Circuit precedent is the same.  *See, e.g.*, *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995)
26  ("A district court, upon receiving the mandate of an appellate court 'cannot vary it or examine it for any other purpose than execution.'" (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247,
27  255 (1895))).

28

1    the Federal Circuit to specifically address the issue of costs in its decision." (Dkt. 3279 at 4.)  But

2    the situation in *Amarel* was fundamentally different from here.  In *Amarel*, the appellate court

3    *expressly discussed and reversed the award of costs*.  102 F.3d at 1523-24.  Here, by contrast, the

4    Federal Circuit did not address costs.  If Samsung believes that the Federal Circuit erred by not

5    expressly vacating the Costs Order, it should have sought rehearing on that basis.  Having failed

6    to do so, Samsung cannot ask this Court simply to ignore the Federal Circuit's mandate.

7    **II.    BECAUSE APPLE IS STILL THE PREVAILING PARTY, THE COSTS AWARD
         SHOULD BE ENFORCED AND REQUIRES NO FURTHER CONSIDERATION**

8

9            Even if Samsung's attack on the Costs Order were not foreclosed by the Federal Circuit's

10   mandate, it would still fail.  Apple remains the prevailing party after the Federal Circuit's

11   decision and thus remains entitled to costs.  None of Samsung's arguments for the proposition

12   that Apple is no longer the prevailing party has any merit.

13           First, Samsung contends that "[b]ecause the Federal Circuit partially reversed the

14   judgment in this case, the Court's costs award was also vacated as a matter of law under *Amarel*."

15   (Dkt. 3279 at 4.)  Samsung's reliance on *Amarel* is again misplaced.  The *Amarel* court

16   emphasized that the substantive claim on which it had reversed would "influence the district

17   court's determination" of the "prevailing party" and could affect the determination of the taxable

18   costs amount.  *Amarel*, 102 F.3d at 1523.  Here, by contrast, neither the identity of the prevailing

19   party nor the amount of costs has changed as a result of the reversal on trade dress liability –

20   Apple remains the prevailing party.  (*See* Dkt. 3193 at 7-8 (noting that Apple need not prevail on

21   every claim to be the "prevailing party" and that Apple obtained relief that "materially alter[ed]

22   the legal relationship between the parties").)

23           The Federal Circuit affirmed "all damages awards not predicated on Apple's trade dress

24   claims."  *Apple*, 786 F.3d at 1005.  Apple prevailed on appeal on its claims for utility and design

25   patent infringement.  Apple also prevailed on every affected product, as every product that the

26   jury found diluted Apple's trade dress also infringes at least one Apple patent.  (Dkt. 1931

27   at 2-7, 11; Fed. Cir. Appeal No. 14-1335, Dkt. 80 at 20.)  Despite the trade dress reversal, the

28   Federal Circuit affirmed a damages award of $548,176,477 to Apple for the 18 products for

1  which "damages awards [were] not predicated [in part] on Apple's trade dress claims." *Apple*,

2  786 F.3d at 1005.  And this Court has entered judgment for that amount for those 18 products.

3  (Dkt. 3290.)

4        Moreover, for the five products that the jury found diluted Apple's trade dress, Apple

5  remains entitled to damages for those products even though the trade dress dilution verdict was

6  reversed, because these five products still infringe Apple's design and/or utility patents.  (Fed.

7  Cir. Appeal No. 14-1335, Dkt. 80 at 20.)  "[T]o be a prevailing party, one must 'receive at least

8  some relief on the merits,' which 'alters . . . the legal relationship of the parties.'" *Former Emps.*

9  *of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1364 (Fed. Cir. 2003) (quoting

10  *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598,

11  603-05 (2001)).  Moreover, a plaintiff need not prevail on all claims to be the prevailing party.

12  *Shum v. Intel Corp.*, 629 F.3d 1360, 1367-68 (Fed. Cir. 2010); *San Diego Police Officers' Ass'n*

13  *v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009).  Apple is plainly the

14  prevailing party under this standard.  By contrast, Samsung lost on *all* its counterclaims, received

15  no damages, and has no basis to assert that it prevailed.[2]

16        Because Apple is still the prevailing party, it would be improper to now allocate the costs

17  award.  *See Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2012 WL 3822129, at *2

18  (N.D. Cal. Sept. 4, 2012) (finding that the "court has discretion to allocate costs where there was

19  a mixed judgment" but that allocation is improper where the judgment "was overwhelmingly in

20  favor of" one party); *see also Amarel*, 102 F.3d at 1523 (same).  Further, this Court has already

21  considered whether costs should be parsed by claim, and declined to do so.  (*See* Dkt. 3193 at 10

22  (declining to parse costs based on whether Apple did or did not prevail on specific liability

23  issues).)

24       Second, Samsung's claim that even a reversal in-part "necessarily" reverses an award of

25       [2] The other case on which Samsung relies to argue that partial reversal vacates a costs
award is also inapposite.  In *Larin Corp. v. Alltrade, Inc.*, No. EDCV 06-01394 ODW (OPx),

26  2010 WL 4394287 (C.D. Cal. Oct. 28, 2010), the court noted, in dicta, that it was disinclined to
enforce the costs award until after the identity of the "prevailing party might be ascertainable."

27  *Id.* at *2.  Here, by contrast, the prevailing party is clearly ascertainable now.

28

costs is belied by the fact that appellate courts do partially reverse substantive judgments while affirming costs awards, particularly where the identity of the prevailing party is unchanged.  *See Velazquez v. Costco Wholesale Corp.*, 603 F. App'x 584, 585-87 (9th Cir. 2015) (reversing portion of judgment but affirming award of costs); *Pediatric Specialty Care, Inc. v. Ark. Dep't of Human Servs.*, 364 F.3d 925, 933 (8th Cir. 2004) (reversing in-part and affirming in-part judgment but affirming award of costs "[b]ecause the Plaintiffs remain the prevailing parties in their action"); *Lyon Dev. Co. v. Bus. Men's Assurance Co. of Am.*, 76 F.3d 1118, 1126-27 (10th Cir. 1996) (affirming costs despite having reversed in-part because reversal did "not alter [party's] position as prevailing party below").[3]

Third, Samsung's cited cases do not support its claim that costs should be vacated when there is a partial recovery in patent cases.  In *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1023 (9th Cir. 2003), the court explicitly "limited [its holding] to contract actions, in which damages are often more readily calculable [and refused to] address the propriety of these reasons in non-contract actions."  In *Oracle America, Inc. v. Google Inc.*, No. C 10-03561 WHA, 2012 WL 3822129, at *1-2 (N.D. Cal. Sept. 4, 2012), the court *awarded* costs where a verdict "was overwhelmingly in favor of" one party.  *Id.*  Although the court denied costs in one category, it did so for failure to provide an itemized list with sufficient specificity, as required by the local rules and case law.  *Id.* at *3.  Finally, *Postx Corp. v. Secure Data in Motion, Inc.*, No. C 02-04483 SI, 2006 WL 2067080, at *1-2 (N.D. Cal. July 24, 2006), is also easily distinguishable.  Unlike here, *Postx* involved a mixed-judgment situation in which the plaintiff "prevailed on only one of four claims." *Id.* at *2.  In such a mixed-judgment case, the court found it proper for each side to bear its own costs.

Fourth, Samsung incorrectly characterizes the result here as a mixed judgment, contending that Apple has prevailed on 95 disputed liability issues and Samsung 79.  (Dkt. 3279 at 5 n.4.) Samsung's calculations inflate the number of "issues" and minimize the count of issues on which

---

[3] In its motion, Samsung misunderstands the purpose of these citations by Apple. (Dkt. 3279 at 4 n.3.)  Apple cites these cases for the proposition that not every partial reversal of an underlying judgment necessarily reverses an award of costs.

1   Apple prevailed.  Further, as this Court has previously acknowledged, "much of [the case]

2   narrowing occurred at the Court's direction and not because Apple voluntarily abandoned its

3   claims." (Dkt. 3193 at 8.)  Specifically, Apple narrowed its asserted intellectual property claims

4   at trial to three utility patents, three phone design patents, one tablet design patent, iPhone trade

5   dress rights, and iPad trade dress rights, and also reduced the number of accused products to 28.

6   Apple's response to the Court's direction to streamline the case for trial provides no basis for

7   inflating the number of issues on which Samsung supposedly prevailed.  Indeed, this Court has

8   refused to be "persuaded by Samsung's efforts to minimize the degree to which Apple prevailed

9   in this litigation." (Dkt. 3193 at 7.)

10      Moreover, Samsung cites no authority for the proposition that a "prevailing party" is

11   determined by comparing the number of claims prevailed upon at trial to the number of claims

12   asserted throughout the litigation.  Rather, the "[d]etermination of the prevailing party is based on

13   the relation of the litigation result to the overall objective of the litigation, and not on a count of

14   the number of claims and defenses" on which each party succeeded.  *Brooks Furniture Mfg., Inc.*

15   *v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005), *abrogated on other grounds by*

16   *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014).

17      Finally, Samsung is incorrect that *Amarel* requires this Court to consider a new costs

18   award only after completion of proceedings on remand.  (Dkt. 3279 at 7.)  Again, the

19   circumstances in *Amarel* are fundamentally different than those here.  First, the court of appeals

20   in *Amarel* explicitly "direct[ed] the district court to await resolution of plaintiff's . . . claim before

21   determining whether an award of costs is appropriate." *Amarel*, 102 F.3d at 1524.  Here, the

22   Federal Circuit issued no such directive.  Second, *Amarel* concerned a mixed-judgment case, in

23   which remand could result in each party prevailing on one of two claims.  *Id.* at 1523-24.  Not so

24   here – Apple is the prevailing party regardless of the result on remand.  As discussed above,

25   where there is a prevailing party, the Court does not have discretion to allocate costs.

26      This Court has previously rejected Samsung's request to defer a decision on costs,

27   recognizing "that the prevailing party has an interest in the prompt payment of its taxable costs

28   and . . . the need to finally bring the litigation before this Court to an end[.]" (Dkt. 3193 at 6.)

1   Given the passage of more time without Apple's receipt of its costs award, this statement is even

2   more true today than it was then.

3   **III.    RULE 60(B)(5) PROVIDES NO BASIS FOR VACATING A COSTS AWARD
        WHERE THERE IS ONLY A PARTIAL REVERSAL OF THE UNDERLYING
4        JUDGMENT**

5        Samsung also asks the Court to vacate the costs award pursuant to Federal Rule of Civil

6   Procedure 60(b)(5).  This relief is also foreclosed by the Federal Circuit's mandate.  Samsung

7   cannot use Rule 60(b)(5) or any other procedural mechanism to alter an order that is now immune

8   from review because it was encompassed within the Federal Circuit's mandate.

9        Rule 60(b)(5) would not apply here in any event.  That rule provides that "the court may

10  relieve a party or its legal representative from a final judgment, order, or proceeding [where] it is

11  based on an earlier judgment that has been reversed or vacated."  The sole case on which

12  Samsung relies involved an appellate court's reversal of the *entire* underlying judgment.

13  *Kniespeck v. Unum Life Ins. Co. of Am., No.* CIV. 2:01-0878 WBS EFB, 2009 WL 3320289,

14  at *1 (E.D. Cal. Oct. 14, 2009).  In such a situation, the court found that the "appellate court's

15  reversal . . . of [the] judgment clearly prevents it from 'spawning any legal consequences,' by an

16  award of . . . costs to a party who has no longer prevailed." *Id*.  Here, however, the Federal Circuit

17  did not reverse the entire judgment.  To the contrary, the Federal Circuit affirmed $548,176,477

18  in damages for 18 products and remanded for the determination of damages relating to utility and

19  design patent infringement for five other products.  *Apple*, 786 F.3d at 1005; (Fed. Cir. Appeal

20  No. 14-1335, Dkt. 80 at 19-20, 67).  There is therefore no basis to "relieve" Samsung of its

21  obligations under the Costs Order.  Fed. R. Civ. Proc. 60(b)(5).

22

23

24

25

26

27

28

1

## **CONCLUSION**

2          For the foregoing reasons, Apple respectfully requests that the Court deny Samsung's

3     motion to confirm vacatur of the costs award and deny Samsung's alternative request for an order

4     holding that the costs award is vacated pursuant to Federal Rule of Civil Procedure 60(b)(5).

5

6     Dated:  September 24, 2015                    MORRISON & FOERSTER LLP

7

8                                                     By:    /s/ Harold J. McElhinny
                                                          HAROLD J. MCELHINNY
9
                                                          Attorneys for Plaintiff
10                                                        APPLE INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28