| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) HMcElhinny@mofo.com RACHEL KREVANS (CA SBN 116421) RKrevans@mofo.com ERIK J. OLSON (CA SBN 175815) EJOlson@mofo.com MORRISON & FOERSTER LLP 425 Market Street San Francisco, California 94105-2482 Telephone: 415.268.7000 Facsimile: 415.268.7522 | WILLIAM F. LEE william.lee@wilmerhale.com WILMER CUTLER PICKERING HALE AND DORR LLP 60 State Street Boston, MA 02109 Telephone: (617) 526-6000 Facsimile: (617) 526-5000 MARK D. SELWYN (SBN 244180) mark.selwyn@wilmerhale.com WILMER CUTLER PICKERING HALE AND DORR LLP 950 Page Mill Road Palo Alto, California 94304 Telephone: (650) 858-6000 Facsimile: (650) 858-6100 |
| Attorneys for Plaintiff and Counterclaim-Defendant APPLE INC. | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br>Plaintiff, <br><br>v. <br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG) <br><br>**APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION FOR APPROVAL OF SUPERSEDEAS BOND AND FOR A TEMPORARY STAY** <br><br>Date:   December 10, 2015 <br>Time:   1:30 p.m. <br>Ctrm:   Courtroom 8, 4th Floor <br>Judge:  Honorable Lucy H. Koh |

**INTRODUCTION**

The Federal Circuit affirmed this Court's damages award for Samsung's infringement of Apple's design and utility patents and directed immediate entry of partial final judgment. *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1005 (Fed. Cir. 2015). This Court has now done what the Federal Circuit directed. Remarkably, Samsung has not only noticed an appeal from that ministerial action, but seeks permission to post a bond so that it can stay execution of the judgment while Samsung argues that the Federal Circuit should reverse this Court's entry of the judgment that the Federal Circuit itself mandated.

Samsung's motion, based on an appeal this Court has called "frivolous," should be denied. The motion is a statement of defiance toward the Federal Circuit and this Court. If an adjudicated infringer can succeed in putting off payment of a judgment entered by this Court, affirmed on appeal, and specifically directed by the appellate mandate, that success will raise fundamental questions about the ability of our judicial system to deliver justice. At most, any stay should not exceed 10 days, during which time Samsung may seek a stay from the Federal Circuit – the court whose direction for "immediate" entry of judgment Samsung seeks to avoid.

**ARGUMENT**

**I.   A STAY OF EXECUTION WOULD VIOLATE THE FEDERAL CIRCUIT'S MANDATE AND, IN ANY EVENT, BE UNWARRANTED**

The Federal Circuit "remand[ed] for *immediate* entry of final judgment on all damages awards not predicated on Apple's trade dress claims." *Apple*, 786 F.3d at 1005 (emphasis added). Pursuant to that mandate, this Court entered partial final judgment for Apple in the amount of $548,176,477 for damages relating to Samsung's infringement of Apple's design and utility patents. (Dkt. 3290.) As this Court explained, "[u]nder the Federal Circuit's mandate rule, this Court is bound to follow the Federal Circuit's decree as law of the case." (9/18/2015 Hearing Tr. at 31.)

That portion of this case is now final and complete. There is no valid basis for staying execution of the judgment. Samsung nonetheless contends that the Court should stay execution because Samsung has appealed the judgment and seeks to post a bond. (Dkt. 3294.) Samsung's

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR APPROVAL OF SUPERSEDEAS BOND AND FOR A STAY
Case No. 11-cv-01846-LHK (PSG)
sf-3578775

1

motion is foreclosed by the Federal Circuit's mandate and independently unwarranted under Federal Rule of Civil Procedure 62(d).

### A. The Federal Circuit's Mandate Precludes a Stay

A stay of execution of the judgment ordered by the Federal Circuit would violate that court's mandate. As this Court noted in rejecting Samsung's argument that the Court should not enter the judgment directed by the Federal Circuit, the "mandate rule requires that the district court follow an appellate decree as the law of the case," *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1356 (Fed. Cir. 2009). (9/18/2015 Hearing Tr. at 31.) The "appellate decree" in this case requires "*immediate* entry of final judgment on all damages awards not predicated on Apple's trade dress claims." *Apple*, 786 F.3d at 1005 (emphasis added). The Court has already noted that "staying the proceedings" – as Samsung unsuccessfully asked this Court to do – "would run counter to the Federal Circuit's mandate." (9/18/2015 Hearing Tr. at 24.) Staying execution of the judgment whose "immediate" entry the Federal Circuit ordered would also countermand the mandate. *Apple*, 786 F.3d at 1005.

Indeed, the arguments that Samsung intends to advance in its new appeal are ones that it already raised in the Federal Circuit or was obligated to assert there before the mandate issued. Samsung states that it will argue to the Federal Circuit that partial final judgment was inappropriate because of the "PTAB's ruling invalidating the '915 patent." (Dkt. 3294 at 7.) Yet, as this Court has explained, Samsung made the same argument to the Federal Circuit, which necessarily rejected it. (9/18/2015 Hearing Tr. at 20-22, 32-33.) Likewise, Samsung's argument that entry of partial final judgment was barred by "the requirements of Federal Rule of Civil Procedure 54(b)" (Dkt. 3294 at 7) is one that "Samsung ought to have raised . . . with the Federal Circuit" in a rehearing petition but did not. (9/18/2015 Hearing Tr. at 32.)

Even if the "scope" of the Federal Circuit's mandate were "uncertain" (as Samsung may suggest) with respect to whether it forecloses a stay of execution, "both the letter and the spirit of the mandate must be considered." *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999). The animating "spirit" of the mandate was urgency. The Federal Circuit plainly wanted no further delay in Apple's ability to recover on the 2012 damages award that the court of

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR APPROVAL OF SUPERSEDEAS BOND AND FOR A STAY
Case No. 11-cv-01846-LHK (PSG)
sf-3578775

2

appeals had affirmed. That desire explains the Federal Circuit's decision to expressly order entry of judgment and to take the unusual step of directing the entry of judgment to be "immediate." *Apple*, 786 F.3d at 1005. To permit a stay of the judgment ordered by the court of appeals in service of Samsung's re-appeal of that judgment would contravene the intent underlying the Federal Circuit's mandate.

As this Court has noted, "the instant case presents exactly the scenario contemplated by" *King Instrument Corp. v. Otari Corp.*, 814 F.2d 1560 (Fed. Cir. 1987). (9/18/2015 Hearing Tr. at 30.) Samsung likewise analogizes this case to *King*. (Dkt. 3294 at 8.) In *King*, like here, the Federal Circuit had affirmed a damages award while remanding for further proceedings on other issues. *See King*, 814 F.2d at 1561. On remand in that case, the district court entered a judgment against the defendant "confirming" the affirmed damages award and "*ordering execution thereof.*" *Id.* at 1562 (emphasis added). Given that the district court was acting pursuant to the Federal Circuit's mandate on damages already affirmed on appeal, the court of appeals held that the district court properly "order[ed] execution on that portion of the judgment which was final." *Id.* at 1563. The same logic applies here: the Court should reject Samsung's attempt to forestall immediate execution of the affirmed damages award.

### B. A Stay Is Not Appropriate Under Rule 62(d)

Even if a stay were not foreclosed by the express terms of the Federal Circuit's remand (which it is), a stay would still be unwarranted under Federal Rule of Civil Procedure 62(d). Samsung cites not one example of a district court's staying execution of a judgment that had already been *affirmed* by a court of appeals. The purpose of staying execution of a judgment is to protect a party in the event that the court of appeals overturns that judgment. When the judgment whose execution is at issue has *already* been affirmed, however, the rationale underlying the rule is wholly inapplicable. There is no need to protect Samsung from the possibility that the court of appeals will find erroneous the judgment that the court of appeals has already affirmed (and whose "immediate" entry the court of appeals itself mandated). Indeed, Apple has moved to execute on the bond that Samsung posted in connection with its last appeal because the damages award has now been affirmed. (Dkt. 3297.)

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR APPROVAL OF SUPERSEDEAS BOND AND FOR A STAY
Case No. 11-cv-01846-LHK (PSG)
sf-3578775

3

1   Rule 62(d) provides that "[i]f an appeal is taken, the appellant *may* obtain a stay by
2   supersedeas bond." (Emphasis added).  Under the plain language of the rule, such a stay is
3   permissive and within the discretion of the Court.  *See Hozie v. Vessel Highland Light*,
4   No. CV 97-4199 ABC BQRX, 1998 WL 938587, at *6 (C.D. Cal. June 1, 1998) (noting that
5   "Rule 62(d) expressly states that an appellant 'may' obtain a stay by posting a supersedeas bond,"
6   but that the court is not required to issue a stay), *aff'd*, 182 F.3d 925 (9th Cir. 1999); *see also*
7   *Jama v. Immigration & Customs Enforcement*, 543 U.S. 335, 346 ("The word 'may' customarily
8   connotes discretion."); *Haig v. Agee*, 453 U.S. 280, 294 n.26 (1981) (noting that use of "may" in
9   a statute "expressly recognizes substantial discretion").  To be sure, in the ordinary case – in
10  which the judgment sought to be stayed was not directed by a court of appeals – it would be an
11  abuse of this discretion to deny a party a stay of execution.  That is why courts in such cases
12  sometimes refer to a party's "right" to a stay of execution of a money judgment upon posting a
13  bond.  (*See*, *e.g.*, Dkt. 3294 at 4 (Samsung citing cases using this formulation).)

14  This, however, is not the ordinary case.  The judgment at issue has *already* been affirmed.
15  And the explicit instructions of the Federal Circuit's mandate make clear that the Federal Circuit
16  did not contemplate an appeal of an order executing its mandate, much less a stay pending such
17  an appeal.  *See Apple*, 786 F.3d at 1005.  That instruction, in combination with the history of this
18  case, make plain that no stay is warranted.  As this Court recently noted in finding that Apple
19  would be prejudiced by a stay of proceedings:

20  > Apple won a jury verdict in August of 2012 in which a jury found,
21  > among other things, that Samsung had infringed the '915 patent and the '915 patent was valid.

22  > Apple has obtained an affirmance from the Federal Circuit on the
23  > infringement and validity of the '915 patent.

24  > Moreover, Apple has obtained a remand from the Federal Circuit to
25  > this Court for the immediate entry of final judgment on 18 products. Despite all of this, Apple has still received no compensation for Samsung's infringement.

26
27  (9/18/2015 Hearing Tr. at 25.)  Indeed, counsel for Samsung has publicly boasted that "Apple
28

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR APPROVAL OF SUPERSEDEAS BOND AND FOR A STAY
Case No. 11-cv-01846-LHK (PSG)
sf-3578775

4

hasn't collected a penny" despite Apple's numerous litigation victories.[1] The Court's recent finding that Apple would be prejudiced by further delay is equally applicable here.

There is no basis for a stay of execution while Samsung pursues its "frivolous" appeal. (9/18/2015 Hearing Tr. at 45.) The Court should therefore deny Samsung's motion to post a bond.

## II. AT MOST, ANY STAY SHOULD BE TEMPORARY UNTIL SAMSUNG SEEKS EXPEDITED RELIEF FROM THE FEDERAL CIRCUIT

Even if the Court were inclined to grant a stay of enforcement, Apple respectfully submits that it should not be for the full duration of Samsung's appeal, but rather for a period not exceeding 10 days, during which Samsung may request a longer stay from the Federal Circuit. Samsung has already stated that 10 days is sufficient for that purpose. (Dkt. 3294 at 1, 9.) Such a procedure would permit the Federal Circuit to determine whether Samsung is truly entitled to a stay of the judgment the Federal Circuit itself ordered during the pendency of a meritless appeal.

## CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court deny Samsung's motion for approval of supersedeas bond and for a stay pending appeal.

Dated: September 24, 2015         MORRISON & FOERSTER LLP

                                  By:   /s/ Harold J. McElhinny
                                        HAROLD J. MCELHINNY

                                        Attorneys for Plaintiff
                                        APPLE INC.

---

[1] See Beth Winegarner, *Samsung Atty Quinn Calls IPhone IP War 'Apple's Vietnam'*, Law360 (May 5, 2014, 7:55 PM ET), http://www.law360.com/articles/534842/samsung-atty-quinn-calls-iphone-ip-war-apple-s-vietnam.