QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Cal. Bar No. 228601)
michaelfazio@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION FOR APPROVAL OF SUPERSEDEAS BOND AND FOR A TEMPORARY STAY**<br><br>Date:　Dec. 10, 2015<br>Time:　1:30 p.m.<br>Place:　Courtroom 8, 4th Floor<br>Judge:　Hon. Lucy H. Koh |

# INTRODUCTION

Apple does not dispute that Samsung's proposed bond is both proper in form and sufficient in amount, and thus makes no argument that there is any inadequacy in the bond that Samsung has offered to post. Apple also does not dispute that Samsung has a right to appeal this Court's partial final judgment to the Federal Circuit, and has exercised that right. Instead, Apple argues that the mandate rule bars a stay of execution and that the Court should deny a stay in its "discretion." These arguments are wrong as a matter of law, and misapprehend the nature of the inquiry before the Court. The *only* issue here is whether the bond that Samsung has proposed is sufficient in amount and proper in form. Because it undisputedly is, approval of the bond is required, and a stay pending appeal is automatic.

First, nothing in the Federal Circuit's prior decision spoke to the issue of *execution* in any way. The excerpt from the prior decision that Apple cites remanded for the "entry of final judgment" on certain damages awards—but said nothing about execution of that judgment. Only issues actually decided on appeal are barred from reconsideration on remand, and issues of execution were neither addressed nor decided.

Second, Apple is wrong in arguing that whether to grant a stay under Rule 62(d) is "discretionary." Appealing defendants have an absolute right to a Rule 62(d) stay of execution of a money judgment pending appeal. In fact, a Rule 62(d) stay pending appeal triggers upon approval of a bond *automatically*, by operation of law, and the question before the Court is thus simply whether to approve the bond, not whether to grant a stay. The Supreme Court, several courts of appeals, and numerous district courts have all confirmed this. In the face of that authority—none of which Apple even considers, let alone disputes—Apple cites off-topic cases discussing the meaning of the word "may" in *other* contexts *not* relating to Rule 62(d), and a single district court decision that is distinguishable and, to the extent it supports Apple's position, mistaken.

Because there is no dispute that Samsung's proposed bond is proper, the Court should approve it.

-1-                                                      Case No. 11-cv-001846-LHK
SAMSUNG'S REPLY ISO MOTION FOR APPROVAL OF BOND AND FOR TEMPORARY STAY

# ARGUMENT

## I. THE MANDATE DOES NOT FORECLOSE A STAY OF EXECUTION

Apple first argues that "Samsung's motion is foreclosed by the Federal Circuit's mandate" (Opp. at 2), but does not dispute that the mandate says *nothing* about execution of the judgment. Apple touts language from the appellate decision remanding for (among other things) the "immediate entry of final judgment" on certain damages awards, but there is no language in the appellate decision that pertains to execution *at all*—let alone language purporting to require deviation from the rule that stays pending appeal are automatic and mandatory upon posting a sufficient bond. Only "issues actually decided on appeal … are foreclosed from further consideration" on remand, *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008) (quotation marks and brackets omitted), and the issue of execution was not decided. If the Federal Circuit intended to order immediate execution of the judgment despite any appeal, and despite Samsung's statutory right to a stay pending appeal under Rule 62(d), it would have said so. It did not.

Apple suggests (Opp. at 2) that Samsung has previously asserted its substantive arguments relating to the '915 patent and the impropriety of a partial final judgment, or could have, and so those arguments were purportedly within the scope of the mandate. But even if that were true—which it is not—it does not follow that the appellate court's mandate somehow precludes a stay of execution pending appeal. Apple can argue that Samsung's appeal lacks merit to the appellate court, but cannot deprive Samsung of the right to appeal, and the right to a stay of execution pending appeal, merely by disputing the merits of Samsung's arguments.

Nor does *King Instrument Corp. v. Otari Corp.*, 814 F.2d 1560 (Fed. Cir. 1987) (*see* Opp. at 3) speak to the propriety of a stay of execution under these circumstances. There is no indication that the defendant in *King Instrument* sought to post a supersedeas bond under Rule 62(d)—so the case is not relevant to the motion for approval of such a bond that is before the Court. The only relevance of *King Instrument* here is to confirm the rule that a district court's interpretation of an appellate court's mandate is reviewable on appeal, *id.* at 1562-63, and thus the undisputed appealability of this Court's partial final judgment.

-2-   Case No. 11-cv-001846-LHK
SAMSUNG'S REPLY ISO MOTION FOR APPROVAL OF BOND AND FOR TEMPORARY STAY

## II.   STAYS OF EXECUTION UNDER RULE 62(d) ARE NOT DISCRETIONARY

Rule 62(d) provides that "If an appeal is taken, the appellant may obtain a stay by supersedeas bond …. The stay takes effect when the court approves the bond." Apple argues (Opp. at 4) that the use of the word "may" means that "a stay is permissive and within the discretion of the Court." It is not—this word gives an *appellant* discretion to *seek* a stay, but does not give district courts any discretion to deny stays of execution pending appeal. To the contrary, as the language of the Rule suggests, stays of execution are automatic upon approval of the bond: "The stay takes effect when the court approves the bond." FED. R. CIV. P. 62(d). The Rule thus gives an appellant a choice whether to post a supersedeas bond or not—and where an appellant chooses to post a sufficient bond, as Samsung has here, it receives the stay as a matter of right.

Samsung previously showed (Mot. at 4) that overwhelming authority—including from the Supreme Court—confirms that stays of execution pending appeal are a matter of right, and both mandatory and automatic. It is axiomatic that an appellant "is entitled to a stay of a money judgment ***as a matter of right*** if he posts a bond in accordance with Fed.R.Civ.P. 62(d)." *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966) (emphasis added). Decisions of the Ninth Circuit and Federal Circuit are in accord. *E.g.*, *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.,* No. 2011-1538, 2012 WL 10716768, at *1 (Fed. Cir. Apr. 2, 2012) (per curiam) (unpubl.) ("[A]n appellant may obtain a stay of a judgment 'as a matter of right' by posting a supersedeas bond"); *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000) (a "party taking appeal from district court [is] entitled to stay of money judgment 'as a matter of right' if bond posted") (citing *Am. Mfrs. Mut. Ins. Co.*, 87 S. Ct. at 3).) And still more authorities agree that, "[b]eyond question, Rule 62(d) entitles the appellant who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759-60 (D.C. Cir. 1980); *see also Cohen v. Metro. Life Ins. Co.*, 334 F. App'x 375, 378 (2d Cir. 2009) ("Rule 62(d) provides that an appellant may obtain a stay pending appeal, as of right, by posting a supersedeas

bond. The purpose of the rule, which applies to any appealable order requiring payment, is to ensure 'that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed.'" (quoting *Cleveland Hair Clinic, Inc. v. Puig,* 104 F.3d 123, 125 (7th Cir. 1997))) (citations omitted); *SunTrust Mortgage, Inc. v. United Guar. Residential Ins. Co. of N. Carolina*, No. 3:09-CV-529-REP, 2011 WL 4899926, at *5-6 (E.D. Va. Oct. 14, 2011) ("[S]ecuring a supresedeas bond *entitles* the appellant to a stay of execution.") (emphasis in original); *Alexander v. Chesapeake, Potomac & Tidewater Books, Inc.*, 190 F.R.D. 190, 191-92 (E.D. Va. 1999) ("The plain meaning of the language is unmistakable: A judgment debtor wishing to appeal a judgment is entitled to a stay of the judgment if the debtor provides a supersedeas bond."); *Frommert v. Conkright*, 639 F. Supp. 2d 305, 308 (W.D.N.Y. 2009) ("[T]he party posting the bond is entitled to a stay as of right …").

Accordingly, as Samsung has shown (Mot. at 4), in considering an offer to post a supersedeas bond under Rule 62(d), "the court has no discretion to deny the stay itself, but only to fix the amount of (or to waive) the bond." *Frommert*, 639 F. Supp. 2d at 308; *see Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002) ("Under Rule 62(d), execution of a money judgment is automatically stayed pending appeal upon the posting of a supersedeas bond. The nature and the amount of the bond is entrusted to the discretion of the district court."); *In re Wymer*, 5 B.R. 802, 805 (B.A.P. 9th Cir. 1980) (approval of supersedeas bond "does not rest in the sound discretion of court or judge … [a district court's] only function is to determine whether or not the security offered is good and sufficient. If it is, it is [the court's] duty to take it, and upon … acceptance of it the execution of the judgment or decree is stayed. … [T]he law itself works the supersedeas.").

Apple fails to address *any* of these cases. Instead, Apple cites two decisions that have nothing to do with Rule 62(d),[1] and a single, stray district court case, *Hozie v. Vessel Highland*

---

[1] *Jama v. Immigration & Customs Enforcement*, 543 U.S. 335 (2005), interprets the alien removal statute and *Haig v. Agee*, 453 U.S. 280 (1981), the Passport Act.

1  *Light*, No. CV 97-4199 ABC BQRX, 1998 WL 938587, at *6 (C.D. Cal. June 1, 1998).  (Opp.
2  at 4.)  The judgment in *Hozie* involved the transfer of possession and title to a boat, and not a
3  pure money judgment as here, which changes the applicable rule, *see ActiveVideo Networks*,
4  2012 WL 10716768, at *1-2 (judgments for "monetary relief" are properly stayed under Rule
5  62(d)).  To the extent *Hozie* supports Apple's position that stays of execution of a money
6  judgment pending appeal are discretionary, it is not good law.

7  Apple suggests (Opp. at 3-4) that Samsung's appellate arguments are not strong, as
8  though this could somehow undermine Samsung's right to a stay pending resolution of those
9  arguments on appeal.  But the merits of Samsung's appellate arguments are for the Court of
10 Appeals to decide.  What matters is that Samsung has appealed the judgment—something
11 Apple does *not* dispute Samsung is entitled to do—and stands ready to post an undisputedly
12 sufficient bond.  Nothing more is needed.  Since Samsung has elected to post a supersedeas
13 bond and Apple nowhere contests that it is insufficient to secure the judgment, the bond must be
14 approved.  *See, e.g.*, *SunTrust Mortgage*, 2011 WL 4899926, at *5 ("Approval necessarily
15 implies the authority to disapprove of a bond where the Court determines that it does not
16 adequately protect the appellee's interests.  However, a court must require some evidence to
17 establish that the bond is inadequate before it refuses to approve a supersedeas bond of what,
18 otherwise, appears to be of adequate value.").

19 **III.    AN INTERIM STAY IS APPROPRIATE, BUT NOT SUFFICIENT**

20 Apple asks the Court to punt these issues to the Federal Circuit by granting at most a
21 temporary stay.  This has it backwards.  The Court *should* grant a temporary stay to ensure
22 there is adequate time for decision on this motion, and necessary follow-on proceedings, before
23 the 14-day stay of execution of Rule 62(a) expires—entering a temporary stay now will obviate
24 the need for Samsung to move in the Federal Circuit for relief prior to the expiration of the Rule
25 62(a) stay.  But the framework of the Rules make clear that this Court is supposed to decide
26 bond approval issues in the first instance, and in fact require that Samsung move here first before
27 seeking the Federal Circuit's aid as a *secondary* measure, *see* FED. R. APP. P. 8(a)(1)(B); *see*
28 FED. R. APP. P. 8(a)(2)(A)(ii) (Samsung will be required, if forced to move for bond approval in

the appellate court, to state why this Court "failed to afford the relief requested and state any reasons given by the district court for its action"). There is thus no basis for Apple's request that the Court not decide the bond approval issues at all. The Court should thus grant a temporary stay, and should approve Samsung's indisputably sufficient bond as well.[2]

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant this motion.

DATED: September 25, 2015          Respectfully submitted,

                                      QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                      By  */s/ Victoria F. Maroulis*
                                          Charles K. Verhoeven
                                          Kathleen M. Sullivan
                                          Kevin P.B. Johnson
                                          Victoria F. Maroulis
                                          William C. Price
                                          Michael L. Fazio

                                        Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

---

[2] If this Court declines to address the appropriateness of Samsung's bond, it should not grant a ten-day stay requiring the Federal Circuit to act on an expedited basis, as Apple proposes. Instead, it should grant a stay pending the Court of Appeals' ruling on an appellate motion for approval of bond.