| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> HMcElhinny@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> RKrevans@mofo.com <br> ERIK J. OLSON (CA SBN 175815) <br> EJOlson@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: 415.268.7000 <br> Facsimile: 415.268.7522 <br><br> Attorneys for Plaintiff and <br> Counterclaim-Defendant APPLE INC. | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK (PSG) <br><br> **APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO ENFORCE SURETY LIABILITY WITH RESPECT TO COSTS JUDGMENT** <br><br> Date:    December 10, 2015 <br> Time:    1:30 p.m. <br> Ctrm:    Courtroom 8, 4th Floor <br> Judge:   Honorable Lucy H. Koh |

APPLE'S REPLY ISO ITS MOTION TO ENFORCE SURETY LIABILITY WITH RESPECT TO COSTS JUDGMENT
Case No. 11-cv-01846-LHK (PSG)
sf-3579473

**INTRODUCTION**

Samsung appealed this Court's costs award (Dkt. 3193 ("Costs Order")), and the Federal Circuit left it undisturbed. The costs award is therefore foreclosed from further consideration by the Federal Circuit's mandate. Even if Samsung's arguments were not foreclosed by the mandate rule, they would fail. Regardless of the result on remand, Apple still remains the prevailing party and is entitled to its costs.

Pursuant to Federal Rule of Civil Procedure 65.1, the Clerk of the Court has now served copies of Apple's motion to enforce surety liability with respect to the costs judgment to the four sureties. (Dkts. 3299, 3300.) All that remains is for this Court to grant that motion.

**ARGUMENT**

**I.    THE MANDATE RULE REQUIRES ENFORCEMENT OF THE COSTS ORDER**

As Apple demonstrated in its motion (Dkt. 3277 at 4-5), the Federal Circuit's mandate requires enforcement of the Costs Order. Samsung noticed an appeal of the costs award (Dkt. 3203); that appeal was consolidated with Samsung's merits appeal (Fed. Cir. Appeal No. 14-1335, Dkt. 146); and the Costs Order was not "explicitly reserved or remanded" by the Federal Circuit in its mandate. *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008); *see Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1005(Fed. Cir. 2015). The Costs Order is therefore "foreclosed from further consideration." *Amado*, 517 F.3d at 1360.

As Samsung did in its motion to vacate costs (Dkt. 3279), Samsung relies on *Amarel v. Connell*, 102 F.3d 1494 (9th Cir. 1997), to argue that the Federal Circuit's partial reversal "had the immediate effect of vacating the costs award" and that the "Federal Circuit did not need to specifically address the issue of costs to effect that vacatur." (Dkt. 3298 at 2.) But the situation in *Amarel* was fundamentally different from here. In *Amarel*, the appellate court *expressly discussed and reversed the award of costs*. 102 F.3d at 1523-24. Here, the Federal Circuit did no such thing. Were Samsung correct that any reversal of the merits judgment (even a partial one) has the automatic effect of vacating an associated costs award, there would have been no reason for the court of appeals in *Amarel* even to discuss costs. But it did so, and expressly reversed the costs award. There is no such reversal of costs here. That is a dispositive difference for purposes

APPLE'S REPLY ISO ITS MOTION TO ENFORCE SURETY LIABILITY WITH RESPECT TO COSTS JUDGMENT
Case No. 11-cv-01846-LHK (PSG)
sf-3579473

1

1  of the mandate rule.

2  Samsung turns the mandate rule on its head by arguing that "[a]bsent an explicit ruling by
3  the appellate court, a costs award based on a partially reversed judgment is itself automatically
4  vacated." (Dkt. 3298 at 3.) The real rule is the opposite: issues "within the scope of the
5  judgment appealed from, minus those *explicitly reserved or remanded by the court* [] are
6  foreclosed from further consideration." *Amado*, 517 F.3d at 1360 (citation omitted) (emphasis
7  added). If Samsung believes that the Federal Circuit erred by not expressly vacating the Costs
8  Order, it should have sought rehearing on that basis. Having failed to do so, Samsung cannot ask
9  this Court to disregard the Federal Circuit's mandate. Accordingly, the Costs Order is
10 "foreclosed from further consideration" by this Court. *Id.*

## II. APPLE IS STILL THE PREVAILING PARTY

For the reasons provided in Apple's motion (Dkt. 3277; *see also* Dkt. 3301 at 3-4) and above, the mandate rule disposes entirely of Samsung's argument that it has no obligation to comply with this Court's Costs Order. In any event, even if this Court were at liberty to disregard the Federal Circuit's mandate, there would be no basis for altering the costs award. As Apple demonstrated in its motion (Dkt. 3277 at 5-6), Apple remains the prevailing party and is thus still entitled to costs.

Samsung argues that the costs award will need to be reconsidered because (in its view) there is now a mixed judgment in this case. (Dkt. 3298 at 4.) That is incorrect, and the Court recently rejected the same argument from Samsung in the 5:12-cv-00630-LHK case. (*See* Dkt. 2144 at 9 ("Accordingly, the Court rejects Samsung's argument that there may be two prevailing parties.").) Apple remains the prevailing party after the Federal Circuit's decision and thus remains entitled to the costs awarded by this Court. "[T]o be a prevailing party, one must 'receive at least some relief on the merits,' which 'alters . . . the legal relationship of the parties.'" *Former Emps. of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1364 (Fed. Cir. 2003) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-05 (2001)). Moreover, a plaintiff need not prevail on all claims to be the prevailing party. *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) ("[E]ven in mixed

APPLE'S REPLY ISO ITS MOTION TO ENFORCE SURETY LIABILITY WITH RESPECT TO COSTS JUDGMENT
Case No. 11-cv-01846-LHK (PSG)
sf-3579473

2

1  judgment cases, punting is not an option; Rule 54 does not allow every party that won on some
2  claims to be deemed a 'prevailing party.' For the purposes of costs and fees, there can be only
3  one winner. A court must choose one, and only one, 'prevailing party' to receive any costs
4  award."); *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 741
5  (9th Cir. 2009). Apple is plainly the prevailing party under this standard.

6  The Federal Circuit affirmed "all damages awards not predicated on Apple's trade dress
7  claims." *Apple*, 786 F.3d at 1005. Apple prevailed on appeal on its claims for utility and design
8  patent infringement. Apple also prevailed on every affected product, as every product that the
9  jury found diluted Apple's trade dress also infringes at least one Apple patent. (Dkt. 1931
10 at 2-7, 11; Fed. Cir. Appeal No. 14-1335, Dkt. 80 at 19-20.) Despite the trade-dress reversal, the
11 Federal Circuit affirmed a damages award of $548,176,477 to Apple for the 18 products for
12 which "damages awards [were] not predicated [in part] on Apple's trade dress claims." *Apple*,
13 786 F.3d at 1005. And this Court has entered judgment for that amount for those 18 products.
14 (Dkt. 3290.)

15 In arguing that Apple is no longer a prevailing party, Samsung's reliance on *Amarel* is
16 again misplaced. *Amarel* concerned a mixed-judgment case, in which remand could result in
17 each party prevailing on one of two claims. 102 F.3d at 1523-24. In *Amarel*, the court
18 emphasized that the substantive claim on which it had reversed would "influence the district
19 court's determination" of the "prevailing party" and could affect the determination of the taxable
20 costs amount. *Id.* Here, by contrast, neither the identity of the prevailing party nor the amount of
21 costs has changed as a result of the reversal on trade dress liability – Apple remains the prevailing
22 party. (*See* Dkt. 3193 at 7-8 (noting that Apple need not prevail on every claim to be the
23 "prevailing party" and that Apple obtained relief that "materially alter[ed] the legal relationship
24 between the parties").)

25 Samsung's other cases likewise do not support its claim that costs should be vacated and
26 reassessed when there is a partial recovery in patent cases. (Dkt. 3298 at 4.) In *Champion*
27 *Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1023 (9th Cir. 2003), the court explicitly
28 "limited [its holding] to contract actions, in which damages are often more readily calculable [and

APPLE'S REPLY ISO ITS MOTION TO ENFORCE SURETY LIABILITY WITH RESPECT TO COSTS JUDGMENT
Case No. 11-cv-01846-LHK (PSG)
sf-3579473

3

refused to] address the propriety of these reasons in non-contract actions." In *Oracle America, Inc. v. Google Inc.*, No. C 10-03561 WHA, 2012 WL 3822129, at *1-2 (N.D. Cal. Sept. 4, 2012), the court *awarded* costs where a verdict "was overwhelmingly in favor of" one party. *Id.* Although the court denied costs in one category, it did so for failure to provide an itemized list with sufficient specificity, as required by the local rules and case law. *Id.* at *3.

To support its argument that the judgment here is a mixed judgment, Samsung claims that it "has now prevailed on nearly half of the disputed liability issues relating to Apple's intellectual property." (Dkt. 3298 at 4.) To arrive at this conclusion, Samsung inflates the number of "issues" and minimizes the count of issues on which Apple prevailed. In particular, Samsung counts in its favor those issues that Apple did not to pursue at the Court's direction to narrow the case. (Dkt. 3279 at 5 n.4; Dkt. 3279-2 ¶¶ 7-8; Dkt. 3193 at 8 (acknowledging "that much of this narrowing occurred at the Court's direction and not because Apple voluntarily abandoned its claims").) Apple's response to the Court's direction to streamline the case for trial provides no basis for inflating the number of issues on which Samsung supposedly prevailed. Indeed, this Court has refused to be "persuaded by Samsung's efforts to minimize the degree to which Apple prevailed in this litigation." (Dkt. 3193 at 7.)

Moreover, Samsung cites no authority for the proposition that a "prevailing party" is determined by comparing the number of claims prevailed upon at trial to the number of claims asserted throughout the litigation. Rather, the "[d]etermination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation, and not on a count of the number of claims and defenses" on which each party succeeded. *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005), *abrogated on other grounds by Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014).

For all these reasons, Apple remains the prevailing party. And where there is a prevailing party, the Court does not have discretion to allocate costs. *See Oracle*, 2012 WL 3822129, at *2 (finding that the "court has discretion to allocate costs where there was a mixed judgment" but that allocation is improper where the judgment "was overwhelmingly in favor of" one party); *see also Amarel*, 102 F.3d at 1523 (same).

APPLE'S REPLY ISO ITS MOTION TO ENFORCE SURETY LIABILITY WITH RESPECT TO COSTS JUDGMENT
Case No. 11-cv-01846-LHK (PSG)
sf-3579473

4

**CONCLUSION**

For the foregoing reasons and those set forth in its opening brief, Apple respectfully requests that the Court grant Apple's motion to enforce surety liability with respect to the costs judgment of $1,871,302.78.

Dated:  September 30, 2015                    MORRISON & FOERSTER LLP

By:    */s/ Harold J. McElhinny*
      HAROLD J. MCELHINNY

Attorneys for Plaintiff
APPLE INC.

APPLE'S REPLY ISO ITS MOTION TO ENFORCE SURETY LIABILITY WITH RESPECT TO COSTS JUDGMENT
Case No. 11-cv-01846-LHK (PSG)
sf-3579473

5