| | |
|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|   | Charles K. Verhoeven (Bar No. 170151) |
| 2 | charlesverhoeven@quinnemanuel.com |
|   | 50 California Street, 22nd Floor |
| 3 | San Francisco, California 94111 |
|   | Telephone: (415) 875-6600 |
| 4 | Facsimile: (415) 875-6700 |

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **DECLARATION OF STEPHEN GRAY IN SUPPORT OF SAMSUNG'S SUPPLEMENTAL DAMAGES STATEMENT** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

## DECLARATION OF STEPHEN GRAY

I, Stephen Gray, declare:

1. I have personal knowledge of the facts set forth herein, and am competent to testify to the same. I reserve the right to supplement or amend this declaration based on any new information that is relevant to my opinions. If asked, I am prepared to testify regarding the matters I discuss in this declaration.

2. On January 9, 2014, I submitted a declaration, titled "Declaration of Stephen Gray in Support of Samsung's Opposition to Apple's Renewed Motion for a Permanent Injunction Regarding U.S. Patent Nos. 7,844,915 and 7,864,163." Dkt. No. 2915-17. I incorporate by reference the entire contents of that declaration into this declaration.

3. In my January 9, 2014 declaration, I set forth a brief overview of my qualifications and experience in the fields of in graphical user interfaces and operating systems; software development practices; programming, including Java, C and graphical programming and provided certain opinions regarding U.S. Patent Nos. 7,844,915 and 7,864,163 ("'163 patent"). January 9, 2014 Declaration at ¶¶87-88.

4. In addition, I rendered certain opinions regarding the '163 patent. *Id*. at ¶¶82-92. Specifically, I examined new source code for the Web Browser application used to create Android version 4.0.4, Baseband version T989UVLI1, Kernel version 3.0.8, and Build number IMM76D.UBLI1 ("New Code") and the Web Browser application operating on a Galaxy S II (T-Mobile) that included the New Code, and opined that the New Code and Galaxy S II (T-Mobile) did not infringe the '163 patent claims literally or under the doctrine of equivalents. *Id*. at ¶¶87-91. I understand that the New Code was used to create the software for the Samsung Droid Charge and Galaxy Prevail.

5. I have since examined the Web Browser application operating on a Samsung Droid Charge and a Galaxy Prevail. The Samsung Droid Charge was running the following software: Firmware version 2.3.6, Baseband version i510.06 V.FP1, SCH-I510.FP1, Kernel version 2.6.35.7-FP1, and Build number SCH-I510.FP1. The Galaxy Prevail was running the following

software:  Android version 2.3.6, Baseband version S:M820.07 X.FA19, Kernel version 2.6.35.7; and Build number GINGERBREAD.FA19.

6.      The Samsung Droid Charge and Galaxy Prevail exhibited the same behavior as the Galaxy S II (T-Mobile) that I described in Paragraph 88 of my January 9, 2014 declaration. Specifically, using the Web Browser application on these devices, I caused a web page to be loaded from the New York Times website.  After "enlarging and translating" a first box of content on the web page using a double tap, I was unable to then cause the device to "translate" to "substantially center" a second box in response to a "second gesture" on a "second box other than the first box."  Any attempt to single-tap on a second region outside the first, enlarged region resulted in no response from the device.  Any attempt to double-tap anywhere on the webpage, including a second region outside the first, enlarged region, resulted in the structured electronic document returning to its original size (*i.e.*, a "zoom out").  Therefore, the Samsung Droid Charge and Galaxy Prevail do not literally infringe the '163 patent or infringe the '163 patent under the doctrine of equivalents for the same reasons the New Code and Galaxy S II (T-Mobile) did not infringe, as stated in my January 9, 2014 declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on September 30, 2015, in Solana Beach, California.

*[Signature: Stephen Gray]*

Stephen Gray