1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kathleen M. Sullivan (Cal. Bar No. 242261)
   kathleensullivan@quinnemanuel.com
6  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
10
   Michael T. Zeller (Cal. Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17                    UNITED STATES DISTRICT COURT

18           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
   |---|---|
20 | Plaintiff, | **DECLARATION OF ANDRIES VAN DAM, PH.D. IN SUPPORT OF SAMSUNG'S SUPPLEMENTAL DAMAGES STATEMENT** |
21 | vs. | |
22 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
25 | Defendants. | |

I, Andries van Dam, declare:

1. I am a tenured professor in the Computer Science department of Brown University, where I hold the position of Thomas J. Watson, Jr. University Professor of Technology and Education Chair and am also a Professor of Computer Science. I have been retained by counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung") as an expert in the above-captioned case and have previously provided testimony and declarations in this matter.

2. On January 9, 2014, I submitted a declaration, titled "Declaration of Andries van Dam, Ph.D. in Support of Samsung's Opposition to Apple's Renewed Motion for a Permanent Injunction Regarding U.S. Patent Nos. 7,469,381." Dkt. No. 2915-23. I incorporate by reference the entire contents of that declaration into this declaration. I have been asked to supplement the contents of that declaration and to submit this declaration in support of Samsung's Supplemental Damages Statement. I have personal knowledge of the facts set forth herein, and am competent to testify to the same. I reserve the right to supplement or amend this declaration based on any new information that is relevant to my opinions.

3. In my January 9, 2014 declaration, I set forth my professional background and described my over forty years of experience in the fields of computer graphics, hypermedia systems, and user interfaces. January 9, 2014 Declaration at ¶¶4-10. I also set forth my understanding of certain legal standards and gave an overview of the '381 patent. *Id*. at 11-23.

4. I also explained in detail that why Samsung's "blue glow" feature in its Web Browser, Contacts and Gallery applications – which replaced its "snap back" feature – does not infringe the '381 patent, literally or under the doctrine of equivalents. In reaching that opinion, I explained why the "blue glow" feature does not meet all of the limitations of Claim 19 of the '381 patent based on my analysis of the behavior of the applications and as confirmed by my inspection of Samsung source code. *Id*. at 24-31. In particular, I personally examined the Gallery, Contacts and Web Browser applications that utilized the blue glow feature on two Samsung Galaxy S II (T-Mobile) products. I inspected a Galaxy S II (T-Mobile) that I understand from counsel was examined by Apple's expert, Dr. Ravin Balakrishnan, and attached as Exhibit 6 to the April 20,

2012 Deposition of Dr. Ravin Balakrishnan. I also inspected a Galaxy S II (T-Mobile) product running the following software: Android version 4.0.4, Baseband version T989UVLI1, Kernel version 3.0.8, and Build number IMM76D.UVLI1.   Based on my analysis, I concluded that those products do not infringe the '381 patent.   *Id*. at 32.   I also noted that Apple's expert, Dr. Balakrishnan, agreed that blue glow does not infringe the claims of the '381 patent:

> In his expert report, he stated, "In my opinion, the use of the 'blue glow' effect is an alternative to using the features of the '381 patent." March 22, 2012 Expert Report of Dr. Ravin Balakrishnan, at ¶262. In addition, when asked whether the blue glow feature infringes the '381 patent during his deposition, Dr. Balakrishnan stated, "If it is only the blue glow and not the blue glow in additional [sic] to the snapback that's in '381, then a device or an application, having just the blue glow and not doing the '381 snapback functionality, would not infringe." April 20, 2012 Dep. of Dr. Ravin Balakrishnan, at 62:7-11.

*Id*. at 33-34.

5.    I recently examined the Web Browser, Contacts and Gallery applications operating on a Samsung Droid Charge and a Galaxy Prevail.   The Samsung Droid Charge was running the following software: Firmware version 2.3.6, Baseband version I510.06 V.FP1, SCH-I510.FP1, and Kernel version 2.6.35.7-FP1, and Build number SCH-I510.FP1.   The Galaxy Prevail was running the following software:   Android version 2.3.6, Baseband version S:M820.07 X.FA19, Kernel version 2.6.35.7; and Build number GINGERBREAD.FA19.

6.    The Web Browser, Contacts and Gallery applications running on the Samsung Droid Charge and Galaxy Prevail exhibited the same behavior as the Web Browser, Contacts and Gallery applications running on the Galaxy S II (T-Mobile) products that I described in my January 9, 2014 declaration in that they replaced the bounceback effect of the '381 patent with a colored glow upon reaching the edge of a document.   The glow on the Web Browser, Contacts and Gallery applications on the Droid Charge and the Web Browser and Contacts applications on the Galaxy Prevail products was orange instead of blue; however, the color of the glow is not relevant to the infringement analysis.   The Gallery application on the Galaxy Prevail exhibited blue glow. Therefore, the Samsung Droid Charge and Galaxy Prevail do not literally infringe the '381 patent or infringe the '381 patent under the doctrine of equivalents for the same reasons the Galaxy S II (T-Mobile) products I analyzed in my January 9, 2014 declaration do not infringe.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Barrington, Rhode Island on September 30, 2015.

By _____
Andries van Dam