QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S REPLY IN SUPPORT OF MOTION TO CONFIRM VACATUR OF THE COSTS AWARD OR, IN THE ALTERNATIVE, FOR AN ORDER HOLDING THAT THE COSTS AWARD IS VACATED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)(5)**<br><br>Date:    Dec. 10, 2015<br>Time:   1:30 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

# INTRODUCTION

Controlling Ninth Circuit precedent establishes that the costs award that Apple seeks to enforce was vacated automatically upon the partial reversal of the associated judgment. Given this default rule, the fact the Federal Circuit did not discuss costs in its opinion is unsurprising and does not suggest that the costs award remains extant. Accordingly, confirming that the costs award has been vacated is entirely consistent with the Federal Circuit's mandate—and does not violate it as Apple claims.

Apple is also wrong to suggest that a costs award is vacated only by a reversal of the associated judgment where the Court of Appeals' decision would affect the analysis of recoverable costs. The case law imposes no such requirement. In any event, the Federal Circuit's decision invalidating Apple's trade dress, reversing its trade-dress claims, and remanding for further proceedings *does* affect the analysis of recoverable costs by substantially reducing the amount of Apple's recovery and the number of issues on which Apple has prevailed. This is now clearly a mixed-judgment case, and Apple has failed to distinguish the authorities holding that costs may be denied or apportioned when there is a mixed judgment. This Court thus will need to consider anew whether each party should be required to bear its own costs; whether allocation of any award is warranted in light of the partial reversal; and whether Apple should be awarded costs attributable to its now-unsuccessful trade-dress claims.

Apple also contends—in direct contravention of its prior position—that the Court should immediately determine its entitlement to costs instead of waiting for the completion of all remand proceedings. But, as Apple previously argued, Ninth Circuit precedent provides that a district court should resolve proceedings on remand *before* modifying a costs award, and it would be inefficient and potentially wasteful for the Court to deviate from that procedure here.

Accordingly, the Court should issue an order confirming that the costs award is vacated and await completion of the scheduled remand proceedings before making any further determinations regarding costs.

**ARGUMENT**

**I.      THE COSTS AWARD HAS BEEN VACATED**

Controlling Ninth Circuit precedent establishes a default rule that "[w]here a reviewing court reverses a district court's judgment for the prevailing party . . . both the underlying judgment and the taxation of costs undertaken pursuant to that judgment are reversed." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1997) (citing *Farmer v. Arabian American Oil Co.*, 379 U.S. 227 (1964), disapproved of on other grounds by *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 443 (1987)).  Apple's effort to distinguish *Amarel* falls flat.  *First*, Apple incorrectly argues (Dkt. 3301, at 5) that *Amarel* is inapplicable because the Ninth Circuit explicitly reversed the costs award there and the Federal Circuit did not address costs here.  But the Ninth Circuit did more in *Amarel* than just reverse the specific award at issue; it established the sensible and efficient rule that, absent contrary guidance from the Court of Appeals, where a judgment is reversed, the associated costs award is automatically vacated.  *See* 102 F.3d at 1523; *see also Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 602 Fed. App'x 513, 514 (11th Cir. 2015) ("[R]eversing or vacating a district court order and remanding for further proceedings has the dual effect of upsetting the judgment and the taxation of costs.") (citations omitted); *Larin Corp. v. Alltrade, Inc.*, 2010 WL 4394287 (C.D. Cal. Oct. 28, 2010) (costs judgment deemed automatically vacated where final judgment was partially reversed).

*Second*, Apple wrongly contends (Dkt. 3301, at 4-5) that the Federal Circuit's failure to mention costs in its opinion means the costs order was affirmed and, under the mandate rule, may not be considered further.[1]  The rule is the exact opposite.  As shown above, absent an explicit ruling by the appellate court, a costs award based on a partially reversed judgment is itself automatically vacated.  Nothing about the mandate rule undermines this principle.  In fact, the mandate rule provides that an issue decided by the Court of Appeals by "necessary implication" is

---

[1]    Apple points to cases in which the Court of Appeals explicitly upheld a costs award even though the judgment was partially vacated (Dkt. 3301, at 7) but explicitly states that it is not citing these cases to challenge Samsung's recitation of the default rule set forth in *Amarel*.  (Dkt. 3301, at 6.)

binding on a district court. *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 951 (Fed. Cir. 1997) (holding issues "decided by ***necessary implication***" may not be reexamined) (emphasis added).

*Third*, Apple wrongly argues (Dkt. 3301, at 5) that this case is distinct from *Amarel* because "neither the identity of the prevailing party nor the amount of costs change as a result of reversal on trade dress liability." This misinterprets the holding in *Amarel*, which created a *per se* rule that partial reversal of a judgment also vacates any corresponding costs award. *See* 102 F.3d at 1523. In any event, as shown below, Apple is mistaken in arguing that the partial reversal will have no impact on costs.

## II. IN THE ALTERNATIVE, THE COURT SHOULD VACATE THE COSTS AWARD UNDER RULE 60(B)(5)

If the Court were to conclude that the Federal Circuit opinion did not automatically vacate the costs award, the Court should vacate the award pursuant to Federal Rule of Civil Procedure 60(b)(5). Rule 60(b)(5) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: … it is based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. P. 60(b)(5). Apple opposes this relief by again arguing (Dkt. 3301, at 9) that the mandate rule prohibits the Court from taking any action regarding costs. However, as described above, there is nothing in the mandate rule or otherwise that supports interpreting the Federal Circuit's *silence* as an affirmance of the costs award.

Apple also errs in arguing (Dkt. 3301, at 9) that Rule 60(b)(5) does not apply because the Court of Appeals did not reverse the judgment in its entirety. *First*, Apple does not cite any case holding that Rule 60(b)(5) only applies in the event of a complete reversal. *Second*, the language of the rule is not limited to situations where there is a complete reversal. *Third*, other courts have applied Rule 60(b)(5) where a judgment was reversed in part. *See, e.g.*, *Voggenthaler v. Maryland Square, LLC,* 2013 WL 6328001, at *1-2 (D. Nev. Dec. 4, 2013) (granting Rule 60(b)(5) motion to vacate based on Ninth Circuit opinion that affirmed in part and reversed and remanded in part).

### III. THE COSTS AWARD WILL NEED TO BE RECONSIDERED IN LIGHT OF THE MIXED JUDGMENT

Apple also overreaches in arguing (Dkt. 3301, at 5) that the costs award should be enforced as is because the Federal Circuit's decision does not change its entitlement to costs.  Following the Federal Circuit's decision, this is now even more clearly a mixed judgment case than it was before.  Indeed, Apple itself does not dispute that certain factual bases underlying the costs award (Dkt. 3193) no longer exist.  For example, in awarding costs, the Court relied on the fact that Apple had been "awarded almost $1 billion in damages."  (Dkt. 3193, at 7.)  Now, that amount has been reduced by over $380 million.  Moreover, when the Court issued the costs award, Apple had prevailed on its trade-dress claims.  Now, the Federal Circuit has held that Samsung is not liable for trade-dress dilution and also permanently invalidated Apple's asserted trade dress.

The Federal Circuit's decision has also reduced the number of issues on which Apple has prevailed.  As stated in Samsung's Motion to Confirm Vacatur of the Costs Award ("Motion"), of the disputed liability claims relating to Apple's intellectual property that Apple actually tried to the jury, Samsung has now prevailed on 95 and Apple has prevailed on 79.  (Dkt. 3279, at 8 n.4 & Dkt. 3279-2, ¶¶ 7-8.)  Apple does not dispute the accuracy of this numerical count in its Opposition.  Instead, Apple notes (Dkt. 3301, at 8) that it dropped some of its claims to streamline the case, presumably asking the Court to infer that it would have prevailed on the claims it dropped.  Such an inference is speculative and unwarranted, particularly given that Apple had every incentive to pursue the claims it believed were strongest and to drop the claims it considered weakest.

Apple next focuses much of its Opposition (Dkt. 3301, at 5-9) on whether it remains the prevailing party.  This misses the point.  Samsung does not dispute that Apple is *a* prevailing party.  Instead, as Samsung has argued, the Court will need to reconsider whether an award of costs is still warranted in light of the Federal Circuit's decision because "[i]n the event of a mixed judgment … it is within the discretion of a district court to require each party to bear its own costs."  *Amarel*, 102 F.3d at 1523 (citing *Testa v. Village of Mundelein*, 89 F.3d 443 (7th Cir. 1996)).  Apple also fails to distinguish Samsung's authorities holding that a court may refuse to

-4-  Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY IN SUPPORT OF MOTION TO CONFIRM VACATUR OF COSTS AWARD

award costs where a judgment is mixed. Apple argues that *Champion Produce*, *Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016 (9th Cir. 2003), which held that a court has discretion to deny costs when the plaintiff only obtains a partial recovery, was not a patent case, but omits to note that district courts in this Circuit have applied *Champion Produce* in patent cases. *See, e.g., Oracle Am., Inc. v. Google Inc.,* 2012 WL 3822129, at *1-2 (N.D. Cal. Sept. 4, 2012); *Postx Corp. v. Secure Data In Motion, Inc.*, 2006 WL 2067080, at *1-2 (N.D. Cal. July 24, 2006). *Oracle*, for example, specifically held it is proper to deny costs in a patent case where "the prevailing party's recovery was nominal or partial." 2012 WL 3822129, at *2. Moreover, the court in *PostX*, a patent case, declined to award costs because the judgment was mixed. 2006 WL 2067080, at *2 n.1 (N.D. Cal. July 24, 2006).

Apple also concedes by its silence that the costs award includes costs for claims on which it lost—including the trade-dress claim. And while Apple contends (Dkt. 3301, at 6) that it is improper to allocate costs so a party does not recover costs associated with unsuccessful claims, the authorities upon which it relies do not support this conclusion. *Oracle* held that a "district court has discretion to allocate costs where there was a mixed judgment." 2012 WL 3822129, at *2. And *Amarel* likewise recognized that allocating costs is proper. 102 F.3d at 1523-24. Accordingly, the allocation of costs—including the removal of costs associated with the trade-dress claim—will need to be addressed once the remand proceedings are complete.

## IV.  THE COURT SHOULD COMPLETE THE REMAND PROCEEDINGS BEFORE GIVING FURTHER CONSIDERATION TO COSTS

Apple's request (Dkt. 3301, at 8) that the Court evaluate costs anew now, instead of waiting for the completion of remand proceedings should be rejected. As the Ninth Circuit held in *Amarel*, "[i]nstead of attempting to award partial costs at this juncture, the district court should await the outcome of the [remaining] claim [on remand] to ascertain whether allocation of costs is necessary." *Amarel,* 102 F.3d at 1024; *see also Shum v. Intel Corp*., 682 F. Supp. 2d 992 (N.D. Cal. 2009), *aff'd*, 629 F.3d 1360 (Fed. Cir. 2010) (the district court modified the costs award after proceedings on remand). While Apple now argues that this statement only applies to the parties in *Amarel*, in its prior briefing on costs, Apple stated, correctly, that *Amarel* "stands for the

proposition that the district court should resolve issues on remand before adjusting the costs award." (Dkt. 3176, at 6-7.) Apple also is wrong to argue (Dkt. 3301, at 8) that this case is distinct from *Amarel* because the costs award will not change as a result of the remand proceedings. Rather, the outcome of the further proceedings has the potential to directly effect whether Apple is entitled to recover any costs and, if so, how much of its total requested costs.[2] Moreover, as in *Amarel*, it is efficient and sensible to wait until all proceedings are complete before deciding whether and how to parse the costs incurred in connection with individual claims.

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant Samsung's motion.

DATED: October 1, 2015

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Kathleen M. Sullivan
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

---

[2] Apple also cites (Dkt. 3301, at 7) to a prior decision in which the Court decided not to defer consideration of costs, finding Apple had an interest in prompt payment of costs. Because the Court has set a schedule so the proceedings on remand will be resolved expeditiously, waiting will not result in substantial delay, and it will ensure that the decision is made once the complete outcome of the parties' litigation is known.