QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | CASE NO. 11-cv-01846-LHK <br><br> **SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION TO ENFORCE SURETY LIABILITY WITH RESPECT TO THE $548 MILLION PARTIAL JUDGMENT** <br><br> Date: Dec. 10, 2015 <br> Time: 1:30 p.m. <br> Place: Courtroom 8, 4th Floor <br> Judge: Hon. Lucy H. Koh |

## INTRODUCTION

Apple wrongly argues in its Motion to Enforce Surety Liability that it is entitled to immediate payment of $548 million from Samsung's sureties. Not only was Apple's motion flawed when it was filed, but since that time the U.S. Court of Appeals for the Federal Circuit has ordered that "[e]nforcement of the district court's judgment is temporarily stayed, pending the court's consideration of … motions [filed in that court] and further order of the court." (Dkt. 3312, at 2.) By its express terms, the Federal Circuit's stay prohibits Apple from collecting the judgment.

Moreover, enforcement of the judgment is improper and premature because Samsung has filed a notice of appeal and has moved for approval of a $600 million supersedeas bond. Samsung has an absolute right under Federal Rule of Civil Procedure 62(d) to a stay of enforcement of the judgment upon determination by this Court or the Federal Circuit that Samsung's bond is proper in form and amount. Allowing Apple to recover the $548 million judgment from Samsung's sureties notwithstanding this stay would perversely put the sureties—which function as Samsung's guarantors—in a worse position than Samsung. Indeed, allowing Apple to enforce the judgment against the sureties that Samsung is obligated to reimburse would defeat the entire purpose of Rule 62(d)'s automatic stay. Tellingly, Apple does not cite a single authority holding that it is entitled to enforce the judgment against the sureties under these circumstances. None of Apple's authorities involve a situation where a party appealed a judgment entered on remand and also posted a bond pending appeal. In contrast, decisions of both the Supreme Court and the Federal Circuit, including a case on which Apple itself relies, confirm that a Rule 62(d) stay prevents enforcement against the sureties.

As a result, Apple's Motion to Enforce should be denied.

## BACKGROUND

On September 18, 2015, the Court entered partial final judgment (the "Judgment") for Apple in the amount of $548,176,477. (Dkt. 3290, at 1.) The Judgment was automatically stayed for 14 days under Rule 62(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 62(a) ("no execution may issue on a judgment, nor may proceedings be taken to enforce it, until

14 days have passed after its entry.") On September 21, 2015, Samsung filed a Notice of Appeal from the Judgment, and also filed a Motion for Approval of Supersedeas Bond and for a Temporary Stay ("Motion for Approval") (Dkt. 3292; Dkt. 3294). On September 24, 2015, Apple opposed Samsung's Motion for Approval, arguing that the mandate rule prohibits approval of Samsung's bond and that courts have "discretion" to deny approval of a bond even if the amount is adequate. (Dkt. 3302, at 1-3.)

On September 30, 2015, having not yet received a ruling on its Motion for Approval and facing expiration of the 14-day Rule 62(a) stay, Samsung filed an Emergency Motion Pursuant to Federal Rule of Appellate Procedure 8 for Approval of Supersedeas Bond ("Emergency Motion") in the Federal Circuit seeking approval of the supersedeas bond or, in the alternative, an interim stay to permit consideration of Samsung's Emergency Motion. *Apple Inc. v. Samsung Elecs. Co.,* No. 15-2088, Dkt. 4-1 (Fed. Cir. Sept. 30, 2015). In its Emergency Motion, Samsung informed the Federal Circuit that Apple had filed the instant motion. *Id.* at 11. Apple opposed, arguing that "both Samsung's appeal and its present request for a stay pending that appeal clash with this Court's mandate." *Apple Inc. v. Samsung Elecs. Co.,* No. 15-2088, Dkt. 23, at 5 (Fed. Cir. Oct. 1, 2015). On October 2, 2015, the Federal Circuit issued an order staying enforcement of the judgment pending further order of that court. (Dkt. 3312, at 2.)

Separately, Apple filed a Motion for Summary Affirmance with the Federal Circuit on September 30, 2015. *Apple Inc. v. Samsung Elecs. Co.,* No. 15-2088, Dkt. 17 (Fed. Cir. Sept. 30, 2015). Samsung filed its Opposition on October 5, 2015, showing that it will raise two substantial issues on appeal: (1) whether a final PTO decision invaliding a patent on *ex parte* reexamination has collateral estoppel effect in a pending federal court case, and (2) whether on remand following an appeal, a partial final judgment may be entered that does not meet the requirements of Federal Rule of Civil Procedure 54(b). *Apple Inc. v. Samsung Elecs. Co.,* No. 15-2088, Dkt. 17 (Fed. Cir. Oct. 5, 2015). The Federal Circuit has not yet ruled on Apple's motion.

# ARGUMENT

## I. APPLE CANNOT ENFORCE THE PARTIAL FINAL JUDGMENT AGAINST THE SURETIES BECAUSE THE FEDERAL CIRCUIT HAS STAYED ENFORCEMENT PROCEEDINGS

Apple's motion to enforce surety liability with respect to the $548 million partial final judgment is barred by the Federal Circuit's stay, entered October 2, 2015, which expressly precludes "enforcement of the district court's judgment." (Dkt. 3312, at 2.) That stay of enforcement is absolute and makes no exception for enforcement of surety liability or otherwise. Accordingly, the motion should be denied.

## II. APPLE CANNOT ENFORCE THE PARTIAL FINAL JUDGMENT AGAINST THE SURETIES BECAUSE SAMSUNG IS ENTITLED TO A STAY OF ENFORCEMENT PENDING APPEAL

Apple's motion should be denied for the additional reason that Samsung—and thus its sureties—are entitled to a stay of enforcement of the Judgment under Rule 62(d) pending Samsung's appeal of that judgment. Samsung has filed a Notice of Appeal from the Judgment, and has filed motions in both this Court and the Federal Circuit seeking approval of a supersedeas bond. Dkt. 3292; *Apple Inc. v. Samsung Elecs. Co.,* No. 15-2088, Dkt. 4-1 (Fed. Cir. Sept. 30, 2015); Dkt. 3294. Samsung stands ready to post the bond once it is approved. *Apple Inc. v. Samsung Elecs. Co.,* No. 15-2088, Dkt. 4-1 (Fed. Cir. Sept. 30, 2015); Dkt. 3294 at 6-7; Dkt. 3294-2. As described in detail in both motions seeking approval of the supersedeas bond,[1] under Rule 62(d) "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . given upon or after filing the notice of appeal." Fed. R. Civ. P. 62(d). An appellant "is entitled to a stay of a money judgment ***as a matter of right*** if he posts a bond in accordance with Fed.R.Civ.P. 62(d)." *See e.g., American Mfrs. Mut. Ins. Co. v. American Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966) (emphasis added). In addition, a bond is reviewed only to determine whether it

---

[1] Samsung incorporates by reference the arguments made in its briefing on the Motion for Approval of Supersedeas Bond and for a Temporary Stay (Dkt. 3294; Dkt. 3303) but does not repeat the arguments made in those briefs.

1  is sufficient in form and amount.  Where, as here, a proposed bond satisfies these criteria, it must
2  be approved.  (Dkt. 3294, at 4-7.)

3  Because governing precedent provides for an automatic stay of enforcement pending
4  appeal upon approval of a supersedeas bond, it would be improper to allow Apple to enforce the
5  $548 million judgment against either Samsung or the sureties.  The rule providing for an
6  automatic stay would be eviscerated if, despite a defendant's right to stay enforcement, a plaintiff
7  could still enforce the judgment against a surety that the defendant was contractually obligated to
8  reimburse.

9  Tellingly, Apple has not cited a single case in which a party was allowed to circumvent the
10 Rule 62(d) stay by enforcing a judgment against sureties under similar circumstances.  Relying
11 on *Astro-Med, Inc. v. Plant*, No. CA 06-533 ML, 2010 U.S. Dist. LEXIS 12461, at *15  (D.R.I.
12 Jan. 28, 2010), Apple asserts (Dkt. 3297, at 5) that enforcement of a judgment against sureties is
13 proper where the moving party demonstrates that (i) the alleged sureties are sureties; and (ii) the
14 court of appeals has directed entry of judgment in the moving party's favor and issued its
15 mandate.  But *Astro-Med* never addressed whether posting a bond can stay enforcement against
16 sureties when a new judgment is entered on remand.  In fact, the defendant in *Astro-Med* did not
17 appeal from the judgment on remand and did not ask to post a bond pending appeal.  Nor is
18 Apple correct (Dkt. 3297, at 6-7 n.1) that *Neeley v. Bankers Trust Co. of Tex.*, 848 F.2d 658 (5th
19 Cir. 1988), *Tenn. Valley Auth. v. Atlas Mach. & Iron Works, Inc.*, 803 F.2d 794 (4th Cir. 1986),
20 *Rector v. Mass. Bonding & Ins. Co.*, 191 F.2d 329 (D.C. Cir. 1951), and *Franklinville Realty Co.*
21 *v. Arnold Constr. Co.*, 132 F.2d 828 (5th Cir. 1943), show that Samsung's sureties remain liable
22 under the original bond.  The defendants in each of these four cases did not offer to post a bond
23 pending appeal of the judgment entered on remand.  As a result, they also have no bearing on
24 Apple's ability to enforce the Judgment against the sureties while Samsung's appeal is pending.
25 And *Beatrice Foods Co. v. New England Printing & Litographing Co.*, 930 F.2d 1572, 1574 (Fed.
26 Cir. 1991) (cited in Dkt. 3297, at 6), actually confirms that Samsung is entitled to post a bond to
27 stay enforcement against the sureties.  In that case, the defendant posted a bond pending appeal
28 of a judgment, which the Federal Circuit ultimately vacated in part and remanded for recalculation

of damages.  *Beatrice*, 930 F.2d at 1573-74.  On remand, the district court increased the amount of damages and ordered the defendant to increase the size of the bond "if it wanted to continue to stay the judgment pending a further appeal."  *Id.* at 1574.  While the defendant chose not to post a bond, the case confirms that the ordinary rules governing the posting of a bond apply to a judgment entered after remand proceedings are complete.  *Id.*

Finally, Apple is incorrect to suggest (Dkt. 3297, at 5) that the summary procedure for enforcing a judgment against sureties in Federal Rule of Civil Procedure 65.1 undermines Samsung's entitlement to obtain a stay of enforcement of the Judgment against the sureties.  The Supreme Court rejected this very argument in *Celotex Corporation v. Edwards*, 514 U.S. 300, 311-12 (1995), holding that "[j]ust because [Rule 65.1] provides a simplified procedure for collecting on a bond, however, does not mean that such a procedure, like the more complicated procedure of a full-fledged lawsuit, cannot be stayed by a lawfully entered injunction."  *Id.* at 312.  Rule 65.1 thus provides no basis to circumvent the Rule 62(d) stay of enforcement to which Samsung and its sureties are entitled.

## **CONCLUSION**

For the foregoing reasons, Samsung respectfully requests that the Court deny Apple's motion.

DATED:   October 6, 2015

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Kathleen M. Sullivan
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC