HAROLD J. MCELHINNY (CA SBN 66781)
HMcElhinny@mofo.com
RACHEL KREVANS (CA SBN 116421)
RKrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
EJOlson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S NOTICE OF AUTHORITY REGARDING ITS MOTION TO ENFORCE SURETY LIABILITY WITH RESPECT TO COSTS JUDGMENT (DKT. 3277) AND SAMSUNG'S MOTION TO CONFIRM VACATUR OF THE COSTS AWARD (DKT. 3279)**<br><br>Date:   December 10, 2015<br>Time:   1:30 p.m.<br>Ctrm:   Courtroom 8, 4th Floor<br>Judge:  Honorable Lucy H. Koh |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  Apple Inc. respectfully submits the decision in *Shukh v. Seagate Tech., LLC*,
3  No. 2015-1012, 2015 WL 5752398, at *1 (Fed. Cir. Oct. 2, 2015) (mem.), in relation to:
4  (1) Apple's Motion to Enforce Surety Liability with Respect to Costs Judgment (Dkt. 3277) and
5  (2) Samsung's Motion to Confirm Vacatur of the Costs Award or, in the Alternative, for an Order
6  Holding That the Costs Award Is Vacated Pursuant to Federal Rule of Civil Procedure 60(b)(5)
7  (Dkt. 3279). This decision demonstrates that when the Federal Circuit wants to vacate a costs
8  award in light of the partial vacatur of a district court judgment, it does so expressly. A copy of
9  this opinion is attached as **Exhibit A**. The opinion states:

> In light of our holding in *Shukh v. Seagate Technology, LLC*,
> Case No. 14–1406, vacating and remanding in part the district
> court's judgment on the merits against Alexander Shukh, we vacate
> and remand the district court's costs judgment.

(Ex. A at 2.) In this case, Samsung appealed this Court's costs award, but the Federal Circuit included no such instruction regarding costs. Accordingly, the Federal Circuit left the costs award undisturbed, and the mandate rule precludes altering it now.

Samsung has argued that "[a]bsent an explicit ruling by the appellate court, a costs award based on a partially reversed judgment is itself *automatically* vacated." (Dkt. 3298 at 3 (emphasis added).) This cannot be the rule; if it were, the Federal Circuit would not have issued the separate order on costs in *Shukh*.

Dated: October 7, 2015               MORRISON & FOERSTER LLP

                                     By:   */s/ Harold J. McElhinny*
                                           HAROLD J. MCELHINNY

                                     Attorneys for Plaintiff
                                     APPLE INC.

APPLE'S NOTICE OF AUTHORITY REGARDING COSTS AWARD
Case No. 11-cv-01846-LHK (PSG)
sf-3583048