1    [COUNSEL LISTED ON SIGNATURE PAGE]

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

SAN JOSE DIVISION

12

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Date:      December 10, 2015 |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Time:      1:30 PM<br>Place:      Courtroom 1, 5th Floor<br>Judge:      Hon. Lucy H. Koh |
| Defendants. | |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 11-CV-01846-LHK (PSG)
sf-3600051

1    Pursuant to the Court's September 18, 2015, Order (Dkt. 3289), the parties submit this

2    Joint Case Management Statement in connection with the Case Management Conference

3    ("CMC") scheduled for December 10, 2015.

4    **I.    STATUS UPDATE**

5        **A.    Enforcement of partial final judgment and costs.**

6        **Apple statement:**

7    After the Court entered partial judgment in Apple's favor of $548,176,477 on September

8    18, 2015, Samsung appealed on September 21.  Samsung's appeal was docketed on September

9    30.  The same day, Apple filed a motion for summary affirmance.  The Federal Circuit granted

10   Apple's motion and summarily affirmed this Court's partial final judgment two weeks later, on

11   October 13.  Samsung filed a petition for rehearing en banc, which the court denied on November

12   19.  The mandate issued on November 30, 2015.  Samsung's motion for approval of a

13   supersedeas bond and temporary stay pending appeal (Dkt. 3294) is therefore moot.

14   Apple's motions to enforce surety liability with respect to the $548 million partial

15   judgment and $1.8 million costs judgment remain pending, as well as Samsung's parallel motion

16   to vacate the Court's costs judgment, all of which are set for hearing the same day as the case

17   management conference.

18   Samsung has confirmed to Apple that it will pay Apple the $548 million partial judgment

19   directly.  Samsung indicates that payment should be complete within 10 days of delivery of

20   Apple's invoice to Samsung, which will take place on December 4.  Payment should therefore be

21   complete by Monday, December 14.  Once payment is received, Apple will withdraw the motion

22   to enforce with respect to the partial judgment.  If Apple has not withdrawn the motion by

23   Wednesday, December 16, Apple requests that the Court grant the motion to enforce, as no

24   substantive opposition has been filed.  Apple notes that Samsung purports to reserve rights to

25   obtain partial reimbursement in the future of judgment amounts it has paid.  Apple disputes

26   Samsung's asserted rights to reimbursement.

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 11-CV-01846-LHK (PSG)
sf-3600051

1

1        Samsung has indicated that it does not intend to pay Apple the $1.8 million costs

2   judgment.  For the reasons stated in Apple's briefing, the Court should grant Apple's motion to

3   enforce with respect to costs.  (*E.g.*, Dkt. 3306.)

4        **Samsung's statement:**

5        With respect to the partial judgment, Samsung has made arrangements to complete

6   payment to Apple.  Samsung informed Apple that it intends to make the payment 10 days after

7   receipt of the original invoice from Apple, which has not yet taken place.  Samsung has told

8   Apple that it will make the payment by December 14 if Apple delivers the original invoice to

9   Samsung no later than December 4 KST.  Samsung is paying the full amount of the judgment at

10  this time without deducting withholding taxes.  Samsung acknowledges that an involuntary

11  obligation to pay arises from the issuance of the Federal Circuit's mandate and expiration of the

12  stay of execution.  Nonetheless, Samsung continues to reserve all rights to obtain reimbursement

13  from Apple and/or payment by Apple of all amounts required to be paid as taxes.  Samsung

14  requests that the Court release its supersedeas bond (Dkt. 3036) as soon as the judgment is paid.

15       Samsung further reserves all rights to reclaim or obtain reimbursement of any judgment

16  amounts paid by Samsung to any entity in the event the partial judgment is reversed, modified,

17  vacated or set aside on appeal or otherwise, including as a result of any proceedings before the

18  USPTO addressing the patents at issue or as a result of any petition for writ of certiorari filed with

19  the Supreme Court.  Samsung notes that the Patent Trial and Appeal Board has issued a final

20  decision of invalidity on the '915 Patent, and Apple filed a notice of appeal to the Federal Circuit

21  in the USPTO last week.  The appeal has not been docketed at the time of this filing.

22       Motions for costs have been set for hearing during the December 10 Case Management

23  Conference.  As explained in Samsung's motion, because the Federal Circuit did not discuss costs

24  in its opinion partially reversing the judgment, the costs award was vacated

25  automatically.  Controlling Ninth Circuit precedent establishes a default rule that "[w]here a

26  reviewing court reverses a district court's judgment for the prevailing party . . . both the

27  underlying judgment and the taxation of costs undertaken pursuant to that judgment are

28  reversed." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1997) (citing *Farmer v. Arabian*

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 11-CV-01846-LHK (PSG)
sf-3600051

1    *American Oil Co.*, 379 U.S. 227 (1964), disapproved of on other grounds by *Crawford Fitting Co.*

2    *v. J.T. Gibbons, Inc.*, 482 U.S. 437, 443 (1987))  In the alternative, vacatur of the costs award is

3    warranted because the factual bases for the award no long apply in light of the Federal Circuit's

4    decision reducing the damages award by over $380 million and reversing the judgment for Apple

5    on its trade dress claims.  The question of costs should be addressed after remand proceedings are

6    completed.  *See Amarel,* 102 F.3d at 1024 ("[i]nstead of attempting to award partial costs at this

7    juncture, the district court should await the outcome of the [remaining] claim [on remand] to

8    ascertain whether allocation of costs is necessary.")

9        For the reasons stated in Samsung's Opposition to Apple's Motion to Enforce Surety

10   Liability With Respect to Costs Judgment (Dkt. 3298) and Samsung's Motion to Confirm Vacatur

11   of Costs Award or, in the Alternative, for an Order Holding the Costs Award is Vacated Pursuant

12   to Federal Rule of Civil Procedure 60(b)(5) (Dkt. 3279), the Court should deny Apple's Motion to

13   Enforce and confirm that its prior costs award (Dkt. 3193) has been vacated.  In the event

14   Samsung is ordered to pay costs, it will pay directly.

15       **B.      Status of expert discovery regarding remand trial.**

16       The parties exchanged expert reports on November 6, 2015.  Depositions of the parties'

17   experts proceeded on December 2 and December 3.  Pursuant to the schedule set by the Court, the

18   parties will file motions to strike on December 18.

19       **C.      Supplemental damages and prejudgment interest**

20       **Apple's Statement:**

21       Apple seeks leave to file a motion for supplemental damages and interest.  As Apple set

22   out in the parties' joint submission on October 9, 2015 (Dkt. 3316), the products for which Apple

23   is entitled to supplemental damages were included in the damages verdict.  Samsung has

24   indicated that it wants to press new noninfringement arguments, but it could have made those

25   arguments at the 2012 trial.  Moreover, Samsung did not challenge the Court's methodology on

26   appeal.  As a result, as Apple suggested in the September 11, 2015, joint case management

27   statement, the Court may now do an accounting for supplemental damages and prejudgment

28   interest via motion.  No additional discovery is required.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 11-CV-01846-LHK (PSG)
sf-3600051

3

1   **Samsung's Statement:**

2   Samsung opposes Apple's request for leave to file for supplemental damages at this time.

3   Samsung agrees with the Court's repeated statements that it would be more appropriate to address

4   supplemental damages after the March 2016 trial rather than before.

5   As shown in Samsung's submissions to the Court, Samsung's design arounds are not new,

6   and Apple has been fully aware of them for years.  Some design arounds were introduced in the

7   prior trial, while others existed earlier, although they were barred from it, and one did not exist at

8   the time of trial but was the subject of discovery in the post-trial injunction phase.  In the October

9   9, 2015 filing (Dkt. 3316), Apple does not dispute any of the non-infringing design arounds as

10  specifically identified by Samsung.  Instead, Apple argues that Samsung waived the right to

11  defend itself against Apple's request for excessive and unjustified supplemental damages—which

12  it did not—and that this Court intended to award supplemental damages based on the model

13  number used on the phone, no matter that there is no dispute that the phone does not infringe

14  Apple's IP (such as damages on white phones for a patent covering only black phones).

15  **II.    ADR**

16  The parties participated in a settlement conference with Magistrate Judge Spero on

17  November 2, 2015.  That process is complete and did not result in settlement.

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 11-CV-01846-LHK (PSG)
sf-3600051

4

1

2

Dated:  December 3, 2015

3   MORRISON & FOERSTER LLP                    QUINN EMANUEL URQUHART & SULLIVAN,
    HAROLD J. McELHINNY (CA SBN 66781)         LLP
4   hmcelhinny@mofo.com                        Charles K. Verhoeven (Cal. Bar No. 170151)
    RACHEL KREVANS (CA SBN 116421)             charlesverhoeven@quinnemanuel.com
5   rkrevans@mofo.com                          50 California Street, 22nd Floor
    ERIK OLSON (CA SBN 175815)                 San Francisco, California 94111
6   ejolson@mofo.com                           Telephone: (415) 875-6600
    MORRISON & FOERSTER LLP                    Facsimile: (415) 875-6700
7   425 Market Street
    San Francisco, California  94105-2482      Kevin P.B. Johnson (Cal. Bar No. 177129)
8   Telephone:  (415) 268-7000                 kevinjohnson@quinnemanuel.com
    Facsimile:  (415) 268-7522                 Victoria F. Maroulis (Cal. Bar No. 202603)
9                                              victoriamaroulis@quinnemanuel.com
    WILLIAM F. LEE                             555 Twin Dolphin Drive 5th Floor
10  william.lee@wilmerhale.com                 Redwood Shores, California 94065
    WILMER CUTLER PICKERING                    Telephone: (650) 801-5000
11  HALE AND DORR LLP                          Facsimile: (650) 801-5100
    60 State Street
12  Boston, MA 02109                           Michael T. Zeller (Cal. Bar No. 196417)
    Telephone: (617) 526-6000                  michaelzeller@quinnemanuel.com
13  Facsimile: (617) 526-5000                  865 S. Figueroa St., 10th Floor
                                               Los Angeles, California 90017
14  MARK D. SELWYN (SBN 244180)                Telephone: (213) 443-3000
    mark.selwyn@wilmerhale.com                 Facsimile: (213) 443-3100
15  WILMER CUTLER PICKERING
    HALE AND DORR LLP
16  950 Page Mill Road                         By:  */s/ Victoria F. Maroulis*
    Palo Alto, California 94304                      Victoria F. Maroulis
17  Telephone: (650) 858-6000
    Facsimile: (650) 858-6100                        Attorneys for Defendants and
18                                                   Counterclaim-Plaintiffs  SAMSUNG
                                                     ELECTRONICS CO., LTD., SAMSUNG
19                                                   ELECTRONICS AMERICA, INC. and
    By:  */s/ Harold J. McElhinny*                   SAMSUNG TELECOMMUNICATIONS
20        Harold J. McElhinny                        AMERICA, LLC

21       Attorneys for Plaintiff and Counterclaim-
          Defendant APPLE INC.

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 11-CV-01846-LHK (PSG)                                                        5
sf-3600051

1   **ATTESTATION OF E-FILED SIGNATURE**

2      I, Harold J. McElhinny, am the ECF User whose ID and password are being used to file

3  this Joint Case Management Statement.  In compliance with Local Rule 5-1(i)(3), I hereby attest

4  that Victoria F. Maroulis has concurred in this filing.

5  Dated:  December 3, 2015                    */s/ Harold J. McElhinny*
                                               HAROLD J. MCELHINNY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 11-CV-01846-LHK (PSG)
sf-3600051

6