UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>SAMSUNG ELECTRONICS CO. LTD., et al.,<br><br>        Defendants. | Case No. 11-CV-01846-LHK<br><br>**ORDER ON COSTS JUDGMENT**<br><br>Re: Dkt. Nos. 3277, 3279 |

Before the Court are Apple's Motion to Enforce Surety Liability With Respect to Costs Judgment, ECF No. 3277, and Samsung's[1] Motion to Confirm Vacatur of the Costs Award, ECF No. 3279. The Court finds this matter appropriate for determination without oral argument and VACATES the hearing set for December 10, 2015. *See* Civil L.R. 7-1(b). The December 10, 2015 Case Management Conference remains as set. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Apple's Motion and DENIES Samsung's Motion.

---

[1] The Court refers to Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC collectively as "Samsung."

1

Case No. 11-CV-01846-LHK
ORDER ON COSTS JUDGMENT

## I. BACKGROUND

Apple and Samsung sell competing smartphones and tablets. On April 15, 2011, Apple filed suit against Samsung, asserting numerous intellectual property and antitrust claims. *See* ECF No. 1. After pretrial case narrowing, Apple pursued claims as to three utility patents, four design patents, one registered trade dress, and three unregistered trade dresses against 28 accused Samsung products at a jury trial that ran from July 30 to August 24, 2012. *See* ECF No. 1931. The jury found that 26 of the 28 accused products infringed and/or diluted one or more of Apple's asserted intellectual property rights and awarded Apple $1,049,343,540 in damages. *Id.* at 15. Following a multitude of post-trial orders, the Court held a partial damages retrial from November 12 through November 21, 2013. *See* ECF No. 2822. The total damages award against Samsung ultimately amounted to $929,780,039. ECF No. 3017.

Samsung filed a Notice of Appeal of the damages award to the Federal Circuit on March 6, 2014. ECF No. 3018. On March 17, 2014, this Court granted the parties' stipulation to permit Samsung to post a supersedeas bond in an amount equal to $1 billion to stay execution of the Court's damages judgment pending resolution of Samsung's appeal. ECF No. 3033. Samsung posted the supersedeas bond on March 17, 2014. ECF No. 3036.

On December 5, 2013, Apple submitted its Bill of Costs seeking a total of $6,256,435.10 in three categories of taxable costs: "printed or electronically recorded transcripts;" "exemplification and the costs of making copies;" and "[c]ompensation of interpreters." ECF No. 2852. Samsung filed objections on January 24, 2014. ECF No. 2930. Apple then filed an Amended Bill of Costs on February 6, 2014, waiving and withdrawing certain costs. ECF No. 2942. Apple's Amended Bill of Costs sought a total of $5,887,977.46 in costs. ECF No. 2942. On February 20, 2014, Samsung again filed objections. ECF No. 2971.

On June 6, 2014, the Clerk taxed costs in the amount of $2,064,940.55. ECF No. 3110. The Clerk disallowed: $193,884.17 in transcript costs "as outside the ambit of LR 54-3(b), (c);" $3,346,652.74 in costs of exemplification and copies "as outside the ambit of LR 54-3(d);" and $282,500 in compensation of interpreters "as outside the ambit of 28 USC sec. 1828." *Id.*

Both Apple and Samsung then sought judicial review of the Clerk's assessment. On June 20, 2014, Samsung filed a motion for review of clerk's taxation of costs. ECF No. 3118. On June 20, 2014, Apple also filed a motion for review of clerk's taxation of costs. ECF No. 3119. On July 17, 2014, both parties filed oppositions to the motions. ECF Nos. 3154, 3155. Both parties filed replies on July 31, 2014. ECF Nos. 3175, 3176.

On September 19, 2014, the Court granted in part and denied in part Apple's and Samsung's motions for review of clerk's taxation of costs. ECF No. 3193 ("Costs Order"). The Court declined to exercise its discretion to defer a decision on costs pending resolution of Samsung's appeal of the underlying damages award. *Id.* at 6. The Court concluded that under governing Federal Circuit law, Apple was the prevailing party. *Id.* Therefore, the Court taxed Samsung $1,871,302.78 in costs, consisting of: (1) $559,425.26 for deposition transcripts; (2) $22,417.50 for trial and certain hearing transcripts; (3) $21,785.26 for devices used at trial; (4) $786,972.10 for trial graphics; (5) $238,102.66 in e-discovery costs; and (6) $242,600 for interpreters at depositions. *Id.* at 22-23. The Court refers to the $1,871,302.78 taxed against Samsung for costs as the "Costs Award."

Samsung filed a Notice of Appeal of the Court's Costs Order to the Federal Circuit on October 2, 2014. ECF No. 3203. Samsung's appeal of the Costs Order was consolidated with Samsung's appeal of the damages judgment. Fed. Cir. Case No. 14-1335, Dkt. 158-2. On October 3, 2014, the Court granted the parties' stipulation to permit Samsung to modify the supersedeas bond to incorporate a rider stating that the supersedeas bond covers the Costs Award. ECF No. 3205. Samsung filed the modified supersedeas bond including the rider for the Costs Award on October 6, 2014. ECF No. 3206.

On May 18, 2015, the Federal Circuit affirmed-in-part, reversed-in-part, vacated-in-part, and remanded this Court's judgment. ECF No. 3271. The Federal Circuit affirmed the validity and infringement judgments with respect to Apple's design and utility patents, and "the damages awarded for the design and utility patent infringements appealed by Samsung." *Id.* at 4. However, the Federal Circuit reversed "the jury's findings that the asserted trade dresses are protectable" and

3

vacated the damages awards against the Samsung products that were found liable for trade dress dilution. *Id.* The Federal Circuit remanded "for immediate entry of final judgment on all damages awards not predicated on Apple's trade dress claims and for any further proceedings necessitated by our decision to vacate the jury's verdicts on the unregistered and registered trade dress claims." *Id.* at 33. The Federal Circuit did not explicitly address Samsung's appeal of the Costs Order. This Court received the mandate from the Federal Circuit on September 1, 2015. ECF No. 3273.

Pursuant to the Federal Circuit's mandate, on September 18, 2015, this Court entered partial final judgment against Samsung and in favor of Apple in the amount of $548,176,477 according to the affirmed damages awards. ECF No. 3290. Samsung appealed the Court's entry of partial final judgment to the Federal Circuit on September 21, 2015. ECF No. 3292. The Federal Circuit summarily affirmed this Court's entry of partial final judgment. ECF No. 3319. This Court received the mandate from the Federal Circuit on December 1, 2015. ECF No. 3321.

Meanwhile, on September 9, 2015, Apple filed its Motion to Enforce Surety Liability With Respect to Costs Judgment ("Apple's Motion"). ECF No 3277. Samsung filed an opposition on September 23, 2015, ECF No. 3298, and Apple filed a reply on September 30, 2015, ECF No. 3306.

On September 10, 2015, Samsung filed its Motion to Confirm Vacatur of the Costs Award ("Samsung's Motion"). ECF No. 3279. Apple filed an opposition on September 24, 2015, ECF No. 3301, and Samsung filed a reply on October 1, 2015, ECF No. 3311.

## II. DISCUSSION

The parties dispute the effect of the Federal Circuit's ruling on the Costs Award in this case. Apple's Motion argues that because the Federal Circuit did not explicitly vacate the Costs Award, the Costs Award was affirmed. Because Samsung has refused to pay the Costs Award, Apple asks the Court to enforce the supersedeas bond to satisfy the Costs Award.

Samsung's Motion argues that under Ninth Circuit law, an appellate decision partially reversing a judgment immediately vacates any costs award associated with that judgment. *See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) (holding that a partial reversal of the

district court's judgment "operates to reverse the district court's award of costs incurred in defending against [the claim on which the Ninth Circuit reversed the judgment]"). Accordingly, Samsung asks the Court to hold that the Costs Award in this case was vacated by the Federal Circuit's partial reversal.

Because the Court may only enforce the supersedeas bond to satisfy the Costs Award if the Costs Award has not been vacated, the Court begins by analyzing whether the Costs Award has been vacated. As the Court concludes that the Costs Award has not been vacated, the Court then addresses enforcement of the supersedeas bond.

**A. The Status of the Costs Award**

Under the Federal Circuit mandate rule, "issues actually decided on appeal—those within the scope of the judgment appealed from, minus those explicitly reserved or remanded by the court—are foreclosed from further consideration." *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008) (brackets omitted). "The mandate rule requires that the district court follow an appellate decree as the law of the case." *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 576 F.3d 1348, 1356 (Fed. Cir. 2009). Samsung appealed the Costs Order, ECF No. 3203, and the appeal of the Costs Order was consolidated with Samsung's appeal from the Court's entry of judgment following the jury verdict, *see* Fed. Cir. Case No. 14-1335, Dkt. 158-2. Thus, the Costs Order was "within the scope of the judgment appealed from," *Amado*, 517 F.3d at 1360, in the Federal Circuit's decision affirming in part and reversing in part. The Court therefore must begin its analysis by determining whether the Costs Award was "explicitly reserved or remanded" by the Federal Circuit in order to determine the effect of the mandate rule in this case. *See id.*

The Federal Circuit's instruction to this Court is as follows: "We remand for immediate entry of final judgment on all damages awards not predicated on Apple's trade dress claims and for any further proceedings necessitated by our decision to vacate the jury's verdicts on the unregistered and registered trade dress claims." ECF No. 3271 at 33. Thus, under the terms of the Federal Circuit's mandate, unless the Costs Award was "predicated on Apple's trade dress claims," the Costs Award was affirmed by the Federal Circuit.

United States District Court
Northern District of California

To determine whether the Costs Award was "predicated on Apple's trade dress claims," the Court now turns to discuss the basis for its Costs Award. Ninth Circuit law provides the standard for awarding costs in this case. *See Shum v. Intel Corp.*, 629 F.3d 1360, 1370 (Fed. Cir. 2010) ("Whether an award of costs is reasonable is determined under the law of the regional circuit."); *see also* Costs Order at 3 (applying Ninth Circuit law to assess costs); *Asyst Techs. v. Emtrak Inc.*, No. C 98-20451 JF (HRL), 2009 WL 668727, at *1, *3 (N.D. Cal. March 13, 2009) (applying Ninth Circuit law to assess costs in a patent case on remand from the Federal Circuit). In the Ninth Circuit, there is a "strong presumption" in favor of awarding costs to the prevailing party. *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003). However, Federal Circuit law determines the identity of the prevailing party in patent litigation. *See Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996) (Federal Circuit law determines which party is the prevailing party in a patent case). Under Federal Circuit precedent, a party "'prevails' when actual relief on the merits of [its] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-13 (1992)). Under Federal Circuit law, there can be only one prevailing party in the case, and a party is not required to prevail on all claims in order to qualify as the prevailing party. *Shum*, 629 F.3d at 1367-68.

In its Costs Order, this Court applied Federal Circuit law to determine that Apple was the prevailing party in this case. Costs Order at 7-8. The Court emphasized that "while Apple did not prevail on every one of its claims or receive the full damages it requested, a party need not win on every single one of its claims in order to be the prevailing party. Rather, the test is whether Apple has obtained relief that 'materially alter[s] the legal relationship between the parties by modifying [Samsung's] behavior in a way that directly benefits' Apple." *Id.* at 8 (quoting *Shum*, 629 F.3d at 1367). The Court held that the jury damages award in favor of Apple clearly "materially alter[ed] the legal relationship between the parties" in this case. *Id.* The Court further noted that "Samsung did not prevail on any of its counterclaims." *Id.* The Court thus concluded that Apple is the prevailing party in this case.

The Court's prevailing party analysis is unaltered by the fact that the Federal Circuit has reversed the jury verdict on trade dress dilution and vacated the damages award for products found to dilute Apple's trade dresses. As a result of the Federal Circuit's mandate, the Court has now entered partial final judgment for Apple in the amount of $548 million. ECF No. 3290. Samsung has stated that it will pay the $548 million to Apple by December 14, 2015. ECF No. 3322. Clearly the partial final judgment, entered pursuant to the Federal Circuit's mandate, "materially alter[ed] the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party." *Shum*, 629 F.3d at 1367. Additionally, the Federal Circuit's decision does not alter the fact that Samsung did not succeed on any of its counterclaims against Apple and is entitled to no damages from Apple. Apple therefore remains the prevailing party in this litigation. As there can only be one prevailing party under Federal Circuit law and that party need not prevail on all claims in order to qualify as the prevailing party, *id.* at 1367-68, the Court's conclusion that Apple is the prevailing party is unaltered by the Federal Circuit's reversal of Apple's trade dress claims. Thus, the conclusion that Apple is the prevailing party is not predicated upon the trade dress claims.

In the Costs Order, the Court then concluded that because Apple was the prevailing party in the case, Apple was entitled to the Cost Award. Because the Court's conclusion that Apple was the prevailing party in the case was not predicated upon the trade dress claims, the Court's subsequent Costs Award to Apple based on Apple's status as the prevailing party was not predicated upon the trade dress claims.

As the Costs Award was not predicated upon Apple's trade dress claims, the Costs Award, which was expressly appealed, forms part of the damages judgment that the Federal Circuit remanded "for immediate entry of final judgment." ECF No. 3271 at 33. The Costs Award was not explicitly reversed or vacated, so under the Federal Circuit's mandate rule, the Costs Award is "foreclosed from further consideration." *Amado*, 517 F.3d at 1360. Thus, the Court cannot vacate the Costs Award but must instead enforce it.

Additionally, the Court finds that Samsung's citation to *Amarel* does not alter the Court's

1   conclusion that the Costs Award remains in effect.  In *Amarel*, the Ninth Circuit affirmed the
2   district court's ruling as to one of two antitrust claims but reversed and remanded as to the other
3   antitrust claim.  102 F.3d at 1524.  Unlike in the instant case, the Ninth Circuit then expressly
4   vacated the costs award.  *Id.* at 1523-24.  *Amarel* analyzed the procedural posture and facts at issue
5   in *Amarel* and concluded based on those particular considerations that the partial reversal of the
6   substantive judgment required vacatur of the associated costs award.  *Id.*  The Federal Circuit in
7   the instant case made no such findings.  ECF No. 3271.

8         Furthermore, Samsung acknowledges that *Amarel* does not prevent appellate courts from
9   affirming a costs judgment even when the underlying substantive judgment is reversed in part.
10  ECF No. 3298 at 4.  Specifically, Samsung concedes that "the appellate court can deviate from the
11  default rule that costs are vacated upon partial reversal, if they do so explicitly."  *Id.*  Indeed, since
12  deciding *Amarel*, the Ninth Circuit has affirmed costs awards while also partially reversing the
13  underlying substantive judgment.  *See, e.g.*, *Velasquez v. Costco Wholesale Corp.*, 603 Fed. App'x
14  584, 587 (9th Cir. 2015) (partially reversing substantive judgment and affirming costs award).

15        In the instant case, the Federal Circuit explicitly affirmed all parts of the judgment not
16  predicated upon Apple's trade dress claims.  ECF No. 3271 at 33.  Because the Costs Award was
17  not predicated upon the trade dress claims, the Costs Award was affirmed by the Federal Circuit
18  and therefore falls within the category of cases that Samsung concedes fall outside the ambit of
19  *Amarel*.  Moreover, even if the Federal Circuit's decision were in tension with *Amarel*, the Court
20  is bound by the Federal Circuit's mandate in this case, and "[t]he mandate rule requires that the
21  district court follow an appellate decree as the law of the case."  *Cardiac Pacemakers*, 576 F.3d at
22  1356.  Because the Costs Award was part of Samsung's appeal and was not explicitly reversed or
23  vacated by the Federal Circuit, this Court concludes that under the Federal Circuit's mandate rule,
24  the Costs Award was affirmed, not vacated, by the Federal Circuit's decision.  *See Amado*, 517
25  F.3d at 1360 ("[I]ssues actually decided on appeal—those within the scope of the judgment
26  appealed from, minus those explicitly reserved or remanded by the court—are foreclosed from
27  further consideration.").

28

Case No. 11-CV-01846-LHK
ORDER ON COSTS JUDGMENT

United States District Court
Northern District of California

Finally, Samsung argues in the alternative that the Court should vacate the Costs Award pursuant to Federal Rule of Civil Procedure 60(b)(5) because the Costs Award "'is based on an earlier judgment that has been reversed or vacated.'" Samsung's Motion at 6 (quoting Fed. R. Civ. P. 60(b)(5)). Samsung argues that because the Federal Circuit partially reversed the substantive judgment in this case, the Costs Award must be vacated because it was based upon that award. *Id.* Samsung's argument fails for two reasons. First, the Federal Circuit's partial reversal of the substantive judgment did not alter the Court's conclusion in the Costs Order that Apple was the prevailing party and therefore entitled to costs. Thus, the basis for the Costs Order has not been reversed. Second, because the Court's Costs Award was not predicated upon Apple's trade dress claims, the Federal Circuit explicitly affirmed the Costs Award. Under the Federal Circuit's mandate rule, the Court is foreclosed from further consideration of the Costs Award. *Amado*, 517 F.3d at 1360. Thus, Samsung is not entitled to relief under Rule 60(b)(5).

For the reasons stated above, the Court concludes that the Costs Award has not been vacated and DENIES Samsung's Motion. The Court now turns to Apple's Motion for enforcement of the supersedeas bond for the Costs Award.

### B. Enforcement of the Supersedeas Bond

A surety's liability on a supersedeas bond "may be enforced under either Rule 65.1's summary procedure or through an independent action initiated in state or federal courts." *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1054 (9th Cir. 2000). Apple seeks to enforce liability against the supersedeas bond under Federal Rule of Civil Procedure 65.1. Rule 65.1 provides:

> Whenever these rules . . . require or allow a party to give security and security is given through a bond or other undertaking with one or more securities, each surety submits to the court's jurisdiction and irrevocably appoints the court clerk as its agent for receiving service of any papers that affect its liability on the bond or undertaking. The surety's liability may be enforced on motion without an independent action. The motion and any notice that the court orders may be served on the court clerk, who must promptly mail a copy of each to every surety whose address is known.

Rule 65.1 allows judgment creditors "to collect on the supersedeas bond by merely filing a

9
Case No. 11-CV-01846-LHK
ORDER ON COSTS JUDGMENT

motion." *Celotex Corp. v. Edwards*, 514 U.S. 300, 312 (1995).  In order to collect on the supersedeas bond under Rule 65.1, Apple must show that: (1) the supersedeas bond consists of sureties as contemplated under Rule 65.1; and (2) the Federal Circuit has entered final judgment in Apple's favor and issued its mandate.  *See Astro-Med, Inc. v. Plant*, CA 06-533 ML, 2010 WL 537101, at *5 (D.R.I. Feb. 12, 2010) (granting Rule 65.1 motion).

As to the first requirement, the supersedeas bond posted by Samsung states that it was posted "pursuant to Fed. R. Civ. Pro. 62(d)."  ECF No. 3036 at 1 (supersedeas bond).  A bond posted pursuant to Rule 62(d) falls within the scope of Rule 65.1, which Samsung does not dispute.  *See generally* ECF No. 3298 (Samsung's opposition).

As to the second requirement, the Court has already concluded that the Costs Order was affirmed by the Federal Circuit.  *See* ECF No. 3271 at 33 (Federal Circuit decision).  Thus, the Federal Circuit entered final judgment in Apple's favor and issued its mandate, which the Court received on September 1, 2015.  ECF No. 3273.

Therefore, Apple has satisfied all of the requirements for enforcing liability against the supersedeas bond, and the Court GRANTS Apple's Motion.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Samsung's Motion to Confirm Vacatur of the Costs Award.  The Court GRANTS Apple's Motion to Enforce Surety Liability with Respect to Costs Judgment.

**IT IS SO ORDERED.**

Dated: December 9, 2015

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

10
Case No. 11-CV-01846-LHK
ORDER ON COSTS JUDGMENT