| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE (*pro hac vice*) |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com |   HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, Massachusetts  02109 |
| ERIK J. OLSON (CA SBN 175815) | Telephone:  (617) 526-6000 |
| ejolson@mofo.com | Facsimile:  (617) 526-5000 |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | |
| San Francisco, California  94105-2482 | MARK D. SELWYN (CA SBN 244180) |
| Telephone:  (415) 268-7000 | mark.selwyn@wilmerhale.com |
| Facsimile:  (415) 268-7522 | WILMER CUTLER PICKERING |
| |   HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California  94304 |
| | Telephone:  (650) 858-6000 |
| | Facsimile:  (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | |
|     Plaintiff and Counterclaim-Defendant, | Case No. 11-cv-01846-LHK (PSG) |
| vs. | **DECLARATION OF MARK D. SELWYN IN SUPPORT OF APPLE INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
|     Defendants and Counterclaim Plaintiffs. | |

I, Mark D. Selwyn, hereby declare as follows:

1. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-referenced litigation. I am licensed to practice law in the State of California, the Commonwealth of Massachusetts, and the State of New York, and am admitted to practice before the U.S. District Court for the Northern District of California. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts under oath.

2. Concurrent with Apple's Administrative Motion to File Documents Under Seal, Apple has filed its Motion to Strike Portions of Michael Wagner's November 6, 2015 Rebuttal Report ("Apple's Motion to Strike") and the Declaration of Mark D. Selwyn in Support of Apple Inc.'s Motion to Strike ("Selwyn Declaration"), and exhibits thereto.

3. The portions highlighted in yellow of Exhibit 1 to the Selwyn Declaration on pages 109-112, 114-115, and 136 contain confidential licensing information, including the provisions, financial terms, and structure of Apple's license agreement with HTC, and the structure of Apple's license agreement with Nokia. Public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Boris Teksler, Apple's then-Director of Patent Licensing and Strategy. (*Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 12-CV-630 (N.D. Cal.) (Dkt No. 442-4 at ¶¶ 2-4 (explaining that Apple's licensing agreements are subject to strict confidentiality provisions and that the revelation of the terms of the agreements would give companies an unfair negotiating advantage over Apple).) The Court has previously granted Apple's request to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements because they fall within the definition of "trade secrets." *See, e.g.*, Dkt. No. 1649 at 10-11 (*citing In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)). In particular, the Court has previously sealed Samsung's proffer of evidence and testimony regarding the Apple/HTC license for these same reasons. (Dkt. No. 2668.)

4.     The portions highlighted in yellow of Exhibit 1 to the Selwyn Declaration on pages 67-69, 71-72, and A-7 contain detailed market research information regarding customer use of the accused Apple products. These portions of Exhibits 1 contain proprietary Apple information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Greg Joswiak in Support of Apple's Motion to Seal Trial Exhibits (Dkt. No. 1496) (supporting sealing market research documents describing buyer survey responses regarding Apple's products because detailed information of this kind is extremely valuable time series of information that shows how customer preference have evolved)). The Federal Circuit has previously approved of Apple's request to seal market research documents that contain a similar level of detail regarding the accused Apple products. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 727 F.3d 1214, 1226-28 (Fed. Cir. 2013) (approving the sealing of market research documents).

5.     The portions highlighted in yellow of Exhibit 1 to the Selwyn Declaration on pages 66, 72-73, 81, 98, 100, A-14, A-15, A-16, A-17, A-18, and Schedule 10.6-3T, Exhibit 3 to the Selwyn Declaration on pages 79, 96, and Schedule 10.1-NT, and Exhibit 4 to the Selwyn Declaration on pages 91-92 contain highly confidential financial information regarding the retail and wholesale pricing, average sales price, sales quantity, and profitability for Apple's iPhone. These highlighted portions of Exhibits 1, 3, and 4 contain proprietary Apple information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Jim Bean in Support of Apple's Motion to Seal Trial Exhibits (Dkt. No. 1495-2 at 1-3 ) (explaining that Apple's financial information is immensely valuable and disclosed only on a need to know basis within Apple to a small list of individuals because maintaining the confidentiality of Apple's financial data "allows Apple to remain competitive in an opaque and fast-moving marketplace"). The Federal Circuit has previously approved of Apple's request to similar financial information. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case

1   Nos. 2012-1600, 2012-1606, 2013-1146, 727 F.3d 1214, 1224-26 (Fed. Cir. Aug. 23, 2013)

2   (approving sealing of detailed product-specific financial information).

3       6.    The relief requested by Apple is necessary and narrowly tailored to protect its

4   confidential business information.

5       7.    The portions highlighted in green of Apple's Motion to Strike on page 3, and

6   portions of Exhibit 1 to the Selwyn Declaration on pages 7. 66-73, 100, and Schedules 15.1-3T,

7   15.3-3T, 15.4-3T, and 15.5-3T, Exhibit 3 to the Selwyn Declaration on page 79 and Schedule

8   15.2-NT, and Exhibit 4 to the Selwyn Declaration on pages 91-92, 197, 199, and Schedule 15.2,

9   have been redacted because they may contain information that Samsung considers confidential.

10  Apple expects that Samsung will file the required supporting declarations in accordance with the

11  Civil Local Rule 79-5(e) as necessary in order to confirm whether its information should be

12  sealed.

13      I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th

14  day of December, 2015 at Palo Alto, California.

*/s/* Mark D. Selwyn
Mark D. Selwyn

- 4 -
Declaration of Mark D. Selwyn in Support of Apple Inc.'s
Administrative Motion to File Documents Under Seal
Case No. 11-cv-01846-LHK (PSG)