QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION TO STRIKE PORTIONS OF THE NOVEMBER 6, 2015 EXPERT REPORT OF JULIE L. DAVIS**<br><br>**Date**: February 11, 2016<br>**Time**: 1:30 p.m.<br>**Place**: Courtroom 8, 4th Floor<br>**Judge**: Hon. Lucy H. Koh |

PLEASE TAKE NOTICE that on February 11, 2016, at 1:30 p.m., or as soon as the matter may be heard by the Honorable Lucy H. Koh in Courtroom 8, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") shall and hereby do move pursuant to the Court's September 18, 2015 and December 10, 2015 Case Management Orders for an order striking portions of the November 6, 2015 Expert Report of Julie L. Davis, CPA.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the Declaration of Scott B. Kidman and exhibits thereto; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

An order striking certain paragraphs, exhibits, and the corresponding portions of the November 6, 2015 Expert Report of Julie L. Davis, CPA.

**STATEMENT OF ISSUES**

Whether the November 6, 2015 Expert Report of Julie L. Davis, CPA includes new theories, new methodologies, new data, material previously stricken by the Court, and an unsupported and unreliable opinion.

DATED: December 18, 2015

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Victoria F. Maroulis
Attorney for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

**INTRODUCTION**

In her November 6, 2015 report, Ms. Davis relies on unsubstantiated speculation about Apple's capacity to have made sales that were made by Samsung to support her opinion on lost profits. This speculative capacity analysis should be excluded. Furthermore, despite the Court's clear instructions, Dkt. 3272, Ms. Davis's report includes new calculations and schedules as well as opinions that have already been excluded by the Court. These calculations, schedules and opinions should be excluded as well.

I.   **MS. DAVIS'S OPINION ON APPLE'S CAPACITY IS SPECULATIVE**

In order to be deemed reliable, expert testimony must be based on sufficient facts or data, and it must be the product of reliable principles and methods that are properly applied. *See* Fed. R. Evid. 702; *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert testimony . . . not include unsubstantiated speculation and subjective beliefs.") The proponent of the expert testimony must prove that the elements of Rule 702 have been met. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993) (citing Fed. R. Evid. 104(a)). Rule 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597, 589; *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999).

Ms. Davis's opinions on capacity are insufficient because she provides no evidence that Apple had additional capacity to make additional iPhones available for Verizon, but instead relies on unsupported speculation. In her report, Ms. Davis concludes that Apple had the capacity to produce the additional iPhones necessary to capture the sales it lost to Samsung. Kidman Decl. Ex A, Davis Rpt. at 46. Ms. Davis relies entirely on discussions with Apple's employees and a report prepared by Apple. *Id*. at 46-47. However, Ms. Davis admitted at deposition that the data provided by Apple did not break down Apple's capacity to market and manufacture iPhones ***by carrier***. "The data I have relates to capacity for any type of iPhone. It does not identify specific carriers." Kidman Decl. Ex C, December 2, 2015 Davis Depo. 515:18-20. Ms. Davis further testified that she did not ask Apple for a breakdown of capacity by carrier. *Id*. at 515:21-23.

Whether Apple had additional Verizon iPhone capacity during the damages period is

critical for the third trial because none of the Samsung phones at issue were being sold on AT&T, and the majority of Apple's claims for lost profits are based on sales of Samsung's Fascinate, a phone that was only sold on Verizon. Kidman Decl. Ex A, Davis Rpt., Ex. 10-R. Furthermore, iPhones being sold for use on AT&T's GSM network at the time were incompatible with iPhones being sold for use on Verizon's CDMA network. *See* Kidman Decl., Ex. D.

Ms. Davis admits that the consumer's choice of carrier plays a large part in determining whether lost profits are available; specifically, in her *Mor-Flo* analysis she opines that 74% of consumers were unwilling to change carriers when purchasing a smartphone. Kidman Decl. Ex. A, Davis Rpt. at 49-50. Accordingly, if Apple seeks lost profits on a sale where a customer would need to switch carriers to purchase an iPhone instead of a Samsung phone, Ms. Davis concedes that 74% of customers would not make that switch and Apple would not have made those sales. However, in her opinion on lost profits for the Fascinate, Ms. Davis does not apply the 74% reduction in Apple's sales to account for the need to switch to AT&T to purchase an iPhone. *See* Kidman Decl. Ex A, Davis Ex. 20-R (the carrier apportionment was only applied when Apple did not sell an iPhone on the same carrier during the damages period.). Instead, she speculates that Apple had the capacity to make those Verizon iPhone sales, despite the fact that Apple failed to provide her any information showing that Apple had such capacity. Moreover, Apple's public admissions and news articles indicate that it was unable to keep up with demand for Verizon iPhones, and it could not predict when it would be able to meet demand. *See* Kidman Decl., Exs. G & F. Since Ms. Davis did not have any information showing whether or when Apple solved its lack of capacity for the Verizon iPhone, her capacity analysis relies on speculation and is not reliable. It should be excluded.

## II. MS. DAVIS'S NEW CALCULATIONS SHOULD BE STRICKEN

### A. Ms. Davis's New *Mor-Flo* Calculations Should Be Stricken

As part of her opinion regarding lost profits for the '915 patent, Ms. Davis's report for the third trial contains a new *Mor-Flo* calculation. Ms. Davis's new calculation purports to show Apple's market share if the Replenish and the Galaxy Ace are considered non-infringing alternatives. There is no dispute that this calculation is new. Ms. Davis admits as much in her

report. Kidman Decl. Ex A, Davis Rpt. at 33, 50. Because the calculation is new, it should be stricken, as it violates the clear instructions set out by the Court. *See* Dkt. 3272 ("The Court will not permit the parties to expand the scope of the damages retrial and will not allow the parties to rely on new sales data, new products, new methodologies or new theories.")

In addition, Ms. Davis's decision to prepare an alternative calculation considering the Replenish and Galaxy Ace as non-infringing alternatives to the '915 patent is arbitrary. Apple did not even accuse the Galaxy S Showcase, a phone at issue in the third trial, of infringing the '915 patent, *see* Dkt. 1931 at 3, but Ms. Davis arbitrarily chose not to include that phone as a non-infringing alternative. Ms. Davis states that she considered both the Replenish and the Galaxy Ace as non-infringing alternatives because the Court had ruled that these two phones were non-infringing alternatives to the '915 patent even though the jury had found these two phones to infringe other of Apple's utility patents. Kidman Decl. Ex A, Davis Report at 33. However, the Court's determination that the Replenish and Galaxy Ace were non-infringing alternatives was based on the phones that were at issue at the second trial, and was not an exhaustive list of Samsung's accused phones that did not infringe the '915 patent. Allowing Ms. Davis to present her new calculation would be prejudicial to Samsung and it should be excluded.

### B. Ms. Davis's New Schedules Showing a Breakdown of Damages by Patent and Product Should Be Stricken

Ms. Davis improperly includes in her report a series of new schedules that contain new calculations that purport to breakdown her opinion of Apple's damages by product and by patent. Kidman Decl. Exs. A & B, Davis Exs. 17.5-R, 17.5-R1, 17.5-R-A, 17.5-R1-A, 17.6-R, 17.6-R1, 17.6-R-A, 17.6-R1-A, 18.4-R, 18.5-R, 19.2-R, 19.2-R1, 19.2-R-A, and 19.2-R1-A. These calculations were not included in Mr. Musika's report, nor were they included in Ms. Davis's report for the second trial. Because these schedules contain new calculations and represent a new methodology for the presentation of Ms. Davis's damages opinion, they should be excluded.

Ms. Davis claims to have included these new schedules in her report in response to the Court's stated intention to use a verdict form that includes a breakdown of damages by product and by patent. Kidman Decl. Ex A, Davis Rpt. at 34. However, the Court's statement was limited

to the use of a new verdict form for the jury,[1] not a direction to the experts to include new material in their expert reports. *See* Dkt. 3291, 09/18/2015 Tr. at 24. Rather, the Court's orders regarding expert reports have repeatedly forbidden the inclusion of new methodologies and calculations.[2]

In addition to being new, these schedules are misleading in two different ways. First, Ms. Davis makes it appear that the damages for the three design patents are separate and distinct, when, in fact, Ms. Davis's opinion is that Apple should receive Samsung's total profits for the infringement of any one of the design patents, but not for more than one. Disgorgement of Samsung's profits as design patent damages may only be awarded for one design patent for any given time period, because allowing Apple to recover Samsung's total profits more than once would be an impermissible double recovery. Yet, in her new schedules Ms. Davis sets out damages for the D'677 patent in its own column, and in the next column, Ms. Davis sets out damages for the "D'305 & D'087" patents. This is highly misleading because, as Ms. Davis admitted at her deposition, damages for the D'677 do not end when damages for the D'305 and D'087 begin, but instead "overlap." Kidman Decl. Ex C, Davis December 2, 2015 Depo. 523:1-8. Furthermore, Ms. Davis's use of the "D'305 & D'087" heading suggests that the damages Apple seeks are a combination of damages for those two patents, rather than (as is in fact the case) damages for either the D'677, or the D'305, or the D'087 for the products that were found to infringe each of those patents. The misleading nature of her damages opinion for the design patents is only highlighted when it is compared to the way she presents her proposed damages for the utility patents. For the utility patents, Ms. Davis wrote "[n]o double recovery" to indicate that she was not double counting damages. *See, e.g.,* Kidman Decl. Ex. A, Davis Ex. 17.5-R. However, she did not do that for the design patents, instead making it look like the damages awards are separate for the different patents. Ms. Davis's new schedules are prejudicial as they make it appear that Apple's claim for damages for each design patent is smaller than it actually is.

Second, these new schedules are misleading because they combine the damages for the

---

[1] Under the Court's Pretrial Standing Order, the parties will not provide proposed verdict forms until February 25, 2016.

[2] See Dkt. 2316, 2575, 2654, 3272.

1  D'305 and D'087 together in one column, with the heading "D'305 & D'087," making it appear
2  as though each of the listed phones was found to infringe both the D'305 and D'087 patents. But
3  that is not the case; rather the Fascinate, Mesmerize and Galaxy S Showcase did not infringe the
4  D'087 patent. Dkt. 1931 at 6. Therefore, the Court should strike Ms. Davis's new schedules
5  because they represent new methodologies and new calculations and because they are misleading.

### III. MATERIAL THAT WAS PREVIOUSLY EXCLUDED FROM MS. DAVIS'S REPORT SHOULD BE EXCLUDED AGAIN

In her August 2013 report, Ms. Davis improperly included a new analysis, comparing her calculations of Samsung's incremental profit and gross profit margins. Dkt. 2386-02 at 73, ¶163. This was an opinion that Mr. Musika had not provided in his report; rather Mr. Musika compared calculations of Samsung's incremental profit margin to *operating profit margin*, not gross profit margin. Dkt. 2386-03 at 18, ¶40. The Court granted Samsung's motion to strike Ms. Davis's new opinion, along with other new, per-product incremental profit calculations.[3] Ms. Davis's 2015 report again includes her improper, new opinion comparing incremental profit margin to the gross profit margin, Kidman Decl. Ex A, Davis Rpt. at 67, ¶163, and as this sentence was previously stricken, it should be stricken again. Likewise, the Court previously excluded Ms. Davis from presenting "testimony related to the history of Samsung's production of financial data" and ordered that discussion be removed from her August 2013 report. Dkt. 2575 at 7. This discussion should similarly be stricken from paragraphs 146-155 of Ms. Davis's 2015 report.

---

[3] Along with its original Motion to Strike (Dkt. 2386), Samsung filed with the Court a version of Ms. Davis's 2013 report that highlighted all of the portions which Samsung sought to strike. Dkt. 2386-02. The Court ruled for Samsung, finding that "Samsung's highlighted objections to Davis's Report are adequately supported, and thus the Court's rulings on Samsung's Motion to Strike apply to all objections identified in the highlighted version of Davis's Report, not solely to those portions of the Report expressly discussed in the body of Samsung's Motion to Strike." Dkt. 2575 at 10. In the event that the Court determines that this sentence was not already stricken, it should be stricken now as it is a new theory that was not presented by Mr. Musika.

1  DATED: December 18, 2015   QUINN EMANUEL URQUHART & SULLIVAN, LLP

       By /s/ *Victoria F. Maroulis*
       Charles K. Verhoeven
       Kevin P.B. Johnson
       Victoria F. Maroulis
       William C. Price
       Michael T. Zeller

       Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC