HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff and Counterclaim-Defendant,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants and Counterclaim Plaintiffs. | Case No. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF MARK D. SELWYN IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (DKT. NO. 3336)** |

I, Mark D. Selwyn, hereby declare as follows:

1. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-referenced litigation. I am licensed to practice law in the State of California, the Commonwealth of Massachusetts, and the State of New York, and am admitted to practice before the U.S. District Court for the Northern District of California. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts under oath.

2. Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") has filed an Administrative Motion to File Under Seal (*see* Dkt. No. 3336), which seeks to seals portions of Exhibits A and B to the Declaration of Scott Kidman (Dkt. No. 3335-1 (declaration); Dkt. Nos. 3336-2 & 3336-3 (unredacted versions of Exhibits A and B)). Apple concurs that portions of Exhibits A (the November 6, 2015 updated expert report of Ms. Julie Davis) and B (corrected exhibits to Ms. Davis's November 6, 2015 report) should be sealed, as discussed herein.

3. The Court previously sealed the same (or equivalent) information in Ms. Davis's prior report as Apple seeks to seal in Exhibits A and B. (*See* Dkt. No. 2575, at 15-17; *see also* Dkt. No. 2607-3 (redacted version of Ms. Davis's prior report).) Apple also seeks to seal information that the Court ordered sealed during trial of the 12-cv-630 matter between the parties. *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 12-CV-630 (N.D. Cal.) (Dkt. No. 1626 at 2-3 & Dkt. No. 1854 at 3).

4. The following portions of Exhibit A contain confidential licensing information, including the provisions, financial terms, and structure of Apple's license agreements with IBM and Nokia: page 73 (paragraph 182, lines 12-13, 15-17), page 74 (paragraph 182, lines 1-3 and paragraph 183, lines 6-14), page 75 (paragraph 183, lines 1-2 and paragraph 185, lines 11-20), and Exhibit 40-R. Public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Boris Teksler, Apple's then-Director of Patent Licensing and Strategy. *Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 12-CV-630 (N.D. Cal.) (Dkt.

No. 442-4 at ¶¶ 2-4 (explaining that Apple's licensing agreements are subject to strict confidentiality provisions and that the revelation of the terms of the agreements would give companies an unfair negotiating advantage over Apple)).  The Court has previously granted Apple's request to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements because they fall within the definition of "trade secrets."  (*See, e.g.*, Dkt. No. 1649 at 10-11 (*citing In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008).)

5.     The following portions of Exhibit A contain detailed IDC information:  page 19 (paragraph 46, lines 6-12), page 21 (paragraph 50, lines 7-8), page 54 (paragraph 128B, lines 7-9), Exhibit 11.1, Exhibit 12, Exhibit 12.1, and Exhibit 13.1.  These portions contain proprietary IDC information, which Apple is contractually obligated to keep confidential.  Disclosure of this information would severely harm IDC and damage Apple's relationship with them.  IDC sells the reports containing this information, and public disclosure would supplant the market for those reports.  (*See* Dkt. No. 2392 ¶ 9.)  This Court has previously sealed this information.  (*See* Dkt. No. 2575, at 15-17 (sealing equivalent information in Ms. Davis's previous report).)

6.     The following portions of Exhibits A and B contains detailed capacity information:  **Exhibit A** at page 48 (paragraph 116, lines 8-9 and 12-13), Exhibit 17.2-R, Exhibit 20-R, Exhibit 26-S, and Exhibit 17.2-R-A; **Exhibit B** at Exhibit 17.2-R1, Exhibit 17.2-R1-A, Workpaper 17.5-R1, Workpaper 17.6-R1, Workpaper 17.7-R1, Workpaper 17.8-R1, Workpaper 19.2-R1, Workpaper 17.5-R1-A, Workpaper 17.6-R1-A, Workpaper 17.7-R1-A, Workpaper 17.8-R1-A, and Workpaper 19.2-R1-A.  The harm to Apple if its capacity information were to be unsealed is detailed in multiple declarations previously filed by Apple, including the Declarations of Mark Buckley, dated July 27, 2012 (Dkt. No. 1415), April 8, 2013 (*Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 12-CV-630 (N.D. Cal.) (Dkt. No. 442-1&-2)), July 15, 2013 (*Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 12-CV-630 (N.D. Cal.) (Dkt. No. 685-1)), and the declaration of Jim Bean in Support of Apple's Motion to Seal Trial Exhibits (Dkt. No. 1495-2) (supporting sealing capacity information).  As Mr. Buckley and Mr. Bean explained, if competitors gained access to Apple's capacity data, they would learn when Apple is stretched

1  thinly and when it has excess capacity, and could alter their production timing accordingly.

2  (Dkt. No. 1415 at 1-2; 1495-2 at 2-3.)  The Court has previously granted Apple's request to seal

3  documents that contain capacity information that contain a similar level of detail regarding the

4  accused Apple products.  (*See, e.g.*, Dkt. No. 1649 at 3-5 (granting Apple's request to seal

5  production capacity information).)

6        7.     The following portions of Exhibits A and B contain highly confidential financial

7  information regarding the sales and profitability for Apple's iPhone: **Exhibit A** at page 33

8  (paragraph 94A, lines 18-19), page 37 (paragraph 94H, line 19), page 46 (paragraph 111, line 9),

9  page 53 (paragraph 128, line 9), page 91 (paragraph 224, lines 6-9), Exhibit 17-R, Exhibit 17.1-

10  R, Exhibit 17.2-R, Exhibit 19-R, Exhibit 20-R, Exhibit 22, Exhibit 26-S, Exhibit 32-S2, Exhibit

11  33-S2, Exhibit 34, Exhibit 35, Exhibit 41.3-S, Exhibit 17-R-A, Exhibit 17.1-R-A, Exhibit 17.2-

12  R-A, and Exhibit 19-R-A; **Exhibit B** at Exhibit 17-R1, Exhibit 17.1-R1, Exhibit 17.2-R1,

13  Exhibit 19-R1, Exhibit 17-R1-A, Exhibit 17.1-R1-A, Exhibit 17.2-R1-A, Exhibit 19-R1-A,

14  Workpaper 17.5-R1, Workpaper 17.7-R1, Workpaper 17.5-R1-A, Workpaper 17.8-R1-A, and

15  Workpaper 19.2-R1-A.  These portions contain proprietary Apple information and the public

16  disclosure of this information would be harmful to Apple for similar reasons as stated in the

17  Declaration of Jim Bean in Support of Apple's Motion to Seal Trial Exhibits (Dkt. No. 1495-2 at

18  1-3) (explaining that Apple's financial information is immensely valuable and disclosed only on

19  a need to know basis within Apple to a small list of individuals because maintaining the

20  confidentiality of Apple's financial data "allows Apple to remain competitive in an opaque and

21  fast-moving marketplace").  The Federal Circuit has previously approved of Apple's request to

22  similar financial information.  *See, e.g.*, *Apple*, 727 F.3d at 1224-26  (approving sealing of

23  detailed product-specific financial information).  These portions also contain financial

24  information that could be used to determine Apple's per-unit profits and manufacturing capacity,

25  which the Court has previously sealed in the 12-cv-630 matter between the parties.  *See Apple,*

26  *Inc. v. Samsung Electronics Co., Ltd.*, No. 12-CV-630 (N.D. Cal.) (Dkt. No. 1626 at 2-3 (sealing

27  portions of PX 222A, PX 223A and PDX 92.26, PDX 92.27, PDX 92.34, PDX 92.39, PDX

28

1  92.58, PDX 92.59, PDX 92.64, PDX 92.70-.73, PDX 92.79, and PDX 92.82) & Dkt. No. 1854 at
2  3 (sealing financial information in closing slides)).

3        8.    Apple has served on Samsung copies of Exhibits A and B that contain highlights
4  showing the portions that Apple seeks to seal.

5        9.    The relief requested by Apple is necessary and narrowly tailored to protect its
6  confidential business information.

7      I declare under penalty of perjury that the foregoing is true and correct to the best of my
8  knowledge and belief.  Executed this 22nd day of December, 2015 at Palo Alto, California.

                                               */s/* Mark D. Selwyn
                                               Mark D. Selwyn

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on December 22, 2015 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

>    */s/* Mark D. Selwyn
>    Mark D. Selwyn

- 6 -
Declaration of Mark D. Selwyn in Support of Samsung's
Administrative Motion to File Documents Under Seal (Dkt. No. 3336)
Case No. 11-cv-01846-LHK (PSG)