HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**DECLARATION OF JULIE L. DAVIS, CPA, IN SUPPORT OF APPLE'S MOTION FOR SUPPLEMENTAL DAMAGES AND PREJUDGMENT INTEREST** |

DECLARATION OF JULIE DAVIS ISO APPLE MOT FOR SUPPLEMENTAL DAMAGES
CASE NO. 11-CV-01846-LHK
sd-673602

I, Julie L. Davis, CPA, hereby declare as follows:

1. I am a Principal at Davis & Hosfield Consulting LLC, located at 20 North Wacker Drive, Suite 2150, Chicago, Illinois 60606. I have been retained by Apple Inc. to serve as a damages expert in the above-captioned matter. I have been providing audit and financial consulting services to attorneys and corporate clients for over thirty-seven years, and have worked on at least 300 intellectual property disputes over the course of my career.

2. Through my work on behalf of Apple, I have acquired personal knowledge of the matters stated herein. I submit this declaration in support of Apple's motion for supplemental damages and prejudgment interest. For the purposes of this declaration, and as with my other work for Apple in this matter, I have been assisted by professionals from Stout Risius Ross ("SRR"). I have discussed with SRR personnel their work and procedures to ensure that they were consistent with my directions and that the work product was prepared in accordance with the high professional standard to which I hold my own staff.

3. I have prepared this declaration to calculate the supplemental damages and prejudgment interest that Samsung owes Apple in Case No. 11-CV-01846. I summarize these amounts in **Exhibit 1**. As shown there, supplemental damages are $178,659,870. Prejudgment interest on the supplemental damages is $1,192,490 through the date of the hearing on Apple's motion for supplemental damages (March 24, 2016).

**Supplemental Damages**

4. The Court previously addressed how supplemental damages should be calculated. In its March 1 Order re Damages, the Court instructed that the jury verdict for the relevant products for which supplemental damages are sought should be converted to a per-unit amount on a product-by-product basis, and the resulting figures should be multiplied by Samsung's actual sales of each product beginning on August 25, 2012 – the day after the verdict at the first trial. (March 1 Order re Damages, Dkt. 2271 at 5-6.) Specifically, the Court stated, "It would be more appropriate to determine the per-sale amount on a product-by-product basis, and use that per-sale amount to determine the supplemental damages amount for each product that has

remained on the market for any post-verdict period. Because the jury returned an award for each product separately, the Court can simply divide the jury award for each product by that product's number of sales to calculate this per-product amount." (*Id.* at 5.)

5. The August 24, 2012 and November 21, 2013 jury verdicts include per-product damages awards on the verdict forms.

6. JX1500 and JX1500A2 provide a statement of the number of units of the infringing products included in the verdicts.

7. Using this information, I calculated the per-unit amounts to be used for supplemental damages on a product-by-product basis for the five products that Samsung sold after August 24, 2012 on which Apple seeks supplemental damages. The calculations supporting these figures are included in **Exhibit 2.1**.

8. I next multiplied the per-unit amounts by sales beginning on August 25, 2012, the day after the jury's verdict and the starting date for supplemental damages in this case pursuant to the March 1 Order re Damages. Samsung provided unit sales in a statement that it produced on September 30, 2015, which provided monthly sales numbers beginning on August 25, 2012 for each of the five products on which Apple seeks supplemental damages. I understand from counsel that Apple believes that all the sales included in the September 30, 2015 statement are subject to a calculation of supplemental damages. Based on this instruction, I included the relevant unit sales from the September 30, 2015 statement in the table at the top of **Exhibit 2**.

9. In the table at the bottom of **Exhibit 2**, I have applied the Court's methods as stated in its March 1 Order to calculate supplemental damages from August 25, 2012 through January 2015, the last month reflecting sales information for one of the five products at issue. The table at the bottom of **Exhibit 2** provides a complete statement of all supplemental damages owed by Samsung.

10. As shown on **Exhibit 2** and **Exhibit 1**, the total supplemental damages that Samsung owes Apple are $178,659,870.

**Prejudgment Interest**

11. The Court previously concluded that prejudgment interest should be calculated using the United States 52-week T-Bill rate. (March 1 Order re Damages, Dkt. 2271 at 7-8.)

12. I have accordingly calculated the prejudgment interest that Samsung owes Apple on the supplemental damages award through the date of the hearing on Apple's supplemental damages motion (currently scheduled for March 24, 2016 – *see* December 10, 2015 Case Management Order, Dkt. 3329 at 1), with a per diem amount thereafter. I compounded interest on January 1 of each year by adding accrued interest from the prior year to the relevant damages base as of that time, consistent with the compounding methodology submitted in the Declaration of Marylee Robinson dated September 21, 2012. (Dkt. 1982-71 ¶ 18.) As reflected on **Exhibits 1 and 4,** Apple is entitled to $1,192,490 in prejudgment interest through the date of the hearing on Apple's motion for supplemental damages (March 24, 2016), and $2,363 each day thereafter.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed this 22nd day of December 2015, at Santa Barbara, California.

*/s/ Julie L. Davis*
JULIE L. DAVIS