| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) hmcelhinny@mofo.com | WILLIAM F. LEE (*pro hac vice*) william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) mjacobs@mofo.com | WILMER CUTLER PICKERING   HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) rkrevans@mofo.com | 60 State Street Boston, Massachusetts  02109 |
| ERIK J. OLSON (CA SBN 175815) ejolson@mofo.com | Telephone:  (617) 526-6000 Facsimile:  (617) 526-5000 |
| MORRISON & FOERSTER LLP 425 Market Street | |
| San Francisco, California  94105-2482 Telephone:  (415) 268-7000 | MARK D. SELWYN (CA SBN 244180) mark.selwyn@wilmerhale.com |
| Facsimile:  (415) 268-7522 | WILMER CUTLER PICKERING   HALE AND DORR LLP |
| | 950 Page Mill Road Palo Alto, California  94304 |
| | Telephone:  (650) 858-6000 Facsimile:  (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, Plaintiff and Counterclaim-Defendant, vs. SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, Defendants and Counterclaim Plaintiffs. | Case No. 11-cv-01846-LHK (PSG) **APPLE INC.'S NOTICE AND MOTION TO STRIKE PORTIONS OF MICHAEL WAGNER'S NOVEMBER 6, 2015 REBUTTAL REPORT** Date:     February 11, 2016 Time:     1:30pm Place:    Courtroom 8, 4th Floor Judge:    Hon. Lucy H. Koh |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 11, 2016, at 1:30pm, in Courtroom 8, U.S. District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113, Apple Inc. ("Apple") shall and hereby does move, pursuant to Federal Rule of Civil Procedure 37(c)(1) and the Court's September 18, 2015 and December 10, 2015 Case Management Orders, to strike portions of the November 6, 2015 Rebuttal Report of Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC's (collectively, "Samsung") damages expert, Michael Wagner.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the Declaration of Mark D. Selwyn ("Selwyn Decl.") and exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

Dated: December 18, 2015

WILMER CUTLER PICKERING
  HALE AND DORR LLP

*/s/* Mark D. Selwyn                          _
Mark D. Selwyn (SBN 244180)
mark.selwyn@wilmerhale.com
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorney for Plaintiff and
Counterclaim-Defendant Apple Inc.*

This Court has ordered that the parties may not "expand the scope of the damages retrial" and that it "will not allow the parties to rely on new sales data, new products, new methodologies or new theories." (Dkt. 3272 at 2.) The November 6, 2015 rebuttal report of Samsung's damages expert Michael Wagner report introduces new methodologies, theories, and data, and offers opinions that the Court has stricken from his previous reports. Accordingly, the Court should strike the following seven portions of Mr. Wagner's report.[1]

### 1. The Court Should Strike Mr. Wagner's Previously-Excluded Reasonable Royalty Calculation Based On Per-Icon Re-Design Cost.

In October 2013, the Court struck an opinion from Mr. Wagner's August 2013 report that a reasonable royalty for the D'305 patent could be calculated by multiplying (1) the cost to re-design each icon by (2) the number of infringing icons at issue. (*See* Dkt. 2575.) In doing so, the Court determined that "previously unperformed calculations are 'new' for the purposes of this retrial, irrespective of whether the underlying data needed to perform those calculations was available at the first trial." (*Id*. at 12-13.)

Mr. Wagner now attempts to resurrect his stricken opinion in a summary chart titled "Reasonable Royalty" containing (1) the number of "Icons to Re-Design for D'305 Patent" (251 icons) and (2) "Design Around Cost for Designing a New Icon" ($420 per icon). (Ex. 1 at 7.) When deposed, Mr. Wagner acknowledged that he intends for the jury to use the summary chart to perform for themselves the stricken calculation, and that by providing the jury the data to perform the multiplication, but not the result of the multiplication, he was attempting to sidestep the Court's order. (Ex. 2, 12/3/15 Wagner Dep., at 1035:25-1036:8 ("Q. Would the data on this chart on page 7 of your report enable the jury to calculate the total cost to design around the D305 by product?  A. I believe it does.  Q. Can you explain how?  A. That they could just take the $420 and multiply it by 251 and add $1,152, and they could get the total design-around cost for the D305 patent for the five products in suit."), 1036:25-1037:7 ("Q. Is there any reason that

---

[1] A copy of relevant excerpts of Mr. Wagner's November 6, 2015 Rebuttal Report is attached as Exhibit 1 to the Declaration of Mark D. Selwyn filed herewith. The portions Apple asks the Court to strike are indicated with red boxes.

you didn't include in your chart on page 7 what you have concluded to be the total cost to design around the D305 by-product?  A. Because I think that would be in violation of the judge's previous ruling that I could not give the total cost to design around all icons in the products at issue in this case.").)  Mr. Wagner should be limited to his original opinion and not permitted to revive a stricken theory by providing the inputs to the multiplication and encouraging the jury to do the multiplication.  Those portions (table on page 7, tables following ¶ 352 and ¶ 468 purporting to summarize the royalty for the D'305 patent, and ¶ 423 containing corresponding narrative) should be struck.

### 2.     The Court Should Strike Mr. Wagner's New Profitability Calculations Based On U.S. Standard Costs.

In his August 2013 report, Mr. Wagner criticized Apple's damages expert Julie Davis for calculating Apple's profits using worldwide average sales prices, suggesting that doing so overstated the profitability of products sold in the U.S. and included a specific schedule that calculated the alleged overstatement.  (Ex. 3 ¶ 229 & Schedule 10.1-NT.)  Mr. Wagner includes this calculation in his November 2015 report, but adds a new calculation, drawn from a new schedule.  Specifically, Mr. Wagner adds that, when calculated in a new manner using U.S. standard costs, Ms. Davis's methodology overstates the profitability by 10%.  (Ex. 1 ¶ 190 & Schedule 10.6-3T.)  None of the comparison, the calculation, or Schedule 10.6-3T appeared in any prior report.  At his deposition, Mr. Wagner admitted this was a new calculation not contained in his earlier report even though it was based on information previously available to him in April 2012.  (Ex. 2, 12/3/15 Wagner Dep., at 1040:18-1041:2 ("Q. Do paragraphs 190 through 192 of your November 6, 2015 report reflect any changes from the analysis appearing in paragraphs 229 through 231 of your August 26, 2013 report? A. Yes.  Q. What are they? A. It includes some additional calculations that also use U.S. standard costs instead of worldwide costs to determine the overstatement of incremental profitability."); *id.* at 1041:3-1044:17.)  This new opinion based on calculations using Apple's U.S. standard costs (contained in the final sentence of ¶ 190, the final sentence of ¶ 192, and Schedule 10.6-3T) should be struck.

### 3. The Court Should Strike Mr. Wagner's New Opinion On Price Elasticity And Market Segmentation.

In prior reports, Mr. Wagner criticized Apple's damages calculation on the ground that the average selling price of Samsung's products was less than ▮ per unit, and therefore Samsung's products were allegedly part of a different market segment than the iPhone. (Ex. 4 ¶ 200 & Schedule 15.2; Ex. 3 ¶ 192 & Schedule 15.2-NT.) His analysis was the same in circumstances when the five remand products were present (his 2012 report) or absent (his 2013 report). In his present report, Mr. Wagner changed the opinion, the analysis, and the calculation. Whereas he previously divided the market based on a ▮ average selling price, he now claims that the market should be divided based on a ▮ average selling price. (Ex. 1 ¶ 163 & Schedules 15.1-3T to 15.5-3T.)

Mr. Wagner could have included this new opinion in his original report in April 2012. No change in circumstances justifies this new theory. Mr. Wagner's price elasticity and market segmentation analysis based on an average selling price less than ▮ (in ¶¶ 157-171 and the cited schedules) is a new opinion based on previously-available information, and should be struck.

### 4. The Court Should Strike Mr. Wagner's New Description Of Non-Infringing Alternatives For The D'087 Patent.

In his April 2012 report, Mr. Wagner provided an opinion regarding non-infringing alternatives for the asserted design patents. (Ex. 4 ¶¶ 475-488.) In particular, Mr. Wagner opined that non-infringing alternatives for each asserted design patent could include: (a) Samsung smartphones not accused of infringing that particular design patent, but accused of infringing others; (b) Samsung smartphones not accused of infringing any asserted design patent; and (c) "other smartphones in the marketplace" from other vendors that Apple had not accused of infringing its design patents. (*Id*. ¶¶ 476-479.) Nowhere in that first report did Mr. Wagner offer the opinion that products accused of infringing the D'087 patent, if found not to infringe, would be non-infringing alternatives to products that did infringe the D'087 patent. However, Mr. Wagner adds such an opinion to his November 2015 report, in which he asserts that the five

1  smartphones found by the jury not to infringe the D'087 patent all could serve as non-infringing
2  alternatives—a new theory altogether. (*See* Ex. 1 ¶¶ 416, 429-431.) Further, as Mr. Wagner
3  acknowledges, the Samsung products he identifies as non-infringing alternatives were found by
4  the jury to infringe the D'677 patent. (Ex. 2, 12/03/15 Wagner Dep., at 1017:15-1018:18.)
5  Under recent precedent, these "alternatives" are not "available." *See Astrazeneca AB v. Apotex*
6  *Corp.*, 782 F.3d 1324, 1340 (Fed. Cir. 2015) (affirming finding that asserted non-infringing
7  alternative was not "available" where covered by other patents). Mr. Wagner's new theories
8  regarding non-infringing alternatives (in ¶¶ 416, 429-431 and Figure 37) should thus be struck.

### 5. The Court Should Strike Mr. Wagner's Use Of Previously-Uncited Product Reviews.

In his November 2015 report, Mr. Wagner quotes several product reviews regarding four infringing Samsung products. (Ex. 1 ¶ 172.) These reviews were not cited or relied upon in his previous reports. Indeed, Mr. Wagner's report indicates that he did not access these websites until October 26, 2015. (*Id.* at nn. 377-380.) These product reviews (including the quotes at ¶ 172 of his report) are new data, and Mr. Wagner's reliance on them should be struck.

### 6. The Court Should Strike From Mr. Wagner's Report All Discussion Of Other Previously-Excluded Opinions.

The Court's October 22, 2013 order granted Apple's motion to strike portions of Mr. Wagner's August 2013 report that were based on post-trial evidence (*i.e.*, evidence arising after the first trial, but before the first retrial), including opinions regarding the November 2012 Apple/HTC settlement agreement and reexaminations of the patents-in-suit. (Dkt. 2575 at 11-12.) However, Mr. Wagner's November 2015 report refers to both. (Ex. 1 ¶¶ 239-240, 249, 271-287, 356, 357, 361, 465, Fig. 38 (Apple/HTC agreement); *id.* at nn. 401, 751 ('915 patent reexam).) For the Apple/HTC agreement, Mr. Wagner asserts that the opinions are only included in case Apple "opens the door." (*Id.* at n. 464.) But Mr. Wagner conceded at his deposition that nothing in Ms. Davis's report opened the door. (Ex. 2, 12/3/15 Wagner Dep., at 1024:18-22, 1025:5-8.) For the '915 reexamination, Mr. Wagner conceded it is not relevant to

1. his damages calculation.  (*Id*. at 1028:8-15.)  Therefore, Mr. Wagner's discussion of the
2. Apple/HTC agreement and '915 patent reexamination should be struck, as they were previously.
3.       Mr. Wagner's November 2015 report also includes a 19-page appendix that purports to
4. rebut opinions from Ms. Davis's prior report that were excluded.  (Ex. 1 at A-1.)  Mr. Wagner
5. acknowledged that these opinions are only "relevant if Ms. Davis does not abide by the Court's
6. orders."  (*Id*.)  At his deposition, Mr. Wagner could not identify any specific opinion previously
7. excluded by the Court that Ms. Davis was attempting to re-raise; he only testified that "some of
8. [the] information" from Ms. Davis's prior irreparable harm section was included in her
9. November 2015 report in other sections.  (Ex. 2, 12/3/15 Wagner Dep., at 1020:12-1021:2.)
10. Subsequently, counsel for Samsung asserted that Ms. Davis also included an improper opinion
11. on incremental profits in her November 2015 report.  (Ex. 5, 12/17/2015 Email from Mr.
12. Anderson to Mr. Olson.)  But as Ms. Davis explained in her November 2015 report, she removed
13. the versions of Exhibits 17 and 18 that calculate damages using Samsung's profits based on
14. Samsung's incremental profits.  (Ex. 6 at 34.)  Her remaining comments regarding incremental
15. profits (and Exhibit 50-S) are not new and were never struck.  Ms. Davis also removed her
16. discussion of irreparable harm but relocated certain facts from that discussion to other areas
17. where these same facts were previously incorporated by reference.  (*Id*.)  Ms. Davis has not
18. attempted to re-raise any excluded arguments, so Mr. Wagner's appendix is irrelevant and should
19. be struck.[2]

## CONCLUSION

21.       For the foregoing reasons, Apple respectfully requests that the Court strike the portions of
22. Michael Wagner's November 6, 2015 report discussed herein.

---

[2] Counsel for Samsung also conceded that Ms. Davis omitted her previous opinions that were discussed in paragraphs 2-22 of Mr. Wagner's appendix and stated that "accordingly . . . this resolved any need for motion practice on these paragraphs."  (Ex. 5.)  Apple understands this to mean that Mr. Wagner is withdrawing paragraphs 2-22 of his November 6, 2015 report, but should that not be the case, the Court should strike these paragraphs based on Samsung's concession.

Dated:  December 18, 2015

WILMER CUTLER PICKERING
  HALE AND DORR LLP

<u>*/s/* Mark D. Selwyn</u>
Mark D. Selwyn (SBN 244180)
mark.selwyn@wilmerhale.com
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorney for Plaintiff and*
*Counterclaim-Defendant Apple Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on December 18, 2015 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

>  */s/* Mark D. Selwyn
>  Mark D. Selwyn