QUINN EMANUEL URQUHART &
SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE JULY 2012 TRIAL**<br><br>**Date**:   March 3, 2016<br>**Time**:   1:30 p.m.<br>**Place**:   Courtroom 8, 4th Floor<br>**Judge**:  Hon. Lucy H. Koh |

1    PLEASE TAKE NOTICE that on March 3, 2016, at 1:30 p.m., or as soon as the matter

2  may be heard by the Honorable Lucy H. Koh in Courtroom 8, United States District Court for the

3  Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San

4  Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung

5  Telecommunications America, LLC (collectively, "Samsung") shall and hereby do move for an

6  order permitting Samsung to seek to introduce at the upcoming damages retrial certain evidence

7  created after the July 2012 trial.

8    This motion is based on this notice of motion and supporting memorandum of points and

9  authorities; the Declaration of Carl G. Anderson and exhibits thereto; and such other written or

10  oral argument as may be presented at or before the time this motion is taken under submission by

11  the Court.

12                                **RELIEF REQUESTED**

13    An order permitting Samsung to seek to introduce at the upcoming damages retrial certain

14  evidence created after the July 2012 trial.

15                                **STATEMENT OF ISSUES**

16    Whether Samsung may seek to introduce at the upcoming damages retrial certain evidence

17  created after the July 2012 trial.

18

19  DATED: January 20, 2016              QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
20

21                                          By */s/ Victoria F. Maroulis*
                                            Victoria F. Maroulis
22                                          Attorney for SAMSUNG ELECTRONICS CO.,
                                            LTD., SAMSUNG ELECTRONICS AMERICA,
23                                          INC., and SAMSUNG
                                            TELECOMMUNICATIONS AMERICA, LLC
24

25

26

27

28

SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE
JULY 2012 TRIAL

**INTRODUCTION**

This Court has ruled that it "will not permit the parties to expand the scope of the damages retrial."  (Dkt. 3272 at 2; *see also* Dkt. 2369 at 2 (Case Management Order for first damages retrial ruling that the "final exhibit . . . list[] from the prior trial [is] the operative list[] from which the parties may draw their evidence").)  But this would exclude relevant evidence created ***after*** the July 2012 trial that could not possibly have been disclosed or admitted in that trial.  Exclusion of this evidence would lead to an unfair retrial and distorted, or flat-out wrong, presentation of the evidence relevant to Apple's claims for lost profits and reasonable royalties.  Samsung thus respectfully requests that it be permitted to introduce specific evidence created after the first trial to avoid undue prejudice to Samsung.  In particular, Samsung seeks to introduce documents created by Apple and admitted into evidence at trial in Case No. 12-cv-00630 ("the 630 Case") that directly refute or limit Apple's claims for lost profits and reasonable royalties, as well as testimony regarding the *actual* timeframe required to implement a design-around to Apple's U.S. Patent No. 7,844,915 ("the '915 patent") that counters Apple's damages expert's calculation using a *hypothetical* timeframe.  Introduction of documents that Apple's own executives created would not unduly prejudice it, nor should Apple be heard to complain about introduction of the actual design-around period for the '915 patent.

**I.     BACKGROUND**

**A.     Apple-Created Documents Samsung Seeks To Introduce**

Samsung seeks to introduce a limited number of Apple-created documents attributing Samsung's success in the marketplace to factors other than the patented technology and recognizing Samsung's advanced technology and distinct product line. Each document was created by Apple after the July 2012 trial in this matter and produced by Apple in 2013, too close in time to the initial damages retrial to allow Samsung to meaningfully seek to introduce the evidence at that retrial.  Each document was admitted into evidence at trial in the 630 Case.

Specifically, Samsung seeks to introduce two email chains between Phil Schiller, Apple's Senior Vice President of Worldwide Marketing, and Media Arts Lab, Apple's advertising agency, documents that were also admitted into evidence at trial in the 630 Case as DX408A and DX409.

SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE
JULY 2012 TRIAL

1 (630 Case, Dkt. 1623 at 525:5-9 (admitting DX408A), 537:1-5 (admitting DX409).)  These email

2 chains include discussions of the success of Samsung's advertising and its product diversification

3 strategy.  In particular, DX408A illustrates that both Mr. Schiller and Apple's advertising agency

4 expressed concerns that Samsung's success was a result of business decisions and a savvy

5 marketing campaign launched in 2011 that equalized Apple's "coolness" factor—and not due to

6 any alleged infringement.  (Anderson Decl. Ex. A, DX408A.)   Similarly, DX409 includes a

7 statement from Mr. Schiller that Samsung advertising is "like an athlete who can't miss because

8 they are in a zone." (*Id*. Ex. B at DX409.002.)  Both email chains were created in the winter of

9 2013 and were only produced thereafter in the 630 Case.[1]

10         Additionally, Samsung seeks to introduce two presentations created by Apple and admitted

11 into evidence at trial in the 630 Case: DX411, a presentation titled iPhone Review dated March

12 2013, and DX413, a presentation titled FY '14 Planning Offsite dated April 2013.  (630 Case, Dkt.

13 1623 at 545:20-546:8 (admitting DX413), Dkt. 1715 at 1419:21-1420:1 (admitting DX411).)

14 Both presentations suggest that Apple's slowing growth rates starting in 2010 and continuing

15 through 2013 was due to "[c]onsumers want[ing] what we don't have"—in part, smartphones with

16 larger screens.  (Anderson Decl. Ex. C at DX411.004, .005, .010, .025; Ex. D at DX413.008, .014,

17 .046.)  DX411 also recognized the "strong Samsung lineup" in Q3 2012, including the Samsung

18 Galaxy 4G.  (*Id.* Ex. C at DX411.014.)  These presentations were produced in the 630 Case after

19 the July 2012 trial.[2]

20         **B.      Design-Around Testimony Samsung Seeks to Introduce**

21         Samsung seeks to introduce testimony of Samsung's expert, Stephen Gray, who will testify

22 that Samsung actually implemented the design-around for the '915 patent in about four weeks, far

23 less time than the hypothetical six-month timeframe that underlies Apple's damages expert's

24 calculations.  (Dkt. 3335-02 (Davis 2015 Report) at Exhibit 45; *see also* Dkt. 2840 at 662:4-16.)

---

[1]  DX408A was created on January 27, 2013 and produced on May 24, 2013 in the 630 Case. (Anderson Decl. Ex. E.)  DX409 was created on February 1, 2013 and produced on June 26, 2013 in the 630 Case.  (*Id*. Ex. F.)

[2]  DX411 was produced on July 5, 2013 in the 630 Case.  (Anderson Decl. Ex. G.)  DX413 was produced on July 8, 2013 in the 630 Case.  (*Id*. Ex. H.)

SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE
JULY 2012 TRIAL

1   Samsung did not have the '915 design around until after the 2012 verdict.  (Dkt. 3307 at 14.)

2        Mr. Gray was disclosed on Samsung's witness list prior to the July 2012 trial (Dkt. 1278 at

3   2) and Mr. Gray testified at that trial (Dkt. 1841 at 2893-2935).  In addition, Mr. Gray has already

4   submitted declarations in this matter in support of Samsung's opposition to Apple's initial request

5   for a permanent injunction and renewed motion for a permanent injunction in which he analyzed

6   the '915 patent and Samsung's design around code.  (Dkt. 2054-2 ¶¶20-45; Dkt. 2915-17 ¶¶20-

7   81.)  In response to Apple's motion (Dkt. 2082), after the July 2012 trial, Mr. Gray was produced

8   for deposition to testify regarding his analysis of Samsung's design around code (*see* Dkt. 2105 at

9   4).  Mr. Gray is an expert.  Should the Court allow testimony on the actual design around that

10  occurred in September 2012, but require a fact witness to present it instead, Samsung seeks leave

11  to present a witness for this limited purpose who was not on the original July 2012 witness list.

12       This testimony, whether by Mr. Gray, or a Samsung fact witness, directly refutes the

13  testimony by Apple's expert that it would have been impossible to design around the '915 patent

14  in less than six months.

15  **II.    THE EVIDENCE SAMSUNG SEEKS TO INTRODUCE IS HIGHLY RELEVANT**

16  **         TO THE DAMAGES RETRIAL**

17  **         A.    The Apple-Created Documents Are Relevant to Apple's Claims For Lost**

18  **               Profits And Reasonable Royalties**

19       The Apple-created documents Samsung seeks to introduce are directly relevant to Apple's

20  lost profits and reasonable royalty theories at issue in the upcoming damages retrial.

21       To obtain lost profits, Apple must establish both but-for and proximate causation between

22  infringement and lost profits, *Rite-Hite Corp. v. Kelley Co.,* 56 F.3d 1538, 1545-46 (Fed. Cir.

23  1995), showing "likely outcomes with infringement factored out of the economic picture."

24  *Crystal Semiconductor Corp. v. Tritech Microelecs. Int'l, Inc.*, 246 F.3d 1336, 1355 (Fed. Cir.

25  2001) (citation omitted).  The documents Samsung seeks to introduce are relevant to Apple's

26  claim for lost profits for the '915 patent because they counter Apple's position that consumer

27  purchases were driven by the desire for Apple's inventions, as opposed to the functionality of

28  Samsung's phones and its marketing campaign.  Specifically, DX408A and DX409 illustrate that

SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE
JULY 2012 TRIAL

1   one of Apple's top executives and its advertising agency attributed Samsung's success in the

2   marketplace to Samsung's savvy marketing and distinct product offerings, instead of any alleged

3   infringement.  (Anderson Decl. Exs. A, B.)  These documents directly counter Apple's claim for

4   lost profits in which Apple asserts that consumer purchases were driven by the desire for Apple's

5   inventions.  *See Calico Brand, Inc. v. Ameritek Imports, Inc.*, 527 F. App'x 987, 996 (Fed. Cir.

6   2013) *decision clarified on reh'g*, 547 F. App'x 966 (Fed. Cir. 2013) (stating that "lost profits

7   must be tied to the intrinsic value of the patented feature" and holding lost profits were

8   inappropriate because the only evidence showed the "most salient driver of customer demand"

9   was price).

10         Additionally, the documents Samsung seeks to introduce are relevant to Apple's claim for

11   lost profits because they counter Apple's position that, absent Samsung's infringement, Samsung

12   customers would have bought iPhones rather than a non-accused Android device from Samsung or

13   another manufacturer.  Indeed, DX411 and DX413 recognize that "[c]onsumers want[ed]" what

14   Apple did not offer in 2011—specifically, a screen larger than the 3.5-inch screen on the iPhone

15   available at that time.   (Anderson Decl. Ex. C at DX411.004, .005, .010, .025; Ex. D at

16   DX413.008, .014, .046.)

17         The documents Samsung seeks to introduce are also relevant to Apple's reasonable royalty

18   theory.  For reasonable royalties, the hypothetical negotiation framework must ensure that the

19   reasonable royalty rate reflects "the economic demand for the claimed technology."

20   *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 77 (Fed. Cir. 2012) (vacating district

21   court's determination of reasonable royalty).  These documents show that Apple itself recognized

22   that the demand for Samsung's products centered around Samsung's larger screen size

23   (DX411.010, DX413.014, .046), diverse product line (DX411.011), advanced Android technology

24   (DX413.014), and its "in the zone" marketing campaign (DX408A, DX409), as opposed to

25   Apple's patented inventions.

26         Further, the creation of these documents after the July 2012 trial does not make them any

27   less relevant to Apple's claims at issue in the upcoming damages retrial.  The documents directly

28   address the Samsung Galaxy 4G products and damages period (April 15, 2011 to May 29, 2011

-4-                                     Case No. 11-cv-01846-LHK

SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE
JULY 2012 TRIAL

1    for lost profits and August 2010 through June 2012 for reasonable royalties) at issue in the retrial.

2    (*See* Dkt. 3272 at 2; Dkt. 3335-02 (Davis 2015 Report) at ¶ 94D, Exhibit 17.6-R.)  Specifically,

3    both DX411 and DX413 consider the reasons for Apple's slowing growth rates during this

4    timeframe (411.004, 413.008), and DX411 identifies the Samsung Galaxy 4G as part of

5    Samsung's strong lineup (411.014).   Similarly, DX408A and DX409 both discuss Samsung's

6    successful marketing campaign, which DX408A states was launched in 2011 (408A.004).   Thus,

7    these Apple-created documents are directly relevant to Apple's lost profits and reasonable royalty

8    theories at issue in the upcoming damages retrial.

9         **B.    The Design-Around Testimony Is Relevant To Apple's Lost Profits**

10             **Calculation And Reasonable Royalty Theory**

11       The testimony Samsung seeks to admit regarding the timeframe to design-around the '915

12   patent is directly relevant to Apple's claim for lost profits and a reasonable royalty for this patent.

13   As Apple recognizes, to obtain lost profits, Apple is required to establish the absence of acceptable

14   non-infringing substitutes for the patented technology.  *Grain Processing Corp. v. Am. Maize-*

15   *Prods.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999) (plaintiff "could not prove lost profits" where

16   defendant showed acceptable non-infringing substitute).   Noninfringing substitutes additionally

17   "limit the hypothetical negotiation" for calculating a reasonable royalty, *Riles v. Shell Exploration*

18   *& Prod. Co.*, 298 F.3d 1302, 1312 (Fed. Cir. 2002), as this Court has held (Dkt. 2657 at 10).  The

19   completion of a design-around to the '915 patent in four weeks is relevant to counter the

20   hypothetical six-month design-around period used by Apple's damages expert in calculating lost

21   profits, as well as to limit the amount Samsung would be willing to pay to license the patent.

22   Additionally, this Court has previously preferred the use of factual data rather than dubious

23   estimates where such data existed.   (*See* Dkt. 2271 at 5-6 (no need for "elaborate method" of

24   estimating sales where the parties could present "actual number of sales").)

25   **III.   SAMSUNG WOULD BE UNDULY PREJUDICED BY EXCLUSION OF THIS**

26         **EVIDENCE CREATED AFTER THE JULY 2012 TRIAL**

27       Exclusion of the evidence Samsung seeks to introduce would lead to an unfair retrial and

28   distorted image of the facts and evidence relevant Apple's claims for lost profits and reasonable

SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE
JULY 2012 TRIAL

1    royalties.  In the time that has passed since the original July 2012 trial in this matter, further

2    evidence has emerged that strengthens Samsung's positions introduced at earlier trials.  The

3    evidence—in the form of ***admissions by Apple***—indicates that consumers did not purchase

4    Samsung's smartphones for Apple's patented inventions, which are at most minor features, but

5    instead chose Samsung because of its larger screens, distinct product line, and the Samsung brand,

6    among other factors.  Samsung would be unduly prejudiced if it were not permitted to provide the

7    jury with documents Apple itself created *after* the original trial that directly support the positions

8    Samsung advanced at the July 2012 trial.  *See E.I. DuPont De Nemours & Co. v. Kolon Indus.,*

9    *Inc.*, 564 F. App'x 710, 715 (4th Cir. 2014) ("wholesale" exclusion of potentially relevant

10   evidence from prior litigation "seriously prejudiced" party's case and was abuse of discretion).

11           Similarly, Samsung would be unduly prejudiced, and the jury would be left with wrong

12   information, if Samsung were not permitted to introduce testimony that it took four weeks (not six

13   months, as Apple's damages expert will testify) to design-around the '915 patent.  In such case,

14   the "groundhog" rule prejudices Samsung and only serves to hide the facts from the jury.  *See* Fed.

15   R. Evid. 402, Notes of Advisory Committee on Proposed Rules ("The provisions that all relevant

16   evidence is admissible, with certain exceptions . . . [is] a presupposition involved in the very

17   conception of a rational system of evidence.").

18   **IV.      APPLE WILL NOT BE PREJUDICED**

19           Apple would not be unduly prejudiced by introduction of the documents Samsung seeks to

20   introduce.  Apple created and produced all of the documents Samsung seeks to introduce.  Indeed,

21   this Court has ruled that such documents produced by a party are presumptively admissible.  (630

22   Case, Dkt. 1623 at 560:18-22.)  Additionally, each of these documents was admitted into evidence

23   in the 630 Case trial.  In fact, three of the documents (DX408A, DX409, and DX413) were

24   marked in the 630 Case during the cross-examination of Mr. Schiller, Apple's witness who also

25   testified at the July 2012 and November 2013 trials in this case (*see* Dkt. 1547, 1610, 2840, 2841),

26   and will presumably testify again in the upcoming retrial.  There would be no unfair surprise to

27   Apple by Samsung's use of these documents in the upcoming retrial.

28           Similarly, Apple would not be unduly prejudiced by introduction of testimony from Mr.

SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE
JULY 2012 TRIAL

1   Gray, or a fact witness with knowledge of the actual design around process, regarding the actual

2   timeframe to design-around the '915 patent.  Mr. Gray testified at that July 2012 trial and has

3   already submitted declarations in this matter in which he analyzed the '915 patent and Samsung's

4   design around code.  (Dkt. 2054-2 ¶¶20-45; Dkt. 2915-17 ¶¶20-81.)  What's more, in response to

5   Apple's motion (Dkt. 2082), Mr. Gray was produced for deposition to testify regarding his

6   analysis of Samsung's design around code.  In such circumstances, Apple should not be heard to

7   complain of unfair prejudice of the admission of the actual timeframe to design around the '915

8   patent.

9   **V.     CONCLUSION**

10          Samsung is at risk of the jury returning a verdict based on factually incorrect testimony,

11   and without statements from Apple agreeing that consumers were driven to Samsung's

12   smartphones because of reasons unrelated to Apple's inventions.  The groundhog day rules cannot

13   apply where evidence was created *after* the initial trial and exclusion of the evidence would

14   subvert the truth and assist Apple in creating an impression in the minds of the jurors that is

15   disconnected from the later-created evidence.   Samsung thus respectfully requests permission to

16   introduce this subset of relevant evidence created after the July 2012 trial.

17

18

19   DATED: January 20, 2016                    QUINN EMANUEL URQUHART &
                                                SULLIVAN, LLP
20

21

22                                              By */s/ Victoria F. Maroulis*
                                                   John B. Quinn
23                                                 William C. Price
                                                   Michael T. Zeller
24                                                 Kevin P.B. Johnson
                                                   Victoria F. Maroulis
25
                                                   Attorneys for SAMSUNG ELECTRONICS
26                                                 CO., LTD., SAMSUNG ELECTRONICS
                                                   AMERICA, INC. and SAMSUNG
27                                                 TELECOMMUNICATIONS AMERICA, LLC

28

SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE
JULY 2012 TRIAL