QUINN EMANUEL URQUHART &
SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS RELATING TO SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE JULY 2012 TRIAL** |

Pursuant to Civil Local Rules 7-11 and 79-5, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby bring this administrative motion for an order to seal certain information filed in connection with Samsung's Motion to Introduce at the Damages Retrial Evidence Created After the July 2012 Trial ("Samsung's Motion to Introduce Evidence Created After the Initial Trial").

**RELIEF REQUESTED**

Samsung requests an order granting Samsung's motion to file under seal the following documents:

| Document | Portions to be Filed Under Seal |
|---|---|
| Exhibit C to the Declaration of Carl G. Anderson (Defendant's Trial Exhibit No. 411 from Case No. 12-cv-00630 (DX411)) | The portions highlighted in a conformed version Samsung will file within 7 days of the deadline to file declarations in support of this motion. |
| Exhibit D to the Declaration of Carl G. Anderson (Defendant's Trial Exhibit No. 413 from Case No. 12-cv-00630 (DX413)) | The portions highlighted in a conformed version Samsung will file within 7 days of the deadline to file declarations in support of this motion. |

Samsung has established good cause to permit filing these documents under seal through the Declaration of Carl G. Anderson filed contemporaneously herewith.

**I.  THE "GOOD CAUSE" STANDARD APPLIES**

Samsung's Motion to Introduce Evidence Created After the Initial Trial is non-dispositive and only seeks to permit Samsung to seek to introduce at the upcoming damages retrial certain evidence created after the July 2012 trial.  Therefore, documents submitted in connection with Samsung's Motion to Introduce Evidence Created After the Initial Trial may be sealed upon a showing of "good cause." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

## II. GOOD CAUSE EXISTS TO PERMIT FILING UNDER SEAL

Good cause exists to permit filing under seal. Regarding DX411 (Exhibit C to the Declaration of Carl G. Anderson), counsel for Apple declared in the 630 Case that "DX411 is a highly confidential document that discusses Apple's strategy for future corporate plans and has the potential to cause considerable competitive harm to Apple if publicly disclosed." (630 Case, Dkt. 1600-7 at 3.) Apple therefore requested that DX411 be sealed in full, but agreed that pages 1, 2, 4, 5, 10, 11, 13, 14, 25 and 32 may be unsealed if they were shown to the jury. (*Id.*) The Court granted Apple's request to seal DX411 in full except for pages 1, 2, 4, 5, 10, 11, 13, 14, 25, and 32, if shown in court. (630 Case, Dkt. 1626 at 2.) DX411 was admitted into evidence in the 630 case. (630 Case, Dkt. 1715 at 1419:21-1420:1.) After admission of the exhibit, the Court stated on the record that pages 1, 2, 4, 5, 10, 11, 13, 14, 25, and 32 of DX411 are not sealed. (*Id.* at 1422:8-10.) The parties' joint list of exhibits admitted at trial states that all pages of DX411 are sealed except for pages 1, 2, 4, 5, 10, 11, 13, 14, 25 and 32. (630 Case, Dkt. 1866-1 at 3.)

Regarding DX413 (Exhibit D to the Declaration of Carl G. Anderson), counsel for Apple declared in the 630 Case that "DX413 is a highly confidential document that discusses Apple's strategy for future corporate plans and has the potential to cause considerable competitive harm to Apple if publicly disclosed." (630 Case, Dkt. 1600-7 at 4.) Apple therefore requested that DX413 be sealed in full, but agreed that pages 1, 2, 3, 5, 6, 8, 14, 16-18, 42, and 46 may be shown publicly. (*Id.*) The Court granted Apple's request to seal DX413 except pages 1, 2, 3, 5, 6, 8, 14, 16-18, 42, and 46, which may be shown in court. (630 Case, Dkt. 1626 at 3.) DX413 was admitted into evidence in the 630 case and sealed except for pages .008, .014, and .046. (630 Case, Dkt. 1623 at 545:20-546:8.) The parties' joint list of exhibits admitted at trial states that DX413 is sealed except for pages DX413.001, .008, .014, and .046. (630 Case, Dkt. 1866-1 at 3.)

The Court should thus grant Samsung's motion to seal DX411 and DX413.

Pursuant to Civil Local Rule 7-11, Samsung's counsel met and conferred with Apple's counsel regarding this motion to seal. Apple does not oppose Samsung's Motion to Seal relating to Samsung's Motion to Introduce Evidence Created After the Initial Trial as a procedural

1  mechanism.  Within 7 days of Apple filing its declaration in support of sealing, the parties will
2  prepare and Samsung will file final consolidated and conformed versions highlighting the
3  information Samsung moves to seal.

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant this Administrative Motion to File Under Seal.

DATED:  January 20, 2016              QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP


                                      /s/ Victoria F. Maroulis
                                      John B. Quinn
                                      William C. Price
                                      Michael T. Zeller
                                      Kevin P.B. Johnson
                                      Victoria F. Maroulis

                                      Attorneys for SAMSUNG ELECTRONICS CO.,
                                      LTD., SAMSUNG ELECTRONICS AMERICA,
                                      INC., and SAMSUNG
                                      TELECOMMUNICATIONS
                                      AMERICA, LLC