# Redacted Version of Document Sought to Be Sealed

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO STRIKE PORTIONS OF MICHAEL WAGNER'S NOVEMBER 6, 2015 REBUTTAL REPORT**<br><br>**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>**Date**: February 11, 2016<br>**Time**: 1:30 p.m.<br>**Place**: Courtroom 8, 4th Floor<br>**Judge**: Hon. Lucy H. Koh |

The material that Apple seeks to strike from Mr. Wagner's November 6, 2015 report was either a) included in Mr. Wagner's prior report and not excluded by the Court; b) updated from Mr. Wagner's prior report to focus on the narrowed products and patents at issue in the upcoming trial, consistent with the Court's prior orders; or c) previously introduced at trial without objection. Apple's motion to strike should be denied in its entirety.

### 1. Mr. Wagner's Opinion Regarding the Per Icon Re-design Cost Was Not Previously Excluded

Apple overstates what the Court struck from Mr. Wagner's 2013 report. In its 2013 Motion to Strike, Apple claimed that the calculation of multiplying the cost to design around each icon ($420) by the number of icons to be designed around was new and should be excluded. Dkt. 2381 at 7. The Court agreed that specific calculation was new and struck it. "The Court is of the opinion that previously unperformed calculations are 'new' for purposes of this retrial, irrespective of whether the underlying data needed to perform those calculations was available at the first trial." Dkt. 2575. The Court did *not* strike the underlying data used to perform that calculation, as the data (both the per-icon redesign cost and the number of icons to be redesigned in each accused phone) was included in Mr. Wagner's original report and therefore was not new. Ex. C, Wagner 2012 Rpt. at ¶ 530, ¶ 483 and n. 897 (citing Schedules 13.6 and 13.7), Schedule 17.

Mr. Wagner abided by the Court's Order and did not include the "new" calculation in his current report. His report merely included the underlying data. Nothing in the Court's prior order prevented him from doing so. Apple's motion to strike the underlying data from Mr. Wagner's prior report should be denied.

### 2. Apple Waived Any Objection to Mr. Wagner's Profitability Calculation Based on U.S. Standard Costs

Apple seeks to strike Mr. Wagner's opinion that Ms. Davis overstated by 10% the incremental profitability of Apple products sold in the U.S. by using worldwide costs rather than U.S. standard costs. However, Apple fails to inform the Court that this same opinion was admitted into evidence and provided to the jury in the 2013 damages retrial. *See* Ex. D. In all pertinent parts, DX 952.007 is identical to Schedule 10.6-3-T at 43, which Apple now seeks to strike. Schedule 10.6-3-T at 42 merely contains the underlying calculations for the conclusions

that have already been admitted in to evidence. Apple was provided with DX 952.007 days before it was introduced at trial but did not object, even though it did object to several other pages of DX 952. *See* Dkt. 2712 at 3. Nor did Apple object when Samsung moved DX 952.007 into evidence. Dkt. 2843, 2013 Trial Tr., 1139:10-11:40:14. Having failed to object at trial, Apple cannot now object that this data is "new" or that it should be excluded from Mr. Wagner's report. As the Court held in connection with the 2013 damages retrial, where testimony was presented at the first trial without objection, such objection is "forfeited." *See* Dkt. 2657 at 12. Accordingly, Mr. Wagner's profitability calculations using U.S. standard costs should not be excluded.

**3.   Mr. Wagner's Opinions and Calculations Regarding the Average Selling Price of Samsung and Apple Products Are Not New**

In both of his prior reports, Mr. Wagner opined that Mr. Musika and Ms. Davis failed to consider that the average selling price ("ASP") of Apple's relevant products was "significantly higher" ($628.30 in 2012 and $625.28 in 2013) than the ASP of Samsung's accused products ($358.94 in 2012 and $348.01 in 2013.) Ex. C at ¶ 194; Ex. B at ¶ 185. In his current report, Mr. Wagner updates this opinion to account for the products at issue in the third trial, and continues to maintain that Apple's ASP is "significantly higher" than the ASP of the accused Samsung products ($348.01). Dkt. 3333-02 ¶ 157. This opinion, along with the other opinions in paragraphs 157-166 of his report, are not new as they were part of Mr. Wagner's 2012 and 2013 reports, and Apple has not presented any reason that they should now be excluded. *Cf*. Ex. C at ¶¶ 194-204 and Fig. 42; Ex. B at ¶¶ 185-196.[1]

Paragraphs 167-171 of Mr. Wagner's current report update his analysis to focus on the specific phones at issue in the third trial. The Court's prior order permitted such updating, stating "the Court will not strike material from Wagner's Updated Report simply because it elaborates on his prior opinions in an effort to focus more precisely on the patents, products, and dates at issue in the retrial." Dkt. 2575 at 15.

Apple argues that Mr. Wagner's entire analysis should be struck because it purportedly

---

[1] The data in Fig. 23 of Mr. Wagner's current report comes from Fig. 42 in his original report, but focuses on the phones and time periods at issue in the third trial. *See* Ex. C, Fig 42.

turns on a new "market segment" opinion.  Not so.  Mr. Wagner did not previously opine that the market is divided into two tiers based on a ▮▮▮ ASP and he does not now opine that it is divided into two tiers based on a ▮▮▮ ASP, as Apple suggests.  Indeed, as shown above, Mr. Wagner has consistently maintained that an ASP of $348 or more is significantly lower than the ASP of Apple's products such that Apple's failure to account for this difference renders its lost profits analysis unreliable.  Here, as in his prior reports, Mr. Wagner analyzed the ASP of the specific Samsung products at issue and reached the same fundamental opinion—Apple's lost profits analysis did not properly account for the significant price difference between those products and Apple's products.  That the number of phones above or below a certain price point may be different depending on the specific products at issue is not a basis for striking this opinion.

### 4. Mr. Wagner's Discussion of Noninfringing Alternatives for the D'087 Patent Should Not Be Excluded

Apple argues that Mr. Wagner's opinion that phones found not to infringe the D'087 patent by the jury in the 2012 trial are noninfringing alternatives to the D'087 patent is "new" and should be excluded.  The Court rejected this same argument in connection with the 2013 damages retrial and should do so again now.  *See* Dkt. 2657.  As the Court previously ruled, "Wagner testified at the 2012 trial that if the jury found that certain Samsung products did not infringe, then these noninfringing products would represent noninfringing alternatives," and "Apple did not object to this testimony."  *Id.* at 12.  Apple has "therefore forfeited this objection."  *Id.*

Apple suggests that *AstraZeneca* AB *v. Apotex Corp.,* 782 F.3d 1324 (Fed. Cir. 2015), held that a product implicating other patents can never serve as evidence of a noninfringing alternative.  Not so.  The court there held only that when an accused infringer seeks to introduce a noninfringing alternative, the mere "conclusory assertion" that the alternative could have been used without infringing other patents is insufficient to overturn the trial court's exclusion of that product.  *Id.* at 1340.  Here, the Court previously permitted Samsung products found not to infringe a particular patent to serve as noninfringing alternatives for that patent despite being found to infringe other Apple patents.  *See* Dkt. 2696 at 9 (permitting use of Galaxy Ace as evidence of noninfringing alternative to the D'677 patent despite fact that "the Galaxy Ace was

found to infringe the '381 and '163 patents"); Dkt. 2657 at 12-13 (permitting use of Replenish as "highly probative" evidence of noninfringing alternatives despite same). *AstraZeneca* is not inconsistent with the Court's earlier rulings, and Apple has presented no grounds to revise them.

### 5. Mr. Wagner's Discussion of Reviews of the Samsung Products At Issue in the Third Trial Should Not Be Excluded

In his prior report, Mr. Wagner discussed features of Samsung phones that differentiate them from iPhones, including "screen quality, size, and type (e.g., Super AMOLED); processor performance; the Android operating system; and 4G capability." Ex. B at ¶ 206. Apple does not suggest this prior discussion should now be struck. Apple Motion to Strike, Ex. 1, Dkt. 3333-02 at 73-74. Rather, it seeks to strike the subsequent discussion that focuses on the specific phones at issue in the third trial. Mr. Wagner's 2013 report included reviews that focused on the products at issue there. By updating his report to include reviews regarding the third trial products, Mr. Wagner is merely elaborating on his prior opinions to focus on the products at issue in the current retrial. *See* Dkt. 2575 at 15 (the Court "will not strike material from Wagner's Updated Report simply because it elaborates on his prior opinions in an effort to focus more precisely on the patents, products, and dates at issue in the retrial."). He should be permitted to do so.

### 6. Apple's Remaining Arguments Should Be Rejected

**The HTC License**. Prior to the second trial, the Court ruled that the HTC license would not be admitted at trial as long as "Apple does not elicit testimony or argue at trial that it has not or will not license the '381, '915, or '163 patents." In his current report, Mr. Wagner included his previous opinions related to the HTC license, making clear that he was doing so in case Apple "opens the door." Wagner 2015 Rpt., Dkt. 3333-02 at n. 464. Ms. Davis's November 6, 2015 report contains opinions that potentially open that door. For instance, Ms. Davis states "Apple currently maintains a list of patents that it is unwilling to license to other companies. This list includes all of the Remand Trial Patents." Davis 2015 Rpt., Dkt. 3335-02 at ¶ 205. See also, *Id.* at ¶¶180, 206. Should Ms. Davis offer these or any other opinions at trial that are deemed by the Court to open the door, Mr. Wagner should be allowed to rebut them with his opinions regarding the HTC license. Until then, it is premature to strike these opinions. Paragraphs 239-240, 249,

271-287, 356, 357, 361, 465 and Fig. 38 should not be excluded from Mr. Wagner's report.[2]

**Paragraphs of Mr. Wagner's Appendix Responding to Opinions that Remain in Ms. Davis's Report**.  Prior to the second trial, the Court granted Samsung's motion to strike new opinions in Ms. Davis's 2013 report regarding Samsung's incremental profits, including a comparison of Samsung's incremental profit margin to Samsung's gross profit margin, that Mr. Musika did not include in his report.  Dkt. 2575 at 5-6.  Nonetheless, Ms. Davis retained the previously struck comparison in her 2015 report.  *See* Davis 2015 Rpt., Dkt. 3335-02 at 67, ¶163.[3] Paragraphs 23-32 to Mr. Wagner's Appendix are directly relevant to rebutting Ms. Davis's incremental profit comparison and are not new, as they were included in Mr. Wagner's prior report.  Ex. B at ¶¶ 246-254.  To the extent Ms. Davis is permitted to present her previously struck incremental profits comparison, Mr. Wagner should be permitted to respond with the opinions in paragraphs 23-32 of his Appendix.  Similarly, even though the Court previously struck the opinions in paragraphs 81-82, 84-85 and 87 of the irreparable harm section of Ms. Davis's 2013 report (Dkt. 2575 at 7-8), Ms. Davis retained those same opinions and restated them "without modification" as paragraphs 128A-C in her 2015 report, claiming they are relevant to show that her lost profits calculation is "conservative."  Paragraphs 39-43 of Mr. Wagner's Appendix (including figures 4-8) respond to the irreparable harm opinions that Ms. Davis retained in her 2015 report as paragraphs 128A-C.  These same paragraphs appeared in both of Mr. Wagner's prior reports and therefore are not new. Ex. C at ¶¶ 298-302, Figs. 37-41; Ex. B at ¶¶ 372-376, Figs. 30-34.   If Ms. Davis is permitted to present her previously struck irreparable harm opinions, Mr. Wagner should be permitted to respond.  Apple's motion to strike paragraphs 23-32 and 39-43 of Mr. Wagner's Appendix should be denied.

---

[2]  Mr. Wagner's discussion of the status of the '915 patent reexam in footnotes 401 and 751 to his report is intended only to reserve the right to modify his damages opinions in the event the Court finds the patent invalid based on the Patent Trial and Appeal Board's final rejection of the claims as invalid.  Accordingly, there is no reason for the Court to strike them.

[3]  Samsung has separately moved to strike this comparison on the grounds that it was previously excluded by the Court.  Dkt. 3335 at 5.

DATED: January 14, 2016

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Victoria F. Maroulis*
   Charles K. Verhoeven
   Kevin P.B. Johnson
   Victoria F. Maroulis
   William C. Price
   Michael T. Zeller

   Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC