HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants and Counterclaim Plaintiffs. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF MICHAEL WAGNER'S NOVEMBER 6, 2015 REBUTTAL REPORT**<br><br>Date:   February 11, 2016<br>Time:   1:30pm<br>Place:  Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

Samsung's arguments in opposition to Apple's motion to strike are inconsistent with both Mr. Wagner's deposition testimony and his November 6, 2015 report, and should be rejected.

### I. Mr. Wagner's Opinion Regarding Per Icon Re-Design Costs Is An Improper Attempt To Circumvent The Court's Prior Ruling.

Samsung argues that Mr. Wagner is complying with the Court's previous ruling because he includes only the "underlying data" to calculate re-design costs and does not show the actual multiplication. (Opp. at 1.) This is a distinction without a difference. Mr. Wagner has presented the "underlying data"—i.e., total icons to be re-designed and the cost for designing a new icon—in a manner that demonstrates his intention either to testify himself or create a predicate for Samsung to argue that a reasonable royalty should be calculated as a function of the number of icons and cost for re-designing an icon. Mr. Wagner includes these values as two consecutive rows of a single chart titled "Reasonable Royalty." (*E.g.*, Mot. Ex. 1, Dkt. 3333-5, at 7.) Mr. Wagner's deposition testimony confirms that he intends to present this data so as to permit the jury to multiply the number of icons by the cost for re-designing an icon—the exact calculation that the Court excluded. (*See* Mot. at 1-2 (quoting testimony).) While the Court's prior order focused on the multiplication calculation itself (and not the numbers to be multiplied together), Mr. Wagner should not be permitted to present the numbers in a manner that could lead the jury to multiply them to calculate a reasonable royalty in order to advance a new damages theory.

### II. Mr. Wagner's New Opinion On U.S. Standard Costs Should Be Excluded.

At his deposition, Mr. Wagner conceded that two paragraphs of his report include changes from his earlier analysis based on a new calculation of profitability using U.S. standard costs. (Mot. at 2 (quoting testimony).) Samsung does not dispute this, but instead argues that the new analysis should be permitted because DX 952.007 was admitted into evidence in the 2013 retrial. (Opp. at 1-2.) However, Samsung ignores that (1) DX 952 is a multi-page document, (2) there was testimony about other pages of DX 952, ***but not a word about page .007***, and (3) Mr. Wagner's trial testimony did not disclose the new opinion he is seeking to offer

here.[1] The admission of DX 952.007 in the 2013 retrial does not change the fact that Mr. Wagner's opinion in paragraphs 190 and 192 is new and should be struck.

### III. Mr. Wagner's Opinion Based On Average Selling Price Is A New Opinion, Based On A New Calculation, And Should Be Struck.

Samsung argues that Mr. Wagner's opinion on price elasticity and market segmentation is the same as he presented previously, but "focus[ed] on the specific phones at issue in the third trial." (Opp. at 2.) That is incorrect. The calculations underlying Mr. Wagner's opinion in his November 6, 2015 report differ from his earlier reports, where he focused on the percentage of accused products with an average selling price ("ASP") less than ▮. (Mot. Ex. 3, Dkt. 3333-7, at Fig. 19 (titled "STA Smartphones with Wholesale ASP Less than ▮"); Mot. Ex. 4, Dkt. 3333-8, at Fig. 32 (same title).) His 2015 report, however, is premised on a percentage of the accused products with ASPs less than ▮. (Mot. Ex. 1, at Fig. 23.) That the five accused products present in this trial had ASPs above ▮ but below ▮ was known when Mr. Wagner prepared his first report, and he could have offered opinions addressing that fact. Because he failed to do so, the ASP opinion in his 2015 report is new and should be struck.

### IV. Discussion Of D'087 Noninfringing Alternatives Should Be Struck.

Contrary to Samsung's assertion, Apple has not "forfeited" its objection to Mr. Wagner's opinion that certain Samsung products found to infringe Apple patents other than the D'087 are noninfringing alternatives. (*See* Opp. at 3.) In the Court's Order regarding the 2013 retrial, the Court allowed Mr. Wagner to testify that "Samsung products *found not to infringe Apple's patents* could serve as noninfringing alternatives for purposes of a damages analysis." (Dkt. 2657 at 12 (emphasis added).) Here, all the purported "noninfringing alternatives" do infringe Apple's patents—just not the D'087. And to the extent the Court's past rulings allow Samsung

---

[1] This is not analogous to the situation addressed in the November 7, 2013 Order cited by Samsung (Opp. at 2, 3) where the Court found that Apple had "forfeited" its objection to an opinion of Mr. Wagner undisclosed in his original report by not objecting to his testimony thereon in the 2012 trial. Here, Mr. Wagner did not testify at the prior trials regarding either DX 952.007 or profitability based on U.S. standard costs (or the noninfringing alternatives discussed in Part IV, *infra*). Apple could not have forfeited its objection on these topics given the absence of any testimony by Mr. Wagner regarding the opinions Apple now moves to strike.

to present infringing phones as noninfringing alternatives, they predate *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324 (Fed. Cir. 2015), which indicates that a product covered by another company's patent is not "available" as a noninfringing alternative. *See id.* at 1340-1341; *see also* Dkt. 2657 (dated Nov. 7, 2013); Dkt. 2696 (dated Nov. 10, 2013).

### V. The Product Reviews Are New Sources, And Mr. Wagner's Reliance On Them Should Be Struck.

Samsung argues that Mr. Wagner's citation of product reviews for the five products at issue was "merely elaborating on his prior opinions to focus on the products at issue in the current retrial." (Opp. at 4.) But all these product reviews were available to Mr. Wagner at the time of his first report, and could have been included since all the products in the current retrial were at issue in the first trial. Therefore, Mr. Wagner is not *focusing* his prior opinions, but *adding new supporting documents* for his original opinions.

### VI. Samsung Offers No Justification For Maintaining Mr. Wagner's Discussion Of Previously-Excluded Opinions.

Samsung admits that the Court previously struck the material included in the last section of Apple's motion but clams that this material should be preserved because Ms. Davis continues to pursue allegedly improper opinions that will "open the door." That is incorrect. Regarding the Apple/HTC license, Samsung speculates that Apple might open the door to discussion. (Opp. at 4.) But Ms. Davis' damages report does not open the door—as Mr. Wagner conceded at his deposition. (Mot. Ex. 2, Dkt. 3333-6, at 1024:18-22, 1025:5-8.) To avoid any doubt or danger of confusion, the Court should strike the portions of Mr. Wagner's report referring to the Apple/HTC license. Regarding the '915 patent reexam, Samsung concedes that it would only be relevant if the patent is ultimately determined to be invalid, which is not an issue within the scope of this trial. (Opp. at 5 n.2.) For the same reason, these portions should be struck as well. Finally, regarding Mr. Wagner's purported rebuttal on incremental profits (*see* Opp. at 5), Apple's opposition to Samsung's motion to strike (Dkt. 3345-3 at 4-5) fully explains why Ms. Davis is not pursuing any opinion that was previously struck by the Court. Her opinions are the same as Mr. Musika's, and Mr. Wagner's new purported rebuttal is new and unnecessary.

| | |
|---|---|
| Dated:  January 21, 2016 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | */s/* Mark D. Selwyn_____ |
| | Mark D. Selwyn (SBN 244180) |
| | mark.selwyn@wilmerhale.com |
| | 950 Page Mill Road |
| | Palo Alto, CA  94304 |
| | Telephone:  (650) 858-6000 |
| | Facsimile:  (650) 858-6100 |
| | |
| | *Attorney for Plaintiff and Counterclaim-Defendant Apple Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on January 21, 2016 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ Mark D. Selwyn
Mark D. Selwyn