# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**REPLY IN SUPPORT OF SAMSUNG'S MOTION TO STRIKE PORTIONS OF THE NOVEMBER 6, 2015 EXPERT REPORT OF JULIE L. DAVIS**<br><br>**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>**Date**: February 11, 2016<br>**Time**: 1:30 p.m.<br>**Place**: Courtroom 8, 4th Floor<br>**Judge**: Hon. Lucy H. Koh |

02198-51855/7609385.1

Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF JULIE L. DAVIS

## I. MS. DAVIS'S OPINION ON APPLE'S CAPACITY SHOULD BE STRICKEN

Apple cannot deny that Ms. Davis's lost profits opinion is very different from the earlier trials; it applies notice dates not used in the first trial to phones not at issue in the second. Dkt. 3335-02 at 30-31. Although the distribution of carriers for these phones is dramatically different than the first two trials, Ms. Davis seeks to rely on the "exact same capacity schedules" without collecting additional data on carrier-specific capacity. Opp. at 1. This is precisely the problem. Applying the exact same capacity analysis to the products at issue in the third trial reveals that she lacks the data necessary to make a reliable calculation on the products at issue. Using the same methodology results in conclusions that are too speculative to go to the jury.

Although Apple's experts opined in 2012 and 2013 that Apple had the capacity to sell additional iPhones, in both instances Verizon phones made up a much smaller percentage of the claimed lost sales (only ▮ in 2012 and only ▮ in 2013)[1]. The landscape for the third trial is dramatically different, because more than ▮ of the alleged lost sales are on Verizon. Opp. at 2; Dkt. 3336-3; Davis Ex. 17.2-R1. Yet, Ms. Davis admits that she was not given data that would allow her to determine whether Apple had the capacity to make additional sales of Verizon iPhones. Dkt. 3335-04, December 2, 2015 Davis Depo. 515:18-20. In the absence of data showing capacity on Verizon, the new scenario in which more than ▮ of the lost sales would be on Verizon renders Ms. Davis's opinion mere speculation.

Nothing in Apple's Opposition shows that Apple had capacity to sell additional *Verizon* iPhones during that damages period. Apple claims that it increased its capacity in the quarter in which it began selling an iPhone on Verizon, but does not claim—let alone show--that any of those additional phones were Verizon iPhones. In fact, during that same quarter Apple was telling its investors that it could not predict when its supply of Verizon iPhones would meet up with demand. Dkt. 3335-07 at 6. This is the precise reason Ms. Davis needs to distinguish between

---

[1] The only Samsung phones at issue for any of the three trials that were available on Verizon are the Continuum, Droid Charge, Fascinate and the Gem. Dkt. 3335-02 at Ex. 10-R. The percentage of Verizon phones that are part of Apple's lost profits analysis can be calculated from Ex. A to the Kidman declaration for the first trial and Exhibit B to the Kidman declaration for the second trial.

capacity at AT&T and capacity at Verizon, and Ms. Davis admits she cannot do so.[2]

## II. MS. DAVIS'S NEW *MOR-FLO* CALCULATIONS SHOULD BE STRICKEN

Apple argues that Ms. Davis should be allowed to include an admittedly new *Mor-Flo* calculation because it was purportedly done merely to "respond to a Court ruling postdating Ms. Davis's original report." Opp. at 3. But the Court has not permitted experts to submit new calculations whenever they believe intervening Court orders render their prior opinions less reliable. Instead, the Court has consistently held that the parties may not rely on "new methodologies or new theories." Ms. Davis's calculation is new and should be stricken.

Furthermore, Apple fails to rebut the showing that Ms. Davis's new calculation that treats the Replenish and the Galaxy Ace as non-infringing alternatives is arbitrary. Apple does not dispute that other phones not found to infringe the '915 patent—including the Showcase phone at issue in the third trial— were deliberately omitted from Ms. Davis's new *Mor-Flo* analysis. There is no reason for Ms. Davis to count the Replenish and the Galaxy Ace as non-infringing alternatives, but not treat all other non-infringing phones the same way. Ms. Davis's selective reliance on non-infringing alternatives renders her new *Mor-Flo* analysis misleading and wrong.

## III. MS. DAVIS'S NEW DAMAGES SCHEDULES SHOULD BE STRICKEN

Apple concedes that Ms. Davis's schedules which purport to present damages by patent and by product are new, but claims that they are warranted because the Court "intends to use a verdict form that requires the jury to quantify damages per product and per patent." Opp. at 3; Dkt. 3291 at 24:9-10. However, the Court did not order the parties' experts to prepare new materials to account for a new verdict form which has not yet been adopted. And the Court previously held that the experts may not update their reports to align with materials that will be provided to the jury. Dkt 2575 at 13 ("Rewording Wagner's Updated Report to copy the 2012 jury instructions' vocabulary verbatim is not within the scope of this Court's Order allowing the

---

[2] Apple's argument that Ms. Davis's 74% carrier-switching reduction does not apply to Verizon customers because Verizon offered an iPhone merely confirms the flaw in the analysis. Absent sound proof of capacity to make additional Verizon iPhone sales, Apple may only claim it could capture a reduced portion of customers, after the 74% carrier-switching reduction *is* applied, whom it contends would be willing switch to AT&T.

02198-51855/7609385.1

-2-   Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF JULIE L. DAVIS

1  parties to file supplemental expert reports."). The same should hold true here. Ms. Davis should not be permitted to unilaterally include new schedules by adding content that Apple thinks will coincide with the new verdict form.

Apple's claim that Samsung argues that "the jury should have to figure things out on its own" is simply not true.[3] After the Court adopts a verdict form to be used for the third trial, it may be appropriate for both of the parties' experts to provide updated reports or trial exhibits to aid the jury in filling out the verdict form. To the extent the Court wishes to have the experts prepare materials that will assist the jury in completing the verdict form, both parties' experts should be given the same opportunity to do so.

Apple argues that the new schedules are not misleading if they are re-interpreted using other exhibits and paragraphs, located in entirely different sections of the report. *See* Opp. at 4. This belies any claim that the schedules are not misleading.

## IV.  PREVIOUSLY EXCLUDED MATERIAL SHOULD BE EXCLUDED AGAIN

Samsung's Motion asks the Court to strike the last sentence of ¶163 of Ms. Davis's report because it was previously stricken. Apple does not deny that the Court struck the last sentence of ¶163 before.[4] Opp. at 4-5. Mr. Musika did not opine on a comparison between Samsung's incremental profit margin to its gross profit margin; whether the percentages were present in a schedule to Mr. Musika's report is not the question. Ms. Davis included this new comparison in her report as a purported "reasonableness test for my gross margin calculation," Ex. C, Davis 2013 Depo., 275:2-3. Because Mr. Musika never used the calculation of Samsung's incremental profit margin as a "reasonableness test," Ms. Davis should be precluded from doing so now.

Ms. Davis's new report removed some, but not all of the excluded content on the history of Samsung's financial production. Opp. at 5; Dkt. 2575 at 7. The Court previously struck all but the first sentence of paragraph 147 and parts of the fourth and seventh bullets of paragraph 155. Dkt. 2575 at 10, referencing Dkt. 2386-02. These portions of her report should be excluded again.

---

[3] Although Apple provides a pin cite for this purported assertion and claims that it came from Samsung's brief, this statement does not appear anywhere in Samsung's Motion to Strike.

[4] Apple's argument regarding Exhibit 50-S is completely inapposite, as Samsung is not seeking to strike that exhibit through the present motion.

02198-51855/7609385.1

-3-                        Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF JULIE L. DAVIS

-4-

1 | DATED: January 21, 2016

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

02198-51855/7609385.1

-4-    Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF JULIE L. DAVIS