1  HAROLD J. MCELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
2  RACHEL KREVANS (CA SBN 116421)
   rkrevans@mofo.com
3  ERIK J. OLSON (CA SBN 175815)
   ejolson@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California 94105-2482
   Telephone: (415) 268-7000
6  Facsimile: (415) 268-7522

7
   Attorneys for Plaintiff and
8  Counterclaim-Defendant APPLE INC.

   WILLIAM F. LEE
   william.lee@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   60 State Street
   Boston, MA 02109
   Telephone: (617) 526-6000
   Facsimile: (617) 526-5000

   MARK D. SELWYN (SBN 244180)
   mark.selwyn@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   950 Page Mill Road
   Palo Alto, California 94304
   Telephone: (650) 858-6000
   Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE JULY 2012 TRIAL [DKT. 3352]**<br><br>Date:  March 3, 2016<br>Time:  1:30 p.m.<br>Place:  Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

**INTRODUCTION**

Despite the Court's clear "Groundhog Day" directives that it will not allow supplemental fact discovery, will not permit the parties to expand the scope of the damages retrial, and will not allow the parties to rely on new methodologies or theories, Samsung's motion seeks to do all of those things. Samsung seeks to reopen discovery, change expert opinions, and complicate the remand damages trial by introducing new issues and arguments derived from documents created long after the July 2012 trial. Samsung's motion is foreclosed by the Court's "Groundhog Day" rules for the retrial, as well as the Protective Order entered into in the 630 case.

Moreover, Samsung's new evidence is irrelevant to the issues at the remand damages trial. That evidence relates to an advertising campaign for Galaxy S II smartphones not at issue at the remand trial, worldwide sales trends that have no bearing on the U.S. sales at issue at the remand trial, and new expert testimony regarding the time it allegedly took Samsung to design a '915 alternative that does not even avoid infringement of Apple's '915 patent.

Samsung's new evidence, if admitted, would severely prejudice Apple, waste trial time, result in unnecessary satellite litigation, and create a substantial risk of juror confusion. It would require new fact discovery, new expert reports, and new depositions. It would also add new issues to the retrial that would necessarily affect the parties' pretrial preparations, witness selections, and trial time allocations. By contrast, no prejudice would result to Samsung from the Court's enforcement of its "Groundhog Day" rules, as Samsung would still be entitled to present the same evidence available at the July 2012 and November 2013 trials.

**I.     SAMSUNG'S MOTION VIOLATES BOTH THE COURT'S "GROUNDHOG DAY" RULES FOR THE REMAND TRIAL AND THE COURT'S PROTECTIVE ORDER.**

   **A.     Samsung's Motion Violates the Court's "Groundhog Day" Rules.**

Samsung's motion to introduce new evidence created after the July 2012 trial runs directly counter to the Court's "Groundhog Day" rules for the remand damages trial. Those rules were designed to avoid exactly what Samsung's motion seeks to accomplish: (1) reopen discovery, (2) introduce new testimony and documents, (3) change expert opinions, and (4) complicate the retrial by introducing new issues and arguments. Samsung's motion should be rejected.

1      In the September 1, 2015, Case Management Order, the Court ruled that it "will not allow
2 supplemental fact discovery," "will not permit the parties to expand the scope of the damages
3 retrial," and "will not allow the parties to rely on new sales data, new products, new
4 methodologies or new theories." (Dkt. 3272 at 2.) As the Court explained in connection with the
5 November 2013 damages retrial, "This is going to be Groundhog Day. You're going to be
6 reliving July of 2012. . . . There is no discovery to be had here. . . . There's going to be nothing
7 new in this case." (Dkt. 2320 at 41:18-42:4.) These "Groundhog Day" rules were imposed "in
8 the interest of fairness to the parties and in light of the need to make efficient use of the Court's
9 limited resources," and to "create a consistent record for appellate review." (Dkt. 2667 at 5.)

10     The Court consistently applied these rules in connection with the November 2013
11 damages trial to exclude new evidence created after the July 2012 trial. These exclusions
12 specifically encompassed (1) new design-around theories first disclosed in Samsung's post-trial
13 briefing opposing Apple's motion for a permanent injunction and (2) new testimony from fact
14 witnesses Jaewoo Park, Sun-young Yi, and Jong-wook Shim regarding hypothetical design-
15 arounds. (Dkt. 2552 at 2-3.) Under the Court's September 1, 2015, Case Management Order,
16 those evidentiary exclusions "remain in effect as law of the case" and "may not [be] relitigate[d]."
17 (Dkt. 3272 at 3.)

18     Samsung's motion, if granted, would give rise to the exact harms the Court's "Groundhog
19 Day" rules and prior evidentiary exclusions are intended to prevent. Fact discovery would need
20 to be reopened to allow discovery into Samsung's alleged design-around to the '915 patent and
21 the timing of Samsung's design, development, testing, and launch of that alternative. Expert
22 discovery would need to be reopened to allow the parties to address infringement issues relating
23 to Samsung's alleged '915 patent design-around, as well as Samsung's alleged design-around
24 time. The issues at trial would need to be expanded to address the parties' new design-around
25 evidence, as well as the issues raised by the 630 trial exhibits that Samsung seeks to introduce.
26 All of this would likely result in delays to the current trial schedule, additional motion practice,
27 and an extension of the time allocations at trial to accommodate the parties' new witness
28 testimony.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO ADMIT NEW EVIDENCE AT THE DAMAGES RETRIAL
Case No. 11-cv-01846-LHK (PSG)
sf-3618701

2

The fact that Samsung's new evidence did not exist in July 2012 is not a reason to admit this evidence at the remand damages trial. Indeed, this evidence should be excluded for this reason. The Court should therefore reject Samsung's motion and enforce its "Groundhog Day" rules for the remand damages trial.

### B. Samsung's Motion Violates the Cross-Use Provisions of the Protective Order.

Samsung's motion also violates the Protective Order in the 630 case. The 630 Protective Order states that "Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever." (630 Dkt. 512 ¶ 1.) While the 630 Protective Order permits documents from the 1846 case to be used in the 630 case (*id.* ¶ 22), the Order does not permit cross use from the 630 case in the 1846 case. (*Id.* ¶ 6(a) ("All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation *any other litigation* . . . ." (emphasis added)).) Indeed, Samsung has previously argued that use of 630 trial exhibits in the 1846 case "would require the Court to alter that order." (Dkt. 3280 at 8.) Samsung's motion should be denied for this additional reason.

## II. SAMSUNG'S NEW EVIDENCE IS IRRELEVANT TO THE REMAND DAMAGES TRIAL AND WOULD NEEDLESSLY COMPLICATE THE PROCEEDINGS.

Samsung's new evidence is irrelevant to the damages issues at the upcoming remand trial, and its introduction would waste trial time, result in unnecessary satellite litigation, and create a substantial risk of juror confusion. The Federal Rules of Evidence "confer broad discretion on the trial judge to exclude" exactly this kind of evidence. *See United States v. Hearst*, 563 F.2d 1331, 1349 (9th Cir. 1977).

Samsung's proposed new trial exhibits from the 630 case have no bearing on the damages issues at the remand trial. Samsung wrongly argues that the two email chains that Samsung seeks to introduce between Mr. Schiller and Apple's advertising agency are relevant to damages. (*See* Dkt. 3352 ("Mot.") at 3-4.) The emails were created in January and February 2013 – long after the end of the June 2012 damages period in this case. (DX408A, DX409.) They relate to Samsung's "Fanboy" marketing campaign launched in November 2011, which postdates both the

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO ADMIT NEW EVIDENCE AT THE DAMAGES RETRIAL
Case No. 11-cv-01846-LHK (PSG)
sf-3618701

3

April 15 to May 29, 2011, design-around period relevant to lost profits and the June 2010 hypothetical negotiation relevant to reasonable royalties.  Further, Samsung's advertising campaign did not relate to any remand trial phones, but rather to Galaxy S II smartphones that formed part of the $548 million judgment that has already been twice appealed and paid.

The two Apple presentations dating from March and April 2013 that Samsung seeks to introduce are similarly irrelevant to the issues at the remand damages trial.  (DX411, DX413.)  Both presentations were created years after the applicable April 15 to May 29, 2011, lost profits period and the June 2010 reasonable royalty hypothetical negotiation.  Samsung misleadingly argues that these presentations demonstrate that Apple's growth rate slowed from 2010 to 2013 based on consumers "want[ing] what [Apple doesn't] have." (Mot. at 2.)  But the data underlying the pages of DX411 and DX413 that Samsung uses to support this argument shows *worldwide* iPhone sales data and reflects assumptions about the risks of the smartphone market in China that have no bearing on the United States market at issue at the remand damages trial.  (*See* DX411.004, DX413.008.)  The single stray reference to the Galaxy S4G phone in DX411 relates to Samsung's sales of that phone in Q3-2012 – *i.e.*, after the end of the damages period in Q2-2012.  (DX411.014.)

Likewise, Samsung's new and undisclosed expert (or fact) testimony regarding the time it purportedly took Samsung to develop its post-trial '915 patent alternative is irrelevant.  Apple's expert showed that Samsung's alleged alternative still infringes the '915 patent.  (*Compare* Dkts. 2054-2, 2183-2, *with* Dkt. 2127-3.)  Admission of Samsung's evidence would greatly expand the issues at the remand damages trial by creating wasteful satellite litigation over the scope and nature of Samsung's infringement – issues that have already been conclusively resolved by the 2012 jury.  This diversion would also create a serious risk of juror confusion.

Even if the next jury made a new finding that this alleged design-around did not infringe the '915 patent, Samsung has repeatedly and forcefully argued in the context of supplemental damages that it did not have this design-around until after August 2012.  This is more than 18 months after the April 15, 2011, date on which Apple gave notice of the '915 patent, which triggered the start of the lost profits period.  Samsung would literally be taking two irreconcilable

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO ADMIT NEW EVIDENCE AT THE DAMAGES RETRIAL
Case No. 11-cv-01846-LHK (PSG)
sf-3618701

4

1   positions before this Court.  In connection with Apple's motion for supplemental damages,

2   Samsung has asked the Court to find that Samsung's '915 patent design-around was not available

3   before July 2012.  (Dkt. 3354-3 at 6 n.2; *see also* Dkt. 2915-17 at 12 n.2.)  But to the jury,

4   Samsung would be arguing that it could have done the same thing in 2011.

5         Rebutting all this evidence would take the parties far afield of the limited purpose of the

6   remand trial regarding damages.  It would generate a needless side show, reopen issues (including

7   those previously resolved on appeal), and insert irrelevant issues never previously addressed into

8   the one-week trial that is properly cabined by the Court's "Groundhog Day" rules.

9   **III.  ADMISSION OF SAMSUNG'S NEW EVIDENCE WOULD SEVERELY PREJUDICE APPLE.**

10

11        Granting Samsung's motion to admit new evidence at this late stage would severely

12  prejudice Apple.  Mr. Gray's prior testimony at the July 2012 trial and his post-trial declarations

13  in the permanent injunction context were limited to Samsung's non-infringement defenses.  (Dkt.

14  1841 at 2893-2935; *see also* Dkts. 2054-2, 2183-2.)  Samsung has never disclosed to Apple any

15  opinions from Mr. Gray regarding the time it allegedly took Samsung to design, develop, and

16  implement its alleged design-around to the '915 patent.  Likewise, Samsung has failed to identify

17  which new fact witness it intends to put forward on this issue as an alternative to Mr. Gray.  It

18  would be highly prejudicial to Apple were Samsung permitted to introduce new expert or fact

19  testimony at the remand damages trial that Samsung has never disclosed to Apple and that Apple

20  has never had an opportunity to test at depositions or through other discovery means.

21        The time for Samsung to have disclosed that new testimony to Apple has long since

22  passed.  Samsung chose not to raise this issue in connection with the Case Management

23  Conferences on September 18, 2015, and December 10, 2015.  (*See* Dkts. 3291, 3331.)  The

24  Court's September 18, 2015, Case Management Order required updated expert reports to be

25  exchanged by November 6, 2015 (Dkt. 3289 at 2), but Samsung served only a single updated

26  damages report from Mr. Wagner – and nothing from Mr. Gray.  The same Order also required

27  fact witnesses for trial to be disclosed by January 22, 2016 (*id.* at 3), but Samsung has still not

28  identified what fact witness it intends to put forward regarding alleged '915 design-around times.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO ADMIT NEW EVIDENCE AT THE DAMAGES RETRIAL
Case No. 11-cv-01846-LHK (PSG)
sf-3618701

5

1  (*See* Mot. at 3:9-11; *see also* Dkt. 3362-2.)  Samsung's lack of compliance with the Court's

2  deadlines provides yet another reason to deny its motion.  *See* Fed. R. Civ. P. 16(f).

3        In addition, admission of Samsung's new evidence would necessarily result in changes to

4  the parties' pretrial preparations, witness selections, and trial time allocations.  Based on the

5  limited scope of the remand damages trial, the Court allocated the parties only six hours each to

6  present evidence.  (Dkt. 3272 at 2.)  If the Court were to grant Samsung's motion, Apple would

7  need to prepare and call additional witnesses and waste precious trial time explaining why the 630

8  exhibits are irrelevant to the damages issues at the remand trial, and why Samsung's post-trial

9  '915 alternative continues to infringe Apple's '915 patent.

10 **IV.   ENFORCING THE COURT'S "GROUNDHOG DAY" RULES WOULD NOT PREJUDICE SAMSUNG.**

12       By contrast, Samsung would not suffer any prejudice from the enforcement of the Court's

13 "Groundhog Day" rules.  Samsung would still be entitled to introduce the same evidence

14 available to it at the July 2012 and November 2013 trials, including Mr. Wagner's testimony that

15 it would take Samsung four weeks to design around the '915 patent.

16 **CONCLUSION**

17       For the foregoing reasons, the Court should deny Samsung's motion.

19 Dated:  February 3, 2016                  MORRISON & FOERSTER LLP

21                                       By:   */s/ Harold J. McElhinny*
22                                              HAROLD J. MCELHINNY

23                                              Attorneys for Plaintiff
                                             APPLE INC.