QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**REPLY IN SUPPORT OF SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE JULY 2012 TRIAL**<br><br>**Date**: March 3, 2016<br>**Time**: 1:30 p.m.<br>**Place**: Courtroom 8, 4th Floor<br>**Judge**: Hon. Lucy H. Koh |

**INTRODUCTION**

Apple's opposition repeats what Samsung acknowledged in its opening brief—that Samsung is seeking an exception to the groundhog day rule. Samsung requests this exception only for a small set of highly relevant evidence created after the July 2012 trial that it could not have admitted at the initial trial. Absent this relief, the jury will return a verdict without awareness of (1) highly probative admissions from Apple agreeing with Samsung's longstanding position that consumers were driven to Samsung's smartphones because of reasons unrelated to Apple's inventions, and (2) the actual facts regarding the time needed to design around the '915 patent.

Apple's opposition fails to rebut that the groundhog day rules should not apply for this set of newly created evidence. *First*, the evidence Samsung seeks to offer does not change the theories Samsung has presented at the previous trials. Nor is the evidence a surprise to Apple given that much of it has been presented in post-trial and 630 Case proceedings. As a result, the schedule and procedures for the upcoming trial would not be compromised by permitting the addition of this evidence. *Second*, the evidence is highly probative to Apple's lost profits and reasonable royalty theories. *Third*, while Apple would not be unduly prejudiced by introduction of the newly created evidence, Samsung would be highly prejudiced by exclusion of this evidence. *Finally,* the Protective Order from the 630 Case does not provide grounds for denying relief.

**I.   THE EVIDENCE WILL NOT DISRUPT TRIAL PROCEDURES BECAUSE IT RELATES TO PREVIOUSLY DISCLOSED THEORIES**

Apple argues that Samsung seeks to rely on "new methodologies [and] theories" and that this would lead to extensive discovery, delays, and "complications" at trial. (Opp. (Dkt. 3375) at 1-2, 5.) But the limited subset of new relevant evidence that Samsung seeks to admit at trial does not introduce new methodologies or change Samsung's trial theories. The evidence is entirely consistent with the theories Samsung has advanced at past trials. It has been the subject of discovery or testimony in either post-trial proceedings or in the 630 Case. Permitting Samsung to introduce this newly created evidence would not compromise the pretrial proceedings, trial schedule, or the efficient presentation of evidence at trial.

Specifically, the Apple-created documents Samsung seeks to introduce (DX408A, 409,

1  411, 413) directly support the theories Samsung advanced at the previous trials—that consumers
2  purchased Samsung smartphones for reasons unrelated to Apple's inventions. (*See* Mot. (Dkt.
3  3352) at 3-4, 6.)  No fact or expert discovery would be required if Samsung were permitted to
4  introduce these documents at trial.  Nor do these documents lead to any complications or
5  sideshows.  The parties previously briefed objections to these documents, resulting in the Court
6  admitting all of the documents into evidence at trial in the 630 Case.  (*See id.* at 1-2.)  In addition,
7  Phil Schiller, Apple's Senior Vice President of Worldwide Marketing, who is identified on
8  Apple's witness list for the upcoming trial (Dkt. 3362-1 at 7), already testified at trial regarding
9  most of the documents in the 630 Case. (630 Dkt. 1623 at 525-532, 536-548.)

10  Similarly, the testimony Samsung seeks to admit regarding the actual four-week design-
11  around timeframe relates to a design-around that was disclosed and vetted during post-trial
12  proceedings.  The details of the design-around are known to Apple.  Samsung's expert, Stephen
13  Gray, has already submitted declarations and been deposed by Apple regarding the technical
14  features of the design-around and the reasons the design-around does not infringe. (Dkt. 2054-2,
15  2105, 2183-2, 2915-17.)  Apple's technical expert has similarly submitted declarations and
16  testified at deposition regarding his opinion on the design-around.  (Dkt. 2127-3, 2173, 2206-2.)
17  The actual timeframe for the design-around is consistent with Samsung's damages expert's trial
18  testimony that it would take four weeks to design around the '915 patent (Dkt. 2842 at 1028:24-
19  25), so there will be no change in the damages testimony.  No extensions to the pretrial or trial
20  schedule would be necessitated by any limited discovery.[1]  Nor would the time allocations need to
21  be extended because of the design-around evidence.  Indeed, at the July 2012 trial, Mr. Gray's
22  entire direct and cross-examination relating to his opinions for <u>two</u> Apple patents (including the
23  '915 patent) lasted no longer than 45 minutes. (*See* Dkt. 1841 at 2893-2935.)

---

[1]  Should the Court grant Samsung's motion, Samsung will promptly present either its previously disclosed expert witness, Mr. Gray, or a fact witness for a short deposition. Samsung offered to present this testimony either through its expert, Mr. Gray, whom Apple previously deposed a number of times, or another fact witness. (*See* Mot. at 2-3.)  Either way, the burden of a limited deposition on the parties will be very limited and far outweighed by the prejudice to Samsung should Apple's expert be allowed to testify that a hypothetical design around would take six months, while the actual design around took about four weeks.

## II. THE EVIDENCE SAMSUNG SEEKS TO INTRODUCE IS HIGHLY PROBATIVE

### A. The Apple-Created Documents Samsung Seeks To Introduce Are Relevant To The Damages Period And Products At Issue

Apple next argues that the Apple-created documents that Samsung seeks to introduce are irrelevant to the upcoming trial. (Opp. at 3-4.) Apple's arguments regarding the relevance of the documents cannot stand.

*First*, Apple incorrectly argues (*id*. at 3-4) that the documents Samsung seeks to introduce are not relevant because they were created after the damages period. The creation of these documents after the damages period does not make them any less relevant to Apple's claims. *C.f. Dykes v. Raymark Indus., Inc.*, 801 F.2d 810, 818 (6th Cir. 1986) (upholding admission of evidence created after an injury as relevant to punitive damages); *Rockwood Select Asset Fund XI, (6)-1, LLC v. Devine, Millimet & Branch, PA*, 113 F. Supp. 3d 471, 481 (D.N.H. 2015) (finding communications created after cause of action relevant). "It does not logically follow" that evidence created after the damages period "cannot make the fact" of the conduct at issue "more probable than not." *Dykes*, 801 F.2d at 818. Apple executives created these documents even though they knew Samsung's longstanding position that consumers purchased Samsung smartphones because of Samsung's distinct features. These admission contradict Apple's lost profits argument that consumers purchased Samsung phones because of Apple's inventions. (*See* Mot. at 3-4.) They also contradict Apple's reasonable royalty theory. (*See id*. at 4.) Apple's admissions show that demand for Samsung's phones, as of the date of the hypothetical negotiation and thereafter, was based on Samsung's features, not Apple's inventions.

*Second*, Apple wrongly argues (Opp. at 3-4) that the email chains between Mr. Schiller and Apple's adverting agency are not relevant because they do not relate to the damages period or products at issue in the retrial. Apple ignores portions of the chains that demonstrate their relevance. For example, Apple ignores that one of the email chains (DX408A) includes an article that Mr. Schiller forwarded to Apple's ad agency that specifically discusses the Galaxy S, a phone at issue in the retrial. The article calls the larger screen on the Galaxy S an "ace up [Samsung's]

sleeve." (DX408A.006.)  This chain further discusses that Apple was losing its relative "coolness" factor because Samsung phones had larger screens and popular Android software (DX408A.003-408A.005)—features of the phones at issue.  Apple also mischaracterizes the email chains.  Apple states that the chains are limited to Samsung's "Fanboy" marketing campaign. (Opp. at 3-4.)  But the correspondence between Mr. Schiller and the ad agency is not so limited and one of the documents refers to a general 2011 marketing campaign.  (*See* DX408A.004.)  In addition, Apple incorrectly argues (Opp. at 3-4) that the "Fanboy" marketing campaign is not relevant to the trial.  The "Fanboy" campaign and others that ran during the damages period are relevant.  Samsung's marketing increased general consumer awareness of the Samsung brand and consumers purchased Samsung smartphones because of the brand name.

*Third*, Apple incorrectly argues (*id.* at 4) that the two Apple-created presentations (DX411, DX413) are not relevant because they do not relate to the damages period or products at issue in the retrial.  Apple ignores that the presentations have admissions that consumers wanted features that only Samsung offered.  These features include larger screens (DX411.010, DX413.014, .046), diverse product lines (DX411.011), and advanced Android technology (DX413.014).  Apple also incorrectly argues (Opp. at 4) that Apple's statement in DX411 that the Samsung Galaxy 4G is part of Samsung's "strong" Q3 2012 lineup (DX411.014) is irrelevant.  Apple states that this is irrelevant because Apple's Q3 2012 is *after* the damages period.  (Opp. at 4.)  But, pursuant to Apple's procedure for quarterly reporting, Q3 2012 ran between April-June 2012, *within* the damages period.  (*See* Dkt. 3335-02 (Davis 2015 Report) at 15, n. 27, Ex. 32-S2, n.1; *see also* DX411.014 ("as of May 2012 for Q3'12").)  In addition, contrary to Apple's argument (Opp. at 4), the growth rates discussed in the presentations are relevant, corroborating evidence.  (*See* DX411.042; *see also* DX413.009-.010.)

B.   <u>The Timeframe To Design Around The '915 Patent Is Relevant</u>

Apple dismisses the relevance of Samsung's design-around evidence because of its expert's disagreement with the merits of the design-around.  (Opp. at 4.)  But this disagreement should not impact the admissibility of the design-around evidence.  Apple cannot dispute that the actual timeframe to design around the '915 patent is relevant to its lost profits claim.  The

-4-                                    Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO INTRODUCE AT THE DAMAGES RETRIAL
EVIDENCE CREATED AFTER THE JULY 2012 TRIAL

1  completion of a design-around to the '915 patent in about four weeks is relevant to counter the
2  hypothetical six-month design-around period used by Apple's damages expert. (Dkt. 3335-02
3  (Davis 2015 Report) at Exhibit 45; *see also* Dkt. 2840 at 662:4-16.)

4  Apple also asserts that admission of the actual timeframe to design around the '915 patent
5  would create "juror confusion," "satellite litigation," and "irreconcilable positions" with
6  Samsung's supplemental damages position. (Opp. at 4-5.) Apple's claim of juror confusion is not
7  credible given the number of issues Apple has tried before one jury in this case. Nor would there
8  be any confusion or satellite litigation as Samsung is not challenging in this trial the '915 patent
9  infringement findings of the 2012 jury; instead it seeks to rebut the incorrect and faulty
10 assumption that Apple's expert is relying on in her damages opinion. There are no irreconcilable
11 positions because the date when the design-around was actually implemented—the issue
12 implicated by supplemental damages—is irrelevant to whether the design-around could have been
13 available as a hypothetical non-infringing alternative for purposes of calculating damages. On the
14 other hand, an irreconcilable position could be created if the design-around evidence is excluded—
15 a verdict based on a six-month design-around timeframe, when in reality it occurred in about four
16 weeks.

## III. APPLE'S CLAIMS OF PREJUDICE ARE FANCIFUL, BUT SAMSUNG WOULD BE SEVERELY PREJUDICED BY EXCLUSION OF THE EVIDENCE

19 Apple asserts that the evidence Samsung seeks to admit would "severely prejudice" Apple,
20 but that Samsung would "not suffer any prejudice" from exclusion of the evidence. (Opp. at 5-6.)
21 To the contrary, the implications of excluding this evidence are far more severe than the practical
22 implications of permitting Samsung to offer the evidence at trial.

23 The Apple-created documents require no additional discovery, and the same witness that
24 already testified about much of this evidence in the 630 Case is included on Apple's witness list.
25 (*See supra* Part I.) Apple should not be permitted to exclude admissions from its own executives,
26 employees, and longstanding ad agency on the basis that it may have to prepare to respond at trial.
27 In the face of Apple's claims for tens of millions of more dollars, Samsung would be unduly
28 prejudiced by exclusion of documents that show Apple agrees with positions Samsung has been

1  advancing since the initial trial.  *See* Fed. R. Evid. 402, Notes of Advisory Committee on Proposed
2  Rules ("The provisions that all relevant evidence is admissible, with certain exceptions . . . [is] a
3  presupposition involved in the very conception of a rational system of evidence.").

4        In addition, narrowly tailored discovery regarding the time it took to design and implement
5  the design-around to the '915 patent could address Apple's purported concerns (Opp. at 5) relating
6  to this evidence.  The addition of this evidence should not require any changes to the trial
7  procedures. (*See supra* Part I.)  Apple took discovery over the past three years relating to the '915
8  design-around. (Dkt. 2054-2, 2105, 2183-2, 2915-17.) Exclusion of the four-week design-around
9  timeframe risks the possibility of a jury award of substantial lost profits damages based on Apple's
10  expert's faulty assumption, refuted by actual events, that it would take at least six months to
11  design around the '915 patent.  *See E.I. DuPont De Nemours & Co. v. Kolon Indus., Inc.*, 564 F.
12  App'x 710, 715 (4th Cir. 2014) ("wholesale" exclusion of potentially relevant evidence from prior
13  litigation "seriously prejudiced" party's case and was abuse of discretion).

14  **IV.   THE 630 CASE PROTECTIVE ORDER IS NOT GROUNDS FOR DENYING**
15  **RELIEF**

16        Finally, Apple incorrectly argues (Opp. at 3) that the Protective Order in the 630 Case bars
17  Samsung's requested relief.  The Protective Order in the 630 Case cannot bar admission of the
18  '915 patent design-around testimony because this evidence has not been disclosed in the 630 Case.
19  In addition, the Protective Order in the 630 Case should not bar the use of documents that have
20  already been admitted into the public record in the 630 Case and have been the subject of
21  testimony on the open record. (*See* 630 Dkt. 1623 at 525, 537, 545-46; 630 Dkt. 1715 at 1419-
22  20.)  The Protective Order in the 630 Case explicitly permits a party to use "in any way"
23  documents that have become public. (630 Dkt. 512 ¶ 6(f).) Two of the exhibits Samsung seeks to
24  admit, DX408A and DX409, are no longer designated confidential, and the other two exhibits,
25  DX411 and DX413, include a number of pages that are not designated confidential. (*See* Dkt.
26  3363 at 3.)  Each of these documents, including public, redacted versions of DX411 and DX413,
27  are available upon request at the Clerk's office for the public to review. (*See* 630 Dkt. 1873
28  (notice of lodging public redacted versions of DX411 and DX413); 630 Dkt. 1927 at 2947:7-10

("[I]f, in the future, some member of the public or third party requests copies of the partially sealed documents, the Clerk's office actually has a redacted copy to make available to the public.").) Any concern regarding the confidentiality of portions of DX411 and DX413 could be addressed through sealing the documents under the Protective Order in this case.

## V.     CONCLUSION

For the foregoing reasons, Samsung respectfully requests that this Court grant its motion to introduce at the upcoming retrial evidence created after the July 2012 trial.

DATED: February 10, 2016

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
John B. Quinn
William C. Price
Michael T. Zeller
Kevin P.B. Johnson
Victoria F. Maroulis

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC