1                   UNITED STATES DISTRICT COURT

2                  NORTHERN DISTRICT OF CALIFORNIA

3                        SAN JOSE DIVISION

4

5

     APPLE INC., A CALIFORNIA        )  C-11-01846 LHK
6    CORPORATION,                    )
                                     )  SAN JOSE, CALIFORNIA
7                   PLAINTIFF,       )
                                     )  FEBRUARY 11, 2016
8            VS.                     )
                                     )  PAGES 1-32
9    SAMSUNG ELECTRONICS CO., LTD.,  )
     A KOREAN BUSINESS ENTITY;       )
10   SAMSUNG ELECTRONICS AMERICA,    )
     INC., A NEW YORK CORPORATION;   )
11   SAMSUNG TELECOMMUNICATIONS      )
     AMERICA, LLC, A DELAWARE        )
12   LIMITED LIABILITY COMPANY,      )
                                     )
13                  DEFENDANTS.      )
     _____ )

14

15

16                  TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE LUCY H. KOH
17               UNITED STATES DISTRICT JUDGE

18

19

20                 APPEARANCES ON NEXT PAGE

21

22   OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                 CERTIFICATE NUMBER 9595
23

24

25            PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                 TRANSCRIPT PRODUCED WITH COMPUTER

```
1

2        A P P E A R A N C E S:

3    FOR PLAINTIFF          MORRISON & FOERSTER
     APPLE:                 BY:  HAROLD J. MCELHINNY
4                                RACHEL KREVANS
                                 NATHANIEL B. SABRI
5                          425 MARKET STREET
                           SAN FRANCISCO, CALIFORNIA  94105
6
                           BY:  ERIK J. OLSON
7                          755 PAGE MILL ROAD
                           PALO ALTO, CALIFORNIA  94304
8

9                          WILMER, CUTLER, PICKERING,
                           HALE AND DORR
10                         BY:  WILLIAM F. LEE
                           60 STATE STREET
11                         BOSTON, MASSACHUSETTS  02109

12                         BY:  MARK D. SELWYN
                           950 PAGE MILL ROAD
13                         PALO ALTO, CALIFORNIA  94304

14

15   FOR DEFENDANT          QUINN, EMANUEL, URQUHART,
     SAMSUNG:               OLIVER & HEDGES
16                         BY:  VICTORIA F. MAROULIS
                                SARA JENKINS
17                         555 TWIN DOLPHIN DRIVE, 5TH FLOOR
                           REDWOOD SHORES, CALIFORNIA  94065
18
                           BY:  CARL G. ANDERSON
19                         50 CALIFORNIA STREET, 22ND FLOOR
                           SAN FRANCISCO, CALIFORNIA  94111
20

21

22

23

24

25
```

1     SAN JOSE, CALIFORNIA                    FEBRUARY 11, 2016

2                        P R O C E E D I N G S

3        (COURT CONVENED AT 1:45 P.M.)

4            THE CLERK:  CALLING CASE 11-CV-01846, APPLE V.

5     SAMSUNG.

6        IF THE PARTIES WOULD PLEASE STATE THEIR APPEARANCES FOR

7     THE RECORD.

8            MR. MCELHINNY:  GOOD AFTERNOON, YOUR HONOR.

9     HAROLD MCELHINNY, RACHEL KREVANS, ERIK OLSON, AND NATHAN SABRI

10    FROM MORRISON & FOERSTER ON BEHALF OF APPLE.

11           MR. LEE:  GOOD AFTERNOON, YOUR HONOR.  BILL LEE AND

12    MARK SELWYN FROM WILMER, HALE FOR APPLE.

13           THE COURT:  GOOD AFTERNOON.

14           MS. MAROULIS:  GOOD AFTERNOON, YOUR HONOR.

15    VICTORIA MAROULIS.  I'M HERE WITH MY COLLEAGUES, CARL ANDERSON

16    AND SARA JENKINS, ON BEHALF OF SAMSUNG.

17           THE COURT:  OKAY.  GOOD AFTERNOON.  LET ME HAVE JUST

18    ONE MINUTE TO UPDATE ALL THE APPEARANCES.

19        (PAUSE IN PROCEEDINGS.)

20           THE COURT:  OKAY.  ALL RIGHT.  THANK YOU.

21        SO I ASSUME YOU RECEIVED MY ORDER FROM LAST NIGHT.  IS

22    THAT RIGHT?

23           MR. MCELHINNY:  WE DID, YOUR HONOR.

24           MS. MAROULIS:  YES, YOUR HONOR.

25           THE COURT:  SO WE ONLY HAD ONE ISSUE LEFT, AND THAT

1        IS THE PER PRODUCT, PER PATENT ISSUE.

2            I THINK IT WOULD BE HELPFUL THIS TIME FOR THE VERDICT FORM

3        TO BREAK IT DOWN WITH THAT LEVEL OF SPECIFICITY.

4            DOES ANYONE HAVE ANY OBJECTION TO DOING IT THAT WAY?

5                MS. MAROULIS:  YOUR HONOR, THE PARTIES ARE GOING TO

6        BE MEETING AND CONFERRING ABOUT THE VERDICT FORM AND IT'S DUE

7        TO THE COURT ON THE 25TH.  SO WE'RE PLANNING TO GO BACK AND

8        FORTH AND FIGURE OUT THE BEST FORM, UNDERSTANDING YOUR HONOR'S

9        GUIDANCE THAT YOU WANT TO BREAK IT DOWN MORE.

10           I DON'T BELIEVE WE'VE HAD AN OPPORTUNITY YET TO FIGURE OUT

11       EXACTLY WHAT FORMAT THAT WILL TAKE BECAUSE THERE MIGHT BE SOME

12       DISAGREEMENTS OF HOW BEST TO PRESENT IT GIVEN THE DAMAGES

13       MODELS IN THIS CASE AS CONTRASTED TO DAMAGES MODELS IN THE, FOR

14       EXAMPLE, 2014 TRIAL.

15           SO I WOULD SUGGEST THAT WE PROCEED WITH OUR JOINT PRETRIAL

16       MEETING AND CONFERRING AND SUBMIT TO THE COURT HOPEFULLY A

17       JOINT FORM, AND IF THERE'S SOME DISAGREEMENTS, WE CAN WORK

18       THOSE OUT WITH YOUR HONOR.

19               MS. KREVANS:  AND, YOUR HONOR, FOR APPLE, WE ENTIRELY

20       AGREE WITH BOTH THE COURT'S DIRECTION ABOUT THIS IN SEPTEMBER

21       AND THE COURT'S RATIONALE, BECAUSE HAVING A FORM THAT IS BROKEN

22       DOWN BOTH BY PRODUCT AND BY PATENT WILL AVOID POSSIBLE RETRIALS

23       THAT WOULD OTHERWISE BE COMPLETELY UNNECESSARY.

24           AND SO WE THINK IT IS ABSOLUTELY THE BEST WAY TO GO.

25               THE COURT:  WELL, THAT'S THE KIND OF VERDICT FORM I'M

1    GOING TO ISSUE IN THIS CASE, SO I HOPE -- YOU KNOW, IF YOU HAVE

2    SOME GOOD SUGGESTIONS ON HOW TO DO THAT, THAT'S FINE.

3        BUT IF YOUR POSITION IS GOING TO BE "WE REFUSE," THEN I'M

4    JUST GOING TO OVERRULE YOUR OBJECTION AND THAT IS THE VERDICT

5    FORM I'M GOING TO USE THIS TIME.

6        MS. MAROULIS:  UNDERSTOOD, YOUR HONOR.  WE WILL NEED

7    TO ACCOUNT FOR SOME DOUBLE RECOVERY ISSUES, BUT I'M SURE WE CAN

8    COME UP WITH A FORM THAT WORKS FOR EVERYONE.

9        THE COURT:  OKAY.  THAT WOULD BE GREAT.

10        SO LET ME ASK, BECAUSE WE ARE GOING TO BREAK IT DOWN BY

11   PATENT AND BY PRODUCT, WE HAVE TWO ISSUES.  THE ONE IS -- AND

12   IT MAY NOT BE NECESSARY BASED ON HOW SAMSUNG'S DAMAGES EVIDENCE

13   WAS PRESENTED IN THE PREVIOUS TRIALS, BUT DO YOU NEED OR WANT

14   TO SUPPLEMENT MR. WAGNER'S EXPERT REPORT IF IT IS GOING TO BE

15   BROKEN DOWN BY PATENT AND BY PRODUCT?

16        NOW, I'VE SEEN WHAT HE SUBMITTED PREVIOUSLY.  HE GENERALLY

17   DOESN'T -- HIS POSITION IN THE PAST HAS BEEN MORE WHY EXPENSES

18   AREN'T BEING ACCOUNTED FOR OR WHY CERTAIN THINGS ARE BEING NOT

19   APPROPRIATELY CONSIDERED AND FACTORED IN AND SORT OF MORE

20   REQUESTING SUBTRACTIONS FROM APPLE'S DAMAGES CALCULATION.

21        BUT WHAT'S YOUR VIEW ON THAT?

22        BECAUSE I'D LIKE TO SET ANY DATES THAT WE NEED TO TODAY.

23        MS. MAROULIS:  YOUR HONOR, WE WOULD NEED TO UPDATE

24   THE TRIAL EXHIBITS, WHICH IS THE SUMMARIES OF MR. WAGNER'S

25   OPINIONS.

```
 1              THE COURT:  OKAY.

 2              MS. MAROULIS:  SO THEY WILL LOOK DIFFERENT THAN WHAT

 3    WE PRESENTED BEFORE.

 4              THE COURT:  OKAY.

 5              MS. MAROULIS:  I DON'T THINK RIGHT NOW THAT WE NEED

 6    TO SUPPLEMENT IN THE SENSE OF THE EXPERT REPORT ITSELF.  BUT IF

 7    WE MAY HAVE A FEW DAYS TO THINK ABOUT THAT?

 8        IF YOUR HONOR IS GOING TO ORDER THE BREAKDOWN ON THE

 9    VERDICT FORM, I THINK WE SHOULD BE ABLE TO WORK WITH EXISTING

10    OPINION AND DATA, BUT IF WE MAY HAVE UNTIL NEXT WEEK TO

11    DETERMINE THAT?

12              THE COURT:  WELL, THE PROBLEM IS WE'RE RUNNING OUT OF

13    TIME BECAUSE THE PRETRIAL CONFERENCE IS COMING UP AND YOU'LL

14    HAVE TO FILE YOUR MOTIONS IN LIMINE, YOU KNOW, 14 DAYS IN

15    ADVANCE.

16        I MEAN, WE'RE REALLY RUNNING INTO -- APRIL 3RD IS THE

17    PRETRIAL CONFERENCE, SO YOUR DEADLINES ARE FEBRUARY 25TH AND

18    FEBRUARY 18TH, I BELIEVE.

19        SO I THINK I WON'T BE ABLE TO GIVE YOU A WEEK BECAUSE IT

20    WILL THEN MESS UP THE REST OF OUR SCHEDULE.

21        SO LET ME HEAR FROM APPLE.  WHAT DO YOU THINK?  DO YOU

22    THINK THAT -- I MEAN, IF IT'S A MATTER OF JUST EXCHANGING

23    DIFFERENT TRIAL EXHIBITS, I'M HOPING THAT WE CAN WORK ON THE

24    SCHEDULE FOR YOU TO DO THAT TODAY.

25              MS. KREVANS:  AND, YOUR HONOR, WE'VE ACTUALLY ALREADY
```

```
 1        GIVEN THEM OUR PROPOSED TRIAL EXHIBITS UNDER THIS KIND OF

 2        VERDICT FORM.

 3                THE COURT:  OKAY.

 4                MS. KREVANS:  AND THEY HAD RAISED A COUPLE OF

 5        OBJECTIONS THAT WENT TO THE COLUMN HEADINGS.

 6                THE COURT:  WE'RE GOING TO TALK ABOUT THAT IN A

 7        MINUTE.

 8                MS. KREVANS:  AND WE'RE HAPPY TO WORK WITH THEM ON

 9        THAT.

10            IN FACT, MR. WAGNER HAD SOME THINGS TO SAY IN HIS

11        DEPOSITION THAT WE THOUGHT WE COULD EASILY DO.

12            BECAUSE WE HAVEN'T GOTTEN THEIR SUPPLEMENT YET, WE DID ASK

13        MR. WAGNER AT HIS DEPOSITION HOW HE WOULD DO THAT AND IF HE HAD

14        THESE BREAKDOWNS ALREADY, AND THERE WERE SOME THINGS WHERE --

15        FROM HIS DEPOSITION, IT SEEMED THERE WERE SOME THINGS THAT HE

16        WOULD POINT TO AND OTHERS WHERE THERE MIGHT NEED TO BE SOME

17        MORE WORK DONE.  SO I THINK WE WILL NEED SOME KIND OF VERY

18        BRIEF EXPLANATION.

19            AND THEN THEY'VE ALREADY HAD A CHANCE TO DEPOSE MS. DAVIS

20        ABOUT OUR SUPPLEMENT.

21            WE WOULD WANT A VERY, VERY BRIEF, AN HOUR, HOUR AND A

22        HALF, OPPORTUNITY TO JUST GET MR. WAGNER TO EXPLAIN WHAT HE'S

23        DONE, BECAUSE HE WASN'T ABLE TO POINT IN HIS DEPO TO WHERE HE

24        ALREADY HAD IT, IN OTHER WORDS, SO HE COULD SIMPLY PULL IT OUT

25        AND PUT IT IN THE SCHEDULE.  BUT IT WOULD BE VERY SHORT AND WE
```

```
1      COULD SCHEDULE IT VERY QUICKLY.

2              THE COURT:  BY "SHORT," YOU MEAN, WHAT, ONE HOUR?

3              MS. KREVANS:  AN HOUR.

4              MS. MAROULIS:  YOUR HONOR, IF WE'RE JUST GOING TO

5      CHANGE THE TRIAL EXHIBITS WITHOUT CHANGING OPINIONS, WE DON'T

6      THINK THE DEPOSITION IS NECESSARY.

7          BUT IF THERE'S A CHANGE IN ANY WAY, YES, THEY CAN HAVE A

8      SHORT DEPOSITION, OF COURSE.

9              MS. KREVANS:  I THINK, YOUR HONOR, THE ISSUE IS, AS

10     YOU CAN SEE FROM MR. WAGNER'S DEPO, HE WAS NOT ABLE TO SAY, FOR

11     PARTICULAR PRODUCTS AND PARTICULAR PATENTS, WHERE HE ALREADY

12     HAD A NUMBER SOMEWHERE KIND OF IN THE UNDERLYING CALCULATION

13     THAT HE WOULD SIMPLY PULL OUT.

14         AND SO WE'LL NEED AN EXPLANATION OF -- THAT'S WHY IT COULD

15     BE BRIEF -- JUST AN EXPLANATION OF WHERE THE NUMBERS COME FROM.

16             THE COURT:  ALL RIGHT.  WHY DON'T WE DO THIS:  YOUR

17     JOINT PRETRIAL STATEMENT IS ALSO DUE NEXT WEEK.

18             MS. MAROULIS:  THAT'S RIGHT, YOUR HONOR, AND WE'VE

19     STARTED THE PROCESS OF TALKING TO EACH OTHER ALREADY.

20             THE COURT:  SO THAT'S DUE ON THE 18TH.

21             MS. KREVANS:  THAT'S CORRECT, YOUR HONOR.

22             THE COURT:  COULD -- WOULD IT BE POSSIBLE FOR -- I

23     MEAN, I STATED MY INTENTION TO HAVE A BY PRODUCT, BY PATENT

24     VERDICT FORM BACK, I THINK, IN SEPTEMBER --

25             MS. KREVANS:  THAT'S RIGHT, YOUR HONOR.
```

1    THE COURT:  -- OF 2015, AND PRESUMABLY ALL THE

2    AGGREGATE NUMBERS ARE BASED ON UNDERLYING DATA THAT DOES BREAK

3    IT DOWN BY PATENT AND PRODUCT, RIGHT?

4        I MEAN, THE ACCUMULATION OF NUMBERS HAD TO HAVE INCLUDED

5    SOME UNDERLYING DATA THAT HAD THIS INFORMATION, SO IT SHOULDN'T

6    HAVE TO BE NEWLY CREATED IS WHAT I'M TRYING TO SAY BASED ON

7    MR. WAGNER'S --

8        MS. MAROULIS:  THAT'S CORRECT, YOUR HONOR.  IT JUST

9    NEEDS TO BE EXPRESSED DIFFERENTLY IF WE'RE GOING TO DO A

10   BREAKDOWN.

11       THE COURT:  OKAY, SURE.

12       SO WOULD IT BE POSSIBLE -- TODAY IS THE 9TH, RIGHT?  OH,

13   I'M LOOKING AT THE WRONG -- I'M LOOKING AT 2017.  I'VE MOVED A

14   YEAR AHEAD OF EVERYBODY.

15       (LAUGHTER.)

16       THE COURT:  OKAY.  LET ME GO BACK TO 2016.

17       TODAY IS THE 11TH.  WOULD IT BE POSSIBLE FOR MR. WAGNER TO

18   EITHER REVISE HIS TRIAL EXHIBITS, OR IF HE NEEDS TO INCLUDE AN

19   ADDITIONAL PARAGRAPH OR TWO IN HIS REPORT, OR HOWEVER YOU THINK

20   IT'S BEST TO PRESENT WHAT YOU NEED TO PRESENT, TO DO THAT BY

21   THE 16TH, WHICH IS TUESDAY?  I KNOW THAT'S A TIGHT TIME FRAME.

22       MS. MAROULIS:  WE SHOULD BE ABLE TO DO THAT.

23       THE COURT:  OKAY.  SO IF YOU CAN DO THAT BY THE 16TH.

24       AND COULD YOU TAKE A DEPOSITION ON THE 17TH?  OR IS THAT

25   TOO TIGHT?

```
1              MS. KREVANS:  MR. SELWYN?

2              MS. MAROULIS:  YOUR HONOR, I DON'T KNOW IF MR. WAGNER

3      IS AVAILABLE.  WE CAN CHECK RIGHT AFTER THE HEARING.

4              THE COURT:  RIGHT.  MY ONLY CONCERN IS THAT WE HAVE A

5      BRIEFING DEADLINE ON THE 18TH, AND I WAS HOPING TO BE ABLE TO

6      KEEP THAT DATE BECAUSE THERE WILL BE AT LEAST SEVEN MOTIONS FOR

7      THE PRETRIAL CONFERENCE, AND I -- WE'RE GOING TO NEED THE TIME

8      TO PREPARE THOSE FOR THE PRETRIAL CONFERENCE.

9              MS. KREVANS:  WE CAN DO THE 17TH IF THEY CAN.

10             MS. MAROULIS:  WE WILL ENDEAVOR TO MAKE MR. WAGNER

11     AVAILABLE.

12         I ALSO WOULD LIKE COUNSEL TO, ONCE THEY INSPECT THE

13     EXHIBITS, TO DETERMINE WHETHER THEY ACTUALLY NEED A DEPOSITION,

14     BECAUSE THEY MAY NOT NEED IT.

15             MS. KREVANS:  OF COURSE.

16             THE COURT:  THAT'S FINE.  YEAH, OF COURSE.

17         IF YOU DON'T NEED IT, PLEASE DON'T TAKE IT.

18             MS. KREVANS:  WE DON'T WANT TO WASTE ANYONE'S TIME,

19     YOUR HONOR.

20             THE COURT:  OKAY.  SO THEN ANY REVISION -- WELL, IS

21     THERE ANY CHANCE YOU COULD DO IT BY THE 15TH?  THAT WOULD BE

22     MONDAY.

23             MS. MAROULIS:  YOUR HONOR, PROBABLY NOT BECAUSE --

24             THE COURT:  OKAY.

25             MS. MAROULIS:  NOT FOR US, BUT FOR OTHER PEOPLE IT'S
```

1    A HOLIDAY WEEKEND.

2              THE COURT:  THAT'S FINE.  THAT'S FINE.

3         SO THEN DO A ONE HOUR DEPOSITION, IF NEEDED, ON THE 17TH

4    OF FEBRUARY, AND THEN KEEP YOUR FILING DEADLINES ON THE 18TH.

5         CAN YOU DO THAT?  CAN YOU MEET THAT --

6              MS. KREVANS:  WE COULD DO THAT, YOUR HONOR.

7         BUT WE WOULD LIKE TO GET THE EXHIBIT ON THE 16TH DURING

8    THE DAYTIME, BECAUSE IF WE GET IT AT MIDNIGHT, IT'S GOING TO BE

9    VERY HARD FOR US TO DO A DEPO ON THE 17TH.

10             THE COURT:  SURE.

11             MS. MAROULIS:  WE'LL GET IT TO THEM AS SOON AS WE CAN

12   ON THE 16TH AND TRY TO DO IT DURING THE DAY.

13             THE COURT:  CAN WE SAY 2:00 O'CLOCK?

14             MS. KREVANS:  THAT WOULD BE GREAT, YOUR HONOR.

15             MS. MAROULIS:  WE'LL DO 2:00 O'CLOCK.

16        BUT I WANT TO MAKE SURE THAT, IN CASE MR. WAGNER ON THE

17   17TH IS IN TRIAL OR OUT OF THE COUNTRY, THAT THERE'S NOT A

18   COURT ORDER REQUIRING HIM TO BE HERE.

19        SO IF POSSIBLE, WE WOULD LIKE TO GET BACK TO THE COURT IN

20   A FEW HOURS, OR AS SOON AS WE CAN REACH HIM.  I SIMPLY DON'T

21   KNOW HIS AVAILABILITY.  IF HE'S AROUND, WE'LL MAKE HIS SCHEDULE

22   AVAILABLE AND WE'LL SELECT THAT ONE HOUR SOMEWHERE.

23        BUT IF HE'S NOT HERE, IT'LL BE HARD.

24             MS. KREVANS:  IF HE'S NOT AVAILABLE ON THE 17TH, IF

25   THEY COULD GIVE US THE REPORT EARLIER, MAYBE WE'LL DO THE DEPO

```
 1     ON THE 16TH.

 2               MS. MAROULIS:  WE WILL WORK WITH THEM.  WE'LL TRY.

 3          ALL WE'RE ASKING IS THAT IT'S NOT SET IN STONE ON THE 17TH

 4     SO THAT IF MR. WAGNER IS NOT HERE --

 5               THE COURT:  SURE.  WOULD IT BE POSSIBLE TO CALL HIM

 6     NOW?  I'M HAPPY WAITING.  JUST LET ME KNOW IF THERE'S AN ISSUE.

 7               MS. MAROULIS:  I'M GOING TO ASK MS. JENKINS TO

 8     CONTACT MR. WAGNER'S OFFICE.

 9               THE COURT:  OKAY, THANK YOU.  IF HE'S NOT AVAILABLE,

10     THAT'S FINE.  BUT IT WOULD HELP IN PLANNING.

11               MS. MAROULIS:  ABSOLUTELY.

12               THE COURT:  OKAY.  ALL RIGHT.

13          SO CAN WE TALK ABOUT MS. DAVIS'S CHARTS AND THOSE

14     HEADINGS?

15          SO I AM GOING TO DENY THE MOTION TO STRIKE IT FOR

16     INCLUDING THE PER PATENT, PER PRODUCT BREAKDOWNS.  BUT I

17     UNDERSTAND SAMSUNG'S POINT THAT IT GETS PRETTY CONFUSING, AND

18     SO I WAS GOING TO MAKE SOME SUGGESTIONS AND SEE IF THEY'RE

19     ACCEPTABLE TO BOTH SIDES.

20          AND SO ONE IS THE SUGGESTION ON THE DESIGN PATENTS -- SO,

21     FOR EXAMPLE, I'M LOOKING AT 17.5-R.

22          BUT BEFORE I DO THAT, WHAT IS THE DIFFERENCE BETWEEN

23     17.5-R AND 17.5 -R1?  THE NUMBERS ARE SLIGHTLY DIFFERENT.  WHY

24     WAS IT CORRECTED?  AND WHICH ONE ARE WE SUPPOSED TO USE?  DO WE

25     DISREGARD 17.5-R AND JUST LOOK AT --
```

```
 1              (PAUSE IN PROCEEDINGS.)

 2              MS. KREVANS:  YOUR HONOR, THE DIFFERENCE IS THAT ONE

 3      IS EXPRESSED IN TERMS OF REVENUE AND ONE IS EXPRESSED, FOR THE

 4      SAMSUNG PROFIT, IN TERMS OF GROSS PROFIT.

 5          THE ONE THAT WE INTEND -- I THINK THE RIGHT ONE TO LOOK AT

 6      IS 17.6-R.

 7              THE COURT:  17 --

 8              MS. KREVANS:  I HOPE IT'S THE NEXT PAGE.

 9              THE COURT:  OKAY.  THAT'S THE ONE THAT YOU INTEND TO

10      USE?  NOT 17.5-R OR 17.5-R1?  YOU'RE NOT PLANNING ON USING

11      THOSE?

12              MS. KREVANS:  I THINK THE ANSWER IS ACTUALLY 17.6-R1.

13          THERE ARE ALTERNATIVE SCENARIOS BUILT INTO SOME OF THESE,

14      BUT THE FORMAT SHOULD BE THE SAME.

15              THE COURT:  OKAY.

16              MS. KREVANS:  SO IF WE'RE TALKING ABOUT THE FORMAT,

17      THEY SHOULD BE THE SAME.

18              THE COURT:  OKAY.  LET ME JUST -- OKAY.  SO I HAVE

19      17.6-R1, AND YOU'RE SAYING THAT'S THE ONE YOU'RE GOING TO USE?

20      AND WHAT'S THE DIFFERENCE BETWEEN R AND R1 FOR EXHIBIT 17.6?

21              MS. KREVANS:  I JUST HAVE TO CHECK R AND R1 HERE,

22      YOUR HONOR.

23              THE COURT:  THE NUMBERS FOR THE '381 AND THE D'677

24      DESIGN PATENT ARE DIFFERENT, BUT IT LOOKS LIKE THE '915 AND THE

25      D'305 AND D'087 LOOK THE SAME.
```

```
 1            MS. KREVANS:  YOUR HONOR, I WOULD HAVE TO GO BACK AND

 2       TRACK THAT.  MR. OLSON IS LOOKING AT THAT RIGHT NOW.

 3            BUT THEY'RE ALL IN THE SAME FORMAT, BUT BECAUSE WE HAD

 4       ALTERNATIVES DEPENDING ON WHETHER THE JURY DECIDED, FOR

 5       EXAMPLE, NOT TO ORDER LOST PROFITS SINCE SOME UNITS WERE

 6       SHIPPED, SO WE HAVE A COUPLE DIFFERENT VERSIONS OF EACH OF

 7       THESE SCHEDULES THAT ACCOUNT FOR THAT.

 8            AND AS I STAND HERE, I CAN'T TELL YOU WHICH IS WHICH, BUT

 9       I CAN GET YOU THAT INFORMATION VERY SHORTLY.

10            THE COURT:  OKAY.  WELL, MY UNDERSTANDING WAS THAT --

11       I HEAR WHAT YOU'RE SAYING ABOUT YOU HAVE ONE CHART THAT HAS ALL

12       REMEDIES, LOST PROFITS, INFRINGER'S PROFITS, AND REASONABLE

13       ROYALTY; YOU HAVE ANOTHER ONE THAT JUST HAS LOST PROFITS AND

14       REASONABLE ROYALTY; AND THEN YOU HAVE A THIRD ONE THAT HAS JUST

15       INFRINGER'S PROFITS AND REASONABLE ROYALTY.  SO I UNDERSTAND

16       THAT.

17            BUT WE'RE TALKING ABOUT ALL OF THE 17.5 AND 17.6 HAVE ALL

18       THREE REMEDIES, SO THAT TO ME DOESN'T EXPLAIN THE DIFFERENCE,

19       IF THAT MAKES ANY SENSE, BECAUSE THESE ARE ALL -- IF YOU DON'T

20       HAVE THE ANSWER RIGHT NOW, THAT'S OKAY.

21            MS. MAROULIS:  YOUR HONOR, IF I MAY?

22            THERE WAS A COUPLE OF MINOR ARITHMETIC CORRECTIONS.  MAYBE

23       THAT'S WHAT ACCOUNTS FOR THE DIFFERENT NUMBERS.

24            THE COURT:  OKAY.

25            MS. MAROULIS:  I THINK WE CAN ALL FOLLOW IF WE LOOK
```

1    AT 17.6-R.

2              THE COURT:  WELL, YOU WANT R OR R1?  R1 IS THE --

3              MR. OLSON:  R1 IS A SET OF CORRECTIONS THAT WAS MADE

4    FOR CERTAIN ARITHMETIC ERRORS.

5              THE COURT:  TO R?

6              MR. OLSON:  TO R.

7              THE COURT:  OKAY.

8              MR. OLSON:  AND SO THE END RESULT IS YOU HAVE A

9    17.6-R1 --

10             THE COURT:  OKAY.

11             MR. OLSON:  -- WHICH REFLECTS LOST PROFITS, SAMSUNG'S

12   PROFITS, OR INFRINGER'S PROFITS USING GROSS PROFIT, AND

13   REASONABLE ROYALTY.

14        THERE'S A SEPARATE SCHEDULE, 18, IT'S 18, I BELIEVE, .5,

15   IT ONLY DEALS WITH THEN INFRINGER'S PROFITS AND REASONABLE

16   ROYALTY.

17        AND THEN THERE WAS --

18             THE COURT:  19, 19.2 HAS ONLY LOST PROFITS AND

19   REASONABLE ROYALTY.

20             MR. OLSON:  THAT'S THE LAST OF THEM.

21             THE COURT:  YES.

22             MR. OLSON:  SO THERE'S THREE SCENARIOS.  ONE IS ALL

23   THREE REMEDIES; THE SECOND IS JUST INFRINGER'S PROFITS AND

24   REASONABLE ROYALTY; THE THIRD IS JUST LOST PROFITS AND

25   REASONABLE ROYALTY.

```
 1                THE COURT:  RIGHT.  OKAY.

 2           SO -- BUT FROM YOUR PERSPECTIVE, THE R1'S ARE THE LATEST

 3      AND GREATEST, RATHER THAN THE R?

 4                MR. OLSON:  CORRECT.

 5                THE COURT:  AND THEY WERE JUST CORRECTING

 6      ARITHMETICAL CALCULATION ERRORS?

 7                MR. OLSON:  CORRECT.

 8                THE COURT:  OKAY.

 9                MR. OLSON:  THERE'S AN 18 THAT HAS NO R1.  THERE'S

10      JUST AN 18.5-R BECAUSE THERE WAS NO ARITHMETIC ISSUE.

11                THE COURT:  OKAY.  ALL RIGHT.

12           WELL, THEN LET'S TALK ABOUT R1 SINCE THAT SEEMS TO BE THE

13      RELEVANT ONE.

14           SO WHAT -- CAN WE JUST COME TO AN AGREEMENT HERE THAT -- I

15      THOUGHT WHAT MIGHT BE HELPFUL, RATHER THAN JUST HAVING THE

16      NOTICE DATE AND THE DATE THAT DAMAGES BEGIN, BUT TO HAVE THE

17      TIME PERIOD WHERE THOSE PARTICULAR DAMAGES ARE POSSIBLE.

18                MS. KREVANS:  SO BOTH THE BEGINNING AND THE ENDING OF

19      THE DAMAGES PERIOD?

20                THE COURT:  EXACTLY.  SO PEOPLE KNOW THAT, YOU KNOW,

21      FOR THIS ONE PERIOD, LOST PROFITS IS ONLY POSSIBLE BETWEEN

22      APRIL AND MAY OF 2011; THAT SAMSUNG PROFITS ARE ONLY POSSIBLE

23      BETWEEN APRIL AND JUNE OF 2011.

24           DO YOU SEE WHAT I'M SAYING?  THEN I THINK THAT WOULD HELP

25      CLARIFY THE POSSIBILITY, OR THE CONCERN, THAT THERE'S GOING TO
```

1   BE DUPLICATIVE DAMAGES.

2           AND I -- YOU KNOW, HOWEVER THIS JURY COMES OUT, I WANT TO

3   HELP THEM IN AT LEAST DOING IT METHODOLOGICALLY CORRECT --

4           MS. KREVANS:  UNDERSTOOD.

5           THE COURT:  -- SO WE DON'T HAVE TO DO THIS AGAIN.

6           MS. KREVANS:  I THINK IF WE DID THAT AS FOOTNOTES,

7   RATHER THAN TRYING TO CRAM IT INTO COLUMN HEADINGS, IT WOULD

8   MAKE IT EASIER FOR THE JURY TO READ.

9           WE COULD DO IT, BUT --

10          THE COURT:  OKAY.  YEAH, NO.  I'M FINE WITH HAVING AN

11  EXPLANATION ON THE CHART ITSELF.  I THINK THAT'S HELPFUL.

12          BUT, YOU KNOW, WHAT WAS IN THE EXPERT REPORT AND ON THE

13  CHARTS, I STILL THINK A JURY MAY HAVE DIFFICULTY UNDERSTANDING

14  IT.

15          MS. KREVANS:  YES.

16          THE COURT:  SO TO THE EXTENT IT CAN BE VISUALLY

17  REALLY CLEAR THAT THIS IS ONLY POSSIBLE FOR THIS TWO TO THREE

18  MONTH WINDOW, I THINK THAT WOULD HELP.

19          MS. KREVANS:  ABSOLUTELY, YOUR HONOR.

20          THE COURT:  AND THAT MIGHT ADDRESS YOUR CONCERN,

21  RIGHT?  BECAUSE OTHERWISE I AGREE --

22          MS. MAROULIS:  YEAH.

23          THE COURT:  -- THIS MIGHT MAKE THEM THINK THEY CAN DO

24  ALL OF THESE SIMULTANEOUSLY ALL THE TIME.

25          MS. MAROULIS:  SURE.  WE DON'T HAVE AN OBJECTION TO

1    INCLUDING THE DATE.

2         AND I ACTUALLY AGREE WITH MS. KREVANS, WE MIGHT WANT TO

3    UNLOAD THE CHART AND DO IT IN THE BODY SOMEWHERE ELSE.

4         BUT WE CAN EXPERIMENT WITH THE STRUCTURE.

5              THE COURT:  OKAY.  AND THEN I THOUGHT THAT SAMSUNG'S

6    POINT THAT FOR -- AND I'M LOOKING AT 17.5-R1 -- FOR THE D'305

7    AND D'087 COLUMN, YOU WANT IT TO SAY D'305 OR D'087 OR D'677?

8    IS THAT RIGHT?

9              MS. MAROULIS:  IT REALLY IS, BECAUSE THEY CAN ONLY

10   GET ONE SET OF PROFITS.  THEY CAN'T GET IT MULTIPLE TIMES.

11             THE COURT:  RIGHT.

12             MS. KREVANS:  YOUR HONOR, WE'RE FINE WITH THAT.

13             MS. MAROULIS:  SO ONE WAY TO DO IT WOULD BE WHAT YOU

14   SUGGEST, YOUR HONOR.

15        ANOTHER WAY WOULD BE TO HAVE THE COLUMNS FOR D'305 AND

16   D'087, SAY NO RECOVERY, NO DOUBLE RECOVERY, THE SAME WAY THEY

17   DO IT FOR '163.

18        THAT MAY BE THE MOST EASY TO UNDERSTAND, BECAUSE JUST IN

19   THE SAME WAY AS '163 IS DOUBLE RECOVERY OF OTHER REASONABLE

20   ROYALTY DAMAGES, IF THE JURY AWARDS PROFITS ON D'677, THE

21   PROFITS ON D'305 AND '087 WOULD BE DUPLICATIVE.

22        SO IT MIGHT BE EASIER TO JUST DO IT IN KIND OF A FILL IN

23   FORMAT.

24             MS. KREVANS:  YOUR HONOR, I THINK WE'VE TAKEN CARE OF

25   THAT IN THIS CHART AND AS EXPLAINED BY MS. DAVIS IN HER REPORT

1    AND IN HER DEPO.

2         ALL OF THESE NUMBERS ADD ACROSS IN EACH ROW WITH NO

3    DUPLICATION.

4         AND THE WAY THAT WE DID THAT IS THE D'677 HAS AN EARLIER

5    NOTICE DATE THAN THE DESIGN PATENTS, SO IN THE COLUMN IT'S

6    LABELED JUST D'677.  THERE CAN'T BE DAMAGES TO A DESIGN PATENT

7    THAT'S BEEN GIVEN NO NOTICE YET.

8         THE COURT:  RIGHT.  BUT I THINK IF YOU HAVE THE END

9    DATE, THEN IT'S CLEAR AS TO WHY THIS IS BEING BROKEN OUT

10   SEPARATELY AND WHY IT COULD, IF THE JURY CHOOSES, BE ADDED TO

11   THE INFRINGER'S PROFITS THAT ARE IN THE D'305 AND D'087

12   COLUMNS.

13        MS. KREVANS:  EXACTLY.

14        AND THEN I THINK WE HAVE NO ISSUE WITH THE SUGGESTION, I

15   THINK IT ORIGINALLY CAME FROM MR. WAGNER, THAT WE JUST DO THE

16   OR'S IN THE '305 AND '087 COLUMN AND ADD "OR '677" AFTER THE

17   RELEVANT DATE.

18        THE COURT:  RIGHT.  AND THEN YOU'LL ADD THE BEGINNING

19   AND END DATES SO IT'LL BE CLEARER THAT THAT CAN ONLY BE AWARDED

20   DURING THAT PERIOD, WHICH IS AFTER THE TWO MONTH WINDOW FOR

21   D'677.

22        MS. KREVANS:  EXACTLY.

23        THE COURT:  DOES THAT HELP?

24        MS. MAROULIS:  IF I UNDERSTAND CORRECTLY, IT SOLVES

25   ONE OF THE PROBLEMS, BUT IT DOESN'T SOLVE THE SECOND ONE, WHICH

1    IS THAT D'677 DAMAGES DON'T END AT THE TIME '305 BEGIN.  THEY

2    CONTINUE ON THROUGH THE END OF THE DAMAGES PERIOD.

3         MS. KREVANS:  AND THAT'S WHY WE WOULD ADD '677 TO THE

4    COLUMN.  IT CURRENTLY ONLY SAYS '305 AND '087.

5         BECAUSE ACTUALLY ALL THREE OF THE PATENTS ARE RUNNING AT

6    THAT POINT, SO A PRODUCT INFRINGING ANY THREE WOULD GET THE

7    DAMAGES, BUT NOT MULTIPLE DAMAGES BECAUSE YOU DON'T STACK UP

8    DESIGN PATENT DAMAGES BECAUSE YOU HAVE MULTIPLE DESIGN PATENTS.

9         THE COURT:  WHAT DO YOU FEEL ABOUT THAT?

10        MS. MAROULIS:  OUR CONCERN, AS I THINK WE STATED IN

11   THE BRIEFING, IS THAT THIS KIND OF MINIMIZES AND MAKES SMALL

12   THE DAMAGES THAT ARE ACTUALLY QUITE LARGE FOR EACH OF THOSE

13   PATENTS, RIGHT?

14        IT BREAKS IT DOWN IN A WAY, LIKE, A LITTLE BIT FOR THIS

15   PATENT, A LITTLE BIT FOR THAT PATENT, AND IT'S GOING TO TAKE

16   THE JURY A LONG TIME TO FIGURE OUT THAT ACTUALLY IT'S ALL

17   PROFITS FOR THIS ONE PATENT AND THE OTHER PATENTS ARE JUST A

18   BACKUP IN CASE THIS FIRST PATENT SOMETIME LATER ON DROPS OUT.

19        SO THE CONCERN -- THE REASON WE SUGGESTED ANOTHER WAY OF

20   DOING IT, WHICH IS TO SAY NO DOUBLE RECOVERY FOR TWO DESIGN

21   PATENTS, THE SAME WAY WE'RE DOING IT FOR THE REASONABLE

22   ROYALTY, IS TO AVOID THAT IMPRESSION THAT THESE DAMAGES SOMEHOW

23   ARE SMALLER THAN THE DAMAGES IN THE WHOLE --

24        MS. KREVANS:  YOUR HONOR, IF I COULD MAKE A

25   SUGGESTION?  WE DON'T NEED TO WAIT TO MEET AND CONFER ABOUT

1    THIS PART OF THINGS AND TRY TO RESOLVE THESE THINGS FOR THE

2    SUPPLEMENT.

3         THE COURT:  UM-HUM.

4         MS. KREVANS:  I THINK WE COULD ALSO FIX THIS ISSUE

5    WITH AN EXPLANATORY FOOTNOTE ON THE FACE OF THIS SO THERE'S NO

6    CONFUSION IN THE JURY'S MIND THAT ONCE YOU HIT THE NOTICE DATE

7    FOR THE '305 AND THE '087, YOU NOW HAVE THREE DESIGN PATENTS

8    RUNNING, BUT YOU ONLY GET ONE DESIGN PATENT DAMAGES WHETHER

9    IT'S ONE, TWO, OR THREE THAT ARE INFRINGED.

10        THE COURT:  YOU KNOW, WHAT YOU COULD DO IS FOR THE

11   D'677, LET'S SAY YOU SAY THE, YOU KNOW, PERIOD FOR SAMSUNG'S

12   PROFITS IS APRIL 15, 2011, THROUGH JUNE 16 OF 2011, AND THEN

13   SAY WHATEVER THAT PERIOD IS THAT'S AFTER THE OTHER TWO DESIGN

14   PATENTS, RIGHT?

15        AND THEN FOR THE COLUMN WHERE IT'S GOING TO BE EITHER THE

16   THREE DESIGN PATENTS, JUST HAVE THAT WINDOW WHERE ALL THREE

17   PATENTS ARE ELIGIBLE FOR INFRINGER'S PROFITS.

18        MS. KREVANS:  AND THAT'S EXACTLY WHAT I UNDERSTOOD

19   YOUR HONOR TO SUGGEST AND THAT'S THE NOTE I THINK --

20        THE COURT:  I JUST DON'T THINK WE HAVE TO HAVE THEN

21   ANOTHER D'677 COLUMN THAT HAS -- YOU WOULD LIKE TO SPELL OUT

22   THAT THE D'677 IS ELIGIBLE FOR SAMSUNG'S PROFITS FOR A LONGER

23   PERIOD THAN THE OTHER TWO DESIGN PATENTS, RIGHT?

24        MS. MAROULIS:  RIGHT, JUST TO MAKE IT CLEAR.

25        THE COURT:  YEAH.

1              MS. MAROULIS:  BECAUSE THE OTHER DESIGN PATENTS, YOU

2    DON'T GET DOUBLE RECOVERY FOR THEM.

3              THE COURT:  I UNDERSTAND.

4         BUT WHY CAN'T WE JUST ADD THAT TO THE D'677 COLUMN, AND

5    WHERE WE'RE GOING TO HAVE SORT OF ELIGIBLE TIME PERIODS FOR

6    THIS TYPE OF DAMAGES, PUT IN BOTH APRIL THROUGH JUNE OF 2011

7    AND THEN PUT IN -- I DON'T KNOW WHAT THE REMAINING DATE IS, BUT

8    PUT THE REMAINING DATE SO THAT THE JURORS KNOW, OKAY, FOR THIS

9    WINDOW OF TIME, ONLY THE D'677 IS ELIGIBLE FOR SAMSUNG'S

10   PROFITS.

11             MS. KREVANS:  YES.

12        AND THEN THE NEXT COLUMN OVER --

13             THE COURT:  I JUST DON'T WANT TO CREATE TOO MANY

14   COLUMNS BECAUSE I THINK IT'LL GET EVEN MORE CONFUSING.

15             MS. MAROULIS:  UNDERSTOOD, YOUR HONOR.

16        THE ONLY PROBLEM IS THAT NOT ALL PRODUCTS INFRINGE D'087

17   AND THE WAY IT'S PORTRAYED IN APPLE'S SCHEDULE RIGHT NOW IS IT

18   LOOKS LIKE ALL PRODUCTS INFRINGE '087.

19        THAT'S SOMETHING WE SHOULD TRY TO WORK OUT, I DON'T KNOW

20   IF WE NEED TO DO IT IN REALTIME RIGHT NOW, BUT IT IS A CONCERN

21   BECAUSE WE HAVE BOXES SHOWING WHICH PRODUCTS ARE NOT ACCUSED OR

22   DON'T INFRINGE FOR OTHER MEASURES OF DAMAGES, AND THE SAME

23   SHOULD HAPPEN FOR '087 TO THE EXTENT PRODUCTS ARE FOUND NOT TO

24   INFRINGE OR ARE NOT ACCUSED.

25             MS. KREVANS:  I THINK -- I THINK WE CAN TAKE CARE OF

1    THAT WITH OR'S IN THE COLUMN HEADING, AND AS I SAID, WITH A

2    NICE STATEMENT DOWN BELOW.

3         WE CAN EVEN CALL OUT THE ONE PRODUCT THAT ONLY INFRINGES

4    THE '087 PATENT.

5              THE COURT:  THAT'S FINE.  YOU CAN DO THAT IN A

6    FOOTNOTE.

7         I ACTUALLY THINK THAT IF WE HAVE THREE SEPARATE COLUMNS

8    FOR DESIGN PATENTS, THAT COULD ACTUALLY CAUSE THEM TO BELIEVE

9    THAT THEY CAN ACTUALLY AWARD INFRINGER'S PROFITS FOR EVERY

10   SINGLE PATENT, WHICH I THINK WOULD PROBABLY BE MORE PROBLEMATIC

11   FROM YOUR PERSPECTIVE.  YOU WANT THEM TO KNOW THAT YOU CAN ONLY

12   DO IT ONCE --

13             MS. MAROULIS:  RIGHT.

14             THE COURT:  -- FOR ANY OF THESE THREE.

15        SO I THINK THAT'S ACTUALLY MORE HELPFUL TO YOU,

16   MS. MAROULIS.

17             MS. MAROULIS:  WELL, WE'RE GOING TO ADD NO DOUBLE

18   RECOVERY TO EACH, SO THEY WOULDN'T HAVE ANY PLACE TO ADD

19   DAMAGES.

20             THE COURT:  I SEE.  WELL, THEY CAN DROP A FOOTNOTE

21   THAT CLARIFIES WHICH PATENTS ARE INFRINGED BY WHICH PRODUCTS,

22   AND THAT WOULD BE HELPFUL.

23             MS. KREVANS:  YES.

24        AND, YOUR HONOR, I CAN ASSURE YOU, AND I THINK MR. WAGNER

25   WOULD AGREE WITH THIS, THAT THE NUMBERS THAT ARE ACTUALLY IN

1    THESE COLUMNS -- WHICH I CAN'T SAY OUT LOUD IN COURT -- DO NOT

2    INCLUDE ANY DOUBLE RECOVERY.

3        IT'S ONE DESIGN PATENT DAMAGES MEASURE, NO MATTER HOW MANY

4    ARE INFRINGED IN THE LATER TIME PERIOD WHERE THEY'VE AGREED

5    THEY HAVE NOTICE.

6        THE COURT:  YEAH.  OKAY.  WELL -- OKAY.

7        HOW ARE WE GOING TO MOVE FORWARD?  I'D LIKE TO SET A DATE

8    BY WHICH YOU'RE GOING TO -- I THINK THIS IS SOLVABLE.  SO WHEN

9    CAN YOU DO THAT?

10        MS. KREVANS:  WHY DON'T WE SEND THEM A PROPOSED

11    REVISED TEMPLATE --

12        THE COURT:  OKAY.

13        MS. KREVANS:  -- TOMORROW?

14        THE COURT:  OKAY.

15        MS. KREVANS:  AND THEY CAN GIVE US A CALL AND WE CAN

16    DISCUSS IT AND HOPEFULLY WORK IT OUT AND JUST SUBMIT IT WHEN WE

17    SUBMIT THE REST OF THE FILINGS ON THE 18TH.  I MEAN, THAT GIVES

18    US A WEEK TO WORK IT OUT, WHICH SHOULD BE PLENTY OF TIME.

19        THE COURT:  ALL RIGHT.  SO TOMORROW IS THE 12TH.

20        WHEN CAN WE -- I'D LIKE TO SET A DATE BY WHICH, YOU KNOW,

21    YOU'RE GOING TO GET AS FAR AS YOU CAN IN TERMS OF ANY AGREEMENT

22    AND THEN LET ME KNOW.

23        MS. KREVANS:  DO YOU WANT THAT TO BE THE 16TH?  THE

24    17TH?  I MEAN, WE WANT TO SUBMIT WHATEVER WE HAVE.

25        MS. MAROULIS:  YOUR HONOR, I THINK THE HOPE IS TO

1    SUBMIT ON THE 18TH ONE VERDICT FORM, OR AT MOST, A VERDICT FORM

2    WITH A COUPLE OF BULLET POINTS WHERE PEOPLE DIFFER, BECAUSE WE

3    HOPE NOT TO HAVE DIFFERENT COMPLETE FORMS AFTER ALL OF THIS

4    BACK AND FORTH AND GUIDANCE FROM THE COURT.

5         SO I SUGGEST WE AIM TO SIMPLY FILE WITH THE COURT -- IT

6    WAS ORIGINALLY JUNE 25TH, BUT IT SOUNDS LIKE THE COURT WANTS IT

7    ON THE 18TH WITH THE OTHER FILINGS.

8              THE COURT:  YEAH.

9              MS. MAROULIS:  SO I'LL SAY WE'LL START MEETING AND

10   CONFERRING TOMORROW AS SOON AS WE GET APPLE'S PAPERS, AND THEN

11   ON THE 18TH WE'LL FILE SOMETHING FOR THE COURT TO LOOK AT.

12             THE COURT:  ALL RIGHT.  THAT'S FINE.  SO FILE THAT ON

13   FEBRUARY 18TH OF 2016.  OKAY.

14             MS. MAROULIS:  AND, YOUR HONOR, MR. WAGNER IS

15   AVAILABLE ON THE 17TH.

16             THE COURT:  OH, FANTASTIC.

17             MS. MAROULIS:  SO WE'LL PROCEED.

18             MS. KREVANS:  LET US KNOW WHAT TIME WORKS FOR HIM.

19             MS. MAROULIS:  YES.

20             THE COURT:  ALL RIGHT.  THANK YOU.  I REALLY

21   APPRECIATE THAT.

22        OKAY.  I'D LIKE TO ADVANCE SOME OF THE DEADLINES JUST TO

23   GIVE US MORE TIME.

24        SO ONE REQUEST I HAVE IS SAMSUNG'S WITNESS LIST WAS NOT

25   DIVIDED UP INTO MAY CALL AND WILL CALL WITNESSES, AND I THOUGHT

```
1    THAT WAS HELPFUL IN THE PAST THREE TRIALS JUST TO KNOW WHO WAS

2    A WILL CALL AND WHO WAS A MAY CALL.

3         CAN YOU MAKE THAT DISTINCTION IN YOUR WITNESS LIST?

4              MS. MAROULIS:  YES, YOUR HONOR.

5              THE COURT:  OKAY.  WHEN -- I'D LIKE YOU TO DO THAT BY

6    THE 16TH.  CAN YOU DO THAT?

7              MS. MAROULIS:  YES, YOUR HONOR.  WE WERE PLANNING TO

8    DO IT ON THE 18TH WITH THE REST OF THE SUBMISSIONS, BUT WOULD

9    THE COURT LIKE A DIFFERENT -- BECAUSE IT'S GOING TO BE ATTACHED

10   TO OUR JOINT PRETRIAL STATEMENTS, BOTH PARTIES' WITNESS LISTS.

11   BUT WE CAN FILE THEM ON THE 16TH.

12             THE COURT:  OKAY.  THANK YOU.  I'D APPRECIATE IT IF

13   YOU WOULD DO IT ON THE 16TH.

14        NOW, I WOULD LIKE TO ADVANCE THE DEADLINE WHEN YOU'RE

15   GOING TO FILE PROPOSED PRELIMINARY JURY INSTRUCTIONS, PROPOSED

16   FINAL JURY INSTRUCTIONS, VOIR DIRE QUESTIONS AND THE VERDICT

17   FORM, AND I'D LIKE YOU TO FILE THEM JOINTLY AFTER YOU'VE MET

18   AND CONFERRED, IDENTIFY WHERE YOU AGREE AND WHERE YOU DISAGREE,

19   AND GIVE REASONS WHY YOUR PROPOSAL IS BETTER AND SHOULD BE

20   ADOPTED.

21        IS IT POSSIBLE FOR YOU TO FILE THAT BY THE 19TH?  THAT

22   WOULD BE FRIDAY.

23             MS. KREVANS:  YES, YOUR HONOR.

24             MS. MAROULIS:  YES, YOUR HONOR.

25             THE COURT:  ALL RIGHT.  THANK YOU.
```

```
1          OKAY.  NOW, BASED ON THE ORDER THAT WAS ISSUED LAST NIGHT

2    THAT RULED ON ALL THE REST OF YOUR MOTIONS TO STRIKE, WHAT I

3    WOULD FIND VERY HELPFUL IS IF YOU COULD SUBMIT A CLEAN VERSION

4    OF YOUR EXPERT REPORT THAT INCORPORATES THOSE CHANGES, YOU TAKE

5    OUT ALL THE IRREPARABLE HARM AND OTHER THINGS I SAID TO STRIKE,

6    AND THEN YOU GIVE ME A RED LINE VERSION WHICH SHOWS WHICH

7    CHANGES YOU'VE MADE AS A RESULT OF THE ORDERS ON THE MOTIONS TO

8    STRIKE.

9          I'D LIKE THAT BY THE 26TH OF FEBRUARY.

10         CAN YOU DO THAT?

11            MS. KREVANS:  WE CAN, YOUR HONOR.

12            MS. MAROULIS:  YES, YOUR HONOR.

13            THE COURT:  AND I'D LIKE ONE HARD COPY BECAUSE I'D

14   LIKE TO HAVE THAT UP ON THE BENCH WITH ME SO IF YOU MAKE AN

15   OBJECTION THAT, YOU KNOW, SOMETHING WAS OR WAS NOT STRICKEN, I

16   CAN IMMEDIATELY LOOK TO A RED LINE VERSION AND, YOU KNOW,

17   CONFIRM WHAT HAPPENED.

18         OKAY.  SO I'D LIKE, BY THE 26TH OF FEBRUARY, FOR YOU TO

19   SEND THE ONE HARD COPY, AND THEN IF YOU WOULD PLEASE ALSO SEND

20   PDF'S OF BOTH THE CLEAN AND RED LINE VERSIONS TO MS. SAKAMOTO'S

21   E-MAIL SO WE HAVE IT IN SOFT AND HARD COPY.

22         OKAY.  NOW, THE OTHER THING I WANTED TO ADDRESS IS WE HAVE

23   A SUPPLEMENTAL DAMAGES HEARING SET FOR MARCH 24TH, WHICH IS

24   FOUR DAYS BEFORE OUR TRIAL.  SO I'D LIKE TO KEEP THE BRIEFING

25   SCHEDULE AS IS, BUT I WAS WONDERING, IN CASE THERE'S JUST A LOT
```

1    TO DO, YOU KNOW, FOUR DAYS BEFORE THE TRIAL, WHETHER WE MIGHT

2    WANT TO CONTINUE THE HEARING TO APRIL 14TH OR APRIL 21ST.

3          I DON'T KNOW YOUR AVAILABILITY ON THOSE DATES, BUT I JUST

4    THINK THERE'S GOING TO BE A LOT TO DO FOUR DAYS BEFORE JURY

5    SELECTION.

6          MS. MAROULIS:  THAT WOULD BE FINE, YOUR HONOR, FOR

7     SAMSUNG.

8          MR. MCELHINNY:  THE 14TH WOULD WORK FOR ME, YOUR

9     HONOR.  ON THE 21ST I HAVE ANOTHER ENGAGEMENT.

10         THE COURT:  OH, OKAY.  ALL RIGHT.

11         WELL, LET'S GO AHEAD AND MOVE THAT TO APRIL 14TH.  I THINK

12   EVERYONE IS GOING TO BE VERY TIRED, BUT I THINK WE'LL HAVE MORE

13   TIME TO DEVOTE TO THE MOTION RATHER THAN FOUR DAYS BEFORE THIS

14   TRIAL.

15         OKAY.  SO THAT HEARING IS CONTINUED.

16         SO WE HAVE OUR CASE SCHEDULE FOR THE REST OF THE CASE.

17   ALL RIGHT.

18         SO NOW I HAVE ANOTHER PROPOSAL FOR YOU.  SO AT THIS TIME

19   WE HAVE SIX MOTIONS IN LIMINE, THREE PER SIDE, AND WE HAVE

20   SAMSUNG'S ADDITIONAL MOTION THAT YOU FILED TO ADMIT EVIDENCE

21   THAT WAS NOT PREVIOUSLY ADMITTED IN THE PREVIOUS TWO TRIALS IN

22   THIS CASE.

23         SO I'D LIKE TO MAKE A PROPOSAL AND HEAR FROM YOU.

24         I WOULD LIKE TO BE ABLE TO DESIGNATE ONE MOTION THAT I'D

25   LIKE TO HEAR ORAL ARGUMENT FROM BY SOMEONE AT EACH OF YOUR

```
 1     FIRMS, OR WHOEVER YOU DECIDE, THAT HAS GRADUATED FROM LAW

 2     SCHOOL FIVE YEARS OR LESS, FIVE YEARS OUT OF LAW SCHOOL.

 3               MR. MCELHINNY:  WE ACCEPT, YOUR HONOR.

 4               THE COURT:  OKAY.  AND THEN --

 5               MS. MAROULIS:  SAME.

 6               THE COURT:  ALL RIGHT.

 7          THEN I'D LIKE TO SET ANOTHER MOTION WHERE I'D LIKE IT TO

 8     BE ARGUED BY SOMEONE WHO'S SEVEN YEARS OR LESS OUT OF LAW

 9     SCHOOL.

10          SO -- AND I'LL TRY TO DO THE HARDER ONE FOR THE SEVEN YEAR

11     OR LESS, AND THE SLIGHTLY LESS HARD ONE FOR THE FIVE YEAR OR

12     LESS.

13               MR. MCELHINNY:  WE ACCEPT THAT AS WELL, YOUR HONOR.

14               THE COURT:  OKAY.

15               MS. MAROULIS:  YES, YOUR HONOR.

16          IS IT TWO DIFFERENT PEOPLE OR SAME PERSON?  JUST --

17               THE COURT:  TWO DIFFERENT PEOPLE.

18          (LAUGHTER.)

19               MS. MAROULIS:  I GUESS --

20               THE COURT:  TWO DIFFERENT PEOPLE.

21          AND IT CAN'T BE YOU, MS. MAROULIS.

22               MS. MAROULIS:  I WISH THAT WERE THE CASE.

23               THE COURT:  OKAY.  SO I HAD A COUPLE OF THOUGHTS.

24     EITHER I COULD PICK BOTH, OR I CAN PICK THE ONE FOR THE SEVENTH

25     YEAR AND LET YOU ALL PICK THE FIFTH YEAR ONE, BUT I WASN'T SURE
```

```
1         IF YOU'D BE ABLE TO REACH AGREEMENT.

2             SO I'M HAPPY TO PICK BOTH, OR IF YOU HAVE AN ALTERNATIVE

3    PROPOSAL -- AND THEN HOW MUCH NOTICE DO YOU WANT ME TO GIVE AS

4    TO WHICH OF THE SEVEN MOTIONS IT'S GOING TO BE?  BECAUSE AS YOU

5    CAN TELL, WE USUALLY WORK ON THESE AND TRY TO GET THE ORDERS

6    OUT IN ADVANCE, BUT IF YOU NEEDED ME TO TELL YOU SOONER THAN

7    THE DAY OR TWO DAYS BEFORE, I'M HAPPY TO DO THAT SO YOU CAN

8    PREP YOUR PERSON.

9             MR. MCELHINNY:  OUR SAD STORY, OF COURSE, IS THAT

10   MR. SABRI WAS GOING TO ARGUE HIS FIRST MOTION IN THE CASE

11   TODAY, BUT YOU RULED ON IT LATE LAST NIGHT.

12            THE COURT:  I'LL LET HIM ARGUE ANYWAY IF HE WANTS TO

13   COME UP.

14        (LAUGHTER.)

15            MR. MCELHINNY:  AND, UNFORTUNATELY, I THINK HE'S

16   OUTSIDE THE WINDOWS YOU'RE SETTING.

17            MS. MAROULIS:  I WILL STIPULATE FOR MR. SABRI TO

18   ARGUE THE MOTION.

19            THE COURT:  OKAY.  MR. SABRI, I'M GOING TO LET YOU

20   ARGUE ONE OF THE MOTIONS THAT I HAVE ALREADY RULED ON.

21        (LAUGHTER.)

22            MR. MCELHINNY:  BUT AS TO THE OTHER, I THINK IT'S

23   EASIER FOR US IF YOU TELL US WHICH MOTIONS, SO YOU KNOW.

24            THE COURT:  OKAY, THAT'S FINE.  OKAY, THAT'S FINE.

25   I'LL TRY TO PICK THE HARDER ONE FOR THE SEVENTH YEAR OR MORE
```

```
 1        RECENT.
 2             ALL RIGHT.  MR. SABRI, WHAT WERE YOU GOING TO SAY TODAY?
 3             (LAUGHTER.)
 4             MR. SABRI:  THANK YOU, YOUR HONOR.  IT'S FINE.
 5             THE COURT:  I'M ALL EARS IF YOU WANT TO --
 6             MS. KREVANS:  HE WAS GOING TO SAY HE'S A NINTH YEAR,
 7    UNFORTUNATELY.
 8             THE COURT:  OKAY.  IF YOU WANT TO TELL ME THAT THE
 9    ORDERS LAST NIGHT WERE JUST EXCEPTIONALLY CORRECT, THAT'S GOOD
10    TO HEAR, TOO.
11             (LAUGHTER.)
12             MR. SABRI:  WE APPRECIATED THEM VERY MUCH, YOUR
13    HONOR.
14             THE COURT:  ALL RIGHT.  OKAY.
15             ALL RIGHT.  SO WHAT ELSE?
16             OH, YOU DIDN'T TELL ME, HOW MUCH ADVANCE NOTICE DO YOU
17    NEED TO PREP YOUR ATTORNEYS?
18             MR. MCELHINNY:  WE HAVE TO HIRE PEOPLE.
19             (LAUGHTER.)
20             MS. MAROULIS:  CAN WE HAVE A WEEK, YOUR HONOR?
21             THE COURT:  THAT'S FINE.
22             MS. MAROULIS:  BECAUSE IF THEY'RE NOT IN THIS OFFICE,
23    I NEED TO BRING THEM IN.
24             THE COURT:  THAT'S FINE.  SO I'M GOING TO TELL YOU
25    BY -- OKAY.  SO MARCH 3RD IS OUR DATE.  I'M GOING TO TELL YOU
```

1    BY FEBRUARY 25TH WHICH ONES ARE TO BE ARGUED BY A SEVENTH YEAR

2    OR MORE RECENTLY GRADUATED OR A FIFTH YEAR OR MORE RECENTLY

3    GRADUATED.

4        NOW, IF THERE WEREN'T SO MUCH MONEY AT STAKE, I WOULD EVEN

5    GO MORE RECENTLY OUT OF LAW SCHOOL, BUT I THINK THIS MIGHT BE

6    THE BEST BECAUSE OF THE SIGNIFICANCE OF THIS CASE TO YOUR

7    CLIENTS.

8        MR. MCELHINNY:  IS THERE A 50 YEAR OR YOUNGER?

9        (LAUGHTER.)

10       THE COURT:  ALL RIGHT.  WHAT ELSE?  IS THERE ANYTHING

11   ELSE THAT WE NEED TO DO?

12       MS. MAROULIS:  I DON'T THINK SO, YOUR HONOR.

13       THE COURT:  OKAY.  ALL RIGHT.  THEN I WILL SEE YOU ON

14   MARCH 3RD, THEN, FOR THE PRETRIAL CONFERENCE.

15       OKAY.  ALL RIGHT.  THANK YOU.

16       MS. KREVANS:  THANK YOU, YOUR HONOR.

17       MR. MCELHINNY:  THANK YOU, YOUR HONOR.

18       MS. MAROULIS:  THANK YOU, YOUR HONOR.

19       MR. LEE:  THANK YOU, YOUR HONOR.

20       (THE PROCEEDINGS WERE CONCLUDED AT 2:21 P.M.)

21

22

23

24

25

1

2

3                    CERTIFICATE OF REPORTER

4

5

6

7          I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8     STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9     280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10    CERTIFY:

11         THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12    A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13    ABOVE-ENTITLED MATTER.

14

15

16    _____
      LEE-ANNE SHORTRIDGE, CSR, CRR
17    CERTIFICATE NUMBER 9595

18         DATED:  FEBRUARY 11, 2016

19

20

21

22

23

24

25