| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> ERIK J. OLSON (CA SBN 175815) <br> ejolson@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 <br><br> Attorneys for Plaintiff and <br> Counterclaim-Defendant APPLE INC. | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No.    11-cv-01846-LHK (PSG) <br><br> **APPLE'S MOTION IN LIMINE REGARDING POST-TRIAL EVENTS** <br><br> Date:      March 3, 2016 <br> Time:      1:30 p.m. <br> Place:     Courtroom 8, 4th Floor <br> Judge:     Hon. Lucy H. Koh |

## I. INTRODUCTION

Consistent with the Court's orders that new methodologies, theories, and data not timely disclosed for the July 2012 trial will not be permitted at the damages retrials (Dkt. 2316 at 3; Dkt. 2369 at 2; Dkt. 3272 at 2), the Court previously excluded in connection with the November 2013 damages retrial evidence or argument relating to post-trial design-arounds, post-trial reexamination proceedings, a post-trial settlement agreement, post-trial briefing and rulings on a permanent injunction, and post-trial evidence about Samsung's alleged fixed and variable costs. Apple requests that the Court extend these prior rulings to prohibit the parties from presenting evidence or argument regarding *any* post-trial events, including most recently the Federal Circuit's rulings on trade dress in this matter.

## II. ADMISSION OF POST-TRIAL EVIDENCE WOULD VIOLATE THE COURT'S "GROUNDHOG DAY" RULES FOR THE RETRIAL.

The Court has ruled that theories not timely disclosed during discovery cannot be presented at trial, whether in August 2012 or November 2013 or at the remand damages trial. (Dkt. 1545 at 5-9; Dkt. 2316 at 3; Dkt. 2369 at 2; Dkt. 3272 at 2.)  As the Court explained in connection with the November 2013 damages retrial: "This is going to be Groundhog Day. You're going to be reliving July of 2012. . . . There is no discovery to be had here. . . . There's going to be nothing new in this case." (Dkt. 2320 at 41:18-42:4.)

Pursuant to those "Groundhog Day" rules, the Court previously excluded the following post-trial evidence in connection with the November 2013 damages retrial:

- Evidence or argument relating to reexamination proceedings before the USPTO for Apple's asserted patents (Dkt. 2552 at 2; *see also* Dkt. 2400);
- File histories from post-trial reexamination proceedings for the '381 and '915 patents (Dkt. 2552 at 3; *see also* Dkt. 2415 at 2-3);
- Mr. Wagner's opinions based on post-trial patent reexaminations (Dkt. 2575 at 12);
- Evidence or argument relating to Samsung's design-around theories based on patent reexamination proceedings (Dkt. 2552 at 2; *see also* Dkt. 2403);

- Evidence or argument relating to Samsung's design-around theories first disclosed in post-trial briefing on a permanent injunction (Dkt. 2552 at 2; *see also* Dkt. 2403);
- Testimony from Jaewoo Park, Jong-wook Shim, and Sun-young Yi regarding Samsung's hypothetical design-arounds and the cost of design-arounds that Samsung did not timely disclose in advance of the 2012 trial (Dkt. 2552 at 3; *see also* Dkt. 2413 at 3);
- Mr. Wagner's opinions regarding post-trial design-arounds (Dkt. 2575 at 12);
- Briefing and orders relating to Apple's post-trial motion for a permanent injunction (Dkt. 2552 at 4; *see also* Dkt. 2415 at 6);
- Mr. Wagner's opinions based on the Court's Order denying Apple's request for a permanent injunction (Dkt. 2575 at 12);
- An HTC settlement agreement postdating the July 2012 trial (Dkt. 2667; *see also* Dkt. 2415 at 6);
- Mr. Wagner's opinions regarding the HTC settlement agreement postdating the July 2012 trial (Dkt. 2575 at 12);
- Mr. Wagner's opinions regarding Samsung's fixed and variable costs based on post-trial evidence gathered from Samsung employees (Dkt. 2575 at 12).

These exclusionary rulings "remain in effect as law of the case" and "[t]he parties may not relitigate these issues." (Dkt. 3272 at 3.)

Apple requests that the Court extend these rulings to apply to *all* post-trial evidence, including the most recent Federal Circuit order relating to this case. A nonexclusive list of such post-trial evidence or argument includes (1) post-trial alleged design-arounds relating to Apple's patents-in-suit, (2) post-trial reexamination or other PTO proceedings relating to Apple's patents-in-suit, (3) post-trial rulings by the Court in this case, (4) post-trial rulings by the Federal Circuit in this case, (5) the proceedings in the 630 case, including the jury verdict in that case, and (6) all other information and events not timely disclosed in connection with the July 2012 trial.

### III. ADMISSION OF POST-TRIAL EVIDENCE WOULD UNFAIRLY PREJUDICE APPLE.

Other than the evidence discussed in connection with Samsung's Motion to Introduce at the Damages Retrial Evidence Created After the July 2012 Trial (*see* Dkt. 3352), Samsung has not disclosed any post-trial evidence it might seek to introduce or reference at the damages remand trial. Indeed, it has acknowledged that such evidence is precluded by the Court's prior orders. (*Id*. at 1; Dkt. 3379 at 1.)

Apple would be unfairly prejudiced if Samsung were permitted to present evidence that was not timely disclosed in connection with the July 2012 trial, which has not been in any way tested or vetted via the fact or expert discovery process, and to which Apple has had no opportunity to respond. Accordingly, Samsung should not be allowed to introduce any evidence or argument relating to post-trial events.

### IV. CONCLUSION

For the foregoing reasons, the Court should exclude evidence or argument regarding *any* post-trial events.

Dated: February 18, 2016        MORRISON & FOERSTER LLP

By:   */s/ Rachel Krevans*
      RACHEL KREVANS

      Attorneys for Plaintiff
      APPLE INC.