| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| RACHEL KREVANS (CA SBN 116421) | WILMER CUTLER PICKERING |
| rkrevans@mofo.com | HALE AND DORR LLP |
| ERIK J. OLSON (CA SBN 175815) | 60 State Street |
| ejolson@mofo.com | Boston, MA 02109 |
| MORRISON & FOERSTER LLP | Telephone: (617) 526-6000 |
| 425 Market Street | Facsimile: (617) 526-5000 |
| San Francisco, California 94105-2482 | |
| Telephone: (415) 268-7000 | MARK D. SELWYN (SBN 244180) |
| Facsimile: (415) 268-7522 | mark.selwyn@wilmerhale.com |
| | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| Attorneys for Plaintiff and | 950 Page Mill Road |
| Counterclaim-Defendant APPLE INC. | Palo Alto, California 94304 |
| | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.   11-cv-01846-LHK (PSG) |
| Plaintiff, | **APPLE'S MOTION IN LIMINE REGARDING REEXAMINATION OR IPR PROCEEDINGS** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Date:    March 3, 2016<br>Time:    1:30 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |
| Defendants. | |

## I. INTRODUCTION

As the Court has instructed, new methodologies, theories, and data not timely disclosed for the July 2012 trial will not be permitted in the upcoming remand damages trial. (Dkt. 2316 at 3; Dkt. 2369 at 2; Dkt. 3272 at 2.) The Court has also instructed that its "prior rulings on the parties' . . . motions *in limine* . . . will remain in effect as law of the case" and that "[t]he parties may not relitigate these issues." (Dkt. 3272 at 3.) Before the August 2012 trial, the Court granted Apple's motion *in limine* to exclude all evidence and argument regarding "how other courts or tribunals have construed or ruled on any Apple or Samsung patents." (Dkt. 1267 at 3.) Before the November 2013 damages retrial, the Court granted Apple's motion *in limine* to exclude all evidence and argument relating to "[p]atent [r]eexamination [p]roceedings." (Dkt. 2552 at 2; *see also* Dkt. 2562, 10/17/2013 Hrg Tr. 6:15-7:6.)

Despite the Court's explicit instructions and prior rulings, Samsung has indicated that it may seek to introduce evidence and argument regarding proceedings conducted by the U.S. Patent and Trademark Office ("PTO"). For example, Samsung's damages expert Michael Wagner included a discussion of the '915 reexamination proceedings in his November 2015 report, which disclosed his opinions solely for the purpose of the remand trial. (*E.g.*, Dkt. 3333-5 nn. 401, 751.) Recognizing that those opinions were new and violated the Court's "Groundhog Day" rules, the Court granted "Apple's motion to exclude Wagner's opinions regarding the '915 patent invalidity proceedings" from the remand trial. (Dkt. 3380 at 20.)

To ensure that Samsung does not attempt to introduce evidence relating to PTO proceedings during the remand trial, Apple again requests that the Court exclude all evidence and argument regarding PTO proceedings for the patents-in-suit, including any past or pending reexamination proceedings relating to the '381 patent, the '915 patent, and the D'677 patent, or any *inter partes* review ("IPR") proceedings relating to the '163 patent.[1]

---

[1] A petition for *inter partes* review was filed by an entity named "Intellectual Integrity, LLC" on January 22, 2016. *See Intellectual Integrity, LLC v. Apple Inc.*, No. IPR2016-00500 (P.T.A.B. Jan. 22, 2016). The PTO has not yet decided whether to institute an *inter partes* review.

## II. ADMISSION OF REEXAMINATION OR IPR PROCEEDINGS WOULD VIOLATE THE COURT'S "GROUNDHOG DAY" RULES FOR THE REMAND TRIAL.

Pursuant to the Court's "Groundhog Day" rules (*see* Dkt. 2320 at 41:18-42:4), the Court previously excluded the following evidence from PTO proceedings in connection with the November 2013 damages retrial:

- Evidence or argument relating to reexamination proceedings before the PTO for Apple's asserted patents (Dkt. 2552 at 2; *see also* Dkt. 2400);
- File histories from reexamination proceedings for the '381 and '915 patents (Dkt. 2552 at 3; *see also* Dkt. 2415 at 2-3);
- Mr. Wagner's opinions based on patent reexaminations (Dkt. 2575 at 12); and
- Evidence or argument relating to Samsung's design-around theories based on patent reexamination proceedings (Dkt. 2552 at 2; *see also* Dkt. 2403).

These exclusionary rulings "remain in effect as law of the case" and "[t]he parties may not relitigate these issues." (Dkt. 3272 at 3.) Apple requests that the Court extend these rulings to preclude from the remand trial all evidence and argument regarding any PTO proceedings, including any reexamination or *inter partes* review proceedings that have occurred since the Court's rulings made in connection with the November 2013 retrial.

## III. ANY EVIDENCE OF REEXAMINATION OR IPR PROCEEDINGS SHOULD ALSO BE EXCLUDED UNDER FEDERAL RULE OF EVIDENCE 403.

Evidence regarding the PTO proceedings should additionally be excluded under Federal Rule of Evidence 403. (Dkt. 2552 at 2.) As the Court ruled before the November 2013 damages retrial, any probative value of the PTO proceedings would be "minimal" at best. (Dkt. 2562, 10/17/2013 Hrg. Tr. 6:25-7:6.) As the Court also ruled, admission of patent reexamination proceedings in a damages retrial would result in "satellite litigation," would "be a waste of time," and "would be highly confusing to the jury." (*Id.* at 6:25-7:6.) The same would be true for *inter partes* review proceedings.

The validity of Apple's asserted patents was decided by the jury in the August 2012 trial and affirmed by the Federal Circuit in May 2015. *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 989 (Fed. Cir. 2015). As with the November 2013 damages retrial, the validity of Apple's asserted patents is not within the limited scope of the remand trial. (*See* Dkt. 2316 at 3; *see also Apple*, 786 F.3d at 1005 ("remand[ing] for immediate entry of final judgment on all damages awards not predicated on Apple's trade dress claims and for any further proceedings necessitated by our decision to vacate the jury's verdicts on the unregistered and registered trade dress claims").) The Court's September 1, 2015 Case Management Order does not allow "the parties to expand the scope of the damages retrial." (Dkt. 3272 at 2.) Any attempt to cast doubt on the validity of Apple's patents using evidence of reexamination or *inter partes* review proceedings before the PTO would be highly prejudicial to Apple, and any alleged probative value of those proceedings to damages issues is greatly outweighed by this prejudice.

Nor are the PTO proceedings in any way relevant to the damages issues that are to be tried in the remand trial. For example, any testimony suggesting that the PTO proceedings altered the scope of the asserted claims in a way that would allow for new design-around theories—which is not part of the pre-trial record for this trial, but which Samsung has attempted to suggest in the past (*see, e.g.*, Dkt. 2467 at 1-3)—would directly contradict the Court's claim constructions, which constitute law of the case. *See Toro Co. v. White Consol. Indus., Inc.*, 383 F.3d 1326, 1336 (Fed. Cir. 2004) ("It is clear that this court's prior claim construction of the term . . . is law of the case."); *AFG Indus. v. Cardinal IG Co.*, 375 F.3d 1367, 1372 (Fed. Cir. 2004) (explaining that court is not free to "second-guess" prior claim construction). Moreover, Apple would be unfairly prejudiced if Samsung were permitted at this late stage to present evidence regarding the PTO proceedings, which has not been tested or vetted via the fact or expert discovery process and to which Apple has had no opportunity to respond. Accordingly, consistent with the Court's ruling before the November 2013 damages retrial, evidence or argument relating to any reexamination or IPR proceedings relating to Apple's patents-in-suit should be excluded "under [FRE] 403 balancing." (Dkt. 2562, 10/17/2013 Hrg. Tr. 6:25-7:6; *see also* Dkt. 2552 at 2.)

**IV.    CONCLUSION**

For the foregoing reasons, Apple respectfully requests that the Court exclude evidence or argument regarding any reexamination or IPR proceedings for Apple's patents-in-suit.

Dated: February 18, 2016                    MORRISON & FOERSTER LLP

                                            By:    */s/ Rachel Krevans*
                                                   RACHEL KREVANS

                                                   Attorneys for Plaintiff
                                                   APPLE INC.