| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> ERIK J. OLSON (CA SBN 175815) <br> ejolson@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 <br><br> Attorneys for Plaintiff and <br> Counterclaim-Defendant APPLE INC. | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No.   11-cv-01846-LHK (PSG) <br><br> **APPLE'S MOTION IN LIMINE REGARDING NEW '915 DESIGN-AROUNDS** <br><br> Date:   March 3, 2016 <br> Time:   1:30 p.m. <br> Place:   Courtroom 8, 4th Floor <br> Judge:   Hon. Lucy H. Koh |

## I. INTRODUCTION

The Court has instructed that its "prior rulings on the parties' . . . motions *in limine* . . . will remain in effect as law of the case" and that "[t]he parties may not relitigate these issues." (Dkt. 3272 at 3.) In connection with the November 2013 damages retrial, the Court previously granted Apple's motion *in limine* to exclude all evidence and argument relating to Samsung's design-around theories that were not timely disclosed in advance of the first trial, including "theories first disclosed in post-trial briefing on a permanent injunction." (*See* Dkt. 2403 at 1-2; Dkt. 2552 at 2.)

Despite the Court's instructions and prior rulings, Samsung has signaled its intent to introduce new evidence and argument regarding an alleged '915 design-around that Samsung purports to have developed after the July 2012 trial, and that Samsung first disclosed to Apple in connection with its post-trial briefing on a permanent injunction. For example, Samsung has moved for leave to offer a new expert or fact witness to discuss the alleged *time* it took Samsung to develop its post-trial '915 design-around. (*See* Dkt. 3352.) Apple opposes that motion. (*See* Dkt. 3375.)

To ensure that Samsung does not attempt to circumvent the Court's prior exclusion of Samsung's untimely disclosed '915 design-around theories, Apple requests that the Court exclude all evidence and argument regarding Samsung's alleged '915 design-around theories that were not timely disclosed in advance of the July 2012 trial, including those first disclosed in post-trial briefing on a permanent injunction.

## II. SAMSUNG'S NEW '915 DESIGN-AROUND THEORIES WERE NOT TIMELY DISCLOSED.

As Apple previously explained in connection with its motion *in limine* in advance of the November 2013 damages retrial, none of Samsung's post-trial '915 design-arounds was timely disclosed in advance of the first trial. (*See* Dkt. 2403 at 1-2.) They were not disclosed in Samsung's contention interrogatory responses. (*See id*. at 2.) Nor were they disclosed in the expert reports of Samsung's infringement expert, Dr. Gray, or Samsung's damages expert, Mr. Wagner. (*See id*.)

The Court has made clear that theories not timely disclosed during discovery cannot be presented at trial, whether in August 2012 or November 2013 or at the remand damages trial. (Dkt. 1545 at 5-9; Dkt. 2316 at 3; Dkt. 2369 at 2; Dkt. 3272 at 2.)  Apple has abided by that directive and would be unfairly prejudiced if such evidence were permitted at this point.  Accordingly, Samsung should not be allowed to introduce any evidence or argument on '915 design-arounds that were not timely disclosed in advance of the first trial.

### III.  SAMSUNG'S NEW '915 DESIGN-AROUND THEORIES WOULD NOT BE ADMISSIBLE EVEN IF THEY HAD BEEN TIMELY DISCLOSED.

As Apple also explained in its prior motion *in limine*, Samsung has no competent evidence to support its new '915 design-around theories because it was not permitted to offer, and has not offered, any supplemental reports from its technical experts.  (*See* Dkt. 2403 at 3.)  Mr. Wagner is not qualified to opine on whether Samsung's purported redesigns infringe Apple's patents.  Mr. Wagner has never been proffered or accepted as an expert on utility patent or design patent infringement, and would not be qualified to offer an opinion on design-arounds.  (*See id*.)  Nor can Samsung offer a "fact" witness on this patent because it has made no disclosure under Rule 26(a)(2)(C) or Rule 26(a)(3) that any of its fact witnesses would give such "opinion" testimony.  (*See* Dkt. 1278.)  Samsung's new '915 design-around theories should therefore be excluded for this additional reason.

Dated: February 18, 2016        MORRISON & FOERSTER LLP

                                By:   */s/ Rachel Krevans*
                                      RACHEL KREVANS

                                      Attorneys for Plaintiff
                                      APPLE INC.