[COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**JOINT SUBMISSION ON PROPOSED VERDICT FORM** |

1    Pursuant to the February 11, 2016, Case Management Order (Dkt. No. 3389), the parties
2 jointly submit the following statement regarding their proposed verdict forms. The parties have
3 met and conferred and were unable to agree on a single verdict form.

4    Apple's proposed verdict form is attached as Exhibit A. Samsung's proposed verdict
5 form is attached as Exhibit B.

## I.    APPLE'S STATEMENT

On September 18, 2015, and again on February 11, 2016, the Court unequivocally stated that it intended to use a per-patent, per-product verdict form to aid the jury in its deliberations. (Dkt. 3291 at 24:9-10.) Only Apple's proposal fully achieves this goal. Apple's proposed verdict form is the only proposal that includes all six patents. It is also the only proposal that includes all five products and all six patents in a single table that conforms to the instructions of the Court during the hearing on February 11, 2016. It is also the only proposal that divides all damages so that each dollar can be attributed to each of the six patents, and the only proposal that permits the jury to tie its per-patent/per-product totals to its response to the first question regarding the total damages due to Apple.

At the February 11, 2016 hearing, the Court asked the parties to provide a per-patent, per-product verdict form that would allow the jury to divide its damages award for each patent/product combination while minimizing the danger of double counting. (*See* Feb. 11, 2016 Hearing Tr. at 16:20-17:5 (providing suggestions to "clarify the possibility, or the concern, that there's going to be duplicative damages" and ensure the jury fills out the verdict form in a way that is "methodologically correct" in order to avoid a potential retrial).) Apple's verdict form provides the jury with a single chart reflecting all six patents and all five products.[1] It identifies which products infringe which patents to avoid confusion on this issue. (*See id.* at 22:16-23:6.) It allows the jury to add its damages calculation both down and across. It includes clear markers and instruction so that the jury will not mistakenly award Apple duplicative damages. Apple's

---

[1] Apple's verdict form also closely tracks the per-patent, per-product verdict form used in the 630 case. (*See* 630 Dkt. 1884 at 9.)

form also will precisely identify how the jury's decision should be adjusted for any outcome on appeal or in any collateral proceedings without the need for a new trial.

Despite the Court's clear and repeated instructions, Samsung has refused to provide a single, complete, per-patent, per-product verdict form. Instead, Samsung's proposed verdict form omits the '163 patent entirely, requires the jury to fill out and reconcile two separate charts involving potentially overlapping damages, and confuses the jury by addressing the patents out of the order in which notice was given, which otherwise logically explains the limitations regarding the remedies that apply. Samsung's proposal also contains misleading and argumentative preambles that will add to the jury's confusion. Each of these issues is discussed in turn below.

*Use of a Single Damages Chart*. Since September 2015, the Court has encouraged the use of a single per-patent, per-product chart. Apple provided one with its expert reports in November. Samsung moved to strike, arguing only that certain headings relating to the design patents were misleading. Samsung's issues regarding these headings were resolved during discussion at the February 11, 2016, hearing as reflected in the parties' nearly identical proposals for how to label the columns associated with the design patents.[2] At this point, Apple, Samsung and both damages experts agree on how each column should refer to the design patents. (*See, e.g.*, Olson Dec. ISO Joint Statement on Verdict Form ("Olson Dec."), Ex. 1, Wagner Dec. 3, 2015 Dep. Tr. at 1007:21-1009:3; Dkt. 3366-2 at 1002:22-1003:18.)

Despite the resolution of these issues, Samsung has refused to provide a per-product, per-patent damages chart in its verdict form and instead introduces a number of changes that will only lead to jury confusion and a potential need for a retrial.

*First*, Samsung's proposal removes an entire patent (the '163 patent) from the verdict form. The omission is certain to confuse the jury and Samsung's proposed verdict form provides no explanation. It is impossible to predict how the jury would react to the removal of a patent that it will be told was infringed, that will be the subject of testimony, and that will appear in

---

[2] The only exception is that Samsung adds to the "Period for Damages" box for the D'677 patent the statement "First portion for D'677", which Apple submits is confusing and unnecessary.

various exhibits submitted by both parties.  The jury might even mistakenly increase (or decrease) its award to account for this unexplained omission.  There is no reason to provide the jury a table that excludes one of the six patents.  Apple's proposed verdict form includes the '163 patent and, consistent with the jury instructions (Final Instruction No. 34, Dkt. 2784 at 42), explains to the jury how it should account for it when it determines damages.  Samsung's argument that the jury will be confused about whether the '163 damages are barred as a double recovery is inconsistent with Apple's use of the words "No Double Recovery" in the '163 column.  Telling the jury that the '163 patent has no damages period, as Samsung proposes, is incorrect, inconsistent with the jury instruction that damages commence on the date of notice (*see* Final Jury Instruction No. 28, Dkt. 2784 at 35), and would risk greater juror confusion.

*Second*, Samsung isolates the '915 patent without need or reason.  There is no need to remove the calculation of damages for the '915 patent from the single chart.  Doing so will not assist the jury to avoid double counting; it would actually force the jury to reconcile between two tables to avoid double counting and to comply with the jury instructions.  Further, the change needlessly deviates from the only existing schedules in either expert report that explain how the jury can prepare per-product, per-patent calculations and exalts the issue of lost profits above other damages remedies, which will have unknown and potentially prejudicial effects on the jury's decision-making.  Contrary to Samsung's argument, Apple's verdict form does not downplay the relevance of lost profits—if the jury decides not to award lost profits, it can simply use Ms. Davis's Exhibit 18.5-R (which will be included in PX25) to fill out the chart, which specifically indicates that no additional damages are included for the '915 Patent.  Apple's proposed verdict form places all damages remedies on equal footing and allows the jury to evaluate them together in one place.  Further, because Samsung has moved the '915 patent to a separate chart, the patents are presented out of the order in which notice was given, which otherwise explains for the jury why the damages available for each patent differ.  Consistent with Apple's verdict form, Apple gave notice of Apple's patents in this order:  the '381 patent, the '915 and D'677 patents, and the D'305, D'087, and '163 patents.  Thus, Apple receives a

1  reasonable royalty for the '381 patent during the period that precedes notice for the '915 and
2  D'677 patents in the table.

3       The fact that the damages periods for the '915 and D'677 patents overlap is not a reason to
4  adopt Samsung's proposed verdict form, but a reason to reject it.  Removing the '915 patent from
5  the table does not eliminate the overlap but it will make it harder for the jury to see and account
6  for it.  It will also make it harder for the jury to understand the testimony of both experts that the
7  '915 patent and D'677 patent have overlapping periods but reflect the award of two different
8  remedies (lost profits and Samsung's profits) on units sold within those periods (with only one
9  remedy assigned to each unit to avoid double counting).  Samsung's proposed verdict form would
10 increase the risk of juror confusion by forcing the jury to reconcile two separate charts with
11 overlapping damages periods that are not presented side by side in chronological order, thereby
12 increasing the jury's burden.  Consistent with Apple's proposal, the verdict form should reduce,
13 not increase, the potential for confusion regarding these different damages periods.  (*See* Feb. 11,
14 2016 H'rg Tr. at 16:12-17:6).  A single, unified chart reflecting all of the infringement in this case
15 is a more logical solution than isolating any single patent and omitting another patent.

16      ***Samsung's Questions are Misleading and Argumentative***.  Apple has styled each of its
17 two questions in a manner consistent with the verdict forms used in the first two trials in this case
18 and in the 630 case.  (*See* Dkt. 1931; Dkt. 2822; 630 Dkt. 1884.)  The second question in Apple's
19 proposed verdict is substantively the same as what the Court used in the 630 case with respect to
20 an equivalent per patent, per product table.  (*See* 630 Dkt. 1884 at 8.)

21      In contrast, Samsung's proposal differs substantially from the questions previously framed
22 by the Court.  Samsung's second question breaks out a single patent and a single remedy without
23 explaining why this is necessary.  The third question includes a confusing direction that the jury
24 should "not include any further amount for these sales" without any explanation what would be
25 "any further amount" or how it should be determined.   The third question also includes a separate
26 and unnecessary instruction that singles out the '381 patent in a manner that inappropriately
27 suggests that "a lump sum royalty" may be favored.  No such instruction is necessary.  Samsung
28 can argue the reasons for a lump sum award and argue to the jury that it should insert the lump

JOINT SUBMISSION ON PROPOSED VERDICT FORMS
CASE NO. 11-CV-01846-LHK (PSG)
sd-677095

4

1  sum amount as the total for one product and/or in the "total" row, while placing dashes or zeroes
2  in the remaining cells in the relevant column(s).  Neither Apple's interrogatory nor its table
3  precludes Samsung from pursuing its damages theory.  Indeed, Mr. Wagner testified at his
4  deposition that regardless of what form the Court adopts, he intends to present his utility patent
5  lump sum opinion.  (*See* Olson Dec. Ex. 2, Feb. 17, 2016 Dep. Tr. at 1145:5-1146:10.)   And he
6  confirmed that he believes, "based on my testimony, if the jury had a chart similar to this
7  [Apple's], if that's what the jury is given in the verdict form, that they could fill – they could fill
8  out this chart."  (*Id.* at 1144:5-13.)  There is no need for, and much wrong with, Samsung's effort
9  to have the Court "put a thumb on the scale" in favor of its approach.
10       Finally, the third question concludes that if it chooses not to award a lump sum, only then
11 should the jury "otherwise provide the amount per patent per product."  In total, Samsung's
12 approach is confusing and argumentative.  It is inferior to the simple instructions included in prior
13 verdict forms and in Apple's proposed verdict form.
14       ***Apple's Footnotes***.  Consistent with the discussion with the Court at the February 11,
15 2016, hearing, Apple includes footnotes to explain where needed the column headings and the
16 reference to "No Double Recovery."  For example, the Court advised that Apple "can drop a
17 footnote that clarifies which patents are infringed by which products, and that would be helpful."
18 (Feb. 11, 2016 H'rg Tr. at 23:20-22.)  Apple has done so.  In contrast, Samsung intentionally and
19 misleadingly focuses on whether three products infringe the D'087 patent, without explaining
20 whether or not those products were found to infringe the other two design patents in the column
21 heading to which the footnote refers.  Omitting this information may wrongly lead jurors to
22 question why any damages are being included for the three products (Fascinate, Galaxy S
23 Showcase, and Mesmerize) that Samsung says "do not infringe the D'087 Patent."
24       Apple's proposed verdict form provides unambiguous and simple footnotes explaining the
25 columns and the reasons for the divisions stated in the chart.  Mr. Wagner was asked about each
26 and testified that he did not disagree with anything in the first three footnotes.  (Olson Dec., Ex. 2,
27 Wagner Feb. 17 Dep. Tr. at 1156:3-1157:8.)  And on footnote 4, Mr. Wagner stated only that he
28 did not like the use of the phrase "damages period" as it is used in the actual table.  (*Id*. at 1157:9-

1  24.)  That phrase is no longer in the footnote, but even if it were, Samsung has titled the same row
2  with the nearly identical phrase "period for damages."

3  ***End Date for Damages***.  In three cases, Samsung uses "periods for damages" that end on
4  August 24, 2012.  Apple uses "6/30/2012."  Both experts will present damages schedules
5  indicating their damages totals reflect sales only up and through June 30, 2012.  There is no
6  reason to use a date in the verdict form that does not match the damages evidence that will be
7  provided to the jury, as it would only create confusion.  Apple is not contesting the Court's prior
8  conclusion that it should not receive supplemental damages for the period July 1 to August 24,
9  2012, but that is a matter for the parties and the Court—there is no need to confuse the jury by
10 interjecting that issue into the proposed verdict forms.

11 **II.    SAMSUNG'S STATEMENT**

12       Samsung objects to Apple's proposed verdict form as misleading and prejudicial in
13 several respects.  Samsung understands and appreciates that the Court intends to use a per-
14 product-per-patent verdict form with per-patent damages periods listed, and to include a separate
15 column for the period between the first complaint and the second complaint (April 15 to June 15,
16 2011), the period where the only design patent eligible for damages is the D'677.  Samsung has
17 made a good faith effort to resolve its general and specific objections to Apple's proposals, and
18 provides herewith its alternative proposed verdict form consistent with the Court's guidance.  For
19 the following reasons, Samsung respectfully requests the Court decline to use Apple's form.

20       <u>The '915 patent</u> presents two challenges.  First, as Apple does not deny, under its theories
21 of recovery, if the jury does not find lost profits then it should award no damages for the '915
22 patent, because otherwise it would grant an impermissible double recovery.  Apple's proposal
23 obscures this important issue.  There is no reason to burden the jury with the challenge of dealing
24 with a unique approach for one column in Apple's single chart, rather than presenting the
25 threshold question of lost profits separately to the jury.  Second, the damages period for the '915
26 patent (April 15 to May 29, 2011) overlaps with the damages period for the D'677 (which begins
27 April 15, 2011).  Apple's chart will likely confuse the jury as to the meaning and purpose of the
28 periods included for each patent.  In contrast, Samsung's proposal solves both these problems in a

1    way that will be clear to the jury, will not require the jury to enter "no double recovery" into the
2    '915 per-product cells (*see* Davis Rpt. Ex. 18.5-R), and makes the periods set forth in the
3    remaining per-product-per-patent chart less confusing.
4        Contrary to Apple's contention, only Samsung's proposal provides clear, easy to follow
5    instructions to avoid double counting.  Apple's complaint that a separate question on lost profits
6    does not neatly match its expert's charts is plainly self-serving, and belied by the fact that Apple's
7    expert has two different charts depending on whether or not lost profits are avoided.  *See* Davis
8    Rpt. Exs. 17.5-R and 18.5-R.  Apple's two different charts further confirm that the jury must
9    decide lost profits as a threshold issue.
10       The '381 patent is eligible only for a reasonable royalty.  Consistent with the previous
11   trials, Samsung will ask the jury to find that the appropriate royalty is a lump sum.  *See* Dkt. 2844
12   at 1379-80.  Samsung proposes a single sentence to clarify for the jury that it may award a single
13   lump sum, and is not required to award a per-product royalty.  Apple has no basis to reject this
14   proposal, and its omission from a chart that is already biased toward Apple's per-product awards
15   will needlessly prejudice Samsung and potentially confuse the jury.   Apple's contention that this
16   sentence makes a lump sum appear "favored" is not credible.
17       The D'677 patent period should be clearly separated into a first and second portion in
18   order to minimize potential confusion, as Samsung's chart does.  Apple's footnotes 2 and 3 are
19   unnecessary, and improperly repeat selected portions of the jury instructions while omitting
20   context.  Apple's argument, that Mr. Wagner did not disagree with the statements in these
21   footnotes, is irrelevant in addressing the question of whether they are unnecessary, incomplete,
22   and confusing to the jury.  Following the Court's guidance, Samsung provides a footnote in this
23   column to mitigate the false impression that all products were found to each patent.  Nothing
24   more is required or appropriate.
25       The '163 patent cannot receive a separate royalty award, as Apple admits.  It need not be
26   included in the verdict form.  Apple's proposal also threatens to confuse the jury as to what is,
27   and what is not, barred as a double recovery.  Apple's proposed "damage period" for the '163 is
28   inconsistent with the rest of the chart—it should read "none," given that the other periods are

limited to the time periods where Apple seeks recovery.  Apple's complaints fail to show that an additional column *with nothing to fill in* would provide any benefit.

Apple's "damages periods" are not internally consistent and highly confusing.  Samsung's proposal for the chart in Question 3 allows for three distinct, non-overlapping periods, that together span exactly the total damages period:

| Period for damages: | Aug. 4, 2010 to Apr. 14, 2011 | *First portion*: Apr. 15, 2011 to Jun. 15, 2011 | Jun. 16, 2011 to June 30, 2012 |
|---|---|---|---|

The jury will not be confused by these natural periods or misled by their purpose.  In contrast, Apple's proposal will surely confuse the jury: it offers overlapping periods, and the periods are defined inconsistently, for which there can be no adequate explanation.

Apple's arguments are meritless.  Apple's main argument is that a "single" chart must be used no matter how confusing.  That is baseless, and Samsung has provided compelling reasons for its proposal.  Contrary to Apple's allegations, Samsung's proposal "divides all damages so that each dollar can be attributed to each of the six patents" and does "permit the jury to tie its per-patent/per-product totals to its response to the first question."  In Samsung's proposal, the per patent totals in Questions 2 and 3 "tie" to the Question 1 total.

Furthermore, there is no reason why the order of notice is important, and it is surely not more important than the order in which the jury must decide the issues before it.  Apple cannot deny that the jury must decide lost profits as a threshold issue.  Apple's unreasoned insistence on a "single" chart is misplaced.

1 | Dated: February 18, 2016

| | |
|---|---|
| MORRISON & FOERSTER LLP<br>HAROLD J. McELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>ERIK OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522<br><br>WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100<br><br>By: */s/ Harold J. McElhinny*<br>    Harold J. McElhinny<br><br>Attorneys for Plaintiff and Counterclaim-Defendant APPLE INC. | QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>Charles K. Verhoeven (Cal. Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>KEVIN P.B. JOHNSON (Cal. Bar No. 177129)<br>kevinjohnson@quinnemanuel.com<br>VICTORIA F. MAROULIS (Cal. Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>MICHAEL T. ZELLER (Cal. Bar No. 196417)<br>michaelzeller@quinnemanuel.com<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>By: */s/ Victoria F. Maroulis*<br>    Victoria F. Maroulis<br><br>Attorneys for Defendants and Counterclaim-Plaintiffs SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

**ATTESTATION OF E-FILED SIGNATURE**

I, Harold J. McElhinny, am the ECF User whose ID and password are being used to file this submission. In compliance with Local Rule 5-1(i)(3), I hereby attest that Victoria F. Maroulis has concurred in this filing.

Dated: February 18, 2016          */s/ Harold J. McElhinny*
                                                     Harold J. McElhinny