1   [COUNSEL LISTED ON SIGNATURE
    PAGE]
2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12   APPLE INC.,                          Case No.    11-cv-01846 LHK (PSG)

13                   Plaintiff,
                                          **JOINT PRETRIAL STATEMENT
14       v.                               AND PROPOSED ORDER FOR
                                          REMAND DAMAGES TRIAL**
15   SAMSUNG ELECTRONICS CO., LTD., a
     Korean business entity; SAMSUNG      Date:      March 3, 2016
16   ELECTRONICS AMERICA, INC., a New York Time:      1:30 p.m.
     corporation; SAMSUNG                 Place:     Courtroom 4, 5th Floor
17   TELECOMMUNICATIONS AMERICA, LLC, a   Judge:     Hon. Lucy H. Koh
     Delaware limited liability company,
18
                    Defendants.
19

20

21

22

23

24

25

26

27

28

Pursuant to the Guidelines for Final Pretrial Conference in Jury Trials, the parties submit the following Joint Proposed Pretrial Statement and Order.

## I.   SUBSTANCE OF THE REMAND DAMAGES TRIAL

The parties to this action are Apple Inc., a California corporation having its principal place of business in Cupertino, California; Samsung Electronics Co., Ltd., a Korean corporation having its principal place of business in Suwon-City, Korea; Samsung Telecommunications America, LLC, a Delaware corporation having its corporate headquarters in Richardson, Texas; and Samsung Electronics America, Inc., a New York corporation having its principal place of business in Ridgefield Park, New Jersey.

On August 24, 2012, a jury found for Apple on certain of its claims against Samsung for patent infringement and trade dress dilution.  The jury also found that none of Apple's asserted design patents or asserted utility patent claims was invalid.  The jury awarded Apple $1,049,393,540.00 in damages.  (Dkt. 1931 at 15.)  Following post-trial orders and a partial damages retrial in November 2013, the total damages award against Samsung amounted to $929,780,039.  (Dkt. 3017.)  Samsung appealed.  The Federal Circuit affirmed the validity and infringement judgments with respect to Apple's design and utility patents, and "the damages awarded for the design and utility patent infringements appealed by Samsung."  (Dkt. 3271 at 4.)  The Federal Circuit reversed "the jury's findings that the asserted trade dresses are protectable" and "vacate[d] the jury's damages awards against the Samsung products that were found liable for trade dress dilution."  (*Id.*)  The Federal Circuit remanded with instructions for this Court to conduct further proceedings to determine Apple's damages with respect to those products.  (*Id.* at 33.)

Pursuant to the Court's September 1, 2015 order (Dkt. 3272 at 2), "[t]he sole purpose of the instant damages retrial is to determine the amount of damages for the infringement of Apple's '163, '381, '915, D'305, D'677, and/or D'087 patents by five Samsung products:  the Fascinate, Galaxy S 4G, Galaxy S Showcase, Mesmerize, and Vibrant."

## II.   RELIEF SOUGHT

Following remand, the Court scheduled a new trial on damages.  Apple's statement of the relief it seeks is accordingly limited to the relief that Apple seeks at the March 28, 2016, damages trial; supplemental damages and interest according to the timetable set by the Court; attorneys' fees and costs; and any other form of relief that may be available to Apple by law or at the Court's discretion.

Apple seeks the following specific relief:

1.   A judgment awarding Apple all damages adequate to compensate for Samsung's infringement of Apple's asserted patents, and in no event less than a reasonable royalty for Samsung's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

2.   A judgment awarding Apple all of Samsung's profits pursuant to 35 U.S.C. § 289, together with pre-judgment and post-judgment interest;

3.   Actual damages suffered by Apple as a result of Samsung's unlawful conduct, in an amount to be proven at trial, as well as pre-judgment and post-judgment interest as authorized by law;

4.   Restitutionary relief against Samsung and in favor of Apple, including disgorgement of wrongfully obtained profits and any other appropriate relief;

5.   Costs of suit and reasonable attorneys' fees; and

6.   Any other remedy to which Apple may be entitled, including all remedies provided for in 35 U.SC. §§ 284, 285, and 289, and under any other law.

Apple's Further Separate Statement Regarding Relief Requested

Apple's witnesses and exhibits that concern the amount of damages are those identified in Exhibits 1 and 3 to this statement.  Apple's witness list was previously filed as Dkt. 3362-1.

Samsung's Further Separate Statement Regarding Relief Requested

Samsung objects to any attempt by Apple to pursue at trial any form of relief that is not properly the subject of the new trial and/or that will be addressed separately by the Court, if necessary, including prejudgment and post-judgment interest, supplemental damages, costs of

suit, and reasonable attorneys' fees.  Samsung objects to Apple seeking supplemental damages for any products involved in the remand trial, as the products are all either ineligible for such damages or Apple has disclaimed its right to such damages.  Moreover, Samsung objects to and will oppose any effort by Apple to obtain attorneys' fees in light of the Court's ruling that Samsung's infringement was not willful.  (*See* Dkt. 2220 at 26-32.)  Samsung objects to any "judgment awarding Apple all of Samsung's profits pursuant to 35 U.S.C. § 289" pursuant to the ongoing briefing of the parties related to Samsung's appeal to the Federal Circuit and its petition for a writ of certiorari in the Supreme Court.  Finally, the types of relief discussed in Apple's statement in paragraphs 3-6 are either duplicative of the relief sought in paragraphs 1 and 2 (*e.g.*, "restitutionary relief," "actual damages") and/or insufficiently particularized (*e.g.,* "any other appropriate relief", "any other remedy").

Samsung's witnesses and exhibits that concern the amount of damages are those identified in Exhibits 2 and 4 to this statement.  Samsung's witness list was also previously filed as Dkt. 3391.

### III.   UNDISPUTED FACTS

1.   Apple is a corporation organized under the laws of the State of California, and its principal place of business is in Cupertino, California.

2.   Samsung Electronics Co., Ltd. (referred to individually herein as "SEC") is a corporation organized and existing under the laws of the country of Korea having its principal place of business at 416 Maetan-3dong, Yeongtong-gu, Suwon-City, Gyeonggi-do, Korea 443-742.

3.   Samsung Telecommunications America, LLC (referred to individually herein as "STA") was, at the time of the original trial, a corporation organized and existing under the laws of the state of Delaware having its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082.

4.   Samsung Electronics America, Inc. (referred to individually herein as "SEA") is a New York corporation with its principal place of business at 105 Challenger Road,

Ridgefield Park, New Jersey 07660.

5.  Effective January 1, 2015, STA merged with and into SEA, and therefore STA no longer exists as a separate corporate entity.

6.  Venue is proper in this District.

7.  The Court has personal jurisdiction over each of the parties, and each of them transacts business within this District.

8.  From and after August 2010 and at least to February 18, 2016, Apple has owned all rights, title, and interest in United States Patent Nos. 7,469,381, 7,844,915, 7,864,163, D604,305, D593,087, and D618,677.

9.  U.S. Patent No. 7,469,381 was filed on December 14, 2007, and issued on December 23, 2008.

10. U.S. Patent No. 7,844,915 was filed on January 7, 2007, and issued on November 30, 2010.

11. U.S. Patent No. 7,864,163 was filed on September 4, 2007, and issued on January 4, 2011.

12. U.S. Patent No. D604,305 was filed on June 23, 2007, and issued on November 17, 2009.

13. U.S. Patent No. D593,087 was filed on July 30, 2007, and issued on May 26, 2009.

14. U.S. Patent No. D618,677 was filed on November 18, 2008, and issued on June 29, 2010.

**IV.     DISPUTED FACTUAL ISSUES**

Joint Statement

Subject to the parties' pending motions, the disputed factual issues below remain to be resolved.  The parties expressly preserve all rights with respect to all issues previously identified in the Joint Pretrial Statements dated July 6, 2012 and October 3, 2013, and do not waive any arguments relating to those issues, whether in subsequent post-trial proceedings, on appeal, or

otherwise.

Apple's Separate Statement Regarding Disputed Factual Issues

1. The amount of damages to which Apple is entitled as a result of Samsung's infringement of the '915, '381, '163, D'305, D'087, and D'677 patents for the following 5 Samsung products:  Fascinate, Galaxy S 4G, Galaxy S Showcase, Mesmerize, and Vibrant:

   a. Whether, but for infringement of the Apple patents at issue by the Samsung products at issue, there is a reasonable probability that Apple would have sold additional iPhones and if so, how many?

   b. Whether there was demand for the patented products.

   c. Whether acceptable non-infringing substitutes were available for each of Apple's patents, when they were available and when they would have been marketed by Samsung.

   d. The amount of profit that Apple would have made if Samsung had not infringed.

   e. Samsung's total profits from the manufacture and sale of the five products at issue.

   f. Which Samsung costs are directly attributable to the sale or manufacture of the infringing products resulting in a nexus between the infringing products and the expense.

   g. For each infringed patent, the amount of the payment for the license that would have resulted from a hypothetical negotiation between Apple and Samsung taking place at the time when the infringing activity first began.

2. All of the disputed issues of fact raised in the submissions to the Court on the parties' exhibit and witness objections, Samsung's motion regarding the admission of new evidence, and the parties' motions in limine.

3. All disputed issues of fact raised in the submissions to the Court on the parties'

exhibit and witness objections, the parties' motions to strike, Samsung's motion regarding after-acquired evidence, Apple's motion for supplemental damages and pre-judgment interest, and the parties' motions in limine.

Apple also notes:

At the first trial, on August 24, 2012, the jury found that the following Samsung products infringed U.S. Patent Nos. 7,469,381; 7,844,915; 7,864,163; D618,677; D593,087, and/or D604,305:

- '381:  Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Galaxy S II (AT&T), Galaxy S II (i9100), Galaxy Tab, Galaxy Tab 10.1 (WiFi), Gem, Indulge, Infuse 4G, Mesmerize, Nexus S 4G, Replenish, and Vibrant.
- '915:  Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Galaxy S II (AT&T), Galaxy S II (i9100), Galaxy S II (T-Mobile), Galaxy Tab, Galaxy Tab 10.1 (WiFi), Gem, Indulge, Infuse 4G, Mesmerize, Nexus S 4G, Transform, and Vibrant.
- '163:  Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Galaxy S II (AT&T), Galaxy S II (i9100), Galaxy S II (T-Mobile), Galaxy Tab, Galaxy Tab 10.1 (WiFi), Infuse 4G, Mesmerize, and Replenish.
- D'677:  Fascinate, Galaxy S (i9000), Galaxy S 4G, Galaxy S II (AT&T), Galaxy S II (i9100), Galaxy S II (T-Mobile), Galaxy S II (Epic 4G Touch), Galaxy S II (Skyrocket), Galaxy S II Showcase (i500), Infuse 4G, Mesmerize, and Vibrant.
- D'087:  Galaxy S (i9000), Galaxy S 4G, and Vibrant.
- D'305:  Captivate, Continuum, Droid Charge, Epic 4G, Fascinate, Galaxy S (i9000), Galaxy S 4G, Galaxy S II Showcase (i500), Gem, Indulge, Infuse 4G, Mesmerize, and Vibrant.

At the first trial, on August 24, 2012, the jury found that U.S. Patent Nos. 7,469,381;

7,844,915; 7,864,163; D618,677; D593,087 and D604,305 are not invalid.

Apple objects that Samsung's disputed factual issues purport to incorporate by reference disputes from other matters and expand the scope of this trial in contravention of the Court's prior orders.  (*E.g.*, Dkt. 3272 at 2 ("The Court will not permit the parties to expand the scope of the damages retrial and will not allow the parties to rely on . . . new methodologies or new theories.")

Samsung's Separate Statement Regarding Disputed Factual Issues

1.  Whether, but for infringement of the Apple patents at issue by the Samsung products at issue, Apple would have sold any additional iPhones, and if so, how many.

2.  Whether any of the features and designs claimed by the patents at issue drove demand for any of the Samsung products for which Apple seeks lost profits.

3.  The time it would have taken for Samsung to design around the features and designs claimed by the patents at issue.

4.  Whether certain devices sold by Samsung and third parties constituted acceptable non-infringing alternatives during the infringement period.

5.  Whether acceptable non-infringing substitutes to the Apple patents were available during the infringement period.

6.  Whether Apple had the manufacturing and marketing capacity to make any sales actually made by Samsung of the products at issue during the periods for which Apple seeks lost profits.

7.  The amount of profit that Apple would have made, if any, assuming that Apple would have sold additional iPhones but for infringement of the Apple patents at issue by the Samsung products at issue.

8.  The amount of additional costs or expenses Apple would have incurred in making any allegedly lost sales.

9.  Whether the Samsung smartphones at issue were in the same market as the iPhone during the periods for which Apple seeks lost profits.

10. The amount that a licensor (such as Apple) and a licensee (such as Samsung) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement concerning a license to the patents at issue for the products at issue in the new trial.

11. Samsung's total profits from the manufacture and sale of the products at issue found to have infringed the D'677, D'087, and D'305 patents.

12. The dates – no earlier than August 4, 2010 for the '381 patent, April 15, 2011 for the '915 and D'677 patents, and June 16, 2011 for the '163, D'087, and D'305 patents – on which Apple provided actual notice to Samsung that each of the specific products at issue infringed each of the patents-at-issue that they were found to infringe.  Contrary to Apple's contention, this issue was not resolved by the Court's March 1 Order re Damages.

13. All of the disputed issues of fact raised in the submissions to the Court, including on the parties' motions to strike, Samsung's motion regarding after-acquired evidence, the parties' motions *in limine*, and Apple's motion for supplemental damages and prejudgment interest.

14. All of the disputed issues of fact currently pending before the United States Patent & Trademark Office, the Federal Circuit, and the Supreme Court that are either on appeal from this case or that involve any patents at issue in this case.  Samsung reserves all rights to seek restitution, dismissal, or any other available relief pending the outcome of these related proceedings.

15. In post trial proceedings, the Court held that Samsung's infringement of Apple's patents was not willful.  (Dkt. 2220 at 26-32.)

16. At the first trial, on August 24, 2012, the jury made the following findings on liability regarding U.S. Patent Nos. 7,469,381; 7,844,915; 7,864,163; D,618,677; D'593,087, and/or D,604,305 (an "X" indicates that the 2012 jury found that the product infringed. "NO" means that the product was accused, but found not to

infringe, while "N-A" means that the product was not accused in the 2012 trial.)

| Product | D'677 | D'305 | D'087 | '381 | '915 | '163 |
|---|---|---|---|---|---|---|
| Captivate | N-A | X | N-A | X | X | NO |
| Continuum | N-A | X | N-A | X | X | NO |
| Droid Charge | N-A | X | N-A | X | X | X |
| Epic 4G | N-A | X | N-A | X | X | X |
| Exhibit 4G | N-A | N-A | N-A | X | X | X |
| Fascinate | X | X | N-A | X | X | X |
| Galaxy Ace | NO | N-A | N-A | X | NO | X |
| Galaxy Prevail | N-A | N-A | N-A | X | X | X |
| Galaxy S (i9000) | X | X | X | X | X | X |
| Galaxy S 4G | X | X | X | X | X | X |
| Galaxy S II 2 (AT&T) | X | N-A | NO | X | X | X |
| Galaxy S II (i9100) | X | N-A | NO | X | X | X |
| Galaxy S II (T-Mobile) | X | N-A | N-A | N-A | X | X |
| Galaxy S II (Epic 4G Touch) | X | N-A | NO | N-A | N-A | N-A |
| Galaxy S II (Skyrocket) | X | N-A | NO | N-A | N-A | N-A |
| Galaxy S Showcase (i500) | X | X | N-A | N-A | N-A | N-A |
| Galaxy Tab | N-A | N-A | N-A | X | X | X |
| Galaxy Tab 10.1 (WiFi) | N-A | N-A | N-A | X | X | X |
| Galaxy Tab 10.1 (4G LTE) | N-A | N-A | N-A | N-A | N-A | N-A |
| Gem | N-A | X | N-A | X | X | NO |
| Indulge | N-A | X | N-A | X | X | NO |
| Infuse 4G | X | X | NO | X | X | X |
| Intercept | N-A | N-A | N-A | N-A | NO | NO |
| Mesmerize | X | X | N-A | X | X | X |
| Nexus S 4G | N-A | N-A | N-A | X | X | NO |
| Replenish | N-A | N-A | N-A | X | NO | X |
| Transform | N-A | N-A | N-A | N-A | X | NO |
| Vibrant | X | X | X | X | X | NO |

## V.   AGREED STATEMENT

The parties concur that no part of the action may be presented upon an agreed statement of facts.

## VI.   STIPULATIONS

The parties agreed to stipulations concerning the authenticity of certain documents before the previous trials.  The parties also agreed to a stipulation not to file tables stating objections to all disclosed witnesses and exhibits under Rule 26 before the 630 trial.  The parties expect to agree to similar stipulations for this trial.  The parties have begun the meet-and-confer process and expect to file such stipulations soon.

## VII.   WITNESSES TO BE CALLED.

Apple's and Samsung's witness lists are attached as Exhibits 1 and 3, respectively. Apple's witness list was previously filed as Dkt. 3362-1.  Samsung's witness list was previously filed as Dkt. 3391.

## VIII.   EXHIBITS, SCHEDULES, SUMMARIES

Apple's and Samsung's exhibit lists are attached as Exhibits 2 and 4, respectively.

The Court has ordered the parties to follow the same witness and exhibit disclosure and objection process used during the 2013 damages trial (Dkt. 3289 at 2) and the parties are prepared to proceed according to the schedule below:

1.   Demonstratives:  The deadline to exchange demonstrative exhibits not to be entered into evidence, other than slides for use with opening statement and closing argument, shall be 9:00 am PT two days before their use in court.  Excerpts, call-outs, blow-ups, or highlighting of exhibits, without more, are exempt from exchange.

2.   Witnesses and Exhibits:

    a.   Each party shall identify each witness that it intends to call no later than 9:00 am PT two days before the witness is expected to testify.

    b.   At the same time, the party shall identify all exhibits to be used with the witness and produce a marked copy of any exhibit not previously marked.

    c.   The opposing party shall identify any exhibits and impeachment materials to be used on cross-examination no later than 6:00 pm PT the same day.

3.   The parties shall also file a list of the next seven witnesses it expects to call, in

order, by 7:00 pm PT the evening before each day on which testimony is expected.

## IX.     DISPUTED LEGAL ISSUES

<u>Joint Statement</u>

The parties expressly preserve all rights with respect to all issues previously identified in the Joint Pretrial Statements dated July 6, 2012 and October 3, 2013, and do not waive any arguments relating to those issues, whether in subsequent post-trial proceedings, on appeal, or otherwise.

<u>Apple's Separate Statement Regarding Disputed Legal Issues</u>

Apple identifies the following legal issues that, based on the parties' prior submissions, appear to be disputed.

1.     Samsung has argued that the March 1, 2013, order did not determine when Apple provided notice to Samsung.  As the Court has confirmed, the March 1 order "set forth the 'correct notice dates.'"  (Dkt. 2690 at 1.)  The Court reiterated those dates in the final jury instructions before the 2013 trial:  "I have determined that Samsung received notice of Apple's claim of infringement for the '381 patent on August 4, 2010; for the '915 patent on April 15, 2011; and for the '163 patent on June 16, 2011."  (Dkt. 2784 at 35.)  The Court further stated:  "I have determined that Samsung received notice of Apple's claim of infringement for the D'677 patent on April 15, 2011, and for the D'305 patent on June 16, 2011."  (*Id.* at 41.)  The Court also determined that Samsung received notice of Apple's claim of infringement for the D'087 patent on June 16, 2011.  (Dkt. 2271 at 20; *see id.* at 18 (stating that "[t]he following chart indicates the correct notice dates … for each form of IP").)  These issues, having been argued, briefed and decided, are not open to be relitigated in this context.  (Dkt. 3272 at 3 (stating that parties may not relitigate *Daubert* motions, motions in limine, discovery disputes, and evidentiary objections).)

2.     All of the disputed issues of law raised in the submissions to the Court on the

parties' exhibit and witness objections, the parties' motions to strike, Samsung's motion regarding after-acquired evidence, Apple's motion for supplemental damages and pre-judgment interest, and the parties' motions in limine.

3.      As with its disputed factual issues, Apple objects that Samsung's disputed legal issues purport to incorporate by reference disputes from other matters and expand the scope of this trial in contravention of the Court's prior orders. (*E.g.*, Dkt. 3272 at 2 ("The Court will not permit the parties to expand the scope of the damages retrial and will not allow the parties to rely on . . . new methodologies or new theories.")

Samsung's Separate Statement Regarding Disputed Legal Issues

Samsung identifies the following legal issues that it believes are still disputed:

1.      Whether the remedy of infringer's profits for design patent infringement requires an award of all profits attributable to the infringing device regardless of the portion of those profits attributable to the patented component. *Samsung Elecs. Co. Ltd. v. Apple Inc.*, No. 15-777 (Sup. Ct.) (Samsung's Cert Petition).

2.      Whether Apple can collect damages on the '915 patent now that the patent has been finally rejected by the USPTO and is on appeal. (CITE.)

3.      Samsung reserves the right to object to any disputed legal issue that may be raised in Apple's proposed jury instructions.

4.      All of the disputed issues of law raised in the submissions to the Court, including the parties' motions to strike, Samsung's motion regarding after-acquired evidence, the parties' motions *in limine*, and Apple's motion for supplemental damages and prejudgment interest.

5.      All of the disputed issues of law currently pending before the United States Patent & Trademark Office, the Federal Circuit, and the Supreme Court that are either on appeal from this case or that involve any patents at issue in this case. Samsung

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

reserves all rights to seek restitution, dismissal, or any other available relief pending the outcome of these related proceedings.

6.   Whether Samsung's previous submissions regarding jury instructions preserved its rights and objections with respect to (1) jury instructions proposed by Samsung but not given by the Court; (2) jury instructions to which Samsung previously objected; (3) jury instructions stemming from orders from the first trial and post-trial proceedings, including but not limited to the March 1, 2013 Order re: Damages that granted Samsung's motion for a new trial; and (4) jury instructions stemming from the 2013 retrial on damages and post-trial proceedings.  For Samsung, those objections and proposed instructions include but are not limited to those set forth in Dkt. Nos. 987-03, 1090-1, 1189, 1221, 1231, 1232, 1238, 1264, 1279, 1279-01, 1329, 1388, 1426, 1428, 1591, 1600, 1622, 1656, 1670, 1693, 1694, 1800, 1809, 1812, 1821, 1821-01, 1831, 1838, 1846, 1858, 1859, 1860, 1860-1, 1860-2, 1860-3, 1860-4, 1860-5, 1862, 1867, 1883, 1892, 2486, 2513, 2657, 2707, 2707-3, 2724, 2724-1, 2768, as well as any objections or proposed instructions stated orally before the Court (*see e.g.*, 7/24/12 Hr'g Tr. 32-39; 7/27/12 Hr'g Tr. 4, 39-51, 72-76; 8/10/12 Hr'g Tr. 4-45; 2012 Trial Tr. (Dkt. 1695) at 1642-43, (Dkt. 1998) at 3730-3940; 2013 Trial Tr. (Dkt. 2739) at 316-318, (Dkt. 2842) at 1055-1057, (Dkt. 2843) at 1211-1222, 1228-1229).  Or in the alternative, whether the Court should order that Samsung's previous submissions regarding jury instructions are preserved.

**X.    FURTHER DISCOVERY OR MOTIONS.**

The parties do not contemplate further discovery or motions apart from sealing issues.

**XI.    DISPUTED EVIDENTIARY ISSUES**

Each party is filing motions in limine pursuant to the Court's Case Management Orders objecting to the other party's disclosed witnesses and exhibits.  Those motions will be heard on March 3, 2016, at the pretrial conference.  Pursuant to the Court's prior instructions, each party

agreed not to serve or file a chart or charts detailing additional objections to the other party's exhibit list and reserved those objections for the high priority objection process or trial.

**A.**    Apple's Separate Statement of Disputed Evidentiary Issues

Apple asks the Court to enforce all rulings granting Apple motions in limine and orders granting objections to Samsung's evidence.  Apple is making the following additional motions in limine:

      1.      Motion in limine regarding post-trial events.

      2.      Motion in limine regarding reexamination or IPR proceedings.

      3.      Motion in limine regarding new '915 design-arounds.

The parties may also have a dispute as to whether Michael Wagner's February 16, 2016, supplement complies with the Court's February 12, 2016 order and prior rulings that experts cannot introduce new materials and new calculations.  The parties are meeting and conferring in an attempt to resolve this dispute.

Apple reserves all rights to object to Samsung's proposed deposition and discovery designations, exhibits, and witness testimony, both before and during trial.

Apple objects that Samsung's "additional disputed evidentiary issues" exceed the Court's limit on motions in limine by briefing additional motions through this joint pretrial statement.  In any event, the Court should not preclude Apple as Samsung requests:

      1.      Nationality was not an issue in the 2014 trial in the 630 case, and will not be an issue in this trial.  Mere reference to the fact that SEC is a Korean corporation is not an appeal to "racial or national origin prejudice" as Samsung suggests.  It also may be relevant, for example to discuss the fact that some of Mr. Wagner's information came over the telephone from Korean-speaking employees whose information was translated through a lawyer sitting in Korea (as Apple has done on cross examination without any objection from Samsung).  (Dkt. 2843 at 1090:18-1091:5.)

      2.      Samsung attempts to frame an argument that Apple may not comment on Samsung's failure to produce witnesses from the parent company as one of nationality,

but it is not.  This is nothing more than an attempt to reargue an unsuccessful motion Samsung filed during the first trial.  (*See* Dkt. 1721 (order denying Samsung's motion to exclude examination and comment on absent witnesses).)  As the Court has already held (*id.*), commenting on the failure to call a witness is generally acceptable argument.

3.       Apple will not elicit any opinions from Dr. Hauser that have been previously stricken by the Court.  Samsung's objection, however, could improperly prevent Dr. Hauser from giving full and truthful answers on cross-examination.  Indeed, as the Court noted, given Samsung's repeated questioning of Dr. Hauser on whether respondents to his survey would have purchased a Samsung phone but for the infringing features, it "should have been unsurprising to Samsung" that Dr. Hauser would provide an opinion that he had previously given, without objection from Samsung, during his post-trial deposition.  (Dkt. 2776 at 8.)

4.       Samsung's broad and vague request that certain types of "copying or demand" evidence should be precluded is similar to its unsuccessful attempt in the 630 case to "exclude evidence of 'copying.'"  (630 Dkt. 1398 at 3.)  The Court denied this motion before the 630 trial in favor of deciding such objections on a case-by-case basis and should do so again here.  (*Id.*; *see also* 630 Dkt. 1411 at 22:19-23:2 (stating copying evidence relevant to "damages" and "Panduit and Georgia-Pacific factors").)

5.       Apple opposes Samsung's attempt to expand the scope of the Court's prior ruling regarding noninfringing alternatives to apply to *nonaccused* products – an issue not addressed by the Court's prior ruling on noninfringing alternatives.  (*See* Dkt. 2657.)  Apple's decision not to accuse certain phones of infringing certain patents is irrelevant to the damages issues at the upcoming remand trial, and its introduction would waste trial time, result in unnecessary satellite litigation, and create a substantial risk of juror confusion.

**B.**      Samsung's Separate Statement of Disputed Evidentiary Issues

Samsung asks the Court to enforce all rulings granting Samsung motions in limine and orders granting objections to Apple's evidence.  Samsung is moving *in limine* to exclude the following from evidence:

1.      ***Evidence and argument regarding Samsung's revenue or profit from all infringing sales.***  Apple has no legitimate basis to refer to the total revenue and profit Samsung earned from all sales of the accused products.  The Court previously ruled that such information should be excluded because it would be prejudicial and misleading (Dkt. 2721 at 4), nevertheless, Ms. Davis' current report again includes calculations of total revenue, including sales which are not eligible for an award of profits under 35 U.S.C. § 289.

2.      ***Evidence and argument of Samsung's market share based on products not at issue in this trial.***  Samsung's market share gains are irrelevant unless isolated to the five products at issue in this trial or the specific intellectual property rights the jury will be asked to value.  Nevertheless, Apple's market share evidence is not limited to the five products at issue in the retrial—or even to products that have been found to infringe the patents-in-suit—and Ms. Davis herself has admitted that there is no evidence that would quantify the amount of market share Samsung supposedly took from Apple, the amount of market share the specific phones at issue in this case have taken from Apple, or how much of the increased Samsung's market share is attributable to Samsung's use of Apple's intellectual property.  *See, e.g.,* 08/26/13 Davis Dep. Tr. at 250:12-252:1.  Permitting Apple to rely on evidence of Samsung's market share gains without requiring Apple to tie them exclusively to the products at issue would prejudice Samsung in several ways, including confusing and misleading the jury about (i) the proper scope of damages for the products at issue in this trial, (ii) the irrelevance of the first jury's findings of infringement for products not at issue in this trial, and (iii) the amount Apple has already been compensated for the majority of the infringing sales reflected in the market share data.

3.        ***Testimony and opinion regarding purely legal issues.*** In her recent deposition, Apple's expert, Julie Davis, repeatedly based her opinions squarely on her interpretation of the Court's jury instructions. Specifically, she repeatedly testified that under her interpretation of the phrase "directly attributable" in the Court's jury instructions, Samsung's profits could not be calculated by deducting operating expenses. Such testimony would be an improper opinion on an ultimate issue of law, namely what expenses may *legally* be deducted under the Court's instruction on the law, which is forbidden under Ninth Circuit law. Consequently, Ms. Davis should be precluded from testifying or suggesting that as a legal matter the phrase "directly attributable" under the Court's jury instructions precludes her from deducting operating expenses to arrive at Samsung's profits or from otherwise ascribing legal significance to that phrase. Samsung also identifies the following additional disputed evidentiary issues:

4.        Apple should be precluded from making references to SEC's being a foreign or Korean corporation and to STA and SEA's having a foreign or Korean parent. Throughout both of the prior trials in this case, Apple has taken every opportunity to remind the jury of Samsung's "foreignness" by consistently referring to SEC as "Samsung Korea," "Korean Samsung," the "Korean parent," "the Korean company," and the "Korean bosses" of "Samsung America." Dkt. 2739 at 349:1-5, 348:17-19, Dkt. 2840 at 966:1-2, 975:7-22, 978:19-979:13; Dkt. 2843 at 1118:21-25, 1166:19-25, 1167:1-3, 1178:4-10, 1175:13. In fact, Apple's counsel has rarely referred to SEC *without* mentioning Korea. The Court previously recognized that SEC's "foreignness" is not at issue in this case and that Apple engaged in troubling misconduct during closing argument in 2013 when Apple's counsel "clearly suggested an us-versus-them, American-versus-non-American theme to the jury, which could have evoked national origin prejudice." (Dkt. 2947 at 22, 23.) The Court also cited empirical research providing statistical support for the prevalence of jury bias against foreign patent litigants. (*Id.* at 23.) Apple has no

legitimate basis to offer any evidence or argument that evokes racial or national origin prejudice.

5.      Similarly, Apple should be precluded from referencing the nationality or country of employment of Samsung witnesses, whether the witness is present or absent. Apple has made pejorative references in the past to insinuate that no Korean witnesses were "brave enough" to come to trial and to belittle the testimony of non-Korean executives because they were not from Korea.  (*See, e.g.*, Dkt. 2844 at 1290:7-21 ("Samsung brought you no executive from Korea, the parent company, to testify under oath."); *id.* at 1395:25-1396:3 (arguing that "no Samsung executive ha[s] been brave enough to come into th[e] courtroom . . . [and] answer questions under oath" even though several non-Korean executives had testified in the courtroom).  There is simply no justification for statements like this from Apple that baldly appeal to race and national origin where those issues are irrelevant.

6.      Apple's survey expert, Dr. Hauser, should be precluded from testifying that the results of his survey are evidence that respondents would not have purchased Samsung phone but for the infringing features.  Dr. Hauser blurted out this opinion for the first time on cross-examination during the 2013 trial (*see, e.g.,* 11/13/13 Trial Tr. 547:15-548:2, 551:13-18, 552:21-553:11, 544:16-20), and the Court has already ruled that Dr. Hauser's "but for" theory was neither disclosed in his expert report nor the subject of his testimony in the first trial.  See Dkt. 2776 at 2-3.  The Court declined to strike Dr. Hauser's undisclosed opinion—partly out of a concern that instructing the jury on the issue would only attract further attention to the improper testimony—but did preclude Apple from relying on Dr. Hauser's testimony for any purpose.  *See id.* at 8-9.  In light of the Court's ruling, Dr. Hauser should be prohibited from repeating his undisclosed "but for" theory during this trial.

7.      Apple should be precluded from introducing allegations and purported evidence of copying or demand where such evidence is either irrelevant to Apple's sought

damages, was not previously disclosed by Apple as related in any way to damages, or where the potential probative value is substantially outweighed by its prejudicial or misleading effect.

8.      Whether, and to what extent, Samsung's products not accused of infringement of the '915, '381, '163, D'305, D'087, or D'677 patents, or found by the 2012 jury not to infringe one or more of those patents, are evidence of noninfringing alternatives to those patents.   Samsung incorporates by reference the Court's rulings on certain of these products and patents, Dkt. Nos. 2657, 2696.

9.      Samsung reserves all rights to object to Apple's proposed deposition and discovery designations, exhibits, and witness testimony, both before and during trial.

## XII.   ESTIMATE OF TRIAL TIME

Trial is set to begin on Monday, March 28, 2016.  The Court allocated to each side six hours of court time for evidence; 45 minutes per side for opening statements, and one hour per side for closing arguments.  (Dkt. 3272 at 2.)

## XIII.   MISCELLANEOUS

*FJC Video.*  The parties agree that the Federal Judicial Center video need not be shown to this jury.

*The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of trial in this action, unless modified to prevent manifest injustice.*

JOINT PRETRIAL STATEMENT
CASE NO. 11-cv-01846 LHK (PSG)
sf-3625230

19

1  Dated: February 18, 2016

2

3  MORRISON & FOERSTER LLP
   HAROLD J. MCELHINNY (CA SBN
4  66781)
   hmcelhinny@mofo.com
5  RACHEL KREVANS (CA SBN
   116421)
6  rkrevans@mofo.com
   ERIK J. OLSON (CA SBN 175815)
7  ejolson@mofo.com
   MORRISON & FOERSTER LLP
8  425 Market Street
   San Francisco, California  94105-2482
9  Telephone:  (415) 268-7000
   Facsimile:  (415) 268-7522
10
   WILLIAM F. LEE
11 william.lee@wilmerhale.com
   WILMER CUTLER PICKERING
12 HALE AND DORR LLP
   60 State Street
13 Boston, MA 02109
   Telephone: (617) 526-6000
14 Facsimile: (617) 526-5000

15 MARK D. SELWYN (SBN 244180)
   mark.selwyn@wilmerhale.com
16 WILMER CUTLER PICKERING
   HALE AND DORR LLP
17 950 Page Mill Road
   Palo Alto, California 94304
18 Telephone: (650) 858-6000
   Facsimile: (650) 858-6100
19

20
   By:    /s/ Harold J. McElhinny
21           Harold J. McElhinny

22    Attorneys for Plaintiff and
       Counterclaim-Defendant APPLE
23

24

25

26

27    **IT IS SO ORDERED.**

28

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100


By:    /s/ Victoria Maroulis
          Victoria Maroulis

       Attorneys for Defendants and
       Counterclaim-Plaintiffs


SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS
AMERICA, LLC

1

2

3   Dated: _____, 2016          By: _____

4                                              Honorable Lucy H. Koh

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ATTESTATION OF E-FILED SIGNATURE**

2

I, Harold J. McElhinny, am the ECF User whose ID and password are being used to file

3

this submission.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Victoria F.

4

Maroulis has concurred in this filing.

5

Dated:  February 18, 2016                    */s/ Harold J. McElhinny*
                                                                     Harold J. McElhinny

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28