UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br>              Plaintiff, <br><br>    v. <br><br>SAMSUNG ELECTRONICS CO. LTD., et al., <br><br>              Defendants. | Case No.11-CV-01846-LHK <br><br>**ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS** <br><br>Re: Dkt. Nos. 3333, 3336, 3345, 3347, 3359, 3361 |

Before the Court are administrative motions to seal brought by Plaintiff Apple Inc. ("Apple"), ECF Nos. 3333, 3359, 3345, and Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"), ECF Nos. 3336, 3347, 3361. The parties seek to seal briefing and exhibits filed by the parties in connection with Apple's Motion to Strike Portions of Michael Wagner's November 6, 2015 Rebuttal Report ("Apple's Motion to Strike"), ECF No. 3333-3, and Samsung's Motion to Strike Portions of the November 6, 2015 Expert Report of Julie L. Davis ("Samsung's Motion to Strike"), ECF No. 3335.

"Historically, courts have recognized a 'general right to inspect and copy public records

1

United States District Court
Northern District of California

and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098-99; *Kamakana* at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples

2

Case No. 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS

United States District Court
Northern District of California

United States District Court
Northern District of California

1    or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476

2    (9th Cir. 1992).

3        Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court

4    documents for, inter alia, the protection of "a trade secret or other confidential research,

5    development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has

6    adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a]

7    trade secret may consist of any formula, pattern, device or compilation of information which is

8    used in one's business, and which gives him an opportunity to obtain an advantage over

9    competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)

10   (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the

11   production of goods. . . . It may, however, relate to the sale of goods or to other operations in the

12   business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that

13   sealing may be justified to prevent judicial documents from being used "as sources of business

14   information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

15       In addition, parties moving to seal documents must comply with the procedures established

16   by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request

17   that establishes the document is "sealable," or "privileged, protectable as a trade secret or

18   otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly

19   tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.*

20   Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that

21   is narrowly tailored to seal only the sealable material" and that "lists in table format each

22   document or portion thereof that is sought to be sealed," as well as an "unredacted version of the

23   document" that "indicate[s], by highlighting or other clear method, the portions of the document

24   that have been omitted from the redacted version." *Id.* R. 79-5(d)(1).

25       The parties seek to seal briefing and exhibits filed in connection with cross-motions to

26   strike, which relate to the admissibility of evidence at trial. In a previous appeal in the instant case,

27

28   Case No. 11-CV-01846-LHK
     ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS

3

the Federal Circuit applied the rule in *Kamakana* and concluded that the "good cause" standard applies to requests to file under seal documents related to motions regarding the admissibility of evidence at trial. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1222–23 (Fed. Cir. 2013). Accordingly, the Court applies the "good cause" standard to the instant motions to file under seal. Furthermore, the Court rules on the instant motions in accordance with the Federal Circuit's prior holding that certain of the financial, licensing, and manufacturing capacity information at issue in the instant motions is sealable under both the "good cause" and "compelling reasons" standards. *Id.* at 1226–29.

    With the appropriate standard and the Federal Circuit's guidance in mind, the Court rules on the instant motions as follows:

| Motion to Seal | Standard | Document | Ruling |
|---|---|---|---|
| 3333 | Good Cause | Apple's Motion to Strike | GRANTED as to the redactions proposed in ECF No. 3341-1. |

Case No. 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS

United States District Court
Northern District of California

United States District Court
Northern District of California

| Motion to Seal | Standard | Document | Ruling |
|---|---|---|---|
| 3333 | Good Cause | Exhibit 1 to the Declaration of Mark Selwyn in Support of Apple's Motion to Strike | DENIED with prejudice as to the following proposed redactions:<br>• Page 70, figure 23 – entries in the columns for "Quantity" and "ASP" only<br>• Page 73, footnote 371, third line – ASP for Vibrant for the full year 2011 only<br>• Pages A-14 through A-18<br>• Schedule 15.1-3T – entries in the columns for "Revenue," "Quantity," and "ASP" in 2010 and 2011 only<br>The Court will not seal publicly available information, including information the parties have filed publicly in the instant case. *See* ECF No. 3368-4 (Samsung's public version of Exhibit C to the Declaration of Scott Kidman, ECF No. 3347, which publicly discloses the information in the above proposed redactions); *see also* ECF No. 3348 (Declaration of Mark Selwyn, which states that "Apple does not maintain a claim of confidentiality with respect to Samsung's Opposition or Exhibits B and C to the Declaration of Scott Kidman").<br><br>Otherwise, GRANTED as to the redactions proposed in ECF No. 3341-3. |
| 3333 | Good Cause | Exhibit 3 to the Declaration of Mark Selwyn in Support of Apple's Motion to Strike | GRANTED as to the redactions proposed in ECF No. 3341-5. |

Case No. 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS

United States District Court
Northern District of California

| Motion to Seal | Standard | Document | Ruling |
|---|---|---|---|
| 3333 | Good Cause | Exhibit 4 to the Declaration of Mark Selwyn in Support of Apple's Motion to Strike | DENIED with prejudice as to the following proposed redactions:<br>• Schedule 15.2 – entries in the columns for "Quantity" and "ASP" only<br>The Court will not seal publicly available information, including information the parties have filed publicly in the instant case. *See* ECF No. 3368-4 (Samsung's public version of Exhibit C to the Declaration of Scott Kidman, ECF No. 3347, which publicly discloses the information in the above proposed redactions); *see also* ECF No. 3348 (Declaration of Mark Selwyn, which states that "Apple does not maintain a claim of confidentiality with respect to Samsung's Opposition or Exhibits B and C to the Declaration of Scott Kidman").<br><br>Otherwise, GRANTED as to the redactions proposed in ECF No. 3341-7. |
| 3336 | Good Cause | Exhibit A to the Declaration of Scott Kidman in Support of Samsung's Motion to Strike | GRANTED as to the redactions proposed in ECF No. 3342-1. |
| 3336 | Good Cause | Exhibit B to the Declaration of Scott Kidman in Support of Samsung's Motion to Strike | GRANTED as to the redactions proposed in ECF No. 3342-3. |
| 3345 | Good Cause | Apple's Opposition to Samsung's Motion to Strike | GRANTED as to the redactions proposed in ECF No. 3366-1. |
| 3345 | Good Cause | Exhibit A to the Declaration of Erik Olson in Support of Apple's Opposition | DENIED with prejudice. The Court will not seal publicly available information, including information the parties have filed publicly in the instant case. *See* ECF No. 3366-2 (Apple's filing of a public, unredacted copy of the instant document). |
| 3347 | Good Cause | Samsung's Opposition to Apple's Motion to Strike | GRANTED as to the redactions proposed in ECF No. 3368. |
| 3347 | Good Cause | Exhibit B to the Declaration of Scott Kidman in Support of Samsung's Opposition | GRANTED as to the redactions proposed in ECF No. 3368-2. |

6

| Motion to Seal | Standard | Document | Ruling |
|---|---|---|---|
| 3347 | Good Cause | Exhibit C to the Declaration of Scott Kidman in Support of Samsung's Opposition | DENIED with prejudice as to the following proposed redactions:<br>• Page 92, figure 32 – year range and entries in the columns for "Quantity" and "ASP" only<br>• Page 197, paragraph 483<br>• Page 211, paragraph 530 – entries for "Cost to Design a New Icon (per Icon)" and "Cost to Design and Implement a New GUI" only<br>• Schedule 15.1 – entries in the columns for "Revenue," "Quantity," and "ASP" in 2010 and 2011 only<br>The Court will not seal publicly available information, including information the parties have filed publicly in the instant case. *See* ECF No. 3368-4 (Samsung's public version of Exhibit C to the Declaration of Scott Kidman, ECF No. 3347, which publicly discloses the information in the above proposed redactions); *see also* ECF No. 3348 (Declaration of Mark Selwyn, which states that "Apple does not maintain a claim of confidentiality with respect to Samsung's Opposition or Exhibits B and C to the Declaration of Scott Kidman").<br><br>Otherwise, GRANTED as to the redactions proposed in ECF No. 3368-4. |
| 3347 | Good Cause | Exhibit D to the Declaration of Scott Kidman in Support of Samsung's Opposition | GRANTED. |
| 3359 | Good Cause | Apple's Reply in Support of Apple's Motion to Strike | GRANTED as to the redactions proposed in ECF No. 3372. |
| 3361 | Good Cause | Samsung's Reply in Support of Samsung's Motion to Strike | GRANTED as to the redactions proposed in ECF No. 3373. |
| 3361 | Good Cause | Exhibit A to the Declaration of Scott Kidman in Support of Samsung's Reply | GRANTED as to the redactions proposed in ECF No. 3373-1. |

United States District Court
Northern District of California

7

Case No. 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS

| Motion to Seal | Standard | Document | Ruling |
|---|---|---|---|
| 3361 | Good Cause | Exhibit B to the Declaration of Scott Kidman in Support of Samsung's Reply | GRANTED as to the redactions proposed in ECF No. 3373-2. |

**IT IS SO ORDERED.**

Dated: February 22, 2016

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

8