| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| RACHEL KREVANS (CA SBN 116421) | WILMER CUTLER PICKERING |
| rkrevans@mofo.com | HALE AND DORR LLP |
| ERIK J. OLSON (CA SBN 175815) | 60 State Street |
| ejolson@mofo.com | Boston, MA 02109 |
| MORRISON & FOERSTER LLP | Telephone: (617) 526-6000 |
| 425 Market Street | Facsimile: (617) 526-5000 |
| San Francisco, California 94105-2482 | |
| Telephone: (415) 268-7000 | MARK D. SELWYN (SBN 244180) |
| Facsimile: (415) 268-7522 | mark.selwyn@wilmerhale.com |
| | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| Attorneys for Plaintiff and | 950 Page Mill Road |
| Counterclaim-Defendant APPLE INC. | Palo Alto, California 94304 |
| | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
| Plaintiff, | **APPLE'S OPPOSITION TO SAMSUNG MOTION IN LIMINE #1 TO EXCLUDE SAMSUNG'S TOTAL PROFIT AND REVENUE** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Date: March 3, 2016<br>Time: 1:30 p.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |
| Defendants. | |

1    Samsung's motion attempts to relitigate an issue that the Court long ago decided.  The
2  Court has always allowed Apple to present Samsung's total revenue for infringing products that
3  are the subject of trial.  Indeed, the parties stipulated to the use of a joint exhibit (JX1500) that
4  includes total revenue.  (*See* Dkt. 1597-1.)  That information was admitted at both the 2012 and
5  2013 trials.  (JX1500, JX1500A.)  The Court also denied Samsung's motion to limit the revenue
6  information Apple could present at the damages retrial to sales made in the relevant damages
7  period.  (Dkt. 2645 at 3 (denying Samsung's motion to strike pre-notice sales information in
8  JX1500A and PX29A for products at issue in the retrial).)  That total revenue is admissible as law
9  of the case, and there is no reason for the Court to change its prior rulings for the upcoming trial.

10    Samsung's total revenue and profit from the products subject to a Samsung's profits
11  remedy are highly relevant and necessary to both parties' damages calculations.[1]  Every one of
12  the five phones at issue in the remand trial is eligible for disgorgement of Samsung's profits due
13  to infringement of one or more of Apple's design patents.  Neither party's expert could present
14  his or her theory as to the appropriate amount of Samsung's profits without disclosing Samsung's
15  total revenue and gross profit—those figures are the starting point for the calculation.[2]  (*See, e.g.*,
16  Dkt. 3336-2, Expert Report of Julie Davis dated Nov. 6, 2015 ¶ 143 ("The first step in the
17  calculations was to determine Samsung's revenues."); *see also* 2013 Trial Tr. at 1014:11-22 (Dkt.
18  2841) (Samsung expert Michael Wagner opining on the "appropriate calculation" of Samsung's
19  profits, beginning with total revenues).)

20    Samsung primarily relies on the Court's ruling excluding certain revenue and profit
21  figures contained in three demonstratives at the damages retrial.  (Dkt. 2721 at 4.)  But Samsung's
22  argument stretches that ruling too far.  The Court already has cautioned that its order "was limited

---

[1] In accordance with the Court's prior Order excluding gross profit information from PX25G (Dkt. 2721 at 4), which had presented per-product gross profits in a format similar to JX1500, Apple does not intend to present per-product gross profit information for infringing phones not subject to a Samsung's profits remedy.

[2] A complete bar on presenting Samsung's total revenue and profit also would be highly prejudicial to Apple in the event that Samsung itself injects the issue into the trial, as it did in the damages retrial.  (*See* 2013 Trial Tr. at 959:3-10, 960:12-18, 973:2-15 (Dkt. 2841).)

APPLE'S OPP. TO SAMSUNG'S MOTION IN LIMINE #1 TO EXCLUDE SAMSUNG'S TOTAL PROFIT AND REVENUE
CASE NO. 11-CV-01846-LHK (PSG)                                                                                          1
sd-677221

to those particular slides."[3] (Dkt. 2947 at 18.) And when Samsung moved for a new trial on the basis that Apple prejudiced Samsung by disclosing Samsung's total revenue and profit information, the Court rejected Samsung's argument. (*Id.* at 19.) The Court emphasized that the jury was instructed to determine Samsung's profit "by deducting certain expenses from gross revenue," and thus "a portion of Samsung's revenue number was relevant for calculating the award of Samsung's profits." (*Id.*) In addition, as the Court noted, Apple presented Samsung's total revenue during the first trial without objection from Samsung.[4] (*Id.* at 18 n.9.)

Samsung further concedes that the Court allowed expert testimony regarding total revenues and profits at the 630 trial. (*See* Dkt. 3395-3 ("Mot.") at 1 n.1.) Samsung attempts to distinguish the 630 case by arguing that the total revenue and profit figures there were an input to the damages experts' calculations. But the same is true here, since Samsung's total revenue and gross profit on the infringing sales of the products at issue are the starting point for both experts' calculation of Samsung's profits.

Samsung cites *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51 (Fed. Cir. 2012) and *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292 (Fed. Cir. 2011) to argue that any mention of an infringer's total revenue or profit on the infringing products is improper. But those cases involved only utility patents; infringer's profits were not at issue. *See LaserDynamics*, 694 F.3d at 56; *Uniloc*, 632 F.3d at 1296-97. Samsung also cites three district court cases in support of its assertion that courts consistently exclude total revenue and profit information. (*See* Mot. at 2 n.2) But like *Uniloc* and *LaserDynamics*, all three cases involve application of the entire market value rule in the context of a reasonable royalty for utility patents only. Here, Samsung has infringed Apple's design patents and entitled Apple to disgorgement of Samsung's profits.

---

[3] The Court's exclusion order also relied on a finding that the revenue and profit figures included in the demonstratives were not previously disclosed by Ms. Davis. If either party believes a particular demonstrative contains information not previously disclosed, those objections can be resolved during the HPO process.

[4] Samsung points to several instances in both the first trial and damages retrial where Apple presented its total revenue and profit information, but fails to acknowledge that it never objected to any of that testimony at the time.

APPLE'S OPP. TO SAMSUNG'S MOTION IN LIMINE #1 TO EXCLUDE SAMSUNG'S TOTAL PROFIT AND REVENUE
CASE NO. 11-CV-01846-LHK (PSG)
sd-677221

2

As explained in Jury Instruction No. 31, Samsung's profit "is determined by deducting certain expenses from gross revenue. Gross revenue is all of the infringer's receipts from the sale of articles using any design found infringed." The jury cannot be expected to follow this instruction without the financial information, including total revenue and profit, it must use to perform the calculation.

Dated: February 22, 2016                    MORRISON & FOERSTER LLP

                                            By:   */s/ Rachel Krevans*
                                                  RACHEL KREVANS

                                            Attorneys for Plaintiff
                                            APPLE INC.

APPLE'S OPP. TO SAMSUNG'S MOTION IN LIMINE #1 TO EXCLUDE SAMSUNG'S TOTAL PROFIT AND REVENUE
CASE NO. 11-CV-01846-LHK (PSG)
sd-677221

3