1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.      11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION IN LIMINE #3 TO EXCLUDE MS. DAVIS'S TESTIMONY REGARDING EXPENSES NOT "DIRECTLY ATTRIBUTABLE" TO THE INFRINGING PRODUCTS**<br><br>Date:      March 3, 2016<br>Time:      1:30 p.m.<br>Place:     Courtroom 8, 4th Floor<br>Judge:     Hon. Lucy H. Koh |

1

## I.      INTRODUCTION

2          Samsung's third motion *in limine* seeks to preclude Ms. Davis from testifying that the

3   operating expenses claimed by Samsung are not "directly attributable to the sale or manufacture

4   of the infringing products" and therefore should not be deducted when calculating Samsung's

5   profits.  (*See* Dkt. 3395-3 ("Mot") at 7-9.)  Samsung's motion is an improper attempt to hamstring

6   Ms. Davis's ability to apply the proper test for deductible expenses, and to respond to Mr.

7   Wagner's opinion that Samsung's claimed operating expenses should be deducted.  Although Mr.

8   Wagner is precluded from using the words "directly attributable" because he did not disclose any

9   such opinion in his expert report (Dkt. 2575 at 13), Ms. Davis did disclose her opinion applying

10  the "directly attributable" standard and should be permitted to offer this testimony again—just as

11  Mr. Musika did at the 2012 trial and Ms. Davis did at the 2013 trial.  Samsung's motion should be

12  denied because it attempts to re-litigate objections the Court has already rejected, distorts Ms.

13  Davis's testimony, and misstates the applicable law.

14  ## II.      THE LAW OF THE CASE DOCTRINE BARS SAMSUNG'S ARGUMENT.

15         In the 2012 and 2013 trials, both Mr. Musika and Ms. Davis testified to the same opinion

16  that Samsung now seeks to strike—namely, that Samsung's operating expenses should not be

17  deducted when calculating Samsung's profits because those expenses were not "directly

18  attributable" to the sale or manufacture of the infringing products.  (*See* 2012 Trial Tr. 2056:17-

19  2066:22 (Dkt. 1839); 2013 Trial Tr. 691:17-703:3, 786:13-14, 790:6-10 (Dkt. 2840); *id.* at

20  1162:11-1163:19 (Dkt. 2843).)   Samsung did not object to most of this testimony.  And when

21  Samsung did object that Ms. Davis's testimony applying the "directly attributable" test was

22  "stating a legal opinion"—the same objection Samsung raises here—the Court overruled it.

23  (2013 Trial Tr. 1174:12-22 (Dkt. 2843).)  Samsung did not challenge that evidentiary ruling on

24  appeal, and the Court has made clear that its "prior rulings on the parties' … evidentiary

25  objections will remain in effect as law of the case."  (Dkt. 3272 at 3.)  Samsung's attempt to re-

26  litigate the Court's ruling on this evidentiary issue should be rejected on this basis alone.

27

28

APPLE'S OPPOSITION TO SAMSUNG'S MOTION IN LIMINE #3 RE MS. DAVIS'S TESTIMONY
CASE NO. 11-cv-01846-LHK (PSG)
sf-3626464ActiveUS 152550059v.8

1

### III.     MS. DAVIS IS APPROPRIATELY APPLYING THE LAW AS DETERMINED BY THE COURT, NOT INTERPRETING IT.

The Court has determined that "[o]ther costs may be included as deductible expenses if they are directly attributable to the sale or manufacture of the infringing products resulting in a nexus between the infringing products and the expense." (Dkt. 1903 at 72 (2012 Final Jury Instructions); Dkt. 2784 at 39 (2013 Final Jury Instructions).)  As provided in her expert reports and previous trial testimony, Ms. Davis intends to apply the "directly attributable" standard articulated by the Court to the evidence regarding Samsung's operating expenses.  Ms. Davis should again be permitted to render this opinion to assist the jury in calculating Samsung's profits—which Samsung agrees will be a "central issue" at the remand trial (Mot. at 7).[1]

Samsung claims that Ms. Davis is improperly providing her own interpretation of the law (Mot. at 7-8), but it does not identify any legal "interpretation" that Ms. Davis is supposedly using. Rather, Ms. Davis has consistently—and appropriately—applied the words of the jury instructions themselves, which she confirmed at her deposition.  (*E.g.*, Ex. 1 [Davis Dep.] at 399:18-23 ("Q. And your understanding as to what that standard is that applies in this case is based on what?  A. Based upon my understanding of what the judge has had to say about it and exactly what she has written about it.").)  Ms. Davis further testified that she was "not going to provide any legal opinions, including an opinion on what 'directly attributable' means in this case." (*Id.* at 403:10-18.)  There is no improper legal opinion in having a damages expert determine whether or not certain expenses are "directly attributable" to the infringing products.

Samsung's argument that Ninth Circuit law precludes expert witnesses from offering opinions on an ultimate issue of law is inapplicable here.  The ultimate issue of law here is whether expenses may be deducted only if they meet the "directly attributable" standard.  Ms.

---

[1]  To the extent Samsung challenges Ms. Davis's qualifications to offer an opinion as to which expenses are "directly attributable" to the infringing products on the basis that the term "directly attributable" is not used in GAAP or Ms. Davis's professional experience (Mot. at 7-8), that argument should also be rejected.  "Samsung [did] not challenge whether Davis is qualified to testify about her conclusions regarding *damages* under [FRE] 702 and *Daubert*" (Dkt. 2654 at 3), and the Court has not authorized Samsung to make another *Daubert* challenge here (Dkt. 3272 at 3; Dkt. 3380 at 6-7).  In any event, Ms. Davis's accounting expertise qualifies her to determine which of Samsung's expenses are or are not directly attributable to the infringing products.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION IN LIMINE #3 RE MS. DAVIS'S TESTIMONY
CASE NO. 11-cv-01846-LHK (PSG)
sf-3626464ActiveUS 152550059v.8

2

Davis offers no opinion on that legal question.  Instead, Ms. Davis is offering a factual opinion: whether or not the operating expenses recorded in Samsung's financial records are "directly attributable" to and "resulting in a nexus with" the infringing products at issue in this trial.[2]

In expressing this factual opinion, Ms. Davis may reference the controlling legal standard—here, the "directly attributable" standard—or other legal terminology.  This is no different from both parties' damages experts referring to the *Georgia-Pacific* factors when discussing a reasonable royalty or the *Panduit* factors when discussing Apple's lost profits. "Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms."  *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004); *see also Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059 (9th Cir. 2008) (recognizing that "experts [may] refer to terminology from applicable law in expressing their opinions"); *Velasquez v. City of Santa Clara*, No. 5:11-cv-3588-PSG, 2014 U.S. Dist. LEXIS 33004, at *2 (N.D. Cal. Mar. 11, 2014) (Grewal, M.J.) (holding that "experts shall not be precluded from using legal terminology in offering their expert opinion" and "may confirm the legal standard as part of their testimony"); *Darensburg v. Metro. Transp. Comm'n*, No. C-05-1597-EDL, 2008 U.S. Dist. LEXIS 79003, at *8 (N.D. Cal. Sept. 15, 2008) ("[A]n expert may refer to the law in expressing an opinion without crossing the line into a legal conclusion.").  Thus, precedent, including the *Nationwide* case relied upon by Samsung (*see* Mot. at 9), supports Apple's position.

## IV.    CONCLUSION

For the reasons stated above, Ms. Davis should be permitted to testify that the operating expenses claimed by Samsung are not "directly attributable to the sale or manufacture of the infringing products" and therefore should not be deducted when calculating Samsung's profits.

---

[2]  Samsung argued for a different legal standard when disputing the jury instructions (*see, e.g.*, Dkt. 1694 at 136-39) and lost (*see* Dkts. 1903, 2784).  Samsung did not challenge the "directly attributable" portion of the jury instructions on appeal, and has not proposed a different instruction for the remand trial (Dkt. 3408, Ex. B at 43).  Samsung should not be allowed to re-litigate this instruction in the guise of challenging Ms. Davis's application of it in her testimony.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION IN LIMINE #3 RE MS. DAVIS'S TESTIMONY
CASE NO. 11-cv-01846-LHK (PSG)
sf-3626464ActiveUS 152550059v.8

3

1    Dated: February 22, 2016                    MORRISON & FOERSTER LLP

2

3                                         By:    */s/ Rachel Krevans*

4                                                Rachel Krevans

5                                                Attorneys for Plaintiff
                                                APPLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S OPPOSITION TO SAMSUNG'S MOTION IN LIMINE #3 RE MS. DAVIS'S TESTIMONY
CASE NO. 11-cv-01846-LHK (PSG)
sf-3626464ActiveUS 152550059v.8

4