QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendant. | CASE NO. 11-cv-01846-LHK <br><br> **SAMSUNG'S OPPOSITION TO APPLE'S MOTIONS IN LIMINE REGARDING '915 DESIGN AROUNDS** <br><br> **Date**: March 3, 2016 <br> **Time**: 1:30 pm <br> **Place**: Courtroom 8, 4th Floor <br> **Judge**: Hon. Lucy H. Koh |

Apple conflates two different issues. First, Samsung's pending motion to introduce additional evidence seeks to inform the jury of the historical fact that it actually took about four weeks to implement a '915 design-around in certain accused products. Dkt. 3352. On this first issue, Apple has already filed its response (Dkt. 3375), and should not be allowed to evade briefing limits.

The second issue is whether the Court should exclude highly relevant testimony for the lost profits issues at the remand trial—expert testimony that Samsung could have avoided infringement by modifying the source code to skip the initial check for one versus two or more touch inputs. On this issue, Apple's motion is meritless because these hypothetical design around opinions are not new. The sole basis for Apple's motion—that the design-around was "not timely disclosed" prior to July 2012—is contradicted by the record. Samsung disclosed the theory behind the '915 design-around in interrogatory responses served during fact discovery, and also in expert reports. Moreover, the source code Samsung developed to implement the design-around has been the subject of numerous expert declarations, depositions and post-trial briefs over the course of three years. Apple has no legitimate claim of prejudice, and its motion should be denied.

### A. Samsung Timely Disclosed the '915 Design Around Theory

Apple's claim that a "new" '915 design-around was first disclosed in post-trial briefing (Mot. 1) is simply incorrect—Samsung disclosed how to design around the '915 patent prior to the July 2012 trial, in both discovery responses and expert reports. In response to Apple's Interrogatory No. 16, Samsung stated that non-infringing alternatives to the '915 patent "include . . . not distinguishing between a single input point/scroll operation and a two or more input point/gesture operation." *See* Kidman Decl. Ex. A at 8. Samsung's technical expert, Stephen Gray, specifically addressed this theory in his expert report, explaining that a "fully functional non-infringing alternative" to the '915 patent would be to "[s]imply remov[e] Android's initial test for one versus two or more touch inputs." *Id.*, Ex. B at ¶¶ 197-204. Mr. Wagner relied on this same design-around theory in opining on damages for the '915 patent. *See* 4/20/12 Wagner Rpt. at ¶ 467, Sched. 13.5 ("[a] design around [to the '915 patent] could be implemented by modifying the source code to skip the initial check for one versus two or more touch inputs[.]").

At the July 2012 trial, Mr. Wagner testified that based on his discussions with Samsung engineers, it would take four weeks to design around the '915 patent. Dkt. 1842 at 3054:23-3056:18. Apple did not—because it could not—object to the jury hearing this testimony.

To the extent Apple contends that Samsung's timely-disclosed theory should be excluded based on a supposed failure to disclose the specific *source code* implementing that theory, Apple's contention lacks merit. The source code Samsung released in October 2012 embodies substantially the same design-around theory described in Samsung's interrogatory responses and expert reports, by utilizing a "fundamentally different technique that does not distinguish the number of input points has been implemented." Dkt. 2054-2 at ¶¶ 31-38. But the modified source code itself did not exist prior to the end of discovery, and thus there was nothing for Samsung to disclose during discovery prior to the 2012 trial. Any supposed failure to disclose the source code during discovery is justified because the code did not exist at that time, and also harmless in light of the ample discovery Apple has since taken regarding that source code. *See* Fed. R. Civ. P. 37(c) (providing for exclusion of evidence based on failure to disclose unless the failure was "substantially justified or harmless.")

**B.     Apple Fails To Make Any Showing Of Prejudice That Would Justify Exclusion of the Highly Probative '915 Design-Around Evidence**

Apple's motion makes no attempt to identify any prejudice that would result from permitting Samsung to rely on its '915 design-around theory, and indeed fails to identify any prejudice if the jury also hears of its actual four-week implementation. Nor could it, given that Apple had every opportunity to question Samsung's technical expert regarding the theory, and to question Mr. Wagner about his opinions about the significance of it. Apple's technical expert, for his part, has also offered declarations and deposition testimony regarding Samsung's '915 design-around. *See* Dkt. 2127-3; Dkt. 2183-2. Evidence of Samsung's design-around theory, and the time needed to implement it, does not change any of Samsung's theories or any of its experts' opinions, and causes no unfair surprise or prejudice to Apple.

While the '915 design-around causes no prejudice to Apple, it is arguably the most probative evidence the jury will hear about lost profits at the remand trial. Apple's lost profits

1  theory is based entirely on the assumption that Samsung would need at least six months to design
2  around the '915 patent.  Ms. Davis admitted at trial that Apple is not entitled to a single dollar in
3  lost profits if Samsung could have implemented a design-around in four months.  *See* Dkt. 2840 at
4  750:21-751:6.  That Samsung **did** in fact implement a design-around in just four weeks defeats
5  Apple's lost profits theory, and corroborates the estimated times that Mr. Wagner has used
6  throughout this case.  Put simply, precluding Samsung from relying on the '915 design-around
7  which was actually implemented *after* the 2012 trial would effectively award Apple a windfall
8  worth up to $18 million, without any showing of prejudice to justify that result.

### C. Samsung Has Ample Evidence To Support Its '915 Design-Around Theory

Apple's argument that Samsung "has no competent evidence to support its new '915 design-around theories" (Mot. 2) is based on the faulty premise that Samsung's theory is actually "new."  It is not.  Mr. Gray can competently testify to the opinions disclosed in his expert report—that Samsung could implement a design-around by modifying code to skip the initial check for one versus two or more touch inputs.  Either Mr. Gray or a fact witness can very simply confirm the timing of the actual design around.  Mr. Wagner can and will testify to the opinions he disclosed in his report and at both trials, *i.e.*, that Samsung could design around the '915 patent in four weeks.  Samsung has merely requested the ability to offer additional evidence—whether through Mr. Gray, consistent with his previous declarations and deposition testimony, or a fact witness—that confirms the theories and expert opinions Samsung has relied on throughout this case.[1]

---

[1] Apple's claim that Mr. Wagner "is not qualified to opine on whether Samsung's purported redesigns infringe" (Mot. 2) is beside the point, because Mr. Gray is certainly qualified to do so—just as he did in his report, at his deposition and in declarations.  Ex. B ¶¶ 197-204; Dkt. 2054-2. More importantly, numerous courts have recognized that the patentee bears the burden of proving that an alleged alternative fails to avoid infringement.  *See, e.g.*, *Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 824-25 (Fed. Cir. 1989) (reversing denial of lost profits because the evidence submitted by Datascope, the patentee, was "sufficient . . . carry Datascope's burden of proving that the [alleged alternative] infringes the claims of the '339 patent."); *Protegrity Corp. v. Voltage Sec., Inc.*, No. 3:10-CV-755 RNC, 2013 WL 6880597, at *4 (D. Conn. Dec. 31, 2013) (granting summary judgment of no lost profits where patentee conceded that commercially acceptable alternatives were available and offered no proof the alternatives infringed).

1  DATED: February 22, 2016        QUINN EMANUEL URQUHART &
2                                                        SULLIVAN, LLP
3
4
                                                  By /s/ *Victoria F. Maroulis*
5                                                    Victoria F. Maroulis
6
                                                     Attorneys for SAMSUNG ELECTRONICS
7                                                    CO., LTD., SAMSUNG ELECTRONICS
                                                     AMERICA, INC. and SAMSUNG
8                                                    TELECOMMUNICATIONS AMERICA, LLC