**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTIONS IN LIMINE REGARDING POST TRIAL EVENTS**<br><br>**Date**: March 3, 2016<br>**Time**: 1:30 pm<br>**Place**: Courtroom 8, 4th Floor<br>**Judge**: Hon. Lucy H. Koh |

Apple's kitchen-sink motion to exclude any evidence that might be characterized as related to "post-trial events" should be denied as unripe and overbroad. At this time, Samsung does not foresee a need to rely on rulings of the Federal Circuit regarding trade dress, PTO proceedings, or the jury's verdict in the 630 case,[1] which should dispose of any need to consider Apple's motion further. But the nature and content of Apple's case-in-chief may create a legitimate need for Samsung to introduce these materials for a limited purpose. Rather than issue a blanket order so broad as to exclude "all [ ] information and events" disclosed after the July 2012 trial (Mot. 2), the Court should defer any ruling at this time and address objections on a case-by-case basis, for two reasons.

*First*, while Apple's entire motion hinges on the so-called Groundhog Day rule, nearly all the evidentiary orders cited in its laundry list (Mot. 2-3) were based on Rule 403—**not** the Groundhog Day rule. *See, e.g.,* 10/17/12 Hr'g Tr. at 6:15-7:6 (granting Apple's motion *in limine* to exclude evidence related to re-examination proceedings "under 403 balancing"); *id*. at 22:6-17 (granting Apple's motion *in limine* to exclude design-arounds based on the re-examinations "on 403 grounds"); Dkt. 2575 at 12 (excluding, "based on Federal Rule of Evidence 403 balancing," Mr. Wagner's opinions regarding "the HTC settlement agreement . . . this Court's Order denying Apple's request for a permanent injunction . . . [and] post-trial patent reexaminations."); Dkt. 2667 at 8 (excluding HTC agreement because its "probative value . . . is substantially outweighed by the danger of confusing the issues, wasting time, and misleading the jury.").[2] Apple has not offered any Rule 403 analysis whatsoever, only the Groundhog Day rule. Nor is it possible for the Court to do any Rule 403 balancing at this stage, because that analysis requires a specific offer of evidence or testimony in order to assess its probative value or any danger of prejudice.

---

[1] Samsung's opposition to Apple's request to exclude "post-trial" design-around theories is set forth in Section I. *See also* Dkt. 3352. With respect to post-trial reexamination proceedings, Samsung maintains its objections to the exclusion of evidence related to the re-examination proceedings but otherwise has not opposed Apple's motions in limine to exclude that evidence, in light of the Court's prior rulings. *See* Section III, *infra*.

[2] Indeed, of all the rulings cited by Apple, only two were actually based on the Groundhog Day rule—the exclusion of new design-around witnesses (Dkt. 2552 at 3) and the exclusion of opinions based on post-verdict meetings between Mr. Wagner and Samsung employees regarding Samsung's costs (Dkt. 2575 at 12).

*Second*, the Court has no present way to assess the possibility that evidence falling within Apple's catch-all request to exclude "all other information and events not timely disclosed" might take on relevance during the course of trial. Importantly, even in instances where the Court has cited the Groundhog Day as a factor favoring the exclusion of evidence, it has frequently stated that Samsung can rely on post-trial evidence for purposes of cross-examination or if Apple otherwise opens the door. *See, e.g.,* Dkt. 2667 at 10-11 (permitting Samsung to introduce the HTC agreement and Mr. Wagner's analysis of it "to rebut any testimony or argument by Apple that Apple has never or would never license the utility patents-in-suit."). In the 630 case, the Court initially indicated that it would exclude any mention of the preliminary injunction and the Federal Circuit's reversal, but later permitted Samsung to rely on this evidence to rebut a misleading narrative by Apple regarding Samsung's removal of an accused feature. *See* 630 Dkt. 1621, Trial Tr. at 253:21-255:17; *see also* 630 Dkt. 1622, Trial Tr. at 402:2-21; 630 Dkt. 1714, Trial Tr. 1031:5-1033:16; 630 Dkt. 1715, Trial Tr. 1341:3-1343:8; 630 Dkt. 1717, Trial Tr. 1954:16-1956:5; 630 Dkt. 1925, Trial Tr. 2258:1-16; 630 Dkt. 1938, Trial Tr. 2506:10-2507:8.

In this case, it is entirely possible that Samsung may seek to introduce statements made by Apple's witnesses for purposes of impeachment, for example. It should not matter when the witness made the inconsistent statement, and Apple's motion – if construed to exclude such statements – contradicts the basic rules of evidence. *See, e.g.,* Fed. R. Evid. 613; Fed. R. Evid. 801(d). Apple certainly cites no rule or reason to support its overbroad request that the Court should rule in the dark, absent evidence of the probative value or some presently unknown piece of evidence. The Court should deny Apple's motion in favor of a case-by-case approach, and consider the proper application of the Groundhog Day rule if and when the issue becomes ripe. Indeed, when presented with similarly broad motions in limine in the past, the Court has not hesitated to refuse an across-the-board ruling, opting instead to consider objections to specific exhibits and testimony.[3] The Court should take the same approach here.

---

[3] Dkt. 1267 at 3-4 (denying Samsung motion to exclude evidence related to Steve Jobs, but stating that such evidence "will generally be excluded" and that the Court would make "case-by-case" determinations regarding whether the evidence was tied to Apple's specific IP rights); *see*
(footnote continued)

DATED: February 22, 2016

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Victoria F. Maroulis*
  Victoria F. Maroulis

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

---

*also* 7/18/12 Hrg Tr. 65:1-66:23 (taking "question-by-question" approach to Samsung motion to exclude irreparable harm evidence); *id.* at 131:20-132:7 ("case-by-case" approach to Apple MIL #4); id. at 127:16-22 (exhibit-by-exhibit" approach to Samsung MIL #7); *see also* 10/17/13 Hrg Tr. 18:2-20:17 (denying Apple MIL #2 to exclude references to prior art from damages retrial because it was "best left for a document-by-document or question-by-question ruling versus a broad, blanket ruling right now"); *id.* at 61:12-14 (denying Samsung MIL #1 prior to damages retrial: "I said that I would be denying this one without prejudice and making decisions as to individual documents and testimony.").