# EXHIBIT 4

## (Public Redacted Version)

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

**Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order**

**United States District Court**
**Northern District of California**

**Apple Inc.**

**v.**

**Samsung Electronics Co., Ltd. et al.**

---

# Corrected Expert Report of Michael J. Wagner

**April 20, 2012**

**Volume I**

**LitiNomics**

198. Mr. Joswiak testified that as of February, 2012 Apple's iPhone line consists of the iPhone 3GS, the iPhone 4, and the iPhone 4S.[477] The iPhone 3GS is available to AT&T customers on a two-year contract at no cost.[478] Without a contact, the iPhone 3GS is priced at $399.[479] The iPhone 4 costs $99 on a two-year contract and is available to AT&T, Verizon and Sprint customers.[480] Without a contract, its price is $549.[481] The iPhone 4S starts at $199 with a two-year contract, and is also available at $299 and $399, depending on memory capacity.[482] Without a contract, iPhone 4S's price starts at $649 and increases in hundred dollar increments to $849, depending on memory capacity.[483] Mr. Joswiak also testified that the price to consumer of various models of the iPhone is very similar to the price of the same phones to carriers.[484]

199. In contrast, Samsung offers a large number of lower-end basic handsets.[485] In 2011 Samsung mostly operated in <$100 and $100-$249 smartphone cost tier markets, as presented in Figure 30 above.[486] In a June 8, 2010 System Concepts study commissioned by Samsung, participants of the study commented that one of the benefits of Android is its cost making it available to a broader market than the iPhone.[487] Smartphone customers find Samsung more affordable than Apple, according to J.D. Power and Associates.[488]

200. Indeed, an analysis of the sales data for Samsung's accused products reveals that about 30 percent of the accused products are models that have an average wholesale selling price of less than ████:

[477] Deposition of Gregory Joswiak, Volume I, February 23, 2012, p. 243. [9.2]
[478] Deposition of Gregory Joswiak, Volume I, February 23, 2012, pp. 243-244. [9.2]
[479] Deposition of Gregory Joswiak, Volume I, February 23, 2012, p. 245. [9.2]
[480] Deposition of Gregory Joswiak, Volume I, February 23, 2012, p. 247. [9.2]
[481] Deposition of Gregory Joswiak, Volume I, February 23, 2012, p. 247. [9.2]
[482] Deposition of Gregory Joswiak, Volume I, February 23, 2012, p. 248. [9.2]
[483] Deposition of Gregory Joswiak, Volume I, February 23, 2012, p. 248. [9.2]
[484] Deposition of Gregory Joswiak, Volume II, February 24, 2012, p. 451. [9.3]
[485] 2009 Mobile UX Forecast: M.T.O.C., Samsung Electronics Co., LTD, November 10, 2008, SAMNDCA00214969-5201 at '5073. [8.5]
[486] 2011 Wireless Smartphone Satisfaction Study, Management Report, J.D. Power and Associates, March, 2011, SAMNDCA10246338-445 at '362. [13.9]
[487] UX Critique by European Professionals, System Concepts, June 8, 2010, SAMNDCA00202869-933 at '919. [10.2]
[488] 2011 U.S. Wireless Mobile Phone Study Results Presentation Volume 2, J.D. Power and Associates, November 15, 2011, SAMNDCA00282033-088 at '080. [13.7]

**Figure 32: STA Smartphones with ASP Less than** [89]



| Product | 2010 - 2011 Total | |
|---|---|---|
| | **Quantity** | **ASP** |
| | *[a]* | *[a]* |
| Exhibit 4G | | |
| Galaxy Prevail | | |
| Gem | | |
| Gravity / Gravity Smart | | |
| Intercept | | |
| Replenish | | |
| Transform | | |
| Total Smartphone Products with ASP < | | |
| Total Smartphone Products | | |
| Smartphone Products with ASP < as a Percent of Total | ***29.9%*** | |

201. These products are clearly in a very different market segment than the iPhones, which start at significantly higher wholesale prices.[490]

202. iPhone owners have relatively higher disposable income compared to the income of smartphone owner on average.[491] Forty-seven percent of iPhone 3G owners and 50 percent of iPhone 3GS owners have disposable income of more than $100,000.[492] In contrast, Crowd Science found that Android smartphone users are less affluent than iPhone users.[493]

---

489 Schedule 15.2. [1.2]

490 In February 2012, the carrier price for the iPhone 3GS was $375, the iPhone 4 carrier price was $549, and the iPhone 4S carrier price was $649, $749, and $849 for the 16 GB / 32 GB / 64 GB versions, respectively. (Apple Inc. iPhone – US, Carrier & Reseller Pricing as of February 17, 2012, APLNDC-Y0000051622. [5.5])

491 iPhone 4.0 Quick Report & Analysis, Samsung Electronics, June 28, 2010, SAMNDCA00024872-941 at '880. [4.1]

492 iPhone 4.0 Quick Report & Analysis, Samsung Electronics, June 28, 2010, SAMNDCA00024872-941 at '880. [4.1]

493 Email from John Brown to Arthur Rangel, March 16, 2010, 40% of Blackberry Users Willing to Trade in Their Devices for Apple iPhones, March 15, 2010, APLNDC0001414064-066 at '065. [15.28]

473. In addition, Michael Tchao, Vice-President Product Marketing iPad at Apple, testified that Apple's multi-touch approach supports ten-finger gesture while some of the other approaches support only two-finger gesture.[890] He also stated that Apple's multi-touch is superior to multi-touch implementations on other platforms as it is fast and fluid, and creates the "illusion of direct manipulation."[891] Given Apple's assertions that Samsung infringes Apple's multitouch utility patents, it must be other multi-touch contributions to Apple's products that result in the reported superior performance.

474. Apple's damages expert, Mr. Musika, appears to have assumed that the multitouch utility patents have invented multitouch capability and touch gestures, but the contributions of Apple's multitouch patents are not that broad.

**(iii) Design IP**

475. For the design IP, Samsung's own accused products provide ample evidence that acceptable, non-infringing alternatives exist. As can be observed upon inspection of Schedule 6.1 at Volume 1, Tab 2 of my Report, for each asserted element of design IP, Samsung has *at least* eight of the 29 accused products that are not accused of infringement.

476. More specifically, for the GUI Design Patents, Apple does not accuse the Nexus products, the Galaxy S II products, and several other smartphones of infringement. For the Electronic Device Design Patents and the asserted trade dress, there are a wide range of smartphones that are not accused of infringement. For the asserted trademarks, it varies widely by trademark, but there are a number of accused products that are not accused for each trademark.

477. Indeed, several of Samsung's top sellers are not accused of all groups of design IP. Samsung has 7 different accused products that have sold more than 1 million units in the United States:[892]

- The Captivate is not accused of infringing the Electronic Device design patents;
- The Epic 4G is not accused of infringing the Electronic Device design patents;

[890] Deposition of Michael Tchao, February 21, 2012, pp. 7, 164-165. [10.14]
[891] Deposition of Michael Tchao, February 21, 2012, pp. 76-77, 164-165. [10.14]
[892] Schedules 5.1 and 6.1. [1.2]

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED
Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order

- The Fascinate is accused of infringing one of the Electronic Device design patents (the D677);
- The Galaxy Prevail is not accused of infringing either the GUI design patents or the Electronic Device design patents;
- The Galaxy S 4G is accused of infringing all groups of design IP;
- The Intercept is not accused of infringing the GUI design patents, Electronic Device design patents, or the trade dress (it is accused of infringing one trademark);
- The Vibrant is accused of infringing all groups of design IP.

478. In addition to the accused products, Samsung sells a wide range of smartphones that have not been accused of *any* infringement of design intellectual property. Based on the same sources that Mr. Musika uses in his Mor-Flo analysis, I have calculated that for the period from Q2 2010 through Q4 2011, between 25 and 30 percent of Samsung's smartphones are not accused of infringement.[893]

479. Finally, there is a wide range of other smartphones in the marketplace that have been successful that are apparently not infringing Apple's design IP asserted in this lawsuit. I am not aware of Apple asserting its design intellectual property against any other smartphone manufacturer.

480. I have requested from counsel pictures of the trademark icons used in products that are not accused of infringement. The accused icons make up a small portion of the total icons in the accused products.[894] I summarize the icons that were received below:

[893] Schedule 11.1. [1.2]
[894] Schedule 17. [1.2]

**Figure 60: Alternative Icons for Apple Registered Icon Trademark No. 3,886,196**




Trademark No. 3,886,196

Nexus S

Nexus S

Transform

Transform

**Figure 61: Alternative Icons for Apple Registered Icon Trademark No. 3,889,642**




Trademark No. 3,889,642

Captivate

Galaxy S (i9000)

Galaxy S II (AT&T)

Galaxy S II (T-Mobile)

Galaxy S II (Epic 4G Touch)

Vibrant

**Figure 62: Alternative Icons for Apple Registered Icon Trademark No. 3,886,200**


Trademark No. 3,886,200



Galaxy S II (AT&T)



Galaxy S II (T-Mobile)



Galaxy S II
(Epic 4G Touch)



Nexus S



Transform

**Figure 63: Alternative Icons for Apple Registered Icon Trademark No. 3,889,685**


Trademark No. 3,889,685



Nexus S



Transform

**Figure 64: Alternative Icons for Apple Registered Icon Trademark No. 3,886,197**


Trademark No. 3,886,197



Nexus S



Transform

**Figure 65 Alternative Icon for Apple Registered Icon Trademark No. 3,886,169**




Trademark No. 3,886,197 | New Notebook Icon

**Figure 66: Alternative Icons for Apple iTunes Store Trademark**




Application Serial No. 85/041,463 | Nexus S | Transform

481. As noted above, the Galaxy S II products have not been accused of infringing the GUI Design Patents, but several products accused of infringement of other IP have not been accused of infringing the GUI Design Patents. In addition, I understand that Samsung sells its smartphones in Korea with a grid of 3 icons wide by 5 icons tall.[895] The figures below provide the screen images for the Galaxy SII (T-Mobile), which is not accused of infringing the GUI Design Patents, a snapshot of the Korean phone screen showing the 3x5 grid, and the Vibrant, which is accused of infringing the GUI Design Patents:

[895] Conversation with Hoshinn Lee, April 16, 2012.

**Figure 67: Alternative Images for Accused (Vibrant) Screen Image**




Vibrant




Galaxy S II (T-Mobile)




New Screen Image

482. As demonstrated above, I understand that Samsung could change the number of rows or columns on its GUI and design around the GUI Design Patents.

483. I have discussed the cost to design new icons or to implement a new GUI on the accused products with a Samsung designer and engineer.[896] The cost is less than $500 per icon and is $1,152 for the GUI interface.[897]

484. In addition to the GUI Design Patents and trademarks described above, Apple's asserted design-related IP includes the Electronic Device Design Patents and the trade dress. If found to be valid and infringed, Apple's Electronic Device Design Patents and trade dress cover some elements of the device itself. However, for each asserted Electronic Device Design Patent and individual Trade Dress, there are *at least* 14 Samsung products that have been accused of infringement in this lawsuit that are not accused of that specific assertion.[898] Therefore, Samsung has a number of alternatives available to it, regardless of which Trade

[896] Conversation with Sun-young Yi, April 12, 2012 (with translation assistance from Hoshin Lee). Conversation with Sun-young Yi and Jaewoo Park, April 16, 2012 (with translation assistance from Hoshin Lee).
[897] Schedule 13.6 and 13.7. [1.2]
[898] Schedule 6.1. [1.2]

Dress / Electronic Device Design Patents are found to be infringed. For example, these products are not accused of infringing any Trade Dress or Electronic Device Design Patent:[899]

- Acclaim
- Exhibit 4G
- Gem
- Gravity / Gravity Smart
- Indulge
- Intercept
- Nexus S
- Nexus S 4G
- Replenish
- Sidekick
- Transform

485. For the tablets, the Tab 7.0 (3G) and Tab 8.9 are not accused of infringing the D889 Patent, and the Tab 8.9 is not accused of asserting the iPad / iPad 2 trade dress.[900]

486. In addition, Samsung has employed a wide range of smartphone designs in the market that have found to be acceptable and are not accused of infringement in this lawsuit. Further, numerous other smartphone and tablet manufacturers have competed in the marketplace with alternative designs.

487. These wide range of design alternatives are acceptable alternatives for the devices accused of infringing the Electronic Device Design Patents and trade dress. Apple has provided no evidence that the "design" referred to by Apple's experts is connected in any way with the specific design-related IP in this lawsuit. Therefore, I conclude that Samsung has acceptable, noninfringing alternatives for the Electronic Device Design Patents and Apple's trade dress assertions. Because Samsung had numerous smartphones on the market at all times that do not practice the asserted Electronic Device Design Patents and trade dress, I do not consider design around costs.

[899] Schedule 6.1. [1.2]
[900] Schedule 6.1. [1.2]

*(b) Implications of this Georgia-Pacific Factor Regarding a Reasonable Royalty*

488. From an economic perspective, the cost of Samsung's next best alternative which are non-infringing ways of offering the same functionality or designing out the functionality if the feature is not desired by their customers is the most that Samsung would be willing to pay Apple and Apple would be entitled to receive. In my opinion, based on all the facts that I have considered, this factor is my starting point in arriving at my reasonable royalty damages and therefore is neutral.

**(10) Factor #10—the nature of the patented invention, the character of the commercial embodiment of it as owned and produced by the licensor and the benefits to those who have used the invention.**

*(a) The nature of the patented invention*

489. I have discussed the asserted IP at length in this report.

*(b) The character of the commercial embodiment of it as owned and produced by the licensor*

490. I understand that Apple has made use of the technology enabled by the Patents-in-Suit in iPhones and iPads.

*(c) The benefits to those who have used the invention*

**(i) Multi-Touch Functionality**

491. According a 2009 Samsung Research Presentation, "[t]ouch interaction lets users control their views in a fluid manner, eliminating the notion of a hierarchical drill-up / drill-down navigation."[901] In its January 21, 2009 presentation entitled "User Experience Design Philosophy" Samsung states that "[t]ouch screen and gesture interface give users more direct control and set a new standard."[902] In another internal document, Samsung points out finger

[901] Samsung Research Presentation, July 2009, SAMNDCA00220268-312 at '303. [10.15]
[902] User Experience Design Philosophy, Samsung, January 21, 2008, SAMNDCA00207427-477 at '466. [11.1]

**Apple Inc. v. Samsung Electronics Co., Ltd. et al.** **Schedule 15.2**
**Samsung Financial Summary**
**Samsung Accused Smartphone Products with an Average Price Less than [redacted]**

| Product | 2010 - 2011 Total | |
|---|---|---|
| | **Quantity** | **ASP** |
| | *[a]* | *[a]* |
| Exhibit 4G | 283,073 | $258 |
| Galaxy Prevail | 1,536,840 | $168 |
| Gem | 374,101 | $170 |
| Gravity / Gravity Smart | 473,669 | $190 |
| Intercept | 1,237,560 | $213 |
| Replenish | 602,887 | $153 |
| Transform | 603,970 | $253 |
| Total Smartphone Products with ASP < [redacted] | **5,112,100** | **$194** |
| Total Smartphone Products | **17,084,829** | |
| Smartphone Products with ASP < [redacted] as a Percent of Total | ***29.9%*** | |

***Source:***
*[a] Schedule 15.1*