United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC.,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO. LTD., et al.,

Defendants.

Case No. 11-CV-01846-LHK

**ORDER RE: QUESTIONS FOR ORAL ARGUMENT AT THE PRETRIAL CONFERENCE**

At the Pretrial Conference on March 3, 2016, at 1:30 p.m., the parties should be prepared to address the following questions at oral argument:

**Samsung's Motion In Limine #1**

*Questions for Samsung:*

- Exactly what sales does Samsung seek to exclude from the total revenue and profits that Apple can reference during the trial? Is Samsung asking the Court to draw that line with the April 15, 2011 design patent notice date, or is it asking for that line to be drawn in some other way?
- Given that a variant of Exhibit JX1500 with total infringing revenue for each month for the accused phones has been admitted in both prior trials, why should the Court grant this Motion?

*Questions for Apple:*

- Regardless of whether Samsung previously failed to object to Apple's use of a total infringing revenue number, what proper purpose does Apple have in using a total infringing revenue number?
- Does Apple agree that for Samsung sales before the first design patent notice date (*i.e.*, before April 15, 2011) Apple seeks only a per-unit reasonable royalty?

United States District Court
Northern District of California

- If Apple is seeking only a per-unit reasonable royalty prior to April 15, 2011, how are Samsung's revenues or profits relevant to Davis's damages calculations for the period before April 15, 2011? Does Samsung's revenue or profit factor into those specific calculations? How?
- Suppose the Court admits an exhibit like JX1500 into evidence with total profits and revenues for each product, so all the data is presented in the same way for each phone and month. There is a distinction between admitting that data into evidence and permitting Apple or its expert to make an argument that an inflated amount is somehow relevant to the infringer's profits analysis. Why should Apple be allowed to refer to Samsung's total profits number in opening statement, closing argument, or demonstratives?
- How is Samsung's Motion any different than the Court's prior exclusion of PDX100.30, .31, and .34 before the 2013 retrial?

**Samsung's Motion In Limine #2**

*Questions for Samsung:*

- In the 2013 retrial, Apple asked Davis only one question about the market share evidence on redirect examination. That question was: "Looking at the red line portion of the graph, are some of the sales that drove the increase in Samsung's market share shown in the graph sales of phones that were found to infringe in the first trial, in addition to the 13 infringing phones at issue here?" to which the answer was "Yes." 2013 Trial Tr. at 790:15-20. Why would a similar, single question in the 2016 retrial be unfairly prejudicial?
- The Court ruled, in 2012, that the market share chart in Exhibit 11.2-PT has probative value, and that in the context of the 2012 trial, it was admissible under Rule 403 even though the chart includes products that were not at issue in the 2012 trial. ECF No. 1895 at 1. Samsung is making the same argument now as it made in 2012, namely, that the chart is inadmissible under Rule 403 because it includes products not at issue. What makes the 403 balancing different now from 2012?
- Is there any market share evidence or data other than the chart depicted as Exhibit 11.2-PT to the November 2015 Davis Report that Samsung seeks to exclude?
- How does the proportion of sales in Exhibit 11.2-PT that correspond to products at issue in the 2016 retrial compare to the proportion of sales in Exhibit 11.2-PT that correspond to products that were at issue in the 2013 retrial?
- What is different about the 2016 retrial that leads Samsung to argue that now this chart should be excluded under Rule 403 when it did not make that argument at the 2013 retrial?

*Questions for Apple:*

- The products at issue in the 2016 retrial make up a smaller portion of the sales depicted in Exhibit 11.2-PT than the products that were at issue in the 2012 trial do. Does the decreased proportion of relevant sales affect how probative this chart is? If the chart is less probative now than it was in 2012, why does the Rule 403 balancing still favor admitting the chart into evidence?
- Does the fact that Apple has already been paid damages corresponding to all of the infringing products in Exhibit 11.2-PT except for the 5 products in the 2016 retrial create a risk of jury confusion or prejudice to Samsung?
- If Exhibit 11.2-PT is relevant only because of the portion of Samsung's market share increase that is driven by the 5 products at issue in the 2016 retrial, does Apple have testimony or evidence to explain what that portion is? If so, does the market share chart provide any additional relevant evidence on top of that testimony or evidence explaining the portion of Samsung's market share increase driven by the 5 retrial products?

**Samsung's Motion In Limine #3**

*Questions for Samsung:*

- Please clarify what exactly it is that Samsung wants to preclude Davis from saying at trial.
- Samsung's Motion cites Davis's December 2015 deposition, but the Motion does not indicate when at the 2013 retrial Davis offered a legal opinion as to what "directly attributable" means. If Samsung contends Davis offered this legal opinion during direct examination in the 2013 damages retrial, please direct the Court to the transcript page and line numbers and explain.
- Did Samsung challenge the "directly attributable" jury instruction on appeal?
- Samsung is arguing that Davis will testify on a question of law. Would Samsung agree that whether any particular Samsung expense is directly attributable to the infringing products is not a legal question?
- The jury instructions establish the legal standard. What prevents Davis from offering her opinion on the factual question of whether particular expenses do or do not meet that standard?
- How is Davis offering an opinion on whether particular costs are directly attributable to infringing products any different from Davis or Wagner offering an expert opinion on the total amount of damages?

*Questions for Apple:*

- If Davis has no independent understanding of the term "directly attributable" beyond the jury instruction, how can she offer an expert opinion on what costs fall within that standard?
- Is Apple planning to ask Davis what "directly attributable" means at trial? Does Apple expect Davis to refer to the Court's jury instruction in explaining her understanding of the term "directly attributable?"
- If "directly attributable" is a legal term and not an accounting term, how can Davis answer that question without giving a legal opinion?

**IT IS SO ORDERED.**

Dated: February 29, 2016

Lucy H. Koh
LUCY H. KOH
United States District Judge