UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO. LTD., et al.,<br><br>    Defendants. | Case No. 11-CV-01846-LHK<br><br>**ORDER DENYING SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE JULY 2012 TRIAL**<br><br>Re: Dkt. No. 3352 |

Before the Court is Defendants Samsung Electronics Co., Ltd.'s, Samsung Electronics America, Inc.'s, and Samsung Telecommunications America, LLC's (collectively, "Samsung") Motion to Introduce at the Damages Retrial Evidence Created After the July 2012 Trial ("Motion"). ECF No. 3352. Plaintiff Apple Inc. ("Apple") filed an Opposition to the Motion, ECF No. 3375, and Samsung filed a Reply. ECF No. 3379. The Court finds this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7–1(b). Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES Samsung's Motion.

1

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE JULY 2012 TRIAL

## I. BACKGROUND

A brief history is helpful to understand the unusual procedural context in which Samsung's Motion is made. Apple and Samsung sell competing smartphones and tablets. On April 15, 2011, Apple filed suit against Samsung, asserting, in relevant part, utility patent, design patent, and trade dress claims. *See* ECF No. 1. In July and August 2012, a jury found that 26 Samsung products infringed or diluted one or more of Apple's asserted intellectual property rights. ECF No. 1931. Following a multitude of post-trial orders, the Court held a partial damages retrial in November 2013. *See* ECF No. 2822. These trials will be referred to as the "original 2012 trial" and the "2013 damages retrial," respectively.

On March 6, 2014, following the original 2012 trial and the 2013 damages retrial, Samsung filed a Notice of Appeal to the Federal Circuit. ECF No. 3018. On May 18, 2015, the Federal Circuit affirmed the validity and infringement judgments with respect to Apple's design and utility patents, and "the damages awarded for the design and utility patent infringements appealed by Samsung." ECF No. 3271 at 4. However, the Federal Circuit reversed "the jury's findings that the asserted trade dresses are protectable" and vacated the damages awards against the Samsung products that were found liable for trade dress dilution. *Id*. The Federal Circuit remanded "for immediate entry of final judgment on all damages awards not predicated on Apple's trade dress claims and for any further proceedings necessitated by our decision to vacate the jury's verdicts on the unregistered and registered trade dress claims." *Id.* at 33.

Although the Federal Circuit largely affirmed the judgment from the original 2012 trial and 2013 damages retrial, its vacatur of the jury's verdicts on trade dress claims required retrial of damages for five Samsung products. Upon receipt of the Federal Circuit's mandate on September 1, 2015, ECF No. 3273, the Court issued a Case Management Order setting retrial for Spring 2016 (the "2016 damages retrial"). ECF No. 3272 at 3 ("September 1, 2015 Order"). The Court ruled that trial would proceed on the existing evidentiary record and thus generally barred the parties from conducting supplemental discovery or attempting to present exhibits or witnesses that were not timely disclosed and admissible at the previous trials. *Id.* at 1–2.

2
Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE JULY 2012 TRIAL

On January 20, 2016, Samsung filed the instant Motion, which seeks relief from the Court's September 1, 2015 Order. ECF No. 3352. Specifically, Samsung seeks leave to introduce at the 2016 damages retrial three types of new evidence: (1) two e-mail chains from 2013 between Phil Schiller, an Apple marketing executive, and Apple's advertising agency, which Samsung contends undercut Apple's claims for lost profits and reasonable royalties by showing that Samsung phones succeeded for reasons other than patent infringement; (2) two Apple presentations from 2013, which Samsung similarly contends undercut Apple's arguments as to why consumers purchased Samsung phones; and (3) the testimony of an expert or unnamed fact witness "regarding the *actual* timeframe required to implement a design-around to Apple's U.S. Patent No. 7,844,915 ('the '915 patent')." Motion at 1–2.

Samsung contends that Apple will not be prejudiced by introduction of the Apple documents noted above, which have already been introduced into evidence in a different case between the same parties: *Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 12-CV-00630-LHK (N.D. Cal.) ("the 630 case"). Motion at 6. Likewise, Samsung contends that Apple will not be prejudiced by Samsung's proposed new design-around timing evidence because Apple has already deposed Samsung's expert in connection with earlier injunction proceedings. Motion at 7.

On February 3, 2016, Apple filed an Opposition to Samsung's Motion, in which it argues that Samsung's Motion would effectively reopen discovery, introduce new witnesses and documents, and unduly complicate the 2016 damages retrial, all of which the Court's September 1, 2015 Order sought to prevent. ECF. No. 3375 ("Opp.") at 1. Apple further contends that Samsung's new evidence is irrelevant and would prejudice Apple by requiring changes to "the parties' pretrial preparations, witness selections, and trial time allocations," especially given that the Court has "allocated the parties only six hours each to present evidence" on the narrow issues to be decided on remand. *Id.* at 3–4, 6. Finally, Apple contends that Samsung's introduction of non-public exhibits from the 630 case would violate the cross-use provisions of the protective order entered in that case. *Id.* at 3. On February 10, 2016, Samsung filed a Reply. ECF No. 3379.

3

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE JULY 2012 TRIAL

## II. DISCUSSION

Samsung acknowledges that the Court's September 1, 2015 Order bars the introduction of new evidence at this late stage in this case, but seeks an exception and argues that Apple would not be prejudiced by the introduction of Samsung's proposed evidence. Motion, at 1 (citing ECF No. 3272 at 2; ECF No. 2369 at 2); Reply at 1. The Court accordingly begins by discussing its September 1, 2015 Order, and then turns to Federal Rule of Evidence 403.

### A. The Court's September 1, 2015 Order

#### 1. The Need for a Coherent Record at Trial and On Appeal

As noted above, the Federal Circuit remanded this case on September 1, 2015. ECF No. 3273. That remand required limited damages proceedings on a small number of products. Specifically, the Federal Circuit's opinion held that Apple's asserted trade dresses were not protectable. ECF No. 3271 at 14, 17. The opinion did not, however, require this Court to revisit any liability issues regarding Apple's utility or design patents. *See* ECF 3271 at 33. Nor did it reverse any of the Court's evidentiary rulings or require discovery to be reopened. In short, nothing changed as a result of the Federal Circuit's decision other than the elimination of Apple's trade dress claims and thus trade dress damages. The result of the remand was thus that awarded damages need to be retried only for the five products that were found to dilute Apple's trade dresses and to infringe Apple's patents in the original 2012 trial. *See* ECF No. 3271 at 33; September 1, 2015 Order, at 2; ECF 1931 at 11–12. Thus, while Apple's trade dress claims have been eliminated and only five products remain at issue, the parties are otherwise in the same position regarding damages that they would have been in at the original 2012 trial.

Given that fact, fairness and efficiency require that the retried claims in this case be judged on an evidentiary record comparable to the record before the 2012 and 2013 juries. Indeed, the need for a coherent record between the 2016 damages retrial and earlier trials is particularly apparent here, where the Federal Circuit has already relied on the existing record in reviewing the judgment from the original 2012 trial and 2013 damages retrial. To permit the remaining claims in the same case to be fairly evaluated, the Court has ordered that the evidence to be presented at

4

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE JULY 2012 TRIAL

the upcoming 2016 damages retrial should hew as closely as possible to that previously presented.

Specifically, to maintain a coherent record, the Court ordered that it "will not allow supplemental fact discovery," "permit the parties to expand the scope of the damages retrial," or "allow the parties to rely on new sales data, new products, new methodologies or new theories." September 1, 2015 Order, at 1–2.  Moreover, to ensure consistency among the trials, the Court ordered that its "prior rulings on the parties' *Daubert* motions, motions in limine, discovery disputes, and evidentiary objections will remain in effect as law of the case.  The parties may not relitigate these issues." *Id*. at 2.

The September 1, 2015 Order thus contains the same evidentiary cut-off that the Court imposed in advance of the 2013 damages retrial.  *See* ECF No. 2316 at 2–3.  Notably, the Federal Circuit affirmed the damages judgment from the 2013 damages retrial.  *See Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1004–05 (Fed. Cir. 2015).

**2.   Samsung's Request for an Exception to the September 1, 2015 Order**

Against this background, the Court concludes that permitting Samsung to selectively introduce new evidence at this late date would undermine the Court's attempt to maintain a coherent record for appeal.  In addition, Samsung's request for an exception from the September 1, 2015 Order is unwarranted—and unduly prejudicial to Apple—for several additional reasons.

First, the instant Motion is flatly inconsistent with Samsung's previous efforts to benefit from the Court's evidentiary cut-off at Apple's expense.  Samsung has been an enthusiastic proponent for exclusion of evidence based on the Court's rules prohibiting new evidence throughout this case.  For example, Samsung's recent Motion to Strike expressly sought to enforce the September 1, 2015 Order against new *Mor-Flo* damages calculations in Apple's expert report. ECF No. 3335 at 3.  Samsung argued that the material was new and so "should be stricken, as it violates *the clear instructions* set out by the Court." *Id.* (emphasis added).  The Court granted Samsung's request.  *See* ECF No. 3880 at 7.  Samsung also moved—again successfully—to strike Apple's new comparison of Samsung's incremental profit margin to its gross profit margin.  *Id.* at

5

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE JULY 2012 TRIAL

8.  These are not isolated instances.  In advance of the 2013 damages retrial, for example, Samsung similarly moved to exclude many new opinions, calculations, or documents of Julie Davis, Apple's damages expert, on the basis of the Court's evidentiary cut-off.  For example, the Court granted Samsung's motions to strike Davis's new opinion about Apple's capacity to meet demand, *see* ECF No. 2552 at 4; Davis's new descriptions of the patents in suit, *id.*; Davis's new product-by-product incremental profit calculations, *see* ECF No. 2575 at 5; and Davis's reliance on new documents. *Id.* at 9.  Samsung likewise successfully moved on an emergency basis to strike Apple's new lost profits theory on the eve of the 2013 damages retrial because it violated the Court's rules against new evidence and theories.  *See* ECF No. 2719 at 7.  Clearly, Apple would be unfairly prejudiced if its new evidence is excluded (as Samsung has consistently sought to do) while Samsung's new evidence is allowed on the eve of trial.

Second, even if the Court were inclined to permit Samsung to introduce new evidence, Samsung's Motion is too little, too late.  Although the Court ordered a retrial on September 1, 2015, Samsung did not state that it would seek an exception to the Court's long-standing rule in the parties' September 11, 2015 Joint Case Management Statement, *see* ECF No. 3280, nor in the September 18, 2015 Case Management Conference that followed.  *See* ECF No. 2391.  Samsung likewise did not state that it would seek an exception in the parties' December 3, 2015 Joint Case Management Statement, *see* ECF No. 3322, or at the December 10, 2015 Case Management Conference.  *See* ECF No. 3331.  Samsung's Motion was not filed until January 20, 2016, barely two months before trial is set to begin on March 28, 2016.  Expert disclosures for the 2016 damages retrial, however, were due on November 6, 2015.  ECF No. 3289 at 2.  Samsung did not serve the expert disclosure it now seeks to introduce.  Fact witness disclosure was due on January 22, 2016. *Id.* at 3.  Samsung did not identify (and still has not identified) the new fact witness it now would have testify.  Despite its failure to make these disclosures, Samsung proposes that Apple will not be prejudiced because it can take new discovery if Samsung's Motion is granted.  For example, Samsung states that it "will promptly present either [its expert] or a fact witness for a

6
Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE JULY 2012 TRIAL

short deposition" if necessary.  Reply at 2 n.1.  That is not a substitute for timely disclosure.  Forcing Apple to take new discovery less than a month before trial is unfairly prejudicial, given that it would result not from some unavoidable cause but rather from Samsung's untimely Motion.

Third, efficient management of this case and judicious use of the Court's limited resources requires that the parties honor the Court's orders closing the evidentiary record.  The Court resolved an enormous number of discovery and substantive disputes in connection with the original 2012 trial, resulting in more than 1,500 docket entries before the first day of trial in July 2012.  Since that time, more than 1,500 *additional* docket entries have been made in the course of the 2013 damages retrial and in preparation for the 2016 damages retrial.  In light of the extraordinary amount of resources the parties and the Court have already spent developing the existing evidentiary record—a record upon which the Federal Circuit has already relied—there is little benefit in expending more resources by reopening discovery less than a month before the 2016 damages retrial begins.

In sum, in view of the need for a coherent record on appeal, as well as fairness to Apple and efficient use of the Court's limited resources, enforcement of the Court's September 1, 2015 Order is appropriate.  The Court therefore DENIES Samsung's Motion to introduce new evidence.

**B. Federal Rule of Evidence 403**

In addition to the court's inherent discretion to manage the course of trial proceedings, the Federal Rules of Evidence "confer broad discretion on the trial judge to exclude evidence on any of the grounds specified in Rule 403."  *United States v. Hearst*, 563 F.2d 1331, 1349 (9th Cir. 1977).  Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Although denial of Samsung's untimely motion is warranted for the reasons stated above, exclusion of Samsung's proposed new evidence is also independently warranted under Rule 403 because, in each case, the probative value of the proffered evidence is

7

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE JULY 2012 TRIAL

substantially outweighed by a danger of unfair prejudice to Apple, jury confusion, and wasting time.

### 1. Apple E-mail Chains

Samsung seeks to introduce two e-mail chains between Phil Schiller, Senior Vice President of Worldwide Product Marketing at Apple, and Apple's advertising agency.  Motion at 1, 3–4.  These e-mail chains were previously admitted at trial in the 630 case as DX408A and DX409 and were created in January or February 2013.  *See* ECF No. 3352-3 ("630-DX408A"); ECF No. 3352-4 ("630-DX409").  Samsung argues that 630-DX408A and 630-DX409 illustrate concerns by Apple's executive and advertising agency "that Samsung's success was a result of business decisions and a savvy marketing campaign, . . . and not due to any alleged infringement."  Motion at 2.  Apple objects on the ground that these exhibits "have no bearing on the damages issues at the remand trial."  Opp. at 3.

Given its claim for lost profits, Apple overstates the irrelevance of 630-DX408A and 630-DX409.  Nevertheless, the limited probative value of the e-mail chains contained in 630-DX408A and 630-DX409 is substantially outweighed by a danger of unfair prejudice to Apple if they are admitted.  *See* Fed. R. Evid. 403.  First, the relationship of these e-mail chains to the products in this case is weak.  None of the five Samsung products at issue in the retrial is mentioned in the substantive e-mail discussion contained in either 630-DX408A or 630-DX409.  Exhibit 630-DX409, in fact, mentions no Samsung smartphone by model name at all.  The only place specific Samsung products are mentioned in 630-DX408A is in a news article appended to the end of the e-mail—not in the discussion between Apple's executive and its marketing agency.  That article, moreover, does not reference four of the five products currently at issue, and contains only a brief and ambiguous reference to a "Galaxy S" smartphone without providing a basis to determine whether it is the Galaxy S Showcase at issue in the retrial.

Second, the relationship of these exhibits to the damages period at issue in this case is weak.  The damages period for the 2016 damages retrial is August 4, 2010 to June 30, 2012.

Moreover, the lost profits period for the 2016 damages retrial is April 15, 2011 to May 29, 2011. Thus, both exhibits were created well after the relevant damages periods.  Moreover, exhibit 630-DX409 contains no indication that the e-mail discussion it contains relates to a timeframe within the damages period, as opposed to early 2013.  Similarly, while the news article appended to 630-DX408A contains some references to events in 2011, *see* ECF No. 3352-3 at 408A.006, it is unclear whether the discussion in the e-mail relates to 2011 or 2013.  The probative value of these exhibits is thus limited, given that the discussion in the exhibits is neither clearly tied to the products currently at issue nor clearly related to the time period at issue.

In contrast, the danger of unfair prejudice to Apple is clear.  There is undoubtedly evidence post-dating the evidentiary cut-off that Apple would use, if permitted, to bolster its case or to rebut Samsung's positions.  *See, e.g.*, ECF No. 3335 at 2–3 (Samsung motion to strike new opinion on effect of non-infringing alternatives on Apple's damages).  Apple cannot do so, however, because as stated above, the Court's September 1, 2015 Order, which Samsung has successfully enforced against Apple, bars the use of new evidence and exhibits in order to present a coherent record for appeal and to make efficient use of the Court's and parties' limited resources.

### 2. Apple Presentations

Samsung also seeks to introduce two Apple presentations.  The first, entitled "iPhone Review" and dated March 2013, was introduced at trial in the 630 case as exhibit DX411.  ECF No. 3353-3 at 411.002 ("630-DX411").  The second, entitled "FY '14 Planning Offsite" and dated April 2013, was introduced at trial in the 630 case as exhibit DX413.  ECF No. 3353-6 at 413.001 ("630-DX413").  Both exhibits were partially sealed.[1]  Samsung contends that 630-DX411 and 630-DX413 are relevant for two main reasons.  First, to show that consumers wanted features that Samsung but not Apple offered in 2011, *see* Motion at 4; and second, to show the reasons for Apple's slowing growth rate from 2009 to 2013.  *See id.* at 5.  Apple objects that "[t]he

---

[1] Apple contends that introduction of non-public exhibits from the 630 case would violate the cross-use provisions of the protective order in the 630 case.  Opp. at 3.  Because the Court denies Samsung's Motion on other grounds, the Court need not address Apple's argument.

two Apple presentations dating from March and April 2013 that Samsung seeks to introduce are similarly irrelevant to the issues at the remand damages trial." Opp. at 4.

The Court agrees that these voluminous exhibits are largely irrelevant, and that the few portions of those exhibits that are relevant have limited probative value. As with 630-DX408A and 630-DX409, neither of the two presentations focuses on any of the products at issue in the 2016 damages retrial. Indeed, Samsung identifies only a single passing reference on one page (of the more than 200 pages in the exhibits) specifically referring to a Samsung product at issue in the instant case. *See* Motion at 2; Reply at 4 (Galaxy 4G is included in one chart). Likewise, both presentations post-date the damages period at issue in the damages retrial, and both presentations devote substantial portions of their discussion to irrelevant foreign markets.

The limited probative value of these exhibits is substantially outweighed by a danger of jury confusion, as well as by a danger of unfair prejudice to Apple. *See* Fed. R. Evid. 403. As to the former, the global nature of the Apple presentations Samsung seeks to introduce leads to a substantial risk of jury confusion. For example, while Samsung focuses on charts showing Apple's growth rates in both presentations, *see* Motion at 5, those charts show *global* growth rate data not limited to the U.S. *See, e.g.*, 630-DX411 at 411.04; 630-DX413 at 413.008. Even if introduction of growth rates tied to irrelevant foreign markets does not lead to confusion, trial time will be wasted explaining the nature of Samsung's voluminous new exhibits and cross-examination on that basis. As to concerns of fairness, as explained above, permitting Samsung to make selective use of evidence beyond the existing record runs the risk of unfair prejudice to Apple, which cannot similarly introduce new evidence—whether to bolster its case, or to rebut Samsung's proposed use of Apple's 2013 presentations—at this late date.

### 3. Testimony Concerning Actual Time to Design Around '915 Patent

Finally, Samsung seeks to introduce new testimony of either a technical expert, Stephen Gray, or an unnamed Samsung fact witness "who was not on the original July 2012 witness list" to testify that "Samsung actually implemented [a] design-around for the '915 patent in about four

weeks, far less time than the hypothetical six-month timeframe that underlies Apple's damages expert's calculations." Motion at 2–3. Samsung further contends that this testimony was not available until after the original 2012 trial verdict, but is relevant to rebut both Apple's lost profits and reasonable royalty analysis. Motion at 5.

The probative value of Samsung's proposed new testimony is substantially outweighed by the danger of jury confusion and the likelihood of wasted time. While the parties' damages experts have previously relied on hypothetical design around times, Samsung's new testimony concerning the time to implement an actual design around for the '915 patent would introduce a new and complex dispute before the jury at the 2016 damages retrial. Specifically, Apple disputes that Samsung's non-infringing alternative is, in fact, non-infringing. *See, e.g.*, Opp. at 4; ECF No. 2206-2, ¶ 32 (declaration of Apple technical expert, Karan Singh, opining that "Samsung devices with the modified code still literally infringe" the '915 patent). If Samsung is permitted to introduce new testimony that an actual design-around took only four weeks to implement, Apple presumably would similarly seek to introduce evidence that the particular design-around does not, in fact, avoid infringement. Even if Apple only cross-examines Samsung's proposed technical expert or fact witness (rather than introducing rebuttal testimony of its own on this issue), the jury is nevertheless left with the prospect of a mini-trial on infringement. Especially in the context of a narrow damages-only retrial, such satellite litigation presents a substantial danger of unduly complicating the issues, wasting time, and causing jury confusion.

Moreover, permitting Samsung's new testimony would unfairly prejudice Apple. As noted above, Samsung states that it "will promptly present either [its expert witness] or a fact witness for a short deposition" if its Motion is granted. Reply at 2 n.1. Samsung still has not disclosed its fact witness. In any case, as noted previously, these disclosures were not timely provided, meaning that Apple would at a minimum be forced to divert resources from pre-trial preparation to take additional discovery shortly before trial, as well as alter its trial preparation to account for a new issue. Given Samsung's recent and successful argument that it would be prejudiced by Apple's

11
Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION TO INTRODUCE AT THE DAMAGES RETRIAL EVIDENCE CREATED AFTER THE JULY 2012 TRIAL

introduction of new expert analysis, Samsung's contention that Apple would not similarly be prejudiced rings hollow. *Compare* ECF No. 3335 at 2–3 (Samsung motion to strike), with ECF No. 3380 at 7 (order granting same).

In addition, the probative value of Samsung's proposed new testimony is tempered by the fact that it is not the only evidence concerning design-around time available to Samsung. Samsung's damages expert, Michael Wagner, testified both in the original 2012 trial and the 2013 damages retrial that his damages opinion was in part based on information from Samsung that a hypothetical design-around for the '915 patent would take approximately four weeks to implement. *See* ECF No. 1842 at 3055–56 (Wagner's 2012 testimony); ECF No. 2842 at 1028–29 (Wagner's 2013 testimony). Thus, even in the absence of Samsung's new testimony, Samsung may dispute Apple's damages calculations with Wagner's previously admitted testimony.

### 4. Conclusion as to Rule 403

In sum, the risk of jury confusion, the likelihood of time wasted on satellite litigation, and unfair prejudice to Apple substantially outweigh the limited probative value of the new exhibits and testimony Samsung's Motion seeks to introduce. Accordingly, having balanced the factors set forth in Federal Rule of Evidence 403, the Court exercises its discretion to enforce the discovery deadlines contained in its September 1, 2015 Order. Samsung may not introduce new testimony concerning actual time to design around the '915 patent or new exhibits 630-DX408A, 630-DX409, 630-DX411, or 630-DX413 at the 2016 damages retrial.

## III. CONCLUSION

For the foregoing reasons, Samsung's Motion to introduce new evidence at the 2016 damages retrial is DENIED.

**IT IS SO ORDERED.**

Dated: February 29, 2016

_____
LUCY H. KOH
United States District Judge