UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO. LTD., et al.,<br><br>            Defendants. | Case No. 11-CV-01846-LHK<br><br>**ORDER RE: APPLE'S MOTIONS IN LIMINE AND SAMSUNG'S EVIDENTIARY DISPUTES**<br><br>Re: Dkt. Nos. 3404, 3396, 3397, 3398 |

On February 18, 2016, the parties each filed three motions in limine in advance of the damages retrial in this matter scheduled to begin on March 28, 2016. In addition, Samsung identified five additional evidentiary disputes in the parties' Joint Pretrial Statement. As previously ordered, the Court will hold oral argument on Samsung's three motions in limine at the Pretrial Conference scheduled for March 3, 2016, at 1:30 p.m. *See* ECF No. 3423 (Order re: Oral Argument). The Court finds that Apple's motions in limine and the five additional evidentiary disputes raised by Samsung are appropriate for resolution without oral argument pursuant to Civil Local Rule 7–1(b). The Court has considered the parties' submissions, the relevant law, and the record in this case, and sets forth its rulings below.

1

Case No. 11-CV-01846-LHK
ORDER RE: APPLE'S MOTIONS IN LIMINE AND SAMSUNG'S EVIDENTIARY DISPUTES

## I. BACKGROUND

The Court's September 1, 2015 Case Management Order permitted each party to file three motions in limine. ECF No. 3272 at 3 ("September 1, 2015 Order"). Apple filed motions in limine (1) Regarding Post-Trial Events, *see* ECF No. 3396; (2) Regarding Reexamination or IPR Proceedings, *see* ECF No. 3397; and (3) Regarding New '915 Design-Arounds, *see* ECF No. 3398. Samsung opposed or partially opposed each of Apple's motions. *See* ECF No. 3417; ECF No. 3418; ECF No. 3420. For its part, Samsung filed motions in limine to (1) Exclude Evidence or Argument Regarding Samsung's Revenue or Profit from All Infringing Sales; (2) Exclude Evidence of Market Share Based on Products Not at Issue in This Trial; and (3) Exclude Testimony of Julie Davis as to a Purely Legal Issue. *See* ECF No. 3395-3. Apple opposed each of Samsung's motions. *See* ECF No. 3416; ECF No. 3417; ECF No. 3418.

In the parties' Joint Pretrial Statement, Samsung identified its three motions in limine as Disputed Evidentiary Issues Nos. 1–3. ECF No. 3404 at 16–17. Samsung additionally identified five additional evidentiary disputes, Nos. 4–8, regarding various other issues. ECF No. 3404 at 18–19. Apple responded to each of these five disputes in the Joint Pretrial Statement. ECF No. 3404 at 14–15.

## II. LEGAL STANDARD

The Court has broad discretion to manage the conduct of a trial and the evidence presented by the parties. *See, e.g.*, ECF No. 3380 at 5 (collecting cases). In addition, the Federal Rules of Evidence "confer broad discretion on the trial judge to exclude evidence on any of the grounds specified in Rule 403." *United States v. Hearst*, 563 F.2d 1331, 1349 (9th Cir. 1977). Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Each ruling below balances the factors set forth in Rule 403.

2
Case No. 11-CV-01846-LHK
ORDER RE: APPLE'S MOTIONS IN LIMINE AND SAMSUNG'S EVIDENTIARY DISPUTES

## III. DISCUSSION

### A. Apple's Motions In Limine

#### 1. Apple's Motion In Limine No. 1 — Regarding Post-Trial Events

Apple's first motion in limine broadly seeks to exclude all evidence that post-dates the 2012 trial. ECF No. 3396. The Court has already ordered that the discovery cut-off of the 2012 trial will apply to the 2016 damages retrial, and that except as otherwise specifically ordered the parties may not rely on new methodologies, new theories, or new data not timely disclosed in advance of the 2012 trial. *See* September 1, 2015 Order at 2–3. Apple has not identified what additional specific evidence Samsung seeks to use at trial that Apple wishes to exclude in this motion in limine. Accordingly, Apple's broad request is DENIED without prejudice to Apple raising any specific objections at trial.

#### 2. Apple's Motion In Limine No. 2 — Regarding Reexamination or IPR Proceedings

Apple's second motion in limine seeks to exclude evidence regarding patent reexamination and inter partes review proceedings concerning the patents in suit. ECF No. 3397. Samsung acknowledges that the Court has already ruled that "evidence of how other courts or tribunals have construed or ruled on any Apple or Samsung patents" is not admissible evidence, ECF No. 1267 at 3; ECF No. 2562 at 22:6–17, and has no intention of relitigating the Court's ruling. ECF No. 3420 at 1. Accordingly, the Court's prior rulings remain in effect as law of the case. Samsung maintains its objections "for purposes of preservation only." ECF No. 3420 at 1. Apple's second motion in limine is therefore GRANTED.

#### 3. Apple's Motion In Limine No. 3 — Regarding New '915 Design-Arounds

Apple's third motion in limine seeks to exclude evidence regarding '915 design-arounds that post-date the 2012 trial. The Court has consistently held that in the interests of fairness, efficiency, and the need for a coherent record on appeal, the parties may not introduce new evidence in the 2016 damages retrial. *See, e.g.*, September 1, 2015 Order at 2–3; *see also* ECF No. 3380. The Court imposed the same evidentiary cutoff in the 2013 damages retrial, and the use of that evidentiary cutoff has now been affirmed by the Federal Circuit. For these reasons, as well

as the reasons articulated in the Court's separate Order Denying Samsung's Motion To Introduce At the Damages Retrial Evidence Created After the July 2012 Trial, *see* ECF No. 3430, Apple's motion in limine is GRANTED to the extent that Samsung may not introduce evidence (including source code) or testimony (whether through a fact witness or through an expert) regarding implementation of any '915 design-around that occurred after the 2012 trial.

Samsung argues that, in addition to seeking to exclude new evidence and testimony relating to the actual implementation of Samsung's design-around after the 2012 trial, Apple's motion in limine improperly seeks to preclude testimony concerning the hypothetical possibility of a design-around, which Samsung's expert, Stephen Gray, disclosed in expert reports in advance of the 2012 trial. ECF No. 3417 at 1–2; *see* ECF No. 3417-3, ¶¶ 198–204 (excerpt from Apr. 16, 2012 Rebuttal Expert Report of Stephen Gray). To the extent Apple's motion seeks to preclude Samsung from relying on properly disclosed expert opinions, as opposed to new evidence or testimony, it is DENIED.

Accordingly, as set forth above, Apple's third motion in limine is GRANTED IN PART AND DENIED IN PART.

### B. Samsung's Disputed Evidentiary Issues

As noted above, the first three disputed evidentiary issues identified by Samsung in the parties' Joint Pretrial Statement are Samsung's motions in limine, which will be argued at the Pretrial Conference. Without authorization, Samsung included five additional motions in limine as "disputed evidentiary issues" in its portion of the Joint Pretrial Statement. ECF No. 3404 at 18–19. Samsung's evasion of the three motions in limine limit alone would be sufficient basis to deny Samsung's motions without consideration of the merits. In the interest of efficiency and to provide guidance for the parties in advance of the upcoming retrial, however, the Court will address Samsung's remaining "disputed evidentiary issue" motions in limine that Samsung filed without authorization from the Court.

### 1. Samsung's Disputed Evidentiary Issue Nos. 4 & 5 — References to Samsung Being a Korean Company or References to Nationality of Samsung Witnesses

Samsung's fourth disputed evidentiary issue asks that Apple "be precluded from making references to [Samsung Electronics Co.] being a foreign or Korean corporation and to [Samsung Telecommunications America and Samsung Electronics America] having a foreign or Korean parent." ECF No. 3404 at 18.  Samsung's fifth disputed evidentiary issue similarly asks that Apple "be precluded from referencing the nationality or country of employment of Samsung witnesses." ECF No. 3404 at 18.

Samsung's request to bar any reference to Samsung Electronics Co. being Korean or any reference to the nationality of Samsung's witnesses is overly broad.  The Court directs the parties to the Court's detailed ruling on this issue in its February 7, 2014 Order Denying Samsung's Motion for Judgement as a Matter of Law following the 2013 damages retrial.  ECF No. 2947 at 20–29 ("February 7, 2014 Order").  As the Court explained in that ruling, for example, Apple's references to "Samsung Korea" were permissibly "made to explain Samsung's corporate structure and the interplay between various executives."  The Court held that, in context, these questions and comments did not evoke racial or national origin prejudice.  Accordingly, Samsung's request to broadly bar such references is DENIED without prejudice to Samsung raising any specific objections at trial.

Although the Court denies Samsung's broad request, the Court is mindful that a portion of Apple's closing argument at the 2013 damages retrial included a troubling theme which could have been perceived as invoking racial or ethnic prejudice.  In its February 7, 2014 Order, the Court found that the incident was isolated and did not permeate Apple's trial conduct at the 2013 damages retrial.  In light of the Court's admonitions in the February 7, 2014 Order, the Court has no reason to believe that Apple will make similar comments going forward.  Nevertheless, the Court repeats its admonishment that the parties' counsel "be mindful of the important role that lawyers play in the actual and perceived fairness of our legal system" as they prepare for the upcoming trial.  February 7, 2014 Order at 28–29.

### 2. Samsung's Disputed Evidentiary Issue No. 6 — Undisclosed "But For" Opinion of Apple's Survey Expert

At the 2013 damages retrial, in response to cross-examination questioning by Samsung, Apple's survey expert John Hauser testified that but for the infringing features, many surveyed Samsung consumers would not have bought infringing Samsung phones. In a November 17, 2013 Order, the Court ruled that Hauser's "but for" opinion was an undisclosed new opinion. ECF No. 2776. As a sanction under Rule 37(c)(1)(C) for this failure to disclose, the Court ruled that Apple could not rely on Hauser's new "but for" opinion in argument. *Id.* at 8–9. Apple also stated on the record that its damages expert, Julie Davis, would not rely on Hauser's new theory in her testimony. *Id.* at 9.

However, the Court did not strike Hauser's trial testimony, in part because Samsung did not contemporaneously object to the testimony, and in part because striking the testimony would have drawn further attention to Hauser's new opinion by re-raising it with the jury the following day. ECF No. 2776 at 8. Here, by contrast, precluding Hauser from testifying as to his undisclosed "but for" opinion does not present similar concerns about drawing the jury's attention to the undisclosed opinion because the trial has not yet begun. Given the Court's previous ruling that Apple may not rely on Hauser's undisclosed "but for" theory, Samsung's request to preclude Hauser from testifying as that theory is GRANTED.

### 3. Samsung's Disputed Evidentiary Issue No. 7 — Allegations of Copying or Demand

Samsung's seventh disputed evidentiary issue states, in its entirety, "Apple should be precluded from introducing allegations and purported evidence of copying or demand where such evidence is either irrelevant to Apple's sought damages, was not previously disclosed by Apple as related in any way to damages, or where the potential probative value is substantially outweighed by its prejudicial or misleading effect." ECF No. 3404 at 18–19. Samsung broadly requests that the Court prevent Apple from introducing irrelevant evidence, evidence that has not been previously disclosed, and evidence whose probative value is substantially outweighed by its prejudicial or misleading effect. Samsung does not, however, actually identify any specific

6

evidence Samsung seeks to exclude. Samsung's broad request is therefore DENIED without prejudice to Samsung raising any specific objections at trial.

### 4. Samsung's Disputed Evidentiary Issue No. 8 — Samsung Products as Non-Infringing Alternatives

Samsung's eighth disputed evidentiary issue asks "whether, and to what extent, Samsung's products not accused of infringement of the '915, '381, '163, D'305, D'087, or D'677 patents, or found by the 2012 jury not to infringe one or more of those patents, are evidence of non-infringing alternatives to those patents." ECF No. 3404 at 19.

It is unclear what ruling Samsung's eighth issue seeks. The Court has already issued multiple rulings in both the instant retrial and the 2013 damages retrial on Apple's objections to Samsung's proposed use of Samsung products found not to infringe one or more of Apple's patents as evidence of non-infringing alternatives to those patents. *See* ECF Nos. 2657, 2696, 3380. Samsung has neither specified what further clarification Samsung desires nor what unaccused products Samsung seeks to rely upon as evidence of non-infringing alternatives. To the extent Samsung's eighth disputed evidentiary issue seeks a ruling on an evidentiary issue, that request is DENIED without prejudice.

## IV. CONCLUSION

In summary, for the foregoing reasons:

- Apple's first motion in limine (regarding post-trial events) is DENIED WITHOUT PREJUDICE.
- Apple's second motion in limine (regarding reexamination proceedings) is GRANTED.
- Apple's third motion in limine (regarding new '915 design-arounds) is GRANTED IN PART AND DENIED IN PART.
- Samsung's fourth and fifth disputed evidentiary issues (motions to preclude references to Samsung being a Korean company or references to nationality of Samsung witnesses) are DENIED WITHOUT PREJUDICE.

7
Case No. 11-CV-01846-LHK
ORDER RE: APPLE'S MOTIONS IN LIMINE AND SAMSUNG'S EVIDENTIARY DISPUTES

- Samsung's sixth disputed evidentiary issue (motion to preclude the undisclosed "but for" opinion of Apple's survey expert) is GRANTED.
- Samsung's seventh disputed evidentiary issue (motion to preclude allegations of copying or demand) is DENIED WITHOUT PREJUDICE.
- Samsung's eighth disputed evidentiary issue (motion regarding Samsung products as non-infringing alternatives) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: March 2, 2016

_____
LUCY H. KOH
United States District Judge