UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO. LTD., et al., <br><br> Defendants. | Case No. 11-CV-01846-LHK <br><br> **PRETRIAL CONFERENCE ORDER** |

Plaintiff's Attorneys: Harold McElhinny, William Lee, Rachel Krevans, Mark Selwyn, Erik Olson, Nathan Sabri, Lauren Fletcher, Sarah Frazier, Mary Prendergast, and Christopher Robinson
Defendants' Attorneys: Victoria Maroulis, Carl Anderson, William Price, Sara Jenkins, Nicholas Leefer, Joseph Martin, and Brett Arnold

**Trial Management**

A pretrial conference was held on March 3, 2016. At the pretrial conference, the Court made the following rulings on the record:

COURTROOM ACCESS: The parties shall make any request to access the courtroom while the Court is not in session through the Courtroom Deputy.

JURY BINDERS AND LISTS: By March 21, 2016, the parties shall file a joint list of witnesses, deponents, attorneys, law firms, and trial dates and times to be used during jury selection. The parties shall bring thirty-five copies of this list on March 28, 2016.

The parties will create a joint trial binder for the jurors which includes the trial dates, the

1

Case No. 11-CV-01846-LHK
PRETRIAL CONFERENCE ORDER

attorneys, the witnesses and deponents, preliminary and final jury instructions, glossary of terms, lined paper for notes, and any other items to which the parties stipulate. The parties will deliver the juror binders and four copies for the Court on March 21, 2016.

CLOSING ARGUMENT DEMONSTRATIVES: The parties are limited to 50 demonstrative slides each for closing argument. The parties shall file objections to closing argument demonstratives by 1:00 p.m. the day before closing arguments are to be given.

OPENING STATEMENT DEMONSTRATIVES: The parties are limited to 40 demonstrative slides each for opening statements. The parties shall file objections to opening statement demonstratives by 9:00 a.m. on March 24, 2016.

WITNESS SEQUESTRATION: Fact witnesses shall be excluded from the courtroom, except when testifying at trial. Expert witnesses are not excluded from the courtroom.

In addition, the Court made the following rulings regarding trial management in prior case management orders for the 2016 damages retrial:

TRIAL SCHEDULE: Trial will take place on the following days:
1. Monday, March 28, 2016
2. Tuesday, March 29, 2016
3. Wednesday, March 30, 2016
4. Thursday, March 31, 2016
5. Friday, April 1, 2016
6. Monday, April 4, 2016
7. Tuesday, April 5, 2016

Trial will take place from 9:00 a.m. to 4:30 p.m. There will be a lunch break from noon to 1:00 p.m daily. There will be an approximately 15 minute break at about 10:30 a.m., and an approximately 10 minute break at about 2:15 p.m. and at about 3:30 p.m. each day. Jury deliberations will take place on consecutive business days.

TIME LIMITS: The parties shall have 6 hours of evidence per side. The parties shall have 45 minutes per side for opening statements and 1 hour per side for closing arguments.

JURORS: The Court will empanel eight jurors. Each side may exercise up to three peremptory challenges.

**Samsung's Motions in Limine**

On March 2, 2016, the Court issued an order granting in part and denying in part Apple's three motions in limine. ECF No. 3440. At the pretrial conference, the Court heard argument on Samsung's three motions in limine. After considering the parties' briefing, the applicable law, excellent oral argument, the record in this case, and balancing the factors set forth in Federal Rule of Evidence 403, the Court makes the following rulings on Samsung's motions in limine.

**Samsung's Motion In Limine #1: Exclude Evidence Or Argument Regarding Samsung's Revenue or Profit From All Infringing Sales**

Samsung seeks to prevent Apple from referring "to the total revenue and profit Samsung earned from sales of the accused products." ECF No. 3395-3 at 1.  At argument, Samsung clarified that it does not seek to exclude documentary evidence from which Samsung's total infringing revenue or profits could be calculated (such as previously admitted exhibit JX1500) but only to preclude attorney argument or expert testimony referring to those totals.  Samsung additionally conceded that total infringing revenue and profits for sales after the first design patent notice date of April 15, 2011 would be relevant to calculate infringer's profits.  Samsung's motion thus essentially seeks a prohibition on attorney or expert references to an infringing revenue total or profits total that includes sales before April 15, 2011.

In light of the fact that previously admitted exhibits such as JX1500 containing infringing revenue for periods before April 15, 2011 will likely be admitted again at the 2016 damages retrial, a blanket advance ruling prohibiting any reference to Samsung's total infringing revenue is not appropriate.  Samsung's first motion in limine is therefore DENIED without prejudice.  However, Samsung may raise specific objections to use of Samsung's total infringing revenue or total profits (such as objectionable comparisons of Samsung's total infringing revenue to Apple's damages) at trial or through the High Priority Objections process.  *See, e.g.*, ECF No. 2721 at 4 (sustaining objections to particular comparison of Samsung's total infringing revenue to Apple's damages).

**Samsung's Motion In Limine #2: Exclude Evidence of Market Share Based on Products Not At Issue in This Trial**

Samsung's second motion in limine seeks to prevent Apple from relying on evidence of Samsung's market share gains that are not limited to the five products at issue in the retrial.  ECF No. 3395-3 at 4.  In particular, Samsung objects to Exhibit 11.2-PT to the November 2015 Expert Report of Apple's damages expert, which was used before the jury in both previous trials.  The Court finds that Exhibit 11.2-PT is highly probative on the question of damages, and the Exhibit's probative value is not substantially outweighed by a danger of misleading or confusing the jury, or unfair prejudice to Samsung.  Samsung's second motion in limine is therefore DENIED.

**Samsung's Motion In Limine #3: Exclude Testimony of Julie Davis As to Purely Legal Issue**

Samsung's third motion in limine relates to the Court's jury instruction concerning lost profits, which is in relevant part identical to the jury instruction used in the previous two trials.  Samsung did not appeal the portion of the jury instruction disputed in the instant motion.  Specifically, Samsung seeks to preclude Apple's damages expert from referring to the Court's jury instruction on lost profits or from testifying as to the meaning of "directly attributable" in that instruction. ECF No. 3395-3 at 9.

An expert may not invade the province of a judge by instructing the jury on the law.  *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).  Here, however, the Court's jury instructions set out the applicable legal standard, and Samsung's objection is to Apple's expert applying that standard to the facts.  Without more, an expert's

3

Case No. 11-CV-01846-LHK
PRETRIAL CONFERENCE ORDER

reference to the governing legal standard in explaining her analysis is not grounds for a blanket exclusion of testimony.  The Court is unaware of any instance during the 2013 damages retrial where Apple's damages expert attempted to offer a legal opinion or instruct the jury on the law, and at argument, Samsung identified none.  Samsung's motion in limine is therefore DENIED without prejudice.  Samsung may raise any specific objections at trial.

**IT IS SO ORDERED.**

Dated: March 4, 2016

_____
LUCY H. KOH
United States District Judge

Case No. 11-CV-01846-LHK
PRETRIAL CONFERENCE ORDER