UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO. LTD., et al.,<br><br>        Defendants. | Case No. 11-CV-01846-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS**<br><br>Re: Dkt. Nos. 3353, 3395, 3400, 3415 |

     Before the Court are administrative motions to seal brought by Plaintiff Apple Inc. ("Apple"), ECF Nos. 3400, 3415, and Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"), ECF Nos. 3353, 3395. The parties seek to seal (1) Apple's exhibits to the parties' Joint Submission on Proposed Verdict Form, ECF No. 3402; (2) the revised per product/per patent damages exhibits of Apple's damages expert, ECF No. 3400-5; (3) two exhibits filed in connection with Samsung's Motion to Introduce at the Damages Retrial Evidence Created After the July 2012 Trial ("Samsung's Motion to Introduce Evidence"), ECF No. 3352; (4) two exhibits and a portion of the brief submitted in connection with Samsung's Motions in Limine, ECF No.

1

1    3395-3; and (5) a portion of the brief submitted in connection with Apple's Opposition to

2    Samsung's Motion in Limine No. 2, ECF No. 3415-3.

3        "Historically, courts have recognized a 'general right to inspect and copy public records

4    and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of*

5    *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

6    U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in

7    favor of access is the starting point." *Id.* (internal quotation marks omitted).

8        Parties seeking to seal judicial records relating to motions that are "more than tangentially

9    related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092,

10   1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons

11   supported by specific factual findings" that outweigh the general history of access and the public

12   policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling

13   reasons justifying the sealing of court records generally exist "when such 'court files might have

14   become a vehicle for improper purposes,' such as the use of records to gratify private spite,

15   promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179

16   (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may

17   lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without

18   more, compel the court to seal its records." *Id.*

19       Records attached to motions that are "not related, or only tangentially related, to the merits

20   of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at

21   1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court

22   records attached only to non-dispositive motions because those documents are often unrelated, or

23   only tangentially related, to the underlying cause of action." (internal quotation marks omitted)).

24   Parties moving to seal records attached to motions unrelated or only tangentially related to the

25   merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of

26   Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098-99; *Kamakana*, 447 F.3d at 1179–80. The

2

Case No. 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS

1  "good cause" standard requires a "particularized showing" that "specific prejudice or harm will
2  result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11
3  (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific
4  examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d
5  470, 476 (9th Cir. 1992).

6       Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court
7  documents for, inter alia, the protection of "a trade secret or other confidential research,
8  development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has
9  adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a]
10 trade secret may consist of any formula, pattern, device or compilation of information which is
11 used in one's business, and which gives him an opportunity to obtain an advantage over
12 competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)
13 (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the
14 production of goods. . . . It may, however, relate to the sale of goods or to other operations in the
15 business. . . ." *Id.* (ellipses in original). Furthermore, the U.S. Supreme Court has recognized that
16 sealing may be justified to prevent judicial documents from being used "as sources of business
17 information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

18      In addition, parties moving to seal documents must comply with the procedures established
19 by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request
20 that establishes the document is "sealable," or "privileged, protectable as a trade secret or
21 otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be
22 narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-
23 5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed
24 order that is narrowly tailored to seal only the sealable material" and that "lists in table format
25 each document or portion thereof that is sought to be sealed," as well as an "unredacted version of
26 the document" that "indicate[s], by highlighting or other clear method, the portions of the

27
28

3

Case No. 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS

1   document that have been omitted from the redacted version." *Id.* at 79-5(d)(1).

2   With the exception of Apple's motion to file under seal two exhibits supporting Apple's
3   proposed verdict form, ECF No. 3400, the parties seek to seal briefing and exhibits filed largely in
4   connection with motions in limine or otherwise relating to the admissibility of evidence at trial.  In
5   a previous appeal in the instant case, the Federal Circuit applied the rule in *Kamakana* and
6   concluded that the "good cause" standard applies to requests to file under seal documents related
7   to motions regarding the admissibility of evidence at trial.  *Apple Inc. v. Samsung Elecs. Co.*, 727
8   F.3d 1214, 1222–23 (Fed. Cir. 2013).  Accordingly, the Court applies the "good cause" standard to
9   the instant motions to file under seal, except for Apple's motion to file under seal two exhibits
10  supporting Apple's proposed verdict form, ECF No. 3400.  As to the motion to file under seal two
11  exhibits supporting Apple's proposed verdict form, the Court applies the "compelling reasons"
12  standard because Apple's proposed verdict form is "more than tangentially related to the
13  underlying cause of action."  *Ctr. for Auto Safety*, 809 F.3d at 1099.

14  Furthermore, the Court rules on the instant motions in accordance with the Federal
15  Circuit's prior holding that certain of the financial, licensing, and manufacturing capacity
16  information at issue in the instant motions is sealable under both the "good cause" and
17  "compelling reasons" standards.  *Id*. at 1226–29.

18  With the appropriate standards and the Federal Circuit's guidance in mind, the Court rules
19  on the instant motions as follows:

| **Motion to Seal** | **Standard** | **Document** | **Ruling** |
|---|---|---|---|
| 3353 | Good Cause | Exhibit C to the Anderson Declaration ISO Samsung's Motion to Introduce Evidence, ECF Nos. 3353-3 to 3353-5 | GRANTED as to the redactions proposed in ECF No. 3374-1 to 3374-3. |

| Motion to Seal | Standard | Document | Ruling |
|---|---|---|---|
| 3353 | Good Cause | Exhibit D to the Anderson Declaration ISO Samsung's Motion to Introduce Evidence, ECF Nos. 3353-6 to 3353-9 | GRANTED as to the redactions proposed in ECF No. 3374-4 to 3374-7. |
| 3395 | Good Cause | Samsung's Motions in Limine, ECF No. 3395-3<br><br>Exhibit 1 to the Kidman Declaration ISO Samsung's Motions in Limine, ECF No. 3395-6<br><br>Exhibit 2 to the Kidman Declaration ISO Samsung's Motions in Limine, ECF No. 3395-7 | DENIED with prejudice. The Court will not seal publicly available information, including information the parties have themselves filed publicly in the instant case. *See* ECF No. 3428 (Samsung's public version of its Motions in Limine, Exhibit 1 to the Kidman Declaration, and Exhibit 2 to the Kidman Declaration); *see also* ECF No. 3412 (Declaration of Mark Selwyn, which states that "Apple does not maintain a claim of confidentiality" with respect to these documents). |
| 3400 | Good Cause | Revised per product/per patent exhibits of Apple's damages expert, ECF No. 3340-5 | GRANTED as to the redactions proposed in ECF No. 3435. |
| 3400 | Compelling Reasons | Exhibit 1 to the Olson Declaration ISO Joint Statement on Proposed Verdict Forms, ECF No. 3340-3 | DENIED with prejudice. The parties have not submitted declarations providing compelling reasons to seal the information contained in this exhibit. *See* ECF No. 3400-1 (Declaration of Mary Prendergast, which states that sealing is sought for this exhibit only because it "may contain information that Samsung considers confidential"); ECF No. 3413 (Declaration of Scott Kidman, which states that "Samsung does not maintain a claim of confidentiality over Exhibit 1 or Exhibit 2 to the Declaration of Erik Olson in support of Joint Statement on Proposed Verdict Form").<br><br>Pursuant to Civil Local Rule 79-5(f), the parties shall file this document publicly within 7 days. |

5

Case No. 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS

| Motion to Seal | Standard | Document | Ruling |
|---|---|---|---|
| 3400 | Compelling Reasons | Exhibit 2 to the Olson Declaration ISO Joint Statement on Proposed Verdict Forms, ECF No. 3340-4 | DENIED with prejudice.  The parties have not submitted declarations providing compelling reasons to seal the information contained in this exhibit.  *See* ECF No. 3400-1 (Declaration of Mary Prendergast, which states that sealing is sought for this exhibit only because it "may contain information that Samsung considers confidential"); ECF No. 3413 (Declaration of Scott Kidman, which states that "Samsung does not maintain a claim of confidentiality over Exhibit 1 or Exhibit 2 to the Declaration of Erik Olson in support of Joint Statement on Proposed Verdict Form").<br><br>Pursuant to Civil Local Rule 79-5(f), the parties shall file this document publicly within 7 days. |
| 3415 | Good Cause | Apple's Opposition to Samsung's Motion in Limine No. 2, ECF No. 3415-3 | GRANTED as to the redactions proposed in ECF No. 3415-3.<br><br>The Court notes that Apple has not filed a public, redacted version of this document consistent with the redactions proposed in ECF No. 3415-3.  Apple shall file a public, redacted version of this document within 7 days. |

**IT IS SO ORDERED.**

Dated: March 8, 2016

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

6

Case No. 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS