1   HAROLD J. MCELHINNY (CA SBN 66781)       WILLIAM F. LEE
    hmcelhinny@mofo.com                      william.lee@wilmerhale.com
2   RACHEL KREVANS (CA SBN 116421)           WILMER CUTLER PICKERING
    rkrevans@mofo.com                        HALE AND DORR LLP
3   ERIK J. OLSON (CA SBN 175815)            60 State Street
    ejolson@mofo.com                         Boston, MA 02109
4   MORRISON & FOERSTER LLP                  Telephone: (617) 526-6000
    425 Market Street                        Facsimile: (617) 526-5000
5   San Francisco, California  94105-2482
    Telephone:  (415) 268-7000               MARK D. SELWYN (SBN 244180)
6   Facsimile:  (415) 268-7522               mark.selwyn@wilmerhale.com
                                             WILMER CUTLER PICKERING
7                                            HALE AND DORR LLP
    Attorneys for Plaintiff and              950 Page Mill Road
8   Counterclaim-Defendant APPLE INC.        Palo Alto, California 94304
                                             Telephone: (650) 858-6000
9                                            Facsimile: (650) 858-6100

10

11                   UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                        SAN JOSE DIVISION

14

15   APPLE INC., a California corporation,       Case No.      11-cv-01846-LHK (PSG)

16                   Plaintiff,                  **APPLE'S OPPOSITION TO
                                                 SAMSUNG'S MOTION IN
17        v.                                     LIMINE #2 TO EXCLUDE
                                                 EVIDENCE OF MARKET SHARE
18   SAMSUNG ELECTRONICS CO., LTD., a            BASED ON PRODUCTS NOT AT
     Korean business entity; SAMSUNG             ISSUE IN THIS TRIAL**
19   ELECTRONICS AMERICA, INC., a New York
     corporation; SAMSUNG                        Date:     March 3, 2016
20   TELECOMMUNICATIONS AMERICA, LLC, a          Time:     1:30 p.m.
     Delaware limited liability company,         Place:    Courtroom 8, 4th Floor
21                                               Judge:    Hon. Lucy H. Koh
                     Defendants.
22

23

24

25                   **PUBLIC REDACTED VERSION**

26

27

28

## I.  INTRODUCTION

Samsung improperly seeks to re-litigate the Court's prior rulings allowing evidence regarding Samsung's U.S. smartphone market share gains and a demonstrative entitled "Samsung's U.S. Smartphone Market Share," which formed part of the trial record at both the 2012 trial (PDX34B.9) and the 2013 damages retrial (PDX100.8 (Davis Ex. 11.2-PT)).  The evidence and demonstrative accurately depict Samsung's gains in the U.S. smartphone market after Samsung's launch of infringing phones beginning in June 2010, including all five phones in the remand trial.  Evidence of Samsung's market share gains is highly relevant to the jury's determination of damages, and its probative value is not substantially outweighed by any alleged risk of unfair prejudice.  The Court should follow its prior rulings and deny Samsung's motion.

## II.  THE COURT HAS REPEATEDLY OVERRULED SAMSUNG'S OBJECTIONS TO MS. DAVIS'S MARKET SHARE TESTIMONY AND CHART.

The Court repeatedly overruled Samsung's objections to Ms. Davis's market share testimony and market share chart at the 2012 and 2013 trials, including the same objection Samsung presses here that the market share chart reflects all Samsung's smartphone sales and was not limited to the subset of accused or infringing phones at issue at those trials. At the 2012 trial, Samsung argued that the chart should be excluded because it is "[i]rrelevant, confusing, and misleading" in that it "does not reflect the market share of [the] accused products." (Dkt. 1872 at 1.)  The Court disagreed, ruling that "[t]his chart is probative and admissible under FRE 403."  (Dkt. 1895 at 1.)  At the 2013 damages retrial, Samsung did not object to this testimony or chart (*see* Dkt. 2721 at 4; *see also* 2013 Trial Tr. 638-639 (Dkt. 2840)), but cross-examined Ms. Davis about alternative explanations for the increase in Samsung's market share. (*See* 2013 Trial Tr. 712-721 (Dkt. 2840).)  The Court then overruled Samsung's objection to redirect testimony from Ms. Davis clarifying that the chart included infringing phones from the first trial that were not part of the second trial.  (*Id*. at 731:15-19, 790:12-20.) Samsung did not challenge any of those rulings on appeal and, pursuant to the Court's September 1, 2015, Case Management Order, they "remain in effect as law of the case."  (Dkt. 3272 at 3.)

1   **III.   SAMSUNG'S MARKET SHARE GAINS ARE HIGHLY RELEVANT TO LOST**
2   **PROFITS AND REASONABLE ROYALTY DAMAGES.**

3   Samsung's U.S. smartphone market share before and after its infringement is highly

4   relevant to the damages issues at the remand trial and, in particular, to demonstrating that

5   Samsung's adoption of Apple's patented technology and its sale of the five products at issue

6   contributed to a dramatic rise in product sales.  The evidence shows that Samsung's market share

7   plummeted after the iPhone launched in 2007.  By mid-2010, after Samsung executives

8   announced a "crisis of design" (PX40.5), Samsung had only 5% of the smartphone market.

9   Beginning in June 2010, Samsung launched its infringing Galaxy S line of phones, including the

10  five phones at issue here.  Samsung's market share increased from 5% in June 2010 to about 15%

11  in September 2010.  (PDX100.8/Davis Ex. 11.2-PT.) Over 90% of that increase is attributable to

12  phones that infringed Apple's patents.  (2013 Trial Tr. 720 (Dkt. 2840).)  Over ▮ of that

13  increase arises from just two of the five products at issue in this trial.[1]

14  These facts alone make Ms. Davis's testimony and the accompanying demonstrative

15  (PDX100.8/Davis Ex. 11.2-PT) highly relevant as evidence rebutting Samsung's argument that

16  U.S. smartphone consumers did not demand Apple's patented technology and designs and that

17  Samsung's market share gains resulted from other factors.  The jury is entitled to weigh this

18  market share evidence along with the substantial other evidence showing demand for Apple's

19  patented features when deciding how Apple should be compensated for Samsung's infringing

20  sales.  Allowing Samsung to limit the evidence to the five products at issue would deprive the

21  jury of the full context of Samsung's infringement to which the 2012 and 2013 juries had access.

22  Samsung incorrectly argues that the second quarter of 2011 is the only period relevant to

23  Apple's lost profits claim.  (Dkt. 3395-3 ("Mot.") at 4.)  But lost profits are not the only damages

24  at stake: Apple seeks reasonable royalty damages from June 2010 to June 2012.  Evidence that

25  Samsung's infringement helped Samsung transform its market share is highly relevant to both lost

26

27  [1] Samsung sold 1,175,306 units of Fascinate and Vibrant in Q3-2010.  (*See* Davis Ex.
37.1-R.)  That equals ▮ of the increase in Samsung's total smartphone sales ▮ units)
28  from Q2-2010 (▮ units) to Q3-2010 ▮ units).  (*See* Davis Ex. 11.1.)

1   profits and reasonable royalties, and will assist the jury in evaluating damages throughout the

2   relevant damages period.  (*See* Dkt. 2784, Final Jury Instruction Nos. 23 (*Panduit* Factor 2) and

3   27 (*Georgia-Pacific* Factors 5, 9, 11).)  For example, the jury will need to evaluate reasonable

4   royalties as of the date of a hypothetical negotiation in June 2010, including Samsung's claim that

5   a lump sum royalty of about $28,500 would fully compensate Apple for Samsung's infringement

6   by the phones at issue here.  Samsung's jump in market share beginning in June 2010 is highly

7   probative to that claim.  The "ecosystem effect" of the success of one product on a family of

8   products, acknowledged by both experts, further undercuts Samsung's argument that its overall

9   market share gains are not tied to the five products at issue.

10   **IV.   SAMSUNG'S REPACKAGED ARGUMENTS AGAINST THE ADMISSIBILITY
11         OF SAMSUNG'S MARKET SHARE GAINS SHOULD BE REJECTED.**

12         Samsung's remaining arguments fare no better.  Samsung notes that the Court previously

13   excluded sales data from JX1500A and PX29A for products not at issue at the 2013 trial.  (Mot.

14   at 4.)  But Samsung objected to those exhibits because they identified unaccused products by

15   name, provided revenue and profit information relating to those products, and created a risk that

16   the jury "may mistakenly include sales of unaccused products" in its damages award.  (*See* Dkt.

17   2418 at 7; Dkt. 2475 at 4.)  Those concerns do not apply here; the overall market share evidence

18   does not include revenue and profit data for unaccused products.

19         Samsung next argues that allowing Apple to rely on Samsung's market share gains will

20   open the door to the first jury's findings of infringement for products not at issue in this trial,

21   putting Samsung in the alleged "Hobson's choice" of either not rebutting Ms. Davis's market

22   share chart or being forced to open that door.  (Mot. at 5.)  This objection has also been resolved

23   by the Court's prior rulings.  Although the Court found that Samsung had opened the door at the

24   damages retrial to redirect testimony from Ms. Davis that her chart included infringing phones

25   from the prior trial, the Court allowed "just one quick question, half a second" for Ms. Davis to

26   explain that her demonstrative included infringing phones from the first trial that were not subject

27   to damages at the second trial,  (2013 Trial Tr. 730:15 (Dkt. 2840)), and  Samsung did not appeal

28   that ruling either.

1

2

3    Dated: February 22, 2016                MORRISON & FOERSTER LLP

4

5                                            By:    /s/ Rachel Krevans

6                                                   RACHEL KREVANS

7                                            Attorneys for Plaintiff
                                             APPLE INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28