QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>       vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S COMMENTS ON THE TENTATIVE VERDICT FORM (DKT. 3446)**<br><br>Trial Date:  March 28, 2016<br>Place:  Courtroom 8,  4th Floor<br>Judge: Hon. Lucy H. Koh |

Samsung respectfully submits the following comments on the Court's Tentative Verdict Form, Dkt. 3446.  On February 18, 2016, Samsung submitted its statement on the parties' respective proposed verdict forms in a joint filing including each proposed verdict form.  Dkt. 3401.  Pursuant to Federal Rule of Civil Procedure 51, to the extent the Court's Tentative Verdict Form includes elements of Apple's proposed verdict form, Samsung re-asserts its reasons for objecting to these elements as misleading and prejudicial.  Samsung incorporates herein its previous statement, Dkt. 3401 at 6-8, and provides the following points and authorities in support of its objections.

* * *

The Federal Circuit applies the relevant standard for an erroneous jury instruction to statements in the jury's verdict form.  *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1360 (Fed. Cir. 2004).  Under Ninth Circuit law, "jury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading" and "each party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence."  *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1232 (9th Cir. 2011) (quotations and citations omitted).  Moreover, a trial court must ensure that questions in a verdict form "are adequate to obtain a jury determination of the factual issues essential to judgment" and "fully and fairly present[ ] to the jury the issues it [i]s called upon to decide."  *Mateyko v. Felix*, 924 F.2d 824, 827 (9th Cir. 1990).  Legal error and prejudice in instructions require a verdict be vacated and a new trial held.  *See Ecolab, Inc. v. Paraclipse, Inc.*, 285 F.3d 1362, 1376 (Fed. Cir. 2002) (vacating verdict on noninfringement due to erroneous and prejudicial jury instruction); *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1284 (Fed. Cir. 2000) (vacating verdict on anticipation due to erroneous and prejudicial jury instruction).

***First***, the Tentative Verdict Form omits language to clarify for the jury that it may award a lump sum royalty for the '381 patent, and is not obligated to award a per-product, running royalty.  Federal law recognizes that a jury may decide that a lump sum, rather than a running royalty, is the appropriate form of royalty.  *E.g,, Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009) (analyzing a jury award of a lump sum royalty, where patentee had sought a damages

award based only on a running royalty).  The Court's Tentative Final Jury Instruction No. 27 likewise states that a one-time lump sum payment is an appropriate way to calculate a royalty.  Dkt. 3442 at 33-34.  Here, Samsung will ask for a lump sum royalty, while Apple will ask for a running royalty.  The Tentative Verdict Form instruction to "provide the dollar breakdown by patent and product" is likely to mislead the jury on the law of damages and the evidence and testimony presented, because it could be interpreted to disfavor or even foreclose the award of a lump sum royalty.  In order to prevent likely jury confusion, and to mitigate the potential prejudice to Samsung, the Court should include an instruction making it explicit and clear that for the '381 patent the jury may award a lump sum royalty by entering the amount the royalty in the "TOTAL" line for that column.

*Second*, the Tentative Verdict Form improperly includes a column for the '163 patent.  The "sole purpose" of this trial is "to determine the amount of damages," Dkt. 3272 at 2, and it is undisputed that the jury will not be asked to determine damages for the '163 patent.  Including the unnecessary column for the '163 patent threatens to confuse the jury about the purpose of the trial.  Since the Court will instruct the jury that liability has already been determined and the verdict form will instruct the jury that they do not need to calculate damages for the '163 patent, the addition of that patent may induce the jury to punish Samsung by assigning higher damages to other patents.  Furthermore, the entry for the '163 "Damages Period" is inconsistent with the rest of the chart—it should read "none," given that the other periods are limited to the time periods where Apple seeks recovery.  The entry for "Damages Period," along with the text of footnote 4, is likely to confuse the jury as to what is, and what is not, barred as a double recovery.  In particular, damages for the '381 patent after April 14, 2011, and any royalty for the '915 patent, are also barred for exactly the same reason: "units that infringed this patent in this time period also infringed one or more design patents and thus no further damages may be awarded."  By calling attention to the impact of design patent awards on any '163 patent award, but omitting the similar impact on the '381 and '915 patents, the Tentative Verdict Form is likely to confuse the jury and potentially mislead it to further overcompensate Apple for other patents.  This problem is especially acute for the '915 patent in the Tentative Verdict Form; for this and the other reasons

1  presented, Dkt, 3401 at 6-8, Samsung's proposal to ask a separate, threshold question on lost
2  profits should be adopted.  In any event, the column for the '163 patent should be removed
3  entirely.

4      *Third*, the second and third sentences in footnote 3 improperly repeat selected portions of
5  the jury instructions while omitting the necessary context.   Compare Tentative Final Jury
6  Instruction No. 31, Dkt. 3442 at 41 (stating in part "[i]n this case, Apple seeks Samsung's profits
7  from sales of products that infringe Apple's design patents.  You may award to Apple Samsung's
8  total profit attributable to the infringing products.").  Furthermore, these repeated statements are
9  unnecessary.  The second and third sentences should be removed.

10      *Fourth*, the parties' updated damages exhibits further confirm the potential for jury
11  confusion and error resulting from the use of two separate columns for damages based on the
12  D'677 patent in the Tentative Verdict Form.  Specifically, the use of a cell for damages for the
13  Vibrant for the period June 16, 2011 and after will needlessly inject issues of negative profits, and
14  subtraction of those amounts in the total awards, into the trial.  The Vibrant was found to infringe
15  the D'677 patent, but for the period June 16, 2011 and after, the net sales of the Vibrant are
16  negative—i.e., there were more returns than sales.[1]  For this reason, the net profits for the Vibrant
17  are negative for the period June 16, 2011 and after.  The use of a separate cell for damages for the
18  period June 16, 2011 and after therefore requires presentation to the jury of evidence and argument
19  as to Samsung's negative profits for that period, and the deduction of those amounts (as expenses)
20  in the "Total" column.  This will unnecessarily complicate the trial and threaten additional
21  confusion as to the jury's task, which outweighs any potential benefit from the artificial distinction
22  between damages for the two periods.  These problems can easily be avoided by combining the
23  two design-patent-damages columns into a single column.  In the alternative, Samsung expects to
24  present its case for deducting post-June 16, 2011 expenses for the Vibrant at trial.

---

[1] Ms. Davis's report acknowledges this fact.  *See* Davis Rpt. Ex. 19.1-R (showing negative unit sales, i.e. net returns, of the Vibrant in June 2011 and following months).  Dkt. 3335-2.

1  DATED: March 11, 2016               Respectfully submitted,
2
3                                       QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
4
5
6                                       By */s/ Victoria F. Maroulis*
                                           John B. Quinn
7                                          William C. Price
                                           Michael T. Zeller
8                                          Kevin P.B. Johnson
                                           Victoria F. Maroulis
9
10                                         Attorneys for SAMSUNG ELECTRONICS CO.,
                                           LTD., SAMSUNG ELECTRONICS AMERICA,
11                                         INC. and SAMSUNG
                                           TELECOMMUNICATIONS AMERICA, LLC
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28