# EXHIBIT B

| DESCRIPTION | OBJECTIONS |
|---|---|
| FEDERAL RULES OF EVIDENCE 401/402 (IRRELEVANT) | 402 |
| LACKS FOUNDATION | Lacks foundation |
| CALLS FOR SPECULATION | Speculation |
| FEDERAL RULE OF EVIDENCE 602 (LACK OF PERSONAL KNOWLEDGE) | 602 |
| FEDERAL RULE OF EVIDENCE 802 (HEARSAY) | 802 |
| FEDERAL RULE OF EVIDENCE 403 (UNDULY PREJUDICIAL, CONFUSING OR WASTE OF TIME) | 403 |
| MISLEADING | Misleading |
| BEST EVIDENCE | 1002 |
| IMPROPER LAY OPINION / IMPROPER EXPERT TESTIMONY BY NON-EXPERT | 701 |
| FEDERAL RULE OF EVIDENCE 611(B) (BEYOND SCOPE OF DESIGNATIONS) | Beyond scope of designations |
| DESIGNATION INCOMPLETE / INCOMPREHENSIBLE / INCOMPLETE QUESTION / ANSWER | Incomplete |
| BEYOND SCOPE OF 30(B)(6) NOTICE / QUESTIONS | Beyond scope of 30(B)(6) |
| VAGUE AND AMBIGUOUS | Ambiguous |
| ASKED AND ANSWERED | Asked and answered |
| ARGUMENTATIVE | Argumentative |
| IMPROPER / INCOMPLETE HYPOTHETICAL | Hypothetical |
| FEDERAL RULE OF EVIDENCE 501 (PRIVILEGE) | 501 |
| FEDERAL RULE OF EVIDENCE 611(C) (LEADING) | 611c |
| COMPOUND | Compound |
| MISCHARACTERIZATION | Mischaracterization |
| CALLS FOR LEGAL CONCLUSION | Legal conclusion |
| ASSUMES FACTS NOT IN EVIDENCE | Assumes facts |
| NON-RESPONSIVE | Non-responsive |

| DESCRIPTION | OBJECTIONS |
|---|---|
| NARRATIVE | Narrative |
| OVERLY BROAD | Overbroad |
| MISSTATES TESTIMONY | Misstates testimony |
| FEDERAL RULE OF EVIDENCE 408 (COMPROMISE OFFERS AND NEGOTIATIONS) | 408 |
| OBJECTION TO TRANSLATION | Translation |
| LACK OF PERSONAL KNOWLEDGE OR COMPETENCY | 602 |
| IMPROPER TESTIMONY BY EXPERT WITNESS | 702/703 |
| IMPROPER INCLUSION OF MULTIPLE DOCUMENTS AS ONE EXHIBIT/ VIOLATES COURT'S LIMIT ON NUMBER OF EXHIBITS | I |
| 2013 MOTION IN LIMINE # 1: EXCLUDE EVIDENCE CONCERNING ALLEGED COPYING OR WILLFULNESS | 2013-MIL 1 |
| MOTION # 1: EXCLUDE EVIDENCE OR ARGUMENT NOT TIED TO THE SPECIFIC IP RIGHTS CLAIMED BY APPLE IN THIS ACTION | MIL 1 |
| MOTION #2: EXCLUDE OUT-OF-COURT THIRD-PARTY STATEMENTS ABOUT PURPORTED SIMILARITIES OR PURPORTED CONFUSION | MIL 2 |
| MOTION #3: EXCLUDE ACCUSED DEVICES, CONTENTIONS, THEORIES, AND WITNESSES NOT TIMELY DISCLOSED IN INFRINGEMENT CONTENTIONS OR INTERROGATORY RESPONSES | MIL 3 |
| MOTION #4: EXCLUDE REFERENCE TO FINDINGS OR RULINGS IN OTHER PROCEEDINGS NOT INVOLVING THE PATENTS AT ISSUE IN THIS CASE | MIL 4 |
| MOTION #5: EXCLUDE DISPUTES AND RULINGS IN THIS ACTION, INCLUDING DISCOVERY DISPUTES AND THE PRELIMINARY INJUNCTION RULING | MIL 5 |
| MOTION #6: EXCLUDE GENERALIZATIONS REGARDING THE OPERATION OF ACCUSED SAMSUNG PRODUCTS | MIL 6 |
| MOTION # 7: EXCLUDE RESIZED OR ALTERED PHOTOS OF SAMSUNG'S PRODUCTS IN SIDE-BY-SIDE PRODUCT COMPARISONS | MIL 7 |
| MOTION # 8: EXCLUDE ANY EVIDENCE OF PRE- | MIL 8 |

3

| DESCRIPTION | OBJECTIONS |
|---|---|
| FILING NOTICE OTHER THAN IDENTIFIED IN APPLE'S INTERROGATORY RESPONSE AND PROVISIONALLY EXCLUDE MR. MUSIKA'S OPINIONS ON PRE-FILING DAMAGES UNLESS AND UNTIL APPLE MAKES A *PRIMA FACIE* SHOWING OF ENTITLEMENT TO SUCH DAMAGES | |
| MOTION #9: EXCLUDE EVIDENCE OF SAMSUNG'S OVERALL REVENUES, PROFITS, WEALTH AND VALUE AND EVIDENCE OR ARGUMENT THAT SAMSUNG HAS PAID LOWER TAXES THAN IT SHOULD HAVE | **MIL 9** |
| UNOPPOSED MOTION# 10: EXCLUDE EVIDENCE AND ARGUMENT THAT APPLE IS PRESENTLY LICENSED TO THE DECLARED ESSENTIAL PATENTS-IN-SUIT | **MIL 10** |