QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Cal. Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION TO STAY ALL PROCEEDINGS PENDING SUPREME COURT REVIEW**<br><br>**Date:**   N/A<br>**Time:**   N/A<br>**Place:**  Courtroom 8, 4th Floor<br>**Judge:**  Hon. Lucy H. Koh |

## NOTICE OF EMERGENCY MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung")[1] shall and hereby do move the Court for an emergency stay of proceedings pending the resolution of *Samsung Electronics Co., Ltd. v. Apple Inc.*, No. 15-777 (U.S.), now pending in the Supreme Court of the United States.  Samsung informed the Court of its intent to file this motion, and the Court ordered an expedited briefing schedule and stated that the motion will be submitted on the papers.  Dkt. No. 3466.

This motion is based on this notice of motion, supporting memorandum, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

## RELIEF REQUESTED

Samsung respectfully seeks an order staying the proceedings in this Court until issuance of the Supreme Court's judgment in *Samsung Electronics Co., Ltd. v. Apple Inc.*, No. 15-777, and conclusion of any proceedings on remand to the Federal Circuit.

---

[1] Effective January 1, 2015, Samsung Telecommunications America ("STA") merged with and into Samsung Electronics America, and therefore STA no longer exists as a separate corporate entity.

| | |
|---|---|
| DATED: March 21, 2016 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By  */s/ Victoria F. Maroulis*  <br>John B. Quinn <br>William C. Price <br>Michael T. Zeller <br>Kevin P.B. Johnson <br>Victoria F. Maroulis |
| | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................... 2

PROCEDURAL BACKGROUND ................................................................................................. 2

LEGAL STANDARD ..................................................................................................................... 4

ARGUMENT .................................................................................................................................. 5

A STAY OF PROCEEDINGS PENDING SUPREME COURT REVIEW IS WARRANTED IN THE INTEREST OF THE ORDERLY COURSE OF JUSTICE AND THE BALANCE OF HARDSHIPS ................................................................................ 5

    A.    A Stay Will Ensure The "Orderly Course Of Justice" ........................................... 6

    B.    The Balance Of Harms Weighs Decisively In Favor of a Stay .............................. 7

        1.    Apple Will Suffer No Harm If A Stay Is Entered ...................................... 8

        2.    The Parties, Court, And Nonparties Would Incur The Substantial Hardships Of Trial And Related Proceedings Absent A Stay ..................... 8

CONCLUSION ............................................................................................................................... 9

# INTRODUCTION

On March 21, 2016, the Supreme Court granted certiorari in *Samsung Electronics Co., Ltd. v. Apple Inc.*, No. 15-777, and agreed to consider issues of design-patent damages arising from this very case, resolution of which will go to the heart of the retrial scheduled to begin next week. In light of this significant development, Samsung respectfully requests that the Court exercise its broad discretion pursuant to its inherent authority to stay proceedings in this case pending decision by the Supreme Court, and conclusion of any remand proceedings to the Federal Circuit. Absent a stay, there is a serious risk that a *fourth* trial would be necessary because the Supreme Court's decision on design-patent damages could significantly alter the scope of the upcoming retrial, as well as the jury instructions to be given at that trial. And though trial is only a week away, a stay would still have a very real practical effect, as it would avoid potentially duplicative and wasteful proceedings and ensure that the Court, the parties, and the jurors do not needlessly expend time and resources on burdensome trial and post-trial proceedings that may well be upset by the Supreme Court's decision.

# PROCEDURAL BACKGROUND

After an initial jury finding that certain Samsung products infringed Apple's D618,677 ("D'677 patent"), D593,087 ("D'087 patent"), and D604,305 ("D'305 patent") patents and diluted certain Apple trade dresses, this Court conducted a partial retrial following rulings on Samsung's post-trial motions, and subsequently entered a nearly $930 million judgment in favor of Apple, including $399 million for design-patent infringement and $382 million for trade-dress dilution. *See* Dkt. No. 3017 (March 6, 2014 Final Judgment). Samsung appealed that judgment to the U.S. Court of Appeals for the Federal Circuit, which affirmed the $399 million design-patent award over Samsung's arguments that this Court erred in permitting the jury to award Samsung's entire profits for sales of the accused smartphones, rather than the portion of profits attributable to the infringing design. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 786 F.3d 983, 998, 1001-02 (Fed. Cir. 2015). The Federal Circuit reversed the $382 million trade-dress award, however, and accordingly remanded to this Court for "further proceedings necessitated by [its] decision to vacate the jury's verdicts on the … trade dress claims." *Id.* at 1005.

Samsung filed a petition for *en banc* review regarding design-patent infringement, which the Federal Circuit denied in August 2015.  *See* Fed. Cir. Case No. 14-1335 Dkt. Nos. 159, 207. Samsung sought to stay the Federal Circuit's mandate pending disposition of its intended petition for a writ of certiorari, but was unsuccessful and the mandate issued in September 2015, Dkt. No. 3273.  This Court subsequently scheduled a damages retrial for March 28, 2016, Dkt. No. 3289 at 3 (Sept. 18, 2015 Case Management Order), for "[t]he sole purpose of determin[ing] the amount of damages for the infringement of Apple's … D'305, D'677 and … D'087 Patents," and three utility patents, "by five Samsung products," Dkt. No. 3272 at 2 (Sept. 1, 2015 Case Management Order).

In addition to the upcoming damages retrial, a hearing on Apple's Motion for Supplemental Damages is scheduled for April 14, 2016.  In its Motion, Apple states that the D'677 design patent is the sole basis for its claims for supplemental damages on three of the five products at issue, and that the D'305 is a basis for its claims for a fourth product.  Dkt. 3339-3 at 20. Apple's design-patent-based claims for supplemental damages on these four products represent over 99% of its total claim for supplemental damages.  *Id.*

In December 2015, Samsung filed its petition for a writ of certiorari in the Supreme Court, seeking review of the Federal Circuit's decision affirming the $399 million design-patent award. Samsung's petition included the following question:

> Where a design patent is applied to only a component of a product, should an award of infringer's profits be limited to those profits attributable to the component?

Pet. For Writ of Cert., *Samsung Elecs. Co., Ltd. v. Apple Inc.*, No. 15-777 (Dec. 14, 2015) ("Pet."). The Supreme Court granted Samsung's petition as to that question on March 21, 2016, *see Samsung Elecs. Co., Ltd. v. Apple Inc.*, 577 U.S. __ (Mar. 21, 2016), *available at* http://www.supremecourt.gov/orders/courtorders/032116zor_h3ci.pdf, and will thus consider issues directly affecting the correctness of the very same jury instructions that this Court intends to give at that retrial.  The case will likely be argued this Fall, with a decision possible as early as December 2016.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Indeed, a "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). It is therefore well within this Court's discretion to grant a stay of its own proceedings pending the outcome of proceedings in another court, *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)—particularly where that other court is the Supreme Court and the other proceedings entail review of this Court's rulings in the same case, *cf.*, *Yufa v. Lighthouse Worldwide Solutions Inc.*, 2015 WL 150757, *2 (N.D. Cal. Jan. 9, 2015) (granting stay where "Plaintiff ha[d] a pending writ of certiorari to the … Supreme Court" regarding "same legal issue [as] in this case"); *Inclusive Cmtys. Project, Inc. v. Texas Dep't of Hous. & Cmty. Affairs*, 2014 WL 2815683, *1, *3 (N.D. Tex. June 23, 2014) (granting stay of remand "proceedings pending the Supreme Court's disposition of their petition for a writ of certiorari"); *Mary Jo C. v. Dinapoli*, 2014 WL 7334863, *1 (E.D.N.Y. Dec. 18, 2014) (referencing prior "stay [of] the proceedings in this case upon remand pending a determination by the United States Supreme Court on plaintiff's petition for a writ of certiorari"). Indeed, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

The factors the Court should weigh in granting a *Landis* stay are: (1) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay"; (2) "the possible damage which may result from the granting of a stay"; and (3) "the hardship or inequity which a party may suffer in being required to go forward." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55).

# ARGUMENT

## A STAY OF PROCEEDINGS PENDING SUPREME COURT REVIEW IS WARRANTED IN THE INTEREST OF THE ORDERLY COURSE OF JUSTICE AND THE BALANCE OF HARDSHIPS

All of the *Landis* factors favor a stay. A stay of proceedings pending the Supreme Court's consideration of issues bearing directly on the upcoming damages retrial is necessary to promote judicial efficiency and economy and thus would promote the "orderly course of justice." If the Supreme Court agrees with Samsung that Section 289 of the Patent Act permits recovery of only the portion of an infringer's profits attributable to the component of a product to which a patented design is applied, then any damages awarded in the upcoming damages retrial would have to be vacated and damages would have to be tried yet again, for a *fourth* time, since this Court intends in the upcoming trial to give the same jury instructions that Samsung is challenging in the Supreme Court. The Supreme Court's decision on this issue will thus likely have a significant effect on the scope of the upcoming trial and all future proceedings in this case. Consequently, a stay would likely avoid unnecessarily duplicative litigation and, at a minimum, ensure that the jury at the upcoming trial is properly instructed, thus promoting the "orderly course of justice."

The balance of hardships also favors a stay. A stay would cause no cognizable harm to Apple, since Samsung has already paid (with reservation of rights)[2] $548 million encompassing the $399 million judgment on the design-patent claims, and also because a delay in receiving any additional damages is insufficient to avoid a stay under Ninth Circuit precedent. By contrast, if the damages retrial is not stayed, and this Court proceeds in parallel with the Supreme Court, this Court and the parties will expend considerable resources during trial, post-trial proceedings, and even a

---

[2] In particular, "Samsung continues to reserve all rights to obtain reimbursement from Apple and/or payment by Apple of all amounts required to be paid as taxes," and "further reserves all rights to reclaim or obtain reimbursement of any judgment amounts paid by Samsung to any entity in the event the partial judgment is reversed, modified, vacated or set aside on appeal or otherwise, including as a result of any proceedings before the USPTO addressing the patents at issue or as a result of any petition for writ of certiorari filed with the Supreme Court." Dkt. No. 3322 at 3 (Dec. 3, 2015 Joint Case Management Statement).

potential appeal, all of which would be wasted in the event of a full or partial reversal by the Supreme Court. These hardships strongly favor a stay.

### A.     A Stay Will Ensure The "Orderly Course Of Justice"

In considering whether a stay would promote the "orderly course of justice" under *Landis*, courts may consider whether ongoing Supreme Court proceedings "will bear upon the matter … at issue" in the proceedings to be stayed. *See, e.g.*, *Cardenas v. AmeriCredit Fin. Servs., Inc.*, 2011 WL 846070, *3 (N.D. Cal. Mar. 8, 2011); *accord Leyva*, 593 F.2d at 864. In addition, "'considerations of judicial economy are highly relevant' in determining whether this factor weighs in favor of a stay." *Matera v. Google Inc.*, 2016 WL 454130, *2 (N.D. Cal. Feb. 5, 2016) (quoting *Gustavson v. Mars, Inc.*, 2014 WL 6986421, *3 (N.D. Cal. Dec. 10, 2014) (Koh, J.)).

A stay of proceedings pending completion of Supreme Court review and any remand proceedings to the Federal Circuit plainly would promote judicial efficiency and economy under these standards. Having granted certiorari to review of the Federal Circuit's judgment that is the basis for this retrial, the Supreme Court is poised to decide a substantial issue concerning design-patent damages, which bears directly on the upcoming damages retrial and all future proceedings in this case. Samsung's petition specifically alleged error in the Federal Circuit's affirmance of this Court's instruction that "Apple is entitled to all profit earned by Samsung on sales of articles that infringe Apple's design patents," Pet. 16-17, and to Samsung's "entire profit on the sale of the article to which the patented design is applied and not just the portion of profit attributable to the design or ornamental aspects covered by the design," Pet. 17. This Court has indicated it will give an identical instruction at the damages retrial, Dkt. No. 3442 at 41 (Tentative Final Jury Instruction No. 31), despite renewal of Samsung's objection, Dkt. No. 3453 at 2. At the upcoming trial, Samsung's total profits, as a remedy for design patent infringement, will make up virtually all of Apple's claims for damages. Based on Ms. Davis' November 6, 2015 report, Apple will seek at least $189 million in Samsung's profits. Dkt. 3428 at 7 (citing Dkt. 3335-02 at 26). Thus, if the Supreme Court agrees that Section 289 permits recovery of only the portion of an infringer's profits attributable to the component of the product to which the design is applied, the juries in the

prior damages retrial and the upcoming damages retrial will have received the same improper instruction, and a *fourth* trial would be required.

A stay, by contrast, would allow the Supreme Court to consider the design-patent judgment from the original trial *before* this Court unnecessarily expends further resources in conducting a retrial predicated on that judgment, to determine a damages figure that could well be mooted. *Cf. Gustavson*, 2014 WL 6986421, at *3 ("Here, judicial economy will be best served if this Court does not expend the resources required to resolve a class certification motion, only to have to re-visit the decision whether to certify or de-certify a class following a controlling decision from the Ninth Circuit."). A stay will thus minimize the hardship from holding proceedings in this Court that could soon become entirely moot, thus significantly advancing interests in judicial economy and efficiency and promoting the "orderly course of justice." *See, e.g.*, *Cardenas*, 2011 WL 846070, at *4 (granting stay to prevent the potentially unnecessary "expenditure of judicial resources"); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("We recognize the importance of the district court having the ability to control its own docket, particularly in this time of scarce judicial resources and crowded dockets."); *Gustavson*, 2014 WL 6986421, at *2 ("In cases where substantial litigation is likely to take place during the pendency of an appeal, courts have at times granted a stay as a means of conserving judicial resources."). This *Landis* factor weighs strongly in favor of a stay.

### B.     The Balance Of Harms Weighs Decisively In Favor of a Stay

"The remaining two *Landis* factors require consideration of the hardship or inequity [the parties] may suffer in being required to go forward and … which may result from the granting of a stay." *Matera*, 2016 WL 454130, at *4 (citing *CMAX*, 300 F.2d at 268); *see Cardenas*, 2011 WL 846070, at *3-4 (balancing the *Landis* hardship factors). Because Apple will suffer no harm if a stay is granted, and because the parties and the Court will expend considerable resources participating in a trial that may ultimately be unnecessary if a stay is denied, this balance likewise tips sharply in favor of a stay.

### 1. Apple Will Suffer No Harm If A Stay Is Entered

Because Samsung has already paid the $399 million award for design-patent infringement from the first trial, Apple will not suffer any harm with respect to the existing judgment that the Supreme Court will now review. Nor will Apple suffer any harm should this Court stay proceedings in the upcoming damages trial pending the Supreme Court's determination of issues directly relevant to that retrial. At most, a stay would delay Apple's recovery of monetary damages related to its non-trade dress claims, but, as this Court has recognized, it is well established that "mere delay in monetary recovery is an insufficient basis to deny a stay." *Gustavson*, 2014 WL 6986421, at *3; *see also Liberty Surplus Ins. Corp. v. IMR Contractors Corp.*, 2009 WL 1010842, *4 (N.D. Cal. Apr. 14, 2009) ("delay in recovering potential monetary damages is not sufficient harm" to deny a stay) (citing *CMAX, Inc*., 300 F.2d at 268-69); *ASIS Internet Servs. v. Member Source Media*, *LLC*, 2008 WL 4164822, *2 (N.D. Cal. Sept. 8, 2008) ("[W]here a plaintiff seeks only 'damages for past harm,' and thus, the only injury from a stay would be a delay in monetary recovery[,] there is not a sufficient basis to deny a stay." (citations omitted)). Moreover, it is law of the case that Apple would not suffer any irreparable harm from infringement of its design patents by the products at issue in the retrial: The Federal Circuit has already affirmed this Court's ruling denying Apple a permanent injunction based on any judgment of liability in the original trial. *See Samsung Elecs. Co., Ltd. v. Apple Inc.*, 735 F.3d 1352, 1359, 1365-66 (Fed. Cir. 2013).

### 2. The Parties, Court, And Nonparties Would Incur The Substantial Hardships Of Trial And Related Proceedings Absent A Stay

In contrast to Apple's lack of harm if a stay is granted, in the absence of a stay the parties could waste significant time and resources on potentially unnecessary litigation, resulting in substantial hardship to the parties, non-parties, and the Court. Indeed, particularly in litigation that can be characterized as "contentious and active … there can be no legitimate dispute that conducting further proceedings, up to an including … conducting a trial *that may ultimately be unnecessary*, would result in significant litigations costs-as well as the expenditure of judicial resources." *Cardenas*, 2011 WL 846070, at *4; *accord Gustavson*, 2014 WL 6986421, at *3. In

1  addition to the resources that the parties and the Court must use to conduct a potentially
2  meaningless damages retrial, non-parties will also incur substantial hardship, as witnesses and
3  jurors must travel and take time off from work.

4  The parties, moreover, will inevitably file post-trial motions, which must be briefed,
5  argued, and decided by the Court. All of the resources required to litigate any post-trial motions
6  relating to Apple's design patents would also be wasted in the event the Supreme Court reverses
7  the prior design-patent judgment. And finally, it is conceivable that, prior to a decision by the
8  Supreme Court, either or both parties may begin to incur the costs of litigating an appeal to the
9  Federal Circuit from a judgment entered after the damages retrial. These costs would also be
10 wasted in the event of a Supreme Court reversal. A court's inherent authority to stay proceedings
11 is intended precisely to avoid such costs, and to instead promote "economy of time and effort …
12 for counsel, and for litigants," *Landis*, 299 U.S. at 254. The hardships associated with a potentially
13 unnecessary trial and related proceedings far outweigh any conceivable harm to Apple if a stay is
14 granted, and thus the balance of hardships—like the other *Landis* factor—decisively favors a stay.

## CONCLUSION

16 For the foregoing reasons, Samsung respectfully requests that the Court stay all
17 proceedings until final resolution of Samsung's petition in *Samsung Electronics Co., Ltd. v. Apple*
18 *Inc.*, No. 15-777, and conclusion of any proceedings on remand to the Federal Circuit.

1  DATED:  March 21, 2016                    Respectfully submitted,

2                                            QUINN EMANUEL URQUHART &
3                                            SULLIVAN, LLP

4
                                             By /s/ Victoria F. Maroulis
5                                               John B. Quinn
                                                William C. Price
6                                               Michael T. Zeller
                                                Kevin P.B. Johnson
7                                               Victoria F. Maroulis

8                                               Attorneys for SAMSUNG ELECTRONICS CO.,
                                                LTD., SAMSUNG ELECTRONICS AMERICA,
9                                               INC., and SAMSUNG TELECOMMUNICATIONS
                                                AMERICA, LLC