1   HAROLD J. MCELHINNY (CA SBN 66781)   WILLIAM F. LEE
    hmcelhinny@mofo.com                   william.lee@wilmerhale.com
2   RACHEL KREVANS (CA SBN 116421)        WILMER CUTLER PICKERING
    rkrevans@mofo.com                     HALE AND DORR LLP
3   ERIK J. OLSON (CA SBN 175815)         60 State Street
    ejolson@mofo.com                      Boston, MA 02109
4   MORRISON & FOERSTER LLP               Telephone: (617) 526-6000
    425 Market Street                     Facsimile: (617) 526-5000
5   San Francisco, California  94105-2482
    Telephone:  (415) 268-7000            MARK D. SELWYN (SBN 244180)
6   Facsimile:  (415) 268-7522            mark.selwyn@wilmerhale.com
                                          WILMER CUTLER PICKERING
7                                         HALE AND DORR LLP
    Attorneys for Plaintiff and           950 Page Mill Road
8   Counterclaim-Defendant APPLE INC.     Palo Alto, California 94304
                                          Telephone: (650) 858-6000
9                                         Facsimile: (650) 858-6100

10

11                      UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13                            SAN JOSE DIVISION

14

15   APPLE INC., a California corporation,      | Case No. 11-cv-01846-LHK (PSG)

16                  Plaintiff,                   | **APPLE'S OPPOSITION TO
                                                 | SAMSUNG'S EMERGENCY
17          v.                                   | MOTION TO STAY ALL
                                                 | PROCEEDINGS PENDING
18   SAMSUNG ELECTRONICS CO., LTD., a            | SUPREME COURT REVIEW**
     Korean business entity; SAMSUNG             |
19   ELECTRONICS AMERICA, INC., a New York       | Date:     N/A
     corporation; SAMSUNG                        | Time:     N/A
20   TELECOMMUNICATIONS AMERICA, LLC, a          | Place:    Courtroom 8, 4th Floor
     Delaware limited liability company,         | Judge:    Hon. Lucy H. Koh
21
                    Defendants.
22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

                                                                                        **Page**

3

4   I.      INTRODUCTION ......................................................................................... 1

    II.     THE COURT SHOULD DENY SAMSUNG'S MOTION FOR A STAY ....................... 2
5
            A.      Denying Samsung's Requested Stay And Moving Forward With
6                    Proceedings In This Case Would Promote The Orderly Course Of Justice. .......... 2

7           B.      The Balance Of Harms Counsels Against A Stay................................... 4

8                   1.      A Stay Would Substantially Injure Apple.................................. 5

9                   2.      Moving Forward With Proceedings In This Case Would Not Cause
                            Substantial Hardship. ............................................................ 6

10                  3.      The Public Interest Does Not Favor A Stay.............................. 7

    III.    CONCLUSION ........................................................................................... 8

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## I.   INTRODUCTION

2   Samsung's sixth request to stay this action comes just days before a trial, which is

3   expected to take one week or less (*see* Dkt. 3272 at 2; Dkt. 3291, 09/18/2015 Hr'g Tr. at 49:5-10),

4   is scheduled to begin.  The Court and the parties have spent over six months preparing for this

5   trial.  Since the Federal Circuit's mandate on August 25, 2015, the Court has invested significant

6   time laying the groundwork for trial, resolving pretrial disputes, holding multiple case

7   management conferences and hearings, and ruling on motions to strike, motions in limine,

8   proposed verdict forms, and other filings.  Likewise, the parties are ready and able to move

9   forward with trial next week.  The parties have spent countless hours completing supplemental

10   expert discovery, developing trial strategies, preparing pretrial filings including witness lists,

11   exhibit lists, and motions in limine, and negotiating stipulations to ensure a speedy and

12   streamlined trial.  The parties have also collaborated on and completed jury materials and

13   exhibits, which have now been delivered to the Court.  Both parties' witnesses, including high-

14   level executives and expert witnesses, have reserved time for trial and made travel plans.  And

15   both parties have made arrangements for hotels and work spaces starting this week—a portion of

16   the Apple team is already in San Jose.  In short, the parties have invested significant resources

17   finalizing their preparations for trial.

18   Granting Samsung's motion to stay proceedings now would forfeit the substantial time

19   and resources that the Court and the parties have poured into preparing for the upcoming trial and

20   hearing on supplemental damages.  A stay could result in a delay of a year or more, and would

21   necessitate a second, equally costly outlay of resources when the stay is lifted—all of which will

22   be for naught if the Supreme Court affirms the Federal Circuit's ruling applying the long-settled

23   law of design patent damages.  On the other hand, holding the remand trial as scheduled would

24   take about one week, require limited service by the jurors, and would resolve the remand issues

25   without forcing the Court and the parties to waste the resources that have already been invested.

26   Similarly, holding the upcoming hearing on supplemental damages, which is fully briefed, would

27   resolve the other pending issue in this case.

28

1    Samsung's motion should be denied, and proceedings in this case—including next week's

2    trial and next month's hearing on supplemental damages—should move forward as scheduled.

3    **II.    THE COURT SHOULD DENY SAMSUNG'S MOTION FOR A STAY.**

4        When determining whether to stay a matter, a court should consider the following factors:

5    (1) "the orderly course of justice measured in terms of the simplifying or complicating of issues,

6    proof, and questions of law which could be expected to result from a stay"; (2) "the possible

7    damage which may result from the granting of a stay"; and (3) "the hardship or inequity which a

8    party may suffer in being required to go forward."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th

9    Cir. 1962) (*citing Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).  Because all three

10   factors counsel against a stay, the Court should deny Samsung's motion.[1]

11       **A.    Denying Samsung's Requested Stay And Moving Forward With Proceedings**
            **In This Case Would Promote The Orderly Course Of Justice.**

12       The Supreme Court's grant of certiorari is limited to one of the two questions posed by

13   Samsung:  whether an award of infringer's profits for design patent infringement should be

14   limited to the profit attributable to the patented design.  The Supreme Court declined to take up

15   Samsung's first question regarding the scope of design patents, leaving intact the judgment that

16   Apple's design patents are valid and infringed by Samsung.  The Supreme Court's ruling in this

17   case will thus be limited to the issue of the damages to which Apple is entitled for Samsung's

18   infringement of Apple's design patents.

19       Regardless of the Supreme Court's decision on design patent damages, Apple is entitled to

20   damages for Samsung's infringement of Apple's utility patents.  And because the Court plans to

21   adopt a per-product, per-patent verdict form, the jury will award utility patent damages separate

22

23   ─────────────────────

24   [1]      The cases cited by Samsung at page 4 of its motion are distinguishable because they
     involved motions for stay at earlier stages of the litigation—not on the eve of trial as here.  *See,*

25   *e.g., Yufa v. Lighthouse Worldwide Sols. Inc.*, No. 09–cv–00968–MEJ, 2015 WL 150757, at *2
     (N.D. Cal. Jan. 9, 2015) (noting that "a stay will not prejudice Plaintiff as no trial has been set in

26   this case"); *Inclusive Cmtys. Project, Inc. v. Texas Dept. of Hous. & Cmty. Affairs*, No. 3:08–CV–
     0546–D, 2014 WL 2815683 (N.D. Tex. June 23, 2014) (granting stay where no proceedings had

27   yet taken place upon remand from circuit court); *Mary Jo C. v. Dinapoli*, No. 09–CV–5635
     (SJF)(ARL), 2014 WL 7334863 (E.D.N.Y. Dec. 18, 2014) (stay granted upon joint motion of the

28   parties early in case, during pleadings stage).

1  from design patent damages.  Thus, the damages awarded at the remand trial for Samsung's

2  infringement of Apple's utility patents will be unaffected by the Supreme Court's decision and

3  should not be delayed by the Supreme Court's consideration of a separate issue.

4        Moreover, Samsung's motion presumes that Samsung will prevail in its apportionment

5  argument, and that the parties will be forced to retry all damages attributable to Apple's design

6  patents.  But accepting Samsung's position would require the Supreme Court to make a sweeping

7  change to existing law—a change that only Congress could make.  A finding that "total profit" as

8  it appears in 35 U.S.C. § 289 means "some profit" would require the Court to effectively rewrite

9  the words of the statute in the face of Congress's clear intention and decades of Federal Circuit

10  precedent.  Indeed, as this Court ruled:

11          [Samsung's] argument is clearly foreclosed by Federal Circuit precedent. As
            explained in *Nike Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1442–43 (Fed.
12          Cir.1998), Congress specifically drafted the design patent remedy provisions to
            remove an apportionment requirement that the Supreme Court had imposed.
13          Thus, there is simply no apportionment requirement for infringer's profits in
            design patent infringement under § 289.
14

15  (Dkt. 2271 at 12.)  The Federal Circuit affirmed that ruling—by a unanimous panel decision and

16  then without dissent from the denial of rehearing en banc—relying on the "clear statutory

17  language" of § 289, which "explicitly authorizes the award of total profit from the article of

18  manufacture bearing the patented design."  *Apple Inc. v. Samsung Elecs. Corp.*, 786 F.3d 983,

19  1001-02 (Fed. Cir. 2015).  The Federal Circuit further recognized that Samsung's argument

20  "advocate[d] the same 'apportionment' requirement that Congress rejected" and noted that,

21  consistent with its opinion, "[s]everal other courts also concluded that [§] 289 authorizes such

22  award of total profit."  *Id.* at 1002.

23        Thus, although the Supreme Court's grant of certiorari may indicate that design patent

24  damages is an important issue, it does not suggest that the likely outcome will favor Samsung.

25  *See, e.g.*, *Rutherford v. Crosby*, 438 F.3d 1087, 1089 (11th Cir. 2006) ("A grant of certiorari … is

26  not a decision and does not affect our obligation or the obligation of district courts in this circuit,

27  to follow prior decisions of this Court."), *vacated and remanded on other grounds*, 547 U.S. 1204

28

1   (2006); *Jackson v. Maine*, 300 F. Supp. 2d 197, 199 (D. Me. 2004) ("[T]his Court can attach no

2   significance to the Supreme Court's grant or denial of certiorari in any case."); *Calhoun v. J.I.*

3   *Case Co.*, 150 F. Supp. 189, 190 (N.D. Ohio 1957) ("No significance can be attached to either the

4   denial or granting of certiorari by the Supreme Court in any case.").

5        On the contrary, Apple fully expects the Supreme Court to affirm the Federal Circuit's

6   decision given the statute's clear text, legislative history, and consistent application by the courts

7   over the past several decades.  In fact, the Supreme Court has affirmed many Federal Circuit

8   decisions in patent cases after granting certiorari.  *See, e.g.*, *Alice Corp. v. CLS Bank Int'l*, 134 S.

9   Ct. 2347 (2014) (subject matter patentability under 35 U.S.C. § 101); *Bowman v. Monsanto Co.*,

10   133 S. Ct. 1761 (2013) (whether exhaustion doctrine grants a purchaser of articles containing a

11   patented, self-replicating technology the right to make an unlimited number of new articles

12   containing that invention without the authorization of the patent owner); *Microsoft Corp. v. i4i*

13   *Ltd. P'ship*, 564 U.S. 91 (2011) (litigation standard for proof of patent invalidity); *Bd. of Trustees*

14   *of the Leland Stanford Jr. Univ. v. Roche Molecular Sys., Inc.*, 563 U.S. 776 (2011) (vesting of

15   title for inventions funded under the Bayh-Dole Act); *Bilski v. Kappos*, 561 U.S. 693 (2010)

16   (standards for determining patent eligibility of processes); *see also Kimble v. Marvel Entm't,*

17   *LLC*, 135 S. Ct. 2401 (2015) (enforceability of patent license agreements requiring royalties

18   beyond the patent term (from Ninth Circuit)).

19        The mere possibility of a different outcome does not warrant a stay of proceedings,

20   especially with a trial scheduled to occur next week.  *See In re Solex Robotics, Inc.*, 56 F. App'x

21   490, 490 (Fed. Cir. 2003) ("Solex has not shown that we should, on the eve of trial, stay the

22   scheduled proceeding because the propriety of the district court conducting the trial may also be

23   reviewed on appeal after final judgment.").  Indeed, if the Supreme Court affirms the Federal

24   Circuit's ruling, then a stay will not have promoted judicial economy in any way; it will have

25   impeded it.

26      **B.**    **The Balance Of Harms Counsels Against A Stay.**

27        Samsung contends that "Apple will suffer no harm if a stay is granted" and that the

28   balance of hardships "tips sharply in favor of a stay" because moving forward will require some

1   additional expenditure of resources.  (Mot. at 7.)  Samsung ignores, however, that the Court and

2   the parties have *already* invested significant resources in preparing for trial and the supplemental

3   damages hearing—both of which are imminent.  Given the late stage of the proceedings and the

4   fact that much of the effort has already been expended in preparing for these events, the balance

5   of hardships weighs strongly in favor of denying a stay and completing the proceedings.

6               **1.      A Stay Would Substantially Injure Apple.**

7   Granting a stay would cause substantial harm to Apple.  If the Supreme Court affirms the

8   design patent damages award, then a stay would only postpone Apple's recovery of damages for

9   Samsung's widespread infringement of Apple's design patents—infringement that has been

10  confirmed by a jury, this Court, the Federal Circuit, and now the Supreme Court.  Samsung has

11  already sought to delay this case at least five times, and postponing proceedings again would

12  further delay Apple's recovery of the damages that Samsung owes for the five products at issue in

13  the upcoming remand trial as well as supplemental damages.  Additionally, postponing

14  proceedings until after the Supreme Court's decision in this case would likely delay the damages

15  retrial by at least another year, causing more prejudice to Apple by making the trial even further

16  removed from the relevant events—especially where Samsung's acts of infringement relevant to

17  the remand trial occurred during August 2010 to June 2012.

18  Apple would also be harmed by a stay because, like the Court and Samsung, Apple has

19  already invested significant resources in preparing for a trial that is scheduled to begin in a matter

20  of days.  Since the Federal Circuit's mandate on August 25, 2015, Apple has engaged in extensive

21  work leading up to the remand trial including having its damages expert prepare an updated

22  expert report; taking and defending expert depositions; briefing motions to strike and motions in

23  limine; preparing pretrial filings such as witness lists, exhibit lists, and deposition designations;

24  and attending case management conferences and other hearings.  Apple has also fully prepared

25  for trial by working with witnesses, preparing demonstratives and other trial materials, and

26  reserving hotel and work space in San Jose starting this week.  Additionally, Apple's witnesses,

27  including high-level executives and expert witnesses, have made travel plans to arrive in San Jose

28  this week and have reserved time for preparation and trial this week and next.

APPLE'S OPP. TO SAMSUNG'S MOTION FOR STAY
CASE NO. 11-cv-01846-LHK (PSG)                                                                5

Given that trial is less than a week away and the parties and the Court are fully prepared, the most prudent use of the Court's and the parties' resources is to proceed with trial. *See, e.g.*, *In re Worldwide Educ. Servs., Inc.*, 494 B.R. 494, 501 (Bankr. C.D. Cal. 2013) ("The court finds that granting the motion for stay of litigation proceedings on the eve of trial in a case that has been pending for about two years would unduly prejudice creditors because they are ready to go to trial after extensive pretrial litigation and discovery."); *see also Wenk v. O'Reilly*, No. 2:12-CV-00474, 2015 WL 4916934, at *3 (S.D. Ohio Aug. 18, 2015) (stay pending resolution of petition for certiorari inappropriate when there is no irreparable harm to defendant in going forward and plaintiff expended significant resources preparing for trial).

Further, Samsung's attempt to stay the calculation of supplemental damages is problematic in its own right. That motion, which is fully briefed and set for argument on April 14, 2016, turns on issues, such as Court rulings and Samsung's waiver of defenses, that are uniquely within the knowledge and purview of the trial judge. As with a delay in the upcoming trial, postponing this Court's decision on Apple's supplemental damages motion can only threaten additional problems in the future, causing further harm to Apple.

### 2. Moving Forward With Proceedings In This Case Would Not Cause Substantial Hardship.

"[A party seeking] a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (alteration in original) (quoting *Landis*, 299 U.S. at 255). Samsung cannot make that showing. Samsung claims that, absent a stay, the Court and the parties would "incur the substantial hardships of trial and related proceedings." (Mot. at 8.) But Samsung's argument ignores that the upcoming trial and related proceedings may be completely unaffected by the Supreme Court's decision in this case. If the Supreme Court affirms the prior design patent damages award, then there will be no harm whatsoever to the Court, the parties, or others from moving forward with next week's trial and other proceedings in this case.

If, on the other hand, the Supreme Court were to change the law regarding design patent damages, then Samsung would incur some additional expenses but those expenses would not be as substantial as Samsung claims.  Samsung has already paid to Apple the $399 million that was awarded for Samsung's infringement of Apple's design patents by the products at issue in the earlier trials; those damages will not be affected at all by continuing with the upcoming trial and supplemental damages hearing.  Thus, the only "harm" to Samsung from denying a stay (and assuming that the Supreme Court changes the settled law of design patent damages) would be the cost of an additional one-week trial that Samsung has already prepared for and post-trial proceedings—costs that are relatively small compared to the vast resources that Samsung has invested in this litigation over the past five years.  *See Conkright v. Frommert*, 556 U.S. 1401, 1403 (2009) (Ginsburg, J., in chambers) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("[B]eing required to defend a suit [absent a stay], does not constitute a clear case of hardship or inequity within the meaning of *Landis*."); *see also Wenk*, 2015 WL 4916934, at *3 (stay pending resolution of petition for certiorari inappropriate when there is no irreparable harm to defendant in going forward and plaintiff expended significant resources preparing for trial).

Given the resources that the Court and the parties have already invested in preparing this case for trial over the past six months and the late stage of the proceedings, the balance of hardships overwhelmingly favors completing the short trial next week and the upcoming hearing on supplemental damages, which is fully briefed.

### 3.     The Public Interest Does Not Favor A Stay.

The public interest also favors going forward with next week's trial and other proceedings in this case.  The public has an interest in the resolution of this case and in enforcing Apple's design patents, especially where Samsung's liability for infringement has been finally confirmed.

1    If the Supreme Court affirms the design patent damages award, then the fastest and most

2    economical way to resolve the case is to complete the damages trial scheduled for next week.

3         While it is true that a trial requires resources of the Court and jurors (and Apple does not

4    take those resources lightly), the Court has already invested significant time in preparing for the

5    remand trial as demonstrated by the Court's case management and other hearings as well as its

6    rulings on motions.  Moreover, the upcoming trial will consume relatively fewer resources as

7    compared to the prior trials:  the Court has already streamlined the remand trial by strictly

8    limiting the amount of time available for each party's presentation of evidence, and Apple expects

9    that the entire trial will be completed within one week.  Thus, on balance, the public interest

10   favors proceeding with the streamlined trial next week.  *See, e.g.*, *Medien Patent Verwaltung AG*

11   *v. Warner Bros. Entm't Inc.*, No. 10 Civ. 4119(CM)(GWG), 2014 WL 1169575 (S.D.N.Y. Mar.

12   21, 2014) ("[I]t is notable that the trial will be limited to only two issues—damages and

13   willfulness—and will likely take no longer than three days.  Given that nearly all of the

14   preparation work has been done already because the parties were facing an imminent trial date,

15   the remaining burden and expense to complete the damages trial should be relatively modest.").

16   **III.    CONCLUSION**

17        For the foregoing reasons, Apple respectfully requests that the Court deny Samsung's

18   motion for a stay.

19

20

21   Dated: March 21, 2016                    MORRISON & FOERSTER LLP

22

23                                             By:    */s/ Rachel Krevans*
                                                      RACHEL KREVANS

24
                                               Attorneys for Plaintiff
25                                             APPLE INC.

26

27

28