UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO. LTD., et al., <br><br> Defendants. | Case No. 11-CV-01846-LHK <br><br> **ORDER GRANTING SAMSUNG'S EMERGENCY MOTION TO STAY ALL PROCEEDINGS** <br><br> Re: Dkt. No. 3467 |

Before the Court is an Emergency Motion to Stay All Proceedings ("Motion") filed by Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"). ECF No. 3467. On March 21, 2016, the U.S. Supreme Court partially granted a petition for a writ of certiorari filed by Samsung after the Federal Circuit affirmed-in-part the judgment this Court entered following the first two trials in this case. *See Samsung Elecs. Co. v. Apple Inc.*, No. 15-777 (U.S. Mar. 21, 2016).[1]

Samsung seeks to stay this case—and in particular, the damages retrial currently scheduled to begin on March 28, 2016, which is three business days from today—pending a merits decision

---

[1] *See* http://www.supremecourt.gov/search.aspx?filename=/docketfiles/15-777.htm.

1

Case No. 11-CV-01846-LHK
ORDER GRANTING SAMSUNG'S EMERGENCY MOTION TO STAY ALL PROCEEDINGS

from the U.S. Supreme Court.  Samsung also seeks to stay the pending motion for supplemental damages filed by Plaintiff Apple Inc. ("Apple"), which is set for hearing on April 14, 2016.  Apple filed an Opposition.  ECF No. 3468.

Having considered the parties' briefing, the relevant law, and the record in this case, the Court GRANTS Samsung's Motion.

**I.   BACKGROUND**

The complaint in this case was filed on April 15, 2011.  ECF No. 1.  After a trial in July and August 2012, a jury found that 26 Samsung products infringed or diluted one or more of Apple's utility patents, design patents, or trade dresses.  ECF No. 1931.  A damages retrial on 13 of the 26 products was held in November 2013.  ECF No. 2822.  Following entry of judgment in favor of Apple, Samsung appealed to the Federal Circuit.  ECF No. 3018.

In 2015, the Federal Circuit affirmed the validity and infringement judgments with respect to Apple's design and utility patents, and the damages awards for the design and utility patent infringements.  The Federal Circuit invalidated Apple's trade dresses and vacated the damages awards for five Samsung products that were found liable for trade dress dilution as well as utility and/or design patent infringements.  *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 989 (Fed. Cir. 2015).  In accordance with the Federal Circuit's mandate, ECF No. 3273, this Court entered partial final judgment on all awards not predicated on Apple's trade dress claims and scheduled a narrow retrial limited to design and utility patent damages for only those five Samsung products.  That damages retrial is scheduled to begin on Monday, March 28, 2016.  ECF No. 3447 at 2.

After the Federal Circuit declined to rehear Samsung's appeal *en banc*, Samsung filed a petition for a writ of certiorari with the U.S. Supreme Court.  *See* Petition for a Writ of Certiorari, *Samsung Elecs. Co. v. Apple Inc.*, No. 15-777, 2015 WL 10435543 (U.S. Dec. 15, 2015).  In relevant part, Samsung argued that the Federal Circuit had erred in allowing the jury to award to Apple Samsung's total profits without apportionment under 35 U.S.C. § 289 for design patent infringement.  *Id.* at *2–3, *26–35.  Yesterday, on March 21, 2016, the U.S. Supreme Court partially granted Samsung's petition, limited to the apportionment question: "Where a design

patent is applied to only a component of a product, should an award of infringer's profits be limited to those profits attributable to the component?"[2] Samsung's Motion followed. ECF No. 3467.

## II. LEGAL STANDARD

A "[d]istrict [c]ourt has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In considering whether to exercise its discretion to grant a stay, a court should weigh the three "*Landis*" factors: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

## III. DISCUSSION

The Court begins by addressing the third *Landis* factor regarding the orderly course of justice and then addresses the first two *Landis* factors regarding the balance of hardships.

### A. Orderly Course of Justice

"[C]onsiderations of judicial economy are highly relevant" in determining whether the orderly course of justice weighs in favor of a stay. *Gustavson v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014). In particular, judicial economy favors granting a stay where conducting further proceedings would require "conducting a trial *that may ultimately be unnecessary*," because such proceedings could result in the unnecessary "expenditure of judicial resources." *Cardenas v. AmeriCredit Fin. Servs. Inc.*, No. 09-CV-04978 SBA, 2011 WL 846070, at *4 (N.D. Cal. Mar. 8, 2011) (emphasis in original).

The question for which the U.S. Supreme Court granted Samsung's certiorari petition relates to the proper measure of damages for design patent infringement. All three of the design

---

[2] *See* http://www.supremecourt.gov/qp/15-00777qp.pdf.

3
Case No. 11-CV-01846-LHK
ORDER GRANTING SAMSUNG'S EMERGENCY MOTION TO STAY ALL PROCEEDINGS

patents at issue in the 2016 damages retrial are also at issue in the Federal Circuit opinion that will be reviewed by the U.S. Supreme Court. The question of the proper measure of damages for these design patents is central to the 2016 damages retrial, as design patent damages make up the bulk of Apple's damages claims. Indeed, Apple has indicated that it intends to seek infringer's profits without apportionment for design patent infringement for all five of the products subject to the 2016 damages retrial. The expert reports and the Court's jury instructions for the 2016 damages retrial likewise assume that infringer's profits without apportionment is an available remedy for design patent infringement. *See* ECF No. 3442 (tentative jury instructions). However, whether infringer's profits require apportionment is precisely what the U.S. Supreme Court will review.

If the U.S. Supreme Court determines that apportionment is required, the 2016 damages retrial verdict and judgment may be rendered largely moot because the judgment would be based on an improper measure of damages. Apple does not dispute that a reversal by the U.S. Supreme Court would require another retrial for the products and patents at issue in the 2016 damages retrial.

Similarly, Apple's motion for supplemental damages seeks, among other damages, design patent infringer's profits without apportionment. As with the 2016 damages retrial, design patent damages make up the bulk of Apple's supplemental damages claims. Ruling on Apple's complex motion now, when the law governing infringer's profits may be subject to change, is unlikely to serve judicial economy.

Apple does not cite, and the Court has not located, any case in which a district court has exercised its discretion to deny a stay on similar facts. Instead, Apple argues that judicial efficiency does not favor a stay because (1) it is unlikely that the U.S. Supreme Court will reverse the Federal Circuit's opinion; (2) the parties and the Court have already expended resources to bring this case to the eve of the 2016 damages retrial; and (3) some portion of the verdict from the 2016 damages retrial would not be affected by a reversal by the U.S. Supreme Court. None of Apple's three arguments are ultimately persuasive.

**1. The Likelihood of a U.S. Supreme Court Reversal**

First, the Court declines to speculate on the likelihood that the U.S. Supreme Court will reverse the Federal Circuit's opinion. The only thing apparent from the grant of certiorari is that at least four justices believe that design patent damages present an important question of federal law. *See* Sup. Ct. R. 10 (Considerations Governing Review on Writ of Certiorari). Given the centrality of the question now before the U.S. Supreme Court to the 2016 damages retrial and Apple's motion for supplemental damages, the Court finds that it is likely that a decision from the U.S. Supreme Court—regardless of the specific outcome—will inform the proceedings in this case.

**2. The Cost of Resources Already Expended**

Second, the Court acknowledges that the parties and the Court have already expended significant time and resources in preparing for the 2016 damages retrial. In contrast to the efficiency gained when a stay is granted early in a case, the instant case has been litigated for five years, and there have been at least 3,471 filings in this case's docket. Moreover, there have been two jury trials and numerous appeals, and the U.S. Supreme Court effectively upheld the validity and infringement of Apple's design and utility patents.

For the 2016 damages retrial, the parties issued revised expert reports, deposed the expert witnesses, and filed numerous pre-trial materials. In addition to devoting considerable effort to manage this unusually complex case, *see, e.g.*, ECF Nos. 3291, 3331, 3388, 3463 (hearing transcripts for pretrial proceedings), in preparing for the 2016 damages retrial, this Court resolved 11 motions in limine and disputed evidentiary issues, *see* ECF Nos. 3440, 3447; several cross-motions to strike expert reports, *see* ECF Nos. 3380, 3389; Samsung's motion to introduce new evidence, *see* ECF No. 3430; and numerous other pretrial matters, including the verdict form and preliminary and final jury instructions, *see, e.g.*, ECF Nos. 3390 (Order re: Remedies Chart); ECF No. 3446 (Verdict Form); ECF Nos. 3441, 3442 (Jury Instructions). Trial is set to begin in three business days.

Apple's most persuasive argument is that the preparations made for the 2016 damages retrial will be laid aside and the knowledge that has been harnessed will fade with time. As the at least 3,471 filings in this case demonstrate, the parties have fought this case zealously with

1  limitless resources for five years.  Trying and presiding over a trial in this case require familiarity
2  with the long, complicated history of countless evidentiary disputes and rulings.  That preparation
3  has been made for the trial set to begin in three business days.  Setting this knowledge aside for
4  one year or more certainly has a cost.  However, as discussed below, the investment of resources
5  to date is outweighed by the other factors the Court must consider for the instant motion.

### 3. The Survival of Part of the 2016 Damages Verdict

Third, the fact that a small portion of the 2016 damages verdict could survive if the U.S. Supreme Court reverses the Federal Circuit opinion does not weigh heavily in the Court's consideration of the interest of judicial economy.  A short time period for which Apple seeks damages for infringement of two utility patents (the '381 and '915 patents) by four Samsung products likely would not be affected by a U.S. Supreme Court reversal regarding design patent damages because the verdict form separates damages by patent and by product.  *See* ECF No. 3446 at 4.  However, there is no efficiency to be gained by that fact.  These four Samsung products are also accused of design patent infringement, *see* ECF No. 3446 at 4, and thus would still require a future retrial on design patent damages if there is a U.S. Supreme Court reversal.  Moreover, if there is a reversal, the '381 and '915 utility patents would likely be included in any future retrial because certain products, not subject to the 2016 damages retrial, infringed these utility patents and Apple's design patents.  *See* ECF No. 1931 at 2–3.  Because the portion of the verdict that could survive would eliminate neither products nor patents from a future retrial, accounting for that potentially surviving portion of the 2016 damages retrial verdict would not simplify matters in a future retrial.

Weighing all of the foregoing considerations, the Court concludes that, on balance, judicial economy and the orderly course of justice favor granting a stay.  Although the Court and the parties have already invested significant time and resources to prepare for the 2016 damages retrial, any further proceedings—including trial, post-trial motions, supplemental damages, and possible further appeals—would be inefficient in light of the U.S. Supreme Court's review of a damages question that is central to the instant proceedings. Judicial economy and the orderly

course of justice would be better served by conducting these proceedings after the U.S. Supreme Court has provided its ruling on design patent damages, whether that ruling is an affirmance or otherwise. *See Cardenas*, 2011 WL 846070, at *4 (finding that because further proceedings may result in an unnecessary trial, judicial economy favored granting a stay); *see also Gustavson*, 2014 WL 6986421, at *3 (finding that judicial economy favored granting a stay to avoid the Court's expenditure of resources to resolve a class certification motion "only to have to revisit the decision whether to certify or de-certify a class following a controlling decision from the Ninth Circuit").

### B. Balance of Hardships

The remaining two *Landis* factors require consideration of the possible damage to Apple which may result from the granting of a stay and the hardship or inequity which Samsung may suffer in being required to go forward. *See CMAX*, 300 F.2d at 268.

The Court begins by considering the potential harm to Apple from a stay. Apple obtained a utility and design patent liability judgment in August 2012, and that liability judgment has been approved by the Federal Circuit and effectively upheld by the U.S. Supreme Court. However, Samsung has already paid over half a billion dollars in damages—including design patent damages—to Apple for 21 of the 26 products found by the jury at the 2012 trial to infringe, a fact that Apple concedes. *See* ECF No. 3468 (Apple's opposition, acknowledging Samsung's payment of damages); ECF No. 3405 (stipulation stating that Samsung has paid in full the judgment for all products not subject to the 2016 damages retrial). The 2016 damages retrial involves only the five remaining products found by the jury at the 2012 trial to infringe. Thus, at most, a stay will delay Apple's recovery of monetary damages for five of 26 products.[3] It is settled law that mere delay in monetary recovery is an insufficient basis to deny a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110–12 (9th Cir. 2005); *see also Gustavson*, 2014 WL 6986421, at *3.

---

[3] A stay would also potentially delay any recovery of supplemental damages by Apple for alleged infringement between the 2012 jury verdict and entry of judgment in 2015. *See* ECF No. 3339-3 (Apple Motion for Supplemental Damages). Because the calculation of those damages is premised on the same damages awards currently before the U.S. Supreme Court, however, similar considerations counsel in favor of a stay.

7
Case No. 11-CV-01846-LHK
ORDER GRANTING SAMSUNG'S EMERGENCY MOTION TO STAY ALL PROCEEDINGS

Additionally, Apple argues that it would be harmed by a stay because Apple has already expended substantial time and resources leading up to the 2016 damages retrial. As noted above, the Court agrees that setting aside for one year or more the knowledge of the case and familiarity with past disputes and rulings that the parties and the Court have acquired in preparation for the 2016 damages retrial that was to start in three business days has a cost. A prolonged delay will inevitably result in fading memories and require substantial efforts to once again become familiar with the details of the case. Apple's witnesses who are now freshly prepared for trial will have to again become familiar with events that happened in 2010–2012, already four to six years ago. *Cf. Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.").

The parties' witnesses also may become unavailable. This is no theoretical risk. Apple's original damages expert died after the 2012 trial, which required Apple to retain a new expert witness and required the parties to issue new expert reports and to engage in new expert discovery and substantial motions practice thereafter. Thus, the Court finds that a stay would pose a hardship to Apple, and the first *Landis* factor accordingly weighs against granting a stay.

The Court next turns to the harm to Samsung from denying a stay. Samsung argues that it would be harmed in the absence of a stay because the parties would have to expend time and resources on a trial that may prove unnecessary. In the instant case, however, the parties and the Court have already expended significant time and resources litigating this case over the past five years. As a result of the work that already has been done, the issues to be retried are narrow. Accordingly, the Court has allocated only 45 minutes to each party for opening statements, six hours for evidence, and one hour for closing argument. ECF No. 3447 at 2. Thus, after a day of jury selection, the 2016 damages retrial will likely last approximately three days. This additional burden on Samsung while the record is fresh in the minds of the witnesses, parties, and the Court is not substantial.

However, the trial itself is not the only potentially unnecessary proceeding the Court and the parties would undertake in the absence of a stay. There is a pending motion for supplemental

8

Case No. 11-CV-01846-LHK
ORDER GRANTING SAMSUNG'S EMERGENCY MOTION TO STAY ALL PROCEEDINGS

damages set for hearing on April 14, 2016, and the bulk of the supplemental damages Apple seeks would be affected if there is a U.S. Supreme Court reversal. The Court also anticipates that the parties will file complex motions for judgment as a matter of law following the 2016 damages retrial, and those post-trial motions would be heard on June 2, 2016. Furthermore, one or both of the parties are likely to then appeal this Court's judgment and orders to the Federal Circuit, leading to additional proceedings on appeal that, too, could be rendered unnecessary by a possible U.S. Supreme Court reversal. Taken together, the Court finds that the burden of proceeding not only with the 2016 damages retrial but also with the post-trial motions, motion for supplemental damages, and any appeal of this Court's orders—all in parallel with a potentially dispositive U.S. Supreme Court proceeding—would be significant. Accordingly, the Court concludes that Samsung would be harmed in the absence of a stay, and the second *Landis* factor favors granting a stay.

Apple argues that the expenditure of time and resources on a potentially unnecessary trial in the absence of a stay is not the type of harm that merits a stay. It is true that merely proceeding in the ordinary course of litigation, standing alone, does not warrant a stay. However, none of the three cases cited by Apple address a situation analogous to the one presently before the Court, where the U.S. Supreme Court has granted a petition for certiorari *in this case* on a question that is undisputedly central to the 2016 damages retrial and the motion for supplemental damages. In one of the cases cited by Apple, *Conkright v. Frommert*, 556 U.S. 1401, 1403 (2009) (Ginsburg, J.) (in chambers), the district court granted a stay after the U.S. Supreme Court granted the petition for certiorari even though Justice Ginsburg previously had denied a stay while the petition for certiorari was still pending. *Frommert v. Conkright*, 639 F. Supp. 2d 305, 313–14 (W.D.N.Y. 2009). The other two cases cited by Apple, *Dependable Highway* and *Wenk*, make clear that the expenditure of resources that would result if a stay is denied must be balanced against the alleged harm to the non-moving party if the stay is granted. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1064 (9th Cir. 2007) (finding that, on balance, the harm to the non-movant from granting a stay outweighed the harm to the movant from denying a stay, where the

harm to both parties consisted primarily of potentially needless litigation expenditures); *Wenk v. O'Reilly*, No. 2:12-CV-00474, 2015 WL 4916934, at *3 (S.D. Ohio Aug. 18, 2015) (finding, while a petition for certiorari was pending, that the defendant's expenditure of resources in the absence of a stay was outweighed by the harm to plaintiff from delay in obtaining relief).

Balancing the potential harms to both parties, the Court finds that granting a stay would pose a hardship to Apple, and that denying a stay would pose a hardship to Samsung. Thus, the first and second *Landis* factors are less informative than the third *Landis* factor, the orderly course of justice.

### C. Weighing the *Landis* Factors

Overall, the Court finds that the interests of judicial economy, the orderly course of justice, and the avoidance of unnecessary expenditure of time and resources in the form of proceeding through post-trial motions, supplemental damages motion practice, and appeals in parallel with the U.S. Supreme Court proceedings in this case weigh strongly in favor of granting a stay. These considerations outweigh the first and second *Landis* factors. Therefore, having considered all of the *Landis* factors, the Court GRANTS Samsung's Emergency Motion to Stay All Proceedings.

**IT IS SO ORDERED.**

Dated: March 22, 2016

*Lucy H. Koh*
LUCY H. KOH
United States District Judge