NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**APPLE INC.,**
*Plaintiff-Appellee*

v.

**NOKIA CORP.,**
*Movant-Appellee*

v.

**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, NKA SAMSUNG ELECTRONICS AMERICA, INC.,**
*Defendants-Appellants*

_____

2015-1857
_____

Appeals from the United States District Court for the Northern District of California in No. 5:11-cv-01846-LHK, Judge Lucy H. Koh.

_____

**SUA SPONTE**
_____

**O R D E R**

PER CURIAM.

Samsung Electronics Co., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") appeal an order from the United States District Court for the Northern District of California, requiring Samsung to disclose privileged documents based on the district court's determination that Samsung had impliedly waived privilege over those documents by putting them at issue. *Apple, Inc. v. Samsung Electronics Co., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC*, No. 11-CV-01846-LHK (N.D. Cal. June 19, 2015), ECF No. 3258. Because we do not have jurisdiction to review disclosure orders implicating the attorney-client privilege under 28 U.S.C. § 1295(a)(1), which requires that there be a final decision of the district court, and because mandamus is not warranted at this time, we dismiss for lack of jurisdiction and decline to issue a writ of mandamus.

I. BACKGROUND

This case was assigned to Magistrate Judge Paul Grewal for all discovery matters on May 11, 2011. On January 29, 2014, the magistrate judge found that Samsung and its counsel violated the district court's protective order by improperly disclosing the confidential business information of Nokia Corp. ("Nokia") and Apple Inc. ("Apple") to Samsung employees and others. *See* Order Granting Motion for Sanctions, *Apple*, No. 11-CV-01846-LHK (N.D. Cal. Jan. 29, 2014), ECF No. 2935. Leading up to this order, the magistrate judge ordered Samsung to produce to Nokia and Apple certain documents pertaining to the improperly disclosed confidential information. Order re Apple's Motion for Sanctions, *Apple*, No. 11-CV-01846-LHK (N.D. Cal. Oct. 2, 2013), ECF No. 2483. While Samsung did produce certain redacted documents, Nokia and Apple challenged Samsung's claims of privilege.

The magistrate judge held a hearing on October 22, 2013 to discuss the concerns regarding Samsung's production and its assertions of privilege and work-product protection. Hearing Transcript, *Apple*, No. 11-CV-01846-LHK (N.D. Cal. Oct. 22, 2013), ECF No. 2581. At the end of the hearing, the magistrate judge ordered *in camera* review of the numerous documents Samsung claimed as privileged. *Id.* at 90. Following its review, the magistrate judge issued an order to Samsung to show cause why sanctions should not issue for violating the protective order. Order to Show Cause Why Sanctions Are Not Warranted, *Apple*, No. 11-CV-01846-LHK (N.D. Cal. Nov. 8, 2013), ECF No. 2689. In the order that followed, the magistrate judge sanctioned Samsung and its counsel for violations of the protective order, and found that, "[b]ecause Samsung offered to turn over the vast majority of the documents cited in this order, privilege has been waived as to those documents." Order Granting Motion for Sanctions at 4 n.13, *Apple*, No. 11-CV-01846-LHK (N.D. Cal. Jan. 29, 2014), ECF No. 2935. In his order, the magistrate judge also noted that it was not persuaded that Samsung used the improperly disclosed, confidential business information in negotiations with Nokia. *Id.* at 10–11. Nokia was not similarly persuaded, however.

On July 7, 2014, Nokia moved for relief, arguing that it was entitled to see the allegedly privileged documents reviewed *in camera* by the magistrate judge. Nokia's Motion for Relief from Non-Dispositive Order, *Apple*, No. 11-CV-01846-LHK (N.D. Cal. July 7, 2014), ECF No. 3136. Samsung also moved for relief on the grounds that it did not waive privilege simply because it offered to produce the privileged documents. Samsung's Motion for Relief from Non-Dispositive Order, *Apple*, No. 11-CV-01846-LHK (N.D. Cal. July 7, 2014), ECF No. 3135. The district judge granted each motion, in part. *See* Order on Motions for Relief from Non-Dispositive Orders, *Apple*, No. 11-CV-01846-LHK (N.D. Cal. Sept. 19, 2014), ECF

No. 3194.  The district court found for Samsung, noting that "Samsung's unfulfilled offer to produce documents did not constitute a waiver of privilege and/or work-product protection as to the seven documents that Samsung offered to produce," but that "[w]hether Samsung waived or is otherwise not entitled to assert privilege over those documents for any other reason remains to be decided by Judge Grewal upon remand."  *Id.* at 10.  The district court also found for Nokia, noting that, "[u]pon remand, Nokia may seek determination from Judge Grewal on the questions of privilege as to the Samsung documents reviewed *in camera* and whether Nokia should receive access to any of those materials."  *Id.* at 13.  Nokia did exactly that.

On remand, the magistrate found that "the documents [Samsung] submitted were, as a whole, privileged."  Order re Motions to Compel at 1, *Apple*, No. 11-CV-01846-LHK (N.D. Cal. Apr. 3, 2015), ECF No. 3237.  "But by placing the contents of the documents at issue, distributing them and disclosing what they say and do not say in the sanctions proceedings, Samsung waived that privilege."  *Id.* at 1–2.  In particular, of the 279 documents that the magistrate judge reviewed *in camera*, he was "satisfied that Samsung has waived privilege as to the 92 documents relevant to Nokia's confidential business information . . . as well as Apple's requested seven documents."  *Id.* at 16.  As such, the magistrate judge ordered Samsung to produce unredacted copies of those documents to Nokia and Apple, respectively.  *Id.* at 17.

Samsung filed a motion for relief, *Apple*, No. 11-CV-01846-LHK (N.D. Cal. Apr. 23, 2015), ECF No. 3251, which the district court denied, *Apple*, No. 11-CV-01846-LHK (N.D. Cal. June 19, 2015), ECF No. 3258.  The district court found that "Samsung affirmatively used the[] Waiver Documents as support for its claims that Samsung's violations of the protective order were inadvertent and that no unauthorized recipient of any confi-

dential information used the information." *Id.* at 16–17. It found that "[d]ue process provided the vital need to pierce Samsung's privileges in this case" because the contents of privileged documents and what they did or did not contain simply could not be tested by Apple or Nokia absent disclosure of the underlying documents." *Id.* at 19. Samsung appeals that order.

## II. DISCUSSION

We apply the law of the regional circuit—here the Ninth Circuit—to questions of attorney-client privilege and waiver of attorney-client privilege that, as here, do not relate to an issue of substantive patent law. *See, e.g.*, *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1346 (Fed. Cir. 2005). The Ninth Circuit reviews the district court's denial of relief from a nondispositive order of a magistrate judge to determine whether it is contrary to law or clearly erroneous. *See, e.g.*, *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). The Ninth Circuit "review[s] de novo the district court's rulings on the scope of the attorney-client privilege" and reviews "[f]actual findings . . . for clear error." *United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010). We always have an independent obligation to assess the propriety of our own jurisdiction.

Samsung alleges that this court has jurisdiction pursuant to 28 U.S.C. 1295(a)(1) because the district court's June 19, 2015 order "is a final order resolving a post-judgment proceeding." Samsung Opening Br. at 2 (citing *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1064–65 (9th Cir. 2010)). In the alternative, Samsung asks that this court "exercise its discretion to treat this appeal as a petition for writ of mandamus." *Id.* at 42 (citing *GTNX, Inc. v. INTTRA, Inc.*, 789 F.3d 1309, 1312 (Fed. Cir. 2015); *In re Cuozzo Speed Techs.*, LLC, 793 F.3d 1268, 1275 n.5 (Fed. Cir. 2015)).

Nokia argues that this court does not have jurisdiction under § 1295(a)(1) "because this appeal is not of 'a final decision,' as required by that statute." Nokia Response Br. at 18. It relies on the Supreme Court's holding that "[a] 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)) (internal quotation marks omitted)). Because "more remains to be done by the district court in connection with the ordered discovery," it argues the order is not final. *Id.* It concedes, however, that "[t]his Court does have jurisdiction under 28 U.S.C. § 1651(a) to issue a writ of mandamus, but Movant-Appellee Nokia opposes such relief." Nokia Response Br. at 1. Apple does not weigh in on the jurisdictional issue, but opposes mandamus relief. Apple Br. at 39–40.

A. Jurisdiction

This court does not have jurisdiction under § 1295(a)(1) to hear this case. Discovery orders that implicate the attorney-client privilege are not reviewable as final judgments or under the collateral order doctrine because, "postjudgment appeals generally suffice to protect the rights of litigants and ensure the vitality of the attorney-client privilege." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 109 (2009). In *Mohawk*, the district court found that Mohawk had implicitly waived privilege with respect to certain documents based on its conduct in a parallel proceeding. *See id.* at 104. "Mohawk filed a notice of appeal and a petition for a writ of mandamus to the Eleventh Circuit. The Court of Appeals dismissed the appeal for lack of jurisdiction under 28 U.S.C. § 1291 . . . ." *Id.* at 105. We recognize that the posture of the present case is postjudgment, but find that the same principles govern where, as here, there is a high likelihood that our review will not "end[] the litigation on

Case 5:11-cv-01846-LHK   Document 3475   Filed 06/01/16   Page 7 of 11

APPLE INC. v. SAMSUNG ELECTRONICS CO., LTD.                    7

the merits and leave[] nothing for the court to do but execute the judgment." *Catlin*, 324 U.S. at 233.

Samsung cites Seventh Circuit law for the proposition that "[a] postfinal order will be treated as 'final' for [appeal] purposes . . . if it 'dispose[s] of all issues raised in the post-judgment motion.'" Samsung Reply Br. at 3 (quoting *Autotech Techs. LP v. Integral Research & Dev. Corp.*, 499 F.3d 737, 745 (7th Cir. 2007)). It concludes that the "order on appeal here is a 'final decision' under this standard, for it resolves the last remaining issue raised in connection with Apple's and Nokia's sanctions motions." *Id.* at 4. Samsung is correct that the only remaining issue after the September 2014 order was "whether Nokia [and Apple] should receive access" to Samsung's privileged materials. *Id.* (quoting Order on Motions for Relief from Non-Dispositive Orders at 13, *Apple*, No. 11-CV-01846-LHK (N.D. Cal. Sept. 19, 2014), ECF No. 3194. But Samsung's argument that the district court's resolution of the access issue gives rise to a final order on the underlying sanctions issue ignores the practical consequences of the district court's order. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 375 (1981) (discussing the "tradition of giving § 1291 a 'practical rather than a technical construction'" (citation omitted)).

The district court expressly found that by advocating for *ex parte, in camera* review of the documents-at-issue, Samsung was able to secure lesser sanctions. Order Denying Samsung's Motion for Relief at 22, *Apple*, No. 11-CV-01846-LHK (N.D. Cal. June 19, 2015), ECF No. 3258 (finding that Samsung has "already succeeded in avoiding greater sanctions" and has "already benefited from its arguments to Judge Grewal about the contents of the privileged documents"). This, in turn, led to a violation of Nokia's and Apple's due process right. "While a court may review documents *in camera* to assess the scope of a privilege, the court may not rely on an *ex parte* and *in*

*camera* review of documents to resolve an issue on the merits." *Id.* at 19 (citing *Lynn v. Regents of the Univ. of Cal.*, 656 F.2d 1337, 1345–46 (9th Cir. 1981) ("The receipt and review by the district court of the [*in camera* evidence] for the purpose of assisting it to make factual determinations or to evaluate other evidence violated principles of due process upon which our judicial system depends to resolve disputes fairly and accurately.").

The district court ordered Samsung to produce the documents-at-issue precisely because the underlying judgment—predicated on an *ex parte, in camera* review— would otherwise be improper.  After Samsung complies with the order and produces the documents, those aspects of the sanctions order that relied upon the privileged documents will still be open to challenge by Nokia and Apple.  If this were not the case, then Nokia and Apple would be bound by a sanctions order premised on documents to whose contents they were not privy.  *See* U.S. CONST. amend. V; *Yamada v. Nobel Biocare Holding AG*, -- F.3d --,  No. 14-55263, 2016 WL 1579705, at *5 (9th Cir. Apr. 20, 2016) (holding that "the district court's use over Defendants' objection of ex parte, in camera submissions to support its fee order violated Defendants' due process rights"); *Vining v. Runyon*, 99 F.3d 1056, 1057 (11th Cir. 1996) ("Although a judge freely may use *in camera, ex parte* examination of evidence to prevent the discovery or use of evidence, consideration of *in camera* submissions to determine the merits of litigation is allowable only when the submissions involve compelling national security concerns or the statute granting the cause of action specifically provides for in camera resolution of the dispute.").  Samsung's reliance on *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1064 (9th Cir. 2010) is misplaced, as that case did not involve an order of the district court that implicated the due process rights of the parties involved and, as such, was properly considered final for purposes of appellate review.

35 U.S.C. § 1295(a)(1) requires that there be a "final decision of a district court" in order for this court to exercise jurisdiction. Because there is no such final order until Nokia and Apple have an opportunity to review the evidence from which Samsung has already benefited, we do not have jurisdiction.

### B. Mandamus

In its briefing Samsung moves for mandamus relief if we find that there is no jurisdiction over the appeal. There is no mandamus petition pending before us, however. At the outset, we discourage this practice.

Rule 21 of the Federal Rules of Appellate Procedure sets forth the requirements for a party petitioning for a writ of mandamus. This procedure differs in meaningful ways from our normal appellate process. For instance, although in an appeal as of right, parties are entitled to oral argument, it is at the court's discretion when the party files a writ of mandamus. *See* Fed. R. App. P. 21(b)(5). In the course of an ordinary appeal, a principal brief may not contain more than 14,000 words and reply briefs are limited to half that. *See id.* at 32(a)(7)(B)(i)–(ii). For a petition for writ, the moving party is limited to 7,800 words. *See id.* at 21(d)(1). Furthermore, writs of mandamus "must be given preference over ordinary civil cases," such that they often resolve in a much timelier fashion. *See id.* at 21(b)(6). By couching its request for mandamus as a regular appeal, Samsung is arguably deriving benefits to which it is not otherwise entitled.

We need not belabor that point, however, because Samsung is not entitled to mandamus relief, regardless of the procedural posture in which the question is presented. "A writ of mandamus is an extraordinary remedy appropriate only in exceptional circumstances, such as those amounting to a judicial 'usurpation of power' or a clear abuse of discretion." *In re TC Heartland LLC*, No. 2016-105, 2016 WL 1709433, at *1 (Fed. Cir. Apr. 29, 2016)

(quoting *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004)). There are three conditions that must be met before a writ of mandamus can issue: (1) the petitioner must "have no other adequate means to attain" the desired relief; (2) the petitioner must demonstrate a "clear and indisputable" right to the writ; and (3) the court "must be satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 380–81 (internal citations and quotation marks omitted). Failure to satisfy any one of these requirements means that a writ will not issue.

We find that Samsung has not shown a clear and indisputable right to relief. We agree with the district court that the factual determinations underlying the magistrate judge's finding of waiver are not clearly erroneous. *See* Order Denying Samsung's Motion for Relief at 13–19, *Apple*, No. 11-CV-01846-LHK (N.D. Cal. June 19, 2015), ECF No. 3258. To the extent Samsung claims that the magistrate judge erred in determining which precise documents required disclosure, moreover, that is an objection to a discretionary decision to which we give deference. "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980).

"The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power." *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1373 (Fed. Cir. 2001). The common-law writ of mandamus against a lower court "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney*, 542 U.S. at 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–260 (1947)). Under these circumstances we find no grounds upon which to issue a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

(1) Oral argument currently scheduled for Monday, June 6, 2016 at 10:00 am is hereby cancelled.

(2) The case is dismissed for lack of jurisdiction.

(3) We decline to issue a writ of mandamus.

FOR THE COURT

June 1, 2016
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court