# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## NOTICE OF ENTRY OF
## JUDGMENT ACCOMPANIED BY OPINION

OPINION FILED AND JUDGMENT ENTERED: 02/07/2017

The attached opinion announcing the judgment of the court in your case was filed and judgment was entered on the date indicated above. The mandate will be issued in due course.

Information is also provided about petitions for rehearing and suggestions for rehearing en banc. The questions and answers are those frequently asked and answered by the Clerk's Office.

Costs are taxed against the appellee in favor of the appellant under Rule 39. The party entitled to costs is provided a bill of costs form and an instruction sheet with this notice.
The parties are encouraged to stipulate to the costs. A bill of costs will be presumed correct in the absence of a timely filed objection.
Costs are payable to the party awarded costs. If costs are awarded to the government, they should be paid to the Treasurer of the United States. Where costs are awarded against the government, payment should be made to the person(s) designated under the governing statutes, the court's orders, and the parties' written settlement agreements. In cases between private parties, payment should be made to counsel for the party awarded costs or, if the party is not represented by counsel, to the party pro se. Payment of costs should not be sent to the court. Costs should be paid promptly.
If the court also imposed monetary sanctions, they are payable to the opposing party unless the court's opinion provides otherwise. Sanctions should be paid in the same way as costs.

Regarding exhibits and visual aids: Your attention is directed Fed. R. App. P. 34(g) which states that the clerk may destroy or dispose of the exhibits if counsel does not reclaim them within a reasonable time after the clerk gives notice to remove them. (The clerk deems a reasonable time to be 15 days from the date the final mandate is issued.)

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

cc: William Adams
Rachel Wainer Apter
Robert Jason Becher
Ruth N. Borenstein
Theodore J. Boutrous Jr.
Brian Buroker
Joseph Carl Cecere Jr.
Andrew J. Danford
Mark S. Davies
Tim Delaney
Susan Rachel Estrich
Mark Christopher Fleming
Eric Fletcher
Lauren B. Fletcher
Sarah R. Frazier
Howard S. Hogan
Erik Scott Jaffe

Mark David Janis
Katherine M. Kopp
Rachel Krevans
David M. Krinsky
William F. Lee
Mark A. Lemley
Matthew A. Levy
Laura A. Lydigsen
Hervey Mark Lyon
Victoria Fishman Maroulis
Will Melehani
Mark Andrew Perry
B. Dylan Proctor
Kevin Scott Prussia
James Quarles III
Christopher Robinson
Allison Jones Rushing
Nathaniel Bryan Sabri
Perry J. Saidman
Joel Sayres
Matthew Schruers
Mark D. Selwyn
Kannon K. Shanmugam
Sarah Sladic
Kevin Alexander Smith
Thomas Gregory Sprankling
Kathleen M. Sullivan
Lucas C. Townsend
Seth P. Waxman
Michael Thomas Zeller

14-1335 - Apple Inc. v. Samsung Electronics Co., Ltd.
United States District Court for the Northern District of California, Case No. 5:11-cv-01846-LHK

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**APPLE INC., a California Corporation,**
*Plaintiff-Appellee*

v.

**SAMSUNG ELECTRONICS CO., LTD.,
a Korean corporation,
SAMSUNG ELECTRONICS AMERICA, INC.,
a New York corporation,
SAMSUNG TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,**
*Defendants-Appellants*

_____

2014-1335, 2015-1029

_____

Appeals from the United States District Court for the Northern District of California in No. 5:11-cv-01846-LHK, Judge Lucy H. Koh.

_____

Decided: February 7, 2017

_____

WILLIAM F. LEE, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA, for plaintiff-appellee. Also represented by ANDREW J. DANFORD, MARK CHRISTOPHER FLEMING, ERIC FLETCHER, LAUREN B. FLETCHER, SARAH R. FRAZIER, KEVIN SCOTT PRUSSIA; JAMES QUARLES, III,

Thomas Gregory Sprankling, Seth P. Waxman, Washington, DC; Mark D. Selwyn, Palo Alto, CA; Rachel Krevans, Ruth N. Borenstein, Nathaniel Bryan Sabri, Christopher Robinson, Morrison & Foerster LLP, San Francisco, CA.

Kathleen M. Sullivan, Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY, for defendants-appellants. Also represented by William Adams; Robert Jason Becher, Susan Rachel Estrich, Michael Thomas Zeller, B. Dylan Proctor, Los Angeles, CA; Victoria Fishman Maroulis, Redwood Shores, CA; Kevin Alexander Smith, San Francisco, CA

---

Before Prost, *Chief Judge,* O'Malley, and Chen, *Circuit Judges.*

Per Curiam.

This case returns to us on remand from the Supreme Court of the United States. *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429 (2016). Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") sought review of our prior decision in *Apple Inc. v. Samsung Electronics Co.*, 786 F.3d 983 (Fed. Cir. 2015), arguing that we erred in our interpretation of design patent damages pursuant to 35 U.S.C. § 289. The Supreme Court granted Samsung's petition for a writ of certiorari, reversed our prior judgment, and remanded the case for further proceedings.

On remand, we recalled our mandate solely with respect to design patent damages[1] and reinstated the case.

---

[1] Specifically, we recalled the mandate only to the extent it related to the measure of damages awarded in

Both parties filed statements urging us to take different actions. While Apple requests continued panel review, Samsung requests that we remand to the district court for a new trial on damages. For the reasons explained below, we adopt neither suggested course of action. Instead, we remand this case to the district court for further proceedings, which may or may not include a new damages trial.

Section 289 provides, in relevant part, that whoever manufactures or sells "any article of manufacture to which [a patented] design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit." 35 U.S.C. § 289. The Supreme Court clarified that a damages award under § 289 involves two steps: (1) "identify the 'article of manufacture' to which the infringed design has been applied;" and (2) "calculate the infringer's total profit made on that article of manufacture." *Samsung*, 137 S. Ct. at 434. The Court then explained that the only question before it was narrow: "whether, in the case of a multicomponent product, the relevant 'article of manufacture' must always be the end product sold to the consumer or whether it can also be a component of that product." *Id.*[2]

Looking to the statutory text, the Supreme Court concluded that the term "article of manufacture," as it is used in § 289, "encompasses both a product sold to a consumer and a component of that product." *Id.* The Court declined, however, to "set out a test for identifying the

---

connection with the district court's partial final judgment on Apple's design patent claims.

[2] Samsung also argued that § 289 "contains a causation requirement, which limits a § 289 damages award to the total profit the infringer made *because of* the infringement." *Samsung*, 137 S. Ct. at 434 n.2. We rejected that argument, and Samsung abandoned this theory during oral argument to the Supreme Court. *Id.*

relevant article of manufacture at the first step of the § 289 damages inquiry." *Id.* at 436. Instead, the Court remanded the case for this court to "address any remaining issues." *Id.*

Apple argues that we can affirm the design patent damages award without additional briefing or argument because Samsung never asserted that the relevant article of manufacture was anything other than Samsung's entire phones. According to Apple, Samsung failed to proffer any evidence to the jury identifying any smartphone component—as opposed to the entire phone—as the relevant article of manufacture to which the patented design was applied. As such, Apple maintains that the record permits only the conclusion that the relevant articles of manufacture must be Samsung's infringing phones.

Samsung submits that we should remand to the district court for a new trial on design patent damages. According to Samsung, the district court's § 289 instruction was erroneous in light of the Supreme Court's decision. Samsung does not dispute that the trial court's recitation of the statutory language from § 289 was accurate; it argues that the court should have said something more to account for the fact that, in a multicomponent product, there might be more than one article of manufacture within the meaning of § 289. Samsung also argues that remand is appropriate because it will enable the district court to resolve any remaining issues.

In short, the parties dispute what jury instructions the current trial record supports. Because the district court is better positioned to parse the record to evaluate the parties' competing arguments, we remand for the district court to consider these issues in the first instance.

On remand, the trial court should consider the parties' arguments in light of the trial record and determine what additional proceedings, if any, are needed. If the

court determines that a new damages trial is necessary, it will have the opportunity to set forth a test for identifying the relevant article of manufacture for purposes of § 289, and to apply that test to this case. Accordingly, we remand this matter to the district court for further proceedings.

# REMANDED