1    [COUNSEL LISTED ON SIGNATURE PAGES]

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                  **NORTHERN DISTRICT OF CALIFORNIA**
                        **SAN JOSE DIVISION**

8

9

10   APPLE INC., a California corporation,

11              Plaintiff,

12        vs.                                      Case No. 11-cv-01846-LHK

13   SAMSUNG ELECTRONICS CO., LTD., a              **JOINT CASE MANAGEMENT**
     Korean business entity; SAMSUNG              **CONFERENCE STATEMENT**
14   ELECTRONICS AMERICA, INC., a New
     York corporation; SAMSUNG                    **Hearing:**
15   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited liability company,   Date:      April 10, 2017
16                                                 Time:      2:00 p.m.
                Defendants.                        Place:     Courtroom 8, 4th Floor
17                                                 Judge:     Hon. Lucy H. Koh

18

19

20

21

22

23

24

25

26

27

28

Pursuant to this Court's Civil Local Rule 16-10(d) and the Clerk's Notice issued on March 23, 2017 (Dkt. 3485), the parties submit this Joint Case Management Statement in connection with the Case Management Conference ("CMC") scheduled for April 10, 2017.

## I.   ISSUES FOLLOWING REMAND FROM THE SUPREME COURT AND THE FEDERAL CIRCUIT

Below is a summary regarding the parties' positions on the issues in this case following remand from the Supreme Court and the Federal Circuit.

### A.   The Jury's Award of $399 Million in Design Patent Damages

**Apple's Position:**  Apple's position is that the Court should confirm its partial final judgment of $398,940,864 in damages to Apple.  No additional proceedings are needed with respect to this judgment, which represents the damages awarded by two juries for infringement of Apple's design patents by eleven Samsung products.  Neither the Supreme Court's December 2016 decision nor the Federal Circuit's February 2017 order remanding the case to this Court identified any problem with the juries' award of these design patent damages, and Samsung's claims do not justify a new trial.

Throughout discovery and trial, Samsung repeatedly argued that the "total profit" design patent damages authorized under 35 U.S.C. § 289 should be "apportioned," meaning that the jury should have been instructed to divide Samsung's profits on the infringing phones into two portions—the portion attributable solely to design, and the portion attributable to other, technical features—and award Apple only the portion attributable to design.  This Court and the Federal Circuit rightly rejected Samsung's apportionment theory as contrary to law.  Dkt. 1157 at 9-10; Dkt. 2271 at 12; Dkt. 2947 at 16 n.8; *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1001-1002 (Fed. Cir. 2015).  Before the Supreme Court, Samsung expressly abandoned its apportionment theory.  *Apple Inc. v. Samsung Elecs. Co.*, --- F. App'x --- , 2017 WL 490419, at *1 n.2 (Fed. Cir. Feb. 7, 2017) (noting that "Samsung abandoned this [apportionment theory] during oral argument to the Supreme Court").

1    At the Supreme Court, Samsung shifted to an argument focused on the "article of

2 manufacture" under § 289—namely, that the "total profits" awarded by the jury should have

3 been the total profits on a physical component that is less than its entire infringing phones

4 because (allegedly) the "articles of manufacture" to which the patented designs had been applied

5 were components of its phones.  In addressing that argument, the Supreme Court resolved only a

6 narrow question of statutory interpretation relating to the damages available for design patent

7 infringement, which arose out of its reading of the Federal Circuit's original opinion—namely,

8 "whether, in the case of a multicomponent product, the relevant 'article of manufacture' [under

9 § 289] must always be the end product sold to the consumer or whether it can also be a

10 component of that product."  *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434 (2016).  The

11 Supreme Court read the Federal Circuit's opinion to hold that the "article of manufacture" must

12 always be the end product sold to consumers, and rejected that reading because "the term 'article

13 of manufacture' is broad enough to encompass both a product sold to a consumer as well as a

14 component of that product."  *Id.* at 435.

15    Despite extensive briefing from the parties regarding the jury instructions and other

16 issues—including Apple's argument that Samsung never presented to the jury evidence or

17 argument that the articles of manufacture were anything less than the entire infringing phones

18 and had provided the jury only evidence that showed the profits obtained from the smartphones

19 as a whole, the Supreme Court did not address any other issue in the case.  It declined Samsung's

20 express request that it order a retrial and remanded "for further proceedings consistent with [its]

21 opinion."  *Id.* at 436.  On remand, the Federal Circuit similarly declined Samsung's request to

22 order a new trial, and instead "remand[ed] this case to the district court for further proceedings,

23 which may or may not include a new damages trial."  *Apple*, 2017 WL 490419, at *2.  As the

24 Federal Circuit explained, "the district court is better positioned to parse the record to evaluate

25 the parties' competing arguments" and "should consider the parties' arguments in light of the

26

27

28

1    trial record and determine what additional proceedings, **if any**, are needed." *Id.* at *2 (emphasis

2    added).[1]

3           Apple respectfully submits that no further proceedings are necessary, because the

4    Supreme Court's ruling did not call into question any aspect of this Court's prior judgment.

5    Both parties agreed with the principle that an "article of manufacture" under § 289 may **in some**

6    **cases** be a component, and not the end product sold to consumers.  But **in this case** Samsung

7    never argued, either in discovery or to the jury, that the articles of manufacture were anything

8    other than its entire phones, as Justice Sotomayor (who wrote the Supreme Court's opinion)

9    recognized at oral argument.  Transcript of Oral Argument at 8, *Samsung Elecs.*, 137 S. Ct. 429

10   (No. 15-777) ("Certainly your expert didn't tell me how to figure out the component part.  I

11   don't know where in the record you would have enough to survive your argument."); *see also id.*

12   at 13.  The United States expressed similar doubts.  Brief for United States as Amicus Curiae

13   Supporting Neither Party at 32, *Samsung Elecs.*, 2016 WL 3194218, No. 15-777 (June 8, 2016)

14   ("It is not clear, however, whether [Samsung] satisfied [its] burden of producing evidence to

15   support [its] arguments.").

16          Samsung did not introduce evidence or argument that defined the "article of

17   manufacture" as some physical part or component other than the entire smartphone.  At trial,

18   both parties' damages experts calculated profits solely based on the entire infringing phones.

19   Dkt. 1839 at 2047-2048; Dkt. 1842 at 3021-3031.  Samsung's expert Mr. Wagner presented the

20   jury with his own "calculation as to what Samsung's total profits were on the [**infringing**]

21   **phones**."  Dkt. 1842 at 3031 (emphasis added); *see also* Dkt. 2842 at 1017-1018.  Neither Mr.

22

23

24

25   [1]     By contrast, where the Federal Circuit has considered the Supreme Court's decision
     regarding design patent damages to necessitate a new trial, it has specifically ordered a new trial
26   on remand.  *See Nordock, Inc. v. Systems, Inc.*, No. 2014-1762, --- F. App'x ---, 2017 WL
     1034379, at *2 (Fed. Cir. Mar. 17, 2017) ("[W]e … remand this case to the district court for
27   further proceedings, including a new damages trial.").

28

1    Wagner's report nor his trial testimony included a calculation of the "total profits" on any

2    component or subpart of Samsung's products.  *See* Dkt. 3198 ¶ 340.[2]

3           In an effort to muddy the waters, Samsung has repeatedly mischaracterized the

4    proceedings in this Court and attempted to recast its prior "apportionment" arguments as "article

5    of manufacture" arguments.  For example, Samsung suggested to the Supreme Court that this

6    Court prevented Samsung from arguing that the relevant article of manufacture was something

7    less than the entire infringing phones:  "[T]he trial court says again, I have ruled that there's no

8    apportionment for design patents.  You cannot talk to me about article of manufacture.

9    [Samsung] tried over and over and over again to get the article of manufacture's theory

10   embraced, and we were rejected."  Transcript of Oral Argument at 18, Samsung Elecs., 137 S.

11   Ct. 429 (No. 15-777).  But as this Court is well aware—it is the ***apportionment*** argument that

12   Samsung tried "over and over and over" to have this Court accept, not the article of manufacture

13   argument it advances now.  And on remand before the Federal Circuit, Samsung insisted that this

14   Court prevented Mr. Wagner from offering an opinion as to the profits on individual smartphone

15   components.  *See* Samsung's Statement (Dkt. 226) at 3, *Apple Inc. v. Samsung Elecs. Co.*, No.

16   14-1335 (Fed. Cir. Jan. 12, 2017).  However, Mr. Wagner never proposed a total profit damages

17   theory under § 289 based on anything other than Samsung's entire phones, and this Court only

18   precluded him from testifying as to his improper (and now abandoned) ***apportionment*** theory.[3]

19   _____

20   [2]      Samsung also proactively shielded the jury from financial data on its smartphone
     components, by asking for and obtaining a stipulation that ***precluded*** Apple from introducing any
21   evidence of costs associated with Samsung' smartphone components.  *See* Dkt. 1597 ¶ 14.
     Instead, Samsung agreed that the parties would rely on certain financial spreadsheets at trial that
22   calculated profits for the whole accused devices, and not for any smaller components.  *Id.* ¶¶ 1-3,
     13 ("[E]ach party will not challenge in the trial or appellate court the sufficiency of the evidence
23   to support the opposing party's damage calculations on the ground that the calculations rely on
     the exhibits identified below and not the more detailed financial information available from other
24   proposed exhibits.").

25   [3]      Like it did on remand before the Federal Circuit, Samsung argues that the reason it did
     not introduce evidence or make arguments about the "article of manufacture" was because this
26   Court somehow precluded it from doing so by excluding Mr. Wagner's apportionment theory.
     However, nowhere in Mr. Wagner's report did he even attempt to calculate profits on any article
27   other than the infringing smartphones.

28

1    Samsung now reprises all those arguments in this case management conference

2    statement.  But while Samsung claims that it "repeatedly and explicitly" argued "that the relevant

3    'articles of manufacture' were parts or portions of the phones and not the entire phones" (*see*

4    *infra* at 11), the earliest of Samsung's citations is a trial brief submitted after the close of

5    discovery, where Samsung argued for the first time and without citing any supporting evidence,

6    that the Court should somehow determine the article of manufacture ***as a matter of law*** (*see* Dkt.

7    1300 at 19-22; Dkt. 1322 at 19-22).  Indeed, Samsung's failure to identify any dispute as to the

8    "article of manufacture" in the joint pretrial order is itself dispositive.  *See* Dkt. 1189.  "A pretrial

9    order generally supersedes the pleadings, and the parties are bound by its contents."  *Patterson v.*

10   *Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993).[4]

11   Samsung also suggests that the jury was improperly instructed, but there is no reason for

12   this Court to find error in its own instructions—especially where neither the Federal Circuit nor

13   the Supreme Court identified any such error, despite Samsung's many requests for them to do so.

14   This Court was justified in omitting Samsung's Proposed Instruction No. 42.1 because there was

15   no evidence from which the jury could have calculated Samsung's profits based on anything less

16   than the entire infringing phones.  Moreover, Samsung's proposed instruction contained multiple

17   misstatements of law.  For example, it would have instructed the jury as to Samsung's incorrect

18   (and now abandoned) apportionment theory.  *See* Dkt. 1694 at 140 ("[A]n award of profits for

19   design patent infringement should not include profits earned from the technology by which the

---

[4]    Samsung accuses Apple of improperly arguing that § 289 entitled it to Samsung's total
profit on entire products as a matter of law.  But Apple originally disclosed its § 289 damages
theory during fact discovery.  Dkt. 1384-27 at 4 (interrogatory response).  After Samsung failed
to dispute the article of manufacture at trial and ***both*** parties' experts calculated § 289 damages
based on the entire phones, Apple did argue that it was entitled to total profits on entire products
under Rule 50 because that was the only conclusion supported by the evidence.
Moreover, Samsung's citation to a single sentence in Apple's closing statement is
particularly misleading—due to Samsung's omission of the correction of the last word in the
quoted sentence.  Apple's attorney made clear that § 289's "total profit" provision does not
permit apportionment; he was not refuting any argument about the article of manufacture.  *See*
Dkt. 1997 at 4124 ("Congress awards the entire profit on a product, not just part of that product.
***Profit.***"  (emphasis added)).

1    devices operate or from any other functions of the device.").  And even if there were any error in

2    failing to give Samsung's proposed instruction (which there was not), Samsung cannot show any

3    resulting prejudice, where the only damages evidence presented to the jury calculated total

4    profits based on the entire infringing smartphones.[5]

5            Samsung also suggests that the instruction actually given to the jury (Final Instruction

6    No. 54) was erroneous with respect to the article of manufacture, but it waived that argument by

7    not raising it before the Federal Circuit.  *See* Samsung Opening Br. (Dkt. 34) at 38, *Apple Inc. v.*

8    *Samsung Elecs. Co.*, No. 14-1335 (Fed. Cir. May 23, 2014); Samsung Reply Br. (Dkt. 129) at

9    14-18, *Apple Inc. v. Samsung Elecs. Co.*, No. 14-1335 (Fed. Cir. Sept. 5, 2014).  Even so, the

10   alleged flaw in the instruction given that Samsung relies on to argue that a new trial is warranted

11   actually derives from an instruction that ***Samsung*** itself proposed.  *See* Dkt. 1232 at 210.  And

12   the Court's instruction contained no error, especially when the challenged sentence is read in the

13   context of the jury instructions as a whole and there was no dispute between the parties at trial as

14   to the relevant article of manufacture.

15           Samsung further urges this Court to determine as a matter of law that the article of

16   manufacture is only a component of the infringing smartphones, and even goes so far as to say

17   that any other ruling would be "inconsistent" with the Supreme Court's opinion.  That is simply

18   not the case.  The Supreme was clear that "the term 'article of manufacture' is broad enough to

19   encompass both a product sold to a consumer as well as a component of that product."  *Samsung*

20   *Elecs.*, 137 S. Ct. at 435.  And here, given the parties' disclosures during discovery and the fact

21   that Samsung never presented the jury with evidence or argument that the articles of manufacture

22

_____

23   [5]      Samsung's suggestion that the onus was on Apple to produce evidence of component-
     level profits because Apple bore the burden of proof on damages is nonsensical.  Apple
24   consistently maintained throughout discovery and trial the relevant articles of manufacture were
     the infringing phones in their entireties and produced evidence in support of that theory.  In
25   response to Apple's damages theory, Samsung offered Mr. Wagner's expert report, in which
     Samsung only offered total profits calculations ***based on the entire phones being the articles of***
26   ***manufacture***.  Once Samsung failed to raise the issue during discovery and proposed damages
     theory based on the entire products, the article of manufacture issue was settled, as there was no
27   dispute between the parties.

28

1  were anything less than the entire phones, the jury's award of profits on the entire phones should

2  be confirmed.[6]

3         Simply put, there was no error in this Court's jury instructions and no basis on which the

4  jury could have awarded infringer's profits on anything other than Samsung's entire phones.

5  Samsung faults this Court for not following the "two steps" that the Supreme Court requires

6  before "[a]rriving at a damages award under § 289."  But where both parties only calculated the

7  infringer's total profit based on the entire infringing smartphones, there was no reason for the

8  Court to identify any other article of manufacture.  Under these circumstances, the award of

9  $398,940,864 to Apple should be confirmed.

10         Apple is prepared to discuss these issues at the Case Management Conference.  While

11  Apple believes the Court with its familiarity of the record in this case is well-positioned to

12  confirm its prior judgment and deny Samsung's request for a new trial based on its attempts to

13  rewrite history, if the Court contemplates granting a new trial Apple respectfully requests the

14  opportunity for further briefing to address Samsung's arguments.[7]  Apple respectfully suggests

15  that it should file the opening brief because the issue of damages is one on which Apple carries

16  the burden.  Accordingly, Apple proposes the following schedule:

17       • Apple's Opening Brief:  April 21, 2017

18       • Samsung's Responsive Brief:  May 5, 2017

19       • Apple's Reply Brief:  May 12, 2017

20

21

22

23  ----

[6]  Apple disagrees that the cobbled-together evidence cited by Samsung suggests that the
24  jury could have found only that the articles of manufacture were smartphone components.  But,
in any event, Samsung failed to connect any of that record evidence to any calculation of
25  damages or to trial argument contending that the articles of manufacture were anything other
than its whole phones.
26  [7]  Samsung provided Apple with more than four pages of additional argument for inclusion
27  in this joint statement only hours before the filing deadline, thereby depriving Apple of the
ability to fully respond.
28

1    • Hearing:  At the Court's convenience.[8]

2    **Samsung's Position:**   Samsung's position is that the Court should vacate the $399

3    million design-patent judgment and order a new trial on all products on which the juries found

4    design-patent liability.  Apple remarkably would treat the Supreme Court decision reversing the

5    Federal Circuit's interpretation of Section 289 of the Patent Act as a mere academic exercise

6    having no bearing on the existing judgment.  But that position disregards the Supreme Court's

7    authority and its announcement of a governing change in the law that eliminates the judgment's

8    entire legal basis.

9         The case was tried on the premise that Section 289 of the Patent Act, as a matter of law,

10   awards total profit on entire products as sold, not the portions of those products to which

11   patented designs are applied.  Apple argued vigorously for that interpretation throughout the trial

12   and the Federal Circuit appeal, and in its opposition to the cert. petition—changing its position

13   for the first time only in its Supreme Court merits brief in a remarkable about-face.[9]  This Court

---

15   [8]    Because this Court should conclude that no additional proceedings are necessary with
16   respect to the design patent damages award of $398,940,864, this Court need not "set forth a test
     for identifying the relevant article of manufacture for purposes of § 289." *Apple*, 2017 WL
17   490419, at *2. Apple disagrees with Samsung's proposed test and will address that issue in
     briefing, if any, that the Court requests on that issue.
18   [9]    *See, e.g.*, Dkt. 1694 at 140 (Apple's jury instruction argument that the term "article of
     manufacture" in Section 289 necessarily "refers to ***the product that is sold***"); *id.* (Apple's
19   objection to Samsung's Proposed Instruction No. 42.1 on the sole basis that the instruction was
     "inconsistent with Federal Circuit law"); Dkt. 1997 at 4124:13-15 (Apple's closing argument
20   emphasizing to jury that "***Congress awards the entire profit on a product***, not just part of that
     product.  Profit."); Dkt. 2842 at 936 (Apple's Rule 50(a) opposition asserting that, "[o]n the
21   infringer's profits, the entire device is, as a legal matter, the proper base").  Apple
     mischaracterizes its Rule 50(a) opposition as turning on the sufficiency of the evidence, and
22   ignores these earlier instances where it argued that it was entitled to entire-product profits ***as a
     matter of law***.  *Compare Samsung Elecs. Co., Ltd. et al. v. Apple, Inc.*, No 15-777, Brief in
23   Opposition at 25-34 (arguing against cert because the Federal Circuit's ruling was "consistent
     with § 289's text" and complied with Section 289's "clear and settled meaning") *with id.*, Brief
24   for Respondent at 35-36 (Apple stating for first time that "Apple agrees" with Samsung that an
     infringing article of manufacture might be "something less than an entire product as sold") *and
25   id.* at 41-49 (shifting for the first time to the argument that Samsung supposedly did not proffer
     evidence or argue that the infringing articles of manufacture were portions of the entire
26   smartphones).

1  adopted that interpretation, so instructing the jury[10] over Samsung's objection and contrary

2  proposed instruction.[11]  As this Court will remember, it agreed at the time with Apple's argument

3  that the Federal Circuit's earlier decision in *Nike, Inc. v. Wal–Mart Stores, Inc.,* 138 F.3d 1437,

4  1441 (Fed. Cir. 1998), was dispositive on the meaning of Section 289 and precluded any profit

5  under Section 289 other than profit on an entire product as a matter of law.  And this Court's

6  view at the time was understandable as the Federal Circuit agreed with that interpretation, and

7  affirmed this Court on that point.  *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1002 (Fed.

8  Cir. 2015) (declining to limit any Section 289 award to exterior components of the smartphones

9  because they were not "distinct articles of manufacture").

10        But the Supreme Court reversed the Federal Circuit and categorically rejected that

11  interpretation of Section 289, holding that the term "article of manufacture" in Section 289 "is

12  broad enough to embrace both a product sold to a consumer and a component of that product,

13  whether sold separately or not."  *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 435 (2016).

14  Moreover, the Supreme Court held that "two steps" are required before "[a]rriving at a damages

15  award under § 289":  the Court must (1) "identify the 'article of manufacture' to which the

16  infringed design has been applied"; and (2) "calculate the infringer's total profit made on that

17  article of manufacture."  *Id.* at 434.  Because the prior trials did not include these two steps, the

18  statutory requirements for damages under Section 289 have not been met, and further

19  proceedings are required.

20        The Federal Circuit's remand order states that "the parties dispute what jury instructions

21  the current trial record supports" and directs this Court (1) to "consider the parties' arguments in

---

22  23  24  [10]  *See* Dkt. 1903 at 72 (Instruction No. 54) (instructing the jury that if it elects to award infringer's profits under Section 289, it should award the "total profit attributable to the infringing ***products***" and "***not just the portion*** of profit attributable to the design or ornamental aspects covered by the design") (emphasis added).

25  26  27  [11]  *See* Dkt. 1694 at 140 (Proposed Instruction No. 42.1) (asking the Court to instruct that the jury "should award only those profits which were derived from the ***article of manufacture*** to which Apple's patented design was applied" and that "[t]he article of manufacture to which a design has been applied is the ***part or portion*** of the product as sold that incorporates or embodies the subject matter of the patent") (emphasis added).

28

---

light of the trial record and determine what additional proceedings, if any, are needed," and, if it determines that a new damages trial is necessary, (2) "to set forth a test for identifying the relevant article of manufacture for purposes of § 289, and to apply that test to this case." *Apple Inc. v. Samsung Elecs. Co.*, ___ F. App'x ___, 2017 WL 490419, *2 (Fed. Cir. Feb. 7, 2017).[12] Samsung respectfully suggests the following procedures for making those two determinations:

*First*, Samsung believes it obvious that further proceedings and a new trial are required, as this briefing and argument will demonstrate. There can be no doubt after the Supreme Court decision that Instruction No. 54 wrongly directed the jury to consider total profit from entire products and not total profit from the portions of products to which the designs are applied. And there can be no doubt after the Supreme Court decision that Samsung's Proposed Instruction No. 42.1 (*see supra*, at n.7) is legally correct. Thus the only issue is whether evidence in the record supported that proposed instruction. *See, e.g.*, *Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1232 (9th Cir. 2011) (party "entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence") (internal quotation marks omitted).

The answer to that question is yes; Samsung's proposed Instruction No. 42.1 is amply supported by undisputed evidence at trial, including, for example:

- Apple's design patents themselves. Each depicts only limited, discrete portions of a smartphone's appearance (a front face, front face plus bezel, and a single screen of

---

[12] Apple misplaces reliance on *Nordock, Inc. v. Systems, Inc.*, No. 2014-1762, __ F. App'x __, 2017 WL 1034379 (Fed. Cir. Mar. 17, 2017). There, the Federal Circuit adhered to its earlier opinion, issued prior to the Supreme Court's decision in this case, that had remanded for a new trial on design-patent damages. *See Nordock, Inc. v. Systems, Inc.*, 803 F.3d 1344 (Fed. Cir. 2015), *vacated* 137 S. Ct. 589 (2016). The Federal Circuit explained that a new trial was necessary, not because of the intervening Supreme Court decision, but because the "jury [had] awarded Nordock $46,825 as a reasonable royalty and indicated on the verdict form that Systems' profits were $0," even though "there was no evidence that Systems' profits were $0." *Nordock*, 2017 WL 1034379, at *2. In any event, the Federal Circuit clearly directed this Court to determine whether a new trial is warranted in this case, so the fact that the Federal Circuit did not make that determination itself here, as it did in *Nordock*, is insignificant and in no way lessens the need for a new trial here. Indeed, it would be grossly unfair for the parties in *Nordock* to have a new trial subject to Supreme Court's decision in this case, but not the parties here.

GUI icons) and disclaims the rest of the phone by the use of dotted lines.  Dkt. 75-13 at 6 (D'677); Dkt. 75-12 at 10 (D'087); Dkt. 75-11 at 4 (D'305).

- Apple's own admissions.  In order to prove infringement, Apple's experts insisted that the patents covered only narrow, discrete portions of a smartphone's appearance. *See, e.g.*, Dkt. 1611 at 1016:2-7 (Apple expert Peter Bressler testifying that dotted lines in D'677 patent "defin[e] an area that's not being claimed" ); Dkt. 1611 at 1016, 1050-51, 1059 (Bressler testimony comparing claimed portions of D'677 to Samsung products but ignoring dissimilar portions as "not part of the claimed design").

- An internal Apple presentation with a detailed teardown of an accused Samsung phone into its many components.   *See* Dkt. 1610 at 769-72 (testimony of Apple executive Scott Forstall); DX 2519.001-012 (illustrating same).

The Court should reject Apple's erroneous suggestion that Samsung is not now entitled to a new trial because it did not provide evidence or argument at the earlier trials for "articles of manufacture" less than the entire phone.  To begin with, Apple waived any argument that Samsung's proposed Instruction No. 42.1 lacked evidentiary foundation, for it did not make that argument at trial but rather argued (*see supra*, at n.7) only that this instruction was legally incorrect.  *See, e.g.*, *Zixiang Li v. Kerry*, 710 F.3d 995, 1000 n.4 (9th Cir. 2013) ("[A] party waives an argument by failing to make it before the district court ....") (quoting *G&S Holdings LLC v. Cont'l Cas. Co.,* 697 F.3d 534, 538 (7th Cir. 2012) (alterations and omission in original)); *United States v. Dreyer,* 804 F.3d 1266, 1277 (9th Cir. 2015) (en banc) ("[A]n appellee waives any argument it fails to raise in its answering brief."); *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) (harmless-error argument waived if not raised in appellee's answering brief).  In any event, Apple's suggestion is baseless:  Samsung argued repeatedly and explicitly that the relevant "articles of manufacture" were parts or portions of the phones and not the entire

phones—before trial,[13] during trial,[14] and in post-trial motions.[15]  Moreover, Samsung presented evidence that its products contained articles of manufacture less than the entire phones.  *See, e.g.*, Dkt. 1610 at 868-72 (Samsung executive Justin Denison) (describing how the phones' various parts including the glass surface and bezel were separately manufactured and assembled, and how the GUI screens could be separately programmed and changed without altering other parts of the phone); Dkt. 2842 at 996, 1030 (Samsung expert Michael Wagner) (similar).[16]  And Apple's new suggestion that Samsung should have raised its arguments in the pre-trial order is baseless.[17]

To the extent Samsung did not introduce further testimony or make further arguments about "articles of manufacture" less than the entire phones or, as Apple now asserts, "connect any of [the] record evidence" to a trial argument, surely it cannot be faulted for not doing so, for Samsung was required to obey the Court's rulings interpreting Section 289 under Federal Circuit

---

[13]   *See* Dkt. 1322 at 19 ("Apple's request for a noncompensatory windfall overlooks Section 289's requirement that profits disgorgement be limited to the ***'article of manufacture'*** to which a patented design is applied, and is contrary to law.") (emphasis added); *id.* at 21 ("removal of the need to apportion did ***not*** remove the need to limit an award of profits to the ***article*** bearing the design itself, and to determine what the article bearing the design actually is") (emphasis added).

[14]   *See* Dkt. 1694 at 140 (Samsung's proposed Instruction No. 42.1); Dkt. 1998 at 3917-18 (Samsung's objections to article-of-manufacture instruction at charge conference).

[15]   *See, e.g.*, Dkt. 2131 at 14 ("[T]he jury's award of Samsung's profits from the phones as a whole cannot be sustained in light of Apple's failure to offer any evidence that those are the profits from the 'article of manufacture' at issue").

[16]   Apple mischaracterizes Dkt. 1597 as precluding cost evidence relevant to the profitability of components.  In fact that stipulation merely reflects the parties' joint desire to protect sensitive cost data from public disclosure (7/27/2012 Hrg Tr. 15-18) while reducing the number of sealing orders required at trial—without waiving any defenses or claims for relief.

[17]   The pre-trial order identifies the remedies for design patent infringement as among the disputed factual issues for trial.  Dkt. 1189 at 13 ("The remedies to which Apple is entitled, if any, as a result [of the above].")  That cannot constitute a waiver of any argument about articles of manufacture.  In any event, this Court has rejected Apple's similar arguments before because it is well settled that the order may be amended by the trial evidence.  *See* 4/29/2013 Hrg Tr. 31-33 (finding that evidence introduced at trial on a first sale date effectively amended contrary factual statements in the JPTS).

1    law as precluding any such evidence and arguments.  For example, the Court excluded as a

2    matter of prior Federal Circuit law (Dkt. 1157 at 9) any testimony by Samsung's damages expert

3    Michael Wagner that would have identified portions of the phones from which total profit was

4    derived (*see, e.g.*, Dkt. 3198 (Wagner report)  ¶¶ 88-89, 95-96, 362, 365).  And once the Court

5    instructed the jury (Dkt. 1903 at 72) that Section 289 awards total profit on entire products, and

6    not portions of a product to which the patented design is applied, Samsung of course could not

7    then argue to the jury that the relevant "articles of manufacture" were in fact the portions of the

8    phones embodying the patented designs.  To the contrary, the instruction gave Apple the chance

9    to insist to the jury in closing argument that "Congress awards the entire profit on a product, not

10   just part of that product" (Dkt. 1997 at 4124:13-15)—the exact argument the Supreme Court has

11   now rejected—while Samsung's hands were tied.[18]

12        Apple purports to identify other grounds on which this Court could uphold given

13   Instruction No. 54 and its failure to give Samsung's Proposed Instruction No. 42.1, but these

14   arguments are outside of the Federal Circuit's mandate, which directed this Court to consider the

15   parties' arguments about "what jury instructions the current trial record supports," *Apple*, 2017

16   WL 490419, at *2, and specifically whether the record contains evidence "identifying any

17   smartphone component … as the relevant article of manufacture," *id.* at *1.  Moreover, Apple

18   has forfeited these arguments by not previously raising them in this Court in objecting to

19   Samsung's proposed instruction or in the Federal Circuit in opposing Samsung's appeal.  *See*

20   *supra*, at p. 11.  In any event, Apple's belatedly-asserted, supposed errors fail on the merits:

- Apple says that the purported absence of evidence from which a jury could have
  calculated component-profits justified the omission of Samsung's proposed
  instruction and renders any error harmless, but ignores that the fault for any
  deficiency in the record on this issue rests with *Apple*, which had the burden of
  proving the quantum of damages. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d
  1301, 1324 (Fed. Cir. 2009) ("The burden of proving damages falls on the
  patentee.").

---

[18]  Even if Apple's counsel corrected the last word of the quoted sentence so that it was "profit,"
not "product," counsel still told the jury that "Congress awards the entire profit ***on a product***"—
improperly treating the product as the source of the profits as a matter of law.

- Apple claims that Samsung's proposed instruction would have erroneously required "apportionment" by instructing the jury to segregate profits from various "functions of the devices," yet fails to comprehend that this type of apportionment—*between components*—is required under the Supreme Court's test. *Samsung*, 136 S. Ct at 434. Indeed, Apple conceded in the Supreme Court that if the relevant article of manufacture is less than the entire product, "[y]ou do have to engage in a kind of an apportionment" to "determine total profits from the sale of that thing." *Samsung Elecs. Co. v. Apple Inc.*, No. 15-777, Tr. 50.

- Apple suggests that Samsung waived any objection to Instruction No. 54 before the Federal Circuit. That is incorrect. Apple ignores that Samsung challenged the instructions for failing to require the jury to limit profits to those from the relevant articles of manufacture, under both given Instruction No. 54 and omitted Instruction No. 42.1. *See* No. 2014-1335 ECF 33 at 38-39 (arguing instructional error, and citing Samsung's objection to Instruction No. 54 and omission of proposed Instruction No. 42.1). Apple, moreover, does not explain why it would be appropriate for this Court to construe Samsung's appellate arguments to find waiver when the Federal Circuit did not.

- Apple argues that Samsung invited any error based on language used in an inoperative, superseded set of proposed instructions. This Court ordered the parties to file revised proposed instructions (Dkt. 1679; *see also* Dkt. 1694 (parties' revised disputed instructions)), informed the parties it would use the revised set to prepare its final instructions (Dkt. 1826 at 1), and then confirmed it had done so (Dkt. 1883 at 1)—and the operative instructions that Samsung proposed did *not* contain any possibly objectionable language.

Finally, Apple tries to muddy the waters by suggesting that Samsung's design-patent damages defense under Section 289 was based *only* on what Apple styles a single "apportionment" theory. That is incorrect. Samsung in fact argued throughout this case that Section 289 does not direct an award of an infringer's total profit from an entire product as sold—based on either of two theories of apportionment: namely, that profit must be limited either to (1) profit attributable to the patented design, or (2) profit attributable to the article of manufacture to which the patented design is applied. Both are theories of "apportionment," as Apple acknowledged in the Supreme Court (*see supra*, at p. 13). The Supreme Court did not reject the first but embraced the second after the government and Apple agreed with Samsung as to that theory. But this Court precluded *any* theory of apportionment by ruling that Section 289

1    required entire-product profits and nothing less—a ruling the Supreme Court has now

2    invalidated.

3           For all these reasons, a new damages trial is required before a properly instructed jury.  If

4    the Court believes that further briefing and argument on this threshold question is necessary,

5    Samsung is agreeable to the schedule proposed by Apple, but Samsung, as the party seeking

6    relief from the existing judgment, should file the opening brief:

7           • Samsung's Opening Brief:  April 21, 2017

8           • Apple's Responsive Brief:  May 5, 2017

9           • Samsung's Reply Brief:  May 12, 2017

10          • Hearing:  At the Court's convenience.

11          *Second*, with respect to the Federal Circuit's additional direction in the remand order that

12   this Court "set forth a test for identifying the relevant article of manufacture for purposes of

13   Section 289, and to apply that test to this case," *Apple*, 2017 WL 490419, at *2, Samsung

14   respectfully proposes a two-stage procedure:

15          (1) Before any new damages trial, the Court should entertain briefing and argument to

16   determine, as a matter of law based on undisputed facts, (a) the proper legal test for determining

17   an article of manufacture under Section 289, and (b) what the relevant articles of manufacture

18   are in this case.  That briefing and argument may be made on the existing, undisputed evidentiary

19   record—including Apple's patents, admissions by Apple's experts in its infringement case, and

20   the teardowns showing the many components of Samsung's phones (*see supra*, at pp. 10-11)—

21   without the need for further evidence.  Such pre-trial rulings will narrow the scope of the issues

22   to be tried and thereby minimize the burdens of a new trial on the Court and jury.

23          In briefing and argument on those two issues, Samsung will argue:

24          (a) That the test for determining an article of manufacture should look principally to two

25               factors:

26          • The scope of the designs claimed in the asserted patents, as depicted in the patent
                 figures, excluding any non-ornamental features and all ornamental features

27

28

disclaimed by the use of dotted lines, as well as any relevant patent prosecution history; and

- The corresponding parts or portions of the accused products to which the patented designs are applied.

(b) That the articles of manufacture to which Apple's patented designs were applied are:

- the glass front face of a smartphone (D'677);

- the glass front face of a smartphone plus its surrounding bezel (D'087); and

- the relevant portion of a display screen on which a GUI design is displayed (D'305).

At the very least, Samsung will argue, the Court should determine prior to any new trial, as a matter of law based on the undisputed record, that the relevant articles of manufacture are ***not*** the entire smartphones.

(2) At the new damages trial, the sole issue for the jury should be the quantum of Samsung's profits from the articles of manufacture identified by the Court in its pretrial rulings. It is Apple's burden to prove the quantum of profit from the relevant articles of manufacture. *See, e.g.*, *Lucent*, 580 F.3d 1301 at 1324; H.R. Rep. No. 49-1966, at 3 (1886) ("the patentee recovers the profit actually made on the infringing article *if he can prove that profit*") (emphasis added); Brief for United States as Amicus Curiae Supporting Neither Party at 9, *Samsung Elecs.*, No. 15-777 ("the plaintiff bears the ultimate burden of establishing the infringer's total profit"). Because Apple failed to present any evidence of infringer's profits on any component less than an entire phone, and because the relevant article here cannot be the entire phone in light of the Supreme Court decision, there is a serious question whether Apple forfeited any entitlement to infringer's profits under 35 U.S.C. § 289 and should be limited to a reasonable royalty or other measure of design-patent damages under 35 U.S.C. § 284.

But because the Supreme Court decision changed the governing law, the Court may well decide to provide Apple with a second chance to prove Samsung's total profit from the relevant articles of manufacture. In that event Samsung respectfully submits that the Court should consider the possibility of allowing new damages expert reports and limited new fact evidence.

1    To the extent this may require any limited reopening of discovery, the Supreme Court's

2    intervening change in the law of Section 289 would provide good cause.  *See, e.g.*, Fed. R. Civ.

3    P. 16(b)(4) (scheduling order may be modified upon showing of "good cause"); *In re*

4    *Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 464 (6th Cir. 1991) ("A change in legal

5    standards is a proper ground for reopening proof."); *Skehan v. Bd. of Trustees*, 590 F.2d 470, 479

6    (3d Cir. 1978) ("[A] change in legal standards may warrant the reopening of a case where

7    additional testimony would be pertinent to the change of law."); *Visa Int'l Svc. Ass'n v. JSL*

8    *Corp.*, 2006 WL 3248394, *1 (D. Nev. 2006) (noting that discovery had been reopened based on

9    change in law).

10            Samsung is prepared to discuss these issues at the Case Management Conference and to

11   submit further briefing on them after the Court resolves the threshold issue whether further

12   proceedings are necessary.

13         **B.    The Stayed Damages Retrial**

14         **Apple's Position:**  Apple also asks this Court to reschedule the stayed retrial to

15   determine the amount of damages for Samsung's infringement of Apple's design and utility

16   patents by the following five Samsung products:  Fascinate, Galaxy S4G, Galaxy S Showcase,

17   Mesmerize, and Vibrant.  The Court had previously scheduled this "narrow retrial limited to

18   design and utility patent damages" "for five Samsung products that were found liable for trade

19   dress dilution as well as utility and/or design patent infringement."  Dkt. 3472 at 2.  This retrial

20   was scheduled to commence on March 28, 2016, but was stayed—just three business days before

21   trial was to begin—pending the Supreme Court's review of the design patent damages issue.  *Id.*

22   at 1-2.  The parties have completed their pretrial filings, and the Court has resolved all pretrial

23   disputes.  *See id.* at 5.  Therefore, the case is ready for trial.

24            While Apple anticipates that Samsung will seek to make new arguments regarding the

25   relevant articles of manufacture at the retrial, this Court has already ruled that the parties should

26   be limited to the same evidence and theories they have previously disclosed.  *See* Dkt. 3272 at 2

27   ("The Court will not allow substitution of damages experts ….  The Court will not allow

28

1   supplemental fact discovery.  The Court will not permit the parties to expand the scope of the

2   damages retrial and will not allow the parties to rely on new sales data, new products, new

3   methodologies or new theories."); *see also* Dkt. 2320 at 41-42 ("This is going to be groundhog

4   day.  You're going to be reliving July of 2012.  No new theories, … [n]o new data, no new

5   products, no new sales, no new damages periods, no new methods. … I'm not going to allow

6   new damages.  There is no discovery to be had here.  You already have the numbers that you

7   need to do this.  There's going to be nothing new in this case.").[19]

8          Samsung should not be permitted to argue for the first time at the damages retrial that, as

9   a factual matter, the article of manufacture is something other than its infringing smartphones.

10  Such an argument would represent a new factual and damages theory that requires brand new

11  methodology, which Samsung never previously disclosed at any time during discovery before

12  the first trial.  Like Apple's damages expert, Samsung's damages expert only calculated damages

13  based on the entire infringing phones being the relevant articles of manufacture.  Indeed, even

14  Samsung concedes that a trial involving new theories about the relevant articles of manufacture

15  would open the door to new discovery—both fact and expert.  The time for raising such theories

16  is long past.  As discussed above, this Court did not prevent Samsung from raising an article of

17  manufacture argument previously; Samsung simply chose not to do so.  Under the Court's

18  "Groundhog Day" rules, Samsung should be limited to the § 289 damages theory that it

19  presented in Mr. Wagner's supplemental report addressing the five products at issue in the

20  damages retrial.

21

22

23  [19]    *See also* Dkt. 2369 at 2 ("Any exhibits and witnesses that were timely disclosed and
    admissible for the first trial are admissible in the new trial.  Witnesses will be limited to the
24  topics for which they were timely disclosed.  The final exhibit and witness lists from the prior
    trial are the operative lists from which the parties may draw their evidence."); Dkt. 2316 at 2
25  ("The Court's prior rulings on the parties' *Daubert* motions, motions in limine, discovery
    disputes, and evidentiary objections will remain in effect as law of the case.  The parties may not
26  relitigate these issues."); Dkt. 2316 at 3 ("The Court will not permit the parties to expand the
    scope of the damages trial by relying upon:  (1) new sales data, including any sales after June 30,
27  2013; (2) new products; and (3) new methodologies or theories.").

28

**Samsung's Position:**  The stayed damages retrial on the five Samsung products that were wrongly held to dilute Apple's trade dresses should not be rescheduled until the Court has decided whether to reopen the 2015 partial final judgment and to hold a new trial on the other products held to infringe Apple's design patents.  For the reasons set forth above, Samsung believes that such a new trial is required.  If the Court agrees, then it would be most fair and efficient to conduct a single new damages trial on *all* design-patent infringing products.  Inconsistent judgments would result if the Supreme Court's decision governed profits on the "trade-dress products" while the Court left in place a $399 million judgment rendered under the rule that the Supreme Court has now invalidated.  A single joint retrial would avoid such inconsistency.

Apple errs in suggesting that the retrial of the five "trade-dress products" should proceed without regard to the Supreme Court's decision.  The Supreme Court's holding that an article of manufacture may be less than an entire product as sold "is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the Supreme Court's] announcement of the rule."  *Harper v. Va. Dep't of Taxation,* 509 U.S. 86, 97 (1993); *accord Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 214 (1995).  Apple offers no authority permitting this Court to adhere to rulings inconsistent with current governing law.

### C.    Prejudgment Interest, Supplemental Damages, and Ongoing Royalties

**Apple's Position:**  The Court previously determined that Apple is entitled to supplemental damages, prejudgment interest, and ongoing royalties.  *See* Dkt. 2271 at 2-8; Dkt. 2947 at 3.  On December 23, 2015, Apple moved for an accounting of supplemental damages and associated prejudgment interest.  Dkt. 3339-3.  That motion is fully briefed.  *See* Dkt. 3354-3; Dkt. 3376-3.  However, the Court's order staying all proceedings determined that a ruling on that motion "should be deferred until after the stay in this case is lifted."  Dkt. 3473 at 1-2.  Now that this case has returned to this Court, Apple requests that the Court revive Apple's motion for an accounting of supplemental damages and associated prejudgment interest.

1    Additionally, at the appropriate time, Apple will ask the Court for an accounting of

2    prejudgment interest on the jury's damages award, ongoing royalties (plus associated interest),

3    and statutory post-judgment interest.  Apple submits that these issues can be addressed in

4    connection with post-trial briefing following the partial damages retrial.

5    **Samsung's Position:**  On March 24, 2016, this Court denied without prejudice Apple's

6    Motion for Supplemental Damages and Prejudgment Interest.  Dkt. 3473 at 2.  Because Apple's

7    motion relied heavily on the design patent damages verdicts, the Court recognized that Apple's

8    motion "involve[d] the same core design patent damages issues currently before the Supreme

9    Court."  *Id.* at 1.  Accordingly, it provided that "Apple may refile its motion, if appropriate" only

10   after the Court lifted the stay of proceedings.  *Id.* at 2.

11   As set forth above, Samsung maintains that a new trial is necessary in light of the

12   Supreme Court's decision on those "core design patent damages issues."  Indeed, noting the

13   likely impact of appeals on design-patent damages, the Court previously decided "to wait until

14   the appeals of this case are resolved to begin the process of calculating supplemental damages

15   and prejudgment interest."  Dkt. 2947 at 3.  For the same compelling reasons, the Court should

16   postpone any renewed filing by Apple until after the conclusion of the upcoming trial and any

17   further appeals.  If, however, the Court decides to resolve this issue now, Samsung respectfully

18   requests an opportunity to brief the damages issues raised by Apple's motion—which covers

19   unadjudicated sales—in light of the Supreme Court's intervening decision.

20   **D.    Status Update Regarding Apple's '915 Patent**

21   **Apple's Position:**  On February 9, 2017, the Federal Circuit heard oral argument in

22   Apple's appeal from the PTO's reexamination decision finding claim 8 of the '915 patent

23   unpatentable.  The parties are awaiting a decision from the Federal Circuit panel, which is

24   expected within the next couple of months.  The parties will notify the Court when an opinion is

25   issued.

26   **Samsung's Position:**  Samsung agrees with Apple's summary of the status of the '915

27   patent.  Samsung intends to keep the Court closely apprised of developments regarding that

28

1    patent in order, among other things, to avoid the substantial inefficiencies of including that patent

2    in any damages retrial when there is every reason to believe that yet another retrial would be

3    required were the Federal Circuit to affirm the PTO's determination of invalidity.

4    **II.**    **Settlement and ADR**

5              The parties do not have any new progress to report regarding mediation or settlement.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  April 3, 2017

By: */s/ Mark D. Selwyn*

Attorneys for Plaintiff and Counterclaim-
Defendant APPLE INC.

William F. Lee (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Mark D. Selwyn (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

Rachel Krevans (CA SBN 116421)
rkrevans@mofo.com
Erik J. Olson (CA SBN 175815)
ejolson@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

By: */s/ Victoria F. Maroulis*

Attorneys for Defendants and
Counterclaim-Plaintiffs SAMSUNG
ELECTRONICS CO., LTD., SAMSUNG
ELECTRONICS AMERICA, INC., AND
SAMSUNG TELECOMMUNICATIONS,
AMERICA, LLC

QUINN EMANUEL URQUHART &
SULLIVAN LLP

John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

1

## **<u>CERTIFICATE OF SERVICE</u>**

2

The undersigned hereby certifies that a true and correct copy of the above and foregoing

3

document has been served on April 3, 2017, to all counsel of record who are deemed to have

4

consented to electronic service via the Court's CM/ECF system.

5

6

*/s/ Mark D. Selwyn*

Mark D. Selwyn

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28