RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522


Attorneys for Plaintiff and
Counterclaim-Defendant  APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPENING BRIEF REGARDING SAMSUNG'S WAIVER OF ARGUMENTS ABOUT THE PROPER "ARTICLE OF MANUFACTURE"**<br><br>Date: June 15, 2017<br>Time: 1:30pm<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

# TABLE OF CONTENTS

I.      INTRODUCTION.................................................................................................1

II.     BACKGROUND ................................................................................................4

    A.      Proceedings In This Court .........................................................................4

    B.      Initial Federal Circuit Proceedings ..........................................................8

    C.      Further Proceedings In This Court ............................................................9

    D.      Supreme Court Proceedings......................................................................9

    E.      Federal Circuit Proceedings On Remand................................................11

III.    ARGUMENT.....................................................................................................12

    A.      Samsung Did Not Dispute During Discovery or at Trial That the Relevant "Articles of Manufacture" Were the Infringing Phones in Their Entirety................................................................................................12

    B.      There Was No Error in the Jury Instructions..........................................17

        1.      This Court properly declined to give Samsung's Proposed Instruction No. 42.1. .......................................................................17

        2.      Samsung cannot now raise new challenges to the jury instructions. ........................................................................................19

IV.     CONCLUSION..................................................................................................20

## <u>TABLE OF AUTHORITIES</u>

Page(s)

### CASES

*Advanced Display Systems, Inc. v. Kent State University*,
    212 F.3d 1272 (Fed. Cir. 2000) ................................................................................ 19

*Apple Inc. v. Samsung Electronics Co.*,
    __ F. App'x __, 2017 WL 490419 (Fed. Cir. Feb. 7, 2017) ...................................... 1, 2, 11, 12

*Apple Inc. v. Samsung Electronics Co.*,
    786 F.3d 983 (Fed. Cir. 2015) ............................................................................ 8, 9, 14, 18

*Brett v. United States*,
    86 F.2d 305 (9th Cir. 1936) ...................................................................................... 17

*City of Springfield v. Kibbe*,
    480 U.S. 257 (1987) (per curiam) ........................................................................... 19

*Eagle v. American Telephone & Telegraph Co.*,
    769 F.2d 541 (9th Cir. 1985) .................................................................................... 17

*Flex-Rest LLC v. Steelcase, Inc.*,
    455 F.3d 1351 (Fed. Cir. 2006) ............................................................................... 17

*Hana Financial, Inc. v. Hana Bank*,
    135 S. Ct. 907 (2015) ............................................................................................... 19

*Miles v. Lavender*,
    10 F.2d 450 (9th Cir. 1926) ...................................................................................... 18

*Samsung Electronics Co. v. Apple Inc.*,
    137 S. Ct. 429 (2016) ......................................................................................... 2, 10, 11, 18

*Sulzer Textil A.G. v. Picanol N.V.*,
    358 F.3d 1356 (Fed. Cir. 2004) ............................................................................... 18

*Transportation Line v. Hope*,
    95 U.S. 297 (1877) ................................................................................................... 18

### STATUTES

35 U.S.C. § 289 ............................................................................................... *passim*

# DOCKETED CASES

*Samsung Electronics Co. v. Apple Inc.*, No. 15-777 (U.S.):

    Petition for Writ of Certiorari, 2015 WL 9184827 (Dec. 14, 2015) ................................. 10

    Brief for Petitioner, 2016 WL 6599922 (June 1, 2016)................................. 10, 13, 17, 19

    Brief for the United States as *Amicus Curiae*, 2016 WL 3194218
        (June 8, 2016)........................................................................................... 2, 10

    Brief for Respondent Apple Inc., 2016 WL 4073686 (July 29, 2016) ...................... 10, 11

    Transcript of Oral Argument (Oct. 11, 2016) ...........................................................*passim*

*Apple Inc. v. Samsung Electronics Co.*, Nos. 14-1335, 15-1029 (Fed. Cir.):

    Brief for Samsung Appellants, 2014 WL 2586819 (May 23, 2014),
        ECF No. 34 .........................................................................................8, 17, 19

    Order Denying Petition for Rehearing (Aug. 13, 2015), ECF No. 207 .............................9

    Mandate (Aug. 25, 2015), ECF No. 212 ..........................................................................9

    Statement of Plaintiff-Appellee Apple Inc. in Support of Continued Panel
        Review (Dec. 27, 2016), ECF No. 224 ................................................................. 12

    Statement of Samsung Defendants-Appellants in Support of Remand for
        New Trial (Jan. 12, 2017), ECF No. 226......................................................12, 14, 15

*Apple Inc. v. Samsung Electronics Co.*, No. 15-2088 (Fed. Cir.)

    Order Granting Motion for Summary Affirmance, (Oct. 13, 2015),
        ECF No. 29 ...........................................................................................................9

    Order Denying Samsung's Motion to Recall the Mandate (Feb. 7, 2017),
        ECF No. 41 ...........................................................................................................9

# OTHER AUTHORITIES

35B *Corpus Juris Secundum Federal Civil Procedure* § 951 (2016) .........................................17

6A Miller, Fed. Prac. & Proc. § 1527 (3d ed. 2016) .................................................................18

9C Miller, Fed. Prac. & Proc. § 2556 (3d ed. 2016)................................................................17

9C Miller, Fed. Prac. & Proc. § 2558 (3d ed. 2016) ................................................................19

## I.   INTRODUCTION

More than five years after Apple filed this action against Samsung, and following two jury trials and numerous appeals, this case has been remanded to this Court to "determine what additional proceedings, *if any*, are needed" in light of the Supreme Court's decision addressing design patent damages. *Apple Inc. v. Samsung Elecs. Co.*, --- F. App'x ---, 2017 WL 490419, at *2 (Fed. Cir. Feb. 7, 2017).[1]  Because Samsung has waived any argument that the proper articles of manufacture under 35 U.S.C. § 289 in this case were anything other than its entire infringing phones, no additional proceedings are needed with respect to the previous judgment of $398,940,864, which represents the damages awarded by two juries for infringement of Apple's design patents by eleven Samsung products.  Neither the Supreme Court's December 2016 decision nor the Federal Circuit's February 2017 order remanding the case to this Court identified any problem with the juries' award of design patent damages, and Samsung has identified no issue requiring a new trial.  The award of $398,940,864 should therefore be confirmed.

Throughout discovery and trial, Samsung repeatedly argued that the "total profit" design patent damages authorized under § 289[2] should be "apportioned"—meaning that the jury should have been instructed to divide Samsung's profits on the infringing phones into two portions—the portion attributable solely to design, and the portion attributable to other, technical features—and award Apple only the portion attributable to design.  This Court and the Federal Circuit rightly rejected Samsung's apportionment theory.  Before the Supreme Court, Samsung expressly abandoned its apportionment theory and latched on to a late-breaking argument focused on identifying the "article of manufacture" under § 289—namely, that the "total profits" awarded by the jury should have been the total profits on something less than its entire infringing phones because (allegedly) the "articles of manufacture" to which the patented designs had been applied were components of its phones.  *Apple*, 2017 WL 490419, at 1 n.2 (noting that "Samsung abandoned this [apportionment theory] during oral argument to the Supreme Court").

---

[1]     All emphases added unless otherwise noted.

[2]     Under § 289, an infringer "shall be liable to the ... extent of his total profit" on "any article of manufacture to which [the patented] design ... has been applied."  35 U.S.C. § 289.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Supreme Court resolved only a narrow question of statutory interpretation relating to the damages available for design patent infringement, which arose out of its reading of the Federal Circuit's original opinion: "whether, in the case of a multicomponent product, the relevant 'article of manufacture' [under § 289] must always be the end product sold to the consumer or whether it can also be a component of that product." *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434 (2016). The Supreme Court read the Federal Circuit's opinion to hold that the "article of manufacture" must always be the end product sold to consumers, and rejected that reading because "the term 'article of manufacture' is broad enough to encompass both a product sold to a consumer as well as a component of that product." *Id.* at 435.

Despite extensive briefing from the parties regarding the jury instructions and other issues, the Supreme Court did not address any other issue in the case. Instead, it declined Samsung's express request that it order a retrial and remanded "for further proceedings consistent with [its] opinion." *Id.* at 436. On remand, the Federal Circuit similarly declined Samsung's request to order a new trial, and instead remanded for this Court to determine whether any additional proceedings are required. *Apple*, 2017 WL 490419, at *2.

Apple submits that no further proceedings are necessary with respect to the $398,940,864 judgment against Samsung for design patent infringement because the Supreme Court's ruling did not call into question any aspect of this Court's prior judgment and Samsung has waived its "article of manufacture" argument. All parties (and the United States as *amicus curiae*) agreed that an "article of manufacture" under § 289 may *in some cases* be a component, and not the end product sold to consumers. But *in this case* Samsung never argued, either in discovery or to the jury, that the articles of manufacture were anything other than its entire phones, as Justice Sotomayor (who wrote the Supreme Court's opinion) recognized at oral argument. Transcript of Oral Argument at 8, *Samsung Elecs.*, 137 S. Ct. 429 (No. 15-777) ("Certainly your expert didn't tell me how to figure out the component part. I don't know where in the record you would have enough to survive your argument."); *see id.* at 13. The United States expressed similar doubts. Brief for United States as Amicus Curiae Supporting Neither Party at 32, *Samsung Elecs.*, No. 15-

777, 2016 WL 3194218 (June 8, 2016) ("It is not clear, however, whether [Samsung] satisfied [its] burden of producing evidence to support [its] arguments.").

Simply put, the identity of the relevant "article of manufacture" was never in dispute, and there was no basis on which the jury could have awarded infringer's profits on anything other than Samsung's entire phones. Samsung never identified any smartphone component as the article of manufacture to the jury; indeed, Samsung proactively shielded the jury from financial data on its smartphone components, and its expert Mr. Wagner did not identify any component as an article of manufacture in his expert reports or his testimony and therefore never offered any calculation of infringer's profits on any smartphone component. Quite the contrary, both parties' experts only testified as to the amount of Samsung's total profits on the entire phones because the identity of the article of manufacture was not in dispute.

In an effort to muddy the waters, Samsung has repeatedly mischaracterized the proceedings in this Court:

- At oral argument before the Supreme Court, Samsung claimed to have argued "six times" to this Court that damages should be based on articles of manufacture less than its whole phones. But five of the cited instances focused on Samsung's now-abandoned apportionment theory, not on the "article of manufacture" issue that the Supreme Court actually addressed; and the other instance came in Samsung's trial brief, which was submitted after the close of discovery and less than one week before trial, where Samsung argued for the first time and without any support that the Court should somehow determine the article of manufacture as a matter of law.

- When describing this Court's rulings to the Supreme Court, Samsung also suggested that this Court had prevented Samsung from arguing that the relevant article of manufacture was something less than the entire infringing phones: "[T]he trial court says again, I have ruled that there's no apportionment for design patents. You cannot talk to me about article of manufacture. [Samsung] tried over and over and over again to get the article of manufacture's theory embraced, and we were rejected." Transcript of Oral Argument at

18, *Samsung Elecs.*, 137 S. Ct. 429 (No. 15-777).  But as this Court is well aware—it is the ***apportionment*** argument that Samsung tried "over and over and over" to have this Court accept, not the article of manufacture argument it advances now.

- On remand before the Federal Circuit, Samsung continued to mischaracterize this Court's rulings, insisting that this Court prevented Mr. Wagner from offering an opinion as to the profits on individual smartphone components.  This Court did no such thing.  Mr. Wagner never proposed a total profit damages theory under § 289 based on anything other than Samsung's entire phones, and this Court only precluded him from testifying as to his improper (and now abandoned) theory that an infringer's profits should be apportioned between design and other, functional features.

Now, back before this Court, Samsung continues its efforts to rewrite history, suggesting that it "argued repeatedly and explicitly that the relevant 'articles of manufacture' were parts or portions of the phone."  Dkt. 3486 at 11.  But Samsung relies on the same mischaracterizations that it presented at oral argument before the Supreme Court.  Samsung now seeks a do-over so that it can argue that the infringing "article of manufacture" is something less than its whole phones.  Because that argument comes far too late, this Court should find that Samsung waived its "article of manufacture" argument and confirm the partial final judgment of $398,940,864 for design patent infringement by Samsung's eleven infringing products.

## II.   BACKGROUND

### A.   Proceedings In This Court

Apple sued Samsung in 2011 after Samsung refused to stop selling a variety of smartphones that copied Apple's iconic iPhone.  As relevant here, Apple alleged that numerous Samsung phones infringed three of Apple's design patents:  U.S. Patent Nos. D618,677, D593,087, and D604,305.

Apple sought design patent damages in the amount of Samsung's "total profit" on its infringing articles of manufacture under 35 U.S.C. § 289.  From the outset and throughout this litigation, Apple has taken the position that the "total profit" awarded should be Samsung's total

profit on its entire infringing phones. *See, e.g.*, Dkt. 1384-27 at 4 (interrogatory response). During discovery, the report produced by Apple's damages expert Terry Musika calculated Samsung's profits on its entire infringing phones. *See* Dkt. 991, Ex. A ¶¶ 138, 141-151.

Samsung never contended either during discovery or at trial that the article of manufacture on which total profit was recoverable under § 289 was anything other than its entire infringing smartphones. During discovery, Samsung refused to produce financial information relating to components of its smartphones, even after Apple moved to compel and the Court ordered Samsung to produce its bills of materials. *See* Dkt. 673 at 15; Dkt. 880 at 10-14; *see also* Selwyn Decl., Exhibit A at 9-10 (Samsung supplemental interrogatory response providing profit information on entire phones). It was only after expert reports were served and Samsung was sanctioned by the Court for its non-production that Samsung provided some limited cost data for its smartphone components. *See* Dkt. 880 at 10-15. Even then, and as discussed below, Samsung sought to keep this information away from the jury.

Consistent with the theory that the relevant "articles of manufacture" were the entire infringing smartphones, the damages report produced by Samsung's expert Michael Wagner sought to "[d]etermin[e] the profits of [Samsung's] accused products," not any lesser component. Dkt. 3198 ¶ 340. In response to Apple's expert's calculation of Samsung's profits, Mr. Wagner disputed only whether certain operating expenses (*e.g.*, advertising costs, depreciation, insurance) should be deducted from Samsung's total revenues. *Id.* ¶¶ 312, 316-335. Mr. Wagner never suggested that the profits should be calculated on something other than the whole smartphone.

Samsung did pursue an alternative theory of § 289 damages before and during trial. But that theory had nothing to do with identifying the article of manufacture for which profits should be calculated. Instead, Samsung repeatedly argued that infringer's profits should be "apportioned" to determine the value of the infringing design, as distinct from the value of the smartphone's utilitarian features. Consistent with this theory of apportionment, in his expert report, Mr. Wagner "performed an apportionment that determine[d] the maximum apportionment of Samsung's profits ***on the accused products*** to the design-related intellectual property at issue,"

purporting to leave out profit that he apportioned to the products' other features. Dkt. 3198 ¶ 312. To make this calculation, Mr. Wagner first "[d]etermined the profits *of the accused products*" (not any component of the products), then purported to "apportion[] … the design-related IP at issue versus everything else that is contributed by Samsung" using customer surveys regarding consumers' reasons for purchasing smartphones generally. *Id.* ¶¶ 340, 366. Samsung misleadingly suggests that this theory "identified portions of the phones from which total profit was derived." Dkt. 3486 at 13. It did not. Even under his apportionment theory, Mr. Wagner nowhere identified or mentioned any "articles of manufacture" other than the whole phones.

This Court excluded that portion of Mr. Wagner's report, concluding that Samsung's apportionment theory was contrary to law. Dkt. 1157 at 9-10.

Just before trial and after the close of discovery, the parties submitted a joint pretrial statement identifying disputed issues of fact and law. Dkt. 1189. Samsung did not contend that the Court or jury should determine the identity of the infringing article of manufacture to which the patented design was applied. *See generally id.* In a later trial brief, submitted less than one week before trial, Samsung suggested for the first time and without any supporting evidence that *the Court* should determine the article of manufacture as a *legal* issue. Dkt. 1300 at 19-20. At no time leading up to trial did Samsung suggest that the jury should determine what the article of manufacture was, nor did Samsung ever disclose a damages theory under § 289 that calculated damages based on anything other than the entire infringing phones.

At trial, both parties' damages experts testified that their calculations of profits on the entire infringing smartphones were the appropriate measure of infringer's profits for design patent infringement. Dkt. 1839 at 2047-2048; Dkt. 1842 at 3021-3031. Samsung's expert Mr. Wagner presented the jury with his own "calculation as to what Samsung's total profits were on the [*infringing*] *phones*." Dkt. 1842 at 3031; *see also* Dkt. 2842 at 1017-1018. Mr. Wagner presented no testimony that would have allowed the jury to calculate profits on any article of manufacture other than the entire phones, nor could he have done so because no such opinion appeared in his report.

Further, Samsung's trial exhibits did not include any of its material cost documents. In fact, Samsung asked for and obtained a stipulation that *precluded* the introduction of any evidence of costs associated with Samsung's smartphone components. *See* Dkt. 1597 ¶ 14. Instead, Samsung agreed that the parties would rely on certain spreadsheets at trial that calculated profits for the whole accused devices, and not for any smaller components. *Id.* ¶¶ 1-3, 13.

Additionally, Samsung proposed a jury instruction that said: "[I]f you find infringement by Samsung ..., you may award Apple Samsung['s] ... *total profit on sales of products* alleged to infringe Apple's design patents." Dkt. 1232 at 210. The Court gave a final instruction (Final Instruction 54) modeled on Samsung's proposal, informing the jury that "[i]f you find infringement by any Samsung defendant ..., you may award Apple that Samsung defendant's *total profit attributable to the infringing products*." Dkt. 1903 at 72. Samsung did not object to this statement. The Court further informed the jury that "[i]f you find infringement by any Samsung defendant, Apple is entitled to *all profit earned by that defendant on sales of articles that infringe* Apple's design patents." *Id*

Toward the end of trial, Samsung proposed an additional final jury instruction (Proposed Instruction 42.1), which included a sentence stating that the "article of manufacture" is solely "the part or portion of the product as sold that incorporates or embodies the subject matter of the patent." Dkt. 1694 at 140. This, of course, was long after Mr. Wagner had disclosed his damages theories, which did not include any opinion on an article of manufacture other than the complete smartphone. In any event, the proposal also would have instructed the jury on Samsung's erroneous "apportionment" theory, stating that "an award of profits for design patent infringement should not include profits earned from the technology by which the devices operate or from any other functions of the devices." *Id*. The Court declined Samsung's additional instruction. Dkt. 1838; Dkt. 1883; Dkt. 1903 at 72.

The jury found the three design patents presently at issue valid and infringed and awarded damages. Dkt. 1931 at 6-9, 15-16. After a partial retrial on damages, this Court entered

judgment in Apple's favor, including $398,940,864 in damages for Samsung's design patent infringement by eleven Samsung products. Dkt. 3017.

Consistent with Samsung's pretrial focus on its "apportionment" theory, Samsung's post-trial motions asked this Court to set aside the jury's design patent damages award under § 289 "for failure to apportion Samsung's profits between the patented designs and other non-patented elements of the devices." Dkt. 2877 at 30 n.11; *see also* Dkt. 2013 at 18-19. This Court again rejected that "apportionment" argument. Dkt. 2271 at 12; Dkt. 2947 at 16 n.8.

## B.    Initial Federal Circuit Proceedings

Samsung appealed, and the Federal Circuit unanimously affirmed the damages awarded for Samsung's design patent infringement. Before the Federal Circuit, Samsung challenged the design patent damages award because the district court had rejected its apportionment theory, which Samsung referred to as a "causation requirement." Samsung's Opening Brief (Dkt. 34) at 36-37, *Apple Inc. v. Samsung Elecs. Co.*, No. 14-1335, 2014 WL 2586819 (Fed. Cir. May 23, 2014). Just as this Court had, the Federal Circuit rejected Samsung's "apportionment" argument as contrary to law. *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1001-1002 (Fed. Cir. 2015).

Samsung also challenged this Court's failure to give its Proposed Instruction 42.1 regarding the article of manufacture and design patent damages. Samsung's Opening Brief (Dkt. 34) at 38-39, *Apple*, No. 14-1335, 2014 WL 2586819. The Federal Circuit rejected that contention, explaining that "there was no legal error in the jury instruction on the design patent damages." *Apple*, 786 F.3d at 1002. The Federal Circuit recognized that Samsung sought to "limit[] the profits awarded to 'the portion of the product as sold that incorporates or embodies the subject matter of the patent'" as a matter of law, but reasoned that the district court was not "required … to limit the damages for design patent infringement *in this case*" to something less than the entire infringing phones. *Id.* And as the Federal Circuit noted, Samsung did not challenge the jury's design patent damages award as unsupported by substantial evidence. *Id.*

The Federal Circuit also affirmed the "damages awarded for utility patent infringement" and the denial of Samsung's motions for a new trial related to utility patent infringement. *Apple*,

786 F.3d at 1005.[3]  The Federal Circuit vacated the trade dress judgment and "remand[ed] for immediate entry of final judgment on all damages awards not predicated on Apple's trade dress claims and for any further proceedings necessitated by [its] decision to vacate the jury's verdicts on the … trade dress claims."  *Id.*  The Federal Circuit denied Samsung's petition for rehearing en banc, and the mandate issued on August 25, 2015.  Order (Dkt. 207) at 2, *Apple*, No. 14-1335 (Fed. Cir. Aug. 13, 2015); Mandate (Dkt. 212), *Apple*, No. 14-1335 (Fed. Cir. Aug. 25, 2015).

### C.    Further Proceedings In This Court

On September 18, 2015, pursuant to the Federal Circuit's mandate, this Court entered partial final judgment as to eighteen Samsung products in the amount of $548,176,477.  Dkt. 3290.  That amount consisted of $398,940,864 for Samsung's design patent infringement and $149,235,613 for Samsung's utility patent infringement.  *See* Dkt. 3264 at 1.[4]

This Court also "scheduled a narrow retrial limited to design and utility patent damages" "for five Samsung products that were found liable for trade dress dilution as well as utility and/or design patent infringement."  Dkt. 3472 at 2.  The Court made clear that for the retrial it would not allow: "substitution of damages experts absent extraordinary circumstances"; "supplemental fact discovery"; or "the parties to rely on new sales data, new products, new methodologies or new theories."  Dkt. 3272 at 2.  The Court stayed the retrial after the Supreme Court granted certiorari just three business days before the trial was set to begin.  Dkt. 3472 at 1-2.

### D.    Supreme Court Proceedings

The Supreme Court granted review as to a single question:  "Where a design patent is applied to only a component of a product, should an award of infringer's profits be limited to

---

[3]    Samsung did not further appeal the Federal Circuit's affirmance of this Court's judgment regarding the validity and infringement of Apple's utility patents, or the damages awarded for Samsung's utility patent infringement.  Those aspects are final.

[4]    On September 30, 2015, Samsung filed a follow-on appeal from this Court's entry of partial final judgment.  The Federal Circuit summarily affirmed this Court's partial final judgment on October 13, 2015.  *Apple Inc. v. Samsung Elecs. Co.*, No. 15-2088, Dkt. 29 at 2 (Fed. Cir. Oct. 13, 2015).  The Federal Circuit denied rehearing en banc, and Samsung did not petition for certiorari.  The Federal Circuit recently denied Samsung's motion to recall its mandate in that appeal.  *Apple*, No. 15-2088, Dkt. 41 (Fed. Cir. Feb. 7, 2017).

those profits attributable to the component."  Samsung Pet. for Cert. i, *Samsung Elecs.*, No. 15-777, 2015 WL 9184827 (S. Ct. Dec. 14, 2015).

Although Samsung briefed its "apportionment" argument to the Supreme Court, it abandoned the argument at oral argument and the Supreme Court declined to address it.  *Samsung Elecs.*, 137 S. Ct. at 434 n.2.  Samsung shifted its focus to the "article of manufacture" on which total profits should be awarded.  Samsung primarily argued that the Federal Circuit had erred "as a matter of law" by holding that "the entire product is ***necessarily*** the article from which you measure total profit" (Transcript of Oral Argument at 8, *Samsung Elecs.*, 137 S. Ct. 429 (No. 15-777)), and claimed that the articles here are only components of the infringing phones (*id.* at 5-6).  Samsung also argued that the Supreme Court should order a new trial based on alleged errors in the jury instructions.  Samsung Petitioner's Brief at 58-59, *Samsung Elecs.*, No. 15-777, 2016 WL 6599922 (S. Ct. June 1, 2016).

The United States, participating as *amicus curiae*, agreed with this Court and the Federal Circuit that § 289 does not permit apportionment (Brief for United States as Amicus Curiae Supporting Neither Party at 11, 15, *Samsung Elecs.*, No. 15-777, 2016 WL 3194218), but also believed that the Federal Circuit had treated the article of manufacture as "***invariably*** the entire product as sold" (*id.* at 8).  The United States recognized, however, that "[t]he task of identifying the relevant article of manufacture is properly assigned to the finder of fact."  *Id.* at 29.  Notably, the United States expressed uncertainty as to "whether [Samsung] presented evidence at trial to support [its appellate] assertion that the relevant articles of manufacture were components of the phones" (*id.* at 32), and recommended the Supreme Court remand to allow "[t]he lower courts … to make that determination in the first instance" (*id.* at 9).

Apple asked the Supreme Court to reject Samsung's "apportionment" argument—just as this Court and the Federal Circuit had.  Apple's Brief at 31-35, *Samsung Elecs.*, No. 15-777, 2016 WL 4073686 (S. Ct. July 29, 2016).  Apple did not dispute the general proposition that the "article of manufacture" in a multi-component product ***may*** be either the entire product as sold or a component of that product.  *Id.* at 35.  Apple recognized that identifying the article of

manufacture is a question of fact (*id.* at 35-41), and argued that the jury's damages award should be affirmed because Samsung failed to dispute this factual issue before this Court and failed to present any evidence or argument to the jury that "total profit" should be calculated on something less than the entire infringing phones. *Id.* at 42-44; *see supra* pp. 5-7.

The Supreme Court agreed that § 289 permits a design patent holder to recover "all of the profit made from the prohibited conduct, that is, from the manufacture or sale of the 'article of manufacture to which [the patented] design … has been applied.'" *Samsung Elecs.*, 137 S. Ct. at 434 (alteration in original). The Supreme Court read the Federal Circuit's opinion to hold that the "article of manufacture" must be the product sold to consumers, and ruled that holding erroneous. *Id.* at 435-436. The Supreme Court explained that "[t]he term 'article of manufacture,' as used in § 289, encompasses both a product sold to a consumer and a component of that product." *Id.* at 434. The Supreme Court was clear that this was "[t]he only question [it] resolve[d]." *Id.*

The Supreme Court did not find any error in this Court's jury instructions, even though Samsung had challenged this Court's instructions on design patent damages. The Supreme Court expressly declined to "set out a test for identifying the relevant article of manufacture," noting that neither party had asked it to do so and that "[d]oing so is not necessary to resolve the question presented." *Id.* at 436. The Supreme Court's opinion also did not address whether Samsung had preserved the argument that the articles of manufacture in this case are only components of the infringing smartphones. *See id.* The Supreme Court reversed the Federal Circuit's decision and remanded "for further proceedings consistent with [its] opinion." *Id.*

### E.    Federal Circuit Proceedings On Remand

On remand, the Federal Circuit recalled its "mandate solely with respect to design patent damages." *Apple*, 2017 WL 490419, at *1.[5] Apple and Samsung each submitted briefs to the Federal Circuit regarding the appropriate disposition of the case on remand. Apple asked the

---

[5]    The Federal Circuit noted that it "recalled the mandate only to the extent it related to the measure of damages awarded in connection with the district court's partial final judgment on Apple's design patent claims." *Apple*, 2017 WL 490419, at *1 n.1. The judgment of $149,235,613 for Samsung's utility patent infringement is final and has been paid by Samsung.

Federal Circuit to keep the case and affirm the design patent damages award because there was no basis on which the jury could have awarded infringer's profits on anything other than Samsung's entire phones, this Court's instructions were correct, and Samsung had not identified any issue requiring a new trial. Apple Statement (Dkt. 224) at 2-3, *Apple*, No. 14-1335 (Fed. Cir. Dec. 27, 2016). Samsung asked the Federal Circuit to remand the case and order a new trial. Samsung Statement (Dkt. 226) at 1, 20, *Apple*, No. 14-1335 (Fed. Cir. Jan. 12, 2017).

The Federal Circuit "adopt[ed] neither suggested course of action," and instead remanded "for further proceedings, which may or may not include a new damages trial." *Apple*, 2017 WL 490419, at *1. The Federal Circuit explained that "the district court is better positioned to parse the record to evaluate the parties' competing arguments" about whether a new trial is required. *Id*. at *2. The Federal Circuit instructed that this Court "should consider the parties' arguments in light of the trial record and determine what additional proceedings, if any, are needed." *Id*. The Federal Circuit also noted that if this Court "determines that a new damages trial is necessary, it will have the opportunity to set forth a test for identifying the article of manufacture for purposes of § 289, and to apply that test to this case." *Id*.

## III.    ARGUMENT

### A.    Samsung Did Not Dispute During Discovery or at Trial That the Relevant "Articles of Manufacture" Were the Infringing Phones in Their Entirety.

Samsung now seeks an opportunity to argue that something less than its whole phones are the "articles of manufacture" for which total profits should be awarded. But Samsung's effort comes too late. Samsung never developed this argument—factually or legally—until well after trial, and this Court need not and should not let Samsung do so now.

Throughout this case, Apple sought damages for Samsung's design patent infringement under § 289 based on Samsung's total profits from its infringing smartphones. Both before and during trial, Apple's damages expert calculated Samsung's "total profit[s]" on its infringing phones, not any component of the phone. *See supra* pp. 4-6. Samsung was thus aware of Apple's contention that the entire phone was the relevant article of manufacture.

Samsung chose not to dispute Apple's contention.  At no time during discovery or at trial did Samsung contend that the articles of manufacture were anything other than its entire infringing smartphones.  Samsung's damages expert Mr. Wagner did not dispute that the relevant articles of manufacture were Samsung's entire phones.  On the contrary, he calculated Samsung's profits on *only* the entire phones.  *See supra* pp. 5-6.  Mr. Wagner did seek in his expert report—in a manner consistent with Samsung's now-abandoned "apportionment" argument—to separate out the portion of profits supposedly attributable "to the design-related IP at issue" from the profits attributable to other features.  Dkt. 3198 ¶¶ 312, 340.  But he never calculated profits on any smaller article of manufacture.  After this Court correctly excluded Samsung's "apportionment" theory before trial (Dkt. 1157 at 9), all that remained was Mr. Wagner's calculation of the total profits on Samsung's entire phones (Dkt. 3198 ¶¶ 336-339).

At trial, Samsung presented no witness to testify that the articles of manufacture were limited to any particular smartphone components, and it made no such argument to the jury.  In fact, neither Samsung's counsel nor its witnesses ever mentioned the phrase "article of manufacture" to the jury.  And as Samsung conceded before the Supreme Court, "the record contain[ed] no proof of total profit from" the smartphone components that Samsung now claims are the relevant articles of manufacture.  Samsung Petitioner's Brief at 54, *Samsung Elecs.*, No. 15-777, 2016 WL 6599922 (capitalization altered).  That is because Samsung—like Apple—calculated and presented damages evidence under § 289 based only on the entire smartphones.  Mr. Wagner testified at trial as to total profits only on the infringing products as a whole (Dkt. 1842 at 3021-3031; Dkt. 2842 at 1017-1018), and Samsung stipulated to providing the jury with exhibits that only calculated profits on the entire accused devices (*see supra* p. 7).  In short, Samsung offered the jury no basis on which it could calculate total profit under § 289 on any "article of manufacture" other than the entire smartphone.

This Court did not preclude Samsung from offering a damages calculation based on the theory that the relevant articles of manufacture were something less than the entire phones; Samsung simply chose not to.  For example, Mr. Wagner could have provided such a calculation

in his expert report, or Samsung's counsel could have cross-examined Apple's experts on this point.  Neither happened.  In fact, Samsung affirmatively thwarted efforts by Apple to obtain data that may have enabled the calculation of profits for any article of manufacture less than the entire phones.  *See supra* p. 5.  Samsung refused to produce information about the costs of its smartphone components until after the Court granted Apple's motion for sanctions.  Dkt. 880 at 16.  By then, both Apple's and Samsung's experts had provided their damages reports in which they calculated profits on the entire infringing phones.  *See supra* pp. 5-6.  Even after finally producing some limited cost information, Samsung sought and obtained a stipulation precluding Apple from introducing the bill of costs information at trial under any circumstance.  Dkt. 1597.

The only limitation that this Court imposed on Samsung's design patent damages evidence and argument was to prohibit Samsung from making its "apportionment" argument (Dkt. 1157 at 9)—a decision that the Federal Circuit affirmed.  *Apple*, 786 F.3d at 1001-1002.  Samsung recently argued to the Federal Circuit that this Court prevented Mr. Wagner from testifying as to the "profit attributable to the components of the products to which the patented designs were applied."  Samsung Statement (Dkt. 226) at 3, *Apple*, No. 14-1335 (citing Dkt. 1157 at 9); *see also* Dkt. 3486 at 12-13 (claiming this Court precluded argument and evidence regarding "articles of manufacture").  This is simply not true.  As explained above, Mr. Wagner's report sought to **apportion** the total profit on Samsung's phones between design and other features.  This Court correctly excluded that "apportionment" theory before trial, and Samsung abandoned its challenge to that ruling before the Supreme Court.  Dkt. 1157 at 9.  Nowhere in his report did Mr. Wagner calculate the profit of any article of manufacture other than the entire phones.  Indeed, the sentence Samsung relied on to argue that Mr. Wagner was prevented from testifying as to the "profit attributable to the components of the products" appears in a section of his report entitled "**Apportionment** of Profit to the Design-Related IP at issue."  Dkt. 3198 ¶ 341.

At oral argument before the Supreme Court, Samsung claimed that there were "six times" when Samsung allegedly "propose[d] basing damages on profits from an article less than the whole phone" and was "rejected" by this Court.  Transcript of Oral Argument at 17-18, *Samsung*

14

*Elecs.*, 137 S. Ct. 429 (No. 15-777).  But the earliest of these "six times" occurred less than one week before trial, when Samsung contended in a trial brief that the ***Court*** should determine the "article of manufacture" ***as a matter of law*** if the jury found infringement (although Samsung did not propose how § 289 damages would be calculated if the Court determined the article to be anything less than the whole phones). Dkt. 1300 at 19-22.  By then, discovery had closed, the parties had long ago identified their damages theories, and Samsung had not disclosed any basis from which the jury could calculate profits on anything other than its entire phones.[6]

The other five instances identified by Samsung's counsel were even later and included a proposed jury instruction (discussed below) and Samsung's four motions for judgment as a matter of law.  *See* Transcript of Oral Argument at 17-18, *Samsung Elecs.*, 137 S. Ct. 429 (No. 15-777).  Even then, Samsung's motions did not advance the "article of manufacture" argument Samsung now raises.  Rather, they reiterated Samsung's now-abandoned theory that Samsung's profits should have been apportioned between the design applied to the infringing phones and other technical, non-infringing features. Dkt. 1819 (Samsung's Written Rule 50(a) Motion) at 5 (alleging that "Apple failed to apportion Samsung's profits for [] design patent infringement");[7] Dkt. 2013 (Samsung's Rule 50(b) Motion) at 18-19 ("Apple did not limit its calculations of Samsung's profits to those attributable to use of the patented designs. … Unless limited to the portion of the profits attributable to infringement of the patented design rather than other,

---

[6]     Samsung has accused Apple of arguing that § 289 entitled it to Samsung's total profit on entire products as a matter of law.  Samsung Statement (Dkt. 226) at 2-3, *Apple*, No. 14-1335.  But Apple originally disclosed its § 289 damages theory during fact discovery.  Dkt. 1384-27 at 4 (interrogatory response).  After Samsung failed to dispute the article of manufacture at trial and both parties' experts calculated § 289 damages based on the entire phones, Apple did argue that it was entitled to total profits on entire products under Rule 50—where that was the only conclusion supported by the evidence.

[7]     In its oral Rule 50(a) motion, which came five days before its written Rule 50(a) motion, Samsung stated that Apple was "assuming that the article to which the design is applied is the entire product, which is erroneous as a matter of law" because Apple had "not factored out, for example, the technology and what drives those profits."  Dkt. 1839 at 2190.  This was an apportionment argument.  To the extent Samsung referred to the "article" in its oral motion, it did not make any argument challenging the identity of the article of manufacture in its written Rule 50(a) motion or in its Rule 50(b) motion.  And, in any event, such an argument would have been unsupported by the evidence.

noninfringing features of accused devices, infringer's profits violate the causation requirement … ."); Dkt. 2842 at 922 (Samsung's Retrial Rule 50(a) Motion) ("With respect to the final theory, the establishment of Samsung's profits, again, we've argued this in prior pleadings and prior trial, but Apple presents no evidence of apportionment."); Dkt. 2877 (Samsung's Retrial Rule 50(b) Motion) at 30-32 ("Unless limited to the portion of profits attributable to infringement of the patented design, rather than other, non-infringing features of accused devices, an infringer's profits remedy violates the causation requirement … The record contains no evidence that the entire sales value of any Samsung product was attributable to the design of the front face or GUI, as opposed to the numerous non-infringing technological components that enable the devices to function and drive consumer choice.").

When describing this Court's rulings to the Supreme Court, Samsung's counsel tried to claim that Samsung's "apportionment" argument was actually a dispute over the article of manufacture, in an effort to suggest that it had raised (and this Court had rejected) an argument that the relevant article of manufacture was something less than the entire infringing phones: "[T]he trial court says again, I have ruled that there's no apportionment for design patents. You cannot talk to me about article of manufacture. [Samsung] tried over and over and over again to get the article of manufacture's theory embraced, and we were rejected." Transcript of Oral Argument at 18, *Samsung Elecs.*, 137 S. Ct. 429 (No. 15-777). But as this Court is well aware— it was Samsung and Mr. Wagner's theory that profits should be apportioned between design and other functions that Samsung tried "over and over and over" to have this Court accept, not the article of manufacture argument it advances now.

Even had Samsung properly raised an "article of manufacture" argument in its post-trial motions (and it did not), it would have been too late. Those motions were brought after the close of evidence, at which time Samsung had not presented any evidence that would have allowed the jury to calculate Samsung's profits on any component. In short, Samsung has not (and cannot) identify any instance where it actually developed a factual argument for the jury that the article of

manufacture was anything other than its entire phones or presented the jury with any calculation that would have permitted an award of profits on something less than the entire phones.

### B. There Was No Error in the Jury Instructions.

#### 1. This Court properly declined to give Samsung's Proposed Instruction No. 42.1.

Samsung argued to the Federal Circuit and the Supreme Court that this Court should have given Samsung's Proposed Instruction 42.1, which included the statement that infringer's profits are awarded on the part "'or portion of the product as sold that incorporates or embodies the subject matter of the patent.'" Samsung's Opening Brief (Dkt. 34) at 38, *Apple*, No. 14-1335, 2014 WL 2586819 (quoting Dkt. 1694 at 140); *see also* Samsung Petitioner's Brief at 59, *Samsung Elecs.*, No. 15-777, 2016 WL 6599922. Three independent reasons justify this Court's decision to omit Samsung's proposed instruction.

*First*, it would have been error to give the proposed instruction, because there was no evidence from which the jury could have calculated Samsung's profits based on anything less than the entire infringing phones. *See* 9C Miller, Fed. Prac. & Proc. § 2556 (3d ed. 2016) ("Of course, there need not be an instruction on an issue neither presented by the pleadings nor effectively raised at the trial by the parties. Nor should a charge be given on a matter, whether or not raised in the pleadings, if it is not supported by the evidence." (footnotes omitted)); *see also Flex-Rest LLC v. Steelcase, Inc.*, 455 F.3d 1351, 1359-1360 (Fed. Cir. 2006) (finding evidence was insufficient to support a jury instruction regarding suppression or concealment); *Brett v. United States*, 86 F.2d 305, 308 (9th Cir. 1936) ("It is not error to refuse an instruction, where there is no pertinent testimony on which to base it.").

Indeed, Samsung's failure to identify any dispute as to the "article of manufacture" in the joint pretrial order is itself dispositive. "A Rule 16(e) order controls the subsequent course of action in the litigation unless it is modified by a subsequent order." *Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d 541, 548 (9th Cir. 1985). Accordingly, any theory or issue not set out in the pretrial order is waived. *Id*; *see also* 35B *Corpus Juris Secundum Federal Civil Procedure* § 951 (2016) ("Any claims, issues, defenses or theories not included in a pretrial order in a civil action are

waived."). And "an attempt to pursue any issue not listed in the [pretrial] order may be rejected by the trial court. … The trial court also may refuse to give an instruction to the jury on an issue not embodied in the pretrial order." 6A Miller, Fed. Prac. & Proc. § 1527 (footnotes omitted).

*Second*, Samsung's proposed instruction contained multiple misstatements of law. "If a request to charge contains one unsound proposition, it is not error to refuse to make the charge, although it contains many sound propositions." *Transportation Line v. Hope*, 95 U.S. 297, 301 (1877); *see also Miles v. Lavender*, 10 F.2d 450, 455 (9th Cir. 1926) (finding court "justified in refusing" entire proposed instruction where part of instruction "was clearly incorrect"). Samsung's proposed instruction would have improperly defined the article of manufacture as *invariably* less than the entire product as sold. *See* Dkt. 1694 at 140 ("The article of manufacture to which a design has been applied *is* the part or portion of the product as sold that incorporates or embodies the subject matter of the patent."). As the Supreme Court held, however, the "term 'article of manufacture' is broad enough to encompass *both* a product sold to a consumer *as well as* a component of that product." *Samsung Elecs.*, 137 S. Ct. at 435. Further, the proposed instruction also included Samsung's erroneous (and now abandoned) "apportionment" theory. Dkt. 1694 at 140 ("[A]n award of profits for design patent infringement should not include profits earned from the technology by which the devices operate or from any other functions of the device."). Such an instruction would have impermissibly required the jury to apportion damages between design and functional elements. Dkt. 1157 at 9; *Apple*, 786 F.3d at 1001-1002.

*Third*, even if there was any error in failing to give Samsung's proposed instruction (which there was not), Samsung cannot show any resulting prejudice. "Prejudicial error exists if the outcome of the case would have been different had the correct instruction been given." *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1367 (Fed. Cir. 2004). This Court rejected Samsung's proposed instruction after the close of evidence. By then, it was apparent that the proposed instruction was irrelevant to the case as it had been tried to the jury. Samsung never argued to the jury that anything other than its whole phones were the articles of manufacture for which profits should be awarded, and the only damages evidence presented to the jury calculated

total profits based on the entire infringing smartphones. *See supra* pp. 12-16. The jury could have only awarded an amount representing Samsung's total profits on its infringing smartphones.

### 2.   Samsung cannot now raise new challenges to the jury instructions.

Before the Supreme Court, Samsung sought to raise an additional challenge to the jury instructions that it did not raise before this Court or the Federal Circuit by challenging this Court's instruction that "[i]f you find infringement by any Samsung defendant [and do not find Apple's design patents are invalid], you may award Apple that Samsung defendant's total profit attributable to the infringing products." Samsung Petitioner's Brief at 21, 58, *Samsung Elecs.*, No. 15-777, 2016 WL 6599922 (quoting Dkt. 1903 at 72). According to Samsung, that instruction improperly equated the article of manufacture with its infringing smartphones.

The new argument is waived because Samsung failed to raise it until its Supreme Court brief. Specifically, Samsung failed to lodge any objection to this language with this Court, despite raising numerous other objections about the jury instructions. *See generally* Dkt. 1998 at 3909-3916. Moreover, Samsung did not challenge this instruction at the Federal Circuit. *See* Samsung's Opening Brief (Dkt. 34) at 35-41, *Apple*, No. 14-1335, 2014 WL 2586819.

Samsung's prior failure to object to this sentence from the Court's final instructions is unsurprising, because Samsung itself proposed an instruction stating that "if you find infringement by Samsung ..., you may award Apple Samsung['s] ... total profit on sales of *products* alleged to infringe Apple's design patents." Dkt. 1232 at 210. Samsung "can hardly criticize the instruction [this Court] gave the jury, as it was essentially the instruction [Samsung] proposed." *Hana Fin., Inc. v. Hana Bank*, 135 S. Ct. 907, 912 (2015); *see also City of Springfield v. Kibbe*, 480 U.S. 257, 258-259 (1987) (per curiam) (refusing to address challenge to instruction where "petitioner did not object to the jury instruction" and "proposed its own instruction to the same effect"); 9C Miller, Fed. Prac. & Proc. § 2558 (3d ed. 2016).

In any event, the Court's instruction contained no error, especially when the challenged sentence is read in the context of the jury instructions as a whole. *See Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000) ("When reviewing an instruction

for legal error, this court reads the instructions as a whole and considers them in light of the entire charge to the jury."). This Court's instruction said:

> If you find infringement …, you *may* award Apple th[e] Samsung defendant's total profit attributable to the infringing products. The "total profit" of Samsung … means the entire profit on the sale of *the article* to which the patented design is applied …. If you find infringement by any Samsung defendant, Apple is entitled to all profit earned by that defendant on sales *of articles* that infringe Apple's design patents.

Dkt. 1903 at 72. The single sentence Samsung challenges simply recognized that the jury "*may*" award total profits based on the entire phone; the instruction did not require such a finding. *Id.* The rest of the instruction, which also closely tracks language Samsung proposed, made clear that, if the jury found infringement Apple was "entitled to all profit earned by that defendant on sales of *articles* that infringe Apple's design patents." *Id.*; *see also id.* (defining "total profit" to "mean[] the entire profit on the sale of the *article* to which the patented design is applied, and not just the portion of profit attributable to the design or ornamental aspects covered by the patent"); *id.* (explaining profit is gross revenue less certain expenses, where "[g]ross revenue is all of the infringer's receipts from the sale of *articles* using any design found infringed").

Samsung's new-found objection also fails because Samsung cannot show any prejudice in light of its failure to develop or present any evidence from which the jury could have awarded total profits on anything less than Samsung's infringing smartphones. *See supra* pp. 12-16.

Neither the Supreme Court nor the Federal Circuit found any error with this Court's instructions to the jury—despite Samsung's urging both courts to do so—and there is no reason for this Court to reverse course now.

## IV.   CONCLUSION

For the foregoing reasons, the Court should find that Samsung waived the "article of manufacture" argument it now advances and confirm its judgment of $398,940,864 in damages for Samsung's infringement of Apple's design patents by eleven Samsung products.

1

Dated: April 21, 2017

WILMER CUTLER PICKERING HALE AND
DORR LLP

2

3

4

By: */s/ Mark D. Selwyn*
Mark D. Selwyn

5

Attorneys for Plaintiff
APPLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that a true and correct copy of the above and foregoing document has been

3    served on April 21, 2017 to all counsel of record who are deemed to have consented to electronic

4    service via the Court's CM/ECF system per Civil Local Rule 5.4.

5

6                                            */s/ Mark D. Selwyn*
                                            Mark D. Selwyn

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28