RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S OPENING BRIEF IN RESPONSE TO THE COURT'S APRIL 4, 2017 ORDER**<br><br>Date: June 15, 2017<br>Time: 1:30pm<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT .......................................................................................................................3

    A. Neither The Supreme Court Nor The Federal Circuit Has Ever Called This Court's Instructions Into Question Or Suggested That A New Trial Is Required ..................................................................................................3

    B. Samsung Failed To Develop Its "Article Of Manufacture" Theory In This Court .................................................................................................................4

    C. Samsung Has Shown No Error In This Court's Jury Instructions .........................9

        1. Samsung long ago waived any claim of error in Final Instruction No. 54, which contains no error in any event ..........................9

        2. Samsung has not shown error in this Court's refusal to give Samsung's Proposed Instruction No. 42.1 ..............................................10

        3. Samsung's record citations are irrelevant to its waiver ...........................11

        4. Apple did not "waive" its position ...........................................................14

III. CONCLUSION ..................................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Akamai Technologies, Inc. v. Limelight Networks, Inc.*,
  797 F.3d 1020 (Fed. Cir. 2015) (en banc) (per curiam) .......................................................... 3

*City of Springfield v. Kibbe*,
  480 U.S. 257 (1987) (per curiam) ........................................................................................... 9

*Commil USA, LLC v. Cisco Systems, Inc.*,
  135 S. Ct. 1920 (2015) ............................................................................................................ 3

*Commil USA, LLC v. Cisco Systems, Inc.*,
  813 F.3d 994 (Fed. Cir. 2015) ................................................................................................ 3

*Cruz v. International Collection Corp.*,
  673 F.3d 991 (9th Cir. 2012) ................................................................................................ 15

*Hana Financial, Inc. v. Hana Bank*,
  135 S. Ct. 907 (2015) .............................................................................................................. 9

*Holk v. Snapple Beverage Corp.*,
  575 F.3d 329 (3d Cir. 2009) ................................................................................................. 14

*Limelight Networks, Inc. v. Akamai Technologies, Inc.*,
  134 S. Ct. 2111 (2014) ............................................................................................................ 3

*Pearson v. Duane*,
  71 U.S. (4 Wall.) 605 (1867) ................................................................................................ 14

*Samsung Electronics Co. v. Apple Inc.*,
  137 S. Ct. 429 (2016) ....................................................................................................... 4, 11

*Story Parchment Co. v. Paterson Parchment Paper Co.*,
  282 U.S. 555 (1931) .............................................................................................................. 14

*Zamani v. Carnes*,
  491 F.3d 990 (9th Cir. 2007) .................................................................................................. 7

*Zixiang Li v. Kerry*,
  710 F.3d 995 (9th Cir. 2013) ................................................................................................ 14

**DOCKETED CASES**

*Samsung Electronics Co. v. Apple Inc.*, No. 15-777 (U.S.):

    Petition for Writ of Certiorari, 2015 WL 9184827 (Dec. 14, 2015) .................................. 10

    Brief for the United States as *Amicus Curiae*, 2016 WL 3194218
        (June 8, 2016) ........................................................................................................ 3, 14

    Transcript of Oral Argument (Oct. 11, 2016) ....................................................................... 1

*Apple Inc. v. Samsung Electronics Co.*, Nos. 14-1335, 15-1029 (Fed. Cir.):

    Brief for Samsung Appellants, 2014 WL 2586819 (May 23, 2014),
        ECF No. 34 ................................................................................................................. 10

**OTHER AUTHORITIES**

9C Miller, Fed. Prac. & Proc. § 2558 (3d ed. 2016) ........................................................................ 9

## I. INTRODUCTION

Although the Supreme Court reversed the *Federal Circuit's* reasoning, nothing in its opinion or the Federal Circuit's remand order suggested that *this Court's* prior handling of the trial and its entry of judgment were in any way erroneous. Samsung's brief does not show otherwise. Accordingly, no further proceedings are needed with respect to the $398,940,864 awarded for Samsung's design patent infringement by eleven phones, and the Court may and should confirm that design patent judgment as entered.

Having failed to convince either the Supreme Court or the Federal Circuit that this Court committed any error, Samsung now mounts an audacious final effort to avoid responsibility for its conclusively-adjudicated infringement: Samsung argues that this Court made rulings that it never actually made to preclude a theory that Samsung neither developed nor presented before or at trial. Samsung's campaign to rewrite history fails. As this Court well knows, it never forbade Samsung from advancing the "article of manufacture" theory it now wants to make in a new trial. Rather, Samsung failed to advance that theory in discovery, in its expert reports, in the Rule 16 pretrial statement, and in its presentation to the jury. Instead, Samsung hitched its wagon to its failed "apportionment" theory, which it rode all the way to the merits briefing in the Supreme Court, only to abandon the theory at oral argument. (Even the Supreme Court Justices were surprised; Justice Kagan felt compelled to double-check that Samsung was, in fact, abandoning its lead argument. Tr. 6:7-12, *Samsung Elecs. Co. v. Apple Inc.*, No. 15-777 (Oct. 11, 2016). If there was ever a "startling about-face" in this case (Samsung Br. 1), that was it.)

Samsung's brief is noteworthy for what it does not say:

- Samsung does not deny that its damages expert never disputed that the relevant "article of manufacture" was the entire phone, or that the only articles of manufacture he ever considered in calculating total profits—both before and after this Court correctly excluded the now-abandoned "apportionment" theory—were Samsung's entire phones;

- Samsung does not deny that it strove mightily to avoid giving Apple any information regarding the cost of components other than the entire phone, and eventually procured a stipulation preventing the jury from hearing such information;

- Samsung does not deny that it never suggested in the Rule 16 pretrial statement that there was any dispute regarding the relevant "article of manufacture";

- Samsung does not deny that it never spoke the words "article of manufacture" to the jury, much less suggested to the jury that it could or should base a "total profit" award on any article other than the whole phone;

- And Samsung does not deny that the relevant language in the Court's Final Instruction No. 54 is modeled on an instruction that *Samsung proposed*, and that Samsung did not challenge that language in its appeal to the Federal Circuit or in its petition for certiorari.

Instead, Samsung devotes much of its brief (Samsung Br. 8-14) not to the waiver issue on which this Court requested briefing, but to an effort to cobble together snippets of evidence that Samsung believes could have justified a finding in its favor on the *merits* of the article of manufacture issue.  Samsung's excursion is irrelevant to the question at hand, and if anything refutes Samsung's argument that it somehow presented an "article of manufacture" theory previously:  Samsung does not identify any pretrial or trial statement or filing in which it deployed any of the evidence it now relies on to support its new-found "article of manufacture" theory.  The evidence Samsung cites was all proffered in service of other issues, such as infringement, validity, and copying.  At no point did Samsung or its witnesses argue to the Court or the jury that anything in its grab bag of citations somehow supported a finding that the article of manufacture was something less than the full phone, or that damages should be calculated on any lesser component.  Rather, that argument is a late-breaking afterthought pursued only after trial, and thus waived several times over.  The Court should so hold.

## II. ARGUMENT

### A. Neither The Supreme Court Nor The Federal Circuit Has Ever Called This Court's Instructions Into Question Or Suggested That A New Trial Is Required

Samsung does not (and cannot) identify any statement from the Supreme Court or the Federal Circuit suggesting that a new trial is warranted in this case, despite Samsung's repeated requests for such an order. The most Samsung can muster is the weak suggestion (Samsung Br. 2) that it is the "normal course" to order a new trial when the Supreme Court announces a new rule. That is wrong. In fact, a new rule frequently does not alter the case's ultimate disposition. *See, e.g.*, *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1931 (2015) (vacating Federal Circuit's judgment for defendant by announcing new rule regarding defense to induced infringement and remanding for further proceedings); *Commil USA, LLC v. Cisco Sys., Inc.*, 813 F.3d 994, 997 (Fed. Cir. 2015) (on remand from Supreme Court, ruling for defendant because plaintiff failed to prove direct infringement); *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2120 (2014) (reversing Federal Circuit's judgment for plaintiff by announcing new rule regarding induced infringement); *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1025 (Fed. Cir. 2015) (en banc) (per curiam) (on remand from Supreme Court, ruling for plaintiff on direct infringement). In this very case, the Solicitor General of the United States expressly acknowledged that the Supreme Court's decision might not affect the outcome of this case. Brief for the United States as Amicus Curiae Supporting Neither Party at 32, *Samsung Elecs. Co. v. Apple Inc.*, No. 15-777, 2016 WL 3194218 (June 8, 2016) ("U.S. Br.") ("It is not clear, however, whether [Samsung] satisfied [its] burden of producing evidence to support [its] arguments."). The United States thus recommended that the Supreme Court remand the case precisely to allow "[t]he lower courts … to make that determination in the first instance." *Id.* at 9.

Samsung also misleadingly suggests (Samsung Br. 6) that it "prevail[ed] in the Supreme Court on a legal argument underlying an asserted instructional error." It did no such thing. As Apple explained, Samsung did not even mention this Court's Final Instruction No. 54 in its petition for certiorari, and the Supreme Court said nothing about that instruction or Samsung's

Proposed Instruction 42.1.  *See* Apple Br. 19-20; *infra* p. 10.  The Supreme Court merely took issue with the Federal Circuit's reasoning as the Supreme Court understood it: namely, as holding that the "article of manufacture" must always be the product sold to consumers.  *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 435-436 (2016).  The Supreme Court said nothing about the instructions this Court gave the jury, let alone suggested any error or that a new trial was required.  As the balance of this brief demonstrates, Samsung has shown no error and no need for a new trial.

### B. Samsung Failed To Develop Its "Article Of Manufacture" Theory In This Court

Samsung has no meaningful response to the fact that it failed to develop any argument or record before trial that an award of Samsung's profits under § 289 should be limited to profit from any "article of manufacture" other than Samsung's entire phones.  Samsung Br. 3.  Apple made clear from the start that it sought total profits from Samsung's infringing phones.  Dkt. 1384-27 at 4 (interrogatory response).  And Apple's expert Terry Musika plainly calculated Samsung's profits on its entire infringing phones.  Dkt. 991, Ex. A ¶¶ 138, 141-151; PX25A1 at 1-5 (Apple damages summary exhibit).

Notwithstanding the plainness of Apple's position from the start, Samsung did not dispute that its entire phones were the relevant "articles of manufacture."  The record is clear that:

- Samsung's expert, Mr. Wagner, only calculated profits on the entire phone and under his incorrect, excluded, and now-abandoned "apportionment" theory.  Apple Br. 5; Dkt. 3198 ¶¶ 312, 316-340.

- Far from seeking to identify an "article of manufacture" other than an entire phone and endeavoring to calculate profits on whatever that would be, Samsung made a determined effort to prevent Apple and the jury from reviewing evidence about the cost of components used in its infringing phones.  Apple Br. 5, 7.

- In the parties' joint pretrial statement under Rule 16, which identified disputed issues of fact and law, Samsung nowhere suggested that the identity of the articles of manufacture

1  was disputed or that the jury or Court needed to determine the article of manufacture or
2  the amount of profits Samsung received on any article of manufacture smaller than the
3  entire phone. *See* Dkt. 1189.

- At trial, Samsung made no attempt to identify any "article of manufacture" less than its entire phones. Consistent with his expert report, Mr. Wagner testified only to his calculation of "Samsung's total profits … on the **[*infringing*] *phones*.**" Dkt. 1842 at 3031 (emphasis added); *see also* Dkt. 2842 at 1017-1018; DX676 (Samsung financial spreadsheet showing revenues and costs for phones); Dkt. 1842 at 3028-3029 (testimony describing DX676); DX781 (Summary of Wagner damages calculations); Dkt. 1842 at 3031-3032 (testimony describing DX781).

- The portion of Final Instruction No. 54, which Samsung now claims should not have been given, was modeled on an instruction that Samsung proposed. Apple Br. 7. Samsung's proposed jury instruction said: "[I]f you find infringement by Samsung …, you may award Apple Samsung['s] … ***total profit on sales of products*** alleged to infringe Apple's design patents." Dkt. 1232 at 210 (emphasis added). This Court's instruction is indistinguishable: "[I]f you find infringement by any Samsung defendant …, you may award Apple that Samsung defendant's ***total profit attributable to the infringing products.***" Dkt. 1903 at 72 (emphasis added). Samsung did not appeal this language.

The record thus demonstrates that the identity of the "article of manufacture" was not in dispute at trial—both parties understood it to be Samsung's entire phones and both parties' experts calculated damages on, and testified to, their calculation of profits on the entire phones.

Samsung tries to cobble together isolated statements from various court filings (Br. 3-4) to suggest that it pressed the "article of manufacture" argument in this Court. But Samsung cannot overcome its failure to develop any ***record*** on this issue during discovery or at trial that would justify disturbing the jury's verdict. Moreover, the six documents on which Samsung relies only underscore that Samsung's "article of manufacture" argument was an incoherent afterthought.

APPLE'S OPPOSITION TO SAMSUNG'S OPENING BRIEF IN RESPONSE TO THE COURT'S APRIL 4, 2017 ORDER
Case No. 11-cv-01846-LHK

5

**1.** The first document Samsung identifies (Samsung Br. 3) is a trial brief submitted less than a week before trial, in which Samsung argued that *this Court* (not the jury) would have to "address[] the identity" of the article of manufacture "should liability be found." Dkt. 1332 at 19-20. The trial brief did not identify any evidence, and Samsung had never previously suggested any dispute about the identity of the article of manufacture or the amount of profits earned on anything other than its entire phones. Quite the contrary, Samsung's damages expert only calculated damages under the legally incorrect (and now conclusively excluded) "apportionment" theory and on Samsung's whole phones. *See supra* pp. 4-5.

**2.** Samsung next points (Samsung Br. 3-4) to its Proposed Instruction 42.1, which it submitted toward the end of trial. Dkt. 1694 at 140. The instruction includes a sentence that would have incorrectly confined the article of manufacture to "the part or portion of the product as sold that incorporates or embodies the subject matter of the patent." *Id.* The instruction goes on to include Samsung's now-abandoned apportionment theory, stating that "an award of profits for design patent infringement should not include profits earned from the technology by which the devices operate or from any other functions of the devices." *Id.* Samsung also proposed this instruction long after both parties' experts had disclosed their damages theories and after they had presented evidence calculating profits solely on the entire phones.

**3.** Samsung next contends (Samsung Br. 4) that its oral Rule 50(a) motion preserved an article of manufacture argument. Dkt. 1839 at 2189-2190. However, Samsung's primary accusation was that Apple had "not factored out, for example, the technology and what drives those profits"—a plain recitation of the "apportionment" argument. *Id.* at 2190. Further, Samsung made no argument on this subject in its written Rule 50(a) motion or in its Rule 50(b) motion. And, of course, mentioning an argument in a Rule 50 motion is irrelevant where there is no evidence to support it.

**4.** Samsung also claims (Samsung Br. 4) that it preserved its article of manufacture theory through an objection to this Court's Final Instruction No. 54. But the page Samsung cites (Dkt. 1998 at 3916) does not mention any language in Final Instruction No. 54, let alone identify any

APPLE'S OPPOSITION TO SAMSUNG'S OPENING BRIEF IN RESPONSE TO THE COURT'S APRIL 4, 2017 ORDER
Case No. 11-cv-01846-LHK                                                                                                    6

**1.** The first document Samsung identifies (Samsung Br. 3) is a trial brief submitted less than a week before trial, in which Samsung argued that *this Court* (not the jury) would have to "address[] the identity" of the article of manufacture "should liability be found." Dkt. 1332 at 19-20. The trial brief did not identify any evidence, and Samsung had never previously suggested any dispute about the identity of the article of manufacture or the amount of profits earned on anything other than its entire phones. Quite the contrary, Samsung's damages expert only calculated damages under the legally incorrect (and now conclusively excluded) "apportionment" theory and on Samsung's whole phones. *See supra* pp. 4-5.

**2.** Samsung next points (Samsung Br. 3-4) to its Proposed Instruction 42.1, which it submitted toward the end of trial. Dkt. 1694 at 140. The instruction includes a sentence that would have incorrectly confined the article of manufacture to "the part or portion of the product as sold that incorporates or embodies the subject matter of the patent." *Id.* The instruction goes on to include Samsung's now-abandoned apportionment theory, stating that "an award of profits for design patent infringement should not include profits earned from the technology by which the devices operate or from any other functions of the devices." *Id.* Samsung also proposed this instruction long after both parties' experts had disclosed their damages theories and after they had presented evidence calculating profits solely on the entire phones.

**3.** Samsung next contends (Samsung Br. 4) that its oral Rule 50(a) motion preserved an article of manufacture argument. Dkt. 1839 at 2189-2190. However, Samsung's primary accusation was that Apple had "not factored out, for example, the technology and what drives those profits"—a plain recitation of the "apportionment" argument. *Id.* at 2190. Further, Samsung made no argument on this subject in its written Rule 50(a) motion or in its Rule 50(b) motion. And, of course, mentioning an argument in a Rule 50 motion is irrelevant where there is no evidence to support it.

**4.** Samsung also claims (Samsung Br. 4) that it preserved its article of manufacture theory through an objection to this Court's Final Instruction No. 54. But the page Samsung cites (Dkt. 1998 at 3916) does not mention any language in Final Instruction No. 54, let alone identify any

1  language as improper or propose alternative language.[1]  Indeed, on the preceding page leading up
2  to the colloquy Samsung cites, Samsung makes clear that "for reasons we've already talked about
3  previously … we do object *to the lack of an apportionment instruction*."  Dkt. 1998 at 3915
4  (emphasis added).  Samsung's high priority objections to the Court's tentative final instructions
5  did not identify any concerns about this instruction or the "article of manufacture" more
6  generally.  *See* Dkt. 1859.

7      **5.**  Samsung inexplicably claims (Samsung Br. 4) that it made an argument about the
8  identity of the article of manufacture in its Rule 50(b) motion.  But the only discussion of
9  damages in Samsung's Rule 50(b) motion was directed to Samsung's failed apportionment
10  argument, which it described as the purported "requirement inherent in all patent infringement
11  litigation that causation must be shown."  Dkt. 2013 at 18; *id.* at 19 ("Unless limited to the portion
12  of profits attributable to infringement of the patented design rather than other, noninfringing
13  features of accused devices, infringer's profits violate the causation requirement.").  Although
14  Samsung (Samsung Br. 4) quotes a single sentence in its *reply* that mentions the phrase "article of
15  manufacture" (Dkt. 2131 at 14), issues raised for the first time in a reply brief are not preserved.
16  *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).  In any event, Samsung's reply was
17  likewise focused on its asserted "causation" (*i.e.*, apportionment) requirement; a single sentence
18  in a reply brief that cites no evidence for its proposition does not justify setting aside an entire
19  jury verdict.

20      **6.**  Finally, Samsung's claim (Samsung Br. 4) that it raised the "article of manufacture"
21  argument in the partial damages retrial similarly fails.  Samsung points to its oral Rule 50(a)
22  motion, but Samsung there simply argued that "Apple presents no evidence of apportionment."
23  Dkt. 2842 at 922; *see also id.* ("Apple further did not present any evidence of causation[.]").
24  Samsung sought to limit the damages award to "profits on the … actually infringing feature" and

---

[1] As noted above, the portion of the Final Instruction No. 54 about which Samsung now complains was modeled on language that Samsung itself proposed, and was not raised in Samsung's appeal until its Supreme Court merits brief.  *See supra* p. 5.

1  nowhere mentioned the words "article of manufacture." *Id.* Samsung's written Rule 50(b)
2  motion likewise focused on apportionment and causation. Dkt. 2884-2 at 31 ("Unless limited to
3  the ***portion*** of profits attributable to infringement of the patented design, rather than other, non-
4  infringing features of accused devices, an infringer's profits remedy violates the causation
5  requirement." (emphasis added)).

6       Samsung also fails in its effort (Samsung Br. 2-3) to suggest that there was any sort of
7  error in Apple's efforts to seek Samsung's total profits from its infringing phones. From the
8  outset, Apple clearly and unambiguously pressed its entitlement to Samsung's profits on its
9  infringing phones. Dkt. 1384-27 at 4 (interrogatory response). Likewise, as Samsung notes,
10 Apple made clear in its trial brief and in the Rule 16 pretrial statement that Apple sought
11 Samsung's profits from the infringing phones. Samsung Br. 2 (citing Dkt. 1189 at 18; Dkt. 1323
12 at 21). That was consistent with Apple's view that Samsung's phones were the "article of
13 manufacture" to which Apple's designs had been applied. Further, Apple's arguments were also
14 responsive to Samsung's repeated demands that this Court adopt an incorrect apportionment or
15 causation rule.

16      Samsung points (Samsung Br. 2) to Apple's objection to Samsung's Proposed Instruction
17 42.1 as supposed evidence that Apple was claiming entitlement to all profits as a matter of law.
18 But again, Apple was merely arguing that "§ 289 does not allow for apportionment" because
19 Samsung's Proposed Instruction 42.1 continued to assert its now-abandoned apportionment
20 requirement. Dkt. 1694 at 140; *see supra* p. 6. Samsung completely mischaracterizes (Br. 2) a
21 single sentence in Apple's closing statement regarding "total profit" damages, in which Apple's
22 attorney made clear that § 289's "total profit" provision does not permit apportionment; he was
23 not addressing any argument about the article of manufacture, because Samsung of course had not
24 made one. Dkt. 1997 at 4124 ("Congress awards the entire profit on a product, not just part of
25 that … [p]rofit."). It is true that Apple argued in its Rule 50 motions that it was entitled to total
26 profits on the entire phones, but by that point the evidence supported no other outcome, given that

27
28

1 | Samsung failed to dispute the identity of the article of manufacture at trial and both parties'
2 | experts calculated § 289 damages based on the entire phones.
3 |     In short, Apple repeatedly made clear that it sought Samsung's profits on the entire
4 | phones. Samsung never developed any argument to the contrary before or at trial, and the only
5 | damages evidence provided to the jury concerned the total profits on the entire phones. There
6 | was simply no dispute at trial about the identity of the "article of manufacture"—the only relevant
7 | dispute for the jury regarding design patent damages concerned the amount of profits that
8 | Samsung had earned on its infringing phones, an issue that Samsung did not appeal and no longer
9 | contests.

### C. Samsung Has Shown No Error In This Court's Jury Instructions

Samsung's challenges to this Court's jury instructions fail on waiver grounds, show no error, and demonstrate no prejudice.

#### 1. Samsung long ago waived any claim of error in Final Instruction No. 54, which contains no error in any event

Samsung contends (Samsung Br. 7) that the Supreme Court's decision is "contrary to this Court's Instruction No. 54." That is untrue. Regardless, even if there were a conflict (which there is not, *see infra* p. 10), it would not matter, because Samsung has so thoroughly waived any objection to Final Instruction No. 54 that any conflict could not possibly be the basis of a new trial.

To begin with, ***Samsung itself*** proposed the language that served as the basis for Final Instruction No. 54. *See supra* p. 5; Apple Br. 19. Samsung "can hardly criticize the instruction [this Court] gave the jury, as it was essentially the instruction [Samsung] proposed." *Hana Fin., Inc. v. Hana Bank*, 135 S. Ct. 907, 912 (2015); *see also City of Springfield v. Kibbe*, 480 U.S. 257, 258-259 (1987) (per curiam) (refusing to address challenge to instruction where "petitioner did not object to the jury instruction" and "proposed its own instruction to the same effect"); 9C Miller, Fed. Prac. & Proc. § 2558 (3d ed. 2016).

1  Any objection to Final Instruction No. 54 is further waived because Samsung failed to
2  object to the language that it now challenges, despite raising numerous other objections about the
3  jury instructions. *See generally* Dkt. 1998 at 3909-3916. Samsung claims (Samsung Br. 15
4  (citing Dkt. 1998 at 3916)) that it objected to Final Instruction No. 54, but the cited page does not
5  call out any language in Final Instruction No. 54 (modeled on Samsung's proposal). Moreover,
6  Samsung did not appeal to the Federal Circuit the language in Final Instruction No. 54 that it now
7  complains about. *See* Samsung's Opening Br. 35-41 (Dkt. 34), *Apple Inc. v. Samsung Elecs. Co.*,
8  No. 14-1335, 2014 WL 2586819. Nor did Samsung mention Final Instruction No. 54 in its
9  petition for certiorari. *See* Samsung Pet. 26-32, *Samsung Elecs. Co. v. Apple Inc.*, No. 15-777,
10 2015 WL 9184827 (Dec. 14, 2015). Samsung first raised its current objection to Final Instruction
11 No. 54 in its Supreme Court merits brief—far too late to result in a new trial—and the Supreme
12 Court's opinion said nothing about it.

13 In any event, as explained in Apple's opening brief (Apple Br. 19-20), there is no error in
14 the instruction, especially when the challenged sentence is read in context. This Court instructed
15 the jury that it "*may* award" Samsung's total profit, and that "'total profit' of Samsung … means
16 the entire profit on the sale of *the article* to which the patented design is applied." Dkt. 1903 at
17 72 (emphases added). This Court did not require the jury to find that Samsung's phones were the
18 article of manufacture. Rather, it was Samsung's utter failure to offer an alternative theory of an
19 "article of manufacture" or any evidence to support it that compelled the jury's verdict.

20  **2.  Samsung has not shown error in this Court's refusal to give Samsung's Proposed Instruction No. 42.1**
21
22  Samsung has also failed to show any error in the Court's decision not to give Samsung's
23 Proposed Instruction No. 42.1, as Apple explained in its opening brief. Apple Br. 17-19.

24  *First*, it would have been error to give the proposed instruction, because there was no
25 evidence from which the jury could have calculated Samsung's profits based on anything less
26 than the entire infringing phones, and Samsung failed to identify any dispute about the "article of
27 manufacture" in the joint pretrial statement. *Second*, the proposed instruction contained multiple
28

misstatements of law. It defined the article of manufacture as *invariably* less than the entire product as sold. *See* Dkt. 1694 at 140 ("The article of manufacture to which a design has been applied *is the part or portion* of the product as sold that incorporates or embodies the subject matter of the patent." (emphasis added)). That was incorrect, as the Supreme Court has now confirmed. *See Samsung*, 137 S. Ct. at 435 ("[T]he term 'article of manufacture' is broad enough to encompass *both a product sold to a consumer* as well as a component of that product." (emphasis added)). The instruction also included Samsung's erroneous (and now abandoned) "apportionment" theory. *Id.* ("[A]n award of profits for design patent infringement should not include profits earned form the technology by which the devices operate or from any other functions of the device."). *Third*, even if there was any error in failing to give Samsung's proposed instruction (which there was not), Samsung cannot and did not show any resulting prejudice. Because Samsung never developed an argument about the "article of manufacture" during discovery, and unsurprisingly failed to present any such argument to the jury or any evidence permitting calculation of profits from anything other than a full phone, Samsung could not show any prejudice.

### 3. Samsung's record citations are irrelevant to its waiver

Samsung devotes much of its brief (Samsung Br. 8-14) to a misguided effort to gather together shards of testimony in support of an argument that the jury could have identified something other than Samsung's whole phones as the "article of manufacture." Apple will respond to those assertions in detail if the Court decides that the issue is properly before it; for now, the discussion is largely premature, as the Court has sought briefing only regarding Samsung's waiver of the issue. Order at 1, Dkt. 3487 (April 4, 2017).

As relevant here, Samsung's discussion only reinforces its waiver. The disconnected pieces of evidence Samsung cites were introduced for a variety of different purposes, none of which was to identify an "article of manufacture" other than Samsung's entire phone. Samsung invokes the design patents themselves (Samsung Br. 8-9), and identifies various excerpts of testimony from Apple's witnesses about the design patents (Samsung Br. 10-11). But even

1   Samsung acknowledges that the testimony it cites was directed to the "infringement analysis"
2   (Samsung Br. 10)—and the patents were, of course, essential to that analysis as well.  For
3   example, Apple's expert Peter Bressler testified to the claims of Apple's D'677 and D'087
4   patents (Dkt. 1611 at 1014-1019), and then testified to Samsung's infringement of those claims
5   (Dkt. 1611 at 1049-1064).  Likewise, Apple's expert Susan Kare described the figures in the
6   D'305 patent (Dkt. 1612 at 1365-1367), and then testified to Samsung's infringement (Dkt. 1612
7   at 1372-1381).

8        Samsung points (Samsung Br. 11-12) to evidence about the different components of
9   smartphones to claim that the components were "[p]hysically [s]eparable."  Yet again, this
10  evidence was in no way directed to an argument about the "article of manufacture," but rather to
11  such issues as Samsung's copying.  For example, Samsung points to Apple's teardown of the
12  Samsung Vibrant (Br. 11 (citing DX2519)), but Samsung tried to use that document to argue
13  (unsuccessfully) that its copying was an industry practice (Dkt. 1610 at 769-773 (Forstall
14  testimony regarding exhibit); Dkt. 1997 at 4191-4192 (Samsung closing argument referencing
15  DX2519)).  Samsung points to testimony from its *validity* expert Itay Sherman about the shape of
16  devices (Samsung Br. 12), but Mr. Sherman's testimony was directed to the alleged functionality
17  of Apple's designs and the issue of protectability.  Dkt. 1840 at 2603 ("A rectangular display is
18  functional."); *id.* at 2604 ("[T]he overall shape of the design is practically dictated."); *id.* at 2605
19  ("Rounded corners have significant benefits."); *see also id.* at 2606-2611.  The only testimony
20  that Samsung cites from its own damages expert, Mr. Wagner (Br. 12), was in no way directed to
21  the amount of profits that Samsung earned on any particular component—rather it concerned the
22  alleged ease with which Samsung could design around Apple's patents (Dkt. 2842 at 996, 1030)
23  and cross-examination testimony about internal documents from the Samsung division that
24  supplied components to Apple that described potential "easy imitation" of Apple's iPhone
25  hardware (Dkt. 2842 at 1041-1042).

26       Samsung's invocation of testimony from Apple witnesses is equally unavailing.  Samsung
27  Br. 12-13.  Tony Blevins testified to the domestic transactions between Intel and Apple for
28

APPLE'S OPPOSITION TO SAMSUNG'S OPENING BRIEF IN RESPONSE TO THE COURT'S APRIL 4, 2017 ORDER
Case No. 11-cv-01846-LHK

12

baseband processors as part of Apple's exhaustion defense against Samsung's counterclaims, not anything to do with Apple's own claims under its design patents. Dkt. 1997 at 4235 (closing) ("Mr. Blevins came here and showed you the invoice. Issued out of California. Payment to Chicago."). Chris Stringer's testimony was directed to Apple's process for developing the iPhone and the difficulty of creating the eventual physical product. Dkt. 1997 at 4077-4078 (closing) ("You heard from Chris Stringer about the number of designs that were considered."); Dkt. 1547 at 494-495 (describing "many" "production problems"). Samsung cites testimony (Samsung Br. 13) from Apple's damages expert Mr. Musika that, just as with the testimony from Samsung's own damages expert, concerns the internal Samsung report that describes the "'ease of imitat[ing]'" Apple's hardware. Dkt. 1839 at 2151-2154.

Finally, Samsung's invocation of "product review evidence" adds nothing. Samsung Br. 13 (capitalization altered).[2] While reviews of Samsung's phone described the outward appearance of those phones (and their similarity to the iPhone), they in no way suggest that the identity of the "article of manufacture" to which Apple's patented designs were applied was anything less than the entire phone. Instead, those reviews demonstrated the degree to which the press and public recognized Samsung's blatant copying. PX6.1; PX6.2. The testimony from Dr. Ravin Balakrishnan is, by Samsung's own admission, "about infringement of Apple's utility patents." Samsung Br. 13. And the testimony by Dr. Karan Singh is likewise about "infringement." *Id.* at 14.

Try as it might, all Samsung has identified is evidence introduced for purposes other than disputing the "article of manufacture." Samsung cannot point to any moment in the trial when it actually contested the identity of the "article of manufacture" or sought to have the jury award profits on anything less than its whole phones if the jury found infringement. The question simply was not at issue, because Samsung never raised it.

---

[2] While Samsung's subsection heading also mentions "Consumer Survey" evidence, Samsung does not actually reference any such evidence.

Samsung's only discussion regarding its failure to identify any alternative profits calculation suggests (Samsung Br. 15) that the Federal Circuit's mandate only concerns the identity of the article of manufacture, and that Samsung's failure to "put in evidence [of] a specific quantum of total profit from the relevant component-level articles of manufacture" is "irrelevant." That is clearly wrong. The Federal Circuit nowhere suggested that Samsung's failure to develop or proffer any testimony regarding any alternative damages calculation was "irrelevant." Quite the contrary, Samsung's failure to develop any such evidence strongly indicates that Samsung mounted no challenge to the identity of the "article of manufacture."

Samsung's tepid argument about the burden of proof (Samsung Br. 15-16) is also unavailing. Apple made clear that it was seeking Samsung's profits on the entire infringing devices from the outset, there was no dispute about the identity of the article of manufacture during discovery or during trial, and both parties' experts calculated profits from the entire infringing phones. Apple amply carried its burden and was not required to rebut an argument that Samsung never made.[3]

### 4.     Apple did not "waive" its position

In a last-ditch effort, Samsung wrongly suggests (Samsung Br. 16) that Apple somehow "waived" its argument that Samsung's failure to develop its new-found "article of manufacture" theory prevents Samsung from attacking the jury verdict now. But the cases Samsung relies upon all involve waiver *on appeal*. *Zixiang Li v. Kerry*, 710 F.3d 995, 1000 n.4 (9th Cir. 2013) (where

---

[3] In the "Conclusion" of its brief, Samsung argues without support (Samsung Br. 17) that *the Court* should determine the articles of manufacture to which Apple's patented designs have been applied. However, determining the identity of the article of manufacture, as well as the amount of profit derived from the article of manufacture, is plainly a factual question for the jury. As the United States argued to the Supreme Court, "[t]he task of identifying the relevant article of manufacture is properly assigned to the finder of fact," just like other damages issues. U.S. Br. 29; *see also Pearson v. Duane*, 71 U.S. (4 Wall.) 605, 614 (1867) ("The damages are a matter which are in the nature of a finding by the jury."); *accord Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 562 (1931). Further, the government correctly argued that if the defendant contends that something less than the infringing product is the article of manufacture, then "[t]he defendant should bear the burden of producing evidence that the relevant 'article of manufacture' … is a portion of an entire product as sold." U.S. Br. 30. This is so because the relevant evidence is in possession of the defendant. *Id.* 31.

plaintiff's complaint was dismissed, plaintiff could not make new argument against dismissal on appeal); *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 335-336 (3d Cir. 2009) (holding that defendant waived alternative argument for affirmance on appeal); *see also Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998-999 (9th Cir. 2012) (holding appellate argument waived where it was "neither presented by evidence nor argued to the district court"). Here, it is ***Samsung*** that is seeking to overturn the jury's verdict and the Court's judgment and plunge the Court and a new jury into yet another trial in this case, on a ground that Samsung completely forfeited the last time around. Apple is fully entitled to urge, and this Court is entitled to rule, that Samsung cannot proceed in this manner, and that the Court's judgment should be accorded the finality it deserves.

### III.  CONCLUSION

For the foregoing reasons, the Court should find that Samsung waived the "article of manufacture" argument it now advances, deny Samsung's request for a new trial, and confirm the judgment of $398,940,864 in damages for Samsung's infringement of Apple's design patents by eleven Samsung products.

Dated: May 12, 2017

WILMER CUTLER PICKERING HALE AND DORR LLP

By: */s/ Mark D. Selwyn*
    MARK D. SELWYN

Attorneys for Plaintiff
APPLE INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on May 12, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*/s/ Mark D. Selwyn*
Mark D. Selwyn