QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION BRIEF IN RESPONSE TO THE COURT'S APRIL 4, 2017 ORDER**<br><br>**Hearing:**<br><br>Date: June 29, 2017<br>Time: 1:30 p.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................. ii

INTRODUCTION ............................................................................................................................... 1

ARGUMENT ....................................................................................................................................... 2

I.   CONTRARY TO APPLE'S ARGUMENT, THE INSTRUCTIONAL ERROR ON
     "ARTICLE OF MANUFACTURE" REQUIRES A NEW TRIAL ON DESIGN-
     PATENT DAMAGES ................................................................................................................ 2

     A.   Apple Ignores The Overwhelming Trial Evidence That Would Have
          Allowed The Jury To Find That The Relevant "Articles Of Manufacture"
          Are The Portions Of Samsung's Smartphones To Which The Patented
          Designs Were Applied And Not The Entire Phones ....................................................... 2

     B.   Apple Misplaces Emphasis On The Issue Of The Quantum Of Profit, And
          In Any Event Ignores The Trial Evidence That Did Enable The Jury To
          Calculate Total Profit On The Relevant "Articles Of Manufacture" ........................... 4

     C.   Apple's Arguments About Preservation Before And After Trial Are
          Irrelevant And Wrong .................................................................................................... 7

II.  APPLE'S ADDITIONAL ARGUMENTS AGAINST A NEW TRIAL ARE
     WAIVED, OUTSIDE THE FEDERAL CIRCUIT'S MANDATE, AND HAVE NO
     MERIT ...................................................................................................................................... 11

     A.   Apple Errs In Advancing Its Waived New Arguments Against Proposed
          Instruction No. 42.1 ..................................................................................................... 11

     B.   Apple Errs In Advancing Its Waived New Arguments In Support Of
          Instruction No. 54 ........................................................................................................ 13

CONCLUSION ................................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Apple Inc. v. Samsung Elecs. Co.,*
  ___ F. App'x ___, 2017 WL 490419 (Fed. Cir. Feb. 7, 2017) ..................................1, 2, 8, 11

*Brett v. United States,*
  86 F.2d 305 (9th Cir. 1936).............................................................................................3

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.,*
  576 F.3d 1348 (Fed. Cir. 2009)........................................................................................8

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.,*
  807 F.3d 1283 (Fed. Cir. 2015)......................................................................................14

*Citrus El Dorado, LLC v. Stearns Bank,*
  552 F. App'x 625 (9th Cir. 2014)....................................................................................14

*Clem v. Lomeli,*
  566 F.3d 1177 (9th Cir. 2009) ........................................................................................12

*Dang v. Cross,*
  422 F.3d 800 (9th Cir. 2005)......................................................................................2, 13

*Don Burton, Inc. v. Aetna Life & Cas. Co.,*
  575 F.2d 702 (9th Cir. 1978)............................................................................................3

*Dow Chem. Co. v. Mee Indus., Inc.,*
  341 F.3d 1370 (Fed. Cir. 2003) .......................................................................................5

*Eagle v. AT&T Co.,*
  769 F.2d 541 (9th Cir. 1985)............................................................................................9

*Finjan, Inc. v. Secure Computing Corp.,*
  626 F.3d 1197 (Fed. Cir. 2010).......................................................................................7

*Flagship W., LLC v. Excel Realty Partners LP,*
  337 F. App'x 679 (9th Cir. 2009)....................................................................................9

*Flex-Rest, LLC v. Steelcase, Inc.,*
  455 F.3d 1351 (Fed. Cir. 2006)..................................................................................3, 10

*Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,*
  772 F.2d 505 (9th Cir. 1985)............................................................................................9

*Galdamez v. Potter,*
  415 F.3d 1015 (9th Cir. 2005)..........................................................................................3

*Gantt v. City of Los Angeles,*
  717 F.3d 702 (9th Cir. 2013)......................................................................................2, 13

*Golden Bridge Technology v. Apple Inc.*,
   2014 WL 2194501 (N.D. Cal. May 18, 2014) .................................................... 5-6

*Hunter v. County of Sacramento*,
   652 F.3d 1225 (9th Cir. 2011) ...................................................... 2, 4, 12, 13

*IP Innovation L.L.C. v. Red Hat, Inc.*,
   705 F. Supp. 2d 687 (E.D. Tex. 2010) ........................................................ 5

*Image Technical Svcs., Inc. v. Eastman Kodak Co.*,
   125 F.3d 1195 (9th Cir. 1997) ............................................................... 10

*Larez v. Holcomb*,
   16 F.3d 1513 (9th Cir. 1994) ................................................................ 2

*Lucent Techs., Inc. v. Gateway, Inc.*,
   580 F.3d 1301 (Fed. Cir. 2009) ............................................................. 5

*McClellan v. I-Flow Corp.*,
   776 F.3d 1035 (9th Cir. 2015) .............................................................. 2

*Mechmetals Corp. v. Telex Computer Prods., Inc.*,
   709 F.2d 1287 (9th Cir. 1983) .............................................................. 9

*Miles v. Lavender*,
   10 F.2d 450 (9th Cir. 1926) ............................................................... 12

*Miller v. Safeco Title Ins. Co.*,
   758 F.2d 364 (9th Cir. 1985) .............................................................. 9

*Norwood v. Vance*,
   591 F.3d 1062 (9th Cir. 2010) ............................................................ 12

*Samsung Elecs. Co. v. Apple Inc.*,
   137 S. Ct. 429 (2016) .............................................................. 1, 4, 5, 12, 15

*State Contracting & Eng'g Corp. v. Condotte Am., Inc.*,
   346 F.3d 1057 (Fed. Cir. 2003) ............................................................ 7

*Transportation Line v. Hope*,
   95 U.S. 297 (1877) ...................................................................... 12

*United States v. First Nat'l Bank of Circle*,
   652 F.2d 882 (9th Cir. 1981) .............................................................. 9

*VirnetX, Inc. v. Cisco Sys., Inc.*,
   767 F.3d 1308 (Fed. Cir. 2014) ........................................................... 6

*Voda v. Cordis Corp.*,
   536 F.3d 1311 (Fed. Cir. 2008) .......................................................... 13

## Statutes & Rules

35 U.S.C. § 284 ........................................................................ 15

35 U.S.C. § 289 ...............................................................................1, 4, 5, 6, 8, 9, 11, 14, 15

Fed. R. Civ. P. 50 ...................................................................................................10

Fed. R. Civ. P. 50(a) ............................................................................................9, 10

Fed. R. Civ. P. 50(b) ............................................................................................9, 10

Fed. R. Civ. P. 51(d)(2) ............................................................................................14

**<u>Miscellaneous Authorities</u>**

35B C.J.S. *Fed. Civ. Proc.* § 951 (2016) ...................................................................9

Wright & Miller, Fed. Prac. & Proc. § 1527 (3d ed. 2016) ........................................9

Wright & Miller, Fed. Prac. & Proc. § 2556 (3d ed. 2016) ........................................3

1

## INTRODUCTION

2      Apple's opening brief on remand (Dkt. 3490-2) discusses everything except the single

3 issue the Federal Circuit mandated that this Court consider:  whether the "current trial record"

4 supports Samsung's entitlement to new trial based on legal error in the design-patent infringer's

5 profit instruction under the Supreme Court's now-definitive construction of the term "article of

6 manufacture" in Section 289.  *Apple Inc. v. Samsung Elecs. Co.*, __ F. App'x __, 2017 WL

7 490419, at *2 (Fed. Cir. Feb. 7, 2017) ("[T]he parties dispute *what jury instructions the current*

8 *trial record supports*.  Because the district court is better positioned to parse the record to evaluate

9 the parties' competing arguments, we remand for the district court to consider *these issues* in the

10 first instance.") (emphasis added).  The answer to that question is plainly "yes" for the reasons set

11 forth in Samsung's opening brief on remand (Dkt. 3491).  Apple's opening brief, in contrast, fails

12 to discuss the trial evidence regarding the identity of the relevant articles of manufacture, and in

13 fact fails to cite even a single trial exhibit.  The Court should disregard Apple's lengthy and

14 irrelevant accounts of matters beyond the trial evidence that is the focus of the current mandate.

15      As Samsung demonstrated in its opening brief, the evidence at trial ***overwhelmingly*** would

16 have enabled the jury to find that the relevant articles of manufacture are components of

17 Samsung's phones rather than Samsung's entire phones had the jury been properly instructed, per

18 the Supreme Court's holding, that the term "article of manufacture" is "broad enough to embrace

19 both a product sold to a consumer and a component of that product, whether sold separately or

20 not."  *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 436 (2016).  Samsung indisputably

21 proposed an "article of manufacture" instruction (Proposed Instruction No. 42.1) that embodied

22 the construction of Section 289 now adopted by the Supreme Court, and indisputably preserved its

23 objections to the Section 289 instruction given by the Court (Instruction No. 54).  The evidentiary

24 record supported Samsung's proposed instruction.  And Samsung was prejudiced by the incorrect

25 instruction because the jury awarded Samsung's profits on its entire phones *not* because it found

26 that Samsung's entire phones were the relevant articles of manufacture as a matter of fact, but

27 rather because the jury was told that Section 289 awards entire-product profits as a matter of law.

28      For all these reasons, the Court should vacate the $399 million design-patent judgment and

order a new trial on design-patent damages.  Apple's new arguments outside the scope of the mandate are both waived and meritless.

## ARGUMENT

## I.   CONTRARY TO APPLE'S ARGUMENT, THE INSTRUCTIONAL ERROR ON "ARTICLE OF MANUFACTURE" REQUIRES A NEW TRIAL ON DESIGN-PATENT DAMAGES

Contrary to Apple's suggestion, Samsung's Proposed Instruction No. 42.1 and objection to Instruction No. 54 *alone* were sufficient to preserve its "article of manufacture" argument on appeal and to entitle Samsung to a new trial now.  Dozens of authorities recognize that prejudicial instructional error *by itself* requires a new trial.  *See, e.g.*, *McClellan v. I-Flow Corp.*, 776 F.3d 1035, 1041 (9th Cir. 2015) (new trial required due to omission of proposed jury instruction); *Gantt v. City of Los Angeles*, 717 F.3d 702, 708-09 (9th Cir. 2013) (same, due to erroneous jury instruction); *Hunter v. County of Sacramento*, 652 F.3d 1225, 1235-36 (9th Cir. 2011) (same); *Dang v. Cross*, 422 F.3d 800, 811-12 (9th Cir. 2005) (new damages trial required due to omission of proposed jury instruction); *Larez v. Holcomb*, 16 F.3d 1513, 1518-20 (9th Cir. 1994) (same, due to erroneous jury instruction).  And when a party prevails in the Supreme Court on a legal issue underlying an asserted instructional error, a new trial is the natural next step on remand.  *See* Dkt. 3491 at 7 (collecting cases).

Apple's mischaracterization (at 1) of Samsung's "article of manufacture" argument as "late-breaking" is thus not only incorrect but irrelevant.  Because preservation of legal error through jury instructions is sufficient to require a new trial, the Federal Circuit's remand decision focuses *solely* on whether trial evidence supported Samsung's proposed "article of manufacture" instruction.  *See Apple,* 2017 WL 490419, at *2.  It was.  A new trial is therefore required.

### A.   Apple Ignores The Overwhelming Trial Evidence That Would Have Allowed The Jury To Find That The Relevant "Articles Of Manufacture" Are The Portions Of Samsung's Smartphones To Which The Patented Designs Were Applied And Not The Entire Phones

Apple's opening brief fails to acknowledge or discuss the governing Ninth Circuit standard that a party is "entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence." *Hunter*, 652 F.3d at 1232 (quotation marks omitted).  That well-settled standard sets a low bar—namely, whether there is "***any*** direct or circumstantial

evidence to support" a proposed instruction, *Don Burton, Inc. v. Aetna Life & Cas. Co.*, 575 F.2d 702, 706 (9th Cir. 1978) (emphasis added), such that "a reasonable jury could have found" for the proposing party consistent with that instruction, *Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 2005); *see* Dkt. 3491 at 7 n.2 (citing additional cases).[1]

Nor does Apple mention the overwhelming evidence at trial—including key evidence in its own infringement case—that would have allowed the jury to find that the relevant articles of manufacture are the specific portions of Samsung's phones to which the patented designs were applied and not the phones themselves.  As Samsung explained (*see* Dkt. 3491 at 8-14), the figures in Apple's design patents, admissions of Apple's own witnesses, and undisputed evidence including consumer surveys, product reviews and teardowns all showed that Apple's patented designs were applied to components of Samsung's phones and not to the entire phones.    This record far surpassed the minimal evidence needed to support Samsung's proposed instruction.  Apple protests (at 13) that no Samsung witness "testif[ied] that the articles of manufacture were limited to any particular smartphone component."  But Apple can cite no authority that requires such specific testimony—especially given that it was ***Apple's*** and not Samsung's burden to prove damages.

Apple's other protests are equally misplaced.  Contrary to Apple's suggestion (at 13), Samsung's counsel could not have ***argued to the jury*** that the articles of manufacture were something "other than its entire infringing smartphones" without improperly defying the instruction the Court had already given the jury by the time of closing arguments, which required the jury to award Samsung's total profit on the accused phones.  *See* Dkt. 1903 at 72 (Instruction No. 54); *see also* Dkt. 3491 at 15 (discussing same).  Moreover, the arguments of counsel have no

---

[1]   The authorities upon which Apple relies (at 17) are fully consistent with that low bar.  In *Flex-Rest, LLC v. Steelcase, Inc.*, 455 F.3d 1351 (Fed. Cir. 2006), the Federal Circuit upheld the denial of a jury instruction where, unlike here, "*no* evidence of record support[ed] such an instruction," *id.* at 1360 (emphasis added).  Likewise, in *Brett v. United States*, 86 F.2d 305 (9th Cir. 1936), the Ninth Circuit upheld the denial of a jury instruction where, again unlike here, there was "*no* evidence before the jury" on the pertinent issue.  *Id.* at 308 (emphasis added).  And Wright & Miller confirms that "a party is entitled to a specific instruction on its theory of the case, *if there is evidence to support it* and if a proper request for an instruction has been made."  Wright & Miller, Fed. Prac. & Proc. § 2556 (3d ed. 2016) (emphasis added).

bearing on whether an instruction "has foundation in the *evidence*."  *Hunter*, 652 F.3d at 1232 (emphasis added).

Apple also fails in its attempt (at 2-3, 10) to twist the United States' *amicus curiae* brief in the Supreme Court to support its argument.  The government **agreed with Samsung** that Instruction No. 54 had erroneously "equated the relevant 'article of manufacture' with the accused phones as a whole, rather than permitting the jury to determine whether the phone itself or some portion thereof was the 'article of manufacture' to which the patented design applied."  Br. for the United States as Amicus Curiae Supporting Neither Party, *Samsung*, No. 15-777, 2016 WL 3194218, *31-32 (June 8, 2016).  The government also **agreed with Samsung** that the Federal Circuit had erred in holding that "the relevant 'article of manufacture' is invariably the entire product as sold."  *Id.* at *8.  Although the United States expressed no opinion on whether the trial record supported Samsung's Proposed Instruction No. 42.1 (*see id.* at *32), it surely did not agree with Apple on this point, and it did not have the benefit of the present briefing on that issue.

**B.     Apple Misplaces Emphasis On The Issue Of The Quantum Of Profit, And In Any Event Ignores The Trial Evidence That Did Enable The Jury To Calculate Total Profit On The Relevant "Articles Of Manufacture"**

Instead of answering the question the Federal Circuit posed, Apple seeks (at 13, 17) to misdirect the Court to an entirely different question:  whether Samsung provided an evidentiary basis on which the jury "could *calculate* total profit under § 289 on any 'article of manufacture' other than the entire smartphone" (emphasis added).  That issue is outside the Federal Circuit's mandate.  It is also legally irrelevant, for Apple, not Samsung, bore the burden of proving profit from the relevant articles of manufacture.  And it is in any event factually incorrect, for there was such evidence in the record.

*First*, evidence of the amount of profit from various components is irrelevant to the issue presently before the Court.  The Supreme Court established a two-step test for determining recoverable infringer's profits under Section 289:  "First, identify the 'article of manufacture' to which the infringed design has been applied.  Second, calculate the infringer's total profit made on that article of manufacture."  *Samsung*, 137 S. Ct. at 434.  The issue here is solely the first step— was there evidence in the record to support identifying the relevant articles of manufacture as less

than an entire smartphone?  Because the Court gave erroneous Instruction No. 54 and declined to give Samsung's Proposed Instruction No. 42.1, that threshold identification never occurred here.  The question is thus whether a new trial is required in light of the failure to instruct the jury to identify the relevant articles of manufacture at step one, as Samsung requested.  Apple's focus on the quantum of profit from the relevant articles of manufacture goes to the second step, and thus is not at issue *until* the relevant article has been identified at step one.

Second, Apple's focus on *Samsung's* quantum-of-profit evidence is also legally erroneous, for **Apple and not Samsung** bore the burden of proving damages, as Apple has conceded, *see* Dkt. 3486 at 7, and as settled law provides, *see, e.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009) ("The burden of proving damages falls on the patentee.").  Apple could meet its burden only by introducing evidence of Samsung's profit *from the relevant articles of manufacture*—the second step of the Supreme Court's test.  *Samsung*, 137 S. Ct. at 434.  Indeed, the legislative history of Section 289 confirms that a patentee can only "recover[] *the profit actually made on the infringing article* if he can prove *that profit*."  H.R. REP. NO. 49-1966, at 3 (1886) (emphasis added).  Thus, if the jury had been properly instructed, and had found that components of the phones were the relevant articles of manufacture here, then Apple's failure to prove the quantum of profit from any of those components would have undermined *Apple's* request for Section 289 profits, but would have had no effect whatsoever on *Samsung's* entitlement to its proposed "article of manufacture" instruction in the first place.  As the defendant, Samsung had no obligation to put forward *any* evidence of damages.

As the analogous law of utility-patent damages for multicomponent products makes clear, it is *the plaintiff* that must prove (1) the correct component to be used as a royalty base and (2) the quantum of damages relating to that component.  *See, e.g., IP Innovation L.L.C. v. Red Hat, Inc.*, 705 F. Supp. 2d 687, 689-90 (E.D. Tex. 2010) (Rader, J.) (noting that the plaintiff, not the defendant, "has the burden of proving damages by a preponderance of evidence," and thus ruling that the plaintiff many not "shift the burden to [defendants]" where the plaintiff's expert fails to identify the correct product component to use as a royalty base) (citing *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381 (Fed. Cir. 2003)); *Golden Bridge Tech. v. Apple Inc.*, 2014 WL

2194501, at *6 (N.D. Cal. May 18, 2014) (excluding at Apple's urging the patentee's expert damages opinion that failed to identify as the royalty base the "smallest salable patent-practicing unit" within Apple's iPhones).[2]   Apple offers no basis for not likewise requiring design-patent *plaintiffs* both (1) to identify the correct articles of manufacture to which their designs were applied and (2) to introduce evidence of the quantum of profit from those articles.

Accordingly, Apple's repeated observations (at 3, 5, 6, 13, 14) that Samsung's expert Mr. Wagner calculated total profit only on Samsung's entire phones are irrelevant, for Samsung had no obligation to introduce any evidence of total profit at all.   Mr. Wagner was merely a *rebuttal* expert; Apple and *its* damages expert, Mr. Musika, bore the burden of proving total profit from the relevant articles of manufacture.   But Mr. Musika opined only on Samsung's profit from the entire accused phones, and never considered the appropriate "article of manufacture" (or even used the term "article of manufacture") in his report or testimony.[3]

*Third*, the trial record in any event contains evidence from which a properly-instructed jury that determined that the articles of manufacture were components of the phones could have calculated the quantum of profit from those components.   Apple's own experts provided the jury with reasonable-royalty calculations for the D'677, D'087, and D'305 patents, with one methodology (the "income method") suggesting a value of $9 per phone for those three patents combined.   Dkt. 1839 at 2088-92; Dkt. 2840 at 704-08; PX25A1.16; PX25F.16.   These "income method" opinions used Samsung's "actual profits" as the measure of what Samsung would earn from the components "embodying the patented [designs]."   PX25A1.16; PX25F.16 (same); *see, e.g.,* Dkt. 2840 at 771-72 (Apple's damages expert testifying that royalty estimated value of each

---

[2]   *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308 (Fed. Cir. 2014), is similar.   There, Apple obtained a new damages trial because a jury instruction erroneously allowed the patentee to use the entire iPhone or iPad as the royalty base merely through proof that "the product in question constitutes the smallest saleable unit containing the patented feature."   *Id.* at 1327.   The Federal Circuit held that such a showing was insufficient to carry the patentee's burden on damages.   *Id.* ("Where the smallest salable unit is, in fact, a multi-component product containing several non-infringing features with no relation to the patented feature … the patentee must do more ….").

[3]   Mr. Musika described his understanding of "infringer's total profits" available under Section 289 as "equal to the total sales of infringing product less the costs directly associated with the accused sales."   Dkt. 2454-6 ¶ 138.

---

phone's "case" not its "guts"); *id.* at 773 (similar).  The trial record also contains evidence showing that smartphones derive their value principally from features *other than* the components to which Apple's designs were applied.  Surveys showed, for example, that consumer demand was driven by features and components such as larger display, choice of wireless carrier, trust in the Google brand, access to Android app market, integrated Google services, and turn-by-turn GPS navigation (DX572.082); web capabilities, ease of use, and availability of apps (PX143.5); improved battery life and camera quality (PX143.6); and brand choice and multimedia functions (DX592.010, .023).[4]  One trial exhibit shows that Apple itself asserted, before filing this lawsuit, that "*[s]oftware* creates the largest share of product value."  DX586.

Actual total profit from the relevant articles of manufacture here in fact would be far less than Apple's proposed $9 per unit because, among other things, that figure purported to estimate the value of ***all three design patents combined***—even though none of the accused phones subject to the partial judgment was found to infringe all three patents (*see* Dkt. 1931 at 6-7).  But the evidence would have allowed a properly-instructed jury to determine total profit from each relevant article of manufacture in an amount within a "range [of damages] encompassed by the record as a whole."  *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1212 (Fed. Cir. 2010); *see id.* at 1208-09 (jury did not have to accept either parties' damages calculations and "was entitled to choose its own figures from the evidence"); *State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1072-73 (Fed. Cir. 2003) (affirming "jury's award, which was … substantially smaller than the amount calculated by [plaintiff's] expert," even though defendants presented no expert damages testimony).  And the amounts awarded undoubtedly would have been a small fraction of  total profit on the entire phones, which totaled as much as $70 per phone (*see* Dkt. 1931 at 16; JX1500.1).

### C.    Apple's Arguments About Preservation Before And After Trial Are Irrelevant And Wrong

Unable to refute the ample evidence in the record supporting Samsung's Proposed

---

[4]  Survey evidence introduced at the retrial additionally showed that consumer demand was driven by screen quality, access to email and the web, operating system, brand, built-in video camera, GPS location services, video calling, availability of apps, and camera locations.  DX572.027.

1    Instruction No. 42.1 (and its objection to the contrary Instruction No. 54), Apple diverts discussion

2    (at 12-17) to Samsung's supposed failure to preserve its "article of manufacture" position outside

3    the context of the jury instructions.  Apple's gambit is outside the scope of the Federal Circuit's

4    mandate, *see, e.g.*, *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1356 (Fed.

5    Cir. 2009), which directs the Court to consider *only* whether the "trial record" supports Samsung's

6    asserted instructional error, *see Apple*, 2017 WL 490419, at *1-2.  It is also legally irrelevant, for

7    there is no need for *additional* preservation, above and beyond preservation through jury

8    instructions.  *See supra*, at 2; *infra*, at 9-10.  And in any event, Apple's suggestion of any waiver

9    in these other contexts is simply wrong.  To the contrary, Samsung repeatedly presented its

10   "article of manufacture" argument before, during and after trial.  *See* Dkt. 3491 at 3-4.

11       *First*, Samsung raised its "article of manufacture" argument in its ***trial brief filed before***

12   ***trial*** (Dkt. 1322 at 19-22), as Apple is forced to concede (at 15).  Although Apple faults Samsung

13   for not disclosing that argument in discovery, Apple failed to serve an interrogatory asking

14   Samsung to do so.  Instead, consistent with its steadfast (and mistaken) position that Section 289

15   requires an award of total profit from products as sold *as a matter of law* (*see* Dkt. 3491 at 2-3),

16   Apple simply *assumed* that such profits were available—asking Samsung to identify its "total

17   profit from each of the Products at Issue," but not asking whether or why Samsung contends that

18   such profits could not be awarded (Dkt. 3490-4 (Interrogatory No. 31)).[5]

19       *Second*, Samsung did not fail to preserve its "article of manufacture" argument in the joint

20   pretrial statement, as Apple erroneously suggests in this Court for the first time (at 17).  The

21   parties ***expressly identified*** "[t]he remedies to which Apple is entitled, if any" as among the

22   "disputed factual issues remain[ing] to be resolved" at trial.  Dkt. 1189 at 12, 13.  That designation

23   plainly encompasses the extent of total infringer's profit recoverable under Section 289.  And in

24   any event, a "pretrial order … should be liberally construed to permit *any* issues at trial that are

25   'embraced within its language,'" such that inclusion of a broad "general issue" preserves "specific

---

26   [5]   Apple suggests (at 15) that Samsung argued in its trial brief that the identity of the relevant

27   article of manufacture is an issue of law for the Court.  In fact, however, Samsung took no position
     there on who decides that issue, arguing only that the Court would need to "address[] the identity

28   of Section 289's 'article of manufacture' … should liability be found."  Dkt. 1322 at 19-20.

1    issues" encompassed by it.  *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 368 (9th Cir. 1985)

2    (quoting *United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 886-87 (9th Cir. 1981))

3    (emphasis added); *see Flagship W., LLC v. Excel Realty Partners LP*, 337 F. App'x 679, 680-81

4    (9th Cir. 2009) (similar).[6]

5       Moreover, "[a] pretrial order is not an inexorable decree," *Mechmetals Corp. v. Telex

6    Computer Prods., Inc.*, 709 F.2d 1287, 1294 (9th Cir. 1983), and may be implicitly amended by

7    subsequent conduct, *see, e.g.*, *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505,

8    514 n.9 (9th Cir. 1985) (evidence of indirect costs was properly admitted despite omission of issue

9    from pretrial conference statement).  As Apple's authorities (at 17-18) confirm, "it is *not* error for

10   the court … to give instructions on issues beyond the scope of the [pretrial] order," provided the

11   evidence supports them.  Wright & Miller, Fed. Prac. & Proc. § 1527 (collecting cases) (emphasis

12   added); *see* 35B C.J.S. *Fed. Civ. Proc.* § 951 (2016) ("rigid adherence to pretrial conference

13   agreements should not be exacted").  The trial record here contains overwhelming evidence that

14   the relevant articles of manufacture are portions of Samsung's phones and *not* the entire phones.

15   The conduct of the trial thus supported instructing the jury on the "article of manufacture" issue—

16   and undermines Apple's attempt to cling to the excessive entire-product profit awards it obtained

17   based on instructional errors.

18      *Third*, Samsung expressly raised its "article of manufacture" argument in its Rule 50(a)

19   and 50(b) motions, contrary to Apple's revisionist contention (at 15-16).  Apple continues to

20   ignore that Samsung consistently made two distinct arguments for treating total profit under

21   Section 289 as profit from less than the entire phones:  (1) the so-called "apportionment" argument

22   that total profit should be limited to that attributable to the patented designs and (2) the separate

23   argument that total profit should be limited to that attributable to the "articles of manufacture" to

24   which the designs were applied.  As shown (*see* Dkt. 3491 at 4), Samsung specifically pressed its

25   "article of manufacture" argument—not just its separate "apportionment" argument—in its Rule

26   _____

27   [6]  Apple's authority, *Eagle v. AT&T Co.*, 769 F.2d 541 (9th Cir. 1985), itself recognizes that
     courts should "liberally construe pretrial orders" to encompass theories "implicitly included"

28   therein.  *Id.* at 548.

50(a) and Rule 50(b) motions.  Apple's assertion to the contrary rests on incomplete and selective quotations.  *Compare* Dkt. 3941 at 4 (Samsung providing quotations from its "article of manufacture" argument) *with* Dkt. 3490-2 at 15-16 (Apple providing quotations referring solely to "apportionment" argument).[7]

Samsung's Rule 50(a) and 50(b) motions, while plainly pressing the "article of manufacture" argument, are in any event legally irrelevant to whether Samsung is entitled to a ***new trial*** on design-patent damages based on instructional error—the sole question directed to the Court by the Federal Circuit's mandate.  *See, e.g.*, *Flex-Rest*, 455 F.3d at 1356-57 ("Notwithstanding the absence of a motion for JMOL, a party may still challenge a jury verdict by establishing that the judge committed legal error in instructing the jury.") (internal quotation marks omitted); *Image Technical Svcs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1213 (9th Cir. 1997) (similar).

*Fourth,* contrary to Apple's contention (at 5-6, 13), Samsung's damages expert was not required to calculate Samsung's profit on each relevant phone component, because ***Apple alone*** bore the burden of proof as to infringer's profit.  *See supra*, at 5-6.  Samsung had no obligation to present ***any*** evidence of its total profit from any article of manufacture, especially when Apple, the plaintiff, had failed to do so.  Apple's extensive digression into Samsung's expert reports is thus immaterial.

Moreover, Samsung never "affirmatively thwarted" Apple's ability to introduce evidence of component profits at trial by not promptly producing such information, as Apple wrongly suggests for the first time (at 14).  ***Apple's own damages expert*** acknowledged that he ***relied on*** "a file that reflects detailed information on [Samsung's] material costs for the Accused Products"—a file produced by Samsung.  Dkt. 2607-5 at 16.[8]  Apple also mischaracterizes (at 7, 14) the parties'

---

[7]   Apple's contention (at 15 n.7) that Samsung did not raise its "article of manufacture" argument in its written Rule 50(a) motion during the first trial also ignores that that motion expressly "incorporated by reference [Samsung's] prior [oral] Rule 50 motion" (which plainly did so, Dkt. 1839 at 2189-90) and merely provided certain "additional bases" for relief.  Dkt. 1819 at 1.

[8]   Any delay in Samsung's production of detailed information on component costs was based on a legitimate disagreement about what types of bills of materials Samsung was required to produce
    (footnote continued)

stipulation (Dkt. 1597) allowing the parties to use summary exhibits of damages calculations without "waiv[ing] … any claims or defenses or claims for relief" in the process (*id.* at 1)—a stipulation that grew out of the parties' *joint* desire to protect their sensitive information from public disclosure (*see* Arnold Decl. Ex. 1 (Tr. 15-18)).   Nothing in that stipulation prevented Apple from presenting evidence of component profits; Apple simply chose not to do so, based on its mistaken position that Section 289 requires an award of entire-product profits *as a matter of law* (*see* Dkt. 3491 at 2-3).

## II.   APPLE'S ADDITIONAL ARGUMENTS AGAINST A NEW TRIAL ARE WAIVED, OUTSIDE THE FEDERAL CIRCUIT'S MANDATE, AND HAVE NO MERIT

Unable to answer the sole question before the Court on remand in its favor in light of the overwhelming evidentiary support for Samsung's proposed and correct Instruction No. 42.1, Apple makes additional new arguments (at 17-20) that it waived by failing to raise at trial or on appeal.  *See* Dkt. 3491 at 16 n.4 (citing cases).  Moreover, these arguments are clearly beyond the scope of the Federal Circuit's mandate.  Apple raised all of these additional arguments in the Federal Circuit *after* the Supreme Court's remand, *see Apple*, No. 2014-1335, ECF 224 at 14-19, and the Federal Circuit nevertheless directed this Court to perform a *single* task in considering whether to grant a new trial:  to review the "current trial record" to determine what jury instructions it supports, *Apple*, 2017 WL 490419, at *2.  The Federal Circuit's opinion does not instruct, or permit, the Court to consider the additional legal arguments that Apple asserts now.

In any event, if reached, Apple's additional arguments should be rejected as legally and factually baseless, for the following reasons:

### A.   Apple Errs In Advancing Its Waived New Arguments Against Proposed Instruction No. 42.1

Contrary to Apple's assertion (at 18), Samsung's Proposed Instruction No. 42.1 did ***not*** "improperly define[] the article of manufacture as ***invariably*** less than the entire product as sold." Rather, it stated that the article "may be the same as or different from Samsung's devices as sold"

_____

(*see* Dkt. 801-3 at 20-21), was addressed long ago by the Magistrate Judge (*see* Dkt. 880, at 15-16), and certainly has no bearing on Samsung's entitlement to a new trial.

1  (Dkt. 1694 at 140)—language that Apple simply ignores.  Nor is Apple correct (at 18) that the

2  proposed instruction requires an impermissible "apportionment."  The Supreme Court's holding

3  ***requires*** segregation of "profit made on [the relevant] article of manufacture," *Samsung,* 137 S.

4  Ct. at 434, as Instruction 42.1 properly proposed.  As Apple's counsel conceded in the Supreme

5  Court, stating that if the relevant article of manufacture is less than the entire product, "[y]ou *do*

6  have to engage in a kind of an apportionment" to "determine total profits from the sale of that

7  thing."  *Samsung,* No. 15-777, Tr. 50 (emphasis added).  And as colloquy between the Chief

8  Justice and Apple's counsel made clear, it is appropriate to "apportion" between profit from the

9  relevant articles of manufacture and profit from "technology" or "functions," as Samsung's

10  Proposed Instruction No. 42.1 would have done (Dkt. 1694 at 140).  *See Samsung*, No. 15-777, Tr.

11  40 (Roberts, C.J.) ("It seems to me that the design is applied to the exterior case of the phones.

12  It's not applied to the—all the chips and wires. …  So there should—there shouldn't be profits

13  awarded based on the entire price of the phone.").

14        In all events, had Samsung's proposed instruction contained some misstatement of law (it

15  did not), under Ninth Circuit precedent, this Court should not have "omitted the instruction

16  altogether, rather than modifying it to correct the perceived deficiency."  *Hunter*, 652 F.3d at 1235

17  n.11.  "Perfect or not," a proposed instruction that brings a legally-correct "issue … to the district

18  court's attention" must be given with any necessary modifications.  *Norwood v. Vance*, 591 F.3d

19  1062, 1067 (9th Cir. 2010).  No authority supports Apple's proposition (at 18) that it was proper to

20  give the jury erroneous instructions merely because a portion of Samsung's proposed instruction

21  supposedly was not phrased correctly.[9]

22        Similarly baseless is Apple's new and waived argument (at 18-19) that any error was

23  harmless.  *See Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) (harmless-error argument

24  waived if not raised in appellee's brief).  The instructional error here clearly was prejudicial

25  ─────────────

26  [9]   Neither of the two century-old cases that Apple cites (at 18) supports that absurd result.  In
*Transportation Line v. Hope*, 95 U.S. 297, 299-301 (1877), the Supreme Court held that the given

27  charge *was correct*, and thus there was no duty to give a competing and erroneous instruction.
And the proposed instruction in *Miles v. Lavender*, 10 F.2d 450, 455 (9th Cir. 1926), unlike

28  Samsung's proposed instruction here, was not supported by the record.

because it erroneously required the jury to award Samsung's total profit on the entire accused phones.  Dkt. 1903 at 72.  That error prevented the jury from even considering whether the relevant articles of manufacture were merely components of the phones.  And, as discussed (*see supra*, at 3), a properly-instructed jury certainly could have found that the relevant articles were components; the evidence showing as much was overwhelming.  Apple thus cannot overcome the high bar for demonstrating harmless error.  *See, e.g.*, *Gantt*, 717 F.3d at 707 ("[P]rejudicial error results when, looking to the instructions as a whole, the substance of the applicable law was [not] fairly and correctly covered. … Prejudice is also generally more likely than not if nothing about th[e jury's] verdict indicates that the result would have been the same without the error.") (quotation marks omitted); *Dang*, 422 F.3d at 811-12 (similar; prevailing party has burden to show instructional error was harmless); *see also Voda v. Cordis Corp.*, 536 F.3d 1311, 1328 (Fed. Cir. 2008) (regional circuit law governs harmless-error review).[10]

**B.    Apple Errs In Advancing Its Waived New Arguments In Support Of Instruction No. 54**

Apple's new arguments (at 19-20) in support of Instruction No. 54 are equally unavailing.  Apple wrongly asserts (at 19) that Samsung failed to object to that instruction in this Court or the Federal Circuit.  But Samsung plainly challenged Instruction No. 54 in this Court, relying on the *Piano Cases* to argue that that instruction erroneously directed the jury to award profits beyond those from the articles of manufacture to which the patented designs were applied.  Dkt. 1998 at 3915-16.  Samsung made that objection in addition to and separate from its objection to the omission of Proposed Instruction 42.1 (*see id.* at 3917), even though that latter objection alone was sufficient for preservation under Ninth Circuit precedent (*see, e.g.*, *Hunter*, 652 F.3d at 1230 (quoted in Dkt. 3491 at 15 n.3)).  Samsung likewise challenged Instruction No. 54 on appeal, arguing in the Federal Circuit that this Court "erred in construing 'article of manufacture' as necessarily coextensive with the entire product as sold" *both* by declining to give Proposed Instruction No. 42.1 *and* by giving contrary Instruction No. 54.  *See Apple*, No. 2014-1335, ECF

---

[10]    As shown (*supra*, at 5), Apple's suggestion (at 19) that the purported absence of component-profits evidence meant the jury had to award entire-product profits is wrong.  The absence of such evidence would mean that Apple, having failed to satisfy its burden, is entitled to *no* profits award.

33 at 38-39 (citing Dkt. 1998 at 3916-17).  And even if Samsung's objections to Instruction No. 54 were not properly preserved (they were), it was *plain* error, under the Supreme Court's decision, to instruct the jury that Apple was entitled to entire-product profits.[11]

Nor is Apple correct in arguing (at 19) that Samsung "invited" the error in Instruction No. 54 by seeking a similar instruction.  Samsung's operative proposed instructions (Dkt. 1694 at 138) did *not* contain the language on which Apple relies.  Apple misleadingly cites language in an inoperative set of proposed instructions (Dkt. 1232 at 210) that was superseded by the Court's order that  the parties file revised proposed instructions (Dkt. 1679), which were the basis for the Court's final instructions (*see* Dkt. 1826 at 1; Dkt. 1883 at 1).

Instruction No. 54 also cannot be saved, contrary to Apple's suggestion (at 19), by viewing it in "context."  Far from having "made clear" (at 20) that the relevant articles of manufacture could be components of a phone—a concept that is not reflected *anywhere* in the jury instructions—the jury instructions used the terms "infringing products" and "articles that infringe" interchangeably to refer to the ***things that Samsung sold***, and directed the jury to award Samsung's total profit on them:

- "Apple … may elect to prove the defendant's profits … with respect to *the sale* of each unit of *an infringing product*," Dkt. 1903 at 71 (No. 53) (emphasis added);
- The jury "may award Apple [each defendant's] total profit *attributable to the infringing products*," *id.* at 72 (No. 54) (emphasis added);
- "The 'total profit' of Samsung … means the entire profit *on the sale* of the article to which the patented design is applied," *id.* (emphasis added); and
- "*Apple is entitled to all profit … on sales* of articles that infringe Apple's design patents," *id.* (emphasis added).

These instructions certainly did not convey the Supreme Court's two-step test for Section 289

---

[11]   *See, e.g.*, *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 807 F.3d 1283, 1311 (Fed. Cir. 2015) (vacating for plain error in jury instruction in light of, *inter alia*, post-trial Federal Circuit decision construing patent-damages statute); *Citrus El Dorado, LLC v. Stearns Bank*, 552 F. App'x 625, 627 (9th Cir. 2014) (similar).  The error clearly affected Samsung's substantial rights, *see* Fed. R. Civ. P. 51(d)(2), because it led to a $399 million infringer's profits award that is unsupportable.

1    profits.  *See Samsung*, 137 S. Ct. at 434.  Apple's contrary suggestion is absurd.[12]

2         Finally, contrary to Apple's intimations (at 2, 11, 20), it is insignificant that the Supreme

3    Court and the Federal Circuit did not themselves address the error in this Court's instructions.  The

4    Supreme Court announced the governing rule of law and remanded "for further proceedings

5    consistent with [its] opinion," *Samsung*, 137 S. Ct. at 436—the Court's customary decretal

6    language in opinions reversing or vacating judgments of the courts of appeals.  And the Federal

7    Circuit would not have remanded to this Court to determine what jury instructions were supported

8    by the evidence at trial if the given instructions had accurately stated the law.

9                                    **CONCLUSION**

10        Samsung respectfully requests that the Court vacate the $399 million design-patent

11   judgment and order a new trial on design-patent damages.[13]

12

13

14

15

16

17

18

19

20   _____

21   [12]  Nor did these instructions simply leave it to the jury to decide whether to award Samsung's
     total profit on the accused phones or some lesser amount of profit, as Apple now appears to
22   suggest (at 20).  In instructing that the jury "may" award Samsung's "total profit attributable to the
     infringing products," the instructions acknowledged that the jury could award *either* infringer's
23   profits under Section 289 or actual damages under Section 284.  *See* Dkt. 1903 at 71.  The word
     "may" plainly refers to that choice.  Nowhere did the instructions suggest that the jury could
24   award under Section 289 an amount less than Samsung's total profit on its entire phones.  In fact,
     the instructions stated explicitly—following the "may" language that Apple invokes—that "*Apple*
25   *is entitled to all profit* earned by [Samsung] on sales of articles that infringe Apple's design
     patents."  *Id.* at 72 (emphasis added).
26
     [13]  Though not at issue here, Apple asserts (at 9 n.3, 11 n.5) that the $149 million utility-patent
27   judgment is "final."  Samsung disagrees and continues to reserve its rights to restitution based on
     the invalidation of the relevant claim of the '915 patent.
28

1   DATED:        May 12, 2017            QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
2

3

4                                        By   /s/ Victoria F. Maroulis
                                             John B. Quinn
5                                            Kathleen M. Sullivan
                                             William C. Price
6                                            Michael T. Zeller
                                             Kevin P.B. Johnson
7                                            Victoria F. Maroulis

8                                            Attorneys for SAMSUNG ELECTRONICS CO.,
9                                            LTD., SAMSUNG ELECTRONICS AMERICA,
                                             INC., and SAMSUNG
10                                           TELECOMMUNICATIONS AMERICA, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28