# EXHIBIT 1

```
 1                  UNITED STATES DISTRICT COURT

 2                NORTHERN DISTRICT OF CALIFORNIA

 3                       SAN JOSE DIVISION

 4

 5
     APPLE INC., A CALIFORNIA      )  C-11-01846 LHK
 6   CORPORATION,                  )
                                   )  SAN JOSE, CALIFORNIA
 7               PLAINTIFF,        )
                                   )  JULY 27, 2012
 8         VS.                     )
                                   )  PAGES 1-85
 9   SAMSUNG ELECTRONICS CO.,      )
     LTD., A KOREAN BUSINESS       )
10   ENTITY; SAMSUNG               )
     ELECTRONICS AMERICA,          )
11   INC., A NEW YORK              )
     CORPORATION; SAMSUNG          )
12   TELECOMMUNICATIONS            )
     AMERICA, LLC, A DELAWARE      )
13   LIMITED LIABILITY             )
     COMPANY,                      )
14                                 )
                 DEFENDANTS.       )
15   _____

16              TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE LUCY H. KOH
17            UNITED STATES DISTRICT JUDGE

18

19

20              APPEARANCES ON NEXT PAGE

21

22

23   OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                          CERTIFICATE NUMBER 9595
24

25
```

```
 1    A P P E A R A N C E S:

 2    FOR PLAINTIFF          MORRISON & FOERSTER
      APPLE:                 BY:  HAROLD J. MCELHINNY
 3                                MICHAEL A. JACOBS
                                  RACHEL KREVANS
 4                           425 MARKET STREET
                             SAN FRANCISCO, CALIFORNIA  94105
 5

 6    FOR COUNTERCLAIMANT    WILMER, CUTLER, PICKERING,
      APPLE:                 HALE AND DORR
 7                           BY:  WILLIAM F. LEE
                             60 STATE STREET
 8                           BOSTON, MASSACHUSETTS  02109

 9    FOR THE DEFENDANT:     QUINN, EMANUEL, URQUHART,
                             OLIVER & HEDGES
10                           BY:  VICTORIA F. MAROULIS
                                  KEVIN P.B. JOHNSON
11                           555 TWIN DOLPHIN DRIVE
                             SUITE 560
12                           REDWOOD SHORES, CALIFORNIA  94065

13                           BY:  MICHAEL T. ZELLER
                                  WILLIAM C. PRICE
14                           865 SOUTH FIGUEROA STREET
                             10TH FLOOR
15                           LOS ANGELES, CALIFORNIA  90017

16    FOR INTERVENOR         RAM, OLSON,
      REUTERS:               CEREGHINO & KOPCZYNSKI
17                           BY:  KARL OLSON
                                  XINYING VALERIAN
18                           555 MONTGOMERY STREET, SUITE 820
                             SAN FRANCISCO, CALIFORNIA  94111
19
      FOR NOKIA:             ALSTON & BIRD
20                           BY:  STEVEN D. HEMMINGER
                             275 MIDDLEFIELD ROAD, SUITE 150
21                           MENLO PARK, CALIFORNIA  94025

22

23             APPEARANCES CONTINUED ON NEXT PAGE

24

25
```

```
 1

 2     APPEARANCES (CONTINUED)

 3
       FOR PHILIPS:         FINNEGAN, HENDERSON, FARABOW,
 4                          GARRETT & DUNNER
                            BY:  ROBERT F. MCCAULEY III
 5                          3300 HILLVIEW AVENUE
                            PALO ALTO, CALIFORNIA   94304
 6

 7     FOR INTEL:           PERKINS COIE
                            BY:  CHRISTOPHER KELLEY
 8                          3150 PORTER DRIVE
                            PALO ALTO, CALIFORNIA   94304
 9

10     FOR RIM:             IRELL & MANELLA
                            BY:  DAVID A. SCHWARZ
11                          1800 AVENUE OF THE STARS
                            SUITE 900
12                          LOS ANGELES, CALIFORNIA   90067

13     FOR INTER DIGITAL:   WILSON, SONSINI,
                            GOODRICH & ROSATI
14                          BY:  DYLAN J. LIDDIARD
                            650 PAGE MILL ROAD
15                          PALO ALTO, CALIFORNIA   94304

16     FOR MOTOROLA:        WINSTON & STRAWN
                            BY:  JENNIFER A. GOLINVEAUX
17                          101 CALIFORNIA STREET
                            SAN FRANCISCO, CALIFORNIA   94111
18

19     FOR IBM:             KING & SPALDING
                            BY:  TIMOTHY T. SCOTT
20                          333 TWIN DOLPHIN DRIVE
                            SUITE 400
21                          REDWOOD SHORES, CALIFORNIA   94065

22

23

24

25
```

1    PUBLIC.  I'M REALLY MORE CONCERNED ABOUT THESE
2    THIRD PARTIES.
3             OKAY.  YOU RAISE A GOOD POINT, THOUGH.
4    AT WHAT POINT DOES THIS INFORMATION BECOME STALE
5    AND ESSENTIALLY LOSE ITS TRADE SECRET NATURE?
6             LET ME HEAR FROM THE PARTIES ON THAT,
7    BECAUSE I'M NOT GOING TO LET YOU GO BACK AND --
8    LIKE MR. OLSON SAID, WHAT MAKES A 20-YEAR-OLD
9    DOCUMENT STILL TRADE SECRET?
10            MR. JACOBS:  I WON'T ARGUE FOR THE
11   20-YEAR-OLD DOCUMENT, YOUR HONOR, BUT I HAVE TO TRY
12   TO DO A COUPLE OF THINGS WITH RESPECT TO YOUR
13   RULING SO FAR.
14            THE -- FIRST OF ALL, LET'S DISTINGUISH
15   BETWEEN THE FILINGS THAT WERE MADE ALREADY.  THOSE
16   FILINGS WERE MADE ON THE UNDERSTANDING THAT THE
17   COURT WOULD FOLLOW ITS PRACTICE OF, IF WE WERE
18   TARGETED, WE COULD MAINTAIN SENSITIVE FINANCIAL
19   INFORMATION, SENSITIVE MARKET RESEARCH UNDER SEAL.
20            AND SO IF WE'RE TALKING ABOUT -- I THINK,
21   THOUGH, THE WAY I HEAR YOUR HONOR, WHAT YOU WANTED
22   US TO DO IS EVEN AS TO THE PAST, GO BACK AND
23   REFILE, BUT LEAVE THE COST INFORMATION, THE
24   SENSITIVE MARKET RESEARCH IN THE PUBLIC FILE, AND
25   THAT WOULD REALLY WREAK HAVOC.

1           THE PRINCIPLE OF <u>ELECTRONIC ARTS</u> IS THAT
2  TRADE SECRETS SHOULD BE PROTECTED IN THE COURSE OF
3  LITIGATION LIKE THIS, AND IT WAS JUST THAT THAT
4  LICENSE AGREEMENT WAS THE EXAMPLE AT THE TIME.
5           BUT, FOR EXAMPLE, APPLE'S COSTING DATA --
6  I SUSPECT YOU'LL HEAR SIMILARLY FROM SAMSUNG -- YOU
7  HAVE IN OUR JOINT FILINGS, ITS COSTING DATA,
8  THAT -- TO LET THE COSTING INFORMATION OR THE
9  MARGIN INFORMATION, THE KINDS OF INFORMATION THAT
10 GO TO THE BASIC ECONOMICS OF THE MANUFACTURER OF
11 PARTICULAR PRODUCTS OUT ON THE MARKET GIVES AN
12 ADVANTAGE TO THIRD PARTIES THAT THEY SHOULDN'T
13 HAVE, THAT THEY HAVE NO RIGHT TO HAVE.
14          AND IT'S NOT A PUBLIC INFORMATION ISSUE.
15 IT DOESN'T HELP VENTILATE OR ILLUMINATE THE ISSUES
16 THAT ARE BEING TRIED HERE FOR THAT INFORMATION TO
17 BE SPILLED ON THE PUBLIC RECORD.
18          SO WE WOULD STRONGLY, STRONGLY BESEECH
19 YOUR HONOR TO ALLOW US TO MAKE A PARTICULARIZED
20 SHOWING ON A DOCUMENT-BY-DOCUMENT BASIS THAT YOU
21 WERE SUGGESTING EVEN AS TO OTHER SENSITIVE
22 CATEGORIES, AND TO DO IT FOR THE FINANCIAL
23 INFORMATION, ESPECIALLY THE FINANCIAL INFORMATION
24 THAT WE'VE SOUGHT TO BE SEALED RETROSPECTIVELY.
25          GOING FORWARD, WE HAVE A PROPOSED --

1  ACTUALLY, IT MAY HAVE COME IN JUST AS YOU WERE
2  GETTING READY TO COME OUT ON THE BENCH.
3              THE COURT:  OH, YOU JUST FILED -- YOU
4  FILED, LIKE, A HUNDRED -- THERE ARE A HUNDRED
5  ENTRIES ON THE DOCKET SINCE, WHAT, WEDNESDAY?
6              MR. JACOBS:  WE FILED A PROPOSED ORDER
7  JOINTLY WITH SAMSUNG.  WE'VE HEARD YOUR HONOR ABOUT
8  WORKING TOGETHER TO TRY AND MAKE THIS A MANAGEABLE
9  PROCESS.
10             AND GOING FORWARD, WE HAVE A PROTOCOL FOR
11 THESE CATEGORIES OF INFORMATION AS WELL.
12             BUT THE COST INFORMATION IN PARTICULAR,
13 THE SENSITIVE FINANCIAL INFORMATION THAT THE
14 COMPANIES MAINTAIN EXTREMELY -- THAT THE COMPANY
15 MAINTAINS EXTREMELY CLOSELY HELD WITHIN APPLE, WE
16 WOULD ASK THAT YOUR HONOR CONSIDER IT AS -- THAT WE
17 HAVE DEMONSTRATED THAT IT IS TRADE SECRET, THAT IT
18 FITS WITHIN THE APPLICABLE STANDARDS, THE NINTH
19 CIRCUIT DECISIONAL LAW, AND THAT WE SHOULD BE ABLE
20 TO MAINTAIN THAT UNDER SEAL.
21             GOING RETROSPECTIVELY, WE BELIEVE WE'VE
22 MADE THE SHOWING.
23             BUT WE WOULD MAKE IT ON A
24 DOCUMENT-BY-DOCUMENT BASIS.  PROSPECTIVELY WE WOULD
25 FOLLOW THE PROTOCOL SET FORTH IN THE PROPOSED ORDER

1  THAT I WAS REFERRING TO A MINUTE AGO.
2              MS. MAROULIS:  YOUR HONOR, I CONCUR WITH
3  WHAT MR. JACOBS SAID AND I WILL NOT REPEAT
4  ANYTHING, BUT SAMSUNG SUBMITTED MULTIPLE
5  DECLARATIONS EXPLAINING HOW SENSITIVE THE COST DATA
6  IS THAT'S BEING PART OF THE MOTIONS TO SEAL.
7              THE COURT:  BUT ONE OF THE THINGS THAT
8  YOU SOUGHT TO SEAL WAS ACTUALLY IN YOUR S.E.C.
9  FILINGS.
10             MS. MAROULIS:  YOUR HONOR, THE 15
11 EXHIBITS THAT WE SUBMITTED WITH OUR MOTION WERE
12 VERY DETAILED COST EXPLANATIONS, AND THE CASE THAT
13 WE CITED IN OUR BRIEFS, THE <u>BOWERMAN BRAS VERSUS
14 NIKE</u>, IS EXACTLY ON POINT WHERE COST OF GOODS SOLD,
15 PRICING, AND OTHER SIMILAR ISSUES WERE ILLUMINATED.
16             THE DOCUMENTS WE SEEK TO SEAL ARE
17 STEP-BY-STEP BLUEPRINTS THAT A COMPETITOR CAN GET
18 THEIR HANDS ON AND BE ABLE TO PRICE SAMSUNG OR
19 APPLE OUT BECAUSE THEY CAN COMPETE UNFAIRLY BASED
20 ON THAT.
21             AND AS MR. JACOBS SAID, IT WOULD NOT GIVE
22 THE PUBLIC ANY ADVANTAGE BECAUSE THEY WOULDN'T
23 UNDERSTAND THOSE DOCUMENTS ANYWAY.
24             BUT THE PARTIES WORKED VERY CLOSELY AND
25 WILL CONTINUE TO WORK TO SEAL ON A VERY, VERY SMALL