RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S SUPPLEMENTAL BRIEF REGARDING SAMSUNG'S WAIVER OF ARGUMENTS ABOUT THE PROPER "ARTICLE OF MANUFACTURE"**<br><br>Date:  June 29, 2017<br>Time:  1:30pm<br>Place:  Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

# **TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ....................................................................................................................... 1

    A.  Proposed Instruction No. 42.1 Was Unwarranted Because Samsung Waived Its Article Of Manufacture Argument. ...................................................... 1

    B.  It Would Have Been Error To Give Proposed Instruction No. 42.1 Because It Contained Two Legal Errors. ............................................................... 1

    C.  The Trial Record Does Not Contain Sufficient Evidence To Support Proposed Instruction No. 42.1. ............................................................................. 2

III. CONCLUSION .................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Apple Inc. v. Samsung Elecronics Co.*,
   No. 14-1335, 2017 WL 490419 (Fed. Cir. Feb. 7, 2017) .......................................................... 1

*Beaver v. Taylor*,
   93 U.S. 46 (1876) .................................................................................................................... 2

*Samsung Electronics Co. v. Apple Inc.*,
   137 S. Ct. 429 (2016) ...................................................................................................... 1, 2, 4

*Transportation Line v. Hope*,
   95 U.S. 297 (1877) .................................................................................................................. 2

*Union Ins. Co. v. Smith*,
   124 U.S. 405 (1888) ................................................................................................................ 2

*Worthington v. Mason*,
   101 U.S. 149 (1879) ................................................................................................................ 2

## I.   INTRODUCTION

Samsung asked both the Supreme Court and the Federal Circuit to order a new trial on design patent damages, and both declined to do so. Neither appellate court found any error in this Court's treatment of design patent damages or its jury instructions. Instead, the Supreme Court remanded the case for a determination of what further proceedings were required, *Samsung Electronics Co. v. Apple Inc.*, 137 S. Ct. 429, 436 (2016), and the Federal Circuit remanded for this Court to consider "what additional proceedings, *if any*, are needed," *Apple Inc. v. Samsung Electronics Co.*, No. 14-1335, 2017 WL 490419, at *2 (Fed. Cir. Feb. 7, 2017).[1] Because Samsung waived any argument that the relevant articles of manufacture are anything other than the entire infringing phones, because it would have been error to give Samsung's proposed jury instruction, and because Samsung presented no evidence at trial sufficient to instruct the jury that it could find anything less than the infringing phones to be the articles of manufacture, Samsung's request for a new trial with respect to the awarded design patent damages should be denied.

## II.   ARGUMENT

### A.   Proposed Instruction No. 42.1 Was Unwarranted Because Samsung Waived Its Article Of Manufacture Argument.

As explained in Apple's previous briefs, Samsung waived the "article of manufacture" argument it now asserts by never disclosing or developing it during discovery and by limiting its § 289 damages theories to a calculation of Samsung's profits on the entire phones (not any smaller "article") and its now-abandoned apportionment theory that attempted to divide profits between the infringing designs and other, technical features of the phones. Dkt. 3490-2 at 5-7, 13-16; Dkt. 3497 at 4-5. Samsung's waiver is confirmed by its failure to identify the "article of manufacture" as a disputed issue in the joint pretrial statement. Dkt. 1189; Dkt. 3490-2 at 17-18.

### B.   It Would Have Been Error To Give Proposed Instruction No. 42.1 Because It Contained Two Legal Errors.

Samsung now contends that this Court was required to provide the jury with a single sentence from Samsung's Proposed Instruction No. 42.1, which stated that the "article of

---

[1] All emphases added unless otherwise noted.

manufacture … is the part or portion of the product as sold that incorporates or embodies the subject matter of the patent." Dkt. 1694 at 140; Dkt. 3491 at 7-8, 14.  But the Court was not required to parse each sentence of each proposed instruction to ascertain whether particular sentences in hundreds of pages of proposed instructions should have been included in the final instructions.  *Worthington v. Mason*, 101 U.S. 149, 149 (1879).  This is especially true here, because Samsung merely lodged a general objection to this Court's decision not to give Proposed Instruction No. 42.1 *as a whole*, and did not call out the sentence it now advances.  Dkt. 1998 at 3917 ("With respect to … Number 42.1 on design patent damages, profits, we would object to the omission of our proposed instruction.").  If a party makes only a general objection to the failure to give an instruction, the court is justified in not giving the instruction where, as here, at least one proposition in the instruction is wrong.  *Union Ins. Co. v. Smith*, 124 U.S. 405, 424 (1888); *Transportation Line v. Hope*, 95 U.S. 297, 301 (1877); *Beaver v. Taylor*, 93 U.S. 46, 54 (1876).

Samsung's Proposed Instruction No. 42.1 clearly contained two errors of law.  First, it defined the article of manufacture as ***invariably*** less than the entire product as sold, even though the Supreme Court specifically held that "the term 'article of manufacture' is broad enough to encompass ***both a product sold to a consumer*** as well as a component of that product." Dkt. 3490-2 at 18 (quoting *Samsung*, 137 S. Ct. at 435).  Second, the instruction included Samsung's erroneous (and now abandoned) apportionment theory.  *Id.*[2]

### C. The Trial Record Does Not Contain Sufficient Evidence To Support Proposed Instruction No. 42.1.

The Court was also justified in refusing to give Proposed Instruction No. 42.1 because the trial record did not contain sufficient evidence to permit a finding that Samsung applied the patented designs to anything less than its entire phones.  No witness identified any smartphone component as the article of manufacture for the jury, nor did Samsung present any calculation of

---

[2] Samsung argues that its proposed instruction does not require an impermissible "apportionment" because the Supreme Court's holding "***requires*** segregation of 'profit made on [the relevant] article of manufacture.'" Dkt. 3498 at 12 (emphasis in original).  But Samsung's proposed instruction would have required the jury to omit "profits earned from the technology by which the devices operate or from any other functions of the devices" (Dkt. 1694 at 140), which would have required exactly the type of apportionment this Court and the Federal Circuit rejected.

profits on any smartphone component. On the contrary, the *only* article of manufacture used by both parties' experts to calculate § 289 damages was the entire infringing phone.

Samsung has tried to blame this Court's rulings for the absence of evidence supporting its new position on this issue. *E.g.*, Samsung Statement in Supp. of Remand at 3 (arguing that "[t]he district court fully embraced Apple's entire-product argument, rejecting Samsung's repeated efforts to limit infringer's profits under Section 289 to profit attributable to the components of the products to which the patented designs were applied"). But as this Court is well aware, it was Samsung's attempt to apportion profits between the design and other, technical features that was rejected, not any argument about the article of manufacture. *See* Dkt. 1157 at 9-10.

Samsung presented no design, infringement, or other expert witness (or any lay witness) to testify about any "article of manufacture"—and its damages expert treated the entire phone as the article of manufacture. Nor did Samsung cross-examine Apple's witnesses on the subject. Samsung now cites scattered evidence (Dkt. 3491 at 8-14) introduced for a variety of different purposes, but that evidence does not provide a basis on which the jury could have found the article of manufacture to be less than the entire phone or calculated profits on such an article.

Samsung points to Apple's design patents and testimony from Apple's witnesses about the patents. Dkt. 3491 at 8-11. But even Samsung concedes that the testimony it cites was directed to "infringement," not damages. *Id.* at 10. Further, Samsung conflates evidence of the designs *claimed* by the patents with evidence of what article those designs were *applied* to (*i.e.*, the article of manufacture). On this latter point, Apple's experts Peter Bressler and Susan Kare were clear that the claimed designs were applied to the infringing phones. *E.g.*, Dkt. 1611 at 1049 ("It's my opinion that this phone, *the design of this phone* would be considered substantially the same as the design of the '087 and '677 patents by an ordinary observer."); *id.* at 1057 (referring to "*the design or appearance of these [infringing] phones*"); *id.* at 1055 (referring to "*the design of the Galaxy S 4G*"); *id.* at 1150 ("[T]he ordinary observer should be getting an overall impression of what *the design of the phone* is[.]"); Dkt. 1612 at 1376 ("This is another *Samsung phone* called the Captivate where I found similarly that the *overall visual impression* was substantially similar

to the D'305[.]"); *id.* at 1377-1379 (same for Continuum, Droid Charge, Epic 4G, Galaxy S 4G, Indulge, Gem, Infuse 4G, Mesmerize, Galaxy S Showcase phones).

Samsung also points to evidence regarding the patents' validity, Samsung's copying, and even Apple's defenses to Samsung's infringement claims. Dkt. 3491 at 11-14. None of this evidence was directed to identifying the "article of manufacture," and none of it would have allowed the jury to identify a particular component of Samsung's phones as the relevant article. Dkt. 3497 at 11-13. For example, Samsung relies on an Apple tear-down of the infringing Vibrant to show the accused phones are comprised of "[p]hysically [s]eparable" components. Dkt. 3491 at 11-12. But the fact that the phones contain multiple components does not alone support a finding that any of those components was the "article" to which Samsung applied the patented designs. Such a per se rule would be contrary to the Supreme Court's holding that the article of manufacture may be either "a product sold to consumers" or "a component of that product." *Samsung*, 137 S. Ct. at 434. And none of the components Samsung claims were identified in the tear-down—such as the "loudspeaker, SIM card slot, camera, motherboard" (Dkt. 3491 at 11)—even corresponds to what Samsung now asserts as the relevant articles. Tellingly, Samsung has been unable to consistently define the alleged "articles of manufacture," and nowhere has Samsung linked the evidence it says supported Proposed Instruction No. 42.1 to any of the asserted "articles" it has proffered.[3] It would not have been reasonable to ask the jury to identify "articles of manufacture" other than the entire phones based on the evidence when Samsung itself has been unable to do so and failed to offer the jury *any* proposed identification.

---

[3] At the Federal Circuit, Samsung identified the "articles of manufacture" as "a phone's outer casing" and "a graphical user interface." Samsung Fed. Cir. Reply Br. at 17. Before the Supreme Court, Samsung described "the relevant article[s]" as "the round-cornered, glass front face of the smartphone" (D'677), "the round-cornered, glass front face of the smartphone plus its surrounding rim" (D'087), and "the display screen that sits beneath a smartphone's glass front face" or a "single icon grid display" (D'305). Samsung S. Ct. Pet. Br. at 26, 54-55. Samsung now argues that the articles are "the glass front face of a smartphone (D'677) [and] the glass front face of a smartphone plus its surrounding bezel (D'087)." Dkt. 3486 at 16. Samsung's asserted "article of manufacture" for the D'305 patent continues to vacillate between "the relevant portion of a display screen on which a GUI design is displayed" (Dkt. 3486 at 16) and "a single array of GUI icons on a display screen" (Dkt. 3491 at 8).

APPLE'S SUPPLEMENTAL BRIEF RE: SAMSUNG'S WAIVER OF "ARTICLE OF MANUFACTURE" ARGUMENTS
Case No. 11-cv-01846-LHK

4

Samsung's failure to identify any alternative article of manufacture for the jury is underscored by its failure to develop or present a damages calculation for any such alternative. As Samsung conceded before the Supreme Court, "the record contains no proof of total profit from" any component that Samsung may claim to be the relevant articles. Samsung S. Ct. Pet. Br. 54 (capitalization altered). That is because Samsung's only damages evidence under § 289 was a calculation of profits on the entire phone. *See supra* p. 1. Thus, even if the disconnected pieces of evidence cited by Samsung could somehow support a finding that the articles of manufacture are only smartphone components (though they cannot), it would have been futile to instruct the jury on that point because the only § 289 damages calculations before the jury—as presented by ***both*** parties—determined profits based on the entire infringing smartphones. There was simply no evidence in the record that would have allowed the jury to calculate Samsung's profits on any component of the infringing phones. Indeed, Samsung actively sought to keep evidence that might have enabled that calculation away from the jury. *See* Dkt. 3490-2 at 14.[4]

In short, Samsung offered the jury no basis on which it could identify any article of manufacture other than the whole smartphone, let alone calculate profits on such an article. Should this Court order a new trial, the Court would need to fashion a new instruction for how to determine the article of manufacture. Since such an instruction would be meaningless on the current record, the Court would also need to re-open discovery and allow for new expert reports regarding the identity of the articles of manufacture and the profits associated with those articles. The need for new instructions and new evidence reinforces that Samsung waived this issue and that the Court's refusal to give Proposed Instruction No. 42.1 caused no prejudice.

## III. CONCLUSION

For the foregoing reasons and those stated in Apple's other briefs on this subject, the Court should reject Samsung's request for a new trial.

---

[4] Had Samsung actually contended during discovery and trial that it applied the patented designs to any "article of manufacture" other than its entire phones, Samsung surely would have identified those articles and provided a calculation of profits thereon—and Apple likewise would have had the opportunity to provide an alternative profits calculation.

Case No. 11-cv-01846-LHK

5

Dated: June 26, 2017

WILMER CUTLER PICKERING HALE AND DORR LLP

By: */s/ Mark D. Selwyn*
　　　Mark D. Selwyn

Attorneys for Plaintiff
APPLE INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on June 26, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*/s/ Mark D. Selwyn*
Mark D. Selwyn