QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S JUNE 22 & 23, 2017 ORDERS**<br><br>**Hearing:**<br><br>Date: June 29, 2017<br>Time: 1:30 p.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

**INTRODUCTION**

Pursuant to the Court's Orders (Dkts. 3501, 3502), Samsung respectfully submits this supplemental brief in support of its request for a new damages trial on all products for which the juries awarded design-patent damages. As Samsung has explained, the narrow issue before the Court under the Federal Circuit's mandate is whether Samsung's infringer's profits instruction (Proposed Instruction No. 42.1) had a "foundation in the evidence," such that it should have been given in the prior trials. The trial record contains overwhelming evidence that the relevant articles of manufacture were components of Samsung's accused phones, not the entire phones. Samsung thus was entitled to its proposed instruction, which would have allowed the jury to so find, and is now entitled to a new damages trial before a properly-instructed jury.

There is nothing "audacious" (as Apple puts it) about this request for a new trial—it is in fact standard practice to order a new trial where, as here, there was prejudicial instructional error. Apple, on the other hand, does seek an unprecedented result: Apple still has not identified a single case in which a lower court effectively countermanded a Supreme Court decision by holding that a party failed to preserve the very argument on which it prevailed in the Supreme Court.[1]

It would also be unjust and inequitable to hold that Samsung waived its "article of manufacture" argument or is otherwise unable to benefit from its success in the Supreme Court based on arguments that *Apple itself* has plainly waived. Nowhere in the multiple prior rounds of briefing on this issue has Apple shown where it timely raised *any* of its present objections to Proposed Instruction No. 42.1. And none of the normal policy bases for enforcing a waiver against Samsung is present here, for Apple was on notice of Samsung's position before, during, and after trial, and the issue was raised and decided on appeal and at the Supreme Court.

The only interest that would be served by finding waiver would be Apple's interest in

---

[1] Apple asserts (Dkt. 3497 ("Opp.") at 3) that the Supreme Court's issuance of "a new rule frequently does not alter the case's ultimate disposition," but in both cited cases the Federal Circuit reached the same "ultimate disposition" based on *alternate* grounds *not* before the Supreme Court (direct infringement), not by finding waiver of the issue that the Supreme Court addressed and decided (induced infringement). *See Commil USA, LLC v. Cisco Sys., Inc.*, 813 F.3d 994, 997 (Fed. Cir. 2015); *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1025 (Fed. Cir. 2015) (en banc) (per curiam).

maintaining a windfall recovery that it could not possibly obtain under the Supreme Court's new rule. The $399 million design-patent judgment is predicated on jury instructions that are plainly erroneous given the Supreme Court's decision. The Court should order a new damages trial.

## ARGUMENT

**1.** Under the Federal Circuit's mandate, the only issue before the Court in determining whether to grant a new damages trial is "what jury instructions the current trial record supports." *Apple Inc. v. Samsung Elecs. Co.*, 2017 WL 490419, *2 (Fed. Cir. Feb. 7, 2017). As Samsung has explained and Apple nowhere disputes, the evidentiary requirement for a proposed jury instruction is lenient: a party is entitled to a legally-correct proposed instruction so long as it has "foundation in the evidence," *Hunter v. County of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011)—a standard that is met where there "is any direct or circumstantial evidence to support" the proposed instruction, *Don Burton, Inc., v. Aetna Life & Cas. Co.*, 575 F.2d 702, 706 (9th Cir. 1978), or where "a reasonable jury could have found" for the proposing party consistent with the instruction, *Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 2005).

Apple has failed to refute Samsung's showing that the trial record contains overwhelming evidence from which the jury reasonably could have concluded that the relevant articles of manufacture—*i.e.*, "the part or portion of the product[s] as sold that incorporates or embodies the subject matter of the patent" (Dkt. 1694 at 140) (Proposed Instruction No. 42.1)—were less than the entire accused smartphones. This evidence includes (*see* Dkt. 3491 at 8-14):

(1) Apple's narrow design patents that cover only discrete portions of a smartphone, not the entire phone;

(2) admissions from Apple witnesses that the design patents are narrow in scope and that only discrete, corresponding portions of the accused phones are relevant to infringement;

(3) undisputed evidence and testimony from both Apple and Samsung witnesses—including a teardown of a Samsung phone—showing that smartphones have numerous physically separable components;

(4) undisputed product-review evidence showing that reviewers treat smartphones as multi-component products; and

(5) the accused phones themselves, which would have allowed the jury to confirm that the devices have distinct components.

Unable to deny that this evidence allowed a reasonable jury to find that the relevant articles of manufactures were components of Samsung's accused phones and not the entire phones, Apple advances the baseless argument (Opp. 11-14) that this evidence can simply be ignored because it purportedly was introduced for some "purpose[]" other than to identify an article of manufacture. But it is well established that evidence, once admitted, may be used for ***any*** purpose to which it is relevant.[2]  The "foundation in the evidence" standard, moreover, considers only whether the record contains adequate evidence, not for what purpose (or even by which party) that evidence was introduced.  *See, e.g.*, *Hunter*, 652 F.3d at 1232.  And Apple's unprecedented "purpose" rule would be unworkable in practice, for a party need not identify *why* it is introducing evidence and so there is no reliable way to determine, after the fact, why evidence was offered.  Thus, had the jury been properly instructed, Samsung could (and would) have relied on the extensive record evidence to argue that the relevant articles of manufacture were phone components; whether that evidence was relevant to other issues too has no bearing on Samsung's entitlement to a new trial.

**2.**  Apple's remaining arguments against a new damages trial are irrelevant under Ninth Circuit law, outside of the Federal Circuit's mandate, and/or have been waived.  Apple's sole objection to Proposed Instruction No. 42.1 during trial, in defending against Samsung's appeal, and in opposing Samsung's certiorari petition was that the proposed instruction supposedly was legally erroneous because an "article of manufacture" must be coextensive with a product as sold.  *See* Dkt. 1694 at 140; Answering Br., *Apple Inc. v. Samsung Elecs. Co.*, No. 2014-1335 ECF 77 at 51-52 (Fed. Cir.); Br. in Opposition 29, *Samsung Elecs. Co. v. Apple Inc.*, No. 15-777 (S. Ct.).  The Supreme Court rejected that legal rule, leaving Apple with no basis to resist a retrial.  *See*

---

[2]  *See*, *e.g.*, *Abbott Labs. v. Syntron Bioresearch Inc.*, 2001 WL 34082555, *4 (S.D. Cal. Aug. 24, 2001) (agreeing that "prior art reference[s], like any other piece of evidence, once admitted, [are] admissible for any purpose for which [they are] relevant"); 1 McCormick On Evid. § 54 (7th ed. 2016) ("[T]estimony … received without objection … becomes part of the evidence in the case and is usable as proof to the extent of its rational persuasive power."); 88 C.J.S. *Trial* § 188 (2017) ("Where evidence is admitted generally, it may be considered for any purpose for which it is relevant and competent.") (collecting cases; footnotes omitted); *cf. Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1377 (Fed. Cir. 2012) (reversing order excluding certain prior art references because, even if they were outside court order limiting scope of admissible prior art at trial, they were also relevant to corroborating witness's testimony about product characteristics).

*Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434 (2016). Samsung has addressed Apple's belated objections at length (Dkt. 3498) and makes only a few additional points here.

*First*, it is well established that a prejudicial instructional error, standing alone, requires a new trial. *See, e.g.*, Dkt. 3498 at 2, 10 (citing cases). This is all the more true when, as here, the jury was mis-instructed on the basic test for determining design-patent damages. Apple's assertions (Opp. 4-8)—themselves belated and waived—that Samsung had to preserve its "article of manufacture" position in discovery, expert rebuttal reports, the pretrial statement, arguments to the jury, or Rule 50 motions are thus incorrect under Ninth Circuit law. *See also* Dkt. 3498 at 8-10. In any event, there is no dispute that Apple *was* on notice of Samsung's "article of manufacture" position before trial, *see* Dkt. 1322 at 19-20, and that Apple made no discovery requests seeking earlier disclosure of that position.

*Second*, while Apple does not dispute that Samsung objected in this Court and the Federal Circuit to the omission of its Proposed Instruction No. 42.1, Apple continues to insist (Opp. 6-7, 10) that Samsung made no objection to given Instruction No. 54. This assertion is both irrelevant and false. Samsung's proposal of Instruction No 42.1 in lieu of Instruction No. 54 was itself sufficient to preserve its objection to Instruction No. 54.[3] In any event, Samsung did expressly object to Instruction No. 54, arguing that it wrongly equated the relevant article of manufacture with the product as sold and citing the *Piano Cases* in support. Dkt. 1998 at 3915-16.[4] And in the Federal Circuit, Samsung argued that "the design-patent damages instructions"—namely, Instruction No. 54—"erred in omitting a nexus to the 'article of manufacture.'" *Apple*, No. 2014-

---

[3] *See, e.g.*, *Hunter*, 652 F.3d at 1231-32 (party "properly objected" to given instruction by proposing competing instruction that placed court on notice of grounds for objection); *Medtronic, Inc. v. White*, 526 F.3d 487, 495-96 (9th Cir. 2008) (similar); *Glover v. BIC Corp.*, 6 F.3d 1318, 1327 (9th Cir. 1993) ("proposed ... instruction[] will serve as an objection to the instructions given the jury" if it is an "accurate statement[] of the law which should have brought to the court's attention the failure of the general charge to adequately address the issue").

[4] Contrary to Apple's mischaracterization (Opp. 7), Samsung plainly distinguished this "article of manufacture" objection from its separate objection to the lack of an instruction apportioning profits to the value of the design, explaining that the *Piano Cases* concerned "the definition of what the article is" and made clear that "profits have to be from" "the article to which the design was applied" (Dkt. 1998 at 3916).

1335 ECF 33 at 38-39 (capitalization removed).  Apple's untimely assertion of waiver is absurd.

*Third*, Apple faults (Opp. 14) Samsung for not providing "any alternative profits calculation," but ignores that it is *Apple's burden* to prove damages, *see* Dkt. 3498 at 5-6 (citing authorities), as Apple has acknowledged, *see* Dkt. 3486 at 7.  The asserted instructional error concerns the identity of the relevant articles of manufacture, not the subsequent question of quantifying profits from those articles.  *See Samsung*, 137 S. Ct. at 434 (setting forth two-step test for Section 289 profits).  Because a properly-instructed jury could have found for Samsung at step one, the burden fell on Apple, not Samsung, to establish profits from the relevant phone components.  Any absence of an "alternative profits calculation" thus cannot possibly affect Samsung's entitlement to a new trial.  And in any event, there was evidence from which the jury reasonably could have calculated component profits.  *See* Dkt. 3498 at 6-7.

*Fourth*, Apple incorrectly states (Opp. 11) that "Samsung could not show any prejudice" from instructional error, ignoring that prejudice is *presumed* from such error and that it is *Apple's burden* to show the error was harmless.  *See, e.g.*, *Dang v. Cross*, 422 F.3d 800, 811-12 (9th Cir. 2005).  Apple cannot satisfy that burden given the substantial evidence from which a jury could have found that the relevant articles of manufacture were components, not entire phones.

**3.**  Nor, finally, may Apple avoid a new trial because the Supreme Court supposedly merely "reversed the Federal Circuit's *reasoning*."  Opp. 1 (emphasis altered).  The Supreme Court reversed the Federal Circuit's *judgment* affirming the design-patent damages award.  *See Samsung*, 137 S. Ct. at 436.  That judgment rested on Instruction No. 54, which incorrectly told the jury that an "article of manufacture" necessarily refers to an entire product as sold.  *See* Dkt. 1903 at 72; *Apple*, 786 F.3d at 1002.  A new trial is necessary so that a properly-instructed jury can determine the correct amount of infringer's profits from the relevant articles of manufacture.[5]

## CONCLUSION

Samsung respectfully requests that the Court vacate the $399 million design-patent judgment and order a new trial on design-patent damages.

---

[5] Apple's attempt (Opp. 10-11) to distinguish Instruction 42.1 from the Supreme Court's holding fails for the reasons Samsung has previously discussed.  *See* Dkt. 3498 at 11-12.

1  DATED: June 26, 2017        QUINN EMANUEL URQUHART &
                                SULLIVAN, LLP

By  /s/ *Victoria F. Maroulis*
    John B. Quinn
    Kathleen M. Sullivan
    William C. Price
    Michael T. Zeller
    Kevin P.B. Johnson
    Victoria F. Maroulis

    Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC