UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO. LTD., et al.,<br><br>        Defendants. | Case No. 11-CV-01846-LHK<br><br>**ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT DAMAGES**<br><br>Re: Dkt. Nos. 3491, 3490-2 |

After two jury trials and decisions by both the Federal Circuit and the United States Supreme Court, the instant case has been remanded for a determination of whether a new trial on the $399 million award for design patent damages is required.  In *Samsung Electronics Co. v. Apple Inc.*, 137 S. Ct. 429 (2016) ("*Supreme Court Decision*"), the United States Supreme Court held that the "article of manufacture" for which total profits are awarded under 35 U.S.C. § 289 may be either "a product sold to a consumer [or] a component of that product."  *Id.* at 434. However, the United States Supreme Court declined to establish the test for identifying the article of manufacture for purposes of § 289.  *Id.*  After remand to the Federal Circuit, the Federal Circuit held that "the trial court should consider the parties' arguments in light of the trial record and

1   determine what additional proceedings, if any, are needed.  If the court determines that a new

2   damages trial is necessary, it will have the opportunity to set forth a test for identifying the

3   relevant article of manufacture for purposes of § 289, and to apply that test to this case." *Apple*

4   *Inc. v. Samsung Elecs. Co.*, __ F. App'x __, 2017 WL 490419, at *2 (Fed. Cir. Feb. 7, 2017)

5   ("*Federal Circuit Remand Decision*").

6          On remand, the parties have submitted briefing to the Court as to whether Samsung[1]

7   waived its article of manufacture theory and whether a new trial is warranted in the instant case.

8   *See* ECF Nos. 3491, 3490-2.

9          Having considered the parties' briefing, the relevant law, and the record in this case, the

10  Court finds that Samsung preserved the article of manufacture issue, but defers determination of

11  whether a new trial is warranted until after the Court resolves other outstanding issues, including

12  the establishment of the test for identifying the relevant article of manufacture for purposes of

13  § 289.

## I.    BACKGROUND

### A.    The Design Patents in the Instant Case and

16         After releasing the iPhone in 2007, Apple obtained design patents on a number of phone

17  design features.  As relevant here, Apple obtained the following three design patents: (1) the

18  D618,677 patent (the "D'677 patent"), which covers a black rectangular front face of a phone with

19  rounded corners; (2) the D593,087 patent (the "D'087 patent"), which covers a rectangular front

20  face of a phone with rounded corners and a raised rim; and (3) the D604,305 patent (the "D'305

21  patent"), which covers a grid of 16 colorful icons on a black screen.  *See Supreme Court Decision*

22  at 432–33.

23         On April 15, 2011, Apple sued Samsung for design patent infringement, utility patent

24  infringement, and trade dress infringement.  ECF No. 1.  After a thirteen day jury trial from July

---

[1] The Court refers to Samsung Electronics Company, Samsung Electronics America, and Samsung Telecommunications America collectively as "Samsung" in this order.

Case No. 11-CV-01846-LHK
ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT
DAMAGES

30, 2012 to August 24, 2012 (the "2012 trial") and approximately three full days of deliberation, the jury reached a verdict. *See* ECF No. 1931. The jury found that Samsung had infringed the D'677, D'087, and D'305 patents, Apple's utility patents, and Apple's trade dress. *Id.* The jury awarded approximately $1.049 billion to Apple on its infringement and trade dress claims. *Id.*

Samsung then successfully moved for judgment as a matter of law as to the 2012 jury verdict on the theory that Apple's utility and design patent infringement damages numbers relied on improper notice dates. *See* 35 U.S.C. § 287(a) (predicating infringement damages in certain circumstances on proof that "the infringer was notified of the infringement and continued to infringe thereafter"). Because Apple had not presented sufficient evidence to recalculate the appropriate damages award for some of the infringing sales at issue in light of the proper notice dates, the Court struck approximately $410 million from the 2012 jury award and ordered a limited new trial on utility and design patent damages relating only to the sales of those products (the "2013 trial"). *See* Dkt. 2271 at 26 ("Retrial Order"); 2316 at 2 (Case Management Order reinstating portion of original jury award).

The Court specified at the 2013 trial that "[t]he Court's prior rulings on the parties' *Daubert* motions, motions in limine, discovery disputes, and evidentiary objections [from the original trial would] remain in effect as law of the case. The parties [could] not relitigate these issues." ECF No. 2316 at 2. Thus, the Court limited the evidence and witnesses at the 2013 trial to the evidence that was admissible at the 2012 trial. *See* ECF No. 2369.

On November 21, 2013, after six days of trial and two days of deliberation, a jury awarded Apple approximately $290 million in damages for design and utility patent infringement. *See* ECF No. 2822. On March 6, 2014, after subsequent post-trial motions practice, the Court entered final judgment in favor of Apple in the amount of $929,780,039 on its design patent, utility patent, and trade dress claims.

### B.    Appeal of the Final Judgment

On appeal, on May 18, 2015, the Federal Circuit affirmed the jury verdict as to utility

1   patent and design patent infringement.  *See Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1005

2   (Fed. Cir. 2015) ("*Federal Circuit Appeal*").

3       With respect to design patent damages, Samsung argued that "the district court legally

4   erred in allowing the jury to award Samsung's entire profits on its infringing smartphones as

5   damages."  *Id.* at 1001–02.  Under 35 U.S.C. § 289, "[w]hoever . . . (1) applies the patented

6   design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or

7   (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation

8   has been applied shall be liable to the owner to the extent of his total profit."  Samsung raised two

9   theories to support its argument that design patent damages should have been less than Samsung's

10  "entire profits on its infringing smartphones."  *Federal Circuit Appeal* at 1001–02.

11      First, Samsung argued that "[t]he damages . . . should have been limited to the profit

12  attributable to the infringement" and that "consumers chose Samsung [products] based on a host

13  of other factors [besides the infringed designs]."  *Id.*  The Federal Circuit noted that this theory

14  essentially advocated "apportionment," which would "require[] [the patentee] to show what

15  portion of the infringer's profit, or of his own lost profit, was due to the design and what portion

16  was due to the article itself."  *Id.*  However, the Federal Circuit held that, as recognized in *Nike,*

17  *Inc. v. Wal–Mart Stores, Inc.*, 138 F.3d 1437 (Fed. Cir. 1998), Congress has rejected

18  apportionment for design patent damages under § 289.  *Federal Circuit Appeal* at 1001–02.

19      Second, Samsung argued that "the profits awarded [for design patent infringement] should

20  have been limited to the infringing 'article of manufacture,' not the entire infringing product."  *Id.*

21  The Federal Circuit rejected this theory because "[t]he innards of Samsung's smartphones were

22  not sold separately from their shells as distinct articles of manufacture to ordinary purchasers."  *Id.*

23  Thus, the Federal Circuit held that the design patent damages did not need to be limited to profits

24  attributable to an article of manufacture less than the entirety of each infringing Samsung phone.

25  *Id.*

26      In response, Apple argued that (1) "apportionment" was clearly precluded under *Nike*, and

27

28  Case No. 11-CV-01846-LHK
    ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT
    DAMAGES

United States District Court
Northern District of California

4

(2) Samsung's article of manufacture theory was a "novel interpretation" of § 289 that was not supported by any relevant in-circuit precedent.  *See Apple Inc. v. Samsung Electronics Co., Ltd.*, Fed. Cir. Case No. 2014-1335 ECF No. 80.

The Federal Circuit upheld the jury verdict as to Apple's design patent claims, utility patent claims, but vacated the jury verdict as to Apple's trade dress claims.  *Federal Circuit Appeal* at 994–96.  The Federal Circuit held that Apple's claimed trade dress was not protectable under Ninth Circuit law and vacated the jury verdict as to Apple's trade dress claims.  *Id.*  The Federal Circuit "remand[ed] for immediate entry of final judgment on all damages awards not predicated on Apple's trade dress claims and for any further proceedings necessitated by our decision to vacate the jury's verdicts on the unregistered and registered trade dress claims."  *Id.* at 1005.

On September 18, 2015, on remand, this Court entered partial final judgment in the amount of $548,176,477 as to the damages for products that were found to infringe only Apple's design and utility patents (and not Apple's trade dress).  ECF No. 3290.  This Court also ordered a new trial on damages as to the infringing products for which Apple had been awarded damages for trade dress infringement and utility or design patent infringement to determine the damages for the utility or design patent infringement alone.  ECF No. 3289.  The trial would begin on March 28, 2016.

### C.     Proceedings Before the United States Supreme Court

On March 21, 2016, the United States Supreme Court granted certiorari in this case. *Samsung Elecs. Co. v. Apple Inc.*, 136 S. Ct. 1453 (2016) (granting certiorari).  The question for which certiorari was granted was: "Where a design patent is applied to only a component of a product, should an award of infringer's profits be limited to those profits attributable to the component?"  *Id.*  As a result, on March 22, 2016, this Court vacated the March 28, 2016 trial and stayed the case.  ECF No. 3472.

On December 6, 2016, the United States Supreme Court held that determining profits

5

United States District Court
Northern District of California

under § 289 involves two steps: "First, identify the "article of manufacture" to which the infringed design has been applied. Second, calculate the infringer's total profit made on that article of manufacture." *Supreme Court Decision* at 434. On the first step, the United States Supreme Court held that the "article of manufacture" for which total profits are awarded under § 289 was not necessarily limited to the product that is sold to consumers, but may be either "a product sold to a consumer [or] a component of that product." *Id.*

However, the United States Supreme Court "decline[d] to lay out a test for the first step of the § 289 damages inquiry in the absence of adequate briefing by the parties. Doing so is not necessary to resolve the question presented in this case, and the Federal Circuit may address any remaining issues on remand." *Id.* at 436.

After remand, the Federal Circuit remanded the case to this Court and held that "the trial court should consider the parties' arguments in light of the trial record and determine what additional proceedings, if any, are needed. If the court determines that a new damages trial is necessary, it will have the opportunity to set forth a test for identifying the relevant article of manufacture for purposes of § 289, and to apply that test to this case." *Federal Circuit Remand Decision* at *2.

### D.     Proceedings on Remand in this Court

On April 21, 2017, Apple and Samsung each filed opening briefs on whether Samsung has waived the article of manufacture issue and whether a new trial on design patent damages is necessary in the instant case. ECF No. 3490-2 ("Apple Op."); ECF No. 3491 ("Samsung Op.").[2] On May 12, 2017, Apple and Samsung each filed responsive briefs. ECF No. 3497 ("Apple Resp."); ECF No. 3498 ("Samsung Resp.").

---

[2] The Court notes that Civil Local Rule 3-4(c)(2) states that "[p]rinted text may be proportionally spaced, provided the type may not be smaller than 12-point standard font (e.g., Times New Roman)," and that text "must be double-spaced." Samsung's opening brief violates this rule by using multiple, lengthy single-spaced bullet points. Apple's opening brief violates the spirit if not the text of this rule by kerning, e.g., decreasing the spacing between the letters. The Court may strike future briefs that do not comply with the Civil Local Rules.

Case No. 11-CV-01846-LHK
ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT DAMAGES

1    On June 22, 2017, the Court ordered supplemental briefing on the sufficiency of the record

2    as it relates to the article of manufacture issue.  ECF No. 3501.  On June 26, 2017, Apple and

3    Samsung filed their supplemental briefs.  ECF No. 3503 ("Apple Supp."); ECF No. 3504

4    ("Samsung Supp.").

5    **II.    DISCUSSION**

6    Samsung seeks a new trial on the grounds that, in light of the United States Supreme

7    Court's decision in this case, the Court provided legally erroneous instructions to the jury that

8    prejudiced Samsung.  Apple argues that Samsung has waived its right to seek a new trial on the

9    "article of manufacture issue," the jury instructions as given were not legally erroneous, and no

10    evidence in the record supported Samsung's proposed jury instruction.

11    First, because the parties sharply dispute the factual record concerning when Samsung

12    raised its article of manufacture argument, the Court first sets forth the progression of the article of

13    manufacture argument in the 2012 and 2013 trials.  Second, the Court addresses whether Samsung

14    adequately preserved its article of manufacture theory through motions for judgment as a matter of

15    law.  Third, the Court addresses whether Samsung adequately preserved the article of manufacture

16    issue with respect to the jury instructions, and whether a new trial should be granted.

17    **A.    Arguments About the Article of Manufacture at the 2012 and 2013 Trials**

18    Before the Court addresses the arguments made by Samsung at the 2012 and 2013 trials,

19    the Court first discusses the difference between Samsung's "apportionment" theory and its "article

20    of manufacture" theory.  First, "apportionment" "requires [the patentee] to show what portion of

21    the infringer's profit . . . was due to the [patented] design and what portion was due to the article

22    itself."  *Federal Circuit Appeal* at 1001.  Apportionment is based on the theory that an infringer

23    should only pay for the damages actually caused by the infringement itself.  However, as the

24    Federal Circuit has held, Congress rejected apportionment when it codified design patent damages

25    in § 289.  *See Nike*, 138 F.3d at 1441 (recognizing that apportionment is not allowed under § 289).

26    In contrast, Samsung's article of manufacture theory is that a patented design is not

27

28
Case No. 11-CV-01846-LHK
ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT
DAMAGES

United States District Court
Northern District of California

1   necessarily applied to the entire product that is sold, and thus profits from the entire product

2   should not always be awarded.  For example, the D'677 patent protects Apple's design of a phone

3   with a black face and rounded corners.  Samsung's article of manufacture theory is that the black

4   face and rounded corners of the D'677 patent only applies to the outer casing of the phone, and

5   thus profits attributable to other articles of manufacture—for example, the internal components of

6   the phone—should not be awarded under § 289.

7        Samsung does not contest that the issue of the proper article of manufacture was never

8   raised during discovery.  In fact, Samsung resisted attempts by Apple to obtain data about the

9   costs of components of Samsung's infringing phones.  *See* ECF No. 673 at 15 (order by

10  Magistrate Judge Paul Grewal holding that Samsung has previously withheld relevant information

11  on the "selling price per accused product, gross margin, expenses and operating profit"); ECF No.

12  880 at 10–14 (Magistrate Judge Paul Grewal imposing sanctions for Samsung's delay in providing

13  documents including the "'costed bills of materials' for the accused products").  However,

14  Samsung eventually produced pricing information to Apple about the component parts of

15  Samsung's phones.  *See* ECF No. 2607-5 at 16 (Apple's damages expert noting that he relied on

16  "a file that reflects detailed information on [Samsung's] material costs for the Accused Products").

17       One of Samsung's expert reports written by Michael Wagner, which Samsung filed as part

18  of its motion for summary judgment, included a damages theory that would have awarded Apple

19  less profit than the entire profit on Samsung's infringing phones.  *See* ECF No. 3198 ¶ 340

20  (utilizing consumer survey information to indicate a split between the profit attributable to the

21  design of Samsung's phones and its technology).  However, in response to Apple's motion to

22  exclude the damages theory from this expert report, Samsung solely argued that the expert report

23  was admissible based on its apportionment theory of damages, and did not mention the article of

24  manufacture theory.  ECF Nos. 1057, 1157 ("Samsung's opposition cites no legal basis for Mr.

25  Wagner's apportionment of damages, in clear contravention of 35 U.S.C. § 289, instead appealing

26  only to procedural and policy arguments for allowing apportionment in this case.").  The Court

27

28
    Case No. 11-CV-01846-LHK
    ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT
    DAMAGES

excluded Michael Wagner's expert report as to those damages because § 289 and Federal Circuit case law clearly exclude an apportionment theory of design patent damages.  *See* ECF No. 1157 (citing *Nike*, 138 F.3d at 1442-43 (noting that Congress removed "the need to apportion the infringer's profits between the patented design and the article bearing the design" when it passed the Act of 1887, which was subsequently codified under § 289)).

The first time Samsung raised its article of manufacture theory was in a trial brief filed on July 24, 2012, 6 days before the 2012 trial, which began on July 30, 2012.  In that trial brief, Samsung argued that § 289 "require[s] that profits disgorgement be limited to the 'article of manufacture' to which a patented design is applied" and that, as a result, Apple's attempt to seek "*all* of Samsung's profits from sales of the accused phones and tablets" would result in a windfall. ECF No. 1300 ("Samsung July 24, 2012 Trial Brief") at 19–22.  Samsung relied on *Bush & Lane Piano Co. v. Becker Bros.*, 222 F. 902 (2d Cir. 1915) ("*Piano I*"), and *Bush & Lane Piano Co. v. Becker Bros.*, 234 F. 79 (2d Cir. 1916) ("*Piano II*") (opinion after appeal following remand) (collectively, "the *Piano* cases"), in which the Second Circuit held that the patentee had been overcompensated for being awarded the profits from an entire piano when the design patent at issue only applied to the piano case, not the internal components of the piano itself.  *Piano I* at 904.

On August 13, 2012, Samsung raised this issue again in a Rule 50(a) motion for judgment as a matter of law following the close of Apple's case in chief.  Samsung argued that "Apple [has not] made any effort to limit the profits it's seeking to the article to which the design is applied. That's the plain language of [§ 289].  They are acting—they are assuming that the article to which the design is applied is the entire product, which is erroneous as a matter of law.  They have not factored out, for example, the technology and what drives those profits."  ECF No. 1839 at 201–02.

Also on August 13, 2012, Samsung filed its proposed jury instructions, which included Proposed Jury Instruction 42.1:

Case No. 11-CV-01846-LHK
ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT DAMAGES

United States District Court
Northern District of California

If you find that Samsung Electronics Company, Ltd., Samsung Electronics America, Inc. or Samsung Telecommunications America, LLC infringed any of Apple's design patents, and if you decide to award Apple profits from Samsung Electronics Company, Ltd.'s, Samsung Electronics America, Inc.'s or Samsung Telecommunications America, LLC's sales, you should award only those profits which were derived from the article of manufacture to which Apple's patented design was applied. The article to which Apple's design was applied may be the same as or different from Samsung's devices as sold because devices offered for sale may incorporate a single article of manufacture or several articles of manufacture. The article of manufacture to which a design has been applied is the part or portion of the product as sold that incorporates or embodies the subject matter of the patent. Where the article of manufacture is a case or external housing of the device, then only the profits from the sale of the case or external housing of the device should be awarded. Under these instructions, an award of profits for design patent infringement should not include profits earned from the technology by which the devices operate or from any other functions of the devices.

ECF No. 1694 ("Proposed Final Jury Instructions") at 151.

Apple objected to Proposed Jury Instruction 42.1 on the grounds that (1) the *Piano* cases were out-of-circuit, century-old precedent; (2) that the Federal Circuit's *Nike* decision "explain[ed] that [article of manufacture] refers to the product that is sold"; and (3) the instant case was distinguishable from the *Piano* cases because those cases "refer[] to the piano case being sold separately from the piano," whereas in the instant case, the outer case and internals of the phone are not sold separately. Proposed Final Jury Instructions at 151–52.

The Court excluded Proposed Jury Instruction 42.1. *See* ECF No. 1883. However, on August 20, 2012, at the jury instruction conference, Samsung objected to its exclusion:

We object to not including the language that we proposed, because we don't think it's a correct statement of the law that just because the design, as Apple alleges, applied to the front face of these articles, the outside of it, that they can then recover for the underlying technology. And, in fact, that's the exact kind of situation that the *Piano* cases found were a windfall, and we briefed this previously, your honor.
. . . .
And also, your honor, what I'm talking about with the *Piano* cases, just to be clear, there's not apportionment. It's actually the definition of what the article is. And in the *Piano* cases, basically the article was the outside of the piano and the recovery that was given was for all of the profits from the sale of the piano, and the court said that was essentially a windfall because the workings of it, it's not apportionment, it's rather that was the article to which the design was applied.

Case No. 11-CV-01846-LHK
ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT DAMAGES

That's what the profits have to be from.

ECF No. 1998 at 204–07

After trial, on October 2, 2012, Samsung moved for judgment as a matter of law. ECF No. 2013. In that motion, Samsung mixed the apportionment and article of manufacture theories. Samsung argued that Apple should have "limit[ed] its calculations of Samsung's profits to those attributable to use of the patented designs," which "violate[d] the causation requirement" that exists in "all patent infringement litigation." *Id.* at 18–19. Samsung then cited to the *Piano* cases, which Samsung argued applied the causation principle by "limiting infringer's profits to those attributable to design of piano case rather than whole piano." *Id.* at 19. Moreover, Samsung argued that "[t]he record contains no evidence that the entire sales value of Samsung's products was attributable to their outer casings or GUI, as opposed to the numerous noninfringing technological components that enable the devices to function and drive consumer choice." *Id.* at 19. In Samsung's November 9, 2012 reply brief in support of its motion for judgment as a matter of law, Samsung argued that Apple "fail[ed] to offer any evidence that [the profits awarded in the instant case] are the profits from the 'article of manufacture' at issue, which is the phones' outer casings or GUI." ECF No. 2131 at 4. The Court denied Samsung's motion for judgment as a matter of law under *Nike* and the Federal Circuit's precedent forbidding the apportionment of design patent damages. ECF No. 2271 at 12–13 (citing *Nike*, 138 F.3d at 1441 ("'It is expedient that the infringer's entire profit on the article should be recoverable,' for 'it is not apportionable' . . . .")).

At the 2013 trial, Samsung argued in a Rule 50(a) motion for judgment as a matter of law at the close of Apple's case that "Apple presents no evidence of apportionment." ECF No. 2842 at 113. However, Samsung's argument had two parts. First, Samsung explained that "Samsung previously cited a number of cases, including [the *Piano* cases] . . . , all of those cases stand for the proposition that you cannot get infringer's profits on the entire device and you can only do it for the actually infringing feature." *Id.* Second, Samsung argued that "Apple further did not present any evidence of causation, that these particular accused features of the design patents or the

11

1   patented designs drive the sales and did not include that in their calculation analysis." *Id.* at 113–

2   14.  The Court denied Samsung's motion.  *Id.* at 132.

3           After the 2013 trial, Samsung repeated verbatim in its Rule 50(b) motion for judgment as a

4   matter of law the arguments Samsung made in its Rule 50(b) motion for judgment as a matter of

5   law after the 2012 trial.  *See* ECF No. 2884-2 at 31–32.  The Court denied Samsung's motion on

6   the same grounds as the motion for judgment as a matter of law following the 2012 trial.  ECF No.

7   2947 at 16 n.8.

8           As discussed above, Samsung raised both the apportionment and article of manufacture

9   arguments on appeal.  The Federal Circuit upheld the jury verdict, and found that Samsung's

10  apportionment theory and article of manufacture theories lacked merit.  *Federal Circuit Appeal* at

11  1001–02.  The United States Supreme Court did not address Samsung's apportionment theory

12  because Samsung explicitly abandoned it at oral argument.  *Supreme Court Decision* at 434 n.2

13  ("Samsung abandoned this [apportionment] theory at argument, and so we do not address it."

14  (citing transcript of October 11, 2016 oral argument before the United States Supreme Court)).

15  However, as discussed above, the United States Supreme Court held that the article of

16  manufacture can be less than the product sold to consumers.  *Id.*

17          Based on the above procedural history, Apple argues that the article of manufacture issue

18  was undisputed before, during, and after trial, and thus has been waived.  Samsung argues that

19  Samsung preserved the article of manufacture issue both through its arguments in its motions for

20  judgment as a matter of law and through its objection to the exclusion of Proposed Jury Instruction

21  42.1.  The Court addresses each of Samsung's arguments in turn.

22          **B.      Judgment as a Matter of Law**

23          Apple argues that Samsung did not adequately preserve the article of manufacture issue in

24  its Rule 50(a) and 50(b) motions for judgment as a matter of law.  Although Samsung argues that

25  it did adequately raise the article of manufacture issue in its motions for judgment as a matter of

26  law, in the instant briefing, Samsung no longer seeks judgment as a matter of law with respect to

27

28  Case No. 11-CV-01846-LHK
    ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT
    DAMAGES

United States District Court
Northern District of California

12

the article of manufacture issue.  *See* Samsung Resp. at 10 ("Samsung's Rule 50(a) and 50(b) motions, while plainly pressing the 'article of manufacture' argument, are in any event legally irrelevant to whether Samsung is entitled to a ***new trial*** on design-patent damages based on instructional error—the sole question directed to the Court by the Federal Circuit's mandate."). Thus, in these post-remand proceedings, Samsung only seeks a new trial based on instructional error.  Accordingly, the Court need not reach whether Samsung adequately raised the article of manufacture issue in its Rule 50(a) and 50(b) motions for judgment as a matter of law.

### C.        Preservation of Issues and New Trial Based on Instructional Error

The Court next turns to whether a new trial is warranted based on instructional error. Samsung argues that the Court's exclusion of Proposed Jury Instruction 42.1 and its inclusion of Final Jury Instruction 54 constitute instructional error that requires a new trial.  Samsung argues that the jury instructions that were given to the jury required, or at least misleadingly suggested, that the entirety of each infringing Samsung phone was the article of manufacture from which damages should be calculated.  Final Jury Instruction 54 contained the following language:

> In this case, Apple seeks Samsung Electronics Company's, Samsung Electronics America's, and Samsung Telecommunications America's profits from sales of products alleged to infringe Apple's design patents.  If you find infringement by any Samsung defendant and do not find Apple's design patents are invalid, you may award Apple that Samsung defendant's total profit attributable to the infringing products.

> The "total profit" of Samsung Electronics Company, Samsung Electronics America and/or Samsung Telecommunications America means the entire profit on the sale of the article to which the patented design is applied, and not just the portion of profit attributable to the design or ornamental aspects covered by the patent. "Total profit" does not include profit attributable to other products that may be sold in association with an infringing article embodying the patented design.

> If you find infringement by any Samsung defendant, Apple is entitled to all profit earned by that defendant on sales of articles that infringe Apple's design patents. Profit is determined by deducting certain expenses from gross revenue. Gross revenue is all of the infringer's receipts from the sale of articles using any design found infringed. Apple has the burden of proving the infringing defendant's gross revenue by a preponderance of the evidence.

ECF No. 1901 ("Final Jury Instructions") at 72.  Samsung argues that Final Jury Instruction 54's

13

United States District Court
Northern District of California

1    statement that "you may award Apple [Samsung's] total profit attributable to the infringing

2    products" shows that the jury was misled to believe that Samsung's infringing "products" were the

3    relevant articles of manufacture within the meaning of § 289.  *Id.*

4        Samsung contends that its Proposed Jury Instruction 42.1 would have cured the problems

5    with Final Jury Instruction 54, but that the Court improperly excluded it.  Proposed Jury

6    Instruction 42.1 provided the following:

> If you find that Samsung Electronics Company, Ltd., Samsung Electronics
> America, Inc. or Samsung Telecommunications America, LLC infringed any of
> Apple's design patents, and if you decide to award Apple profits from Samsung
> Electronics Company, Ltd.'s, Samsung Electronics America, Inc.'s or Samsung
> Telecommunications America, LLC's sales, you should award only those profits
> which were derived from the article of manufacture to which Apple's patented
> design was applied. The article to which Apple's design was applied may be the
> same as or different from Samsung's devices as sold because devices offered for
> sale may incorporate a single article of manufacture or several articles of
> manufacture. The article of manufacture to which a design has been applied is the
> part or portion of the product as sold that incorporates or embodies the subject
> matter of the patent. Where the article of manufacture is a case or external
> housing of the device, then only the profits from the sale of the case or external
> housing of the device should be awarded. Under these instructions, an award of
> profits for design patent infringement should not include profits earned from the
> technology by which the devices operate or from any other functions of the
> devices.

17   Proposed Final Jury Instructions at 151.  Samsung argues that this proposed jury instruction would

18   have clarified that an article of manufacture "may be the same as or different from Samsung's

19   devices as sold because devices offered for sale may incorporate a single article of manufacture or

20   several articles of manufacture."  *Id.*

21       "A jury verdict will be set aside, based on erroneous jury instructions, if . . . 'those

22   instructions were legally erroneous,' and that 'the errors had prejudicial effect.'"  *NTP, Inc. v.*

23   *Research In Motion, Ltd.*, 418 F.3d 1282, 1311–12 (Fed. Cir. 2005) (quoting *Advanced Display*

24   *Sys., Inc. v. Kent State Univ.,* 212 F.3d 1272, 1281 (Fed. Cir. 2000)).  More specifically, a

25   judgment may be altered based on an erroneous jury instruction by a party if "(1) [the party] made

26   a proper and timely objection to the jury instructions, (2) those instructions were legally

27

28   Case No. 11-CV-01846-LHK
     ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT
     DAMAGES

14

United States District Court
Northern District of California

erroneous, (3) the errors had prejudicial effect, and (4) [the party] requested alternative instructions that would have remedied the error." *Advanced Display,* 212 F.3d at 1281 (internal citations omitted).  The Court addresses each factor in turn.

### 1.      Proper and Timely Objection

Under Federal Rule of Civil Procedure 51, "[a] party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection." Fed. R. Civ. P. 51(c)(1).  To be timely, the objection must occur either at a time that the Court provides for objections on the record or promptly upon learning that an instruction will be given or refused.  *Id.* 51(c)(2).  The Federal Circuit "look[s] to regional circuit law to determine whether a party has satisfied the requirements of Rule 51." *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 628 F.3d 1359, 1372 (Fed. Cir. 2010); *see also Wordtech Sys., Inc v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1314 (Fed. Cir. 2010) ("For issues not unique to patent law, we review jury instructions under the law of the relevant regional circuit.").  In the Ninth Circuit, if a party does not object properly to jury instructions at trial, the instructions are reviewable only for plain error.  *See C.B. v. City of Sonora*, 769 F.3d 1005, 1016–19 (9th Cir. 2014) (en banc); Fed. R. Civ. P. 51(d)(2) ("A court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights.").  "[W]hen reviewing civil jury instructions for plain error, [the Ninth Circuit] must consider, as [it] do[es] in the criminal context, whether (1) there was an error; (2) the error was obvious; and (3) the error affected substantial rights." *City of Sonora*, 769 F.3d at 1018.

Here, Samsung filed Proposed Jury Instruction 42.1 at the close of Apple's case.  *See* Proposed Final Jury Instructions.  At the close of evidence, the Court excluded Samsung's Proposed Jury Instruction 42.1.  On August 20, 2012, at a jury instruction conference out of the presence of the jury, Samsung objected to the exclusion of Proposed Jury Instruction 42.1.  Specifically, Samsung argued that the absence of Proposed Jury Instruction 42.1 would cause the jury to be improperly instructed on the issue of a § 289 article of manufacture:

Case No. 11-CV-01846-LHK
ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT DAMAGES

> We object to not including the language that we proposed, because we don't think it's a correct statement of the law that just because the design, as Apple alleges, applied to the front face of these articles, the outside of it, that they can then recover for the underlying technology.  And, in fact, that's the exact kind of situation that the *Piano* cases found were a windfall, and we briefed this previously, your honor.
> . . . .
> And also, your honor, what I'm talking about with the *Piano* cases, just to be clear, there's not apportionment.  It's actually the definition of what the article is.  And in the *Piano* cases, basically the article was the outside of the piano and the recovery that was given was for all of the profits from the sale of the piano, and the court said that was essentially a windfall because the workings of it, it's not apportionment, it's rather that was the article to which the design was applied.  That's what the profits have to be from.

ECF No. 1998 at 204–07.  Thus, Samsung objected on the grounds that the jury should be allowed to determine that the article of manufacture was less than the entirety of each infringing Samsung phone.

Samsung objected to the Court's exclusion of Proposed Jury Instruction 42.1, stated the grounds for objection, and did so in a timely manner.  Accordingly, Samsung objected to the exclusion of Proposed Jury Instruction 42.1 in a proper and timely manner that was in compliance with Rule 51.

Apple argues, however, that Samsung's objection was insufficient to preserve the article of manufacture issue.  Specifically, Apple argues that Samsung needed to object at trial to the exclusion of Proposed Jury Instruction 42.1 *and* the inclusion of Final Jury Instruction 54.  Final Jury Instruction 54 stated that "[i]f you find infringement by any Samsung defendant and do not find Apple's design patents are invalid, you may award Apple that Samsung defendant's total profit attributable to the infringing products."  ECF No. 1903 at 72.  In the instant briefing, as discussed above, Samsung contends that Final Jury Instruction 54 improperly equated the article of manufacture with the entirety of each infringing Samsung phone.

An objection to the exclusion of a proposed jury instruction may "serve in lieu of an objection to the [] instruction that the district court did give."  *Glover v. BIC Corp.*, 6 F.3d 1318, 1327 (9th Cir. 1993) (citation omitted).  "[T]he proposed instructions 'must be sufficiently specific

Case No. 11-CV-01846-LHK
ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT DAMAGES

to bring into focus the precise nature of the alleged error.'" *Id.* (citation omitted). Here, Proposed

Jury Instruction 42.1 explicitly provided that "[t]he article to which Apple's design was applied

may be the same as or different from Samsung's devices as sold because devices offered for sale

may incorporate a single article of manufacture or several articles of manufacture." Proposed

Final Jury Instruction at 151. This proposed instruction, and Samsung's objection, which stated

that the exclusion of Proposed Jury Instruction 42.1 would result in an "[in]correct statement of

law" were sufficient to bring the Court's attention to Samsung's contention that the final jury

instructions contained language that would cause the jury to believe that the articles of

manufacture in the instant case were necessarily Samsung's infringing phones. Accordingly,

Samsung sufficiently preserved the article of manufacture issue with its objection to the exclusion

of Proposed Jury Instruction 42.1.

Moreover, Samsung did object generally to Final Jury Instruction 54. What eventually

became Final Jury Instruction 54 was originally proposed by the parties as Proposed Final Jury

Instruction 42, *see* Proposed Final Jury Instructions at 147–50, and tentatively adopted by the

Court as Tentative Final Jury Instruction 42, ECF No. 1849 at 69. At the jury instruction

conference, Samsung objected generally that the instruction allowed Apple to "obtain recoveries

that we don't think are allowed under the law." ECF No. 1998 at 198–99. While perhaps not

sufficient on its own, this general objection indicates that the specific objection to the exclusion of

Proposed Jury Instruction 42.1 preserved the article of manufacture issue as to both instructions.

Apple also argues that Samsung invited any error in the jury instructions because Samsung

proposed a jury instruction that is similar to Final Jury Instruction 54 in its proposed jury

instructions. Specifically, on July 13, 2012, before the pretrial conferences on July 18, 24, and 27,

2012, Samsung proposed a jury instruction that stated "you may award Apple [Samsung's] total

profit on sales of *products* alleged to infringe Apple's design patents." ECF No. 1232 at 220

(emphasis added). However, in the modified proposed instructions filed on August 13, 2012 at the

close of Apple's case, Samsung filed a proposed instruction that instead stated "you may award

United States District Court
Northern District of California

17

United States District Court
Northern District of California

Apple [Samsung's] total profit on sales of *articles* alleged to infringe Apple's design patents," and filed Proposed Jury Instruction 42.1.  Proposed Final Jury Instructions at 149–51 (emphasis added).  Apple objected to this version of the instruction by arguing that "Apple is entitled to recover all of Samsung's profits relating to the accused products without apportionment." *Id.* at 150.

   "A party who requests an instruction invites any error contained therein and, absent an objection before the instruction is given, waives appellate review of the correctness of the instruction." *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1493 (9th Cir. 1986).  The Court finds that the invited error doctrine does not preclude review of the article of manufacture issue for two reasons.  First, the invited error doctrine does not apply here because, as discussed above, Samsung objected to the jury instructions "before the instruction[s] [were] given." *Id.*.  Second, as discussed above, although Samsung initially proposed a jury instruction with the language to which Samsung now objects, Samsung later eliminated that language from its proposed instructions and, in fact, filed Proposed Jury Instruction 42.1, which clarified Samsung's position on the article of manufacture issue.  Therefore, Samsung did not invite the currently asserted error in Final Jury Instruction 54.

   Accordingly, Samsung has not waived its objection to the jury instructions, and the Court applies the normal standard of review rather than plain error review.

### 2.    Legally Erroneous

   Apple argues that even if Samsung adequately objected to the exclusion of Proposed Jury Instruction 42.1, Samsung has failed to show that the jury instructions given to the jury were legally erroneous.  The Court applies the Ninth Circuit standard of review for determining whether the jury instructions were legally erroneous, but applies Federal Circuit law to determinations regarding whether the jury instructions contained an incorrect statement of law.  *See Wordtech*, 609 F.3d at 1314 (applying Ninth Circuit standard of review to evaluation of jury instructions, but Federal Circuit precedent as to whether the instructions involved legal error).  "'[J]ury instructions

Case No. 11-CV-01846-LHK
ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT DAMAGES

1   must fairly and adequately cover the issues presented, must correctly state the law, and must not

2   be misleading.'" *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005) (quoting *White v. Ford Motor*

3   *Co.,* 312 F.3d 998, 1012 (9th Cir. 2002)).  Each party is therefore "'entitled to an instruction about

4   his or her theory of the case if it is supported by law and has foundation in the evidence.'"  *Id.* at

5   804–05 (quoting *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002)).  "A district court therefore

6   commits error when it rejects proposed jury instructions that are properly supported by the law and

7   the evidence." *Id.*  "In evaluating jury instructions, prejudicial error results when, looking to the

8   instructions as a whole, the substance of the applicable law was [not] fairly and correctly

9   covered."  *Dang*, 422 F.3d at 805 (quoting *Swinton v. Potomac Corp.*, 270 F.3d 794, 802 (9th Cir.

10   2001) (internal quotation marks omitted)).

11       The Court first addresses whether the jury instructions given to the jury complied with the

12   United States Supreme Court's decision in this case.  The Court then addresses Apple's arguments

13   that it was not legal error to exclude Proposed Jury Instruction 42.1 because (1) Samsung never

14   raised the "article of manufacture" as an issue of disputed fact in its pretrial order, (2) Proposed

15   Jury Instruction 42.1 contained misstatements of law, and (3) Proposed Jury Instruction 42.1 has

16   no "foundation in evidence," *id.* at 804.  As discussed further below, the Court finds that none of

17   these issues preclude the possibility that legal error occurred in this case.  However, overall, the

18   Court defers whether the Court committed legal error by excluding Proposed Jury Instruction 42.1

19   until after the Court resolves other outstanding issues, including the establishment of the test for

20   identifying the relevant article of manufacture for purposes of § 289.

21           **a.       Whether the Jury Instructions Are Consistent with the United
                        States Supreme Court's Decision in this Case**

22       Apple argues that Proposed Jury Instruction 42.1 was properly excludable, and thus no

23   error could possibly have occurred, because the jury instructions given to the jury were consistent

24   with the United States Supreme Court's decision in this case.  Specifically, Apple argues that

25   under the instructions that were given to the jury, the jury could have found that an "article of

26   manufacture" for which total profits are awarded under 35 U.S.C. § 289 may be either "a product

27                                                    19

28

sold to a consumer [or] a component of that product." *Supreme Court Decision* at 434.

Proposed Jury Instruction 42.1 specified that an article of manufacture "may be the same as or different from Samsung's devices as sold because devices offered for sale may incorporate a single article of manufacture or several articles of manufacture." Proposed Final Jury Instructions at 151. In contrast, the instructions that were read to the jury did not indicate that the article of manufacture could be less than the entirety of each infringing Samsung phone, and implied that the article of manufacture was the entirety of each infringing Samsung phone. As noted above, Final Jury Instruction 54 stated: "If you find infringement by [Samsung] and do not find Apple's design patents are invalid, you may award Apple [Samsung's] total profit attributable to the infringing *products*." Final Jury Instructions at 72 (emphasis added). Similarly, Final Jury Instruction 53 stated that "Apple can elect to prove either actual damages, known as compensatory damages, or *it may elect to prove the defendant's profits as its measure of potential recovery with respect to the sale of each unit of an infringing product*. *Id.* at 71 (emphasis added). The emphasis on the total profit attributable to the "infringing products" indicates that the jury instructions contemplated an award of the profit earned for the entirety of each infringing Samsung phone, and did not contemplate the possibility of a smaller article of manufacture.

Apple argues that these statements about "products" do not mean that the jury was *required* to find that the entirety of Samsung's infringing phones were the article of manufacture for two reasons. First, Apple argues that besides the above reference to products, Final Jury Instruction 54 states multiple times that the profits should be awarded on "the sale of the article to which the patented design is applied." Final Jury Instructions at 72. However, there is no jury instruction that informed the jurors that there is a difference between the products sold to consumers and the article of manufacture under § 289. Indeed, Final Jury Instruction 54's statement that profits may be awarded as to the "infringing products" suggests that the article of manufacture being sold is an infringing product. Final Jury instruction 53 similarly implies that Apple can obtain all profits on the infringing products, and does not mention the possibility of a

Case No. 11-CV-01846-LHK
ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT DAMAGES

smaller article of manufacture.  *See* Final Jury Instructions at 71 ("Apple can elect to prove either actual damages, known as compensatory damages, or it may elect to prove the defendant's profits as its measure of potential recovery with respect to the sale of each unit of an infringing product.").  Thus, jurors would have no way of knowing that the article of manufacture could be something less than the product that is sold to consumers, and the instructions themselves strongly imply that profits should be awarded on the entirety of Samsung's infringing phones. Accordingly, the references to the "sale of the article" in Final Jury Instruction 54 does not mean that the jury could find an article of manufacture that was less than the entirety of each infringing Samsung phone.

Second, Apple argues that Final Jury Instruction 54 uses the conditional statement "you *may* award Apple [Samsung's] total profit attributable to the infringing products," and thus the jury had the option not to award Apple the full amount of the profit on Samsung's infringing phones.  *Id.* at 72 (emphasis added).  However, the use of the word "may" did not inform the jury that it could award less than the entirety of Samsung's profits on the infringing phones *because* the jury was permitted to find an article of manufacture that was less than the entirety of each infringing Samsung phone.  After the United States Supreme Court's decision in this case, if the article of manufacture is found to be something less than the entirety of each infringing Samsung phone, the jury may only award the amount of total profit on that article of manufacture, not the entire product.  Accordingly, the use of the term "may" does not eliminate the equivalence between "products" and "articles" created by Final Jury Instruction 53 and 54.

The fact that "article of manufacture" was conflated with "products" is underscored by Apple's closing argument in which Apple argued that "[a]s Judge Koh just told you, Congress awards the entire profit on a product, not just part of that product.  Profit."  ECF No. 1997 at 184. Apple now argues that this was an attempt to eliminate Samsung's "apportionment" theory, rather than the "article of manufacture" theory.  However, the statement that "Congress awards the entire profit on a product" is not correct unless the article of manufacture is found to be the same as the

Case No. 11-CV-01846-LHK
ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT DAMAGES

United States District Court
Northern District of California

product.  However, as already noted above, there was no instruction in the record or statement in the party's closing arguments that would inform the jurors that an article could be less than the entire product as sold to consumers.  Thus, this statement in closing was incomplete or incorrect.  Indeed, the United States Supreme Court's holding in this case clarified that a plaintiff may be awarded the profit for "a component of [a] product."  *Supreme Court Decision* at 434.

Overall, the jury was not provided an instruction that stated the law as provided by the United States Supreme Court decision in this case that an article of manufacture can be "a product sold to a consumer [or] a component of that product."  *Id.*  Without such an instruction, Final Jury Instructions 53 and 54 would direct a jury to find that the article of manufacture and product are the same.  Therefore, Apple's argument that no instructional error could possibly have occurred because the jury instructions given to the jury complied with the United States Supreme Court's decision in this case is incorrect.[3]

### b.      Pretrial Order

Apple argues that it was not instructional error to exclude Proposed Jury Instruction 42.1 because the article of manufacture issue was not listed as a disputed issue of fact or law in the pretrial order.  "A Rule 16(e) order controls the subsequent course of action in the litigation unless it is modified by a subsequent order."  *Eagle v. Am. Tel. & Tel. co.*, 769 F.2d 541, 548 (9th Cir. 1985).  "This means that testimony or witnesses on issues not raised in the order . . . may be excluded at the trial."  6A Wright & Miller, Fed. Prac. & Proc. § 1527.  Moreover, "[t]he trial court [] may refuse to give an instruction to the jury on an issue not embodied in the pretrial order."  *Id.*

---

[3] The Court does not reach in this order whether it was actually error for the jury instructions to equate the article of manufacture with the entirety of Samsung's infringing phones.  As discussed further below in the foundation in evidence section, such a finding would require the Court to eliminate the possibility that, based on the evidence in the record, the entirety of Samsung's infringing phones is the relevant article of manufacture as a matter of law.  However, the parties have not briefed the test for identifying the relevant article of manufacture for purposes of § 289.  Therefore, the Court defers that issue until the Court resolves other outstanding issues, including the establishment of the test for identifying the relevant article of manufacture for purposes of § 289.

22

Case No. 11-CV-01846-LHK
ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT DAMAGES

United States District Court
Northern District of California

1    However, "[t]he decision to bind the parties to the order is viewed as a matter of judicial

2    discretion" that is reviewed for "abuse of that discretion."  6A Wright & Miller, Fed. Prac. & Proc.

3    Civ. § 1527.  Moreover, a "pretrial order . . . should be liberally construed to permit *any* issues at

4    trial that are 'embraced within its language.'"  *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 368

5    (9th Cir. 1985) (citation omitted); *see also* 6A Wright & Miller, Fed. Prac. & Proc. Civ. § 1527

6    ("[C]ourts have held that the [pretrial] order should be construed liberally so that it covers any of

7    the possible legal or factual theories that might be embraced by its language.").  In addition, "a

8    pretrial order may be amended informally by a trial court's findings when facts supporting those

9    findings were put before the court."  *Id.*; *see also Frank Music Corp. v. Metro-Goldwyn-Mayer,*

10   *Inc.*, 772 F.2d 505, 515 (9th Cir. 1985) ("Aside from the fact that it is arguable whether the

11   language of the order omits mention of this evidence, the issue was litigated at trial and thus the

12   pretrial order may be deemed to have been amended by the consent of the parties.").  Finally,

13   courts are explicitly authorized to modify pretrial conference orders to "prevent manifest

14   injustice."  Fed. R. Civ. P. 16(e).

15   Apple argues that Samsung forfeited the article of manufacture issue because Samsung

16   failed "to identify any dispute as to the 'article of manufacture' in the joint pretrial order."  Apple

17   Op. at 17.  Samsung responds that the article of manufacture issue was encompassed by the

18   pretrial order, and that even if the pretrial order did not encompass the article of manufacture

19   issue, sufficient article of manufacture evidence was presented to the jury such that the pretrial

20   order was "amended informally."  Samsung Resp. at 8–9.

21   In this case, on July 6, 2012, the parties submitted a joint pretrial statement.  ECF No.

22   1189.  In that joint pretrial statement, the parties agreed to bind themselves to the issues raised in

23   that joint pretrial statement.  *Id.* at 30 ("The foregoing admissions having been made by the

24   parties, and the parties having specified the foregoing issues of fact and law remaining to be

25   litigated, this order shall supplement the pleadings and govern the course of trial in this action,

26   unless modified to prevent manifest injustice.").  This Court has previously held that such joint

27

28   Case No. 11-CV-01846-LHK
     ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT
     DAMAGES

United States District Court
Northern District of California

23

1    pretrial statements bind the parties.  *See Apple, Inc. v. Samsung Elecs. Co.*, 67 F. Supp. 3d 1100,

2    1116 n.3 (N.D. Cal. 2014) (holding that pretrial statement bound the parties on affirmative

3    defenses not raised in the pretrial statement).  For simplicity, the Court refers to the joint pretrial

4    statement as the "pretrial order."

5         The pretrial order in this case stated that Apple sought "[a] judgment awarding Apple all of

6    Samsung's profits pursuant to 35 U.S.C. § 289, together with prejudgment interest."  ECF No.

7    1189 at 6.  The joint pretrial order stated that the parties disputed "[t]he remedies to which Apple

8    is entitled, if any[.]"  *Id.* at 14.  In the pretrial order, under the disputed legal issues subsection,

9    Apple acknowledged that the parties had previously disputed the legal issue of apportionment.  *Id.*

10   at 18.  However, after this Court's decision excluding testimony on the apportionment issue,

11   Apple believed that "[i]f Samsung is found to infringe Apple's design patents, Apple is entitled to

12   recover all of Samsung's profits relating to the accused products without apportionment."  *Id.*  The

13   Court held three pretrial conferences on July 18, 24, and 27, 2012.  On July 24, 2012, Samsung

14   filed a trial brief arguing that the articles of manufacture cannot be the entirety of Samsung's

15   phones because the design patents at issue in this case only apply to the outside "case" of the

16   phone.  ECF No. 1300.

17        The Court finds that Apple's pretrial order argument does not preclude a finding of legal

18   error.  Apple never raised this argument until the post-remand proceedings before this Court.

19   "'[A] party waives an argument by failing to make it before the district court . . . .'"  *Zixiang Li v.*

20   *Kerry*, 710 F.3d 995, 1000 n.4 (9th Cir. 2013) (citation omitted).[4]  Additionally, "an issue or

21   factual argument waived at the trial level before a particular order is appealed, or subsequently

22   waived on appeal, cannot be revived on remand."  *Facebook, Inc. v. Power Ventures, Inc.*, 2017

23   WL 1650608, at *7 (N.D. Cal. May 2, 2017) (quoting *Magnesystems v. Nikken, Inc.*, 933 F. Supp.

24

25   _____

26   [4] The Court notes that case law has distinguished between waiver, which is the intentional
     relinquishment of a known right, and forfeiture, which is the failure to assert a right.  Although
27   forfeiture is likely the better terminology to use here for failure to raise an issue, the Court uses the
     term "waive" for consistency.

24

28   Case No. 11-CV-01846-LHK
     ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT
     DAMAGES

United States District Court
Northern District of California

United States District Court
Northern District of California

944, 949–950 (C.D. Cal. 1996)).  Moreover, on appeal, "[g]enerally, an appellee waives any argument it fails to raise in its answering brief."  *United States v. Dreyer*, 804 F3d 1266, 1277 (9th Cir. 2015) (en banc); *see also Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1069 & n.1 (9th Cir. 2015) (finding issue waived where it was not argued before district court or on appeal)

Here, in post-remand proceedings before this Court, Apple raises its Rule 16(e) pretrial order argument regarding the article of manufacture for the first time.  Apple did not object when Samsung's July 24, 2012 trial brief raised the article of manufacture issue for the first time.  Apple did not raise this pretrial order objection in Apple's oppositions to Samsung's Rule 50(a) and 50(b) motions for judgment as a matter of law.  Moreover, in Apple's objection to Proposed Jury Instruction 42.1, Apple argued that Federal Circuit precedent precluded a jury instruction that would allow an article of manufacture that is less than the "product that is sold" and that the instant case is "factually distinguishable" from the *Piano* cases (the 1915 Second Circuit cases that found the internal parts of a piano and the case for the piano to be separate articles of manufacture).  Proposed Final Jury Instructions at 151 (citing *Nike, Inc.*, 138 F.3d at 1442).  Thus, Apple challenged the instruction only on the merits of the legal issue, not on the grounds that the issue had not been raised in the pretrial order under Rule 16(e).

On appeal, before the Federal Circuit, Apple did not raise the Rule 16(e) pretrial order issue in opposition to Samsung's opening brief.  *See Apple*, Fed. Cir. Case No. 2014-1335 ECF No. 80 at 51–53.  Before the United States Supreme Court, Apple did not raise the Rule 16(e) pretrial order issue in opposition to Samsung's petition for certiorari or merits brief.  *See Samsung Electronics Co., Ltd. v. Apple Inc.*, U.S. Sup. Ct. Case No. 15-777.  In the brief Apple filed before the Federal Circuit on remand after the United States Supreme Court's decision, Apple mentioned that the joint pretrial order did not address the article of manufacture issue, but did not make any arguments based on Rule 16(e).  *Apple*, Fed. Cir. Case No. 2014-1335 ECF Nos. 224, 229.  Thus, based on Apple's failure to raise this issue at any point in this case until the instant proceedings, Apple has failed to preserve this alternative argument for upholding Apple's jury verdict.  *See*

25

Case No. 11-CV-01846-LHK
ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT DAMAGES

1  *Facebook*, 2017 WL 1650608, at *7 ("[A]n issue or factual argument waived at the trial level

2  before a particular order is appealed, or subsequently waived on appeal, cannot be revived on

3  remand.").  Indeed, it would be awkward at this point to find the article of manufacture issue

4  waived because of the pretrial order when the Federal Circuit and the United States Supreme

5  Court already have addressed the article of manufacture issue.

6        Accordingly, because Apple waived a challenge under Rule 16(e), the Court need not

7  reach Apple's argument that the exclusion of Proposed Jury Instruction 42.1 could not have been

8  legal error because the article manufacture issue was not raised in the pretrial order.

9                **c.**      **Alleged Legal Errors in Proposed Jury Instruction 42.1**

10        Apple argues that it could not have been error to exclude Proposed Jury Instruction 42.1

11  because its inclusion would have caused the jury instructions to be inconsistent with Federal

12  Circuit and United States Supreme Court precedent.  First, Apple argues that Proposed Jury

13  Instruction 42.1 incorrectly states that the article of manufacture must be less than the product as

14  sold with the following statement: "The article of manufacture to which a design has been applied

15  is the part or portion of the product as sold that incorporates or embodies the subject matter of the

16  patent."  Apple Op. at 18.  Second, Apple argues that Proposed Jury Instruction 42.1 includes

17  Samsung's legally precluded "apportionment" theory because it states the following: "Under these

18  instructions, an award of profits for design patent infringement should not include profits earned

19  from the technology by which the devices operate or from any other functions of the devices."

20  Proposed Final Jury Instructions at 151.

21        Even if these statements were legally incorrect, Proposed Jury Instruction 42.1 still raised

22  the article of manufacture issue in compliance with Federal Rule of Civil Procedure 51.  Once an

23  issue is raised to the district court, "[t]he fact that the proposed instruction was misleading does

24  not alone permit the district judge to summarily refuse to give any instruction on the topic."

25  *Merrick v. Paul Revere Life Ins. Co.*, 500 F.3d 1007, 1017 (9th Cir. 2007).  Instead, "[i]f a party's

26  proposed instruction has brought an 'issue . . . to the district court's attention,' the court commits

27

28  Case No. 11-CV-01846-LHK
    ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT
    DAMAGES

United States District Court
Northern District of California

1    error if it 'omit[s] the instruction altogether, rather than modifying it to correct the perceived

2    deficiency.'" *Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1235 n.11 (9th Cir. 2011) (citation

3    omitted); *see also Norwood v. Vance*, 591 F.3d 1062, 1067 (9th Cir. 2010) ("Perfect or not, the

4    defendants' proposed instruction brought the issue of deference to the district court's attention.").

5          In this case, Proposed Jury Instruction 42.1 raised the issue of whether the proper article of

6    manufacture for Samsung's phones was the "product sold to a consumer [or] a component of that

7    product." *Supreme Court Decision* at 434.  Even if the proposed instruction contained errors, if

8    the United States Supreme Court's decision had been in effect at the time, the Court's duty under

9    *Hunter* would have been to ensure that the jury instructions reflected the United States Supreme

10   Court's decision.  *Hunter*, 652 F.3d at 1235 n.11.  The Court notes, however, that the focus of the

11   instant order is whether the article of manufacture issue was waived.  Thus, at this time, the Court

12   does not address whether the Court would have been required to include Proposed Jury Instruction

13   42.1 after a modification to eliminate the asserted errors raised by Apple.[5]  The Court solely notes

14   that errors in the proposed instruction do not eliminate the Court's duty to give legally correct

---

[5] The Court notes that if the Court does eventually find that the jury needed an instruction that the article of manufacture could be less than the entirety of Samsung's phones, the cases Apple cites would be completely inapposite.  Apple argues, based on cases from the 1800s and early 1900s, that "[i]f a request to charge contains one unsound proposition, it is not error to refuse to make the charge, although it contains many sound propositions." *E. Transp Line v. Hope*, 95 U.S. 297, 301 (1877); *Beaver v. Taylor*, 93 U.S. 46, 54 (1876) (same); *Union Ins. Co. v. Smith*, 124 U.S. 405, 424 (1888) (same); *Miles v. Lavender*, 10 F.2d 450, 455 (9th Cir. 1926) (same).  However, in the cases cited by Apple, the "sound propositions" in the rejected jury instructions were not necessary for the jury instructions to correctly state the law.  In *Hope*, "[t]he charge of the judge . . . was correct" without the proposed instructions.  *Hope*, 95 U.S. at 300.  In *Beaver*, "[a]ll of the propositions presented were not sound" while "[t]he charge before us was confessedly sound in the most of its points."  *Beaver*, 93 U.S. at 54.  In *Union*, the "instruction[s] w[ere] proper" and there was "no error in the record."  *Union*, 124 U.S. at 429.  In *Miles*, the proposed instruction was not supported by a foundation in evidence.  *Miles*, 10 F.2d at 455.  Here, in contrast, if the Court later finds that the jury should have been instructed that the article of manufacture could be less than the entirety of Samsung's phones, the jury instructions given to the jury would have not been a correct statement of law because as noted above, they did not allow the jury to find that the article of manufacture was less than the entirety of Samsung's phones.  Moreover, Apple's cases are further distinguishable because they were decided before the Federal Rules of Civil Procedure were adopted in 1937, which set forth the modern legal standard for preserving issues in jury instructions.  See Fed. R. Civ. P. 51 advisory committee notes (noting adoption of Federal Rule of Civil Procedure 51 in 1937).

27

1   instructions to the jury.

2               d.      **Foundation in Evidence**

3           The Court next discusses whether Proposed Jury Instruction 42.1 has a foundation in

4   evidence.  "While it is unnecessary to give instructions unsupported by the evidence, a litigant is

5   entitled to have the jury charged concerning his theory of the case if there is any direct or

6   circumstantial evidence to support it."  *Don Burton, Inc. v. Aetna Life & Cas. Co.*, 575 F.2d 702,

7   706 (9th Cir. 1978); *see also Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 2005)

8   (determining whether there was prejudicial error by determining whether "a reasonable jury could

9   have found" for the party proposing the instruction).  Apple argues that there is no foundation in

10  evidence because the jury was not presented evidence that would allow a jury to find, or award

11  damages on, article of manufacture that was less than the entirety of each infringing Samsung

12  phone.  The Court first addresses whether the Court can reach the foundation in evidence issue as

13  the issue is currently briefed.  Second, the Court addresses whether the Court can reach the

14  foundation in evidence issue on damages as the issue is currently briefed.

15              i.      **Foundation in Evidence of Smaller Article**

16          Samsung argues that there was a sufficient foundation in evidence based on evidence that

17  was presented to the jury as part of the parties' infringement and invalidity cases.  Samsung cites

18  three categories of evidence to show that the jury could have found an article of manufacture that

19  was less than the entirety of each infringing Samsung phone.  First, Samsung cites to the design

20  patents themselves, which cover only certain aspects of Samsung's phones.  The D'677 patent

21  claims a design for a "black, rectangular front glass face with rounded corners" and does not claim

22  the surrounding rim (bezel), the circular home button on the front, or the sides, top, bottom, or

23  back of the device.  ECF No. 1611 at 1014–15 (Apple's expert Peter Bressler stating that "all [the

24  D'677 patent is] claiming is that front face").  The D'087 patent claims a rectangular front face

25  with rounded corners, with a bezel, but without black shading, and does not claim the sides, back,

26  top, and bottom of the device or the home button.  *Id.* at 1018–19 (Bressler stating that the D'087

27                                          28

28

United States District Court
Northern District of California

patent is "not claiming the body.  It's claiming the bezel and the front face.").  The D'305 patent claims a design for a grid of sixteen colorful icons on a screen on a mobile device as part of a graphical user interface, and does not claim any other aspect of the device.  ECF No. 1612 at 1367 (Apple expert Susan Kare stating that the D'305 patent is limited to "the rectangular area" represented by the phone's screen).

Second, Samsung cites to testimony and exhibits that purport to show that Samsung's phones can be separated into various component parts.  For example, Samsung cites to slides that show a breakdown of one of Samsung's infringing phones, the Vibrant, and its various components.  *See* DX2519 at 5–11.  Similarly, multiple witnesses testified about how smartphones are assembled and how the screen was separate from internal components.  *See, e.g.*, ECF No. 1610 at 313–17 ("[T]here's a piece of glass [for the screen] and then underneath that is a display and have to glue that on top.").  At one point in the trial, an Apple witness showed and passed around to the jury the "major logic board" of a disassembled iPhone 4.  ECF No. 1842 at 3165–68.

Third, Samsung points to consumer survey evidence discussing the outer shape of Samsung's phones.  *See* PX6.1 (commentary about Samsung's Galaxy S phone and its "all black, shiny plastic body" and the "minimal buttons on the phone's face").

The Court defers consideration as to whether there is an adequate "foundation in evidence" in the record to find an article of manufacture that is less than the entirety of each infringing Samsung phone.  The determination whether there is an adequate foundation necessarily would require finding, for example, that the evidence in the record does not establish as a matter of law that the entirety of Samsung's phones are the relevant article of manufacture.  Accordingly, the Court will consider this issue at the same time that the Court determines what test should be applied to identify the relevant article of manufacture under § 289.  Accordingly, the Court defers consideration of this issue.

### ii.    Evidence of Profits

Apple argues that "there was no evidence from which the jury could have calculated

Case No. 11-CV-01846-LHK
ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT DAMAGES

United States District Court
Northern District of California

1    Samsung's profits based on anything less than the entire infringing phones."  Apple Op. at 17.  At

2    trial, Samsung did not offer a damages theory based on an article of manufacture that is less than

3    the entirety of Samsung's infringing phones.  Samsung now asserts that the issue of profits is

4    beyond the scope of the instant determination as to whether a new trial is warranted.  Samsung

5    points to the United States Supreme Court's decision that the design patent damages determination

6    is a two-step process: "First, identify the 'article of manufacture' to which the infringed design has

7    been applied.  Second, calculate the infringer's total profit made on that article of manufacture."

8    *Supreme Court Decision* at 434.  Samsung argues that the exclusion of Proposed Jury Instruction

9    42.1 constituted error at the first, rather than the second step of this two-step process, and thus the

10   evidence of Samsung's profits are not relevant to determining whether it was error to exclude

11   Proposed Jury Instruction 42.1.  Samsung Resp. at 5.  Samsung also argues that the burden of

12   proving damages is on Apple at the second step.  *Id.*; *Lucent Techs., Inc. v. Gateway, Inc.*, 580

13   F.3d 1301, 1324 (Fed. Cir. 2009) ("The burden of proving damages falls on the patentee.").  Apple

14   concedes that it generally has the burden of proving damages, but Apple's position on its burden

15   to show profits after an article of manufacture is found to be less than an entire product as sold is

16   not clear.  *See* Apple Resp. at 14 ("Apple amply carried its burden [on damages] and was not

17   required to rebut an argument that Samsung never made."); *see also* ECF No. 3486 at 7 ("Apple

18   respectfully suggests that it should file the opening brief because the issue of damages is one on

19   which Apple carries the burden.").

20          The determination whether there was a foundation in evidence for Proposed Jury

21   Instruction 42.1 with respect to evidence of profits turns at least partly on with which party the

22   burden lies.  For example, if Samsung had the burden of proving profits in the second step of the

23   § 289 analysis, a lack of evidence of profits may have allowed the Court to exclude Proposed Jury

24   Instruction 42.1 because Samsung may have been unable to satisfy its burden of showing damages

25   for an article of manufacture that was less than the entirety of each infringing Samsung phone.  As

26   noted above, Samsung argues that the burden was on Apple while Apple's position is unclear.

27

28
Case No. 11-CV-01846-LHK
ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT
DAMAGES

1    Accordingly, the Court defers this issue for a later determination after full briefing on the burdens

2    associated with the test for identifying the relevant article of manufacture under § 289.

3        Accordingly, because the Court defers whether there was a foundation in evidence for

4    Proposed Jury Instruction 42.1, the Court must defer the overall question of whether or not it was

5    legal error to exclude Proposed Jury Instruction 42.1 until after the Court resolves other

6    outstanding issues, including the establishment of the test for identifying the relevant article of

7    manufacture for purposes of § 289.

8            **3.      Prejudicial or Harmless Error**

9        The Court next discusses whether, assuming the exclusion of Proposed Jury Instruction

10   42.1 was legally erroneous, such exclusion was prejudicial or harmless error.  Apple argues that

11   any error was harmless in this case because "[t]he jury could have only awarded an amount

12   representing Samsung's total profits on its infringing smartphones."  Apple Op. at 18–19.  "'An

13   error in instructing the jury in a civil case requires reversal unless the error is more probably than

14   not harmless.'"  *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009).  The Court must "presume

15   prejudice where civil trial error is concerned," the "burden shifts to the defendant to demonstrate

16   that it is more probable than not that the jury would have reached the same verdict had it been

17   properly instructed."  *Id.* (quoting *Galdamez*, 415 F.3d at 1025).

18       Samsung argues that (1) Apple waived the harmless error argument by failing to raise it on

19   appeal, *see id.* ("[W]here appellees fail to raise an argument in their answering brief, 'they have

20   waived it'" (citations omitted)); and (2) Apple has failed to satisfy its burden of showing that the

21   error was "more probable than not" harmless, *see id.*  As with the foundation in evidence issue in

22   the prior section, the substance of the harmless error analysis requires an analysis of what evidence

23   would be legally sufficient to show an article of manufacture less than the entirety of Samsung's

24   phones.  Thus, this issue is better considered until after the Court resolves other outstanding

25   issues, including the establishment of the test for identifying the relevant article of manufacture for

26   purposes of § 289.  Accordingly, the Court defers consideration of the prejudicial or harmless

27

28   Case No. 11-CV-01846-LHK
     ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT
     DAMAGES

31

United States District Court
Northern District of California

error issue.  The Court also defers consideration of whether Apple waived the harmless error argument because it is better considered alongside the substance of Apple's harmless error argument.

### 4. Would Proposed Jury Instruction 42.1 Correct the Asserted Legal Error

The Court finally addresses whether Proposed Jury Instruction 42.1 would have rectified any asserted legal error in the jury instructions.  As discussed in the beginning of this section, one element to be considered when a party asserts instructional error is whether "[the party] requested alternative instructions that would have remedied the error." *Advanced Display,* 212 F.3d at 1281. However, as noted above, the Court has deferred the issue of whether there was a foundation in evidence to support Proposed Jury Instruction 42.1 because without determining the test for identifying the relevant article of manufacture, the Court cannot foreclose the possibility that the entirety of the infringing Samsung phones was the article of manufacture as a matter of law.  If that were the case, it would not have been legal error to exclude Proposed Jury Instruction 42.1. Accordingly, the Court defers consideration of this issue until the Court determines that the jury instructions given to the jury were legal error.

Overall, the Court finds that the article of manufacture issue has been preserved through Samsung's objection to the exclusion of Proposed Jury Instruction 42.1.  However, on the briefing currently before the Court, the Court cannot definitively establish whether a new trial is warranted. Accordingly, the Court finds that Samsung did not waive the article of manufacture issue, but defers consideration of whether a new trial is warranted until after the Court resolves other outstanding issues, including the establishment of the test for identifying the relevant article of manufacture for purposes of § 289.

### III. CONCLUSION

For the foregoing reasons, the Court finds that the article of manufacture issue has not been waived, but defers consideration of whether a new trial is necessary until the Court receives further briefing that addresses the following issues:

32

Case No. 11-CV-01846-LHK
ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT DAMAGES

1    (1) What is the test for identifying the article of manufacture for purposes of § 289?;

2    (2) Is the identification of an article of manufacture a factual question, a legal question, or

3  a mixed question of law and fact?  What issues should be decided by a jury?  What issues should

4  be decided by the Court?;

5    (3) Who bears the burden of proof to identify the relevant article of manufacture for

6  purposes of § 289?;

7    (4) Who bears the burden of proof to demonstrate total profits on an article of manufacture

8  for purposes of § 289?;

9    (5) Identify the relevant article of manufacture for the D'677 patent, D'087 patent, and

10  D'305 patent;

11    (6) Identify evidence in the record supporting each party's asserted article of manufacture

12  for the D'677 patent, D'087 patent, and D'305 patent; and

13    (7) Identify evidence in the record supporting the total profit for each party's asserted

14  article of manufacture for the D'677 patent, D'087 patent, and D'305 patent.

15    The parties' August 2, 2017 further case management conference remains as set at 2:00

16  p.m.  By August 1, 2017, at 2:00 p.m., the parties shall file a Joint Case Management Statement

17  proposing a briefing schedule on these issues and a schedule through trial and post-trial briefing,

18  should a new trial be warranted.

19  **IT IS SO ORDERED.**

20

21  Dated: July 28, 2017

22  _____

23  LUCY H. KOH
    United States District Judge

24

25

26

27
                                        33
28  Case No. 11-CV-01846-LHK
    ORDER RE: WAIVER OF ARTICLE OF MANUFACTURE ISSUE AND NEW TRIAL ON DESIGN PATENT
    DAMAGES

United States District Court
Northern District of California