```
 1                 UNITED STATES DISTRICT COURT

 2               NORTHERN DISTRICT OF CALIFORNIA

 3                      SAN JOSE DIVISION

 4

 5

    APPLE INC., A CALIFORNIA        )  C-11-01846 LHK
 6  CORPORATION,                    )
                                    )  SAN JOSE, CALIFORNIA
 7             PLAINTIFF,           )
                                    )  AUGUST 2, 2017
 8        VS.                       )
                                    )  PAGES 1-25
 9  SAMSUNG ELECTRONICS CO., LTD.,  )
    A KOREAN BUSINESS ENTITY;       )
10  SAMSUNG ELECTRONICS AMERICA,    )
    INC., A NEW YORK CORPORATION;   )
11  SAMSUNG TELECOMMUNICATIONS      )
    AMERICA, LLC, A DELAWARE        )
12  LIMITED LIABILITY COMPANY,      )
                                    )
13             DEFENDANTS.          )
    _____ )
14                                  )
                                    )
15

16              TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE LUCY H. KOH
17             UNITED STATES DISTRICT JUDGE

18

19

20            APPEARANCES ON NEXT PAGE

21

22

23  OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                CERTIFICATE NUMBER 9595
24

25      PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED WITH COMPUTER
```

```
 1

 2        A P P E A R A N C E S:

 3        FOR PLAINTIFF              WILMER, CUTLER, PICKERING,
          APPLE:                     HALE AND DORR
 4                                   BY:  WILLIAM F. LEE
                                          SARAH R. FRAZIER
 5                                   60 STATE STREET
                                     BOSTON, MASSACHUSETTS  02109
 6
                                     BY:  MARK D. SELWYN
 7                                   950 PAGE MILL ROAD
                                     PALO ALTO, CALIFORNIA  94304
 8

 9                                   MORRISON & FOERSTER
                                     BY:  ERIK OLSON
10                                   755 PAGE MILL ROAD
                                     PALO ALTO, CALIFORNIA  94304
11
                                     BY:  NATHAN SABRI
12                                   425 MARKET STREET, 32ND FLOOR
                                     SAN FRANCISCO, CALIFORNIA  94105
13

14        FOR DEFENDANT              QUINN, EMANUEL, URQUHART & SULLIVAN
          SAMSUNG:                   BY:  JOHN B. QUINN
15                                   865 SOUTH FIGUEROA STREET, 10TH FLOOR
                                     LOS ANGELES, CALIFORNIA  90017
16
                                     BY:  KATHLEEN M. SULLIVAN
17                                        WILLIAM B. ADAMS
                                     51 MADISON AVENUE, 22ND FLOOR
18                                   NEW YORK, NEW YORK  10010

19                                   BY:  CARL G. ANDERSON
                                     50 CALIFORNIA STREET, 22ND FLOOR
20                                   SAN FRANCISCO, CALIFORNIA  94111

21                                   BY:  BRETT J. ARNOLD
                                     555 TWIN DOLPHIN DRIVE
22                                   SUITE 560
                                     REDWOOD SHORES, CALIFORNIA  94065
23

24

25
```

```
1    SAN JOSE, CALIFORNIA                    AUGUST 2, 2017

2                      P R O C E E D I N G S

3        (WHEREUPON, COURT CONVENED AT 2:09 P.M.)

4            THE COURT:  GOOD AFTERNOON AND WELCOME.

5            THE CLERK:  PLEASE BE SEATED.

6        YOUR HONOR, CALLING CASE NUMBER 11-CV-01846, APPLE, INC.,

7    VERSUS SAMSUNG ELECTRONICS CORPORATION LIMITED, ET AL.

8        COUNSEL, PLEASE STATE YOUR APPEARANCES.

9            MR. LEE:  GOOD AFTERNOON, YOUR HONOR.

10       FOR APPLE, BILL LEE AND SARAH FRAZIER FROM WILMER, HALE.

11           MR. OLSON:  AND ERIK OLSON AND NATHAN SABRI.

12           MR. LEE:  AND, YOUR HONOR, MARK SELWYN FROM

13   WILMER, HALE, TOO.

14           THE COURT:  GOOD AFTERNOON.

15           MR. QUINN:  GOOD AFTERNOON, YOUR HONOR.

16       JOHN QUINN, KATHLEEN SULLIVAN, CARL ANDERSON, AND

17   WILLIAM ADAMS FOR SAMSUNG.

18           THE COURT:  I THINK YOU HAVE ONE MORE PERSON, NO?

19           MR. ARNOLD:  BRETT ARNOLD.

20           THE COURT:  OKAY.  GOOD AFTERNOON AND WELCOME.

21       I'M ACTUALLY GOING TO ASK IF YOU WOULD GO TO THE

22   ATTORNEY'S LOUNGE.

23       I APPRECIATE YOU COMING UP WITH THIS SCHEDULE.

24   UNFORTUNATELY, THE SCHEDULE YOU'VE PROPOSED DOES NOT WORK FOR

25   THE COURT, SO I WANTED TO ASK IF YOU WOULD CONSIDER, IF WE
```

1    COULD HAVE ALL OF THE RULINGS ON POST-TRIAL MOTIONS, EVERYTHING

2    COMPLETELY DONE BY, YOU KNOW, THE FIRST WEEK OF AUGUST, WHICH

3    WOULD MEAN THAT WE WOULD HAVE TO HAVE THAT HEARING BY EARLY

4    JULY, OR PERHAPS EVEN EARLIER WOULD BE BETTER.  SO EVERYTHING

5    WOULD NEED TO BE ADVANCED AT LEAST, AT LEAST BY FOUR MONTHS.

6         SO IF WE HAVE THE HEARING DATE -- ASSUME IT WILL TAKE,

7    DEPENDING ON THE COMPLEXITY OF THE MOTIONS, AT LEAST

8    POTENTIALLY FOUR TO SIX WEEKS TO GET ALL THE ORDERS OUT.  SO IF

9    WE COULD HAVE THE HEARING NO LATER THAN THE END OF JUNE SO THAT

10   ALL THE ORDERS COULD BE ISSUED HOPEFULLY IN JULY, BUT IF

11   NECESSARY, MAYBE GOING INTO A LITTLE BIT THE BEGINNING OF

12   AUGUST.

13        WOULD YOU CHECK YOUR SCHEDULES, IF YOU COULD DO THAT?  I

14   CANNOT DO THIS SCHEDULE THAT YOU'VE PROPOSED.

15        WHAT DO YOU THINK THE SUMMARY JUDGMENTS WOULD BE IN THIS

16   CASE?  I MEAN, I CAN UNDERSTAND YOU MAY HAVE SOME DAUBERT

17   MOTIONS, BUT WHAT ARE THE DISPOSITIVE MOTIONS THAT WOULD NEED

18   TO BE FILED AT THIS POINT?

19             MR. LEE:  YOUR HONOR, WE'RE JUST TRYING TO FIGURE

20   OUT -- I MEAN, I THINK, AS WE DID THIS, WE THOUGHT THAT IT WAS

21   LIKELY THAT THE TRIAL WOULD BE IN JUNE OR EARLY JULY, SO WE MAY

22   NOT BE MOVING THAT FAR BACK.

23        THERE ARE SOME OF THE DATES, FOR INSTANCE, ON THE -- IF

24   YOU LOOK AT THE CASE MANAGEMENT CONFERENCE, ON THE OPENING

25   BRIEFS ON DISPOSITIVE MOTIONS, RESPONSIVE BRIEFS, THOSE ARE

1      JUST -- THOSE DATES WILL SLIP BY WITHOUT INCREASING THE TOTAL

2      AMOUNT.

3           BUT I'M NOT SURE WE'RE THAT FAR OFF.

4           BUT I'M LOOKING AT MR. ANDERSON, WHO TALKED TO US ABOUT

5      THIS.  I THINK THAT'S CORRECT, ISN'T IT?

6           MR. ANDERSON:  I THINK UNDER THE SCHEDULE WE -- I

7      THINK OUR UNDERSTANDING OF THE SCHEDULE WE PROPOSED, DEPENDING

8      ON HOW FAST WE GET STARTED, THE LONGEST IT WOULD TAKE WOULD BE

9      UNTIL JULY.

10          THE COURT:  UM-HUM.

11          MR. LEE:  BEFORE THE TRIAL?

12          MR. ANDERSON:  THE TRIAL WOULD BE IN JULY.

13          MR. LEE:  RIGHT.

14          MR. ANDERSON:  THAT'S THE LONGEST IT COULD TAKE.

15     THERE'S A NUMBER OF THINGS IN THE SCHEDULE THAT MIGHT NOT

16     HAPPEN.

17          MR. LEE:  RIGHT.

18          THE COURT:  OKAY.  LET ME JUST BE BLUNT.  I'M GOING

19     TO HAVE STAFFING TRANSITIONS, AND I'M NOT GOING TO GO TO TRIAL

20     WITH ONE SET OF FOLKS, AND THEN WITHIN THE FIRST MONTH OF

21     SOMEONE'S CLERKSHIP HAVE THEM DOING POST-TRIAL MOTIONS IN

22     APPLE/SAMSUNG.  OKAY?  I HAD THAT WITH THE 2012 TRIAL.  I'M NOT

23     GOING TO REPEAT THAT.

24          SO WE NEED TO GET EVERYTHING COMPLETELY RESOLVED SO THAT I

25     HAVE SOME CONTINUITY SO THAT YOU HAVE POST-TRIAL RULINGS BEFORE

 1    THAT SET IS GONE.

 2         SO I'M MAKING THIS REQUEST JUST AS A RESOURCE REQUEST.  I

 3    CANNOT HAVE THE SCHEDULE THAT YOU PROPOSED, WHICH WOULD HAVE

 4    ONE GROUP GOING TO TRIAL IN JUNE AND JULY, AND THEN HAVING

 5    ANOTHER SET GET BRIEFINGS IN AUGUST AND SEPTEMBER FOR A HEARING

 6    IN OCTOBER.  OKAY?  AND THEY HAVE NOT SEEN THE TRIAL.  I NEED

 7    CONTINUITY.

 8         SO THAT'S WHY I'D LIKE TO HAVE THIS ADVANCED SO THAT YOU

 9    CAN COMPLETELY HAVE ALL THE RULINGS THAT YOU NEED TO APPEAL,

10    YOU KNOW, BY THE BEGINNING OF AUGUST.

11         I MEAN, I MIGHT BE ABLE TO MOVE IT TO MID-AUGUST, BUT, YOU

12    KNOW, JUDGING FROM -- YOU KNOW, THE 2012 POST-TRIAL MOTIONS,

13    THAT WAS A HUGE EFFORT.  I DON'T THINK IT'LL BE LIKE THAT THIS

14    TIME.  THIS WILL PROBABLY BE MORE LIKE THE DAMAGES RETRIAL,

15    POST-TRIAL MOTIONS, CORRECT, IN TERMS OF SCOPE, COMPLEXITY?  I

16    DON'T KNOW ACTUALLY.

17              MR. LEE:  YEAH.  IT --

18              THE COURT:  YOU TELL ME.

19              MR. LEE:  I THINK IT DEPENDS A LITTLE BIT ON THE

20    BRIEFING TO YOUR HONOR, ON THE QUESTIONS YOU ARTICULATE AND

21    WHAT YOUR HONOR SAYS AND THAT'LL DEFINE THE SCOPE OF THE TRIAL,

22    IF THERE IS ONE.

23              THE COURT:  SO, YOU KNOW, MY CONCERN IS WE'VE BEEN TO

24    TRIAL TOGETHER THREE TIMES NOW.  I KNOW HOW MUCH IT TAKES TO

25    GET THOSE POST-TRIAL MOTIONS RULED UPON, AND MY CONCERN IS THIS

1    TIMING WILL NOT WORK.  I DON'T HAVE THE RESOURCES THAT YOUR

2    PARTIES HAVE, THAT YOUR LAW FIRMS HAVE.

3          MR. LEE:  LET US --

4          THE COURT:  SO I'M ASKING FOR SOME CONSIDERATION SO

5    THAT -- OTHERWISE I THINK THERE WILL BE POTENTIALLY EVEN

6    FURTHER DELAYS IN GETTING RULINGS AND I'D LIKE TO AVOID THAT.

7          MR. LEE:  LET US GO DOWNSTAIRS AND WE'LL SEE IF WE

8    CAN -- I'M NOT SURE THAT WE'RE THAT FAR OFF AND I THINK WE CAN

9    ADDRESS YOUR HONOR'S CONCERN.

10          MR. QUINN:  WE'LL WORK IT OUT.

11          THE COURT:  I HOPE THAT MAYBE THERE'S A LITTLE BIT OF

12    ROOM IN HERE, THAT MAYBE ADJUSTING THINGS A WEEK OR TWO ALONG

13    THE SCHEDULE THAT YOU'VE PROPOSED, THAT WE CAN GET THIS DONE SO

14    BY MID-AUGUST YOU WILL HAVE ALL OF THE RULINGS ON ALL THE

15    POST-TRIAL MOTIONS AND THEN YOU CAN, YOU KNOW, PROCEED OUT FROM

16    THERE.

17          MR. QUINN:  ALL RIGHT.

18          THE COURT:  THAT WOULD BE THE IDEAL IF YOU COULD HELP

19    ME ON THE SCHEDULE.

20          MR. QUINN:  WE UNDERSTAND THE ISSUE, YOUR HONOR.  LET

21    US TRY AGAIN.

22          MR. LEE:  LET'S SEE WHAT WE CAN DO.

23          THE COURT:  THANK YOU.  IT WAS VERY HARD IN THE PAST

24    AND I JUST DON'T WANT TO REPEAT THAT BY HAVING ANOTHER TRIAL IN

25    JULY AND AUGUST AND THEN HAVING TO DEAL WITH POST-TRIAL MOTIONS

```
1     WITH FOLKS WHO HAVEN'T BEEN AT THE TRIAL.

2              MR. QUINN:  UNDERSTOOD.

3              MR. LEE:  LET US SEE WHAT WE CAN DO.

4              THE COURT:  IT'S DOABLE, BUT IT'S VERY PAINFUL AND

5     TAKES A LOT OF TIME.

6         ALL RIGHT.  THANK YOU.  I WILL CALL YOUR CASE AT THE END.

7     I APPRECIATE IT.

8         (A RECESS WAS TAKEN FROM 2:16 P.M. TO 4:13 P.M.)

9              THE COURT:  GOOD AFTERNOON.

10             THE CLERK:  PLEASE BE SEATED.

11        YOUR HONOR, RECALLING THE MATTER OF CASE NUMBER

12    11-CV-01846, APPLE, INC. VERSUS SAMSUNG ELECTRONICS.

13        COUNSEL, PLEASE RESTATE YOUR APPEARANCES.

14             MR. LEE:  YOUR HONOR, FOR APPLE FROM WILMER, HALE,

15    BILL LEE, MARK SELWYN, AND SARAH FRAZIER.

16             MR. OLSON:  AND FROM MORRISON & FOERSTER, ERIK OLSON

17    AND NATHAN SABRI.

18             MR. QUINN:  FOR SAMSUNG FROM QUINN, EMANUEL, YOUR

19    HONOR, JOHN QUINN, CARL ANDERSON, WILLIAM ADAMS,

20    KATHLEEN SULLIVAN.

21             MS. SULLIVAN:  GOOD AFTERNOON.

22             THE COURT:  AND MR. ARNOLD.

23             MR. QUINN:  SORRY.  AND BRETT ARNOLD.  I APOLOGIZE.

24             THE COURT:  ALL RIGHT.  GOOD AFTERNOON AND WELCOME

25    BACK.
```

1        ALL RIGHT.  LET'S GO THROUGH YOUR SCHEDULE.  THANK YOU FOR

2    COMING UP WITH AN ALTERNATIVE SCHEDULE.

3        SO YOUR OPENING BRIEFS OF SEPTEMBER 8TH, SEPTEMBER 28TH,

4    AND THE HEARING OF OCTOBER 12TH, THAT'S FINE.

5        OKAY.  CLOSE OF FACT DISCOVERY, I GUESS THE QUESTION I HAD

6    IS DO YOU -- I THINK WE NEED A HEARING DATE ON DISPOSITIVE

7    MOTIONS, IF THERE ARE ANY, WHICH I DON'T KNOW WHAT THEY WOULD

8    BE; DAUBERT MOTIONS -- I ASSUME MOTIONS TO STRIKE ARE THE SAME

9    AS DAUBERT MOTIONS, OR IS THAT SOMETHING DIFFERENT?

10        MR. LEE:  I THINK, YOUR HONOR, I'M -- I'M ABOUT A

11    THIRD OF THE WAY DOWN THE PAGE, THE OPENING DISPOSITIVE DAUBERT

12    MOTIONS TO STRIKE.

13        THE COURT:  UM-HUM.

14        MR. LEE:  SO I THINK WHAT WE CONTEMPLATED, AS WE DID

15    BEFORE, A DAUBERT MOTION WOULD BE CHALLENGING AN EXPERT'S

16    METHODOLOGY OR THE BASIS FOR HIS OPINION.

17        A MOTION TO STRIKE MIGHT BE STRIKING SOMETHING THAT WAS,

18    FOR DISCOVERY REASONS, FOR DISCLOSURE REASONS, FOR OTHER

19    REASONS, THAT WASN'T RELATED TO THE METHODOLOGY EMPLOYED BY THE

20    EXPERT.

21        THE COURT:  I SEE.  BUT WE DON'T HAVE A HEARING DATE

22    FOR THAT, AND I ASSUME THAT DATE IS GOING TO BE DIFFERENT FROM

23    THE PRETRIAL CONFERENCE DATE, OR WERE YOU ASSUMING --

24        MR. LEE:  WE ASSUMED THAT YOU WOULD SET THE DATE AT A

25    DAY CONVENIENT FOR YOUR HONOR AS SOON AS EVERYTHING WAS FILED.

1          THE COURT:  OKAY.  WELL, THIS IS THE PROBLEM THAT --

2     THAT'S TIGHT.  YOU'RE FILING REPLY MOTIONS ON SUMMARY JUDGMENT,

3     DAUBERT, AND MOTIONS TO STRIKE BY MARCH 21, AND YOU'RE HAVING A

4     TRIAL THREE WEEKS LATER, AND SO I NEED TIME TO RULE ON THAT.

5          AND THEN YOU'RE ALSO PLANNING TO FILE A WHOLE BUNCH OF

6     MOTIONS IN LIMINE FOR THE PRETRIAL CONFERENCE.  I JUST THINK

7     THAT'S NOT GOING TO BE HUMANLY POSSIBLE.

8          MR. LEE:  I WOULD SAY, YOUR HONOR, WE, FOR THE

9     APPLE -- FROM THE APPLE SIDE, WE DON'T THINK THERE ARE GOING TO

10    BE ANY DISPOSITIVE MOTIONS WHATEVER SHAPE THE TRIAL TAKES.  BUT

11    THAT'S A POINT OF DISAGREEMENT BETWEEN US.

12         MS. SULLIVAN:  YOUR HONOR, KATHLEEN SULLIVAN FOR THE

13    SAMSUNG SIDE.

14         YOU MAY WELL OBVIATE THE NEED FOR DISPOSITIVE MOTIONS BY

15    YOUR RULING ON THE BRIEFING THAT IS SCHEDULED NOW IN RESPONSE

16    TO YOUR ORDER IN RESPONSE TO THE SEVEN QUESTIONS.

17         WE THINK, FROM SAMSUNG'S PERSPECTIVE, THAT YOU MIGHT BE

18    ABLE TO RULE NOW, AS A MATTER OF LAW, WHAT THE ARTICLES OF

19    MANUFACTURE ARE.  BUT IN CASE THERE IS ANY FACTUAL DISPUTE

20    REMAINING ON WHAT THE ARTICLES OF MANUFACTURE ARE, WE THINK

21    THAT MIGHT BE SUBJECT TO A SUMMARY JUDGMENT MOTION AT THE

22    APPROPRIATE TIME.

23         SO THAT'S THE REASON FOR THE DISPOSITIVE MOTION PLACE

24    HOLDER THERE.  I JUST WANTED TO EXPLAIN THAT THAT'S WITH REGARD

25    TO THE POTENTIAL FOR A DISPOSITIVE MOTION AND IDENTITY OF

1      ARTICLE OF MANUFACTURE.

2           WE THINK YOU CAN RESOLVE THAT NOW AND PREVENT THE NEED FOR

3      IT.

4              THE COURT:  OKAY.  YOU KNOW, I HAVE BEEN WITH YOU ALL

5      FOR SIX YEARS.  THE LIKELIHOOD THAT YOU'LL REFRAIN FROM FILING

6      MOTIONS, I'LL HAVE TO SEE THAT.

7           BUT I STILL WILL NEED MORE TIME BECAUSE I ASSUME YOU WANT

8      THE RULINGS ON DISPOSITIVE MOTIONS, DAUBERT MOTIONS, MOTIONS TO

9      STRIKE BEFORE THE PRETRIAL CONFERENCE, AND RIGHT NOW WE JUST

10     DON'T HAVE ENOUGH TIME.

11              MR. ANDERSON:  YOUR HONOR --

12              THE COURT:  DO YOU SEE WHAT I'M SAYING?

13              MR. ANDERSON:  YOUR HONOR, CARL ANDERSON.

14       I DO SEE WHAT YOU'RE SAYING.  I UNDERSTOOD, IN OUR

15     NEGOTIATION DOWNSTAIRS, THAT THE PRETRIAL CONFERENCE AND ANY

16     HEARING ON THOSE MOTIONS WOULD HAPPEN AT THE SAME TIME.  I

17     DON'T KNOW IF I MISUNDERSTOOD, BUT THAT'S WHAT I UNDERSTOOD.

18              MR. LEE:  I THINK WE THOUGHT THAT WAS TRUE FOR THE

19     MOTIONS IN LIMINE.

20       WHAT WE DID, YOUR HONOR, JUST TO GIVE YOUR HONOR THE LAY

21     OF THE LAND, WE STARTED BY TRYING TO SET A POST-TRIAL HEARING

22     DATE IN JUNE AS YOUR HONOR SUGGESTED, AND THEN TO WORK BACK TO

23     A TRIAL DATE OF --

24              THE COURT:  ALL RIGHT.

25              MR. LEE:  -- APRIL 16.

1          THE COURT:  LET'S TRY TO -- I'M FINE WITH ALL THE

2     DATES UP TO NOVEMBER -- SORRY -- MARCH 21.

3          WHAT I'D LIKE TO DO IS SET A HEARING DATE TO GET YOU

4     RULINGS.  I MEAN, YOU KNOW, FROM THE PAST, EVEN THE DAUBERT

5     MOTIONS ARE NOT EASY IN THIS CASE AND THEY OFTEN TAKE TIME, SO

6     I'D LIKE TIME TO BE ABLE TO RULE ON THAT.  YOUR MOTIONS TO

7     STRIKE ARE OFTEN VERY COMPLEX, TOO.

8          SO IF YOU FILED THE REPLIES BY MARCH 21, LET ME ASK

9     MS. MASON, CAN YOU PLEASE TAKE A LOOK AT APRIL 12 AS THE

10    HEARING DATE.

11          (DISCUSSION OFF THE RECORD BETWEEN THE COURT AND THE

12    CLERK.)

13          THE COURT:  OKAY.  I THINK THAT'S OKAY.  SO WHAT IF

14    WE HAD -- IF WE ADDED IN A HEARING ON, IF THERE ARE ANY

15    DISPOSITIVE MOTIONS, DAUBERT MOTIONS, MOTIONS TO STRIKE, THAT

16    WOULD BE APRIL THE 12TH OF 2018 AT 1:30.

17          THEN I'M OKAY WITH THE POST-TRIAL HEARING NOT BEING IN

18    JUNE, SO I THINK WE HAVE A LITTLE BIT MORE ROOM HERE.  WHAT I'D

19    LIKE TO DO IS TO THEN SCHEDULE A PRETRIAL CONFERENCE.

20          NOW, I AM GOING TO IMPOSE LIMITS ON EVERYTHING.  I THINK

21    IT MAY BE TOO EARLY TO FIGURE OUT WHAT THOSE LIMITS ARE UNTIL

22    YOU HAVE A RULING ON THE NEXT SET OF BRIEFING, BECAUSE I THINK

23    THAT WILL REALLY DETERMINE THE SCOPE MORE.  SO I THINK IT'S

24    PREMATURE.

25          BUT I DO WANT TO SAY THAT THERE WILL BE LIMITS ON MOTIONS

1    IN LIMINE, BOTH IN TERMS OF NUMBER AND PAGE LIMITS, PAGE --

2    YEAH, THE NUMBER OF PAGES.  BUT WE'LL FIGURE THAT OUT LATER.

3         BUT EVEN IF THAT'S THE CASE, I'D LIKE TO PERHAPS SET YOUR

4    PRETRIAL CONFERENCE, WHAT ABOUT -- IN CASE -- IT COULD BE THAT

5    THE SUMMARY JUDGMENT IN THIS CASE, IF THAT IS WHAT IS GOING TO

6    DETERMINE WHAT THE ARTICLES OF MANUFACTURE ARE, IS A FAIRLY

7    COMPLICATED QUESTION.  SO WHAT ABOUT SETTING YOUR PRETRIAL

8    CONFERENCE FOR MAY?

9         AND I'M GOING TO ASK MS. MASON IF YOU COULD LOOK, PLEASE,

10   PERHAPS AT MAY 17 OR 10.

11        (DISCUSSION OFF THE RECORD BETWEEN THE COURT AND THE

12   CLERK.)

13        THE COURT:  MY ONLY CONCERN IS THAT I'D LIKE TO HAVE

14   SOME TIME TO ISSUE THE RULINGS ON THE APRIL 12 MOTIONS, AND

15   THEN GIVE YOU TIME TO HAVE YOUR MEET AND CONFER AND FILE YOUR

16   MOTIONS IN LIMINE WITH THE BENEFIT OF A SUMMARY JUDGMENT RULING

17   ON DAUBERT SO YOU'RE NOT HAVING TO MAKE ARGUMENTS IN THE

18   ALTERNATIVE.

19        MR. LEE:  YOUR HONOR, IF WE COULD AVOID THE LATTER

20   DATE, MAY THE 24TH?  I'M THE CHAIR OF THE BOARD OF HARVARD, AND

21   THAT'S COMMENCEMENT DAY.

22        THE COURT:  THAT'S FINE.  THE 24TH IS ALSO NOT GOOD

23   FOR US.

24        WHAT ABOUT MAY 31?

25        (DISCUSSION OFF THE RECORD BETWEEN THE COURT AND THE

```
 1      CLERK.)
 2              THE COURT:  OKAY.  SO IT LOOKS LIKE THE 10TH AND THE
 3      17TH AND 31ST LOOK OKAY.  LET'S -- WHAT ABOUT MAY 17?  DOES
 4      THAT WORK?
 5              MR. ANDERSON:  YES FOR SAMSUNG, YOUR HONOR.
 6              MR. LEE:  YES FOR APPLE, YOUR HONOR.
 7              THE COURT:  OKAY.  SO THAT WILL BE THE PRETRIAL
 8      CONFERENCE.  I'M SORRY YOU WILL NOT NECESSARILY HAVE -- YOU
 9      WOULD HAVE TO MEET AND CONFER BY APRIL THE 26TH, THREE WEEKS IN
10      ADVANCE, AND THEN YOU'D HAVE TO BE FILING 14 AND 10 DAYS IN
11      ADVANCE.  I'M SORRY THAT I CAN'T PROMISE YOU RIGHT NOW THAT YOU
12      WILL HAVE RULINGS ON EVERYTHING BY THE 26TH.  IS THAT GOING TO
13      BE A PROBLEM?
14              MR. LEE:  WE SHOULD BE ABLE TO DEAL WITH IT, YOUR
15      HONOR.
16              MR. ANDERSON:  AGREED.
17              THE COURT:  IS THAT OKAY?
18              MR. LEE:  YES.
19              THE COURT:  ALL RIGHT.  SO THEN CAN WE SET -- YOU'RE
20      SAYING IT'S A FIVE DAY TRIAL.  CAN WE SET THAT FOR -- WHAT
21      ABOUT JUNE?  WE COULD DO THE 7TH, THE 14TH.  I'M SORRY.  I'M
22      LOOKING AT THE WRONG MONTH.  WAIT A MINUTE.
23          IF WE HAVE THE PRETRIAL MAY 17, WE COULD DO JUNE 4TH, OR
24      JUNE 11TH IF THAT'S BETTER.  I KNOW IN THE PAST WE'VE ENDED UP
25      HAVING A NUMBER OF PRETRIAL CONFERENCES BECAUSE THERE WERE SO
```

```
 1        MANY -- I REMEMBER FOR THE DAMAGES RETRIAL, WE ENDED UP HAVING,

 2     WHAT, TWO OR --

 3                MR. LEE:  (INDICATING.)

 4                THE COURT:  FIVE?

 5                MR. LEE:  YES.

 6                THE COURT:  OH, OKAY.

 7                MR. LEE:  BUT I DON'T THINK WE'LL NEED THAT MANY THIS

 8     TIME.

 9                THE COURT:  WHAT DO YOU THINK, JUNE 11TH?

10                MR. LEE:  JUNE 11TH WORKS.

11                THE COURT:  IS THAT --

12                MR. ANDERSON:  YES FOR SAMSUNG.

13                THE COURT:  LET ME ASK MS. MASON, WHAT DO WE HAVE SET

14     ON JUNE 11TH?

15          (DISCUSSION OFF THE RECORD BETWEEN THE COURT AND THE

16     CLERK.)

17                THE COURT:  WELL, LET'S WORK BACKWARDS.  YOU WANT

18     ABOUT, WHAT, ALMOST A MONTH BEFORE FILING POST-TRIAL BRIEFS;

19     RIGHT?

20                MR. LEE:  YES, YOUR HONOR.

21                THE COURT:  ALL RIGHT.  I THINK WE'RE PUSHING TOO

22     CLOSE TO MY DEADLINE.  SO LET'S SAY JUNE 11TH IS THE TRIAL, AND

23     I'M GOING TO --

24          DO WE HAVE ANYTHING SET ON THE CRIMINAL CALENDAR FOR THAT

25     WEDNESDAY?
```

1           THE CLERK:  NOT AT THIS TIME, YOUR HONOR.

2           THE COURT:  AND I ASSUME WE HAVE THINGS SET ON THE

3      14TH.

4           THE CLERK:  NOT AT THIS TIME, YOUR HONOR.

5           THE COURT:  OH, NOTHING?

6           THE CLERK:  THAT'S CORRECT.

7           THE COURT:  OKAY.  WHAT I'M GOING TO DO IS I'M GOING

8      TO VACATE THAT WEEK, SO YOU'RE JUST GOING TO GO FIVE DAYS

9      STRAIGHT.  OKAY?

10          MR. LEE:  GREAT.

11          THE COURT:  BECAUSE I NEED THESE POST-TRIAL MOTIONS

12     DONE, SO WE JUST NEED TO GET THIS TRIAL DONE.  SO JULY 11TH

13     THROUGH THE 15TH.

14        IF YOU COULD MAKE A NOTE, PLEASE, ON THE CALENDAR --

15          MR. QUINN:  JUNE?

16          THE COURT:  I'M SORRY, JUNE.

17          THE CLERK:  YES, YOUR HONOR.

18          THE COURT:  -- NOT TO SCHEDULE ANYTHING THAT WEEK ON

19      THE CRIMINAL CALENDAR.

20        OKAY.  SO THE 11TH THROUGH THE 15TH.  WE'LL JUST GO

21      STRAIGHT FIVE DAYS.

22        NOW, I WOULD LOVE FOR YOU TO COMPLETE THE BRIEFING -- THIS

23      MAY BE WHERE WE HAVE TO TRUNCATE THE SCHEDULE A BIT, AND I

24      APOLOGIZE IN ADVANCE, BUT I NEED TO HAVE EVERYTHING RULED ON,

25      AND AS YOU KNOW FROM ALL OF OUR OTHER POST-TRIAL BRIEFS, IT

1    TAKES TIME TO GET THE ORDERS DONE.  THIS IS REALLY COMPLICATED

2    STUFF.

3          HOW EARLY -- IF YOU FINISH THE TRIAL BY JUNE 15TH, CAN YOU

4    GET POST-TRIAL BRIEFS FILED -- ACTUALLY, THIS SCHEDULE MAY NOT

5    WORK NOW THAT I'M LOOKING AT IT.

6          (PAUSE IN PROCEEDINGS.)

7             THE COURT:  ALL RIGHT.  WHAT ABOUT THIS:  SO IF YOU

8    HAVE THE TRIAL THE 11TH THROUGH THE 15TH, THEN WE HAVE

9    POST-TRIAL BRIEFS DUE TWO WEEKS LATER ON JUNE 29TH; OPPOSITION

10   BRIEFS DUE TWO WEEKS LATER ON JULY 13; REPLY BRIEFS DUE ONE

11   WEEK LATER ON JULY 20TH; AND THE HEARING ON AUGUST 9TH.

12         IT'S GOING TO PUT IMMENSE PRESSURE ON US TO GET ALL THOSE

13   ORDERS OUT, BUT, I MEAN, UNLESS YOU CAN FIND MORE TIME -- ARE

14   WE SURE WE'LL EVEN NEED ANY ADDITIONAL DISCOVERY?  BECAUSE

15   THAT'S WHAT'S REALLY BUILDING IN --

16             MR. LEE:  YOUR HONOR --

17             THE COURT:  A 90 DAY --

18             MR. LEE:  IT DEPENDS -- IT DEPENDS ON YOUR HONOR'S

19   RULING ON -- WE TALKED ABOUT THIS DOWNSTAIRS.  IT DEPENDS ON

20   YOUR HONOR'S RULING ON THE EIGHT QUESTIONS.  IF, AFTER YOUR

21   HONOR'S RULING, ALL THAT WAS LEFT WAS THE RETRIAL THAT WE WERE

22   ABOUT TO DO BEFORE IT WAS STAYED, WE DON'T NEED DISCOVERY AT

23   ALL.  WE'RE ALL SET TO GO.

24             THE COURT:  OKAY.

25             MR. LEE:  ON THE OTHER HAND, WE COULD IMAGINE THAT IN

1    ANSWER TO THE SET OF QUESTIONS THAT YOUR HONOR HAS POSED, THAT

2    WOULD REQUIRE SOME DISCOVERY.

3            MR. QUINN:  WE AGREE WITH THAT, YOUR HONOR, AND WE

4    HAVE DISCUSSED THIS AT LENGTH AND WE WERE LOOKING TO SEE IF WE

5    COULD SHORTEN THAT PERIOD.  WE REALLY THINK IT WOULD BE SAFEST

6    TO LEAVE ABOUT A 60 DAY PERIOD.  SO WE'RE ASSUMING THAT THE

7    COURT WOULD RULE ON THE --

8            THE COURT:  BUT YOU HAVE A 90 DAY PERIOD.  THE

9    HEARING IS THE 12TH, AND YOU HAVE THE FACT DISCOVERY AND EXPERT

10   DISCOVERY CUTOFF JANUARY 15.

11           MR. QUINN:  WELL, WE'RE --

12           THE COURT:  YOU'RE ASSUMING THAT THE ORDER MAY TAKE A

13   MONTH?

14           MR. QUINN:  WE'RE ASSUMING -- SAY THE ORDER TAKES A

15   MONTH, AND THEN THAT WOULD LEAVE US 60 DAYS.

16           THE COURT:  OKAY.  AND IT MAY.  I MEAN, I HOPE --

17   HOPE SPRINGS ETERNAL THAT IT CAN BE DONE FASTER THAN THAT.

18           MR. QUINN:  I UNDERSTAND.

19           THE COURT:  BUT WOULD IT BE POSSIBLE FOR US, IF IT

20   TURNS OUT THINGS CHANGE -- BECAUSE THIS AUGUST 9TH DEADLINE IS

21   REALLY TIGHT AND WILL PRESENT SOME PROBLEMS.

22           MR. LEE:  COULD I MAKE A SUGGESTION, YOUR HONOR?

23           THE COURT:  YES.

24           MR. LEE:  I THINK, TO GO TO YOUR HONOR'S POINT, IF

25   THINGS CHANGE, MAYBE WE SHOULD COME BACK BEFORE YOUR HONOR AND

1      DETERMINE WHETHER THE SCHEDULE CAN BE SHORTENED IN SOME WAY.

2           FOR INSTANCE, IF THERE WAS ONLY GOING TO BE THE RETRIAL ON

3      THE FIVE PRODUCTS, WE COULD SHORTEN THE SCHEDULE SUBSTANTIALLY

4      AND IT WOULDN'T CREATE ANY PROBLEMS IN JULY AND AUGUST.

5           BUT I THINK BOTH OF US WILL HAVE A BETTER IDEA AFTER YOUR

6      HONOR HAS RULED ON THE EIGHT QUESTIONS.

7                MR. QUINN:  I THINK WE'LL ALL HAVE, CERTAINLY HAVE A

8      BETTER IDEA ONCE WE HAVE THOSE RULINGS, YOUR HONOR.

9           WE'D JUST LIKE TO PUT A PLACE HOLDER DOWN THAT IT'S QUITE

10     POSSIBLE THAT WE MAY NEED, BOTH SIDES MAY NEED SOME FACT

11     DISCOVERY, AND SOMETHING ON THE ORDER OF 60 DAYS SEEMS

12     APPROPRIATE.

13               THE COURT:  OKAY.  BUT IF THIS ORDER COMES OUT

14     SOONER, THEN YOU'RE SAYING WE CAN TRUNCATE THAT?

15               MR. QUINN:  YES.

16               THE COURT:  THAT WINDOW WOULD REALLY HELP.

17               MR. QUINN:  YES.

18               THE COURT:  BECAUSE THAT'S THE LARGEST PERIOD.

19               MR. QUINN:  YES, YOUR HONOR.

20               MR. LEE:  YES.

21               THE COURT:  OKAY.  WHAT IF WE -- WELL, AUGUST 9TH IS

22     REALLY GOING TO BE A DIFFICULT DAY.  IT'S A LITTLE BIT LATER

23     THAN I HAD WANTED.

24          WHY DON'T WE KEEP THIS SCHEDULE FOR NOW?  I'D LIKE TO SET

25     A FURTHER CMC, PERHAPS AFTER YOU HAVE A RULING, AND THEN WE CAN

```
1     RE-EVALUATE WHAT MAKES SENSE IN TERMS OF WHAT'S NEEDED AND HOW

2     MUCH TIME IS NEEDED FOR EACH ACTION.

3               MR. QUINN:  ALL RIGHT.

4               THE COURT:  LET'S SET THE NEXT CMC THEN FOR --

5          HOW DO WE LOOK ON NOVEMBER 15TH?

6          (DISCUSSION OFF THE RECORD BETWEEN THE COURT AND THE

7     CLERK.)

8               THE COURT:  OKAY.  DO WE NEED TO GET TOGETHER SOONER,

9     OR WILL YOU KNOW, BASED ON THE ORDER, THAT IF DISCOVERY IS

10    NEEDED, YOU'LL JUST START SO THAT THAT 60 DAY TIME CLOCK CAN

11    IMMEDIATELY BEGIN?

12              MR. QUINN:  I THINK ONCE WE HAVE THE ORDER, YOUR

13    HONOR, WE CAN -- THE TIME PERIOD CAN START.

14              MR. LEE:  I AGREE.

15              THE COURT:  OKAY.

16              MR. LEE:  I AGREE.

17              THE COURT:  ALL RIGHT.  SO THEN WE'RE NOT AS PRESSED

18    TO HAVE THAT CMC RIGHT AWAY.

19              MR. QUINN:  I AGREE.

20              MR. LEE:  I AGREE.

21              THE COURT:  ALL RIGHT.  SO THEN WHY DON'T WE SET IT

22    FOR THE 15TH --

23              MR. QUINN:  YOUR HONOR, IS THERE ANY POSSIBILITY OF

24    DOING IT THE WEEK BEFORE OR THE WEEK AFTER?

25              THE COURT:  SURE.  LET'S DO IT THE 8TH.  THE WEEK
```

```
1        AFTER IS THE WEDNESDAY BEFORE THANKSGIVING.

2              AND LET ME JUST CHECK WITH MS. MASON, WE'RE STILL GOOD ON

3        THE 8TH; RIGHT?

4              THE CLERK:  YES, YOUR HONOR.

5              THE COURT:  ALL RIGHT.  SO LET'S HAVE THE CMC

6        NOVEMBER 8TH, AND THEN IN YOUR JOINT CASE MANAGEMENT STATEMENT

7        THAT'S TO BE FILED ON NOVEMBER 1, LET ME KNOW IF, YOU KNOW, WE

8        CAN MAKE ANY CHANGES TO THE SCHEDULE.

9              I HOPE THE ORDER IS WELL OUT BY THEN.  IF IT'S NOT, I WILL

10       GIVE YOU AN EXTENSION OF TIME.  LET'S SAY WE DON'T FILE IT

11       UNTIL NOVEMBER 3RD.  THEN I'LL GIVE YOU AN EXTENSION TO NOT

12       FILE YOUR JCMS UNTIL, LIKE, TUESDAY OR SOMETHING LIKE THAT.

13             MR. LEE:  OKAY.

14             MR. QUINN:  THANK YOU, YOUR HONOR.

15             THE COURT:  ALL RIGHT.  ANYTHING ELSE?

16             MR. QUINN:  OTHERWISE THE DATES YOUR HONOR WENT

17       THROUGH BEFORE AND THAT ARE ON THIS PAGE WE'RE GOING TO SET

18       NOW?  OR ARE WE GOING TO REVISIT THIS AT THE CMC?

19             THE COURT:  WELL, I'M GOING TO SET THIS NOW AND ISSUE

20       A CASE MANAGEMENT ORDER WITH THESE DATES.

21             BUT I'LL SAY THAT WE MAY REVISIT THIS TO SEE IF ANY OF THE

22       SCHEDULE CAN BE ACCELERATED WHEN WE HAVE OUR FURTHER CMC ON

23       NOVEMBER 8TH.  BUT WE'LL GO AHEAD -- DO YOU WANT ME TO REPEAT

24       ANY OF THESE DATES?  IT'S BASICALLY THE SAME AS WHAT YOU HAD

25       THROUGH MARCH 21; WE'RE SETTING A HEARING ON THOSE MOTIONS FOR
```

1    APRIL THE 12TH OF 2018; FOR PRETRIAL MATERIALS, PLEASE JUST

2    FOLLOW MY STANDING ORDER ON CIVIL JURY TRIALS; WE'LL HAVE A

3    PRETRIAL CONFERENCE ON MAY 17, 2018, AT 1:30; WE'LL HAVE A

4    TRIAL JUNE 11TH THROUGH THE 15TH OF 2018; FILE YOUR POST-TRIAL

5    BRIEFS JUNE 28; YOUR OPPOSITIONS JULY 13; YOUR REPLY BRIEFS

6    JULY 20TH; AND THE POST-TRIAL HEARING IS AUGUST 9TH.

7         AND I WOULD ASK THAT YOU INCLUDE IN YOUR JOINT CASE

8    MANAGEMENT STATEMENT IN NOVEMBER WHAT YOU THINK SOME OF THE

9    LIMITS SHOULD BE ON MOTIONS IN LIMINE, BOTH NUMBER OF MOTIONS

10   AND PAGES, AND WHAT OTHER LIMITS WE CAN MAKE.

11        I DON'T WANT UNLIMITED DAUBERTS, SO I WANT THE SAME THING

12   FOR DAUBERTS, BOTH THE NUMBER AND THE PAGES.

13        SAME FOR MOTIONS TO STRIKE.

14             MR. QUINN:  ALL RIGHT.

15             THE COURT:  I'D LIKE YOUR VIEWS ON WHAT THOSE LIMITS

16   SHOULD BE.

17        WHAT ELSE DO WE NEED TO DO?

18             MR. QUINN:  YOUR HONOR, I GUESS I'D JUST MENTION A

19   CONCERN THAT IF WE HAVE A TRIAL THE WEEK OF THE 11TH, IF THE

20   JURY IS OUT ONE, TWO, THREE, FOUR, SOME NUMBER OF DAYS, THEN

21   WE'VE GOT POST-TRIAL BRIEFS, WE'VE ONLY ALLOWED TWO WEEKS FROM

22   THE 15TH FOR THAT AND, IN EFFECT, DEPENDING UPON WHEN THE

23   VERDICT COMES IN, IT'S POSSIBLE WE'D ONLY HAVE A WEEK OR,

24   DEPENDING UPON WHEN THE JURY COMES IN, SOME VERY LIMITED NUMBER

25   OF AMOUNT OF TIME TO DO THE POST-TRIAL BRIEFS.  I SUPPOSE WE

1    CAN REVISIT THAT THEN.

2         I MEAN, EVEN IF THE JURY CAME BACK --

3              THE COURT:  WELL, WHAT IF WE STARTED ON JUNE 8TH?

4    THAT WOULD -- YOU KNOW, I'M OKAY IF YOU WANTED TO DO THIS ON

5    THE 4TH.  I JUST KNOW THAT ON THE 7TH, I WILL HAVE SOME PERIOD

6    OF UNAVAILABILITY.  DO YOU WANT TO TRY IT ON JUNE 4TH?

7    ACTUALLY, EVEN JUNE 1ST.  DO YOU WANT TO START THE TRIAL ON

8    FRIDAY, JUNE 1ST?

9              MR. QUINN:  BOTH THOSE DAYS ARE FINE FOR SAMSUNG,

10   YOUR HONOR.

11             MR. LEE:  SO, YOUR HONOR, THE -- ONE OF THE BENEFITS

12   OF JUNE 11TH WAS WE COULD GO FIVE CONSECUTIVE DAYS.  IF WE

13   STARTED ON JUNE 1ST OR 4TH AND WE JUST WENT THREE DAYS, WE'RE

14   GOING TO BE VERY CLOSE TO THE SAME SCHEDULE ANYWAY.  WE MAY

15   SAVE A COUPLE DAYS.

16             THE COURT:  WELL, WHAT IF WE WENT ALL DAY THE 1ST,

17   ALL DAY THE 4TH, ALL DAY THE 5TH, ALL DAY THE 6TH, AND WE COULD

18   GO ALL DAY THE 7TH.  I JUST KNOW THERE IS ONE PERIOD OF

19   UNAVAILABILITY FOR ME AT THAT TIME -- ON THAT DAY.  I DON'T

20   KNOW THE TIME YET.

21             MR. LEE:  THAT WOULD BE FINE WITH US.

22             MR. QUINN:  FINE WITH US AS WELL, YOUR HONOR.

23             THE COURT:  SO DO YOU WANT TO START ON JUNE 1ST

24   INSTEAD?

25             MR. QUINN:  THAT'S FINE, YOUR HONOR.

```
 1           THE COURT:  OKAY.  SO LET'S SAY JUNE 1ST THROUGH THE

 2      7TH, BUT UNDERSTANDING THERE'S SOME PERIOD OF UNAVAILABILITY,

 3      AND I DON'T KNOW THE TIME YET, WHERE I WILL BE UNAVAILABLE THAT

 4      DAY.

 5           MR. QUINN:  AND THE POST-TRIAL BRIEFS, YOUR HONOR?

 6      COULD WE KEY THAT OFF WHEN THE JURY RETURNS A VERDICT?

 7           THE COURT:  I'M ONLY GOING TO GIVE, LIKE, SEVEN OR

 8      TEN DAYS AFTER THE JURY VERDICT.

 9           MR. QUINN:  UM-HUM.

10           THE COURT:  WHAT IF WE -- WELL, WE HIT MEMORIAL DAY.

11      OTHERWISE I WAS GOING TO SUGGEST WE COULD START ON MAY 29TH.

12           MR. LEE:  I THINK THAT WOULD BE --

13           THE COURT:  THAT JUST SQUEEZES US.  ALL OF THE MOTION

14      IN LIMINES HAVE TO BE COMPLETELY RULED UPON BY MAY, YOU KNOW,

15      MAY 24TH.

16           MR. LEE:  YOUR HONOR, JUNE 1ST WOULD BE MUCH BETTER

17      FOR US ON OUR END IF WE COULD.

18           THE COURT:  ALL RIGHT.  LET'S PLAN THEN JUNE 1ST

19      THROUGH THE 7TH.

20           AND THEN WE'LL HAVE OPENING BRIEFS DUE -- DO YOU WANT TO

21      SAY, WHAT, TEN DAYS AFTER THE VERDICT?

22           MR. QUINN:  THAT'S FINE.

23           MR. LEE:  THAT'S FINE, YOUR HONOR.

24           THE COURT:  OPPOSITION BRIEFS DUE TEN DAYS AFTER

25      MOTIONS; AND REPLIES DUE, CAN WE SAY FIVE DAYS AFTER?
```

1           MR. LEE:  THAT'S FINE.

2           MR. QUINN:  THAT'S FINE, YOUR HONOR.

3           THE COURT:  OKAY.  THEN WE MAY BE ABLE TO ADVANCE OUR

4    HEARING A LITTLE BIT.

5           MR. LEE:  YES.

6           THE COURT:  OKAY.  THAT'S FINE.  WE'LL RESERVE

7    SETTING THE HEARING DATE AT A LATER TIME THEN.  MAYBE WE CAN DO

8    THAT IN NOVEMBER WHEN WE HAVE A BETTER SENSE.

9        OKAY.  WHAT ELSE?

10          MR. LEE:  NOTHING FOR APPLE, YOUR HONOR.

11          THE COURT:  ANYTHING ELSE?

12          MR. QUINN:  NOTHING ON OUR SIDE, YOUR HONOR.

13          THE COURT:  OKAY.  THANK YOU ALL.

14          MR. LEE:  THANK YOU.

15          MR. QUINN:  THANK YOU.

16          THE CLERK:  COURT IS ADJOURNED.

17       THE PROCEEDINGS WERE CONCLUDED AT 4:38 P.M.)

18

19

20

21

22

23

24

25

1

2

3                        CERTIFICATE OF REPORTER

4

5

6

7          I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8     STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9     280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10    CERTIFY:

11         THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12    A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13    ABOVE-ENTITLED MATTER.

14

15

16    _____
      LEE-ANNE SHORTRIDGE, CSR, CRR
17    CERTIFICATE NUMBER 9595

18         DATED:  AUGUST 10, 2017

19

20

21

22

23

24

25