[COUNSEL LISTED ON SIGNATURE PAGES]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>        vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | Case No. 11-cv-01846-LHK<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Hearing:**<br><br>Date:    October 25, 2017<br>Time:   2:00 p.m.<br>Place:  Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

Pursuant to this Court's Order (Dkt. 3531), the parties submit this Joint Case Management Statement in connection with the Case Management Conference scheduled for October 25, 2017.

**I.  Proposed Schedule**

The parties propose the following schedule:

| Event | Proposed Date |
|---|---|
| Close of Fact Discovery and Disclosure of Experts | **Apple's Proposal:** December 7, 2017<br>**Samsung's Proposal:** December 22, 2017 |
| Opening Expert Reports | January 15, 2018 |
| Rebuttal Expert Reports | January 29, 2018 |
| Reply Expert Reports | **Apple's Proposal:** February 8, 2018<br>**Samsung's Proposal:** No reply reports |
| Close of Expert Discovery | February 16, 2018 |
| Dispositive Motions, *Daubert* Motions, and Motions to Strike | **Openings:** February 23, 2018<br>**Responses:** March 9, 2018<br>**Replies:** March 16, 2018 |
| Hearing on Dispositive Motions, *Daubert* Motions, and Motions to Strike | Week of March 26, 2018<br>(at the Court's convenience) |
| Final Pretrial Conference | Week of April 30, 2018<br>(at the Court's convenience) |
| Jury Trial | May 11, 14, 15, 16, 17, 18, 2018, at 9:00am |
| Post-Trial Motions | **Openings:** 14 days after verdict<br>**Responses:** 14 days after openings<br>**Replies:** 7 days after responses |

**Apple's Position:**  Apple believes closing fact discovery on December 7, 2017 will provide the parties with ample time to complete any limited fact discovery that may be necessary.  The Court has held (Dkt. 3530) that, when considered in view of the Court's test for identifying the article of manufacture to which Samsung applied Apple's patented designs, the

1 record contains sufficient evidence to support Samsung's Proposed Jury Instruction No. 42.1 and
2 Samsung's argument regarding the relevant articles of manufacture.  The Court also previously
3 held that any future trial would be governed by "Groundhog Day" rules and that no new theories
4 or supplemental fact discovery would be permitted.  *See* Dkt. 3272 at 2, Dkt. 2320 at 41-42.  The
5 Court's conclusion that a new trial is necessary on account of an instructional error does not
6 warrant reopening fact discovery or revisiting these rules.  Samsung has not alleged that it was
7 precluded from taking or providing any relevant discovery or from introducing relevant
8 evidence.  To the contrary, Samsung has repeatedly urged that the record contains "voluminous
9 undisputed evidence" in support of its position regarding the article of manufacture.  Dkt. 3521
10 at 2; *see also id.* at 12 (arguing record contains "[o]verwhelming evidence" in support of
11 Samsung's proposed articles of manufacture that "far exceeds the minimal 'any evidence' that
12 Samsung needed to support its proposed article-of-manufacture instruction"); Dkt. 3524 at 15
13 ("Ample evidence in the record supports Samsung's asserted articles of manufacture, even under
14 Apple's proposed test.").  Accordingly, there should be no additional documents produced or
15 depositions of fact witnesses taken.  The only additional fact discovery necessary or permissible
16 under the Court's prior orders would be updating contentions in interrogatory responses, to the
17 extent necessary.  If new discovery, new evidence, new facts and new percipient witnesses are
18 permitted as Samsung requests, it would not be possible to discover, prepare, and try this case on
19 the proposed schedule.

20 **Samsung's Position:**  A period for fact discovery is needed to address the parties' factual
21 contentions regarding the new four-factor test for identifying the articles of manufacture.  Fact
22 discovery directed to design patent damages, in light of the new test, is also appropriate.  The
23 parties should be permitted to proffer new evidence, new testimony, and new expert and
24 percipient witnesses on these topics.

25 While the Court properly ruled that Samsung's Proposed Instruction 42.1 had an
26 adequate foundation in the evidence, additional discovery is warranted because the Court's
27 chosen test reflects a change in the law that no party could have reasonably anticipated in
28

1  preparing for the prior trials.  Indeed, no party ever argued for the chosen test or was previously
2  required to marshal evidence to support it.  The Court, moreover, has placed a new burden of
3  production on Samsung—one that no party argued existed in the prior trials.  Samsung should be
4  permitted to produce and get from Apple additional evidence to meet this new burden.
5  Adherence to "Groundhog Day" rules thus would be inappropriate; Samsung should not be
6  hamstrung in trying to persuade the jury as to the correct application of the new test that the
7  Court just identified.

   Apple's view that discovery should be severely circumscribed is, moreover,
   irreconcilable with its earlier position seeking a full sixty days for fact discovery in this
   circumstance.  *See* Dkt. 3510 at 2.  Apple agrees that some fact discovery and new expert
   discovery is needed, and there is no basis for limiting that discovery in the manner that Apple
   deems strategically advantageous to it.  Instead, the Court should give the parties a meaningful
   period of time for discovery during which they can choose for themselves what discovery to take
   and how to use that time.  Samsung is confident that the parties will be able to discover, prepare
   and try this case on the parties' agreed upon trial schedule.

## II.  Partial Final Judgment

**Apple's Position:** The Court's order requiring a new trial on damages for Samsung's infringement of the D'677, D'087, and D'305 patents is clear.  No further action is necessary, and vacatur of the Court's partial final judgment at this stage would be contrary to the Federal Circuit's mandate.  Indeed, the Federal Circuit *denied* Samsung's request to recall its mandate in Appeal No. 2015-2088, in which the Federal Circuit summarily affirmed this Court's entry of partial final judgment.  In doing so, the Federal Circuit observed that "if the district court orders a new design patent damages trial in connection with Appeal No. 2014-1335, ***and that new trial results in either no damage award or a lesser damage award***, we are confident that the district court retains the authority to order repayment of any moneys paid by Samsung in connection with the earlier design patent judgment." *Apple Inc. v. Samsung Elecs. Co.*, No. 15-2088, Dkt.

41 at 2 (Fed. Cir. Feb. 7, 2017) (emphasis added).  Any further action before the new trial is therefore premature.

If and when vacatur becomes appropriate, the Court should only vacate the portion of its judgment relating to damages awarded for Samsung's design patent infringement.  The Court's partial final judgment, issued at the behest of the Federal Circuit, encompassed damages for both Samsung's utility patent and design patent infringement.  When the Federal Circuit recalled its mandate in Appeal No. 2014-1335, it explicitly did so "only to the extent it related to the measure of damages awarded in connection with the district court's partial final judgment ***on Apple's design patent claims***."  *Apple Inc. v. Samsung Elecs. Co.*, No. 14-1335, Dkt. 232-2 at 2 n.1 (Fed. Cir. Feb. 7, 2017) (emphasis added).  The Court and the parties agreed on the exact amount of the damages award that was attributable to Samsung's infringement of Apple's utility patents, the Federal Circuit's mandate with respect to Apple's utility patent claims was never recalled, and the portion of this Court's partial final judgment relating to those claims should not be vacated or altered.  Indeed, because the Federal Circuit did not recall its mandate with respect to the utility patent judgment, this Court lacks the authority to vacate or alter that portion of the judgment in any way.  *See Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008) ("The mandate rule provides that issues actually decided [on appeal]—those within the scope of the judgment appealed from, minus those explicitly reserved or remanded by the court—are foreclosed from further consideration." (internal quotation marks omitted)).

**Samsung's Position:**  In light of the Court's order requiring a new trial on damages for the D'677, D'087, and D'305 patents (Dkt. 3530), the Court should formally vacate the September 2015 partial judgment awarding Apple damages for infringement of those patents (Dkt. 3290).  *See, e.g.*, *Hunter v. County of Sacramento*, 652 F.3d 1225, 1236 (9th Cir. 2011) (vacating judgment and remanding for new trial in light of prejudicial instructional error); *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1289 (Fed. Cir. 2000) (same); *Hesselbein v. Beckham*, 168 F. Supp. 3d 1252, 1265 (E.D. Cal. 2016) (granting motion for new trial and accordingly instructing the Clerk "to vacate the judgment"); *Watson v. Cty. of Santa*

*Clara*, 2012 WL 92840, *4 (N.D. Cal. Jan. 11, 2012) (upon finding instructional error, "the court vacates all the damages awards and grants a new trial on damages"), *aff'd*, 800 F.3d 1135 (9th Cir. 2015).

Nothing in the Federal Circuit's mandates precludes following the normal sequence of vacating a judgment held to be predicated on instructional error and *then* conducting a new trial. The Federal Circuit directed this Court to enter a partial judgment based on the then-valid verdicts for design-patent damages. *See Apple Inc. v. Samsung Elecs, Co.*, 786 F.3d 983, 1005 (Fed. Cir. 2015), *rev'd* 137 S. Ct. 429 (2016). The Federal Circuit thereafter recalled its mandate "to the extent it related to the measure of damages awarded in connection with the district court's partial final judgment on Apple's design patent claims," *Apple Inc. v. Samsung Elecs. Co.*, 678 F. App'x 1012, 1013 n.1 (Fed. Cir. 2017), and remanded to this Court to determine whether those verdicts survived the Supreme Court's decision, *see id.* at 1014. This Court has now ruled that those verdicts were based on prejudicial error and that design-patent damages must be retried in light of the Supreme Court's decision. *See* Dkt. 3530. It would be unprecedented to leave an erroneous judgment intact while retrying the very damages that make up that judgment; neither the Federal Circuit's decisions—which specifically remanded to this Court for further proceedings on design-patent damages (678 F. App'x at 1014)—nor the mandate rule compels that result (*cf. In re Molasky,* 843 F.3d 1179, 1185 n.5 (9th Cir. 2016) ("there are exceptions to the mandate rule and to the law of the case doctrine for an intervening change in controlling authority"); *Dow Chemical Co. v. Nova Chemicals Corp. (Canada),* 803 F.3d 620, 628 (Fed. Cir. 2015) (Both law of the case and issue preclusion doctrines "are subject to an exception—when governing law is changed by a later authoritative decision")). And while Apple notes that the Federal Circuit stated that this Court has authority to require *restitution* at the end of the case, *Apple Inc. v. Samsung Elecs. Co.*, No. 15-2088, Dkt. 41 at 2 (Fed. Cir. Feb. 7, 2017), Samsung's request for *vacatur* of the partial judgment does not seek such relief now.

Because the partial judgment awarded Apple an undifferentiated sum of $548,176,477 and thus did not distinguish among Apple's claims (*see* Dkt. 3290), the judgment must be

vacated in its entirety given the order requiring a new trial on design-patent damages. Whether partial judgment may then be reentered for utility-patent damages is the subject of Samsung's forthcoming motion concerning Apple's claim for infringement of the '915 patent, discussed *infra*.

### III.    '915 Patent

**Apple's Position:** Samsung is not entitled to reimbursement of the damages paid for its infringement of the '915 patent. The Federal Circuit affirmed the validity of the '915 patent and the damages awarded for Samsung's infringement of that patent in this case. *Apple Inc. v. Samsung Elecs. Co.*, No. 14-1335, Dkt. 158 (Fed. Cir. May 18, 2015). As this Court recognized when it denied Samsung's earlier motion for invalidity regarding the '915 patent, that judgment is final and unassailable. *See* Dkt. 3291 (Sept. 18, 2015 Hrg. Tr.) at 20-21. Nothing has occurred or will occur to change that, and additional motion practice on this issue would waste the Court's resources litigating an issue it has already decided. Indeed, while Apple does not believe that cancellation by the PTO in a parallel proceeding would alter the finality of that judgment, at this point no claims of the '915 patent have been cancelled by the PTO. As the Court has recognized, without such cancellation, "a re-examination decision invalidating a patent is not final." *Id.* at 19-20. Thus, because the status of the '915 claims remains unchanged since the last time Samsung moved for a judgment of invalidity regarding the '915 patent, Samsung's proposed motion is, at best, premature. Additionally, Samsung's proposed motion is unfounded because this Court lacks the authority to alter the judgment of no-invalidity for claim 8 the '915 patent because doing so would be outside the scope of the Federal Circuit's mandate. *See id.* at 21-22 ("[T]he mandate rule forecloses this Court from applying collateral estoppel and Samsung's motion for a judgment of invalidity as to the '915 patent is denied."); *Amado*, 517 F.3d at 1360.

**Samsung's Position:** Samsung and Apple have finished meeting and conferring regarding the effect of the Federal Circuit's decision and judgment affirming the PTO's rejection of claim 8 of the '915 patent as anticipated and/or obvious. *See In re Apple Inc.*, 685 Fed. App'x

1  907, 910-11 (Fed. Cir. 2017).  Though Apple has represented that it will not seek any further
2  damages related to the '915 patent (and thus the '915 patent will not be at issue in the upcoming
3  damages retrial), Apple has refused to reimburse Samsung for the monies that Samsung paid it in
4  satisfaction of the partial judgment for infringement of claim 8 of the '915 patent (Dkt. 3290).
5  Accordingly, Samsung intends to file a motion seeking a judgment of invalidity on Apple's
6  claim for infringement of the '915 patent and an order that Samsung is entitled to restitution of
7  the monies it has paid Apple on that claim.  Samsung is prepared to file this motion this week but
8  is prepared to alternatively brief it on the schedule convenient to the Court.

9  Apple's statements about the '915 patent concern the merits of Samsung's forthcoming
10 motion, not the schedule.  In any event, as Samsung will further explain in its motion, Apple is
11 incorrect that the judgment for infringement of the '915 patent is "final and unassailable."  Under
12 well-established law, the invalidation of a patent-in-suit requires judgment for defendants in all
13 pending cases.  *See, e.g., Fresenius USA. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1346 (Fed. Cir.
14 2013); *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1577 (Fed. Cir. 1994).  The Federal
15 Circuit has now invalidated claim 8 of the '915 patent, and no authority supports Apple's
16 position that an infringement judgment can remain intact in a pending case after the Federal
17 Circuit has finally invalidated the patent-in-suit at issue.

18 **IV.     Settlement and ADR**
19      The parties do not have any new progress to report regarding mediation or settlement.

Dated: October 25, 2017

| | |
|---|---|
| By: /*s/ Mark D. Selwyn* | By: */s/ Victoria F. Maroulis* |
| Attorneys for Plaintiff and Counterclaim-Defendant APPLE INC. | Attorneys for Defendants and Counterclaim-Plaintiffs SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS, AMERICA, LLC |
| William F. Lee (*pro hac vice*)<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts  02109<br>Telephone:  (617) 526-6000<br>Facsimile:  (617) 526-5000<br><br>Mark D. Selwyn (CA SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California  94304<br>Telephone:  (650) 858-6000<br>Facsimile:  (650) 858-6100<br><br>Erik J. Olson (CA SBN 175815)<br>ejolson@mofo.com<br>Nathan B. Sabri (CA SBN 252215)<br>nsabri@mofo.com<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 | QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br><br>John B. Quinn (Bar No. 90378)<br>johnquinn@quinnemanuel.com<br>William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>Michael T. Zeller (Bar No. 196417)<br>michaelzeller@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Kathleen M. Sullivan (Bar No. 242261)<br>kathleensullivan@quinnemanuel.com<br>Kevin P.B. Johnson (Bar No. 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 25, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Mark D. Selwyn*
Mark D. Selwyn