1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3                  SAN JOSE DIVISION

4

5

6   APPLE INC., A CALIFORNIA          )  C-11-01846 LHK
    CORPORATION,                      )
                                      )  SAN JOSE, CALIFORNIA
7              PLAINTIFF,             )
                                      )  OCTOBER 25, 2017
8         VS.                         )
                                      )  PAGES 1-41
9   SAMSUNG ELECTRONICS CO., LTD.,    )
    A KOREAN BUSINESS ENTITY;         )
10  SAMSUNG ELECTRONICS AMERICA,      )
    INC., A NEW YORK CORPORATION;     )
11  SAMSUNG TELECOMMUNICATIONS        )
    AMERICA, LLC, A DELAWARE          )
12  LIMITED LIABILITY COMPANY,        )
                                      )
13             DEFENDANTS.            )
    _____    )
14                                    )
                                      )
15

16              TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE LUCY H. KOH
17             UNITED STATES DISTRICT JUDGE

18

19

20             APPEARANCES ON NEXT PAGE

21

22

23  OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                CERTIFICATE NUMBER 9595
24

25          PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED WITH COMPUTER

1

2      A P P E A R A N C E S:

3      FOR PLAINTIFF            WILMER, CUTLER, PICKERING,
       APPLE:                   HALE AND DORR
4                               BY:  WILLIAM F. LEE
                                     LAUREN B. FLETCHER
5                               60 STATE STREET
                                BOSTON, MASSACHUSETTS  02109
6
                                BY:  MARK D. SELWYN
7                               950 PAGE MILL ROAD
                                PALO ALTO, CALIFORNIA  94304
8

9                               MORRISON & FOERSTER
                                BY:  ERIK OLSON
10                              755 PAGE MILL ROAD
                                PALO ALTO, CALIFORNIA  94304
11

12

13     FOR DEFENDANT            QUINN, EMANUEL, URQUHART & SULLIVAN
       SAMSUNG:                 BY:  VICTORIA F. MAROULIS
14                                   BRETT J. ARNOLD
                                555 TWIN DOLPHIN DRIVE
15                              SUITE 560
                                REDWOOD SHORES, CALIFORNIA  94065
16
                                BY:  CARL G. ANDERSON
17                              50 CALIFORNIA STREET, 22ND FLOOR
                                SAN FRANCISCO, CALIFORNIA  94111
18
                                BY:  WILLIAM C. PRICE
19                                   BRETT DYLAN PROCTOR
                                865 SOUTH FIGUEROA STREET, 10TH FLOOR
20                              LOS ANGELES, CALIFORNIA  90017

21

22

23

24

25

```
 1      SAN JOSE, CALIFORNIA                    OCTOBER 25, 2017

 2                      P R O C E E D I N G S

 3          (WHEREUPON, COURT CONVENED AT 2:55 P.M.)

 4              THE CLERK:  YOUR HONOR, CALLING CASE 11-CV-01846,

 5      APPLE, INC. VERSUS SAMSUNG ELECTRONICS COMPANY, LIMITED, ET AL.

 6          COUNSEL, PLEASE STATE YOUR APPEARANCES.

 7              MR. LEE:  YOUR HONOR, FOR APPLE FROM WILMER HALE,

 8      BILL LEE, MARK SELWYN, AND LAUREN FLETCHER.

 9          AND FROM MORRISON AND FOERSTER.

10              MR. OLSON:  ERIK OLSON, YOUR HONOR.

11              THE COURT:  ALL RIGHT.  GOOD AFTERNOON.

12              MS. MAROULIS:  GOOD AFTERNOON, YOUR HONOR.

13          VICTORIA MAROULIS, COUNSEL FOR SAMSUNG.  AND WITH ME ARE

14      MR. BILL PRICE, CARL ANDERSON, DYLAN PROCTOR, AND BRETT ARNOLD.

15              THE COURT:  OKAY.  AND IF YOU WOULD JUST GIVE ME ONE

16      SECOND JUST TO MAKE SURE I GOT EVERYONE.  I GOT MR. PRICE,

17      MR. ANDERSON, MR. ARNOLD, AND I THINK I MISSED ONE.

18              MS. MAROULIS:  MR. DYLAN PROCTOR.

19              THE COURT:  OKAY.  THANK YOU.

20              MS. MAROULIS:  THANK YOU, YOUR HONOR.

21              THE COURT:  OKAY.  WELCOME.

22          ALL RIGHT.  SO I WILL ALLOW NEW DISCOVERY JUST FOR THE

23      PURPOSE OF THE NEW TEST.  I DON'T WANT TO RE-INVENT THE WHEEL,

24      AND I DON'T KNOW IF IT'S POSSIBLE TO SOMEHOW DO A LIMITED

25      GROUNDHOG DAY RULE THAT DOESN'T ALLOW A COMPLETE DO-OVER, BUT
```

1          DOES ALLOW SOME DISCOVERY ON THE NEW TEST.

2              DO YOU WANT TO BE HEARD ON THAT?  IS THAT EVEN FEASIBLE?

3                  MR. LEE:  YOUR HONOR, I'M NOT SURE IT'S FEASIBLE ON

4      THIS TIME SCHEDULE.

5              COULD I JUST BE HEARD ON THE QUESTION OF WHAT KIND OF

6      DISCOVERY THERE SHOULD BE?

7                  THE COURT:  YEAH, SURE.

8                  MR. LEE:  OKAY.  SO, YOUR HONOR, I THINK THE DISPUTE,

9      THE DISAGREEMENT BETWEEN US IS THIS, AND APPLE'S POSITION WOULD

10     BE THAT THERE SHOULD BE NO ADDITIONAL DISCOVERY ON THE FACTS.

11             BUT WE UNDERSTAND, GIVEN THAT YOUR HONOR HAS ARTICULATED A

12     TEST, THAT EXPERTS WOULD HAVE TO ADDRESS THE TEST BASED UPON

13     THE EXISTING FACTUAL RECORD, AND THAT THE DAMAGES FOLKS WOULD

14     HAVE TO SUPPLEMENT THEIR OPINIONS BASED UPON THE EXISTING

15     FACTUAL RECORD.

16             SO IF I JUST TAKE IN THE PARTS AND GO TO THE FACTUAL

17     RECORD FIRST --

18                 THE COURT:  OKAY.

19                 MR. LEE:  -- I THINK THERE ARE TWO CRITICAL POINTS.

20             ONE IS IF YOUR HONOR THINKS ABOUT REOPENING THE FACTUAL

21     RECORD --

22                 THE COURT:  UH-HUH.

23                 MR. LEE:  -- ON THE ISSUE OF WHAT IS THE ARTICLE OF

24     MANUFACTURE AND YOU JUST TAKE THE FOUR, THE FOUR STANDARDS, OR

25     THE FOUR GUIDELINES YOU'VE ARTICULATED, IT OPENS A WIDE VARIETY

1       OF DISCOVERY.

2               AND AS SAMSUNG HAS SAID TO US, IT'S NOT JUST DISCOVERY

3       THAT THEY THINK THEY SHOULD PROVIDE TO US, BUT THEY WANT

4       DISCOVERY FROM APPLE, TOO, ON THE MANNER IN WHICH WE SELL OUR

5       PRODUCTS AND THE MANNER IN WHICH WE USE THE DESIGN.

6               THE COURT:  UM-HUM.

7               MR. LEE:  IT WOULD BE AN IMMENSE AMOUNT OF DISCOVERY.

8       I DON'T THINK WE COULD GET IT DONE EVEN IN THE TIMEFRAME UNDER

9       THEIR SCHEDULE.

10              THE COURT:  UM-HUM.

11              MR. LEE:  I THINK THE MORE IMPORTANT THING, YOUR

12      HONOR, THE MORE IRONIC THING WOULD BE THIS:  YOUR HONOR FOUND

13      THAT THE ISSUE OF THE ARTICLE OF MANUFACTURE WASN'T RAISED

14      DURING DISCOVERY, AND NO ONE DISPUTES THAT.

15              IT CAME UP AT THE TIME OF THE PRETRIAL FILING.

16              THE COURT:  UM-HUM.

17              MR. LEE:  WE DISPUTED.  WE SAID THAT THERE WASN'T

18      EVIDENCE IN THE RECORD SUFFICIENT TO DEMONSTRATE THERE WAS AN

19      ARTICLE OF MANUFACTURE LESS THAN THE FULL PRODUCT.  THEY SAID

20      THERE WAS.

21              YOUR HONOR HAS NOW FOUND THAT THERE WAS --

22              THE COURT:  UM-HUM.

23              MR. LEE:  -- BASED UPON THEIR URGING, AND AS WE SAID,

24      THEY CALLED IT OVERWHELMING EVIDENCE.

25              THE COURT:  UM-HUM.

1          MR. LEE:  SO THE RECORD HAS EVIDENCE, THEY SAY, OF

2     WHAT AN ARTICLE OF MANUFACTURE LESS THAN THE FULL PHONE SHOULD

3     BE.

4          THE COURT:  UM-HUM.

5          MR. LEE:  THE RECORD HAS, THEY SAY, EVIDENCE OF TOTAL

6     PROFITS LESS THAN THE FULL PHONE.

7          WE SUGGEST THAT THE RIGHT -- AND THIS IS WHAT WE HAD IN

8     MIND ONCE WE GOT YOUR HONOR'S ORDER -- THERE SHOULD BE NO

9     ADDITIONAL FACT DISCOVERY SAVE FOR, I THINK, WE BOTH NEED TO

10    ARTICULATE WHAT OUR CONTENTIONS ARE ON THE DIFFERENT THINGS

11    THAT YOUR HONOR HAS IDENTIFIED AS THE BURDEN MOVES BACK AND

12    FORTH.

13         WE DO BELIEVE THAT THE EXPERTS HAVE TO HAVE A CHANCE,

14    BASED UPON THAT FACTUAL RECORD, TO APPLY THOSE FACTS TO THE

15    FOUR STANDARDS YOUR HONOR HAS ARTICULATED AND TO HAVE THE

16    DAMAGES FOLKS SAY WHAT THEY THINK THE TOTAL PROFITS ARE.

17         BUT I THINK THAT IF YOUR HONOR INTENDS TO REOPEN FACT

18    DISCOVERY, OUR TWO CONCERNS ARE THIS:  ONE IS IT COULD BE AN

19    IMMENSE AMOUNT OF DISCOVERY WHEN YOU THINK ABOUT WHAT'S IN PLAY

20    WITH THE PRODUCTS AND COMPONENTS.

21         THE COURT:  UM-HUM.

22         MR. LEE:  AND THEN I THINK, YOUR HONOR -- AND I KNOW

23    YOU EXPECT ME TO SAY THIS -- IT WOULD BE FUNDAMENTALLY UNFAIR

24    TO APPLE TO BE IN A SITUATION WHERE THEY DIDN'T RAISE THIS

25    ISSUE DURING DISCOVERY, THEY DIDN'T PROVIDE THIS ISSUE -- THIS

1     DISCOVERY DURING DISCOVERY.  THE ISSUE CAME UP AT A DIFFERENT

2      POINT IN TIME.

3          THE EVIDENCE THAT WAS INTRODUCED DURING THE TRIAL WAS

4     INTRODUCED FOR OTHER PURPOSES, BUT YOUR HONOR HAS NOW FOUND

5     THAT IT WOULD BE SUFFICIENT FOR THEM TO MAKE THE ARGUMENT HAD

6     THE INSTRUCTION BEEN GIVEN.

7          TO ALLOW THAT TO REOPEN DISCOVERY ENTIRELY ON THIS ISSUE

8     WOULD BE UNFAIR.

9          I THINK WHAT YOUR HONOR HAS SAID IS WHAT YOU SAID ON THE

10    DAMAGES RETRIAL THAT WE DID.  "YOU'RE ENTITLED TO A NEW TRIAL.

11    YOU'RE NOT ENTITLED TO A NEW CASE."

12         AND I THINK IT'S THE EXACT SAME THING.  THEY'RE ENTITLED

13    TO A NEW TRIAL ON THE RECORD THAT WAS ADDUCED FAIRLY AND

14    SQUARELY BEFORE THE FIRST TRIAL.

15         AND TO THE EXTENT WE NEED TO SUPPLEMENT THE EXPERTS TO

16    ADDRESS THE ISSUES YOUR HONOR HAS IDENTIFIED, WE AGREE AND I

17    THINK THAT CAN GET DONE ON A TIMELY BASIS.

18              THE COURT:  UM-HUM.

19              MR. LEE:  BUT I THINK IF YOUR HONOR ASKS THE

20    QUESTION, WHAT IS THE DISCOVERY YOU WANT, YOU'RE GOING TO FIND

21     IT'S IMMENSE, IT WILL NEVER GET DONE ON THIS SCHEDULE.

22              THE COURT:  SO LET ME ASK YOU A QUESTION.

23         WHAT WOULD BE BEST FOR THE APPEAL?  BECAUSE I THINK THAT

24    TO SAY THERE'S A NEW TEST AND THEN SAY, BUT THERE'S NO

25    DISCOVERY, I THINK THAT WOULD BE MORE VULNERABLE ON APPEAL.

1          AND SO I -- YOU KNOW, I'D PREFER NOT TO JUST KEEP DOING

2     THIS UNTIL I RETIRE.  I'D LIKE THIS TO BE POTENTIALLY SOME

3     CLOSURE FOR ALL OF US.

4          AND SO WHAT WOULD BE THE BEST FOR APPEAL?  WOULDN'T THAT

5     BE MORE VULNERABLE TO ATTACK TO SAY --

6          MR. LEE:  YOUR HONOR, I DON'T THINK SO.

7          I'D LIKE TO GET THIS DONE BEFORE I RETIRE, TOO, AND I

8      THINK I'M CLOSER TO RETIREMENT THAN YOUR HONOR.

9          THE COURT:  OKAY.

10          MR. LEE:  SO I HAVE EVEN MORE OF A COMPULSION.

11          BUT, YOUR HONOR, THE QUESTION OF WHETHER THERE SHOULD BE A

12     NEW TRIAL WAS RAISED AT THE FEDERAL CIRCUIT TWICE AND WITH THE

13     SUPREME COURT, AND THEY ACTUALLY -- SAMSUNG ASKED THAT YOUR

14     HONOR BE ORDERED TO HAVE A NEW TRIAL.

15          IT WAS LEFT TO YOUR HONOR TO ADDRESS IT IN THE BEST MANNER

16     YOU THOUGHT POSSIBLE.

17          THE COURT:  YEAH.

18          MR. LEE:  AT THE TIME THAT THEY SENT THIS BACK DOWN

19      TO YOU, THEY KNEW THERE HAD BEEN A DAMAGES RETRIAL WITH

20      GROUNDHOG DAY RULES.

21          BUT IF YOU THINK ABOUT WHAT IT WOULD -- IF WE REOPEN

22     DISCOVERY, ARE WE GOING TO HAVE DISCOVERY ON THE FOUR FACTORS?

23     BUT IS THE DISCOVERY CUTOFF DATE GOING TO BE THE SAME DISCOVERY

24     CUTOFF AS THE ORIGINAL CASE?

25          OR ARE WE GOING TO TAKE INFORMATION THAT WAS GENERATED

1      AFTER THAT POINT IN TIME AND MAKE THAT FAIR GAME FOR DISCOVERY?

2           WHO ARE THE NEW PERCIPIENT WITNESSES?

3           IF YOUR HONOR JUST THINKS ABOUT THE IDEA OF A NEW ROUND OF

4      DOCUMENT DISCOVERY, FOLLOWED BY A NEW ROUND OF ELECTRONIC

5      DISCOVERY, FOLLOWED BY WHATEVER DEPOSITIONS THEY HAVE IN MIND

6      OF US AND THEM --

7                THE COURT:  UM-HUM.

8                MR. LEE:  -- THE IDEA THAT WE CAN GET THAT DONE IN A

9       MONTH OR TWO MONTHS IS JUST NOT POSSIBLE.

10          AND NO ONE QUESTIONED YOUR HONOR'S DECISION WHEN YOU HAD

11      THE FIRST RETRIAL, THAT THE GROUNDHOG DAY RULES WOULD APPLY AND

12      THE RECORD WOULD BE FIXED.

13          I -- YOU KNOW, YOUR HONOR, I CAN'T PREDICT WHAT WOULD

14      HAPPEN ON APPEAL, BUT I WOULD TELL YOU THIS:  GOING TO THE

15      FEDERAL CIRCUIT OR HIGHER AND DEFENDING A DECISION NOT TO

16      REOPEN DISCOVERY --

17                THE COURT:  UM-HUM.

18                MR. LEE:  -- FACTUALLY, BUT TO LEAVE IT SIT WHERE IT

19       WAS -- BECAUSE WE'RE DEALING WITH PRODUCTS THAT HAD A TEMPORAL

20       LIMITATION, AND SO DISCOVERY SHOULD HAVE A TEMPORAL

21       LIMITATION -- AND ALLOWING JUST LIMITED EXPERT DISCOVERY, WE

22       WOULD BE VERY COMFORTABLE DEFENDING THAT ON APPEAL.

23                MS. MAROULIS:  YOUR HONOR, MAY I ADDRESS YOUR

24       QUESTION AND THEN COUNSEL'S COMMENTS?

25                THE COURT:  YEAH.  LET ME ASK, I MEAN, YOU DID SAY

1    YOU HAD OVERWHELMING EVIDENCE TO SUPPORT THIS NEW TEST ALREADY

2    IN THE RECORD.  SO WHY DO YOU NEED ANYTHING NEW?  YOU ALREADY

3    SAID THERE WAS ENOUGH THAT YOU WOULD PUT ON.

4           MS. MAROULIS:  YOUR HONOR, A COUPLE OF THINGS.  THE

5    COURT FOUND THAT WE HAD SUFFICIENT EVIDENCE TO SUPPORT THE JURY

6    INSTRUCTION, AND WE DEFINITELY STAND BY THAT.

7           THE COURT:  UM-HUM.

8           MS. MAROULIS:  BUT THERE'S A BRAND NEW TEST NOW

9    BEFORE THE PARTIES, AND THE QUESTION THE COURT POSED TO APPLE

10   IS, WHAT IS GOING TO BE GOOD FOR THE COURT?  NOT FOR EVEN JUST

11   APPLE AND SAMSUNG, BUT WHAT IS GOING TO BE GOOD FOR THE COURT,

12   FOR THE JURY, AND FOR THE APPEALS?

13          AND WHAT IS GOING TO BE GOOD FOR BOTH THE DISTRICT COURT

14   AND THE APPELLATE COURT IS TO HAVE A FULLY DEVELOPED RECORD ON

15   THIS NEW LAW AND NEW TEST THAT NEITHER PARTY ADVOCATED.

16          THE TEST THAT THE COURT ULTIMATELY CHOSE WAS SOMETHING

17   THAT ANOTHER THIRD PARTY, THE SOLICITOR GENERAL, HAS SUGGESTED,

18   NOT ANYTHING THAT SAMSUNG ADVOCATED IN THE PROCEEDINGS.

19          SO FROM A PERSPECTIVE OF DEVELOPING A FULL AND FAIR

20   RECORD, BOTH BEFORE THE JURY, WHO WILL HAVE THAT TEST AS A JURY

21   INSTRUCTION, AND THE SUBSEQUENT COURTS, WE DO NEED NEW

22   EVIDENCE, WE DO NEED LIMITED NEW DISCOVERY.

23          AND IT IS ACTUALLY SURPRISING TO US THAT APPLE IS TAKING

24   THIS POSITION BECAUSE UNTIL THEY SAW THE COURT'S ORDER, THEY

25   WERE AGREEING THAT WE NEED SOME DISCOVERY.  WE HAD A DISCOVERY

1    PERIOD IN THE PRIOR SCHEDULE THE COURT SET.  COUNSEL, DURING

2    THE AUGUST CMC, SAID THAT THERE MIGHT BE A NEED FOR DISCOVERY

3    AFTER THE COURT ORDER.  THEY WROTE IN THEIR PAPERS, WHEN THEY

4    WERE OPPOSING THE NEW TRIAL, THAT IF THE NEW TRIAL IS GRANTED,

5    THERE SHOULD BE DISCOVERY.

6         SO THEY ALL ALONG SUPPORTED DISCOVERY UNTIL THEY SAW THE

7    ORDER AND PERCEIVED SOMEHOW THAT THE PRODUCTION BURDEN NOW

8    FALLS ON SAMSUNG AND SO THEY WANTED TO CORNER US AND NOT LET US

9    DEVELOP THIS EVIDENCE.

10        BUT, YOUR HONOR, THE LIMITED DISCOVERY THAT BOTH PARTIES

11   CAN TAKE IN THE NEXT LESS THAN 60 DAYS SHOULD BE SUFFICIENT TO

12   SUPPORT THIS NEW FOUR-PART TEST AND PRESENT IT TO THE JURY.

13             THE COURT:  IS IT -- OKAY.  SORRY TO INTERRUPT YOU.

14             MS. MAROULIS:  YEAH.

15             THE COURT:  IS IT POSSIBLE TO LIMIT IT IN A WAY THAT

16   WE JUST DON'T END UP HAVING TO RE-DO EVERYTHING?  I WOULD

17   PREFER NOT TO HAVE TO RE-DO EVERYTHING.  IS IT POSSIBLE THAT

18   THE DISCOVERY THAT YOU TAKE AND EVERY DISPUTE THAT WILL ARISE

19   WILL BE JUST AS A RESULT OF THE NEW TEST AND NOT SORT OF A

20   DO-OVER ON ALL OF THE DAMAGES?  THAT'S MY CONCERN, IS THIS

21   OPENING THE FLOODGATES TO JUST, YOU KNOW, AN OVERWHELMING

22   AND -- I DON'T MEAN TO GIVE A COMPLETE DO-OVER ON DAMAGES.

23             MS. MAROULIS:  YOUR HONOR, WE UNDERSTAND THAT, AND

24   THE --

25             MR. LEE:  GO AHEAD.

1        MS. MAROULIS:  -- FOUR-PART TEST IS GOING TO BE THE

2   GUIDANCE TO BOTH PARTIES ON THE DISCOVERY.

3        WHAT WE ENVISION IS THERE'S GOING TO BE ONE ROUND OF

4   DOCUMENTARY DISCOVERY WHERE WE PROPOUND DOCUMENTS AND

5   INTERROGATORY REQUESTS.  THEN WE DIGEST THOSE, AND IF WE NEED

6   TO, WE TAKE DEPOSITIONS.

7        THAT IS WHY WE'RE CONVINCED THAT WE CAN FINISH IT BY

8   DECEMBER 22, WHICH IS THE DATE THAT SAMSUNG PROPOSED.

9        THE PARTIES ARE ONLY APART A COUPLE OF WEEKS ON DISCOVERY,

10  BUT THE DATES ARE NOT SO MUCH AN ISSUE AS THIS MISALIGNMENT IN

11  TERMS OF WHAT SHOULD HAPPEN DURING THAT TIME.

12       FOCUSSING ON THE COURT'S TEST WILL NATURALLY LIMIT

13  DISCOVERY.  IT'S NOT GOING TO BE A FREE-FOR-ALL.  IT'S NOT

14  GOING TO BE HUNDREDS OF DEPOSITIONS THE WAY WE HAD IN THE PRIOR

15  TRIAL.

16       AND BEFORE WE MOVE ON, I DID WANT TO POINT OUT THAT

17  THERE'S A VERY BIG DIFFERENCE BETWEEN THIS COMING NEW TRIAL AND

18  THE PRIOR RETRIAL, BECAUSE DURING THE PRIOR RETRIAL, THERE WAS

19  NO CHANGE IN LAW AND NOW THERE IS.  SO TO ADOPT THE GROUNDHOG

20  DAY WOULD NOT BE USEFUL FOR THE COURT AND THE JURY AS WELL.

21       THE COURT:  I UNDERSTAND THAT IT'S DIFFERENT.  I

22  WOULD HOPE THAT, LIKE YOU SAID THOUGH, IT'S NOT A FREE-FOR-ALL.

23  I DO WANT -- TO THE EXTENT THINGS HAVEN'T CHANGED, I'D LIKE TO

24  KEEP THOSE RULINGS IN PLACE.

25       MR. LEE:  YOUR HONOR, COULD I JUST SAY TWO THINGS --

```
 1              THE COURT:  YEAH.

 2              MR. LEE:  -- IN PART RESPONDING, AND IN PART I

 3    THOUGHT A LITTLE BIT ABOUT YOUR QUESTION ON APPEAL.

 4              THE COURT:  YES.

 5              MR. LEE:  THE FIRST THING IS ONE OF THE THINGS -- AND

 6    I DON'T DISAGREE THAT THE TWO RETRIALS ARE NOT DIRECTLY

 7    ANALOGOUS.  THEY HAVE SOME SIMILARITIES.

 8          ONE OF THE THINGS THAT MADE THE SECOND RETRIAL GO SMOOTHLY

 9    AND QUICKLY IS THAT ON MANY OF THE DAMAGES-RELATED ISSUES --

10    AND THE SAME WOULD BE TRUE HERE -- YOUR HONOR'S DAUBERT

11    RULINGS, YOUR MOTION IN LIMINES, YOUR RULINGS ON HIGH PRIORITY

12    OBJECTIONS ALL STAYED THE SAME.

13              THE COURT:  UM-HUM.

14              MR. LEE:  AND THEY STAYED THE SAME BECAUSE THE

15    EVIDENCE THAT WAS RELEVANT TO THE DAMAGE ISSUES WERE THE SAME.

16    WHETHER SOMEONE SLIGHTLY MODIFIED THEIR THEORY OR NOT, THOSE

17    RULINGS STAYED THE SAME.

18          WE'RE CONCERNED THAT IF WE REOPEN FACTUAL DISCOVERY, WE'RE

19    GOING TO HAVE A WHOLE NEW SERIES OF -- WE'RE GOING TO LOSE ALL

20    THE BENEFIT THAT WE GOT THE LAST TIME OF STREAMLINING THE

21    PROCEEDING BECAUSE YOUR HONOR'S RULINGS APPLY.

22          SECOND POINT IS THIS:  IF THE GROUNDHOG DAY RULES APPLY --

23    AND, AGAIN, THIS IS JUST LIMITING FOLKS TO THE FACTUAL RECORD

24    THAT WE GENERATED IN THE FIRST INSTANCE AND, HONESTLY, HOLDING

25    SAMSUNG TO THE REPRESENTATION TO YOU AND TO THE FEDERAL CIRCUIT
```

1     AND TO THE SUPREME COURT THAT THERE WAS OVERWHELMING EVIDENCE

2     TO SUPPORT WHATEVER THE TEST WOULD BE.  THEY EVEN SAID THERE'S

3     OVERWHELMING EVIDENCE IF IT WAS APPLE'S TEST.

4          THE APPEAL WOULD BE LIMITED TO THE LEGAL ISSUE OF THE

5     FOUR-PART TEST YOUR HONOR HAS ARTICULATED, AND THAT WOULD BE

6     PART OF THE JURY CHARGE.  AND IT WOULD BE LIMITED TO THE

7     QUESTION OF, GIVEN THAT, DID THE COURT RULE CORRECTLY IN

8     GRANTING A NEW TRIAL?  AND THEN, WAS THERE SUBSTANTIAL EVIDENCE

9     TO SUPPORT WHATEVER THE VERDICT WAS?

10         AND WHETHER THE RECORD IS AMPLIFIED OR NOT IS NOT GOING TO

11    CHANGE THAT IN ANY MEANINGFUL WAY.

12             THE COURT:  BUT DON'T YOU THINK THERE'S A DIFFERENCE

13    BETWEEN WAS THERE ENOUGH TO PRESERVE THE ISSUE VERSUS DID YOU

14    ACTUALLY PRESENT THE CASE YOU WOULD HAVE PRESENTED HAD THE JURY

15    INSTRUCTIONS BEEN DIFFERENT?

16             MR. LEE:  YOUR HONOR --

17             THE COURT:  ISN'T THAT THE QUESTION?

18             MR. LEE:  THE ANSWER IS NO, BECAUSE -- NOT FOR THE

19    ISSUE THAT WE'RE TALKING ABOUT HERE.  I MEAN, I AGREE WITH YOU

20    THAT IN THE ABSTRACT, THERE COULD BE.

21             THE COURT:  UM-HUM.

22             MR. LEE:  BUT THE QUESTION IS, IF THE INSTRUCTION HAD

23    BEEN GIVEN, WOULD YOU HAVE MADE A DIFFERENT ARGUMENT ON THE

24    RECORD THAT WAS BEFORE THE JURY?

25             AND WHILE WE URGED YOUR HONOR THAT -- UNSUCCESSFULLY --

```
1    THEY WOULDN'T HAVE AN ARGUMENT TO MAKE, YOUR HONOR HAS FOUND

2    THAT THEY DID.

3         THAT IS DIFFERENT THAN SAYING YOU GET A DO-OVER, YOU CAN

4    GO BACK TO THIS CRITICAL ISSUE AND YOU CAN DISCOVER IT AGAIN,

5    EVEN THOUGH YOU DIDN'T DISCLOSE IT OR DISCOVER IT BEFORE.

6         THE COURT:  SO IS YOUR -- YOUR POINT IS THAT THEY ARE

7    FOCUSSED ON APPORTIONMENT UNTIL THE PRETRIAL BRIEFING, AND THEN

8    AT THE PRETRIAL BRIEFING, THEY SUDDENLY RAISE THIS ARTICLE OF

9    MANUFACTURE ARGUMENT AND AT THAT POINT THE FACT DISCOVERY WAS

10   CLOSED.

11        MR. LEE:  FACT DISCOVERY WAS CLOSED.

12        AND THEN WE TRIED THE CASE AND THE FOCUS OF THE EVIDENCE

13   THAT WAS GIVEN TO THE JURY WAS APPORTIONMENT.  TO THE EXTENT IT

14   COULD BE DESCRIBED IN ANY WAY, IT WAS CLOSER TO APPORTIONMENT.

15        ARTICLE OF MANUFACTURE NEVER GOT MENTIONED.  THOSE WORDS

16   WERE NOT USED TO THE JURY AT ALL.

17        THE COURT:  WELL --

18        MS. MAROULIS:  YOUR HONOR, MAY I READ INTO THE RECORD

19   SOMETHING THAT APPLE'S COUNSEL WROTE?  BECAUSE IT IS PERTINENT

20   TO THIS DISCUSSION.

21        IN ONE OF THEIR BRIEFS, AT DOCKET NUMBER 3503, THEY SAID,

22   "SHOULD THIS COURT ORDER NEW TRIAL, THE COURT WOULD NEED TO

23   FASHION A NEW INSTRUCTION FOR HOW TO DETERMINE THE ARTICLE OF

24   MANUFACTURE.  SUCH INSTRUCTION WOULD BE MEANINGLESS ON THE

25   CURRENT RECORD, AND THE COURT WOULD ALSO NEED TO RE-OPEN
```

1   DISCOVERY AND ALLOW FOR NEW EXPERT REPORTS REGARDING" VARIOUS

2   THINGS.

3        WE'RE TALKING ABOUT NOT JUST THE NEEDS OF THE PARTIES, AND

4   PARTICULARLY SAMSUNG, WHO WOULD BE PREJUDICED BY NO ADDITIONAL

5   EVIDENCE --

6          THE COURT:  BUT THEY'RE JUST SAYING THEY WANT EXPERT

7    DISCOVERY, AND I THINK WHAT YOU JUST READ IS CONSISTENT WITH

8    THEIR POSITION, THAT THEY ONLY THINK EXPERT DISCOVERY IS

9    NECESSARY.

10       WHY DON'T YOU ANSWER THE POINT OF, YOU KNOW, SAMSUNG DID

11   NOT REALLY COME UPON THIS ARTICLE OF MANUFACTURE ARGUMENT UNTIL

12   ITS PRETRIAL BRIEFING JUST, LIKE, SIX DAYS BEFORE TRIAL.  YOU

13   WERE ARGUING APPORTIONMENT THROUGHOUT THE CASE.

14       SO THIS WOULD BE UNFAIR IF YOU NEVER, DURING THE FACT

15   DISCOVERY, YOU KNOW, GOT THE DISCOVERY YOU NEEDED FOR ARTICLE

16   OF MANUFACTURE BECAUSE YOU JUST CAME UPON THAT LEGAL ARGUMENT

17   IN YOUR PRETRIAL BRIEFING.

18       AND YOU WERE STILL ARGUING APPORTIONMENT TO THE SUPREME

19   COURT.  YOU BRIEFED APPORTIONMENT TO THE SUPREME COURT AND ONLY

20   DROPPED IT AT THE ORAL ARGUMENT AND JUST FOCUSSED ON THE

21   ARTICLE OF MANUFACTURE ARGUMENT.

22       THAT CARRIES SOME, SOME WEIGHT.  WHY SHOULD YOU NOW BE

23   ABLE TO DO IT ALL OVER AGAIN WHEN YOU DIDN'T GET THIS DISCOVERY

24   AND YOU DIDN'T EVEN COME UPON THIS ARGUMENT UNTIL YOUR PRETRIAL

25   BRIEFING?

1          MS. MAROULIS:  YOUR HONOR, THE ORDER THAT CAME OUT ON

2    SUNDAY PLACED A BURDEN OF PRODUCTION ON SAMSUNG THAT DID NOT

3    PREVIOUSLY EXIST.  IT'S NEW LAW AND IT'S NEW CONDITION AND IT'S

4    NEW BURDEN.

5          FOR US TO PROVE THIS BURDEN, TO MEET THE BURDEN AT TRIAL

6    AND TO PRESENT A COHERENT CASE TO THE JURY, WE NEED TO ADDUCE

7    NEW EVIDENCE.  SOME OF IT IS GOING TO BE PRODUCTION OF OUR OWN.

8    SOME OF IT IS WHAT WE'RE GOING TO REQUEST OF APPLE.

9          BUT NOW THAT THERE'S NEW LAW, WE CANNOT BE HELD TO THE

10   SAME STANDARD THAT WAS GOING ON BEFORE THE NEW LAW WAS IN

11   EXISTENCE.

12         THE COURT:  UM-HUM.

13         MS. MAROULIS:  AND THE BURDEN, AT LEAST OF

14   PRODUCTION, IS NOW ON US AND WE NEED TO BE ABLE TO MEET IT AND

15   THAT'S WHY WE NEED THIS LIMITED DISCOVERY THAT THE PARTIES CAN

16   COMPLETE BY THE END OF DECEMBER.

17         MR. LEE:  YOUR HONOR, ON ARTICLE OF MANUFACTURE, WHO

18   HAD THE BURDEN OF PERSUASION OR PRODUCTION ON THAT ISSUE WAS

19   IRRELEVANT TO WHETHER YOU WOULD PUT IT IN PLAY IN THE ORIGINAL

20   CASE.

21         IF YOU WERE GOING TO LITIGATE THE ARTICLE OF MANUFACTURE,

22   NO MATTER WHO HAD THE BURDEN OF PERSUASION, YOU WOULD HAVE

23   DISCOVERED -- YOU WOULD HAVE DISCLOSED THE CONTENTION AND YOU

24   WOULD HAVE DISCOVERED BOTH FROM US AND GIVEN US THE DISCOVERY

25   THAT WOULD ALLOW US TO LITIGATE IT.

 1          THERE WAS NOTHING THAT PREVENTED SAMSUNG FROM DISCOVERING

 2   THE ISSUE AND THEN LITIGATING THE ISSUE AS A PART OF THE TRIAL.

 3          IT IS NOT A COINCIDENCE, WE SUBMIT, THAT THERE WAS NO

 4   DISCOVERY THAT WENT DIRECTLY TO THE ISSUE, THAT THE WORDS

 5   "ARTICLE OF MANUFACTURE" WERE NEVER MENTIONED TO THE JURY.

 6   THIS IS A REQUEST TO GO BACK AND RE-DO, TO LITIGATE AN ISSUE

 7   THAT THEY REALLY DIDN'T LITIGATE DURING DISCOVERY BECAUSE THEY

 8   WERE FOCUSSED, AS YOUR HONOR SAID, ON A DIFFERENT ISSUE THAT

 9   DIDN'T REALLY GET ABANDONED UNTIL JUSTICE KAGAN ASKED THE

10   QUESTION AT THE SUPREME COURT AND THEN IT WAS ABANDONED.

11          NOW IT'S BECOME THE PRIMARY FOCUS, AND WHILE YOUR HONOR

12   HAS SAID THERE WAS ENOUGH TO MAKE THE ARGUMENT AND TO GET TO

13   THE JURY UNDER INSTRUCTION 42.1, OR WHATEVER THE VERSION IS

14   THAT YOUR HONOR FINALLY GIVES TO THE JURY, THAT DOESN'T JUSTIFY

15   GOING BACK AND GETTING A DO-OVER ON AN ISSUE THAT YOU HAD A

16   CHANCE TO LITIGATE BEFORE.

17          THE COURT:  WELL, I -- I HEAR YOU.

18          BUT I STILL THINK THAT THERE HAS BEEN A CHANGE IN THE LAW

19    AND IT WOULD BE MORE PROBLEMATIC ON APPEAL FOR ME NOT TO ALLOW

20   DISCOVERY.  THEY DO HAVE THE BURDEN NOW THAT WAS NOT PREVIOUSLY

21    IDENTIFIED.

22          AND -- I MEAN, I HEAR WHAT YOU'RE SAYING AND IT HAS SOME

23    PERSUASIVE VALUE.

24          BUT I -- YOU KNOW, THE -- YOU KNOW, THE LAW IS BEING

25   DEVELOPED AS WE SPEAK AND I THINK IT WOULD BE MORE PREJUDICIAL

1    NOT TO LET THEM GET THE DISCOVERY WITH THE NEW TEST, SO I'M

2    GOING TO ALLOW THE DISCOVERY.

3         NOW, LET'S GO TO -- YOU ALL RAISED A BUNCH OF OTHER ISSUES

4    AS WELL.

5         I'M NOT GOING TO VACATE THE SEPTEMBER 2015 PARTIAL

6    JUDGMENT.  I'M PERSUADED BY WHAT APPLE CITES TO THE FEDERAL

7    CIRCUIT'S ORDER OF, YOU KNOW, LET'S WAIT AND SEE WHAT HAPPENS

8    WITH THIS NEW TRIAL.  IF IT BECOMES NECESSARY AT THE

9    APPROPRIATE TIME, WE CAN ADDRESS THAT.  BUT I'M NOT GOING TO DO

10   THAT NOW.  I THINK IT'S PREMATURE WITHOUT THE RESULTS OF THE

11   NEXT TRIAL.

12        OKAY.  LET'S GO TO THE '915 PATENT AS WELL.  I -- I WOULD

13   LIKE TO -- THE SCHEDULE THAT WE'RE ABOUT TO AGREE UPON TODAY IS

14   ACTUALLY EVEN MORE ACCELERATED THAN WHAT WE HAD PREVIOUSLY

15   AGREED TO, SO I -- I JUST THINK, FROM A RESOURCE PERSPECTIVE,

16   THAT, YOU KNOW, WE HAVE TO AT LEAST SEQUENCE THE ISSUES.  I'D

17   LIKE TO FOCUS ON THE TRIAL FIRST.

18        IF IT IS THEN NECESSARY TO LITIGATE OTHER ISSUES, WE CAN

19   DO IT THEN.  BUT I'D LIKE TO SEQUENCE IT.  WE JUST -- I'VE GOT

20   ABOUT 400 OTHER CIVIL CASES.  THEY DESERVE JUST AS MUCH ACCESS

21   TO JUSTICE AS YOU ALL DO.  I CAN'T JUST BECOME AN

22   APPLE V. SAMSUNG JUDGE.  OKAY?  SO THAT'S NOT GOING TO BE DEALT

23   WITH.  WE'RE GOING TO FOCUS ON THE TRIAL FIRST.

24        IF, AFTER THE TRIAL, YOU NEED ADDITIONAL ISSUES TO BE

25   LITIGATED, WE CAN ADDRESS THEM AT THAT TIME.

1          SO I'M NOT GOING TO ADDRESS THE '915 NOW.  DON'T FILE YOUR

2     MOTION.  LET'S WAIT.  LET'S SEQUENCE THIS.  AS IT IS, THIS IS

3     AN INCREDIBLY TIGHT SCHEDULE FOR ALL OF US.

4          MS. MAROULIS:  YOUR HONOR, UNDERSTOOD, AND THAT'S WHY

5     WE ASKED THE COURT'S GUIDANCE WHETHER TO FILE.

6          WE WILL BRING THIS ISSUE UP AGAIN AFTER THE END OF TRIAL.

7     WE JUST NEED TO DEAL WITH IT BEFORE THE ENTRY OF JUDGMENT.  BUT

8     WE CAN CERTAINLY DEAL WITH IT AFTER THE END OF TRIAL.

9          THE COURT:  WELL, I'D ALSO LIKE IT AFTER POST-TRIAL

10    MOTIONS.  I'D LIKE THE WORK IN THIS CASE TO BE DONE BEFORE WE

11    THEN TAKE ON EVEN MORE, YOU KNOW, DIFFICULT ISSUES.  OKAY?  SO

12    JUST RAISE IT --

13          MR. LEE:  THAT'S FINE WITH APPLE.

14          THE COURT:  -- TOWARDS THE END.  WE CANNOT JUST DO

15    YOUR CASE AND NOBODY ELSE'S.  SO, I MEAN, I JUST CAN'T --

16    THERE'S JUST A HUMAN LIMIT TO HOW MANY -- HOW MUCH OF THE VERY

17    LIMITED RESOURCES WE HAVE WE CAN DEVOTE TO THIS CASE.  SO WE'RE

18    NOT GOING TO BE ABLE TO LITIGATE AND RULE ON EVERY SINGLE

19    DISPUTE YOU HAVE.  I MEAN, AS IT IS, WE STILL HAVE THE OTHER

20    CASE; RIGHT?

21          MS. MAROULIS:  UNDERSTOOD, YOUR HONOR, AND WE WILL --

22          THE COURT:  YOU HAVEN'T HEARD ANYTHING ON THE CERT

23    PETITION ON THE SECOND CASE; RIGHT?

24          MS. MAROULIS:  NO, YOUR HONOR.

25          MR. LEE:  THE SECOND CASE, SINCE WE SAW YOU LAST

1    TIME, THE SOLICITOR GENERAL FILED A BRIEF RECOMMENDING AGAINST.

2    IT SHOULD BE CONFERENCED NEXT WEEK.

3         THE COURT:  OKAY.

4         MR. LEE:  SO WE SHOULD HEAR ONE WAY OR ANOTHER WITHIN

5    A WEEK OR SO.

6         THE COURT:  IN A WEEK OR TWO, OKAY.  BUT AS IT IS, I

7    FEEL LIKE -- WE STILL HAVE THE HEARING ON ONGOING ROYALTIES ON,

8    LIKE, THE 25TH OF JANUARY IN THAT CASE.  IS THAT RIGHT?

9         MR. LEE:  WE DO.

10        MS. MAROULIS:  IT'S EARLY JANUARY.  I THINK IT'S THE

11   11TH.

12        THE COURT:  OH, IT'S THE 11TH, OKAY.

13        AND I RECALL THERE ARE SOME OTHER, I BELIEVE, OUTSTANDING

14   ISSUES THAT HAD TO BE DECIDED IN THAT SECOND CASE AS WELL THAT

15   WE'VE ALREADY CALENDARED BEYOND THE 11TH OF JANUARY.

16        MR. LEE:  THERE'S A --

17        MS. MAROULIS:  WE HAVE ON CMC ON NOVEMBER 8 --

18        THE COURT:  OKAY.

19        MS. MAROULIS:  -- YOUR HONOR, AND THE ONLY ISSUE THAT

20   WE HAVE FOR CMC THAT WE MAY ACTUALLY RESOLVE ON PAPERS IF YOU

21   PREFER IS WE RECEIVED THE REPORT OF APPLE'S EXPERT AND WE

22   ATTEMPTED TO MEET AND CONFER BECAUSE SOME OF HIS REPORT DID NOT

23   COMPLY WITH THE PROPER RULES.

24        AND SINCE WE CAN'T RESOLVE IT INFORMALLY, WE WANTED TO

25   MOVE TO STRIKE.  SO IF WE COULD GET A SCHEDULE FOR MOTION TO

```
 1          STRIKE, WE DON'T ACTUALLY NEED TO BE HERE FOR THE CMC.

 2               MR. LEE:  TWO THINGS, YOUR HONOR.

 3               THE COURT:  CAN WE DO THIS:  I UNDERSTAND YOU'VE MET

 4     AND CONFERRED, BUT I'M GOING TO MAKE ONE MORE PLEA THAT LEAD

 5     TRIAL COUNSEL MEET AND CONFER IN PERSON TO TRY TO NARROW THAT

 6     DISPUTE.  I MEAN, IF IT HAS TO BE LITIGATED, SO BE IT.  WE'LL

 7     DO THE WORK.

 8          BUT I'D LIKE ONE LAST ATTEMPT TO AT LEAST RESOLVE IT, OR

 9     AT LEAST NARROW IT SUCH THAT THE AMOUNT OF WORK THAT THE COURT

10     HAS TO DO IS MORE LIMITED.

11               MR. LEE:  YOUR HONOR, I MAY HAVE A SUGGESTION.  I

12     DON'T KNOW THAT IT WILL BE ACCEPTABLE TO SAMSUNG.  BUT I

13     ACTUALLY DON'T THINK THAT -- I KNOW WHAT THE TWO DISPUTES ARE.

14               THE COURT:  OKAY.

15               MR. LEE:  THEY ARE LEGAL ISSUES THAT YOU WOULD

16     RESOLVE IN THE HEARING ON ONGOING ROYALTIES.

17               THE COURT:  OH.

18               MR. LEE:  THEY WILL BE ISSUES THAT YOU WOULD HAVE TO

19     DETERMINE TO DETERMINE WHETHER THERE'S A BASIS FOR ONGOING

20     ROYALTIES AND WHETHER THE NOT COLORABLY DIFFERENT TEST HAS BEEN

21     MET.

22               THE COURT:  UM-HUM.

23               MR. LEE:  WHAT WE SAID TO SAMSUNG IS WE THINK THE

24     COURT HAS TO REACH THESE ISSUES AT THE HEARING IN JANUARY,

25     WHATEVER THE DATE IS.
```

```
 1              THE COURT:  OKAY.

 2              MR. LEE:  AND THEN BURDENING YOU WITH A SECOND MOTION

 3      THAT'S GOING TO RAISE THE SAME ISSUES PREMATURELY DOESN'T MAKE

 4      SENSE.

 5              THERE'S GOING TO BE -- THERE'S A DEPOSITION OCCURRING

 6      TOMORROW, OR TODAY, ONE OCCURRING NEXT MONDAY.  THE EXPERTS

 7      WILL BE DEPOSED.  THE RECORD WILL BE RELATIVELY COMPLETE.

 8              I AGREE WITH MS. MAROULIS THAT THERE'S NOTHING ELSE THAT'S

 9      A DISPUTE BETWEEN US AND WE'LL BE IN A POSITION TO BRIEF THE

10      ISSUE.

11              AND THESE TWO LEGAL ISSUES -- IT'S NOT A QUESTION OF A

12      METHODOLOGY IN THE TRADITIONAL SENSE.  IT'S JUST A QUESTION OF

13      WHAT'S THE LEGAL STANDARD THAT SHOULD BE APPLIED TO NOT

14      COLORABLY DIFFERENT.  YOUR HONOR WILL HAVE TO ADDRESS THAT AT

15      THE HEARING.

16              THE COURT:  OKAY.  SO IT'S NOT LIKE A STRAIGHT

17      DAUBERT 702 ISSUE?

18              MR. LEE:  NO.

19              MS. MAROULIS:  NO, YOUR HONOR.  BUT ONE OF THE ISSUES

20      IS THAT SOME OF THE THEORIES WERE NOT PREVIOUSLY DISCLOSED, AND

21      IN THIS CASE WE LITIGATED THAT AT LENGTH.

22              SO IF THE COURT WOULD PREFER THAT WE BRIEF EVERYTHING

23      TOGETHER, THEN MAY WE HAVE A FEW EXTRA PAGES?  BECAUSE WE

24      CURRENTLY HAVE 25 PAGES TO DISCUSS THE SUBSTANCE OF DESIGN

25      AROUNDS, AND THIS IS A MUCH MORE PROCEDURALLY FOCUSSED ISSUE.
```

```
 1              THE COURT:  WELL, I -- I WOULD LIKE -- IT SOUNDS LIKE
 2   WE NEED TO HAVE A NOVEMBER 8TH CMC, BECAUSE I WOULD LIKE
 3   BRIEFING ON EXACTLY WHAT THE DISPUTE IS.  I DON'T HAVE THE FILE
 4   IN THAT CASE BEFORE ME.  I HAVEN'T SEEN BRIEFING ON IT.  I
 5   DON'T KNOW WHAT THE TWO DISPUTES ARE, SO I'D LIKE YOU TO BRIEF
 6   IT.  IF IT LOOKS LIKE, FROM YOUR JOINT CASE MANAGEMENT
 7   STATEMENT, THAT THERE'S SOMETHING THAT I CAN JUST RESOLVE ON
 8   THE PAPERS, THEN I WON'T MAKE YOU WASTE YOUR TIME AND MONEY TO
 9   COME HERE.
10        BUT I DON'T WANT -- I DON'T FEEL, RIGHT NOW, THAT THE
11   ISSUE IS RIPE FOR ME TO RULE ON IT.
12              MS. MAROULIS:  YES, YOUR HONOR.
13              MR. LEE:  YES.
14              MS. MAROULIS:  WE'LL PUT TOGETHER A CMC STATEMENT AND
15   IN IT WE'LL INDICATE THAT WE DON'T NEED TO BE HERE IN PERSON.
16        WHATEVER THE COURT DECIDES AS TO PROCEDURE ON THE REST OF
17   THE DISPUTES WILL BE FINE WITH US.
18              THE COURT:  OKAY.
19              MR. LEE:  AND I WOULD SAY, YOUR HONOR, I THINK -- WE
20   WILL AGREE UPON WHAT THE ISSUE IS.  I ACTUALLY THINK THAT IF
21   THE PROPOSAL IS TO ADD, WITH THE COURT'S PERMISSION, FIVE PAGES
22   TO THE BRIEFING, THAT WOULD BE PLENTY TO ADDRESS IT AND YOUR
23   HONOR WOULDN'T HAVE TO ADDRESS IT PREMATURELY.
24              THE COURT:  WELL, I DON'T EVEN KNOW RIGHT NOW, WHAT
25   IS THE BRIEFING ON THE ONGOING ROYALTIES MOTION?
```

1          MR. LEE:  THE BRIEFING -- AND I THINK WE'LL AGREE

2     UPON THIS -- THE BRIEFING WILL BE THAT IN ORDER TO JUSTIFY THE

3     ONGOING ROYALTIES, WE NEED TO PROVE BOTH THAT THE PRODUCTS

4     SUBJECT TO THE ONGOING ROYALTY INFRINGE THE CLAIM, A CLAIM OF

5     THE PATENTS --

6          THE COURT:  UM-HUM.

7          MR. LEE:  -- AND THAT THEY'RE NOT COLORABLY

8     DIFFERENT.  WE HAVE TO PROVE BOTH.

9          THE COURT:  UM-HUM.

10          MR. LEE:  AND OUR EXPERT SAYS THEY DO.  THEIR EXPERT

11     SAYS THEY DON'T.

12          THE QUESTION OF WHAT WE'RE EXACTLY POINTING TO IS THE

13     QUESTION THAT'S RAISED BY -- THAT'S IN DISPUTE BETWEEN US.

14          BUT I THINK THAT IT IS JUST A MATTER OF A FEW PAGES RATHER

15     THAN HAVING TO BURDEN YOU WITH ANOTHER MOTION.

16          THE COURT:  WELL, FIVE IS MORE THAN A FEW.

17          MS. MAROULIS:  I THINK WE SHOULD SUBMIT A CMC

18     STATEMENT ON NOVEMBER 1.

19          THE COURT:  I'D PREFER THAT.

20          MS. MAROULIS:  AND THEN THE COURT CAN EITHER TELL US

21     TO COME IN OR TELL US NOT TO.

22          MR. LEE:  THAT'S FINE.  THAT'S FINE.

23          THE COURT:  YEAH.  AND I WILL NOT WASTE YOUR TIME AND

24     MAKE YOU COME IN NEEDLESSLY.  IF IT'S SOMETHING I CAN JUST

25     DECIDE BASED ON YOUR JOINT CASE MANAGEMENT STATEMENT, I'LL DO

```
 1        THAT.

 2                 MR. LEE:  GREAT.  YOUR HONOR --

 3                 THE COURT:  YES.

 4                 MR. LEE:  -- CAN I ASK ONE QUESTION THAT GOES BACK TO

 5        THE RULING YOUR HONOR HAS MADE ON THE DISCOVERY?

 6                 THE COURT:  YES.

 7                 MR. LEE:  GIVEN THE SCHEDULE WE'VE AGREED TO, IT'S

 8        GOING TO BE QUICK, NO MATTER WHAT.  NO MATTER WHOSE DATE WE

 9        USE, IT'S GOING TO BE QUICK.

10                 THE COURT:  UM-HUM.

11                 MR. LEE:  I THINK THAT ONCE WE SEE THE DISCOVERY

12        COMING BACK, I'M GOING TO BE ABLE TO MAKE THE ARGUMENT TO YOU A

13        LITTLE BIT MORE CLEARLY HOW EXPANSIVE IT IS AND HOW PROBLEMATIC

14        IT IS.

15                 THE COURT:  UH-HUH.

16                 MR. LEE:  WE DON'T HAVE TO PUT SOMETHING ON THE

17        SCHEDULE, BUT SOMETIME BETWEEN NOW AND WHEN FACT DISCOVERY IS

18        OVER, WE'D LIKE TO HAVE A CHANCE TO SUBMIT A DISCOVERY REPORT

19        TO YOU SO THAT YOUR HONOR HAS SOME SENSE OF WHETHER THE

20        DISCOVERY THAT'S BEING PURSUED IS MORE EXPANSIVE THAN YOU

21        THINK, MORE EXPANSIVE THAN MAY BE NEEDED FOR AN APPEAL, AND

22        WHAT ITS IMPLICATIONS ARE GOING TO BE FOR YOUR EXISTING IN

23        LIMINE, DAUBERT, AND EVIDENTIARY RULINGS.

24            AND GIVEN HOW QUICK THE FACT DISCOVERY PERIOD IS, I JUST

25        DON'T WANT IT TO REALLY RUN BY US BEFORE WE'VE HAD A CHANCE TO
```

```
1      ADDRESS IT.

2              THE COURT:  UM-HUM.

3              MS. MAROULIS:  AND COUNSEL ALREADY PRE-JUDGED OUR

4      DISCOVERY, BUT IF THAT WOULD HELP THE COURT, WE CERTAINLY ARE

5      HAPPY TO PARTICIPATE IN THAT.

6              THE COURT:  OKAY.  ALL RIGHT.

7          ALL RIGHT.  SO LET'S MOVE ON TO THE CASE SCHEDULE.

8          NOW, WE HAD SET IT FOR FIVE DAYS.  YOU GUYS HAVE SNUCK IN

9      A SIXTH DAY.  WHY DO YOU THINK WE NOW NEED SIX DAYS?

10             MR. LEE:  YOUR HONOR, WHEN YOU SCHEDULED THE TRIAL

11     ORIGINALLY IT WAS TO HAVE -- TO IMPANEL ON FRIDAY AND THEN TRY

12     THE FIVE DAYS AFTER.  SO WHAT WE DID IS TRY TO MATCH THE

13     SCHEDULE TO WHAT WE HAD BEFORE.

14             MS. MAROULIS:  THAT IS CORRECT, YOUR HONOR.

15         ALSO, OUR DAMAGES EXPERT IS IN TRIAL THE WEEK OF MAY 7.

16     WE DIDN'T WANT TO MISS ANOTHER WEEK, SO WE CAN IMPANEL THE JURY

17     WITHOUT HIM, BUT WE DO NEED HIM ACTUALLY FOR THE TRIAL.

18             THE COURT:  WELL, I GUESS I DON'T UNDERSTAND.  FRIDAY

19     IS JUNE 1ST.  SO I HAD FRIDAY, JUNE 1ST; MONDAY, JUNE 4TH;

20     TUESDAY, JUNE 5TH; WEDNESDAY, JUNE 6TH; AND THURSDAY, JUNE 7TH.

21     THAT WAS FIVE DAYS.  SO YOU ALL HAVE SIX DAYS FROM WHAT I CAN

22     TELL.  YOU HAVE THE 11TH, 14TH, 15TH, 16TH, 17TH, AND 18TH.

23             MR. LEE:  THAT MAY JUST BE OUR ERROR.

24             THE COURT:  OKAY.  I MEAN, DO YOU NEED ANOTHER DAY?

25     I HOPE NOT, BUT IF YOU DO, EXPLAIN WHY.
```

```
1          MS. MAROULIS:  WE DID NOT DO THIS NECESSARILY

2     INTENTIONALLY.  WE THOUGHT THAT WE COULD DO THE JURY PICKING ON

3     FRIDAY AND THEN START THE TRIAL ON MONDAY.  IF THE COURT WANTS

4     US TO FINISH SOONER, WE SHOULD BE ABLE TO.

5          MR. LEE:  I THINK GOING THROUGH THE 17TH WOULD BE

6     FINE.

7          THE COURT:  SO IF YOU -- IF YOU -- IF WE CAN SELECT

8     THE JURY ON ONE DAY -- I GUESS I'M UNCLEAR.  HOW MUCH TIME DO

9     YOU THINK YOU NEED, INCLUDING JURY SELECTION?  IS IT NOW MORE

10    THAN FIVE DAYS?  OR --

11         MR. LEE:  I THINK WE --

12         THE COURT:  I'M UNCLEAR.

13         MR. LEE:  I THINK WE INTENDED FIVE DAYS.  WE INTENDED

14    TO MATCH WHAT WE HAD DONE BEFORE, AND THIS JUST MAY BE AN

15    ERROR.

16         THE COURT:  OKAY.

17         MR. LEE:  SO FIVE DAYS, INCLUDING JURY SELECTION, IS

18    WHAT WE AGREED UPON BEFORE.

19         THE COURT:  OKAY.  NOW, ONE THING IS -- SO I HAVE

20    DAUBERT MOTIONS IN A DEATH PENALTY CRIMINAL CASE SET FOR

21    MAY 16TH.  SO ONE OPTION IS I COULD KEEP THE 11TH THROUGH THE

22    18TH IF I TOOK THE 16TH, THE DAY OFF FROM THIS TRIAL SO I CAN

23    HANDLE MY CRIMINAL CASES THAT MORNING.

24         MS. MAROULIS:  THAT WOULD BE FINE WITH SAMSUNG, YOUR

25    HONOR.
```

```
 1              THE COURT:  SO THAT WOULD BE ONE OPTION TO HAVE

 2     FRIDAY, MONDAY, TUESDAY, AND THEN THURSDAY, FRIDAY.

 3              ON THE OTHER HAND, I AM ANXIOUS TO GET THIS DONE SO THAT

 4     WE CAN GET THE POST-TRIAL ORDERS DONE WITHIN THE ONE YEAR

 5     TIMEFRAME, SO I'M SORT OF OF CONFLICTING VIEWS, AND I THINK MY

 6     CRIMINAL CALENDAR IS -- COULD ACCOMMODATE THOSE DAUBERT MOTIONS

 7     ON THE 9TH OR THE 23RD IF I NEEDED TO.  AND THEY'RE ACTUALLY

 8     COMING IN NEXT WEEK ON THE 1ST OF NOVEMBER.  SO I COULD TALK TO

 9     THEM ABOUT IT.  OKAY.

10              BUT YOU DON'T NEED SIX DAYS, YOU NEED FIVE?

11              MR. LEE:  FIVE.

12              THE COURT:  OKAY.

13         (PAUSE IN PROCEEDINGS.)

14              THE COURT:  YOU KNOW, I WOULD ALSO SAY I THINK WE

15     NEED TO PUT IN THE JURY NOTICE THAT GOES OUT FOR THE CASE A

16     SPECIFIC INSTRUCTION THAT THE JURY PANEL IS NOT TO CHECK THE

17     COURT'S DOCKET.

18              THE CLERK:  YOU COULD ALSO HAVE THE MATTER UNDER

19     SEAL, YOUR HONOR, AND THEN IT WOULDN'T SHOW UP.

20              THE COURT:  WHAT WOULD WE PUT UNDER SEAL, THAT IT'S

21     GOING TO TRIAL?

22              THE CLERK:  THE HEARING COULD JUST BE PLACED UNDER

23     SEAL, YOUR HONOR, AND IT WOULDN'T COME UP ON THE PUBLIC

24     CALENDAR.

25              THE COURT:  HUH.  OKAY.
```

1        I MEAN, I SELECTED A JURY ON MONDAY AND AT LEAST TWO

2   JURORS HAD READ ALL OF THE MOTION IN LIMINE ORDERS, THE MOTION

3   TO DISMISS THE INDICTMENT ORDERS.

4        SO I'M JUST CONCERNED THAT I WOULD NOT -- I THINK WE MIGHT

5   NEED SOME SPECIAL LANGUAGE TO TELL OUR JURY POOL NOT TO LOOK AT

6   THE DOCKET.

7        THE PROBLEM IS I DON'T KNOW IF THAT WILL THEN PIQUE THEIR

8   INTEREST MORE IF WE TELL THEM NOT TO LOOK.  I DON'T KNOW.  WHY

9   DON'T YOU THINK ABOUT IT?

10       MS. MAROULIS:  WE CAN CONFER AND PROPOSE SOME

11  LANGUAGE FOR THE COURT.

12       THE COURT:  YEAH, OF WHAT WE -- IT WAS ONLY TWO OUT

13  OF ABOUT 89 JURORS, SO IT WASN'T A BIG NUMBER, BUT THEY HAD

14  READ EVERYTHING.  AND SO I JUST THINK WE NEED TO BE THINKING

15  ABOUT THAT.

16       MR. LEE:  WE'LL CONFER.  WE AGREE.

17       IN THE SECOND OR THIRD TRIAL, WE HAD THE PROBLEM OF THE

18  ONE JUROR WHO HAD HEARD THE NPR REPORT AND WAS RELATING IT TO

19  EVERYBODY IN THE JURY ROOM, SO ANYTHING WE CAN DO TO AVOID THAT

20  WOULD BE A GOOD THING.

21       THE COURT:  YEAH.  SO WE'LL NEED TO JUST THINK ABOUT

22  SOMETHING.  MAYBE WE GIVE THEM THE CONDUCT OF THE JURY

23  INSTRUCTION PERHAPS WITH THE NOTICE.  I THINK WE MAY NEED TO DO

24  THAT, INCLUDE IT IN THE NOTICE.

25       ANYWAY, CAN YOU THINK ABOUT THAT --

1           MR. LEE:  SURE.

2           MS. MAROULIS:  YES, YOUR HONOR.

3           THE COURT:  -- AND MAYBE MAKE SOME PROPOSALS?

4       ALL RIGHT.  SO LET'S FIGURE OUT THE SCHEDULE.  SO I'M JUST

5   GOING TO SPLIT THE BABY HERE AND SAY THE CLOSE OF FACT

6   DISCOVERY CUTOFF -- I MEAN, I'M SORRY -- THE CLOSE OF FACT

7   DISCOVERY AND DISCLOSURE OF EXPERTS IS DECEMBER 15TH.  I DON'T

8   LIKE THE 22ND BECAUSE THEN YOU'RE GOING RIGHT UP TO THE FRIDAY

9   BEFORE CHRISTMAS AND I THINK THAT'S NOT REASONABLE.  SO LET'S

10  JUST SAY THE 15TH OF DECEMBER.  THAT GIVES YOU A LITTLE LESS

11  THAN TWO MONTHS.

12      YOU'VE PROPOSED JANUARY 15 FOR OPENING EXPERT REPORTS,

13  THAT'S FINE; JANUARY 29TH FOR REBUTTAL REPORTS, THAT'S FINE.

14      NOW, WE HAVEN'T HAD REPLY EXPERT REPORTS IN THE PAST, HAVE

15  WE?

16          MS. MAROULIS:  NO, YOUR HONOR.  THAT'S WHY WE OPPOSED

17  IT INITIALLY BECAUSE WE HAD SEVERAL TRIALS AND IN EACH WE HAD

18  THE OPENING REPORTS BY APPLE, THE PARTY WITH THE DAMAGES BURDEN

19  OF PERSUASION, AND THEN RESPONSE REPORTS FROM US.

20      SO WE DON'T SEE A NEED TO DEVIATE HERE, ESPECIALLY GIVEN

21  HOW SHORT OUR SCHEDULE IS BETWEEN THE EXPERT REPORTS AND THE

22  DAUBERT MOTIONS.

23          MR. LEE:  BUT, YOUR HONOR, IF YOU GO BACK TO

24  MS. MAROULIS' CONCERN ABOUT THE BURDENS THAT YOUR HONOR HAS OF

25  PERSUASION AND PRODUCTION, WE'LL FILE OUR REPORT FIRST.

```
 1            TO THE EXTENT THEY'RE GOING TO CARRY THIS BURDEN OF --

 2            THE COURT:  OH, I SEE.

 3            MR. LEE:  -- THEIR PERSUASION, PRODUCTION, RIGHT --

 4            THE COURT:  I SEE.

 5            MR. LEE:  -- THAT THEY SAY THEY NEED DISCOVERY FOR,

 6   WE NEED A CHANCE TO REPLY TO THAT BECAUSE WE WON'T HAVE A BASIS

 7   TO REPLY.

 8            THE COURT:  I SEE.  OKAY.  YOU KNOW WHAT?  I ACTUALLY

 9   THINK THAT'S REASONABLE.  THEY NEED TO REPLY TO THE BURDEN OF

10   PRODUCTION ON THE ARTICLE OF MANUFACTURE.  OKAY.  SO THAT'LL BE

11   FEBRUARY 8TH.

12       IT'LL BE A TIGHT CUTOFF.  EXPERT DISCOVERY CUTOFF WILL BE

13   FEBRUARY 16TH.

14       THE -- NOW, I HAD A FURTHER CMC FOR FEBRUARY 28TH, BUT YOU

15   WANTED TO COME IN BEFORE THAT?

16            MR. LEE:  YOU KNOW, FEBRUARY 28TH IS FINE, YOUR

17   HONOR.  I GUESS ALL I WOULD ASK IS THAT AS WE MOVE INTO THIS

18   SEVEN WEEK FACT DISCOVERY SCHEDULE, IF WE THINK THAT IT IS

19   DEMONSTRABLY SOMETHING DIFFERENT THAN WE'VE TALKED ABOUT HERE

20   AND SOMETHING THAT COULD CREATE PROBLEMS, WE'D JUST LIKE SOME

21   WAY TO COME BACK TO THE COURT AND BE SURE THAT WE'RE HEADING IN

22   THE RIGHT DIRECTION.

23            THE COURT:  OKAY.  I WOULD BE OKAY WITH SETTING AN

24   INTERIM DATE.  I HOPE WE DON'T HAVE TO HAVE IT.  THAT WOULD BE

25   MY IDEAL.
```

1          AND I WAS FRANKLY THINKING THAT ANY DISCOVERY DISPUTES

2     WOULD GO TO JUDGE COUSINS.  I DON'T KNOW IF THAT'LL BE TOO

3     COMPLICATED HERE BECAUSE THERE'S SO MUCH WATER UNDER THE BRIDGE

4     AND --

5               MS. MAROULIS:  YOUR HONOR, WE'LL TRY TO AVOID

6     DISCOVERY DISPUTES GIVEN THE SHORTENED TIMEFRAME.

7               THE COURT:  OKAY.  THANK YOU.  THAT WOULD BE -- THAT

8     WOULD BE THE BEST.

9          OKAY.  SO WHEN DID YOU WANT TO HAVE A PLACE HOLDER CMC,

10    WHICH HOPEFULLY WE'LL NEVER HAVE TO HAVE?

11              MR. LEE:  PERHAPS RIGHT AFTER THE THANKSGIVING

12    HOLIDAY MAYBE.

13              THE COURT:  OKAY.

14         (DISCUSSION OFF THE RECORD BETWEEN COUNSEL.)

15              MR. LEE:  WOULD NOVEMBER 29TH BE A POSSIBILITY, YOUR

16    HONOR?

17              THE COURT:  LET ME ASK MS. MASON, DO WE LOOK OKAY ON

18    THAT DATE?

19         (DISCUSSION OFF THE RECORD BETWEEN THE COURT AND THE

20    CLERK.)

21              THE COURT:  WHAT ABOUT SETTING IT ON NOVEMBER 30TH AT

22    1:30?  I CAN'T ACCOMMODATE YOU ALL ON THE 29TH.  THAT SCHEDULE

23    IS TOO FULL.

24              MS. MAROULIS:  YOUR HONOR, THAT DATE IS FINE WITH US.

25          AND WE HOPE THAT APPLE IS NOT GOING TO JUST AUTOMATICALLY

```
 1        GO COMPLAIN ABOUT DISCOVERY, SO THAT WE CAN HAVE IT AS A PLACE
 2        HOLDER, BUT NEVER HAVE TO ACTUALLY DO IT.
 3               THE COURT:  I HOPE SO, TOO.
 4          OKAY.  SO -- NOW, YOUR JOINT CASE MANAGEMENT STATEMENT
 5        WOULD BE DUE ON THANKSGIVING.  DO YOU WANT TO SET AN
 6        ALTERNATIVE DATE FOR THAT?
 7               MS. MAROULIS:  THE DAY BEFORE WOULD BE GREAT, YOUR
 8        HONOR.
 9               MR. LEE:  THAT WOULD BE FINE.
10               THE COURT:  YOU KNOW, I WOULD ACTUALLY KIND OF PREFER
11        NOT.  I MEAN, BECAUSE YOU ALL USUALLY, YOU KNOW, RAISE A WHOLE
12        BUNCH OF NEW ISSUES, LIKE EVEN IN THIS JOINT CASE MANAGEMENT
13        STATEMENT THAT YOU FILED YESTERDAY, THERE ARE JUST A LOT OF NEW
14        ISSUES.
15          I DON'T THINK THAT GIVES US ENOUGH TIME TO PREPARE AS --
16        YOU KNOW, WE'RE GOING TO BE IN TRIAL MONDAY, THE 27TH, WE'RE
17        GOING TO BE IN TRIAL TUESDAY, THE 28TH.  I'M GOING TO HAVE A
18        FULL CRIMINAL CALENDAR ON THE MORNING OF THE 29TH.  I'M GOING
19        TO HAVE A FULL CMC CALENDAR ON THE 29TH.
20          SO, YOU KNOW, AND I DO HAVE A LOT OF LAW AND MOTION
21        ALREADY SET ON THE 30TH AT 1:30.
22               MR. LEE:  SO WHAT IF WE FILED BY THE 21ST -- THE 21ST
23        IS TUESDAY, I THINK?
24               THE COURT:  THAT WOULD BE -- THAT WOULD BE OKAY.
25               MS. MAROULIS:  YES, YOUR HONOR.
```

1        THE COURT:  WHY DON'T YOU FILE -- I MEAN, WHAT YOU

2    COULD DO -- IS IT BETTER TO DO IT EARLIER, OR -- THAT'S FINE.

3    THE 21ST IS FINE.  I WOULD HAVE BEEN OKAY IF YOU COULD DO THE

4    MORNING OF THE 27TH.  BUT THE 21ST IS FINE AS WELL.

5        MR. LEE:  YEAH, I -- TO THE EXTENT THERE'S ANYTHING

6    WORTH RAISING, YOUR HONOR, WE'RE GOING TO KNOW BY THE 21ST.

7    NOTHING IS GOING TO HAPPEN BETWEEN THE 21ST AND 27TH THAT WOULD

8    CHANGE IT, SO --

9        THE COURT:  OKAY.  SO FILE IT, PLEASE, ON TUESDAY,

10   THE 21ST OF NOVEMBER.

11       OKAY.  SO THEN YOU ALL PROPOSED, FOR DISPOSITIVE MOTIONS,

12   DAUBERT MOTIONS, MOTIONS TO STRIKE, FEBRUARY 23RD FOR OPENING;

13   THE 9TH FOR RESPONSES; AND MARCH 16TH FOR REPLIES.  THAT'S ALL

14   FINE.

15       WE'LL SET THE HEARING ON MARCH 29TH, WHICH GIVES US LESS

16   THAN TWO WEEKS WITH ALL THOSE REPLIES, BUT I JUST THINK THERE'S

17   NO OTHER WAY TO GET THIS SCHEDULE.  MARCH 29TH.

18       NOW, YOUR FINAL PRETRIAL CONFERENCE -- THAT'S REALLY TIGHT

19   FOR YOUR FINAL PRETRIAL CONFERENCE.  THAT'S THE ONLY PROBLEM.

20   I CAN'T GUARANTEE THAT I'LL HAVE ALL THE MOTIONS BEFORE YOU

21   HAVE TO MEET AND CONFER FOR YOUR PRETRIAL CONFERENCE AND DO ALL

22   YOUR PRETRIAL FILINGS, SO --

23       MS. MAROULIS:  YOUR HONOR, WE CAN DO A WEEK LATER IF

24   THAT IS BETTER FOR THE COURT.

25       THE COURT:  FOR THE PRETRIAL CONFERENCE?  THE ONLY

```
1        PROBLEM IS THE TRIAL IS THE 14TH OF MAY AND YOU'RE ACTUALLY

2        PROPOSING EVEN THE 11TH.  THAT WOULD BE --

3                MR. LEE:  A WEEK LATER WOULD BE THE WEEK OF THE

4        TRIAL.

5                THE COURT:  YEAH, THAT WOULD BE TOO TIGHT.

6            WELL, IF YOU KEEP THE 3RD, THAT MEANS YOU HAVE TO MEET AND

7        CONFER BY THE 12TH.

8            OKAY.  LET'S KEEP THIS SCHEDULE.  I THINK WE JUST NEED TO.

9        OTHERWISE WE'LL RUN OUT OF TIME ON THE BACK END.

10           SO THE FINAL PRETRIAL CONFERENCE WILL BE MAY 3RD.  SO THAT

11       MEANS WE WILL REALLY NEED TO TRY TO GET ALL THE ORDERS OUT BY

12       THE 12TH OF APRIL SO THAT YOU HAVE THEM BEFORE -- YOU KNOW, BY

13       APRIL 11TH SO YOU HAVE THEM FOR YOUR MEET AND CONFER THAT HAS

14       TO BE 21 DAYS BEFORE THE PRETRIAL CONFERENCE.  SO WE'LL TRY OUR

15       BEST TO DO THAT.  APRIL 11TH.

16           OKAY.  THEN LET'S JUST SET IT FOR ONE WEEK, MAY 14, 15,

17       16, 17, 18.  OKAY?  SO THAT'LL BE FIVE DAYS.

18           AND THEN YOU'LL KEEP YOUR SCHEDULE, 14 DAYS AFTER THE

19       VERDICT ARE THE OPENING MOTIONS; 14 DAYS AFTER THE OPENING ARE

20       THE OPPOSITIONS; AND THEN 7 DAYS AFTER THE OPPOSITIONS ARE THE

21       REPLY.

22           NOW, I ASSUME BOTH SIDES WILL PROBABLY FILE, OR I GUESS WE

23       DON'T KNOW.  RIGHT?

24               MR. LEE:  I DON'T THINK WE KNOW.

25               THE COURT:  OKAY.  I WOULD LIKE TO IMPOSE SOME PAGE
```

```
 1          LIMITS ON THAT.  WE CAN DO THAT NOW OR WE CAN DO THAT LATER.

 2                MS. MAROULIS:  YOUR HONOR, MAYBE WE SHOULD DO IT A

 3     LITTLE BIT LATER WHEN IT'S SHAPED UP A LITTLE BIT MORE.

 4                THE COURT:  OKAY.  THAT'S FINE.

 5          I'M ALSO GOING TO IMPOSE -- I MEAN, WHY DO WE NEED

 6     DISPOSITIVE MOTIONS?  I WAS VERY UNCONVINCED BY SAMSUNG'S

 7     ARGUMENT THAT THERE'S NO MATERIAL FACTUAL DISPUTE AS TO WHAT

 8     THE ARTICLE OF MANUFACTURE IS.  PLEASE DON'T BRING THAT AS A

 9     SUMMARY JUDGMENT MOTION.  THERE'S CLEARLY A DISPUTE AND IT IS

10     CLEARLY MATERIAL.

11                MS. MAROULIS:  YOUR HONOR, WE'D APPRECIATE AN

12     OPPORTUNITY TO BRING A SUMMARY JUDGMENT MOTION.  WE CAN DECIDE,

13     ONCE WE SEE DISCOVERY AND EXPERT REPORTS, WHAT MOTIONS ARE THE

14     BEST, AND IF THERE'S NONE, THEN WE'LL BRING NONE.  BUT I

15     WOULDN'T WANT TO GIVE UP THE OPPORTUNITY FOR A DISPOSITIVE

16     MOTION NOW NOT KNOWING THE EVIDENCE.

17                THE COURT:  THAT'S -- I THINK THAT'S FAIR.

18          BUT IF YOU FILE ONE SAYING THAT THERE'S NO MATERIAL

19     FACTUAL DISPUTE AS TO WHAT THE ARTICLE OF MANUFACTURE IS, I'M

20     GOING TO DO A ONE WORD DENIAL AND I'LL BE VERY ANGRY.  SO

21     PLEASE DON'T FILE UNNECESSARY FRIVOLOUS MOTIONS, PLEASE.  OKAY?

22     YOU ALL ARGUED THAT AT THE HEARING.  PLEASE DON'T FILE THAT AS

23     A FRIVOLOUS MOTION.  OKAY?

24          I'M ALSO GOING TO LIMIT THE NUMBER OF DAUBERTS.

25          AND I DON'T EVEN KNOW, WHY DO YOU NEED MOTIONS TO STRIKE?
```

```
 1        WHAT IS THAT ABOUT?
 2                MR. LEE:  YOUR HONOR, THIS GOES A LITTLE BIT TO THE
 3        GROUNDHOG DAY RULES.  I MEAN, I THINK WHEN WE DID THE OTHER
 4        RETRIAL, DAUBERTS, MOTIONS TO STRIKE, THEY WENT BY VERY QUICKLY
 5        BECAUSE YOU'D ADDRESSED ALL THE ISSUES.
 6            WE'RE HOPING THAT, FOR THE VAST MAJORITY OF WHAT THE
 7        EXPERTS -- THE VAST MAJORITY OF WHAT THE DAMAGES EXPERTS HAVE
 8        DONE --
 9                THE COURT:  UM-HUM.
10                MR. LEE:  -- AND EVEN AS I THINK ABOUT WHOEVER IS
11        GOING TO GIVE THE OPINIONS ON THE ARTICLE OF MANUFACTURE, THE
12        VAST MAJORITY OF THESE SHOULD BE RESOLVED BY WHAT YOUR HONOR
13        HAS DONE BEFORE.
14            I MEAN, WE DON'T INTEND TO BRING A DISPOSITIVE MOTION.
15                THE COURT:  UM-HUM.
16                MR. LEE:  SO FOR US, THAT'S NOT THE ISSUE.
17            WE'RE HOPING THAT A VARIATION OF THE GROUNDHOG DAY RULES
18        WILL MAKE MOST OF THE IN LIMINE MOTIONS AND THE DAUBERTS
19        APPLICABLE.  SO WE'RE HOPING THAT IT'S VERY DISCRETE.
20            AND --
21                THE COURT:  ALL RIGHT.
22                MR. LEE:  -- ACTUALLY --
23                THE COURT:  WELL, LET ME DO THIS:  YOU KNOW, THIS IS
24        A VERY TIGHT SCHEDULE FOR YOU ALL, BUT IT'S ALSO A VERY TIGHT
25        SCHEDULE FOR US AND I HAVE VERY LIMITED RESOURCES RELATIVE TO
```

```
 1        THE PARTIES, SO I'D LIKE TO IMPOSE SOME LIMITS.

 2            I DON'T THINK WE NEED MOTIONS TO STRIKE.  I THINK THAT WAS

 3        MORE IN THE CONTEXT OF THE GROUNDHOG DAY RULE, AND SINCE

 4        THAT'S, YOU KNOW, LOOSELY NOT REALLY IN PLACE, I THINK THAT'S

 5        UNNECESSARY.

 6            I'M GOING TO SAY FOR DAUBERT MOTIONS -- I MEAN, HOW MANY

 7        EXPERTS DO YOU THINK YOU WILL NEED?

 8                MR. LEE:  IF I WERE TO BET, TWO OR THREE.

 9                MS. MAROULIS:  THAT SOUNDS ABOUT RIGHT, YOUR HONOR.

10                THE COURT:  OKAY.  SO WHAT ARE THEY GOING TO BE, LIKE

11        A CONSUMER SURVEY EXPERT AND --

12                MR. LEE:  I THINK, IF I WERE TO PREDICT --

13                THE COURT:  YEAH.

14                MR. LEE:  -- THERE WOULD PROBABLY BE TWO PEOPLE TO

15        TALK ABOUT THE ARTICLE OF MANUFACTURE.

16                THE COURT:  OKAY.

17                MR. LEE:  ONE TO COVER TWO OF THE PATENTS, ONE TO

18        COVER THE GRAPHIC USER INTERFACE PATENT.

19                THE COURT:  OKAY.

20                MR. LEE:  AND THEN THE DAMAGES PERSON, I MEAN, I --

21        IT'S MR. WAGNER, IT'S GOING TO BE MS. DAVIS, BECAUSE A

22        SUBSTANTIAL PORTION OF WHAT THEY ARE GOING TO TESTIFY TO,

23        THEY'VE TESTIFIED TO BEFORE.  THERE'S JUST GOING TO BE SOME

24        VARIATION TO ADDRESS THE NEW ISSUES.

25                THE COURT:  IS THAT CORRECT?
```

```
 1              MS. MAROULIS:  YOUR HONOR, WE ANTICIPATE DESIGN

 2     PATENT EXPERTS TO TALK ABOUT THE ARTICLE OF MANUFACTURE AND

 3     DAMAGES EXPERTS, AND THERE MAY BE SOMEBODY ELSE, BUT I CAN'T

 4     THINK OF IT RIGHT NOW.

 5          SO I THINK TWO TO THREE EXPERTS IS LIKELY.

 6              THE COURT:  THAT'S ABOUT RIGHT?

 7              MS. MAROULIS:  THAT'S ABOUT RIGHT.

 8              THE COURT:  OKAY.  YOU KNOW, ON THE DAUBERT MOTIONS

 9     AS WELL, FOR THE VAST MAJORITY OF GROUNDS TO MOVE, I'M JUST

10     GOING TO RULE THAT IT GOES TO WEIGHT, NOT ADMISSIBILITY, AND

11     SAVE THAT FOR CROSS-EXAMINATION AND CLOSING ARGUMENT.

12          SO I REALLY HOPE THAT YOU ALL WILL EXERCISE SOME RESTRAINT

13     ON THE DAUBERT MOTIONS.

14          I'M GOING TO SAY THAT YOU CAN ONLY FILE TWO DAUBERT

15     MOTIONS OF THREE PAGES EACH, JUST BECAUSE OTHERWISE I'M

16     CONCERNED THAT -- I NEED TO TRY TO GET YOU THE RULINGS SO YOU

17     HAVE ALL OF THE RULINGS IN ADVANCE OF YOUR MEET AND CONFER

18     WHICH HAS TO TAKE PLACE ON APRIL 12TH, AND WE HAVE A LOT OF

19     OTHER CASES THAT ARE GOING ON SIMULTANEOUSLY THAT ARE ALSO

20     ENTITLED TO RULINGS, SO I CAN'T JUST FOCUS ON THIS CASE.  SO

21     YOU ONLY GET TWO DAUBERT MOTIONS OF THREE PAGES EACH.

22          I REALLY DON'T THINK THERE SHOULD BE ANY DISPOSITIVE

23     MOTIONS HERE.  THERE'S CLEARLY A FACTUAL MATERIAL DISPUTE.

24          I'VE BEEN INSTRUCTED BY THE FEDERAL CIRCUIT AND THE

25     SUPREME COURT THAT, YOU KNOW, A NEW TRIAL IS NECESSARY TO GO
```

1    FORWARD, AND I REALLY DON'T SEE ANY SIDE WINNING THIS ON

2    SUMMARY JUDGMENT.

3          SO I REALLY WOULD HOPE THAT IF ONE IS NOT LIKELY TO

4    PREVAIL, THAT YOU DON'T EVEN BOTHER FILING IT.  BUT IF YOU ARE

5    GOING TO FILE ONE, IT'S A MAXIMUM OF TEN PAGES.  TEN PAGES FOR

6    THE OPPOSITION AND THE MOTION, AND FIVE PAGES ON REPLY.  OKAY?

7          NO MOTIONS TO STRIKE.

8          OKAY.  LET ME ALSO LIMIT THE NUMBER OF MOTIONS IN LIMINE.

9    NOW, I'VE SEEN YOU ALL GET AROUND THOSE LIMITS IN THE PAST, BUT

10   I WOULD HOPE THAT YOU'D PLEASE TRY TO HONOR THEM NOW.  I WOULD

11   SAY FIVE MOTIONS IN LIMINE EACH OF NO MORE THAN THREE PAGES.

12         OKAY.  WHAT ELSE?  ON THE POST-TRIAL MOTIONS, CIVIL LOCAL

13   RULES WILL GOVERN, 25/25/15.  NO EXTENSIONS.

14         OKAY.  WHAT ELSE?  ANYTHING ELSE?

15             MR. LEE:  NOTHING FOR APPLE, YOUR HONOR.

16             MS. MAROULIS:  NOTHING FOR SAMSUNG, YOUR HONOR.

17             THE COURT:  OKAY.  ALL RIGHT.  THANK YOU ALL.

18             MS. MAROULIS:  THANK YOU.

19             MR. LEE:  THANK YOU, YOUR HONOR.

20             THE CLERK:  COURT'S ADJOURNED.

21         (THE PROCEEDINGS WERE CONCLUDED AT 3:46 P.M.)

22

23

24

25

1
2
3                    CERTIFICATE OF REPORTER
4
5
6
7        I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8    STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9    280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10   CERTIFY:

11        THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12   A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13   ABOVE-ENTITLED MATTER.

14
15
16   _____
     LEE-ANNE SHORTRIDGE, CSR, CRR
17   CERTIFICATE NUMBER 9595

18        DATED:  NOVEMBER 19, 2017

19
20
21
22
23
24
25