[COUNSEL LISTED ON SIGNATURE PAGES]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | Case No. 11-cv-01846-LHK<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Hearing:**<br><br>Date:　　November 30, 2017<br>Time:　　1:30 p.m.<br>Place:　　Courtroom 8, 4th Floor<br>Judge:　　Hon. Lucy H. Koh |

Pursuant to this Court's Order (Dkt. 3536), the parties submit this Joint Case Management Statement in connection with the Case Management Conference scheduled for November 30, 2017.

**I.    Scope of Expert Discovery**

The parties agree that new expert opinions should relate only to the issues raised by the October 22, 2017 Order Requiring a New Trial on Design Patent Damages, specifically: (1) identification of the articles of manufacture to which Samsung applied Apple's design patents under the four-factor test set forth in the Court's Order; and (2) the calculation of Samsung's total profits from the relevant articles of manufacture. Apple has confirmed it will not change any other damages theories or methodologies, including those theories and methodologies regarding reasonable royalties and the total profits earned by Samsung's phones. Samsung has confirmed that it does not intend to change theories with respect to reasonable royalties and the total profits on its entire products as sold, subject to the revelation of new facts in discovery and the need to rebut opinions offered by Apple.

**Apple's Position**: Apple seeks clarification from the Court regarding the permissible scope of any new expert discovery, including for which issues, if any, the parties may rely on previously-undisclosed experts.

*First*, Apple understands from the Court's prior Orders that new damages experts are not permissible. Indeed, the Court has repeatedly directed the parties not to use new damages experts in the prior retrials, even though new calculations were required. *See* Dkt. 3272 at 2; Dkt. 2320 at 41-42. Experts for both parties—Mr. Wagner for Samsung and Ms. Davis for Apple—have previously offered opinions regarding the calculation of Samsung's total profits under 35 U.S.C. § 289. Apple does not believe new damages experts are warranted to calculate Samsung's total profits under 35 U.S.C. § 289 for Samsung's alternative articles of manufacture, nor has Samsung explained why they would be. Indeed, during the parties' meet and confer on this issue, Samsung confirmed that Mr. Wagner is qualified to perform such calculations and

indicated its position was based solely on a desire to have the freedom to pick and choose a new combination of experts.

*Second*, regarding any non-damages experts who will offer opinions in this phase of the case, Apple has proposed that the parties be limited to experts who have been disclosed and provided opinions previously regarding design—this would include experts who previously offered opinions regarding design patent infringement and validity, but also experts who have opined on design issues more generally, including the importance of design. These experts include Mr. Bressler, Ms. Kare, Dr. Sood, Mr. Urbach and Dr. Winer for Apple, and Mr. Anders, Mr. Lucente, Mr. Mount, Mr. Sherman, and Mr. Sukumar for Samsung.[1] While Apple does not anticipate that all these experts would offer opinions, Apple believes the opinions offered by these experts previously may be relevant to the identity of the article of manufacture under the Court's four-factor test and that these experts should be allowed to update their opinions in order to tailor them to that test.

Samsung has rejected Apple's proposal and instead suggested that Apple should be limited to Mr. Bressler and Ms. Kare, its experts regarding the infringement of its design patents, and that Samsung be limited to Mr. Sherman and Mr. Lucente. Samsung has not offered any reason why the parties should be so limited or why these particular experts' opinions are any more relevant to identifying the article of manufacture under the Court's four-factor test than other experts who have offered opinions on, for example, the importance of design. However, if the Court agrees that the parties should be limited to experts who previously offered opinions regarding design patent infringement or validity, Apple respectfully requests leave to substitute a different expert for Mr. Bressler as Mr. Bressler is no longer available to Apple due to his work adverse to Apple in another litigation. Apple sought to avoid this conflict by asking the court in the other litigation not to permit Mr. Bressler to serve as an expert adverse to Apple in light of

---

[1] Samsung complains that Mr. Urbach's testimony was previously excluded, but the Court previously excluded Mr. Urbach's testimony because it was "not relevant to any legal issues" to be tried. Dkt. 1157 at 15. That finding has no bearing on whether Mr. Urbach's opinions may be relevant to the new issue of identifying the article of manufacture.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 11-CV-01846-LHK                    2

his prior engagement in this matter: Apple moved in March 2017 to disqualify Mr. Bressler and again in August 2017 to exclude Mr. Bressler from testifying, in both instances relying on Mr. Bressler's engagement agreement and explaining that Mr. Bressler could be asked to testify in a possible retrial on design patent damages. Nevertheless, both motions were denied, and despite Mr. Bressler's earlier representations that he would be willing to continue to work with Apple in this case notwithstanding his participation in the other matter, Mr. Bressler has since informed Apple that he is no longer available to work with Apple in this case or any other.

*Finally*, Apple does not understand Samsung's position that it cannot identify experts until after "seeing Apple's new expert reports." The Court's Scheduling Order requires that **both** parties disclose expert witnesses on December 15, 2017. *See* Dkt. 3536. At 10:00 pm this evening, Samsung informed Apple for the first time that it "reserves the right to rely on additional rebuttal experts" beyond those it discloses in accordance with the Court's Order. But such a reservation of rights is a direct contradiction of that Order and undermines the purpose of the disclosure deadline, which was to provide both parties with adequate notice of all experts who would be offering opinions in this phase of the case.

**Samsung's Position**: Samsung agrees that Court guidance is necessary to ensure that Samsung is able to present whatever experts are necessary to rebut Apple's opening case and to meet Samsung's own burdens of production. At the October 25, 2017 CMC, the Court asked the parties how many experts they anticipated calling at the new trial. Apple informed the Court that it expected to call three experts: Ms. Davis regarding damages, and "[t]wo people to talk about the article of manufacture. One to cover two of the patents, one to cover the graphic user interface patent." Oct. 25, 2017 Hearing Tr. at 39. At the earlier trial, Apple's expert Mr. Bressler addressed Apple's two hardware-design patents and its expert Ms. Kare addressed the graphical user interface patent, so Apple appeared to be referring to those experts, in addition to Ms. Davis, as the experts it would call. Samsung indicated that it similarly expected to call a damages expert and two design experts, as in the prior trial, and potentially an additional expert.

Now, however, Apple is seeking to expand the universe of its available experts in an arbitrary and self-serving way (specifically, by including brand value and trade-dress experts who did not previously testify on design-patent issues), while precluding Samsung from disclosing the rebuttal experts that it deems necessary after seeing Apple's reports. Apple's one-sided approach is not proper, and the Court should reject it.

*First*, Samsung has been willing to agree to several scenarios regarding the identification of new experts. The parties agree that new expert testimony is necessary. Nevertheless, in an effort to avoid unnecessary changes and disputes, Samsung proposed that the parties be limited to the experts who previously offered opinions on issues of design patents and damages: for Apple, Ms. Davis, Mr. Bressler, and Ms. Kare; and for Samsung, Mr. Wagner, Mr. Lucente and Mr. Sherman.

Apple rejected this proposal because it seeks to call experts who did not previously offer opinions on issues of design-patent infringement or damages. Specifically, in addition to Mr. Bressler, Ms. Kare, and Ms. Davis, Apple identified three other experts as prospective witnesses: Mr. Winer, Mr. Sood, and Mr. Urbach. None of these additional experts were previously disclosed as having expertise regarding design patents or damages. Mr. Winer previously testified "from a marketing perspective on the distinctiveness and fame of the Apple trade dress elements, and additionally on the infringement and dilution on the Apple brands from the infringed products." 2012 Trial Tr., Dkt. 1612 at 1497. Mr. Sood similarly submitted a report, but did not testify, regarding the general impact of design on consumer purchasing decisions and the purported impact on Apple's brand from Samsung's sale of products. Mr. Urbach, a museum curator, was offered to opine on the cultural significance of designs by Apple, and his opinions were excluded in the Court's *Daubert* ruling. Dkt. 1157 at 14-15.

If the Court permits Apple to call these additional experts — who did not previously offer any testimony regarding its design patents — then Samsung should be able to rely on whatever experts are necessary to respond to Apple's new expert opinions, whether the experts were disclosed previously by Samsung or not. Prior to seeing Apple's new expert reports, Samsung

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 11-CV-01846-LHK        4

cannot know whether its previously-disclosed experts will be the appropriate witnesses in rebuttal, or whether new experts will be better suited to address any new issues that Apple raises.[2]

*Second*, the Court previously ruled that no new damages experts could be brought to the 2013 and 2016 damages retrials because the law and facts remained unchanged, and allowing new experts or fact discovery would therefore unnecessarily "expand the scope of the damages retrial." Dkt. 3272 at 2. Now, however, there has been a change in controlling law. To the extent Apple asserts that the parties should be able to identify new experts regarding the identity of the relevant articles of manufacture but cannot offer new experts regarding the profits on those articles, that is an arbitrary distinction which the Court should reject. Without knowing what Apple's experts may say in their forthcoming expert reports, Samsung cannot yet determine whether it will need to identify an additional damages expert to address new issues with regard to the articles of manufacture.

*Finally,* Apple failed to disclose the issue of Mr. Bressler's conflict until late last night, despite having listed him in discussions as among its proposed shortlist of trial experts. It appears that counsel for Apple has known *since April*, if not earlier, that Mr. Bressler was retained as an expert witness adverse to Beats Electronics, an Apple subsidiary. *See* Daniel Siegal, *Beats Can't Bar Apple-Samsung Expert from Headphone Row*, Law360 (April 5, 2017), https://www.law360.com/articles/910306/beats-can-t-bar-apple-samsung-expert-from-headphone-row. The *Beats* case, however, involves different products and different legal issues from those presented in this case. Apple has not explained why Mr. Bressler's testimony in the *Beats* case prevents him from acting as Apple's expert in this case, or how it could create a disqualifying conflict. Apple also has not explained why it cannot waive any purported conflict if one exists. Moreover, the court in the *Beats* case has already ruled that Mr. Bressler's

---

[2] Samsung intends to disclose all of its known experts on December 15. However, if Apple brings in new experts or theories, Samsung reserves the right to rely on additional rebuttal experts.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 11-CV-01846-LHK                     5

involvement in that litigation does *not* conflict with his work in this case, finding that Beats had made "no showing that a cross examination in this case will impair Bressler's credibility in the Samsung case."[3] Mr. Bressler provided a sworn declaration in the *Beats* case stating that he is "comfortable testifying in this matter as well as in any potential retrial in the Apple v. Samsung Actions," and that he "d[id] not see any conflict in my doing so."[4]  In light of Mr. Bressler's sworn statements, Apple's new representation that he "is no longer available to work with Apple in this case or any other" should be given no weight, and the Court should not allow Apple to exploit its own handling of its relationship with Mr. Bressler as an excuse to replace him in this case.

Apple has not explained, in all events, why any such issues should preclude Samsung from calling and examining Mr. Bressler as a witness.  Samsung continues to conduct additional diligence in light of this newly disclosed issue.

**II.     Settlement and ADR**

The parties do not have any new progress to report regarding mediation or settlement.

---

[3] *See Jibe Audio, LLC, et al. v. Jimmy Iovine, et al.*, Los Angeles Superior Court Case No. BC533089, April 5, 2017 Order at 3, 5.  The court also found that Mr. Bressler had refuted the argument that "a vigorous cross examination here will lessen Bressler's interest in testifying for Apple in Samsung" because "Bressler is an experienced professional expert." *Id.* at 3.

[4] *See Jibe Audio*, Mar. 22, 2017 Declaration of Peter Bressler ¶¶ 15-16.  The court credited Mr. Bressler's testimony that "if it comes to pass that there is a need for me to work on any retrial in the *Apple v. Samsung* Actions, I would gladly do my best work on behalf of Apple." *Id.* ¶ 16; April 5, 2017 Order at 3.

Dated: November 21, 2017

By: /s/ *Mark D. Selwyn*

Attorneys for Plaintiff and Counterclaim-Defendant APPLE INC.

William F. Lee (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Mark D. Selwyn (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Erik J. Olson (CA SBN 175815)
ejolson@mofo.com
Nathan B. Sabri (CA SBN 252215)
nsabri@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

By: /s/ *Victoria F. Maroulis*

Attorneys for Defendants and Counterclaim-Plaintiffs SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS, AMERICA, LLC

QUINN EMANUEL URQUHART & SULLIVAN LLP

John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 11-CV-01846-LHK                         7

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 21, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Mark D. Selwyn*
Mark D. Selwyn