```
 1                 UNITED STATES DISTRICT COURT

 2               NORTHERN DISTRICT OF CALIFORNIA

 3                      SAN JOSE DIVISION

 4


 5

     APPLE INC., A CALIFORNIA      )  C-11-01846 LHK
 6   CORPORATION,                  )
                                   )  SAN JOSE, CALIFORNIA
 7                PLAINTIFF,       )
                                   )  NOVEMBER 30, 2017
 8           VS.                   )
                                   )  PAGES 1-28
 9   SAMSUNG ELECTRONICS CO., LTD.,)
     A KOREAN BUSINESS ENTITY;     )
10   SAMSUNG ELECTRONICS AMERICA,  )
     INC., A NEW YORK CORPORATION; )
11   SAMSUNG TELECOMMUNICATIONS    )
     AMERICA, LLC, A DELAWARE      )
12   LIMITED LIABILITY COMPANY,    )
                                   )
13                DEFENDANTS.      )
     _____ )

14

15

16               TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE LUCY H. KOH
17               UNITED STATES DISTRICT JUDGE

18

19

20             APPEARANCES ON NEXT PAGE

21

22

23   OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                 CERTIFICATE NUMBER 9595
24

25         PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED WITH COMPUTER
```

```
 1

 2        A P P E A R A N C E S:

 3     FOR PLAINTIFF          WILMER, CUTLER, PICKERING,
       APPLE:                 HALE AND DORR
 4                            BY:  WILLIAM F. LEE
                                   LAUREN B. FLETCHER
 5                                 SARAH R. FRAZIER
                              60 STATE STREET
 6                            BOSTON, MASSACHUSETTS  02109

 7                            BY:  MARK D. SELWYN
                              950 PAGE MILL ROAD
 8                            PALO ALTO, CALIFORNIA  94304

 9
                              MORRISON & FOERSTER
10                            BY:  ERIK OLSON
                              755 PAGE MILL ROAD
11                            PALO ALTO, CALIFORNIA  94304

12                            BY:  NATHAN B. SABRI
                              425 MARKET STREET, 32ND FLOOR
13                            SAN FRANCISCO, CALIFORNIA  94105

14

15     FOR DEFENDANT          QUINN, EMANUEL, URQUHART & SULLIVAN
       SAMSUNG:               BY:  VICTORIA F. MAROULIS
16                                 BRETT J. ARNOLD
                              555 TWIN DOLPHIN DRIVE
17                            SUITE 560
                              REDWOOD SHORES, CALIFORNIA  94065
18
                              BY:  CARL G. ANDERSON
19                            50 CALIFORNIA STREET, 22ND FLOOR
                              SAN FRANCISCO, CALIFORNIA  94111
20
                              BY:  BRETT DYLAN PROCTOR
21                            865 SOUTH FIGUEROA STREET, 10TH FLOOR
                              LOS ANGELES, CALIFORNIA  90017
22

23

24

25
```

```
 1      SAN JOSE, CALIFORNIA                    NOVEMBER 30, 2017

 2                      P R O C E E D I N G S

 3          (WHEREUPON, COURT CONVENED AT 1:38 P.M.)

 4              THE CLERK:  YOUR HONOR, CALLING CASE 11-CV-01846,

 5      APPLE, INC., VERSUS SAMSUNG ELECTRONICS.

 6          COUNSEL, PLEASE STATE YOUR APPEARANCES.

 7              MR. LEE:  GOOD AFTERNOON, YOUR HONOR.

 8          BILL LEE, MARK SELWYN, LAUREN FLETCHER, AND SARAH FRAZIER

 9      FROM WILMER, HALE FOR APPLE.

10              MR. OLSON:  GOOD MORNING, YOUR HONOR, OR GOOD

11      AFTERNOON.

12          ERIK OLSON AND NATE SABRI FROM MORRISON & FOERSTER ON

13      BEHALF OF APPLE.

14              MS. MAROULIS:  GOOD AFTERNOON, YOUR HONOR.

15          VICTORIA MAROULIS OF QUINN, EMANUEL ON BEHALF OF SAMSUNG,

16      AND WITH ME ARE MY COLLEAGUES CARL ANDERSON, DYLAN PROCTOR, AND

17      BRETT ARNOLD.

18              THE COURT:  OKAY.  GOOD AFTERNOON AND WELCOME.  YOU

19      SAID MR. ANDERSON, DYLAN ARNOLD -- I'M SORRY, I DIDN'T CATCH

20      EVERYONE'S NAME.

21              MS. MAROULIS:  YOUR HONOR, IT WAS DYLAN PROCTOR.

22              THE COURT:  OH, SORRY.

23              MS. MAROULIS:  AND BRETT ARNOLD.

24              THE COURT:  OKAY.  THANK YOU.

25          ALL RIGHT.  GOOD AFTERNOON AND WELCOME.  SO WE HAVE A FEW
```

1    ISSUES LEFT.

2         AS FAR AS THE DAMAGES EXPERT, THESE EXPERTS HAVE

3    PREVIOUSLY DEALT WITH CALCULATING SAMSUNG'S TOTAL PROFITS AND

4    DEDUCTIBLE EXPENSES, SO THOSE EXPERTS WILL NOT CHANGE.  IT WILL

5    CONTINUE TO BE MR. WAGNER AND MS. DAVIS.

6         NOW, ON THE ARTICLE OF MANUFACTURE -- SO IT SOUNDED LIKE

7    THE LAST TIME YOU WERE HERE, YOU THOUGHT, IN ADDITION TO THE

8    DAMAGES EXPERT, THERE WOULD BE TWO EXPERTS ON THE ARTICLE OF

9    MANUFACTURE, ONE ON THE -- ONE ON THE GUI PATENT, THE OTHER ON

10   THE OTHER TWO PATENTS.

11        I GUESS I'M UNCLEAR ON WHY WE CAN'T JUST KEEP THE

12   DECEMBER 15TH DEADLINE TO DISCLOSE THOSE TWO EXPERTS PER SIDE.

13             MS. MAROULIS:  YOUR HONOR, SAMSUNG'S POSITION IS THAT

14   DECEMBER 15TH COULD BE THE DATE OF DISCLOSURE.

15        BUT OUR POSITION IS ALSO THAT THE TWO DESIGN EXPERTS TO BE

16   CALLED SHOULD BE THE SAME DESIGN EXPERTS THAT THE PARTIES

17   PRESENTED IN THE 2012 TRIAL, NAMELY, MR. BRESSLER AND MS. KARE

18   FOR APPLE, AND MR. LUCENTE AND MR. SHERMAN FOR SAMSUNG.

19        OUR OBJECTION IS TO APPLE BRINGING IN NEW AND UNDISCLOSED

20   DESIGN EXPERTS FOR A NUMBER OF REASONS, INCLUDING THE FACT THAT

21   THIS CASE HAS ALREADY BEEN GOING ON, AND THE PARTIES --

22             THE COURT:  BUT YOU WANTED A NEW DAMAGES EXPERT.

23        I MEAN, EVERYONE IS JUST GAMING IT HERE, SO IT'S A LITTLE

24   FRUSTRATING, FRANKLY.  EVERYONE IS JUST GAMING IT TO TRY TO GET

25   A STRATEGIC ADVANTAGE.

1    YOUR ARGUMENTS ARE NOT CONSISTENT.  BOTH SIDES ARE NOT

2    INTERNALLY CONSISTENT.  WHERE YOU WANT THE SAME NUMBER BECAUSE

3    YOU THINK YOUR EXPERT IS BETTER THAN THE OTHER SIDE'S, YOU WANT

4    TO KEEP IT.  IF YOU DON'T, YOU WANT TO CHANGE IT.

5        YOU KNOW, I UNDERSTAND THAT -- IF APPLE FEELS LIKE THEY

6    HAVE A CONFLICT WITH ONE OF THEIR PREVIOUS EXPERTS, IT'S KIND

7    OF PROBLEMATIC FOR ME TO FORCE THEM TO KEEP SOMEBODY THAT'S

8    TESTIFIED AGAINST THEM.  I JUST THINK THAT'S --

9        MS. MAROULIS:  YOUR HONOR, WE HAVE A CONCERN ABOUT

10   THEM SWITCHING THE EXPERT.

11       FIRST OF ALL, THIS CONFLICT IS OF THEIR OWN DOING.

12   THEY'RE A SOPHISTICATED LITIGANT.  THEY HAVE CONTROL OVER THEIR

13   EXPERTS.  THEY ARE THE ONES WHO APPARENTLY, ACCORDING TO

14   MR. BRESSLER'S DECLARATION, TOLD HIM THAT HE WASN'T NEEDED IN

15   THE LAST TWO RETRIALS, WHILE AT THE SAME TIME TELLING THE COURT

16   AND US HE'S ON THEIR WITNESS LIST.  THEY HAVE CONTROL OF THE

17   EXPERTS.

18       AND THE EXPERT TESTIFIED UNDER OATH THAT HE IS ABLE AND

19   WILLING TO TESTIFY FOR APPLE IN THIS CASE, AND THE COURT IN THE

20   L.A. CASE CREDITED MR. BRESSLER, THAT HE'S A PROFESSIONAL AND

21   SHOULD BE ABLE TO DO THAT.

22       IT IS EXTREMELY PREJUDICIAL TO SAMSUNG IF THEY'RE ALLOWED

23   TO RUN AWAY FROM THE ADMISSIONS THAT THEY MADE IN THE PRIOR

24   TRIALS ABOUT THE SCOPE OF THE PATENT, WHICH IS ALL THE

25   PATENTS-IN-SUIT, WHICH IS GOING TO BE CORE TO THE FORTHCOMING

1    TRIAL.

2         SO THEY SHOULD NOT BE REWARDED FOR LETTING THIS CONFLICT

3    DEVELOP, NOT CONTROLLING IT, AND NOW BASICALLY USING IT AS A

4    WAY TO HAVE A BRAND NEW OPINION THAT WE'RE NOT GOING TO HAVE

5    INFORMATION ON.

6              THE COURT:  WELL, I THOUGHT THEY FILED TWO MOTIONS TO

7    TRY TO PREVENT MR. BRESSLER FROM TESTIFYING IN THAT OTHER CASE,

8    SO IT'S NOT AS IF THEY DIDN'T TRY.

9              MS. MAROULIS:  YOUR HONOR, YOU'RE CORRECT, THEY DID

10   FILE TWO MOTIONS.

11        HOWEVER, ACCORDING TO MR. BRESSLER --

12             THE COURT:  HOW MANY DO YOU WANT, THREE?  DO YOU WANT

13   FOUR?  I DON'T KNOW.  IF YOU FILE TWO MOTIONS AND YOU LOSE

14   BEFORE THAT JUDGE, I'M NOT SURE WHAT ELSE THEY COULD HAVE DONE.

15             MS. MAROULIS:  YOUR HONOR, WHAT THEY COULD HAVE DONE

16   IS -- ACCORDING TO MR. BRESSLER'S SWORN DECLARATION, THEY TOLD

17   HIM IN 2012 THAT THEY NO LONGER NEEDED HIS SERVICES.  THEY

18   ESSENTIALLY CUT HIM OFF.  THAT'S HIS DECLARATION.  WE'RE NOT

19   MAKING THIS UP.  THEY SAID, "LOOK, IT'S A DAMAGES TRIAL, WE

20   DON'T NEED YOU ANYMORE," AND HE CONSIDERED HIS ENGAGEMENT

21   TERMINATED.

22        SO THAT IS THE ISSUE WHERE THEY DID NOT --

23             THE COURT:  SO THEN HE WENT ADVERSE TO THEM IN

24   ANOTHER CASE.  SO I GUESS I DON'T SEE HOW THAT IS INCONSISTENT

25   WITH WHAT YOU'RE SAYING.  HE THOUGHT HE WAS NO LONGER WORKING

1    FOR APPLE, SO HE TOOK ON A JOB THAT WOULD BE ADVERSE TO APPLE.

2        SO I FIND IT -- IT WOULD BE PROBLEMATIC FOR ME TO FORCE

3    THEM TO TAKE AN EXPERT THAT THEY BELIEVE THEY HAVE A CONFLICT

4    WITH.  I UNDERSTAND YOU DISAGREE WITH THEIR VIEWPOINT, BUT I'M

5    NOT GOING TO -- I'M NOT GOING TO DO THAT.

6        SO LET'S MOVE ON.

7            MS. MAROULIS:  SURE.  A COUPLE OF THOUGHTS IN

8    RESPONSE IF I MAY.

9            THE COURT:  OKAY.

10            MS. MAROULIS:  ONE IS IF THEY GET TO SWITCH OUT

11    EXPERTS, SAMSUNG RESPECTFULLY REQUESTS THAT WE GET TO EITHER

12    SWITCH OR ADD ADDITIONAL EXPERTS FOR EITHER IDENTITY OR

13    CALCULATIONS OF ARTICLE OF MANUFACTURE.  IT'S ONLY FAIR THAT IF

14    ONE SIDE GETS TO BRING IN A NEW PERSON, WE CAN EITHER BRING

15    SOMEONE IN TO HELP MR. WAGNER OR TO HELP ONE OF OUR EXPERTS.

16            THE COURT:  NO, THE DAMAGES HAVEN'T -- THE

17    CALCULATIONS HAVEN'T CHANGED.  IT'S THE ARTICLE OF MANUFACTURE.

18    THAT'S WHAT'S NEW.  THAT'S WHAT'S NEW IS THE ARTICLE OF

19    MANUFACTURE.

20        SO I ACTUALLY DON'T THINK DOING THE CPA NUMBER CRUNCHING

21    ACCOUNTING HAS REALLY CHANGED, SO WAGNER AND DAVIS WILL REMAIN.

22        THE QUESTION IS -- I WOULD ACTUALLY BE OKAY IF YOU

23    WANTED -- IF BOTH SIDES WANTED TO GET TWO NEW EXPERTS ON

24    ARTICLE OF MANUFACTURE.  YOU ALL WERE NOT ADDRESSING THAT

25    QUESTION PREVIOUSLY.  IT'S A NEW ISSUE.  THERE'S A NEW TEST.

1    IF YOU BOTH WANTED TO JUST START FROM SCRATCH IN WHATEVER

2    EXPERTS YOU THOUGHT WERE MOST APPROPRIATE FOR ARTICLE OF

3    MANUFACTURE, THAT WOULD BE OKAY.  I WOULD JUST LIMIT YOU TO

4    TWO.  SO WE'D KEEP THE DAMAGES EXPERT AS IS, BUT AS FAR AS

5    ARTICLE OF MANUFACTURE, YOU EACH GET TO PICK TWO NEW EXPERTS.

6    THAT WOULD BE OKAY WITH ME.

7              MR. LEE:  THAT WOULD BE FINE WITH APPLE, YOUR HONOR.

8              MS. MAROULIS:  YOUR HONOR, WE ARE GOING TO RESERVE

9    THE RIGHT TO CALL MR. BRESSLER AND MS. KARE ADVERSELY, EITHER

10   IN PERSON OR BY DEPOSITION TESTIMONY.  IT IS VERY PREJUDICIAL

11   TO SAMSUNG TO HAVE THESE EXPERTS EXIT THE CASE AFTER GIVING ALL

12   THE RELEVANT TESTIMONY ABOUT THE SCOPE OF THE PATENT.  THE

13   COURT RELIED ON THEIR TESTIMONY IN REACHING THE ARTICLE OF

14   MANUFACTURE DECISION ON OCTOBER 22.

15       AND WE CAN BRIEF THIS SEPARATELY, BUT SAMSUNG HAS A RIGHT

16   TO THESE INDIVIDUALS' TESTIMONY.  IT WOULD LEAD TO A MUCH MORE

17   ORDERLY CASE.

18       AND THERE'S LOTS OF AUTHORITY THAT ONCE THE CASE IS

19   STARTED, THE OTHER SIDE GETS TO CALL THE EXPERTS BECAUSE THEY

20   ALREADY ARE THE PARTY EXPERTS AND THEY HAVE MADE CERTAIN

21   ADMISSIONS AND THE PARTIES AVAIL TO THOSE ADMISSIONS.

22       SO IF APPLE WANTS TO BRING IN TWO NEW ARTICLE OF

23   MANUFACTURE EXPERTS, WE WOULD LIKE TO RESERVE OUR RIGHTS TO

24   CALL THESE OTHER EXPERTS, BRESSLER AND KARE, ADVERSELY EITHER

25   BY DEPOSITION OR TRIAL.

```
1              THE COURT:  WHAT'S YOUR RESPONSE TO THAT?

2              MR. LEE:  YOUR HONOR, I'M NOT GOING TO RESPOND TO THE

3       THINGS THAT I THINK HAVE PASSED.

4          TO ANSWER YOUR HONOR'S FIRST QUESTION, THOUGH, ON

5       DECEMBER 15TH, I THINK WE DISCLOSE BY DECEMBER 15TH.

6          ON THE CROSS-EXAMINATION OF BRESSLER -- THE

7       CROSS-EXAMINATION OF ANY NEW EXPERTS WITH BRESSLER AND KARE,

8       I'M NOT SURE WHAT MS. MAROULIS HAS IN MIND.  IF THERE ARE

9       SPECIFIC THINGS -- REMEMBERING THAT NEITHER OF THEM TESTIFIED

10      TO ARTICLE OF MANUFACTURE BEFORE, BOTH OF THEM TESTIFIED TO

11      DIFFERENT ISSUES -- IF THERE ARE SPECIFIC THINGS THAT THEY

12      THINK THAT MR. BRESSLER, SINCE HE'S THE FOCUS BECAUSE OF THE

13      CONFLICT, TESTIFIED TO BEFORE AND THEY THINK THAT THEY SHOULD

14      BE ABLE TO CROSS-EXAMINE WHOEVER WE PUT ON THE STAND WITH THAT,

15      I CAN IMAGINE SOME CIRCUMSTANCES WHERE WE'LL SAY, "YEAH, THAT'S

16      OKAY."

17          I THINK JUST READING HIS TESTIMONY AND OTHER ISSUES, WE

18      WOULD SAY, "NO, WE OBJECT."

19          SO I THINK IT'S A LONG-WINDED WAY OF SAYING IF THEY COULD

20      TELL US SPECIFICALLY WHAT THEY HAVE IN MIND, WE OUGHT TO BE

21      ABLE TO WORK TOGETHER TO FIGURE OUT IF THERE IS SOME LEGITIMATE

22      RANGE OF THINGS THAT WE CAN ADDRESS.

23              THE COURT:  SO IT SOUNDS LIKE YOU ARE FINE WITH

24      WHOEVER YOU SELECT AS AN EXPERT BEING IMPEACHED WITH THE

25      TESTIMONY OF YOUR PREVIOUS EXPERTS FROM THE PREVIOUS TRIAL.
```

```
1      THAT SOUNDS REASONABLE.
2               MR. LEE:  IF IT GOES BOTH WAYS.
3               THE COURT:  OH, IT WOULD GO BOTH WAYS.  IT WOULD GO
4      BOTH WAYS.
5               MR. LEE:  I THINK THAT IF IT GOES BOTH WAYS AND THERE
6      IS A STATEMENT THAT WOULD IMPEACH, YOU CAN -- A QUESTION WHICH
7      IS, "APPLE HAD A WITNESS WHO TESTIFIED IN OTHER ANOTHER
8      PROCEEDING, HE OR SHE SAID X, DO YOU DISAGREE?"  I THINK IF IT
9      GOES BOTH WAYS --
10              THE COURT:  IT WOULD GO BOTH WAYS.
11              MR. LEE:  -- IT'S FAIR.
12              MS. MAROULIS:  YOUR HONOR, WE STILL WOULD LIKE TO
13     TAKE DEPOSITIONS OF MR. BRESSLER AND MS. KARE BECAUSE THIS
14     IMPEACHMENT THAT COUNSEL PROPOSES, WHILE IT'S A FIRST STEP,
15     IT'S NOT GOING TO BE SUFFICIENT BECAUSE THE NEW EXPERTS WILL BE
16     ABLE TO PUT ON GLOSS OR INTERPRETATION ON THESE STATEMENTS,
17     WHEREAS MR. BRESSLER AND MS. KARE, WHO MADE THOSE STATEMENTS,
18     THOSE ADMISSIONS, ARE --
19              THE COURT:  I'M NOT GOING TO HAVE DEPOSITIONS IN THIS
20     CASE JUST SO YOU CAN CREATE INCONSISTENT STATEMENTS.  I MEAN,
21     IF THOSE ARE NOT THE WITNESSES AT TRIAL, I THINK YOU'RE STUCK
22     WITH WHATEVER -- YOU PREVIOUSLY DEPOSED ALL OF THESE PEOPLE,
23     RIGHT?
24              MR. LEE:  RIGHT.
25              THE COURT:  SO YOU ALREADY HAVE DEPOSITION TESTIMONY.
```

1    YOU ALREADY HAVE TRIAL TESTIMONY.  SO YOU CAN USE THAT TO

2    IMPEACH.

3         BUT I'M NOT GOING TO SET UP A WHOLE DEPOSITION SCHEDULE

4    JUST FOR YOU TO CREATE NEW STATEMENTS FOR YOU TO USE TO IMPEACH

5    AT THIS TRIAL.

6         MS. MAROULIS:  YOUR HONOR, WOULD YOU ALLOW US TO READ

7    RESPONSIVE TESTIMONY OF MR. BRESSLER AND MS. KARE?  BECAUSE

8    OBVIOUSLY THE TRIAL TESTIMONY WAS NOT VIDEOTAPED.

9         THE COURT:  NO.  YOU CAN USE IT AS IMPEACHMENT.  SO

10   JUST LIKE A DEPOSITION TESTIMONY OF ANY WITNESS, YOU CAN SAY --

11   YOU CAN CROSS THEM WITH THE DEPOSITION TESTIMONY.

12        MS. MAROULIS:  YOUR HONOR, MAY WE BRIEF THIS ISSUE?

13   BECAUSE IT'S A VERY SIGNIFICANT ISSUE FOR SAMSUNG.

14        THE COURT:  NO.  NO.

15        MS. MAROULIS:  UNDERSTOOD.

16        THE COURT:  NO.

17        MS. MAROULIS:  LET ME ADDRESS ANOTHER ISSUE THAT,

18   BEFORE WE WENT TO THE BRESSLER TESTIMONY, WHICH IS YOUR HONOR

19   SAID THAT APPLE CAN BRING IN TWO NEW -- OR THE PARTIES CAN

20   BRING IN NEW EXPERTS ON THE IDENTITY OF ARTICLE OF MANUFACTURE.

21        IT IS ALSO THE CASE THAT THE CALCULATION OF THE ARTICLE OF

22   MANUFACTURE UNDER THE NEW TEST HAS NOT BEEN PREVIOUSLY A

23   SUBJECT MATTER OF EXPERT TESTIMONY.  SO IT'S NOT A QUESTION,

24   FOR EXAMPLE, LIKE SAY UTILITY REASONABLE ROYALTY WHERE WE HAVE

25   TESTIMONY ALREADY BY MR. WAGNER AND MS. DAVIS.

1    SO WE WOULD ASK THE COURT'S PERMISSION THAT ONE OF OUR TWO

2    NEW EXPERTS THAT THE COURT IS GIVING THE PARTIES BE ABLE TO

3    APPLY TO THE CALCULATIONS OF ARTICLE OF MANUFACTURE AND NO

4    OTHER ISSUES ON DAMAGES.

5         THE COURT:  SO WHEN YOU ALL WERE HERE BACK ON

6    OCTOBER 25TH OF 2017, BOTH SIDES WERE IN AGREEMENT THAT AT MOST

7    YOU WOULD NEED TWO TO THREE EXPERTS.  YOU EACH THOUGHT YOU

8    WOULD NEED ONE DAMAGES EXPERT TO DO THE CALCULATIONS AND THEN

9    YOU WOULD NEED TWO ARTICLE OF MANUFACTURE EXPERTS.

10    SO I'M A LITTLE BIT UNCLEAR.  ARE YOU NOW SAYING YOU NEED

11    A THIRD ONE TO SUPPLEMENT MR. WAGNER?  OR YOU'RE SAYING YOU'RE

12    ONLY GOING TO HAVE ONE ARTICLE OF MANUFACTURE EXPERT AND THEN

13    YOU WANT YOUR ADDITIONAL EXPERT TO BE A SUPPLEMENT TO

14    MR. WAGNER?

15         MS. MAROULIS:  YOUR HONOR, BECAUSE WE GO SECOND IN

16    TERMS OF EXPERT REPORTS, WE'D LIKE TO HAVE ANOTHER EXPERT WHO

17    EITHER COULD ASSIST THE ARTICLE OF MANUFACTURE IDENTITY EXPERTS

18    OR MR. WAGNER JUST AS TO THE CALCULATIONS OF ARTICLE OF

19    MANUFACTURE.

20    IT IS DIFFICULT TO SAY WHO THAT IS, BUT I BELIEVE LAST

21    TIME I STOOD BEFORE YOU LAST HEARING, I SAID IT'LL BE THE TWO

22    DESIGN EXPERTS, MR. WAGNER, AND POTENTIALLY ANOTHER EXPERT.  SO

23    THAT EXPERT COULD GO EITHER TO ONE OR THE OTHER.

24    BUT TO THE EXTENT -- IF APPLE IS ALLOWED TO BRING IN NEW

25    PEOPLE WHO WE DON'T KNOW WHO THEY ARE, WE NEVER HEARD OF THEM,

1    WE DON'T KNOW WHAT THE SPECIALTY IS AND THE SUBJECT OF

2    EXPERTISE, IT WOULD BE VERY HELPFUL FOR US TO HAVE AN EXTRA

3    EXPERT.

4              THE COURT:  OKAY.  LET ME JUST READ FROM THE LAST

5    HEARING.  SO THIS IS STARTING FROM PAGE 13, LINE 6, AND THIS IS

6    THE COURT:  "HOW MANY EXPERTS DO YOU THINK YOU WILL NEED?

7         "MR. LEE:  IF I WERE TO BET, TWO OR THREE.

8         "MS. MAROULIS:  THAT SOUNDS ABOUT RIGHT, YOUR HONOR.

9         "THE COURT:  OKAY.  SO WHAT ARE THEY GOING TO BE, LIKE A

10    CONSUMER SURVEY EXPERT AND --

11         "MR. LEE:  I THINK, IF I WERE TO PREDICT --

12         "THE COURT:  YEAH.

13         "MR. LEE:  -- THERE WOULD PROBABLY BE TWO PEOPLE TO TALK

14    ABOUT THE ARTICLE OF MANUFACTURE.

15         "THE COURT:  OKAY.

16         "MR. LEE:  ONE TO COVER TWO OF THE PATENTS, ONE TO COVER

17    THE GRAPHIC USER INTERFACE PATENT.

18         "THE COURT:  OKAY.

19         "MR. LEE:  AND THEN THE DAMAGES PERSON, I MEAN, I -- IT'S

20    MR. WAGNER, IT'S GOING TO BE MS. DAVIS, BECAUSE A SUBSTANTIAL

21    PORTION OF WHAT THEY'RE GOING TO TESTIFY TO, THEY'VE TESTIFIED

22    TO BEFORE.  THERE'S JUST GOING TO BE SOME VARIATION TO ADDRESS

23    THE NEW ISSUES.

24         "THE COURT:  IS THAT CORRECT?

25         "MS. MAROULIS:  YOUR HONOR, WE ANTICIPATE DESIGN PATENT

1    EXPERTS TO TALK ABOUT THE ARTICLE OF MANUFACTURE AND DAMAGE

2    EXPERT, AND THERE MAY BE SOMEBODY ELSE, BUT I CAN'T THINK OF IT

3    RIGHT NOW.

4         "SO I THINK TWO TO THREE EXPERTS IS LIKELY.

5         "THE COURT:  THAT'S ABOUT RIGHT?

6         "MS. MAROULIS:  THAT'S ABOUT RIGHT."

7         TWO TO THREE EXPERTS.  SO NOW IT SOUNDS LIKE YOU'RE

8    SAYING, NO, YOU THINK IT'S GOING TO BE FOUR OR FIVE.

9              MS. MAROULIS:  IT'S NOT GOING TO BE FOUR OR FIVE,

10   YOUR HONOR.  I THINK WHEN I SAID TWO OR THREE, I WASN'T -- I

11   SAID TWO DESIGN EXPERTS, A DAMAGES EXPERT, POTENTIALLY ANOTHER

12   EXPERT.  SO IT WILL BE FOUR TOTAL AS OPPOSED TO FIVE.

13             THE COURT:  AND WHAT IS THE BREAKDOWN?  YOU WANT

14   TO -- BASICALLY YOU ARE NOT COMFORTABLE WITH JUST MR. WAGNER.

15   YOU FEEL LIKE HE NEEDS TO BE SUPPLEMENTED, SO YOU WANT ANOTHER

16   DAMAGES EXPERT.  I JUST WANT TO TRY TO BOIL THIS DOWN TO

17   UNDERSTAND WHAT THE DISPUTE IS.

18             MS. MAROULIS:  YOUR HONOR, IF I HAD TO DO IT RIGHT

19   NOW WITHOUT LOOKING AT APPLE'S REPORTS, WHICH WE HAVEN'T HAD,

20   THEN WE'D SAY WE'D LIKE TO HAVE AN EXTRA EXPERT TO ASSIST

21   MR. WAGNER WITH THE CALCULATIONS OF ARTICLE OF MANUFACTURE.

22        IF WE GET REPORTS FROM APPLE THAT COVER COMPLETE DIFFERENT

23   ISSUES, WE MAY HAVE THAT PERSON DO BOTH, IDENTITY AND

24   CALCULATIONS.

25             BUT IF WE HAVE TO DO IT RIGHT NOW, I WOULD SAY THAT THAT

1    PERSON WOULD GO TO THE ARTICLE OF MANUFACTURE ISSUES, THE

2    CALCULATION.

3         MR. LEE:  IF I COULD, YOUR HONOR?

4         I CAN TELL YOU THAT -- I CAN REPRESENT NOW THAT IN TERMS

5    OF GIVING AN OPINION ON THE QUANTITATIVE PROCESS ON OUR ARTICLE

6    OF MANUFACTURE, THAT WOULD BE MS. DAVIS, AS BEFORE.

7         THE PERSON WHO WILL TESTIFY TO REASONABLE ROYALTY WILL BE

8    MS. DAVIS, AS SHE DID BEFORE.

9         AND THE PERSON WHO WILL DO THE ADDITIONAL COMPUTATION,

10   BECAUSE THAT'S ALL IT IS, ON THE TOTAL PROFITS ON WHATEVER

11   ARTICLE OF MANUFACTURE SAMSUNG IDENTIFIES WILL BE MS. DAVIS.

12        AND SO THE STARTING POINT THAT YOUR HONOR HAD I THINK AT

13   THE BEGINNING OF THE HEARING, WHICH IS AS TO THE CPA'S OR THE

14   ECONOMISTS, THE PEOPLE WHO ARE GOING TO GIVE THE JURY THE

15   COMPUTATIONS AND THE NUMBERS, THAT SHOULD BE MS. DAVIS AND

16   MR. WAGNER AND THAT'S WHAT AT LEAST I ANTICIPATED AT THE LAST

17   HEARING.

18        THERE IS NO REASON THAT BOTH OF THEM CAN'T DO THIS

19   ADDITIONAL COMPUTATION.

20        WHAT WILL HAPPEN NOW IS WE WILL PROVIDE A REPORT FIRST ON

21   MS. DAVIS, BUT GIVEN YOUR HONOR'S ALLOCATIONS OF THE BURDEN, WE

22   WILL BE GIVING A TOTAL PROFIT NUMBER ON THE ARTICLE OF

23   MANUFACTURE, WHICH IS THE PHONE.

24        AT THAT POINT IN TIME, SAMSUNG WILL HAVE TO COME BACK WITH

25   ITS REBUTTAL REPORTS THAT SAY, "NO, WE SAY THE ARTICLE OF

1    MANUFACTURE IS X, AND HERE IS THE COMPUTATION."

2         AND WE HAD THE DISCUSSION WITH YOUR HONOR ABOUT WHY WE

3    WOULD NEED REPLY REPORTS IN THIS CASE.  IT'S SO THAT WE CAN

4    THEN RESPOND AND SAY, "WELL, IF THAT'S YOUR ARTICLE OF

5    MANUFACTURE, HERE IS THE CORRECT COMPUTATION."  THAT WOULD BE

6    MS. DAVIS.

7         SO THERE'S NO REASON FOR EITHER OF US TO REPLACE MS. DAVIS

8    OR MR. WAGNER.  THERE'S NO REASON THEY CAN'T DO THE

9    COMPUTATION.

10        THE ONLY REASON WE'RE -- EVEN THOUGH ARTICLE OF

11   MANUFACTURE IS NEW, AS YOUR HONOR SAYS, THE REASON THAT WE'RE

12   ADDRESSING THE NEED FOR NEW EXPERTS IS BECAUSE MR. BRESSLER IS

13   NOT AVAILABLE TO US.

14        AND JUST TO CORRECT TWO THINGS, BECAUSE IT MAY BE RELEVANT

15   TO THIS DISCUSSION, THE SUPERIOR COURT ENTERED AN ORDER ON

16   SEPTEMBER 17TH ON THE THIRD MOTION THAT ADDRESSES MR. BRESSLER,

17   AND WHAT THE SUPERIOR COURT SAID AT THE END, AT THE END -- AND

18   I'M HAPPY TO GIVE YOUR HONOR A COPY IF YOU'D LIKE -- IS

19   WHATEVER HAS HAPPENED BEFORE, MR. BRESSLER HAS NOW SAID HE WILL

20   NOT TESTIFY FOR APPLE IN THE APPLE/SAMSUNG RETRIAL, AND SHE

21   GOES ON TO SAY THE FOLLOWING:  IF MR. BRESSLER -- IF BRESSLER

22   DOES INDEED REFUSE TO TESTIFY -- WHICH SHE JUST FOUND THAT HE

23   DID -- THIS COULD VERY WELL QUALIFY AS EXTRAORDINARY

24   CIRCUMSTANCES THAT THE DISTRICT COURT, IN YOUR HONOR'S ORDER,

25   WOULD FIND WARRANT SUBSTITUTION OF EXPERTS.

1    SO THEY -- THE PLACE THAT WE'RE AT THAT REQUIRED US TO

2    BRING THIS TO YOU WAS THIS THIRD ORDER AND THE THIRD MOTION

3    WHERE MR. BRESSLER SAID, "I WILL NOT TESTIFY IN THIS CASE FOR

4    APPLE."  THAT'S WHAT REQUIRED US TO SEEK SUBSTITUTION OF

5    MR. BRESSLER.

6         I THINK THE PROPOSAL THAT YOUR HONOR HAS ARTICULATED,

7    WHICH IS ONE OR TWO EXPERTS ON THE ARTICLE OF MANUFACTURE,

8    WHICH IS THE NEW THING IN THIS CASE, AND THEN COMPUTATIONS BY

9    MS. DAVIS AND MR. WAGNER IS THE RIGHT RESOLUTION.

10        THE ONLY REASON TO SEPARATE THE COMPUTATIONS MR. WAGNER

11   HAS DONE BEFORE ON A REASONABLE ROYALTY OR A TOTAL PROFITS OF

12   THE ENTIRE PHONES FROM AN EXPERT -- WHO'S NOT GOING TO HELP,

13   THEY'RE GOING TO GIVE A COMPUTATION JUST ON THE TOTAL PROFITS

14   ON THE ARTICLE OF MANUFACTURE -- IS TO IMMUNIZE THAT SECOND

15   WITNESS FROM THE THINGS THAT MR. WAGNER HAS ALREADY SAID THAT

16   WOULD BE A PROBLEM FOR THAT COMPUTATION.

17        AND THAT'S WHY WE THINK IT'S IMPORTANT FOR BOTH OF US, FOR

18   MS. DAVIS AND MR. WAGNER, WHO ARE GIVING THE NUMBERS THE JURY

19   IS GOING TO HAVE TO PICK FROM, OR AT LEAST USE THEM -- USE TO

20   GUIDE THEIR SELECTION, THAT THEY BE -- THAT THEY TESTIFY AND

21   THAT THEY BE THE ONLY EXPERTS WHO TESTIFY.

22        MS. MAROULIS:  YOUR HONOR, WE OBVIOUSLY DISAGREE WITH

23   THAT LAST STATEMENT BECAUSE THE CALCULATIONS ON THE ARTICLE OF

24   MANUFACTURE ACCORDING TO SAMSUNG'S THEORY HAVE NOT BEEN DONE.

25        SO IT'S NOT THE ISSUE OF MR. WAGNER BEING SADDLED WITH

1    CERTAIN OPINIONS, BECAUSE NO ONE HAS DONE THAT IN THIS CASE.

2    THIS IS BRAND NEW UNDER THE ORDER.

3        IT IS CONCERNING THAT APPLE IS BEING ABLE TO RUN AWAY FROM

4    THEIR DESIGN PATENT OPINIONS BY BASICALLY --

5            THE COURT:  THEY'RE NOT.  YOU CAN CROSS-EXAMINE THEM

6    ON EVERYTHING, THE PRIOR EXPERT REPORTS, THE PRIOR DEPOSITION

7    TESTIMONY, THE PRIOR TRIAL TESTIMONY.  YOU CAN IMPEACH THEM

8    WITH THAT DURING CROSS-EXAMINATION.  THEY WILL NOT BE ABLE TO

9    RUN AWAY WITH THAT.

10           MS. MAROULIS:  I UNDERSTAND, YOUR HONOR.

11       WE'RE VERY CONCERNED BECAUSE MR. BRESSLER'S TESTIMONY WAS

12   ADDRESSED BY THIS COURT IN THE SUCCESSIVE BRIEFINGS AND IT IS

13   PART OF THIS CASE RECORD.  HIS TESTIMONY ON THIS SCOPE OF THE

14   PATENT IS EXTREMELY IMPORTANT IN THIS CASE, AND APPLE NOW CAN

15   GO AND DISTANCE ITSELF FROM THAT TESTIMONY BY PICKING A NEW

16   PERSON WHO THEN CAN EXPLAIN THINGS AWAY AND SAY, "OH, I'M NOT

17   SURE WHAT MR. BRESSLER MEANT HERE OR HOW THIS RELATES TO THE

18   CASE."

19       SO, AGAIN, WE RENEW OUR REQUEST TO BE ABLE TO BRING

20   MR. BRESSLER EITHER BY READING HIS TESTIMONY IN, OR BY DEPOSING

21   HIM AND PLAYING THE DEPOSITION TAPE.

22           MR. LEE:  YOUR HONOR, WE'RE GOING OVER THE SAME --

23           THE COURT:  I'M SORRY.  I'VE ALREADY ISSUED A RULING

24   ON THIS.

25       THAT'S WHAT MAKES THIS CASE LESS THAN IDEAL.  WE JUST

1    TREAD THE SAME GROUND OVER AND OVER AGAIN.  I'M SORRY, BUT I'VE

2    ALREADY ISSUED A RULING ON THAT.

3         COULD WE MOVE ON TO ANOTHER TOPIC, PLEASE?  IF YOU WANT TO

4    SAY IT ONE MORE TIME, GO AHEAD AND SAY IT ONE MORE TIME.  YOU

5    WANT TO TAKE HIS DEPOSITION -- WHATEVER YOU NEED, DO IT ONE

6    MORE TIME AND THEN I WOULD LIKE TO MOVE ON.

7         MS. MAROULIS:  IT'S ALL RIGHT, YOUR HONOR.  WE CAN

8    MOVE ON FROM THE SUBJECT.

9         SO TO COMPLETE THE DISCUSSION ON THE NUMBER OF EXPERTS, WE

10   RESPECTFULLY REQUEST THAT WE CAN PRESENT AN EXTRA EXPERT WHO

11   WILL BE OPINING ON THE CALCULATIONS OF THE ARTICLE OF

12   MANUFACTURE.

13        THE COURT:  NO.  I'M SORRY.  I'VE ALREADY RULED ON

14   THAT, TOO.

15        MS. MAROULIS:  I UNDERSTAND.

16        THE COURT:  THERE'S NO REASON FOR THE DAMAGES EXPERTS

17   TO CHANGE.  THEY'RE DOING CALCULATIONS -- THEY'VE ALREADY

18   CALCULATED REASONABLE ROYALTY, TOTAL PROFITS.  OKAY?  THE CPA,

19   ECONOMIC COMPUTATIONS, CALCULATIONS, I DON'T SEE ANY REASON FOR

20   THAT TO CHANGE.

21        THE ARTICLE OF MANUFACTURE, THAT IS NEW AND THAT WAS NOT

22   PART OF THE PREVIOUS TWO TRIALS.  THAT IS NOT WHAT YOU ALL WERE

23   ADDRESSING.  AND SO THAT'S WHY I FEEL THAT BOTH SIDES, IF YOU

24   FELT IT NECESSARY -- AND YOU MAY NOT, YOU MAY NOT, YOU MAY BE

25   VERY HAPPY WITH THE EXPERTS YOU ALREADY HAVE -- I THOUGHT IF

1    YOU WANTED SOMEONE ELSE, THAT'S A NEW ISSUE, THEN I WOULD GIVE

2    YOU THE OPPORTUNITY TO GET SOMEONE ELSE IF YOU WANTED SOMEONE

3    ELSE, BECAUSE THIS IS A NEW ISSUE THAT WAS NOT PREVIOUSLY

4    ADDRESSED.

5        SO I WILL GIVE TWO NEW EXPERTS IF YOU WANT -- OR IF YOU'RE

6    SATISFIED WITH WHO YOU HAVE, PLEASE CONTINUE TO USE THEM -- TWO

7    EXPERTS ON ARTICLE OF MANUFACTURE, ONE EXPERT FOR DAMAGES.  AND

8    THEY'LL BE DISCLOSED ON DECEMBER 15TH.

9        MS. MAROULIS:  THANK YOU, YOUR HONOR.

10        THE COURT:  ALL RIGHT.  IS THERE ANYTHING ELSE?

11    SHOULD WE SET ANY FURTHER -- LET'S LOOK AT THE CASE SCHEDULE.

12        SHOULD WE SET ANY FURTHER COURT -- I MEAN, WE ALREADY HAVE

13    A HEARING ON DISPOSITIVE MOTIONS AND DAUBERT MOTIONS ON

14    MARCH 29TH OF 2018.  IF YOU THOUGHT IT WAS NECESSARY TO COME IN

15    BEFORE THEN, WE CAN.  OTHERWISE I'LL JUST CONTINUE THE CASE

16    MANAGEMENT CONFERENCE TO THAT DATE.

17        WHAT WOULD YOU LIKE?

18        MR. LEE:  YOUR HONOR, I THINK IT'S FINE TO CONTINUE

19    TO THAT DATE.

20        IT MAY BE, IF WE HAVE -- WE FILED -- WE SUBMITTED -- OR WE

21    SERVED ON EACH OTHER RESPONSES TO THE WRITTEN DISCOVERY JUST

22    LAST EVENING AND IDENTIFIED THE IDENTIFICATION OF PEOPLE WHO

23    MIGHT HAVE SOME INFORMATION.  SAMSUNG IDENTIFIED 14 PEOPLE WHO

24    WILL BE MOST KNOWLEDGEABLE.

25        I THINK YOUR HONOR KNOWS DISCOVERY ENDS ON DECEMBER 15TH.

1    I'VE PROPOSED TO MS. MAROULIS -- BUT JUST BEFORE THE HEARING

2    STARTED, NOT UNTIL THEN SINCE WE DIDN'T GET THE NAMES UNTIL

3    LAST NIGHT -- THAT WE TRY TO REACH AN AGREEMENT THAT, FROM THIS

4    LIST OF PEOPLE, THEY IDENTIFY THE PEOPLE WHO ARE GOING TO

5    TESTIFY AT TRIAL AND WE'LL TRY TO DEPOSE THEM BY DECEMBER 15TH,

6    UNDERSTANDING THAT IF, IN GOOD FAITH AT SOME POINT IN TIME DOWN

7    THE ROAD, THEY DECIDE THAT ONE PERSON WHO HAD NOT BEEN

8    IDENTIFIED NEEDS TO TESTIFY AT TRIAL, WE'LL DEPOSE THEM AT THAT

9    TIME BEFORE THE TRIAL.

10       BUT IN FAIRNESS, I JUST MADE THIS SUGGESTION BEFOREHAND.

11   I THINK THEY NEED SOME TIME TO CONSIDER IT.

12       MS. MAROULIS:  THAT'S CORRECT, YOUR HONOR.  I TOLD

13   MR. LEE THAT WE WILL DISCUSS INTERNALLY AND WE CAN DISCUSS AND

14   RESOLVE THE ISSUES.

15       THE COURT:  SO HOW MANY EXPERTS DID APPLE -- OR I'M

16   SORRY.  THESE ARE JUST -- ARE THESE 30(B)(6), OR WHAT KIND OF

17   WITNESSES ARE THEY?

18       MS. MAROULIS:  YOUR HONOR, APPLE SERVED A 30(B)(6)

19   NOTICE ON US AND WE DISCLOSED FOUR DEPONENTS THAT WILL BE

20   ADDRESSING THOSE TOPICS.

21       WE SERVED A 30(B)(6) NOTICE ON APPLE.  THEY HAVE NOT YET

22   IDENTIFIED ANY WITNESSES, BUT MR. LEE EXPECTS IT TO BE ABOUT

23   THREE.

24       MR. LEE:  ABOUT THREE.

25       THE COURT:  OKAY.  AND I'M SORRY THEN.  THOSE ARE,

1        YOU SAID, 14 IN ADDITION TO THE FOUR?

2                MR. LEE:  YEAH.  THERE WERE -- SAMSUNG IDENTIFIED TWO

3        SETS OF PEOPLE, YOUR HONOR.  IN RESPONSE TO INTERROGATORY

4        NUMBER 8, THEY IDENTIFIED 14 PEOPLE DESCRIBED AS MOST

5        KNOWLEDGEABLE.

6            IN RESPONSE TO INTERROGATORY NUMBER 9, THEY IDENTIFIED 105

7        ADDITIONAL PEOPLE.

8                THE COURT:  105?

9                MR. LEE:  105 ADDITIONAL PEOPLE WHO MIGHT HAVE SOME

10       KNOWLEDGE OR INFORMATION.

11           THERE'S NO WAY WE'RE GOING TO DEPOSE 105.  MANY OF THEM

12       HAVE BEEN DEPOSED BEFORE.

13           SO I'M FOCUSSING ON THE 14 THAT WERE IDENTIFIED IN

14       RESPONSE TO INTERROGATORY NUMBER 8.

15           FOUR OF THEM ARE GOING TO BE 30(B)(6) DESIGNEES.  I THINK

16       WE AGREED UPON THAT.

17           THERE ARE TEN IN ADDITION.  OF THAT TEN, I THINK ABOUT

18       SEVEN OR EIGHT ARE COMPLETELY NEW TO THE CASE, AT LEAST AS FAR

19       AS WE CAN TELL.

20           AND SO THE PROPOSAL THAT WE MADE WAS, FROM THAT GROUP OF

21       NEW FOLKS WHO ARE NOT 30(B)(6), FROM THAT GROUP OF TEN, JUST

22       TELL US WHO YOU, IN GOOD FAITH, THINK MAY TESTIFY AT THE TRIAL

23       AND WE'LL DEPOSE THEM BEFORE THE 15TH OF DECEMBER.  AND

24       THAT'S --

25                THE COURT:  I'M SORRY.  I THINK I MISSED IT.  ARE THE

```
1          FOUR 30(B)(6) WITHIN THE 14 PMK'S?

2                    MS. MAROULIS:  THEY ARE, YOUR HONOR.

3                    MR. LEE:  YES.

4                    THE COURT:  THEY ARE.  OKAY.

5                    MR. LEE:  SO THERE ARE TEN IN ADDITION.

6                    THE COURT:  RIGHT.

7                    MR. LEE:  SO WE'RE FOCUSSING ON THE TEN.

8                    MS. MAROULIS:  YOUR HONOR, TO EXPLAIN, WE LISTED

9          PEOPLE WITH KNOWLEDGE WHO WE SPECIFICALLY SAID IN OUR RESPONSE

10         THAT THESE INDIVIDUALS HAVE KNOWLEDGE, AND THAT INTERROGATORY

11         CALLED FOR ANYONE ON THE WITNESS LIST FROM THE PRIOR TRIAL WHO

12         HAD KNOWLEDGE, WHICH IS WHY THE NUMBERS ARE LARGE.

13             BUT WE'RE CERTAINLY GOING TO TALK WITH MR. LEE --

14                   THE COURT:  ARE YOU TALKING ABOUT THE 105 THAT YOU

15         IDENTIFIED OR THE 14?

16                   MS. MAROULIS:  THE 105, BECAUSE THE INTERROGATORY WAS

17         ANYONE ON YOUR PRIOR DISCLOSURE THAT HAS ANY KNOWLEDGE, AND

18         IT'S A VERY BROAD QUESTION.  THAT'S WHY YOU HAVE THAT NUMBER OF

19         PEOPLE, BECAUSE WE HAD VERY BIG WITNESS LISTS ON BOTH SIDES.

20             BUT AS TO THE 14 FOLKS WHO HAVE KNOWLEDGE WHO WERE

21         IDENTIFIED IN INTERROGATORY 8, WE WILL DISCUSS WITH THEM AND

22         WORK OUT SOME PROPOSAL.

23             WE'VE BEEN ABLE TO NOT HAVE ANY DISCOVERY DISPUTES UP

24         UNTIL NOW AND WE'VE WORKED THEM OUT.

25                   THE COURT:  WELL, IT'S DECEMBER 15TH FOR THE FACT
```

1    DISCOVERY CUTOFF AND TODAY IS NOVEMBER 30TH.  SO HOW ARE YOU

2    GOING TO TAKE ALL THOSE DEPOSITIONS?  I ASSUME YOU NEED TO

3    DEFEND -- YOU SAID YOU HAVE THREE?

4         MR. LEE:  WE HAVE THREE WE HAVE TO DEFEND.  WE HAVE

5    THEIR FOUR 30(B)(6)'S TO TAKE, TWO OF WHICH WILL BE IN KOREA,

6    IN SEOUL, AND TWO OF WHICH WILL BE IN TEXAS.

7         THAT'S WHY THE PROPOSAL WAS FOR THE ADDITIONAL TEN, IF

8    THEY COULD IDENTIFY, BY THE BEGINNING OF NEXT WEEK, WHO'S A

9    LIKELY TRIAL WITNESS, WE COULD THEN AGREE UPON A DATE TO DEPOSE

10   THEM WITH AN ASSURANCE THAT WE WOULD HAVE THE DOCUMENTS FOR

11   THAT INDIVIDUAL WITNESS BEFOREHAND, THEN I THINK WE COULD GET

12   IT DONE BEFORE THE HOLIDAYS.

13        BUT GETTING ALL TEN ADDITIONAL WITNESSES, PARTICULARLY

14   SINCE WE DON'T HAVE THE DOCUMENTS YET, WOULDN'T BE POSSIBLE

15   BEFORE DECEMBER 15TH.

16        THE COURT:  UM-HUM.  SO WHAT ARE YOU ASKING?  I -- IF

17   THERE'S AN ISSUE, I'D LIKE TO TRY TO DEAL WITH IT TODAY RATHER

18   THAN GETTING SOME EMERGENCY FILING ON DECEMBER 15TH OR THE WEEK

19   OF THE 18TH OR THE 22ND.  SO WHAT'S THE REQUEST?

20        MR. LEE:  THE REQUEST FROM US WOULD BE THAT SAMSUNG

21   IDENTIFY BY MONDAY, WHICH WOULD BE DECEMBER THE 4TH, I THINK,

22   FROM THAT GROUP OF TEN THE FOLKS THEY BELIEVE -- THE PEOPLE

23   THEY BELIEVE IN GOOD FAITH WILL TESTIFY, AND THAT THOSE PEOPLE

24   BE PRODUCED FOR DEPOSITIONS WITH THE DOCUMENTS FOR THOSE

25   INDIVIDUALS PRODUCED BEFOREHAND, SO THAT WE COULD TAKE THEIR

1      DEPOSITIONS BY DECEMBER 15TH.

2          WE WOULD AGREE, IF THE COURT AGREED, THAT TO THE EXTENT IN

3      GOOD FAITH ONE OF THESE FOLKS IS NOT NOW IDENTIFIED AS A TRIAL

4      WITNESS, BUT IF SOMETIME IN JANUARY OR FEBRUARY SOMETHING

5      OCCURS THAT MAKES THEM A TRIAL WITNESS, THEY'LL LET US KNOW AND

6      WE'LL TAKE THE DEPOSITION AT THAT TIME.

7              THE COURT:  WELL, THE PROBLEM IS THEN WHAT I SEE IS

8      YOU'LL HAVE ALREADY DONE YOUR EXPERT REPORTS AND THEN I'LL GET

9      THIS EMERGENCY MOTION THAT YOU NOW NEED TO SUPPLEMENT YOUR

10     REPORTS AND THEN THAT WILL BE DISPUTED.

11         SO MY CONCERN IS CAN WE HEAD OFF A DISPUTE IF POSSIBLE?

12     WHAT IF I EXTENDED THE DISCOVERY CUTOFF TO DECEMBER 21ST?

13             MS. MAROULIS:  THAT WOULD BE HELPFUL, YOUR HONOR.

14             MR. LEE:  THAT WOULD BE HELPFUL.

15             THE COURT:  OKAY.  DO YOU WANT THE 22ND?  THAT'S THE

16     FRIDAY BEFORE THE CHRISTMAS WEEKEND.

17             MR. LEE:  I THINK THE 21ST.

18             THE COURT:  OKAY.  WOULD THAT TAKE CARE OF -- I DON'T

19     WANT TO -- YOU KNOW, I THINK I'VE ISSUED OVER 100 SUBSTANTIVE

20     WRITTEN ORDERS IN THIS CASE.  I WOULD JUST LOVE TO SEE IF WE

21     CAN TRY TO AVOID A FUTURE FIGHT.

22         I CAN IMAGINE A SCENARIO WHERE, YOU KNOW, YOU'RE GOING TO

23     WANT TO REDO YOUR EXPERT REPORTS BECAUSE NOW THIS WITNESS NOW

24     HAS TESTIMONY THAT WOULD CHANGE THIS OR THAT AND WE'LL GET INTO

25     ANOTHER FIGHT.

```
1              MR. LEE:  YOUR HONOR, I --

2              THE COURT:  AND SUPPLEMENTATION OF REPORTS.

3              MR. LEE:  GIVEN THAT WE'RE IN A COMPRESSED

4    TIMEFRAME --

5              THE COURT:  UM-HUM.

6              MR. LEE:  -- IF I WENT BACK TO THE PROPOSAL WE MADE,

7    WE WOULD BE WILLING TO COMMIT TO YOU THAT IF SAMSUNG, DOWN THE

8    ROAD, SAYS THAT SOMEONE THEY HAD NOT IDENTIFIED THEY NOW

9    BELIEVE WILL BE A TRIAL WITNESS, WE WILL TAKE THAT DEPOSITION,

10   BUT WE WON'T SEEK LEAVE TO CHANGE THE EXPERT REPORTS.

11        THESE ARE FACT WITNESSES, SO WE'D ACTUALLY WANT THE FACT

12   TESTIMONY.  WE WOULD TAKE A DEPOSITION PRINCIPALLY BECAUSE WE

13   MIGHT USE IT AT TRIAL.

14        BUT WE WOULD COMMIT TO YOU, IF WE COULD AGREE UPON A

15   PROCEDURE LIKE WE PROPOSED TO SAMSUNG, THAT WE WON'T COME BACK

16   TO YOU TO TRY TO CHANGE THE EXPERT REPORTS OR SUPPLEMENT BASED

17   UPON THAT ADDITIONAL DEPOSITION.

18             THE COURT:  WELL, I'LL GO AHEAD AND EXTEND THE FACT

19   DISCOVERY CUTOFF TO DECEMBER 22ND.  I'M SORRY, THE 21ST.  SO

20   DECEMBER 21ST WILL BE THE FACT DISCOVERY CUTOFF.

21        NOW, I'D LIKE TO KEEP THE DISCLOSURE OF EXPERTS ON

22   DECEMBER 15TH.  IS THAT ACCEPTABLE?

23             MS. MAROULIS:  YES, YOUR HONOR.

24             MR. LEE:  YES, YOUR HONOR.

25             THE COURT:  ALL RIGHT.  SO DECEMBER 15TH WILL STILL
```

1    BE THE DISCLOSURE.  FACT DISCOVERY CUTOFF WILL BE DECEMBER 21.

2         I'M JUST GOING TO LEAVE -- SEE IF YOU CAN WORK OUT AMONGST

3    YOURSELVES WITH WHATEVER PROCESS YOU THINK TO TRY AND IDENTIFY

4    WHO'S NECESSARY, OR IN AN ABUNDANCE OF CAUTION, JUST TAKE ALL

5    THE DEPOSITIONS AND GET ALL THE INFORMATION AND, YOU KNOW -- IF

6    WE COULD AVOID A SCENARIO OF, YOU KNOW, LITIGATION -- BUT I CAN

7    ALSO SEE A SCENARIO WHERE THEY'RE NOT ON THE WITNESS LIST AND

8    THEN THEY GET ADDED TO THE WITNESS LIST AND THEN WE HAVE A

9    WHOLE DISPUTE ABOUT WHETHER THE DISCLOSURE OF THE WITNESS AS A

10   TRIAL WITNESS WAS TIMELY.

11        I MEAN, IT'S JUST -- I CAN JUST IMAGINE A LOT OF DISPUTES

12   ARISING FROM THE SCENARIO, AND MAYBE THE SAFER COURSE IS TO

13   TAKE ALL THE DEPOSITIONS.  YOU KNOW EXACTLY WHAT THEY'RE GOING

14   TO SAY, AND IT MIGHT JUST ELIMINATE POTENTIAL FUTURE DISPUTES

15   BETWEEN THE PARTIES.

16        MR. LEE:  WE HEAR YOUR HONOR.  WE'LL TRY TO WORK OUT

17   A PROCEDURE.  IF WE CAN'T, WE'LL TAKE THE DEPOSITIONS.

18        THE COURT:  OKAY.  ANYTHING ELSE TODAY?  OTHERWISE

19   I'LL SET THE FURTHER CMC -- I MEAN, I -- I'M WONDERING IF IT

20   WOULD NOT -- I DON'T KNOW WHETHER IT JUST CREATES MORE ISSUES

21   TO HAVE MORE CMC'S OR IF SOMETHING IS GOING TO BLOW UP BEFORE

22   MARCH 29TH ANYWAY, WHETHER IT JUST MAKES SENSE TO SCHEDULE

23   SOMETHING.

24        I'M OKAY -- LET'S GO AHEAD, PLEASE, AND SCHEDULE THE

25   FURTHER CMC FOR MARCH 29TH OF 2018 AT 1:30, PLEASE.

1          MS. MAROULIS:  YOUR HONOR, THAT'S OUR HEARING DATE

2     FOR THE DISPOSITIVE MOTIONS.

3          THE COURT:  YES.

4          MS. MAROULIS:  OKAY.

5          THE COURT:  WOULD YOU LIKE IT ON ANOTHER DATE?

6     BECAUSE I CAN SCHEDULE IT ON ANOTHER DATE AS WELL.

7          MS. MAROULIS:  NO.  I JUST WANTED TO BRING IT TO THE

8     COURT'S ATTENTION.  THAT'S FINE.

9          THE COURT:  OKAY.  IF YOU WANT, OR IF IT WOULD MAKE

10    MORE SENSE TO HAVE IT AFTER YOU HAVE RULINGS ON THOSE, THEN IT

11    WOULD MAKE SENSE TO DO IT AFTER THAT.  BUT THEN IT'S PUSHING IT

12    TO APRIL AND YOUR PRETRIAL CONFERENCE IS MAY 3RD, SO I DON'T

13    KNOW IF THAT'S GETTING TOO CLOSE.

14         MR. LEE:  I THINK MARCH 29TH IS FINE.

15         MS. MAROULIS:  THAT'S FINE, YOUR HONOR.

16         THE COURT:  ALL RIGHT.  ANYTHING ELSE THEN?

17         MR. LEE:  NOTHING, YOUR HONOR, FOR APPLE.

18         MS. MAROULIS:  NOTHING FOR SAMSUNG.

19         THE COURT:  ALL RIGHT.  THANK YOU.

20         MR. LEE:  THANK YOU, YOUR HONOR.

21         MS. MAROULIS:  THANK YOU, YOUR HONOR.

22         (THE PROCEEDINGS WERE CONCLUDED AT 2:11 P.M.)

23

24

25

1

2

3                          CERTIFICATE OF REPORTER

4

5

6

7        I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8   STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9   280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10  CERTIFY:

11       THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12  A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13  ABOVE-ENTITLED MATTER.

14

15

16  _____

17  LEE-ANNE SHORTRIDGE, CSR, CRR
    CERTIFICATE NUMBER 9595

18       DATED:  DECEMBER 7, 2017

19

20

21

22

23

24

25