December 28, 2017

The Honorable Nathanael Cousins
United States District Court, Northern District of California
280 South 1st Street, Courtroom 7, 4th Floor
San Jose, California 95113

Re:     *Apple v. Samsung*, 11-cv-1846 – Discovery Dispute

Dear Judge Cousins:

Samsung respectfully requests the Court's intervention in compelling Apple to provide, on an expedited basis, two categories of information in its possession.[1]

The background of this case is extensive, but the issues here are straightforward.  As relevant here, a jury found that certain Samsung products infringed three Apple design patents, and awarded all of the profit which Samsung earned from sales of those products.   Following a partial retrial, the Federal Circuit reversed in part but affirmed the design-patent judgment.   The U.S. Supreme Court accepted issues of design-patent damages for review and issued an Opinion.   *See Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429 (2016).   On remand, Judge Koh ruled that a new trial on design-patent damages is required because the prior jury instructions "did not accurately reflect the law" announced by the Supreme Court and "prejudiced Samsung."   Dkt. 3530 at 34-35. The retrial, scheduled for May 14, 2018, will determine what design-patent damages are proper in light of the Supreme Court's decision.

Under 35 U.S.C. § 289, a patentee may recover the profit an infringer earns on the "article of manufacture" to which the patented design was "applied."   The Supreme Court held that the term "article of manufacture" in Section 289 can refer to *either* an entire infringing product *or* a component of that product.   137 S. Ct. at 435.   On remand, Judge Koh adopted a test for identifying the relevant "article of manufacture" which was initially proposed by the United States in an amicus brief, consisting of four factors summarized as follows:    (1) the scope of the patented design, (2) the relative prominence of the design in the product, (3) the design's conceptual distinctness from the entire product, and (4) the physical relationship between the design and the product.   Dkt. 3530 at 35.   Because Samsung had no prior opportunity to take discovery into these issues, Judge Koh reopened fact discovery for the limited "purposes of the new test."   Dkt. 3538 (Oct. 25, 2017 Hrg Tr.) at 3, 18; Dkt. 3536.   Apple asserts that it is still entitled to all of Samsung's profits because entire phones are the relevant "articles of manufacture."   Samsung asserts that certain phone components, not the entire phones, are the relevant articles.

The ultimate question in dispute is to what article of manufacture Samsung applied each patented design in Samsung's phones.   Apple, however, has repeatedly pointed to the manner in which *Apple* applied the designs to *the Apple iPhones* to support its "entire product" theory.   At

---

[1] On December 27, 2017, Judge Koh instructed Samsung to file this motion before this Court. Samsung immediately contacted Apple to start the joint-submission process, but Apple stated that it could not provide its positions until January 3, 2018.   Because the deadline for discovery motions is December 28, 2017, Samsung hereby submits this letter unilaterally.

The Honorable Nathanael Cousins
December 28, 2017

the first trial, Apple's theme was that Samsung supposedly copied the *entire* iPhone by its alleged infringement.   In discovery responses served last week, Apple reiterated its view that its designs were applied to the *entire* iPhone, which Samsung supposedly copied, showing that Samsung purportedly applied Apple's designs to *Samsung's* entire phones as well.   For example, Apple claimed that "the industrial design of Apple's Phones as a whole dictates the design of components of Apple's Phone"; the "components are not designed individually; rather, their design is part of the overall industrial design of Apple's Phones"; consumers view the designs "as indicators of the similarity between the overall appearance of the Infringing Phones and the design of the iPhone, not similarity between only some portion of Infringing Phones and a portion of the design of the iPhone"; and the patented designs were "prominent aspects of the [Samsung] Infringing Phones' overall design and contributed to the ultimate look and feel of the Infringing Phones—just as they were in Apple's iPhones."   Second Suppl. Response to Rog. No. 1 (Jenkins Decl. Ex. E at 4-5, 16).   Apple has thus made clear that it will rely at trial *on the manner in which its patented designs were supposedly applied to the iPhone*.   But Apple has refused to provide proper discovery into the manner in which it *actually* applied each of its designs to the iPhone, erroneously claiming such issues are irrelevant.   *See, e.g.,* Jenkins Decl. Ex. D (Apple Responses to RFPs No 1-4, 10).

**Information Regarding Apple Phone Components (RFPs 1-4, 10, 30(b)(6) Topics 8-9).**   Samsung's first category of requests seeks information regarding the manufacture, cost, profit, and separability of iPhone components.   *See* Jenkins Decl. Ex. H at 1-5.   This information goes directly to the four-factor test for identifying the relevant article of manufacture, and especially the fourth factor, which considers "[t]he physical relationship between the patented design and the rest of the product, including whether the design pertains to a component that a user or seller can physically separate from the product as a whole, and whether the design is embodied in a component that is manufactured separately from the rest of the product, or if the component can be sold separately."   Dkt. 3530 at 35.   Apple identified some limited information from prior productions in its discovery responses but refused to produce new information.   Apple's witnesses admitted at deposition, moreover, that Apple possesses many responsive documents regarding iPhone components which Apple refuses to produce.   Jenkins Decl. ¶ 8.

**Information Regarding Patents Practiced By Apple Phones (Interrogatory 5, RFP 5, 30(b)(6) Topics 4-5, 12).**   Samsung also seeks information about the quantity and identity of other patents practiced by the iPhones.   *See* Jenkins Decl. Ex. H at 5-8.   This information also goes directly to the four-factor test, and in particular to factor three, which considers whether the design is conceptually distinct from the product as a whole.   As the United States' brief explained, "[i]f the product contains other components that embody conceptually distinct innovations, it may be appropriate to conclude that a component is the relevant article."   Brief for U.S. as Amicus Curiae, *Samsung Elecs. Co., Ltd. v. Apple Inc.*, 2016 WL 3194218, at \*29, *adopted by* Dkt. 3530 at 19-21.   Samsung is entitled to show that Apple obtained numerous patents on distinct iPhone components which do not reflect the design patents-in-suit, thus demonstrating conceptual distinctness between the patented designs and the entire phones.

Accordingly, Samsung respectfully requests that the Court order Apple to provide limited discovery on these topics, and particularly on the requests set forth in Jenkins Decl. Ex. H, well in advance of Samsung's deadline for expert reports (January 29, 2018).   Alternatively, Samsung requests that Apple be precluded from arguing that the entire iPhone embodies its patents or that its patents were applied to the iPhone in light of its refusal to provide discovery on such issues.

The Honorable Nathanael Cousins
December 28, 2017


Dated:   December 28, 2017

By:      */s/ Victoria F. Maroulis*


Attorneys for Defendants and Counterclaim-
Plaintiffs Samsung Electronics Co., Ltd., Samsung
Electronics America, Inc., and Samsung
Telecommunications, America, Llc

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000