QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | CASE NO. 11-cv-1846-LHK<br><br>**DECLARATION OF SARA JENKINS IN SUPPORT OF MOTION TO COMPEL APPLE TO PRODUCE DOCUMENTS, ANSWER INTERROGATORIES AND SIT FOR DEPOSITION**<br><br>Judge: Honorable Nathanael Cousins<br><br>Courtroom 7<br><br>PUBLIC REDACTED VERSION |

I, Sara Jenkins, declare:

1. I am an attorney licensed to practice before this Court. I am an attorney at Quinn Emanuel Urquhart & Sullivan, LLP and counsel for Samsung Electronics Company, Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLC (collectively "Samsung") in this matter. I make this declaration of my own personal knowledge and, if called to testify, I could and would competently testify hereto under oath. I submit this declaration in support of Samsung's Motion to Compel discovery from Apple, Inc.

2. On October 30, 2017, Samsung served requests for production and interrogatories on Apple regarding article of manufacture issues, some of which are the subject of Samsung's Motion. Attached as **Exhibit A** is a true and correct copy of excerpts of Samsung's First Set of Interrogatories Regarding Article of Manufacture. Attached as **Exhibit B** is a true and correct copy of excerpts of Samsung's First Set of Requests for Production Regarding Article of Manufacture. On November 29, 2017 Apple served its initial responses to Samsung's First Set of Interrogatories, and a true and correct copy of excerpts from Apple's responses is attached as **Exhibit C**. On November 29 Apple also served objections and responses to Samsung's First Set of Requests for Production, and a true and correct copy of the relevant excerpts is attached as **Exhibit D**. On December 21, 2017, Apple subsequently supplemented its responses to Samsung's Interrogatory No. 1, and a true and correct copy of Apple's Second Supplemental Responses to Samsung's Interrogatory No. 1 is attached as **Exhibit E**.

3. Samsung served a 30(b)(6) deposition notice on Apple on November 21, 2017, certain topics of which are the subject of Samsung's motion. A true and correct copy of the excerpted deposition notice is attached as **Exhibit F**. Apple served objections and responses on December 7, 2017, and a true and correct copy of the relevant excerpts is attached as **Exhibit G**.

4. On December 4, 2017, Samsung sent meet and confer correspondence to Apple regarding Apple's responses to Samsung's Interrogatories and Requests for Production. The letter specifically raised the two issues set forth in Samsung's motion: Apple's refusal to produce documents regarding (a) the components of the iPhone, and (b) the quantity and identity of patents practiced by Apple's phones. Apple responded on December 6, reiterating its

1  objections, and Samsung followed up with additional explanation in a letter on December 7. Likewise, after receipt of Apple's objections to Samsung's 30(b)(6) deposition notice, Samsung sent a letter on December 8 explaining its position that Apple's refusal to provide witnesses on select topics was improper.   Apple responded with a letter on December 12 stating its objections.

5.   On December 19, 2017, the parties held a lead counsel meet and confer regarding the discovery disputes at issue in this motion.   I personally participated in that meet and confer session, as did my colleagues Rachel Kassabian and our lead counsel William Price.   Apple was represented by its lead counsel William Lee, as well as Erik Olson and Chris Looney.   The parties discussed Samsung's requests for component information for the iPhone and the identity and count of patents practiced by the iPhone.   Apple generally stood by its objections and declined to provide additional discovery on those items.   When Samsung inquired if Apple had identified any additional documents regarding the patents practiced by Apple's iPhones, Apple stated it had not run any searches in response to those discovery requests.   The parties concluded their conference and confirmed, in follow up correspondence dated December 21 and 22, 2017, that they had reached an impasse on the two issues that are the subject of Samsung's motion.

6.   For the convenience of the Court, Samsung has excerpted the specific discovery requests at issue in Samsung's motion, grouped by the topics referenced in Samsung's brief, in a chart attached as **Exhibit H**.

7.   The first category of requests consists of five requests for production and two 30(b)(6) deposition topics requesting information about Apple's phone components, including requests for "any analysis of the components included in any Accused Phone or any Apple Phone, including teardowns, cost summaries, component pricing, and/or bills of materials," and "Documents sufficient to identify the (i) manufacturer and (ii) supplier" of Apple's phone components.   Ex. H at 1-5.   Apple objected to these requests in relevant part as "not directed to the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture."   *Id*.   During the parties' meet and confer efforts, including in

Samsung's December 7, 2017 letter, Samsung explained that information about phone components and teardowns was relevant to the Court's test for article of manufacture, which requires "a case-specific analysis of the relationship among the design, the product, and *any components*." Dkt. 3530 at 13 (emphasis added).  A true and correct copy of Samsung's December 7 letter is attached as **Exhibit I**.

8.  Apple's Vice President of Procurement, Tony Blevins, was deposed on December 17, 2017, and a true and correct copy of excerpts of his deposition transcript are attached as **Exhibit J.**  Mr. Blevins testified that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  Mr. Blevins testified that many of the documents Apple previously produced were ▇▇▇▇▇▇▇▇▇▇ but are instead ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  Samsung is willing to receive a subset of component information dealing with the specific components Samsung claims are the relevant articles of manufacture for the three Apple design patents at issue.

9.  The second category of requests (Ex. H at 5-8) consists of one interrogatory, one request for production, and three 30(b)(6) deposition topics requesting information about the quantity and identity of patents practiced by Apple's phones, including requests for "every summary, measurement, estimate, or public statement regarding the quantity and/or identity of all design and utility patents (other than the Apple Design Patents In Suit) that are or were practiced by each of the Apple Phones."  Interrogatory No. 5; Request for Production No. 5; 30(b)(6) Topic Nos. 4, 5 and 12.  As with the first category of requests, Apple objected to these requests, claiming, among other things, that they were "not directed towards the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or

the calculation of Samsung's total profits from the sale of those articles of manufacture." Ex. C at 23; Ex. D. at 10-11.

10. During the parties' meet and confer conversation and a subsequent follow-up letter on December 21, 2017, Samsung explained its position that "the identity by type and number of inventions Apple has deemed or represented to be embodied in its Phones, is relevant to, at a minimum, Factor Three of the Article of Manufacture test—i.e., whether the design is conceptually distinct from the product as a whole." A true and correct copy of Samsung's December 21 letter is attached as **Exhibit K**. During the meet and confer and in its final letter dated December 22, 2017, Apple stood by its position and declined to search for additional documents. A true and correct copy of Apple's December 22 letter is attached as **Exhibit L**. The parties reached an impasse as of December 22, after several weeks of discussion. Because Samsung seeks only information sufficient to show Apple's estimates of the identity and quantity of patents practiced by its phones, these requests are narrowly tailored to relevant issues.

11. On December 27, 2017, pursuant to the San Jose Judges Standing Order, my colleague emailed Judge Koh's chambers to request a hearing date for Samsung's motion to compel. That afternoon, Judge Koh's chambers responded by email (attached hereto as **Exhibit M**) instructing the parties to direct any discovery motions to Magistrate Judge Cousins. I then contacted Apple's counsel to ask if they would cooperate in the preparation and submission of a five-page joint discovery letter per Judge Cousins's Civil Standing Order. Apple responded the following day, December 28, stating that Apple was closed through January 1 for the holidays, and thus that it would not be able to supply its portion of the joint letter until January 3, 2018.

12. By operation of Civil Local Rule 37-3, the discovery motion cutoff in this case is December 28, 2017, seven days after the December 21 fact discovery cutoff set by Judge Koh in the Case Management Order at Dkt. 3536. Accordingly, in light of the December 28th discovery motion cutoff, Samsung is not at liberty to delay the filing of its motion. In light of the holidays, however, Samsung does not object to Apple submitting its responsive two-page letter on January 3.

1   I declare under penalty of perjury under the laws of the United States of America that the
2   foregoing is true and correct to the best of my knowledge.   Executed this 28th day of December,
3   2017, in Belmont, California.

4   Dated:   December 28, 2017                                          QUINN EMANUEL URQUHART &
                                                                        SULLIVAN, LLP

                                                         By      */s/ Sara Jenkins*
                                                             Sara Jenkins

                                                             Attorney for SAMSUNG ELECTRONICS CO.,
                                                             LTD., SAMSUNG ELECTRONICS AMERICA,
                                                             INC. and SAMSUNG
                                                             TELECOMMUNICATIONS AMERICA, LLC

**ATTESTATION**

I, Victoria Maroulis, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil Local Rules 5-1(i), I hereby attest that Sara Jenkins has concurred in this filing.

Dated:   December 28, 2017                    */s/ Victoria Maroulis*
                                                                        Victoria Maroulis