# Exhibit A

QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>        vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S FIRST SET OF INTERROGATORIES TO APPLE REGARDING ARTICLE OF MANUFACTURE** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's October 25 Order (Dkt. 3536), Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (together, "Samsung") request that Apple Inc. answer the following interrogatories ("Interrogatories") within 30 days from the date of service hereof, in writing and under oath, in accordance with Rule 33, the Local Rules of this Court, and the Definitions and Instructions set forth below.

To the extent that these Interrogatories may at any time be supplemented, changed, or otherwise affected by information acquired by Apple subsequent to the service of its answers, Samsung directs Apple to promptly serve supplemental answers reflecting such changes pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

**DEFINITIONS**

1. The term "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in any of them, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

2. The terms "Apple," "You," and/or "Your" mean Apple Inc., and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in any of them, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on its behalf.

3. "Apple Design Patents In Suit" shall mean the D618,677 patent (the "D'677 patent"), the D593,087 patent (the "D'087 patent"), and the D604,305 patent (the "D'305 patent").

4. "Accused Phone" means any phone Apple intends to seek damages for in the May 14, 2018 trial, and for the avoidance of doubt includes the following: Captivate, Continuum, Droid Charge, Epic 4G, Galaxy S 4G, Galaxy S II (AT&T), Galaxy S II (T-Mobile), Galaxy S II

(Epic 4G Touch), Galaxy S II (Skyrocket), Gem, Indulge, Infuse 4G, Fascinate, Mesmerize, Showcase, and Vibrant.

5. "Article of Manufacture" has the meaning given to it by the U.S. Supreme Court in *Samsung Electronics Co., Ltd. v. Apple Inc.*, 137 S.Ct. 429 (2016).

6. "Apple Phone" shall mean the original iPhone, the iPhone 3G, the iPhone 3GS, and the iPhone 4.

7. The terms "Document" and "Documents" shall have the broadest meaning ascribed to them by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001. The terms shall include within their meaning, by way of example and not limitation, any and all accounts, analyses, books, CDs, calendars, commercial paper, communications, correspondence, DVDs, email, films, financial statements, floppy disks, hard disks, inter-office memoranda, intangible things, invoices, ledgers, letters, licenses, logs, memoranda, microfilms, minutes, notes, notes of conversations, notes of meetings, notes of telephone calls, office communications, photographs, printouts, recordings of conversations (whether written or electronic), reports, schedules, storage tape, task lists, telegrams, telephone bills, videotapes or other video recordings, and any differing versions of the foregoing whether denominated formal, informal or otherwise, as well as copies of the foregoing which differ from the original in any way, including handwritten notations or other written or printed matter. The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not. A draft or non-identical copy of a Document is a separate Document within the meaning of these terms.

8. The term "Identify" means (1) when referring to a person, the person's full name, present or last known address, and the last known title and place of employment; (2) when referring to a business, legal, or governmental entity or association, the name and address of the entity or association; (3) when referring to a fact, the fact and the documentary or testimonial support for that fact; (4) when referring to a product or a component thereof, the model name/number, the manufacturer, the date it was first announced, the date it was first released, the date it was first sold and the entity that first sold the product (*e.g.*, the carrier) and a general

description of the product or thing; (5) when referring to a written communication, identity of the Documents(s) in which the communication was made; (6) when referring to an oral communication, the identity of persons participating in the communication; (7) when referring to nonpatent Documents, the production number or type of Document, its general nature and subject matter, date of creation, and all author(s), addressee(s), and recipient(s); and (8) when referring to patent Documents, the country, patent and/or application number, dates of filing, publication, and grant, and the names of patentees or applicants.

## INSTRUCTIONS

1.  If You contend that any Interrogatory is objectionable in whole or in part, state with particularity each objection, the basis for it, and the categories of information to which the objection applies, and respond to the remainder of the Interrogatory to the extent You are not objecting to it.

2.  If You contend that the meaning of any term or phrase in these Interrogatories is unclear, adopt a reasonable meaning for that portion of the Interrogatory, state the adopted meaning in Your response to the particular Interrogatory, and produce responsive information accordingly.

3.  If You contend that any requested information is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or doctrine, provide all information falling within the scope of the Interrogatory which is not privileged, and for each item of information and/or Document to which a claim of privilege is made, Identify such Document with sufficient particularity for purposes of a motion to compel, with such identification to include at least the following:

    a. the basis on which the privilege is claimed;

    b. the names and positions of the author of the information and all other persons participating in the preparation of the information;

    c. the name and position of each individual or other person to whom the information, or a copy thereof, was sent or otherwise disclosed;

    d. the date of the information;

   e. a description of any accompanying material transmitted with or attached to such information;

   f. the number of pages in such document or information; and

   g. the particular Interrogatory to which such Document is responsive; and whether any business or non-legal matter is contained or discussed in such information.

4. If You are producing Documents in connection with these Interrogatories, selection of Documents from the files and other sources and the numbering of such Documents shall be performed in such a manner as to ensure that the source of each Document may be determined, if necessary. File folders with tabs or labels or directories of files Identifying Documents must be produced intact with such Documents. Documents attached to each other shall not be separated. All Documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures. Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible. Any response made by reference to Documents shall Identify each responsive document by document production number.

5. If You are unable to fully answer any of the following Interrogatories after exercising due diligence to secure the information necessary, indicate this, and answer each of the Interrogatories to the fullest extent possible. Specify Your knowledge, explain Your inability to answer the remainder of the Interrogatory, and specify whatever information or knowledge You may have concerning the unanswered portions of each Interrogatory.

6. For any information requested that is not readily available from Your records in the form requested, furnish carefully prepared estimates, designated as such. Attach a statement of the basis for such estimates and Identify the person or persons making them.

7. If any Documents responsive to any of these Interrogatories have been destroyed, then separately, for each such document, Identify when, why, and by whom it was destroyed, the person or persons who destroyed it, why it was destroyed, and the circumstances under which it was destroyed.

8. The term "including" shall be construed to mean "including, without limitation" or "including, but not limited to."

9. The terms "relating" and "relating to" shall mean regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, identifying, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing, or constituting (in whole or in part).

10. "And" as well as "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning possible, so as to bring within the scope of the Interrogatory all information that might otherwise be construed to be outside its scope. The term "all" is to be construed to mean "any" and "each" and vice versa.

11. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

12. The use of the singular form of any word includes the plural and vice versa.

13. Nothing in these Interrogatories, or the definitions and instructions contained herein, shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definitions or instructions.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Specifically for each Apple Design Patent In Suit and each Accused Phone, Identify each Article of Manufacture to which You contend Samsung has applied a patented design and explain the factual and legal bases for that contention. Your response to this Interrogatory should include and Identify (i) any alternative Article(s) of Manufacture that you may identify for the jury for any Accused Product; (ii) the people currently at Apple with knowledge relevant to this Interrogatory; and (iii) all Documents relevant to this Interrogatory.

**INTERROGATORY NO. 2:**

Identify the amount of profit You claim Samsung earned from each Article of Manufacture that You identified in response to Interrogatory No. 1, and explain the factual and legal bases for Your

**INTERROGATORY NO. 5:**

Identify documents from Your prior document productions, or additional documents to be produced by You, sufficient to show each and every summary, measurement, estimate, or public statement regarding the quantity and/or identity of all design and utility patents (other than the Apple Design Patents In Suit) that are or were practiced by each of the Apple Phones.

**INTERROGATORY NO. 6:**

Identify documents from Your prior document productions, or additional documents to be produced by You, sufficient to identify each and every physical part and component, including any part number or other identifier thereof, of each of the Apple Phones.

**INTERROGATORY NO. 7:**

Identify documents from Your prior document productions, or additional documents to be produced by You, sufficient to identify the (i) manufacturer and (ii) supplier to You of each and every physical part and component of the Apple Phones, as identified pursuant to Your response to Interrogatory No. 6.

**INTERROGATORY NO. 8:**

Identify documents from Your prior document productions, or additional documents to be produced by You, sufficient to identify Your cost to acquire each and every physical part and component of the Apple Phones, as identified pursuant to Your response to Interrogatory No. 6.

**INTERROGATORY NO. 9:**

Identify the amount of profit You claim Apple earned, and the full basis for Your computation thereof, including all revenues, income, costs, unit costs, and quantities (and all Documents relevant to this Interrogatory), from Your sales of the Apple Phones for each of the following:

   f.  Each complete Apple Phone;

   g.  The round-cornered, glass front face of each Apple Phone You contend practices the **D'677** patent;

   h.  The round-cornered, glass front face plus the surrounding rim or bezel of each Apple Phone You contend practices the **D'087** patent;

i.  The display screen while it is displaying the single array of GUI icons, as claimed by the **D'305** patent, of each Apple Phone You contend practices the **D'305** patent; and

j.  The display screen (without temporal limitation) of each Apple Phone You contend practices the **D'305** patent.

**INTERROGATORY NO. 10:**

Identify each and every witness whom you may call to testify at the May 14, 2018 trial.

**INTERROGATORY NO. 11:**

Identify each and every document and thing which you may seek to introduce in evidence at the May 14, 2018 trial.

DATED:  October 30, 2017

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
John B. Quinn
Kathleen M. Sullivan
William C. Price
Michael T. Zeller
Kevin P.B. Johnson
Victoria F. Maroulis

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC