# Exhibit B

QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION TO APPLE REGARDING ARTICLE OF MANUFACTURE** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Court's October 25, 2017 Order (Dkt. 3536), Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (together, "Samsung") request that Apple Inc. produce for inspection and copying the documents and things set forth in the below Requests for Production at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065 within 30 days from the date of service hereof, or at such other time and/or place as the parties agree or the Court orders, in accordance with Rule 34, the Local Rules of this Court, and the Definitions and Instructions set forth below.

## DEFINITIONS

1. The term "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in any of them, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

2. The terms "Apple," "You," and/or "Your" mean Apple Inc., and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in any of them, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on its behalf.

3. "Apple Design Patents In Suit" shall mean the D618,677 patent (the "D'677 patent"), the D593,087 patent (the "D'087 patent"), and the D604,305 patent (the "D'305 patent").

4. "Accused Phone" means any phone Apple intends to seek damages for in the May 14, 2018 trial, and for the avoidance of doubt includes the following: Captivate, Continuum, Droid Charge, Epic 4G, Fascinate, Galaxy S 4G, Galaxy S II (AT&T), Galaxy S II (T-Mobile), Galaxy S II (Epic 4G Touch), Galaxy S II (Skyrocket), Gem, Indulge, Infuse 4G, Mesmerize, Showcase, and Vibrant.

5.     "Article of Manufacture" has the meaning given to it by the U.S. Supreme Court in *Samsung Electronics Co., Ltd. v. Apple Inc.*, 137 S.Ct. 429 (2016).

6.     "Apple Phone" shall mean the original iPhone, the iPhone 3G, the iPhone 3GS, and the iPhone 4.

7.     The terms "Document" and "Documents" shall have the broadest meaning ascribed to them by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001. The terms shall include within their meaning, by way of example and not limitation, any and all accounts, analyses, books, CDs, calendars, commercial paper, communications, correspondence, DVDs, email, films, financial statements, floppy disks, hard disks, inter-office memoranda, intangible things, invoices, ledgers, letters, licenses, logs, memoranda, microfilms, minutes, notes, notes of conversations, notes of meetings, notes of telephone calls, office communications, photographs, printouts, recordings of conversations (whether written or electronic), reports, schedules, storage tape, task lists, telegrams, telephone bills, videotapes or other video recordings, and any differing versions of the foregoing whether denominated formal, informal or otherwise, as well as copies of the foregoing which differ from the original in any way, including handwritten notations or other written or printed matter. The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such Documents are presently in documentary form or not. A draft or non-identical copy of a Document is a separate Document within the meaning of these terms.

8.     The terms "Communication" or "Communications" shall mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to electronic communications and electronic mail.

9.     The term "Thing" refers to any physical specimen or tangible item in Your possession, custody or control.

# INSTRUCTIONS

1. Each Document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2. All Documents shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

3. If You contend that any Request for Production is objectionable in whole or in part, state with particularity each objection, the basis for it, and the Documents and/or Things to which the objection applies, and produce Documents and/or Things in response to the remainder of the Request for Production to the extent You are not objecting to it.

4. If You contend that the meaning of any term or phrase in these Requests for Production is unclear, adopt a reasonable meaning for that portion of the Request for Production, state the adopted meaning in Your response to the particular Request for Production, and produce responsive Documents and/or Things accordingly.

5. If any Document, Communication, Thing, or portion thereof responsive to a Request for Production is withheld because You claim it contains privileged information, then separately for each withheld portion of any Document, Communication, or Thing, identify (a) the date of the Document, Communication, or Thing; (b) the source of the information, including the names, titles, and addresses of the Document, Communication, or Thing's authors; (c) the names, titles, and addresses of its recipients; (d) a description of the information withheld; (e) the number of pages; (f) the nature of the privilege claimed and facts upon which You rely to support the claim of privilege; and (g) the number(s) of the Request(s) for Production to which the Document, Communication, or Thing is responsive. You must provide this information within 10 days of the date on which the answers and objections to these Requests for Production are due.

6. These Requests for Production shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

7. State, for each Request for Production, whether or not there exist any Documents, Communications, or Thing within the scope of the Request for Production and whether any such Document, Communication, or Thing is in Your possession, custody, or control.

8. Any response made by reference to Documents contemporaneously or previously produced shall identify by document production number each responsive Document.

9. All Documents that respond, in whole or in part, to any portion of any Request for Production shall be produced in their entirety, including all attachments and enclosures.

10. Color copies of Documents are to be produced where color is necessary to interpret or understand the contents.

11. The source(s) or derivation of each Document produced shall be specifically identified.

12. If Your response to a particular Request for Production is a statement that You lack the ability to comply with that Request, You must specify whether the inability to comply is because the particular Document, Communication, Thing, or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control, in which case the name and address of any person or entity known or believed by You to have possession, custody, or control of that information or category of information must be identified.

13. For any information requested that is not readily available from Your records in the form requested, furnish carefully prepared estimates, designated as such. Attach a statement of the basis for such estimates and identify the person or persons making them.

14. In the event that any Document, Communication, or Thing called for by these Requests for Production or subsequent Requests for Production has been destroyed or discarded, that Document, Communication, or Thing is to be identified by stating: (i) the author(s), addressee(s) and any indicated or blind copyee(s); (ii) the Document's date, number of pages and attachments or appendices; (iii) the Document's subject matter; (iv) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v) the persons

who were authorized to carry out such destruction or discard; and (vi) whether any copies of the Document presently exist and, if so, the name of the custodian of each copy.

15. Electronic records and computerized information must be produced in their native electronic format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

16. Unless otherwise indicated in a particular Request for Production, the Requests for Production are not date or time limited.

17. To the extent possible, supply all financial data requested on a calendar year basis. If fiscal year data is provided, please specify the dates on which the fiscal years begin and end.

18. Where an identified Document is in a language other than English, state whether an English translation of such Document exists. If a Document is in a language other than English and an English translation exists, identify and provide both Documents.

19. The term "including" shall be construed to mean "including, without limitation" or "including, but not limited to."

20. The terms "relating" and "relating to" shall mean regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, identifying, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing, or constituting (in whole or in part).

21. The terms "referring to," "relating to," "concerning" or "regarding" shall mean containing, describing, discussing, embodying, commenting upon, identifying, incorporating, summarizing, constituting, comprising or are otherwise pertinent to the matter or any aspect thereof.

22. "And" as well as "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning possible, so as to bring within the scope of the Request for Production all information that might otherwise be construed to be outside its scope. The term "all" is to be construed to mean "any" and "each" and vice versa.

23. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

24. The use of the singular form of any word includes the plural and vice versa.

25. The term "person" or "persons" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies. The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

26. Nothing in these Requests for Production, or the definitions and instructions contained herein, shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definitions or instructions.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

To the extent not included in Your prior document productions, Documents sufficient to identify each and every physical part and component of each of Apple Phone.

**REQUEST FOR PRODUCTION NO. 2:**

To the extent not included in Your prior document productions, Documents sufficient to identify the (i) manufacturer and (ii) supplier to You of each and every physical part and component of each Apple Phone.

**REQUEST FOR PRODUCTION NO. 3:**

To the extent not included in Your prior document productions, Documents sufficient to identify the cost to You of acquiring each and every physical part and component of each Apple Phone.

**REQUEST FOR PRODUCTION NO. 4:**

To the extent not included in Your prior document productions, Documents sufficient to identify profits earned by You from Your sales of:

    a. Each complete Apple Phone;

    b. The round-cornered, glass front face of each Apple Phone You contend practices the **D'677** patent;

    c. The round-cornered, glass front face plus the surrounding rim or bezel of each Apple Phone You contend practices the **D'087** patent;

    d.   The display screen while it is displaying the single array of GUI icons, as claimed by the **D'305** patent, of each Apple Phone You contend practices the **D'305** patent; and

    e.   The display screen (without temporal limitation) of each Apple Phone You contend practices the **D'305** patent.

**REQUEST FOR PRODUCTION NO. 5:**

To the extent not included in Your prior document productions, Documents sufficient to identify each and every summary, measurement, estimate, or public statement regarding the quantity and/or identity of all design and utility patents (other than the Apple Design Patents In Suit) that are or were practiced by each of the Apple Phones.

**REQUEST FOR PRODUCTION NO. 6:**

To the extent not included in Your prior document productions, Documents sufficient to identify the unit sales, revenues, and profits of Your sales of (i) phone chargers of the type provided with Apple Phones and (ii) earphones of the type provided with Apple Phones, when those products are sold separately from the Apple Phones.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents upon which You relied, or to which Your referred, in preparing Your responses to Samsung's First of Set of Interrogatories Regarding Article of Manufacture.

**REQUEST FOR PRODUCTION NO. 8:**

Each and every Document and Thing which you may seek to introduce in evidence at the May 14, 2018 trial.

**REQUEST FOR PRODUCTION NO. 9:**

For each expert witness designated or disclosed by you, or whose opinion you intend to rely on at the May 14, 2018 trial, all Documents relied on by that expert in forming his/her opinions or drafting his/her expert report; (2) all prior expert reports and/or declarations submitted by that expert in other litigations involving any issue in dispute in this litigation; and (3) all trial and deposition transcripts from other litigation in which your expert witness served as an expert.

**REQUEST FOR PRODUCTION NO. 10:**

To the extent not included in Your prior document productions, all Documents relating to any analysis of the components included in any Accused Phone or any Apple Phone, including teardowns, cost summaries, component pricing, and/or bills of materials, whether created by Apple or another party.

**REQUEST FOR PRODUCTION NO. 11:**

To the extent not included in Your prior document productions, Documents sufficient to show, for each sale of each Apple Phone, the costs attributable to Apple's payments for (i) utility patent licenses, (ii) design patent licenses, and (iii) licenses of other intellectual property.

**REQUEST FOR PRODUCTION NO. 12:**

Documents regarding how to separate, test, diagnose, repair, or replace (a) the round-cornered, glass front face of each Apple Phone You contend practices the **D'677** or **D'087** patent; (b) the surrounding rim or bezel of each Apple Phone You contend practices the **D'087** patent; or (c) the display screen (without temporal limitation) of each Apple Phone You contend practices the **D'305** patent.

DATED: October, 30, 2017

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Victoria F. Maroulis
John B. Quinn
Kathleen M. Sullivan
William C. Price
Michael T. Zeller
Kevin P.B. Johnson
Victoria F. Maroulis

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC