# Exhibit C

| | |
|---|---|
| ERIK J. OLSON (CA SBN 175815) <br> ejolson@mofo.com <br> NATHAN B. SABRI (CA SBN 252216) <br> nsabri@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 | WILLIAM F. LEE (*pro hac vice*) <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br>    HALE AND DORR LLP <br> 60 State Street <br> Boston, Massachusetts 02109 <br> Telephone:  (617) 526-6000 <br> Facsimile:  (617) 526-5000 <br><br> MARK D. SELWYN (CA SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br>    HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone:  (650) 858-6000 <br> Facsimile:  (650) 858-6100 |

*Attorneys for Plaintiff Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK <br><br> **APPLE'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES REGARDING ARTICLE OF MANUFACTURE** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Apple Inc. ("Apple") hereby objects and responds to the First Set of Interrogatories Regarding Article of Manufacture served by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLC (collectively, "Samsung").

These responses are based on information reasonably available to Apple at the present time. Apple reserves the right to amend and supplement these responses when and if additional information becomes available.

## GENERAL OBJECTIONS

Apple makes the following general responses and objections ("General Objections") to each definition, instruction, and interrogatory propounded in Samsung's First Set of Interrogatories to Apple Regarding Article of Manufacture. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or partial responses to the individual interrogatories does not waive any of Apple's General Objections.

1. Apple objects that Samsung's interrogatory go beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Under those rules, any new discovery is limited only to those new factual issues raised by the Court's October 22, 2017 Order Requiring New Trial on Design Patent Damages (Dkt. 3530), specifically (1) the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, and (2) the calculation of Samsung's total profits from the sale of those articles of manufacture. Any interrogatories that are not directed to those issues and any interrogatories that are directed to previously-litigated issues are beyond the appropriate

scope of discovery.

2.  Apple objects to Samsung's definitions of "Apple," "You," and "Your" to the extent they purport to include persons or entities that are separate and distinct from Apple and are not under Apple's control.  "Apple" refers only to Apple Inc.

3.  Apple objects to Samsung's definition of "Accused Phone."  Apple will understand the term "Accused Phone" to refer to any Samsung product adjudicated to infringe the D'677 Patent, D'087 Patent, and/or D'305 Patent according to the August 24, 2012 Amended Jury Verdict in this case (Dkt. 1931).

4.  Apple objects to Samsung's definition of "Article of Manufacture."  Apple will understand "Article of Manufacture" to mean an "article of manufacture" as that term is used in 35 U.S.C. § 289.

5.  Apple objects to the interrogatories to the extent that they call for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or discovery immunity.

6.  Apple objects to any interrogatory to the extent it is premature and/or to the extent that it: (a) conflicts with any schedule entered by the Court; (b) conflicts with obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local Rules, the Patent Local Rules of this Court, and/or any other applicable rules; (c) seeks information that is the subject of expert testimony; and/or (d) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced.

7.  Apple's responses to these interrogatories are made without waiver and with the preservation of: all issues as to the competency, relevancy, materiality, privilege, and

admissibility of the responses and the subject matter thereof for any purpose and in any further proceeding in this litigation and in any other action or matter; the right to object to the use of any such responses or the subject matter thereof on any ground in any further proceeding in this litigation and in any other action or matter; the right to object on any ground at any time to a demand or request for further response; and the right at any time to review, correct, add to, supplement, or clarify any of the responses contained herein.

8. None of Apple's objections or responses is an admission as to the existence of any evidence, the relevance or admissibility of any evidence, or the truth or accuracy of any statement or characterization contained in any interrogatory.

9. Apple objects to the interrogatories to the extent that they seek information not relevant to the claims or defenses of any party and are not proportional to the needs of the case.

10. Apple will make, and has made, reasonable efforts to respond to these interrogatories, to the extent that no objection is made, as Apple reasonably understands and interprets each interrogatory. If Samsung subsequently asserts any interpretation of any interrogatory that differs from the interpretation of Apple, then Apple reserves the right to supplement and amend its objections and responses.

11. Apple objects to the interrogatory to the extent they are not limited in time and seek information for periods of time that are not relevant to any claim or defense.

12. Apple objects to the interrogatories to the extent that they seek information that is already in Samsung's possession, is in the public domain, or is equally available to Samsung.

13. To the extent that the interrogatories seek trade secrets or confidential commercial or technical information, including information covered by confidentiality agreements between Apple and any third party, Apple will respond subject to the Protective Order entered in this case

and subject to notice to third parties, as necessary.

14.    Apple objects to the interrogatories to the extent they seek information that is not in the possession, custody, or control of Apple.

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung's First Set of Interrogatories Regarding Article of Manufacture as follows.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

Specifically for each Apple Design Patent In Suit and each Accused Phone, Identify each Article of Manufacture to which You contend Samsung has applied a patented design and explain the factual and legal bases for that contention. Your response to this Interrogatory should include and Identify (i) any alternative Article(s) of Manufacture that you may identify for the jury for any Accused Product; (ii) the people currently at Apple with knowledge relevant to this Interrogatory; and (iii) all Documents relevant to this Interrogatory.

**RESPONSE TO NO. 1:**

Apple objects on the grounds that this interrogatory is compound.  Apple further objects that this interrogatory is overbroad, particularly with respect to the request for "all Documents relevant to this Interrogatory," and seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case.  Apple objects that this interrogatory is premature to the extent that it: (a) conflicts with the schedule entered by the Court; (b) conflicts with the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, and/or any other applicable rule; and (c) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced.  Apple further objects to this interrogatory to the extent it seeks information that: (i) requires the disclosure of information, documents, and things protected from

the per-unit or percentage used, the computation of the alleged reasonable royalty, and the time periods over which You contend You are entitled to the alleged reasonable royalty. Your response to this Interrogatory should include and Identify (i) any alternative Article(s) of Manufacture that you may identify for the jury for any Accused Product; (ii) the people currently at Apple with knowledge relevant to this Interrogatory; and (iii) all Documents relevant to this Interrogatory.

**RESPONSE TO NO. 4:**

Samsung has withdrawn Interrogatory No. 4 and Apple will not provide a response.

**INTERROGATORY NO. 5:**

Identify documents from Your prior document productions, or additional documents to be produced by You, sufficient to show each and every summary, measurement, estimate, or public statement regarding the quantity and/or identity of all design and utility patents (other than the Apple Design Patents In Suit) that are or were practiced by each of the Apple Phones.

**RESPONSE TO NO. 5:**

Apple objects on the grounds that this interrogatory goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, this interrogatory is not directed towards the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this interrogatory is directed towards issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects that this interrogatory seeks the identification of documents that are not relevant to the claims or defenses of any party and is not proportional to the needs of the case, particularly to the extent that this interrogatory seeks

1  information regarding "*each and every* summary, measurement, estimate, or public statement

2  regarding the quantity and/or identity of all design and utility patents … that are or were

3  practiced by each of the Apple Phones."  Apple further objects to this interrogatory to the extent

4  it seeks information that can be obtained as easily by Samsung, is already in Samsung's

5  possession, or is publicly available.  Apple further objects on the grounds that this interrogatory

6  is not limited in time and seeks information for periods of time that are not relevant to any claim

7  or defense.

8       Subject to and without waiving the foregoing general and specific objections, Apple

9  identifies the following documents as responsive to this request: JX1091; PX142.

**INTERROGATORY NO. 6:**

Identify documents from Your prior document productions, or additional documents to be produced by You, sufficient to identify each and every physical part and component, including any part number or other identifier thereof, of each of the Apple Phones.

**RESPONSE TO NO. 6:**

     Apple objects on the grounds that this interrogatory goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial.  Specifically, this interrogatory is not directed towards the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture.  Apple further objects that this interrogatory is directed towards issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules.  Apple further objects on the grounds that this interrogatory is not limited in time and seeks information for periods of time that are not relevant to any claim or

Dated: November 29, 2017

/s/ Mark D. Selwyn
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

William F. Lee (admitted pro hac vice)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: ( 415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*