# Exhibit D

ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION REGARDING ARTICLE OF MANUFACTURE** |

Apple's Objections and Responses to Samsung's First Set of
Requests for Production Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Apple Inc. ("Apple") objects and responds to the First Set of Requests for Production Regarding Article of Manufacture served by Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung").

These responses are based on information reasonably available to Apple at the present time. Apple reserves the right to amend and supplement these responses when and if additional information becomes available.

## GENERAL OBJECTIONS

Apple makes the following general responses and objections ("General Objections") to each definition, instruction, and request propounded in Samsung's First Set of Requests for Production to Apple Regarding Article of Manufacture. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or partial responses to the individual requests does not waive any of Apple's General Objections.

1.      Apple objects that Samsung's requests go beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Under those rules, any new discovery is limited only to those new factual issues raised by the Court's October 22, 2017 Order Requiring New Trial on Design Patent Damages (Dkt. 3530), specifically (1) the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, and (2) the calculation of Samsung's total profits from the sale of those articles of manufacture. Any requests that are not directed to those issues and any requests that are directed to previously-litigated issues are beyond the appropriate scope of

Apple's Objections and Responses to Samsung's First Set of
Requests for Production Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

discovery.

2.     Apple objects to Samsung's definitions of "Apple," "You," and "Your" to the extent they purport to include persons or entities that are separate and distinct from Apple and are not under Apple's control.  "Apple" refers only to Apple Inc.

3.     Apple objects to Samsung's definition of "Accused Phone."  Apple will understand the term "Accused Phone" to refer to any Samsung product adjudicated to infringe the D'677 Patent, D'087 Patent, and/or D'305 Patent according to the August 24, 2012 Amended Jury Verdict in this case (Docket No. 1931).

4.     Apple objects to Samsung's definition of "Article of Manufacture."  Apple will understand "Article of Manufacture" to mean an "article of manufacture" as that term is used in 35 U.S.C. § 289.

5.     Apple objects to Samsung's definition of "Communication" or "Communications" as overly broad, vague, ambiguous, and unduly burdensome.  Apple further objects to the phrase "any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means" to the extent Samsung seeks to include communications as to which no documentary record exists.

6.     Apple objects to Samsung's requests to the extent that they require Apple to review, identify, and characterize documents previously produced to Samsung and therefore seek to impose obligations in excess of those imposed by the Federal Rules of Civil Procedure, the Civil Local Rules, the Patent Local Rules of this Court, and/or any other applicable rules.

7.     Apple objects to Samsung's requests to the extent that they require Apple to create information that is not currently within its possession, custody, or control and therefore

- 3 -

Apple's Objections and Responses to Samsung's First Set of
Requests for Production Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

seek to impose obligations in excess of those imposed by the Federal Rules of Civil Procedure, the Civil Local Rules, the Patent Local Rules of this Court, and/or any other applicable rules.

8.     Apple objects to Samsung's requests to the extent that they require Apple to identify the "source(s) or derivations" of documents and therefore seek to impose obligations in excess of those imposed by the Federal Rules of Civil Procedure, the Civil Local Rules, the Patent Local Rules of this Court, and/or any other applicable rules.

9.     Apple objects to the Requests to the extent that they call for information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or discovery immunity.  The inadvertent production by Apple of documents containing information protected from disclosure by any such privilege, doctrine or immunity shall not constitute a waiver by Apple of such privileges or protections.  Pursuant to the parties' agreement, to the extent the Requests calls for the production of documents dated after April 15, 2011 that are protected by such privilege, doctrine, or immunity, such documents will not be included on Apple's privilege log.

10.     Apple objects to any request to the extent it is premature and/or to the extent that it: (a) conflicts with any schedule entered by the Court; (b) conflicts with obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local Rules, the Patent Local Rules of this Court, and/or any other applicable rules; (c) seeks information that is the subject of expert testimony; and/or (d) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced.

11.     Apple's responses to these requests are made without waiver and with the preservation of: all issues as to the competency, relevancy, materiality, privilege, and

- 4 -

admissibility of the responses and the subject matter thereof for any purpose and in any further

proceeding in this litigation and in any other action or matter; the right to object to the use of any

such responses or the subject matter thereof on any ground in any further proceeding in this

litigation and in any other action or matter; the right to object on any ground at any time to a

demand or request for further response; and the right at any time to review, correct, add to,

supplement, or clarify any of the responses contained herein.

12.     None of Apple's objections or responses is an admission as to the existence of any

documents, the relevance or admissibility of any documents, or the truth or accuracy of any

statement or characterization contained in any request.

13.     Apple objects to the requests to the extent that they seek documents not relevant

to the claims or defenses of any party and are not proportional to the needs of the case.

14.     Apple will make, and has made, reasonable efforts to respond to these requests, to

the extent that no objection is made, as Apple reasonably understands and interprets each

request.  If Samsung subsequently asserts any interpretation of any request that differs from the

interpretation of Apple, then Apple reserves the right to supplement and amend its objections and

responses.

15.     Apple objects to the requests to the extent they are not limited in time and seek

documents for periods of time that are not relevant to any claim or defense.

16.     Apple objects to the requests to the extent that they seek documents that are

already in Samsung's possession, are in the public domain, or are equally available to Samsung.

17.     To the extent that the requests seek trade secrets or confidential commercial or

technical information, including information covered by confidentiality agreements between

Apple and any third party, Apple will produce such document(s) subject to the Protective Order

Apple's Objections and Responses to Samsung's First Set of
Requests for Production Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

entered in this case and subject to notice to third parties, as necessary.

18.     Apple objects to the requests to the extent they seek documents that are not in the possession, custody, or control of Apple, purport to require Apple to speculate about the identity of persons who might have responsive documents, and/or purport to call for documents that Apple no longer possesses and/or was under no obligation to maintain.

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung's First Set of Requests for Production Regarding Article of Manufacture as follows.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1.**

To the extent not included in Your prior document productions, Documents sufficient to identify each and every physical part and component of each of Apple Phone.

**RESPONSE:**

Apple objects to this request on the ground that it goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial.  Specifically, this request is not directed to the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this request is directed to issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules.  Apple further objects that this request seeks documents not relevant to the claims or defenses of any

- 6 -
Apple's Objections and Responses to Samsung's First Set of
Requests for Production Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

party and is not proportional to the needs of the case.  Apple further objects to this request on the ground that it is not limited in time and seeks documents for periods of time that are not relevant to any claim or defense.

Subject to and without waiving the foregoing general and specific objections, Apple states that it has previously produced documents responsive to this request.

Based upon the foregoing objections and responses, Apple will not search for or produce further documents in response to this request.

**REQUEST FOR PRODUCTION NO. 2.**

To the extent not included in Your prior document productions, Documents sufficient to identify the (i) manufacturer and (ii) supplier to You of each and every physical part and component of each Apple Phone.

**RESPONSE:**

Apple objects to this request on the ground that it goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial.  Specifically, this request is not directed to the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this request is directed to issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules.  Apple further objects that this request seeks documents that are not relevant to the claims or defenses of any party and are not proportional to the needs of the case.  Apple further objects to this request

- 7 -

on the ground that it is not limited in time and seeks documents for periods of time that are not relevant to any claim or defense.

Subject to and without waiving the foregoing general and specific objections, Apple states that it has previously produced documents responsive to this request.

Based upon the foregoing objections and responses, Apple will not search for or produce further documents in response to this request.

**REQUEST FOR PRODUCTION NO. 3.**

To the extent not included in Your prior document productions, Documents sufficient to identify the cost to You of acquiring each and every physical part and component of each Apple Phone.

**RESPONSE:**

Apple objects to this request on the ground that it goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial.  Specifically, this request is not directed to the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this request is directed to issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules.  Apple further objects that this request seeks documents that are not relevant to the claims or defenses of any party and are not proportional to the needs of the case.  Apple further objects to this request on the ground that it is not limited in time and seeks documents for periods of time that are not relevant to any claim or defense.

Apple's Objections and Responses to Samsung's First Set of
Requests for Production Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

Subject to and without waiving the foregoing general and specific objections, Apple states that it has previously produced documents responsive to this request.

Based upon the foregoing objections and responses, Apple will not search for or produce further documents in response to this request.

**REQUEST FOR PRODUCTION NO. 4.**

To the extent not included in Your prior document productions, Documents sufficient to identify profits earned by You from Your sales of:

a. Each complete Apple Phone;

b. The round-cornered, glass front face of each Apple Phone You contend practices the D'677 patent;

c. The round-cornered, glass front face plus the surrounding rim or bezel of each Apple Phone You contend practices the D'087 patent;

d. The display screen while it is displaying the single array of GUI icons, as claimed by the D'305 patent, of each Apple Phone You contend practices the D'305 patent; and

e. The display screen (without temporal limitation) of each Apple Phone You contend practices the D'305 patent.

**RESPONSE:**

Apple objects to this request on the ground that it goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial.  Specifically, this request is not directed towards the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of

- 9 -

Apple's Objections and Responses to Samsung's First Set of
Requests for Production Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

manufacture.  Apple further objects that this request is directed towards issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules.  Apple further objects that this request seeks documents that are not relevant to the claims or defenses of any party and are not proportional to the needs of the case.  Apple further objects to this request as nonsensical because Apple did not sell items (b) through (e) as individual products during the relevant time period.  Apple further objects to this request on the ground that it is not limited in time and seeks documents for periods of time that are not relevant to any claim or defense.

Subject to and without waiving the foregoing general and specific objections, Apple states that it has previously produced documents responsive to subpart (a) of this request.

Based upon the foregoing objections and responses, Apple will not search for or produce further documents in response to this request.

**REQUEST FOR PRODUCTION NO. 5.**

To the extent not included in Your prior document productions, Documents sufficient to identify each and every summary, measurement, estimate, or public statement regarding the quantity and/or identity of all design and utility patents (other than the Apple Design Patents In Suit) that are or were practiced by each of the Apple Phones.

**RESPONSE:**

Apple objects to this request on the ground that it goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial.  Specifically, this request is not directed to the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple

Apple's Objections and Responses to Samsung's First Set of
Requests for Production Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this request is directed to issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules.  Apple further objects that this request seeks documents that are not relevant to the claims or defenses of any party and are not proportional to the needs of the case, particularly to the extent that this Request seeks information regarding "*each and every* summary, measurement, estimate, or public statement regarding the quantity and/or identity of all design and utility patents … that are or were practiced by each of the Apple Phones."  Apple further objects that this request seeks documents that are already in Samsung's possession, are in the public domain, or are equally available to Samsung.  Apple further objects to this request on the ground that it is not limited in time and seeks documents for periods of time that are not relevant to any claim or defense.

Based upon the foregoing objections and responses, Apple will not search for or produce further documents in response to this request.

**REQUEST FOR PRODUCTION NO. 6.**

To the extent not included in Your prior document productions, Documents sufficient to identify the unit sales, revenues, and profits of Your sales of (i) phone chargers of the type provided with Apple Phones and (ii) earphones of the type provided with Apple Phones, when those products are sold separately from the Apple Phones.

**RESPONSE:**

Samsung has withdrawn Request for Production No. 6 and Apple will not provide a response.

Apple's Objections and Responses to Samsung's First Set of
Requests for Production Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

**REQUEST FOR PRODUCTION NO. 10.**

To the extent not included in Your prior document productions, all Documents relating to any analysis of the components included in any Accused Phone or any Apple Phone, including teardowns, cost summaries, component pricing, and/or bills of materials, whether created by Apple or another party.

**RESPONSE:**

Apple objects to this request on the ground that it goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, to the extent that this request seeks Documents "relating to any analysis of the components included in … any Apple Phone," this request is not directed to the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this request is directed to issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity. Apple further objects that this request seeks documents that are already in Samsung's possession, are in the public domain, or are equally available to Samsung. Apple further objects to this request on the ground that it is

- 14 -

Apple's Objections and Responses to Samsung's First Set of
Requests for Production Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

not limited in time and seeks documents for periods of time that are not relevant to any claim or defense.

Subject to and without waiving the foregoing general and specific objections, Apple states that it has previously produced documents responsive to this request including teardowns of Samsung phones and Apple iPhones, Bills of Materials for Apple iPhones, and documents identifying the costs to Apple of components incorporated into each Apple iPhone.

Based upon the foregoing objections and responses, Apple will not search for or produce further documents in response to this request.

**REQUEST FOR PRODUCTION NO. 11.**

To the extent not included in Your prior document productions, Documents sufficient to show, for each sale of each Apple Phone, the costs attributable to Apple's payments for (i) utility patent licenses, (ii) design patent licenses, and (iii) licenses of other intellectual property.

**RESPONSE:**

Apple objects to this request on the ground that it goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial.  Specifically, this request is not directed to the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this request is directed to issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules.  Apple further objects to this request to the extent that it purports to require the production of documents

- 15 -

Apple's Objections and Responses to Samsung's First Set of
Requests for Production Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

Dated: November 29, 2017

/s/ Mark D. Selwyn
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

William F. Lee (admitted pro hac vice)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

- 18 -
Apple's Objections and Responses to Samsung's First Set of
Requests for Production Regarding Article of Manufacture
Case No. 11-cv-01846-LHK