# Exhibit F

QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                  Plaintiff,<br><br>          vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                  Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S FIRST 30(b)(6) DEPOSITION NOTICE TO APPLE REGARDING ARTICLE OF MANUFACTURE** |

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") will take the deposition upon oral examination of Apple Inc. ("Apple") pursuant to 30(b)(6) of the Federal Rules of Civil Procedure. The deposition will commence on a mutually agreeable date at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555 Twin Dolphin Drive, Redwood Shores, California, 94065 and will continue day-to-day until completed. The deposition will be taken by a notary public or other authorized officer and will be videotaped and recorded stenographically. Pursuant to Rule 30(b)(6), Apple shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning each of the topics set forth in Exhibit A hereto.

DATED:  November 22, 2017          Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By  */s/ Victoria F. Maroulis*
   John B. Quinn
   Kathleen M. Sullivan
   William C. Price
   Michael T. Zeller
   Kevin P.B. Johnson
   Victoria F. Maroulis

   Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
   INC., and SAMSUNG TELECOMMUNICATIONS
   AMERICA, LLC

**<u>EXHIBIT A</u>**

**DEFINITIONS AND INSTRUCTIONS**

The Topics for deposition, as well as the Instructions provided below, are subject to and incorporate the following definitions:

1.      The term "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in any of them, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

2.      The terms "Apple," "You," and/or "Your" mean Apple Inc., and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in any of them, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on its behalf.

3.      "Apple Design Patents In Suit" shall mean the D618,677 patent (the "D'677 patent"), the D593,087 patent (the "D'087 patent"), and the D604,305 patent (the "D'305 patent").

4.      "Accused Phone" means any phone Apple intends to seek damages for in the May 14, 2018 trial, and for the avoidance of doubt includes the following:  Captivate, Continuum, Droid Charge, Epic 4G, Galaxy S 4G, Galaxy S II (AT&T), Galaxy S II (T-Mobile), Galaxy S II (Epic 4G Touch), Galaxy S II (Skyrocket), Gem, Indulge, Infuse 4G, Fascinate, Mesmerize, Showcase, and Vibrant.

5.      "Article of Manufacture" has the meaning given to it by the U.S. Supreme Court in *Samsung Electronics Co., Ltd. v. Apple Inc.*, 137 S.Ct. 429 (2016).

6.      "Apple Phone" shall mean the original iPhone, the iPhone 3G, the iPhone 3GS, and the iPhone 4.

7.      The terms "Document" and "Documents" shall have the broadest meaning ascribed to them by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001. The terms

shall include within their meaning, by way of example and not limitation, any and all accounts, analyses, books, CDs, calendars, commercial paper, communications, correspondence, DVDs, email, films, financial statements, floppy disks, hard disks, inter-office memoranda, intangible things, invoices, ledgers, letters, licenses, logs, memoranda, microfilms, minutes, notes, notes of conversations, notes of meetings, notes of telephone calls, office communications, photographs, printouts, recordings of conversations (whether written or electronic), reports, schedules, storage tape, task lists, telegrams, telephone bills, videotapes or other video recordings, and any differing versions of the foregoing whether denominated formal, informal or otherwise, as well as copies of the foregoing which differ from the original in any way, including handwritten notations or other written or printed matter. The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not. A draft or non-identical copy of a Document is a separate Document within the meaning of these terms.

8.     The term "Identify" means (1) when referring to a person, the person's full name, present or last known address, and the last known title and place of employment; (2) when referring to a business, legal, or governmental entity or association, the name and address of the entity or association; (3) when referring to a fact, the fact and the documentary or testimonial support for that fact; (4) when referring to a product or a component thereof, the model name/number, the manufacturer, the date it was first announced, the date it was first released, the date it was first sold and the entity that first sold the product (*e.g.*, the carrier) and a general description of the product or thing; (5) when referring to a written communication, identity of the Documents(s) in which the communication was made; (6) when referring to an oral communication, the identity of persons participating in the communication; (7) when referring to nonpatent Documents, the production number or type of Document, its general nature and subject matter, date of creation, and all author(s), addressee(s), and recipient(s); and (8) when referring to patent Documents, the country, patent and/or application number, dates of filing, publication, and grant, and the names of patentees or applicants.

9.      The term "including" shall be construed to mean "including, without limitation" or "including, but not limited to."

10.     The terms "relating" and "relating to" shall mean regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, identifying, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing, or constituting (in whole or in part).

11.     "And" as well as "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning possible, so as to bring within the scope of the Topic all information that might otherwise be construed to be outside its scope. The term "all" is to be construed to mean "any" and "each" and vice versa.

12.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

13.     The use of the singular form of any word includes the plural and vice versa.

14.     Nothing in these Topics, or the definitions and instructions contained herein, shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definitions or instructions.

SAMSUNG'S FIRST 30(b)(6) NOTICE TO APPLE REGARDING ARTICLE OF MANUFACTURE

e.      The display screen (without temporal limitation) of each Accused Phone found to have infringed the **D'305** patent; and

f.      Any alternative Article(s) of Manufacture that You may identify for the jury, for each Apple Design Patents In Suit, if You contend that to be different from the entire phone.

**TOPIC NO. 4:**

Each and every summary, measurement, estimate, or public statement regarding the quantity and/or identity of all design and utility patents (other than the Apple Design Patents In Suit) that are or were practiced by each of the Apple Phones.

**TOPIC NO. 5:**

Each and every summary, measurement, estimate, or public statement regarding the quantity and/or identity of each and every design and utility patents (other than the Apple Design Patents In Suit) that You have at any time contended is a driver of demand for smartphones.

**TOPIC NO. 6:**

The identity of each and every physical part and component, including any part number or other identifier thereof, of each of the Apple Phones.

**TOPIC NO. 7:**

The identities of the manufacturer and/or supplier to You of each and every physical part and component of the Apple Phones referenced in Topic No. 6 and in Your response to Interrogatory No. 6 in Samsung's First Set of Interrogatories to Apple Regarding Article of Manufacture.

**TOPIC NO. 8:**

Your cost to acquire each and every physical part and component of the Apple Phones, as identified pursuant to Your response to Topic No. 6 and Interrogatory No. 6 in Samsung's First Set of Interrogatories to Apple Regarding Article of Manufacture.

**TOPIC NO. 9:**

The amount of profit You claim Apple earned, and the full basis for Your computation thereof, including all revenues, income, costs, unit costs, and quantities (and any Documents relevant to this Topic), from Your sales of the Apple Phones for each of the following:

SAMSUNG'S FIRST 30(b)(6) NOTICE TO APPLE REGARDING ARTICLE OF MANUFACTURE

a.     Each complete Apple Phone;

b.     The round-cornered, glass front face of each Apple Phone You contend practices the **D'677** patent;

c.     The round-cornered, glass front face plus the surrounding rim or bezel of each Apple Phone You contend practices the **D'087** patent;

d.     The display screen while it is displaying the single array of GUI icons, as claimed by the **D'305** patent, of each Apple Phone You contend practices the **D'305** patent; and

e.     The display screen (without temporal limitation) of each Apple Phone You contend practices the **D'305** patent; and

f.     Any alternative Article(s) of Manufacture that You may identify for the jury, for each Apple Design Patents In Suit, if You contend that to be different from the entire phone.

**TOPIC NO. 10:**

The process by which each part, portion, or component of each Apple Phone is manufactured, including: (i) the location of manufacture; (ii) the name of the manufacturer; and (iii) the materials and methods used, for each of the following:

a.     Each complete Apple Phone;

b.     The round-cornered, glass front face of each Apple Phone You contend practices the **D'677** patent;

c.     The round-cornered, glass front face plus the surrounding rim or bezel of each Apple Phone You contend practices the **D'087** patent;

d.     The display screen while it is displaying the single array of GUI icons, as claimed by the **D'305** patent, of each Apple Phone You contend practices the **D'305** patent; and

e.     The display screen (without temporal limitation) of each Apple Phone You contend practices the **D'305** patent; and

**SAMSUNG'S FIRST 30(b)(6) NOTICE TO APPLE REGARDING ARTICLE OF MANUFACTURE**

f.      Any alternative Article(s) of Manufacture that You may identify for the jury, for each Apple Design Patents In Suit, if You contend that to be different from the entire phone.

**TOPIC NO. 11:**

All statements and documents regarding how to separate, test, diagnose, repair, or replace each part, portion, or component of each Apple Phone, including all of Apple's profits, revenues, income, costs, unit costs, and quantities associated with these activities, including specifically each of the following:

a.      Each complete Apple Phone;

b.      The round-cornered, glass front face of each Apple Phone You contend practices the **D'677** patent;

c.      The round-cornered, glass front face plus the surrounding rim or bezel of each Apple Phone You contend practices the **D'087** patent;

d.      The display screen while it is displaying the single array of GUI icons, as claimed by the **D'305** patent, of each Apple Phone You contend practices the **D'305** patent; and

e.      The display screen (without temporal limitation) of each Apple Phone You contend practices the **D'305** patent; and

f.      Any alternative Article(s) of Manufacture that You may identify for the jury, for each Apple Design Patents In Suit, if You contend that to be different from the entire phone.

**TOPIC NO. 12:**

The identity of each Apple design patent or design patent application that is practiced by, in whole or in part, any Apple Phone (other than Apple Design Patents In Suit), and the facts and circumstances regarding the prosecution of each such design patent or design patent application.

**TOPIC NO. 13:**

Documents produced by Apple in this action after November 21, 2017.

SAMSUNG'S FIRST 30(b)(6) NOTICE TO APPLE REGARDING ARTICLE OF MANUFACTURE