# Exhibit G

ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Apple Inc.*

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**APPLE'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST 30(b)(6) DEPOSITION NOTICE TO APPLE REGARDING ARTICLE OF MANUFACTURE** |

1    Pursuant to Federal Rules of Civil Procedure 26 and 30, Plaintiff Apple Inc. ("Apple") hereby provides its Objections and Responses to Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC's (collectively, "Samsung") Rule 30(b)(6) Notice to Apple ("Notice"), including the Definitions and Instructions that Samsung lists in Exhibit A. Apple reserves the right to supplement, revise, and/or amend its objections and responses as necessary and/or appropriate. Apple will identify representatives on the topics identified in Samsung's 30(b)(6) Notice ("Topics") consistent with its Objections and Responses as set forth below.

## GENERAL OBJECTIONS

Apple expressly incorporates each of the following General Objections into its specific objections and responses to each Topic, whether or not each such General Objection is referred to in Apple's specific objections and response to each Topic.

1.  Apple objects that the Notice seeks testimony on topics beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Under those rules, any new discovery is limited only to those new factual issues raised by the Court's October 22, 2017 Order Requiring New Trial on Design Patent Damages (Dkt. 3530), specifically (1) the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, and (2) the calculation of Samsung's total profits from the sale of those articles of manufacture. Any Topics that are not directed to those issues and any Topics that are directed to previously-litigated issues are beyond the appropriate scope of discovery.

2.  Apple objects to the Topics to the extent they are overly broad or unduly burdensome, fail to provide reasonable particularity, or seek to impose on Apple any duty or obligation that is inconsistent with or in excess of those that are imposed by the Federal Rules of Civil Procedure, the Case Management Order (Dkt. 3536), or any other applicable rule or law.

3.  Any statement by Apple that it will designate a witness is made without waiving or intending to waive any objections as to relevance, materiality, privilege, or admissibility of any

information in this or any subsequent proceeding or at the trial of this or any other action, on any ground.

4. Apple reserves the right to object to any specific deposition question at the time of examination. Objections to form, relevance, admissibility, privilege, and/or questions outside the scope of the 30(b)(6) Topics (as narrowed and/or objected to by Apple) are expressly reserved.

5. Apple objects to the Notice and Topics contained therein to the extent they call for testimony protected by the attorney-client privilege, joint defense privilege, common interest privilege, work product doctrine, or any other applicable privilege or immunity. Apple intends to and does claim all such protections and privileges. No person will be designated to testify about such privileged information. The inadvertent disclosure by Apple of any information protected from disclosure by the attorney-client privilege, joint defense privilege, common interest privilege, work product doctrine, or any other applicable privilege or discovery immunity shall not constitute a waiver by Apple of any such protection.

6. Apple objects to the Notice to the extent that any Topic seeks duplicative and/or cumulative information already requested by, and/or more appropriately obtained through, other discovery mechanisms, including requests for production and interrogatories, or that has already been obtained in discovery. Apple further objects to all Topics to the extent that they are duplicative of one another.

7. Apple objects to the Notice to the extent that the Topics are not limited in time and call for testimony concerning periods of time that are not relevant to this case.

8. Apple objects to the Notice and the Topics to the extent they call for testimony on matters that are not known or reasonably available to Apple and thereby seek to avoid the requirements of Federal Rule of Civil Procedure 30.

9. Apple objects to the Notice to the extent it seeks to require Apple to produce one or more witnesses to testify about Topics that pertain to documents or information beyond what Apple is able to locate upon a reasonable search of its own files and from a reasonable inquiry of its present employees.

10. Apple objects to each Topic to the extent that it seeks information that is publicly available, or that is in the sole possession of any third party. Apple also objects to examination on Topics that seek information that Samsung has already or should have already obtained in the course of discovery.

11. Apple objects to the Topics to the extent that they seek information that is not in the possession, custody, or control of Apple, purports to require Apple to speculate about the identity of persons who might have responsive information, and/or purport to call for any description of documents that Apple no longer possesses and/or was under no obligation to maintain.

12. Apple reserves the right to revise, correct, add to, supplement, modify, or clarify its testimony as to any Topic pursuant to Federal Rule of Civil Procedure 26(a), in any manner it deems appropriate. These responses are made without prejudice to Apple's right to present at trial additional evidence or witnesses as may be discovered or produced.

13. Apple objects to each Topic to the extent it seeks information that is not relevant to the subject matter involved in this action or proportional to the needs of the case.

14. Apple objects to each Topic to the extent it is vague or ambiguous, imprecisely specifies the information sought, and/or fails to describe with reasonable particularity the matters requested for examination. Where vague, ambiguous, or imprecise terms are used, Apple will provide testimony that is reasonably responsive to the Topic. If Samsung subsequently asserts any interpretation of any Topic that differs from the interpretation of Apple, then Apple reserves the right to supplement and amend its Objections and Responses as appropriate.

15. Apple objects to each Topic to the extent that it calls for legal conclusions, legal contentions, the application of law to facts, opinion testimony, and/or information that will be the subject of expert discovery. Apple will not provide any legal contentions, legal conclusions, or expert testimony in response to the Notice.

16. Apple objects to each Topic to the extent that it seeks information that is competitively sensitive, confidential, or proprietary, including information that is subject to third-party confidentiality obligations, trade secrets, or other confidential or proprietary research, development, or commercial or

business information.  Apple agrees to provide such information, subject to other objections herein, only in accordance with the terms and conditions governing confidentiality (including confidentiality obligations to third parties) of the Protective Order entered in this action (Dkt. 687).

17. Apple objects to each Topic to the extent that it calls for information prohibited from disclosure by any court, or the laws or regulations, or any state, the United States, or any other country.

18. Apple objects to each Topic to the extent that it seeks testimony for the purpose of attempting to apportion Apple's damages for infringement of Apple's design patents between profits allegedly attributable to the design of the Samsung's infringing phones and profits allegedly attributable to the technological and utilitarian features of the infringing phones, in contravention of prior orders of this Court, the Federal Circuit Court of Appeals, and the United States Supreme Court.

19. None of the objections contained herein is an admission with respect to the existence of any witness capable of testifying as to the requested information; to the relevance, existence, or admissibility of such requested information; or to the truth or accuracy of any statement or characterization contained in Samsung's Notice.

20. To the extent that Apple designates a witness to testify regarding a Topic to which it has objected, Apple maintains its general and specific objections, such objections are not waived by the furnishing of a witness, and the witness's 30(b)(6) testimony is limited by Apple's general and specific objections.

21. Apple objects to Samsung's definition of "'Apple,' 'You,' and/or 'Your'" as overly broad to the extent it includes "all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in any of them, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on its behalf."  To the extent Apple agrees to designate a witness on a Topic, it will do so only on behalf of Apple.

22. Apple objects to Samsung's definition of "Article of Manufacture."  Apple will understand "Article of Manufacture" to mean an "article of manufacture" as that term is used in 35 U.S.C. § 289.

D'305 Patents. Apple further objects to this Topic to the extent it seeks any testimony that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable legal privilege.

Apple will not present a witness to provide testimony in response to this Topic.

**TOPIC NO. 4:**

Each and every summary, measurement, estimate, or public statement regarding the quantity and/or identity of all design and utility patents (other than the Apple Design Patents In Suit) that are or were practiced by each of the Apple Phones.

**RESPONSE TO TOPIC NO. 4:**

Apple incorporates by reference the General Objections above. Apple objects to this Topic because it calls for expert testimony. Apple further objects on the grounds that this Topic seeks information that is beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, this Topic is not directed towards the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this Topic is directed towards issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects to this Topic to the extent it seeks testimony for purposes of attempting to apportion damages in contravention of prior orders of this Court, the Federal Circuit Court of Appeals, and the United States Supreme Court. Apple further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case, and because it fails to provide reasonable particularity. Apple further objects to this Topic to the extent it seeks information that is publicly available. Apple further objects to this Topic to the extent it seeks any testimony that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable legal privilege.

Apple will not present a witness to provide testimony in response to this Topic.

**TOPIC NO. 5:**

Each and every summary, measurement, estimate, or public statement regarding the quantity and/or identity of each and every design and utility patents (other than the Apple Design Patents In Suit) that You have at any time contended is a driver of demand for smartphones.

**RESPONSE TO TOPIC NO. 5:**

Apple incorporates by reference the General Objections above. Apple objects to this Topic because it calls for expert testimony. Apple further objects on the grounds that this Topic goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, this Topic is not directed towards the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this Topic is directed towards issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects to this Topic to the extent it seeks testimony for purposes of apportioning damages in contravention of prior orders of this Court, the Federal Circuit Court of Appeals, and the United States Supreme Court. Apple further objects to this Topic because it is overly broad and unduly burdensome, not proportional to the needs of the case, and fails to provide reasonable particularity. Apple further objects that the term "driver of demand for smartphones" is vague and ambiguous. Apple further objects that this Topic seeks testimony concerning statements made "at any time" and is therefore overbroad and unduly burdensome, not proportional to the needs of the case, and fails to provide reasonable particularity. Apple further objects to this Topic to the extent it seeks any testimony that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable legal privilege.

Apple will not present a witness to provide testimony in response to this Topic.

**RESPONSE TO TOPIC NO. 7:**

Apple incorporates by reference the General Objections above. Apple further objects on the grounds that this Topic seeks information that is beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, this Topic is directed towards issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects to this Topic to the extent it seeks testimony for purposes of apportioning damages in contravention of prior orders of this Court, the Federal Circuit Court of Appeals, and the United States Supreme Court. Apple specifically objects to this Topic because the request for testimony concerning the manufacturer and/or supplier of "[e]ach and every" physical part and component of the Apple Phones is overly broad and unduly burdensome, not proportional to the needs of the case, fails to provide reasonable particularity, and concerns information more properly sought through other forms of discovery. Apple further objects to this Topic to the extent it seeks any testimony that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable legal privilege.

Subject to and without waiving the foregoing objections, Apple will present a witness prepared to explain the Bills of Materials for the original iPhone, iPhone 3G, iPhone 3GS, and iPhone 4, including how to determine from them the identity of the manufacturer of each component.

**TOPIC NO. 8:**

Your cost to acquire each and every physical part and component of the Apple Phones, as identified pursuant to Your response to Topic No. 6 and Interrogatory No. 6 in Samsung's First Set of Interrogatories to Apple Regarding Article of Manufacture.

**RESPONSE TO TOPIC NO. 8:**

Apple incorporates by reference the General Objections above. Apple further objects on the grounds that this Topic goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, this Topic is not directed towards the discovery of evidence relevant to the identification of the articles of

-11-   Case No. 11-cv-01846-LHK

APPLE'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST 30(b)(6) NOTICE TO APPLE REGARDING ARTICLE OF MANUFACTURE

manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this Topic is directed towards issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects to this Topic to the extent it seeks testimony for purposes of apportioning damages in contravention of prior orders of this Court, the Federal Circuit Court of Appeals, and the United States Supreme Court. Apple further objects to this Topic because the request for testimony concerning the cost to acquire "[e]ach and every" physical part and component of the Apple Phones is overly broad and unduly burdensome, does not provide reasonable particularity, and is irrelevant to the remaining claims in the case, therefore making the Topic not proportional to the needs of the case. Furthermore, the Topic calls for testimony concerning information more properly sought through other forms of discovery. Apple further objects to this Topic to the extent it seeks any testimony that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable legal privilege. Apple further objects to this Topic to the extent it calls for testimony concerning the confidential business information of any third-party to the present action.

Apple will not present a witness to provide testimony in response to this Topic.

**TOPIC NO. 9:**

The amount of profit You claim Apple earned, and the full basis for Your computation thereof, including all revenues, income, costs, unit costs, and quantities (and any Documents relevant to this Topic), from Your sales of the Apple Phones for each of the following:

a. Each complete Apple Phone;

b. The round-cornered, glass front face of each Apple Phone You contend practices the **D'677** patent;

c. The round-cornered, glass front face plus the surrounding rim or bezel of each Apple Phone You contend practices the **D'087** patent;

    d.      The display screen while it is displaying the single array of GUI icons, as claimed by the **D'305** patent, of each Apple Phone You contend practices the **D'305** patent; and

    e.      The display screen (without temporal limitation) of each Apple Phone You contend practices the **D'305** patent; and

    f.      Any alternative Article(s) of Manufacture that You may identify for the jury, for each Apple Design Patents In Suit, if You contend that to be different from the entire phone.

**RESPONSE TO TOPIC NO. 9:**

Apple incorporates by reference the General Objections above. Apple further objects on the grounds that this Topic goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, this Topic is directed towards issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects to this Topic because it calls for expert testimony and legal conclusions. Apple further objects to this Topic because the request for "any Documents relevant to this Topic" is overly broad, unduly burdensome, and seeks information more properly sought through other forms of discovery. Apple further objects to this Topic to the extent it seeks "the full basis" for Apple's computation of its profits on the Apple Phones because such a request is vague, ambiguous, overbroad and unduly burdensome, and fails to provide reasonable particularity. Apple further objects to this Topic to the extent it seeks any testimony that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable legal privilege. Apple further objects to this Topic as nonsensical because Apple did not sell items (b) through (e) as individual products during the relevant time period.

Apple will not present a witness to provide testimony in response to this Topic.

**TOPIC NO. 10:**

The process by which each part, portion, or component of each Apple Phone is manufactured, including: (i) the location of manufacture; (ii) the name of the manufacturer; and (iii) the materials and methods used, for each of the following:

-13-    Case No. 11-cv-01846-LHK
APPLE'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST 30(b)(6) NOTICE TO APPLE REGARDING ARTICLE OF MANUFACTURE

test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this Topic is directed to issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects to this Topic because the request for testimony concerning "[a]ll statements and documents" regarding the Apple Phones is overbroad and unduly burdensome, and not proportional to the needs of the case, and fails to provide reasonable particularity. Similarly, the Topic is overbroad and unduly burdensome, fails to provide reasonable particularity, and is not proportional to the needs of the case to the extent it seeks testimony concerning "each part, portion or component of each Apple Phone." Apple further objects to this Topic to the extent it seeks testimony on financial data that is not recorded or created by Apple in the ordinary course of business. Apple further objects to this Topic to the extent it seeks any testimony that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable legal privilege.

Apple will not present a witness to provide testimony in response to this Topic.

**TOPIC NO. 12:**

The identity of each Apple design patent or design patent application that is practiced by, in whole or in part, any Apple Phone (other than Apple Design Patents In Suit), and the facts and circumstances regarding the prosecution of each such design patent or design patent application.

**RESPONSE TO TOPIC NO. 12:**

Apple incorporates by reference the General Objections above. Apple objects to this request on the ground that it goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, this request is not directed to the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this request is directed to issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so

violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects to this Topic because the request for testimony concerning the identify of "each Apple design patent or design patent application" that is practiced by the Apple Phones is overbroad, unduly burdensome, not proportional to the needs of the case, and fails to provide reasonable particularity. Apple further objects to this Topic because the request for testimony concerning the "facts and circumstances" of the prosecution of "each such design patent or design patent application" practiced by any Apple Phone is similarly overbroad and unduly burdensome, not proportional to the needs of the case, and fails to provide reasonable particularity. Apple further objects to the term "facts and circumstances" as vague, ambiguous, overbroad, and failing to provide reasonable particularity. Apple further objects to this Topic to the extent it seeks any testimony that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable legal privilege.

Apple will not present a witness to provide testimony in response to this Topic.

**TOPIC NO. 13:**

Documents produced by Apple in this action after November 21, 2017.

**RESPONSE TO TOPIC NO. 13:**

Apple incorporates by reference the General Objections above. Apple objects to this Topic because it fails to sufficiently identify any specific subject for testimony by an Apple witness. Accordingly, it is vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and fails to provide reasonable particularity. Apple further objects to this Topic to the extent it seeks any testimony that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable legal privilege.

Subject to and without waiving the foregoing objections, Apple will present a witness prepared to testify about documents produced after November 21, 2017 to the extent they fall within the scope of a Topic for which Apple has agreed to provide a witness.

Dated: December 7, 2017

/s/ Mark D. Selwyn
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

William F. Lee (admitted pro hac vice)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: ( 415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

-18-                                        Case No. 11-cv-01846-LHK
APPLE'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST 30(b)(6) NOTICE TO APPLE REGARDING ARTICLE OF MANUFACTURE