# Exhibit H

Chart of Samsung's Discovery Requests and Apple's Responses

| **Discovery Requests Concerning Apple Phones' Component Parts** ||
|---|---|
| **SAMSUNG REQUEST FOR PRODUCTION NO. 1:**<br>To the extent not included in Your prior document productions, Documents sufficient to identify each and every physical part and component of each of Apple Phone. | **APPLE OBJECTIONS AND RESPONSE:**<br>Apple objects to this request on the ground that it goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, this request is not directed to the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this request is directed to issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects that this request seeks documents not relevant to the claims or defenses of any party and is not proportional to the needs of the case. Apple further objects to this request on the ground that it is not limited in time and seeks documents for periods of time that are not relevant to any claim or defense.<br>Subject to and without waiving the foregoing general and specific objections, Apple states that it has previously produced documents responsive to this request.<br>Based upon the foregoing objections and responses, Apple will not search for or produce further documents in response to this request. |
| **SAMSUNG REQUEST FOR PRODUCTION NO. 2:**<br>To the extent not included in Your prior document productions, Documents sufficient to identify the (i) manufacturer and (ii) supplier to You of each and every physical part and component of each Apple Phone. | **APPLE OBJECTIONS AND RESPONSE:**<br>Apple objects to this request on the ground that it goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, this request is not directed to the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this request is directed to issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects that this request seeks documents that are not relevant to the claims or defenses of any party and are not proportional to the needs of the case. Apple further objects to this request on the ground that it is not limited in time and seeks documents for periods of time that are not relevant to any claim or defense. |

Chart of Samsung's Discovery Requests and Apple's Responses

|  | Subject to and without waiving the foregoing general and specific objections, Apple states that it has previously produced documents responsive to this request.<br>Based upon the foregoing objections and responses, Apple will not search for or produce further documents in response to this request. |
|---|---|
| **SAMSUNG REQUEST FOR PRODUCTION NO. 3:**<br>To the extent not included in Your prior document productions, Documents sufficient to identify the cost to You of acquiring each and every physical part and component of each Apple Phone. | **APPLE OBJECTIONS AND RESPONSE:**<br>Apple objects to this request on the ground that it goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, this request is not directed to the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this request is directed to issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects that this request seeks documents that are not relevant to the claims or defenses of any party and are not proportional to the needs of the case. Apple further objects to this request on the ground that it is not limited in time and seeks documents for periods of time that are not relevant to any claim or defense.<br>Subject to and without waiving the foregoing general and specific objections, Apple states that it has previously produced documents responsive to this request.<br>Based upon the foregoing objections and responses, Apple will not search for or produce further documents in response to this request. |
| **SAMSUNG REQUEST FOR PRODUCTION NO. 4:**<br>To the extent not included in Your prior document productions, Documents sufficient to identify profits earned by You from Your sales of:<br>a. Each complete Apple Phone;<br>b. The round-cornered, glass front face of each Apple Phone You contend practices the D'677 patent;<br>c. The round-cornered, glass front face plus the surrounding rim or bezel of each Apple Phone You contend practices the D'087 patent;<br>d. The display screen while it is displaying the single array of GUI icons, as claimed by the D'305 | **APPLE OBJECTIONS AND RESPONSE:**<br>Apple objects to this request on the ground that it goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, this request is not directed towards the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this request is directed towards issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects that this request seeks documents that are not relevant to the claims or defenses of any party and are not proportional to the needs of the case. Apple further objects to this request as nonsensical because Apple did not sell items (b) through (e) as individual products during the relevant time period. Apple further |

Chart of Samsung's Discovery Requests and Apple's Responses

| | |
|---|---|
| patent, of each Apple Phone You contend practices the D'305 patent; and<br>e. The display screen (without temporal limitation) of each Apple Phone You contend practices the D'305 patent. | objects to this request on the ground that it is not limited in time and seeks documents for periods of time that are not relevant to any claim or defense.<br>Subject to and without waiving the foregoing general and specific objections, Apple states that it has previously produced documents responsive to subpart (a) of this request.<br>Based upon the foregoing objections and responses, Apple will not search for or produce further documents in response to this request. |
| **SAMSUNG REQUEST FOR PRODUCTION NO. 10:**<br>To the extent not included in Your prior document productions, all Documents relating to any analysis of the components included in any Accused Phone or any Apple Phone, including teardowns, cost summaries, component pricing, and/or bills of materials, whether created by Apple or another party. | **APPLE OBJECTIONS AND RESPONSE:**<br>Apple objects to this request on the ground that it goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, to the extent that this request seeks Documents "relating to any analysis of the components included in … any Apple Phone," this request is not directed to the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this request is directed to issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity. Apple further objects that this request seeks documents that are already in Samsung's possession, are in the public domain, or are equally available to Samsung. Apple further objects to this request on the ground that it is not limited in time and seeks documents for periods of time that are not relevant to any claim or defense.<br>Subject to and without waiving the foregoing general and specific objections, Apple states that it has previously produced documents responsive to this request including teardowns of Samsung phones and Apple iPhones, Bills of Materials for Apple iPhones, and documents identifying the costs to Apple of components incorporated into each Apple iPhone.<br>Based upon the foregoing objections and responses, Apple will not search for or produce further documents in response to this request. |
| **SAMSUNG 30(b)(6) TOPIC NO. 8:**<br>Your cost to acquire each and every physical part and component of the Apple Phones, as identified | **APPLE OBJECTIONS AND RESPONSE:**<br>Apple incorporates by reference the General Objections above. Apple further objects on the grounds that this Topic goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 |

| | |
|---|---|
| pursuant to Your response to Topic No. 6 and Interrogatory No. 6 in Samsung's First Set of Interrogatories to Apple Regarding Article of Manufacture. | trial. Specifically, this Topic is not directed towards the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this Topic is directed towards issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects to this Topic to the extent it seeks testimony for purposes of apportioning damages in contravention of prior orders of this Court, the Federal Circuit Court of Appeals, and the United States Supreme Court. Apple further objects to this Topic because the request for testimony concerning the cost to acquire "[e]ach and every" physical part and component of the Apple Phones is overly broad and unduly burdensome, does not provide reasonable particularity, and is irrelevant to the remaining claims in the case, therefore making the Topic not proportional to the needs of the case. Furthermore, the Topic calls for testimony concerning information more properly sought through other forms of discovery. Apple further objects to this Topic to the extent it seeks any testimony that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable legal privilege. Apple further objects to this Topic to the extent it calls for testimony concerning the confidential business information of any third-party to the present action.<br>Apple will not present a witness to provide testimony in response to this Topic. |
| **SAMSUNG 30(b)(6) TOPIC NO. 9:**<br>The amount of profit You claim Apple earned, and the full basis for Your computation thereof, including all revenues, income, costs, unit costs, and quantities (and any Documents relevant to this Topic), from Your sales of the Apple Phones for each of the following:<br>a. Each complete Apple Phone;<br>b. The round-cornered, glass front face of each Apple Phone You contend practices the D'677 patent;<br>c. The round-cornered, glass front face plus the surrounding rim or | **APPLE OBJECTIONS AND RESPONSE:**<br>Apple incorporates by reference the General Objections above. Apple further objects on the grounds that this Topic goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, this Topic is directed towards issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects to this Topic because it calls for expert testimony and legal conclusions. Apple further objects to this Topic because the request for "any Documents relevant to this Topic" is overly broad, unduly burdensome, and seeks information more properly sought through other forms of discovery. Apple further objects to this Topic to the extent it seeks "the full basis" for Apple's computation of its profits on the Apple Phones because such a request is vague, ambiguous, overbroad and unduly burdensome, and fails to provide reasonable particularity. Apple further objects to this Topic to the extent it seeks |

| | |
|---|---|
| bezel of each Apple Phone You contend practices the D'087 patent; <br> d. The display screen while it is displaying the single array of GUI icons, as claimed by the D'305 patent, of each Apple Phone You contend practices the D'305 patent; and <br> e. The display screen (without temporal limitation) of each Apple Phone You contend practices the D'305 patent; and <br> f. Any alternative Article(s) of Manufacture that You may identify for the jury, for each Apple Design Patents In Suit, if You contend that to be different from the entire phone. | any testimony that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable legal privilege. Apple further objects to this Topic as nonsensical because Apple did not sell items (b) through (e) as individual products during the relevant time period. <br> Apple will not present a witness to provide testimony in response to this Topic. |
| **Discovery Requests Regarding Apple Phones' Other Patents** ||
| **SAMSUNG INTERROGATORY NO. 5:** <br> Identify documents from Your prior document productions, or additional documents to be produced by You, sufficient to show each and every summary, measurement, estimate, or public statement regarding the quantity and/or identity of all design and utility patents (other than the Apple Design Patents In Suit) that are or were practiced by each of the Apple Phones. | **APPLE OBJECTIONS AND RESPONSE:** <br> Apple objects on the grounds that this interrogatory goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, this interrogatory is not directed towards the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this interrogatory is directed towards issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects that this interrogatory seeks the identification of documents that are not relevant to the claims or defenses of any party and is not proportional to the needs of the case, particularly to the extent that this interrogatory seeks information regarding "each and every summary, measurement, estimate, or public statement regarding the quantity and/or identity of all design and utility patents … that are or were practiced by each of the Apple Phones." Apple further objects to this interrogatory to the extent it seeks information that can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available. Apple further objects on the grounds that this interrogatory is not limited in time and |

| | seeks information for periods of time that are not relevant to any claim or defense.<br>Subject to and without waiving the foregoing general and specific objections, Apple identifies the following documents as responsive to this request: JX1091; PX142. |
|---|---|
| **REQUEST FOR PRODUCTION NO. 5:**<br>To the extent not included in Your prior document productions, Documents sufficient to identify each and every summary, measurement, estimate, or public statement regarding the quantity and/or identity of all design and utility patents (other than the Apple Design Patents In Suit) that are or were practiced by each of the Apple Phones. | **APPLE OBJECTIONS AND RESPONSE:**<br>Apple objects to this request on the ground that it goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, this request is not directed to the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this request is directed to issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects that this request seeks documents that are not relevant to the claims or defenses of any party and are not proportional to the needs of the case, particularly to the extent that this Request seeks information regarding "*each and every* summary, measurement, estimate, or public statement regarding the quantity and/or identity of all design and utility patents … that are or were practiced by each of the Apple Phones." Apple further objects that this request seeks documents that are already in Samsung's possession, are in the public domain, or are equally available to Samsung. Apple further objects to this request on the ground that it is not limited in time and seeks documents for periods of time that are not relevant to any claim or defense.<br>Based upon the foregoing objections and responses, Apple will not search for or produce further documents in response to this request. |
| **SAMSUNG 30(b)(6) TOPIC NO. 4:**<br>Each and every summary, measurement, estimate, or public statement regarding the quantity and/or identity of all design and utility patents (other than the Apple Design Patents In Suit) that are or were practiced by each of the Apple Phones. | **APPLE OBJECTIONS AND RESPONSE:**<br>Apple incorporates by reference the General Objections above. Apple objects to this Topic because it calls for expert testimony. Apple further objects on the grounds that this Topic seeks information that is beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, this Topic is not directed towards the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this Topic is directed towards issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the |

|  | limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects to this Topic to the extent it seeks testimony for purposes of attempting to apportion damages in contravention of prior orders of this Court, the Federal Circuit Court of Appeals, and the United States Supreme Court. Apple further objects to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case, and because it fails to provide reasonable particularity. Apple further objects to this Topic to the extent it seeks information that is publicly available. Apple further objects to this Topic to the extent it seeks any testimony that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable legal privilege. Apple will not present a witness to provide testimony in response to this Topic. |
|---|---|
| **SAMSUNG 30(b)(6) TOPIC NO. 5:** Each and every summary, measurement, estimate, or public statement regarding the quantity and/or identity of each and every design and utility patents (other than the Apple Design Patents In Suit) that You have at any time contended is a driver of demand for smartphones. | **APPLE OBJECTIONS AND RESPONSE:** Apple incorporates by reference the General Objections above. Apple objects to this Topic because it calls for expert testimony. Apple further objects on the grounds that this Topic goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, this Topic is not directed towards the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this Topic is directed towards issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects to this Topic to the extent it seeks testimony for purposes of apportioning damages in contravention of prior orders of this Court, the Federal Circuit Court of Appeals, and the United States Supreme Court. Apple further objects to this Topic because it is overly broad and unduly burdensome, not proportional to the needs of the case, and fails to provide reasonable particularity. Apple further objects that the term "driver of demand for smartphones" is vague and ambiguous. Apple further objects that this Topic seeks testimony concerning statements made "at any time" and is therefore overbroad and unduly burdensome, not proportional to the needs of the case, and fails to provide reasonable particularity. Apple further objects to this Topic to the extent it seeks any testimony that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable legal privilege. Apple will not present a witness to provide testimony in response to this Topic. |

Chart of Samsung's Discovery Requests and Apple's Responses

| **SAMSUNG 30(b)(6) TOPIC NO. 12:** The identity of each Apple design patent or design patent application that is practiced by, in whole or in part, any Apple Phone (other than Apple Design Patents In Suit), and the facts and circumstances regarding the prosecution of each such design patent or design patent application. | **APPLE OBJECTIONS AND RESPONSE:** Apple incorporates by reference the General Objections above. Apple objects to this request on the ground that it goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, this request is not directed to the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this request is directed to issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects to this Topic because the request for testimony concerning the identify of "each Apple design patent or design patent application" that is practiced by the Apple Phones is overbroad, unduly burdensome, not proportional to the needs of the case, and fails to provide reasonable particularity. Apple further objects to this Topic because the request for testimony concerning the "facts and circumstances" of the prosecution of "each such design patent or design patent application" practiced by any Apple Phone is similarly overbroad and unduly burdensome, not proportional to the needs of the case, and fails to provide reasonable particularity. Apple further objects to the term "facts and circumstances" as vague, ambiguous, overbroad, and failing to provide reasonable particularity. Apple further objects to this Topic to the extent it seeks any testimony that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable legal privilege. Apple will not present a witness to provide testimony in response to this Topic. |
|---|---|