# Exhibit I

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5101**

WRITER'S EMAIL ADDRESS
**margretcaruso@quinnemanuel.com**

December 7, 2017

<u>VIA E-MAIL</u>

Mark Selwyn
WilmerHale
950 Page Mill Road
Palo Alto, CA 94304
(650) 858-6031

Re:     *Apple v. Samsung*, 11-cv-1846 – Apple's Discovery Responses

Dear Mark:

I write in response to your letter of December 6, 2017 addressed to me and discussing Apple's discovery responses.  Your letter did not resolve Samsung's concerns about Apple's discovery responses, and thus we look forward to speaking with you about them.  To guide our conversation, our comments on the points addressed in your letter are below.

**Samsung's Requests for Admission**

*1. "Vague And Ambiguous" Objections.*

Samsung disagrees that "can remove" and "can separate" are ambiguous terms that justify a wholesale refusal to answer the Request for Admission, particularly when your letter acknowledges on page three that "Apple has not disputed that Samsung's phones can be 'torn down' (which will render them inoperative)."  However, to help clarify the Requests Apple has refused to admit or deny: please assume the phrases "can remove" or "can separate" mean a part can be removed or separated in such a way that it could be detached from the entire phone but still be reassembled to function normally.  For example, for RFA No. 30, please admit or deny whether a user can physically remove the battery of an Accused Phone and then replace the battery so that the phone functions normally.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | PERTH

Mark Selwyn
December 7, 2017

*2. Relevance/Groundhog Day Objections.*

Samsung disagrees that requests about the manufacture of Apple's phones are too ambiguous that Apple can respond with an admission or denial. For RFA Nos. 38-43, the term "manufactured separately" is sufficiently clear when read with its plain meaning. Apple must admit or deny whether various components are manufactured in a different time, place, or manner than other components. For example, in Samsung's RFA No. 40, if Apple does not manufacture the display screen of its phones at the same time and place as the back material of its phones, or it does so using a different manufacturing process and then later assembles the two portions into a final phone, admit must admit the Request. For RFA Nos. 44-45, Samsung disagrees that its Requests seeking confirmation that Apple repairs broken display screens on its phones that display graphical interfaces (including Apple's patented ones) is ambiguous, and we look forward to discussing these requests on our call.

*3. Denials of Prior Testimony*

Samsung disagrees that its Requests quoting Apple's witness testimony "misstate or mischaracterize" anything, and we note that your letter fails to provide any specifics supporting that assertion.  In any event, we look forward to discussing this issue on our call.

**Samsung's Requests for Production**

Samsung is not "retreading old grounds" in its Requests for Production.  The Court has ordered a new trial with new jury instructions, and with a factual record tailored to the newly-announced test for Section 289 damages.  Samsung's Requests for Production seek only documents relevant to that test, and Apple cannot take the position that the only new documents it must produce are those that it intends to affirmatively use for its benefit.  Please come prepared to discuss on our call Apple's apparent position that it lacks *any* unproduced documents bearing on the Section 289 inquiry other than those it seeks to introduce at trial.

RFPs 1-4: Apple's component costs and profits are relevant to the manufacture, cost, and accounting for smartphones, including those at issue in the upcoming retrial.  This request "makes [] sense" because Apple has repeatedly taken issue with Samsung's financial records and the degree to which they do or do not reflect standard practice.  Apple may not withhold information about its own components and suppliers when that information is relevant to industry practice. *See* Dkt. 1842 at 3025-27 (Samsung expert Michael Wagner testifying that deduction of Samsung operating expenses was consistent with Apple's own financial records); Dkt. 2840 at 764-70 (Apple witness Julie Davis testifying regarding Apple financial statements in relation to Section 289 damages); Dkt. 2842 at 1018-24 (Samsung expert Michael Wagner testifying regarding Apple profitability documents and consistency with Samsung's Section 289 damages calculations).

Mark Selwyn
December 7, 2017

RFP 5: A single marketing statement that the original iPhone has "200+ patents" is insufficient to address what patents Apple's phones (including subsequent iPhones) practice.  If Apple's position is that its corporate records contain only these two documents relating to what patents its phones practice, it should amend its responses to say so.

RFP 10: Samsung's Request does not seek the "quantity" of teardowns but instead seeks teardowns in Apple's possession, which are clearly relevant to the Section 289 inquiry.  Contrary to Apple's position, the Court's October 22, 2017 order notes that the Solicitor General, whose test the Court adopted, expressly describes the inquiry as "a case-specific analysis of the relationship among the design, the product, and *any components*." Dkt. 3530 at 13 (citing U.S. Br. 9) (emphasis added).  Teardowns showing the Accused Phones broken down into their components are relevant to this inquiry.  The fourth factor, which considers "whether the design pertains to a component that a user or seller can physically separate from the product as a whole" inherently relates to teardowns showing a phone user (here, Apple) physically separating a smartphone into component parts through the teardown process.  This is why the Court's July 28 order considered testimony about "how smartphones are assembled and how the screen was separate from internal components," Dkt. 3509 at 29, in analyzing the erroneous jury instructions on Section 289 damages.  Apple is required search for these documents bearing on the Section 289 analysis.

RFP 11: Samsung previously explained the purpose of this Request in its December 4 letter: the fact that smartphones practice (and license) numerous patents beyond Apple's asserted design patents shows that, for example, baseband processors licensing patents for energy efficiency are "conceptually separate" from the design of the phone's case.  We are happy to discuss this further during our meet and confer call.  However, if Apple believes it has provided this information in prior "duplicative" requests, please direct us to which of Samsung's prior requests (and documents in Apple's prior productions) Apple is referring to so that we may consider them.

**Samsung's Interrogatories**

Interrogatory 5: As with Apple's position on Request for Production No. 5, Samsung does not believe that Apple's only nonprivileged information about patents practiced by the iPhone consist of a Patent and Trademark Office exhibit and a Macworld 2007 video.

Interrogatories 6-8: Samsung has explained the relevance of these requests and will do so in additional detail on our call.  As with Samsung's Requests for Production regarding the components in Apple's phones, this information is relevant to the first step of the Section 289 inquiry: the identity of the relevant article.  Per the Court's order, the parties must make their case to the jury as to the proper articles of manufacture, drawing on "the relative prominence of the design" in a smartphone, whether the design is "conceptually distinct" from the entire phone, and the "physical relationship" of the design with the rest of the phone, including whether the article can be "physically separate[d]" from the entire phone.  Dkt. 3530 at 35.  Apple's

Mark Selwyn
December 7, 2017

information about how the front glass face, bezel, and display screen of its own phones are separated, tested, repaired, and replaced is discoverable as it potentially speaks to how the *patentee* was applying its narrow design patents to discrete and physically separable components of its phones, contrary to Apple's position in this case that its design patents are not applied to such components.

Interrogatory 9: Thank you for your clarification.

Interrogatory 10: We look forward to Apple's supplementation of this interrogatory response, and Samsung reserves the right to seek depositions of those witnesses if Apple intends to depose Samsung's previously-deposed trial witnesses.  Please note that if Apple refuses to identify its trial witnesses in response to this interrogatory, Samsung will move to preclude Apple from presenting any such undisclosed witnesses at the May 2018 trial.

***

Samsung's review of Apple's discovery responses remains ongoing, and Samsung reserves the right to identify additional issues it may discovery in the future.

Sincerely,

*/s/ Margret Caruso*

Margret Caruso