# Exhibit K

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S EMAIL ADDRESS
sarajenkins@quinnemanuel.com

December 21, 2017

<u>VIA E-MAIL</u>

Bill Lee
WilmerHale
60 State Street
Boston, MA 02109 USA

Re:     <u>Apple v. Samsung Electronics, et al., No. 5:11-cv-01846-LHK (N.D.Cal.)</u>

Dear Bill:

I write to confirm the outcome of our discussion regarding Samsung's discovery disputes with Apple at the lead counsel meet-and-confer session held on December 19, 2017. This letter only addresses Samsung's issues that were not addressed in my December 20, 2017 letter.

**I.     Depositions of Apple trial witnesses Phil Schiller and Chris Stringer**

As you know, on December 14 Apple identified Phil Schiller and Chris Stringer as two of the five fact witnesses that it may present at the upcoming trial. Samsung immediately requested deposition dates for these two witnesses, but Apple has declined to provide them, claiming that it will confine its questioning of these witnesses to the scope of their prior testimony.

As we discussed, Samsung believes it has the right to depose any witnesses Apple intends to call at trial. Among other things, Samsung is entitled to question these witnesses regarding facts relevant to the new test for identification of the relevant article of manufacture, and the new documents Apple has produced. Indeed, Apple has specifically identified Mr. Schiller in its supplemental response to Samsung's Interrogatory No. 1, which asks for the identification of persons with knowledge of Apple's identification of the applicable articles of manufacture in this case. Apple also identified both Mr. Schiller and Mr. Stringer as knowledgeable witnesses in response to Samsung's Interrogatory Nos. 12 (seeking identification of the Article(s) of Manufacture to which Apple has applied each Apple Design Patent In Suit and, for each such Article of Manufacture, the person(s) most knowledgeable about related subjects) and 13 (asking for identification of persons knowledgeable about Apple's responses to Samsung's Interrogatories 1-12).

During our call, Apple was not persuaded by our arguments, and the parties agreed that they are

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

02198-51855/9768417.2

at an impasse on this issue.  Thus, motion practice will be necessary.  Apple confirmed that neither witness has any reason why he could not be deposed should the Court order it (such as travel, illness, or other unavailability), and that Apple will comply with any resulting court order regarding these depositions.

## II.      Manufacture, Cost, Profit and Separability of Component Parts of the iPhone

As we discussed, Samsung believes that Apple's responses to the following discovery requests related to the manufacture, cost, profit and separability of component parts of the iPhone are deficient:

**REQUEST FOR PRODUCTION NO. 1.**

To the extent not included in Your prior document productions, Documents sufficient to identify each and every physical part and component of each of Apple Phone.

**REQUEST FOR PRODUCTION NO. 2.**
To the extent not included in Your prior document productions, Documents sufficient to identify the (i) manufacturer and (ii) supplier to You of each and every physical part and component of each Apple Phone.

**REQUEST FOR PRODUCTION NO. 3.**
To the extent not included in Your prior document productions, Documents sufficient to identify the cost to You of acquiring each and every physical part and component of each Apple Phone.

**REQUEST FOR PRODUCTION NO. 4.**
To the extent not included in Your prior document productions, Documents sufficient to identify profits earned by You from Your sales of:
a. Each complete Apple Phone;
b. The round-cornered, glass front face of each Apple Phone You contend practices the D'677 patent;
c. The round-cornered, glass front face plus the surrounding rim or bezel of each Apple Phone You contend practices the D'087 patent;
d. The display screen while it is displaying the single array of GUI icons, as claimed by the D'305 patent, of each Apple Phone You contend practices the D'305 patent; and
e. The display screen (without temporal limitation) of each Apple Phone You contend practices the D'305 patent.

**REQUEST FOR PRODUCTION NO. 10.**
To the extent not included in Your prior document productions, all Documents relating to any analysis of the components included in any Accused Phone or any Apple Phone, including teardowns, cost summaries, component pricing, and/or bills of materials, whether created by Apple or another party.

**30(b)(6) TOPIC NO. 8:**
Your cost to acquire each and every physical part and component of the Apple Phones, as identified pursuant to Your response to Topic No. 6 and Interrogatory No. 6 in Samsung's First Set of Interrogatories to Apple Regarding Article of Manufacture.

**30(b)(6) TOPIC NO. 9:**
The amount of profit You claim Apple earned, and the full basis for Your computation thereof, including all revenues, income, costs, unit costs, and quantities (and any Documents relevant to this Topic), from Your sales of the Apple Phones for each of the following:
a. Each complete Apple Phone;
b. The round-cornered, glass front face of each Apple Phone You contend practices the D'677 patent;
c. The round-cornered, glass front face plus the surrounding rim or bezel of each Apple Phone You contend practices the D'087 patent;
d. The display screen while it is displaying the single array of GUI icons, as claimed by the D'305 patent, of each Apple Phone You contend practices the D'305 patent; and
e. The display screen (without temporal limitation) of each Apple Phone You contend practices the D'305 patent; and
f. Any alternative Article(s) of Manufacture that You may identify for the jury, for each Apple Design Patents In Suit, if You contend that to be different from the entire phone.

**30(b)(6) TOPIC NO. 12:**
The identity of each Apple design patent or design patent application that is practiced by, in whole or in part, any Apple Phone (other than Apple Design Patents In Suit), and the facts and circumstances regarding the prosecution of each such design patent or design patent application.

Apple has largely refused to provide any new discovery on this subject in response to the above-referenced requests, claiming irrelevance and burden. In particular, Apple conveyed during our call that it will not search for new documents on these issues, nor provide 30(b)(6) witnesses for the topics listed above. Samsung believes it is entitled to discovery that relates to the manufacture, cost, profit and separability of the component parts of the iPhone. As detailed in our prior correspondence, this evidence is relevant to the identification of the article of manufacture and the four-part test adopted by the Court. Information concerning the costs and profits of the Apple iPhone components is also relevant to rebut any argument by Apple that Samsung's claimed costs or profits are not reasonable or otherwise in line with industry standards – an argument you expressly reserved the right to make during our call.

Given that the parties are at an impasse, it appears that motion practice will be necessary on this issue as well.

### III. Other Patents Practiced by the iPhone

As we discussed, Samsung believes that Apple's responses to the following discovery requests bearing on the issue of other patents practiced by the iPhone are deficient:

**INTERROGATORY NO. 5:**
Identify documents from Your prior document productions, or additional documents to be produced by You, sufficient to show each and every summary, measurement, estimate, or public statement regarding the quantity and/or identity of all design and utility patents (other than the Apple Design Patents In Suit) that are or were practiced by each of the Apple Phones.

**REQUEST FOR PRODUCTION NO. 5.**
To the extent not included in Your prior document productions, Documents sufficient to identify each and every summary, measurement, estimate, or public statement regarding the quantity and/or identity of all design and utility patents (other than the Apple Design Patents In Suit) that are or were practiced by each of the Apple Phones

**REQUEST FOR PRODUCTION NO. 11.**
To the extent not included in Your prior document productions, Documents sufficient to show, for each sale of each Apple Phone, the costs attributable to Apple's payments for (i) utility patent licenses, (ii) design patent licenses, and (iii) licenses of other intellectual property.

**30(b)(6) TOPIC NO. 4:**
Each and every summary, measurement, estimate, or public statement regarding the quantity and/or identity of all design and utility patents (other than the Apple Design Patents In Suit) that are or were practiced by each of the Apple Phones.

**30(b)(6) TOPIC NO. 5:**
Each and every summary, measurement, estimate, or public statement regarding the quantity and/or identity of each and every design and utility patents (other than the Apple Design Patents In Suit) that You have at any time contended is a driver of demand for smartphones**.**

As detailed in our prior correspondence, given that all patents are held out to represent novel inventions, the identity by type and number of inventions Apple has deemed or represented to be embodied in its Phones, is relevant to, at a minimum, Factor Three of the Article of Manufacture test—i.e., whether the design is conceptually distinct from the product as a whole. (Oct. 22, 2017 Order, Dkt. 3530 at 35.)  During our call Apple disagreed, arguing that such discovery was irrelevant.  We then asked what quantity of documents Apple was withholding based on its relevance objection.  Apple represented that had not yet performed a search for these documents, as it did not see a need to do such a search.  Ultimately, Apple stood firm on its objections, and the parties agreed to disagree on this subject.  It thus appears that motion practice will be necessary on this issue.

**IV.   Apple's Responses to Certain of Samsung's Requests for Admission**

Samsung contends that Apple's responses to Samsung's Request for Admission Nos. 4, 8, 12, 30-32 and 38-44 are deficient, because Apple has refused to admit or deny these requests based at least in part on its vagueness objections.  During our call, Apple agreed to take another look at its responses to determine whether it could apply reasonable definitions to the terms in question and answer the Requests notwithstanding its vagueness objections.  We look forward to hearing from you on this item.

Please let me know by the close of business today if we have misunderstood Apple's final position on any of the above-referenced issues.

Regards,

*/s/ Sara Jenkins*

Sara Jenkins

cc: William Price, Esq.
    Counsel of record

02198-51855/9768417.2