# EXHIBIT A

1   ERIK J. OLSON (CA SBN 175815)
    ejolson@mofo.com
2   NATHAN B. SABRI (CA SBN 252216)
    nsabri@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California 94105-2482
    Telephone:  (415) 268-7000
5   Facsimile:  (415) 268-7522

    WILLIAM F. LEE (*pro hac vice*)
    william.lee@wilmerhale.com
    WILMER CUTLER PICKERING
      HALE AND DORR LLP
    60 State Street
    Boston, Massachusetts 02109
    Telephone:  (617) 526-6000
    Facsimile:  (617) 526-5000

6   MARK D. SELWYN (CA SBN 244180)
    mark.selwyn@wilmerhale.com
7   WILMER CUTLER PICKERING
      HALE AND DORR LLP
8   950 Page Mill Road
    Palo Alto, California 94304
9   Telephone:  (650) 858-6000
    Facsimile:  (650) 858-6100

10

11  *Attorneys for Plaintiff Apple Inc.*

12

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

13

14

15  APPLE INC., a California corporation,

16              Plaintiff,

17      vs.                                         Case No. 11-cv-01846-LHK

18  SAMSUNG ELECTRONICS CO., LTD., a               **APPLE'S OBJECTIONS AND**
19  Korean business entity; SAMSUNG               **RESPONSES TO SAMSUNG'S FIRST**
    ELECTRONICS AMERICA, INC., a New              **SET OF INTERROGATORIES**
20  York corporation; SAMSUNG                     **REGARDING ARTICLE OF**
    TELECOMMUNICATIONS AMERICA,                    **MANUFACTURE**
21  LLC, a Delaware limited liability company,

22              Defendants.

23

24

25

26

27

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Apple Inc. ("Apple") hereby objects and responds to the First Set of Interrogatories Regarding Article of Manufacture served by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLC (collectively, "Samsung").

These responses are based on information reasonably available to Apple at the present time.  Apple reserves the right to amend and supplement these responses when and if additional information becomes available.

## GENERAL OBJECTIONS

Apple makes the following general responses and objections ("General Objections") to each definition, instruction, and interrogatory propounded in Samsung's First Set of Interrogatories to Apple Regarding Article of Manufacture.  These General Objections are hereby incorporated into each specific response.  The assertion of the same, similar, or additional objections or partial responses to the individual interrogatories does not waive any of Apple's General Objections.

1.      Apple objects that Samsung's interrogatory go beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial.  Under those rules, any new discovery is limited only to those new factual issues raised by the Court's October 22, 2017 Order Requiring New Trial on Design Patent Damages (Dkt. 3530), specifically (1) the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, and (2) the calculation of Samsung's total profits from the sale of those articles of manufacture.  Any interrogatories that are not directed to those issues and any interrogatories that are directed to previously-litigated issues are beyond the appropriate

scope of discovery.

2.      Apple objects to Samsung's definitions of "Apple," "You," and "Your" to the extent they purport to include persons or entities that are separate and distinct from Apple and are not under Apple's control.  "Apple" refers only to Apple Inc.

3.      Apple objects to Samsung's definition of "Accused Phone."  Apple will understand the term "Accused Phone" to refer to any Samsung product adjudicated to infringe the D'677 Patent, D'087 Patent, and/or D'305 Patent according to the August 24, 2012 Amended Jury Verdict in this case (Dkt. 1931).

4.      Apple objects to Samsung's definition of "Article of Manufacture."  Apple will understand "Article of Manufacture" to mean an "article of manufacture" as that term is used in 35 U.S.C. § 289.

5.      Apple objects to the interrogatories to the extent that they call for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or discovery immunity.

6.      Apple objects to any interrogatory to the extent it is premature and/or to the extent that it: (a) conflicts with any schedule entered by the Court; (b) conflicts with obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local Rules, the Patent Local Rules of this Court, and/or any other applicable rules; (c) seeks information that is the subject of expert testimony; and/or (d) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced.

7.      Apple's responses to these interrogatories are made without waiver and with the preservation of: all issues as to the competency, relevancy, materiality, privilege, and

admissibility of the responses and the subject matter thereof for any purpose and in any further

proceeding in this litigation and in any other action or matter; the right to object to the use of any

such responses or the subject matter thereof on any ground in any further proceeding in this

litigation and in any other action or matter; the right to object on any ground at any time to a

demand or request for further response; and the right at any time to review, correct, add to,

supplement, or clarify any of the responses contained herein.

8.      None of Apple's objections or responses is an admission as to the existence of any

evidence, the relevance or admissibility of any evidence, or the truth or accuracy of any

statement or characterization contained in any interrogatory.

9.      Apple objects to the interrogatories to the extent that they seek information not

relevant to the claims or defenses of any party and are not proportional to the needs of the case.

10.     Apple will make, and has made, reasonable efforts to respond to these

interrogatories, to the extent that no objection is made, as Apple reasonably understands and

interprets each interrogatory.  If Samsung subsequently asserts any interpretation of any

interrogatory that differs from the interpretation of Apple, then Apple reserves the right to

supplement and amend its objections and responses.

11.     Apple objects to the interrogatory to the extent they are not limited in time and

seek information for periods of time that are not relevant to any claim or defense.

12.     Apple objects to the interrogatories to the extent that they seek information that is

already in Samsung's possession, is in the public domain, or is equally available to Samsung.

13.     To the extent that the interrogatories seek trade secrets or confidential commercial

or technical information, including information covered by confidentiality agreements between

Apple and any third party, Apple will respond subject to the Protective Order entered in this case

- 4 -

and subject to notice to third parties, as necessary.

14.     Apple objects to the interrogatories to the extent they seek information that is not in the possession, custody, or control of Apple.

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung's First Set of Interrogatories Regarding Article of Manufacture as follows.

<u>**SPECIFIC RESPONSES AND OBJECTIONS**</u>

<u>**INTERROGATORY NO. 1:**</u>

Specifically for each Apple Design Patent In Suit and each Accused Phone, Identify each Article of Manufacture to which You contend Samsung has applied a patented design and explain the factual and legal bases for that contention. Your response to this Interrogatory should include and Identify (i) any alternative Article(s) of Manufacture that you may identify for the jury for any Accused Product; (ii) the people currently at Apple with knowledge relevant to this Interrogatory; and (iii) all Documents relevant to this Interrogatory.

<u>**RESPONSE TO NO. 1:**</u>

Apple objects on the grounds that this interrogatory is compound.  Apple further objects that this interrogatory is overbroad, particularly with respect to the request for "all Documents relevant to this Interrogatory," and seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case.  Apple objects that this interrogatory is premature to the extent that it: (a) conflicts with the schedule entered by the Court; (b) conflicts with the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, and/or any other applicable rule; and (c) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced.  Apple further objects to this interrogatory to the extent it seeks information that: (i) requires the disclosure of information, documents, and things protected from

1     disclosure by the attorney-client privilege, work product doctrine, common interest doctrine,

2     joint defense privilege, or any other applicable privilege, doctrine, or immunity; (ii) would

3     require Apple to draw a legal conclusion to respond; (iii) is outside of Apple's possession,

4     custody, or control; or (iv) can be obtained as easily by Samsung, is already in Samsung's

5     possession, or is publicly available.

6           Subject to and without waiving the foregoing general and specific objections, Apple

7     responds as follows:

8           The articles of manufacture to which Samsung applied the D'677 patent are the Samsung

9     phones adjudicated to infringe the D'677 Patent according to the August 24, 2012 Amended Jury

10     Verdict in this case (Dkt. 1931).  The articles of manufacture to which Samsung applied the

11     D'087 Patent are the Samsung phones adjudicated to infringe the D'087 Patent according to the

12     August 24, 2012 Amended Jury Verdict in this case (Dkt. 1931).  The articles of manufacture to

13     which Samsung applied the D'305 Patent are the Samsung phones adjudicated to infringe the

14     D'305 Patent according to the August 24, 2012 Amended Jury Verdict in this case (Dkt. 1931).

15           As demonstrated by the jury's infringement verdict, Samsung applied Apple's patented

16     designs to the Samsung phones adjudicated to infringe the D'677 Patent, D'087 Patent, and

17     D'305 Patent according to the August 24, 2012 Amended Jury Verdict in this case (Dkt. 1931)

18     (the "Infringing Phones") for the purpose of sale.  The Infringing Phones, in their entirety, are

19     the things that may most fairly be said to embody Samsung's appropriation of Apple's patented

20     designs.  Apple's identification of the Infringing Phones as the articles of manufacture is further

21     supported by the four factors set forth in the Court's October 22, 2017 Order (Dkt. 3530).

22           **First**, the D'677, D'087, and D'305 Patents, including the scope of the designs claimed

23     therein, support that the articles of manufacture are the Infringing Phones.  Both the D'677 and

24     D'087 Patents are titled "Electronic Device," and both claim "[t]he ornamental design of an

25     electronic device" and not any component or part thereof.  The D'677 Patent specifically

26     identifies a "phone" as an exemplary article of manufacture to which the patented designs are

27

28

Apple Inc.'s Objections and Responses to Samsung's First Set of
Interrogatories Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

applied, and the figures in both the D'677 and D'087 Patents depict a phone. Nothing in the D'677, D'087, and D'305 Patents provides any limitation on the articles of manufacture to which the designs may be applied.

The Court's claim construction supports this article of manufacture. The Court held that the D'087 Patent "claims the ornamental design of an *electronic device* ... [T]he D'087 Patent claims the front face, a 'bezel encircling the front face of the patented design [that] extends from the front of the phone to its sides,' and a flat contour of the front face, but does not claim the rest of the *article of manufacture*" and that the D'677 Patent similarly claims "the ornamental design of an *electronic device*." Dkt. 1447 (emphasis added).

***Second,*** the patented designs are prominent in the Infringing Phones as a whole. The patented designs, which claim features related to the shape, relative dimensions, rounded corners, end-to-end front face, bezel, and grid of colorful icons, were prominent aspects of the Infringing Phones' overall design and contributed to the ultimate look and feel of the Infringing Phones— just as they were in Apple's iPhones. This is evidenced by the Infringing Phones themselves as well as the perception of the public, including consumers and the press, focusing on features of all three patented designs as indicators of the similarity between the overall appearance of the Infringing Phones and the design of the iPhone, not similarity between only some portion of Infringing Phones and a portion of the design of the iPhone. It is also evidenced by consumer surveys and research conducted by Apple, Samsung, and third parties showing the importance of design to consumers when making purchasing decisions, and by documents and testimony showing the importance of the design of entire products to Apple and Samsung. It is also evidenced by Samsung's strategy of designing phones holistically, and Samsung's touting of the design of the Infringing Phones as a whole in advertisements. It is further evidenced by Samsung's copying of the patented designs to create and sell phones that look like Apple's iPhones as a whole.

**Third,** the patented designs are not conceptually distinct from the Infringing Phones as a whole.  Samsung (like Apple) conceived of design at the level of the entire phone, not at the level of any component.  Consumers and the press perceived the patented designs as contributing to the overall similarity between the Infringing Phones and Apple's iPhones as a whole.  Additionally, Samsung copied the patented designs in an effort to replicate in the Infringing Phones the look and feel of Apple's iPhones in order to bolster the sales of the Infringing Phones.  Samsung also focused on the whole phones during its design process and touted the design of the Infringing Phones as a whole in advertisements for the purpose of selling the Infringing Phones.

**Fourth,** the physical relationship between the patented design and the Infringing Phones supports that the entire Infringing Phones are the articles of manufacture.  The articles that Samsung sold were the Infringing Phones, which were unitary products.  Samsung's records demonstrate that Samsung sold the Infringing Phones as a whole, and not as smaller components (such as casings, bezels, front faces, or graphical user interfaces separate from the Infringing Phones).  There is no evidence that consumers were able to or did separate phone casings, bezels, front faces, or graphical user interfaces from the Infringing Phones, or that anyone used casings, bezels, front faces, or graphical user interfaces separate from the Infringing Phones.  Samsung manufactured (or had manufactured) each Infringing Phone to include a casing, bezel, front face, and/or graphical user interface in the product sold.  Samsung also advertised the Infringing Phones as complete products.

Apple identifies the following documents as relevant to this interrogatory response:

(i) Documents bearing the following bates numbers:

| Bates Beg. | Bates End |
| --- | --- |
| APL-ITC796-0000070633 | APL-ITC796-0000070640 |
| APL-ITC796-0000071570 | APL-ITC796-0000071679 |

| | |
|---|---|
| APL-ITC796-0000155435 | APL-ITC796-0000155481 |
| APL-ITC796-0000206845 | APL-ITC796-0000206962 |
| APL-ITC796-0000458644 | APL-ITC796-0000458703 |
| APL-ITC796-0000462708 | APL-ITC796-0000462723 |
| APLNDC0000036266 | APLNDC0000036348 |
| APLNDC0001327374 | APLNDC0001327415 |
| APLNDC0001335264 | APLNDC0001335280 |
| APLNDC0001351087 | APLNDC0001351180 |
| APLNDC00014230 | APLNDC00014231 |
| APLNDC00014237 | APLNDC00014244 |
| APLNDC0001839680 | APLNDC0001839681 |
| APLNDC0001895601 | APLNDC0001895603 |
| APLNDC0001964084 | APLNDC0001964099 |
| APLNDC0002008363 | APLNDC0002008405 |
| APLNDC0002025972 | APLNDC0002025974 |
| APLNDC0002027210 | APLNDC0002027226 |
| APLNDC0002155318 | APLNDC0002155322 |
| APLNDC0002155335 | APLNDC0002155338 |
| APLNDC0002203457 | APLNDC0002203482 |
| APLNDC0002303105 | APLNDC0002303134 |
| APLNDC0002329800 | APLNDC0002329801 |
| APLNDC0002336678 | APLNDC0002336679 |
| APLNDC0002454404 | APLNDC0002454412 |
| APLNDC0002720423 | APLNDC0002720425 |
| APLNDC0002734025 | APLNDC0002734109 |

Apple Inc.'s Objections and Responses to Samsung's First Set of
Interrogatories Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

| | |
|---|---|
| APLNDC0003041738 | APLNDC0003041740 |
| APLNDC630-0000808892 | APLNDC630-0000808900 |
| APLNDC-WH-A0000026142 | APLNDC-WH-A0000026144 |
| APLNDC-X0000358382 | APLNDC-X0000358382 |
| APLNDC-Y0000025024 | APLNDC-Y0000025147 |
| APLNDC-Y0000026687 | APLNDC-Y0000026807 |
| APLNDC-Y0000027136 | APLNDC-Y0000027255 |
| APLNDC-Y0000028751 | APLNDC-Y0000028849 |
| APLNDC-Y0000029092 | APLNDC-Y0000029135 |
| APLNDC-Y0000055081 | APLNDC-Y0000055082 |
| APLNDC-Y0000055301 | APLNDC-Y0000055305 |
| APLNDC-Y0000134928 | APLNDC-Y0000134930 |
| APLNDC-Y0000134964 | APLNDC-Y0000135066 |
| APLNDC-Y0000135185 | APLNDC-Y0000135265 |
| APLNDC-Y0000135409 | APLNDC-Y0000135576 |
| APLNDC-Y0000135683 | APLNDC-Y0000135789 |
| APLNDC-Y0000142051 | APLNDC-Y0000142051 |
| APLNDC-Y0000142052 | APLNDC-Y0000142054 |
| APLNDC-Y0000147119 | APLNDC-Y0000147119 |
| APLNDC-Y0000147475 | APLNDC-Y0000147476 |
| APLNDC-Y0000147510 | APLNDC-Y0000147563 |
| APLNDC-Y0000149051 | APLNDC-Y0000149052 |
| APLNDC-Y0000149059 | APLNDC-Y0000149059 |
| APLNDC-Y0000149062 | APLNDC-Y0000149062 |
| APLNDC-Y0000151170 | APLNDC-Y0000151181 |

Apple Inc.'s Objections and Responses to Samsung's First Set of
Interrogatories Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

| | |
|---|---|
| APLNDC-Y0000151232 | APLNDC-Y0000151241 |
| APLNDC-Y0000232341 | APLNDC-Y0000232389 |
| APLNDC-Y0000234838 | APLNDC-Y0000234842 |
| APLNDC-Y0000234856 | APLNDC-Y0000234858 |
| APLNDC-Y0000234859 | APLNDC-Y0000234862 |
| APLNDC-Y0000234863 | APLNDC-Y0000234866 |
| APLNDC-Y0000234867 | APLNDC-Y0000234869 |
| APLNDC-Y0000234871 | APLNDC-Y0000234873 |
| APLNDC-Y0000234917 | APLNDC-Y0000234918 |
| APLNDC-Y0000234947 | APLNDC-Y0000234999 |
| APLNDC-Y0000235644 | APLNDC-Y0000235657 |
| APLNDC-Y0000235658 | APLNDC-Y0000235677 |
| APLNDC-Y0000235785 | APLNDC-Y0000235790 |
| APLNDC-Y0000235804 | APLNDC-Y0000235821 |
| APLNDC-Y0000235904 | APLNDC-Y0000235906 |
| APLNDC-Y0000235922 | APLNDC-Y0000235924 |
| APLNDC-Y0000235938 | APLNDC-Y0000235940 |
| APLNDC-Y0000235941 | APLNDC-Y0000235942 |
| APLNDC-Y0000235983 | APLNDC-Y0000235985 |
| APLNDC-Y0000236160 | APLNDC-Y0000236171 |
| APLNDCY0000236364 | APLNDCY0000236370 |
| APLNDC-Y0000237361 | APLNDC-Y0000237371 |
| APLNDC-Y0000237382 | APLNDC-Y0000237384 |
| APLNDC-Y0000264922 | APLNDC-Y0000265063 |
| SAMNDCA00202336 | SAMNDCA00202380 |

Apple Inc.'s Objections and Responses to Samsung's First Set of
Interrogatories Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

| | |
|---|---|
| SAMNDCA00203016 | SAMNDCA00203053 |
| SAMNDCA00203092 | SAMNDCA00203179 |
| SAMNDCA00203880 | SAMNDCA00204010 |
| SAMNDCA00204884 | SAMNDCA00205031 |
| SAMNDCA00217372 | SAMNDCA00217388 |
| SAMNDCA00217372 | SAMNDCA00217372 |
| SAMNDCA00228887 | SAMNDCA00228933 |
| SAMNDCA00228934 | SAMNDCA00228980 |
| SAMNDCA00229011 | SAMNDCA00229108 |
| SAMNDCA00232190 | SAMNDCA00232290 |
| SAMNDCA00238432 | SAMNDCA00238443 |
| SAMNDCA00249029 | SAMNDCA00249120 |
| SAMNDCA00258674 | SAMNDCA00258827 |
| SAMNDCA00311548 | SAMNDC00311548 |
| SAMNDCA00311579 | SAMNDCA00311579 |
| SAMNDCA00311719 | SAMNDCA00311729 |
| SAMNDCA00311741 | SAMNDCA00311741 |
| SAMNDCA00311758 | SAMNDCA00311758 |
| SAMNDCA00376530 | SAMNDCA00376584 |
| SAMNDCA00533129 | SAMNDCA00533159 |
| SAMNDCA10202899 | SAMNDCA10202983 |
| SAMNDCA10247549 | SAMNDCA10247552 |
| SAMNDCA10247689 | SAMNDCA10247689 |
| SAMNDCA10249770 | SAMNDCA10249776 |
| SAMNDCA10252511 | SAMNDCA10252525 |

Apple Inc.'s Objections and Responses to Samsung's First Set of
Interrogatories Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

| | |
|---|---|
| SAMNDCA10272003 | SAMNDCA10272032 |
| SAMNDCA10272033 | SAMNDCA10272067 |
| SAMNDCA10272186 | SAMNDCA10272225 |
| SAMNDCA10298457 | SAMNDCA10298457 |
| SAMNDCA10775587 | SAMNDCA10775624 |
| SAMNDCA10775587 | SAMNDCA10775624 |
| SAMNDCA10807316 | SAMNDCA10807387 |
| SAMNDCA10808165 | SAMNDCA10808199 |
| SAMNDCA10808185 | SAMNDCA10808195 |
| SAMNDCA10808682 | SAMNDCA10808758 |
| SAMNDCA10808694 | SAMNDCA10808694 |
| SAMNDCA10907800 | SAMNDCA10907802 |
| SAMNDCA10907801 | SAMNDCA10907802 |
| SAMNDCA10911088 | SAMNDCA10911093 |
| SAMNDCA11030081 | SAMNDCA11030359 |
| SAMNDCA11100552 | SAMNDCA11100567 |
| SAMNDCA11295524 | SAMNDCA11295608 |
| SAMNDCA11295718 | SAMNDCA11295796 |
| SAMNDCA11295797 | SAMNDCA11295872 |
| SAMNDCA11378313 | SAMNDCA11378348 |
| SAMNDCA11547471 | SAMNDCA11547505 |
| SAMNDCA20003761 | SAMNDCA20003857 |
| S-ITC-003351732 | S-ITC-003351759 |
| S-ITC-000118719 | S-ITC-000118775 |
| S-ITC-010477381 | S-ITC-010477490 |

| S-ITC-500013442 | S-ITC-500013547 |
|---|---|

(ii) Documents identified on the exhibit lists submitted by the parties in this proceeding bearing the following exhibit numbers:

| Exhibit Number | | | |
|---|---|---|---|
| DX676 | JX1034 | PX150 | PX36 |
| JX1000 | JX1035 | PX151 | PX37 |
| JX1001 | JX1041 | PX158 | PX38 |
| JX1002 | JX1042 | PX158A | PX3A |
| JX1003 | JX1043 | PX159 | PX40 |
| JX1007 | JX1091 | PX160 | PX41 |
| JX1008 | PX10 | PX161 | PX42 |
| JX1010 | PX11 | PX17 | PX43 |
| JX1011 | PX12 | PX174 | PX44 |
| JX1012 | PX126 | PX177 | PX45 |
| JX1013 | PX127 | PX177 | PX46 |
| JX1015 | PX129 | PX178 | PX47 |
| JX1016 | PX130 | PX179 | PX52 |
| JX1017 | PX133 | PX180 | PX53 |
| JX1018 | PX134 | PX196 | PX55 |
| JX1019 | PX135 | PX21 | PX56 |
| JX1020 | PX139 | PX22 | PX57 |
| JX1023 | PX142 | PX2257 | PX58 |
| JX1025 | PX143 | PX2261 | PX6 |
| JX1026 | PX144 | PX26A | PX60 |
| JX1027 | PX145 | PX26A | PX62 |
| JX1028 | PX146 | PX28 | PX69 |
| JX1031 | PX147 | PX3 | PX7 |
| JX1032 | PX148 | PX32 | PX8 |
| JX1033 | PX149 | PX34 | |

(iii) The following additional documents to be produced in this proceeding:

| Document Description |
|---|
| Matt Hartley, The Core of Its Success, The Globe and Mail, March 31, 2008, http://www.theglobeandmail.com/news/technology/the-core-of-its- |

| |
|---|
| success/article676629 |
| TV's New Rule: Celebrities Only Use iPhones (And iPads), Mobile Ind. Rev. (Aug. 31, 2010), http://www.mobileindustryreview.com/2010/08/tvs-new-rule-celebrities-onlyuse-iphones-and-ipads.html |
| The Design of iPhone 4. The Future Is In The Details, http://www.apple.com/channel/iphone/iphone-4/best-buy/design.html |
| Design Innovator: Steve Jobs 1955-2011, Oct. 5, 2011, http://www.cooperhewitt.org/apple.html |
| Alina Wheeler, Designing Brand Identity 66 (3d ed. Hoboken, NJ: John Wiley & Sons, Inc. 2009). |
| Apple iPhone 3G, PC Magazine, July 11, 2008 |
| INSIDE MOBILE, Becoming Part of the Apple iPad Generation, eWEEK |
| Apple Earnings Only Expected to Grow, USA Today, April 27, 2007 (http://www.usatoday.com/tech/techinvestor/corporatenews/2007-04-26-appleprofits_N.htm) |
| 2007 Samsung Annual Report |
| 2008 Samsung Annual Report |
| 2009 Samsung Annual Report |
| 2010 Samsung Annual Report |
| 2011 Samsung Annual Report |
| 2012 Samsung Annual Report |
| Galaxy S8 Design Story (http://design.samsung.com/global/contents/galaxy_s8/) |
| Samsung Product Design Gallery http://www.samsung.com/us/aboutsamsung/ir/financialinformation/annualreport/downloads/2007/07_SEC_07AR_E_brandmarketing-sponsorship-rd-productgallary-design.pdf |
| Designing the Galaxy S II! Simple and Smart, https://news.samsung.com/kr/943 |
| Galaxy S III, Let's Talk Design, https://news.samsung.com/global/galaxy-s-iii-lets-talk-design |
| IDSA, IDEA 2008 Best, http://www.idsa.org/category/tags/idea-2008-best |
| D&AD, Professional Awards 2008, http://www.dandad.org/awards/professional/2008/categories/prod/productdesign/22709/iphone |

Mark Prigg, Sir Johnathan Ive: The iMan Cometh,
http://www.thisislondon.co.uk/lifestyle/london-life/sir-jonathan-ive-the-iman-cometh-7562170.html

Yukari Iwatani Kane, Steven Paul Jobs, 1955-2011, Wall Street Journal, October 5, 2011,
http://online.wsj.com/article/SB10001424052702304447804576410753210811910.html

How Steve Jobs Changed the World of Design, October 7, 2011,
http://www.npr.org/2011/10/07/141144758/remembering-how-steve-jobs-changed-the-designworld

Nick Bilton, Steve Jobs: Designer First, C.E.O. Second, October 6, 2011,
http://bits.blogs.nytimes.com/2011/10/06/steve-jobs-designer-first-c-e-osecond/?ref=stevenpjobs

Walter Isaacson, The Real Leadership Lessons of Steve Jobs
http://hbr.org/2012/04/the-real-leadership-lessons-of-steve-jobs/ar/pr

Museum of Modern Art, Apple Industrial Design Group Collection,
http://www.moma.org/collection/artist.php?artist_id=22559

iF International Forum Design, iF online exhibition,
http://www.ifdesign.de/Exibition_index_e?pagemode=awards&kategorie_id=-1&pagemode=awards&sprache=1&award_id=142&ignore_cat=1&award_name=iF+product+design+award&award_jahr=&radio_searchmode=on&search=apple&btn_search.x=15&btn_search.y=19.

Engadget, "Ten Gadgets that Defined the Decade," Dec. 30, 2009,
http://www.engadget.com/2009/12/30/ten-gadgets-that-defined-the-decade/

Korea JoongAng Daily, "Apple's iPhone Tops List of Innovative Inventions," Feb. 18, 2008,
http://joongangdaily.joins.com/article/view.asp?aid=2886322

Ginny Mies, "Samsung Galaxy S: How Does It Measure Up to the Competition?" PCWorld, June 29, 2010,
http://www.pcworld.com/article/200142/samsung_galaxy_s_how_does_it_measure_up_to_the_competition.html

Ginny Mies, "Samsung Vibrant: A Standout Multimedia Phone," Washington Post, July 21, 2010,
http://www.washingtonpost.com/wp-dyn/content/article/2010/07/15/AR2010071506963.html

Macworld, "'S' is for Speed - Why Apple treats the iPhone like a black box"

Macworld, "Test Driving the iPad"

| Macworld, "Inside Apple's Design" |
|---|
| CCS Insight Hotline: Evolutionary iPhone 5 Will Be the Most Successful to Date, http://hotline.ccsinsight.com/article/Evolutionary_iPhone_5_Will_Be_the_Most_Successful_to_Date |

(iv) Expert Reports submitted in this proceeding by the following individuals:

| Expert | Date of Report |
|---|---|
| Henry Urbach | March 22, 2012 |
| Peter Bressler | March 22, 2012 |
| Susan Kare | March 22, 2012 |
| Russell Winer | March 22, 2012 |
| Terry Musika | March 22, 2012 |
| Sanjay Sood | March 22, 2012 |
| Susan Kare | April 16, 2012 |
| Peter Bressler | April 16, 2012 |
| Julie Davis | August 23, 2013 |
| Julie Davis | November 6, 2015 |

(v) Transcripts of depositions taken in this case.

Apple may provide further information responsive to this interrogatory in expert report(s) served consistent with the Court's Scheduling Order.

**INTERROGATORY NO. 2:**

Identify the amount of profit You claim Samsung earned from each Article of Manufacture that You identified in response to Interrogatory No. 1, and explain the factual and legal bases for Your computation thereof, including all revenues, income, costs, unit costs, and quantities for each such Article of Manufacture.  Your response to this Interrogatory should include and Identify (i) any alternative Article(s) of Manufacture that you may identify for the

- 17 -

jury for any Accused Product; (ii) the people currently at Apple with knowledge relevant to this Interrogatory; and (iii) all Documents relevant to this Interrogatory.

**RESPONSE TO NO. 2:**

Apple objects on the grounds that this interrogatory goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, this interrogatory is directed to issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects on the grounds that this interrogatory is not limited in time and seeks information for periods of time that are not relevant to any claim or defense. Apple further objects that this interrogatory is overbroad, particularly with respect to the request for "all Documents relevant to this Interrogatory," and seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case. Apple further objects that this interrogatory is premature to the extent that it: (a) conflicts with the schedule entered by the Court; (b) conflicts with the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, and/or any other applicable rule; (c) seeks information that is the subject of expert testimony; and (d) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced. Apple further objects to this interrogatory to the extent it seeks information that: (i) requires the disclosure of information, documents, and things protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, joint defense privilege, or any other applicable privilege, doctrine, or immunity; (ii) would require Apple to draw a legal conclusion to respond; (iii) is outside of Apple's possession, custody, or control; or (iv) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available.

Subject to and without waiving the foregoing general and specific objections, Apple responds as follows:

The profit Samsung earned from each Infringing Phone from the date of first notice of the design patents to Samsung (April 15, 2011 for the D'677 Patent; June 16, 2011 for the D'305 and D'087 Patents) through June 30, 2012 is set forth in the following table:

| | |
|---|---|
| Captivate | $16,618,320 |
| Continuum | $5,149,345 |
| Droid Charge | $54,839,113 |
| Epic 4G | $43,486,055 |
| Fascinate | $18,701,150 |
| Galaxy S 4G | $86,116,552 |
| Galaxy S II AT&T | $101,235,891 |
| Galaxy S II T-Mobile | $209,479,270 |
| Galaxy S II Epic 4G | $250,817,469 |
| Galaxy S II Skyrocket | $80,683,895 |
| Galaxy S Showcase | $36,537,703 |
| Gem | $4,434,398 |
| Indulge | $15,681,286 |
| Infuse 4G | $111,569,857 |
| Mesmerize | $52,275,284 |
| Vibrant | $28,821 |

The bases for these calculations are set forth in the Expert Report of Terry L. Musika dated July 29, 2012, the Expert Report of Julie L. Davis dated June 24, 2013, and the Expert Report of Julie L. Davis dated November 6, 2015, including all prior reports and materials incorporated therein.

Documents relevant to this Interrogatory Response are identified in the Expert Report of Terry L. Musika dated July 29, 2012, the Expert Report of Julie L. Davis dated June 24, 2013, and the Expert Report of Julie L. Davis dated November 6, 2015.

Apple may provide further information responsive to this interrogatory in expert report(s) served consistent with the Court's Scheduling Order.

**INTERROGATORY NO. 3:**

Identify the amount of profit You claim Samsung earned, and the full basis for Your computation thereof, including all revenues, income, costs, unit costs, and quantities (and all Documents relevant to this Interrogatory), from sales of each Accused Phone for each of the following:

a.  Each complete Accused Phone;

b.  The round-cornered, glass front face of each Accused Phone found to have infringed the **D'677** patent;

c.  The round-cornered, glass front face plus the surrounding rim or bezel of each Accused Phone found to have infringed the **D'087** patent;

d.  The display screen while it is displaying the single array of GUI icons, as claimed by the **D'305** patent, of each Accused Phone found to have infringed the **D'305** patent; and

e.  The display screen (without temporal limitation) of each Accused Phone found to have infringed the **D'305** patent.

**RESPONSE TO NO. 3:**

Apple objects on the grounds that this interrogatory goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial.  Specifically, this interrogatory is directed to issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules.  Apple further objects on the grounds that this interrogatory is not limited in time and seeks information for periods of time that are not relevant to any claim or defense.  Apple further objects that this interrogatory is premature to the extent that it: (a) conflicts with the schedule entered by the Court; (b) conflicts with the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, and/or any other

- 20 -

Apple Inc.'s Objections and Responses to Samsung's First Set of
Interrogatories Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

applicable rule; (c) seeks information that is the subject of expert testimony; and (d) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced.  Apple further objects to this interrogatory to the extent it seeks information that: (i) requires the disclosure of information, documents, and things protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, joint defense privilege, or any other applicable privilege, doctrine, or immunity; (ii) would require Apple to draw a legal conclusion to respond; (iii) is outside of Apple's possession, custody, or control; or (iv) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available.  Apple further objects to this interrogatory as nonsensical because Samsung did not sell items (b) through (e) as individual products during the relevant time period.  Apple further objects because Samsung bears the initial burden of production on identifying the relevant article of manufacture and proving the amount of total profit on the sale of that article.

Subject to and without waiving the foregoing general and specific objections, Apple responds as follows:

The profit Samsung earned from each Infringing Phone from the date of first notice of the design patents to Samsung (April 15, 2011 for the D'677 Patent; June 16, 2011 for the D'305 and D'087 Patents) through June 30, 2012 is set forth in the following table:

| Captivate | $16,618,320 |
|---|---|
| Continuum | $5,149,345 |
| Droid Charge | $54,839,113 |
| Epic 4G | $43,486,055 |
| Fascinate | $18,701,150 |
| Galaxy S 4G | $86,116,552 |
| Galaxy S II AT&T | $101,235,891 |
| Galaxy S II T-Mobile | $209,479,270 |
| Galaxy S II Epic 4G | $250,817,469 |
| Galaxy S II Skyrocket | $80,683,895 |

- 21 -
Apple Inc.'s Objections and Responses to Samsung's First Set of Interrogatories Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

| Galaxy S Showcase | $36,537,703 |
| Gem | $4,434,398 |
| Indulge | $15,681,286 |
| Infuse 4G | $111,569,857 |
| Mesmerize | $52,275,284 |
| Vibrant | $28,821 |

The bases for these calculations are set forth in the Expert Report of Terry L. Musika dated July 29, 2012, the Expert Report of Julie L. Davis dated June 24, 2013, and the Expert Report of Julie L. Davis dated November 6, 2015, including all prior reports and materials incorporated therein.

Documents relevant to this Interrogatory Response are identified in the Expert Report of Terry L. Musika dated July 29, 2012, the Expert Report of Julie L. Davis dated June 24, 2013, and the Expert Report of Julie L. Davis dated November 6, 2015.

Apple further responds that Samsung never provided documents sufficient to calculate the total profits for any of the items identified in items (b) to (e) during discovery in connection with this action despite requests and multiple orders compelling document production.  All prior reports, spreadsheets and financial information reflected the revenues and profits for Samsung's infringing smartphones based on the product as a whole, not any component thereof.  Samsung disclosed no theory regarding how it has calculated or would calculate a total profit without allocation or apportionment for any components included within its smartphones and to date, its experts have only calculated the profits attributable to the smartphones as a whole.

Apple may provide further information responsive to this interrogatory in expert report(s) served consistent with the Court's Scheduling Order.

## INTERROGATORY NO. 4:

If You seek a reasonable royalty, Identify the amount of the reasonable royalty for each Apple Design Patent In Suit and each Article of Manufacture You identified in response to Interrogatory No. 1, and explain the factual and legal bases for Your computation thereof, including any royalty rate expressed in per-unit or percentage-of-revenues terms and the basis for

Apple Inc.'s Objections and Responses to Samsung's First Set of
Interrogatories Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

the per-unit or percentage used, the computation of the alleged reasonable royalty, and the time periods over which You contend You are entitled to the alleged reasonable royalty. Your response to this Interrogatory should include and Identify (i) any alternative Article(s) of Manufacture that you may identify for the jury for any Accused Product; (ii) the people currently at Apple with knowledge relevant to this Interrogatory; and (iii) all Documents relevant to this Interrogatory.

**RESPONSE TO NO. 4:**

Samsung has withdrawn Interrogatory No. 4 and Apple will not provide a response.

**INTERROGATORY NO. 5:**

Identify documents from Your prior document productions, or additional documents to be produced by You, sufficient to show each and every summary, measurement, estimate, or public statement regarding the quantity and/or identity of all design and utility patents (other than the Apple Design Patents In Suit) that are or were practiced by each of the Apple Phones.

**RESPONSE TO NO. 5:**

Apple objects on the grounds that this interrogatory goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, this interrogatory is not directed towards the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this interrogatory is directed towards issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects that this interrogatory seeks the identification of documents that are not relevant to the claims or defenses of any party and is not proportional to the needs of the case, particularly to the extent that this interrogatory seeks

- 23 -

information regarding "*each and every* summary, measurement, estimate, or public statement regarding the quantity and/or identity of all design and utility patents … that are or were practiced by each of the Apple Phones."  Apple further objects to this interrogatory to the extent it seeks information that can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available.  Apple further objects on the grounds that this interrogatory is not limited in time and seeks information for periods of time that are not relevant to any claim or defense.

Subject to and without waiving the foregoing general and specific objections, Apple identifies the following documents as responsive to this request: JX1091; PX142.

**INTERROGATORY NO. 6:**

Identify documents from Your prior document productions, or additional documents to be produced by You, sufficient to identify each and every physical part and component, including any part number or other identifier thereof, of each of the Apple Phones.

**RESPONSE TO NO. 6:**

Apple objects on the grounds that this interrogatory goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial.  Specifically, this interrogatory is not directed towards the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture.  Apple further objects that this interrogatory is directed towards issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules.  Apple further objects on the grounds that this interrogatory is not limited in time and seeks information for periods of time that are not relevant to any claim or

Apple Inc.'s Objections and Responses to Samsung's First Set of
Interrogatories Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

defense.  Apple further objects that this interrogatory seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, Apple identifies the documents bearing the following bates numbers:

| Bates Beg. | Bates End |
| --- | --- |
| APL7940000193859 | APL7940000193872 |
| APL794-F0000004270 | APL794-F0000004524 |
| APL794-F0000002922 | APL794-F0000003391 |
| APL794-F0000003392 | APL794-F0000003667 |
| APL794-F0000003668 | APL794-F0000003919 |
| APL794-F0000003920 | APL794-F0000004105 |
| APL794-F0000004106 | APL794-F0000004269 |
| APLNDC-Y0000050773 | APLNDC-Y0000050895 |
| APLNDC-Y0000050896 | APLNDC-Y0000050958 |
| APLNDC-Y0000050959 | APLNDC-Y0000051027 |
| APLNDC-Y0000051028 | APLNDC-Y0000051092 |
| APLNDC-Y0000051093 | APLNDC-Y0000051276 |
| APLNDC-Y0000051277 | APLNDC-Y0000051349 |
| APLNDC-Y0000051363 | APLNDC-Y0000051591 |
| APL-ITC796-0000397905 | APL-ITC796-0000398026 |
| APL-ITC796-0000398027 | APL-ITC796-0000398148 |
| APL-ITC796-0000398149 | APL-ITC796-0000398270 |
| APL-ITC796-0000410619 | APL-ITC796-0000410684 |
| APL-ITC796-0000410685 | APL-ITC796-0000410780 |
| APL-ITC796-0000410781 | APL-ITC796-0000410989 |

| | |
|---|---|
| APL-ITC796-0000410990 | APL-ITC796-0000411204 |
| APL-ITC796-0000411205 | APL-ITC796-0000411425 |
| APL-ITC796-0000411426 | APL-ITC796-0000411634 |
| APL-ITC796-0000411635 | APL-ITC796-0000411860 |
| APL-ITC796-0000437912 | APL-ITC796-0000438058 |
| APL-ITC796-0000438059 | APL-ITC796-0000438169 |
| APL-ITC796-0000438170 | APL-ITC796-0000438274 |
| APL-ITC796-0000438275 | APL-ITC796-0000438378 |
| APL-ITC796-0000438379 | APL-ITC796-0000438471 |
| APL-ITC796-0000438472 | APL-ITC796-0000438593 |
| APL-ITC796-0000438594 | APL-ITC796-0000438715 |
| APL-ITC796-0000438716 | APL-ITC796-0000438806 |
| APL-ITC796-0000438807 | APL-ITC796-0000438897 |
| APL-ITC796-0000438898 | APL-ITC796-0000439019 |
| APL794-F0000000271 | APL794-F0000000392 |
| APL794-F0000000393 | APL794-F0000000514 |
| APL794-F0000000515 | APL794-F0000000636 |
| APL7940001423418 | APL7940001423483 |
| APL7940001423484 | APL7940001423579 |
| APL7940001423580 | APL7940001423726 |
| APL7940001423727 | APL7940001423837 |
| APL7940001423838 | APL7940001424046 |
| APL7940001424047 | APL7940001424151 |
| APL7940001424152 | APL7940001424255 |
| APL7940001424256 | APL7940001424348 |

Apple Inc.'s Objections and Responses to Samsung's First Set of
Interrogatories Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

| | |
|---|---|
| APL7940001424349 | APL7940001424470 |
| APL7940001424471 | APL7940001424685 |
| APL7940001424686 | APL7940001424906 |
| APL7940001424907 | APL7940001425115 |
| APL7940001425116 | APL7940001425237 |
| APL7940001425238 | APL7940001425328 |
| APL7940001425329 | APL7940001425419 |
| APL7940001425420 | APL7940001425541 |
| APL7940001425542 | APL7940001425767 |

**INTERROGATORY NO. 7:**

Identify documents from Your prior document productions, or additional documents to be produced by You, sufficient to identify the (i) manufacturer and (ii) supplier to You of each and every physical part and component of the Apple Phones, as identified pursuant to Your response to Interrogatory No. 6.

**RESPONSE TO NO. 7:**

Apple objects on the grounds that this interrogatory goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial. Specifically, this interrogatory is not directed towards the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture. Apple further objects that this interrogatory is directed towards issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules. Apple further objects on the grounds that this interrogatory is

- 27 -

Apple Inc.'s Objections and Responses to Samsung's First Set of
Interrogatories Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

not limited in time and seeks information for periods of time that are not relevant to any claim or defense.  Apple further objects that this interrogatory seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, Apple identifies the documents bearing the following bates numbers:

| Bates Beg. | Bates End |
| --- | --- |
| APL7940000193859 | APL7940000193872 |
| APL794-F0000004270 | APL794-F0000004524 |
| APL794-F0000002922 | APL794-F0000003391 |
| APL794-F0000003392 | APL794-F0000003667 |
| APL794-F0000003668 | APL794-F0000003919 |
| APL794-F0000003920 | APL794-F0000004105 |
| APL794-F0000004106 | APL794-F0000004269 |
| APLNDC-Y0000050773 | APLNDC-Y0000050895 |
| APLNDC-Y0000050896 | APLNDC-Y0000050958 |
| APLNDC-Y0000050959 | APLNDC-Y0000051027 |
| APLNDC-Y0000051028 | APLNDC-Y0000051092 |
| APLNDC-Y0000051093 | APLNDC-Y0000051276 |
| APLNDC-Y0000051277 | APLNDC-Y0000051349 |
| APLNDC-Y0000051363 | APLNDC-Y0000051591 |
| APL-ITC796-0000397905 | APL-ITC796-0000398026 |
| APL-ITC796-0000398027 | APL-ITC796-0000398148 |
| APL-ITC796-0000398149 | APL-ITC796-0000398270 |
| APL-ITC796-0000410619 | APL-ITC796-0000410684 |
| APL-ITC796-0000410685 | APL-ITC796-0000410780 |

| | |
|---|---|
| APL-ITC796-0000410781 | APL-ITC796-0000410989 |
| APL-ITC796-0000410990 | APL-ITC796-0000411204 |
| APL-ITC796-0000411205 | APL-ITC796-0000411425 |
| APL-ITC796-0000411426 | APL-ITC796-0000411634 |
| APL-ITC796-0000411635 | APL-ITC796-0000411860 |
| APL-ITC796-0000437912 | APL-ITC796-0000438058 |
| APL-ITC796-0000438059 | APL-ITC796-0000438169 |
| APL-ITC796-0000438170 | APL-ITC796-0000438274 |
| APL-ITC796-0000438275 | APL-ITC796-0000438378 |
| APL-ITC796-0000438379 | APL-ITC796-0000438471 |
| APL-ITC796-0000438472 | APL-ITC796-0000438593 |
| APL-ITC796-0000438594 | APL-ITC796-0000438715 |
| APL-ITC796-0000438716 | APL-ITC796-0000438806 |
| APL-ITC796-0000438807 | APL-ITC796-0000438897 |
| APL-ITC796-0000438898 | APL-ITC796-0000439019 |
| APL794-F0000000271 | APL794-F0000000392 |
| APL794-F0000000393 | APL794-F0000000514 |
| APL794-F0000000515 | APL794-F0000000636 |
| APL7940001423418 | APL7940001423483 |
| APL7940001423484 | APL7940001423579 |
| APL7940001423580 | APL7940001423726 |
| APL7940001423727 | APL7940001423837 |
| APL7940001423838 | APL7940001424046 |
| APL7940001424047 | APL7940001424151 |
| APL7940001424152 | APL7940001424255 |

Apple Inc.'s Objections and Responses to Samsung's First Set of
Interrogatories Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

| APL7940001424256 | APL7940001424348 |
| APL7940001424349 | APL7940001424470 |
| APL7940001424471 | APL7940001424685 |
| APL7940001424686 | APL7940001424906 |
| APL7940001424907 | APL7940001425115 |
| APL7940001425116 | APL7940001425237 |
| APL7940001425238 | APL7940001425328 |
| APL7940001425329 | APL7940001425419 |
| APL7940001425420 | APL7940001425541 |
| APL7940001425542 | APL7940001425767 |

**INTERROGATORY NO. 8:**

Identify documents from Your prior document productions, or additional documents to be produced by You, sufficient to identify Your cost to acquire each and every physical part and component of the Apple Phones, as identified pursuant to Your response to Interrogatory No. 6.

**RESPONSE TO NO. 8:**

Apple objects on the grounds that this interrogatory goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial.  Specifically, this interrogatory is not directed towards the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture.  Apple further objects that this interrogatory is directed towards issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules.  Apple further objects on the grounds that this interrogatory is

not limited in time and seeks information for periods of time that are not relevant to any claim or defense.  Apple further objects that this interrogatory seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, Apple identifies the documents bearing the following bates numbers:

| Bates Beg. | Bates End |
| --- | --- |
| APL7940000193859 | APL7940000193872 |
| APL794-F0000004270 | APL794-F0000004524 |
| APL794-F0000002922 | APL794-F0000003391 |
| APL794-F0000003392 | APL794-F0000003667 |
| APL794-F0000003668 | APL794-F0000003919 |
| APL794-F0000003920 | APL794-F0000004105 |
| APL794-F0000004106 | APL794-F0000004269 |
| APLNDC-Y0000050773 | APLNDC-Y0000050895 |
| APLNDC-Y0000050896 | APLNDC-Y0000050958 |
| APLNDC-Y0000050959 | APLNDC-Y0000051027 |
| APLNDC-Y0000051028 | APLNDC-Y0000051092 |
| APLNDC-Y0000051093 | APLNDC-Y0000051276 |
| APLNDC-Y0000051277 | APLNDC-Y0000051349 |
| APLNDC-Y0000051363 | APLNDC-Y0000051591 |
| APL-ITC796-0000397905 | APL-ITC796-0000398026 |
| APL-ITC796-0000398027 | APL-ITC796-0000398148 |
| APL-ITC796-0000398149 | APL-ITC796-0000398270 |
| APL-ITC796-0000410619 | APL-ITC796-0000410684 |
| APL-ITC796-0000410685 | APL-ITC796-0000410780 |

| | |
|---|---|
| APL-ITC796-0000410781 | APL-ITC796-0000410989 |
| APL-ITC796-0000410990 | APL-ITC796-0000411204 |
| APL-ITC796-0000411205 | APL-ITC796-0000411425 |
| APL-ITC796-0000411426 | APL-ITC796-0000411634 |
| APL-ITC796-0000411635 | APL-ITC796-0000411860 |
| APL-ITC796-0000437912 | APL-ITC796-0000438058 |
| APL-ITC796-0000438059 | APL-ITC796-0000438169 |
| APL-ITC796-0000438170 | APL-ITC796-0000438274 |
| APL-ITC796-0000438275 | APL-ITC796-0000438378 |
| APL-ITC796-0000438379 | APL-ITC796-0000438471 |
| APL-ITC796-0000438472 | APL-ITC796-0000438593 |
| APL-ITC796-0000438594 | APL-ITC796-0000438715 |
| APL-ITC796-0000438716 | APL-ITC796-0000438806 |
| APL-ITC796-0000438807 | APL-ITC796-0000438897 |
| APL-ITC796-0000438898 | APL-ITC796-0000439019 |
| APL794-F0000000271 | APL794-F0000000392 |
| APL794-F0000000393 | APL794-F0000000514 |
| APL794-F0000000515 | APL794-F0000000636 |
| APL7940001423418 | APL7940001423483 |
| APL7940001423484 | APL7940001423579 |
| APL7940001423580 | APL7940001423726 |
| APL7940001423727 | APL7940001423837 |
| APL7940001423838 | APL7940001424046 |
| APL7940001424047 | APL7940001424151 |
| APL7940001424152 | APL7940001424255 |

Apple Inc.'s Objections and Responses to Samsung's First Set of
Interrogatories Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

| | |
|---|---|
| APL7940001424256 | APL7940001424348 |
| APL7940001424349 | APL7940001424470 |
| APL7940001424471 | APL7940001424685 |
| APL7940001424686 | APL7940001424906 |
| APL7940001424907 | APL7940001425115 |
| APL7940001425116 | APL7940001425237 |
| APL7940001425238 | APL7940001425328 |
| APL7940001425329 | APL7940001425419 |
| APL7940001425420 | APL7940001425541 |
| APL7940001425542 | APL7940001425767 |

**INTERROGATORY NO. 9:**

Identify the amount of profit You claim Apple earned, and the full basis for Your computation thereof, including all revenues, income, costs, unit costs, and quantities (and all Documents relevant to this Interrogatory), from Your sales of the Apple Phones for each of the following:

  f.  Each complete Apple Phone;

  g.  The round-cornered, glass front face of each Apple Phone You contend practices the **D'677** patent;

  h.  The round-cornered, glass front face plus the surrounding rim or bezel of each Apple Phone You contend practices the **D'087** patent;

  i.  The display screen while it is displaying the single array of GUI icons, as claimed by the D'305 patent, of each Apple Phone You contend practices the D'305 patent; and

  j.  The display screen (without temporal limitation) of each Apple Phone You contend practices the D'305 patent.

**RESPONSE TO NO. 9:**

Apple objects on the grounds that this interrogatory goes beyond the appropriate scope of discovery under the "limited Groundhog Day" rules governing the current phase of discovery and the May 14, 2018 trial.  Specifically, this interrogatory is not directed towards the discovery of evidence relevant to the identification of the articles of manufacture to which Samsung applied the Apple Design Patents in Suit under the four-factor test set forth in the Court's October 22, 2017 Order, or the calculation of Samsung's total profits from the sale of those articles of manufacture.  Apple further objects that this interrogatory is directed towards issues that have already been litigated by the parties and is duplicative of discovery that has already occurred in this case, and so violates the limitations on discovery imposed under the Court's "limited Groundhog Day" rules.  Apple further objects on the grounds that this interrogatory is not limited in time and seeks information for periods of time that are not relevant to any claim or defense.  Apple further objects that this interrogatory seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case, in particular because Apple is not seeking Apple's lost profits as a remedy for Samsung's infringement of Apple's Design Patents.  Apple further objects that this Interrogatory seeks information that is appropriately the subject of expert testimony.  Apple further objects to this interrogatory as nonsensical because Apple did not sell items (g) through (j) as individual products during the relevant time period.

Subject to the foregoing general and specific objections, pursuant to Federal Rule of Civil Procedure 33(d), Apple identifies the following documents responsive to this request and sufficient to show the profits earned by Apple from the sales of the Apple Phones:  (i) Previously admitted exhibits PX15; PX25; JX1500; and (ii) Documents bearing the following bates numbers:

| Bates Beg. | Bates End |
|---|---|
| APLNDC-Y0000135409 | APLNDC-Y0000135576 |
| APLNDC-Y0000134964 | APLNDC-Y0000135066 |
| APLNDC-Y0000264922 | APLNDC-Y0000265063 |
| APLNDC-Y0000135185 | APLNDC-Y0000135265 |
| APL-ITC796-0000206845 | APL-ITC796-0000206962 |
| APLNDC-Y0000135683 | APLNDC-Y0000135789 |
| APLNDC-Y0000051357 | APLNDC-Y0000051362 |
| APLNDC-Y0000408218 | APLNDC-Y0000408223 |
| APLNDC0003149809 | APLNDC0003149814 |
| APLNDC-Y0000051606 | APLNDC-Y0000051609 |
| APL794-F0000000270 | APL794-F0000000270 |
| APLNDC-Y0000055415 | APLNDC-Y0000055415 |
| APL-ITC796-0000374085 | APL-ITC796-0000374088 |
| APL794-F0000000248 | APL794-F0000000251 |
| APLNDC-Y0000055417 | APLNDC-Y0000055417 |

In the ordinary course of business, Apple does not calculate profits earned from the sale of the components identified in parts (g) through (j) of Interrogatory No. 9.

**INTERROGATORY NO. 10:**

Identify each and every witness whom you may call to testify at the May 14, 2018 trial.

**RESPONSE TO NO. 10:**

Apple objects to this interrogatory as premature and because it purports to impose conditions, obligations, or duties beyond those required by the Court's Standing Order for Jury Trials, the Federal Rules of Civil Procedure, and/or any other applicable rules.

Subject to and without waiving the foregoing General and Specific Objections, Apple identifies the witnesses listed in (i) Apple's Witness List submitted on July 23, 2012 (Dkt. 1287); (ii) Apple's Witness List for New Trial on Damages submitted September 9, 2013; and (iii) Apple's Live Witness List for March 2016 Remand Trial submitted February 19, 2016 (Dkt. 3404-1).  Apple further states that it will disclose its witnesses in accordance with the Court's Standing Order for Jury Trials.

**INTERROGATORY NO. 11:**

Identify each and every document and thing which you may seek to introduce in evidence at the May 14, 2018 trial.

**RESPONSE TO NO. 11:**

Apple objects to this interrogatory as premature and because it purports to impose conditions, obligations, or duties beyond those required by the Court's Standing Order for Jury Trials, the Federal Rules of Civil Procedure, and/or any other applicable rules.

Subject to and without waiving the foregoing General and Specific Objections, Apple identifies the documents listed in (i) the Joint Exhibit List submitted July 23, 2012 (Dkt. 1281); (ii) Apple's Revised Exhibit List submitted July 23, 2012 (Dkt. 1286); (iii) Apple's Exhibit List for the New Damages Trial submitted September 9, 2013; and (iv) Apple's Corrected Exhibit List submitted March 15, 2016 (Dkt. 3462-1).  Apple further identifies any document identified or referenced in response to any prior interrogatory response served by Apple on Samsung in this proceeding.  Apple further identifies any document introduced into evidence in a prior trial or court proceeding in this matter.  Apple further states that it will disclose its exhibits in accordance with the Court's Standing Order for Jury Trials.

Apple Inc.'s Objections and Responses to Samsung's First Set of
Interrogatories Regarding Article of Manufacture
Case No. 11-cv-01846-LHK

1   Dated: November 29, 2017

2                                           /s/ Mark D. Selwyn
                                            Mark D. Selwyn (SBN 244180)
3                                           (mark.selwyn@wilmerhale.com)
                                            WILMER CUTLER PICKERING
4                                           HALE AND DORR LLP
                                            950 Page Mill Road
5                                           Palo Alto, California 94304
                                            Telephone: (650) 858-6000
6                                           Facsimile: (650) 858-6100

7
                                            William F. Lee (admitted pro hac vice)
8                                           (william.lee@wilmerhale.com)
                                            WILMER CUTLER PICKERING
9                                           HALE AND DORR LLP
                                            60 State Street
10                                          Boston, Massachusetts 02109
                                            Telephone: (617) 526-6000
11                                          Facsimile: (617) 526-5000

12
                                            ERIK J. OLSON (CA SBN 175815)
13                                          ejolson@mofo.com
                                            NATHAN B. SABRI (CA SBN 252216)
14                                          nsabri@mofo.com
                                            MORRISON & FOERSTER LLP
15                                          425 Market Street
                                            San Francisco, California 94105
16                                          Telephone: ( 415) 268-7000
                                            Facsimile: (415) 268-7522
17

18                                          *Attorneys for Plaintiff Apple Inc.*

19

20

21

22

23

24

25

26

27      Apple Inc.'s Objections and Responses to Samsung's First Set of
        Interrogatories Regarding Article of Manufacture
28                          Case No. 11-cv-01846-LHK

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 29, 2017 by e-mail upon the following:

Charles Kramer Verhoeven (Cal. Bar No. 170151)
(charlesverhoeven@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-7600

Kevin P.B. Johnson (Cal. Bar No. 177129)
(kevinjohnson@quinnemanuel.com)
Victoria F. Maroulis (Cal. Bar No. 202603)
(victoriamaroulis@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Edward J. DeFranco (Cal. Bar No. 165596)
(eddefranco@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Michael T. Zeller (Cal. Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

/s/ Mark D. Selwyn
Mark D. Selwyn

Apple Inc.'s Objections and Responses to Samsung's First Set of
Interrogatories Regarding Article of Manufacture
Case No. 11-cv-01846-LHK