# Exhibit A

# Exhibit L

# Filed Under Seal

**Contains Information Designated as Attorneys' Eyes Only –
Highly Confidential Under Protective Order**

**Mark D. Selwyn**

December 22, 2017

+1 650 858 6031 (t)
+1 650 858 6100 (f)
mark.selwyn@wilmerhale.com

**By Email**
sarajenkins@quinnemanuel.com

Sara Jenkins, Esq.
Quinn Emanuel
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA  94065-2139

Re: *Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-1846 (N.D. Cal.)

Dear Sara:

I write to respond to your December 21, 2017 letter to Bill Lee regarding the parties' meet and confer held on December 20, 2017.  As you know, Apple has already written separately to address some of the issues raised during the meet and confer and in your letter.  Specifically, Apple has addressed your contention that its responses to Samsung's First Set of Requests for Admission are deficient in my December 21, 2017 letter to Margret Caruso and in Apple's Amended Responses and Objections to Samsung's Requests for Admission served contemporaneously therewith.  Apple has also separately responded to the issues raised by Michael Zeller in his December 18, 2017 letter (and discussed during our meet and confer) regarding Tony Blevins' deposition testimony and documents and information discussed during that deposition.

I respond below to the remaining issues in your letter.

**I.      Depositions of Phil Schiller and Chris Stringer**

As Apple has previously explained, given the limited scope of Groundhog Day discovery, Samsung is entitled only to depose individuals who will testify regarding the new article of manufacture issues raised by the Court's October 22, 2017 Order (Dkt. 3530).  Because Mr. Schiller and Mr. Stringer would testify only regarding topics within the scope of their prior testimony, Samsung has no right or need to take further discovery from these witnesses.

The position articulated by Samsung during our meet and confer is that Samsung is entitled to take the deposition of any individual who (i) was identified in interrogatory responses as possessing knowledge relevant to the identification of the article of manufacture to which Samsung applied Apple's patented designs; and (ii) may testify at the May 14, 2018 trial.

Notwithstanding our disagreement with Samsung regarding the proper scope of discovery, Apple can confirm that it will not call either Mr. Stringer or Mr. Schiller as trial witnesses at the retrial, rendering the issue moot.  Based upon this representation, Apple requests that Samsung

WilmerHale

December 22, 2017
Page 2

withdraw the subpoena issued to Mr. Stringer and the notice of deposition directed to Mr. Schiller

**II.     Identification of the Components of Apple's Phones, as well as the Manufacturer of Components and Apple's Costs**

**REQUESTS FOR PRODUCTION NOS. 1 AND 2**

Your claim that Apple has not provided sufficient information concerning (i) the components of Apple's iPhones and (ii) the suppliers and manufacturers of those components is incorrect. As explained in my December 20, 2017 letter to Mr. Zeller, Apple has provided Samsung with ample discovery regarding the component parts of Apple's iPhones. In fact, Apple has identified for Samsung more than 50 documents containing information responsive to Samsung's Requests for Production Nos. 1and 2.

In response to Mr. Zeller's letter, I also identified specific documents (previously identified in response to Samsung's interrogatories on this subject) that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

**REQUEST FOR PRODUCTION NOS. 3 AND 4 / 30(b)(6) TOPIC NOS. 8 AND 9**

Apple disagrees that its financial information, including information about its costs and profits for components of *Apple's products*, has any bearing on the identification of the article of manufacture to which *Samsung* applied Apple's patented designs or to the calculation of *Samsung's profits* from the sale of its products. Despite the exchange of multiple letters on the subject, Samsung has failed to articulate any relevance that these subjects might have to these issues. To the contrary, Samsung's own corporate designee was unable to identify any relevance that Apple's financial data might have to a calculation of Samsung's profits. *See* Kyuhyun Han Dep. Dec. 20, 2017 Dep. Tr. 77:2 – 80:4.

Furthermore, Apple has already provided extensive information on its costs and profits. The profits Apple earned from the sales of its phones are in fact the subject of tables included in expert reports submitted by both Samsung's and Apple's damages experts. *See* Expert Report of David Teece, April 23, 2012 (Exhibit 7B); Expert Report of Julie Davis, June 24, 2013 (Exhibit 32-S2).

ActiveUS 165982975v.3

**WilmerHale**

December 22, 2017
Page 3

Apple (like Samsung) does not calculate profits on the components identified in Request for Production No. 4.  Tellingly, Samsung itself has not provided either a calculation of the profits it contends it received from the sale of its alleged article of manufacture or a method for calculating such profits in response to Apple's interrogatories on that topic.  In fact, Samsung's witnesses have testified that they are unaware of Samsung's profits attributable to those components and similarly unaware of any way to determine those profits from the materials that Samsung has produced. It makes no sense for Samsung to demand more from Apple in this regard than what Samsung itself has provided, especially since it is Samsung's profits, not Apple's, that the jury will be asked to decide.

Apple has also produced extensive information regarding the cost of components of its iPhones,

**REQUEST FOR PRODUCTION NO. 10**

Samsung's has requested "all Documents relating to any analysis of the components included in any Accused Phone or any Apple Phone, including teardowns, cost summaries, component pricing, and/or bills of materials, whether created by Apple or another party."  As explained above, in previous correspondence, and in Apple's formal discovery response, Apple has provided extensive discovery regarding the components of Apple's iPhones, including bills of materials and detailed component specifications.

In addition, Apple has produced teardowns of Samsung's phones, including documents previously used by Samsung at trial.  Apple does not contend that Samsung's phone cannot be "torn down" and rendered inoperable.  Plainly, however, information concerning the identification of each component in Samsung's phones resides primarily in Samsung's possession, not Apple's.  Samsung still has not articulated a valid basis to require Apple to search for and produce further documents on this subject.

III.    **Documents Concerning Apple's Patents and the Costs Attributable to Apple License Agreements**

**INTERROGATORY NOS. 5 / REQUESTS FOR PRODUCTION NOS. 5 AND 11 / 30(B)(6) TOPIC NOS. 4, 5, AND 12**

Samsung's requests for information concerning the Apple's patents (e.g., Samsung's request for documents "sufficient to show each and every summary, measurement, estimate, or public statement regarding the quantity and/or identity of all design and utility patents (other than the Apple Design Patents In Suit) that are or were practiced by each of the Apple Phones") and concerning Apple's licenses (e.g. Samsung's request for documents "sufficient to show, for each sale of each Apple Phone, the costs attributable to Apple's payments for (i) utility patent licenses, (ii) design patent licenses, and (iii) licenses of other intellectual property") bear no discernable relation to the relevant inquiry under Judge Koh's four-factor test for the calculation

WILMERHALE

December 22, 2017
Page 4

of Samsung's total profits on the article of manufacture to which it applied Apple's patented designs. Like Samsung's other requests seeking information on irrelevant topics, we can discern no valid purpose for this request other than to impose a burden upon Apple.

Further, as previously stated, any information Apple possesses responsive to these requests, beyond that which has been produced already, would be privileged. Accordingly, Apple will not provide additional discovery in response to requests on these subjects.

### IV.     Apple's Responses to Samsung's Requests for Admission

As discussed above, Apple has separately addressed the concerns Samsung raised relating to Apple's responses to Samsung's RFAs in my December 20, 2017 letter to Ms. Caruso and in Apple's Amended Responses and Objections to Samsung's Requests for Admission served contemporaneously therewith.

Sincerely yours,

*/s/ Mark D. Selwyn*

Mark D. Selwyn

ActiveUS 165982975v.3