UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| APPLE INC., | Case No. 11-cv-01846-LHK (NC) |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART APPLE INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL** |
| SAMSUNG ELECTRONICS CO. LTD., et al., | |
| Defendants. | Re: ECF 3553 |

Plaintiff Apple Inc. moves to file under seal documents related to defendants Samsung Electronics America, Inc., Samsung Electronics Co. Ltd., and Samsung Telecommunications America, LLC's motion to compel discovery. ECF 3553. Pursuant to the parties' stipulated protective order, Apple's motion includes documents that Samsung designated as confidential. In accordance with Civil Local Rule 79-5(e)(1), Samsung filed a declaration in support of maintaining those documents under seal. ECF 3558.

In this district, a sealing order may issue only upon a request establishing that the document, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to protection under the law. Civ. L.R. 79-5(d). The request must be narrowly tailored to seek sealing only of sealable material. *Id.* Where, as here, a motion to seal involves documents only tangentially related to the merit of the case, the Court applies a "good cause" standard. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). This

1 standard requires a "particularized showing" that "specific prejudice or harm will result" if
2 the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307
3 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P. 26(c). "Broad
4 allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not
5 suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation
6 omitted).

The table below identifies the documents that the parties seek to maintain under seal, with the Court's ruling. Where granted, it is because the Court finds good cause based on a narrowly tailored request and a particularized showing that specific prejudice or harm could result if the information is disclosed.

| Document | Portion To Be Sealed | Party Claiming Confidentiality | Court's Order |
|---|---|---|---|
| Apple's Letter Brief in Opposition to Samsung's Motion to Compel | Entire Document | Apple and Samsung | DENIED. The request is not narrowly tailored. *See* Civ. L.R. 79-5(d). The parties may propose specific redactions instead of wholesale sealing. |
| Declaration of Mark D. Selwyn | Redacted portions of the version filed with the Court as shown in the publicly filed copy | Apple | GRANTED. |
| Exhibit B to the Declaration of Mark D. Selwyn | Entire Document | Apple | GRANTED. |
| Exhibit C to the Declaration of Mark D. Selwyn | Entire Document | Apple | GRANTED. |

| Document | Portion To Be Sealed | Party Claiming Confidentiality | Court's Order |
|---|---|---|---|
| Exhibit D to the Declaration of Mark D. Selwyn | Entire Document | Samsung | DENIED. The transcript includes at most broad questions about general financial principles. Samsung does not offer narrowly tailored redactions or identify any specific harm. *See* ECF 3558. |
| Exhibit E to the Declaration of Mark D. Selwyn | Redacted portions of the version filed with the Court as shown in the publicly filed copy | Apple | GRANTED. |

By January 17, 2018, either party may submit a declaration proposing narrowly tailored redactions to Apple's opposition letter brief. By the same date, Samsung may submit a supplemental declaration specifically identifying harmful information in Exhibit D to the Selwyn Declaration and proposing narrowly tailored redactions. If a supporting declaration is not filed for either document (Apple's letter brief or Exhibit D to the Selwyn Declaration), that document must be filed publicly in unredacted form by January 18, 2018.

**IT IS SO ORDERED.**

Dated: January 10, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge