# Exhibit A

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY**
**FILED UNDER SEAL**

WILMERHALE

January 3, 2018

William F. Lee

+1 617 526 6556 (t)
+1 617 526 5000 (f)
william.lee@wilmerhale.com

The Honorable Nathanael Cousins
United States District Court, Northern District of California
280 South 1st Street, Courtroom 7, 4th Floor
San Jose, California  95113

Re:   *Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-1846 (N.D. Cal.)

Dear Judge Cousins:

In 2012, a jury found that Samsung infringed multiple Apple patents, including three design patents, through the sale of numerous smartphones.  Following appeal and subsequent remand from the Supreme Court and Federal Circuit, Judge Koh ordered a partial retrial on damages for Samsung's infringement of those design patents so that the jury may determine the "articles of manufacture" to which Samsung applied Apple's patented designs, and the total profit Samsung earned from sales of those articles. Dkt. 3530.  On October 22, 2017, Judge Koh entered an order regarding the test and burdens to be applied in determining (i) the identification of the articles of manufacture to which Samsung applied Apple's patented designs; and (ii) the calculation of Samsung's total profits from sales of those articles.  *Id.*  Judge Koh then permitted limited discovery "just for the purpose of the new test," emphasizing that new discovery would not be a "free-for-all" or a "complete do-over on damages," and allotting less than two months to complete all new fact discovery.  Dkt. 3538 (10/25/17 Hrg. Tr.) at 3, 11, 12.

The facts relevant to the retrial include the Apple design philosophy that led to the designs claimed in the patents-in-suit and implemented in the Apple products that Samsung copied.  Apple agrees with Samsung that Apple's practice of the design patents-in-suit and Samsung's copying of the iPhone's overall design are relevant to the identification of the article of manufacture to which Samsung has applied Apple's patents.[1]  As best Apple can determine, Apple has already produced the information sought by Samsung's motion regarding the identity of components and their manufacturers within the original iPhone, iPhone 3G, iPhone 3GS, and iPhone 4, including the cover glass, the bezel, and ▓▓▓▓▓▓▓▓▓▓  Selwyn Decl. ¶¶ 5-13.  Apple has also already produced cost information regarding the bezel and ▓▓▓▓▓▓▓▓▓▓.  *Id.* at ¶¶ 14-16.  The crux of Samsung's complaint seems to be that Apple has not produced more granular cost information for the cover glass component within ▓▓▓▓▓▓▓▓▓▓.  This additional cost information Samsung seeks is unnecessary because it is not targeted either to the identification of the "articles of manufacture" to which *Samsung* applied the patented designs or to the calculation of *Samsung's* profits, but instead is targeted toward wholly irrelevant information concerning *Apple's* finances.

---

[1] In response to Samsung's interrogatories, Apple has identified hundreds of documents, previously produced in this case, relevant to the identification of the article of manufacture to which Samsung has applied Apple's patents, including advertisements for both Apple's and Samsung's phones, documents concerning the public reaction to Samsung's introduction of phones that infringe Apple's patents, and documents concerning the design and conception of both Apple's and Samsung's phones.

**Information Regarding Components of Apple's Phones.** Samsung argues that Apple has not produced "information regarding the manufacture, cost, profit, and separability of iPhone components." Dkt. 3530-2 at 2. In fact, Apple has provided detailed discovery regarding the components of Apple's original iPhone, iPhone 3G, iPhone 3GS, and iPhone 4. Specifically, in response to Samsung's interrogatories, Apple identified more than 50 previously-produced documents, including Bills of Material, that identify in detail the components of these Apple iPhones, including the manufacturer and part number of each. Selwyn Decl. Ex. A (Apple's Resp. to Samsung's Interrogatories) & ¶ 3. These documents should provide Samsung with all the information sought regarding the identity and manufacturer of the components for these iPhones. *See* Dkt. 3550-03, Ex. H (Samsung's RFP Nos. 1-2). For example, in correspondence, Samsung has specifically sought information regarding the identification and manufacturer of (i) the cover glass, (ii) ███████████ and (iii) bezel. Selwyn Decl. Ex. E (12/22/17 letter from Zeller to Selwyn). Apple has previously produced documents—identified to Samsung by Bates number—that include the identification, part number, and supplier of these components. *Id.* ¶¶ 5-13. Apple also produced a senior executive to testify regarding the Bills of Materials for Apple's iPhones, including how to determine from them the identity of the manufacturer of each component. *Id.* ¶ 4.

While irrelevant to the issues that will be litigated at the upcoming trial, Apple has also previously produced extensive Apple financial information, including cost information for components of Apple's iPhones. For example, Apple has produced documents that contain cost information for the bezel and ███████████ of Apple's iPhones. Samsung now seems to want a more detailed cost breakdown for certain components unspecified in its motion. But *Apple's* financial information, including the cost to Apple of components in Apple's phones, is irrelevant to determining what article of manufacture *Samsung* applied the patented designs to, or the profits *Samsung* earned from the sale of those items. Samsung has not even attempted to explain the alleged relevance of this information in its letter brief. *See* Dkt. 3550-2. And in fact, Samsung's corporate representative was unable to identify any way in which Apple's financial data might be relevant to the calculation of Samsung's profits. Selwyn Decl. Ex. D (Hyuhyun Han Dep. Tr. at 77:2-80:4). Further discovery of Apple's financial information is therefore unwarranted.

**Information Regarding Patents Practiced By Apple Phones.** Samsung also seeks summaries and estimates regarding the quantity and identity of all design and utility patents practiced by the original iPhone, iPhone 3G, 3GS, and 4. Apple has produced the two responsive documents it could locate. Apple does not have a practice of preparing summaries or lists of Apple patents practiced by its products, and, as Apple previously explained to Samsung, Apple has not identified any further non-privileged documents within Apple's possession that are responsive to Samsung's request. Myers Decl. ¶¶ 5-7.

For the foregoing reasons, Apple respectfully requests that the Court deny Samsung's request for additional discovery.

Sincerely yours,

*/s/ William F. Lee*

William F. Lee