QUINN EMANUEL URQUHART &
SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-CV-01846-LHK<br><br>**DECLARATION OF MICHAEL L. FAZIO IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (DKT. NO. 3573)** |

**DECLARATION OF MICHAEL L. FAZIO**

I, Michael L. Fazio, declare:

1. I am a member of the State Bar of California, admitted to practice before this Court, and a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung").[1] I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. I make this declaration in support of Apple's Administrative Motion For Leave To File Documents Under Seal with regard to the Declaration of Mark D. Selwyn in Support of Apple's Motion To Strike, including the exhibits thereto (Dkt. Nos. 3573, 3579).

3. Samsung seeks to seal portions of exhibits to the Declaration of Mark D. Selwyn in Support of Apple's Motion To Strike Dr. Reibstein's Expert Report that reveal highly confidential financial information and survey data Samsung purchased from third parties under confidentiality agreements. In line with the procedural mechanism followed by the parties in this case, Samsung will serve highlighted versions of these documents on Apple and Apple will file conformed highlighted versions within seven days of this Declaration. (*See* Dkt. No. 3573 at 1). As explained in detail in the previously filed declarations of Daniel W. Shim, Senior Legal Counsel at Samsung Electronics Co., Ltd., in support of administrative motions to file under seal, which are hereby incorporated by reference, Samsung considers financial data and third-party survey data highly confidential. *See Apple, Inc. v. Samsung Elecs. Co., Ltd., et al.*, No. 5:12-cv-00630-LHK (N.D. Cal.), Dkt. Nos. 874 (re: Apple's Opposition to Samsung's MSJ), 940 (re: Apple MTS), 1018 (re: Samsung's Reply ISO MTS).

4. Samsung considers the financial data included in these documents to be highly confidential, including detailed information about units sold. Samsung does not report the type of

---

[1] Effective January 1, 2015, Samsung Telecommunications America ("STA") merged with and into Samsung Electronics America, and therefore STA no longer exists as a separate corporate entity.

-1-   Case No. 11-CV-01846-LHK
FAZIO DECL. ISO APPLE ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL

data included in these documents to investors, regulatory bodies, the press, or business analysts. This type of information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain the secrecy of the information. Even within Samsung's finance and accounting groups, such data can only be accessed by certain personnel on a restricted, need-to-know basis. This type of data guides Samsung's pricing, distribution, financial planning, and other business decisions.

5. Samsung would face harm from public disclosure of the financial information identified in these documents. Competitors could use this highly confidential information, in conjunction with other public pleadings in this action, to derive per-unit, per-product sales data of various Samsung products. Armed with this information, a competitor could charge a lower price in an effort to gain market share. Competitors could also use knowledge of Samsung's highest- and lowest-performing product lines to target marketing and advertising efforts. Such highly confidential financial data is properly sealable. *See Apple v. Samsung*, 727 F.3d 1214, 1224-26 (Fed. Cir. 2013) ("The parties assert that their detailed product-specific information concerning such things as costs, sales, profits, and profit margins qualifies as trade secrets. . . . [W]e conclude that the district court abused its discretion in ordering the information unsealed.")

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.  Executed February 5, 2018, at Los Angeles, California.

*/s/ Michael L. Fazio*
Michael L. Fazio

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the above Declaration. In compliance with Local Rule 5-1(i)(3), I hereby attest that Michael L. Fazio has concurred in the aforementioned filings.

                /s/ Victoria Maroulis
                Victoria Maroulis