# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation<br><br>      Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>      Defendants. | Case No. 11-cv-01846-LHK |

**EXPERT REPORT OF SAM LUCENTE**

Contains Material Designated Highly Confidential

**Responses to Kare Report**

214. I disagree with Dr. Kare's focus on the Apple phones and what she calls the "iconic 'look and feel' of the iPhone" in arriving at opinions related to the second factor. As an initial matter, I understand that the second factor looks to the relative prominence of the design within the *Samsung* product as a whole, and the ultimate inquiry of the four-factor test is to determine the articles of manufacture to which *Samsung* applied the patented designs.

215. Further, I understand that the Supreme Court stated that an article of manufacture is a thing made by hand. A physical thing doesn't change into something larger because the design becomes popular or well known. Intent, popularity, and advertising cannot alter the physical nature of an object.

216. For similar reasons, I disagree with Dr. Kare's conclusions regarding the use of square icons in cartoons. Most of the images simply show squares in a grid, something not covered by the D'305 patent. Dr. Kare's report also states that "[t]he distinctive design of the D'305 is already interwoven in the culture to mean smartphone." (Kare Report, paragraph 85.) But it does not follow that the appearance of a single grid of icons that appears several layers deep in Samsung's user interface is a particularly prominent aspect of that smartphone.

217. Dr. Kare also says "the packaging of many of the infringing Samsung phones showcased images displaying the patented design of the D'305 patent." She only shows one phone, however, which was sold only overseas and which is not, to my understanding, at issue here. (Kare Report, paragraph 95.) The images of packaging in the Ball report also contradict this statement by Dr. Kare. (Ball Report, paragraph 201.) None show the applications menu, and instead they all feature the home screens or other aspects of the phones. (*Ibid.*)

218. I also believe that Dr. Kare conflates the value or prominence of the overall "user interface" with the value or prominence of one screen of icons, which in the Samsung phones is not even the main set of icon screens.

**David Reibstein's Opinions**

219. I am informed that expert witness David Reibstein has considered the second factor and has also come to the conclusion, as I have, that this factor weighs in favor of component parts being the proper articles of manufacture. I have reviewed his opinions and believe they support the conclusions I have independently made here.

**Conclusion**

220. It is my opinion that for all three patents and for each Samsung smartphone, the relative prominence of the design within the product as a whole is limited, supporting the conclusion that Apple's designs were applied only to the component articles of manufacture identified in Section III. I disagree with Apple

65

patents on the entire design of the iPhone, nor any other aspect of the user interface. I therefore do not agree that Dr. Kare's copying narrative, even if accurate, means that the entire phone is the article of manufacture. As I discussed for the second factor, I disagree that Samsung's intent or the popularity of the iPhone are relevant to this factor, or that they can change the physical thing to which a design was applied.

**David Reibstein's Opinions**

270. I am informed that expert witness David Reibstein has considered the third factor and has also come to the conclusion, as I have, that this factor weighs in favor of component parts being the proper articles of manufacture. I have reviewed his opinions and believe they further support the conclusions I have independently made here.

**Conclusion**

271. It is my opinion that for all three patents and for each of the Samsung smartphones, considering whether the design is conceptually distinct from the product as a whole supports my conclusion that the articles of manufacture are the components identified in Section III. Apple's narrow patented designs are simply not conceptually equivalent to entire smartphones. I disagree with Apple's experts' conclusions that they are.

X. **FACTOR 4 – EACH OF THE ARTICLES OF MANUFACTURE IS A PHYSICALLY SEPARATE COMPONENT**

272. This factor looks to "[t]he physical relationship between the patented design and the rest of the product, including whether the design pertains to a component that a user or seller can physically separate from the product as a whole, and whether the design is embodied in a component that is manufactured separately from the rest of the product, or if the component can be sold separately." (Document No. 3530, October 22, 2017, Order Requiring New Trial on Design Patent Damages, page 35.)

273. It is my opinion that all three patented designs pertain to components that are physically distinct from the rest of the components in the smartphones. Those components are separable, separately manufactured, and can be separately sold, particularly for replacement purposes.

**D'677 and D'087**

**Component Design**

274. From conception through to final production, the Samsung phones are the product of different teams working on different components and features. Industrial designers work on external components, UX designers work on the software experience, graphical designers work on the visual elements of the user interface,