1  QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
2  John B. Quinn (Bar No. 90378)
   johnquinn@quinnemanuel.com
3  William C. Price (Bar No. 108542)
   williamprice@quinnemanuel.com
4  Michael T. Zeller (Bar No. 196417)
   michaelzeller@quinnemanuel.com
5  865 S. Figueroa St., 10th Floor
   Los Angeles, California 90017
6  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
7
   Kathleen M. Sullivan (Bar No. 242261)
8  kathleensullivan@quinnemanuel.com
   Kevin P.B. Johnson (Bar No. 177129)
9  kevinjohnson@quinnemanuel.com
   Victoria F. Maroulis (Bar No. 202603)
10 victoriamaroulis@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
11 Redwood Shores, California 94065-2139
   Telephone:  (650) 801-5000
12 Facsimile:  (650) 801-5100
13 Attorneys for Samsung Electronics Co., Ltd.,
   Samsung Electronics America, Inc., and
14 Samsung Telecommunications America, LLC
15
16            UNITED STATES DISTRICT COURT
17     NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |

19 |                Plaintiff,            | **SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS RELATING TO SAMSUNG'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT** |

20 |        vs.                           |

21 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG |

22 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG |

23 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, |

24 |                Defendants.           |

25

26

27

28

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung")[1] hereby bring this administrative motion for an order to seal certain information filed in connection with Samsung's Notice of Motion and Motion for Partial Summary Judgment.

Samsung does not file a proposed redacted version of the aforementioned documents in accordance with the Court's Order requiring the parties to meet and confer before filing public redacted documents. Case No. 11-cv-01846, Dkt. No. 2934 (Jan. 29, 2014). Within seven days of Apple or any third party filing declarations in support of sealing, if any, the parties will prepare and Samsung will file a final consolidated and conformed copy of the materials identifying what information parties have supported sealing in their declarations.

**RELIEF REQUESTED**

Samsung requests an order granting Samsung's motion to file under seal the following documents:

| Document | Portions to be Filed Under Seal | Parties Claiming Confidentiality |
|---|---|---|
| Samsung's Notice of Motion and Motion for Partial Summary Judgment | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Apple claims are confidential. | Apple |
| Exhibit E to the Declaration of Mark Gray in Support of Samsung's Notice of Motion and Motion for Partial Summary Judgment - January 15, 2018 Opening Expert Report of Susan Kare | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Apple claims are confidential. | Apple |
| Exhibit G to the Declaration of Mark Gray in Support of Samsung's Notice of Motion and Motion for Partial Summary Judgment - | Entire document. | Samsung |

[1] Effective January 1, 2015, Samsung Telecommunications America ("STA") merged with and into Samsung Electronics America, and therefore STA no longer exists as a separate corporate entity.

| Document | Portions to be Filed Under Seal | Parties Claiming Confidentiality |
|---|---|---|
| Excerpts from the Transcript of the Deposition of DongWook Kim on December 22, 2017 | | |
| Exhibits J through N to the Declaration of Mark Gray in Support of Samsung's Notice of Motion and Motion for Partial Summary Judgment - Confidential Service Manuals for Samsung's Phones | Entire documents. | Samsung |
| Exhibit O to the Declaration of Mark Gray in Support of Samsung's Notice of Motion and Motion for Partial Summary Judgment - Apple's Interrogatory Response | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Apple claims are confidential. | Apple |
| Exhibit P to the Declaration of Mark Gray in Support of Samsung's Notice of Motion and Motion for Partial Summary Judgment - Samsung's Product Specification Documents | Entire document. | Samsung |
| Exhibit S to the Declaration of Mark Gray in Support of Samsung's Notice of Motion and Motion for Partial Summary Judgment - excerpts from the transcript of the deposition of Alan D. Ball on February 13, 2018 | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Apple claims are confidential. | Apple |
| Exhibit T to the Declaration of Mark Gray in Support of Samsung's Notice of Motion and Motion for Partial Summary Judgment - excerpts from the transcript of the deposition of Susan Kare on February 16, 2018 | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Apple claims are confidential. | Apple |
| Exhibit A to the Declaration of Sam Lucente in Support of Samsung's Notice of Motion and Motion for Partial Summary Judgment - Sam Lucente Expert Report | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Apple claims are confidential. | Apple |

## I. COMPELLING REASONS EXIST TO PERMIT FILING UNDER SEAL

Samsung moves to seal information designated highly confidential by Apple and expects that Apple will file the required supporting declaration in accordance with Civil Local Rule 79-5 as necessary to confirm whether the information should be sealed. Samsung also maintains a claim of confidentiality as to confidential product manufacturing documents, the identification of some of Samsung's suppliers, and confidential technical information regarding the repair of Samsung's products, as detailed in the chart above. Samsung does not presently file a proposed redacted version of the aforementioned documents in accordance with the Court's Order requiring the parties to meet and confer before filing public redacted documents. Case No. 11-cv-01846, Dkt. No. 2934 (Jan. 29, 2014). Within seven days of Apple or any third party filing declarations in support of sealing, if any, the parties will prepare and Samsung will file final consolidated and conformed copies of the materials sought to be sealed identifying what information parties have supported sealing in their declarations.

When parties seek to file under seal materials in connection with a dispositive motion, such as a motion for summary judgment, "unless a particular court record is one traditionally kept secret, a strong presumption in favor of access to judicial records is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations and quotations omitted). The party seeking to seal thus bears the burden to articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178–79. In this District, parties seeking to seal judicial records must also follow Civil L.R. 79–5, which requires that a sealing request be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79–5(b). Where the submitting party seeks to file under seal a document designated confidential by another party (the "designating party"), the burden of articulating compelling reasons for sealing is placed on the designating party. *Id*. at 79–5(e); *see also Cowan v. GE Capital Retail Bank*, No. 13–cv–03935–BLF, 2015 WL 1324848, at *1 (N.D. Cal. Mar. 24, 2015).

The present request satisfies this standard as to the information that Samsung requests to seal. In this district, materials regarding a party's confidential business practices are properly sealable under the compelling reasons standard. *See, e.g.*, *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (sealing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them"); *Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No.14–cv–02737–BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Deb. 10, 2015) (sealing "information about [a party's] business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers"); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (sealing documents containing "highly sensitive information regarding [a party's] product architecture and development").

Here, Samsung makes a narrowly tailored request to seal materials that contain highly confidential information about Samsung's relationships with manufacturers and suppliers, product specifications, and technical information regarding the repair of Samsung's products. This type of information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain the secrecy of such information. Samsung would face harm from public disclosure of the supplier, product specification, and technical information identified in Notice of Motion and Motion for Partial Summary Judgment and the Exhibits thereto. Competitors could use this highly confidential information, which reveals Samsung's product architecture, development, and supplier relationships, to gain an unfair business advantage against Samsung. Such highly confidential business information is properly sealable.

## II.    CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant this Administrative Motion to File Under Seal.

DATED:  February 23, 2018         QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP


                                      /s/ Victoria F. Maroulis
                                  John B. Quinn
                                  Kathleen M. Sullivan
                                  William C. Price
                                  Michael T. Zeller
                                  Kevin P.B. Johnson
                                  Victoria F. Maroulis

                                  Attorneys for SAMSUNG ELECTRONICS CO.,
                                  LTD., SAMSUNG ELECTRONICS AMERICA,
                                  INC., and SAMSUNG
                                  TELECOMMUNICATIONS
                                  AMERICA, LLC