1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **[PROPOSED] ORDER GRANTING SAMSUNG'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

On March 29, 2018, the Court heard argument on Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC's (collectively, "Samsung") Motion for Partial Summary Judgment. Having considered the arguments of the parties and the papers submitted, and good cause appearing, the Court grants Samsung's motion and finds that Samsung is entitled to judgment under Federal Rule of Civil Procedure 56 as to the following:

(1)  The Court finds that there is no triable issue of fact regarding the first and fourth factors of the test adopted by the Court to determine the identity of the relevant articles of manufacture.  With respect with to the first factor, the scope of the claimed designs, the Court finds the following:

> **The D'677 patent** claims an ornamental design for a black, rectangular front glass face with rounded corners, as shown in Figures 1-8 of the patent.  The patent does not claim a design for the surrounding rim (bezel), the circular home button on the front, or any other aspect of the device.  The broken lines form no part of the claimed design.
>
> **The D'087 patent** claims an ornamental design for a rectangular front face with rounded corners, with a surrounding bezel, as shown in Figures 9-16 of that patent.  The other figures in the patent (1-8 and 17-48) are not at issue in this case and do not affect the scope of the relevant design.  The patent does not claim a design for the circular home button on the front or any other aspect of the device.  The broken lines form no part of the claimed design.
>
> **The D'305 patent** claims an ornamental design for a grid of sixteen colorful graphical user interface icons, as shown in Figures 1-2 of that patent.  The patent does not claim a design for any other aspect of the device.  The broken lines form the boundary of the claimed design.

With respect to the fourth factor, the Court finds that the following components of the infringing smartphones are physically separable components:

> **D'677:**  A phone's round-cornered, black glass front face.
>
> **D'087:**  A phone's round-cornered, glass front face and surrounding rim or bezel.
>
> **D'305:**  A phone's display screen while displaying the single patented array of GUI icons, or at most the display screen.

1    (2) The Court finds that the relevant articles of manufacture in this case are components of
2 Samsung's smartphones, to be specifically identified by the jury at trial, and not Samsung's entire
3 infringing smartphones.

5    (3) The Court finds that the relevant articles of manufacture to which Samsung applied
6 Apple's patented designs are:

    **D'677:** A phone's round-cornered, black glass front face.

    **D'087:** A phone's round-cornered, glass front face and surrounding rim or bezel.

    **D'305:** A phone's display screen while displaying the single patented array of GUI icons, or at most the display screen.

**IT IS SO ORDERED.**

DATED: _____

    The Honorable Lucy H. Koh
    United States District Court Judge