| | |
|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | John B. Quinn (Bar No. 90378) johnquinn@quinnemanuel.com |
| 3 | William C. Price (Bar No. 108542) williamprice@quinnemanuel.com |
| 4 | Michael T. Zeller (Bar No. 196417) michaelzeller@quinnemanuel.com |
| 5 | 865 S. Figueroa St., 10th Floor Los Angeles, California 90017 |
| 6 | Telephone: (213) 443-3000 Facsimile: (213) 443-3100 |
| 7 | |
| 8 | Kathleen M. Sullivan (Bar No. 242261) kathleensullivan@quinnemanuel.com |
| 9 | Kevin P.B. Johnson (Bar No. 177129) kevinjohnson@quinnemanuel.com |
| 10 | Victoria F. Maroulis (Bar No. 202603) victoriamaroulis@quinnemanuel.com |
| 11 | 555 Twin Dolphin Drive, 5th Floor Redwood Shores, California 94065-2139 |
| 12 | Telephone:  (650) 801-5000 Facsimile:  (650) 801-5100 |
| 13 | Attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and |
| 14 | Samsung Telecommunications America, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS RELATING TO SAMSUNG'S NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT OPINIONS OF JULIE L. DAVIS** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Pursuant to Civil Local Rules 7-11 and 79-5, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby bring this administrative motion for an order to seal certain information filed in connection with Samsung's Notice of Motion and Motion to Exclude Expert Opinions of Julie L. Davis.

Pursuant to Civil L.R. 7-11, Samsung's counsel met and conferred with Apple's counsel regarding this motion to seal. Apple does not oppose Samsung's Administrative Motion to File Documents Under Seal as a procedural mechanism for requesting that portions of Samsung's Notice of Motion and Motion to Exclude Expert Opinions of Julie L. Davis be placed under seal. Apple reserves the right to challenge any proposed redactions to the extent it believes those redactions improperly seal non-confidential information. Samsung does not file a proposed redacted version of the aforementioned documents in accordance with the Court's Order requiring the parties to meet and confer before filing public redacted documents.  Case No. 11-cv-01846, Dkt. No. 2934 (Jan. 29, 2014). Within seven days of Apple or any third party filing declarations in support of sealing, if any, the parties will prepare and Samsung will file a final consolidated and conformed copy of the materials identifying what information parties have supported sealing in their declarations.

**RELIEF REQUESTED**

Samsung requests an order granting Samsung's motion to file under seal the following documents:

| Document | Portions to be Filed Under Seal[1] | Parties Claiming Confidentiality |
|---|---|---|
| Samsung Motion to Exclude Expert Opinion of Julie L. Davis | See conformed highlighted version of document to be filed within 7 days of declarations in support. | Apple |

---

[1] Concurrently with this Administrative Motion, Samsung files versions of documents that highlight information Samsung requests be sealed highlighted in yellow.

| Document | Portions to be Filed Under Seal[1] | Parties Claiming Confidentiality |
|---|---|---|
| Exhibit 1: January 15, 2018 Opening Expert Report of Julie L. Davis | See conformed highlighted version of document to be filed within 7 days of declarations in support. | Apple, Samsung |
| Exhibit 2: February 9, 2018 Reply Expert Report of Julie L. Davis | See conformed highlighted version of document to be filed within 7 days of declarations in support. | Apple, Samsung |
| Exhibit 3: February 15, 2018 Deposition Transcript of Julie L. Davis | See conformed highlighted version of document to be filed within 7 days of declarations in support. | Apple |
| Exhibit 5: Excerpts of August 26, 2013 Deposition Transcript of Julie L. Davis | See conformed highlighted version of document to be filed within 7 days of declarations in support. | Apple |
| Exhibit 6: Excerpts of February 16, 2018 Deposition Transcript of Susan Kare | See conformed highlighted version of document to be filed within 7 days of declarations in support. | Apple |

## I.   THE "GOOD CAUSE" STANDARD APPLIES

Samsung's Notice of Motion and Motion to Exclude Expert Opinions of Julie L. Davis is non-dispositive and only addresses the admissibility of evidence at trial.  Therefore, documents submitted in connection with Samsung's Motion may be sealed upon a showing of "good cause." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

## II.   GOOD CAUSE EXISTS TO PERMIT FILING UNDER SEAL

Samsung maintains a claim of confidentiality as to the portions of Samsung's Notice of Motion and Motion to Exclude Expert Opinions of Julie L. Davis and the Exhibits thereto that reveal highly confidential financial information in the calculation of damages.

Samsung considers the financial data included in Samsung's Notice of Motion and Motion to Exclude Expert Opinions of Julie L. Davis and the Exhibits thereto to be highly confidential.

1  Samsung does not report the type of data included in Samsung's Notice of Motion and Motion to
2  Exclude Expert Opinions of Julie L. Davis and the Exhibits thereto to investors, regulatory bodies,
3  the press, or business analysts.  This type of information is highly confidential to Samsung and
4  Samsung takes extraordinary steps to maintain the secrecy of the information.  Even within
5  Samsung's finance and accounting groups, such data can only be accessed by certain personnel on
6  a restricted, need-to-know basis.  This type of data guides Samsung's pricing, distribution,
7  financial planning, and other business decisions.

8  Samsung would face harm from public disclosure of the financial information identified in
9  Samsung's Notice of Motion and Motion to Exclude Expert Opinion of Julie L. Davis and the
10 Exhibits thereto.  Competitors could use this highly confidential information, in conjunction with
11 other public pleadings in this action, to derive per-unit, per-product sales data of various Samsung
12 products.  Armed with this information, a competitor could charge a lower price in an effort to
13 gain market share.  Competitors could also use knowledge of Samsung's highest-and lowest-
14 performing product lines to target marketing and advertising efforts.  Such highly confidential
15 financial data is properly sealable.  *See Apple v. Samsung*, 727 F.3d 1214, 1224-26 (Fed. Cir.
16 2013) ("The parties assert that their detailed product-specific information concerning such things
17 as costs, sales, profits, and profit margins qualifies as trade secrets. . . . [W]e conclude that the
18 district court abused its discretion in ordering the information unsealed.") (emphasis added).

19 Samsung also moves to seal information designated highly confidential by Apple and
20 expects that Apple will file the required supporting declaration in accordance with Civil Local
21 Rule 79-5 as necessary to confirm whether the information should be sealed.

22 **III.  THE COMPELLING REASONS STANDARD IS SATISFIED, WERE THE COURT
       TO APPLY IT**
23
24 Though Samsung does not believe them applicable here, Samsung notes there may be
25 exceptions to the Ninth Circuit's general rule that the "good cause" standard applies to documents
26 attached to motions that are nominally non-dispositive.  For example, in *In re Midland*, the Ninth
27 Circuit applied the "compelling reasons" standard to a *Daubert* motion because it "may be
28 effectively dispositive of a motion for summary judgment." 686 F.3d at 1119 (internal quotation

marks omitted). Samsung is not aware of any Ninth Circuit precedent applying the "compelling reasons" standard to non-dispositive motions regarding the admissibility of evidence at trial.

Were the court to apply this standard, materials may be sealed so long as the party seeking to seal provides "compelling reasons […] supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006). Compelling reasons have been found to seal, for example, documents containing confidential source code (*Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012); documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016); documents containing "highly sensitive information regarding [the party's] product architecture and development," *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014); and documents in the form of "emails containing information about [a party's] business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers," *Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No. 14–cv–02737–BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Feb. 10, 2015).

Here, Samsung seeks to seal a narrowly tailored portion of highly sensitive financial information, as explained in greater detail in the preceding section, that is properly sealable under both the good cause and compelling reasons standards.

**IV.  CONCLUSION**

For the foregoing reasons, Samsung respectfully requests that the Court grant this Administrative Motion to File Under Seal.

| | | |
|---|---|---|
| 1 | DATED:  February 23, 2018 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

  /s/ Victoria F. Maroulis
John B. Quinn
Kathleen M. Sullivan
William C. Price
Michael T. Zeller
Kevin P.B. Johnson
Victoria F. Maroulis

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC