1  QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
2  John B. Quinn (Bar No. 90378)
   johnquinn@quinnemanuel.com
3  William C. Price (Bar No. 108542)
   williamprice@quinnemanuel.com
4  Michael T. Zeller (Bar No. 196417)
   michaelzeller@quinnemanuel.com
5  865 S. Figueroa St., 10th Floor
   Los Angeles, California 90017
6  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
7
   Kathleen M. Sullivan (Bar No. 242261)
8  kathleensullivan@quinnemanuel.com
   Kevin P.B. Johnson (Bar No. 177129)
9  kevinjohnson@quinnemanuel.com
   Victoria F. Maroulis (Bar No. 202603)
10 victoriamaroulis@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
11 Redwood Shores, California 94065-2139
   Telephone:  (650) 801-5000
12 Facsimile:  (650) 801-5100

13 Attorneys for Samsung Electronics Co., Ltd.,
   Samsung Electronics America, Inc., and
14 Samsung Telecommunications America, LLC

15

16                        UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
|---|---|
| Plaintiff, | **DECLARATION OF MARK GRAY IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS RELATING TO SAMSUNG'S NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT OPINIONS OF JULIE L. DAVIS** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Case No. 11-cv-01846-LHK
GRAY DECL. ISO SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

I, Mark Gray, declare:

1. I am a member of the State Bar of California, admitted to practice before this Court, and an attorney at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung").[1]  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. Pursuant to Local Rules 7-11 and 79-5, I make this declaration in support of Samsung's Administrative Motion to File Under Seal Documents Relating to Samsung's Notice of Motion and Motion to Exclude Expert Opinions of Julie L. Davis and the Exhibits thereto.

3. Samsung's Notice of Motion and Motion to Exclude Expert Opinions of Julie L. Davis only addresses the admissibility of evidence at trial, and is thus non-dispositive.  Therefore, documents submitted in connection with Samsung's Opposition may be sealed upon a showing of "good cause."  *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  Though Samsung does not believe them applicable here, Samsung notes there may be exceptions to the Ninth Circuit's general rule that the "good cause" standard applies to documents attached to motions that are nominally non-dispositive.  For example, in *In re Midland*, the Ninth Circuit applied the "compelling reasons" standard to a *Daubert* motion because it "may be effectively dispositive of a motion for summary judgment." 686 F.3d at 1119 (internal quotation marks omitted).  Samsung is not aware of any Ninth Circuit precedent applying the "compelling reasons" standard to non-dispositive motions regarding the admissibility of evidence at trial.

---

[1] Effective January 1, 2015, Samsung Telecommunications America ("STA") merged with and into Samsung Electronics America, and therefore STA no longer exists as a separate corporate entity.

-1-  Case No. 11-CV-1846-LHK
GRAY DECL. ISO SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

4. Pursuant to Civil L.R. 79-5(e), good cause and compelling reasons exist to seal the documents that contain Samsung confidential information and are identified in Samsung's motion to seal, and below.

5. Samsung seeks to seal portions of Samsung's Notice of Motion and Motion to Exclude Expert Opinions of Julie L. Davis and the Exhibits thereto that reveal highly confidential financial information in the calculation of damages. Samsung considers the financial data included in Samsung's Notice of Motion and Motion to Exclude Expert Opinions of Julie L. Davis and the Exhibits thereto to be highly confidential. Samsung does not report the type of data included in Samsung's Notice of Motion and Motion to Exclude Expert Opinions of Julie L. Davis and the Exhibits thereto to investors, regulatory bodies, the press, or business analysts. This type of information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain the secrecy of the information. Even within Samsung's finance and accounting groups, such data can only be accessed by certain personnel on a restricted, need-to-know basis. This type of data guides Samsung's pricing, distribution, financial planning, and other business decisions.

6. Samsung would face harm from public disclosure of the financial information identified in Samsung's Notice of Motion and Motion to Exclude Expert Opinion of Julie L. Davis and the Exhibits thereto. Competitors could use this highly confidential information, in conjunction with other public pleadings in this action, to derive per-unit, per-product sales data of various Samsung products. Armed with this information, a competitor could charge a lower price in an effort to gain market share. Competitors could also use knowledge of Samsung's highest- and lowest-performing product lines to target marketing and advertising efforts. Such highly confidential financial data is properly sealable. *See Apple v. Samsung*, 727 F.3d 1214, 1224-26 (Fed. Cir. 2013) ("The parties assert that their detailed product-specific information concerning such things as costs, sales, profits, and profit margins qualifies as trade secrets. . . . [W]e conclude that the district court abused its discretion in ordering the information unsealed.") (emphasis added).

7. Samsung also moves to seal information designated highly confidential by Apple and expects that Apple will file the required supporting declaration in accordance with Civil Local Rule 79-5 as necessary to confirm whether the information should be sealed.

8. The following chart indicates the documents that Samsung seeks to seal:

| Document | Portions to be Filed Under Seal | Parties Claiming Confidentiality |
| --- | --- | --- |
| Samsung Motion to Exclude Expert Opinion of Julie L. Davis | See conformed highlighted version of document to be filed within 7 days of declarations in support. | Apple |
| Exhibit 1: January 15, 2018 Opening Expert Report of Julie L. Davis | See conformed highlighted version of document to be filed within 7 days of declarations in support. | Apple, Samsung |
| Exhibit 2: February 9, 2018 Reply Expert Report of Julie L. Davis | See conformed highlighted version of document to be filed within 7 days of declarations in support. | Apple, Samsung |
| Exhibit 3: February 15, 2018 Deposition Transcript of Julie L. Davis | See conformed highlighted version of document to be filed within 7 days of declarations in support. | Apple |
| Exhibit 5: Excerpts of August 26, 2013 Deposition Transcript of Julie L. Davis | See conformed highlighted version of document to be filed within 7 days of declarations in support. | Apple |
| Exhibit 6: Excerpts of February 16, 2018 Deposition Transcript of Susan Kare | See conformed highlighted version of document to be filed within 7 days of declarations in support. | Apple |

9. The documents listed in the chart above include expert reports, exhibits thereto, and deposition transcripts that have been be designated as highly confidential by both Samsung and Apple. Samsung expects that Apple will file a declaration identifying the portions of the documents it considers confidential. Further, Samsung understands that the documents also contain information that Samsung Display Co. Ltd. ("SDC") considers highly confidential, and

expects that SDC will file a declaration identifying the portions of the documents it considers confidential.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 23, 2018, at Redwood City, California.

Dated: February 23, 2018

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Mark Gray*
Mark Gray

Attorney for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

## ATTESTATION

I, Victoria Maroulis, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil Local Rules 5-1(i), I hereby attest that Mark Gray has concurred in this filing.

Dated: February 23, 2018                    */s/ Victoria Maroulis*
                                             Victoria Maroulis