QUINN EMANUEL URQUHART &
SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS RELATING TO SAMSUNG'S NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT OPINIONS OF ALAN D. BALL AND SUSAN KARE** |

1    Pursuant to Civil Local Rules 7-11 and 79-5, Samsung Electronics Co., Ltd., Samsung
2  Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively,
3  "Samsung") hereby bring this administrative motion for an order to seal certain information filed
4  in connection with Samsung's Notice of Motion and Motion to Exclude Expert Opinions of Alan
5  D. Ball and Susan Kare and the Exhibits thereto.
6    Pursuant to Civil L.R. 7-11, Samsung's counsel met and conferred with Apple's counsel
7  regarding this motion to seal. Apple does not oppose Samsung's Administrative Motion to File
8  Documents Under Seal as a procedural mechanism for requesting that portions of Samsung's
9  Notice of Motion and Motion to Exclude Expert Opinions of Alan D. Ball and Susan Kare and the
10 Exhibits thereto be placed under seal. Apple reserves the right to challenge any proposed
11 redactions to the extent it believes those redactions improperly seal non-confidential information.
12 Samsung does not file a proposed redacted version of the aforementioned documents in
13 accordance with the Court's Order requiring the parties to meet and confer before filing public
14 redacted documents. Case No. 11-cv-01846, Dkt. No. 2934 (Jan. 29, 2014). Within seven days of
15 Apple or any third party filing declarations in support of sealing, if any, the parties will prepare
16 and Samsung will file a final consolidated and conformed copy of the materials identifying what
17 information parties have supported sealing in their declarations.

### RELIEF REQUESTED

Samsung requests an order granting Samsung's motion to file under seal the following documents:

| Document | Portions to be Filed Under Seal | Parties Claiming Confidentiality |
|---|---|---|
| Exhibit 3 to the Declaration of Brett Arnold in Support of Samsung's Notice of Motion and Motion to Exclude Expert Opinions of Alan D. Ball and Susan Kare: Excerpts of February 13, 2018 Deposition Transcript of Alan Ball | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Apple claims are confidential. | Apple |
| Exhibit 4 to the Declaration of Brett Arnold in Support of Samsung's | The portions highlighted in the version of the | Apple |

| Notice of Motion and Motion to Exclude Expert Opinions of Alan D. Ball and Susan Kare: January 15, 2018 Opening Expert Report of Susan Kare | document Samsung will file with the Court indicating the portions Apple claims are confidential. | |
|---|---|---|
| Exhibit 6 to the Declaration of Brett Arnold in Support of Samsung's Notice of Motion and Motion to Exclude Expert Opinions of Alan D. Ball and Susan Kare: Excerpts of February 16, 2018 Deposition Transcript of Susan Kare | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Apple claims are confidential. | Apple |

## I.   THE "GOOD CAUSE" STANDARD APPLIES

Samsung's Notice of Motion and Motion to Exclude Expert Opinions of Alan D. Ball and Susan Kare is non-dispositive and only addresses the admissibility of evidence at trial.  Therefore, documents submitted in connection with Samsung's Motion may be sealed upon a showing of "good cause."  *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Samsung notes there may be exceptions to the Ninth Circuit's general rule that the "good cause" standard applies to documents attached to motions that are nominally non-dispositive.  For example, in *In re Midland*, the Ninth Circuit applied the "compelling reasons" standard to a *Daubert* motion because it "may be effectively dispositive of a motion for summary judgment." 686 F.3d at 1119 (internal quotation marks omitted).  Samsung is not aware of any Ninth Circuit precedent applying the "compelling reasons" standard to non-dispositive motions regarding the admissibility of evidence at trial.

Were the court to apply this standard, materials may be sealed so long as the party seeking to seal provides "compelling reasons […] supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006).  Compelling reasons have been found to seal, for example, documents containing confidential source code (*Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012); documents containing

"information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016); documents containing "highly sensitive information regarding [the party's] product architecture and development," *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014); and documents in the form of "emails containing information about [a party's] business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers," *Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No. 14–cv–02737–BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Feb. 10, 2015).

Samsung moves to seal information designated highly confidential by Apple and expects that Apple will file the required supporting declaration in accordance with Civil Local Rule 79-5 as necessary to confirm whether the information should be sealed.

## II.  CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant this Administrative Motion to File Under Seal.

DATED:  February 23, 2018         QUINN EMANUEL URQUHART & SULLIVAN, LLP

  */s/ Victoria F. Maroulis*
John B. Quinn
Kathleen M. Sullivan
William C. Price
Michael T. Zeller
Kevin P.B. Johnson
Victoria F. Maroulis

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC