QUINN EMANUEL URQUHART &
SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **DECLARATION OF MARK GRAY IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS RELATING TO SAMSUNG'S NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT OPINIONS OF ALAN D. BALL AND SUSAN KARE** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

I, Mark Gray, declare:

1. I am a member of the State Bar of California, admitted to practice before this Court, and an attorney at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung").[1]  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. Pursuant to Local Rules 7-11 and 79-5, I make this declaration in support of Samsung's Administrative Motion to File Under Seal Documents Relating to Samsung's Notice of Motion and Motion to Exclude Expert Opinions of Alan D. Ball and Susan Kare.

3. Samsung's Notice of Motion and Motion to Exclude Expert Opinions of Alan D. Ball and Susan Kare only addresses the admissibility of evidence at trial, and is thus non-dispositive.  Therefore, documents submitted in connection with Samsung's Opposition may be sealed upon a showing of "good cause."  *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  Though Samsung does not believe them applicable here, Samsung notes there may be exceptions to the Ninth Circuit's general rule that the "good cause" standard applies to documents attached to motions that are nominally non-dispositive.  For example, in *In re Midland*, the Ninth Circuit applied the "compelling reasons" standard to a *Daubert* motion because it "may be effectively dispositive of a motion for summary judgment." 686 F.3d at 1119 (internal quotation marks omitted).  Samsung is not aware of any Ninth Circuit precedent applying the "compelling reasons" standard to non-dispositive motions regarding the admissibility of evidence at trial.

---

[1] Effective January 1, 2015, Samsung Telecommunications America ("STA") merged with and into Samsung Electronics America, and therefore STA no longer exists as a separate corporate entity.

4. Samsung moves to seal information designated highly confidential by Apple and expects that Apple will file the required supporting declaration in accordance with Civil Local Rule 79-5 as necessary to confirm whether the information should be sealed.

5. The following chart indicates the documents that Samsung seeks to seal:

| Document | Portions to be Filed Under Seal | Parties Claiming Confidentiality |
|---|---|---|
| Exhibit 3 to the Declaration of Brett Arnold in Support of Samsung's Notice of Motion and Motion to Exclude Expert Opinions of Alan D. Ball and Susan Kare: Excerpts of February 13, 2018 Deposition Transcript of Alan Ball | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Apple claims are confidential. | Apple |
| Exhibit 4 to the Declaration of Brett Arnold in Support of Samsung's Notice of Motion and Motion to Exclude Expert Opinions of Alan D. Ball and Susan Kare: January 15, 2018 Opening Expert Report of Susan Kare | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Apple claims are confidential. | Apple |
| Exhibit 6 to the Declaration of Brett Arnold in Support of Samsung's Notice of Motion and Motion to Exclude Expert Opinions of Alan D. Ball and Susan Kare: Excerpts of February 16, 2018 Deposition Transcript of Susan Kare | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Apple claims are confidential. | Apple |

6. The documents listed in the chart above include expert reports, exhibits thereto, and deposition transcripts that have been be designated as highly confidential by Apple.  Samsung expects that Apple will file a declaration identifying the portions of the documents it considers confidential.

1    I declare under penalty of perjury that the foregoing is true and correct.  Executed on
2 February 23, 2018, at Redwood City, California.

3 Dated:   February 23, 2018 

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Mark Gray*
  Mark Gray

Attorney for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

# ATTESTATION

I, Victoria Maroulis, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil Local Rules 5-1(i), I hereby attest that Mark Gray has consented to this filing.

Dated: February 23, 2018                    */s/ Victoria Maroulis*
                                            Victoria Maroulis