| | |
|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | John B. Quinn (Bar No. 90378) |
| | johnquinn@quinnemanuel.com |
| 3 | William C. Price (Bar No. 108542) |
| | williamprice@quinnemanuel.com |
| 4 | Michael T. Zeller (Bar No. 196417) |
| | michaelzeller@quinnemanuel.com |
| 5 | 865 S. Figueroa St., 10th Floor |
| | Los Angeles, California 90017 |
| 6 | Telephone: (213) 443-3000 |
| | Facsimile: (213) 443-3100 |
| 7 | |
| | Kathleen M. Sullivan (Bar No. 242261) |
| 8 | kathleensullivan@quinnemanuel.com |
| | Kevin P.B. Johnson (Bar No. 177129) |
| 9 | kevinjohnson@quinnemanuel.com |
| | Victoria F. Maroulis (Bar No. 202603) |
| 10 | victoriamaroulis@quinnemanuel.com |
| | 555 Twin Dolphin Drive, 5th Floor |
| 11 | Redwood Shores, California 94065-2139 |
| | Telephone:  (650) 801-5000 |
| 12 | Facsimile:  (650) 801-5100 |
| 13 | Attorneys for Samsung Electronics Co., Ltd., |
| | Samsung Electronics America, Inc., and |
| 14 | Samsung Telecommunications America, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | | |
|---|---|---|
| 18 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 19 | Plaintiff, | **DECLARATION OF MICHAEL L. FAZIO IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (DKT. NO. 3594)** |
| 20 | vs. | |
| 21 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 22 | | |
| 23 | | |
| 24 | Defendants. | |

**DECLARATION OF MICHAEL L. FAZIO**

I, Michael L. Fazio, declare:

1. I am a member of the State Bar of California, admitted to practice before this Court, and a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung").[1] I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. I make this declaration in support of Apple's Administrative Motion to File Under Seal Apple's Motions to Exclude the Testimony of Michael J. Wagner and the Exhibits thereto (Dkt. 3594).

3. Samsung seeks to seal portions of Apple's Motions to Exclude the Testimony of Michael J. Wagner and the Exhibits thereto, that identify:

    a. Confidential third party survey data;
    b. Confidential financial information of nonparty Samsung Display Co. Ltd. ("SDC"); and
    c. Samsung supplier, cost, product specification, and financial information.

4. Samsung seeks to seal references to confidential third party survey data referenced in Apple's Motions to Exclude the Testimony of Michael J. Wagner and the Exhibits thereto, and the entirety of three confidential consumer studies that Apple has attached to its Motions to Exclude the Testimony of Michael J. Wagner as Exhibits I, J, and K (Dkt. 3594-14, 3594-15, 3594-16, respectively).[2] As explained in detail in previously filed declarations of Michael Fazio, which are hereby incorporated by reference, Samsung considers third-party survey data highly confidential because Samsung has a contractual obligation to maintain the confidentiality of this

---

[1] Effective January 1, 2015, Samsung Telecommunications America ("STA") merged with and into Samsung Electronics America, and therefore STA no longer exists as a separate corporate entity.

[2] Samsung's proposed redactions of confidential third party survey data are indicated in pink in the highlighted versions that it will serve on Apple.

1  data, and because disclosure of such data could cause harm to Samsung.  (*See* Case No. 5:12-cv-
2  00630, Dkt. 1907, 1371.)  This data is generally purchased pursuant to confidentiality agreements
3  and third parties' ability to sell such data may be impacted by public disclosure.  Disclosure of
4  Samsung's market research data could also allow competitors to discover what Samsung considers
5  important functions and features of its phones and tablets and predict Samsung's future product
6  and marketing strategies, removing any first-mover advantage Samsung may otherwise enjoy.
7  Such information is properly sealable, and this Court has previously ordered that such third party
8  survey data be sealed.  (*See* Case No. 5:12-cv-00630, Dkt. 1987 [granting Samsung's motion to
9  seal confidential third party data]; Dkt. 2063 [same].)

10          5.      Samsung also seeks to seal references to the confidential financial information of
11 nonparty SDC referenced in Apple's Motions to Exclude the Testimony of Michael J. Wagner and
12 the Exhibits thereto.[3]  As set forth in the Declaration of Hyangsook Park Regarding Authenticity
13 of Samsung Display Co. Ltd. Document (Dkt. 3594-10),[4] SDC authorized counsel for Samsung to
14 produce a document originating from SDC in this litigation ("the SDC Document").  SDC
15 explained in its declaration that:

> "SDC considers the financial data included in the SDC Document to be
> highly confidential. SDC does not report the type of data included in the SDC
> Document to investors, regulatory bodies, the press, or business analysts. This type
> of information is highly confidential to SDC and SDC takes extraordinary steps to
> maintain the secrecy of the information. SDC would face harm from public

---

[3]  Samsung's proposed redactions of confidential SDC data are indicated in green in the highlighted versions that it will serve on Apple.

[4]  Samsung does not seek to seal the Declaration of Hyangsook Park Regarding Authenticity of Samsung Display Co. Ltd. Document itself, but Samsung seeks to seal the confidential data from the SDC document referenced in Apple's Motions to Exclude the Testimony of Michael J. Wagner and the Exhibits thereto.  Samsung also does not seek to seal the documents filed at 3594-11 (January 2, 2018 Letter from Mark Selwyn to Carl Anderson) and 3594-13 (Samsung's Second Supplemental Objections and Responses to Plaintiff Apple Inc.'s First Set of Interrogatories Regarding Articles of Manufacture, served December 21, 2017).

disclosure of the financial information identified in the SDC Document. Samsung has agreed to treat the SDC Document as Highly Confidential – Attorneys' Eyes Only material under the governing protective order in this matter, Dkt. 687."

(Dkt. 3594-10 at 1-2.)

6. Such information is properly sealable. *See Apple v. Samsung*, 727 F.3d 1214, 1224-26 (Fed. Cir. 2013) (compelling reasons exist to seal product-specific financial information, including sales data); Dkt. Nos. 2089, 2098, 2103, 2176 (ordering financial information, including data similar to that at issue here, sealed).

7. Samsung further seeks to seal references to Samsung's own supplier, cost, and product specification information referenced in Apple's Motions to Exclude the Testimony of Michael J. Wagner and the Exhibits thereto.[5] Samsung considers information about its relationships with manufacturers and suppliers, and information about product specifications, highly confidential. Samsung takes extraordinary steps to maintain the secrecy of such information. Samsung would face harm from public disclosure of the supplier, product specification, and technical information identified in Apple's Motions to Exclude the Testimony of Michael J. Wagner and the Exhibits thereto. Competitors could use this highly confidential information, which reveals Samsung's product architecture, development, and supplier relationships, to gain an unfair business advantage against Samsung. Such materials regarding a party's confidential business practices are properly sealable, including under the compelling reasons standard. *See*, *e.g.*, *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (sealing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them"); *Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No.14–cv–02737–BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Deb. 10, 2015) (sealing "information about [a party's] business practices, recruitment

---

[5] Samsung's proposed redactions of confidential manufacturer, supplier, and product specification data are indicated in <mark>yellow</mark> in the highlighted versions that Samsung will serve on Apple.

efforts, and discussions regarding potential partnerships with other product manufacturers"); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (sealing documents containing "highly sensitive information regarding [a party's] product architecture and development").

8. Samsung further seeks to seal references to confidential Samsung financial information referenced in Apple's Motions to Exclude the Testimony of Michael J. Wagner and the Exhibits thereto.[6]  The financial data identified in Apple's Motions to Exclude the Testimony of Michael J. Wagner and the Exhibits thereto may be used in conjunction with other information made public during this litigation to discern Samsung's sales for accused products.  As explained in detail in the previously filed declarations of Daniel W. Shim, Senior Legal Counsel at Samsung Electronics Co., Ltd., in support of administrative motions to file under seal, which are hereby incorporated by reference, Samsung considers financial data highly confidential.  *See* Dkt. Nos. 874 (re: Apple's Opposition to Samsung's MSJ), 940 (re: Apple MTS), 1018 (re: Samsung's Reply ISO MTS); *see also* Dkt. Nos. 810, 821, 858, 874, 949, 960 (providing compelling reasons why various categories of Samsung-confidential information should be filed under seal).  Such information is properly sealable.  *See Apple v. Samsung*, 727 F.3d at 1224-26 (compelling reasons exist to seal product-specific financial information, including sales data); Dkt. Nos. 2089, 2098, 2103, 2176 (ordering financial information, including data similar to that at issue here, sealed).

9. In accordance with the Court's Order requiring the parties to meet and confer before filing public redacted documents, Samsung will serve highlighted versions of Apple's Motions to Exclude the Testimony of Michael J. Wagner and the Exhibits thereto on Apple, pursuant to the color highlighting scheme that Samsung has described herein, and Apple will file conformed highlighted versions within seven days of this Declaration.  (*See* Dkt. No. 2934.)

---

[6]  Samsung's proposed redactions of confidential financial data are indicated in yellow in the highlighted versions that Samsung will serve on Apple.

1   I declare under penalty of perjury under the laws of the United States of America that the
2   foregoing is true and correct.  Executed February 27, 2018, at Los Angeles, California.

4   */s/ Michael L. Fazio*
    Michael L. Fazio

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the above Declaration. In compliance with Local Rule 5-1(i)(3), I hereby attest that Michael L. Fazio has concurred in the aforementioned filings.

                                              */s/ Victoria Maroulis*

                                              Victoria Maroulis