| | |
|---|---|
| ERIK J. OLSON (CA SBN 175815) | WILLIAM F. LEE |
| ejolson@mofo.com | william.lee@wilmerhale.com |
| NATHAN B. SABRI (CA SBN 252216) | WILMER CUTLER PICKERING |
| nsabri@mofo.com | HALE AND DORR LLP |
| MORRISON & FOERSTER LLP | 60 State Street |
| 425 Market Street | Boston, Massachusetts 02109 |
| San Francisco, California  94105-2482 | Telephone: (617) 526-6000 |
| Telephone:  (415) 268-7000 | Facsimile: (617) 526-5000 |
| Facsimile:  (415) 268-7522 | |
| | MARK D. SELWYN (SBN 244180) |
| | mark.selwyn@wilmerhale.com |
| Attorneys for Plaintiff and | WILMER CUTLER PICKERING |
| Counterclaim-Defendant APPLE INC. | HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S NOTICE OF MOTION AND MOTION TO EXCLUDE MR. WAGNER'S TESTIMONY REGARDING APPORTIONMENT**<br><br>**CONFIDENTIAL - FILED UNDER SEAL**<br><br>Date:     March 29, 2018<br>Time:    1:30 p.m.<br>Place:    Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 29, 2018, at 1:30 p.m., or as soon as the matter may be heard by the Honorable Lucy H. Koh in Courtroom 8, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Apple Inc. shall and hereby does move the Court for an order, pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to exclude certain testimony of Samsung's proffered expert Michael Wagner. More specifically, Apple asks the Court to exclude Mr. Wagner's calculations of damages under 35 U.S.C. § 289 based on consumer surveys, his opinions based on alleged "corroborating" evidence and impermissible apportionment methodologies, and his opinions that rely on the opinions of David Reibstein (which the Court struck).

This motion is based on this notice of motion and supporting memorandum of points and authorities; the Declaration of Mark Selwyn in Support of Apple's Motions to Exclude Mr. Wagner's Testimony Regarding Apportionment, SDC Cost Data, Apple Cost Data, and "White" Phones; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

Dated: February 23, 2018                    WILMER CUTLER PICKERING HALE AND
                                            DORR LLP


                                            By: */s/ Mark D. Selwyn*
                                                MARK D. SELWYN

                                                Attorneys for Plaintiff
                                                APPLE INC.

Samsung's expert Michael Wagner submitted two reports that provide seven alternative methods for calculating Samsung's profits on its alleged articles of manufacture ("AOMs") under 35 U.S.C. § 289.  Four methods rely on consumer surveys from David Reibstein (whose opinions this Court struck), J.D. Power, and Nielsen.  Mr. Wagner's survey-based calculations, and his "corroborating" opinions, rely on legally-improper and unreliable apportionment methods and go beyond his expertise.  They should be excluded under FRE 702 and *Daubert*, 509 U.S. 579.

A. **Mr. Wagner Engages in Improper "Apportionment."**

Before the 2012 trial, this Court excluded Mr. Wagner's calculations that used consumer surveys, in Samsung's own words, to "apportion[] Samsung's profits for the accused devices between patented design elements and other features." Dkt. 999-2 at 21.  As Samsung explained:

> For example, .

*Id.* at 24.  "To be conservative," Mr. Wagner then concluded that he "would apportion 1% of Samsung's profits to possible design elements allegedly taken from Apple." Dkt. 1014-18, ¶ 366; *see id.* ¶¶ 340-371.  This Court excluded the methodology as "unreliable under FRE 702 and *Daubert* and unduly prejudicial under FRE 403" because "Mr. Wagner's apportionment of damages" was contrary to § 289. Dkt. 1157 at 9; *see* Dkt. 2271 at 12.  The Federal Circuit agreed, *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1001-1002 (Fed. Cir. 2015), and Samsung abandoned its apportionment argument at the Supreme Court, *see* Dkt. 3509 at 12.

Although Mr. Wagner now claims that his current survey-based calculations are "AOM" calculations, there can be no doubt that he is engaging in precisely the type of apportionment that is prohibited under § 289. Ex. C, ¶¶ 65-69.  To arrive at his damages calculations, Mr. Wagner selects survey responses reflecting certain smartphone factors and attributes (e.g., ███████████████████████████████████████████) to determine their value as a percentage relative to all listed features.  He then multiplies those percentages, which range from 0.8% to 11.38%, by Samsung's profits on the

entire infringing smartphones. Ex. A, ¶¶ 391-430, 452-462. In other words, Mr. Wagner uses the consumer surveys to apportion Samsung's profits for the infringing phones based on the supposed value or importance of selected features relative to other features—just as before. Indeed, Mr. Wagner admits that his current survey-based methodologies use "***mechanically the same calculation***" as those that the Court previously excluded as improper apportionment. Ex. D at 1299. They should be excluded for the same reasons again.

### B. Mr. Wagner's Survey-Based Methodologies Cannot Reliably Determine the Profit Samsung Made on Its Alleged AOMs.

Mr. Wagner's survey-based methods also cannot reliably indicate the profits that Samsung made on its AOMs, because the surveys he relies on were not intended or designed for how he uses them. Ex. C, ¶¶ 70-89, 114-120; *see* Exs. I-K. As Mr. Wagner admits, the J.D. Power and Nielsen surveys do not quantify a monetary value or profit, or even determine how much a customer would be willing to pay, for any product feature or component. Ex. D at 1262-1264, 1280-1282. Nor are they tied to any specific components in Samsung's phones, let alone the components Samsung alleges are the AOMs (i.e., glass front face, bezel, display screen). *Id.* at 1268-1269, 1282-1283, 1287-1288. The surveys instead ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. A, ¶¶ 406, 418-421, 452-455; Ex. D at 1286, 1331-1333 (agreeing surveys asked about things other than physical components, including "intangibles"). Indeed, Mr. Wagner concedes that the J.D. Power and Nielsen surveys are not specific enough to address the components Samsung identifies as its AOMs; that is why he sought to rely on Dr. Reibstein's now-struck survey and opinions to "drill[] down from the broader feature categories utilized by [the third-party] surveys." Ex. A, ¶¶ 394-395, 462; Ex. D at 1315-1317. The surveys cannot reliably be used to calculate the profits Samsung actually made on its AOMs.

### C. Mr. Wagner's "Corroborating" Opinions Are Also Improper Apportionment.

Mr. Wagner's report also includes a discussion of "quantitative evidence" that supposedly "corroborates" his calculations and "a qualitative discussion of the importance of other features

and functionalities of the phone unrelated to the AOM[.]" Ex. A, ¶¶ 391, 463, 506. This section discusses: consumer surveys by Strategy Analytics, ComTech, and Apple; an iPhone/iPod profit comparison; a comparison to the "least profitable" infringing phone; Apple-Samsung licensing discussions; OEM marketing messages; the "importance of [smartphone] features unrelated to the AOMs" (e.g., camera, battery, software); profits from iPhone memory; and other IP (e.g., standard-essential patents, other Apple design/utility patents). *Id.* ¶¶ 463-564.

Mr. Wagner does not rely on this evidence to calculate damages under § 289 (*e.g.*, Ex. D at 1302-1303, 1307, 1309); instead, he claims it "corroborates" his damages calculations. But what it actually confirms is that Mr. Wagner is engaging in impermissible apportionment. Samsung explained its (later-excluded) "apportionment" approach in 2012 as follows:

> [T]he accused Samsung devices are complex technology products combining many innovations; their value is overwhelmingly a result of *technology*, not design. Apple's own studies show that demand is driven by such features as e-mail and web capabilities, screen quality and size, and operating system.

Dkt. 999-2 at 21. Mr. Wagner's "corroborating" opinions seek to make the same point and rely on the same type of evidence, and are nothing more than a back-door attempt to revive Samsung's "apportionment" arguments. Mr. Wagner's opinions based on this "corroborating" evidence cannot (and do not even purport to) reliably determine Samsung's AOM profits. Ex. C, ¶¶ 121-155. They should be excluded as contrary to § 289, unreliable, and prejudicial.

### D.   Mr. Wagner Improperly Relies on Dr. Reibstein's Opinions.

Mr. Wagner's survey-based methods improperly rely on Dr. Reibstein, whose opinions were struck. Dkt. 3585; *see* Dkt. 3573-3. Mr. Wagner uses inputs from Dr. Reibstein's own survey for several calculations as well as one "corroborating" opinion. Ex. A, ¶¶ 394-404, 409, 423, 562, Figs. 76-79. For all his survey-based methods, Mr. Wagner relied on Dr. Reibstein's opinion that the surveys could "be used to estimate value." *Id.* ¶¶ 408, 423, 453. Mr. Wagner's report nowhere disclosed his own opinion that the surveys could be used for that purpose.[1]

---

[1] Mr. Wagner now claims he can offer calculations using surveys without Dr. Reibstein's help, but he lacks the qualifications to do so. He is an accountant, and "do[es] not hold [him]self out as a survey expert," "marketing expert," or "statistician." Ex. D at 1181-1183.

Dated: February 23, 2018                    WILMER CUTLER PICKERING HALE AND
                                            DORR LLP


                                            By: */s/ Mark D. Selwyn*
                                                MARK D. SELWYN

                                                Attorneys for Plaintiff
                                                APPLE INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on February 23, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

/s/ Mark D. Selwyn
Mark D. Selwyn