| | |
|---|---|
| ERIK J. OLSON (CA SBN 175815) <br> ejolson@mofo.com <br> NATHAN B. SABRI (CA SBN 252216) <br> nsabri@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 <br><br> Attorneys for Plaintiff and <br> Counterclaim-Defendant APPLE INC. | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, Massachusetts 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK <br><br> **APPLE'S NOTICE OF MOTION AND MOTION TO EXCLUDE MR. WAGNER'S TESTIMONY REGARDING SDC COST DATA, APPLE COST DATA, AND "WHITE" PHONES** <br><br> **CONFIDENTIAL - FILED UNDER SEAL** <br><br> Date:  March 29, 2018 <br> Time:  1:30 p.m. <br> Place:  Courtroom 8, 4th Floor <br> Judge:  Hon. Lucy H. Koh |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 29, 2018, at 1:30 p.m., or as soon as the matter may be heard by the Honorable Lucy H. Koh in Courtroom 8, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Apple Inc. shall and hereby does move the Court for an order, pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to exclude certain testimony of Samsung's proffered expert Michael Wagner. More specifically, Apple asks the Court to exclude Mr. Wagner's calculations of damages under 35 U.S.C. § 289 based on SDC cost data and Apple cost data, and his opinions removing purportedly "white" phones from all his damages calculations.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the Declaration of Mark Selwyn in Support of Apple's Motions to Exclude Mr. Wagner's Testimony Regarding Apportionment, SDC Cost Data, Apple Cost Data, and "White Phones"; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

Dated: February 23, 2018         WILMER CUTLER PICKERING HALE AND
                                 DORR LLP


                                 By: */s/ Mark D. Selwyn*
                                     MARK D. SELWYN

                                     Attorneys for Plaintiff
                                     APPLE INC.

1   Samsung's expert Michael Wagner provides three cost-based methods for calculating Samsung's profits on its alleged articles of manufacture ("AOMs") under 35 U.S.C. § 289. Two of those methods—one using data from non-party Samsung Display Co. ("SDC") and one using data that relates to materials incorporated in Apple's iPhone—rely on legally-impermissible and unreliable methods and data, and should be excluded under FRE 702 and *Daubert*, 509 U.S. 579.[1] In addition, Mr. Wagner's opinions removing "white" phones from his damages calculations are contrary to the law of this case and unreliable under FRE 702, and should also be excluded.

### A.   Mr. Wagner's SDC Cost Data Method Is Based on Unreliable Data.

One of Mr. Wagner's methodologies uses data produced by SDC to identify costs at the component level. Ex. A, ¶¶ 437-446. He then ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.* ¶ 440. The SDC data that Mr. Wagner uses for these calculations is unreliable for several reasons.

First, Samsung has withheld information on how the SDC data was created, and its veracity is in question. Samsung produced the SDC data (labeled SDC000001) to Apple just hours before fact discovery closed on December 21, 2017, and after all Samsung fact depositions. Samsung included a declaration signed by SDC employee Hyangsook Park in Korea on December 22, 2017. The declaration states that SDC000001 was created on December 5, 2017. Ex. E, ¶ 6. After Apple objected to this belated production and Samsung's failure to identify SDC or Ms. Park in its interrogatory responses (Ex. F), Samsung represented that Ms. Park "does not have discoverable personal knowledge beyond the facts" in the declaration and that Samsung had no control over non-party SDC. Ex. G at 2. Yet Mr. Wagner's report describes a conversation with Ms. Park that Mr. Wagner felt was needed to understand the content of SDC000001. Ex. A. ¶ 438; Ex. D at 1211-1212. Apple, by contrast, has been denied any discovery concerning the document's contents or creation.[2]

---

[1]   Apple's *Daubert* motions do not challenge Mr. Wagner's third cost-based methodology, which calculates § 289 damages using cost data provided by defendants SEA and STA.

[2]   Mr. Wagner was unable to shed light on the source of the SDC data or how SDC gathered the data. He understood that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. D at 1220.

1    Second, SDC000001 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
2    ▮▮▮▮▮▮▮▮  Ex. A, ¶ 438.  Although Mr. Wagner "expect[s]" that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
3    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, he did not investigate
4    why ▮▮▮▮▮▮▮▮▮▮▮▮ were not produced.  Ex. D at 1213-1214.  Thus, Mr. Wagner—like
5    Apple—does not know whether the limited data is representative of component costs throughout
6    the damages period.  Yet he applied ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to his calculations spanning the
7    *entire* 15-month damages period.  Ex. A, ¶ 440.  That cannot reliably determine the AOM profits
8    that Samsung actually made across the damages period.  Ex. C, ¶ 102.
9    Finally, SDC000001 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
10   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Thus, as Mr. Wagner admits, SDC00001 ▮▮▮▮▮▮
12   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Ex. D at 1228-1229.  After Apple's
13   expert pointed out this error, Mr. Wagner amended his report to exclude ▮▮▮▮▮▮▮▮.
14   Ex. B, ¶ 11.  Mr. Wagner later attempted to provide a *post-hoc* rationalization for the discrepancy
15   at his deposition, but admitted he never discussed the issue with anyone at SDC.  Ex. D at 1230.
16   The existence of this erroneous data undermines the reliability of the entire SDC document,
17   especially given that neither Apple nor Mr. Wagner can test its veracity.
18       **B.**    **Mr. Wagner's Calculations Based on Apple's Cost Data Are Unreliable.**
19   Just before midnight on February 12, 2018—hours before Mr. Wagner's deposition—
20   Samsung produced a 179-page "Amendment" to his report.  Ex. B.  The amendment provides a
21   new damages method not disclosed in Mr. Wagner's report or Samsung's interrogatory responses.
22   Ex. H.  He calculates "Apple's cost of window glass as a percentage of its entire display
23   assembly" as a "reasonableness check" for his other disclosed calculations.  Ex. B, ¶ 5.  This new
24   calculation relies on two unjustified assumptions that render his opinion unreliable.
25   First, there is no basis for using data regarding the cost of materials in ***Apple's*** phones to
26   calculate ***Samsung's*** profit on its alleged AOMs.  Mr. Wagner makes no attempt to show that
27   Apple and Samsung use similar suppliers, negotiate similar supply arrangements, or have similar
28

1 cost structures. *Id.* ¶¶ 5-9.  Second, Mr. Wagner's calculation is based on pricing data for iPhone cover glass from a third-party supplier (Corning Corporation), where the pricing is on a dollar-per-square-foot basis.  To convert that to a per-unit number, Mr. Wagner "assum[es] that the cost of one square foot … is an approximation of the cost of cover glass for one phone." *Id.* ¶ 8.  He provides no reasoned basis for that assumption, which ignores the manufacturing and processing costs necessary to convert square feet of sheet glass to units of cover glass for Apple's iPhones.  Thus, Mr. Wagner's calculations based on Apple's cost data cannot reliably determine Samsung's AOM profits and would not assist the jury—even as a so-called "reasonableness check."

### C. Mr. Wagner Impermissibly Removes "White" Phones from the Damages.

For each method, Mr. Wagner gives "alternative" calculations excluding over a million units that were included in the infringement verdict, because the units allegedly are white. Ex. A, ¶¶ 382-390.  Mr. Wagner contends that these phones do not infringe the D'677 patent, though he admits Samsung never made that argument at trial. *Id.* ¶¶ 385-386.  In fact, Samsung stipulated during the 2012 trial—and Mr. Wagner agreed—that JX1500 showed "units and revenues for each of the accused products" and never argued at trial, on JMOL, or on appeal that any units therein were white or did not infringe for that reason.  Dkt. 1597, ¶ 6(a)); *see* Dkt. 3354-18, ¶ 14; Ex. D at 1293, 1296; Ex. C, ¶¶ 156-160.  Mr. Wagner's new assertion that "Samsung sold non-infringing, white-faced versions" of phones in JX1500 (Ex. A, ¶ 385) reflects a non-infringement opinion that improperly and prejudicially seeks to undo the parties' stipulation, is contrary to the verdict and the law of this case, and goes beyond his qualifications as a damages expert.[3]

Further, Mr. Wagner concedes he has no way of reliably determining how many white phones (if any) may be included in JX1500 because Samsung did not produce data sufficient to make that determination.  Ex. A, ¶ 389.  Instead, Mr. Wagner "assume[s]" that STA sold the same number of white phones per month as SEC.  *Id.*  He offers no basis for that speculative assumption.  His opinions regarding "white" phones should therefore be excluded as unreliable.

---

[3] Samsung cannot avoid issue preclusion by pointing to non-infringement arguments that it could have asserted at trial. *Paulo v. Holder*, 669 F.3d 911, 918 (9th Cir. 2011).

Dated: February 23, 2018

WILMER CUTLER PICKERING HALE AND DORR LLP

By: */s/ Mark D. Selwyn*
MARK D. SELWYN

Attorneys for Plaintiff
APPLE INC.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on February 23, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*/s/ Mark D. Selwyn*
Mark D. Selwyn