# EXHIBIT G
## (Filed Under Seal)

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

WRITER'S DIRECT DIAL NO.
(415) 875-6328

WRITER'S EMAIL ADDRESS
carlanderson@quinnemanuel.com

January 12, 2018

**Contains Information Designated by Samsung Display Co. as Highly Confidential—OAEO Pursuant to Protective Order**

Mark D. Selwyn
WilmerHale
950 Page Mill Road
Palo Alto, CA 94304

Re:   *Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-1846 (N.D. Cal.)
      Samsung Display Co. ("SDC") Document Production

Dear Mark:

I write in response to your January 2, 2018 letter concerning the Samsung Display Co. ("SDC") document production. We disagree with the contentions in your letter, as explained below.

First, Samsung Display Co. ("SDC")'s production of the document control numbered SDC000001 was not untimely. The declaration was produced during the fact discovery period, specifically on Dec. 21, 2017 United States time, as Apple concedes, and it was provided to Apple on the same day it was signed (which was December 22, 2017 in Korea). Also that same day, Samsung amended its interrogatory responses by referencing the produced document and declaration. The Court has already ruled in this case, at Apple's urging, that documents produced during the discovery period, including on the last day, are timely and can be relied on. (*See, e.g.*, Dkt. 1611 at 941, Aug. 6, 2012 Trial Tr. ("Well, you can produce it on the last day of discovery. … The objection is overruled.").) Nor was Apple prejudiced with respect to deposition questioning, as the material produced by SDC is confidential to SDC, is not available to any Samsung employees, and cannot be shared with Samsung's witnesses in this case.

Second, contrary to the claim in your letter, Samsung ███████████████████████████
████████████████████████████████████████████. *See* SAMNDCA30000055. That same document also was cited in Samsung's initial response to

Mark Selwyn
January 12, 2018

Apple's Interrogatory Nos. 10-12 asking for the identity of the manufacturer and supplier for each article of manufacture. Samsung also produced additional materials ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* SAMNDCA30000056-SAMNDCA30003536; SAMNDCA30005139; SAMNDCA30006803. SDC000001 is a business record and the declaration is sufficient to remove any doubt about its authenticity. Hyangsook Park does not have discoverable personal knowledge beyond the facts stated in the authenticity declaration, and Apple has received a complete sworn declaration of those facts. Apple has provided no support for its claim that a document authenticity declarant should be subjected to full-blown discovery as if (s)he were a fact witness with substantive personal knowledge. Indeed, Federal Rule of Evidence 803(6) provides that business records such as SDC000001 are admissible regardless of declarant availability. The Supreme Court has recognized that "[b]usiness and public records are generally admissible absent confrontation" because "they are not testimonial." *Melendez–Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009). Under Rule 803 there is a presumption of trustworthiness, with the burden of establishing untrustworthiness on the opponent of the evidence. *Keith v. Volpe*, 858 F.2d 467, 481 (9th Cir. 1988). Apple has not met that burden.

Third, as referenced above, SDC000001 is admissible as a business record. Samsung is not offering it under FRE 1006, so Apple's argument concerning the admissibility of summary charts is inapposite. Ms. Park provided all necessary information regarding SDC's business practices regarding the creation and storage in 2011-12 of component and cost information that is included in the spreadsheet.

Fourth, we disagree with Apple's claim that the declaration contains alleged contradictions. Rather, your letter mischaracterizes the declaration, and omits the relevant passages in which Ms. Park made clear that SDC00001 was "**based on data** maintained by SDC in the ordinary course of its business, as a regular practice of SDC's manufacture and sale of display modules for smartphones." (Emphasis added). The fact that the spreadsheet itself was generated on a particular date post-dating the data itself in no way contradicts Ms. Park's business record attestations pertaining to the data contained therein. Your conflation of the creation of the data at SDC in 2011-12 with the creation of the Excel spreadsheet containing that data in 2017 is specious. The Excel spreadsheet was produced to Apple in native format as a courtesy, and any suggestion that producing financial data in native Excel format is somehow improper or unreliable is not well-taken. Apple has relied on multiple spreadsheets containing data of the same type throughout this litigation, all of which were created well after the data was originally created and stored.

Lastly, Apple has provided no justification for its demand for production of drafts of Ms. Park's declaration and correspondence between Samsung and Ms. Park regarding Ms. Park's declaration, nor is Samsung aware of any such justification. If you have any basis for this demand, please provide it. In any event, Samsung and SDC's communications are subject to a common interest privilege.

Mark Selwyn
January 12, 2018

Very truly yours,

Carl G. Anderson