QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF MARK GRAY IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS RELATING TO SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO EXCLUDE WAGNER TESTIMONY REGARDING PURPORTED APPORTIONMENT** |

I, Mark Gray, declare:

1. I am a member of the State Bar of California, admitted to practice before this Court, and an attorney at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung").[1] I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. Pursuant to Local Rules 7-11 and 79-5, I make this declaration in support of Samsung's Administrative Motion to File Under Seal Documents Relating to Samsung's Opposition to Apple's Motion to Exclude Wagner Testimony Regarding Purported Apportionment and the Exhibits thereto.

3. Samsung's Opposition to Apple's Motion to Exclude Wagner Testimony Regarding Purported Apportionment only addresses the admissibility of evidence at trial, and is thus non-dispositive. Therefore, documents submitted in connection with Samsung's Opposition may be sealed upon a showing of "good cause." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Though Samsung does not believe them applicable here, Samsung notes there may be exceptions to the Ninth Circuit's general rule that the "good cause" standard applies to documents attached to motions that are nominally non-dispositive. For example, in *In re Midland*, the Ninth Circuit applied the "compelling reasons" standard to a *Daubert* motion because it "may be effectively dispositive of a motion for summary judgment." 686 F.3d at 1119 (internal quotation marks omitted). Samsung is not aware of any Ninth Circuit precedent applying the "compelling reasons" standard to non-dispositive motions regarding the admissibility of evidence at trial.

4. Samsung seeks to seal references to confidential third party survey data referenced

---

[1] Effective January 1, 2015, Samsung Telecommunications America ("STA") merged with and into Samsung Electronics America, and therefore STA no longer exists as a separate corporate entity.

-1-   Case No. 11-CV-1846-LHK
GRAY DECL. ISO SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

in Samsung's Opposition to Apple's Motion to Exclude Wagner Testimony Regarding Purported Apportionment and the Exhibits. As explained in detail in previously filed declarations of Michael Fazio, which are hereby incorporated by reference, Samsung considers third-party survey data highly confidential because Samsung has a contractual obligation to maintain the confidentiality of this data, and because disclosure of such data could cause harm to Samsung. (*See* Case No. 5:12-cv-00630, Dkt. 1907, 1371.) This data is generally purchased pursuant to confidentiality agreements and third parties' ability to sell such data may be impacted by public disclosure. Disclosure of Samsung's market research data could also allow competitors to discover what Samsung considers important functions and features of its phones and tablets and predict Samsung's future product and marketing strategies, removing any first-mover advantage Samsung may otherwise enjoy. Such information is properly sealable, and this Court has previously ordered that such third party survey data be sealed in Case No. 5:12-cv-00630. (*See* Case No. 5:12-cv-00630, Dkt. 1987 [granting Samsung's motion to seal confidential third party data]; Dkt. 2063 [same].)

5. The following chart indicates the documents that Samsung seeks to seal:

| Document | Portions to be Filed Under Seal | Parties Claiming Confidentiality |
|---|---|---|
| Samsung's Opposition to Motion to Exclude Mr. Wagner's Testimony Regarding Purported Apportionment | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Samsung claims are confidential. | Samsung |
| Exhibit 2 to the Declaration of Mark Gray in Support of Samsung's Opposition to Motion to Exclude Mr. Wagner's Testimony Regarding Purported Apportionment | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Samsung claims are confidential. | Samsung |
| Exhibit 3 to the Declaration of Mark Gray in Support of Samsung's Opposition to Motion to Exclude Mr. Wagner's Testimony Regarding Purported Apportionment | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Samsung claims are confidential. | Samsung |

1   I declare under penalty of perjury under the laws of the United States of America that the
2   foregoing is true and correct.  Executed March 9, 2018, at Redwood Shores, California.

   */s/ Mark Gray*
   Mark Gray

-3-  Case No. 11-CV-1846-LHK
GRAY DECL. ISO SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

## ATTESTATION

I, Victoria Maroulis, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil Local Rules 5-1(i), I hereby attest that Mark Gray has consented to this filing.

Dated: March 9, 2018              */s/ Victoria Maroulis*
                                  Victoria Maroulis