QUINN EMANUEL URQUHART &
SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS RELATING TO SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO EXCLUDE WAGNER TESTIMONY REGARDING SDC COST DATA, APPLE COST DATA, AND WHITE PHONES** |

Pursuant to Civil Local Rules 7-11 and 79-5, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung")[1] hereby bring this administrative motion for an order to seal certain information filed in connection with Samsung's Opposition to Apple's Motion to Exclude Wagner Testimony Regarding SDC Cost Data, Apple Cost Data, and White Phones and the Exhibits thereto.

Pursuant to Civil L.R. 7-11, Samsung's counsel met and conferred with Apple's counsel regarding this motion to seal. Apple does not oppose Samsung's Administrative Motion to File Documents Under Seal as a procedural mechanism for requesting that portions of Samsung's Opposition to Apple's Motion to Exclude Wagner Testimony Regarding SDC Cost Data, Apple Cost Data, and White Phones and the Exhibits thereto be placed under seal. Apple reserves the right to challenge any proposed redactions to the extent it believes those redactions improperly seal non-confidential information. Samsung does not file a proposed redacted version of the aforementioned documents in accordance with the Court's Order requiring the parties to meet and confer before filing public redacted documents. Dkt. No. 2934 (Jan. 29, 2014). Within seven days of Apple or any third party filing declarations in support of sealing, if any, the parties will prepare and Samsung will file a final consolidated and conformed copy of the materials identifying what information parties have supported sealing in their declarations.

**RELIEF REQUESTED**

Samsung requests an order granting Samsung's motion to file under seal the following documents:

| Document | Portions to be Filed Under Seal | Parties Claiming Confidentiality |
|---|---|---|
| Samsung's Opposition to Apple's Motion to Exclude Wagner Testimony Regarding SDC Cost Data, Apple Cost Data, and White | The portions highlighted in the version of the document Samsung will file with the Court | Samsung, Apple |

---

[1] Effective January 1, 2015, Samsung Telecommunications America ("STA") merged with and into Samsung Electronics America, and therefore STA no longer exists as a separate corporate entity.

| | | |
|---|---|---|
| Phones | indicating the portions Samsung claims are confidential. | |
| Exhibit A to the Declaration of Mark Gray in Support of Samsung's Opposition to Apple's Motion to Exclude Wagner Testimony Regarding SDC Cost Data, Apple Cost Data, and White Phones | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Samsung claims are confidential. | Samsung |
| Exhibit C to the Declaration of Mark Gray in Support of Samsung's Opposition to Apple's Motion to Exclude Wagner Testimony Regarding SDC Cost Data, Apple Cost Data, and White Phones | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Samsung claims are confidential. | Samsung |
| Exhibit D to the Declaration of Mark Gray in Support of Samsung's Opposition to Apple's Motion to Exclude Wagner Testimony Regarding SDC Cost Data, Apple Cost Data, and White Phones | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Apple claims are confidential. | Apple |
| Exhibit E to the Declaration of Mark Gray in Support of Samsung's Opposition to Apple's Motion to Exclude Wagner Testimony Regarding SDC Cost Data, Apple Cost Data, and White Phones | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Apple claims are confidential. | Apple |
| Exhibit F to the Declaration of Mark Gray in Support of Samsung's Opposition to Apple's Motion to Exclude Wagner Testimony Regarding SDC Cost Data, Apple Cost Data, and White Phones | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Apple claims are confidential. | Apple |
| Exhibit G to the Declaration of Mark Gray in Support of Samsung's Opposition to Apple's Motion to Exclude Wagner Testimony Regarding SDC Cost Data, Apple Cost Data, and White Phones | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Apple claims are | Apple |

| | | |
|---|---|---|
| | confidential. | |
| Exhibit H to the Declaration of Mark Gray in Support of Samsung's Opposition to Apple's Motion to Exclude Wagner Testimony Regarding SDC Cost Data, Apple Cost Data, and White Phones | The portions highlighted in the version of the document Samsung will file with the Court indicating the portions Samsung claims are confidential. | Samsung |

## I. THE "GOOD CAUSE" STANDARD APPLIES

Samsung's Opposition to Apple's Motion to Exclude Wagner Testimony Regarding SDC Cost Data, Apple Cost Data, and White Phones is non-dispositive and only addresses the admissibility of evidence at trial. Therefore, documents submitted in connection with Samsung's Motion may be sealed upon a showing of "good cause." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Samsung notes there may be exceptions to the Ninth Circuit's general rule that the "good cause" standard applies to documents attached to motions that are nominally non-dispositive. For example, in *In re Midland*, the Ninth Circuit applied the "compelling reasons" standard to a *Daubert* motion because it "may be effectively dispositive of a motion for summary judgment." 686 F.3d at 1119 (internal quotation marks omitted). Samsung is not aware of any Ninth Circuit precedent applying the "compelling reasons" standard to non-dispositive motions regarding the admissibility of evidence at trial.

Were the court to apply this standard, materials may be sealed so long as the party seeking to seal provides "compelling reasons […] supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006). Compelling reasons have been found to seal, for example, documents containing confidential source code (*Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012); documents containing "information about [a party's] business performance, structure, and finances that could be used to

gain unfair business advantage against them," *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016); documents containing "highly sensitive information regarding [the party's] product architecture and development," *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014); and documents in the form of "emails containing information about [a party's] business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers," *Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No. 14–cv–02737–BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Feb. 10, 2015).

Samsung moves to seal information designated highly confidential by Apple and expects that Apple will file the required supporting declaration in accordance with Civil Local Rule 79-5 as necessary to confirm whether the information should be sealed.

Samsung also moves to seal references to the confidential financial information of nonparty Samsung Display Co. Ltd. ("SDC") referenced in Samsung's Opposition to Apple's Motion to Exclude Wagner Testimony Regarding SDC Cost Data, Apple Cost Data, and White Phones and the Exhibits thereto.[2] As set forth in the Declaration of Hyangsook Park Regarding Authenticity of Samsung Display Co. Ltd. Document (Dkt. 3594-10), SDC authorized counsel for Samsung to produce a document originating from SDC in this litigation ("the SDC Document"). SDC explained in its declaration that:

> "SDC considers the financial data included in the SDC Document to be highly confidential. SDC does not report the type of data included in the SDC Document to investors, regulatory bodies, the press, or business analysts. This type of information is highly confidential to SDC and SDC takes extraordinary steps to maintain the secrecy of the information. SDC would face harm from public disclosure of the financial information identified in the SDC Document. Samsung

---

[2] Samsung's proposed redactions of confidential SDC financial data are indicated in yellow in the highlighted versions that Samsung will serve on Apple.

has agreed to treat the SDC Document as Highly Confidential – Attorneys' Eyes Only material under the governing protective order in this matter, Dkt. 687."

(Dkt. 3594-10 at 1-2.)

Such information is properly sealable. *See Apple v. Samsung*, 727 F.3d 1214, 1224-26 (Fed. Cir. 2013) (compelling reasons exist to seal product-specific financial information, including sales data); Dkt. Nos. 2089, 2098, 2103, 2176 (ordering financial information, including data similar to that at issue here, sealed).

Samsung further seeks to seal references to Samsung's own supplier information referenced in Samsung's Opposition to Apple's Motion to Exclude Wagner Testimony Regarding SDC Cost Data, Apple Cost Data, and White Phones and the Exhibits thereto.[3] Samsung considers information about its relationships with manufacturers and suppliers, and information about product specifications, highly confidential. Samsung takes extraordinary steps to maintain the secrecy of such information. Samsung would face harm from public disclosure of the supplier, product specification, and technical information identified in Samsung's Opposition to Apple's Motion to Exclude Wagner Testimony Regarding SDC Cost Data, Apple Cost Data, and White Phones and the Exhibits thereto. Competitors could use this highly confidential information, which reveals Samsung's product architecture, development, and supplier relationships, to gain an unfair business advantage against Samsung. Such materials regarding a party's confidential business practices are properly sealable, including under the compelling reasons standard. *See*, *e.g.*, *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (sealing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them"); *Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No.14–cv–02737–BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Deb. 10, 2015) (sealing "information about [a party's] business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers"); *Delphix Corp. v.*

---

[3] Samsung's proposed redactions of confidential Samsung supplier information are indicated in green in the highlighted versions that Samsung will serve on Apple.

*Actifio*, Inc., No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (sealing documents containing "highly sensitive information regarding [a party's] product architecture and development").

## II.  CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant this Administrative Motion to File Under Seal.

DATED: March 9, 2018

QUINN EMANUEL URQUHART & SULLIVAN, LLP

 */s/ Victoria F. Maroulis*
John B. Quinn
Kathleen M. Sullivan
William C. Price
Michael T. Zeller
Kevin P.B. Johnson
Victoria F. Maroulis

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC