# EXHIBIT B

QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S RESPONSES AND OBJECTIONS TO PLAINTIFF APPLE INC.'S SECOND SET OF INTERROGATORIES REGARDING ARTICLES OF MANUFACTURE** |

02198-51855/9754564.2

Case No. 11-cv-01846-LHK
SAMSUNG'S RESPONSES AND OBJECTIONS TO APPLE'S SECOND SET OF INTERROGATORIES
REGARDING ARTICLES OF MANUFACTURE

PROPOUNDING PARTY: APPLE INC.

RESPONDING PARTY: SAMSUNG

SET NO.: TWO

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's October 25 Order (Dkt. 3536), Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (together, "Samsung" or "Defendants") respond as follows to the Second Set of Interrogatories Regarding Articles of Manufacture propounded by Plaintiff Apple Inc. ("Apple" or "Plaintiff").

## **GENERAL STATEMENT**

The following responses are based on discovery available as of the date hereof. Discovery for this phase of the case is continuing, and these responses are subject to change accordingly. It is anticipated that further discovery, independent investigation and analysis may lead to the discovery of additional information or documents, supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to or variations from the responses set forth herein.

In addition, the following responses are given without prejudice to Samsung's right to produce or rely on subsequently discovered information, facts or documents. Samsung accordingly reserves the right to change the responses herein and/or produce or rely on subsequently discovered documents as additional facts are ascertained, analysis is made, legal research is completed and contentions are made. The responses herein are made in a good faith effort to comply with the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure, and to supply such responsive information as exists and is presently within Samsung's possession, custody or control, but are in no way to be deemed to be to the prejudice of Samsung in relation to further discovery, research and analysis.

An answer to an interrogatory shall not be deemed a waiver of any applicable general or specific objection to an interrogatory. In responding to the interrogatories, Samsung does not

# RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 10:**

Identify by Bates number documents from Your prior document productions, or additional documents to be produced by You, sufficient to identify the (i) manufacturer of and (ii) supplier to You of each Alleged D'677 Article of Manufacture.

**RESPONSE TO INTERROGATORY NO. 10:**

Samsung objects to this interrogatory to the extent it prematurely seeks information that will be the subject of expert opinion. Samsung objects to this interrogatory because it seeks information not reasonably calculated to lead to the discovery of admissible information. Samsung also objects to this interrogatory to the extent it is compound and comprises at least two discrete subparts resulting in separate interrogatories. Samsung further objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to this interrogatory to the extent it seeks information more readily available to Apple than to Samsung, or equally available to Apple as to Samsung, including documents and things that were previously produced or are publicly available.

Subject to the foregoing general and specific objections, Samsung responds as follows: SAMNDCA30000055; SAMNDCA30003537-SAMNDCA30004594.

**INTERROGATORY NO. 11:**

Identify by Bates number documents from Your prior document productions, or additional documents to be produced by You, sufficient to identify the (i) manufacturer of and (ii) supplier to You of each Alleged D'087 Article of Manufacture.

**RESPONSE TO INTERROGATORY NO. 11:**

Samsung objects to this interrogatory to the extent it prematurely seeks information that will be the subject of expert opinion. Samsung objects to this interrogatory because it seeks information not reasonably calculated to lead to the discovery of admissible information. Samsung also objects to this interrogatory to the extent it is compound and comprises at least two discrete subparts resulting in separate interrogatories. Samsung further objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to this interrogatory to the extent it seeks information more readily available to Apple than to Samsung, or equally available to Apple as to Samsung, including documents and things that were previously produced or are publicly available.

Subject to the foregoing general and specific objections, Samsung responds as follows: SAMNDCA30000055; SAMNDCA30003537-SAMNDCA30004594.

**INTERROGATORY NO. 12:**

Identify by Bates number documents from Your prior document productions, or additional documents to be produced by You, sufficient to identify the (i) manufacturer of and (ii) supplier to You of each Alleged D'305 Article of Manufacture.

**RESPONSE TO INTERROGATORY NO. 12:**

Samsung objects to this interrogatory to the extent it prematurely seeks information that will be the subject of expert opinion. Samsung objects to this interrogatory because it seeks information not reasonably calculated to lead to the discovery of admissible information. Samsung also objects to this interrogatory to the extent it is compound and comprises at least two discrete subparts resulting in separate interrogatories. Samsung further objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-

client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to this interrogatory to the extent it seeks information more readily available to Apple than to Samsung, or equally available to Apple as to Samsung, including documents and things that were previously produced or are publicly available.

Subject to the foregoing general and specific objections, Samsung responds as follows: SAMNDCA30000055; SAMNDCA30003537-SAMNDCA30004594.

**INTERROGATORY NO. 13:**

Identify by Bates number documents from Your prior document productions, or additional documents to be produced by You, sufficient to show the revenues, costs, and total profits for each Alleged D'677 Article of Manufacture.

**RESPONSE TO INTERROGATORY NO. 13:**

Samsung objects to this interrogatory to the extent it prematurely seeks information that will be the subject of expert opinion, and calls for documents that will be referenced in and created in connection with expert testimony. This interrogatory improperly seeks information before Samsung is required to disclose such information in accordance with any applicable law, such as the rules for expert disclosures and the case management order in this action. Samsung objects to this interrogatory to the extent that it assumes the existence of and/or compels the creation of documents that do not already exist. Samsung further objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections, Samsung responds that pursuant to the case management order, it will produce an expert report on damages that will be responsive to this interrogatory, and Samsung hereby incorporates that report by reference. In addition,

forthcoming expert reports of Michael Wagner in this action, (iii) the reports of those experts Samsung will disclose according to the Court's case management order, and (iv) Samsung's prior briefing in this action concerning the Article of Manufacture, including briefing to the Federal Circuit, the Supreme Court of the United States, and to this Court on remand.  In addition, Samsung identifies the following documents and things that it may seek to introduce as evidence at trial:  SAMNDCA30000001-SAMNDCA30008789 and any physical items produced for inspection by Samsung during the present discovery period.

DATED:  December 14, 2017               Respectfully submitted,

                                         QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP


                                    By  */s/ Victoria F. Maroulis*
                                         John B. Quinn
                                         Kathleen M. Sullivan
                                         William C. Price
                                         Michael T. Zeller
                                         Kevin P.B. Johnson
                                         Victoria F. Maroulis

                                         Attorneys for SAMSUNG ELECTRONICS CO.,
                                         LTD., SAMSUNG ELECTRONICS AMERICA,
                                         INC., and SAMSUNG TELECOMMUNICATIONS
                                         AMERICA, LLC

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 14, 2017 to counsel for Apple via electronic mail, including to the below recipients.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

           */s/ Sara Jenkins*
           Sara Jenkins