| | |
|---|---|
| ERIK J. OLSON (CA SBN 175815) | WILLIAM F. LEE (*pro hac vice*) |
| ejolson@mofo.com | william.lee@wilmerhale.com |
| NATHAN B. SABRI (CA SBN 252216) | WILMER CUTLER PICKERING |
| nsabri@mofo.com |   HALE AND DORR LLP |
| MORRISON & FOERSTER LLP | 60 State Street |
| 425 Market Street | Boston, Massachusetts 02109 |
| San Francisco, California 94105-2482 | Telephone: (617) 526-6000 |
| Telephone: (415) 268-7000 | Facsimile: (617) 526-5000 |
| Facsimile: (415) 268-7522 | |
| | MARK D. SELWYN (CA SBN 244180) |
| | mark.selwyn@wilmerhale.com |
| | WILMER CUTLER PICKERING |
| |   HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

*Attorneys for Plaintiff Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | |
|     Plaintiff, | |
|     vs. | Case No. 11-cv-01846-LHK |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
|     Defendants. | |

In accordance with Civil Local Rules 7-11 and 79-5, Apple Inc. ("Apple") submits this motion for an order to file under seal the following documents:

| Document | Portions To Be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Apple's Opposition to Samsung's Motion for Partial Summary Judgment | The portions highlighted in the version of the document that Apple will file with the Court indicating the portions that Samsung claims are confidential. | Samsung |
| Exhibit A to my Declaration in Opposition to Samsung's Motion for Summary Judgment (Excerpts From The Transcript of the Deposition of Samuel A. Lucente on February 14, 2018) | The portions highlighted in the version of the document that Apple will file with the Court indicating the portions that Samsung claims are confidential. | Samsung |
| Exhibit B to my Declaration in Opposition to Samsung's Motion for Summary Judgment (Excerpts From The Transcript of the Deposition of Jinsoo Kim on December 19, 2017) | The portions highlighted in the version of the document that Apple will file with the Court indicating the portions that Samsung claims are confidential. | Samsung |
| Exhibit C to my Declaration in Opposition to Samsung's Motion for Summary Judgment (Excerpts From The Transcript Of The Deposition Of Drew Blackard On December 13, 2017) | The portions highlighted in the version of the document that Apple will file with the Court indicating the portions that Samsung claims are confidential. | Samsung |
| Exhibit D to my Declaration in Opposition to Samsung's Motion for Summary Judgment (Excerpts From The Transcript Of The Deposition Of Jee-Yeun Wang On December 20, 2017) | The portions highlighted in the version of the document that Apple will file with the Court indicating the portions that Samsung claims are confidential. | Samsung |
| Exhibit E to my Declaration in | The portions highlighted in | Samsung |

| | | |
|---|---|---|
| Opposition to Samsung's Motion for Summary Judgment (Excerpts From The Transcript Of The Deposition Of Justin Denison on December 20, 2017) | the version of the document that Apple will file with the Court indicating the portions that Samsung claims are confidential. | |

Because these documents relate to a dispositive motion, "unless a particular court record is one traditionally kept secret, a strong presumption in favor of access to judicial records is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations and quotations omitted). The party seeking to seal bears the burden to articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79. In this District, parties seeking to seal judicial records must also follow Civil L.R. 79–5, which requires that a sealing request be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79–5(b). Where the submitting party seeks to file under seal a document designated confidential by another party (the "designating party"), the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* at 79–5(e); *see also Cowan v. GE Capital Retail Bank*, No. 13–cv–03935–BLF, 2015 WL 1324848, at *1 (N.D. Cal. Mar. 24, 2015).

As set forth in the Declaration of Mark D. Selwyn in Support of Apple's Administrative Motion to File Documents Under Seal ("Sealing Decl."), Apple's Opposition to Samsung's Motion for Partial Summary Judgment; and Exhibits A, B, C, D, and E to the Declaration of Mark D. Selwyn in Opposition to Samsung's Motion to Exclude the Expert Opinions of Alan D. Ball and Susan Kare contain information that defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and/or Samsung Telecommunications America, LLC (collectively, "Samsung") have designated as confidential under the Protective Order. Sealing Decl. ¶ 3. Apple expects that Samsung will file the required supporting declaration in accordance with Civil Local Rule 79-5 as necessary to confirm whether the information contained in the aforementioned documents should be sealed. *Id.* ¶ 5.

1   Apple does not file a redacted version of the aforementioned documents containing
2   Samsung confidential information in accordance with the Court's Order requiring the parties to
3   meet and confer before filing public redacted documents. Dkt. No. 2934 (Jan. 29, 2014).
4   For the foregoing reasons, Apple moves to file the above-referenced materials under seal.

Dated: March 9, 2018    /s/ Mark. D Selwyn
                        Mark D. Selwyn (SBN 244180)

                        *Attorney for Plaintiff Apple Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 9, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Mark D. Selwyn
Mark D. Selwyn