ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO EXCLUDE EXPERT OPINIONS OF JULIE L. DAVIS**<br><br>Date:     March 29, 2018<br>Time:    1:30 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh<br><br>**FILED UNDER SEAL** |

The Court should reject Samsung's *Daubert* challenges against Ms. Davis.

**1.** Ms. Davis's $24 royalty opinion is proper and has already been ruled to be admissible. Samsung seeks to preclude Ms. Davis from providing the ***identical testimony*** regarding design patent reasonable royalties that Mr. Musika gave at trial in 2012 (Dkt. 1839 at 2092:14-2093:21), Ms. Davis gave at trial in 2013 (Dkt. 2840 at 708:8-709:13), and Samsung chose not to challenge in 2015 (*see* Dkt. 3335). Moreover, in 2012, the Court rejected Samsung's effort to exclude Mr. Musika's design patent reasonable royalty (and other elements of his income approach) (*see* Dkt. 927-1 at 5:3-16), finding that "Samsung's criticisms of Mr. Musika's 'income approach' and 'cost approach' analyses largely go to weight, not admissibility," and that his "basic income approach methodology is sound and is not subject to exclusion under FRE 702 and *Daubert*." Dkt. 1157 at 12. Nothing about these opinions has changed. They were admissible at all prior trials. They are subject to the Court's "Groundhog Day" rules and are admissible now.

**a.** Samsung's argument that Ms. Davis failed to apportion for the design patents at issue (Dkt. 3593-2 (hereinafter "Mot.") at 1:12-2:3) mischaracterizes her opinions and repeats arguments the Court already rejected. The $24 per-unit royalty opinion properly allocates the portion of the profits gained from using Apple's basket of design IP, based on an association with Apple's brand, due to the close tie for Apple between its design identity and its brand. Dkt. 3593-4, ¶ 246. The Court previously concluded that, "while Samsung may disagree with Mr. Musika's apportionment" (the same method used by Ms. Davis), it is admissible. Dkt. 1157 at 12. Samsung's argument that Ms. Davis did not adjust her income approach to account for the Federal Circuit's trade dress decision (Mot. at 1:21) ignores that trade dress was never a separate calculation in the income value reference point or the $24 royalty. Dkt. 3593-6 at 139:16-141:13.

**b.** Samsung wrongly argues that Ms. Davis "offers no analysis" to support her use of a $24 royalty for infringement of "any or all" of Apple's asserted design patents. Mot. at 2:4-11. Notably, this aspect of the damages opinion is unchanged since March 2012. Samsung also overlooks Ms. Davis's analysis of the economic benefits Samsung obtained by using Apple's brand and design identity, which is deeply intertwined with Apple's patented designs. *See* Dkt. 3593-4, ¶ 197. As Ms. Davis explained in 2013, "Apple very much values its design and the look

of its phone and anything that contributes to that look" and "doesn't want Samsung or anyone else to manufacture a phone that looks like an iPhone." Dkt. 2840 at 708:18-709:2.  The evidence shows that observers strongly associated Apple's patented designs with the iPhone (*e.g.*, PX174), and that Samsung realized similar ▮▮▮▮▮▮▮▮▮▮ whether it used one or more of Apple's patented designs (Dkt. 3593-5 at Ex. 54-R2).  Furthermore, the Court already rejected Samsung's criticism of the opinion that Apple would not license its design patents (*compare* Mot. at 2:11, *with* Dkt. 927-1 at 6:16-7:14) (Dkt. 1157 at 12), and Samsung ignores that Apple never licensed a design patent for use with any competing smartphone.[1]

  **c.**  Contrary to Samsung's argument that the income approach does not account for Samsung's non-infringing technology (Mot. at 2:12-15), the calculation does account for intangible assets other than Apple's design IP.  Ex. A at 96:16-98:25; Dkt. 3593-4, Ex. 41-3-S.

  **2.**  <u>Ms. Davis's discussion of financial and marketing documents that support Mr. Ball's and Dr. Kare's article of manufacture ("AoM") opinions does not violate any orders or exceed the scope of her expertise</u>.  Ms. Davis has not offered any opinions regarding Factor 1 of the AoM test, and she is not offering an ultimate opinion regarding the identity of the relevant AoM.  Ms. Davis's testimony therefore does not violate the Court's ruling that, in addition to the damages experts, each party may call two experts to "identify the relevant [AoM]." Dkt. 3542 at 1:23.  Instead, Ms. Davis discusses financial and marketing documents, including material that she uses separately to evaluate demand for the patented designs, that are also relevant to Factors 2, 3, and 4 and will assist the jury in evaluating Mr. Ball's and Dr. Kare's opinions that Samsung's smartphones are the relevant AoMs.  Dkt. 3593-4, ¶¶ 140A-140P.  These materials were discussed in Mr. Musika's and Ms. Davis's prior reports, and include advertising, Samsung's product development and planning documents, Samsung's strategy documents, and third-party

---

[1]  In a footnote, Samsung misleadingly asserts that Apple offered Samsung a license to Apple's design patents in the October 5, 2010 presentation.  Mot. at 2:26-28 n.5.  Apple's Director of Patents and Licensing Strategy, Boris Teksler, made very clear at the 2012 trial that the parties' discussions did *not* include Apple's design patents.  Dkt. 1839 at 2021:14-18 ("Q. Isn't it true, sir, that one of the options, based on this presentation, was one that included industrial design?  A.  Not in terms of design patents, no.  I disagree with that.").  Samsung admits that the Court's prior ruling at Dkt. 2667 only addressed *utility* patents.  Mot. at 2:28.

industry analysis. *Id.* ¶ 140E. Samsung's damages expert Mr. Wagner addressed the same AoM issues and evidence in his rebuttal report. Selwyn Decl., Ex. B, ¶¶ 242-351.

**3.** <u>Ms. Davis does not intend to provide any opinions regarding "intent" or "copying."</u> Consistent with the Court's orders, Ms. Davis will not provide opinions about Samsung's intent or whether Samsung copied Apple's products. The Court's orders, however, recognized that Ms. Davis "may testify that Samsung's internal documents constitute evidence of demand, as that is precisely what Musika testified about at trial[.]" Dkt. 2654 at 9:13-15. That evidence is relevant to AoM Factors 2, 3, and 4, as well as to elements of the *Georgia-Pacific* analysis for reasonable royalties. Dkt. 3593-4, ¶¶ 102A-110, 140E-140J, 234-237.

**4.** <u>Ms. Davis can offer opinions, disclosed in her reply report, regarding Mr. Wagner's misleading use of Samsung's financial statements.</u> Mr. Wagner has misleadingly pointed to operating profits from Samsung's telecommunications segment generally from public financial statements as support for his opinions regarding the operating profit for Samsung's infringing smartphones. Ex. B, ¶ 124. In reply, Ms. Davis properly points out how the two sources of financial information that Mr. Wagner uses are not comparable. Dkt. 3593-5, ¶ 166. Ms. Davis's opinion does not violate Groundhog Day rules. At trial, each side has argued its view of the comparison. Dkt. 1842 at 3073:5-3075:17; Dkt. 2843 at 1179:13-1180:13. Both opinions should be admitted or both should be excluded.

**5.** <u>The "white" units were part of the 2012 jury verdict and Ms. Davis's opinions are proper.</u> Apple has moved to preclude Mr. Wagner from impermissibly removing over ▇▇▇ that the 2012 jury found to infringe the D'677 patent. Dkt. 3594-4 at 3:9-25. If the Court denies Apple's motion, Ms. Davis should be permitted to identify why she believes this step reflects an error, why Mr. Wagner's current methods are flawed, and how any adjustment should be made. Ms. Davis's statement regarding the number of units included in the D'677 infringement verdict is not a legal conclusion. It reflects Samsung's stipulation to the units included in JX1500 and its agreement that the jury included *all* units from JX1500 in the 2012 verdict. Dkt. 3354-18, ¶¶ 13-14. Ms. Davis is offering no opinion on infringement.

| | | |
|---|---|---|
| 1 | Dated: March 9, 2018 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 2 | | |
| 3 | | |
| 4 | | By: */s/ Mark D. Selwyn* |
| | | MARK D. SELWYN |
| 5 | | |
| 6 | | Attorneys for Plaintiff APPLE INC. |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on March 9, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

```
                    /s/ Mark D. Selwyn
                    Mark D. Selwyn
```