QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO MOTION TO EXCLUDE MR. WAGNER'S TESTIMONY REGARDING PURPORTED APPORTIONMENT**<br><br>**Date:**　March 29, 2018<br>**Time:**　1:30 p.m.<br>**Place:**　Courtroom 8, 4th Floor<br>**Judge:**　Hon. Lucy H. Koh<br><br>**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

Apple's motion to exclude Mr. Wagner's testimony regarding apportionment fails because Mr. Wagner is not offering any improper apportionment opinions.  And contrary to Apple's claims, Mr. Wagner is qualified to consider surveys in opining on damages, and does so reliably.

### A. Mr. Wagner Has Not Engaged In Improper Apportionment

Apple asserts (Mot. at §§ A, C) that nearly all of Mr. Wagner's opinions calculating Samsung's profits from the relevant component articles of manufacture can be excluded as "improper apportionment."  But these opinions are entirely proper under the Supreme Court's ruling.  Under that decision, where the relevant article of manufacture is a component of a multicomponent product, a patentee may only recover the profit earned by the infringer from that component—the profit "made on that article of manufacture."  *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434 (2016).  If the jury accepts Samsung's article of manufacture contentions, it will therefore have to determine the profit which Samsung earned from the relevant product components, as distinguished from other product components and the products as a whole.  By necessity, this requires an assessment of what *portion* of Samsung's profit from entire phones is attributable to the relevant components.  And Mr. Wagner provides just such an assessment.  Apple's own attorney conceded in the Supreme Court that this form of profit segregation is appropriate and necessary.  Gray Decl., Ex. 1 at 50:1-10 (agreeing that "[y]ou do have to engage in a kind of an apportionment" to determine profit from a component article of manufacture).

This Court previously excluded opinions apportioning profit *based on the value of Apple's designs.*  Dkt. 1157 at 9.  Mr. Wagner's current report does not include such an apportionment.  Gray Dec. Ex. 2 at 1273:2-7 ("I'm not doing an apportionment down to the design patents in this case.").  Rather, his survey analysis assesses profits for all attributes that relate to the relevant articles of manufacture, like ■■■■■■ even though such non-ornamental attributes would *not* be included in an apportionment analysis.  Dkt. 3594-6, ¶¶ 398-401, 409-415, 423-428.  Mr. Wagner included all "factors that are related to the articles of manufacture," and did "not drill[] down to the level of the value of the design patents within the article of manufacture." Gray Dec. Ex. 2 at 1301:16-25, 1273:13-22.[1]

Apple's conclusory assertion (at 3) that Mr. Wagner's "corroborating" opinions reflect

improper apportionment is equally unsupported. Mr. Wagner employs several *new* quantitative methodologies, not previously performed in this case, and relies on those analyses to establish a "ceiling" on article of manufacture profits. Dkt. 3594-6, ¶¶ 463-505. Mr. Wagner also considers the attributes and features of Samsung's phones that are not encompassed by the relevant articles of manufacture to further support his profit opinions. *Id.*, ¶¶ 506-564. None of these methods apportions or reduces profits based on the value of Apple's patented designs.

### B. Mr. Wagner's Survey-Based Methodologies Are Reliable And Admissible

Apple also seeks to exclude (Mot. at §§ B, D) Mr. Wagner's survey-based methodologies, but the use of surveys to determine profit from the relevant articles of manufacture is entirely proper. As the Solicitor General's office argued in this case, "the best way to determine" article of manufacture profits "would be consumer surveys addressed to … [the reasons for] their purchasing decisions." Gray Dec. Ex. 1 at 30:6-20; *id.* at 24:7-25:7 (similar). While such analyses may not "get to certainty, . . . a reasonable approximation is good enough." *Id.* at 26:24-27:6. Consideration of consumer surveys is well-established in other patent damages contexts, *e.g., Summit 6, LLC v. Samsung Elecs. Co.,* 802 F.3d 1283, 1294-99 (Fed. Cir. 2015) (approving reasonable royalty analysis based on surveys), and is proper here.

Apple objects (at 2) that the surveys that Mr. Wagner considers were prepared in the ordinary course of business rather than for purposes of determining damages in litigation, but that is a virtue, not a flaw. *See Summit 6*, 802 F.3d at 1297-98 (approving reliance on such surveys). Indeed, Apple's own damages expert considers a J.D. Power survey that Apple now challenges. Gray Dec. Ex. 3 at 86:24-88:1; 113:14-114:2. Apple also objects that the surveys refer to "general smartphone factors and attributes" rather than the relevant articles of manufacture specifically, but

---

[1] Apple asserts (at 2) that Mr. Wagner admitted that his current survey analysis uses "mechanically the same calculation" as his prior analysis but fails to disclose Mr. Wagner's testimony that *every other aspect* of his analysis is "different" than before. Gray Dec. Ex. 2 at 1299:2-12. In fact, the type of "purchase driver" survey results that Mr. Wagner considers now were not even mentioned in his 2012 opinions. The mere use of multiplication, which is the overlapping "mechanical calculation" that Apple references, does not render Mr. Wagner's opinion improper. Indeed, Apple's own expert endorsed the multiplication of component costs and entire phone profits as an appropriate method for calculating article of manufacture profits. Gray Dec. Ex. 3 at 101:22-103:3.

Mr. Wagner reasonably used the surveys to establish a ceiling on profit from the relevant articles of manufacture because certain enumerated factors, when combined together, encompass the attributes of the articles of manufacture. Dkt. 3594-6, ¶¶ 409-14, 418-28, 452-58. In fact, Mr. Wagner's opinions are conservative because the factors he considered also reflect value contributed by *other* product components. *Id.*, ¶¶ 413, 426-27, 457. Because there is a "direct correlation" between the survey factors and Samsung's profits, Mr. Wagner's survey-based profit analysis is reliable. Gray Dec. Ex. 2 at 1285:12-17; 1301:16-25. And Ms. Davis agrees that considering survey responses is "a reasonable way to get an idea" of the monetary contribution that product attributes make to an overall product. Gray Dec. Ex. 3 at 113:6-115:20.

Apple erroneously asserts (at 3) that Mr. Wagner is not qualified to consider survey results and relied on Dr. Reibstein's report for that reason. In fact, however, Mr. Wagner relied on Dr. Reibstein only for the results of the survey that Dr. Reibstein conducted. Gray Dec. Ex. 2 at 1255:1-1256:12; 1262:9-21; 1275:2-10. Samsung does not intend to offer Mr. Wagner's opinions based on that survey in light of this Court's ruling, but Mr. Wagner *independently* analyzed the other surveys and reached *his own* conclusions about what they show, without reliance on Dr. Reibstein. *Id.* at 1260:20-1261:22; 1262:9-21. Mr. Wagner has "designed surveys" himself, has extensive expertise in "reading, interpreting, or conducting surveys," and has "read hundreds of surveys and used them in [his] work over 41 years." *Id.* at 1181:17-1182:6. He is amply qualified to consider survey results in determining damages. *Summit 6*, 802 F.3d at 1298 (a damages expert "need not be a survey expert to testify about the information compiled by third-party surveys").

Mr. Wagner previously testified in this case, without any objection by Apple, that surveys at issue now reveal how consumers value the attributes of Samsung's phones. Dkt. 1842 at 3039:1-3043:2; Dkt. 2842 at 996:14-1001:22. Apple fails to show why Mr. Wagner cannot rely on these same surveys to value the relevant articles of manufacture. At most, Apple's criticisms go to weight, not admissibility. *Summit 6*, 802 F.3d at 1299; *Clicks Billiards, Inc. v. Sixshooters, Inc.,* 251 F.3d 1252, 1263 (9th Cir. 2001) ("[I]ssues of methodology, survey design, reliability, the experience and reputation of the expert, critique of conclusions, and the like go to the weight of the survey rather than its admissibility.").

1  DATED: March 9, 2018                    Respectfully submitted,

2                                                              QUINN EMANUEL URQUHART &
                                                               SULLIVAN, LLP
3

4
                                                       By   /s/ Victoria F. Maroulis
5                                                               John B. Quinn
                                                                Kathleen M. Sullivan
6                                                               William C. Price
                                                                Michael T. Zeller
7                                                               Kevin P.B. Johnson
                                                                Victoria F. Maroulis
8

9                                                               Attorneys for SAMSUNG ELECTRONICS CO.,
                                                                LTD., SAMSUNG ELECTRONICS AMERICA,
10                                                              INC., and SAMSUNG TELECOMMUNICATIONS
                                                                AMERICA, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28