# EXHIBIT 2

1              UNITED STATES DISTRICT COURT

2      NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

3    - - - - - - - - - - - - - - - - -x

4    APPLE INC., a California          :  Civil Action

5    corporation,                      :  11-CV-01846-LHK

6         Plaintiff,                   :

7    v.                                :

8    SAMSUNG ELECTRONICS CO., LTD, a   :

9    Korean business entity, SAMSUNG   :

10   ELECTRONICS AMERICA, INC., a      :

11   New York corporation, and         :

12   SAMSUNG TELECOMMUNICATIONS        :

13   AMERICA, LLC, a Delaware          :

14   limited liability company,        :

15        Defendants.                  :

16   - - - - - - - - - - - - - - - - -x

17   (Caption continued on next page)

18        HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

19             SUBJECT TO PROTECTIVE ORDER

20   VIDEOTAPED DEPOSITION OF MICHAEL JOSEPH WAGNER, VOLUME 7

21             Palo Alto, California

22        Tuesday, February 13, 2018, 9:09 a.m.

23   Job No.:  176044

24   Pages:  1172 - 1335

25   Reported By:  Charlotte Lacey, RPR, CSR No. 14224

Highly Confidential - Attorneys' Eyes Only
Transcript of Michael J. Wagner, Volume 7
Conducted on February 13, 2018                    1173

```
 1    (Caption continued from previous page)

 2    - - - - - - - - - - - - - - - - -x

 3    SAMSUNG ELECTRONICS CO., LTD.,      :

 4    a Korean corporation; SAMSUNG       :

 5    ELECTRONICS AMERICA, INC., a        :

 6    New York corporation; and           :

 7    SAMSUNG TELECOMMUNICATIONS           :

 8    AMERICA, LLC, a Delaware            :

 9    limited liability Company,          :

10        Counterclaim Plaintiffs,        :

11    v.                                  :

12    APPLE INC., a California            :

13    Corporation,                        :

14        Counterclaim Defendant.         :

15    - - - - - - - - - - - - - - - - -x

16

17        VIDEOTAPED DEPOSITION OF MICHAEL JOSEPH WAGNER,

18    held at the offices of WILMER CUTLER PICKERING HALE AND

19    DORR, LLP, 950 Page Mill Road, Palo Alto, California

20

21

22

23        Pursuant to notice, before Charlotte Lacey,

24    Certified Shorthand Reporter, in and for the State of

25    California.
```

Highly Confidential - Attorneys' Eyes Only
Transcript of Michael J. Wagner, Volume 7
Conducted on February 13, 2018                    1180

| | | |
|---|---|---|
| 1 | A    Yes.  It looks like it's most of my rebuttal | 09:11:07 |
| 2 | report, dated January 29th of 2018. | 09:11:10 |
| 3 | Q    And it contains your signature, does it not? | 09:11:13 |
| 4 | A    It does. | 09:11:16 |
| 5 | Q    Does your rebuttal expert report, dated | 09:11:17 |
| 6 | January 29th, 2018, that we've marked as Exhibit 1 | 09:11:21 |
| 7 | contain a complete and accurate description of all the | 09:11:23 |
| 8 | opinions you intended as of January 29th, 2018, to | 09:11:26 |
| 9 | present at trial this May? | 09:11:31 |
| 10 | A    Yes. | 09:11:31 |
| 11 | Q    How many hours did you spend working on that | 09:11:34 |
| 12 | report? | 09:11:37 |
| 13 | A    I don't have a precise estimate for you.  I | 09:11:37 |
| 14 | would say probably around 50 to 60 hours. | 09:11:42 |
| 15 | Q    Does your report contain any errors other than | 09:11:46 |
| 16 | those that you provided in your errata dated | 09:11:49 |
| 17 | January 12th, 2018? | 09:11:54 |
| 18 | A    Not that I'm aware of. | 09:11:54 |
| 19 | Q    You have testified in deposition and at trial | 09:11:55 |
| 20 | a number of times in this proceeding, correct? | 09:11:59 |
| 21 | A    I believe I've had six days of deposition | 09:12:02 |
| 22 | prior to today and I've testified twice at trial. | 09:12:06 |
| 23 | Q    Do you -- | 09:12:10 |
| 24 | MR. PRICE:  I think you stated January instead | 09:12:10 |
| 25 | of February.  Didn't reflect in the transcript, but I -- | 09:12:12 |

Highly Confidential - Attorneys' Eyes Only
Transcript of Michael J. Wagner, Volume 7
Conducted on February 13, 2018                    1181

1    I think you just misspoke.                                09:12:16

2          Q     Okay.  Do you stand by all of the prior       09:12:19

3    deposition and trial testimony you have given in this     09:12:23

4    matter?                                                   09:12:26

5          A     I haven't reread any of it in preparation for 09:12:26

6    this deposition, but I am not recalling anything that I   09:12:30

7    would not still stand by.                                 09:12:33

8          Q     What is the total amount your firms have been 09:12:33

9    paid by Samsung for your work in this case?               09:12:36

10         A     That, I don't know.  I can tell you the amount 09:12:39

11   we've billed through January 31st --                      09:12:41

12         Q     Please.                                       09:12:42

13         A     -- of this year, and that is $3,048,816.      09:12:43

14         Q     You are not a survey expert, correct?         09:12:50

15         A     No.  I have expertise in conducting surveys.  09:12:53

16   I do not hold myself out as a survey expert.              09:12:55

17         Q     You are not an expert in reading,             09:12:58

18   interpreting, or conducting surveys, correct?             09:13:01

19         A     Well, it's a compound question.               09:13:05

20               I would say I have some expertise in all of   09:13:07

21   them, and I clearly believe I have an expertise in        09:13:10

22   reading surveys, 'cause I've read hundreds of surveys     09:13:13

23   and used them in my work over 41 years.                   09:13:13

24         Q     You don't hold yourself out as an expert in   09:13:19

25   survey design, correct?                                   09:13:22

Highly Confidential - Attorneys' Eyes Only
Transcript of Michael J. Wagner, Volume 7
Conducted on February 13, 2018                    1182

| | | |
|---|---|---|
| 1 | A    I have designed surveys, so I have some | 09:13:24 |
| 2 | expertise, but I don't do that as a living. | 09:13:25 |
| 3 | Q    Do you hold yourself out as an expert in | 09:13:27 |
| 4 | survey design? | 09:13:30 |
| 5 | A    Yes, because I have -- I have designed | 09:13:31 |
| 6 | surveys. | 09:13:33 |
| 7 | Q    Have you ever been certified by any court as | 09:13:33 |
| 8 | an expert on surveys? | 09:13:35 |
| 9 | A    No. | 09:13:37 |
| 10 | Q    You have never designed a survey for this | 09:13:40 |
| 11 | litigation, correct? | 09:13:43 |
| 12 | A    That is accurate. | 09:13:44 |
| 13 | Q    Are you an expert in statistics or statistical | 09:13:47 |
| 14 | methods? | 09:13:51 |
| 15 | A    Again, I've taken course work in statistics, | 09:13:51 |
| 16 | I've been a user of statistical methods over 41 years, | 09:13:55 |
| 17 | but I do not hold myself out as a statistician because I | 09:13:57 |
| 18 | do not have a degree in that subject area. | 09:14:01 |
| 19 | Q    You do not hold yourself out as an expert on | 09:14:02 |
| 20 | product marketing, correct? | 09:14:05 |
| 21 | A    Yes, I do not.  I -- I have, again, taken | 09:14:07 |
| 22 | marketing classes when I got my MBA, and I've discussed | 09:14:09 |
| 23 | and analyzed marketing issues in my career, but I am not | 09:14:14 |
| 24 | a marketing expert. | 09:14:19 |
| 25 | Q    You have not published any books, papers, or | 09:14:20 |

Highly Confidential - Attorneys' Eyes Only
Transcript of Michael J. Wagner, Volume 7
Conducted on February 13, 2018                     1255

| | | |
|---|---|---|
| 1 | Q    Let's assume that Judge Koh rules that you | 11:03:57 |
| 2 | can't use anything in Dr. Reibstein's report, okay? | 11:04:01 |
| 3 | A    I can accept that assumption. | 11:04:05 |
| 4 | Q    Based upon that assumption, do you intend to | 11:04:07 |
| 5 | offer at trial the opinions you have set forth in your | 11:04:11 |
| 6 | report in paragraphs 394 through 404? | 11:04:15 |
| 7 | A    No. | 11:04:15 |
| 8 | Q    Based upon that assumption, do you intend to | 11:04:15 |
| 9 | offer at trial the opinions you have set forth in your | 11:04:18 |
| 10 | report at paragraphs 405 through 417? | 11:04:19 |
| 11 | A    Some yes and some no.  The ones that rely on | 11:04:32 |
| 12 | Dr. Reibstein's breakout of the D'305 article of | 11:04:37 |
| 13 | manufacture to the screen while only displaying the | 11:04:42 |
| 14 | image, I would not.  But I think all the other ones, I | 11:04:45 |
| 15 | would. | 11:04:49 |
| 16 | Q    Based on the assumption that Judge Koh rules | 11:04:49 |
| 17 | that you can't use anything in Dr. Reibstein's report, | 11:04:52 |
| 18 | do you intend to offer at trial the opinions you have | 11:04:57 |
| 19 | set forth in your report at paragraphs 418 through 430? | 11:05:00 |
| 20 | A    Mostly, yes.  But, again, the ones in that | 11:05:35 |
| 21 | range at example -- figure 58 that I did use in part | 11:05:38 |
| 22 | information we're using, I would not be presenting at | 11:05:43 |
| 23 | trial. | 11:05:46 |
| 24 | Q    Based on the assumption that Judge Koh rules | 11:05:47 |
| 25 | you can't use anything in Dr. Reibstein's report, do you | 11:05:51 |

Highly Confidential - Attorneys' Eyes Only
Transcript of Michael J. Wagner, Volume 7
Conducted on February 13, 2018                    1256

| | | |
|---|---|---|
| 1 | intend to offer at trial the opinions you have set forth | 11:05:51 |
| 2 | in your report at paragraphs 452 through 460? | 11:05:56 |
| 3 | A    452? | 11:06:00 |
| 4 | Yes. | 11:06:21 |
| 5 | Q    Do you intend to try to supplement or modify | 11:06:21 |
| 6 | your report in any way as a result of the Court's | 11:06:25 |
| 7 | February 8, 2018, order? | 11:06:28 |
| 8 | A    Well, I think it would be useful to prepare a | 11:06:30 |
| 9 | supplemental report that pulled out all these things | 11:06:37 |
| 10 | that I would not be offering at trial as a kind of my | 11:06:41 |
| 11 | final report before trial if those facts end up being | 11:06:44 |
| 12 | correct. | 11:06:49 |
| 13 | Q    Your report relies on two ██████████ | 11:06:49 |
| 14 | that asks smartphone purchasers about their purchasing | 11:06:55 |
| 15 | selection process and reasons for purchase, correct? | 11:06:56 |
| 16 | A    They do. | 11:06:58 |
| 17 | Q    You used those two ████████ as part | 11:06:59 |
| 18 | of your calculation of the total profit on the article | 11:07:03 |
| 19 | of manufacture identified by Samsung, correct? | 11:07:08 |
| 20 | A    Yes. | 11:07:10 |
| 21 | Q    These ████████████████████ | 11:07:10 |
| 22 | ████████████████████████████ | 11:07:14 |
| 23 | ██████ | 11:07:18 |
| 24 | A    Those are two of the ones that I have used, | 11:07:18 |
| 25 | yes. | 11:07:22 |

Highly Confidential - Attorneys' Eyes Only

Transcript of Michael J. Wagner, Volume 7
Conducted on February 13, 2018                    1260

| | | |
|---|---|---|
| 1 | A    No. | 11:10:49 |
| 2 | Q    Why not? | 11:10:49 |
| 3 | A    Because, again -- well, based on what's | 11:10:50 |
| 4 | relevant in this case, none of the -- the damage period | 11:10:54 |
| 5 | predates that date. | 11:11:01 |
| 6 | Q    At paragraph 408 of your report, you state | 11:11:17 |
| 7 | that you understand that it was Dr. Reibstein's opinion | 11:11:22 |
| 8 | that the J.D. Power surveys can be used to estimate | 11:11:25 |
| 9 | value, correct? | 11:11:29 |
| 10 | A    I did. | 11:11:30 |
| 11 | Q    And as the basis for your understanding that | 11:11:31 |
| 12 | the J.D. Power surveys can be used to estimate value, | 11:11:34 |
| 13 | your report cites to two things, correct? | 11:11:37 |
| 14 | A    I mean, if you're talking about footnote 613, | 11:11:43 |
| 15 | yes, for that one paragraph. | 11:11:47 |
| 16 | Q    You have cited to a conversation you had with | 11:11:49 |
| 17 | Dr. Reibstein on January 20, 2018, and four pages from | 11:11:52 |
| 18 | his report, correct? | 11:11:54 |
| 19 | A    I did. | 11:11:56 |
| 20 | Q    The conversation that you had with | 11:11:56 |
| 21 | Dr. Reibstein on January 20, 2018, and the four pages | 11:11:58 |
| 22 | from his report are the only things that your report | 11:12:02 |
| 23 | cites as the basis for your understanding that the | 11:12:06 |
| 24 | J.D. Power surveys can be used to estimate value, | 11:12:09 |
| 25 | correct? | 11:12:17 |

Highly Confidential - Attorneys' Eyes Only
Transcript of Michael J. Wagner, Volume 7
Conducted on February 13, 2018                    1261

| | | |
|---|---|---|
| 1 | A     I believe I should answer your question yes. | 11:12:17 |
| 2 | But the only purpose of this call was for me to confirm | 11:12:21 |
| 3 | that he wasn't going to contradict me, because it was my | 11:12:25 |
| 4 | opinion that these were appropriate to use, as I used in | 11:12:31 |
| 5 | the prior cases.  So it wasn't that I was looking for | 11:12:34 |
| 6 | him as my sole basis to do this analysis.  I just wanted | 11:12:37 |
| 7 | to make sure that he wasn't going to step on my toes at | 11:12:40 |
| 8 | trial.  That's the only reason this paragraph is in my | 11:12:44 |
| 9 | report.  I didn't need him to do this work. | 11:12:46 |
| 10 | Q     Well, your January 29, 2018, report offers no | 11:12:50 |
| 11 | opinion of your own that the J.D. Power surveys can be | 11:12:55 |
| 12 | used to estimate value, correct? | 11:12:58 |
| 13 | A     I thought that was redundant because I had | 11:13:00 |
| 14 | been using the J.D. Powers in my -- all my reports in | 11:13:05 |
| 15 | this case since 2012 as a basis for my conclusions. | 11:13:08 |
| 16 | Q     Sir, your January 29, 2018, report offers no | 11:13:11 |
| 17 | opinion of your own that the J.D. Power surveys can be | 11:13:15 |
| 18 | used to estimate value, correct? | 11:13:17 |
| 19 | A     Well, it's clear if I'm using it, that's my | 11:13:19 |
| 20 | opinion that these are appropriate.  I didn't think I | 11:13:23 |
| 21 | needed to say that.  That's, to me, superficial and | 11:13:24 |
| 22 | redundant.  No.  I didn't say that. | 11:13:33 |
| 23 | Q     Are you using the J.D. Power surveys the same | 11:13:33 |
| 24 | way in your January 29, 2018, report as you did in your | 11:13:35 |
| 25 | prior reports? | 11:13:40 |

| | | |
|---|---|---|
| 1 | A    No.  Some of the steps are the same, but there | 11:13:41 |
| 2 | are many differences. | 11:13:45 |
| 3 | Q    Okay.  Can we agree that your January 29, | 11:13:52 |
| 4 | 2018, report provides no opinion of your own that the | 11:13:56 |
| 5 | J.D. Power surveys can be used to estimate value? | 11:14:00 |
| 6 | MR. PRICE:  Objection; asked and answered. | 11:14:03 |
| 7 | A    Yeah.  I will tell you that I cannot point you | 11:14:05 |
| 8 | to a sentence where I said in my report. | 11:14:08 |
| 9 | Q    And what you, in fact, relied upon was | 11:14:11 |
| 10 | Dr. Reibstein for your understanding that the J.D. Power | 11:14:15 |
| 11 | surveys could be used to estimate value, correct? | 11:14:18 |
| 12 | A    Absolutely not, as I already told you in a | 11:14:18 |
| 13 | previous answer.  I was only doing this -- this work was | 11:14:20 |
| 14 | done before I talked to Dr. Reibstein.  Again, because | 11:14:22 |
| 15 | he's a survey expert, I wanted to confirm that he agreed | 11:14:27 |
| 16 | with me in -- with my expertise in using surveys and | 11:14:30 |
| 17 | that he wouldn't say you're out to lunch, that's not | 11:14:34 |
| 18 | appropriate.  I didn't want that to happen.  And if he | 11:14:39 |
| 19 | did say that, I may have rejected this approach.  It's | 11:14:40 |
| 20 | just confirmatory.  I did not rely upon him in any way | 11:14:47 |
| 21 | in coming to my conclusions. | 11:14:50 |
| 22 | Q    The J.D. Power surveys, themselves, ███████ | 11:14:50 |
| 23 | ████████████████████████████████████████ | 11:14:55 |
| 24 | A    No.  That's -- and the only survey we had that | 11:14:57 |
| 25 | did that was Reibstein, and, unfortunately, that's been | 11:14:59 |

| | | |
|---|---|---|
| 1 | did in the last case. | 11:42:18 |
| 2 | And I'm not doing an apportionment down to the | 11:42:20 |
| 3 | design patents in this case.  I'm not looking at the | 11:42:21 |
| 4 | design patents at all.  And that's why, for the | 11:42:22 |
| 5 | D'677 patent, I actually add stuff that I know is not | 11:42:27 |
| 6 | part of the patent because I'm only trying to get the | 11:42:32 |
| 7 | article of manufacture.  So I'm not doing an | 11:42:35 |
| 8 | apportionment as defined by the case law that you're | 11:42:37 |
| 9 | trying to Daubert me on.  I'm not doing that. | 11:42:40 |
| 10 | Q    Tell me, as specifically as you can, how you | 11:42:43 |
| 11 | are using the ▮▮▮▮▮▮▮▮▮▮ now differently from | 11:42:47 |
| 12 | what you did previously? | 11:42:51 |
| 13 | A    The -- I am trying to use it to come up with | 11:42:52 |
| 14 | the profits on an article of manufacture and not | 11:42:54 |
| 15 | drilling down to the level of the value of the design | 11:42:58 |
| 16 | patents within the article of manufacture, which I am | 11:43:01 |
| 17 | not doing.  I am trying to use what I think is the | 11:43:04 |
| 18 | features that, example, ▮▮▮▮▮▮▮▮▮▮▮▮▮ | 11:43:09 |
| 19 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 11:43:15 |
| 20 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 11:43:19 |
| 21 | ▮▮▮▮▮▮▮▮▮▮▮▮▮ | 11:43:22 |
| 22 | ▮▮▮▮▮▮▮▮▮▮▮▮▮ | 11:43:26 |
| 23 | So where I started at 5 percent in the first | 11:43:29 |
| 24 | case and then went down to 1 percent, now I've gone | 11:43:31 |
| 25 | above 10 percent, and I'm not going down from that at | 11:43:36 |

Highly Confidential - Attorneys' Eyes Only
Transcript of Michael J. Wagner, Volume 7
Conducted on February 13, 2018                    1274

| | | |
|---|---|---|
| 1 | all.  It's very different. | 11:43:39 |
| 2 | Q    When you used the ████████████ in your | 11:44:00 |
| 3 | earlier reports, you first determined a value for a | 11:44:03 |
| 4 | particular product feature, correct? | 11:44:06 |
| 5 | A    Yeah, only -- only the style, the design of | 11:44:08 |
| 6 | the phone. | 11:44:11 |
| 7 | Q    And then you used that value to apportion | 11:44:11 |
| 8 | profit, correct? | 11:44:15 |
| 9 | A    Well, there's a step in between, and that's | 11:44:17 |
| 10 | why I unfairly answered your question last.  Eventually | 11:44:19 |
| 11 | I do get down to profit.  But, yes. | 11:44:23 |
| 12 | Q    And presently, in your January 29th, | 11:44:25 |
| 13 | 2008 [sic], report, you are using the ████████ | 11:44:31 |
| 14 | ████████████████████████████████████████ | 11:44:31 |
| 15 | ██████ | 11:44:35 |
| 16 | A    I am. | 11:44:35 |
| 17 | Q    And then you are applying that value against | 11:44:36 |
| 18 | the profit of Samsung's infringing phones, correct? | 11:44:38 |
| 19 | A    I am. | 11:44:44 |
| 20 | Q    Okay.  Let me ask you some questions, please, | 11:44:54 |
| 21 | about paragraphs 418 through 430 of your report. | 11:44:57 |
| 22 | At paragraphs 418 through 430, you describe | 11:45:15 |
| 23 | how you used certain ████████████████████ | 11:45:20 |
| 24 | ████████████████████████████████████████ | 11:45:24 |
| 25 | ██████████████████████████████ | 11:45:27 |

Highly Confidential - Attorneys' Eyes Only
Transcript of Michael J. Wagner, Volume 7
Conducted on February 13, 2018                          1275

| | | |
|---|---|---|
| 1 | A    I do. | 11:45:29 |
| 2 | Q    Will you turn, please, to page -- | 11:45:30 |
| 3 | paragraph 423.  Would you agree with me that the | 11:45:34 |
| 4 | calculations that you have provided in figures 63 | 11:45:38 |
| 5 | through 66 all relied upon calculations made by | 11:45:45 |
| 6 | Dr. Reibstein? | 11:45:49 |
| 7 | A    I would say for figure 63 and 65, for the | 11:46:04 |
| 8 | D'305 Patent, I relied on Dr. Reibstein, but nothing | 11:46:12 |
| 9 | else in those two figures relies on Reibstein, and | 11:46:16 |
| 10 | figure 64 and 66 don't rely upon Reibstein at all. | 11:46:21 |
| 11 | Q    Your report also relies on an August 2012 | 11:46:39 |
| 12 | Nielsen study, correct? | 11:46:44 |
| 13 | A    It does. | 11:46:45 |
| 14 | Q    And that study is about smartphone purchase | 11:46:46 |
| 15 | drivers, correct? | 11:46:49 |
| 16 | A    Yes. | 11:46:50 |
| 17 | Q    And you've used that to calculate the total | 11:46:50 |
| 18 | profit on the article of manufacture identified by | 11:46:53 |
| 19 | Samsung, correct? | 11:46:55 |
| 20 | A    Yes. | 11:46:56 |
| 21 | Q    You tried to determine when ███████████ | 11:46:58 |
| 22 | ███████████████████████████████████████████ | 11:47:02 |
| 23 | ████████████ | 11:47:05 |
| 24 | A    I did. | 11:47:06 |
| 25 | Q    And the ████████ doesn't actually say | 11:47:06 |

Highly Confidential - Attorneys' Eyes Only
Transcript of Michael J. Wagner, Volume 7
Conducted on February 13, 2018                    1285

| | | |
|---|---|---|
| 1 | identified as the article of manufacture," right? | 11:57:56 |
| 2 | A    For the D'677 and the '087, yes. | 11:57:58 |
| 3 | Q    And your report doesn't explain why you | 11:58:00 |
| 4 | concluded that design, style, form factor is the | 11:58:03 |
| 5 | purchase driver that lines up most closely with what | 11:58:06 |
| 6 | Samsung identifies as the article of manufacture, | 11:58:10 |
| 7 | correct? | 11:58:12 |
| 8 | A    That is true. | 11:58:12 |
| 9 | Q    Your report does not explain how ███████ | 11:58:21 |
| 10 | ████████████████████████████████████████████ | 11:58:25 |
| 11 | ███████████████████████████ | 11:58:28 |
| 12 | A    No, except for the logic that I believe | 11:58:30 |
| 13 | there's a direct correlation. | 11:58:32 |
| 14 | Q    You have assumed a direct one-to-one | 11:58:34 |
| 15 | correlation between ████████████████████ and | 11:58:38 |
| 16 | Samsung's profits, correct? | 11:58:40 |
| 17 | A    Yes, that's the way the logic works. | 11:58:42 |
| 18 | Q    Your report doesn't explain anywhere the basis | 11:58:45 |
| 19 | for that assumption, correct? | 11:58:47 |
| 20 | A    I would agree with that. | 11:58:49 |
| 21 | Q    Your report doesn't explain how the ███████ | 11:58:51 |
| 22 | ████████████ determined by the Nielsen survey is | 11:58:54 |
| 23 | related to Samsung's profits on the article of | 11:58:56 |
| 24 | manufacture that Samsung has identified, correct? | 11:59:00 |
| 25 | A    Correct. | 11:59:02 |

| | | |
|---|---|---|
| 1 | Can you explain how you used figure 60 in your | 13:06:09 |
| 2 | analysis in your January 29th, 2018, report? | 13:06:13 |
| 3 | A    Yes.  I looked at ███████████████ | 13:06:17 |
| 4 | ████████████████████████████████ that are | 13:06:25 |
| 5 | related to the articles of manufacture at issue in the | 13:06:32 |
| 6 | D'677, D'087, and D'305 design patents.  And I used ██ | 13:06:36 |
| 7 | ████████████████████████████████ | 13:06:47 |
| 8 | phones that I believe relate to the article of | 13:06:52 |
| 9 | manufacture for the D'677 and the D'087.  And I believe | 13:06:57 |
| 10 | the ██████████████ is related to the display panel | 13:07:01 |
| 11 | that is relevant to the D'305 design patent. | 13:07:09 |
| 12 | Q    In your January 29th, 2018, report, you used | 13:07:14 |
| 13 | the J.D. Power survey to determine a weighting to give | 13:07:19 |
| 14 | to ██████████████ phone, correct? | 13:07:25 |
| 15 | A    Yes, in part. | 13:07:28 |
| 16 | Q    And you gave that a weighting of 5 percent; is | 13:07:29 |
| 17 | that right? | 13:07:33 |
| 18 | A    Yes.  That's 20 percent times 25 percent. | 13:07:33 |
| 19 | Q    And would you agree with me that when you did | 13:07:36 |
| 20 | that calculation of 20 percent times 25 percent, you | 13:07:40 |
| 21 | were doing an apportionment? | 13:07:44 |
| 22 | A    Again, not in the context of a patent | 13:07:46 |
| 23 | apportionment, but I am calculating -- I'm allocating | 13:07:50 |
| 24 | from a hundred percent of the factors to this particular | 13:07:58 |
| 25 | factor.  I agree with that. | 13:08:03 |

Highly Confidential - Attorneys' Eyes Only
Transcript of Michael J. Wagner, Volume 7
Conducted on February 13, 2018                    1298

| | | |
|---|---|---|
| 1 | Q    Would you agree with me that taking the | 13:08:06 |
| 2 | 25 percent of the 20 percent physical design was a | 13:08:11 |
| 3 | measure of an apportionment for design? | 13:08:16 |
| 4 | A    No, because I'm not trying to get to design | 13:08:20 |
| 5 | here.  I'm only trying to get to article of manufacture. | 13:08:22 |
| 6 | So no.  If I went that next step like I did in the first | 13:08:25 |
| 7 | trial, I would have said, yes, but not -- not this time, | 13:08:31 |
| 8 | no. | 13:08:33 |
| 9 | Q    So from an apportionment perspective, explain | 13:08:34 |
| 10 | to us what the difference was in your methodology the | 13:08:37 |
| 11 | first time from what you did now. | 13:08:40 |
| 12 | MR. PRICE:  Objection; ambiguous. | 13:08:42 |
| 13 | A    And -- and asked and answered.  I already | 13:08:43 |
| 14 | answered that this morning. | 13:08:45 |
| 15 | I told you that the last time all I did was | 13:08:46 |
| 16 | look at style of wireless phones and equated that to -- | 13:08:49 |
| 17 | to design in general, not to an article of manufacture, | 13:08:53 |
| 18 | but just a design of a phone.  And that was the starting | 13:08:57 |
| 19 | point for my then further analysis, which I explained in | 13:09:02 |
| 20 | my initial report, that allowed me to then apportion | 13:09:06 |
| 21 | that number further to a 1 percent apportionment for the | 13:09:11 |
| 22 | designs at issue in the first trial. | 13:09:17 |
| 23 | I didn't -- I didn't do that second step, and | 13:09:20 |
| 24 | in this case, I also added strength and durability to | 13:09:23 |
| 25 | the article of manufacture that does include the two | 13:09:27 |

Highly Confidential - Attorneys' Eyes Only
Transcript of Michael J. Wagner, Volume 7
Conducted on February 13, 2018                    1299

| | | |
|---|---|---|
| 1 | design patents, the D'677 and the D'087. | 13:09:31 |
| 2 |     Q    In the 2012 report, you used the ███████ | 13:09:37 |
| 3 | ████████████████████████████████████████ | 13:09:44 |
| 4 | ███████████████████████ to conduct an apportionment | 13:09:49 |
| 5 | for design, correct? | 13:09:53 |
| 6 |     A    That, I did in 2012, I agree. | 13:09:55 |
| 7 |     Q    And that step that I've just described of | 13:09:57 |
| 8 | multiplying the 20 by 25 percent is something that you | 13:10:01 |
| 9 | also did in your January 2018 report, correct? | 13:10:05 |
| 10 |     A    Well, mechanically they're the same, yes.  But | 13:10:08 |
| 11 | then they differ -- everything else, besides | 13:10:13 |
| 12 | mechanically the same calculation, is different. | 13:10:14 |
| 13 |     Q    In your January 2018 report, after you | 13:10:16 |
| 14 | multiplied the 20 percent for ███████████ by the | 13:10:19 |
| 15 | 25 percent ████████ of wireless phone, what did you | 13:10:23 |
| 16 | do? | 13:10:26 |
| 17 |     A    Then I also multiplied the ██████████ | 13:10:26 |
| 18 | ██████████ 29 percent by 20 -- 20 percent and then | 13:10:30 |
| 19 | added those two numbers together to get the total value | 13:10:33 |
| 20 | of the article of manufacture that includes both the | 13:10:37 |
| 21 | D'087 and the D'677 design patents. | 13:10:41 |
| 22 |     Q    So let me see if I understand what our | 13:10:45 |
| 23 | disagreement is. | 13:10:49 |
| 24 |     You agree that when you multiplied the 20 | 13:10:50 |
| 25 | percent for ████████████ by the 25 percent of ██████ | 13:10:53 |

Highly Confidential - Attorneys' Eyes Only
Transcript of Michael J. Wagner, Volume 7
Conducted on February 13, 2018                    1300

| | | |
|---|---|---|
| 1 | of wireless phone that you were doing an apportionment | 13:10:55 |
| 2 | of physical design, correct? | 13:10:58 |
| 3 | MR. PRICE:  Objection as to time frame.  You | 13:11:00 |
| 4 | mean -- | 13:11:02 |
| 5 | A    Yeah, in -- in 2012, yes, when my focus was on | 13:11:02 |
| 6 | trying to value the design patents -- | 13:11:06 |
| 7 | Q    Okay. | 13:11:06 |
| 8 | A    -- which isn't my focus today. | 13:11:09 |
| 9 | Q    Would you agree that in 2018 when you | 13:11:11 |
| 10 | performed the step of multiplying ███████ | 13:11:14 |
| 11 | ████████████████████████████████████████████ | 13:11:17 |
| 12 | ████████████████████████ that that step was an | 13:11:20 |
| 13 | apportionment? | 13:11:23 |
| 14 | MR. PRICE:  Objection; asked and answered. | 13:11:25 |
| 15 | A    Again, I have to say this every time because | 13:11:26 |
| 16 | apportionment is a word of art in this case.  Not in the | 13:11:29 |
| 17 | context of apportioning to a patent in any way is what | 13:11:32 |
| 18 | that is.  It is an allocation, which is a partial | 13:11:35 |
| 19 | allocation, to get to the eventual allocation I need to | 13:11:39 |
| 20 | determine the profit related to an article of | 13:11:44 |
| 21 | manufacture. | 13:11:46 |
| 22 | Q    So you agree that in your January 2018 report | 13:11:46 |
| 23 | you were doing an allocation to get to a profit number | 13:11:50 |
| 24 | for the articles of manufacture identified by Samsung, | 13:11:55 |
| 25 | correct? | 13:11:59 |

Highly Confidential - Attorneys' Eyes Only
Transcript of Michael J. Wagner, Volume 7
Conducted on February 13, 2018                          1301

| | | |
|---|---|---|
| 1 | A     Yes, you said that correctly. | 13:11:59 |
| 2 | Q     And can you explain to us what you understand | 13:12:06 |
| 3 | to be the difference between an allocation and an | 13:12:10 |
| 4 | apportionment? | 13:12:15 |
| 5 |       MR. PRICE:  Objection; asked and answered. | 13:12:16 |
| 6 | A     That -- the way I understand, it | 13:12:17 |
| 7 | apportionment -- and the way I've used it for probably | 13:12:20 |
| 8 | close to 40 years, is it is part of general -- | 13:12:23 |
| 9 | general -- Georgia Pacific factor number 13 where you | 13:12:28 |
| 10 | have to apportion the value in a product between the | 13:12:33 |
| 11 | patented features and the nonpatented features. | 13:12:37 |
| 12 |       I'm not doing that here.  And that's why and | 13:12:41 |
| 13 | the only way I use apportionment.  They are both | 13:12:43 |
| 14 | allocations, but apportionment is a loaded term in | 13:12:47 |
| 15 | patent work. | 13:12:51 |
| 16 | Q     When you did your allocation in your | 13:12:52 |
| 17 | January 2018 report, what were you allocating between? | 13:12:55 |
| 18 | A     A hundred percent of the value of all the | 13:13:02 |
| 19 | factors and attributes that are important to a | 13:13:08 |
| 20 | smartphone and trying to allocate the different factors | 13:13:14 |
| 21 | and attributes that J.D. Powers believes are important | 13:13:19 |
| 22 | based on their factor analysis and regression work and | 13:13:24 |
| 23 | isolating the factors that are related to the articles | 13:13:30 |
| 24 | of manufacture, which is the window glass and the bezel | 13:13:33 |
| 25 | and then also the display panel. | 13:13:38 |

Highly Confidential - Attorneys' Eyes Only
Transcript of Michael J. Wagner, Volume 7
Conducted on February 13, 2018                    1302

```
 1      Q    In your Jan -- strike that.              13:13:52

 2           In your 2012 report, you were trying to  13:13:54

 3   isolate the value of ██████ of the wireless phone, 13:13:59

 4   correct?                                          13:14:06

 5      A    As a step to get to actually the value of the 13:14:06

 6   design patents that are just a portion of style and 13:14:11

 7   design.                                           13:14:15

 8      Q    And in your 2018 report, you also tried to 13:14:16

 9   isolate the value of ██████ of the wireless phone, 13:14:20

10   correct?                                          13:14:25

11      A    No, I'm not trying to isolate that.  I'm -- I 13:14:25

12   am using that.  I then add it and confound it with 13:14:28

13   ████████████████████.  So, no, I wouldn't totally 13:14:31

14   agree with what you said.  I never use the ████████ 13:14:34

15   calculate profits.                                13:14:38

16      Q    Would you agree that in the J.D. Power    13:15:11

17   surveys, █████████████████████████████████████     13:15:16

18      A    No.  I think it's -- it's -- otherwise, it 13:15:23

19   would have been in that category.  No, it is a subset of 13:15:26

20   ██████████████                                     13:15:29

21      Q    Your report discusses a Strategy Analytics 13:15:51

22   report dated April 2012, correct?                 13:15:55

23      A    It does.                                  13:15:58

24      Q    You do not rely on the Strategy Analytics 13:16:11

25   report to calculate the total profit related to either 13:16:16
```

Highly Confidential - Attorneys' Eyes Only
Transcript of Michael J. Wagner, Volume 7
Conducted on February 13, 2018                    1335

```
1                CERTIFICATE OF SHORTHAND REPORTER

2

3        I, Charlotte Lacey, the officer before whom the

4    foregoing deposition was taken, do hereby certify that

5    the foregoing transcript is a true and correct record of

6    the testimony given; that said testimony was taken by me

7    stenographically and thereafter reduced to typewriting

8    under my direction; that reading and signing was not

9    requested; and that I am neither counsel for, related

10   to, nor employed by any of the parties to this case and

11   have no interest, financial or otherwise, in its

12   outcome.

13

14       IN WITNESS WHEREOF, I have hereunto subscribed my

15   hand this 15th day of February, 2018.

16

17

18   _____

19   Charlotte Lacey, RPR, CSR #14224

20

21

22

23

24

25
```