1  QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
2  John B. Quinn (Bar No. 90378)
   johnquinn@quinnemanuel.com
3  William C. Price (Bar No. 108542)
   williamprice@quinnemanuel.com
4  Michael T. Zeller (Bar No. 196417)
   michaelzeller@quinnemanuel.com
5  865 S. Figueroa St., 10th Floor
   Los Angeles, California 90017
6  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
7
   Kathleen M. Sullivan (Bar No. 242261)
8  kathleensullivan@quinnemanuel.com
   Kevin P.B. Johnson (Bar No. 177129)
9  kevinjohnson@quinnemanuel.com
   Victoria F. Maroulis (Bar No. 202603)
10 victoriamaroulis@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
11 Redwood Shores, California 94065-2139
   Telephone:  (650) 801-5000
12 Facsimile:  (650) 801-5100

13 Attorneys for Samsung Electronics Co., Ltd.,
   Samsung Electronics America, Inc., and
14 Samsung Telecommunications America, LLC

15

16                UNITED STATES DISTRICT COURT

17       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 APPLE INC., a California corporation,      CASE NO. 11-cv-01846-LHK

19           Plaintiff,                       **SAMSUNG'S ADMINISTRATIVE
                                              MOTION TO FILE UNDER SEAL
20     vs.                                    DOCUMENTS RELATING TO
                                              SAMSUNG'S REPLY IN SUPPORT OF
21 SAMSUNG ELECTRONICS CO., LTD., a           MOTION TO EXCLUDE EXPERT
   Korean business entity; SAMSUNG            OPINIONS OF JULIE L. DAVIS**
22 ELECTRONICS AMERICA, INC., a New
   York corporation; SAMSUNG
23 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company,
24
             Defendants.
25

26

27

28

Pursuant to Civil Local Rules 7-11 and 79-5, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung")[1] hereby bring this administrative motion for an order to seal certain information filed in connection with Samsung's Reply in Support of Motion to Exclude Expert Opinions of Julie L. Davis and the Exhibits thereto.

Pursuant to Civil L.R. 7-11, Samsung's counsel met and conferred with Apple's counsel regarding this motion to seal. Apple does not oppose Samsung's Administrative Motion to File Documents Under Seal as a procedural mechanism for requesting that portions of Samsung's Reply in Support of Motion to Exclude Expert Opinions of Julie L. Davis and the Exhibits thereto be placed under seal. Apple reserves the right to challenge any proposed redactions to the extent it believes those redactions improperly seal non-confidential information. Samsung does not file a proposed redacted version of the aforementioned documents in accordance with the Court's Order requiring the parties to meet and confer before filing public redacted documents. Case No. 11-cv-01846, Dkt. No. 2934 (Jan. 29, 2014). Within seven days of Apple or any third party filing declarations in support of sealing, if any, the parties will prepare and Samsung will file a final consolidated and conformed copy of the materials identifying what information parties have supported sealing in their declarations.

**RELIEF REQUESTED**

Samsung requests an order granting Samsung's motion to file under seal the following documents:

| Document | Portions to be Filed Under Seal | Parties Claiming Confidentiality |
|---|---|---|
| Samsung's Reply in Support of Motion to Exclude Expert Opinions of Julie L. Davis | See conformed highlighted version of document to be filed within 7 days of declarations in support. | Apple |
| Exhibit 1 to the Declaration of Kara | See conformed highlighted | Apple |

---

[1] Effective January 1, 2015, Samsung Telecommunications America ("STA") merged with and into Samsung Electronics America, and therefore STA no longer exists as a separate corporate entity.

| | | |
|---|---|---|
| M. Borden in Support of Samsung's Reply in Support of Motion to Exclude Expert Opinions of Julie L. Davis | version of document to be filed within 7 days of declarations in support. | |
| Exhibit 2 to the Declaration of Kara M. Borden in Support of Samsung's Reply in Support of Motion to Exclude Expert Opinions of Julie L. Davis | See conformed highlighted version of document to be filed within 7 days of declarations in support. | Samsung |

Samsung's Reply in Support of Motion to Exclude Expert Opinions of Julie L. Davis is non-dispositive and only addresses the admissibility of evidence at trial. Therefore, documents submitted in connection with Samsung's Reply may be sealed upon a showing of "good cause." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Samsung notes there may be exceptions to the Ninth Circuit's general rule that the "good cause" standard applies to documents attached to motions that are nominally non-dispositive. For example, in *In re Midland*, the Ninth Circuit applied the "compelling reasons" standard to a *Daubert* motion because it "may be effectively dispositive of a motion for summary judgment." 686 F.3d at 1119 (internal quotation marks omitted). Samsung is not aware of any Ninth Circuit precedent applying the "compelling reasons" standard to non-dispositive motions regarding the admissibility of evidence at trial.

Were the court to apply this standard, materials may be sealed so long as the party seeking to seal provides "compelling reasons […] supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006). Compelling reasons have been found to seal, for example, documents containing confidential source code (*Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012); documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016); documents containing "highly sensitive information regarding [the party's] product architecture and development," *Delphix Corp. v. Actifio, Inc.*, No.

13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014); and documents in the form of "emails containing information about [a party's] business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers," *Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No. 14–cv–02737–BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Feb. 10, 2015).

Exhibit 2 to Samsung's Reply in Support of Motion to Exclude Expert Opinions of Julie L. Davis includes information that reveals confidential Samsung profit margins. As explained in detail in the previously filed declaration of Michael L. Fazio (Dkt. 3609), which incorporated the previously filed declarations of Daniel W. Shim, Senior Legal Counsel at Samsung Electronics Co., Ltd., in support of administrative motions to file under seal, which are hereby incorporated by reference, Samsung considers such financial data highly confidential. *See* Case No. 12-cv-00630, Dkt. Nos. 874 (re: Apple's Opposition to Samsung's MSJ), 940 (re: Apple MTS), 1018 (re: Samsung's Reply ISO MTS); see also Dkt. Nos. 810, 821, 858, 874, 949, 960 (providing compelling reasons why various categories of Samsung-confidential information should be filed under seal). Such information is properly sealable. *See Apple v. Samsung*, 727 F.3d at 1224-26 (compelling reasons exist to seal product-specific financial information, including profit margins); Dkt. Nos. 2089, 2098, 2103, 2176 (ordering financial information, including data similar to that at issue here, sealed).

Samsung's Reply in Support of Motion to Exclude Expert Opinions of Julie L. Davis and Exhibit 1 thereto contain information that Apple may consider confidential. Samsung expects that Apple will filed the required supporting declaration in accordance with Civil Local Rule 79-5 as necessary to confirm whether the information contained in the aforementioned documents should be sealed.

For the foregoing reasons, Samsung respectfully requests that the Court grant this Administrative Motion to File Under Seal.

| | | |
|---|---|---|
| 1 | DATED:  March 16, 2018 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

                                       */s/ Victoria F. Maroulis*
                                       John B. Quinn
                                       Kathleen M. Sullivan
                                       William C. Price
                                       Michael T. Zeller
                                       Kevin P.B. Johnson
                                       Victoria F. Maroulis

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC