QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S REPLY IN FURTHER SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**Date:**    March 29, 2018<br>**Time:**    1:30 p.m.<br>**Place:**   Courtroom 8, 4th Floor<br>**Judge:**   Hon. Lucy H. Koh |

1

## <u>TABLE OF CONTENTS</u>

2
<u>Page</u>

3
INTRODUCTION.............................................................................................................................1

4
ARGUMENT .................................................................................................................................1

5
I.      SAMSUNG HAS PRESERVED ITS PROPOSED TWO-FACTOR TEST ..........................1

6
II.     APPLE CANNOT DEFEND FACTORS 2 AND 3................................................................3

III.    APPLE FAILS TO RAISE A TRIABLE ISSUE ON FACTORS 1 AND 4 ..........................3

7
        A.      There Is No Triable Issue Regarding The Scope Of Apple's Claimed
                Designs ..........................................................................................................4

8

9
        B.      There Is No Triable Issue Regarding The Physical Components To Which
                The Patented Designs Were Applied..............................................................5

10
CONCLUSION ..............................................................................................................................5

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S REPLY IN FURTHER SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

1                                            **INTRODUCTION**

2          Apple's opposition confirms that Samsung is entitled to partial summary judgment on the

3    identity of the relevant articles of manufacture.  Apple offers no statutory basis for factors 2 and 3

4    of the Solicitor General's test, which have no proper bearing on the article of manufacture inquiry.

5    Apple, moreover, identifies no triable issue as to factors 1 and 4.  Apple concedes there is no

6    dispute about the scope of its patented designs (a purely legal question), and Apple fails to refute

7    Samsung's showing that the components to which those designs are applied are physically distinct

8    articles of manufacture under Section 289.  Apple's assertion of waiver ignores Samsung's

9    repeated arguments in favor of a two-factor test, as well as Samsung's emphasis at oral argument

10   that the Solicitor General's test was "second best" to Samsung's own first-best approach.  Partial

11   summary judgment is warranted.

12                                            **ARGUMENT**

13   **I.      SAMSUNG HAS PRESERVED ITS PROPOSED TWO-FACTOR TEST**

14         Apple errs in asserting (at 2) that Samsung has not properly asserted its proposed two-

15   factor article of manufacture test, for several reasons.

16         *First*, Apple disregards Samsung's extensive briefing on these issues, which reflects

17   repeated arguments that the correct approach should consider only two factors:  (1) the scope of

18   the design claimed in the patent and (2) the physical attributes of the accused product.  Samsung

19   asserted that position in the Supreme Court, arguing, in disagreement with the Solicitor General's

20   proposal, that the article of manufacture should "correspond to the patent claim and the portion of

21   the product accused of infringing it."  Reply Br. for Pet'r, *Samsung Elecs. Co. v. Apple Inc.*, U.S.

22   No. 15-777 at 15 (Aug. 29, 2016).  On remand in this Court, Samsung reasserted that such a two-

23   factor test is the proper test, arguing that the Court should instruct the jury to assess only "(1) the

24   patent, which defines and limits the scope of the patented design, and (2) the accused product, to

25   determine the part, portion, or component of the product that corresponds to the scope of the

26   patented design."  Dkt. 3521, at 3; *see id.* at 3-6.  Samsung again asserted the correctness of the

27   same two-factor test in response to Apple's multi-factor proposal, objecting that Apple improperly

28   ignored the scope of the claimed design and that each of Apple's proposed factors was improper,

1   including factors 2 and 3—which the Court found were "substantially similar" to factors 2 and 3

2   of the Solicitor General's test.  Dkt. 3524, at 3-7; Dkt. 3522, at 3-6; Dkt. 3530, at 19.

3         Contrary to Apple's assertions (at 2), Samsung did not withdraw these positions at oral

4   argument.  Rather, counsel stated that while the Solicitor General's test is superior to Apple's

5   plainly erroneous proposal, it is not the correct test:  "[W]e think our two-step proposal is the best

6   proposal.  But the second best proposal is certainly the Solicitor General's test."  Dkt. 3528, at 14.[1]

7   Identifying a "second best" test does not waive the "first best" test that Samsung proposed.

8         *Second*, Apple wrongly suggests (at 2) that Samsung was required to "move to reconsider

9   or otherwise object" to this Court's new-trial Order.  The Court acknowledged Samsung's two-

10  factor proposal in that Order and spent three full pages addressing it—an analysis that would have

11  been unnecessary had Samsung abandoned that position (which it did not do).  *See* Dkt. 3530, at

12  14-17.  The Court then noted that "both parties stated that they found the United States' test

13  acceptable," quoting (*id.* at 20) counsel's argument that the Solicitor General's test is "second

14  best" to Samsung's own test (Dkt. 3528, at 14:14).  Apple cites no authority in arguing that

15  Samsung was required to burden the Court with a motion to reconsider that statement in order to

16  preserve a position that Samsung already repeatedly had taken and that the Court had rejected.[2]

17        *Third*, it is entirely proper for Samsung to press its two-factor article-of-manufacture test

18  now.  The Court authorized the parties to file dispositive motions (*see* Dkt. 3536, at 2), and the

19  Court's interlocutory ruling adopting the Solicitor General's four-factor test remains open to

20  revision "at any time before the entry of a judgment adjudicating all the claims."  Fed. R. Civ. P.

21  54(b); *see, e.g.*, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2017 WL 2481782, *5 n.14 (N.D.

22  Cal. June 8, 2017) ("Under Rule 54(b), district courts have 'complete power' over non-final orders

23  and may vacate or revise them 'at any time'") (citations omitted).  Apple cites no contrary

24  _____

25  [1]   Samsung took the same position in the Supreme Court.  *See Samsung*, Tr. 20:8-10 ("We
    propose a briefer test that we think is more administrable [than the Solicitor General's test].  We
26  propose that you look to two factors: The design in the patent and the accused product.").

27  [2]   Apple misplaces reliance (Opp. 2) on *In re Nuveen Funds/City of Alameda Sec. Litig.*, 2011 WL
    3890227 (N.D. Cal. Sept. 1, 2011), which ruled that a motion for leave to seek reconsideration
28  failed Local Rule 7-9's diligence requirement.  Rule 7-9 is inapplicable to Samsung's motion.

1    authority.  And while this is not an issue to be decided here, Apple is wrong to argue (at 2-3) that

2    Samsung's motion is not an appropriate vehicle for preservation.  It is.  *See* Mot. 1.

3    **II.      APPLE CANNOT DEFEND FACTORS 2 AND 3**

4        Apple offers little defense of the Solicitor General's second and third factors on their

5    merits.  Rather than connect these factors to the statutory inquiry, Apple only musters (at 3) the

6    self-serving conclusion that these factors "help to demonstrate that the relevant AOMs here are

7    Samsung's infringing phones in their entirety."  Apple never explains *why* a design's "relative

8    prominence" in or "conceptual distinctness" from an entire product has any bearing on the article

9    of manufacture to which the design was applied.  These factors convert what should be a

10   straightforward, physical analysis based on statutory text into a vague, abstract and confusing

11   inquiry lacking any basis in the statute.  They are improper.

12       Apple argues (Opp. 4) that Samsung's statutory test must be wrong because, under it,

13   patentees could never recover all profit from a multicomponent product under Section 289.  That

14   concern is misplaced.  *First*, it rests on an incorrect assumption: nothing in Section 289 guarantees

15   a design-patent holder total profit on a multicomponent product where the design, as here, claims

16   only a small portion of the product's external appearance.  Apple again ignores the Supreme

17   Court's decision in this case in assuming otherwise.  *Second*, Apple is incorrect.  If a design patent

18   covered every external feature of a bicycle, all profits from bicycle sales might well derive from

19   the external components and thus be recoverable.  But here, the design patents do not claim the

20   entire external appearance of a smartphone, and smartphone profits derive overwhelmingly from

21   internal components and functionality to which Apple's designs cannot and do not apply.  *See,*

22   *e.g.*, *Samsung*, Tr. 40:6-19 (Roberts, C.J.) (Apple's designs "[are] not applied to … all the chips

23   and wires, so … there shouldn't be profits awarded based on the entire price of the phone").

24   **III.     APPLE FAILS TO RAISE A TRIABLE ISSUE ON FACTORS 1 AND 4**

25       Apple's argument (Opp. 4-5) that the Court cannot grant summary judgment as to

26   individual factors within the article-of-manufacture test is incorrect.  Rule 56(a) authorizes

27   summary judgment on "part of [a] claim," and Rule 56(g) provides that, where a court grants such

28   partial judgment, it "may enter an order stating any material fact … that is not genuinely in

1   dispute." Fed. R. Civ. P. 56(a), (g).[3]  There is no triable issue under factors 1 or 4.

2         **A.      There Is No Triable Issue Regarding The Scope Of Apple's Claimed Designs**

3           Apple does not deny that the scope of the design claimed by a patent *is a question of law*

4   *for the Court*.  *See* Mot. 4.  And Apple *admits* that there is no genuine factual dispute on this issue,

5   asserting (at 7) that "[w]hat the parties dispute" is *not* the scope of its patented designs, but rather

6   "the conclusions to be drawn from Factor 1 … in determining the relevant AOMs."  Nor does

7   Apple dispute the substance of Samsung's proposals regarding the scope of the claimed designs.

8           Apple argues (at 6) that Samsung has modified the claim constructions that the Court

9   issued for purposes of determining *infringement* (Dkt. 1425, 1447), but those constructions are not

10   binding or correct on the *separate* question of identifying the relevant article of manufacture,

11   which arose only after the Supreme Court's decision called the Court's previous jury instructions

12   into question.  *See* Dkt. 3530, at 30; *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 435-35

13   (2016); *Dow Chem. Co. v. Nova Chem. Corp. (Can.)*, 803 F.3d 620, 628 (Fed. Cir. 2015) (law of

14   the case inapplicable "when governing law is changed by a later authoritative decision").

15           Factor 1 is limited to a single, "central consideration" that is "fundamental" to the article-

16   of-manufacture test:  what is "the scope of the claimed design"?  Dkt. 3530, at 17, 35.  Apple

17   acknowledges (Opp. 7) that its "claimed designs are depicted in the solid lines"—*not* in the broken

18   lines, written descriptions, or prior art.  Apple nevertheless seeks (*id.*) to bring such material into

19   factor 1 on the basis that it purportedly helps show that the designs are "applied" to articles that

20   "extend beyond the solid lines."  *See also* Dkt. 3605-3, at 1 (similar).  That is legally incorrect:

21   While "the scope of the claimed design is not alone dispositive," and a design may be *applied* to

22   an article that "extend[s] beyond the [design's] scope" (Dkt. 3530, at 17, 20 (quoted in Opp. 6-7,

23   8)), that does not serve to expand design *scope* under factor 1.  Identifying the article to which a

24

---

25   [3]  Apple's cases (Opp. 5) do not prohibit summary judgment on individual factors:  Both held that
26   summary judgment was warranted under a multi-factor test, and so did not consider whether
     partial summary judgment could be granted as to individual factors alone.  *See Alexander v. FedEx*
27   *Ground Package Sys., Inc.*, 765 F.3d 981, 988 (9th Cir. 2014); *Tana v. Dantanna's*, 611 F.3d 767,
     775 & n.7 (11th Cir. 2010).  Additionally, Apple's quotation from *Tana* derives from the Eleventh
28   Circuit's *description of the losing party's argument*—not from the court's holding.

1  design was applied is the role of factor 4.  *See* Mot. 3-4.

2  **B.    There Is No Triable Issue Regarding The Physical Components To Which The Patented Designs Were Applied**

3

4  Factor 4 asks whether an asserted design pertains to a component that is physically distinct

5  from the product as a whole—*i.e.*, whether the component was manufactured separately, or can be

6  physically separated from the product or sold separately.  *See* Dkt. 3530, at 35.  Apple does not

7  dispute Samsung's showing (Mot. 8 & nn.2-5) that the articles to which Apple's designs were

8  applied are discrete components that meet each of the specified criteria.  Apple does not deny that

9  Samsung's glass front faces (Windows), bezels (Front Covers), and display screens (Cores) are

10  manufactured separately from the rest of its devices.  Nor does Apple deny that each of those

11  articles can be removed and replaced if damaged, with replacement parts sold separately.

12  Instead, echoing its experts, Apple seeks to introduce (Opp. 9) various qualifiers to the

13  factor 4 criteria:  it may be "difficult" to separate the components once assembled into a complete

14  product; they are only sold separately "for repairs"; and the display screen was not sold separately

15  "by Samsung."  None of these caveats alters the relevant facts under the Court's articulation of

16  factor 4, which are simply that the components are manufactured separately, can be removed from

17  the devices, and can be sold separately (including for repairs).  Nothing more is required to

18  conclude these components constitute discrete "articles of manufacture" under Section 289.

19  The remaining question is whether Apple's designs were "applied" to the smartphone

20  components identified by Samsung.  As Samsung showed (Mot. 9-10), that question must be

21  answered in the affirmative based on Apple's own infringement evidence.  While Apple now

22  seeks (Mot. 10) to escape the force of that testimony, its own witnesses plainly testified that

23  Apple's designs were applied only to the particular, discrete components of Samsung's

24  smartphones identified in Samsung's motion—not to the "chips and wires" inside, and certainly

25  not to the entire phones.  No reasonable jury could find to the contrary.

26  For all of these reasons, the Court should grant partial summary judgment to Samsung.

27  **CONCLUSION**

28  The motion should be granted.

1   DATED:  March 16, 2018                    Respectfully submitted,

2                                             QUINN EMANUEL URQUHART &
                                              SULLIVAN, LLP
3

4                                             By  */s/ Victoria F. Maroulis*

5                                                 John B. Quinn
                                                  Kathleen M. Sullivan
6                                                 William C. Price
                                                  Michael T. Zeller
7                                                 Kevin P.B. Johnson
                                                  Victoria F. Maroulis
8

9                                             Attorneys for SAMSUNG ELECTRONICS CO.,
                                              LTD., SAMSUNG ELECTRONICS AMERICA,
                                              INC., and SAMSUNG TELECOMMUNICATIONS
10                                            AMERICA, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S REPLY IN FURTHER SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT