1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   John B. Quinn (Bar No. 90378)
2  johnquinn@quinnemanuel.com
   William C. Price (Bar No. 108542)
3  williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
4  michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
5  Los Angeles, California 90017
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Kathleen M. Sullivan (Bar No. 242261)
   kathleensullivan@quinnemanuel.com
8  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
9  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
10 555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
11 Telephone:  (650) 801-5000
   Facsimile:  (650) 801-5100
12
   Attorneys for Samsung Electronics Co., Ltd.,
13 Samsung Electronics America, Inc., and Samsung
   Telecommunications America, LLC

14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>           Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>           Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE EXPERT OPINIONS OF ALAN D. BALL AND SUSAN KARE**<br><br>**Date:**  March 29, 2018<br>**Time:**  1:30 p.m.<br>**Place:** Courtroom 8, 4th Floor<br>**Judge:** Hon. Lucy H. Koh |

Apple's opposition fails to refute Samsung's showing that Apple's experts' opinions identifying the relevant articles of manufacture should be excluded.[1]

**1.** Rather than apply the four-factor test adopted by the Court, Apple's experts reinterpret each factor and improperly apply a test of their own making, often invoking theories the Court rejected.

**a.** Factor 1 addresses "the scope of the claimed design," but Apple concedes (at 1) that its experts address a different issue: whether "the patents show and describe the ***claimed designs*** being ***applied to*** electronic devices." Claim scope is a "fundamental" and "central consideration" and is the sole focus of Factor 1. Dkt. 3530, at 17. This Court did not suggest otherwise in stating (*see* Opp. 1) that the relevant article "may extend beyond the scope of the claimed design," which simply means that Factor 1 is not the *only* factor to consider. Apple's expert opinions under this Factor should be excluded insofar as they address matters beyond the scope of the claimed design.

**b.** Apple's experts concededly do not address the sole issue under Factor 2 (*see* U.S. Br. 28): *i.e.*, whether the patented design is *relatively* prominent in the accused product when considered together with "other components unaffected by the design." *See* Dkt. 3595-5, ¶ 41 (Ball: "I do not believe that prominence is dictated by whether or not there are other components unaffected by the design"); Dkt. 3595-8, ¶¶ 25, 30-33 (same for Kare, who considered whether the patented design is "readily noticeable" *regardless* of other unaffected components). This warrants exclusion.

**c.** Apple disregards its experts' failure to consider whether Samsung's phones contain "other components that embody conceptually distinct innovations" (U.S. Br. 28-29), insisting (at 2) that it is proper to treat Apple's designs as "inseparable" from Samsung's phones. But Factor 3 asks whether the design is "conceptually distinct," not "separable," from the product. The binding for a book is conceptually distinct from the book itself *even though they are inseparable. See* U.S. Br. 28-29. Apple's experts reject the Solicitor General's discussion of its own factors, *e.g.*, Dkt. 3595-5, ¶¶ 80, 84, 86; Dkt. 3595-8, ¶¶ 39-40, and their application of the wrong test warrants exclusion.

**d.** Apple's experts likewise ignore the Court's prior decision that Factor 4 considers the

---

[1] Contrary to Apple's assertion (at 1), Samsung's motion properly identified the proposed testimony at issue in the highlighted exhibits and proposed order. This Court has endorsed this practice. *E.g.*, Dkt. 2255, at 7 n.3, 14-24, Dkt. 2255-18 thru 2255-22 (Apple motion and exhibits employing this practice); Dkt. 1144, at 3-6 (Court Order granting such motion).

physical nature of the *components* at issue, asking whether the "design pertains to a component" that (1) a user or seller can "physically separate," (2) was "manufactured separately," or (3) "can be sold separately." Dkt. 3530, at 35. The Court rejected Apple's proposed inquiry into "[h]ow the defendant sells *its infringing product* and accounts for its profits on those sales, including whether the defendant typically sells its asserted article of manufacture as part of a unified product or separately." *Id.* at 14 (emph. added). Apple's experts' explicit refusal to address the issues identified by the Court warrants exclusion. *E.g.*, Dkt. 3595-5, ¶ 108 (Ball: "In a multi-component product, every component will be physically separate from the finished product as a whole at some point in time. If that were the relevant inquiry, there would be no reason to consider this factor.").

**2.** Apple's expert opinions should be excluded insofar as they focus on the prejudicial sideshow about "copying." *E.g.*, Dkt. 3595-4, ¶ 234 ("Samsung copied the D'087 and D'677 designs in an effort to copy the iPhone as a whole"); *id.* ¶ 125; Dkt. 3595-7, ¶ 110. This Court rejected Apple's proposed "copying" factor, ruling that it has "no relationship to the text of § 289." Dkt. 3530, at 14, 17-18. As Apple admits, the Court has also already precluded experts from opining on this subject. *See* Dkt. 3603-3, at 3 (Apple agreeing that, "[c]onsistent with the Court's orders," Ms. Davis will not opine on copying).

**3.** Apple concedes (at 3) that its expert opinions about Samsung's "willfulness" are improper.

**4.** Apple's experts should not be permitted to testify that the prior jury believed that entire products were the articles of manufacture. Dkt. 3595-7, ¶ 60 (Kare), Dkt. 3595-4, ¶ 137 (Ball). That is irrelevant and highly prejudicial given that the Supreme Court has now held that the prior jury was misinstructed on this very topic. Dkt. 3530, at 30.

**5.** Apple's expert testimony should also be excluded (*see* Dkt. 3523, at 16) to the extent it opines on the irrelevant matters of *Apple's* design and marketing process and consumer perceptions of the *iPhone*. The jury's task is to identify the article to which *Samsung*—not Apple—applied the patented designs, and, in ordering a new trial, the Court relied only on evidence about the manufacture of *Samsung's* phones (Dkt. 1610, at 872 (miscited as 313)) and component parts (Dkt. 1842, at 3167).

**6.** Apple does not identify any *marketing* expertise supporting its experts' marketing opinions.

| | | |
|---|---|---|
| 1 | DATED:  March 16, 2018 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | |
| 5 | | By  */s/ Victoria F. Maroulis*<br>        John B. Quinn<br>        Kathleen M. Sullivan<br>        William C. Price<br>        Michael T. Zeller<br>        Kevin P.B. Johnson<br>        Victoria F. Maroulis |

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC