1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    John B. Quinn (Bar No. 90378)
2   johnquinn@quinnemanuel.com
    William C. Price (Bar No. 108542)
3   williamprice@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
4   michaelzeller@quinnemanuel.com
    865 S. Figueroa St., 10th Floor
5   Los Angeles, California 90017
    Telephone: (213) 443-3000
6   Facsimile: (213) 443-3100

7   Kathleen M. Sullivan (Bar No. 242261)
    kathleensullivan@quinnemanuel.com
8   Kevin P.B. Johnson (Bar No. 177129)
    kevinjohnson@quinnemanuel.com
9   Victoria F. Maroulis (Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
10  555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California  94065-2139
11  Telephone:  (650) 801-5000
    Facsimile:  (650) 801-5100
12
    Attorneys for Samsung Electronics Co., Ltd.,
13  Samsung Electronics America, Inc., and Samsung
    Telecommunications America, LLC
14
                    UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16
                        SAN JOSE DIVISION
17

18  APPLE INC., a California corporation,          CASE NO. 11-cv-01846-LHK

19              Plaintiff,                         **SAMSUNG'S OPPOSITION TO APPLE'S
                                                   MOTION TO EXCLUDE WAGNER
20          vs.                                    TESTIMONY REGARDING SDC COST
                                                   DATA, APPLE COST DATA, AND
21  SAMSUNG ELECTRONICS CO., LTD., a               WHITE PHONES**
    Korean business entity; SAMSUNG
22  ELECTRONICS AMERICA, INC., a New               **Date:**    March 29, 2018
    York corporation; SAMSUNG                      **Time:**    1:30 p.m.
23  TELECOMMUNICATIONS                             **Place:**   Courtroom 8, 4th Floor
    AMERICA, LLC, a Delaware limited liability     **Judge:**   Hon. Lucy H. Koh
24  company,

25              Defendants.                        **FILED UNDER SEAL**

26

27

28

1    Apple's motion to exclude Mr. Wagner's opinions on costs/white phones should be denied.

2    **1.       The SDC Data Was Timely and Apple Chose Not To Pursue Discovery of SDC.**

3    On December 6, 2017, Samsung timely informed Apple that ███████████████████

4    ████████████████████████████████████████████████████████████████████

5    ████████████████████████████████████████████              Gray Decl. ¶ 2 & Ex.

6    A.   Samsung identified this and many other documents evincing ████████████████ in its

7    initial response to Apple's interrogatories.  Ex. B at 5-7; *see* Dkt. 3594-12 at 1-2.  Samsung did

8    not withhold information.   Rather, Apple deliberately chose not to take discovery of SDC, a

9    separate non-party that the Samsung defendants do not control.  Mot. at 1.  It must live with the

10   consequences.   Further, Apple concedes it received the SDC Document and authenticating

11   declaration during the discovery period, *id.*, and therefore they were timely produced.  Dkt. 1611

12   at 941 ("Well, you can produce it on the last day of discovery. … The objection is overruled.").

13   It is irrelevant that party depositions of SEC and SEA employees were complete: the SDC

14   Document is confidential to SDC and SDC data is not available to Samsung employees.   Dkt.

15   3594-12 at 1; Dkt. 3594-10 at ¶ 4; Ex. C (D. Kim Depo. Tr.) at 72:13-25.  Apple was provided

16   with a sworn declaration that the data in the SDC Document duplicates records SDC keeps in the

17   ordinary operation of its business and reflects its bill of materials information, Dkt. 3594-10 at ¶¶

18   2, 5-6, and Apple has no basis to doubt this.  Apple's choice not to seek third-party discovery from

19   SDC precludes any charge it was "denied" discovery or suffered prejudice from Samsung.

20   Ms. Davis agrees that Mr. Wagner's methodology using SDC costs is acceptable.  Ex. D at

21   101:22-103:16 ("The overall methodology would not be something that I would criticize.").

22   Apple fails to identify any *Daubert* basis for excluding Mr. Wagner's use of the available months

23   of SDC data, citing only Ms. Davis's statement that Samsung's own internal data on other material

24   costs includes more months than does the SDC data.  Mot. at 2 (citing Ex. C ¶ 102).   That

25   criticism is not grounds for exclusion.[1]  *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 856 (Fed.

26   Cir. 2010) ("While the data were certainly imperfect, and more (or different) data might have

27   _____

28   [1]   Indeed, Mr. Wagner testified that he did testing on the SDC data to look for changes or trends, and found it "very stable" and furthermore reliable. Ex. H at 1229:5-13; 1233:11-14.

1    resulted in a 'better' or more 'accurate' estimate in the absolute sense, it is not the district court's

2    role under *Daubert* to evaluate the correctness of facts underlying the expert's opinion.").

3         Finally, Apple raises the specter of ███████████████████████████████████████

4    ███████████████████████. Mot. at 2.  This too goes to weight, and in any event Mr. Wagner

5    has obviated the criticism.  After receiving Ms. Davis's Reply report, Mr. Wagner immediately

6    prepared a supplemental report (served the next business day) stating that although he did not "see

7    any issue" with his earlier approach, he prepared revised calculations to eliminate Ms. Davis's

8    criticism.  Dkt. 3594-7 at ¶ 11.  Apple offers no objection to Mr. Wagner's revised calculations.

9         **2.      Apple May Not Challenge Reliability Based on Gaps Caused By Its Own Failure**

10   **to Produce Per-Unit Component Cost Data.**

11        Mr. Wagner's use of Apple's limited cost data for the glass front face is the result of

12   Apple's late change of heart after stipulating to produce its cost data.  At the hearing on

13   Samsung's motion to compel, Apple agreed to produce "cost information" for a specific front face

14   "glass component" for four Apple products.  Dkt. 3564 at 6-7.  However, Apple later limited its

15   production to "documents containing pricing information for ███████████████████ Ex. E at 1.

16   In response to Samsung's repeated urging to produce "cost per unit" data, *e.g.*, Ex. F at 2, Apple

17   refused, finally stating "the cost information we have provided is sufficient."  Ex. G at 1.  Apple's

18   charge that its cost data is unreliable is inconsistent with its actions, and its attorney arguments

19   about the similarity of the parties' suppliers, supply arrangements, and cost structures are merely

20   issues for cross examination.[2]  While Mr. Wagner did not make adjustments to the information

21   Apple produced, Mot. at 3, that is entirely because Apple failed to provide any additional per unit

22   cost data as Samsung requested.  Having failed to produce its own documents that would show

23   whether, or what, adjustments might better reflect per unit cost, Apple cannot be heard to

24   complain about the reliability of Mr. Wagner's use of what Apple did provide.  *See i4i Ltd. P'ship*,

25   598 F.3d at 856.

---

[2]  Mr. Wagner did not use Apple data "to calculate Samsung's profit."  Mot. at 2.  Rather, he used
what cost data Apple provided "as a reasonableness check for the calculations that I've performed
for Samsung."  Dkt. 3594-7 at ¶ 5.  He concluded the cost comparison for Apple "falls in the range
of the two approaches using Samsung's data that I calculate in my Rebuttal Report."  *Id*. at ¶ 9.

**3.      The Jury May Evaluate the Differences in Mr. Wagner's and Ms. Davis's Calculations of Profit Excluding the Undisputed Sales of White Phones.**

The D'677 article of manufacture is black, not white.  The Supreme Court described the D'677 patent as "covering a black rectangular front face," which is law of the case.  *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 433 (2016).  The profit on the D'677 article of manufacture, which Samsung contends is "the black, round-cornered, glass front face of each phone," consists of the profits on the ***black*** front face of phones.

Three phones at this trial will have damages based only on infringement of the D'677 patent and were sold in black and white versions.  Ms. Davis agrees that the evidence shows "the total number of white units manufactured" and she uses this evidence to calculate Samsung's profits excluding white phones.  Dkt. 3593-5 at ¶ 161.  Apple's criticism of Mr. Wagner's one-to-one calculation of phones sold by STA and SEC at most goes to weight.[3]  Whether Mr. Wagner or Ms. Davis more reliably excluded the white unit sales is for the jury to decide.

At the first trial, these three phones—GS II (T-Mobile); GS II (Epic 4G Touch); GS II (Skyrocket)—were also accused under various Apple trade dresses and, for two phones, the D'087 patent, Dkt. 1931 at 6 & 10-14, but that other design IP was not explicitly limited to black.  It is therefore irrelevant that JX1500 at the first trial included all accused units of those phones; they are now only accused of the D'677, which is limited to black.  Finally, Apple's claim that this is a "non-infringement" opinion is belied by the fact that the verdict form asked the jury to decide infringement for the specific physical devices admitted into evidence with exhibit numbers JX1033-35.  Dkt. 1931 at 6.  The three phones in evidence, JX1033-35, are black.  No white-faced phones were accused by Apple, presented to the jury by Apple, or evaluated by the jury, s*ee* Dkt. 1566-2, and Apple certainly did not prove white phones infringe the D'677.  Dkt. 3354-03 through 3354-20 (re supplemental damages, incorporated by reference).  Apple's motion should be denied.

---

[3]   For example, Ms. Davis opines that STA's main purpose was to sell phones for SEC, Dkt. 3593-4 at ¶ 41, and thus if SEC sold a phone to STA, it is reasonable to assume that the phone was sold by STA.  *See In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-WHO, 2017 WL 679367, at *28 (N.D. Cal. Feb. 21, 2017) (denying motion to exclude expert testimony that was "based on reasonable assumptions and evidence").

1    DATED:  March 9, 2018                Respectfully submitted,

2                                         QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP
3

4                                         By  _/s/ Victoria F. Maroulis_____

5                                              John B. Quinn
                                               Kathleen M. Sullivan
6                                              William C. Price
                                               Michael T. Zeller
7                                              Kevin P.B. Johnson
                                               Victoria F. Maroulis
8
                                               Attorneys for SAMSUNG ELECTRONICS CO.,
9                                              LTD., SAMSUNG ELECTRONICS AMERICA,
                                               INC., and SAMSUNG TELECOMMUNICATIONS
10                                             AMERICA, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S OPP. TO APPLE MOT. TO EXCLUDE WAGNER RE COSTS AND WHITE PHONES