# EXHIBIT D

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
1            UNITED STATES DISTRICT COURT
2           NORTHERN DISTRICT OF CALIFORNIA
3                 SAN JOSE DIVISION
4
5   APPLE INC., a California         )
    corporation,                      )
6                                     )
             Plaintiff,               )
7                                     ) Case No.
        vs.                           ) 11-cv-01846-LHK
8                                     )
    SAMSUNG ELECTRONICS CO., LTD.,    )
9   a Korean business entity;         )
    SAMSUNG ELECTRONICS AMERICA,      )
10  INC., a New York corporation;     )
    SAMSUNG TELECOMMUNICATIONS        )
11  AMERICA, LLC, a Delaware          )
    limited liability company,        )
12                                    )
             Defendants.              )
13  _____
14
         HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY
15
16      The deposition of JULIE DAVIS, VOLUME III taken
17  before Maria S. Winn, CSR, RPR and CRR, pursuant to
18  the Federal Rules of Civil Procedure for the United
19  States District Courts pertaining to the taking of
20  depositions, at Quinn Emanuel, 191 North Wacker
21  Drive, Suite 2700, Chicago, Illinois, commencing
22  at 9:56 a.m. on February 15, 2018.
23
24
25  Pages 1 - 162
```

Page 1

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1   PRESENT:
 2   Appeared on behalf of the Plaintiff:
         MORRISON FOERSTER LLP
 3       MR. ERIK J. OLSON
         755 Page Mill Road
 4       Palo Alto, California  94304
 5       (650) 813-5825
 6       ejolson@mofo.com
 7           -  and  -
         WILMER HALE
 8       By MR. CHRISTOPHER R. LOONEY
         60 State Street
 9       Boston, Massachusetts 02109
10       (617) 526-6313
11       christopher.looney@wilmerhale.com
12
13   Appeared on behalf of the Defendants:
14       QUINN EMANUEL URQUHART & SULLIVAN, LLP
         By MR. WILLIAM C. PRICE and
15          MS. KARA BORDEN
16          MS. SCOTT B. KIDMAN
            MR. CARL G. ANDERSON
17       865 South Figueroa Street - 10th Floor
         Los Angeles, California  90017
18       (213) 443-3000
19       williamprice@quinnemanuel.com
20       karaborden@quinnemanuel.com
21       scottkidman@quinnemanuel.com
22       carlanderson@quinnemanuel.com
23
24   ALSO PRESENT:
25       MR. MICHAEL PRAGER, Legal Videographer.
```

```
 1                        I N D E X
 2   WITNESS
 3       Julie Davis
 4
 5   EXAMINED BY                                      PAGE
 6       Mr. Price                                       6
 7
 8
 9   DAVIS DEPOSITION EXHIBITS                         PAGE
10     Exhibit 1    Opening report of J. Davis          20
11
12     Exhibit 2    Reply report of J. Davis            52
13
14     Exhibit 3    Previously marked PX 174            65
15
16     Exhibit 4    Previously marked PX 35             72
17
18     Exhibit 5    Mr. Wagner's report                108
19
20     Exhibit 6    Schedules from Mr. Wagner's        128
21                  expert report
22
23     Exhibit 7    Amendment to opening               158
24                  expert report of J. Davis
25
```

| | | |
|---|---|---|
| 1 | entire phone. | 12:42:03 |
| 2 | A    All right.  Now that I have that your | 12:42:10 |
| 3 | hypothetical in mind, ask me again what your | 12:42:12 |
| 4 | question is. | 12:42:15 |
| 5 | Q    So if you have cost information that you | 12:42:15 |
| 6 | told us that you would need to have, and the only | 12:42:17 |
| 7 | revenue information you had was revenue for the | 12:42:23 |
| 8 | entire phone because these articles of | 12:42:25 |
| 9 | manufacture were not sold separately, is there a | 12:42:28 |
| 10 | methodology you could use to calculate damages on | 12:42:33 |
| 11 | the sale of those articles of manufacture? | 12:42:37 |
| 12 | A    I don't know.  I think that's in part a | 12:42:49 |
| 13 | legal question, and absent further guidance from | 12:42:51 |
| 14 | this court or any other, I don't know the answer | 12:42:54 |
| 15 | to that question. | 12:43:01 |
| 16 | Q    Well, let's assume there is no more | 12:43:01 |
| 17 | legal guidance than what you know of.  I mean, | 12:43:04 |
| 18 | you initially said you would need revenue and | 12:43:08 |
| 19 | cost information for the articles of manufacture. | 12:43:10 |
| 20 |         Correct? | 12:43:15 |
| 21 | A    Right. | 12:43:15 |
| 22 | Q    So I'm saying, assuming you have all the | 12:43:18 |
| 23 | cost information you need to make a reasonable | 12:43:24 |
| 24 | estimate as to the cost, and the only revenue | 12:43:26 |
| 25 | information you have is for sale of the | 12:43:29 |

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | entire product. | 12:43:31 |
| 2 | And in that situation, is there a | 12:43:32 |
| 3 | methodology you can use to calculate damages on | 12:43:35 |
| 4 | the sale of the articles of manufacture? | 12:43:36 |
| 5 | A    Once again, I don't know what the legal | 12:43:45 |
| 6 | constraints would be, but absent any further | 12:43:47 |
| 7 | guidance, I would probably seek to allocate the | 12:43:50 |
| 8 | revenue from the entire smartphone in a manner | 12:43:55 |
| 9 | that is consistent with the cost of the article | 12:43:59 |
| 10 | of manufacture as compared to the total cost of | 12:44:07 |
| 11 | the product.  That's all based, of course, on | 12:44:09 |
| 12 | your hypothetical that I have sufficient relevant | 12:44:19 |
| 13 | data for cost. | 12:44:22 |
| 14 | Q    So how would you do that?  You have | 12:44:23 |
| 15 | adequate data for cost.  You said you would seek | 12:44:26 |
| 16 | to allocate the revenue for the entire smartphone | 12:44:30 |
| 17 | in a way that was consistent with the cost of the | 12:44:32 |
| 18 | article of manufacture compared to the total cost | 12:44:35 |
| 19 | of the product. | 12:44:37 |
| 20 | Would you take a percentage? | 12:44:38 |
| 21 | A    Yes.  Probably. | 12:44:40 |
| 22 | Q    And then what would you do with that | 12:44:42 |
| 23 | percentage of cost? | 12:44:44 |
| 24 | A    Absent any further information that | 12:44:45 |
| 25 | would suggest that the article of manufacture is | 12:45:01 |

| | | |
|---|---|---|
| 1 | by itself more or less profitable in some other | 12:45:02 |
| 2 | part of the phone, I would probably allocate | 12:45:06 |
| 3 | profits based upon that percentage. | 12:45:11 |
| 4 |     Q   Now, do you agree that Mr. Wagner | 12:45:25 |
| 5 | attempted to do that type of allocation? | 12:45:27 |
| 6 |     A   I do.  But he did not have the same | 12:45:30 |
| 7 | quality or quantity of cost data that you have | 12:45:32 |
| 8 | asked me to assume that I have in my | 12:45:34 |
| 9 | hypothetical. | 12:45:36 |
| 10 |     Q   So that is your primary disagreement | 12:45:39 |
| 11 | with what he attempted to do, which is that he | 12:45:44 |
| 12 | didn't have sufficient cost information to come | 12:45:47 |
| 13 | to a reliable percentage? | 12:45:50 |
| 14 |     A   He didn't have sufficiently reliable or | 12:45:59 |
| 15 | relevant data to use.  The overall methodology | 12:46:04 |
| 16 | would not be something that I would criticize. | 12:46:07 |
| 17 |     Q   Do you agree that he had sufficient | 12:46:15 |
| 18 | revenue information? | 12:46:17 |
| 19 |     A   Yes. | 12:46:20 |
| 20 |     Q   So your criticism is the quality of the | 12:46:27 |
| 21 | cost information? | 12:46:29 |
| 22 |     A   Yes, and quantity. | 12:46:29 |
| 23 |         THE VIDEOGRAPHER:  Five minutes of tape | 12:46:36 |
| 24 | remaining. | 12:46:37 |
| 25 | | |

Page 103

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1   STATE OF ILLINOIS )
 2                     ) SS:
 3   COUNTY OF C O O K )
             The within and foregoing deposition of
 4   the aforementioned witness was taken before
     MARIA S. WINN, CSR, RPR and CRR, at the place,
 5   date and time aforementioned.
             There were present during the taking of
 6
 7   the deposition the previously named counsel.
             The said witness was first duly sworn and
 8   was then examined upon oral interrogatories; the
     questions and answers were taken down in shorthand
 9   by the undersigned, acting as stenographer; and
10   the within and foregoing is a true, accurate and
11   complete record of all of the questions asked of
     and answers made by the aforementioned witness, at
12   the time and place hereinabove referred to.
        The signature of the witness was not
13   waived, and the deposition was submitted,
14   pursuant to Rule 30(e) and 32(d)4 of the Rules
     of Civil Procedure for the United States District
15   Courts, to the deponent per copy of the attached
16   letter.
             The undersigned is not interested in the
17   within case, nor of kin or counsel to any of the
     parties.
18           In witness whereof, I have hereunto set
19   my hand and seal of office this day, February 19,
     2018.
20
21
22                    [signature: Maria S. Winn]
23
24        MARIA S. WINN, CSR, RPR and CRR
25   CSR No. 084-003784 - Expiration Date: May 31, 2019
```