# EXHIBIT F
# CONFIDENTIAL VERSION OF DOCUMENT SOUGHT TO BE SEALED

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
(213) 443-3180

WRITER'S EMAIL ADDRESS
michaelzeller@quinnemanuel.com

**CONTAINS INFORMATION DESIGNATED AS ATTORNEYS' EYES ONLY – HIGHLY CONFIDENTIAL UNDER PROTECTIVE ORDER**

December 22, 2017

**VIA E-MAIL**

Mark Selwyn
WilmerHale
950 Page Mill Road
Palo Alto, CA 94304
(650) 858-6031

Re:   *Apple v. Samsung*, 11-cv-1846 – Apple's Concealment of Individual Part Cost Data

Dear Mark:

I write in response to your December 20, 2017 letter. Your letter mischaracterizes Mr. Blevins' testimony, and is not responsive to Samsung's request for information regarding component identity, component manufacturer identity, and component costs, which is relevant and material to the issues to be determined at the upcoming trial.

First, your response appears to misunderstand the deficiencies in Apple's production that Samsung has identified, and about which Mr. Blevins testified. The issue Samsung raises is not whether Apple has "produced documents that are labeled on their face as "BOMs" (i.e., Bills of Material) […] that contain line items corresponding to components provided by ▮▮▮▮▮▮" as you characterize it, but whether Apple has produced:

> (1) a breakdown of the information in Apple's manufacturing information system by ***part, cost, and manufacturer*** for the cover glass component ▮▮▮▮▮▮▮▮▮▮ that Mr. Blevins identified in his deposition incorporated into the iPhone, iPhone 3G, iPhone 3GS, iPhone 4, and/or iPhone 4S, and/or any other cover glass component that is or was incorporated into said iPhones;

Mark Selwyn
December 22, 2017

    (2) documents sufficient to show ***the part number or similar identifier and cost per unit*** Apple paid to ▮▮▮▮ for cover glass components for the iPhone, iPhone 3G, iPhone 3GS, iPhone 4, and/or iPhone 4S;

    (3) a breakdown of the information in Apple's manufacturing information system ***by part, cost, and manufacturer*** for each and every sub-part or component of Apple's ▮▮▮▮ incorporated into the iPhone, iPhone 3G, iPhone 3GS, iPhone 4, and/or iPhone 4S, and/or any other display assembly or module that is or was incorporated into said iPhones; and

    (4) documents sufficient to show ***the part number or similar identifier and cost per unit*** Apple ***paid to manufacturers*** for the bezel components of the iPhone, iPhone 3G, iPhone 3GS, iPhone 4, and/or iPhone 4S.

The Bates range you cite in your letter does not contain this information. As you know, many of the documents you cite (e.g. APL-ITC796-0000397905; APL-ITC796-0000398027; non-exhaustive) contain no cost information at all, and certainly do not contain cost information for the cover glass component ▮▮▮▮; the cost per unit Apple paid to ▮▮▮▮; or a breakdown of the information in Apple's manufacturing information system by part, cost, and manufacturer for each and every sub-part or component of Apple's ▮▮▮▮.

Though Mr. Blevins testified that Apple's manufacturing information system ▮▮▮▮, you have not produced this information. Notably, your letter evades these points and does not even contend that Apple has produced the information requested.

Second, you mischaracterize Mr. Blevins' testimony. Mr. Blevins testified that the APLNDC-Y0000051363 document you cite in your letter was "just a query." (Blevins Tr. 146:5-7.) Mr. Blevins further stated that "any group with access to SAP could create a document like this one." (Id. at 147: 10-11.) When asked specifically whether Apple's manufacturing system contained part-specific cost information for the cover glass component manufactured by ▮▮▮▮ Mr. Blevins responded, "Yes." (Id. at 149:18-20; 150:5, 13-15; 151:6; 152:5.) Yet you have not—and refuse to—produce this information.

Third, your letter misconstrues Samsung's allegation regarding what appears to be Apple's intentional concealment of relevant information responsive to Samsung's discovery requests. You state that Samsung suggests Apple "has produced material in an intentionally deceptive way." While this may have been the case when Apple originally produced these documents, at present, Samsung contends that Apple has ***failed to produce*** information in an intentionally deceptive way. For example, Apple has failed to produce the part-specific cost for the cover glass component ▮▮▮▮ and the part-specific cost for each component

Mark Selwyn
December 22, 2017

of Apple's ▮▮▮▮▮▮▮▮—which is composed of multiple sub-assemblies (Blevins Rough Tr. 52:11-53:1) which themselves contain "hundreds of parts" (id. at 55:6-7)—choosing instead to rely on incomplete reports "subgrouped to [Apple]'s pleasure," (id. at 179:18) despite the fact that Apple's system contains this information. Regardless of what prior relevance this information may have had, it, and the other information requested in my December 18, 2017 letter, are presently relevant and material to the inquiry regarding the article of manufacture, including but not limited to the manufacture, cost, and accounting for smartphones at issue in the upcoming retrial.

Because you have refused to produce this information, even after the parties' lead counsel meet and confer held on December 19, 2017, Samsung will move the court to compel production.

Sincerely,

*/s/ Michael T. Zeller*

Michael T. Zeller

99999-00830/9771941.1