# EXHIBIT G
# CONFIDENTIAL VERSION OF DOCUMENT SOUGHT TO BE SEALED

# WILMERHALE

February 9, 2018

Mark D. Selwyn

+1 650 858 6031 (t)
+1 650 858 6100 (f)
mark.selwyn@wilmerhale.com

**Contains Information Designated as Attorneys' Eyes Only – Highly Confidential Under Protective Order**

**BY EMAIL**
sarajenkins@quinnemanuel.com

Sara Jenkins, Esq.
555 Twin Dolphin Drive
5th Floor
Redwood Shores, CA 94065-2139

Re:  *Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-1846 (N.D. Cal.)

Dear Sara:

I am writing to follow up on our February 5 phone conversation.

During that call you asked us to consider whether Apple would provide additional documents or information concerning how to "convert" the ▬▬▬▬ pricing information that we have produced into some kind of per finished unit or per finished phone cost for the original iPhone, iPhone 3G, iPhone 3GS, and iPhone 4.

At this point, Apple has already gone to great lengths both to collect information responsive to your requests for component pricing information and to identify with specificity the information in Apple's financial system that Apple has produced.  We have also identified for you the sub-assembly of Apple's iPhones in which the ▬▬▬▬ is integrated and provided cost data for that sub-assembly.  With respect to the conversion of the ▬▬▬▬ price into a per finished phone amount, that is not a simple matter, and not something that Samsung ever previously requested or that we ever agreed to do.  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

We reiterate our view that the cost information we have provided is sufficient—and indeed that this information is irrelevant.  Mr. Wagner's expert report does not disclose any opinions to which the cost of Apple's glass and bezel components would be relevant, let alone why Samsung requires *more* data than has been provided or that he may supplement his report if Samsung receives additional data regarding the cost of the ▬▬▬▬  In this regard, we reserve our right object to any attempt by Mr. Wagner to supplement his report.

You also asked whether we would make Mr. Blevins available for an additional hour of deposition.  Samsung had made this same request in Michael Zeller's January 23 letter to me.  In my January 25 letter to Michael Zeller, we offered to do so on February 1, 2018.  During a phone

WilmerHale

Sara Jenkins, Esq.
Page 2

conversation on January 26, 2018, Mr. Zeller confirmed that the date was acceptable, but also said that if we were providing an errata that merely corrected Mr. Blevins' testimony Samsung likely would not want to depose Mr. Blevins further.  In subsequent conversations, I made clear that Mr. Blevins would not be made available on alternative dates.

We provided Mr. Blevins' errata, which was consistent with our representations as to its content, on January 31, with ample time to determine if you wished to depose Mr. Blevins the following day.  You declined to do so.  We will not make Mr. Blevins available for a further deposition.

Sincerely yours,

*/s/ Mark Selwyn*

Mark D. Selwyn