| | |
|---|---|
| ERIK J. OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>NATHAN B. SABRI (CA SBN 252216)<br>nsabri@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522<br><br>Attorneys for Plaintiff and<br>Counterclaim-Defendant APPLE INC. | WILLIAM F. LEE (*pro hac vice*)<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (CA SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE MR. WAGNER'S TESTIMONY REGARDING SDC COST DATA, APPLE COST DATA, AND "WHITE" PHONES**<br><br>Date:      March 29, 2018<br>Time:     1:30 p.m.<br>Place:    Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh<br><br>**FILED UNDER SEAL** |

1.  Apple did not "deliberately cho[o]se not to take discovery of SDC" (Opp. 1). In its interrogatory responses, Samsung failed to identify SDC or Hyangsook Park (the later-disclosed SDC declarant) as having information relevant to calculating damages on any alleged AOM. That is because Samsung did not disclose how it intended to calculate § 289 damages during fact discovery, instead saying only that its damages theories would be the subject of expert discovery. Dkt. 3594-13 at 58-60. While Samsung says it identified ▬▬▬▬▬▬▬▬▬▬ (Opp. 1), the single page it now claims provided this notice was produced by *the Samsung defendants* and refers only to ▬▬▬▬▬▬ Dkt. 3604-04. That is hardly notice of a *non-party entity* named "Samsung Display Co.," much less notice that such an entity had cost data that was unavailable from the Samsung defendants and that Samsung's damages expert would later use. Apple had every reason to believe that, if Samsung planned to rely on costs to calculate damages, it would use cost data from the Samsung defendants (*e.g.*, SEA, STA)—not some other entity. In fact, one of Mr. Wagner's methods uses cost data from SEA/STA. Dkt. 3600-05, ¶¶ 447-451.[1]

Samsung gives no justification that could render the SDC data reliable for Mr. Wagner's use. Samsung does not deny that Mr. Wagner failed to investigate how the data was selected or compiled.[2] Samsung also does not dispute that (let alone try to explain why) SDC provided data for ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬— flaws that make the data wholly unreliable for calculating AOM profits. Instead, Samsung claims Ms. Davis "agree[d] that Mr. Wagner's methodology using SDC costs is acceptable." Opp. 1. That is taken entirely out of context: Ms. Davis said only that costs could be used to calculate AOM profits if there were "sufficient relevant data for cost," Dkt. 3604-07 at 102:5-13; she was clear that Mr. Wagner "didn't have sufficiently reliable or relevant data to use," *id.* at 103:4-16.

---

[1] Even after belatedly providing the SDC data, Samsung's representations about SDC have been inconsistent. For instance, Samsung said Ms. Park had no discoverable knowledge beyond her declaration and that Apple was not entitled to "full-blown discovery" of her knowledge, Dkt. 3594-12 at 2—claims belied by Mr. Wagner's report, Dkt. 3600-5, ¶ 438. Samsung also asserted a common-interest privilege over communications between Samsung and SDC, Dkt. 3594-12 at 2, although it now characterizes SDC as an entity over which it has no control (Opp. 1).

[2] Samsung claims that Mr. Wagner "test[ed] the SDC data to look for changes or trends." Opp. 1 n.1. But Mr. Wagner testified that he did the "testing that I explained in my report" and "nothing else." Dkt. 3604-11 at 1229. His report, however, discloses *no* such testing.

    **2.** Regarding Apple's cost data, Samsung fails to squarely address Apple's complaint: that the data Mr. Wagner uses (costs for glass used in ***Apple iPhones***) does not "fit" the issue he purports to address (Samsung's profits on components in ***Samsung phones***).[3]  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993). To bridge the gap, Mr. Wagner "***assum[es]*** that the cost of one square foot … [approximates] the cost of cover glass for one phone" (Dkt. 3594-7 at 3) and that the glass comprises similar cost percentages in Apple and Samsung phones.  But Mr. Wagner offers—and Samsung points to—literally nothing to justify either assumption, and Samsung's (misguided) complaints about Apple's production of this irrelevant data cannot make it reliable for this purpose.  Mr. Wagner's extrapolation from Apple glass cost to conclusions about Samsung's profits on components in Samsung phones should be excluded.  *See Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 606 (9th Cir. 2002) (excluding opinion relying on animal studies to support theories on human health, absent "analytical support for the extrapolation").

    **3.** Mr. Wagner's calculations excluding allegedly "white" phones are an improper attempt to relitigate infringement.  In 2012, the parties filed a joint exhibit list that identified each accused product. Dkt. 1281 at 1. The parties then stipulated to the admission of JX1500 (Dkt. 1597-1), which shows "units and revenues ***for each of the accused products***." Dkt. 1597, ¶ 6a.  Relying on this uncontested evidence, the jury found infringement and awarded damages. Dkt. 1931.  After the verdict, the parties used the stipulated units to calculate per-unit damages for the three products Samsung now disputes—with Samsung recognizing that JX1500 identified "the number of sales of that product ***encompassed within the jury award***." Dkt. 3354-18, ¶¶ 13-14; *see* Dkt. 3354-20 at 7 (Schedule 2).  Samsung now seeks to rewrite this litigation history because "the three phones in evidence, JX1033-35, are black," Opp. 3, as if only the three representative phones—and not the millions of units sold by Samsung and listed on JX1500—have been adjudicated to infringe. Samsung's thirteenth-hour attack on the verdict should be rejected.[4]

---

[3]    Samsung now admits "Mr. Wagner did not use Apple data to calculate Samsung's profit." Opp. 2 n.2. That underscores that it has no probative value to the issue on which he is opining.

[4]    Even Mr. Wagner concedes that Samsung's new-found non-infringement argument "was never an issue raised for trial." Dkt. 3594-06, ¶ 386. Further, Ms. Davis did not "agree[] that the evidence shows 'the total number of white units manufactured'" (Opp. 3); she disputed both Mr. Wagner's decision to deduct "white" phones and how he did so. Dkt. 3593-05, ¶¶ 156-162.

| | | |
|---|---|---|
| 1 | Dated: March 16, 2018 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 2 | | |
| 4 | | By:  */s/ Mark D. Selwyn* |
| | | MARK D. SELWYN |
| 5 | | |
| 6 | | Attorneys for Plaintiff |
| | | APPLE INC. |