UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO. LTD., et al.,<br><br>   Defendants. | Case No. 11-CV-01846-LHK<br><br>**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUIRING PARTIES TO RESPOND TO QUESTIONS**<br><br>Re: Dkt. No. 3592 |

The Court has carefully considered the parties' briefing, the law, and the record in this case with respect to Samsung's motion for partial summary judgment. First, the Court declines Samsung's invitation to change the applicable test for determining the relevant article of manufacture. The Court maintains its view that the four factors identified by the United States before the U.S. Supreme Court will be helpful for the jury in determining the relevant article of manufacture for the reasons that the Court explained in its October 22, 2017 order requiring a new trial. *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-1846-LHK, 2017 WL 4776443, at *7-12 (N.D. Cal. Oct. 22, 2017) ("the October 22, 2017 Order"). Moreover, as the Court noted in its October 22, 2017 Order, both parties conceded at the October 12, 2017 hearing before this Court

1

Case No. 11-CV-01846-LHK
ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUIRING PARTIES TO RESPOND TO QUESTIONS

that the United States' test would be acceptable to them. *See id.* at *11 (quoting Hearing Tr. 4:17-4:18 (("Apple's counsel: 'I think adopting that test would be fine with Apple.'), 5:1-5:2 (Apple's counsel: 'And [Apple's test is] very close to the Solicitor General's four factors, so we think we could live with that.'), 14:1-14:2 (Samsung's counsel: 'We like the Solicitor General's test....'), 14:14-14:18 (Samsung's counsel: 'But the second best proposal is certainly the Solicitor General's test. And if Your Honor is inclined to adopt that test, Samsung believes that test has a lot of merit.')"). Similarly, Samsung made the same representation to the U.S. Supreme Court. *See id.* at *8 (quoting Tr. of U.S. Supreme Court Oral Arg. at 20:7-9 (Samsung's counsel: "We—we like the Solicitor General's test. We propose a briefer test that we think is more administrable.")).

However, even if the Court were to limit the test to the first and fourth factors—which the Court will not—the Court would still deny partial summary judgment. There is clearly a dispute of material fact about the relevant article of manufacture, as evidenced by the competing expert reports. As such, determining the relevant article of manufacture is a question for the jury. *See* October 22, 2017 Order at *7 n.2 ("The parties agree that determining the relevant article of manufacture for the purpose of § 289 is a question of fact that a jury decides when there is a material factual dispute."). Samsung's motion for partial summary judgment is therefore DENIED.

With respect to the *Daubert* hearing set for Thursday, March 29, 2018 at 1:30 p.m., the parties shall file by 10:00 a.m. on March 29, 2018 a joint chart that lists the products at issue in this retrial as well as the patents, notice dates, available remedies, and the sale dates applicable to each product.

In addition, the parties shall each file a written response to the following questions by 10:00 a.m. on Thursday, March 29, 2018. Each party's response shall be no more than five pages.

- With respect to the motion to exclude testimony from Mr. Ball and Dr. Kare, Samsung argues that the Court should exclude testimony about the "designer of ordinary skill in the art" ("DOSA") and "ordinary observer" standards, which are used in considering

2

Case No. 11-CV-01846-LHK
ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUIRING PARTIES TO RESPOND TO QUESTIONS

validity and infringement. ECF No. 3595-2 at 3. Samsung asserts that these standards "have no bearing on the article of manufacture to which Samsung applied Apple's designs." *Id.* Samsung does not identify what standard it believes applies to the article of manufacture inquiry. Apple responds that consideration of these perspectives is appropriate but does not explain why. ECF No. 3605-3 at 3. The parties shall each state their position on the appropriate perspective for evaluating the article of manufacture inquiry and briefly explain their reasoning.

- Apple shall respond to Samsung's argument that Ms. Davis's assumption that "[t]he potential economic impact of licensing even part of [Apple's] design identity would be similar to or equal to the impact of licensing the whole" is impermissible under the Federal Circuit's decision in *Exmark Manufacturing Co. v. Briggs & Stratton Power Products Group, LLC*, 879 F.3d 1332, 1350 (Fed. Cir. 2018).

- Samsung shall explain how Mr. Wagner's failure to provide a basis for his assumption that there is "a direct one-to-one correlation" between the consumer preference survey results and Samsung's profits does not render his correlation impermissible under *Exmark*, 879 F.3d at 1350.

**IT IS SO ORDERED.**

Dated: March 27, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge