QUINN EMANUEL URQUHART &
SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                 Plaintiff,<br><br>        vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                 Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS RELATING TO SAMSUNG'S RESPONSE TO MARCH 27, 2018 COURT ORDER** |

Pursuant to Civil Local Rules 7-11 and 79-5, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung")[1] hereby bring this administrative motion for an order to seal certain information filed in connection with Samsung's Response to March 27, 2018 Court Order and the Exhibits thereto.

Pursuant to Civil L.R. 7-11, Samsung's counsel met and conferred with Apple's counsel regarding this motion to seal. Apple does not oppose Samsung's Administrative Motion to File Documents Under Seal as a procedural mechanism for requesting that portions of Samsung's Reply in Support of Motion to Exclude Expert Opinions of Julie L. Davis and the Exhibits thereto be placed under seal. Apple reserves the right to challenge any proposed redactions to the extent it believes those redactions improperly seal non-confidential information. Samsung does not file a proposed redacted version of the aforementioned documents in accordance with the Court's Order requiring the parties to meet and confer before filing public redacted documents. Case No. 11-cv-01846, Dkt. No. 2934 (Jan. 29, 2014). Within seven days of Apple or any third party filing declarations in support of sealing, if any, the parties will prepare and Samsung will file a final consolidated and conformed copy of the materials identifying what information parties have supported sealing in their declarations.

**RELIEF REQUESTED**

Samsung requests an order granting Samsung's motion to file under seal the following documents:

| Document | Portions to be Filed Under Seal | Parties Claiming Confidentiality |
|---|---|---|
| Samsung's Response to March 27, 2018 Court Order | See conformed highlighted version of document to be filed within 7 days of declarations in support. | Samsung |
| Exhibit 1 to the Declaration of Kara | See conformed highlighted | Samsung |

---

[1] Effective January 1, 2015, Samsung Telecommunications America ("STA") merged with and into Samsung Electronics America, and therefore STA no longer exists as a separate corporate entity.

| M. Borden in Support of Samsung's Response to March 27, 2018 Court Order | version of document to be filed within 7 days of declarations in support. | |
| --- | --- | --- |
| Exhibit 2 to the Declaration of Kara M. Borden in Support of Samsung's Response to March 27, 2018 Court Order | See conformed highlighted version of document to be filed within 7 days of declarations in support. | Apple |

Samsung's Response to March 27, 2018 Court Order is non-dispositive and only addresses the admissibility of evidence at trial. Therefore, documents submitted in connection with Samsung's Reply may be sealed upon a showing of "good cause." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Samsung notes there may be exceptions to the Ninth Circuit's general rule that the "good cause" standard applies to documents attached to motions that are nominally non-dispositive. For example, in *In re Midland*, the Ninth Circuit applied the "compelling reasons" standard to a *Daubert* motion because it "may be effectively dispositive of a motion for summary judgment." 686 F.3d at 1119 (internal quotation marks omitted). Samsung is not aware of any Ninth Circuit precedent applying the "compelling reasons" standard to non-dispositive motions regarding the admissibility of evidence at trial.

Were the court to apply this standard, materials may be sealed so long as the party seeking to seal provides "compelling reasons […] supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006). Compelling reasons have been found to seal, for example, documents containing confidential source code (*Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012); documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016); documents containing "highly sensitive information regarding [the party's] product architecture and development," *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014); and documents in the

form of "emails containing information about [a party's] business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers," *Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No. 14–cv–02737–BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Feb. 10, 2015).

Samsung's Response to March 27, 2018 Court Order and Exhibit 1 thereto include Confidential third party survey data. Samsung considers third-party survey data highly confidential because Samsung has a contractual obligation to maintain the confidentiality of this data, and because disclosure of such data could cause harm to Samsung. (*See* Case No. 5:12-cv-00630, Dkt. 1907, 1371.) This data is generally purchased pursuant to confidentiality agreements and third parties' ability to sell such data may be impacted by public disclosure. Disclosure of Samsung's market research data could also allow competitors to discover what Samsung considers important functions and features of its phones and tablets and predict Samsung's future product and marketing strategies, removing any first-mover advantage Samsung may otherwise enjoy. Such information is properly sealable, and this Court has previously ordered that such third party survey data be sealed. (*See* Case No. 5:12-cv-00630, Dkt. 1987 [granting Samsung's motion to seal confidential third party data]; Dkt. 2063 [same].)

Exhibit 2 to Samsung's Response to March 27, 2018 Court Order contains information that Apple may consider confidential. Samsung expects that Apple will filed the required supporting declaration in accordance with Civil Local Rule 79-5 as necessary to confirm whether the information contained in the aforementioned documents should be sealed.

For the foregoing reasons, Samsung respectfully requests that the Court grant this Administrative Motion to File Under Seal.

| | |
|---|---|
| DATED:  March 29, 2018 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | |
| | */s/ Victoria F. Maroulis* |
| | John B. Quinn |
| | Kathleen M. Sullivan |
| | William C. Price |
| | Michael T. Zeller |
| | Kevin P.B. Johnson |
| | Victoria F. Maroulis |
| | |
| | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |