UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO. LTD., et al.,<br><br>　　　　Defendants. | Case No.11-cv-01846-LHK<br><br>**ORDER RE SEALING MOTION**<br><br>Re: Dkt. Nos. 3617, 3616, 3614, 3606, 3604, 3603, 3594, 3953, 3592, 3589, 3587, 3581, 3573 |

Before the Court are sealing motions related to the parties' motion to strike, *Daubert* motions, and motion for partial summary judgment. *See* ECF Nos. 3617, 3616, 3614, 3606, 3604, 3603, 3594, 3953, 3592, 3589, 3587, 3581, 3573.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially

1

related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098-99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has

2

adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1).

Here, the parties seek to seal limited portions of non-dispositive motions briefing and exhibits that disclose detailed Samsung unit sales information (and related numerical sums that can be used to back-calculate those unit sales). In general, the parties' redactions are narrowly tailored to the actual numbers involved, and do not seek to redact the parties' arguments or reasoning. The parties also seek to redact confidential survey data. Finally, the parties seek to seal information related to Samsung's motion for partial summary judgment, which is more than tangentially related to the merits of the case. The Federal Circuit has previously determined in this

3

Case No. 11-CV-01846-LHK
ORDER RE SEALING MOTIONS

1  case that similar detailed financial, licensing, and manufacturing capacity information is sealable

2  under both the "good cause" and "compelling reasons" standards. *Apple Inc. v. Samsung Elecs.*

3  *Co.*, 727 F.3d 1214, 1226–29 (Fed. Cir. 2013).

4  With the appropriate standards and the Federal Circuit's guidance in mind, the Court rules

5  on the instant motions as follows:

| Motion to Seal | Standard | Document | Ruling |
|---|---|---|---|
| 3573 | Good cause | Apple's Motion to Strike Dr. Reibstein's Expert Report, ECF No. 3573-3 | DENIED. Samsung does not maintain a claim of confidentiality over this document according to ECF No. 3634. |
| 3573 | Good Cause | Selwyn Declaration in Support of Apple's Motion to Strike Dr. Reibstein's Expert Report; Exhibit 2 to Selwyn Decl., ECF No. 3573-4 | GRANTED as to the redactions proposed in ECF No. 3587-4. |
| 3581 | Good Cause | Samsung's Opposition to Apple's Motion to Strike Dr. Reibstein's Report, ECF No 3581-3 | DENIED. Apple has not filed a supporting declaration with respect to its position on ECF No. 3581-3. Samsung has no claim of confidentiality per ECF No. 3581-1. |
| 3581 | Good Cause | Exhibit 3 to Borden Declaration in Support of Samsung's Opposition to Apple's Motion to Strike Dr. Reibstein's Report, ECF No. 3581-7 | DENIED. Apple does not maintain a claim of confidentiality over Exhibit 3 to the Borden Decl. according to ECF No. 3586. |
| 3587 | Good Cause | Amended Selwyn Declaration in Support of Apple's Motion to Strike Dr. Reibstein's Expert Report; Exhibit 2 to Selwyn Decl., ECF No. 3587-4 | GRANTED as to the redactions proposed in ECF No. 3587-4. |
| 3589 | Good Cause | Apple's Proposed Form of Judgment | DENIED AS MOOT. This filing was intended for Docket 12-CV-630. The Court granted Apple's motion to remove these erroneously filed documents from the docket. ECF No. 3591. |

4

Case No. 11-CV-01846-LHK
ORDER RE SEALING MOTIONS

| **Motion to Seal** | **Standard** | **Document** | **Ruling** |
|---|---|---|---|
| 3592 | Compelling Reasons | Samsung's Motion for Partial Summary Judgment, ECF No. 3592-2 | DENIED. Apple does not maintain a claim of confidentiality according to ECF No. 3597. |
| 3592 | Compelling Reasons | Exhibit E to Gray Decl. in Support of Samsung's Motion for Partial Summary Judgment, ECF No. 3592-8 | DENIED. Apple does not maintain a claim of confidentiality according to ECF No. 3597. |
| 3592 | Compelling Reasons | Exhibit G to Gray Decl. in Support of Samsung's Motion for Partial Summary Judgment, ECF No. 3592-10 | GRANTED as to entire document. |
| 3592 | Compelling Reasons | Exhibits J through N to Gray Decl. in Support of Samsung's Motion for Partial Summary Judgment, ECF No. 3592-13 through 3592- | GRANTED as to entire documents. |
| 3592 | Compelling Reasons | Exhibit O to Gray Decl. in Support of Samsung's Motion for Partial Summary Judgment, ECF No. 3592- | DENIED. Apple does not maintain a claim of confidentiality according to ECF No. 3597. |
| 3592 | Compelling Reasons | Exhibit P to Gray Decl. in Support of Samsung's Motion for Partial Summary Judgment, ECF No. 3592- | GRANTED as to entire document. |
| 3592 | Compelling Reasons | Exhibits S, T to Gray Decl. in Support of Samsung's Motion for Partial Summary Judgment, ECF No. 3592-22, 3592-23 | DENIED. Apple does not maintain a claim of confidentiality according to ECF No. 3597. |
| 3592 | Compelling Reasons | Exhibit A to Lucente Decl. in Support of Samsung's Motion for Partial Summary Judgment, ECF No. 3592-25 | GRANTED as to the redactions proposed in ECF No. 3601-1. |

5

Case No. 11-CV-01846-LHK
ORDER RE SEALING MOTIONS

United States District Court
Northern District of California

| Motion to Seal | Standard | Document | Ruling |
|---|---|---|---|
| 3593 | Good Cause | Samsung's Motion to Exclude Julie Davis, ECF No. 3593-2 | DENIED. Apple does not maintain a claim of confidentiality according to ECF No. 3598. |
| 3593 | Good Cause | Exhibit 1 to Borden Decl. in Support of Samsung's Motion to Exclude Julie Davis, ECF No. 3593-4 | GRANTED as to the redactions proposed in ECF No. 3602-1. |
| 3593 | Good Cause | Exhibit 2 to Borden Decl. in Support of Samsung's Motion to Exclude Julie Davis, ECF No. 3593-5 | GRANTED as to the redactions proposed in ECF No. 3602-3. |
| 3593 | Good Cause | Exhibit 3 to Borden Decl. in Support of Samsung's Motion to Exclude Julie Davis, ECF No. 3593-6 | GRANTED as to the redactions proposed in ECF No. 3602-5. |
| 3593 | Good Cause | Exhibit 5 to Borden Decl. in Support of Samsung's Motion to Exclude Julie Davis, ECF No. 3593-8 | DENIED. Apple does not maintain a claim of confidentiality according to ECF No. 3598. |
| 3593 | Good Cause | Exhibit 6 to Borden Decl. in Support of Samsung's Motion to Exclude Julie Davis, ECF No. 3593-9 | DENIED. Apple does not maintain a claim of confidentiality according to ECF No. 3598. |
| 3594 | Good Cause | Apple's Motion to Exclude Wagner Testimony re Apportionment, ECF No. 3594-3 | GRANTED as to the redactions proposed in ECF No. 3600-1. |
| 3594 | Good Cause | Apple's Motion to Exclude Testimony re Cost Data and White Phones, ECF No. 3594-4 | GRANTED as to the redactions proposed in ECF No. 3600-3. |
| 3594 | Good Cause | Exhibit A to Selwyn Decl. in Support of Motions to Exclude Wagner Testimony, ECF No. 3594-6 | GRANTED as to the redactions proposed in ECF No. 3600-5. |
| 3594 | Good Cause | Exhibit B to Selwyn Decl. in Support of Motions to Exclude Wagner Testimony, ECF No. 3594-7 | GRANTED as to the redactions proposed in ECF No. 3600-7. |

6

Case No. 11-CV-01846-LHK
ORDER RE SEALING MOTIONS

| **Motion to Seal** | **Standard** | **Document** | **Ruling** |
|---|---|---|---|
| 3594 | Good Cause | Exhibit C to Selwyn Decl. in Support of Motions to Exclude Wagner Testimony, ECF No. 3594-8 | GRANTED as to the redactions proposed in ECF No. 3600-9. |
| 3594 | Good Cause | Exhibit D to Selwyn Decl. in Support of Motions to Exclude Wagner Testimony, ECF No. 3594-9 | GRANTED as to the redactions proposed in ECF No. 3600-11. |
| 3594 | Good Cause | Exhibit E to Selwyn Decl. in Support of Motions to Exclude Wagner Testimony, ECF No. 3594-10 | DENIED. Samsung does not maintain a claim of confidentiality in the declaration of Hyangsook Park according to ECF No. 3596 at 2 n.4. Samsung's claim of confidentiality is limited to the data in the document discussed in the declaration. |
| 3594 | Good Cause | Exhibit F to Selwyn Decl. in Support of Motions to Exclude Wagner Testimony, ECF No. 3594-11 | DENIED. Samsung does not maintain a claim of confidentiality according to ECF No. 3596 at 2 n.4. |
| 3594 | Good Cause | Exhibit G to Selwyn Decl. in Support of Motions to Exclude Wagner Testimony, ECF No. 3594-12 | GRANTED as to the redactions proposed in ECF No. 3600-13. |
| 3594 | Good Cause | Exhibit H to Selwyn Decl. in Support of Motions to Exclude Wagner Testimony, ECF No. 3594-13 | DENIED. Samsung does not maintain a claim of confidentiality according to ECF No. 3596 at 2 n.4. |
| 3594 | Good Cause | Exhibit I to Selwyn Decl. in Support of Motions to Exclude Wagner Testimony, ECF No. 3594-14 | GRANTED as to entire document. |
| 3594 | Good Cause | Exhibit J to Selwyn Decl. in Support of Motions to Exclude Wagner Testimony, ECF No. 3594-15 | GRANTED as to entire document. |

7

Case No. 11-CV-01846-LHK
ORDER RE SEALING MOTIONS

| Motion to Seal | Standard | Document | Ruling |
|---|---|---|---|
| 3594 | Good Cause | Exhibit K to Selwyn Decl. in Support of Motions to Exclude Wagner Testimony, ECF No. 3594-16 | GRANTED as to entire document. |
| 3603 | Good Cause | Samsung's Opposition to Motion to Exclude Mr. Wagner's Testimony Re Purported Apportionment, ECF No. 3603-3 | GRANTED as to redactions proposed in ECF No. 3613-1. |
| 3603 | Good Cause | Exhibit 2 to Gray Decl. in Support of Samsung's Opposition to Motion to Exclude Mr. Wagner's Testimony Re Purported Apportionment, ECF No. 3603-6 | GRANTED as to redactions proposed in ECF No. 3613-3. |
| 3603 | Good Cause | Exhibit 3 to Gray Decl. in Support of Samsung's Opposition to Motion to Exclude Mr. Wagner's Testimony Re Purported Apportionment, ECF No. 3603-7 | GRANTED as to redactions proposed in ECF No. 3613-5. |
| 3604 | Good Cause | Samsung's Opposition to Motion to Exclude Mr. Wagner's Testimony Re Cost Data, ECF No. 3604-2 | GRANTED as to redactions proposed in ECF No. 3621-1. |
| 3604 | Good Cause | Exhibit A to Gray Decl. in Support of Samsung's Opposition to Motion to Exclude Mr. Wagner's Testimony Re Cost Data, ECF No. 3604-4 | GRANTED as to redactions proposed in ECF No. 3621-3. |
| 3604 | Good Cause | Exhibit C to Gray Decl. in Support of Samsung's Opposition to Motion to Exclude Mr. Wagner's Testimony Re Cost Data, ECF No. 3604-6 | GRANTED as to redactions proposed in ECF No. 3621-5. |

United States District Court
Northern District of California

8

Case No. 11-CV-01846-LHK
ORDER RE SEALING MOTIONS

| **Motion to Seal** | **Standard** | **Document** | **Ruling** |
|---|---|---|---|
| 3604 | Good Cause | Exhibit D to Gray Decl. in Support of Samsung's Opposition to Motion to Exclude Mr. Wagner's Testimony Re Cost Data, ECF No. 3604-7 | DENIED. Apple does not maintain a claim of confidentiality over this information according to ECF No. 3611. |
| 3604 | Good Cause | Exhibit E to Gray Decl. in Support of Samsung's Opposition to Motion to Exclude Mr. Wagner's Testimony Re Cost Data, ECF No. 3604-8 | GRANTED as to redactions proposed in ECF No. 3621-8. |
| 3604 | Good Cause | Exhibit F to Gray Decl. in Support of Samsung's Opposition to Motion to Exclude Mr. Wagner's Testimony Re Cost Data, ECF No. 3604-9 | GRANTED as to redactions proposed in ECF No. 3621-10. |
| 3604 | Good Cause | Exhibit G to Gray Decl. in Support of Samsung's Opposition to Motion to Exclude Mr. Wagner's Testimony Re Cost Data, ECF No. 3604-10 | GRANTED as to redactions proposed in ECF No. 3621-12. |
| 3604 | Good Cause | Exhibit H to Gray Decl. in Support of Samsung's Opposition to Motion to Exclude Mr. Wagner's Testimony Re Cost Data, ECF No. 3604-11 | GRANTED as to redactions proposed in ECF No. 3621-14. |
| 3606 | Good Cause | Apple's Opposition to Samsung's Motion to Exclude Julie Davis, ECF No. 3606-3 | GRANTED as to the redactions proposed in ECF No. 3612-1. |
| 3606 | Good Cause | Exhibit A to Selwyn Decl. in Support of Apple's Opposition to Motion to Exclude Julie Davis, ECF No. 3606-5 | DENIED. Samsung does not maintain a claim of confidentiality over this document according to ECF No. 3634. |
| 3606 | Good Cause | Exhibit B to Selwyn Decl. in Support of Apple's Opposition to Motion to Exclude Julie Davis, ECF No. 3606-6 | GRANTED as to the redactions proposed in ECF No. 3612-3. |

Case No. 11-CV-01846-LHK
ORDER RE SEALING MOTIONS

| Motion to Seal | Standard | Document | Ruling |
|---|---|---|---|
| 3614 | Good Cause | Samsung's Reply in Support of Motion to Exclude Julie Davis, ECF No. 3614-3 | DENIED. Apple does not maintain a claim of confidentiality over this information according to ECF No. 3622. |
| 3614 | Good Cause | Exhibit 1 to Borden Decl. in Support of Samsung's Reply, ECF No. 3614-5 | DENIED. Apple does not maintain a claim of confidentiality over this information according to ECF No. 3622. |
| 3614 | Good Cause | Exhibit 2 to Borden Decl. in Support of Samsung's Reply, ECF No. 3614-6 | GRANTED as to the redactions proposed in ECF No. 3614-6. |
| 3616 | Good Cause | Apple's Reply in Support of Its Motion to Exclude Mr. Wagner's Testimony re Apportionment, ECF No. 3616-2 | GRANTED as to the redactions proposed in ECF No. 3624-1. |
| 3617 | Good Cause | Apple's Reply in Support of Its Motion to Exclude Mr. Wagner's Testimony re Cost Data, ECF No. 3617-2 | GRANTED as to the redactions proposed in ECF No. 3625-1. |

**IT IS SO ORDERED.**

Dated: March 29, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

10

Case No. 11-CV-01846-LHK
ORDER RE SEALING MOTIONS