QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**Date:** March 29, 2018<br>**Time:** 1:30 p.m.<br>**Place:** Courtroom 8, 4th Floor<br>**Judge:** Hon. Lucy H. Koh<br><br>**FILED UNDER SEAL** |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung")[1] shall and hereby do move the Court for partial summary judgment regarding the identity of the articles of manufacture to which Samsung applied the asserted designs for purposes of 35 U.S.C. § 289, or in the alternative for partial summary judgment regarding factors 1 and 4 of the "article of manufacture" test proposed by the Solicitor General and adopted by this Court.

This motion is made on the grounds that there is no genuine dispute of fact as to factors 1 and 4 of the Solicitor General's test. Those factors alone are sufficient to identify the "article of manufacture" to which a design has been "applied" for purposes of section 289 or alternatively to exclude the possibility that the relevant article of manufacture here could be an entire phone. At a minimum, partial summary judgment should be entered with respect to those factors.

This motion is based on this notice of motion; the accompanying memorandum of points and authorities; the records of this Court, the U.S. Court of Appeals for the Federal Circuit, and the U.S. Supreme Court; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

## RELIEF REQUESTED

Samsung respectfully requests entry of summary judgment holding that, based on factors 1 and 4 of the Solicitor General's four-part test, the relevant articles of manufacture are:

**D'677:** A phone's round-cornered, black glass front face.

**D'087:** A phone's round-cornered, glass front face and surrounding rim or bezel.

**D'305:** A phone's display screen while displaying the single patented array of GUI icons, or at most the display screen.

In the alternative, Samsung respectfully requests entry of summary judgment holding that

---

[1] Effective January 1, 2015, Samsung Telecommunications America ("STA") merged with and into Samsung Electronics America, and therefore STA no longer exists as a separate corporate entity.

the relevant articles of manufacture are components of Samsung's smartphones, and *not* the entire smartphones as sold to consumers.

In the alternative, Samsung respectfully requests entry of partial summary judgment regarding factors 1 and 4 of the Solicitor General's test for identifying the relevant "article of manufacture" under section 289.

DATED:  February 23, 2018          QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP


                                   By  */s/ Victoria F. Maroulis*
                                       John B. Quinn
                                       Kathleen M. Sullivan
                                       William C. Price
                                       Michael T. Zeller
                                       Kevin P.B. Johnson
                                       Victoria F. Maroulis

                                       Attorneys for SAMSUNG ELECTRONICS CO.,
                                       LTD., SAMSUNG ELECTRONICS AMERICA,
                                       INC., and SAMSUNG
                                       TELECOMMUNICATIONS AMERICA, LLC

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................................1

LEGAL STANDARD ...........................................................................................................................2

ARGUMENT .........................................................................................................................................2

I. SECTION 289 REQUIRES DETERMINATION ONLY OF FACTORS 1 AND 4 OF THE SOLICITOR GENERAL'S TEST ...........................................................................2

II. SUMMARY JUDGMENT IS WARRANTED ON FACTORS 1 AND 4 ..............................4

    A. Factor 1: There Is No Genuine Dispute Of Fact As To The Scope Of Apple's Claimed Designs ..............................................................................................4

    B. Factor 4: There Is No Genuine Dispute Of Fact As To The Physical Components To Which The Patented Designs Were Applied ......................................8

III. THE COURT SHOULD ENTER SUMMARY JUDGMENT ON THE IDENTITY OF THE ARTICLES OF MANUFACTURE BASED ON FACTORS 1 AND 4 ..................10

CONCLUSION ....................................................................................................................................10

# INTRODUCTION

Samsung recognizes that the Court has adopted the Solicitor General's four-factor test for identifying the "articles of manufacture" under 35 U.S.C. § 289 (Dkt. 3530, at 35), and has stated that it will deny any motion for summary judgment seeking to identify the relevant articles of manufacture under that test (Dkt. 3538, at 37). Samsung nonetheless respectfully submits this motion for partial summary judgment for two reasons.

*First*, Samsung wishes to reiterate, if only for purposes of appellate preservation, that the correct test for identifying an article of manufacture under section 289 would look at only factors 1 and 4 of Solicitor General's four-factor test—the scope of the patented design and the physical component(s) to which the design is applied. Trial on a test including factors 2 and 3, which have no basis in the text and structure of Section 289 or the Supreme Court's decision, thus risks legal error. Denial of summary judgment is subject to reversal even after a trial on the merits if a district court makes "an error of law that, if not made, would have required the district court to grant the motion." *Banuelos v. Constr. Laborers' Trust Funds for S. Cal.*, 382 F.3d 897, 902 (9th Cir. 2004).

*Second*, under factors 1 and 4, summary judgment is proper because no reasonable jury could fail to find that the relevant articles of manufacture are:

**D'677:** A phone's round-cornered, black glass front face.

**D'087:** A phone's round-cornered, glass front face and surrounding rim or bezel.

**D'305:** A phone's display screen while displaying the single patented array of GUI icons, or at most the display screen.

There is no genuine dispute that each of Apple's patents unambiguously claims narrow designs for the above components of a device, as depicted within the patent drawings' solid lines. And there is no genuine dispute that each of Apple's designs is applied to the above components of Samsung's phones, each of which is a discrete article of manufacture. The Court thus should enter summary judgment that, under factor 1, the patented designs cover only the above components and, under factor 4, the patented designs were applied only to the above components. It should also conclude that, under the correct two-factor test, the articles of manufacture here are the above

components. At a minimum, the Court should rule, under the correct two-factor test, that the relevant articles of manufacture are *not* Samsung's entire smartphones.

## LEGAL STANDARD

The Court should grant summary judgment as to "part of [a] claim or defense" if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see, e.g.*, *Operation Tech., Inc. v. Cyme Int'l T&D Inc.*, 2016 WL 6246806, *7 (C.D. Cal. Mar. 31, 2016) (court may grant summary judgment on a single issue).

## ARGUMENT

### I. SECTION 289 REQUIRES DETERMINATION ONLY OF FACTORS 1 AND 4 OF THE SOLICITOR GENERAL'S TEST

Section 289 limits an award of infringer's profits to the total profit from the "article of manufacture" to which a patented design has been "applied." *See Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434 (2016). That text requires determination solely of the design claimed by the asserted patent and the physical "article of manufacture" to which that design has been applied. Thus, as Samsung has consistently maintained (*see, e.g.*, Dkt. 3521, at 3-5), only the first and fourth factors of the Solicitor General's test (Dkt. 3530, at 35; U.S. Br. 27, 29) are relevant— namely, (1) "the scope of the design claimed in the plaintiff's patent, including the drawing and written description," and (4) "the physical relationship between the patented design and the rest of the product, including whether the design pertains to a component" that "is manufactured separately from the rest of the product," can be "physically separate[d] from the product" by a user or seller, or "can be sold separately."

In contrast, the Solicitor General's second and third factors (*see* U.S. Br. (Gray Decl. Ex. F) 28-29) are not grounded in the statute. Nothing in section 289 calls for an assessment of a design's "prominence" within a product, or whether and to what extent a design and a product are "conceptually distinct." *See* Sarah Burstein, *The "Article of Manufacture" Today*, 31 HARV. J. L. & TECH --- (manuscript of Jan. 28, 2018, at 20) (Solicitor General's factors are not "link[ed] … to the question of what it means for a design to be 'applied' to an 'article of manufacture'") (http://bit.ly/2FjXxKZ); *U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1129 (9th

Cir. 2015) (declining "to read a nonexistent, extra-textual third requirement into" federal statute); *Timex V.I., Inc. v. United States*, 157 F.3d 879, 883 (Fed. Cir. 1998) (similar). Whereas the scope of the design and the physical nature of the accused product *must* be considered to determine whether the patented design has been applied to a component or an entire product, the Solicitor General's second and third factors have no logical bearing on that inquiry.

Those factors are, moreover, so vague and indeterminate that they cannot help but confuse the trier of fact. *See* Burstein, *supra*, at 19-20 (collecting authorities and criticizing test). Apple's expert reports bear this concern out, disregarding the Solicitor General's guidance. *See* Ball Reply Report (Gray Decl. Ex. Q) ¶ 7 (denying that Solicitor General's description of the four-factor test applies); Kare Reply Report (Gray Decl. Ex. R) ¶¶ 5, 39 (same); *compare* U.S. Br. 28 ("if the product has many other components unaffected by the design, that fact suggests that the 'article' should be the component embodying the design") *with* Ball Depo Tr. (Gray Decl. Ex. S) at 117 (opining that consideration of other product components not affected by patented designs has "no relevancy" to "relative prominence") *and* Kare Depo. Tr. (Gray Decl Ex. T) at 69-70 (similar); *compare* U.S. Br. 28-29 (factor 3 concerns whether "the product contains other components that embody conceptually distinct innovations," like the distinction between the binding for a book and the literary work itself) *with* Kare Reply (Gray Decl. Ex. R) ¶ 30 (opining about *visual* relationship of design to product in discussing "conceptual distinctness") *and* Ball Report (Gray Decl. Ex. D) ¶ 220-21 (similar). Because factors 2 and 3 are not relevant to the article of manufacture inquiry and are likely to sow jury confusion, they ought not be considered.

The Court previously expressed concern that, under a two-factor test considering only factors 1 and 4, an entire multicomponent product could never be the relevant article of manufacture. *See* Dkt. 3530, at 16. Samsung submits that this concern is misplaced. In appropriate cases, an entire accused multi-component product *would* be the relevant article of manufacture even if only patent design and physical product application were considered. For instance, Patent No. D784,858 claims a design for an entire bicycle—a multicomponent product— and an entire infringing bicycle would be the relevant article of manufacture because the patented design would be applied to the entire bicycle, not just particular components of the bicycle. The

Court also expressed concern that a two-factor test may not properly account for patented designs applied to single-component products, such as a rim design appearing on a dinner plate. Dkt. 3530, at 16. That concern is also misplaced: because the plate has only one component, the entire plate is the article to which the patented rim design is applied. There is no dispute here, however, that Samsung's accused smartphones are not single-component dinner plates but rather "complex, multicomponent devices containing hundreds of different components." Dkt. 3523, at 15 (Apple Response Br. re July 28, 2017 Order). Factors 2 and 3 are unnecessary to such conclusions.

## II. SUMMARY JUDGMENT IS WARRANTED ON FACTORS 1 AND 4

### A. Factor 1: There Is No Genuine Dispute Of Fact As To The Scope Of Apple's Claimed Designs

The scope of a patented design is a question of law for the Court. *Cf. Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996) (scope of patent rights is a matter of law "exclusively within the province of the court"); *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (en banc) ("[T]rial courts have a duty to conduct claim construction in design patent cases, as in utility patent cases"). The scope of Apple's design patents is unambiguously disclosed by the patent drawings themselves, and Apple has not placed those unambiguous drawings into genuine dispute.

*First*, the D'677 patent claims a design for a black, rectangular front glass face with rounded corners and specifically disclaims the surrounding rim or "bezel," the circular home button on the front, and the sides, top, bottom and back of the smartphone (*i.e.*, the rest of the phone). The patent does not depict or claim any internal componentry of the phone.



Gray Decl. Ex. A (JX1043.5). The Supreme Court described the D'677 patent as claiming a design for "a black rectangular front face with rounded corners." 137 S. Ct. at 433. On remand, this Court observed that the "D'677 patent claims a design for a 'black, rectangular front glass

1  face with rounded corners' and does not claim the surrounding rim (bezel), the circular home
2  button on the front, or the sides, top, bottom, or back of the device." Dkt. 3530, at 31.

3  *Second*, the D'087 patent claims a design for a rectangular front face with rounded corners,
4  without black shading and with the addition of a bezel.  The patent specifically disclaims the
5  circular home button, and the sides, top, bottom, and back of the smartphone (*i.e.*, the rest of the
6  phone).  The patent does not depict or claim any internal componentry of the phone.



12  Gray Decl. Ex. B (JX1041.7).  The patent states that "[n]one of the broken lines form a part of the
13  claimed design." *Id.* at JX1041.4.  The Supreme Court recognized that the D'087 patent claims
14  only "a rectangular front face with rounded corners and a raised rim[.]"  137 S. Ct. at 433.  And
15  this Court has observed that this patent "claims a rectangular front face with rounded corners, with
16  a bezel, but without black shading, and does not claim the sides, back, top, and bottom of the
17  device or the home button." Dkt. 3530, at 31.

18  *Third*, the D'305 patent claims a design for a specific grid of sixteen colorful icons that can
19  appear, temporarily, on a display screen.  The patent expressly disclaims every attribute of a
20  smartphone except that specific display image, and does not depict or claim any other display
21  screen images or any internal componentry of the phone.



27  Gray Decl. Ex. C (JX1042.6).  The patent states that "[t]he broken line showing of a display
28  screen … forms no part of the claimed design." *Id.* at JX1042.2.  The Supreme Court recognized

that the D'305 patent covers only "a grid of 16 colorful icons on a black screen." 137 S. Ct. at 433. And this Court has observed that this patent "claims a design for a grid of sixteen colorful icons on a screen on a mobile device as part of a graphical user interface, and does not claim any other aspect of the device." Dkt. 3530, at 31.

Apple has not placed into genuine dispute the unambiguous scope of the patent illustrations. *First*, Apple's expert testimony suggesting that the designs extend beyond the subject matter contained within the solid lines in Apple's patent drawings does not create a genuine issue of fact. *E.g.*, Ball Report (Gray Decl. Ex. D) ¶¶ 146, 150-51, 156, 161-62; Kare Report (Gray Decl. Ex. E) ¶¶ 65-67. Such testimony is legally erroneous and inadmissible. *See, e.g.*, *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996) ("Incorrect statements of law are no more admissible through 'experts' than are falsifiable scientific theories."); *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 476 F. Supp. 2d 1143, 1156 (N.D. Cal. 2007) (excluding expert testimony and thus granting partial summary judgment to defendant); *Henricksen v. ConocoPhillips Co.*, 605 F. Supp. 2d 1142, 1177 (E.D. Wash. 2009) (similar). The relevant question under the first factor is "[t]he scope of the design claimed in the plaintiff's patent." Dkt. No. 3530, at 35 (emphasis added). The relevant "scope" here is limited to the design depicted within solid lines of each patent drawing, as Apple's witnesses have themselves admitted (*see, e.g.*, Dkt. 3530, at 31 (citing Dkt. 1611, at 1014-15 (Apple expert Peter Bressler stating that "all [the D'677 patent is] claiming is that front face"); Dkt. 1611, at 1018-19 (Bressler stating that the D'087 patent is "not claiming the body. It's claiming the bezel and the front face."); Dkt. 1612, at 1367 (Apple expert Susan Kare stating that D'305 patent is limited to "the rectangular area" shown in the patent)).

*Second*, Apple cannot raise a genuine issue of fact through expert testimony erroneously suggesting (*e.g.*, Ball Report (Gray Decl. Ex. D) ¶¶ 142-43, 149, 153-54, 160, 164-65) that the scope of the patented designs can be expanded by references in the D'087 and D'677 patents to an "electronic device," and by a statement in the written description for the D'677 patent that the "electronic device" is the "article of manufacture." The relevant issue under factor 1 is the scope of the claimed design, and as the Solicitor General explained, "the factfinder should not treat the

patent's designation of the article as conclusive.  The inventor of a piano-case design, for instance, should not be able to obtain profits on the piano as a whole simply by characterizing his invention as an 'ornamental design for a piano.'"  U.S. Br. 28.  The Court's earlier claim constructions identifying an "electronic device" as the "article of manufacture," which came *before* the Supreme Court's decision, do not alter this conclusion.  *Contra* Ball Report (Gray Decl. Ex. D) ¶¶ 144-45, 147, 155, 159.

*Third*, Apple fails to raise a genuine issue of fact through expert testimony erroneously suggesting (*e.g.*, Kare Report (Gray Decl. Ex. E) ¶ 64-66) that the D'305 patent's narrow scope is expanded by its title, its written description, or the Court's prior claim constructions—all of which refer only to a "display screen or portion thereof."  The PTO permits patent protection for GUI icons only as a form of "surface ornamentation" for the "computer screen, monitor, other display panel" to which the design gives a particular appearance.  MPEP § 1504.01(a).  Thus, the scope of the D'305 patent cannot extend beyond the display screen on which it appears.

*Finally*, Apple fails to raise a genuine issue of fact through expert testimony referring to prior art and its development processes (Ball Report (Gray Decl. Ex. D) ¶¶ 167-79; Kare Report (Gray Decl. Ex. E) ¶¶ 73-82), for such evidence cannot alter the unambiguous terms of the patents themselves.  *Cf. Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1361 (Fed. Cir. 2013) ("In construing a claim term, we look to the words of the claim itself.  If the claim term has a plain and ordinary meaning, our inquiry ends.").

The scope of the patented designs is thus clear from the face of the drawings, and Apple has failed to adduce any legally permissible counter-evidence.  The Court should accordingly enter summary judgment that, under factor 1, the *scope* of each claimed design is as follows:

> **The D'677 patent** claims an ornamental design for a black, rectangular front glass face with rounded corners, as shown in Figures 1-8 of the patent.  The patent does not claim a design for the surrounding rim (bezel), the circular home button on the front, or any other aspect of the device.  The broken lines form no part of the claimed design.
>
> **The D'087 patent** claims an ornamental design for a rectangular front face with rounded corners, with a surrounding bezel, as shown in Figures 9-16 of that patent.  The other figures in the patent (1-8 and 17-48) are not at issue in this case and do not affect the scope of the relevant design.  The patent does not claim a design for the circular home button on the front or any other aspect of the device.  The broken lines form no part of the claimed design.

>**The D'305 patent** claims an ornamental design for a grid of sixteen colorful graphical user interface icons, as shown in Figures 1-2 of that patent. The patent does not claim a design for any other aspect of the device. The broken lines form the boundary of the claimed design.

### B. Factor 4: There Is No Genuine Dispute Of Fact As To The Physical Components To Which The Patented Designs Were Applied

The evidence likewise fails to raise any genuine dispute that the patented designs were applied to components that are physically distinct and separable from Samsung's smartphones as a whole, namely:

>**D'677:** A phone's round-cornered, black glass front face.
>
>**D'087:** A phone's round-cornered, glass front face and surrounding rim or bezel.
>
>**D'305:** A phone's display screen while displaying the single patented array of GUI icons, or at most the display screen.

The undisputed evidence shows that these components bore distinct labels within Samsung,[2] were manufactured separately to be assembled later,[3] can each be separated from the rest of the phone *after* assembly,[4] and can each be sold separately, including for repairs.[5] Thus the undisputed evidence shows that each component is a separate "article of manufacture"—a discrete "thing made by hand or machine." *Samsung*, 137 S. Ct. at 435.

Apple cannot place this evidence into genuine dispute by reliance on expert testimony that is legally erroneous. *See Hebert*, 99 F.3d at 1117; *Monolithic Power*, 476 F. Supp. 2d at 1156. For example, Apple's experts opine that Samsung does not separately sell front faces or bezels *to consumers*. Ball Report (Gray Decl. Ex. D) ¶¶ 255-62; Kare Report (Gray Decl. Ex. E) ¶ 115-16. But that misses the point: the Supreme Court held that a product component may be the relevant

---

[2] The glass front face for the D'677 and D'087 patents was known as Window; the bezel for the D'087 patent was known as Front Cover; and the display screen for the D'305 patent was known as Core. *See* Gray Decl. Ex. P at 8, 60.

[3] Lucente Decl. Ex. A ¶¶ 276-81, 319; Kim Depo. Tr. (Gray Decl. Ex. G) at 43-46; Sheppard Depo. Tr. (Gray Decl. Ex. H) at 33-36, 110-11; *see generally* Gray Decl. Ex. P.

[4] Lucente Decl. Ex. B.

[5] Lucente Decl. Ex. A ¶¶ 283, 287-90; Sheppard Depo. Tr. (Gray Decl. Ex. H) at 26-34, 39-41, 44-45, 52-57, 105; Gray Decl. Exs. I–N.

article of manufacture "*whether sold separately or not*." 137 S. Ct. at 436 (emphasis added). Mr. Ball *concedes* that Samsung sells front faces and bezels separately from the phones "for the purpose of repair" (Ball Report (Gray Decl. Ex. D) ¶ 260), and those components accordingly are separate articles under the Solicitor General's test because they can be "sold separately … for replacement purposes" (U.S. Br. 29). Nor is it relevant (*see* Ball Report (Gray Decl. Ex. D) ¶¶ 241-49, 254) that consumers do not remove the front face or bezel from Samsung's phones in ordinary use, or that disassembly requires training and special tools. Under factor 4, all that matters is physical separability, and Mr. Ball recognized (*id.*) that with appropriate training and tools, both users and sellers *can* separate the front face and bezel from Samsung's phones—as anyone who has broken the front face of a smartphone well knows. Moreover, Mr. Ball admits (*id.* ¶¶ 250-51) that "[a]ny multi-component product contains parts that are manufactured separately," and that Samsung separately obtained the components for its accused phones "from various sources" before assembling the components into the end products. Thus, no evidence rebuts Samsung's showing that the components above were separately manufactured (*see supra*, at nn.2-5) and are physically distinct from the phones as a whole.

As to the D'305 patent, Apple's expert Dr. Kare commits similar legal error. She asserts (Kare Report (Gray Decl. Ex. E) ¶ 113; *see id.* ¶ 117 (similar)) that the patented "GUI is not separate from the rest of the product." But a GUI is merely "surface ornamentation"—*i.e.*, a design that must be *applied* to a physical article of manufacture, such as a "computer screen, monitor, [or] other display panel." MPEP § 1504.01(a). Thus, the question is whether Samsung's *display screens* are discrete components—which the undisputed evidence shows they are (*see supra* nn.2-5).

Finally, Apple cannot raise any genuine fact dispute as to whether its patented designs were applied to these components. Apple obtained its infringement verdict by expressly limiting its evidence to similarities between the asserted designs and *these* components.[6] No reasonable

---

[6] As to the D'677 patent, *see* Dkt. 1611, at 1050-51 (Bressler testifying to infringement opinion based on a "flat, uninterrupted [black] surface that is rectangular in proportions described in the
   (footnote continued)

jury could conclude that Apple's claimed designs are applied to any component other than those Apple itself accused as infringing.  *See, e.g.*, Lucente Decl. Ex. A ¶ 325.

### III. THE COURT SHOULD ENTER SUMMARY JUDGMENT ON THE IDENTITY OF THE ARTICLES OF MANUFACTURE BASED ON FACTORS 1 AND 4

Because the Court should enter summary judgment as to factors 1 and 4 of the Solicitor General's test (*see supra*, Part II), it should likewise enter summary judgment that the articles of manufacture here are the components identified above.  Factors 2 and 3 are legally irrelevant (*see supra*, Part I), and Apple's proposed testimony on those factors thus could not support a verdict for Apple.  *See, e.g.*, *Hebert*, 99 F.3d at 1117; *Monolithic Power*, 476 F. Supp. 2d at 1156.

At a minimum, the Court should rule on summary judgment that the relevant articles of manufacture are *not* Samsung's entire phones as sold to consumers.  The scope of each patented design here unambiguously does *not* cover the entirety of a smartphone (*see supra*, Part I.A), and it is undisputed that Samsung's smartphones contain *thousands* of discrete components—many of which are plainly unaffected by the patented designs (*see supra*, Part I.B).  If the Court does not enter summary judgment that the relevant articles of manufacture are the ones Samsung has identified above, it should at least declare that the relevant articles of manufacture are *not* Samsung's entire phones.

### CONCLUSION

The Court should grant partial summary judgment to Samsung on factors 1 and 4, and accordingly on the identity of the articles of manufacture.  In the alternative, the Court should grant partial summary judgment that the relevant articles are not Samsung's entire phones.

---

[D]'677 patent," but without regard for a difference on "the back of [Samsung's] phone" because "this patent is specifically for the face of the phone"); Apple's Response to Samsung's Interrogatory No. 72 (Gray Decl. Ex. O), at 96, 111 (March 10, 2012); Lucente Decl. Ex. A ¶¶ 74-77.  As to the D'087 patent, *see* Dkt. 1611, at 1057-58 (Bressler testifying that Samsung phone infringed D'087 patent because "the continuous flat face that is in the length to width proportions described in this patent and the curved corners and the centered display and the bezel"); Gray Decl. Ex. O at 99; Lucente Decl. Ex. A ¶¶ 112-15.  As to the D'305 patent, *see* Dkt. 1612, at 1421-24 (Kare testifying to infringement based only on the "Samsung application screen" and not other features); *id.* at 1372-73 (court allowed comparisons only of "screen-to-screen shots," not the "overall phone," for purposes of infringement analysis).

| | |
|---|---|
| 1  DATED:  February 23, 2018 | Respectfully submitted, |
| 2 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 4 | |
| 5 | By  */s/ Victoria F. Maroulis*<br>    John B. Quinn<br>    Kathleen M. Sullivan<br>    William C. Price<br>    Michael T. Zeller<br>    Kevin P.B. Johnson<br>    Victoria F. Maroulis |
| 9 | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |