# EXHIBIT T
# CONFIDENTIAL VERSION OF DOCUMENT SOUGHT TO BE SEALED

# EXHIBIT T
# CONFIDENTIAL VERSION OF DOCUMENT SOUGHT TO BE SEALED

HIGHLY CONFIDENTIAL UNDER PROTECTIVE ORDER

```
 1              UNITED STATES DISTRICT COURT
 2            NORTHERN DISTRICT OF CALIFORNIA
 3

    _____
 4                                 )
    APPLE, INC., a California      )
 5  corporation,                   )
                                   )
 6            Plaintiff,           )
                                   )
 7       vs.                       ) Case No.
                                   ) 11-cv-01846-LHK
 8                                 )
    SAMSUNG ELECTRONICS CO., LTD.,)
 9  a Korean business entity;      )
    SAMSUNG ELECTRONICS AMERICA,   )
10  INC., a New York corporation; )
    SAMSUNG TELECOMMUNICATIONS     )
11  AMERICA, LLC, a Delaware       )
    limited liability company,     )
12                                 )
              Defendants.          )
13  _____)
                                   )
14  AND RELATED ACTION.            )
    _____)
15
16      HIGHLY CONFIDENTIAL UNDER PROTECTIVE ORDER
17          VIDEOTAPED DEPOSITION OF SUSAN KARE
18               San Francisco, California
19              Friday, February 16, 2018
20                      Volume I
21
    Reported by:
22  CHRIS TE SELLE
23  CSR No. 10836
24  Job No. 2816450
25  PAGES 1 - 138
```

Page 1

```
 1        A.   Uh-huh.                                    12:36:05

 2        Q.   -- and it starts on line 21.

 3        A.   Right.

 4        Q.   And you say here, quote, the test does not

 5   require that no other design features are also       12:36:11

 6   prominent, or even that the patented design be the

 7   most prominent, but simply considers whether it is

 8   prominent within the product as a whole.

 9             Do you see that?

10        A.   Yes.                                       12:36:25

11        Q.   Now, I notice that you didn't have the

12   word, relative, or, relatively, in here.

13             Was there a reason why?

14        A.   I believe that the, I'm not comparing the

15   prominence to the prominence of other, of other      12:36:55

16   features.  I'm comparing it within the product as a

17   whole.  Obviously, within the phone, as a whole, how

18   prominent is the D'305.

19        Q.   If you could please turn to Judge Koh's

20   article of manufacture order.  This is Exhibit 3,    12:37:24

21   the last page.  You will see the second factor says,

22   quote, the relative prominence of the design within

23   the product as a whole.

24             Do you see that?

25        A.   Yes.                                       12:37:44
```

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | Q.   Do you have an understanding as to what, | 12:37:44 |
| 2 | relative, means in this context? | |
| 3 | A.   Well, I read this as the relative | |
| 4 | prominence of the design within the product as a | |
| 5 | whole.  How prominent is this design when you think | 12:37:57 |
| 6 | about the whole article of manufacture, not the | |
| 7 | comparative prominence to another factor. | |
| 8 | Q.   You have to help me understand that. | |
| 9 | Are you saying that you simply looked at | |
| 10 | prominence in performing your article of manufacture | 12:38:21 |
| 11 | analysis, or did you look at relative prominence? | |
| 12 | A.   I looked at relative to the whole product, | |
| 13 | looking at the whole product, how prominent is that | |
| 14 | design.  I didn't look at it, oh, is the D'305 more | |
| 15 | or less prominent than some other feature of the | 12:38:50 |
| 16 | phone. | |
| 17 | Q.   And why did you not undertake that | |
| 18 | analysis? | |
| 19 | A.   Because that's what I understood, and what | |
| 20 | was, that was my understanding of this factor. | 12:39:06 |
| 21 | Q.   And that's how you applied the second | |
| 22 | factor when you performed your analysis, as shown in | |
| 23 | your written reports, exhibits 1 and 2. | |
| 24 | A.   Right.  And that's -- yes. | |
| 25 | MR. ZELLER:  Okay, now is probably a good time | 12:39:31 |

Veritext Legal Solutions
866 299-5127