1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   John B. Quinn (Bar No. 90378)
2  johnquinn@quinnemanuel.com
   William C. Price (Bar No. 108542)
3  williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
4  michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
5  Los Angeles, California 90017
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Kathleen M. Sullivan (Bar No. 242261)
   kathleensullivan@quinnemanuel.com
8  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
9  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
10 555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
11 Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
12
   Attorneys for Samsung Electronics Co., Ltd.,
13 Samsung Electronics America, Inc., and Samsung
   Telecommunications America, LLC

14

UNITED STATES DISTRICT COURT

15

NORTHERN DISTRICT OF CALIFORNIA

16

SAN JOSE DIVISION

17

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **SAMSUNG'S NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT OPINIONS OF JULIE L. DAVIS** |
| vs. | **Date:** March 29, 2018<br>**Time:** 1:30 p.m.<br>**Place:** Courtroom 8, 4th Floor<br>**Judge:** Hon. Lucy H. Koh |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **FILED UNDER SEAL** |
| Defendants. | |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung")[1] shall and hereby do move the Court to exclude portions of the proposed expert testimony of Julie L. Davis.

This motion is made on the grounds that the proposed testimony discussed herein violates Rule 602, 702, and 703 of the Federal Rules of Civil Procedure, this Court's prior orders, as well as the requirement under § 284 to apportion a reasonable royalty calculation and to tie royalty rates to the facts of the case.

This motion is based on this notice of motion; the accompanying memorandum of points and authorities; the records of this Court, the U.S. Court of Appeals for the Federal Circuit, and the U.S. Supreme Court; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Samsung respectfully requests entry of an order directing that the specified opinions of Ms. Davis will be excluded from trial. Specifically, Samsung requests that the Court enter an order excluding those portions of Ms. Davis's opinions identified in Samsung's proposed order.

---

[1] Effective January 1, 2015, Samsung Telecommunications America ("STA") merged with and into Samsung Electronics America, and therefore STA no longer exists as a separate corporate entity.

DATED: February 23, 2018

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
John B. Quinn
Kathleen M. Sullivan
William C. Price
Michael T. Zeller
Kevin P.B. Johnson
Victoria F. Maroulis

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

The proposed testimony of Apple's expert Julie Davis should be excluded in substantial part because Apple cannot carry its burden to establish that the testimony is admissible.[2]

**1.** <u>The Court should exclude Ms. Davis's testimony that a reasonable royalty for any or all of Apple's design patents is $24 per phone</u>.  In seeking a royalty, "the patent owner must apportion or separate the damages between the patented improvement and the conventional components of the multicomponent product" so as to ensure that the patent holder is "compensated for the patented improvement" but not other features of the infringing product.  *Exmark Mfg. Co. v. Briggs & Stratton Power Prod. Grp.*, 879 F.3d 1332, 1348 (Fed. Cir. 2018).  Under § 284, expert testimony that fails to "apportion damages and sufficiently tie the royalty rate to the facts of the case" is inadmissible.  *Id.* at 1351.[3]  A royalty "must be limited to the [infringed] claims" and cannot be calculated "on a portfolio basis."[4]  Ms. Davis's royalty opinion fails these requirements.

**a.**  Ms. Davis did not pay any heed to the patents-in-suit in forming her $24 royalty opinion.  Rather, she assumes the parties would have licensed *all* of "Apple's design rights as part of a package of intellectual property related to design," "as a bundle at one rate," and then purports to identify that rate.  Borden Dec. Ex. 1 ¶ 197 & Ex. 46-R; *see* Dkt. 2454-6 at ¶ 4 & Ex. 4 (Mr. Musika's original opinion "assumed infringement" of seven design patents, eight trade dresses, *and* eight trademarks).  Ms. Davis made *no adjustments* to her royalty opinion to account for the facts that: this trial involves only *three* design patents, not all of Apple's asserted design IP; most Samsung phones were found to infringe only *one* design patent, Borden Dec. Ex. 1, at Ex. 4-R2; the prior jury found *no* infringement of the D'087 patent by most phones, Dkt. 1931 at 6; and the Federal Circuit invalidated Apple's trade-dresses on appeal, Borden Dec. Ex. 3 138:6-140:7.  Ms.

---

[2] *See Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).  "Irrelevant evidence is not admissible."  FED. R. EVID. 402.  Even relevant evidence should be excluded "if its probative value is substantially outweighed by a danger of," *inter alia*, "unfair prejudice, confusing the issues, [or] misleading the jury."  *Id.* R. 403.  Expert testimony is admissible only if the expert is "qualified" and her testimony is reliable and will be helpful, among other requirements.  *Id.* R. 702.  *See also* Dkts. 927-1, 2385-3 (discussing *Daubert* standards).

[3] *See also Open Text S.A. v. Box, Inc.*, 2015 WL 349197, *7 (N.D. Cal. Jan. 23, 2015) (similar); *GPNE Corp. v. Apple, Inc.*, 2014 WL 1494247, *6 (N.D. Cal. Apr. 16, 2014) (similar).

[4] *Oracle Am., Inc. v. Google Inc.*, 798 F. Supp. 2d 1111, 1115 (N.D. Cal. 2011); *see, e.g.*, *Mirror Worlds, LLC v. Apple, Inc.*, 784 F. Supp. 2d 703, 725-26 (E.D. Tex. 2011) (similar).

1  Davis admits that she would offer the same royalty opinion whether *all* of Apple's design IP or
2  just *a single* trademarked icon were at issue. *See id.* Ex. 3 145:1-16; 149:24-150:16; *id.* Ex. 1
3  ¶ 197. This failure to account for the patents at issue is impermissible. *Exmark*, 879 F.3d at 1351.

4   **b.**  Ms. Davis fails to support her assertion that the same royalty would apply whether Apple
5  licensed its entire design IP portfolio or just a single design. She asserts that "[t]he potential
6  economic impact of licensing even part of [Apple's] design identity would be similar to or equal
7  to the impact of licensing the whole," Borden Dec. Ex. 1 ¶ 197, but offers no analysis to support
8  such an illogical statement. *See Exmark*, 879 F.3d at 1350 ("Without a more detailed analysis, the
9  jury is simply left to speculate or adopt the expert's unsupported conclusory opinion."). She also
10 asserts that Apple would not license any of its design rights, Borden Dec. Ex. 1 ¶ 205, but that
11 does not justify her one-patent-equals-all-design-IP approach, and in any event is counterfactual.[5]

12   **c.**  Ms. Davis does not attempt to account for the value added to Samsung's phones by the
13 myriad features that do not infringe Apple's asserted designs, as required. *See, e.g.*, *Exmark*, 879
14 F.3d at 1350 (reversing admission of expert testimony on this basis); *Virnetx, Inc. v. Cisco Sys.,*
15 *Inc.*, 767 F.3d 1308, 1329 (Fed. Cir. 2014) (same).

16   **d.**  Ms. Davis opines that Samsung would willingly pay $24 per phone for a *single* design
17 even though Samsung would derive only $9 of income from *all* of Apple's design IP, Borden Dec.
18 Ex. 5 229:22-230:1; *id.* Ex. 1 Exs. 41-R & 41.2-R, which further demonstrates unreliability.

19   **2.**  <u>Ms. Davis should not be permitted to testify regarding the identity of the articles of</u>
20 <u>manufacture</u>. *E.g.*, Borden Dec. Ex. 1 ¶¶ 140A-P; Borden Dec. Ex. 2 ¶¶ 5-58. *First*, such
21 testimony violates the Court's order limiting each party to two "article of manufacture" experts
22 and a single damages expert. Dkt. 3542 at 1. *Second*, Ms. Davis is an accountant with no design
23 experience (Borden Dec. Ex. 1 ¶¶ 5, 140B) and is not qualified to opine on issues of design and
24 consumer perceptions. *White v. Ford Motor Co.*, 312 F.3d 998, 1008-09 (9th Cir. 2002) ("an

---

26 [5] In fact, Apple previously offered to license its patent portfolio to Samsung, including "distinctive
27 industrial designs, software platforms or feature sets," and offered a discount that specifically applied to those designs. Borden Dec. Ex. 4 at 13, 15-17. As the Court has held, "it would be unjust to allow Apple to suggest to the jury that it has never or would never license" its patents in
28 light of evidence that Apple in fact had done so. Dkt. 2667 at 10 (addressing utility patents).

expert witness … testifying outside his area of expertise, ought not to be anointed with ersatz authority"). *Third*, no witness relies on Ms. Davis's article of manufacture discussion:  neither Dr. Kare nor Mr. Ball does so, *see* Borden Dec. Ex. 6 24:5-13; *id.* Ex. 3 22:21-23:4, and Ms. Davis' damages opinions are based on Mr. Ball's and Dr. Kare's conclusions rather than her own article of manufacture analysis, *id.* Ex. 1 ¶ 140C.  Her article of manufacture testimony will not be helpful to the jury and should be excluded.[6]

**3.**  Ms. Davis's statements regarding Samsung's alleged intent to adopt the patented designs should be excluded.  *E.g.*, Borden Dec. Ex. 1 ¶ 140H & n.202N, *id.* Ex. 2 ¶¶ 32-35.  Ms. Davis is not qualified to testify to Samsung's intent.  *In re REMEC Inc. Sec. Litig.*, 702 F. Supp. 2d 1202, 1220 (S.D. Cal. 2010) (the expert "exceeded his role as an expert witness on accounting when he gave his opinions about the Defendants' mental state"); *see* Dkt. 2654 at 4 (this Court ruling that "Davis may not testify about her opinion regarding whether Samsung copied Apple's products").

**4.**  Ms. Davis should be precluded from offering new opinions about Samsung's margins and financial statements.  Borden Dec. Ex. 2 ¶166.  The new opinions violate the Court's Groundhog Day rules.

**5.**  The Court should exclude Ms. Davis's assertions that Samsung's white phones were "adjudicated as infringing the D'677."  Borden Dec. Ex. 2 ¶¶ 156-160.  Such legal assertions are improper, *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (legal conclusions not proper), and incorrect, *see* Dkt. 3369 (showing that white phones were *not* found to infringe).  Ms. Davis's profit calculations (Borden Dec. Ex. 1 Ex. 18-R2–18.4-R2) including white phones should also be excluded.[7]

---

[6] FED. R. EVID. 402, 602, 702(a).  Rule 602 generally requires that testimony about alleged facts be based on personal knowledge.  Rule 703 permits a qualified expert to testify without personal knowledge where an expert's ultimate "opinion" is "base[d]" on those facts, but here, none of Apple's expert opinions is based on the "article of manufacture" sections of Ms. Davis's report, and Rule 703 therefore does not permit admission of Ms. Davis's testimony.  *See* FEDERAL PRACTICE & PROCEDURE § 6025 ("When experts testify as to facts and not opinions, Rule 703's exemption from the personal knowledge requirement does not apply.").  To the extent Ms. Davis is permitted to testify regarding article of manufacture issues at all, her testimony should be limited for the additional reasons set forth in Samsung's motion regarding Mr. Ball and Dr. Kare.

[7] Samsung expressly reasserts its prior challenges to the testimony of Ms. Davis and Mr. Musika (*see* Dkts. 927-1, 2385-3), which are incorporated by referenced herein.

DATED:  February 23, 2018

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Victoria F. Maroulis*
    John B. Quinn
    Kathleen M. Sullivan
    William C. Price
    Michael T. Zeller
    Kevin P.B. Johnson
    Victoria F. Maroulis

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC