# EXHIBIT 6
# Unredacted Version of Document Sought to Be Sealed

HIGHLY CONFIDENTIAL UNDER PROTECTIVE ORDER

```
 1               UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3
    _____
 4                                  )
    APPLE, INC., a California       )
 5  corporation,                    )
                                    )
 6             Plaintiff,           )
                                    )
 7        vs.                       ) Case No.
                                    ) 11-cv-01846-LHK
 8                                  )
    SAMSUNG ELECTRONICS CO., LTD.,  )
 9  a Korean business entity;       )
    SAMSUNG ELECTRONICS AMERICA,    )
10  INC., a New York corporation;   )
    SAMSUNG TELECOMMUNICATIONS      )
11  AMERICA, LLC, a Delaware        )
    limited liability company,      )
12                                  )
               Defendants.          )
13  _____)
                                    )
14  AND RELATED ACTION.             )
    _____)
15
16        HIGHLY CONFIDENTIAL UNDER PROTECTIVE ORDER
17           VIDEOTAPED DEPOSITION OF SUSAN KARE
18                San Francisco, California
19               Friday, February 16, 2018
20                       Volume I
21
    Reported by:
22  CHRIS TE SELLE
23  CSR No. 10836
24  Job No. 2816450
25  PAGES 1 - 138
```

| | | |
|---|---|---|
| 1 | Q.  Or any of the calls? | 10:42:22 |
| 2 | A.  The best I remember, yes. | |
| 3 | Q.  Are you relying on Julie Davis's -- | |
| 4 | A.  Excuse me. | |
| 5 | Q.  I'm sorry.  Go ahead. | 10:42:34 |
| 6 | A.  I'm not 100 percent sure that she was on | |
| 7 | both calls with Richard Howarth. | |
| 8 | Q.  Do you recall that she was on at least | |
| 9 | one? | |
| 10 | A.  I believe so. | 10:42:53 |
| 11 | Q.  And did you speak directly with Ms. Davis | |
| 12 | in connection, in connection with the article of | |
| 13 | manufacture issues in the case? | |
| 14 | A.  No. | |
| 15 | Q.  Or on any other subject? | 10:43:05 |
| 16 | A.  No. | |
| 17 | Q.  In rendering your opinions in this case, | |
| 18 | are you relying on in any manner Julie Davis's | |
| 19 | opinions? | |
| 20 | A.  Not as far as I know.  There could have | 10:43:36 |
| 21 | been something she wrote that I might have been able | |
| 22 | to have had access to, so it's hard to answer that | |
| 23 | question. | |
| 24 | Q.  It's fair to say that in your written | |
| 25 | reports you don't reference any opinions by Julie | 10:43:50 |

| | | |
|---|---|---|
| 1 | Davis, right? | 10:43:54 |
| 2 | A. No, because I analyzed the four factors | |
| 3 | really from a design point of view, with really a | |
| 4 | focus on the D'305 only. | |
| 5 | Q. Just so we have a clear record, I think | 10:44:09 |
| 6 | you meant to say yes, but, you are not relying upon | |
| 7 | any of Julie Davis's opinions in this case in | |
| 8 | rendering your opinions; is that right? | |
| 9 | A. No. That is correct. | |
| 10 | Q. That's a true statement. I'm sorry. You | 10:44:22 |
| 11 | have to give an audible response for the reporter. | |
| 12 | So, that's a correct statement? | |
| 13 | A. Yes. | |
| 14 | Q. And I take it you never spoke separately | |
| 15 | with Ms. Davis; is that right? | 10:44:39 |
| 16 | A. That is right. | |
| 17 | Q. Did you review any versions of any reports | |
| 18 | that Ms. Davis prepared? | |
| 19 | A. I don't remember doing that. | |
| 20 | Q. Did you review any version of any written | 10:45:00 |
| 21 | reports by Mr. Ball? | |
| 22 | A. No. | |
| 23 | Q. Have you reviewed the deposition | |
| 24 | transcript of Alan Ball? | |
| 25 | A. No. | 10:45:23 |

Page 24

| | | |
|---|---|---|
| 1 | Q.   Have you reviewed the deposition | 10:45:25 |
| 2 | transcript of Julie Davis? | |
| 3 | A.   No. | |
| 4 | Q.   Have you reviewed the deposition | |
| 5 | transcript of Mr. Wagner, who is Samsung's damages | 10:45:32 |
| 6 | expert? | |
| 7 | A.   No. | |
| 8 | Q.   Did you ever ask to look at those? | |
| 9 | A.   No. | |
| 10 | Q.   Did you review Mr. Lucente's deposition | 10:45:44 |
| 11 | transcript? | |
| 12 | A.   Not in its entirety, but there was a brief | |
| 13 | discussion of it that I think I, I understood a | |
| 14 | little bit from that. | |
| 15 | Q.   And, just mechanically, did you actually | 10:46:17 |
| 16 | see some or all of Mr. Lucente's deposition | |
| 17 | transcript, or it was just described to you? | |
| 18 | A.   I'm not certain.  I know I saw one | |
| 19 | drawing, and I'm not sure whether the drawing that I | |
| 20 | looked at, I believe it, I don't have reason to | 10:46:45 |
| 21 | believe it was from his deposition.  We discussed | |
| 22 | it, so, I just don't want to misrepresent. | |
| 23 | Q.   Sure, and, absolutely, you should testify | |
| 24 | to what you remember and what your knowledge is, | |
| 25 | unless, unless I ask otherwise, because, as you | 10:47:05 |

Veritext Legal Solutions
866 299-5127

1    I, the undersigned, a Certified Shorthand
2    Reporter of the State of California, do hereby
3    certify:
4    That the foregoing proceedings were taken
5    before me at the time and place herein set forth;
6    that any witnesses in the foregoing proceedings,
7    prior to testifying, were duly sworn; that a record
8    of the proceedings was made by me using machine
9    shorthand which was thereafter transcribed under my
10   direction; that the foregoing transcript is a true
11   record of the testimony given.
12   Further, that if the foregoing pertains to the
13   original transcript of a deposition in a Federal
14   Case, before completion of the proceedings, review
15   of the transcript [ ] was [ ] was not requested.
16   I further certify I am neither financially
17   interested in the action nor a relative or employee
18   of any attorney or party to this action.
19   IN WITNESS WHEREOF, I have this date subscribed
20   my name.
21   Dated: 2/20/2018
22
23
24   _____
     CHRIS TE SELLE
25   CSR No. 10836

Page 138