1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   John B. Quinn (Bar No. 90378)
2  johnquinn@quinnemanuel.com
   William C. Price (Bar No. 108542)
3  williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
4  michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
5  Los Angeles, California 90017
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Kathleen M. Sullivan (Bar No. 242261)
   kathleensullivan@quinnemanuel.com
8  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
9  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
10 555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
11 Telephone:  (650) 801-5000
   Facsimile:  (650) 801-5100
12
   Attorneys for Samsung Electronics Co., Ltd.,
13 Samsung Electronics America, Inc., and Samsung
   Telecommunications America, LLC
14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT OPINIONS OF JULIE L. DAVIS**<br><br>**Date:**     March 29, 2018<br>**Time:**    1:30 p.m.<br>**Place:**   Courtroom 8, 4th Floor<br>**Judge:**   Hon. Lucy H. Koh<br><br>**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

**1. Ms. Davis's $24 Royalty Opinion**. **a.** Apple concedes that Ms. Davis's $24 royalty is "identical" to the opinion Mr. Musika offered in 2012 and argues that "[n]othing about these opinions has changed." Opp. 1. Yet there is no dispute that the fundamental assumptions about liability on which Mr. Musika's opinion was based have changed. Mr. Musika's $24 royalty assumed infringement of all *asserted* design IP—seven design patents, eight trade dresses and eight trademarks, while most phones *now* at issue infringe only a *single* design patent. Mr. Musika admitted that his royalty rate would be significantly lower in the present circumstances. Dkt. 991-4, Ex. A at 85:7-86:10 ("[M]y reasonable royalty is based on a collection of all the IP unless it's narrowed down to simply a few;" "reasonable royalty amount would drop down to $4 per unit" for a single trade dress). And while Mr. Musika contended that he apportioned profits to the *asserted* intellectual property (Dkt. 2499-4 ¶¶ 40-49), Ms. Davis admits she made no change to account for the greatly reduced "basket of design IP" now at issue. Dkt. 3593-4 ¶ 197 & Ex. 46-R. This approach is prohibited under *Exmark*, which Apple does not address. Mot. 1-2.[1]

**b&d.** Apple fails to defend Ms. Davis's assertion that the potential "economic impact" to Apple from licensing a small part of its design IP would equal that of the whole. Apple claims Samsung "overlooks [] the economic benefits Samsung obtained," but under Ms. Davis's analysis Samsung would obtain only $9 from *all* of Apple's design IP (Mot. 1-2), and Apple fails to explain why Samsung would pay more than double that amount for a single design element. Apple cites Exhibit 54-R2, which purports to compare profits from infringing and non-infringing Samsung phones, but Ms. Davis never relied on this document to support her royalty opinion (*see* Dkt. 3593-5 ¶¶ 30, 45 & 148 (citing Ex. 54-R2) and admits she is "not expressing [the] opinion" that the "infringing designs caused Samsung's market share to increase" and does not "think there is enough information to know what gave rise to the higher profits" for infringing phones. Borden Dec. Ex. 1 at 74:23-75:1; 80:11-81:7. In addition, Apple's claim that it would never offer to license a design patent ignores the evidence that it did so. Dkt. 3593-7 at 13, 15-17.

---

[1] Samsung's 2012 motion addressed Mr. Musika's failure to apportion between the then *asserted* "basket" of design IP and Apple's other "intangible assets" (Dkt. 927-1 at 4-5), not Ms. Davis' failure to take into account the greatly-reduced basket of rights now at issue.

    **c.** Ms. Davis does not account for value added to Samsung's phones by features that do not infringe Apple's designs. Apple's cited testimony refers to calculations purportedly apportioning *Apple's* "other assets" (Dkt. 3606-5 at 96:24-97:4), not *Samsung's* non-infringing features.

    **2.** <u>Ms. Davis's Article of Manufacture Opinions</u>. Apple's assertion that Ms. Davis may opine on three AoM factors because she is "not offering an ultimate opinion regarding the identity of the AoM" is the exact opposite of what it argued in seeking to strike Dr. Reibstein's report. Dkts. 3583 at 1:13-22; 3:8-16; 3573-3 at 2:20-23; 3:8-15 (arguing that Dr. Rebstein was an improper second damages expert even though he was not offering ultimate opinions on damages, and was an improper AoM expert *because* he did not offer ultimate opinions on AoM identity). Apple cannot have it both ways. Apple also does not dispute that its AoM experts do not rely on Ms. Davis, Ms. Davis has no design experience, and she is unqualified for the role of an AoM expert.[2]

    **3.** <u>Opinions Regarding Samsung's Intent</u>. Apple concedes that its expert may not properly opine on Samsung's intent. Further, internal Samsung documents that Ms. Davis discusses are not tied to the patented designs, see, e.g., Dkt. 3593-4 at n.202N, PX 40.5 ("make something like the iPhone"), and thus are not relevant to show consumer demand under the AoM factors.

    **4.** <u>New Opinions Regarding Financials</u>. Mr. Wagner's opinion on Samsung's audited financials is *identical* to his opinion in prior reports. Dkt. 3606-6 ¶ 124, Borden Dec. Ex. 2 ¶ 198. Ms. Davis' opinions, by contrast, were not disclosed in prior reports.

    **5.** <u>Opinions Regarding Non-Infringing White Phones</u>. Ms. Davis's opinions regarding the legal effect of the prior jury verdict are improper. As Samsung has shown, there is no dispute that the D'677 patent is limited to the color black, meaning that white phones cannot infringe it.[3] Ms. Davis may not present legal theories "interpreting" the prior verdict to find that white phones were "adjudicated as infringing." Dkt. 3593-5 ¶ 156. The parties' experts may testify to calculations excluding white units, but not to the legal effect of the prior jury verdict.

---

[2] If Ms. Davis is permitted to testify about AoM issues at all, her discussion should be limited for the reasons set forth in Samsung's companion motion. *See* Dkt. 3593-10, (2)(a)-(f).

[3] Samsung's opposition to Apple's motion to exclude Wagner incorporates its reasons why white phones were not found to infringe the D'677 patent, Dkt. 3604-2 at 3, and why it is irrelevant that JX1500 at the first trial included both black and white accused units. *Id.*

DATED:  March 16, 2018	Respectfully submitted,

                            QUINN EMANUEL URQUHART &
                            SULLIVAN, LLP

                            By   */s/ Victoria F. Maroulis*
                                John B. Quinn
                                Kathleen M. Sullivan
                                William C. Price
                                Michael T. Zeller
                                Kevin P.B. Johnson
                                Victoria F. Maroulis

                                Attorneys for SAMSUNG ELECTRONICS CO.,
                                LTD., SAMSUNG ELECTRONICS AMERICA,
                                INC., and SAMSUNG TELECOMMUNICATIONS
                                AMERICA, LLC