ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S NOTICE OF MOTION AND MOTION IN LIMINE #1 TO EXCLUDE SAMSUNG'S ALLEGED "INDEPENDENT DEVELOPMENT" EVIDENCE**<br><br>Date:   May 3, 2018<br>Time:  1:30 p.m.<br>Place:  Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 3, 2018, at 1:30 p.m. in Courtroom 8, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Apple Inc. shall and hereby does move the Court for an order, pursuant to the Court's Groundhog Day rules and Federal Rule of Evidence 403, to exclude from the May 2018 trial certain evidence, testimony, and argument regarding Samsung's alleged "independent development" that the Court has previously excluded.

This motion is based on this notice of motion and supporting brief; the Declaration of Mark Selwyn in Support of Apple's Motion in Limine; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

Dated: April 9, 2018                    WILMER CUTLER PICKERING
                                         HALE AND DORR LLP


                                         By: */s/ Mark D. Selwyn*
                                             MARK D. SELWYN

                                             Attorneys for Plaintiff
                                             APPLE INC.

Before the 2012 trial and again in 2013, the Court precluded Samsung from introducing evidence or testimony regarding its alleged "independent development" of smartphones resembling the iPhone before the iPhone's release. The Court's rulings were based on: (1) Samsung's failure to timely disclose that information during discovery; and (2) FRE 403. The Federal Circuit upheld this Court's exclusionary rulings on appeal. Nevertheless, Samsung has indicated that it will seek to introduce the same evidence at the upcoming trial. Under the Court's Groundhog Day rules and FRE 403, Samsung should continue to be precluded from introducing any supposed "independent development" evidence or testimony at trial.[1]

### A. The Court Previously Precluded Samsung From Introducing Any Evidence Or Testimony Regarding Its Alleged "Independent Development"—A Ruling That The Federal Circuit Affirmed.

In June 2012, Judge Grewal struck Samsung's theories that it independently developed smartphones with designs similar to the iPhone before the iPhone was released, because Samsung had not timely disclosed those theories. In particular, Judge Grewal excluded Samsung's experts' opinions about the F700 design and related development documents. Dkt. 1144 at 4-5 (¶¶ 8, 12); *see* Dkt. 939, Ex. 26 at 36-37, 58 (struck portions of Lucente report discussing Samsung "IReen" study and F700 ); *id.*, Ex. 27 at 38-40 (struck portions of Sherman report discussing F700, KR30-0452985, and U.S. D560,192). Based on that Order, this Court struck Samsung's opening demonstratives showing the F700 (a.k.a. "Q-Bowl") and related material, which Samsung sought to rely on "as evidence of independent creation and to rebut allegations of copying" (Dkt. 1463 at 2-3). *See* Dkt. 1456 at 2 (sustaining objection to slides 11-19 because underlying evidence was "not timely disclosed"); Dkt. 1441 at 2; Selwyn Decl., Ex. A (excluded slides 11-19, showing "Vessel," "Q-Bowl," "IReen," "Master Popular Communication Piece" ("MPCP") project, and other designs as evidence of alleged prior development).[2] The Court denied Samsung's multiple requests for reconsideration. *E.g.*, Dkt. 1510 at 2; Dkt. 1545 at 5-9; Dkt. 1547 at 290-293.

---

[1] Apple recognizes that the Court does not wish to revisit prior rulings, and believes that the prior exclusionary orders continue to apply here. Apple files this motion, however, because, as discussed below, Samsung has treated the prior rulings on this issue as no longer applying.

[2] Following this ruling, Samsung publicized the excluded slides in "a willful and deliberate attempt to further propagate that excluded evidence." Dkt. 1610 at 575.

During the 2012 trial, the Court also excluded the testimony of Hyoung Shin Park, one of the F700 designers, pursuant to FRE 403. Dkt. 1690 at 8-9. Specifically, the Court rejected Samsung's request for Ms. Park to "testify that the F700 rebuts an allegation of copying or willfulness." *Id.* at 9. The Court ruled that it was "highly likely" that the jury would consider Ms. Park's testimony regarding the F700 "for a purpose that has been excluded by Judge Grewal"—*i.e.*, "as evidence of an independent derivation of the designs at issue." *Id.*

The Court again excluded Samsung's "independent development" evidence from the 2013 damages retrial. Dkt. 2708. As the Court explained then: "[T]he Court previously excluded evidence related to the F700 to the extent Samsung sought to present it to prove independent development of the patented features. Because Samsung was precluded from using this evidence for this purpose in the 2012 trial, it cannot use it for the same purpose in this trial either." *Id.* at 4. The Court further recognized that "allowing Samsung's evidence of independent development could be more prejudicial to Apple in the retrial than it was in the first case, as doing so runs the risk of inviting this jury to question the validity of Apple's D'677 patent, an issue that the 2012 jury decided against Samsung." *Id.*[3]

Samsung appealed this Court's "preclusion of testimony on Samsung's independent development of its F700 phone that pre-dated the iPhone to rebut an allegation of copying." *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015), *rev'd in part on other grounds*, 137 S. Ct. 429 (2016). The Federal Circuit affirmed the Court's exclusionary ruling, "find[ing] that the district court acted within its discretion in precluding Samsung's proffered testimony to rebut an allegation of copying." *Id.* at 1001.

**B.     Samsung Continues To Rely On Its Alleged "Independent Development" Evidence, Which Should Still Be Excluded Under The Court's Prior Orders.**

Despite the prior rulings of this Court and the Federal Circuit, Samsung again seeks to proffer evidence of its alleged "independent development" in response to proof of Samsung's copying. In his January 2018 report, Samsung's design expert Sam Lucente discusses the same

---

[3]     The Court allowed evidence of the F700 only for limited purposes related to infringement and validity (no longer at issue), not to show "independent development." *See* Dkt. 1690 at 9.

APPLE'S MOTION IN LIMINE #1 TO EXCLUDE "INDEPENDENT DEVELOPMENT" EVIDENCE
CASE NO. 11-CV-01846-LHK                                                                                          2

1  evidence—including the F700, "Q-Bowl," "Bowl," "Vessel," "MPCP" project, and "IReen," as
2  well as related design registrations, applications, and other materials—that the Court previously
3  excluded. *Compare* Dkt. 3592-25, Lucente Rpt. ¶¶ 336-341, 343-346, 356-360, *and* Selwyn
4  Decl., Ex. B, Lucente Rpt. Ex. 9,[4] *with* Selwyn Decl., Ex. C (excluded slides 11-19), Dkt. 939,
5  Ex. 26 at 36-37, 58 (excluded portions of Lucente report from 2012), *and id.*, Ex. 27 at 38-40
6  (excluded portions of Sherman report from 2012). The discussion appears in a section at the end
7  of the report titled "Apple's Copying Allegations," where Mr. Lucente relies on the previously-
8  excluded materials in discussing "the history of design at Samsung" and states his belief that
9  Apple's "allegations that Samsung copied Apple's designs" are not "based in history." Dkt.
10 3592-25, Lucente Rpt. ¶¶ 329, 336; *see also* Selwyn Decl., Ex. C, Lucente Dep. 48:20-50:4
11 (confirming that he reviewed Samsung documents and spoke to Samsung employees in 2018
12 regarding the F700, Q-Bowl, and MPCP project to respond to Apple's copying allegations). Mr.
13 Lucente also relies on a conversation with Ms. Park in 2018 about her work on the F700/Q-Bowl
14 design. Dkt. 3592-25, Lucente Rpt. ¶¶ 338-339 & nn.178, 180.

15       Because Samsung seeks to rely on the "independent development" evidence for the same
16 reason as before—to rebut Apple's proof of copying—the Court should exclude this evidence and
17 any related testimony from trial for the same reasons as before. The Court originally excluded
18 this evidence because Samsung failed to timely disclose it. Dkt. 1144 at 4-5 (¶¶ 8, 12); Dkt. 1456
19 at 2; Dkt. 1545 at 5-9. As the Court held before the 2013 damages retrial, the Court's Groundhog
20 Day rules prohibit Samsung from relying on any "independent development" evidence to rebut
21 Apple's copying allegations. Dkt. 2708 at 4; *see also* Dkt. 3639 at 1 ("Prior rulings in this case
22 remain in effect per the Groundhog Day rule."). As the Court further explained in 2013,
23 Samsung's "independent development" evidence should also be excluded under FRE 403 because
24 any probative value is substantially outweighed by the prejudice to Apple. Dkt. 2708 at 4. The
25 Federal Circuit affirmed these rulings. There is no reason to change course now.

---

[4] Mr. Lucente also cites the following design registrations and patents that were previously excluded: KR30-0452985 (SAMNDCA00255357); U.S. D560,192 (APLNDC0003038614). *See* Dkt. 3592-25, Lucente Rpt. ¶¶ 340-341.

1  Dated: April 9, 2018                        WILMER CUTLER PICKERING
                                               HALE AND DORR LLP
2

3
                                         By:  */s/ Mark D. Selwyn*
4                                              MARK D. SELWYN

5                                              Attorneys for Plaintiff
                                               APPLE INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on April 9, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*/s/ Mark D. Selwyn*
Mark D. Selwyn