ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S NOTICE OF MOTION AND MOTION IN LIMINE #2 TO EXCLUDE EVIDENCE OF UNASSERTED PATENTS**<br><br>Date:   May 3, 2018<br>Time:   1:30 p.m.<br>Place:  Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 3, 2018, at 1:30 p.m., in Courtroom 8, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Apple Inc. shall and hereby does move for an order, pursuant to the Court's Groundhog Day rules and Federal Rules of Evidence 401, 402, and 403, to exclude evidence, testimony, and argument regarding any patents other than prior art and the five infringed patents for which Apple seeks damages at the May 2018 trial.

This motion is based on this notice of motion and supporting brief; the Declaration of Mark Selwyn in Support of Apple's Motion in Limine; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

Dated: April 9, 2018           WILMER CUTLER PICKERING
                               HALE AND DORR LLP


                               By:  /s/ Mark D. Selwyn
                                    MARK D. SELWYN

                                    Attorneys for Plaintiff
                                    APPLE INC.

The Court has previously excluded evidence and argument regarding unasserted, non-prior art patents. *E.g.*, Dkt. 1456 at 4 (sustaining objection to Samsung opening slides discussing "not asserted" patents as "likely to cause undue confusion for the jury and to waste time"); Dkt. 1650 at 2 (excluding testimony regarding "patents not asserted in this litigation" under FRE 402 and 403 because "not relevant to any issue in this case"). Samsung has again indicated, however, that it intends to offer evidence and testimony regarding several unasserted patents in ways that are irrelevant, confusing, and prejudicial to Apple. Pursuant to the Court's Groundhog Day rules and FRE 402 and 403, the Court should exclude from trial any evidence or testimony regarding patents other than prior art and the five infringed patents for which the jury will award damages.

### A. Unasserted Apple Patents Are Irrelevant To Identifying The AOMs Or Calculating Damages, And Would Unfairly Prejudice Apple.

During the recent discovery period, Samsung and its design expert have catalogued over 225 unasserted Apple design and utility patents. Selwyn Decl., Ex. A, Lucente Rpt. Exs. 5-6; *id.*, Ex. B at 13, 31, 51. These patents have no relevance to identifying the AOMs to which Samsung applied Apple's D'677, D'087, and D'305 designs or to calculating the profits Samsung made from those AOMs. Moreover, examples of how Samsung has sought to use these other Apple patents show just how unfair and prejudicial it would be to allow them before the jury.

**Not Relevant To Identifying AOMs.** Samsung contends that Apple's unasserted design patents relating to the iPhone are relevant to Factor 1—the scope of the claimed design—because they supposedly "confirm" or "corroborate" the limited scope of the D'677, D'087, and D'305 patents. *E.g.*, Selwyn Decl., Ex. B at 3, 21, 39; Dkt. 3592-25, Lucente Rpt. ¶ 153 (existence of other Apple design patents "confirm[s] the limited scope" of the D'305 patent); *see id.* ¶¶ 94-95. But the Court has already construed the claims of the asserted design patents, and Apple's other patents have no bearing on the scope of those claims. In fact, the Court has already "exclude[d] non-prior art Apple or Samsung design patents" (Dkt. 1267 at 3) because they are ***not*** relevant "to determin[ing] the scope of the patent[s] at issue." Dkt. 1272 at 129-130; *see* Dkt. 1519 at 2. Mr. Lucente's allegations that "Apple has pursued partial patent claims" in the D'677, D'087, and

D'305 patents, and that "patentees use this practice of 'partial claiming' … to increase the chances that at least one of their patents will be found infringed" (Dkt. 3592-25, Lucente Rpt. ¶ 95; *see id.* ¶¶ 182-183) are wholly irrelevant to identifying the AOMs and prejudicial to Apple.

Samsung also cites Apple's unasserted design and utility patents for Factors 2-4 because they allegedly support Samsung's contention that "smartphones embody hundreds of thousands of discrete innovations." Dkt. 3592-25, Lucente Rpt. ¶ 238; *see id.* ¶¶ 291-292; Selwyn Decl., Ex. B at 4, 5, 9, 22-23, 27, 40-42, 47. But to the extent other designs or technologies are relevant to the analysis, Samsung can make that point by discussing the Samsung phones without reference to Apple's unasserted patents. Further, Samsung has provided no analysis showing that the Samsung phones practice the unasserted Apple patents; without that connection, there is no basis to discuss the other Apple patents for Factors 2-4—which focus on the relationship between the D'677, D'087, and D'305 designs and Samsung's infringing phones. Any alleged relevance of Apple's unasserted patents would be heavily outweighed by the risk of confusion and prejudice.

**Not Relevant To Calculating Damages.** Samsung also mentions other Apple design and utility patents to suggest that the damages for Samsung's infringement of the D'677, D'087, and D'305 patents should be reduced to account for other inventions. Dkt. 3594-06, Wagner Rpt. ¶¶ 548-561. But Mr. Wagner does not use Apple's unasserted patents to calculate Samsung's profits on the alleged AOMs; he concedes they are "[u]nrelated to the AOMs." *Id.* at p. 253. Mr. Wagner instead suggests that Apple's unasserted patents corroborate his low § 289 damages calculations because "[t]he fact that Apple patented many different design aspects of the iPhone itself and different screens demonstrates that the AOMs at issue are only a portion of the value of the design of the entire phone." *Id.* ¶ 559. This type of apportionment is contrary to law. *See* Dkt. 1157 at 9. Even if it were not, any discussion of Apple's unasserted patents—which are not even tied to Samsung's infringing phones—would still be irrelevant, confusing, and prejudicial.[1]

---

[1] Relatedly, Mr. Wagner also improperly discusses the fact that Apple has asserted various utility patents against others, including HTC. Dkt. 3594-06, ¶¶ 560-561 ("Apple has asserted against third parties utility patents unrelated to the AOMs at issue. The existence of these patents (and the fact that Apple was willing to assert them in litigation) provides further corroboration of

**Unfairly Prejudicial And Improperly Inviting Jury To Question Policy Implications Of § 289.** The manner in which Samsung has sought to use unasserted Apple patents—primarily to suggest it would be "unfair" to award Samsung's total profits on the infringing phones for the three asserted patents—demonstrates just how prejudicial it would be to Apple if this irrelevant evidence were put before the jury. For example, Samsung's counsel asked one Apple design expert to imagine "two patents by two different owners" both infringed by the same Samsung phones, and asked: "[I]s it fair that Samsung would have to give all of its profits for those phones to both owners?" Selwyn Decl., Ex. C at 123-124. Similarly, at the *Daubert* hearing, Samsung's counsel tried to disparage Apple's other design expert by saying, "[she] would tell you that [a design patent on a single icon] is applied to the whole phone." Dkt. 3643 at 34. These examples call for legal conclusions regarding the application of § 289 to facts other than those the jury will be asked to consider—or worse, invite the jury to reconsider the policy implications of § 289, rather than simply follow the law as instructed by the Court. Samsung should be barred from using Apple's unasserted patents to make these or similar "fairness" arguments at trial.

### B. Samsung and Third-Party Patents Are Also Irrelevant And Prejudicial.

Samsung has also identified several Samsung and third-party patents. Selwyn Decl., Ex. B at 13, 14, 31, 32, 51, 52. For example, Mr. Lucente discusses statistics regarding the number of patents a smartphone could potentially practice, "thousands of patents related solely to wireless communication standards," and the number of U.S. patents granted to Samsung from 2006 to 2016. Dkt. 3592-25, ¶¶ 46-48; *see, e.g.*, Selwyn Decl., Exs. D-K (articles Mr. Lucente cites).[2] Similarly, Mr. Wagner provides a lengthy discussion of standard-essential patents, which he does not use to calculate damages but calls "corroborating" evidence (of what, it is unclear). Dkt. 3594-06, at p. 228, ¶¶ 548-557. The Samsung and third-party patents have no relevance to the issues the jury will be asked to decide, and would be confusing, waste time, and prejudice Apple.

---

value of other functionalities in smartphones unrelated to the AOMs at issue."). This opinion too should be excluded as irrelevant, prejudicial, and likely to cause confusion.

[2] Mr. Lucente briefly asserts that Samsung's own design patents are "confirmatory evidence" that Samsung did not seek to "copy Apple's designs." Dkt. 3592-25, ¶ 361. But whether Samsung sought or received patents says nothing about whether it copied the iPhone.

Dated: April 9, 2018

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: */s/ Mark D. Selwyn*
         MARK D. SELWYN

         Attorneys for Plaintiff
         APPLE INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on April 9, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*/s/ Mark D. Selwyn*
Mark D. Selwyn