# EXHIBIT C

```
 1            UNITED STATES DISTRICT COURT
 2         FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3                   SAN JOSE DIVISION
 4   _____
 5   Apple Inc.,                      *
 6   a California corporation         *
 7   v.                               *  Case
 8   Samsung Electronics Co., Ltd.,*  No. 11-cv-01846-LHK
 9   a Korean business entity,        *
10   et al.                           *
11   _____
12
13    HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY
14
15             Video Deposition of Alan D. Ball
16              Tuesday, February 13, 2018
17         Wilmer Cutler Pickering Hale and Dorr LLP
18              60 State Street - 26th Floor
19              Boston, Massachusetts 02109
20
21   Reported By:
22   J. Edward Varallo, RMR, CRR
23   Registered Professional Reporter
24   Job No. 2816442
25   Pages 1 - 165
```

Page 1

1  APPEARANCES:
2  Attorneys for Plaintiff Apple Inc.:
3      Sarah R. Frazier, Esq.
4      Wilmer Cutler Pickering Hale and Dorr LLP
5        60 State Street - 26th Floor
6        Boston, Massachusetts 02109
7        617.526.6000 ~ Fax 617.526.5000
8        sarah.frazier@wilmerhale.com
9
10     Nathan B. Sabri, Esq.
11     Morrison & Foerster LLP
12       425 Market Street
13       San Francisco, California 94105
14       415.268.7000 ~ Fax 415.268.7522
15       nsabri@mofo.com
16
17
18  Attorneys for Samsung Defendants:
19     Michael T. Zeller, Esq.
20     Quinn Emanuel Urquhart & Sullivan, LLP
21       865 South Figueroa Street - 10th Floor
22       Los Angeles, California 90017
23       213.443.3000 ~ Fax 213.443.3100
24       michaelzeller@quinnemanuel.com
25

Page 2

1              I N D E X
2
3  DEPONENT                          PAGE
4  -------------------------------------------
5  Alan D. Ball
6    by Mr. Zeller.............................   7
7
8
9
10 BALL EXHIBITS      FOR IDENTIFICATION    PAGE
11 -------------------------------------------
12 Exhibit 1   Opening expert report of Alan      10
13             D. Ball
14 Exhibit 2   Amicus curiae brief of Solicitor   20
15             General for the United States in
16             Samsung Electronics v. Apple Inc.,
17             filed June 2016
18 Exhibit 3   U.S. Patent D618,677, Electronic   26
19             Device, dated June 29, 2010 (Bates
20             APLNDC00032473 - 32478)
21 Exhibit 4   U.S. Patent D593,087, Electronic   26
22             Device, dated May 26, 2009 (Bates
23             APLNDC00030426 - 30441)
24
25

Page 4

1  APPEARANCES:
2
3  Attorneys for Samsung Defendants:
4      Caleb Braley, Esq.
5      Quinn Emanuel Urquhart & Sullivan, LLP
6        555 Twin Dolphin Drive - 5th Floor
7        Redwood City, California 94065-2139
8        650.801.5000 ~ Fax 650.801.5100
9        calebbraley@quinnemanuel.com
10
11
12 Videographer:
13     Anthony Piccirilli, Legal Video Specialist
14
15
16
17
18
19
20
21
22
23
24
25

Page 3

1  BALL EXHIBITS      FOR IDENTIFICATION    PAGE
2  -------------------------------------------
3  Exhibit 5   Reply expert report of Alan       29
4              D. Ball
5  Exhibit 6   Order Requiring New Trial on Design 67
6              Patent Damages, signed by Judge Koh
7              on October 22, 2017
8  Exhibit 7   U.S. Patent D747,310, Electronic  129
9              Device, dated January 12, 2016
10             (Bates SAMNDCA30011721 - 11732)
11 Exhibit 8   Transcript of proceedings in court 152
12             before Judge Koh on October 12, 2017
13 Exhibit 9   Transcript of trial proceedings in 156
14             U.K. case  on June 18, 2012,
15             Proceedings Day One (Bates
16             SAMNDCA 30016441 - 16508)
17
18
19
20
21
22
23
24
25

Page 5

**Page 122**

1 the design patent at issue only applied to the piano
2 case, not the internal components of the piano
3 itself?
4     MS. FRAZIER: Objection, calls for a
5 legal conclusion.
6   A.   I don't recall that portion.
7   Q.   I want you to -- I'm going to ask you a
8 hypothetical. I want you to assume -- And just to
9 back up for a second, you believe that the article
10 of manufacture when we're talking about the D'677 is
11 the entire Samsung smartphones, the ones that were
12 found to show infringing. Right?
13   A.   Yes.
14   Q.   And the same is true of the D'087
15 patent. Right?
16   A.   Yes. I believe they're different phones
17 or they're a subset, but yes.
18   Q.   Well, I want you to assume that the
19 D'677 and the D'087 have separate owners and both
20 have sued Samsung and Samsung is found to have
21 infringed both of those. In your view, is it fair
22 that each owner gets all of Samsung's profits?
23   A.   Boy, that's --
24     MS. FRAZIER: Sorry. Is that the end of
25 the question?

**Page 123**

1     MR. ZELLER: Yes.
2     MS. FRAZIER: Objection, calls for a
3 legal conclusion, beyond the scope.
4   A.   It's hard for me to imagine that
5 hypothetical. It seems very unlikely because that
6 would suggest that both of those patents, and now I
7 can't remember which one came first, could very well
8 claim kind of the same inventive design. And in
9 that scenario maybe one of them is invalid because
10 it's anticipated by the other; I don't know. So
11 there's a lot of issues that would have to be parsed
12 in order for me to answer that. I find it hard to
13 answer that question because of that aspect of it.
14   Q.   You're generally aware that there are
15 literally thousands of design patents for
16 smartphones. Right?
17   A.   I would imagine there are.
18   Q.   So I want you to assume a hypothetical
19 where you have two patents by two different owners
20 that only claim portions of a smartphone.
21   A.   Mm-hmm.
22   Q.   And both sue, and Samsung is found to
23 have the same phones to be infringing of both. In
24 your view, is it fair that Samsung would have to
25 give all of its profits for those phones to both

**Page 124**

1 owners?
2     MS. FRAZIER: Objection, calls for a
3 legal conclusion, beyond the scope.
4   A.   I don't know. I think we'd have to --
5     MS. FRAZIER: Alan? Make sure you let
6 me finish.
7     THE WITNESS: Okay, sorry.
8     MS. FRAZIER: Go ahead.
9   A.   I think we would have to apply the four
10 factors and try to understand what was those
11 designs, what were those designs applied to. I
12 don't know. I don't know what those design patents
13 are. I'm finding it hard to conceive of those
14 design patents without considering whether they can
15 both be valid. I don't -- I don't know.
16   Q.   I want you to assume that they're valid
17 and I want you to assume that there was a finding of
18 infringement of both of those partial claiming
19 design patents.
20   A.   I suppose --
21     MS. FRAZIER: Same objection.
22   A.   I suppose. I mean, if I apply the law
23 as it's explained to me and it indicates that the
24 entire phone is the article of manufacture, then
25 they would owe it to both. But that result is as

**Page 125**

1 absurd as the question you're asking me, so I really
2 don't think it's helpful for this analysis.
3   Q.   You have never been aware of instances
4 where multiple patent owners have sued over a
5 particular product?
6     MS. FRAZIER: Objection, misstates
7 testimony.
8   A.   Am I aware of a situation where multiple
9 patent owners of design patents? We're talking
10 about design patents.
11   Q.   Any patents.
12   A.   I don't know. I mean, utility patents
13 is a totally -- they're different from design
14 patents.
15   Q.   You were just telling me it was hard for
16 you to imagine a scenario that you would have where
17 that occurred. But you're aware where just even, to
18 take an example, Apple has been sued by multiple
19 patent owners over a whole variety of different
20 patents for the same product. Right?
21   A.   Well, I don't --
22     MS. FRAZIER: Objection, misstates
23 testimony, assumes facts.
24   A.   I don't know how to respond to your
25 hypotheticals here because they seem unlimited in

INSTRUCTIONS FOR READING/CORRECTING YOUR DEPOSITION

To assist you in making corrections to your deposition testimony, please
Follow the directions below. If additional pages are necessary, please furnish
Them and attach the pages to the back of the errata sheet.

This is the final version of your deposition transcript.

Please read it carefully. If you find any errors or changes you wish to make,
Insert the corrections on the errata sheet beside the page and line numbers.

If you are in possession of the original transcript, do NOT make any changes directly on the transcript.

Do NOT change any of the questions.

After completing your review, please sign the last page of the errata sheet,
Above the designated "Signature" line and return the transcript to your attorney.

ERRATA SheET

| Page | Line | | |
|---|---|---|---|
| 18 | 8 | Change: | replace "ordinary observer" with "Designer of Ordinary Skill in the Art |
| | | Reason: | misspoke |
| 56 | 5 | Change: | strike "unilithic" |
| | | Reason: | transcription error |
| 66 | 20 | Change: | change "taking" to "talking" |
| | | Reason: | transcription error |
| 98 | 21 | Change: | change "capacity" to "capacitive" |
| | | Reason: | transcription error |
| 109 | 19 | Change: | it should read "It's such, I think, irrelevant argument… |
| | | Reason: | correct punctuation |
| 110 | 24 | Change: | should read "So this design patent case is a piano case." |
| | | Reason: | transcription error |

Subject to the above   changes, I certify that the transcript is true and correct.

No changes have been made.   I certify that the transcript is true and correct.

_____     ____3/9/18_____
(signature)                                  (date)