QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION IN LIMINE #1**<br><br>**Date:** May 3, 2018<br><br>**Time:** 1:30 p.m.<br><br>**Place:** Courtroom 8, 4th Floor<br><br>**Judge:** Hon. Lucy H. Koh |

1    Samsung moves the Court for an order precluding Apple from offering evidence, testimony,

2  or attorney argument that improperly implies that Samsung's increased market share was caused by

3  the introduction of features found to infringe in this lawsuit.  Ms. Davis explicitly disclaimed this

4  opinion in her recent deposition, confirming she was ***not*** offering the "opinion that infringing

5  designs caused Samsung's market share to increase." Dkt. 3638-1 at 74:23-75:1.  As the only Apple

6  witness arguably qualified to opine on causation, Ms. Davis's admission changes the calculus on

7  the admissibility of Apple's alleged evidence that Samsung's market share increased because of the

8  introduction of features found to infringe.  Any such improper suggestion of causation would lead

9  to unfair prejudice, confuse the issues, mislead the jury, and waste time.  Fed. R. Evid. 401-403.

10  **I.       Evidence Misleadingly Suggesting Causation Should Be Excluded.**

11    Apple cannot present any admissible evidence or testimony on the cause of changes in

12  Samsung's market share.  The market share data Ms. Davis relies on includes a period of significant

13  change in the smartphone industry, with the introduction of the Android operating system, a variety

14  of different carriers offering new Samsung smartphones, and other new offerings from manufactures

15  like Blackberry, LG, and HTC.  With so many factors influencing the relative market share of each

16  manufacturer, any conclusion about the causes of changes in market share would require careful

17  analysis, as Ms. Davis agrees.  Ms. Davis testified that she lacked "enough information to know" if

18  an increase in Samsung market share "is related specifically to the introduction of the patented

19  designs," Dkt. 3638-1 at 75:2-17, acknowledged she did not undertake the requisite analysis to

20  determine whether an increase in Samsung market share was caused by use of the patented designs,

21  and further stated that she "do[es] not know what [the analysis] would entail." *Id.* at 80:3-9.  At the

22  first trial, Apple implied causation existed when Mr. Musika testified that "after [Samsung]

23  introduced the first accused phone, Samsung's market share took an abrupt upward swing and has

24  continued today to advance dramatically in increases in market share." Dkt. 1839 at 2044.  But Ms.

25  Davis has now admitted that she has no basis to testify that the designs at issue in this trial caused

26  Samsung's market share to increase.  Apple also previously made arguments about Samsung's

27  market share as support for lost profits on the '915 patent.  *See* Dkt. 1839 at 2084 ("market share

28  allocation" required for lost profits); *id.* at 2144-45 (lost profits looks to "who had market share in

that market"). That testimony is no longer relevant because Apple has withdrawn the '915 patent from the upcoming trial (Dkt. 3506), and Apple does not claim any lost profits (Dkt. 3630-1). Apple therefore should be excluded from suggesting to the jury "that infringing designs caused Samsung's market share to increase." Any such testimony or argument would be unsupported, highly misleading, confusing, and prejudicial, and should be excluded. Fed. R. Evid. 401-403.

## II.    Apple's Market Share Graphic Misleadingly Suggests Causation and Should Be Excluded.

Ms. Davis includes in her expert report a demonstrative from the first trial that should be excluded. Dkt. 3602 at Exh. 11.2-PT ("Samsung U.S. Smartphone Market Share"). The figure includes a vertical line denoting the release of the Galaxy S in July 2010 along with a small picture of that phone. In a transparent attempt to mislead, the graph uses red highlighting for the trend in Samsung's subsequent market share, in contrast to the blue used for the earlier segment. This demonstrative is likely to mislead the jury into seeing evidence of causation where there is none.

Ms. Davis's reliance on Exhibit 11.2-PT is not being offered for any purpose that could possibly outweigh the confusion and prejudice it threatens.[1] Ms. Davis cites Exhibit 11.2-PT in two remaining sections of her Opening Expert Report, in the "Background" section and in support of *Georgia-Pacific* factor 8. First, Ms. Davis offers the "background" opinion that "Samsung's overall increase in market share from Q2 2010 to Q4 2011 coincided with its launch and sales of infringing smartphones." Dkt. 3602 ¶¶ 48-49. But Ms. Davis testified that she is not offering the opinion that the release of the phones in this lawsuit *caused* the increase in market share. At the first trial, Apple justified Mr. Musika's use of this graphic as background "to show competition between Apple and Samsung in the smartphone markets." Dkt. 1875 (referring to slide 7). That likewise is not enough to outweigh the threatened confusion and prejudice. This "background" testimony only risks misleading the jury into improperly speculating that there is a causal relationship between increased

---

[1]   Ms. Davis's opening report cited Exhibit 11.2-PT as evidence regarding the identity of the articles of manufacture, Dkt. 3602 ¶ 140H, but these opinions were stricken by the Court's *Daubert* order. Dkt. 3645 at 32-34. The fact that Apple intended to use Exhibit 11.2-PT as improper support for its AOM contentions highlights the potential prejudice to Samsung if Apple is permitted to use it in the upcoming trial.

1   market share and infringement, and accordingly it should be excluded.

2          Similarly, any attempt to justify use of Exhibit 11.2-PT in Ms. Davis's reasonable royalty

3   analysis must fail.  Ms. Davis opines that "**Exhibit 11.2-PT** shows Samsung's market share rapidly

4   increasing following the introduction of the infringing Galaxy S phone in July 2010."  Dkt. 3602

5   ¶ 225.  This opinion is not probative of *Georgia Pacific* Factor 8 which addresses "The established

6   profitability of the product made under the patent; its commercial success; and its current

7   popularity."  Ms. Davis admitted that she had not analyzed "whether or not the patented designs

8   caused higher profits."  Dkt. 3638-1 at 75:2-17; 81:2-7.  Thus an opinion merely about changing

9   market share cannot show the profitability "of the product made under the patent."  In the alternative,

10  to the extent that this opinion offers any probative value, it is greatly outweighed by the danger of

11  misleading or confusing the jury because Exhibit 11.2-PT appears to illustrate a causal relationship

12  where Ms. Davis acknowledges she has not done the analysis necessary to conclude that.

13                **III. The Court's Groundhog Day Rule Does Not Require a Different Result.**

14         The fact that Exhibit 11.2-PT has previously been shown to the jury does not mean that it is

15  admissible at this trial.  Most importantly, Ms. Davis has now admitted that she is not offering, and

16  cannot offer, the prejudicial opinion on causation that Exhibit 11.2-PT overwhelmingly suggests.

17  This new admission shows that testimony improperly implying causation will be nothing but

18  confusing, misleading, prejudicial, and waste of time.  Also, while in the previous trials Exhibit

19  11.2-PT was offered in support of the *Panduit* factors for lost profits, that rationale is lacking here.

20  Dkt. 3630-1 (no lost profits).  Finally, the Court reopened discovery here with the "Groundhog Day"

21  rule accordingly limited in nature and subject to modification in light of the specific issues for the

22  jury.  Because the threat of confusion and prejudice is great in this trial, Ms. Davis, and any other

23  witnesses, should be prohibited from offering unsupported opinions that imply that Samsung's use

24  of features found to infringe caused an increase in its market share.

25                                           **CONCLUSION**

26         The Court should issue an order prohibiting Apple from presenting evidence, testimony, or

27  argument that improperly suggests causation between infringement by Samsung and its market

28  share, including Exhibit 11.2-PT to Ms. Davis's report.

1    DATED:  April 9, 2018                    Respectfully submitted,

2                                            QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
3

4                                            By  /s/ Victoria F. Maroulis
                                                John B. Quinn
5                                               Kathleen M. Sullivan
                                                William C. Price
6                                               Michael T. Zeller
                                                Kevin P.B. Johnson
7                                               Victoria F. Maroulis

8
                                                Attorneys for SAMSUNG ELECTRONICS CO.,
9                                               LTD., SAMSUNG ELECTRONICS AMERICA,
                                                INC., and SAMSUNG TELECOMMUNICATIONS
10                                              AMERICA, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28