QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION IN LIMINE #2**<br><br>**Date:** May 3, 2018<br>**Time:** 1:30 p.m.<br>**Place:** Courtroom 8, 4th Floor<br>**Judge:** Hon. Lucy H. Koh |

Samsung moves the Court for an order prohibiting Apple from presenting evidence or argument suggesting that this Court, the prior jury, or the U.S. Patent and Trademark Office ("PTO") has already determined the articles of manufacture to which Samsung applied the patented designs. All such evidence and argument is irrelevant under Fed. R. Evid. 402 because, as this Court recognized in its Order re *Daubert* Motions (Dkt. 3645), no court or government body has ever considered the "article of manufacture" issue that is set for trial. Moreover, any evidence or argument suggesting that this new issue has already been decided would be highly confusing and misleading to the jury, and exceptionally prejudicial to Samsung, and thus should also be excluded under Fed. R. Evid. 403.

In the *Daubert* order, the Court rejected "Apple's experts' contentions that the Court somehow determined the relevant articles of manufacture in its claim constructions," explaining that those constructions were issued "before the U.S. Supreme Court clarified the meaning of the phrase 'article of manufacture.'" Dkt. 3645, at 27. The Court thus ruled that it "will not allow any of the experts to opine that the Court's claim constructions determined the relevant article of manufacture." *Id.* at 27-28. For similar reasons, the Court further ruled that "Apple's experts may not argue that the prior jury determined the relevant article of manufacture based on the products it received for its deliberations, its verdict, or the wording of its verdict form." *Id.* at 28. As the Court explained (*id.* at 27), "allowing [such] arguments … would be misleading to the jury and highly prejudicial to Samsung." The Court thus granted Samsung's motion to exclude the proposed expert testimony that Samsung identified as opining that the Court's claim constructions or the jury's verdict had determined the relevant articles of manufacture. *Id.* at 28.[1] And the Court indicated that it "will instruct the jury that identifying the relevant article of manufacture is a question for the jury" in the upcoming trial (*id.*), following on the Court's proposal at the hearing that the jury will be instructed

---

[1] The Court granted "Samsung's motion to exclude the testimony highlighted in green" in Mr. Ball's and Dr. Kare's expert reports. Dkt. 3645, at 28. Although the Court did not expressly reference ¶ 224 of Mr. Ball's opening report (Dkt. 3595-4) in its enumeration of the excluded "testimony highlighted in green," the omission appears inadvertent, and Samsung understands ¶ 224 to be included in the exclusion: ¶ 224 is highlighted in green, and relies on ¶ 137 of the same document, which the Court expressly identified as excluded. Dkt. 3645, at 28.

so as to make it "completely clear" that the relevant articles of manufacture are not "pre-defined," and that instead "identifying the article of manufacture is a decision solely for the jury and has not been decided" (Dkt. 3643, at 83:19-25).

The Court's *Daubert* order thus recognized that the identities of the relevant articles of manufacture have not been decided and remain open to the jury, and that Apple's proposed expert testimony is subject to exclusion to the extent it suggested to the contrary. The same reasoning extends not only to expert testimony, but also to lay-witness testimony, documentary evidence, and lawyer argument: *Any* suggestion by Apple or its witnesses that the relevant articles of manufacture have already been determined would be legally and factually incorrect, as well as "misleading to the jury and highly prejudicial to Samsung." Dkt. 3645, at 27. Apple should be precluded under Fed. R. Evid. 402 and 403 from advancing any such irrelevant and misleading contention at trial, regardless of the form in which it does so, and Samsung requests an order to that effect.

Among other things, the principle that "identifying the relevant article of manufacture is a question for the jury" (*id.* at 28) requires exclusion of evidence and argument suggesting that the PTO has already determined the relevant articles of manufacture. Specifically, Apple should not be permitted to contend that by granting Apple's D'677 and D'087 patents, the PTO determined that those patents, which claim designs that are "of" or "for" an "electronic device," must also have been "applied" to Samsung's devices as a whole (rather than only to components thereof). The PTO granted Apple's design patents before the Supreme Court's decision in this case and thus had no occasion to decide whether Apple's designs were in fact "for" entire products or only "for" components thereof. The MPEP instructs patent examiners to "afford the applicant substantial latitude in the language of the title/claim," MPEP § 1503.01, and before the Supreme Court's decision no examiner would have had a reason to question Apple's designation of an "electronic device" as the relevant article of manufacture for the D'677 and D'087 patents. And the PTO had no occasion even to consider the articles of manufacture to which *Samsung* might later apply Apple's designs. For these reasons, the Solicitor General rightly explained in setting forth its four-factor test that it would be inappropriate for the factfinder to "treat the patent's designation of the article as conclusive. The inventor of a piano-case design, for instance, should not be able to obtain

profits on the piano as a whole simply by characterizing his invention as an 'ornamental design for a piano." U.S. Br. 28.

Accordingly, as part of the requested ruling precluding Apple from suggesting that the relevant articles of manufacture have already been determined, the Court should direct that the copies of the D'677 and D'087 patents that go into the jury room will be redacted in accordance with the highlighted portions of Exhibits A and B hereto.[2] The Court should, in addition, preclude Apple from referencing any part of the MPEP suggesting that the article of manufacture is the entire product. The jury should rely on this Court's instructions, not the MPEP, in identifying the relevant articles of manufacture. And as this Court has recognized, any contention (ostensibly under Factor 1 of the test) that the patents' identification of an "electronic device" is decisive of the article-of-manufacture issue "would be inconsistent with the other three factors" (Dkt. 3645, at 10), and would invite error.

## CONCLUSION

Because "identifying the relevant article of manufacture is a question for the jury" (Dkt. 3645, at 28), the Court should issue an order under Fed. R. Evid. 402 and 403 that prohibits Apple from suggesting through evidence or argument that the Court, the prior jury, or the PTO has already determined, in any way, that Samsung's entire smartphones or "electronic devices" are the articles of manufacture to which the patented designs were applied, including by redacting the text of the D'677 and/or D'087 patents in accordance with the highlighting in Exhibits A and B hereto.

---

[2] *See, e.g.*, *Apple, Inc. v. Samsung Elecs. Co.*, No. 12-cv-630, Dkt. No. 1680, at 1 (April 13, 2014) (Koh, J.) (ordering that "Apple must redact the paragraph[s]" containing prejudicial text in PX268, pursuant to Fed. R. Evid. 403); *id.* Dkt. 1554, at 1 (March 31, 2014) (overruling Apple's objections to redaction of prejudicial portion of otherwise probative exhibit DX408A); *id.* Dkt. 1541, at 1 (March 29, 2014) (ordering redaction of exhibit under Fed. R. Evid. 403); *Counts v. Burlington N.R. Co.*, 952 F.2d 1136, 1138, 1144 (9th Cir. 1991) ("We … find error in the damages trial because of prejudice to [defendant] due to failure to … redact the exhibits from the first trial that were submitted to the jury in the second trial"; district court's "cautionary instruction to ignore [prejudicial material] was inadequate to cure the prejudice"); *United States v. Pac. Gas & Elec. Co.*, 2016 WL 3648545, *5 (N.D. Cal. July 7, 2016) (ruling that although an exhibit was "highly relevant," it "must be redacted to eliminate unfair prejudice and avoid improper … inferences"); *Providencia V. v. Schutlze*, No. 02 CIV 9616, 2007 WL 1582996, at *9 (S.D.N.Y. May 31, 2007) (directing that certain "portions of [an] exhibit shall be redacted as unfairly prejudicial and likely to cause the jury confusion").

1 | DATED: April 9, 2018

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By /s/ Victoria F. Maroulis
   John B. Quinn
   Kathleen M. Sullivan
   William C. Price
   Michael T. Zeller
   Kevin P.B. Johnson
   Victoria F. Maroulis

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC., and SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC