1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   John B. Quinn (Bar No. 90378)
2  johnquinn@quinnemanuel.com
   William C. Price (Bar No. 108542)
3  williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
4  michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
5  Los Angeles, California 90017
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Kathleen M. Sullivan (Bar No. 242261)
   kathleensullivan@quinnemanuel.com
8  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
9  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
10 555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
11 Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
12
13 Attorneys for Samsung Electronics Co., Ltd.,
   Samsung Electronics America, Inc., and Samsung
14 Telecommunications America, LLC

15                 UNITED STATES DISTRICT COURT
16                 NORTHERN DISTRICT OF CALIFORNIA
17                          SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION IN LIMINE #3**<br><br>**Date:** May 3, 2018<br>**Time:** 1:30 p.m.<br>**Place:** Courtroom 8, 4th Floor<br>**Judge:** Hon. Lucy H. Koh |

Samsung moves the Court for an order precluding Apple from offering evidence or argument regarding the '915 patent. The Federal Circuit upheld the PTAB's ruling invalidating the only claim of the '915 patent asserted against Samsung and Apple has confirmed that it is not seeking any '915 damages in this trial. Evidence or argument referencing the '915 patent, including the opinions of Apple experts Dr. Karan Singh regarding the technology of the '915 patent and Dr. John Hauser regarding demand or willingness to pay for the '915 patented feature, would lead to unfair prejudice, confusion of the issues, misleading of the jury, and undue consumption of time. Such evidence and argument should be excluded pursuant to Fed. R. Evid. 401, 402, and 403.

### **The Court Should Exclude Any Evidence Or Argument Regarding the '915 Patent**

The Federal Circuit affirmed the invalidation of Claim 8 of the '915 patent, which was the only claim asserted in this lawsuit. *In re Apple Inc.*, 685 F. App'x 907, 911 (Fed. Cir. 2017). Accordingly, Apple has conceded that the '915 patent will not be at issue in the upcoming trial, stating that in order to "streamline proceedings" Apple "will not seek damages for the '915 patent in the stayed retrial." Dkt. 3506 at 1; *see also* Dkt. 3630-1 (joint damages remedy chart omitting '915 patent). Allowing Apple to present evidence or argument regarding a patent that is no longer at issue and has been found invalid, including any evidence or argument about the nature or value of the '915 technology, any reference to Samsung's use of that technology or any reference to prior jury verdicts regarding the '915 patent, would be highly prejudicial to Samsung and could lead to the jury compensating Apple for technology that is not covered any of the patents at issue. Moreover, any such evidence or argument could confuse the jury about the technology at issue and, at a minimum, would necessarily interject the '915 patent into this proceeding, requiring an undue consumption of time in an already short five-day trial to address a patent and technology that is unrelated to any pending claim for damages.

This impermissible evidence includes the following:

**(a) Dr. Singh**. Dr. Karan Singh was Apple's technical expert regarding both the '163 and '915 patents. He testified in that capacity at prior trials when the '915 patent was in issue. Apple should be precluded from offering evidence or argument regarding his opinions about the '915 patent at the upcoming trial for the reasons above.

**(b) Dr. Hauser**.  Nor should Apple be permitted to offer evidence or argument regarding Dr. John Hauser's conjoint survey about consumers' willingness to pay.  Dr. Hauser offered willingness to pay opinions regarding either the '915 patent alone, or the combination of the '915, '163, and '381 patents.  *See* Dkt. 2130-1 (Hauser Report) ¶ 103, Table 4.  But Dr. Hauser did not offer a separate willingness to pay opinion for the '163 or '381 patents, and he conceded that he only had values for the combination of the '915, '163, and '381 patents together and could not separate the values for the '163 or '381 patents.  *See* Dkt. 2840 at 607:22-24 ("I have a number for the '915, '163, and '381 patents together.  I did not break out the '381."); *id.* at 605:19-21 ("we did not break out the '163.").[1]  Allowing the jury to hear testimony about demand and willingness to pay for a bundle of patents that includes the '915 patent will be highly prejudicial, misleading and confusing.  And the probative value, if any, of that testimony does not outweigh the prejudice and confusion that will follow.

Moreover, Dr. Hauser should also be excluded because reliance on his testimony by Apple would be inconsistent with the Court's prior rulings.  The Court limited each side to one damages expert, Dkt. 3542, and struck the survey report of Dr. David Reibstein as an improper second damages expert.  Dkt. 3645 at 35-37.  Although Samsung respectfully disagrees with that ruling, to the extent Dr. Hauser's conjoint survey is relevant at all, it is only relevant to Ms. Davis's reasonable royalty damages calculations.  Thus, by the same reasoning, the Court should preclude Apple from calling Dr. Hauser as an expert.

**(c) Ms. Davis**.  Finally, Apple's expert Ms. Davis should not be permitted to testify at trial about the results of Dr. Hauser's conjoint survey.  The Court previously ruled that Apple could not have one expert testify about a survey conducted by another expert.  Dkt. 1596 at 2 ("allowing Winer to testify regarding a survey conducted by Dr. Van Liere is not permitted by the Federal Rules"

---

[1] Apple cannot overcome this deficiency by attempting to subtract the value for the '915 patent from the results for all three patents together.  Even assuming that would be a valid use of conjoint survey results (and Dr. Hauser's report does not state that it would), that calculation is not in Dr. Hauser's report and adding new calculations now would violate the Court's Groundhog Day rules.  Dkt. 2575 at 12-13 (striking multiplication of per-icon design costs with icon numbers because "previously unperformed calculations are 'new' for purposes of this retrial").

1  because it would shield unfairly Dr. Van Liere from cross-examination).  Moreover, although Ms.
2  Davis cites Dr. Hauser's report to support her conclusion that "there is demand for the technology
3  of the utility patents at issue in the 2018 Remand Trial," she does not address Dr. Hauser's failure
4  to offer any opinion independent of the '915 patent.  *See* Dkt. 3593-4 ¶104.  Ms. Davis also cites to
5  Dr. Hauser's willingness to pay numbers in discussing *Georgia-Pacific* Factor 13, which looks to
6  the "portion of the realizable profit that should be credited to the invention as distinguished from
7  non-patented elements, the manufacturing process, business risks, or significant features or
8  improvements added by the infringer."  Dkt. 3593-4 ¶ 245.  But here as well, Ms. Davis fails to
9  address the fact that Dr. Hauser does not provide values for the '163 or '381 patents alone, and in
10 any event Dr. Hauser's "willingness to pay" numbers offer little probative value regarding profit
11 realized from the '163 or '381 patented inventions relative to non-patented features given (i) his
12 admission that willingness to pay does not reflect what consumers would actually pay in the
13 marketplace and (ii) his failure to calculate willingness to pay numbers for non-patented features so
14 as to provide a relative valuation of the patented features.  Dkt. 1695 at 1932:2-1937:11; Dkt. 2840
15 at 591:8-13.

## **CONCLUSION**

17       The Court should issue an order precluding Apple from offering any evidence or argument
18 regarding the '915 patent, including testimony by Drs. Singh or Hauser or testimony that relies on
19 their opinions.

1  DATED:  April 9, 2018						Respectfully submitted,

2									QUINN EMANUEL URQUHART &
									SULLIVAN, LLP
3

4
								By  /s/ Victoria F. Maroulis
5									John B. Quinn
									Kathleen M. Sullivan
6									William C. Price
									Michael T. Zeller
7									Kevin P.B. Johnson
									Victoria F. Maroulis
8

9									Attorneys for SAMSUNG ELECTRONICS CO.,
									LTD., SAMSUNG ELECTRONICS AMERICA,
10									INC., and SAMSUNG TELECOMMUNICATIONS
									AMERICA, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28