ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION IN LIMINE #2**<br><br>Date:     May 3, 2018<br>Time:    1:30 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

Samsung's Motion in Limine #2 is unnecessary.  As the Court recognized in its *Daubert* Order, Apple previously represented to the Court that Apple will not argue to the jury that the Court, the prior jury, or the PTO has already decided that the articles of manufacture ("AOMs") are the entire phones.  Dkt. 3645 at 27; *see* Dkt. 3643 at 80:18-82:2, 83:19-84:2.  Under the same rules, Samsung may not argue that the Court, the prior jury, or the PTO has decided the opposite—namely, that the AOMs are something less than the entire phones.  *See* Dkt. 3643 at 82:3-83:25.[1]  That is because it will be up to the jury to decide what the AOMs are.  *Id.* at 83:19-25.  But the parties and the witnesses must be able to discuss the *evidence* supporting their positions regarding the identity of the AOMs, especially as that evidence relates to the Court's four-factor test that the jury will be instructed to consider.  Samsung's request that the D'677 and D'087 patents (but not the D'305 patent) be selectively redacted to omit the portions it does not like is neither reasonable nor principled, and should be denied.

Samsung's motion focuses primarily on the D'677 and D'087 patents.  While neither party should be permitted to argue that the patents themselves are "conclusive" or "decisive" as to the identity of the AOMs (*see* Mot. at 2, 3), the patents are unquestionably relevant evidence for the jury to evaluate in applying the Court's four-factor test.  Factor 1 is "[t]he scope of the design claimed in the plaintiff's patent, including the drawing and written description."  Dkt. 3530 at 35.  The jury therefore must consider the infringed patents as one of four factors in determining the AOMs.  Indeed, Samsung argued to the Supreme Court that "[y]ou ought to look at the patent because … ***the patent is going to be the best guide to what the design is applied to in many, many cases, as in this case***."  Ex. A, S. Ct. Tr. 7:18-21 (emphasis added); *see also* Dkt. 3524 at 4

---

[1] For example, Samsung's design expert has opined that "where the prior jury found that Samsung's phones infringed the D'677 patent, it did so based on similarities between the front face of those phones and the material in the D'677 patent that is shown in solid lines.  This further supports my opinion that the scope of the D'677 is limited, and that the front face of the infringing Samsung phones is the [AOM] to which the D'677 design was applied."  Dkt. 3592-25, ¶ 77; *see also id.* ¶¶ 74-77, 112-115, 134-139.  Just as Apple cannot argue that the prior verdict shows that the AOMs are the phones, Samsung may not argue that the prior verdict shows that the AOMs are something less than the phones, or that the jury's decision was "based on" certain evidence rather than all of the evidence.

1  (Samsung arguing that "the patent" is "the single most vital factor" in determining the AOM);
2  Dkt. 3491 at 8 (Samsung relying on "Apple's design patents [that] were in evidence" in arguing
3  that the previous trial record supported an AOM instruction and the grant of a new trial).
4       Now, however, Samsung apparently believes that the jury should consider only portions
5  of the D'677 and D'087 patents and actually proposes redacting those patents to remove the
6  words it finds unhelpful to its case. In particular, Samsung asks the Court to redact the patents'
7  titles, several portions of the written description (including every mention of "electronic device"
8  and "article of manufacture"), and even portions of the claim language. Dkt. 3650-01; Dkt. 3650-
9  02. There is no basis for these—or any—redactions. The D'677 and D'087 patents were
10 admitted as joint exhibits without redaction at each of the past two trials, and have been a part of
11 the trial and appellate record throughout this litigation. Moreover, as noted above, Factor 1 of the
12 Court's test expressly requires the jury to consider the patents' claims and written descriptions,
13 and Samsung agrees that the titles are relevant as well. Dkt. 3530 at 35; *see* Dkt. 3643 at 38:7-9,
14 39:2-6 (Samsung's counsel arguing that a patent's title is "relevant" and suggesting that
15 "ignor[ing] the title of your own patent" would not be "a competent expert opinion"). Redacting
16 the patents would not only eliminate relevant evidence from the jury's consideration, but would
17 also confuse the jury by rendering the patents incomplete and unreadable and would prejudice
18 Apple. Just as the Court will not modify its claim constructions that reference an "electronic
19 device" and/or "article of manufacture," it would be even more inappropriate to modify the
20 patents. *See* Dkt. 3645 at 27.[2]
21      Samsung also argues that "Apple should not be permitted to contend that by granting the
22 D'677 and D'087 patents, the PTO determined that those patents, which claim designs that are
23 'of' or 'for' an 'electronic device,' must also have been 'applied' to Samsung's devices as a

---

[2] Samsung's cited cases in which redactions have been allowed (Mot. at 3 n.2)—none of which involve redacting patents—do not support its proposed redactions here, as the D'677 and D'087 patents are highly relevant evidence, and there is no prejudice to Samsung from allowing the jury to consider the patents in their entirety. Conversely, redacting the patents would be confusing and would prejudice Apple.

1  whole (rather than only to components thereof)." Mot. at 2.[3]  But Apple and its experts have not
2  made that argument, and they will not do so at trial.  Instead, as the Court recognized in its
3  *Daubert* Order, Apple and its experts may discuss the infringed patents as evidence relevant to
4  Factor 1.  Dkt. 3645 at 9-10 (the Court stating that it "contemplated that evaluation of the first
5  factor could include discussion of the relationship between the claimed design and the unclaimed
6  subject matter described in the patent and depicted in the patent's figures").  The Court thus found
7  that Apple's experts' opinions regarding Factor 1—which conclude that the patents support their
8  views that the patented designs may be and have been applied to electronic devices as a whole—
9  "are relevant, reliable, and will be helpful to the jury." *Id.* at 10.  Moreover, the Court explained,
10 "[t]o the extent Samsung believes Mr. Ball and Dr. Kare draw the wrong inferences from the first
11 factor," Samsung may seek to challenge their opinions through competing evidence and cross-
12 examination.  *Id.*  But Samsung should not be permitted to do so by selectively redacting the
13 patents or other evidence that Samsung finds unhelpful to its position.

\* \* \*

15 Samsung's request to redact two of the three infringed design patents should be denied.
16 Samsung's request for an order "prohibiting Apple from presenting evidence or argument that this
17 Court, the prior jury, or the [PTO] has already determined the [AOMs] to which Samsung applied
18 the patented designs" (Mot. at 1) is unnecessary, as the Court's *Daubert* Order already defined the
19 contours of what the parties and their witnesses will be allowed to say at trial in these respects.

---

[3]  Samsung adds that "[t]he Court should, in addition, preclude Apple from referencing any part of the MPEP suggesting that the [AOM] is the entire product." Mot. at 3.  Apple does not intend to do so before the jury, and Samsung should likewise refrain from referencing the MPEP.

| | |
|---|---|
| Dated: April 13, 2018 | WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br><br>By: */s/ Mark D. Selwyn*<br>　　　MARK D. SELWYN<br><br>　　　Attorneys for Plaintiff<br>　　　APPLE INC. |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on April 13, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

/s/ Mark D. Selwyn
Mark D. Selwyn