```
 1            IN THE SUPREME COURT OF THE UNITED STATES
 2     - - - - - - - - - - - - - - - - - x
 3     SAMSUNG ELECTRONICS CO.,          :
 4     LTD., ET AL.,                     :
 5              Petitioners              :   No. 15-777
 6          v.                           :
 7     APPLE, INC.,                      :
 8              Respondent.              :
 9     - - - - - - - - - - - - - - - - - x
10                          Washington, D.C.
11                          Tuesday, October 11, 2016
12
13            The above-entitled matter came on for oral
14     argument before the Supreme Court of the United States
15     at 10:05 a.m.
16     APPEARANCES:
17     KATHLEEN M. SULLIVAN, ESQ., New York, N.Y.; on behalf of
18        the Petitioners.
19     BRIAN H. FLETCHER, ESQ., Assistant to the Solicitor
20        General, Department of Justice, Washington, D.C.;
21        for United States, as amicus curiae, supporting
22        neither party.
23     SETH P. WAXMAN, ESQ., Washington, D.C.; on behalf of the
24        Respondent.
25
```

```
 1                  C O N T E N T S
 2    ORAL ARGUMENT OF                                PAGE
 3    KATHLEEN M. SULLIVAN, ESQ.
 4        On behalf of the Petitioners                 3
 5    ORAL ARGUMENT OF
 6    BRIAN H. FLETCHER, ESQ.
 7        For United States, as amicus curiae,
 8        supporting neither party                    20
 9    ORAL ARGUMENT OF
10    SETH P. WAXMAN, ESQ.
11        On behalf of the Respondent                 32
12    REBUTTAL ARGUMENT OF
13    KATHLEEN M. SULLIVAN, ESQ.
14        On behalf of the Petitioners                52
15
16
17
18
19
20
21
22
23
24
25
```

1    argument we gave as an alternative.

2           As the case comes to the Court, all we ask

3    is that you rule in favor of us on article of

4    manufacture.

5           And, Justice Kennedy, the statute tells us

6    what to look at --

7           JUSTICE KAGAN:  Could I really quickly make

8    sure I understand that, that in other words, you're --

9    you're saying we should only look to what an article of

10   manufacture is and not your other argument that there

11   should be apportionment as to any particular article of

12   manufacture.

13          MS. SULLIVAN:  That is correct, Your Honor.

14   We're pressing here, as you all you need to resolve the

15   case, that a jury should be instructed that total profit

16   must be profit derived from the article of manufacture

17   to which the design has been applied.

18          And, Your Honor, the statute does support

19   our test because the statute asks us to look at the

20   article of manufacture to which the design has been

21   applied.

22          JUSTICE GINSBURG:  And what is that in

23   this -- in this case?

24          MS. SULLIVAN:  Your Honor, in this case it

25   is -- there are three patents.  The D'677 is on the

1  front face of a phone.  The rectangular, round-cornered
2  front face of a phone.
3           In the D'087, it's also the rectangular,
4  round-cornered front face of the phone with certain
5  aspect ratio and corner radii.
6           In the D'305, it is the display screen on
7  which the graphical user interface appears.
8           So, to answer Justice Kennedy's question,
9  the jury should have been instructed either with our
10 instruction:  Instruction 42.1 would have said to the
11 jury, I'm giving you guidance.  There's an article of
12 manufacture here, but it may be less than the entire
13 phone.  The article of manufacture may be a part or
14 portion of the phone, and you should look at two things,
15 Your Honor.
16          You should look at the patent, and, Justice
17 Kennedy, with respect -- you shouldn't just look at
18 the -- at the phones in the jury room.  You ought to
19 look at the patent because, Justice Ginsburg, the patent
20 is going to be the best guide to what the design is
21 applied to in many, many cases, as in this case.
22          JUSTICE SOTOMAYOR:  Ms. Sullivan, you seem
23 to be arguing, as when you opened, that as a matter of
24 law, you were right.  And I don't see that as a matter
25 of law.