ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION IN LIMINE #3**<br><br>Date:   May 3, 2018<br>Time:   1:30 p.m.<br>Place:  Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

Samsung asks "for an order precluding Apple from offering evidence or argument regarding the '915 patent." Mot. at 1.  Apple has already confirmed that it will not raise the '915 patent at the upcoming trial.  Samsung should also be precluded from mentioning the '915 patent.

The '915 patent is no longer a part of this case.  The prior juries found that claim 8 of the '915 patent was infringed by Samsung and not invalid, and awarded damages for that infringement.  Dkt. 1931 at 3, 9, 15-16; Dkt. 2822 at 1-2.  Samsung did not appeal the infringement finding, and the Federal Circuit affirmed the finding of no invalidity and the damages awarded for the '915 patent.  *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1003-1005 (Fed. Cir. 2015), *vacated in part on other grounds*, 137 S. Ct. 429 (2016).  Samsung did not petition for certiorari on any issues relating to the '915 patent.  *See Samsung Elecs. Co. v. Apple Inc.*, No. 15-777, Petition for Certiorari (U.S. Dec. 14, 2015).  On remand from the Federal Circuit, this Court entered a partial final judgment that included $149 million for Samsung's infringement of Apple's three utility patents (including the '915 patent).  Dkt. 3290.  The Federal Circuit summarily denied Samsung's appeal from that partial final judgment.  *Apple Inc. v. Samsung Elecs. Co.*, No. 15-2088, Dkt. 29 (Fed. Cir. Oct. 13, 2015), *pet. for reh'g en banc denied*, Dkt. 35 (Nov. 19, 2015).  Samsung paid to Apple the damages it owed for infringement of the '915 patent in December 2015.

As Apple has previously represented to the Court and Samsung, the '915 patent is not at issue in the upcoming trial.  *See* Dkt. 3630-1.  Apple accordingly will not rely on evidence or testimony directed to the '915 patent.  To be clear, Apple will not introduce at trial the following evidence or testimony mentioned in Samsung's motion:  (1) Dr. Singh's opinions regarding the '915 patent (he may testify, however, about the '163 patent); (2) Dr. Hauser's conjoint survey about consumers' willingness to pay; and (3) Ms. Davis's opinions about the results of Dr. Hauser's conjoint survey.  *See* Mot. at 1-2.

Finally, because the judgment regarding the '915 patent is final and the '915 patent has no relevance to the upcoming trial, Samsung should likewise be precluded from introducing or relying on any evidence, testimony, or argument relating to the '915 patent.

| | |
|---|---|
| Dated: April 13, 2018 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | By: */s/ Mark D. Selwyn* <br> MARK D. SELWYN |
| | Attorneys for Plaintiff <br> APPLE INC. |

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on April 13, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

/s/ Mark D. Selwyn
Mark D. Selwyn