QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION IN LIMINE #1 TO EXCLUDE SAMSUNG'S INDEPENDENT DEVELOPMENT EVIDENCE**<br><br>**Date:**　May 3, 2018<br>**Time:**　1:30 p.m.<br>**Place:**　Courtroom 8, 4th Floor<br>**Judge:**　Hon. Lucy H. Koh |

Apple makes a single argument in seeking to exclude evidence that Samsung did not copy the iPhone: the Court excluded such evidence before, so it should do so again. Dkt. 3646. But the Court's prior rulings do not apply because this evidence is relevant to a new issue—the identity of the relevant AOMs. Because the issues are different now, the Rule 403 balance of the evidence's probative value and purported prejudicial effect is necessarily different. And Apple makes no showing that Samsung's product development evidence is prejudicial at all, let alone substantially more prejudicial than probative. If Apple may seek to prove "copying," as the Court has ruled over Samsung's objections, Samsung's proof that it did not copy is highly probative and admissible.

**A.   The Court's Prior Orders And Groundhog Day Rule Do Not Justify Exclusion**

Apple relies heavily on the Court's Groundhog Day rule without discussing the basis for that rule. As the Court has explained, it adopted a Groundhog Day rule for the 2013 retrial because the "sole purpose" of that retrial was "to correct the erroneous notice dates." Dkt. 2316. Because the goal was to "hew as close as possible to the 2012 trial in order to merely correct for the 2012 jury's use of improper notice dates," it made sense to "bar[] the parties from attempting to present exhibits or witnesses that were not timely disclosed and admissible at the 2012 trial." Dkt 2708 at 4. Similarly, the contemplated 2016 retrial was needed merely to consider patent damages for products found to dilute Apple's invalidated trade dresses, while adhering to the legal rulings and evidentiary record that had governed previously. *See, e.g.*, Dkt. 3430 at 4 (Groundhog Day rule applied because Federal Circuit did not "reverse any of the Court's evidentiary rulings or require discovery to be reopened" and "nothing changed … other than the elimination of Apple's trade dress claims").

The circumstances of the upcoming retrial are fundamentally different. Following the Supreme Court's change in law, this Court adopted a new legal test for determining the AOM and ordered a new trial of all issues of design-patent damages, including AOM identity. Dkt. 3530. Thus, the jury is not merely correcting notice dates or recalculating damages under *prior* law; it is charged with reassessing all aspects of design-patent damages under *new* law. Because the legal landscape has changed, the Court reopened discovery to allow the parties to adduce evidence relevant to the new governing test, citing the prejudice that Samsung would suffer if it were denied that opportunity—particularly in light of the new burden that has been placed on Samsung. Dkt.

3538 at 18-19; Dkt. 3530 at 25-27.  And for the same reasons, the Court adopted only "a *limited* Groundhog Day rule" that does *not* apply to article-of-manufacture evidence, in contrast to the *strict* Groundhog Day rule that governed previously.  Dkt. 3538 at 3-4 (emphasis added).  It is undisputed that the evidence which Apple seeks to exclude goes directly to the new AOM test.  Dkt. 3605-3 at 2.  Thus, by its terms, the Court's "limited Groundhog Day rule" is inapplicable.

For similar reasons, the Court's prior exclusion Orders are not "law of the case" in considering exclusion now.  At the first trial, the Court excluded certain of Samsung's independent creation evidence on the grounds that the jury might mistakenly find such evidence relevant to whether Apple's patents were *valid*—which would be improper, the Court found, in light of Samsung's invalidity contentions.  Dkt. 1456 at 2 (slides 11-19).  At the 2013 retrial, the Court's strict Groundhog Day rule applied, so the evidence was excluded again.  Dkt. 2708 at 4 ("this limited damages retrial must hew as close as possible to the 2012 trial").  The Federal Circuit affirmed this balancing of probative value and prejudice, *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1000-01 (Fed. Cir. 2015), but a *new* balancing is required now because the upcoming retrial presents an entirely new set of issues.  Under well-established law, the Supreme Court's and this Court's intervening rulings vitiate any law-of-the-case basis for adhering to the prior Orders.  *See, e.g.*, *Dow Chem. Co. v. Nova Chems. Corp. (Canada)*, 803 F.3d 620, 628 (Fed. Cir. 2015).

Accordingly, Apple's reliance on prior rulings is misplaced.  Because the legal landscape and issues to be tried have changed, so must this Court's evaluation of probative value and prejudice.

**B.     Apple Identifies No Basis For Exclusion Under Rule 403**

On the merits, Apples offers no basis for excluding Samsung's evidence as *substantially* more prejudicial than probative.  *First*, Apple never denies that the evidence is highly relevant.  This Court has ruled that evidence of supposed "copying" is relevant to Factor 2 of the AOM test.  Dkt. 3645 at 18-19.  If evidence of copying is relevant to show "relative prominence," then evidence that Samsung did *not* copy the iPhone is relevant to show that the designs are *not* prominent features of Samsung's smartphones.  And because the Court has ruled that Samsung bears a new burden of production on these issues, *see* Dkt. 3530 at 26, its ability to make its case is especially important.

*Second*, Apple fails to show that the evidence would be unfairly prejudicial in any way.

1  While the Court previously found prejudice based on the possibility that the jury would be confused
2  as to validity (*see* Dkt. 1690, at 9; Dkt. 2708, at 3-4), validity is not at issue now and Samsung will
3  not argue that issue to the jury.  Instead, Samsung intends to rely on the challenged evidence solely
4  to support its AOM contentions.  A simple instruction that Apple's patents are valid would eliminate
5  any possible prejudice.  On the other hand, excluding such evidence altogether would be
6  extraordinarily prejudicial to Samsung:  Apple would be able to present significant and
7  inflammatory evidence as to a key issue to be tried, while Samsung would be deprived of any
8  opportunity to make a contrary case.  Exclusion is not justified under Rule 403.[1]

### C.  Apple's Motion Is, At A Minimum, Overbroad

In all events, Apple's motion overreaches.  According to Apple, "Samsung should continue to be precluded from introducing *any* supposed 'independent development' evidence or testimony at trial."  Dkt. 3646 at 1 (emphasis added).  But that was never the Court's ruling.  Rather, the Court excluded images from four trial exhibits, along with testimony from Ms. Hyoung Shin Park relating to them.  Dkt. 3646-2 (slides related only to DX522, DX566, DX596, DX625); Dkt. 1690 at 8-9 (Park testimony).  The Court *admitted* into evidence the F700 itself, as well as documents showing it and other "unreleased Samsung phones."  Dkt. 2708 at 5 ("[A]s in the 2012 trial, the Court will allow Samsung to introduce the F700"); *see* Dkt. 1889 (admitted exhibits include DX526 (the F700), DX684, DX2627); Dkt. 1456 at 2 (overruling objection to slide 10).  Yet it appears that Apple nevertheless seeks to exclude this already-admitted evidence, plus other evidence that has never been excluded.  For example, Apple attaches Exhibit 9 from Mr. Lucente's 2018 expert report (Dkt. 3646-3) even though it does not reflect *any* previously excluded evidence.  Even if the Court's *strict Groundhog Day* rule were to apply, only the specific evidence that was excluded previously could be excluded again.  Apple offers no basis for its apparent attempt to broaden the exclusion.

---

[1]  Contrary to Apple's suggestion (Dkt. 3646 at 3), the Court has *never* ruled that the evidence Apple seeks to exclude was not timely produced or disclosed.  Samsung timely produced this evidence prior to the 2012 trial; the Court excluded it only because Samsung had not timely disclosed its intent to rely on this evidence *in support of invalidity*.  Dkt. 1690 at 8-9.  And after the Court reopened discovery, Samsung fully and promptly identified its intent to rely on this evidence, both in fact and expert discovery, as to the new legal issues here.  *See* Dkt. 3648-10 at 4, 8, 10, 14, 22, 32, 40, 46, 52 (interrogatory responses); Dkt. 3592-25, ¶¶ 336-360 (Lucente report).

| | |
|---|---|
| DATED:  April 13, 2018 | Respectfully submitted, |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By  */s/ Victoria F. Maroulis*  <br>   John B. Quinn <br>   Kathleen M. Sullivan <br>   William C. Price <br>   Michael T. Zeller <br>   Kevin P.B. Johnson <br>   Victoria F. Maroulis |
| | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |