QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION IN LIMINE #2 TO EXCLUDE SAMSUNG'S EVIDENCE REGARDING UNASSERTED PATENTS**<br><br>**Date:** May 3, 2018<br>**Time:** 1:30 p.m.<br>**Place:** Courtroom 8, 4th Floor<br>**Judge:** Hon. Lucy H. Koh |

The Court should deny Apple's motion to exclude evidence regarding patents covering smartphone-related innovations other than those claimed by Apple's asserted patents (Dkt. 3647-3).

**1.** Apple is simply wrong in claiming (Mot. 3) that evidence concerning Samsung and third-party smartphone patents "ha[s] no relevance to the issues the jury will be asked to decide."

*First*, evidence that Samsung's smartphones practice patents unrelated to Apple's patents-in-suit is directly relevant to the Court's AOM test.  As the Solicitor General explained, if a "product contains other components that embody conceptually distinct innovations, it may be appropriate to conclude that a component is the relevant article." U.S. Br. 29.  Indeed, this is the crux of Factor 3: does the product contain *multiple inventions* such that the invention at issue is "conceptually" distinct from the others, and from the product as a whole?  Here, as Mr. Lucente explains (Dkt. 3592-25, ¶ 230), "[e]ach of the Samsung smartphones that was found to infringe contains thousands of physical components and tens of thousands of inventions and features" that are distinct from the components that exhibit Apple's claimed designs. *See also, e.g.*, *id.* ¶ 231-38.

*Second*, evidence that Samsung's smartphones practice other inventions also strongly supports Mr. Wagner's profit calculations.  As Mr. Wagner explains (Dkt. 3594-6, ¶ 506), the fact that "features unrelated to the AOMs at issue" are patented, and contribute to the smartphones' overall value, supports his conclusion that Samsung's profits from the relevant component AOMs are a relatively low percentage of its entire-product profits. *See id.* ¶¶ 548-57.

Apple does not even acknowledge Mr. Lucente's and Mr. Wagner's explanations for the relevance of the evidence they considered, much less rebut those explanations or show how this evidence could possibly cause unfair prejudice that substantially outweighs its clear probative value.

**2.** Nor is there any justification for Apple's request to exclude evidence of its own iPhone patents, which are relevant to both the identification of, and profits from, the relevant AOMs.

*First*, Apple's other design patents illustrate the scope of the claimed designs under Factor 1, and thus will be helpful to the jury.  The Court has ruled that "the relationship between the claimed design and unclaimed subject matter" is relevant. Dkt. 3645 at 10.  Apple's unasserted patents claiming subject matter *not* claimed by the asserted patents provide context to understand what is and is not claimed by the patents-in-suit. *See* Lucente Rpt., Dkt. 3592-25, ¶¶ 94-95, 153.

*Second*, Apple's unasserted patents are critically relevant to Factor 2. Although the AOM determination relates to Samsung's smartphones, Apple has made the iPhone the focus of its case, providing dozens of pages of expert reports regarding Apple's claims that the patents-in-suit reflect the "look and feel" of that supposedly "indivisible" product. *E.g.*, Ball Rpt., Dkt. 3595-4, ¶¶ 9, 59-75, 175-76, 209-214, 236-238, 263-273; Kare Rpt., Dkt. 3595-7, ¶¶ 44-51, 54, 67 n.7, 84, 86-88, 103, 105, 107. The Court has allowed these expert opinions, ruling that "evidence that consumers associated the patented designs with iPhones" and evidence relating to "the iPhones' 'look and feel'" is "relevant to the analysis of the second factor, relative prominence of the design within the product as a whole." Dkt. 3645, at 22-23. Ms. Kare intends to tell the jury that the mere "fact that the D'305 design was patentable" means it is "prominent." Dkt. 3595-8, ¶ 33. Evidence of Apple's unasserted iPhone design patents is highly relevant to *rebut* these very claims—to show that Apple *does not* view the iPhone as indivisible and that the patents-in-suit *do not* make up the overall "look and feel" of that entire product, as Mr. Lucente explains. *See, e.g.*, Dkt. 3592-25, ¶¶ 181-84, 192, 198.

*Third*, evidence of Apple's other design patents also shows that smartphones are not "monolithic," as Apple claims, but rather comprise numerous conceptually distinct innovations, as relevant to Factor 3. *See* Lucente Rpt., Dkt. 3592-25, ¶¶ 238-239. Apple suggests (at 2) that Samsung can "discuss[] the Samsung phones without reference to Apple's unasserted patents," but Factor 3 concerns *conceptual* distinctness, which necessitates an inquiry into *mental* concepts or ideas, and evidence of *how Apple viewed its own innovations and designs* is specifically relevant to that issue. Apple's other iPhone patents show that *Apple itself* regarded the bezel, the volume buttons, and so on, at a conceptual level, as distinct both from the asserted designs and from an entire smartphone. Such evidence is highly relevant to conceptual distinctness—and again, Apple itself has made the iPhone a key part of this case.

*Fourth,* evidence of Apple's other iPhone patents is also relevant to damages. Apple claims that Mr. Wagner's consideration of the value of other patented components reflects improper "apportionment," but the Court has already rejected that incorrect claim. Dkt. 3645 at 38. And while Apple complains that its patents "are not even tied to Samsung's infringing phones," the same is true for *all* evidence about the iPhone.

Because Apple's patents are clearly relevant, they are presumptively admissible, Fed. R. Evid. 402, and Apple never explains how its own patents are supposedly prejudicial. Apple should not be permitted to insulate its misleading claims about how it views the iPhone by excluding its own patents undermining those claims. Apple itself has referred to its many additional patents repeatedly in prior trials. *E.g.*, Dkt. 1547 at 326-27; Dkt. 2739 at 337-38; Arnold Dec., Exs. 1-3. There is no basis to prohibit Samsung from putting those assertions in context as relevant to the identity of and profits from the relevant AOMs. (Notably, Samsung does not seek to admit into evidence hundreds of patents that might cause confusion, but rather summary exhibits like Apple frequently uses (*see* Dkt. 3647-5), and a simple "unasserted" label will avoid any confusion.)

**3.** Apple next asserts (at 3) that Samsung may not use unasserted patents to argue "fairness." To be clear, Samsung has no intention of "invit[ing] the jury to reconsider the policy implications of § 289, rather than simply follow[ing] the law as instructed by the Court." *Id.* But the evidence that Apple seeks to exclude is directly relevant to multiple issues addressed above, and Samsung is entitled to introduce and argue the evidence as relevant to those issues.

Moreover, Apple overlooks the fact that it is not entitled to a windfall, and instead is only entitled to the profit Samsung "makes from the infringement." *Samsung Electronics Co., Ltd. v. Apple Inc.*, 137 S.Ct. 429, 434 (2016). As the Solicitor General explained in proposing the four-factor test (U.S. Br. 26-27), the "factfinder's overarching objective" is to identify "the article in which the patented design prominently features, without unnecessarily sweeping in aspects of the product that are unrelated to that design," in order to "appropriately compensate (rather than over-compensate) the patentee." With that objective in mind, it is not "prejudicial," but rather is entirely proper, for Samsung to use Apple's unasserted design patents to show that the relevant AOMs are not Samsung's entire products.

**4.** Finally, Apple's suggestion (at 1) that the Court's prior exclusion ruling continues to apply (and should be broadened) is in error. As explained in Samsung's Opposition to MIL No. 1, the issues presented by the Supreme Court's and this Court's rulings are new—and the admissibility of evidence that goes to those issues must be considered anew. And as shown above, the evidence that Apple seeks to exclude is admissible under the Federal Rules of Evidence.

1
2  DATED:  April 13, 2018                    Respectfully submitted,
3                                            QUINN EMANUEL URQUHART &
4                                            SULLIVAN, LLP
5
                                             By /s/ Victoria F. Maroulis
6                                               John B. Quinn
                                                Kathleen M. Sullivan
7                                               William C. Price
                                                Michael T. Zeller
8                                               Kevin P.B. Johnson
                                                Victoria F. Maroulis
9
10                                              Attorneys for SAMSUNG ELECTRONICS CO.,
                                                LTD., SAMSUNG ELECTRONICS AMERICA,
11                                              INC., and SAMSUNG TELECOMMUNICATIONS
                                                AMERICA, LLC
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28