QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION IN LIMINE #3 TO EXCLUDE EVIDENCE POST-DATING THE DAMAGES PERIOD**<br><br>**Date:**  May 3, 2018<br>**Time:**  1:30 p.m.<br>**Place:**  Courtroom 8, 4th Floor<br>**Judge:**  Hon. Lucy H. Koh |

Apple's Motion in Limine #3 is procedurally improper, overbroad, and erroneous.

**1.** Apple's Motion should be denied as improper and overbroad. *First*, although this Court specifically prohibited multi-issue motions in limine and strictly limited the parties' challenges to expert opinions, *see* Dkt. 3639 at 1-2, Dkt. 3542 at 2, Apple's Motion seeks the exclusion of numerous categories of *expert* evidence which present disparate issues of relevance and alleged prejudice. This violation of the Court's Orders is improper.

*Second*, Apple's Motion impermissibly seeks to circumvent the Court's Order reopening discovery. Because Apple injected error into prior trials, discovery relating to the Court's new AOM test took place for the first time in 2017. It is unsurprising that some documents which Samsung's experts rely on or which were produced in 2017 post-date 2012. It would defeat the entire purpose of the Court's Order reopening discovery to categorically preclude such evidence.

*Third*, Apple's request for a blanket exclusion order is patently overbroad. Experts reasonably may rely on many different types of information, Fed. R. Evid. 703, including information post-dating the damages period, *see, e.g.*, *PersonalWeb Techs. LLC v. IBM Corp.*, 2017 WL 8186294, *2–3 (N.D. Cal. July 25, 2017) (admitting damages expert opinions that relied on survey data outside of damages period); *PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*, 193 F. Supp. 3d 133, 150 (N.D.N.Y. 2016), *aff'd*, 714 F. App'x 1022 (Fed. Cir. 2018) (similarly ruling that damages expert properly considered information that post-dated time of hypothetical negotiation). Nor is there any per se rule that documents post-dating the damages period may not be admitted. The single case which Apple cites is wholly off topic; it merely held that proof of subsequent remedial measures by a non-party was inadmissible in a products liability case. *Gauthier v. AMF, Inc.*, 805 F.2d 337, 338 (9th Cir. 1986). This Court rightly has denied prior motions seeking blanket exclusion orders, instead reserving individualized evidentiary rulings for trial. *E.g.*, Dkt. 2650 at 13-14, 15, 19, 26, 29-30. The Court should do the same here.

**2.** There is no basis for precluding consideration of the specific evidence that Apple cites.

***Costed BOM and Component Source Spreadsheets.*** There is no basis for Apple's request (Mot. 2) to exclude key evidence—Samsung's documents showing the cost and sources of the *specific smartphone components that include the relevant AOMs*. Samsung prepared and produced

these spreadsheets, which compile *preexisting data from the damages period*, in response to Apple's discovery demands.[1]  Apple itself has previously relied on similar spreadsheets, Dkt. 3509 at 8 (noting Apple's reliance on Samsung's production of component pricing information), and there is no reason why this information cannot be considered again now.

The first document, an updated costed bill of materials (excerpted at Dkt. 3648-06), includes cost data through March 2012 (which was previously produced and which Apple relied on), and adds updated cost data from April-June 2012, as Apple requested in discovery.  It also includes a column indicating which entries show costs for the relevant display assembly component; the Samsung employee who collected the 2012 cost information from Samsung's SAP system included that column to help distinguish the display assemblies from the 130,000+ other component prices.  If that column is objectionable, Samsung will redact it; as Mr. Kim testified, "you can tell by looking" which are the display assemblies.  Dkt. 3648-08 at 66:4-24.

The second document, which identifies the "manufacturer" and "supplier" of the AOM components, also consists of information from 2010-2012 that Apple requested.  Dkt. 3604-5 at 5-6; Dkt. 3648-08 at 37:23-40:24.  Here again, it was completely proper for Samsung to collect and produce (at Apple's request) preexisting information from 2010-2012 in spreadsheets.  Indeed, the entire point of reopening discovery was to allow the production of such information, and Apple has never complained about the sufficiency, form or relevance of the data that Samsung produced.

***Website Documents Regarding Replacement Parts.***  Apple next wrongly seeks to exclude (Mot. 2-3) webpages printed from online stores (such as Amazon and eBay) showing images of replacement parts *for the relevant component AOMs of the Samsung products at issue*—their glass front face and display screen.  This evidence is relevant to Factor 4—in fact, this highly probative evidence *establishes* that the specific component AOMs that Mr. Lucente identified are physically

---

[1] Dkt. 3648-10 at 58, Apple's Interrogatory No. 4 ("the evidence supporting what you contend to be the alleged costs for each Samsung Alleged Article of Manufacture"); Arnold Dec., Ex. 1 at 5-7, Apple's Interrogatory Nos. 10-12 ("additional documents to be produced by You, sufficient to identify the (i) manufacturer of and (ii) supplier to You of each Alleged … Article of Manufacture."), Nos. 13-15 ("additional documents to be produced by You, sufficient to show the revenues, costs, and total profits for each Alleged … Article of Manufacture").

separable. Apple objects that there is no record of what the websites "would have looked like in 2010-2012" but fails to explain why Mr. Lucente cannot reasonably rely on evidence that the relevant components of the accused Samsung smartphones are sold separately. Again, the entire point of reopening discovery was to procure this type of evidence. The price of the components, which Apple says may have been different in the past, can be redacted.

*Two Apple Advertisements and a ZME News Article.* Mr. Lucente properly considered (*contra* Mot. 1-2) a news article recognizing that smartphones *in general* are "millions of times more powerful than all of NASA's combined computing in 1969." Dkt. 3592-25 ¶ 45 (citing ZME Article). That goes directly to Factor 3 of the AOM test by highlighting the complexity—and the number of conceptually distinct components—of *all* modern smartphones. Mr. Lucente also properly considered Apple advertisements showing that Apple has, since the first generation iPhone, "advertised by using designs other than those on the front surface," which is relevant to the relative prominence of the patented designs. *Id.* ¶¶ 175-76. Apple offers no reason why Mr. Lucente could not consider whether Apple's own advertisements confirm or undermine Apple's experts' positions.

*Two News Articles.* Mr. Lucente also properly considered (*contra* Mot. 1) two news stories in response to Apple's experts' contentions that the asserted designs are "fully integrated into and not conceptually distinct from Apple's iPhones" (Ball Rpt., Dkt. 3595-4 ¶¶ 236-37; *see* Kare Rpt., Dkt. 3595-7 ¶ 103). Mr. Lucente explained that the smartphone components affected by Apple's designs are conceptually distinct from other components, such as the processor and battery, using the real-world example that "[a] simple change in software can make the device run more slowly without ever affecting the design." Dkt. 3592-25 ¶ 228. The articles are not comparable to evidence of "tax evasion" or "human rights" abuses, and Samsung will not offer the articles into evidence.

*Appellate Opinions and Briefs.* Mr. Lucente included citations to the Supreme Court opinion in his report to identify the legal standards he was informed of, just as Apple's own experts did. Dkt. 3595-4 ¶¶ 30-33 ("I have been informed and understand that the Supreme Court has stated…"); Dkt. 3595-7 ¶ 26; Dkt. 3595-5 ¶¶ 7, 16, 31, 72, 81-82; Dkt. 3595-8 ¶¶ 5, 7, 22, 31, 35, 38. Samsung's expert will not instruct the jury on the law but should be allowed to testify to the legal bases of his opinions, as Apple's own design expert did in 2012, *see* Dkt. 1612 at 1337-38.

| | |
|---|---|
| 1  DATED:  April 13, 2018 | Respectfully submitted, |
| 2 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 4 | By */s/ Victoria F. Maroulis* |
| 5 | John B. Quinn |
|   | Kathleen M. Sullivan |
| 6 | William C. Price |
|   | Michael T. Zeller |
| 7 | Kevin P.B. Johnson |
|   | Victoria F. Maroulis |
| 9 | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |