# EXHIBIT 1

QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF APPLE INC.'S SECOND SET OF INTERROGATORIES REGARDING ARTICLES OF MANUFACTURE** |

1  PROPOUNDING PARTY:      APPLE INC.
2  RESPONDING PARTY:       SAMSUNG
3  SET NO.:     TWO

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's October 25 Order (Dkt. 3536), Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (together, "Samsung" or "Defendants") respond as follows to the Second Set of Interrogatories Regarding Articles of Manufacture propounded by Plaintiff Apple Inc. ("Apple" or "Plaintiff").

## GENERAL STATEMENT

The following responses are based on discovery available as of the date hereof. Discovery for this phase of the case is continuing, and these responses are subject to change accordingly. It is anticipated that further discovery, independent investigation and analysis may lead to the discovery of additional information or documents, supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to or variations from the responses set forth herein.

In addition, the following responses are given without prejudice to Samsung's right to produce or rely on subsequently discovered information, facts or documents. Samsung accordingly reserves the right to change the responses herein and/or produce or rely on subsequently discovered documents as additional facts are ascertained, analysis is made, legal research is completed and contentions are made. The responses herein are made in a good faith effort to comply with the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure, and to supply such responsive information as exists and is presently within Samsung's possession, custody or control, but are in no way to be deemed to be to the prejudice of Samsung in relation to further discovery, research and analysis.

An answer to an interrogatory shall not be deemed a waiver of any applicable general or specific objection to an interrogatory. In responding to the interrogatories, Samsung does not

1  waive any objections that may be applicable to the use, for any purpose, of any information or
2  documents provided in response, or the admissibility, relevance, or materiality of any such
3  information or documents to any issue in this case.
4       Samsung's responses to these interrogatories do not constitute admissions relative to the
5  existence of any documents or information, to the relevance or admissibility of any documents or
6  information, or to the truth or accuracy of any statement or characterization contained in Apple's
7  interrogatories.  All objections as to relevance, authenticity, or admissibility of any document are
8  expressly reserved.
9       Samsung expressly incorporates this General Statement and the following General
10 Objections as though set forth fully in response to each of the following individual interrogatories
11 and, to the extent they are not raised in any particular response, Samsung does not waive those
12 objections.

## GENERAL OBJECTIONS

14    1.   Samsung objects to the "Definitions" and "Instructions" contained in Apple Inc.'s
15 Second Set of Interrogatories Regarding Articles of Manufacture to Defendant Samsung
16 Electronics Co. Ltd., et al.to the extent they are inconsistent with the Federal Rules of Civil
17 Procedure.
18    2.   Samsung objects to Apple's Definition of "Samsung," "You," "Your," and
19 "Defendants" as overly broad to the extent it requires Samsung to pursue information from
20 individuals no longer employed by Samsung whose data is not currently in the possession of
21 Samsung.  Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and
22 "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates,"
23 and also to the extent that it requires Samsung to potentially seek information from thousands of
24 people.  Samsung will respond to interrogatories based on a reasonable inquiry of individuals
25 expected to possess the requested information.
26    3.   Samsung objects to Apple's definition of "Relating," and each and every
27 interrogatory that uses the term "Relating," as overly broad, vague and ambiguous.
28

4.      Samsung objects to Apple's definition of "Infringing Product" to the extent it (i) seeks information concerning products for which Apple is not entitled to damages, including the Galaxy S (i9000) and Galaxy S II (i9100); and (ii) seeks to cover products that were neither accused of infringement or otherwise adjudicated previously.

4.      Samsung objects to these interrogatories as vague and ambiguous to the extent they include terms that are undefined.  Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

5.      Samsung objects generally to each interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.

6.      Samsung objects to these interrogatories to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

7.      Samsung objects generally to the interrogatories to the extent they prematurely call for contentions or identification of witnesses at this stage of the litigation.

8.      Samsung objects to each interrogatory to the extent it is compound and comprises discrete subparts resulting in separate interrogatories.

9.      Samsung expressly reserves the right to respond to any or all of the interrogatories by specifying documents wherein the responsive information may be ascertained pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

10.     Samsung objects generally to the interrogatories to the extent they seek confidential proprietary or trade secret information of third parties.  Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

11.     Samsung objects generally to the interrogatories on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including with respect to products for which it has been determined Samsung had no sales in the United States.

12.     Samsung objects to the interrogatories on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search its facilities and inquire of its employees other than those facilities and employees that would reasonably be expected to have responsive information.  Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

13.     Samsung objects to the interrogatories on the grounds that they seek information that is already in the possession of Apple, is publicly available, or is as readily available to Apple as it is to Samsung.

14.     Samsung objects to each interrogatory to the extent that it seeks information before Samsung is required to disclose such information in accordance with any applicable law, such as the rules for expert disclosures and the case management statement order in this action.

15.     Samsung objects to the interrogatories on the grounds and to the extent that they seek legal conclusions or call for expert testimony.  Samsung's responses should not be construed to provide legal conclusions.

Subject to and without waiving the foregoing General Statement and General Objections, Samsung responds as follows:

# RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 10:**

Identify by Bates number documents from Your prior document productions, or additional documents to be produced by You, sufficient to identify the (i) manufacturer of and (ii) supplier to You of each Alleged D'677 Article of Manufacture.

**RESPONSE TO INTERROGATORY NO. 10:**

Samsung objects to this interrogatory to the extent it prematurely seeks information that will be the subject of expert opinion.  Samsung objects to this interrogatory because it seeks information not reasonably calculated to lead to the discovery of admissible information.  Samsung also objects to this interrogatory to the extent it is compound and comprises at least two discrete subparts resulting in separate interrogatories.  Samsung further objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to this interrogatory to the extent it seeks information more readily available to Apple than to Samsung, or equally available to Apple as to Samsung, including documents and things that were previously produced or are publicly available.

Subject to the foregoing general and specific objections, Samsung responds as follows: SAMNDCA30000055; SAMNDCA30003537-SAMNDCA30004594.

**INTERROGATORY NO. 11:**

Identify by Bates number documents from Your prior document productions, or additional documents to be produced by You, sufficient to identify the (i) manufacturer of and (ii) supplier to You of each Alleged D'087 Article of Manufacture.

**RESPONSE TO INTERROGATORY NO. 11:**

Samsung objects to this interrogatory to the extent it prematurely seeks information that will be the subject of expert opinion. Samsung objects to this interrogatory because it seeks information not reasonably calculated to lead to the discovery of admissible information. Samsung also objects to this interrogatory to the extent it is compound and comprises at least two discrete subparts resulting in separate interrogatories. Samsung further objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to this interrogatory to the extent it seeks information more readily available to Apple than to Samsung, or equally available to Apple as to Samsung, including documents and things that were previously produced or are publicly available.

Subject to the foregoing general and specific objections, Samsung responds as follows: SAMNDCA30000055; SAMNDCA30003537-SAMNDCA30004594.

**INTERROGATORY NO. 12:**

Identify by Bates number documents from Your prior document productions, or additional documents to be produced by You, sufficient to identify the (i) manufacturer of and (ii) supplier to You of each Alleged D'305 Article of Manufacture.

**RESPONSE TO INTERROGATORY NO. 12:**

Samsung objects to this interrogatory to the extent it prematurely seeks information that will be the subject of expert opinion. Samsung objects to this interrogatory because it seeks information not reasonably calculated to lead to the discovery of admissible information. Samsung also objects to this interrogatory to the extent it is compound and comprises at least two discrete subparts resulting in separate interrogatories. Samsung further objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-

client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to this interrogatory to the extent it seeks information more readily available to Apple than to Samsung, or equally available to Apple as to Samsung, including documents and things that were previously produced or are publicly available.

Subject to the foregoing general and specific objections, Samsung responds as follows: SAMNDCA30000055; SAMNDCA30003537-SAMNDCA30004594.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Subject to the foregoing general and specific objections, Samsung also identifies the following documents: SDC000001 and its authenticating declaration.

**INTERROGATORY NO. 13:**

Identify by Bates number documents from Your prior document productions, or additional documents to be produced by You, sufficient to show the revenues, costs, and total profits for each Alleged D'677 Article of Manufacture.

**RESPONSE TO INTERROGATORY NO. 13:**

Samsung objects to this interrogatory to the extent it prematurely seeks information that will be the subject of expert opinion, and calls for documents that will be referenced in and created in connection with expert testimony.  This interrogatory improperly seeks information before Samsung is required to disclose such information in accordance with any applicable law, such as the rules for expert disclosures and the case management order in this action.  Samsung objects to this interrogatory to the extent that it assumes the existence of and/or compels the creation of documents that do not already exist.  Samsung further objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

1  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other
2  applicable privilege or immunity.
3      Subject to the foregoing general and specific objections, Samsung responds that pursuant
4  to the case management order, it will produce an expert report on damages that will be responsive
5  to this interrogatory, and Samsung hereby incorporates that report by reference.  In addition,
6  documents sufficient to show the revenues, costs and total profits for the article of manufacture to
7  which the design of the D'677 patent has been applied for phones sold in the United States include
8  documents bates numbered:
9      SAMNDCA30000054; SAMNDCA30000055; SAMNDCA30007942;
10 SAMNDCA30007943; SAMNDCA30008629; SAMNDCA-D0000001-SAMNDCA-D0000014;
11 SAMNDCA00422828.xls; SAMNDCA00422829.xls; APLNDCWH0000544538; APLNDC-
12 WH0000609118; APLNDC-WH0000641422; APLNDCWH0000641491; APLNDC-
13 WH0000641985; APLNDC-WH0000642348; APLNDCY0000050773; APLNDC-Y0000050896;
14 APLNDC-Y0000050959; APLNDC-Y0000051028; APLNDC-Y0000051093; APLNDC-
15 Y0000051277; APLNDC-Y0000051363.
16     In addition, Samsung states that the factual basis for its calculations of profits will include,
17 at a minimum, the evidence discussed in response to interrogatories 1-3 and 5-9 herein, the
18 30(b)(6) testimony of Samsung deponents, and such additional evidence as Samsung's expert(s)
19 may identify.  For the avoidance of doubt, Samsung incorporates by reference any additional
20 documents Samsung or Apple will produce, the prior testimony in this action, including the
21 testimony of Peter Bressler, Susan Kare, Itay Sherman, Scott Forstall, Justin Denison, Julie Davis,
22 Terry Musika, Michael Wagner, and Christopher Stringer, and Apple's prior statements in this
23 action, including in discovery responses, regarding the issues identified above.  Samsung also
24 incorporates by reference the expert reports of Michael Wagner, Sam Lucente, Itay Sherman, Peter
25 Bressler, Susan Kare, Terry Musika, and Julie Davis and the declarations of Michael Wagner, Sam
26 Lucente, Itay Sherman, Peter Bressler, Susan Kare, Terry Musika, Julie Davis, Eunjei Lee,
27
28

Dohyung Ha, Corey Kerstetter, Tim Rowden, and Hee-Chan Choi submitted in this action, and the evidence cited therein.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

Subject to the foregoing general and specific objections, Samsung further identifies the evidence discussed in the responses and supplemental responses to interrogatories 1-9 as well as the December 2017 deposition testimony of all witnesses identified in response to interrogatory 16. Samsung also identifies the following documents: SAMNDCA30003537-SAMNDCA30004594; SDC000001 and its authenticating declaration.

**INTERROGATORY NO. 14:**

Identify by Bates number documents from Your prior document productions, or additional documents to be produced by You, sufficient to show the revenues, costs, and total profits for each Alleged D'087 Article of Manufacture.

**RESPONSE TO INTERROGATORY NO. 14:**

Samsung objects to this interrogatory to the extent it prematurely seeks information that will be the subject of expert opinion, and calls for documents that will be referenced in and created in connection with expert testimony. This interrogatory improperly seeks information before Samsung is required to disclose such information in accordance with any applicable law, such as the rules for expert disclosures and the case management order in this action. Samsung objects to this interrogatory to the extent that it assumes the existence of and/or compels the creation of documents that do not already exist. Samsung further objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections, Samsung responds that pursuant to the case management order, it will produce an expert report on damages that will be responsive to this interrogatory, and Samsung hereby incorporates that report by reference. In addition, documents sufficient to show the revenues, costs, and total profits for the article of manufacture to which the design of the D'087 patent has been applied for phones sold in the United States include documents bates numbered:

SAMNDCA30000054; SAMNDCA30000055; SAMNDCA30007942; SAMNDCA30007943; SAMNDCA30008629; SAMNDCA-D0000001-SAMNDCA-D0000014; SAMNDCA00422828.xls; SAMNDCA00422829.xls; APLNDCWH0000544538; APLNDC-WH0000609118; APLNDC-WH0000641422; APLNDCWH0000641491; APLNDC-WH0000641985; APLNDC-WH0000642348; APLNDCY0000050773; APLNDC-Y0000050896; APLNDC-Y0000050959; APLNDC-Y0000051028; APLNDC-Y0000051093; APLNDC-Y0000051277; APLNDC-Y0000051363.

In addition, Samsung states that the factual basis for its calculations of profits will include, at a minimum, the evidence discussed in response to interrogatories 1-3 and 5-9 herein, the 30(b)(6) testimony of Samsung deponents, and such additional evidence as Samsung's expert(s) may identify. For the avoidance of doubt, Samsung incorporates by reference any additional documents Samsung or Apple will produce, the prior testimony in this action, including the testimony of Peter Bressler, Susan Kare, Itay Sherman, Scott Forstall, Justin Denison, Julie Davis, Terry Musika, Michael Wagner, and Christopher Stringer, and Apple's prior statements in this action, including in discovery responses, regarding the issues identified above. Samsung also incorporates by reference the expert reports of Michael Wagner, Sam Lucente, Itay Sherman, Peter Bressler, Susan Kare, Terry Musika, and Julie Davis and the declarations of Michael Wagner, Sam Lucente, Itay Sherman, Peter Bressler, Susan Kare, Terry Musika, Julie Davis, Eunjei Lee, Dohyung Ha, Corey Kerstetter, Tim Rowden, and Hee-Chan Choi submitted in this action, and the evidence cited therein.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

Subject to the foregoing general and specific objections, Samsung further identifies the evidence discussed in the responses and supplemental responses to interrogatories 1-9 as well as the December 2017 deposition testimony of all witnesses identified in response to interrogatory 16. Samsung also identifies the following documents: SAMNDCA30003537-SAMNDCA30004594; SDC000001 and its authenticating declaration.

**INTERROGATORY NO. 15:**

Identify by Bates number documents from Your prior document productions, or additional documents to be produced by You, sufficient to show the revenues, costs, and total profits for each Alleged D'305 Article of Manufacture.

**RESPONSE TO INTERROGATORY NO. 15:**

Samsung objects to this interrogatory to the extent it prematurely seeks information that will be the subject of expert opinion, and calls for documents that will be referenced in and created in connection with expert testimony. This interrogatory improperly seeks information before Samsung is required to disclose such information in accordance with any applicable law, such as the rules for expert disclosures and the case management order in this action. Samsung objects to this interrogatory to the extent that it assumes the existence of and/or compels the creation of documents that do not already exist. Samsung further objects to this interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections, Samsung responds that pursuant to the case management order, it will produce an expert report on damages that will be responsive to this interrogatory, and Samsung hereby incorporates that report by reference. In addition, documents sufficient to show the revenues, costs, and total profits for the article of manufacture to

which the design of the D'305 patent has been applied for phones sold in the United States include documents bates numbered:

SAMNDCA30000054; SAMNDCA30000055; SAMNDCA30007942; SAMNDCA30007943; SAMNDCA30008629; SAMNDCA-D0000001-SAMNDCA-D0000014; SAMNDCA00422828.xls; SAMNDCA00422829.xls; APLNDCWH0000544538; APLNDC-WH0000609118; APLNDC-WH0000641422; APLNDCWH0000641491; APLNDC-WH0000641985; APLNDC-WH0000642348; APLNDCY0000050773; APLNDC-Y0000050896; APLNDC-Y0000050959; APLNDC-Y0000051028; APLNDC-Y0000051093; APLNDC-Y0000051277; APLNDC-Y0000051363.

In addition, Samsung states that the factual basis for its calculations of profits will include, at a minimum, the evidence discussed in response to interrogatories 1-3 and 5-9 herein, the 30(b)(6) testimony of Samsung deponents, and such additional evidence as Samsung's expert(s) may identify. For the avoidance of doubt, Samsung incorporates by reference any additional documents Samsung or Apple will produce, the prior testimony in this action, including the testimony of Peter Bressler, Susan Kare, Itay Sherman, Scott Forstall, Justin Denison, Julie Davis, Terry Musika, Michael Wagner, and Christopher Stringer, and Apple's prior statements in this action, including in discovery responses, regarding the issues identified above. Samsung also incorporates by reference the expert reports of Michael Wagner, Sam Lucente, Itay Sherman, Peter Bressler, Susan Kare, Terry Musika, and Julie Davis and the declarations of Michael Wagner, Sam Lucente, Itay Sherman, Peter Bressler, Susan Kare, Terry Musika, Julie Davis, Eunjei Lee, Dohyung Ha, Corey Kerstetter, Tim Rowden, and Hee-Chan Choi submitted in this action, and the evidence cited therein.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Subject to the foregoing general and specific objections, Samsung further identifies the evidence discussed in the responses and supplemental responses to interrogatories 1-9 as well as the December 2017 deposition testimony of all witnesses identified in response to interrogatory

16. Samsung also identifies the following documents:  SAMNDCA30003537-SAMNDCA30004594; SDC000001 and its authenticating declaration.

**INTERROGATORY NO. 16:**

Identify each and every witness whom you may call to testify at the May 14, 2018 trial.

**RESPONSE TO INTERROGATORY NO. 16:**

Samsung objects to this interrogatory as premature, particularly as to expert witnesses who have not yet submitted reports, and witnesses Apple may identify that Samsung does not currently know of and/or anticipate Apple calling.

Subject to and without waiving the foregoing general and specific objections, Samsung responds that it will produce its trial witness list in accordance with the Court's case management schedule.  In addition, Samsung incorporates by reference all witnesses listed on (1) Samsung's prior trial witness list in this action; and (2) Samsung's current operative Initial Disclosures.

Samsung also identifies the following witnesses that it may call at the May 14, 2018 trial: Jinsoo Kim; Kyuhyun Han; Jeeyeun Wang; Dongwook Kim; Drew Blackard; Tim Sheppard; Justin Denison.

Finally, Samsung also identifies Michael Wagner and the additional experts who will be disclosed on December 15 per the court's case management schedule.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

Subject to and without waiving the foregoing general and specific objections, Samsung further identifies Sam Lucente and David Reibstein as expert witnesses.

**INTERROGATORY NO. 17:**

For each individual identified in response to Interrogatory No. 18, identify the subject matter of his or her potential testimony.

**RESPONSE TO INTERROGATORY NO. 17:**

Samsung objects to this interrogatory as nonsensical, because Interrogatory No. 18 does not call for the identification of individuals, and thus, no individuals are identified in response to Interrogatory No. 18.  Samsung will respond under the assumption that Apple intended to write "Interrogatory No. 16" and Samsung reserves all rights in the event Apple interprets this request otherwise.  Samsung further objects to this interrogatory as premature, particularly as to expert witnesses who have not yet submitted reports.

Subject to and without waiving the foregoing general and specific objections, Samsung discloses that each of the witnesses identified in response to Interrogatory No. 16 will testify regarding the identity of and/or profits on the articles of manufacture at issue for each of the D'677, D'087 and D'305 patents.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17:**

Subject to and without waiving the foregoing general and specific objections, Samsung incorporates by reference the December 2017 depositions of the witnesses listed in Response No. 16 as further identifying the subject matter of those witnesses' potential testimony.  The substance of the potential testimony of Samsung's expert witnesses will be disclosed in connection with the Court's schedule for conducting expert discovery, including through the exchange of expert reports.

**INTERROGATORY NO. 18:**

Identify each and every document and thing that you may seek to introduce in evidence at the May 14, 2018 trial.

**RESPONSE TO INTERROGATORY NO. 18:**

Samsung objects to this interrogatory as premature, particularly as to summary documents and documents that have not yet been created, and things that may not yet exist, such as "tear

downs" of previously produced versions of phones, and documents it has not yet obtained, including documents Apple may produce.

Subject to and without waiving the foregoing general and specific objections, Samsung responds that it will produce its exhibit list in accordance with the Court's case management schedule and standing order for jury trials. In addition, Samsung incorporates by reference the Joint Exhibit List submitted July 23, 2012 (Dkt. 1281) and Samsung's prior exhibit lists for the 2012, 2013, and 2016 trials in this action. Samsung also incorporates by reference all documents identified or referenced in (i) any of its interrogatory responses in this action, (ii) the previous and forthcoming expert reports of Michael Wagner in this action, (iii) the reports of those experts Samsung will disclose according to the Court's case management order, and (iv) Samsung's prior briefing in this action concerning the Article of Manufacture, including briefing to the Federal Circuit, the Supreme Court of the United States, and to this Court on remand. In addition, Samsung identifies the following documents and things that it may seek to introduce as evidence at trial: SAMNDCA30000001-SAMNDCA30008789 and any physical items produced for inspection by Samsung during the present discovery period.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18:**

Subject to and without waiving the foregoing general and specific objections, Samsung further identifies the documents and materials marked as SAMNDCA30008790-SAMNDCA30015884, and SDC000001 and its authenticating declaration. Samsung also identifies the documents, files, and physical items that were made available by both parties during regular discovery in 2011-2012, including CAD files and physical models and mockups. Samsung also identifies all physical items that were available to Apple for inspection during the present discovery period, regardless whether Apple arranged to inspect them.

1  DATED:  December 21, 2017        Respectfully submitted,

2                                                           QUINN EMANUEL URQUHART &
                                                            SULLIVAN, LLP
3

4                                                           By  */s/ Victoria F. Maroulis*
                                                                  John B. Quinn
5                                                                 Kathleen M. Sullivan
                                                                  William C. Price
6                                                                 Michael T. Zeller
                                                                  Kevin P.B. Johnson
7                                                                 Victoria F. Maroulis

8
                                                            Attorneys for SAMSUNG ELECTRONICS CO.,
9                                                           LTD., SAMSUNG ELECTRONICS AMERICA,
                                                            INC., and SAMSUNG TELECOMMUNICATIONS
10                                                          AMERICA, LLC

-16-                              Case No. 11-cv-01846-LHK

SAMSUNG'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO APPLE'S SECOND SET OF
INTERROGATORIES REGARDING ARTICLES OF MANUFACTURE

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 21, 2017 to counsel for Apple via electronic mail, including to the below recipients.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

                                                */s/ Brett Arnold*
                                                Brett Arnold