1    [COUNSEL LISTED ON SIGNATURE
2    PAGE]

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12   APPLE INC.,                                Case No.    11-cv-01846 LHK (NMC)

13              Plaintiff,
                                                **JOINT PRETRIAL STATEMENT
14        v.                                    AND PROPOSED ORDER FOR
                                                REMAND DAMAGES TRIAL**
15   SAMSUNG ELECTRONICS CO., LTD., a
     Korean business entity; SAMSUNG            Date:    May 3, 2018
16   ELECTRONICS AMERICA, INC., a New York      Time:    1:30 p.m.
     corporation; SAMSUNG                       Place:   Courtroom 4, 5th Floor
17   TELECOMMUNICATIONS AMERICA, LLC, a         Judge:   Hon. Lucy H. Koh
     Delaware limited liability company,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

Pursuant to the Guidelines for Final Pretrial Conference in Jury Trials, the parties submit the following Joint Proposed Pretrial Statement and Order.

## I.  SUBSTANCE OF THE REMAND DAMAGES TRIAL

The parties to this action are Apple Inc., a California corporation having its principal place of business in Cupertino, California; Samsung Electronics Co., Ltd., a Korean corporation having its principal place of business in Suwon-City, Korea; Samsung Telecommunications America, LLC, a Delaware corporation having its corporate headquarters in Richardson, Texas; and Samsung Electronics America, Inc., a New York corporation having its principal place of business in Ridgefield Park, New Jersey.[1]

On August 24, 2012, a jury found for Apple on certain of its claims against Samsung for patent infringement and trade dress dilution.  The jury also found that none of Apple's asserted design patents, utility patent claims, or trade dresses was invalid.  The jury awarded Apple $1,049,393,540.00 in damages.  (Dkt. 1931 at 15.)  Following post-trial orders and a partial damages retrial in November 2013, the total damages award against Samsung amounted to $929,780,039.  (Dkt. 3017.)  Samsung appealed.  The Federal Circuit affirmed the validity and infringement judgments with respect to Apple's design and utility patents, and "the damages awarded for the design and utility patent infringements appealed by Samsung."  (Dkt. 3271 at 4.)  The Federal Circuit reversed "the jury's findings that the asserted trade dresses are protectable" and "vacate[d] the jury's damages awards against the Samsung products that were found liable for trade dress dilution."  (*Id.*)  The Federal Circuit remanded with instructions for this Court to conduct further proceedings to determine Apple's damages with respect to those products.  (*Id.* at 33.)  Thereafter, the Court ordered a new trial on damages with respect to those products, which was scheduled to begin on March 28, 2016.  (Dkt. 3289 at 3.)

On December 15, 2015, Samsung filed a petition for certiorari with the United States Supreme Court.  (*See* Petition for Writ of Certiorari, *Samsung Elecs. Co. v. Apple Inc.*, No. 15-

---

[1] Effective January 1, 2015, Samsung Telecommunications America, LLC merged with and into SEA, and STA no longer exists as a separate corporate entity.

777, 2015 WL 10435543 (Dec. 15, 2015).)  On March 21, 2016, the U.S. Supreme Court granted in part Samsung's petition, granting certiorari as to the following question: "Where a design patent is applied to only a component of a product, should an award of infringer's profits be limited to those profits attributable to the component?"  On that same day, Samsung filed an Emergency Motion to Stay All Proceedings ("Stay Motion") pending a merits decision from the Supreme Court on its petition.  (Dkt. 3467.)  On March 22, 2016, this Court granted Samsung's Stay Motion.  (Dkt. 3472.)

On December 6, 2016, the Supreme Court held that determining profits under § 289 involves two steps:  "First, identify the 'article of manufacture' to which the infringed design has been applied.  Second, calculate the infringer's total profit made on that article of manufacture." *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434 (2016).  The Supreme Court held that the "article of manufacture" for which total profits are awarded under § 289 was not necessarily limited to the product that is sold to consumers, but may be either "a product sold to a consumer [or] a component of that product."  *Id.*  The Supreme Court remanded to the Federal Circuit for "further proceedings consistent with [its] opinion."  *Id.* at 436.

Thereafter, on February 7, 2017, the Federal Circuit remanded to this Court "for further proceedings, which may or may not include a new damages trial."  *Apple Inc. v. Samsung Elecs. Co.*, 678 F. App'x 1012, 1013 (Fed. Cir. 2017).  The Federal Circuit instructed that the district court "should consider the parties' arguments in light of the trial record and determine what additional proceedings, if any, are needed."  *Id.*

On remand to this Court, the parties briefed the issue of whether or not Samsung had waived its argument regarding the identity of the articles of manufacture.  (*See* Dkt. 3490-2; Dkt. 3491; Dkt. 3497; Dkt. 3498; Dkt 3503; Dkt. 3504.)  On July 28, 2017, the Court held "that the article of manufacture issue has not been waived" and requested additional briefing to determine whether a new trial on damages was necessary.  (Dkt. 3509 at 32-33.)

On October 22, 2017, this Court ordered a new trial on damages for Samsung's

infringement of Apple's D'677, D'087, and D'305 patents.  (Dkt. 3530 at 35.)[2]  The Court further stated that the test for determining the article of manufacture "shall be the following four factors":

- "The scope of the design claimed in the plaintiff's patent, including the drawing and written description;

- The relative prominence of the design within the product as a whole;

- Whether the design is conceptually distinct from the product as a whole; and

- The physical relationship between the patented design and the rest of the product, including whether the design pertains to a component that a user or seller can physically separate from the product as a whole, and whether the design is embodied in a component that is manufactured separately from the rest of the product, or if the component can be sold separately."

(*Id.*)

The Court also held that "the plaintiff bears the burden of persuasion on identifying the relevant article of manufacture and proving the defendant's total profit on that article."  (Dkt. 3530 at 24.)  "[T]he plaintiff also bears an initial burden to produce evidence identifying the article of manufacture to which the patented design was applied and providing the amount of total profit on that article."  (*Id.*)  Once "the plaintiff has met its initial burden of production on identifying the relevant article of manufacture, then the burden of production shifts to the defendant to come forward with evidence supporting its asserted article of manufacture."  (*Id.* at 26-27.)

## II.   RELIEF SOUGHT

This statement of relief is limited to the damages that Apple seeks at the May 14, 2018 damages trial; supplemental damages and interest according to the timetable set by the Court; attorneys' fees and costs; and any other form of relief that may be available to Apple by law or at the Court's discretion; as well as any attorneys' fees and costs that might be requested by

---

[2] This trial will also include damages with respect to certain Samsung products for Samsung's infringement of Apple's U.S. Patent Nos. 7,469,381 and 7,864,163.

Samsung and any other form of relief that may be available to Samsung by law or at the Court's discretion, including Samsung's requests for declaratory relief.

A chart of the products and patents at issue in the upcoming trial and the types of remedies available for each was previously filed by the parties.  (*See* Dkt. 3630-1.)

The parties' joint exhibits that concern the amount of damages are those identified in Exhibits 5 to this statement.

Apple seeks the following specific relief:

Apple is seeking a reasonable royalty under 35 U.S.C. § 284 for Samsung's infringement of the following patents by the following products:

1. U.S. Patent No. 7,469,381 ('381 patent):  Captivate; Continuum; Droid Charge; Epic 4G; Fascinate; Galaxy S 4G; Galaxy S II (AT&T); Gem, Indulge, Infuse 4G, Mesmerize, and Vibrant.

2. U.S. Patent No. 7,864,163 ('163 patent):  Droid Charge; Epic 4G; Fascinate; Galaxy S 4G; Galaxy S II (AT&T); Galaxy S II (T-Mobile); Infuse 4G; and Mesmerize.

Apple is seeking Samsung's total profits under 35 U.S.C. § 289 and/or a reasonable royalty under 35 U.S.C. § 284 for Samsung's infringement of the following patents by the following products:

1. U.S. Patent No. D618,677 (D'677 patent):  Fascinate; Galaxy S 4G; Galaxy S II (AT&T); Galaxy S II (Epic 4G Touch); Galaxy S II (Skyrocket); Galaxy S II (T-Mobile); Galaxy S Showcase; Infuse 4G; Mesmerize; and Vibrant.

2. U.S. Patent No. D593,087 (D'087 patent):  Galaxy S 4G and Vibrant.

3. U.S. Patent No. D604,305 (D'305 patent):  Captivate; Continuum; Droid Charge; Epic 4G; Fascinate; Galaxy S 4G; Galaxy S Showcase; Gem, Indulge; Infuse 4G; Mesmerize; and Vibrant.

Apple's Further Separate Statement Regarding Relief Requested

Apple will submit its motion for supplemental damages after trial, or at the Court's

request.

Apple objects to any attempt by Samsung to seek attorneys' fees and costs, as there is no basis for Samsung to recover either.  Apple also objects to Samsung's request for unspecified declaratory relief.  Samsung has no claim to declatory relief and is entitled to no declaratory relief.

Apple's witnesses and exhibits that concern the amount of damages are those identified in Exhibits 1 and 3 to this statement.

Samsung's Further Separate Statement Regarding Relief Requested

Samsung objects to any attempt by Apple to pursue at trial any form of relief that is not properly the subject of the new trial and/or that will be addressed separately by the Court, if necessary, including prejudgment and post-judgment interest, supplemental damages, costs of suit, and reasonable attorneys' fees.  Samsung objects to and will oppose any effort by Apple to obtain attorneys' fees in light of the Court's ruling that Samsung's infringement was not willful. (See Dkt. 2220 at 26-32.)

Samsung objects to any attempt by Apple to pursue damages beyond that which is allowed under the law, including Apple's statement that it seeks "Samsung's total profits under 35 U.S.C. § 289" where the statute allows Apple to seek only total profits from the relevant articles of manufacture to which the designs were applied.  Samsung also objects that the entire phones are not the relevant articles of manufacture, but rather only the round cornered, black front glass face (for D'677), the round cornered front glass face and surrounding rim or bezel (for D'087), and the display screen while displaying the patented array of GUI icons (for D'305).

Samsung objects to any attempt by Apple to recover any damages related to sales of the Galaxy S i9000 or the Galaxy S II (i9100), for which $0 in damages were previously awarded and not appealed because Apple failed to show any sales of such phones by Samsung within the United States.

Samsung further objects to any use of any trial exhibits to substantiate supplemental damages.  In the past, Apple has sought supplemental damages for non-infringing, white-faced

phones based on the assertion that JX1500, which does not indicate the color of any phones nor the units sold outside the damages period, nevertheless includes white phones and thereby makes them infringing.  (Dkt. 3339-3.)  Samsung expressly objected to these false assertions (Dkt. 3354-3 through 3354-20) and incorporates those objections and arguments by reference herein. Samsung reserves all rights to produce updated financial information for any supplemental damages that Apple may pursue and to rely on any and all alternative designs that Samsung implemented at any time, regardless of whether a prior jury was asked to adjudicate those alternatives.  Samsung nowhere concedes that any trial exhibit used previously or to be used in the upcoming trial establishes infringement by any phone other than those that are identical in all respects to the physical phone exhibits considered by the 2012 jury.

Pursuant to the Court's prior instructions, Samsung intends to file a post trial motion regarding the '915 patent, and reserves the right to do so for the D'677 patent as well, in light of the reexamination proceedings for those patents.  Samsung also reserves the right to file a post-trial motion regarding any double recovery that may occur as a result of the new trial and/or any judgment or appeal in the 12-cv-630 case.  Samsung also reserves its rights with regard to its declaratory judgment claims, including to have them be included in any judgment that issues in this case.

Samsung's witnesses and exhibits that concern the amount of damages are those identified in Exhibits 2 and 4 to this statement.

### III.   UNDISPUTED FACTS

1.  Apple is a corporation organized under the laws of the State of California, and its principal place of business is in Cupertino, California.

2.  Samsung Electronics Co., Ltd. (referred to individually herein as "SEC") is a corporation organized and existing under the laws of the country of Korea having its principal place of business at 416 Maetan-3dong, Yeongtong-gu, Suwon-City, Gyeonggi-do, Korea 443-742.

3.  Samsung Telecommunications America, LLC (referred to individually herein as

"STA") was, at the time of the original trial, a corporation organized and existing under the laws of the state of Delaware having its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082.

4. Samsung Electronics America, Inc. (referred to individually herein as "SEA") is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.

5. Effective January 1, 2015, STA merged with and into SEA, and therefore STA no longer exists as a separate corporate entity.

6. Venue is proper in this District.

7. The Court has personal jurisdiction over each of the parties, and each of them transacts business within this District.

8. From and after August 2010 and at least to April 19, 2018, Apple has owned all rights, title, and interest in United States Patent Nos. 7,469,381, 7,864,163, D604,305, D593,087, and D618,677.

9. U.S. Patent No. 7,469,381 was filed on December 14, 2007, and issued on December 23, 2008.

10. U.S. Patent No. 7,864,163 was filed on September 4, 2007, and issued on January 4, 2011.

11. U.S. Patent No. D604,305 was filed on June 23, 2007, and issued on November 17, 2009.

12. U.S. Patent No. D593,087 was filed on July 30, 2007, and issued on May 26, 2009.

13. U.S. Patent No. D618,677 was filed on November 18, 2008, and issued on June 29, 2010.

## IV.   PRIOR VERDICTS

1. At the first trial, on August 24, 2012, the jury found that the following Samsung products infringed U.S. Patent Nos. 7,469,381 (claim 19); 7,864,163 (claim 50);

D618,677; D593,087; and/or D604,305:

    a.  '381 patent (claim 19):  Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Galaxy S II (AT&T), Galaxy S II (i9100), Galaxy Tab, Galaxy Tab 10.1 (WiFi), Gem, Indulge, Infuse 4G, Mesmerize, Nexus S 4G, Replenish, and Vibrant.

    b.  '163 patent (claim 50):  Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Galaxy S II (AT&T), Galaxy S II (i9100), Galaxy S II (T-Mobile), Galaxy Tab, Galaxy Tab 10.1 (WiFi), Infuse 4G, Mesmerize, and Replenish.

    c.  D'677 patent:  Fascinate, Galaxy S (i9000), Galaxy S 4G, Galaxy S II (AT&T), Galaxy S II (i9100), Galaxy S II (T-Mobile), Galaxy S II (Epic 4G Touch), Galaxy S II (Skyrocket), Galaxy S Showcase (i500), Infuse 4G, Mesmerize, and Vibrant.

    d.  D'087 patent:  Galaxy S (i9000), Galaxy S 4G, and Vibrant.

    e.  D'305 patent:  Captivate, Continuum, Droid Charge, Epic 4G, Fascinate, Galaxy S (i9000), Galaxy S 4G, Galaxy S Showcase (i500), Gem, Indulge, Infuse 4G, Mesmerize, and Vibrant.

2.  At the first trial, on August 24, 2012, the jury found that U.S. Patent Nos. 7,469,381 (claim 19); 7,864,163 (claim 50); D618,677; D593,087; and D604,305 are not invalid.

Apple's Separate Statement Regarding Prior Verdicts

On appeal, the Federal Circuit affirmed that the D'677 patent, D'087 patent, D'305 patent, '163 patent (claim 50), and '381 patent (claim 19) were infringed and not invalid.  *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 998-1001, 1002-1004 (Fed. Cir. 2015), *vacated in part on other grounds*.

Apple notes that the jury's prior verdict encompassed all units reflected in JX1500, which

was stipulated to by the parties, and that the Court has already found that Samsung "waived its argument that the totals in JX1500 include sales of non-infringing white phones."  Dkt. 3645 at 46.

Samsung's Separate Statement Regarding Prior Verdicts

Samsung joins in the above statement only to the extent it reflects the 2012 jury verdicts in Docket No. 1931.  Samsung notes that the 2012 verdict form identified the products at issue by exhibit number and that the jury's infringement verdicts were specific to those exhibits and embodiments.

## V.    DISPUTED FACTUAL ISSUES

Joint Statement

Subject to the parties' pending motions, the disputed factual issues below remain to be resolved.

Apple's Separate Statement Regarding Disputed Factual Issues

1.   The amount of damages to which Apple is entitled as a result of Samsung's infringement of the '381, '163, D'305, D'087, and D'677 patents for the following 16 Samsung products:  Captivate, Continuum, Droid Charge, Epic 4G, Fascinate, Galaxy S 4G, Galaxy S II AT&T, Galaxy S II T-Mobile, Galaxy S II Epic 4G, Galaxy S II Skyrocket, Galaxy S Showcase, Gem, Indulge, Infuse 4G, Mesmerize, and Vibrant:

    a.   The identity of the articles of manufacture to which Samsung applied the patented designs of the D'305, D'087, and D'677 patents.

    b.   Samsung's total profits made from the sale of articles of manufacture to which Samsung applied the patented designs of the D'305, D'087, and D'677 patents.

    c.   Samsung's gross revenues from the sale of the articles of manufacture to which Samsung applied the D'305, D'087, and D'677 patents.

    d.   Which Samsung costs are directly attributable to the sale or manufacture of

the infringing products resulting in a nexus between the infringing products and the expense.

    e.  For each infringed patent, the amount of the payment for the license that would have resulted from a hypothetical negotiation between Apple and Samsung taking place at the time when the infringing activity first began.

2.  All the disputed issues of fact raised in the submissions to the Court on the parties' motions in limine.

3.  Apple further states that "Samsung's Separate Statement Regarding Disputed Factual Issues" raises several issues—and proffers argument in support thereof—that have already been ruled on, that Samsung has waived, or that do not describe disputed factual issues for trial or otherwise.  Apple provides the following additional response to Samsung's statement:

    a.  Samsung contends below that "[t]he amount of deductible expenses attributable to each entire Samsung phone" is a disputed factual issue. Samsung misstates the applicable legal standard.  *See* Dkt. 2784 at 43 ("directly attributable").  The parties dispute the amount of deductible expenses directly attributable to each infringing phone as a whole.

    b.  Samsung contends below that "[t]he amount of deductible expenses attributable to each article of manufacture asserted by Samsung" is a disputed factual issue.  Apple disagrees.  Not only does Samsung misstate the applicable legal standard (*see* Dkt. 2784 at 43 ("directly attributable")), but it also miststates the nature of the dispute:  Samsung has not come forward with any evidence or argument asserting or disputing an amount of deductible expenses purportedly directly attributable to the components that it alleges are the articles of manufacture.  Samsung has only presented an argument relating to deductible expenses for each infringing phone as a whole.

    c.  There are no proceedings before the Federal Circuit that are related to this case

or any patents at issue in this case.  Any PTO proceedings that involve any patents currently or previously at issue in this case or future Federal Circuit proceedings are not relevant to any issue in the upcoming trial and do not warrant restitution, dismissal, or any other relief relating to this case. Moreover, this Court has previously excluded any evidence regarding patent reexamination and inter partes review proceedings concerning the patents-in-suit.  Dkt. 3440 at 3; Dkt. 3397.

d.  Samsung contends below that "[w]hether Apple's infringement contentions, including before the 2012 jury, compared only the claimed portions of Apple's patents and the corresponding portions of Samsung's products (rather than comparing the designs of entire products) in determining design patent infringement" is a disputed factual issue.  Apple disagrees because, among other reasons, this is not a disputed factual issue, and it is not relevant to any issue at the upcoming trial.  Moreover, Samsung's contention is premised on an inaccurate and incomplete statement of the legal standard for design-patent infringement.  It would be entirely improper for Samsung to examine, before this jury, Apple's infringement contentions or what the 2012 jury did or did not actually compare in an attempt to dissect the reasoning or deliberations of the prior jury.  However, if Samsung raises this issue before the jury and therefore opens the door, then Apple should be permitted to respond by telling the jury that the entire Samsung phones were in evidence and that the 2012 jury found that the Samsung "products" infringed Apple's patents, as indicated on the verdict form.

e.  Apple objects to Samsung's assertions that it "reserves all rights with respect to all issues previously identified in prior Joint Pretrial Statements."  To the extent issues raised in those prior statements have already been adjudicated and affirmed or not raised on appeal, they are the law of the case.

<u>Samsung's Separate Statement Regarding Disputed Factual Issues</u>

Samsung expressly reserves all rights with respect to all issues previously identified in all prior Joint Pretrial Statements, and does not waive any arguments relating to those issues, whether in subsequent post-trial proceedings, on appeal, or otherwise.

1. The articles of manufacture to which Samsung applied the patented designs of the D'677, D'087, and/or D'305 patents for each of the Samsung products found to infringe those patents and for which damages may be assessed. This includes disputed factual issues as to each patent, each individual phone, and each factor in the Court's four-factor article of manufacture test.

2. The amount of profit made on each of the component articles of manufacture to which Samsung applied each of the patented designs.

3. The amount of profit made by Samsung on each phone at issue.

4. The amount of deductible expenses attributable to each entire Samsung phone at issue.

5. The amount of deductible expenses attributable to each article of manufacture asserted by Samsung.

6. The time it would have taken for Samsung to design around the features and designs claimed by the patents at issue.

7. Whether certain devices sold by Samsung and third parties constituted acceptable non-infringing alternatives during the infringement period.

8. The amount that a licensor (such as Apple) and a licensee (such as Samsung) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement concerning a license to the patents at issue for the products at issue in the new trial.

9. All of the disputed issues of fact raised in the submissions to the Court, including those relating to the parties' Daubert motions, Samsung's motion for partial summary judgment, the parties' motions in limine, and Apple's previously filed

motion for supplemental damages and prejudgment interest.

10. All of the disputed issues of fact that are or will be before the United States Patent & Trademark Office or Federal Circuit that are either related to this case or that involve or relate to any patents at issue in this case. This includes, but is not limited to, reexamination proceedings involving the D'677 patent and the '915 patent as well as any appeals that may be filed in the 12-cv-630 case that implicate damages in this case. Samsung reserves all rights to seek restitution, dismissal, or any other available relief pending the outcome of these related proceedings.

11. Whether Apple's infringement contentions, including before the 2012 jury, compared only the claimed portions of Apple's patents and the corresponding portions of Samsung's products (rather than comparing the designs of entire products) with regard to design patent infringement.

Samsung notes that Apple's statement contains a number of argumentative responses to the issues listed above. Samsung objects and reserves all of its rights regarding these arguments, but is not substantively responding in this submission because the Court's Standing Order does not permit such briefing in the Pretrial Statement, which instead is designed to simply identify disputed issues. To the extent the Court considers such arguments raised by Apple, Samsung respectfully requests the opportunity to substantively address them.

## VI.    AGREED STATEMENT

The parties concur that no part of the action may be presented upon an agreed statement of facts.

## VII.    STIPULATIONS

The parties agreed to stipulations concerning the authenticity of certain documents before the previous trials. The parties also agreed to a stipulation not to file tables stating objections to all disclosed witnesses and exhibits under Rule 26 before the 630 trial. The parties expect to agree to similar stipulations for this trial. The parties have begun the meet-and-confer process and expect to file such stipulations soon.

1

**VIII.   WITNESSES TO BE CALLED**

2

Apple's and Samsung's witness lists are attached as Exhibits 1 and 3, respectively.

3

**IX.      EXHIBITS, SCHEDULES, SUMMARIES**

4

Apple's and Samsung's exhibit lists are attached as Exhibits 2 and 4, respectively.

5

Prior to the scheduled 2016 damages retrial, the Court ordered the parties to follow the

6

same witness and exhibit disclosure and objection process used during the 2013 damages trial.

7

(Dkt. 3289 at 2.)  Accordingly, the parties are prepared to proceed according to the schedule

8

below:

9

    1.   Demonstratives:

10

        a.   The deadline to exchange demonstrative exhibits not to be entered into

11

           evidence, other than slides for use with opening statement and closing

12

           argument, shall be 9:00 am PT two days before their use in court.

13

           Excerpts, call-outs, blow-ups, or highlighting of exhibits, without more, are

14

           exempt from exchange.

15

        b.   Each party shall disclose and use no more than forty opening

16

           demonstratives.  Excerpts, call-outs, blow-ups or highlighting of exhibits,

17

           without more, are exempt from this limitation.

18

    2.   Witnesses and Exhibits:

19

        a.   Each party shall identify each witness that it intends to call (live or by

20

           deposition) no later than 9:00 am PT two days before the witness is

21

           expected to testify.

22

        b.   At the same time, the party shall identify all exhibits to be used with the

23

           witness and produce a marked copy of any exhibit not previously marked.

24

        c.   The opposing party shall identify any exhibits and impeachment materials

25

           to be used on cross-examination no later than 6:00 pm PT the same day.

26

        d.   Any objections to exhibits and impeachment materials shall be exchanged

27

           no later than 9:00 pm PT the same day.

28

    3.   Each party shall also file a list of the next seven witnesses it expects to call, in

JOINT PRETRIAL STATEMENT
CASE NO. 11-cv-01846 LHK (NMC)

14

order, by 7:00 pm PT the evening before each day on which testimony is expected.

## X.   DISPUTED LEGAL ISSUES

Apple's Separate Statement Regarding Disputed Legal Issues

Apple identifies the following legal issues that, based on the parties' prior submissions, appear to be disputed.

1.   Whether Samsung waived its argument, and whether the prior trial record lacked sufficient evidence to support Samsung's contention, that the articles of manufacture for the D'677, D'087, and D'305 patents are anything less than the entire infringing phones, or that Samsung's "total profit" under 35 U.S.C. § 289 should be calculated based on anything less than the entire infringing phones.

2.   All the disputed issues of law raised in the parties' *Daubert* motions:

   a.   Apple's Motion To Exclude Mr. Wagner's Testimony Regarding Apportionment; and

   b.   Apple's Motion To Exclude Mr. Wagner's Testimony Regarding SDC Cost Data, Apple Cost Data, and "White" Phones.[3]

4.   All disputed issues of law raised in the parties' motions in limine:

   a.   Apple's Motion In Limine #1 To Exclude Samsung's Alleged "Independent Development" Evidence;

   b.   Apple's Motion In Limine #2 To Exclude Evidence Of Unasserted Patents; and

   c.   Apple's Motion In Limine #3 To Exclude Evidence Post-Dating The Damages Period.

5.   All disputed issues of law raised in the parties' proposed jury instructions and proposed verdict forms.

6.   Apple further states that "Samsung's Separate Statement Regarding Disputed

---

[3] Apple understands that the Court has already ruled on the waiver, new trial, and *Daubert* issues raised in the parties' prior briefing. Apple does not intend to raise those legal issues before the jury, but restates them here for completeness and to preserve them for appeal if needed.

Legal Issues" raises several issues—and proffers argument in support thereof—that have already been ruled on, that Samsung has waived, or that do not describe disputed legal issues for trial or otherwise.  Apple provides the following additional response to Samsung's statement:

a.  Samsung may not seek restitution for the damages it has already paid with respect to the '915 patent.  The damages judgment for the '915 patent is final and has been executed.  *See* Dkt. 3533 at 6.

b.  With regard to Samsung's statement of issues relating to allegedly "white" or "non-black" phones included in the 2012 and 2013 jury verdicts, this Court has already found that Samsung "waived its argument that the totals in JX1500 include sales of non-infringing white phones."  Dkt. 3645 at 46.  To the extent Samsung is now raising an argument about other purported "non-black" phones, that argument has also been waived.  As the Court explained, "there is no basis for allowing Samsung to relitigate facts to which it stipulated, relied on at trial, and failed to appeal."  *Id.* at 47.

c.  Samsung's statement of issues relating to prior damages awards and willfulness verdicts is an unauthorized motion in limine and should be disregarded for that reason alone.  In any event, Apple does not plan to reference the jury's damages award from any previous trial, or the jury's verdicts of willfulness (unless Samsung opens the door to the issue).

d.  With regard to Samsung's statement of issues relating to claim construction, the prior claim constructions are the law of this case and this Court has already ruled that it will not modify them.  Dkt. 3645 at 27 ("Given the history of this issue on appeal, the Court finds it inappropriate to amend its claim constructions at this late stage in the litigation.").

e.  Although Samsung's Galaxy S (i9000) and and Galaxy SII (i9100) products may be relevant to issues at the upcoming trial because they were found to

infringe asserted patents, Apple will not ask the jury to award damages for those products.

f.   There are no proceedings before the Federal Circuit that are related to this case or any patents at issue in this case.  Any disputed issues of law in pending PTO proceedings involving any patents currently or previously at issue in this case or future Federal Circuit proceedings are not relevant to this litigation and do not warrant restitution, dismissal, or any other relief relating to this case.

g.   This Court has already set forth the legal test for identifying the relevant article of manufacture under Section 289 (including factors relating to whether a patented design is relatively prominent and/or conceptually distinct from the product as a whole, and the physical relationship between the patented design and rest of the product).  Dkt. 3530 at 35.  The Court has also found that Samsung conceded that the Court's test was acceptable to Samsung.  Dkt. 3530 at 20; Dkt. 3627 at 1-2.  While Samsung cites the Solicitor General's amicus brief (2016 WL 3194218) in support of some of its alleged disputes of law, "[t]he United States' brief is not the law."  Dkt. 3645 at 11, 14.  This Court has further determined that evidence of Apple's products that practice the patented designs and Samsung's copying is relevant to consideration of the four-factor test for identifying the article of manufacture.  *Id.* at 18-19, 22-23. Additionally, many of the issues identified by Samsung are factual issues, not disputes of law.

h.   This Court has already ruled that, if Apple satisfies its initial burden of production on identifying the relevant article of manufacture and proving the amount of total profit on the sale of that article, then the burden of production shifts to Samsung to come forward with evidence of an alternative article of manufacture.  Dkt. 3530 at 35.  But Apple maintains (as it previously argued and reiterates for appellate purposes) that, after Apple satisfies its initial

burden of proving that Samsung applied the patented design to a product that
was sold and further proving revenues from that sale, then Samsung should
bear the burden of proving both the identity of any alternative article of
manufacture and the amount of "total profit" it made from that alternative
article of manufacture.  Dkt. 3522 at 15-20.

<u>Samsung's Separate Statement Regarding Disputed Legal Issues</u>

Samsung identifies the following legal issues that it believes are still disputed:

1.  Whether Apple must pay Samsung restitution for damages awarded under claim 8
    of the '915 patent in light of the Federal Circuit's affirmance of the Patent Trial
    and Appeal Board's rejection of claim 8 of the '915 patent.  *In re Apple Inc.*, 685
    F. App'x 907 (Fed. Cir. 2017).

2.  Whether the 2012 jury's infringement verdict, based only on black phones
    admitted into evidence, nevertheless could have included or could be applied to
    phones with non-black front faces, such as *white* front faces for the D'677 design
    patent.  *See Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 433 (2016)
    (describing the D'677 patent as "covering a black rectangular front face").  As
    with all other issues, this issue extends to any subsquent supplemental damages
    Apple may seek.

3.  Whether Apple should be permitted to reference the jury's damages awards from
    any previous trial, or the jury's verdicts of willfulness.  The Court has already
    decided that Samsung's infringement was not willful as a matter of law (Dkt. 2220
    at 26-32), and any mention of the jury's willfulness verdicts or damages awards
    from prior trials would be highly prejudicial to Samsung, pose a great risk of jury
    confusion, and have no appropriate countervailing benefit or rationale.  The Court
    has also already precluded Apple from referencing the willfulness verdict.  (Dkt.
    3645 at 26.)

4.  Whether the Court's prior claim constructions must be modified to remove

mentions of an "article of manufacture" or any other wording that conflicts with the Supreme Court's opinion in this case or might otherwise in any way indicate to the jury that the identity of the relevant article of manufactures have already been determined to be entire electronic devices, whether by the Court, the U.S. Patent Office, or any other entity.

5. Whether the jury should be asked to identify the relevant articles of manufacture or amount of damages for devices that were found to infringe, but which were already found to have no domestic sales, namely the Galaxy S (i9000) and Galaxy SII (i9100).

6. All of the disputed issues of law that are or will be pending before the United States Patent & Trademark Office and the Federal Circuit that are either on appeal from this case or that involve or relate to any patents at issue in this case. This includes, but is not limited to, reexamination proceedings involving the D'677 patent and the '915 patent as well as any appeals that may be filed in the 12-cv-630 case that implicate damages in this case. Samsung reserves all rights to seek restitution, dismissal, or any other available relief pending the outcome of these related proceedings.

Samsung further identifies the following legal issues that have been addressed in some measure through pre-trial rulings, but which Samsung believes may be implicated either in the upcoming trial or on a subsequent appeal. Samsung reserves the right to raise these and any other legal issues in its proposed jury instructions, proposed verdict form, and objections thereto. Samsung cannot now anticipate all issues that may arise in the course of the trial and does not waive the right to later articulate or address contested legal issues, including those that have already been ruled on but which Samsung or Apple may include in any appeal or further proceedings that may occur in this matter. Samsung is not herein seeking reconsideration of any pre-trial rulings through this filing, but reserves the right to raise these issues again in the future:

7. Whether the test for identifying the relevant article of manufacture should be

limited only to Factors 1 and 4.

8. Whether Section 289 of the Patent Act permits an inquiry into whether a design is relatively "prominent" within a product or whether and to what extent a design and a product are "conceptually distinct." *See* Sarah Burstein, *The "Article of Manufacture" Today*, 31 HARV. J. L. & TECH --- (manuscript of Jan. 28, 2018, at 20) (Solicitor General's factors are not "link[ed] … to the question of what it means for a design to be 'applied' to an 'article of manufacture'"); *U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1129 (9th Cir. 2015) (declining "to read a nonexistent, extra-textual third requirement into" federal statute); *Timex V.I., Inc. v. United States*, 157 F.3d 879, 883 (Fed. Cir. 1998) (similar).

9. Whether analysis of the "scope of the design claimed in the plaintiff's patent" can properly include any matter that is disclaimed in the design patent through broken lines.

10. Whether analysis of the "relative prominence of the design within the product as a whole" requires consideration of whether the product "has many other components unaffected by the design" (U.S. Brief at 28).

11. Whether analysis of the "relative prominence of the design within the product as a whole" is complete upon a finding that a design is "important" to the product.

12. Whether analysis of "whether the design is conceptually distinct from the product as a whole" includes whether "the product contains other components that embody conceptually distinct innovations" (U.S. Brief at 29).

13. Whether analysis of "whether the design is conceptually distinct from the product as a whole" may assume that any design "related" to a smartphone is necessarily conceptually indistinct from it.

14. Whether a design that is visually part of an entire product is necessarily "conceptually [in]distinct from it."

15. Whether analysis of the "physical relationship between the patented design and the rest of the product" properly includes any consideration of whether a component pertaining to a patented design was sold separately to consumers, including by Samsung.

16. Whether analysis of the "physical relationship between the patented design and the rest of the product" properly includes any consideration of whether the entire product was "sold and used" as a single unitary device.

17. Whether the origin of an infringing design (for example, through copying or through innocent similarity) is relevant to the identity of any article of manufacture at issue or the profits derived from any such article.

18. Whether Apple's design process, marketing philosophy, application of designs to its own products, or the "look and feel" of its iPhone products are relevant to the identity of any article of manufacture to which Samsung applied a patented design.

19. Whether Samsung has the burden to prove any article of manufacture.

20. Whether Apple has the burden of proving profits on Samsung's alternative proposed articles of manufacture.

21. All of the disputed issues of law raised in the submissions to the Court, including those relating to the parties' Daubert motions, Samsung's motion for partial summary judgment, the parties' motions in limine, and Apple's previously filed motion for supplemental damages and prejudgment interest.

22. All disputed issues of law raised in the parties' proposed jury instructions and proposed verdict forms.

Samsung notes that Apple's statement contains a number of argumentative responses to the issues listed above. Samsung objects and reserves all of its rights regarding these arguments, but is not substantively responding in this submission because the Court's Standing Order does not permit such briefing in the Pretrial Statement, which instead is designed to simply identify

disputed issues.  To the extent the Court considers such arguments raised by Apple, Samsung respectfully requests the opportunity to substantively address them.

## XI.  FURTHER DISCOVERY OR MOTIONS

The parties currently do not contemplate further discovery or motions apart from sealing issues.

## XII.  DISPUTED EVIDENTIARY ISSUES

Each party has filed motions in limine pursuant to the Court's Case Management Orders. Those motions will be heard on May 3, 2018, at the pretrial conference.  Pursuant to the Court's prior instructions, each party agreed not to serve or file a chart or charts detailing additional objections to the other party's exhibit list and reserved those objections for the high priority objection process or trial.

     A.    Apple's Separate Statement of Disputed Evidentiary Issues

       1.  Apple reserves all rights to object to Samsung's proposed deposition and discovery designations, exhibits, and witness testimony, both before and during trial.

       2.  Apple also reserves the right to amend exhibits to conform to any subsequent Court rulings or circumstances at trial, including rulings regarding admission of evidence, limitations to evidence, or to correspond to the final verdict form that will be given to the jury.

       3.  Apple further states that "Samsung's Separate Statement of Disputed Evidentiary Issues" raises several issues—and proffers argument in support thereof—that have already been ruled on, that Samsung has waived, that violate this Court's limits on motions in limine, or that do not describe disputed evidentiary issues for trial or otherwise.  As this Court noted before the stayed damages retrial that was scheduled for March 2016:  "Without authorization, Samsung included five additional motions in limine as 'disputed evidentiary issues' in its portion of the Joint Pretrial Statement.  ECF No. 3404 at 18-19.  Samsung's evasion of the three motions in limine limit alone would be sufficient basis to deny Samsung's motions

without consideration of the merits." Dkt. 3440 at 4. Samsung's raising of 23 additional "evidentiary" issues now is even more egregious and signals Samsung's intention to re-raise at trial issues that have been adjudicated previously—in many cases numerous times. Apple provides the following additional response to Samsung's statement:

a. Samsung purports to incorporate by reference the evidentiary disputes it raised in motions in limine or joint pretrial statements filed in 2012, 2013, and 2016. Samsung's attempted blanket incorporation is not appropriate. Under the Court's Groundhog Day rules, Apple understands that the Court's prior rulings are in effect (to the extent they have not been affected by the appeals). Dkt. 3639. However, to the extent Samsung lost on certain evidentiary issues before this Court and did not raise them on appeal, or lost on such issues on appeal, it may not raise them again because it has waived the issues and/or because they are the law of the case.

b. For the December 15, 2017 expert disclosure, the Court permitted each party to disclose up to three experts—"two expert witnesses to identify the relevant article of manufacture," and a damages expert ("the same as in the previous trial") to calculate damages under § 289. Dkt. 3542 at 1; *see also* Dkt. 3538 at 18-19 (allowing limited new discovery related to the new test). Apple may also present testimony from other experts who were previously disclosed to testify about issues unrelated to the article of manufacture issue, including issues relating to the utility patents-in-suit and reasonable royalty damages.

c. With regard to Samsung's statement of issues relating to allegedly "white" phones included in the 2012 and 2013 jury verdicts, this Court has already found that Samsung "waived its argument that the totals in JX1500 include sales of non-infringing white phones." Dkt. 3645 at 46. As the Court explained, "there is no basis for allowing Samsung to relitigate facts to which

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

it stipulated, relied on at trial, and failed to appeal." *Id.* at 47.  The same reasoning applies to Samsung's new assertion that some units in JX1500 may have included "an updated applications menu" that Samsung now contends did not infringe the D'305 patent, even though it never raised any such non-infringement defense at trial or on appeal and stipulated to the number of units in JX1500.  Further, this Court also found that "Samsung has never produced sales data showing the number of white phones that Samsung sold" which "alone would justify exclusion" of any argument regarding white phones.  Dkt. 3645 at 47.  Samsung has likewise never produced data showing the number of phones it sold with an allegedly non-infringing "updated applications menu."

    d.   The Court previously denied Samsung's motion to exclude certain of Dr. Kare's opinions where she considered Samsung marketing, advertising, and related materials as relevant evidence in her analysis of the four factors.  Dkt. 3645 at 7, 13-15.  The Court further denied Samsung's request to preclude Dr. Kare from offering opinions related to consumer behavior or marketing because Samsung did not identify any part of Dr. Kare's report as containing marketing opinions.  *Id.* at 23, 26.  To the extent Samsung omitted these new challenges to Dr. Kare's testimony from its *Daubert* motion, Samsung has waived them.  Moreover, the statements in paragraphs 89, 95, and 116 of Dr. Kare's opening report (Dkt. 3595-7) and paragraph 33 of her reply report (Dkt. 3595-8) that point to advertising, marketing, and related materials are not "marketing opinions"; rather, they describe evidence relevant to her analysis of the four factors.  For example, she relies on them as evidence of the relative prominence (Factor 2) of Apple's D'305 design in Samsung's infringing products—including in response to opinions offered by Samsung's design expert regarding Samsung's advertising—and as evidence of how Samsung sold the infringing products (Factor 4).  Finally, given her extensive

qualifications and experience (*see* Dkt. 3645 at 6), Dr. Kare is well qualified to offer these opinions and to discuss the supporting evidence at trial.

e.  The Court previously struck the expert report of Dr. Reibstein because it violated the Court's November 30, 2017 Case Management Order and because it does not contribute to identifying the article of manufacture.  Dkt. 3645 at 4, 35-37; Dkt. 3585; *see also* Dkt. 3573-3.

f.  The Court previously ruled that Mr. Wagner is precluded from testifying as to his opinions based on third-party surveys because "Mr. Wagner's survey-based methodology is premised on an assumption—that there is a one-to-one correlation between the survey results and Samsung's profits—for which he offers no explanation."  Dkt. 3645 at 39.

g.  The Court previously ruled that both parties would be limited to a single damages expert and that the damages experts would remain the same as in the prior trial.  Dkt. 3542 at 1; Dkt. 3546 at 7-8, 20.  Samsung did not request to substitute a different damages expert for Mr. Wagner, and the Court denied Samsung's request for an additional damages expert.  Dkt. 3546 at 7, 12, 14-15, 19.

h.  The Court previously ruled that Factor 1 of the article of manufacture test is "[t]he scope of the design claimed in the plaintiff's patent, including the drawing and written description."  Dkt. 3530 at 35. The Court also previously ruled that Mr. Ball's consideration of the D'677 patent in his analysis of Factor 1 is reliable and admissible.  Dkt. 3645 at 8-10.  There is no basis on which to alter the D'677 patent's written description.  *See* Dkt. 3655.

i.  The Court previously ruled that Samsung may not introduce at trial the prior testimony of Mr. Bressler and Dr. Kare regarding infringement.  Dkt. 3543 at 11.

j.  Samsung's multiple alleged disputed issues regarding copying are a clear

attempt to circumvent the Court's motion in limine limits and should be disregarded.  If the Court is inclined to consider the issues raised by Samsung on the merits, Apple respectfully requests the opportunity to respond in full with an opposition brief.  But in short:  the Court has previously ruled that evidence of Samsung's copying is relevant and admissible both for identifying the articles of manufacture to which Samsung applied Apple's patented designs (Dkt. 3645 at 17-19) and to the reasonable royalty analysis (e.g., Dkt. 2735 at 3).  Samsung's attempt to relitigate this issue again should be rejected.

k.  First, the Court previously ruled that evidence of Samsung's copying is relevant to identifying the articles of manufacture, and denied Samsung's motion to exclude Mr. Ball's and Dr. Kare's opinions regarding copying.  Dkt. 3645 at 17-19.  More specifically, the Court held that "evidence of and opinions about copying are relevant to the second factor, the prominence of the design." *Id.* at 18.  In so ruling, the Court rejected the same arguments that Samsung makes about intent and prejudice, and found the copying evidence admissible. *Id.* ("The question here is whether such copying testimony is relevant specifically to the article of manufacture issue and admissible under Rule 403 when liability is no longer at issue."); *id.* at 17-18 (addressing Samsung's arguments about intent); *see also* Dkt. 3618 at 2 (Samsung previously arguing that Apple's expert opinions regarding copying should be excluded because they allegedly "focus[ed] on the prejudicial sideshow about 'copying'").  Thus, Apple may appropriately introduce evidence and testimony concerning the fact of copying—supported by statements from Samsung's own witnesses and documents, and from independent third-party reviews of Samsung's infringing phones. *See* Dkt. 3645 at 18-19 (concluding that "evidence that the D'087, D'677, and D'305 designs were widely associated with the iPhone, that Samsung was interested in designing a phone that was

'like the iPhone,' … and that observers commented on the striking similarities between the infringing Samsung phones and the iPhone based on the D'087, D'677, and D'305 designs" support the prominence of Apple's designs in Samsung's phones (Factor 2).)  In other words, evidence of Samsung's appropriation of Apple's patented designs is objective proof of the prominence of those designs.

l.  Second, the Court previously ruled that evidence "probative to whether Samsung copied … is relevant to the reasonable royalty analysis."  Dkt. 2735 at 3.  Additionally, the Court has previously ruled that Samsung's copying is relevant to demand for the patented products and features, which is part of the reasonable royalty analysis.  Dkt. 2562 at 41-42 (finding copying evidence "is relevant to demand, which is part of Apple's burden, so I think it's relevant and it's going to come in"); *id.* at 45; *id.* at 52 ("I do think [PX40] [i]s relevant and it would be error if I exclude it."); *id.* at 56 (documents showing "comparisons" are relevant to demand for a patented feature); Dkt. 2552 at 2; Dkt. 2645 at 3; Dkt. 3440 at 6-7; *see* Dkt. 2947 at 10 ("[D]emand for the patented features … is relevant to at least factor 8 (commercial success of the product made under the patent), factor 9 (utility and advantages of the patented technology), and factor 11 (infringer's use of the invention and the value of that use).").  Those rulings were not overturned in any way on appeal, and are still applicable under the Court's Groundhog Day rules.  Dkt. 3639.

m.  Evidence of Samsung's copying is thus highly relevant to the issues that the jury will be asked to decide at the upcoming trial.  And while Samsung does not like the copying evidence, that does not make it prejudicial.  That Samsung appropriated the "look and feel" of the iPhone and subsequently its sales increased and market share rose are not "conjectures aimed at intent" as Samsung claims; they are facts relevant to the relative prominence of the

patented designs and the reasonable royalty analysis.  That relevance is not at all outweighed by any prejudice to Samsung, and it would be unduly prejudicial to Apple if such relevant evidence were excluded.  Moreover, as noted above, the Court already considered and rejected Samsung's prejudice arguments with respect to the copying evidence.  *E.g.*, Dkt. 3645 at 18.

n.  The Court previously ruled that Samsung is precluded from introducing evidence of its alleged "independent development" to rebut Apple's allegations of copying because Samsung failed to timely disclose its "independent development" theories and also under FRE 403.  *See* Dkt. 3646 at 1-2 (Apple motion in limine citing prior rulings).  Those rulings were affirmed on appeal and still apply.  *See id.* at 1-3.

o.  The intervening case history does not provide any basis for overruling these decisions.  Samsung seeks to present its alleged "independent development" evidence for the same purpose for which it was previously excluded:  to "rebut[] an allegation of copying."  Dkt. 1690 at 9; *see* Dkt. 3646 at 2-3 (Apple motion in limine summarizing Samsung's recent efforts to present "independent development" evidence to rebut copying allegations).  The Court's previous exclusion of Samsung's alleged "independent development" evidence as a discovery sanction still stands; that alone is enough to support the continued exclusion of the evidence.  But even if the Court were to reach FRE 403, Samsung cannot credibly claim undue prejudice from the continued exclusion of this evidence, as its own expert Mr. Lucente has stated that "[e]ven if the District Court [] allow[s] allegations of copying to be part of the test, and even if there was a basis to conclude that there was copying of the patented designs, I do not think this would significantly affect the [article of manufacture] analysis."  Dkt. 3593-25, ¶ 103.  On the other hand, the potential prejudice to Apple of allowing the admission of Samsung's alleged

"independent development" evidence remains high.  As the Court observed before the 2013 retrial, allowing such evidence is "more prejudicial to Apple" than it was in 2012 because "doing so runs the risk of inviting this jury to question the validity of Apple's D'677 patent, an issue that the 2012 jury decided against Samsung."  Dkt. 2708 at 4.

B.  <u>Samsung's Separate Statement of Disputed Evidentiary Issues</u>

Samsung incorporates herein by reference the following motions in limine pending with the Court:

1.  Motion for an order precluding Apple from offering evidence, testimony, or attorney argument that improperly implies that Samsung's increased market share was caused by the introduction of features found to infringe in this lawsuit.  (Dkt. 3649.)

2.  Motion for an order prohibiting Apple from presenting evidence or argument suggesting that this Court, the prior jury, or the U.S. Patent and Trademark Office ("PTO") has already determined the articles of manufacture to which Samsung applied the patented designs.  (Dkt. 3650.)

3.  Motion for an order precluding Apple from offering evidence or argument regarding the '915 patent.  (Dkt. 3651.)

Samsung also incorporates by reference the evidentiary disputes raised in each of the motions in limine that it filed prior to the 2012, 2013, and 2016 trials, as well as each of the evidentiary disputes listed in each prior joint pretrial statement.  Based on the Court's orders limiting motions in limine, Samsung has not moved again on those issues or re-listed them, but Samsung reserves all rights to raise those issues again in light of any circumstances that may arise in the upcoming trial that warrant such action, to seek reconsideration of those rulings, or to appeal those rulings.

Further, Samsung notes that the Court's Standing Order for Jury Trials calls for the following with regard to disputed evidentiary issues:  "A concise statement of *each* disputed

evidentiary issue (*even if a motion in limine will not be filed on that issue*), citing supporting statutes and decisions or referring to the appropriate motion in limine." (*Id.* at B(11) (emphasis added).)  In obedience to that operative standing order, Samsung includes the following evidentiary disputes of which it is aware, and does not do so in an attempt to circumvent any limitations on motions in limine or to seek any additional evidentiary rulings from the Court outside the normal trial procedures for objections to evidence.  Samsung presents these issues to make Apple and the Court aware of evidentiary disputes that Samsung currently believes may arise during the course of trial.  Samsung also reserves the right to raise additional evidentiary issues at trial.  Subject to the foregoing statements, Samsung identifies the following disputed evidentiary issues:

4. Whether Apple may present testimony from any expert not disclosed in its December 15, 2018 expert disclosure as ordered by the Court.  (Dkts. 3536 and 3542).

5. Whether Apple can assert that any Samsung phone with a white front face or other non-black front face was ever considered by a prior jury or found to infringe the D'677 patent.  Apple mistakenly refers to JX1500, but that exhibit did not identify the physical attributes of any phone and Apple has pointed to no finding by the jury that any non-black phone was found to infringe the D'677 patent.

6. Whether Apple can assert that any Samsung phone updated to an alternative design for the applications menun was ever considered by a jury or found to infringe the D'305 patent.

7. Whether Apple can assert that any prior jury awarded damages for a white-faced phone.

8. Whether Apple can assert that any prior jury awarded damages for a D'305-accused phone with an updated applications menu.

9. Whether Apple can mention or seek to introduce into evidence any negative reporting or press related to Samsung or its employees that is outside the scope of

the specific issues to be decided by the jury, including regarding the batteries of Galaxy Note 7 devices or bribery charges brought against a former Samsung executive.

10. Whether Apple's design expert Susan Kare can offer any opinions or exhibits related to Samsung marketing or advertising.  Samsung's Daubert filing identified paragraph 89 and Exhibit 24 of Dr. Kare's opening report as containing unqualified opinions regarding marketing.  (See Dkt. 3595-7, ¶ 89 (Highlighted Kare Opening Report with annotation of "Blue also" at paragraph 89); Dkt. 3595-10 at 2 (Samsung's Proposed Order Granting its Motion to Exclude;  listing Kare Opening Report ¶ 89 as containing improper opinions related to marketing).  The Court's Daubert order indicated that no portions of Dr. Kare's report had been identified by Samsung on this topic (Dkt. 3645 at 23, 26), but this appears to have been an inadvertant oversight.  Samsung also notes that paragraphs 95 and 116 of Dr. Kare's opening report (Dkt. 3595-7) and paragraph 33 of her rebuttal report (Dkt. 3595-8) also contain opinions regarding marketing and advertising and these additional paragraphs were inadvertantly omitted from Samsung's Daubert motion.  The reasoning of the Court's order excluding unsupported opinions regarding marketing and advertising should therefore extend and apply to Paragraphs 89, 95, 116 and Ex. 24 of Dr. Kare's opening report and paragraph 33 of her rebuttal report.

11. Whether Samsung is properly precluded from offering survey evidence and opinions of Dr. David Reibstein where such evidence and opinions are relevant to the article of manufacture inquiry and Mr. Reibstein was identified to assist the jury in conducting that inquiry.

12. Whether Samsung is properly precluded from offering survey evidence and opinions of Dr. David Reibstein where such evidence and opinions can be relied

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

on by Samsung's damages expert in determining the profits attributable to the relevant articles of manufacture.

13. Whether Samsung is properly precluded from offering survey evidence and opinions by its damages expert Michael Wagner where the report of Samsung's survery expert David Reibstein was stricken despite its relevance to the jury's article of manufacture and damages inquiries, and where Mr. Wagner, who is the only expert Samsung is allowed to call as a damages expert per Court order, is not allowed to opine on certain third party consumer survey evidence.  Under this scenario, it is has been made impossible for Samsung to introduce and/or rely on relevant and admissible consumer survey evidence and expert testimony that would assist the jury under the new legal tests announced by the Supreme Court and this Court under Section 289 despite Samsung's timely disclosure of this evidence and expert opinions.

14. Whether Samsung is properly precluded from offering any damages expert in addition to or other than the one from pior trials.

15. Whether Apple or its witnesses should be allowed to mention or rely on the phrase "article of manufacture" in the D'677 patent description.  Apple created that patent description prior to the Supreme Court's opinion in this case and it therefore incorporates an incorrect statement of law to the extent it identifies for the jury what the article of manufacture is that Samsung has applied the challenged design. The patent description also cannot expand the scope of the design actually claimed in solid lines.  Any evidence that goes beyond the scope of the patent issued by the USPTO should not be admitted under Factor 1 of the Court's test.  "[T]he scope of the design patent must be a central consideration for the factfinder when determining the relevant article of manufacture for the purpose of § 289."  Oct. 22, 2017 Order (Dkt. 3530) at 17.

16. Whether Apple or its witnesses can rely on any statements in the Manual of Patent Examining Procedure ("MPEP") that are now at odds with the Supreme Court's rule regarding the phrase "article of manufacture." The MPEP, which has not been revised since the Supreme Court's decision, improperly states or assumes in various places that an "article of manufacture" is necessarily the entire finished product. That is now an incorrect statement of law and should not be allowed into evidence or to otherwise be presented to the jury.

17. Whether Samsung may introduce at trial the prior testimony of Mr. Bressler (and Dr. Kare) regarding infringement where the Court relied on that testimony, among other things, as supporting the need for a new trial.

18. Whether evidence and argument related to Apple's allegations of copying have any relevance to the identity of the articles of manufacture to which Samsung applied the patented designs that outweighs the prejudicial nature of the allegations. (See William F. Lee & A. Douglas Melamed, Breaking the Vicious Cycle of Patent Damages, 101 CORNELL L. REV. 385, 403-04 (2016) ("[p]atent infringement is a strict liability offense"); Aro Mfg. Co. v. Convertible Top Replacement Co., 377 U.S. 476, 484 (1964) ("unauthorized use, without more, constitutes infringement"). Because the intent of the infringer is irrelevant to infringement, the jury's prior findings on infringement are not proof of copying. Allen Engineering Corp. v. Bartell Industries, Inc., 299 F.3d 1336, 1350-51 (Fed. Cir. 2002) ("While copying may be relevant to obviousness, it is of no import on the question of whether the claims of an issued patent are infringed."); Aug. 20, 2012 Trial Tr., Dkt. 1998 at 3762 (Court: "[I]t's true that intent to copy is not relevant to an infringement analysis"). Moreover, the entire thrust of Apple's focus on allegations of copying has always been to insinuate bad intent and imply that the entire iPhone is encapsulated in Samsung's products. That is what Apple has done in the past. See e.g., Aug. 21, 2012 Trial Tr., Apple Closing Argument,

Dkt. 1997 at 4084 ("Samsung was able to copy and incorporate the results of Apple's four-year investment in hard work and ingenuity without taking any of the risks because they were copying the world's most successful product."); id. at 4088 ("[W]e know that instead of doing the right thing, Samsung chose to continue on the copying path of its own and take us down the road that has led us to this courthouse."). And it is what Apple intends to do again. (See, e.g., Apple's Response to Samsung's Interrogatory No. 1 Regarding Articles of Manufacture ("Samsung copied the patented designs in an effort to replicate in the Infringing Phones the look and feel of Apple's iPhones in order to bolster the sales of the Infringing Phones."); Dkt. 3595-4, Ball Rpt., ¶ 234 ("Samsung copied the D'087 and D'677 designs in an effort to copy the iPhone as a whole"); Dkt. 3595-7, Kare Rpt., ¶ 110 ("Samsung's copying efforts, described above, included the entirety of the iPhone."). In other words, for Apple, there is, and never has been, a difference between the so-called "fact" of copying and Samsung's purported intent behind the alleged copying; they have always gone hand in hand. Statements by Apple's counsel and witnesses on this score will confuse and prejudice the jury about the article of manufacture inquiry. As the Court has ruled, "the article of manufacture inquiry is a factual one: to which article of manufacture was the patented design applied?" Oct. 22, 2017 Order (Dkt. 3530) at 17. As to this, the Court ruled that it found "unconvincing Apple's explanation as to why an infringer's reasons for copying the design is relevant to this factual inquiry." Id.

19. The issue of copying is rendered all the more unduly prejudicial here because Apple's design patents do not claim—nor could they—the entirety of the phones at issue, including their functionality. Nor do Apple's patents cover the entirety of the external appearance of phones. By relying on similarities (and statements regarding similarities) relating to more than the specific claimed patented designs and inventions, Apple improperly and incorrectly conveys to the jury that any

similaritiy or copying is improper.  This is not the law.  See, e.g., To forbid copying would interfere with the federal policy, found in Art. I, § 8, cl. 8, of the Constitution and in the implementing federal statutes, of allowing free access to copy whatever the federal patent and copyright laws leave in the public domain."); ("Kellogg Company is undoubtedly sharing in the goodwill of the article known as 'Shredded Wheat'; and thus is sharing in a market which was created by the skill and judgment of plaintiff's predecessor and has been widely extended by vast expenditures in advertising persistently made.  But that is not unfair.  Sharing in the goodwill of an article unprotected by patent or trade-mark is the exercise of a right possessed by all — and in the free exercise of which the consuming public is deeply interested.")  This is particularly true here, where Apple originally sought protection of the entire exterior and graphic user interface of its phones.  The Federal Circuit rejected the former as unprotectable on functionality grounds, and the Patent and Trademark office rejected the later with regard to the D'305 patent. See (reversing denial of Samsung's motion for judgment as a matter of law that the unregistered and registered trade dresses are functional and therefore not protectable); JX1063 at 9-73, 117-129 (File history for D'305 patent).

20. To the extent Apple and its experts are allowed to address allegations of copying, they should be precluded from any and all statements as to the supposed intent behind any alleged copying, for example to appropriate the entire look and feel of the iPhone, to steal market share, to increase sales, or to confuse consumers as to the source of their products.  All of those conjectures are aimed at intent, which the Court has said has no place in the article of manufacture inquiry:  "[T]he infringer's intent in copying the patented design … finds no support in the text of the statute."  Id.  Such evidence and argument is therefore irrelevant under FRE 402 and highly prejudicial under FRE 403.

21. Whether evidence or argument related to Apple's allegations of copying are relevant for anything other than Factor 2 of the Court's four-factor article of manufacture test and whether Samsung can introduce internal Samsung documents related to its design of early smartphone products.

22. Whether evidence or argument related to Apple and it experts' assertions that Samsung supposedly copied the entire iPhone is relevant or admissible.  Apple's trade dress claims were all found, either by the jury or the Federal Circuit, to be unprotectable.  Such claims are irrelevant, confusing to the jury, and unfairly prejudicial.

23. Whether Apple should be permitted to reference the jury's damages awards from any previous trial, or the jury's verdicts of willfulness.  The Court has already decided that Samsung's infringement was not willful as a matter of law (Dkt. 2220 at 26-32), and any mention of the jury's willfulness verdicts or damages awards from prior trials would be highly prejudicial to Samsung, pose a great risk of jury confusion, and have no appropriate countervailing benefit or rationale.  The Court has also already precluded Apple from referencing the willfulness verdict.  (Dkt. 3645 at 26.)

Samsung reserves all rights to object to Apple's proposed deposition and discovery designations, exhibits,and witness testimony, both before and during trial.

Samsung also reserves the right to amend exhibits to conform to any subsequent Court rulings or circumstances at trial, including rulings regarding admission of evidence, limitations to evidence, or to correspond to the final verdict form that will be given to the jury.

Samsung notes that Apple's statement contains a number of lengthy, argumentative responses to the evidentiary issues listed above, which Apple includes to further present its motions in limine and evidentiary positions (in violation of the Court's limits on such briefing).  Samsung objects and reserves all of its rights regarding these arguments, but is not substantively responding in this submission because the Court's Standing Order does not permit

1
2
3

such briefing in the Pretrial Statement, which instead is designed to simply identify disputed issues.  To the extent the Court considers such arguments raised by Apple, Samsung respectfully requests the opportunity to substantively address them.

4
5

### XIII.   ESTIMATE OF TRIAL TIME

Trial is set to begin on Monday, May 14, 2018.

6
7

Apple's Proposal

Apple proposes that the Court allocate to each side the same amount of time as was

8
9

allocated for the 2013 damages retrial: eight hours of court time for evidence; 45 minutes per side for opening statements, and one hour per side for closing arguments.

10

Samsung's Proposal

11
12

Samsung proposes that the Court allocate to each side: ten hours of court time for evidence; one hour per side for opening statements, and one hour per side for closing arguments.

13

### XIV.   MISCELLANEOUS

14

***Trial Briefs.***  The parties have different positions regarding trial briefs.

15

Apple's Position

16
17

The parties have previously agreed not to file trial briefs.  *See* Dkt. 3425 at 1.  In light of

18
19

the extensive case history and voluminous briefing that has already occurred regarding the Supreme Court's opinion and the article of manufacture issue, Apple does not believe that trial briefs are necessary at this time.

20

Samsung's Position

21
22
23
24

Samsung reserves the right to file the optional trial brief allowed by the Court's Standing Order for Jury Trials, paragraph (D)(5), particularly in light of the change in law related to design patent damages.  Samsung notes that Apple is not required to file a trial brief if it does not wish to do so.

25
26

***FJC Video.***  The parties agree that the Federal Judicial Center video should not be shown to this jury.

27
28

JOINT PRETRIAL STATEMENT
CASE NO. 11-cv-01846 LHK (NMC)

37

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of trial in this action, unless modified to prevent manifest injustice.*

Dated:  April 19, 2018

1   By: */s/ Mark D. Selwyn*_____          By: */s/ Victoria F. Maroulis*_____

2

3   Attorneys for Plaintiff and Counterclaim-          Attorneys for Defendants and
    Defendant APPLE INC.                               Counterclaim-Plaintiffs SAMSUNG
4                                                      ELECTRONICS CO., LTD., SAMSUNG
                                                       ELECTRONICS AMERICA, INC., AND
5   William F. Lee (*pro hac vice*)                    SAMSUNG TELECOMMUNICATIONS,
    william.lee@wilmerhale.com                         AMERICA, LLC
6   WILMER CUTLER PICKERING
      HALE AND DORR LLP                                QUINN EMANUEL URQUHART &
7   60 State Street                                    SULLIVAN LLP
    Boston, Massachusetts  02109
8   Telephone:  (617) 526-6000                         John B. Quinn (Bar No. 90378)
    Facsimile:  (617) 526-5000                         johnquinn@quinnemanuel.com
9                                                      William C. Price (Bar No. 108542)
    Mark D. Selwyn (CA SBN 244180)                     williamprice@quinnemanuel.com
10  mark.selwyn@wilmerhale.com                         Michael T. Zeller (Bar No. 196417)
    WILMER CUTLER PICKERING                            michaelzeller@quinnemanuel.com
11    HALE AND DORR LLP                                865 South Figueroa Street, 10th Floor
    950 Page Mill Road                                 Los Angeles, California 90017-2543
12  Palo Alto, California  94304                       Telephone: (213) 443-3000
    Telephone:  (650) 858-6000                         Facsimile: (213) 443-3100
13  Facsimile:  (650) 858-6100
                                                       Kathleen M. Sullivan (Bar No. 242261)
14  Erik J. Olson (CA SBN 175815)                      kathleensullivan@quinnemanuel.com
    ejolson@mofo.com                                   Kevin P.B. Johnson (Bar No. 177129)
15  Nathan B. Sabri (CA SBN 252215)                    kevinjohnson@quinnemanuel.com
    nsabri@mofo.com                                    Victoria F. Maroulis (Bar No. 202603)
16  Morrison & Foerster LLP                            victoriamaroulis@quinnemanuel.com
    425 Market Street                                  555 Twin Dolphin Drive, 5th Floor
17  San Francisco, California  94105-2482              Redwood Shores, California 94065
    Telephone:  (415) 268-7000                         Telephone: (650) 801-5000
18  Facsimile:  (415) 268-7522                         Facsimile: (650) 801-5100

19

20

21

22

23

24

25

26

27

28

    JOINT PRETRIAL STATEMENT
    CASE NO. 11-cv-01846 LHK (NMC)                                                          39

1

2     **IT IS SO ORDERED.**

3

4

      Dated: _____, 2018        By: _____

5

6                                                      Honorable Lucy H. Koh

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ATTESTATION OF E-FILED SIGNATURE**

2

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this

3

submission.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Victoria F. Maroulis has

4

concurred in this filing.

5

Dated:  April 19, 2018                                                   */s/ Mark D. Selwyn*
                                                                                  Mark D. Selwyn

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28