[COUNSEL LISTED ON SIGNATURE PAGE]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK |
| Plaintiff, | |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **JOINT SUBMISSION ON PROPOSED VERDICT FORM** |
| Defendants. | |

The parties jointly submit the following statement regarding their proposed verdict forms. Apple's proposed verdict form is attached as Exhibit A. Samsung's proposed verdict form is attached as Exhibit B.

## I.   APPLE'S STATEMENT

The Court should adopt Apple's proposed verdict form because it is the only proposal that accurately reflects the law and permits the jury to provide proper, lawful responses to the ultimate issues it will be asked to decide. Conversely, Samsung's proposed form is unnecessarily complex, is likely to invite error, and is likely to prejudice Apple, confuse or mislead the jury, and risk an inconsistent verdict. Apple therefore objects to Samsung's proposed form for the following reasons.

1. Apple objects to Questions 1-3 on Samsung's proposed verdict form, which ask the jury to identify the "articles of manufacture" to which Samsung applied Apple's patented designs on a patent-by-patent basis. There is no reason to include any such intermediate questions on the verdict form, where the jury's ultimate task is to determine the damages to award Apple for Samsung's infringement. Including special interrogatories about the article of manufacture will only add unnecessary complexity and would risk an inconsistent verdict or legal error.

Samsung's proposed Questions 1-3 illustrate the perils of attempting to include "article of manufacture" interrogatories on the verdict form. Samsung's proposed questions improperly ask the jury to determine the "article of manufacture" on a per-patent basis, but this misrepresents the first step the jury must undertake when calculating damages: to determine the article of manufacture to which Samsung applied Apple's patented design *for each Samsung product found to infringe*. Samsung has acknowledged that the relevant articles of manufacture must be found on a *product-by-product* basis, yet its proposed verdict form wrongly assumes that the jury must find one common article of manufacture for all phones that infringe a particular patent. *See* Dkt. 3661 at 13 (Samsung acknowledging in joint pretrial statement that the parties dispute "[t]he articles of manufacture to which Samsung applied the patented designs of the D'677, D'087, and/or D'305 patents *for each of the Samsung products* found to infringe those patents"); Dkt. 3521 at 6

2

(Samsung arguing that "the relevant article of manufacture under Section 289 is the specific part, portion, or component *of a product* to which the patented design is applied."). Indeed, Samsung's proposed question asking the jury to quantify the damages under § 289 (Question 5) appropriately asks the jury to identify those amounts on a per-product basis, not a per-patent basis.

Samsung's proposed article of manufacture questions are further problematic because they provide no opportunity for the jury to identify an article of manufacture other than those identified by the parties. *See Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434 (2016) (step one is to "identify *the* 'article of manufacture' to which the infringed design has been applied"). Samsung's questions inappropriately restrict the jury's inquiry under the first step of § 289 and potentially compel the jury to render a verdict at odds with their view of the evidence, further increasing the risk of juror confusion, an inconsistent verdict, and legal error. The flaws with Samsung's proposed article of manufacture questions are easily avoided by not asking the jury to state the relevant articles of manufacture on the verdict form, as Apple suggests. To be sure, the jury should be instructed that, per the Supreme Court's opinion, calculating total profits under § 289 is a two-step process that requires identification of the "article of manufacture" to which Samsung applied Apple's patented design and calculation of Samsung's "total profit" made from that article. But expressly identifying the article of manufacture on the verdict form is not necessary for the jury to award damages for Samsung's infringement of Apple's design patents. As the Court has instructed, "this trial is solely for damages" (Dkt. 3643 at 10) and accordingly the sole requirement for a verdict form in this case is to permit the jury to award damages to Apple. *See also* Dkt. 3530 at 35 (ordering "a new trial on damages"). The Court has not previously asked the jury to answer any other question subsidiary to its damages determination (*e.g.*, identify the amount of gross revenues or deductible costs). There is no reason to deviate from that practice for the intermediate issue of the identity of the article of manufacture.

Tellingly, the only other court to have issued a verdict form in a design patent case postdating the Supreme Court's 2016 decision elected *not* to have the jury make an express finding as to the relevant article of manufacture. *See Columbia Sportswear North America, Inc. v. Seirus*

3

*Innovative Accessories, Inc.*, Case No. 3:17-cv-01781-HZ, Dkt. 377 at 2 (S.D. Cal. Sept. 29, 2017) (Jury Verdict Form); *Id.*, Dkt. 455 (March 18, 2018 Opinion & Order denying JMOL motion and rejecting argument that the verdict form should have included a separate question regarding the article of manufacture). The verdict form in that case simply asked the jury to state the amount of design patent damages to which the plaintiff was entitled. The Court should follow a similar approach here.[1]

Contrary to Samsung's suggestion, "the key issue" at the upcoming trial is the amount of damages Samsung owes Apple for its infringement of Apple's patents—both design and utility. The article of manufacture inquiry is merely one of many subsidiary questions the jury may need to answer in order to determine that sum, but there is no reason why that subsidiary question (and not all the others) should be included on the verdict form. The Federal Circuit does not need to know what the jury concludes with respect to the article of manufacture in order to "fairly assess whether the test adopted by this Court is the correct one." As Samsung concedes in its statement, the only issue on which the parties have reserved rights regarding that test is the issue of the burden of proof. The jury's findings should have no bearing on any review of that legal decision by the Federal Circuit, nor does Samsung explain how it might.

Samsung similarly fails to articulate how asking the jury to identify the articles of manufacture lessens the risk of a retrial. If anything, the risks of a retrial are heightened by asking the jury to identify the articles of manufacture. As explained above, the jury would have to identify the article of manufacture on a ***per patent*** and ***per product*** basis. This introduces enormous complexity and opportunity for inconsistencies, and heightens the chance that the jury's findings regarding the identity of the article of manufacture could be appealed. Even under Samsung's own hypothetical, the risk of a retrial is lessened if the Court adopts Apple's proposed verdict form. Under Samsung's hypothetical, if the jury awards Samsung's total profit on the Vibrant, implicit in that award would be the jury's determination that Samsung applied at least one

---

[1] Contrary to Samsung's allegations, this approach did not cause any complications in post-trial briefing, or the post-trial ruling. The court issued a simple two-paragraph order denying both parties' JMOLs. *See Columbia Sportswear N.A., Inc. v. Seirus Innovative Accessories, Inc.*, C.A. No. 17-1781, Dkt. 455 (Mar. 13, 2018 S.D. Cal.).

of Apple's patented designs to that entire phone. If, as Samsung surmises, the Federal Circuit found an unspecified problem with the verdict "that affected only one or two of the design patents," a retrial would not be necessary so long as there was substantial evidence to support a finding that Samsung applied the unaffected patent or patents to the Vibrant as a whole.

2. Apple further objects to Question 3 because it proposes an article of manufacture—"display screen"—that neither party has identified as its alleged article of manufacture for any of the Samsung phones found to infringe the D'305 patent. Samsung did not disclose this alternative article of manufacture in its initial interrogatory response identifying its alleged articles of manufacture. *See* Dkt. 3648-10 at 38. While Samsung later supplemented its response to state that "if the relevant article of manufacture is not the display screen while displaying the single, patented array of GUI icons"—which is Samsung's position—"the relevant article of manufacture is at most the display screen," Samsung offered no independent explanation or evidence in support of that statement. And Mr. Lucente—Samsung's only witness to opine on the identity of the articles of manufacture—did not disclose this alleged alternative in his report. *See* Dkt. 3592-25, ¶ 30. The paragraphs of Mr. Lucente's report that Samsung cites do not suggest otherwise. *See, e.g.*, *id.* at ¶ 320 ("The article of manufacture for purposes of D'305 then, in my opinion, is best described as the display screen, and only for the time the D'305 design is being shown, otherwise the display screen is an article of manufacture to which a different design is being applied."). Samsung should not be permitted to use the verdict form to introduce positions not adequately disclosed and for which it has not proffered any evidence.

3. Apple objects to Questions 4(i)-(iii) on Samsung's proposed verdict form, which ask the jury to identify the form of monetary recovery for each infringed design patent. Again, these questions are unnecessary and create a substantial risk of juror confusion, an inconsistent verdict, and legal error. Samsung's proposed Questions 4(i)-(iii) wrongly assume that the jury must award a single form of monetary recovery for each Apple design patent that Samsung infringed, regardless of the ***Samsung phone models or the phone units*** found to infringe Apple's patents. But, depending on the evidence at trial, a reasonable jury could potentially award Apple a mix of

5

remedies for each Apple design patent, as long as the jury does not award two mutually exclusive remedies for the same infringing *unit*.  A reasonable jury could, for example, choose to award Apple a reasonable royalty award for the Droid Charge's infringement of the D'305 patent, but award total profits to Apple for the Infuse 4G's infringement of the D'305 patent.  Identifying the form of monetary award by patent is therefore not appropriate.  It is also not consistent with the Court's prior practice.

Moreover, the form of Samsung's proposed Questions 4(i)-(iii) is argumentative and prejudicial to Apple.  Samsung's proposed introduction to those questions includes a lengthy statement about Apple being entitled to only one form of recovery for each infringing sale; however, the proper place for such a statement (to the extent it is appropriate) is in the jury instructions.  It should not be repeated on the verdict form itself.  In addition, Samsung's proposed Questions 4(i)-(iii) repeatedly refer to "Samsung's profits."  Section 289, however, requires the jury to award Samsung's "total profit" on the article of manufacture.  Omitting the word "total" improperly suggests that the jury may award less than Samsung's "total profit" and is therefore prejudicial to Apple.

Samsung's proposed Questions 4(i)-(iii) are, like its first three proposed questions, unnecessary and best omitted.  The jury in the 2013 damages retrial also had to choose between awarding Samsung's total profits or a reasonable royalty as a form of monetary recovery on an infringing unit-by-unit basis, but the Court did not require the jury to expressly state on the verdict form which kind of award it was granting.  *See* Dkt. 2631.  Nor did Samsung's proposed verdict form seek to have the jury identify the form of monetary recovery.  *See* Dkt. 2510.  The Court's tentative verdict form for the postponed 2016 trial also did not require the jury to identify the form of monetary recovery, and Samsung did not request such a question at that time either.  *See* Dkt. 3446 (Tentative Verdict Form); Dkt. 3401-2 (Samsung's Proposed Verdict Form).  The Court should again refrain from requiring the jury to state the form of monetary recovery on the verdict form.

4. Apple objects to Question 5 on Samsung's proposed verdict form. Question 5 contains several introductory paragraphs that are likely to confuse the jury and prejudice Apple. For example, the question states that the jury "should only award damages for a product and a patent if that product was found to infringe that patent." Ex. B at 3. This instruction is unnecessary in light of the shading in Samsung's (and Apple's) proposed damages chart, which makes clear which infringing products were not found to infringe particular patents. The instruction would only confuse the jury and prejudice Apple by suggesting that some additional, unidentified products were also not found to infringe certain patents. Moreover, the verdict form from the 2013 damages retrial contained a similar damages chart with some cells shaded out, but notably did not include such a confusing instruction. *See* Dkt. 2631; *see also* Dkt. 2510 (Samsung's proposed verdict form for 2013 damages retrial, which also omits the confusing instruction). The Court should leave discussion of any double recovery issues to the jury instructions and omit any such instruction from the verdict form.

Further, Question 5's reference to a lump sum and the inclusion of a final row in the damages chart where the jury may award a "lump sum" is confusing and likely to create error. The chart wrongly implies that the jury may award a lump sum under Section 289 for Samsung's infringement of Apple's design patents, or at least may lead the jury to erroneously believe so. Instead, as in the past trials, the jury should be instructed on the "total profit" remedy under Section 289 and separately on the reasonable royalty remedy under Section 284 (including that it may award a reasonable royalty in the form of a lump sum or ongoing royalty) in the jury instructions. Previously, the Court properly rejected Samsung's request to include a lump sum as a separate question or box on the verdict form. *See* Dkt. 3401 at 6; Dkt. 3401-2; Dkt. 3446. There is no reason to alter that now.

\* \* \*

Rather than adopt Samsung's legally erroneous, unnecessarily complex, and potentially confusing proposed verdict form, the Court should adopt Apple's proposed form. Apple's form closely resembles the 2013 verdict form, save only that it breaks out the section for utility patent

7

damages from the section for design patent damages.  *Compare* Ex. A, *with* Dkt. 2631.  Apple's proposed form simplifies the jury's task of awarding damages to Apple on a per-product basis without burdening the jury with complex and unnecessary questions that are likely to confuse the jury, risk an inconsistent verdict, and invite legal error.

## II.    SAMSUNG'S STATEMENT

**1.**  The parties' proposed verdict forms are similar in many respects.  Recognizing the need for specificity, both parties' forms would ask the jury to specify damages on a product-by-product basis rather than en masse.  And both parties' forms would ask the jury to segregate damages between Apple's design and utility patents, entering their awards as to each group of patents separately.  But Apple's proposed verdict form improperly fails to require *any* findings as to key issues, including the core article-of-manufacture issues to be tried.  As past experience in this case has demonstrated, verdict-form particularity is the key to preventing unnecessary retrials, and specificity is especially important when the governing law is unsettled, as it is here.  The Court should accordingly adopt Samsung's proposed verdict form, which is short and easy to follow yet at the same time appropriately requires the jury to (1) identify the articles of manufacture to which Samsung applied Apple's design patents, and (2) specify the form of damages (infringer's profits or reasonable royalty) which the jury elects to award for design-patent infringement.

The Court has discretion under to adopt a jury verdict form with "written questions on one or more issues of fact that the jury must decide."  Fed. R. Civ. P. 49(b); *see Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999).  Courts recognize that submission of special interrogatories is warranted when, as here, a plaintiff is pursuing "multiple, alternative theories of recovery."  *Stewart & Stevenson Servs., Inc. v. Pickard*, 749 F.2d 635, 644 (11th Cir. 1984).  In such a case, if the appellate court finds error, the jury's answers to specific questions may well "eliminate[] the uncertainty as to whether the jury's verdict was based wholly on an improper theory requiring retrial of the case."  *Stewart & Stevenson Servs., Inc. v. Pickard*, 749 F.2d 635, 644 (11th Cir. 1984).  On the other hand, "[w]here two (or more) claims are submitted to the jury, a form of verdict that does not require the jury to specify on which claim or claims it finds in favor of

8

the plaintiff may pose an insurmountable problem for review of the verdict." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 286 (2d Cir. 1998); *see Maynard v. City of San Jose*, 37 F.3d 1396, 1406 (9th Cir. 1994) (vacating entire damages award because "[t]he special verdict form did not apportion the damages between the verdicts we have reversed and the ones we have affirmed").

In addition, the need for verdict-form specificity is heightened where governing law is unsettled. "In an area of newly developing law … the wise course to follow is to submit [specific] interrogatories with appropriate accompanying general instructions so that the trial Court, and on appeal, the appellate court can determine legal consequences in the light of the controlling standards." *Ford Motor Co. v. Dallas Power & Light Co.*, 499 F.2d 400, 410 n.18 (5th Cir. 1974). Special interrogatories "isolate fact findings in such a way as to allow reviewing courts to make determinations as a matter of law while preserving the jury's role as a fact finder," and are thus a "valuable tool when the law is uncertain or in a state of development." *Pac. W. Cable Co. v. City of Sacramento, Cal.*, 672 F. Supp. 1322, 1326 (E.D. Cal. 1987) (citing Brown, *Federal Special Verdicts: the Doubt Eliminator,* 44 F.R.D. 338, 346-48 (1967)); *see generally Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n.8 (1997) (noting that "a special verdict and/or interrogatories on each claim element [can] be very useful in facilitating review, uniformity, and possibly postverdict judgments as a matter of law").

**2.** Here, these principles warrant the addition of Samsung's proposed interrogatories regarding the identity of the relevant articles of manufacture and the form of damages for design-patent infringement.

*First*, to avoid the possibility of a verdict containing an impermissible double recovery, the verdict form should contain an interrogatory requiring the jury to specify whether it is awarding a reasonable royalty or Samsung's profits from the relevant article of manufacture. The parties agree that an award of Samsung's profits for design-patent infringement precludes *any* other recovery on that sale, including any recovery for utility-patent infringement, while a royalty award for design-patent infringement leaves open the possibility of additional royalty awards for utility-patent

9

infringement.  Using Apple's verdict form, however, there may be no way to tell whether the jury has awarded profits or a royalty for design-patent infringement—thus making it impossible to determine whether an additional royalty award is permissible.  Again, Samsung's proposed verdict form would resolve the issue by specifying the type of recovery awarded by the jury and thus enabling the Court to ensure that the final judgment does not reflect any improper double recovery.  And Samsung's proposed verdict form properly requires the jury to specify a single form of damages for each design patent.  While it might be possible for a jury to award "a mix of remedies" for a single patent in some unusual hypothetical circumstance, there is simply no factual basis for Apple's assertion that a reasonable jury could do so here.

*Second*, Samsung's proposed article-of-manufacture identity questions are critical.  This is not a "subsidiary" question as Apple suggests, but is the key issue that necessitated a new trial and is the predicate for any award of Samsung's profits.  The law governing the article of manufacture issues is complex and unsettled, and the subject of numerous disputes.  Both sides have reserved their rights to appeal the Court's rulings.  *See, e.g.*, Dkt. 3661, at 17-18, 21 (both parties reserving rights as to Court's ruling on burden of proof); Dkt. 3615, at 1-2 (Samsung showing its pre-summary judgment preservation as to AOM test); Dkt. 3592-2, at 1 (Samsung filing motion for summary judgment to further preserve objection as to AOM test).  This case may give the Federal Circuit its first opportunity to determine the appropriate article-of-manufacture test for use in future cases.  But to fairly assess whether the test adopted by this Court is the correct one, the Court of Appeals must know what the jury found.  The jury should, accordingly, be required to specify its findings as to the relevant articles of manufacture so that, if the Court of Appeals disagrees with any of this Court's rulings, "the appellate court can determine legal consequences in the light of the controlling standards."  *Ford Motor Co.*, 499 F.2d at 410 n.18.

Moreover, requiring the jury to identify the relevant articles of manufacture may well eliminate the need for further retrials in light of Apple's overlapping, alternative claims for relief.  As the Court may recall, the lack of specificity in the first-trial verdicts necessitated a partial retrial when the Court later determined, after trial, that Apple's notice-date arguments were erroneous.

*See* Dkt. 3530, at 8; Dkt. 2271, at 15-26. Similarly, the lack of specificity in those verdicts necessitated another retrial when the Federal Circuit reversed the liability findings for Apple on its trade-dress claims. *See Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1005 (Fed. Cir. 2015) (remanding for "further proceedings necessitated by [the Federal Circuit's] decision to vacate the jury's verdicts on the unregistered and registered trade dress claims"); Dkt. 3272, at 2 (setting second damages retrial). Here as well, verdict-form particularity may eliminate the need for another retrial in the future, and these experiences show the error in Apple's suggestion that the Court should not require particularity. Contrary to Apple's suggestion, the specificity that Samsung proposes will reduce, not exacerbate, the risk of legal error requiring a retrial.

To illustrate, suppose that the jury awards an amount of Samsung's profits on the Vibrant, which was found to infringe all three of Apple's design patents, but the verdict form is silent as to the jury's article of manufacture findings. In such a circumstance, there may be no way to evaluate the basis for the jury's award. If the Federal Circuit were to find error on appeal, a full retrial may be necessary even if the error affected only one or two of the design patents. *See, e.g.*, Dkt. 3530, at 33-34 (discussing presumption of prejudice from instructional error). In contrast, Samsung's proposed verdict form would potentially eliminate the need for a retrial by clarifying the jury's findings as to each patent. And even if, as Apple suggests, a retrial might be avoidable were the jury to award *precisely* the amount of Samsung's profit that Apple requests, a retrial would still likely be needed in the countless other possible scenarios in which there is legal error and the jury awards a different amount of Samsung's profit, absent verdict-form particularity. Because such particularity can yield enormous efficiencies, courts recognize the value of specific interrogatories, which may well "eliminate[] the uncertainty as to whether the jury's verdict was based wholly on an improper theory requiring retrial of the case." *Stewart & Stevenson*, 749 F.2d at 644.

*Finally*, the benefits of a somewhat more particularized verdict form are not outweighed by any risk of prejudice or confusion. To the contrary, directing the jury to identify the relevant articles of manufacture and the form(s) of recovery it is awarding will provide a framework for deliberations, thereby aiding the jury in following the Court's instructions. The Court's

instructions will require the jury to decide both the article of manufacture and form of remedy issues addressed by Samsung's proposed interrogatories. Asking the jury to express its findings with a few check-marks will not impose any significant additional burden.

**3.** Apple's efforts to avoid specificity in the jury's verdict are misplaced. While Apple notes that the district court in *Columbia Sportswear North America, Inc. v. Seirus Innovative Accessories, Inc.*, No. 3:17-cv-01781-HZ (S.D. Cal.), did not require the jury to identify the relevant article of manufacture, *see id.* Dkt. 377, that omission led to complicated post-trial motion practice over the jury's findings and whether the jury's award of infringer's profits was supported by substantial evidence, *see, e.g., id.* Dkt. 431. Had the court required the jury to specify its chosen article of manufacture, the issues for post-trial motions and appeal necessarily would have been narrowed. That case, moreover, involved only a single design patent and a single accused product (the Seirus HEATWAVE glove), simplifying the jury's task. Here, in contrast, there are multiple design patents, multiple accused products, and multiple relevant articles of manufacture. This complexity strongly favors the specificity provided in Samsung's proposed verdict form.

Apple's suggestion that the article of manufacture should be identified on a product-by-product basis, instead of a patent-by-patent basis, is also baseless. Apple has never argued—and no reasonable jury could find—that the article of manufacture to which Samsung applied a particular patented design somehow varies by phone. For similar reasons, Samsung's proposed verdict form properly does not allow the jury to pick an article of manufacture other than the ones identified by the parties: The evidence expected at trial would not permit a reasonable jury to find a different or alternate article of manufacture, let alone award Samsung's total profit from that unmentioned article. Apple's apparent belief that the jury might pursue a compromise between an entire phone and the specified components reinforces the importance of requiring the jury to specify the relevant articles of manufacture—thereby ensuring that its verdict is faithful to the evidence.

Apple, moreover, is flat wrong in seeking to omit the "display screen" as a possible article of manufacture for the D'305 patent because Samsung purportedly did not "timely assert[] or disclose[]" it. Samsung's interrogatory response expressly states its alternative position that "the

12

relevant article of manufacture is at most the display screen," Dkt. 3648-10, at 45, and Mr. Lucente disclosed the same opinion in his report, *see* Dkt. 3592-25 ¶¶ 149, 303, 320.

Finally, contrary to Apple's contention, the reference to "lump sum" in Question 5 and the damages chart in Samsung's proposed verdict form is not confusing or likely to lead to error. Question 4 makes clear that the jury must decide between a reasonable royalty *or* Samsung's profits on the article of manufacture for design-patent damages. Question 5 then makes clear that a lump sum award is a permissible form of reasonable royalty, using the term "lump-sum reasonable royalty" in both the body of the question and in the chart and leaving no room for confusion or error.

*\*\*\**

Accordingly, the Court should adopt Samsung's proposed verdict form and reject Apple's proposal. Samsung's proposed form adds no substantial complexity to the case and will aid judicial review of the verdict and ward off difficult problems that could arise after trial if the Court were to adopt Apple's oversimplified proposal.

Dated: April 26, 2018

| By: /s/ *Mark D. Selwyn* | By: /s/ *Victoria F. Maroulis* |
|---|---|
| Attorneys for Plaintiff and Counterclaim-Defendant APPLE INC. | Attorneys for Defendants and Counterclaim-Plaintiffs SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS, AMERICA, LLC |
| William F. Lee (pro hac vice)<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>Mark D. Selwyn (CA SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP | QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br><br>John B. Quinn (Bar No. 90378)<br>johnquinn@quinnemanuel.com<br>William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>Michael T. Zeller (Bar No. 196417)<br>michaelzeller@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 |

950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Erik J. Olson (CA SBN 175815)
ejolson@mofo.com
Nathan B. Sabri (CA SBN 252215)
nsabri@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100