[COUNSEL LISTED ON SIGNATURE PAGE]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**JOINT PROPOSED JURY INSTRUCTIONS** |

The parties jointly provide the accompanying proposed preliminary and final jury instructions. Attached as Exhibit A is the parties' proposed set of preliminary jury instructions. Attached as Exhibit B is the parties' proposed set of final jury instructions.

**APPLE'S STATEMENT:**

Apple's proposed preliminary and final jury instructions are based on the jury instructions that this Court previously used in the 2013 damages trial (Dkts. 2716, 2784), as well as those the Court planned to use before the stayed 2016 trial (Dkt. 3441, Dkt. 3442). Apple's proposed instructions update the instructions from the 2013 damages trial to reflect the patents and products at issue in the trial scheduled to begin on May 14, 2018, as well as to reflect the United States Supreme Court's decision in *Samsung Electronics Co. v. Apple Inc.*, 137 S. Ct. 429 (2016), and this Court's order granting a new trial on damages (Dkt. 3530).

Apple submits that the Court's jury instructions from the 2013 damages trial that were either approved by the Federal Circuit or not challenged on appeal are the law of the case to the extent they were not affected by the Supreme Court's decision in *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429 (2016). *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2017 WL 3232424, at *15 (N.D. Cal. July 28, 2017) ("[A]n issue or factual argument waived at the trial level before a particular order is appealed, or subsequently waived on appeal, cannot be revived on remand." (citation omitted)); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2017 WL 4776443, at *15 (N.D. Cal. Oct. 22, 2017) (jury instruction became "the law of the case" because "Samsung did not appeal it"); *see also United States v. Toliver*, 672 F. App'x 689, 690 (9th Cir. 2016) (law of the case doctrine bars challenge to jury instructions previously upheld on appeal), *cert. denied*, 138 S. Ct. 115 (2017); *United States v. Whittenburg*, 243 F.3d 552 (9th Cir. 2000) (challenges to "the trial court's jury instructions were considered on appeal" and subsequent challenges were therefore "barred . . . under the law of the case doctrine"); *Gulliford v. Thrash*, 8 F. App'x 766, 768 (9th Cir. 2001) (abuse of discretion for district court judge to amend jury instructions in second trial absent applicable exception to law of the case doctrine) (unpublished); *Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1347 (Fed. Cir. 2001) ("by failing to appeal" an issue, the

2

party "waived this issue and was barred from raising it on remand"); *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009) (applying law of the case doctrine to foreclose renewals of challenges to jury instructions that had been adjudicated during a prior appeal); *Geldermann, Inc. v. Fin. Mgmt. Consultants, Inc.*, 27 F.3d 307, 312 (7th Cir. 1994) ("[W]hen parties do not object to jury instructions, these instructions generally become 'law of the case.'").

With that principle in mind, Apple's proposed jury instructions adhere as closely as possible to the Court's preliminary and final jury instructions from the 2013 damages trial. *See* Dkt. 2716 (Preliminary Jury Instructions); Dkt. 2784 (2013 Final Jury Instructions). Nearly every edit proposed by Apple relates to (1) updating the instructions to reflect the relevant patents and products at issue in the upcoming trial or (2) addressing the Supreme Court's and this Court's decisions regarding design patent damages under 35 U.S.C. § 289. Accordingly, Apple is providing the Court with redlines to show the changes made to each set of its proposed instructions as compared to the instructions given by the Court in the 2013 damages trial. Attached as Exhibit C is a redline comparing Apple's Proposed Preliminary Jury Instructions to the preliminary jury instructions given in the 2013 damages trial (Dkt. 2716). Attached as Exhibit D is a redline comparing Apple's Proposed Final Jury Instructions to the final jury instructions given in the 2013 damages trial (Dkt. 2784).

Samsung has taken a different approach. It asks the Court to radically rework its prior instructions, including on matters unrelated to the article of manufacture test that Samsung could have appealed before, but did not. Among other requests, Samsung seeks to add substantive design patent and damages instructions to the preliminary instructions, which was not done in either prior trial (or before the stayed 2016 retrial). Samsung also seeks new design patent instructions on issues unrelated to identification of the article of manufacture and calculation of total profits thereon. Even where Samsung has agreed that the Court should reissue an instruction from 2013, it has proposed substantive edits to those instructions. These edits are not warranted by any change in law or circumstances, nor are the disputed issues as "expansive" as Samsung claims. To the contrary, the parties agree the sole issue the jury needs to decide is the amount of damages to be

awarded to Apple. *See* Joint Proposed Final Jury Instruction No. 16. That is the exact same issue the jury was asked to decide in 2013. Samsung is also incorrect to suggest that the prior jury instructions were broadly found to be erroneous. The Court found only that two instructions contained errors. Samsung should not be permitted to use that limited holding to justify a complete do-over on issues that have long been settled.

Regarding Samsung's reasonable royalty instructions, neither the fact that lost profits are no longer at issue nor what Samsung purports are changes in law justify Samsung's proposals. Apple's proposed instructions remove all lost profit references, while Samsung makes extensive changes but *retains* reference to that remedy.

Samsung's new instructions also misstate the law of design patent damages, contradicting both the Supreme Court's decision and the prior orders of this Court. For example, Samsung restates its waived request to amend the four-factor article of manufacture test to a two-factor test. *See, e.g.*, Samsung Proposed Final Jury Instruction No. 35[a] (jury should consider only Factors 1 and 4). And even where Samsung's proposed instruction includes four factors, they differ from the four factors the Court has ordered will guide the inquiry. *See* Samsung Proposed Final Jury Instruction No 35[b]. In an apparent attempt to manufacture issues for appeal, Samsung also improperly proposes numerous alternative instructions on the same legal issues. Samsung repeatedly separates what should be a straightforward presentation of the operative law for the jury to apply into a series of complicated, confusing, and one-sided instructions that emphasize that which Samsung believes favors it, while either omitting or explicitly instructing the jury to disregard that which Samsung believes favors Apple. As to instructions regarding damages under § 289 alone, Samsung proposes *twenty-one instructions*, including at least *six alternative instructions*. Samsung's disregard for precedent, this Court's Groundhog Day rules, and the law of the case should be rejected. The Court should adopt Apple's proposed instructions.

**SAMSUNG'S STATEMENT:**

Contrary to Apple's contention, Samsung's proposed instructions replicate the Court's prior jury instructions to the extent they apply. But many of the Court's prior instructions no longer

apply, for a simple reason: both the governing law *and* the issues to be tried are different now. The Supreme Court fundamentally changed the law, *see Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429 (2016), as did this Court's rulings on remand. This Court reopened discovery for that very reason, and the parties have adduced substantial new evidence that will be presented at trial. The upcoming retrial will bear little resemblance to the trials that occurred in the past, when the disputed issues were different.

Because the issues to be tried, the governing law and the relevant facts have all changed, the jury instructions must change as well. Apple *concedes* that the "law of the case" doctrine is inapplicable where the governing law has changed, and the same is true if "the evidence on remand is substantially different" or "other changed circumstances exist." *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1034 (9th Cir. 2015); *see, e.g.*, *Dow Chem. Co. v. Nova Chem. Corp. (Can.)*, 803 F.3d 620, 628 (Fed. Cir. 2015) (same principle); *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1582 (Fed. Cir. 1994) (collecting similar authorities). Similarly, this Court expressly adopted only a "limited" Groundhog Day rule for this trial, recognizing that the circumstances are materially different from prior retrials. Dkt. 3538 at 3-4; *see* Dkt. 3657, at 1-2. The upcoming retrial is necessary because, as this Court found, the instructions given at prior trials were erroneous. Dkt. 3530, at 28-35. Apple's suggestion that the Court should again give its prior instructions, even if they no longer apply or are incorrect, is an invitation to error.

As to design-patent damages, Samsung has properly proposed a new set of instructions that reflects the current state of the law. Apple criticizes Samsung's instructions as "one-sided" and "confusing," but they are largely drawn from the Supreme Court's decision itself, and from the submission by the Solicitor General that is the source of the test that this Court adopted and the case law on which that submission relied. Apple also asserts that Samsung's proposed instructions "differ from the four factors the Court has ordered will guide the inquiry," but it is entirely proper for jury instructions to *explain* what those factors mean, which is what Samsung proposes. In contrast, Apple's proposal that the Court simply recite the four factors with no explanation of what they mean or how to apply them would leave the jury utterly confounded and incapable of fulfilling

5

its task. *See, e.g.*, *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1987) (reversing judgment where jury "instruction[s] did not adequately explain the law"); Wright & Miller, Federal Practice & Procedure § 2556 (3d ed.) ("If the court must use technical words that are not generally well understood, it should define them"). This Court should adopt Samsung's proposed infringer's profits instructions, which will ensure that the jury understands and properly applies the article of manufacture test.

To that same end, Samsung urges the Court to give preliminary instructions on the key disputed issues before trial commences. Without preliminary guidance from the Court, the jury will not know even what an "article of manufacture" is, let alone why that obscure legal term is at the center of this case. This Court gave detailed, substantive preliminary instructions at the 2012 trial, Dkt. 1427, at 19-27 (addressing numerous issues relating to patent and trade dress validity and infringement), and this Court's Model Patent Jury Instruction A.4 provides that, to "help focus the jury on the facts relevant to the issues it will have to decide," it is appropriate to give preliminary instructions explaining "the specific issues in the case" in advance, including by "adapt[ing]" the "instructions intended to be given after the close of evidence." Accordingly, the Court should adopt Samsung's proposed preliminary instructions, which provide appropriate guidance regarding the "article of manufacture" test so that the jury can follow the evidence. And for the same reason, Samsung's proposed instructions should be given early in the Court's preliminary charge, to ensure that the jurors focus on the key disputed issues from the outset.[1]

Finally, while Apple complains that Samsung has proposed revisions to the reasonable royalty instructions, those too are required by changed circumstances. Unlike at prior trials, Apple is not seeking to recover lost profits in the coming trial, and the instructions should be amended accordingly. Moreover, the governing law has changed here as well: the Federal Circuit has

---

[1] Apple states that the Court did not give substantive preliminary instructions at prior trials, but as noted, the Court did so in 2012. While the preliminary instructions at the 2013 retrial were more limited (Dkt. 2716), that was because the first jury's verdict had significantly narrowed the issues. Here, in light of the Supreme Court's reversal, the disputed issues are expansive.

announced new precedent on apportionment that is controlling in all pending cases,[2] and this Court has adopted new model jury-instruction language that is pertinent to this case.[3]

Accordingly, the Court should reject Apple's request to conduct this new trial under instructions that no longer apply. To avoid jury confusion and legal error, the Court should adopt Samsung's proposed instructions.

Dated: April 26, 2018

By: /s/ *Mark D. Selwyn*

Attorneys for Plaintiff and Counterclaim-Defendant APPLE INC.

William F. Lee (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Mark D. Selwyn (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

By: /s/ *Victoria F. Maroulis*

Attorneys for Defendants and Counterclaim-Plaintiffs SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS, AMERICA, LLC

QUINN EMANUEL URQUHART & SULLIVAN LLP

John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

---

[2] *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC*, 879 F.3d 1332, 1348 (Fed. Cir. 2018); *see, e.g.*, *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993) (controlling judicial decision "must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate" the decision), quoted in *Heartland By-Prod., Inc. v. United States*, 568 F.3d 1360, 1365 (Fed. Cir. 2009).

[3] N.D. Cal. Model Patent Jury Instruction 5.8 (Samsung's Proposed Final Jury instruction No. 25).

| | |
|---|---|
| Erik J. Olson (CA SBN 175815) | Kathleen M. Sullivan (Bar No. 242261) |
| ejolson@mofo.com | kathleensullivan@quinnemanuel.com |
| Nathan B. Sabri (CA SBN 252215) | Kevin P.B. Johnson (Bar No. 177129) |
| nsabri@mofo.com | kevinjohnson@quinnemanuel.com |
| Morrison & Foerster LLP | Victoria F. Maroulis (Bar No. 202603) |
| 425 Market Street | victoriamaroulis@quinnemanuel.com |
| San Francisco, California 94105-2482 | 555 Twin Dolphin Drive, 5th Floor |
| Telephone: (415) 268-7000 | Redwood Shores, California 94065 |
| Facsimile: (415) 268-7522 | Telephone: (650) 801-5000 |
| | Facsimile: (650) 801-5100 |

**United States District Court**
For the Northern District of California