# EXHIBIT A

# TABLE OF CONTENTS

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 1 DUTY OF JURY ............1

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 2 WHAT IS
EVIDENCE..................................................................................................2

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 3 WHAT IS NOT
EVIDENCE..................................................................................................3

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 4 EVIDENCE FOR
LIMITED PURPOSE ...................................................................................4

JOINT PROPOSED preliminary JURY INSTRUCTION NO. 5 DIRECT OR
CIRCUMSTANTIAL EVIDENCE................................................................5

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 6 RULING ON
OBJECTIONS .............................................................................................6

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 7 CREDIBILITY OF
WITNESSES................................................................................................7

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 8 IMPEACHMENT
EVIDENCE—WITNESS ............................................................................8

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 9 CONDUCT OF
THE JURY ..................................................................................................9

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 10 NO
TRANSCRIPT AVAILABLE/TAKING NOTES ........................................11

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 11 STIPULATIONS
OF FACT ..................................................................................................12

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 12 DEPOSITION IN
LIEU OF LIVE TESTIMONY ...................................................................13

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 13 USE OF
INTERROGATORIES OF A PARTY .........................................................14

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 14 EXPERT
OPINION .................................................................................................15

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 15 FOREIGN
LANGUAGE TESTIMONY ......................................................................16

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 16 USE OF
INTERPRETERS IN COURT ...................................................................17

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 17 BENCH
CONFERENCES AND RECESSES...........................................................18

APPLE'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 18  WHAT A
PATENT IS...............................................................................................19

SAMSUNG'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 2  WHAT A
PATENT IS...............................................................................................25

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

United States District Court
For the Northern District of California

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 19 PATENTS AT ISSUE ....................................................................................................29

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 20 THE PARTIES AND QUESTIONS TO BE DECIDED ...........................................................30

SAMSUNG' PROPOSED PRELIMINARY JURY INSTRUCTION NO. 5 ISSUES TO BE DECIDED ..................................................................................................32

SAMSUNG'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 6 SAMSUNG'S PROFITS ...........................................................................................34

SAMSUNG'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 7 "ARTICLE OF MANUFACTURE" TEST ....................................................................37

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 21 OUTLINE OF TRIAL..........................................................................................................44

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 22 EVIDENCE SEALED FROM THE PUBLIC ...........................................................46

United States District Court
For the Northern District of California

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 1**
**DUTY OF JURY**

Ladies and gentlemen:  You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:**  Preliminary Jury Instruction No. 1 (Dkt. No. 2715 at 2); Tentative Preliminary Jury Instruction No. 1 (Dkt. No. 3441 at 6); Ninth Circuit Model Civil Jury Instructions – 1.1A (2007 ed.)

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 2
WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.


**Source:** Preliminary Jury Instruction No. 2 (Dkt. No. 2715 at 3); Tentative Preliminary Jury Instruction No. 2 (Dkt. No. 3441 at 7); Ninth Circuit Model Civil Jury Instructions – 1.6 (2007 ed.)

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 3**
**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:** Preliminary Jury Instruction No. 3 (Dkt. No. 2715 at 4); Tentative Preliminary Jury Instruction No. 3 (Dkt. No. 3441 at 8); Ninth Circuit Model Civil Jury Instructions – 1.7 (2007 ed.)

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**United States District Court**
For the Northern District of California

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 4**
**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Source:** Preliminary Jury Instruction No. 4 (Dkt. No. 2715 at 5); Tentative Preliminary Jury Instruction No. 4 (Dkt. No. 3441 at 9); Ninth Circuit Model Civil Jury Instructions – 1.8 (2007 ed.)

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 5**
**DIRECT OR CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Source:**  Preliminary Jury Instruction No. 5 (Dkt. No. 2715 at 6); Tentative Preliminary Jury Instruction No. 5 (Dkt. No. 3441 at 10); Ninth Circuit Model Civil Jury Instructions – 1.9 (2007 ed.)

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 6
RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Source:**  Preliminary Jury Instruction No. 6 (Dkt. No. 2715 at 7); Tentative Preliminary Jury Instruction No. 6 (Dkt. No. 3441 at 11); Ninth Circuit Model Civil Jury Instructions – 1.10 (2007 ed.)

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**United States District Court**
For the Northern District of California

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 7**
**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Source:** Preliminary Jury Instruction No. 7 (Dkt. No. 2715 at 8); Tentative Preliminary Jury Instruction No. 7 (Dkt. No. 3441 at 12); Ninth Circuit Model Civil Jury Instructions – 1.11 (2007 ed.)

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 8
IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness lied under oath or gave different testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose.

**Source:**  Preliminary Jury Instruction No. 8 (Dkt. No. 2715 at 9); Tentative Preliminary Jury Instruction No. 8 (Dkt. No. 3441 at 13); Ninth Circuit Model Civil Jury Instructions – 2.8 (2007 ed.)

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 9**
**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.  Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**Source:**  Preliminary Jury Instruction No. 9 (Dkt. No. 2715 at 10); Tentative Preliminary Jury Instruction No. 9 (Dkt. No. 3441 at 14); Ninth Circuit Model Civil Jury Instructions – 1.12 (2007 ed.)

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 10**
**NO TRANSCRIPT AVAILABLE/TAKING NOTES**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Source:**  Preliminary Jury Instruction No. 10 (Dkt. No. 2715 at 11); Tentative Preliminary Jury Instruction No. 10 (Dkt. No. 3441 at 16); Ninth Circuit Model Civil Jury Instructions – 1.13, 1.14 (2007 ed.)

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**United States District Court**
For the Northern District of California

# JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 11
## STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved.

**Source:**  Preliminary Jury Instruction No. 11 (Dkt. No. 2715 at 12); Tentative Preliminary Jury Instruction No. 11 (Dkt. No. 3441 at 17); Ninth Circuit Model Civil Jury Instructions – 2.2 (2007 ed.)

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**United States District Court**
For the Northern District of California

1
2

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 12**
**DEPOSITION IN LIEU OF LIVE TESTIMONY**

3

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed

4

under oath to tell the truth and lawyers for each party may ask questions.  The questions and

5

answers are recorded.

6

You should consider deposition testimony, presented to you in court in lieu of live

7

testimony, insofar as possible, in the same way as if the witness had been present to testify.

8

9

**Source:**  Preliminary Jury Instruction No. 12 (Dkt. No. 2715 at 13); Tentative Preliminary Jury

10

Instruction No. 12 (Dkt. No. 3441 at 18); Ninth Circuit Model Civil Jury Instructions – 2.4 (2007

11

ed.)

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 13
USE OF INTERROGATORIES OF A PARTY**

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Source:**  Preliminary Jury Instruction No. 13 (Dkt. No. 2715 at 14); Tentative Preliminary Jury Instruction No. 7 (Dkt. No. 3441 at 18); Ninth Circuit Model Civil Jury Instructions – 2.10 (2007 ed.)

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 14**
**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source:**  Preliminary Jury Instruction No. 14 (Dkt. No. 2715 at 15); Tentative Preliminary Jury Instruction No. 14 (Dkt. No. 3441 at 19); Ninth Circuit Model Civil Jury Instructions – 2.11 (2007 ed.)

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

United States District Court
For the Northern District of California

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 15
FOREIGN LANGUAGE TESTIMONY**

Languages other than English may be used during this trial.

Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know Korean, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning.

**Source:**  Proposed Jury Instruction No. 15 (Dkt. No. 2715 at 16); Tentative Preliminary Jury Instruction No. 15 (Dkt. No. 3441 at 21); Ninth Circuit Model Civil Jury Instructions – 2.7 (2007 ed.)

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 16
USE OF INTERPRETERS IN COURT**

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

**Source:**  Preliminary Jury Instruction No. 16 (Dkt. No. 2715 at 17); Tentative Preliminary Jury Instruction No. 16 (Dkt. No. 3441 at 22); Ninth Circuit Model Civil Jury Instructions – 1.17 (2007 ed.)

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

United States District Court
For the Northern District of California

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 17**
**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source:** Preliminary Jury Instruction No. 17 (Dkt. No. 2715 at 18); Tentative Preliminary Jury Instruction No. 17 (Dkt. No. 3441 at 23); Ninth Circuit Model Civil Jury Instructions – 1.18 (2007 ed.)

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

1
2

### APPLE'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 18
### WHAT A PATENT IS

3

4

5

This case involves disputes relating to United States utility and design patents.  Before summarizing the positions of the parties and the legal issues involved in the dispute, let me take a moment to explain what patents are and how they are obtained.

6

7

8

9

10

11

12

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO").  There are two basic types of patents in the United States:  utility patents and design patents.  In general terms, a "utility patent" protects the way an article is used and works.  It also protects a method or process of making or doing something.  On the other hand, a "design patent" protects the way an article looks.  A design patent protects the ornamental design of an article of manufacture.  "Ornamental design" means the shape of the design and/or the surface decoration on the design.

13

14

15

16

A valid United States patent gives the patent owner the right to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, during the term of the patent without the patent holder's permission.  A violation of the patent owner's rights is called infringement.

17

18

19

20

21

22

A patent includes what is called a "specification."  For a utility patent, the specification must contain a written description of the claimed invention telling what the invention is, how it works, how to make it and how to use it so others skilled in the field will know how to make or use it.  The specification concludes with one or more numbered sentences.  These are the patent "claims." When the patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

23

24

25

For a design patent, the specification must contain one or more drawings of the designs as well as a description of the drawings, and it serves as a single claim.  The "claim" for design patents generally refers to the drawings and how they are described.

26

27

28

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**United States District Court**
For the Northern District of California

**Source:**  Preliminary Jury Instruction No. 18 (Dkt. No. 2715 at 19); Tentative Preliminary Jury Instruction No. 18 (Dkt. No. 3441 at 24); Adapted from N.D. Cal. Model Instructions, A.1 (2011 ed.); The Intellectual Property Owners Ass'n Model Design Patent Jury Instruction 1.1 (2010 ed.)

### Samsung's Position

Samsung objects to this instruction as misleading and incomplete in several respects, and submits that Samsung's Proposed Preliminary Instruction Nos. 2-7 should be given instead.

**1.**  Samsung objects to the proposed instruction's omission of the following sentence, which is included in Samsung's Proposed Preliminary Instruction No. 2: "Because a design patent protects ornamental appearance or decoration, it cannot protect the design of any feature that is not visible to a consumer."  This is an accurate statement of the law, *see In re Stevens*, 173 F.2d 1015 (C.C.P.A. 1949), and Apple conceded as much before the Supreme Court:  A "design is applied to the exterior case of the phone.  It's not applied to … all the chips and wires," therefore "you can't get a design patent on something that the consumer can't see."  Tr. at 40, *Samsung Elecs. Co. v. Apple Inc*, No. 15-777 (2016).  The requested sentence will also help the jury to understand the meaning of the statutory term "ornamental design," and make clear what a design patent does and does not cover.

**2.**  Samsung objects to this instruction's omission of language explaining the use and significance of dotted or broken lines in a design patent's figures, which is necessary for the jury to understand the evidence.  Following the Supreme Court's decision, *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434 (2016), the scope of Apple's design patents is critically relevant to the question of what profit it can recover—as this Court has ruled, it "must be a central consideration."  Dkt. 3530, at 17.  The jury should receive preliminary guidance as to key issues of patent interpretation to help it understand the evidence.   Samsung's Proposed Preliminary Jury Instruction No. 2 accurately provides this guidance.  It should be given.

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**3.**      Samsung also objects to the omission of additional instructions that are necessary to set the stage for opening statements and the presentation of evidence.  *See* Samsung's Proposed Preliminary Jury Instruction Nos. 6-7.  Because the jury cannot be expected to have any background familiarity with the phrase "article of manufacture" or its legal significance, preliminary guidance on these issues is necessary.  This Court's Model Patent Jury Instructions specifically contemplate preliminary instruction to the jury to provide an overview of "patent law applicable to the specific issues in the case," in order to "help focus the jury on the facts relevant to the issues it will have to decide."  N.D. Cal. Model Patent Jury Instruction A.4.  The parties agree that substantive preliminary instructions on the fundamentals of patent law are necessary (*see* Apple's Proposed Preliminary Jury Instruction No. 18; Samsung's Proposed Preliminary Jury Instruction No. 2), and the same is true of the "article of manufacture" issues.  The Court should give basic preliminary instructions on those issues so that the jury will better understand the parties' opening statements and the evidence.

Apple errs in asserting that the law of the case doctrine or this Court's Groundhog Day rule prohibits substantive guidance to the jury in preliminary instructions.  Contrary to Apple's suggestions, this Court *did* give substantive preliminary instructions at the trial in 2012, including instructions regarding how a patent is obtained, how to interpret a patent, and how a patent may be infringed.  Dkt. 1427, at 1923.  The Court provided similar detailed preliminary instructions regarding trade dress doctrines.  *Id.* at 24.  Moreover, neither the law of the case doctrine nor this Court's Groundhog Day rule applies to the topics on which Samsung proposes instructions, for they directly relate to the *new* article of manufacture test created following the Supreme Court's decision.  The trial will involve *new* issues which are governed by *new* law, and the law of the case doctrine does not prohibit appropriately guiding the jury on those issues.  *See, e.g.*, *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1034 (9th Cir. 2015) ("law of the case inapplicable" if "the evidence on remand is substantially different" or "other changed circumstances exist"); *Dow Chem. Co. v. Nova Chem. Corp. (Can.)*, 803 F.3d 620, 628 (Fed. Cir.

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

United States District Court
For the Northern District of California

1   2015) (law of the case inapplicable where there is a change in governing law) *Mendenhall v.*

2   *Barber-Greene Co.*, 26 F.3d 1573, 1582 (Fed. Cir. 1994) (collecting authorities).

3       **4.**    Samsung's proposed instructions accurately and appropriately describe the issues.

4   First, Samsung's Proposed Preliminary Jury Instruction No. 6 properly articulates the § 289

5   inquiry and the parties' contentions, and briefly explains the terms "article of manufacture" and

6   "applied." In doing so, the instruction properly offers the jury examples (a dinner plate and a

7   kitchen oven) that the Supreme Court itself used to illustrate the article of manufacture concept.

8   These examples will help the jury to understand the meaning of the critical statutory term; they

9   are neither argumentative nor anything less than accurate. Apple objects that the instruction does

10  not recite that "the law provides that an infringer who (1) applies the patented design to any

11  article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of

12  manufacture to which such design has been applied shall be liable to the patent owner to the

13  extent of the infringer's total profit," but this statutory language is irrelevant and would only

14  confuse and mislead the jury. The instructions "should tell jurors what their practical tasks are

15  under the law, rather than providing raw legal texts for jurors to digest." *Achor v. Riverside Golf*

16  *Club*, 117 F.3d 339, 340 (7th Cir. 1997) .

17      Apple also contends that the instructions should repeatedly use the phrase "total profit,"

18  but this ambiguous language would confuse and mislead the jury by suggesting that Apple is

19  entitled to *all* of Samsung's profits. The Supreme Court has explained that the statutory term

20  "total profit" is not so expansive: "The 'total profit' for which § 289 makes an infringer liable is

21  … all of the profit made … from the manufacture or sale of the 'article of manufacture to which

22  [the patented] design or colorable imitation has been applied.'" *Samsung Elecs. Co. v. Apple*

23  *Inc.*, 137 S. Ct. 429, 434 (2016) (quoting 35 U.S.C. § 289). Thus, Apple is entitled only to

24  Samsung's profit from the articles of manufacture to which the patented designs were applied.

25  The Court should not simply parrot the statutory language, but "should tell jurors what their

26  practical tasks are under the law"—here, determining the amount of profit on the relevant articles

27  of manufacture—"rather than providing raw legal texts for jurors to digest." *Achor*, 117 F.3d at

28

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

*United States District Court*
For the Northern District of California

340.  To avoid confusion and misleading the jury, the Court should instruct that Apple may recover Samsung's profit from the article of manufacture to which Apple's patented design was applied, rather than its "total profit."

Apple similarly objects to the phrase "if any" in the instruction regarding Samsung's profit, but it has no basis to do so.  Apple bears the burden of proving Samsung's profits, as well as the burden of producing evidence in support.  *See, e.g,*, *Schaffer v. Weast*, 546 U.S. 49, 57 (2005) (discussing "ordinary default rule" that "plaintiffs bear the burden of persuasion regarding the essential aspects of their claims"); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009) ("The burden of proving damages falls on the patentee."); Dkt. 3530, at 21-28.  By providing an alternative minimum remedy of $250, § 289 makes clear that neither the existence nor the amount of such profits may be presumed, and the legislative history makes clear that a patentee can only recover profits "*if he can prove that profit*."  H.R. Rep. No. 49-1966, at 3 (emphasis added).  If Apple does not carry its burden, it is not entitled to recover any profits (but it may recover the statutory minimum $250 per patent).

Samsung's Proposed Preliminary Jury Instruction No. 7 properly explains (i) that the jury's overarching objective should be to identify the article of manufacture that most fairly may be said to reflect Samsung's appropriation of Apple's patented design, (ii) that it should consider which party's characterization would appropriately compensate (rather than over-compensate) Apple for the contribution of the patented design to the value of Samsung's smartphones, and (iii) that it should seek to ensure that neither party will have what justly belongs to the other.  This proposed language provides guidance to the jury as to its purpose and objective in weighing the four factors adopted by the Court, and is supported by the very submission from which the Court drew those factors (and the authorities cited therein).  U.S. Br. 26-27 (*citing, e.g.*, *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 402-08 (1940)).  The proposed instructions also properly direct that references in the patents to an "article of manufacture" should not be considered.  Such references cannot expand the scope of a patented design, nor can they dictate the articles of manufacture to which Samsung applied Apple's patented designs.  The Solicitor

United States District Court
For the Northern District of California

General correctly explained that a patent's title cannot determine the article of manufacture to which a design may later be applied.  U.S. Br. 28.

Next, Samsung's Proposed Preliminary Jury Instruction No. 7[a] states the correct, two-factor test for identifying the article of manufacture to which a patented design has been applied under § 289.  For all the reasons explained in Samsung's summary-judgment briefing and elsewhere (Dkt. 3592-2, at 2-4; Dkt. 3615, at 3), factors 2 and 3 of the Solicitor General's test have no statutory basis and are prejudicially misleading and confusing to the jury.  *See, e.g.*, *U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1129 (9th Cir. 2015) (declining "to read a nonexistent, extra-textual third requirement into" federal statute); *Timex V.I., Inc. v. United States*, 157 F.3d 879, 883 (Fed. Cir. 1998) (similar).  Samsung has never consented to a four-factor test, *see, e.g.*, Dkt. 3615, at 1-2, and continues to object to it.

Finally, without waiving its objection to the four-factor test, Samsung's Proposed Preliminary Jury Instruction No. 7[b] properly summarizes the four factors adopted by the Court.  Apple claims that the instruction is inaccurate, but it identifies no material error or omission

Samsung objects to Apple's placement of the parties' proposed substantive instructions at the end of the preliminary instructions.  A central purpose of the preliminary instructions is to provide the jury with a framework for understanding the trial and the evidence.  To best serve that end, the Court should give the instructions that introduce the trial's subject matter at the outset, immediately after Proposed Preliminary Jury Instruction No. 1.

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**SAMSUNG'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 2**
**WHAT A PATENT IS**

This case involves disputes relating to United States utility and design patents.  Before summarizing the positions of the parties and the legal issues involved in the dispute, let me take a moment to explain what patents are and how they are obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO").  There are two basic types of patents in the United States:  utility patents and design patents.  In general terms, a "utility patent" protects the way an article is used and works.  It also protects a method or process of making or doing something.

On the other hand, a "design patent" protects the way an article looks.  A design patent protects the ornamental design of an article of manufacture.  "Ornamental design" means the shape of the design and/or the surface decoration on the design.  Because a design patent protects ornamental appearance or decoration, it cannot protect the design of any feature that is not visible to a consumer.

A valid United States patent gives the patent owner the right to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, during the term of the patent without the patent holder's permission.  A violation of the patent owner's rights is called infringement.

A patent includes what is called a "specification."  For a utility patent, the specification must contain a written description of the claimed invention telling what the invention is, how it works, how to make it and how to use it so others skilled in the field will know how to make or use it.  The specification concludes with one or more numbered sentences.  These are the patent "claims."  When a patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

For a design patent, the specification must contain one or more drawings of the designs as well as a description of the drawings, and it serves as a single claim.  The "claim" for design patents generally refers to the drawings and how they are described.  Where the drawings or

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**United States District Court**
For the Northern District of California

figures of a design patent include some material in solid lines and other material in dotted lines, only the material shown in solid lines is part of the claimed design.  Material shown in dotted lines is not within the scope of the patented design and is not part of the design patent claim.

**Source:**  Adapted from Preliminary Jury Instruction No. 18 (Dkt. No. 2716 at 19) and Model Patent Jury Instruction A.1; 35 U.S.C. § 171; *In re Stevens*, 173 F.2d 1015 (C.C.P.A. 1949) ("articles which are concealed or obscure in normal use are not proper subjects for design patents, since their appearance cannot be a matter of concern"); Tr. at 40, *Samsung Elecs. Co. v. Apple Inc*, No. 15-777 (2016) (Apple's counsel agreeing that a "design is applied to the exterior case of the phone.  It's not applied to … all the chips and wires," and acknowledging that "of course you can't get a design patent on something that the consumer can't see")

**<u>Apple's Objections</u>**

Apple and Samsung agree that the Court should provide an instruction on "What a Patent Is."  Apple, however, believes that the Court's preliminary instructions should adhere as closely as possible to the prior instructions under the Court's Groundhog Day rule and therefore proposes that this instruction again be given as Preliminary Instruction No. 18, as it was in 2013 and as it was planned to be given in 2016.  *See* Dkt. 2647 at 19; Dkt. 3441 at 19.  Samsung points to no change since the prior trials to support its suggestion (in its objection to Apple's Proposed Preliminary Instruction No. 18) that the jury will be better informed if the instructions are reordered.  Accordingly, Samsung's proposal that the preliminary instructions be reordered from the 2013 trial runs contrary to the Court's Groundhog Day rule and should therefore be denied.

Apple also objects to Samsung's attempt to change the substance of the instruction, which was given in 2013, was not challenged on appeal by Samsung, and is the law of this case.  *See* Dkt. 2647 at 19; *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2017 WL 3232424, at *15 (N.D. Cal. July 28, 2017) ("[A]n issue or factual argument waived at the trial level before a particular order is appealed, or subsequently waived on appeal, cannot be revived

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

on remand." (quoting *Facebook, Inc. v. Power Ventures, Inc.*, 252 F. Supp. 3d 765, 775 (N.D. Cal. 2017) (Koh, J.))); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2017 WL 4776443, at *15 (N.D. Cal. Oct. 22, 2017) (jury instruction became "the law of the case" because "Samsung did not appeal it"); *see also United States v. Toliver*, 672 F. App'x 689, 690 (9th Cir. 2016) (law of the case doctrine bars challenge to jury instructions previously upheld on appeal), *cert. denied*, 138 S. Ct. 115 (2017); *United States v. Whittenburg*, 243 F.3d 552 (9th Cir. 2000) (challenges to "the trial court's jury instructions were considered on appeal" and subsequent challenges were therefore "barred . . . under the law of the case doctrine"); *Gulliford v. Thrash*, 8 F. App'x 766, 768 (9th Cir. 2001) (abuse of discretion for district court judge to amend jury instructions in second trial absent applicable exception to law of the case doctrine) (unpublished); *Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1347 (Fed. Cir. 2001) ("[B]y failing to appeal" an issue, the party "waived this issue and was barred from raising it on remand"); *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009) (applying law of the case doctrine to foreclose renewals of challenges to jury instructions that had been adjudicated during a prior appeal); *Geldermann, Inc. v. Fin. Mgmt. Consultants, Inc.*, 27 F.3d 307, 312 (7th Cir. 1994) ("[W]hen parties do not object to jury instructions, these instructions generally become 'law of the case.'"). Nothing from the Supreme Court's decision or this Court's rulings on remand requires any changes to this preliminary instruction.

In addition, Apple objects to the substance of Samsung's proposed changes to this instruction, including: (1) Samsung has added the following unnecessary sentence, not given in 2013: "Because a design patent protects ornamental appearance or decoration, it cannot protect the design of any feature that is not visible to a consumer." That sentence is also inaccurate, misleading, and prejudicial to Apple because it may incorrectly suggest to the jury that a design patent cannot "protect" an entire product, or that the article of manufacture to which the patented design has been applied cannot include internal or other components/features not visible from the outside of a product. *See Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 436 (2016) ("[T]he term 'article of manufacture' is broad enough to embrace both a product sold to a consumer and

United States District Court
For the Northern District of California

a component of that product[.]").  (2)  Samsung has also added sentences, not given in 2013, regarding claimed and unclaimed subject matter:  "Where the drawings or figures of a design patent include some material in solid lines and other material in dotted lines, only the material shown in solid lines is part of the claimed design.  Material shown in dotted lines is not within the scope of the patented design and is not part of the design patent claim."  Apple expects that, as it did in 2013, the Court will separately instruct the jury regarding the interpretation of design patent claims, including by providing the Court's claim constructions for the patents-in-suit. Those constructions address the use of broken lines in the context of each asserted design patent. It would be confusing and misleading to provide abstract concepts about claim interpretation in the preliminary jury instructions.

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 19**
**PATENTS AT ISSUE**

There are two Apple utility patents involved in this trial:  United States Patent Nos. 7,469,381 and 7,864,163.  Utility patents are often referred to by their last three digits, so Apple's utility patents may be referred to in shorthand as the '381 and '163 patents.

There are three Apple design patents involved in this trial:  United States Patent Nos. D618,677, D593,087, and D604,305.  Design patents are often referred to by their last three digits, so the design patents here may be referred to in shorthand as the D'677, D'087, and D'305 patents.

**Source:**  Preliminary Jury Instruction No. 19 (Dkt. No. 2715 at 20); Tentative Preliminary Jury Instruction No. 19 (Dkt. No. 3441 at 26); Adapted from N.D. Cal. Model Instructions, A.2 (2011 ed.)

**Apple's Objection**

Apple and Samsung agree that the Court should renew its instruction on "Patents at Issue" from the 2013 trial.  Apple, however, believes that the Court's preliminary instructions should adhere as closely as possible to the prior instructions under the Court's Groundhog Day rule and therefore proposes that this instruction again be given as Preliminary Instruction No. 19, as it was in 2013 and as it was planned to be given in 2016.  *See* Dkt. 2647 at 21; Dkt. 3441 at 21.  Samsung points to no change since the prior trials to support its suggestion (in its objection to Apple's Proposed Preliminary Instruction No. 18) that the jury will be better informed if the instructions are reordered.  Accordingly, Samsung's proposal that the preliminary instructions be reordered from the 2013 trial runs contrary to the Court's Groundhog Day rule and should therefore be denied.  It would also be confusing to the jury to provide this instruction before explaining to the jury the basic instructions on the procedures for the trial.

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

United States District Court
For the Northern District of California

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 20
THE PARTIES AND QUESTIONS TO BE DECIDED**

To help you follow the evidence, I will now give you a summary of the positions of the parties with respect to the patent claims.

The parties in this case are Apple Inc., to which I will refer as "Apple," and Samsung Electronics Company Ltd., Samsung Electronics America Inc., and Samsung Telecommunications America LLC, to which I will refer collectively as "Samsung" unless I think it is important to distinguish between these entities for the purposes of a specific instruction.  The case involves two United States utility patents and three United States design patents owned by Apple.

During a prior proceeding, a jury found the '381, '163, D'677, D'087, and D'305 patents valid and that each of these patents is infringed by a product marked below with an x.  Your sole job in this trial is to determine the amount of damages to be awarded to Apple for Samsung's infringement of these patents.

| Infringing Products | Utility Patents | | Design Patents | | |
|---|---|---|---|---|---|
| | '163 | '381 | D'305 | D'677 | D'087 |
| 1  Captivate | | x | x | | |
| 2  Continuum | | x | x | | |
| 3  Droid Charge | x | x | x | | |
| 4  Epic 4G | x | x | x | | |
| 5  Fascinate | x | x | x | x | |
| 6  Galaxy S 4G | x | x | x | x | x |
| 7  Galaxy S (i9000) | x | x | x | x | x |
| 8  Galaxy S (i9100) | x | x | | x | |
| 9  Galaxy S II (AT&T) | x | x | | x | |
| 10  Galaxy S II (Epic 4G Touch) | | | | x | |
| 11  Galaxy S II (Skyrocket) | | | | x | |
| 12  Galaxy S II (T-Mobile) | x | | | x | |
| 13  Galaxy S Showcase | | | x | x | |
| 14  Gem | | x | x | | |
| 15  Indulge | | x | x | | |
| 16  Infuse 4G | x | x | x | x | |
| 17  Mesmerize | x | x | x | x | |
| 18  Vibrant | | x | x | x | x |

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Source:** Amended Jury Verdict (Dkt. 1931 at 2, 4, 6-7); Preliminary Jury Instruction No. 20 (Dkt. No. 2715 at 21); Tentative Preliminary Jury Instruction No. 20 (Dkt. No. 3441 at 27); Joint Damages Remedies Chart (Dkt. No. 3630); Adapted from N.D. Cal. Model Patent Jury Instr. A.3 (2011 ed.); *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. 10-3428 PSG, Proposed Jury Instructions at 3 (N.D. Cal. May 17, 2013)

### **Apple's Position**

Apple and Samsung agree that the Court should provide an instruction on "The Parties and Products Involved" as it did in the 2013 trial. Apple, however, believes that the Court's preliminary instructions should adhere as closely as possible to the prior instructions under the Court's Groundhog Day rules and therefore proposes that this instruction again be given as Preliminary Instruction No. 20, as it was in 2013 and as it was planned to be given in 2016. *See* Dkt. 2647 at 22; Dkt. 3441 at 22. Samsung points to no change since the prior trials to support its suggestion (in its objection to Apple's Proposed Preliminary Instruction No. 18) that the jury will be better informed if the instructions are reordered. Accordingly, Samsung's proposal that the preliminary instruction be reordered from the 2013 trial runs contrary to the Court's Groundhog Day rules and should therefore be denied.

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**SAMSUNG' PROPOSED PRELIMINARY JURY INSTRUCTION NO. 5**
**ISSUES TO BE DECIDED**

Your task in this case is to decide how much money Samsung should pay Apple as compensation for its infringement of these five patents.  Your award should compensate Apple for the infringement but should not overcompensate it.  Your award may not be used to punish Samsung.

For the two utility patents, Apple seeks damages in the form of a reasonable royalty—that is, the amount that Samsung would have agreed to pay Apple, in a hypothetical negotiation, for the right to use the inventions claimed by those patents.

For the three design patents, Apple seeks two alternative remedies:  first, a reasonable royalty for Samsung's use of the patented ornamental designs, or second, the profit that Samsung made from its infringement of the patented designs.  Apple is entitled to the larger of these remedies for each sale of an infringing Samsung phone, but is not entitled to recover both.

Apple is not seeking or entitled to a damages award based on alleged lost profits or lost market share.


**Apple's Objections**

Samsung's Proposed Preliminary Jury Instruction No. 5 is unnecessary and is beyond the scope of the preliminary jury instructions already established in this case.  This Court previously issued preliminary jury instructions in 2012 (Dkt. 1427) and in 2013 (Dkts. 2715, 2716, 2546, 2647).  Those instructions did not include a preliminary instruction on "Issues To Be Decided."  Instead, the Court provided the 2013 jury with Preliminary Jury Instruction No. 20 ("The Parties And Questions To Be Decided"), which provided an appropriate overview of the case for the jury.  Samsung's proposed new instruction is unnecessary in light of the Court's prior Preliminary Jury Instruction No. 20 ("The Parties And Questions To Be Decided"), which both parties ask the Court to reissue for the upcoming trial.  Apple also submits that the instruction

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

previously given is more appropriate for a preliminary jury instruction than the new one that Samsung proposes.

Samsung's proposed instruction is also confusing and would be prejudicial to Apple because it:  (1) emphasizes that the jury may not overcompensate Apple or punish Apple, without providing a balanced view of the damages Apple is entitled to receive for Samsung's infringement; (2) refers to Samsung's "use" of the patented designs or inventions instead of Samsung's "infringement"; (3) refers to a "reasonable royalty" and a "hypothetical negotiation" without explaining those concepts in a way that would make sense to the jury in a preliminary instruction; (4) says that Apple is seeking "the profit that Samsung made from its infringement of the patented designs," but that is an inaccurate and misleading statement of the law because, consistent with § 289, Apple seeks Samsung's "total profit" on the "articles of manufacture" to which Samsung applied Apple's patented designs; (5) states that Apple may not recover damages based on lost profits or lost market share, which is confusing and prejudicial because Apple is not seeking those remedies in this trial and there is no reason for the Court to describe other remedies to the jury.

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

United States District Court
For the Northern District of California

**SAMSUNG'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 6
SAMSUNG'S PROFITS**

As I mentioned, one remedy that Apple seeks in this case is an award of the profit which Samsung earned from its infringement of Apple's design patents.  In determining whether to award such profit and how to quantify it, you will have to apply a two-step test.

First, you will be asked to identify the "article of manufacture" to which Samsung "applied" the design claimed by each Apple design patent.  I will give you more detailed instructions on this issue before you commence deliberations, but in general, any thing made by hand or machine is an "article of manufacture."  For example, a dinner plate is an article of manufacture.  A complex device like a kitchen oven or a smartphone is also an "article of manufacture," but those products are also made up of many smaller parts or components, and each of those smaller parts or components is itself an "article of manufacture."  Accordingly, an "article of manufacture" can be either an entire product as sold to consumers or a component of that product.

In this case, as you will hear, Apple and Samsung disagree about whether Samsung "applied" the designs claimed in Apple's design patents to the entirety of Samsung's smartphones, or whether Samsung "applied" those designs only to components or parts of those smartphones.  It will be for you to decide which characterization is correct under the instructions that I give you.

Second, once you have identified the "articles of manufacture" to which Samsung "applied" the patented designs, you must determine the amount of profit, if any, that Samsung made on each such "article of manufacture."

**Source:**  35 U.S.C. § 171; 35 U.S.C. § 289; *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434-35 (2016)

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**Apple's Objections**

Samsung's Proposed Preliminary Jury Instruction No. 6 is unnecessary, confusing, and contrary to law.  Contrary to Samsung's objections, there is no need to instruct the jury on the substantive law regarding damages for design patent infringement in the preliminary instructions. The Court has previously issued preliminary jury instructions twice in this case, and in neither instance did it give preliminary instructions relating to substantive law governing liability or damages.  *See* Dkts. 1427, 2715, 2716, 2546, 2657.  There is no reason to do so now.

Furthermore, Samsung's proposed instruction is likely to confuse the jury because it represents only a partial explanation on the governing law.  It introduces the jury to terms (*e.g.*, "article of manufacture") without explaining or providing appropriate context for what those terms mean.  Rather than confuse the jury with an incomplete explanation of the law at the outset, the jury should be instructed on the substantive law in a complete manner at the end of trial after it has heard all the evidence, just as was done in 2013.

Apple also objects to Samsung's Proposed Preliminary Jury Instruction No. 6 because it misstates the law in several respects, including:  (1) Samsung's proposed instruction says that Apple is seeking "an award of the profit which Samsung earned from its infringement of Apple's design patents," but that is an inaccurate and misleading statement of the law because Apple seeks the statutorily defined remedy of Samsung's "total profit" on the "article of manufacture" to which Samsung applied Apple's patented designs.  Additionally, omitting the word "total," which appears in the statute, is a misleading and inaccurate statement of the law and is prejudicial to Apple.  (2) Samsung's proposed instruction fails to advise the jury that the law (§ 289) awards damages when an infringer either applies the patented design to any article of manufacture for the purpose of sale, or sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied.  35 U.S.C. § 289.  This language from § 289 provides the jury with important context, and there is no legitimate basis for omitting it from the instructions.  (3)  Apple objects to the language referring to determining "the amount of profit," which misleadingly suggests that the jury may award only a portion of Samsung's profit

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

United States District Court
For the Northern District of California

rather than its "total profit" from the article of manufacture.  *See* Dkt. 1157 at 9 (no apportionment of profits permitted under § 289).  (4) Apple objects to including the words "if any" in the description of the second step under § 289.  The Supreme Court did not include those words in its recitation of the second step, *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434 (2016) ("calculate the infringer's total profit made on that article of manufacture"), and they are misleading, confusing, and inapplicable here.  Samsung's own expert has calculated profits that Samsung made from the articles of manufacture to which Samsung applied Apple's patented designs, whether those articles are considered the entire phones (as Apple contends) or only certain components of the phones (as Samsung contends).  (5) Apple objects to the use of the term "the design claimed by the patent" as materially different from the language used by the Supreme Court, *Samsung Elecs.*, 137 S. Ct. at 434 ("the infringed design").  (6) Apple objects to the phrasing of Samsung's proposed definition for the article of manufacture as reversed from the Supreme Court's phrasing.  *Samsung Elecs.*, 137 S. Ct. at 435 ("An article of manufacture, then, is simply a thing made by hand or machine.").  (7) The jury needs no further explanation of an "article of manufacture" other than that it is "a thing made by hand or machine" and that it may be either a product as a whole or a component of that product.  Describing specific examples like a dinner plate, a kitchen oven, or a smartphone—especially before the jury has been fully instructed on how to determine the article of manufacture in this case—risks having the jury compare those items, rather than considering the evidence in this case.  That would be prejudicial to Apple and inconsistent with the law.

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**SAMSUNG'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 7
"ARTICLE OF MANUFACTURE" TEST**

[a]  To identify the "article of manufacture" to which a patented design has been "applied," you should consider two factors:

First, you should consider the scope of the design claimed by the asserted patent.

Second, you should consider the physical relationship between the patented design and the accused product.

If the patented design is for a component of the product that is manufactured separately from the rest of the product, that can be physically separated from the product, or that can be sold separately from the product (including for purposes of repair), then you should find that the design was "applied" only to that component rather than the entire product.  You may find that the design was "applied" to the entire product only if you find that the patented design is for the entire product and not only to a separable component of the product.

While you should consider each factor, your overarching objective should be to identify the article of manufacture that most fairly may be said to reflect Samsung's appropriation of Apple's patented design.  You should consider which party's characterization would appropriately compensate (rather than over-compensate) Apple for the contribution of the patented design to the value of Samsung's smartphones, and should seek to ensure that neither party will have what justly belongs to the other.

You must follow my instructions in identifying the "article of manufacture" to which Samsung "applied" the patented designs, and should not consider any references to the term "article of manufacture" in Apple's patents.

[or]

[b]  To identify the "article of manufacture" to which a patented design has been "applied," you should consider four factors:

The first factor is the scope of the design claimed by the Apple design patent.

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

The second factor is the relative prominence of the design within Samsung's smartphones.

The third factor is whether the design is conceptually distinct from Samsung's smartphones as a whole.

The fourth factor is the physical relationship between the patented design and the accused product.

I will give you more detailed instructions about these factors before you commence deliberations.  In general, your overarching objective should be to identify the article of manufacture that most fairly may be said to reflect Samsung's appropriation of Apple's patented design.  You should consider which party's characterization would appropriately compensate (rather than over-compensate) Apple for the contribution of the patented design to the value of Samsung's smartphones, and should seek to ensure that neither party will have what justly belongs to the other.

You must follow my instructions in identifying the "article of manufacture" to which Samsung "applied" the patented designs, and should not consider any references to the term "article of manufacture" in Apple's patents.

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**Source:**  Samsung offers instruction [a] for purposes of preservation in light of the Court's prior ruling on this issue.  *See* Dkt. 3627, at 1-2.  Samsung offers instruction [b] in the alternative, and without waiver of or prejudice to Samsung's rights with respect to Proposed Instruction No. 7[a].  *See* 35 U.S.C. § 289; U.S. Br. at 26-27, *Samsung Elecs. Co. v. Apple Inc.*, No. 15-777 (2016); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 402-08 (1940); *Bush & Lane Piano Co. v. Becker Bros.*, 222 F. 902, 903-05 (2d Cir. 1915); *Bush & Lane Piano Co. v. Becker Bros.*, 234 F. 79, 81-82 (2d Cir. 1916); *Young v. Grand Rapids Refrigerator Co.*, 268 F. 966, 974 (6th Cir. 1920).

## Apple's Objections

Samsung's Proposed Preliminary Jury Instruction No. 7 is unnecessary, confusing, and contrary to law.  There is no need to instruct the jury on the substantive law on awarding damages for design patent infringement in the preliminary instructions.  The Court has previously issued preliminary jury instructions twice in this case, and in neither instance did it give preliminary instructions relating to substantive law governing liability or damages.  *See* Dkts. 1427, 2715, 2716, 2546, 2657.  There is no reason to do so now.

Samsung's proposed instruction is likely to confuse the jury because it represents only a partial explanation on the governing law.  Rather than confuse the jury with an incomplete explanation of the law at the outset, the jury should be given the substantive law in a complete manner at the end of trial after it has heard all the evidence, just as it was in 2013.

Samsung has waived any challenge to the Court's test for determining the article of manufacture.  As the Court has found, Samsung agreed that the Court's test was "acceptable."  *See* Dkt. 3530 at 20; Dkt. 3627 at 1-2.

Apple further objects to Samsung's Proposed Preliminary Instruction No. 7[a] specifically:

Samsung's Proposed Preliminary Instruction No. 7[a] is argumentative, ambiguous, and likely to confuse the jury where it proposes to instruct the jury that it "should seek to ensure that neither party will have what justly belongs to the other."  That proposed language suggests to the

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

jury that Apple's patented designs were applied to something less than the whole of Samsung's phones and that Apple is entitled to something less than Samsung's "total profit" on the phones. But calculating total profit on the relevant article of manufacture is the very issue the jury is tasked with in this trial, and the instructions should not put a thumb on the scale for either party. Furthermore, Samsung's proposed language is unclear and confusing, and provides the jury with no criteria to make a determination of "what justly belongs to the other."

Samsung's Proposed Preliminary Jury Instruction No. 7[a] misstates the law in several respects, including:

(1)  Samsung's proposed instruction is inconsistent with this Court's orders regarding the legal test for determining the article of manufacture, and for the reasons set forth in Apple's briefing regarding the article of manufacture test.  For example, Samsung misstates Factors 1 and 4 of the Court's test and omits Factors 2 and 3.  *See* Dkt. 3530 (order setting forth test); Dkt. 3627 (order denying Samsung's summary judgment motion regarding article of manufacture); *see also* Dkt. 3522 at 2-7 (Apple's opening brief in response to Court's July 28, 2017 Order); Dkt. 3523 at 2-6 (Apple's response to Samsung on Court's July 28, 2017 Order); Dkt. 3607-3 at 3-4 (Apple's brief in opposition to Samsung's motion for partial summary judgment).

(2)  Samsung's proposed instruction also misstates the law where it instructs the jury to consider "which party's characterization would appropriately compensate (rather than over-compensate) Apple for the contribution of the patented design to the value of Samsung's smartphones."  Apple is entitled to the "total profit" that Samsung made on the articles of manufacture to which Samsung applied Apple's patented designs.  The "contribution" of those designs to "the value of Samsung's smartphones" is not relevant to Apple's level of compensation in this case and § 289 does not permit, let alone require, that type of apportionment.  Likewise, it is unnecessary and prejudicial to Apple to instruct the jury not to over-compensate Apple in an instruction regarding determining the article of manufacture.  The jury should be properly instructed (in the final jury instructions) on how to calculate damages

40

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

and need not be admonished to not over-compensate Apple.  Doing so prejudices Apple by suggesting that its requested damages represent over-compensation for Samsung's infringement.

(3)  Samsung's proposed instruction further misstates the law to the extent it instructs the jury not to consider any references to the term "article of manufacture" in Apple's patents. Factor 1 of this Court's four-factor article of manufacture test instructs the jury to consider "[t]he scope of the design claimed in the plaintiff's patent, including the drawing and written description."  Dkt. 3530 at 35.  And as Apple further explained in its opposition to Samsung's motion in limine #2, Samsung has argued on multiple occasions that the patent itself is the best guide to determining the article to which the design was applied.  *See* Dkt. 3655.  It would be an error of law to instruct the jury to ignore the text of the patents.  *See Best Lock Corp. v. Ilco Unican Corp.*, 94 F.3d 1563, 1566 (Fed. Cir. 1996) ("The claim of a design patent shall be 'in formal terms to the ornamental design for the article . . . as shown, or as shown and described.'" (quoting 37 C.F.R. § 1.153)).

(4)  Samsung's proposed instruction appears to inappropriately mandate that a component must be the relevant article of manufacture if the patented design "is for" that component and the component is manufactured separately from the rest of the product, can be physically separated from the product, or can be sold separately from the product.  This instruction both removes the determination of the relevant article of manufacture from the jury and is likely to confuse the jury by wrongfully suggesting that separable components are automatically the article of manufacture.  Neither this Court nor the Supreme Court has adopted any such rule.  *See Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 435 (2016) ("[T]he term 'article of manufacture' is broad enough to encompass both a product sold to a consumer as well as a component of that product. A component of a product, no less than the product itself, is a thing made by hand or machine. That a component may be integrated into a larger product, in other words, does not put it outside the category of articles of manufacture."); Dkt. 3530 at 19, 35.

Apple objects to Samsung's Proposed Preliminary Instruction No. 7[b] specifically:

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Samsung's proposed instruction is also argumentative, confusing, and prejudicial to Apple.  For example, instructing the jury to "ensure that neither party will have what justly belongs to the other" suggests to the jury that Apple's patented designs were applied to something less than the whole of Samsung's phones and that Apple is entitled to something less than Samsung's "total profit" on the phones.  But calculating total profit on the relevant article of manufacture is the very issue the jury is tasked with in this trial and the instructions should not put a thumb on the scale for either party.  Furthermore, Samsung's proposed language is unclear and confusing, and provides the jury with no criteria to make a determination of "what justly belongs to the other."  The jury should be properly instructed (in the final jury instructions) on how to calculate damages and need not be admonished not to over-compensate Apple.  Samsung's proposed instruction prejudices Apple by suggesting that its requested damages represent over-compensation for Samsung's infringement.

Samsung's Proposed Preliminary Jury Instruction No. 7[b] misstates the law in several respects, including:

(1) Samsung's proposed instruction is inconsistent with this Court's orders regarding the test for determining the article of manufacture, and for the reasons set forth in Apple's briefing regarding the article of manufacture test.  For example, Samsung misstates Factors 1, 2, and 4 of the Court's test.  *See* Dkt. 3530 (order setting forth test); Dkt. 3627 (order denying Samsung's summary judgment motion regarding article of manufacture); *see also* Dkt. 3522 at 2-7 (Apple's opening brief in response to Court's July 28, 2017 Order); Dkt. 3523 at 2-6 (Apple's response to Samsung on Court's July 28, 2017 Order); Dkt. 3607-3 at 3-4 (Apple's brief in opposition to Samsung's motion for partial summary judgment).

(2) Samsung's proposed instruction misstates the law to the extent it instructs the jury not to consider any references to the term "article of manufacture" in Apple's patents.  Factor 1 of this Court's four-factor article of manufacture test instructs the jury to consider "[t]he scope of the design claimed in the plaintiff's patent, including the drawing and written description."  Dkt. 3530 at 35.  And as Apple further explained in its opposition to Samsung's motion in limine #2,

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

Samsung has argued on multiple occasions that the patent itself is the best guide to determining the article to which the design was applied.  *See* Dkt. 3655.  It would be an error of law to instruct the jury to ignore the text of the patents.  *See Best Lock Corp. v. Ilco Unican Corp.*, 94 F.3d 1563, 1566 (Fed. Cir. 1996) ("The claim of a design patent shall be 'in formal terms to the ornamental design for the article . . . as shown, or as shown and described.'" (quoting 37 C.F.R. § 1.153)).

Apple also objects to Samsung's proposed instruction because it is made in the alternative.  Such alternative proposed instructions are unduly burdensome to the Court and to Apple and prejudicial to Apple because they fail to state clearly what position Samsung takes with respect to a particular instruction.

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 21**
**OUTLINE OF TRIAL**

The trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.

The presentation of evidence will then begin.  Witnesses will take the witness stand and the documents will be offered and admitted into evidence.

Apple will start by presenting its damages contentions.  Apple's witnesses will be questioned by Apple's counsel in what is called direct examination.  After the direct examination of a witness is completed, Samsung has an opportunity to cross-examine the witness.  Apple has the burden to persuade you of its damages by a preponderance of the evidence.  Proof by a preponderance of the evidence means that you must decide whether something is more likely true than not.

After Apple has presented its witnesses, Samsung will call its witnesses, who will also be examined and cross-examined.  Samsung will present its evidence of what it believes Apple's damages to be.

Apple will have the option to put on rebuttal evidence to any evidence offered by Samsung.

Because the evidence is introduced piecemeal, you need to keep an open mind as the evidence comes in and wait for all the evidence before you make any decisions.  In other words, you should keep an open mind throughout the entire trial.

After the evidence has been presented, I will give you final instructions on the law that applies to the case, and the attorneys will make closing arguments.  Closing arguments are not evidence.  After the instructions and closing arguments, you will then decide the case.

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

United States District Court
For the Northern District of California

**Source:**  Preliminary Jury Instruction No. 21 (Dkt. No. 2746 at 23); Tentative Preliminary Jury Instruction No. 21 (Dkt. No. 3441 at 28); Adapted from N.D. Cal. Model Instructions, A.3-A.5 (2011 ed.)

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 22**
**EVIDENCE SEALED FROM THE PUBLIC**

Some of the evidence may be sealed from the public because it contains highly confidential business information of the parties.  You must not draw any inferences about the nature of the evidence or give any greater or lesser weight to the evidence based on whether it was sealed.

**Source:**  Preliminary Jury Instruction No. 22 (Dkt. No. 2715 at 23); Tentative Preliminary Jury Instruction No. 22 (Dkt. No. 3441 at 29); Joint Proposed Preliminary Instruction No. 22 (Dkt. No. 2707-4)

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
5:11-CV-01846-LHK

United States District Court
For the Northern District of California