# EXHIBIT B

**United States District Court**
For the Northern District of California

# TABLE OF CONTENTS

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 1 DUTY OF JURY ........................ 2

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 2 BURDEN OF PROOF—
PREPONDERANCE OF THE EVIDENCE ........................................................ 3

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 3 WHAT IS EVIDENCE ............... 4

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 4 WHAT IS NOT EVIDENCE ....... 5

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 5 EVIDENCE FOR LIMITED
PURPOSE ........................................................................................ 6

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 6 CHARTS AND SLIDES NOT
RECEIVED IN EVIDENCE ...................................................................... 7

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 7 CHARTS AND SUMMARIES IN
EVIDENCE ........................................................................................ 8

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 8 DIRECT AND
CIRCUMSTANTIAL EVIDENCE ............................................................... 9

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 9 CREDIBILITY OF WITNESSES
........................................................................................................ 10

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 10 IMPEACHMENT EVIDENCE –
WITNESS ........................................................................................ 11

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 11 TAKING NOTES ................... 12

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 12 DEPOSITION IN LIEU OF
LIVE TESTIMONY ............................................................................. 13

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 13 USE OF INTERROGATORIES
OF A PARTY ................................................................................... 14

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 14 EXPERT OPINION ............... 15

APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. 15 USE OF DEVICES DURING
DELIBERATIONS .............................................................................. 16

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 15 USE OF DEVICES
DURING DELIBERATIONS .................................................................. 19

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 16 SUMMARY OF
CONTENTIONS ................................................................................ 25

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 17 DUTY TO DELIBERATE ...... 26

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 18 COMMUNICATION WITH COURT ................................................................................................ 27

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 19 RETURN OF VERDICT ......... 28

SAMSUNG'S PROPOSED JURY INSTRUCTION NO. 20 PATENTS—IN GENERAL ..... 29

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 21 REMEDIES—IN GENERAL ............................................................................................................ 32

APPLE'S PROPOSED JURY INSTRUCTION NO. 20 UTILITY PATENTS— INTERPRETATION OF CLAIMS ................................................................. 36

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 21 UTILITY PATENT DAMAGES—BURDEN OF PROOF .............................................................. 37

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 22 UTILITY PATENT DAMAGES—REASONABLE ROYALTY—DEFINITION .................................. 39

SAMSUNG'S PROPOSED JURY INSTRUCTION NO. 24 UTILITY PATENT DAMAGES—REASONABLE ROYALTY—APPORTIONMENT ......................... 47

SAMSUNG'S PROPOSED JURY INSTRUCTION NO. 25 UTILITY PATENT DAMAGES—REASONABLE ROYALTY—MULTIPLE PATENTS .................... 51

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 23 UTILITY PATENT DAMAGES—DATE OF COMMENCEMENT ................................................. 53

APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. 24 DESIGN PATENTS— INTERPRETATION OF PATENT CLAIMS ................................................... 55

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 27 DESIGN PATENTS— INTERPRETATION OF PATENT CLAIMS ................................................... 60

APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. 25 DESIGN PATENT DAMAGES—BURDEN OF PROOF .............................................................. 62

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 28 DESIGN PATENTS— AWARD OF PROFIT .................................................................................. 64

APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. 26 DESIGN PATENT DAMAGES—DEFENDANT'S TOTAL PROFITS—ARTICLE OF MANUFACTURE ......................................................................................... 67

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 29 DESIGN PATENTS— "ARTICLE OF MANUFACTURE" ................................................................ 78

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 30 DESIGN PATENTS— "APPLIED" ................................................................................................ 80

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 31 DESIGN PATENTS—
        PARTIES' CONTENTIONS ............................................................. 82

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 32 DESIGN PATENTS—
        "ARTICLE OF MANUFACTURE"—BURDEN OF PROOF ................................. 84

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 33 DESIGN PATENTS—
        "ARTICLE OF MANUFACTURE"—BURDEN OF PROOF ................................. 87

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 34 DESIGN PATENTS—
        "ARTICLE OF MANUFACTURE" TEST ............................................. 91

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 35 DESIGN PATENTS—
        FACTOR 1 (SCOPE OF CLAIMED DESIGNS) ....................................... 97

SAMSUNG'S ALTERNATIVE PROPOSED FINAL JURY INSTRUCTION NO. 36
        DESIGN PATENTS—FACTOR 1—SCOPE OF CLAIMED DESIGNS ................. 102

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 37 DESIGN PATENTS—
        FACTOR 1—PATENT TEXT AND BROKEN LINES ............................... 105

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 38 DESIGN PATENTS—
        FACTOR 1—PROSECUTION HISTORY ESTOPPEL ............................... 108

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 39 DESIGN PATENTS—
        FACTOR 1—PRIOR CLAIM CONSTRUCTIONS ................................. 110

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 40 DESIGN PATENTS—
        FACTOR 2 ("RELATIVE PROMINENCE") ..................................... 112

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 41 DESIGN PATENTS—
        FACTOR 3 ("CONCEPTUAL DISTINCTNESS") ................................. 114

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 42 DESIGN PATENTS—
        FACTOR 4—CONSIDERATIONS NOT RELEVANT ............................... 117

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 43 DESIGN PATENTS—
        APPLE PRODUCTS NOT AT ISSUE ........................................... 119

APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. 27  DESIGN PATENT
        DAMAGES—DEFENDANT'S TOTAL PROFITS—CALCULATING TOTAL
        PROFIT ................................................................. 122

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 44 DESIGN PATENTS—
        SAMSUNG'S PROFIT—IN GENERAL ......................................... 125

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 45 DESIGN PATENTS—
        SAMSUNG'S PROFIT—BURDEN OF PROOF ................................... 129

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. 28 DESIGN PATENT
DAMAGES—REASONABLE ROYALTY...............................................................132

SAMSUNG'S FINAL JURY INSTRUCTION NO. 46 DESIGN PATENTS—REASONABLE
ROYALTY—DEFINITION ...............................................................................136

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 47 DESIGN PATENTS—
REASONABLE ROYALTY—APPORTIONMENT ................................................137

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 48 DESIGN PATENTS—
REASONABLE ROYALTY—MULTIPLE PATENTS...........................................142

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 49 DESIGN PATENTS—
REASONABLE ROYALTY—BURDEN OF PROOF..............................................143

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 50 DESIGN PATENTS—
STATUTORY REMEDY ....................................................................................144

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 51 DESIGN PATENTS—
WHITE PHONES EXCLUDED .........................................................................145

APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. 29 DESIGN PATENT
DAMAGES—DATE OF COMMENCEMENT .......................................................146

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 52 DESIGN PATENT—
DATE OF COMMENCEMENT ..........................................................................147

APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. 30 MONETARY REMEDIES—
ONLY ONE RECOVERY PER ACCUSED SALE .................................................148

SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 53 MONETARY
REMEDIES—NO DOUBLE RECOVERY ...........................................................150

JOINT PROPOSED FINAL JURY INSTRUCTION NO. 31 EVIDENCE SEALED FROM
THE PUBLIC ..................................................................................................152

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

# JOINT PROPOSED GENERAL CIVIL INSTRUCTIONS

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 1**
**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:** Final Jury Instruction No. 1 (Dkt. No. 2784 at 6); Tentative Jury Instruction No. 1 (Dkt. No. 3442 at 8); Ninth Circuit Model Civil Jury Instructions – 1.1C (2007 ed.)

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 2
BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:**  Final Jury Instruction No. 2 (Dkt. No. 2784 at 7); Tentative Jury Instruction No. 2 (Dkt. No. 3442 at 9); Ninth Circuit Model Civil Jury Instructions – 1.3 (2007 ed.)

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 3**
**WHAT IS EVIDENCE**

The trial is now over.  The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers have agreed.

**Source:**  Final Jury Instruction No. 3 (Dkt. No. 2784 at 8); Tentative Jury Instruction No. 3 (Dkt. No. 3442 at 10); Adapted from Ninth Circuit Model Civil Jury Instructions – 1.6 (2007 ed.)

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**United States District Court**
For the Northern District of California

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 4
## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits that were received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they said in their opening statements and throughout the trial, and what they will say in their closing arguments or at other times are all intended to help you interpret the evidence.  But these arguments and statements are not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Source:**  Final Jury Instruction No. 4 (Dkt. No. 2784 at 9); Tentative Jury Instruction No. 4 (Dkt. No. 3442 at 11); Adapted from Ninth Circuit Model Civil Jury Instructions – 1.7 (2007 ed.)

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 5**
**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may have been admitted for a limited purpose only.  You must consider it only for that limited purpose and for no other.

**Source:**  Final Jury Instruction No. 5 (Dkt. No. 2784 at 10); Tentative Jury Instruction No. 5 (Dkt. No. 3442 at 12); Adapted Ninth Circuit Model Civil Jury Instructions – 1.8 (2007 ed.)

United States District Court
For the Northern District of California

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 6**
**CHARTS AND SLIDES NOT RECEIVED IN EVIDENCE**

Certain charts and slides not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.

**Source:**  Final Jury Instruction No. 6 (Dkt. No. 2784 at 11); Tentative Jury Instruction No. 6 (Dkt. No. 3442 at 13); Adapted from Ninth Circuit Model Civil Jury Instructions – 2.12 (2007 ed.)

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 7**
**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  You may use those charts and summaries as evidence, even though the underlying documents and records are not here.  You should give them only such weight as you think they deserve.

**Source:**  Final Jury Instruction No. 7 (Dkt. No. 2784 at 12); Tentative Jury Instruction No. 7 (Dkt. No. 3442 at 14); Adapted from Ninth Circuit Model Civil Jury Instructions – 2.13 (2007 ed.)

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 8**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Source:**  Final Jury Instruction No. 8 (Dkt. No. 2784 at 13); Tentative Jury Instruction No. 8 (Dkt. No. 3442 at 15); Ninth Circuit Model Civil Jury Instructions – 1.9 (2007 ed.)

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**United States District Court**
For the Northern District of California

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 9
CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness said, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testified about it. In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case and any bias or prejudice;

5.  whether other evidence contradicted the witness's testimony;

6.  the reasonableness of the witness's testimony in light of all the evidence; and

7.  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Source:**  Final Jury Instruction No. 9 (Dkt. No. 2784 at 14); Tentative Jury Instruction No. 9 (Dkt. No. 3442 at 16); Ninth Circuit Model Civil Jury Instructions – 1.11 (2007 ed.)

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**United States District Court**
For the Northern District of California

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 10**
**IMPEACHMENT EVIDENCE – WITNESS**

The evidence that a witness lied under oath or gave different testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Source:**  Final Jury Instruction No. 10 (Dkt. No. 2784 at 15); Tentative Jury Instruction No. 10 (Dkt. No. 3442 at 17); Ninth Circuit Model Civil Jury Instructions – 2.8 (2007 ed.).

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 11
TAKING NOTES**

You may have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Source:**  Final Jury Instruction No. 11 (Dkt. No. 2784 at 16); Tentative Jury Instruction No. 11 (Dkt. No. 3442 at 16); Adapted from Ninth Circuit Model Civil Jury Instructions – 1.14 (2007 ed.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 12**
**DEPOSITION IN LIEU OF LIVE TESTIMONY**

You heard some witnesses testify by deposition.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

**Source:**  Final Jury Instruction No. 12 (Dkt. No. 2784 at 17); Tentative Jury Instruction No. 12 (Dkt. No. 3442 at 19); Adapted from Ninth Circuit Model Civil Jury Instructions – 2.4 (2007 ed.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 13
USE OF INTERROGATORIES OF A PARTY**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Source:**  Final Jury Instruction No. 13 (Dkt. No. 2784 at 18); Tentative Jury Instruction No. 13 (Dkt. No. 3442 at 20); Ninth Circuit Model Civil Jury Instructions – 2.10 (2007 ed.)

United States District Court
For the Northern District of California

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 14**
**EXPERT OPINION**

Some witnesses, because of education or experience, were permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source:**  Final Jury Instruction No. 14 (Dkt. No. 2784 at 19); Tentative Jury Instruction No. 14 (Dkt. No. 3442 at 19); Adapted from Ninth Circuit Model Civil Jury Instructions – 2.11 (2007 ed.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. 15
USE OF DEVICES DURING DELIBERATIONS**

<u>**Device Handling Directions**</u>

The physical devices you received are evidence in this trial.

You may use them in your deliberations.  You may turn the devices on, but you must not connect to the Internet and must not alter or modify the devices in any way.

Some of the devices have SIM cards in their packaging.  These SIM cards are not to be inserted into the phones.

Some devices may display a "System update" notification like the ones below.



JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK



If you see such a screen, you must decline the request to update the system.  Select "Install later" or press the "home" or "back" button to exit the notification screen.



**Source:**  Adapted from Final Jury Instruction No. 15 (Dkt. No. 2784 at 20-24); Tentative Jury Instruction No. 15 (Dkt. No. 3442 at 22-26)

### Samsung's Position

Samsung objects to Apple's Proposed Final Jury Instruction No. 15 insofar as it would have the Court instruct the jurors that they are not permitted to connect the accused smartphones to the Internet.  The Court's prior instructions on this issue permitted Internet access (Dkt. 1903, at 24-28; Dkt. 2784 at 20-24; Dkt. 3442, at 22-26), Apple elsewhere argues that unappealed instructions are the law of the case and are subject to this Court's Groundhog Day rule.  Apple fails to justify its departure from those prior, Court-approved instructions, and is incorrect to assert that "there is no

17

need for the jury to access the Internet" through the phones.  The jury should be permitted to access the Internet in order to assess the testimony they will hear and aid in their damages determinations.

Contrary to Apple's suggestion that Internet Access is not relevant to the retrial, such access is an important and valuable feature of each of the accused smartphones—making their Internet capabilities relevant both to determining the identity of the relevant articles of manufacture under the Court's four-factor test, and to determining the quantum of any damages award.  For instance, Samsung's expert Sam Lucente will testify that Internet access is a relevant consideration under factor 2 in assessing whether Apple's designs are more or less prominent than other features within Samsung's smartphones (*see, e.g.*, Lucente Report (3592-25) ¶¶ 163, 190, 205), and under factor 3 in determining whether there is a conceptual distinction between Apple's designs and the smartphones' other features (*see, e.g., id.* ¶¶ 45, 229).  Further, the smartphones' Internet capabilities (among their many other functions) are relevant to show that the phones' value is driven substantially by features other than the features and components covered by Apple's asserted patents—thus supporting both a lower reasonable-royalty rate (as to both design and utility patents) and a lower calculation of profits from the components to which Samsung applied Apple's patented designs.  *See* Wagner Report (Dkt. 3594-6) ¶¶ 76-78, 94-96, 405-30, 463-75, 510-14, 659-77.

Any concern that the jury could unintentionally update the phones' software is avoided by Samsung's proposed instruction, which (like the versions previously approved and given by the Court), directs the jury to "decline any software update notifications that may be presented" and not to "download any content, such as apps, music, photographs, or games, to the devices."  While Apple expresses concern about a "risk of technical errors," it does not identify any particular risk.  Nor does Apple explain how it would be prejudiced by allowing the jury to use the phones' functional features.  The Court should reject Apple's proposed instruction, and should instead give Samsung's instruction—the same one it has used in the prior trials.

18

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**United States District Court**
For the Northern District of California

**SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 15
USE OF DEVICES DURING DELIBERATIONS**

**Device Handling Directions**

The physical devices you received are evidence in this trial.

You may use them in your deliberations, and may connect to the Internet through the Web Browser application, but must not alter or modify the devices in any way.

Some of the devices have SIM cards in their packaging. These SIM cards are not to be inserted into the phones.

Some of the devices have a mobile data connection, and you will not need to take any additional action to use the Web Browser application.

Others must first be connected to the Court's Wi-Fi network to access the Internet.

Once connected, you must decline any software update notifications that may be presented to you.

You also must not download any content, such as apps, music, photographs, or games, to the devices.

19

*Connecting to the Internet*

To connect a device to the Court's Wi-Fi network, select "USDCSJ01" from the list of available wireless networks, as depicted below.



From the Applications menu, select the Web Browser application.



From the Court's Wi-Fi log in page, scroll to the bottom and click on the blue "Connect!" button.

20

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

21

United States District Court

For the Northern District of California

1  *Declining System Update Notifications*

2       Some devices may display a "System update" notification like the ones below.

3

 



1   If you see such a screen, you must decline the request to update the system. Select "Install

2   later" or press the "home" or "back" button to exit the notification screen.



6   **Source:** Final Jury Instruction No. 15 (Dkt. No. 2784 at 16-20).

8   **<u>Apple's Objections</u>**

9   Apple proposes that the jury be instructed again that it may turn on and use the devices in

10  evidence, but that the jury should be instructed not to use those devices to access the Internet.

11  Because infringement and validity are no longer at issue, the jury has no need to access the

12  Internet. Also, given that the devices and software are now several years out of date, allowing the

13  jury to access the Internet could lead to technical issues that the parties are unable to anticipate or

14  at least increases the risk of technical errors. To avoid any such technical issues—which could

15  prejudice Apple if the devices do not work as expected when connected to the Internet—the jury

16  should be instructed that it must not use the devices in evidence to access the Internet.

17  Apple's proposed instruction does not violate the law of the case, but instead merely

18  updates the Court's prior instruction to reflect the changed circumstances of the trial. Contrary to

19  Samsung's objection, the jury will not need access to the Internet to evaluate any of Samsung's

20  arguments.

21  Mr. Lucente's opinions go no further than to state smartphones have multiple capabilities,

22  including the ability to access the Internet. This basic and uncontested observation does not justify

23  allowing the jury to use the devices to access the Internet, or the associated risk that comes with

24  doing so. Indeed, Mr. Lucente also cites to other capabilities of the infringing phones, including

25  "the ability to access music, email messaging, calendars, videos, Internet, and calling all in one

26  device" (Dkt. 3592-25 ¶ 229), but Samsung agrees the Court should reissue the instructions barring

27  the jury from "download[ing] any content, such as apps, music, photographs, or games, to the

28

<u>United States District Court</u>
For the Northern District of California

devices" or inserting a SIM card into the phones.  The jury likewise does not need to access the Internet to evaluate Mr. Wagner's opinions regarding damages.  Indeed, every paragraph of Mr. Wagner's report that Samsung cites in support of giving its proposed instruction discusses consumer surveys.  The Court has already excluded Mr. Wagner's opinions based on such surveys. Dkt. 3645 at 37-42.  Samsung's insistence that the jury be able to connect the phones to the Internet cannot therefore be justified on the argument that such access is necessary to identify the relevant article of manufacture, or calculate Samsung's total profit thereon.  Instead, the Court should adopt Apple's Proposed Final Instruction No. 15, which accounts for the reality that the devices have aged significantly since the prior trial and proposes limitations to ensure their continued operability and preservation.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**United States District Court**
For the Northern District of California

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 16**
**SUMMARY OF CONTENTIONS**

I will now summarize for you each side's positions on the issues you must decide.

During a prior proceeding a jury found that Samsung's 16 products at issue in this trial infringed one or more of the following Apple patents: U.S. Patent Nos. 7,469,381; 7,864,163; D618,677; D593,087, and D604,305. The jury also found these patents valid.

Apple seeks money damages for Samsung's infringing sales of these 16 products.

Samsung disputes the amount of damages Apple claims.

Your sole job in this trial is to determine the amount of damages to be awarded to Apple.

**Source:** Final Jury Instruction No. 16 (Dkt. No. 2784 at 25); Case Management Order at 2 (Dkt. No. 3272); Tentative Jury Instruction No. 16 (Dkt. No. 3442 at 27)

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**United States District Court**
For the Northern District of California

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 17**
**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source:** Final Jury Instruction No. 17 (Dkt. No. 2784 at 26); Tentative Jury Instruction No. 17 (Dkt. No. 3442 at 28); Ninth Circuit Model Civil Jury Instructions – 3.1 (2007 ed.)

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 18**
**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**Source:**  Final Jury Instruction No. 18 (Dkt. No. 2784 at 27); Tentative Jury Instruction No. 18 (Dkt. No. 3442 at 29); Ninth Circuit Model Civil Jury Instructions – 3.2 (2007 ed.)

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 19**
**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Source:**  Final Jury Instruction No. 19 (Dkt. No. 2784); Tentative Jury Instruction No. 19 (Dkt. No. 3442 at 30); Ninth Circuit Model Civil Jury Instructions – 3.3 (2007 ed.)

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SAMSUNG'S PROPOSED JURY INSTRUCTION NO. 20
PATENTS—IN GENERAL**

This case involves disputes relating to United States utility and design patents.  Before summarizing the positions of the parties and the legal issues involved in the dispute, let me take a moment to explain what patents are and how they are obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO").  There are two basic types of patents in the United States: utility patents and design patents.  In general terms, a "utility patent" protects the way an article is used and works.  It also protected a method or process of making or doing something.  On the other hand, a "design patent" protects the way an article looks.  A design patent protects the ornamental design of an article of manufacture. "Ornamental design" means the shape of the design and/or the surface decoration on the design.

A valid United States patent gives the patent owner the right to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, during the term of the patent without the patent holder's permission. A violation of the patent owner's rights is called infringement.

A patent includes what is called a "specification."  For a utility patent, the specification must contain a written description of the claimed invention telling what the invention is, how it works, how to make it and how to use it so others skilled in the field will know how to make or use it. The specification concludes with one or more numbered sentences.  These are the patent "claims."  When the patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

For a design patent, the specification must contain one or more drawings of the designs as well as a description of the drawings, and it serves as a single claim.  The "claim" for design patents generally refers to the drawings and how they are described.

**Source:**  Adapted from Preliminary Jury Instruction No. 18 (Dkt. 2715, at 19)

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1    **Apple's Objections**

2           Samsung's Proposed Final Jury Instruction No. 20 is unnecessary and goes beyond the

3    scope of the general civil jury instructions already established in this case.  This Court previously

4    issued general civil instructions as a part of its final jury instructions in 2012 (Dkt. 1903) and in

5    2013 (Dkt. 2784).  Those final instructions did not include a general civil instruction on "Patents—

6    In General."  *Id.*  Furthermore, when the parties previously filed joint proposed final jury

7    instructions in 2013, Samsung did not seek to include a "Patents—In General" instruction.  *See*

8    Dkt. 2513.  Samsung did not challenge the failure to give such an instruction on appeal.  *See Apple*

9    *Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015).  Samsung has therefore waived

10   any right to request a "Patents—In General" instruction in the final jury instructions and the

11   Court's prior general civil instructions are now law of the case.  *See Apple Inc. v. Samsung Elecs.*

12   *Co.*, No. 11-CV-01846-LHK, 2017 WL 3232424, at *15 (N.D. Cal. July 28, 2017) ("[A]n issue or

13   factual argument waived at the trial level before a particular order is appealed, or subsequently

14   waived on appeal, cannot be revived on remand." (citation omitted)); *Apple Inc. v. Samsung Elecs.*

15   *Co.*, No. 11-CV-01846-LHK, 2017 WL 4776443, at *15 (N.D. Cal. Oct. 22, 2017) (jury instruction

16   became "the law of the case" because "Samsung did not appeal it"); *see also United States v.*

17   *Toliver*, 672 F. App'x 689, 690 (9th Cir. 2016) (law of the case doctrine bars challenge to jury

18   instructions previously upheld on appeal), *cert. denied*, 138 S. Ct. 115 (2017)*; United States v.*

19   *Whittenburg*, 243 F.3d 552 (9th Cir. 2000) (challenges to "the trial court's jury instructions were

20   considered on appeal" and subsequent challenges were therefore "barred . . . under the law of the

21   case doctrine"); *Gulliford v. Thrash*, 8 F. App'x 766, 768 (9th Cir. 2001) (abuse of discretion for

22   district court judge to amend jury instructions in second trial absent applicable exception to law of

23   the case doctrine) (unpublished); *Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1347 (Fed. Cir. 2001)

24   ("[B]y failing to appeal" an issue, the party "waived this issue and was barred from raising it on

25   remand"); *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009) (applying law of the case doctrine

26   to foreclose renewals of challenges to jury instructions that had been adjudicated during a prior

27   appeal); *Geldermann, Inc. v. Fin. Mgmt. Consultants, Inc.*, 27 F.3d 307, 312 (7th Cir. 1994)

28

("[W]hen parties do not object to jury instructions, these instructions generally become 'law of the case.'").  Even after the case was remanded to this Court from the Federal Circuit, Samsung again did not request an "Patents—In General" final instruction for the planned 2016 trial (Dkt. 3408) and the Court again indicated in its Tentative Final Jury Instructions that it would not give such an instruction.  *See* Dkt. 3442.  This reinforces that Samsung has waived the right to propose new general civil jury instructions now.

Furthermore, the relevant portions for describing what utility and design patents are generally already included in Apple's Proposed Preliminary Jury Instruction No. 18 and Apple's Proposed Final Jury Instructions Nos. 20 and 24—all of which reflect instructions that the Court previously gave in 2013 and that were not challenged on appeal.  *See, e.g.*, Dkt. 2647 at 19; Dkt. 2784 at 30, 41.

Apple also objects to Samsung's proposed instruction as inaccurate, confusing, misleading, and prejudicial to Apple.  For example, Samsung statement that "the specification must contain one or more drawings of the designs as well as a description of the drawings, and it serves as a single claim" is confusing and inaccurate.  Moreover, the Court has already construed the claims of the design patents-in-suit.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 21**
**REMEDIES—IN GENERAL**

Your task in this case is to determine the amount of damages that Samsung must pay Apple as compensation for infringing Apple's patents, specifically U.S. Utility Patent Nos. 7,469,381 and 7,864,163, and U.S. Design Patent Nos. D618,677, D604,305, and D593,087.

In determining the amount of damages, you must consider each patent and each product individually. As I instructed at the start of the trial, certain Samsung products have been found to infringe certain of Apple's patents, as shown by the Xs below:

| Patent | '163 | '381 | D'677 | D'305 | D'087 |
|---|---|---|---|---|---|
| Captivate | | X | | X | |
| Continuum | | X | | X | |
| Droid Charge | X | X | | X | |
| Epic 4G | X | X | | X | |
| Fascinate | X | X | X | X | |
| Galaxy S (i9000) | X | X | X | X | X |
| Galaxy S 4G | X | X | X | X | X |
| Galaxy S II (AT&T) | X | X | X | | |
| Galaxy S II (Epic 4G Touch) | | | X | | |
| Galaxy S II (i9100) | X | X | X | | |
| Galaxy S II (Skyrocket) | | | X | | |
| Galaxy S II (T-Mobile) | X | | X | | |
| Galaxy S Showcase | | | X | X | |
| Gem | | X | | X | |
| Indulge | | X | | X | |
| Infuse 4G | X | X | X | X | |
| Mesmerize | X | X | X | X | |
| Vibrant | | X | X | X | X |

**Source:** The jury should be instructed as to the task which it must perform and as to the prior findings of infringement on which its awards of damages must be based. Apple agrees that such instructions should be given in the preliminary instructions, but the jury should also be instructed

1    on this critical issue in the Court's final instructions, particularly in light of the number of patents

2    and products and the varying findings of infringement which are now at issue.

3

4    **Apple's Objections**

5           Samsung's Proposed Final Jury Instruction No. 21 is unnecessary and is beyond the scope

6    of the general civil jury instructions already established in this case.  This Court previously issued

7    general civil instructions as a part of its final jury instructions in 2012 (Dkt. 1903) and in 2013

8    (Dkt. 2784).  Those final instructions did not include a general civil instruction on "Remedies—In

9    General."  *Id.*  Furthermore, when the parties previously filed joint proposed final jury instructions

10   in 2013, Samsung did not seek to include an "Remedies—In General" instruction.  *See* Dkt. 2513.

11   Samsung did not challenge the failure to give such an instruction on appeal.  *See Apple Inc. v.*

12   *Samsung Elecs. Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015).  Samsung has therefore waived any right

13   to request an "Remedies—In General" final instruction and the Court's prior general civil

14   instructions are now law of the case.  *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-

15   LHK, 2017 WL 3232424, at *15 (N.D. Cal. July 28, 2017) ("[A]n issue or factual argument waived

16   at the trial level before a particular order is appealed, or subsequently waived on appeal, cannot be

17   revived on remand." (citation omitted)); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-

18   LHK, 2017 WL 4776443, at *15 (N.D. Cal. Oct. 22, 2017) (jury instruction became "the law of the

19   case" because "Samsung did not appeal it"); *see also United States v. Toliver*, 672 F. App'x 689,

20   690 (9th Cir. 2016) (law of the case doctrine bars challenge to jury instructions previously upheld

21   on appeal), *cert. denied*, 138 S. Ct. 115 (2017)*; United States v. Whittenburg*, 243 F.3d 552 (9th

22   Cir. 2000) (challenges to "the trial court's jury instructions were considered on appeal" and

23   subsequent challenges were therefore "barred . . . under the law of the case doctrine"); *Gulliford v.*

24   *Thrash*, 8 F. App'x 766, 768 (9th Cir. 2001) (abuse of discretion for district court judge to amend

25   jury instructions in second trial absent applicable exception to law of the case doctrine)

26   (unpublished); *Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1347 (Fed. Cir. 2001) ("[B]y failing to

27   appeal" an issue, the party "waived this issue and was barred from raising it on remand"); *United*

28
                                                    33

1   *States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009) (applying law of the case doctrine to foreclose

2   renewals of challenges to jury instructions that had been adjudicated during a prior appeal);

3   *Geldermann, Inc. v. Fin. Mgmt. Consultants, Inc.*, 27 F.3d 307, 312 (7th Cir. 1994) ("[W]hen

4   parties do not object to jury instructions, these instructions generally become 'law of the case.'").

5   Even after the case was remanded to this Court from the Federal Circuit, Samsung again did not

6   request an "Remedies—In General" final instruction for the planned 2016 trial (Dkt. 3408) and the

7   Court again indicated in its Tentative Final Jury Instructions that it would not give such an

8   instruction. *See* Dkt. 3442. This reinforces that Samsung has waived the right to propose new

9   general civil jury instructions now.

10          Furthermore, the relevant portions for the jury's task generally are already included in

11  Apple's Proposed Preliminary Jury Instruction No. 20 and Apple's Proposed Final Jury Instruction

12  No. 16 —which reflect instructions that the Court previously gave in 2013 and that were not

13  challenged on appeal. *See, e.g.*, Dkt. 2715 at 21; Dkt. 2784 at 21.

14          Apple also objects to Samsung's proposed instruction as inaccurate, confusing, misleading,

15  and prejudicial to Apple. Samsung's proposed instruction that the jury "must consider each patent

16  and each product individually" is confusing and misleading since several Samsung products were

17  found to infringe more than one Apple patent. Apple has proposed, and the Court has previously

18  given, instructions that tell the jury how to deal with damages for those products. *See, e.g.*,

19  Apple's Proposed Final Jury Instruction No. 30; Dkt. 2784 at 42.

20

21

22

23

24

25

26

27

28

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT PROPOSED UTILITY PATENT JURY INSTRUCTIONS**

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## APPLE'S PROPOSED JURY INSTRUCTION NO. 20
## UTILITY PATENTS—INTERPRETATION OF CLAIMS

A patent's claims define what is covered by the patent.  Utility patent claims are numbered sentences at the end of the patent that describe the boundaries of the patent's protection.  It is my job as judge to explain to you the meaning of any language in the claims that needs interpretation.

I have interpreted the meaning of some of the language in the utility patent claims involved in this case.  You must accept those interpretations as correct.  For claim language where I have not provided you with any meaning, you should apply the claim language's plain and ordinary meaning.

- **U.S. Patent No. 7,469,381, Claim 19**

The term "displaying" means "showing or revealing to the viewer."

The term "electronic document" means "a document stored in a digital format."  An "electronic document" includes, but is not limited to, a web page; a digital image; a word processing, spreadsheet or presentation document; or a list of items in a digital format.  An electronic document need not be stored in a single file.

The term "first direction" does not require a strictly linear finger movement.

The term "edge of the electronic document" has its plain and ordinary meaning.  An edge of an electronic document is not limited to an external edge and may be internal.

- **U.S. Patent No. 7,864,163, Claim 50**

The Court has not interpreted any terms from this patent.

**Source:**  Final Jury Instruction No. 20 (Dkt. No. 2784 at 30); Tentative Jury Instruction No. 20 (Dkt. No. 3442 at 32)

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 21**
**UTILITY PATENT DAMAGES—BURDEN OF PROOF**

I will instruct you about the measure of damages for utility patent infringement. You must determine the amount of money damages to award to Apple for Samsung's infringement [Samsung Proposes] of U.S. Utility Patent Nos. 7,469,381 and 7,864,163.  The amount of those damages must be adequate to compensate Apple for the infringement.  [Apple Proposes] A damages award should put Apple in approximately the financial position it would have been in had the infringement not occurred, but in no event may the damages award be less than a reasonable royalty.  You should keep in mind that the damages you award are meant to compensate Apple and not to punish Samsung.

Apple has the burden to persuade you of the amount of its damages.  You should award only those damages that Apple proves by a preponderance of the evidence.  While Apple is not required to prove its damages with mathematical precision, it must prove them with reasonable certainty.  Apple is not entitled to damages that are remote or speculative.

**Source:**  Final Jury Instruction No. 21 (Dkt. No. 2784 at 31); Tentative Jury Instruction No. 21 (Dkt. No. 3442 at 33); October 22, 2017 Order Requiring New Trial on Design Patent Damages (Dkt. 3530 at 35)

**Apple's Objections**

Apple proposes that the Court issue Final Jury Instruction No. 21 as it was given in 2013.  *See* Dkt. 2784 at 31.  Samsung did not challenge that instruction on appeal and has waived the opportunity to propose edits to this instruction.  Regardless, Samsung's edit is unnecessary and contrary to the Groundhog Day rule and the law of the case.

United States District Court
For the Northern District of California

**Samsung's Position**

Samsung objects to the following sentence, which is misleading:  "A damages award should put Apple in approximately the financial position it would have been in had the infringement not occurred, but in no event may the damages award be less than a reasonable royalty."  Apple is not pursuing any claim for lost profits.  It would thus be misleading and improper to instruct the jury that Apple should be put "in approximately the financial position it would have been in had the infringement not occurred," which applies when a plaintiff seeks lost profits.

Instead, as set forth in Samsung's Proposed Final Jury Instruction No. 23, the jury should be instructed as follows:  "The form of utility patent damages that Apple seeks in this case is a reasonable royalty.  Apple is not seeking damages based on any lost sales or lost market share, but is entitled to a reasonable royalty for the infringement of its utility patents."

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1
2

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 22**
**UTILITY PATENT DAMAGES—REASONABLE ROYALTY—DEFINITION**

3

[Apple Proposes] Apple is entitled to a reasonable royalty for the infringement of its utility

4

patents. [Samsung Proposes] The form of utility patent damages that Apple seeks in this case is a

5

reasonable royalty. Apple is not seeking damages based on any lost sales or lost market share, but

6

is entitled to a reasonable royalty for the infringement of its utility patents. A royalty is a payment

7

made to a patent holder in exchange for the right to make, use or sell the claimed invention. This

8

right is called a "license." A reasonable royalty is the payment for the license that would have

9

resulted from a hypothetical negotiation between the patent holder and the infringer taking place at

10

the time when the infringing activity first began. In considering the nature of this negotiation, you

11

must assume that the patent holder and the infringer would have acted reasonably and would have

12

[Samsung Proposes] voluntarily entered into a license agreement. You must also assume that both

13

parties believed the patent was valid and infringed. Your role is to determine what the result of

14

that negotiation would have been. The test for damages is what royalty would have resulted from

15

the hypothetical negotiation and not simply what either party would have preferred.

16

A royalty can be calculated in several different ways and it is for you to determine which

17

way is the most appropriate based on the evidence you have heard. One way to calculate a royalty

18

is to determine what is called an "ongoing royalty." To calculate an ongoing royalty, you must first

19

determine the "base," that is, the product on which the infringer is to pay. You then need to

20

multiply the revenue the defendant obtained from that base by the "rate" or percentage that you

21

find would have resulted from the hypothetical negotiation. For example, if the patent covers a

22

nail, and the nail sells for $1, and the licensee sold 200 nails, the base revenue would be $200. If

23

the rate you find would have resulted from the hypothetical negotiation is 1%, then the royalty

24

would be $2, or the rate of .01 times the base revenue of $200.

25

If the patent covers only part of the product that the infringer sells, then the base would

26

normally be only that feature or component. For example, if you find that for a $100 car, the

27

patented feature is the tires which sell for $5, the base revenue would be $5. [Apple Proposes]

28

39

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

However, in a circumstance in which the patented feature is the reason customers buy the whole product, the base revenue could be the value of the whole product.

A second way to calculate a royalty is to determine a one-time lump sum payment that the infringer would have paid at the time of the hypothetical negotiation for a license covering all sales of the licensed product both past and future. This differs from payment of an ongoing royalty because, with an ongoing royalty, the licensee pays based on the revenue of actual licensed products it sells. When a one-time lump sum is paid, the infringer pays a single price for a license covering both past and future [Apple Proposes] infringing sales.

In determining a reasonable royalty, you may consider the following factors:

1. The royalties received by the patentee for the licensing of the patent-in-suit, proving or tending to prove an established royalty.

2. The rates paid by the licensee for the use of other patents comparable to the patent-in-suit.

3. The nature and scope of the license, as exclusive or nonexclusive, or as restricted or nonrestricted in terms of territory or with respect to whom the manufactured product may be sold.

4. The licensor's established policy and marketing program to maintain his or her patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

5. The commercial relationship between the licensor and licensee, such as whether they are competitors in the same territory in the same line of business, or whether they are inventor and promoter.

6. The effect of selling the patented specialty in promoting sales of other products of the licensee, the existing value of the invention to the licensor as a generator of sales of his nonpatented items, and the extent of such derivative or convoyed sales.

7. The duration of the patent and the term of the license.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

8.      The established profitability of the product made under the patents, its commercial success, and its current popularity.

9.      The utility and advantages of the patented property over the old modes or devices, if any, that had been used for working out similar results.

10.     The nature of the patented invention, the character of the commercial embodiment of it as owned and produced by the licensor, and the benefits to those who have used the invention.

11.     The extent to which the infringer has made use of the invention and any evidence probative of the value of that use.

12.     The portion of the profit or of the selling price that may be customary in the particular business or in comparable business to allow for the use of the invention or analogous inventions.

13.     The portion of the realizable profits that should be credited to the invention as distinguished from nonpatented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

14.     The opinion and testimony of qualified experts.

15.     The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

It is up to you, based on the evidence, to decide what type of royalty [Samsung Proposes] (e.g., ongoing or lump-sum) is appropriate in this case.

41

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**Source:** Final Jury Instruction No. 27 (Dkt. No. 2784 at 37-38); Tentative Jury Instruction No. 27 (Dkt. No. 3442 at 39-41); Adapted from N.D. Cal. Model Patent Jury Instruction B.5.7.

### Apple's Objections

Apple proposes that the Court issue Final Jury Instruction No. 22 as it was given in 2013. *See* Dkt. 2784 at 37-38. Samsung did not challenge that instruction on appeal and has waived the opportunity to propose edits to this instruction. The instruction is the law of this case, and Samsung's proposed edits are contrary to the Court's Groundhog Day rule.

Regardless, Samsung's proposed edits are unnecessary. For example, Samsung proposes adding the word "voluntary," but factor 15 of the instruction—which the Court gave in 2013 and adopted to give in 2016—already adequately instructs the jury on the voluntary nature of the hypothetical licensing negotiation.

Samsung's proposed edits also misstate the law and are misleading and likely to confuse the jury. For example: (1) As the Court's previous instruction correctly stated, Apple is entitled to a reasonable royalty for the infringement of its utility patents. *See* 35 U.S.C. § 284. Samsung's suggestion that the jury be told only that Apple is "seeking" reasonable royalties improperly suggests that Apple has not already proven its entitlement to such royalties as a matter of law. *See* Dkt. 1931 (August 24, 2012 Amended Jury Verdict). (2) Samsung's proposal to inform the jury that Apple is not seeking lost profit or lost market share damages in this case is confusing, unnecessary, and prejudicial to Apple because lost profits are not at issue in this trial (and there is no reason for the Court to describe for the jury other remedies that are not at issue and for which the jury is unlikely to be aware in the first place). (3) Apple also objects to Samsung's proposal to remove the following sentence: "However, in a circumstance in which the patented feature is the reason customers buy the whole product, the base revenue could be the value of the whole product." That instruction was given in the 2013 trial and Samsung did not challenge it on appeal; it is therefore the law of the case. It also accurately states the law with respect to reasonable

royalty damages and helps to provide a complete picture for the example given to assist the jury in determining a reasonable royalty.  (4) Apple objects to Samsung's removal of the word "infringing" in the following sentence:  "When a one-time lump sum is paid, the infringer pays a single price for a license covering both past and future <u>infringing</u> sales."  The word "infringing" was included in the instruction given at the 2013 trial and Samsung did not challenge it on appeal; it is therefore the law of the case.  It also accurately states the law with respect to reasonable royalty damages and helps to clarify for the jury that a lump-sum award would cover all infringing sales, both past and future.  (5) Apple objects to Samsung's addition of the phrase "(e.g., ongoing or lump-sum)."  That language was not included in the instructions given at the 2013 trial and Samsung did not challenge the instruction on appeal; it is therefore the law of the case.  Moreover, including the language Samsung proposes would be duplicative and potentially confusing to the jury, as the instruction already explains the form of royalty the jury may award.

**Samsung's Position**

Samsung objects to this proposed instruction as misleading and incomplete, including because it fails to include the language of Samsung's Proposed Instruction Nos. 22-25.

**1.**  Samsung objects to the proposed instruction's omission to state that Apple is not pursuing any claim for lost profits.  *See* Samsung's Proposed Final Jury Instruction No. 23.

**2.**  Samsung objects, as confusing and misleading, the proposed instruction's inclusion of the entire-market-value exception to the general requirement of apportionment:  "However, in a circumstance in which the patented feature is the reason customers buy the whole product, the base revenue could be the value of the whole product."  Apple does not contend that either of its asserted utility patents was "the reason consumers buy the whole product[s]" at issue in this case.

**3.**  Samsung objects to Apple's omission of an appropriate instruction on apportionment, as proposed by Samsung in Proposed Instruction No. 24.  Such an instruction is required by developments in the Federal Circuit's apportionment jurisprudence, which post-date this Court's 2012 and 2013 trials.  Given these developments in the law, the "law of the case" doctrine is

inapplicable.  *See, e.g.*, *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1034 (9th Cir. 2015); *Dow Chem. Co. v. Nova Chem. Corp. (Can.)*, 803 F.3d 620, 628 (Fed. Cir. 2015); *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993) (controlling judicial decision "must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate" the decision), quoted in *Heartland By-Prod., Inc. v. United States*, 568 F.3d 1360, 1365 (Fed. Cir. 2009).

Specifically, in *Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201 (Fed. Cir. 2014)—which post-dates the prior trials and jury instructions—the Federal Circuit held that where the patentee seeks damages in the form of a reasonable royalty under 35 U.S.C. § 284, the jury instructions must "fully explain the need to apportion the ultimate royalty award to the incremental value of the patented feature from the overall product." *Id.* at 1228.  It is not enough merely to instruct the jury on the *Georgia-Pacific* factors; the Court must "separately caution the jury about the importance of apportionment" by giving a "separate instruction culled from *Garretson* [*v. Clark*, 111 U.S. 120 (1884)]." *Id.* & n.5.  And to "fully explain the need to apportion the ultimate royalty," *id.*, *i.e.*, the Court must explain to the jury that the royalty must be "'carefully tie[d] … to the claimed invention's footprint in the market place.'" *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC*, 879 F.3d 1332, 1348 (Fed. Cir. 2018) (quoting *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010)).  In other words, the jury must be instructed that infringement damages "'must reflect the value attributable to the infringing features of the product, and no more.'" *Commonwealth Scientific & Indus. Research Organisation v. Cisco Systems, Inc.*, 809 F.3d 1295, 1301 (Fed. Cir. 2015) (quoting *Ericsson*, 773 F.3d at 1226).

Changed factual circumstances also require the Court to instruct the jury on apportionment.  In the circumstances of this case, a reasonable royalty cannot be calculated on the theory that the claim at issue "was generally bundled into the technologies that [plaintiff] licensed on a portfolio basis." *Oracle Am., Inc. v. Google Inc.*, 798 F. Supp. 2d 1111, 1115 (N.D. Cal. 2011); *accord Open Text S.A. v. Box, Inc.*, 2015 WL 349197, *7 (N.D. Cal. Jan. 23, 2015) ("the final royalty figure must" "apportion down to the usage and importance of the accused features themselves");

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1   *Blue Spike, LLC v. Huawei Techs. Co.*, 2016 WL 9286102, *4 (E.D. Tex. Oct. 14, 2016)

2   (apportionment is inadequate if it does not "separate out the *patented* feature").  While the Court

3   previously declined to exclude Apple's expert testimony when Samsung challenged its reliance on

4   a "portfolio" theory (Dkt. 1157, at 11-13), that prior testimony "assumed infringement" of seven

5   design patents, eight trade dresses, and eight trademarks (*see* Dkt. 2454-6 at ¶ 4 & Ex. 4).  Even if

6   a "portfolio" theory were permissible based on that basket of intellectual property, that is not true

7   for this retrial, at which a very small set of rights is at issue.  The "law of the case" doctrine does

8   not apply given this change in circumstances.  *See Microsoft*, 795 F.3d at 1034 ("law of the case

9   inapplicable" if "the evidence on remand is substantially different" or "other changed

10  circumstances exist"); *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1582 (Fed. Cir. 1994)

11  (collecting similar authorities).

12      These issues are not adequately addressed by language in Apple's proposed instruction

13  regarding the *Georgia-Pacific* factors, which do not "fully explain the need to apportion the

14  ultimate royalty award to the incremental value of the patented feature from the overall product."

15  *Ericsson*, 773 F.3d at 1208.  Instead, as noted, the Court is required to "separately caution the jury

16  about the importance of apportionment" by giving a "separate instruction culled from *Garretson* [*v.*

17  *Clark*, 111 U.S. 120 (1884)]."  *Id.* & n.5.

18      **4.**  Samsung objects to Apple's omission of the language of Samsung's Proposed

19  Instruction No. 25, which is called for by this Court's newly adopted Model Patent Jury Instruction

20  5.8.  That model instruction was added by this Court "to account for changes in the law."  Preface,

21  N.D. Cal. Model Patent Jury Instructions (2018).  The 2011 edition of the Model Instructions,

22  which was in force at the time of the 2013 trial, contained no such instruction.[1]  Samsung's

23  proffered instruction is drawn directly from this new model instruction, and is specifically

24  addressed to the circumstances of this case. The instruction is necessary to explain that, in valuing

25  a hypothetical license, the jury is permitted to consider *all* patent licenses that the product requires,

26  and not just other patents held by Apple.  Apple elsewhere objects to Samsung's purported

27

28
___
[1]   *See* https://bit.ly/2HuVFzw (archived version of Court's jury instructions website dated April 21, 2013).

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1    omission of language to the effect that, "for any sale where you measure damages by a reasonable

2    royalty, you may include royalty amounts for each patent infringed by the sale," but equivalent

3    language is proposed here.  The Court should give this instruction.

4    **5.**  Samsung objects to Apple's omission of the word "voluntarily" from the following

5    sentence:  "In considering the nature of this negotiation, you must assume that the patent holder

6    and the infringer would have acted reasonably and would have <u>voluntarily</u> entered into a license

7    agreement."  Apple itself properly acknowledges, in factor 15 of its proposed instruction, that the

8    hypothetical-license inquiry is addressed to a *voluntary* license; the jury should be so instructed at

9    the outset.

10    **6.**  Samsung objects to Apple's description of future sales as "infringing" in the following

11    sentence:  "When a one-time lump sum is paid, the infringer pays a single price for a license

12    covering both past and future <u>infringing</u> sales."  A sale that proceeds pursuant to a previously-given

13    license does not infringe the licensed patent.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

### SAMSUNG'S PROPOSED JURY INSTRUCTION NO. 24
### UTILITY PATENT DAMAGES—REASONABLE ROYALTY—APPORTIONMENT

A reasonable royalty for infringement of a utility patent must be based on the incremental value that the patented invention adds to Samsung's smartphone.  A reasonable royalty must separate the value of the patented invention from the value of all other features of the product and cannot be based on the value of features other than the particular invention that is the subject of the hypothetical license.  You may not calculate a reasonable royalty based on a theory that Apple would have insisted on licensing multiple patents or other forms of intellectual property together in a "portfolio" with the patented invention.

**Source:**  35 U.S.C. § 284; *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC*, 879 F.3d 1332, 1348 (Fed. Cir. 2018) ("The essential requirement is that the ultimate reasonable royalty award must be based on the incremental value that the patented invention adds to the end product.") (quoting *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014)); *id.* at 869 ("A reasonable royalty analysis requires that 'the trial court ... carefully tie proof of damages to the claimed invention's footprint in the market place.'") (quoting *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010)); *Commonwealth Scientific and Indus. Research Organisation v. Cisco Systems, Inc.*, 809 F.3d 1295, 1301 (Fed. Cir. 2015) ("Under § 284, damages awarded for patent infringement 'must reflect the value attributable to the infringing features of the product, and no more.' This principle—apportionment—is 'the governing rule' 'where multi-component products are involved.'") (quoting *Ericsson*, 773 F.3d at 1226)*Ericsson*, 773 F.3d at 1226 ("the ultimate combination of royalty base and royalty rate must reflect the value attributable to the infringing features of the product, and no more"); *ResQNet.com*, 594 F.3d at 869  ("At all times, the damages inquiry must concentrate on compensation for the economic harm caused by infringement of the claimed invention."); *Open Text S.A. v. Box, Inc.*, 2015 WL 349197, *7 (N.D. Cal. Jan. 23, 2015) ("the final royalty figure must" "apportion down to the usage and importance of the accused features themselves"); *GPNE Corp. v. Apple, Inc.*, 2014 WL 1494247, *5-6 (N.D. Cal.

47

1    Apr. 16, 2014) (Koh, J.) (granting Apple's motion to exclude expert analysis that was legally

2    insufficient because it failed to apportion and instead relied on "a list of considerations that relate

3    to the value of [the relevant field of] technology generally" and "broad statements about the

4    general value" of the relevant technological field); *Blue Spike, LLC v. Huawei Techs. Co.*, 2016

5    WL 9286102, *4 (E.D. Tex. Oct. 14, 2016) (apportionment is inadequate if it does not "separate

6    out the *patented* feature"); *Oracle Am., Inc. v. Google Inc.*, 798 F. Supp. 2d 1111, 1115 (N.D. Cal.

7    2011) ("the hypothetical license must be limited to the asserted claims" and cannot be based on a

8    theory that the intellectual property at issue "was generally bundled into the technologies that

9    [plaintiff] licensed on a portfolio basis").

10

11   **<u>Apple's Objections</u>**

12           Samsung's Proposed Final Jury Instruction No. 24 is unnecessary and is beyond the scope

13   of the utility patent jury instructions already established in this case.  This Court previously issued

14   instructions for calculating a reasonable royalty for utility patent infringement in 2012 (Dkt. 1903)

15   and in 2013 (Dkt. 2784).  Those instructions did not include a separate instruction on

16   "Apportionment."  *Id.*  Furthermore, when the parties previously filed joint proposed jury

17   instructions in 2013, Samsung did not seek to include a separate "Apportionment" instruction.  *See*

18   Dkt. 2513.  Samsung did not challenge the failure to give such an instruction on appeal.  *See Apple*

19   *Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015).  Samsung has therefore waived

20   any right to request a separate "Apportionment" instruction and the Court's prior utility patent

21   instructions are now law of the case.  *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-

22   LHK, 2017 WL 3232424, at *15 (N.D. Cal. July 28, 2017) ("[A]n issue or factual argument waived

23   at the trial level before a particular order is appealed, or subsequently waived on appeal, cannot be

24   revived on remand." (citation omitted)); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-

25   LHK, 2017 WL 4776443, at *15 (N.D. Cal. Oct. 22, 2017) (jury instruction became "the law of the

26   case" because "Samsung did not appeal it"); *see also United States v. Toliver*, 672 F. App'x 689,

27   690 (9th Cir. 2016) (law of the case doctrine bars challenge to jury instructions previously upheld

28

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**United States District Court**
For the Northern District of California

on appeal), *cert. denied*, 138 S. Ct. 115 (2017)*; United States v. Whittenburg*, 243 F.3d 552 (9th Cir. 2000) (challenges to "the trial court's jury instructions were considered on appeal" and subsequent challenges were therefore "barred . . . under the law of the case doctrine"); *Gulliford v. Thrash*, 8 F. App'x 766, 768 (9th Cir. 2001) (abuse of discretion for district court judge to amend jury instructions in second trial absent applicable exception to law of the case doctrine) (unpublished); *Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1347 (Fed. Cir. 2001) ("[B]y failing to appeal" an issue, the party "waived this issue and was barred from raising it on remand"); *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009) (applying law of the case doctrine to foreclose renewals of challenges to jury instructions that had been adjudicated during a prior appeal); *Geldermann, Inc. v. Fin. Mgmt. Consultants, Inc.*, 27 F.3d 307, 312 (7th Cir. 1994) ("[W]hen parties do not object to jury instructions, these instructions generally become 'law of the case.'").

Even after the case was remanded to this Court from the Federal Circuit, Samsung again did not request a separate "Apportionment" instruction for the planned 2016 trial (Dkt. 3408) and the Court again indicated in its Tentative Final Jury Instructions that it would not give such an instruction. *See* Dkt. 3442. This reinforces that Samsung has waived the right to propose new utility patent jury instructions now. The Court should therefore refuse to give to Samsung's Proposed Final Jury Instruction No. 24.

Moreover, Apple's Proposed Final Instruction No. 22—which is the same as an instruction given by the Court in 2012 and 2013 (Dkt. 1903 at 55-56; Dkt. 2784 at 33-34)—instructs the jury what a reasonable royalty is. That instruction already informs the jury about apportionment (*e.g.*, "If the patent covers only part of the product that the infringer sells, then the base would normally be only that feature or component"; *Georgia-Pacific* factor 13). It is improper and unnecessary to include an additional instruction doubling up on a particular point simply because Samsung wants to emphasize it.

Apple further objects to Samsung's proposed instruction because it states: "You may not calculate a reasonable royalty based on a theory that Apple would have insisted on licensing multiple patents or other forms of intellectual property together in a 'portfolio' with the patented

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

invention." Apple's reasonable royalty theories have not changed since the 2012 and 2013 trials. Samsung did not challenge those theories on this basis in any appeal; it has therefore waived the challenge now. The Court has also rejected Samsung's argument. Dkt. 1157 at 11-13; Dkt. 3645 at 29-32.

Samsung's argument that this instruction is required by law (made above in objection to Apple's Proposed Instruction No. 22) is both wrong and waived. Samsung contends that the Federal Circuit's 2014 decision in *Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201 (Fed. Cir. 2014), requires such an instruction, yet Samsung did not seek such an instruction when the parties filed Joint Proposed Jury Instructions on February 19, 2016 in anticipation of the stayed 2016 trial. *See* Dkt. 3408. Furthermore, *Ericsson* is not an intervening "development[]," as Samsung suggests. As Samsung's other cited case law explains, "[a]pportionment is not a new rule" and "dates at least to *Garretson v. Clark*, 111 U.S. 120, 121, 4 S. Ct. 291, 28 L. Ed. 371 (1884)," which Samsung itself cites. *Commonwealth Sci. & Indus. Research Organisation v. Cisco Sys., Inc.*, 809 F.3d 1295, 1301 (Fed. Cir. 2015). Samsung did not previously request such an instruction in this case. Samsung therefore has no right now to request this additional apportionment instruction, especially where the Court's prior instructions already inform the jury of apportionment principles.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SAMSUNG'S PROPOSED JURY INSTRUCTION NO. 25**
**UTILITY PATENT DAMAGES—REASONABLE ROYALTY—MULTIPLE PATENTS**

Certain of Samsung's products were found to infringe more than one patent.  For sales of such products, you may award separate royalties to Apple for each patent that was infringed. You may consider the number of patent licenses that are needed for the allegedly infringing product and the effect on the hypothetical  negotiation of having to pay a royalty for each of those licenses.

**Source:**  N.D. Cal. Model Patent Jury Instruction 5.8

**<u>Apple's Objections</u>**

Samsung's Proposed Final Jury Instruction No. 25 is unnecessary and is beyond the scope of the utility patent jury instructions already established in this case.  This Court previously issued instructions for calculating a reasonable royalty for utility patent infringement in 2012 (Dkt. 1903) and in 2013 (Dkt. 2784).  Those instructions did not include a separate instruction on "Multiple Patents."  *Id.*  Furthermore, when the parties previously filed joint proposed final jury instructions in 2013, Samsung did not seek to include a separate "Multiple Patent" instruction.  *See* Dkt. 2513. Samsung did not challenge the failure to give such an instruction on appeal.  *See Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015).  Samsung has therefore waived any right to request a separate "Multiple Patent" instruction and the Court's prior utility patent instructions are now law of the case.  *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2017 WL 3232424, at *15 (N.D. Cal. July 28, 2017) ("[A]n issue or factual argument waived at the trial level before a particular order is appealed, or subsequently waived on appeal, cannot be revived on remand." (citation omitted)); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2017 WL 4776443, at *15 (N.D. Cal. Oct. 22, 2017) (jury instruction became "the law of the case" because "Samsung did not appeal it"); *see also United States v. Toliver*, 672 F. App'x 689, 690 (9th Cir. 2016) (law of the case doctrine bars challenge to jury instructions previously upheld on appeal), *cert. denied*, 138 S. Ct. 115 (2017)*; United States v. Whittenburg*, 243 F.3d 552 (9th Cir. 2000)

United States District Court

For the Northern District of California

1   (challenges to "the trial court's jury instructions were considered on appeal" and subsequent

2   challenges were therefore "barred . . . under the law of the case doctrine"); *Gulliford v. Thrash*, 8 F.

3   App'x 766, 768 (9th Cir. 2001) (abuse of discretion for district court judge to amend jury

4   instructions in second trial absent applicable exception to law of the case doctrine) (unpublished);

5   *Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1347 (Fed. Cir. 2001) ("[B]y failing to appeal" an issue, the

6   party "waived this issue and was barred from raising it on remand"); *United States v. Carr*, 557

7   F.3d 93, 102 (2d Cir. 2009) (applying law of the case doctrine to foreclose renewals of challenges

8   to jury instructions that had been adjudicated during a prior appeal); *Geldermann, Inc. v. Fin.*

9   *Mgmt. Consultants, Inc.*, 27 F.3d 307, 312 (7th Cir. 1994) ("[W]hen parties do not object to jury

10  instructions, these instructions generally become 'law of the case.'").  Even after the case was

11  remanded to this Court from the Federal Circuit, Samsung again did not request a "Multiple

12  Patent" instruction for the planned 2016 trial (Dkt. 3408) and the Court again indicated in its

13  Tentative Final Jury Instructions that it would not give such an instruction.  *See* Dkt. 3442.  This

14  reinforces that Samsung has waived the right to propose new utility patent jury instructions now.

15  The Court should therefore refuse to give to Samsung's Proposed Final Jury Instruction No. 25.

16          Samsung's proposed instruction is also confusing.  Apple's Proposed Final Jury Instruction

17  No. 30—like instructions that the Court previously gave and Samsung did not challenge on appeal,

18  Dkt. 2784 at 42—instructs the jury how to address instances where a single Samsung product

19  infringes multiple Apple patents.

20

21

22

23

24

25

26

27

28

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 23**
**UTILITY PATENT DAMAGES—DATE OF COMMENCEMENT**

Damages that Apple may be awarded by you commence on the date that Samsung has both infringed and been notified of the patent or patents that Samsung infringed.  You may not award Apple damages for infringing a patent before Samsung had notice of Apple's claim of infringement of that patent.  I have determined that Samsung received notice of Apple's claim of infringement for the '381 patent on August 4, 2010 and for the '163 patent on June 16, 2011.

**Source:**  Final Jury Instruction No. 28 (Dkt. No. 2783 at 39); Tentative Jury Instruction No. 28 (Dkt. No. 3442 at 42); Order Re: Damages (Dkt. No. 2271 at 18); Adapted from N.D. Cal. Model Patent Jury Instruction B.5.8

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**JOINT PROPOSED DESIGN PATENT JURY INSTRUCTIONS**

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**United States District Court**
For the Northern District of California

### APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. 24
### DESIGN PATENTS—INTERPRETATION OF PATENT CLAIMS

Design patents protect the ornamental appearance, including shape or configuration, of an article of manufacture. Design patents do not protect the functional aspects of how the article claimed in the patent works.

Unlike utility patents, a design patent can only have one claim. That claim covers all the figures in the patent. It is permissible to illustrate more than one embodiment of a design in a single design patent application. Each design patent contains multiple drawings to illustrate the claimed design. The scope of the claim encompasses the design's visual appearance as a whole. It does not cover a general design concept, and is not limited to isolated features of the drawings. All matter depicted in solid lines contributes to the overall appearance of the design.

It is my job as a judge to interpret for you what is claimed by the patents. You must accept my interpretations as correct. When considering the design patents, you should view certain features in the drawings in this way:

- **D618,677 Patent**

The D'677 Patent claims the ornamental design of an electronic device as shown in Figures 1-8. The broken lines in the D'677 Patent constitute unclaimed subject matter. The use of solid black surface shading on the D'677 Patent represents the color black. The use of oblique line shading on the D'677 Patent is used to show a transparent, translucent, or highly polished or reflective surface.

- **D593,087 Patent**

The D'087 Patent claims the ornamental design of an electronic device as shown in Figures 1-48. The broken lines in the D'087 Patent constitute unclaimed subject matter. Thus, the D'087 Patent claims the front face, a bezel encircling the front face of the patented design that extends from the front of the phone to its sides, and a flat contour of the front face, but does not claim the rest of the article of manufacture.

- **D604,305 Patent**

The D'305 Patent claims the ornamental design for a graphical user interface for a display screen or portion thereof, as shown in Figures 1-2.  The broken line showing of a display screen in both views forms no part of the claimed design.

**Source:**  Final Jury Instruction No. 29 (Dkt. No. 2784 at 41); Final Jury Instruction No. 43 (Dkt. No. 1903 at 59-60); Tentative Jury Instruction No. 29 (Dkt. No. 3442 at 44); Order Re: Daubert Motions (Dkt. No. 3645 at 27); Order Regarding Design Patent Claim Construction (Dkt. No. 1425 at 8-9, 13-14); Order Amending Design Patent Claim Construction (Dkt. No. 1447); Adapted from N.D. Cal. Model Patent Jury Instruction B.2.1; The Intellectual Property Owners Ass'n Model Design Patent Jury Instruction 5, 7.2

**Apple's Position**

The Court should provide the jury with the governing claim constructions in this case. These claim constructions were not changed in any way on appeal, and they are the law of the case. *See* Dkt. 3645 at 27 ("Given the history of this issue on appeal, the Court finds it inappropriate to amend its claim constructions at this late stage in the litigation.").  The Supreme Court did not change the definition of the term "article of manufacture."  It simply held that the article of manufacture is not necessarily the product as sold, but may be either the product sold to a consumer or a component of that product.  *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434-435 (2016) ("The term 'article of manufacture,' as used in § 289, encompasses both a product sold to a consumer and a component of that product.").  The Court's claim constructions also do not preclude Samsung from arguing that the article of manufacture is a component of the products as sold.  Prosecution history estoppel does not apply to the D'305 patent for the reasons stated in Apple's objections to Samsung's Proposed Final Jury Instruction No. 39, including that Samsung has waived any such argument.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**Samsung's Position**

Samsung objects to the claim constructions in this proposed instruction, which are misleading and inaccurate.  The Court should instead give Samsung's Proposed Instruction No. 27, and should also give instructions regarding the scope of Apple's asserted design patents in the context of Factor 1 of the article of manufacture test, as set forth in Samsung's Proposed Final Jury Instruction Nos. 35-39:

1.       Samsung objects to Apple's proposal to re-use the Court's prior claim constructions, in particular their references to an "electronic device" and an "article of manufacture," because, in light of the Supreme Court's decision in this case, it would be "misleading to the jury and highly prejudicial to Samsung" to suggest in any way that the relevant articles of manufacture have already been identified.  Dkt. 3645, at 27.  The instruction Apple proposes wrongly and prejudicially suggests that an entire "electronic device" is the "article of manufacture."  But as the Court ruled in granting in part Samsung's *Daubert* motion, this Court has not "somehow determined the relevant articles of manufacture in its claim constructions."  Dkt. 3645, at 27-28.  To the contrary, "identifying the relevant article of manufacture is a question for the jury."  Dkt. 3645, at 27.

Contrary to Apple's assertions, the law-of-the-case doctrine does not apply "when governing law is changed by a later authoritative decision."  *Dow Chem. Co. v. Nova Chemicals Corp. (Canada)*, 803 F.3d 620, 627-28 (Fed. Cir. 2015); *see also, e.g.*, *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1034 (9th Cir. 2015).  The Court's prior claim constructions were issued before the Supreme Court's decision in this case, *Samsung*, 137 S. Ct. at 434-36, which changed the governing law—both establishing that the prior instructions were erroneous (Dkt. 3645, at 30) and rendering the law-of-the-case doctrine inapplicable (*see* Dkt. 3645, at 27 (prior instructions issued "before the U.S. Supreme Court clarified the meaning of the phrase 'article of manufacture'").  The Court has recognized that the prior constructions may misleadingly and prejudicially suggest that the relevant "articles of manufacture" have been determined to be

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

1    Samsung's "electronic devices."  Dkt. 3645, at 27-28.  The Court can and should avoid that risk by

2    describing the patents to the jury in a way that omits mention of any "electronic device" or "article

3    of manufacture" so that the jury can neutrally evaluate the evidence.

4          **2.**        Samsung objects that Apple's proposed instruction fails to give the jury appropriate

5    guidance regarding the scope of the patented designs, which is now (unlike at prior trials) a critical

6    factor for determining the amount of profit that may be awarded under Section 289.  In particular,

7    the instruction improperly omits that "the scope of the design patent must be a central

8    consideration for the factfinder when determining the relevant article of manufacture for the

9    purpose of § 289," Dkt. 3530, at 17, and fails to adequately and correctly define the scope of the

10   claimed designs, which is a legal issue for the Court alone to resolve, *cf. Markman v. Westview*

11   *Instruments, Inc.*, 517 U.S. 370, 372 (1996) (scope of patent rights is a matter of law "exclusively

12   within the province of the court"); *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed.

13   Cir. 2008) (en banc) ("[T]rial courts have a duty to conduct claim construction in design patent

14   cases, as in utility patent cases").  Samsung's proposed instruction is accurate and avoids these

15   defects.  *See* Samsung Proposed Final Jury Instruction No. 35.

16        Apple's suggestion that Samsung forfeited its interpretations of the design-patent claims is

17   wrong.  Samsung *successfully* challenged the prior interpretation of "article of manufacture" in the

18   Supreme Court.  The prior claim constructions based on that reversed interpretation are therefore

19   no longer valid.  Samsung's proffered interpretations, on the other hand, closely track the Court's

20   prior claim constructions while removing prejudicial and erroneous language.  And Samsung's

21   alternative proposed instruction consists of direct quotations from the Supreme Court's opinion.

22   *Samsung*, 137 S.Ct. at 433.  Nor do the descriptions "conflate" the designs with the relevant articles

23   of manufacture; they merely describe the scope of the relevant designs.  Samsung Proposed

24   Instruction No. 35 should be given.

25        **3.**        Samsung objects that Apple's proposed instruction fails to instruct that the patents'

26   written text and broken lines do not affect the scope of the claimed designs themselves and do not

27   determine the identity of the articles of manufacture to which a design has been "applied," and that

28

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

1   references in the D'677 and D'087 patents to an "electronic device" do not determine either the

2   patents' scope or the identity of the relevant articles of manufacture, which "is a question for the

3   jury" (Dkt. 3645, at 28; *see* Dkt. 3643, at 83:19-25).  Apple's proposal to permit reliance on a

4   patent's written text and broken lines would improperly allow an award of § 289 design-patent

5   damages based on material that is not claimed by the patent.  Material shown in broken lines is not

6   within the scope of the claimed design, and the article of manufacture to which a patented design is

7   applied must be determined by considering the relevant factors, not by simply looking at a patent's

8   title, written description or unclaimed subject matter.  U.S. Br. 28 (patent's title is not

9   determinative of the article of manufacture to which a design may later be applied).  Samsung's

10  Proposed Instruction Nos. 36-37 correctly sets forth the law on these issues and should be given.

11      **4.**      Samsung objects to the omission of an instruction with respect to the D'305 patent

12  on prosecution history estoppel, as set forth in Samsung's Proposed Final Jury Instruction No. 38.

13  In the course of prosecuting the D'305 patent, Apple initially sought to patent designs for more

14  than 190 different screen images.  *See* JX 1063, at 3-77; JX 1042.  After the examiner objected,

15  Apple amended its application to claim only the single icon-array image as to which the patent

16  ultimately issued.  *See* JX 1063, at 117-28; JX 1042.  In such circumstances, "[w]here subject

17  matter is surrendered during prosecution, prosecution history estoppel prevents the patentee from

18  recapturing in an infringement action the very subject matter surrendered as a condition of

19  receiving the patent."  *Pac. Coast Marine Windshields Ltd. v. Malibu Boats, LLC*, 739 F.3d 694,

20  701 (Fed. Cir. 2014) (citation, internal quotation marks, and brackets omitted).  This doctrine is

21  fully applicable in a suit for infringement of a design patent, *id.* at 702, and the estoppel rule

22  applies here by ensuring that a patentee does not obtain the benefits of a broad claim scope even

23  after surrendering part of that scope to obtain the patent.  *See id.*  The narrow scope of Apple's

24  design patents is directly relevant to the new article of manufacture test, and accordingly is an

25  appropriate subject for instruction now.

26

27

28

59

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

### SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 27
### DESIGN PATENTS—INTERPRETATION OF PATENT CLAIMS

Design patents protect the ornamental appearance, including shape or configuration, of an article of manufacture.  Design patents do not protect the functional aspects of how the article claimed in the patent works.

Unlike utility patents, a design patent can only have one claim.  That claim covers all the figures in the patent.  It is permissible to illustrate more than one embodiment of a design in a single design patent application.  Each design patent contains multiple drawings to illustrate the claimed design.  The scope of the claim encompasses the design's visual appearance as a whole.  It does not cover a general design concept, and is not limited to isolated features of the drawings.  All matter depicted in solid lines contributes to the overall appearance of the design.

**Source:**  Final Jury Instruction No. 29 (Dkt. 2784 at 37)

### Apple's Objections

Apple objects to Samsung's Proposed Final Jury Instruction No. 27 because it is misleading and prejudicial to Apple.  The Court's prior final jury instructions on interpreting design patent claims provide the relevant information to the jury, while also providing the Court's construction of the design patent claims at issue.  *See* Dkt. 1903 at 59-60; Dkt. 2784 at 41; Dkt. 3442 at 44. Samsung's proposed instruction seeks to circumvent the Court's claim construction, which has been affirmed on appeal.  *See Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 999 (Fed. Cir. 2015) ("Samsung has not persuasively shown how the district court's claim constructions were legally erroneous[.]").  Samsung's proposed instruction is also in accurate and prejudicial to Apple because it suggests that a design patent claims an article.

Further, Samsung's attempt to evade the Court's claim construction is barred by the Groundhog Day rule and the law of the case.  The Supreme Court's decision addressed only damages for design-patent infringement under 35 U.S.C. § 289.  It did not alter the scope of the design patents or decide any issue regarding how design patents should be interpreted.  Samsung

60

even sought certiorari from the Supreme Court on the issue of construction, but it was not granted. *See* 136 S. Ct. 1453 (granting certiorari only as to "Question 2 presented by the petition" on § 289). To the extent the Court's prior instructions on design patents were not affected by the Supreme Court's decision interpreting § 289, they remain the law of the case and should not be amended.

The Court should issue Apple's Proposed Final Jury Instruction No. 24, which both describes what a design patent is generally and provides the jury with the Court's construction of the design patent claims.  Apple's Proposed Jury Instruction No. 24 is identical to the Court's previously issued Final Jury Instruction No. 29 from the 2013 trial, except that it adds the Court's construction of the D'087 patent, which was not at issue in that case.  *See* Dkt. 2784 at 41; *see also* Dkt. 1903 at 59-60 (2012 Trial); Dkt. 3442 at 44 (Tentative Final Jury Instructions for 2016 Trial).

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. 25
## DESIGN PATENT DAMAGES—BURDEN OF PROOF

I will instruct you about the measure of damages for infringement of Apple's design patents.

You must determine the amount of damages to award to Apple for Samsung's infringement. The amount of those damages must be adequate to compensate Apple for the infringement.  You should keep in mind that the damages you award are meant to compensate Apple and not to punish Samsung.

In relation to design patents, Apple can elect to prove either actual damages, known as compensatory damages, or it may elect to prove Samsung's profits as its measure of potential recovery with respect to the sale of each unit of an infringing product.  As compensatory damages, Apple may prove a reasonable royalty for the design patent.  Apple is not entitled to recover both compensatory damages and Samsung's profits on the same sale.

Apple has the burden to prove that Apple's calculation of damages is correct by a preponderance of the evidence.  While Apple is not required to prove its damages with mathematical precision, it must prove them with reasonable certainty.  Apple is not entitled to damages that are remote or speculative.

**Source:**  Final Jury Instruction No. 30 (Dkt. No. 2784 at 32); Tentative Jury Instruction No. 29 (Dkt. No. 3442 at 44); Adapted from N.D. Cal. Model Patent Jury Instruction B.5.1

**Samsung's Position**

Samsung objects to this instruction on several grounds and submits that the Court should instead give Samsung's Proposed Final Jury Instruction Nos. 28, 32-34, and 45-50.

**1.**     Samsung objects to this instruction because it fails to advise the jury that any damages award should not overcompensate Apple for the infringement.  With respect to an award of profits under § 289, in making the "article of manufacture" determination the jury "may

legitimately consider which characterization would appropriately compensate (rather than over-compensate) the patentee for the contribution of the patented design to the value of the infringer's finished product," so as to "ensure that 'neither party will have what justly belongs to the other.'" U.S. Br. 27 (citing and quoting *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 402-08 (1940)); *see* Samsung's Proposed Final Jury Instruction No. 34.  And any alternative award under § 284 "must reflect the value attributable to the infringing features of the product, and no more." *Ericsson*, 773 F.3d at 1226 (citing 35 U.S.C. § 284); *see* Samsung's Proposed Final Jury Instruction No. 46-47.

**2.**     Samsung also objects to this instruction because it fails to explain to the jury that Apple is not seeking to recover lost profits as a remedy for design-patent infringement and may award the minimum recovery of $250 per design.  *See* 35 U.S.C. §§ 284, 289; Samsung's Proposed Final Jury Instruction Nos. 28, 50.  Because Apple bears the ultimate burden of persuasion at each step of the § 289 inquiry (Dkt. 3530, at 24), as well as with respect to the amount of any royalty (*e.g.*, Apple Proposed Final Jury Instruction No. 21), a jury could conclude that Apple has not proven entitlement either to a nonzero amount of profit or to a nonzero royalty.  Should it do so, Apple would be entitled to damages in the amount of $250 per design patent.  That is not an "absurdly small number," but is the longstanding statutory floor on design-patent damages.

**3.**     Samsung objects to the proposed instruction because it fails to distinctly address Apple's burdens of proof in (1) identifying the relevant articles of manufacture, (2) calculating profits from the relevant articles once they have been determined, and (3) determining a reasonable royalty.  These are independent issues, and the instructions should guide the jury as to each.  *See* Samsung's Proposed Final Jury Instruction Nos. 32-33, 45, 49.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

### SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 28
### DESIGN PATENTS—AWARD OF PROFIT

Apple is not seeking or entitled to recover damages for any loss of profits or loss of market share resulting from sales of Samsung's smartphones.  Instead, Apple seeks an award of Samsung's profit from the relevant articles of manufacture.

In seeking an award of Samsung's profit, Apple may recover the profit made by Samsung from the infringement, which is measured by the amount of profit that Samsung made from the "article of manufacture" to which a patented design was "applied."

Determining the amount of an award of Samsung's profit involves two separate steps.

First, for each Apple design patent, you must identify the "article of manufacture" to which Samsung "applied" the design claimed by the patent.

Second, you must determine the amount of profit, if any, that Samsung made on each such "article of manufacture."

A previous jury in this case found that certain of Samsung's smartphones infringed certain of Apple's design patents, but did not determine the articles of manufacture to which Samsung "applied" the patented designs.  You must decide that question based on the instructions I am giving you.

**Source:**  35 U.S.C. § 289; *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434 (2016); Dkt. 3530, at 11; Dkt. 3645, at 28; Dkt. 3643, at 83:19-25.

**<u>Apple's Objections</u>**

Apple objects to the title of Samsung's Proposed Final Jury Instruction No. 28 (and all its other design patent damages instructions) because it omits the word "Damages" from the title. Notably, Samsung's proposed utility patent damages instructions each contain the word damages. *See* Samsung's Proposed Final Jury Instructions Nos. 22-26.  Furthermore, the Court used the term "Damages" in the titles of its design patent instructions for the 2013 damages trial and intended to

United States District Court
For the Northern District of California

1   use such titles for the 2016 stayed trial.  *See* Dkt. 2784 at 38-41; Dkt. 3442 at 40-43.  Apple repeats

2   this objection through Samsung's Proposed Final Jury Instruction No. 52.

3          Apple objects to Samsung's Proposed Final Jury Instruction No. 28 because it misstates the

4   law, and is confusing, misleading, and prejudicial to Apple.  For example:  (1) Samsung's proposed

5   instruction fails to advise the jury that the law (§ 289) awards damages when an infringer either

6   applies the patented design to any article of manufacture for the purpose of sale, or sells or exposes

7   for sale any article of manufacture to which such design or colorable imitation has been applied.

8   35 U.S.C. § 289.  This language from § 289 provides the jury with important context, and there is

9   no legitimate basis for omitting it from the instructions.  (2) Samsung's proposed instruction says

10  that Apple is seeking the "profit" made by Samsung, but Apple seeks Samsung's "total profit" on

11  the "article of manufacture" to which Samsung applied Apple's patented designs.  Omitting the

12  word "total" is a misleading and inaccurate statement of the law and is prejudicial to Apple.  (3)

13  Apple objects to the language referring to determining "the amount of profit," which misleadingly

14  suggests that the jury may award only a portion of Samsung's profit rather than its "total profit"

15  from the article of manufacture.  *See* Dkt. 1157 at 9 (no apportionment of profits permitted under

16  § 289).  (4) Apple objects to including the words "if any" in the description of the second step

17  under § 289.  The Supreme Court did not include those words in its recitation of the second step,

18  *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434 (2016) ("calculate the infringer's total profit

19  made on that article of manufacture"), and they are misleading, confusing, and inapplicable here.

20  Samsung's own expert has calculated profits that Samsung made from the articles of manufacture

21  to which Samsung applied Apple's patented designs, whether those articles are considered the

22  entire phones (as Apple contends) or only certain components of the phones (as Samsung

23  contends).  (5) Apple objects to the use of the term "the design claimed by the patent" as materially

24  different from the language used by the Supreme Court, *Samsung Elecs.*, 137 S. Ct. at 434 ("the

25  infringed design").

26          Apple objects to Samsung's proposal to inform the jury that Apple is not seeking lost

27  profits or lost market share damages in this case is confusing, unnecessary, and prejudicial because

28

65

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1    lost profits are not at issue in this trial (and there is no reason for the Court to describe for the jury

2    other remedies that are not at issue and of which the jury is unlikely to be aware in the first place)

3          Apple also objects to Samsung's Proposed Final Jury Instruction No. 28 because it is

4    argumentative in tone ("but [the previous jury] did not determine …"), rather than a neutral

5    statement of the law.

6          The Court should instead issue Apple's Proposed Final Jury Instruction No. 26.  Apple

7    proposes that the jury be instructed that it is to determine the article of manufacture to which

8    Samsung applied Apple's patented designs in the context of the instruction explaining how to make

9    that determination, as in Apple's Proposed Final Jury Instruction No. 26.  Apple's proposed

10   instruction correctly reflects the four-factor article of manufacture test adopted by this Court.  *See*

11   Dkt. 3530 at 35; Dkt. 3627 at 1-2.  As the Court observed in its order denying Samsung's motion

12   for partial summary judgment, both parties have already consented to the use of this test before the

13   Supreme Court.  *See* Dkt. 3627 at 1-2.  Apple's proposed instruction also appropriately conveys to

14   the jury the content of 35 U.S.C. § 289, as well as the Supreme Court's definition of an article of

15   manufacture and its two steps for calculating total profit on such an article.  *See Samsung*

16   *Electronics Co. v. Apple, Inc.*, 137 S. Ct. 429 (2016).

17         Apple's proposed instruction is also less likely to confuse the jury.  Whereas Samsung

18   proposes to divide and spread the instructions on this single step of the Supreme Court's test over

19   *twenty-one* proposed instructions, including *six* alternative instructions, Apple's single proposed

20   instruction efficiently conveys the entirety of the Supreme Court's first step.  Apple's approach

21   also more closely resembles the instruction given in the only other case to issue instructions on 35

22   U.S.C. § 289 after the Supreme Court's 2016 decision.  *See Columbia Sportswear North America,*

23   *Inc. v. Seirus Innovative Accessories, Inc.*, Case No. 3:17-cv-01781-HZ, Final Jury Instructions

24   (S.D. Cal.) (Dkt. 378 at 15-16).

25

26

27

28

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

## APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. 26
## DESIGN PATENT DAMAGES—DEFENDANT'S TOTAL PROFITS—ARTICLE OF
## MANUFACTURE

Apple seeks Samsung's total profits for Samsung's infringement of the D'677, D'087, and D'305 patents. For design patents, the law provides that an infringer who (1) applies the patented design to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design has been applied shall be liable to the patent owner to the extent of the infringer's total profit.

Determining Samsung's "total profit" for its infringement of Apple's design patents involves two steps. First, you should identify the "article of manufacture" to which Samsung applied Apple's patented designs. Second, you should calculate Samsung's total profit made on the article of manufacture. It is your job as the jury to determine the "article of manufacture" to which Samsung applied Apple's patented designs, and Samsung's "total profit" made from that article of manufacture.

An "article of manufacture" is a thing made by hand or machine, and it may be either a product as a whole or a component of that product. To identify the article of manufacture to which Samsung applied Apple's patented designs, you should consider the following four factors:

1.    The scope of the design claimed in Apple's patent, including the drawings and written description;

2.    The relative prominence of the design within the product as a whole;

3.    Whether the design is conceptually distinct from the product as a whole; and

4.    The physical relationship between the patented design and the rest of the product, including whether the design pertains to a component that a user or seller can physically separate from the product as a whole, and whether the design is embodied in a component that is manufactured separately from the rest of the product, or if the component can be sold separately.

You should consider all four factors, and no single factor is dispositive in determining the article of manufacture. In weighing these factors, your objective should be to identify the article of

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

manufacture that most fairly can be said to embody Samsung's appropriation of Apple's patented designs.

In this case, Apple contends that the articles of manufacture to which Samsung applied Apple's patented designs are the whole phones. Samsung contends that the articles of manufacture are a component or collection of components of each phone.

Apple bears the initial burden of identifying the article of manufacture for which it seeks Samsung's profits. Apple may meet that initial burden by showing that Samsung applied the patented design to a phone that was sold. If Apple meets its initial burden, the burden then shifts to Samsung to prove that the article of manufacture is the component or collection of components that it asserts, rather than the whole phone.

**Source:** 35 U.S.C. § 289; *Samsung Electronics Co. v. Apple, Inc.*, 137 S. Ct. 429 (2016); October 22, 2017 Order Requiring New Trial on Design Patent Damages (Dkt. 3530 at 35); March 27, 2018 Order Denying Motion for Partial Summary Judgment (Dkt. 3592 at 1-2); *Columbia Sportswear North America, Inc. v. Seirus Innovative Accessories, Inc.*, Case No. 3:17-cv-01781-HZ, Final Jury Instructions (S.D. Cal.) (Dkt. 378 at 15-16); *Id.*, March 18, 2018 Opinion & Order (Dkt. 455 at 1-2); Dkt. 3522 at 9-14 (Apple's Opening Brief In Response To The Court's July 28, 2017 Order); Dkt. 3523 at 9-12 (Apple's Response to Samsung's Opening Brief In Response To The Court's July 28, 2017 Order); *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 626 (1993) ("It is indeed entirely sensible to burden the party more likely to have information relevant to the facts about [a disputed issue]. Such was the rule at common law."); *Campbell v. United States*, 365 U.S. 85, 96 (1961) ("[T]he ordinary rule, based on considerations of fairness, does not place the burden upon a litigant of establishing facts peculiarly within the knowledge of his adversary."); *Selma, R. & D.R. Co. v. United States*, 139 U.S. 560, 568 (1891) ("[T]he burden of proof lies on the person who wishes to support his case by a particular fact which lies more peculiarly within his knowledge, or of which he is supposed to be cognizant."); *Lindahl v. Office of Pers. Mgmt.*, 776 F.2d 276, 280 (Fed. Cir. 1985) ("The party with

68

the best knowledge normally sustains the burden."); *Michery v. Ford Motor Co.*, 650 F. App'x 338, 341 (9th Cir. 2016) (manufacturer assigned burden of proof "because the considerations which influenced the design of [a] product are peculiarly within [their] knowledge"); Erving Paper Mills v. Hudson-Sharp Mach. Co., 332 F.2d 674, 678 (7th Cir. 1964) (manufacturer has burden because it "ha[s] peculiar knowledge, unavailable to [the plaintiff]" about the product); Barker v. Lull Eng'g Co., 573 P.2d 443, 455 (Cal. 1978) (where "most of the evidentiary matters which may be relevant to the determination of the adequacy of a product's design … and [the dispute] involve[s] technical matters peculiarly within the knowledge of the manufacturer," then "the burden should appropriately shift to the defendant to prove" non-defectiveness after the plaintiff has made a prima facie showing of causation); *In re Beckwith*, 203 F. 45, 48-49 (7th Cir. 1913) ("[A]scertainment of the profits attributable to the infringement requires such discovery, not alone of the gross sales, but of all items of cost entering into the production and sale, which are presumptively within the knowledge or means of information possessed by the infringing manufacturer."); *SEC v. Bilzerian*, 29 F.3d 689, 697 (D.C. Cir. 1994) (defendant "bears the burden of establishing" facts that reduce the sum of disgorgement to which plaintiff is entitled); *SEC v. Halek*, 537 F. App'x 576, 581 (5th Cir. 2013) (plaintiff "carries the initial burden to prove that the amount of disgorgement is a reasonable approximation of profits connected to the violation … the burden then shifts to defendant to prove that the amount is unreasonable"); *SEC v. Hughes*, 124 F.3d 449, 455 (3d Cir. 1997) ("[i]mposing the burden upon the defendant of proving the propriety [of the disgorgement amount] is appropriate and reasonable" because the wrongdoer is in a superior position to identify relevant facts about its ill-gotten gains); *In re AI Realty Mktg. of N.Y., Inc.*, 293 B.R. 586, 618 (Bankr. S.D.N.Y. 2003) ("Once a patent owner establishes the amount of infringing sales, the burden shifts to the infringer to demonstrate the nature and amount of the costs that should be considered in calculating its 'total profits,' as well as their relationship to the infringing product."), aff'd in relevant part sub nom. *Sunbeam Prod., Inc. v. Wing Shing Prod. (BVI) Ltd.*, 311 B.R. 378 (S.D.N.Y. 2004); *Bergstrom v. Sears, Roebuck & Co.*, 496 F. Supp. 476, 497 (D. Minn. 1980) (observing that the purpose of § 289 is to prevent unjust enrichment and thus "[t]he burden of

69

establishing the nature and amount of [deductions from the sum of disgorgement] is on the defendants"); *accord* Wright & Miller, 21B Fed. Prac. & Proc. Evid. § 5122 (2d ed. 2005) (In allocating burdens of proof, "courts look to see whether one party has superior access to the evidence needed to prove the fact. If so, then that party must bear the burdens of proof."); 2 McCormick on Evid. § 337 (7th ed. 2013) ("[W]here the facts with regard to an issue lie peculiarly in the knowledge of a party, that party has the burden of proving the issue.").

### Samsung's Position

Samsung objects to this instruction for several reasons, and submits that the Court should instead give Samsung's Proposed Final Jury Instruction Nos. 29-43.

**1.** Samsung objects to the proposed instruction's erroneous adoption of the four-factor test proposed by the Solicitor General and adopted in part by the Court, as opposed to the two-factor test set forth in Samsung's Proposed Final Jury Instruction No. 34[a].  For all the reasons explained in Samsung's summary-judgment briefing and elsewhere (Dkt. 3592-2, at 2-4; Dkt. 3615, at 3), factors 2 and 3 of the Solicitor General's test have no statutory basis and are prejudicially misleading and confusing to the jury.  *See, e.g.*, *U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1129 (9th Cir. 2015) (declining "to read a nonexistent, extra-textual third requirement into" federal statute); *Timex V.I., Inc. v. United States*, 157 F.3d 879, 883 (Fed. Cir. 1998) (similar).  Samsung has never consented to a four-factor test, *see, e.g.*, Dkt. 3615, at 1-2, and continues to object to it.

**2.** Samsung objects to this instruction's recitation that "the law provides that an infringer who (1) applies the patented design to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design has been applied shall be liable to the patent owner to the extent of the infringer's total profit."  This statutory language is irrelevant and would only confuse and mislead the jury.  The instructions "should tell jurors what their practical tasks are under the law, rather than providing raw legal texts for jurors to digest."  *Achor v. Riverside Golf Club*, 117 F.3d 339, 340 (7th Cir. 1997) .

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

3.      Samsung objects to this instruction's failure to adequately explain the meaning of the statutory term "article of manufacture," as Samsung does in its Proposed Instruction No. 29. "To repeat statutory language is not sufficient unless its meaning and application to the facts are clear without explanation," *Structural Rubber Prod. Co. v. Park Rubber Co.*, 749 F.2d 707, 723 (Fed. Cir. 1984) (quoting Wright & Miller, Federal Practice and Procedure § 2556 (1971)), and "[i]f the court must use technical words that are not generally well understood, it should define them," Wright & Miller, Federal Practice & Procedure § 2556 (3d ed.).  Samsung's Proposed Final Jury Instruction No. 29 offers the jury helpful examples (a dinner plate and a kitchen oven) that the Supreme Court itself used to explain the article of manufacture concept.  That instruction does not invite the jury to reconsider issues of validity or infringement, but merely uses those phrases to place the unfamiliar phrase "article of manufacture" in context.

4.      Samsung objects to this instruction's omission of a definition of the statutory word "applied."  It is not enough merely "[t]o repeat statutory language," *Structural Rubber*, 749 F.2d at 723, and the Court should accordingly give Samsung's Proposed Final Jury Instruction No. 30. Contrary to Apple's suggestion, the term "applied" does have a particular meaning in § 289:  As the Supreme Court explained, a patented design is "applied" to the article to which it "gives a peculiar or distinctive appearance."  *Samsung*, 137 S. Ct. at 432 (quoting *Gorham Mfg. Co. v. White*, 81 U.S. 511, 525 (1871)).  Samsung objects to this instruction's failure to instruct that a patented design is not applied to an article of manufacture on which the ornamental design does not appear.  That is a correct statement of law, and Apple offers no authority to the contrary.

5.      Samsung objects to Apple's truncated summary of the parties' contentions regarding the first step of the § 289 inquiry.  Samsung is "entitled to an instruction about [its] theory of the case," which "is supported by law and has foundation in the evidence."  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  The Court should therefore instruct the jury about Samsung's contentions regarding the identities of the articles of manufacture to which Apple's patented designs were "applied"; should instruct the jury that each of the components identified by Samsung is an "article of manufacture" (an issue that Apple has not disputed); and should explain that the

71

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

1  disputed issue at step one of the Supreme Court's analysis (*see Samsung*, 137 S. Ct. at 434) is

2  limited to whether Samsung "applied" Apple's designs to those components, or to Samsung's

3  entire phones. *See* Samsung's Proposed Final Jury Instruction No. 31.

4  Apple is wrong in asserting that Samsung did not "timely assert[] or disclose[]" its

5  identification of a "display screen" as the relevant article of manufacture for the D'305 patent.

6  Samsung's interrogatory response expressly states in the alternative its position that "the relevant

7  article of manufacture is at most the display screen," Dkt. 3648-10, at 45, and Mr. Lucente

8  disclosed the same opinion in his report, Dkt. 3592-25 ¶¶ 149, 303, 320.

9  **6.**     Samsung objects to the proposed instruction's failure to instruct, in addition to

10  listing the four factors themselves, (i) that the jury's overarching objective should be to identify the

11  article of manufacture that most fairly may be said to reflect Samsung's appropriation of Apple's

12  patented design, (ii) that it should consider which party's characterization would appropriately

13  compensate (rather than over-compensate) Apple for the contribution of the patented design to the

14  value of Samsung's smartphones, and (iii) that it should seek to ensure that neither party will have

15  what justly belongs to the other. *See* Samsung's Proposed Final Jury Instruction No. 34.  This

16  proposed language provides guidance to the jury as to its purpose and objective in weighing the

17  four factors adopted by the Court, and is supported by the very submission from which the Court

18  drew those factors (and the authorities cited therein).  U.S. Br. 26-27 (*citing, e.g.*, *Sheldon v.*

19  *Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 402-08 (1940)).  Apple objects that this language

20  suggests that Apple's "requested damages represent over-compensation," but that is not so.  The

21  proposed instruction indicates only that the jury may consider what level of compensation is

22  appropriate; Apple may seek to persuade the jury that an award of all of Samsung's profits

23  represents appropriate compensation..

24  **7.**     Without waiving its objection to the four-factor test, Samsung also objects to this

25  instruction's failure to explain the meaning of each of the four factors, which is necessary in order

26  to "help[] the factfinder think through whether the design has been applied to the product as a

27  whole or merely a part of the product" (Dkt. 3530, at 21).  Apple's suggestion that the jury should

28

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

not be given "any additional explanation that goes beyond what was contained in the [new trial] order" is irrational and unsupported by authority or argument.  The Court is *required* to "adequately explain the law" to the jury, and it would be error not to do so.  *E.g.*, *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1987).

Apple relies on *Columbia Sportswear North America, Inc. v. Seirus Innovative Accessories, Inc.*, No. 17-cv-01781 (S.D. Cal.), but that case shows that Apple's position is wrong.  The court in *Columbia Sportswear* went well beyond the language that this Court recited in its new-trial order (Dkt. 3530, at 35), giving the jury substantial explanation of the four factors:

> 1. The scope of the design in the Design Patent, including the drawings and written description. This factor provides insight into which portions of the underlying product the design is intended to cover, and how the design relates to the product as a whole.
>
> 2. The relative prominence of the design within the product as a whole. If a design is a minor component of a product, for example a latch on a refrigerator, or if the product has many other components unaffected by the design, that fact suggests that the article of manufacture should be the component bearing the design. On the other hand, if the design is a significant attribute of the entire product, affecting the appearance of the product as a whole, that fact might suggest that the article of manufacture should be the entire product.
>
> 3. Whether the design is conceptually distinct from the product as a whole. If a product contains other components that are conceptually distinct, it may be appropriate to conclude that the component is the article of manufacture. For example, a book binding and the literary work contained within it are conceptually distinct and different articles of manufacture.
>
> 4. The physical relationship between the patented design and the rest of the product. If the component bearing the design can be physically separated from the product as a whole by the user or seller, that fact suggests that the article of manufacture may be the component.
>
> In weighing these factors, your objective should be to identify the article of manufacture that most fairly can be said to embody Seirus's appropriation of Columbia's innovation.

*Columbia Sportswear*, Dkt. 378 at 15-16.  Samsung's Proposed Final Jury Instructions (Nos. 34-42) are preferable to those in *Columbia Sportswear*, but the instructions in *Columbia Sportswear* demonstrate that Apple's proposal to give the jury a bare recitation of the four factors is inadequate.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Factor 1.**   Samsung objects to the proposed instruction because it fails to explain *how* the scope of the design should figure into the jury's consideration of Factor 1. *See* Samsung's Proposed Final Jury Instruction No. 34; U.S. Br. 27-28. Samsung's proposed instruction properly asks the jury to consider the scope of the design in relation to the product at issue.

**Factor 2.**   Samsung objects to the proposed instruction because it omits necessary guidance that a design is not relatively prominent if it is only for a minor component of a complex product or is not one of the most prominent attributes of that product, and that it must be compared to the smartphone's other features.  *See* Samsung's Proposed Final Jury Instruction Nos. 34[b], 40; U.S. Br. 28; Dkt. 3530, at 35 (a design must be "relatively prominent within the product as a whole"). Contrary to Apple's contention, Samsung's proposed instruction does not call for apportionment but merely explains what facts would "support" each side under factor 2.

**Factor 3.**   Samsung objects to the proposed instruction because it improperly fails to explain that a design and a product are conceptually distinct if the product contains innovations or inventions that correspond to ideas other than the one represented by the patented design.  *See, e.g.*, *Bush & Lane Piano Co. v. Becker Bros.*, 234 F. 79, 81-82 (2d Cir. 1916); U.S. Br. 28-29.  Instead, the Court should give Samsung's Proposed Instruction Nos. 34[b], 41, which do not suggest the jury should undertake an apportionment analysis.  To the contrary, they give examples of a book and its binding and a piano and a piano case as quintessential examples of conceptually distinct components.  *See, e.g.*, *Bush & Lane Piano Co. v. Becker Bros.*, 234 F. 79, 82 (2d Cir. 1916) ("The binding and the printed record of thought respond to *different concepts*….") (emphasis added); *id.* (reaching same conclusion with respect to piano case).  The *Columbia Sportswear* court likewise included the book binding example in its instruction, stating that, "[f]or example, a book binding and the literary work contained within it are conceptually distinct and different articles of manufacture." *Columbia Sportswear*, Dkt. 378 at 15-16.

**Factor 4.**   Samsung objects to the proposed instruction because it improperly fails to restrict the jury to the Court's order (Dkt. 3530, at 35) that it should consider whether "a user or seller can physically separate" the component from the product, whether the component "is

74

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1    manufactured separately from the rest of the product," and whether the component "*can* be sold

2    separately." *See* U.S. Br. 29.  Samsung objects to this instruction's failure to specify that questions

3    such as whether it is *difficult* to separate the components, whether users *regularly* separate the

4    components, and whether the components are typically sold separately *to consumers* are not

5    pertinent to this factor.  *See* Samsung's Proposed Instruction Nos. 34[b], 42.  Apple does not

6    identify any way in which such evidence could be relevant.  Here again, Samsung's proposed

7    instruction properly states what kinds of facts would "support" each side under this factor.  Apple

8    appears to object to the disjunctive ("or") phrasing of the instruction, but the Court (Dkt. 3530, at

9    35) and the Solicitor General (U.S. Br. 29) both used disjunctive phrasing.

10           **8.**     Samsung objects to the instruction's suggestion that the jury *must* award Samsung's

11   profits.  Apple bears the burden of proving such profits.  By providing an alternative minimum

12   remedy of $250, § 289 makes clear that neither the existence nor the amount of such profits may be

13   presumed, and the legislative history makes clear that a patentee can only recover profits

14   "*if he can prove that profit*."  H.R. Rep. No. 49-1966, at 3 (emphasis added).  The Court's

15   instructions should state, as in Samsung's Proposed Final Jury Instruction No. 28, that Apple may

16   recover "the amount of profit, if any, that Samsung made on each relevant article of manufacture."

17           **9.**     Samsung objects to the phrase "total profit" throughout the proposed instructions,

18   including the suggestion that Apple is entitled to "Samsung's 'total profit' for its infringement of

19   Apple's design patents," because this language would confuse and mislead the jury by suggesting

20   that Apple is entitled to *all* of Samsung's profits.  The Supreme Court has explained that the

21   statutory term "total profit" is not so expansive: "The 'total profit' for which § 289 makes an

22   infringer liable is … all of the profit made … from the manufacture or sale of the 'article of

23   manufacture to which [the patented] design or colorable imitation has been applied.'"  *Samsung*

24   *Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434 (2016) (quoting 35 U.S.C. § 289).  Thus, Apple is

25   entitled only to Samsung's profit from the articles of manufacture to which the patented designs

26   were applied.  To avoid confusion and misleading the jury, the Court "should tell jurors what their

27   practical tasks are under the law"—here, determining the amount of profit on the relevant articles

28

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

of manufacture—"rather than providing raw legal texts for jurors to digest." *Achor v. Riverside Golf Club*, 117 F.3d 339, 340 (7th Cir. 1997). *See, e.g.*, Samsung's Proposed Instruction No. 28.

**10.**    Samsung objects to this proposed instruction because it seeks to place burdens on Samsung, while Apple (as the plaintiff) should bear the burdens of production and persuasion at all times and with respect to all sub-issues. *See, e.g.*, *Schaffer v. Weast*, 546 U.S. 49, 57 (2005) (discussing "ordinary default rule" that "plaintiffs bear the burden of persuasion regarding the essential aspects of their claims"); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009) ("The burden of proving damages falls on the patentee."); Dkt. 3486 at 7 (Apple conceding that "the issue of damages is one on which Apple carries the burden"); *see* Samsung's Proposed Final Jury Instruction Nos. 32, 33[a].

Samsung also objects that Apple's proposed instruction misstates the Court's prior ruling regarding the burden of proof. Although the Court ruled that the burden of *producing evidence* may shift to Samsung, the Court made clear that Apple, as the plaintiff, bears the ultimate burden of *persuasion* on identifying the relevant article of manufacture throughout the proceeding. Dkt. 3530, at 21-28. Without waiving its position that no burden ever shifts to the defense (as set forth in Proposed Instruction No 33[a]), Samsung's alternative Proposed Instruction No. 33[b] accurately sets forth the burden-shifting regime adopted by the Court.

**11.**    Samsung objects to this instruction's failure to guide the jury as to the limited purposes for which evidence regarding Apple's products may be considered. *See* Dkt. 3645, at 21-23; Samsung's Proposed Final Jury Instruction No. 43[b]. Apple argues that evidence regarding the iPhone may be relevant to issues other than identifying the articles of manufacture to which the patented designs were applied, but Samsung's proposed instructions would not foreclose the jury from considering such evidence for that purpose.

**12.**    Samsung objects to this instruction's failure to state that, "because Apple's design patents protect ornamental appearance or decoration, they do not protect the design of any feature that is not visible to a consumer." *See* Samsung's Proposed Final Jury Instruction No. 36. The law is long settled on this point, *see In re Stevens*, 173 F.2d 1015 (C.C.P.A. 1949) ("articles which are

76

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

concealed or obscure in normal use are not proper subjects for design patents, since their appearance cannot be a matter of concern"), and Apple's counsel correctly agreed at oral argument before the Supreme Court that "of course you can't get a design patent on something that the consumer can't see."  Tr. at 40, *Samsung Elecs. Co. v. Apple Inc*, No. 15-777 (2016).

United States District Court
For the Northern District of California

## SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 29
## DESIGN PATENTS—"ARTICLE OF MANUFACTURE"

To be patentable, an ornamental design cannot be merely abstract; it must be a design "for" a physical object or "article of manufacture."  Similarly, someone may infringe a design patent by "applying" the patented ornamental design to an "article of manufacture."

Any thing made by hand or machine may be an "article of manufacture."  For example, a dinner plate is an "article of manufacture."  A complex device, like a kitchen oven or a smartphone, is also an "article of manufacture."  But such a complex device is made up of many smaller parts or components that are assembled into the final product, and each of those smaller parts or components is itself also an "article of manufacture."

Accordingly, an "article of manufacture" can be either an entire product as sold to consumers or else a component of that product.  Similarly, a patented design can be "applied" to either an entire infringing product as sold to consumers or else to a component of that product.

**Source:**  35 U.S.C. § 171; 35 U.S.C. § 289; *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434-35, 435 (2016) ("The term 'article of manufacture,' as used in § 289, encompasses both a product sold to a consumer and a component of that product."); Dkt. 3530, at 11

**<u>Apple's Objections</u>**

Apple objects to Samsung's Proposed Final Jury Instruction No. 29 because it is an inaccurate statement of the law, is confusing, misleading, argumentative, and prejudicial to Apple. For example:  (1) Samsung's proposed statement of what is required "to be patentable" improperly invites the jury to consider validity, when that issue has already been finally resolved in Apple's favor.  (2) Similarly, Samsung's proposed language about how someone may "infringe" a design patent invites the jury to consider infringement, when that issue has already been finally resolved in Apple's favor.  (3) The jury needs no further explanation of an "article of manufacture" other than that it is "a thing made by hand or machine" and that it may be either a product as sold or a

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

1  component of that product.  Describing specific examples like a dinner plate, a kitchen oven, or a

2  smartphone—especially before the jury has been fully instructed on how to determine the article of

3  manufacture in this case—risks having the jury compare those items, rather than considering the

4  evidence in this case.  That would be prejudicial to Apple and inconsistent with the law.

5  Samsung's proposed examples are also argumentative, rather than simply statements of the law that

6  the jury should apply.

7         The Court should instead issue Apple's Proposed Jury Instruction No. 26.  Apple's

8  proposed instruction correctly reflects the four-factor article of manufacture test adopted by this

9  Court.  *See* Dkt. 3530 at 35; Dkt. 3627 at 1-2.  As the Court observed in its order denying

10  Samsung's motion for partial summary judgment, both parties have already consented to the use of

11  this test before the Supreme Court.  *See* Dkt. 3627 at 1-2.  Apple's proposed instruction also

12  appropriately conveys to the jury the content of 35 U.S.C. § 289, as well as the Supreme Court's

13  definition of an article of manufacture and its two steps for calculating total profit on such an

14  article.  *See Samsung Electronics Co. v. Apple, Inc.*, 137 S. Ct. 429 (2016).

15         Apple's proposed instruction is also less likely to confuse the jury.  Whereas Samsung

16  proposes to parcel out the instructions on this single step of the Supreme Court's test over ***twenty-***

17  ***five*** proposed instructions, including four alternative instructions, Apple's single proposed

18  instruction efficiently conveys the entirety of the Supreme Court's first step.  Apple's approach

19  also more closely resembles the instruction given in the only other case to issue instructions on 35

20  U.S.C. § 289 after the Supreme Court's 2016 decision.  *See Columbia Sportswear North America,*

21  *Inc. v. Seirus Innovative Accessories, Inc.*, Case No. 3:17-cv-01781-HZ, Final Jury Instructions

22  (S.D. Cal.) (Dkt. 378 at 15-16).

23

24

25

26

27

28

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

### SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 30
### DESIGN PATENTS—"APPLIED"

As I told you, in order to award Samsung's profit to Apple, you must first identify the "article of manufacture" to which a patented design was "applied."

A patented design is "applied" to the "article of manufacture" on which the distinctive ornamental appearance claimed by the design patent appears. A patented design is not "applied" to any "article of manufacture" on which the distinctive ornamental appearance does not appear.

**Source:** 35 U.S.C. § 289; *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 432 (2016) ("A patentable design 'gives a peculiar or distinctive appearance to the manufacture, or article to which it may be applied, or to which it gives form.'") (quoting *Gorham Co. v. White*, 14 Wall. 511, 525 (1872)).

### Apple's Objections

Apple objects to Samsung's Proposed Final Jury Instruction No. 30 as inconsistent with the law, confusing, and prejudicial to Apple. For example: (1) The jury needs no special instruction on what the term "applied" means; there is no indication in the law that the term carries anything other than its plain and ordinary meaning. (2) Samsung's proposed instruction prejudices Apple by referring to "profit"; it should instead refer to "total profit" as in 35 U.S.C. § 289. (3) The Supreme Court's opinion does not support the requirement described in the last sentence of Samsung's proposed instruction. The Court stated that a patentable design "gives a peculiar or distinctive appearance" to an article, *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 432 (2016); it did not say it can be put "on" an article and did not address when a patented design "is not 'applied' to an any 'article of manufacture.'" In any case, Samsung's proposed language is confusing and misleading, and its misleading use of this language would pre-judge the article of manufacture analysis in any multi-component product. (4) Samsung's proposed instruction prejudices Apple by falsely suggesting to the jury that unless it finds, in its view, an article of manufacture "on which the distinctive ornamental appearance claimed by [Apple's] design patent[s] appear[]", it cannot

make an award of Samsung's total profit to Apple.  Because infringement is already decided, the jury's task is not to determine whether Samsung applied Apple's patented designs to any article of manufacture, but instead to determine *to which* article of manufacture Samsung applied those designs.  The instructions Apple has proposed make that clear, while Samsung's proposed instructions muddy the waters.  (5)  Samsung's proposed definition of "applied" and its statement that "the 'article of manufacture' [is that] on which the distinctive ornamental appearance claimed by the design patent appears" is also at odds with the Court's four-factor test, essentially reducing it to a single factor.

**United States District Court**
For the Northern District of California

**SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 31**
**DESIGN PATENTS—PARTIES' CONTENTIONS**

The parties disagree on both steps of the test for determining Samsung's profit.

At the first step, Apple contends that Samsung "applied" the designs claimed in its patents to the entirety of Samsung's smartphones, and not only to components thereof.  Apple therefore contends that it is entitled to recover all of Samsung's profit from sales of the entire smartphones.

Samsung contends that it "applied" the patented designs to particular components of its smartphones, and therefore contends that Apple is entitled to recover only Samsung's profit from those particular components, and not the profit from the entirety of Samsung's smartphones.  Specifically, Samsung contends that the following smartphone components are the "articles of manufacture" to which it "applied" the patented designs:

> **D'677 Patent:**    A phone's round-cornered, black glass front face.
>
> **D'087 Patent:**    A phone's round-cornered, glass front face and surrounding rim or bezel.
>
> **D'305 Patent:**    A phone's display screen while displaying the single patented array of graphical user interface icons, or at most a phone's display screen.

Each of these components is an "article of manufacture," as is an entire smartphone.  It is for you to determine whether Samsung "applied" each of the patented designs to the entire Samsung smartphones or only to each of these components.

As to the second step of the test, the parties dispute the amount of profit Samsung made on the relevant "articles of manufacture."

**Apple's Objections**

Apple objects to Samsung's Proposed Final Jury Instruction No. 31 as inconsistent with the law, confusing, argumentative, and prejudicial to Apple.  For example:  (1) Samsung's proposed instruction is argumentative in that suggests that Apple is overreaching in seeking Samsung's profits on the entire phones, whereas Samsung contends that Apple is entitled to Samsung's profits "only" on components of the phones.  (2) Samsung's proposed instruction is also confusing in that it is unclear whether it is referring to identifying the article of manufacture or calculating

82

Samsung's profit on that article.  (3) Samsung's proposed instruction refers to "Samsung's profit" rather than "total profit" as used in 35 U.S.C. § 289.  Omitting the word "total" is a misleading and inaccurate statement of the law and is prejudicial to Apple.  (4) Instructing the jury that each of the components identified by Samsung is an "article of manufacture" is confusing and may mislead the jury into believing that the issue has already been decided.  It also shifts the instruction away from what the Supreme Court articulated as the first step (identify the article of manufacture).  (5) Samsung's description of its contentions regarding the D'305 patent is prejudicial to Apple, as it suggests that Samsung may propose two separate, alternative articles of manufacture for the same product and the same patent.  To do so would be inconsistent with this Court's October 22, 2017 order, in which the Court repeatedly referred to the defendant's "alternative article of manufacture" (or "asserted article of manufacture") in the singular form.  Dkt. 3530 at 26, 27, 28, 35.  It would also be inconsistent with Samsung's own interrogatory responses, which identify "the display screen while displaying the single, patented array of GUI icons" as "***the*** Article of Manufacture" to which it applied the D'305 patent on its various infringing phones.  Dkt. 3648-10 at 38 (emphasis added).  Further, it is prejudicial to Apple to permit Samsung to insert a new article of manufacture that was not timely asserted or disclosed.  (6) Apple objects to the language referring to disputing "the amount of profit," which misleadingly suggests that the jury may award only a portion of Samsung's profit rather than its "total profit" from the article of manufacture.  *See* Dkt. 1157 at 9 (no apportionment of profits permitted under § 289).

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

### SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 32
### DESIGN PATENTS—"ARTICLE OF MANUFACTURE"—BURDEN OF PROOF

Apple has the burden of proof to establish by a preponderance of the evidence the "article of manufacture" to which Samsung "applied" each patented design.

Therefore, to find that Apple may recover Samsung's profit from its entire smartphones, you must be persuaded by the evidence that Samsung "applied" the patented design to its entire smartphones and not only to individual components thereof.  If the evidence does not persuade you that Samsung "applied" the design to its entire smartphones, you may not award Samsung's profit on its entire smartphones.

If you are persuaded by the evidence that Samsung "applied" the patented designs only to components of its smartphones, then you should award only the profit that you find Samsung made on those components.

You should base your decision on all of the evidence.


**Source:**  Adapted from Final Jury Instruction No. 2 (Dkt. No. 2784 at 3); Dkt. 3530, at 21-28.


### **Apple's Objections**

Apple objects to Samsung's Proposed Final Jury Instruction No. 32 as misstating the law, argumentative, misleading, and prejudicial to Apple.  For example:  (1) Samsung's proposed instruction misstates the burden-shifting framework under 35 U.S.C. § 289.  As stated in Apple's Proposed Final Jury Instruction No. 26, Apple bears the initial burden of identifying the article of manufacture for which it seeks Samsung's profits.  Apple may meet that initial burden by showing that Samsung applied the patented design to a phone that was sold.  If Apple meets its initial burden, the burden then shifts to Samsung to prove that the article of manufacture is the component or collection of components that it asserts, rather than the whole phone.  *See* Dkt. 3522 at 9-14 (Apple's Opening Brief In Response To The Court's July 28, 2017 Order); Dkt. 3523 at 9-12 (Apple's Response to Samsung's Opening Brief In Response To The Court's July 28, 2017 Order);

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1  *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 626

2  (1993) ("It is indeed entirely sensible to burden the party more likely to have information relevant

3  to the facts about [a disputed issue]. Such was the rule at common law."); *Campbell v. United*

4  *States*, 365 U.S. 85, 96 (1961) ("[T]he ordinary rule, based on considerations of fairness, does not

5  place the burden upon a litigant of establishing facts peculiarly within the knowledge of his

6  adversary."); *Selma, R. & D.R. Co. v. United States*, 139 U.S. 560, 568 (1891) ("[T]he burden of

7  proof lies on the person who wishes to support his case by a particular fact which lies more

8  peculiarly within his knowledge, or of which he is supposed to be cognizant."); *Lindahl v. Office of*

9  *Pers. Mgmt.*, 776 F.2d 276, 280 (Fed. Cir. 1985) ("The party with the best knowledge normally

10  sustains the burden."); *In re Beckwith*, 203 F. 45, 48-49 (7th Cir. 1913) ("[A]scertainment of the

11  profits attributable to the infringement requires such discovery, not alone of the gross sales, but of

12  all items of cost entering into the production and sale, which are presumptively within the

13  knowledge or means of information possessed by the infringing manufacturer."); *SEC v. Bilzerian*,

14  29 F.3d 689, 697 (D.C. Cir. 1994) (defendant "bears the burden of establishing" facts that reduce

15  the sum of disgorgement to which plaintiff is entitled); *SEC v. Halek*, 537 F. App'x 576, 581 (5th

16  Cir. 2013) (plaintiff "carries the initial burden to prove that the amount of disgorgement is a

17  reasonable approximation of profits connected to the violation … the burden then shifts to

18  defendant to prove that the amount is unreasonable")**;** *SEC v. Hughes*, 124 F.3d 449, 455 (3d Cir.

19  1997) ("[i]mposing the burden upon the defendant of proving the propriety [of the disgorgement

20  amount] is appropriate and reasonable" because the wrongdoer is in a superior position to identify

21  relevant facts about its ill-gotten gains); *In re AI Realty Mktg. of N.Y., Inc.*, 293 B.R. 586, 618

22  (Bankr. S.D.N.Y. 2003) ("Once a patent owner establishes the amount of infringing sales, the

23  burden shifts to the infringer to demonstrate the nature and amount of the costs that should be

24  considered in calculating its 'total profits,' as well as their relationship to the infringing product."),

25  *aff'd in relevant part sub nom. Sunbeam Prod., Inc. v. Wing Shing Prod. (BVI) Ltd.*, 311 B.R. 378

26  (S.D.N.Y. 2004); *Bergstrom v. Sears, Roebuck & Co.*, 496 F. Supp. 476, 497 (D. Minn. 1980)

27  (observing that the purpose of § 289 is to prevent unjust enrichment and thus "[t]he burden of

28

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

establishing the nature and amount of [deductions from the sum of disgorgement] is on the defendants"); *accord* Wright & Miller, 21B Fed. Prac. & Proc. Evid. § 5122 (2d ed. 2005) (In allocating burdens of proof, "courts look to see whether one party has superior access to the evidence needed to prove the fact. If so, then that party must bear the burdens of proof."); 2 McCormick on Evid. § 337 (7th ed. 2013) ("[W]here the facts with regard to an issue lie peculiarly in the knowledge of a party, that party has the burden of proving the issue.").  (2) At a minimum, Samsung's proposed instruction fails to account for the burden-shifting framework set forth by this Court in its October 22, 2017 order.  Dkt. 3530 at 23-28, 35.  (3) Samsung's proposed instruction is argumentative in that repeatedly suggests that Apple is overreaching in seeking Samsung's profits on the entire phones, whereas Samsung contends that Apple is entitled to Samsung's profits "only" on components of the phones.  (4) Samsung's proposed instruction is also confusing in that it is unclear whether it is referring to identifying the article of manufacture or calculating Samsung's profit on that article.  (5) Samsung's proposed instruction refers to "Samsung's profit" rather than "total profit" as used in 35 U.S.C. § 289.  Omitting the word "total" is a misleading and inaccurate statement of the law and is prejudicial to Apple.

1

2

## SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 33
## DESIGN PATENTS—"ARTICLE OF MANUFACTURE"—BURDEN OF PROOF

3

4      [a]  As the party that bears the burden of proof, Apple bears the burden of identifying the

5  article of manufacture to which each patented design was "applied."  If Apple has not carried its

6  burden of producing evidence and proving that Samsung "applied" the patented design to its entire

   smartphones, you may not award Samsung's profit on its entire smartphones.

7
                                              [or]
8
       [b]  As the party that bears the burden of proof, Apple bears the initial burden to produce
9
   evidence supporting its contention that Samsung applied the designs claimed by Apple's design
10
   patents to Samsung's entire phones.
11
       If Apple has met that initial burden, then Samsung may come forward with evidence
12
   supporting its contention that the patented designs were applied only to components of its phones.
13
       Ultimately, Apple bears the burden to persuade you by the preponderance of the evidence
14
   that Samsung "applied" a patented design to its entire smartphones.  If Apple has not carried its
15
   burden of proving that Samsung "applied" the patented design to its entire smartphones, you may
16
   not award Samsung's profit on its entire smartphones.
17

18  **Source:**  Samsung offers instruction [a] for purposes of preservation in light of the Court's prior

19  rulings (*see* Dkt. 3530, at 21-28).  Samsung offers instruction [b] in the alternative, based on the

20  Court's prior rulings, and without waiver of or prejudice to Samsung's objection to the failure to

21  give instruction [a].  *See* Dkt. 3530, at 21-28; *Schaffer v. Weast*, 546 U.S. 49, 57 (2005) (discussing

22  "ordinary default rule" that "plaintiffs bear the burden of persuasion regarding the essential aspects

23  of their claims"); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009) ("The

24  burden of proving damages falls on the patentee."); *SmithKline Diagnostics, Inc. v. Helena Labs.*

25  *Corp.*, 926 F.2d 1161, 1164 (Fed. Cir. 1991) ("[T]he amount of a prevailing party's damages is a

26  finding of fact on which the plaintiff bears the burden of proof by a preponderance of the

27

28

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

evidence."); Dkt. 3486 at 7 (Apple conceding that "the issue of damages is one on which Apple carries the burden")

**Apple's Objections**

Apple objects to Samsung's Proposed Final Jury Instruction No. 33 as misstating the law, argumentative, misleading, and prejudicial to Apple.  For example, Samsung's proposed instruction misstates the burden-shifting framework under 35 U.S.C. § 289.  As stated in Apple's Proposed Final Jury Instruction No. 26, Apple bears the initial burden of identifying the article of manufacture for which it seeks Samsung's profits.  Apple may meet that initial burden by showing that Samsung applied the patented design to a phone that was sold.  If Apple meets its initial burden, the burden then shifts to Samsung to prove that the article of manufacture is the component or collection of components that it asserts, rather than the whole phone.  *See* Dkt. 3522 at 9-14 (Apple's Opening Brief In Response To The Court's July 28, 2017 Order); Dkt. 3523 at 9-12 (Apple's Response to Samsung's Opening Brief In Response To The Court's July 28, 2017 Order); *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 626 (1993) ("It is indeed entirely sensible to burden the party more likely to have information relevant to the facts about [a disputed issue]. Such was the rule at common law."); *Campbell v. United States*, 365 U.S. 85, 96 (1961) ("[T]he ordinary rule, based on considerations of fairness, does not place the burden upon a litigant of establishing facts peculiarly within the knowledge of his adversary."); *Selma, R. & D.R. Co. v. United States*, 139 U.S. 560, 568 (1891) ("[T]he burden of proof lies on the person who wishes to support his case by a particular fact which lies more peculiarly within his knowledge, or of which he is supposed to be cognizant."); *Lindahl v. Office of Pers. Mgmt.*, 776 F.2d 276, 280 (Fed. Cir. 1985) ("The party with the best knowledge normally sustains the burden."); *In re Beckwith*, 203 F. 45, 48-49 (7th Cir. 1913) ("[A]scertainment of the profits attributable to the infringement requires such discovery, not alone of the gross sales, but of all items of cost entering into the production and sale, which are presumptively within the knowledge or means of information possessed by the infringing manufacturer."); *SEC v. Bilzerian*,

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

29 F.3d 689, 697 (D.C. Cir. 1994) (defendant "bears the burden of establishing" facts that reduce the sum of disgorgement to which plaintiff is entitled); *SEC v. Halek*, 537 F. App'x 576, 581 (5th Cir. 2013) (plaintiff "carries the initial burden to prove that the amount of disgorgement is a reasonable approximation of profits connected to the violation … the burden then shifts to defendant to prove that the amount is unreasonable")**;** *SEC v. Hughes*, 124 F.3d 449, 455 (3d Cir. 1997) ("[i]mposing the burden upon the defendant of proving the propriety [of the disgorgement amount] is appropriate and reasonable" because the wrongdoer is in a superior position to identify relevant facts about its ill-gotten gains)**;** *In re AI Realty Mktg. of N.Y., Inc.*, 293 B.R. 586, 618 (Bankr. S.D.N.Y. 2003) ("Once a patent owner establishes the amount of infringing sales, the burden shifts to the infringer to demonstrate the nature and amount of the costs that should be considered in calculating its 'total profits,' as well as their relationship to the infringing product."), *aff'd in relevant part sub nom. Sunbeam Prod., Inc. v. Wing Shing Prod. (BVI) Ltd.*, 311 B.R. 378 (S.D.N.Y. 2004); *Bergstrom v. Sears, Roebuck & Co.*, 496 F. Supp. 476, 497 (D. Minn. 1980) (observing that the purpose of § 289 is to prevent unjust enrichment and thus "[t]he burden of establishing the nature and amount of [deductions from the sum of disgorgement] is on the defendants"); *accord* Wright & Miller, 21B Fed. Prac. & Proc. Evid. § 5122 (2d ed. 2005) (In allocating burdens of proof, "courts look to see whether one party has superior access to the evidence needed to prove the fact. If so, then that party must bear the burdens of proof."); 2 McCormick on Evid. § 337 (7th ed. 2013) ("[W]here the facts with regard to an issue lie peculiarly in the knowledge of a party, that party has the burden of proving the issue.").

Samsung's Proposed Final Instruction No. 34[a] fails to account for the burden-shifting framework set forth by this Court in its October 22, 2017 order.  Dkt. 3530 at 23-28, 35.  It is also argumentative in saying that Apple must prove the article of manufacture to which each patented design was "actually" applied.

Samsung's Proposed Final Instruction No. 34[b] fails to account for the burden-shifting framework set forth by this Court in its October 22, 2017 order.  Dkt. 3530 at 23-28, 35. It states only that, if Apple meets its initial burden, "Samsung may come forward with evidence supporting

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

its contention." The instruction should make clear that, if Apple meets its initial burden, then the burden shifts to Samsung. Merely saying that Samsung "may come forward with evidence" does not inform the jury of the burden that Samsung bears. The instruction should also inform the jury that, if Samsung does not meet its burden (after the burden has shifted), then it should find that the articles of manufacture are the entire phones. Further, Samsung's Proposed Instruction 34[b] is also prejudicial to Apple because it emphasizes that the jury may not award Samsung's profit on the entire smartphones if Apple does not meet its burden, rather than providing a neutral statement of the law.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

**SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 34
DESIGN PATENTS—"ARTICLE OF MANUFACTURE" TEST**

[a]  To identify the "article of manufacture" to which a patented design has been "applied," you should consider two factors:

First, you should consider the scope of the design claimed by the asserted patent.

Second, you should consider the physical relationship between the patented design and the accused product.

If the patented design covers a component of the product that is manufactured separately from the rest of the product, that can be physically separated from the product, or that can be sold separately from the product (including for purposes of repair), then you should find that the design was "applied" only to that component rather than the entire product.  You may find that the design was "applied" to the entire product only if you find that the patented design covers the entire product and not only a separable component of the product.

While you should consider each factor, your overarching objective should be to identify the article of manufacture that most fairly may be said to reflect Samsung's appropriation of Apple's patented design.  You should consider which party's characterization would appropriately compensate (rather than over-compensate) Apple for the contribution of the patented design to the value of Samsung's smartphones, and should seek to ensure that neither party will have what justly belongs to the other.

[or]

[b]  To identify the "article of manufacture" to which a patented design has been "applied," you should consider four factors.  None of the four factors is determinative on its own; you should make your decision based on all the evidence presented by both parties.

While you should consider each factor, your overarching objective should be to identify the article of manufacture that most fairly may be said to reflect Samsung's appropriation of Apple's patented design.  You should consider which party's characterization would appropriately compensate (rather than over-compensate) Apple for the contribution of the patented design to the

91

value of Samsung's smartphones, and should seek to ensure that neither party will have what justly belongs to the other.

The four factors you must consider in identifying the "article of manufacture" to which a patented design has been "applied" are as follows:

The first factor is the scope of the design claimed by the Apple design patent. If the claimed aspects of the patent do not cover the entire infringing product, that would support a finding that the design has been "applied" only to a component of the product. If the claimed aspects of the asserted patent cover the entire infringing product, that would support a finding that the design has been "applied" to the entire product.

The second factor is the relative prominence of the design within the smartphone as a whole. If the design is for only a minor component of a complex product, or if a product has many other components unaffected by the design, that would support a finding that the design is not relatively prominent within Samsung's smartphones. If the design is for the product as a whole, that would support a finding that the design is relatively prominent within the product.

The third factor is whether the design is conceptually distinct from Samsung's smartphones as a whole. If the product contains separate components that represent distinct innovations, or inventions, that would support a finding that the design has been "applied" only to the particular component that most closely reflects the asserted design. If the product does not contain separate components representing distinct innovations, or inventions, that would support a finding that the design has been "applied" to the entire product.

The fourth factor is the physical relationship between the patented design and the accused product. If the patented design is for a component of the product that is manufactured separately from the rest of the product, that can be physically separated from the product, or that can be sold separately from the product (including for purposes of repair), that would support a finding that the design was "applied" only to that component. If the design is not for any such component, that would support a finding that the design was "applied" to the entire product.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1  **Source:**  Samsung offers instruction [a] for purposes of preservation in light of the Court's prior

2  rulings on this issue (Dkt. 3627, at 1-2; Dkt. 3530, at 35).  Samsung offers instruction [b] in the

3  alternative to instruction [a], and without waiver of its objection to the failure to give instruction

4  [a].  *See* 35 U.S.C. § 289; U.S. Br. at 26-29; *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S.

5  390, 402-08 (1940); *Samsung Elecs. Co. v. Apple Inc.*, No. 15-777 (2016); *Bush & Lane Piano Co.*

6  *v. Becker Bros.*, 222 F. 902, 903-04 (2d Cir. 1915); *Bush & Lane Piano Co. v. Becker Bros.*, 234 F.

7  79, 81-82 (2d Cir. 1916); *Young v. Grand Rapids Refrigerator Co.*, 268 F. 966, 974 (6th Cir. 1920).

8

9  **Apple's Objections**

10  　　　　Apple objects to Samsung's Proposed Final Jury Instruction No. 34 as an inaccurate

11  statement of the law, misleading, and prejudicial to Apple.

12  　　　　Samsung's Proposed Final Instruction No. 34[a] misstates the law in several respects,

13  including:

14  　　　　(1) Samsung's proposed instruction is inconsistent with this Court's orders regarding the

15  legal test for determining the article of manufacture, and for the reasons set forth in Apple's

16  briefing regarding the article of manufacture test.  For example, Samsung misstates Factors 1 and 4

17  of the Court's test and omits Factors 2 and 3.  *See* Dkt. 3530 (order setting forth test); Dkt. 3627

18  (order denying Samsung's summary judgment motion regarding article of manufacture); *see also*

19  Dkt. 3522 at 2-7 (Apple's opening brief in response to Court's July 28, 2017 Order); Dkt. 3523 at

20  2-6 (Apple's response to Samsung on Court's July 28, 2017 Order); Dkt. 3607-3 at 3-4 (Apple's

21  brief in opposition to Samsung's motion for partial summary judgment).

22  　　　　Samsung has waived any challenge to the Court's test for determining the article of

23  manufacture.  As the Court has found, Samsung agreed that the Court's test was "acceptable."  *See*

24  Dkt. 3530 at 20; Dkt. 3627 at 1-2.

25  　　　　(2) Samsung's proposed instruction also misstates the law where it instructs the jury to

26  consider "which party's characterization would appropriately compensate (rather than over-

27  compensate) Apple for the contribution of the patented design to the value of Samsung's

28

93

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

smartphones." Apple is entitled to the "total profit" that Samsung made on the articles of manufacture to which Samsung applied Apple's patented designs. The "contribution" of those designs to "the value of Samsung's smartphones" is not relevant to Apple's level of compensation in this case and is not the law under 35 U.S.C. § 289. Likewise, it is unnecessary and prejudicial to Apple to instruct the jury not to over-compensate Apple in an instruction regarding determining the article of manufacture. The jury should be properly instructed (in the final jury instructions) on how to calculate damages and need not be admonished to not over-compensate Apple. Samsung's proposed instruction prejudices Apple by suggesting that its requested damages represent over-compensation for Samsung's infringement.

Samsung's Proposed Final Instruction No. 34[b] also misstates the law in several respects, including:

(1) Samsung's proposed instruction is inconsistent with this Court's orders regarding the legal test for determining the article of manufacture, and for the reasons set forth in Apple's briefing regarding the article of manufacture test. For example, Samsung misstates Factors 1, 2, 3, and 4 of the Court's test and adds a gloss on each factor that is unsupported by this Court's or the Supreme Court's decisions. *See* Dkt. 3530 (order setting forth test); Dkt. 3627 (order denying Samsung's summary judgment motion regarding article of manufacture); *see also* Dkt. 3522 at 2-7 (Apple's opening brief in response to Court's July 28, 2017 Order); Dkt. 3523 at 2-6 (Apple's response to Samsung on Court's July 28, 2017 Order); Dkt. 3607-3 at 3-4 (Apple's brief in opposition to Samsung's motion for partial summary judgment).

Samsung has waived any challenge to the Court's test for determining the article of manufacture. As the Court has found, Samsung agreed that the Court's test was "acceptable." *See* Dkt. 3530 at 20; Dkt. 3627 at 1-2.

(2) Samsung's purported explanations of each factor are misleading and not part of the law adopted by this Court. To the extent that those explanations stem from the Solicitor General's brief in the Supreme Court, this Court has made clear that brief "is not the law." April 2, 2018 Order re *Daubert* Motions (Dkt. 3645) at 27. The instructions should use the language set forth by the

94

1    Court in its October 22, 2017 order and should not include any additional explanation that goes

2    beyond what was contained within that order.  Samsung's recitation of the four factors are

3    erroneous and prejudicial in the following ways, which are examples only:

4           (a)  For Factor 1, Samsung's proposed instruction fails to instruct the jury to

5    consider the patent's written description and figures.  It also conflates the scope of the claimed

6    design with the scope of the article of manufacture.  But as this Court ruled, "the relevant article of

7    manufacture may extend beyond the scope of the claimed design."  Dkt. 3530 at 17; *see also* 35

8    U.S.C. § 289 (describing "patented design" being applied to "article of manufacture"); *Samsung*

9    *Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 436 (2016) (article of manufacture may be "a product sold

10   to a consumer" or "a component of that product").

11          (b)  For Factor 2, Samsung's proposed instruction o improperly suggests that a

12   design may not be applied to a product as a whole in a complex product unless the "design is for

13   the product as a whole."  Again, that conflates the scope of the claimed design with the scope of

14   the article of manufacture.  Samsung's proposed instruction also improperly and misleadingly

15   suggests that a design cannot be prominent if "a product has many other components unaffected by

16   the design," rather than allowing the jury to neutrally assess the relative prominence of the design

17   within the product as a whole.  Samsung's proposed instruction further suggests that the jury

18   should engage in an apportionment-type analysis, which is contrary to 35 U.S.C. § 289.  *See* Dkt.

19   1157 at 9.

20          (c)  For Factor 3, Samsung's proposed instruction improperly and misleadingly

21   suggests that a design is necessarily or likely conceptually distinct from the product as a whole if

22   the product contains multiple components or inventions, rather than allowing the jury to neutrally

23   assess this factor.  There is no basis in law or logic for the suggestion Samsung's instruction

24   makes.  For example, an icon depicting battery life is conceptually related to the battery, and an

25   icon for the phone is conceptually related to the phone function.  Samsung's proposed instruction

26   further suggests that the jury should engage in an apportionment-type analysis, which is contrary to

27   35 U.S.C. § 289.  *See* Dkt. 1157 at 9.

28

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**United States District Court**
For the Northern District of California

(d)  For Factor 4, Samsung's proposed instruction is an incomplete recitation of the Court's factor and improperly and misleadingly suggests that a design is necessarily or likely applied to only a component of a product if the design covers a component that meets any one of several criteria (*e.g.*, manufactured separately, can be physically separated, or can be sold separately).  The jury should instead be allowed to neutrally assess this factor, and how the physical relationship between the patented design and the product relates to identifying the article of manufacture overall.

Samsung's Proposed Final Instruction No. 34 is also argumentative, ambiguous, and likely to confuse the jury where it proposes to instruct the jury that it "should seek to ensure that neither party will have what justly belongs to the other."  That proposed language suggests to the jury that Apple's patented designs were applied to something less than the whole of Samsung's phones and that Apple is entitled to something less than Samsung's "total profit" on the phones.  The jury will be asked to calculate total profit on the relevant article of manufacture, and the instructions should not put a thumb on the scale for either party.  Furthermore, Samsung's proposed language is unclear and confusing, and provides the jury with no criteria to make a determination of "what justly belongs to the other."

Finally, Samsung's Proposed Final Instruction No. 34[b] is prejudicial to Apple not only because it effectively rewrites the Court's article of manufacture test six months after it was issued, but also because Samsung has only disclosed its proposed interpretation of the test mere days before trial.  Apple has prepared for trial on the assumption that the Court's test would govern, not Samsung's.  It would be severely prejudiced by a change to the test at this late date.

Rather than issue either of Samsung's erroneous proposed instructions, the Court should instead issue Apple's Proposed Jury Instruction No. 26.

**SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 35**
**DESIGN PATENTS— FACTOR 1 (SCOPE OF CLAIMED DESIGNS)**

[a]  The scope of the design claimed by Apple's patent must be a central consideration in your determination of whether Samsung "applied" a patented design to an entire smartphone or only to components thereof.  It is my job as a judge to interpret for you what designs are claimed by Apple's design patents.  I will therefore provide you instructions regarding the scope of Apple's patented designs.  You must accept those interpretations as correct.

The D618,677 Patent covers the ornamental design for a black, rectangular front glass face with rounded corners, as shown in Figures 1-8 of the patent.  The patent does not claim a design for the surrounding rim (bezel), the circular home button on the front, or any other aspect of an electronic device.  The broken lines form no part of the claimed design.

The D593,087 Patent covers an ornamental design for a rectangular front face with rounded corners, with a surrounding bezel, as shown in figures 9-16 of that patent.  The other figures in the patent (1-8 and 17-48) are not at issue in this case and do not affect the scope of the claimed design, so you should not consider those figures.  The patent does not claim a design for the circular home button on the front or any other aspect of an electronic device.  The broken lines form no part of the claimed design.

The D604,305 Patent covers an ornamental design for a grid of sixteen colorful graphical user interface icons, as shown in in figures 1-2 of that patent.  The patent does not claim a design for any other aspect of an electronic device.  The broken lines form the boundary of the claimed design.

[or]

[b]  The scope of the design claimed by Apple's patent must be a central consideration in your determination of whether Samsung "applied" a patented design to an entire smartphone or only to components thereof.  It is my job as a judge to interpret for you what designs are claimed by Apple's patents.  I will therefore provide you instructions regarding the scope of Apple's patented designs.  You must accept those interpretations of correct.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

The D618,677 Patent covers a black rectangular front face with rounded corners.

The D593,087 Patent covers a rectangular front face with rounded corners and a raised rim.

The D604,305 Patent covers a grid of 16 colorful icons on a black screen.

**Source:**  Adapted from Final Jury Instruction No. 29 (Dkt. No. 2784 at 37), Final Jury Instruction No. 43 (Dkt. No. 1903 at 59-60), and N.D. Cal. Model Patent Jury Instruction B.2.1; *see* 35 U.S.C. § 289; Dkt. 3530, at 17.

Samsung proposes instruction [a] for purposes of preservation in light of the Court's prior ruling that it will not amend its claim constructions (*see* Dkt. 3645, at 27-28).  Those constructions issued before the Supreme Court's decision in this case, *Samsung*, 137 S. Ct. at 434-36, which changed the governing law—both establishing that the prior instructions were erroneous (Dkt. 3645, at 30) and rendering the law-of-the-case doctrine inapplicable (*see* Dkt. 3645, at 27 (prior instructions issued "before the U.S. Supreme Court clarified the meaning of the phrase 'article of manufacture'"); *Dow Chem. Co. v. Nova Chem. Corp. (Can.)*, 803 F.3d 620, 628 (Fed. Cir. 2015) (law of the case inapplicable "when governing law is changed by a later authoritative decision"); *see also, e.g.*, *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1034 (9th Cir. 2015) (similar)).

Samsung proposes instruction [b] in the alternative and without waiver of its objection to the failure to give instruction [a].  *See Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 433 (2016).

**Apple's Objections**

Apple objects to Samsung's Proposed Final Jury Instruction No. 35 as incomplete, misleading, and prejudicial to Apple.  For example:  (1)  Samsung's proposed instruction misstates Factor 1 by omitting language ("including the drawing and written description") from that factor.  (2) Samsung's proposed instruction does not provide any context for **how** the scope of the claimed design should be considered in determining the article of manufacture.  (3)  Samsung's proposed instruction also wrongly implies that Factor 1 is somehow a more "central consideration" to the

1    jury's analysis than are the other factors.  There is no basis in law to place more emphasis on one

2    of the four factors than on the other three.

3           Apple further objects to Samsung's Proposed Final Jury Instruction No. 36 to the extent it

4    implies that the proper construction of Apple's design patents relates only to Factor 1 of the article

5    of manufacture test and has no more general relevance.  Apple's proposed instructions

6    appropriately mirror this Court's instructions from the 2013 damages retrial (Dkt. 2784 at 37) in

7    setting forth this Court's claim constructions within an instruction entitled "Design Patents—

8    Interpretation of Patent Claims" rather than an instruction that purports to define Factor 1 of the

9    article of manufacture test.  Accordingly, rather than issue Samsung's erroneous proposed

10   instruction, the Court should instead issue Apple's Proposed Jury Instruction Nos. 24 and 26.

11          Apple also objects to Samsung's Proposed Final Jury Instruction No. 36 as inconsistent

12   with this Court's prior claim constructions, which have been affirmed on appeal and are thus the

13   law of this case.  July 27, 2012 Order Regarding Design Patent Claim Construction (Dkt. 1425) at

14   8, 9, 13-14; July 29, 2012 Order Amending Design Patent Claim Construction (Dkt. 1447) at 2;

15   *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 998-999 (Fed. Cir. 2015); 136 S. Ct. 1453

16   (granting certiorari only as to "Question 2 presented by the petition"); *Epcon Gas Sys., Inc. v.*

17   *Bauer Compressors, Inc.*, 90 F. App'x 540, 541 (Fed. Cir. 2004) ("Claim constructions previously

18   determined on appeal to this court are law of the case on remand." (citation omitted)).  In its April

19   2, 2018 Order re *Daubert* Motions, this Court ruled that it would be "inappropriate to amend its

20   claim constructions at this late stage in the litigation."  Dkt. 3645 at 27.  The instructions should

21   recite the established claim constructions.

22          Samsung's modifications of the Court's claim constructions are not only incorrect but also

23   prejudicial to Apple.  For example, they alter language found in the claims themselves and omit

24   language such as "electronic device."  Samsung's proposed definitions of claim scope in proposed

25   instruction 36[a] also prejudice Apple by emphasizing what is ***not*** claimed, rather than what is

26   claimed.  Samsung's proposed definitions in 36[b] are, at most, "shorthand" for referring to the

27   patents generally; they do not delineate the scope of the claimed designs.  They also fail to refer to

28

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1   the patent's drawings, which must be considered for design patents.  Samsung's attempt to reduce

2   the entirety of the drawings into a short verbal description that purports to encapsulate the claimed

3   drawing is directly contrary to Federal Circuit precedent.  *See Egyptian Goddess, Inc. v. Swisa,*

4   *Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (*en banc*) ("Given the recognized difficulties entailed in

5   trying to describe a design in words, the preferable course ordinarily will be for a district court not

6   to attempt to 'construe' a design patent claim by providing a detailed verbal description of the

7   claimed design."); *id.* at 679-680 ("in deciding whether to attempt a verbal description of the

8   claimed design, the court should recognize the risks entailed in such a description, such as the risk

9   of placing undue emphasis on particular features of the design and the risk that a finder of fact will

10  focus on each individual described feature in the verbal description rather than on the design as a

11  whole.'); *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1320 (Fed. Cir. 2016) (design

12  patent claims "often better represented by illustrations than a written claim construction").

13        Samsung's proposed interpretations are also inconsistent with the claim constructions that

14  Samsung advocated earlier in the case and are therefore waived for that reason as well.  *See, e.g.*,

15  Dkt. 1090-1 at 12, 15 (Samsung's proposed constructions for the D'677, D'087, and D'305

16  patents); Dkt. 1353 at 3-4 (Samsung opposition brief to Apple's proposed constructions, stating

17  that "[t]he jury therefore should be properly instructed regarding the claimed designs to avoid

18  erroneously construing the patents from too high a level of abstraction" (internal quotation marks

19  omitted)).

20        Samsung's proposed instruction is also misleading and prejudicial to Apple because, as an

21  instruction regarding Factor 1, it improperly suggests that the article of manufacture to which

22  Samsung applied Apple's patented designs is limited to, and may not extend beyond, the scope of

23  the claimed design.  Again, this erroneously and prejudicially conflates the scope of the claimed

24  design with the article of manufacture to which Samsung applied the patented design.  But as this

25  Court ruled, "the relevant article of manufacture may extend beyond the scope of the claimed

26  design."  Dkt. 3530 at 17; *see also* 35 U.S.C. § 289 (describing "patented design" being applied to

27  "article of manufacture").

28

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

Samsung's counterarguments (made above in response to Apple's Proposed Final Jury Instruction No. 24) are rooted in this incorrect conflation of claim scope and the relevant article of manufacture.  The Court's prior claim constructions do not suggest that the relevant articles of manufacture have already been determined; the Court's article of manufacture test makes clear that the scope of the claimed designs is not determinative of the articles' identities.  Dkt. 3530 at 35. And contrary to Samsung's suggestion, the law of design patent claim scope was *not* changed by the Supreme Court's decision regarding the meaning of "article of manufacture."  The case contains no discussion of claim scope and makes clear that "[t]he only question [the decision] resolve[s] . . . is whether, in the case of a multicomponent product, the relevant 'article of manufacture' must always be the end product sold to the consumer or whether it can also be a component of that product."  *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434 (2016).

Rather than issue either of Samsung's erroneous proposed instructions, the Court should instead issue Apple's Proposed Jury Instruction Nos. 24 and 26.

**United States District Court**
For the Northern District of California

101

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SAMSUNG'S ALTERNATIVE PROPOSED FINAL JURY INSTRUCTION NO. 36
DESIGN PATENTS—FACTOR 1—SCOPE OF CLAIMED DESIGNS**

Apple's D618,677 and D593,087 patents claim only the ornamental features shown in solid lines in the patent figures.   The written text in a design patent, including the patent's title, claim language, and written description, cannot enlarge the scope of a patented design beyond the features shown in solid lines.

The features depicted in broken lines in the D618,677 and D593,087 Patents reflect unclaimed subject matter, which forms no part of the claimed designs.

In the D604,305 Patent, the broken lines dictate the boundary of the claimed design, which does not extend to any material outside that boundary.

Because Apple's design patents protect ornamental appearance or decoration, they do not protect the design of any feature that is not visible to a consumer.


**Source:**  Final Jury Instruction No. 43 (Dkt. 1903, at 59-60); MPEP § 1503.02 ("The use of broken lines indicates that the environmental structure or the portion of the article depicted in broken lines forms no part of the design...."); JTX 1041 (D'087 Patent), at 4; JTX 1042 (D'305 Patent); *In re Stevens*, 173 F.2d 1015 (C.C.P.A. 1949) ("articles which are concealed or obscure in normal use are not proper subjects for design patents, since their appearance cannot be a matter of concern"); Tr. at 40, *Samsung Elecs. Co. v. Apple Inc*, No. 15-777 (2016) (Apple's counsel agreeing that a "design is applied to the exterior case of the phone.  It's not applied to … all the chips and wires," and acknowledging that "of course you can't get a design patent on something that the consumer can't see"); *In re Zahn*, 617 F.2d 261, 268 (C.C.P.A. 1980) ("While the design must be embodied in some articles, *the statute is not limited to designs for complete articles*") (emphasis added).


**Apple's Objections**

Apple objects to Samsung's Proposed Final Jury Instruction No. 36 as inconsistent with this Court's prior claim constructions, which have been affirmed on appeal and are thus the law of this case.  April 2, 2018 Order re Daubert Motions (Dkt. 3645) at 27; July 27, 2012 Order Regarding

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

Design Patent Claim Construction (Dkt. 1425) at 8, 9, 13-14; July 29, 2012 Order Amending Design Patent Claim Construction (Dkt. 1447) at 2; *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 998-999 (Fed. Cir. 2015); *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 90 F. App'x 540, 541 (Fed. Cir. 2004) ("Claim constructions previously determined on appeal to this court are law of the case on remand.").  In its April 2, 2018 Order re *Daubert* Motions, this Court ruled that it would be "inappropriate to amend its claim constructions at this late stage in the litigation."  Dkt. 3645 at 27.  The instructions should recite the established claim constructions.

Samsung's modifications of the Court's claim constructions are not only incorrect but also prejudicial to Apple.  For example, they alter language found in the claims themselves and omit language such as "electronic device."  Samsung's proposed definitions of claim scope also prejudice Apple by emphasizing what is ***not*** claimed, rather than what is claimed.  Samsung's proposed interpretations are also inconsistent with the claim constructions that Samsung advocated earlier in the case and are therefore waived for that reason as well.  *See, e.g.*, Dkt. 1356 at 12, 15 (Samsung's proposed constructions for the D'677, D'087, and D'305 patents); Dkt. 1353 at 3-4 (Samsung opposition brief to Apple's proposed constructions, stating that "[t]he jury therefore should be properly instructed regarding the claimed designs to avoid erroneously construing the patents from too high a level of abstraction" (internal quotation marks omitted)).

Samsung's proposed instruction is also misleading and prejudicial to Apple because, as an instruction regarding Factor 1, it improperly suggests that the article of manufacture to which Samsung applied Apple's patented designs is limited to, and may not extend beyond, the scope of the claimed design.  Again, this erroneously and prejudicially conflates the scope of the claimed design with the article of manufacture to which Samsung applied the patented design.  But as this Court ruled, "the relevant article of manufacture may extend beyond the scope of the claimed design."  Dkt. 3530 at 17; *see also* 35 U.S.C. § 289 (describing "patented design" being applied to "article of manufacture").

Apple also objects to the following sentence, which is unnecessary and was not given in 2013: "Because a design patent protects ornamental appearance or decoration, it cannot protect the

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

design of any feature that is not visible to a consumer."  The sentence is also inaccurate, misleading, and prejudicial to Apple because it may incorrectly suggest to the jury that a design patent cannot "protect" an entire product, or that the article of manufacture to which the patented design has been applied cannot include internal or other components/features not visible from the outside of a product.  *See Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 436 (2016) ("[T]he term 'article of manufacture' is broad enough to embrace both a product sold to a consumer and a component of that product[.]").  Moreover, the Court has already construed the claims of the design patents-in-suit.

Rather than issue Samsung's erroneous proposed instruction, the Court should instead issue Apple's Proposed Jury Instruction Nos. 24 and 26.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

## SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 37
## DESIGN PATENTS—FACTOR 1—PATENT TEXT AND BROKEN LINES

[a]  The written text in a design patent, including the patent's title, claim language, and written description, is not relevant to determining the "articles of manufacture" to which Samsung "applied" the patented design.  For example, if a design patent's figures depict a design for the outer case of a piano, the fact that the patent may state that the invention is an "ornamental design for a piano" does not broaden the article of manufacture, which is only the outer case of the piano.  Similarly, the broken lines in a design patent, which reflect unclaimed subject matter, are not relevant to determining the "articles of manufacture" to which Samsung "applied" the patented design.  Instead, you should identify those "articles of manufacture" by applying my instructions to the evidence.

[or]

[b]  The written text in a design patent, including the patent's title, claim language, and written description, does not determine the "articles of manufacture" to which Samsung "applied" the patented design.  For example, if a design patent's figures depict a design for the outer case of a piano, the fact that the patent may state that the invention is an "ornamental design for a piano" does not broaden the article of manufacture, which is only the outer case of the piano.  Similarly, the broken lines in a design patent, which reflect unclaimed subject matter, do not determine the "articles of manufacture" to which Samsung "applied" the patented design.  You should identify the "articles of manufacture" to which Samsung applied the patented designs by applying my instructions to the evidence.

**Source:** Samsung proposes that instruction [a] be given and proposes instruction [b] in the alternative and without waiver of its objection to the failure to give instruction [a].  *See*  U.S. Br. at 27, *Samsung Elecs. Co. v. Apple Inc.*, No. 15-777 (2016);  *Bush & Lane Piano Co. v. Becker Bros.*, 222 F. 902, 903-04 (2d Cir. 1915); *Bush & Lane Piano Co. v. Becker Bros.*, 234 F. 79, 81-82 (2d Cir. 1916); *Young v. Grand Rapids Refrigerator Co.*, 268 F. 966, 974 (6th Cir. 1920)

105

1

United States District Court
For the Northern District of California

2 **Apple's Objections**

3      Apple objects to Samsung's Proposed Final Jury Instruction No. 37 as an inaccurate

4 statement of the law, confusing, misleading, and prejudicial to Apple.

5      Samsung's proposed instruction is inconsistent with this Court's orders regarding the legal

6 test for determining the article of manufacture, and for the reasons set forth in Apple's briefing

7 regarding the article of manufacture test.  For example, Samsung misstates Factor 1 of the Court's

8 test, which is "[t]he scope of the design claimed in the plaintiff's patent, *including the drawing and*

9 *written description*."  Dkt. 3530 at 35 (emphasis added).  Samsung's attempt to eliminate the

10 patent's written description from consideration is unsupportable.  *See* Dkt. 3530 (order setting forth

11 test); Dkt. 3627 (order denying Samsung's summary judgment motion regarding article of

12 manufacture); *see also* Dkt. 3522 at 2-7 (Apple's opening brief in response to Court's July 28,

13 2017 Order); Dkt. 3523 at 2-6 (Apple's response to Samsung on Court's July 28, 2017 Order); Dkt.

14 3607-3 at 3-4 (Apple's brief in opposition to Samsung's motion for partial summary judgment).

15      Samsung has waived any challenge to the Court's test for determining the article of

16 manufacture.  As the Court has found, Samsung agreed that the Court's test was "acceptable."  *See*

17 Dkt. 3530 at 20; Dkt. 3627 at 1-2.

18      Samsung's proposed instruction is also misleading and prejudicial to Apple because, as an

19 instruction regarding Factor 1, it improperly suggests that the article of manufacture to which

20 Samsung applied Apple's patented designs is limited to, and may not extend beyond, the scope of

21 the claimed design.  Again, this erroneously and prejudicially conflates the scope of the claimed

22 design with the article of manufacture to which Samsung applied the patented design.  But as this

23 Court ruled, "the relevant article of manufacture may extend beyond the scope of the claimed

24 design."  Dkt. 3530 at 17; *see also* 35 U.S.C. § 289 (describing "patented design" being applied to

25 "article of manufacture").

26      In addition, Samsung's reliance on a "piano case" example constitutes an incomplete and

27 misleading hypothetical that has no grounding in this Court's orders or any other source of law.

28

106

The "Piano Cases" Samsung cites ruled only that, under the facts of those cases, the relevant article of manufacture was a piano case.  They did not conclude that a design shown in a patent as depicting the outside of a piano could never be applied to a piano as a whole, and they did not conclude that the title of a patent is irrelevant to the "article of manufacture" determination.  *See Bush & Lane Piano Co. v. Becker Bros.*, 234 F. 79, 81 (2d Cir. 1916) ("Each litigation presents its own problem; it is impossible to define in advance" what the "whole article" is); *Bush & Lane Piano Co. v. Becker Bros.*, 222 F. 902, 904 (2d Cir. 1915) (concluding patentee "received a patent for a 'piano case'" where patent was titled "Design for a Piano Case" and claimed "a new, original, and ornamental design for piano cases").  Samsung's discussion of the piano case example is also confusing, misleading, and prejudicial.  It does not neutrally state the law that the jury is to apply in this case; instead, it provides a different set of facts not relevant here and purports to apply the law (albeit an erroneous statement of the law) to those facts.  That will not assist the jury in this case, and would only serve to confuse the jury.

Rather than issue either of Samsung's erroneous proposed instruction, the Court should instead issue Apple's Proposed Jury Instruction No. 26.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

## SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 38
### DESIGN PATENTS—FACTOR 1—PROSECUTION HISTORY ESTOPPEL

You are instructed that the scope of a design patent can be limited by what is called "prosecution history estoppel." During prosecution of a patent, the patent applicant often makes arguments and amendments in an attempt to convince the Patent Office examiner to grant the patent. The party seeking to obtain a patent may amend its patent claims, in order to define or narrow the meaning of the claims to obtain the patent. For example, during the patent prosecution process, the applicant may expressly abandon some portion of the claim for which it originally applied. If an applicant does so, and the patent issues as a result, the patentee cannot later argue that the patent's scope includes the portion of the claim that it previously abandoned.

**Source:** *Pacific Coast Marine Windshields Ltd. v. Malibu Boats, LLC*, 739 F.3d 694 (Fed. Cir. 2014)

### Apple's Objections

Apple objects to Samsung's Proposed Final Jury Instruction No. 38 as inconsistent with this Court's prior claim constructions, which have been affirmed on appeal and are thus the law of this case. April 2, 2018 Order re Daubert Motions (Dkt. 3645) at 27; July 27, 2012 Order Regarding Design Patent Claim Construction (Dkt. 1425) at 8, 9, 13-14; July 29, 2012 Order Amending Design Patent Claim Construction (Dkt. 1447) at 2; *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 998-999 (Fed. Cir. 2015); *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 90 F. App'x 540, 541 (Fed. Cir. 2004) ("Claim constructions previously determined on appeal to this court are law of the case on remand."). In its April 2, 2018 Order re *Daubert* Motions, this Court ruled that it would be "inappropriate to amend its claim constructions at this late stage in the litigation." Dkt. 3645 at 27.

Apple also objects to this instruction because Samsung has waived the issue of prosecution history estoppel. If Samsung believed that the scope of Apple's design patents was narrowed by

108

1    prosecution history estoppel, it was obligated to raise that argument earlier in the case and to raise

2    it on appeal.  Samsung's failure to do so constitutes waiver.  *See, e.g.*, Dkt. 1090-1 (Samsung's

3    Opening Claim Construction Memorandum); Dkt. 1353 (Samsung's Opposition to Apple's

4    Opening Claim Construction Brief).

5           Samsung's proposed instruction is also misleading and prejudicial to Apple.  Prosecution

6    history estoppel, as described in *Pacific Coast Marine Windshields Ltd. v. Malibu Boats, LLC*, 739

7    F.3d 694 (Fed. Cir. 2014), is relevant to infringement, an issue long-since decided in this case.

8    Samsung's proposed instruction risks misleading the jury to believe that Apple could be estopped

9    from arguing that certain portions of Samsung's smartphones are part of the article of manufacture

10   to which Apple's patented designs were applied.  That is directly contrary to this Court's October

11   22, 2017 order and the Supreme Court's decision.  It would also be inconsistent with the 2012 jury

12   verdict, now affirmed on appeal, which found that Samsung's "products" infringed Apple's design

13   patents.  *See* Dkt. 1931 at 6-7.

14          Rather than issue Samsung's erroneous proposed instruction, the Court should instead issue

15   Apple's Proposed Jury Instruction No. 26.

16

17

18

19

20

21

22

23

24

25

26

27

28

109

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 39
## DESIGN PATENTS—FACTOR 1—PRIOR CLAIM CONSTRUCTIONS

The D618,677 and D593,087 patents each state in written text that the design is for an "electronic device," but the Court has not determined whether Samsung "applied" the patented designs to its entire smartphones, or only to components of the smartphones.  It is your task and your task alone to determine whether Samsung "applied" the patented designs to its entire smartphones, or only to components of the smartphones.  Any reference by the Court or in Apple's patents to the term "electronic device" is not relevant and should not be considered when you determine the "article of manufacture" to which Samsung "applied" Apple's patented designs.

**Source:**  Dkt. 3645, at 28; Dkt. 3643, at 83:19-25.

**Apple's Objections**

Apple objects to Samsung's Proposed Final Jury Instruction No. 39 as misleading, contrary to law, and prejudicial to Apple.

Samsung's proposed instruction is inconsistent with this Court's orders regarding the legal test for determining the article of manufacture, and for the reasons set forth in Apple's briefing regarding the article of manufacture test.  For example, Samsung misstates Factor 1 of the Court's test, which is "[t]he scope of the design claimed in the plaintiff's patent, *including the drawing and written description*."  Dkt. 3530 at 35 (emphasis added).  Samsung's attempt to carve out the words "electronic device" from the written description of the D'677 and D'087 thus must be rejected as contrary to this Court's orders.  *See* Dkt. 3530 (order setting forth test); Dkt. 3627 (order denying Samsung's summary judgment motion regarding article of manufacture); *see also* Dkt. 3522 at 2-7 (Apple's opening brief in response to Court's July 28, 2017 Order); Dkt. 3523 at 2-6 (Apple's response to Samsung on Court's July 28, 2017 Order); Dkt. 3607-3 at 3-4 (Apple's brief in opposition to Samsung's motion for partial summary judgment).

Samsung has waived any challenge to the Court's test for determining the article of manufacture.  As the Court has found, Samsung agreed that the Court's test was "acceptable."  *See* Dkt. 3530 at 20; Dkt. 3627 at 1-2.

Samsung's proposed instruction is also misleading and prejudicial to Apple because, as an instruction regarding Factor 1, it improperly suggests that the article of manufacture to which Samsung applied Apple's patented designs is limited to, and may not extend beyond, the scope of the claimed design.  Again, this erroneously and prejudicially conflates the scope of the claimed design with the article of manufacture to which Samsung applied the patented design.  But as this Court ruled, "the relevant article of manufacture may extend beyond the scope of the claimed design."  Dkt. 3530 at 17; *see also* 35 U.S.C. § 289 (describing "patented design" being applied to "article of manufacture").

Rather than issue Samsung's erroneous proposed instruction, the Court should instead issue Apple's Proposed Jury Instruction No. 26.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 40**
**DESIGN PATENTS—FACTOR 2 ("RELATIVE PROMINENCE")**

A design is "relatively prominent" within a product only if it is one of the most prominent attributes of that product. In assessing the "relative prominence" of a patented design within a Samsung smartphone, you should consider the design's prominence in comparison to the prominence of the smartphone's other features, including features and components that are not visible to a consumer.

**Source:** U.S. Br. at 28, *Samsung Elecs. Co. v. Apple Inc.*, No. 15-777 (2016). Samsung proposes this instruction only the event that Instruction 35[a] is not given, and without waiver of its objection to the inclusion of Factors 2 and 3.

**<u>Apple's Objections</u>**

Apple objects to Samsung's Proposed Final Jury Instruction No. 40 as contrary to law, misleading, and prejudicial to Apple.

Samsung's proposed instruction is inconsistent with this Court's orders regarding the legal test for determining the article of manufacture, and for the reasons set forth in Apple's briefing regarding the article of manufacture test. For example, Samsung misstates Factor 2 of the Court's test, which is "[t]he relative prominence of the design within the product as a whole." *See* Dkt. 3530 (order setting forth test); Dkt. 3627 (order denying Samsung's summary judgment motion regarding article of manufacture); *see also* Dkt. 3522 at 2-7 (Apple's opening brief in response to Court's July 28, 2017 Order); Dkt. 3523 at 2-6 (Apple's response to Samsung on Court's July 28, 2017 Order); Dkt. 3607-3 at 3-4 (Apple's brief in opposition to Samsung's motion for partial summary judgment).

Samsung has waived any challenge to the Court's test for determining the article of manufacture. As the Court has found, Samsung agreed that the Court's test was "acceptable." *See* Dkt. 3530 at 20; Dkt. 3627 at 1-2.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Moreover, there is no basis in law for Samsung's proposed instruction.  The only support Samsung cites for this proposed instruction is the Solicitor General's brief to the Supreme Court in this case, and this Court has made clear that "the United States' brief is not the law."  April 2, 2018 Order re *Daubert* Motions (Dkt. 3645) at 27.  And the proposed instruction finds little, if any, support even in the Solicitor General's brief.

Samsung's proposed instruction is also inaccurate, misleading, and prejudicial to Apple. For example, it redefines "relative prominence" as requiring the design to be "one of the most prominent aspects of [the] product"—a much higher and unsupported standard—and states that a design is relatively prominent "only if" this higher standard is met.  Samsung's proposed instruction also prejudicially emphasizes that the jury should consider "features and components that are not visible to a consumer," rather than providing a neutral statement instructing the jury to consider the design's relative prominence within the product as a whole.  In addition, Apple objects to Samsung's proposed instruction to the extent it misleadingly suggests that the jury may consider apportionment of "features and components" in a smartphone in its § 289 analysis.  *See* Dkt. 1157 at 9 (no apportionment of profits permitted under § 289).

Rather than issue Samsung's erroneous proposed instruction, the Court should instead issue Apple's Proposed Jury Instruction No. 26.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

## SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 41
## DESIGN PATENTS—FACTOR 3 ("CONCEPTUAL DISTINCTNESS")

In determining whether a design is "conceptually distinct" from the product as a whole, you should consider whether the design reflects an innovation, or invention, that is different from other innovations, or inventions, in the product.  A design is conceptually distinct from a product if the product includes inventions other than the design.  A design is also conceptually distinct from a product if the product performs functions or serves purposes unrelated to the design.  You should not consider whether the design is integrated into the product.

To illustrate, a design for the cover of a book is conceptually distinct from the contents of the book itself, including the words on the page, because the design for a cover gives the book its external appearance, while the written work contains ideas.  The cover and the book represent conceptually distinct innovations, or inventions.

As another example, a design for the case or housing for a piano is conceptually distinct from the inner workings of piano, including the keys, strings, hammers, and other internal components.  The piano case gives the instrument its external appearance, while the piano is what creates the musical sound.  The piano case and the piano's inner workings represent conceptually distinct innovations.

The question under Factor 3 is whether Apple's patented designs relate to smartphone components that are conceptually distinct from Samsung's smartphones as a whole.

**Source:**  U.S. Br. at 28, *Samsung Elecs. Co. v. Apple Inc.*, No. 15-777 (2016); *Bush & Lane Piano Co. v. Becker Bros.*, 222 F. 902, 903-04 (2d Cir. 1915); *Bush & Lane Piano Co. v. Becker Bros.*, 234 F. 79, 81-82 (2d Cir. 1916).  Samsung proposes this instruction only the event that Instruction 35[a] is not given, and without waiver of its objection to the inclusion of Factors 2 and 3.

United States District Court
For the Northern District of California

**Apple's Objections**

Apple objects to Samsung's Proposed Final Jury Instruction No. 41 as contrary to law, misleading, and prejudicial to Apple.

Samsung's proposed instruction is inconsistent with this Court's orders regarding the legal test for determining the article of manufacture, and for the reasons set forth in Apple's briefing regarding the article of manufacture test. For example, Samsung misstates Factor 3 of the Court's test, which is "[w]hether the design is conceptually distinct from the product as a whole." *See* Dkt. 3530 (order setting forth test); Dkt. 3627 (order denying Samsung's summary judgment motion regarding article of manufacture); *see also* Dkt. 3522 at 2-7 (Apple's opening brief in response to Court's July 28, 2017 Order); Dkt. 3523 at 2-6 (Apple's response to Samsung on Court's July 28, 2017 Order); Dkt. 3607-3 at 3-4 (Apple's brief in opposition to Samsung's motion for partial summary judgment).

Samsung has waived any challenge to the Court's test for determining the article of manufacture. As the Court has found, Samsung agreed that the Court's test was "acceptable." *See* Dkt. 3530 at 20; Dkt. 3627 at 1-2.

Moreover, there is no basis in law for Samsung's proposed instruction. Samsung cites the Solicitor General's brief to the Supreme Court in this case, but this Court has made clear that "the United States' brief is not the law." April 2, 2018 Order re *Daubert* Motions (Dkt. 3645) at 27. In any event, the Solicitor General's brief does not support this proposed instruction.

Samsung's proposed instruction improperly and misleadingly suggests that a design is necessarily or likely conceptually distinct from the product as a whole if the product contains many components, rather than allowing the jury to neutrally assess this factor. Samsung's proposed instruction further suggests that the jury should engage in an apportionment-type analysis, which is contrary to 35 U.S.C. § 289. *See* Dkt. 1157 at 9.

Samsung's proposed instruction is also inaccurate, misleading, and prejudicial to Apple. Samsung's "book" and "piano case" examples are incomplete, misleading hypotheticals that also have no grounding in any source of law. For example, the "book" hypothetical is misleading

115

because, in fact, the design of a book cover could well be conceptually related to the contents of the book; indeed, many, if not most, book covers are related to the book's content – a murder mystery might have a cover depicting a gun or a dead body, clearly conveying a conceptual connection to the contents. To offer this incomplete hypothetical to the jury would only confuse them. The "*Piano Cases*" Samsung cites ruled only that, under the facts of those cases, the relevant article of manufacture was a piano case. They did not conclude that a design shown in a patent as depicting the outside of a piano could never be applied to a piano as a whole. *See Bush & Lane Piano Co. v. Becker Bros.*, 234 F. 79, 81 (2d Cir. 1916) ("Each litigation presents its own problem; it is impossible to define in advance" what the "whole article" is). Samsung's discussion of the book and piano case examples is also confusing, misleading, and prejudicial. They do not neutrally state the law that the jury is to apply in this case; instead, they provide different sets of facts not relevant here and purport to apply the law (albeit an erroneous statement of the law) to those facts. That will not assist the jury in this case, and would only serve to confuse the jury.

Further, Samsung's proposal that the jury "should not consider whether the design is integrated into the product" is not only contrary to this Court's test for determining the article of manufacture, but also would be confusing to the jury. Whether a design is integrated into a product is a fact that, at a minimum, is relevant to whether the design is conceptually distinct from the product. The Court has already rejected Samsung's argument on this factor. *See* Dkt. 3645 at 13-15.

Rather than issue Samsung's erroneous proposed instruction, the Court should instead issue Apple's Proposed Jury Instruction No. 26.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 42**
**DESIGN PATENTS—FACTOR 4—CONSIDERATIONS NOT RELEVANT**

In assessing the fourth factor, the physical relationship between a patented design and a Samsung smartphone, your inquiry is limited to whether the design is for a smartphone component that is manufactured separately, that can be separated from the smartphone, or that can be sold separately from the smartphone (including for repairs).  Therefore, none of the following considerations is relevant to your determination under this factor:

a) Whether it is difficult to separate a given component from a smartphone;

b) Whether consumers remove a given component from a smartphone in normal use;

c) Whether Samsung or Apple instructs users to remove a given component from a smartphone;

d) Whether consumers ordinarily purchase assembled smartphones rather than components thereof;

e) Whether Samsung or Apple ordinarily markets or advertises a given component separately from its assembled smartphones;

f) Whether Samsung or Apple ordinarily sells a given component separately from its assembled smartphones;

g) Whether separating a given component from a smartphone would damage either the smartphone or the component;

h) Whether a smartphone remains operable when a given component is removed;

i) Whether a given component can be used when removed from a smartphone;

j) Whether graphical user interface icons like those claimed by the D'305 patent can be displayed on a screen in the absence of a power supply and software.

You should not give any weight to any of these considerations in identifying the "articles of manufacture" to which Samsung "applied" the patented designs.

**Source:**  35 U.S.C. § 289; U.S. Br. at 29, *Samsung Elecs. Co. v. Apple Inc.*, No. 15-777 (2016)

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**United States District Court**
For the Northern District of California

**Apple's Objections**

Apple objects to Samsung's Proposed Final Jury Instruction No. 42 as contrary to law and prejudicial to Apple.

Samsung's proposed instruction simply lists ten facts and pieces of evidence that Apple disclosed in its expert reports, and asserts that they may not be considered in assessing Factor 4. But these facts and evidence are all *relevant* to evaluating the physical relationship between the patented design and the product as a whole.  Moreover, the Court has already rejected Samsung's argument on this factor.  *See* Dkt. 3645 at 15-17.  Samsung's proposed instruction has no basis in law.  Samsung cites both the statute and the Solicitor General's Supreme Court brief in support of this proposed instruction, but neither actually provides any authority for the instruction.

Rather than issue Samsung's erroneous proposed instruction, the Court should instead issue Apple's Proposed Jury Instruction No. 26 for the reasons urged in objection to Samsung's Proposed Final Instruction No. 29.

118

United States District Court
For the Northern District of California

## SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 43
## DESIGN PATENTS—APPLE PRODUCTS NOT AT ISSUE

[a]  You must identify the "article of manufacture" to which Samsung applied each of Apple's patented designs.  In deciding whether Samsung "applied" each patented design to an entire smartphone or only to a component thereof, you should not consider evidence concerning Apple products, such as the iPhone, that does not show the "article of manufacture" to which the patented designs was "applied" in Samsung's smartphones.

[or]

[b]  You must identify the "article of manufacture" to which each of Apple's patented designs was "applied" in Samsung's smartphones.  Although information regarding Apple products, such as the iPhone, has been admitted into evidence, you should consider such evidence only if it helps identify the "article of manufacture" to which each patented design was "applied" in Samsung's smartphones.

**Source:** Samsung proposes instruction [a] for preservation in light of the Court's ruling on this issue (Dkt. 3645, at 21-23).  Samsung proposes instruction [b] in the alternative to and without waiver of its objection to the failure to give instruction [a].  *See* 35 U.S.C. § 289; Dkt. 3523 at 16 (Apple conceding that "evidence about the iPhone sold by Apple has no bearing on the article of manufacture to which ***Samsung*** applied the patented designs").

### Apple's Objections

Apple objects to Samsung's Proposed Final Jury Instruction No. 43 as contrary to law, contrary to Samsung's prior (successful) arguments in this case, and prejudicial to Apple.  In previously contending that the pre-existing trial record contained sufficient evidence to support an argument that the relevant articles of manufacture were components of Samsung phones, Samsung relied on evidence about the iPhone.  *See* Samsung's Opening Brief Pursuant to the Court's July 28, 2017 Order (Dkt. 3521) at 18-19.  In its October 22, 2017 Order Requiring New Trial on

119

1    Design Patent Damages, this Court cited evidence relating to the iPhone in explaining its

2    conclusion that there was an adequate foundation in evidence to support a new trial. *E.g.*, Dkt.

3    3530 at 31 ("At one point in the trial, an Apple witness showed and passed around to the jury the

4    'major logic board' of a disassembled iPhone."); Dkt. 3645 at 22 (same).  In its recent *Daubert*

5    order, the Court further explained why Apple's iPhones are relevant to the article of manufacture

6    analysis.  Dkt. 3645 at 22-23.  This evidence is especially relevant to the article of manufacture

7    analysis because Apple's iPhones (certain models) embody the claimed designs, and Samsung

8    copied Apple's claimed designs and products.  Thus, this Court already has ruled that evidence of

9    Apple's iPhones is relevant to the "article of manufacture" inquiry.

10        Samsung's proposed instruction cites Apple's previous argument about not relying on

11   evidence of Apple's iPhones to determine the article of manufacture to which Samsung applied the

12   patented designs, but the Court expressly rejected Apple's argument on that point.  Apple is

13   therefore not bound by it.  *See, e.g.*, *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (parties

14   are only estopped from asserting inconsistent positions where "the party has succeeded in

15   persuading a court to accept that party's earlier position . . . Absent success in a prior proceeding, a

16   party's later inconsistent position introduces no risk of inconsistent determinations and thus poses

17   little threat to judicial integrity" (internal citation and quotation marks omitted)); *Hamilton v. State*

18   *Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001) ("This court has restricted the application

19   of judicial estoppel to cases where the court relied on, or 'accepted,' the party's previous

20   inconsistent position."); *Masayesva for & on Behalf of Hopi Indian Tribe v. Hale*, 118 F.3d 1371,

21   1382 (9th Cir. 1997) (party not estopped from raising argument where "no court ever adopted the []

22   original position"); *Stevens Tech. Servs., Inc. v. S.S. Brooklyn*, 885 F.2d 584, 588 (9th Cir. 1989)

23   (parties barred from taking inconsistent positions only where the first position was "adopted in

24   some manner by the court"); *Hartley v. Mentor Corp.*, 869 F.2d 1469, 1475 (Fed. Cir. 1989)

25   (parties are not estopped from subsequently adopting positions that courts held to be correct).

26   Moreover, if the Court were to change its view on whether Apple's iPhones are relevant to the

27   article of manufacture issue, then the order granting a new trial should also be revisited.

28

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

Evidence regarding Apple products could be relevant to multiple aspects of this trial, and not just to the article of manufacture inquiry. For example, Apple's iPhones are relevant to providing background and context to the patents-in-suit, Apple as a company, Apple's brand, and reasonable royalty damages. Samsung's proposed instruction risks confusing and misleading the jury to believe that evidence regarding Apple products is not relevant to any aspect of the trial.

Rather than issue either of Samsung's erroneous proposed instructions, the Court should instead issue Apple's Proposed Jury Instruction No. 26.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1
2

### APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. 27
### DESIGN PATENT DAMAGES—DEFENDANT'S TOTAL PROFITS—CALCULATING TOTAL PROFIT

3

As I stated earlier, the second step in determining total profits for design patent

4

infringement is to calculate Samsung's total profit made from sales of any articles of manufacture

5

bearing Apple's patented designs.

6

Samsung's "total profit" means the entire profit on the sale of the article to which the

7

patented design is applied, and not just the portion of profit attributable to the design or ornamental

8

aspects covered by the patent.  "Total profit" does not include profit attributable to other products

9

that may be sold in association with an article embodying the patented design.

10

Apple is entitled to all profit earned by Samsung on sales of articles to which Samsung

11

applied Apple's patented designs.  Profit is determined by deducting certain expenses from gross

12

revenue.  Gross revenue is all of the infringer's receipts from the sale of articles using any design

13

found infringed.  Apple has the burden of proving Samsung's gross revenue by a preponderance of

14

the evidence.

15

Expenses can include costs incurred in producing the gross revenue, such as the cost of the

16

goods.  Other costs may be included as deductible expenses if they are directly attributable to the

17

sale or manufacture of the infringing products resulting in a nexus between the infringing products

18

and the expense.  Samsung has the burden of proving the deductible expenses.

19

20

**Source:**  35 U.S.C. § 289; *Samsung Electronics Co. v. Apple Inc.*, 137 S. Ct. 429 (2016); October

21

22, 2017 Order Requiring New Trial on Design Patent Damages (Dkt. No. 3530); Final Jury

22

Instruction No. 31 (Dkt. No. 2784 at 43); Tentative Final Jury Instruction No. 31 (Dkt. No. 3442 at

23

47); *Columbia Sportswear North America, Inc. v. Seirus Innovative Accessories, Inc.*, Case No.

24

3:17-cv-01781-HZ, Final Jury Instructions (S.D. Cal.) (Dkt. 378 at 15-17); *Id.*, March 18, 2018

25

Opinion & Order (Dkt. 455 at 1-2)

26
27
28

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

1    **Samsung's Position**

2          Samsung objects to this instruction on multiple grounds and submits that the Court should

3    instead give Samsung's Proposed Final Jury Instruction Nos. 44 and 55:

4          **1.**      Samsung objects to the phrase "other products" in the following sentence:  "'Total

5    profit' does not include profit attributable to <u>other products</u> that may be sold in association with an

6    article embodying the patented design."  In context, the phrase "other products" improperly

7    suggests that the relevant articles of manufacture are Samsung's products and not components

8    thereof.  To avoid confusing and misleading the jury, Samsung proposes changing "other products"

9    to "other articles of manufacture."

10         **2.**      Samsung objects to the phrase "total profit" throughout the proposed instructions

11   because it would confuse and mislead the jury by suggesting that Apple is entitled to *all* of

12   Samsung's profits, as discussed in Samsung's objection to Proposed Instruction No. 26.

13

14         **3.**      Samsung objects to this instruction's failure to explain how to calculate Samsung's

15   profit in the event the jury finds that the relevant articles of manufacture are components of

16   Samsung's smartphones.  *See* Samsung's Proposed Instruction No. 44.  Apple's contention that the

17   Supreme Court's decision did not affect the calculation of "total profit" is simply wrong:  The

18   Court fundamentally altered how profit is calculated by holding that "a patent holder will

19   sometimes be entitled to the infringer's total profit from a component of the end product" rather

20   than from the end product itself.  *Samsung*, 137 S. Ct. at 434.  That change in law necessitates a

21   corresponding change in the instructions to ensure that the instructions are compatible with either a

22   jury finding that the relevant article of manufacture is a component of a larger product or that it is

23   the larger product itself.  Only Samsung's instruction is compatible with both.

24         Specifically, only Samsung's instruction correctly provides the three steps that the jury

25   must follow to determine Samsung's profit from the relevant articles of manufacture:  first,

26   calculate Samsung's gross revenue on the smartphone; second, calculate Samsung's profit on the

27   smartphone by deducting the expenses that Samsung incurred in producing the gross revenue; and

28

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

third, calculate Samsung's profit from the relevant "article of manufacture" by determining how much of Samsung's profit from the smartphones is attributable to the particular "article of manufacture" to which the patented design was "applied." *See* Samsung Proposed Instruction No. 44.  It is simply not true that, if the jury finds the relevant article of manufacture is a component, "all that is left to do is to calculate Samsung's total profit from that article of manufacture by deducting certain expenses from gross revenue."  To the contrary, the parties' evidence regarding expenses and revenues are for the entire phones, not components, and calculating article of manufacture profit therefore necessitates the steps set forth in Samsung's proposed instruction

4.     Samsung objects to this instruction's articulation of the burden of proof.  As the plaintiff, Apple bears the burdens both to produce evidence and to persuade the jury of every element of recovery that it demands.  *See, e.g.*, *Schaffer*, 546 U.S. at 57 (discussing "ordinary default rule" that "plaintiffs bear the burden of persuasion regarding the essential aspects of their claims"); *Lucent*, 580 F.3d at 1324 ("The burden of proving damages falls on the patentee."); Dkt. 3486 at 7 (Apple conceding that "the issue of damages is one on which Apple carries the burden").  Nothing in § 289 alters this "ordinary default rule," so the jury should be instructed that Apple bears the burden of proof on each issue.  Thus, the jury should be instructed that Apple must prove not only Samsung's revenues, but also Samsung's deductible costs.  Further, the jury should be instructed that if the jury finds that the relevant articles of manufacture are components of Samsung's phones, and not the entire phones, then Apple bears the burden to prove the amount of entire-product profit that is attributable to the relevant components.  *See* Samsung's Proposed Instruction.  No. 45[a].

5.     Samsung also objects that this instruction fails to accurately characterize the Court's ruling regarding burden shifting. Contrary to the proposed instruction, the Court ruled that the burden of persuasion remains at all times with Apple.  *See* Dkt. 3530, at 21-28; Samsung's Proposed Instruction No. 45[b].

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

**SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 44
DESIGN PATENTS—SAMSUNG'S PROFIT—IN GENERAL**

Once you have identified the "article of manufacture" to which Samsung "applied" a patented design, you must then calculate the amount of profit that Samsung earned from each such article, unless you decide to award a reasonable royalty as I will explain.

As one measure of damages, Apple may recover the amount of profit that Samsung made on the "article of manufacture" to which each of Apple's patented designs was applied. Apple may not recover profit attributable to other "articles of manufacture" that may be sold in association with the "article of manufacture" to which the patented design was "applied."

To determine the profit that Apple may recover, you must undertake three steps:

First, calculate Samsung's gross revenue on the smartphone, meaning all of Samsung's receipts that are attributable to the sale of that smartphone.

Second, calculate Samsung's profit on the smartphone by deducting the expenses that Samsung incurred in producing the gross revenue. Expenses include all costs incurred in producing the gross revenue, such as the cost of the goods, and other costs that are directly attributable to the sale or manufacture of the infringing products resulting in a nexus between the infringing products and the expense.

Third, calculate Samsung's profit from the relevant "article of manufacture" by determining how much of Samsung's profit from the smartphones is attributable to the particular "article of manufacture" to which the patented design was "applied."

Thus, if you find that a patented design was "applied" only to a component of a Samsung smartphone (and not to the entire smartphone), your ultimate award should include only the profit from that component, and not the profit from any other component, or from the entire smartphone. You may award Samsung's profit from the entire smartphone only if you find that Samsung "applied" a patented design to the entire smartphone.

**Source:**  Adapted from Final Jury Instruction No. 31 (Dkt. No. 2784 at 39); 35 U.S.C. § 289.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1

2    **<u>Apple's Objections</u>**

3         Apple objects to Samsung's Proposed Final Jury Instruction No. 44 as contrary to law,

4    confusing, misleading, argumentative, and prejudicial to Apple.  Once the jury has determined the

5    article of manufacture, all that is left to do is to calculate Samsung's total profit from that article of

6    manufacture by deducting certain expenses from gross revenue.  Apple's Proposed Final Jury

7    Instruction No. 27 thus mirrors the language of this Court's Final Jury Instruction No. 31 from the

8    2013 damages retrial, Dkt. 2784 at 39.  Samsung did not challenge how "total profit" is calculated;

9    nor did the Supreme Court's opinion alter that calculation.  The only change to the Court's

10   previous instruction regarding calculating "total profit" therefore should be to ensure that the jury

11   is instructed to calculate Samsung's total profit on the "article of manufacture" to which Samsung

12   applied the patented design (rather than the "product") to the extent the instruction did not already

13   do that.

14        Samsung, by contrast, has proposed a new three-step process for calculating total profit that

15   has no basis in this Court's orders or any other authority.  Apple thus objects to Samsung's

16   proposed instruction on several grounds, including the following:  (1) Samsung's proposed

17   instruction refers to calculating its "profit," rather than "total profit" as 35 U.S.C. § 289 requires.

18   Omitting the word "total" is a misleading and inaccurate statement of the law and is prejudicial to

19   Apple.  (2) Samsung's proposed language referring to determining "the amount of profit," and not

20   "total profit," misleadingly suggests that the jury may award only a portion of Samsung's profit

21   rather than its "total profit" from the article of manufacture.  *See* Dkt. 1157 at 9 (no apportionment

22   of profits permitted under § 289).  (3) Samsung's proposed instruction incorrectly instructs the jury

23   that it must calculate Samsung's profits by first calculating revenues on the smartphones, then

24   deducting expenses attributable to the smartphones, and then determining "how much" of that

25   profit is attributable to the article of manufacture.  That suggests that the jury should engage in an

26   apportionment that is contrary to § 289.  *See* Dkt. 1157 at 9.  Moreover, by instructing the jury that

27   calculating Samsung's profit on its smartphones is a separate step from calculating the profit "from

28

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1   the relevant 'article of manufacture,'" Samsung's proposed instruction wrongly implies that its

2   smartphones are *not* the relevant articles of manufacture.  The instruction thus is both legally

3   baseless and designed to mislead.  Instead, the jury should simply be instructed to calculate

4   Samsung's "total profit" made on the article of manufacture, as the Supreme Court stated and

5   Apple proposes, where total profit means gross revenues less deductible expenses.  *Samsung Elecs.*

6   *Co. v. Apple Inc.*, 137 S. Ct. 429, 434 (2016) ("Second, calculate the infringer's total profit made

7   on that article of manufacture.").    (4) Samsung's proposed instruction also misstates the burden.

8   As this Court previously instructed, "Samsung has the burden of proving the deductible expenses."

9   Dkt. 2784 at 39.  Samsung did not challenge that instruction on appeal, and it is the law of this

10  case.  Samsung's omission of the sentence regarding its burden for proving deductible expenses

11  makes its proposed instruction contrary to law and prejudicial to Apple.  *See* Dkt. 3522 at 9-14

12  (Apple's Opening Brief In Response To The Court's July 28, 2017 Order); Dkt. 3523 at 9-12

13  (Apple's Response to Samsung's Opening Brief In Response To The Court's July 28, 2017 Order);

14  *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 626

15  (1993) ("It is indeed entirely sensible to burden the party more likely to have information relevant

16  to the facts about [a disputed issue]. Such was the rule at common law."); *Campbell v. United*

17  *States*, 365 U.S. 85, 96 (1961) ("[T]he ordinary rule, based on considerations of fairness, does not

18  place the burden upon a litigant of establishing facts peculiarly within the knowledge of his

19  adversary."); *Selma, R. & D.R. Co. v. United States*, 139 U.S. 560, 568 (1891) ("[T]he burden of

20  proof lies on the person who wishes to support his case by a particular fact which lies more

21  peculiarly within his knowledge, or of which he is supposed to be cognizant."); *Lindahl v. Office of*

22  *Pers. Mgmt.*, 776 F.2d 276, 280 (Fed. Cir. 1985) ("The party with the best knowledge normally

23  sustains the burden."); *In re Beckwith*, 203 F. 45, 48-49 (7th Cir. 1913) ("[A]scertainment of the

24  profits attributable to the infringement requires such discovery, not alone of the gross sales, but of

25  all items of cost entering into the production and sale, which are presumptively within the

26  knowledge or means of information possessed by the infringing manufacturer."); *SEC v. Bilzerian*,

27  29 F.3d 689, 697 (D.C. Cir. 1994) (defendant "bears the burden of establishing" facts that reduce

28

127

the sum of disgorgement to which plaintiff is entitled); *SEC v. Halek*, 537 F. App'x 576, 581 (5th Cir. 2013) (plaintiff "carries the initial burden to prove that the amount of disgorgement is a reasonable approximation of profits connected to the violation … the burden then shifts to defendant to prove that the amount is unreasonable"); *SEC v. Hughes*, 124 F.3d 449, 455 (3d Cir. 1997) ("[i]mposing the burden upon the defendant of proving the propriety [of the disgorgement amount] is appropriate and reasonable" because the wrongdoer is in a superior position to identify relevant facts about its ill-gotten gains); *In re AI Realty Mktg. of N.Y., Inc.*, 293 B.R. 586, 618 (Bankr. S.D.N.Y. 2003) ("Once a patent owner establishes the amount of infringing sales, the burden shifts to the infringer to demonstrate the nature and amount of the costs that should be considered in calculating its 'total profits,' as well as their relationship to the infringing product."), *aff'd in relevant part sub nom. Sunbeam Prod., Inc. v. Wing Shing Prod. (BVI) Ltd.*, 311 B.R. 378 (S.D.N.Y. 2004); *Bergstrom v. Sears, Roebuck & Co.*, 496 F. Supp. 476, 497 (D. Minn. 1980) (observing that the purpose of § 289 is to prevent unjust enrichment and thus "[t]he burden of establishing the nature and amount of [deductions from the sum of disgorgement] is on the defendants"); *accord* Wright & Miller, 21B Fed. Prac. & Proc. Evid. § 5122 (2d ed. 2005) (In allocating burdens of proof, "courts look to see whether one party has superior access to the evidence needed to prove the fact. If so, then that party must bear the burdens of proof."); 2 McCormick on Evid. § 337 (7th ed. 2013) ("[W]here the facts with regard to an issue lie peculiarly in the knowledge of a party, that party has the burden of proving the issue.").  (5) Rather than providing a neutral statement of the law, the final paragraph of Samsung's proposed instruction emphasizes that the jury should find that the article of manufacture is only a component and not the entire smartphone and that the jury should award only the profit from that component.  This paragraph is unnecessary, argumentative, and prejudicial to Apple.

Rather than adopt Samsung's erroneous instruction, the Court should adopt Apple's Proposed Final Instruction No. 27.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 45
### DESIGN PATENTS—SAMSUNG'S PROFIT—BURDEN OF PROOF

[a]  Apple has the burden of proving the amount of Samsung's profit by a preponderance of the evidence.

This means that Apple has the burden to prove Samsung's gross revenues from each smartphone, the amount of Samsung's deductible expenses, and the amount of profit that is attributable to the "article of manufacture" to which an infringing design was "applied."

In particular, if you find that Samsung "applied" an infringing design to a component of a smartphone (and not to the entire smartphone), then Apple has the burden to prove the amount of Samsung's profit that is attributable to that component.

[or]

[b]  Apple has the burden to prove Samsung's gross revenues from each smartphone.

Samsung has the burden to prove the amount of its deductible expenses.

If you find that Samsung "applied" an infringing design to a component of a smartphone (and not to the entire smartphone), then Samsung has the burden to produce evidence showing the amount of its profit from that component.  But Apple continues to bear the burden of ultimately proving the amount of profit from that component.


**Source:**  Samsung proposes instruction [a] for preservation in light of the Court's ruling on this issue (Dkt. 3530, at 21-28).  Samsung proposes instruction [b] in the alternative and without waiver of its rights as to the instruction [a].  *See* Dkt. 3530, at 21-28.  *See Schaffer v. Weast*, 546 U.S. 49, 57 (2005) (discussing "ordinary default rule" that "plaintiffs bear the burden of persuasion regarding the essential aspects of their claims"); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009) ("The burden of proving damages falls on the patentee."); *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1164 (Fed. Cir. 1991) ("[T]he amount of a prevailing party's damages is a finding of fact on which the plaintiff bears the burden of proof by a

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1    preponderance of the evidence."); Dkt. 3486 at 7 (Apple conceding that "the issue of damages is

2    one on which Apple carries the burden").

3    **Apple's Objections**

4         Apple objects to Samsung's Proposed Final Jury Instruction No. 45[a] as contrary to law

5    and prejudicial to Apple.  The Court previously ruled, as Samsung appears to acknowledge in its

6    Proposed Final Jury Instruction No. 46[b], that Samsung has the burden to prove its deductible

7    expenses.  Samsung did not appeal that ruling, and it is now the law of this case.  *See* October 22,

8    2017 Order Requiring New Trial on Design Patent Damages (Dkt. 3530) at 27 (noting that "[t]his

9    result is, first of all, the law of the case, and Samsung did not appeal it"), 35; Dkt. No. 1903 at 72

10   (jury instruction from 2012 trial assigning Samsung the burden of proving deductible expenses);

11   Dkt. No. 2784 at 39 (same for 2013 trial); *see Henry Hanger & Display Fixture Corp. of Am. V.*

12   *Sel-O-Rak Corp.*, 270 F.2d 635, 643 (5th Cir. 1959); *Rocket Jewelry Box, Inc. v. Quality Int'l*

13   *Packaging, Ltd.*, 250 F. Supp. 2d 333, 341 (S.D.N.Y. 2003).

14        Apple further objects to Samsung's proposed instructions 45[a] and [b] as misleading and

15   prejudicial to Apple for at least the following reasons: (1) Samsung's proposed instruction refers to

16   calculating its "profit," rather than "total profit" as 35 U.S.C. § 289 requires.  Omitting the word

17   "total" is a misleading and inaccurate statement of the law and is prejudicial to Apple.  (2)

18   Samsung's proposed language referring to determining "the amount of" profit, and not "total

19   profit," misleadingly suggests that the jury may award only a portion of Samsung's profit rather

20   than its "total profit" from the article of manufacture.  *See* Dkt. 1157 at 9 (no apportionment of

21   profits permitted under § 289).  (3) Samsung's proposed instruction is confusing and misleading in

22   that it instructs the jury to start from Samsung's gross revenues from each "smartphone," subtract

23   deductible expenses, and then determine the "amount of profit that is attributable to the 'article of

24   manufacture'."  This again suggests that the jury should engage in an improper apportionment.  *See*

25   Dkt. 1157 at 9.  (4) Rather than providing a neutral statement of the law, the final paragraph of

26   Samsung's proposed instruction emphasizes that the jury should find that the article of manufacture

United States District Court
For the Northern District of California

130

is a component and not the entire smartphone and that the jury should award only the profit attributable to that component.  This paragraph is unnecessary, argumentative, and prejudicial to Apple.

Rather than adopt either of Samsung's erroneous instructions, the Court should adopt Apple's Proposed Final Instruction No. 27.

United States District Court
For the Northern District of California

131

United States District Court
For the Northern District of California

## APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. 28
## DESIGN PATENT DAMAGES—REASONABLE ROYALTY

If Apple has not proved its claim to Samsung's total profits, then Apple should be awarded a reasonable royalty for all infringing sales by Samsung.  In no event should the damages you award Apple for design patent infringement be less than a reasonable royalty.

The definition of a reasonable royalty for design patent infringement is the same as the definition I explained to you in Jury Instruction No. 22.  However, wherever in that Instruction I referred to the patented invention or a utility patent, you should now focus on the design patents or patented designs.

**Source:**  Final Jury Instruction No. 32 (Dkt. No. 2784 at 44); Tentative Final Jury Instruction No. 32 (Dkt. No. 3442 at 48); Adapted from N.D. Cal. Model Patent Jury Instruction B.5.6, B.5.7

### Samsung's Position

Samsung objects to this instruction on multiple grounds.

**1.**      Samsung objects to the instruction's first clause, which states that a royalty is to be awarded only "[i]f Apple has not proved its claim to Samsung's total profits."  This clause again suggests incorrectly that "total profits" means "all of Samsung's profits on its smartphones," when in fact "total profit" means "all of Samsung's profits on the articles of manufacture identified by the jury."  The jury should be instructed accordingly.  Samsung's Proposed Final Jury Instruction No. 46 correctly makes clear that "Apple is entitled to recover the greater of Samsung's profit made on the 'article of manufacture' to which the design was 'applied,' or else a reasonable royalty for Samsung's use of the patented design."

**2.**      Samsung restates and reincorporates its objections to Apple's Proposed Final Jury Instruction No. 22, which also apply here.  In particular, but without limitation, Samsung objects to Apple's failure to include an instruction requiring the jury to apportion any reasonable royalty

1   award.  *See, e.g., Exmark*, 879 F.3d at 1348; *Ericsson*, 773 F.3d at 1226.  Samsung's Proposed

2   Instruction No. 24.

3       **3.**      Samsung objects to Apple's omission of an instruction stating that  "A reasonable

4   royalty for use of a design patent must be based on the value that is attributable to use of the

5   patented design itself, and not on the value of the physical article to which the design may have

6   been applied."  Samsung's Proposed Final Jury Instruction No. 47.  This instruction is necessary to

7   clarify the interplay between Sections 284 and 289.  A royalty award must correspond with "the

8   use made of the invention by the infringer," 35 U.S.C. § 284, and in the case of a design patent the

9   "invention" that may be protected by a patent is the ornamental design—not the article to which it

10  may be applied, *see In re Zahn*, 617 F.2d 261, 268 (C.C.P.A. 1980) ("Referring to the express

11  words of § 171, … we are of the opinion that the word 'therefor' in the phrase 'may obtain a patent

12  therefor' refers back to 'design,' not to 'article of manufacture.'").  Thus, when a plaintiff seeks

13  damages for infringement of a design patent, those damages must be limited to those that are

14  "attributable to the use of the infringing design."  *Dobson v. Dornan*, 118 U.S. 10, 17 (1886); *see*

15  *Dobson v. Hartford Carpet Co.,* 114 U.S. 439, 444 (1885).

16      Samsung's proposed instruction does the opposite of "conflating" § 284 and § 289, as

17  Apple wrongly suggests:  It makes clear that the rules for recovery *differ* as between the two

18  provisions.  And Apple is simply wrong to suggest that the jury could base a royalty for use of a

19  single design on the "product as a whole":  The entire market value rule does not apply, and

20  accordingly any royalty must be apportioned down to the value of the invention itself (here, the

21  design rather than any physical article).  *See, e.g., Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d

22  1201, 1227 (Fed. Cir. 2014).  The enactment of § 289 and its predecessor did not disturb this

23  requirement to apportion royalty damages down to the value of the design (not the physical article)

24  under § 284, whose enactment post-dates Section 289.  The *Dobson* decisions thus remain good

25  law as to design-patent damages under § 284.  Indeed, both the *Dobson* rule and the Federal

26  Circuit's modern apportionment cases are underpinned by *Garretson v. Clark*, 111 U.S. 120

27

28

133

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**United States District Court**
For the Northern District of California

1    (1884). *See Dobson v. Hartford Carpet Co.*, 114 U.S. at 444; *Exmark*, 879 F.3d at 1348 (both

2    relying on *Garretson*).

3        **4.**    Given the changes in governing law and circumstances since 2013, the law of the

4    case does not preclude Samsung's proposed instructions, which are necessary to accurately explain

5    the law to the jury. *See Microsoft*, 795 F.3d at 1034 ("law of the case inapplicable" if "the

6    evidence on remand is substantially different" or "other changed circumstances exist");

7    *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1582 (Fed. Cir. 1994) (collecting similar

8    authorities). As explained earlier (*see* Samsung's objection to Proposed Instruction No. 22),

9    Federal Circuit decisions that post-date the prior trials require Samsung's proposed instructions.

10   Moreover, under the jury instructions at the prior trial, Apple was entitled to *all* of Samsung's

11   profits from the relevant phones, and the jury awarded such profits, meaning that Samsung had no

12   basis to appeal with respect to any design-patent royalty award. *See, e.g.*, *Laitram Corp. v. NEC

13   Corp.*, 115 F.3d 947, 951-52 (Fed. Cir. 1997) (mandate rule inapplicable to issues that could not

14   have been appealed). Now, however, a reasonable royalty calculated under Apple's expert's

15   methodology could far exceed the amount of profit on the relevant articles of manufacture, making

16   the requisite apportionment of design-patent royalties critical. The Court should give Samsung's

17   Proposed Instruction Nos. 24 and 47.

18       **4.**    Samsung objects to the instruction's failure to set forth Apple's burden of proof on

19   this issue. Samsung's Proposed Final Jury Instruction No. 49 correctly describes the applicable

20   burden.

21       **5.**    Samsung objects to Apple's omission of Samsung's Proposed Final Jury Instruction

22   No. 48, which is a standard instruction called for by this Court's Model Patent Jury Instruction 5.8

23   and modified to fit Apple's "bundled" reasonable-royalty theory. Model Instruction 5.8, moreover,

24   is new; the 2011 edition of the Model Instructions, which was in force at the time of the 2013 trial,

25   contained no such instruction.[2] Samsung's proffered instruction is drawn directly from this new

26   model instruction, it fits the facts of this case due to the multiple asserted patents, and it is

27

28   ───────────────
     [2]    *See* https://bit.ly/2HuVFzw (archived version of Court's jury instructions website dated April 21, 2013).

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

necessary given the potential for confusion arising from the language of Apple's Proposed Final Jury Instruction No. 30.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**SAMSUNG'S FINAL JURY INSTRUCTION NO. 46**
**DESIGN PATENTS—REASONABLE ROYALTY—DEFINITION**

As I instructed you earlier, for each sale of a Samsung product containing a patented design, Apple is entitled to recover the greater of Samsung's profit made on the "article of manufacture" to which the design was "applied," or else a reasonable royalty for Samsung's use of the patented design.

If you determine that the amount of Samsung's profit on the article of manufacture to which a design was applied would be less than a reasonable royalty for Samsung's use of that design, you should determine the amount of the reasonable royalty under the definition I explained to you in Jury Instruction No. 23. However, wherever in that Instruction I referred to the patented invention or a utility patent, you should now focus on the patented design or a design patent.

**Apple's Objections**

Apple objects to Samsung's Proposed Final Jury Instruction No. 46 because it refers to "Samsung's profits" but Apple seeks Samsung's "total profit" on the "article of manufacture" to which Samsung applied Apple's patented designs. Omitting the word "total" is a misleading and inaccurate statement of the law and is prejudicial to Apple. Apple further objects to Samsung's proposed instruction because it is prejudicial to Apple to the extent it suggests to the jury that an award of a reasonable royalty is likely to be greater than an award of Samsung's total profit on the relevant article of manufacture.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1

2

## SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 47
## DESIGN PATENTS—REASONABLE ROYALTY—APPORTIONMENT

A reasonable royalty for use of a design patent must be based on the incremental value that the patented design adds to Samsung's smartphone. A reasonable royalty must separate the value of the patented design from the value of all other features of Samsung's smartphones, and cannot be based on the value of features other than the particular patented design that is the subject of the hypothetical license. You may not calculate a reasonable royalty based on a theory that Apple would have insisted on licensing multiple patents or other forms of intellectual property together in a "portfolio." A reasonable royalty for use of a design patent must be based on the value that is attributable to use of the patented design itself, and not on the value of the physical article to which the design may have been applied.

**Source:** 35 U.S.C. § 284; *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC*, 879 F.3d 1332, 1348 (Fed. Cir. 2018) ("The essential requirement is that the ultimate reasonable royalty award must be based on the incremental value that the patented invention adds to the end product.") (quoting *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014)); *id.* at 869 ("A reasonable royalty analysis requires that 'the trial court ... carefully tie proof of damages to the claimed invention's footprint in the market place.'") (quoting *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010)); *Commonwealth Scientific and Indus. Research Organisation v. Cisco Systems, Inc.*, 809 F.3d 1295, 1301 (Fed. Cir. 2015) ("Under § 284, damages awarded for patent infringement 'must reflect the value attributable to the infringing features of the product, and no more.' This principle—apportionment—is 'the governing rule' 'where multi-component products are involved.'") (quoting *Ericsson*, 773 F.3d at 1226)*Ericsson*, 773 F.3d at 1226 ("the ultimate combination of royalty base and royalty rate must reflect the value attributable to the infringing features of the product, and no more"); *ResQNet.com*, 594 F.3d at 869 ("At all times, the damages inquiry must concentrate on compensation for the economic harm caused by

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

infringement of the claimed invention."); *Open Text S.A. v. Box, Inc.*, 2015 WL 349197, *7 (N.D. Cal. Jan. 23, 2015) ("the final royalty figure must" "apportion down to the usage and importance of the accused features themselves"); *GPNE Corp. v. Apple, Inc.*, 2014 WL 1494247, *5-6 (N.D. Cal. Apr. 16, 2014) (Koh, J.) (granting Apple's motion to exclude expert analysis that was legally insufficient because it failed to apportion and instead relied on "a list of considerations that relate to the value of [the relevant field of] technology generally" and "broad statements about the general value" of the relevant technological field); *Blue Spike, LLC v. Huawei Techs. Co.*, 2016 WL 9286102, *4 (E.D. Tex. Oct. 14, 2016) (apportionment is inadequate if it does not "separate out the *patented* feature"); *Oracle Am., Inc. v. Google Inc.*, 798 F. Supp. 2d 1111, 1115 (N.D. Cal. 2011) ("the hypothetical license must be limited to the asserted claims" and cannot be based on a theory that the intellectual property at issue "was generally bundled into the technologies that [plaintiff] licensed on a portfolio basis"); *In re Zahn*, 617 F.2d 261, 268 (C.C.P.A. 1980) (design patent is awarded on a design, not on an article of manufacture); *Dobson v. Dornan*, 118 U.S. 10, 17 (1886) (design patent damages are limited to those "attributable to the use of the infringing design"); *Dobson v. Hartford Carpet Co.*, 114 U.S. 439, 444 (1885)[3]

**Apple's Objections**

Apple objects to Samsung's Proposed Final Jury Instruction No. 47 because it is barred by the Groundhog Day rule, the law of the case, and waiver. Samsung failed to request this instruction in 2013 (Dkt. 2513) and has therefore forfeited the right to request it now. The Court did not include an instruction on "Apportionment" as part of its final jury instructions in 2012 (Dkt. 1903) or in 2013 (Dkt. 2784). Samsung did not challenge the failure to give such an instruction on appeal. *See Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015). Samsung has

---

[3] The *Dobson* decision remains good law as to damages under § 284. Section 289 overrides the apportionment rule as applied to an award of *infringer's profits*, but does not affect the calculation of *damages* under § 284. *Garretson v. Clark*, 111 U.S. 120 (1884), underpins both *Dobson* and the Federal Circuit's modern apportionment cases. *See Dobson v. Hartford Carpet Co.*, 114 U.S. at 444; *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC*, 879 F.3d 1332, 1348 (Fed. Cir. 2018).

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

therefore waived any right to request this instruction.  *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2017 WL 3232424, at *15 (N.D. Cal. July 28, 2017) ("[A]n issue or factual argument waived at the trial level before a particular order is appealed, or subsequently waived on appeal, cannot be revived on remand." (citation omitted)); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2017 WL 4776443, at *15 (N.D. Cal. Oct. 22, 2017) (jury instruction became "the law of the case" because "Samsung did not appeal it"); *see also United States v. Toliver*, 672 F. App'x 689, 690 (9th Cir. 2016) (law of the case doctrine bars challenge to jury instructions previously upheld on appeal), *cert. denied*, 138 S. Ct. 115 (2017)*; United States v. Whittenburg*, 243 F.3d 552 (9th Cir. 2000) (challenges to "the trial court's jury instructions were considered on appeal" and subsequent challenges were therefore "barred . . . under the law of the case doctrine"); *Gulliford v. Thrash*, 8 F. App'x 766, 768 (9th Cir. 2001) (abuse of discretion for district court judge to amend jury instructions in second trial absent applicable exception to law of the case doctrine) (unpublished); *Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1347 (Fed. Cir. 2001) ("[B]y failing to appeal" an issue, the party "waived this issue and was barred from raising it on remand"); *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009) (applying law of the case doctrine to foreclose renewals of challenges to jury instructions that had been adjudicated during a prior appeal); *Geldermann, Inc. v. Fin. Mgmt. Consultants, Inc.*, 27 F.3d 307, 312 (7th Cir. 1994) ("[W]hen parties do not object to jury instructions, these instructions generally become 'law of the case.'").  Even after the case was remanded to this Court from the Federal Circuit, Samsung again did not request a "Property To Be Valued" instruction for the planned 2016 trial (Dkt. 3408), and the Court again indicated in its Tentative Final Jury Instructions that it would not give such an instruction.  *See* Dkt. 3442.  This reinforces that Samsung has waived the right to propose new general civil jury instructions now.

Nor is there any legal basis to give the instruction Samsung proposes.  The Supreme Court's decision in this case addressed only infringer's profit damages under 35 U.S.C. § 289; it did not address or alter the law of reasonable royalty damages under 35 U.S.C. § 284.  Where the

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1   Court's prior instructions on design patents were not affected by the Supreme Court's decision

2   interpreting § 289, they remain the law of the case and should not amended.

3       Apple further objects to Samsung's proposed instruction because it is unnecessary.  Like

4   the reasonable royalty instruction the Court gave previously, Apple's Proposed Final Jury

5   Instruction No. 22 provides a fulsome explanation for how the jury should determine reasonable

6   royalty damages—including that the jury should consider patented versus non-patented elements.

7   *See* Dkt. 2783 at 34 (instructing jury to consider "[t]he portion of the realizable profits that should

8   be credited to the invention as distinguished from nonpatented elements, the manufacturing

9   process, business risks, or significant features or improvements added by the infringer").

10   Samsung's proposed instruction regarding "Apportionment" also would be confusing to the jury, as

11   it conflates the "article of manufacture" issue under § 289 with the reasonable royalty analysis

12   under § 284.  In addition, Samsung's proposed instruction misleadingly suggests that the jury may

13   not consider the entire smartphone at all in its reasonable royalty analysis if it believes the "article

14   of manufacture" is only a component.  However, even under that scenario, the reasonable royalty

15   law permits the jury to consider how the patented design relates to the product as a whole.  *E.g.*,

16   Dkt. 2783 at 34 (instructing jury to consider, for example, "[t]he established profitability of the

17   product made under the patents, its commercial success, and its current popularity"; "[t]he nature

18   of the patented invention, the character of the commercial embodiment of it as owned and

19   produced by the licensor, and the benefits to those who have used the invention"; "[t]he extent to

20   which the infringer has made use of the invention and any evidence probative of the value of that

21   use"; and "[t]he portion of the profit or of the selling price that may be customary in the particular

22   business or in comparable business to allow for the use of the invention or analogous inventions").

23       To the extent not covered by the foregoing objection, Apple also incorporates by reference

24   its objections to Samsung's Proposed Final Jury Instruction No. 24 ("Utility Patents—Reasonable

25   Royalty—Apportionment"), which instructs the jury on apportionment in the context of utility

26   patents.  Apple's objections apply equally to Samsung's Proposed Final Jury Instruction No. 48

27   ("Design Patents—Reasonable Royalty—Apportionment").

28

*United States District Court*
For the Northern District of California

If the Court permits an instruction regarding apportionment, Apple asks that it only be given once and in the utility patent instructions.  It may then by be incorporated here by reference.

**SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 48
DESIGN PATENTS—REASONABLE ROYALTY—MULTIPLE PATENTS**

Certain of Samsung's products were found to infringe more than one patent.  For sales of such products, you may award separate royalties to Apple for each patent that was infringed, unless you choose to award a single royalty that compensates Apple for multiple patents. You may consider the number of patent licenses that are needed for the allegedly infringing product and the effect on the hypothetical negotiation of having to pay a royalty for each of those licenses.

**Source:**  N.D. Cal. Model Patent Jury Instruction 5.8

**Apple's Objections**

Apple incorporates by reference its objections to Samsung's Proposed Final Jury Instruction No. 25.  To the extent the Court decides to give this instruction, it should do so only once and in the utility patent instructions.

**SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 49**
**DESIGN PATENTS—REASONABLE ROYALTY—BURDEN OF PROOF**

Apple has the burden to persuade you of the amount of any reasonable royalty. You should award only such reasonable royalty amounts as Apple proves by a preponderance of the evidence. While Apple is not required to prove its damages with mathematical precision, it must prove them with reasonable certainty. Apple is not entitled to damages that are remote or speculative.

**Source:**  Adapted from Final Jury Instruction No. 21 (Dkt. No. 2784 at 27).

**Apple's Objections**

Apple objects to Samsung's Proposed Final Jury Instruction No. 49 because it is duplicative of earlier instructions regarding the burden of proof.  Dkt. 2783 at 34, 39; *see* Apple's Proposed Final Jury Instruction Nos. 21 and 25.  It would be a waste of time and prejudicial to Apple to repeat that burden again.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**United States District Court**
For the Northern District of California

**SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 50
DESIGN PATENTS—STATUTORY REMEDY**

If Apple has not carried its burden to prove the amount of profit that Samsung made from infringing one (or more) of Apple's design patents, and if Apple also has not carried its burden to prove the amount of a reasonable royalty for Samsung's use of that design patent, then Apple is entitled to recover $250 to compensate it for infringement of that design patent.

**Source:**  35 U.S.C. § 289

**Apple's Objections**

Apple objects Samsung's Proposed Final Jury Instruction No. 51 because it is unsupported by any facts in this case and prejudicial to Apple.  By Samsung's own admission, the minimum total profits available to Apple as damages under § 289 is much more than $250.  Samsung has not presented or disclosed a theory under which Apple would only recover $250 for Samsung's infringement of a design patent.  Accordingly, there is no scenario at trial where Apple fails to carry its burden that it is entitled to Samsung's total profits or a reasonable royalty.  Instructing the jury on § 289's statutory remedy would serve only to prejudice Apple by introducing an absurdly small number into the total mix of figures in the jury's damages calculations, raising the possibility that the jury will improperly average down its ultimate award of damages.

Moreover, Samsung has waived any request for the Court to provide this instruction.  Samsung did not request an instruction on statutory remedies in 2012 or 2013, *see* Dkt. 2784, Dkt. 1903, and did not challenge the absence of such an instruction on appeal.  The Court should refuse to issue Samsung's Proposed Final Jury Instruction No. 51.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California

## SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 51
## DESIGN PATENTS—WHITE PHONES EXCLUDED

[Offered for purposes of preservation in light of the Court's prior ruling on this issue.  *See* Dkt. 3645, at 46-47.]

The design claimed by Apple's D618,677 patent is limited to a smartphone's front face, colored black.  A Samsung smartphone whose front face is colored white in any substantial part does not infringe the D'677 patent and may not form the basis for any damages award.

**Source:**  Dkt. 3354-03 (showing that white phones were not found to infringe D'677 patent); *Samsung elecs. Co. v. Apple Inc.*, 137 s. Ct. 429, 433 (2016) (D'677 patent "cover[s] a **black** rectangular front face") (emphasis added)

## Apple's Objections

Apple objects to Samsung's Proposed Final Jury Instruction No. 51 as contrary to the Groundhog Day rule, the law of the case, and this Court's prior orders.  *See* Dkt. 3645 at 46 ("The Court finds that Samsung has waived its argument that the totals in JX1500 include sales of non-infringing white phones."); *see also* Dkt. 3594-4 at 3 (Apple's Motion to Exclude Mr. Wagner's Testimony Regarding, *Inter Alia*, "White" Phones); Dkt. 3617-2 at 2 (Apple's Reply In Support of Its Motion to Exclude Mr. Wagner's Testimony Regarding, *Inter Alia*, "White" Phones). Samsung's proposed instruction would also be confusing and prejudicial to Apple, because it purports to raise a question of infringement.  But, as Apple expects the jury will again be instructed, infringement has already been determined and the jury's only task at this trial will be to determine damages.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

1
2

**APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. 29**
**DESIGN PATENT DAMAGES—DATE OF COMMENCEMENT**

3

4

5

6

7

Damages that you must award Apple commence on the date that Samsung has both infringed and been notified of the design patent or patents Samsung infringed.  You may not award Apple damages for infringing a patent before Samsung had notice of Apple's claim of infringement of that patent.  I have determined that Samsung received notice of Apple's claim of infringement for the D'677 patent on April 15, 2011, and for the D'305 and D'087 patents on June 16, 2011.

8

9

10

11

**Source:**  Final Jury Instruction No. 33 (Dkt. No. 2784 at 45); Order Re: Damages (Dkt. No. 2271 at 18); Tentative Jury Instruction No. 33 (Dkt. No. 3442 at 49); Adapted from N.D. Cal. Model Patent Jury Instruction B.5.8

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 52**
**DESIGN PATENT—DATE OF COMMENCEMENT**

Apple may only obtain damages for infringement of a design patent based on sales that occurred after Samsung had notice of Apple's claim that Samsung was infringing that patent.  I have determined that Samsung received notice of Apple's claim of infringement for the D'677 patent on April 15, 2011, and for the D'305 and D'087 patents on June 16, 2011.  You should therefore calculate the amount of any award of Samsung's profit and/or reasonable-royalty damages based only on sales occurring on or after those dates.

**Source:**  Adapted from Final Jury Instruction No. 33 (Dkt. No. 2784 at 41).

**Apple's Objections**

Apple objects to Samsung's Proposed Final Jury Instruction No. 52 because it makes unnecessary and prejudicial changes to the Court's prior Final Jury Instruction No. 33.  Such changes are barred the Groundhog Day rule, the law of the case, and waiver.  The Court should instead grant Apple's Proposed Final Jury Instruction No. 29, which identical to the Court's previous instruction (Dkt. 2784 at 45), except that it adds a reference to the D'087 patent, which was not at issue in the 2013 trial.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. 30**
**MONETARY REMEDIES—ONLY ONE RECOVERY PER ACCUSED SALE**

You should award any remedy to which Apple has proven it is entitled with respect to each sale of an infringing product, except that you should not award Apple more than one type of remedy for the same sale of any infringing product.  This means that if you award infringer's profits under design patent infringement for the sale of a certain number of infringing smartphones, you may not also award reasonable royalties for those same sales.  If you award reasonable royalties for the sale of a certain number of infringing products, you may not also award design patent infringer's profits as to those same sales.

For any sale where you measure damages by a reasonable royalty, you may include royalty amounts for each patent infringed by the sale.

If a sale is awarded one form of monetary recovery, that same sale cannot be awarded another form of monetary recovery.

**Source:**  Final Jury Instruction No. 34 (Dkt. No. 2784 at 46); Tentative Final Jury Instruction No. 34 (Dkt. No. 3442 at 50)

**Samsung's Position**

Samsung objects to the omission from Apple's proposed instruction of language to the following effect, as proposed in Samsung's Proposed Final Jury Instruction No. 53: "If you award a reasonable royalty as the remedy for infringement of one of Apple's design patents, you may not award any additional remedy for infringement of any design patent based on the same sale."  Such an instruction is required because Apple is seeking a reasonable-royalty award based on the theory that it would only have licensed *all* of its design rights in a single bundle.  *See* Dkt. 3592-2, at 1-2 (collecting citations).[4]  Any such license would, under Apple's theory, cover any or all of the design patents here at issue.  Thus, a single royalty for one of the design patents would exhaust

_____

[4]   Samsung reasserts its objection to the admission of Ms. Davis' royalty opinion.

148

Apple's remedies for all three patents as to any given sale.  The jury should be instructed to that effect.

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

**SAMSUNG'S PROPOSED FINAL JURY INSTRUCTION NO. 53**
**MONETARY REMEDIES—NO DOUBLE RECOVERY**

You should award any remedy to which Apple has proven it is entitled with respect to each sale of an infringing smartphone, except that you should not award more than one remedy for any given sale.

If you find that the article of manufacture to which a patented design has been applied is the entire phone, and choose to award Samsung's profit on that sale, you may not award any further amounts for that same sale, either for infringement of another design patent or for infringement of any utility patent.

Regardless of what you find about the article of manufacture, if you award any amount of Samsung's profit for a particular sale, you may not also award a reasonable royalty for that same sale. Conversely, if you award a reasonable royalty for a particular sale, you may not also award any amount of Samsung's profit as to that sale.

If you award a reasonable royalty as the remedy for infringement of one of Apple's design patents, you may not award any additional remedy for infringement of any design patent based on the same sale.

You do not have to use the same theory to calculate the remedy for every sale. For example, you may award Samsung's profit for some sales and a reasonable royalty for other sales. If a sale is awarded one form of damages, that same sale cannot be awarded another form of damages.

**Source:** Adapted from Final Jury Instruction No. 34 (Dkt. No. 2784 at 42); *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1291-1292 (Fed. Cir. 2002) ("[W]hen both a design patent and a utility patent have been infringed [the plaintiff] … is entitled to damages for each infringement, but once it receives profits under § 289 for each sale, [the plaintiff] is not entitled to a further recovery from the same sale") (awarding infringer's profits instead of a reasonable royalty because the infringer's profits amount was greater than the reasonable royalty amount).

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**United States District Court**
For the Northern District of California

1   **Apple's Objections**

2       Apple objects to Samsung's proposed instruction because it omits and contradicts the

3   following sentence:  "For any sale where you measure damages by a reasonable royalty, you may

4   include royalty amounts for each patent infringed by the sale."  The Court previously gave that

5   instruction in 2013, Samsung did not challenge it on appeal, and it is still applicable.  *See* Dkt.

6   2783 at 43.  Apple also objects that Samsung's proposed instruction is repetitive, in that it

7   repeatedly instructs the jury that it may not award both Samsung's profits and a reasonable royalty

8   on the same sale.  The instruction need only say that once; saying it more often is confusing and

9   prejudicial to Apple.

10      Rather than issue Samsung's Proposed Final Jury Instruction No. 54, the Court should issue

11  Apple's Proposed Final Jury Instruction No. 30.  Contrary to Samsung's objections, that proposed

12  instruction fairly addresses Samsung's concerns here and accurately informs the jury that if it

13  "award[s] reasonable royalties for the sale of a certain number of infringing products, you may not

14  also award design patent infringer's profits as to those same sales."

15

16

17

18

19

20

21

22

23

24

25

26

27

28

151

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 31**
**EVIDENCE SEALED FROM THE PUBLIC**

Some evidence may be sealed from the public because it contains highly confidential business information of the parties.  You must not draw any inferences about the nature of the evidence or give any greater or lesser weight to the evidence based on whether it was sealed.

**Source:**  Final Jury Instruction No. 35 (Dkt. No. 2784 at 47); Tentative Final Jury Instruction No. 35 (Dkt. No. 3442 at 51)

JOINT PROPOSED FINAL JURY INSTRUCTIONS
5:11-CV-0846-LHK

United States District Court
For the Northern District of California