# EXHIBIT D

# **APPLE'S PROPOSED** GENERAL CIVIL INSTRUCTIONS

United States District Court
For the Northern District of Calif

5:11-CV-0846-LHK
APPLE'S PROPOSED FINAL JURY INSTRUCTIONS

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 1
DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

United State s Distri ct Cour t For the North ern Distri ct of Calif

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 2**
**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 3**
**WHAT IS EVIDENCE**

The trial is now over.  The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers have agreed.

United States District Court
For the Northern District of Calif

5:11-CV-0846-LHK
APPLE'S PROPOSED FINAL JURY INSTRUCTIONS

**JOINT PROPOSED** FINAL JURY INSTRUCTION NO. 4
**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits that were received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they said in their opening statements and throughout the trial, and what they will say in their closing arguments or at other times are all intended to help you interpret the evidence. But these arguments and statements are not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

5:11-CV-0846-LHK
APPLE'S PROPOSED FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of Calif

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 5**
**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may have been admitted for a limited purpose only.  You must consider it only for that limited purpose and for no other.

6

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 6
CHARTS AND SLIDES NOT RECEIVED IN EVIDENCE**

Certain charts and slides not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.

United States District Court

For the Northern District of Calif

7

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 7**
**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  You may use those charts and summaries as evidence, even though the underlying documents and records are not here.  You should give them only such weight as you think they deserve.

United
d
State
s
District
ct
Cour
t
For
the
North
ern
District
ct of
Calif

5:11-CV-0846-LHK
APPLE'S PROPOSED FINAL JURY INSTRUCTIONS

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 8**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

5:11-CV-0846-LHK
APPLE'S PROPOSED FINAL JURY INSTRUCTIONS

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 9**
**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness said, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testified about it. In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 10**
**IMPEACHMENT EVIDENCE – WITNESS**

The evidence that a witness lied under oath or gave different testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

United States District Court
For the Northern District of Calif

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 11
TAKING NOTES**

You may have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

United States District Court
For the Northern District of Calif

12

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 12**
**DEPOSITION IN LIEU OF LIVE TESTIMONY**

You heard some witnesses testify by deposition.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 13
## USE OF INTERROGATORIES OF A PARTY

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

14

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 14**
**EXPERT OPINION**

Some witnesses, because of education or experience, were permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

5:11-CV-0846-LHK
APPLE'S PROPOSED FINAL JURY INSTRUCTIONS

United States District Court For the Northern District of Calif

**APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. 15**
**USE OF DEVICES DURING DELIBERATIONS**

**Device Handling Directions**

The physical devices you received are evidence in this trial.

You may use them in your deliberations, and may . You may turn the devices on, but you must not connect to the Internet through the Web Browser application, butand must not alter or modify the devices in any way.

Some of the devices have SIM cards in their packaging.  These SIM cards are not to be inserted into the phones.

Some of the devices have a mobile data connection, and you will not need to take any additional action to use the Web Browser application.

Others must first be connected to the Court's Wi-Fi network to access the Internet.

Once connected, you must decline any software update notifications that may be presented to you.

You also must not download any content, such as apps, music, photographs, or games, to the devices.

5:11-CV-0846-LHK
APPLE'S PROPOSED FINAL JURY INSTRUCTIONS

1

2

3

*Connecting to the Internet*

To connect a device to the Court's Wi-Fi network, select "USDCSJ01" from the list of available wireless networks, as depicted below.

4

5



(Deleted)

6

7

8

9

**United States District Court**

For the Northern District of Calif.

10

11

12

13

14

15

16

From the Applications menu, select the Web Browser application.

17

18

19

20

21

22



(Deleted)

23

From the Court's Wi-Fi log in page, scroll to the bottom and click on the blue "Connect!" button.

24

25

26

27

28

17







*Declining System Update Notifications*

Some devices may display a "System update" notification like the ones below.

18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**

For the Northern District of Calif





19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of Calif

If you see such a screen, you must decline the request to update the system. Select "Install later" or press the "home" or "back" button to exit the notification screen.



5:11-CV-0846-LHK
APPLE'S PROPOSED FINAL JURY INSTRUCTIONS

**APPLE'S PROPOSED** FINAL JURY INSTRUCTION NO. 16
**SUMMARY OF CONTENTIONS**

I will now summarize for you each side's positions on the issues you must decide.

During a prior proceeding a jury found that Samsung's ~~13~~16 products at issue in this trial infringed one or more of the following Apple patents: U.S. Patent Nos. 7,469,381; ~~7,844,915;~~ 7,864,163; D618,677; D593,087, and D604,305. The jury also found these patents valid.

Apple seeks money damages for Samsung's infringing sales of these ~~13~~16 products.

Samsung disputes the amount of damages Apple claims.

Your sole job in this trial is to determine the amount of damages to be awarded to Apple.

United States District Court
For the Northern District of Calif.

United States District Court

For the Northern District of Calif

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 17**
**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

5:11-CV-0846-LHK
APPLE'S PROPOSED FINAL JURY INSTRUCTIONS

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 18
COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

5:11-CV-0846-LHK
APPLE'S PROPOSED FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of Calif

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 19
## RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

United
d
State
s
Distri
ct
Cour
t
For
the
North
ern
Distri
ct of
Calif

24

1

**APPLE'S PROPOSED** UTILITY PATENT JURY INSTRUCTIONS

2

3

4

5

6

7

8

9

United
d
State
s
District
ct
Cour
t

For
the
North
ern
District
ct of
Calif

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25

## ~~FINAL~~ APPLE'S PROPOSED JURY INSTRUCTION NO. 20
## UTILITY PATENTS—INTERPRETATION OF CLAIMS

A patent's claims define what is covered by the patent.  Utility patent claims are numbered sentences at the end of the patent that describe the boundaries of the patent's protection.  It is my job as judge to explain to you the meaning of any language in the claims that needs interpretation.

I have interpreted the meaning of some of the language in the utility patent claims involved in this case.  You must accept those interpretations as correct.  For claim language where I have not provided you with any meaning, you should apply the claim language's plain and ordinary meaning.

- **U.S. Patent No. 7,469,381, Claim 19**

    The term "displaying" means "showing or revealing to the viewer."

    The term "electronic document" means "a document stored in a digital format."  An "electronic document" includes, but is not limited to, a web page; a digital image; a word processing, spreadsheet or presentation document; or a list of items in a digital format.  An electronic document need not be stored in a single file.

    The term "first direction" does not require a strictly linear finger movement.

    The term "edge of the electronic document" has its plain and ordinary meaning.  An edge of an electronic document is not limited to an external edge and may be internal.

- ~~**U.S. Patent No. 7,844,915, Claim 8**~~

    ~~The term "invokes" means "causes" or "causes a procedure to be carried out."~~

- **U.S. Patent No. 7,864,163, Claim 50**

    The Court has not interpreted any terms from this patent.

United States District Court

For the Northern District of Calif

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 21**
**UTILITY PATENT DAMAGES—BURDEN OF PROOF**

I will instruct you about the measure of damages for utility patent infringement. You must determine the amount of money damages to award to Apple for Samsung's infringement. The amount of those damages must be adequate to compensate Apple for the infringement. A damages award should put Apple in approximately the financial position it would have been in had the infringement not occurred, but in no event may the damages award be less than a reasonable royalty. You should keep in mind that the damages you award are meant to compensate Apple and not to punish Samsung.

Apple has the burden to persuade you of the amount of its damages. You should award only those damages that Apple proves ~~it suffered~~ by a preponderance of the evidence. While Apple is not required to prove its damages with mathematical precision, it must prove them with reasonable certainty. Apple is not entitled to damages that are remote or speculative.

5:11-CV-0846-LHK
APPLE'S PROPOSED FINAL JURY INSTRUCTIONS

1

**FINAL JURY INSTRUCTION NO. 22**
UTILITY PATENT DAMAGES—LOST PROFITS—GENERALLY

2

3   In this case, Apple seeks to recover lost profits for the '915 patent for some of Samsung's sales of
infringing products, and a reasonable royalty on the rest of Samsung's infringing sales.

4   To recover lost profits for infringing sales, Apple must show that but for the infringement, there is
5   a reasonable probability that Apple would have made sales that Samsung made of the infringing
products.  Apple must show the share of Samsung's sales that Apple would have made if the
6   infringing products had not been on the market.

7   You must allocate the lost profits based upon the customer demand for the patented feature of the
infringing products.  That is, you must determine which profits derive from the patented invention
8   that Samsung sells, and not from other features of the infringing products.

9

United
States
District
Court

10

11

12

13

14

For
the
Northern
District of
Calif

15

16

17

18

19

20

21

22

23

24

25

26

27

28

28

**FINAL JURY INSTRUCTION NO. 23**
UTILITY PATENT DAMAGES—LOST PROFITS—FACTORS TO CONSIDER

Apple is entitled to lost profits for the '915 patent if Apple proves all of the following:

    1. that there was demand for the patented products;

    2. that there were no acceptable non-infringing substitutes for each of the infringing products, or, if there were, the number of the sales of each product made by Samsung that Apple would have made despite the availability of other non-infringing substitutes.  The time period relevant to determining availability of a non-infringing substitute is the entire period during which Samsung infringed Apple's patents.  An alternative may be considered available as a potential substitute even if it was not actually on sale during the infringement period.  Factors suggesting that the alternative was acceptable and available include but are not limited to whether the material, experience, and know-how for the alleged substitute were readily available.  Factors suggesting that the alternative was not acceptable and available include but are not limited to whether the material was of such high cost as to render the alternative unavailable and whether Samsung had to design or invent around the patented technology (or other patented technology) to develop an alleged substitute;

    3. that Apple had the manufacturing and marketing capacity to make any infringing sales actually made by Samsung and for which Apple seeks an award of lost profits; and

    4. the amount of profit that Apple would have made if Samsung had not infringed.

United States District Court
For the Northern District of Calif

1

**FINAL JURY INSTRUCTION NO. 24**

2

'915 PATENT DAMAGES—LOST PROFITS—AMOUNT OF PROFIT

3

Apple may calculate its lost profits on any lost sales by computing the lost revenue for sales it

claims it would have made but for the infringement and subtracting from that figure the amount of

4

additional costs or expenses it would have incurred in making those lost sales, such as cost of

goods, sales costs, packaging costs, and shipping costs.

5

6

7

8

9

United
d
State
s
Distri
ct
Cour
t

10

11

12

13

14

For
the
North
ern
Distri
ct of
Calif

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5:11-CV-0846-LHK
APPLE'S PROPOSED FINAL JURY INSTRUCTIONS

**FINAL JURY INSTRUCTION NO. 25**
**'915 PATENT DAMAGES—LOST PROFITS—MARKET SHARE**

One way Apple may prove the number of sales it would have made if the infringement had not happened is to prove its share of the relevant market excluding infringing products. You may award Apple a share of profits equal to that market share.

In deciding Apple's market share, you must decide which products are in Apple's market. Products are in the same market if they are sufficiently similar to compete against each other. Two products are sufficiently similar if one does not have a significantly higher price than or possess characteristics significantly different than the other.

5:11-CV-0846-LHK
APPLE'S PROPOSED FINAL JURY INSTRUCTIONS

United States District Court

For the Northern District of Calif

**JOINT PROPOSED** FINAL JURY INSTRUCTION NO. ~~26~~22
UTILITY PATENT DAMAGES—~~REASONABLY~~REASONABLE ROYALTY—
~~ENTITLEMENT~~DEFINITION

Apple ~~also seeks~~is entitled to a reasonable royalty for the infringement of its utility patents.  ~~Apple should be awarded a reasonable royalty for all infringing Samsung sales for which Apple has not proved or is not seeking lost profits damages.~~

**FINAL JURY INSTRUCTION NO. 27**

~~UTILITY PATENT DAMAGES—REASONABLY ROYALTY—DEFINITION~~

A royalty is a payment made to a patent holder in exchange for the right to make, use or sell the claimed invention. This right is called a "license." A reasonable royalty is the payment for the license that would have resulted from a hypothetical negotiation between the patent holder and the infringer taking place at the time when the infringing activity first began. In considering the nature of this negotiation, you must assume that the patent holder and the infringer would have acted reasonably and would have entered into a license agreement. You must also assume that both parties believed the patent was valid and infringed. Your role is to determine what the result of that negotiation would have been. The test for damages is what royalty would have resulted from the hypothetical negotiation and not simply what either party would have preferred.

A royalty can be calculated in several different ways and it is for you to determine which way is the most appropriate based on the evidence you have heard. One way to calculate a royalty is to determine what is called an "ongoing royalty." To calculate an ongoing royalty, you must first determine the "base," that is, the product on which the infringer is to pay. You then need to multiply the revenue the defendant obtained from that base by the "rate" or percentage that you find would have resulted from the hypothetical negotiation. For example, if the patent covers a nail, and the nail sells for $1, and the licensee sold 200 nails, the base revenue would be $200. If the rate you find would have resulted from the hypothetical negotiation is 1%, then the royalty would be $2, or the rate of .01 times the base revenue of $200.

If the patent covers only part of the product that the infringer sells, then the base would normally be only that feature or component. For example, if you find that for a $100 car, the patented feature is the tires which sell for $5, the base revenue would be $5. However, in a circumstance in which the patented feature is the reason customers buy the whole product, the base revenue could be the value of the whole product.

A second way to calculate a royalty is to determine a one-time lump sum payment that the infringer would have paid at the time of the hypothetical negotiation for a license covering all sales

United States District Court
For the Northern District of Calif

of the licensed product both past and future.  This differs from payment of an ongoing royalty because, with an ongoing royalty, the licensee pays based on the revenue of actual licensed products it sells.  When a one-time lump sum is paid, the infringer pays a single price for a license covering both past and future infringing sales.

In determining a reasonable royalty, you may consider the following factors:

1.   The royalties received by the patentee for the licensing of the patent-in-suit, proving or tending to prove an established royalty.

2.   The rates paid by the licensee for the use of other patents comparable to the patent-in-suit.

3.   The nature and scope of the license, as exclusive or nonexclusive, or as restricted or nonrestricted in terms of territory or with respect to whom the manufactured product may be sold.

4.   The licensor's established policy and marketing program to maintain his or her patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

5.   The commercial relationship between the licensor and licensee, such as whether they are competitors in the same territory in the same line of business, or whether they are inventor and promoter.

6.   The effect of selling the patented specialty in promoting sales of other products of the licensee, the existing value of the invention to the licensor as a generator of sales of his nonpatented items, and the extent of such derivative or convoyed sales.

7.   The duration of the patent and the term of the license.

8.   The established profitability of the product made under the patents, its commercial success, and its current popularity.

9.   The utility and advantages of the patented property over the old modes or devices, if any, that had been used for working out similar results.

5:11-CV-0846-LHK
APPLE'S PROPOSED FINAL JURY INSTRUCTIONS

10. The nature of the patented invention, the character of the commercial embodiment of it as owned and produced by the licensor, and the benefits to those who have used the invention.

11. The extent to which the infringer has made use of the invention and any evidence probative of the value of that use.

12. The portion of the profit or of the selling price that may be customary in the particular business or in comparable business to allow for the use of the invention or analogous inventions.

13. The portion of the realizable profits that should be credited to the invention as distinguished from nonpatented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

14. The opinion and testimony of qualified experts.

15. The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

It is up to you, based on the evidence, to decide what type of royalty is appropriate in this case.

35

**JOINT PROPOSED** FINAL JURY INSTRUCTION NO. ~~28~~23
UTILITY PATENT DAMAGES—DATE OF COMMENCEMENT

Damages that Apple may be awarded by you commence on the date that Samsung has both infringed and been notified of the patent or patents that Samsung infringed.  You may not award Apple damages for infringing a patent before Samsung had notice of Apple's claim of infringement of that patent.  I have determined that Samsung received notice of Apple's claim of infringement for the '381 patent on August 4, 2010~~; for the '915 patent on April 15, 2011;~~ and for the '163 patent on June 16, 2011.

**APPLE'S PROPOSED** DESIGN PATENT JURY INSTRUCTIONS

United
d
State
s
Distri
ct
Cour
t

For
the
North
ern
Distri
ct of
Calif

5:11-CV-0846-LHK
APPLE'S PROPOSED FINAL JURY INSTRUCTIONS

**APPLE'S PROPOSED** FINAL JURY INSTRUCTION NO. ~~29~~24
DESIGN PATENTS—INTERPRETATION OF PATENT CLAIMS

Design patents protect the ornamental appearance, including shape or configuration, of an article of manufacture. Design patents do not protect the functional aspects of how the article claimed in the patent works.

Unlike utility patents, a design patent can only have one claim. That claim covers all the figures in the patent. It is permissible to illustrate more than one embodiment of a design in a single design patent application. Each design patent contains multiple drawings to illustrate the claimed design. The scope of the claim encompasses the design's visual appearance as a whole. It does not cover a general design concept, and is not limited to isolated features of the drawings. All matter depicted in solid lines contributes to the overall appearance of the design.

It is my job as a judge to interpret for you what is claimed by the patents. You must accept my interpretations as correct. When considering the design patents, you should view certain features in the drawings in this way:

- **D618,677 Patent**

The D'677 Patent claims the ornamental design of an electronic device as shown in Figures 1-8. The broken lines in the D'677 Patent constitute unclaimed subject matter. The use of solid black surface shading on the D'677 Patent represents the color black. The use of oblique line shading on the D'677 Patent is used to show a transparent, translucent, or highly polished or reflective surface.

- **D593,087 Patent**

The D'087 Patent claims the ornamental design of an electronic device as shown in Figures 1-48. The broken lines in the D'087 Patent constitute unclaimed subject matter. Thus, the D'087 Patent claims the front face, a bezel encircling the front face of the patented design that extends from the front of the phone to its sides, and a flat contour of the front face, but does not claim the rest of the article of manufacture.

- **D604,305 Patent**

38

1
2
3
4
5
6
7
8
9

**United States District Court**

For the Northern District of Calif

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The D'305 Patent claims the ornamental design for a graphical user interface for a display screen or portion thereof, as shown in Figures 1-2.  The broken line showing of a display screen in both views forms no part of the claimed design.

5:11-CV-0846-LHK
APPLE'S PROPOSED FINAL JURY INSTRUCTIONS

**APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. ~~30~~25**
**DESIGN PATENT DAMAGES—BURDEN OF PROOF**

I will instruct you about the measure of damages for infringement of Apple's design patents.

You must determine the amount of damages to award to Apple for Samsung's infringement. The amount of those damages must be adequate to compensate Apple for the infringement. You should keep in mind that the damages you award are meant to compensate Apple and not to punish Samsung.

In relation to design patents, Apple can elect to prove either actual damages, known as compensatory damages, or it may elect to prove Samsung's profits as its measure of potential recovery with respect to the sale of each unit of an infringing product. As compensatory damages, Apple may prove a reasonable royalty for the design patent. Apple is not entitled to recover both compensatory damages and Samsung's profits on the same sale.

Apple has the burden to prove that Apple's calculation of damages is correct by a preponderance of the evidence. While Apple is not required to prove its damages with mathematical precision, it must prove them with reasonable certainty. Apple is not entitled to damages that are remote or speculative.

United States District Court
For the Northern District of Calif

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. ~~31~~26
DESIGN PATENT DAMAGES—DEFENDANT'S TOTAL PROFITS—ARTICLE OF MANUFACTURE**

Apple seeks Samsung's total profits for Samsung's infringement of the D'677, D'087, and D'305 patents.  For design patents, the law provides that an infringer who (1) applies the patented design to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design has been applied shall be liable to the patent owner to the extent of the infringer's total profit.

Determining Samsung's "total profit" for its infringement of Apple's design patents involves two steps.  First, you should identify the "article of manufacture" to which Samsung applied Apple's patented designs.  Second, you should calculate Samsung's total profit made on the article of manufacture.  It is your job as the jury to determine the "article of manufacture" to which Samsung applied Apple's patented designs, and Samsung's "total profit" made from that article of manufacture.

An "article of manufacture" is a thing made by hand or machine, and it may be either a product as a whole or a component of that product.  To identify the article of manufacture to which Samsung applied Apple's patented designs, you should consider the following four factors:

1.  The scope of the design claimed in Apple's patent, including the drawings and written description;

2.  The relative prominence of the design within the product as a whole;

3.  Whether the design is conceptually distinct from the product as a whole; and

4.  The physical relationship between the patented design and the rest of the product, including whether the design pertains to a component that a user or seller can physically separate from the product as a whole, and whether the design is embodied in a component that is manufactured separately from the rest of the product, or if the component can be sold separately.

You should consider all four factors, and no single factor is dispositive in determining the article of manufacture.  In weighing these factors, your objective should be to identify the article of

manufacture that most fairly can be said to embody Samsung's appropriation of Apple's patented designs.

In this case, Apple contends that the articles of manufacture to which Samsung applied Apple's patented designs are the whole phones.  Samsung contends that the articles of manufacture are a component or collection of components of each phone.

Apple bears the initial burden of identifying the article of manufacture for which it seeks Samsung's profits.  Apple may meet that initial burden by showing that Samsung applied the patented design to a phone that was sold.  If Apple meets its initial burden, the burden then shifts to Samsung to prove that the article of manufacture is the component or collection of components that it asserts, rather than the whole phone.

United States District Court

For the Northern District of Calif

5:11-CV-0846-LHK
APPLE'S PROPOSED FINAL JURY INSTRUCTIONS

1  In this case, Apple seeks Samsung's profits from sales of products that infringe Apple's design

2  patents.  You may award to Apple Samsung's total profit attributable to the infringing products.

3  **APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. 27**

3  **DESIGN PATENT DAMAGES—DEFENDANT'S TOTAL PROFITS—CALCULATING**

4  **TOTAL PROFIT**

5  As I stated earlier, the second step in determining total profits for design patent

6  infringement is to calculate Samsung's total profit made from sales of any articles of manufacture

7  bearing Apple's patented designs.

8  

9  Samsung's "total profit" means the entire profit on the sale of the article to which the

10  patented design is applied, and not just the portion of profit attributable to the design or ornamental

11  aspects covered by the patent.  "Total profit" does not include profit attributable to other products

12  that may be sold in association with an ~~infringing~~ article embodying the patented design.

13  Apple is entitled to all profit earned by Samsung on sales of articles ~~that infringe~~ to which

14  Samsung applied Apple's ~~design patents~~ patented designs.  Profit is determined by deducting

15  certain expenses from gross revenue.  Gross revenue is all of the infringer's receipts from the sale

16  of articles using any design found infringed.  Apple has the burden of proving Samsung's gross

17  revenue by a preponderance of the evidence.

18  

19  Expenses can include costs incurred in producing the gross revenue, such as the cost of the goods.

20  Other costs may be included as deductible expenses if they are directly attributable to the sale or

20  manufacture of the infringing products resulting in a nexus between the infringing products and the

21  expense.  Samsung has the burden of proving the deductible expenses.

**United States District Court**
For the Northern District of Calif

5:11-CV-0846-LHK
APPLE'S PROPOSED FINAL JURY INSTRUCTIONS

**APPLE'S PROPOSED** FINAL JURY INSTRUCTION NO. ~~32~~28
**DESIGN PATENT DAMAGES—REASONABLE ROYALTY**

If Apple has not proved its claim to Samsung's total profits, then Apple should be awarded a reasonable royalty for all infringing sales by Samsung.  In no event should the damages you award Apple for design patent infringement be less than a reasonable royalty.

The definition of a reasonable royalty for design patent infringement is the same as the definition I explained to you in Jury Instruction No. ~~27~~22.  However, wherever in that Instruction I referred to the patented invention or a utility patent, you should now focus on the design patents or patented designs.

**APPLE'S PROPOSED FINAL JURY INSTRUCTION NO. ~~33~~29**
**DESIGN PATENT DAMAGES—DATE OF COMMENCEMENT**

Damages that you must award Apple commence on the date that Samsung has both infringed and been notified of the design patent or patents Samsung infringed.  You may not award Apple damages for infringing a patent before Samsung had notice of Apple's claim of infringement of that patent.  I have determined that Samsung received notice of Apple's claim of infringement for the D'677 patent on April 15, 2011, and for the D'305 ~~patent~~and D'087 patents on June 16, 2011.

**APPLE'S PROPOSED** FINAL JURY INSTRUCTION NO. ~~34~~30
**MONETARY REMEDIES—ONLY ONE RECOVERY PER ACCUSED SALE**

You should award any remedy to which Apple has proven it is entitled with respect to each sale of an infringing ~~smartphone or tablet~~product, except that you should not award Apple ~~twice~~more than one type of remedy for the same sale of any infringing ~~smartphone or tablet~~product.  This means that if you award infringer's profits under design patent infringement for the sale of a certain number of infringing smartphones, you may not also award ~~lost profits for the '915 patent or~~reasonable royalties for those same sales.  If you award ~~lost profits for the '915 patent or~~reasonable royalties for the sale of a certain number of infringing ~~smartphones or tablets~~products, you may not ~~also~~ award ~~design patent~~ infringer's profits as to those ~~smartphones or tablets~~same sales.  ~~You do not have to use the same theory to calculate damages for every sale, however.  For example, an award may be split between lost profits for some sales and a reasonable royalty for the remainder of sales of a product that infringes the '915 patent.~~

For any sale where you measure damages by a reasonable royalty, you may include royalty amounts for each patent infringed by the sale.

If a sale is awarded one form of monetary recovery, that same sale cannot be awarded another form of monetary recovery.

**JOINT PROPOSED** FINAL JURY INSTRUCTION NO. ~~35~~31
EVIDENCE SEALED FROM THE PUBLIC

Some evidence may be sealed from the public because it contains highly confidential business information of the parties.  You must not draw any inferences about the nature of the evidence or give any greater or lesser weight to the evidence based on whether it was sealed.

United States District Court For the Northern District of Calif

47