United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO. LTD., et al.,<br><br>        Defendants. | Case No. 11-CV-01846-LHK<br><br>**ORDER RE: APPLE MOTION IN LIMINE #3 AND SAMSUNG MOTIONS IN LIMINE # 1-3**<br><br>Re: Dkt. Nos. 3648-3, 3649, 3650, 3651 |

On April 9, 2018, the parties each filed three motions in limine in advance of the second damages retrial in this case scheduled to begin on May 14, 2018. The Court finds Apple's Motion In Limine #3 and Samsung's Motions In Limine #s 1, 2, and 3 appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). Having considered all of the arguments raised in the parties' submissions, the relevant law, and the record in this case, the Court sets forth its rulings below.

## I. BACKGROUND

Apple filed motions in limine related to (1) Samsung's alleged "independent development" evidence, *see* ECF No. 3646; (2) evidence of unasserted patents, *see* ECF No. 3647-3; and (3) evidence post-dating the damages period, *see* ECF No. 3648-3. Samsung opposed each of Apple's

1

Case No. 11-CV-01846-LHK
ORDER RE: APPLE MOTION IN LIMINE #3 AND SAMSUNG MOTIONS IN LIMINE # 1-3

1 motions. ECF Nos. 3657, 3658, 3659.

Samsung filed motions in limine related to (1) Samsung's increased market share, *see* ECF No. 3649; (2) evidence or argument suggesting that the relevant articles of manufacture have already been determined, *see* ECF No. 3650; and (3) evidence or argument related to the '915 patent, *see* ECF No. 3651. Apple filed responses to each of Samsung's motions, sometimes agreeing in part with Samsung. ECF Nos. 3654, 3655, 3657.

## II. LEGAL STANDARD

The Court has broad discretion to manage the conduct of a trial and the evidence presented by the parties. *See, e.g.*, ECF No. 3380 at 5 (collecting cases). In addition, the Federal Rules of Evidence "confer broad discretion on the trial judge to exclude evidence on any of the grounds specified in Rule 403." *United States v. Hearst*, 563 F.2d 1331, 1349 (9th Cir. 1977); *see also United States v. Olano*, 62 F.3d 1180, 1204 (9th Cir. 1995) ("trial courts have very broad discretion in applying Rule 403" (quoting *Borunda v. Richmond*, 885 F.2d 1384, 1388 (9th Cir. 1988) (alteration omitted)). Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Each ruling below balances the factors set forth in Rule 403.

## III. DISCUSSION

### A. Apple's Motions In Limine

#### 1. Apple's Motion In Limine #3 – Evidence Post-Dating the Damages Period

Apple's third motion in limine seeks to exclude several categories of evidence that Apple alleges post-date the damages period, which is between 2010 and 2012. ECF No. 3648-3. Specifically, Apple objects to Samsung expert Sam Lucente's reference to 2017 articles that allege that Apple slows down iPhones released in 2014, two years after the damages period in the instant case, in order to preserve the phones' battery life, which is not relevant to the design patents that are the subject of the upcoming trial. Apple also objects to Mr. Lucente's reference to Apple iPhone models and advertisements that post-date the relevant damages period by two to six years.

2

The Court finds that these categories of evidence are not relevant to the retrial, which is limited to sales between 2010 and 2012. Even if this evidence were somehow relevant, such relevance would be substantially outweighed by the risk of confusing the issues, misleading the jury, wasting time, and unfair prejudice to Apple. Fed. R. Evid. 403. Accordingly, Apple's motion is GRANTED insofar as Apple seeks to exclude references to iPhone models that post-date the damages period, marketing that post-dates the damages period, and news articles that post-date the damages period that allege that Apple slows down iPhones to conserve battery life.

Apple also objects to Samsung's use of a spreadsheet and a chart that Samsung created in December 2017. *Id.* at 2. The spreadsheet "includes a list of smartphone components and then places an 'X' or an 'O' to indicate whether the component relates to Samsung's alleged [articles of manufacture] in this litigation." *Id.* The chart lists the suppliers of certain components in Samsung's infringing products. Apple argues that these documents were created specifically for this litigation, not in the normal course of business. Apple argues that allowing Samsung to use these documents would be unduly prejudicial to Apple, but Apple does not explain what about these documents would prejudice Apple. *Id.* Samsung responds that the data underlying both documents relates to the relevant time period and was previously produced. Samsung adds that Samsung created these documents in response to discovery requests from Apple. ECF No. 3659 at 1-2. The Court reopened discovery related to the identity and profits associated with the relevant articles of manufacture. *See* ECF No. 3538 at 3:22-4:1, 18:18-19:2. These documents are relevant to identifying the articles of manufacture under the new four-factor article of manufacture test, as well as to calculating the related profits. This probative value is not substantially outweighed by any prejudice to Apple. Accordingly, Apple's third motion in limine is DENIED insofar as Apple seeks to prevent Samsung from relying on the spreadsheet or chart identified in Apple's motion because the spreadsheet and chart were created after the damages period.

Apple also objects to Samsung's use of printouts of websites that Samsung created in November and December 2017. These printouts are from websites "where people today can allegedly purchase smartphone replacement parts." ECF No. 3648-3 at 3. Apple argues that these

3

Case No. 11-CV-01846-LHK
ORDER RE: APPLE MOTION IN LIMINE #3 AND SAMSUNG MOTIONS IN LIMINE # 1-3

printouts are not relevant because they are not from the damages timeframe and that the 2017 prices would be misleading to the jury. *Id.* Apple adds that there is no record of what these websites would have looked like in 2010-12. *Id.* Samsung responds that the evidence is highly probative of the fourth factor of the article of manufacture test, which includes whether a component can be sold separately. ECF No. 3659 at 2-3. Samsung also offers to redact the prices to avoid confusing the jury. *Id.* at 3. Even though this evidence is not from the damages period, the Court nonetheless finds that it is relevant under Federal Rule of Evidence 401 because evidence that the relevant components were sold separately in 2017 tends to make it more probable that the same components were sold separately during the damages period. With the prices redacted, the Court finds that the probative value of this evidence is not substantially outweighed by unfair prejudice to Apple or the risk of confusing the issues. Accordingly, Apple's second in limine is DENIED insofar as Apple seeks to exclude the evidence of replacement part websites. However, Samsung shall redact the prices from any such evidence.

Finally, Apple seeks to preclude Samsung from referencing certain parts of opinions by the Federal Circuit or the U.S. Supreme Court, which Apple contends are used misleadingly. Apple also seeks to exclude statements made by Justices of the U.S. Supreme Court during oral argument, as well as the United States' amicus brief before the U.S. Supreme Court. Samsung and its expert Mr. Lucente reference these sources in relation to the scope of Apple's patents and the identity of the articles of manufacture. ECF No. 3648-3 at 3. Samsung responds that its expert will not instruct the jury on the law, but its expert should be allowed to testify to the legal bases for his opinions. ECF No. 3659 at 3. Questions asked at oral argument and amicus briefs are not the law, however, and Mr. Lucente's use of both runs a significant risk of confusing the issues, misleading the jury, and wasting time. Moreover, Mr. Lucente cites the Federal Circuit's and U.S. Supreme Court's descriptions of the scope of the design patents as authoritative, even though both descriptions were offered as background, not as part of a formal claim construction. *See Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 433 (2016); *Apple Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1317-18 (Fed. Cir. 2012). Such references risk misleading the jury into thinking that the

4

Case No. 11-CV-01846-LHK
ORDER RE: APPLE MOTION IN LIMINE #3 AND SAMSUNG MOTIONS IN LIMINE # 1-3

Federal Circuit or U.S. Supreme Court has performed a claim construction. It is this Court's claim constructions, which were affirmed by the Federal Circuit and which the U.S. Supreme Court did not review, that are relevant for the purposes of the retrial. Accordingly, Apple's third motion in limine is GRANTED insofar as Apple seeks to prevent Samsung or Samsung's experts from referencing the United States' amicus brief, questions asked during oral argument at the U.S. Supreme Court, and the Federal Circuit's and U.S. Supreme Court's descriptions of the design patents at issue in this case.

### B. Samsung's Motions In Limine

#### 1. Samsung's Motion In Limine #1 – Samsung's Increased Market Share

Samsung's first motion in limine seeks to exclude evidence or argument that "improperly implies that Samsung's increased market share was caused by the introduction of features found to infringe in this lawsuit." ECF No. 3649 at 1. Specifically, Samsung objects to Exhibit 11.2-PT, a demonstrative that shows Samsung's share of the U.S. smartphone market. Samsung argues that Exhibit 11.2-PT misleadingly implies that Samsung's infringement caused its market share to increase, even though Apple's expert Ms. Davis has testified that she is not offering the opinion that the infringing features caused the increase in market share. *Id.* at 2. Samsung adds that Exhibit 11.2-PT is not relevant to the current retrial because the lost profits remedy is no longer at issue. *Id.* at 2-3.

The Court finds that evidence of Samsung's market share is probative of several *Georgia-Pacific* factors, including the eighth *Georgia-Pacific* factor, which addresses the "profitability of the product made under the patent; its commercial success; and its current popularity." *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). The Court finds that the probative value of this evidence is not substantially outweighed by the risk of confusing the issues, misleading the jury, or unfair prejudice to Samsung, particularly where Samsung is free to explore the issue of causation through cross-examination. Samsung's first motion in limine is therefore DENIED.

### 2. Samsung's Motion In Limine #2 – Evidence Suggesting the Relevant Articles of Manufacture Have Already Been Determined

Samsung's second motion in limine seeks to exclude evidence or argument "suggesting that this Court, the prior jury, or the U.S. Patent and Trademark Office" has already determined the relevant articles of manufacture.[1] ECF No. 3650. Specifically, Samsung seeks to prevent Apple from referencing the MPEP. *Id.* at 2-3. Samsung also argues that the D'677 and D'087 patents provided to the jury should be redacted to excise the phrase "electronic device" as well as part of the description of the D'677 patent. *Id.* at 3; ECF Nos. 3650-1, 3650-2. Apple responds that Apple has already "represented to the Court that Apple will not argue to the jury that the Court, the prior jury, or the PTO has already decided that the articles of manufacture are the entire phones." ECF No. 3655 at 1. Apple also states that it does not intend to reference the MPEP before the jury. *Id.* at 3 n.3.

In deciding the parties' *Daubert* motions, the Court ruled that experts will not be allowed to opine that the Court's claim constructions or the previous jury determined the relevant articles of manufacture. ECF No. 3645 at 27-28. The Court also expressed its intention to "instruct the jury that identifying the relevant article of manufacture is a question for the jury." *Id.* at 28. Consistent with these previous rulings, the Court finds that allowing either party to argue or present evidence that the relevant articles of manufacture have already been determined would be misleading to the jury. Samsung's second motion in limine is thus GRANTED IN PART to the extent Samsung seeks to prevent references to the MPEP or other evidence or argument that the identity of the articles of manufacture has already been decided. However, the Court DENIES Samsung's request to redact the D'677 and D'087 patents. The patents, including their "written description[s]," are highly relevant to the first factor of the article of manufacture test. *See* ECF No. 3530 at 35. The Court finds that any potential prejudice to Samsung does not substantially

---

[1] Samsung also notes that the Court's *Daubert* order appears to have unintentionally omitted ¶ 224 of Mr. Ball's report from the Court's enumeration of material excluded because the material improperly suggests that the relevant articles of manufacture have already been determined. *See* ECF No. 3650 at 1 n.1 (citing ECF No. 3645 at 28). Samsung is correct. For the avoidance of doubt, ¶ 224 of Mr. Ball's report (ECF No. 3595-4) is excluded pursuant to the Court's *Daubert* order.

6
Case No. 11-CV-01846-LHK
ORDER RE: APPLE MOTION IN LIMINE #3 AND SAMSUNG MOTIONS IN LIMINE # 1-3

1  outweigh the probative value of the unredacted patents, particularly in light of the anticipated

2  instruction to the jury discussed above.

**3. Samsung's Motion In Limine #3 – Evidence Related to the '915 Patent**

Samsung's third motion in limine seeks to exclude evidence or argument regarding the '915 patent. ECF No. 3651. The PTAB invalidated claim 8 of the '915 patent, which was the only claim asserted in this case. The Federal Circuit affirmed the PTAB's invalidation of claim 8. *In re Apple Inc.*, 685 F. App'x 907, 909, 911 (Fed. Cir. 2017). As a result, Apple conceded that the '915 patent would not be at issue in the upcoming retrial. ECF No. 3506 at 1. Notwithstanding Apple's concession, Samsung seeks an order excluding Apple's expert Dr. Karan Singh from testifying about the technology of the '915 patent. Samsung also seeks to exclude Dr. John Hauser from testifying about his conjoint survey about consumers' willingness to pay for different features because Dr. Hauser's opinion did not analyze willingness to pay in a way that would allow the jury to remove the '915 features from the analysis. Samsung also seeks to preclude Ms. Julie Davis, Apple's damages expert, from relying on Dr. Hauser's conjoint survey.

Apple states in response that Apple "will not rely on evidence or testimony directed to the '915 patent." ECF No. 3656 at 1. Apple goes on: "To be clear, Apple will not introduce at trial the following evidence or testimony mentioned in Samsung's motion: (1) Dr. Singh's opinions regarding the '915 patent (he may testify, however, about the '163 patent); (2) Dr. Hauser's conjoint survey about consumers' willingness to pay; and (3) Ms. Davis's opinions about the results of Dr. Hauser's conjoint survey." *Id.* Accordingly, the Court GRANTS Samsung's third motion in limine. Neither side will be permitted to offer evidence, testimony, or argument related to the '915 patent, which is not at issue in this retrial.

**IT IS SO ORDERED.**

Dated: April 30, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

7
Case No. 11-CV-01846-LHK
ORDER RE: APPLE MOTION IN LIMINE #3 AND SAMSUNG MOTIONS IN LIMINE # 1-3