QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS TO TENTATIVE PRELIMINARY JURY INSTRUCTIONS** |

Samsung respectfully submits these objections to the Court's tentative preliminary jury instructions (Dkt. 3677).  The tentative preliminary instructions do not adequately explain to the jury the issues that are to be decided in the retrial, in particular the "article of manufacture" issues whose resolution is the retrial's central purpose.  A lay jury will not be acquainted either with that crucial but obscure statutory phrase, or with its legal significance in this case.  The Court should provide instructions sufficient to ensure that the jury is familiar with those concepts, and that the jury enters the trial with a framework for assessing the parties' evidence.

**1.**      In general, Samsung objects to the Court's tentative preliminary instructions on the grounds they do not provide sufficient explanation as to the nature of the case and the issues to be decided.  The Model Patent Jury Instructions specifically contemplate preliminary instructions that provide an overview of the "patent law applicable to the specific issues in the case," in order to "help focus the jury on the facts relevant to the issues it will have to decide."  N.D. Cal. Model Patent Jury Instruction A.4.  And the parties agree that substantive preliminary instructions on the fundamentals of patent law are necessary in this case (*see* Dkt. 3672-1, at 19-20, 25-26, 29).  The same is true of the "article of manufacture" issues in particular:  Jurors cannot be expected to know the significance of the term "article of manufacture" as used in § 289 and as defined by the Supreme Court.  Preliminary guidance on these novel issues is necessary to focus the jury on the relevant facts and legal principles before it begins hearing evidence.

To that end, the proposed substantive preliminary instructions (including Samsung's Proposed Preliminary Jury Instruction Nos. 2, 5, 6, and 7) should be read to the jury *before* the Court reaches the technical issues that comprise much of the tentative preliminary instructions.  Preliminary instructions are generally intended to provide the jury with a framework for understanding the trial, and they will be most effective here if the jury receives substantive instructions at the very beginning of the proceedings, immediately after Tentative Preliminary Jury Instruction No. 1.

Neither the "law of the case" doctrine nor this Court's "limited Groundhog Day rule" (*see* Dkt. 3538 at 3-4) supports omission of preliminary guidance to the jury explaining the issues to be tried.  This Court gave substantive preliminary instructions (concerning, *inter alia* patent and trade-

1   dress doctrines) at the 2012 trial (Dkt. 1427, at 19-24), and similar substantive instructions regarding

2   the issues to be addressed in the upcoming retrial are needed.  Moreover, the retrial involves *new*

3   questions governed by *new* law.  The Court has never before considered whether substantive

4   preliminary instructions are appropriate on these issues; it should do so now and should give such

5   instructions.  *See, e.g.*, *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1034 (9th Cir. 2015) ("law

6   of the case inapplicable" if "the evidence on remand is substantially different" or "other changed

7   circumstances exist"); *Dow Chem. Co. v. Nova Chem. Corp. (Can.)*, 803 F.3d 620, 628 (Fed. Cir.

8   2015) (law of the case inapplicable where there is a change in governing law); *Mendenhall v.*

9   *Barber-Greene Co.*, 26 F.3d 1573, 1582 (Fed. Cir. 1994) (collecting authorities).

10       **2.**       Samsung objects to Tentative Preliminary Jury Instruction No. 19 (Dkt 3677, at 23),

11   which omits important language proposed in Samsung's Proposed Preliminary Jury Instruction No.

12   2 (Dkt. 3672-1, at 25-26).  The tentative instruction does not include the following sentence, which

13   is an accurate statement of the law: "Because a design patent protects ornamental appearance or

14   decoration, it cannot protect the design of any feature that is not visible to a consumer."  *See In re*

15   *Stevens*, 173 F.2d 1015 (C.C.P.A. 1949).  The Court is obligated to "adequately explain the law,"

16   *Cassino v. Reichhold Chems., Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1987), and Apple has conceded

17   before the U.S. Supreme Court that a "design is applied to the exterior case of the phone.  It's not

18   applied to … all the chips and wires," and that "you can't get a design patent on something that the

19   consumer can't see."  Tr. 40, *Samsung Elecs. Co. v. Apple Inc*, No. 15-777 (2016).  The requested

20   sentence will help the jury to understand the meaning of the statutory term "ornamental design" and

21   thus aid the jury's understanding of what a design patent is and what it protects.

22          Samsung further objects to Tentative Proposed Preliminary Jury Instruction No. 19 because

23   it does not explain the use and significance of dotted or broken lines in a design patent's figures,

24   which is necessary for the jury to understand the evidence.  Following the Supreme Court's decision,

25   *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434 (2016), the scope of Apple's design patents

26   is critically relevant to determining the amount of Samsung's profit that Apple can recover—and,

27   as this Court has ruled, design patent scope "must be a central consideration" in the factfinder's

28   determination of the relevant article of manufacture.  Dkt. 3530, at 17.  The jury should receive

preliminary guidance as to key issues of patent interpretation to help it understand the evidence.  In particular, the jury should be instructed that the broken lines in the D'677 and D'087 patents do *not* show that the designs cover the entirety of a smartphone.  Absent such an instruction, the jury may incorrectly infer that the PTO has already resolved the "article of manufacture" issue—which, as the Court has correctly ruled, would be both wrong and "highly prejudicial to Samsung."  *See* Dkt. 3673, at 6; Dkt. 3645, at 27-28.  To prevent the jury from drawing such an inference as soon as it sees the patent figures, it should be instructed *in advance* about the meaning of the broken lines.

**3.**    Samsung objects to the omission of Samsung's Proposed Preliminary Jury Instruction No. 5 (Dkt. 3672-1, at 32), which accurately explains that the jury's damages award should compensate Apple for Samsung's infringement, without overcompensating Apple or punishing Samsung.  The instruction is derived from Final Jury Instruction Nos. 20 and 21 from the 2013 trial (Dkt. 2784, at 31, 38), and is consistent with language that both Apple and Samsung have proposed for use in the final jury instructions in the upcoming retrial (*see* Dkt. 3672-2, at 42, 67).

Samsung's Proposed Preliminary Jury Instruction No. 5 also accurately summarizes the forms of recovery that Apple may recover.  With respect to utility-patent infringement, Apple may recover damages in the amount of a "reasonable royalty for the use made of the invention by the infringer," measured by the outcome of a hypothetical negotiation.  35 U.S.C. § 284.  With respect to design-patent infringement, Apple may recover as damages the greater of (i) a "reasonable royalty for the use made of the invention by the infringer," measured by the outcome of a hypothetical negotiation, 35 U.S.C. § 284; and (ii) "the total profit an infringer makes from the infringement," which is (per the Supreme Court) a convenient shorthand for "all of the profit made from the prohibited conduct, that is, from the manufacture or sale of the 'article of manufacture to which [the patented] design or colorable imitation has been applied,'" *Samsung*, 137 S. Ct. at 434 (quoting 35 U.S.C. § 289).   The proposed instruction is phrased in a way that makes the basic issues comprehensible to a lay jury while leaving the specifics to be filled out through the remaining instructions and the evidence at trial.  And the proposed instruction correctly notes that lost profits are not at issue, to head off any highly prejudicial misconception that the award of damages should be measured by Apple's purported loss of profits and/or market share from Samsung's infringement.

1      **4.**      Samsung objects to the omission of Samsung's Proposed Preliminary Jury

2   Instruction No. 6 (Dkt. 3672-1, at 34), which accurately introduces the two-step process mandated

3   by 35 U.S.C. § 289.  *See Samsung*, 137 S. Ct. at 434 ("Arriving at a damages award under § 289

4   thus involves two steps. First, identify the 'article of manufacture' to which the infringed design has

5   been applied. Second, calculate the infringer's total profit made on that article of manufacture.").

6   The instruction further summarizes the significance of the terms "article of manufacture" and

7   "applied," offering the jury examples (a dinner plate and a kitchen oven) that the Supreme Court

8   itself used to illustrate the concept of an "article of manufacture" and related legal principles.

9   *Samsung*, 137 S. Ct. at 432.  These examples are accurate, and Samsung's proposed instruction

10  correctly sets forth the law without burdening and confusing the jury with details that are irrelevant

11  and unnecessary at this preliminary stage.  The proposed instruction properly "tell[s] [the] jurors

12  what their practical tasks are under the law, rather than providing raw legal texts for jurors to digest,"

13  *Achor v. Riverside Golf Club*, 117 F.3d 339, 340 (7th Cir. 1997), and will thus aid the jury's

14  understanding of the critical statutory terms.

15      The proposed instruction also properly states that Apple is entitled to Samsung's profit, "if

16  any," from the articles of manufacture to which the patented designs were applied.  Apple bears the

17  burden of proving such profit.  *See, e.g.*, *Schaffer v. Weast*, 546 U.S. 49, 57 (2005) (discussing

18  "ordinary default rule" that "plaintiffs bear the burden of persuasion regarding the essential aspects

19  of their claims"); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009) ("The

20  burden of proving damages falls on the patentee.");  Dkt. 3530, at 21-28.  Neither the existence of

21  profits nor their amount may be presumed.  *See* 35 U.S.C. § 289 (providing alternative minimum

22  remedy of $250 in the event no profits are proven); H.R. Rep. No. 49-1966, at 3 (Congress intended

23  patentee only to recover an infringer's profit "*if he can prove that profit*").  If Apple fails to carry

24  its burden at either step of the § 289 inquiry, it is not entitled to any § 289 recovery.

25      Conversely, the proposed instruction properly omits the phrase "total profit."  That language

26  confusingly and misleadingly suggests that Apple is necessarily entitled to all of Samsung's profits

27  from the accused smartphones, when in fact the whole reason for the new trial is the Supreme

28  Court's holding that Apple may be entitled only to some of those profits (*i.e.*, those from the

1   component articles of manufacture to which the jury may find the designs were applied).  "To repeat

2   statutory language is not sufficient unless its meaning and application to the facts are clear without

3   explanation," *Structural Rubber Prod. Co. v. Park Rubber Co.*, 749 F.2d 707, 723 (Fed. Cir. 1984)

4   (citation omitted), and here omission of the word "total" is necessary in order to avoid confusion

5   about the actual rule of law that the jury is to apply.

6        **5.**        Samsung objects to the omission of Samsung's Proposed Preliminary Jury

7   Instruction No. 7 (Dkt. 3672-1, at 37-38), which is appropriate to introduce the jury to the "article

8   of manufacture" test that it will be called upon to apply.   The proposed instruction presents two

9   variants, both of which properly explain (i) that the jury's overarching objective should be to identify

10   the article of manufacture that most fairly may be said to reflect Samsung's appropriation of Apple's

11   patented design, (ii) that the jury should consider which party's characterization would appropriately

12   compensate (rather than over-compensate) Apple for the contribution of the patented design to the

13   value of Samsung's smartphones, and (iii) that the jury should seek to ensure that neither party will

14   have what justly belongs to the other.  This language provides guidance to the jury as to its objective

15   in weighing the four factors adopted by the Court, and is supported by the very submission from

16   which the Court drew those factors (and the authorities cited therein).  U.S. Br. 26-27 (*citing, e.g.*,

17   *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 402-08 (1940)).  The proposed instruction

18   also properly directs that the jury not consider references in the patents to an "article of

19   manufacture."  Such references cannot expand the scope of a patented design, nor can they dictate

20   the articles of manufacture to which Samsung applied Apple's patented designs.   The Solicitor

21   General correctly explained that a patent's title cannot determine the article of manufacture to which

22   a design may later be applied.  U.S. Br. 28.

23        Samsung's proposed Instruction No. 7[a] states the correct, two-factor test for identifying

24   the article of manufacture to which a patented design has been applied under § 289.  Dkt. 3672-1,

25   at 37.  For all the reasons explained in Samsung's summary-judgment briefing and elsewhere (*e.g.*,

26   Dkt. 3592-2, at 2-4; Dkt. 3615, at 3), factors 2 and 3 of the Solicitor General's test have no statutory

27   basis and will be prejudicially misleading and confusing to the jury.  *See, e.g.*, *U.S. ex rel. Hartpence*

28   *v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1129 (9th Cir. 2015) (declining "to read a nonexistent,

extra-textual third requirement into" federal statute); *Timex V.I., Inc. v. United States*, 157 F.3d 879, 883 (Fed. Cir. 1998) (similar).  Samsung has never consented to a four-factor test (*see, e.g.*, Dkt. 3615, at 1-2), and continues to object to it.

Without waiving its objection to a four-factor test, Samsung objects to the tentative instructions' omission of Samsung's Proposed Preliminary Jury Instruction No. 7[b].  Dkt. 3672-1, at 37-38.  That proposed alternative instruction properly summarizes the four factors that the Court adopted, while making clear that the substance of the factors will be fully explained at the close of trial.  If the Court retains a four-factor test, it should introduce those factors at the beginning of the trial so that the jury knows the bases on which it is to evaluate the evidence as it is introduced at trial.

**6.** In response to the Court's directive (Dkt. 3677, at 27 n.1), the product in question (JX1032) is called the "Galaxy S II (i9100)."


DATED:  May 3, 2018                    Respectfully submitted,

                                       QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP


                                       By  */s/ Victoria F. Maroulis*
                                         John B. Quinn
                                         Kathleen M. Sullivan
                                         William C. Price
                                         Michael T. Zeller
                                         Kevin P.B. Johnson
                                         Victoria F. Maroulis

                                       Attorneys for SAMSUNG ELECTRONICS CO.,
                                       LTD., SAMSUNG ELECTRONICS AMERICA,
                                       INC., and SAMSUNG TELECOMMUNICATIONS
                                       AMERICA, LLC