United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO. LTD., et al.,<br><br>        Defendants. | Case No. 11-CV-01846-LHK<br><br>**ORDER RE: DISPUTED EVIDENTIARY ISSUES**<br><br>Re: Dkt. No. 3661 |

In the parties' joint pretrial conference statement, Samsung raises a range of disputed evidentiary issues, which Samsung numbered 4 through 23. ECF No. 3661 at 30-36. Apple responds to these disputed evidentiary issues in the joint pretrial conference statement. *See id.* at 23-29.

With respect to the following two issues, Samsung shall submit supplemental briefs of no more than two pages for each of the two topics below by 5:00 p.m. on May 4, 2018. Apple shall file responses of no more than two pages per topic by 5:00 p.m. on May 7, 2018.

- Samsung Disputed Evidentiary Issues Nos. 6 and 8: Whether Apple can assert that a jury found any Samsung phone updated to an alternative design for the applications menu to infringe the D'305 patent. Samsung shall identify in its supplemental brief when it first raised the issue of updated application menus.

1
Case No. 11-CV-01846-LHK
ORDER RE: DISPUTED EVIDENTIARY ISSUES

- Samsung Disputed Evidentiary Issue No. 17: Whether Samsung may introduce at trial the prior testimony of Mr. Bressler (and Dr. Kare) regarding infringement where the Court relied on that testimony, among other things, as supporting the need for a new trial. Samsung shall specify whether it envisions using Mr. Bressler's deposition testimony or Mr. Bressler's prior trial testimony.

In addition, in order to lessen the burden on the parties and the Court during trial, the Court finds that some of Samsung's other disputed evidentiary issues are appropriate for resolution without further briefing. Accordingly, the Court rules as follows:

### 1. Samsung's Disputed Evidentiary Issue No. 4 – Experts Who Previously Testified

Samsung appears to dispute whether Apple may call Dr. Singh and Dr. Balakrishnan, two computer science experts who testified at the previous two trials in this case about the same two Apple utility patents at issue in the upcoming trial. Apple did not disclose these experts on December 15, 2017 at the time Apple disclosed Dr. Kare, Mr. Ball, and Ms. Davis. Because the Court only reopened discovery related to the article of manufacture and related damages issues, *see* ECF No. 3538 at 3:22-4:1, there was no need for the parties to disclose experts who would testify as to other issues. Such experts were covered by the Groundhog Day rule and no additional discovery was allowed related to them in any event. Apple will be allowed to call Dr. Singh and Dr. Balakrishnan, both of whom were previously disclosed, previously testified, and whose testimony is governed by the Groundhog Day rule.

### 2. Samsung's Disputed Evidentiary Issues Nos. 5, 7 – White Phones

The Court understands Samsung to be raising the white phone issue for the purpose of preserving the issue for appeal. The Court already ruled in its order on the parties' *Daubert* motions that Samsung "has waived its argument that the totals in JX1500 include sales of non-infringing white phones." ECF No. 3645 at 46. Samsung will not be allowed to present evidence related to white phones at trial.

### 3. Samsung's Disputed Evidentiary Issue No. 9 – Galaxy Note 7 Batteries, Bribery

Samsung seeks to prevent Apple from mentioning or seeking to introduce into evidence any negative reporting "related to Samsung or its employees that is outside the scope of the

1 specific issues to be decided by the jury, including regarding the batteries of Galaxy Note 7
2 devices or bribery charges brought against a former Samsung executive." ECF No. 3661 at 30-31.
3 Information related to the Galaxy Note 7, which is not at issue in the instant retrial, as well as
4 bribery charges against a former Samsung executive are not relevant to the instant retrial. The
5 Court will exclude such evidence under Federal Rule of Evidence 403 because its probative value
6 would be substantially outweighed by a danger of unfair prejudice to Samsung and wasting time.

**4. Samsung's Disputed Evidentiary Issue No. 10 – Dr. Kare's "Marketing Opinions"**

In its *Daubert* motions, Samsung sought to preclude Dr. Kare and Mr. Ball from offering opinions related to consumer behavior or marketing because such areas were outside Dr. Kare's area of expertise. The Court noted in its *Daubert* order that "Samsung does not identify any particular part of either Dr. Kare's reports that constitutes a marketing opinion." ECF No. 3645 at 23. Samsung now points out that the Court inadvertently overlooked paragraph 89 of Dr. Kare's opening report, which Samsung had annotated as an alleged marketing opinion. ECF No. 3661 at 31.

Samsung is correct that the Court inadvertently overlooked paragraph 89 of Dr. Kare's opening report. However, the Court denies Samsung's request to exclude that paragraph of Dr. Kare's report. In paragraph 89, Dr. Kare states that Apple's previous expert, Mr. Musika, prepared a table that summarized Apple and Samsung advertising materials, strategy documents, and survey data, among other sources of evidence. ECF No. 3595-7 ¶ 89. Dr. Kare does not offer an opinion related to Mr. Musika's table—rather, she states a factual observation that "[m]any of the items on the table specifically cited the user interface design and/or icons . . . ." *Id.* As the Court explained with respect to paragraph 223 of Mr. Ball's opening report, paragraph 89 of Dr. Kare's opening report "is not an opinion, but rather a factual statement. To the extent Samsung believes the jury should disregard [Dr. Kare]'s factual statement, Samsung may demonstrate that point through cross-examination." ECF No. 3645 at 25.

Samsung also contends that Samsung inadvertently failed to mark paragraphs 95 and 116 of Dr. Kare's opening report and paragraph 33 of Dr. Kare's reply report as marketing opinions.

3

Case No. 11-CV-01846-LHK
ORDER RE: DISPUTED EVIDENTIARY ISSUES

Paragraph 95 of the opening report and paragraph 33 of the reply report point out that Samsung's packaging included images of the D'305 design, which are factual statements, not opinions. As such, Samsung's request to exclude these portions of Dr. Kare's reports is denied.

However, paragraph 116 of Dr. Kare's opening report does opine on marketing, which is outside Dr. Kare's area of expertise. Thus, Samsung's request to exclude paragraph 116 of Dr. Kare's opening report is granted.

### 5. Samsung's Disputed Evidentiary Issue Nos. 11-14 – Dr. Reibstein

The Court understands Samsung to be raising the issues of Dr. Reibstein and survey evidence for the purpose of preserving the issues for appeal. Contrary to Samsung's claim, the Court did not preclude Samsung from introducing or relying upon survey evidence per se. The Court struck Dr. Reibstein's report for the reasons stated in its *Daubert* order, ECF No. 3645. The Court excluded Mr. Wagner's survey-based methodology as unreliable under *Daubert*. ECF No. 3645 at 36-42.

### 6. Samsung's Disputed Evidentiary Issue No. 16 – MPEP

The Court already granted Samsung's second motion in limine to the extent Samsung sought to preclude Apple from referencing the MPEP. ECF No. 3673 at 6.

### 7. Samsung's Disputed Evidentiary Issue Nos. 18-22 – Allegations of Copying

The Court understands Samsung to be raising the issue of the allegations of copying for the purpose of preserving the issue for appeal. The Court previously ruled that evidence of copying is relevant to the second factor of the article of manufacture test, the prominence of the design. ECF No. 3645 at 18-19. With respect to Samsung's alleged intent, although the Court declined to adopt the infringer's intent as a separate factor in the article of manufacture test, the Court never ruled that evidence of intent is necessarily irrelevant. *Id.* at 18.

### 8. Samsung's Disputed Evidentiary Issue No. 23 – Prior Damages, Willfulness

Samsung seeks to prevent Apple from referencing previous damages awards or willfulness verdicts. Apple concedes it does not intend to reference previous damages awards or willfulness verdicts (unless Samsung opens the door to the issue). ECF No. 3661 at 16. Pursuant to Federal

4

Case No. 11-CV-01846-LHK
ORDER RE: DISPUTED EVIDENTIARY ISSUES

Rule of Evidence 403, the Court will exclude references to previous damages awards or willfulness verdicts as irrelevant, unfairly prejudicial to Samsung, and a waste of time.

**IT IS SO ORDERED.**

Dated: May 3, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No. 11-CV-01846-LHK
ORDER RE: DISPUTED EVIDENTIARY ISSUES