United States District Court
Northern District of California

1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

NORTHERN DISTRICT OF CALIFORNIA

8

SAN JOSE DIVISION

9
10

APPLE INC.,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO. LTD., et al.,

Defendants.

Case No. 11-CV-01846-LHK

**PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)**

Dated: May 3, 2018

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

**PRELIMINARY JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the jury:  You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, these instructions will be collected and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:**

Preliminary Jury Instruction No. 1 (ECF No. 2716 at 2); Tentative Preliminary Jury Instruction No. 1 (ECF No. 3441 at 1); Ninth Circuit Model Civil Jury Instruction No. 1.2 (Mar. 2018 ed.)

United States District Court
Northern District of California

**PRELIMINARY JURY INSTRUCTION NO. 2**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.


**Source:**

Preliminary Jury Instruction No. 2 (ECF No. 2716 at 3); Tentative Preliminary Jury Instruction

No. 2 (ECF No. 3441 at 2); Ninth Circuit Model Civil Jury Instruction No. 1.9 (Mar. 2018 ed.)

United States District Court
Northern District of California

Case No. 11-CV-01846-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

**PRELIMINARY JURY INSTRUCTION NO. 3**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.  Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.  Anything you may see or hear when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Source:**

Preliminary Jury Instruction No. 3 (ECF No. 2716 at 4); Tentative Preliminary Jury Instruction No. 3 (ECF No. 3441 at 3); Ninth Circuit Model Civil Jury Instruction No. 1.10 (Mar. 2018 ed.)

Case No. 11-CV-01846-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## PRELIMINARY JURY INSTRUCTION NO. 4

### EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and for no other.

**Source:**

Preliminary Jury Instruction No. 4 (ECF No. 2716 at 5); Tentative Preliminary Jury Instruction No. 4 (ECF No. 3441 at 4); Ninth Circuit Model Civil Jury Instruction No. 1.11 (Mar. 2018 ed.)

4

**PRELIMINARY JURY INSTRUCTION NO. 5**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Source:**

Preliminary Jury Instruction No. 5 (ECF No. 2716 at 6); Tentative Preliminary Jury Instruction No. 5 (ECF No. 3441 at 5); Ninth Circuit Model Civil Jury Instruction No. 1.12 (Mar. 2018 ed.)

United States District Court
Northern District of California

**PRELIMINARY JURY INSTRUCTION NO. 6**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Source:**

Preliminary Jury Instruction No. 6 (ECF No. 2716 at 7); Tentative Preliminary Jury Instruction No. 6 (ECF No. 3441 at 6); Ninth Circuit Model Civil Jury Instruction No. 1.13 (Mar. 2018 ed.)

**PRELIMINARY JURY INSTRUCTION NO. 7**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;

2.     the witness's memory;

3.     the witness's manner while testifying;

4.     the witness's interest in the outcome of the case, if any;

5.     the witness's bias or prejudice, if any;

6.     whether other evidence contradicted the witness's testimony;

7.     the reasonableness of the witness's testimony in light of all the evidence; and

8.     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

7

United States District Court
Northern District of California

1

**Source:**

Preliminary Jury Instruction No. 7 (ECF No. 2716 at 8); Tentative Preliminary Jury Instruction

No. 7 (ECF No. 3441 at 7); Ninth Circuit Model Civil Jury Instruction No. 1.14 (Mar. 2018 ed.)

8

1
2

**PRELIMINARY JURY INSTRUCTION NO. 8**

**IMPEACHMENT EVIDENCE—WITNESS**

3

    The evidence that a witness lied under oath or gave different testimony on a prior occasion

4

may be considered, along with all other evidence, in deciding whether or not to believe the witness

5

and how much weight to give the testimony of the witness and for no other purpose.

6

7

**Source:**

8

Preliminary Jury Instruction No. 8 (ECF No. 2716 at 9); Tentative Preliminary Jury Instruction

9

No. 8 (ECF No. 3441 at 8); Ninth Circuit Model Civil Jury Instruction No. 2.9 (Mar. 2018 ed.)

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRELIMINARY JURY INSTRUCTION NO. 9**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place

10

United States District Court
Northern District of California

discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

**Source:**

Preliminary Jury Instruction No. 9 (ECF No. 2716 at 10); Tentative Preliminary Jury Instruction No. 9 (ECF No. 3441 at 9-10); Ninth Circuit Model Civil Jury Instruction No. 1.15 (Mar. 2018 ed.)

Case No. 11-CV-01846-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

**PRELIMINARY JURY INSTRUCTION NO. 10**

**NO TRANSCRIPT AVAILABLE / TAKING NOTES**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Source:**

Preliminary Jury Instruction No. 10 (ECF No. 2716 at 11); Tentative Preliminary Jury Instruction No. 10 (ECF No. 3441 at 11); Ninth Circuit Model Civil Jury Instruction Nos. 1.17, 1.18 (Mar. 2018 ed.)

Case No. 11-CV-01846-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

1

2

## PRELIMINARY JURY INSTRUCTION NO. 11

## STIPULATIONS OF FACT

3

The parties have agreed to certain facts that will be read to you.  You must therefore treat

4

these facts as having been proved.

5

6

**Source:**

7

Preliminary Jury Instruction No. 11 (ECF No. 2716 at 12); Tentative Preliminary Jury Instruction

8

No. 11 (ECF No. 3441 at 12); Ninth Circuit Model Civil Jury Instruction No. 2.2 (Mar. 2018 ed.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Case No. 11-CV-01846-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

**PRELIMINARY JURY INSTRUCTION NO. 12**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

**Source:**

Preliminary Jury Instruction No. 12 (ECF No. 2716 at 13); Tentative Preliminary Jury Instruction No. 12 (ECF No. 3441 at 13); Ninth Circuit Model Civil Jury Instruction No. 2.4 (Mar. 2018 ed.)

United States District Court
Northern District of California

1

2

**PRELIMINARY JURY INSTRUCTION NO. 13**

**USE OF INTERROGATORIES**

3

4

5

6

7

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

8

9

**Source:**

10

11

Preliminary Jury Instruction No. 13 (ECF No. 2716 at 14); Tentative Preliminary Jury Instruction No. 13 (ECF No. 3441 at 14); Ninth Circuit Model Civil Jury Instruction No. 2.11 (Mar. 2018 ed.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRELIMINARY JURY INSTRUCTION NO. 14**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source:**

Preliminary Jury Instruction No. 14 (ECF No. 2716 at 15); Tentative Preliminary Jury Instruction No. 14 (ECF No. 3441 at 15); Ninth Circuit Model Civil Jury Instruction No. 2.13 (Mar. 2018 ed.)

16

**PRELIMINARY JURY INSTRUCTION NO. 15**

**FOREIGN LANGUAGE TESTIMONY**

Languages other than English may be used during this trial.

Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know Korean, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning.

**Source:**

Preliminary Jury Instruction No. 15 (ECF No. 2716 at 16); Tentative Preliminary Jury Instruction No. 15 (ECF No. 3441 at 16); Ninth Circuit Model Civil Jury Instruction No. 2.8 (Mar. 2018 ed.)

Case No. 11-CV-01846-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

1

2

**PRELIMINARY JURY INSTRUCTION NO. 16**

**USE OF INTERPRETERS IN COURT**

3

4

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

5

6

**Source:**

7

8

Preliminary Jury Instruction No. 16 (ECF No. 2716 at 17); Tentative Preliminary Jury Instruction No. 16 (ECF No. 3441 at 17); Ninth Circuit Model Civil Jury Instruction No. 2.8 (Mar. 2018 ed.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRELIMINARY JURY INSTRUCTION NO. 17**

**EVIDENCE SEALED FROM THE PUBLIC**

Some evidence may be sealed from the public because it contains highly confidential business information of the parties.  You must not draw any inferences about the nature of the evidence or give any greater or lesser weight to the evidence based on whether it was sealed.

**Source:**

Preliminary Jury Instruction No. 22 (ECF No. 2716 at 23); Tentative Preliminary Jury Instruction No. 22 (ECF No. 3441 at 24)

United States District Court
Northern District of California

**PRELIMINARY JURY INSTRUCTION NO. 18**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source:**

Preliminary Jury Instruction No. 17 (ECF No. 2716 at 18); Tentative Preliminary Jury Instruction No. 17 (ECF No. 3441 at 18); Ninth Circuit Model Civil Jury Instruction No. 1.20 (Mar. 2018 ed.)

Case No. 11-CV-01846-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

**PRELIMINARY JURY INSTRUCTION NO. 19**

**WHAT A PATENT IS**

This case involves disputes relating to United States utility and design patents.  Before summarizing the positions of the parties and the legal issues involved in the dispute, let me take a moment to explain what patents are and how they are obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO").  There are two basic types of patents in the United States:  utility patents and design patents.  In general terms, a "utility patent" protects the way an article is used and works.  It also protects a method or process of making or doing something.  On the other hand, a "design patent" protects the way an article looks.  A design patent protects the ornamental design of an article of manufacture.  "Ornamental design" means the shape of the design and/or the surface decoration on the design.

A valid United States patent gives the patent owner the right to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, during the term of the patent without the patent holder's permission.  A violation of the patent owner's rights is called infringement.

A patent includes what is called a "specification." For a utility patent, the specification must contain a written description of the claimed invention telling what the invention is, how it works, how to make it and how to use it so others skilled in the field will know how to make or use it.  The specification concludes with one or more numbered sentences.  These are the patent "claims." When the patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

For a design patent, the specification must contain one or more drawings of the designs as well as a description of the drawings, and it serves as a single claim.  The "claim" for design patents generally refers to the drawings and how they are described.

Case No. 11-CV-01846-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

**Source:**

Preliminary Jury Instruction No. 18 (ECF No. 2716 at 19); Tentative Preliminary Jury Instruction

No. 18 (ECF No. 3441 at 19-20); United States District Court for the Northern District of

California Model Patent Jury Instruction No. A.1 (Aug. 2017 ed.)

**PRELIMINARY JURY INSTRUCTION NO. 20**

**PATENTS AT ISSUE**

There are two Apple utility patents involved in this trial:  United States Patent Nos. 7,469,381 and 7,864,163.  Utility patents are often referred to by their last three digits, so Apple's utility patents may be referred to in shorthand as the '381 and '163 patents.

There are three Apple design patents involved in this trial:  United States Patent Nos. D618,677, D593,087, and D604,305.  Design patents are often referred to by their last three digits, so the design patents here may be referred to in shorthand as the D'677, D'087, and D'305 patents.

**Source:**

Preliminary Jury Instruction No. 19 (ECF No. 2716 at 20); Tentative Preliminary Jury Instruction No. 19 (ECF No. 3441 at 21); United States District Court for the Northern District of California Model Patent Jury Instruction No. A.2 (Aug. 2017 ed.)

Case No. 11-CV-01846-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## PRELIMINARY JURY INSTRUCTION NO. 21

### THE PARTIES AND QUESTIONS TO BE DECIDED

To help you follow the evidence, I will now give you a summary of the positions of the parties with respect to the patent claims.

The parties in this case are Apple Inc., to which I will refer as "Apple," and Samsung Electronics Company Ltd., Samsung Electronics America Inc., and Samsung Telecommunications America LLC, to which I will refer collectively as "Samsung" unless I think it is important to distinguish between these entities for the purposes of a specific instruction. The case involves two United States utility patents and three United States design patents owned by Apple.

During a prior proceeding, a jury found the '381, '163, D'677, D'087, and D'305 patents valid and that each of these patents is infringed by a product marked with an x in the chart on the next page. Your sole job in this trial is to determine the amount of damages to be awarded to Apple for Samsung's infringement of these patents.

Case No. 11-CV-01846-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

| Infringing Products | Utility Patents | | Design Patents | | |
|---|---|---|---|---|---|
| | '163 | '381 | D'305 | D'677 | D'087 |
| 1 Captivate | | x | x | | |
| 2 Continuum | | x | x | | |
| 3 Droid Charge | x | x | x | | |
| 4 Epic 4G | x | x | x | | |
| 5 Fascinate | x | x | x | x | |
| 6 Galaxy S 4G | x | x | x | x | x |
| 7 Galaxy S (i9000) | x | x | x | x | x |
| 8 Galaxy S II (i9100) | x | x | | x | |
| 9 Galaxy S II (AT&T) | x | x | | x | |
| 10 Galaxy S II (Epic 4G Touch) | | | | x | |
| 11 Galaxy S II (Skyrocket) | | | | x | |
| 12 Galaxy S II (T-Mobile) | x | | | x | |
| 13 Galaxy S Showcase | | | x | x | |
| 14 Gem | | x | x | | |
| 15 Indulge | | x | x | | |
| 16 Infuse 4G | x | x | x | x | |
| 17 Mesmerize | x | x | x | x | |
| 18 Vibrant | | x | x | x | x |

**Source:**

Preliminary Jury Instruction No. 20 (ECF No. 2716 at 21); Tentative Preliminary Jury Instruction

No. 20 (ECF No. 3441 at 22); Amended Jury Verdict (ECF No. 1931 at 2-7); Joint Damages

Remedies Chart (ECF No. 3630-1); United States District Court for the Northern District of

California Model Patent Jury Instruction No. A.3 (Aug. 2017 ed.)

United States District Court
Northern District of California

**PRELIMINARY JURY INSTRUCTION NO. 22**

**OUTLINE OF TRIAL**

The trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.

The presentation of evidence will then begin.  Witnesses will take the witness stand and the documents will be offered and admitted into evidence.

Apple will start by presenting its damages contentions.  Apple's witnesses will be questioned by Apple's counsel in what is called direct examination.  After the direct examination of a witness is completed, Samsung has an opportunity to cross-examine the witness.  Apple has the burden to persuade you of its damages by a preponderance of the evidence.  Proof by a preponderance of the evidence means that you must be persuaded by the evidence that something is more likely true than not true.

After Apple has presented its witnesses, Samsung will call its witnesses, who will also be examined and cross-examined.  Samsung will present its evidence of what it believes Apple's damages to be.

Apple will have the option to put on rebuttal evidence to any evidence offered by Samsung.

Because the evidence is introduced piecemeal, you need to keep an open mind as the evidence comes in and wait for all the evidence before you make any decisions.  In other words, you should keep an open mind throughout the entire trial.

After the evidence has been presented, I will give you final instructions on the law that applies to the case, and the attorneys will make closing arguments.  Closing arguments are not evidence.  After the instructions and closing arguments, you will then decide the case.

**Source:**

Case No. 11-CV-01846-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

1   Preliminary Jury Instruction No. 21 (ECF No. 2716 at 22); United States District Court for the

2   Northern District of California Model Patent Jury Instruction No. A.5 (Aug. 2017 ed.); Ninth

3   Circuit Model Civil Jury Instruction No. 1.6 (Mar. 2018 ed.)