QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S SUPPLEMENTAL BRIEF RE DISPUTED EVIDENTIARY ISSUES NOS. 6 AND 8** |

Samsung respectfully submits this response to the Court's order of May 3, 2018 (Dkt. 3684). Disputed evidentiary issues 6 and 8 relate to design arounds that Samsung implemented for the D'305 patent. Samsung does not expect that these issues will arise at trial, as Apple has not disclosed any evidence or testimony showing a D'305-accused phone with an updated applications menu. Nevertheless, because the parties disputed these issues before in the supplemental damages briefing, Samsung provided notice of them out of an abundance of caution in the joint pretrial statement.

By way of background, Apple accused only a particular applications menu design, namely a "regular grid of icons that are *square with rounded corners*" (Dkt. 1612 at 1367:12-13 (testimony of Apple design expert Susan Kare) (emphasis added)). For example, Apple accused the Samsung Epic 4G applications menu:



(PDX14A.7-23; *see also* PX 7 (Apple's trial exhibit showing accused products); Dkt. 974-2 at 144-151 (Apple's infringement contentions for D'305).

Apple's infringement contentions did not include any application menu designs where the icons lacked squares with rounded corners. (Dkt. 974-2 at 144-151.) For example, although Galaxy S II phones were accused for other patents, none were accused of infringing D'305. Their application menus lacked consistent square backgrounds, such as the Galaxy S II (AT&T) (JX1031):



In addition to newer phones like the Galaxy S II models, Samsung later incorporated this same design-around into earlier phones, specifically the Epic 4G, Infuse 4G, and Droid Charge, which Apple accused of infringing D'305 based on the earlier design of their applications menu screens.  (*E.g.*, Dkt. 3307 at 3; Dkt. 3307-2 at 2; Dkt. 3307-3 at 6-7; Dkt. 3647-6 at 53.)  These phones incorporated a newer version of firmware with the design around in March, May, and June 2012, shortly before the 2012 trial (Dkt. 3647-6 at 53), but units with those updated designs were not presented to the jury for an infringement analysis.  Nor did the juries' damages awards indicate any finding of infringement by the design around.  (Dkt. 3354-3 at 2, 15-18.)  Apple has previously argued that certain damages exhibits (e.g., JX1500) included design-around units, but as the Federal Circuit already held, detailed information that was not listed in those exhibits, which would include firmware version, was "not introduced at trial and thus did not form the basis for the jury's damages award."  *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1224-26 (Fed. Cir. 2013).  It accordingly would be erroneous for Apple to assert that the 2012 or 2013 juries rendered an infringement verdict as to design-around phones.

In prior briefing, Apple sought post-verdict supplemental damages for any and all units of the Droid Charge, regardless of whether the unit incorporated a design around or not.  (Dkt. 3376-3 at 13-14.)  Samsung opposed this effort on numerous grounds.  (Dkt. 3354-3.)  Before the Court ruled on the dispute, Apple's motion was dismissed without prejudice because the proceedings had been stayed in light of the Supreme Court appeal.  (Dkt. 3473 at 2.)  If after the current trial, Apple once again seeks supplemental damages for the same units it previously included in its motion, Samsung intends to oppose that motion.  Samsung therefore included as disputed evidentiary issues these specific disagreements between the parties regarding D'305 design arounds.

Samsung first raised the issue of updated applications menus for accused D'305 phones in opposition to Apple's motion for a permanent injunction.  (*See* October 19, 2012 Lucente Declaration, Dkt. 2057, ¶¶ 22-24.)

The Court should rule that Apple may not offer evidence or argument to suggest that the 2012 or 2013 juries rendered infringement verdicts for phones incorporating unaccused D'305 design arounds.

DATED:  May 4, 2018

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Victoria F. Maroulis*
   John B. Quinn
   Kathleen M. Sullivan
   William C. Price
   Michael T. Zeller
   Kevin P.B. Johnson
   Victoria F. Maroulis

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC