QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>           Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>           Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S SUPPLEMENTAL BRIEF RE DISPUTED EVIDENTIARY ISSUE NO. 17** |

Samsung respectfully submits this response to the Court's order of May 3, 2018 (Dkt. 3684). The Court should admit the prior trial testimony of Apple's expert Peter Bressler at the retrial for all purposes. Samsung does not seek to introduce Mr. Bressler's deposition testimony.[1]

**1.** Mr. Bressler testified at the 2012 trial regarding Samsung's alleged infringement of Apple's D'677 and D'087 patents:

***D'677 Patent***. Mr. Bressler testified that the D'677 patent covers only "the front face of an electronic device that is black in color," and that "all it's claiming is that front face"—*i.e.*, "the area in the solid lines." Dkt. 1611 at 1014-15. Mr. Bressler testified that Samsung's phones infringed because they "ha[d] a flat, uninterrupted surface that is rectangular in proportions described in the '677 patent," and contained other ornamental features claimed by the patent. *Id.* at 1050. Mr. Bressler considered only the "front of the" phones. *Id.* He "did not consider" other components, because they were "not part of the claimed design." *Id.* at 1050-51. Mr. Bressler explained that he "looked at" the phones' backs, but "did not consider [them] as part of [his] analysis … [b]ecause it is the back of the phone and this patent is specifically for the face of the phone." *Id.* at 1051.

***D'087 Patent.*** Mr. Bressler testified that the D'087 patent does not "claim[] the body" of a phone, but only its "flat front face and the bezel." *Id.* at 1018-19. In opining that Samsung's phones infringe the D'087 patent, Mr. Bressler examined only their front faces and bezels. *Id.* at 1058.

**2.** The testimony summarized above is highly relevant and probative of factors 1 and 4 of the Court's AOM test. As to factor 1, Mr. Bressler's testimony confirms that the designs are narrow in scope (*see* Dkt. 3530 at 35), and that Apple "intended [the designs] to cover" only minor "portions of the underlying product" (*see* U.S. Br. 27). As to factor 4, Mr. Bressler's testimony shows that the designs cover only particular smartphone components (the front face, and the front face and bezel), and thus "pertain[] to" and are "embodied in" only those components. *See* Dkt. 3530 at 35.

The relevance and probative value of Mr. Bressler's testimony is further established by this

---

[1] The Court previously ruled that Samsung will be permitted to use Mr. Bressler's prior testimony to impeach Apple's current expert Alan Ball, and that Susan Kare may be impeached with her own prior testimony. Dkt. 3546, at 9-11. Although the May 3 order (Dkt. 3684) and the pretrial statement (Dkt. 3661 at 33) refer to a dispute regarding Dr. Kare's prior testimony, Samsung intends to rely on that testimony only for the already-approved purpose of impeachment.

Court's express reliance on that testimony in granting a new trial. *Id.* at 31-32. The Court quoted some of the passages above as evidence that the patents "cover only certain aspects of Samsung's phones" (*id.* at 31), and ruled that "[t]he testimony about the various components of the phones at issue," including Mr. Bressler's testimony, "together with the design patents themselves, [was] enough to support" Samsung's AOM instruction. *Id.* at 32. At Apple's urging (Dkt. 3605-3 at 3), the Court has previously ruled that evidence on which the new-trial order relied is relevant and admissible in the retrial (Dkt. 3645 at 22). The same reasoning applies to Mr. Bressler's testimony.

**3.** Mr. Bressler's testimony in the prior trial is admissible non-hearsay: Apple offered that testimony *in this very case*, and thus "authorized" the statements and "manifested that it adopted or believed [those statements] to be true." Fed. R. Evid. 801(d)(2)(B)-(C). Such expert testimony constitutes the "admission of a party opponent," and Apple "cannot now exclude trial testimony that [Apple], [it]self, proffered" at the prior trial. *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1016 (9th Cir. 2008); *see, e.g.*, *Fox v. Taylor Diving & Salvage Co.*, 694 F.2d 1349, 1355-56 (5th Cir. 1983) (retained expert's prior in-court statements held admissible and binding on party that offered them); *Clanton v. United States*, 2017 WL 2637795, at *12 (S.D. Ill. June 19, 2017) (similar; collecting authorities); *Glendale Fed. Bank v. United States*, 39 Fed. Cl. 422, 425 (1997) ("When an expert witness is put forward as a testifying expert…, the prior … testimony of that expert in the same case is an admission against the party that retained him.").

**4.** Admission of the proffered testimony comports with the Court's Groundhog Day rule: If the retrial's purpose is to approximate the 2012 trial with respect to damages, while accounting for subsequent legal developments, the testimony of Apple's 2012 trial experts should be admitted.

**5.** Apple would not be unfairly prejudiced by the admission of Mr. Bressler's testimony, which Apple elicited. While Mr. Bressler may have developed a putative conflict preventing Apple from again calling him as an expert witness, that is the result of Apple's failure to retain him on appropriate terms. Samsung should not be burdened as a result. To the extent Apple believes Mr. Bressler's testimony requires explanation, it may seek to elicit appropriate testimony from Mr. Ball.

## CONCLUSION

The Court should admit Mr. Bressler's prior trial testimony at the retrial for all purposes.

| | |
|---|---|
| 1 | DATED:  May 4, 2018 |

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By */s/ Victoria F. Maroulis*
   John B. Quinn
   Kathleen M. Sullivan
   William C. Price
   Michael T. Zeller
   Kevin P.B. Johnson
   Victoria F. Maroulis

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

-3-  Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL BRIEF RE DISPUTED EVIDENTIARY ISSUE NO. 17