ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

Attorneys for Plaintiff Apple Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>           Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>           Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S RESPONSE TO SAMSUNG'S SUPPLEMENTAL BRIEF RE DISPUTED EVIDENTIARY ISSUES NOS. 6 & 8 (DKT. 3699)** |

Although Samsung listed two issues relating to "an updated applications menu" in some of its phones as "evidentiary disputes" in the Joint Pretrial Statement (Dkt. 3661 at 30), Samsung's supplemental brief makes clear that these are not issues the Court needs to decide before trial. Samsung states that "it does not expect these issues will arise at trial" (Br. 1)—which Apple understands to mean that Samsung will not challenge the infringement finding for any units in JX1500—and Apple of course does not intend to relitigate infringement at trial.

However, Apple opposes Samsung's attempt—which Samsung indicates it will raise in post-trial briefing on supplemental damages—to reinterpret the jury's infringement verdict. Samsung's suggestion that the scope of the verdict is unresolved, or limited by a non-infringement theory Samsung failed to present at trial, is baseless. The jury found that thirteen Samsung products—including the Epic 4G, Infuse 4G, and Droid Charge—infringed Apple's D'305 patent, regardless of firmware version. Dkt. 1931 at 7. Samsung never disclosed or presented a non-infringement theory based on firmware updates that allegedly designed around that patent. Having failed to raise that defense at trial or on appeal, Samsung has waived the chance to attack the verdict on such grounds now. *See* Dkt. 3430 at 2 ("[T]he Federal Circuit affirmed the validity and infringement judgments with respect to Apple's design [] patents[.]").

**1. Samsung never disclosed its D'305 new firmware non-infringement theory prior to trial, nor did it present such a defense to the jury.** Before the 2012 trial, the Joint Pretrial Statement ("JPTS") identified the thirteen Samsung products that Apple accused of infringing the D'305 patent, without limitation by firmware version. Dkt. 1189 at 3-4. Samsung's portions of the JPTS did not raise a D'305 non-infringement defense based on the release of new firmware for its phones prior to trial. *Id.* The JPTS included as "undisputed facts" the release date for each accused Samsung phone without including release dates for specific firmware versions of those phones. *Id.* at 11-12.

Samsung did not argue at trial that any accused phones designed around the D'305 patent through firmware upgrades released in the months before trial. No testimony, exhibits, or evidence was presented to the jury to that effect. After hearing evidence from both sides, the

jury found that thirteen accused Samsung products infringed the D'305 patent. Dkt. 1931 at 7. Samsung's post-trial JMOL did not seek to overturn or limit the jury's infringement verdict based on any firmware upgrade (Dkt. 1990-3 at 6-7), nor did Samsung raise the issue in its appeal. *See Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983 (Fed. Cir. 2015).

As Samsung acknowledges, Samsung did not raise its D'305 design-around theory until October 2012—months *after* the first trial. Br. at 2:23-25. And Samsung did not reveal information regarding when it released the alternative software until September 2015. *See* Dkt. 3307 at 3.[1]

**2. Samsung may not challenge the infringement verdict based on theories it failed to raise at trial.** Samsung now argues that its purported D'305 design-around evidence was "not presented to the jury for an infringement analysis" and so the jury could not have "rendered an infringement verdict as to design-around phones." Br. at 2. But any alleged design-around evidence was not passed upon by the jury because ***Samsung*** failed to raise it. If Samsung believed its pre-trial firmware updates rendered some accused phones non-infringing, then it was incumbent on Samsung to present such evidence at trial. But it did not do so. Samsung may not now argue against the verdict based on a defense it failed to disclose, assert at trial, or raise on appeal. *See* Dkt. 3645 at 46-47 (Samsung waived D'677 non-infringement defense that it did not raise during 2012 trial and did not appeal); Dkt. 3509 at 24 ("[A]n issue or factual argument waived at the trial level before a particular order is appealed, or subsequently waived on appeal, cannot be revived on remand." (quoting *Facebook, Inc. v. Power Ventures, Inc.*, 252 F. Supp. 3d 765, 775 (N.D. Cal. 2017) (Koh, J.)); *see also Kohler v. Presidio Int'l, Inc.*, 782 F3d 1064, 1069 & n.1 (9th Cir. 2015) (issue waived where it was not argued before district court or on appeal).

---

[1] Samsung stipulated during the 2012 trial—and Mr. Wagner agreed—that JX1500 showed "units and revenues for each of the accused products." Dkt. 1597, ¶ 6(a); *see also* Dkt. 3354-18, ¶ 14. JX1500 reflects data through Q2 2012 and therefore incorporates accused phones sold during the time when Samsung says it first made its firmware upgrade available, which was months before trial. *See* Br. at 2:4-6 (Samsung saying it incorporated the newer firmware version in the Epic 4G, Infuse 4G, and Droid Charge phones in March, May, and June 2012).

1
2
3   Dated: May 7, 2018                          */s/ Mark D. Selwyn*
                                                Mark D. Selwyn (SBN 244180)
4
                                                *Attorney for Plaintiff Apple Inc.*
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 7, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

>*/s/ Mark D. Selwyn*
>Mark D. Selwyn