ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S RESPONSE TO SAMSUNG'S SUPPLEMENTAL BRIEF RE DISPUTED EVIDENTIARY ISSUE NO. 17 (DKT. 3700)** |

Samsung seeks to introduce testimony this Court already has excluded. At the November 30, 2017 Case Management Conference, Samsung raised this issue by asking to call Mr. Bressler adversely. Dkt. 3546 at 10. After the Court denied that request, Samsung asked for permission "to read responsive testimony of Mr. Bressler" at the trial. *Id.* at 11. The Court unequivocally rejected that request, explaining that Samsung could only "use it as impeachment" of Apple's current design expert (Mr. Ball). *Id.* The Court also denied Samsung's request for briefing on the issue. *Id.* Ignoring the Court's ruling, Samsung nonetheless listed using Mr. Bressler's prior testimony as a purported "evidentiary dispute" in the Joint Pretrial Statement. Dkt. 3661 at 33.

There is no reason for the Court to revisit its prior ruling. Samsung has already been heard on this issue and the Court's ruling was correct. Mr. Bressler's testimony, which did not address the "article of manufacture" test, would have minimal, if any, probative value and would be cumulative and misleading to the jury. It is thus inadmissible under FRE 403. The testimony Samsung seeks to introduce says only that the D'677 and D'087 patents claim the portions of the patent drawings shown in solid lines. This testimony would add nothing to the evidence of the patents themselves, or the expert testimony that will be introduced live. Dkt. 3645 at 8 (Court noting that "in describing the patents' figures, Mr. Ball accurately states what is claimed and unclaimed subject matter"). And given that Samsung may attempt to impeach Mr. Ball with Mr. Bressler's testimony, there is no prejudice to Samsung from not being permitted to introduce Mr. Bressler's testimony directly. On the other hand, allowing Samsung to introduce Mr. Bressler's testimony would risk misleading the jury into believing that an Apple expert previously agreed with Samsung's conclusions regarding the article of manufacture, when that is not the case.

Samsung also argues—incorrectly—that Mr. Bressler's testimony is relevant because the Court relied on it in granting a new trial. While the Court cited Mr. Bressler's testimony in reciting the evidence *Samsung* pointed to in arguing for a new trial (Dkt. 3530 at 31), the Court ultimately did not rely on it. Instead, the Court's ruling was based on "the design patents" and "testimony about the various components of the phones." *Id.* at 32. That testimony was from Samsung's Justin Denison (Dkt. 1610 at 868-872) and Apple's Tony Blevins (Dkt. 1842 at 3165-

68)—not Mr. Bressler.  Dkt. 3530 at 31.  The Court also cited that same testimony from Mr. Blevins to support its ruling, referred to by Samsung (Br. 2), that iPhone evidence is admissible at this trial.  Dkt. 3645 at 22.  The Court's conclusion regarding iPhone evidence was not a blanket ruling "that evidence on which the new-trial order relied is relevant and admissible in the retrial" (Br. 2), but instead was based on multiple factors, including Samsung's contention that iPhone evidence was relevant and the Court's own analysis of its relevance.  Dkt. 3645 at 21-23.

Samsung argues that it may introduce Mr. Bressler's prior testimony on the ground that Apple "adopted" or "authorized" it under FRE 801(d)(2).  As the testimony is inadmissible under FRE 403, this argument is of no consequence—but it is wrong nonetheless.  Because experts "testify impartially in the sphere of their expertise," they are not "authorized to make an admission for that party."  *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 164 (3d Cir. 1995); *see Wilson v. Hartford Ins. Co. of the Midwest*, 2011 WL 2670199, at *2 (W.D. Wash. July 7, 2011) (expert report was not party admission under FRE 801(d)(2) because "[a]n expert is expected to form her own opinions, not the opinions of the party who hired her").  In the only binding authority Samsung cites, *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1016 (9th Cir. 2008), the court allowed a party to ***cross-examine*** an expert with his prior trial testimony—just as the Court has ruled that Samsung may cross-examine Mr. Ball with Mr. Bressler's testimony.  *Hanford* does not support allowing a party to introduce such prior testimony ***affirmatively***.  See Wright, Fed. Prac. & Proc. § 6775 (*Hanford* "should be limited to its actual holding").

Samsung's "Groundhog Day" argument is nonsensical.  By its logic, the testimony of ***every*** prior expert from the 2012 trial should be admissible, even though none of those experts (including Mr. Bressler) testified as to any dispute regarding the articles of manufacture.

Finally, if Samsung is allowed to introduce Mr. Bressler's testimony and argue that the jury's infringement verdict was based on consideration of only portions of Samsung's infringing phones, Apple should be allowed to introduce the verdict form as proof that the jury found infringement by Samsung's "products."  Dkt. 1931 at 6-7.  Direct evidence of the jury's verdict is surely at least as probative as inferential evidence regarding how it reached that verdict.

1  Dated: May 7, 2018                              */s/ Mark D. Selwyn*
                                                   Mark D. Selwyn (SBN 244180)

2

3                                                  *Attorney for Plaintiff Apple Inc.*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S RESPONSE TO SAMSUNG'S SUPPLEMENTAL BRIEF RE DISPUTED EVIDENTIARY ISSUE NO. 17
CASE NO. 11-CV-01846-LHK                       3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 7, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Mark D. Selwyn
Mark D. Selwyn