QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S RESPONSE TO COURT ORDER RE UNASSERTED PATENTS** |

Samsung submits this brief pursuant to the Court's directive to "identif[y] the universe of specific unasserted patents [Samsung] seeks to raise at trial and provide[] context for the relevance of the unasserted patents." Dkt. 3689, at 2.  Samsung does *not* intend to introduce at trial *all* of the cited evidence (Exhibits A-M hereto), but will present it only as necessary to rebut Apple's case.

Samsung bears the burden to establish relevance, *see* Wright et al., Federal Practice & Procedure § 5166, but that burden is met so long as the evidence has "***any*** tendency to make a [material] fact more or less probable than it would be without the evidence," Fed. R. Evid. 403(a) (emphasis added).  As shown below, this minimal burden is met, so the evidence is presumptively admissible. *Id.* R. 402.  Apple will therefore bear the burden to show that the evidence's "probative value is *substantially* outweighed by a danger of … unfair prejudice." *Id.* R. 403 (emphasis added); *see, e.g.*, *Phillips v. Netblue, Inc.*, 2007 WL 528722, *4 (N.D. Cal. Feb. 13, 2007).

***Samsung's D638,815 Patent.***  First, Samsung may seek to introduce into evidence its D'815 patent (DX4580), which is a Samsung design patent covering the entire exterior of a mobile phone. This patent is relevant to factor 1 of the AOM test: the contrast between the D'815 patent and Apple's patents illustrates the limited scope of Apple's claimed designs.  The D'815 patent is also relevant to factor 2:  It shows that Samsung was able to obtain its own patent on the *entire* exterior design of the Mesmerize, Fascinate, and Showcase phones, illustrating that those phones contain prominent features that contribute to their overall appearance, apart from the front face covered by the D'677 patent that the phones were found to infringe.[1]  The D'815 patent is also relevant to factor 2 insofar as Apple seeks to present evidence of alleged copying in support of its position on that factor (*see* Dkt. 3645, at 18-19):  The D'815 patent shows that the PTO considered the design of Samsung's phone exterior to be a new and novel design compared to prior designs.

***Apple's Unasserted Patents.***  Samsung may seek to introduce into evidence five Apple design patents (D580,387, D618,248, D659,160, D747,310, and D789,926; DX4559-DX4563).

These patents are relevant to factor 1 because they put Apple's asserted patents in context:

---

[1] These phones plainly practice the D'815 patent, so there will be no "satellite litigation" over that issue. Samsung expert witness Sam Lucente can testify to that effect, consistent with his expert report's statement that the D'815 patent "relates" to these phones (Dkt. 3592-25, ¶ 361).

SAMSUNG'S RESPONSE TO COURT ORDER RE UNASSERTED PATENTS

The D'387 patent shows what it looks like for a design to cover a device's *entire* exterior, while the other four Apple patents show that a design patent can cover an extremely narrow part of a device. This context will help the jury to understand the scope of what the asserted patents cover.

The D'310 and D'926 patents are also relevant to rebut Apple's contentions under factor 1 that the text and title of the asserted design patents indicates that the relevant AOM is the entire phone. *See, e.g.*, Dkt. 3595-4, ¶¶ 142-43, 153-54. Each of these unasserted patents is titled "Electronic Device," but each plainly shows a design claiming only a minor component of the overall appearance of the device. These patents thus show that the titles and written descriptions of D'677 and D'087 are not indicative of the AOMs to which Samsung applied the patented designs.

The D'248 and D'160 patents, which claim GUI designs for a calculator app screen and a calendar app icon, are similarly relevant to factor 1 because they demonstrate the absurdity of Apple's contention that the D'305 patent is "applied" to an entire phone (*e.g.*, Dkt. 3595-7, ¶ 65): Under Apple's analysis, *any* design related to a GUI would be "applied" to the entire phone.

Apple's D'387 patent is also relevant to factor 2 because it rebuts Apple's contention that Samsung copied the iPhone's *entire* "look and feel": The D'387 patent covers the *entire* exterior of the phone, yet Apple never even accused Samsung of infringing it.

Apple's unasserted patents are also relevant to factor 3, as they highlight the variety of design concepts that a smartphone may contain. Each patent claims protection for a concept that is distinct both from those protected by Apple's asserted patents and from the concept of an electronic device.

Samsung's proposed uses of these patents would not require showing that any particular phone practices the patents, so there is no concern that they would generate "satellite litigation."

***Summary Charts of Apple Patents.*** In addition to the individual Apple patents cited above, Samsung may seek to introduce two charts prepared by Mr. Lucente identifying additional smartphone-related design patents (DX4558) and utility patents (DX4565) held by Apple. These charts are relevant to the AOM analysis for the same reasons set forth above: Under factor 1, the fact that Apple holds numerous unasserted smartphone-related design patents shows that the patents that Apple has chosen to assert are narrow in scope, by highlighting many features that the patents do *not* cover. And under factor 3, the existence of numerous Apple patents covering a variety of

innovations shows that the asserted patents claim designs that are conceptually distinct from numerous other aspects of an electronic device (and, thus, from the concept of the device as a whole).

There is again no legitimate concern with "satellite litigation" surrounding these exhibits. Samsung need not show that any given phone practices any of these patents to explain to the jury that the asserted design patents do not cover any of the innovations represented on Mr. Lucente's charts. By definition, the asserted patents cannot cover the design and utility innovations protected by other patents. And, likewise, the mere fact that Apple holds numerous other patents shows that the patents it has asserted are addressed to designs that are conceptually distinct from other aspects of a device—regardless of whether the patents are practiced by any of the phones at issue.

***Prior Art Patents.*** Samsung may seek to introduce three foreign design patents, which were previously admitted as exhibits DX511, DX727, and DX728 (*see* Dkt. 1611, at 1114-15), and which are thus admissible under the Groundhog Day rule. These patents are also relevant to factor 1 of the AOM test, because they provide context for understanding the scope of the D'677 and D'087 patent claims: As Apple's expert Mr. Bressler admitted in 2012, each of these foreign patents claims a rectangular design for the front face of an electronic device, with rounded corners and a large centered display. *See id*. at 1110-17. These patents rebut Apple's contention that the D'677 and D'087 patents cover the general design concept of a "screen-centric design."

***Standard Essential Patents.*** Samsung may seek to introduce DX4523, which is a study of standard essential patents relating to LTE technology, as well as a one-page demonstrative slide summarizing studies cited in Mr. Wagner's report (*see* Dkt. 3594-6 ¶¶ 548-57). These materials are relevant to factor 3 of the AOM test, as they show the existence of conceptually distinct innovations contained in a smartphone. Further, this evidence is relevant to damages, because it confirms that components and features enabling cellular communication contribute to smartphone profitability.

***Graph of Patents.*** Finally, Samsung may introduce DX4557, a one-page graph depicting the number of patents granted to Samsung, Apple, and other technology companies since 2006. This evidence is relevant under factor 2 to rebut Apple's copying allegations. It is also relevant under factor 3 to show that Samsung has developed numerous innovations that are distinct from Apple's claimed designs. The Court has already ruled that such evidence is admissible. Dkt. 3689, at 2.

1 | DATED:  May 7, 2018

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Victoria F. Maroulis*
   John B. Quinn
   Kathleen M. Sullivan
   William C. Price
   Michael T. Zeller
   Kevin P.B. Johnson
   Victoria F. Maroulis

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC