UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO. LTD., et al.,<br><br>　　　　Defendants. | Case No. 11-CV-01846-LHK<br><br>**ORDER RE: DISPUTED EVIDENTIARY ISSUES NOS. 6, 8, AND 17**<br><br>Re: Dkt. Nos. 3661, 3699, 3700, 3706, 3707 |

In the parties' joint pretrial conference statement, Samsung raised a range of disputed evidentiary issues, which Samsung numbered 4 through 23. ECF No. 3661 at 30-36. On May 3, 2018, the Court ordered the parties to brief the following two disputed evidentiary issues:

- Samsung Disputed Evidentiary Issues Nos. 6 and 8: Whether Apple can assert that a jury found any Samsung phone updated to an alternative design for the applications menu to infringe the D'305 patent.
- Samsung Disputed Evidentiary Issue No. 17: Whether Samsung may introduce at trial the prior testimony of Mr. Bressler (and Dr. Kare) regarding infringement where the Court relied on that testimony, among other things, as supporting the need for a new trial. The Court ordered Samsung to specify whether it envisions using Mr. Bressler's deposition testimony or Mr. Bressler's prior trial testimony.

ECF No. 3684 at 1-2. Accordingly, both parties filed briefs on each issue. ECF Nos. 3699, 3700,

1

Case No. 11-CV-01846-LHK
ORDER RE: DISPUTED EVIDENTIARY ISSUES NOS. 6, 8, AND 17

1   3706, 3707.

2   With respect to Samsung's Disputed Evidentiary Issues Nos. 6 and 8, which concerns

3   alleged design-arounds for the D'305 patent, Samsung states that it "does not expect that these

4   issues will arise at trial, as Apple has not disclosed any evidence or testimony showing a D'305-

5   accused phone with an updated applications menu." ECF No. 3699 at 1.  Samsung explains that it

6   noted the issue in the parties' joint pretrial conference statement because the parties disputed the

7   issue previously in supplemental damages briefing.  *Id.*  Apple responds that "these are not issues

8   the Court needs to decide before trial."  ECF No. 3706 at 1.  Based on the parties' representations

9   that the alleged D'305 design-arounds are more appropriately dealt with in post-trial motions, the

10  Court declines to rule on Samsung's Disputed Evidentiary Issues Nos. 6 and 8 at this time.

11  The Court now turns to Samsung's Disputed Evidentiary Issue No. 17, which concerns

12  whether Samsung may affirmatively offer the 2012 trial testimony of Peter Bressler, Apple's

13  former design expert who developed a conflict with Apple after testifying adversely to Apple in

14  another case.  As a result of the conflict, Apple replaced Mr. Bressler with Alan Ball for the

15  instant retrial.  *See* ECF Nos. 3539 at 3, 3546 at 5.  At a case management conference on

16  November 30, 2017, the Court ruled that Samsung would not be allowed to affirmatively offer Mr.

17  Bressler's prior testimony.  ECF No. 3546 at 8:8-11:11.  However, the Court ruled that Samsung

18  would be allowed to use Mr. Bressler's prior testimony to impeach Apple's new expert.  Apple

19  agreed that using Mr. Bressler's prior testimony for impeachment of Apple's new expert would be

20  acceptable.

21  Samsung now seeks to introduce Mr. Bressler's 2012 trial testimony for all purposes.[1]  Mr.

22  Bressler did not testify in the 2013 damages retrial in the instant case.  Specifically, Samsung

23  focuses on Mr. Bressler's 2012 trial testimony about the scope of the D'677 and D'087 patents.

24  ECF No. 3700 at 1.  Samsung argues that Mr. Bressler's statements that he considered only the

25  "front of the" phones and "did not consider" other components because they were "not part of the

---

[1] "Samsung does not seek to introduce Mr. Bressler's deposition testimony."  ECF No. 3700 at 1.

2
Case No. 11-CV-01846-LHK
ORDER RE: DISPUTED EVIDENTIARY ISSUES NOS. 6, 8, AND 17

claimed design" are highly probative of factors 1 and 4 of the article of manufacture test. *Id.* (quoting ECF No. 1611 at 1014-15, 1050-51). Mr. Bressler's comments came in the context of his testimony describing the scope of the claims in the D'677 and D'087 patents for purposes of Apple's infringement case in the 2012 trial.

As an initial matter, Samsung effectively asks the Court to reconsider its previous ruling on Mr. Bressler's testimony, but Samsung has not met the requirements for reconsideration as set forth in Civil Local Rule 7-9(b)(1)-(3). In any event, after weighing the factors of Federal Rule of Evidence 403, the Court finds that the probative value of this testimony if Samsung offers it affirmatively is substantially outweighed by a danger of confusing the issues, misleading the jury, and needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403.

Mr. Bressler did not offer an opinion on the identity of the relevant articles of manufacture for the D'677 and D'087 patents because the identity of the articles of manufacture was not at issue in the 2012 trial. Mr. Bressler's 2012 statements that he did not consider the back of the phones when rendering his opinion on infringement—which is necessarily limited to the scope of the claim—have minimal probative value to identification of the article of manufacture, which Mr. Bressler never addressed.[2] Thus, Samsung's reading of the testimony risks confusing the issues and misleading the jury by implying that Mr. Bressler agreed with Samsung's article of manufacture contentions, when in fact Mr. Bressler did not opine on the article of manufacture issue at all. This risk is particularly acute because Mr. Bressler would not be able to explain to the jury during direct or cross-examination that he did not offer an opinion on the identity of the articles of manufacture. Accordingly, the Court finds that the probative value of Mr. Bressler's 2012 trial testimony is substantially outweighed by the risk of confusing the issues and misleading the jury.

However, Mr. Bressler's testimony is probative of the first factor of the article of manufacture test because Mr. Bressler testified to his understanding of the scope of the patents'

---

[2] Samsung is free to impeach Mr. Ball using these statements.

1  claims.³  That said, Mr. Bressler's comments on the scope of the claims are cumulative of Mr.

2  Ball's expert report's description of the scope of the claims.  For example, Mr. Bressler testified

3  that the D'087 "is claiming the front face, the flat front face and the bezel of an electronic device.

4  As you can see by the broken lines, again, it's not claiming the body.  It's claiming the bezel and

5  the front face."  ECF No. 1611 at 1018:25-1019:4.  Similarly, Mr. Ball writes in his opening

6  expert report of the D'087: "In Figures 1-8, the top surface, with surrounding bezel, is shown in

7  black lines to indicate that it is being claimed.  The back and portions of the sides are shown in

8  broken lines to indicate that it is unclaimed.  The rectangular screen and the capsule-shaped

9  speaker aperture on the front surface [are] unclaimed."  ECF No. 3595-4 ¶ 81.  Thus, to the extent

10 that Mr. Bressler's testimony about the scope of the patents' claims is probative, that probative

11 value is substantially outweighed by the danger of needlessly presenting testimony that is

12 cumulative of Mr. Ball's testimony.

   Samsung's request to admit Mr. Bressler's prior trial testimony for all purposes is therefore

13 DENIED.  As the Court previously ruled, Samsung can impeach Mr. Ball using Mr. Bressler's

14 prior testimony.  *See* ECF No. 3546 at 8:8-11:11.

15 **IT IS SO ORDERED.**

18 Dated: May 8, 2018

                                        *Lucy H. Koh*
                                        _____
                                        LUCY H. KOH
                                        United States District Judge

---

³ Samsung also argues that this evidence is relevant because the Court relied on Mr. Bressler's testimony in ordering a new trial. ECF No. 3700 at 1-2. The Court disagrees with Samsung's characterization. In the Court's Order Requiring New Trial on Design Patent Damages, ECF No. 3530, the Court recounted the various categories of evidence Samsung cited in support of its claim that it had submitted sufficient evidence for the jury to calculate total profits on an article of manufacture other than the entire phone. *Id.* at 31-32. However, contrary to Samsung's suggestion, the Court did not rely on Mr. Bressler's testimony, and instead relied on witness testimony and slides showing that Samsung's phones can be separated into component parts and the design patents themselves. *See id.* at 32-33.