1    [COUNSEL LISTED ON SIGNATURE PAGE]

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                     **NORTHERN DISTRICT OF CALIFORNIA**

10                            **SAN JOSE DIVISION**

11

12   APPLE INC., a California corporation,

13                  Plaintiff,                              Case No. 11-cv-01846-LHK

14          vs.

15   SAMSUNG ELECTRONICS CO., LTD., a             **JOINT STATEMENT REGARDING**
     Korean business entity; SAMSUNG             **"ARTICLE OF MANUFACTURE"**
16   ELECTRONICS AMERICA, INC., a New            **INSTRUCTION**
     York corporation; SAMSUNG
17   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited liability company,

18                  Defendants.

19

20

21

22

23

24

25

26

27

28

The parties submit this statement in response to the Court's request that the parties try to develop a joint proposed instruction regarding use of the phrase "article of manufacture." *See* Dkt. 3689 at 2. The parties met and conferred but were unable to reach an agreement on a single joint proposed instruction.

**APPLE'S STATEMENT:**

The Court's Tentative Final Jury Instructions clearly inform the jury that the identity of the article of manufacture is for them alone to decide and that the issue has not already been resolved by the Court, the PTO, or the prior jury. *See* Tentative Final Jury Instructions Nos. 26, 29 (Dkt. 3708 at 41, 45). Apple submits that no further instruction on the issue is needed.

Apple agrees with the Court that the final jury instructions are the appropriate time to instruct the jury on this issue, as that is when the Court will fully instruct the jury on both interpretation of the design patent claims and the test for identifying the articles of manufacture and thus will provide appropriate context. *Id.* Giving a limiting instruction during the evidence would risk confusing the jury and would prejudice Apple by suggesting to the jury that a witness has testified in a way that requires correction, or that the jury should disregard the plain language of Apple's design patents and the Court's now-affirmed constructions of those patents.

If the Court concludes that a further instruction is needed, Apple proposes the following:

Neither the Court nor the Patent and Trademark Office has determined the articles of manufacture in this case. It is for you to decide the articles of manufacture to which Samsung applied Apple's patented designs.

As in the Tentative Final Jury Instructions, this language clearly delineates the jury's role and makes clear that no other entity has previously decided the "article of manufacture" issue.

Apple objects to the second sentence of Samsung's proposed instruction. It is extremely prejudicial to Apple and improperly suggests to the jury that the words in the design patents and the Court's claim constructions are not relevant to identifying the articles of manufacture. However, as the Court has now repeatedly explained, the patents' written descriptions and the design patent claims are highly relevant for the jury to consider in identifying the article of

manufacture.  Dkt. 3673 at 6 ("The patents, including their 'written description[s],' are highly relevant to the first factor of the article of manufacture test."); Dkt. 3530 at 20 ("[T]he factfinder must consider the scope of the claimed design to determine to which article of manufacture the design was applied[.]"); *see also* Dkt. 3645 at 8-10, 26-28.  Samsung's proposed language would improperly suggest to the jury that it should ignore, or give less weight to, that relevant evidence.

**SAMSUNG'S STATEMENT:**

The Court requested a "proposed limiting instruction related to the use of the phrase 'article of manufacture' in the claim constructions and patents."  Dkt. 3689, at 2.  Samsung proposes:

> Neither the Court nor the Patent and Trademark Office has determined the relevant articles of manufacture in this case.  The words in the design patents and in the Court's claim constructions do not determine the relevant articles of manufacture.  That is a question for you to decide.

Samsung's proposal adds a single sentence (the second one) to the language that the Court offered at the pretrial conference.  *See* Dkt. 3703, at 47.  Samsung respectfully submits that the proposed second sentence is needed to carry out the Court's intent to make "completely clear" (Dkt. 3643, at 83) that "the phrase 'article of manufacture' in the claim constructions and patents" (Dkt. 3689, at 2) does not predetermine the relevant articles of manufacture or take that question away from the jury.  That is because the first sentence referring to "the Court [and] the Patent and Trademark Office" does not identify *what statements* are subject to the limiting instruction:  statements in "the claim constructions and patents" (*id.*).  Samsung's proposed second sentence referring to the "words in the design patents and in the Court's claim constructions" is necessary to make that clear.[1]

The Court should not adopt Apple's proposal, which fails to identify the evidence that is subject to the limiting instruction, and which does not make it "completely clear" that the patent

---

[1]  Contrary to Apple's assertion, Samsung's proposal does *not* say that the words in the patents and constructions are "not relevant."  It says only that those words are not *determinative*.

1   language and claim-construction instruction are not determinative (Dkt. 3643, at 83).  Indeed,

2   Apple's statement highlights the prejudice that would result from omission of Samsung's

3   proposal:  Apple will tell the jury that it should base its decision on "the plain language of

4   Apple's design patents and the Court's now-affirmed constructions," but, as the Court has ruled

5   (Dkt. 3645, at 27), any such suggestion would be "misleading and highly prejudicial to

6   Samsung."  Thus, if anything, Apple's statement reinforces the need for the limiting instruction

7   that Samsung has proposed.

8       The Court should give the proposed limiting instruction in appropriate places during both

9   preliminary and final instructions.  The instruction should also be used curatively during trial if

10  Apple presents evidence or argument that violates the Court's *Daubert* or in limine rulings.

11

12

13

14  Dated: May 8, 2018

15  By:   /s/  *Mark D. Selwyn*                          |  By:   /s/  *Victoria F. Maroulis*

16  Attorneys for Plaintiff and Counterclaim-        |  Attorneys for Defendants and Counterclaim-
17  Defendant APPLE INC.                             |  Plaintiffs SAMSUNG ELECTRONICS CO.,
                                                     |  LTD., SAMSUNG ELECTRONICS
18                                                   |  AMERICA, INC., AND SAMSUNG
                                                     |  TELECOMMUNICATIONS, AMERICA,
19                                                   |  LLC

20

21  William F. Lee (pro hac vice)                    |  QUINN EMANUEL URQUHART &
    william.lee@wilmerhale.com                       |  SULLIVAN LLP
22  WILMER CUTLER PICKERING
      HALE AND DORR LLP                              |  John B. Quinn (Bar No. 90378)
23  60 State Street                                  |  johnquinn@quinnemanuel.com
    Boston, Massachusetts 02109                      |  William C. Price (Bar No. 108542)
24  Telephone: (617) 526-6000                        |  williamprice@quinnemanuel.com
    Facsimile: (617) 526-5000                        |  Michael T. Zeller (Bar No. 196417)
25                                                   |  michaelzeller@quinnemanuel.com
    Mark D. Selwyn (CA SBN 244180)                   |  865 South Figueroa Street, 10th Floor
26  mark.selwyn@wilmerhale.com                       |  Los Angeles, California 90017-2543
    WILMER CUTLER PICKERING                          |  Telephone: (213) 443-3000
27    HALE AND DORR LLP                              |  Facsimile: (213) 443-3100

28

1   950 Page Mill Road
2   Palo Alto, California 94304
    Telephone: (650) 858-6000
3   Facsimile: (650) 858-6100

4   Erik J. Olson (CA SBN 175815)          Kathleen M. Sullivan (Bar No. 242261)
    ejolson@mofo.com                       kathleensullivan@quinnemanuel.com
5   Nathan B. Sabri (CA SBN 252215)        Kevin P.B. Johnson (Bar No. 177129)
    nsabri@mofo.com                        kevinjohnson@quinnemanuel.com
6   Morrison & Foerster LLP                Victoria F. Maroulis (Bar No. 202603)
    425 Market Street                      victoriamaroulis@quinnemanuel.com
7   San Francisco, California 94105-2482   555 Twin Dolphin Drive, 5th Floor
    Telephone: (415) 268-7000              Redwood Shores, California 94065
8   Facsimile: (415) 268-7522              Telephone: (650) 801-5000
                                           Facsimile: (650) 801-5100
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## CERTIFICATE OF SERVICE

2      The undersigned hereby certifies that a true and correct copy of the above and foregoing

3  document has been served on May 8, 2018, to all counsel of record who are deemed to have

4  consented to electronic service via the Court's CM/ECF system.

5

6                                          */s/ Mark D. Selwyn*
                                          Mark D. Selwyn

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28