QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | |
| vs. | **SAMSUNG'S OBJECTIONS TO TENTATIVE VERDICT FORM** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Samsung respectfully submits these objections to the Court's tentative jury form (Dkt. 3709), and responds to the invitations for proposed language in Court's order of May 8, 2018 (Dkt. 3713).

## OBJECTIONS

**1.** Samsung objects to the damages charts in the Court's proposed verdict form, which requires the jury to specify damages awards both by product and by patent. Samsung objects that the Court's charts would create a serious risk of jury confusion and a damages award that reflects impermissible double recovery—the result of which could be to require yet another trial. Neither party proposed breaking out damages by patent in their proposed verdict forms (Dkt. 3671-1, at 1, 2; Dkt. 3671-2, at 3-4), as confirmed the pretrial hearing (*see* Dkt. 3703, at 47). Samsung understands that Apple also objects to the tentative form on this basis.

By requesting the jury to specify a damages award for each individual patent, and then to calculate a "Total" per-product award, the Court's tentative jury form invites the jury to improperly *add up* the per-patent awards. But certain of the damages theories to be presented at trial do not permit adding up per-patent awards. For example, if the jury were to determine that the entire phones are the relevant articles of manufacture for any single design patent, and thus award all of Samsung's profits on the relevant phones on that basis, such an award on one patent would preclude any further remedy on other patents for the same unit sales. Further, Samsung contends that there is overlap between the articles of manufacture for D'677 patent (the glass front face) and the D'087 patent (the glass front face with surrounding bezel), and two products (the Galaxy S 4G and the Vibrant) were found to infringe both of those patents. Here too, the proposed chart would invite the jury to improperly add up per-patent awards, which would be an impermissible double recovery. The proposed verdict form therefore invites confusion and error.[1]

The parties' proposed damages charts both avoid this problem by calling for a single per-product award for all design patents and for all utility patents. The omission of a per-patent

---

[1] Furthermore, the Vibrant phone has a *negative* quantity sold (more returns than sales) for the damages period for the D'305 and D'087 patents (June 16, 2011 and after). *See* Dkt. 3457, at 3. Therefore, separating damages for that product by patent will unnecessarily introduce negative values into the chart. This can only complicate the trial and threaten additional confusion.

breakdown avoids suggesting that the jury should sum up individual-patent awards, preventing confusion and reducing the risk that the jury improperly awards a double recovery.  For these reasons, Samsung submits that the Court should adopt the chart proposed in Samsung's proposed verdict form (Dkt. 3671-2).  In the alternative, and without waiver of any objection, the Court should adopt the charts proposed in Apple's proposed verdict form (Dkt. 3671-1).[2]

**2.** Samsung objects to the tentative verdict form's omission of interrogatories requiring the jury to identify the relevant articles of manufacture, on a patent-by-patent basis, as in Samsung's proposed verdict form (Dkt. 3671-2, at 1).  This is the key issue in the case—the one that resulted in Supreme Court review and that ultimately necessitated this retrial.  Identifying the relevant articles of manufacture is a necessary step in the jury's damages deliberations.  Moreover, as explained below, the article of manufacture issue is the critical predicate to any damages award.  But, even though the jury will necessarily decide the disputes over the articles of manufacture, the tentative verdict form needlessly omits any means of recording those decisions.  That suggestion would be frustrate the point of the Supreme Court's decision and this Court's own new-trial order, and the result may be highly prejudicial to Samsung.

Omitting article-of-manufacture interrogatories from the verdict form would also do a disservice to the judicial system.  The governing law is complex and unsettled, and the jury's verdict is sure to be appealed—giving the Federal Circuit perhaps its first opportunity to determine the appropriate article-of-manufacture test for use in future cases.  But to fairly assess whether the test adopted by this Court is the correct one, the Court of Appeals must know what the jury found.  In this "area of newly developing law … the wise course to follow is to submit [specific] interrogatories with appropriate accompanying general instructions so that the trial Court, and on appeal, the appellate court can determine legal consequences in the light of the controlling standards." *Ford Motor Co. v. Dallas Power & Light Co.*, 499 F.2d 400, 410 n.18 (5th Cir. 1974); *see, e.g.*, *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n.8 (1997) (noting that "a special verdict

---

[2] For the avoidance of doubt, Samsung reserves its rights to seek relief from the jury's damages award based on subsequent invalidation of any of the patents in suit.

and/or interrogatories on each claim element [can] be very useful in facilitating review, uniformity, and possibly postverdict judgments as a matter of law"); *Pac. W. Cable Co. v. City of Sacramento, Cal.*, 672 F. Supp. 1322, 1326 (E.D. Cal. 1987) (special interrogatories "isolate fact findings in such a way as to allow reviewing courts to make determinations as a matter of law while preserving the jury's role as a fact finder," and are thus a "valuable tool when the law is uncertain or in a state of development") (citing Brown, *Federal Special Verdicts: the Doubt Eliminator*, 44 F.R.D. 338, 346-48 (1967)).

Beyond making review more difficult, the verdict form also creates a potential problem with respect to the calculation of design-patent damages, as to which the parties have a separate live instructional dispute. *See* Dkt. 3672-2, at 122-28. Specifically, while the Court has tentatively adopted Apple's proposal to instruct the jury that profits are calculated by simply deducting expenses from revenues (Dkt. 3708, at 45), Samsung contends that the jury should be instructed to undertake a third step by identifying the amount of entire-product profits that are attributable to the relevant article of manufacture (Dkt. 3672-2, at 125). If the jury, acting under the Court's tentative instruction, awards Samsung's entire-phone profits, and if the Federal Circuit finds error in the tentative instruction, assessing the possibility that the error was harmless would require knowing how the jury resolved the antecedent article-of-manufacture question:  In the event the jury has found that the article of manufacture is the entire phone, omission of the third step would be harmless; but in the event the jury has found that the article of manufacture is a component, omission of the third step would be plainly prejudicial. Thus, the omission of an article-of-manufacture interrogatory could result in yet another trial *even if the Court's article-of-manufacture test is correct*.

Alternatively, suppose that the jury awards an amount of Samsung's profits on the Vibrant, which was found to infringe all three of Apple's design patents, but the verdict form is silent as to the jury's article of manufacture findings. In such a circumstance, there may be no way to evaluate the basis for the jury's award. If the Federal Circuit were to find error on appeal, a full retrial may be necessary even if the error affected only one or two of the design patents. *See, e.g.*, Dkt. 3530, at 33-34 (discussing presumption of prejudice from instructional error); *Maynard v. City of San*

*Jose*, 37 F.3d 1396, 1406 (9th Cir. 1994) (vacating entire damages award because "[t]he special verdict form did not apportion the damages between the verdicts we have reversed and the ones we have affirmed"). In contrast, Samsung's proposed verdict form would potentially eliminate the need for a retrial by clarifying the jury's findings as to each patent. *See, e.g.*, *Stewart & Stevenson Servs., Inc. v. Pickard*, 749 F.2d 635, 644 (11th Cir. 1984) (special interrogatories are warranted where plaintiff is pursuing "multiple, alternative theories of recovery," because they may "eliminate[] the uncertainty as to whether the jury's verdict was based wholly on an improper theory requiring retrial of the case"); *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 286 (2d Cir. 1998) ("Where two (or more) claims are submitted to the jury, a form of verdict that does not require the jury to specify on which claim or claims it finds in favor of the plaintiff may pose an insurmountable problem for review of the verdict").

The proceedings in this case demonstrate that there are likely other possible scenarios in which verdict-form particularity would yield enormous efficiencies by allowing this Court and the Federal Circuit to understand the basis for the jury's award. The lack of specificity in the first-trial verdicts necessitated the partial 2013 retrial (*see* Dkt. 3530, at 8; Dkt. 2271, at 15-26), and the lack of specificity in the first two verdicts necessitated another retrial following the Federal Circuit's reversal on the trade-dress claims. *See Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1005 (Fed. Cir. 2015) (remanding for "further proceedings necessitated by [the Federal Circuit's] decision to vacate the jury's verdicts on the unregistered and registered trade dress claims"); Dkt. 3272, at 2 (setting second damages retrial). Here as well, requiring the jury to identify the relevant articles of manufacture may eliminate the need for another retrial in the future.

**3.** Samsung further objects to the tentative verdict form's omission of an interrogatory requiring the jury to specify whether it is awarding a reasonable royalty (§ 284) or Samsung's profits (§ 289) from the relevant article of manufacture, as in Samsung's proposed verdict form (Dkt. 3671-2, at 2). The jury is likely to hear opinions on both alternatives. In particular, Apple has no damages opinion as to Samsung's profits if the jury agrees with Samsung's article of manufacture contentions; Samsung expects that Apple will ask the jury in that circumstance to award a reasonable royalty, rather than to award Samsung's profits.

Furthermore, the parties agree that an award of Samsung's profits for design-patent infringement precludes *any* other recovery on that sale—including any recovery for utility-patent infringement—while a royalty award for design-patent infringement leaves open the possibility of additional royalty awards for utility-patent infringement.  The proposed form, however, raises the possibility that there may be disputes as to whether the jury has awarded profits or a royalty for design-patent infringement—thus requiring more of the Court's time and resources to determine whether an additional royalty award is permissible.  Once again, even though the jury will necessarily decide the form of remedy to be awarded for design patents, the tentative verdict form needlessly omits any means to ensure the jury's decision is recorded.  Samsung's proposed verdict form would avoid the issue by specifying the type of recovery awarded by the jury and thus enabling the Court to ensure that the final judgment does not reflect any improper double recovery.

### **PROPOSED LANGUAGE (DKT. 3713)**

**4.**   Pursuant to the Court's invitation (Dkt. 3713), and without waiving its objections to the Court's tentative verdict form or instructions, Samsung proposes the following language regarding a lump-sum royalty:

> If you choose to award a lump-sum reasonable royalty rather than a per-product reasonable royalty for the D'677, D'087, and D'305 patents, enter that amount in response to Question 1, and leave the chart in Question 2 blank.

> If you choose to award a lump-sum reasonable royalty rather than a per-product reasonable royalty for the '381 and '163 patents, enter that amount in response to Question 3, and leave the chart in Question 4 blank.

**5.**   Pursuant to the Court's invitation (Dkt. 3713), and without waiving its objections to the Court's tentative verdict form or instructions, Samsung proposes the following language regarding combined royalties:

> <u>In Question 2, before the chart:</u>

> For any product that was found to infringe more than one design patent, you may choose to award a reasonable royalty covering all of the infringed patents.  If you choose to make such an award, enter the amount in the "Total" column, and leave the other columns blank.

> For any unit as to which you award Samsung's profits on an article of manufacture, you may not grant any additional award of any kind on that article of manufacture.

> <u>In Question 4, before the chart:</u>

1  For any product that was found to infringe both utility patents, you may choose to award a reasonable royalty covering both of the infringed patents. If you choose to make such an award, enter the amount in the "Total" column, and leave the other columns blank.

DATED: May 9, 2018

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Victoria F. Maroulis
   John B. Quinn
   Kathleen M. Sullivan
   William C. Price
   Michael T. Zeller
   Kevin P.B. Johnson
   Victoria F. Maroulis

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC