ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S OBJECTIONS TO THE COURT'S TENTATIVE FINAL JURY INSTRUCTIONS (DKT. 3708)** |

Apple respectfully submits the following objections to the Court's Tentative Final Jury Instructions (Dkt. 3708).

**1.**     Apple objects to the Court's Tentative Final Jury Instruction No. 16 to the extent it instructs the jury that it may connect the physical devices in evidence to the Internet. Because infringement and invalidity are no longer at issue, the jury has no need to access the Internet. Further, given that the devices and software are now five years further out of date than at the 2013 damages retrial, allowing the jury to access the Internet could lead to technical issues that the parties are unable to anticipate and increases the risk of technical errors. To avoid any such technical issues—which could prejudice Apple if the devices do not work as expected when connected to the Internet and something the Court and the parties may never know although it could affect deliberations—the jury should be instructed that it must not use the devices in evidence to access the Internet.

Omitting the previous instructions on how to connect the devices to the Internet does not violate the law of the case, but instead merely updates the Court's prior instruction to reflect the changed circumstances of the trial, including the fact the jury will not need access to the Internet to evaluate any of Samsung's arguments. For example, Mr. Lucente's opinions go no further than to state that smartphones have multiple capabilities, including the ability to access the Internet. This basic and uncontested observation does not justify allowing the jury to use the devices to access the Internet, or the associated technical risks that come with doing so. The jury likewise does not need to access the Internet to evaluate Mr. Wagner's opinions regarding damages. Apple respectfully requests that the Court instead give Apple's Proposed Final Jury Instruction No. 15, which accounts for the reality that the devices in evidence have aged significantly since the prior trial and proposes limitations to ensure their continued operability and preservation.

**2.** Apple objects to inclusion of the sixth and seventh paragraphs in the Court's Tentative Final Jury Instruction No. 23.[1] Dkt. 3708 at 33:4-11 ("In this case, the utility patents cover only some features of the products that Samsung sold …."; "The ultimate combination of royalty base and royalty rate for the utility patents must reflect the value attributable to the infringing features of the product, and no more …."). Those paragraphs were not included in the instruction on utility patent damages in the 2013 damages retrial (Dkt. 2784 at 33-34), or in the instruction the Court planned to give on the subject for the 2016 trial (Dkt. 3442 at 33-35). Nor were these paragraphs requested by Samsung in the Joint Proposed Final Jury Instructions. *See* Dkt. 3672-2. Accordingly, there is no need to include the additional language now.

Further, the addition of the sixth and seventh paragraphs to this instruction is not justified on the basis of intervening law. Rather than representing new developments in the law, the cases cited by the Court rely principally upon the long-established apportionment principles articulated in *Garretson v. Clark*, 111 U.S. 120, 121 (1884). *See Ericsson, Inc. v. D-Link Sys.*, 773 F.3d 1201, 1228 n.5 (Fed. Cir. 2014); *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1326-1327 (Fed. Cir. 2014). Indeed, in *VirnetX*, the Federal Circuit (citing *Garretson*) stated that "the Supreme Court long ago observed that a patentee" "must in every case give evidence tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features." *VirnetX*, 767 F.3d at 1326. This long-standing principle was already reflected in the Court's 2013 final jury instructions, which instructed the jury to consider the "portion of the realizable profits that should be credited to the invention as distinguished from nonpatented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer." Dkt. 2784 at 34. The Court's departure from its prior instruction therefore cannot be justified on the basis of an intervening change in the law. Moreover, the Court has again adopted the prior language instructing the jury to consider the "portion of the realizable profits that should be credited to the invention as

---

[1] Apple also notes that the title of Tentative Final Jury Instruction No. 23 should say "Reasonable Royalty" instead of "Reasonably Royalty." Dkt. 3708 at 32.

distinguished from nonpatented elements," making the added paragraphs cumulative and unnecessary. *See* Dkt. 3708 at 34 (Tentative Final Jury Instruction No. 23 (Factor 13)).

Apple also objects to the incorporation by cross-reference of these new paragraphs into the Court's Tentative Final Jury Instruction No. 31, which addresses a reasonable royalty award for design patent infringement, for the same reasons as stated above.

**3.** Apple objects to the Court's Tentative Final Jury Instruction No. 24. The instruction was not given as part of the Court's 2013 Final Jury Instructions, nor was it planned to be given as part of the Court's 2016 Final Jury Instructions. *See* Dkt. 2784; Dkt. 3442. The addition of this instruction is contrary to the law of this case, and is not required by any intervening change in law. The cases cited as authority for the instruction in the Northern District of California's Model Patent Jury Instructions occurred prior to the 2013 damages retrial. *See* U.S. District Court for the Northern District of California Model Patent Jury Instruction No. 5.8 (Jan. 2018 ed.). Omission of this proposed instruction would not result in any prejudice to Samsung, both because it did not previously request this instruction in 2013 or 2016 (Dkts. 2513, 3408), and also because the Court's tentative final instructions already instruct the jury on how to properly calculate a reasonable royalty and how to address instances where a single Samsung product infringes multiple Apple patents. *See, e.g.*, Dkt. 3708 at 32-35, 48.

**4.** Apple objects to the Court's Tentative Final Jury Instruction No. 26 to the extent it refers to the "relevant" articles of manufacture. *See* Dkt. 3708 at 39:14. Use of the word "relevant" before "articles of manufacture" is prejudicial to Apple because it may suggest to the jury that the article of manufacture to which Samsung applied Apple's patented designs is one article among many, and therefore something less than the whole phone. Omitting the word "relevant" from the instruction will not affect the jury's understanding of the term "articles of manufacture" because it is subsequently qualified with the phrase "for the purposes of awarding Samsung's profits." *Id.* at 39:14-15. It is therefore clear to which "articles of manufacture" the Court is referring.

**5.**     Apple objects to the Court's Tentative Final Jury Instruction No. 28 for the same reason as Tentative Final Jury Instruction No. 26. Use of the word "relevant" before "articles to manufacture" is prejudicial to Apple because it may suggest to the jury that the article of manufacture to which Samsung applied Apple's patented designs is one article among many, and therefore something less than the whole phone. *See* Dkt. 3708 at 42:10. Omitting the word "relevant" does not change the meaning of the sentence because the prior sentence ("Apple seeks Samsung's total profits on the articles of manufacture to which Samsung applied the D'677, D'087, and D'305 patented designs") specifies the articles of manufacture to which the Court is referring.

**6.**     Apple objects to the Court's Tentative Final Jury Instruction No. 29 because it also uses the word "relevant" before the term "articles of manufacture." Dkt. 3708 at 43:5. Use of the word "relevant" is prejudicial to Apple for the reasons previously articulated with respect to Tentative Final Jury Instructions Nos. 26 and 28. Omitting the word "relevant" from the sentence would not alter the sentence's meaning because the prior sentence ("It is your job as the jury to determine the articles of manufacture to which Samsung applied Apple's patented designs.") specifies the articles of manufacture to which the Court is referring. The Court should therefore omit the word "relevant" to avoid potential prejudice to Apple. Alternatively, Apple proposes that the Court revise the second sentence to read: "Neither the United States Patent and Trademark Office nor the Court nor the previous jury determined the ~~relevant~~ articles of manufacture <u>in this case</u>."

Apple also objects to Tentative Final Jury Instruction No. 29 with respect to the articulation of Samsung's contentions regarding the D'305 patent (Dkt. 3708 at 43:26-44:1). Specifically, Apple requests that the Court revise the statement of Samsung's contention for the D'305 patent as follows: "For the D'305 patent, Samsung contends that the article of manufacture is a phone's display screen while displaying the single patented array of graphical user interface icons~~, or at most a phone's display screen~~." The articulation in the Court's Tentative Final Jury Instruction No. 29 is prejudicial to Apple, as it suggests that Samsung may

1  propose two separate, alternative articles of manufacture for the same product and the same
2  patent.  Furthermore, Samsung's design expert Mr. Lucente disclosed only a single alleged
3  article of manufacture in his expert report: "the display screen while displaying the single,
4  patented array of GUI icons"; he did not identify "a phone's display screen" as an alternative.
5  *See* Dkt. 3592-25, Lucente Rpt. ¶ 30; *see also id.* ¶ 320 ("The article of manufacture for purposes
6  of D'305 then, in my opinion, is best described as the display screen, ***and only for the time the***
7  ***D'305 is being shown***, otherwise the display screen is an article of manufacture to which a
8  different design is being applied." (emphasis added)).  It would be prejudicial to Apple to permit
9  Samsung to insert a new, alternative article of manufacture that was not asserted or disclosed in
10 its design expert's report.

11         Apple further objects to Tentative Final Jury Instruction No. 29 because it misstates the
12 burden-shifting framework under 35 U.S.C. § 289.  As stated in Apple's Proposed Final Jury
13 Instruction No. 26, Apple bears the initial burden of identifying the article of manufacture for
14 which it seeks Samsung's profits.  Apple may meet that initial burden by showing that Samsung
15 applied the patented design to a phone that was sold.  If Apple meets its initial burden, the
16 burden then shifts to Samsung to prove that the article of manufacture is the component or
17 collection of components that it asserts, rather than the whole phone.  *See* Dkt. 3522 at 9-14
18 (Apple's Opening Brief In Response To The Court's July 28, 2017 Order); Dkt. 3523 at 9-12
19 (Apple's Response To Samsung's Opening Brief In Response To The Court's July 28, 2017
20 Order); *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S.
21 602, 626 (1993) ("It is indeed entirely sensible to burden the party more likely to have
22 information relevant to the facts about [a disputed issue].  Such was the rule at common law.");
23 *Campbell v. United States*, 365 U.S. 85, 96 (1961) ("[T]he ordinary rule, based on considerations
24 of fairness, does not place the burden upon a litigant of establishing facts peculiarly within the
25 knowledge of his adversary."); *Selma, R. & D.R. Co. v. United States*, 139 U.S. 560, 568 (1891)
26 ("[T]he burden of proof lies on the person who wishes to support his case by a particular fact
27 which lies more peculiarly within his knowledge, or of which he is supposed to be cognizant.");
28

*Lindahl v. Office of Pers. Mgmt.*, 776 F.2d 276, 280 (Fed. Cir. 1985) ("The party with the best knowledge normally sustains the burden."); *In re Beckwith*, 203 F. 45, 48-49 (7th Cir. 1913) ("[A]scertainment of the profits attributable to the infringement requires such discovery, not alone of the gross sales, but of all items of cost entering into the production and sale, which are presumptively within the knowledge or means of information possessed by the infringing manufacturer."); *SEC v. Bilzerian*, 29 F.3d 689, 697 (D.C. Cir. 1994) (defendant "bears the burden of establishing" facts that reduce the sum of disgorgement to which plaintiff is entitled); *SEC v. Halek*, 537 F. App'x 576, 581 (5th Cir. 2013) (plaintiff "carries the initial burden to prove that the amount of disgorgement is a reasonable approximation of profits connected to the violation… the burden then shifts to defendant to prove that the amount is unreasonable"); *SEC v. Hughes*, 124 F.3d 449, 455 (3d Cir. 1997) ("[i]mposing the burden upon the defendant of proving the propriety [of the disgorgement amount] is appropriate and reasonable" because the wrongdoer is in a superior position to identify relevant facts about its ill-gotten gains); *In re AI Realty Mktg. of N.Y., Inc.*, 293 B.R. 586, 618 (Bankr. S.D.N.Y. 2003) ("Once a patent owner establishes the amount of infringing sales, the burden shifts to the infringer to demonstrate the nature and amount of the costs that should be considered in calculating its 'total profits,' as well as their relationship to the infringing product."), *aff'd in relevant part sub nom. Sunbeam Prod., Inc. v. Wing Shing Prod. (BVI) Ltd.*, 311 B.R. 378 (S.D.N.Y. 2004); *Bergstrom v. Sears, Roebuck & Co.*, 496 F. Supp. 476, 497 (D. Minn. 1980) (observing that the purpose of § 289 is to prevent unjust enrichment and thus "[t]he burden of establishing the nature and amount of [deductions from the sum of disgorgement] is on the defendants"); *accord* Wright & Miller, 21B Fed. Prac. & Proc. Evid. § 5122 (2d ed. 2005) (In allocating burdens of proof, "courts look to see whether one party has superior access to the evidence needed to prove the fact. If so, then that party must bear the burdens of proof."); 2 McCormick on Evid. § 337 (7th ed. 2013) ("[W]here the facts with regard to an issue lie peculiarly in the knowledge of a party, that party has the burden of proving the issue.").

Alternatively, if the Court does not accept Apple's proposed burden-shifting language, Apple requests that the Court adopt a more complete instruction that reflects the burden-shifting regime articulated in the Court's October 22, 2017 order. In that order, the Court explained that while "the plaintiff initially bears the burden of production on identifying the relevant article of manufacture … , [i]f the plaintiff satisfies this burden of production, the burden of production then shifts to the defendant to come forward with evidence of an alternative article of manufacture[.]" Dkt. 3530 at 22. Accordingly, Apple proposes that the Court replace the final sentence of Tentative Final Jury Instruction No. 29 with the following: "Once Apple has produced evidence identifying its asserted articles of manufacture, the burden shifts to Samsung to come forward with evidence of an alternative article of manufacture. Apple has the ultimate burden to prove that its identification of the articles of manufacture to which Samsung applied Apple's patented designs is correct by a preponderance of the evidence."

**7.** Apple objects to the Court's Tentative Final Jury Instruction No. 30 to the extent it refers to "infringing articles of manufacture" (twice) in the fourth paragraph. Dkt. 3708 at 45:18-19. To avoid any possible confusion about whether a product or a component was found to infringe, Apple proposes that the second sentence of that paragraph be revised to read: "Other costs may be included as deductible expenses if they are directly attributable to the sale or manufacture of the ~~infringing~~ articles of manufacture <u>to which Samsung applied the patented designs</u>, resulting in a nexus between the ~~infringing~~ articles of manufacture and the expense." *See* Dkt. 3708 at 45.

**8.** Apple objects to the Court's Tentative Final Jury Instruction No. 31 to the extent it omits the word "total" before "profit" when describing the remedy Apple is entitled to under 35 U.S.C. § 289. *See* Dkt. 3708 at 46:4. Including the word "total" is consistent with both the statutory text and the Court's earlier instructions. *See, e.g.*, Tentative Final Jury Instruction No. 28 ("Second, you should calculate Samsung's total profit made from those articles of manufacture.") (Dkt. 3708 at 42); Tentative Final Jury Instruction No. 30 ("Once you determine the articles of manufacture to which Samsung applied Apple's patented design, you must then

calculate Samsung's total profit from sales of those articles of manufacture.") (Dkt. 3708 at 45). Apple therefore requests that the Court modify the first sentence of this instruction to refer to "Samsung's <u>total</u> profit made on the article of manufacture to which the design was applied."

Apple also incorporates its objections to Tentative Final Jury Instructions Nos. 23 and 24 to the extent those instructions are incorporated into Tentative Final Jury Instruction No. 31.

**9.**     Apple objects to the following sentence in the Court's Tentative Final Jury Instruction No. 33: "If you award reasonable royalties for the sale of a certain number of infringing products, you may not also award infringer's profits as to those products." Dkt. 3708 at 48:7-9. The sentence is likely to confuse the jury because it incorrectly suggests that if the jury awards reasonable royalties for particular unit sales of a particular infringing product, it may not award infringer's profits for any other unit sales of that same product. Apple proposes that the term "products" at the end of the sentence be amended to read "sales of the product." This amended language correctly instructs the jury that it may not award a reasonable royalty and infringer's total profits on the same unit sales, but may award a reasonable royalty and infringer's total profits for different unit sales of the same Samsung product. Consistent with that proposed amendment, Apple also proposes that the Court amend the first sentence of the second paragraph to change "every sale" to "every sale of a product." Adopting Apple's proposed amendments to the instruction would result in the following language (Dkt. 3708 at 48:7-10):

> If you award reasonable royalties for the sale of a certain number of infringing products, you may not also award infringer's profits as to <u>those sales of the product</u>.
>
> You do not have to use the same theory to calculate damages for every sale <u>of a product</u>, however….

Apple also objects to Tentative Final Jury Instruction No. 33's specific reference to the D'677 patent, which unfairly prejudices Apple by suggesting to the jury that it is particularly appropriate to divide the form of Apple's monetary damages for the D'677 patent between a reasonable royalty and Samsung's total profit. Apple proposes that the Court replace the phrase

1   "for the remainder of sales of a product that infringes the D'677 patent" with "for the remainder
2   of sales of a product that infringes the <u>same design patent</u>."  *See* Dkt. 3708 at 48:12-13.

5   Dated: May 9, 2018                    <u>*/s/ Mark D. Selwyn*    </u>
                                           Mark D. Selwyn (SBN 244180)

                                           *Attorney for Plaintiff Apple Inc.*

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 9, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Mark D. Selwyn*
Mark D. Selwyn