ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S RESPONSES AND OBJECTIONS TO THE COURT'S TENTATIVE VERDICT FORM (DKT. 3709) AND THE COURT'S MAY 8, 2018 ORDER (DKT. 3713)** |

Apple respectfully submits the following responses and objections to the Court's Tentative Verdict Form (Dkt. 3709) and the Court's May 8, 2018 Order re Tentative Jury Verdict Form (Dkt. 3713).

### 1. To The Extent The Verdict Form Requires The Jury To Determine Damages Per Product, It Should Not Require A Breakdown Separately By Patent.

Apple objects to Questions 2 and 4 in the Court's Tentative Verdict Form (Dkt. 3709 at 4-5) because they would require the jury to assign damages awards on a per-patent basis, despite the fact that many products infringed multiple patents, giving rise to damages awards that may be supported by one or more patents at different points in time depending on the patents' notice dates. Requiring the jury to allocate damages that may arise from multiple patents to single patents individually will create a significant risk of an inconsistent verdict in light of the double counting and notice date issues implicated by such a task. It is significant that Apple and Samsung agree on this point: both parties agree that the jury should *not* be asked to determine damages on a per-patent basis, but instead should be asked to determine damages for the design patents-in-suit collectively and for the utility patents-in-suit collectively. *See* Dkt. 3671-1 at 1-2; Dkt. 3671-2 at 3-4. Any other approach creates a substantial risk of legal error.

The double counting and notice date issues that may arise from Questions 2 and 4 in the Court's Tentative Verdict Form are myriad and difficult to predict. For example, if the jury finds that the article of manufacture is the phone as Apple contends, then the jury should award Samsung's total profit on the phone only *once*—whether that phone infringes one, two, or three design patents. Question 2, however, requires the jury to write down the "total profit" generated from each product multiple times when that product infringed multiple patents, without providing the jury with any clear way to handle overlapping awards that may implicate multiple patents with different notice dates. This creates a significant risk that the jury's per-patent awards will include amounts that overlap with other patents or implicate a different patent's notice period.

Resolving the ambiguities posed by a per-product and per-patent table is equally difficult if the jury credits Samsung's arguments on the articles of manufacture for the design patents. For example, Samsung contends that the article of manufacture to which the D'677 design was applied is the round-cornered, black glass front face of each infringing phone. *See* Dkt. 3661 at 5. Samsung contends that the article of manufacture to which the D'087 design was applied is the alleged D'677 article *plus* the surrounding rim or bezel. *Id.* Thus, for products that infringe both the D'677 and D'087 patents, Samsung's expert calculated Samsung's total profit on a per-product, not a per-patent, basis: he treated the profit from the glass front face as attributable to the D'677 patent, and then treated the profit from the D'087 article of manufacture as merely the *additional* profits he claims are associated with the bezel (even though, under Samsung's damages theory, a full award of Samsung's total profits for the D'087 patent would include Samsung's profits on both the glass front face and the bezel). It is therefore unclear how the jury would indicate Samsung's profits on a per-patent basis if it credits Samsung's arguments, using the table in the Tentative Verdict Form, and leaves open the possibility that the jury might write down amounts in the D'087 column that sum together the amounts Samsung calculated for both D'677 and D'087 articles, creating questions about double counting issues and an inconsistent verdict.[1]

Question 4 creates similar risks of juror confusion, double counting and notice issues, and an irreconcilable verdict. Question 4 asks the jury to award damages on a per-product and per-patent basis for Samsung's utility-patent infringement. If, however, the jury awards Apple's requested damages of Samsung's profits for certain products, then there would be no additional reasonable royalty award available for infringement of the '163 patent by some of those same products. (An award of reasonable royalty damages for those products would still be available for the '381 patent because of its earlier notice date.) A verdict form that, under some scenarios,

---

[1]   Even greater complexities are raised by the possibility that the jury could determine that the article of manufacture is the whole phone for certain of Apple's patents or Samsung's products, but not for others.

could invite the jury to award $0 damages in some of the per-patent boxes would be confusing and is completely unnecessary here.

The Court's May 8, 2018 Order re Tentative Jury Verdict Form invited the parties to "propose language in the tentative verdict form that allows the jury to fill in the 'Total' column in Questions 2 and 4 rather than each cell for each infringing product and patent, if the jury wishes to award a combined royalty for products that infringe multiple patents." Dkt. 3713 at 1. Unfortunately, language to that effect will not cure the risk of legal error created by the tables in Question 2 and Question 4 in the event the jury hazards down the path of trying to allocate damages to each patent individually despite the overlapping patents and different notices dates involved. If the Court chooses to include a damages table in the verdict form, Apple requests that the Court use the tables proposed by Apple that provide only a single option for the jury to award damages for the design patents collectively and for the utility patents collectively. *See* Dkt. 3671-1 at 1-2.

**2. The Verdict Form Should Not Invite The Jury To Award A Lump Sum For Design Patents, And Need Not Include A Separate Lump Sum Interrogatory For Utility Patent Infringement.**

The Court's May 8, 2018 Order re Tentative Jury Verdict Form (Dkt. 3713) invited the parties to propose language that would allow the jury to answer only Questions 1 and 3, if the jury wishes to award a lump sum royalty. The Court's verdict form should not invite the jury to award a lump sum for design patent royalties in response to Question 1 because there is no factual scenario that would support such a lump sum award. As the Court's tentative jury instructions acknowledge, "Apple is entitled to recover the greater of (1) Samsung's profit made on the article of manufacture to which the design was applied, or (2) a reasonable royalty for Samsung's use of the patented design." Dkt. 3708 at 46. Apple's damages expert has not proposed a lump sum royalty. And even under Samsung's damages theories, Samsung's expert has calculated an infringer's profits award that is greater than any lump sum reasonable royalty he proposed for the design patents. Apple would therefore be entitled to a Samsung's profits

remedy, not a lump sum reasonable royalty, based on Samsung's infringement of Apple's design patents.

Nor does the Court need to include an interrogatory about a lump sum royalty in connection with utility patent damages. Previously, the Court properly rejected Samsung's request to include a lump sum as a separate question or box on the verdict form. *See* Dkt. 3401 at 6; Dkt. 3401-2; Dkt. 3446. There is no reason to alter that now. Alternatively, the Court could remove any concern over whether the jury has decided to award a running royalty or a lump sum royalty for the utility patent damages by only asking Question 3 and by removing Question 4 from the verdict form. Then, the jury would only be asked to award a single damages number for the utility patent damages—which could be calculated as either a running royalty or a lump sum—and the jury would not be confronted with filling out the per-product (and per-patent) damages for the utility patents.

Dated: May 9, 2018                          */s/ Mark D. Selwyn*
                                            Mark D. Selwyn (SBN 244180)

                                            *Attorney for Plaintiff Apple Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 9, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                                     */s/ Mark D. Selwyn*
                                                   Mark D. Selwyn