QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:   (650) 801-5100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS TO APPLE'S SLIDES AND EXHIBITS FOR OPENING STATEMENT AND SAMSUNG'S RESPONSES TO APPLE'S OBJECTIONS TO SAMSUNG'S SLIDES AND EXHIBITS FOR OPENING STATEMENT** |

I. **SAMSUNG'S OBJECTIONS TO APPLE'S OPENING SLIDES AND EXHIBITS**

Samsung objects to Apple's proposed slides and exhibits for use in opening statement as follows: **PDX 1.5:** PDX 1.5 is misleading, confusing, and more prejudicial than probative because it suggests that all phones prior to the iPhone did not contain touchscreen faces.

**PDX 1.13, 1.14**: Highlighting the statements "[t]he ornamental design of an electronic device" and "electronic device" is highly misleading and more prejudicial than probative in suggesting that the article of manufacture has already been determined by the U.S. Patent and Trademark Office.   These references should be redacted, not highlighted.   *See* Dkt. 3650.

**PDX 1.19**: PDX 1.19 is prejudicial and misleading because it implies that all Samsung phones prior to the iPhone were flip phones, contained antennas, or had physical keyboards.

**PDX 1.28, 1.33, 1.34, 1.37, 1.38**: By showing the application menu of phones that do not infringe the D'305 patent on slides titled "Samsung Infringing Phones" and "Samsung Infringement" Apple improperly implies that each of the phones infringes the D'305 patent. These slides are misleading and confusing to a jury and Apple should not be permitted to show the application screens of phones that do not infringe the D'305 patent.

**PDX 1.33, 1.37**:   PDX 1.33 is misleading and confusing to a jury because it implies that all 18 of the displayed phones infringe all three design patents when the majority of phones only infringe a single patent.   PDX 1.37 is misleading and confusing to a jury because it implies that all 15 displayed phones infringe both utility patents.

**PX 36, 40, 44, 46, 52, 4061**: These exhibits should be excluded under FRE 402 and 403 as not relevant to any issue in this trial and the allegations of copying are more prejudicial than probative.   *See* Joint Pretrial Order, Dkt. 3661 at 33-35.

**PX 6, 133-135, 174**: These exhibits should be excluded under FRE 402 and 403 because images of the iPhone are not relevant to the article of manufacture factors or any other issue in this trial. Dkt. 3595-2 at 3.

II. **SAMSUNG'S RESPONSES TO APPLE'S OBJECTIONS TO SAMSUNG'S OPENING SLIDES AND EXHIBITS**

Samsung hereby submits the following responses to Apple's objections to Samsung's slides and exhibits for use in opening statement.

**SDX 2-3; 6**: Samsung is not relitigating infringement.  Alternative designs are relevant to the scope of the patent (AOM Factor 1), relative prominence of the design (AOM Factor 2), and the reasonable royalty analysis.  In his report, Samsung's expert Mr. Lucente opined that the Galaxy S II phones offer alternative icon menu designs to the D'305 Patent, and Apple did not challenge this opinion.  Lucente Report, Dkt. 3592-25 at ¶¶146-147.  Mr. Lucente also opined that the Infuse 4G was a non-infringing alternative for the D'087 Patent as depicted in SDX 6.  *Id.* ¶¶ 117-119.  The Court has also already ruled that non-infringing alternatives are relevant to the reasonable royalty analysis.  Dkt. 2657 at 10 ("[T]he availability of noninfringing alternatives should be relevant in constructing the hypothetical negotiation between the patentee and the infringer—in that the amount an infringer would be willing to pay to license the patentee's patent would presumably change depending on whether noninfringing substitutes were readily available . . ." citing *Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1312 (Fed. Cir. 2002).)

**SDX 4**: Samsung's slide does not relitigate infringement.  It compares icons to help illustrate aspects of the designs that are relevant to understanding patent scope under Factor 1 and the prominence of design under Factor 2.  Further, Apple cannot claim that focusing on a single icon is misleading, as Apple at the 2012 trial specifically asked Dr. Kare to opine about individual icons, such as "the phone icon," Dkt. 1843 at 3468, including as shown in Samsung and other phones.  *Id.* at 3471.

**SDX 8:**  The images on SDX 8 are taken directly from Apple's own exhibit, PX 7, which was previously admitted.  Samsung is not relitigating infringement.  The Court has already approved the use of the Galaxy Ace as a non-infringing alternative to the D'677 patent, finding "[t]he probative value of the Galaxy Ace as a non-infringing alternative for the D'677 patent is high" and that any risk of confusion or prejudice was low.  Dkt. 2696 at 9.  As it did in 2013, Mr. Wagner's current report cites the Galaxy Ace as a non-infringing alternative.  Wagner Report at ¶¶ 631-632.  For the current trial, Mr. Lucente's report also cites to the Galaxy Ace as a non-

1  infringing alternative with regard to the four-factor test.  Dkt. 3592-25 at ¶¶ 80-81; 146-147.

2  Apple did not move to exclude either of these opinions.

3  **SDX 9-10; DX578:**  DX 578 was admitted in both the 2012 and 2013 trials.  Under the

4  Court's Groundhog Day rules, it is presumptively admissible at this trial as well.  *See* Dkt. 2377

5  at 19 ("[T]hat is the default rule, that if it was previously admitted, we're going to go ahead and

6  admit it now"); Dkt. 3703 at 16 ("[I]t is important that basically that largely the same evidence …

7  remain the same.").  In 2013, the Court found that DX 578 "relate[s] to the importance of the

8  patented inventions to the iPhone" and it was admitted at trial without any objection from Apple.

9  Dkt. 2736 at 6; 2013 Trial Tr. 11/15/2013 at 858:18-23.  Apple has therefore waived any

10 objections.  The Court has already established that where a document is produced by a party and

11 it passes FRE 402 and 403, it is admissible.  Dkt. 1612 at 1461 ("Apple will not be able to hide

12 behind, oh, our witness has never seen this document before. If it's a relevant document and meets

13 the balancing test of 403, it's coming in").  Additionally, Mr. Sinclair is on Samsung's "may call"

14 and "may call by deposition" witness lists, so there is no foundational issue here.

15 **SDX 11-13; DX4603**:  The images on slides 12-13, as well as the F700 mock-up on slide

16 11, all come from DX 684, which was admitted at the 2012 trial, and which Apple already said it

17 was not seeking to exclude.  Dkt. 3703 at 15 (Apple confirming that its MIL#1 "was not intended

18 to exclude that exhibit").  The Court also previously allowed these same phone model images

19 from DX684 to be shown in opening slides in 2012 because the labels identified the images as

20 "mock-ups".  Dkt. 1456 at 2 (Slide 10:  "Overruled. Consistent with this Court's ruling on the

21 motions in limine (ECF No. 1267), the unreleased Samsung phones can be admissible to rebut

22 allegations of copying, even if they do not meet the requirements of § 102.  Moreover, the use of

23 the term 'mock-up' in the slides lessens potential juror confusion that all of the Samsung phones

24 were released.")  These slides use the exact same labels that the Court approved last time.  The

25 title of slide 13 has also been revised to clarify that the images show designs.

26 DX4603 (the Pidion BM-200), JX1087 (the LG Chocolate), and JX1093 (LG Prada) were

27 all timely produced and were included in Mr. Lucente's report, which Apple did not seek to

28 exclude.  Dkt. 3592-25, ¶¶ 336, 359; *see also* DX4577 (trial exhibit created from Lucente Report

Ex. 9 showing Pidion, LG Chocolate, and LG Prada).

**SDX 14-15; DX4577, DX4605:**   Slides 14-15 are not misleading, and Samsung has not altered the images.   The buttons on the phones are visible.   Additionally, the Court has already overruled Samsung's objections to Apple's manipulation of phone images in Apple's opening demonstratives.   Dkt. 1455 at 4.

In addition, although Apple objects that the phones appearing on slide 15 do not appear in DX 4605, that is incorrect.   *See* 4605.017(Huawei U8220); 4605.008 (HTC Droid Eris); 4605.001 (Acer Betouch E400); 4605.007 (HTC Desire); 4605.009 (HTC Evo 4G); 4605.033 (Motorola Droid X).

DX 4605 is a summary exhibit of images of electronic devices, similar to PX 3 and PX 4, which the Court permitted to be shown to the jury at Apple's urging.   *See* Dkt. 1520 at 1-2. Having successfully introduced its own version of such an exhibit, Apple cannot exclude DX 4605 when it offers no reason why these images would be inadmissible or that the (publicly accessible) images were not available for inspection to Apple before the trial.   *Id.*   Apple can argue the summary is inaccurate or misleading during its rebuttal or cross.

**SDX 18, 32-34:** Apple has no basis to the object to the inclusion of direct deposition quotes from its experts in opening statement.   The Court has already ruled that "[b]oth parties will be permitted to use deposition testimony in the opening statements."   And the Court has permitted the parties to quote from expert depositions in prior trials.   *See* Dkt No. 1547 (7/31/2012 Trial Tr.) at 406:22-407:7 (reading testimony of Apple expert Russel Winer in opening), 442:19-23 (reading testimony of Apple expert Michael Walker); Dkt. 1925, Ex. B at Samsung Opening Slides, pp. 43, 139 (quotes from deposition testimony from Apple experts Messrs. Winer and Walker).

In addition, sworn deposition testimony of Apple's experts are admissible as adoptive party admissions, and therefore permissible to quote during Samsung's opening statement.   *See Jones, Rosen,* Wegner & Jones, Rutter Group Practice Guide: Federal Civil Trials & Evidence ¶ 6:272 (The Rutter Group 2017) ("Testimony in a deposition transcript that is otherwise admissible may be read to the jury during opening statement."); *see also In re Hanford Nuclear Reservation*

1  *Litig.*, 534 F.3d 986, 1016 (9th Cir. 2008) (expert's trial testimony admissible as an adoptive
2  admission in a subsequent trial), citing Fed. R. Evid. 801(d)(2)(C).
3  **SDX 21-24:**   Samsung removed the headings from these slides in response to Apple's
4  objections.   The image on slide 21 comes directly from Mr. Lucente's report, which also
5  addresses these illustrative examples as relevant to his four-factor analysis, in particular Factor 3.
6  *E.g.*, Dkt. 3592-25 ¶¶ 42, 223, 267, 309.   Further, even without this underlying support,
7  demonstratives aids such as these have been standard practice for the parties, even if the
8  demonstrative does not itself become an exhibit.   Finally, there is no legal argument on any of the
9  slides.   As seen in Mr. Lucente's report, the examples are helpful to put the parties' factual AOM
10 contentions in context compared to other common products.
11 **SDX 30;DX4569.14:**   The component disassembly evidence was abundantly disclosed
12 and made available to Apple for inspection, not only during AOM discovery but up to the present
13 moment.   In December 2017, Samsung responded to Apple's request for production confirming
14 that it would make the components available for inspection.   (Arnold Decl., Ex. 1 at 4-6.)
15 Samsung's interrogatory responses also identified that evidence as supporting Samsung's AOM
16 contentions for each patent.   Dkt. 3647-6 at 13-14, 31, 51 (relying on "the physical components
17 and article(s) of manufacture that Samsung made available for inspection for each phone at issue
18 in the 2018 trial").   Samsung voluntarily brought some of the components to the deposition of
19 Drew Blackard on December 13, 2017, the day before the production deadline, so that Apple
20 could use the exhibits in the deposition (which it did).   (Arnold Decl., Ex. 2 at 153-155.)   Apple
21 never arranged an inspection of the remaining disassemblies.   On multiple occasions, Samsung
22 reiterated to Apple that the components were available for inspection if Apple would simply
23 arrange a time to view them.   (Arnold Decl., Ex. 3 at 4) (January 3, 2018 letter to Apple's
24 counsel); Ex. 4 at 1 (February 2, 2018 letter to Apple's counsel).   Samsung even offered to ship
25 the components to Boston so Apple's expert could inspect them without his having to travel.
26 (Arnold Decl., Ex. 4 at 3).   Samsung's expert Mr. Lucente provided images of each disassembly
27 with his report, and those images are now DX4569.   (Arnold Decl., Ex. 5.)   And despite no
28 request from Apple, Samsung brought all of the disassemblies to Mr. Lucente's deposition so that

1  Apple could inspect them and examine Mr. Lucente about them (which it did).   (Arnold Decl.,

2  ¶ 7).   There is absolutely no basis to exclude this evidence as untimely produced or disclosed.

3  **SDX 31**: Samsung timely disclosed its alternative article of manufacture contention for

4  D'305 in its very first response to Apple's interrogatory on the subject.   Dkt. 3647-6 at 45

5  ("Alternatively, if the relevant article of manufacture is not the display screen while displaying the

6  single, patented array of GUI icons, the relevant article of manufacture is at most the display

7  screen.   Samsung incorporates all of the evidence and reasoning above in support of this

8  alternative article of manufacture.").   And Mr. Lucente identified the display screen as an

9  alternative as well in the event that no temporal limitation applied.   Dkt. 3592-25, ¶ 320 ("My

10 opinion is that the D'305 design *at most* 'adheres' to a physically separable and separately

11 manufactured component, namely a display screen.") (emphasis added).

12 **SDX 36; DX754, DX4554, PX181**:   SDX 36 cites DX 754 and DX 753, both of which

13 were admitted without objection in the 2012 and 2013 trials.   Apple waived any objections to DX

14 754 being used to impeach Apple's position on deductible expenses when it failed to object to Mr.

15 Wagner testifying that DX 754 showed Apple "certainly" deducted expenses such as "advertising"

16 and "research and development."   Dkt. 1842 at 3025.

17 With respect to DX 4554 and PX 181, the Court correctly ruled that Apple's argument that

18 "its costs and profits are irrelevant to the issue of Samsung's profits," are directed to the weight

19 and not the admissibility of that evidence.   Dkt. 3645 at 45.   Apple may argue that its financial

20 information has little weight relative to Samsung's documents, but it is foreclosed from

21 relitigating relevance.

| | |
|---|---|
| DATED: May 10, 2018 | Respectfully submitted,<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br><br><br>By  */s/ Victoria F. Maroulis*<br>    John B. Quinn<br>    William C. Price<br>    Michael T. Zeller<br>    Kevin P.B. Johnson<br>    Victoria F. Maroulis<br><br>Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |