# EXHIBIT 4

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
(650) 801-5022

WRITER'S EMAIL ADDRESS
victoriamaroulis@quinnemanuel.com

February 22, 2018

**VIA E-MAIL**
MARK.SELWYN@WILMERHALE.COM

Mark Selwyn
WilmerHale
950 Page Mill Road
Palo Alto, CA 94304

Re:   Component Inspection

Dear Mark,

I write to address multiple inaccuracies in your February 16, 2018 letter regarding the disassembly inspection.  Samsung has timely complied with Apple's discovery requests, and Apple has been playing games for more than two months now avoiding inspection of the requested disassemblies.

Apple requested, under Rule 34, a production of component articles of manufacture.  (November 14, 2017 Apple's Apple Inc.'s First Set Of Requests For Production Regarding Articles Of Manufacture.)  In response to that request, and pursuant to Rule 34(b)(2), Samsung timely objected to the location for the inspection and stated that "[p]ursuant to Rule 34 of the Federal Rules of Civil Procedure, Samsung will make such tangible things available for inspection at Quinn Emanuel's office at 555 Twin Dolphin Drive, Fifth Floor, Redwood Shores, California, at such dates and times during normal business hours to which the parties agree."  (December 14, 2017, Samsung's Responses And Objections To Apple's First Set Of Requests For Production Regarding Article Of Manufacture, General Objections at 4.)  The only products that Samsung objected to producing for inspection were those sold only overseas, namely the Galaxy S i9000 and Galaxy SII (i9100), because they will not be assessed damages at the upcoming trial.  (*Id.* at 4-5.)  The disassembled components for all the products at issue have been available for inspection within this District since Samsung's December 14, 2017 response.  To the extent you were expecting us to dictate a specific inspection time, we did not believe that would have been appropriate or courteous, so we offered to make the components available at any mutually agreed time.  Samsung never agreed to host the entire inspection in Dallas or Korea.  Your RFPs did not ask for this, nor was this ever otherwise requested.

Mark Selwyn
February 22, 2018

Despite Samsung's clear response offering an inspection in our Redwood Shores office, Apple's counsel never requested to inspect the full set of components.  Nevertheless, we made certain components available as a courtesy at Mr. Blackard's deposition in Dallas on December 13, 2017, before Samsung's responses to Apple's requests were even due, and then provided everything you asked for, on short notice, at subsequent depositions in both Dallas and Korea.  The remaining components had been, and continued to be, available for inspection in this District (where Apple's counsel of record has at least four offices).

As you know, the parties engaged in meet and confers regarding various discovery disputes at the end of fact discovery, but Apple never raised an issue with the inspection Samsung offered.  Under Local Rule 37-1(a), Apple was required to raise any such dispute through the meet and confer process.  It did not.  Even if a meet and confer had been well-founded and timely, Local Rule 37-3 further required that Apple bring a motion to compel within 7 days of the fact discovery cut-off.  None was brought.

Nevertheless, we have *continued* to make the full set of disassemblies available for inspection even since the close of fact discovery, as my January 3, 2018 letter stated.  You include only a partial quote from that letter to imply that the full set of components was only made available for inspection starting at that time.  That is wrong.  The statement, when read in its entirety, indicates that Samsung was willing to make the components available again for inspection *even though fact discovery had already closed.*  (January 3, 2018 Letter from Victoria Maroulis to Mark Selwyn ("Nevertheless, *even though you have waited until after the fact discovery cutoff to do so*, we will make them available for an inspection at a mutually agreeable time.") (emphasis added).)  Nevertheless, you still never asked to arrange an inspection.

Samsung's December 14, 2017 objections and responses to Apple's RFPs had already offered a full inspection *during* fact discovery.  You ignore this response and instead cite to Samsung's supplemental *interrogatory* responses, which indicated to Apple that Samsung was not limiting itself to relying only on what Apple had chosen to inspect, but was reserving the right to rely on all the components at trial.  At the time of Samsung's supplemental interrogatory response, Apple had known for a week that it could arrange an inspection if it had wanted to do so.  Nothing was "buried" in a discovery response;  Apple's counsel simply failed to arrange the full inspection offered in Samsung's RFP discovery responses.

Your reference to the Kyuhyun Han deposition is also inaccurate.  We brought everything to that deposition that you requested.  Samsung nowhere stated that it was hosting the full inspection at that deposition nor was it asked to do so.  Samsung's unopposed RFP response set the location for inspection in this District.  So, while my colleague may have indicated to you that the additional, *un*requested components were not available for inspection at that time *in Korea*, they were available for an inspection in our Redwood Shores office if that had been requested.

2

Mark Selwyn
February 22, 2018

To this day you have still never arranged a full inspection.  Nevertheless, Mr. Lucente provided you with pictures of all the disassemblies with his report at Exhibit 8.  I and my colleague Brett Arnold also brought the full set of disassemblies to Mr. Lucente's deposition and provided them to counsel for Apple for the entire day, despite no request or obligation to do so.  Apple's attorneys and paralegal had possession of every disassembly for the entire deposition so that they could question the witness about them, which they did, in addition to taking them outside of our presence to inspect and photograph them.  At the end of the deposition, I stated on the record the following: "I wanted the record to reflect that we brought to this deposition the disassemblies for all phones at issue in this case, same phones that were available for inspection to Apple for a couple of months, and that counsel asked and were permitted to take photographs of those disassemblies."  (February 14, 2018 Deposition of Sam Lucente, at 156:18-23.)  Apple's counsel did not dispute nor object to that statement.

Finally, we disagree that Samsung's offer to host an inspection of physical items, which is what the parties have routinely done in this case, implies anything about the nature of the components or in any way supports Mr. Ball's incorrect statements about them.  Mr. Ball based these statements on your inaccurate representations to him.  He testified that he had no knowledge of the correspondence between the parties regarding the disassemblies and was even told by Apple's counsel that Samsung had not offered the disassemblies for inspection.  (February 13, 2018 Deposition of Alan Ball, at 103:5-15.)  As far as we are aware, Dr. Kare never asked to inspect the components herself.  And you never conveyed to us Mr. Ball's request to inspect the components, instead telling him incorrectly that they were unavailable.  (*Id*. at 101:7-23.)  While it is Apple's choice what to tell its own experts, Apple's attempt to blame Samsung for Apple's counsel's innocent mistakes or intentional false statements is improper.  Samsung's RFP response of December 14, 2017 and our letter of January 3, 2018 both predated Mr. Ball's opening report, not to mention his reply report.  If Mr. Ball would like to visit this District, where your client filed suit, we will *continue* to make the disassemblies available to him here for inspection at an agreed time.  If Mr. Ball needs them to be transported to Boston, we will make every reasonable effort to arrange that while maintaining the integrity of the evidence.

As we have since December 14 of last year, we will continue to make the disassemblies for all products at issue available for inspection for Apple's attorneys and experts if you would like to set up a time to do so.


Sincerely,

*/s/ Victoria F. Maroulis*

Victoria F. Maroulis

3