ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
     HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
     HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff Apple Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S OBJECTIONS TO SAMSUNG'S OPENING SLIDES AND RESPONSES TO SAMSUNG'S OBJECTIONS TO APPLE'S OPENING SLIDES** |

**Apple's Objections to Samsung's Opening Disclosures**

**Slides Regarding Infringement (SDX 2-4, 6, 8)**: The Court has repeatedly made clear that it will not permit Samsung to turn this trial into a retrial of infringement. *See, e.g.*, Dkt. 2774 at 4-5 (barring Samsung demonstrative showing alleged non-infringing alternative because it "would effectively constitute relitigation of the 2012 jury's infringement verdict as well as confuse the issues, mislead the jury, and waste time"); Dkt. 3430 at 11; Dkt. 2736 at 5; Dkt. 2696. Yet, these slides seek to do exactly that by comparing the infringing Captivate phone with the Galaxy SII (Epic 4G Touch) (not accused of infringing the D'305) and the D'305. Such arguments are plainly beyond the scope of the damages retrial and should be precluded under FRE 402 and 403 as irrelevant, prejudicial, and confusing.

**Slides Regarding Prior Art/Invalidity (SDX 9-10, DX578)**: The Court has also made clear that it will not permit Samsung to litigate validity issues in this damages retrial. Dkt. 3703 at 16 (excluding Samsung's alleged "independent development" evidence due to "403 concerns about having a satellite litigation on the validity question"). Apple objects to references to who was "first" to develop certain technologies under FRE 402 and 403. The clear intent of Slides 9-10, and Samsung's use of DX578, is to encourage the jury to revisit the issue of the validity of Apple's design patents. The unfair prejudice to Apple from these references substantially outweighs any alleged probative value, and Samsung should not be permitted to try to influence the amount of damages that the jury awards by suggesting that Apple was not "first," or that Apple's patents are invalid.

**Slides Regarding Previously-Excluded "Independent Development" Theory**:

**SDX11-SDX13, DX4603**: Apple objects to Samsung yet again trying to introduce its theory of alleged "independent development." The Court reaffirmed the exclusion of this evidence last week when it granted Apple's MIL #1, citing concerns that this evidence "would confuse the issues, perhaps mislead the jury, and waste time," "perhaps cause the jury to question the liability verdict," and "be unduly prejudicial to Apple." Dkt. 3703 at 15-16. As Apple explained during argument on that motion, it was not objecting to Samsung's use of the F700

and similar evidence "as indication of non-infringing alternatives." *Id*. at 14. Accordingly, Apple did not seek to exclude DX684, which contains images of over 30 devices, "***for the purpose of demonstrating non-infringing alternatives***." *Id*. In its continued effort to test the Court's rulings on this subject, Samsung has now *excerpted* images of its alleged independent development evidence from DX684 (including a "Vessel" mock-up, F700 mock-up, and F700 phone) and created from them new demonstratives, including timelines with the headings "Pre-iPhone Screen Centric Phones" (SDX11) and "Samsung Phones Before iPhone Introduced" (SDX13). For the same reasons that the Court granted Apple's MIL #1, the Court should exclude these slides.

Further, there is no foundation for DX4603, which appears to be a merging of two unrelated documents, both of which contain hearsay and one of which was not disclosed by Samsung during discovery.

**Untimely Disclosed Evidence (SDX30 and DX4569.014)**: Apple objects to this evidence of a "disassembled" Galaxy S 4G because a majority of the components shown were not disclosed or produced during fact discovery, and there is no witness to lay the foundation necessary to admit them. Apple was first provided with this image (and others similar to it) when it received Mr. Lucente's expert report and was first presented the opportunity to inspect all the components shown in this image at Mr. Lucente's deposition. Mr. Lucente does not claim that he himself disassembled this Galaxy S 4G (or the other phones shown in DX4569). Due to Samsung's failure to timely produce, Apple does not know who allegedly disassembled these phones or how. Accordingly, use of this slide and any of the components not timely produced to Apple should be excluded for Samsung's failure to disclose and as prejudicial to Apple.

**Improper Use of Deposition Testimony (Slides 18, 32-34)**: Samsung's use of the deposition testimony of Julie Davis, Apple's damages expert, is improper. Ms. Davis' statements are not admissible as a party admission. *See, e.g.*, *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 164 (3d Cir. 1995) (because experts "testify impartially in the sphere of their expertise," they are not "authorized to make an admission for that party"); *Wilson v. Hartford*

*Ins. Co. of the Midwest*, 2011 WL 2670199, at *2 (W.D. Wash. July 7, 2011) (expert report was not party admission under FRE 801(d)(2) because "[a]n expert is expected to form her own opinions, not the opinions of the party who hired her"). Samsung may only use her deposition if she testifies, and then only if the conditions of FRE 801(d)(1) are satisfied.

**Misleading Demonstratives**

**SDX 14-15, DX4577, DX4605**: Apple objects that Samsung has altered the images of the phones on SDX 14-15 so that buttons on the face or sides of the depicted phones are not visible. The clear intent of this manipulation is to create the false impression that these devices are more similar to Apple's iPhones than they are—therefore diminishing the novelty and distinctiveness of Apple's patented designs. The phone models depicted on these slides do not appear in the cited exhibits, one of which (DX4605) is an improper summary exhibit and lacks a proper foundation, as it has not been disclosed in relation to any expert report.

**SDX31**: Apple objects to SDX31 because it fails to accurately identify the alleged article of manufacture Samsung has identified for the D'305, and is therefore misleading and prejudicial. Samsung's expert Mr. Lucente identified the alleged article of manufacture as "the display screen while displaying the single, patented array of GUI icons." Dkt. 3592-25, Lucente Rpt. ¶ 30. Samsung has not disclosed any evidence or expert opinion to support the alternative article of manufacture identified on this slide.

**Improper Legal Argument:**

**SDX 21-24**: Apple objects to Samsung's attempts to make legal arguments or instruct the jury on Samsung's view of the law for determining the article of manufacture. Slides 21-23 are a clear attempt to present the jury with the same legal arguments concerning the *Piano* cases that Samsung has made (repeatedly) before this Court. *See, e.g.,* Dkt. 2013 at 19 (JMOL); Dkt 3592-2 (Partial Motion for Summary Judgment). Slide 24 clearly suggests the legal claim that a product may comprise a single article of manufacture *only if* that product is comprised of a single component. Neither proposition is consistent with the Supreme Court's decision in this case, "which left open the possibility that a multicomponent product could be the relevant article

of manufacture." Dkt. 3530 at 16.  Finally, because they are based on hypotheticals and represent improper legal argument, none of these slides can be supported by any expert or lay witness.  They should be excluded under FRE 402 and 403.

**SDX36**: Apple objects that this slide misrepresents the law regarding the calculation of Samsung's "total profits" from the sales of the article of manufacture pursuant to 35 U.S.C. § 289.  Slide 36 misleadingly suggests that the test for determining "total profit" for purposes of § 289 is equivalent to some standard for determining corporate profits when preparing audited financial statements.  That is not the law.  Under § 289, "total profit" expenses may be deductible only "if they are directly attributable to the sale or manufacture of the infringing articles of manufacture resulting in a nexus between the infringing articles of manufacture and the expense."  *See* Tentative Final Jury Instruction No. 30 (Dkt. 3708) at 45; 2013 Final Jury Instruction No. 31 (Dkt. 2784).  Samsung misrepresents § 289 in suggesting that the calculation of "total profits" must resemble how corporate profits would be determined in preparing audited financial statements.  The legal standard and Generally Accepted Accounting Principles (GAAP) are different and Samsung's effort to conflate them is misleading, confusing to the jury, and prejudicial.  This slide should be excluded under FRE 402 and 403.

**Improper Summary Exhibits (DX4577, DX4605)**: Samsung has not disclosed the underlying source information used to compile these "summaries."  There is accordingly no way to know if they are so voluminous as to justify being summarized under FRE 1006 or if the underlying information would itself be admissible.  This information is more properly presented as demonstratives (if at all); it should not be admitted into evidence.

**Improper Apple Financial Records (DX754, DX4554, PX181)**: These exhibits each contain information concerning the revenues, costs, and profits Apple earned from the sale of its phones calculated using GAAP accounting standards.  This information bears no relation to the calculation of the total profits under § 289 that *Samsung* has earned from the sales of infringing phones.  Indeed, neither party's expert relied on this information to calculate Samsung's profits under § 289.  It does, however, pose a significant risk of prejudice to Apple both by inviting the

jury to consider *Apple's* success when evaluating the damages award Apple should receive and by suggesting, without any basis, that the calculation of Samsung's total profits under § 289 should mirror the calculation of Apple's profits under GAAP standards.  Further, the introduction of numerous numbers untethered to the damages calculations would be misleading and confusing for the jury.  These exhibits should be excluded under FRE 402 and 403.

**Apple's Responses to Samsung's Objections to Apple's Opening Disclosures**

**PDX 1.5**: Samsung objects to this slide under FRE 403 on the ground it suggests that all phones before the iPhone did not contain touchscreen faces.  Apple has not contended and will not contend that the iPhone was the first phone to use a touchscreen face.

**PDX 1.13, 1.14**: Samsung objects to these slides—which show only information taken directly from the D'677 and D'087 under the titles "D'677 Patent" and "D'087 Patent" as misleading and pursuant to FRE 403.  As the Court has ruled, "[t]he patents, including their 'written description[s]," are highly relevant to the first factor of the article of manufacture test. Dkt. 3673 at 6 (citing Dkt. 3530 at 35).

**PDX1.19**: Samsung objects to this slide under FRE 403, but nothing is misleading about this slide, which accurately depicts the represented Samsung phones.  This same slide was previously admitted into evidence.  Dkt. 2789-1.

**PDX 1.28, 1.33, 1.34, 1.37, 1.38:**  Apple will not argue that all the depicted products infringe all the design patents-in-suit, including the D'305.  Infringement has been decided, and the jury will be instructed as to which phones infringe each patent-in-suit in both the preliminary and final jury instructions.  Dkt. 3718 (No. 31); Dkt. 3708 (No. 17).

**PX36, PX40, PX44, PX46, PX4061**: As the Court recently reiterated, it has already "ruled that evidence of copying is relevant to the second factor of the article of manufacture test, the prominence of the design." Dkt. 3684 at 4 (citing Dkt. 3645 at 18-19).  The Court has also previously ruled such evidence is relevant to the reasonable royalty analysis.  Dkt. 2735 at 3.

**PX6, PX133, PX134, PX135, PX174**: Samsung challenges these exhibits on the basis that the iPhone is not relevant to the article of manufacture factors, but the Court has already

ruled otherwise.  Dkt. 3645 at 21-23.  Further, these exhibits show more than just images of the iPhone.  All are evidence of Samsung's copying, which, as discussed above, the Court has also ruled admissible.

**PX52**: This exhibit is relevant to the prominence of Apple's patented designs in Samsung's infringing products, as well as Samsung's copying, which the Court has already ruled is "relevant to the second factor of the article of manufacture test." Dkt. 3684 at 4; Dkt. 3645 at 18-19.  Indeed, Samsung sought to exclude Mr. Ball's and Ms. Kare from testifying regarding this exact page and was denied.  Dkt. 3595-4, ¶ 207; Dkt. 3595-07, ¶ 90; Dkt. 3645 at 17-19.  Apple does not intend raise willfulness or prior damages awards, unless Samsung opens the door.  Dkt. 3684 at 4 (citing Dkt. 3661 at 16).

Dated: May 10, 2018

*/s/ Mark D. Selwyn*
Mark D. Selwyn (SBN 244180)

*Attorney for Plaintiff Apple Inc.*

APPLE'S OBJECTIONS TO SAMSUNG'S OPENING SLIDES AND RESPONSES TO SAMSUNG'S OBJECTIONS TO APPLE'S OPENING SLIDES
CASE NO. 11-CV-01846-LHK                                      6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 10, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                                                             */s/ Mark D. Selwyn*
                                                                             Mark D. Selwyn