QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                  Plaintiff,<br><br>        vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                  Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS TO TENTATIVE FINAL JURY INSTRUCTIONS** |

# TABLE OF CONTENTS

**Page**

I.  SAMSUNG OBJECTS TO TENTATIVE INSTRUCTION NOS. 26-29 REGARDING THE "ARTICLE OF MANUFACTURE"........................................................1

   A.  Samsung Objects To Tentative Instruction Nos. 26-29's Failure To Instruct That The Articles Of Manufacture Here Cannot Be The Entire Phone ....................1

   B.  Samsung Objects To Tentative Instruction No. 29's Adoption Of A Four-Factor Test ................................................................................................3

   C.  Samsung Objects To Tentative Instruction No. 29's Failure To Explicate The Four-Factor Test ...........................................................................5

   D.  Samsung Objects To Tentative Instruction No. 29 With Respect To Individual Factors In The Four-Factor Test ............................................7

      1.  Samsung Objects To Tentative Instruction No. 29 As To Factor 1 ..............7

      2.  Samsung Objects To Tentative Instruction No. 29 As To Factor 2 ............11

      3.  Samsung Objects To Tentative Instruction No. 29 As To Factor 3 ............11

      4.  Samsung Objects To Tentative Instruction No. 29 As To Factor 4 ............12

II. SAMSUNG OBJECTS TO TENTATIVE INSTRUCTION NOS. 23, 27, 28, 30-33 REGARDING CALCULATION OF DAMAGES .............................................13

   A.  Samsung Objects To The Tentative Instruction Nos. 27, 30-33 With Respect To Design Patent Damages .....................................................................13

   B.  Samsung Objects To The Tentative Instruction No. 30 Regarding § 289 Profits ..........................................................................................14

   C.  Samsung Objects To Tentative Instructions Nos. 23 and 31 Regarding § 284 Reasonable Royalties ..............................................................18

   D.  Samsung Objects To Tentative Instruction No. 33 Regarding Double Recovery.......................................................................................21

Samsung respectfully submits these objections to the Court's Tentative Final Jury Instructions (Dkt. 3708, hereinafter the "Tentative Instructions").  Samsung objects to the Tentative Jury Instructions' failure to give any and all of  Samsung's Proposed Final Jury Instructions (Dkt. 3672-2, hereinafter "Proposed Instructions"), including without limitation the omission to give the instructions identified below.

## I.  SAMSUNG OBJECTS TO TENTATIVE INSTRUCTION NOS. 26-29 REGARDING THE "ARTICLE OF MANUFACTURE"

Samsung objects  to  Tentative Instruction Nos. 26-29 because they incorrectly state the applicable test for an "article of manufacture."  Samsung's Proposed Instruction Nos. 29-43 in Samsung's Proposed Instructions correctly state the law, and should be given.

### A.  Samsung Objects To Tentative Instruction Nos. 26-29's Failure To Instruct That The Articles Of Manufacture Here Cannot Be The Entire Phone

Samsung objects to Tentative Instruction Nos. 26-29 because they fail to instruct the jury that, as a matter of law, the narrow and limited designs claimed in Apple's asserted patents cannot be applied to an entire smartphone.   A design patent protects only ornamental appearance, and thus "articles which are concealed or obscure in normal use are not proper subjects for design patents, since their appearance cannot be a matter of concern."  *In re Stevens*, 173 F.2d 1015 (C.C.P.A. 1949).  Thus, the interior components concealed inside a smartphone are not design-patentable subject matter, and a design for the externally visible components of a smartphone cannot be applied to those internal components and thus cannot be applied  to an entire phone.  Just as a patent covering the exterior housing of a piano (*i.e.*, a piano case) can be applied only to that exterior housing (and not to the entire piano), *Bush & Lane Piano Co. v. Becker Bros.*, 222 F. 902, 903-05 (2d Cir. 1915), a patent covering the exterior housing of a smartphone can be applied only to that exterior housing (and not to the entire smartphone).

This point appeared clearly in the Justices' colloquy with Apple's counsel at oral argument before the Supreme Court. Chief Justice Roberts asked whether it was not obvious that the patented designs in this case were "applied to the exterior case of the phone[s]," and therefore were "not applied to … all the chips and wires."  Tr. at 40, *Samsung Elecs. Co. v. Apple, Inc.*, No. 15-777 (U.S.).  And noting that "the chips and all are articles of manufacture," the Chief Justice asked

further, "How is the design of the case applied to those chips?" *Id.* Apple's counsel conceded in the course of this colloquy that "of course you can't get a design patent on something that the consumer can't see." *Id.*   Justice Sotomayor similarly asked why, in a hypothetical involving a design for the body of a Volkswagen Beetle, it was not obvious that "the Volkswagen body, not the innards [of the car], are the article of manufacture." *Id.* at 43. And Justice Alito asked whether a patented design must be "applied to the outside [of an article] in a physical sense. … [W]here is the design applied? Is it applied to the inside? No. It's applied to the outside." *Id.* at 51.   Apple's counsel again agreed with that statement:   "Well, the design, by definition, applies to the outside." *Id.*   Chief Justice Roberts later asked whether Apple's designs are "applied to the outside of the phone," and Apple's counsel again conceded that the designs are "always applied to the outside of an article. [They] ha[ve] to be applied to the outside of an article." *Id.* at 52.   In light of these concessions and well-settled law, the D'677 and D'087 patents cannot be applied to the innards of a smartphone and thus cannot be applied to an entire phone including those innards.

It is similarly clear that a design for a computer-generated image can only be "for," and can therefore only be "applied" to, a display screen.  As the MPEP explains, such "2-dimensional images … alone are surface ornamentation," and therefore can only be the subject of a design patent if the claimed image is "shown on a computer screen, monitor, other display panel, or a portion thereof." MPEP § 1504.01 (citing 35 U.S.C. § 171; *Ex parte Strijland*, 26 U.S.P.Q.2d 1259 (B.P.A.I. 1992)). "Since a patentable design is inseparable from the object to which it is applied and cannot exist alone merely as a scheme of surface ornamentation, a computer-generated icon must be embodied in a computer screen, monitor, other display panel, or portion thereof…." *Id.*   And "[t]he dependence of a computer-generated icon on a central processing unit and computer program for its existence itself is not a reason for holding that the design is not for an article of manufacture"— namely, for the display screen on which the design appears. *Id.* (citing *In re Hruby*, 373 F.2d 997, 1001 (C.C.P.A. 1967)).   Thus, a computer-generated image can only be "applied to" a display screen.  It cannot be "applied to" the central processing unit, computer program, power source, and so on; those components and features (which are separate from the display screen) are *the mechanism by which the design is applied* to the display screen.

To apprise the jury of these rules of law, the Court should give Samsung's Proposed Instruction Nos. 30, 34, 36, and 37, and should further instruct that:

> Because a design patent protects only ornamental appearance or decoration, a patented design cannot be applied to any component of a device that is not visible during normal use.  A design patent therefore can be applied only to an article of manufacture that can be seen during normal use.

> Thus, in a multi-component device, a patented design for the exterior case can be applied only to the exterior case, or a portion of the case.  It cannot be applied to the components inside the device or to the entire device including those interior components.

> Similarly, in a multi-component device, a patented design for a computer-generated image can be applied only to the display screen on which the image appears.  It cannot be applied to the components inside the device or to the entire device including those interior components.

### B.  Samsung Objects To Tentative Instruction No. 29's Adoption Of A Four-Factor Test

Samsung objects to Tentative Instruction No. 29 because it erroneously adopts  a four-factor test for identifying the relevant article of manufacture rather than the  correct two-factor test set forth  in Samsung's Proposed Instruction No. 34[a] (Dkt. 3672-2, at 96), which follows from the text of § 289 and should be given.   As the Supreme Court held, the statute limits any award of profits to the amount that the infringer earned from the "article of manufacture" to which a patented design was "applied."  *See Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434 (2016); Dkt. 3592-2; Dkt. 3615.  To identify that relevant "article of manufacture," the factfinder need only (1) identify what design is claimed by the design patent, and then (2) ascertain the particular article to which the design "gives a peculiar or distinctive appearance."  *Gorham Co. v. White*, 14 Wall. 511, 525 (1872), quoted in *Samsung*, 137 S. Ct. at 432.  And where, as here, a design covers only to one or two components of a complex product, it necessarily follows that the design can be applied only to those components—not the entire product.

In contrast, the second and third factors adopted by the Court's Tentative Instruction No. 29 (like those proposed by the Solicitor General, *see* U.S. Br. 28-29) are erroneous because they have no grounding in the statute.  Nothing in § 289 calls for an assessment of a design's "prominence" within a product, or whether and to what extent a design and a product are "conceptually distinct."  *See U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1129 (9th Cir. 2015) (declining

"to read a nonexistent, extra-textual third requirement into" federal statute); *Timex V.I., Inc. v. United States*, 157 F.3d 879, 883 (Fed. Cir. 1998) (similar); Sarah Burstein, *The "Article of Manufacture" Today*, 31 HARV. J. L. & TECH --- (manuscript of Jan. 28, 2018, at 20) (Solicitor General's factors are not "link[ed] … to the question of what it means for a design to be 'applied' to an 'article of manufacture'") (http://bit.ly/2FjXxKZ).  Whereas the factfinder *must* consider the design's scope and the accused product's physical nature in order to decide whether the patented design has been applied to a component or to an entire multi-component product, the second and third factors have no legal or logical bearing on that inquiry.

Samsung further objects to factors 2 and 3 of the four-part test as erroneous because they confuse the two steps of the Supreme Court's own two-part test:  "Arriving at a damages award under § 289 thus involves two steps. First, identify the 'article of manufacture' to which the infringed design has been applied. Second, calculate the infringer's total profit made on that article of manufacture." *Samsung*, 137 S. Ct. at 434 (quoting 35 U.S.C. § 289).  Relative prominence and conceptual distinctness have nothing to do with what the article of manufacture is at step one, as opposed to how much profit is made from that article at step two.  *See generally* Tr. at 40-52, *Samsung Elecs. Co. v. Apple, Inc.*, No. 15-777 (U.S.).

Samsung also objects to the inclusion of factors 2 and 3 because they are vague and indeterminate and will confuse the trier of fact and lead to unpredictable and inconsistent results. *See* Burstein, *supra*, at 19-20 (collecting authorities and criticizing test).  Indeed, Apple has affirmatively used the four-factor test's indeterminacy to inject uncertainty and confusion into the trial.  Whereas Samsung built its case around the Court's statement in the new-trial order that "the four factors *proposed by the United States* best embody the relevant inquiry" (Dkt. 3530, at 21 (emphasis added); *see, e.g.*, Dkt. 3592-25, ¶¶ 41, 92, 96, 157, 187, 223, 302, 307-09, 324 (Samsung expert Sam Lucente opining based on Court's stated adoption of Solicitor General test)), Apple expressly *rejected* the Solicitor General's explication of the factors that the government had proposed—relying on the paradoxical contention that "[w]hile this Court adopted the test proposed by the Solicitor General, the SG's *amicus* brief [in which the test was proposed] is not the law" (Dkt. 3605-3, at 1 (emphasis altered); *see, e.g.*, Dkt. 3592-20, ¶ 7 (denying that Solicitor General's

description governs); Dkt. 3592-21, ¶¶ 5, 39 (same); Dkt. 3592-22, at 117 (stating that Solicitor General's articulation of factor has "no relevancy"); Dkt. 3592-23, at 69-70 (similar).  It is thus evident that Apple's trial strategy will be to obfuscate the issues by maximizing the four-factor test's ambiguity.

### C.   Samsung Objects To Tentative Instruction No. 29's Failure To Explicate The Four-Factor Test

Without waiving its objection that no four-factor test should apply here at all, Samsung further objects to the Tentative Instruction No. 29 because it does not adequately explain  the four-factor test as a whole or any of the four factors that the Court adopted, and because it fails to adopt Samsung's Proposed Instruction Nos. 20, 29, and 32-43 in the event that a four-part test is used.

In general, Samsung objects to the Court's failure to instruct the jury regarding the test that the Court itself stated that it was adopting in its new-trial order: "the four-factor test *proposed by the United States*." Dkt. 3530, at 19-21.[1]  The "test proposed by the United States" via the Solicitor General's Supreme Court *amicus* brief is not restricted to the phrases that this Court quoted in the new-trial order, and which are repeated in Tentative Instruction No. 29.  That test *also* includes the Solicitor General's explanation of what each of the four factors means, as well as how the factors are to be applied both individually and together (*see* U.S. Br. 26-29).   The Southern District recognized as much in *Columbia Sportswear North America, Inc. v. Seirus Innovative Accessories, Inc.*, No. 17-cv-01781 (S.D. Cal.), in which the jury instructions provided substantial explanation of the four factors, drawn from the Solicitor General's brief.  To the extent this Court is to apply a four-factor test of any kind, Samsung submits that it should follow the Southern District's lead and provide the jury with guidance in accord with the United States' articulation of its own test.

**a.**   Samsung also objects to the Tentative Instructions' omission of Samsung's Proposed Instruction No. 20, which provides important background information to help the jury understand

---

[1]   Moreover, to the extent that Samsung's counsel's comments at oral argument could be read as a concession of any sort (they cannot), those comments referred only and specifically to "the Solicitor General's test" (Dkt. 3528, at 14; Tr. at 20, *Samsung*, No. 15-777(U.S.))—that is, *the test that the Solicitor General articulated in the United States' amicus brief*.  Counsel did not in any way agree to the unelaborated phrasing that this Court set forth in its order granting a new trial (Dkt. 3530, at 35), which *post-dated* all of counsel's statements at oral argument.

1    the issues in the case.  The Court has agreed to give a similar instruction as Preliminary Jury

2    Instruction No. 19 (Dkt. 3691, at 21).

3         **c.**        Samsung objects to Tentative Instruction No. 28's recitation that "the law provides

4    that an infringer who (1) applies the patented design to any article of manufacture for the purpose

5    of sale, or (2) sells or exposes for sale any article of manufacture to which such design has been

6    applied shall be liable to the patent owner to the extent of the infringer's total profit."  This statutory

7    language is irrelevant to the calculation of damages and will confuse and mislead the jury. The

8    instructions "should tell jurors what their practical tasks are under the law, rather than providing raw

9    legal texts for jurors to digest." *Achor v. Riverside Golf Club*, 117 F.3d 339, 340 (7th Cir. 1997).

10        **d.**        Samsung objects to  Tentative Instruction No. 29 because it omits to  define the

11   statutory term "article of manufacture" as set forth in Samsung's Proposed Instruction No. 29, which

12   should be given.  "To repeat statutory language is not sufficient unless its meaning and application

13   to the facts are clear without explanation," *Structural Rubber Prod. Co. v. Park Rubber Co.*, 749

14   F.2d 707, 723 (Fed. Cir. 1984) (quoting Wright & Miller, Federal Practice and Procedure § 2556

15   (1971)), and "[i]f the court must use technical words that are not generally well understood, it should

16   define them," Wright & Miller, Federal Practice & Procedure § 2556 (3d ed.). Samsung's Proposed

17   Instruction No. 29 offers the jury helpful examples (a dinner plate and a kitchen oven) that the

18   Supreme Court itself used to explain the article of manufacture concept.

19        **e.**        Samsung objects to Tentative Instruction No. 29 because it omits to define the

20   statutory word "applied," as in Samsung's Proposed Instruction No. 30, which should be given.

21   Again, it is not enough merely "[t]o repeat statutory language" without adequate explanation of what

22   it means.  *Structural Rubber*, 749 F.2d at 723.  Here, the word "applied" denotes the article of

23   manufacture to which a patented design "gives a peculiar or distinctive appearance." *Samsung*, 137

24   S. Ct. at 432 (quoting, 81 U.S. at 525).  The jury should be so instructed.

25        Samsung similarly objects to this instruction's failure to instruct that a patented design is not

26   "applied" to an article of manufacture on which the ornamental design does not appear. That is a

27   correct statement of law, and Samsung is entitled to an instruction on this point.

28        **f.**        Samsung objects to the Tentative Instructions' failure to instruct (i) that in identifying

the relevant articles of manufacture, the jury should consider which party's characterization would appropriately compensate (rather than over-compensate) Apple for the contribution of the patented design to the value of Samsung's smartphones, and (ii) that the jury should seek to ensure that neither party will have what justly belongs to the other. *See* Samsung's Proposed Final Jury Instruction No. 34, which should be given This proposed language provides guidance to the jury as to its purpose and objective in weighing the four factors adopted by the Court, and is supported by the submission from which the Court drew those factors (and the authorities cited therein). U.S. Br. 26-27 (*citing, e.g.*, *Sheldon v. Metro-Goldwyn Pictures Corp*., 309 U.S. 390, 402-08 (1940)).

     **g.**     Samsung objects to the Tentative Instructions' failure to instruct the jury that evidence regarding Apple's products is not relevant to the "article of manufacture" question. *See* Samsung's Proposed Instruction No. 43[a]; Dkt. 3523 at 16 (Apple conceding that "evidence about the iPhone sold by Apple has no bearing on the article of manufacture to which ***Samsung*** applied the patented designs").

     Without waiving it objection to the omission of Proposed Instruction No. 43[a], Samsung objects to the Tentative Instructions' failure to state pursuant to the Court's *Daubert* ruling (Dkt. 3645, at 21-23), that with respect to the identities of the relevant articles of manufacture, evidence regarding Apple's products may *only* be considered to the extent it bears on the second factor of the test—not to the other three factors. *See* Samsung's Proposed Instruction No. 43[b].

     **h.**     Samsung objects to Tentative Instruction No. 29's failure to instruct that if Apple does not carry its burden of proving that Samsung "applied" the patented design to its entire smartphones, the jury may not award Samsung's profit on its entire smartphones—as in Samsung's Proposed Instruction No. 33. This is an accurate statement of the consequence that would follow from Apple failing to carry the burden of proof that the Tentative Instruction properly assigns to Apple, and the jury should be so instructed.

     **D.**     **Samsung Objects To Tentative Instruction No. 29 With Respect To Individual Factors In The Four-Factor Test**

          **1.**     **Samsung Objects To Tentative Instruction No. 29 As To Factor 1**

     **a.**     Samsung objects to Tentative Instruction No. 29 because it does not explain *how* the

1  scope of the design should figure into the jury's consideration of Factor 1. *See* U.S. Br. 27-28

2  Samsung's Proposed Instruction No. 34, which should be given, properly directs the jury to consider

3  the scope of the design in relation to the product at issue.

4    **b.**  Samsung similarly objects that the Tentative Instructions omit to advise the jury that

5  "the scope of the design patent must be a central consideration for the factfinder when determining

6  the relevant article of manufacture for the purpose of § 289." Dkt. 3530, at 17.  The Court correctly

7  concluded that this is an accurate statement of the law.  The jury should be instructed on it, as

8  proposed by Samsung's Proposed Instruction No. 35.

9    **c.**  Samsung objects to Tentative Instruction No. 26's proposal to re-use the Court's

10  prior claim constructions, and objects in particular to the instruction's references to an "electronic

11  device" and an "article of manufacture."  As the Court has concluded, "identifying the relevant

12  article of manufacture is a question for the jury," and it would be "misleading to the jury and highly

13  prejudicial to Samsung" to suggest in any way that the relevant articles of manufacture have already

14  been identified.  Dkt. 3645, at 27.

15    The Court is not bound to its prior claim constructions on law-of-the-case grounds.  That

16  doctrine is inapplicable where (as here) the "governing law is changed by a later authoritative

17  decision," *Dow Chem. Co. v. Nova Chemicals Corp. (Canada)*, 803 F.3d 620, 627-28 (Fed. Cir.

18  2015), or where (as here) "the evidence on remand is substantially different" from the evidence in

19  the prior proceeding or "other changed circumstances exist," *Microsoft Corp. v. Motorola, Inc.*, 795

20  F.3d 1024, 1034 (9th Cir. 2015); *see also, e.g.*, *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573,

21  1582 (Fed. Cir. 1994) (collecting similar authorities).  Here, the Court has recognized that its prior

22  claim constructions were issued "before the U.S. Supreme Court clarified the meaning of the phrase

23  'article of manufacture'" and thus changed the governing law.  Dkt. 3645, at 27; *see Samsung*, 137

24  S. Ct. at 434-36.  Further, the circumstances have substantially changed with the introduction of a

25  new issue:  As the Court has also recognized, "the identity of the articles of manufacture was not at

26  issue in the 2012 trial."  Dkt. 3714, at 3.  This new issue requires new jury instructions regarding

27  the scope of the patents.

28    The Court should therefore omit references to an "electronic device" or an "article of

manufacture" from any instruction regarding the scope of the patented designs.  Specifically, the Court should instruct the jury in accordance with Samsung's Proposed Instruction No. 35[a], which accurately describes the scope of the patented designs without making any misleading reference to an "electronic device" or suggesting that such a device is the relevant "article of manufacture" for any of the asserted patents.  In the alternative, the Court should instruct the jury in accordance with Samsung's Proposed Instruction No. 35[b], which accurately restates the Supreme Court's descriptions of the three design patents' scope.

If the Court gives an instruction that contains references to an "electronic device" or an "article of manufacture," it should give a limiting instruction making clear that none of the language in the Court's constructions is relevant to or determinative of the identity of the relevant articles of manufacture, as in Samsung's Proposed Instruction No. 39 and Samsung's proposed limiting instruction (Dkt. 3717, at 2).  Such a limiting instruction should go further than the Court's revised Tentative Preliminary Jury Instruction No. 21 (Dkt. 3718, at 26), by making specific reference to the language whose use is being limited (*see* Dkt. 3717, at 2-3).  **d.** Without waiving its objections to the contents of Tentative Instruction No. 26, Samsung objects to the Court's reordering of the claim constructions.  The D'677 and D'087 patents cover related subject matter, with the D'087 patent simply omitting the color black and adding a rim or bezel.  To avoid confusion and ensure that similar patents are discussed together, the Court should begin with the D'677 patent and then to proceed to the D'087 patent, with the D'305 patent's construction at the end.  The Court used this order in 2012 (Dkt. 1903, at 59-60), and should do so again here if Tentative Instruction No. 26 is given in any form.

Samsung also objects that the instruction regarding the scope of the design patents should be given after the "article of manufacture" test is introduced, in the context of explaining the first factor of the relevant test.

**e.**    Samsung objects that the Tentative Instructions omit to instruct that the asserted patents' written text and broken lines do not enlarge the scope of the claimed designs.  The designs' scope is defined by the solid lines in the patent figures, and not by written text or broken lines.  The jury should be so instructed, as in Samsung's Proposed Instruction Nos. 36-37.

**f.**      Samsung objects that the Tentative Instructions omit to instruct that the asserted patents' written text and broken lines are not relevant to or determinative of the identity of the articles of manufacture to which a patented design has been "applied."  The identity of the relevant articles of manufacture "is a question for the jury" (Dkt. 3645, at 28), and it cannot be determined simply by looking at a patent's title, written description or unclaimed subject matter.  *See* U.S. Br. 28 ("the factfinder should not treat the patent's designation of the article as conclusive" of the article of manufacture to which a design is later applied).  The jury should be so instructed, as in Samsung's Proposed Instruction Nos. 36-37.

**g.**      Samsung objects to the Tentative Instructions' failure to state that because Apple's design patents protect ornamental appearance or decoration, they do not protect the design of any feature that is not visible to a consumer—as in Samsung's Proposed Instruction No. 36. The law is long settled on this point, *see In re Stevens*, 173 F.2d 1015 ("articles which are concealed or obscure in normal use are not proper subjects for design patents, since their appearance cannot be a matter of concern"), and Apple's counsel correctly agreed at oral argument before the Supreme Court that "of course you can't get a design patent on something that the consumer can't see." Tr. at 40, *Samsung Elecs. Co. v. Apple Inc*, No. 15-777 (2016).

**h.**      Samsung objects to the Tentative Instructions' omission of an instruction with respect to the D'305 patent on prosecution history estoppel, as set forth in Samsung's Proposed Instruction No. 38.  In the course of prosecuting the D'305 patent, Apple initially sought to patent designs for more than 190 different screen images.  *See* JX 1063, at 3-77; JX 1042.  After the examiner objected, Apple amended its application to claim only the single icon-array image as to which the patent ultimately issued.  *See* JX 1063, at 117-28; JX 1042.  In such circumstances, "[w]here subject matter is surrendered during prosecution, prosecution history estoppel prevents the patentee from recapturing in an infringement action the very subject matter surrendered as a condition of receiving the patent." *Pac. Coast Marine Windshields Ltd. v. Malibu Boats, LLC*, 739 F.3d 694, 701 (Fed. Cir. 2014) (citation, internal quotation marks, and brackets omitted).  This doctrine is fully applicable in a suit for infringement of a design patent, *id.* at 702, and the estoppel rule applies here by ensuring that a patentee does not obtain the benefits of a broad claim scope even

after surrendering part of that scope to obtain the patent.  *See id.*  The narrow scope of Apple's design patents is directly relevant to the new article of manufacture test, and accordingly is an appropriate subject for instruction now.

### 2.     Samsung Objects To Tentative Instruction No. 29 As To Factor 2

Samsung objects to Tentative Instruction No. 29 because it omits necessary guidance that a design is not relatively prominent if it is only for a minor component of a complex product, or is not one of the most prominent attributes of that product, and that it must be compared to the smartphone's other features.  *See* Samsung's Proposed Instruction Nos. 34[b], 40.  As the Solicitor General's test explains, "[i]f the design is a minor component of the product, … or if the product has many other components unaffected by the design, that fact suggests that the 'article' should be the component embodying the design," but "if the design is a significant attribute of the entire product, affecting the appearance of the product as a whole, that fact might suggest that the 'article' should be the product."  U.S. Br. 28; *see* Dkt. 3530, at 35 (a design must be "relatively prominent within the product as a whole").

### 3.     Samsung Objects To Tentative Instruction No. 29 As To Factor 3

Samsung objects to Tentative Instruction No. 29 because it omits to explain that a design and a product are conceptually distinct if the product contains innovations or inventions that correspond to ideas other than the one represented by the patented design.  *See, e.g.*, *Bush & Lane Piano Co. v. Becker Bros.* (*Piano II*), 234 F. 79, 81-82 (2d Cir. 1916); U.S. Br. 29 ("If the product contains other components that embody conceptually distinct innovations, it may be appropriate to conclude that a component is the relevant article.").

If the Court instructs the jury on this factor, it should give Samsung's Proposed Instruction Nos. 34[b] and 41.  Those instructions properly use *Piano II*'s quintessential examples of conceptually distinct components: a book and its binding, and a piano and a piano case. *See, e.g.*, *Piano II*, 234 F. at 82.  As the Second Circuit explained (in analysis that the Solicitor General adopted, *see* U.S. Br. 28-29), "[t]he binding and the printed record of thought respond to *different concepts*"; the same is true of the piano and its case.  *Id.* (emphasis added). The *Columbia Sportswear* court included the book binding example in its instruction, stating that, "[f]or example,

1   a book binding and the literary work contained within it are conceptually distinct and different

2   articles of manufacture." *Columbia Sportswear*, Dkt. 378 at 15-16.  These examples are necessary

3   to aid the jury's understanding of what "conceptual distinctness" means.

4              **4.**      **Samsung Objects To Tentative Instruction No. 29 As To Factor 4**

5         **a.**      Samsung objects to Tentative Instruction No. 29 because it improperly fails to restrict

6   the jury to the particular considerations identified in the Court's order (Dkt. 3530, at 35) and in the

7   Solicitor General's brief (at 29).  Specifically, the jury should be instructed that it should consider

8   whether "a user or seller can physically separate" the component from the product, whether the

9   component "is manufactured separately from the rest of the product," and whether the component

10   "*can* be sold separately." U.S. Br. 29; Samsung Proposed Instruction No. 34.

11         **b.**      Samsung also objects to Tentative Instruction No. 29 because it fails to specify that

12   questions such as whether it is *difficult* to separate the components, whether users *regularly* separate

13   the components, and whether the components are typically sold separately *to consumers* are not

14   pertinent to this factor.  The Court should give such an instruction, as set forth in Samsung's

15   Proposed Instruction No. 42.

16         **c.**      Samsung further objects to Tentative Instruction No. 29 on grounds that it uses the

17   conjunctive "and" rather than the disjunctive "or."  Factor 4 is concerned with whether the articles

18   in question are physically distinct components of a larger device, and the Solicitor General's test

19   accordingly adopts the disjunctive "or":  The specified inquiry is whether "the design pertains to a

20   component that a user or seller can physically separate from the product as a whole," *or* whether

21   "the design is embodied in a component that is manufactured separately from the rest of the product,

22   *or* if the component can be sold separately (for instance, for replacement purposes)."  *Id.* (emphasis

23   added).  The jury should be instructed that any one of these three characteristics means that the

24   component at issue is a separable "article of manufacture" for purposes of § 289.

25         **d.**      Samsung objects to the Tentative Instructions' omission to instruct the jury that each

26   of the components identified by Samsung is an "article of manufacture."  A phone's front face; front

27   face and bezel; and display screen are all plainly objects "made by hand or machine."  *Samsung*,

28   137 S. Ct. at 435.  The jury should be instructed accordingly, as in Samsung's Proposed Instruction

1    No. 31.

2    **II.    SAMSUNG OBJECTS TO TENTATIVE INSTRUCTION NOS. 23, 27, 28, 30-33
        REGARDING CALCULATION OF DAMAGES**

3

4        **A.    Samsung Objects To The Tentative Instruction Nos. 27, 30-33 With Respect To
                Design Patent Damages**

5        **1.**    Samsung objects to the Tentative Instructions because they fail to instruct the jury

6    that Apple is not seeking or entitled to recover damages for any loss of profits resulting from sales

7    of Samsung's smartphones, as stated in Samsung's Proposed Instruction No. 28, which should be

8    given.  This proposed instruction is accurate, and it is needed to prevent prejudice to Samsung in

9    the event the jury believes that Apple should be compensated through damages for a loss in market

10   share rather than through a reasonable royalty or an award of profit under § 289.  Apple evidently

11   intends to present evidence relating to the parties' market share (the Court having denied Samsung's

12   motion in limine on this topic, *see* Dkt. 3673, at 5), which will be misleading and confusing to the

13   jury in the absence of an instruction stating that Apple cannot recover damages for that purported

14   loss.

15       **2.**    Samsung objects to Tentative Instruction No. 27 because it fails to advise the jury

16   that any damages award should not overcompensate Apple for the infringement. With respect to an

17   award of profits under § 289, in making the "article of manufacture" determination the jury "may

18   legitimately consider which characterization would appropriately compensate (rather than over-

19   compensate) the patentee for the contribution of the patented design to the value of the infringer's

20   finished product," so as to "ensure that 'neither party will have what justly belongs to the other.'"

21   U.S. Br. 27 (citing and quoting *Sheldon*, 309 U.S. at 402-08); *see* Samsung's Proposed Instruction

22   No. 34.  And any award under § 284 "must reflect the value attributable to the infringing features

23   of the product, and no more." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir.

24   2014) (citing 35 U.S.C. § 284); *see* Samsung's Proposed Instruction Nos. 46-47.

25       **3.**    Samsung objects to the Tentative Instructions because they fail to explain to the jury

26   that it may award the minimum recovery of $250 per design patent. *See* 35 U.S.C. §§ 284, 289;

27   Samsung's Proposed Instruction Nos. 28, 50. Apple bears the ultimate burden of proof, and a jury

28   could conclude that Apple has not proven entitlement either to a nonzero amount of profit or to a

nonzero royalty. Should it do so, Apple would be entitled to damages in the amount of $250 per design patent. The jury should be instructed on this important point of law.

**4.** Samsung objects to the omission of an instruction that because the D'677 patent is limited to a smartphone's front face, colored black, a Samsung phone whose front face is colored white in any substantial part does not infringe the D'677 patent and may not form the basis for any damages award for that patent. *See* Samsung's Proposed Instruction No. 51. Any award based in part on white phones would exceed the amount of "damages adequate to compensate for the infringement," 35 U.S.C. § 284, and/or the amount of "total profit" from "(1) appl[ying] the patented design … to any article of manufacture for the purpose of sale, or (2) sell[ing] or expos[ing] for sale any article of manufacture to which such design or colorable imitation has been applied," *id.* § 289. Such an award would thus exceed Apple's statutory entitlement to relief and would be subject to reversal. A limiting instruction is necessary to avoid that result.

**5.** Samsung objects to Tentative Instruction No. 28 because it omits to state that "[i]n seeking an award of Samsung's profit, Apple may recover the profit made by Samsung from the infringement, which is measured by the amount of profit that Samsung made from the 'article of manufacture' to which a patented design was 'applied,'" as in Samsung's Proposed Instruction No. 28. That is a correct statement of the law under § 289 and the Supreme Court's decision, which explains that "Section 289 allows a patent holder to recover the total profit an infringer makes from the infringement," and that "Arriving at a damages award under § 289 thus involves two steps. First, identify the 'article of manufacture' to which the infringed design has been applied. Second, calculate the infringer's total profit made on that article of manufacture." *Samsung*, 137 S. Ct. at 434 (quoting 35 U.S.C. § 289).

**B.    Samsung Objects To The Tentative Instruction No. 30 Regarding § 289 Profits**

**1.** Samsung objects to Tentative Instruction No. 30 because it does not explain how to calculate Samsung's profit in the event the jury finds that the relevant articles of manufacture are components of Samsung's smartphones. *See* Samsung's Proposed Instruction No. 44. The Supreme Court fundamentally altered how profit is calculated in a complex-product case under § 289 by holding that "a patent holder will sometimes be entitled to the infringer's total profit from a

1   component of the end product" rather than from the end product itself.  *Samsung*, 137 S. Ct. at 434.

2   That change in law necessitates new damages instructions that are compatible with either a jury

3   finding that the relevant article of manufacture is a component of a larger product or that it is the

4   larger product itself.

5         Specifically, the jury must be instructed on the three-step process spelled out in Samsung's

6   Proposed Instruction No. 44: first, calculate Samsung's gross revenue on the smartphone; second,

7   calculate Samsung's profit on the smartphone by deducting the expenses that Samsung incurred in

8   producing the gross revenue; and third, calculate Samsung's profit from the relevant "article of

9   manufacture" by determining how much of Samsung's profit from the smartphones is attributable

10  to the particular "article of manufacture" to which the patented design was "applied."  Revenues

11  and expenses such as marketing and sales expenses concern products sold to consumers, not

12  components of those products.  Given the Supreme Court's holding that the "the term 'article of

13  manufacture' is broad enough to embrace both a product sold to a consumer and a component of

14  that product, whether or sold separately or not," *Samsung*, 137 S. Ct. at 436, and the fact that the

15  parties' evidence regarding expenses and revenues concerns the entire phones, not components, the

16  Court's instruction should adopt the steps set forth in Samsung's proposed instruction. The jury

17  should be given such an instruction so that it is properly "guid[ed], direct[ed], and assist[ed] …

18  toward an intelligent understanding of the legal and factual issues."  9C Miller, Federal Practice &

19  Procedure § 2556.

20      **2.**    Samsung further objects to Tentative Instruction No. 30 insofar as it defines "gross

21  revenue" to mean "all of the infringer's receipts from the sale of the articles of manufacture to which

22  the patented designs were applied," as well as insofar as it states that "costs may be included as

23  deductible expenses if they are directly attributable to the sale or manufacture of the infringing

24  articles of manufacture resulting in  a nexus between the infringing articles of manufacture and the

25  expense."  These references to "articles of manufacture" are misleading and prejudicial in two

26  respects:  *First*, they incorrectly suggest to the jury that the "articles of manufacture" are the things

27  that were sold, and from which the relevant receipts and revenues derive.  Any such suggestion is

28  legally incorrect under the Supreme Court's holding that "the term 'article of manufacture' is broad

1    enough to embrace both a product sold to a consumer and a component of that product, whether

2    sold separately or not," and that therefore "reading 'article of manufacture' in § 289 to cover only

3    an end product sold to a consumer gives too narrow a meaning to the phrase." *Samsung*, 137 S. Ct.

4    at 436.  The Tentative Instruction's implication that the relevant "articles of manufacture" are the

5    products that Samsung sold to consumers is just as "misleading to the jury and highly prejudicial to

6    Samsung" as Apple's now-precluded suggestion that the identity of the relevant articles of

7    manufacture may be determined by the patents' language, the claim constructions, or the prior

8    verdict.  *See* Dkt. 3645, at 27.

9         *Second*, Tentative Instruction 30's references to an "article of manufacture" do not track the

10   evidence that will be presented at trial.  Both parties' experts will testify that Samsung's profits

11   should be calculated based on revenues and expenses attributable to the *products* at issue.  *See* Dkt.

12   3593-4 at 62-71; Dkt. 3594-6 at 154-63.  Samsung's expert Mr. Wagner will then testify that if the

13   jury determines that the relevant articles of manufacture are *components*, rather than *products*, the

14   jury should determine component profits by taking the third step described above and in Samsung's

15   Proposed Instruction No. 44.  *See* Dkt. 3594-6 at 190-99.  Neither party nor their experts proposes

16   to calculate component profits based on revenues or expenses derived from the components

17   themselves.  Thus, in the event the jury determines that the relevant articles of manufacture are

18   components of Samsung's phones, Tentative Instruction 30 would leave the jury with no guidance

19   regarding how to calculate Samsung's profit on the relevant articles of manufacture.  The Court

20   should avoid these risks of confusion, misleading the jury, and prejudice by giving Samsung's

21   Proposed Instruction No. 44.

22        **3.**     Samsung objects to Tentative Instruction No. 30's articulation of the burden of proof.

23   As the plaintiff, Apple bears the burdens to prove every element of recovery that it demands. *See,*

24   *e.g.*, *Schaffer*, 546 U.S. at 57 (discussing "ordinary default rule" that "plaintiffs bear the burden of

25   persuasion regarding the essential aspects of their claims"); *Lucent*, 580 F.3d at 1324 ("The burden

26   of proving damages falls on the patentee."); Dkt. 3486 at 7 (Apple conceding that "the issue of

27   damages is one on which Apple carries the burden").  Nothing in § 289 alters this "ordinary default

28   rule," so the jury should be instructed that Apple bears the burden of proof on each issue.  Thus, the

jury should be instructed that Apple must prove not only Samsung's revenues, but also Samsung's deductible costs.  And the jury should also be instructed that Apple bears the burden to prove Samsung's profits from the articles of manufacture that the jury has recognized as the relevant ones. *See* Samsung Proposed Instruction Nos. 44-45.

**4.**     Samsung objects to Tentative Instruction No. 30's omission to explain to the jury that if a patented design was "applied" only to a component of a Samsung smartphone (and not to the entire smartphone), the ultimate award should include only the profit from that component, and not from the entire smartphone. *See* Samsung Proposed Instruction No. 44.  This is a correct statement of the law, and it is necessary to make clear to the jury how to proceed in the event it finds that a patented design was "applied" only to components of Samsung's products.

**5.**     Samsung objects to the phrase "total profit" throughout the Tentative Instructions. The phrase "total profit" would confuse and mislead the jury by suggesting that Apple is entitled to *all* of Samsung's profits. The Supreme Court has explained that the statutory term "total profit" is not so expansive: "The 'total profit' for which § 289 makes an infringer liable is … all of the profit made … from the manufacture or sale of the 'article of manufacture to which [the patented] design or colorable imitation has been applied.'" *Samsung*, 137 S. Ct. at 434 (quoting 35 U.S.C. § 289). Thus, Apple may be entitled only to Samsung's profit from the articles of manufacture to which the patented designs were applied. To avoid confusion and misleading the jury, the Court "should tell jurors what their practical tasks are under the law"—here, determining the amount of profit on the relevant articles of manufacture—"rather than providing raw legal texts for jurors to digest." *Achor*, 117 F.3d at 340.

Additionally, Samsung objects that the Tentative Instructions misleadingly and prejudicially refers to Samsung's profits as though they had already been proven.  For example, Tentative Instruction No. 30 instructs the jury to "calculate Samsung's total profit from sales of [the relevant] articles of manufacture."  The rule, however, is that Apple bears the burden of proving the amount of its recovery, as the Court elsewhere indicates it will instruct.  *See* Tentative Instruction No. 27. And by providing an alternative minimum remedy of $250, § 289 shows that neither the existence nor the amount of such profits may be presumed.  The legislative history likewise makes clear that

a patentee can only recover profits "*if he can prove that profit*." H.R. Rep. No. 49-1966, at 3 (emphasis added). The Tentative Instructions should be amended to reflect Apple's burden of proof, by appending "if any" to all relevant references to Samsung's profit.

### C. Samsung Objects To Tentative Instructions Nos. 23 and 31 Regarding § 284 Reasonable Royalties

**1.**     Samsung objects to the first sentence of Tentative Instruction No. 23. The instruction should instead read, as in Samsung's Proposed Instruction No. 22: "The form of utility patent damages that Apple seeks in this case is a reasonable royalty. Apple is not seeking damages based on any lost sales or lost market share, but is entitled to a reasonable royalty for the infringement of its utility patents." This language accurately states the law and the parties' positions, while making clear that the jury's damages award is not intended to compensate Apple for purported lost profits.

**2.**     While Samsung generally agrees with the Court's proposed adoption of apportionment language, Samsung objects to its inclusion as part of Tentative Instruction No. 23 rather than as a standalone instruction. Where, as will be the case here, damages evidence based on the value of more than one component (such as evidence of a putatively comparable multicomponent license) is "admitted, or even referenced in expert testimony," the district court must "ensure that the [jury] instructions fully explain the need to apportion the ultimate royalty award to the incremental value of the patented feature from the overall product." *Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201, 1228 (Fed. Cir. 2014). The Federal Circuit held in *Ericsson* that in such a situation, the trial court must "*separately* caution the jury about the importance of apportionment" by giving a "*separate* instruction culled from *Garretson* [*v. Clark*, 111 U.S. 120 (1884)]" that "fully explain[s] the need to apportion the ultimate royalty award to the incremental value of the patented feature from the overall product." 773 F.3d at 1228 & n.5 (emphases added). The Court's Tentative Instructions do not provide the requisite *separate* apportionment instruction, but instead place the apportionment language in the middle of a three-and-a-half-page instruction on reasonable royalties in general—creating the possibility that the jury could overlook or neglect its obligation to consider apportionment in making any royalty award. The Court should give a *separate* apportionment instruction like Samsung's Proposed Instruction No. 24.

1      **3.**      Samsung objects to the Tentative Instructions' omission to instruct the jury that it

2   may not calculate a reasonable royalty based on a theory that Apple would have insisted on licensing

3   multiple patents or other forms of intellectual property together in a "portfolio" with the patented

4   invention.   *See* Samsung's Proposed Instruction No. 24.   An award based on such a "portfolio"

5   theory necessarily fails the Federal Circuit's apportionment requirement, because it is by hypothesis

6   not "tie[d] … to the claimed invention's footprint in the market place." *Exmark Mfg. Co. Inc. v.*

7   *Briggs & Stratton Power Prod. Grp., LLC*, 879 F.3d 1332, 1348 (Fed. Cir. 2018) (citations and

8   internal quotation marks omitted); *see, e.g.*, *Open Text S.A. v. Box, Inc.*, 2015 WL 349197, *7 (N.D.

9   Cal. Jan. 23, 2015) ("the final royalty figure must" "apportion down to the usage and importance of

10   the accused features themselves"); *GPNE Corp. v. Apple, Inc.*, 2014 WL 1494247, *5-6 (N.D. Cal.

11   Apr. 16, 2014) (Koh, J.) (granting Apple's motion to exclude expert analysis that was legally

12   insufficient because it failed to apportion and instead relied on "a list of considerations that relate to

13   the value of [the relevant field of] technology generally" and "broad statements about the general

14   value" of the relevant technological field); *Blue Spike, LLC v. Huawei Techs. Co.*, 2016 WL

15   9286102, *4 (E.D. Tex. Oct. 14, 2016) (apportionment is inadequate if it does not "separate out the

16   *patented* feature"); *Oracle Am., Inc. v. Google Inc.*, 798 F. Supp. 2d 1111, 1115 (N.D. Cal. 2011)

17   ("the hypothetical license must be limited to the asserted claims" and cannot be based on a theory

18   that the intellectual property at issue "was generally bundled into the technologies that [plaintiff]

19   licensed on a portfolio basis").

20      The "law of the case" doctrine does not foreclose such an instruction, because the governing

21   law has changed.   *See Dow*, 803 F.3d at 628.   While the general principle of apportionment "is not

22   new" (Dkt. 3645, at 31), at the time of the 2012 and 2013 trials, the Federal Circuit had not yet

23   adopted its requirement that in the event evidence favoring an unapportioned royalty makes it into

24   evidence, the Court *must* "fully explain" to the jury that it is required "to apportion the ultimate

25   royalty award to the incremental value of the patented feature from the overall product." *Ericsson*,

26   773 F.3d at 1228.   That new rule triggers an exception to the "law of the case" doctrine, by

27   establishing that Apple's damages theory is contrary to governing law.

28      *Second*, the law of the case doctrine is also inapplicable because the relevant facts and

circumstances have changed since 2012. *See Microsoft*, 795 F.3d at 1034. When the case previously went to trial, Apple's theory was that it could seek a "portfolio" royalty because its then-expert Mr. Musika limited his analysis "to the design IP asserted [at that time]"—seven design patents, eight trade dresses, and eight trademarks—and did not rely on a "'portfolio' license that combines asserted and unasserted technology." Dkt. 991-03, at 6-7; *see id.* at 6 (representing that Mr. Musika's $24 figure reflects a "license to the collection of design rights *asserted in the case*") (emphasis in original). But as the case now proceeds to retrial, Apple relies on a *new* theory that *differs* from the one that Apple previously advanced: Ms. Davis's "opinion of the reasonable royalty amount for the design IP at issue would be 'the same amount for each individual design element as the total group of asserted design-related intellectual property.'" Dkt. 3645, at 30 (citation omitted). The law of the case does not prohibit challenges to Apple's new theory. *See Microsoft*, 795 F.3d at 1034.

*Third*, the law of the case doctrine is not impacted by the fact that Samsung did not appeal the Court's admission of Ms. Davis's and Mr. Musika's testimony on this issue, or from the jury instructions on apportionment. The juries in the prior proceedings awarded Apple *all* of Samsung's *profits* from the relevant phones. *See* Dkt. 2271 at 9-10; Dkt. 2947 at 9, 12. No part of the design-patent award was based on a reasonable royalty (*see id.*), so Samsung had no basis to appeal that issue. And since Samsung could not appeal on this point, the Federal Circuit's mandates to this Court do not entail any actual or implied ruling thereon. *See, e.g.*, *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 951-52 (Fed. Cir. 1997).

The Court should accordingly instruct the jury that it may not award a reasonable royalty based on any "portfolio" or "bundle" theory.

**4.** Samsung objects to the Tentative Instructions' omission of an instruction stating that "[a] reasonable royalty for use of a design patent must be based on the value that is attributable to use of the patented design itself, and not on the value of the physical article to which the design may have been applied." Samsung's Proposed Instruction No. 47. This instruction is necessary to clarify the interplay between Sections 284 and 289. A royalty award must correspond with "the use made of the invention by the infringer," 35 U.S.C. § 284, and in the case of a design patent the "invention" that may be protected by a patent is the ornamental design—not the article to which it may be

applied, *see In re Zahn*, 617 F.2d 261, 268 (C.C.P.A. 1980) ("Referring to the express words of §
171, … we are of the opinion that the word 'therefor' in the phrase 'may obtain a patent therefor'
refers back to 'design,' not to 'article of manufacture.'"). Thus, when a plaintiff seeks damages for
infringement of a design patent, those damages must be limited to those that are "attributable to the
use of the infringing design." *Dobson v. Dornan*, 118 U.S. 10, 17 (1886); *see Dobson v. Hartford
Carpet Co.*, 114 U.S. 439, 444 (1885).

The enactment of § 289 and its predecessor did not disturb the requirement to apportion
design-patent royalty damages under § 284 down to the value of the design (not the physical article).
The reasonable-royalty measure of damages post-dates § 289, and *Dobson* rule and the Federal
Circuit's modern apportionment cases are underpinned by *Garretson*, 111 U.S. 120. *See Dobson v.
Hartford Carpet Co.*, 114 U.S. at 444; *Exmark*, 879 F.3d at 1348 (both relying on *Garretson*).  The
*Dobson* decisions thus remain good law as to design-patent damages under § 284.

**5.**     While Samsung generally agrees with the Court's adoption of Tentative Instruction
No. 24, and maintains its objections to the admission of Ms. Davis's testimony and to the Court's
apportionment instructions as set forth herein, the nature of Ms. Davis's reasonable-royalty theory
requires a slight modification of the Tentative Instruction No. 24 as set out in Samsung's Proposed
Instruction No. 48:

> Certain of Samsung's products were found to infringe more than one patent. For sales
> of such products, you may award separate royalties to Apple for each patent that was
> infringed, **unless you choose to award a single royalty that compensates Apple
> for multiple patents.** You may consider the number of patent licenses that are
> needed for the allegedly infringing product and the effect on the hypothetical
> negotiation of having to pay a royalty for each of those licenses.

The additional clause is necessary to make clear that if the jury adopts a multiple-patent royalty, it
may not award that same royalty multiple times for each of the patents covered by the royalty.
Samsung objects to the omission of the clause emphasized above.

### D.     Samsung Objects To Tentative Instruction No. 33 Regarding Double Recovery

Finally, Samsung objects to the Court's Tentative Instruction No. 33, which inaccurately
states the law regarding double recovery as applied to the patents and products here at issue.
Samsung's Proposed Instruction No. 53 correctly states the law and should be given in full.

For example, and without limitation, Samsung objects to Tentative Instruction No. 33 because it omits the following language from Samsung's Proposed Instruction No. 53: "If you award a reasonable royalty as the remedy for infringement of one of Apple's design patents, you may not award any additional remedy for infringement of any design patent based on the same sale."  Such an instruction is required because Apple is seeking a reasonable-royalty award based on the theory that it would only have licensed *all* of its design rights in a single bundle. *See* Dkt. 3592-2, at 1-2 (collecting citations).  Any such license would, under Apple's theory, cover any or all of the design patents here at issue. Thus, a single royalty for one of the design patents would exhaust Apple's remedies for all three design patents as to any given sale.

Further, Samsung objects to Tentative Instruction No. 33 because it fails to include the following language from Samsung's Proposed Instruction No. 53: "If you find that the article of manufacture to which a patented design has been applied is the entire phone, and choose to award Samsung's profit on that sale, you may not award any further amounts for that same sale, either for infringement of another design patent or for infringement of any utility patent."  Recovery of all of Samsung's profits on a given sale would exhaust Apple's right to recover damages on that sale.

The above are only examples.  Samsung's Proposed Instruction No. 53 is legally correct should be given in full.

1    DATED:  May 9, 2018                    Respectfully submitted,

2                                           QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
3

4                                           By  /s/ Victoria F. Maroulis
5                                              John B. Quinn
                                               Kathleen M. Sullivan
6                                              William C. Price
                                               Michael T. Zeller
7                                              Kevin P.B. Johnson
                                               Victoria F. Maroulis
8

9                                              Attorneys for SAMSUNG ELECTRONICS CO.,
                                               LTD., SAMSUNG ELECTRONICS AMERICA,
10                                             INC., and SAMSUNG TELECOMMUNICATIONS
                                               AMERICA, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28