# EXHIBIT 1

QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S RESPONSES AND OBJECTIONS TO APPLE'S FIRST SET OF REQUESTS FOR PRODUCTION REGARDING ARTICLE OF MANUFACTURE** |

| | | |
|---|---|---|
| PROPOUNDING PARTY: | APPLE INC. | |
| RESPONDING PARTY: | SAMSUNG | |
| SET NO.: | ONE | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Court's October 25 Order (Dkt. 3536), Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (together, "Samsung" or "Defendants") respond as follows to the First Set of Requests For Production Regarding Article of Manufacture propounded by Plaintiff Apple Inc. ("Apple" or "Plaintiff").

## GENERAL STATEMENT

The following responses are based on discovery available as of the date hereof. Discovery for this phase of the case is continuing, and these responses are subject to change accordingly. It is anticipated that further discovery, independent investigation and analysis may lead to the discovery of additional information or documents, supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to or variations from the responses set forth herein.

In addition, the following responses are given without prejudice to Samsung's right to produce or rely on subsequently discovered information, facts or documents. Samsung accordingly reserves the right to change the responses herein and/or produce or rely on subsequently discovered documents as additional facts are ascertained, analysis is made, legal research is completed and contentions are made. The responses herein are made in a good faith effort to comply with the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure, and to supply such responsive information as exists and is presently within Samsung's possession, custody or control, but are in no way to be deemed to be the prejudice of Samsung in relation to further discovery, research and analysis.

An answer to a request shall not be deemed a waiver of any applicable general or specific objection to a request. In responding to the requests, Samsung does not waive any objections that may be applicable to the use, for any purpose, of any information or documents provided in

response, or the admissibility, relevance, or materiality of any such information or documents to any issue in this case.

Samsung's responses to these requests do not constitute admissions relative to the existence of any documents or information, to the relevance or admissibility of any documents or information, or to the truth or accuracy of any statement or characterization contained in Apple's requests. All objections as to the relevance, authenticity, or admissibility of any document are expressly reserved.

Samsung expressly incorporates this General Statement and the following General Objections as though set forth fully in response to each of the following individual requests and, to the extent they are not raised in any particular response, Samsung does not waive those objections.

## GENERAL OBJECTIONS

1. Samsung objects to the "Definitions" and "Instructions" contained in Apple Inc.'s First Set of Requests For Production Regarding Articles of Manufacture to Defendant Samsung Electronics Co. Ltd., et al.to the extent they are inconsistent with the Federal Rules of Civil Procedure.

2. Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people. Samsung will respond to interrogatories based on a reasonable inquiry of individuals expected to possess the requested information.

3. Samsung objects to Apple's definition of "Relating," and each and every interrogatory that uses the term "Relating," as overly broad, vague and ambiguous.

4. Samsung objects to these requests as vague and ambiguous to the extent they include terms that are undefined. Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

5.      Samsung objects generally to each request to the extent it seeks documents subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.

6.      Samsung objects to these requests to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

7.      Samsung objects generally to the requests to the extent they prematurely call for contentions or identification of witnesses at this stage of the litigation.

8.      Samsung objects generally to the requests to the extent they seek confidential proprietary or trade secret information of third parties.  Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

9.      Samsung objects generally to the requests on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including with respect to products for which it has been determined Samsung had no sales in the United States.

10.     Samsung objects to the requests on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search its facilities and inquire of its employees other than those facilities and employees that would reasonably be expected to have responsive documents.  Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

11.     Samsung objects to the requests on the grounds that they seek documents that are already in the possession of Apple, are publicly available, or are as readily available to Apple as they are to Samsung.

12. Samsung objects to each request to the extent it seeks documents before Samsung is required to disclose such information in accordance with any applicable law, such as the rules for expert disclosures and the case management statement order in this action.

13. Samsung objects to each request to the extent it relates to products for which Apple is not entitled to damages, including the Galaxy S (i9000) and Galaxy S II (i9100).

14. Samsung objects to each request calling for the production of tangible things, such as phones or parts of phones, on the grounds that they are in limited supply. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Samsung will make such tangible things available for inspection at Quinn Emanuel's office at 555 Twin Dolphin Drive, Fifth Floor, Redwood Shores, California, at such dates and times during normal business hours to which the parties agree.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

For each Infringing Product adjudicated to infringe the D'677 Patent, the Alleged D'677 Article of Manufacture separated from the Infringing Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Samsung objects to the request on the grounds that it is overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence with respect to products for which it has been determined Samsung had no sales in the United States. Samsung objects to producing responsive things on the grounds that they are in limited supply.

Subject to and without waiving the foregoing objections, Samsung shall make available for inspection the article of manufacture for the D'677 patent.

**REQUEST FOR PRODUCTION NO. 2:**

For each Infringing Product adjudicated to infringe the D'087 Patent, the Alleged D'087 Article of Manufacture separated from the Infringing Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Samsung objects to the request on the grounds that it is overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence with respect to products for which it has been determined Samsung had no sales in the United States. Samsung objects to producing responsive things on the grounds that they are in limited supply.

Subject to and without waiving the foregoing objections, Samsung shall make available for inspection the article of manufacture for the D'087 patent.

**REQUEST FOR PRODUCTION NO. 3:**

For each Infringing Product adjudicated to infringe the D'305 Patent, the Alleged D'305 Article of Manufacture separated from the Infringing Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Samsung objects to the request on the grounds that it is overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence with respect to products for which it has been determined Samsung had no sales in the United States. Samsung objects to producing responsive things on the grounds that they are in limited supply.

Subject to and without waiving the foregoing objections, Samsung shall make available for inspection the component that is capable of temporarily becoming the article of manufacture for the D'305 patent when displaying the patented array of GUI icons.

| | | |
|---|---|---|
| 1 | DATED:  December 14, 2017 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | By  */s/ Victoria F. Maroulis* |
| 5 | | John B. Quinn<br>Kathleen M. Sullivan |
| 6 | | William C. Price<br>Michael T. Zeller |
| 7 | | Kevin P.B. Johnson<br>Victoria F. Maroulis |
| 8 | | |
| 9 | | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 14, 2017 to counsel for Apple via electronic mail, including to the below recipients.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

                                                                                             */s/ Sara Jenkins*
                                                                                             Sara Jenkins