QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br><br>        vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S REPLY RE UNASSERTED PATENTS** |

The evidence of unasserted patents is highly relevant, and undercuts Apple's positions on critical issues. Apple fails in its efforts (Dkt. 3719) to defeat Samsung's showing of relevance or otherwise to overcome Fed. R. Evid. 402 as would be necessary justify exclusion. Apple raises the specter of "satellite litigation" about whether phones practice the patents, but except as to one patent, the points that Samsung will make do not turn on any phone practicing the patents.

**Samsung's D'815 Patent**. Contrary to Apple's suggestion (at 2), Samsung has no intention of suggesting that the jury should reconsider validity or infringement. But Samsung is entitled to rebut Apple's claims that Samsung *copied the iPhone*, and the fact that Samsung obtained a design patent on the overall exterior design of infringing phones shows that, as a whole, those designs were "new and original" and *did not* copy the iPhone, even if the front face designs were too similar to the D'677 patent. If Apple is can argue "copying" as relevant to factor 2, Samsung must be permitted to argue "no copying" as relevant to that factor, and this is key evidence on that issue.

Apple suggests that the D'815 is not relevant because it is not practiced by the Mesmerize, Fascinate, and Showcase, but that entirely ignores Mr. Lucente's opinion that the D'815 "relates to the design" of those phones. Dkt. 3592-25, ¶ 361. In the case of a design patent, neither technical analysis nor the magic word "practice" is necessary to express Mr. Lucente's opinion on this point. The technical requirements of the Patent Local Rules do not apply to design patents. Patent L.R 1-2. Apple also objects that the D'815 post-dates the iPhone, but that only demonstrates its relevance: this patent shows that, in developing the Mesmerize, Fascinate, and Showcase phones, Samsung created *its own* new and original design, notwithstanding the prior art (including Apple patents). From this the jury can infer that Samsung did not copy Apple's "look and feel," but made its own design choices, while nevertheless using a front face design that was too similar to the D'677.

**Apple's Unasserted Patents**. Apple's unasserted patents (the D'310, D'926, D'248, D'160, and D'387 patents) are *highly* relevant to rebut Apple's claims. Apple says (at 3) it will not "argue to the jury that an asserted patent title (e.g., 'Electronic Device') is dispositive as to the relevant AOM" for the D'677 and D'087 patents. But its expert, Mr. Ball, has *already* opined that "the title" of Apple's patents "indicates that the article of manufacture embodying the design is the entire electronic device," Dkt. 3595-4, ¶¶ 142, 153, and Apple's brief confirms (at 3) that it *will* ask the

jury to consider the "full range of evidence" including the patent text.  Samsung is entitled to challenge Mr. Ball's opinions, and this evidence does so powerfully:  the D'310 and D'926 patents claim only *tiny* portions of a device, like a single slot shape, yet under Mr. Ball's reasoning they too must be applied to entire smartphones because they say "electronic device" in the title.  That is absurd, and Samsung is entitled to show the absurdity of Mr. Ball's opinions as to factor 1.

Similarly, Apple states (at 3) that it will not make a "categorical argument" that a GUI design is applied to an entire phone, but its expert Dr. Kare has already given that opinion:  in her view, the D'305 is applied to Samsung's phones because a GUI is "intended only for, and useful only for, an electronic device."  Dkt. 3595-7, ¶ 65.  If that were true of the D'305, it would be true of any other GUI image, such as a calendar icon, which thus must also be applied to an entire phone in her view.  Samsung is entitled to introduce the D'248 and D'160 patents to show the absurdity of this view.

Finally, the D'387 is relevant to rebut Apple's allegations that the asserted designs are prominent and that Samsung copied the iPhone's "*entire* 'look and feel'" (*contra id.* at 3).  The D'387 design claims all of a device's exterior appearance, in sharp contrast from the partial-exterior patents at issue here.  The jury is entitled to consider this contrast in assessing relative prominence.

These arguments will not create any satellite litigation, for whether or not any phone practices these patents makes *no difference whatsoever* to these arguments.[1]

***Charts of Apple Patents***.  Apple makes no independent argument regarding the patent charts.  Like the individual patents, the charts add context for understanding claim scope under factor 1 and show conceptual distinctness under factor 3.  Apple itself has put the same type of summary patent charts on its own exhibit list with Mr. Ball as their sponsor.  (Dkt. 3727 at 15 (PX4039; PX4040).)

***Prior Art Patents***.  Apple does not deny that these pre-iPhone patents showing screen-centric designs were previously admitted, and fails to explain why such admission is not binding as law of the case and under the Groundhog Day rule.  This prior art was previously admitted as relevant to

---

[1] Contrary to Apple's assertion (at 2), its patents are also relevant to factor 1 because they illustrate which components are (and are not) within the scope claimed by the designs in suit.  Issue dates are not relevant to this point (*contra id.*), but the D'387 and D'248 nevertheless predate the patents in suit.  In addition, Apple's patents are relevant to factor 3 because they highlight the conceptual separateness of the components and inventions in a smartphone.

the scope of Apple's design patents and to rebut Apple's copying allegations (*see* Dkt. 1611, at 1110-17).  The very same issues are presented in this retrial.

Moreover, Apple's claim (*see* Opp. at 4) that it will not suggest that its patents protect a "screen-centric design" cannot be credited.  Apple argued *exactly that* in both prior trials, asserting that its patents protect the "iPhone's strong screen-centric design."  Dkt. 1997 at 141; *see also* Dkt. 2840 at 98-99 (similar).  That "screen-centric design" is what Apple will argue Samsung "copied."  Samsung is entitled to demonstrate that Apple did not invent the concept of a screen-centric phone to rebut its claims of copying and as relevant to the scope of the claimed designs.

Apple also ignores the facts that it seeks to introduce *its own* charts of prior-art patents (PX 4039, 4040), and that its experts extensively rely on prior art under factor 1 (Dkt. 3595-4, ¶¶ 167-174; Dkt. 3595-7, ¶¶ 73-76).  Mr. Lucente did not deny the relevance of prior art; he merely criticized what Apple's experts had to say about the prior art they considered.  Dkt. 3592-25, ¶¶ 99, 152.  In addition, Samsung specifically identified the prior art references at issue here in its interrogatory responses (Dkt. 3647-6 at 4, 10, 22, 28), so even if Mr. Lucente does not testify about these exhibits, Samsung may use them on cross-examination to rebut Apple's contentions, particularly in light of Apple's witnesses' prior testimony about those exhibits (*see* Dkt. 3714 at 4).

***Standard Essential Patents.***  Apple does not respond to Samsung's lead argument regarding the SEP documents:  Under factor 3, they show the existence of other innovations within a smartphone and thus demonstrate that the concept of a smartphone is distinct from Apple's designs.  SEPs are also relevant to damages.  The fact that independent third parties have analyzed and in some cases evaluated the portfolios of essential patents from several companies confirms the widespread recognition of the value of components providing cellular functionality, which are not related to the casing and display components that are at issue here.  Apple waived its hearsay and FRE 403 objections by not raising them in its motion in limine.

***Graph of Patents***.  Contrary to Apple's contention (at 5), the graph rebuts copying allegations by showing that Samsung is a leading innovator (not a copyist).  The Court previously overruled Apple's relevance objection when Samsung introduced this same type of evidence in 2012 (Dkt. 1610 at 329), and the Court again ruled such evidence is admissible just last week (Dkt 3689, at 2).

1  DATED:  May 10, 2018                Respectfully submitted,

2                                      QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
3

4
                                       By  /s/ Victoria F. Maroulis
5                                          John B. Quinn
                                           Kathleen M. Sullivan
6                                          William C. Price
                                           Michael T. Zeller
7                                          Kevin P.B. Johnson
                                           Victoria F. Maroulis
8
                                           Attorneys for SAMSUNG ELECTRONICS CO.,
9                                          LTD., SAMSUNG ELECTRONICS AMERICA,
                                           INC., and SAMSUNG TELECOMMUNICATIONS
10                                         AMERICA, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28