ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S OBJECTIONS TO SAMSUNG'S CROSS DISCLOSURES AND RESPONSES TO OBJECTIONS REGARDING TRIAL DISCLOSURES FOR GREG JOSWIAK, RICHARD HOWARTH, AND TONY BLEVINS** |

**Apple's Objections to Samsung's Cross Disclosures**

**Greg Joswiak**

**DX4551:** Apple objects to DX4551 as irrelevant and pursuant to FRE 403 because it bears no relation to the issues in this trial and contains misleading and inflammatory language. The document contains reference to a "Holy War" with Google in a draft agenda for an internal meeting emailed by Steve Jobs. Google is not a party and nothing in this document relates to any issue the jury will be asked to decide. Google's Android software is not related to any of the infringed designs or features, as evidenced by internal Samsung documents discussing their implementation. *See* PX44, PX38; PX46; PX58. It appears that Samsung intends to use this exhibit to suggest Apple had an improper motive or purpose for this litigation.

**DX4605:** Apple objects to DX4605, which shows a series of images of 45 different smartphones, as lacking foundation and pursuant to FRE 403. The exhibit contains no indication of the source of these images or other foundational information and no indication the devices were produced during discovery. Apple has no way to know when, where, or if the depicted phones were ever sold, or even if the labels attached to the images accurately identify the images. Because neither Apple nor Mr. Joswiak has any information about the creation of this exhibit or the underlying source of the information contained therein, there is no foundation to cross-examine Mr. Joswiak with this document, and allowing Samsung to do so would be unfairly prejudicial to Apple.

**DX4539:** Apple objects to DX4539 as irrelevant and pursuant to FRE 403 because its admission would be misleading and unfairly prejudicial to Apple. The email (on which Mr. Joswiak is not even a recipient) and handwritten attachments discuss consumer research related to the iPhone 5, the release of which post-dates the first trial. Further, the exhibit discusses potential reasons that consumers who prefer an iPhone may purchase an Android phone. Given Apple does not seek lost profits, the reasoning behind such purchasing decisions is irrelevant. Finally, the exhibit's large, colorful images and text (such as "Cheaper = Better" and "THE LOST SHEEP") are misleading, inflammatory, and would be confusing to the jury.

**Richard Howarth**

**DX4508:** Apple objects to DX4508 as an improper compilation of various third-party websites that offer instructions on how to disassemble several Samsung devices. Each website is hearsay, being relied on for the truth of Samsung's argument that its alleged articles of manufacture are physically separable under Factor 4 of the AOM test. Samsung has also offered no basis for combining these disparate and unrelated website printouts into a single exhibit. The cover page for the exhibit, which appears to have been created by Samsung's counsel, refers to 2011 dates—although the printouts themselves are dated November 2017.

**DX4581:** Apple objects to DX4581 as irrelevant and pursuant to FRE 403. This email does not relate to the AOMs to which Samsung applied Apple's patented designs or Samsung's total profit from the AOMs, but does include a stray reference to a part that is "still not a $5 bezel." The costs of *Apple's* phone components—or in this case, what a component does *not* cost—are not relevant to the calculation of *Samsung's* profits. Neither party's expert has relied on this email in its calculation of those profits and introducing this singular data point will serve only to confuse and distract the jury in its calculation of damages.

**DX4604:** Apple objects to DX4604 as a violation of the Court's ruling on Apple's MIL #1 and pursuant to FRE 403. Titled "Selected Pre-iPhone Phone Designs (Summary)," DX4604 contains 23 pages of alleged evidence of phone designs extracted from numerous sources and annotated (presumably by Samsung's counsel) with dates and descriptions (e.g., "Samsung Slide (2006 Design)"). It prominently displays on numerous slides Samsung's F700/Q-Bowl, Vessel, and Ireen designs that the Court repeatedly has barred Samsung from introducing to prove independent development. Dkt. 3689; Dkt. 3646 at 15:12-13.

**Tony Blevins**

**DX4589:** Apple objects to the admission of a fully-disassembled Droid Charge (and other fully-disassembled phones) because they were not timely produced and lack authentication. Samsung did not produce *any* fully disassembled phones during discovery, but instead produced only the components Samsung asserts are the articles of manufacture (which Apple does not seek

to exclude). Samsung claims it disclosed fully disassembled phones in response to requests for production (Dkt. 3724 at 5), but that is not correct. Samsung's RFP responses state only that "Samsung shall make available for inspection the *article of manufacture*" for the D'677, D'087, and D'305 patents. Dkt. 3724-1 at 4-6. Samsung misleadingly suggests that it made available "some of the components" at Drew Blackard's deposition (Dkt. 3724), but the components made available at that deposition were only the ones Samsung contends are the AOMs—not all the components in DX4589. Frazier Decl. ¶ 2. The January 3, 2018 letter in which Samsung claims it made fully disassembled phones available for inspection (Dkt. 3724-4 at 4) does not disclose a fully disassembled phone; it was sent in response to Apple's request for the "production of Samsung's alleged articles of manufacture for each Infringing Product separated from the rest of that product." Frazier Decl., Ex. 1. Samsung first referred to the fully disassembled phones in Mr. Lucente's January 29, 2018 expert report, but they were not provided to Apple's counsel until his February 14, 2018 deposition. Samsung also has not identified *who* disassembled these phones (Mr. Lucente did not identify who did it), where the disassembly took place, or what equipment or training was required. Absent reliable information about the provenance of the fully disassembled phones, this evidence cannot be authenticated and is inadmissible.

**DX 4577:** Apple objects to DX4577 as a violation of the Court's ruling on Apple's MIL #1. Samsung's placement of the F700 (DX4577.007) into a timeline of phones titled "Summary of Smartphone Evolution" is intended to suggest that Samsung independently developed the patented designs. DX4577 also lacks foundation. Samsung has not disclosed who created or collected this series of photos or who labeled them "Summary of Smartphone Evolution."

**DX4538:** Apple objects to DX4538—a January 2013 email chain discussing a news article published that same month—as irrelevant and subject to FRE 403. The exhibit discusses the relative market success of two phones that post-date the damages period and that are irrelevant to the trial—the iPhone 5 and the Galaxy SIII. *See* DX 4538.004. Moreover, the exhibit is unfairly prejudicial; it includes references by a third party to Apple's "company behavior" including "lawsuits" "china/usa workers," and being "too rich.

**Apple's Responses to Samsung's Objections**

**Greg Joswiak**

**PX4024:** Samsung objects to PX4024, a Harvard Business School publication entitled "Design Thinking and Innovation at Apple," as hearsay, but Apple does not intend to offer this article for the truth of the statement asserted in the article. Apple offers PX4024 as evidence that others have recognized Apple's focus on the importance of design for its products. The fact that these observations were made alone has independent significance. *See*, *e.g., Kesey, LLC v. Francis*, 2009 WL 909530, at *36 (D. Or. Apr. 3, 2009) ("The article is being offered only to prove that the New York Times published a positive review of the Novel, not to prove that the statements made in the article were true. What was said in the article is not nearly as important as the fact that it was said. As such, the article is not hearsay and is admissible."), *aff'd*, 433 F. App'x 565 (9th Cir. 2011); *M.H. v. Cty. of Alameda*, 2015 WL 894758, at *10 (N.D. Cal. Jan. 2, 2015) ("The statement has a non-hearsay purpose because the fact that it was said has independent legal significance[.]"); *see also United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) ("[i]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."); Fed. R. Evid. 801, Advisory Committee Note ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."). Samsung also objects to PX4024 under FRE 403 as prejudicial and confusing to the jury regarding the scope of the patents. But PX4024 does not discuss Apple's patents (or any patents), and Apple does not intend to offer PX4024 as evidence on the scope of Apple's patents.

**PX4029:** Samsung objects to this article from the *New York Times* entitled "The iPhone Matches Most its Hype" under FRE 402 and 403. This article, which includes praise for the iPhone's design including the elements described by the patents-in-suit, is relevant to the prominence of those designs, as articulated in the second factor of the AOM test. Dkt. 3645 at

21-22.  Moreover, Samsung did not identify, nor can Apple discern, what would be prejudicial to Samsung about this article and its praise for the design of the iPhone.

**Richard Howarth**

**PX157, PX4027, PX402:**  Samsung objects to this evidence of accolades for the iPhone's design as not related to the patents or products at issue and prejudicial.  Two of the awards in these exhibits—the D&AD Gold Pencil Award (PX157) and International Design Excellence Award (PX4027)—are the subject of Apple's Opening Slide 11, to which Samsung did not object.  In any event, Samsung's current objections are meritless.  It is undisputed that the original iPhone—the subject of these articles and awards—practices all three design patents-in-suit, and the Court has already ruled in denying Samsung's *Daubert* motion against Dr. Kare and Mr. Ball that evidence relating to the design of the iPhone is relevant to Factor 2 of the AOM test.  Indeed, the Court denied Samsung's request to exclude Mr. Ball's testimony regarding precisely these documents.  Dkt. 3595-04, ¶ 72(a); Dkt. 3645 at 21-23.

Dated: May 11, 2018

*/s/ Mark D. Selwyn*
Mark D. Selwyn (SBN 244180)

*Attorney for Plaintiff Apple Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 11, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

> */s/ Mark D. Selwyn*
> Mark D. Selwyn