QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:   (650) 801-5100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>               Plaintiff,<br><br>        vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>               Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S HIGH PRIORITY OBJECTIONS TO APPLE'S DAY 1 WITNESS DISCLOSURES AND SAMSUNG'S RESPONSES TO APPLE'S OBJECTIONS TO SAMSUNG'S CROSS DISCLOSURES FOR BLEVINS, HOWARTH, AND JOSWIAK** |

## I. SAMSUNG'S HIGH PRIORITY OBJECTIONS TO APPLE'S DAY 1 WITNESS DISCLOSURES

**Joswiak (PX 4024)**: PX 4024 is a Harvard Business School publication that is inadmissible hearsay.  The document titled "Design Thinking and Innovation at Apple" cannot be offered for the truth of the matter asserted, which are the conclusions regarding Apple offered by this article.  This document does not fall within any of the hearsay exceptions.  Additionally, the document should be excluded under FRE 403 because it contains many prejudicial statements that improperly trade on the reputation of Steve Jobs including an entire section unrelated to the issues in this case labeled "The CEO as Chief Innovator" with statements like "[t]his cat-and-mouse game, going on for more than a decade, has propelled Jobs into what one analyst called the Princess Diana of business leaders," that "[i]n November 2009, *Fortune Magazine* named Jobs CEO of the decade" and that "Steve Jobs took a leave of absence in 2009 to receive a liver transplant."  The statements in this article are substantially more prejudicial than probative and should be excluded.  Dkt. 1267 at 4.

**Joswiak (PX 4029)**: PX 4029 is a New York Times article from 2007 that does not relate to the patents or features at issue in this case, and instead generally relates to the iPhone.  It should be excluded under FRE 402 and 403 as not relevant to the article of manufacture factors or any other issue in this trial.  Dkt. 3595-2 at 3.

**Howarth (PX157, PX4027, PX4028)**: These exhibits should be excluded under FRE 402 and 403.  Apple concedes that "evidence about the iPhone sold by Apple has no bearing on the article of manufacture to which Samsung applied the patented designs."  Dkt. 3523 at 16. Allegations regarding recognition of Apple's designs thus have no probative value, but are nonetheless highly prejudicial to Samsung and will confuse the jury.

II. **SAMSUNG'S RESPONSES TO APPLE'S OBJECTIONS TO SAMSUNG'S DAY 1 WITNESS DISCLOSURES**

**DX 4551**: DX 4551 was previously admitted in Case No. 12-cv-00630 without objection from Apple.   Dec. Ex. 1. at 548:19-549:25.   Mr. Jobs' proposed strategy for 2011, a "Holy War with Google" illustrates one of the reasons that people purchase the product – the Android operating system.   This is relevant to Georgia Pacific Factors 5, 8, and 13.   Moreover, Mr. Jobs' emphasis on creating a "'plus' iPhone 4 with better antenna, processor, camera & software to stay ahead of the competitors" is relevant to both Georgia Pacific factors 5 and 13 and Factor 4 of the AOM test.   Apple cannot establish that the document is substantially more prejudicial than probative.   Samsung is willing to redact the portion of DX 4551.002 previously redacted in Case No. 12-cv-00630 in DX 489.246.   Dec. Ex. 2.   The remainder of the exhibit is already public.

**DX 4539**: Apple's objection that DX4539[1] "relates to a later iPhone version" is incorrect. The iPhone 4S launched in October 2011 and the iPhone 5 did not launch until September 2012. Dec. Ex. 3 at 1063:19-21 ("iPhone 4S was launched in October 2011"); *id*. 1065:4-6 (iPhone 5 "launched in September 2012.").   Based on the July 2011 date of this document, months before release of the iPhone 4S and a year prior to the iPhone 5, the document is referring to the product that was ultimately released as the iPhone 4S.   There is nothing inflammatory or misleading about DX4539-- it is from an Apple research vendor to an Apple employee about reasons why people might purchase an Android phone instead of an iPhone, including price, availability of newer phones, and iPhone problems like antennagate.   DX 4539.002, .012.   Reasons for purchase and analysis of the competitive landscape are highly relevant to GP Factors 5, 8, and 13.

**DX 4605**: Mr. Joswiak is VP of Product Marketing and Apple indicates that he may testify regarding "the competitive market for mobile devices, such as smartphones."   Dkt. 3661-1 at 3. Mr. Joswiak has the foundation to discuss DX 4605, which provides examples of competitive smartphones.   Apple's objection that it has no way of knowing that the phones were sold is

---

[1]   Apple agreed to the cross use of DX4539 and DX4538, which were produced in the 12-cv-630 case.   Dec. Ex. 4 76-78.

meritless.  The phones all come from DX 712 (Apple competitive smartphone tracker with 20 of the phones) and DX 4577 which lists the website source of the images.  *See* DX4577.016-020.

**DX4589**: Samsung disclosed its component disassembly evidence and made it available to Apple for inspection continuously during discovery.  Dkt. 3724 at 5-6 (providing detailed history); Dkt. 3728 at 1-2.  Apple has no basis to challenge DX4589 as untimely produced or disclosed.  Samsung's witnesses will lay foundation for and authenticate the evidence at trial.

**DX4538:** The Court admitted DX4538 it into evidence in Case No. 12-cv-00630 over Apple's objections.  Dec. Ex. 1 at 525.  There, as here, it is relevant to Apple's impression of Samsung for purposes of a reasonable royalty calculation.  Apple incorrectly asserts that it falls outside of the relevant time period.  DX4538 contains information about Samsung's marketing and consumer preferences during 2010-2012 , which is probative of the reasons for Samsung's growth in market share and highly relevant to damages issues to be decided by the jury.  DX4538 is also relevant to Factor 2 and Factor 3 of the AOM test.  As Apple contends its designs are prominent and inseparable from the products of which they form a part, Samsung may rebut that contention with evidence of consumer recognition of and preferences for other individual features.

**DX4577:** Apple's MIL #1 concerns internal Samsung presentations regarding its "independent development" of smartphones before the iPhone's release.  Dkt. 3646 at 1; 3704 at 1.  DX4577 does not concern that evidence—it is a collection[2] of smartphones from numerous smartphone manufacturers, including Apple itself.  Apple has repeatedly compared itself to other manufacturers and put the alleged "revolutionary" nature of its products at issue.  Samsung may introduce evidence of the history of smartphones in rebuttal.  The Court has admitted exhibits with smartphone images (such as the Samsung F700 and LG Prada) over Apple's objections, finding them "relevant to show that Apple compares its own products with others in the industry." Dkt. 1749 at 6.  Samsung's witnesses will lay the foundation for such evidence, which is highly

---

[2]  Samsung incorporates by reference its Responses to Apple's Objections, Dkt. 3724 at 3, and its response to Apple's objections to DX4508, *infra*.  DX4577 is a proper summary exhibit of the type Apple has consistently used itself (*see, e.g.*, PX3).

relevant to issues to be decided by the jury, including as it relates to the value of individual smartphone features, as well as to put in context Apple's claims of the relative prominence and conceptual distinctness of its claimed designs under Factors 2 and 3.

**DX4508:**  DX4508 is a proper FRE 1006 summary of disassembly evidence that Samsung disclosed in a timely fashion during discovery.  *See* Dkt. 3647-6 at 11, 29, 49, 68, 73.  It was also relied on Mr. Lucente's report.  Dkt. 3592-25, ¶¶ 285 & n. 146.  It consists of publicly available reports on disassemblies of Samsung phones by third parties.  This evidence is highly relevant to Factor 4 of the AOM test as it is probative of the physical separability of the components of Samsung phones.  Both parties have used similar summary exhibits, and the Court has ruled that these are permissible.  *See* Dkt. 749 at 5 (overruling Apple's objection to form of summary chart).

DX 4508 is not hearsay because the images are not a "statement" as defined by FRE 801(a) and Samsung does not offer it for the truth of any assertions made in it by the documents' authors, but for the visual evidence within it.  Were DX4508 hearsay (it is not), it is nonetheless admissible under 803(6) record of regular activity and the 807 residual exception.  Excluding publicly available data about Samsung phone users separating components (which is highly relevant to Factor 4) would be unduly prejudicial to Samsung.

**DX4581:**  DX4581 is probative of the conceptual and physical distinctness of the components of Apple's phones.  Samsung does not proffer it in support of damages contentions; Apple's allegations of prejudice are misplaced.  Apple has taken the position that its phones are akin to a single object chiseled from stone.  Samsung may impeach Mr. Howarth with evidence regarding component considerations in the design of Apple's phones.  This is a party admission.

**DX4604:**  DX 4604 is admissible under the Groundhog Day rules as it contains images already admitted into evidence in DX 684, which was admitted at the 2012 trial.  Dkt. 1889 at 11.  Apple concedes that MIL#1 was "not intended to exclude [DX 684]."  Dkt. 3703 at 15.  DX4604 also contains an image of the LG Prada, previously admitted at SDX3970.08.  The remainder of DX 4604 contains additional images of the same Samsung models, designs, and mock-ups that were admitted into evidence via DX 4604, which like the images in DX4577 are relevant to Samsung's rebuttal of Apple's misleading innovation story.

DATED: May 11, 2018

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Victoria F. Maroulis*
  John B. Quinn
  William C. Price
  Michael T. Zeller
  Kevin P.B. Johnson
  Victoria F. Maroulis

  Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC