ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff Apple Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

|  |  |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK <br><br> **APPLE'S OBJECTIONS TO SAMSUNG'S CROSS DISCLOSURES AND RESPONSES TO OBJECTIONS REGARDING TRIAL DISCLOSURES FOR JUN-WON LEE, ALAN BALL, SUSAN KARE, AND JULIE DAVIS** |

### Apple's Objections to Samsung's Cross Disclosures

**Jun-Won Lee**

**57:7-58:10:**  Apple objects to this counter-designation about an "offer to license" certain "intellectual property rights" from Apple to Samsung because it is beyond the scope of Apple's designations, which concern specific pre-litigation meetings at which the parties discussed Apple's "assertion[s] about copying" by Samsung.  Ex. A at 56:16-24.  Testimony about a licensing proposal that, in Mr. Lee's own words is "very complicated" (*id.* at 59:2-9), and that is not relied on by either damages expert is likely to confuse the jury and should be excluded under FRE 403.

**59:2-9:** This excerpt concerns Apple's trade dress claims, which are no longer at issue and beyond the scope of Apple's designations.  Ex. A at 59:2-9.  It also violates FRE 403, as the testimony is not relevant and likely to confuse the jury by referring to previously resolved issues.

**Alan Ball**

**DX4730:**  Apple objects to this letter from Samsung's counsel to Apple's counsel as hearsay and pursuant to FRE 403.  Samsung obviously intends to offer this self-serving, out-of-court statement for its truth, and no exception applies.  The letter also is misleading, because it wrongly states that Apple had ample opportunity to inspect the fully-disassembled phones on Samsung's exhibit list, when, as Apple has explained, Samsung did not make the fully-disassembled phones available for inspection until February 14, 2018.  Dkt. 3730 at 2-3.  Further, DX4730 discusses numerous other discovery disputes irrelevant to any issue the jury will decide, which would be confusing and prejudicial to introduce.

**Susan Kare**

**SDX408:**  Apple objects to SDX408—a highlighted definition of "concept" from dictionary.com—as containing hearsay and pursuant to FRE 403.  The jury will be instructed to apply the Court's four-factor test, including "whether the design is conceptually distinct from the product as a whole."  Dkt. 3708 at No. 29.  Any attempt by Samsung to interpret or offer

1   additional guidance on the meaning of this factor beyond what the jury instructions include is

2   improper legal argument and likely to mislead and confuse the jury.

3   **<u>Julie Davis</u>**

4   **SDX718:**  Apple objects to SDX718 under FRE 403 because it does not accurately depict

5   the underlying sources—PX25L.11 (*i.e.*, Davis Ex. 19.2-R2S)—and is misleading and

6   prejudicial.  SDX718 lists numbers that purport to show Ms. Davis' "Royalty for D'305 Patent."

7   But Ms. Davis calculated royalty amounts for the "D'305 or D'087 or D'677" (*see* PX25L.11

8   n.2, column 4)—not for the D'305 patent alone.  Samsung also modified Ms. Davis' text in

9   PX25L.11 n.2 to insert the words "*not accused*" next to products that Apple not only accused of

10  infringement, but that the jury found to infringe Apple's D'677, '381, and '163 patents.  SDX718

11  further contains a new calculation ($92,332,872) that nowhere appears in PX25L or Ms. Davis's

12  report.  Samsung should not be permitted to misrepresent Ms. Davis's opinions to the jury.

13  **DX4505:**  Apple objects under FRE 403 and the Court's *Daubert* Order (Dkt. 3645) to

14  Samsung's use of this J.D. Power smartphone survey and others like it.  The Court excluded Mr.

15  Wagner's opinions based on these surveys because they "do not directly or indirectly measure

16  customers' willingness to pay for certain components or features" and are "not sufficiently

17  related to the facts of the case."  Dkt. 3645 at 38, 40-41.  Samsung should not be permitted to use

18  Ms. Davis' cross-examination to introduce through the back door what it was not allowed to

19  bring in through the front.  Further, these surveys are misleading and prejudicial.  They contain

20  many numbers that are not related any admissible damages theory and that represent an attempt

21  by Samsung to argue that design patent damages should be apportioned—an argument the Court

22  has repeatedly and consistently precluded.  *Compare* DX4505.043, *with* Dkt. 3198 ¶¶ 356-357

23  (2012 Wagner report relying on same page), Dkt. 1157 at 9:13-17 (2012 *Daubert* Order

24  excluding survey apportionment opinions), SDX5006.008 (2012 trial demonstrative relying on

25  same page), Dkt. 1896 at 2:25-26 (HPO ruling striking Samsung's use of same page), Dkt. 3645

26  at 37:12-42:25 (2018 *Daubert* Order excluding survey apportionment opinions).

27  **<u>Apple's Responses to Samsung's Objections</u>**

28

**Jun-Won Lee**

**PX52:** The Court has already rejected Samsung's objection to PX52.  Dkt. 3734 at 2.

**56:16-18, 56:21-56:24:** Like PX52, Mr. Lee's testimony is relevant to the prominence of Apple's patented designs as well as Samsung's copying, which the Court has already ruled is relevant to at least Factor 2 of the "article of manufacture" test and reasonable royalties.  *See* Dkt. 3684 at 4; Dkt 3645 at 18-19.

**Alan Ball**

**PX52:** The Court has already rejected Samsung's objection to PX52, both in its ruling on opening demonstratives (Dkt. 3734 at 2) and its ruling on Samsung's *Daubert* motion, which sought specifically to exclude Mr. Ball's discussion of this exhibit.  Dkt. 3645 at 17-19; Dkt. 3595-4, ¶¶ 207-208.

**PDX10:**  As indicated in its disclosures to Samsung, Apple intends to enlarge PDX10—which is nearly identical to its opening slide 34—onto foam board (or similar).  Due to the space constraints in Court, Apple combined the phones that infringe all three design patents-in-suit into a single demonstrative for this purpose.  Mr. Ball will not discuss the D'305 patent, and Dr. Kare will not discuss the D'677 or D'087 patents.  PDX10 makes clear which phones infringe which patents, so there is no prejudice to Samsung.

**PX174:**  The Court already overruled Samsung's objection to Mr. Ball's discussion of PX174, which reflects that "observers commented on the striking similarities between the infringing Samsung phones and the iPhone based on the [asserted] designs."  Dkt. 3645 at 17-19; Dkt. 3595-4, ¶¶ 123, 204.  Apple does not intend to offer PX174 for the truth of what is asserted and agrees it can be admitted with a limiting instruction not to be considered for the truth (as it was in 2012) but for the fact that people commented on the similarities.  Dkt. 1889, Ex. A at 8.

**Susan Kare**

**PDX10:**  See above discussion of PDX10 in the context of objections to Mr. Ball.

**PX6:**  The Court already overruled Samsung's objection to Dr. Kare's discussion of PX6 which, like PX174, reflects that "observers commented on the striking similarities between the

1  infringing Samsung phones and the iPhone based on the [asserted] designs." Dkt. 3645 at 17-19;

2  Dkt. 3595-7, ¶¶ 96.  Apple does not intend to offer PX6 for the truth of what is asserted and

3  agrees it can be admitted with a limiting instruction not to be considered for the truth (as it was

4  in 2012) but for the fact that people commented on the similarities.  Dkt. 1889, Ex. A at 4.

5  **Julie Davis**

6     **PDX9.7-8, 10, 12, 15-16:**  Samsung's attempt to exclude Ms. Davis' market share chart

7  has been repeatedly rejected by the Court, most recently when the Court rejected Samsung's

8  MIL #1.  Dkt. 3673 at 5.  The information about Samsung's market share depicted in these slides

9  is the same as that disclosed in Mr. Musika's report (Dkt. 2386-3 at Ex. 11)), admitted at trial in

10  2012 (Dkt. 1839 at 2043:25-2045:10), disclosed in Ms. Davis' report (Dkt. 2407-7 at Ex. 11.2-

11  PT), admitted at trial in 2013 (Dkt. 2840 at 638:18-639:8), and disclosed in Ms. Davis's 2018

12  report (Dkt. 3593-04 at Ex. 11.2-PT).  Both Mr. Musika and Ms. Davis disclosed in their reports

13  the exhibits referenced in these slides, including PX34, PX36, PX40, PX44, PX46, and PX60.

14  *See* Dkt. 2386-3 and Dkt. 2407-7 at Ex. 24 (items 21, 49, 68, 69, 93, 95); Ex. 25 (items 38, 40,

15  61); and Ex. 53 (items 10, 11).  All exhibits were admitted in both 2012 and 2013 trial.  *See* Dkt.

16  1839 at 2078:25 and Dkt. 2840 at 651:24 (PX34); Dkt. 1612 at 1526:10-11 and Dkt. 2840 at

17  654:24 (PX36); Dkt. 1611 at 994:7 and Dkt. 2840 at 658:7 (PX40); Dkt. 1610 at 818:21 and Dkt.

18  2840 at 648:3 (PX60).  These slides do not contain any undisclosed opinions and the Court has

19  already found the information more probative than prejudicial.  Dkt. 3673 at 5.

20     **PDX9.20, 22-27, 29:**  Samsung objects to these slides on the ground that they misstate

21  the law and the jury instructions, and are prejudicial because they all contain the term "directly

22  attributable."  Samsung's objections are unfounded.  The Court has repeatedly rejected

23  Samsung's attempts to preclude Ms. Davis from testifying, consistent with her expert reports and

24  previous trial testimony, that she applied the "directly attributable" standard articulated by the

25  Court to the evidence regarding Samsung's operating expenses.  In 2016, for example, Samsung

26  sought to exclude Ms. Davis from referencing the "directly attributable" standard during her

27  testimony at the anticipated 2016 trial.  Dkt. 3447 at 3-4.  The Court rejected Samsung's

28

argument that Ms. Davis's proposed testimony called for an improper legal conclusion, ruling that "an expert's reference to the governing legal standard in explaining her analysis is not grounds for a blanket exclusion at testimony." *Id.*; *see also* Dkt. 2840 at 691:9-691:25.  Ms. Davis prior demonstratives, used during trial, also included specific references to "directly attributable" expenses in an equivalent way.  *See* 2013 Trial PDX 100.17 & 100.18.  Ms. Davis should again be permitted to render this opinion to assist the jury in calculating Samsung's profits.  PDX9.20, 22-27, 29 do not purport to articulate a legal standard or instruct the jury on the law, and there is no improper legal opinion in having a damages expert determine whether or not certain expenses are "directly attributable" to the infringing products.  *Compare* Dkt. 2840 at 692:25-693:5, 694:23-695:20 and PDX100.13-14 (Davis's 2013 demonstratives), with PDX9.20, 22-27, 29.


Dated: May 14, 2018                                   */s/ Mark D. Selwyn*
                                                      Mark D. Selwyn (SBN 244180)

                                                      *Attorney for Plaintiff Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 14, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Mark D. Selwyn*
Mark D. Selwyn