QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:   (650) 801-5100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S HIGH PRIORITY OBJECTIONS TO APPLE'S DAY 2 WITNESS DISCLOSURES AND SAMSUNG'S RESPONSES TO APPLE'S OBJECTIONS TO SAMSUNG'S CROSS DISCLOSURES FOR BALAKRISHNAN, BALL, DAVIS, LEE, KARE AND SINGH** |

## I. SAMSUNG'S HIGH PRIORITY OBJECTIONS TO APPLE'S DAY 2 WITNESS DISCLOSURES

**Ball (PX52)**:   This is a pre-litigation presentation made by Apple to Samsung related to Apple's infringement assertions for IP *other* than D'677 and D'087.   The Court has ruled that this document did not even serve as *notice* for the D'677 and D'087 patents.   (Dkt. 2271, 17-18; *see also* Dkt. 3708, at 49 (setting forth notice date for D'677 and D'087.))   Nevertheless, Apple's expert for those patents, Mr. Ball, intends to improperly and misleadingly tie the document to those two patents by opining that this is "Apple's presentation to Samsung about Samsung's use of Apple's patents" including "the D'677 and D'087 designs."   (Dkt. 3595-4, ¶¶ 207-208.) Moreover, this Apple presentation is not relevant to any issue currently being tried, and is highly prejudicial and misleading.   It was admitted previously as relevant to notice dates and allegations of willfulness, but those issues are not currently being tried.   The document post-dates the design and manufacture of Samsung's phones and thus does not and could not possibly show relative prominence of the designs.   Even if other "copying" evidence is admitted (notwithstanding Samsung's objections), this document should not be.

**Ball (PDX10)**:   This is four versions of the same slide showing all three design patents and the phones related to them.   Mr. Ball was not disclosed to opine on issues related to D'305. Images of that patent and the accompanying products should be deleted from these slides.

**Ball (PX174)**:   This article is traditional hearsay:   out-of-court statements offered for the truth of the matters asserted.   It was previously admitted with regard to Apple's *infringement* contentions and is not relevant to the issues being tried now.   In addition, this document was previously admitted subject to a strict limiting instruction.   (Dkt. 1611 at 143-146; Dkt. 1889.)   If it or other similar articles are admitted again notwithstanding Samsung's objections, they should be admitted subject to the same limiting instruction.

**Davis (PDX9.7-8, 10, 12, and 15-16)**:   These new slides depict Apple's chart of Samsung's market share (*see* Dkt. 3593-4, Ex. 11.2-PT), overlaid with references to internal Samsung documents that Apple contends are evidence that Samsung copied the iPhone.   In sequence, the jury would be shown the alleged "copying" documents, and then those documents

placed on a graph with Samsung's rising market share.  The effect is to present to the jury a new opinion that Davis ***never disclosed***—namely, that Samsung's analysis and alleged copying of Apple's inventions was somehow correlated with Samsung's market share.  *See, e.g.*, Dk. 3440, at 6 (excluding undisclosed expert evidence); Dkt. 2719 (similar).  Moreover, Davis ***expressly disclaimed*** any opinion about the cause of Samsung's increase in market share (Borden Decl., Ex. 1, at 74-75 ("I am not expressing that opinion.")), explaining that she "do[es] not have enough information" to find causation (*id.* at 75), that she "ha[s] not attempted to determine what caused the increase in market share" (*id.* at 79), and that thus she "merely report[s] that [the increase] occurred at a time when Samsung was introducing infringing phones" (*id.*).  Indeed, outside her report's background section, Davis references Ex. 11.2-PT only in support of (i) her royalty opinion which does ***not*** purport to link the "copying" documents to Samsung's market share (Dkt. 3593-4 ¶¶ 225, 243; *see id.* ¶ 110) and (ii) her now-excluded article-of-manufacture opinion (Dkt. 3593-4 ¶ 140H-I; *see* Dkt. 3645, at 32-34).  And Davis is precluded from testifying either that Samsung copied or that any purported copying is probative of demand.  *See* Dkt. 2654, at 6, 9. Apple's new slides serve no purpose other than to mislead the jury into thinking that Davis has done an analysis to correlate these documents with Samsung's market share, when she has not.  The prejudice to Samsung that would result from Apple's slides cannot be adequately dispelled through cross-examination about an undisclosed opinion.

**Davis (PDX9.20, 22-27, and 29)**:  These slides incorrectly and prejudicially conflate deductible expenses with "directly attributable" expenses.  FRE 403.  As the jury instructions make clear, total profit is deductible expenses subtracted from revenue.  The standard for deductible expenses in the jury instructions is *not* simply equivalent to "directly attributable expenses," as Apple's slides suggest.  Rather deductible expenses include *all* "costs incurred in producing the gross revenue" that have a "nexus" to the infringing products.  *See* Dkt. 3708, at 45.  Each reference to "directly attributable" expenses should say "deductible expenses" instead.

**Lee, Junwon (56:16-18, 56:21-24)**:  Apple's newly designated testimony was neither designated for nor played at the prior two trials in this case.  *See* Dkts. 1887-01, 2797-1.  Because Apple chose not to introduce this testimony with the prior juries, and because the testimony is not

relevant to the identity of the articles of manufacture to which Samsung applied patented designs, Groundhog Day bars its admission.

**Lee (PX52):** This Apple presentation is not relevant to any issue currently being tried, and is highly prejudicial and misleading. It was admitted previously as relevant to notice dates and allegations of willfulness, but those issues are not currently being tried.

**Kare (PDX10)**: Dr. Kare was not disclosed to opine on anything related to D'677 and D'087. Her demonstratives should not depict those patents or the liability findings for them.

**Kare (PX6)**: As with PX174, this summary of articles is hearsay. Apple introduced this previously for trade dress fame (Dkt. 1612 at 225-226, 229), which is no longer relevant and should not be relitigated. Even when that issue was relevant, the document was subject to a hearsay limiting instruction. (Dkt. 1889.)

**Preservation**: For the purpose of appeal, Samsung also renews its objections to Apple's documents regarding purported copying, including PX3A, 6, 38, 40, 44, 46, 52, 57, 174, 4037, 4061, 4068, 4071, for the reasons stated in its Motions to Exclude Expert Opinions and prior objections. Dkt. 3595-2, at 3, Dkt. 3593-2, at 3, Dkt. 1440, Dkt. 1585, Dkt. 2669, Dkt. 2700.

## II. SAMSUNG'S RESPONSES TO APPLE'S OBJECTIONS TO SAMSUNG'S DAY 2 WITNESS DISCLOSURES

**DX4730**:   This is a February 22, 2018 letter from Samsung's counsel to Apple's counsel detailing Samsung's efforts to make disassembly evidence available to Apple for inspection during and after fact discovery, including to have all the evidence "transported to Boston" so Mr. Ball could inspect it without having to travel.   DX4730.003; Dkt. 3728-4.   Samsung disclosed the letter for impeachment purposes because Mr. Ball incorrectly states in his reply report that he was "informed" by Apple's counsel that "Samsung has not provided the alleged articles of manufacture for 8 of the phones," which Mr. Ball used as a basis for his *opinion* under Factor 4 that "separating these components from the Infringing Phones is extremely difficult."   Dkt. 3607-12, ¶¶ 110-112.   There is no valid hearsay objection because the document is offered to show notice—to show that Mr. Ball was notified that the disassemblies were available, not for the truth of the matters asserted.   Moreover, even if hearsay, DX4730 is admissible for impeachment. Because experts are allowed to rely on hearsay for their opinions under FRE 703, hearsay is admissible to *impeach* those opinions.   *See, e.g.*, *Bryan v. John Bean Div. of FMC Corp.*, 566 F.2d 541, 545 (5th Cir. 1978) ("otherwise hearsay evidence that reveals the underlying sources of the expert's opinion should be as permissible on cross-examination as on direct [and] should be admissible to impeach").

**SDX718**:   SDX718 consists of per-product royalty awards disclosed by Ms. Davis in the cited sources.   The awards for phones not accused of infringing the D'305 patent are removed, thereby limiting the awards to those Ms. Davis calculated for the D'305 patent (or alternatively any overlapping patents), and summed to a total.   Because Ms. Davis opines that her $24 per unit royalty would be the same whether Apple licensed all design IP or just a single design, *see* Dkts. 3593-2, Ms. Davis's awards imply a royalty of over $90,000,000 for the D'305 patent.   Samsung is entitled to use this demonstrative to elicit testimony from Ms. Davis about her royalty opinions.

**DX4505**:   The Court's Daubert order did not exclude this J.D. Power Wireless Smartphone Satisfaction Study from the case, only calculations of profits based on it.   Dkt. 3645, at 38-39.   The document is relevant to consumer demand and Georgia-Pacific factor 8 among

others, and not prejudicial or misleading.

**Lee, Junwon (57:7-58:3, 59:2-9)**:   Apple successfully introduced portions of its designated testimony in prior trials on the grounds that it supported Apple's contention that it would not licenses the design patents at issue.  Dkt. 2721, at 6.  Samsung's counter designations address what intellectual property rights "were being excluded from Apple's offer to license" and are directly relevant to and responsive to Apple's designations.

**SDX408**:   Apple's objection to an impeachment demonstrative showing the Dictionary.com definition of the word "concept" is meritless.   First, as this Court has ruled, a dictionary definition is neither misleading nor legal argument, but rather a fact that "only an unreasonable person would insist on disputing."   *Estrada v. Sayre*, No. C 12-0592 LHK (PR), 2014 WL 3728161, at *4 (N.D. Cal. July 28, 2014), *aff'd,* 635 F. App'x 378 (9th Cir. 2016); *see also United States v. Mariscal*, 285 F.3d 1127, 1132 (9th Cir. 2002).   Dr. Kare herself relied on the dictionary for her understanding of the Court's four factor test, Dkt. 3595-8, ¶ 33, and Samsung must be allowed to test those opinions.

Further, even if hearsay, it falls under various exceptions.   First, it is permissible impeachment material for an expert.   *See supra* (regarding DX4730).   Dr. Kare offers extensive opinions about the "concept of the design claimed by the D'305 patent."   *See* Dkt. 3636-1, ¶¶ 36-37, 39, 85, 103.   The meaning of the word "concept" is therefore highly relevant to Samsung's rebuttal of Dr. Kare's analysis.   It is also admissible under FRE 803(18) as a learned treatise that Samsung may call to Dr. Kare's attention during cross examination and may establish as a reliable source at that time.

1
2
3   By  */s/ Victoria F. Maroulis*
4       John B. Quinn
        William C. Price
5       Michael T. Zeller
        Kevin P.B. Johnson
6       Victoria F. Maroulis

7       Attorneys for SAMSUNG ELECTRONICS CO.,
        LTD., SAMSUNG ELECTRONICS AMERICA,
8       INC. and SAMSUNG
        TELECOMMUNICATIONS AMERICA, LLC
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28