ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S OBJECTIONS TO SAMSUNG'S TRIAL DISCLOSURES AND RESPONSES TO OBJECTIONS REGARDING CROSS DISCLOSURES FOR BLACKARD, HAN, D. KIM, J. KIM, SHEPPARD AND WANG** |

**Apple's Objections to Samsung's Trial Disclosures**

**Drew Blackard**

**DX4500:** Apple objects under FRE 403 and on hearsay grounds to Samsung's attempt to admit DX4500 (and similar) through Mr. Blackard. DX4500 is a survey that Mr. Wagner relied on "to calculate the total profit related to the D'305 AOM." Dkt. 3600-5, ¶¶ 464-469. Mr. Wagner's survey-based calculations have been excluded, and the Court observed the surveys he relied on were not "sufficiently related to the facts of the case." Dkt. 3645 at 40-41. Samsung now attempts to introduce this third-party survey evidence through Mr. Blackard. But "device feature priorities" unrelated to either the accused products or the claimed designs are not relevant to either the identity of the AOM to which Samsung applied the patented designs, or the total profit Samsung earned on sales of those AOMs. Instead, DX4500 invites confusion and prejudice by suggesting that damages must be apportioned to account for these other features. Further, because it is being offered for its truth, DX4500 is inadmissible hearsay.

**DX4613:** The Court granted Apple's motion in limine to exclude independent development evidence after ruling "on this issue at least four, if not five, times previously." Dkt. 3703 at 15. Yet DX4613, which was apparently compiled by Samsung counsel and does not appear in any expert's report, unmistakably tells an independent development story: it purports to show images of "historical Samsung phones," including the repeatedly excluded F700. The exhibit thus prejudices Apple in the exact manner the Court has forbidden, by "introducing a potential invalidity issue," and "caus[ing] the jury to question the liability verdict." Dkt. 3703 at 15-16. Further, the exhibit offers a timeline of Samsung phones beginning in 2005—four years *before* Mr. Blackard began working at Samsung. *See* Ex. A at 34-35. Thus, even if Samsung's alleged "independent development" were not already excluded, Mr. Blackard has no foundation to discuss that, or any other Samsung phones that pre-date his employment.

**Kyuhyun Han**

**DX676:** Apple objects pursuant to FRE 403 to any attempt to elicit testimony from Mr. Han regarding this made-for-litigation spreadsheet that was created before the 2012 trial (and

before Mr. Han even worked at Samsung).  Ex. B at 10.  Mr. Han was not a witness at either the 2012 or 2013 trials, he was not deposed or otherwise identified as having relevant knowledge prior to those trials.  Samsung first identified Mr. Han as an individual with relevant knowledge in its December 2017 interrogatory responses (Dkt. 3648-10 at 76-77 (Response to Interrogatory No. 8)), and has never identified him as an individual with knowledge relating to the creation or contents of DX676.  The Court has previously excluded Samsung's attempt to supplement Mr. Wagner's damages theories based on information from Samsung employees obtained after 2012.  Dkt. 2575 at 12.  It would therefore be prejudicial—as well as inconsistent with the Court's Ground Hog Day rule—to allow Samsung to now introduce new testimony regarding this exhibit that Mr. Wagner relies upon through Mr. Han.

**Dongwook Kim**

**DX4511:** Apple objects to this 5,323-page exhibit of eighteen different "Specifications for Approval," some of which were not previously produced, as an improper compilation lacking any foundation that could justify its admission through Mr. Kim.  This voluminous document, which appears to have been created by counsel, includes an index that goes beyond simply cataloguing the individual documents contained therein.  Rather, the "Document Description[s]" describe the documents as "Including Window Glass and Display Screen," even though the terms "Window Glass" and "Display Screen" do not appear *anywhere* within those documents.  The index has also been annotated to identify a "Supplier" allegedly associated with each document.  Admission of this document, including these annotations clearly intended to bolster Samsung's arguments regarding its alleged articles of manufacture, would be highly prejudicial.

**Jinsoo Kim**

**DX526, DX684, SDX1105:** Apple objects to DX526, DX684, and SDX1105 as part of Samsung's continued efforts to evade the Court's rulings excluding its alleged evidence of independent development.  The Court's granting of Apple's MIL #2 was as least the sixth time the Court has ruled on this issue.  Dkt. 3703 at 15.  The Court also denied Samsung's attempt to use the F700 in its opening.  DX3734 at 2.  Despite this, Samsung has disclosed the F700 itself

(DX526) and materials referencing the F700 (e.g., SDX1105) for use with numerous witnesses.[1] As discussed at the pretrial hearing, DX684 (and any similar evidence) may only be properly considered as evidence of non-infringing alternatives. Dkt. 3703 at 14. But Mr. Kim—a fact witness—has not disclosed any such opinion, nor is he qualified to do so. In fact, Samsung objects to Apple's inclusion of the design patents-in-suit on Mr. Kim's list of cross disclosures alleging that they are irrelevant to his testimony and lacking foundation—proving that any testimony Samsung intends to elicit from Mr. Kim about the F700 cannot be for the purpose of showing it is a non-infringing alternative to the designs claimed in those patents. Samsung's repeated attempts to circumvent the Court's clear (and repeated) rulings should be rejected.

**Tim Sheppard**

**DX676:** The Court has twice precluded Mr. Sheppard from testifying about SEC's costs in DX676. Dkt. 1842 at 3007 ("Well, 676 is in. I will sustain any objection as to Mr. Sheppard testifying about SEC created financial data because he doesn't have personal knowledge."); Dkt. 2841 at 955-956 (sustaining objection that required Mr. Sheppard's testimony "to distinguish between the various Samsung entities on this particular question"). Pursuant to the Court's Ground Hog Day rule, this ruling should still apply and the Court should preclude Mr. Sheppard from testifying about any SEC cost data contained in DX 676.

**Jee-Yeun Wang**

**PX4022**: This 2300-page document is an improper compilation of "GUI Guidelines" purporting to relate to Android phones, and should be excluded under FRE 1006 and 403. Besides being unwieldy, DX4522 combines 23 separate documents bearing no obvious organizational relation to one another, thereby giving the misleading impression that Samsung maintains one comprehensive set of such guidelines. It also is unnecessarily cumulative.

---

[1] Due to the nature of the high-priority objection process, and because it is Apple's position that this issue has been conclusively (and repeatedly) decided, Apple has not used its high-priority objections in response to the majority of these instances.

**Apple's Responses to Samsung's Objections to Apple's Cross Disclosures**

**Drew Blackard**

**Testimony of Justin Denison:** Mr. Blackard was Samsung's Rule 30(b)(6) designee in this litigation. Mr. Denison, Mr. Blackard's supervisor, has previously served as Samsung's Rule 30(b)(6) designee, rendering statements of both party admissions. Samsung has similarly disclosed the prior testimony of Apple corporate witness, Mr. Phil Schiller, as potential impeachment material for Apple corporate witness, Mr. Greg Joswiak.

**PX40:** Samsung's foundation objection is without merit. PX40 is a Samsung business record and admissible through Mr. Blackard. FRE803(6). The Court has previously allowed cross-examination and the admission of PX40 through Samsung corporate representatives (like Mr. Blackard) who are not listed on the face of PX40. Dkt. 1611 at 995-96.

**PX4038:** Samsung's objection to PX4038, a physical "mock-up" of a phone that was *produced by Samsung*, is meritless. Mr. Blackard, a Samsung 30(b)(6) representative, discussed such mock-ups extensively at his deposition. Ex. A at 71-76.

**Jinsoo Kim**

**JX1041-JX1043:** The patents-in-suit are appropriate cross examination materials. This is especially true since Samsung has disclosed its intent to use Samsung's alleged articles of manufacture (JX5000-JX5015) on direct examination of Mr. Kim. To the extent Mr. Kim offers testimony that Samsung intends to use to support its argument regarding the identity of the articles of manufacture to which Samsung applied Apple's patented designs, Apple is entitled to explore his knowledge regarding those designs.

**Jee-Yeun Wang**

**PX55**: The Court already has allowed Apple to admit PX55 through cross-examination of Ms. Wang. Dkt. 1840 at 2545-2546. That was the correct ruling, because PX55 is just a color version of PX2261—which was pulled from Ms. Wang's files. *Id.* at 2542-2546. To the extent Samsung's objection pursuant to FRE 403 is premised on the fact that PX55 demonstrates

Samsung's copying of iPhone design elements, the Court has already ruled such evidence is relevant to the prominence of the claimed designs and therefore Factor 2 of the AOM test.

**PX4061 & PX4071**:  Samsung's objections to the use of PX4061 and PX4071—both internal Samsung documents—are meritless.  Ms. Wang was a UX designer working on Samsung's icons in 2010.  Dkt. 1840 at 2522-2523.  Apple is entitled to question her regarding her familiarity (or lack thereof) with such documents, as it did with similar documents in 2012.  Dkt. 1840 at 2541-2548.

1

2   Dated: May 15, 2018                                    */s/ Mark D. Selwyn*
                                                           Mark D. Selwyn (SBN 244180)
3
                                                           *Attorney for Plaintiff Apple Inc.*
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 15, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                                      */s/ Mark D. Selwyn*
                                                      Mark D. Selwyn