QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S HIGH PRIORITY OBJECTIONS TO APPLE'S DAY 3 CROSS DISCLOSURES AND SAMSUNG'S RESPONSES TO APPLE'S OBJECTIONS REGARDING TRIAL DISCLOSURES FOR DREW BLACKARD, KYUHYUN HAN, DONGWOOK KIM, JINSOO KIM, TIM SHEPPARD, AND JEE-YEUN WANG** |

## I. SAMSUNG'S HIGH PRIORITY OBJECTIONS TO APPLE'S DAY 3 WITNESS CROSS DISCLOSURES

**Blackard (Testimony of Justin Denison)**:  Apple is apparently seeking to attempt to impeach the witness with the testimony of another.   FRCP 32(a)(2) does not permit such uses. *See* Dkt. 1512, at 5-6 ("The deposition testimony of Mr. Shin may not be used to impeach Mr. Denison."); Dkt. 1520, at 5-6, Dkt. 1720, at 2; Dkt. 1798, at 3 ("The Court has previously ruled that a party may not attempt to impeach a witness with another deponent's testimony.").   Contrary to Apple's argument, not all of the identified testimony is 30(b)(6) testimony.

**Blackard (PX40)**:   Mr. Blackard has no foundation to testify about this exhibit.   He has not authored, received, seen it, or even been questioned about it at his deposition.   Because the witness lacks personal knowledge about this document, Apple cannot satisfy FRE 602.   Dkt. 2736 at 2; Dkt. 2746 at 6.   Apple has not listed Mr. Blackard as a sponsoring witness for this exhibit.

**Blackard (PX4038)**:   For the same reasons as PX40, *supra*, Mr. Blackard has no foundation to testify about this exhibit.   PX4038 is also irrelevant to the issues in this trial.

**Jinsoo Kim (JX 1041-43)**:   As a fact witness not involved with their invention, Mr. Kim has no relevant testimony, or foundation to testify, concerning Apple's design patents.

**Wang (PX55)**:   PX 55 has no relevance to the claims in this case and would be highly prejudicial.   According to the face of the document, it concerns "Samsung mobile icon designs for 2011."   Samsung released the Galaxy S I GUI found to infringe the D'305 patent in mid-2010. The dates and images on page 55.1 and 55.5 confirm that this exhibit was created after 2010, and the timeline on page 55.14 shows it is geared to a release date of mid-2011.   Because this document post-dates the creation of the Galaxy S I GUI, it cannot support Apple's insinuation that Samsung copied that GUI.   Therefore, the risk of confusion is high, and the document has no probative value.   In addition, Ms. Wang testified that she does not know who created the document or why.   (Gray Dec. Ex. 1 at 79-80 (Dec. 20, 2017 Tr. of Jee-Yeun Wang)).   She further testified that she has only seen this document in connection with this litigation.   Because Ms. Wang has no personal knowledge of the document, Apple lacks the proper foundation to use this exhibit with her.   FRE 603.   Finally, Apple did not disclose this document in its responses to

1  Samsung's interrogatories, and the document should be excluded for that reason alone.  *See* Dkt.

2  1456 at 2 (sustaining objection where document not disclosed in interrogatory).

3      **Wang (PX4061/PX4071)**:   These exhibits were prepared by Samsung's Software

4  Verification/Engineering group and relate to Samsung phones referred to as the "Amethyst"

5  (PX4061) and the "Kepler" (PX4071).  At deposition, Ms. Wang testified that she does not

6  recognize the documents and that she does not know what the "Amethyst" or "Kepler" are.  (Gray

7  Dec. Ex. 1 at 64, 75 (Dec. 19, 2017 Tr. of Jee-Yeun Wang)).  As such, Apple lacks foundation to

8  use these exhibits with her.  FRE 603 ("A witness may testify to a matter only if evidence is

9  introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

10 In addition, these exhibits refer to features and designs that are not at issue in this litigation and

11 would act to confuse the jury.  For example, PX4061 discusses how long the phone takes to

12 access a web browser (4061.4), how long it takes to send an email or a text message (4061.6), and

13 the button used to lock the screen (4061.21).  None of these features are at issue and the prejudice

14 and confusion the exhibits are likely to cause outweigh any probative value.  FRE 403.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  II.   **SAMSUNG'S RESPONSES TO APPLE'S OBJECTIONS REGARDING SAMSUNG'S DAY 3 WITNESS DISCLOSURES**
2

3  **Blackard (DX4500)**:   This exhibit is highly relevant to Factors 2 and 3, as it shows that
4  consumers differentiate among features and consider certain ones more prominent than others.
5  "[T]he Court did not preclude Samsung from introducing or relying upon survey evidence per se."
6  Dkt. 3684 at 4.   The witness will lay the foundation for Samsung's business use of this exhibit.
7  Samsung does not offer DX4500 for the truth of its particular conclusions about the market, but as
8  evidence that consumers at the time maintained distinct concepts of individual smartphone
9  features and as evidence of Samsung's understanding of their perceptions.

10  **Blackard (DX4613)**:   This exhibit is not introduced to show "independent development"
11  of smartphones before the iPhone's release (cf. Dkt. 3646 at 1; 3704 at 1), but to demonstrate the
12  evolution of Samsung products over time.   This is relevant to the relative prominence and
13  conceptual distinctness of Apple's claimed designs under Factors 2 and 3, and it puts in context
14  Apple's claims that its own products were "revolutionary."   The Court recently overruled Apple's
15  objection to   DX 4577, a summary exhibit with many of the images contained in DX4613,
16  including the F700.   Dkt. 3735 at 2.   Apple's objection should be overruled here as well.

17  **Han/Tim Sheppard (DX676)**:   With regard to Mr. Sheppard, Samsung agrees that prior
18  rulings on his testimony about DX676 apply to the 2018 trial.   However, any objection by Apple
19  to the admission of the 2018 version of DX676 is meritless and has already been overruled in the
20  2013 HPO process.   Dkt. 2736 at 3 ("Overruled to the extent Apple seeks to block the admission
21  of DX 676 itself.")   The 2013 version of DX676 was admitted and Mr. Sheppard testified about
22  it.   Dkt. 2842 at 143, 158-60.   Samsung again agrees to limit Mr. Sheppard's testimony at the
23  upcoming trial in accordance with the ruling at the 2012 trial, where the 2012 version of DX676
24  was admitted and Mr. Sheppard testified about it.   Dkt. 1842 at 42.   As to Mr. Han, he is an SEC
25  financial management group employee, and Apple's foundation objection is premature.   He was
26  deposed by Apple about a version of DX676.   Gray Dec. Ex. 2 at 154 -156 (December 20, 2017
27  Deposition Tr. of Kyuhyun Han) and Ex. 3 (excerpt of DX676).   Thus there can be no prejudice
28  to Apple.   To be clear, Samsung intends to move DX676 into evidence with Mr. Sheppard just

like it did in 2012 and 2013 trials.

**Dongwook Kim (DX4511)**:   This is a compilation of 18 specification approval documents from Samsung's procurement department, showing images and specifications for components containing the articles of manufacture to be assembled into Samsung phones.   *See* DX4511, at 1-2.   Apple's "improper compilation" objection is baseless:   The Court has already overruled an identical objection to DX4508 (Dkt. 3735 at 2 (overruling Dkt. 3730, at 2)), and has repeatedly admitted other similar exhibits into evidence on both sides (*see, e.g.*, Dkt. 2721, at 4 (overruling objection to summary exhibit PX26A); Dkt. 2645, at 3 (same); Dkt. 1749 at 5 (admitting compilation exhibit DX630 and noting that "Apple itself has introduced numerous summary exhibits pursuant to FRE 1006"); Dkt. 1520, at 1-2, 4 (admitting multiple compilations under FRE 1006).   Admission of the summary or compilation requires only that the underlying documents "(1) are admissible in evidence and (2) were made available to the opposing party for inspection." *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011), quoted in Dkt. 1520, at 2.   The latter requirement is satisfied where the "underlying [document] is identified by Bates number" in the summary exhibit (Dkt. 1749 at 5), as is the case here.   (One of the 18 documents that compose DX4511 (Tab A) was produced as a native file with its Bates number in the file name as well as on a corresponding slipsheet.   Gray Dec. Ex. 5, *id*. ¶ 6.   The documents have thus been "made available to the opposing party for inspection."   *Rizk*, 660 F.3d at 1130.   Further, any foundation objection is meritless.   Mr. Kim worked in the purchasing team from 2009 to 2012 to procure display components for Samsung.   Gray Dec. Ex. 4 at 13-14 (December 22, 2017 Deposition of Dongwook Kim).   There is no basis to exclude the compilation.

**Jinsoo Kim (DX526)**:   Samsung refers the Court to its argument with respect to DX 4613.

**Jinsoo Kim (DX684)**:   DX 684 was previously admitted at the 2012 trial, where Mr. Kim laid foundation and testified to its accuracy.   Dkt. 1841 at 2818:12-2819:2; 2820:6-9.   Apple concedes that MIL#1 was "not intended to exclude [DX 684]."   Dkt. 3703 at 15.   Further, DX 684 is evidence of non-infringing alternatives, and is relevant to Samsung's rebuttal of Apple's misleading innovation story.

**Jinsoo Kim (SDX1105)**:   Samsung refers the Court to its argument for DX 4613.

1  **Jee-Yeun Wang (DX4522)**:  DX4522 is a compilation of Samsung's GUI Guidelines for
2 the GUI for Galaxy S I phones.  It shows the extensive nature of the GUI, and relatively low
3 design prominence of the D'305 design.  This is highly relevant to Factor 2.  The Court has
4 repeatedly admitted other similar exhibits into evidence on both sides under FRE 1006 (*see, e.g.*,
5 Dkt. 2721, at 4 (summary exhibit PX26A); Dkt. 2645, at 3 (same); Dkt. 1749 at 5 (compilation
6 exhibit DX630); *id.* ("Apple itself has introduced numerous summary exhibits pursuant to FRE
7 1006"); Dkt. 1520, at 1-2, 4 (multiple compilations).  Admission of a summary or compilation
8 requires only that the underlying documents "(1) are admissible in evidence and (2) were made
9 available to the opposing party for inspection."  *United States v. Rizk*, 660 F.3d 1125, 1130 (9th
10 Cir. 2011) ( quoted in Dkt. 1520, at 2).  The latter requirement is satisfied where, as here, the
11 "underlying [documents] [are] identified by Bates number" in the summary exhibit (Dkt. 1749 at
12 5), and Samsung produced them within the discovery period.  Gray Dec. ¶ 7.  The documents
13 have thus been "made available to the opposing party for inspection."  *Id.* at 1130.  Apple's only
14 other objection to this exhibit is that it is "misleading in that it suggests Samsung maintains a
15 comprehensive set of these guidelines."  Gray Dec. ¶ 8.  Samsung disagrees that the exhibit is
16 misleading, and as the Court has ruled, a party "is free to argue that the compilations are
17 incomplete or misleading on rebuttal and cross."  Dkt. 1512 at 2 (overruling Samsung's objection
18 that Apple's compilation exhibits were misleading).

DATE: May 15, 2018

By  */s/ Victoria F. Maroulis*
John B. Quinn
William C. Price
Michael T. Zeller
Kevin P.B. Johnson
Victoria F. Maroulis

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC