UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO. LTD., et al.,<br><br>　　　　Defendants. | Case No. 11-CV-01846-LHK<br><br>**ORDER ON THIRD DAY HIGH PRIORITY OBJECTIONS AND REMAINING UNASSERTED PATENTS**<br><br>Re: Dkt. Nos. 3748, 3749, 3755 |

Apple has filed high priority objections to Samsung's third day witness disclosures, ECF No. 3748, and Samsung has filed responses, ECF No. 3749. Samsung has also filed high priority objections to Apple's third day cross-disclosures, ECF No. 3749, and Apple has filed responses, ECF No. 3748.

Samsung has also filed a notice specifying which unasserted patents it plans to use in its cross-examination of Dr. Kare and its direct examination of Mr. Lucente. ECF No. 3755.

After reviewing the parties' briefing, considering the record in the case and the Federal Rules of Evidence, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules as follows.

Samsung will be permitted to use the D'248 and D'160 with Dr. Kare and Mr. Lucente.

Samsung will be permitted to use the graph in DX4557 with Mr. Lucente.

## I.  Apple's Objections to Samsung's Third Day Witness Disclosures

| Samsung Exhibit | Court's Ruling on Objection |
|---|---|
| J. Kim DX526, DX684, SDX1105 | Apple conceded at the final pretrial conference that the F700 could come in as a non-infringing alternative.  ECF No. 3703 at 14:11-22.  The Court previously excluded testimony about the development story of the F700 under Federal Rule of Evidence 403, because the sponsoring witness offered by Samsung did not design any of the accused devices and was unaware that any of the accused devices were based on the F700 and because the Court was concerned that the testimony would cause the jury in 2013 to question the previous jury's validity finding.  The Federal Circuit affirmed this ruling.  *See Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1000-01 (Fed. Cir. 2015).  At the final pretrial conference on May 3, 2018, the Court again ruled that evidence of independent development would be excluded.  ECF No. 3703 at 16:1-14.  As a result, the objection to DX526 and SDX1105 is overruled insofar as DX526 will come in, but sustained to the extent that Samsung seeks to tell the story of the F700's development and whether Samsung's infringing products were based on the F700.  In other words, Samsung may only use the F700 as a non-infringing alternative.<br><br>With respect to DX684, the objection is also sustained in part and overruled in part.  Apple conceded at the May 3, 2018 pretrial conference that DX684 was previously admitted.  Samsung used the DX684 as a demonstrative in its opening statement.  Apple objected, and the Court overruled that objection.  In addition, DX684 was previously admitted based in part on Mr. Kim's testimony.  However, Mr. Kim was only asked one substantive question after the admission of DX684, which was "[I]n doing the work that you did in designing tablets for Samsung and smartphones for Samsung, at any time did you copy the work of any other smartphone manufacturer," to which Mr. Kim replied, "I have not."  ECF No. 1841 at 2821:1-5.  Accordingly, Samsung may use DX684, but Samsung may not elicit any independent development testimony. |
| Blackard DX4500 | Sustained. |
| Blackard DX4613 | Sustained as to the phones that were released prior to Mr. Blackard's employment with Samsung, overruled as to the remainder of the exhibit.  As noted with respect to DX526, above, the F700 previously was admitted into evidence solely as a non-infringing alternative.  This timeline's use of the F700 does not necessarily go beyond the limited purpose for which the F700 was admitted.  However, Samsung will not be permitted to elicit testimony related to the development of the F700 or whether Samsung's infringing products were based on the F700.  The use of the F700 is limited to its availability as a non-infringing alternative. |

| Han DX676 | Sustained. |
|---|---|
| D. Kim DX4511 | Overruled if Mr. Kim can lay a foundation for these documents and the source of these documents. |
| Sheppard DX676 | Sustained.  Mr. Sheppard is precluded from testifying about SEC-created financial data in DX676 pursuant to the Court's previous rulings, which were based on Mr. Sheppard's lack of personal knowledge as to SEC.  *See* ECF No. 1842 at 3007; ECF No. 2841 at 955-56. |
| Wang PX4522 | Overruled. |

## II.    Samsung's Objections to Apple's Third Day Cross-Disclosures

| Apple Exhibit | Court's Ruling on Objection |
|---|---|
| Denison testimony | Overruled. |
| Blackard PX40 | Overruled. |
| Blackard PX4038 | Overruled. |
| J. Kim JX1041-43 | Overruled. |
| Wang PX55 | Overruled. |
| Wang PX4061/PX4071 | Overruled. |

**IT IS SO ORDERED.**

Dated: May 15, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge