1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   John B. Quinn (Bar No. 90378)
2  johnquinn@quinnemanuel.com
   William C. Price (Bar No. 108542)
3  williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
4  michaelzeller@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Kathleen M. Sullivan (Bar No. 242261)
   kathleensullivan@quinnemanuel.com
8  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
9  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
10 555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
11 Telephone:  (650) 801-5000
   Facsimile:   (650) 801-5100
12

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16             UNITED STATES DISTRICT COURT

17         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 18  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 19           Plaintiff, | **SAMSUNG'S HIGH PRIORITY OBJECTIONS TO APPLE'S DAY 4 CROSS DISCLOSURES AND SAMSUNG'S RESPONSES TO APPLE'S OBJECTIONS REGARDING TRIAL DISCLOSURES FOR DENISON, LUCENTE AND WAGNER** |
| 20      vs. | |
| 21  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | |
| 22  ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | |
| 23  TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 24          Defendants. | |

Case No. 11-cv-01846-LHK
SAMSUNG'S HPOS TO DAY 4 CROSS DISCLOSURES AND RESPONSE TO APPLE'S OBJECTIONS

I.      **SAMSUNG'S HIGH PRIORITY OBJECTIONS TO APPLE'S DAY 4 WITNESS CROSS DISCLOSURES**

**Denison (PX62)**: This Samsung marketing document is irrelevant.  It details Samsung's marketing response to the iPhone 5, a phone model that post-dates the damage period and is not relevant to the issues in this trial.  *See* Dkt. 3673 at 2-3; Samsung's objections to Feb. 25, 2018 Speech of Justin Denison, *infra*).  The Court has held that, even if evidence of phone models and marketing post-dating the damages period were somehow relevant, such relevance would be substantially outweighed by the risk of confusing the issues, misleading the jury, wasting time, and unfair prejudice.  *Id.* at 3, FRE 403.  Any introduction of evidence about Samsung's marketing response to irrelevant phones would be misleading, unduly prejudicial, and a waste of time.

**Denison (PX196)**: Mr. Denison has no foundation to testify about this exhibit.  He has not authored, received, seen it, or even been questioned about it at his deposition.  Mr. Denison has no personal knowledge about this document.  Because Mr. Denison lacks personal knowledge about this document, Apple cannot satisfy FRE 602.  Dkt. 2736 at 2; Dkt. 2746 at 6.

**Denison (Video of February 25, 2018 Speech of Justin Denison)**: This video from 2018 discussing Samsung products from that time period is irrelevant to the issues in this trial.  It does not relate to the products at issue and in no way aids the jury's determination of the relevant article of manufacture.  Under the Court's Groundhog Day rule, the video is inadmissible.  Indeed, Apple already moved the Court on these grounds to exclude references to phone models, marketing, and advertisements that post-date the relevant damages period.  Dkt. 3648-3.  The Court agreed, finding that "these categories of evidence are not relevant to the retrial, which is limited to sales between 2010 and 2012."  Dkt. 3673 at 3.  The video must be excluded as irrelevant and in violation of the Court's order on Apple's MIL#3.  *Id.*  This same reasoning applies equally to a second video that Apple has improperly disclosed for Mr. Denison, titled "Video of August 2, 2016 Speech of Justin Denison."

**Lucente (*H-P Gets a Makeover*, WALL STREET JOURNAL (July 26, 2004); *Who Is Jonathan Ive?*, BLOOMBERG (September 24, 2006); *Function, Meet Form*, SAN JOSE**

**MERCURY NEWS (December 20, 2006))**: These articles, which purport to report on Mr. Lucente's work at Hewlett Packard, are inadmissible hearsay and should be excluded.  *See, e.g.*, *Asetek Danmark A/S v. CMI USA, Inc.*, 2014 WL 12644295, at *2 (N.D. Cal. Nov. 19, 2014) ("Statements reported in magazine articles and newspapers are hearsay if offered to prove the truth of the matter asserted.") (citing cases); *Brooks v. Haggett*, 2010 WL 4226693, at *3 (N.D. Cal. Oct. 21, 2010) ("Newspaper articles are hearsay under FRE 801(d) and are inadmissible unless they fall under an exemption to the hearsay rule.").   Apple's only intent could be to introduce the articles to establish the truth of statements attributed to Mr. Lucente in them, and thus Apple is relying on the truth of the matter asserted by an out-of-court declarant (the author of the article).

Even if these articles were offered for a permissible, non-hearsay purpose, the Court should exclude them because they pertain to collateral issues that will do nothing but confuse the jury over their task of identifying the articles of manufacture here.  *See, e.g.*, *United States v. Higa*, 55 F.3d 448, 452 (9th Cir. 1995) (district court has "broad discretion over whether to admit extrinsic evidence to rebut a witness' direct testimony, particularly on a matter collateral to the case") (internal quotation marks omitted).   The articles are from 2004 and 2006 and have nothing to do with smartphone products, much less the products at issue here or the new article of manufacture test the jury must apply.   Mr. Lucente's tenure and work at Hewlett Packard is simply the basis for establishing him as an expert in industrial and graphical user interface design; it has nothing to do with any issue the jury will decide.   Based on the rules governing high priority objections, Samsung is objecting to just three of the *eleven* articles Apple disclosed as part of a slideshow it intends to present with Mr. Lucente that will do nothing but confuse the jury.   Finally, Apple could have, but failed to, either produce these articles in litigation or identify them in interrogatory responses.

**Wagner (DX781 and JX1500 from 2012 trial)**:   The 2018 version of DX781 is Mr. Wagner's summary of his calculations of Samsung's profits on the entire phones.   The 2012 version looks similar, but includes information about irrelevant phone and tablet products not at issue in this trial, as well as various now-irrelevant notice date calculations.   Dec. Ex. 1 (redacted). The high possibility of the jury being confused by a similar looking damages summary from Mr.

Wagner, with dollar amounts for products not at issue here, renders the 2012 version of DX781 unduly confusing, misleading and extremely prejudicial.  The 2012 version of JX1500 (Dkt. 1597-1) includes revenues for phones and tablets not in the current trial, with total revenues far beyond the amounts at issue here.  It also includes revenues before the correct notice dates in violation of this Court's order.  Dkt. 2271 at 18.  Both 2012 exhibits are irrelevant, unduly confusing, misleading, and prejudicial.  FRE 402 & 403.

**Wagner (JX 1500C)**:  The new 1500C version is limited to the phones at issue, but violates the Court's order on notice dates (Dkt. 2271 at 18), and includes revenues nearly double of what Apple told the jury in opening.  C*ompare* JX1500C.2 *with* PDX 1.36 (Apple slide with accused revenue).  The prejudice is amplified by Apple's modification of the title to say "Sales of Infringing Smartphones."  It should likewise be excluded.  FRE 402 & 403.

## II. SAMSUNG'S RESPONSES TO APPLE'S OBJECTIONS REGARDING SAMSUNG'S DAY 4 WITNESS DISCLOSURES

**Denison (DX684)**: The Court overruled Apple's objections to DX684 as a demonstrative in Samsung's opening statement and further ruled on the substance of this objection—Samsung "may use DX684." Dkt. 3756 at 2.  Samsung's witnesses will lay foundation for this exhibit consistent with the Court's prior orders regarding scope.   Apple's objections are moot.

**Denison (DX4568)**: The Court has overruled Apple's objections to the materials contained in DX4568.  DX4568 is comprised entirely of excerpts from DX4511.   The Court has overruled Apple's objections to DX4511 (improper compilation and lacking foundation), which are the same objections Apple makes here.  Dkt. 3756 at 3.  Samsung's witnesses will lay foundation for this exhibit, which is a condensed version of the compilation of documents from Samsung's procurement department, showing images and specifications for components containing the articles of manufacture.   Apple's objections are moot here as well.

**Denison (DX4606)**: As it was when Apple made it as to DX4508, Apple's "improper compilation" objection (which the Court overruled, Dkt. 3756) is baseless here.   The Court has consistently overruled such objections (*see, e.g.*, Dkt. 3735 at 2 (overruling Dkt. 3730, at 2)), and has repeatedly admitted compilation exhibits into evidence on both sides (*see, e.g.*, Dkt. 2721, at 4 (overruling objection to summary exhibit PX26A); Dkt. 2645, at 3 (same); Dkt. 1749 at 5 (admitting compilation exhibit DX630 and noting that "Apple itself has introduced numerous summary exhibits pursuant to FRE 1006"); Dkt. 1520, at 1-2, 4 (admitting multiple compilations under FRE 1006).   Admission of the summary or compilation requires only that the underlying documents "(1) are admissible in evidence and (2) were made available to the opposing party for inspection."   *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011), quoted in Dkt. 1520, at 2.  The latter requirement is satisfied where the "underlying [document] is identified by Bates number" in the summary exhibit (Dkt. 1749 at 5), as is the case here.

This exhibit contains public websites and advertisements for Samsung phones.   The images shown are highly relevant to the prominence inquiry under Factor 2, in particular with regard to the D'305 patent.   Apple claims that its D'305 design is prominent in Samsung's

phones, including in advertisements, but Apple's expert Dr. Kare has failed to clarify the difference between Samsung's home screen and app tray in offering such opinions.  *See* Dkt. 3607 ¶ 95-96.   Evidence of (1) what Samsung's default home screen is and (2) the prevalence of Samsung's home screen in advertising is highly relevant to both the determination of the relevant article of manufacture for the D'305 and the computation of damages.

**Lucente (DX4562 and DX4563)**:   The Court has already ruled that this evidence can be used with Mr. Lucente.   Dkt. 3756 at 1-2.   Moreover, contrary to Apple's assertions, these patents were specifically disclosed in Mr. Lucente's report, both by Bates number in the body of the report (Dkt. 3601 at 27 n.32 (listing the range "SAMNDCA30011656 to SAMNDCA30011783," which encompasses both patents)), and in images in Exhibit 5 of Mr. Lucente's report (*see* Dkt. 3647-5 at 16, 22).

**Lucente (SDX1419, SDX1435)**:   Again, the Court has already ruled that Samsung can introduce evidence of non-infringing alternatives, including in particular the Galaxy Ace.   Dec. Ex. 2 at 331.   The slides have been updated to simply state "Non-Infringing Alternative" in accordance with the Court's direction, *id.*, which Samsung received after it had originally disclosed the slides.   Dec. Ex. 3.

**Lucente (SDX1422, SDX1434, SDX1436)**:   Again, the Court has already ruled that this evidence may be used with Mr. Lucente.   In particular, the Court allowed the use of analogies in opening statements, including the very oven analogy Apple now attacks, and permitted Samsung to tell the jury that Mr. Lucente would address this issue.   Dec. Ex. 2 at 346.   It would be highly prejudicial to now prohibit Mr. Lucente from addressing the issues, as Apple requests.   Moreover, admission of this evidence is entirely consistent with the Court's *Daubert* ruling with respect to Apple's expert, which permitted Mr. Ball's approach of "offer[ing] several examples of other products that, in his view and based on his experience as an industrial designer, contain designs that are conceptually distinct from the product as a whole," and then "compar[ing] the relationship between the D'087 and D'677 designs and the Samsung phones with those products."   Dkt. 3645 at 14.   If Mr. Ball can offer examples of products other than smartphones to illustrate his opinions

1  on Factor 3, the same must be true of Mr. Lucente, whose opinions were previously disclosed in

2  his report.  *E.g.*, Dkt. 3592-25, ¶ 267-268.

3  **Wagner (SDX 1729)**: Apple cannot dispute that Ms. Davis's estimated time to design

4  around the '381 patent is one month, nor that Ms. Davis's opinion of what Samsung would agree

5  to pay is $5,325,049.  Dkt. 2605-6, at 206; PX25K.4.  The slide therefore accurately presents her

6  opinions.  It is relevant and not misleading.

DATE: May 16, 2018                               By  */s/ Victoria F. Maroulis*
                                                     John B. Quinn
                                                     William C. Price
                                                     Michael T. Zeller
                                                     Kevin P.B. Johnson
                                                     Victoria F. Maroulis

                                                     Attorneys for SAMSUNG ELECTRONICS CO.,
                                                     LTD., SAMSUNG ELECTRONICS AMERICA,
                                                     INC. and SAMSUNG
                                                     TELECOMMUNICATIONS AMERICA, LLC