ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff Apple Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

APPLE INC., a California corporation,

        Plaintiff,

    vs.

SAMSUNG ELECTRONICS CO., LTD., a
Korean business entity; SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation; SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

        Defendants.

Case No. 11-cv-01846-LHK

**APPLE'S OBJECTIONS TO
SAMSUNG'S TRIAL DISCLOSURES
AND RESPONSES TO OBJECTIONS
REGARDING DENISON, LUCENTE,
AND WAGNER**

Apple's Objections to Samsung's Trial Disclosures and Responses To Objections Regarding Cross
Disclosures for Denison, Lucente, and Wagner
Case No. 11-cv-01846-LHK

1

## Apple's Objections to Samsung's Trial Disclosures

2 **Justin Denison**

3     **DX684:**  Apple objects to Mr. Denison's use of DX684 for lack of foundation and under

4 FRE 403.  In 2012, Samsung admitted that "it will require two witnesses to identify all the

5 foundation" for DX684.  Dkt. 1611 at 963:10-11.  Mr. Denison could only identify phones on

6 DX684.011 "that have all been commercially launched." *Id.* at 963:22-24.  Therefore, a second

7 witness was necessary to lay the proper foundation for the phones "in the upper left-hand

8 corner." *Id.* at 19-23; Dkt. 1841 at 2820:5-9.  Further, Samsung has made its intent with respect

9 to this exhibit clear through its repeated attempts to introduce and argue independent

10 development.  Mr. Denison, a fact witness, has not disclosed any opinions regarding viable non-

11 infringing alternatives, and any testimony to that effect would be improper expert opinion.

12     **DX4568:**  Apple objects to Mr. Denison's use of this compilation of "Specifications for

13 Approval" for lack of foundation and under FRE 403.  The documents in DX4568 are primarily

14 in Korean, which Mr. Denison does not speak.  Ex. A at 20:19-22.  And this compilation—

15 presumably created by counsel—includes an argumentative index describing the documents

16 using terms that correspond to Samsung's alleged articles of manufacture, such as "window

17 glass" and "display screen," even though those words do not appear anywhere in the actual

18 documents.  The admission of this document, including annotations clearly intended to suggest

19 that "window glass" and "display screens" are separate components referred to as such in the

20 ordinary course of business within Samsung, would be misleading and prejudicial.

21     **DX4606:**  Apple objects to DX4606 as an improper compilation and under FRE 403.

22 DX4606 is a 122-page collection of ads and phone images that have been clipped from various

23 sources, reformatted, and annotated—presumably by counsel.  Apple has had no opportunity to

24 inquire about its creation and its annotations are misleading and prejudicial.  For example,

25 DX4606.006 contains images of at least eight smartphones, but has been labeled "Captivate."

26 **Sam Lucente**

27     **DX4652 & DX4653:**  Apple objects to use of these unasserted patents with Mr. Lucente

28 because they are outside the scope of his report.  After disclosing to Apple ***all*** the unasserted

1  patents it identified in last week's filing (Dkt. 3711)—and then some—for use with Mr. Lucente,

2  Samsung yesterday identified DX4652 and DX4653 as among the exhibits it actually intends to

3  use with Mr. Lucente.[1]  While the Court has denied Apple's request that these unasserted patents

4  be excluded under FRE 403 (Dkt. 3756), Apple respectfully requests reconsideration of the

5  Court's ruling that Samsung can use these patents **with Mr. Lucente**.  These patents are not

6  expressly cited, referenced, or relied upon in Mr. Lucente's report.  Dkt. 3592-25.  They appear

7  only among the over 50 design patents catalogued in Exhibit 5 to that report.  Dkt. 3647-05.  But

8  Exhibit 5 only excerpts content from these patents; it does not disclose any opinion from Mr.

9  Lucente regarding these patents and does not constitute "sufficiently meaningful reference to

10  warrant [] reliance" on this document during his testimony.[2]  Dkt. 2575 at 9 (precluding reliance

11  on document cited only in materials considered list).  Allowing Mr. Lucente to testify regarding

12  these patents when Apple has had no meaningful opportunity to take discovery regarding his yet-

13  to-be-disclosed opinions about them would be prejudicial.

14        **SDX1419 & SDX1435:** The Court has ruled twice in the past week that Samsung may

15  not emphasize prior verdicts of non-infringement or attempt to reargue invalidity and non-

16  infringement.  Dkt. 3734 at 2; Tr. 5/15/18 at 331 ("I did sustain the objections to those slides,

17  which is why I'm disappointed that—disappointed that you're doing it anyway.").  SDX1419 is

18  nearly identical to excluded SDX8 (with additional notations making Samsung's focus on the

19  prior non-infringement verdict even clearer), and SDX1435 is a slightly repackaged version of

20  excluded SDX2.  Both should be excluded (as were their predecessors) under FRE 403.

21        **SDX1422, SDX1434 & SDX1436:** These slides run afoul of the Court's rulings that

22  Samsung and Mr. Lucente may not make arguments to the jury about case law or the United

23  States' amicus brief.  Dkt. 3734 at 2; Dkt. 3673 at 4-5; Dkt. 3645 at 11.  Like the already

24  excluded SDX21-24, these slides depict products (a piano, an oven, a plate, and a book)

---

[1]     Due to the timing of this disclosure and the Court's prompt ruling, Apple did not have the
opportunity to address its objection to these exhibits as they specifically relate to Mr. Lucente.
[2]     Despite the Court's clear request that Samsung identify the complete universe of
unasserted patents it will seek to use, Samsung continues to "reserve[] the right to identify other
unasserted patents." Dkt. 3755.  Should Samsung seek leave to use any such patents, Apple
requests the opportunity to be heard regarding the admissibility of those exhibits.

1  discussed in Mr. Lucente's report *only* in connection with the United States' brief and/or case

2  law.  Dkt. 3592-25 ¶¶ 37, 41, 149, 223.  There has been no determination as to the "article of

3  manufacture" for any of these products, no disclosure of any hypothetical patented design, nor

4  evidence of the prominence, conceptual distinctness or separability of any hypothetical patented

5  design, and the use of such incomplete hypotheticals would be misleading and prejudicial since it

6  is clear that the intent of these slides is to suggest a product may be an article of manufacture

7  only if it is comprised of a single component.

8  **Michael Wagner**

9      **SDX1729:**  Apple objects that Samsung's portrayal of Ms. Davis's reasonable royalty

10  opinion does not "accurately reflect the underlying opinion of Ms. Davis," as required by the

11  Court.  Dkt. 3750 at 2.  SDX1729 presents a confusing and prejudicial comparison between two

12  different methodologies used by Ms. Davis.  On the left, Samsung identifies Ms. Davis's one-

13  month design-around assumption for the '381 patent, which Ms. Davis adopted under her "cost

14  approach."  Dkt. 3593-04 at Ex. 39.3-R.  On the right, Samsung identifies Ms. Davis's total

15  reasonable royalty calculation, which derives from a per-unit royalty rate derived from her

16  "income method" approach (multiplied by the infringing units).  *Id.* at Ex. 46-R.  The inference

17  Samsung hopes the jury will make is that Ms. Davis calculated a $5,325,049 lump sum royalty

18  amount ***based on*** her assumption that Samsung could design around in less than a month.  This

19  misleading implication is reinforced by the comparison on SDX1728—the immediately

20  preceding slide—presenting Mr. Wagner's opinion that ***because*** he assumed Samsung could

21  design around the '381 patent in "four weeks and three days," Samsung would agree to pay a

22  lump sum of only $11,340.  Samsung should not be permitted to mislead the jury into believing

23  that Ms. Davis calculated a $5,325,049 amount based on a one-month design around period.

24      **Apple's Responses to Samsung's Objections to Apple's Cross Disclosures**

25  **Justin Denison**

26      **PX62:**  This document, which is probative of demand for Apple's products and

27  Samsung's strategy to counter this demand by competing with Apple, was admitted in 2012

28

1    (through Mr. Denison) (Dkt. 1610 at 816:19-21) and 2013 (Dkt. 2843 at 1108:16-18).  It remains

2    relevant to issues including *Georgia-Pacific* Factors 5 and 8-11, and should again be admitted.

3        **PX196:** This Samsung document, which discusses the importance of design to the

4    smartphone market and includes praise for the iPhone's design, is relevant to Factor 2 of the

5    AOM test and demand for the patented products.  PX196 is also a business record and admissible

6    through Mr. Denison.  FRE803(6).

7        **PX4074 (Video of Feb. 25, 2018 Speech):**  Apple will only use PX4074 for purposes of

8    impeachment and intends to show only limited portions of these clips related to Mr. Denison's

9    statements on design to the extent necessary. This video does not fall within the scope of the

10   Court's ruling on Apple's MIL #3, and Apple will not offer the video into evidence in any event.

11   **Sam Lucente**

12       ***HP Gets a Makeover***; ***Who Is Jonathan Ive?***; ***Function, Meet Form*** **(within PX4073):**

13   As Apple has represented to Samsung, it will seek to use these documents only for impeachment.

14   Prior inconsistent statements to impeach a witness' credibility are not hearsay because they are

15   not introduced to prove the truth of the matter asserted. Fed. R. Evid. 803(c); *Ostad v. Oregon*

16   *Health Scis. Univ.*, 327 F.3d 876, 886 (9th Cir. 2003).  These articles, which contain statements

17   by Mr. Lucente, are not being offered into evidence or for the truth of Mr. Lucente's prior

18   statements; they will only be used to show any inconsistency in Mr. Lucente's views on design.

19   *United States v. Bao*, 189 F.3d 860, 865–866 (9th Cir. 1999) ("A basic rule of evidence provides

20   that prior inconsistent statements may be used to impeach the credibility of a witness.").

21   **Michael Wagner**

22       **DX781:**  DX781 is relevant and is admissible to impeach Mr. Wagner's self-serving

23   change of damages methodologies between 2012 and the present trial.  DX781 was admitted into

24   evidence during the 2012 trial after being offered ***by Samsung*** and relied on by Mr. Wagner for

25   his damages calculations.  Dkt. 1889 at 12; Dkt. 1842 at 3031-3032.  In advance of the 2013

26   damages trial, Mr. Wagner adopted a new methodology used to calculate Samsung's "total

27   profit" that lowered his damage calculation for the same products and same notice periods.  The

28   Court has permitted this new methodology (Dkt. 2575 at 11), and Apple was permitted to cross

1    examine Mr. Wagner regarding the change in methodologies and specifically the fact that "in the

2    first trial, the method [he] testified about was the $70 million number," whereas he gave the 2013

3    jury a "$52 million number."  Dkt. 2843 at 1117.  Apple should be allowed to explore a similar

4    line of examination now, for which the original version of DX781 is relevant.  Apple is willing

5    to redact DX781 to exclude calculations for different notice dates and products not at issue.

6         **JX1500C:**  Samsung previously stipulated to the creation and admission of JX1500.  Dkt.

7    1597 at 3 ("Neither party will object to the admission of JX1500 into evidence.").  Both Ms.

8    Davis and Mr. Wagner relied on JX1500, which the Court admitted in 2012 and 2013.  Dkt. 1839

9    at 2041; Dkt. 2840 at 636.  Samsung now moves to exclude any and all potential use of

10   JX1500C, which uses the same data limited to the products in this trial, with Mr. Wagner on the

11   ground that it shows sales and revenue before the relevant notice dates and includes amounts

12   unrelated to design damages.  The Court rejected this argument in 2013.  Dkt. 2645 at 3:14 ("The

13   Court also DENIES Samsung's motion to strike the pre-notice sales information in PX 1500A

14   for products at issue in the retrial.").  The Court rejected this argument again in 2016.  Dkt. 3447

15   at 3 (stating that "a blanket advance ruling prohibiting any reference to Samsung's total

16   infringing revenue is not appropriate," but allowing Samsung to "raise specific objections to use

17   of Samsung's total infringing revenue or total profits (such as objectionable comparisons of

18   Samsung's total infringing revenue to Apple's damages) at trial").  Consistent with Apple's

19   opening statement, Apple has not made any objectionable comparisons between the total

20   infringing revenue in JX1500C and Apple's damages, and intends to use JX1500C in the same

21   way Ms. Davis used JX1500A2 at the 2013 trial.  Dkt. 2480 at 636.

22        **JX1500:**  The Court should overrule Samsung's objection to JX1500.  JX1500 contains

23   sales data for products, such as the Galaxy Ace, that Samsung and Mr. Wagner have asserted are

24   available non-infringing alternatives to Apple's patented designs and patented software features.

25   *See* SDX1722; *see also* Ex. B (disclosing JX1030 (Galaxy Ace)).  Apple will rebut the claim by

26   showing that Samsung's alleged non-infringing alternatives did not succeed in the United States

27   market, as reflected in Samsung's own sales data.  *See* JX1500 at 1 (zero sales of the Galaxy Ace

28   in the United States).

1

2

3  Dated: May 16, 2018

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Mark D. Selwyn
Mark D. Selwyn (SBN 244180)

*Attorney for Plaintiff Apple Inc.*

1

## **CERTIFICATE OF SERVICE**

2      The undersigned hereby certifies that a true and correct copy of the above and foregoing

3   document has been served on May 16, 2018, to all counsel of record who are deemed to have

4   consented to electronic service via the Court's CM/ECF system.

5

6                                    */s/ Mark D. Selwyn*
                                     Mark D. Selwyn

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28