UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

APPLE INC.,

      Plaintiff,

    v.

SAMSUNG ELECTRONICS CO. LTD.,
et al.,

      Defendants.

Case No. 11-CV-01846-LHK

**REVISED TENTATIVE FINAL JURY INSTRUCTIONS (ANNOTATED)**

      Attached as Exhibit A are the Court's revised tentative final jury instructions.  The parties' previous objections are deemed preserved for the purposes of appeal.  The parties shall file any other comments to these tentative final jury instructions by 1:00 p.m. on May 17, 2018.

**IT IS SO ORDERED.**

Dated: May 16, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

1
2
3
4
5
6
7

# EXHIBIT A

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

United States District Court
Northern District of California

28  Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**GENERAL CIVIL INSTRUCTIONS**

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

# FINAL JURY INSTRUCTION NO. 1

## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:**

Final Jury Instruction No. 1 (ECF No. 2784 at 6); Tentative Preliminary Jury Instruction No. 1 (ECF No. 3442 at 1); Ninth Circuit Model Civil Jury Instruction No. 1.4 (Mar. 2018 ed.)

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

**FINAL JURY INSTRUCTION NO. 2**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:**

Final Jury Instruction No. 2 (ECF No. 2784 at 7); Tentative Preliminary Jury Instruction No. 2 (ECF No. 3442 at 9); Ninth Circuit Model Civil Jury Instruction No. 1.6 (Mar. 2018 ed.)

United States District Court
Northern District of California

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

**FINAL JURY INSTRUCTION NO. 3**

**WHAT IS EVIDENCE**

The trial is now over.  The evidence you are to consider in deciding what the facts are consists of:

      1.     the sworn testimony of any witness;

      2.     the exhibits which are admitted into evidence; and

      3.     any facts to which the lawyers have agreed.

**Source:**

Final Jury Instruction No. 3 (ECF No. 2784 at 8); Tentative Preliminary Jury Instruction No. 3 (ECF No. 3442 at 10); Ninth Circuit Model Civil Jury Instruction No. 1.9 (Mar. 2018 ed.)

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

# FINAL JURY INSTRUCTION NO. 4

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits that were received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they said in their opening statements and throughout the trial, and what they will say in their closing arguments or at other times are all intended to help you interpret the evidence.  But these arguments and statements are not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Source:**

Final Jury Instruction No. 4 (ECF No. 2784 at 9); Tentative Preliminary Jury Instruction No. 4 (ECF No. 3442 at 11); Ninth Circuit Model Civil Jury Instruction No. 1.10 (Mar. 2018 ed.)

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**FINAL JURY INSTRUCTION NO. 5**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may have been admitted for a limited purpose only.  You must consider it only for that limited purpose and for no other purpose.

**Source:**

Final Jury Instruction No. 5 (ECF No. 2784 at 10); Tentative Preliminary Jury Instruction No. 5 (ECF No. 3442 at 12); Ninth Circuit Model Civil Jury Instruction No. 1.11 (Mar. 2018 ed.)

6

**FINAL JURY INSTRUCTION NO. 6**

**CHARTS AND SLIDES NOT RECEIVED IN EVIDENCE**

Certain charts and slides not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and slides are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Source**:

Final Jury Instruction No. 6 (ECF No. 2784 at 11); Tentative Jury Instruction No. 6 (ECF No. 3442 at 13); Ninth Circuit Model Civil Jury Instruction No. 2.14 (Mar. 2018 ed.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## FINAL JURY INSTRUCTION NO. 7

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Source**:

Final Jury Instruction No. 7 (ECF No. 2784 at 12); Tentative Jury Instruction No. 7 (ECF No. 3442 at 14); Ninth Circuit Model Civil Jury Instruction No. 2.15 (Mar. 2018 ed.)

8

# FINAL JURY INSTRUCTION NO. 8

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Source:**

Final Jury Instruction No. 8 (ECF No. 2784 at 13); Tentative Jury Instruction No. 8 (ECF No. 3442 at 15); Ninth Circuit Model Civil Jury Instruction No. 1.12 (Mar. 2018 ed.)

# FINAL JURY INSTRUCTION NO. 9

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case, if any;

5.      the witness's bias or prejudice, if any;

6.      whether other evidence contradicted the witness's testimony;

7.      the reasonableness of the witness's testimony in light of all the evidence; and

8.      any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much

10

United States District Court
Northern District of California

1   weight you think their testimony deserves.

2

3   **Source:**

4   Final Jury Instruction No. 9 (ECF No. 2784 at 14); Tentative Jury Instruction No. 9 (ECF No.

5   3442 at 16); Ninth Circuit Model Civil Jury Instruction No. 1.14 (Mar. 2018 ed.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

1
2

# FINAL JURY INSTRUCTION NO. 10

## IMPEACHMENT EVIDENCE–WITNESS

The evidence that a witness lied under oath or gave different testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Source:**

Final Jury Instruction No. 10 (ECF No. 2784 at 15); Tentative Jury Instruction No. 10 (ECF No. 3442 at 17); Ninth Circuit Model Civil Jury Instruction No. 2.9 (Mar. 2018 ed.)

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**FINAL JURY INSTRUCTION NO. 11**

**TAKING NOTES**

You may have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Source:**

Final Jury Instruction No. 11 (ECF No. 2784 at 16); Tentative Jury Instruction No. 11 (ECF No. 3442 at 18); Ninth Circuit Model Civil Jury Instruction No. 1.18 (Mar. 2018 ed.)

13

1
2

**FINAL JURY INSTRUCTION NO. 12**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

3          You heard some witnesses testify by deposition.  A deposition is the sworn testimony of a

4    witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each

5    party may ask questions.  The questions and answers are recorded.

6          Insofar as possible, you should consider deposition testimony, presented to you in court in

7    lieu of live testimony, in the same way as if the witness had been present to testify.

8

9    **Source:**

10   Final Jury Instruction No. 12 (ECF No. 2784 at 17); Tentative Jury Instruction No. 12 (ECF No.

11   3442 at 19); Ninth Circuit Model Civil Jury Instruction No. 2.4 (Mar. 2018 ed.)

United States District Court
Northern District of California

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# FINAL JURY INSTRUCTION NO. 13

## USE OF INTERROGATORIES OF A PARTY

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the trial in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Source:**

Final Jury Instruction No. 13 (ECF No. 2784 at 18); Tentative Jury Instruction No. 13 (ECF No. 3442 at 20); Ninth Circuit Model Civil Jury Instruction No. 2.11 (Mar. 2018 ed.)

15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**FINAL JURY INSTRUCTION NO. 14**

**EXPERT OPINION**

Some witnesses, because of education or experience, were permitted to state opinions and the reasons for those opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source:**

Final Jury Instruction No. 14 (ECF No. 2784 at 19); Tentative Jury Instruction No. 14 (ECF No. 3442 at 21); Ninth Circuit Model Civil Jury Instruction No. 2.13 (Mar. 2018 ed.)

16

1
2

**FINAL JURY INSTRUCTION NO. 15**

**EVIDENCE SEALED FROM THE PUBLIC**

3      Some evidence may be sealed from the public because it contains highly confidential

4  business information of the parties.  You must not draw any inferences about the nature of the

5  evidence or give any greater or lesser weight to the evidence based on whether it was sealed.

6

7  **Source:**

8  Final Jury Instruction No. 35 (ECF No. 2784 at 47); Tentative Final Jury Instruction No. 35 (ECF

9  No. 3442 at 51)

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

17

# FINAL JURY INSTRUCTION NO. 16

## USE OF DEVICES DURING DELIBERATIONS

### Device Handling Directions

The physical devices you received are evidence in this trial.

You may use them in your deliberations, and may connect to the Internet through the Web Browser application, but must not alter or modify the devices in any way. You also must not use the Internet to research the case.

Some of the devices have SIM cards in their packaging.  These SIM cards are not to be inserted into the phones.

Some of the devices have a mobile data connection, and you will not need to take any additional action to use the Web Browser application.

Others must first be connected to the Court's Wi-Fi network to access the Internet.

Once connected, you must decline any software update notifications that may be presented to you.

You also must not download any content, such as apps, music, photographs, or games, to the devices.

1    *Connecting to the Internet*

2        To connect a device to the Court's Wi-Fi network, select "USDCSJ01" from the list of

3    available wireless networks, as depicted below.



16       From the Applications menu, select the Web Browser application.



Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

4

5

6

7

8

9

10

11

12

13

14

15

17

18

19

20

21

22

23

24

25

26

27

28

1          From the Court's Wi-Fi log in page, scroll to the bottom and click on the blue "Connect!"

2    button.



Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

*Declining System Update Notifications*

Some devices may display a "System update" notification like the ones below.

 

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California



If you see such a screen, you must decline the request to update the system.  Select "Install later" or press the "home" or "back" button to exit the notification screen.



**Source:**

Final Jury Instruction No. 15 (ECF No. 2784 at 20-24); Tentative Jury Instruction No. 15 (ECF No. 3442 at 22-26)

United States District Court
Northern District of California

United States District Court
Northern District of California

**FINAL JURY INSTRUCTION NO. 17**

**PATENTS—IN GENERAL**

This case involves disputes relating to United States utility and design patents.  Before summarizing the positions of the parties and the legal issues involved in the dispute, let me take a moment to explain again what patents are and how they are obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO").  There are two basic types of patents in the United States:  utility patents and design patents.  In general terms, a "utility patent" protects the way an article is used and works.  It also protects a method or process of making or doing something.  On the other hand, a "design patent" protects the way an article looks.  A design patent protects the ornamental design of an article of manufacture.  "Ornamental design" means the shape of the design and/or the surface decoration on the design.

A valid United States patent gives the patent owner the right to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, during the term of the patent without the patent holder's permission.  A violation of the patent owner's rights is called infringement.

A patent includes what is called a "specification." For a utility patent, the specification must contain a written description of the claimed invention telling what the invention is, how it works, how to make it and how to use it so others skilled in the field will know how to make or use it.  The specification concludes with one or more numbered sentences.  These are the patent "claims." When the patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

For a design patent, the specification must contain one or more drawings of the designs as well as a description of the drawings, and it serves as a single claim.  The "claim" for design patents generally refers to the drawings and how they are described.

**Source:**

23

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

1   Preliminary Jury Instruction No. 18 (ECF No. 2716 at 19); Tentative Preliminary Jury Instruction

2   No. 18 (ECF No. 3441 at 19-20); United States District Court for the Northern District of

3   California Model Patent Jury Instruction No. A.1 (Aug. 2017 ed.)

United States District Court
Northern District of California

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL JURY INSTRUCTION NO. 18**

**SUMMARY OF CONTENTIONS**

I will now summarize for you each side's positions on the issues you must decide.

During a prior proceeding a jury found that Samsung's 18 products at issue in this trial infringed one or more of the following Apple patents: U.S. Patent Nos. 7,469,381; 7,864,163; D618,677; D593,087; and D604,305.  The jury also found these patents valid.  These prior findings are reflected in the chart on the next page.

Apple seeks money damages for Samsung's sales of 16 of these 18 products.  Apple does not seek damages on the Galaxy S (i9000) or the Galaxy S II (i9100).

Samsung disputes the amount of damages Apple claims.

Your sole job in this trial is to determine the amount of damages to be awarded to Apple.

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

| Infringing Products | Utility Patents | | Design Patents | | |
|---|---|---|---|---|---|
| | '163 | '381 | D'305 | D'677 | D'087 |
| 1 Captivate | | x | x | | |
| 2 Continuum | | x | x | | |
| 3 Droid Charge | x | x | x | | |
| 4 Epic 4G | x | x | x | | |
| 5 Fascinate | x | x | x | x | |
| 6 Galaxy S 4G | x | x | x | x | x |
| 7 Galaxy S (i9000) | x | x | x | x | x |
| 8 Galaxy S II (i9100) | x | x | | x | |
| 9 Galaxy S II (AT&T) | x | x | | x | |
| 10 Galaxy S II (Epic 4G Touch) | | | | x | |
| 11 Galaxy S II (Skyrocket) | | | | x | |
| 12 Galaxy S II (T-Mobile) | x | | | x | |
| 13 Galaxy S Showcase | | | x | x | |
| 14 Gem | | x | x | | |
| 15 Indulge | | x | x | | |
| 16 Infuse 4G | x | x | x | x | |
| 17 Mesmerize | x | x | x | x | |
| 18 Vibrant | | x | x | x | x |

**Source:**

Final Jury Instruction No. 16 (ECF No. 2784 at 25); Case Management Order at 2 (ECF No. 3272); Tentative Jury Instruction No. 16 (ECF No. 3442 at 27); Samsung's Proposed Final Jury Instruction No. 21 (ECF No. 3672-2 at 32); Preliminary Jury Instruction No. 21 (ECF No. 3690 at 25).

26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

27

1
2

# FINAL JURY INSTRUCTION NO. 19
## DUTY TO DELIBERATE

3
4

Before you begin your deliberations, elect one member of the jury as your presiding juror. That person will preside over the deliberations and serve as the spokesperson for the jury in court.

5
6

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

7
8

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

9
10
11
12
13

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

14
15

**Source:**

16
17
18

Final Jury Instruction No. 17 (ECF No. 2784 at 26); Tentative Jury Instruction No. 17 (ECF No. 3442 at 28); Ninth Circuit Model Civil Jury Instruction No. 3.1 (Mar. 2018 ed.)

19
20
21
22
23
24
25
26
27
28

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**FINAL JURY INSTRUCTION NO. 20**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Bailiff, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Source:**

Final Jury Instruction No. 18 (ECF No. 2784 at 27); Tentative Jury Instruction No. 18 (ECF No. 3442 at 29); Ninth Circuit Model Civil Jury Instruction No. 3.3 (Mar. 2018 ed.)

29

1

2

**FINAL JURY INSTRUCTION NO. 21**

**RETURN OF VERDICT**

3    A verdict form has been prepared for you.  After you have reached unanimous agreement

4  on a verdict, your presiding juror should complete the verdict form according to your

5  deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

6

7

**Source:**

8

9  Final Jury Instruction No. 19 (ECF No. 2784 at 28); Tentative Jury Instruction No. 19 (ECF No.

10  3442 at 30); Ninth Circuit Model Civil Jury Instruction No. 3.5 (Mar. 2018 ed.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**UTILITY PATENT JURY INSTRUCTIONS**

31

# FINAL JURY INSTRUCTION NO. 22

## UTILITY PATENTS—INTERPRETATION OF CLAIMS

A patent's claims define what is covered by the patent.  Utility patent claims are numbered sentences at the end of the patent that describe the boundaries of the patent's protection.  It is my job as judge to explain to you the meaning of any language in the claims that needs interpretation.

I have interpreted the meaning of some of the language in the utility patent claims involved in this case. You must accept those interpretations as correct.  For claim language where I have not provided you with any meaning, you should apply the claim language's plain and ordinary meaning.

- **U.S. Patent No. 7,469,381, Claim 19**

The term "displaying" means "showing or revealing to the viewer."

The term "electronic document" means "a document stored in a digital format."  An "electronic document" includes, but is not limited to, a web page; a digital image; a word processing, spreadsheet or presentation document; or a list of items in a digital format.  An electronic document need not be stored in a single file.

The term "first direction" does not require a strictly linear finger movement.

The term "edge of the electronic document" has its plain and ordinary meaning.  An edge of an electronic document is not limited to an external edge and may be internal.

- **U.S. Patent No. 7,864,163, Claim 50**

The Court has not interpreted any terms from this patent.

**Source:**

Final Jury Instruction No. 20 (ECF No. 2784 at 30); Tentative Jury Instruction No. 20 (ECF No. 3442 at 32)

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**FINAL JURY INSTRUCTION NO. 23**

**UTILITY PATENT DAMAGES—BURDEN OF PROOF**

I will instruct you about the measure of damages for utility patent infringement.

You must determine the amount of money damages to award to Apple for Samsung's infringement.  The amount of those damages must be adequate to compensate Apple for the infringement.  You should keep in mind that the damages you award are meant to compensate Apple and not to punish Samsung.

Apple has the burden to persuade you of the amount of its damages.  You should award only those damages that Apple proves it suffered by a preponderance of the evidence.  While Apple is not required to prove its damages with mathematical precision, it must prove them with reasonable certainty.  Apple is not entitled to damages that are remote or speculative.

**Source:**

Final Jury Instruction No. 21 (ECF No. 2784 at 31); Tentative Jury Instruction No. 21 (ECF No. 3442 at 33); U.S. District Court for the Northern District of California Model Patent Jury Instruction No. 5.1 (Jan. 2018 ed.)

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

**FINAL JURY INSTRUCTION NO. 24**

**UTILITY PATENT DAMAGES—REASONABLE ROYALTY—DEFINITION**

Apple is entitled to a reasonable royalty for the infringement of its utility patents.  A royalty is a payment made to a patent holder in exchange for the right to make, use or sell the claimed invention.  This right is called a "license."  A reasonable royalty is the payment for the license that would have resulted from a hypothetical negotiation between the patent holder and the infringer taking place at the time when the infringing activity first began. In considering the nature of this negotiation, you must assume that the patent holder and the infringer would have acted reasonably and would have entered into a license agreement.  You must also assume that both parties believed the patent was valid and infringed.  Your role is to determine what the result of that negotiation would have been.  The test for damages is what royalty would have resulted from the hypothetical negotiation and not simply what either party would have preferred.

A royalty can be calculated in several different ways and it is for you to determine which way is the most appropriate based on the evidence you have heard.

One way to calculate a royalty is to determine what is called an "ongoing royalty."  To calculate an ongoing royalty, you must first determine the "base," that is, the product on which the infringer is to pay.  You then need to multiply the revenue the defendant obtained from that base by the "rate" or percentage that you find would have resulted from the hypothetical negotiation. For example, if the patent covers a nail, and the nail sells for $1, and the licensee sold 200 nails, the base revenue would be $200. If the rate you find would have resulted from the hypothetical negotiation is 1%, then the royalty would be $2, or the rate of .01 times the base revenue of $200. These numbers are only examples, and are not intended to suggest the appropriate royalty rate.

If the patent covers only part of the product that the infringer sells, then the base would normally be only that feature or component.  For example, if you find that for a $100 car, the patented feature is the tires which sell for $5, the base revenue would be $5.

34

Instead of a percentage royalty, you may decide that the appropriate royalty that would have resulted from a hypothetical negotiation is a fixed number of dollars per unit sold.  If you do, the royalty would be that fixed number of dollars times the number of units sold.

In this case, the utility patents cover only some features of the products that Samsung sold. It is Apple's burden to demonstrate what value those features have added to the desirability of the product as a whole and to separate the value of the patented contribution from the value of other parts of the product that are not attributable to the patented invention.

The ultimate combination of royalty base and royalty rate for the utility patents must reflect the value attributable to the infringing features of the product, and no more.  When the infringing products have both patented and unpatented features, measuring this value requires you to identify and award only the value of the patented features.

Another way to calculate a royalty is to determine a one-time lump sum payment that the infringer would have paid at the time of the hypothetical negotiation for a license covering all sales of the licensed product both past and future.  This differs from payment of an ongoing royalty because, with an ongoing royalty, the licensee pays based on the revenue of actual licensed products it sells.  When a one-time lump sum is paid, the infringer pays a single price for a license covering both past and future infringing sales.

In determining a reasonable royalty, you may consider the following factors:

1.      The royalties received by the patentee for the licensing of the patent-in-suit, proving or tending to prove an established royalty.

2.      The rates paid by the licensee for the use of other patents comparable to the patent-in-suit.

3.      The nature and scope of the license, as exclusive or nonexclusive, or as restricted or nonrestricted in terms of territory or with respect to whom the manufactured product may be sold.

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

4. The licensor's established policy and marketing program to maintain his or her patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

5. The commercial relationship between the licensor and licensee, such as whether they are competitors in the same territory in the same line of business, or whether they are inventor and promoter.

6. The effect of selling the patented specialty in promoting sales of other products of the licensee, the existing value of the invention to the licensor as a generator of sales of his nonpatented items, and the extent of such derivative or convoyed sales.

7. The duration of the patent and the term of the license.

8. The established profitability of the product made under the patents, its commercial success, and its current popularity.

9. The utility and advantages of the patented property over the old modes or devices, if any, that had been used for working out similar results.

10. The nature of the patented invention, the character of the commercial embodiment of it as owned and produced by the licensor, and the benefits to those who have used the invention.

11. The extent to which the infringer has made use of the invention and any evidence probative of the value of that use.

12. The portion of the profit or of the selling price that may be customary in the particular business or in comparable business to allow for the use of the invention or analogous inventions.

13. The portion of the realizable profits that should be credited to the invention as distinguished from nonpatented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

14. The opinion and testimony of qualified experts.

36

15.    The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

It is up to you, based on the evidence, to decide what type of royalty is appropriate in this case.

**Source:**

Final Jury Instruction No. 27 (ECF No. 2784 at 37-38); Tentative Jury Instruction No. 27 (ECF No. 3442 at 39-41); U.S. District Court for the Northern District of California Model Patent Jury Instruction No. 5.7 (Jan. 2018 ed.); *Garretson v. Clark*, 111 U.S. 120, 121 (1884); *Ericsson, Inc. v. D-Link Sys.*, 773 F.3d 1201, 1228 n.5 (Fed. Cir. 2014); *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1326-27 (Fed. Cir. 2014)

United States District Court
Northern District of California

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

37

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## FINAL JURY INSTRUCTION NO. 25

## UTILITY PATENT DAMAGES—DATE OF COMMENCEMENT

Damages that Apple may be awarded by you commence on the date that Samsung has both infringed and been notified of the patent or patents Samsung infringed.  You may not award Apple damages for infringing a patent before Samsung had notice of Apple's claim of infringement of that patent.  I have determined that Samsung received notice of Apple's claim of infringement for the '381 patent on August 4, 2010 and for the '163 patent on June 16, 2011.

**Source:**

Final Jury Instruction No. 28 (ECF No. 2784 at 39); Tentative Jury Instruction No. 28 (ECF No. 3442 at 42); Order Re: Damages (ECF No. 2771 at 18); U.S. District Court for the Northern District of California Model Patent Jury Instruction No. 5.9 (Jan. 2018 ed.)

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

1
2
3
4
5
6
7
8     **DESIGN PATENT JURY INSTRUCTIONS**
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

United States District Court
Northern District of California

### FINAL JURY INSTRUCTION NO. 26

### DESIGN PATENTS—INTERPRETATION OF PATENT CLAIMS

Design patents protect the ornamental appearance, including shape or configuration, of an article of manufacture.  Design patents do not protect the functional aspects of how the article claimed in the patent works.

Unlike utility patents, a design patent can only have one claim.  That claim covers all the figures in the patent.  It is permissible to illustrate more than one embodiment of a design in a single design patent application.  Each design patent contains multiple drawings to illustrate the claimed design.  The scope of the claim encompasses the design's visual appearance as a whole.  It does not cover a general design concept, and is not limited to isolated features of the drawings.  All matter depicted in solid lines contributes to the overall appearance of the design.

It is my job as a judge to interpret for you what is claimed by the patents.  You must accept my interpretations as correct.  My interpretation of the claims should not be taken as an indication that I have a view regarding the identification of the articles of manufacture for the purposes of awarding Samsung's profits, which I will explain in more detail in Instructions 27-28.  The decisions regarding the identity of the articles of manufacture are yours to make.

When considering the design patents, you should view certain features in the drawings in this way:

- **D618,677 Patent**

The D'677 Patent claims the ornamental design of an electronic device as shown in Figures 1-8.  The broken lines in the D'677 Patent constitute unclaimed subject matter.  The use of solid black surface shading on the D'677 Patent represents the color black.  The use of oblique line shading on the D'677 Patent is used to show a transparent, translucent, or highly polished or reflective surface.

- **D593,087 Patent**

40

The D'087 Patent claims the ornamental design of an electronic device as shown in Figures 1-48.  The broken lines in the D'087 Patent constitute unclaimed subject matter.  Thus, the D'087 Patent claims the front face, a bezel encircling the front face of the patented design that extends from the front of the phone to its sides, and a flat contour of the front face, but does not claim the rest of the article of manufacture.

- **D604,305 Patent**

The D'305 Patent claims the ornamental design for a graphical user interface for a display screen or portion thereof, as shown in Figures 1-2.  The broken line showing of a display screen in both views forms no part of the claimed design.

**Source:**

Final Jury Instruction No. 29 (ECF No. 2784 at 41); Final Jury Instruction No. 43 (ECF No. 1903 at 59-60); Tentative Jury Instruction No. 29 (ECF No. 3442 at 44); Order Re: Daubert Motions (ECF No. 3645 at 27); Order Re: Design Patent Claim Construction (ECF No. 1425 at 8-9, 13-14); Order Amending Design Patent Claim Construction (ECF No. 1447); U.S. District Court for the Northern District of California Model Patent Jury Instruction No. 2.1 (Jan. 2018 ed.)

United States District Court
Northern District of California

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

1
2

**FINAL JURY INSTRUCTION NO. 27**

**DESIGN PATENT DAMAGES—BURDEN OF PROOF**

3      I will instruct you about the measure of damages for infringement of Apple's design

4  patents.

5      You must determine the amount of damages to award to Apple for Samsung's

6  infringement.  The amount of those damages must be adequate to compensate Apple for the

7  infringement.  You should keep in mind that the damages you award are meant to compensate

8  Apple and not to punish Samsung.

9      In relation to design patents, Apple can elect to prove either actual damages, known as

10  compensatory damages, or it may elect to prove Samsung's profits as its measure of potential

11  recovery with respect to the sale of each unit of an infringing product.  As compensatory damages,

12  Apple may prove a reasonable royalty for the design patent.  Apple is not entitled to recover both

13  compensatory damages and Samsung's profits on the same sale.

14      Apple has the burden to prove that Apple's calculation of damages is correct by a

15  preponderance of the evidence.  While Apple is not required to prove its damages with

16  mathematical precision, it must prove them with reasonable certainty.  Apple is not entitled to

17  damages that are remote or speculative.

18

19

20  **Source:**

Final Jury Instruction No. 30 (ECF No. 2784 at 42); Tentative Jury Instruction No. 29 (ECF No.

21

3442 at 44)

22

23

24

25

26

27

28

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

*United States District Court*
*Northern District of California*

**FINAL JURY INSTRUCTION NO. 28**

**DESIGN PATENT DAMAGES—DEFENDANT'S PROFITS**

For design patents, the law provides that an infringer who (1) applies the patented design to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which the patented design has been applied shall be liable to the patent owner for the amount of the infringer's total profit on the article of manufacture to which the design was applied.

Apple seeks Samsung's total profits on the articles of manufacture to which Samsung applied the D'677, D'087, and D'305 patented designs.  Determining Samsung's total profits on the articles of manufacture involves two steps.  First, you should identify the article or articles of manufacture to which Samsung applied Apple's patented designs.  Second, you should calculate Samsung's total profit made from those articles of manufacture.

**Source:**

35 U.S.C. § 289; *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429 (2016)

43

# FINAL JURY INSTRUCTION NO. 29

## DESIGN PATENT DAMAGES—ARTICLE OF MANUFACTURE

It is your job as the jury to determine the articles of manufacture to which Samsung applied Apple's patented designs.  Neither the United States Patent and Trademark Office nor the Court nor the previous jury determined the articles of manufacture in this case.

An "article of manufacture" is a thing made by hand or machine, and it may be either a product as a whole or a component of that product.

To identify the articles of manufacture to which Samsung applied Apple's patented designs, you should consider the following four factors:

1.  The scope of the design claimed in Apple's patent, including the drawing and written description;

2.  The relative prominence of the design within the product as a whole;

3.  Whether the design is conceptually distinct from the product as a whole; and

4.  The physical relationship between the patented design and the rest of the product, including whether the design pertains to a component that a user or seller can physically separate from the product as a whole, and whether the design is embodied in a component that is manufactured separately from the rest of the product, or if the component can be sold separately.

In weighing these factors, your objective should be to identify the articles of manufacture that most fairly can be said to embody Samsung's appropriation of Apple's patented designs.

In this case, Apple contends that the articles of manufacture to which Samsung applied Apple's patented designs are the whole phones.  Samsung contends that the articles of manufacture are a component or collection of components of each phone.  Specifically, for the D'677 patent, Samsung contends the article of manufacture is a phone's round-cornered, black glass front face.  For the D'087 patent, Samsung contends the article of manufacture is a phone's round-cornered, glass front face and surrounding rim or bezel.  For the D'305 patent, Samsung

44

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

1  contends that the article of manufacture is a phone's display screen.

2      Apple has the burden to prove that its identification of the articles of manufacture to which

3  Samsung applied Apple's patented designs is correct by a preponderance of the evidence.

4  **Source:**

5  35 U.S.C. § 289; *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434-35 (2016); Order

6  Requiring New Trial on Design Patent Damages (ECF No. 3530)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL JURY INSTRUCTION NO. 30**

**DESIGN PATENT DAMAGES—DEFENDANT'S PROFITS—CALCULATING TOTAL**

**PROFIT**

Once you determine the article of manufacture to which Samsung applied Apple's patented design, you must then calculate Samsung's total profit from sales of that article of manufacture.

Samsung's "total profit" means the entire profit on the sale of the article of manufacture to which the patented design is applied, and not just the portion of profit attributable to the design or ornamental aspects covered by the patent. "Total profit" does not include profit attributable to other products or other articles of manufacture that may be sold in association with an article of manufacture embodying the patented design.

To determine the total profit on the article of manufacture to which the patented design is applied, you must first calculate Samsung's gross revenue on the sales of the infringing phone. Gross revenue is all of Samsung's receipts from the sales of the infringing phone. Apple has the burden of proving Samsung's gross revenue by a preponderance of the evidence.

Next, calculate Samsung's deductible expenses. Expenses can include costs incurred in producing the gross revenue, such as the cost of the goods. Other costs may be included as deductible expenses if they are directly attributable to the sale or manufacture of the infringing phone resulting in a nexus between the infringing phone and the expense. Samsung has the burden of proving the deductible expenses.

To calculate Samsung's total profit on the infringing phone, subtract deductible expenses from gross revenue.

If you have determined that the article of manufacture to which Samsung applied the patented designs is the entire phone, then Samsung's total profit on the infringing phone is the same as Samsung's total profit on the article of manufacture to which Samsung applied Apple's patented designs.

If you have determined that the article of manufacture to which Samsung applied the

46

1  patented design is something less than the entire phone, then you must determine how much of

2  Samsung's total profit from the phone is attributable to whatever article of manufacture you have

3  identified.

4

5  **Source:** 35 U.S.C. § 289; *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429 (2016); Final Jury

6  Instruction No. 31 (ECF No. 2784 at 43); Tentative Final Jury Instruction No. 31 (ECF No. 3442

7  at 47); Order Requiring New Trial on Design Patent Damages (ECF No. 3530)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

1    **FINAL JURY INSTRUCTION NO. 31**

2    **DESIGN PATENT DAMAGES—REASONABLE ROYALTY**

3          As I instructed you earlier, for each sale of a Samsung product containing a patented

4    design, Apple is entitled to recover the greater of (1) Samsung's total profit made on the article of

5    manufacture to which the design is applied, or (2) a reasonable royalty for Samsung's use of the

6    patented design.

7          The definition of a reasonable royalty for design patent infringement is the same as the

8    definition I explained to you in Jury Instruction No. 24.  However, wherever in that Instruction I

9    referred to the patented invention or a utility patent, you should now focus on the design patents or

10   patented designs.

11

12   **Source:**

13   Final Jury Instruction No. 32 (ECF No. 2784 at 44); Tentative Final Jury Instruction No. 32 (ECF

14   No. 3442 at 48)

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

1

2

**FINAL JURY INSTRUCTION NO. 32**

**DESIGN PATENT DAMAGES—DATE OF COMMENCEMENT**

3        Damages that you must award Apple commence on the date that Samsung has both

4   infringed and been notified of the design patent or patents Samsung infringed.  You may not

5   award Apple damages for infringing a patent before Samsung had notice of Apple's claim of

6   infringement of that patent.  I have determined that Samsung received notice of Apple's claim of

7   infringement for the D'677 patent on April 15, 2011, and for the D'305 and D'087 patents on June

8   16, 2011.

9

10

11

**Source:**

Final Jury Instruction No. 33 (ECF No. 2784 at 45); Order Re: Damages (ECF No. 2271 at 18);

Tentative Jury Instruction No. 33 (ECF No. 3442 at 49); U.S. District Court for the Northern

District of California Model Patent Jury Instruction No. 5.9 (Jan. 2018 ed.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 11-CV-01846-LHK
REVISED TENTATIVE FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**FINAL JURY INSTRUCTION NO. 33**

**MONETARY REMEDIES—ONLY ONE RECOVERY PER ACCUSED SALE**

You should award any remedy to which Apple has proven it is entitled with respect to each sale of an infringing phone, except that you should not award more than one form of monetary recovery for any given sale.

If you choose to award Samsung's profit for a given sale, you may not award any further amounts for that same sale, either for infringement of another design patent or for infringement of any utility patent.

You do not have to use the same theory to calculate damages for every sale.  For example, an award may be split between Samsung's profit on the article of manufacture to which the patented design is applied for some sales and a reasonable royalty for the remainder of sales of a product that infringes the same design patent.

For any sale where you measure damages by reasonable royalty, you may include royalty amounts for each patent infringed by the sale.

**Source:**

Final Jury Instruction No. 34 (ECF No. 2784 at 46); Tentative Final Jury Instruction No. 34 (ECF No. 3442 at 50); *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1291-92 (Fed. Cir. 2002).

50