| | |
|---|---|
| ERIK J. OLSON (CA SBN 175815) | WILLIAM F. LEE (*pro hac vice*) |
| ejolson@mofo.com | william.lee@wilmerhale.com |
| NATHAN B. SABRI (CA SBN 252216) | WILMER CUTLER PICKERING |
| nsabri@mofo.com |   HALE AND DORR LLP |
| MORRISON & FOERSTER LLP | 60 State Street |
| 425 Market Street | Boston, Massachusetts 02109 |
| San Francisco, California 94105-2482 | Telephone: (617) 526-6000 |
| Telephone: (415) 268-7000 | Facsimile: (617) 526-5000 |
| Facsimile: (415) 268-7522 | |
| | MARK D. SELWYN (CA SBN 244180) |
| | mark.selwyn@wilmerhale.com |
| | WILMER CUTLER PICKERING |
| |   HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

*Attorneys for Plaintiff Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S OBJECTIONS TO THE COURT'S REVISED TENTATIVE FINAL JURY INSTRUCTIONS (DKT. 3764)** |

Apple respectfully submits the following objections to the Court's Tentative Final Jury Instructions (Dkt. 3764).

**1.** Apple objects to the Court's Revised Tentative Final Jury Instruction No. 30 because it instructs the jury to engage in impermissible apportionment insofar as it states: "If you have determined that the article of manufacture to which Samsung applied the patented design is something less than the entire phone, then you must determine how much of Samsung's total profit from the phone is attributable to whatever article of manufacture you have identified." Dkt. 3674 at 46-47. This instruction has no support in the text of 35 U.S.C. § 289, which provides that a design patent infringer "shall be liable to the owner to the extent of his total profit." The only remedy contemplated by the statute is "total profit" on the "article of manufacture to which such design or colorable imitation has been applied[.]" 35 U.S.C. § 289. Nothing in the statute contemplates awarding a design patent holder only a *portion* of a product's "total profit" that is "attributable" to the article of manufacture that may be the whole product or something less than the product.

Congress enacted § 289 to overturn the type of apportionment this instruction would require. As the Supreme Court observed, the statute was enacted in response to the decision in *Dobson v. Hartford Carpet Co.*, 114 U.S. 439, 444 (1885), which limited a design-patent holder's awards to "the profits that were 'due to' the design rather than other aspects of the [products]." *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 433 (2016) (quoting *Dobson*, 114 U.S. at 444). In fact, prior to being overruled by Congress, the second *Dobson* case endorsed the very rule the Court now proposes: "The plaintiff must show what profits or damages are *attributable* to the use of the infringing design." *Dobson v. Dornan*, 118 U.S. 10, 17 (1886); *see also Dobson*, 114 U.S. at 444 (concluding that "there is a solid basis of evidence for profits or damages" where the increased value of an article "may be fairly *attributed* to the design" (emphasis added)).

The Court's Revised Tentative Instruction No. 30 mirrors the long-rejected *Dobson* standard. Although it follows the Supreme Court's two-step test in part by requiring the jury to

identify the article of manufacture, it then requires the jury to "attribute" some portion of the total profits to the article of manufacture. But § 289 requires the jury to calculate "total net profits *upon the whole article*." *Untermeyer v. Freund*, 58 F. 205, 212 (2d Cir. 1893) (emphasis added); *see also Bergstrom v. Sears, Roebuck & Co.*, 496 F. Supp. 476, 495 (D. Minn. 1980) (same). The Court's revised instruction only asks the jury to determine total profits ***upon the infringing product***, not the article. That is fine where the product and article are synonymous, but when the article of manufacture is something less than the whole product, the Court's instruction applies an improper "attribution" method, rather the calculating "total profit" by determining total profit *on the article*. Total profit is calculated by deducting relevant costs from gross revenue, not by apportioning the value of the article relative to total profits. *See* Dkt. 3708 at 45:12 ("Profit is determined by deducting certain expenses from gross revenue."). The Court's instruction is not "a proper determination of [total] profits based on the appropriate gross revenue methodology." *Nordock, Inc. v. Sys. Inc.*, 803 F.3d 1344, 1355 (Fed. Cir. 2015).

Samsung wrongly contends that this instruction is required because the "Supreme Court fundamentally altered how profit is calculated in a complex-product case under § 289 by holding that a 'patent holder will sometimes be entitled to the infringer's total profit from a component of the end product' rather than from the end product itself." Dkt. 3723 at 14-15 (quoting *Samsung*, 137 S. Ct. at 434). But the Supreme Court expressly did not alter how total profit is calculated under § 289. Rather, it observed that there are two steps to awarding damages under the statute: "First, identify the 'article of manufacture' to which the infringed design has been applied. Second, calculate the infringer's total profit made on that article of manufacture." *Samsung*, 137 S. Ct. at 434. It then opined on only the first step: "The only question we resolve today is whether, in the case of a multicomponent product, the relevant 'article of manufacture' must always be the end product sold to the consumer or whether it can also be a component of that product." *Id.*

Nothing in the Supreme Court's decision purports to alter the second step on calculating total profit. What the Supreme Court's opinion does say about total profit, however, confirms

1  that the Court's prior instruction (Dkt. 2784 at 39) was correct and that the "total profit" in § 289
2  is the profit made on the article of manufacture to which the design was applied.  For example,
3  the Court stated that the "'total profit' for which § 289 makes an infringer liable is thus ***all of the***
4  ***profit*** made from the prohibited conduct, that is, ***from the manufacture or sale of the 'article of***
5  ***manufacture*** to which [the patented] design or colorable imitation has been applied.'"  *Samsung*,
6  137 S. Ct. at 434 (quoting 35 U.S.C. § 289) (emphasis added; brackets in original).  The Court
7  similarly advised that the second step under § 289 is to "calculate the infringer's total profit
8  ***made on that article of manufacture***," not to calculate the portion of total profit on the whole
9  product that is attributable to an article of manufacture.  *Id.* (emphasis added).

10        The Court's tentative instruction impermissibly allows an apportionment that both the
11  Federal Circuit and this Court's prior orders rejected.  *See* Dkt. 1157 at 9; *see also Nike, Inc. v.*
12  *Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1442 (Fed. Cir. 1998) ("The difference for design patents,
13  as enacted in 1887, was the removal of the need to apportion the infringer's profits between the
14  patented design and the article bearing the design.").  It invites the jury to award damages on a
15  sliding scale based on the value "attributable" to the article embodying the patented design.  That
16  is apportionment, and it is impermissible for § 289.  *See Garretson v. Clark*, 111 U.S. 120, 121
17  (1884) (explaining the apportionment requires damages that are "properly and legally
18  ***attributable*** to the patented feature" (emphasis added)); *VirnetX, Inc. v. Cisco Sys., Inc.*, 767
19  F.3d 1308, 1326 (Fed. Cir. 2014) ("a patentee must take care to seek only those damages
20  ***attributable*** to the infringing features" (emphasis added)).

21        **2.**     Apple further objects to the Court's Revised Tentative Final Jury Instruction No.
22  30 because it violates the law of the case.  As explained above, the Supreme Court made clear
23  that it was addressing a single issued related to the statute's first step: *identifying* the article of
24  manufacture.  *See Samsung*, 137 S. Ct. at 434.  Samsung's objections to the Court's Tentative
25  Final Jury Instruction No. 30 cited no case as intervening law other than the Supreme Court's
26  decision.  *See* Dkt. 3723 at 14-15.

1    Because there has been no change to the law for calculating total profit under § 289, the
2    version of this instruction provided to the jury in 2013—affirmed by the Federal Circuit and not
3    challenged by Samsung before the Supreme Court—is the settled law of the case.  *See* Dkt. 2784
4    at 39 (2013 Damages Retrial); Dkt. 3672-2 at 126-127; *see also Apple Inc. v. Samsung Elecs.*
5    *Co.*, No. 11-CV-01846-LHK, 2017 WL 4776443, at *15 (N.D. Cal. Oct. 22, 2017) (jury
6    instruction became "the law of the case" because "Samsung did not appeal it"); *see also United*
7    *States v. Toliver*, 672 F. App'x 689, 690 (9th Cir. 2016) (law of the case doctrine bars challenge
8    to jury instructions previously upheld on appeal), *cert. denied*, 138 S. Ct. 115 (2017); *United*
9    *States v. Whittenburg*, 243 F.3d 552 (9th Cir. 2000) (challenges to "the trial court's jury
10   instructions were considered on appeal" and subsequent challenges were therefore "barred . . .
11   under the law of the case doctrine"); *Gulliford v. Thrash*, 8 F. App'x 766, 768 (9th Cir. 2001)
12   (abuse of discretion for district court judge to amend jury instructions in second trial absent
13   applicable exception to law of the case doctrine) (unpublished); *Tronzo v. Biomet, Inc.*, 236 F.3d
14   1342, 1347 (Fed. Cir. 2001) ("[B]y failing to appeal" an issue, the party "waived this issue and
15   was barred from raising it on remand"); *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009)
16   (applying law of the case doctrine to foreclose renewals of challenges to jury instructions that
17   had been adjudicated during a prior appeal); *Geldermann, Inc. v. Fin. Mgmt. Consultants, Inc.*,
18   27 F.3d 307, 312 (7th Cir. 1994) ("[W]hen parties do not object to jury instructions, these
19   instructions generally become 'law of the case.'").
20         **3.**    Apple also objects to the Court's Revised Tentative Final Jury Instruction No. 30
21   because it is prejudicial to Apple.  Apple's damages expert Julie Davis provided her direct
22   testimony to the jury, under the assumption that the prior instruction regarding total profits still
23   governed and before the Court changed its proposed instruction regarding total profits.  *See* Trial
24   Transcript at 730:4-8.  Altering the damages instruction, in violation of the law of the case, at
25   this late date prejudices Apple by changing the law during Apple's case-in-chief.  Apple
26   therefore respectfully requests that the Court issue the instruction as it proposed in its Tentative

Final Jury Instructions (Dkt. 3708), subject only to Apple's previous objections to that instruction (Dkt. 3721 at 7).

**4.** Finally, Apple requests one modification to the Court's Revised Tentative Final Jury Instruction No. 18—Summary of Contentions in light of events that have occurred during the trial. Over Apple's objections, Samsung has repeatedly suggested to the jury that it should question the prior jury's infringement and validity findings—by referring to other phones and emphasizing that they do not infringe or that they somehow affect the scope of the designs claimed in the D'677, D'087, and D'305 patents. *See, e.g.*, Trial Tr. 320:3-8, 566:2-16, 573:1-21, 657:7-659:2, 660:5-16. This is irrelevant, confusing for the jury, and prejudicial to Apple because infringement and validity have already been conclusively decided and should not be relitigated here; the only issue before the jury now is damages. Apple therefore requests that the Court instruct the jury, as it did during trial on May 16, as follows: "Nothing that has been said during this trial should in any way undermine the jury verdict of the previous jury." *See* Trial Tr. 659:19-20. Apple proposes that this sentence be inserted after the sentence reading "These prior findings are reflected in the chart on the next page." Dkt. 3764 at 25:6-7.

Dated: May 17, 2018                              */s/ Mark D. Selwyn*
                                                 Mark D. Selwyn (SBN 244180)

                                                 *Attorney for Plaintiff Apple Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 17, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Mark D. Selwyn
Mark D. Selwyn