QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | |
| vs. | **SAMSUNG'S OBJECTIONS TO TENTATIVE FINAL JURY INSTRUCTIONS** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

I.  SAMSUNG OBJECTS TO THE OMISSION OF ADEQUATE CURATIVE LANGUAGE FROM REVISED INSTRUCTION NOS. 26 AND 29 ...................................1

II. SAMSUNG OBJECTS TO THE INSTRUCTIONS ON DESIGN-PATENT REASONABLE ROYALTY DAMAGES IN REVISED INSTRUCTION NOS. 27, 31, AND 33 ...........................................................................................................7

III. SAMSUNG OBJECTS TO THE OMISSION OF LIMITING LANGUAGE FROM REVISED INSTRUCTION NO. 29...............................................................................9

Samsung respectfully submits these objections to the Court's Revised Tentative Final Jury Instructions (Dkt. 3764, hereinafter the "Revised Instructions").  In view of the Court's ruling that "previous objections are deemed preserved for the purposes of appeal" (*id.* at 1), Samsung does not here fully repeat its prior objections (*see* Dkts. 3672-2, 3726), which are expressly preserved and incorporated by reference herein.  Samsung offers the following new objections in light of developments at trial and the Court's revisions to its tentative instructions.

### I.  SAMSUNG OBJECTS TO THE OMISSION OF ADEQUATE CURATIVE LANGUAGE FROM REVISED INSTRUCTION NOS. 26 AND 29

Samsung specifically reasserts its prior objection to Tentative Instruction No. 26 (Dkt. 3726, at 8-9), and further objects to the limiting language included in Revised Instruction No. 29 as inadequate in light of developments at trial.  That language states (Dkt. 3764, at 44): "Neither the United States Patent and Trademark Office nor the Court nor the previous jury determined the articles of manufacture in this case."  Because of Apple's trial presentation, Samsung respectfully submits that additional detail is necessary to cure unfair prejudice and jury confusion from Apple's witnesses' references to the terms "electronic device" and "article of manufacture" as contained in the design patents.  Samsung therefore requests that the Court give the following instruction to the jury in addition to the limiting language now included in Instruction No. 29:

> As I have instructed you, neither the Court nor the United States Patent and Trademark Office nor the previous jury has determined the articles of manufacture in this case.  This means that the use of the words "electronic device" and "article of manufacture" in Apple's design patents does not determine the identity of the articles of manufacture that you and you alone are asked to decide for each patent. You should disregard any testimony that the references in Apple's design patents to an "electronic device" or "article of manufacture" determine the articles of manufacture in this case.

The additional proposed language is necessary to cure the unfair prejudice to Samsung created by Apple's continued reliance on the language of the design patents at issue and to dispel the resulting suggestion that the identities of the relevant articles of manufacture have already been determined.

**1.** In order to prevent Apple from relying on the language of the design patents as determining the "article of manufacture" in light of the Supreme Court's decision, the Court recognized (*see, e.g.*, Dkt. 3645, at 27-28), that some change to the instructions would be needed to advise the jury that neither the PTO nor the Court had decided that question when they issued and

construed the patents, long *before* the Supreme Court's decision in this case.[1]  As the Court ruled, any suggestion that the issue has been decided "would be misleading to the jury and highly prejudicial to Samsung." *Id.*; *see* Dkt. 3673, at 6 (similar).

Samsung sought to avoid such prejudice through amendment of the Court's pre-Supreme-Court claim constructions (*e.g.*, Dkt. 3646, at 43), and redaction of patent language suggesting that Apple's designs are necessarily applied to an "electronic device" rather than a component thereof (Dkt. 3650, at 3 & Exs. A-B).  The Court, however, denied those requests—relying, *inter alia*, on Apple's assurances that it would not attempt to unfairly prejudice Samsung (*see* Dkt. 3645, at 27; Dkt. 3673, at 6).  Specifically, Apple's counsel represented to the Court that Apple was "not going to suggest, and none of [Apple's] witnesses are going to suggest, that Your Honor has decided the issue.  We're going to be very clear that this is the issue for them [the jury] to decide and it's decided by the four factors." *Id.* at 81.  Counsel further agreed with the Court that "any kind of argument like this w[ill] be precluded." *Id.*  And Apple represented that it "will not argue to the jury that the Court, the prior jury, or the PTO has already decided that the articles of manufacture are the entire phones."  Dkt. 3655, at 1.

Although the Court did not amend its claim constructions or redact the patents, it did rule that the jury instructions should make "completely clear" that "identifying the article of manufacture is a decision solely for the jury and has not been decided" or "pre-defined" in any way—and that any argument to the contrary would be "preclude[d]" at trial. Dkt. 3646, at 81, 83; *see* Dkt. 3645, at 28; Dkt. 3673, at 6 (both similar).  Pursuant to that directive, Samsung proposed instructions that would have made this point clear, by explaining that the design patents' "words" and "written text" do not expand the scope of the claims and do not determine the identity of the relevant articles of manufacture.  *See, e.g.*, Dkt. 3672-2, at 102, 105, 110 (Proposed Final Jury Instruction Nos. 36, 37,

---

[1]  This question regarding the proper articles of manufacture could not have been settled by the PTO, Apple, the Court, the prior jury or anyone else not only because of the intervening U.S. Supreme Court decision, but indeed because the four-factor article of manufacture test subsequently adopted by this Court on remand did not even exist at the time of the design patents' prosecution and issuance.

39); Dkt. 3717, at 2. The Court, however, has thus far has not expressly advised the jury that the patents' text is not dispositive. *See generally* Dkt. 3736; 5/15/2018 Tr. 279, 510; *see also* Dkt. 3723, at 9-10; Dkt. 3733 (objecting to omission of instructions). Instead, the Court has instructed the jury only that "neither the Court nor the United States Patent and Trademark Office has determined the articles of manufacture in this case." 5/15/2018 Tr. 279, 510.

**2.** Despite the Court's orders and its own representations, Apple's trial presentation has focused heavily on the design patents' references to an "electronic device" as the "article of manufacture" to which the designs may be applied. Counsel articulated this theme in Apple's opening statement (*see* 5/15/2018 Tr. 290), and Apple has maintained it through witness examinations. All of Apple's testimony in these areas should be stricken. For example, counsel elicited the following colloquy from Mr. Howarth:

> Q. This is the description [of the D'677 patent]. Do you see the sentence that starts "the claimed surface"?
>
> A. Yes.
>
> Q. It says, "the claimed surface of the electronic device is illustrated with the color designation for the color black." Do you see that, sir?
>
> A. Yes.
>
> …
>
> Q. Okay. Now, if you could go to the next sentence, do you see where it starts, "the article of manufacture"? And if we could highlight starting at the article of manufacture."
>
> It states, "the article of manufacture to which the ornamental design has been applied is an electronic device, media player (e.g., music, video and/or game player), media storage device, personal digital assistant, communication device (e.g, cellular phone), novelty item or toy."
>
> Do you see that, sir?
>
> A. Yes, I do.
>
> Q. So the patent is telling us there's a claim on the one hand and then an article of manufacture to which it could be applied on the other; is that right?
>
> A. Yes.
>
> Q. In fact, there's a whole list of articles of manufacture; is that right?
>
> A. Yes.

| | |
|---|---|
| 1 | Q. On that list, is pane of glass listed? |
| 2 | A. No. No, no, it's not. |
| 3 | Q. Sir, what did Apple apply the design of the '677 to? |
| 4 | A. The phone. |
| 5 | Q. What does Apple apply the design of the '087 to? |
| 6 | A. To the iPhone. |
| 7 | Q. And what did Samsung apply those claimed designs to? |
| 8 | A. To the phone. |

*Id.* at 464-66.  The self-evident purpose of this line of questioning was to draw the jury's attention to the patent language and to have the jury infer that the designs claimed by the D'677 and D'087 patents are necessarily applied to the entire electronic device.

The testimony Apple elicited from its expert Mr. Ball was even more focused on the patents' references to an "electronic device":

Q. Let's look at the [D'677] patent and look at the language and see what it says.

If you could read for us, please, the claim.

A. Sure. It says, "the ornamental design *of an electronic device*, as shown and described."

...

Q. If we could turn to the title of the D'677 patent, what is the title?

A. "*Electronic device*."

Q. And now let's turn to the written description, the section titled "description."

We have that up on the screen. Could you read the description of figure 1, please?

A. "Figure 1 is a front perspective view *of an electronic device* in accordance with the present invention."

Q. And if you could go to the same below the figures and read that sentence for us, please?

A. "The claimed surface *of the electronic device* is illustrated with the color designation for the color black."

Q. And then if you turn to the next paragraph, do you see that also begins with the face "*the electronic device*."

A. "*The electronic device* is not limited to the scale shown herein. As indicated in the title, *the article of manufacture to which the ornamental design has been applied is an electronic device*, media player (e.g., music, video and/or game player) media storage device, a personal digital assistant, *a communication device, (e.g., cellular phone)* a novelty item or toy."

Q. Mr. Ball, based on everything we've just discussed, the claims, the drawings and the written description, what insight does the D'677 provide as to the article of manufacture to which the claimed design was intended to be applied?

A. A smartphone.

*Id.* at 503-06 (emphases added).  Mr. Ball similarly testified with respect to the D'087 patent:

Q. Let's turn to the claim. Could you read the claim for us, please?

A. Sure. "the ornamental design of *an electronic device*, substantially as shown and described."

…

Q. What is the title of the D'087 patent, turning to that first page?

A. "*Electronic device*."

Q. And if we could turn to the description, if you could read for us the description next to figure 9 in the written description.

A. "Figure 9 is a front perspective view of another embodiment of *an electronic device* in accordance with the present invention."

…

Q. … So based on everything we've just discussed, the claim, the drawings and the written description, what insight does the D'087 patent provide as to the article of manufacture to which the claimed design is intended to be applied?

A. A smartphone.

*Id.* at 506-08 (emphases added).  The plain purpose and effect of these lines of inquiry are to emphasize through repetition the patents' references to an "electronic device," as well as the D'677 patent's statement that the "article of manufacture to which the ornamental design has been applied is an electronic device," so as to suggest to the jury that it should infer from those references that the relevant article of manufacture must be such a device, rather than a component thereof.  All of the above-quoted testimony should be stricken from the record, and the jury should be instructed to disregard it.

**3.** Despite Apple's representations to the Court that it would not argue or present evidence

even *suggesting* that the relevant articles of manufacture have been predetermined, it has repeatedly and explicitly drawn the jury's attention to the patents' references to an "electronic device." Moreover, Apple has expressly relied on the claim language as evidence purporting to show that Samsung *must* be wrong about the relevant articles of manufacture and that instead the patent language is dispositive. As this Court has already ruled, however (*see* Dkt. 3645, at 27-28; Dkt. 3673, at 6), any such inference is both wrong as a matter of law and "highly prejudicial to Samsung" (Dkt. 3645, at 27-28): It strongly suggests that the "article of manufacture" issue has been resolved and is not genuinely in dispute, even though it is the *entire reason* for holding a new trial (*see* Dkt. 3530, at 28-35).

The Court has rightly recognized that a limiting or curative instruction is necessary to remedy the unfair prejudice to Samsung from the introduction of such evidence. Samsung respectfully submits, however, that in view of Apple's heavy reliance on the patent language, the instruction that the Court has given the jury thus far fails to cure that prejudice, and that stronger language is necessary. *See, e.g.*, *United States v. Brown*, 327 F.2d 867, 872 (9th Cir. 2003) (reversing on ground that district court "failed to give appropriate curative instructions regarding the prosecution's inappropriate statements during close argument"); *United States v. Perlaza*, 439 F. 3d 1149, 1169-73 (9th Cir. 2006) (reversing convictions based on inadequate curative instruction); *Field v. Trigg City. Hosp.*, 386 F.3d 729, 736-37 (6th Cir. 2004) (vacating jury verdict where district court's curative instruction was inadequate).

Specifically, while the current version of the Court's instruction refers to "the United States Patent and Trademark Office [and] the Court" (Revised Instruction 29), the instruction offers no explanation of what that means: Namely, that the issuance of patents that refer to an "electronic device" does *not* constitute an authoritative identification of the "article of manufacture" to which either design is "applied" under § 289. The instruction thus does not identify *what evidence* is subject to the limiting instruction (the testimony regarding the patent language), but instead appears to the jury entirely divorced from the evidence in question. Consequently, the instruction cannot have any meaningful curative effect—let alone make it "completely clear" that the patent language is not determinative (Dkt. 3643, at 83). Revised Instruction No. 29 thus cannot cure the prejudice

to Samsung from Apple's evidence implying—if not outright stating—that the language of Apple's patents is effectively determinative of the "article of manufacture" issue.   The Court should expressly instruct the jury that the words in the patents and claim constructions are not dispositive and that it should disregard the testimony set forth above is necessary to avoid such prejudice

## II. SAMSUNG OBJECTS TO THE INSTRUCTIONS ON DESIGN-PATENT REASONABLE ROYALTY DAMAGES IN REVISED INSTRUCTION NOS. 27, 31, AND 33

**1.**  In light of the evidence at trial, Samsung objects to Revised Instruction Nos. 27, 31, and 33 insofar as they concern an award of damages for design-patent infringement measured by a reasonable royalty under 35 U.S.C. § 284.  Although Samsung (and the Court) had anticipated that Apple would necessitate instructions on design-patent royalties by presenting Ms. Davis's opinion that an appropriate royalty would be $24 per phone (Dkt. 3593-4, ¶ 171), at trial Apple has ***not*** presented the jury with any evidence regarding a reasonable royalty for design-patent infringement.  To the contrary, Apple has affirmatively elected ***not*** to pursue any such award:  Its expert Ms. Davis testified that "the ***only*** reasonable royalty award" that she calculated "is related to the '381 patent"— and ***not*** to any of the design patents.  Tr. 750 (emphases added).  Further, Ms. Davis testified that there are two "bucket[s]" of phones—those subject to a profits recovery under § 289 for design-patent infringement, and those subject only to a reasonable royalty for utility-patent infringement— and that any given phone "can go in one or the other" of the buckets, but "can't go in both."  Tr. 707; *see* Tr. 708 ("There's only one form of damages for each unit.").

Ms. Davis's testimony renders any instruction on reasonable-royalty damages for design-patent infringement not only unnecessary, but inappropriate and legal error.  "There must be a sufficient evidentiary foundation to support giving [an] instruction," *Gantt v. City of Los Angeles*, 717 F.3d 702, 706-07 (9th Cir. 2013), and therefore an instruction should not be given where the plaintiff "fail[s] to present any evidence to support [the] theory," *Venture Corp., Ltd v. Barrett*, 694 F. App'x 597, 599 (9th Cir. 2017) (unpublished).[2]  In light of the proceedings at trial, there is no

---

[2] *See, e.g.*, *Flex-Rest LLC v. Steelcase, Inc.*, 455 F.3d 1351, 1359-60 (Fed. Cir. 2006) (evidence

"sufficient evidentiary foundation" for any instruction on design-patent royalties under § 284. *Gantt*, 717 F.3d at 706-07.[3]

The Court should therefore amend the third paragraph of Revised Instruction No. 27 so as to eliminate references to a reasonable-royalty award:

> In relation to design patents, Apple ~~can elect to prove either actual damages, known as compensatory damages, or it may elect to prove~~ seeks an award of Samsung's profits as its measure of potential recovery with respect to the sale of each unit of an infringing product. ~~As compensatory damages, Apple may prove a reasonable royalty for the design patent. Apple is not entitled to recover both compensatory damages and Samsung's profits on the same sale.~~

In addition, Revised Instruction No. 31 should be stricken from the Court's charge entirely. And the third and fourth paragraphs of Revised Instruction No. 33 should likewise be stricken, because with Apple's abandonment of any claim for design-patent reasonable-royalty damages, the jury will not be presented with any scenario in which it could properly apply the rules stated in those paragraphs.

**2.** Because Apple has abandoned its claim for recovery under § 284, Samsung expressly renews its prior requests (Dkt. 3672-2, at 144; Dkt. 3726, at 13-14) for an instruction advising the jury regarding the minimum statutory recovery under § 289, and objects to the omission of such an instruction. Specifically, the jury should be instructed as follows:

> If Apple has not carried its burden to prove the identity of the article of manufacture to which Samsung applied one or more of the patented designs, or if Apple has not carried its burden to prove the amount of Samsung's profit from the article of manufacture to which Samsung applied one or more of the patented designs, then you should award $250 to compensate it for infringement of that design patent.

This proposed instruction is a correct statement of the law under § 289 and the Court's Revised Instruction Nos. 27, 29, and 30.

---

was insufficient to support instruction); *Brett v. United States*, 86 F.2d 305, 308 (9th Cir. 1936) ("It is not error to refuse an instruction, where there is no pertinent testimony on which to base it."); 9C Miller, Federal Practice & Procedure § 2556 (3d ed. 2016) ("Nor should a charge be given on a matter, whether or not raised in the pleadings, if it is not supported by the evidence.") (footnotes omitted).

[3] While a patentee is ordinarily entitled under § 284 to "damages in an amount no less than a reasonable royalty," that rule does not apply where (as here) patentee "has waived the right to damages based on [such a] theor[y]." *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1312 (Fed. Cir. 2018) (citing *Promega Corp. v. Life Techs. Corp.*, 875 F.3d 651, 660 (Fed. Cir. 2017)).

This proposed instruction is supported by the evidence.  Apple bears both the burden to identify the relevant article of manufacture and the ultimate burden to prove Samsung's profits from that article.  On this trial record, the jury could well find that Apple has failed to carry either or both of those burdens:  First, Apple has argued only that its designs were applied to Samsung's entire phones, and by the close of trial Samsung will have presented ample evidence from which the jury could conclude that the phones are *not* the relevant articles under the Court's four-factor test.  And second, Apple has presented evidence of Samsung's profit only as it relates to the entire phones—omitting any attempt to establish Samsung's profit from the articles of manufacture that Samsung has identified as the relevant ones.  The jury could find against Apple at either step, in which case Apple would not be entitled to any recovery of profits under § 289—which permits a patentee to an infringer's profit only "*if he can prove that profit.*"  H.R. Rep. No. 49-1966, at 3 (emphasis added).  Instead, in that circumstance the statute would allow Apple to recover only the statutory damages fixed by Congress at $250 per design patent.  35 U.S.C. § 289.  In view of Apple's abandonment of the potentially-higher statutory floor set by § 284, the Court should instruct the jury on the correct statutory minimum award under § 289.

For similar reasons, Samsung objects to the following sentence in the second paragraph of Revised Instruction No. 27, which should be stricken:  "The amount of those damages must be adequate to compensate Apple for the infringement."  A patentee's entitlement to damages "adequate to compensate for the infringement" derives from § 284, and Apple has waived any right claim under that statute in favor of pursuing a recovery under § 289.  The latter statute does not guarantee that damages will be "adequate to compensate for the infringement," but instead guarantees that the patentee will recover the greater of (i) the infringer's profit (if proven) or (ii) $250 per patent.  Instructing the jury that Apple is entitled to damages "adequate to compensate Apple for the infringement," when in fact Apple has waived any claim under the relevant statute, would be confusing and misleading—particularly because such an instruction could conflict with the separate statutory minimum entitlement to $250 per patent.

**III.  SAMSUNG OBJECTS TO THE OMISSION OF LIMITING LANGUAGE FROM**

**REVISED INSTRUCTION NO. 29**

Samsung objects to Revised Instruction No. 29, and to the Revised Instructions generally, because they fail to impose any limitation on the jury's consideration on Apple's evidence that Samsung allegedly copied the iPhone in connection with determining the relevant articles of manufacture. Samsung has objected to the admission of all such evidence (*see* Tr. 756-58), and continues to assert that it is irrelevant.[4] Samsung accordingly requests that the Court instruct the jury as follows:

> In determining the "articles of manufacture" to which Samsung applied Apple's patented designs, you must apply the test about which I have instructed you. Any evidence or argument that Samsung copied the iPhone is not relevant to your inquiry. As I have instructed you, your awards of damages may not be used to punish Samsung.

Even assuming that such evidence is relevant and admissible, however, it has emerged as such a pervasive and inflammatory theme of Apple's case that a limiting instruction is necessary to ensure that the jury does not consider the alleged copying evidence for any purpose other than the single, limited purpose for which it has been admitted. Specifically, if the Court declines to give the limiting instruction set forth above, Samsung respectfully requests that the Court alternatively instruct the jury as follows:

> In determining the "articles of manufacture" to which Samsung applied Apple's patented designs, you must apply the four-factor test about which I have instructed you. Any evidence or argument that Samsung copied the iPhone may be considered only if and to the extent that it is relevant to the four-factor test on which I have instructed you. You may not consider such evidence for any other purpose. As I have instructed you, your awards of damages may not be used to punish Samsung.

Under Rule 105, issuance of such a limiting instruction is **mandatory** at Samsung's request: "If the court admits evidence that is admissible … for a purpose—but not … for another purpose—the court, on timely request, ***must*** restrict the evidence to its proper scope and instruct the jury accordingly." Fed. R. Evid. 105 (emphasis added); *see, e.g.*, *United States v. Zagari*, 111 F.3d 307,

---

[4] The Court treated Samsung's *Daubert* motion as a motion in limine vis-à-vis copying evidence (Dkt. 3639), and applied Fed. R. Evid. 403 in determining that such evidence would be admissible (Dkt. 3645, at 18). Samsung's evidentiary objections to Apple's copying evidence are thus fully preserved without need to repeat the grounds each time Apple sought to introduce it. *See* Fed. R. Evid. 103(b) ("Once the court rules definitively on the record—either before or at trial—a party need not renew an objection or offer of proof to preserve a claim of error for appeal.").

318 (2d Cir. 1997) ("Rule 105 makes [a limiting] instruction mandatory, if it is requested."). The instant request is timely, *see* Fed. R. Civ. P. 51(a)(1) (written requests for instructions are timely at any time before or at the close of evidence), and the proposed instruction accurately states the present law of this case while placing Apple's alleged copying evidence in a context that allows the jury to fairly evaluate it within the article-of-manufacture test and the case as a whole. Rule 105 requires that the Court give a limiting instruction as requested.

DATED: May 17, 2018

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
John B. Quinn
Kathleen M. Sullivan
William C. Price
Michael T. Zeller
Kevin P.B. Johnson
Victoria F. Maroulis

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC