QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES TO OBJECTIONS REGARDING SLIDES FOR CLOSING ARGUMENT** |

## I. SAMSUNG'S OBJECTIONS TO APPLE'S SLIDES

**PDX 14.32/14.53:**  PDX 14.32 contains images of PX133 and PX134.  PDX14.53 contains images of PX 6 and PX 174.  The Court has determined that these exhibits are "not offered for the truth of the matter."  Any use of these slides by Apple should not be permitted to the extent the are submitting them as to the truth of their content.

**PDX 14.34/14.35:**  Samsung objects to use of these demonstratives during closing because they improperly and misleadingly suggest causation, as explained in Samsung's Motion in Limine No. 1 (*see* Dkt. 3649).  Apple's expert, Ms. Davis, expressly conceded she was not offering any "opinion that infringing designs caused Samsung's market share to increase," (*see* Dkt. 3638-1 at 74:23-75:1), and the negligible probative value of the charts depicted in these demonstratives is substantially outweighed by the danger of unfair prejudice and misleading the jury.

**PDX 14.40/14.41/14.42:**  These slides improperly suggest that the Court and the U.S. Patent and Trademark Office has already determined the articles of manufacture to which Samsung applied the patented designs.  Evidence or argument suggesting that this issue has already been decided would be highly confusing and misleading to the jury, and exceptionally prejudicial to Samsung, and thus should be excluded under Fed. R. Evid. 403.  *See*  Dkt. 3650 (Samsung's Motion in Limine #2).  To the extent these slides are allowed, they should be accompanied by a curative instruction. See Dkt. 3770 at 1-3; Dkt. 3645, at 27-28.

**PDX 14.52:**  This slide should be excluded as irrelevant, misleading and prejudicial.  FRE 402 and 403.  Fame is not at issue in this trial.

**PDX 14.61-14.63:**  Samsung conditionally objects to these slides as, at the time of the filing of this brief, the material in these slides has not been discussed by Mr. Wagner and the slides have not been used as demonstratives in Court.  If these slides are introduced during witness testimony, or the subject matter is otherwise addressed by a witness, Samsung will withdraw its objection.

**PDX 14.17 through 14.29, PDX 14.33; PDX 14.37; PDX 14.48; PDX 14.53:**  As briefed at, *inter alia,* Dkt. 3595-2 at 3, Dkt. 3661 at 33-37, Dkt. 3741 at 3, Dkt. 3724, at 2, Samsung

maintains that evidence related to Apple's allegations of copying is not relevant to any issue in this trial and is much more prejudicial than probative. .

## II. SAMSUNG'S RESPONSE TO APPLE'S OBJECTIONS TO SAMSUNG'S SLIDES

**SDX2102:**   Apple wrongly maintains that this slide is misleading and prejudicial, and being used to argue independent development, but this slide consists of an exhibit that has been admitted into evidence. (May 17, 2018 Tr.)   Moreover, the Court has repeatedly overruled Apple's objections to this image.  *See* 5/15/2018 Trial Tr. at 315:13-318:5 (in opening argument overruling objection to SDX39, which is the same slide as SDX2102); 2012 Tr. 2820:4-9 (during 2012 trial admitting DX684.001); Dkt. 3756 at 2 (2018 HPO Order).   Moreover, Samsung does not intend to use this slide to argue independent development, infringement, or invalidity, but to show non-infringing alternatives and the narrow scope of Apple's asserted patents.

**SDX2105, SDX2125, SDX2132, SDX2158:**   Samsung makes no reference in these slides to Section 289 or remedies of any kind, and Samsung will only use these comparisons of three select infringing and noninfringing phones to show the narrowness of the "scope of the design claimed in the plaintiff's patent," which the Court held that a factfinder "must consider" to identify the relevant articles of manufacture.   Dkt. 3530 at 20.   Further, these phones are not "allegedly" noninfringing; the Court explicitly held that phones found not to infringe in the 2012 trial are proper noninfringing alternatives.  *See* Dkt. 2657.   The Court already rejected Apple's FRE 403 challenge to the use of noninfringing alternatives (*id.* at 12-14 "an analysis under Federal Rule of Evidence 403 favors admitting the 2012 jury's noninfringement verdict" given the risk of prejudice is "low"), and for two of the noninfringing alternative phones in these comparison, the Galaxy Ace and Galaxy S II, the Court overruled this exact objection during Samsung's opening statement.   Trial Tr. at 323-25 ("Mr. Quinn: It goes to Factor 1 in the scope of the claim. The Court: All right. I will allow this.").   Further, Apple waived this objection by using side-by-side comparisons in its own opening slides to demonstrate alleged copying.  *See* PDX 1.25, 1.39. Finally, Apple did not disclose to Samsung its objection to SDX2105 until thirteen minutes before the parties' objections and responses were due to be filed with the Court.

**SDX2118-SDX2119:**   The slides do not present a fairness or policy argument against § 289, but will be used to place Apple's asserted patents in context—illustrating the scope of the asserted claims under factor 1 by comparison the narrower D'926 patent, which has been admitted in evidence for precisely this purpose.  Tr. 558-61.  The slides also illustrate under factor 1 that in identifying the relevant articles of manufacture, the jury is entitled to give diminished weight to the phrase "electronic device" in the text of the D'677 and D'087 patents: Apple used the *same* phrase in a patent that covers only a small component of such a device. There also is no risk of juror confusion; Samsung will not suggest that the D'926 patent is at issue in this case.  It is merely an illustration to help the jury understand the interpretation of the patent claims that Apple has asserted.

**SDX2137:**   There is no basis for excluding SDX2137.  A demonstrative with the identical format was used during the 2012 trial as SDX 5010.402.  Dkt. 1997, at 4210-4211.  The percentages on the right (11% and 30%) were elicited during the testimony of Ms. Davis on May 17, 2018 and are operating profit percentages based on the phones at issue.   The percentages on the left are also in evidence.  DX753.  The comparison is not misleading as Samsung is not arguing that the left two columns represent actual profits on the phones. Instead, the comparison of Ms. Davis' profit percentage to Samsung's financials is a reasonableness check that is permissible in closing.

**SDX2141:**   Apple's objections are unfounded.  The slide does not misrepresent the jury instructions, but accurately summarizes three steps of the Court's Revised Tentative Jury Instruction No. 30: an award of total profit is calculated by (1) calculating gross revenue on each phone; (2) calculate total profit on the phone by subtracting the deductible expenses; and (3) if the design was applied to an article of manufacture less than the entire phone, determine "how much" of the entire-phone profit is attributable to the identified article of manufacture.   The slide des not "improperly suggest[]" that Ms. Davis did not follow the methodology set out in the instruction, but (i) fairly argues that she performed the second step incorrectly; and (ii) accurately states that she did not attempt at the third step to determine the amount of profit attributable to any article of

1  manufacture other than Samsung's entire phones.  *See* Tr. 727 (according to Ms. Davis, "there are
2  two steps" in her analysis, which omits the Court's third step).

3      **SDX2159; SDX2160:**   Samsung intends to use these slides to show the relative
4  prominence of Apple's patented design by showing non-patented features.   Samsung will not use
5  these slides to argue infringement or invalidity or to discuss the fairness or policy of § 289.

6      **SDX2161:**   The Court already allowed the use of analogies in opening (Dkt. 3758-3) and
7  overruled Apple's objection to this exact slide and rules that it could be used during the testimony
8  of Mr. Lucente.   Dkt. 3765 at 2.   This slide was also shown to the jury during Mr. Lucent's direct
9  testimony on May 17, 2018.   (Trial Transcript not available at the time of filing this brief.)   In
10 any event, Samsung does not intend to argue case law with this slide, but to reiterate his opinions
11 about exemplar products as they relate to AOM Factor 3.

16 DATE: May 17, 2018         By  */s/ Victoria F. Maroulis*
                                    John B. Quinn
17                                  William C. Price
                                    Michael T. Zeller
18                                  Kevin P.B. Johnson
                                    Victoria F. Maroulis

                                    Attorneys for SAMSUNG ELECTRONICS CO.,
                                    LTD., SAMSUNG ELECTRONICS AMERICA,
                                    INC. and SAMSUNG
                                    TELECOMMUNICATIONS AMERICA, LLC