| | |
|---|---|
| ERIK J. OLSON (CA SBN 175815) <br> ejolson@mofo.com <br> NATHAN B. SABRI (CA SBN 252216) <br> nsabri@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 | WILLIAM F. LEE (*pro hac vice*) <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> 60 State Street <br> Boston, Massachusetts 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (CA SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

*Attorneys for Plaintiff Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK <br><br> **APPLE'S OBJECTIONS TO SAMSUNG'S CLOSING SLIDES AND RESPONSES TO SAMSUNG'S OBJECTIONS TO APPLE'S CLOSING SLIDES** |

**Apple's Objections to Samsung's Closing Slides**

**SDX2102:** Apple objects to this use of DX684. The Court has made clear that DX684 may not be used to argue independent development and may be used to show non-infringing alternatives. Dkt. 3756 at 2. To date, however, Samsung has not tied these alleged non-infringing alternatives to any proper purpose. While non-infringing alternatives may be relevant to the calculation of reasonable royalties, neither party has presented a calculation of reasonable royalties for Samsung's design patent infringement; Samsung's attempts to shoehorn these alternatives into the article of manufacture analysis should be rejected due to Samsung's improper use of these alternatives (discussed below) to undermine the Court's claim construction (which determines the scope of the claims), and to invite the jury to revisit infringement and question the fairness of § 289.

**SDX2105, SDX2125, DX2132, SDX2158:** Apple objects to Samsung's continued improper use of the Galaxy Ace and other "non-infringing" phones to invite the jury to revisit the issues of infringement and validity, and to question the fairness and policy of § 289 in violation of the Court's order. *See* Dkt. 3689 at 1. The Court excluded a slide much like SDX2125, with a side-by-side comparison between the Galaxy S i9000 and the Galaxy Ace from Samsung's opening statement pursuant to FRE 403 in response to Apple's argument that it prejudicially invited the jury to revisit the prior jury's findings. *See* Dkt. 3734 at 2 (sustaining objection to SDX8). Samsung nonetheless raised the issue of the prior jury's finding with respect to the Ace in its opening statement. Trial Tr. 320-337. Samsung then recreated SDX8 in Court during the cross-examination of Mr. Ball. *Id.* at 566. The Court overruled Apple's objection to the recreation of previously-excluded SDX8 (*id.* at 566-581), at which point counsel for Samsung asked:

> Q. So looking at those two, in terms of prominence then, in terms of the D'677 ***how does the infringing design differentiate itself from the non-infringe design***?

*Id.* As was clear from Mr. Ball's response, answering this question would require an infringement analysis ("I haven't done an infringement analysis," *id.*), and clearly invited the

jury to re-visit and question the prior jury's findings of infringement.  Samsung's claim that this line of questioning was relevant to "prominence" is smoke and mirrors:  Factor 2 addresses "[t]he relative prominence of the design *within the product* as a whole."  Dkt. 3530 at 35.  While other phones (like the iPhone) that practice the patents-in-suit may provide additional information relevant to this factor, there has been no suggestion that *non-infringing* phones have *any* bearing on the relative prominence of the claimed designs within the infringing products.  It is entirely plausible that the front face of a non-infringing phone has a *different* prominent design *within that phone*.  There was no purpose for Samsung's argument other than to invite the jury to question the infringement finding that is the basis for this entire trial.[1]

Samsung's other, similar comparisons are likewise improper, misleading, and prejudicial.  As discussed above, Samsung has already used these comparisons to invite the jury to revisit infringement and validity.  It has also used them to argue the fairness and policy implications of § 289 despite Samsung's assurance it would not do so (Dkt. 3658 at 3:11-15 ("To be clear, Samsung has no intention of 'invit[ing] the jury to reconsider the policy implications of § 289, rather than simply follow[ing] the law as instructed by the Court.'")) and the Court's order that it *could not* do so (Dkt. 3689 at 1).  For example, Samsung created live the comparison now shown on SDX2158 and proceeded to question Dr. Kare about the differences in the hardware design of the Gem device (which infringes only the D'305 patent):

> Q. Looking at this from a design standpoint, will you – can you agree that the Gem, the design of the hardware there, is very different than the iPhone?
>
> A. I see some differences, and I see some similarities.
>
> Q. Okay.  But because the Gem used those icons with the tiles in the background, those containers, notwithstanding the design similarities, it's your position that Apple should recover all the profits that Samsung made on this phone?

---

[1] SDX2125 is even more prejudicial and confusing than the original SDX8 because it labels the phones with patent numbers and a red "No" for the Galaxy S i9000—which was adjudicated to infringe those patents—and a green "Yes" for the Galaxy Ace.

Trial Tr. 658:18-25.  This type of "fairness" argument violates the Court's pre-trial rulings, was improper for Samsung to raise during trial, and would be doubly wrong and unfair for Samsung to make in closing.

**SDX2118-SDX2119:**  The Court has ruled that Samsung may not use "evidence of unasserted patents to make an argument to the jury about the fairness or policy implications of § 289."  Dkt. 3689 at 1; *see* Trial Tr. at 698:21-699:24 (warning Samsung that if it questions the fairness of § 289 in front of the jury again, the Court "will admonish [Samsung] in front of the jury").  That is exactly the argument Samsung seeks to make with these slides, which depict images from a patent completely unrelated to this case and emphasize the small area claimed in the patent as a means of suggesting that it would be unfair to award total profit for infringement of the patent.  Besides running afoul of the Court's prior ruling, such reliance on this patent would mislead, confuse, and distract the jury from focusing on the patents actually involved in this trial.  SDX 2118 and especially SDX 2119 should be excluded under FRE 403.

**SDX2137:**  Apple objects to SDX2137 as prejudicial and misleading.  Despite the title "Total Profits on Entire Phones," the blue bars in the graph are not limited to Samsung phones, let alone the specific phones and units for which the jury is being asked to assess damages; those bars represent unrelated operating profits for ***all*** of Samsung and Samsung's telecommunications segments, respectively.  Dkt. 3606-6, ¶ 124 (Wagner Report).  There is no evidence correlating the operating profits of these corporate entities to the infringing phones.  Further, the slide is prejudicial because the operating profits reflected in those documents are not calculated using the instructions the jury is required to follow to calculate "total profit" in this case.

**SDX2141:**  This slide misleadingly and prejudicially misrepresents the Court's tentative final jury instructions by suggesting that, regardless of what the jury finds to be the article of manufacture, it must "determine how much" total profit is attributable to the article.  That is not what the Court's tentative instruction says.  Dkt. 3764 at 46-47.  Rather, if the jury finds the article of manufacture to be the entire phone, then it will never reach the "third" step.  *Id.*  The slide is also misleading and prejudicial because it blatantly misrepresents the testimony of Ms.

1  Davis.  It misleadingly suggests that Ms. Davis "didn't try" to attribute a portion of total profit to
2  the article; in fact, her testimony properly relied on Mr. Ball and Dr. Kare's conclusions that the
3  whole phone is the article of manufacture.  Under the Court's tentative instruction, the jury
4  should ***not*** "determine how much" profit is attributable to the article if it agrees that the whole
5  phone is the article of manufacture and Ms. Davis' testimony was therefore proper.  The slide
6  also misrepresents the Court's instruction in describing "deductible expenses" (and then
7  prejudicially suggesting Ms. Davis was "wrong"), whereas the instruction requires Samsung to
8  prove that any deductible expenses were "directly attributable" to the infringing phones.  Dkt.
9  3764 at 46.

10  **SDX2159 & SDX2160:** These slides are prejudicial, misleading, and serve no purpose
11  other than to relitigate infringement.  They display front and back views of the Galaxy SII (T-
12  Mobile) (SDX2159) and the Vibrant (SDX2160) with circles placed over elements of the phone
13  that Samsung has previously contended show the phones to be non-infringing.  This includes
14  circles over the phone's branding (*i.e.*, "Samsung," "T-Mobile," "Galaxy") and the radial corners
15  of the phone.  Highlighting these design elements serves no purpose other than to suggest to the
16  jury that these phones do not actually contain the D'677 design, contrary to the first jury's
17  verdict.  *See* Dkt. 1931.  The Court has repeatedly admonished Samsung not to relitigate
18  infringement.  *See* Trial Tr. 320-322; Dkt. 2774 at 4-5; Dkt. 3430 at 11; Dkt. 2736 at 5; Dkt.
19  2696.  By attacking the prior infringement verdict, these slides also invite the jury to question the
20  fairness of 35 U.S.C. § 289 by suggesting that Apple is not entitled to its lawful damages for
21  Samsung's acts of infringement.

22  **SDX2161:** The Court sustained Apple's objection to similar opening demonstratives
23  from Samsung, which depicted a spoon and pianos (SDX21-24) as making an improper legal
24  argument and misleading.  Dkt. 3734 at 2; *see* Dkt. 3725 at 3-4 (Apple's objection).  Although
25  the Court later allowed Samsung to use a slide like SDX2161 during Mr. Lucente's testimony, it
26  should not allow the slide in closing, because it would be unduly prejudicial to Apple.  Apple
27  continues to object to Samsung's reliance on incomplete, misleading hypotheticals that relate to
28

abstract products and are derived only from prior case law (rather than any evidence in this case or any witness's own expertise).  SDX2161 goes beyond reminding the jury of these comparisons and purports to characterize the variance in "product complexity" among the example products, displaying a Samsung phone as the most "complex" product of all.  The slide also risks misleading the jury to believe that a more "complex" product like a smartphone cannot be the article of manufacture to which a design was applied, which is contrary to the Supreme Court's ruling in this case.  It should be excluded under FRE 403.

### Apple's Responses to Samsung's Objections to Apple's Closing Slides

**PDX14.34; PDX14.35:** The Court has repeatedly ruled that evidence of Samsung's market share is probative and not outweighed by unfair prejudice. *See* Dkt. 3673 at 5 (denying Samsung's MIL #1); Dkt. 3447 at 3 (overruling Samsung's MIL #2 in 2016 and noting market share data "was used before the jury in both previous trials" and is "highly probative on the question of damages" and further "not substantially outweighed by a danger of misleading or confusing the jury, or unfair prejudice to Samsung").  These slides were shown in Apple's opening and again with Ms. Davis, and it is entirely proper for Apple to refer the jury to the same evidence and demonstratives during closing.  This objection should again be overruled.

**PDX14.40-PDX14.42**: The Court declined Samsung's request "to amend its claim constructions at this late stage in the litigation," Dkt. 3645 at 27, and these slides do no more than display those claim constructions—which appear in the Court's proposed final jury instructions. Dkt. 3764 at 40-41.  Apple will not suggest that the Court or any other entity has already determined the articles of manufacture to which Samsung applied Apple's patented designs; indeed, Apple's experts both testified explicitly that that determination is for the jury. Trial Tr. 502:14-17 (Ball); *id.* at 602:2-9 (Kare).  The Court also made that clear to the jury in the preliminary instructions, *id.* at 279:16-18, and during the trial, *id.* at 510:7-11, and plans to do so again in the final jury instructions, Dkt. 3764 at 44.  Given these precautions, there is no risk that the jury will be misled into believing the Court has determined the article of manufacture, and there is no basis for preventing Apple from showing the jury the operative claim constructions.

APPLE'S OBJECTIONS TO SAMSUNG'S CLOSING SLIDES AND SAMSUNG'S OBJECTIONS TO APPLE'S CLOSING SLIDES
CASE NO. 11-CV-01846-LHK                          5

**PDX14.52:** This image was shown during Dr. Kare's testimony and is relevant to Factor 2 because it speaks to the relative prominence of the D'305 design relative to the phone.  As the image demonstrates, the patented design is immediately recognizable and identifies the device as a smartphone, making the image highly probative evidence of relative prominence.  The image further speaks to the broader prominence of the D'305 design culturally and how it invokes the very idea of a smartphone.  *See* Trial Tr. 606:23-6.  The Court has previously ruled that evidence pertaining to phones other than the Samsung infringing phones may be relevant to the issue of relative prominence.  Dkt. 3645 at 22-23 (quoting Dr. Kare's opinion that "[t]he fact that the iPhone home screen became iconic is powerful evidence that the D'305 design as embodied in Samsung's infringing phones is in fact a prominent design feature").

**PX14.32:**  Apple agrees that this slide is not being shown to the jury for the truth of the matter asserted, but rather to show how the public perceived Apple's invention of the iPhone and Samsung's infringement of Apple's designs.  The cited exhibits were accordingly admitted into evidence with a limiting instruction to reflect their purpose.  Dkt. 3767 at 2.

**PDX14.61-PDX14:63**:  Samsung's objection is misplaced.  There is no requirement that a closing demonstrative must be used in court with a witness.  Demonstratives are not evidence that is submitted to the jury.  Moreover, Apple expects that the subject matter of these slides will be discussed by witnesses during trial and before closing statements.

**PDX14.17-PDX.14.29, PDX14.33, PDX14.37, PDX14.48, PDX14.53**:  The Court has made clear that "evidence of copying is relevant to the second factor of the article of manufacture test, the prominence of the design."  Dkt. 3684 at 4 (citing Dkt. 3645 at 18-19); Dkt. 3734 at 2.  The Court has also previously ruled such evidence is relevant to the reasonable royalty analysis.  Dkt. 2735 at 3.  Moreover, the exhibits cited in these slides have been admitted as evidence in this trial.  *See* Dkt. 3767 at 1-4.

1  Dated: May 17, 2018                    */s/ Mark D. Selwyn*
                                          Mark D. Selwyn (SBN 244180)

   *Attorney for Plaintiff Apple Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 17, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Mark D. Selwyn*
Mark D. Selwyn