QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S RESPONSE TO COURT ORDER RE SECOND REVISED TENTATIVE FINAL JURY INSTRUCTIONS** |

Samsung respectfully submits the following response to the Court's order in connection with its Second Revised Tentative Final Jury Instructions (Dkt. 3778). Samsung has no further objections to the Second Revised Instructions beyond those previously asserted (*see* Dkts. 3672-2, 3726, 3770)—which are expressly preserved and incorporated by reference herein, and which the Court has "deemed preserved for the purposes of appeal" (Dkt. 3778, at 2).

In response to the Court's directive regarding the double recovery instruction (Dkt. 3778, at 1), it is Samsung's position that the Court should retain Revised Tentative Jury Instruction No. 33 (Dkt. 3764, at 50), subject to Samsung's prior objections (Dkt. 3726, at 21-22; Dkt. 3770, at 7-9) incorporated herein, because Apple has waived any request for recovery of Samsung's profits on multiple articles of manufacture from the same unit sale. Apple never proposed an instruction on this issue (*see* Dkt. 3672-2, at 148), and did not object to the Court's Tentative Final Jury Instruction No. 33 or Revised Tentative Jury Instruction No. 33 on this basis (*see* Dkt. 3721; Dkt. 3769). Adopting an instruction on this issue on the last day of trial would be prejudicial to Samsung.

If the Court disagrees, then Samsung proposes that the Court adopt following instruction regarding double recovery:

> You should award only one form of remedy for any given unit or sale. If you choose to award any amount of Samsung's profit for a particular unit or sale, you may not also award a reasonable royalty for that same unit, and vice versa.
>
> If you award an amount of Samsung's profit as to a particular unit or sale, you may only award the profit earned by Samsung on the article of manufacture to which the design was applied once. Even if a product infringed more than one patent, you may not award profits on the article of manufacture to which the patented design was applied more than once.

This proposed instruction reflects the Court's ruling (to which Samsung preserves its objections) that, "[i]f the jury agrees with Samsung regarding the articles of manufacture, then the jury may award Samsung's profit on multiple articles of manufacture for the same sale. However, the jury cannot award the profit on the glass front face twice even though Samsung proposes a glass front face and bezel as one article of manufacture and the glass front face as another article of manufacture." Dkt. 3778, at 1.

The proposed instruction also reflects Apple's damages theory throughout the case that the jury should be permitted to award only one form of remedy for any given unit sale. For example,

Apple in 2012 proposed an instruction stating: "[O]nce you have awarded Apple a remedy with respect to a Samsung sale, you should not award Apple another remedy with respect to the sale of the same unit. … In addition, a single Samsung product could violate more than one of Apple's intellectual property assets. However, you should award Apple only one form of remedy for each sale that violates Apple's intellectual property rights." Dkt. 1232, at 150; *see also* Dkt. 1694, at 250 (similar). The Court adopted materially similar language in the instructions it gave (*e.g.*, Dkt. 1903, at 96), and Apple has never objected to such instructions or proposed a different one.

On remand, Apple has adhered to its position that the jury may award only one form of recovery for any given unit—even *after* Samsung made clear that it would seek to limit any award of § 289 profits to those earned from the components of its smartphones to which the patented designs were applied. Prior to this trial, Apple again proposed that the jury should be instructed:

> [Y]ou should not award Apple more than one type of remedy for the same sale of any infringing product. This means that if you award infringer's profits under design patent infringement for the sale of a certain number of infringing smartphones, you may not also award reasonable royalties for those same sales. If you award reasonable royalties for the sale of a certain number of infringing products, you may not also award design patent infringer's profits as to those same sales.
>
> …
>
> If a sale is awarded one form of monetary recovery, that same sale cannot be awarded another form of monetary recovery.

Dkt. 3672-2, at 148. And on direct examination, Apple's damages Ms. Davis testified that she "had to look at each unit essentially one by one to make sure that we had them in the right bucket so there was no double counting. They can go in one or the other, but they can't go in both." Tr. 707:9-12 (discussing PDX 9.2). Ms. Davis further testified that "there's only one form of damages for each unit," and agreed that, "even if [a given unit] infringed multiple patents," Apple seeks "just … one remedy" for that unit. Tr. 708:2-8. Apple has thus waived any theory under which it could recover both § 289 profits and a § 284 reasonable royalty on the same unit. The Court should not adopt a new instruction permitting such recovery on the last day of the third trial in this case.

Finally, and in response to the Court's question (Dkt. 3778, at 2), Samsung's proposed instruction is supported by the Federal Circuit's decision in *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277 (Fed. Cir. 2002), which continues to govern the available remedies in this case.

Apple has never argued otherwise.  As this Court has explained, *Catalina Lighting* holds that "a plaintiff may be compensated only once for each sale, even if more than one form of infringement has occurred."  Dkt. 2271, at 19 n.2 (citing *Catalina Lighting*, 295 F.3d at 1277).  Thus, a patentee may elect the greater of an infringer's profits under § 289 and a reasonable royalty under § 284, if neither theory is waived, but it may not "recover [both] infringer profits and a reasonable royalty when both a design patent and a utility patent have been infringed by the sale of a single product."  *Catalina Lighting*, 295 F.3d at 1291.  In so holding, the Federal Circuit construed and relied on 35 U.S.C. § 284:  "once [the plaintiff] receive[d] profits under § 289 for each sale, [it] is not entitled to a further recovery from the same sale because the award of infringer profits under § 289 also constitutes 'damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer.'"  *Id.* (quoting 35 U.S.C. § 284).  And this construction of § 284 applies fully in this case, because an award of total profit from the relevant article of manufacture under § 289 is more than "adequate to compensate for the infringement" brought about by the sale of the product in which the relevant articles of manufacture may have been incorporated:  An award of $28.1 million in profits (Tr. 1060-61) is more than "adequate to compensate" Apple for any injury caused by Samsung's infringement, 35 U.S.C. § 284.  Apple has never contended otherwise and thus has waived any argument to the contrary.

In any event, this Court remains bound to follow *Catalina Lighting* "until overruled by either the Supreme Court or by [the Federal Circuit] *en banc*."  *Cobert v. Miller*, 800 F.3d 1340, 1349 (Fed. Cir. 2015); *see, e.g.*, *Preminger v. Sec'y of Veterans Affairs*, 517 F.3d 1299, 1309 (Fed. Cir. 2008) ("A prior precedential decision on a point of law by a panel of this court is binding precedent and cannot be overruled or avoided unless or until the court sits *en banc*."); *Sacco v. Dep't Of Justice*, 317 F.3d 1384, 1386 (Fed. Cir. 2003) (court is "bound by prior precedential decisions unless and until overturned *en banc*").  Neither the *en banc* Federal Circuit nor the Supreme Court has overruled *Catalina Lighting*, and Apple has never suggested that *Catalina Lighting* is no longer good law—thus waiving any argument to the contrary that it may now seek to press.

The rule in *Catalina Lighting* is not altered by the Supreme Court's decision in this case, because the two decisions addressed different provisions of the Patent Act.  As discussed, *Catalina*

*Lighting* construed only § 284.  The Federal Circuit made clear that its decision did *not* rest on § 289, which "*does not directly address*" the question "whether an additional remedy may be recovered when both a design patent and a utility patent have been infringed." 295 F.3d at 1291 (emphasis added).  Instead, the Federal Circuit relied on § 284, which the Supreme Court's decision in this case did not address—its decision was expressly limited to construing the term "'article of manufacture,' as used in § 289," *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434 (2016).  Nothing in that decision calls into question the holding in *Catalina Lighting*, which remains binding on this Court and controlling of this issue.  The Court should not permit the jury to stack a reasonable royalty on top of an award of total profit from the relevant article of manufacture under § 289— relief Apple has never sought and to which it is not entitled under governing precedent.

DATED:  May 18, 2018			Respectfully submitted,

				QUINN EMANUEL URQUHART & SULLIVAN, LLP


				By */s/ Victoria F. Maroulis*
				    John B. Quinn
				    Kathleen M. Sullivan
				    William C. Price
				    Michael T. Zeller
				    Kevin P.B. Johnson
				    Victoria F. Maroulis

				Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC