| | |
|---|---|
| ERIK J. OLSON (CA SBN 175815) | WILLIAM F. LEE (*pro hac vice*) |
| ejolson@mofo.com | william.lee@wilmerhale.com |
| NATHAN B. SABRI (CA SBN 252216) | WILMER CUTLER PICKERING |
| nsabri@mofo.com |   HALE AND DORR LLP |
| MORRISON & FOERSTER LLP | 60 State Street |
| 425 Market Street | Boston, Massachusetts 02109 |
| San Francisco, California 94105-2482 | Telephone: (617) 526-6000 |
| Telephone: (415) 268-7000 | Facsimile: (617) 526-5000 |
| Facsimile: (415) 268-7522 | |
| | MARK D. SELWYN (CA SBN 244180) |
| | mark.selwyn@wilmerhale.com |
| | WILMER CUTLER PICKERING |
| |   HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

*Attorneys for Plaintiff Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | |
|        Plaintiff, | |
|   vs. | Case No. 11-cv-01846-LHK |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **APPLE'S RESPONSE TO THE COURT'S SECOND REVISED TENTATIVE FINAL JURY INSTRUCTIONS (DKT. 3778)** |
|        Defendants. | |

Apple respectfully submits the following responses to the Court's Second Revised Tentative Final Jury Instructions (Dkt. 3778).

**1.** In response to the Court's order that the parties propose a new instruction to the jury for avoiding double recovery, Apple respectfully submits the proposed instruction attached as Exhibit A ("Monetary Remedies—Only One Recovery Per Infringing Sale").

**2.** Apple does not contend that the Supreme Court's 2016 decision overturned *Catalina Lighting*, *Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277 (Fed. Cir. 2002). As Apple explained in its Objections to the Court's Revised Tentative Final Jury Instructions (Dkt. 3769 at 2), the Supreme Court ruled on only one question: "The only question we resolve today is whether, in the case of a multicomponent product, the relevant 'article of manufacture' must always be the end product sold to the consumer or whether it can also be a component of that product." *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 433 (2016). The Court did not address the "shall not twice recover" provision in 35 U.S.C. § 289.

In *Catalina Lighting*, the infringer's profit award was calculated on the whole infringing product. *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1289 (Fed. Cir. 2002) ("Both recoveries were calculated from the same sales of infringing lamps."). That case did not address a situation where the infringer's profit award is made on a component of the infringing product. In this case, Apple is not seeking utility patent damages on any unit sales where infringer's profits are awarded. The Court therefore need not address the issue left open by *Catalina Lighting* and the jury need not be instructed that it may also award a reasonable royalty on the utility patents for any particular unit sale if it first makes an award of infringer's profits for that same unit sale.

**3.** Apple does not object to the Court's revised Jury Instruction No. 30 (Dkt. 3778 at 45). Apple also does not object to the Court's revisions to Second Revised Tentative Final Jury Instruction Nos. 27 and 31 (*id.* at 41, 46).

**4.** For preservation purposes, Apple restates and maintains its other previous objections. *See* Dkts. 3672, 3672-2, 3721, 3769.

Dated: May 18, 2018                    */s/ Mark D. Selwyn*
                                        Mark D. Selwyn (SBN 244180)

                                        *Attorney for Plaintiff Apple Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 18, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Mark D. Selwyn*
Mark D. Selwyn