1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

APPLE INC.,

Case No.11-CV-01846-LHK

13

Plaintiff,

**ORDER RE SEALING MOTION**

14

v.

Re: Dkt. Nos. 3628, 3629, 3647, 3648, 3771

15

SAMSUNG ELECTRONICS CO. LTD., et al.,

16
17

Defendants.

18

Before the Court are sealing motions related to the parties' responses to the Court's

19

questions on the parties' *Daubert* motions, the parties' motions in limine, and Samsung's response

20

to the Court's order about its witness's travel schedule. *See* ECF Nos. 3628, 3629, 3647, 3648,

21

3771.

22

"Historically, courts have recognized a 'general right to inspect and copy public records

23

and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of*

24

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

25

U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in

26

favor of access is the starting point." *Id.* (internal quotation marks omitted).

27
28

1

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098-99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research,

2

United States District Court
Northern District of California

development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has

adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a]

trade secret may consist of any formula, pattern, device or compilation of information which is

used in one's business, and which gives him an opportunity to obtain an advantage over

competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)

(quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the

production of goods. . . . It may, however, relate to the sale of goods or to other operations in the

business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that

sealing may be justified to prevent judicial documents from being used "as sources of business

information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established

by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request

that establishes the document is "sealable," or "privileged, protectable as a trade secret or

otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly

tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.*

Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that

is narrowly tailored to seal only the sealable material" and that "lists in table format each

document or portion thereof that is sought to be sealed," as well as an "unredacted version of the

document" that "indicate[s], by highlighting or other clear method, the portions of the document

that have been omitted from the redacted version." *Id.* R. 79-5(d)(1).

Here, the parties seek to seal limited portions of non-dispositive motions briefing and

exhibits that disclose Samsung financial information. The parties also seek to redact confidential

survey data and confidential pricing, supplier, and product specification data. The Federal Circuit

has previously determined in this case that similar detailed financial, licensing, and manufacturing

capacity information is sealable under both the "good cause" and "compelling reasons" standards.

*Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226–29 (Fed. Cir. 2013). Samsung also seeks

3

to seal the flight information of two of its corporate witnesses because the public has no interest in the information and the documents contain personal financial account information.

With the appropriate standards and the Federal Circuit's guidance in mind, the Court rules on the instant motions as follows:

| Motion to Seal | Standard | Document | Ruling |
|---|---|---|---|
| 3628 | Good cause | Samsung's Response to March 27, 2018 Court Order, ECF No. 3628-3 | GRANTED. |
| 3628 | Good cause | Exhibit 1, ECF No. 3628-5 | GRANTED. |
| 3628 | Good cause | Exhibit 2, ECF No. 3628-6 | DENIED. Apple does not maintain a claim of confidentiality per ECF No. 3640. |
| 3629 | Good cause | Apple's Response to the Court's Questions Regarding Daubert Motions, ECF No. 3629-3 | DENIED. Samsung does not maintain a claim of confidentiality per ECF No. 3641. |
| 3629 | Good cause | Exhibit C, ECF No. 3629-7 | GRANTED. |
| 3647 | Good cause | Exhibit B, ECF No. 3647-6 | DENIED without prejudice.  The parties have failed to file a highlighted copy proposing redactions. |
| 3648 | Good cause | Apple's Motion in Limine #3, ECF No. 3648-3 | DENIED without prejudice.  The parties have failed to file a highlighted copy proposing redactions. |
| 3648 | Good cause | Exhibit B, ECF No. 3648-6 | GRANTED as to the redactions proposed in ECF No. 3660. |
| 3648 | Good cause | Exhibit C, ECF No. 3648-7 | GRANTED as to the redactions reflected in ECF No. 3660-2. |
| 3648 | Good cause | Exhibit D, ECF No. 3648-8 | GRANTED as to the redactions reflected in ECF No. 3660-4. |
| 3648 | Good cause | Exhibit E, ECF No. 3648-9 | GRANTED as to the redactions reflected in ECF No. 3660-6. |
| 3648 | Good cause | Exhibit F, ECF No. 3648-10 | DENIED without prejudice.  The parties have failed to file a highlighted copy proposing redactions. |
| 3771 | Good cause | Exhibit A, ECF No. 3771-4 | GRANTED. |
| 3771 | Good cause | Exhibit B, ECF No. 3771-5 | GRANTED. |
| 3771 | Good cause | Exhibit C, ECF No. 3771-6 | GRANTED. |

United States District Court
Northern District of California

4

1    **IT IS SO ORDERED.**

2

3    Dated: May 21, 2018

4    _____
     LUCY H. KOH
5    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

5

Case No. 11-CV-01846-LHK
ORDER RE SEALING MOTIONS