| | |
|---|---|
| ERIK J. OLSON (CA SBN 175815) | WILLIAM F. LEE (*pro hac vice*) |
| ejolson@mofo.com | william.lee@wilmerhale.com |
| NATHAN B. SABRI (CA SBN 252216) | WILMER CUTLER PICKERING |
| nsabri@mofo.com | HALE AND DORR LLP |
| MORRISON & FOERSTER LLP | 60 State Street |
| 425 Market Street | Boston, Massachusetts 02109 |
| San Francisco, California 94105-2482 | Telephone: (617) 526-6000 |
| Telephone: (415) 268-7000 | Facsimile: (617) 526-5000 |
| Facsimile: (415) 268-7522 | |
| | MARK D. SELWYN (CA SBN 244180) |
| | mark.selwyn@wilmerhale.com |
| | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

*Attorneys for Plaintiff Apple Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**DECLARATION OF MARK D. SELWYN IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE TRIAL EXHIBITS UNDER SEAL** |

I, Mark D. Selwyn, hereby declare as follows:

1. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-captioned case. I am licensed to practice law in the State of California, the Commonwealth of Massachusetts, and the State of New York, and am admitted to practice before the U.S. District Court for the Northern District of California. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts under oath.

2. Pursuant to Local Rule 79-5, I submit this declaration in support of Apple's Administrative Motion to File Trial Exhibits Under Seal ("Apple's Motion to Seal") regarding Trial Exhibits DX572 and DX4540.

3. DX572, attached as Exhibit A, is a smartphone market survey that contains detailed market research information regarding customer use of Apple products and competing products. The exhibit contains proprietary Apple information, and the public disclosure of this information would be harmful for similar reasons to those previously stated in the Declaration of Greg Joswiak in Support of Apple's Motion to Seal Trial Exhibits. *See* Dkt. 1496 (supporting sealing market research documents describing buyer survey responses regarding Apple's products because detailed information of this kind is extremely valuable time series information that shows how customer preferences have evolved). The Federal Circuit has previously approved of Apple's request to seal market research documents that contain a similar level of detail regarding Apple products and that are not relied on by the parties or are irrelevant to the public's understanding of the judicial proceedings. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd.*, *et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 727 F.3d 1214, 1226-28 (Fed. Cir. 2013) (approving the sealing of market research documents). This Court also previously approved Apple's request to seal portions of DX572 that were not shown at the 2013 damages trial. *See* Dkt. 2796; Dkt. 2789-1; *see also* Dkt. 2794 (Apple motion to seal DX572). Apple therefore requests to seal DX572.001-.002, DX572.004-.005, DX572.007-.081, DX572.083-

.097, which were not displayed in Court.  *See* Trial Tr. 406:1-408:12 (moving DX572 into evidence during cross-examination of Mr. Joswiak, but only asking him about DX572.003, DX572.006, DX572.082).

4. DX4540, attached as Exhibit B, is a competitive analysis of the development of Samsung's brand in the United States smartphone market.  The exhibit contains sensitive internal Apple strategic analysis and marketplace research.  Public disclosure of this exhibit would be harmful to Apple and could be used by its competitors to gain an unfair advantage in the marketplace.  The Federal Circuit has previously approved of Apple's request to seal market research documents that contain a similar level of detail regarding Apple products and that are not relied on by the parties or are irrelevant to the public's understanding of the judicial proceedings.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd.*, *et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 727 F.3d 1214, 1226-28 (Fed. Cir. 2013) (approving the sealing of market research documents).  This Court has also previously approved Apple's request to seal portions of this exhibit not shown at trial in the 12-cv-630 action.  *See Apple Inc. v. Samsung Elecs., et al.*, No. 12-cv-630, Dkt. 1781-1 at 3 (reflecting that document beginning with Bates number APLNDC630-0001351428 ("Samsung's brand update") was sealed except for portions shown at trial).  Apple therefore requests to seal DX4540.001, DX4540.003, DX4540.05-.014, which were not shown in Court.  *See* Trial Tr. 409:8-411:14 (moving in DX4540 during cross-examination of Mr. Joswiak, but only asking him about DX4540.004).

5. The relief requested by Apple is necessary and narrowly tailored to protect its confidential business information.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this Declaration was executed this 24th day of May, 2018.

By: */s/ Mark D. Selwyn*
Mark D. Selwyn