QUINN EMANUEL URQUHART &
SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF TRIAL EXHIBITS NOT SHOWN AT TRIAL** |

Pursuant to Civil Local Rules 7-11 and 79-5, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung")[1] hereby brings this administrative motion for an order to seal portions of trial exhibits not shown at trial.

## RELIEF REQUESTED

Samsung requests an order granting Samsung's motion to file under seal the portions of the following trial exhibits that were not displayed in Court:

| Document | Portions to be Filed Under Seal | Parties Claiming Confidentiality |
|---|---|---|
| DX4568 – Summary of Specification for Approval Documents | Entire document except DX4568.038, DX4568.100, and DX4568.146, which were shown in Court at trial. | Samsung |
| DX4607 – Samsung Galaxy S II Launch Master Plan | Entire document except DX4607.009 and DX4607.013 which were shown in Court at trial. | Samsung |

### I.  THE INFORMATION IS PROPERLY SEALABLE UNDER THE "COMPELLING REASONS" STANDARD

Samsung seeks to seal references to Samsung's supplier and product specification information referenced in DX4568; and marketing and advertising strategy information referenced in DX4607.  This information is properly sealable under the compelling reasons standard.

The compelling reasons standard applies to a motion to seal information presented at trial. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *accord* Dkt. 1649 at 2.  Such materials may be sealed so long as the party seeking to seal provides "compelling reasons […] supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-1179.  Compelling reasons have been found to seal, for example, documents containing confidential source code, *Apple, Inc.*

---

[1] Effective January 1, 2015, Samsung Telecommunications America ("STA") merged with and into Samsung Electronics America, and therefore STA no longer exists as a separate corporate entity.

*v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012); documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016); documents containing "highly sensitive information regarding [the party's] product architecture and development," *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014); and documents in the form of "emails containing information about [a party's] business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers," *Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No. 14–cv–02737–BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Feb. 10, 2015).

  As set forth in the Declaration of Michael L. Fazio in Support of Samsung's Administrative Motion to File Under Seal, Samsung considers information about its relationships with manufacturers and suppliers, and information about product specifications, highly confidential.  Samsung takes extraordinary steps to maintain the secrecy of such information.  Samsung would face harm from public disclosure of the product specification and technical information identified in DX4568.  Competitors could use this highly confidential information, which reveals Samsung's product architecture, development, and supplier relationships, to gain an unfair business advantage against Samsung.

  The supplier and product specification information in DX4568 is properly sealable under the compelling reasons standard.  *See*, *e.g.*, *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (sealing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them"); *Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No.14–cv–02737–BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Feb. 10, 2015) (sealing "information about [a party's] business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers"); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (sealing documents containing "highly sensitive

information regarding [a party's] product architecture and development"); Case No. 5:12-cv-00630 at Dkt. Nos. 810, 858, 874, 949, 3596 (providing compelling reasons why Samsung internal product development processes, including supplier information, should be filed under seal).  The Court has recently granted motions to seal similar information in this litigation. *See* Dkt. 3635 (sealing Samsung supplier information); Dkt. 3789 at 4 (sealing Samsung product specifications filed at Dkt. 3660).

As set forth in the Declaration of Michael L. Fazio in Support of Samsung's Administrative Motion to File Under Seal, Samsung also considers information about its marketing strategies highly confidential.  Samsung takes extraordinary steps to maintain the secrecy of such information.  Samsung would face harm from public disclosure of the marketing and advertising strategy information identified in DX4607.  Competitors could use this highly confidential information to gain an unfair business advantage against Samsung, including by circumventing the time and resources necessary to develop their own marketing practices and strategies.

The marketing and advertising strategy information in DX4607 is properly sealable under the compelling reasons standard.  *See*, *e.g. Baker v. SeaWorld Entm't, Inc.*, No. 14CV2129-MMA (AGS), 2017 WL 5029612, at *5 (S.D. Cal. Nov. 3, 2017) (marketing strategies properly sealable under compelling reasons standard); *Bauer Bros. LLC v. Nike, Inc.*, No. 09CV500-WQH-BGS, 2012 WL 1899838, at *3 (S.D. Cal. May 24, 2012) (finding compelling reasons to seal documents containing marketing and advertising strategies and business data); *see also Lathrop v. Uber Techs., Inc.*, 2016 WL 9185002, at *2 (N.D. Cal. June 17, 2016) ("[U]nder Ninth Circuit law ... internal reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage.").

For the foregoing reasons, Samsung respectfully requests that the Court grant this Administrative Motion to File Under Seal.

| | |
|---|---|
| DATED: May 25, 2018 | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br><br>  /s/ Victoria F. Maroulis<br>John B. Quinn<br>Kathleen M. Sullivan<br>William C. Price<br>Michael T. Zeller<br>Kevin P.B. Johnson<br>Victoria F. Maroulis<br><br>Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |