QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | CASE NO. 11-cv-01846-LHK <br><br> **DECLARATION OF MICHAEL L. FAZIO IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF TRIAL EXHIBITS NOT SHOWN AT TRIAL** |

# DECLARATION OF MICHAEL L. FAZIO

I, Michael L. Fazio, declare:

1. I am a member of the State Bar of California, admitted to practice before this Court, and a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung").[1] I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. I make this declaration in support of Samsung's Administrative Motion to File Under Seal trial exhibits DX4568 and DX4607. These exhibits are already lodged with the Court, and are attached as exhibits to this Administrative Motion to File Under Seal. Samsung requests that DX4568 be sealed, except as to DX4568.100 and DX4568.146, which were shown in Court at trial. Samsung further requests that DX 4607 be sealed, except as to DX4607.009 and DX4607.013 which were shown in Court at trial.[2]

3. Samsung served DX4568 and DX4607 on Apple as part of the parties' exchange of trial exhibits. In observance of the procedural mechanism regarding sealing in this case and Civil L.R. 7-11, Samsung's counsel met and conferred with Apple's counsel regarding this motion to seal. Apple does not oppose Samsung's Administrative Motion to File Documents Under Seal as a procedural mechanism for requesting that portions of Samsung's trial exhibits be placed under seal. Apple reserves the right to challenge any proposed redactions to the extent it believes those redactions improperly seal non-confidential information. Within seven days of Apple or any third party filing declarations in support of sealing, if any, the parties will prepare and Samsung will file a final consolidated and conformed copy of the trial exhibits identifying what information parties have supported sealing in their declarations.

---

[1] Effective January 1, 2015, Samsung Telecommunications America ("STA") merged with and into Samsung Electronics America, and therefore STA no longer exists as a separate corporate entity.

[2] The portions of these documents that Samsung seeks to seal are highlighted in yellow.

4.     DX4568 (attached as Exhibit A) contains Samsung's supplier and product specification information.  Samsung considers information about its relationships with manufacturers and suppliers, and information about product specifications, highly confidential.  Samsung takes extraordinary steps to maintain the secrecy of such information.  Samsung would face harm from public disclosure of the product specification and technical information identified in DX4568.  Competitors could use this highly confidential information, which reveals Samsung's product architecture, development, and supplier relationships, to gain an unfair business advantage against Samsung.  Such materials regarding a party's confidential business practices are properly sealable, including under the compelling reasons standard.  *See*, *e.g.*, *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (sealing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them"); *Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No.14–cv–02737–BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Feb. 10, 2015) (sealing "information about [a party's] business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers"); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (sealing documents containing "highly sensitive information regarding [a party's] product architecture and development"); Case No. 5:12-cv-00630 at Dkt. Nos. 810, 858, 874, 949, 3596 (providing compelling reasons why Samsung internal product development processes, including supplier information, should be filed under seal).  The Court has recently granted motions to seal similar information in this litigation.  *See* Dkt. 3635 (sealing Samsung supplier information); Dkt. 3789 at 4 (sealing Samsung product specifications filed at Dkt. 3660).

5.     DX4607 (attached as Exhibit B) contains Samsung's marketing and advertising strategy information.  Samsung considers information about its marketing strategies highly confidential.  Samsung takes extraordinary steps to maintain the secrecy of such information.  Samsung would face harm from public disclosure of the marketing and advertising strategy information identified in DX4607.  Competitors could use this highly confidential information to gain an unfair business advantage against Samsung, including by circumventing the time and

1  resources necessary to develop their own marketing practices and strategies.  Such materials
2  regarding a party's confidential business practices are properly sealable, including under the
3  compelling reasons standard.  *See*, *e.g*. *Baker v. SeaWorld Entm't, Inc.*, No. 14CV2129-MMA
4  (AGS), 2017 WL 5029612, at *5 (S.D. Cal. Nov. 3, 2017) (marketing strategies properly sealable
5  under compelling reasons standard); *Bauer Bros. LLC v. Nike, Inc.*, No. 09CV500-WQH-BGS,
6  2012 WL 1899838, at *3 (S.D. Cal. May 24, 2012) (finding compelling reasons to seal documents
7  containing marketing and advertising strategies and business data); *see also Lathrop v. Uber*
8  *Techs., Inc.*, 2016 WL 9185002, at *2 (N.D. Cal. June 17, 2016) ("[U]nder Ninth Circuit law ...
9  internal reports are appropriately sealable under the 'compelling reasons' standard where that
10 information could be used to the company's competitive disadvantage).

   I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.  Executed May 25, 2018, at Los Angeles, California.

                                              */s/ Michael L. Fazio*
                                              Michael L. Fazio

02198-51855/10150361.3

-3-     Case No. 11-cv-01846-LHK
FAZIO DECL. ISO APPLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the above Declaration. In compliance with Local Rule 5-1(i)(3), I hereby attest that Michael L. Fazio has concurred in the aforementioned filings.

                                                                    */s/ Victoria Maroulis*

                                                                    Victoria Maroulis