<pre>
 1                    UNITED STATES DISTRICT COURT

 2                   NORTHERN DISTRICT OF CALIFORNIA

 3                          SAN JOSE DIVISION

 4

 5

        APPLE INC., A CALIFORNIA        )  C-11-01846 LHK
 6      CORPORATION,                    )
                                        )  SAN JOSE, CALIFORNIA
 7                    PLAINTIFF,         )
                                        )  MAY 22, 2018
 8              VS.                      )
                                        )  VOLUME 6
 9      SAMSUNG ELECTRONICS CO., LTD.,  )
        A KOREAN BUSINESS ENTITY;       )  PAGES 1376 - 1401
10      SAMSUNG ELECTRONICS AMERICA,    )
        INC., A NEW YORK CORPORATION;   )
11      SAMSUNG TELECOMMUNICATIONS      )
        AMERICA, LLC, A DELAWARE        )
12      LIMITED LIABILITY COMPANY,      )
                                        )
13                    DEFENDANTS.       )
        _____)

14

15

16              TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE LUCY H. KOH
17            UNITED STATES DISTRICT JUDGE

18

19

20            APPEARANCES ON NEXT PAGE

21

22    OFFICIAL COURT REPORTERS:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                   CERTIFICATE NUMBER 9595
23                                 IRENE RODRIGUEZ, CSR, CRR, CMR
                                   CERTIFICATE NUMBER 8074
24

25         PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED WITH COMPUTER
</pre>

```
 1      APPEARANCES

 2      FOR PLAINTIFF          WILMER, CUTLER, PICKERING,
        APPLE:                 HALE AND DORR
 3                             BY:  JOSEPH J. MUELLER
                                    SARAH R. FRAZIER
 4                             60 STATE STREET
                               BOSTON, MASSACHUSETTS  02109
 5

 6                             BY:  AMY K. WIGMORE
                               1875 PENNSYLVANIA AVENUE, N.W.
 7                             WASHINGTON, D.C.  20006

 8                             MORRISON & FOERSTER
                               BY:  NATHAN B. SABRI
 9                             425 MARKET STREET, 32ND FLOOR
                               SAN FRANCISCO, CALIFORNIA  94105
10
                               BY:  ERIK OLSON
11                             755 PAGE MILL ROAD
                               PALO ALTO, CALIFORNIA  94304
12

13      ALSO PRESENT:          NOREEN KRALL
                               CYNDI WHEELER
14

15

16

17

18

19

20

21

22

23

24

25
```

1

2     APPEARANCES (CONTINUED)

3

4     FOR DEFENDANT            QUINN, EMANUEL, URQUHART & SULLIVAN
      SAMSUNG:                 BY:  WILLIAM C. PRICE
5                              865 SOUTH FIGUEROA STREET, 10TH FLOOR
                               LOS ANGELES, CALIFORNIA  90017
6
                               BY:  VICTORIA F. MAROULIS
7                                   BRETT J. ARNOLD
                               555 TWIN DOLPHIN DRIVE
8                              SUITE 560
                               REDWOOD SHORES, CALIFORNIA  94065
9
                               BY:  CARL G. ANDERSON
10                             50 CALIFORNIA STREET, 22ND FLOOR
                               SAN FRANCISCO, CALIFORNIA  94111
11

12     ALSO PRESENT:            CHRIS GRANT

13

14

15

16

17

18

19

20

21

22

23

24

25

1    SAN JOSE, CALIFORNIA                    MAY 22, 2018

09:57:23   2              P R O C E E D I N G S

09:57:23   3         (JURY OUT AT 9:57 A.M.)

09:57:28   4              THE COURT:  GOOD MORNING AND WELCOME.

09:57:34   5              MR. MUELLER:  GOOD MORNING, YOUR HONOR.

09:57:37   6              THE COURT:  MAY I HAVE A HARD COPY OF THE ACTUAL

09:57:41   7    DEMONSTRATIVE SLIDES THAT WERE USED DURING THE TRIAL?  THAT'S

09:57:45   8    WHAT I HAD ACTUALLY REQUESTED, BUT I UNDERSTAND BOTH SIDES JUST

09:57:48   9    SUBMITTED A LIST WITH THE SDX NUMBERS.

09:57:50   10             MR. MUELLER:  WE CAN CERTAINLY GET YOUR HONOR

09:57:53   11   PHYSICAL HARD COPIES.

09:57:55   12             THE COURT:  OKAY.

09:57:57   13             MS. MAROULIS:  I'M SORRY, YOUR HONOR.  I THOUGHT IT

09:57:59   14   WAS DONE YESTERDAY WHEN WE LODGED IT.

09:58:02   15        OKAY.  I UNDERSTAND THAT OUR COPIES WERE LODGED WITH THE

09:58:05   16   CLERK'S OFFICE YESTERDAY.

09:58:06   17             THE COURT:  OKAY.  WELL, I GUESS I'D LIKE TWO THINGS

09:58:11   18   THEN.  IF IT'S WITH THE CLERK'S OFFICE, THAT'S FINE.  THAT

09:58:14   19   SHOULD BE PART OF THE RECORD FOR AN APPEAL.

09:58:16   20        BUT I WOULD LIKE A COPY FOR CHAMBERS IN CASE ANYTHING

09:58:19   21   COMES UP ON POST-TRIAL MOTIONS OR SIMILARLY WITH THIS.

09:58:23   22        I KNOW THAT THE DEMONSTRATIVES WERE BEING CHANGED DURING

09:58:26   23   THE TRIAL, SO IT WOULD BE HELPFUL FOR US TO HAVE A SET OF WHAT

09:58:31   24   YOU ACTUALLY USED SO THAT WHEN WE HAVE A QUESTION LIKE THIS,

09:58:35   25   I'LL KNOW EXACTLY WHICH ONE YOU USED, VERSUS WE JUST HAVE

09:58:40   1   DRAFTS THAT YOU THEN OBJECTED TO AND THEN THERE WERE CHANGES

09:58:43   2   MADE AFTER THE OBJECTIONS WERE RULED ON, SO WE DON'T HAVE THE

09:58:46   3   SORT OF FINAL VERSION.

09:58:48   4       WHEN CAN I GET THAT, PLEASE?

09:58:50   5       MR. MUELLER:  WE CAN CERTAINLY GET YOUR HONOR A

09:58:52   6   PHYSICAL HARD COPY FOR CHAMBERS OF THE FINAL AS USED

09:58:55   7   DEMONSTRATIVES TODAY.

09:58:57   8       MS. MAROULIS:  WE CAN DO IT AS QUICKLY AS 40 MINUTES.

09:59:00   9   WHEN WE GET BACK, WE'LL PRINT THEM OUT.

09:59:02   10      THE COURT:  OKAY, THAT'S GREAT.  AND JUST SO IT

09:59:05   11  DOESN'T -- YOU CAN ACTUALLY JUST RING THE DOOR THAT'S ON THIS

09:59:08   12  FLOOR NEXT -- IN BETWEEN THE ELEVATOR BANKS AND JUST BUZZ MY

09:59:12   13  NAME AND WE'LL JUST COME AND GET IT FROM YOU.

09:59:16   14      MS. MAROULIS:  OKAY.

09:59:17   15      MR. MUELLER:  SOUNDS GOOD.  THANK YOU, YOUR HONOR.

09:59:18   16      THE COURT:  SO I'D LIKE EVERYTHING THAT YOU'VE USED

09:59:20   17  DURING TRIAL, OPENING, CLOSING, DURING ANY WITNESSES, PLEASE.

09:59:33   18      OKAY.  OUR CLERK'S OFFICE SAYS THAT SAMSUNG'S COPIES WERE

09:59:36   19  DELIVERED 15 MINUTES AGO.  SO THAT'S GOOD.  THAT WILL BE THE

09:59:39   20  SET THAT WE'LL JUST LEAVE WITH THE CLERK'S OFFICE FOR PURPOSES

09:59:43   21  OF THE COMPLETE RECORD.

09:59:44   22      SO HOW WOULD YOU LIKE TO RESPOND TO THIS NOTE?

09:59:48   23      MR. MUELLER:  YOUR HONOR, APPLE HAS TWO SUGGESTIONS.

09:59:52   24  THE FIRST IS DEMONSTRATIVES HAVE NOT GONE TO THE JURY IN THIS

09:59:56   25  TRIAL, IN ANY OF THE EXAMINATIONS, AND WE BELIEVE THE COURT

09:59:59  1    SHOULD CONTINUE TO ABIDE BY THAT AND NOT SEND BACK NOW ONE

10:00:03  2    DEMONSTRATIVE WHERE NO DEMONSTRATIVES HAVE BEEN ADMITTED INTO

10:00:07  3    EVIDENCE.

10:00:08  4         THE SECOND THING WE'D SUGGEST, YOUR HONOR, IS THAT YOUR

10:00:10  5    HONOR COULD REMIND THE JURORS THAT WE HAVE THE PHYSICAL

10:00:13  6    EXHIBITS, AND TO THE EXTENT THAT THEY WANT TO REFER TO THE

10:00:16  7    PHYSICAL EXHIBITS, THEY CAN, OR ANY OF THE OTHER EVIDENCE THAT

10:00:19  8    THEY HAVE RECEIVED, BUT NOT TO SOME NEW EVIDENCE IN THE FORM OF

10:00:22  9    A DEMONSTRATIVE AT THIS POINT.

10:00:23  10        THE COURT:  WELL, WHAT ABOUT -- I'M ASSUMING THAT THE

10:00:27  11   EXHIBIT -- THE DEMONSTRATIVE THAT WAS USED WITH MR. WAGNER WAS

10:00:34  12   BASED ON ANOTHER DOCUMENT THAT MUST HAVE BEEN ADMITTED THROUGH

10:00:39  13   MR. KIM; RIGHT?

10:00:40  14        MS. MAROULIS:  YES, YOUR HONOR.  SO THE SUGGESTION WE

10:00:42  15   HAVE IS THAT, FIRST OF ALL, WE CAN POINT THE JURY TO THE

10:00:45  16   ADMITTED EXHIBIT DX 4568, IN PARTICULAR PAGE 38.

10:00:52  17        THE COURT:  I'M NOT GOING TO POINT THEM TO A

10:00:54  18   PARTICULAR PAGE, BUT I WOULD BE OPEN -- I ALSO THOUGHT IT MIGHT

10:00:58  19   BE 4568.  WE COULD JUST SAY "DEMONSTRATIVES ARE NOT ADMITTED AS

10:01:03  20   EXHIBITS.  HOWEVER, DX 4568 HAS BEEN ADMITTED INTO EVIDENCE."

10:01:19  21        AND THEN THEY CAN LOOK AT THAT AND FIND IT THEMSELVES.  I

10:01:23  22   DON'T WANT TO SAY, "OH, GO TO THIS PAGE OR THAT PAGE."  ONCE WE

10:01:26  23   TURN THEM TO THE EXHIBIT, THEN THEY'LL KNOW.

10:01:29  24        IS THERE ANYTHING OTHER THAN 4568?

10:01:31  25        MR. MUELLER:  I'M SORRY, YOUR HONOR?

10:01:34  1          THE COURT:  I ALSO THOUGHT IT WAS 4568.

10:01:36  2          MS. MAROULIS:  YEAH.

10:01:37  3          THE COURT:  SO IT LOOKS LIKE THEY JUST TOOK PHOTOS

10:01:40  4   THAT CAME FROM THIS EXHIBIT AND TURNED IT INTO A DEMONSTRATIVE.

10:01:43  5          SO I'M FINE WITH YOUR SUGGESTION, MR. MUELLER, SAYING THE

10:01:47  6   DEMONSTRATIVES ARE NOT ADMITTED EXHIBITS.

10:01:50  7          BUT I DO THINK, YOU KNOW -- BECAUSE THE CASE IS LARGE AND

10:01:53  8   THERE ARE MANY, MANY EXHIBITS, I THINK POINTING THEM TO THE ONE

10:01:58  9   THAT ACTUALLY WAS THE BASIS FOR THE DEMONSTRATIVE --

10:02:03  10         MR. MUELLER:  SO I GUESS, YOUR HONOR, WE DO HAVE A

10:02:05  11  CONCERN ABOUT HIGHLIGHTING ANY PARTICULAR PIECE OF EVIDENCE IN

10:02:08  12  ISOLATION, AND TO THE EXTENT YOUR HONOR WERE INCLINED TO

10:02:11  13  HIGHLIGHT 4568, WE WOULD ASK THAT, TO BALANCE THE DIRECTION OF

10:02:15  14  THE JURY, YOU ALSO MENTION THAT THEY HAVE JX 500 -- OR 5000, I

10:02:20  15  SHOULD SAY, THROUGH 5015 WHERE IT SHOWS THE PHYSICAL EXHIBITS

10:02:24  16  OF THE ALLEGED ARTICLES OF MANUFACTURE.

10:02:26  17         THE JURY SHOULD BE CONSIDERING THE EVIDENCE IN ITS

10:02:30  18  TOTALITY AND WE WOULD BE CONCERNED ABOUT HIGHLIGHTING ONE

10:02:33  19  EXHIBIT IN ISOLATION.

10:02:35  20         MS. MAROULIS:  YOUR HONOR, THE JURY SPECIFICALLY

10:02:37  21  SOUGHT A PARTICULAR SLIDE.  WE UNDERSTAND WHY THE COURT DOES

10:02:39  22  NOT WISH TO SHOW THEM THE SLIDE.

10:02:41  23         BUT THE EXHIBIT THAT LED TO THE SLIDE IS THE ONE THE COURT

10:02:44  24  AND SAMSUNG IDENTIFIED, SO IT MAY BE CONFUSING FOR THEM TO BE

10:02:48  25  POINTED TO A BUNCH OF OTHER EXHIBITS, PHYSICAL OR OTHERWISE,

10:02:52  1    WHEN THAT'S WHAT THEY ASKED FOR.

10:02:53  2           MR. MUELLER:  AND AGAIN, YOUR HONOR, OUR POSITION IS

10:02:56  3    EITHER THE JURY, WE WOULD ASK, BE TOLD THAT DEMONSTRATIVES ARE

10:02:59  4    NOT EVIDENCE AND THEY SHOULD REVIEW THE EVIDENCE THEY HAVE,

10:03:03  5    WITHOUT CALLING OUT ANY PARTICULAR EXHIBIT; OR TO THE EXTENT

10:03:06  6    THAT THE COURT DOES IDENTIFY 4568 SPECIFICALLY, THAT THAT BE

10:03:11  7    BALANCED BY ALSO IDENTIFYING THE PHYSICAL EXHIBITS 5000 TO

10:03:19  8    5015.

10:03:19  9        WE WOULD OBJECT TO JUST IDENTIFYING ONE EXHIBIT IN

10:03:22  10   ISOLATION.

10:03:31  11          THE COURT:  BUT THEY HAVE THEIR EXHIBIT LIST, SO THEY

10:03:36  12   KNOW THAT IF THEY WANT TO LOOK AT THE ACTUAL COMPONENTS, THEY

10:03:43  13   CAN DO THAT.  THAT'S ON THE EXHIBIT LIST.

10:03:45  14          MR. MUELLER:  SO, TOO, IS 4568.  TO THE EXTENT THAT

10:03:48  15   THEY'RE DIRECTED TO REVIEW THE EVIDENCE THEY ACTUALLY HAVE IN

10:03:51  16   FRONT OF THEM, THEY MAY ARRIVE AT 4568 OR THE PHYSICAL EXHIBITS

10:03:55  17   ON THEIR OWN.

10:03:56  18       BUT WE DON'T THINK IT'S APPROPRIATE TO PUT A THUMB ON THE

10:03:59  19   SCALE AND SAY "LOOK AT 4568" WITHOUT ALSO CALLING OUT OTHER

10:04:02  20   SPECIFIC NUMBERS OF THE OTHER EXHIBITS THAT MATTER.

10:04:04  21          THE COURT:  BUT FOR THE JX 5000 THROUGH 5015 SERIES,

10:04:11  22   THE EXHIBIT NAME IS SELF-IDENTIFYING.  IT SAYS "COMPONENTS OF

10:04:20  23   THIS PRODUCT IDENTIFIED BY SAMSUNG AS ALLEGED AOM'S," WHICH I'M

10:04:25  24   ASSUMING BY NOW THIS JURY KNOWS IS ARTICLE OF MANUFACTURE.

10:04:28  25          WHEREAS DX 4568 JUST SAYS "SUMMARY OF SPECIFICATION FOR

10:04:32  1    APPROVAL DOCUMENTS."

10:04:34  2         I DON'T THINK THAT PARTICULAR IDENTITY OF AN EXHIBIT IS

10:04:38  3    SPECIFIC ENOUGH THAT A JURY WOULD UNDERSTAND THAT THAT'S WHERE

10:04:42  4    THEY NEED TO LOOK.

10:04:44  5              MS. MAROULIS:  YES, YOUR HONOR, WE AGREE.

10:04:46  6              MR. MUELLER:  YOUR HONOR, WE, AGAIN, WOULD MAINTAIN

10:04:49  7    THAT TO THE EXTENT THAT THE COURT DIRECTS THEM TO 4568, THE

10:04:54  8    COURT SHOULD REMIND THEM OF THE ACTUAL ALLEGED ARTICLES OF

10:04:58  9    MANUFACTURE.

10:04:58 10         AND ONE OF OUR CONCERNS IS 4568 IS NOT THE ALLEGED ARTICLE

10:05:02 11    OF MANUFACTURE, AND TO THE EXTENT THE JURY IS TOLD TO LOOK AT

10:05:06 12    4568, IT MAY SUGGEST TO THEM THAT 4568 IS AN ALLEGED ARTICLE OF

10:05:13 13    MANUFACTURE ON WHICH THEY SHOULD SPECIFICALLY FOCUS.  IT'S NOT.

10:05:16 14    THE ALLEGED ARTICLES OF MANUFACTURE ARE JX 5000 TO 5015.

10:05:21 15              MS. MAROULIS:  YOUR HONOR, THERE'S NOTHING IN THE

10:05:22 16    JURY'S NOTE THAT SUGGESTS THEY WANT TO SEE THE ARTICLES OF

10:05:25 17    MANUFACTURE OR THAT THERE'S CONFUSION.

10:05:26 18         THEY WANTED TO SEE THE SLIDE.  WE CANNOT SHOW THEM THE

10:05:30 19    SLIDE BECAUSE IT'S A DEMONSTRATIVE.  SO THE NEXT BEST THING IS

10:05:33 20    TO SHOW THEM THE SOURCE FOR THE SLIDE.

10:05:35 21              MR. MUELLER:  AND I'LL JUST REPEAT, YOUR HONOR, WE

10:05:38 22    HAVE NO PROBLEM WITH TELLING THE JURY THAT DEMONSTRATIVES ARE

10:05:40 23    NOT ADMITTED, THEY SHOULD REVIEW THE EVIDENCE THEY HAVE BEFORE

10:05:42 24    THEM, THAT GENERAL INSTRUCTION.

10:05:45 25         WE ALSO WOULD NOT OBJECT TO 4568 BEING MENTIONED, ALONG

1385

| | |
|---|---|
| 10:05:48 | 1 |

WITH THE SPECIFIC ARTICLES OF MANUFACTURE JX 5000 TO 5015.

10:05:54  2        WE DO OBJECT TO JUST CALLING OUT 4568 IN ISOLATION.

10:06:04  3            THE COURT:  NOW, THE ONE CAUTION I HAVE ABOUT JUST

10:06:10  4    SAYING "DEMONSTRATIVES ARE NOT EVIDENCE" IS THAT THERE IS ONE

10:06:13  5    DEMONSTRATIVE THAT WAS ADMITTED AS EVIDENCE, AND THAT'S THE

10:06:18  6    DIAGRAM OF THE BEFORE AND AFTER SAMSUNG PHONES.  SO I CAN'T SAY

10:06:25  7    THAT CATEGORICALLY BECAUSE THAT ONE PARTICULAR DEMONSTRATIVE

10:06:30  8    WAS ADMITTED AS AN EXHIBIT, BOTH DURING THIS TRIAL AND THE

10:06:34  9    TRIAL IN 2013.  I DON'T RECALL WHETHER IT WAS ALSO ADMITTED IN

10:06:39  10   2012.

10:06:39  11            MS. MAROULIS:  IT WAS, YOUR HONOR.

10:06:40  12            THE COURT:  OKAY.  SO I CAN'T MAKE A CATEGORICAL

10:06:44  13   STATEMENT BECAUSE IT WOULD BE INACCURATE.

10:06:46  14        SO --

10:06:48  15            MR. MUELLER:  YOUR HONOR, IF I MIGHT, THAT WAS LISTED

10:06:50  16   AS A PX, NOT A DEMONSTRATIVE IN THIS TRIAL.

10:06:53  17            THE COURT:  OH, OKAY.

10:07:01  18            MR. MUELLER:  PX 3.

10:07:07  19            THE COURT:  ALL RIGHT.  ALTHOUGH I BELIEVE APPLE MADE

10:07:09  20   AN OBJECTION THAT IT WAS -- I THINK YOU MADE AN OBJECTION THAT

10:07:12  21   IT WAS A DEMONSTRATIVE.

10:07:14  22        OKAY.  SO IF YOU DON'T -- IF YOU THINK IT'S NOT CONFUSING,

10:07:18  23   THEN I WOULD JUST STATE, "DEMONSTRATIVES ARE NOT EVIDENCE."

10:07:46  24        WHAT DO YOU WANT ME TO SAY ABOUT 4568?

10:07:50  25            MS. MAROULIS:  YOUR HONOR, WE CAN SAY THAT THAT'S THE

| | | |
|---|---|---|
| 10:07:52 | 1 | DOCUMENT THAT THE SLIDE THEY REQUESTED WAS BASED ON. |
| 10:07:59 | 2 | MR. MUELLER:  MAY I CONFER, YOUR HONOR? |
| 10:08:01 | 3 | THE COURT:  OKAY. |
| 10:08:02 | 4 | (DISCUSSION OFF THE RECORD BETWEEN PLAINTIFF'S COUNSEL.) |
| 10:08:06 | 5 | MR. MUELLER:  YOUR HONOR, WE DO OBJECT TO THAT.  WE |
| 10:08:12 | 6 | DO BELIEVE THAT'S GIVING THE JURY THE IMPRESSION THAT THE COURT |
| 10:08:19 | 7 | IS FOCUSSING THEIR ATTENTION ON A PARTICULAR UNDERLYING PIECE |
| 10:08:22 | 8 | OF EVIDENCE. |
| 10:08:22 | 9 | THE COURT:  I DO UNDERSTAND THAT THAT IS PROBLEMATIC. |
| 10:08:30 | 10 | HIGHLIGHTING JUST ONE JURY INSTRUCTION, OR ONE PARTICULAR PIECE |
| 10:08:34 | 11 | OF EVIDENCE IS PROBLEMATIC DURING DELIBERATIONS. |
| 10:08:49 | 12 | WERE ANY OF THE PHOTOS FROM THOSE DEMONSTRATIVES OF THE |
| 10:08:53 | 13 | ACTUAL COMPONENTS? |
| 10:08:57 | 14 | MS. MAROULIS:  YES, YOUR HONOR. |
| 10:09:00 | 15 | THE COURT:  SO THEN WOULD IT BE APPROPRIATE TO ALSO |
| 10:09:08 | 16 | POINT THEM TO WHATEVER WAS THE BASIS FROM WHICH THE |
| 10:09:15 | 17 | DEMONSTRATIVES WERE CREATED? |
| 10:09:18 | 18 | MS. MAROULIS:  THE DEMONSTRATIVES WERE CREATED FROM |
| 10:09:22 | 19 | THAT SOLE DOCUMENT.  IT OBVIOUSLY -- |
| 10:09:24 | 20 | THE COURT:  ONLY 4568? |
| 10:09:25 | 21 | MS. MAROULIS:  IT DEPICTS THINGS THAT ALSO MAYBE |
| 10:09:28 | 22 | APPEAR ELSEWHERE. |
| 10:09:29 | 23 | BUT WE DON'T THINK IT'S NOT PROPER TO FOCUS THE JURY GIVEN |
| 10:09:33 | 24 | THAT THIS WAS THEIR REQUEST AND TRYING TO COMPLY. |
| 10:09:37 | 25 | THE COURT:  OKAY.  SO THE RESPONSE WOULD BE, |

1387

| | |
|---|---|
| 10:09:40 | 1 |

"DEMONSTRATIVES ARE NOT EVIDENCE.  DX 4568 HAS BEEN ADMITTED."

MR. MUELLER:  I'M SORRY, YOUR HONOR?

MS. MAROULIS:  THANK YOU, YOUR HONOR.

THE COURT:  THE RESPONSE WOULD BE, "DEMONSTRATIVES
ARE NOT EVIDENCE.  DX 4568 HAS BEEN ADMITTED."

MR. LEE:  AND WE DO OBJECT.  THE SECOND SENTENCE
SPECIFICALLY CALLS OUT 4568, AND TO THE EXTENT THAT THE
PHYSICAL EXHIBITS THAT ARE THE ACTUAL ARTICLES OF MANUFACTURE
ARE NOT LISTED ALONGSIDE THAT, WE OBJECT.

MS. MAROULIS:  YOUR HONOR, I'M NOT GOING TO REPEAT
WHAT I SAID BEFORE.

MR. MUELLER:  WE HAVE NO OBJECTION TO THE FIRST
SENTENCE.

THE COURT:  WELL, YOU KNOW WHAT I COULD DO?  I COULD
ADD IN A SENTENCE, LIKE IN THE JURY INSTRUCTIONS, THAT SAYS
SOMETHING LIKE, YOU KNOW, "YOU ARE TO CONSIDER ALL THE ADMITTED
EVIDENCE."  WHAT ABOUT THAT?

MR. MUELLER:  THAT'S FINE, YOUR HONOR.  OUR
SUGGESTION IS TO READ THE FIRST SENTENCE AND THAT SENTENCE, BUT
TO NOT INCLUDE THE 4568 SENTENCE.  AGAIN, THAT'S CALLING THE
JURY'S ATTENTION TO A PARTICULAR EXHIBIT IN ISOLATION AND WE
THINK THAT'S IMPROPER.

NO OBJECTION TO SAYING DEMONSTRATIVES ARE NOT EVIDENCE, NO
OBJECTION TO SAYING THEY SHOULD CONSIDER ALL THE ADMITTED
EVIDENCE.

10:11:13   1          MS. MAROULIS:  YOUR HONOR, THAT WOULD NOT RESPOND TO

10:11:15   2   THE JURY'S REQUEST FOR INFORMATION.

10:11:16   3          IN THE PRIOR TRIALS, IF THERE WAS A QUESTION ABOUT A

10:11:19   4   PARTICULAR INSTRUCTION, WE READ IT TO THEM.

10:11:30   5          MR. MUELLER:  AND YOUR HONOR, JUST TO GO BACK TO THE

10:11:32   6   LAST TRIAL, JURY NOTE 3 IN THE LAST TRIAL WAS, "CAN WE PLEASE

10:11:36   7   GET A COPY OF PX 100?"

10:11:41   8          AND THE COURT'S RESPONSE WAS "PX 100 IS A DEMONSTRATIVE.

10:11:45   9   NO DEMONSTRATIVES OF ANY PARTY HAVE BEEN ADMITTED INTO

10:11:48   10  EVIDENCE.  WE CAN GIVE YOU A COPY OF" --

10:11:51   11         DX 100?

10:11:56   12         IT'S AN ADMITTED EXHIBIT, FINAL JURY INSTRUCTION NUMBER

10:12:00   13  23.

10:12:01   14         SO YOU TOLD THE JURY PREVIOUSLY --

10:12:03   15         THE COURT:  WAIT.  BUT IT SOUNDS LIKE WE TOLD THEM A

10:12:06   16  SPECIFIC NUMBER OR WE HIGHLIGHTED A --

10:12:08   17         MR. MUELLER:  CANNOT GIVE, WHICH IS WHAT THEY'D ASKED

10:12:13   18  FOR.

10:12:14   19         SO THEY'D ASKED FOR A COPY OF IT AND YOU SAID YOU COULDN'T

10:12:17   20  GIVE THEM A COPY OF IT.

10:12:18   21         THE COURT:  AND THAT WAS IT?

10:12:19   22         MR. MUELLER:  THAT WAS IT.

10:12:21   23         MS. MAROULIS:  BUT THERE'S NO EVIDENCE THAT THERE WAS

10:12:23   24  AN UNDERLYING DOCUMENT OR THAT THE PARTIES REQUESTED THAT THE

10:12:26   25  UNDERLYING DOCUMENT BE SUBMITTED, YOUR HONOR.

10:12:28  1          MR. MUELLER:  I'LL READ YOU THE FULL TEXT.

10:12:30  2          THE COURT:  YOU KNOW WHAT?  I'D LIKE TO GO BACK AND

10:12:33  3     TAKE A LOOK.  I DON'T HAVE MY BINDERS HERE FROM THE PREVIOUS

10:12:35  4     TRIALS.  WHAT WAS THAT NOTE NUMBER?

10:12:37  5          MR. MUELLER:  IT'S FROM NOVEMBER 19TH, 2013, JURY

10:12:41  6     NOTE 3, AND THIS IS DOCKET ENTRY 2802.

10:12:47  7      I CAN READ THE FULL TEXT AND YOUR HONOR CAN REFER TO IT IN

10:12:49  8     CHAMBERS.

10:12:50  9          THE COURT:  OKAY.

10:12:50  10         MR. MUELLER:  BUT IT STATES, "DX 100 IS A

10:12:53  11    DEMONSTRATIVE.  NO DEMONSTRATIVES OF ANY PARTIES HAVE BEEN

10:12:55  12    ADMITTED INTO EVIDENCE.  WE CANNOT GIVE YOU A COPY OF DX 100.

10:12:59  13    HOWEVER, WE REFER YOU TO FINAL JURY INSTRUCTION NUMBER 23."

10:13:03  14     I DON'T HAVE THE TEXT OF 23 IN FRONT OF ME, BUT THAT WAS

10:13:05  15    THE FULL TEXT YOUR HONOR GAVE THE JURY ON NOVEMBER 19TH, 2013,

10:13:10  16    AT 3:49.

10:13:22  17         THE COURT:  ALL RIGHT.  I'M GOING TO HAVE TO GO LOOK

10:13:25  18     AT WHAT FINAL JURY INSTRUCTION NUMBER 23 IS.

10:13:28  19      ALL RIGHT.  MAY WE TAKE A BRIEF RECESS, AND I'LL COME OUT

10:13:31  20    BEFORE I SUBMIT AN ANSWER.

10:13:34  21         MS. MAROULIS:  THANK YOU, YOUR HONOR.

10:13:35  22         MR. MUELLER:  THANK YOU, YOUR HONOR.

10:13:35  23         THE CLERK:  COURT'S IN RECESS.

10:13:48  24         THE COURT:  THE PROBLEM IS GOING TO BE FINDING PX --

10:13:51  25         MS. MAROULIS:  YOUR HONOR, I'M TOLD THAT THAT --

10:13:53   1          THE COURT:  NUMBER 23 IS A UTILITY PATENT LOST

10:13:56   2   PROFITS FACTORS TO CONSIDER INSTRUCTION.

10:13:59   3          WHAT WAS THE DEMONSTRATIVE FOR?

10:14:01   4          MR. SABRI:  YOUR HONOR, PDX 100, IS THAT THE

10:14:04   5   QUESTION?

10:14:05   6          PDX 100 IN THE PRIOR TRIAL WAS A CHART THAT WAS SHOWN UP

10:14:08   7   ON A POSTER BOARD AND MS. KREVANS USED IT WITH MS. DAVIS.  THE

10:14:12   8   JURY ASKED FOR A COPY OF THAT AND THE COURT SAID, "WE CAN'T

10:14:15   9   GIVE YOU A COPY OF IT."

10:14:16   10          THE COURT:  AND WHAT WAS IT?  WAS IT A SUMMARY OF THE

10:14:20   11   CALCULATIONS?

10:14:21   12          MR. OLSON:  SO THE PDX 100 IN THE 2013 TRIAL WAS A

10:14:30   13   MULTI-PART CHART, A BOARD THAT MS. KREVANS USED GOING OVER EACH

10:14:36   14   ELEMENT OF THE LOST PROFIT ANALYSIS, GOING BEYOND THE

10:14:39   15   INSTRUCTION AND TO THE EVIDENCE THAT ALSO WAS THEN INCORPORATED

10:14:43   16   INTO IT.

10:14:43   17          SO THERE'S, FOR EXAMPLE, DEMAND FOR IT, NON-INFRINGING

10:14:47   18   ALTERNATIVES, CAPACITY, AND THE EXISTENCE OF PROFITS.

10:14:51   19          SO IT COVERED EACH OF THOSE ITEMS, BUT ALSO THEN PUT

10:14:55   20   EVIDENCE BEHIND IT AND PUT CHECK MARKS AT THE END FOR EACH OF

10:14:59   21   THE FOUR.

10:14:59   22          SO IN THE DEMONSTRATIVE -- THE DEMONSTRATIVE CLEARLY HAD

10:15:02   23   MUCH MORE THAN JUST THE JURY INSTRUCTION THAT WAS INCORPORATED.

10:15:07   24          IN YOUR RESPONSE, YOU WERE SAYING, "YOU CAN'T HAVE THE

10:15:12   25   DEMONSTRATIVE," AND YOU WERE POINTING THEM BACK TO THE LAW.

10:15:15   1          BUT THE LAW WAS ONLY ONE OF A SMALL PART OF THE REMAINING

10:15:19   2    PART OF THE DEMONSTRATIVE THAT WAS USED.

10:15:23   3          YOU MAY -- YOU MAY OR MAY NOT REMEMBER IT, BUT IT WAS --

10:15:26   4    IT LITERALLY COVERED EACH ELEMENT OF THE FOUR PARTS OF THE

10:15:29   5    PANDUIT FACTOR TEST, DEMAND FOR THE PATENTED PRODUCT, AND THEN

10:15:33   6    IT TALKED ABOUT THE ELEMENTS OF THOSE DEMANDS AND THEN A CHECK

10:15:37   7    MARK.

10:15:37   8          IT SAID NON-INFRINGING -- ABSENCE OF A NON-INFRINGING

10:15:41   9    ALTERNATIVE.  IT DISCUSSED EVIDENCE, PUT A CHECK MARK.

10:15:44  10    CAPACITY, DISCUSSED EVIDENCE, PUT A CHECK MARK.  THE LAST ONE

10:15:47  11    BEING PROFITS, EVIDENCE, PUT A CHECK MARK.  THAT'S WHAT PDX 100

10:15:52  12    WAS.

10:15:52  13          CONSISTENT WITH WHAT'S BEEN DISCUSSED, YOU DIDN'T SEND IT

10:15:56  14    BACK.

10:15:56  15          AND THE REFERENCE BACK TO AN INSTRUCTION WAS, WAS NOT A

10:16:00  16    PREFERENCE BACK TO EVIDENCE FROM WHICH THE EVIDENCE -- THE

10:16:04  17    INSTRUCTION WAS DRAWN.

10:16:05  18              MS. MAROULIS:  YOUR HONOR --

10:16:06  19              THE COURT:  BUT DID THE INSTRUCTION CONTAIN -- OR THE

10:16:09  20    DEMONSTRATIVE INCLUDE ANY EVIDENCE?  IT SOUNDS LIKE IT WAS MORE

10:16:12  21    JUST A SORT OF MORE A LEGAL --

10:16:14  22              MS. MAROULIS:  YOUR HONOR, I CAN SHOW THE COURT AND

10:16:16  23    OPPOSING COUNSEL THE ACTUAL COPY OF THE PDX SLIDE, AND IT

10:16:20  24    APPEARS TO BE JUST A SUMMARY OF PANDUIT FACTORS, WHICH IS LAW

10:16:23  25    AS OPPOSED TO EVIDENCE.

10:16:25  1          AND IT BASICALLY TALKS ABOUT DEMAND, MARKET ALTERNATIVES,

10:16:33  2   CAPACITY, AND PROFITS.

10:16:35  3          AND IT IS NOT BASED ON ANY SPECIFIC DOCUMENT IN EVIDENCE.

10:16:39  4   IT IS LITERALLY A SUMMARY OF LAW.

10:16:42  5          SO IT'S A VERY DIFFERENT SITUATION THAN A DEMONSTRATIVE

10:16:45  6   THAT IS BASED ON A SPECIFIC EXHIBIT ADMITTED IN EVIDENCE.

10:16:49  7          I'M SORRY, YOUR HONOR, THAT I'M SHOWING YOU IT ON THE

10:16:51  8   SCREEN, BUT WE DON'T HAVE A HARD COPY OF THAT.

10:16:55  9              MR. OLSON:  CAN I HAND IT UP TO YOUR HONOR, AND I'LL

10:16:59  10   EXPLAIN WHY IT'S NOT JUST THE LAW?

10:17:00  11              THE COURT:  I'LL COME DOWN.

10:17:07  12              MR. OLSON:  SURE.

10:17:08  13              MS. MAROULIS:  MY APOLOGIES, YOUR HONOR.  IT'S MY

10:17:10  14   COLLEAGUE'S COMPUTER.

10:17:12  15          SO THIS IS THE DEMONSTRATIVE, AND IT IS LEGAL FACTORS OF

10:17:17  16   PANDUIT.

10:17:18  17              MR. OLSON:  CAN I ADDRESS IT?

10:17:19  18              THE COURT:  YES.

10:17:20  19              MR. OLSON:  SO DEMAND IS A LEGAL FACTOR UNDER

10:17:23  20   PANDUIT.  CONJOINT SURVEY WAS EVIDENCE FROM DR. HAUSER.

10:17:27  21          THE DEMAND FOR PATENTED FEATURES WAS THEN A DISCUSSION

10:17:30  22   REGARDING VARIOUS DOCUMENTS, INCLUDING PX 36, PX 44, PX 40, AND

10:17:36  23   OTHERS.

10:17:37  24          MARKET ALTERNATIVES TALKS IN TERMS OF THE ALLOCATION BY

10:17:42  25   MARKET SHARE AND THE MANNER IN WHICH SHE PERFORMED THE

10:17:45  1    CALCULATION, INCLUDING CARRIER SPECIFIC ALLOCATIONS, THE

10:17:48  2    OPERATING PLATFORM PREFERENCE, WHICH WAS A REDUCTION AND CHANGE

10:17:52  3    THAT WENT OVER, AND OTHERS.

10:17:54  4        SO EACH OF THESE PIECES IN THIS COLUMN IS BACKED UP BY

10:17:59  5    EVIDENCE.

10:17:59  6        BUT THE SPECIFIC EXAMPLE, FOR EXAMPLE, WOULD BE CONJOINT

10:18:02  7    SURVEY, WHICH WAS DR. HAUSER'S WORK.  PLAINLY DR. HAUSER'S WORK

10:18:08  8    IS NOT A LEGAL TOPIC AND A CONJOINT SURVEY IS NOT A LEGAL

10:18:12  9    TOPIC.

10:18:13  10           MR. MUELLER:  MORE WITH CARRIER SPECIFIC, THAT'S NOT

10:18:15  11    PART OF THE LAW.  THAT'S A TELECOMMUNICATIONS TERM, OPERATING

10:18:18  12    PLATFORM.

10:18:18  13           MS. MAROULIS:  IT'S CLEARLY A SUMMARY EXHIBIT.  IT'S

10:18:20  14    AN EXHIBIT OR DEMONSTRATIVE THAT BASICALLY IS THEIR ARGUMENT.

10:18:23  15    THIS IS APPLE'S ARGUMENT AS TO WHAT SATISFIED THE PANDUIT

10:18:26  16    FACTORS.

10:18:27  17        IN THE ISSUE OF THIS PARTICULAR SLIDE, THE SLIDE IN

10:18:30  18    MR. WAGNER'S EXAMINATION THE JURY ASKED FOR WAS BASED ON ONE

10:18:34  19    SPECIFIC DOCUMENT THAT IS IN EVIDENCE, SO IT'S A VERY DIFFERENT

10:18:37  20    SITUATION, YOUR HONOR.

10:18:38  21           THE COURT:  ALL RIGHT.  WERE THERE ANY OTHER EXAMPLES

10:18:47  22    OF THIS IN ANY OF THE OTHER TRIALS?

10:18:53  23           MS. MAROULIS:  IF YOUR HONOR GIVES US A FEW MINUTES,

10:18:56  24    WE'LL LOOK FOR IT.

10:18:57  25           THE COURT:  AND I HAVE IT BACK IN MY CHAMBERS.

```
10:18:59   1         LET'S JUST TAKE A VERY BRIEF RECESS.  I'LL COME BACK
10:19:02   2    BEFORE WE SUBMIT ANY ANSWER TO THE JURY.
10:19:04   3              MR. MUELLER:  THANK YOU, YOUR HONOR.
10:19:05   4              MS. MAROULIS:  THANK YOU, YOUR HONOR.
10:19:06   5              THE COURT:  DID YOU FILE THE NOTE THAT --
10:19:08   6         APPARENTLY OUR JUROR NUMBER 7 HAS THE JOB INTERVIEW THIS
10:19:11   7    AFTERNOON, SO SHE HAS TO LEAVE AT 1:30 --
10:19:15   8         IS THAT RIGHT?
10:19:16   9              THE CLERK:  BETWEEN 1:00 AND 1:30.
10:19:19  10              THE COURT:  -- TO GO TO THE EAST BAY FOR HER
10:19:21  11    INTERVIEW.  SO THE JURY TODAY WILL ONLY DELIBERATE TODAY UNTIL
10:19:25  12    1:30, AND THEN THEY'LL BE BACK TOMORROW AT 9:00.
10:19:30  13              MR. MUELLER:  THANK YOU, YOUR HONOR.
10:19:31  14              MS. MAROULIS:  THANK YOU, YOUR HONOR.
10:19:32  15              THE CLERK:  COURT'S IN RECESS.
10:19:34  16         (RECESS FROM 10:19 A.M. UNTIL 10:39 A.M.)
10:39:09  17              THE COURT:  OKAY.  WELCOME BACK.
10:39:10  18              THE CLERK:  PLEASE BE SEATED.
10:39:12  19              THE COURT:  SO A QUICK SEARCH DID NOT FIND ANY EITHER
10:39:18  20    NINTH CIRCUIT OR FEDERAL CIRCUIT LAW ON POINT.  I MEAN,
10:39:22  21    CERTAINLY THERE ARE A LOT OF CASES THAT SAY YOU CAN'T PLACE
10:39:25  22    UNDUE EMPHASIZE ON A PARTICULAR PIECE OF EVIDENCE.
10:39:30  23         AND I DO THINK THE NOVEMBER 2013 EXAMPLE IS
10:39:38  24    DISTINGUISHABLE, BECAUSE THAT REALLY WAS A CLOSING SLIDE THAT
10:39:42  25    SORT OF SUMMARIZED -- SUMMARIZED APPLE'S ARGUMENT; ALTHOUGH,
```

10:39:50   1    YOU KNOW, I AGREE, THERE WAS A NOTATION THAT, YOU KNOW, A

10:39:55   2    CONJOINT SURVEY MAY SUPPORT A PIECE OF APPLE'S EVIDENCE.

10:39:59   3         I DO THINK IN THAT INSTANCE IT WAS APPROPRIATE TO POINT

10:40:01   4    THE JURY TO THE FINAL JURY INSTRUCTIONS WHICH LAID OUT THE

10:40:08   5    CONSIDERATIONS FOR THE JURY.

10:40:11   6         AND THIS IS A DIFFERENT SITUATION BECAUSE THIS IS ACTUALLY

10:40:14   7    A FACTUAL QUESTION ASKING FOR ASSISTANCE IN FINDING A

10:40:21   8    PARTICULAR PIECE OF EVIDENCE THE JURY'S ALREADY FOCUSSED ON AND

10:40:27   9    IS ALREADY INTERESTED IN.  IT WOULDN'T BE A SITUATION THAT

10:40:30   10   WE'RE POINTING THEM TO SOMETHING THAT THEY'RE NOT ALREADY

10:40:33   11   FOCUSSED ON.

10:40:33   12        AND MY CONCERN WITH APPLE'S SUGGESTION IS THAT IT -- THE

10:40:37   13   JURY COULD TAKE IT AS SOME MESSAGE THAT WE'RE TRYING TO FOCUS

10:40:40   14   THEIR ATTENTION ELSEWHERE OR FOCUS THEM ON SOMETHING ELSE.

10:40:44   15        AND AS I SAID BEFORE, THE EXHIBIT LIST IS PRETTY CLEAR IN

10:40:48   16   ITS TITLES, THAT IF YOU WANT TO FIND THE COMPONENT PARTS THAT

10:40:52   17   SAMSUNG ALLEGES ARE ARTICLES OF MANUFACTURE, YOU COULD EASILY

10:40:56   18   FIND THAT ON THE EXHIBIT LIST; WHEREAS THE TITLE FOR THE

10:41:00   19   EXHIBIT WHICH IS A BASIS FOR THESE TWO DEMONSTRATIVES THAT THE

10:41:03   20   JURY HAS INQUIRED ABOUT IS NOT CLEAR.

10:41:07   21        SO THIS IS WHAT I'M GOING TO RESPOND WITH, AND I'LL GIVE

10:41:12   22   YOU AN OPPORTUNITY TO BE HEARD.  IT SAYS, "SDX 2141 AND SDX

10:41:19   23   1711 ARE DEMONSTRATIVES.  NO DEMONSTRATIVES OF ANY PARTY HAVE

10:41:23   24   BEEN ADMITTED INTO EVIDENCE.  WE CANNOT GIVE YOU A COPY OF

10:41:27   25   SDX 2146 AND SDX 1711.

10:41:33  1          "DX 4568 HAS BEEN ADMITTED INTO EVIDENCE.

10:41:36  2          "YOU MUST CONSIDER ALL OF THE ADMITTED EVIDENCE AND NOT

10:41:39  3   SINGLE OUT SOME AND IGNORE OTHERS.  ALL ADMITTED EXHIBITS ARE

10:41:43  4   IMPORTANT."

10:41:44  5          SO THOSE LAST TWO SENTENCES ARE AN ATTEMPT AT A CURATIVE

10:41:48  6   INSTRUCTION FROM ANY CONCERN ABOUT PLACING UNDUE EMPHASIS ON A

10:41:53  7   PARTICULAR EXHIBIT.

10:41:54  8          SO DO YOU WANT TO BE HEARD ON THAT?

10:41:56  9          MR. MUELLER:  MAY I CONFER FOR JUST ONE MOMENT, YOUR

10:41:59 10   HONOR?

10:42:00 11          THE COURT:  YES.  YES.

10:42:02 12       (DISCUSSION OFF THE RECORD BETWEEN PLAINTIFF'S COUNSEL.)

10:42:13 13          MS. MAROULIS:  NO OBJECTION, YOUR HONOR, FOR SAMSUNG.

10:42:17 14          MR. MUELLER:  YOUR HONOR, JUST -- OUR POSITION IS AS

10:42:21 15   FOLLOWS:  WE DO OBJECT TO THE INSTRUCTION AS GIVEN.  WE DO

10:42:25 16   THINK THAT IDENTIFYING A SPECIFIC EXHIBIT CALLS UNDUE ATTENTION

10:42:28 17   TO IT.

10:42:28 18          JUST TO -- I'LL STATE IT FOR THE RECORD.  WE WOULD ASK

10:42:31 19   THAT IF 4568 BE LISTED BY NAME, THAT JX 5000 TO 5015 BE LISTED

10:42:39 20   AS WELL, THE ALLEGED ARTICLES OF MANUFACTURE AT A MINIMUM, YOUR

10:42:43 21   HONOR.

10:42:44 22          THIS IS AN ADDITIONAL POINT BEYOND THOSE I RAISED EARLIER,

10:42:47 23   THAT THE JURY BE REMINDED OF INSTRUCTION NUMBER 29, WHICH LISTS

10:42:51 24   THE PARTIES' CONTENTIONS AS TO THE ARTICLES OF MANUFACTURE.

10:42:53 25          THAT WOULDN'T REFER TO ANY PARTICULAR EXHIBIT, BUT IT

| | | |
|---|---|---|
| 10:42:57 | 1 | WOULD GIVE THEM YOUR HONOR'S INSTRUCTION AS TO THE PARTIES' |
| 10:43:00 | 2 | RESPECTIVE CONTENTIONS. |
| 10:43:01 | 3 | SO TO BE CLEAR, WE OBJECT TO THE INSTRUCTION AS DRAFTED |
| 10:43:04 | 4 | AND WE WOULD RESPECTFULLY REQUEST THAT THE JURY BE ALSO GIVEN |
| 10:43:09 | 5 | 5000 TO 5015 OR, AT A MINIMUM, INSTRUCTION 29. |
| 10:43:16 | 6 | MS. MAROULIS:  YOUR HONOR, WE DON'T BELIEVE THERE'S A |
| 10:43:18 | 7 | NEED TO REFER THE JURY TO INSTRUCTION 29.  THAT IS NOT WHAT |
| 10:43:20 | 8 | THEY REQUESTED. |
| 10:43:31 | 9 | MR. MUELLER:  AND I'D JUST SAY THAT WOULD BE |
| 10:43:34 | 10 | CONSISTENT WITH YOUR 2013 RULING WHERE YOU REFERRED TO THE LOST |
| 10:43:38 | 11 | PROFITS INSTRUCTION. |
| 10:43:38 | 12 | MS. MAROULIS:  YOUR HONOR, WE DON'T BELIEVE THAT'S |
| 10:43:41 | 13 | APPROPRIATE. |
| 10:43:41 | 14 | HOWEVER, IF THAT HELPS TO RESOLVE THE SITUATION, WE WILL |
| 10:43:45 | 15 | BE FINE REFERRING THE JURY TO EXHIBITS 5000 TO 5015 WITHOUT ANY |
| 10:43:51 | 16 | FURTHER COMMENTARY. |
| 10:43:51 | 17 | THE COURT:  OH, SO YOU'RE NOT OBJECTING TO THAT BEING |
| 10:43:55 | 18 | ADDED? |
| 10:43:55 | 19 | MS. MAROULIS:  WE DIDN'T THINK IT WAS APPROPRIATE |
| 10:43:57 | 20 | BECAUSE THE JURY DID NOT ASK FOR THAT INFORMATION, BUT WE'VE |
| 10:44:02 | 21 | HAD A LOT OF DISCUSSIONS WITH THE COURT AND WE'RE JUST TRYING |
| 10:44:06 | 22 | TO HELP THE JURY UNDERSTAND THIS, SO -- |
| 10:44:09 | 23 | THE COURT:  BECAUSE I WASN'T GOING TO INCLUDE THEM. |
| 10:44:11 | 24 | MS. MAROULIS:  YEAH.  I MEAN, OUR PREFERENCE IS NOT |
| 10:44:13 | 25 | TO, BUT IF THE COURT FEELS THAT MORE NEEDS TO BE DONE, THAT'S |

10:44:17  1        THE FALL BACK.

10:44:18  2            WE DO NOT BELIEVE THAT INSTRUCTION 29 NEEDS TO BE BROUGHT

10:44:21  3    IN HERE AT ALL.

10:44:23  4            MR. MUELLER:  SO CERTAINLY WE WOULD AGREE WITH

10:44:26  5    SAMSUNG WITH INCLUDING 5000 TO 5015.  WE BELIEVE THAT'S

10:44:30  6    IMPORTANT IF 4568 IS GOING TO BE LISTED.

10:44:35  7            AND IF WE COULD, YOUR HONOR, WE STARTED TO CONFER ON THE

10:44:37  8    BREAK ABOUT WHETHER THERE'S ANY ROOM FOR A COMPROMISE RESPONSE

10:44:41  9    ON THIS.  IF YOUR HONOR THINKS IT WOULD BE HELPFUL, WE COULD

10:44:44  10   CONTINUE THOSE CONVERSATIONS AND TRY TO SUBMIT SOMETHING TO

10:44:46  11   YOUR HONOR IN FIVE MINUTES OR SO.

10:44:48  12           MS. MAROULIS:  YOUR HONOR, THERE WAS SOME LANGUAGE

10:44:49  13   THAT APPLE WISHED TO INCLUDE.  WE DON'T BELIEVE THAT LANGUAGE

10:44:52  14   IS APPROPRIATE.  IT WAS A LENGTHY RECITATION OF THE PARTIES'

10:44:56  15   CONTENTIONS.  SO WE DO NOT BELIEVE THAT THIS QUESTION BY THE

10:44:58  16   JURY CALLS FOR THE PARTIES' CONTENTIONS.

10:45:20  17           MR. MUELLER:  AS ONE WAY OF IMPLEMENTING SAMSUNG'S

10:45:24  18   SUGGESTION, YOUR HONOR, PERHAPS ONE SENTENCE THAT YOU HAD IN

10:45:27  19   YOUR DRAFT THAT SAYS THE JURORS SHOULD CONSIDER ALL OF THE

10:45:29  20   ADMITTED EVIDENCE, YOU COULD SAY, COMMA, INCLUDING JX 5000 TO

10:45:39  21   5015.

10:45:40  22           MS. MAROULIS:  YOUR HONOR, WE DON'T BELIEVE THAT

10:45:42  23   WOULD BE APPROPRIATE BECAUSE THAT'S -- THAT'S PUTTING THE

10:45:46  24   JX EXHIBITS IN CONTRAVENTION TO THE EXHIBIT THAT WE'RE CITING.

10:45:50  25   SO IF WE CAN'T JUST REFER TO THESE EXHIBITS ADDITIONALLY, WE'D

10:45:55  1    GO BACK TO JUST ASKING THE COURT TO TELL THE JURY ABOUT

10:45:59  2    DX 4568.

10:46:30  3         (PAUSE IN PROCEEDINGS.)

10:46:49  4         THE COURT:  WELL, I'M GOING TO RESPOND AS I

10:46:52  5    SUGGESTED:  "SDX 2146 AND SDX 1711 ARE DEMONSTRATIVES.  NO

10:46:57  6    DEMONSTRATIVES OF ANY PARTY HAVE BEEN ADMITTED INTO EVIDENCE."

10:47:01  7         I'M USING THE LANGUAGE FROM 2013.  THANK YOU FOR BRINGING

10:47:05  8    THAT TO MY ATTENTION.

10:47:09  9         "WE CANNOT GIVE YOU A COPY OF SDX 2146 AND SDX 1711."

10:48:19 10         (PAUSE IN PROCEEDINGS.)

10:48:50 11         THE COURT:  ALL RIGHT.  I JUST HAND WROTE WHAT I HAD

10:48:54 12    TYPED INTO MY COMPUTER.  "SDX 2176 AND SDX 1711 ARE

10:48:58 13    DEMONSTRATIVES.  NO DEMONSTRATIVES OF ANY PARTY HAVE BEEN

10:49:03 14    ADMITTED INTO EVIDENCE.  WE CANNOT GIVE YOU A COPY OF SDX 2146

10:49:07 15    AND SDX 1711.

10:49:10 16         "DX 4568 HAS BEEN ADMITTED INTO EVIDENCE.

10:49:14 17         "YOU MUST CONSIDER ALL OF THE ADMITTED EVIDENCE.  YOU MUST

10:49:18 18    NOT SINGLE OUT SOME ADMITTED EVIDENCE AND IGNORE OTHERS.  ALL

10:49:22 19    ADMITTED EXHIBITS ARE IMPORTANT."

10:49:25 20         SO I THINK THOSE LAST THREE INSTRUCTIONS SHOULD PROVIDE A

10:49:33 21    SUFFICIENT CURATIVE INSTRUCTION AND AVOID PROBLEMS WITH PLACING

10:49:41 22    UNDUE EMPHASIS ON JUST DX 4528.

10:49:45 23         BUT AS I SAID, THE JURORS ARE ALREADY FOCUSSED ON THIS

10:49:48 24    ISSUE.  THEY HAVE ALREADY ASKED FOR THIS INFORMATION.  IT'S NOT

10:49:52 25    LIKE WE'RE DIRECTING THEIR ATTENTION OR INSTRUCTING THEM TO

10:49:56  1    FOCUS ON THIS.  WE'RE MERELY PROVIDING A FACTUAL ANSWER.

10:50:01  2        I THINK THIS IS DISTINGUISHABLE FROM THE INSTANCE IN

10:50:04  3    NOVEMBER OF 2013 WHERE IT WAS, YOU KNOW, LARGELY A CLOSING

10:50:07  4    ARGUMENT EXHIBIT JUST SORT OF SUMMARIZING ALL THE ARGUMENTS,

10:50:13  5    AND IN THAT INSTANCE POINTING TO THE ACTUAL FINAL JURY

10:50:16  6    INSTRUCTION WHICH WENT THROUGH THE SAME FACTORS MAY NOT HAVE

10:50:20  7    HAD THE COMMENTARY ABOUT THE EVIDENCE, BUT HAD THOSE SAME

10:50:23  8    FACTORS THAT THE JURORS WERE TO CONSIDER WAS APPROPRIATE.

10:50:25  9        AND THIS IS A DIFFERENT SITUATION.  AS I'VE SAID BEFORE,

10:50:28 10    THE EXHIBIT LIST IS QUITE CLEAR ON IDENTIFYING WHERE THE JURORS

10:50:33 11    SHOULD LOOK IF THEY WANT TO SEE THE ACTUAL COMPONENTS THAT

10:50:36 12    SAMSUNG ALLEGES ARE THE ARTICLES OF MANUFACTURE, AND THIS

10:50:38 13    PARTICULAR EXHIBIT, DX 4568, HAS A TITLE THAT WOULD NOT BE

10:50:42 14    OBVIOUS.

10:50:43 15        AND THERE'S, YOU KNOW, BOXES OF EXHIBITS IN THIS CASE,

10:50:49 16    MANY, MANY EXHIBITS, AND SO I THINK IT IS HELPFUL TO

10:50:54 17    FACILITATING THE JURY IN ANSWERING THEIR FACTUAL QUESTION.

10:50:58 18        SO THIS IS THE ANSWER I'M GOING TO GIVE.

10:51:00 19        IT IS NOW 10:53?  IS THAT RIGHT?

10:51:06 20        THE CLERK:  YOUR HONOR, I SHOW 10:51 ON MY CLOCK

10:51:10 21    HERE.

10:51:11 22        THE COURT:  OKAY.  10:51.  I'M LOOKING AT THE CLOCK

10:51:14 23    AT AN ANGLE.

10:51:15 24        AND TODAY IS MAY 22; CORRECT?

10:51:18 25        THE CLERK:  YES, YOUR HONOR.

10:51:19   1          THE COURT:  OKAY.  THEN I'M GOING TO ASK MS. MASON TO

10:51:22   2   PLEASE FILE THIS AND -- WELL, MAKE A COPY, GIVE THE ORIGINAL TO

10:51:26   3   THE JURY, PLEASE, AND THEN IF YOU WOULD FILE IT ON THE DOCKET

10:51:29   4   SO ALL THE PARTIES HAVE IT.  OKAY?

10:51:31   5          THE CLERK:  YES, YOUR HONOR.

10:51:31   6          THE COURT:  ALL RIGHT.  THANK YOU ALL.

10:51:33   7          MS. MAROULIS:  THANK YOU, YOUR HONOR.

10:51:34   8          MR. MUELLER:  THANK YOU, YOUR HONOR.

10:51:34   9          THE COURT:  THANK YOU VERY MUCH.

10:51:38  10       (A RECESS WAS TAKEN PENDING THE JURY'S DELIBERATIONS.)

          11

          12

          13

          14

          15

          16

          17

          18

          19

          20

          21

          22

          23

          24

          25

1

2

3                    CERTIFICATE OF REPORTERS

4

5

6

7        WE, THE UNDERSIGNED OFFICIAL COURT REPORTERS OF THE

8    UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

9    CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO

10   HEREBY CERTIFY:

11        THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12   A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13   ABOVE-ENTITLED MATTER.

14

15

16                    IRENE RODRIGUEZ, CSR, CRR
                      CERTIFICATE NUMBER 8076
17

18

19                    LEE-ANNE SHORTRIDGE, CSR, CRR
                      CERTIFICATE NUMBER 9595
20

21                    DATED:  MAY 22, 2018

22

23

24

25