ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S MOTION FOR SUPPLEMENTAL DAMAGES, PREJUDGMENT INTEREST, AND POST-JUDGMENT INTEREST** |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 26, 2018, at 1:30 p.m., or as soon thereafter as the matter may be heard by the Honorable Lucy H. Koh in Courtroom 8, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Plaintiff Apple Inc. ("Apple") shall and hereby does move for an award of supplemental damages for post-verdict sales made by Samsung Electronics Co. Ltd., Samsung America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") and prejudgment and post-judgment interest. Apple's motion is based on this Notice, the Memorandum of Points and Authorities below, the Declarations submitted herewith, and such other written or oral argument as was and may be presented at or before the time this motion is taken under submission by the Court.

Dated: June 7, 2018               */s/ Mark D. Selwyn*
                                  Mark D. Selwyn (SBN 244180)

                                  *Attorney for Plaintiff Apple Inc.*

Apple respectfully requests that the Court reaffirm its prior rulings stating that Apple is entitled to supplemental damages and prejudgment interest, and also determining methods for calculating those amounts. Apple requests that the Court apply the same methodologies as before. Apple understands that the Court will calculate the amount of supplemental damages at a later date and therefore does not include its proposed calculations in this motion. *See* Dkt. 3818 at 1461-1463. For completeness, Apple also moves the Court for post-judgment interest pursuant to 28 U.S.C. § 1961(a).

## I.   SUPPLEMENTAL DAMAGES

### A.   Apple Is Entitled To Supplemental Damages.

The Court previously ruled that "an award of supplemental damages is necessary" in this case to compensate Apple for "infringing sales not considered by the jury." Dkt. 2271 at 2; *see also id.* (holding that "the Court must make an award for any sale for which the jury did not" (citing *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197 (Fed. Cir. 2010))). As the Court observed, "the parties do not dispute that there are sales for which the jury did not make an award, because they occurred after the trial had concluded." Dkt. 2271 at 2. The Court therefore determined that it would "calculate the supplemental damages award beginning on August 25, 2012, the day after the [infringement] verdict." *Id.* at 3.

After the 2013 damages retrial, the Court reiterated that Apple is entitled to supplemental damages, and stated that it would calculate such damages after "obtaining the Federal Circuit's guidance, both as to the merits as well as to how to calculate supplemental damages." Dkt. 2947 at 3. While Samsung subsequently appealed several issues in the case, it did ***not*** challenge either the Court's conclusion that Apple is entitled to supplemental damages or the Court's calculation method. *See Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983 (Fed. Cir. 2015); *see also Apple Inc. v. Samsung Elecs. Co.*, No. 14-1335, Dkt. 34 (Fed. Cir. May 23, 2014) (Samsung opening brief). Accordingly, those rulings are the law of the case. *See United States v. Garcia-Beltran*, 443 F.3d 1126, 1129 (9th Cir. 2006) ("According to the law of the case doctrine, on remand a lower court is bound to follow the appellate court's decision as to issues decided explicitly or by

necessary implication."); *Weston v. Harmatz*, 335 F.3d 1247, 1255 (10th Cir. 2003) ("Under the law of the case doctrine, [a] legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." (internal quotation marks omitted)); *Schering Corp. v. Ill. Antibiotics Co.*, 89 F.3d 357, 358 (7th Cir.1996) ("Under the doctrine of the law of the case, a ruling by the trial court, in an earlier stage of the case, that could have been but was not challenged on appeal is binding in subsequent stages of the case.").

Even setting the Court's prior (and controlling) rulings aside, Apple remains entitled to supplemental damages for Samsung's sale after the 2012 verdict of the same phone models found to infringe. *See Hynix Semiconductor Inc. v. Rambus Inc.*, 609 F. Supp. 2d 951, 961 (N.D. Cal. 2009) (supplemental damages are necessary to provide damages "adequate to compensate for the infringement"); *Radware, Ltd. v. F5 Networks, Inc.*, No. 5:13-CV-02024-RMW, 2016 WL 4427490, at *9 (N.D. Cal. Aug. 22, 2016) ("Courts regularly award supplemental damages for infringing units that a jury could not consider at trial. While a patentee could potentially file a new lawsuit to recover damages for these units, additional litigation would be costly and inefficient."). As in the two prior trials, the 2018 jury awarded damages for sales made before the liability verdict. *See* Dkt. 3630-1 (Joint Damages Remedies Chart reflecting that damages period for each asserted patent ended on June 30, 2012). The award therefore does not (and could not) reflect damages for Samsung's sale of infringing phones that post-dated the liability verdict.

Samsung has waived any right to challenge Apple's entitlement to compensation for these additional infringing sales. Samsung has admitted that it continued to sell six of the same models found to infringe after the jury's August 24, 2012 verdict, *see* Dkt. 2060, Kerstetter Decl., Exs. 1-2 (showing that Samsung sold the Droid Charge, Galaxy Prevail, Galaxy S II (T-Mobile), Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket, and Galaxy S Showcase in the United States after August 24, 2012), and it failed to appeal this Court's decision to grant Apple

supplemental damages. The Court should therefore reaffirm Apple's right to supplemental damages.

### B. The Court Has Already Adopted An Appropriate Method For Calculating Supplemental Damages.

The Court has likewise already adopted a method for calculating the supplemental damages to which Apple is entitled. *See* Dkt. 2271 at 5. That method awards supplemental damages based on the "per-sale amount [of damages] on a product-by-product basis." *Id.* Calculating this per-product amount requires the Court to "simply divide the jury award for each product by that product's number of sales to calculate this per-product amount." *Id.* That per-product amount will then be multiplied by the "actual number of sales" of infringing devices made on or after August 25, 2012. *Id.* at 5-6.

The Court's method, which is tethered directly to the jury's per-product damages awards and Samsung's actual post-verdict sales, is appropriate, reasonable, and well within the Court's discretion to fashion an appropriate remedy for infringing sales not considered by the jury. *See SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1384 (Fed. Cir. 2013) ("[T]he amount of supplemental damages following a jury verdict 'is a matter committed to the sound discretion of the district court.'" (quoting *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1362 n.2 (Fed. Cir. 2008))).

The Court has already indicated that it is inclined to apply this same methodology. Dkt. 3818 at 1462:18-19 ("I think it's highly likely that I would adopt the same manner."). Apple respectfully requests that the Court expressly reaffirm that it will do so.[1]

Apple understands that the Court will calculate the amount of supplemental damages after the completion of any appeal from the 2018 verdict. Dkt. 3818 at 1461-1463. Apple reserves the right to present its calculations for supplemental damages, including the number of

---

[1] The per-product rates for the products that Samsung sold during the supplemental damages periods, as calculated using the Court's methodology and updated to reflect the 2018 verdict, can be found at Exhibit 1 to the Declaration of Julie L. Davis submitted herewith.

infringing units in the supplemental damages period and the total supplemental damages owed, at a time deemed appropriate by the Court.

## II.    PREJUDGMENT INTEREST

The Court has also previously determined "that Apple is entitled to prejudgment interest." Dkt. 2271 at 7. It further held that it will "award prejudgment interest at the 52-week Treasury Bill Rate, compounded annually." *Id.* at 8. Samsung did not challenge the Court's ruling regarding prejudgment interest on appeal, and has waived the right to do so now. *See Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983 (Fed. Cir. 2015); *see also Apple v. Samsung Elecs. Co.*, No. 14-1335, Dkt. 34 (Fed. Cir. May 23, 2014) (Samsung opening brief).

Apple remains entitled to prejudgment interest to "compensate [it] for the use of its money between the date of injury and the date of judgment." *Oiness v. Walgreen Co.*, 88 F.3d 1025, 1033 (Fed Cir. 1996); *see also Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1292 (Fed. Cir. 2002) (affirming award of prejudgment interest under § 289); *accord General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983) ("prejudgment interest should ordinarily be awarded absent some justification for withholding such an award").

The Court should reaffirm Apple's right to prejudgment interest at the 52-week Treasury Bill Rate, compounded annually. Apple understands that the Court will calculate the amount of prejudgment interest after the completion of any appeal from the 2018 verdict. Dkt. 3818 at 1461-1463. Apple will present its calculations for prejudgment interest at any time deemed appropriate by the Court.

## III.    POST-JUDGMENT INTEREST

Apple is statutorily entitled to post-judgment interest at the rate set by Congress. *See Goodwall Const. Co. v. Beers Const. Co.*, 991 F.2d 751, 759 (Fed. Cir. 1993); *accord* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."). For completeness, Apple requests that the Court's post-trial order indicate that Apple is entitled to post-judgment interest at the statutory rate.

| | | |
|---|---|---|
| 1 | Dated: June 7, 2018 | */s/ Mark D. Selwyn* |
| 2 | | Mark D. Selwyn (SBN 244180) |
| 3 | | *Attorney for Plaintiff Apple Inc.* |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 7, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Mark D. Selwyn*
Mark D. Selwyn