ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff Apple Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**DECLARATION OF JULIE L. DAVIS, CPA, IN SUPPORT OF APPLE'S MOTION FOR SUPPLEMENTAL DAMAGES, PREJUDGMENT INTEREST, AND POST-JUDGMENT INTEREST** |

I, Julie L. Davis, CPA, hereby declare as follows:

1. I am a Principal at Davis & Hosfield Consulting LLC, located at 20 North Wacker Drive, Suite 2150, Chicago, Illinois 60606. I have been retained by Apple Inc. to serve as a damages expert in the above-captioned matter. I have been providing audit and financial consulting services to attorneys and corporate clients for nearly forty years, and have worked on at least 300 intellectual property disputes over the course of my career.

2. Through my work on behalf of Apple, I have acquired personal knowledge of the matters stated herein. I submit this declaration in support of Apple's motion for supplemental damages, prejudgment interest, and post-judgment interest. For the purposes of this declaration, and as with my other work for Apple in this matter, I have been assisted by professionals from Stout Risius Ross ("SRR"). I have discussed with SRR personnel their work and procedures to ensure that they were consistent with my directions and that the work product was prepared in accordance with the high professional standard to which I hold my own staff.

**Per-Unit Amounts for Supplemental Damages**

3. I understand that the Court previously addressed how supplemental damages should be calculated. Specifically, the Court has instructed that to calculate supplemental damages, the damages awards for the relevant products should be converted to a per-unit amount on a product-by-product basis, and the resulting figures should be multiplied by Samsung's actual sales of each product beginning on August 25, 2012 – the day after the verdict at the first trial. Dkt. 2271 at 5-6. The jury verdicts dated November 21, 2013 and May 24, 2018 include per-product damages awards.

4. JX1500 provides a statement of the number of units of the infringing products included in the verdicts. (Specifically, JX1500A2 was admitted at the 2013 trial, and JX1500C was admitted at the 2018 trial, but both trial exhibits present the same unit numbers contained in JX1500 for the subsets of products that were at issue at the 2013 and 2018 trials.)

5. Using this information, I calculated the per-unit amounts to be used for supplemental damages on a product-by-product basis for the six products that Samsung sold after August 24, 2012. These amounts and the calculations supporting them are included in **Exhibit 1**.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed this 6th day of June 2018, at Chicago, Illinois.

_____
JULIE L. DAVIS