QUINN EMANUEL URQUHART &
SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>           Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>           Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS RELATING TO SAMSUNG'S NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW, NEW TRIAL, AND/OR REMITTITUR** |

1   Pursuant to Civil Local Rules 7-11 and 79-5, Samsung Electronics Co., Ltd., Samsung
2 Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively,
3 "Samsung") hereby bring this administrative motion for an order to seal certain information filed
4 in connection with Samsung's Notice of Motion and Motion for Judgment as a Matter of Law,
5 New Trial, and/or Remittitur Pursuant to Federal Rules of Civil Procedure 50 and 59.
6   Pursuant to Civil L.R. 7-11, Samsung's counsel met and conferred with Apple's counsel
7 regarding this motion to seal. Apple does not oppose Samsung's Administrative Motion to File
8 Documents Under Seal as a procedural mechanism for requesting that portions of Samsung's
9 Notice of Motion and Motion for Judgment as a Matter of Law, New Trial, and/or Remittitur be
10 placed under seal. Apple reserves the right to challenge any proposed redactions to the extent it
11 believes those redactions improperly seal non-confidential information. Samsung does not file a
12 proposed redacted version of the aforementioned documents in accordance with the Court's Order
13 requiring the parties to meet and confer before filing public redacted documents. Case No. 11-cv-
14 01846, Dkt. No. 2934 (Jan. 29, 2014). Within seven days of Apple or any third party filing
15 declarations in support of sealing, if any, the parties will prepare and Samsung will file a final
16 consolidated and conformed copy of the materials identifying what information parties have
17 supported sealing in their declarations.

**RELIEF REQUESTED**

Samsung requests an order granting Samsung's motion to file under seal the following documents:

| Document | Portions to be Filed Under Seal[1] | Parties Claiming Confidentiality |
|---|---|---|
| Declaration of Michael Wagner in Support of Samsung's Motion for Judgment as a Matter of Law, New Trial, and/or Remittitur | See conformed highlighted version of document to be filed within 7 days of declarations in support. | Apple, Samsung |

---

[1]  Concurrently with this Administrative Motion, Samsung files versions of documents that highlight information Samsung requests be sealed highlighted in yellow.

| Document | Portions to be Filed Under Seal[1] | Parties Claiming Confidentiality |
|---|---|---|
| Exhibit B to Declaration of Michael Wagner | See conformed highlighted version of document to be filed within 7 days of declarations in support. | Apple, Samsung |

## I.   THE "COMPELLING REASONS" STANDARD APPLIES

Samsung's Notice of Motion and Motion for Judgment as a Matter of Law, New Trial, and/or Remittitur is a dispositive motion, which may be sealed in the Ninth Circuit so long as the party seeking to seal provides "compelling reasons […] supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006). A party has "compelling reasons" to seal information in a filing when disclosure of that information would "release trade secrets," *Kamakana*, 447 F.3d at 1179, or when the material would disclose "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Compelling reasons have been found to seal, for example, documents containing confidential source code (*Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012); documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016); documents containing "highly sensitive information regarding [the party's] product architecture and development," *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014); and documents in the form of "emails containing information about [a party's] business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers," *Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No. 14–cv–02737–BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Feb. 10, 2015).

1  **II.    COMPELLING REASONS EXISTS TO PERMIT FILING UNDER SEAL**

2              Samsung maintains a claim of confidentiality as to the portions of the Declaration of
3  Michael Wagner in Support of Samsung's Motion for Judgment as a Matter of Law, New Trial,
4  and/or Remittitur and Exhibit B thereto that reveal highly confidential financial information in the
5  calculation of damages.

6              Samsung considers the financial data included in the Declaration of Michael Wagner and
7  Exhibit B thereto to be highly confidential.  Samsung does not report this type of data to investors,
8  regulatory bodies, the press, or business analysts.  This type of information is highly confidential
9  to Samsung and Samsung takes extraordinary steps to maintain the secrecy of the information.
10 Even within Samsung's finance and accounting groups, such data can only be accessed by certain
11 personnel on a restricted, need-to-know basis.  This type of data guides Samsung's pricing,
12 distribution, financial planning, and other business decisions.

13             Samsung would face harm from public disclosure of the financial information identified in
14 the Declaration of Michael Wagner and Exhibit B thereto.  Competitors could use this highly
15 confidential information, in conjunction with other public pleadings in this action, to derive per-
16 unit, per-product sales data of various Samsung products.  Armed with this information, a
17 competitor could charge a lower price in an effort to gain market share.  Competitors could also
18 use knowledge of Samsung's highest-and lowest-performing product lines to target marketing and
19 advertising efforts.  Such highly confidential financial data is properly sealable.  *See Apple v.*
20 *Samsung*, 727 F.3d 1214, 1224-26 (Fed. Cir. 2013) ("The parties assert that their detailed product-
21 specific information concerning such things as costs, sales, profits, and profit margins qualifies as
22 trade secrets. . . . [W]e conclude that the district court abused its discretion in ordering the
23 information unsealed.").  The Court previously sealed similar financial information when it
24 granted Samsung's motion to seal portions of the January 2018 expert report of Julie Davis.  *See*
25 Dkt. 3635 at 6 (granting sealing of Dkt. 3593-4).

26             Because the calculations in the in the Declaration of Michael Wagner and Exhibit B thereto
27 are based in part on calculations that Apple designated highly confidential under the protective

28

order, Samsung also moves to seal information designated highly confidential by Apple. Samsung expects that Apple will file the required supporting declaration in accordance with Civil Local Rule 79-5 as necessary to confirm whether the information should be sealed.

## III.     CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant this Administrative Motion to File Under Seal.

DATED:  June 7, 2018				QUINN EMANUEL URQUHART &
						SULLIVAN, LLP


						 /s/ Victoria F. Maroulis
						John B. Quinn
						Kathleen M. Sullivan
						William C. Price
						Michael T. Zeller
						Kevin P.B. Johnson
						Victoria F. Maroulis

						Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC