QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

CASE NO. 11-cv-01846-LHK

**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR ENTRY OF JUDGMENT OF INVALIDITY ON APPLE'S CLAIM FOR INFRINGEMENT OF THE '915 PATENT OR IN THE ALTERNATIVE FOR RELIEF FROM JUDGMENT UNDER RULE 60(B)(6)**

**Date:** July 26, 2018
**Time:** 1:30 p.m.
**Place:** Courtroom 8, 4th Floor
**Judge:** Hon. Lucy H. Koh

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung")[1] shall and hereby do move the Court for (1) entry of a judgment of invalidity on Apple's claim (Count 12 of Apple's Amended Complaint) for infringement of claim 8 of U.S. Patent No. 7,844,915 (the "'915 patent"); (2) vacatur of the interim partial judgment entered on September 18, 2015 (Dkt. 3290), to the extent it awarded damages based in whole or in part on infringement of the '915 patent by the Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Galaxy Prevail, Galaxy Tab, Galaxy Tab 10.1 (WiFi), Gem, Infuse 4G, Nexus S 4G, and Transform; and (3) an order requiring restitution of the monies Samsung has paid Apple in satisfaction of that interim partial judgment for infringement of the '915 patent, in the total amount of $145,899,403, plus interest. To the extent deemed necessary, Samsung also moves for relief from the Court's prior judgments under Fed. R. Civ. P. 60(b)(6).

This motion is made on the grounds that the Federal Circuit has now affirmed the Patent Trial and Appeal Board's final rejection of claim 8 of the '915 patent, and that final affirmance binds Apple and precludes its claim for infringement of that patent claim in this Court under the doctrine of collateral estoppel and based on the public policy prohibiting enforcement of invalid patents.

This motion is based on this notice of motion; the accompanying memorandum of points and authorities; the records of this Court, and of the Patent Trial and Appeal Board, the U.S. Patent & Trademark Office, and the Federal Circuit proceedings relating to the '915 patent; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

[1] Effective January 1, 2015, Samsung Telecommunications America ("STA") merged with and into Samsung Electronics America, and therefore STA no longer exists as a separate corporate entity.

**RELIEF REQUESTED**

Samsung respectfully requests entry of judgment for Samsung on Count 12 of Apple's Amended Complaint, alleging infringement of the '915 patent; an order vacating the interim partial judgment (Dkt. 3290) to the extent it awarded damages based wholly or partly on infringement of that patent; an order requiring restitution of the monies Samsung has paid Apple for infringement of the '915 patent, in the amount of $145,899,403 plus interest; and to the extent deemed necessary, relief from the Court's prior judgments under Fed. R. Civ. P. 60(b)(6).

DATED: June 7, 2018

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*

John B. Quinn
Kathleen M. Sullivan
William C. Price
Michael T. Zeller
Kevin P.B. Johnson
Victoria F. Maroulis

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........ 1
FACTUAL AND PROCEDURAL BACKGROUND ........ 1
A. Prior Proceedings Regarding The '915 Patent In This Action ........ 1
B. The Reexamination Proceedings On The '915 Patent ........ 3
ARGUMENT ........ 3
I. The Court Should Enter Judgment For Samsung On Apple's Claim For Infringement Of The '915 Patent And Vacate The Damages Awarded For Such Infringement ........ 3
A. The Federal Circuit Invalidity Judgment Is Final ........ 4
B. Cancellation Is Not Required For Collateral Estoppel ........ 5
C. Preclusion Applies Despite This Court's Prior Judgments ........ 6
II. In The Alternative, The Court Should Grant Relief Under Rule 60(b)(6) ........ 9
III. Samsung Is Entitled To Restitution Of Amounts Paid On Account Of The '915 Patent ........ 10

**Cases**

*Alzheimer's Inst. v. Eli Lilly & Co.*,
128 F. Supp. 3d 1249 (N.D. Cal. 2015) .......... 5

*In re Apple, Inc.*,
685 F. App'x 907 (Fed. Cir. Apr. 14, 2017) .......... 3, 4, 5

*Apple Inc. v. Samsung Elecs. Co.*,
786 F.3d 983 (Fed. Cir. 2015) .......... 1

*Apple Inc. v. Samsung Elecs. Co.*,
No. 15-2088 (Fed. Cir.) .......... 2

*B&B Hardware, Inc. v. Hargis Indus., Inc.*,
135 S. Ct. 1293 (2015) .......... 4, 6

*Beauchamp v. Anaheim Union High Sch. Dist.*,
816 F.3d 1216 (9th Cir. 2016) .......... 4

*Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*,
402 U.S. 313 (1971) .......... 4, 6

*Brown v. City of Pittsburgh*,
586 F.3d 263 (3d Cir. 2009) .......... 9

*Bullen v. De Bretteville*,
239 F.2d 824 (9th Cir. 1956) .......... 5

*Cabral v. Brennan*,
853 F.3d 763 (5th Cir. 2017) .......... 9

*Caldwell v. Puget Sound Elec.*,
824 F.2d 765 (9th Cir. 1987) .......... 10

*California Med. Ass'n v. Shalala*,
207 F.3d 575 (9th Cir. 2000) .......... 10

*Dana Corp. v. NOK, Inc.*,
882 F.2d 505 (Fed. Cir. 1989) .......... 6

*Elephant Butte Irr. Dist. v. U.S. Dep't of Interior*,
538 F.3d 1299 (10th Cir. 2008) .......... 9

*Ex parte Apple, Inc.*,
App. No. 90/012,332, Reexam - Final Rejection (July 26, 2013) .......... 3

*Ex parte Apple, Inc.*,
2014 WL 7171965 (PTAB Dec. 9, 2014) .......... 3

*Flexiteek Americas, Inc. v. PlasTEAK, Inc.*,
2012 WL 5364247 (S.D. Fla. Oct. 31, 2012) .......... 9

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
721 F.3d 1330 (Fed. Cir. 2013) .......... 4, 6, 7, 8

*In re Graziadei*,
32 F.3d 1408 (9th Cir. 1994) .......... 10

*Jet, Inc. v. Sewage Aeration Sys.*,
223 F.3d 1360 (Fed. Cir. 2000) .......... 4

*Julianello v. K-V Pharm. Co.*,
791 F.3d 915 (8th Cir. 2015) .......... 9

*Lacey v. Maricopa Cnty.*,
693 F.3d 896 (9th Cir. 2012) .......... 5

*Mahan v. Perez*,
2016 WL 7048997 (N.D. Cal. Dec. 5, 2016) .......... 5

*MaxLinear, Inc. v. CF CRESPE LLC*,
880 F.3d 1373 (Fed. Cir. 2018) .......... 1, 3, 4, 5

*Mendenhall v. Barber-Greene Co.*,
26 F.3d 1573 (Fed. Cir. 1994) .......... 6, 7

*Oracle USA, Inc. v. Rimini St., Inc.*,
879 F.3d 948 (9th Cir. 2018) .......... 10

*Prism Techs., LLC v. Sprint Spectrum L.P.*,
2017 WL 3396463 (D. Neb. Aug. 8, 2017) .......... 9

*PSM Holding Corp. v. Nat'l Farm Fin. Corp.*,
743 F. Supp. 2d 1136 (C.D. Cal. 2010) .......... 10

*Simmons Co. v. Grier Bros. Co.*,
258 U.S. 82 (1922) .......... 7, 8

*Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*,
778 F.3d 1311 (Fed. Cir. 2015) .......... 4, 6

*Syverson v. Int'l Bus. Mach. Corp.*,
472 F.3d 1072 (9th Cir. 2007) .......... 5

*Thompson-Hayward Chem. Co. v. Rohm & Haas Co.*,
745 F.2d 27 (Fed. Cir. 1984) .......... 6

*Translogic Tech., Inc. v. Hitachi, Ltd.*,
250 F. App'x 988 (Fed. Cir. 2007) .......... 5

*Verizon Servs. Corp. v. Vonage Holdings Corp.*,
503 F.3d 1295 (Fed. Cir. 2007) .......... 10

*Watts v. Pinckney*,
752 F.2d 406 (9th Cir. 1985) .......... 10

*XY, LLC v. Trans Ova Genetics, L.C.*,
2018 WL 2324460 (Fed. Cir. May 23, 2018) .......... 1, 3, 4, 5

**Statute and Rules**

28 U.S.C. § 1961 .......... 10

Fed. R. Civ. P. 54(b) .......... 1, 8, 9

Fed. R. Civ. P. 60(b)(6) .......... 9

**Other Authorities**

RESTATEMENT (2D) OF JUDGMENTS § 13 .......... 5

RESTATEMENT (3D) OF RESTITUTION AND UNJUST ENRICHMENT § 18 .......... 10

RESTATEMENT (3D) OF RESTITUTION AND UNJUST ENRICHMENT § 53 .......... 10

## INTRODUCTION

In June 2017, the Federal Circuit entered a final judgment affirming the U.S. Patent & Trademark Office's ("PTO") rejection of claim 8 of U.S. Patent No. 7,844,915 (the "'915 patent"), one of Apple's remaining patents-in-suit. That final judgment of invalidity is binding in this case under the doctrine of collateral estoppel, and requires entry of judgment for Samsung on Apple's claim for infringement of claim 8 of the '915 patent. Indeed, the Federal Circuit has held *twice* in the past six months that a Federal Circuit judgment affirming a Patent Trial and Appeal Board ("PTAB") finding of invalidity is entitled to immediate collateral estoppel effect in other actions. *See XY, LLC v. Trans Ova Genetics, L.C.*, 2018 WL 2324460, *8-9 (Fed. Cir. May 23, 2018); *MaxLinear, Inc. v. CF CRESPE LLC*, 880 F.3d 1373, 1376-77 (Fed. Cir. 2018). Accordingly, this Court should vacate its prior awards of damages based the invalid '915 patent; enter judgment for Samsung on Apple's claim for infringement of that patent; and order that Samsung is entitled to restitution of, or a credit for, monies paid for that patent.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Prior Proceedings Regarding The '915 Patent In This Action

In Count 12 of its amended complaint, Apple alleges that Samsung infringed "one or more claims" of the '915 patent. Dkt. 75 at 53. The Court dismissed that count except as to claim 8 prior to trial. Dkt. 902, 981. At trial, a jury found that twenty-one Samsung products infringed claim 8. Dkt. 1931 at 3. Following a partial retrial, the Court entered a $930 million judgment for Apple. Dkt. 3017. Samsung appealed to the Federal Circuit, which affirmed the judgment as to design and utility patent infringement, reversed as to trade dress dilution, and remanded for further proceedings. *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983 (Fed. Cir. 2015).

On remand, in September 2015, this Court entered a $548,176,477 partial judgment—which the Court stated was *not* a Rule 54(b) partial final judgment—combining design and utility patent damages for the eighteen products not affected by the trade-dress reversal. Dkt. 3290 at 1; 3291 at 31. A total of $278,325,965 of this amount was awarded for twelve products found to infringe the '915 patent (the Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Galaxy Prevail, Galaxy Tab, Galaxy Tab 10.1 (WiFi), Gem, Infuse 4G, Nexus S 4G, and Transform).

Dkt. 1931 at 3, 16; Dkt. 2822 at 1-2. Of that amount, $145,899,403 is attributable, wholly or partly, to findings of ’915 patent infringement, including:

(1) $113,777,343 in lost profits for ten products (all of the above except the Exhibit 4G and Galaxy Tab 10.1 (WiFi)). *See* Dkt. 2947 at 4; PX25F.4. Apple did not seek lost profits for any other utility patents, so these awards depend *solely* on the findings of ’915 patent infringement.

(2) $31,288,984 in reasonable royalty damages for eleven products (all of the above except the Galaxy Tab 10.1 (WiFi)). Dkt. 2947 at 4; PX25F.4. Although many of these products infringed more than one utility patent, these awards necessarily depend on the findings of ’915 patent infringement because the jury adopted the royalty amounts proffered by Apple’s expert, *see* Dkt. 2947 at 4, who attributed a portion of the royalty award for each product specifically to infringement of the ’915 patent, *see* PX25F.16;[2] and

(3) $833,076 in damages for the Galaxy Tab 10.1 (WiFi). Apple requested both lost profits (based on the ’915 patent) and a reasonable royalty (based on all utility patents) based on this product. PX25A1.4. This award thus was based at least in part on ’915 patent infringement.

In October 2015, the Federal Circuit affirmed the partial judgment. *Apple Inc. v. Samsung Elecs. Co.*, No. 15-2088 (Fed. Cir.), ECF 29. Samsung paid it in full on December 11, 2015 (*see* Dkt. 3332), while reserving its right to seek restitution (*see, e.g.*, Dkt 3322 at 2).

In September 2015, the Court scheduled a damages retrial for the products that were found to dilute Apple’s invalidated trade dresses. Dkt. 3272 at 2-3. This retrial was to include requests for ’915 patent damages for four products (the Fascinate, Galaxy S 4G, Mesmerize, and Vibrant). Dkt. 3394-1. In December 2015, Apple also requested supplemental ’915 patent damages for two other products (the Droid Charge and Galaxy Prevail). Dkt. 3339-3 at 20. But in March 2016, following the Supreme Court’s grant of certiorari, this Court stayed all proceedings, Dkt. 3472 at 1-2, and denied Apple’s request for supplemental damages without prejudice, Dkt. 3473 at 2.

---

[2] One product, the Transform, was not found to infringe any utility patent other than the ’915 patent. Dkt. 1931 at 2-4. The royalty award for that product, in the amount of $460,749, therefore is based solely on the finding of ’915 patent infringement. Including the lost profits awards, the total award based exclusively on findings of ’915 patent infringement is $114,238,092.

### B. The Reexamination Proceedings On The ’915 Patent

In May 2012, an anonymous third party requested *ex parte* reexamination of the ’915 patent by the PTO. *Ex parte Apple, Inc.*, 2014 WL 7171965, *1 (PTAB Dec. 9, 2014). A PTO examiner issued a final rejection of all claims of the ’915 patent in July 2013. *Ex parte Apple Inc.*, App. No. 90/012,332, Reexam - Final Rejection at 27-30, 43-47 (July 26, 2013). The PTAB affirmed the examiner’s decision in December 2014. *Ex parte Apple Inc.*, 2014 WL 7171965.

In August 2015, Samsung moved this Court for judgment of invalidity on Apple’s claim for ’915 patent infringement based on the PTAB’s rejection of that patent. Dkt. 3267. Apple responded that Samsung’s arguments were premature “because the Patent Act expressly states that PTAB re-examination decisions are not final until after judicial review (or until the time for seeking review has expired).” Dkt. 3278 at 4. This Court agreed. *See* Dkt. 3291 at 15-22.

In November 2015, Apple appealed the PTAB’s invalidity decision to the Federal Circuit. In April 2017, the Federal Circuit affirmed the PTAB’s rejection of claim 8 as invalid. *In re Apple, Inc.*, 685 F. App’x 907, 910-11 (Fed. Cir. Apr. 14, 2017). The Federal Circuit also vacated the PTAB’s rejection of other claims of the ’915 patent not at issue here (claims 2, 9, and 16), and remanded to the PTO for further proceedings. *Id.* at 912-13. The Federal Circuit denied Apple’s petition for rehearing, No. 16-1402 (Fed. Cir.), ECF 71, and issued its mandate on June 23, 2017, *id.*, ECF 72. Apple did not file a petition for certiorari.

Following the Federal Circuit’s issuance of its invalidity judgment, Apple stated that it would not seek additional damages for ’915 patent infringement in this case. *See* Dkt. 3506 at 1.

## ARGUMENT

### I. The Court Should Enter Judgment For Samsung On Apple’s Claim For Infringement Of The ’915 Patent And Vacate The Damages Awarded For Such Infringement

Under controlling authorities, the Federal Circuit’s final judgment of invalidity is preclusive in this action. *See, e.g.*, *XY*, 2018 WL 2324460, *8-9 (Federal Circuit affirmance of PTAB invalidity finding “has an immediate issue preclusive effect on any pending … actions involving the patent”); *MaxLinear*, 880 F.3d at 1376 (similar; Federal Circuit affirmances of PTAB invalidity findings “are binding in this proceeding, as a matter of collateral estoppel”);

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1346 (Fed. Cir. 2013) ("a final PTO decision affirmed by this court [must] be given effect in pending infringement cases that are not yet final"). The Court should thus enter judgment that the '915 patent is invalid, and vacate the damages previously awarded for supposed infringement thereof.

The Supreme Court established decades ago that a patent infringement defendant is entitled to invoke another court's finding of patent invalidity as a dispositive defense under the doctrine of collateral estoppel. *See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971). The Federal Circuit has followed this rule in a long, unbroken series of cases. *See, e.g.*, *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1320 (Fed. Cir. 2015) (reversing judgment because "invalidity … is established by issue preclusion"). The Federal Circuit has also specifically held that collateral estoppel applies to Federal Circuit decisions affirming PTAB invalidity findings. *XY*, 2018 WL 2324460, *8-9; *MaxLinear*, 880 F.3d at 1376; *see also B&B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1301-05 (2015) (holding that an adjudicative ruling by a federal administrative body is itself "presumptively" preclusive under the doctrine of collateral estoppel, even prior to judicial review).

The test for collateral estoppel is straightforward: "(1) the issue must be identical to one alleged in prior litigation; (2) the issue must have been 'actually litigated' in the prior litigation; and (3) the determination of the issue in the prior litigation must have been 'critical and necessary' to the judgment." *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1225 (9th Cir. 2016); *see Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1366 (Fed. Cir. 2000) (similar). The Federal Circuit's invalidity judgment indisputably meets this test, for the issue to be precluded—the validity of claim 8 of the '915 patent—(1) is the same issue that the Federal Circuit addressed; (2) was actually decided by the Federal Circuit; and (3) was necessarily decided because that was the question presented. *See In re Apple*, 685 F. App'x at 910-11. Collateral estoppel therefore applies. And as shown below, none of the arguments that Apple made previously, or that it could make here, has merit now that the Federal Circuit has affirmed the PTAB's finding of invalidity.

### A. The Federal Circuit Invalidity Judgment Is Final

Apple previously argued that the PTAB's invalidity determination was not "final" because

it had not been subject to judicial review. Dkt. 3278 at 4. That argument no longer applies. For purposes of collateral estoppel, a "'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." RESTATEMENT (2D) OF JUDGMENTS § 13. The Federal Circuit's judgment unquestionably meets that threshold. An unreviewable court of appeals judgment cannot be disregarded as non-final.

It is irrelevant that the Federal Circuit remanded for further proceedings on claims *other than* claim 8, *see In re Apple*, 685 F. App'x at 912-13, because only claim 8 is at issue here. Collateral estoppel is directed to preclusion of *issues*, not cases, so the "proper query … is whether the court's decision *on the issue as to which preclusion is sought* is final," even if other issues remain unresolved. *Syverson v. Int'l Bus. Mach. Corp.*, 472 F.3d 1072, 1079 (9th Cir. 2007); *see, e.g.*, *Bullen v. De Bretteville*, 239 F.2d 824, 829 (9th Cir. 1956) ("A case remanded for further hearing … may nonetheless be final as to other issues"), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012); *Mahan v. Perez*, 2016 WL 7048997, *4 (N.D. Cal. Dec. 5, 2016) (citing *Syverson*); *Alzheimer's Inst. v. Eli Lilly & Co.*, 128 F. Supp. 3d 1249, 1254 (N.D. Cal. 2015) (same). The pendency of PTO proceedings as to *other* patent claims has no impact on the finality of the Federal Circuit's judgment as to claim 8.

**B. Cancellation Is Not Required For Collateral Estoppel**

When addressing preclusion previously, this Court stated that "a re-examination decision invalidating a patent is not final until the claims of the patent are cancelled by the PTO." Dkt. 3291 at 19. But subsequent Federal Circuit decisions show that this statement is incorrect. Just two weeks ago in *XY*, the Federal Circuit held that its affirmance of a PTAB invalidity decision in a separate action had "an immediate issue-preclusive effect on any pending or co-pending actions involving the patent," including in an appeal decided *that same day*. *XY*, 2018 WL 2324460, *8. It did not matter that cancellation by the PTO had not yet occurred. Likewise in *MaxLinear*, the Federal Circuit held that Federal Circuit decisions affirming PTAB invalidity rulings were "binding in th[at] proceeding, as a matter of collateral estoppel," which "applies in the administrative context." 880 F.3d at 1376. Again, cancellation by the PTO was not necessary for finality. *See also Translogic Tech., Inc. v. Hitachi, Ltd.*, 250 F. App'x 988 (Fed. Cir. 2007)

(vacating infringement judgment and remanding for dismissal based on Federal Circuit decision, issued that same day, affirming PTO invalidity decision).

These cases establish that a Federal Circuit invalidity judgment is *itself* preclusive, irrespective of cancellation by the PTO. The doctrine of collateral estoppel serves important purposes in its own right, apart from the purposes served by the separate doctrine of patent cancellation. *See Blonder-Tongue*, 402 U.S. at 343; *B & B Hardware*, 135 S. Ct. at 1305. Cancellation is not necessary for the Federal Circuit's judgment to be final and preclusive.[3]

**C. Preclusion Applies Despite This Court's Prior Judgments**

Nor is it material to collateral estoppel that this Court previously entered (and the Federal Circuit affirmed) judgments finding that the '915 patent is not invalid and awarding damages for its infringement. Under controlling authorities, an intervening judgment of invalidity may be invoked "at any stage of the affected proceedings," *Dana Corp. v. NOK, Inc.*, 882 F.2d 505, 507-08 (Fed. Cir. 1989), so long as there is not a final judgment that "ends the litigation on the merits" altogether, *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1580 (Fed. Cir. 1994). Preclusion may be raised for the first time on appeal from a final judgment, and even for the first time on a *second* appeal from a *second* judgment following an earlier affirmed judgment that a patent is not invalid. *See Mendenhall*, 26 F.3d at 1580; *see also, e.g.*, *Soverain Software*, 778 F.3d at 1315; *Thompson-Hayward Chem. Co. v. Rohm & Haas Co.*, 745 F.2d 27, 34 (Fed. Cir. 1984).

*Mendenhall* and *Fresenius* demonstrate the point. In *Mendenhall*, the plaintiff asserted claims for patent infringement in separate suits against two alleged infringers. 26 F.3d at 1576-77. When the first case (*Astec*) reached the Federal Circuit, the court affirmed the judgment that the patents were *not* invalid but remanded "for determination of damages and other issues." *Id.* at 1576. While those remand proceedings were pending, the Federal Circuit held in the second case (*Cedarapids*) that the patents were invalid. *Id.* at 1577. The *Astec* defendants then asserted

[3] If cancellation were a prerequisite for preclusion, then preclusion would *never* apply to *any* ruling arising out of PTO proceedings because patent cancellation renders a claim for infringement "moot," rendering it unnecessary to consider preclusion after cancellation. *Fresenius*, 721 F.3d at 1347. There is no basis for a rule that vitiates the doctrine of collateral estoppel in this way.

collateral estoppel for the first time on their *second* appeal to the Federal Circuit following a second district court judgment, *id.*, and the Federal Circuit held that the invalidity judgment in *Cedarapids* was preclusive, requiring entry of judgment in *Astec* that the patents were invalid and barring the recovery of any damages. *Id.* at 1577-83. The prior judgment of no invalidity was immaterial, the court explained, because it "*was not the final judgment in the case*" and did not "*end the litigation*" entirely—and "[a]bsent a final judgment *ending the litigation*, the issue of liability is not barred from reconsideration." *Id.* at 1580-81 (emphasis added). Nor was it significant that the Federal Circuit had affirmed the prior judgment of no invalidity because "a decision by an appellate court on an interlocutory appeal is no more final than the appealed decision itself." *Id.* at 1581. And the law of the case doctrine was inapposite because the new invalidity judgment constituted "intervening controlling authority on the relevant issue of law" and was an "'exceptional circumstance' warranting departure from the prior rulings." *Id.* at 1583.

Similarly in *Fresenius*, the district court entered a judgment finding no invalidity and awarding pre- and post-verdict damages and an injunction for patent infringement. *See* 721 F.3d at 1333. The Federal Circuit affirmed the finding of no invalidity and the award of pre-verdict damages but vacated and remanded with respect to the injunction and post-verdict damages awards. *Id.* On remand, the district court awarded additional relief and entered a second final judgment. *Id.* at 1334. While the defendant's appeal from the second judgment was pending, the Federal Circuit affirmed the PTO's rejection of the patent in *In re Baxter*. *Id.* at 1335. The Federal Circuit then ordered the plaintiff's infringement claim dismissed and barred the recovery of *any* damages, explaining that the prior district and appellate court judgments were not "immune to the effect of the final judgment in the PTO proceedings, as affirmed by this court in *In re Baxter*," because they "did not end the controversy between the parties, or leave 'nothing for the court to do but execute the judgment.'" *Id.* at 1341 (citing *Mendenhall*, 26 F.3d at 1580).

*Fresenius* traced this rule as far back as *Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82 (1922), where the Supreme Court held that "a final decree [is] one that finally adjudicates *upon the entire merits*, leaving *nothing further* to be done except the execution of it." *Id.* at 88 (emphasis added); *see Fresenius*, 721 F.3d at 1342-43. As *Fresenius* explained, in *Simmons* there had been

"an appellate decision entirely resolving the patent infringement claims" by holding the patent invalid. 721 F.3d at 1343. The district court had implemented the appellate court's decision by issuing a "decree" following a "final hearing" dismissing the claim for patent infringement. *See Simmons*, 258 U.S. at 84. But because an accounting relating to the plaintiff's *separate* claim for unfair competition was pending, an intervening decision of the Supreme Court finding the patent not invalid had to be applied: "Because '[t]he *suit* was still pending … [i]t was eminently proper that the decree in the present suit should be made to conform to [the intervening Supreme Court] decision.'" *Fresenius*, 721 F.3d at 1343 (quoting *Simmons*, 258 U.S. at 91) (italics added, alter. in original). "[E]ven though there had been an appellate decision entirely resolving the patent infringement claims, because there had not yet been a final judgment on the unfair competition claims, the Supreme Court's intervening decision was binding as to the infringement claims." *Id.*

It follows from these controlling authorities that Apple cannot obtain any recovery in this case for its invalid patent. Only termination of *this case as a whole* could prevent application of the Federal Circuit's invalidity judgment, and this case is obviously not over. Nor has this case concluded even as to the '915 patent, for Apple's claims for '915 patent infringement damages as to four products (the Fascinate, Galaxy S 4G, Mesmerize, and Vibrant products) and for supplemental '915 patent infringement damages as to two products (the Droid Charge and Galaxy Prevail) have never been adjudicated or addressed in a judgment of the Court.

Finally, even putting aside the controlling authorities discussed above, the partial judgment requiring payment of damages for purported '915 patent infringement also remains non-final under the terms of the Federal Rules of Civil Procedure. Although the Court labeled that judgment "final" (Dkt. 3290), Rule 54(b) provides that "*any* order or other decision, *however designated*, that adjudicates fewer than all the claims … does not end the action as to any of the claims … and *may be revised at any time* before the entry of a judgment adjudicating *all* the claims," unless the court makes an "express[] determin[ation] that there is no just reason for delay" in issuing a Rule 54(b) partial judgment. Fed. R. Civ. P. 54(b) (emphases added). Far from making an express determination that a Rule 54(b) judgment was proper because there was no just reason for delay, this Court stated in September 2015 that it was "*not* entering partial final

judgment pursuant to Rule 54(b), so the requirements of Rule 54(b) need not be satisfied." Dkt. 3291 at 31. Thus, the September 2015 interim judgment remains open to reassessment under the explicit terms of the Federal Rules as well. *See, e.g.*, *Elephant Butte Irr. Dist. v. U.S. Dep't of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008) ("'every order short of a final decree is subject to reopening" under Rule 54(b)'s second sentence) (citation omitted); *Cabral v. Brennan*, 853 F.3d 763, 766 n.3 (5th Cir. 2017) (similar); *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 n.3 (8th Cir. 2015) (similar); *Brown v. City of Pittsburgh*, 586 F.3d 263, 298 (3d Cir. 2009) (similar).

**II. In The Alternative, The Court Should Grant Relief Under Rule 60(b)(6)**

If the Court concludes that the September 2015 partial judgment is somehow immune to the Federal Circuit's invalidity judgment notwithstanding the controlling authorities above and the express omission of a Rule 54(b) certification, Samsung requests in the alternative that the Court grant relief from the judgment under Fed. R. Civ. P. 60(b)(6). As one court recently explained—in a case that, unlike this one, *had* entirely concluded except as to execution proceedings—a damages judgment cannot stand after "the Federal Circuit has conclusively adjudged the patent claims, which provide the very basis for [the] judgment, to be invalid." *Prism Techs., LLC v. Sprint Spectrum L.P.*, 2017 WL 3396463, *5 (D. Neb. Aug. 8, 2017) (granting Rule 60(b)(6) relief in order to give collateral estoppel effect to a subsequent Federal Circuit invalidity judgment despite affirmance of infringement judgment on appeal); *see also Flexiteek Americas, Inc. v. PlasTEAK, Inc.*, 2012 WL 5364247, *2 (S.D. Fla. Oct. 31, 2012) (similarly granting Rule 60(b)(6) relief following patent invalidation, even though damages judgment had been affirmed nearly two years earlier, because "it would be unequitable and unjust to … enforce … [a] money judgment predicated on a patent claim found to be invalid"). Here as well, it would be extraordinarily unjust to bind Samsung to a nine-figure judgment based on a patent claim that never should have issued.

***

For these reasons, the Court should grant judgment for Samsung on Apple's claim for infringement of claim 8 of the '915 patent and vacate the prior awards of damages for such infringement. As shown above (at 2), a total of $114,238,092 of the prior damages awards was based exclusively on improper findings of '915 patent infringement, and an additional

$31,661,311 was based at least partly on those findings, for a total of $145,899,403 in damages based wholly or partly on findings that Samsung infringed this invalid patent. Those awards should be vacated. *See, e.g.*, *Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1309-10 (Fed. Cir. 2007) (vacating damages in a multi-patent case because "the jury rendered a single verdict on damages, without breaking down the damages attributable to each patent").[4]

**III. Samsung Is Entitled To Restitution Of Amounts Paid On Account Of The '915 Patent**

In December 2015, Samsung satisfied the Court's interim partial judgment in full, including by paying Apple $145,899,403 based on '915 patent infringement. Apple is not entitled to retain damages for an invalid patent. Rather, an order requiring restitution is necessary. *See, e.g.*, *California Med. Ass'n v. Shalala*, 207 F.3d 575, 579 (9th Cir. 2000) (reversing denial of Rule 60(b) motion and ordering restitution of amounts paid on prior judgment); *In re Graziadei*, 32 F.3d 1408, 1411 (9th Cir. 1994) (similar); *Caldwell v. Puget Sound Elec.*, 824 F.2d 765, 767 (9th Cir. 1987); *Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir. 1985); RESTATEMENT (3D) OF RESTITUTION AND UNJUST ENRICHMENT § 18 ("A transfer or taking of property, in compliance with or otherwise in consequence of a judgment that is subsequently reversed or avoided, gives the disadvantaged party a claim in restitution as necessary to avoid unjust enrichment."). Samsung is thus entitled to restitution of the sums that it paid, with interest.[5]

---

[4] Apple waived any right to request a new trial on product sales previously found to infringe the '915 patent by successfully persuading the Court to delay resolution of these issues until after the retrial. *See, e.g.*, Dkt. 3533, at 7; Dkt. 3538 at 20.

[5] Interest is a well-recognized component of restitution. *See, e.g.*, *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 743 F. Supp. 2d 1136, 1144 (C.D. Cal. 2010); RESTATEMENT (3D) OF RESTITUTION AND UNJUST ENRICHMENT § 53. "[T]he interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate." *Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948, 963 (9th Cir. 2018) (internal quotation marks omitted). Section 1961 provides for interest "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Nothing about the equities of this case suggests that a different interest rate is warranted. Accordingly, the Court should provide for prejudgment interest calculated from the date of Samsung's payment of the partial judgment (December 11, 2015) through the date of the new restitution judgment at the current Section 1961 rate.

DATED: June 7, 2018

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *_/s/ Victoria F. Maroulis_*

John B. Quinn
Kathleen M. Sullivan
William C. Price
Michael T. Zeller
Kevin P.B. Johnson
Victoria F. Maroulis

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC